ORIGINAL

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

Ralph Coleman
(Name of Plaintiff)

CIV-S-90-0520 LKK JFM
(Case Number)

v.

(1) Jack Reagan
Chief of Inmate Appeals
(2) Charles D. Marshall
Warden P.B.S.P.
(Names of Defendants)

I. Previous Lawsuits:

A. Have you begun other lawsuits in state or federal court, dealing with the same facts involved in this action or otherwise relating to your imprisonment: YES ( ) NO ( X )

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiffs N/A

Defendants N/A

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. 1983

2. Court (if Federal Court, give name of District; if State Court, give name of County)

N/A

3. Docket Number N/A

4. Name of judge to whom case was assigned N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

N/A

6. Approximate date of filing lawsuit N/A

7. Approximate date of disposition N/A

II. Place of present confinement Pelican Bay State Prison

A. Is there a prisoner grievance procedure in this institution?
YES (X) NO ( )

B. Did you present the facts relating to your complaint in the state prisoner greivance procedure? YES (X) NO ( )

C. If your answer was YES,

1. What steps did you take? Presented at All Levels Exhibits "A"

2. What was the result? Denied

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any)

A. Name of Plaintiff Ralph T. Coleman C-09970

Address P.O. Box 7000 (A-8-128-L) Crescent City CA 95531-7000

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions and places of employment of any additional defendants.)

B. Defendant Jack Reagan is employed as Chief of Inmates Appeals at Dept. of Corr. P.O. Box 942883 Sacto Ca 94283-0001

C. Additional defendants Charles D. Marshall Warden P.O. Box 7500 Crescent City CA 95532-7500

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as needed. Attach extra sheets if necessary)

Attached. RE: to Statement of Facts, Exhibits "A" "B" and "C" Support Documents.

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff asks the Court to order a T.R.O. and Protective Order; A Dept. Review Board for exceptional Placement and Transfer" to CMF Level III or C.M.C. East Level III or C.I.M Level III that provides "Uninterrupted" Group and/or Individual Psychotherapy In compliance with Counselor R.L. Cauillion, C.M. Graham CCII at Reception 11/30/89 Dr. Harris, Dr. Mattocks, Dr. Elikofer PhD, Kathy O'Mera Intern. Dr. Bruce and Dr. Hicks. See Attached Exhibits "C" Also that all L.W.O Inmates be evaluated upon their Case factor; without being sentenced twice, by the courts and C.D.C staff. "Plaintiff request Appointment of Counsel."

Signed this 4/15/90 day of April, 19 90.

Ralph Coleman
(Signature of plaintiff)
Ralph Coleman

I declare under penalty of perjury that the foregoing is true and correct.

4/15/90
(Date)

Ralph Coleman
(Signature of Plaintiff)
Ralph Coleman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

vs.

AFFDAVIT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, Ralph Coleman, depose and say that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to relief.

I further declare that the responses which I have made to questions and instructions below are true.

1. Are you presently employed? YES (X) NO ( )
   a. If the answer is YES, state the amount of your salary or wages per month, and give the name and address of your employer.

   .19¢ hr. C.D.C

   b. If the answer is NO, state the date of last employment and the amount of the salary and wages per month which you received.

2. Have you received , within the past twelve months, any money from any of the following sources?
   a. Business, profession or form of self-employment? YES( ) NO(X)
   b. Rent payments, interest or dividends? YES( ) NO(X)
   c. Pensions, annuities or life insurance payments? YES( ) NO(X)
   d. <u>Gifts</u> or inheritances? YES(X) NO( )
   e. Any other source? YES( ) NO(X)

3. Do you own any cash, or do you have any money in a checking or savings account? YES( ) NO(X)
   If the answer is YES, state the total value of the items owned.

   money from home - for necessities

4. Do you own estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?

   YES( ) NO(X)

If the answer is YES, describe the property and state its approximate value.

N/A

5. List the persons who are dependant upon you for support, state your relationship to those persons, and indicate how much you contribute to their support.

N/A

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury, and I declare under penalty of perjury that the foregoing is true and correct.

Executed at Crescent City Ca. Del Norte on 4/15/90
(City, County State) (Date)

Ralph Coleman
Ralph Coleman
(Movant's Signature)

Contents:

Statement of Facts

Support Documents:

Exhibits "A" 1 of 6 Directors Decision

" "B" 1 of 8 Jack Reagan Corcas & 602's Statements.

" "C" 1 of 12-A Dr. Reports and Diagnosis.

\\\\\\\\

\\\\\\\\\

# Statement of Facts

The only way to obtain an exceptional placement for Medical and/or Psychological needs is via the C.D.C requirement of a D.R.B Dept Review Board for a L.W.O. inmate.

On 11/10/89 and 11/12/89 Plaintiff filed 602's Log #89-3209 S.Q Trans. They were merged because they both requested a D.R.B., but the 602 Dated 11/10/89 requested a hold on all transfers until a "Complete" consideration of my C-File. See Carbon Copy of 602 Exhibit "B" (5 of 8) pgs. This original 602 was missing when returned from Second level Review. All copies of 602 were not returned at the Directors level Review. Dir. Lev. Rev. Dated 1/15/90 Exhibit "B" 7 of 8 and Dr Hicks Report 8/4/89 Exh. "B" 8 of 8 missing.

