FILED

OCT 2

CLERK, U. S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

Plaintiffs,

No. CIV S-90-0520 LKK JFM P

vs.

PETE WILSON, et al.,

Defendants.

FINDINGS AND RECOMMENDATIONS

______________________________/

This matter is before the court on plaintiffs' motion for a preliminary injunction.[1/] Plaintiffs seek an injunction requiring defendants to (1) implement at all state prisons except California Medical Facility - Main ("CMF"), the Northern Reception Center ("NRC") and San Quentin[2/] a temporary hot weather emergency plan similar to that now in use at the California Medical Facility ("CMF"); (2) provide this court and plaintiffs' counsel with a

1/This court has separately recommended that this action proceed as a class action.

2/Inmates at these institutions are not included within the proposed class.

102



AO 72
(Rev 8/82)

declaration certifying that such temporary plans are in effect at all covered prisons; and (3) adopt a final comprehensive emergency hot weather plan. Plaintiffs also ask the court to appoint a special master to monitor compliance with the temporary and final hot weather emergency plans.

BACKGROUND

This motion was originally filed on August 1, 1991 and set for hearing on August 29, 1991. At the time set for hearing, defendants filed a memorandum dated August 27, 1991, from the Deputy Director of the Institutions Division of the California Department of Corrections ("CDC") and the Assistant Deputy Director of Health Care Services for CDC addressed to wardens, chief medical officers and chief psychiatrists at institutions within CDC. The subject of the memorandum was "Prevention of Heat-Related Pathologies Plan." The memorandum directed all the addressees to "intitiate the subject plan at your institution and to incorporate the following policies into your plan."

Due to the filing of the memorandum and the evidence of defendants' apparent efforts to implement at least a temporary emergency hot weather plan, the court continued the hearing on plaintiffs' motion for preliminary injunction for two weeks. On September 12, 1991, the date set for hearing, plaintiffs filed two declarations. The declarations provided strong evidence that the temporary plan had not been implemented at least at Folsom Prison between August 29, 1991 and September 12, 1991.

/////



AO 72
(Rev.8/82)

At the hearing on September 12, the court gave defendants five days to respond to the declarations filed by plaintiffs at the hearing. Defendants filed a response on September 17, 1991. Thereafter, the matter was submitted.

STANDARDS FOR PRELIMINARY INJUNCTION

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.

ANALYSIS

Plaintiffs' legal claim on this motion for preliminary injunction is grounded in the Eighth Amendment, which provides the basic standard against which prison conditions are measured. To prevail on an Eighth Amendment claim, plaintiffs must establish that defendants are acting with deliberate indifference to certain



AO 72
(Rev.8/82)

fundamental needs. See Wilson v. Seiter, ____ U.S. ____, 111 S.Ct. 2321 (1991). On this motion, the needs at issue are needs for adequate cooling and ventilation during periods of extreme heat, and adequate medical attention for prisoners who are particularly susceptible to heat-related conditions due to medications they are receiving.

The instant motion was brought following the deaths of three inmates at CMF in July of this year during a period of extreme heat.[3/] Declaration of Terry Kupers, M.D., at para. 5. All three inmates were on neuroleptic and anticholinergic medications at the time of their deaths. Id. It is well-established among physicians that these medications increase the risk of heatstroke, or hyperthermia, because they interfere with the body's ability to regulate its own temperature. Declaration of Paul Lowinger, M.D., at para. 2. All three inmates died of hyperthermia. Id.; Exhibit 1 to Declaration of Bruce Slavin.

Plaintiffs have presented significant evidence that there are many inmates throughout the California prison system who are both on psychotropic medications and in prisons which are subject to extreme heat conditions. There is also evidence that defendants have not, in the past, been adequately attentive to either the need for adequate cooling in the face of extreme heat, or to the special needs of inmates on psychotropic medication.

/////

---

3/Apparently, five inmates died during one twelve-hour period at CMF. However, only three of the five were on psychotropic medication.



AO 72
(Rev 8/82)

However, the record before the court demonstrates that defendants are presently taking steps to address both of these problems. The August 27, 1991 memorandum directed prison offficals at all prisons to implement the following procedures to prevent heat-related illness: (1) close monitoring of inmates; (2) provision of adequate cooling agents; (3) insurance of good ventilation; and (4) protection from direct sunlight. Officials were directed to identify inmates "with any of a number of debilitating medical conditions" and those on any of the following medications: (1) antipsychotic medication; (2) antidepressant medication; (3) antimanic medication; (4) antiparkinson medication; (5) diuretic medication; and (6) any medication having significant anticholinergic properties.

