FILED

NOV 14 1991

CLERK, U. S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,　　　　　　　　　No. CIV S-90-0520 LKK JFM P

  vs.

PETE WILSON, et al.,

    Defendants.　　　　　　　　　**CLASS CERTIFICATION ORDER**

_____/

    The above-captioned action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On October 22, 1991, the magistrate judge filed findings and recommendations herein recommending that the action be certified as a class action and that notice thereof be posted at all affected institutions. The findings and recommendations were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within ten (10) days. On October 31, 1991, defendants filed timely objections to the findings and

1

recommendations. Plaintiffs filed a timely response to the objections on November 7, 1991.

Defendants object to inclusion of Pelican Bay State Prison in the proposed class due to the pendency of a proposed class action in the United States District Court for the Northern District of California, Madrid v. California Department of Corrections, et al., No. C-90-3094 TEH. The proposed class action in the Northern District would challenge conditions of confinement at Pelican Bay State Prison and include allegations of constitutional deficiencies in the provision of mental health care at that prison. Defendants contend that those claims in Madrid will duplicate the claims in this action and that Pelican Bay should therefore be included in the list of prisons excepted from the class certified in this court.

Plaintiffs argue that the action in the Northern District has not yet been amended to include the proposed class claims, that the class has not yet been certified in the Northern District, and the nature of the relief that might be awarded in either court cannot be determined until entry of final judgments. Plaintiffs also contend that there is no real duplication of claims between this action and the class action proposed in Madrid.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be
/////

supported by the record and by proper analysis. The court further makes the following findings of fact:

  A. The prerequisites to maintenance of a class set forth in subparts (1), (2), (3) and (4) of Fed.R.Civ.P. 23(a) are met in that:

    (1) The class of inmates confined within the California Department of Corrections (except San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville) with serious mental disorders is so numerous that joinder of all members is impracticable;

    (2) There are questions of law and fact common to all members of the class, including the adequacy of psychiatric care provided to class members by defendants and the constitutionality of that care or lack thereof;

    (3) The claims of the representative parties are typical of the claims of the class; and

    (4) The representative parties will fairly and adequately protect the interests of the class.

  B. A class action is maintainable under Rules 23(b)(1)(A), 23(b)(1)(B) and 23(b)(2) of the Federal Rules of Civil Procedure in that:

    (1) The prosecution of separate actions by individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for

AO 72
(Rev. 8/82)

defendants and (b) adjudications with respect to individual class members which would as a practical matter be dispositive of the interests of the other members not party to the adjudications.

(2) In maintaining its current policies and practices with respect to providing psychiatric care, defendants have acted or refused to act on grounds generally applicable to the class.

Finally, the court finds that defendants' objections to the inclusion of Pelican Bay in the instant class action are without merit. The plaintiff in Madrid has not yet been given leave to amend his complaint to include class allegations, nor has a class been certified in that court.[1/] The request to exclude Pelican Bay from the class certified in the instant lawsuit is, at best, extremely premature.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations regarding class certification filed October 22, 1991, are adopted in full.

2. The motion for class certification under Rules 23(b)(1)(A), 23(b)(1)(B) and 23(b)(2) of the Federal Rules of Civil Procedure is GRANTED. The class shall consist of all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections (except

/////

---

1/ Madrid was commenced as an individual action, one of over 250 lawsuits filed in the Northern District by inmates at Pelican Bay. Counsel was appointed in Madrid on August 16, 1991, and filed a motion to amend the complaint on October 28, 1991. The motion to amend in Madrid is set for hearing on November 25, 1991. It does not appear on this record whether a motion for class certification has even been filed in that action.

the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville).

3.  Pursuant to Fed.R.Civ.P. 23(d)(2), defendants shall post copies of the notice attached as Exhibit A ("Notice"), at defendants' expense, on all bulletin boards and all other places where notices to inmates are usually posted within each of the prisons administered by the California Department of Corrections (except San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville) ("all Prisons").  Defendants shall post said Notice in all prisons within five (5) days of the date of this order.  Said Notice shall remain posted in all Prisons until further order of the court.

DATED:  November 19, 1991.

UNITED STATES DISTRICT JUDGE

/hg:ml

## TO ALL PRISONERS WITH SERIOUS MENTAL DISORDERS
## CONFINED WITHIN THE CALIFORNIA DEPARTMENT OF CORRECTIONS

(Except those confined at San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville)

Five inmates at different prisons within the California Department of Corrections ("CDC") have filed a lawsuit, Coleman v. Wilson, CIVS-90-0520 LKK-JFM, in the United States District Court for the Eastern District of California. Defendants are the Governor; the Secretary of the Youth and Adult Corrections Agency; the Director of Corrections; the Assistant Director for Medical Services; and the Chief Psychiatrist of the Department of Corrections.

Plaintiffs complain that they and other prisoners with serious mental disorders are suffering from inadequate psychiatric care, including (but not limited to): improper, inadequate or non-existent screening, diagnosis and treatment for prisoners with serious mental disorders; lack of a system-wide mental health quality assurance program which would detect errors in treatment and diagnosis; and insufficient mental health staffing, facilities and resources. The prisoners also complain that they and other prisoners with serious mental disorders are subjected to discriminatory exclusion from various programs and activities including work, education therapy and other rehabilitation programs in which they are qualified to participate. Defendants deny that they have failed to provide seriously mentally ill prisoners with adequate psychiatric care. They also deny that they have discriminated against prisoners with mental disorders.

The Court has certified the lawsuit as a class action. The plaintiff class consists of all prisoners with serious mental disorders who are or will be confined within the CDC, excluding inmates at the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville.

The prisoners are asking the Court to order the defendants to provide all seriously mentally ill prisoners with constitutionally adequate psychiatric care. This class action seeks declaratory and injunctive relief only and not money damages. Please note that this action may prejudice the right of an individual prisoner to seek damages on the basis of a separate individual action.

The United States District Court has not determined whether the above allegations are true or whether the prisoners are entitled to any relief. When the Court makes its determination, however, it will be binding on all class members whether it is favorable to them or not.

The prisoners are represented by attorneys from the following organizations and law firms: THE PRISON LAW OFFICE; ROSEN, BIEN & ASARO; McCUTCHEN, DOYLE, BROWN & ENERSEN; HELLER, EHRMAN, WHITE & McAULIFFE; and the DISABILITY RIGHTS EDUCATION AND DEFENSE FUND.

Defendants are represented by:

DANIEL E. LUNGREN, ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA
KARL MAYER
DEPUTY ATTORNEY GENERAL
455 Golden Gate Avenue, Room 6200
San Francisco, California 94102

Any prisoner who believes that he or she is seriously mentally ill or who has information relevant to this lawsuit may write to the attorneys for either side. Letters to the attorneys representing the plaintiff class should be addressed to:

HELLER, EHRMAN, WHITE & McAULIFFE
333 Bush Street
San Francisco, California 94104
Attention: Nilsa Gallardo

To prove their claims, the prisoners' attorneys may examine the central file, medical file and psychiatric file of inmates with serious mental disorders without further notice. Information obtained from inmates' files will remain confidential and will not be disclosed to anyone not connected with this lawsuit. If you would object to the attorneys' review of your files, please write to the attorneys at the addresses given above.

All letters from inmates regarding this lawsuit will be sent unopened and should be delivered for mailing in sealed envelopes marked on the front "Coleman v. Wilson."

NO LETTERS, PAPERS OR DOCUMENTS OF ANY KIND RELATING TO THIS CASE SHOULD BE SENT TO ANY JUDGE OR MAGISTRATE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. THIS NOTICE OF CLASS ACTION IS GIVEN BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA.

EXHIBIT A

United States District Court
for the
Eastern District of California
November 14, 1991

\* \* CERTIFICATE OF SERVICE \* \*

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on November 14, 1991, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

| | |
|---|---|
| Donald Specter<br>Prison Law Office<br>General Delivery<br>San Quentin, CA  94964 | MB/LKK<br><br><br>SS/JFM |
| Warren E George Jr<br>McCutchen Doyle Brown and Enersen<br>Three Embarcadero Center<br>Suite 1800<br>San Francisco, CA  94111 | DAG |
| Michael W Bien<br>Rosen Bien and Asaro<br>155 Montgomery Street<br>Eighth Floor<br>San Francisco, CA  94104 | |
| Sidney Wolinsky<br>Disability Rights Education and Defense Fund<br>2212 Sixth Street<br>Berkeley, CA  94710 | |
| Richard L Goff<br>Heller Ehrman White and McAuliffe<br>333 Bush Street<br>Suite 3100<br>San Francisco, CA  94104-2878 | |

Amelia A Craig
Heller Ehrman White & McAuliffe
333 Bush Street
Suite 3100
San Francisco, CA  94104-2878

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk