

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                  No. CIV S-90-0520 LKK JFM P

    vs.

PETE WILSON, et al.,

    Defendant.                 ORDER SETTING TIMELINES

_____/

        On December 11, 1995, the court entered an order in this matter appointing a special master. Among the first duties of the master was to draw up a proposed schedule for the development of a remedial plan to address the constitutional violations found to exist in the defendants' delivery of mental health services to prisoners in the California Department of Corrections (CDC).

        After reviewing the nature and extent of the deficiencies described in the record, findings and orders in the case, and familiarizing himself with the areas to be remedied, and after consultation with the parties, the special master developed a proposed schedule, which the court adopts, as follows:

The defendants shall forthwith submit to the special master for review by him, his experts and plaintiffs' counsel plans, protocols, forms and other applicable documentation on mental health screening procedures for new admissions and readmissions to CDC; on training programs for staff on how to recognize and respond to mentally ill inmates; on arrangements for providing prompt inpatient hospitalization, when needed; and on the use of 37mm guns on mentally ill inmates. After review of the submitted documentation and the reconciliation of any differences arising from the review, the special master shall submit for approval the resulting fully developed plans to the court within thirty (30) days of the entry of this order.

The defendants shall submit plans and any other applicable documentation on a ratio or formula for health care staffing and a recruitment program for mental health staff to the special master for review by him, his experts and plaintiffs' counsel. After reviewing the submitted documentation and reconciling any difference among experts and parties arising from the review, the special master shall submit for approval the resulting fully developed plans to the court for approval within sixty (60) days of the entry of this order.

The defendants shall submit protocols, plans and any other applicable documentation on the handling of medications, to include establishing an adequate formulary, ensuring timely refilling of prescriptions, maintaining continuity of medication delivery, providing adequate monitoring of medication recipients

and avoiding the hoarding of medications; on the use of mechanical restraints and involuntary medication on mentally ill inmates; and on the placement, retention and care of mentally ill inmates in administrative segregation or segregated housing to the special master for review by him, his experts and plaintiffs' counsel. After reviewing the submitted documentation and reconciling any differences among experts and parties arising from the review, the special master shall submit the fully developed plans for approval to the court within one hundred and twenty (120) days of the entry of this order.

The defendants shall submit plans, protocols, forms and any other applicable documentation for the mental health screening of intra-departmental transfers and the compilation and maintenance of mental health records to the special master for review by him, his experts and plaintiffs' counsel. After reviewing the submitted documentation and reconciling any differences among experts and parties arising from the review, the special master shall submit for approval the resulting fully developed plans to the court within one hundred and fifty (150) days of the entry of this order.

The defendants shall submit plans, protocols and any other applicable documentation for a quality review and peer review program for mental health services to the special master for review by him, his experts and plaintiffs' counsel. After reviewing the submitted documentation and reconciling any differences among experts and parties arising from the review, the special master shall submit for approval the resulting fully developed plans to

the court within one hundred and eighty (180) days of the entry of this order.

The defendants shall submit plans and any other applicable documentation to procure medical records from county jails for newly admitted inmates and transfer medical notes and records of inmates moved inter-institutionally within the department to the special master for review by him, his experts and plaintiffs' counsel.  After reviewing the submitted documentation and reconciling any differences among experts and parties arising from the review, the special master shall submit for approval the resulting fully developed plans to the court within two hundred and forty (240) days of the entry of this order.

Immediately upon the court's approval of each plan enumerated above, the defendants shall implement the approved plan, and the special master shall commence a review of the defendants' compliance with the plan in each institution covered by the orders in this case.  The special master shall submit a report on the status of the defendants' compliance with the respective plans within ninety (90) days of the commencement of his implementation review.  Unless some other schedule for the implementation of a particular plan has been incorporated in the court-approved plan, the defendants shall comply with the requirements of each plan within ninety (90) days of its approval.

In addition to the matters listed above, the special master shall review and report on the defendants' compliance with medication-related heat management plans within ninety (90) days of

the entry of this order; on the extent to which defendants have filled presently authorized mental health care positions within one hundred and twenty (120) days; and on the extent to which the defendants have filled any new mental health positions created pursuant to the ratio developed under the remedy by December 31, 1996.  The special master shall also evaluate and report to the court within one hundred and twenty (120) days on the extent to which the defendants' compliance with their suicide prevention program is effected by the availability of mental health staff.

DATED:   February 7, 1996.

Lawrence K Karlton
UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
February 8, 1996


* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 8, 1996, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

```
Donald Specter                              SJ/LKK
Prison Law Office
General Delivery                            CF/JFM
San Quentin, CA  94964

Warren E George Jr
McCutchen Doyle Brown and Enersen
Three Embarcadero Center
Suite 1800
San Francisco, CA  94111

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA  94104

Richard L Goff
Heller Ehrman White and McAuliffe
333 Bush Street
Suite 3100
San Francisco, CA  94104-2878

Amelia A Craig
Heller Ehrman White and McAuliffe
333 Bush Street
Suite 3100
SAN FRANCISCO, CA 94104-2878
```

Bruce Michael Slavin
Attorney General's Office of the State of California
50 Fremont Street
Suite 300
San Francisco, CA  94105-2239

Catherine I. Hanson
California Medical Association
221 Main Street
San Francisco, CA  94105

Ann M Hansen
Seltzer and Cody
180 Grand Avenue
Suite 1300
Oakland, CA  94612

J Michael Keating Jr
Christopher H Little & Associates
50 S Main St
Providence, RI  02903

Jack L. Wagner, Clerk

BY: *[signature]*
Deputy Clerk