**FILED**

JUN 27 1997

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                    No. CIV S-90-0520 LKK JFM P

    vs.

PETE WILSON, et al.,

    Defendants.                  ORDER
_____/

        Pursuant to previous orders of the court, on June 6, 1997, the special master submitted for court approval plans, procedures, policies, forms and other documents relevant to the defendants' delivery of mental health care to members of the plaintiff class (hereafter "remedial plans"). The submission was accompanied by a report from the special master containing specific recommendations concerning issues remaining in five areas. Neither party has filed any objection to the special master's report or to the remedial plans submitted for court approval.

        After review of the record herein, and good cause appearing therefore, the special master's report will be accepted by the court. The court will direct defendants to make the modifications recommended by the special master, will provisionally approve the remedial plans submitted by the special master as so modified, and will direct the special master to commence

monitoring defendants' implementation of and compliance with the remedial plans in accordance with the court's December 11, 1995 order.

In connection with commencement of the monitoring phase, the special master asks for direction concerning the extent, if any, to which he should monitor defendants' use of mechanical restraints on class members, and defendants' suicide prevention policy.[1] He reports that the parties are in agreement on the substance of defendants' policies in both of these areas. The special master will not be required to separately report on defendants' implementation of or compliance with the policies in either of these areas, unless defendants' policies in either of those areas affect matters that the special master is required to report on; in such an event, nothing in this order precludes him from tendering a complete report to the court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The June 6, 1997 report of the special master on plans is accepted by the court;

2. Within fifteen days from the date of this order, defendants shall make the modifications recommended by the special master in the June 6, 1997 report, as follows:

a. Defendants shall modify their policy on the use of Clozapine to specifically include a provision granting to CDC psychiatrists the discretion to maintain on the drug a newly arrived inmate, already stabilized on Clozapine through a program other than those at Atascadero State Hospital or Patton State Hospital, subject to the housing and monitoring conditions recited in the policy.

b. Defendants shall adopt a process whereby custodial administrators who override a clinical recommendation to transfer an actively decompensating inmate out of administrative segregation are required to put the reasons for the override in writing and the override is subject to review.

/////

---

[1] The master notes that the parties have agreed on the substance of defendants' policies in both of these areas.

2

3. As modified, defendants' remedial plans are provisionally approved;

4. The special master shall forthwith commence monitoring defendants' implementation of and compliance with the remedial plans provisionally approved by the court in accordance with this court's December 11, 1995 order of reference; and

5. The special master shall file compliance reports on a quarterly basis. Said quarterly reports shall include, but are not limited to, reports on specific issues as recommended by the special master in his June 6, 1997 report on plans.

DATED: June 24, 1997.

LAWRENCE K. KARLTON
CHIEF JUDGE EMERITUS
UNITED STATES DISTRICT COURT

3