FILED

JAN 13 2000

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,        No. CIV S-90-0520 LKK JFM P

vs.

PETE WILSON, et al.,

    Defendants.      ORDER
_____/

        On July 26, 1999, this court issued an order requiring defendants to comply with a series of directives within ninety days.[1] On October 26, 1999, defendants filed a report on compliance with five of the directives and a request for an extension of time to comply with three of the directives. By order filed November 1, 1999, plaintiffs were directed to respond to defendants' request within ten days. On November 15, 1999, plaintiffs filed an opposition to the request in which they requested specific orders from the court. By order filed December 9, 1999, the court directed the special master to file within fifteen days recommendations on defendants' request for extension of time and plaintiffs' request for orders. On December 27, 1999, the special master filed his recommendations.

---

[1] The order also required compliance with three additional directives by December 31, 1999. Defendants have separately requested an extension of time to comply with two of those directives.

///

1

Defendants seek an extension of time to comply with directives 1, 2, and 8 of the court's July 26, 1999 order. The directives required that defendants accomplish the following within ninety days from July 26, 1999:

> 1. [R]educe the vacancy rate among psychiatrists to 25 percent or less and among psych social workers to ten percent or less, while keeping vacancy rates among other categories of mental health staff at present or comparable rates;
>
> 2. [R]educe the employment of multiple, short-term contract psychiatrists, as defined by the special master and ]the July 26, 1999] order, to fill vacancies from the current 40 percent to 25 percent or less of contract services provided, without reducing overall contract services unless justified in specific instances by decreasing vacancies; and
>
> 8. Develop and implement a system-wide data collection process for capturing information on mental health transfers at the institutional level. The process shall include, among other things, use of a log that records the dates of referral, classification, endorsement and actual movement of inmates referred to a higher level of treatment at any other facility, together with the reasons for rejection of any such referral, and a requirement that reception centers keep a log of all inmates referred to a mental health program who remain in reception longer than sixty days.

(Order filed July 26, 1999, at 4,5.)

In their opposition to defendants' request, plaintiffs object to the requested extension of time to comply with the first directive. Plaintiffs also contend that the retention plan developed by defendants to comply with the third directive in the July 26, 1999 order is inadequate.[2] Plaintiffs seek a court order requiring immediate pay raises for psychiatrists in the California Department of Corrections (CDC), and they ask the court to direct the special master to develop a retention plan.

/////

---

[2] The third directive required defendants to develop and submit to the special master within ninety days "a plan for the retention of psychiatrists in CDC, addressing such issues as the payment structure that penalizes clinical administrators, opportunities for career and professional development, flexibility and enhancements for remote assignments, the development of incentives, monetary and/or otherwise, for longevity, etc." (Order filed July 26, 1999, at 4.)

2

The problem of inadequate staffing has plagued defendants' delivery of mental health care services to class members for years. See Coleman v. Wilson, 912 F.Supp. 1284, 1306-7 (E.D.Cal. 1995). As the special master reports, throughout the monitoring phase he has repeatedly reported that inadequate staffing levels continue and that adequate staffing is "the key to successful implementation of mental health services." (The Special Master's Recommendations on Parties' Requests Regarding Staff Vacancies, a Retention Plan, the Use of Contract Psychiatrists and the Documentation of Transfers, filed December 27, 1999, at 5-7.) That defendants are before the court seeking yet more time to provide constitutionally adequate staffing resources to provide mental health care to class members is deeply troubling.

The special master recites a five and one half year history of "meager results" in defendants' attempts to address the staffing problem through changes to the CDC's recruitment process. (Id. at 8.) He reports that it was not until late 1998 that defendants began to address the issue of compensation which, in this court's view, is critical to successful resolution of staffing inadequacies.[3] Defendants' first attempt to address the issue was a $500.00 per month pay raise for staff psychiatrists; the special master reports that increase "had little impact on recruitment efforts." (Id.)

It is the recommendation of the special master that defendants be ordered to implement increases in compensation for all classes of psychiatrists by no less than $20,000 annually. The court concurs with the recommendation and will so order. The special master also recommends that defendants' request for additional time be granted. The court will do so. Defendants have requested an additional 90 to 180 days to comply with the order. The special master recommends an extension of 90 days to comply with directives 1 and 2 of the July 26,

---

[3] The special master cites to a report prepared by the California State Department of Personnel Administration which found that "the average salary of a staff psychiatrist who worked for the State in January, 1999 was $8,674, compared to a monthly salary of $12,466 for a psychiatrist in the private sector" and which "documented a comparative disadvantage for psychiatrists who work for the State versus those working within county levels of government." (Special Master's Recommendations, at 8.)

3

1999 order and that will be the order of the court. The court will look with great disfavor on anything other than a report of successful compliance with the order at the end of that time.

Plaintiffs have no substantial opposition to defendants' request for an extension of time to comply with directive number 8, and the special master recommends an extension of 180 days to comply with that directive. That will be the order.

Finally, in response to plaintiffs' request that he be directed to develop a retention plan, the special master recommends that defendants be directed to provide to him specific information concerning the departure of psychiatrists from employment. The court will so order and will also direct the special master to provide a further report to the court on the scope of the problem with retention of CDC psychiatrists and the adequacy of defendants' plan.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' October 26, 1999 request for an extension of time to comply with directives 1, 2, and 8 of this court's July 26, 1999 order;

2. Defendants are granted an additional period of 90 days to comply with directives 1 and 2 of the July 26, 1999 order;

3. Defendants are granted an additional period of 180 days to comply with directive 8 of the July 26, 1999 order;

4. Within thirty days from the date of this order, defendants shall increase the annual compensation of all classes of full-time psychiatrists employed by the CDC by no less than $20,000.00;

5. Within thirty days from the date of this order, defendants shall submit to the special master a list of psychiatrists employed by the CDC who have left employment within the past 24 months, with information on their length of service and the reasons for their departure; and

/////

/////

6. Within forty-five days thereafter the special master shall report to the court on the scope of the problem with retention of CDC psychiatrists and the adequacy of defendants' retention plan.

DATED: January 13, 2000.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
CHIEF JUDGE EMERITUS
UNITED STATES DISTRICT COURT

cole1026.eot

```
              United States District Court
                        for the
              Eastern District of California
                    January 13, 2000


              * * CERTIFICATE OF SERVICE * *

                                       2:90-cv-00520


Coleman

    v.

Reagan
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on January 13, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Donald Specter                    SJ/LKK
    Prison Law Office
    General Delivery                  CF/JFM
    San Quentin, CA   94964

    Michael W Bien
    Rosen Bien and Asaro
    155 Montgomery Street
    Eighth Floor
    San Francisco, CA   94104

    Bruce Michael Slavin
    Attorney General's Office of the State of California
    455 Golden Gate Avenue
    Suite 11000
    San Francisco, CA   94102-3664

    J Michael Keating Jr
    Little Bulman and Whitney
    72 Pine Street
    Providence, RI   02903

    Edmund F Brennan
    United States Attorney
    501 I Street
    Suite 10-100
    Sacramento, CA 95814
```

Jack L. Wagner, Clerk

by: Deputy Clerk