FILED
APR 27 2000
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,           No. CIV S-90-0520 LKK JFM P

vs.

GRAY DAVIS, et al.,

    Defendants.         <u>ORDER</u>

_____/

        On July 26, 1999, this court issued an order requiring defendants to comply with a series of directives within specified periods of time. On October 26, 1999, defendants filed a request for an extension of time to comply with some of the directives. On November 15, 1999, plaintiffs filed an opposition to the request in which they requested specific orders from the court, including an order directing the special master to develop a plan for retention of CDC psychiatrists. By order filed December 9, 1999, the special master was directed to file recommendations on this request. On December 23, 1999, the special master filed recommendations responsive to the December 9, 1999 order. Thereafter, on January 13, 2000, defendants were ordered to provide information to the special master within thirty days concerning departure of psychiatrists from CDC employment, and the special master was directed to report to the court within forty-five days thereafter on the scope of the problem with

1

retention of CDC psychiatrists and the adequacy of defendants' retention plan.[1] On April 24, 2000, the special master filed his report with the court.

The special master reports that "the attrition figures [for psychiatrists] for the last two years fall within the norm for departures in public mental health systems" and that the "departures preceded implementation of the substantial increases in compensation recently enacted for CDC psychiatrists." (Special Master's Recommendation on the Development of a Retention Plan for Psychiatrists, filed April 24, 2000, at 3.) In the special master's view, "[t]he judicial imposition of a retention plan on the defendants is simply not justified by the low attrition rate." (Id.) The special master recommends the court not require that he develop a retention plan and, in the alternative, he recommends that defendants be directed to summarize and report to him quarterly on the departure of psychiatrists from CDC employment.

The court concurs with the special master's view that the record does not support a requirement that he develop a retention plan for defendants' psychiatrists. The court will require defendants to report to the special master quarterly on the departure of psychiatrists from CDC service.

On December 30, 1999, defendants filed a request for an extension of time to comply with Directives 6 and 9 of the July 26, 1999 order. By order filed January 13, 2000, plaintiffs were directed to respond to defendants' request and the special master was directed to file recommendations concerning the request. On January 27, 2000, plaintiffs filed a statement of non-opposition to the request. On February 8, 2000, the special master filed recommendations on defendants' request, and on February 22, 2000, defendants filed objections to a portion of the special master's recommendations.

/////

---

[1] On February 14, 2000, defendants filed a request for a one week extension of time to submit to the special master information concerning the departure of CDC psychiatrists. Good cause appearing, the request will be granted nunc pro tunc and the information will be deemed timely submitted to the special master.

2

Directive 6 of the court's July 26, 1999 order requires defendants to adopt and implement on or before December 31, 1999 specified staffing ratios for administrative segregation units. Defendants seek an extension of 120 days to comply with Directive 6.[2] Defendants' request for an extension of time is predicated primarily on the status of deficiency funding requests, which defendants report were approved by the state legislature on February 16, 2000. (Defendants' Objections to the Special Master's Recommendations on Defendants' Request for Extension of Time for Directives 6 and 9.) Good cause appearing, defendants will be granted an extension of time until May 2, 2000 to comply with Directive 6 of the July 26, 1999 order.

Directive 9 of the July 26, 1999 order requires defendants to develop and implement by December 31, 1999 "a plan for expediting the transfers of seriously mentally disordered inmates to programs with the level of care to which they have been referred." (Order filed July 26, 1999.) Defendants also request a 120 day extension of time to comply with this Directive. The plan required by Directive 9 is to be based on information gathered from a system-wide data collection process defendants are required to develop pursuant to Directive 8 of the July 26, 1999 order.[3] The July 26, 1999 order required development of the data collection process within ninety days from the date of the order; by order filed January 13, 2000, defendants were granted an additional 180 days to comply with Directive 8. The special master recommends that defendants be granted until June 30, 2000, a period slightly more than sixty days after the

/////

---

[2] In the declaration of Eileen Baumgardner filed in support of defendants' request, Ms. Baumgardner states that defendants anticipate that the staffing ratios "should be implemented at most institutions by May 2, 2000." (Declaration of Eileen Baumgardner in Support of Defendants' Request for an Extension of Time to Comply with Directives 6 and 9 of the Court's July 26, 1999 Order, filed December 30, 1999, at ¶ 10.) Defendants have not, however, requested an extension of time beyond that date and the court expects full compliance with its orders.

[3] The parties correctly note that the reference to Directive 7 in Directive 9 of the July 26, 1999 order is in error and that the correct reference is to Directive 8.

deadline for compliance with Directive 8, to comply with Directive 9. That will be the order of the court.

On January 24, 2000, defendants filed a request for an additional extension of 120 days to comply with Directive 1 of the July 26, 1999 order. Directive 1 requires defendants to reduce the vacancy rate among psychiatrists and psych social workers to 25 percent or less and ten percent or less, respectively, and to maintain "at present or comparable rates" the vacancy rates among other categories of mental health staff. The July 26, 1999 order required compliance with Directive 1 within 90 days. By order filed January 13, 2000, defendants were given an additional 90 day period to comply. In the January 24, 2000 request, defendants seek an additional 120 days to comply with Directive 1 in order to assess the efficacy of increased compensation for psychiatrists on the vacancy rates, and to implement a reclassification program to address the vacancy rates in psychiatric social worker positions. Good cause appearing, defendants will be granted an extension until May 26, 2000 to comply with Directive 1 of the July 26, 1999 order. In addition, the special master will be directed to report to the court on or before June 16, 2000 on the status of vacancy rates among CDC psychiatrists and psychiatric social workers.

Finally, in his April 24, 2000 recommendations, the special master requests that he be granted until September 1, 2000 to file any further recommendations on the staffing ratio of psychiatrists to inmates in the 3CMS program, as required by the July 26, 1999 order. Good cause appearing, that will be the order of the court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' February 14, 2000 request for an extension of time is granted nunc pro tunc;

2. The information submitted by defendants to the special master pursuant to paragraph 5 of this court's January 13, 2000 order is deemed timely submitted;

/////

4

3. Plaintiffs' November 15, 1999 request for an order requiring the special master to develop a plan for retention of CDC psychiatrists is denied;

4. Defendants shall submit to the special master on a quarterly basis a report on the departure of psychiatrists from CDC employment;

5. Defendants' December 30, 1999 request for an extension of time to comply with Directives 6 and 9 of the court's July 26, 1999 order is granted in part, as follows:

    a. Defendants shall comply with Directive 6 of the July 26, 1999 order on or before May 2, 2000;

    b. Defendants shall comply with Directive 9 of the July 26, 1999 order on or before June 30, 2000;

6. Defendants' January 24, 2000 request for an extension of time to comply with Directive 1 of the court's July 26, 1999 order is granted;

7. Defendants shall comply with Directive 1 of the court's July 26, 1999 order on or before May 26, 2000;

8. On or before June 16, 2000, the special master shall report to the court on the status of vacancy rates among CDC psychiatrists and psychiatric social workers; and

9. On or before September 1, 2000, the special master shall file further recommendations addressing the staffing ratio of psychiatrists to inmates in the 3CMS program.

DATED: April 25, 2000.

LAWRENCE K. KARLTON
CHIEF JUDGE EMERITUS
UNITED STATES DISTRICT COURT

United States District Court
for the
Eastern District of California
April 27, 2000

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 27, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
Donald Specter                              SJ/LKK
Prison Law Office
General Delivery                            CF/JFM
San Quentin, CA  94964

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA  94104

Jennifer Weck
Attorney General's Office of the State of California
PO Box 944255
1300 I Street
Suite 125
Sacramento, CA  94244-2550

J Michael Keating Jr
Little Bulman and Whitney
72 Pine Street
Providence, RI  02903
```

Edmund F Brennan
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814


Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk