

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,   No. CIV S-90-0520 LKK JFM P

  vs.

GRAY DAVIS, et al.,

    Defendants.   ORDER
_____/

        On July 26, 1999, this court issued an order requiring defendants to comply with a series of directives within specified periods of time. On May 26, 2000, defendants filed a third request for extension of time to comply with Directive 1 of the July 26, 1999 order. By order filed June 19, 2000, plaintiffs were directed to respond to defendants' request and the special master was directed to file recommendations thereon. On July 6, 2000, plaintiffs filed opposition to the request. On July 20, 2000, the special master filed his recommendations. Neither party has filed objections to the special master's recommendations.

        Directive 1 of the July 26, 1999 order requires defendants to reduce to 25 percent or less the vacancy rate among psychiatrists and to ten percent or less the vacancy rate among psychiatric social workers without increasing the vacancy rate among other categories of mental health staff. The July 26, 1999 order required compliance within 90 days of issuance of the

order. Defendants, having already received two extensions of that deadline, now seek an additional 180 days until November 26, 2000 to reduce the vacancies.

The special master's recommendations suggest to the court that while some steps have been taken to address the problem of staffing vacancies, for several reasons the number of staff vacancies have in fact increased rather than decreased over the past year. That is deeply troubling to the court. Also troubling is the master's report that there is "no discernible awareness [on the part of defendants] that obedience to federal court orders might conceivably require accelerated departures from the normal course of bureaucratic business" and a "perceived absence of any sense of urgency or accountability on defendants' part in regard to the vacancy issue." (Special Master's Recommendations on Defendants' Request for an Extension to Comply with Order on Psychiatrist and Psychiatric Social Worker Vacancies, filed July 20, 2000, at 5.)

The special master's report also suggests, however, that at least some of the vacancy rate is attributable to steps which the court views as progress, specifically, better identification of the actual size of the inmate population that requires mental health care services and a concomitant increase in staffing resources allocated to serve that population. Put another way, defendants are in the process of meaningful assessment of mental illness and mental health needs in the inmate population and are allocating resources and new staff positions accordingly.

The special master recommends that defendants be given "sufficient time to implement fully the measures they have developed to deal with psychiatric and psychiatric social worker vacancies." (Id. at 9.) To this end, he has made a series of thoughtful recommendations which will become the order of the court.

Specifically, defendants will be granted until December 31, 2000 to comply with Directive 1 of the July 26, 1999 order. The special master will be directed to file a report on defendants' compliance on or before December 15, 2000 and to make any and all

/////

2

recommendations which, in his view, appear necessary at that time to ensure compliance, including but not limited to those set forth in his July 20, 2000 recommendations.

Defendants will also be directed to restore forthwith the differential in recruitment and retention bonuses for remote CDC facilities. To that end, defendants will be directed to report to the special master in fifteen days on how they plan to effect said restoration, and the special master will be directed to report to the court within fifteen days thereafter on the adequacy of the plan proffered by defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' May 26, 2000 request for a third extension of time to comply with Directive 1 of the court's July 26, 1999 order is granted;

2. Defendants shall comply with Directive 1 of the court's July 26, 1999 order by December 31, 2000;

3. On or before December 15, 2000, the special master shall report to the court on the adequacy of defendants' compliance with Directive 1 and shall make such recommendations to ensure compliance as appear necessary at that time;

4. Defendants shall forthwith restore [restore LKK] the differential in recruitment and retention bonuses for remote CDC facilities;

5. Within fifteen days from the date of this order, defendants shall report to the special master their plan to effect restoration of said bonuses; and

6. Within fifteen days thereafter the special master shall report to the court on the adequacy of defendants' plan.

DATED: August 24, 2000.

_____
UNITED STATES DISTRICT JUDGE

/coleext.dr1

United States District Court
for the
Eastern District of California
August 28, 2000

\* \* CERTIFICATE OF SERVICE \* \*

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on August 28, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
Donald Specter                              SJ/LKK
Prison Law Office
General Delivery                            CF/JFM
San Quentin, CA   94964

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA   94104

Jennifer Weck
Attorney General of the State of CA
PO Box 85266
110 West A Street
Suite 1100
San Diego, CA   92186-5266

J Michael Keating Jr
Little Bulman and Whitney
72 Pine Street
Providence, RI   02903

Edmund F Brennan
United States Attorney
501 I Street
```

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk