. 2 2 2000

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          TY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                  No. CIV S-90-0520 LKK JFM P

    vs.

GRAY DAVIS, et al.,                 O R D E R

    Defendants.
_____/

    On October 10, 2000, the special master filed his sixth monitoring report. Included with the report is a final report from the master's psychiatric experts on suicide and suicide prevention within the California Department of Corrections (hereafter "suicide report").[1] The master recommends that the court adopt observations and recommendations found at pages five and six of the report. (Sixth Monitoring Report, filed October

---

[1] Suicide prevention and policy became an issue subject to monitoring by the special master in late 1998 when the court approved the parties' agreement for merger of Gates v. Deukmejian, No. CIV S-87-1636 LKK JFM P (Gates) into this action and for dismissal of the Gates action.

1  1229

10, 2000, at 57.) On October 20, 2000, plaintiffs filed objections to the sixth monitoring report. Defendants have not filed objections to the report or a response to plaintiffs' objections.

Plaintiffs do not object to the special master's recommendation concerning the court's adoption of the observations and recommendations found at pages five and six of the suicide report. Plaintiffs request, however, that the court direct the special master to review and report to the court (1) whether defendants have adequate policies and procedures for disciplining negligent staff members; and (2) if they do, whether defendants adequately use such policies and procedures. (Plaintiffs' Objections, filed October 20, 2000, at 1.)

Plaintiffs' request is derived from findings at page 7 and 8 of the suicide report, which provides in relevant part:

> Lastly, the plaintiffs appear to be looking for a system that combines the quality assurance and improvement function of the defendant's post-mortem suicide response system with the need to discipline negligent clinicians whose criminal behavior may sometimes contribute to a successful suicide. If quality improvement is the goal of the post-mortem analysis, it is important that it not be viewed as a means of gathering information for subsequent prosecution. The need for accountability is uncontroverted, but the pathway to such accountability must be pursued through the professional and criminal procedures created specifically to police and prosecute unethical, negligent and criminal practitioners. The department's efforts for assessing and improving the quality of its MHSDS, to be even minimally effective, must focus on deficiencies in the system for delivering care, not on the fixing of personal blame for each suicide. There should be tools enough for department inspectors, personnel administrators and local prosecutors to pursue individual malefactors. If there

2

1       are not such tools, the defendants should be directed
2       to create them.

3 (Suicide Report, at 7-8.)  In their objections, plaintiffs
4 clarify that they do not seek a merger of quality assurance and
5 discipline.  Rather, plaintiffs propose investigation whether
6 defendants have an adequate system for disciplining staff whose
7 malfeasance causes or contributes to an inmate suicide and, if
8 they do not, requiring them to develop one.

9     Good cause appearing, the special master will be directed to
10 report to the court on (1) whether defendants have in place
11 mechanisms either for internal discipline of CDC staff whose
12 unethical, negligent and/or criminal misconduct causes or
13 contributes to an inmate suicide, or for reporting such
14 unethical, negligent and/or criminal misconduct to other
15 entities; (2) the adequacy of any such mechanisms that presently
16 exist; and (3) whether additional discipline or reporting
17 mechanisms should be developed.

18     On November 7, 2000, pursuant to this court's order filed
19 September 14, 2000, defendants filed with the court a report
20 regarding access for class members to mental health crisis beds.
21 Good cause appearing, the special master will be directed to make
22 specific recommendations to the court within thirty days
23 concerning such access.

24     On October 2, 2000, defendants filed a request to withdraw
25 objections that they filed September 19, 2000 to a third report
26 by the assessor on compliance with a private agreement entered

into by the parties as part of the settlement of the <u>Gates</u> case. Good cause appearing, defendants' request will be granted. The September 19, 2000 objections will be placed in the court file and disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The observations and recommendations found at pages 5 and 6 of the Suicide Report appended to the Sixth Monitoring Report are adopted;

2. Within sixty days the special master shall report to the court on (1) whether defendants have in place mechanisms either for internal discipline of CDC staff whose unethical, negligent and/or criminal misconduct causes or contributes to an inmate suicide, or for reporting such unethical, negligent and/or criminal misconduct to other entities; (2) the adequacy of any such mechanisms that presently exist; and (3) whether additional discipline or reporting mechanisms should be developed;

3. Within thirty days from the date of this order the special master shall make specific recommendations to the court concerning access for class members to mental health crisis beds;

4. Defendants' October 2, 2000 request to withdraw objections is granted; and

////
////
////
////
////

5. Defendants' September 19, 2000 objections to the assessor's third compliance report shall be placed in the court file and disregarded.

IT IS SO ORDERED.

DATED: December 21, 2000.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

/report.6th

5

ndd

United States District Court
for the
Eastern District of California
December 22, 2000

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

   v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on December 22, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
Donald Specter                          SJ/LKK
Prison Law Office
General Delivery                        CF/JFM
San Quentin, CA   94964

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA   94104

Jennifer Weck
Attorney General of the State of CA
PO Box 85266
110 West A Street
Suite 1100
San Diego, CA   92186-5266

J Michael Keating Jr
Little Bulman and Whitney
72 Pine Street
Providence, RI   02903
```

Edmund F Brennan
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814

Jack L. Wagner, Clerk

BY: _____
     Deputy Clerk