

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                    No. CIV S-90-0520 LKK JFM P

vs.

GRAY DAVIS, et al.,

    Defendants.                    ORDER

/

    Several matters are pending before the court. On December 20, 2000, in accordance with this court's order filed August 28, 2000, the special master filed a report and recommendations on defendants' efforts to comply with Directive 1 of this court's July 26, 1999 order. The directive required defendants to reduce the vacancy rate among staff psychiatrists to 25 percent or less and among psychiatric social workers to ten percent or less, while keeping vacancy rates among other categories of mental health staff at present or comparable rates. The special master reports that defendants have not yet achieved compliance with the required vacancy rates. He also reports increases in both the number of authorized positions and the number of professionals providing mental health care services to class members. He sets forth a number of alternatives for achieving sufficient staffing levels, and he recommends that the

/////

defendants be ordered to "pursue diligently" and "explore honestly and fully the feasibility of each" of the described alternatives.

On December 29, 2000, defendants filed objections to the special master's report and recommendations. On January 18, 2001, plaintiffs filed opposition to defendants' objections. Only two of the objections require extended discussion.

Defendants object to the recommendation that they be required to pursue "all" alternatives set forth in the report, contending that one of the "alternatives" described by the special master risks exceeding the scope of this litigation. Specifically, at page 14, the special master touches briefly on a proposed dialogue between defendants and the Board of Prison Terms (BPT) regarding "mutually acceptable ways to reduce the return to CDC of mental health caseload inmates on parole." (Special Master's Report and Recommendations on Psychiatrist and Psychiatric Social Worker Vacancies, filed December 20, 2000, at 14.) Defendants object to a requirement that they explore this dialogue as an alternative for reducing staffing vacancies, contending that (1) parolees are not part of the class in this action; (2) the BPT is not a defendant; (3) any such relief would violate 18 U.S.C. § 3626(a); and (4) the recommendation is "vague and ambiguous" because it does not specify what the defendants are to do and misrepresents what defendants in fact said they would do.

Defendants also object to the special master's recommendation in general on the grounds that they should not be required to "diligently pursue an alternative that is found not to be feasible."

With respect to the discussion of parolees, the court finds that the parties, through their objections, have presented extended argument on the substance of a proposal made by the plaintiffs, which proposal far exceeds the scope of the reference to it included in the special master's report and recommendation. There is nothing in the special master's recommendation, nor in this court's adoption thereof, which requires defendants to do anything with the Board of

/////

2

Prison Terms that defendants would not do in the ordinary course of their business and addressing their constitutional obligations to class members.

Defendants' objection concerning the purported ambiguity in the special master's recommendation that they "pursue diligently" the development of each alternative and "explore fully and honestly the feasibility of each" is overruled. The court finds no ambiguity in the special master's recommendation, particularly in view of the all too evident need for defendants to find and develop alternatives which will finally solve the mental health staffing problem that has plagued the CDC for years.

On January 9, 2001, the special master filed recommended timelines for transferring class members to necessary levels of care.[1] The special master includes as a caveat to his recommended timelines that they do not include a requirement that defendants "transfer inmates to mental health programs that are already fully occupied." (Special Master's Recommendation for Transfer Timelines, filed January 9, 2001, at 10.) On February 20, 2001, defendants filed objections to a report from the special master concerning access to Mental Health Crisis Beds (MHCBs). In those objections, defendants represent that in three of the four months between July and October 2000 there were insufficient MHCBs to meet inmate demand. (Defendants' Objections to Special Master's Recommendations Re: Access to Mental Health Crisis Beds, filed February 20, 2001, at 2.)

The court agrees with the special master that the mental health programs developed by defendants should not be "deliberately overcrowded" by "rigid" transfer requirements and will adopt in full the recommended transfer timelines, including the recommendation that defendants not be required to transfer inmates to full programs. The court will, however, require the special master to provide by May 15, 2001, additional information on

---

[1] On January 16, 2001, defendants filed a document styled as objections to the recommendations. The substance of the objections sets forth a clarification of terms on behalf of the Department of Mental Health. Defendants have raised no objection to adoption of the recommended timelines.

3

the adequacy of the number of available beds at each level of care and the scope, if any, of the problem of delay in transfer that may be caused by insufficient bed availability.

Finally, on January 22, 2001, the special master filed recommendations on access to MHCBs. As noted above, on February 20, 2001, defendants filed objections to the recommendations. In their recommendations, defendants represent that the special master's recommendations were based on information supplied to him by defendants which they subsequently determined was inaccurate. Good cause appearing, the special master will be directed to submit revised recommendations in light of the information provided with defendants' objections.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The December 20, 2000 report and recommendations of the special master concerning staffing vacancies are adopted in full;

2. Defendants shall explore honestly and fully the feasibility of each alternative for reducing staffing vacancies set forth in the December 20, 2000 report and recommendations and shall diligently pursue each feasible alternative;

3. The special master shall report to the court on a quarterly basis on progress in the development of these alternative efforts and their impact on staff vacancy rates;

4. The special master's January 9, 2001 recommendations regarding transfer timelines are adopted in full and shall be implemented forthwith;

5. On or before May 15, 2001, the special master shall report to the court on the adequacy of the number of available beds at each level of care and the scope, if any, of the problem of delay in transfer that may be caused by insufficient bed availability; and

/////

/////

/////

/////

4

6. On or before May 15, 2001, the special master shall submit revised recommendations on access to mental health crisis beds.

DATED: April 3, 2001.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12
coleman.ord

5

United States District Court
for the
Eastern District of California
April 4, 2001

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 4, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Donald Specter                        SJ/LKK
Prison Law Office
General Delivery                      CF/JFM
San Quentin, CA  94964

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA  94104

Daniel Joseph Kossick
Attorney General's Office of the State of California
PO Box 944255
1300 I Street
Suite 125
Sacramento, CA  94244-2550

J Michael Keating Jr
Little Bulman and Whitney
72 Pine Street
Providence, RI  02903

Edmund F Brennan
United States Attorney
501 I Street

Suite 100
Sacramento, CA  95814

Jack L. Wagner, Clerk

BY: _____
　　　Deputy Clerk