

1  BILL LOCKYER, Attorney General
    of the State of California
2  DAVID P. DRULINER, Chief
    Assistant Attorney General
3  PAUL D. GIFFORD, Senior
    Assistant Attorney General
4  MICHAEL G. LEE (SBN 88956)
    Supervising Deputy Attorney General
5  DANIEL J. KOSSICK (SBN 81350)
    Deputy Attorney General
6  1300 "I" Street, Suite 125
    Post Office Box 944255
7  Sacramento, California 94244-2550
    Telephone: (916) 324-3866
8
   Attorneys for Defendants
9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13  RALPH COLEMAN, et al.,              No. CIV S-90-0520 LKK

                    Plaintiffs,          DEFENDANTS' SECOND REQUEST FOR
14                                       EXTENSION OF TIME TO FILE
       v.                                OBJECTIONS TO SPECIAL MASTER'S
15                                       REPORT ON DEFENDANTS'
    GRAY DAVIS, et al.,                  MECHANISMS FOR DISCIPLINING
16                                       STAFF WHOSE NEGLIGENCE OR
                    Defendants.          MISCONDUCT CONTRIBUTES TO AN
17                                       INMATE'S SUICIDE

18          On February 22, 2001, the Special Master served defendants his report on

19  Defendants' Mechanisms for Disciplining Staff Whose Negligence or Misconduct Contributes to

20  an Inmate's Suicide. Defendants' objections to that report were due on or about March 5, 2001.

21          On March 5, 2001, the defendants moved for a 30 day extension of time to file

22  objections to that report. On March 22, 2001, the court granted defendants' request for an

23  extension of time.

24          The suicide investigation policy that was submitted to the Special Master in

25  February, 2001, and relied upon in his report on this matter, was apparently released without the

26  full review and participation of certain parties with the California Department of Corrections

27  (CDC) and was, therefore, incomplete. As detailed in the attached declaration of by the Acting

28  ///

1  Chief of the Mental Health Unit of the Health Care Services Division, Deneice Mayle, certain
2  issues relative to this investigative policy still need to be addressed.
3    It is anticipated that the defendants' objections will incorporate a proposed suicide
4  investigation policy which has been scrutinized by both the CDC and the Special Master. As
5  stated in the attached declaration of Ms. Mayle, a draft of the proposed policy is expected to be
6  submitted to the Special Master within 60 days (on or about June 4, 2001) for his review.
7    To allow adequate time to properly address and formulate these requisite policies
8  and procedures, defendants respectfully request a 90 day extension of time, to and including
9  July 3, 2001, to submit their objections to the Special Masters's Report.
10 DATED: April 3, 2001

Respectfully submitted,

BILL LOCKYER, Attorney General
of the State of California
DAVID P. DRULINER, Chief
Assistant Attorney General
PAUL D. GIFFORD, Senior
Assistant Attorney General
MICHAEL G. LEE, Supervising
Deputy Attorney General

*/s/ Daniel J. Kossick*

DANIEL J. KOSSICK
Deputy Attorney General

Attorneys for Defendants

20 ORDER.
21    Good Cause appearing, defendants are granted a second extension of time until
22 July 3, 2001, to file objections to the Special Master's Report, dated February 22, 2001.

24 DATED: 4/17, 2001.

LAWRENCE K. KARLTON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

27 DJK:tc
J:\DROP\WECK\COLEMAN\PLEADINGS\EOT2.SM-RPT.STAFF DISCIPLINE.wpd

2

DEFENDANTS' SECOND REQUEST FOR
EXTENSION OF TIME TO FILE OBJECTIONS

```
 1  BILL LOCKYER, Attorney General
       of the State of California
 2  DAVID P. DRULINER, Chief
       Assistant Attorney General
 3  PAUL D. GIFFORD, Senior
       Assistant Attorney General
 4  MICHAEL G. LEE (SBN 88956)
       Supervising Deputy Attorney General
 5  DANIEL J. KOSSICK (SBN 81350)
       Deputy Attorney General
 6  1300 "I" Street, Suite 125
    Post Office Box 944255
 7  Sacramento, California 94244-2550
    Telephone: (916) 324-3866
 8
    Attorneys for Defendants
 9  48149280-CF1997CS0003
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | No. CIV S-90-0520 LKK |
|---|---|
| Plaintiffs, | **DECLARATION OF DENEICE MAYLE IN SUPPORT OF DEFENDANTS' SECOND REQUEST FOR EXTENSION OF TIME TO FILE OBJECTIONS TO SPECIAL MASTER'S REPORT ON DEFENDANTS' MECHANISMS FOR DISCIPLINING STAFF WHOSE NEGLIGENCE OR MISCONDUCT CONTRIBUTES TO AN INMATE'S SUICIDE** |
| v. | |
| GRAY DAVIS, et al., | |
| Defendants. | |

I, DENEICE MAYLE, declare as follows:

1. I am an employee of the California Department of Corrections (CDC), and presently occupy the position of Acting Chief of the Mental Health Unit of the Health Care Services Division. I retired from the CDC in 1999, and am employed by the CDC as a retired annuitant. I was appointed Acting Chief on February 6, 2001. I succeeded Dr. Mennuti, who had become seriously ill, and could no longer perform his duties as Chief of the Mental Health Unit.

2. I am aware that a request for a 30 day extension of time to file objections to the Special Master's Report on defendants' suicide investigation policy has been previously requested and granted by this court.

///

*Attachment*

1

DECLARATION OF DENEICE MAYLE

3. Assuming Dr. Mennuti's duties and responsibilities has been a time-consuming and difficult endeavor. Dr. Mennuti had been involved in the <u>Coleman</u> case for approximately two years. His sudden illness and abrupt departure as Chief of the Mental Health Unit has had a severe impact on the Mental Health Unit and the statewide myriad of tasks attendant to this position.

4. Consistent with my duties and responsibilities as Acting Chief of the Mental Health Unit, I did not have the opportunity to participate in a review of the Death Reporting and Review Policy which was a draft. Further, the draft policy may contain problematic procedures that the CDC may not be able to implement as described.

5. In order to submit a problem-free and fully implementable policy, the draft policy needs to be further studied and reviewed. In particular, since the new policy potentially affects several different divisions within the CDC, it must be reviewed and approved by the deputy director of each affected division. Since this new policy potentially affects both custody and health care staff, it must be reviewed and approved by the deputy directors of Institutions Division and Human Resources Division; since it potentially affects the legal rights and responsibilities of CDC employees, it must be reviewed and approved by Legal Affairs Division; since it potentially affects the investigative procedures utilized relative to allegations of CDC employees' misconduct, it must be reviewed by the Office of Investigative Services. Unfortunately, these required reviews have not yet been conducted.

6. In addition, there are policies and procedures for disciplining staff who have Peace Officer status that exist independently of the CDC's policies. Most notably, the Public Safety Officers Procedural Bill of Rights Act (Government Code Section 3300), Government Code Section 19572, and Penal Code Section 6065, requires that those who investigate the CDC be properly trained and must undergo a complete and thorough background check in addition to any pre-employment background check. The draft policy, then, must also be reviewed relative to these procedures.

7. I have determined that the draft policy appears to create overlaps between the investigative process and confidential peer review processes to improve the mental health delivery system that both the Special Master and the Plaintiffs agree should be kept separate. (<u>See</u>, Plaintiffs' Objections to Sixth Monitoring Report, pp. 4-5.)

Case 2:90-cv-00520-KJM-SCR    Document 1266    Filed 04/18/01    Page 5 of 8

Received:    4/ 4/01 12:28;    -> Attny Genl 10th flr reception;    Page 4
APR-04-2001    12:29    HCSD MENTAL HEALTH/CLARK    916 322 2838    P.04

8. I have also determined that the CDC needs additional time to respond to the Plaintiffs' suggestions that the CDC has somehow failed to conduct itself properly with regard to the cases of suicide discussed in the Sixth Monitoring Report.

9. As Acting Chief of the Mental Health Unit of the Health Care Services Division, both I and other staff within the CDC need additional time to provide a more comprehensive report than the one submitted to the Special Master in February 2001. To allow us the opportunity to thoroughly investigate, review, develop and submit a comprehensive report, an additional 90 day time period, until July 3, 2001, is requested. To ensure the adequacy of this forthcoming report, the CDC would submit a draft of the same to the Special Master within 60 days (on or about May 7, 2001) for his comments and guidance.

I declare under penalty of perjury that the foregoing is true and correct to the best of my belief and knowledge. If called to do so, I could and would competently testify to the matters set forth herein.

DATED: April 4, 2001

DENEICE MAYLE
CHIEF [A], MENTAL HEALTH UNIT
HEALTH CARE SERVICES DIVISION

DJK:tc
J:\DROP\WECK\COLEMAN\DECL\MAYLE-1.wpd

3

DECLARATION OF DENEICE MAYLE

## DECLARATION OF SERVICE

Case Name: **RALPH COLEMAN, et al. v. GRAY DAVIS, et al.**

Court No.: **USDC-ED, CIV S-90-0520 LKK**

I declare:

I am employed in the County of Sacramento, California. I am 18 years of age or older and not a party to the within entitled cause; my business address is 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550.

On **April 4, 2001**, I served the attached:

**DEFENDANTS' SECOND REQUEST FOR EXTENSION OF TIME TO FILE OBJECTIONS TO SPECIAL MASTER'S REPORT ON DEFENDANTS' MECHANISMS FOR DISCIPLINING STAFF WHOSE NEGLIGENCE OR MISCONDUCT CONTRIBUTES TO AN INMATE'S SUICIDE**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

**SEE ATTACHED LIST**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 4, 2001**, at Sacramento, California.

T. COOPER

_____
Signature

RALPH COLEMAN, et al. v. GRAY DAVIS, et al.
USDC-ED No. CIV S-90-0520 LKK

## ATTACHMENT
## TO
## DECLARATION OF SERVICE

Counsel for Plaintiffs:

DONALD SPECTER, ESQ.
PRISON LAW OFFICE
2173 E. FRANCISCO BLVD., STE. M
SAN RAFAEL, CA 94901

Counsel for Plaintiffs:

MICHAEL W. BIEN, ESQ.
ROSEN, BIEN & ASARO
155 MONTGOMERY STREET, 8TH FLOOR
SAN FRANCISCO, CA 94104

Special Master:

J. MICHAEL KEATING, JR.
LITTLE, BULMAN, MEDEIROS & WHITNEY P.C.
72 PINE STREET
PROVIDENCE, RI 02903

Deputy Special Master:

MATTHEW A. LOPES, JR.
BROWN, RUDNICK, FREED & GESMER, LTD.
ONE PROVIDENCE WASHINGTON PLAZA
PROVIDENCE, RI 02903

ndd

United States District Court
for the
Eastern District of California
April 18, 2001

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 18, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Donald Specter                          SJ/LKK
Prison Law Office
General Delivery                        CF/JFM
San Quentin, CA  94964

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA  94104

Rochelle Corinne Holzmann
Attorney General's Office of the State of California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-3664

J Michael Keating Jr
Little Bulman and Whitney
72 Pine Street
Providence, RI  02903

Edmund F Brennan
United States Attorney
501 I Street
Suite 10-100
Sacramento CA 95814

Jack L. Wagner, Clerk

by: Deputy Clerk