

FILED

DEC 19 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,

vs.

GRAY DAVIS, et al.,

    Defendants.

No. CIV S-90-0520 LKK JFM P

FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiffs have filed a motion to compel payment of disputed attorneys' fees and costs for the first quarter of 2001 and to set paralegal rates for the year 2001. Plaintiffs seek payment of $7,224.25 incurred in the collection of attorneys' fees ("fees-on-fees") under the Prison Litigation Reform Act (PLRA), payment of $3,677.86 in fees for merits work by experienced paralegals at the previously established rate of $110.00 per hour[1], and payment of $407.90 for subscriptions to correctional law reporters. Defendants object to payment of fees-on-fees on the ground that such fees are covered by the language of 42 U.S.C. § 1997e(d), to payment of the hourly rate for experienced paralegals because it is not consistent with the fee cap

---

[1] The amount sought represents the difference between the amount defendants have agreed to pay for merits work done by paralegals, which has been calculated at a rate of $52.50 per hour, and the total amount sought by plaintiffs, calculated at a rate of $110.00 per hour.

set in 42 U.S.C. § 1997e(d), and to payment for subscriptions because they are not compensable costs.

The court has already resolved the question of the availability of fees-on-fees under the PLRA. (See Order filed August 28, 2000, adopting Findings and Recommendations filed July 17, 2000.) That issue was resolved in favor of plaintiffs and the order is the law of the case.

> "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir.1990). Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. See id. For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." Liberty Mutual Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir.1982). Application of the doctrine is discretionary. See United States v. Mills, 810 F.2d 907, 909 (9th Cir.1987).

United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). Under the "law of the case" doctrine decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

The court has already explicitly decided that fees-on-fees are recoverable under the PLRA. In reaching that decision, the court followed Hernandez v. Kalinowski, 146 F.3d 196, 199-200 (3rd Cir. 1998). Since the court's decision last year, the United States Court of Appeals for the Fifth Circuit has joined the United States Court of Appeals for the Third Circuit and has also decided that fees-on-fees are recoverable under the PLRA. See Volk v. Gonzalez, 262 F.3d 528, 536 (5th Cir. 2001). Defendants have not cited any appellate decision holding that fees-on-fees are not recoverable under the PLRA and have provided no valid basis for revisiting the decision made by the court last year. The court will therefore recommend that plaintiffs' motion

be granted and that plaintiffs be awarded attorneys' fees in the amount of $7,224.25 for time spent on fees-on-fees.[2]

With respect to the question of paralegal rates, as a technical matter the court has only decided that certain experienced paralegals should be compensated at a rate of $110.00 for the years 1999 and 2000. Defendants have refused to continue to pay those rates for the first quarter of 2001. The mere fact that the compensation is sought for a different calendar year is insufficient to justify departure from the reasoning that led to the decision to compensate paralegals at a rate of $110.00 per hour in 1999 and 2000. (See Findings and Recommendations, filed July 17, 2000, at 8-9; Order filed August 28, 2000.) The court will recommend that plaintiffs' motion to compel payment of these disputed fees be granted and that plaintiffs' motion to set hourly rates for experienced paralegals at $110.00 per hour for calendar year 2001 be granted.

Finally, plaintiffs seek payment of $407.90 in costs for research materials. Specifically, plaintiffs seek $169.00 for the Psychopharmacology Desktop Reference, and $159.95 and $78.95, respectively, for subscriptions to two correctional law reporters, Civil Research Institute: Correctional Mental Health Reporter and Civil Research Institute: The Mentally Disordered Inmate and the Law.

"Under [42 U.S.C.] § 1988, [plaintiffs] may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (citations omitted).

Defendants object to payment of the expenses sought by plaintiff on the grounds that the materials should be viewed as part of the firm's law library and the costs thereof part of

---

[2] The recommended work includes time spent by experienced paralegals and billed at a rate of $110.00 per hour. For the reasons set forth infra, the court recommends that those paralegals be compensated at that rate for work done in this action in calendar year 2001.

3

the firm's overhead.[3] However, plaintiffs have submitted a declaration of counsel stating that "[t]he correctional mental health reporters whose costs are disputed by defendants in this case are used by plaintiffs [sic] law firm solely in connection with this case. If this case involved a private commercial client, my firm would charge the client the cost of such materials, rather than including them in our overhead." (Declaration of Thomas B. Nolan in Support of Plaintiffs' Motion to Compel Payment of Disputed First Quarter 2001 Fees and Costs and To Set Rates, at ¶ 37.)

The evidence provided by plaintiffs is sufficient to demonstrate their entitlement to recovery of the costs of the two correctional law reporters and the court will recommend that their motion be granted as to those costs.

The declaration is insufficient, however, to establish plaintiffs' entitlement to compensation for the Psychopharmacology Desktop Reference. That reference work is not properly characterized as a correctional law reporter and the court therefore finds that plaintiffs have failed to demonstrate that this volume is used for this case. Accordingly, the court will recommend that plaintiffs' motion be denied as to the costs of this reference book.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' August 17, 2001 motion to compel payment of disputed first quarter 2001 fees and costs and to set 2001 rates be denied as to plaintiffs' motion to compel payment of $169.00 for the Psychopharmacology Desktop Reference and granted in all other respects;

2. Defendants be directed to pay plaintiffs the amount of $11,141.01 in fees and costs for the first quarter of 2001; and

/////

/////

---

[3] The appellate cases relied on by defendants to support their argument are principally bankruptcy cases interpreting 11 U.S.C. § 330, which governs compensation to trustees and other designated professionals in bankruptcy cases. Those cases are not directly on point.

4

   3. Hourly rates for experienced paralegals be set at $110.00 per hour for calendar year 2001.

DATED: December 18, 2001.

                _____
                UNITED STATES MAGISTRATE JUDGE

12
coleman.loc

5

```
                     United States District Court
                              for the
                    Eastern District of California
                         December 19, 2001


                   * * CERTIFICATE OF SERVICE * *


                                          2:90-cv-00520


    Coleman

       v.

    Reagan

    _____
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on December 19, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
        Donald Specter                         SJ/LKK
        Prison Law Office
        General Delivery                       CF/JFM
        San Quentin, CA   94964

        Michael W Bien
        Rosen Bien and Asaro
        155 Montgomery Street
        Eighth Floor
        San Francisco, CA   94104

        Rochelle Corinne Holzmann
        Attorney General's Office
        455 Golden Gate Avenue
        Suite 11000
        San Francisco, CA   94102-3664

        J Michael Keating Jr
        Little Bulman and Whitney
        72 Pine Street
        Providence, RI   02903

        Edmund F Brennan
        United States Attorney
        501 I Street
        Suite 10-100
```

Jack L. Wagner, Clerk

BY: _____
      Deputy Clerk