

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,              No. CIV S-90-0520 LKK JFM P

    vs.

GRAY DAVIS, et al.,

    Defendants.          ORDER

_____/

        On February 26, 2002, the special master filed his second quarterly report on defendants' efforts to reduce staffing vacancies among mental health staff. In the report, the special master makes two recommendations and requests a decision from the court with respect to whether he "should undertake a broader role in discussions between CDC [California Department of Corrections] and the BPT [Board of Prison Terms] on policies and procedures for the revocation of parolees who are seriously mentally disordered." (Special Master's Second Quarterly Report on Defendants' Efforts to Reduce Staffing Vacancies, filed February 26, 2002 (hereafter February 26, 2002 Report), at 12.) Defendants object to one of the recommendations and to any role for the special master in discussions between the CDC and the BPT with respect to parole revocation of seriously mentally disordered parolees. Plaintiffs have filed a reply to defendants' objections.

The special master's first recommendation, which he characterizes as "critical," is that defendants be directed to "maintain the vacancy rate among psychiatrists and case managers at a maximum of ten percent, including contracted services." (February 26, 2002 Report, at 11.) Defendants object to this recommendation on the grounds that they "have already achieved this vacancy rate and there is no evidence that they will reduce the use of contracted clinicians as a result of the State's fiscal difficulties." (Defendants' Objections to the Second Quarterly Report on Defendants' Efforts to Reduce Staffing Vacancies, filed March 11, 2002, at 1.) Plaintiffs counter that there are "rapidly deteriorating fiscal conditions" and that defendants have not provided any evidence that "the fiscal resources necessary for them to continue the current level of contract mental health staffing are protected from reduction, or even that they intend to continue the current level of expenditure." (Plaintiffs' Reply to Defendants' Objections to the Second Quarterly Report on Defendants' Efforts to Reduce Staffing Vacancies, filed March 29, 2002, at 3.)[1]

In his report, the special master finds that "defendants have been consistently unable to meet the staffing vacancy goals established in mid-1999, but have effectively narrowed the gap between allocated and filled clinical positions through increasingly aggressive use of contracted clinicians," (February 26, 2002 report, at 11), that defendants' efforts to implement recruitment and other alternative strategies for reducing staffing vacancies have been not nearly as effective as the use of contracted services to limit staffing vacancies, and that it is critical that defendants "resist any temptation to reduce such services in response to calls for budget reductions. (February 26, 2002 Report, at 6.) Given these findings and the central role that adequate staffing has in meeting defendants' constitutional obligations to class members, defendants' objections to the special master's recommendation will be overruled and the recommendation will be adopted in full.

---

[1] The court has been informed of a recent statewide hiring freeze but notes that there is as yet no indication what, if any, impact that freeze will have on the staffing issues in this action.

The special master also recommends that defendants be directed to keep him informed of the results of collective bargaining agreements with all categories of mental health and medical staff that impact the delivery of mental health services. There are no objections to that recommendation and it will be the order of the court.

Finally, as noted above, the special master seeks the court's advice whether to "undertake a broader role in discussions between CDC and the BPT on policies and procedures for revocation of parolees who are seriously mentally disordered." (February 26, 2002 Report, at 12.) Defendants object on the grounds that (1) the BPT is not a party to this action; (2) parolees are not members of the class certified in this action; and (3) parole revocation and parole hearings are outside the scope of this action, beyond the control of the parties, and judicially reviewed through habeas corpus actions. Plaintiffs contend that an order directing the special master to report on the impact on mental health care of CDC and BPT policies regarding parole revocation "appropriate focuses attention on the consequences suffered by class members." (Plaintiffs' Reply to Defendants' Objections to the Second Quarterly Report on Defendants' Efforts to Reduce Staffing Vacancies, filed March 29, 2002, at 3.)

Defendants have no constitutional obligation arising from this action to address with the California Board of Prison Terms policies and procedures with respect to parole revocation hearings. Common sense, however, suggests that it is in the defendants' best interests to try to ensure that BPT policies and procedures do not adversely impact members of the Coleman class. The court will not make any orders requiring the defendants to engage in, or the special master to take a broader role in, any particular discussions with the BPT. The court does, however, urge defendants to continue to explore any and all avenues available to them which may aid, directly or indirectly, in meeting their constitutional obligations to class members and, in particular, in maintaining adequate levels of staffing to serve the number of class members in their custody at any given time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants shall maintain the vacancy rate among psychiatrists and case managers at a maximum of ten percent, including contracted services; and

2. Defendants shall keep the special master informed of the results of final collective bargaining agreements with all categories of mental health and medical staff that impact the delivery of mental health services, with a focus on any changes in existing terms of collective bargaining agreements that may enhance or impede future recruitments in each category.

DATED: June 12, 2002.

/s/ Lawrence K. Karlton
LAWRENCE KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12
staffing.2nd

ndd

United States District Court
for the
Eastern District of California
June 13, 2002

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  June 13, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Donald Specter
Prison Law Office
General Delivery
San Quentin, CA   94964

SJ/LKK

CF/JFM

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA   94104

Rochelle Corinne Holzmann
Attorney General's Office of the State of California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA   94102-3664

J Michael Keating Jr
Little Bulman and Whitney
72 Pine Street
Providence, RI   02903

Edmund F Brennan
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk