

FILED

JUL - 9 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,     No. CIV S-90-0520 LKK JFM P

    vs.

GRAY DAVIS, et al.,

    Defendants.     ORDER

_____/

    On June 2, 2004, pursuant to court order, the special master filed a Report on Defendants' Unmet Inpatient Bed Needs Study and Interim Recommendations on Closure of the Department of Mental Health's Day Treatment Program and Intermediate Care Facility at the California Medical Facility. The report contains a series of recommendations. On June 16, 2004, plaintiffs filed a request for modification of the first two recommendations in the report. On June 28, 2004, defendants filed objections to plaintiffs' request. On July 6, 2004, the special master filed a supplemental report modifying the recommendations contained in the June 2, 2004 report. The supplemental report followed a meeting of the special master and the parties that focused on plaintiffs' proposed modifications to the June 2, 2004 recommendations.

    At issue is defendants' repeated failure to adequately assess the unmet need for Department of Mental Health (DMH) inpatient beds for seriously mentally ill inmates in the state

prison population, and the concomitant delays that have attended access to such beds. It has been over four years since defendants agreed to study inpatient bed usage, and they have yet to adequately live up to that agreement, in spite of three studies undertaken to do so.

In the June 2, 2004 report, the special master recommends, <u>inter alia</u>, that defendants be directed to undertake and complete a fourth study by August 15, 2004 and that they be prohibited from closing the day treatment program/intermediate care facility unit at California Medical Facility (CMF) until the court has approved a plan for meeting the needs of seriously mentally ill inmates for DMH inpatient beds. (Report, filed June 2, 2004, at 20.)

With respect to the first recommendation, plaintiffs request that the study be designed and conducted by outside professionals, hired by the special master, and that those individuals be given until December 31, 2005 to complete the study. Defendants object on several grounds to the proposed modification.

In his supplemental report, the special master notes that the chief problem with plaintiffs' request is that it would inevitably lead to further delays. He also reports that "defendants appear now to be committed to fix the shortcomings of their last efforts," that he "has assigned one of his experts to help in the design and oversight of the study" and that defendants "have detailed a senior clinician with an exceptional background in mental health research" to lead the study. (Supplemental Report, filed July 6, 2004, at 3.) He therefore continues to recommend that defendants be given one final opportunity to conduct the study.

The court is deeply troubled by the impact of the delays that have already attended defendants' repeated failed attempts to conduct an adequate inpatient bed needs study. (<u>See</u>, <u>e.g.</u>, Report filed June 2, 2004, at 4-5.) The court accepts the special master's supplemental finding that defendants are now committed to conducting an adequate study and will therefore give them an opportunity to do so within the time frame recommended by the special master. However, should this fourth attempt fall short in any way the court will not hesitate to revisit the plaintiffs'

/////

2

request that the study be completed by outside professionals and to make such additional orders as may be required to minimize the impact on class members of any further delay.

With respect to the DTP/ICF at CMF, the special master originally recommended that defendants apply for a temporary extension of the license presently granted for the DTP/ICF. In their response, plaintiffs request that defendants be required to obtain at least a two-year extension of that license and that they be prohibited from reducing the number of contracted beds available to CDC inmates at Atascadero State Hospital.

In his supplemental report, the special master notes promising developments in defendants' budget for fiscal year 2004-05, including a "significant expansion of inpatient DMH beds for CDC in the new DMH facility" set to open in Coalinga in September 2005. The special master therefore again recommends that defendants only be required to seek a temporary extension of the DTP/ICF license. He also represents, however, that he will provide a further report to the court in mid-August on the status of plans for the Coalinga which will form the basis for a further order regarding the future of the DTP/ICF.

Good cause appearing, in accordance with the special master's recommendation, defendants will be prohibited from closing the DTP/ICF at CMF until the court has approved a plan to provide needed intermediate and acute inpatient DMH care to class members who need such care. Defendants will be directed to forthwith take all steps necessary to obtain such extension of the DTP/ICF license as is necessary to meet these obligations.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Not later than July 30, 2004, defendants, with the assistance of the special master's expert(s), shall complete the design for and submit to the special master a plan for the execution of an unmet inpatient bed needs study.

2. Not later than August 13, 2004, the special master shall review the proposed study design and plan and report to the court on its adequacy.

/////

      3. If the plan is approved by the court, the study shall be completed not later than ninety days after such approval.

      4. The special master shall include in his August 13, 2004 report a recommended timeline for development and submission of a plan to provided needed intermediate and acute inpatient DMH care to class members, as described in paragraph 6 of the interim recommendations contained in the special master's supplemental report, filed July 6, 2004.

      5. Defendants are prohibited from closing the DTP/ICF unit at CMF until the court has approved a plan to meet the needs of class members for DMH inpatient care. See paragraph 4, supra.

      6. Defendants shall forthwith begin the process of obtaining from the Department of Health Services such extension of the license for the DTP/ICF unit at CMF as is necessary to meet their obligations under this order.

      7. In the August 13, 2004 report, the special master shall include an interim update on defendants' plans for the allocation of DMH beds for class members in the DMH's new Coalinga facility.

      8. Not later than July 30, 2004, defendants shall implement their interim proposal for weekly documented reviews of potential referrals to DMH inpatient care by interdisciplinary treatment teams in each Enhanced Outpatient Program, Psychiatric Services Unit and Mental Health Crisis Bed unit in CDC.

      9. Not later than July 30, 2004, defendants shall develop and submit to the special master a comprehensive plan for effectively educating institutional clinicians in all CDC Enhanced Outpatient Programs, Psychiatric Services Units and Mental Health Crisis Bed units about DMH inpatient resources and referral processes, in accordance with the provisions of paragraph 4 of the interim recommendations contained in the special master's supplemental report, filed July 6, 2004. The special master shall report on the adequacy of the plan in his August 13, 2004 report to the court.

10. Not later than July 30, 2004, defendants shall develop and submit to the special master a comprehensive plan for managing and monitoring the admissions process for all DMH inpatient programs, in accordance with paragraph 5 of the interim recommendations contained in the special master's supplemental report, filed July 6, 2004.

DATED: July 8, 2004.

UNITED STATES DISTRICT JUDGE

/coleman.ipbeds2

United States District Court
for the
Eastern District of California
July 9, 2004

* * CERTIFICATE OF SERVICE * *

2:90-cv-00520

Coleman

   v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on July 9, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Donald Specter                              AR/LKK
    Prison Law Office
    General Delivery
    San Quentin, CA   94964

    Michael W Bien
    Rosen Bien and Asaro
    155 Montgomery Street, Eighth Floor
    San Francisco, CA   94104

    Jonathan Lloyd Wolff
    California Attorney General's Office
    455 Golden Gate Avenue, Suite 11000
    San Francisco, CA   94102-7004

    Lisa Anne Tillman
    Attorney General's Office
    1300 I Street, Suite 125
    Sacramento, CA   94244-2550

    J Michael Keating Jr
    Office of the Special Master
    285 Terrace Avenue
    Riverside, RI   02915

    Edmund F Brennan
```

United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814

Matthew A Lopes Jr
121 South Main St
Providence, RI  02903

                                            Jack L. Wagner, Clerk

                                   BY: _____
                                              Deputy Clerk