BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | CASE NO. CIV S-90-0520 LKK JFM P<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER RE: DOCUMENTS PRODUCED BY DEFENDANTS PURSUANT TO MARCH 7, 2005 ORDER** |

**STIPULATION**

The parties, by and through their counsels, hereby stipulate as follows:

1.  In an order dated March 7, 2005, this Court ordered defendants to forthwith complete and file with the special master its final fact-finding report on allegations of staff misconduct at CSP/Corcoran and a final version of said institution's Use of Force Handbook.  The March 7, 2005 order further required the defendants to provide on a monthly basis a copy of incident reports at CSP/Corcoran involving the use of force against Mental Health Services Delivery System (MHSDS) caseload inmates, as well as a copy of said institution's Institution Head Use of Force Review Form, with a notation on the disposition for each incident reviewed during the

preceding month.  This stipulation applies to documents produced by defendants in response to this March 7, 2005 court order.

2.     The Use of Force handbook has been prepared.  The Use of Force handbook discusses institutional security procedures.

3.     Defendants assert the disclosure of the institutional security procedures detailed in the Use of Force handbook, absent a protective order, will threaten the defendant's strong interest in preventing the general public, as well as inmate members of the plaintiff class in this case, from having access to information regarding security procedures.

4.     The Fact-Finding Report on allegations of staff misconduct identifies by name and employee number the staff members who were investigated.  In addition, the Fact-Finding Report identifies by name, CDC number and level of care certain inmates within the Mental Health Services Delivery System.  It is anticipated the incident reports at CSP/Corcoran involving the use of force against Mental Health Services Delivery System (MHSDS) caseload inmates, as well as a CSP/Corcoran's Institution Head Use of Force Review Form may also identify by name and employee number staff members who were investigated and by name, CDC number and level of care inmates within the MHSDS.

5.     Defendants assert the disclosure of the identities, by name or number, of the staff members who were investigated will, absent a protective order, threaten the privacy interests of defendants' employees.  Likewise, the disclosure of the identities of inmates within the MHSDS, by name or CDC number, absent a protective order, threatens the privacy interests of Plaintiff class members.

6.     In light of defendants' security and privacy concerns, the parties hereby stipulate that the following provisions shall apply to all Department of Corrections' ("CDC") records that are produced by defendants in response to the referenced March 7, 2005 court order and:

    a.    identify any inmate within the Mental Health Services Delivery System ("personal information"); and/or

    b.    identify any correctional officer or other employee of the CDC as the subject of a past, present, or future investigation conducted by CDC staff upon allegations of improper

1         use of force ("personnel information"); and/or

2    c.   are designated by defendants as threatening prison safety and/or security if disclosed

3         without protective conditions ("security information").

4  7.    All such personal or security or personnel information produced by defendants in

5 response to the March 7, 2005 order shall be regarded as confidential and subject to this

6 Protective Order. Such material is hereinafter referred to as "confidential material" and

7 Defendants agree to place a label or stamp stating "CONFIDENTIAL MATERIAL PRODUCED

8 UNDER COLEMAN PROTECTIVE ORDER OF 4/05" on the first page of each produced

9 document.

10  8.    The confidential material may be disclosed only to the following persons:

11    a.   Counsel of record in the action;

12    b.   Paralegal, clerical and other personnel regularly employed by counsel of record;

13    c.   Court personnel and stenographic reports engaged in such proceedings as are

14         incidental to proceedings in this action;

15    d.   Any outside expert or consultant retained by either party or the Special Master or the

16         Court for purposes of this action;

17    e.   Witnesses to whom the confidential material may be disclosed during a deposition or

18         court proceeding in this matter, provided that the witnesses may not leave any

19         deposition or court proceeding with any copies of any of the confidential material, and

20         shall be informed of and agree to be bound by the terms of the Order and their

21         deposition shall be sealed.

22  9.    Each person described in paragraph 7 (d) and (e), above, to whom disclosure of the

23 confidential material is made shall, prior to the time of disclosure, be provided by the person(s)

24 furnishing such confidential material a copy of this Order, and shall agree on the record or in

25 writing that they have read the Order, understand it, and agree to be bound by its provisions.

26 Such persons must also consent to be subject to the jurisdiction of the United States District

27 Court for the Eastern District of California with respect to any proceeding relating to the

28 enforcement of the Order, including, without limitation, any proceeding for contempt.

DRAFT Stipulation re. Staff Investigations

10. At the conclusion of this action, all confidential material, including all copies, will be destroyed or returned to the defendants as directed by defendants' counsel.

11. All confidential material shall be used solely in connection with the above-captioned action and not for any other purpose, including other litigation, without agreement between the parties and order of the Court, except that personal information may be used without limitation with the consent of the inmate or employee concerned.

12. Any confidential material filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case caption and title of the document being filed and the following statement: "This document is subject to the April 2005 Protective Order issued by the Court and shall not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file personal or security or personnel information under seal, any party may request that the Court place the document under seal.

13. Plaintiffs' counsel, and their staff, experts, and consultants shall not make copies of confidential material except as necessary for the purposes of this action. Plaintiffs' counsel shall maintain a record of all persons to whom they have afforded access to confidential material. Defendants may inspect the record upon order of the court. All confidential material shall be stored in a secure location.

14. No person who has been afforded access to confidential material shall disclose or discuss the contents of the "personal information" material with any person except in connection with their work on the above-captioned case, unless consent has been obtained from the inmate concerned.

15. Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to "personal information" or "security information" or "personnel information" to which they have access in the normal course of their official duties.

16. The provisions of this Order are without prejudice to the right of any party to seek by stipulation and/or motion to the Court:

DRAFT Stipulation re. Staff Investigations

(a) for a further protective order relating to any confidential material or discovery in this action;

(b) for an order removing the confidential material designation from any document;

(c) for an order compelling modifications of the Order or for any order permitting disclosure of confidential material beyond the terms of the Order.

17. The provisions of the Order shall remain in full force and effect until this Court orders otherwise.

IT IS SO STIPULATED.

Dated: 4/29/2005    /s/ Lisa Tillman
LISA A. TILLMAN, ESQ.
Deputy Attorney General
Attorney for Defendants

Dated:    /s/ Thomas Nolan
MICHAEL BIEN, ESQ.
THOMAS NOLAN, ESQ.
Rosen, Bien & Asaro
Attorney for Plaintiffs

Dated: 4/29/2005    /s/ Steve Fama
STEVE FAMA, ESQ.
Prison Law Office
Attorney for Plaintiffs

**ORDER**

The above stipulation is hereby the order of this Court.

Dated:
HON. LAWRENCE K. KARLTON
United States District Court Judge

DRAFT Stipulation re. Staff Investigations

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **RALPH COLEMAN, et al. v. GRAY DAVIS, et al.**

Case No.:   **CIV S-90-0520 LKK JFM P (U.S. District Court-Eastern District, California)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On   May 2, 2005  , I served the attached **STIPULATION AND PROPOSED PROTECTIVE ORDER RE: DOCUMENTS PRODUCED BY DEFENDANTS PURSUANT TO MARCH 7, 2005 ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550, addressed as follows:

**CLAUDIA B. CENTER**  
**LEGAL AID SOCIETY**  
**EMPLOYMENT LAW CENTER**  
**600 Harrison Street, Suite 120**  
**San Francisco, CA 94107**

**MATTHEW A. LOPES, JR.**  
**HOLLAND & KNIGHT**  
**One Financial Plaza, Suite 1800**  
**Providence, RI 02903**  
matthew.lopes@hklaw.com

**KIMBERLY S. DAVENPORT**  
**CALIFORNIA MEDICAL ASSOCIATION**  
**221 Main Street**  
**San Francisco, CA 94105**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 2, 2005, at Sacramento, California.

|   M. McIntosh   |   /s/ M. McIntosh   |
|:---:|:---:|
| Declarant | Signature |

10164424.wpd