1  BILL LOCKYER
   Attorney General of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 327-7872
8   Fax: (916) 324-5205

9  Attorneys for Defendants

10

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

| RALPH COLEMAN, et al., | CASE NO. CIV S-90-0520 LKK JFM P |
|---|---|
| Plaintiffs, | |
| v. | STIPULATION AND PROTECTIVE ORDER RE: DOCUMENTS PRODUCED BY DEFENDANTS PURSUANT TO MARCH 7, 2005 ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

**STIPULATION**

The parties, by and through their counsels, hereby stipulate as follows:

1.      In an order dated March 7, 2005, this Court ordered defendants to forthwith complete and file with the special master its final fact-finding report on allegations of staff misconduct at CSP/Corcoran and a final version of said institution's Use of Force Handbook.  The March 7, 2005 order further required the defendants to provide on a monthly basis a copy of incident reports at CSP/Corcoran involving the use of force against Mental Health Services Delivery System (MHSDS) caseload inmates, as well as a copy of said institution's Institution Head Use of Force Review Form, with a notation on the disposition for each incident reviewed during the

1  preceding month.  This stipulation applies to documents produced by defendants in response to
2  this March 7, 2005 court order.
3  2.     The Use of Force handbook has been prepared.  The Use of Force handbook discusses
4  institutional security procedures.
5  3.     Defendants assert the disclosure of the institutional security procedures detailed in the
6  Use of Force handbook, absent a protective order, will threaten the defendant's strong interest in
7  preventing the general public, as well as inmate members of the plaintiff class in this case, from
8  having access to information regarding security procedures.
9  4.     The Fact-Finding Report on allegations of staff misconduct identifies by name and
10 employee number the staff members who were investigated.  In addition, the Fact-Finding Report
11 identifies by name, CDC number and level of care certain inmates within the Mental Health
12 Services Delivery System.  It is anticipated the incident reports at CSP/Corcoran involving the
13 use of force against Mental Health Services Delivery System (MHSDS) caseload inmates, as well
14 as a CSP/Corcoran's Institution Head Use of Force Review Form may also identify by name and
15 employee number staff members who were investigated and by name, CDC number and level of
16 care inmates within the MHSDS.
17 5.     Defendants assert the disclosure of the identities, by name or number, of the staff
18 members who were investigated will, absent a protective order, threaten the privacy interests of
19 defendants' employees.  Likewise, the disclosure of the identities of inmates within the MHSDS,
20 by name or CDC number, absent a protective order, threatens the privacy interests of Plaintiff
21 class members.
22 6.     In light of defendants' security and privacy concerns, the parties hereby stipulate that
23 the following provisions shall apply to all Department of Corrections' ("CDC") records that are
24 produced by defendants in response to the referenced March 7, 2005 court order and:
25     a.  identify any inmate within the Mental Health Services Delivery System ("personal
26         information"); and/or
27 /////
28 /////

    b.    identify any correctional officer or other employee of the CDC as the subject of a past, present, or future investigation conducted by CDC staff upon allegations of improper use of force ("personnel information"); and/or

    c.    are designated by defendants as threatening prison safety and/or security if disclosed without protective conditions ("security information").

7.    All such personal or security or personnel information produced by defendants in response to the March 7, 2005 order shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred to as "confidential material" and Defendants agree to place a label or stamp stating "CONFIDENTIAL MATERIAL PRODUCED UNDER COLEMAN PROTECTIVE ORDER OF 4/05" on the first page of each produced document.

8.    The confidential material may be disclosed only to the following persons:

    a.    Counsel of record in the action;

    b.    Paralegal, clerical and other personnel regularly employed by counsel of record;

    c.    Court personnel and stenographic reports engaged in such proceedings as are incidental to proceedings in this action;

    d.    Any outside expert or consultant retained by either party or the Special Master or the Court for purposes of this action;

    e.    Witnesses to whom the confidential material may be disclosed during a deposition or court proceeding in this matter, provided that the witnesses may not leave any deposition or court proceeding with any copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of the Order and their deposition shall be sealed.

9.    Each person described in paragraph 7 (d) and (e), above, to whom disclosure of the confidential material is made shall, prior to the time of disclosure, be provided by the person(s) furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read the Order, understand it, and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District

1  Court for the Eastern District of California with respect to any proceeding relating to the
2  enforcement of the Order, including, without limitation, any proceeding for contempt.
3  10. At the conclusion of this action, all confidential material, including all copies, will be
4  destroyed or returned to the defendants as directed by defendants' counsel.
5  11. All confidential material shall be used solely in connection with the above-captioned
6  action and not for any other purpose, including other litigation, without agreement between the
7  parties and order of the Court, except that personal information may be used without limitation
8  with the consent of the inmate or employee concerned.
9  12. Any confidential material filed with the Court shall be filed under seal, labeled with a
10 cover sheet bearing the case caption and title of the document being filed and the following
11 statement: "This document is subject to the April 2005 Protective Order issued by the Court and
12 shall not be copied or examined except in compliance with that Order." Documents so labeled
13 shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or
14 counsel. Upon failure of the filing party to file personal or security or personnel information
15 under seal, any party may request that the Court place the document under seal.
16 13. Plaintiffs' counsel, and their staff, experts, and consultants shall not make copies of
17 confidential material except as necessary for the purposes of this action. Plaintiffs' counsel shall
18 maintain a record of all persons to whom they have afforded access to confidential material.
19 Defendants may inspect the record upon order of the court. All confidential material shall be
20 stored in a secure location.
21 14. No person who has been afforded access to confidential material shall disclose or
22 discuss the contents of the "personal information" material with any person except in connection
23 with their work on the above-captioned case, unless consent has been obtained from the inmate
24 concerned.
25 15. Nothing in this Order is intended to prevent officials or employees of the State of
26 California or other authorized government officials from having access to "personal information"
27 or "security information" or "personnel information" to which they have access in the normal
28 course of their official duties.

Stipulation re. Staff Investigations

4

16.   The provisions of this Order are without prejudice to the right of any party to seek by stipulation and/or motion to the Court:

   (a) for a further protective order relating to any confidential material or discovery in this action;

   (b) for an order removing the confidential material designation from any document;

   (c) for an order compelling modifications of the Order or for any order permitting disclosure of confidential material beyond the terms of the Order.

17.   The provisions of the Order shall remain in full force and effect until this Court orders otherwise.

   IT IS SO STIPULATED.

Dated:                                                              /signature on original
                                                                    LISA A. TILLMAN, ESQ.
                                                                    Deputy Attorney General
                                                                    Attorney for Defendants

Dated:                                                              /signature on original
                                                                    MICHAEL BIEN, ESQ.
                                                                    THOMAS NOLAN, ESQ.
                                                                    Rosen, Bien & Asaro
                                                                    Attorney for Plaintiffs

Dated:                                                              /signature on original
                                                                    STEVE FAMA, ESQ.
                                                                    Prison Law Office
                                                                    Attorney for Plaintiffs

**ORDER**

   The above stipulation is hereby the order of this Court.

Dated:   May 5, 2005.

                                                                    /s/ Lawrence K. Karlton
                                                                    HON. LAWRENCE K. KARLTON
                                                                    United States District Court Judge

Stipulation re. Staff Investigations