1  BILL LOCKYER
Attorney General of the State of California
2  ROBERT R. ANDERSON
Chief Assistant Attorney General
3  FRANCES T. GRUNDER
Senior Assistant Attorney General
4  STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
6   1300 I Street, Suite 125
  P.O. Box 944255
7   Sacramento, CA 94244-2550
  Telephone: (916) 327-7872
8   Facsimile: (916) 324-5205

9  Attorneys for Defendants
48149280-CF1997CS0003
10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13                  SACRAMENTO DIVISION

14

| | |
|---|---|
| 15  **RALPH COLEMAN, et al.,** | NO. CIV S-90-0520 LKK JFM P |
| 16                          Plaintiffs, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO SPECIAL MASTER'S DRAFT REPORT ON THE REVISED PROGRAM GUIDES** |
| 17      **v.** | |
| 18  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 19                          Defendants. | |

20

21         Defendants respectfully submit the following objections to the Special Master's Draft

22  Report on the Revised Program Guides.

23  **Objections to Recommendations:**

24  **Chapter 1: Program Guide Overview**

25  **Page 12-1-8**

26            **Paragraph F: Standard Program Staffing Guidelines**

27            **Defendants' Response**:  Defendants do not object to this recommendation.  Staffing

28  guidelines will be provided.

1    **Paragraph F: Psychiatrists**

2    **Defendants' Response**:  Defendants object to the form of the recommendation as

3    vague and overbroad in time frame and scope.  Defendants object to the recommendation to the

4    extent it applies to those psychiatrists hired *before* the date of the final order on this

5    recommendation and under applicable state rules, regulations, and qualification statements not

6    yet revised to reflect this recommendation or any final order on this recommendation.

7    Defendants do not object to the recommendation of board-eligible status for

8    psychiatrists to the extent it applies only to those psychiatrists hired by the Department of

9    Corrections *after* the date of the final order on this recommendation and under applicable state

10   rules, regulations, and qualification statements properly revised to reflect the final order, as

11   described in the following two paragraphs.

12   At the very least, compliance with this recommendation will involve a specification

13   change and, if other users of the class disagree with the proposed change, a new classification.

14   The process for a class specification or for developing a new class is the same:  preparing a

15   board item with justification, noticing the union, and presenting the item to the State Personnel

16   Board on either the consent calendar or at a hearing.  Once the State Personnel Board members

17   make a decision, defendants will need to meet and confer with the union on the impact.  Current

18   employees can be "grandfathered" into the new class without being board eligible through a

19   resolution process that is part of the Board item itself.

20   The time frame for this process is difficult to estimate, but may involve the

21   development of a new class that will be opposed by the union.  At best, it will take six months to

22   prepare a board item, including justification, resolutions, and class specification for presentation

23   to the State Personnel Board.  Once approved by the State Personnel Board, defendants will need

24   to undertake a meet and confer process with the union.  This meet and confer process could take

25   a minimum of one month to several months.  Defendants will advise the special master on their

26   progress in complying with any final order on this recommendation.

27   //

28   //

**Page 12-1-11: Table of Timelines**

     **Defendants' Response**: Defendants do not object to the recommendation that the timelines allow ten calendar days between a referral to an acute DMH inpatient bed and actual transfer. Defendants object to the recommendation that the timelines allow three calendar weeks from a referral to an intermediate DMH program to actual transfer and instead request approval for the timelines to allow 30 days from a referral to an intermediate DMH program to actual transfer. Defendants agree to define the terms "referral" and "acceptance" in the revised Program Guides.

**Chapter 5: Mental Health Crisis Bed**

**Page 12-5-11: IDTT Review Timeline**

     **Defendants' Response:** Defendants do not object to the recommendation that the Interdisciplinary Treatment Team (IDTT) review each mental health crisis bed inmate-patient case every seven days, without the exception for weekends and holidays.

**Page 12-5-15 to 12-5-19: Restraint/Authorizing Psychologist**

     **Defendants' Response:** Defendants do not object to the recommendation that the authorizing psychologist for the application and use of restraints should be explicitly identified as a "licensed psychologist."

**Page 12-5-15 to 12-5-19 Restraint/Psychiatric Nurse**

     **Defendants' Response:** Defendants object to the recommendation that the glossary provide a definition of a "psychiatric RN" as such term does not constitute a recognized job classification. Defendants offer to remove the reference to a psychiatric RN and insert "an RN who has been trained" in the application and use of restraints.

**Page 12-5-15 to 12-5-19: Restraint/Observation**

     **Defendants' Response:** Defendants do not object to the recommendation that revised Program Guide state that either nursing or custody staff provide constant observation of the inmate-patient in restraints. However, defendants state that implementation of this policy will depend upon resources being available.

//

**Page 12-5-26: OHU Evaluations**

     **Defendants' Response:**  Defendants do not object to the recommendation that the proposed language stating that an inmate-patient in Outpatient Housing Unit (OHU) "shall receive additional (i.e. after the initial evaluation) evaluations by a mental health clinician at 48 and 72 hours and at least weekly thereafter or as frequently as clinically indicated" be fully adopted.  However, defendants state that implementation of this policy will depend upon resources being available.

**Chapter 6: Department of Mental Health Inpatient Program**

     **Defendants' Response:**  In light of the revised Memorandums of Understanding between CDC and DMH, defendants will revise and update Chapter 6 prior to its submission to the court for final approval.

**Chapter 8: Security Housing Unit**

**Page 12-8-4: Mental Health Screening**

     **Defendants' Response:**  Defendants object to the recommendation that a mental health screening be administered within 72 hours of an inmate's placement in a SHU when the inmate is not already on the mental health caseload and has not had a mental health screening within the past 90 days.  Defendants state that this recommendation is burdensome.  An inmate placed in SHU may self-refer or be officer-identified for referral for mental health services.  In addition, this recommended screening is not necessary in light of the already-required psych tech rounds in SHU.  There is no evidence of an increased risk of mental illness, particularly suicide, in the SHU.

**Chapter 10: Suicide Prevention and Response**

**Page 12-10-11: Suicide Risk Assessment Checklist**

     **Defendants' Response:**  Defendants state that a new Suicide Risk Assessment Checklist has been developed and hereby submit it for review and approval.  The language in this proposed form will be incorporated in the revised Program Guide.

**Page 12-10-21: Cardiopulmonary Resuscitation**

     **Defendants' Response:**  Defendants did not object to the recommendation in the

draft Suicide Report that the defendants be required to develop within 90 days a policy that requires custody staff to provide immediate life support, if trained to do so, until medical staff arrive to initiate or continue life support measures, irrespective of whether the obligation to do so is part of the particular custody staff member's duty statement.  This policy is presently being developed.  A timetable for the policy statement and its implementation will be provided to the Special Master and plaintiffs' counsel.  Defendants will submit proposed language to incorporate this new policy in the revised Program Guide.

**Appendix A: Glossary of Terms**

**Page A-5: Psychiatrist**

  **Defendants' Response:**  Defendants do not object to this recommendation. Defendants submit the attached revised glossary for review and approval.

**Revision**

  **Defendants' Response:**  Defendants do not object to the recommended process for the defendants to make and notify plaintiffs of any changes to the revised Program Guides. Defendants propose that the parties stipulate to this process and that the process not be incorporated within the revised Program Guides at this time.  Defendants further propose that the revised Program Guide indicate the Program Guide will undergo an annual revision, as stated in

//

//

//

//

//

//

//

//

//

//

//

1  the proposed language attached herein.

2          Dated: May 23, 2005

3                                              Respectfully submitted,

4

5                                              BILL LOCKYER
                                               Attorney General of the State of California

6                                              ROBERT R. ANDERSON
7                                              Chief Assistant Attorney General

                                               FRANCES T. GRUNDER
8                                              Senior Assistant Attorney General

                                               STEPHEN P. ACQUISTO
9                                              Supervising Deputy Attorney General

10                                             /s/ Lisa A. Tillman
                                               LISA A. TILLMAN
11                                             Deputy Attorney General

12                                             Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     48149280-CF1997CS0003

28     30003337.wpd