Christopher T Burns, Plaintiff
CDC No K-30680
Facility One, unit 04, Cell No 102 up
RJ Donovan State Penitentiary
P.O. Box 799001
San Diego, California
92179 - 9001




JUL 2 8 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COLEMAN, et al.
Christopher T BURNS,

Plaintiffs,

vs

Arnold Schwarzenegger,
Governor of California,

Defendant.

Case No S-90-0520 LKK JFM

NOTICE OF MOTION AND MOTION FOR MENTAL HEALTH CASE REVIEW By SPECIAL MASTER; DECLARATION OF CHRISTOPHER T. BURNS; STATEMENT OF FACTS IN SUPPORT THERE OF.

To Defendant and his Attorneys of record:

Please take notice that as soon as the matter may be heard in the United States District Court [EASTERN] located at 501 I street,

suite 4-200, Sacramento, California 95814, Plaintiff Christopher T. Burns, CDC No K-30680, who is a Coleman, et. al. vs Schwarzenegger [E.D Cal 1995] No Civ S 90-0520 LKK] class Action member will and hereby does move for an order granting him review by the special master of the inadequate mental health care he has suffered from defendant. Plaintiff will and hereby does also move for an order granting him by the special master of his ten year CDC mental health treatment history while confined in the CDC

DECLARATION OF CHRISTOPHER T. BURNS

I, Christopher T Burns, declare as follows:

I am a California state Prisoner No K30680,

Confined by the CDC at the Richard J Donovan Correctional Facility at Rock Mountain.

Around April 18th, 2005 I filed complaints with the Prison Law Office, General Delivery, San Quentin, California 94964-0001 and Rosen, Bien & Asaro, LLP, 155 Montgomery Street, 8th Floor, San Francisco, California.

These complaints informed these two firms that I suffered deliberate indifference by Donovan state Prison staff towards my Mental Health. [See my Statement of Facts I have attached with this motion].

CDC Prison officials have unjustly used mental health law time and time again to undermine my credibility and invalidate legitimate complaints I have that Prison staff are complacent and indifferent in correcting

cruel and unusual living conditions. [see the statements of facts I have attached to this motion].

As of the present day to date the Prison Law office and Rosen, Bien & A Saro have not conducted an investigation into the facts of the complaint I sent them.

During my ten [10] year confinement in the CDC I have been subjected to continual and repeated mental health misdiagnosises and mental health deliberate indifference by CDC staff. [see the statement of facts, I have attached to this motion].

Executed on this 19th, day of July 2005 at San Diego, California.

I declare under penalty of perjury that the foregoing is true and correct. Christopher T Burns
Christopher T Burns

This motion is based upon this notice of motion and motion, my declaration, attached statement of facts, the court's files and records.

Dated: July 19th, 2005

By Christopher T Burns
Christopher T Burns

I, Christopher T Burns, CDC NO K-30680, am the Plaintiff/Petitioner in the following statement of facts:

Statement of Facts

During petitioner's ten(10) years confinement in the CDC, petitioner has never attemted to, been written up for, or been found to have assaulted prison staff, officials or other prisoners. Petitioner is a Christian.

Petitioner was initially placed in the CDC in 1996 at Delano State Prison Reception Center. While at Delano State Prison petitioner's initial CDC classification score sheet, form 839, was incorrectly calculated. Petitioner was diagnosed with severe gingivitis and received no treatment for this gingivitis from a dentist while at Delano's reception center. This dentist did not tell petitioner he had gingivitis and that it needed to be treated.

Petitioner was later transferred from Delano"s Reception Center to Corcoran State Prison in Corcoran, California. While at Corcoran State Prison (CSP),petitioner filed a state habeas corpus with the Kings County Superior Court requesting the court to order the CDC to correct petitioner's initial CDC classification score sheet form 839. After the court issued an order to show cause to petitioner's petition, CDC officials corrected petitioner's CDC classification score sheet, form 839, and petitioner moved the court to dismiss his petition.

Before, and during the time, petitioner filed his petition in the Kings County Superior Court, CSP staff harassed and retaliated against petitioner. CSP staff openly defied a court order to have petitioner transported to the Kings County Superior Court and the court told CSP staff that if they defied another court order the court would have to impose sanctions against the CSP staff.

CSP staff also threatened petitioner and acknowledged staff was negligent in losing about one hundred dollars ($100.00), of petitioner's personal property. These threats and harassments resulted in petitioner being issued a frivolous CDC rule violation report and petitioner being placed in CSP's Administrative Segregation housing unit(solitary confinement) for about eight (8) months.

While petitioner was housed at CSP, prison dental staff did not follow CDC regulatory law in developing an initial dental plan for petitioner and provide an explanation of the plans advantages and disadvantages to the petitioner (Cal code of regs,title 15,section 3355.1.(b)). Prison dental staff allowed two (2) teeth to become severely decayed to the point these two teeth had to be pulled. Prison staff were aware of petitioner"s severe gingivitis and neglected to treat it. (The California Office of the Inpector General has conducted several dozen audits of California State Prisons since 2000. A review of these audits show a variety of recurring problems with healthcare. In one of these audits the Inspector general examined the substance abuse treatment and medical and dental care at Corcoran and found significant problems, including six month backlogs for x-rays and dental treatment. A January 2003 audit found that although prisoners had to wait for treatment, doctors and dentists routinely left early, engaged in personal activity and that some dentists operated their own practices on the side. (One doctor was observed sleeping on the job and another was tracking his investments.)

Around 2002 petitiner was transferred from Corcoran State Prison to Ironwood State Prison in

Blythe, California. After this transfer, petitioner sought dental treatment from Ironwood State Prison (ISP) dental staff for teeth cleaning and a tooth filling. ISP staff failed to fill a decaying tooth in a reasonable time and the dentist told petitioner she had to pull petitioner's tooth. Petitioner then filed a complaint with ISP Chief Dental Officer, Dr.Garsh about the incompetent dental care petitioner was receiving at ISP. Dr. Garsh decided to treat petitioner's dental problems by cleaning petitioner's teeth. Dr. Garsh made petitioner's dental problems worse during the teeth cleaning by making a crack in one of petitioner's teeth. This cracked tooth exposed a nerve in petitioner's tooth which exposure to food,etc, caused petitioner severe and excruciating pain for months. The exposed nerve in the cracked tooth caused obervable swelling in petitioner's left cheek.

This crack that exposed a nerve in petitioner's tooth was not diagnosed until at least four (4) months after ISP Dr. Garsh made a crack in petitioner's tooth. Another CDC dentist at Chuckawalla State Prison, Dr. Von Mohr diagnosed petitioner's cracked tooth exposing a nerve. The crack in the tooth was not visible to the naked eye. Dr. Von Mohr bonded and sealed petitioner's cracked tooth and alleviated petitioner's excruciating pain.

In between the time ISP dentist, Dr. Garsh cracked petitioner's tooth to the time ,four months later,when Chuckawalla State Prison, Dr. Von Mohr diagnosed and sealed petitioner's tooth, ISP medical and mental health staff diagnosed the pain petitioner was experiencing as a mental illness and mental disease. ISP staff, in general, and ISP medical and mental health, in particular, left petitioner in solitary confinement (administrative segregation housing) for two weeks with no medication to reduce his excruciating pain and swelling in his cheek that was caused by petitioner's exposed nerve in his cracked tooth.

ISP medical and mental health staff placed petitioner in a mental health crisis bed and heavily sedated petitioner with powerful drugs for a week. It was later determind,by Chuckawalla mental health staff and dentist, Dr. Von Mohr that petitioner was not suffering from mental illness but was suffering from severe pain caused by an exposed nerve in petitioner's cracked tooth.

Petitioner filed a complaint with the California Office of the Inspector General and a complaint with the Prison Law Office addressing the incompetent and inadequate medical and mental treatment petitioner received from ISP staff. After petitioner filed these complaints, ISP staff began, aggresively and vigorously,harrassing and threatening petitioner time and time again. ISP prison staff issued petitioner a frivolous CDC rule violation reports and maliciously and vindictively adjudicated these reports imposing unjust punishments against petitioner.

Two deputies from the California Office of the Inspector General interviewed and tape recorded a conversation these deputies had with petitioner after the deputies received a compaint from petitioner addressing the incompetent and inadequate medical and dental care petitioner received from ISP staff. During this tape recorded interview petitioner told the deputies about the continual and systematic harassment petitioner suffered fromthe ISP staff.

Petitioner was transferred from Ironwood State Prison in Blythe,California to the R.J. Donovan State Prison in San Diego about April,2003.

Around November,2004,prisoners housed on facility 2 at Donovan State Prison (DSP), circulated a citizens' complaint against DSP correctional officer Sims (who worked on facility 2),for prisoner harassment and unlawful acts against prisoners of DSP. This citizens' complaint was addressed and sent to thr California Office of the Inspector General. When the complaint

against Officer Sims was circulated for signatures among the prisoners on facility two, petitioner signed the complaint. After petitioner signed the complaint, Officer Sims began to harrass petitioner on facility two and had petitioner placed in DSP's (solitary confinement),administrative segregation housing unit and removed from facility two to facility one. When petitioner was initially housed on facility one,petitioner was placed with an incompatible cellie more than once. On one occasion the facility lieutenant tried to force petitioner, while handcuffed, into a cell with an incompatible cellie, assaulting petitioner and breaking petitioner's glasses.

Around December 2004,while housed on facility one at DSP, DSP staff confiscated petitioner's personal typewriter and personal radio/cassette player that petitioner's mother sent petitioner thru the proper channels. To the present day these items have not been returned to petitioner by DSP staff. These two items lawfully belong to petitioner.

DSP staff have placed petitioner, on three different occasions, in DSP's cruel and unusual punitive administrative segregation housing unit (solitary confinement), and released petitioner again and again to DSP's general population without addressing and alleviating the harm and harrassment by DSP staff against petitioner.

Around October 2003, while housed at DSP petitioner sought medical treatment for a staphylococcus infection. This staph infection was caused by a metal fragment that petitioner has had since being shot in 1994 with a nine millimeter, hollow point bullet and at the time the surgeon did not run the risk of causing more harm to the petitioner by removing the fragment as it was too close to the spine, so it was left in.During these past ten years, the fragment had moved so that it was at about petitioner's waistline just above the right hip where it was close to and pierced the skin and was draining. DSP medical staff , initially, told him to 'just cover it with a bandaid'. Mr. and Mrs. Benford (Evelyn) Burns , petitioner's parents' observed the opening and drainage of petitioner's staph infection on several visits to DSP. After about five months of petitioner seeking medical help from the DSP medical staff, the fragment was removed by a surgeon in DSP's infirmary.

Petitioner presently suffers from tonsilitis and believes DSP medical staff will be negligent towards petitioner as they were in treating the petitioner's staph infection. Prtitioner believes DSP medical staff will make petitioner's tonsilitis worse by trearing or lack of treatment thereof.

Petitioner's present tonsilitis was aggravated by DSP Sgt R.Lawson, when Sgt Lawson choked petitioner multiple times on February 19,2005 at DSP in the DSP facility one program office. ( In a similar unrelated event, around January 2005,on two facility at DSP, Mr. Jackson, a prisoner, thought to be suffering from mental illness was killed (through excessive force) by the hands of DSP correctional officers).

Dated: July 19th, 2005

By [signature]
Christopher T Burns

# Proof Of Service by Mail

I am a resident in the County of Los Angeles, State of California. I am over the age of 18. My residential address is 3513 Barry Avenue, Los Angeles, California 90066.

On July 24, 2005 2005, I served the within documents described as:

Notice of motion and motion for mental health care review by the Special master; Declaration Of Christopher T. Burns; Statement of Facts In support There of.

On the interested parties in this action as stated below:

Bill Lockyer, Esq
Attorney General
50 Fremont Street, 300
San Francisco, California 94105

by mail by placing a true copy of the foregoing documents in a sealed envelope addressed as set forth above.

Executed on July 24, 2005 2005 at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

Evelyn Burns
[Print Name]

Evelyn Burns
[Signature]