**Coleman v. Schwarzenegger**
**United States District Court, Case No. CIV S-90-0520 LKK JFM P**
**Defendants' Reply to Notice of Noncompliance**
**Exhibit 1**

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date : July 20, 2005

To : Associate Directors, Division of Adult Institutions
Associate Directors, Division of Correctional Health Care Services
Wardens
Health Care Managers

Subject : **POLICY REGARDING PEACE OFFICERS RESPONSIBILITY FOR USE OF CARDIO PULMONARY RESUSCITATION AND FIRST AID**

A review of several incidents related to our staff's use of Cardio Pulmonary Resuscitation (CPR) has prompted the review of departmental policy on this topic. Case law supports the expectation for all employees trained in CPR to perform it whenever the inmate might benefit from such efforts and when reasonably safe to do so. This would include having the appropriate protective equipment commensurate with the situation. The California Department of Corrections and Rehabilitation (CDCR) has moved forward in the adoption and application of this departmental policy. This policy memorandum supersedes all other previous directions specifically related to peace officers responsibilities in the performance of CPR.

**Application of Policy**

The application of this policy change requires peace officers who are first responders (including, but not limited to, Correctional Officer, Correctional Sergeant, Correctional Counselor I) and are trained in CPR/First Aid,. to utilize these life saving efforts whenever the inmate might benefit from such efforts and when it is reasonably safe to the employee to do so. In cases where CPR and/or First Aid are not initiated due to obvious signs of prolonged death e.g., rigormortis, decapitation, and/or the situations which pose a threat to self or others; the staff member will be required to articulate the decision made and actions taken or not taken.

An example of this would include the following:

> A peace officer responding to an emergency, observes an unconscious inmate with multiple stab wounds. The officer initiates emergency response procedures e.g., sounding alarm, assessing and reacting to present danger and takes steps to ensure the area is both safe and clear of immediate threat. The use of CPR/First Aid shall be conducted when reasonably safe to do so. Officers will follow all blood borne pathogen guidelines and precautions. The Officer's report should describe the actions and steps taken to provide a safe and secure environment while ensuring the provision of life saving efforts.

There are other examples where the immediate safety of the staff member or others would supersede the initiation of CPR/First Aid. The underlying issue is whether staff are trained to maximize and expedite response efforts to ensure CPR/First Aid are provided whenever possible and when reasonably safe to do so. Correctional peace officers initiation of CPR/First Aid does not relieve responding medical

Associate Directors, Division of Adult Institutions
Associate Directors, Division of Correctional Health Care Services
Wardens
Health Care Managers
Page 2

personnel of their responsibility to assume life saving efforts upon arrival. Responding medical personnel shall assume primary responsibility in the provision of medical attention and life saving efforts upon their arrival. The combined efforts of both custody and medical personnel are expected. Both custody and medical personnel are responsible to continue life saving efforts in unison as long as necessary.

## Training

The CDCR has already implemented a new training requirement to include mandatory annual CPR/First Aid training and recertification for Correctional Officers and Supervisors. The Office of Training and Professional Development implemented mandatory off post training for CPR/First Aid effective January 2005. The CDCR has enhanced existing CPR/First Aid training by standardizing CPR/First Aid curriculum and equipment. This standardization is scheduled to begin in July of 2005. Additional training will be provided to include an administrative overview. This overview will ensure an understanding of the legal obligations and liabilities as well as the technical application of this obligation.

If you have any questions or require clarification regarding the information provided, please contact Gary C. Swarthout, Project Coordinator, at (916) 322-9502.

*[signature]*

JOHN DOVEY
Director
Division of Adult Institutions

cc: Mike Knowles			Sandra Duveneck		Renee Kanan, M.D.
    David Lewis			Kathy Keeshen			Tim Virga
    Paul Bestolarides		Joe Armor			Dennis Beaty
    Gail Tanaka			Mike Beaber			David Hellerstein
    Caroline Short			Margaret Howerton		Carole Springer
    Ralyn Conner			Cassandra Mraz			Gary Swarthout