KENNY MORROW C-53683
4B-1L-32 / PO BOX 3481
CORCORAN, CA. 93212



**FILED**

NOV 15 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

SEPTEMBER 12. 2005


RE: CONSPIRACY TO <u>ATTEMPT OF MURDER,</u>
MISPRISON OF MENTAL HEALTH STAFF
MEMBERS, HUB SUPERVISOR MS. SEY<u>KOR</u>A,
CHIEF <u>PSYCHIATRIST</u> DR. JUAREZ, ANN
PRISON OFFICIALS, "ASSOCIATE WARDEN"
<u>YAMAMOTO, CAPTAIN LOPEZ.</u>
      "SUICIDE", INSUFFICIENT TRAINING,
ABUSE OF PUBLIC TRUST, THREATS TO
MENTAL HEALTH PATIENTS, SHU,
HOUSING OF MENTALLY ILL PRISONERS,
TORTURE OF MENTALLY ILL PATIENTS,
DELIBERATE INDIFFERENCE, WANTONESS
INFLICTION OF PAIN, PUNISHMENT OF
THE MENTALLY ILL PATIENTS, AND
ABUSE OF POWER BY MENTAL HEALTH
STAFF AT CORCORAN PRISON.

<u>CASE NO: COLEMAN V. SWARZENEGGER</u>
        <u>CIV S-90 - 0520 LKK JF M'P</u>
CHIEF JUDGE EMERITUS LAWRENCE, KARLTON
UNITED STATES DISTRICT COURT - EASTERN DISTRICT
501 "I" STREET STE. 8-200. SACRAMENTO, CA. 95814.

DEAR <u>HONORABLE JUSTICE KARLTON</u>!

I AM A CLASS MEMBER OF THE ABOVE CITED
CASE, AND IM, INCARCERATED AT CORCORAN STATE
PRISON, IN EOP UNIT 4B-1L- MANAGED BY
HUB, SUPERVISOR MS. SEYKORA.
     MY REQUEST CAN BE FOUND AROUND THE
FACTS HERE IN.

     I WOULD LIKE TO ILLUSTRATE THE INE-
FFECTUAL NATURE OF CORCORANS MENTAL HEALTH
STAFF, "DR. JUAREZ", AND SUPERVISOR MS.-
SEYKORA" IN ATTENDANCE WITH ASSOCIATE
WARDEN MS. YAMAMOTO".

     JUDGE KARLTON, IT IS MY INTENTION
TO EXPLAIN TO YOU, THE MEMBERS OF ABOVE
MENTIONED STAFF (BEFORE I COMMITT SUI-
CIDE AT THE HANDS OF THE ABOVE STAFFS
DELIBERATE, ATTACK UPON MY MENTAL
HEALTH SITUATION) IN THE HOPES THAT
AFTER MY DEMISE (OR POSSIBLE DEMISE)
YOU MAY DISCERN THE REASONING OF HOW
SEGMENTS OF THE DILIGENT COLEMAN
CASE YOU RULED OVER, HAS COLLAPSED
AROUND CORCORAN PRISON STAFF, AND HOW
SUCH A TRIAGEDY CAN UNFOLD, IN THE
HOPES THAT YOU MAY LEARN, AND RULE
AROUND SAID ISSUE, SO THAT IT WILL
NEVER HAPPEN AGAIN.

     ON 9-7-05, AT INT ON CSP-CORCORAN
4B-1L- EOP-HSU- SUPERVISOR SEYKORA OF
THE HUB, AND ASSOCIATE WARDEN YAMMA-
MOTO, et al., DECIDED TO LOWER MY EOP
LOC, TO CLCMS, SO IT WOULD LOOK GOOD
TO THE STATE OF NEW HAMPSHIRE AUTHOR-
ITES, TO ACCEPT MY REQUEST TO BE INTER
STATE TRANSFERED OUT THERE, AND BE -

2

CAUSE I ONLY PARTICIPATE IN 60% OF THE GROUPS HERE. I TOLD THE ENTIRE INT STAFF (I BELIEVE IT WAS TAPED) THAT I COULD NOT FUNCTION IN SHU, SOLITARY CONFINEMENT, THAT I WOULD CLEARLY DECOMPENSATE AS I DID EARLIER (THAT I WOULD WITHIN 30 DAYS TIME COMMIT SUICIDE WHICH IS WELL DOCUMENTED IN MY MEDICAL FILE, AND OR COME BACK TO EOP LEVEL OF CARE) TO WHICH ASSOCIATE WARDEN YAMAMOTO STATED ITS OK IF I FEEL SUICIDAL BUT THEIR NOT ALLOWING ME TO EOP AGAIN.

JUDGE KARLTON I SPENT "17" YEARS IN THE MOST BRUTAL REPRESSIVE SOLITARY CONFINEMENT IN UNITED STATES, ON NO HUMAN CONTACT STATUS, BEAT AND TOR-TURED, ELECTROCUTED BY TASERS, CHAINED TO METAL STOOLS FOR DAYS AT TIMES NAILED, AND BEATEN TO A BLOODY PULP, AND THEN TASERD ON MY PRIVATE PARTS.

SUPERVISOR MS, SEYCORA TOLD ME THEY WOULD SEND ME TO PSU AT SAC-IV, WHERE I JUST CAME FROM WHERE I SUFFERED FROM SENSORY DEPRIVATION FAR WORSE THEN PLAIN SOLITARY CONFINEMENT, OR SHE WOULD REDUCE MY LOC TO CCCMS AND PUT ME BACK IN SHU. SO WITH THAT HIDEOUS THREAT HANGING OVER MY HEAD I SUCCUMBED TO CCCMS, WHICH WILL SEND

3.

ME TO SHU SOLITARY CONFINEMENT WHICH IS
A HORROR SHOW IN MY MIND), IN RATHER
COMMIT SUICIDE, BECAUSE AFTER 24 YEARS
OF INCARCERATION AND AT AGE 43, MY
LIFE TOMORROW REALLY AINT WORTH LIVING
IFo go. ESPECIALLY IN SOLITARY CONFINEMENT
WHICH DRAINS ME OF MY WILL TO LIVE, BE-
CAUSE THE MISERY FAR OUTWEIGHS THE
HOPE OF A BETTER EXISTENCE. I ALSO SUFF-
ER FROM AUDITORY COMMANDS TO SLICE OPEN
BOTH ARTERIES IN WRISTS, AND OPEN JUG-
LER VEIN, AND SIMULTANEOUSLY HANG MY
SELF FINALIZING SELF MURDER, "WHEN I
AM SUBJECTED" TO SHU HOUSING。

→ OVER HERE IN EOP, IM NOT SO ADAMANT
TO CAUSE SELF DEMISE, BECAUSE I GET YARD
TIME FOUR DAYS A WEEK FOR 5 HOURS
AT A TIME, AND I CAN GO TO TEACHER
MR. ZEGERS GROUP AND GET SCHOOL BOOKS
AND DO THE TESTS AND HE WILL GRADE
THEM FOR ME, EVEN THOUGH I DO HAVE A
GED. THIS [STIMULATION] OCCUPYS MY TIME.
    I WRITE YOU SO YOU CAN STOP THIS SADISTIC
PRACTICE AT SHU FROM BEING INFLICTED
UPON ANY OTHER MEN.

    THE IDT HERE, TAILORS THEIR ACTIONS
TO FIT THEIR AGENDA, PLEASING CDC'S
STAFFS AGENDA NOT WHATS GOOD FOR
THE PATIENT, AND DR. JUAREZ AND HUB,
SUPERVISOR, SAY THEIR HANDS ARE TIED
BY MENTIAL HEALTH RULES, TO HELP

4.

ME. THE MENTAL HEALTH STAFF ARE NOT
FREE TO DISREGARD THE CONSTITUTIONAL
RIGHTS OF ANY MENTALLY ILL PRISONERS
SUCH AS I." YOU RULED SO IN COLEMAN CASE."
  SUPERVISOR MS. SEYCORA'S OBJECTIONS AT
INT MAY BE REGARDED AS OBLIQUELY
RELYING ON OPINIONS AND CONSTRAINTS
OF MY LEVEL OF COMPLIANCE TO GROUP AC-
TIVITIES, TO REFUTE OR DISGUISE HER
DELIBERATE INDIFFERENCE, AND RECKLESS
DISREGARD TO MY MENTAL HEALTH NEEDS
ARE AT BEST FRAGILE.

  WHEN I TOLD INT ON 9-7-05, THAT
THEIR REDUCING MY LEVEL OF CARE TO CCCMS
AND SUBSEQUENT SHU HOUSING WOULD LEAD
ME TO DECOMPENSATE IN 30 DAYS LEADING
TO SUICIDE", IT WAS INT'S OBLIGATION
TO REEVALUATE MY MENTAL HEALTH CON-
DITION NOT TO ORDER ME INTO A HOUSING
SITUATION WHICH WOULD CLEARY TRY MY
PSYCHOSIS AND INFLICT UNWANTON PAIN.
IT IS NOT ENOUGH TO SAY THAT CSPC
MENTAL HEALTH AUTHORITIES CONSIDER THE
ISSUE CAREFULLY ... AUTHORITIES ARE
ALSO REQUIRED TO AFFORD SUFFICIENT
WEIGHT TO THE CONSTITUTIONAL RIGHTS
OF INDIVIDUAL PATIENTS, WHICH IS
WELL DOCUMENTED WITHIN THE COLEMAN
CASE, LITIGATED IN THIS VERY COURT,
WHERE CORCORAN MENTAL HEALTH STAFF
OWE THEIR EMPLOYMENT TO. THE

5.

FAILURE TO TREAT MY CONSTITUTIONAL PROVISIONS WITH APPROPRIATE RESPECT CONSTITUTES DELIBER-ATE INDIFFERENCE TO THE RIGHTS [AT STAKE] SEE JORDAN 986 F. 2d. at 1529.

SUPERVISOR MS. SEYCORA AND A.W. YAMAMOTO et al., ARE SIMPLY SEEKING TO DELAY THEIR CONSTI-TUTIONAL OBLIGATION TO MY MENTAL HEALTH ISSUE AT HAND, WHO IS THEIR CHARGE. I HAVE CONSID-ERED IDT'S ARGUMENTS AND THEIR REASONING TENDERED BY THEM. I CONTEND THAT CSPC IDT STAFF ON 9-7-05. ARGUMENTS ARE SO SERIOUSLY FLAWED THAT THEY RAISE QUESTIONS OF GOOD FAITH. THEIR REASONING BEHIND THEIR PSEUDO ARGUMENT DOES NOT SUPPORT THEIR PROPOSITION FOR WHICH IT IS TENDERED). IN MANY INSTANCES THEIR OPINIONS AND ARGUMENTS, NOT ONLY DOES NOT SUPPORT THEIR CONTENTION, IT SUPPORTS THE VERY FINDING OF MINE, TO WHICH THE OBJEC-TIONS IS BEING MADE.

SUPERVISOR OF THE CORCORAN HUB, MS. SEYCORA AND CDC ASSOCIATE WARDEN YAMAMOTO INDICATED THAT IF I STAYED IN EOP, IT WOULD HINDER MY TRANSFER TO THE STATE OF NEW HAMPSHIRE THAT NH. AUTHORITES DONT WANT A MENTAL HEALTH CASE, EVEN THOUGH ADMITTING THEY WERE IN THE PROCESS OF SENDING NH. MY REQUESTED MENTAL, AND MEDICAL HEALTH FILE, AND DESPITE LAST YEAR ON 8-24-04, AT THE SAME EOP HOUSING AND SAME IDT STAFF, SEY-CORA AND YAMAMOTO, SAID BEING EOP LEVEL OF CARE WOULD NOT STAND IN THE WAY OF MY NH. INTERSTATE TRANSFER) CLEARLY SHOWS THEIR DECISIONS ARE TAILORED TO THEIR ARBITRARY OPPRESSION OF MY LIFE AND MENTAL HEALTH CARE. THESE DEADLY DECISIONS CONCERNING MY M.H. STATUS, IS ACTING FOR THE SOLE PURPOSE OF DELAY, PERPETUATS MY

6.

HUMAN SUFFERING, AND VIOLATES THE FEDERAL CONSTITUTION, WHICH THE EVIDENCE IN MY CASE DEMONSTRATES DELIBERATE INDIFFERENCE IS NOTHING IF, IT IS NOT THAT.

THE GROSS INADEQUANCIES IN THEIR DECISIONS IS OVER WHELMING. THE RISK OF HARM TO ME FROM THESE DEFICIENCES IS OBVIOUS. THE ACTUAL SUFFERING EXPERIENCED BY ME IN BEING INDEFINATELY CONFINED IN SOLITARY CONFINEMENT FOR YEARS, ON NO HUMAN CONTACT STATUS IS APPARENT IN MY ACUTE, MENTAL ILLNESS, AND ONLY SERVES TO EXASBERATE MY PSYCHOLOGICAL CONDITION.

JUDGE KARLTON, I AM ENCLOSING A LETTER FROM THE COLEMAN ATTORNEYS, ROSEN, BIEN AND ASARO. JANE KHAN TO CDC, REGARDING THE PERIL ATTRIBUTED TO ME IF LEFT IN SHU. (AND A PLEA TO PROPERLY HOUSE ME IN PHU PROTECTIVE HOUSING UNIT) SO IT AINT LIKE CDC CAN CLAIM IGNORANCE TO MY VOLATILE SITUATION. DATED MAY 3, 2005.

IN THE COLEMAN V. WILSON CASE, THAT ITS ILLEGAL TO HOUSE INMATES IN SHU WHERE THEY SUFFER SERIOUS PSYCHO PATHO-LOGICAL REACTIONS TO SHU CONFINEMENT AND PSYCHOTIC DISORGANIZATION SEE 912 F. SUPP. 1282 (E.D. Cal. 1995) PIAGE 1321.

IN THE SAME CASE PAGE 1288, IT STATES UNDER 8TH AMEND. PRISON OFFICIALS ARE RE-QUIRED TO MAINTAIN A SYSTEM IN WHICH INMATES WERE ABLE TO MAKE THEIR NEEDS FOR MENTAL HEALTH CARE KNOWN TO STAFF

7.

COMPETENT TO PROVIDE SUCH CARE BEFORE INMATES SUFFERERED UNNECESSARY AND UNWANTON PAIN. SEY CORA AND YAMAMOTO INCOMPETENT.

.. FINALY PAGE 1285, SAME CASE, 27. STATES, PRISON OFFICIALS CANNOT BE FOUND LIABLE UNDER 8TH AMEND., FOR DENYING INMATE HUMANE CONDITIONS OF CONFINEMENT, UNLESS OFFICIAL KNOWS OF AND DISREGARDS EXCESSIVE RISK TO INMATE'S HEALTH OR SAFETY, OFFICIAL MUST BE AWARE OF THE FACTS FROM WHICH INFERENCE COULD BE DRAWN THAT SUBSTANTIAL RISK OF SERIOUS HARM EXISTS."

THUS IN THE CASE OF MY DEATH IN SHU, WHERE MY DECOMPENSATION WILL OCCUR, I REQUEST YOU TAKE ACTION IN BRINGING THESE MENTIONED STAFFS ABUSE OF POWER AND INCOMPETENT DECISIONS TO JUSTICE. I THANK YOU FOR YOUR VALUABLE TIME. I AM. SINCERELY,

DATED: SEPTEMBER 12, 2005

Kenny Morrow
RESPECTFULLY SUBMITTED

8.