1  ROSEN, BIEN & ASARO, LLP
   MICHAEL W. BIEN Bar No.: 096891
2  JANE E. KAHN Bar No.: 112239
   THOMAS NOLAN Bar No.: 169692
3  155 Montgomery Street, 8th Floor
   San Francisco, California 94104
4  Telephone (415) 433-6830

5  THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
   CLAUDIA CENTER Bar No.: 158255
6  LEWIS BOSSING Bar No.: 227402
   600 Harrison Street, Suite 120
7  San Francisco, CA 94107
   Telephone: (415) 864-8848
8

9  Attorneys for Coleman Plaintiffs and for Robert Hecker

10

11                  UNITED STATES DISTRICT COURT

12                 EASTERN DISTRICT OF CALIFORNIA

13  RALPH COLEMAN,                      )  No.: Civ S 90-0520 LKK-JFM
                                        )
14        Plaintiffs,                   )  **NOTICE OF RELATED CASES**
                                        )
15  vs.                                 )  **L.R. 83-123**
                                        )
16  ARNOLD SCHWARZENEGGER, et al.,      )
                                        )
17        Defendants                    )
    _____)

18

19

20

21

22

23

24

25

26

27

28

1     Pursuant to Local Rule 83-123, Plaintiff Robert Hecker ("Hecker") hereby gives

2  notice that his case, *Hecker v. California Department of Corrections and Rehabilitation*

3  *et al.*, which was filed electronically in the Eastern District on December 1, 2005 and

4  given the temporary case number 05-2428, is related to the *Coleman* case and also to the

5  following two cases already on file in the Eastern District:

6       *Mitchell J. Klemaske v. CDCR, et al.,* Case No. CIV S-04-
        1750 FCD KJM P (E.D. Cal. filed August 24, 2004).

7
        *Wilson v. Woodford, et al.,* Case No. S-05-0876 LKK GGH P
8       (E.D. Cal. filed May 3, 2005).

9  **I.    Relationship Between *Hecker v. CDCR* and *Coleman v. Schwarzenegger*.**

10     The class action *Hecker v. CDCR, et al.,* filed in the Eastern District on December

11  1, 2005, is related to the *Coleman* class action for a variety of reasons.  The *Coleman*

12  case is, by a wide margin, the first of these related cases on file; it was filed on April 23,

13  1990, more than fourteen years before the *Klemaske* case was filed.

14
        A.    The Cases Involve the Same Parties and Are Based on the Same or Similar
15            Claims.

16     The *Hecker* case and the *Coleman* case are related because they "involve the

17  same parties" and "are based on the same or similar claims." *See* Local Rule 83-

18  123(a)(1).

19        *1.    The Cases Involve the Same Parties.*

20     Plaintiff Hecker is a member of the *Coleman* class.  Plaintiff Hecker is a

21  participant in the California Department of Correction and Rehabilitation's (the

22  "CDCR's") "Enhanced Outpatient Program" or "EOP Program," which provides care to

23  inmates with severe psychiatric disabilities and which was established as part of the

24  remedy in *Coleman* for a portion of that plaintiff class.  The proposed *Hecker* class

25  consists of all California inmates of the CDCR with psychiatric disabilities who are

26  excluded and/or screened out from any prison program, service, or activity on the basis

27  of their assignment to or participation in the EOP program.  Since the *Coleman* class

28  encompasses all CDCR inmates with serious mental disorders, every member of the

H:\0489\3\PLEADING\TN ColemanNotice of Related Cases, 489-3, 12-02-05.DOC

proposed *Hecker* class is by definition also a member of the *Coleman* class. In a sense, the entire proposed class in this new case is a subclass of the larger class in the *Coleman* case.

In addition, many of the individual defendants named in plaintiff Hecker's Complaint are also defendants in the *Coleman* case. The individual defendants in *Hecker* are employees of the State of California and the CDCR that are primarily responsible for setting policies and procedures for and overseeing the CDCR's mental health programs, as are the defendants in the *Coleman* case. The following defendants in the *Hecker* case are also defendants in the *Coleman* case:

- California Governor Arnold Schwarzenegger, sued in both cases in his official capacity;

- CDCR Adult Division Director John Dovey, in his official capacity. (Before the recent CDCR reorganization, this position was called the Director of the CDC; the original *Coleman* defendant in this position was James Gomez);

- CDCR Secretary Roderick Q. Hickman, in his official capacity. (Before the recent CDCR re-organization, this position was called the Secretary of the Youth and Corrections Agency; the original *Coleman* defendant in this position was Joseph Sandoval).[1]

In addition, counsel for the parties in the two cases are the same. Rosen, Bien & Asaro and the Employment Law Center are plaintiff Hecker's counsel in the new *Hecker* case and also counsel for the plaintiff class in the *Coleman* case, and the Attorney General is also certain to represent defendants in *Hecker*, as he does in *Coleman*.

---

[1] The two remaining defendants in the *Coleman* case are not defendants in the *Hecker* case – Nadim Khoury, Assistant Deputy Director for Medical Services, and John Zil, Chief of Psychiatric Services, are not sued in the *Hecker* case. There are also two defendants in the *Hecker* case who were not defendants in the *Coleman* case – Jeannie Woodford, sued in her official capacity as Undersecretary of the CDCR, and Teresa

(continued . . .)

H:\0489\3\PLEADING\TN ColemanNotice of Related Cases, 489-3, 12-02-05.DOC

-1-

2. *The Cases are Based on Similar Claims*.

The two cases are based on the "same or similar claims" as required by the second part of Local Rule 83-123(a)(1). In the *Hecker* case, plaintiff Hecker's central claim is that the CDCR has a policy of excluding EOP inmates from programs and services (such as education, vocational training, and work programs) that are routinely provided to non-EOP general population inmates, and that this policy is unnecessary and violates the Americans with Disabilities Act. In *Coleman*, the plaintiffs have asserted the similar claim that the exclusion of EOP inmates from general population programs and services violates the Eighth Amendment by discouraging inmates with serious psychiatric illnesses from seeking needed treatment and therapeutic programs, and by isolating inmates in their cells for long periods of time, causing them to decompensate.

For example, on April 3, 2005, plaintiffs' counsel in *Coleman* sent a letter to defendants and to the *Coleman* Special Master demanding, among other things, that defendants end the policies that improperly exclude EOP inmates from the full range of programs and services provided to non-EOP inmates. Exhibit A to the Bien Declaration in Support of Plaintiff's Notice of Related Cases ("Bien Dec"), filed herewith (April 3, 2005 Letter). Similarly, on May 20, 2005, plaintiffs sent objections to the defendants' latest draft Program Guides (which form the remedial plan in the *Coleman* case) raising these same issues. Exhibit B to the Bien Declaration, filed herewith (May 20, 2005 Letter).[2] These claims advanced in the *Coleman* case are legally and factually very

---

Schwartz, sued in her official capacity as the Warden of the California Medical Facility.

[2] Defendants in the *Coleman* case have repeatedly indicated, including during meetings with the *Coleman* plaintiffs' counsel and the *Coleman* Special Master in September 2005, that they do not consider the issue of EOP exclusions from general population programs and services to be within the scope of the *Coleman* case. See Bien Dec at ¶ 5. In late October 2005, the defendants in the *Coleman* case responded in writing to plaintiffs' Program Guide objections without directly addressing the EOP exclusions from work, education and vocational programming, except for a memo which admitted that educational opportunities are limited for EOP inmates and which suggested the department will make unspecified efforts to expand such opportunities in the future. See Exhibit C to Bien Declaration.

H:\0489\3\PLEADING\TN ColemanNotice of Related Cases, 489-3, 12-02-05.DOC

1    similar to the claims advanced by plaintiff Hecker.

2    Plaintiffs' counsel will continue to seek to change the underlying discriminatory

3    policy with respect to EOP inmates in both the *Coleman* case and in the new class

4    action filed by Hecker.  It is clear that because the legal claims in each case are very

5    similar, these cases are related within the meaning of Local Rule 83-123(a)(1).

6    B.    The Two Cases Are Related Because They Involve The Same Event.

7    Under the second prong of Local Rule 83-123(a), these two cases are also related

8    in that they involve the same event.  See Local Rule 83-123(a)(2).  As part of the

9    *Coleman* remedy for the Eighth Amendment violations found by the District Court after

10    trial, defendants were required to create sheltered outpatient housing units scattered

11    throughout the 34 CDCR prisons to provide mental health treatment to inmates with

12    severe psychiatric illnesses in need of intensive treatment.  These sheltered housing

13    units are the EOP programs discussed above.  Currently, the EOP units house

14    approximately 3,500 CDCR inmates.  One of the *Coleman* remedial requirements is that

15    inmates in these EOP programs be given 10 hours per week of "structured therapeutic

16    activity."  Defendants have long struggled to meet this requirement (and continue to fail

17    to meet this requirement in many institutions).  At the same time, plaintiffs in *Coleman*

18    contend that additional activities – including vocational, educational, and employment

19    activities – are an important component of treatment and recovery.  While such

20    additional activities cannot replace structured therapeutic programs, they are a critical

21    adjunct to mental health care.

22    Historically, the CDCR allowed inmates with severe mental illnesses, including

23    those residing in sheltered treatment units, to participate in mainline general population

24    work, vocation, and educational opportunities.  And initially in the *Coleman* case, EOP

25    inmates were allowed continued access to these opportunities.  However, beginning in

26    approximately 2002, the CDCR implemented a new policy excluding EOP inmates at

27    CMF and elsewhere from general population activities.  One of the purported reasons

28    for the policy was to make it easier to meet the remedial requirement in the *Coleman*

H:\0489\3\PLEADING\TN ColemanNotice of Related Cases, 489-3, 12-02-05.DOC

-3-

case that EOP inmates be given 10 hours per week of therapeutic activities. Class counsel believe that the true reason is not the mandates of the Eighth Amendment or the remedial plans ordered, but rather administrative convenience and budget cutbacks. See Bien Declaration at ¶ 6.

Thus, this same event – the implementation of the new policy excluding EOP inmates from general population activities – has formed the basis for key legal challenges in both the *Coleman* case and in the *Hecker* case. Accordingly, the cases are related under Local Rule 83-123(a)(2).

C.   Both Cases Involve Similar Questions of Fact and Law And Their Assignment to A Single Judge is Likely to Effect A Substantial Savings of Judicial Effort.

The *Hecker* case and the *Coleman* case are related because "both actions involve similar questions of fact and the same question of law and their assignment to the same Judge and/or Magistrate Judge is likely to effect a substantial savings of judicial effort." Local Rule 83-123(a)(3). *See also* Local Rule 83-123(a)(4) (cases related when "for any other reason, it would entail substantial duplication of effort if the cases were heard by different Judges or Magistrate Judges). The similar questions of fact and law at issue in *Coleman* and *Hecker* have been discussed already above. See Section A, *supra*.

It is also clear that assignment of these two cases to the same judge will effect a substantial savings of judicial time and effort. In the *Coleman* case, Judge Karlton and Magistrate Judge Moulds have spent many years overseeing and monitoring the CDCR's complex system of providing mental health care to its inmates. This system delivers care to 29,000 inmates with psychiatric conditions and is one of the largest, if not the largest, mental health care delivery systems in the world.

The CDCR's complicated mental health care delivery system is spread out across the State's 34 prisons and encompasses numerous different programs and levels of care, including the EOP program, a "Correctional Clinical Case Management System" that provides treatment to 24,000 inmates in general population housing units, a series of

licensed Mental Health Crisis Beds spread across the state, six different inpatient care programs operated by the State Department of Mental Health for CDCR inmates, and several additional specialized mental health care programs for high custody-level inmates. Any new Judge to which the *Hecker* case is assigned will be required to become intimately familiar with the entire spectrum of CDCR mental health programs in order to assess the justifications for the policies challenged herein by Plaintiff HECKER. Judge Karlton and Magistrate Judge Moulds are already extremely well-versed in the complexities of the CDCR's mental health care system, having overseen the trial of this matter and nearly eight years of intensive monitoring and enforcement in the remedial phase of the *Coleman* case.

Moreover, given the similar questions of fact and law raised in the *Hecker* case and the *Coleman* case, it is clear that assignment to a single judge would effect a substantial savings of judicial effort because "the same result should follow in both actions." If these two actions are not related, it is possible that the defendants in *Hecker* will attempt – without any basis – to use the requirements of the Court in *Coleman* as a defense in this action. In addition, there is a possibility of inconsistent rulings in the two cases that would need to be resolved by further Court action. No Judge would be in a better position than the Judge in the *Coleman* case to understand the exact demands of the Constitution in that case. In fact, there is no reason that, in remedying the constitutional violations found in *Coleman*, the defendants here should violate federal disability discrimination laws. Significant duplication of effort and confusion can be avoided by relating these two cases. Thus, these cases are clearly also related under Local Rules 83-123(a)(3) and 83-123(a)(4).

For all of these reasons, it is clear that the *Coleman* case and the *Hecker* case are related cases.

## II.   Relationship to *Klemaske v. CDCR*.

A second related case is *Klemaske v. CDCR*. The *Hecker* case and the *Klemaske*

1  case are related for the following reasons:  First, both cases are on behalf of CDCR

2  inmates with psychiatric disabilities, and both cases involve three of the same

3  defendants – Roderick Hickman, Jeanne Woodford, and the California Department of

4  Corrections and Rehabilitation.  See Local Rule 83-123(a)(1).  In addition, both claim

5  that under the Americans with Disabilities Act the CDCR must cease its discriminatory

6  practices that exclude otherwise qualified prisoners from programs and services on the

7  basis of their psychiatric disabilities.  *See id.*  The *Klemaske* case challenges the

8  exclusion of CCCMS inmates from fire camp placement, while the plaintiff in *Hecker*

9  complains about the exclusion of EOP inmates from other CDCR programs and

10  services.  However, the legal theory under the ADA is the same.  See Rule 83-123(a)(3)

11  ("both actions involve similar questions of fact and the same question of law.")

12  Assignment of these two cases to a single judge is likely to increase judicial economy

13  because time spent becoming familiar with the CDCR's mental health delivery system

14  in one case will not need to be duplicated in the second case.

15

16  **III.    Relationship to *Wilson v. Woodford*.**

17        A third related case is *Wilson v. Woodford*.  The *Wilson* case is a pro per class

18  action brought by a CMF EOP inmate seeking to overturn the same exclusion of EOP

19  inmates from programs and services challenged by plaintiff HECKER herein.  The

20  *Wilson* case is currently before Judge Karlton, the same Judge to whom the *Coleman*

21  case is assigned.  The *Hecker* case and the *Wilson* case are related because they involve

22  the same institution, the same policy of excluding EOP inmates from work, education

23  and vocational policies, the same legal theories, and many of the same defendants.  Each

24  plaintiff seeks to represent both himself and the same class of similarly situated EOP

25  inmates (although plaintiff Wilson is not represented by counsel and therefore is likely

26  to have difficulty obtaining class status).

27  //

28  ///

H:\0489\3\PLEADING\TN ColemanNotice of Related Cases, 489-3, 12-02-05.DOC

## CONCLUSION

For all of the reasons set forth above, the *Hecker* case is related to the *Coleman* case, the *Klemaske* case, and the *Wilson* case.

Respectfully submitted,

Dated:  December 2, 2005

ROSEN, BIEN & ASARO, LLP

By:

Michael W. Bien

H:\0489\3\PLEADING\TN ColemanNotice of Related Cases, 489-3, 12-02-05.DOC