

1  KENNETH MORROW C-53683

2  418 IL 32/P.O. Box 3481



DEC 19 2005

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

3  CORCORAN CA. 93212

4

5  DECEMBER 8, 2005

6

7

8   IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLASS MEMBER OF COLEMAN V. SCHWARZEN-

12  EGGR, NO.  CIV S-90-0520 LKK JFMP.

13  KENNETH MORROW

14

15  RE: EMERGENCY INJUNCTIVE RELIEF, FOR

16      WANTON INFLICTION OF PAIN, SUB-

17      SUBSEQUENTLY INITIATING SUICIDE

18      BEHAVIOR, FAILURE TO PROPERLY DIAG-

19      NOSE MENTAL HEALTH PLAN. VIOLA-

20      TION OF 8TH AMENDMENT. MALFEASANCE.

21

22  TO: THE HONORABLE CHIEF JUSTICE OF THE

23      UNITED STATES DISTRICT COURT OF THE

24      EASTERN DISTRICT OF CALIFORNIA,

25      501 I STREET SUITE 8-200

26      SACRAMENTO, CALIFORNIA. 95814.

27      EMERITUS LAWRENCE KARLTON.

28

1.

1  I AM INCARCERATED AT CALIFORNIA

2  STATE PRISON CORCORAN (HERE AFTER

3  CALLED CSPC) AS A COLEMAN CLaSS

4  MEMBER, WHERE MENTAL HEALTH STAFF

5  DELIBERATELY ( IN RETALIATION ) FAILED

6  TO DIAGNOSE MY EXTENSIVE MENTAL

7  HEALTH HISTORY. I HAVE A LONG HISTORY

8  OF MENTAL HEALTH SUICIDAL ATTEMPTS.

9  I AM ILLEGALLY BEING HOUSED

10  IN SOLITARY CONFINEMENT SHU CON

11  DITIONS, STRIPPED OF EOP LEVEL OF CARE

12  BY HUB SUPERVISOR et al., I AM CCCMS

13  DESPITE MY SUICIDAL BEHAVIOR, AND MY

14  COUNSEL ROSEN BIEN AND) ASARO ATTOR-

15  NEYS PLEA'S TO CDC. TO GET ME

16  OUT OF SHU, ETC. SEE EX: A"

17  ATTACHED LENGTHLY COORESPONDENCE.

18  WHEN I'M SUICIDAL I CANT TELL

19  STAFF BECAUSE THEY CHAIN ME UP

20  AND WALK ME TO ACH CRISUS CELL

21  AND PUT MY FACE AGAINST THE

22  WALL AND CUT OFF MY CLOTHES

23  WITH SCISSORS, AND LEAVE ME NAKED

24  WITH ONE BLANKET IN A FREEZING

25  COLD CELL THAT IS EMPTY, WHILE

26  FEMALE NURSES LOOK AT ME IN WIN-

27  DOW EVERY 15 MINUTES. IT

28  EXACERBATES MY SUICIDAL IDEATION,

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  BUT I TELL THEM IM OK SO THEY WILL
2  DISCHARGE ME. FROM THAT EMBARRASSING
3  ENVIROMENT.
4      THE STATE HAS A OBLIGATION TO PROVIDE
5  ADEGUATE MENTAL HEALTH CARE BY A
6  TRAINED LICENSED HEALTH CARE PERSON.
7  DOTY V. CO. OF LASSEN 27 F. 3d 540, 546
8  (9TH CIR. 1994). THE 8TH AMENDMENT
9  OF THE U.S. CONSTI'. IMPOSES ON STATE'S
10  AN OBLIGATION TO PROVIDE FOR THE BASIC
11  HUMAN NEEDS OF PRISONERS. FARMER V. —
12  BRENNAN 114 S. CT. 1970, 1976 (1994).
13      MY COUNSEL HAS **NO** AUTHORITY OVER
14  MENTAL HEALTH. IN PRISON ISSUES
15  BY THIS COURT. MICHAEL KEATING IS
16  NOT ORDERING ANY CHANGES IN MY
17  ACUTE SUICIDAL WANTON INFLICTION OF
18  PAIN. HE'S SATISFIED WITH MANY CLIN-
19  ITIONS OPINIONS IN MY CASE. NOT ALL
20  CLINICAL STAFF ARE PROFESSIONAL. MY
21  CASE IS DELIBERATELY BEING MIS DIAGNOSED
22  BY HUB SUPERVISOR **SEY KORA**, AND SPREAD
23  BY HER TO OTHER CLINICIANS WHOM
24  TRUST SAID OPINION.
25      I HAVE BEEN IN PRISON 24 YEARS.
26  17, IN SOLITARY CONFINEMENT. I HAVE
27  NOTHING TO LIVE FOR, AND NOTHING TO
28  LOSE BY MY DEATH. I AM BEING TREATED

1  LIKE AN ANIMAL BY (CDCR) CALIFORNIA
2  DEPT., OF CORR. AND REHAB. I SWEAR
3  UNDER OATH PENALTY OF PERJURY THAT
4  THIS IS MY "LAST" AND "ONLY" PLEA, TO
5  ANY COURT, OR POWER, TO ORDER A
6  INJUNCTIVE RELIEF AGAINST CDCR,
7  TO IMMEDIATELY MOVE ME OUT OF
8  THIS SHU SUPERMAX SOLITARY, CON-
9  FINEMENT, AND IF IT DOES NOT TRANS-
10 FIRE, I SHALL KNOW, AND CONSIDER
11 IT MY ONLY ROUTE IS GONE, I SHALL
12 IMMEDIATELY COMMITT SUICIDE. AS
13 I HAVE ALREADY GATHERED THE IN-
14 STRUMENTS TO END MY GHASTLY EXIS
15 TENCE IN THIS LIFE. I SPEAK THE
16 TRUTH. I AM FRIGHTENED BY THIS
17 ONE ACT OF DEATH TO WHERE I AM
18 SICKENED BEYOND ALL MEASURE. I
19 WILL NOT SPEAK TO ANY MENTAL
20 HEALTH STAFF AT CORCORIAN. I
21 WILL SPEAK TO ANY ONE YOU SEND
22 TO ME OUT SIDE OF CORCORAN.
23    I COME TO THIS COURT TODAY TO PLEAD
24 FOR MY LIFE, PURSUANT TO THE
25 AUTHORITY INVESTED IN THIS COURT
26 TO PROTECT MY RIGHT TO NOT SUFFER
27 WANTON INFLICTION OF PAIN THAT
28 IS SO GREAT THAT IT HAS DRAINED

4.

1  MY WILL TO LIVE. I KNOW I DO NOT
2  HAVE FULL RIGHTS COMING TO ME
3  BECAUSE I COMMITTED A CRIME,
4  BUT I DO HAVE MINIMUL PROTEC-
5  TION OF RIGHTS. EVEN A DOG GETS
6  A BONE EVERY NOW AND THEN,
7  AND IT IS MY PRAYER THAT
8  THIS COURT WILL CONSIDER ME AT
9  LEAST A NOTCH ABOVE A DOG.
10  DR. CRAIG HANEY: UNIVERSITY OF SANTA
11  CRUZ, IN HIS REPORTS, CRIME —
12  AND DELINQUENCY / HANEY / ISSUES
13  IN SOLITARY, SUPERMAX CONFINEMENT
14  VOL. 49 NO. 1, JANUARY 2003 124-156
15  DOI: 10,1177/0011287022329239. 2003
16  SAGE PUBLICATIONS SAID.
17  HARSH SUPERMAX CONDITIONS OF CONFINE-
18  MENT THEMSELVES MUST BE MODIFIED
19  TO LESSEN THERE HARMFULL EFFECTS.
20  THAT IS, IT IS IMPORTANT TO RECOG-
21  NIZE THAT PLACING PEOPLE IN CONDI-
22  TIONS OF CONFINEMENT THAT WE KNOW
23  IN ADVANCE ARE LIKELY TO PSYCHO-
24  LOGICALLY HARM AND ENDANGER THEM
25  CANNOT BE MORALLY JUSTIFIED MERELY
26  THROUGH ASSURANCES THAT IF AND
27  WHEN THEY DO DETERIORATE THE
28  PRISON SYSTEM WILL MAKE A GOOD

5.

1 EFFORT TO IDENTIFY THE DAMAGE,
2 AND WORK REASONABLY DILIGENTLY TO
3 REPAIR IT."

4 FINALLY THE (MADRID V. GOMEZ
5 1995) THE JUDGE SAID, AS THE PAIN
6 AND SUFFERING CAUSED BY A CAT-O'-NINE
7 TAILS LASHING A INMATES BACK ARE CRUEL
8 AND UNUSUAL PUNISHMENT BY TODAYS
9 STANDARDS OF HUMANITY AND DECENCY
10 THE PAIN AND SUFFERING CAUSED BY
11 EXTREME LEVELS OF PSYCHOLOGICAL
12 DEPRIVATION ARE EQUALLY, IF NOT
13 MORE, CRUEL AND UNUSUAL. THE WOUNDS
14 AND RESULTING SCARS, WHILE LESS
15 TANGIBLE, ARE NO LESS PAINFUL AND
16 PERMANENT WHEN THEY ARE INFLICTED
17 ON THE HUMAN PSYCHE." (P.914)

18

19 IN 1890, U.S. SUPREME COURT
20 JUSTICE MILLER (RE MEDLEY, 1890)
21 SUMMERIZED THE PRECEDING HUNDRED
22 YEARS OF EXPERIENCE WITH THIS KIND
23 OF PUNISHMENT BY NOTING. THERE
24 WERE SERIOUS ... AND SOLITARY CONFINE-
25 MENT WAS FOUND TO BE TOO SEVERE. HE
26 ILLUSTRATED THAT A CONSIDERABLE
27 NUMBER OF PRISONERS FELL, AFTER EVEN
28 A SHORT CONFINEMENT, INTO A SEMI-

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  FATUOUS CONDITION, FROM WHICH IT WAS
2  NEXT TO IMPOSSIBLE TO AROUSE THEM,
3  AND OTHERS BECAME VIOLENTLY INSANE;
4  OTHERS STILL, COMMITTED SUICIDE; AL-
5  THOUGH THOSE WHO STOOD THE ORDEAL
6  BETTER WERE NOT GENERALLY REFORMED
7  AND IN MOST CASES DID NOT RECOVER
8  SUFFICIENT MENTAL ACTIVITY TO BE
9  OF ANY SUBSEQUENT SERVICE TO THE
10  COMMUNITY. (P. 168)

11  THE VERY ESSENCE OF THE COLEMAN
12  V. WILSON 912 F. Supp. 1282 (E.D. Cal. 1995)
13  SPEAKS TO THE VERY HEART OF MY
14  CURRENT SITUATION.

15  THEREFORE I EXHORT THIS HON-
16  ORABLE COURT ORDER INJUNCTIVE
17  RELIEF BY MOVING ME OUT OF SOLI-
18  TARY SHU CONFINEMENT (NOT TO
19  PSU) AND SEND A OUTSIDE DOCTOR
20  NOT EMPLOYED AT CORCORAN TO
21  SPEAK AND EVALUATE MY CONDITION.
22  THANK YOU.

23

24  DATED: DECEMBER 8 2005

25

26

27          Kenny Morrow
28          RESPECTFULLY SUBMITTED

7.

# THE SUMMER HEARINGS ON CORCORAN

Election years are predictably unpredictable. In recent contests, punishment-obsessed California candidates have scrambled to endorse the most inhumane laws such as Three Strikes, or to find enormous new prisons. But this year, a stunning piece of investigative journalism by Mark Arax and Mark Gladstone of the *Los Angeles Times* moved the legislature in a different direction. The Senate Select Committee on Prison Management held more than 60 hours of hearings to learn whether the CDoC official inquiry into the "gladiator fights," wrongful deaths, systematic brutality, and coverups at Corcoran Prison was just another coverup. Arax and Gladstone reviewed more than 10,000 pages of CDoC documents and interviewed CDoC investigators and other staff to reach the conclusion that a coverup did take place. Their report implicated members of the CDoC central administration, the Attorney General's office, and the California Correctional Peace Officers Association (CCPOA) — the guards' union.

—Anna Graham, *Prison Focus*, Vol. 2, No. 4, Vol. 3, No. 1, Fall. 1998, Winter 1999

# CORCORAN PRISONER TAKES HIS LIFE IN THE SHU

...Michael's [Lewis von Staaten] health continually went up and down and he enlisted our support and his family's in an attempt to be returned [from Corcoran] to the California Medical Facility at Vacaville. At Corcoran, Michael was constantly running out of his HIV and epilepsy medications. The lapse of both medications had severe ramifications for his health. Michael had a very high viral load due to the medication interruptions and when off his epilepsy medications, suffered devastating seizures.

The two year battle to get Michael moved to an appropriate prison medical facility never succeeded. The prison bureaucracy constantly denied his requests for transfer....Michael lived in fear at Corcoran, never knowing what "games" the prison system was going to play with his physical and mental health.

This past June, prison doctors stopped Michael's epilepsy medications....Both the HIP Committee and Michael's family, who live in Canada, began calling and writing the prison to get his medication continued. Michael's mom was so upset that she "threatened" to come down and yell at them. The prison administration labeled Michael's elderly mother a "terrorist" and banned her from visiting him.

In November, Michael got his hopes up that he would finally be transferred. However, a week before he died, he again

learned that he was denied. He was taken off his medications by the prison doctor and had a violent seizure in front of a guard and was charged with assault. He was placed in the SHU (after having been on suicide watch the week before), wrote a two-page loving farewell letter to his family, and hung himself.

—*Prison Focus*, Vol. 2, No. 4, Vol. 3, No. 1, Fall. 1998, Winter 1999

MC-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:

EX PARTE  Pro Per

ILENNY MORROW C-83683 P.O BOX 3481

ATTORNEY FOR *(Name)*: Corcoran CA. 93212

NAME OF COURT: U.S. DIST. CT. E. DIV.

STREET ADDRESS: 501 I ST. STE.8-200

MAILING ADDRESS:

CITY AND ZIP CODE: SAC. CA. 95814

BRANCH NAME:

PLAINTIFF/PETITIONER: KENNY MORROW

DEFENDANT/RESPONDENT: ATTORNEY General

TELEPHONE NO.:

*FOR COURT USE ONLY*

**DECLARATION**

CASE NUMBER:

CIV. NO. S-90-0520
LKK JFMP

That as a class member of The coleman v.
SCHWARZENEGGER, That mental health STAFF
CONSPIRITORIALY, TOOK my mental health
level OF Care EOP, SUBJECTING me TO
SUICIDE, IN RETALIATION FOR FILING
A PRISON APPEAL 106 # 05-35-38.

That M. KEATING FAILED TO PERFORM
HIS DUTY, AND STAFF HAVE FAILED TO
DIAGNOSE MY mental illNESS Properly
SUBJECTING me TO SUICIDE IDEATION,
AND ILLEGALLY HOUSED IN SOLITARY
CONFINEMENT. I REQUEST EMERGENCY
INJUNCTIVE RELIEF.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: DECEMBER 8, 2005

KENNY MORROW

*(TYPE OR PRINT NAME)*

▶ Kenny Morrow

*(SIGNATURE OF DECLARANT)*

☑ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Attorney

☐ Other *(specify)*:

(See reverse for a form to be used if this declaration will be attached to another court form before filing)

Form Approved by the
Judicial Council of California
MC-030 [New January 1, 1987]

**DECLARATION**

1.                          PROOF OF SERVICE BY MAIL

2.     I, _KENNY MORROW_____, declare that I am over 18 years

3.     of age, and a party to the attached herein cause of action,

4.     that I reside at CSP-Corcoran in the county of King,California.

5.     My mailing address is; _P.O.box 3481 Corcoran CA-93212._

6.         On _12,8_,20__ I delivered to prison officials for

7.     mailling, at the above address, the attached; _Emergency_

8.     _letter OF Suicide to U.S. DIST. CT-E. DIV._

9.     _Judge Karlton INJUNCTIVE RELIEF._

10.    in sealed envelope(S) with postage fully prepaid,addressed to;

11.    (1) _U.S. DIST. CT. E. DIV._    (2) _____

12.    _Chief Judge Karlton_          _____

13.    _501 I'ST. STE. 8-200_         _____

14.    _SAC. CA. 95814_               _____

15.    (3)_____            (4)_____

16.    _____           _____

17.    _____           _____

18.    _____           _____

19.

20.        I declare under penalty of perjury that the foregoing is

21.    true and correct.

22.    Executed this _12_ day of _Thursday_ 2005 at CSP-Corcoran

23.    California.

24.                                   _Kenny Morrow_
                                      IN PRO PER

25.

26.

27.

28.

EX: "A"

MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

•

December 7, 2004

CONFIDENTIAL – LEGAL MAIL
Kenny Morrow, C-53683
California State Prison – Corcoran
PO Box 3481, 4B 1L 63
Corcoran, CA 93212

*FILE COPY*

Re:   *Coleman v. Schwarzenegger*
      Our File No. 489-3

Dear Mr. Morrow,

I am responding to your letter dated November 30, 2004, which was addressed to our office, and your letter dated December 2, 2004, which was forwarded to our office by the Prison Law Office. We were concerned to hear that you are feeling depressed because of your safety concerns and that you have been having thoughts of harming yourself.

When we got your letter we sent another fax to the Coleman Project Team informing of them of how you are feeling. We wanted to make sure that you were being seen and cared for. Hopefully, this fax resulted in you being seen by a member of the mental health care staff to talk about the issues that you raise in your letter.

I also wanted to thank you for answering our questions regarding the groups you are receiving in the EOP ad seg and about smocks in the ACH. We understand how frustrated you must be with the groups you are offered. You mentioned that you are talking to your case manager once a week. Are you able to discuss issues you would normally cover in groups with your case manager? Have you let him or her know about your frustrations with groups?

Please let us know if you have been seen by a member of the psych staff, or if anything has changed with your care. Thank you for writing, and keep in touch.

Sincerely yours,

ROSEN, BIEN & ASARO, LLP

By: Alissa B. Cambier
Paralegal Clerk

AC:ts

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

**RECEIVED**

FEB 2 4 2005

**Rosen Bien & Asaro**

February 14, 2005

CONFIDENTIAL - LEGAL MAIL
Mr. Kenny Morrow, C-53683
CSP - Corcoran
PO Box 3481
Corcoran, CA 93212

Re:   Coleman v. Schwarzenegger
      Our File No. 489-3

Dear Mr. Morrow:

I am writing in response to your letter, which our office received on February 11, 2005. I understand from what you wrote that you are very upset because the PLO and the Warden have been unable to provide you access to the PHU.

We were very concerned when we read your letter. You described in detail the means by which you would commit suicide if your out-of-state transfer requests should be denied. We strongly encourage you to talk to a clinician or an officer that you trust in order to let someone know that you have considered in detail such a suicide plan. We continue to encourage you to speak to your case manager or a clinician about the possibility of programming at SVPP or the PSU, as we believe the treatment available at these facilities is more rigorous, complete, and better suited to your needs. Also, unlike your current housing situation in EOP ad seg, the PSU and the housing units at SVPP do not operate under extreme lockdown conditions. You should meet with a staff member you trust to discuss the possibility of your programming at SVPP or the PSU. If you do not feel comfortable sharing your feelings with any staff members at Corcoran, you should write back to our office. Through the CPT process, we can provide the institution with the information you shared with us.

Please keep in touch with our office and let us know how you are doing. Again, we understand that you are extremely upset by how difficult this process has been for you. Inform us of any responses you receive about out-of-state transfer decisions, and please speak to staff at Corcoran about the suicide plan that you described to us in your letter. Please also discuss alternate level of care options with your clinician.

Thank you for writing, and take care.

BY. Palonia Wu

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

CONFIDENTIAL - LEGAL MAIL
February 14, 2005
Page 2

Sincerely yours,

ROSEN, BIEN & ASARO, LLP

By: Paloma Wu
Paralegal Clerk

SASE x 2
PW:pj

S\NFORD .'AY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

August 30, 2004

*FILE COPY*

CONFIDENTIAL - LEGAL MAIL
Kenny Morrow, C-53683
CSP - Corcoran, 4B-1L-63
PO Box 3476
Corcoran, CA 93212

     Re:   Coleman v. Schwarzenegger
           Our File No. 489-3

Dear Mr. Morrow:

    I am writing in response to your letters of August 25, 2004 and August 26, 2004, which our office received today. Our office remains extremely concerned to hear that you continue to experience thoughts of harming yourself.

    When we received your letter, we sent another fax on your behalf to the Coleman Project Team alerting them of your ongoing problems at Corcoran. We were also concerned to learn that suicidal inmates are being placed naked into a strip cell in the ACH. Previously, the Special Master had reported that this punitive practice had stopped at Corcoran. In the event that you or any other inmates are placed improperly on strip cell status for reporting suicidal feelings to staff, please contact our office immediately concerning these disturbing incidents.

    In order to provide you with additional information on this topic, I have enclosed a copy of the letter we sent to the Coleman Project Team. Please remain in contact with our office concerning this important mental health issue at Corcoran. Thank you for writing and take care.

                            Sincerely,

                            ROSEN, BIEN & ASARO, LLP

                            By: Daniel Markman
                            Paralegal

Enclosure
DM:ts

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

August 19, 2004

CONFIDENTIAL – LEGAL MAIL
Kenny Morrow, C-53683
California State Prison – Corcoran
PO Box 3481, 4B – 3L – 63
Corcoran, CA 93212

*FILE COPY*

Re:     *Coleman v. Schwarzenegger*
        Our File No. 489-3

Dear Mr. Morrow,

I am writing in response two letters that we received from you today. We were very concerned to hear that you are having auditory hallucinations that urge you to kill yourself and that you have thoughts of hurting yourself everyday.

When we got your letter we sent another fax to the Coleman Project Team informing of them of how you are feeling. We wanted to make sure that you were being seen and cared for, especially given the fact that you were afraid to tell clinical staff about the auditory hallucinations and suicidal thoughts you have been recently having. In this fax we expressed our concerns about your fears of being placed on strip cell, and reiterated the fact that the *Coleman* experts have repeatedly discouraged this practice as a means of suicide prevention. Hopefully, this fax resulted in you being seen by a member of the mental health care staff to talk about the issues that you raise in your letter.

Please keep in contact with our office about how you are feeling and if anything changes with your mental health care. Thank you for writing, and take care of yourself.

Sincerely yours,

ROSEN, BIEN & ASARO, LLP

By: Alissa B. Cambier
Paralegal Clerk

AC:pj

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST OALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

September 9, 2004 **FILE COPY**

CONFIDENTIAL - LEGAL MAIL
Kenny Morrow, C-53683
CSP - Corcoran, 4B-1L-63
PO Box 3476
Corcoran, CA 93212

>       Re:     Coleman v. Schwarzenegger
>               Our File No. 489-3

Dear Mr. Morrow:

I am writing in response to your letters of September 5, 2004 and September 1, 2004. Our office was concerned to learn that you continue to experience voices that are encouraging you to harm yourself. Consequently, we contacted the Coleman Project Team to ensure that the mental health staff at Corcoran was aware of your issues.

I would like to inform you that our fax to the Coleman Project Team does not result in a mental health contact with a special mental health representative. You should have been seen by either your case manager or a psych tech in response to our fax to the Coleman Project Team. In addition, our office would like to encourage you to discuss your mental health concerns with your case manager as that is the best method for you to receive an appropriate treatment plan for your mental illness.

Please let us know if you were seen by a member of the mental health staff in response to our fax. In addition, thank you for the information your provided regarding the use of strip cell status in the ACH for suicidal inmates at Corcoran. Thank you for writing and take care.

Sincerely,

ROSEN, BIEN & ASARO, LLP

By: Daniel Markman
Paralegal

DM:p

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

**ROSEN, BIEN & ASARO, LLP**
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com



February 25, 2005

CONFIDENTIAL - LEGAL MAIL
Kenny Morrow, C-53683
CSP - Corcoran, 4B-1L-63
PO Box 3481
Corcoran, CA 93212

> Re:   Coleman v. Schwarzenegger
> Our File No. 489-3

Dear Mr. Morrow:

I am writing in response to your letter of February 18, 2005. I would like to reiterate that our office cannot assist you in your request to be housed in the Corcoran PHU. We seriously regret that we cannot be of more assistance in this matter. However, please understand that custody decisions regarding your housing placement are beyond the scope of the *Coleman* case, which is limited to mental health issues.

We recognize the importance of your out-of-state transfer request given the repercussions that such a decision may have on your mental health. Consequently, our office is willing to contact CDC headquarters to alert them of the potential suicide risk pending any decision regarding your out-of-state transfer. Although we can contact headquarters on your behalf, please understand that this contact will not have any influence on the decision regarding your transfer. Our letter to headquarters will ensure that Corcoran is prepared to provide you with additional mental health support when you receive news concerning your out-of-state transfer. If you would like our office to contact headquarters on your behalf, you should indicate this to us in your next letter. If you prefer that we do not alert headquarters regarding your suicide risk, please let us know.

In addition, our office would like to once again encourage you to consider a transfer to SVPP as this is a great mental health program that is very open and devoid of politics. We appreciate your understanding of our limitations in this matter. Thank you and take care.

Sincerely,

ROSEN, BIEN & ASARO, LLP

By:   Daniel Markman
Paralegal

SASE
DM:ts

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
ANNE MANIA
THOMAS NOLAN
KATHERINE SHER
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

*FILE COPY*

July 25, 2005

CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED
LEGAL MAIL
Kenny Morrow, C-53683
CSP - Corcoran
PO Box 3476
Corcoran, CA 93212

> Re:   Coleman v. Schwarzenegger
>       Our File No. 489-3

Dear Kenny:

We received your letters dated July 20 and 21, 2005 today. I am sorry to hear that you are feeling frustrated and that you are once again feeling suicidal. I agree with you that what has been happening to you is unconscionable. It makes no sense to keep someone in severe isolation for their own protection when they have done nothing wrong – especially when, like you, the reason they need to be protected is that they did something right. Also, it sounds like the EOP staff is giving you a hard time for no real reason.

My only advice to you is to hang on and ignore them and see what happens. I know you have been hearing that for a while now, but your out-of-state transfers are still pending, and if they do not come through, the CDCR will need to send you back to the DRB for PHU consideration. I don't blame you for losing patience with this drawn-out process, but the CDCR will need to bring you back to the DRB soon. I'm not sure why the EOP staff there are threatening to send you to the PSU again – I'm hoping that they are just bluffing. In the meantime, you should be able to go to yard. Are there any decent groups there that you would be willing to try, if only to get out of your cell more often? Also, you should ask for one-on-one therapy. Maybe you will get lucky and find a decent case manager. Mike and Jane are out of the office this week, so I will be responding to your letters.

Take care of yourself and keep in touch.

Sincerely,

ROSEN, BIEN & ASARO, LLP

Tom Nolan

By: Tom Nolan

SASE

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
GAY C. GRUNFELD
JANE KAHN
MEGHAN LANG
ANNE MANIA
THOMAS NOLAN
KATHERINE SHER
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

**FILE COPY**

October 5, 2005

Kenny Morrow, C-53683
4B-1L-32
CSP-Corcoran
P.O. Box 4381
Corcoran, CA 93212

> Re:   Coleman v. Schwarzenegger
>       Our File No. 489-3

Dear Mr. Morrow:

I am writing in response to your last few letters that we received at the beginning of this week. I have reviewed your correspondence file going back to the summer and could not find an Order to Show Cause from the 3rd Appellate District Court, which you have requested from us. Did you send it to us earlier than the summer? I am concerned that if you did send it more recently that we never received it. Please let me know when you mailed it to our office. I am returning a copy of the October 24, 2002 letter that you enclosed in the letter we received this week. There was only one page of this letter enclosed.

In your last few letters you indicated that you would consider having our office advocate on your behalf for a transfer to the Level IV EOP SNY program at Mule Creek State Prison. However, you asked that we try to make sure that it does not interfere with your out-of-state transfer request to New Hampshire. We cannot provide you with that assurance since that is a separate track that we have no input into at all. We do not know whether CDCR contacts New Hampshire with transfer information. Please let me know if you want me to write to the Deputy Attorney General on your behalf regarding the Mule Creek Level IV EOP SNY transfer without any guarantees from us about New Hampshire.

I will enclose an envelope for you to use. With regard to your medications -- we cannot force CDCR to change their formulary practices. It sounds as if they recently changed the practice, and if that is the case, you should file an appeal based upon the adverse affect it has on your mouth. The action you are requesting it to have the crushed

SANFORD JAY ROSEN
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
ANNE MANIA
THOMAS NOLAN
KATHERINE SHER
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

**ROSEN, BIEN & ASARO, LLP**
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

July 12, 2005

Kenneth Morrow, C-53683
CSP-Corcoran
P.O. Box 3476
Corcoran, CA 93212

      Re:    Coleman v. Schwarzenegger
              Our File No. 489-3

Dear Mr. Morrow:

      I am writing in response to your last letter and writing on behalf of myself and Mr. Bien. We were very disturbed to read about how poorly you have been faring in the SHU at Corcoran. It sounds as if the ICC was a horrible experience. I have sat in on those and the clinical staff do nothing in the face of custody. We think it is a sham to even have them there.

      We contacted the Coleman Project Team yesterday about the suicidal ideation and the plan that was contained in your letter. We expressed our concern, asked that you be evaluated and considered for placed in the EOP ASU while you wait for final word on your out-of-state transfers. After that, we will write to Corcoran and the Deputy Attorney General regarding PHU placement. Let's take it, one step at a time.

Sincerely,

ROSEN, BIEN & ASARO, LLP

Jane Kuh

By: Jane E. Kahn

JEK:ts
Enclosure - SASE

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
ANNE MANIA
THOMAS NOLAN
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

**ROSEN, BIEN & ASARO, LLP**
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

March 30, 2005

CONFIDENTIAL – LEGAL MAIL
Kenny Morrow, C-53683
California State Prison   Sacramento
PO Box 290066
Represa, CA 95671

> Re:   *Coleman v. Schwarzenegger*
>        Our File No. 489-3

Dear Mr. Morrow,

I am writing in response to your most recent letter, which was dated March 23, 2005. I am returning all of your original documents along with a copy. I hope that this is helpful. Thank you for sending these to our office to review.

I have also enclosed an envelope addressed to Judge Karlton, the judge in the *Coleman* case per your request. Please let us know any response that you receive to your appeals or from Judge Karlton. Thank you for writing, and take care.

Sincerely yours,

ROSEN, BIEN & ASARO, LLP

By: Alissa B. Cambier
Paralegal

Blank envelope
Orig + copy
AC:ts

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

SANFORD JAY ROSEN *
MICHAEL W BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
THOMAS NOLAN
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL.
rba@rbalaw.com

# FILE COPY

December 22, 2004

Kenny Morrow, C-53683
CSP-Corcoran/4B-1L-63
P.O. Box 3476
Corcoran, CA 93212

> Re:  Coleman v. Schwarzenegger
>      Our File No. 489-3

Dear Mr. Morrow:

I am writing in response to the letter that you sent to our office to forward to the Special Master. The Special Master's name is Michael Keating. He is a lawyer. We are unable to forward his letter, but I can provide you with the address of the Court and you can send your letter to Judge Karlton, United States District Court, Eastern District of California, 501 "I" Street, Sacramento, CA, 95814. You should put the name of the case, Coleman v. Schwarzengger, No. CIV S-90-0520 LKK JFM P. Judge Karlton can decide whether to forward the letter to Mr. Keating.

It is our understanding after having spoken to Penny Godbold at the Prison Law Office, that they have requested that you be transferred to the PHU at Corcoran based upon your safety concerns. This issue is not a part of the Coleman case. With regard to your mental health care, we have contacted CDC Headquarters and been assured that you are meeting regularly with your case manager, and it appears from your own letters that you feel that he is your best advocate. In terms of the alternative plans that Corcoran is offering to you, I have visited the program at SVPP, and I suggest that you consider this program. It is an open program where you will be provided with extensive mental health programming in a less restrictive environment. It is really a gem within CDC. Also, as you know, mental health programming is limited in the PHU so the more extensive your suicidal ideation, the less likely you are to be transferred to that program where less clinical resources are available.

*   MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
**  MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

Kenny Morrow, C-53683
December 22, 2004
Page 2

    I am returning your letter with mine so that you can forward it to the Court if you
wish. I will enclose an envelope for you to use.

                   Sincerely,

                   ROSEN, BIEN & ASARO, LLP

                   By: Jane E. Kahn

JEK:ts
enclosure