1 | Mr. Cockeroft, Pete
H-86887
2 | P.O. Box 7500
Crescent City, CA 95532
3 | - Plaintiff Class Member -
4 | - ORIGINAL
5 |
6 |
7 |
8 | IN THE UNITED STATES DISTRICT COURT
9 | FOR THE ~~NORTHERN~~ EASTERN DISTRICT OF CALIFORNIA
10 |
11 | COLEMAN ____, et. al., on behalf of themselves and all others similarly situated,
12 | Plaintiffs,
13 | v.
14 | SCHWARZENEGGER,
15 |
16 | Defendants.

**FILED**

NOV 2 8 2005

CLERK U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
~~BY 7 / GLERK~~

NO. C90-0520 LKK

EX-Parte MOTION FOR PLAINTIFF
CLASS COUNSEL TO INVESTIGATE
DEFENDANT'S OBSTRUCTION OF
MENTAL HEATH SERVICES AND
INMATE APPEALS THEREOF

N

17 | Plaintiff class-member, of this motion Pete Cockeroft, has attempted
18 | multiple times to contact plaintiff class counsel attorney Steven Fama,
19 | who has been unresponsive and/or unwillingly to fairly and
20 | adequately represent the interests of the plaintiff class members of
21 | PSU consisting of 127 inmate/patients access to mental health services
22 | (e.g. group therapy, one-on-one weekly clinician visits, access to clinicians, etc.).
23 | On 7-10-05, 7-24-05, 7-25-05 this plaintiff class member contacted attorney
24 | Fama via U.S. Postal Service in which to this date has gone unresponsive
25 | regarding defendant's daily obstruction of mental health services and
26 | opposition to mental oversight of mental health services. On 8-30-05 this
27 | plaintiff contacted via U.S. Postal Service attorney Fama's supervisor Donald
28 | Spector, Director of Prison Law Off. that a failure to respond within 45 days this action

of defendant's
1 obstruction of PSU class members access to mental health services.
2    On the following dates the prison appeals coordinator D.W.
3 Bradbury has refused to process every obstruction of Mental
4 Health & medical care appeal I've Filed as follows:
5    5-26-04   Appeal re Doctor's Douglas & Tanenhaus                    Rejected
6    6-1-04    Appeal re Nurse Martinez                                   Rejected
7    1-10-05   Appeal re Mental Health group therapy policy               Rejected
8    6-28-05   Appeal re Mental Health group therapy access               Rejected
9    7-6-05    Appeal of rejected 6-28-05 appeal                          Rejected
10   7-10-05   Appeal re Denial of 10 hours a week of group therapy       Rejected
11   7-25-05   Appeal re officers handling of pyshciatric medications     Rejected
12   7-31-05   Appeal re PSU officer Curtis violation of Mental Health May  Rejected
13   8-14-05   Appeal re Nurse Allison obstruktion of medical care        Pending
14   9-11-05   Appeal re Unlawful law library denial of access to courts  Rejected
15   9-18-05   Appeal re 2nd time officers illegal handling of psychiatric meds  Rejected
16   9-27-05   Appeal re Appeals Coordinator obstruction of Appeal Process Pending
17   10-2-05   Appeal re PSU officer Seamons unlawful obstruction of groups Pending
18 the appeals coordinator also has refused to process any appeal
19 filed as a Citizens Complaint for PSU officer's obstructing
20 mental health services avoiding any possible investigation
21 or correction of denying and and/or obstruction of mental
22 health Services. Attached as exhibit's is some of these
23 inmate appeals.
24    Prison officials (custody) continue to remain unduly in control
25 of mental health Services and oppeses mental health supervision
26 of rendering mental health services, & obstructs any complaints
27 of obstruction being investigate via the inmate appeal process
28 rendering it _____ _____ unavailable.

2 of 3

1  If the honorable judge Thelton E. Henderson, would direct
2  plaintiff class counsel to review the attached exhibits he could
   see
3  necessary action is needed to remedy the problems.

4  Also defendant's control of psychiatric medications I
5  feel could result in a overdose or death of a plaintiff class
6  member and even this appeal was rejected by the appeals
7  coordinator and no investigation was ever conducted.

8

9              PRAYER FOR RELIEF

10

11  1. The court to request plaintiff class-counsel to review
12  the attached exhibits;

13  2. Investigate any obstruction of mental health services
14  by defendant's;

15  3. That plaintiff class coute counsel interview my clinician
16  Dr. Pascoe, Ph.D. who is aware of herein mentioned matters;

17  4. And grant any other action deemed appropriate.

18

19  Dated: 11-14-05                    Respectfully submitted,

20

21

22                                     Pete Cockeroft
                                       - Plaintiff class/member -
23

24  I declare under penalty of perjury the foregoing is true
25  and correct, except to those things based on information and
26  belief, and to those I believe them to be true.

27  Dated: 11-14-05

28                                     - Declarant

                        3 of 3

# EXHIBIT "1"

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**  | INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY:
**ACCOMMODATION REQUEST**       | PBSP                        |             | **18. ADA**
CDC 1824 (1/95)

*NOTE:* **THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

> *In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Cockcroft | H86887 | | | |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

Mental Inness

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Mental health File in health records

DESCRIBE THE PROBLEM:

There is a tremendous problem with inmates access to group therapy sessions due to poor management by psychiatric technician running group therapy and their supervisors. Mental health services running PSU has nothing established in writing indicating to custody or a inmate's and others concerned when groups therapy sessions are to be run, how long they are for, who's responsible to ensure these guidelines are followed to carry out group therapy sessions. (See continuation page)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

So that custody steps dictating group therapy sessions operations I ask that Dr. Winslow, Dr. Archambault and the Sr. Psychiatric technician provide me and those concerned a written establishment of when group therapy sessions start, end, and the duration of group therapy sessions. This way everybodys on the same page.

_____
INMATE/PAROLEE'S SIGNATURE

_1-10-05_
DATE SIGNED

Continuation Page Of "Describe Problem"

each week. Due to this poor management by psychiatric technicians failing to establish a written guideline on when or how long group therapy sessions will be run, often custody will dictate this and bump heads with mental health staff or inmate's when a dispute arises as there is no ~~not~~ written guideline explaining this and it's made up as you go along. My understanding from the attorney Steven Fama and Dr. Winslow, mental health is to dictate group therapy sessions in which they are failing to do. I don't know if mental health and psychiatric technicians are capable of formulating a written guideline of how group therapy sessions are to be conducted as this program has been open for years and they've yet to establish a written guideline.

IF Dr. Archambault, Dr. Winslow and the Sr. Psychiatric Technician fail to provide a written guideline of group therapy sessions operations in custody, inmate's, clinicians and those concern will continue to dispute it's operations. I'm tired of custody interfering with group therapy sessions I and other PSU inmates attend.

State of California

Department of Corrections
CDC Form 695

## INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name _Cockroft_

PBSP Log #

Number _H86887_

Housing

YOUR APPEAL IS BEING REJECTED/CANCELED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria

[ ] 1.   The resolution is not within CDC's jurisdiction, CCR 3084.2 (e) and 3084.3 (c) (1).

[X] 2.   The appeal duplicates the appellant's previous appeal, CCR 3084.3 (b) (2).
    [ ] (a)   Your appeal has been screened out on _____ for _____
    [ ] (b)   Your appeal is being reviewed at the _____ Level Log #
    [X] (c)   Your appeal has been completed at the _VSF_ Level Log # **09-03035**

[ ] 3.   The appeal concerns an anticipated action or decision, CCR 3084.3 (c) (6).

[ ] 6.   The appeal exceeds the 15 working days time limit and the appellant has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit, CCR 3084.3 (c) (6), 3084.6 (c), and 3084.6 (c), Director's Level No. 9901.

[ ] 8.   Abuse of the appeal process/Right to Appeal (effective November 1996).
    [ ] (a)   Excessive filings. Submission of more than one non-emergency appeal within a seven calendar day period is excessive, CCR 3084.4 (a).
    [ ] (b)   Inappropriate statements. The Appeal contains false information, profanity, or obscene language, grounds for rejection, CCR 3084.4 (b).
    [ ] (c)   Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation, CCR 3084.4 (c).
       [ ] (1)   Only allowed 1 added page, front and back, to describe the problem and action requested in sections A and B per CCR 3084.2 (a) (1).
       [ ] (2)   Only support documentation necessary to clarify appeal shall be attached to appeal, per CCR 3084.2 (a) (2).
    [ ] (d)   Lack of cooperation. Appellant refused to cooperate and / or interview with the reviewer, which has resulted in cancellation of the appeal per CCR 3084.4 (d).
       [ ] (1)   Your appeal was screened out and returned to you with instructions.
       [ ]       [ ]       [ ]       [ ]
    [ ] (e)   Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR 3084.1 (a).
    [ ] (f)   This is a request for information. It is not an appeal. Write to note. (GA-22, Request For Interview form).

[ ] 9.   Cannot appeal on behalf of another inmate / person, CCR 3084.2 (d) and 3084.3 (c) (2).

[ ] 10.  Issue resolved at previous level of Appeal review, CCR 3084.3 (c) (9) and 3084.4 (d).

Comments:  _Duplicates Issues addressed in 1 Vt P09-03039_

D. W. BRADBURY, CCII
PBSP Appeals Coordinator

Date _12-14-05_

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

### PERMANENT APPEAL ATTACHMENT. - DO NOT REMOVE

PBSP       (695R9905.DOC) (Rev., Nov. 2, 2004) CCR 3084.3(d)       PBSP



JAN 1 2 2005



*Cros. cutting Mental*
*Health grievers School*

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| **PBSP** | | **18. ADA** |

*MENTAL HEALTH*

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Pele Cockcroft | H-86987 | D | | B1-107 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

Mental Illness

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
Medical Files for past 9 years

DESCRIBE THE PROBLEM:
Custody is increasingly denying PSU inmate's 10 hours a week of group therapy as required per Mandel. For the past 3 weeks custody cancelled numerous groups as on 6-14-05 (morning & afternoon), 6-16-05 (night groups), 6-21-05 (morning & part of afternoon) & 6-28-05 (morning & afternoon groups). Morning groups are suppose to be 3 hours but because groups aren't loaded & ready to begin intill 8:10 or 7:00am block - ndays custody has a meeting before groups causing groups to be loaded & begin later than 9:00am & custody aka loads yard before morning groups, this minimizes yard takes priority over group therapy.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? I ask that PSU inmate's be afforded 10 hours a week of group therapy as per Mandel. I ask that morning groups be loaded & begin by 8:00am & 12 occur & that these morning groups consist of 3 hours each. I ask that groups be loaded before yard as priority. I ask that PSU staff & custody establish in writing a schedule & time schedule in which groups start & end changed so the 10 hours a week are being achieved, the currently doesn't exist causing weekly [...] 10 hours a week of group therapy. I ask to be provided a [...]

INMATE/PAROLEE SIGN

DATE SIGNED

(8)

R7-6N05

State of California

Department of Corrections
CDC Form 695

## INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name _Carcroft_    PBSP Log # _____

Number _H86887_    Housing _B1-107_

**YOUR APPEAL IS BEING REJECTED/CANCELED AND RETURNED FOR THE FOLLOWING:**

Screening Appeals Rejection Criteria

[ ] 1.   The resolution is not within CDC's jurisdiction, CCR 3084.2 ( e ) and 3084.3 (c) (1).

[X] 2.   The appeal duplicates the appellant's previous appeal, CCR 3084.3 (c) (2).
    [ ] (a)   Your appeal has been screened out on _____
    [ ] (b)   Your appeal is being reviewed at the _____
    [X] (c)   Your appeal has been completed at the ___2ND___ _____

[ ] 3.   The appeal concerns an anticipated action or decision, CCR 3084.3 (c) (3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation why he/she could/did not submit the appeal within the time limit, CCR 3084.6 (c), 3084.3 (c) (6).

[ ] 8.   Abuse of the appeal process/Right to Appeal (effective November 1997)
    [ ] (a)   Excessive filings. Submission of more than one non-emergency appeal within a seven calendar day period is excessive, CCR 3084.4 (a).
    [ ] (b)   Inappropriate statements. The Appeal contains false information or obscene or abusive language; the appeal is rejected, CCR 3084.4 (b).
    [ ] (c)   Excessive verbiage. Appeal cannot be understood or is obscured by pointless or irrelevant documentation. Appeal is returned to resubmit following the instructions on the original appeal per CCR 3084.4 (c).
        [ ] (1)   Only allowed 1 added page, front and back, to describe the problem and action requested in sections A and B per CCR 3084.2 (a) (1).
        [ ] (2)   Only support documentation necessary to clarify appeal is allowed per the above documents to appeal, per CCR 3084.2 (a) (2).
    [ ] (d)   Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal per CCR 3084.4 (d).
        [ ] (1)   Your appeal was screened out and returned to you with instructions.
        [ ]
    [ ] (e)   Failed to reasonably demonstrate the decision, action, policy, or condition, is having an adverse effect upon the inmate's welfare, per CCR 3084.1 (a).
    [ ] (f)   This is a request for information. It is not an appeal. Write a note on a CDC-7362 Request For Interview Form.

[ ] 9.   Cannot appeal on behalf of another inmate / person, CCR 3084.2 (d) and 3084.3 (c) (7).

[ ] 10.   Issue resolved at previous level of Appeal review, CCR 3084.3 (c) (8), and 3084.4 (d).

Comments: _This is your a Second Duplicate Appeal_
_On this ISSUE. It HAS been ADDRESSED through_
_the Second Level._

_D. W. BRADBURY, CC II_    _7/5/05_
PBSP Appeals Coordinator    Date

R-7-26-7

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

PBSP    (695R9905.DOC) (Rev. Nov. 2, 2004) CCR 3084.3(d)    PBSP    THE DATES

JUN 2 2 2005    JUL 1 3 2005 - _THIS IS A DUPLICATE Appeal._ ___ THE SAME.
CANCELLED _MAY BE DIFFERENT BUT THE ISSUE IS THE SAME._

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region PBST

Log No.

Category

1. _____  1. _____

2. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Cockeroft, P. | H 86857 | D | 81-107 |

A. Describe Problem: On 6-28-05 I sent a ~~appeal~~ ADA appeal (see attached ADA appeal)
to the appeals coordinator regarding group therapy schedule. The appeals
coordinator rejected this appeal claiming it duplicates appeal log # PBSP-P-04-03039,
which is false. My ADA appeal in question deals with events occurring after
the PBSP-P-04-03039 appeal, therefore dealing with problems existing after
decisions reached in the PBSP-P-04-03039 appeal. Furthermore, the ADA
appeal in questioned requests action not previously requested in the
PBSP-P-04-03039 appeal therefore doesn't duplicate. (See Continuation page)

If you need more space, attach one additional sheet.

B. Action Requested: I ask that the ADA appeal dated 6-28-05 rejected as a duplicate
be processed as it isn't a duplicate. I ask for the requested action
indicated in the 6-28-05 ADA appeal.

Inmate/Parolee Signature: _____   Date Submitted: 7-6-05

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| PBSP | | 18. ADA |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Cockcroft, R | H-86887 | D | | B1-107 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/Institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the Institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

Serious Mental Illness

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Mental Health records for the past 7 years

DESCRIBE THE PROBLEM:

~ Denial of Adequate Mental Health Services ~

Since my return to PBSP on 3-11-05 I've not received adequate mental health services as required by the Federal Courts. This is increasingly have a immense impact on my mental state. I'm having increased mental stress, more depression, more suicidal ideations, more feelings of wanting to cut myself to relief the stress due to being confined to my cell more and more without mental health (See Continuation Page)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
I ask to be provided adequate mental health services as required by the Federal court decisions in Coleman & Madrid. I ask that the court Madrid court investigate why PBSP isn't providing my adequate mental health services in its Pcl as herein described. I ask that I be afforded once a week confidential one on one sessions with my clinician & that I be afforded 10 hrs a week of group therapy as required.

_____                    _____
INMATE/PAROLEE'S SIGNATURE                   DATE SIGNED
                                             7-15-05

CONTINUATION PAGE OF (Describe the Problem)

Services. Not only have I been denied 10 hours a week of group therapy for the past 13 weeks, but more recently since June 13, 2005 to the current date my once a week one on-one session with my clinician haven't occurred due to custody. Rather than a confidential one on-one session my clinician has been required to due cell fronts, which affords no mental health patient confidentiality and under these circumstances I will not discuss my mental health matters in the presence of custody due to their past belittling or making fun of my mental problems. I should not have to be subjected to custodies asinine intolerance to mental health inmate/patients.

I never refuse my assigned group therapy sessions yet for the past 13 weeks I've only been afforded averagely 5 hours a week of group therapy which is only half of the required 10 hours a week of group therapy and is unexceptable. Pursuant to the Federal court decisions in Coleman and Madrid PSU mental health inmate/patients are to be provided 10 hours a week of group therapy, which is being denied to me week-after-week since 3-17-05 when I returned to PBSP. From April to June 3rd of 2005, I was only afforded 1 or 2 three hour group therapy sessions a week. From June 12, 2005 to July 11, 2005 I've only been afforded 2 three hour group therapy sessions and one-on-ones with my clinician have been reduced to cell fronts with no doctor patient confidentiality.

125 <span>茶</span>

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.          Category

1. _____          1. _____

2. _____          2. _____

CLAIMS INADEQUATE TREATMENT

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.          H 86857

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| COCKCROFT | B1-107 | | B1-107 |

A. Describe Problem: _____

SEE ATTACHED 1824

If you need more space, attach one additional sheet.

B. Action Requested: _____

SEE ATTACHED 1824

Inmate/Parolee Signature: _____          Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

⑬

State of California

Department of Corrections
CDC Form 695

**INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM**  R 7-21 TW05

Name  *Cockcroft*

PBSP Log #

Number  *H86887*

BI – 107

Housing

**YOUR APPEAL IS BEING REJECTED/CANCELED AND RETURNED FOR THE FOLLOWING:**

Screening Appeals Rejection Criteria

[ ] 1. The resolution is not within CDC's jurisdiction, CCR 3084.2 (e) and 3084.3 (c) (1).

[X] 2. The appeal duplicates the appellant's previous appeal, CCR 3084.3 (c) (2).
   [ ] (a) Your appeal has been screened out on _____ for _____
   [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____
   [X] (c) Your appeal has been completed at the *2ND level* Level, Log # *604-3039*

[ ] 3. The appeal concerns an anticipated action or decision, CCR 3084.3 (c) (3).

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit, CCR 3084.2 (a), 3084.3 (c) (6), and 3084.6 (c) (effective Nov.96).

[ ] 8. Abuse of the appeal process/Right to Appeal (effective November 1996)
   [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive, CCR 3084.4 (a).
   [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language, the appeal is rejected, CCR 3084.4 (b).
   [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation, CCR 3084.4 (c).
     [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in sections A and B per CCR 3084.2 (a) (1).
     [ ] (2) Only support documentation, necessary to clarify appeal shall be attached to appeal, per CCR 3084.2 (a) (2).
   [ ] (d) Lack of cooperation. Appellant refused to cooperate and / or interview with the reviewer which has resulted in cancellation of the appeal per CCR 3084.4 (d).
     [ ] (1) Your appeal was screened out and returned to you with instructions:
     [ ]    [ ]    [ ]    [ ]
   [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition, as having an adverse affect upon the inmate's welfare, per CCR 3084.1 (a).
   [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview Form).

[ ] 9. Cannot appeal on behalf of another inmate / person, CCR 3084.2 (d) and 3084.3 (c) (7).

[ ] 10. Issue resolved at previous level of Appeal review, CCR 3084.3 (c) (8) and 3084.4 (d)

Comments: *Yar Appealed Mental Health treatment AS Noted above. Yauve Not Identified any New ISSUES, NOR HAVE you Identified any issue Requiring Review Under the Armstrong Remedial plan on AN 1824*

*7/20/05*
Date

*D. W. BRADBURY, CC II*
PBSP Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

PBSP      (695R9905.DOC) (Rev. Nov. 2, 2004) CCR 3084.3(d)      PBSP



**INMATE/PAROLEE**
**APPEAL FORM**
CDC 802 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. _____
2. _____

Category _____
% Access to Med Cart

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Cockcroft, P. | H-86887 | D | B1-107 |

A. Describe Problem: ✗ Medication Carts ✗ For reference purposes in this appeal, in the housing units rotunda going out to the concrete yard there is between entry to the concrete yard area is two electric sliding doors creating a cubical before actual entry to the concrete yard. Hereinafter this specific area will be referred to as the "cubical to the concrete yard".

1. Often I see officer's while medication pass with the psych tech officer's pushing the medication cart.

2. On 7-21-05, officer's Random & Hoover, (who are    (See Continuation Page of section A)

If you need more space, attach one additional sheet.

B. Action Requested: I ask that custody be given exact instructions not to handle medication carts other than to assist the psych. tech. in carrying it up & down the stairs.

2. I ask that psych. tech's be given exact instructions not to allow custody to handle the medication carts other than to assist them in (See Continuation Page of section B)

Inmate/Parolee Signature: Pete Cockcroft    Date Submitted: 7-25-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

808

# CONTINUATION OF SECTION A. (Describe Problem)

the regular officer's who provide safety & security for passing out morning medica-
tion) escorted psych tech. for morning medication pass which was a little behind
today for unknown reasons to me. At approximately 7:24 a.m. (according to the dayroom
clock) while I was standing at my cell door I witnessed % Randow pushing the
medication cart who proceeded with the cart into the cubical to the concrete
yard while ¥ the psych. tech. & % Hoover, entered 'A' section who both stopped at
the lower steps going to the 1st tier. % Randow, For approximately 20 seconds
remained in the cubical to the concrete yard with the medication cart by himself
without the presence of any psych. tech. It is unknown to me or anyone else what
% Randow, did with the medication cart within these 20 seconds, as this is a
area not visible from 'A' section from where I stood at cell 107 & where psych. tech.
stood at the lower stair case to the lower tier by cell 101.

3. % Randow, when he exited the cubical to the concrete yard into 'A' section
without the medication cart proceeded to where the psych. tech. & % Hoover,
were standing at the bottom of the first tier steps & engaged in a conversation
with the psych. tech., which I could not clearly hear but assume they were
discussing where the medication cart was. After approximately 2 minutes of this
discussion % Randow, walk over to the 'A' section podium about 10 feet away
& turned his back to it & placed his hands behind him & lefted himself onto
the podium & just sat there. Approximately 10 seconds later % Hoover, proceeded
out of 'A' section into the cubical to the concrete yard & retrieved the medication
cart & at approximately 7:27 a.m according to the dayroom clock medication pass began.

4. At approximately 8:05 a.m. according to the dayroom clock medication pass was com-
plete when I watched % 's Randow & Hoover, with the psych. tech. bring the medica-
tion cart downstairs & exit 'A' Section.

5. The psych. tech. on 7-21-05 is a regular passing morning medication who usually com-
pletes morning medication 15 to 20 minutes before 8 a.m. unlike today when custudy
was temporary under control of the medication cart. I find that custody handling the
medication cart unlawful & criminal unsupervised as today. As I could not see what
% Randow, was doing with the medication cart nor could the psych. tech. responsible
for it I don't know if he had ill intention with the medical & psychiatrict medications
of the 64 PSU inmates medications. For custody to handle the medication cart other
than to assist the psych. tech. in carrying it up & down the stairs should be illegal,
& extremely disturbing an officer to be in sole possession of a medication cart with
64 mental health inmates/patients medication as occurred today on 7-21-05.

6. At approximately 8:10 a.m. psych. tech. returned to 'A' section & I called her to my cell
& told her in front of officer's Randow & Hoover escorting her that wasn't ¤ cool
this morning the deal with the medication cart. At approximately 11:05 a.m. while
% Hoover, was in 'A' section I called him to my cell & informed him I will be docum-
enting the incident with the medication cart & he said "that's not something I
would of done" referring to % Randow's actions with the medication cart.

7. Under no circumstances should custody have a chance of ill intentions with a
medication cart of 64 inmates psychiatrict medication which can prove to be
fatal should certain medication be improperly mixed, etc.

CONTINUATION PAGE OF SECTION B. ~~====~~ (Action Requested)

carrying it up & down the stairs.
3. I ask that disciplinary actions be established in writing for any officer
found to be handling medication carts other than to assist carrying it up &
down the stairs. I ask for criminal charges against any officer found under
control of any medication carts without the presence of a psych tech.
4. I ask that disciplinary actions be established in writing for any psych. tech.
allowing custody to handle the medication cart other than to assist them in
carrying it up & down the stairs & further disciplinary actions & possibly
termination for allowing custody to be unsupervised with the medication cart.
5. I ask that I not be retaliated against by officer's Randow, Hoover or their
co-workers for filing this appeal. Often subtle retaliation is cell searches, taking
~~property~~ property from inmates cells claiming it altered & other things, withholding
mail, not processing mail, filing disciplinary charges for any minor issue, etc. -
6. I ask not to be retaliated by psych, tech.'s for filing this appeal.
7. Anything short of the above-mentioned action I will immediately file a Motion
in the "Madrid" court for judicial formal action & file a complaint with the
Medical Board of California's central complaint unit in Sacramento for objective
enforcement of the Medical Practice Act. I further will file motions in the
"Plata" case who has taken receivership of CDC's medical & mental health services
for a formal independent investigation. These actions I believe necessary due to
CDC's long history of opposition to mental health services resulting in several
federal court cases to force CDC to mental health standards under strict guide-
lines.



State of California

Department of Corrections
CDC Form 695

### INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name _CONCROFT_

PBSP Log #

Number _H86887_

Housing

**YOUR APPEAL IS BEING REJECTED/CANCELED AND RETURNED FOR THE FOLLOWING**

Screening Appeals Rejection Criteria

[ ] 1. The resolution is not within CDC's jurisdiction. CCR 3084.3 (c)

[ ] 2. The appeal duplicates the appellants previous appeal, CCR 3084
    [ ] (a) Your appeal has been screened out on
    [ ] (b) Your appeal is being reviewed at the
    [ ] (c) Your appeal has been completed at the

[ ] 3. The appeal concerns an anticipated action or decision. CCR 3084

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate
    could/did not submit the appeal within the time limit. CCR

    Abuse of the appeal process/Right to Appeal (effective November)
    [ ] (a) Excessive filings. Submission of more than one
        excessive. CCR 3084.4 (a).
    [ ] (b) Inappropriate statements. The Appeal contains false
        rejected. CCR 3084.4 (b).
    [ ] (c) Excessive verbiage. Appeal cannot be understood or
        documentation. CCR 3084 (c).
        [ ] (1) Only allowed 1 added page, front and back
            per CCR 3084.2 (a)(1).
        [ ] (2)
    [ ] (d) Lack of cooperation. Appellant refused to cooperate
        cancellation of the appeal per CCR 3084.4 (d)
        [ ] (1) Your appeal was screened out and returned to you
    [ ] (e) Failed to reasonably demonstrate the decision, action, policy
        inmate's welfare. per CCR 3084.1 (a).
    [ ] (f) This is a request for information. It is not an appeal. Write to

[ ] 9. Cannot appeal on behalf of another inmate / person. CCR 3084

[ ] 10. Issue resolved at previous level of Appeal review. CCR 3084

Comments: _Value Not Demonstrated_
_Unrecieved access to the_
_An Adverse Effect on you_

Date: AUG 1 2 2005

PBSP Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

### PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

PBSP      (695R9905.DOC) (Rev. Nov. 2, 2004) CCR 3084.3(d)      PBSP

AUG 01

STAFF COMPLAINT

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP

1. _____
2. _____

Log No.
1. _____
2. _____

Category 8/18
905 Access to NEED CHART

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Cockcroft, P. | NUMBER H-86887 | ASSIGNMENT | UNIT/ROOM NUMBER B1-107 |
|---|---|---|---|

A. Describe Problem: On 9-13-05, @ 6:00 p.m. %o's R. Anderson & D. Allen, entered B1 A section. %o Anderson was pushing the psychiatric/medical cart with the 64 inmate/patients medications while %o Allen was walking ahead of the cart. Psychiatric Technician Martinho entered the B1 A section @ 6:02 p.m.

1. Before the Martinho, entered A section, %o's Anderson & Allen took the medication cart with the 64 inmate/patients psychiatric & medical medications up the 1st tier steps from the dayroom. Once the med cart was placed back on the ground %o Anderson reached over & repositioned one of the plastic med cups (See Continuation Page of §A)

If you need more space, attach one additional sheet.

B. Action Requested: That this appeal be processed as a Staff Complaint against officer's Anderson, R. & Allen, D. and psychiatric technician Martinho. That officer's not take control of psychiatric and medical medication carts containing the 64 inmate/patients medications. unsupervised by a medically licensed medical (See Continuation Page of §B.)

Inmate/Parolee Signature: _Peter Cockcroft_   Date Submitted: 9-18-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

64

SEP 2 3 2005

CONTINUATION PAGE OF SECTION A.

(liquid medications are placed in plastic measuring cups). Then both %'s pushed the med cart over to cell 101.

2. This is the 2nd time in less than 2 months officer's have taken control of a PSU medication cart without the presence of a licensed medical personnel.

3. This time while officer's were out of the presence of a medically licensed medical personnel with the med cart "I witnessed a officer actually handling a medication", this is unlawful.

4. I am in fear of my safety and life that officer's at will can take control of psychiatric/medical med carts with 64 inmate/ patients medications unsupervised by a medically licensed medical personnel.

5. These meds all have name cards & a % can identify & select any inmate he/she wishes to alter meds which can result in a overdose or death and it is this factor that has a adverse effect on my welfare including my life. I need not wait for either, to file a602.

6. It is extremely alarming that %'s are permitted to do as herein described & then when an inmate appeal is sought it's rejected as my prior one of 7-25-05. It's equally alarming psychiatric technicians responsible for these controlled meds allow %'s to do this.

7. The prior 7-25-05 appeal is currently under court review for independant investigation as the prison refused to even conduct a investigation.

8. Appeals Coordinator Bradbery, appears to be trying to set a precedent that staff complaints of prison officials/staff expect the investigated absent actual harm even when possible illegal conduct. Pursuant to 28, USC §1716, I declare under penalty of perjury that the foregoing is true and court.

Date: 9-18-05



65

CONTINUATION PAGE OF SECTION B. (Action Requested)

personnel of controlled medications.

1. That psychiatric technicians not permit unauthorized staff (officer's) to take control of controlled medications they are legally responsible for under the California Medical Practice Act unsupervised.

2. In the event again PBSP appeals coordinator rejects this appeal to avoid an internal prison investigation than pursuant to attorney Charles Carbone & Federal court law my administrative remedies are deemed unavailable and in that case I reserved the right to court review for injunctiony and punitive damages in the amount deem appropriate by a jury.

3. I will be submitted both cases of psychiatric technicians giving control of controlled medications to unlicensed staff for review by the board who issued thier license. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing inmate appeal was sent via U.S.P.S. to PBSP's appeals Coordinator Bradbury and that this is true and correct.

Date: 9-18-05

Pete Cockeroft
- Declarant -

R 10-7F-05

State of California

Department of Corrections
CDC Form 695

## INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name  CeckCroft

PBSP Log #

Number  H8le887

Housing  B1 - 07

### YOUR APPEAL IS BEING REJECTED/CANCELED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria

[ ] 1.   The resolution is not within CDC's jurisdiction, CCR 3084.2 ( e)  and  3084.3 (c) (1).

[X] 2.   The appeal duplicates the appellant's previous appeal, CCR 3084.3 (c) (2).
    [X] (a)   Your appeal has been screened out on ___ 8/12/05 ___ by ___ for ___ Screening Appeal
    [ ] (b)   Your appeal is being reviewed at the ___ Level Log #
    [ ] (c)   Your appeal has been completed at the ___ Level Log #

[ ] 3.   The appeal concerns an anticipated action or decision, CCR 3084.3 (c) (3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit, CCR 3084.2(c), 3084.3 (c) (6), and 3084.6(c) (effective Nov.96).

[ ] 8.   Abuse of the appeal process/Right to Appeal (effective November 1996)
    [ ] (a)   Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive, CCR 3084.4 (a).
    [ ] (b)   Inappropriate statements. The Appeal contains false information, profanity or obscene language, the appeal is rejected, CCR 3084.4 (b).
    [ ] (c)   Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or documentation, unrelated documentation, CCR 3084.4 (c).
        [ ] (1)   Only allowed 1 added page, front and back, to describe the problem and action requested. Sections A and B per CCR 3084.2 (a) (1).
        [ ] (2)   Only support documentation necessary to clarify appeal shall be attached to appeal per CCR 3084.2 (a) (2).
    [ ] (d)   Lack of cooperation. Appellant refused to cooperate and / or interview with the reviewer which has resulted in cancellation of the appeal per CCR 3084.4 (d).
        [ ] (1)   Your appeal was screened out and returned to you with instructions:
    [ ] (e)   Failed to reasonably demonstrate the decision, action, policy, or condition, as having an adverse effect upon the inmate's welfare, per CCR 3084.1 (a).
    [ ] (f)   This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview Form).

[ ] 9.   Cannot appeal on behalf of another inmate / person, CCR 3084.2 (d)  and  3084.3 (c) (7).

[ ] 10.   Issue resolved at previous level of Appeal review, CCR 3084.3 (c) (8)  and  3084.4 (d).

Comments: ___

D.W. BRADBURY, CC II
PBSP Appeals Coordinator

Date  10/6/05

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

### PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

PBSP      (695R9905.DOC) (Rev. Nov. 2, 2004) CCR 3084.3(d)      PBSP

67

CLASS-ACTION APPEAL _pursuant to CCR, §3084.2(F)_

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  1. PBSP  2. _____

Log No. 705-02269  Category 8/17

TIME IN MENTAL HEACT
GROUP SESSIONS.

1. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Pete Cockeroft, et al. | H-86887 | D | B3-107 |

A. Describe Problem: CLASS-ACTION STAFF COMPLAINT Against PSU Treatment Center % S. Curtis —

1. On 7-20-05 % S. Curtis (Subject), was the PSU Treatment Center officer assigned to the front desk documenting & directing Mental Health (MH) inmate's (i/m)/patients being loaded for group therapy & was responsible for notifying Psychiatric Technicians (Psych. Tech.) /Clinician's when their groups are loaded & ready to begin. Subject on 7-20-05 did not promptly notify group room #2 Psych. Tech Pearson, that his group was loaded & ready to begin. Subject waited 20 minutes to notify Psych. Tech. Pearson, his group was loaded & ready to begin. → (SEE CONTINUATION PAGE OF $A)

If you need more space, attach one additional sheet.

B. Action Requested: This Class-Action of MH i/m's/patients filing this Staff Complaint appeal pursuant to CCR, §3084.2(f), for subjects intentional obstruction of our MH services resulting in us not being afforded are entire 3 hour group therapy session due to his failure to promptly notify Psych. Tech. Pearson, (SEE CONTINUATION PAGE OF $B)

Inmate/Parolee Signature: _Pete Cockeroft, et al._  Date Submitted: 8-1-05

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: BYPASS

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

CONTINUATION PAGE OF SECTION A (Describe Problem)

2. The clock in group room #2 read 8 a.m. when the last MH i/m/patient being Krewes, was loaded into room #2, cell #5. The group room #2 clock read 8:25 a.m. when Psych. Tech. Pearson, entered group room #2 to conduct his group therapy session. I immediately asked Psych Tech. Pearson, when subject notified him his group was loaded & ready to begin & he replied 5 minutes ago. The 5 MH i/m/patients in this group therapy session were clearly upset subject failed to follow Psychiatric Treatment Center Procedures even after at least 2 of the MH i/m/patients inquired if subject notified Psych Tech Pearson, his group was load & ready to begin. These 2 inquiries were made between 8 a.m. & 8:25 a.m. while subject was sitting at the PSU Treatment Center Front desk.

3. Due to "safety & security" reasons Psych Tech's/Clinician's conducting group therapy sessions aren't suppose to stand in the group rooms while groups are being loaded & for the same reason Psych. Tech's/Clinician's aren't suppose to stand in the hallways in the path of groups being loaded.

   (a) With this in mind ADA appeal log # PBSP-P 04-03039, under Describe Problem, section 2, complained about PSU Treatment Center Officer's not promptly notifying Psych. Tech's/Clinician's their groups were loaded & ready to begin. The decision reached in reference to this by PSU Facility Captain C.M. Patton, & Associate Warden of Health Care Operations B.J. O'Neill, was that PSU Treatment Center Officer's will promptly notify Psych. Tech's/Clinician's when their groups are loaded & ready to begin. (See ADA appeal log # PBSP-P-04-03039, 1st Level Response under Determination of Issue, section 2a.)

4. Due to subjects failure to comply with Psychiatric Treatment Center Procedures, "that officer's promptly notify Psych. Tech's/Clinician's when their groups are loaded & ready to begin" this class-action appeal is being filed as a Staff Complaint against subject.

   5. This section is added to comply with appeals coordinator Bradbury, instr-

(See Reverse Side of Continuation Page # 24)

27

uctions to provide more information indicated in his CDC Form 695 dated 8-15-05, that I got on 8-16-05 thru the institutional mail. Pursuant to the time of the 7-20-05 group in questioned at which it "concluded", attached is three (3) affidavits from envolved appellant's stipulating this 7-20-05 groups conclusion & further documentary evidence pursuant to C.C.R., §3084 et seq., pursuant to this, this added continuation page & its reverse side, also refer to Inmate Appeal Log # PBSP-P-04-03039 in which stipulates officers are to promptly inform group therapists when their group is loaded, "in which % Curtis, did not", resulting in our three (3) hour group therapy to be arbitrarily obstructed: not only by % Curtis's failure to intentional failure to notify the group therapist his group was loaded & ready to begin but also his further action of interrupting the group before its conclusion. By doing this he further violated in my opinion psychiatric treatment centers procedure in which he's not to dictate group therapy time, e.g. what time it's to end. (See Appeal log # PBSP-P-04-03039, 1st level Response, page 3 under Determination of issues.) % Curtis's arbitrary actions resulted in appellant's group therapy to be cut short by 20 minutes, had % Curtis promptly notified Pearson we would of had our entire 3 hour group therapy session.

I, Pete Cockcroft, pursuant to 28 U.S.C. §1746 declare under penalty of perjury the foregoing complaint are true, except as to matters alleged on information and belief, and as to those I believe to be true and correct:

Executed this 1st day of August 2005.

_Pete Cockcroft_
P.T. Cockcroft
~ Declarant ~

28

CONTINUATION PAGE OF SECTION B (Action Requested)

that his group was loaded & ready to begin had a adverse effect on our welfare as we became psychologically stressed when we inquired subject notifying Psych. Tech. Pearson, his group is loaded & found out he infact did not for 20 minutes which adversly denied ~~the entire & hour~~ part of the 3 hour group therapy session.

2. Due to a new computer system MH staff must now enter all MH treatment into the computers including group therapy attendence, resulting in group therapy sessions being ended earlier to perform such entries into the computers.

3. Had subject promptly notified Psych. Tech. Pearson, his group was loaded & ready to begin at 8:00 a.m. we would have gotten our entire 3 hours of group therapy. Subjects intentional obstruction of our MH services is in violation of Psychiatric Treatment Center Procedures & Federal case law decisions in "Coleman" & "Madrid". We further ask that PSU Treatment Center C/o S. Curtis, not operate in the same capacity of notifying Psych. Tech.'s/Clinician's when their groups are loaded & ready to begin intill such time PSU Facility Captain C.M Patton, & Associate Warden of Health Care Operations B.J. O'Neill, can ensure subject will follow Psychiatric Treatment Center Procedures of promptly notifying Psych. Tech's/ Clinician's when their groups are loaded & ready to begin.

4. We further ask not to be retaliated against by subject or his co-workers for filing this Staff Complaint appeal. Subtle ~~retaliation~~ retaliation often consists of cell searches, not asking I/m/patients if they wish to attend group therapy, withholding mail etc.

5. It has clearly been indicated custodial, time keeping & mental health time keeping & mail thereof, accross, do not correspond, (See HCS #'s M-07 & M-06)(over)

Appeal attachments consist of:

1. Inmate Appeal with one continuation page to section A & B of the appeal allowed & authorized by CCR, § 3084.2(a)(1).

2. Supporting documentation Class Action signatures, names, etc. pursuant to CCR, § 3084.2(f).

3. Supporting documentation consisting of 3 affidavits by class action members pursuant to C.C.R, § 3084.2(a)(2) & 3084.3(d) in which appeals coordinator ask for this further information.

4. Appeals Coordinators CDC 695 forms dated 8-15-05 & 9-20-05 asking for more information.

5. Supporting documentation consisting of Inmate Request For Interview stipulating by mental health that groups are 3 hours. This is to comply with appeals coordinators 9-20-05 695 For more information

State of California

Department of Corrections
CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: Cockcroft                    PBSP LOG NO: _____

CDC #: H86887   CDC HOUSING: B1-107   OTHER LOG #: _____

YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[ ]  4. In violation of CCR 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must
        attach evidence that shows you attempted Informal resolution, prior to the
        appeal being assigned to the First or formal Level of Appeal review.
        If a staff member fails to respond after 10 working days, use the Chain of Command
        and submit the Appeal to that staff members Supervisor, or unit/area Supervisors.

| | | | |
|---|---|---|---|
| [ ] Counselor | [ ] PBSP R&R | [ ] Med Clinic | [ ] Records |
| [ ] Unit Officer | [ ] PSU Prop. | [ ] Dental Clinic | [ ] I/M Assign |
| [ ] Mail Room | [ ] PBSP SHU Prop. | [ ] Psych Office | [ ] PBSP Trust Office |
| [ ] Law Library | [ ] Food Serv | [ ] Med Records | [ ] Plant Ops |
| [ ] Work Supervisor | | [ ] Other | |

[ ]  5. You have not adequately completed the CDC Form 602, or have not attached the
        proper documents. Follow instructions, attach the items noted below, send what
        documents you have, or explain why they are not available, 3084.3(c)(5):

| | |
|---|---|
| [ ] Supporting Documents & Receipts | [ ] CDC 1845 Disability Verification |
| [ ] GA 22 Request For Interview | [ ] CDC 1824 Reasonable/Accommodation |
| [ ] CDC 115 Results With final dispo | [ ] CDC 7362 Health Care Req Co-Pay |
| [ ] CDC 115 IE/DA information/Report | [ ] CDC 128-C Medical Chrono |
| [ ] CDC 115 Supplemental Reports | [ ] Cell Search Slip |
| [ ] CDC 114-D Lockup Order | [ ] Property Inventory Receipt |
| [ ] CDC 1030 Confidential Disclosure | [ ] CDC 143 Prop. Transfer Receipt |
| [ ] Lab Results Sheet | [ ] Package Inventory Slip |
| [ ] CDC 7219 Medical Report | [ ] Proof of Ownership / Value |
| [ ] CDC 128-A _____ | [ ] Board of Control Release Form |
| [ ] CDC 128-B _____ | [ ] Trust Statement |
| [ ] CDC 128-G _____ | [ ] CDC 193 Trust Acct Wthdrwl Ord |
| [ ] CDC 629A / 629B Assess SHU Term | [ ] Legal Status Summary |
| [ ] CDC 812 / A / B Critical / Enemy | [ ] Abstract of Judgment (AOJ) |
| [ ] CDC 839/840 Class/Reclass Score | [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis. |
| [ ] CDC 958 Restoration Request | [ ] Emerg. unwarranted CCR 3084.7(a)(2)(A) |
| [ ] CDC 1819 Correspondence Denial | [ ] Failed to Complete Section _____ |
| [X] Other More Information | [ ] Sign & Date Section _____ |
| | [ ] CDC Form 602 _____ |

[ ]  7. The issue has been resolved, PBSP Appeal Log No. _____. A copy
        of the Second Warden's(s) Level of Appeal review is attache. CCR 3084.2(g)(1)(2)(3).

[ ]  8. Abuse of the appeal procedure;

Comments: You State the grono Regan At 8.25
AM You NEVER State When it Concluded.
Please INDICATE WHEN THE GROUP Concluded.

_____   AUG 15 2005
D. W. BRADBURY, CC II                   Date
PBSP Appeals Coordinator

        This screening action may not be appealed unless the above reason/s are inaccurate
        and the inmate can provide supporting arguments against the screening decision.

PERMANENT APPEAL ATTACHMENT  -  DO NOT REMOVE

PBSP    (695-SOUT.DOC) (Rev. Nov. 2, 2004) CCR 3084.3(d)    PBSP

State of California                                                    Department of Corrections
                                                                              CDC Form 695

**INMATE/PAROLEE APPEALS SCREENING FORM**

NAME: _Cockcroft_                          PBSP LOG NO: _____

CDC #: _H86887_    CDC HOUSING: _B1-107_    OTHER LOG #: _____

**YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):**

[,]  4. In violation of CCR 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must
     attach evidence that shows you attempted Informal resolution, prior to the
     appeal being assigned to the First or formal Level of Appeal review.
     If a staff member fails to respond after 10 working days, use the Chain of Command
     and submit the Appeal to that staff members Supervisor, or unit/area Supervisors.

     [ ] Counselor         [ ] PBSP R&R      [ ] Med Clinic       [ ] Records
     [ ] Unit Officer      [ ] PSU Prop.     [ ] Dental Clinic    [ ] I/M Assign
     [ ] Mail Room         [ ] PBSP SHU Prop.[ ] Psych Office     [ ] PBSP Trust Office
     [ ] Law Library       [ ] Food Serv     [ ] Med Records      [ ] Plant Ops
     [ ] Work Supervisor                     [ ] Other _____

  5. You have not adequately completed the CDC Form 602, or have not attached the
     proper documents.  Follow instructions, attach the items noted below, send what
     documents you have, or explain why they are not available, 3084.3(c)(5):

     [ ] Supporting Documents & Receipts        [ ] CDC 1845 Disability Verification
     [ ] GA 22 Request For Interview            [ ] CDC 1824 Reasonable/Accommodation
     [ ] CDC 115 Results With final dispo       [ ] CDC 7362 Health Care Req Co-Pay
     [ ] CDC 115 IE/DA information/Report        [ ] CDC 128-C Medical Chrono
     [ ] CDC 115 Supplemental Reports           [ ] Cell Search Slip
     [ ] CDC 114-D Lockup Order                 [ ] Property Inventory Receipt
     [ ] CDC 1030 Confidential Disclosure       [ ] CDC 143 Prop. Transfer Receipt
     [ ] Lab Results Sheet                      [ ] Package Inventory Slip
     [ ] CDC 7219 Medical Report                [ ] Proof of Ownership / Value
     [ ] CDC 128-A _____                      [ ] Board of Control Release Form
     [ ] CDC 128-B _____                      [ ] Trust Statement
     [ ] CDC 128-G _____                      [ ] CDC 193 Trust Acct Wthdrwl Ord
     [ ] CDC 629A / 629B Assess SHU Term        [ ] Legal Status Summary
     [ ] CDC 812 / A / B Critical / Enemy       [ ] Abstract of Judgment (AOJ)
     [ ] CDC 839/840 Class/Reclass Score        [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
     [ ] CDC 958 Restoration Request            [ ] Emerg. unwarranted CCR 3084.7(a)(2)(A)
     [ ] CDC 1819 Correspondence Denial         [ ] Failed to Complete Section _____
     [X] Other _____                          [ ] Sign & Date Section _____
                                                [ ] CDC Form 602 _____

[ ]  7  The issue has been resolved, PBSP Appeal Log No. _____ .  A copy
        of the Second (Warden's) Level of Appeal review is attached CCR 3084.2(g)(1)(2(3).

[ ]  8. Abuse of the appeal procedure: _____

Comments: _PROVIDE POLICY, procedures, Regulation ETC THAT MANDATES_
_(Making Sessions LAST FOR A FULL 3 HOURS,_

_9/20/05_
                                              Date

D. W. BRADBURY, CC II
PBSP Appeals Coordinator

     This screening action may not be appealed unless the above reason/s are inaccurate
     and the inmate can provide supporting arguments against the screening decision.

              PERMANENT APPEAL ATTACHMENT  -  DO NOT REMOVE

R10-31M05

State of California

Department of Corrections
CDC Form 695

## INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name _Bockcroft_        PBSP Log # _____

Number _H86887_        Housing _B1-107_

## YOUR APPEAL IS BEING REJECTED/CANCELED AND RETURNED FOR THE FOLLOWING:

### Screening Appeals Rejection Criteria

[ ] 1.    The resolution is not within CDC's jurisdiction, CCR 3084.2 ( e) and  3084.3 (c) (1).

[ ] 2.    The appeal duplicates the appellant's previous appeal, CCR 3084.3 (c) (2).
     [ ] (a)    Your appeal has been screened out on _____ for _____
     [ ] (b)    Your appeal is being reviewed at the _____ Level, Log # _____
     [ ] (c)    Your appeal has been completed at the _____ Level, Log # _____

[ ] 3.    The appeal concerns an anticipated action or decision, CCR 3084.3 (c) (3).

[ ] 6.    The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit, CCR 3084.2 (c), 3084.3 (c) (6), and  3084.6 (c) (effective Nov.96).

Abuse of the appeal process/Right to Appeal (effective November 1996)
     [ ] (a)    Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive, CCR 3084.4 (a).
     [ ] (b)    Inappropriate statements. The Appeal contains false information, profanity, or obscene language, the appeal is rejected, CCR 3084.4 (b).
     [ ] (c)    Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation, CCR 3084.4 (c).
       [ ] (1)    Only allowed 1 added page, front and back, to describe the problem and action requested in sections A and B per CCR 3084.2 (a) (1).
       [ ] (2)    Only support documentation, necessary to clarify appeal shall be attached to appeal, per CCR 3084.2 (a) (2).
     [ ] (d)    Lack of cooperation. Appellant refused to cooperate and/or an interview with the reviewer which has resulted in cancellation of the appeal per CCR 3084.4 (d).
       [ ] (1)    Your appeal was screened out and returned to you with instructions:
         [ ]              [ ]              [ ]              [ ]
     [X] (e)    Failed to reasonably demonstrate the decision, action, policy, or condition, as having an adverse affect upon the inmate's welfare, per CCR 3084.1 (a).
     [ ] (f)    This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview Form).

[ ] 9.    Cannot appeal on behalf of another inmate / person, CCR 3084.2 (d) and 3084.3 (c) (7).

[ ] 10.    Issue resolved at previous level of Appeal review, CCR 3084.3 (c) (8) and 3084.4 (d).

Comments: _Your Supporting Documentation on_
_on the Attached  CA-22 of 10/3/05. Clearly_
_States "as time permits". This stipulation indicates_
_No policy was violated._

_____        _10/27/05_
D. W. BRADBURY, CC II              Date
PBSP Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

OCT 11 2005

# CLASS-ACTION Staff Complaint Against ℅ Curtis

| LAST NAME | SIGNATURE | CDC # | HOUSING |
|---|---|---|---|
| 1. Cockcroft | Peter Cockcroft | H-86887 | B1-107 |
| 2. McElveen | McElveen | K-58024 | B+-122 |
| 3. Brewer | Funderlon Brewer | J-01075 | B2-130 |
| 4. Steed | James Steed | J66537 | B-2-212 |
| 5. Johnson | | J-44800 | B2-129 |

# AFFIDAVIT / DECLARATION

I, James Steed, declare under penalty of perjury:

On 7-20-05 before Pearson came into group at 8:25 two i/m asked Curtis if he told Pearson his group was loaded. At about 8:05 the last inmate attended group was loaded. When Pearson did come into our group inmate Cockcroft asked him how long ago did Curtis tell you your group was loaded. Pearson indicated five minutes ago. We all then started complaining to Pearson it took Curtis 20 minutes to tell you so now we're not gonna get ~~a~~ our full three hour group. Around 11:05 Curtis poked his head in the door interrupted are group asking Pearson basically to end group and Pearson agreed.

Pursuant to 28 U.S.C. section 1746 I declare under penalty of perjury that the foregoing statements are true and correct.
Executed August 24, 2005 at Crescent City Calif.

_James Steed_
James Steed
-Declarant-

AFFIDAVIT / DECLARATION

I, Bobby McElveen, CDC #K-58823, declare under penalty of perjury.
I am 18 years of age or older and a party to the within cause and if called
to testify to the within information, I will so testify based on my knowledge
of the following information:

On Tuesday I attended group with psych tech Pearson. Prior to
group starting when groups were loaded for Brewer, was the last who loaded
at 8:05am. At 8:01am I asked to Curtis, who was working the desk if he
notified Pearson that our group was ready to begin. At approximately 8:12am
5 minutes later and another time in my group asked to Curtis, the same
thing. At 8:15am Pearson entered my group room and I heard Jim Cockcroft,
ask him how long ago did he (Curtis) tell you your group was loaded.
I heard Pearson tell Cockcroft 5 minutes ago, why.
At 11:05am to Curtis opened our group room door and asked Pearson
how much longer... I heard Pearson say "now" if you want

Pursuant to 28 USC §1746, I Bobby McElveen declare under penalty
of perjury that the foregoing is true and correct.

Date: 8-23-05.

McElveen
Bobby McElveen
-Declarant-

AFFIDAVIT DECLARATION

I, Brewer J-01075, declare under penalty of perjury:

I am 18 years of age or older and a party to the within cause and if called to testify to the following, I will so testify based on my knowledge of the following information:

1. 7.20.05 I was the last the placed in Pearson's group at approximately 8:05am. # Shortly afterwards I asked C/o Curtis, if he told pearson we were ready. Before me C/m McEwen asked the same. 8:25am?, Pearson came into room 2 and C/m Cockerell asked him when Curtis told him his group was ready. Pearson told Cockerell 5 minutes ago. Before 11:07am Curtis opened the door asking Pearson is he about done how much longer and Pearson said now if you want

Pursuant to 28USC section 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of August 2005 at Crescent City, California

<u>Timberlon Brewer</u>
Timothy Brewer J-01075
- Declarant

(23)

STATE OF CALIFORNIA
GA-22 (9/92)

Proper

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS (

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| 10-3-05 | Psychiatric Technician ~~Person~~ Cockcroft | | H·86887 |

HOUSING
B1-107

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

CDC NUMBER
FROM

ASSIGNMENT HOURS
FROM                    TO

## Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Question #1

What policy, procedure, regulation etc. mandates a.m. & noon group sessions
last for a full (3) hours. Or indicate who (mental health staff) has established
a.m. & noon group sessions last for 3 hours.

Question #2

INTERVIEWED BY
M· PROPER (A)SLPT.

DATE
10-3-05

DISPOSITION

WE TRY TO RUN OUR AM + NOON GROUPS FOR THREE HOURS AND PM
GROUPS ARE 2 HOURS AS TIME PERMITS • AM GROUPS END AT 1110 +
NOON GROUPS RUN AS UP TO 1530

(30)

To    : D.W. Bradbury, CCII.

From : Inmate Cockcroft H-96887 @ B1-107

Date  : 8·24·05

Mr. Bradbury, on 8-1-05 I sent you a Class-Action Staff Complaint against officer S. Curtis. This appeal was sent to you via the U.S. mail with a Proof of Service by Mail.
On 8-16-05, I received through the institutional mail this Class-Action Staff Complaint back indicating: I didn't adequately complete the CDC form 602, or have'nt attached the proper docu- ments. Follow instructions, attach the items noted below, send what documents you have, or explain why they aren't available, 3084.3(C)(5):
within this further information to adequately complete the CDC form 602 you ask for more information, specifically under comments, in which you state:

You state the group began at 8:25 but you never state when it concluded. Please indicate when the group concluded.

To comply with your instructions please read §A (Describe Problem) subsection 5 which is on the continuation page of §A both sides of the continuation page of subsection 5 provides you the added information you instructed me to provide and in addition to §A, subsection 5 I provided supporting information to fully provide as is needed to process the appeal.

Pete Cockroft
Peter Cockcroft

20

10-4-05

Dear Mr. Bradbury, appeals coordinator,

On 9-30-05, I received my class-action staff complaint against officer Curtis back with yet another Inmate/Parolee Appeals Screening Form (CDC Form 695) dated by you 9-20-05. Again you ask for more information specifically "Provide, policy, procedure, regulation etc. that mandates groups sessions last for a full (3) hours."

You've also have <s>provided</s> assigned inmate appeal log # PBSP-P-05-62269 this time & have written "bypass" on the Informal Level Response & section D. of the appeal.

The information your asking for is within the authority & control of mental health staff (Senior Psychiatric Technician) responsible for the operations & duration group session are. This is also stipulated authority in appeal log # PBSP-P-04-02607 by Dr. Winslow, HCM. In any event please see the attached Inmate Request For Interview in which the acting senior psychiatric technician indicates 3 hours is the duration of a.m. & noon groups.

Pete Cockeroft

(16)

## PROOF OF SERVICE BY MAIL
(28 U.S.C. § 1746)

I, Pete Cockcroft, declare:

I am over 18 years of age and a party to this action. I am a resident of Pelican Bay State Prison, in the county of Del Norte, California. My address is P.O. Box 7500, Crescent City, California 95532.

On 10:4-05, I served the attached documents:

1. letter to appeals coordinator with attached GA-22 to comply with the requested information in the CDC form 695 of 9-20-05

2. Appeals coordinator's CDC 695 forms dated 8-15-05 & 9-20-05 in which further information was requested to support 602

3. Three (3) affidavits from appellant's of Bradbury's requested information of the 8-15-05 CDC 695 form.

4. The Class-Action Citizens Complaint against officer Curtis; with continuation pages of sections A & B pursuant to C.C.R., §3084.2(a)(1); & Class-Action appellant's names, signatures, etc. pursuant to CCR §3084.2(f)

on the party herein-mentioned below by placing a true & correct copy(ies) thereof, enclosed in a envelope, with postage (Indigent envelope pursuant to C.C.R., §3134) fully paid, in the U.S. mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

D.W. Bradbury, C C-II
5905 Lake Earl Drive
P.O. Box 7000
Crescent City, California
95531

I declare under penalty of perjury under the laws of the U.S. of America that the foregoing is true and correct.

Executed this 4th day of September 2005

Pete Cockcroft
- Declarant

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
PBSP

1. ___
2. ___

Log No.
1. ___
2. ___

Category.

CLAIM ☑ Seamons
INAPPROPRIATELY CANCEL

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Cockcroft, Pete | H-86887 | | B1-107 |

A. Describe Problem: ~~Request~~ ✗ Staff Complaint against officer D. Seamons (Subject) ✗
1. Subject intentionally obstructed appellants access to mental health group therapy services.
2. On 9-20-05, I asked psychiatric technician Pearson ⇒ via a Inmate Request. For Interview (Form GA-22) if he instructed &/or informed subject on 9-14-05 to not allow me to goto group therapy? Pearson states "No", & that subject was even informed of the policy not to cancel group therapy due to a late med pass. (See Attached GA-22) (See Continuation Page of Section A.)

If you need more space, attach one additional sheet.

B. Action Requested: This appeal be processed as a Staff Complaint against officer D. Seamons for intentionally obstructing appellants access to mental health group therapy order under "Madrid" & "Coleman" case law.
1. To prevent officer's inappropriately obstructing (See Continuation Page of Section B.)

Inmate/Parolee Signature: Pete Cockcroft                    Date Submitted: 10-25-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Notice to Appeals Coordinator ; 1 continuation page pursuant to CCR 3CR 3084.2(a)

CONTINUATION PAGE OF SECTION A. (Describe Problem)

3. All PSU officer's are aware of the decision rendered in November of 2004 regarding when there is a late medication pass & there is at least a hour & a half left of group therapy time left that groups are to be loaded & ran & absent safety & security reasons custody cannot cancell group therapy. (See ADA appeal log # PBSP-P-04-02607)

4. It was supervisory custody personels responsibility within 90 days to implement this policy in PBSP-P-04-02607 appeal. It's been will over 90 days when subject decided he'd cancell group therapy on 9-14-05 dening me access to mental health group therapy session ordered under Madrid & Coleman.

5. On 9-15-05 when appellant ask subject if he ~~said the completely~~ ~~indicated~~ cancelled my 9-14-05 group therapy session I was assigned to. Subject's response was "yes & no", indicating he told the unit officer's not to bring me over for group & that Pearson informed him to cancell his group, in which on 9-20-05 I found out Pearson had not told subject to cancell his group therapy session.

6. On 9-14-05 med pass was completed at 8:50a.m. leaving more than 2 hours left of group therapy time appellant could have received.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury the foregoing is true and correct, except for that on information & belief and as to those I belief them to be true and correct.

Date: 9-25-05

Declarant
- Pete Cockcroft -

7. On 9-27-05, % Seamons passed my cell & did not ask me if I wanted to go to group. Later when I asked him why he said because you always go to group. Again this shows subjects failure to follow policys

Notice to Appeals Coordinator: CCR, §3084.2(a)(1) (1 continuation page)

## CONTINUATION PAGE OF SECTION B. (Action Requested)

mental health group therapy sessions for any reasons except safety & security purpose ~~unless and~~ I ask for the following:

(a) in addition to the policy granted in appeal log # PBSP-P-04-02607 that mental health group therapy session are not to be cancelled by custody when there is a hour & a half or more of group therapy time left, that also now the following occur:

(b) only supervisory staff (Sergeant & Senior Psychiatric Technician) can cancell a group therapy session in part or whole affecting one or more mental health inmate/patient; and

(c) officer's must get approval from supervisory staff to cancell group therapy sessions in part or whole to ensure group therapy sessions are not inappropriately being denied.

2. I ask for punitive damages against officer D. Seamons for intentionally obstructing my mental health services under court order in "Madrid" & "Coleman."

3. I will further seek sanctions in "Madrid" and in the event PBSP appeals coordinator refuses to process this appeal as a citizens complaint against officer Seamons, as been his normal course of action rendering the Inmate appeal process unavailable to this appellant regarding mental health service matters, appellant will seek further sanctions for obstruction of investigation of mental health services obstruction by PBSP PSU prison officials. This is intended solely to put the appeals coordinator on notice as appellant has been advised to by legal counsel attorney Charles Carbone.

STATE OF CALIFORNIA
GA-22 (0/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 9-20-05 | Psych Tech Pearson | Cockcroft | H-66887 |

| HOUSING | | JOB NUMBER | TO |
|---|---|---|---|
| B1-107 | | FROM | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | TO |
|---|---|---|
| | FROM | |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Question #1
Pearson on 9-14-05 did you specifically tell custody not to run your

AM Risk group. I have a assigned position to, due to late med pass

In B1. ? @Question #2
Did you show custody Dr. Winslows order that groups are to

be run if there is 1½ hours left of group when a late med pass occur's

INTERVIEWED BY

DISPOSITION

Question #1 "No, Question 2 "yes, my understanding was it would occur"

To custody into that day

| | DATE |
|---|---|
| | 9-20-05 |

13

R10-27ThO5

State of California

Department of Corrections
CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: _Carcroft_   PBSP LOG NO: _____

CDC #: _H81887_   CDC HOUSING: _B1-107_   OTHER LOG #: _____

### YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[X] 4. In violation of CCR 3084.2(b), 3084.3(c) (4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted Informal resolution, prior to the appeal being assigned to the First or formal Level of Appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff members Supervisor, or unit/area Supervisors.

[ ] Counselor            [ ] PBSP R&R         [ ] Med Clinic       [ ] Records
[ ] Unit Officer         [ ] PSU Prop.        [ ] Dental Clinic    [ ] I/M Assign
[ ] Mail Room            [ ] PBSP SHU Prop.   [ ] Psych Office     [ ] PBSP Trust Office
[ ] Law Library          [ ] Food Serv        [ ] Med Records      [ ] Plant Ops
[ ] Work Supervisor                           [X] Other _Sergeant_

[ ] 5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions, attach the items noted below, send what documents you have, or explain why they are not available, 3084.3(c)(5):

[ ] Supporting Documents & Receipts       [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview            [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo       [ ] CDC 7362 Health Care Req Co-Pay
[ ] CDC 115 IE/DA information/Report        [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports           [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order                 [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure       [ ] CDC 143 Prop. Transfer Receipt
[ ] Lab Results Sheet                      [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report                [ ] Proof of Ownership / Value
[ ] CDC 128-A _____              [ ] Board of Control Release Form
[ ] CDC 128-B _____              [ ] Trust Statement
[ ] CDC 128-G _____              [ ] CDC 193 Trust Acct Wthdrwl Ord
[ ] CDC 629A / 629B Assess SHU Term        [ ] Legal Status Summary
[ ] CDC 812 / A / B Critical / Enemy       [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score        [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
[ ] CDC 958 Restoration Request            [ ] Emerg. unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial         [ ] Failed to Complete Section _____
[ ] Other _____                  [ ] Sign & Date Section _____
                                           [ ] CDC Form 602 _____

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____ . A copy of the Second (Warden's) Level of Appeal review is attached CCR 3084.2(g)(1)(2)(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: _____

_D. W. BRADBURY, CC II_   Date _10/26/05_
PBSP Appeals Coordinator

This screening action may not be appealed unless the above reason/s are inaccurate and the inmate can provide supporting arguments against the screening decision.

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

OCT 07 2005

PBSP   (695-SOUT.DOC) (Rev. Nov. 2, 2004) CCR 3084.3(d)   PBSP