1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: (916) 324-5205

9  Attorneys for Defendants
   CF1997CS0003
10

11                    IN THE UNITED STATES DISTRICT COURT
12                    FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14

15 **RALPH COLEMAN, et al.,**                 CASE NO. CIV S-90-0520 LKK JFM P

16                          Plaintiffs,       **DECLARATION OF LISA TILLMAN IN SUPPORT OF DEFENDANTS' SECOND FURTHER RESPONSE TO PLAINTIFFS' NOTICE OF NONCOMPLIANCE RE: CPR POLICY AND IMPLEMENTATION**

17         v.

18 **ARNOLD SCHWARZENEGGER, et al.,**

19                          Defendants.

20

21                                            Hearing:   February 15, 2006
                                              Time:      1:30 p.m.
22                                            Courtroom: Four
                                              Judge:     The Honorable
23                                                       Lawrence K. Karlton

24         I, Lisa Tillman, declare:

25         1.   I am an attorney licensed to practice before all the courts of the State of California

26 and am admitted to practice before the United States District Courts for the Northern, Eastern

27 and Southern Districts of California. I am the deputy attorney general assigned to represent the

28 Defendants in this matter.

2. I have personal knowledge of the facts stated in this declaration and could testify to them.

3. In the week of October 17, 2005, Defendants' counsel conferred with Plaintiffs' counsel and the Special Master about the CPR policy distributed to the field.  With the help of Special Master Keating and his experts, Defendants' counsel and Plaintiffs' counsel were able to agree upon the language now stated in the October 21, 2005 amended CPR policy memo.

4. On December 14, 2005, a teleconference was held with Plaintiffs' counsel and Special Master Keating.  During that teleconference, Plaintiffs' counsel indicated their desire to have every warden sign a declaration attesting to compliance with the June 9, 2005 court order concerning CPR.

5. On January 3, 2006, a teleconference was held with Plaintiffs' counsel concerning the status of CPR compliance efforts.  In a stipulation filed January 4, 2006, the parties agreed that the hearing on CPR efforts would be continued and that the Defendants would submit declarations from the wardens systemwide attesting that:

- the institution has trained all of its designated correctional officers who are available for training (i.e. who are not on medical, family, disability, military or other leave) in the October 21, 2005 amended CPR policy, in the use of the CPR mouth shield, and in the performance of CPR;
- the institution has implemented a written procedure for replacing CPR mouth shields that have been used or that have been lost;
- the institution has taken an inventory of the cut-down kits in the institution and determined that there is a cut-down kit in every housing unit.  If the warden delegates the inventory to a member of his or her staff, his or her declaration shall identify the name of the person who performed the inventory, the date of the inventory and indicate that he or she has personally reviewed and approved the results of the inventory;
- as part of the inventory of cut-down kits, the institution has determined that CPR mouth shields and blood-borne pathogen protection equipment are available as part of every cut-down kit.

1 | The stipulation was approved and made an order of the Court on January 4, 2006.

2 | I declare under the penalty of perjury that the foregoing is true and correct.

3 | Dated: January 31, 2006    By:    */s/ Lisa Tillman*

4 | Lisa Tillman