| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>KEITH WATTLEY Bar No.: 203366<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & ASARO, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>THOMAS NOLAN Bar No.: 169692<br>155 Montgomery Street, 8th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MEGHAN R. LANG IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO THE FIFTEENTH MONITORING REPORT OF THE SPECIAL MASTER**<br><br>**HEARING**<br><br>Date:    To be determined<br>Time:    To be determined<br>Location:    Courtroom 4<br>    The Honorable Lawrence K. Karlton |

I, Meghan R. Lang, hereby declare:

1. I am an attorney admitted to practice law in California and an associate of the law firm Rosen, Bien & Asaro LLP, one of the counsel of record for the plaintiff class in this case. I have personal knowledge of the matters stated herein and if called as a witness I could and would competently so testify. I make this declaration in support of Plaintiffs' Objections to the Fifteenth Monitoring Report of the Special Master on Defendants' Compliance with Provisionally Approved Plans, Policies, and Protocols ("Plaintiffs' Objections").

2. I am informed and believe through my conversations with Jane Kahn, an associate of the law firm Rosen, Bien & Asaro LLP, that our office received two inmate letters from the Correctional Training Facility ("CTF") in Soledad on October 20, 2005 and December 13, 2005 that indicated that psychiatric technician rounds were not taking place on a daily basis in the X-Wing administrative segregation unit. Daily psych tech rounding in all administrative segregation units is required by Court Order. 7/23/99 Order ¶ 6(a).

3. Michael Bien directed me, along with *Coleman* co-counsel, Claudia Center and Lewis Bossing, to arrange legal interviews with *Coleman* class members housed in X-Wing administrative segregation to inquire about the provision of daily psychiatric technician rounds in this unit.

4. On Friday, January 20, 2006, Jane Kahn contacted Michael Stone, CDCR Staff Counsel, to request a current list of mental health caseload inmates housed in the X-Wing at CTF in Soledad, California.

5. On Monday, January 23, 2006 our office received a fax from Katie Riley, CDCR Staff Counsel, with a list of seventy-two (72) mental health caseload inmates housed in X-Wing at CTF. At my direction, Kim Le, a paralegal in our office selected fourteen (14) inmates housed in X-Wing to interview on January 25, 2006, and sent a fax to Julian Hatt, Litigation Coordinator at CTF, arranging these legal visits.

6. On Wednesday, January 25, 2006 I visited CTF in Soledad, California with Claudia Center and Lewis Bossing to interview class members participating in the mental

health program at that facility.

7. I interviewed five (5) caseload inmates housed in administrative segregation, and Ms. Center and Mr. Bossing interviewed an additional four (4) caseload inmates housed in administrative segregation. All nine (9) inmates had been housed for months in administrative segregation, and two (2) had recently moved from X-Wing to O-Wing, which I believe is an overflow administrative segregation unit. Based on my own interviews with five (5) of these inmates and my discussions with Ms. Center and Mr. Bossing concerning the other four (4) inmates, my understanding is that eight (8) of the nine (9) inmates interviewed reported that a psychiatric technician does not come by their cell on a daily basis. These eight (8) inmates did report that they are seen once a week by a mental health person but were unclear whether they were being seen by a case manager or a psychiatric technician. The ninth inmate reported that he did receive daily rounding, but believed that he was receiving these rounds because he is on "informal suicide watch." I interviewed this inmate, and during the interview he appeared to me to be quite agitated, nervous and distraught.

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration is executed in San Francisco, California.

DATED: February 3, 2006

_____
Meghan R. Lang