PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' RESPONSE TO THE SPECIAL MASTERS' REPORT ON THE IMPACT OF DEFENDANTS' INCREASES IN DIFFERENTIAL PAY FOR MENTAL HEALTH CLINICIANS IN CSP-CORCORAN AND PROPOSED ORDER** |

# INTRODUCTION

Plaintiffs file this Response to the Special Master's Report on the Impact of Defendants' Increases in Differential Pay for Mental Health Clinicians in CSP-Corcoran ("February 2006 Special Master Report"), filed 2/15/06, in order to request a specific Court Order to address both of the Special Master's recommendations: <u>first</u>, that defendants reduce their vacancy rate to ten percent or less among all categories of mental health personnel at CSP-Corcoran, including psychiatrists, case managers, psych techs, recreational techs and supervisory clinicians within 90 days; and <u>second</u>, in the event that defendants fail to reduce their vacancy rate to ten percent or less, that defendants be required to promptly implement substantial additional R & R enhancements for the mental health personnel at CSP-Corcoran. February 2006 Special Master's Report at 6-7.

As noted by the Special Master in his February 2006 Report, defendants delayed for more than five months the implementation of the R & R enhancements ordered by the Court in 2005. The Court's Order was designed to remedy serious deficiencies identified during the monitoring of CSP-Corcoran's mental health program twenty-two (22) months earlier. February 2006 Special Master's Report at 5, 7. Although defendants now anticipate some progress in hiring, there is no reason to assume that defendants will be able to reduce the December 2005 vacancy rate at CSP-Corcoran of over 50 percent to less than ten percent with the existing compensation for these positions. February 2006 Special Master's Report at 5-6. It is critical, therefore, that the Court Order require defendants to take all measures necessary, beginning immediately, to ensure that in the event that the recommended R & R enhancements must be used, that any and all administrative steps will be completed so that hiring can begin at the end of the 90 day "grace" period.

# BACKGROUND

On March 7, 2005, the defendants were ordered to submit a plan within 30 days to the Special Master for the provision of differential pay (also known as "R & R" within the California Department of Corrections and Rehabilitation "CDCR"), for psychiatrists at High Desert State Prison, Salinas Valley State Prison, and Valley State Prison for Women and for

psychiatrists, case managers, recreational therapists and psych techs at Corcoran State Prison. 3/7/05 Order ¶ 1. This order was issued because of the continuing inability of these prisons to provide constitutionally adequate mental health services as a result of significant, long-standing staffing vacancies. Special Master's Report on Defendants' Schedule of Differential Pay for Mental Health Clinicians in Specific California Department of Corrections Institutions ("May 2005 Special Master's Report"), filed May 3, 2005, at 2. The Court directed the Special Master to report on the adequacy of defendants' plan within thirty days of the defendants' submission of their plan. 3/7/05 Order ¶ 1. The Special Master's report was filed on May 3, 2005. May 2005 Special Master's Report.

Plaintiffs filed objections to the May 2005 Special Master's Report because of the insufficient amount of the R & R enhancements for case manager positions and because of the delayed timeline for review of the status of recruitment efforts at CSP-Corcoran. Plaintiffs' Objections to the Special Master's Report on Defendants' Schedule of Differential Pay for Mental Health Clinicians in Specific California Department of Correction Institutions ("Plaintiffs' Objections"), filed May 11, 2005. The Court modified the reporting timeframe and ordered defendants to report on the status of their recruitment efforts at CSP-Corcoran by January 1, 2006. 6/9/05 Order ¶ 2.

## CSP-CORCORAN'S STAFFING VACANCIES REMAIN UNRESOLVED

The Defendants' status report, filed on January 3, 2006, admits that the implementation of R & R increases was delayed until September 19, 2005, which limited defendants' ability to assess the impact of the R & R increases on recruiting and hiring at CSP-Corcoran. As a result, defendants requested additional time to further assess the impact of these meager R & R bonuses. February 2006 Special Master's Report at 4-5. Based upon the available data, however, the Special Master concluded: "[b]y the end of 2006, the R & R increases appeared to have had no discernable impact on the vacancy rate among clinical positions at CSP/Corcoran." *Id.*

Defendants now assert that they will solve the Corcoran staffing problems as the medical care case, *Plata*, offers accelerated hiring practices and the availability of emergency

access to contracting resources for mental health as well as medical positions. February 2006 Special Master's Report at 6. There is no reason that defendants needed to wait for another Court's order to take these steps. Nor have defendants addressed the other serious barriers to staff recruitment at Corcoran raised by the Special Master, including the institution's history of troubled violence that is "a strong disincentive for clinicians contemplating a career in CDCR's mental health system." February 2006 Special Master's Report at 3. In acknowledging this history, the Special Master warned that "salaries offered to all categories of mental health clinicians at CSP/Corcoran might well have to be substantially higher than those offered in any other institution in CDCR." *Id.*

Despite these findings, the Special Master recommends that defendants should be given an additional 90 days to reduce the vacancy rate at CSP-Corcoran without additional R & R bonuses. February 2006 Special Master's Report at 6-7. At the end of the 90 days, if the vacancy rate has not been reduced to ten percent or less among all categories of mental health personnel at CSP-Corcoran, including psychiatrists, case managers, psych techs, recreational techs and supervisory clinician, the Special Master recommends that defendants implement substantial additional R & R enhancements for the mental health personnel at CSP-Corcoran. *Id*. These additional R & R enhancements are significant and should assist CSP-Corcoran in filling the 50.9 percent vacancies which they reported in December 2005. *Id.*

## CONCLUSION

In order to ensure that defendants take all measures necessary to ensure that the R & R enhancements recommended by the Special Master be implemented immediately if CSP-Corcoran is unable to reduce the vacancy rate among all categories of their mental health personnel by ten percent or less within 90 days, plaintiffs request the following proposed orders:

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants shall be given 90 days, from the date of their report filed on January 3, 2006, to reduce the vacancy rate among all categories of mental health personnel at CSP-Corcoran, including psychiatrists, case managers, psych techs, recreational techs and

supervisory clinicians, to ten percent or less through the employment of permanent staff and/or contract providers. Defendants shall file a Report with the Court no later than April 10, 2006 which sets forth the vacancy rate as of April 3, 2006 for each category of mental health personnel at CSP-Corcoran, including psychiatrists, case managers, psych techs, recreational techs and supervisory clinicians. In the event that defendants have not established a vacancy rate of ten percent or less for each of these clinical categories, defendants must immediately implement the R & R enhancements specified below for each deficient clinical category: .

    a.    All psychiatrists (staff and supervisory) and all psych techs to be paid the same R & R enhancement per pay period as their peers at Pelican Bay State Prison are currently paid;

    b.    All case managers and case manager supervisors to be paid a further R & R enhancement of $850.00 per pay period over and above their recently increased enhancement;

    c.    All recreational technicians to be paid a further R & R enhancement of $500.00 per pay period over and above their recently established enhancement.

    2.    Defendants shall take all measures necessary, beginning immediately, to ensure that in the event that it is necessary to implement the R & R enhancements specified above, that any and all administrative steps, including but not limited to the DPA letter authorizing the specific enhancements, will be completed so that hiring with the new enhancements can begin no later than April 15, 2006.

February 21, 2006                                            Respectfully submitted,

                                                                                    Jane E. Kahn
                                                                                     Rosen, Bien & Asaro
                                                                                     Attorneys for Plaintiffs