IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.               <u>ORDER</u>

        On January 23, 2006, the special master filed a fifteenth monitoring report. On February 3, 2006, plaintiff filed objections to the report. Defendants have not filed objections to the report, nor have they filed a response to plaintiff's objections.

        The report contains five recommendations for specific action by defendants. There are no objections to the first, second, or fourth recommendations. Those recommendations will be adopted in full and made an order of the court.

        The special master's third and fifth recommendations center on requiring defendants to submit, by April 17, 2006, plans for the provision of acute and intermediate inpatient beds for all seriously mentally ill male and female inmates in the California Department of Corrections and Rehabilitation (CDCR) determined to be in need of such care, and for the provision of Mental Health Crisis Beds for all seriously mentally ill male and female inmates in

1

the CDCR within 24 hours of a clinical determination that such care is required.  In their objections, plaintiffs request that defendants be required to provide the special master and the plaintiffs with draft plans on or before March 15, 2006, to allow meaningful input into the plans prior to the end of the fiscal year budget cycle in mid-May 2006.

   After consultation with the special master and good cause appearing, plaintiff's objection will be sustained in part.  Defendants will be directed to provide to the special master and to plaintiffs weekly reports on the status of development of said plans, with the first report to be provided on or before March 10, 2006.

   Plaintiffs interpose two other objections to the fifteenth round monitoring report.  In one, they contend that nine institutions are not in compliance with this court's prior orders requiring daily rounding by a psychiatric technician to check on inmates in administrative segregation and other locked down units and they ask for enforcement of those orders.  In the other, they contend that the percentage of mentally ill inmates awaiting treatment in Reception Centers is approaching unconstitutional levels and they ask that defendants be required to create treatment programs for enhanced outpatient inmates in the Reception Centers.  Good cause appearing, defendants will be directed to file and serve, on or before March 17, 2006, a response to these two objections.

   The special master recommends that the court hold a hearing on the adequacy of the plans for inpatient beds due on April 17, 2006.  In their objections, plaintiffs request the court to invite officials from the Department of Finance, the Department of Mental Health, and representatives of the Governor's Office to attend the hearing.  Good cause appearing, the matter will be set for hearing on April 28, 2006 at 10:00 a.m. in Courtroom # 4 before the undersigned.  Defendants shall ensure that appropriate representatives from the CDCR, the Department of Finance, the Department of Mental Health, and representatives of the Governor's Office are in attendance at the hearing.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within sixty days from the date of this order defendants shall submit to the special master a plan for reducing the rate of vacancies among psychiatrists system-wide, after contracting, to no more than ten percent, as well as a plan for maintaining the rate of vacancies among psychiatrists at Avenal State Prison, High Desert State Prison, and Valley State Prison for Women also at a maximum of ten percent. In preparing said plans, defendants shall consider fully and include, as appropriate, all items referred to in recommendation 1 of the special master's fifteenth round monitoring report, filed January 23, 2006.

2. Within sixty days from the date of this order defendants shall submit to the special master a plan to expand the DCHCS central office mental health staff commensurate with the growth and present size of the CDCR mental health staff and caseload; the plan shall address the issue of compensation for headquarters staff and provide a scale of pay that assures that clinicians (including psychiatrists, psychologists, psych social workers, psych techs and RNS), policy and program developers and supervisors (including health program specialists and analysts) and correctional counselors, with responsibility for planning, developing, monitoring and evaluating system-wide programming and policy receive a level of salary higher than that of comparable institutional clinicians, including whatever R&R differential pay such institutional clinicians may be entitled to.

3. Not later than April 17, 2006, defendants shall file with the court a plan for the provision, in conjunction with DMH or otherwise, of acute and intermediate inpatient beds for all seriously mentally ill male and female inmates in the CDCR clinically determined to be in need of these levels of inpatient care. The plan must address interim and long-range needs based on updated population projections; detail financial and construction plans, timetables and staffing requirement needed to meet the needs; and ensure that construction and financial elements of the plan are sufficiently timely for inclusion in the FY 2006-2007 Budget. An element of the plan should include a detailed analysis of upgrading the physical security of DMH's Coalinga State

Hospital that results in a reasoned report on the feasibility – or infeasibility – of the use of some portion of that facility for the inpatient treatment of Level III and/or IV CDCR inmates.

4. Defendants shall build 64 single cells in the presently planned expansion of the Salinas Valley Psychiatric Program operated by DMH for Level IV violent inmates at Salinas Valley State Prison.

5. Not later than April 17, 2006, defendants shall file with the court a plan for the provision of Mental Health Crisis Beds for all seriously mentally ill male and female inmates in CDCR within 24 hours of a clinical determination that they require that level of mental health care. The plan must address interim and long-range needs based on updated population projections; detail financial and construction plans, timetables and staffing requirement needed to meet the needs; and ensure that construction and financial elements of the plan are sufficiently timely for inclusion in the FY 2006-2007 Budget. The response to interim needs should include a plan to accelerate the staffing and licensing of the new MHCB unit at Kern Valley State Prison and the new MHCB unit at CSP-Sacramento by June 30, 2006, as well as a plan for expediting the construction, staffing and licensing of the new MHCB unit at California Medical Facility.

6. Defendants shall provide to the special master and to plaintiffs weekly reports on the status of development of the plans required by paragraphs 3 and 5 of this order, with the first report to be provided on or before March 10, 2006.

7. On or before March 17, 2006, defendants shall file and serve a response to the second and third objections raised in plaintiffs' February 3, 2006 objections to the special master's fifteenth round monitoring report.

/////
/////
/////
/////
/////

1       8. This matter is set for hearing on April 26, 2006 at 3:00 p.m. in Courtroom # 4
2 on the adequacy of the plans required by paragraphs 3 and 5 of this order.
3 DATED: March 2, 2006.

                    /s/Lawrence K. Karlton
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT

/fifteenth.mr