PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR COURT ORDERS RE: PSYCH TECH ROUNDS AND RECEPTION CENTER CARE** |

# INTRODUCTION

Plaintiffs filed Objections to the Fifteenth Monitoring Report of the Special Master on the Defendants' Compliance with Provisionally Approved Plans, Policies and Protocols ("15th Report") in order to engage the Court's assistance and oversight powers in critical areas where defendants' lagging programs for the mentally ill are currently placing *Coleman* class members at great risk. Plaintiffs' Objections to the Fifteenth Monitoring Report of the Special Master on Defendants' Compliance with Provisionally Approved Plans, Policies and Protocols ("Plaintiffs' Objections").

Plaintiffs requested an order requiring defendants to ensure that daily psychiatric technician rounding, in compliance with this Court's previous orders, occurs in the nine (9) California Department of Corrections and Rehabilitation ("CDCR") institutions where deficiencies are noted in the 15th Report. In support of the requested relief, plaintiffs cited to factual findings of the Special Master in the 15th Report. Plaintiffs' Objections at 6-10.

Plaintiffs also requested an order requiring defendants to provide an Enhanced Outpatient Program ("EOP") in the reception centers to EOP patients who have been held in the reception centers for longer than sixty (60) days and to those EOP patients housed in the reception centers who have been determined to be "at risk" and in need of EOP level of care immediately while they wait to be transferred to a CDCR institution housing an EOP program. Plaintiffs' Objections at 11-15. The request was also supported by factual findings in the 15th Report. *Id.*

Defendants filed no objection or response to Plaintiffs' Objections regarding psychiatric technician rounding and reception center EOP programs or to plaintiffs' request for additional orders. On March 2, 2006, the Court ordered defendants to file a response to these two objections by March 17, 2006. 3/2/06 Order ¶ 7. Defendants' timely response does not take issue with the factual findings underlying plaintiffs' request for additional relief in these two critical areas. Nor do defendants object to the remedial orders requested by plaintiffs. Defendants' Response to Plaintiffs' Request for Court Orders Re: Psych Tech Rounds and Reception Center Care ("Defendants' Response"), filed March 17, 2006.

## I. The Court Should Require Defendants To Establish Compliance With Its Orders Re Daily Psychiatric Technician Rounding

The Court established the requirement that a psychiatric technician provide daily rounds to every inmate housed in every administrative segregation unit early in the *Coleman* case and has issued a number of remedial orders requiring additional plans and documentation from institutions that have failed to comply with this critical Order.  7/29/99 Order ¶ 6(a) (ordering defendants to provide seven-day a week psych tech coverage in each administrative segregation unit);  4/24/02 Order ¶4 (specific remedial order after CSP-Lancaster found in violation of 7/29/99 Order);  6/12/04 Order ¶5 (ordering defendants to develop a plan to provide sufficient psych techs to conduct rounds seven days a week at 15 prisons where rounding found insufficient).  The importance of daily psychiatric technician rounds cannot be overstated in a system where inmates are housed in administrative segregation units that are characterized by harsh conditions, limited out of cell time, the absence of programming, high security and other major stressors and a suicide rate of 248 per 100,000.  February 2006 Bien Dec. ¶14, in support of Plaintiffs' Objections.  The provision of daily psych tech rounding in administrative segregation units is the only mental health care provided to non-caseload inmates who comprised the majority of the inmates who committed suicide in these units in 2004.  Bien Dec. ¶14, Ex. I (Defendants' Annual Suicide Report for 2004 at 12).  The defendants' failure to ensure that this basic mental health care is provided in these locked units is inexcusable and dangerous.

In their Response to Plaintiffs' Objections, defendants do not object to the order requested in Plaintiffs' Objections to the 15th Report nor do defendants raise any objections to the evidence cited in Plaintiffs' Objections.  Defendants' Response recognized plaintiffs' concerns regarding psychiatric technician rounding in the administrative segregation units, acknowledged that CDCR compliance with the requirement is variable for a variety of reasons, and reported that CDCR is developing a plan for improvement in compliance which will be submitted to the Court for review by April 28, 2006.  Defendants' Response at Ex. A.

Plaintiffs respectfully ask that the Court enter the following remedial orders to address defendants' on-going failure to comply with the Court's prior orders requiring the provision of daily psychiatric technician rounding for all inmates housed in administrative segregation units:

(a) Within 30 days of the order, and each month thereafter, the Wardens at the following institutions shall be directed to file a declaration under oath that identifies each unit at the institution which is operating as an administrative segregation unit and certifies that appropriate daily psych tech rounding is being provided and documented for all inmates housed in each administrative segregation unit within their institutions: Avenal State Prison, CCWF, VSPW, SCC, Solano, San Quentin, Calipatria, CTF and CSP-Sacramento;

(b) Defendants shall file by April 26, 2006 their plan to improve performance with daily psychiatric technician rounding in all administrative segregation units, and shall implement the elements of this plan within 60 days of the filing of the plan with the Court.

## II. The Court Should Order Defendants To Develop And Implement Within 60 Days Of The Order Designated Reception Center EOP Units

CDCR's failure to comply with court ordered timelines that mandate the prompt transfer of EOP patients housed in reception centers to EOP treatment programs in CDCR institutions has been well documented for five monitoring rounds. Plaintiffs' Objections at 15. The delayed transfers have resulted in a backlog of EOP patients in the reception centers where they receive inadequate mental health programming while they wait to transfer to a treatment program. Defendants' own failure to address the EOP bed shortage system-wide has directly resulted in the reception center backlogs of these EOP patients.

In their response filed on March 17, 2006, defendants do not object to the remedial order requested by plaintiffs requiring defendants to develop and implement designated reception center EOP units to address the CDCR's on-going failure to comply with the court-ordered transfer timelines. Rather, defendants acknowledged the validity of plaintiffs' concerns regarding the inadequate mental health care provided to EOP patients housed in reception centers, noted the problems created by the shortage of EOP beds, and referred to

1  CDCR planning efforts to increase EOP bed capacity in order to facilitate the timely transfer of
2  EOP patients from reception centers to treatment programs. Defendants' Response at Ex. A.
3       On May 14, 2006, in response to the Court's May 2, 2006 Order, defendants filed a
4  status report on the Mental Health Bed Plan development. Kahn Declaration in Support of
5  Plaintiffs' Reply ("Kahn Dec") ¶ 2, Ex. A. In this status report, defendants identified an EOP
6  bed shortage of 1180 beds projected for 2006-2007. *Id.* The shortage of EOP beds system-
7  wide is also reflected in the monthly data provided to the Special Master and plaintiffs' counsel
8  from the Division of Correctional Health Care Services (DCHCS). Kahn Dec. ¶ 3, Ex. B.
9  According to the most recent monthly data provided by the Division of Correctional Health
10 Care Services to the Special Master and plaintiffs, the EOP bed capacity is listed as 3,210,
11 while the current EOP population is listed as 4,016. *Id.* Based upon this data reporting
12 December 2005 population figures, there is currently a shortage of at least 800 EOP beds. *Id.*
13      On March 17, 2006, defendants filed their second weekly report on the status of their
14 mental health bed plan development. Kahn Dec. ¶ 4, Ex. C. In this filing, defendants refer to
15 Plaintiffs' Objections to the 15th Report, and note "[a]t this time, the CDCR wishes to inform
16 the Special Master that the CDCR is developing a plan to increase EOP capacity at several
17 institutions , thereby allowing the transfer of EOP inmate-patients out of reception centers and
18 into a more suitable treatment environment." *Id.*
19      CDCR's recognition of a critical EOP bed shortage at this late date does not address the
20 current problems that exist for EOP patients housed in the reception centers within CDCR.
21 The CDCR's failure to identify and adequately plan for this EOP bed shortfall must be
22 addressed by additional Court oversight to ensure that the CDCR engages in adequate planning
23 so that funds in the 2006-2007 Budget are appropriated to address the EOP bed shortage
24 immediately.
25      Plaintiffs respectfully request the following remedial orders to address the reception
26 center delay experienced by EOP patients housed in CDCR because of the significant EOP bed
27 shortage:
28

(a) Defendants shall develop and implement a plan within 60 days to create designated reception center EOP units that can provide at least ten hours of structured therapeutic treatment to (1) all EOP reception center patients that have been waiting longer than 60 days in a reception center and (2) all "at risk" EOP reception center patients who have been determined to need enhanced care while they wait to be transferred;

(b) Defendants shall develop and file with the court a plan within 30 days to address the serious EOP bed shortage identified by CDCR in their Mental Health Bed Plan Development reported to the Court pursuant to the March 2, 2006 Order. The plan must be sufficiently timely for inclusion in the FY 2006-2007 Budget.

## CONCLUSION

Defendants do not dispute that nine institutions are out of compliance with the Court's prior orders requiring daily psych tech rounding in administrative segregation and do not object to the specific relief requested by plaintiffs. Defendants do not dispute that they have insufficient EOP beds and should be mandated to create treatment programs for EOP patients in reception centers because of the long delays in transferring these patients and the inadequate care provided to them while they wait for transfer. In fact, their responses acknowledge the need for additional planning by defendants on both critical issues. The Court should enter the following remedial orders requested by plaintiffs to address the immediate harm experienced by the plaintiff class:

(a) Within 30 days of this order, and each month thereafter, the Wardens at the following institutions shall be directed to file a declaration under oath that identifies each unit at the institution which is operating as an administrative segregation unit and certifies that appropriate daily psychiatric technician rounding is being provided and documented for all inmates housed in each administrative segregation unit within their institutions: Avenal State Prison, CCWF, VSPW, SCC, Solano, San Quentin, Calipatria, CTF and CSP-Sacramento;

(b) Defendants shall file by April 26, 2006 their plan to improve performance with daily psychiatric technician rounding in all administrative segregation units, and shall implement the elements of this plan within 60 days of the filing of the plan with the Court;

(c) Defendants shall develop and implement a plan within 60 days to create designated reception center EOP units that can provide at least ten hours of structured therapeutic treatment to (1) all EOP reception center patients that have been waiting longer than 60 days in a reception center and (2) all "at risk" EOP reception center patients who have been determined to need enhanced care while they wait to be transferred;

(d) Defendants shall develop and file with the court a plan within 30 days to address the serious EOP bed shortage identified by CDCR in their Mental Health Bed Plan Development reported to the Court pursuant to the March 2, 2006 Order. The plan must be sufficiently timely for inclusion in the FY 2006-2007 Budget.

Dated: March 21, 2006                            Respectfully submitted,

*/s/ Jane Kahn*
Jane Kahn
Rosen, Bien & Asaro
Attorneys for Plaintiffs