| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>KEITH WATTLEY Bar No.: 203366<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & ASARO, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>THOMAS NOLAN Bar No.: 169692<br>155 Montgomery Street, 8th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE &<br>McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants

No.: Civ S 90-0520 LKK-JFM

**DECLARATION OF JANE KAHN IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR COURT ORDERS RE: PSYCH TECH ROUNDS AND RECEPTION CENTER CARE**

I, Jane Kahn, hereby declare:

1.  I am an attorney admitted to practice law in California and an associate of the law firm Rosen, Bien & Asaro, one of the counsel of record for the plaintiff class in the case. I have personal knowledge of the matters stated herein and if called as a witness I could and would competently so testify. I make this declaration in support of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Request for Court Orders re: Psych Tech Rounds and Reception Center Care ("Plaintiffs' Reply").

2.  On March 2, 2006, the Court ordered defendants to provide to the Special Master and the plaintiffs weekly reports on the status of the development of plans to address inpatient beds and Mental Health Crisis beds for all seriously mentally ill male and female inmates in the CDCR. 3/2/06 Order ¶ 6. On May 14, 2006, defendants filed with the Special Master and plaintiffs a corrected status report on the Mental Health Bed Plan development in accordance with the March 2, 2006 Order. Attached hereto as Exhibit A is a true and correct copy of the Corrected Report filed on May 14, 2006. Defendants attached a chart to their Corrected Report, which identifies for Fiscal Year 2006-2007 a shortfall of 1180 EOP beds. Defendants have not provided plaintiffs with any plans to address this significant shortage of EOP beds.

3.  Pursuant to the January 19, 1999 Court Order, the CDCR provides monthly reports on the bed capacity and actual population of enhanced out patient ("EOP") and correctional clinical case management system ("3CMS") patients located at each CDCR institution. Attached hereto as Exhibit B is a true and correct copy of the most recent monthly report provided by CDCR to the Special Master and plaintiffs dated February 13, 2006, reporting the Mental Health Population data download for December 16, 2005. According to this data, the EOP bed capacity is listed as 3210 beds, while the current EOP population is listed as 4016 patients. Based upon this data, there was a shortage of at least 800 EOP beds reported on December 16, 2005.

4.  Attached hereto as Exhibit C is a true and correct copy of Defendants' second weekly report on the status of their mental health bed plan development filed with the Special Master and plaintiffs on March 17, 2006. In this report defendants have included a section on

-2-

the Enhanced Outpatient Program and refer to the March 2, 2006 *Coleman* court order mandating a response from the CDCR to the Plaintiffs' Objections to the Special Master's Fifteenth Round Monitoring Report. CDCR reports that they are developing a plan to increase EOP capacity a several institutions to allow for the transfer of EOP patients out of the reception centers to a more suitable treatment program. CDCR does not provide a timeframe for the development of this plan nor any indication whether funds in the 2006-2007 Budget will be requested to address this EOP bed crisis.

    I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration is executed in San Francisco, California on March 21, 2006.

Respectfully submitted,

Jane Kahn
Rosen, Bien & Asaro
Attorneys for Plaintiffs