BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 327-7872
Fax: (916) 324-5205
Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br>Plaintiffs,<br>**v.**<br>**ARNOLD SCHWARZENEGGER, et al.,**<br>Defendants. | CIV S-90-0520 LKK JFM P<br>**JOINT STATUS REPORT ON REVISED PROGRAM GUIDE**<br>Judge: The Hon. Lawrence K. Karlton |

On March 2, 2006, this Court ordered that the parties meet and confer regarding four areas addressed by the Revised Program Guide: the cardiopulmonary resuscitation policy, the requirement of board eligible status for employment of psychiatrists, the use of video monitoring for suicide watch, and staffing ratios. The Court further ordered the parties file a status report on those areas by April 17, 2006. The parties, by and through their counsel, provide the following status report.

**1. Cardiopulmonary Resuscitation.**

The parties have agreed to language to be added to the Revised Program Guide providing the court-mandated policy for the administration of cardiopulmonary resuscitation to inmates.

**2. Psychiatrist Qualifications.**

The parties have agreed that newly-hired psychiatrists must meet the qualification of board-eligible status. The parties have not agreed to language concerning the application of the board-eligible status requirement to presently-employed psychiatrists who are not board-eligible.

Plaintiffs' Position: During a conference call earlier this month, Plaintiffs agreed to specific Program Guide language provided by Defendants that required that all psychiatrists must meet the qualification of board eligible status to be employed by Defendants. The language provided by Defendants did not include an exception for current staff psychiatrists. In the course of preparing this stipulation, Defendants sought to change the agreed-upon language in the Program Guide to establish that the requirement only applies to newly hired personnel. Plaintiffs are not willing to agree to the changed language, and therefore the parties are in dispute concerning the appropriate program guide language concerning application of the requirements concerning psychiatrist qualifications to existing staff.

Defendants' Position: Defendants initially prepared Program Guide language requiring board-eligible status for newly-hired psychiatrists and indicating a "grandfather" clause for presently-employed psychiatrists who are not board-eligible. The "grandfather" clause was found inadequate by Special Master Keating. Defendants then submitted a conceptual plan for applying the qualification of board-eligible status to presently-employed psychiatrists. Defendants are developing a plan, in collaboration with Special Master Keating's staff and multiple state agencies, on how to apply this qualification to presently-employed psychiatrists. Defendants will provide additional language for the Revised Program Guide on this issue to Plaintiffs and Special Master Keating. Defendants will submit the plan to the Court and Plaintiffs for review and Court approval by June 1, 2006.

Defendants will provide Plaintiffs and the Special Master a spreadsheet showing the location and number of presently-employed psychiatrists who do and do not have the

qualification of board-eligible status (with psychiatrists names redacted from the spreadsheet) by April 24, 2006.

### 3. Videomonitoring.

The parties have agreed to language to be added to the Revised Program Guide stating that effective April 10, 2006 video monitoring shall never be used as the sole method of providing suicide watch. (Revised Program Guide, pages 12-10-16, 12-10-17.) The parties further agreed to the following additional language to be added to the Revised Program Guide: "The assigned observer shall assume a position where continuous direct visual contact of the inmate can be maintained, including when the inmate uses the shower, sink, or toilet" and "The employee assigned to monitor direct observation shall be appropriately trained in staffing this post and performing these duties." (*Id.*) The parties are negotiating an appropriate period for notice and meet-and-confer in the event of any re-institution of video monitoring as a sole means for performing suicide watch.

### 4. Staffing Ratios.

The parties have met and conferred about Defendants' proffered staffing ratios in administrative segregation units, OHUs, SHUs, reception centers, Enhanced Outpatient Programs (EOP), and CCCMS programs. Defendants have indicated that these ratios will be reviewed in a pending workload study. The parties have not been able to reach agreement concerning the time frame for this workload study. Plaintiffs object that the proffered staffing ratios are inadequate in many respects, including their lack of adequacy to provide necessary care, as well their lack of ratios for correctional officer staffing for mental health services, clinical staffing to provide EOP care in Reception Centers, and clinical staffing in ad seg EOP level of care commensurate with the staffing provided for caseload inmates housed in PSU.

### 5. Plaintiffs' Separate Statement Regarding Classification Issues and Timing of Implementations

Plaintiffs also make the following statement: In addition to these four issues, Plaintiffs wish to bring to the Court's attention the fact that the parties are still negotiating concerning two issues relating to classification (1) whether or not the Defendants will provide EOP inmates with annual

JOINT STATUS REPORT RE. PROGRAM GUIDE

four point classification score reductions for participation in their EOP programs and (2) whether Defendants will continue to add four points at initial classification to the classification scores of inmates with a history of mental illness. In addition, Plaintiffs object to the program guide implementation schedule provided by Defendants on April 7, 2006 as not constituting the "immediate implementation" required by the Court's March 3, 2006 Order.

Dated: 4/17/06

Lisa A. Tillman, Esq.
Deputy Attorney General

Dated: 4-17-06

Thomas B. Nolan, Esq.
Rosen, Bien & Asaro, LLP

third version stipulation regarding program guides tn 4-17-06 581-3.wpd
CF1997CS0003

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **Coleman v. Schwarzenegger, et al.**

No.: **CIV S-90-0520 LKK JFM P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 18, 2006, I served the attached ***STATUS REPORT ON REVISED PROGRAM GUIDE*** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Pete Cockeroft, H-86887
California State Prison, Sacramento
FA2-205 - H86887
P.O. Box 290066
Represa, CA 95671-0066

Kimbery S. Davenport
California Medical Association
221 Main Street
San Francisco CA 94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 18, 2006, at Sacramento, California.

| A Buckley | ***/s/ A Buckley*** |
|---|---|
| Declarant | Signature |

30109948.wpd