KENNETH MORROW C-53683
A-5-102  P.O. BOX 409020
IONE CA. 95640



FILED
MAY 16 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

MAY 21, 2006

RE: NO. CIV S-90-0520 LKK JFM P
(DOCUMENT # 1710) MALFEASANCE AND ATTEMPT OF MURDER, MISPRISON OF MENTAL HEALTH PATIENTS AT CALIFORNIA STATE PRISON MULE CREEK BY ENTRUSTED MENTAL HEALTH STAFF, PSYCH TECH'S "NUENER," "KING," "IZZIAH," DR. LEATHAM" AND "DR. WHITE," AND CHIEF PSYCHIATRIST AT CDCR HEADQUARTERS LEVEL "DR. TIMOTHY FISHBACK."

CHIEF JUDGE EMERITUS, LAWRENCE KARLTON
UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA
501 "I" STREET SUITE 8-200
SACRAMENTO, CA. 95814

DEAR JUDGE KARLTON:
MY REQUEST CAN BE FOUND AROUND THE FACTS HEREIN.
WHILE INCARCERATED AT CALIFORNIA PRISON CORCORAN IN 2005 I AUTHORED A SUICIDE

1.

LETTER TO THIS COURT, TO WHICH THIS COURT ORDERED SAID LETTER BE FILED DOCUMENT (NO. #1710) AND BE SENT TO THE SPECIAL MASTER MICHAEL KEATING SEE ATTACHED ORDER DATED NOVEMBER 17, 2005. DUE TO THIS COURTS ORDER, DR. METZNER AND COUNSEL JONES INTERVIEWED ME AT CORCORAN AND HAD ME MOVED TO MULE CREEK STATE PRISON FOR MENTAL HEALTH TREATMENT IN EOP.

WHILE HOUSED HERE, I AND MANY OTHERS HAVE BEEN SUBJECT TO ABUSE, DISPAREAGEMENT AND INSUFFICIENT MEDICATION DISTRIBUTION, BY CONSPIRITORIAL STAFF WHOM COVER UP THEIR MIS PRISON DELIBERATE ABUSES AGAINST ACUTE PATIENTS. MANY PATIENTS HAVE STOPPED TAKING MEDICATIONS JUST TO AVOID BEING DISPARAGED BY PSYCH-TECHS KING AND KIZZIAH, AND THEIR SUPERVISOR NUENER COVERS UP THEIR FLAGRANT ACTS AGAINST PATIENTS. THIS HAS RESULTED IN EXACERBATIONS AND PATIENT SUFFERING IN VIOLATION OF THE U.S. CONSTI., 8TH, AMEND. SEE ATTACHED LETTER I AUTHORED TO THE CDCR, CHIEF PSYCHIATRIST DR. FISHBACK, DATED MAY 21, 2006. THIS COURT HAS RULED THAT PRISON OFFICIALS ARE REQUIRED TO MAINTAIN A SYSTEM

2.

IN WHICH INMATES ARE ABLE TO MAKE THEIR NEEDS KNOWN FOR MENTAL HEALTH CARE TO STAFF COMPETENT TO PROVIDE SUCH CARE <u>BEFORE</u> INMATES SUFFER UNNECESSARY AND WANTON INFLICKTION OF PAIN.

THE ATMOSPHERE HERE IS US PATIENTS AGAINST THE ENEMY MENTAL HEALTH STAFF. THE ADMINISTRATIVE APPEAL SYSTEM IS TOTHLY BIASED, AND RESPONDED TO BY THE VERY M.H. STAFF APPEALED AGAINST THUS DENIALS ARE THE ORDER OF THE DAY...

THE SYSTEMATIC FAILURE RESULTING IN GROSS DEFICIENCIES OF MEDICATION DISTRIBUTION DISPARAGEMENT PRACTICES AT MULE CREEK STATE PRISON, <u>AND THE ATTORNEYS RESPONSIBLE FOR LITIGATING THE COLEMAN CASE NEGLECT TO THE MANY LETTERS TO THEIR OFFICES BY US COLEMAN CLASS MEMBERS, IS APPALLING.</u>

I REQUEST THIS HONORABLE COURT TO ORDER THE SPECIAL MASTER TO INVESTIGATE THESE SERIOUS VERITIES, VIGOROUSLY IN THE PURSUIT OF JUSTICE.

SINCERELY,
DATED: MAY 21, 2006        Kenny Morrow

3.

## PROOF OF SERVICE BY MAIL

1. I, _KENNETH MORROW_, declare that I am over 18 years
2. of age, and a party to the attached herein cause of action,
3. that I reside at CSP-~~Corcoran~~ _MULE CREEK_ in the county of ~~King~~ _AMADOR_, California.
4. My mailing address is; _PO BOX 409020 IONE CA 95640_.
5. On _5/21_, 20_06_. I delivered to prison officials for
6. mailling, at the above address, the attached; _letter of_
7. _complaint for mental health Patients in_
8. _California state Prison mule creek_
9. in sealed envelope(S) with postage fully prepaid, addressed to;
10. (1) _CALIFORNIA DEPARTMENT OF CORRECTION_ (2)
11. _MENTAL HEALTH DEPT._
12. _CHIEF PSYCHIATRIST Fishbeck_
13. _PO Box 942883 Sacramento CA. ~~946~~ 94283-0001_
14. (3) _CHIEF JUDGE LAWRENCE KARLTON_ (4)
15. _U.S. DIST., CT. For the E. Dist of_
16. _Calif., 501 I" ST. STE. B-200_
17. _Sacramento, CA. 95814_

    I declare under penalty of perjury that the foregoing is
    true and correct.
    Executed this _MAY_ day of _21_, 20_06_ at CSP-~~Corcoran~~ _MULE CREEK_
    California.

    _Kenneth Morrow_
    IN PRO PER

KENNETH MORROW C-53683
A-5-102 / P.O. BOX 409020
IONE, CA. 95640

MAY 21 2006

CDCR / M.H. / H.C.S.
CHIEF PSYCHIATRIST DR. FISHBACK
P.O. BOX 942883 / SACRAMENTO, CA. 94283

RE: MULE CREEK STATE PRISON, INADEQUATELY TRAINED MENTAL HEALTH STAFF, FAILURE TO DISTRIBUTE MEDICATION, STAFF ABUSE OF EOP PATIENTS, AND CONSPIRACY TO INFLICT WANTON PAIN AGAINST EOP PATIENTS ETC.

DEAR CHIEF PSYCHIATRIST DR. FISHBACK:
MY REQUEST CAN BE FOUND AROUND THE FACTS HEREIN.

I AM IN THE MCSP EOP PROGRAM AS A CLASS MEMBER OF THE COLEMAN CASE SENT HERE DUE TO A LETTER I AUTHORED TO THE COURT. i.e., MAGISTRATE JUDGE KARLTON SEE ATTACHED COURT ORDER DATED 11-17-05.

I HAVE RECENTLY FILED A LAWSUIT

1.

AGAINST CORCORAN MENTAL HEALTH OFFICIALS AND YOU. I HAVE NOW ADDED THE FOLLOWING MENTAL HEALTH OFFICIALS EMPLOYED AT MCSP, TO MY LAWSUIT. DR. LEATHAM, DR. WHITE, RN II GRANSEE, PSYCH TECH'S <u>KING</u> AND <u>KIZZAIAH</u>, AND <u>SUPERVISOR NUENER</u>, FOR A HOST OF VIOLATIONS AND <u>"CONSPIRACY TO COMMITT ATTEMPT OF MURDER."</u> SEE ATTACHED COURT ORDER DATED 4-24-06.

 BEFORE COMING TO EOP MCSP, I SUFFERED SERIOUS PSYCHOPATHOLOGICAL REACTIONS TO SHU CONFINEMENT, WHERE DUE TO THIS HARM I BECAME HOMICIDAL AND SUICIDAL. SEE DR. GRASSIAN DECLARATION ATTACHED.

 I WAS PUT ON WELLBUTRIN 150 MG X 3 DAY, RISPERIDONE 2 MG POD. AM & 4 MG POD. HS, ARTANE 2 MG PO BID, FOR HOMICIDAL, SUICIDAL, AND VOICES, SEE DMH DISCHARGE SUMMARY PG. 2 ATTACHED.

 PSYCH TECH <u>KING</u> AND <u>KIZZAIH</u> HARRASS AND DISPARAGE MANY PATIENTS DURING MEDICATION DISTRIBUTION, MAKING US OPEN OUR MOUTHS "4" AND "5" TIMES, DRINK 5 CUPS OF WATER LONG AFTER THE MEDICATION IS SWALLOWED. AND WHEN PATIENTS COMPLAIN TO KING & KIZZAIH'S SUPERVISOR

THEY LIE AND SAY WERE CHEEKING MED'S, OR IT DIDN'T GO DOWN ETC., AND THEIR SUPERVISOR BELIEVES THEM OVER US PATIENTS. ITS GOTTEN TO WHERE SEVERAL OF US PATIENTS IN EOP QUIT TAKING MEDS JUST TO AVOID THE ABUSE. MANY PATIENTS HAVE BEEN WRITTEN DISCIPLINARY REPORTS SUFFERING HUGE LOSS'S OF PRIV-LEDGES, UNNECESSARILY. PATIENTS ARE SUICIDAL AND AFRAID TO APPROACH STAFF, IN FEAR OF ABUSE. THE ATMOSPHERE IS US AGAINST THE ENEMY, MENTAL HEALTH STAFF. IT IS TRULY APPALLING.

    DR. FISHBACK UNDER THE 8TH AMENDMENT I/M'S SUFFERING FROM SERIOUS MENTAL DISORDERS ARE ENTITLED TO ADEQUATE MENTAL HEALTH CARE. ADMINISTRATIVE APPEALS ARE BEATEN DOWN, BY M.H. STAFF COVERING UP FOR ONE ANOTHER. I'M ENCLOSING A LIST OF PATIENT SIGNATURES THAT ARE EX-PERIENCING ABUSE BY CORRUPT M.H. STAFF AT THIS INSTITUTION.

    MCSP M.H. STAFF HAVE FAILED TO TAKE REASONABLE STEPS TO AVERT OBVIOUS RISK OF HARM TO MENTALLY ILL I/M'S FLOWING FROM FAILURE TO REMEDY THESE DE-FICIENCIES. THE CURRENT MCSP PSYCH

3

TECH MECHANISMS CURRENTLY RELIED ON ARE USED HAPHAZARDLY BY ABUSIVE PSYCH TECHS WHOM RELY ON THEIR SUPERVISOR <u>MS. NUENER</u> SMOOTH OVER HER STAFFS INDESCRESIONS, WHOM ARE INADEQUATELY TRAINED IN SIGNS AND SYMPTOMS OF MENTAL ILLNESS. THE HUGE DELAYS INTO STAFF ABUSE INVESTIGATIONS HAVE RESULTED IN EXACERBATIONS AND PATIENT SUFFERING. THE COMPLETE INAPPROPRIATE MONITORING DOES NOT ADDRESS SYSTEMATIC FAILURE AND THE GROSS DEFICIENCIES IN MEDICATION DISTRIBUTION. THE MEDICATION PRACTICES WITHIN MCSP EOP SNY LEVEL IV FACILITY VIOLATES THE U.S. CONSTITUTION 8TH AMENDMENT. <u>SUPERVISOR MS. NUENER</u> HAS DEMONSTRATED RECALCITRANT REFUSAL TO ADDRESS SERIOUS ISSUES UNDERLYING PSYCH TECH MEDICATION DISTRIBUTION ABUSE AND MUST NOW BE FORCED TO DO SO UNDER PRESSURE OF LITIGATION. PATIENTS ARE LEFT TO LANGUISH IN A DETERIORATED STATE, DISABLED WITHOUT TREATMENT BECAUSE LIKE MYSELF HAVE GOTTEN OFF MEDICATION IN ORDER TO AVOID PSYCH TECH DISPARAGEMENT DURING MEDICATION DISTRIBUTION THE RISK IS OBVIOUS. I HAVE PROV HEREIN OVERWHELMING EVIDENCI SYSTEMIC FAILURE TO DELIVER NI

4.

CARE TO MENTALLY ILL PATIENTS BY CORRUPT M.H. STAFF. THEY HAVE DELAYED MEETING THEIR CONSTITUTIONAL OBLIGATION TO MENTALLY ILL INMATES. THE MENTAL HEALTH STATUS OF CLASS MEMBERS OF COLEMAN V. WILSON, IS ADVERSEELY IMPACTED BY INAPPROPRIATE USE OF PUNITIVE MEASURES WITHOUT REGARD TO THE IMPACT OF SUCH ABUSIVE MEASURES ON THEIR MENTAL HEALTH CONDITION BY MCSP EOP SNY LEVEL IV PSYCH TECHS <u>MS. KIZZAIH</u> AND <u>MS. KING.</u> THE CDCR HAS FAILED TO MEET JUDGE KARLTONS ORDERS, AND THUS ITS OBLIGATION. IT TRANSGRESSES THE SUBSTANTIVE LIMITS ON STATE ACTION SET BY THE U.S. 8TH AMENDMENT. "THIS CRIMINAL ACTION COULD RESULT IN FURTHER SIGNIFICANT INJURY, OR THE UNNECESSARY AND WANTON INFLICTION OF PAIN".

PLEASE BE ADVISED A COPY OF THIS LETTER IS BEING SENT TO JUDGE KARLTON IN ORDER TO SAVE LIFES.

WE THE MCSP EOP POPULATION CALL UPON YOU TO VEHEMENTLY PURSUE JUSTICE AND APPROPRIATE ACTION IN THIS MATTER, NOT MERE INFORMATION OUT OF MY MEDICAL FILE DOCTORED BY CORRUPT PSYCH TECHS. THANK YOU.

SINCERELY,          K. MOREAU

5.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.            **ORDER**

        The court is in receipt of a letter from inmate Kenny Morrow, an asserted member of the plaintiff class. The plaintiff class is represented by counsel in this matter.

        Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to send a copy of inmate Morrow's letter (document # 1710) to counsel for plaintiffs and to the Special Master.

DATED: November 17, 2005.

                                              UNITED STATES MAGISTRATE JUDGE

12
morrow.let

1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNY MORROW,

    Plaintiff,

vs.

CORCORAN STATE PRISON, et al.,

    Defendants.

No. CIV S-06-0266 MCE KJM P

ORDER

/

    Plaintiff, a state prisoner at Mule Creek State Prison, has filed a document styled "letter regarding solitary confinement," seeking investigations regarding the mistreatment of prisoners. No other pleadings have been filed by the plaintiff. In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, plaintiff's motion will be denied without prejudice. Plaintiff will be provided the opportunity to file his complaint, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 7, 2006 letter is denied without prejudice;

2. Plaintiff is granted thirty days from the date of service of this order to file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint. Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $250.00. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

DATED: April 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/mp
morr0266.nocompl

SHU. (Grassian Declaration at 17.)[56/] He found that

> [o]f these, at least seven were actively psychotic and urgently in need of acute hospital treatment. Nine others suffered serious psychopathological reactions to SHU confinement, including in several cases a history of periods of psychotic disorganization. Of the remaining eight, five gave a history of psychiatric problems not clearly exacerbated by SHU, two others appeared free of psychiatric difficulties, and in one a language barrier prevented adequate evaluation.

(Id.) Dr. Grassian's findings concerning the seven actively psychotic inmates and the nine others suffering serious psychopathological reactions to SHU confinement, and the response of CDC staff to those conditions, (see id. at 18-43), fully support the magistrate judge's findings. The descriptions tendered by another of plaintiffs' experts, Dr. Craig Haney, are equally disturbing. (Haney Declaration at 45-47.) Given this testimony, defendants' assertion that the concerns about possible psychological harm from confinement in the Pelican Bay SHU "never materialized" can only be viewed as evidence of defendants' deliberate indifference to the serious harm visited on class members.

For the reasons set forth by the magistrate judge, defendants' present policies and practices with respect to housing of class members in administrative segregation and in segregated housing

---

56/ As noted above, defendants raise several evidentiary objections to the use of Dr. Grassian's declaration. Those are overruled. In any event, Dr. Grassian's testimony concerning the condition of inmates confined in the SHU that he interviewed is plainly competent evidence. See Fed. R. Evid. 703.

**Sex:** No
**Escape:** Walkout of Juvenile Facility- 1979
**Arson:** No
**DDP Code:** NCF

**INMATE COPY**

Recent Psychiatric History: Mr. Morrow has been referred because he is a danger to himself and represents a chronic, long-term risk for suicide within the CDC, although he is not currently a high risk for suicide at present. He has a serious history of suicidal behaviors within, and prior to his current CDC incarceration. He is experiencing depression, hopelessness, and demoralization & frequent suicidal thinking about his current life situation. He is on SHU on indeterminate status for safety concerns while serving a life sentence. He appeared in a training video for CDC officers, and used even now, that demonstrate how to make a bomb out of Kool Aid. Currently he is unable to walk any yards in CDC including SNY. He Is waiting for an Out-of-state Transfer but Has Been turned down twice. Increasingly, he becomes or pessimistic, hopeless, and self-dangerous, as he sees his options for a peace "Normal" life in CDC disappear.

**Admission Medications**
Risperidone 2 mg PO Q. AM & 4 mg PO Q. HS
Artane 2 mg PO BID
Wellbutrin 300 mg PO Q. AM & 150 mg PO Q. HS
Benadryl 50 mg PO Q. HS

**Allergies:** Haldol, Stelazine, Thorazine

**Relevant Physical Illness:** hepatitis C, Grand Mal Seizures

**Admitting Diagnosis:**
Axis I   296.3 Major Depressive Episode, recurrent, moderate
         304.80 Polysubstance Dependence
Axis II  301.83 Borderline personality disorder with antisocial features (severe)
Axis III Hepatitis C
Axis IV  Incarceraton, life term: SHU with indterterminate status
Axis V   GAF 40

Patient-Preferred interventions in the event of exacerbation of symptoms (based on past history of response)
1. Medications" It don't help."
2. Interpersonal contact "Probably not, it might make me madder."
3. Time Out " Oh, Sure put me put me in another cage."
4. Seclusion/Restraint" Never."

Primary Admitting Diagnosis: Major Depressive Disorder, moderate
Polysubstance Dependence

DMH-SVPP

**PSYCHIATRIC DISCHARGE SUMMARY**
**Salinas Valley Psychiatric Program**
State of California Health and Welfare Agency
Confidential Patient Information
W&I Code 5328 and 42 CFR 164.520

MORROW, KENNETH
SVPP 111000251-9
08/12/62    WM
CDC  C53683
05/24/05

602 STAFF COMPLAINT 6/10/06
PSYCH TECH KIZZIAH

| SIGNATURE | PRISON # | CELL HOUSING # |
|---|---|---|
| K. Morrow | C-53683 | A-5-102 |
| J. Casey | H-13962 | A-5-206 |
| S. Manning | H-38632 | A-5-206 |
| Ferris | J-14814 | A-5 208 |
| Munoz-J | E-69933 | A-5-214 |
| Clem | K-90801 | A5-108 |
| Arredondo | K-04687 | A-5-108 |
| Collins | D-88299 | A-5-104 |
| Diaz | K-0W20 | A5-101 |
| Rankine | H-17616 | 210 |
| William Collins D | J 66805 | |
| Colson | H-33011 | A-5-107 |
| Brodeur | P-53842 | 208 u |
| Smith | J-93665 | A5-216 |
| Giroy | K-67427 | A5 214 |
| Snow | P-14808 | A-5-203 |
| Vargas | E-67970 | A-5-201 |
| Talamantez | C 59004 | A-5-213 |
| Millard | L-23550 | A-5-207 |
| Reed | J-77542 | A 5 217 U |
| McCulley | T-05007 | A-5 217 Low |
| Shed | E-05069 | A 5 -216 |
| Woolen | C-16941 | A5-211 |

| SIGNATURE | PRISON # | HOUSING |
|---|---|---|
| Pablo López | T-28518 | A-5-210up |
| Anthony Gilbert | T-16478 | A5 202 up |
| Brad Snyder | C-10992 | A-5-202 |