1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: (916) 324-5205

9  Attorneys for Defendants
   CF1997CS0003
10

11                    IN THE UNITED STATES DISTRICT COURT
12
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14

15  RALPH COLEMAN, et al.,                    CASE NO. CIV S-90-0520 LKK
                                              JFM P
16                             Plaintiffs,
                                              DEFENDANTS' STATUS
17        v.                                  CONFERENCE STATEMENT

18  ARNOLD SCHWARZENEGGER, et al.,            Date:       May 19, 2006
                                              Time:       10:00 a.m.
19                             Defendants.    Courtroom:  4
                                              Judge:      The Honorable
20                                                        Lawrence K. Karlton

21
            On March 2, 2006, this Court ordered that the parties meet and confer regarding four
22
   areas addressed by the Revised Program Guide:  the cardiopulmonary resuscitation policy, the
23
   requirement of board eligible status for employment of psychiatrists, the use of video monitoring
24
   for suicide watch, and staffing ratios.  The Court further ordered the parties file a status report on
25
   //
26
   //
27
   //
28

DEF. STATUS CONFERENCE STATEMENT
                                        1

those areas by April 17, 2006.  The parties, by and through their counsels, have met and conferred since the hearing on April 26 and April 27, 2006.  Defendants now provide a further status report.

## II.

### STATUS REPORT ON ISSUES STATED IN COURT'S ORDER

Defendants now provide the Court with their status conference statement on the issues indicated in the March 2, 2006 order.

**1.  Cardiopulmonary Resuscitation**.

The parties have agreed to the language in the Revised Program Guide providing the court-mandated policy for the administration of cardiopulmonary resuscitation to inmates.

**2.  Board Eligible Status For Psychiatrists.**

The parties have agreed to the language in the Revised Program Guide providing that all newly hired psychiatrists must have board eligible status to be employed by Defendants.  The parties are presently preparing a stipulation concerning (1) the language to be used in the Revised Program Guide, (2) the June 1, 2006 deadline for submitting the plan to evaluate those psychiatrists who are not board eligible, and (3) the time frame for evaluation of those psychiatrists who are not board eligible.  The parties hope to have the stipulation filed with the Court by the time of this hearing.

Defendants have provided Plaintiffs a spreadsheet showing the location and number of presently-employed psychiatrists who do and do not have board-eligible status (with psychiatrists names redacted from the spreadsheet).

**3.  Videomonitoring.**

As stated in the previous status conference statement, the parties have agreed to the language in the Revised Program Guide stating that effective April 10 there is a  moratorium on the use of videomonitoring as the sole means of providing suicide watch.

The parties have agreed upon a 45-day period for notice in the event of any re-institution of video monitoring as a sole means for performing suicide watch.  The parties are
//

1   presently negotiating the period of meet-and-confer. The parties hope to present their

2   stipulation on these matters to this Court by the time of this status conference.

3         **4. Staffing Ratios.**

4         The parties have met and conferred about Defendants proffered staffing ratios in

5   administrative segregation units, Enhanced Outpatient Programs (EOP), and CCCMS.

6   Defendants have indicated that these ratios will be reviewed pending a workload study. A

7   contract for the study is necessary. Once the contract is completed, Defendants will provide

8   Plaintiffs with the completion date of that study.

9         Plaintiffs have objected that the proffered staffing ratios are inadequate in many

10  respects, including their lack of adequacy to provide necessary care as well their lack of ratios

11  for correctional officer staffing for mental health services, clinical staffing to provide EOP care

12  in Reception Centers, and clinical staffing in ad seg EOP level of care commensurate with the

13  staffing provided for caseload inmates housed in PSU. Defendants do not agree with Plaintiffs'

14  statement that Special Master Keating has objected to the proffered staffing ratios for all

15  programs. (Plf. Status Conf. Statement, 5/16/06.)

16                          **III.**

17       **DEFENDANTS' RESPONSE TO OTHER ISSUES STATED**

18              **IN PLAINTIFFS' STATEMENT**

19        Defendants object to Plaintiffs' introduction of issues outside the court order of March

20  2, 2006 into this hearing. Without waiving said objection, Defendants provide a limited

21  response to those issues as follows:

22        **1.**    **Non-Cage Treatment Option for PSU and EOP Administrative Segregation**

23               **Inmates**

24        Defendants have agreed to consider this concept.

25        **2.**    **Classification Issues**

26        Special Master Keating's report on the Program Guide identified disputed

27  classification issues, including the elimination of the four points added to the classification score

28  of inmates entering into CDCR with a history of mental illness, the addition of a requirement for

1   the housing of EOP and CCCMS inmates in security levels commensurate with their

2   classification  scores, and an end to exclusion of EOP and CCCMS from participation in the

3   programs and services available to the general population.  (Report at p. 8.)

4          In their responses to the Draft Report on the Revised Program Guide, defendants

5   agreed to the recommendation that EOP inmates receive annual point reductions in their

6   classification scores for participation in their EOP-related programs. (Def. Response to Draft

7   Report at p. 3.)  Defendants are presently working on the implementation of this concept.

8          Defendants assert this Court lacks jurisdiction in this case to hear all the classification

9   issues listed in Special Master Keating's Final Report on the Revised Program Guide.  Plaintiffs'

10  counsel may argue the listed classification issues fall within the parameters of a claim under the

11  Americans with Disabilities Act or the Rehabilitation Act.  However, judgment in this action was

12  based on the  Eighth Amendment.  Indeed, Plaintiffs chose to voluntarily dismiss their

13  Rehabilitation Act claim prior to entry of judgment in this matter.  Therefore, this Court does not

14  have jurisdiction to determine the classification issues listed in the Final Report.

15         Further, the legal issues contained in each of the listed classification issues will require

16  the development and determination of specific, individual claims and defenses under the

17  Americans with Disabilities Act.  Such claims and defenses are not properly heard by this Court

18  in the course of an evidentiary hearing on the Program Guide.

19                                          **IV.**

20          **DEFENDANTS' RESPONSE TO PLAINTIFFS' PROCEDURAL ISSUES**

21         Plaintiffs request this Court determine a number of procedural issues, some related and

22  some not related to the Revised Program Guide.  Defendants hereby provide their response to

23  Plaintiffs' issues.

24          **1.     Discovery Requested by Plaintiffs.**

25         Defense counsel has informed Plaintiff counsel that no discovery is necessary given

26  the ongoing years of tours to the facilities and the ongoing production of internal documents in

27  response to Special Master Keating's requests and, quite often, Plaintiffs' requests.  Indeed, the

28  post-trial status of this case makes any sought discovery untimely under the Federal Rules of

1    Civil Procedure, Rules 26 and 30.  Such discovery is after the close of discovery under Rule 26

2    and in the absence of a court order permitting discovery after entry of the verdict in this matter.

3    Indeed, the discovery phase of *Coleman* ended years ago with the completion of the trial and

4    entry of judgment.  The discovery statutes do not provide for discovery during the remedial

5    phase of a class action suit.  The Order of Reference in this case does not permit discovery by

6    Plaintiffs.

7    Orders permitting discovery in other class action cases with different special masters and

8    different legal issues, not to mention different commencement dates, are inapposite.   Defendants

9    respectfully request this Court disregard Plaintiffs' allusion any discovery orders in *Valdivia v.*

10    *Schwarzenegger*, ED Cal. Case No.  and *Armstrong v. Schwarzenegger*, ND Cal. Case No. C 94-

11    2307 CW.

12            Defendants urge this Court to deny Plaintiffs' broad request to conduct discovery into

13    Program Guide issues.  Plaintiffs have represented the need for some months of discovery, with

14    depositions and site inspections, on various revised Program Guide issues.  The Program Guide

15    is supposed to enable closure of this case, not reopen issues for discovery and litigation.  Indeed,

16    the Order of Reference specified the responsibility of the Special Master is to work with

17    Defendants.  Defendants have followed the counsel of  Special Master Keating and his experts in

18    writing the Revised Program Guide.  Any discovery and litigation of these outstanding Program

19    Guide issues undermines these years of work in negotiating the Program Guide and brings the

20    parties back to the starting point of this case. Defendants respectfully request this Court simply

21    approve the Revised Program Guide and let Defendants move to the next and hopefully final

22    steps of a compliant mental health system.

23            **2.    Order of Reference**

24            Overall, Defendants see no need to amend the December 11, 1995 Order of Reference.

25    The 2003 amendments to Rule 53 of the Federal Rules of Civil Procedure do not necessarily

26    have retroactive application to the outstanding Order of Reference in this case.  In the past ten

27    years, the needs of the parties have been well-served by the 1995 Order of Reference.  Some

28    //

DEF. STATUS CONFERENCE STATEMENT

specific areas of Plaintiffs' requested changes (as stated in their correspondence) are addressed as follows:

        a.   <u>Timeline for Objections.</u>

At most, Defendants are willing to stipulate that the ten-day time period of the 1995 Order of Reference should be lengthened to the twenty-day time period given the significance of the findings and recommendations stated in these reports.

        b.   <u>Standard of Review of Factual Findings and Recommendations of the Special Master.</u>

Defendants see no need to stipulate to a 'de novo' standard of review for the Special Master's findings of fact. The monitoring tours conducted by Special Master Keating and his team render his findings of fact particularly well-suited to use of the clearly erroneous standard of review provided by the 1995 Order of Reference.

        c.   <u>Time for Opposition to Objections by the Other Party.</u>

The 1995 Order of Reference does not address the time period for responding to objections filed by the opposing party. To the extent the Special Master and Court are willing to entertain such objections, then Defendants are willing to stipulate to a ten-day time period for presenting such objections.

        d.   <u>Ex Parte Communications.</u>

Defendants do not believe this Court or the Special Master need to be guided in the propriety of any ex parte communications.

        e.   <u>Changes that Reflect the *Gates-Coleman* Merger and Settlement.</u>

Defendants believe the 1998 Stipulation and Order provide a sufficient statement of the class definition to include San Quentin and CMF. Defendants do not see any need to further delineate the class definition. To the extent Plaintiffs seek to incorporate the production of tour binders into the *Coleman* Order of Reference, Defendants state that these materials are produced to simply facilitate the Special Master's tours (and are produced to Plaintiffs' counsel when on those tours to also enable their expeditious participation). The production of tour binders to plaintiffs' counsel before, during or after non-attorney tours will be unduly burdensome to

1  Defendants.  The fact that the tours do not involve attorneys should be read an indicator that

2  Plaintiffs' counsel do not have a right to these materials.

3        f.  <u>Changes to Reflect New Rule 53 Requirement That The Order of Reference Specify</u>

4        <u>the Record of Evidence to Be Preserved and Filed by the Master and Set Forth Time</u>

5        <u>Limits for Reports.</u>

6        After ten years of monitoring, Defendants are confident that the record of evidence has

7  been and will be properly maintained by Special Master Keating.  Defendants do not believe the

8  Order of Reference should be used to determine the parameters of any discovery of Program

9  Guide issues.

10        **3.    Access to Information**

11        As stated above, Defendants are not willing to produce tour binders to Plaintiffs for

12  those tours that they are not invited by Special Master Keating to attend.  Such production is

13  unnecessary and overly burdensome.

14        **4.    Scheduling Information**

15        Plaintiffs intimate that discovery related to discrimination issues asserted in other cases

16  pending before this Court will occur in this case.  (*See, Hecker v. California Department of*

17  *Corrections and Rehabilitation*, E.D. Case No. S-05-2441, *Klemaske v.California Department of*

18  *Corrections and Rehabilitation*, E.D. Case No. S-04-1750, *Wilson v. Woodford*, E.D. Cal. Case

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

DEF. STATUS CONFERENCE STATEMENT

1  No. S-05-0876.)   Defendants reiterate that the *Coleman* action is brought under the Eighth

2  Amendment and so no discovery of issues under the Americans with Disabilities Act should be

3  permitted.

4          Dated: May 18, 2006
                              Respectfully submitted,

5
                              BILL LOCKYER
6                             Attorney General of the State of California

7                             JAMES M. HUMES
                              Chief Assistant Attorney General
8                             FRANCES T. GRUNDER
                              Senior Assistant Attorney General
9                             ROCHELLE C. EAST
                              Supervising Deputy Attorney General
10

11
                              */s/ Lisa Tillman*
12                            LISA A. TILLMAN
                              Deputy Attorney General
13
                              Attorneys for Defendants
14

15

16  30119790.wpd

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Coleman v. Schwarzenegger**

No.:              **CIV S-90-0520 LKK JFM P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age and older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 18, 2006, I served the attached ***Status Conference Statement*** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Pete Cockeroft
California State Prison, Sacramento
FA2-205 - H86887
P.O. Box 290066
Represa, CA 95671-0066

Kimberly S. Davenport
California Medical Association
221 Main Street
San Francisco CA 94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 18, 2006, at Sacramento, California.

| A Buckley | */s/ A Buckley* |
|---|---|
| Declarant | Signature |

30120176.wpd