BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205

Attorneys for Defendants
CF1997CS0003

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | CASE NO. CIV S-90-0520 LKK JFM P <br><br> **DEFENDANTS' FORMAL ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE TO PRODUCTION OF FINANCE REQUEST, WITH SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS** |

## INTRODUCTION

On May 30, 2006, this Court ordered Defendants to submit a formal assertion of the

deliberative process privilege to Special Master Keating's request to review requests submitted

by the California Department of Corrections and Rehabilitation (CDCR) to the Department of

Finance for funding in the Governor's May Revise budget to propose that the Legislature

augment staffing for implementation of the 2006 Revised Program Guide.  Defendants

respectfully state their objection to the production of these documents on the basis of the

DEF. FORMAL CLAIM OF DELIBERATIVE PROCESS

1

1  deliberative process privilege.  Defendants respect the broad authority provided to the Special

2  Master by the Order of Reference.  Without waiving the deliberative process privilege,

3  Defendants state their willingness to provide these documents to the Special Master under seal

4  for in-camera review.

5                                        **II.**

6                                   **BACKGROUND**

7        In February 2006, the Division of Correctional Health Care Services (DCHCS) of California

8  Department of Corrections and Rehabilitation (CDCR) submitted to the Department of Finance

9  (DOF) a funding request or budget change proposal.  (Dec. Mangum, ¶6.)  The funding request,

10  entitled "Mental Health Program Spring 2006 Finance Letter", addressed a number of *Coleman*

11  issues.  (*Id.* at ¶ 6.)  The initial budget change proposal included three categories of issues: the

12  Revised Program Guide, increased headquarters staffing and pay increases for clinical staff.  (*Id.*

13  at ¶ 7.) The budget change proposal was revised to address only the Revised Program Guide and

14  headquarters staffing requests.  (*Id.* at ¶ 8.)

15                                       **III.**

16                               **LEGAL AUTHORITIES**

17  **A.    The Deliberative Process Privilege Precludes Production of the Budget Change
           Proposal**

18

19          **1.    The Deliberative Process Privilege Enables Candid Communication Between
                  Government Agencies.**

20        The deliberative process privilege is a matter of federal common law.  Fed. R. Evid. 501,

21  1101 (c) (Rule 501 applies "at all stages of all actions, cases, and proceedings." )  Also known as

22  the "executive," "governmental," "official information," or "intragovernmental opinion"

23  privilege, the deliberative process privilege was previously codified in proposed Federal Rule of

24  Evidence 509.  Although Rule 501 was adopted instead of Rule 509, the proposed Rule 509

25  "remains a useful guide and standard."  *In re Franklin National Bank*, 478 F. Supp. 577, 580

26  (E.D. N.Y. 1979).  Proposed Rule 509(b) provided that the "government has a privilege to refuse

27  to give evidence .... upon a showing of reasonable likelihood of danger that the evidence will

28  //

disclose ..... official information as defined in this rule."  Subsection (a)(2) defines

intragovernmental opinions as subject to the privilege:

> Information within the custody or control of a department or agency of the
> government the disclosure of which is shown to be contrary to the public
> interest and which consists of (A) intragovernmental opinions or
> recommendations submitted for consideration in the performance of
> decisional or policy-making functions.

The deliberative process privilege  applies to the process for formulating government decisions as well as government policies.  The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising a part of a process by which government decisions and policies are formulated."  *NLRB v. Sears*, *Roebuck & Co.*, 421 U.S. 132, 150 (1975).  The privilege has been applied to a variety of governmental decisions, including the decision to deny funding monies. *See Casad v. United States Dep't. of Health and Human Services*, 301 F.3d 1247 (10th Cir. 2002).  Indeed, the privilege applies to communications between all branches of government as well as to communications between outside consultants and government agencies.  *Centifaniti v. Nix*, 865 F.2d 1422, 1432 (3rd Cir. 1989) (letter from disciplinary board to supreme court regarding regulation of attorneys); *Texas v. I.C.C.*, 889 F.2d 59, 61 (5th Cir. 1989) (documents containing recommendations of temporary consultants protected).  The privilege serves to ensure the quality of agency decisions, by promoting frank and independent discussion among those responsible for governmental decision-making.  *Sears*, 421 U.S. at 150.

 In accord with its purpose, the deliberative process privilege applies to those documents that are "pre-decisional" or generated before the adoption of the agency's policy or decision. *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  Even if pre-decisional in time of preparation, documents that are purely factual summaries are not protected by the deliberative process privilege.  *E.P.A. v. Mink*, 410 U.S. 73, 87-88 (1974).  Thus, purely factual material contained in deliberative memoranda and severable from its context is subject to disclosure.  *Id.*

DEF. FORMAL CLAIM OF DELIBERATIVE PROCESS

1        **2.        The Deliberative Process Privilege Protects the Sought Budget Change**
2                  **Proposal.**

3        The sought budget change proposal is subject to the deliberative process privilege.
4    Defendants respectfully submit the necessary documents to sustain the privilege:

5        a.        A formal claim of privilege from the head of the department which has control over
6                  the matter, Director Michael Genest of DOF, attesting to his personal review of the
7                  document and his finding of its deliberative quality;

8        b.        A statement by the responsible agency official, Michael Genest, of the reasons for
9                  preserving the confidentiality of the governmental communication;

10       c.        A privilege log providing a specific designation and description of the documents
11                 claimed to be privileged of sufficient detail to allow a reasoned determination as tot
12                 he legitimacy of the claimed privilege.

13       d.        A privilege log separating discoverable factual material from protected deliberative
14                 material.

15   *Carter v. City of Philadelphia*, 2000 U.S. Dist. LEXIS 6658, *22-23 (E.D. Penn. 2000); *See* Dec.
16   Genest; Ex. A, Privilege Log.

17       The attached declaration of Michael Genest, Director of the Department of Finance,
18   provides the necessary basis for lodging the deliberative process privilege.  As the Director of
19   Finance, he is formally asserting the privilege as the chief budget officer for the Governor.  (Dec.
20   Genest, ¶¶3 -11.)  He explains that the budget change proposal constitutes an intra-agency
21   communication between CDCR and DOF during the budget process.  (*Id.* at ¶¶ 5-7.)  Submitting
22   a budget change proposal is preparatory to obtaining a decision on requested funds for particular
23   agency activities.  (*Id.* at ¶¶ 5-9.)  The budget change proposal is submitted to DOF to enable
24   DOF to engage in its function of reviewing the funding request prior to advising the Governor as
25   to whether the funding proposal should be included in the Governor's annual or May Revise
26   budget to the Legislature.  (*Id.*; *see also* Dec. Mangum, ¶¶ 6 - 8.)  The budget change proposal is
27   thus a pre-decisional communication between two agencies concerning the essential government
28   function of fiscal review and so subject to the deliberative process privilege.

1   Granted, the budget change proposal sought by Special Master Keating is supported by

2   attachments.  The privilege log indicates the attachments which are primarily fact-based and

3   those which are primarily an analysis supportive of the budget change proposal.  Defendants

4   recognize that this Court may find these fact-based attachments to be severable from the

5   privileged budget change proposal and so order their disclosure.  However, the budget change

6   proposal itself remains protected under the deliberative process privilege.

7   **3.    The Balance Of Interests Warrants Upholding The Deliberative Process Privilege.**

8

9   This Court must find that the governmental interest in keeping the decision-making

10   process confidential outweighs any need for disclosure of these materials and so uphold the

11   deliberative process privilege.  *Warner Communications*, 742 F.2d at 1161.  Four factors must be

12   considered in determining whether to override the privilege:

13   1.    The relevance of the evidence

14   2.    The availability of other evidence

15   3.    The government's role in the litigation;

16   4.    The extent to which disclosure would hinder frank and independent discussion

17   regarding contemplated polices and decisions.

18   *Id.*

19   Defendants have already provided Plaintiffs' counsel and Special Master Keating with

20   documents concerning the May Revise presented by the Governor to the Legislature.  In other

21   words, the outcome of the deliberative process detailed in part by the Finance Letter has been

22   disclosed and the substantiating documents produced.  Plaintiffs may assert the disclosure of this

23   budget change proposal is a discreet and limited matter.  However, DOF is keenly aware that the

24   disclosure of a budget change proposal in a high-profile class action suit can have a chilling

25   effect on future communications with other agencies and can thus impact the flow of information

26   to the Governor.  (Dec. Genest, ¶ 10.)  The deliberative process privilege is necessary to preserve

27   the candid communications necessary for accurate fiscal analysis and review.

28   //

1    In contrast, Plaintiffs will not be prejudiced by the non-disclosure of the budget change

2  proposal.  Defendants have already agreed to release the budget change proposal under seal to

3  Special Master Keating.  The Order of Reference specifically permits Special Master Keating

4  with access to a broad ambit of documents and persons in order to ensure Defendants'

5  compliance with court orders and concerns.  Special Master Keating has consistently shown

6  discretion and tact in the performance of his duties such that Defendants are confident his review

7  of these materials under seal will not destroy or harm the public interest in free communication

8  between agencies in the fiscal process.

9  **B.    These Documents Should be Reviewed In Camera Before Any Decision To Produce**
**    Is Made.**

10

11    The United States Supreme Court has encouraged use of in camera review as a means of

12  resolving production disputes.  *Kerr v. United States District Court*, 426 U.S. 394, 405-06

13  (1976).  Defendants are willing to have the sought documents reviewed on an in camera basis,

14  subject to seal, by Special Master Keating.

15                              **CONCLUSION**

16    Defendants respectfully request this Court find the deliberative process privilege

17  precludes disclosure of the budget change proposal submitted by CDCR for augmented staffing

18  to implement the Revised Program Guide.  Defendants recognize the Order of Reference

19  provides Special Master Keating with the authority to review compliance with this Court's

20  orders.  Defendants believe the purpose of the deliberative process privilege, enabling candid

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

DEF. FORMAL CLAIM OF DELIBERATIVE PROCESS

1  communications between governmental agencies, will be maintained with an in-camera review

2  of these materials by Special Master Keating.  Therefore, Defendants consent to Special Master

3  Keating's review of these materials on an in-camera basis and under seal.

4             Dated: June 2, 2006

5

6                      Respectfully submitted,

7                      BILL LOCKYER
                    Attorney General of the State of California

8                      JAMES M. HUMES
                    Chief Assistant Attorney General

9                      FRANCES T. GRUNDER
                    Senior Assistant Attorney General

10                      ROCHELLE C. EAST
                    Supervising Deputy Attorney General

11

12                      ***/s/ Lisa Tillman***

13                      LISA A. TILLMAN
                    Deputy Attorney General

14                      Attorneys for Defendants

15

16

17  30124346.wpd

18

19

20

21

22

23

24

25

26

27

28

DEF. FORMAL CLAIM OF DELIBERATIVE PROCESS

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Coleman v. Schwarzenegger, et al**

No.:              **CIV S-90-0520 LKK JFM P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age and older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 2, 2006, I served the attached ***Defendants' Formal Assertion of the Deliberative Process Privilege to Production of Finance Request and Declarations of Michael Genest and Sarah Mangum*** by placing a true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:
Pete Cockeroft, H-86887
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671-0066

Kimberly S. Davenport
California Medical Association
221 Main Street
San Francisco CA 94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 2, 2006, at Sacramento, California.

| A Buckley | ***/s/ A Buckley*** |
|-----------|---------------------|
| Declarant | Signature |

30124945.wpd