1 | BILL LOCKYER
Attorney General of the State of California
2 | JAMES M. HUMES
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
6 |  1300 I Street, Suite 125
P.O. Box 944255
7 |  Sacramento, CA 94244-2550
Telephone: (916) 327-7872
8 |  Fax: (916) 324-5205

9 | Attorneys for Defendants
CF1997CS0003
10

11
IN THE UNITED STATES DISTRICT COURT
12
FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14

15 | RALPH COLEMAN, et al.,

16 |                            Plaintiffs,

17 |       v.

18 | ARNOLD SCHWARZENEGGER, et al.,

19 |                            Defendants.

20

CASE NO. CIV S-90-0520 LKK JFM P

**DEFENDANTS' DISCOVERY CONFERENCE STATEMENT**

Hearing:    June 13, 2006
Time:       11:00 a.m.
Courtroom:  25
Judge:      The Honorable John F. Moulds

## INTRODUCTION

This action arose many years ago, with judgment finally rendered in 1995. In the ensuing years, the Special Master and his team of experts have monitored compliance with the Court's orders. The monitoring has consisted of in-person tours of each and every adult correctional facility, preparation and negotiation of the Program Guide (a set of policies and procedures for mental health care), and oversight of internal policies and decisions.

At this juncture, Defendants endeavor to resolve outstanding Program Guide issues in an expeditious manner in order to facilitate closure of the case. The crux of providing a

DISCOVERY CONFERENCE STATEMENT

1

constitutionally-adequate mental health care delivery system involves an adequate set of policies and procedures for such care. Defendants respectfully submit to this Court their understanding of the discovery issues surrounding the Revised Program Guide.

## II.

### STATUS REPORT ON ISSUES STATED IN COURT'S ORDER

On March 2, 2006, Judge Karlton requested a report on certain Program Guide issues as follows:

**1. Policy on Cardiopulmonary Resuscitation**.

The parties have agreed to the language in the Revised Program Guide providing the court-mandated policy for the administration of cardiopulmonary resuscitation to inmates.

**2. Policy on Board Eligible Status For Psychiatrists.**

The parties have agreed to the language in the Revised Program Guide providing that all newly hired psychiatrists must have board eligible status to be employed by Defendants. The parties are presently preparing a stipulation concerning (1) the language to be used in the Revised Program Guide, (2) the June 1, 2006 deadline for submitting the plan to evaluate those psychiatrists who are not board eligible, and (3) the time frame for evaluation of those psychiatrists who are not board eligible. A plan has been submitted to Plaintiffs' counsel and Special Master Keating regarding the evaluation of psychiatrists who are not board eligible.

**3. Policy on Videomonitoring of Patients on Suicide Watch.**

As stated in the previous status conference statement, the parties have agreed to the language in the Revised Program Guide stating that effective April 10 there is a moratorium on the use of videomonitoring as the sole means of providing suicide watch.

The parties have agreed upon a 45-day period for notice in the event of any re-institution of video monitoring as a sole means for performing suicide watch. The parties have filed a stipulation on this policy.

**4. Staffing Ratios.**

The parties have met and conferred about Defendants proffered staffing ratios in administrative segregation units, Enhanced Outpatient Programs (EOP), and CCCMS.

1  Defendants have indicated that these ratios will be reviewed pending a workload study.  A

2  contract for the study is necessary.  Once the contract is completed, Defendants will provide

3  Plaintiffs with the completion date of that study.

4  **III.**

5  **DEFENDANTS' RESPONSE TO OTHER ISSUES STATED**

6  **IN PLAINTIFFS' STATEMENT**

7  Defendants object to Plaintiffs' introduction of issues outside the court order of March

8  2, 2006 into this hearing.  Without waiving said objection, Defendants provide a limited

9  response to those issues as follows:

10  **1.   Non-Cage Treatment Option for PSU and EOP Administrative Segregation**

11  **Inmates**

12  Defendants have agreed to consider this concept.

13  **2.   Classification Issues**

14  Special Master Keating's report on the Program Guide identified disputed

15  classification issues, including the elimination of the four points added to the classification score

16  of inmates entering into CDCR with a history of mental illness, the addition of a requirement for

17  the housing of EOP and CCCMS inmates in security levels commensurate with their

18  classification  scores, and an end to exclusion of EOP and CCCMS from participation in the

19  programs and services available to the general population.  (Report at p. 8.)

20  In their responses to the Draft Report on the Revised Program Guide, defendants

21  agreed to the recommendation that EOP inmates receive annual point reductions in their

22  classification scores for participation in their EOP-related programs. (Def. Response to Draft

23  Report at p. 3.)  Defendants are presently working on the implementation of this concept.

24  Defendants assert this Court lacks jurisdiction in this case to hear all the classification

25  issues listed in Special Master Keating's Final Report on the Revised Program Guide.  Plaintiffs'

26  counsel may argue the listed classification issues fall within the parameters of a claim under the

27  Americans with Disabilities Act or the Rehabilitation Act.  However, judgment in this action was

28  based on the  Eighth Amendment.  Indeed, Plaintiffs chose to voluntarily dismiss their

Rehabilitation Act claim prior to entry of judgment in this matter. Therefore, this Court does not have jurisdiction to determine the classification issues listed in the Final Report.

Further, the legal issues contained in each of the listed classification issues will require the development and determination of specific, individual claims and defenses under the Americans with Disabilities Act. Such claims and defenses are not properly heard by this Court in the course of an evidentiary hearing on the Program Guide.

To the extent Plaintiffs' counsel seeks discovery related to alleged discrimination issues in this case, Defendants direct this Court's attention to other cases pending before this Court under the Americans with Disabilities Act brought by Plaintiffs' counsel and against Defendant. (*See, Hecker v. California Department of Corrections and Rehabilitation*, E.D. Case No. S-05-2441, *Klemaske v.California Department of Corrections and Rehabilitation*, E.D. Case No. S-04-1750, *Wilson v. Woodford*, E.D. Cal. Case No. S-05-0876.) Defendants reiterate that the *Coleman* action is brought under the Eighth Amendment and so no discovery of issues under the Americans with Disabilities Act should be permitted. Before any discovery of such claims and defenses is permitted, Defendants request this Court permit briefing on the apparent dovetailing of these issues in *Coleman* with other pending actions filed by Plaintiffs' counsel against the California Department of Corrections and Rehabilitation under the Americans with Disabilities Act.

## IV.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' PROCEDURAL ISSUES

Plaintiffs request this Court determine their right to discovery certain issues in the Revised Program Guide and to obtain tour binders. Defendants hereby provide their response to Plaintiffs' issues.

### 1. Discovery Requested by Plaintiffs.

Plaintiffs seek the right to discovery, yet their request is untrammeled by any statement of the issues sought to be discovered or the sought means of discovery. In correspondence, Plaintiffs' counsel has stated the broadly the need to conduct discovery over a period of several months, with tours of institutions by their experts and depositions of Defendants' staff.

1    Defendants cannot agree at this time to such broad discovery, particularly after a decade of

2    monitoring with production and tours already provided to Plaintiffs' counsels..

3            Indeed, Defendants' counsel has informed Plaintiff counsel that no discovery is

4    necessary given the ongoing years of tours to the facilities and the ongoing production of internal

5    documents in response to Special Master Keating's requests and, quite often, Plaintiffs' requests.

6    Indeed, the post-trial status of this case makes any sought discovery untimely under the Federal

7    Rules of Civil Procedure, Rules 26 and 30.  Such discovery is after the close of discovery under

8    Rule 26 and in the absence of a court order permitting discovery after entry of the verdict in this

9    matter.  Indeed, the discovery phase of *Coleman* ended years ago with the completion of the trial

10   and entry of judgment.  The discovery statutes do not provide for discovery during the remedial

11   phase of a class action suit.  The Order of Reference in this case does not permit discovery by

12   Plaintiffs.

13           Defendants urge this Court to deny Plaintiffs' broad request to conduct discovery into

14   Program Guide issues.  The Program Guide is supposed to enable closure of this case, not reopen

15   issues for discovery and litigation.  Indeed, the Order of Reference specified the responsibility of

16   the Special Master is to work with Defendants.  Defendants have followed the counsel of

17   Special Master Keating and his experts in writing the Revised Program Guide.  Any discovery

18   and litigation of these outstanding Program Guide issues undermines these years of work in

19   negotiating the Program Guide and brings the parties back to the starting point of this case.

20   Defendants respectfully request this Court simply approve the Revised Program Guide and let

21   Defendants move to the next and hopefully final steps of a compliant mental health system.  In

22   the alternative, Defendants respectfully request to brief Plaintiffs' counsel's request for

23   discovery.

24           **2.    Plaintiffs' Request for Tour Binders.**

25           Special Master Keating has monitored compliance with court orders by touring,

26   personally and with his team, each and every adult correctional facility often once, if not twice, a

27   year.  Plaintiffs' counsels have often been a participant in these tours, with the "attorney tours"

28   or tours involving for Plaintiffs' counsels'  participation scheduled to accommodate Plaintiffs'

1  counsels' vacations and with the number of attorney tours negotiated at the start of every tour

2  cycle.  The tours begin with a review of binders of statistical information prepared by the

3  institution and end with an informal teleconference conveying the Special Master's experts'

4  findings to Plaintiffs' counsels, institutional staff, and defense counsels.  The tours result in

5  monitoring reports prepared by Special Master Keating, with recommendations for court orders.

6  The parties have the opportunity to object and have, indeed, objected to the Special Master's

7  findings and recommendations before court orders issue.

8       Defendants are now in the seventeenth round of tours.  Plaintiffs' counsel now seek the

9  tour binders for those tours that they are not invited to attend.  Defendants state that these

10  materials are produced to simply facilitate the Special Master's tours (and are produced to

11  Plaintiffs' counsel when on those tours to also enable their expeditious participation).  The

12  production of tour binders to plaintiffs' counsel before, during or after non-attorney tours will be

13  unduly burdensome to Defendants.  The materials will become litigation documents for use by

14  Plaintiffs' counsel in bringing or opposing motions, and so will have to be reviewed by in-house

15  and outside counsel before production.  The fact that the tours do not involve attorneys should be

16  read an indicator that Plaintiffs' counsel do not have a right to these materials.

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

DISCOVERY CONFERENCE STATEMENT

1

**CONCLUSION**

2          Defendants will continue to discuss outstanding issues with Plaintiffs' counsel in the

3    hope of obtaining informal resolution of those issues.  Defendants are willing to

4    brief key issues, such as Plaintiffs' request for discovery and for production of the tour binders.

5          Dated: June 2, 2006

6                              Respectfully submitted,

7                              BILL LOCKYER
                               Attorney General of the State of California

8                              JAMES M. HUMES
                               Chief Assistant Attorney General

9                              FRANCES T. GRUNDER
                               Senior Assistant Attorney General

10                             ROCHELLE C. EAST
                               Supervising Deputy Attorney General

11

12

13                             */s/ Lisa Tillman*
                               LISA A. TILLMAN

14                             Deputy Attorney General

15                             Attorneys for Defendants

16

17
     30124948.wpd
18

19

20

21

22

23

24

25

26

27

28

DISCOVERY CONFERENCE STATEMENT

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Coleman v. Schwarzenegger**

Case No.:        **CIV S-90-0520 LKK JFM P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 2, 2006, I served the attached Defendants' Discovery Conference Statement by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Pete Cockeroft, H-86887
California State Prison, Sacramento
FA2-205 - H86887
P.O. Box 290066
Represa, CA 95671-0066

Kimberly S. Davenport
California Medical Association
221 Main Street
San Francisco CA 94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 2, 2006, at Sacramento, California.

| A Buckley | /s/ A Buckley |
|---|---|
| Declarant | Signature |

30125012.wpd