LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF THOMAS NOLAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' FORMAL ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE** |

I, Thomas Nolan, hereby declare:

1. I am an attorney admitted to practice law in California and an Associate at the law firm Rosen, Bien & Asaro, one of the counsel of record for the plaintiff class in the case. I have personal knowledge of the matters stated herein and if called as a witness I could and would competently so testify. I make this declaration in support of Plaintiffs' Opposition to Defendants' Formal Assertion of the Deliberative Process Privilege.

2. This dispute arose, in part, as a result of an admission during a conference call between the parties concerning various program guide issues on May 14, 2006. The participants in the conference call included Special Master Keating, Deputy Special Master Lopes, Court Expert Dr. Jeffrey Metzner, CDCR Chief Psychiatrist Dr. Timothy Fishback, CDCR Chief Psychologist Shama Chaiken, plaintiffs' counsel (Michael Bien, Jane Kahn, and Tom Nolan) and defendants' attorneys (Lisa Tillman and Dennis Beaty). During the call, plaintiffs' counsel asked defendants to confirm that they had obtained the staffing necessary to comply with the Court's March 3, 2006 Order to implement the revised Program Guide. In response, Dr. Fishback indicated that the CDCR had in fact sought additional staffing in order to implement the revised Program Guide, but that that staffing request had been rejected by the Department of Finance. Dr. Fishback indicated that the CDCR did an analysis of what staffing would be needed to implement the new Program Guide, submitted it to the Department of Finance, and that the request was rejected. After this admission, both plaintiffs' counsel and the Special Master requested copies of the documents submitted to the Department of Finance by the CDCR that were rejected. Special Master Keating also stated that he was surprised because he had been under the impression that the staffing request was going to go forward and that the plan was to supplement this initial staffing package in the future, after a new time and motion workload study was completed.

3. For years, the CDCR has delayed obtaining funding for the expansion of clinical positions necessary to provide appropriate mental health care. Last year, defendants failed to request necessary staffing, using the excuse that the Court had not yet issued an order requiring the implementation of the revised Program Guide. Attached hereto as Exhibit A is a

true and correct copy of a Budget Change Proposal provided to plaintiffs and the Special Master last year, in June of 2005. Exhibit A is defendants' 2005-06 Budget May Revise Finance Letter, which sought funding for augmented clinical staffing but only for Corcoran State Prison. This 2005 Finance Letter asked for $4.1 million in funding to create 51.25 new Mental Health positions at Corcoran State Prison, which was required by a Corcoran specific Court Order. To the best of my knowledge, this Finance Letter was approved and funded, although Corcoran has not been able to fill these positions. The 2005 Finance Letter provides a detailed description of an "Alternative A" approach which was neither requested nor funded. See Exhibit A at 40-41. Under the "Alternative A" approach, the state would fund a broader staffing package to fully implement the revised Program Guides. This approach would require an additional 526 permanent field positions system-wide in 2005, along with another 296.1 permanent field positions in 2006-2007. See Exhibit A hereto at 40-41. This funding initiative and a second alternative approach which would have funded 50% of the needed positions were both considered and rejected "due to the fact that the MHSDS Program Guides have not received final court approval." Exhibit A hereto at 41, 42. In large part because of this excuse, the Special Master, plaintiffs and defendants sought and received the March 3, 2006 Court's order requiring defendants to immediately implement the new Program Guide, well before the deadline for the 2006-07 May Revise Budget process.

4. Attached hereto as Exhibit B is a true and correct copy of an April 7, 2006 Letter from Division of Correctional Health Care Services (DCHCS) Director Peter Farber-Szekrenyi to Special Master Keating setting forth a timetable for implementing various aspects of the revised Program Guide. On page 3 of the letter, it indicates that defendants' planned to finish a workload and efficiency study and "develop any needed adjustments in preparation for the next budget cycle" by December 2006.

5. Attached hereto as Exhibit C are true and correct copies of excerpts from budget documents produced to plaintiffs by Lisa Tillman on May 25, 2006 under a cover letter dated May 22, 2006. These documents appear to be very similar or else identical to the items in the original set of budget documents that are described in the Privilege Log attached to the

Declaration of Michael Genest as Tabs 23 and 24 (for which defendants assert the deliberative process privilege).

6. The interest of the Special Master and the plaintiffs in the requested material is the interest in speeding the remedy for an ongoing violation of the Constitution. The budget request package at issue is a detailed, comprehensive package of factual materials compiled by the leadership of the California Department of Corrections to justify a package of staffing and other measures deemed necessary to implement the staffing remedy in the *Coleman* case. Production of these documents is essential because plaintiffs or the Special Master will in all likelihood seek an order from the Court that requires the defendant to implement the rejected proposal immediately. The harm to the plaintiff class if this document were not disclosed would be significant, because this information could not be readily obtained from any other source, short of depositions and document requests to which the defendants would likely assert the same privilege.

7. Attached hereto as Exhibit D is a true and correct copy of the defendants' June 2, 2006 Status Conference Statement. On page three of this Status Conference Statement, defendants appear to back away from their commitment in Exhibit B above to complete the workload study by December 2006, stating that "*a contract for the study is necessary. Once the contract is completed, Defendants will provide Plaintiffs with the completion date of that study.*"

I declare, under penalty of perjury, that the foregoing is true and correct, and that this declaration is executed in San Francisco, California on June 9, 2006.

_____
Thomas Nolan