PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER REGARDING DEFENDANTS' JUNE 15, 2006 REVISED INTERIM BED PLAN** |

On June 15, 2006, in response to this Court's May 2, 2006 Order, defendants provided the Special Master with a document entitled *Interim Intermediate Care Facility and Mental Health Crisis Bed Plan, June 2006* ("June 15, 2006 Interim Bed Plan"). On June 29, 2006, plaintiffs filed objections to the plan. The court has reviewed the records and files in this case, the evidence presented in connection with this motion and the annual suicide reports of the special master for 2004 and 2005, the evidence presented in the hearings before this Court, the evidence presented in connection with the 15th Monitoring Report of the Special Master and the other reports of the special master, and the Court finds that this order is narrowly tailored, and constitutes the least intrusive means necessary to secure constitutional mental health care and to reduce avoidable pain, suffering and suicides that are taking place inside the CDCR on an ongoing basis.

Good cause appearing, IT IS HEREBY ORDERED THAT:

1. Defendants shall implement the 30-bed P-3 Intermediate Care Facility (ICF) expansion at CMF before June 30, 2007, as provided in their June 15, 2006 Interim Bed Plan. Defendants shall also implement the 40 Bed D-5 and D-6 ICF expansion before the December 31, 2006 deadline set forth in their June 15, 2006 plan.

2. Within 30 days from the date of this order, defendants shall provide the Court with a new plan to address the additional 140-bed gap in interim ICF beds that defendants' own figures indicate will continue to exist even after all of the planned ICF bed expansions in the June 15, 2006 Interim Bed Plan are implemented.

3. Defendants are ordered to develop and implement their plan to build a new 50-bed MHCB program at CMC. Defendants shall provide a schedule to the Court in the next 60 days for construction, licensing and staffing of the new CMC facility. In addition, defendants shall provide a list of each specific licensing and staffing requirement that they are asking the Court to order waived in the interim period before this new facility is built in order to permit them to operate the existing CMC LOU as a 42-bed MHCB unit. The list provided by defendants shall include a timetable for coming into compliance with the licensing provisions that defendants will be able to meet over time, a list of those provisions that can be met

through alternative methods of compliance, and a list of those provisions which defendants believe must be waived by the Court's specific order. Defendants plan shall also explain whether they have obtained the clinical staffing augmentations deemed necessary in their May 12, 2006 Finance Letter to safely operate the LOU at CMC as an MHCB unit. Defendants are ordered to fully staff the CMC MHCB Unit immediately.

4. Defendants shall file with the Court by July 15, 2006 a plan for removing long-term medical care patients from MHCB beds and CTC beds that can be used as MHCB beds. The plan should consider moving such patients to community facilities or to skilled nursing facilities. The plan shall include a detailed survey of the CDCR's existing MHCB and CTC beds and shall indicate how many MHCB beds and CTC beds at each facility are occupied by long-term care medical patients or are otherwise unavailable for use as MHCB beds. The plan shall be filed with both this Court and the *Plata* Court.

5. Defendants shall file within 30 days a revised plan for opening the 30 Bed P-3 ICF Unit at CMF which does not require the loss of 67 EOP Beds on M-3 Wing at CMF. If no non-mental health units are available at CMF in which to re-locate the EOP administrative segregation overflow population from P-3, defendants should address this additional 67 bed shortage in their interim and long-term plans for addressing the EOP bed shortage.

6. The portion of defendants' plan which involves moving 25 CMF Acute Psychiatric Program beds to Atascadero State Hospital in exchange for 25 MHCB beds is rejected. Instead, defendants and the Department of Mental Health are hereby ordered, within 30-days, to develop a plan to assure that at least 22 of the 25 beds at ASH's MHCB Unit are used by CDCR patients in need of MHCB care at all times. The plan shall consider such options as direct control of admissions to the Unit by CDCR clinicians.

7. The CDCR and DMH shall report to the Court concerning the availability of additional short term MHCB beds at ASH or CSH or other DMH facilities within 30 days.

8. Defendants shall henceforth seek the permission of the *Plata* receiver to move forward with their plans to house MHCB patients in the 18 General Acute Care Hospital (GACH) beds at the California Institution for Men (CIM). Defendants shall report back to the

Court concerning this issue within 30 days, and shall provide the Court with a specific list of the statutory, licensing, and/or staffing barriers to conversion of the CIM GACH unit into an MHCB unit that they are asking the Court to waive. The Special Master is directed to consult with the *Plata* receiver concerning this issue.

9. Defendants are ordered immediately to fund the clinical staff positions necessary to open the new MHCB unit at the California Institute for Women on the schedule previously provided by defendants. See Enclosure 8 to Defendants' 4/17/06 Bed Plan (indicating a target date for DHS licensing survey of August 15, 2006).

10. If it is not submitted in connection with the revised long-term plan, defendants shall submit a plan on or before July 15, 2006 to accelerate construction of the pending MHCB projects at Ironwood State Prison, California Medical Facility, Kern Valley State Prison, CSP-Sacramento, San Quentin, and California Men's Colony.

Dated: _____        _____
                                Honorable Lawrence K. Karlton
                                United States District Court