PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] STIPULATION AND ORDER REGARDING REVISION OF SUICIDE POLICY PERMITTING VIDEO MONITORING OF INMATES ON SUICIDE WATCH STATUS**<br><br>Dept: Honorable Lawrence K. Karlton |

## STIPULATION

The parties, by and through their counsel, stipulate as follows:

1. Plaintiffs filed objections to defendants' proposed Program Guide Section that provides for the use of video-monitoring to replace direct, constant one-on-one cell-front staff observation of inmates on suicide watch. Plaintiffs' Objections to the Special Master's Report and Recommendations on Defendants' Revised Program Guides, filed February 17, 2006 (objecting to Program Guide Section 12-10-16 & 17). The Court ordered the Special Master and the parties to attempt to reach agreement concerning video-monitoring by April 3, 2006. 3/2/06 Order ¶4. On March 27, 2006, defendants announced a self-imposed, voluntary moratorium on the use of video-monitoring as the sole means of conducting suicide watch and presented plaintiffs and Special Master Keating with a proposed memorandum to the field (attachment A herein) announcing the moratorium and providing direction to the field on the means of and staffing to use for suicide watch. On March 27, 2006, the proposed memorandum was approved by plaintiffs and Special Master Keating and was distributed to the field.

2. Defendants shall provide the Special Master and plaintiffs with 45 days written notice of any decision to reinstate video-monitoring as the sole method of conducting suicide watch observation at any CDCR institution. If plaintiffs' counsel object to the reinstatement, the parties shall meet and confer within 20 days. If disputed issues remain, plaintiffs may notice a hearing before the District Court on shortened time to resolve the matter.

///
///
///
///
///

```
 1  IT IS SO STIPULATED.
 2
 3  Dated: 5-19-06        By: /s/ Lisa Tillman
 4                            LISA TILLMAN, ESQ.
                              Deputy Attorney General
 5                            Office of the Attorney General
                              Attorneys for Defendants
 6
 7  Dated: 7-6-06         By: /s/ Jane E. Kahn
 8                            JANE E. KAHN, ESQ.
                              Rosen, Bien & Asaro, LLP
 9                            Attorneys for Plaintiffs

10  IT IS SO ORDERED.
11
12
13  Dated: _____
14                            THE HONORABLE LAWRENCE K. KARLTON
                              United State District Court Judge
15
```

# ATTACHMENT A

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date : March 27, 2006

To : Associate Directors, Division of Adult Institutions
Regional Administrators, Division of Correctional Health Care Services
Wardens
Health Care Managers

Subject : **TEMPORARY MORATORIUM ON THE USE OF VIDEO MONITORING AS THE SOLE OBSERVATION METHOD FOR SUICIDE WATCH**

Effective April 10, 2006, all institutions with suicide watch video monitoring capabilities will temporarily discontinue the use of video monitoring as their sole method of conducting suicide watch observation, regardless of the number of inmate-patients on suicide watch. All institutions will conduct suicide watch observation by the following methods: direct cell-front one-on-one (one staff member/one inmate-patient), direct cell-front one-on-two (one staff member/ two inmate-patients, where direct line of sight observation of both inmate-patients by staff member is available) and the California State Prison at San Quentin (SQ) will provide for a combination of both video monitoring and direct cell-front one-on-one observation. At no time during this moratorium will video monitoring be used as the sole method for observation of any inmate-patient housed on suicide watch status.

One-on-one and one-on-two cell-front monitoring must still be performed in strict accordance with the direction provided within the attached January 27, 2006 memorandum entitled "One-To-One, In-Person, Cell-Front Monitoring For Inmate-Patients Housed On Suicide Watch," co-authored by John Dovey, Director, Division of Adult Institutions, and Peter Farber-Szekrenyi, Dr. P.H., Director, Division of Correctional Health Care Services.

All institutions must provide for direct one-on-one and/or one-on-two cell-front suicide watch observation, with the exception of the California Medical Facility (CMF), San Quentin (SQ), and the California Men's Colony (CMC). CMF shall continue to transfer all suicide watch inmates to the Department of Mental Health. SQ shall provide for direct one-on-one, cell-front observation with the addition of video monitoring. CMC will transfer all suicide watch inmates to a Mental Health Crisis Bed (MHCB) until such time as the inmate's status has been lowered and the inmate-patient can return to general population. Pending transfer to a MHCB, CMC shall provide direct one-on-one suicide watch observation.

Associate Directors, Division of Adult Institutions
Regional Administrators, Division of Correctional Health Care Services
Wardens
Health Care Managers
Page 2

The following institutions, while housing multiple inmates on suicide watch status, will provide for one-on-two direct cell-front observation, unless one-on-one monitoring is ordered by the psychiatrist or psychologist:

- California Substance Abuse Treatment Facility and State Prison at Corcoran
- Pleasant Valley State Prison
- Calipatria State Prison
- California State Prison, Los Angeles County
- Centinela State Prison
- California Correctional Center
- Correctional Training Facility
- Folsom State Prison
- North Kern State Prison
- Wasco State Prison
- California Institution for Men
- Duel Vocational Institution
- Central California Women's Facility
- California Correctional Institution
- Salinas Valley State Prison
- High Desert State Prison

Also effective April 10, 2006, medical staffing will be used as the primary discipline to provide for the observation of suicide watch inmates. This includes all posts that conduct cell-front observation, video monitoring observation, and the cell-front observation responsibilities of inmates placed in 4/5-point restraints. Correctional Officers may continue to be used for these monitoring/observation responsibilities, but will no longer be the first classification considered to perform these functions.

Following is the job classification order in which all suicide watch and 4/5-point observation posts will be filled:

1. Hospital Aide
2. Certified Nursing Assistant
3. Licensed Psychiatric Technician
4. Medical Technical Assistant
5. Licensed Vocational Nurse
6. Registered Nurse
7. Correctional Officer

Associate Directors, Division of Adult Institutions
Regional Administrators, Division of Correctional Health Care Services
Wardens
Health Care Managers
Page 3

It is the responsibility of the Health Care Manager and Warden to ensure a comprehensive hiring procedure identifies specific processes mandating that every effort be made to fill all suicide watch and 4/5-point restraint observation posts, strictly keeping with the hiring order noted above. Further, this hiring process will mandate that all hiring efforts be exhausted, including the offering of voluntary and the assigning of involuntary overtime of the medical classifications in the table above, prior to filling these positions with a Correctional Officer.

Each institution will be responsible to update Operational Procedures (OP) and Post Orders that reflect the above-noted changes in their current suicide watch observation procedure. The updated OP's and Post Orders are to be returned to Timothy Shively, Correctional Counselor II, General Population Levels III and IV, Division of Adult Institutions, either via e-mail at tim.shively@cdcr.ca.gov or by fax to (916) 323-2886 by April 3, 2006.

If you have any questions or concerns, please contact Mr. Shively at (916) 322-7957, or Shama Chaiken, Ph.D., Chief Psychologist, Division of Correctional Health Services, at (916) 445-4114.

JOHN DOVEY
Director
Division of Adult Institutions

PETER FARBER-SZEKRENYI, Dr. P.H.
Director
Division of Correctional Health Care Services

Attachment

cc: Darc Keller          Joe McGrath              Brigid Hanson
    D. L. Runnels        Renee Kanan, M. D.       Kathleen Keeshen
    Kathleen Dickenson   Timothy Fishback, M. D.  Shama Chaiken, Ph.D.
    Margaret McAloon, Ph.D   Timothy Shively.