PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER RE: PLAINTIFFS' NOTICE OF VIOLATIONS OF MAY 2, 2006 COURT ORDER AND REQUEST FOR RELIEF AND DEFENDANTS' REQUEST FOR ADDITIONAL 60 DAY EXTENSION** |

On June 30, 2006, defendants filed their Statewide Mental Health Bed Plan--June 2006 Amendment, and request for a 60 day extension to file an amended long term bed plan. On July 10, 2006, plaintiffs filed a notice of violations of this Court's May 2, 2006 Order and for Relief and Objections to defendants' bed plan and request for an extension. Having carefully considered the bed plan, as well as the pleadings and evidence submitted, the recommendations

of the special master and the complete record of these proceedings, the Court makes the following findings and recommendations:

1. Defendants' June 20, 2006 Amended Long Term Bed Plan is rejected as it fails to comply with ¶ 1 of the May 2, 2006 Order requiring adjustments based on the increased population projections for CDCR published in spring 2006.

2. Defendants' request for a 60-day extension to present a new long-term bed plan is denied. Defendants are to move forward with all deliberate speed with the long-term bed plan projects approved by the Court in its May 2, 2006 Order.

3. Defendants, as well as their consultant, Navigant, are to produce to the Special Master and plaintiffs' counsel, within twenty days, all documents and information, including the underlying drafts, notes, data, computer programs, contracts with consultants, and communications, including emails, that refer or relate to either defendants' April 17, 2006 Bed Plan (and its attachments), or defendants' June 30, 2006 Amended Plan (and its attachments). Defendants and Navigant shall also provide full and unfettered access to the Special Master and plaintiffs' counsel to all persons who participated in any way in the two Bed Plans, including, if necessary, sworn testimony in depositions by plaintiffs' counsel or a hearing or inquiry, with sworn testimony recorded, conducted by the Special Master. The Special Master shall report to the Court concerning his findings concerning the serious questions raised by the timing and presentation of the April 17 and June 30, 2006 Bed Plans, the State Budgetary Process and the role of Navigant, by September 30, 2006.

4. The Special Master shall also retain a person or persons with expertise sufficient to evaluate Defendants' Bed Planning and construction process and make recommendations to the Court concerning their validity and concerning any necessary changes in data collection and analysis, computer programs, professional and management staff and project management staff, to assure that defendants' plans for construction of mental health beds and hiring of necessary clinical and custodial staff plan are adequate for the predicted population of prisoners with serious mental illness. The Special Master shall file a report, by November 15, 2006, with findings and recommendations. Among the questions to be addressed are which of

the various projections presented to the Court by defendants are most reliable and why, whether appropriate intermediate and long-term projects to address all of the housing and treatment needs of the MHDS population are in place and whether all or parts of the Bed Needs planning and construction process should be removed from the control of defendants and managed by the Plata Receiver or some other person or entity.

5. Defendants are ordered to file with the Court, by August 15, 2006, interim and long-term bed plans, including funding and implementation schedules, to address the present and projected gaps in Enhanced Outpatient Beds to assure timely access to this level of care for all custody levels and in all CDCR programs including but not limited to EOP's in reception centers, Administrative Segregation units, Administrative Segregation EOP units, Psychiatric Housing Units (PSU), Secured Housing Units (SHU) and Sensitive Needs Yards (SNY). These plans must provide for appropriate housing and treatment space and clinical and custodial staffing to assure compliance with the Revised Program Guides for all MHDS participants.

6. Defendants are in violation of ¶ 3 of the May 2, 2006 Order. On or before August 15, 2006, defendants are to provide a full and complete analysis, separately for each project in the long-term bed plan, in full compliance with that provision.

7. Defendants are in violation of ¶ 12 of the May 2, 2006 Order concerning the Kern Valley State Prison and CSP-Sacramento CTC/MHCB Units. Nothing in the Order contemplated that defendants would activate these units without hiring new clinical staff and in a manner that negatively impacted existing mental health and medical care programs. Defendants are ordered to immediately raise salaries and benefits at KVSP and CSP-Sacramento to a level sufficient to staff all mental health programs at appropriate levels, on or before August 1, 2006.

Dated: _____

_____
Honorable Lawrence K. Karlton