PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>  Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' RESPONSE TO SPECIAL MASTER'S REPORT** |

**INTRODUCTION**

Plaintiffs hereby object to the following evidence presented by defendants in connection with Defendants' Response to Special Master's Report on Defendants' Budget Requests for Staffing to Implement the Revised Program Guide and to Joinder of Department of Finance, filed on July 11, 2006 [hereafter "Defs.' Response"].  The only evidence submitted in support of Defendants' Response is the Declaration of Todd Jerue In Support Of Defendants' Response to Special Master's Report on Defendants' Budget Requests for Staffing to Implement the Revised Program Guide, filed on July 11, 2006 [hereafter "Jerue Decl."].  Mr. Jerue is a Program Budget Manager of the Corrections and General Government Unit within the Department of Finance.  Jerue Decl. at ¶ 1.  Although the named defendants in this case include both the Governor, the Acting Secretary of the CDCR and other state officials, and all defendants are represented by the Office of the Attorney General who presumably could have obtained declarations from representatives of these offices, defendants did not submit admissible evidence of the actions or rationales of the Governor's office nor of CDCR.  Rather, throughout his Declaration, Mr. Jerue makes conclusory statements about the actions, reasoning, and decision-making of the Governor and CDCR for which he has established no foundation or personal knowledge.  Fed. R. Evid. Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge).  *Marshall v. East Carrol Parrish Hosp. Service Dist.,* 134 F.3d 319, 324 (5th Cir. 1998) (declarations must contain evidentiary facts; conclusory statements are not enough); *Davis v. City of Chicago,* 841 F.2d 186, 189 (7th Cir. 1988) (conclusory assertion, unsubstantiated with specific facts, insufficient to demonstrate personal knowledge); *see also* Fed. R. Civ. P. 56(e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein")**.**  The assertions of Mr. Jerue are relied upon heavily throughout Defendants' Response, and when they are examined for actual knowledge or factual basis, it is clear that defendants have failed to present sufficient evidence to contradict the detailed findings and recommendations of the

Special Master in his Report on the Status an Sufficiency of Defendants' Budget Requests for Staffing to Implement the Revised Program Guide, filed June 21, 2006.

In addition, one of the main contentions in Defendants' Response is the lack of review of pertinent DOF documents by the Special Master. These documents are obtusely referred to throughout "Section B" of the Legal Argument. Defs.' Response at 6-9. For example, defendants state as follows: "The Special Master's analysis therefore did not benefit from any review of documents showing DOF deliberations and the rationale for any recommendation by DOF to the Governor to exclude the administrative segregation positions from the proposed May Revise budget. Without the benefit of documents evidencing the actual analysis undertaken by DOF, the report arrives at its findings by extrapolation." *Id.* at 6-7. General Local Rule 43-142(a)(3) for the Eastern District of California requires that any documents or exhibits offered in support of a motion be identified and attached in an affidavit submitted in support of that motion, unless such documents and exhibits are already in the record. Mr. Jerue's Declaration does not identify nor attach the missing DOF documents relied upon by defendants to oppose the Special Master's recommendations.

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTION |
|---|---|
| 1. "In instructions on the budget proposal process provided by DOF to State agencies and departments, DOF has explained that proposals should, among other things, identify the problem or issue that the resources requested would address; explain how the resources requested would solve the problem or issue identified; provide a clear, substantiated justification for the level of resources requested; and identify the methodology, assumptions, and data used in determining the amount of resources requested; and identify any resources that the department already has dedicated to the activity or problem that is identified." Jerue Decl. at ¶ 4(b). | Best Evidence Rule. Federal Rules of Evidence ("FRE") Rule 1002. (to prove the content of a writing, writing is required); E.D.Ca. Gen. L.R. 43-142(a)(3) (affidavit submitted in support of motion shall identify and attach documents and exhibits offered in support of motion unless already in record). |

| **DEFENDANTS' EVIDENCE** | **PLAINTIFFS' OBJECTION** |
|---|---|
| 2. "To my knowledge, the Special Master has never reviewed any of the underlying analytical working papers created by DOF fro any of the budget proposals referenced in the Special Master's Report, nor, to my knowledge, has he requested to speak to DOF staff about any of the analyses performed." Jerue Decl. at ¶ 5. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on information and belief are entitled to no weight).<br><br>Additionally, use of phrase "to my knowledge" indicates that declarant lacks actual personal knowledge and may have been told this by someone else. If that is the case, this is also inadmissible hearsay. FRE, Rule 802. |
| 3. "Once Governor's Office staff has determined to include a funding proposal in the Governor's budget proposal to the Legislature, the agency's budget proposal is revised to reflect the Governor's decision. This 'final' budget change proposal is then submitted to the Legislature for review and discussion." Jerue Decl. at ¶ 6. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge as to the actions performed by the Governor's Office or the agency. |
| 4. "This 'final' budget change proposal is presented to the Legislature as a portion of the Governor's budget proposal and, as such, reflects only the analysis that supports the level of funding and staffing proposed by the Governor." Jerue Decl. at ¶ 6. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge as to actions by the Governor.<br><br>Conclusory Statement. *Marshall v. East Carrol Parrish Hosp. Service Dist.,* 134 F.3d 319, 324 (5th Cir. 1998) (declarations must contain evidentiary facts; conclusory statements are not enough); *Davis v. City of Chicago,* 841 F.2d 186, 189 (7th Cir. 1988) (conclusory assertion, unsubstantiated with specific facts, insufficient to demonstrate personal knowledge)**.** |
| 5. "The analysis performed by DOF staff described in paragraph 4 is not performed for the purpose of reducing the level of resources requested." Jerue Decl. at ¶ 7. | Conclusory Statement. *Marshall.,* 134 F.3d at 324 (declarations must contain evidentiary facts; conclusory statements are not enough); *Davis*, 841 F.2d at 189 (7th Cir. 1989) (conclusory assertion, unsubstantiated with specific facts, insufficient to demonstrate personal knowledge). |
| 6. "The Governor's budget proposal reflects the results of the fiscal analysis provided by DOF, and, in addition, the Governor's determinations as to issues of public policy and the appropriate allocation of available resources." Jerue Decl. at ¶ 7. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge as to submissions or determinations by the Governor. |

-3-
PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' RESPONSE TO SPECIAL MASTER'S REPORT, NO.: CIV S 90-0520 LKK-JFM

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTION |
|---|---|
| 7. "It has been my experience that many employees within State government misunderstand the interactive budget process because program staff are represented in this process by agency and department budget staff. It is not uncommon to hear State employees use the type of terminology used in the Special Master's Report—that Finance 'denied' or 'rejected' a budget proposal, or that Finance 'will fund' a proposal." Jerue Decl. at ¶ 9. | Irrelevant. FRE Rule 401 (relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable); FRE Rule 402 (evidence which is not relevant is inadmissible). Perceptions of vague unnamed state employees about the budget process, whether true or false, are not relevant to securing staff to implement the Revised Program Guide.<br><br>Improper Speculation. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). |
| 8. "The Governor's budget proposal did not include CDCR's request for 496.2 positions for implementation of the Revised Program Guide (other than those for institutions other than California State Prison, Corcoran) because CDCR's proposal did not contain sufficient substantiation to support a budget proposal to the Legislature, absent a court order." Jerue Decl. at ¶ 11. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge as to submissions or determinations by the Governor. See Jerue Decl. at ¶ 9 ("The ultimate decision as to the budget to be proposed to the Legislature is made by the Governor and his staff."). |
| 9. "In my work presenting the Governor's budget proposals to the Legislature, I have learned first-hand that the Legislature generally approves proposals that are justified on the basis of a court order, e.g. when the activity for which funding (or funding and positions) is sought has been ordered by a court, even if that proposal is not supported by data ad fiscal analysis. In contrast, when a proposal is not independent supported by analysis and data, and a court ahs not yet issued an order for the performance of a particular activity, the Legislature will usually defer funding the activity until it is ordered by the court." Jerue Decl. at ¶ 12. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge as to submissions by the Governor, nor as to his personal knowledge as to why the Legislature, comprised of numerous voting individuals, approves or disapproves proposals.<br><br>Conclusory Statement. *Marshall.,* 134 F.3d at 324 (declarations must contain evidentiary facts; conclusory statements are not enough); *Davis*, 841 F.2d at 189 (7th Cir. 1989) (conclusory assertion, unsubstantiated with specific facts, insufficient to demonstrate personal knowledge).<br><br>Improper Speculation. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge).<br><br>Mr. Jerue is the Program Budget Manager of the Corrections and General Government Unit within the DOF and previously served as the Assistant Program Budget Manager. Jerue Decl. at ¶ 1. He is not a legislative analyst nor an expert on legislative decision-making. Further, Mr. Jerue states that he has been employed in DOF in positions directly related to the creation of the Governor's budget proposals, and states that the Governor's office, not DOF, presents the budget proposals to the |

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTION |
|---|---|
|  | Legislature. Jerue Decl. at ¶ 1, 6. These statements are inconsistent with the statement that Mr. Jerue has presented the Governor's budget proposals to the Legislature. |
| 10. "The notification sent to the Legislature included an alert that a subsequent request for budget authority would be submitted to address resources needed to implement the revised Program Guide at all institutions, once the revised Program Guide received final court approval." Jerue Decl. at ¶ 13. | Best Evidence Rule. Federal Rules of Evidence ("FRE") Rule 1002. (to prove the content of a writing, writing is required).<br><br>Hearsay. FRE, Rule 802. |
| 11. "The Governor chose not to propose that the Legislature fund 293.98 of the 299.98 positions requested by CDCR in the Mental Health Program Spring 2006 Finance Letter." Jerue Decl. at ¶ 15. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge) |
| 12. "The process described in paragraph 4 was followed in the development of this final budget change proposal." Jerue Decl. at ¶ 15. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). |
| 13. "During the interactive process addressing the CDCR's submitted finance letter, DOF advised the Governor's staff and CDCR that DOF's review of the historic record of funding of mental health staffing at CDCR reflected that for fiscal year 2000-01 CDCR had requested 285.4 administrative segregation positions to implement the 1997 Program Guide pursuant to a 1999 court order, and that those positions had been approved by the Legislature." Jerue Decl. at ¶ 16. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge).<br><br>Hearsay. FRE, Rule 802.<br><br>Mr. Jerue does not state that he personally advised the Governor's staff and CDCR of these findings. If he did not, it is inadmissible hearsay. |
| 14. "CDCR was unable to provide DOF with an explanation as to how those positions were accounted for in CDCR's fiscal year 2006-07 budget request." Jerue Decl. at ¶ 16. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge of the ability of CDCR to provide an explanation.<br><br>Conclusory Statement. *Marshall.,* 134 F.3d at 324 (declarations must contain evidentiary facts; conclusory statements are not enough); *Davis*, 841 F.2d at 189 (7th Cir. 1989) (conclusory assertion, unsubstantiated with specific facts, insufficient to demonstrate personal knowledge).<br><br>Hearsay. FRE, Rule 802. |

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTION |
|---|---|
| 15. "DOF staff noticed that a chart contained within this 2000-01 budget proposal provided the number of staff calculated by institution, the category of mental health need, and staff classification at that time." Jerue Decl. at ¶ 18. | Hearsay. FRE, Rule 802. |
| 16. "Therefore, with approval of this proposal, the department had a total of 320.4 positions allocated for these activities beginning in fiscal year 2000-01." Jerue Decl. at ¶ 19. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge of CDCR's allocation of positions.<br><br>Best Evidence Rule. Federal Rules of Evidence ("FRE") Rule 1002. (to prove the content of a writing, writing is required). Budget allocations of positions is a writing. |
| 17. "When these resources are approved by the Legislature in the annual Budget Act or in a supplemental appropriations bill, CDCR is responsible for allocating them to each institution based on the actual number of inmates in the mental health programs at each institution." Jerue Decl. at ¶ 20. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge of CDCR responsibilities. |
| 18. "However, it is possible that there are other resources also being used to provide mental health staffing in administrative segregation that CDCR redirected to this function or were provided through other means. This data should not be relied on as a full accounting of all positions utilized by these programs, but represents a minimum level that can be validated with the documentation available." Jerue Decl. at ¶ 23. | Improper Speculation. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). |
| 19. "CDCR's 2006-07 budget change proposal for 299.98 staff positions appears to have failed to account for previously-provided positions." Jerue Decl. at ¶ 24. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge).<br><br>Improper Speculation. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). |

| **DEFENDANTS' EVIDENCE** | **PLAINTIFFS' OBJECTION** |
|---|---|
| 20. "As a result…the Governor included in his proposed budget the positions requested by CDCR for the reception centers and mental health outpatient housing units." Jerue Decl. at ¶ 25. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). There is no foundation established for Mr. Jerue's personal knowledge as to submissions or determinations by the Governor. See Jerue Decl. at ¶ 9 ("The ultimate decision as to the budget to be proposed to the Legislature is made by the Governor and his staff."). |
| 21. "DOF informed CDCR of its determination that CDCR's 2006-07 budget change proposal did not adequately support the administrative segregation positions CDCR had requested in large part because CDCR's request failed to address DOF's concern that the positions being requested might double-count existing administrative segregation positions." Jerue Decl. at ¶ 26. | Hearsay. FRE, Rule 802. |
| 22. "CDCR's inability to explain its use of the previously funded administrative segregation positions caused DOF to recommend the Governor's inclusion of CDCR's proposed workload study in the Governor's proposed budget to the Legislature. The recommendation was not a ploy to retrieve DOF's credibility, as suggested by the Special Master at page 9, lines 4-8 of the Special Master's Report. Rather, DOF's advice was based on an assessment of what information is necessary to determine the staffing required to implement the Revised Program Guide." Jerue Decl. at ¶ 27. | No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge).<br><br>Conclusory Statement. *Marshall.,*134 F.3d at 324 (declarations must contain evidentiary facts; conclusory statements are not enough); *Davis*, 841 F.2d at 189 (7th Cir. 1989) (conclusory assertion, unsubstantiated with specific facts, insufficient to demonstrate personal knowledge).<br><br>Improper Opinion Evidence. FRE, Rule 701. |
| 23. "Further, DOF recommends that the workload study commence with an audit of exiting staff in order to determine CDCR's existing use of the positions previously authorized to implement the 1997 Program Guide." Jerue Decl. at ¶ 27. | Irrelevant. FRE Rule 401 (relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable); FRE Rule 402 (evidence which is not relevant is inadmissible). Urgent issue is how many additional positions are necessary, not how past positions have been used. |
| 24. "While that information was not sought by the Special Master, that information has now been provided by DOF by this declaration in the hopes of clarifying this issue and obtaining a modification of the Special Master's factual findings and recommendations." Jerue Decl. at ¶ 29. | Hearsay. FRE, Rule 802.<br><br>No Personal Knowledge. FRE, Rule 602 (testimony of any witness, other than an expert, must be based on personal knowledge). |

///

| | |
|---|---|
| Dated: July 21, 2006 | Respectfully submitted, |
| | /s/ Michael Bien_____ |
| | Michael W. Bien |
| | Rosen, Bien & Asaro |
| | Attorneys for Plaintiffs |