| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>KEITH WATTLEY Bar No.: 203366<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & ASARO, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>THOMAS NOLAN Bar No.: 169692<br>155 Montgomery Street, 8th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**[AMENDED PROPOSED] ORDER ADOPTING RECOMMENDATIONS OF SPECIAL MASTER'S JUNE 21, 2006 REPORT ON THE STATUS AND SUFFICIENCY OF DEFENDANTS' BUDGET REQUESTS FOR STAFFING, ADDING DOF AS PARTY AND UNSEALING ALL RELATED DOCUMENTS** |

On June 21, 2006, in response to this Court's June 19, 2006 Order, the Special Master filed a report under seal entitled *Special Master's Report on the Status and Sufficiency of the Defendants' Budget Requests for Staffing to Implement the Revised Program Guide*.  On July 11, 2006, plaintiffs and defendants filed responses and objections to the report and to the Court's request that the parties also address whether the Department of Finance should be added as a party defendant and whether the pleadings and evidence filed in connection with this issue remain sealed.

On July 17, 2006, the Court issued an Order finding that "defendants have failed to provide the Special Master with critical documents relevant to an assessment of the adequacy of their staffing augmentation requests."  The Court ordered defendants to produce, within two (2) days to the Special Master "all documents relevant to the requests of the California Department of Corrections and Rehabilitation for staffing to implement the court-approved provisions of the Revised Program Guides, including but not limited to the documents specifically described in this order."  On or about July 19, 2006, defendants produced additional documents to the Special Master in response to this Order.  On July 20, the Court ordered defendants to file the documents with the Court and to provide a copy to plaintiffs' counsel.  On July 21, 2006, the Court granted defendants' request for an extension of time to complete the production of documents to the Special Master.  On July 21, 2006, plaintiffs filed Plaintiffs' Reply and Objections to Defendants' July 11, 2006 Response to Special Master's Report on Budget Requests, Department of Finance as Party and Sealing Order and Plaintiffs' Objections to Evidence Submitted in Support of Defendants' Response to Special Master's Report.  On July ___, the Special Master filed a Supplemental Report

The Court has reviewed the Special Master's Reports, the argument and evidence presented by plaintiffs and defendants in response to the Report, the evidence presented in the hearings before this Court in April and May of 2006, and the files and records of this case.

Having reviewed this evidence, the Court makes the following findings of fact and conclusions of law:

1.	The Court finds that this order is narrowly tailored, extends no further than necessary to protect federal rights, and constitutes the least intrusive means necessary to secure Constitutional mental health care and to reduce avoidable pain, suffering, deaths and suicides that are taking place inside the CDCR on an ongoing basis.

2.	The Court finds that defendants' original 2006/07 Finance Letter submitted to the Department of Finance is not subject to the deliberative process privilege, as it does not reflect the deliberations, thoughts or opinions of the Department of Finance with respect to the relevant document.  Indeed, the relevant document does not include any information about why the Department of Finance rejected the proposed Budget Change request, nor any information about whom in the Department of Finance or the Governor's Office decided to reject the request for augmented staffing and other resources.

3.	On June 22, 2006, the Court ordered parties to brief the issue of whether the Special Master's report and attached exhibits should be unsealed.  Plaintiffs filed a proposed order and supporting memorandum of points and authorities proposing that the Rejected 2006/07 Finance Letter, along with all 800-plus pages of the exhibits and attachments thereto, and the 6/21/06 Report of the Special Master and the briefs of the parties with respect to this issue, be unsealed.  In their response, defendants addressed this matter only to state that they withdraw their assertion of the deliberative process privilege, do not seek a continued seal on the records, and will withdraw their appeals of this Court's June 12 and June 14, 2006 orders.

4.	The Court finds that there is a strong public interest in favor of disclosure of the budget documents at issue and that, for the reasons set forth in plaintiffs' brief, all documents and pleadings filed with the Court and/or provided to the Special Master should be unsealed and fully available to the public and the press.

5.	The Court finds that all of the staffing positions and other resources sought by the leadership of the California Department of Corrections and Rehabilitation, Division of Correctional Health Care Services, in the initial 2006/07 Finance Letter are necessary to correct ongoing Constitutional violations of the rights of *Coleman* class members and to provide minimally adequate mental health screening and services within administrative

segregation and secured housing units in California's prisons.  In addition, the evidence, including admissions by defendants, and the findings of the Special Master, demonstrate that additional clinical and custodial staffing and other resources, beyond those sought in the 2006/07 Finance Letter, are likely to be necessary to meet the standards of the Revised Program Guide.

6. The Court finds that defendants' current mental health care system clearly does not include the following components of a minimally adequate mental health care delivery system: (1) employment of a sufficient number of mental health professionals, (2) administration of psychotropic medication only with appropriate supervision and periodic evaluation, (3) adequate treatment programs, and (4) an adequate program to identify, treat and supervise inmates at risk for suicide.  See *Balla v. Idaho State Board of Corrections*, 595 F.Supp 1558, 1577 (D. Idaho 1984).   After more than ten years supervising the remedial phase of this case, the endemic nature of these problems are clear to the Court.   The Court further finds that the staffing augmentations and other resources requested by CDCR in the 2006/07 Finance Letter are the minimum necessary to allow the defendants to begin to address these issues.

7. The Court finds that the Department of Finance interfered with the efforts of the defendants to comply with this Court's March 3, 2006 Order, as well as the Court's numerous prior staffing orders, and also interfered with the efforts of the CDCR leadership to bring their mental health care system into compliance with the United States Constitution.   Based, at least in part, on the recommendation of the Department of Finance, the Governor failed to include necessary clinical and custodial staffing augmentations in the CDCR budgets in 2005/06 and 2006/07 which were submitted for approval and funding to the Legislature.  The decision by the defendant Governor not to approve the CDCR requests for staffing augmentations to meet the requirements of the Revised Program Guide is evidence of deliberate indifference by the Governor to the identified and documented serious needs of the *Coleman* class for minimally adequate mental health care and has caused and will continue to cause otherwise avoidable pain, suffering and even death by suicide.

8. Defendants admit that they did not provide the Court or Special Master with necessary documents relevant to the Special Master's report on staffing and defendants' ability to implement the Revised Program Guide. The Court finds that defendants have not provided open and honest communication with the Court about their efforts to secure staffing and resources necessary to comply with the Court's March 3, 2006 Order and implement the approved portions of the Revised Program Guide and as a result, delayed the ability of the Court to address this issue before California's state budget for 2006/07 was finalized by the Governor and the Legislature. As a result of defendants' delay and obstruction of this process, the Court must require defendants to secure necessary funding on an emergency basis outside of the normal budget cycle. Due to the critical need for these long-delayed resources, the Court finds that an emergency justifying funding outside of the normal budgetary process exists.

9. The Court has considered the evidentiary objections filed by plaintiffs in connection with the Declaration of Todd Jerue and has taken these objections in account in weighing the testimony of Mr. Jerue in connection with this Order.

Good cause appearing, IT IS HEREBY ORDERED THAT:

1. Michael C. Genest, the Director of the Department of Finance is hereby added as a defendant in this action, in his official capacity. The Court orders that a copy of this order and all subsequent orders in this case be served on Michael C. Genest, Director, California Department of Finance, 915 L Street, Sacramento, CA 95814.

2. The recommendation of the Special Master in his June 21, 2006 Report is hereby approved, with the following modifications:

    a. Defendants are hereby ordered to obtain funding on an emergency basis for all of the mental health staffing positions and other resources included in CDCR's FY 2006/07 BCP (Exhibit C to Special Master's Report) for implementing the Program Guide revisions that are not already included in the FY 2006/07 Budget. Defendants shall file a report with the Court, on or before August 30, 2006, confirming that they have complied with the order and that CDCR has been given authority to establish,

assign, recruit and hire for all of the mental health and related clinical positions established in the 2006/07 budget for CDCR, as well as for the additional positions established in compliance with this Court order. The Governor and the Attorney General are requested to provide notice of this and all other related orders of this Court to the Department of Personnel Administration and any other state agency, employee or agent whose approval, cooperation or assistance is necessary to assure defendants full and prompt compliance with the Court's orders.

      b.    Any workload study concerning necessary clinical and custodial staffing to implement the Revised Program Guides that is funded by defendants must be required to submit findings and recommendations sufficiently timely to be incorporated in the FY 2007/08 budget cycle. All consulting contracts, procedures, study criteria and methodology shall be provided to the Special Master and Plaintiffs' Counsel for comments and suggestions and all results of the workload study shall also be made available to the Special Master and Plaintiffs' Counsel.

      c.    The Special Master shall report to the Court, on or before March 1, 2007, on the adequacy of defendants' workload study and, independently, whether defendants' 2007/08 budget request includes sufficient clinical and custodial staffing and other necessary resources, to meet the requirements of the Revised Program Guide.

3.    All sealing orders issued by this Court are hereby vacated and the Clerk of the Court is directed to place all previously sealed documents in the publicly available files of this Court.

Dated: _____                  _____
                                                        Honorable Lawrence K. Karlton
                                                        United States District Court