IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                  No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.         <u>ORDER</u>

        /

        By order filed May 25, 2006, the Special Master was ordered to report to the court on the status and sufficiency of defendants' budget requests for staffing augmentation necessary to implement the provisions of the Revised Program Guide approved by the court order filed March 3, 2006. On June 21, 2006, the Special Master filed his report. The report was filed under seal pursuant to court order following defendants' assertion of the deliberative process privilege for certain documents.[1] By order filed the same day, the court directed the parties to file within fifteen days memoranda in support of or opposition to the Special Master's report. In that order, the parties were also directed to address the question of whether the California

---

[1] This court rejected the assertion of privilege, and it has now been withdrawn by defendants.

1

Department of Finance should be added as a named defendant in this action and whether the Special Master's report and attached exhibits should be unsealed.

Thereafter, the parties filed, under seal, their respective memoranda and evidence in support thereof. In an order filed July 17, 2006, the court found that defendants had failed to provide the Special Master with critical documents relevant to an assessment of the adequacy of their staffing augmentation requests. Accordingly, defendants were directed to provide those documents to the Special Master within two days, and the Special Master was directed to file a supplemental report within five days thereafter. By order filed July 21, 2006, defendants were given a two day extension of time to comply with the July 17, 2006 order.[2]

The Special Master has now filed his supplemental report. After a thorough review of all documents provided to him, the Special Master recommends that

> defendants be required to prepare and present to the special session of the Legislature, scheduled to occur in August 2006, a budget proposal for the allegation of no less than the 530.65 permanent and 21.2 limited term positions recommended by the Department of Finance's Unit Review in 2005, together with an allocation of sufficient funding to execute and complete a workload study in time to include its findings and recommendations in the FY 2007/08 budget. The 530.65 permanent positions should be in addition to the 208 permanent positions already allocated to implement the revised Program Guide.

(Special Master's Supplemental Report on the Status and Sufficiency of the Defendants' Budget Requests for Staffing to Implement the Revised Program Guide, filed July 28, 2006, at 15.) After review of both reports filed by the Special Master and the attachments thereto, as well as the briefs and evidence filed by the parties, the court finds the Special Master's recommendation fully supported by the record. It will therefore be the order of the court.

/////

---

[2] In a separate order filed July 20, 2006, defendants were ordered to file under seal a copy of all documents provided to the Special Master and to provide a copy of said documents to counsel for plaintiffs.

2

As noted above, the court also asked the parties to brief the question of whether the California Department of Finance should be named as a defendant in this action. Pursuant to Federal Rule of Civil Procedure 21, the court may add a party "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The addition of parties under Fed. R. Civ. P. 21 may be necessary where "the just, orderly, and effective determination of [the] issues requires that they be adjudicated in proceedings in which all interested parties are before the Court." United States v. Louisiana, 354 U.S. 515, 516 (1957).

On the basis of the findings contained in the Special Master's supplemental report, the court finds that the "just, orderly and effective" resolution of this case requires the addition of Michael Genest, Director of the California Department of Finance, as a defendant in this action. He will therefore be added to this action as a named defendant.

Finally, there is no further basis for sealing the documents filed in connection with this matter. Accordingly, the Clerk of the Court will be directed to unseal all such documents.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Michael Genest, Director of the California Department of Finance, is joined in his official capacity as a defendant in this action. The Clerk of the Court is directed to serve a copy of this order on Mr. Genest at the California Department of Finance, 915 L Street, Sacramento, CA 95814.

2. Defendants shall prepare and present to the special session of the Legislature, scheduled to occur in August 2006, a budget proposal for the allegation of no less than the 530.65 permanent and 21.2 limited term positions recommended by the Department of Finance's Unit Review in 2005, together with an allocation of sufficient funding to execute and complete a workload study in time to include its findings and recommendations in the FY 2007/08 budget. The 530.65 permanent positions should be in addition to the 208 permanent positions already allocated to implement the revised Program Guide.

3. The Clerk of the Court is directed to unseal documents # 1851, 1881, 1882, 1883, 1891, 1892, 1893, 1910, 1918, and 1921.

4. The Clerk of the Court is directed to send a copy of the Special Master's supplemental report and attached exhibits, filed July 28, 2006, together with a copy of this order to Robert Sillen, Court-Appointed Receiver, c/o Judge Thelton E. Henderson, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, and to serve a copy of the same documents on Michael Bien and Lisa Tillman, counsel for the respective parties.

DATED: July 28, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

/coleman.br