**COLEMAN v. SCHWARZENEGGER**
**CASE NO. CIV S-90-0520 LKK JFM P**

**EXHIBIT 1**

**IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND RECEIVE TOUR BINDERS**

FILED

DEC 11 1995

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,          No. CIV S-90-0520 LKK JFM P

vs.

PETE WILSON, et al.,

    Defendants.          ORDER OF REFERENCE
_____/

    On November 17, 1995, the magistrate judge filed findings and recommendations regarding a proposed order of reference of this matter to a special master. The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within ten (10) days. On December 1, 1995, defendants filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this court has conducted a <u>de novo</u> review of this case. Upon completion of said review, the

1

court finds that one objection raised by defendants warrants further discussion and amendment of the order proposed by the magistrate judge.

Defendants object to the proposed order of reference insofar as it directs the special master to work jointly with counsel for plaintiffs and counsel for defendants in development of a remedial plan. Defendants propose that the special master be directed to work jointly with defendants and experts selected by the special master.

The principal responsibilities of the special master, as previously described by this court, are to provide expert advice to defendants to ensure that their decisions regarding the provision of mental health care to class members conforms to the requirements of the federal constitution and to advise the court regarding assessment of defendants' compliance with their constitutional obligations. (Order filed September 13, 1995, at 81-82 n.63.) Thus, the main work of the special master in developing a remedial plan will be with the defendants to this litigation, with due regard for both the constitutional deficiencies identified by the court and the deference owed to the discretion of prison administrators in the discharge of their duties.

Nonetheless, this remains an adversarial proceeding where both sides of the litigation are represented by counsel. All parties are entitled to the advice of counsel as this litigation proceeds. Therefore, while the special master will be directed to

/////

00002

work with defendants, he will also be directed to consult with counsel for all parties as necessary in the discharge of his duties.[1]

This court has appointed J. Michael Keating, Jr. to serve as a neutral special master pursuant to Federal Rule of Civil Procedure 53 and the inherent powers of the court. The purpose of this appointment is to assist the court in fulfilling its obligation to fashion a remedy for the constitutional violations in the delivery of mental health care to members of the plaintiff class and to monitor implementation of that remedy. The specific duties and powers of the special master, along with other terms of his appointment, are enumerated herein.

Good cause appearing therefore, the court hereby makes the following order of reference:

A. Duties of the Special Master

It is HEREBY ORDERED that the duties of the special master are and shall be limited to the following:

1. To work with defendants and experts to be selected by the special master in accordance with paragraph B(7), infra, to develop a remedial plan that effectively addresses the constitutional violations set forth in this court's September 13, 1995 order. In discharging this duty, the special master shall

---

[1] Counsel will be entitled to be heard in any proceeding before this court concerning the adoption of a remedial plan. The court, and the remedial process, will be greatly assisted if the special master has consulted with counsel and addressed their concerns, insofar as possible, prior to the time the proposed remedial plan is submitted to the court.

00003

consult with counsel for plaintiffs and counsel for defendants as he deems necessary to the discharge of said duty.

2. To submit to the court within thirty (30) days of the date of this order, a proposed timeline for development of said remedial plan. In developing said timeline, the special master shall give due regard to the urgency of the problems to be remedied and the timelines recommended in the June 6, 1994 findings and recommendations.

3. To make interim reports to the court on the progress of the remedial plan.

4. To monitor defendants' implementation of and compliance with any remedial plan that this court may order. It is anticipated that the specific monitoring duties of the special master shall be developed in further detail once an appropriate remedial plan is fashioned and ordered by the court.

5. To prepare and file with the court periodic reports assessing defendants' compliance with such remedial plan as the court may order.

Prior to such filing, the special master shall serve, upon one designated representative of counsel for plaintiffs and one designated representative of counsel for defendants, a copy of each compliance report in draft form, and shall afford counsel a reasonable time within which to submit to the special master specific, written objections. Upon the request of either party, submitted in conjunction with the specific written objections, the special master shall, after giving reasonable notice to counsel,

convene a hearing at which time he shall fully consider the written objections of the parties. Thereafter, the special master shall serve and file his compliance report with the court in accordance with Federal Rule of Civil Procedure 53(e)(1).

6. To advise the court concerning any modification to the remedial plan that is requested by a party or that appears necessary to effectuate the purposes of the remedial plan.

7. The duties set forth herein may be further specified, expanded or modified only by order of this court.

B. Powers of the Special Master

IT IS FURTHER ORDERED that the powers of the special master are and shall be limited to the following:

1. To enter, at any reasonable time, with or without advance notice, any part of any facility at any California Department of Corrections (CDC) institution except the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville.

2. To interview, on a confidential basis or otherwise, correctional staff, employees, and appointees of the CDC for the purpose of performing his duties under this Order of Reference. Defendants shall provide suitable facilities and arrange for such interviews to be conducted under conditions satisfactory to the special master. In addition, the special master may engage in informal conferences with CDC staff, employees, and appointees, and such persons shall cooperate with the special master and respond to inquiries and requests related to the performance of his duties,

including requests for the compilation or communication of oral or written information.

3. To interview, confidentially or otherwise, inmates housed at any CDC institution, except the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville, as may be necessary to perform his duties under this Order of Reference. Such interviews shall be held at the institution where the inmate is incarcerated.

4. To attend formal institutional meetings and proceedings at CDC headquarters or at any CDC institution except the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility-Main at Vacaville as may be necessary to perform his duties under this Order of Reference.

5. To have unlimited access to the records, files and papers maintained by defendants to the extent that such access is related to the performance of the special master's duties under this Order of Reference. Such access shall include all departmental, institutional, and inmate records, including but not limited to, central files, medical records, and mental health records. The special master may obtain copies of all such relevant records, files, and papers.

6. To require the posting of notices in any part of any institution in the class in such number and form as the master may direct to the extent that such notices are necessary and appropriate to effectuate an effective remedy.

7. To retain or employ independent experts, specialists, assistants, administrative support staff or any other such person whose advice or assistance the special master deems necessary to the effective fulfillment of his duties under this Order of Reference. All such persons, as well as the nature of their compensation, shall be approved by the court in advance of their retention or employment.

8. To hold and conduct hearings with respect to defendants' implementation and compliance with such remedial plan as this court may order. To this end, the special master shall have the power to require the attendance of material witnesses, including prisoners confined by the CDC, the defendants, and any employees or appointees of the CDC, and the special master shall exercise all other powers described in subsection (c) of Rule 53 of the Federal Rules of Civil Procedure.

9. The powers described herein may only be modified by order of this court.

10. In exercising the powers enumerated herein, the special master may act by himself or through employees of, or assistants to, the special master approved by the Court. All actions of such assistant(s) or employee(s) shall be supervised and coordinated by the special master in order to accomplish the objectives of this reference.

11. The special master shall not be empowered to direct defendants or any of their subordinates to take or to refrain from taking any specific action to achieve compliance. The sole power

to direct compliance and punish noncompliance remains with the court. Neither the special master nor anyone in his employ shall intervene in the administrative management of the CDC or any of the institutions that are part of the class in the instant action.

### C. Compliance Reports

IT IS FURTHER ORDERED that any compliance report of the special master filed in accordance with paragraph A(5) above shall be adopted as the findings of fact and conclusions of law of the court unless, within ten days after being served with the filing of the report, either side moves to reject or modify the report. The court will entertain no objection to the report unless an identical objection was previously submitted to the special master in the form of a specific written objection in accordance with the provisions of paragraph A(5) above. The objecting party shall note each particular finding or recommendation to which objection is made, shall provide proposed alternative findings or recommendations, and may request a hearing before the court. Pursuant to Fed. R. Civ. P. 53(e)(2), the court shall accept the special master's findings of fact unless they are clearly erroneous.

### D. Compensation of the Special Master

IT IS FURTHER ORDERED that the special master shall be compensated at a reasonable hourly rate of one hundred fifty dollars ($150.00) per hour for services performed in accordance with this order, except that he shall be compensated at the rate of seventy-five dollars ($75.00) per hour for travel time. All

reasonable expenses incurred by the special master in performing his duties under this order shall be reimbursed as costs of the mastership.

The special master's fees and expenses shall be borne by the defendants as part of the costs of this action. Defendants are hereby ordered to deposit, within thirty (30) days of the date of this Order, the sum of two hundred fifty thousand dollars ($250,000.00) with the Clerk of the Court as an interim payment of costs, which amount shall be invested in an interest-bearing account. All interest earned in the account shall accrue to the benefit of defendants. The special master shall periodically submit to the Clerk of the Court, with a copy to defendants' designated representative, an itemized statement of the special master's fees and expenses, which shall be payable on receipt. At such point that the above sum is substantially drawn down, the court may order defendants to deposit additional sums with the Clerk of the Court.

DATED: December 11, 1995.

_Lawrence K. Karlton_
UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
December 12, 1995



\* \* CERTIFICATE OF SERVICE \* \*

2:90-cv-00520


Coleman

v.

Reagan

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on December 12, 1995, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

```
Donald Specter                              SJ/LKK
Prison Law Office
General Delivery                            CF/JFM
San Quentin, CA  94964
                                            Financial
Warren E George Jr
McCutchen Doyle Brown and Enersen
Three Embarcadero Center
Suite 1800
San Francisco, CA  94111

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street
Eighth Floor
San Francisco, CA  94104

Richard L Goff
Heller Ehrman White and McAuliffe
333 Bush Street
Suite 3100
San Francisco, CA  94104-2878

Amelia A Craig
Heller Ehrman White and McAuliffe
333 Bush Street
Suite 3100
SF CA 94104-2878
```

00010

Ismael A Castro
Attorney General's Office of the State of California
P O Box 944255
1300 I Street
Suite 1101
Sacramento, CA  94244-2550

Karl S Mayer
Attorney General's Office of the State of California
50 Fremont Street
Suite 300
San Francisco, CA  94105-2239

Catherine I. Hanson
California Medical Association
221 Main Street
San Francisco, CA  94105

Ann M Hansen
Seltzer and Cody
180 Grand Avenue
Suite 1300
Oakland, CA  94612


Jack L. Wagner, Clerk

BY: _____
      Deputy Clerk