PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER GRANTING POST-JUDGMENT DISCOVERY BY PLAINTIFFS AND ORDERING PRODUCTION OF COPIES OF TOUR BINDERS AND DOCUMENTS TO PLAINTIFFS** |

1    In an order filed May 25, 2006, the District Court referred the matter of discovery regarding the Revised Program Guide to this Court. In the stipulation and order filed June 12, 2006, this Court ordered briefing on 1) plaintiffs' right to discovery in the Program Guide dispute process and 2) plaintiffs' right to the tour binders and other documents provided to the Special Master on the prison monitoring tours. On July 13, 2006, plaintiffs filed a motion for post-judgment discovery regarding disputed areas of the Revised Program Guide and for production of copies of the tour binders and accompanying documents now provided by defendants to the Special Master.

The Court has reviewed the arguments and evidence presented by plaintiffs and defendants in this matter, and the files and records of this case.

Having reviewed this evidence, the Court makes the following findings of fact and conclusions of law:

1.    The Court rejects defendants' argument that plaintiffs are entitled to no post-judgment discovery in this case, as this conclusion is not supported in law. The Federal Rules do not preclude discovery in a civil proceeding because it is post-judgment.

2.    The Court finds that the information now provided informally by defendants to plaintiffs is not a substitute for formal discovery.

3.    The Court finds that plaintiffs are entitled to reasonable discovery regarding the disputed Revised Program Guide issues. Defendants are entitled to assert the ordinary objections to overly burdensome or intrusive discovery requests once plaintiffs have made actual discovery requests.

4.    The Court finds that the *Gates-Coleman* Stipulation and Order, filed December 24, 1998, requires that defendants produce copies to plaintiffs of all documents produced by defendants to the Special Master. This requirement applies to the production of copies of the tour binders and accompanying monitoring documents routinely provided by defendants to the Special Master.

5.    The Court finds that due process concerns also require the production by defendants of copies of the tour binders and accompanying documents to plaintiffs.

Good cause appearing, IT IS HEREBY ORDERED THAT:

1.    Plaintiffs are entitled to reasonable post-judgment discovery on the disputed Revised Program Guide issues.

2.    The discovery process for these issues will be as follows:

   a.    In the event that the parties reach an impasse on a Revised Program Guide issue, plaintiffs will prepare a proposed discovery plan.

   b.    If defendants do not agree to plaintiffs' proposed discovery plan, the parties will meet and confer within 21 days concerning the proposed discovery plan.

   c.    If the parties are unable to reach agreement, the parties will submit the discovery dispute to the Magistrate Judge for resolution.

3.    Defendants must produce copies to plaintiffs of all tour binders and other documents provided to the Special Master and/or his experts in connection with monitoring tours, beginning with the 17th Round of monitoring. Copies of documents produced to the Special Master should be produced to plaintiffs' counsel no later than 14 days after they are provided to the Special Master.

Dated: _____          _____
                                  Honorable John F. Moulds
                                  United States District Court