PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants

No.: Civ S 90-0520 LKK-JFM

**PLAINTIFFS' EMERGENCY NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH JULY 28, 2006 COURT ORDER AND REQUEST FOR AN ORDER TO SHOW CAUSE RE CONTEMPT**

## INTRODUCTION AND STATEMENT OF FACTS

On July 28, 2006, this Court ordered defendants to *"prepare and present to the special session of the Legislature, scheduled to occur in August 2006, a budget proposal for the allocation of no less than the 530.65 permanent and 21.2 limited term positions recommended by the Department of Finance's Unit Review in 2005, together with an allocation of sufficient funding to execute and complete a workload study in time to include its findings and recommendations in the FY 2007/08 budget. The 530.65 permanent positions should be in addition to the 208 permanent positions already allocated to implement the revised Program Guide."* 8/1/06 Order at ¶ 2. Defendants have failed to take necessary and appropriate steps to comply with the Court's Order and instead have taken affirmative steps to undermine the budget request so that it will not be approved by the Legislature. Defendants' actions and inaction are not only in open contempt of the Court and the Special Master but also directly endanger the well-being of the plaintiff class by further delaying the necessary clinical staffing to remedy the serious and ongoing constitutional violations. This is an emergency and the Court should immediately enter an Order to Show Cause Re: Contempt

Michael Genest, Director of the Department of Finance and newly named *Coleman* defendant, submitted a letter to the Legislature on August 10, 2006, in which he openly attacked this Court, the Special Master and the foundation of the July 28, 2006 Order, while technically submitting CDCR's budget proposal prepared to comply with the July 28, 2006 Order. See Genest Letter, Exhibit A to Declaration of Michael W. Bien in Support of Plaintiffs' Notice of Non-Compliance with July 28, 2006 Order and Request for An Order to Show Cause Re Contempt ("Bien Decl.") filed herewith. Mr. Genest's letter is a sustained attack on this Court's Order and is clearly designed to undermine the primary objectives of the Court Order: the funding of the necessary positions to implement the Revised Program Guide and provide minimally adequate mental health care in the prisons.

Mr. Genest's letter is openly contemptuous of the Court's Order and openly hostile to the proposed staffing allocation being submitted. While Mr. Genest attaches the July 28, 2006 Order to the package, he failed to attach the Special Master's Report which was the foundation

for the Court's Order, and then proceeds to attack the Special Master's analysis and findings. The message to the Legislature is clear: *The administration does not care if you fund these positions. A federal judge made us submit this request to you. You are free to turn it down.*

Defendants have the right to seek appellate relief from a Court order. Until they obtain a stay from the district court or the Ninth Circuit, however, they are obligated to comply with this Court's orders. These are matters of life and death. Further delay is unacceptable.

Defendant Genest undermines the CDCR budget request by continuing to raise questions about CDCR's fiscal integrity and responsibility. These are the very issues that were litigated by defendants before this Court and decided in the July 28, 2006 Order. Mr. Genest, for example, is openly skeptical of CDCR's representation that 299 clinical positions for administrative segregation units are not duplicative of prior requests and asserts that despite the CDCR's reassurances, "we still cannot confirm whether the number of positions initially requested by CDCR for ASUs in 2006/07 are necessary or justified on a workload basis." *Id.* Director Genest and the remaining defendants had full and fair opportunities to brief these issues to the Court. They lost. It is not appropriate to undermine the resulting Order by relitigating the issue before the Legislature.

Director Genest openly attacks the findings and conclusions of the Special Master concerning the needed positions, although he fails to attach the actual Report of the Special Master on the need for the relevant positions to the package submitted to the Legislature:

> [T]he Special Master has recommended funding for the number of positions initially requested by the CDCR in 2005/06, notwithstanding that: CDCR pursued funding of only 428 positions to implement the Revised Program Guide in its initial request for fiscal year 2006/07, 51.3 of the positions requested for fiscal year 2005/06 were funded; 13 of the positions requested by CDCR for fiscal year 2005/06 were not identified as for implementation of the Revised Program Guide; and CDCR's fiscal year 2005/06 request did not address the existing base level funding and positions provided in prior fiscal years, nor did it provide adequate workload justification for the number of positions requested

Bien Decl. Ex A at 2-3. Mr. Genest even impugns the Special Master's Report as "disturbing and arbitrary." *Id.* at 3.

Director Genest goes on to note that given CDCR's currently high vacancy rates for

clinical staff, overpopulation and shortages of treatment space and assets, "it is likely that these additional positions will go unused in fiscal year 2006/07." *Id.* Reluctantly, the letter concludes: "nonetheless, in compliance with the court's order, I present to you the proposal prepared by the CDCR for your consideration." *Id.* Not a single line of argument in the letter supports the allocation of the requested positions. Not a single line addresses the persisting underlying constitutional violations and the shortages of clinical staff which stand in the way of CDCR's ability to implement the Revised Program Guide.

Instead of presenting the Legislature with the emergency request for funding ordered by the district court in good faith, Mr. Genest defied the Court and instead sent the Legislature what is in effect a detailed argument as to why the Court's Order is inappropriate and should be ignored. This is contempt.

As the Special Master has found in the Report that Mr. Genest did not bother to even attach to his letter to the Legislature, the stakes in this dispute are extraordinarily high:

> The presently soaring rate of suicides in administrative segregation units alone is an index of the need for increased mental health monitoring and treatment of inmates, a need the Department of Corrections and Rehabilitation is seeking frantically to meet now. Inmates placed by the State of California in overcrowded and understaffed administrative segregation units are killing themselves in unprecedented numbers, while the Department of Finance parses charts to impede the Department of Corrections and Rehabilitation's efforts to procure staffing to address the problem.

Special Master's July 27, 2006 Supplemental Report on the Status and Sufficiency of the Defendants' Budget Requests for Staffing to Implement the Revised Program Guide at 12-13. The enormity of the stakes in this dispute are also clear in the text of very CDCR Finance Letter that triggered this dispute:

> After 11 years of implementing the court's orders and the mandated services, as well as preparing for the implementation of the 2006 MHSDS Revised Program Guide, CDCR and DCHCS have determined that current resources are insufficient to implement the newly mandated 2006 Revised Program Guide in a manner consistent with the court's requirements and level of community standards of quality care. <u>Failure to implement the 2006 MHSDS Revised Program Guide will continue the current status of mentally ill inmates going undiscovered, undiagnosed, and untreated, while at the same time being subjected to conditions that aggravate their illnesses. Due to limited resources, those</u>

<u>mentally ill inmates who currently do receive some form of treatment, suffer needless extended and medically harmful delays in access to necessary psychiatric care</u>.

Ex. C to 6/21/06 Special Master's Report at 10 (Bates 00074) (emphasis supplied).

Department of Finance Director Genest has made a submission to the Legislature that appears intended to once again frustrate the efforts of the CDCR to obtain funding for staffing it believes is necessary to save lives. Preventing avoidable pain and suffering and death is also the purpose underlying the Court's July 28, 2006 Order. The Court must act quickly to ensure that a more appropriate and likely to succeed submission is made to the Legislature before time runs out on the Special Session.

The remaining defendants, including the Governor and Director Tilton, must act promptly to disavow Director Genest's letter and to support the CDCR budget proposal unequivocally. The Court should consider appropriate sanctions to assure that Director Genest, now a defendant party, takes the necessary actions to implement and effectuate the Court's orders.

### ARGUMENT

**I. DEFENDANTS HAVE FAILED TO COMPLY WITH THE COURT'S JULY 28, 2006 ORDER, NECESSITATING ADDITIONAL ACTION BY THE COURT TO ENSURE COMPLIANCE.**

A federal court has broad equitable powers. *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15 (1971). In employing these broad powers, courts "exercise '[t]he least possible power adequate to the end proposed.'" *Spallone v. United States*, 493 U.S. 265, 280 (1990) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 231 (1821)). This is true under both traditional equitable principals, and under the Prison Litigation Reform Act. See Prison Litigation Reform Act, 18 U.S.C. § 3626 (a)(1) (requiring that before a court orders prospective relief in a prison conditions suit that the court find that "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."). Although it must be exercised with caution, this Court has broad inherent and statutory power to enforce its

orders, including the power of civil contempt. See Fed. R. Civ. P. 65(d) ("Every order granting an injunction and every restraining order . . . is binding only on the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."); see also All Writs Act, 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *United Mine Workers v. Bagwell,* 512 U.S. 821, 831 (1994) (noting that courts have "an inherent contempt authority" which is a "power necessary to the exercise of all others") (internal quotations and citations omitted).

Here, it is clear that further orders of the Court are necessary to ensure full and meaningful compliance with the July 28, 2006 Order. The July 28, 2006 Order was binding on all of the defendants in this action, not just Department of Finance Director Genest. Defendant Genest's actions, as reflected in his letter, were not undertaken in good faith and will undermine the Court's objective of funding the necessary clinical positions to implement the Revised Program Guide. Secretary Tilton of the CDCR and the Governor, also are obliged to comply with the July 28, 2006 Order and must now take appropriate steps to assure that the CDCR budget request is fairly presented to the Legislature. Although Attachment IV to the Genest Letter is the Budget Change Proposal for the relevant position prepared by the CDCR pursuant to the July 28, 2006 Order, it is clear that the defendants have not done everything within their power to ensure compliance with the Court's order. "If a person disobeys a specific and definite court order, he may properly be adjudged in contempt. A person fails to act as ordered by the court when he fails to take all reasonable steps within his power to insure compliance with the court's order." *In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1365 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). In a civil contempt proceeding, intent to comply is irrelevant; "[t]he sole question is whether a party complied with the district court order." *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983).

Time is short in this matter. The Special Session of the Legislature will end on August 31, 2006. The "last day for appropriations to meet and report assembly bills" is Friday, August 18, 2006. Bien Decl. ¶ 3 and Ex. B.

## CONCLUSION

For all of the reasons set forth above, the Court should immediately issue an order to show cause why the Governor, Secretary Tilton and Director Genest should not be found in contempt of the July 28, 2006 Order. The Governor and Secretary Tilton should be required to demonstrate their individual compliance with the Order by disavowing in writing Director Genest's August 8, 2006 Letter and fully and unequivocally endorsing the CDCR budget request. Director Genest should retract his letter and replace it with an unequivocal recommendation in support of the CDCR BCP. Finally, the Governor, Director Genest and Secretary Tilton should provide written direction to their staffs that they endorse the CDCR BCP and request that all persons acting at their direction advocate in support of the BCP with the Legislature.

Dated: August 14, 2006                    Respectfully submitted,

                                          /s/ Michael W. Bien
                                          _____
                                          Michael W. Bien
                                          Rosen, Bien & Asaro
                                          Attorneys for Plaintiffs