**Ralph Coleman, et al. v. Arnold Schwarzenegger, et al.**
**United States District Court, Eastern District of California**
**Case No. CIV S-90-0520 LKK JFM P**

**EXHIBIT A**

to

**Defendants' Response to Court Order of**
**July 31, 2006 Re: Budget Change Proposal**

**DEPARTMENT OF FINANCE**
OFFICE OF THE DIRECTOR

ARNOLD SCHWARZENEGGER, GOVERNOR
STATE CAPITOL ■ ROOM 1145 ■ SACRAMENTO CA ■ 95814-4998 ■ WWW.DOF.CA.GOV

August 16, 2006

Honorable Wesley Chesbro, Chair
Joint Legislative Budget Committee
Senate Budget and Fiscal Review Committee

Honorable John Laird, Chair
Assembly Budget Committee

Honorable Kevin Murray, Chair
Senate Appropriations Committee

Honorable Judy Chu, Chair
Assembly Appropriations Committee

Dear Chairpersons of Budget Committees and Appropriation Committees:

This is to clarify my letter to you dated August 10, 2006, relative to the court-ordered budget change proposal (BCP) for the California Department of Corrections and Rehabilitation (CDCR). Several legislative staff have asked what the Department of Finance's recommendation is with regard to funding these positions.

We have always recognized the urgent need to improve mental health care in the CDCR. Additionally, the court has worked for over ten years to build a constitutionally acceptable mental health delivery system at CDCR. In these ten years, the court has allowed the state broad discretion in fashioning improvements toward this end, yet the CDCR has been unable to bring its mental health system into compliance. In the past few months, the court has added the Directors of the Departments of Finance and Mental Health as defendants in this case and has now provided a specific and detailed remedy, which is the BCP attached to my previous letter.

The proposed BCP is essential to achieving the goal of compliance with this court order, as well as the long term goal of a constitutionally adequate level of mental health services at the CDCR. Therefore, I recommend funding all 551.85 positions, effective September 1, 2006, and augmenting the current-year budget by $35,446,000, as detailed in the attachments to my earlier letter.

I am also recommending that you adopt budget control language (attached) to limit the use of the funds to the purposes stated in the BCP. The language also requires the CDCR to report on how the funds are spent.

I understand and respect the role of the court and the special master in this matter. I look forward to working cooperatively with them as we strive to bring CDCR's mental health delivery system up to constitutionally acceptable standards.

Sincerely,

MICHAEL C. GENEST
Director

Attachment

cc: On following page

- 2 -

cc: Honorable Dennis Hollingsworth, Vice Chair, Senate Budget and Fiscal Review Committee
Honorable Rick Keene, Vice Chair, Assembly Budget Committee
Honorable Michael Machado, Chair, Senate Budget and Fiscal Review Subcommittee No. 4
Honorable Rudy Bermúdez, Chair, Assembly Budget Subcommittee No. 4
Ms. Elizabeth Hill, Legislative Analyst (3)
Mr. Danny Alvarez, Staff Director, Senate Budget and Fiscal Review Committee
Mr. Bob Franzoia, Staff Director, Senate Appropriations Committee
Mr. Jeff Bell, Staff Director, Senate Republican Fiscal Office
Ms. Diane Cummins, Senate President pro Tempore's Office
Mr. Christopher W. Woods, Chief Consultant, Assembly Budget Committee
Mr. Geoff Long, Chief Consultant, Assembly Appropriations Committee
Mr. Peter Schaafsma, Staff Director, Assembly Republican Fiscal Committee
Mr. David Harper, Deputy Chief of Staff, Assembly Republican Leader's Office
Mr. Craig Cornett, Assembly Speaker's Office (2)
Mr. James E. Tilton, Acting Secretary, Department of Corrections and Rehabilitation
Dr. Peter Farber-Szekrenyi, Director, Division of Correctional Health Care Services
Mr. J. Michael Keating, Special Master

- 3 -

**Proposed Special Session Language
Appropriation to Meet July 28, 2006 Court Order
Coleman v. Schwarzenegger**

SECTION 1. There is hereby appropriated from the General Fund the sum of $35,446,000 to the Department of Corrections and Rehabilitation for increased staffing to implement the Revised Program Guide for the Mental Health Services Delivery System as required by the July 28, 2006 court order in Coleman v. Schwarzenegger.
SECTION 2. The amount appropriated pursuant to this Chapter shall be used only for the following purposes:
(1) To establish 551.8 positions, effective September 1, 2006, to implement the revised Program Guide in the Coleman v. Schwarzenegger lawsuit.
(2) Of the amount appropriated, $750,000 shall be one-time funding to conduct an extensive workload study of this program so that the results of this study can be incorporated into the budget process for the 2007-08 fiscal year.
SECTION 3. On or before January 10, 2007 and on or before April 1, 2007, the California Department of Corrections and Rehabilitation shall submit to the chairpersons and vice chairpersons of the committees in both houses of the Legislature that consider the state budget and appropriations and to the Legislative Analyst's Office, a report stating how the funds appropriated by this Chapter were spent, the number of positions filled, and the status of the workload study.
SECTION 4. It is the intent of the Legislature that:
(1) An appropriation for the ongoing cost of the positions required by the July 28, 2006 court order in Coleman v. Schwarzenegger will be included in the 2007 Budget Act.
(2) The California Department of Corrections and Rehabilitation will complete the workload study of this program and present it to the Legislature by no later than April 1, 2007.
(3) The results of the workload study will be used to assess the total level of resources needed for the implementation of the revised Program Guide for the Mental Health Services Delivery System as required by the Coleman v. Schwarzenegger lawsuit and shall be the basis of any adjustments made to the number of positions and funding provided for this purpose.
SECTION 5. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting this necessity are:
    This act makes an appropriation necessary to ensure the adequate delivery of mental health services to inmates in the California Department of Corrections and Rehabilitation and to comply with a federal court order.