At the Second level Plaintiff specified a male requesting Medical or Psychological care shall be housed at Vacaville Medical Facility Level III or C.M.C-East Level III or San. Quentin Level II See Exh. "B" 6 of 8 dated 12/17/89. When Mr. Rudolph Rutherford came to Pelican Bay State Prison on 2/14/90 to interview me. He pointed out Plaintiff couldn't stay at S.Q Level II because of changes. Plaintiff told him my 602 wasn't solely requesting S.Q placement. Then he asked how many points I had. Plaintiff responded zero (0) points. Plaintiff wants a D.R.B for exceptional placement for psychological Therapy which he wrote down. I asked if he had Dr. Hicks report, he did. We both looked at it. Plaintiff also

Told him of Dr. Harris's and Dr Elikolses report in my C-file. He stated he would get back to Plaintiff.

When I received Director level Decision CASE No. 9000322 .... Inst. Log # S.Q. 89-3209.

It states All submitted documentation and supporting arguments of parties have been considered. The complete document included: See Exh. "A" (1) Director Level Decision, Three (3) pgs. Plaintiffs 602 dated 11/12/89 Front and Back with attached sheet. But Plaintiffs (A) Second Level Statement with attached sheet, (B) Director Level Review Statement, (C) Dr. Hicks Report diagnosis were not Returned. Were the above apart of the decision process? Exhibit (A) Dir. Lev. Dec. RE: Issues A D.R.B. for exceptional placement of Inmates for Medical and/or Psychological Needs via case factors is not addressed. As requested on 602 Exh. (A) 6&6 "F" Level and "H" Levels.

Every able bodied inmate committed to C.D.C is obligated to work as assigned. Work, education therapeutic or other Institutional Programs. Inmates points are reduced by working and good conduct, (8) eight points a year are deducted for this or can be added for adverse conduct. Upon arrival in C.D.C Plaintiffs points were 96 now Ø (zero). Privilages, Programs and housing are aquired through this process. Except L.W.O. inmates. Inmates that come under this heading are sentenced in court and again in C.D.C.

\\\\

\\\\\\

Plaintiff has been sent to the highest security and custody institution in the system, where 80% to 90% of the time Lockdowns are in force, privileges, programs, psychotherapy etc are not in exsistance and/or curtailed dramaticly. Plaintiffs transfer was due to L.W.O. sentence, Director Level Decision Exhibit (A) RE: "Finding" pg 1. (II) (incomplet process).

I was at Vacaville Med. Facility in the therapy program with progress being made until program was interupted, this progress was unnecessary and painfully lost, the same situation has repeated it's self again at San Quentin, due to C.D.C restrictions and none application of Rules by C.D.C Staff. There was never a custody problem, just the opposit my custody was lowered RE: Exhibit ("C") pg "4" of 12.

"Rec April 12, 1990"

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY GEORGE DEUKMEJIAN, *Governor*

**DEPARTMENT OF CORRECTIONS**
P. O. Box 942883
Sacramento, CA 94283-0001

April 3, 1990

Ralph Coleman, C09970
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: DIRECTOR LEVEL DECISION
CASE NO.9000322
INSTITUTION LOG NO. SQ 89-3209

This matter was reviewed on behalf of the California Department of Corrections, Inmate Appeals Branch, at Pelican Bay State Prison (PBSP) on February 14, 1990, by Appeals Examiner Rudolph Rutherford.

All submitted documentation and supporting arguments of the parties have been considered. To the extent such documentation and arguments are in accordance with the findings and conclusions stated herein, they have been accepted. To the extent they are inconsistent therewith, they have been rejected.

## ISSUES

Whether or not the institution's denial of appellant's request to have a Departmental Review Board (DRB) review of appellant's transfer request is appropriate.

## FINDINGS

### I

The appellant states that his request for exceptional transfer placement should be referred for Departmental Review Board consideration. He states the institution staff has failed to give adequate weight and consideration to positive case factors that are favorable to appellant's exceptional placement request.

### II

The institution takes the position that appellant's appeal has no merit. Because of a change in mission at CSP-SQ, appellant's retention at that facility is inappropriate. The rules and regulations of the Director of Corrections direct that an inmate serving a sentence of Life Without Possibility of Parole shall be housed in a Level IV institution unless an exceptional placement

Exhibit "A" 1 of 6

is authorized by DRB action. Inmates may not appeal transfer decisions to DRB.

III

The Department's rules regarding transfers and exceptional placements. are contained in the California Code of Regulations (CCR), Title 15, Sections 3375(a)(1), 3375(d), 3375(e)(6) and 3376(b)(3)(D) which state in part:

> **3375. General Policy.**
> "(a) Classification decisions.
> (1) Each determination affecting an inmate's length of confinement, institution placement, transfer between institutions, program participation, which includes establishing and changing privilege groups, restriction and supervision for control purposes and to ensure the security of the institution and safety of persons, shall be made by a classification committee composed of staff knowledgeable in the classification process. Decisions of a classification committee shall be documented on CDC Form 128G (Classification Chrono) and a copy given to the inmate."
>
> 3375. General Policy.
> "(d) Each inmate shall be assigned to an institution on the basis of the inmate's classification score, determined pursuant to subsections 3375(b) and (c) of these regulations, in accordance with the following table, unless exceptional assignment is determined necessary pursuant to subsection 3375(e) of these regulations...."
>
> 3375(e)(6) "An inmate serving a life without possibility of parole sentence shall be housed in a level IV institution. Exceptions may be authorized by the Department Review Board."
>
> 3376(b)(3)(D) "Institution Classification Committees **shall: Make referrals and recommendations to the Chief of Classification Services for** Departmental Review Board (DRB) cases requiring DRB decisions."

The documentation and arguments presented are persuasive that appellant cannot be housed at CSP-SQ. Because of his term of commitment, appellant must be housed in a Level IV institution until an exceptional placement is authorized by DRB action. CSP-SQ is a Level II institution. The institution and not

Exhibit "A" 2 of 6

appellant must make the DRB referral. Appellant is appropriately housed at Pelican Bay State Prison. The appeal has no merit.

DETERMINATION OF ISSUE

The institution's denial of appellant's request for a Departmental Review Board Review of appellant's transfer request is appropriate and the actions taken by the institution are consistent with applicable departmental rules and regulations.

The appeal is denied.

ORDER

No modification of the institution order is required.

This decision exhausts the administrative remedy available to appellant within the Department of Corrections.

JACK R. REAGAN
Chief, Inmate Appeals Branch

cc: Warden Marshall, PBSP
Appeals Coordinator, PBSP
Appeals Coordinator, SQ

Exhibit "A" 3 of 6

State Of California

Location: Institution/Parole Region 1. SQ 2.

Log No. 1. 32297 2.

Category trans

# INMATE/PAROLEE APPEAL FORM

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| Name | Number | Assignment | Unit/Room Number |
|---|---|---|---|
| Ralph Coleman | C-09970 | Voc. Print Shope | 5A5 3K |

A. Describe Problem: At classification on Nov.7,1989 I was evaluated as if I were a new commitment without any case factors to be considered.counselor Wilson has only considered the Life W/O sentence.Lumping me with all new commitments and like sentences. where as each inmate shall be classified individually. (3375)(F) the classification process shall commence upon reception of a person committed to the custody of the Director of corrections and shall be continuous throughout the time the individual remains under the director's jurisdiction.(**SEE ATTACHED Sheet**)

If you need more space, attach one additional sheet.

B. Action Requested: **Again I ask For a (D.R.B) Review Board,that Counselor Wilson prepare a reflective and proper D.R.B report for the D,R.B's review.**///////

Inmate/Parolee Signature: Ralph Coleman Date Submitted: 11/12/89

C. INFORMAL LEVEL (Date Received: )

Staff Response:

BYPASS

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing.

BYPASS

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

JAN 22 1990

CDC Appeal Number: 3000332

Exhibit "A"

486

Ralph Coleman C-09970 V0c. Print Shop

The process shall be applied uniformly;**each inmate shall be individually classified and assigned housing according with the inmates classification score, except as provided in subsection (e). Inmates shall be housed in a facility with the Lowest security level consistent with case factors and public safety.**After requesting to remain at S.Q. for the Apprenticeship program currently participating in or go to **C.M.C. East** I received a negative response,I requested a D.R.B. Review,Counselor Wilson responded with it was to late to submit the report and I should wait until I got to the receiving institution.this situation should be addressed here where I've been for the last five years except for 18mo's out to Court.//////////////

Date 11/12/89 Ralph Coleman

Exhibit "A"

3

E. FIRST LEVEL REVIEWER'S ACTION (Complete within 15 working days): Date received: NOV 13 1989 Due Date: 12-6-89

Interviewed by: Peter Winni[illegible]

The mission at San Quentin has changed from level IV to level III. This decision is from the Director level. You request DRB which is denied at this time based on changing mission. You are commended for your achievements while maintaining clear status. Classification Manual 2640 does require DRB for level III placement 2640 B provides for ongoing [illegible]

Staff Signature: [signature] Title: CC II Date Completed: 12-6-89

Division Head Approved: Returned

Signature: [signature] Title: [illegible] Date to Inmate: DEC 13 1989

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator.

Admin. Manual 3375(E)2 is still applicable, also 3375(D); Inmates shall be housed in a facility with the lowest security level consistent with case factors and public safety, also 3375(D) If the inmates individual needs or safety and security requirements warrants an (See Attached Sheets Exhibit (A))

Signature: Ralph Coleman Date Submitted: 12/17/89

G. SECOND LEVEL REVIEWER'S ACTION (Complete within 10 working days): Date Received: DEC 20 1989 Due Date 1-4-90

☒ See Attached Letter

Signature: M A Hamlett CC II Date Completed: 1-2-1990

Warden/Superintendent Signature: [signature] Chief Deputy Warden Date Returned to Inmate: JAN 05 1990

H. If dissatisfied, add data or reasons for requesting a Director's Level Review.

See Attached sheet: Director's Level Review dated 1/15/90 1 of 1 pg

Signature: Ralph Coleman Date Submitted: 1/15/90

For the Director's Review, submit all documents to: Director of Corrections
630 K Street Mall
Sacramento, CA 95814
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ See Attached Letter Date:

CDC 602 (Rev 9/84)

Exhibit "A" 686

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY GEORGE DEUKMEJIAN, *Governor*

DEPARTMENT OF CORRECTIONS
P.O. Box 942883
Sacramento, CA 94283-0001

February 26, 1990

Ralph Coleman, C-09970
Pelican Bay State Prison
P.O. Box 7000
Cescent City, CA 95531-7000

RE: SAN QUENTINN LOG NO. 89-3209

We have no record showing receipt of your appeal at the Director's level.

Please contact the Appeals Coordinator at your institution for further information on this matter.

Sincerely,

JACK R. REAGAN, Chief
Inmate Appeals Branch

Exhibit (B) 1 of 8

Original

(25)

2/6/90

Attention Chief of Inmate Appeal

Ref: to 602 Appeal # 89-3209 San Quentin

My Appeal was mailed to your office. dated 1/15/90 at the time I was at San Quentin, I've been Transfered to Pelican Bay (Crescent City). My inquiry is, what is the status of my Appeal and approx. how long will it be, for a result also to inform your office as per my relocation.

Ralph Coleman
C-09970
P.O. Box 7000
Crescent City CA
95531-700

Exhibit "B"

288

FEB 16 1990

To:

3/5/90

Inmate Appeals Branch Chief
Jack R. Reagan
Dept. of Corrections

RE: S[illegible] 602
Log # 89-3209

I received your letter dated February 26, 1990 after reading it, I was some what perplexed at your reply. Because on Feb. 14, 1990 a representitive from your office came to Pelican Bay and interviewed me about my 602. I'm sure he said his name was Mr. Rutherford from Sacramento. He had my paper work in his folder.

He told me he would get back to me about the 602 results. As of this date I've not heard anything.

I shall contact the Appeals Coordinator here about this issue. I'm inclosing copy(ies) of the 602's and rough drafts of some and issues [illegible] at the Director level.

Thank you
Ralph Coleman
C-09970 (A-4106)
P.O Box 7000
Crescent City CA
95531

PAGE___OF___

Exhibit "B" 388

(Important)

Attached you will find a Xerox of my 602 dated 11/10/89 it was filed at the same time as the Green Copy 602 dated 11/12/89.They had been merged together when first submitted and up through the Second Level Review,when the 602 was returned to me ,the original Green Copy and attached sheet (Second Level Review) were missing.I've spoken with Appeals Coordinator about this situation.This section of the 602 covers my main issues in which should be addressed.///////////

Ralph Coleman
1/15/90

Exhibit "B" 4&8

Log # 89-3209

Ralph Coleman c-09970 Voc. Print shope 5A5

6 I was not given proper consideration for the positive behavior and conduct maintained the past 10 years. Upon arrival in C.D.C in 1979 I was classified with 98 Points at Folsom, and at this time my points have been reduced to Ø Points now. there has never been any assaultive behavior, drug or gang involvement, escapes or failure to participate in assignment work, Vocational or Educational. Title 15, 3375(C) A reduction in score shall result from documented positive behavior, including, but not limited to, participation in assigned work, Voc. or Educational programs, (SEE ATTACHED SHEET)

Any and All Transfers be With held until a complete consideration of my C-File be done, for a placement in a institution, fulfilling required case factors and reflecting all positive progress. There should (NOT) be a negative action taken; reverting back ten years, creating an unhealthy mental posture.

11/10/89

Exhibit "B" 5&8

(Contin.)exception for one of the following reasons;Medical or Psychiatric cases,A male requiring medical or Psychiatric care,shall be housed at Cal.Medical Facility, Cal.Mens Colony(East),San Quentin or Cal Inst. for Men. (See)Dr. Elikofer's Evaluation C-File Chrono's and Dr. Hicks evaluation attached Exhibit (A).In order to apply Admin. Manual 3375(E) (6)and Classification Manual 2640,2640(B)(6)and the above mentioned sections and Articles of the Manuals are due Compliance. In Which they also calls for a (D.R.B.)Directors review Board of the case factors, I further request the same; as previously stated at the review level,consideration be given to the Vocational apprenticeship program I'm in and the Psychological case factors./////

Ralph Coleman
Ralph Coleman
12/17/89

Director's Level Review Log # 89-3209
S.Q TRANS

Ralph Coleman C-09970 Voc. Print Shop

Second Level Review has not considered Amendments to (3375)(E)Totally. Subsection 3375(i)(1)Acknowledges that a transfer to an institution of higher security is considered adverse to inmate being transfered. this is because the more rigid environment of a higher custody facility does **NOT** usually allow the same freedom of movement, the same level of privileges,or as many work opportunities as a lower custody facility therefore ,this provision is **Required to protect the inmate' interst.** Subsection (E)(1)Dept. Modified for Clarity;Provides for exceptional placement of inmate requiring treatment at an outpatient or acute care level,enabling housing of inmates at institutions equipped to handle the inmate's medical or Psychiatric needs,as well as provide adequate security to protect the public.Classifications of Levels for institutions is an internal management decision,the physical characteristics description is only required.It is my contention my case factors over the past ten years and along with medical/Psychiatric needs warrants placement in a facility that is reflective of these positives and individual Medical needs.(See Dr.Elikofer's Evaluation C-File Chrono's and attached Exhibit (A) Dr.Hick's eval.I further request a (D.R.B.).

///////

Ralph Coleman
Ralph Coleman 1/15/90

Exhibit "B" 9 of 8

Exhibit "B"

**9. MENTAL / NERVOUS IMPAIRMENT** (if applicable)

(a) What is impact of stress on patient's daily activities?

The routine stresses and anxieties attendant upon prison life.

(b) What stress and problems in interpersonal relations has patient experienced?

Severe stresses surrounding his family, particularly his marital relationship. His proclivity to suppress his emotionality has led to one overwhelmingly violent outburst for which he is currently in prison.

/_/ Class 1 - Patient is able to function under stress and engage in interpersonal relations (no limitation).

/x/ Class 2 - Patient is able to function in most stress situations and engage in most interpersonal relations (slight limitations).

/_/ Class 3 - Patient is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations).

/_/ Class 4 - Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitations).

/_/ Class 5 - Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitations).

/_/ Remarks: This patient's personality development, his insecurities and his tendency to avoid conflict has, together with the effects of the Vietnam experience with resultant PTSD, combined to lead to a vulnerability to a situational stress which resulted in intense, acute violence. He is in need of ongoing psychotherapy to try and resolve this vulnerability.

**10. PROGNOSIS**

(a) What is the patient's prognosis? Specify a prognosis for each of the various diagnoses listed. Use a separate sheet if necessary.

9. Mental/Nervous Impairment - Prognosis guarded.

(b) How long from now do you feel patient's maximum medical improvement will be reached?

/_/ 3 months /_/ 6 months /_/ 1 year /x/ longer /_/ no improvement expected

**11. SIGNATURE**

(Print)

Philip S. Hicks, M.D. | Psychiatry | (415) 454-1460 Ext. 2412

Name of Attending Physician | Degree | Specialty | Telephone

CA State Prison, San Quentin, CA 94964

Street Address | City or Town | State or Province | Zip Code

Signature [signature] MD

Date 8-4-89

Exhibit "B" 888

C-09970 (KENNIN) (30P90)

APR 24 1985 N/S (Lockman)

Can do 30 min. a/c talk.

5-2 MER

MER

MAY 2, 1985 N/S Reducale

MER

5-15 MER

5-14-85 S — O.T.C. any further contact will be up to the inmate family.

MER

Exhibit "(C)" 1 of 12 + "(A)" "(B)"

RE-ENTRY PROGRAM

| | |
|---|---|
| A. Parole Location: | To be determined |
| B. Residence: | " " " |
| C. Employment: | " " " |
| D. Resources: | " " " |
| E. Parole Conditions: | Intensive supervision and Parole Outpatient Clinic |

TRANSFER

| | |
|---|---|
| A. Institution: | CMC-East |
| B. Custody: | Medium |
| C. Camp Potential: | "E" - length of commitment |
| D. Crime Partners: | None |

ENDORSEMENTS

| | |
|---|---|
| A. Correctional Counselor I 11/30/79 | R.L. Couvillion |
| B. Supervisor: | CMC-E, Cat. "P" for Cat. "E" consideration. Probation Report is excellent. It gives a thorough profile of Coleman. Hopefully, he will receive psychiatric assistance that he now needs. Claims no CDC enemies. No other criminal record. CMF, Cat. "E" is alternate recommendation. |
| 12/3/79 | C.M. Graham, Correctional Counselor II |
| C. Classification Staff Representative: | Retain at CMF for Cat. "E" services. Ethnic balance and custody needs part of placement decision. |
| 12/3/79 | R. Frickey, Classification Staff Rep. |

Exhibit "C" 28/2

Coleman - C-[illegible]

9-11-81
Seen in psych [illegible]. Rx:
CAT "E" care.

E. [illegible], MD

11/12/81 Seen in psych [illegible]. [illegible]
[illegible]

E. [illegible], M.D.

Exhibit "C" 3812

(6)

C-09970 COLEMAN, Ralph
Medium B H-283

Inmate Coleman made a personal appearance before UCC this date for a progress evaluation. He is requesting a custody reduction to Medium B to put him to work in the mail room. His therapist, Mr. Gross, agrees with this reduction. His case manager is also recommending reduction to Medium B. There is a memo from Ms. Dawe, Mail Room Supervisor, requesting Subject receive a custody reduction and assignment to the mail room as a clerk. This is a full day work assignment and he has been placed in Work Group A.

COMMITTEE ACTION: Committee acts to reduce his custody to Medium B. CPP/Review in six months.

COMMITTEE: T. Brayer, CC-II
E. L. George, P. A.
D. Miller, Prog. Lt.

TB/sdw

| | | | |
|---|---|---|---|
| 5/13/82 | LaMarch | Custody Reduction | CMF |

TB:cd D.MILLER, PROG.LT.A. L. MATTOCKS, SR. PSYCH. - G. HAIBERG, SR. PSYCH.

| | | | |
|---|---|---|---|
| 12/3/81 | LA MARCH CAT "E" | INITIAL | CMF |

# CHRONO SHEET—CLASSIFICATION

CDC 108-A

26

Exhibit C 4 of 12

NO. C-09970 NAME COLEMAN CDC-128-G (Rev. 2/69)

Custody: Med. A
Comments: PG: A
BPT Review Date: 11/91
CS: 76
Reclass 7/85

Assignment: Voc. Offset Press

"WILSON CASE" vs Deukmejian INMATE COPY

Seen by Initial Classification following transfer to SQ on 5/21/84 from CMF due to serving Life W/O Parole and does not meet criteria for CMF. Coleman was rec'd in CDC on 11/2/79 serving Life W/O Parole for Murder 1st and is serving 2 cts. Life for Murder 2nd and Murder 1st with additional count for Assault W/Intent to Commit Murder. Board review date is 11/91. Custody set at Med. A due to his satisfactory institutional adjustment to this point. Assigned to Voc. Offset Press. There are no holds, no escapes, no arson or sex offenses. There are no enemies or gang affiliations. Reclass 7/85.

Silva/Rea/Gardner/la
"Wilson vs Deukmejian"

Date: 7/12/84 Classification: INITIAL Inst.: SQ

Exhibit "C" 5 of 12

ME and NUMBER COLEMAN, RALPH C-09970 CDC-128-C

ave seen Mr. Ralph Coleman in individual weekly therapy since October 14, 1983. purpose of this memo is to address the rationale for, and importance of, this ate's continuation in psychotherapy. There are three specific areas that rant comment and consideration in the programming needs of Mr. Coleman. These as include the commitment offense, psychodynamic issues and treatment recommend ons. While Mr. Coleman's instant offense is well-documented, there are some eworthy aspects of his crime and background. Mr. Coleman's crime is quite que in many respects. Until the offense he had never experienced any legal frontations. In fact, he was a decorated veteran of the Viet Nam war and held responsible jobs in sales and marketing. At age 34, he commits his first ense, murdering, in a psychologically disorganized fit of rage, those very ividuals he loved. Mr. Coleman presents a complicated diagnostic picture. embodies many of the ccharacteristics common to paranoid personalities and to over-controlled hostile and ego-dystonic offenders. Also, his offense is ical of those committed by war veterans suffering from post-traumatic stress

CONT'D 2

TE 4/12/84 MEDICAL—PSYCHIATRIC—DENTAL

Staff Psychologist

TE 4-12-84 UNIT II PROG.EVAL. CMF MEDICAL—PSYCHIATRIC—DENTAL

TE 10/4/83 UNIT II - T Program Evaluation MEDICAL—PSYCHIATRIC—DENTAL

ATE 5/31/83 UNIT II PROG. EVAL. CMF MEDICAL—PSYCHIATRIC—DENTAL

PSYCHIATRIC—DENTAL

7/28/82 LA MARCH CMF

5-11-82 LaMarch Custody Reduction CMF

E 5-10-82 LaMarch Prog. Eval. CMF MEDICAL—PSYCHIATRIC—DENTAL

Arthur L. Mattocks, Ph. D., Sr. Psychologist

TE 12/1/81 LaMarch PreInitial CMF MEDICAL—PSYCHIATRIC—DENTAL

ATE September 11, 1981 (OVER) MEDICAL—PSYCHIATRIC—DENTAL

# CHRONO SHEET—GENERAL

CDC-108

Exhibit C 6 of 12

NAME and NUMBER COLEMAN, RALPH C-09970 CDC-128-C

...order. In essence, he possesses a personality constellation that is intricate ...atypical. The uniqueness of Mr. Coleman's commitment offense and the intri...ies of his personality necessitate long-term, indepth psychotherapy. His above ...rage intellectual and abstracting abilities have allowed him to be particularly ...nable to psychodynamically insight oriented therapy. He is able to recognize ...tional and behavioral patterns and transform this insight into behavioral and ...chological change. Mr. Coleman indicates that therapy is helping him gain a ...re thorough understanding" of himself. However, there is tremendous room for ...wth, exploration and resolution. Unearthing the causitive factors of his out-...character offense is a challenging and lengthy task. While Mr. Coleman is gain...insight into these causitive factors, many significant areas have yet to be un...ered. Additional therapy will also assist Mr. Coleman in his present and future ...ationships with other people. Of specific concern to him is his 19 year-old ...ghter. A treatment goal is to facilitate Mr. Coleman's communication with his ...ghter in order to assist her in coping with the traumatic impact his offense ...had on her life.

...TE 4/12/84 CONT'D 3 MEDICAL—PSYCHIATRIC—DENTAL

NAME and NUMBER COLEMAN, RALPH C-09970 CDC-128-C

... Coleman is not a criminally oriented individual and his desire to continue psychotherapy is not a self-serving manipulative ploy to remain at CMF. He ... genuinely motivated to understand himself, his offense, and to develop effective ...ping and communication skills. In order to achieve these goals it is strongly ...commended that he continue in psychotherapy.

Kathy O'Meara
Kathy O'Meara, M.A.
Psychology Intern

...:is

...TE 4-12-84 UNIT II PROG.EVAL. CMF MEDICAL—PSYCHIATRIC—DENTAL
...:is Staff Psychologist

...TE 4-12-84 UNIT II PROG.EVAL. CMF MEDICAL—PSYCHIATRIC—DENTAL

...TE 10/4/83 UNIT II - T Program Evaluation MEDICAL—PSYCHIATRIC—DENTAL

DATE 5/31/83 UNIT II PROG. EVAL. CMF MEDICAL—PSYCHIATRIC—DENTAL

7/26/82 LA MARCH CMF

5-11-82 LaMarch Custody Reduction CMF

(9)

...TE 5-10-82 LaMarch Prog. Eval. CMF MEDICAL—PSYCHIATRIC—DENTAL

Arthur L. Mattocks, Ph. D., Sr. Psychologist

...TE 12/1/81 LaMarch PreInitial CMF MEDICAL—PSYCHIATRIC—DENTAL

Exhibit 'C' 7812

NUMBER COLEMAN, RALPH C-09970 CDC-128-C

e Coleman has been in one of my psychotherapy groups since 11-2-82. He is al offender committed from Sacramento County on 4-2-79 Murder First and Second rrived at CMF on 11-23-81. The commission offenses include the murders of wife, 9 year-old son, and 17 year-old niece, with a surviving 13 year-old ster. Coleman has worked very hard to gain an understanding of the dynamics ing up to the commission of the murder and a resolution of clinically signifi- anxiety and depression. Coleman has attended group religiously and made ficant progress in the above-mentioned issues. However, I believe there is a need to continue the present programming for this man with an additional owup in 6-9 months. I am served as Clinical Supervisor for Coleman's individ- psychotherapy participation and completely concur with Ms. O'Meara's assess- of the case and her recommendation.

G. M. Elikofer, Ph.D.
Staff Psychologist

| | | | | |
|---|---|---|---|---|
| 4-12-84 | UNIT II | PROG. EVAL. | CMF | MEDICAL—PSYCHIATRIC—DENTAL |
| 10/4/83 | UNIT II - T | Program Evaluation | | MEDICAL—PSYCHIATRIC—DENTAL |
| 5/31/83 | UNIT II | PROG. EVAL. | CMF | MEDICAL—PSYCHIATRIC—DENTAL |
| 7/28/82 | LA MARCH | | CMF | |
| 5-11-82 | LaMarch | Custody Reduction | CMF | |
| 5-10-82 | LaMarch | Prog. Eval. | CMF | MEDICAL—PSYCHIATRIC—DENTAL |

Arthur L. Mattocks, Ph. D., Sr. Psychologist

| | | | | |
|---|---|---|---|---|
| 12/1/81 | LaMarch | PreInitial | CMF | MEDICAL—PSYCHIATRIC—DENTAL |
| September 11, 1981 | | FOLSOM | | MEDICAL—PSYCHIATRIC—DENTAL |

(OVER)

# CHRONO SHEET—GENERAL

CDC-108

Exhibit C 8/12

SQ Psychiatric Dept.

Intake Review

C09970 | COLEMAN | 1N'77
NUMBER | NAME | CELL

DATE:

39/Black

5/21/84 Received at San Quentin from CMF.

5/24/84 Central file received in Records Office.

Psychiatric file received ____ yes X no

REVIEWED Pursuant to Marin vs. Rushen procedures.

Received in CDC on 11/2/79 from Sacramento County for Murder 1st w/use Firearm (LIFE W/OUT PAROLE) Murder 1st w/use Firearm, Murder 2nd w/use Firearm, and Assault w/intent to Commit murder. (All victims were immediate family)

Psychiatric history: Coleman has been in Category "T" therapy program at CMF since 1981, removed and transferred to Level III due to sentence). numerous supportive CDC128-C's in C/File from psychiatric staff (Copied) See also POR w/cum sum

Psychiatric Risk factors: See above history Therapy Candidate!

Referred to Dr Bruce for review

Exhibit "C" 9 & 12

Reviewed by: [signature]

2/13/86

COLEMAN - C09970
5W102

Rx:

- REQUEST Ducat
regarding visit
from CMF Therapist

J.D

Exhibit C/10 8/2

6-1-84 Interviewed in cell on N-Blk. Appeared stable, mildly depressed & anxious but no marked psychiatric symptomatology. Gave tentative approval re. appearing for case conference @ Ψ dept. but stressed needing to trust those involved. Appears interested in gp therapy. — [illegible] PhD

2-13-85 [illegible] 30 min [illegible]

2-22-85
S - Transferred from CMF in epilepsy ward for therapy and good involvement because of "length of sentence" — still has periods of tension — and a feeling that he needs to talk about things — but also almost afraid to do so — apparently Ms O'Meara, M.A. psychology Intern who work c̄ him at C.M.F. plans to see him again in connection c̄ her thesis.

S - offered 30 min q 2 wks

[illegible] 30 min in 2 wks

3-8 [illegible]

Exhibit "C" 11 of 12

COLEMAN

8 1985

R 15 1985 ... good ... [illegible]

reversal — expects to return to the Co-pays soon — is anxiously considering alternatives for what comes next — is trying the contact his lawyer for more detail —

Allocate 30 min in 2 wks — MEK

3-27 MEK

3-27-85 S — has just come from a conference c one of the supervising civilians where he discussed a 602 he submitted about 3 wks ago — discussed his anxiety level which gets so high it impares his functioning —

Allocate 30 min in 2 wks. MEK

4-10 MEK

PR 10 1985

S reports his cell has been torn up 2X in past wk — today by [illegible] C.O. who was supposed to be [illegible] — seems to be handling the frustration well —

Allocate 30 min in 2 wks. MEK 4-24

Exhibit "C" 12 of 12

9. **MENTAL / NERVOUS IMPAIRMENT**
(if applicable)

(a) What is impact of stress on patient's daily activities?

The routine stresses and anxieties attendant upon prison life.

(b) What stress and problems in interpersonal relations has patient experienced?

Severe stresses surrounding his family, particularly his marital relationship. His proclivity to suppress his emotionality has led to one overwhelmingly violent outburst for which he is currently in prison.

/_/ Class 1 - Patient is able to function under stress and engage in interpersonal relations (no limitation).

/x/ Class 2 - Patient is able to function in most stress situations and engage in most interpersonal relations (slight limitations).

/_/ Class 3 - Patient is able to engage in only limited stress situations and engage in only limited interpersonal relations (moderate limitations).

/_/ Class 4 - Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitations).

/_/ Class 5 - Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitations).

/_/ Remarks: This patient's personality development, his insecurities and his tendency to avoid conflict has, together with the effects of the Vietnam experience with resultant PTSD, combined to lead to a vulnerability to a situational stress which resulted in intense, acute violence. He is in need of ongoing psychotherapy to try and resolve this vulnerability.

10. **PROGNOSIS**

(a) What is the patient's prognosis? Specify a prognosis for each of the various diagnoses listed. Use a separate sheet if necessary.

9. Mental/Nervous Impairment - Prognosis guarded.

(b) How long from now do you feel patient's maximum medical improvement will be reached?
/_/ 3 months /_/ 6 months /_/ 1 year /x/ longer /_/ no improvement expected

11. **SIGNATURE**
(Print)

Philip S. Hicks, M.D. — Psychiatry — (415) 454-1460 Ext. 2412
Name of Attending Physician — Degree — Specialty — Telephone

CA State Prison, San Quentin, CA 94964
Street Address — City or Town — State or Province — Zip Code

Signature Philip S. Hicks MD — Date 8-4-89

Exhibit "C" 12 & 12 "(B)"

# Attending Physician's Statement

*To be completed for every veteran applying for a disability payment.*

## Part A. Patient (Veteran) Information

(To be completed by the veteran)

Patient's Name ______________________ Soc. Sec. No. /__/__/__/-/__/__/-/__/__/__/__/

(Last) (First) (Middle)

Address ______________________ Birth Date /__/__/__/

Street City State ZIP Mo. Day Yr.

Are you presently receiving Social Security Disability Income Payments or Supplemental Security Income?

/__/ yes /X/ no

Important: After you have completed Part A, send this form and the pre-addressed envelope from your Application Kit to your physician. Ask him or her to complete Part B of this Attending Physician's Statement as soon as possible and return it to:

THE AGENT ORANGE VETERAN PAYMENT PROGRAM
P.O. BOX 110
HARTFORD, CT 06104

## Part B. Physician Information

(To be completed by the veteran's (patient's) physician ONLY)

Notice to Physicians:

Your patient (the veteran named above) has filed an Application for Disability Payments under the AGENT ORANGE VETERAN PAYMENT PROGRAM. To qualify for payments, your patient must demonstrate "total disability" as defined by the Social Security Act.

In order to evaluate this veteran's application, we need information from you regarding the diagnosis, history, present condition, and treatment of your patient's disability. We cannot begin that evaluation until we receive this Attending Physician's Statement from you.

**If your patient has answered "yes"** above to indicate that he or she is receiving Social Security Disability Income, you need only complete Section 1 - Diagnosis, and Section 11- Signature.

**If your patient has answered "no"** above, please complete the entire inside of this form, Sections 1-11.

If you have any questions while completing this form, please call the AGENT ORANGE VETERAN PAYMENT PROGRAM toll-free at 1 (800) 225-4712.
After you have completed this Statement, please place it in the pre-addressed envelope your patient should have provided you, and mail it as soon as possible to the address shown above.

Thank you.

Exhibit "C" 12 & 12 "(B)"

*(See Sections 1 - 11 inside)*

NAME and NUMBER COLEMAN, Ralph C-09970 2-West-89 CDC-128-C

This is a 42-year old, widowed, Black male serving his first CDC commitment for violation of PC 187, first degree.

The purpose of this chrono is to recommend Mr. Coleman for alternative programming at CMC-East. His present custody level is Medium "A" and an adjustment of classification points should reflect those consistent with Level III housing.

Mr. Coleman does not have an escape history. His last disciplinary was of a non-serious nature in 1980. Work performance ratings have consistently reflected his responsibility and reliability of work effort along with a cooperative attitude. Probation report also suggests positive attributes.

While housed at the California Medical Facility, this writer had first-hand contact with him. I, along with endorsements by Drs. Mattocks (see 128-C dated 12/1/81) and Elkafer (128-C dated 10/4/83 and 4/12/84) believe that he and the CDC can profit from his participation in a supportive, less restrictive manner without compromise to the system.

DATE 11/4/86 SQ (cont'd) ~~MEDICAL~~—PSYCHIATRIC—~~DENTAL~~

NAME and NUMBER COLEMAN C-09970 2-West-89 CDC-128-C

It is thus recommended that Mr. Coleman be considered for transfer to CMC-East under Category "K" (Supportive Care).

Roger M. Meyer, Ph.D.
ROGER M. MEYER, Ph.D.
Staff Psychologist
(Clinical)
Neumiller Hospital

Philip S. Hicks
PHILIP S. HICKS, M.D.
Chief Psychiatrist
Neumiller Hospital

cc: Psych. File
CQII Hosp.
CQII West Block
Inmate

Exhibit "C" (128A)

DATE 11/4/86 SQ ~~MEDICAL~~—PSYCHIATRIC

**DEPUTY CLERK'S CHECKLIST FOR NEW CIVIL ACTIONS**

Case Number: CIV-S 90-0520 LKK JFM

Civil actions excluding prisoner matters:

FEE PAID (YES/NO/GOV'T)

ISSUED SUMMONS (YES/NO/NOT REQUIRED)

MAG CONSENT FORMS (GIVEN/NOT REQUIRED)

NOTC re COUNSEL IDENTIFICATION (GIVEN/NOT REQUIRED)

PSC ORDER (GIVEN/NOT REQUIRED)

Prisoner civil matters (check one)

(✓) 42 USC 1983 (Civil Rights)

( ) 28 USC 2254 (Prisoner Petition)

( ) 28 USC 2255 (Prisoner Petition)
* PROVIDE COPY OF PETITION TO US ATTY

( ) CAPITAL CASE (Prisoner Death Penalty)
* UTILIZE OTHER CHECKLIST

ADDITIONAL COMMENTS (if any):

by:

✓ ukase
✓ ucivil
___ uattyinf