The memorandum describes several symptoms of heat-related illness, provides that all staff "must" be able to notice such signs, and that "inmates subject to such pathology" should also be informed about the signs. Five steps are included for promoting adequate cooling and two for promotion of adequate ventilation. In addition, the memorandum includes additional precautions to "consider" and "recommended" responses to escalating temperatures.[4/] Appended to the memorandum is a two page document titled "Inmate Guide to Heat Related Problems."

/////

4/It was not clear to this court from either the memorandum or defense counsel's argument whether the "recommended responses" are in fact required of all prisons, or whether they are, in fact, just recommendations.



AO 72
(Rev 8/82)

The memorandum contains some of the same steps as the Hot Weather Emergency Plan revised on August 1, 1991 and implemented at CMF, although it is not nearly as detailed as the CMF Plan. Exhibit 5 to Declaration of Bruce Slavin. However, it does provide for identification of high risk inmates, identification of heat-related symptoms, steps to be taken to assist in cooling inmates and ventilating cells, as well as specific steps to be taken when the temperature reaches 90 degrees and again when the temperature reaches 95 degrees.[5]

On September 12, 1991, plaintiffs filed two declarations from inmates incarcerated at Folsom Prison. Those declarations provide evidence that as of that date, the August 27, 1991 memorandum had not been adequately implemented at Folsom. On September 17, 1991, defendants filed a response to the two declarations. In their response, defendants have submitted evidence that the temporary heat plan has been received at all institutions, that the high risk group has been identified at all institutions, that all but two institutions have alerted the high risk group to necessary precautions and that the remaining two institutions are in the process of formulating policy in that regard. In addition, defendants have provided evidence that the temperatures in the facilities where declarants Coe and Heroux were

/////

---

5/Once again, the court notes that it is not clear whether these steps are mandatory, merely suggested, or offered as guidelines which must be specifically tailored to each institution and implemented thereafter.



AO 72
(Rev 8/82)

housed were consistently in a range between 78 and 82 degrees during the operative time period.

On the record before this court, it cannot be said that defendants are acting with deliberate indifference to the heat problems faced by inmates in the California prison system. They have promulgated a temporary plan, and are gathering information for the preparation and promulgation of a systemwide permanent plan. See Exhibit B to Memorandum of Points and Authorities in Opposition to Motion for Preliminary Injunction filed August 15, 1991. With regard to the sufficiency and timing of a permanent plan, the parties are taking steps to prepare this case for trial on June 1, 1992 of next year. At the time of trial setting the parties were directed to conduct their discovery so that the parties would be ready to hear this issue, if necessary, on or before April 16, 1992, before the extreme hot weather hits most areas of California again.

It does appear to the court that, absent good faith implementation of the August 27, 1991 memorandum and efforts toward a permanent plan, the balance of hardships would tip decidedly in favor of plaintiffs. However, the August 27, 1991 memorandum appears to be an adequate effort to address the problem on a temporary and expedited basis, and defendants are moving toward a permanent plan. Under the circumstances, injunctive relief does not appear warranted at this time.

/////

/////



AO 72
(Rev 8/82)

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiffs' motion for preliminary injunction filed August 1, 1991 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Greenhow v. Secretary of Health and Human Services, 863 F.2d 633 (9th Cir. 1988).

DATED: October 21, 1991.

UNITED STATES MAGISTRATE JUDGE

JFM:hg:ji

kw

United States District Court
for the
Eastern District of California
October 22, 1991

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on October 22, 1991, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald Specter
Prison Law Office
General Delivery
San Quentin, CA 94964

SS/JFM

DAG

Warren E George Jr
McCutchen Doyle Brown and Enersen
Three Embarcadero Center
Suite 1800
San Francisco, CA 94111

MB/LKK

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA 94104

Sidney Wolinsky
Disability Rights Education and Defense Fund
2212 Sixth Street
Berkeley, CA 94710

Richard L Goff
Heller Ehrman White and McAuliffe
333 Bush Street
Suite 3100
San Francisco, CA 94104-2878

~~Amelia A Craig~~

Amelia A Craig
Heller Ehrman White and McAuliffe
333 Bush Street
Suite 3100
San Francisco, CA 94104-2878

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk