**FILED**

AUG 23 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

8/18/06

J. MICHAEL KEATING, SPECIAL MASTER
COLEMAN V. SCHWARZENNEGER
U.S. DISTRICT COURT — EASTERN DIV.
SACRAMENTO, CA.

RE: CONTEMPT FOR THE SPECIAL MASTER
AND COURT BY CSP-SOLANO
WARDEN — D.K. SISTO

DEAR SIR:

ENCLOSED IS A PETITION, IN THE TRUE SPIRIT OF THE 1ST AMENDMENT TO THE U.S. CONSTITUTION, BY STATE PRISONERS @ CSP-SOLANO, WHO ARE MENTALLY-ILL AND OTHERWISE.

SIR, PLEASE ACCEPT MY SINCERE APOLOGY, FOR BEING IGNORANT OF YOUR ROLE AS SPECIAL MASTER. HAD I KNOWN, I WOULD'VE TAILORED THE MENTAL HEALTH ISSUES TOWARD YOU, EXCLUSIVELY, AND WOULD'VE ADDRESSED THE PETITION TO YOU.

SIR, PLEASE IMMEDIATELY INTERVENE.

CSP Solano
P.O. BOX 4000
VACAVILLE, CA 95696 (T-75593)

SINCERELY,

TETDMAS A. SEVILLA

TO: J. MICHAEL KEATING

ROBERT SILLEN, FEDERAL RECEIVER
PLATA V. SCHWARZENNEGER

RE: CRUEL AND UNUSUAL PUNISHMENT
    TOWARDS SOUTHERN AND NORTHERN
    HISPANIC INMATES @ CSP-SOLANO

DEAR SIR:

MY NAME IS THOMAS ANTHONY SEVILLA;
STATE PRISON # T-75593. I AM A SOUTHERN
HISPANIC INMATE, CURRENTLY SUBJECTED TO
ILLEGAL AND CRUEL CONDITIONS OF CONFINE-
MENT @ CSP-SOLANO, IN DELIBERATE IN-
DIFFERENCE TO MY MEDICAL AND PSYCHI-
ATRIC NEEDS, BY WARDEN — D.K. SISTO.
I WRITE TO YOU TODAY ON BEHALF OF
SOUTHERN AND NORTHERN HISPANIC INMATES
@ CSP-SOLANO; AS A PROTECTED PERSON
PURSUANT TO 42 U.S.C; SECTION 12131, AND
AS A CLASS-MEMBER OF : PLATA V.
SCHWARZENNEGER AND COLEMAN V.
SCHWARZENNEGER; SEEKING IMMEDI-
ATE REDRESS OF THIS GRIEVANCE
UNDER THE 1ST AMENDMENT OF THE
UNITED STATES CONSTITUTION, IN THE
FORM OF THIS URGENT PETITION.

AS EVIDENCED AND ESTABLISHED, I/WE SOUTHERN AND NORTHERN HISPANIC INMATES HAVE SOUGHT REDRESS OF GRIEVANCE IN THE ESTABLISHED ADMINISTRATIVE FORMAT — THE CDC-602 INMATE APPEALS PROCESS, BUT HAVE ONLY RECEIVED <u>CORRUPTION</u> AND INTENTIONALLY DECEITFUL RESPONSES, THIS MATTER IS OF AN EXTREMELY <u>URGENT</u> NATURE, AND WE APPEAL NOW TO YOUR POWERS AND INTEGRITY.

AS ALLEGED, SOUTHERN AND NORTHERN HISPANICS ARE BEING TREATED CRUELLY AND WITH DELIBERATE INDIFFERENCE TO THEIR CONSTITUTIONAL RIGHTS. THIS, AS PART OF REPEATED "LOCKDOWN = OR "MODIFIED PROGRAMS = THAT EFFECTIVELY SUBJECT US TO THE FOLLOWING ATYPICAL HARDSHIPS. <u>SANDIN V. CONNER</u>, 515 U.S. 472 (1995).

I.        MEDICAL INDIFFERENCE

IN VIOLATION OF <u>PLATA V. SCHWARZENEGGER</u>, THERE EXISTS INADEQUATE MEDICAL TREATMENT, IN

THE FOLLOWING PERTAIN:

a.) CDC-FORM 7362, IS TYPICALLY NOT MADE AVAILABLE TO HISPANIC IN-MATES WHO ARE SEEKING MEDICAL TREATMENT.

b.) HISPANIC INMATES WHO PREPARE AND SUBMIT THE FORM, ARE NOT BE-ING MEDICALLY SCREENED WITHIN THE REQ-UISITE TIME FRAME.

c.) TREATMENT IS NOT BEING PRO-VIDED DUE TO THE DELIBERATE INDIFF-ERENCE OF HOUSING UNIT CUSTODY STAFF, WHO, TYPICALLY CLAIM THAT SECURITY & ESCORT OFFICERS (Sε's) ARE NOT AVAILABLE, AND THEREFORE, INMATES W/ SCHEDULED APPOINTMENTS ARE NOT BEING SCREENED OR TREATED, AND THEIR ILLNESSES ALLOWED TO CAUSE UNDUE SUFFERING.

d.) DIABETIC INMATES WHO ARE INSULIN DEPENDENT, OR BORDERLINE DIABETICS IN NEED OF GLUCOSE TESTING, ARE NOT BEING ESCORTED FOR THEIR LIFE-SUSTAINING TREAT-

MENTS AND MORE

e.) CDC-602 `MODIFICATION ORDERS - RELATED TO MEDICAL GRIEVANCES`; EVEN FEDERAL COURT ORDERS SPECIFIC TO MED-ICAL TREATMENT, ARE <u>NOT</u> BEING RE-SPECTED IN CONTEMPT TOWARD THE FED-ERAL COURTS.

f.) " <u>STAPH FOLICULITIS</u> "; A COMMON AND CHRONIC AFFLICTION OF THE SCALP AND FACIAL AREA; PARTICULARY WITHIN THE CRAMPED, HUMID CONFINES OF THE PRIS-ON ENVIRONMENT, IS NOT EFFECTIV-ELY BEING TREATED; ALLOWED TO FES-TER AND GROW WORSE. ULTIMATELY, AN IMMUNITY TO ANTI-BIOTIC THERAPY IS BEING ACCOMPLISHED, AS MEDICAL STAFF REMAINS STUBBORN TO INEFFECTIVE AND ERRATIC TREATMENTS.

THESE ISSUES AND MORE, HAVE BEEN THOROUGHLY ADDRESSED IN GRIEVANCE — APPEAL # <u>CSP-S-06-01595</u> (i.e. 602), WITH CLEAR AND IRR-EFUTABLE EVIDENCE OF INDIFFERENCE AND FRAUDULENT RESPONSES IN THE

INMATE APPEALS. RE-QUEST COPY OF THIS COMPREHENSIVE IN-MATE APPEAL FROM THE CSP-SOLANO IN-MATE APPEALS PROCESS.

## II. MENTAL HEALTH TREATMENT

THERE EXISTS GROSS RACIAL DISCRIM-INATION TOWARD THE HISPANIC MENTALLY-ILL, AND EVIDENTIAL DELIBERATE IN-DIFFERENCE TOWARD MENTALLY-ILL INMATES SUBJECTED TO "LOCKDOWN" AND THE INFAMOUS - " MODIFIED PROGRAMS."

a.) HISPANIC MHSDS INMATES, AT VARIOUS LEVELS OF CARE, ARE BEING CONFINED TO THEIR CELLS UNDER EX-TREME AND CRUEL CONDITIONS, THESE INMATES ARE NOT RECEIVING THEIR REQUISITE AND HUMANE MENTAL HEALTH TREATMENT.

b.) CDC-FORM-7362, IS ALSO NOT BEING REQUIRED TO EFFECT THE PURPOSE OF PSYCHIATRIC NEEDS. MORE-OVER, MENTAL HEALTH STAFF DOES NOT RESPOND TO REQUESTS FOR MENTAL

HOUSING TREATMENT IN A TIMELY AND/
OR REASONABLE MANNER.

c.) THE MENTALLY-ILL, ARE BE-
ING CONFINED TO THEIR CELLS, IN EX-
TREME HEAT, WITHOUT AIR-CONDITIONING
TO OFF-SET THE PHYSIOLOGICAL AND PSY-
CHOLOGICAL EFFECTS OF THEIR PSYCHO-
TROPIC MEDICATIONS, AND THEY ARE NOT
BEING PROVIDED COLD WATER IN RE-
SPONSE, NOR ICE.

d.) THE MENTALLY-ILL ARE BEING
CONFINED TO THEIR CELLS IN THE TOTAL
AND ABSOLUTE ABSENCE OF OUT-OF-
CELL EXERCISE.

e.) THERE ARE NO ROUNDS BEING
MADE TO THE AFFECTED HOUSING UNITS
BY PSYCHIATRIC OR MEDICAL STAFF.
MENTAL ILLNESS IS BEING ALLOWED
TO GO UNTREATED.

f.) GROUP THERAPIES FOR THE MEN-
TALLY-ILL ARE DISALLOWED.

g.) THE MENTALLY-ILL HISPANICS

SUBJECTED TO LOCKDOWN OR MOD-
IFIED PROGRAM, ARE CUT-OFF FROM
CONTACT WITH FAMILY, IN THE TOTAL
ABSENCE OF DUE PROCESS; BEING SEV-
ERELY AND CRUELLY PUNISHED. VISIT-
ING AND PHONE CONTACT IS NOT
ALLOWED, AND THE RIGHT TO SEND
MAIL IS BEING EFFECTIVELY OBSTRUCT-
ED, BY VIRTUE OF THE INDIGENT
MAIL POLICY. IN OTHER WORDS, IN-
MATES WITH FUNDS IN THEIR TRUST
ACCOUNTS, CANNOT PURCHASE STAMPS,
WRITING PAPER OR ENVELOPES, DUE
TO THEIR CANTEEN RESTRICTION BEING
IN EFFECT, AND BY VIRTUE OF A
POSITIVE TRUST ACCOUNT BALANCE, DO
NOT QUALIFY FOR INDIGENT POSTAGE
OR METERED ENVELOPES, LET ALONE
LEGAL POSTAGE; THEIR ACCESS TO THE
COURTS ARE ALSO, EFFECTIVELY OB-
STRUCTED.

III.    RACIAL DISCRIMINATION

SOUTHERN AND NORTHERN ELECTRONICS

HAVE BEEN REPEATEDLY PLACED ON LOCK-
DOWN FOR THE MALFEASANCE OF A
SELECT FEW WHO, WHILE IN AD-SEG,
ARE AFFORDED DUE PROCESS AND E-
QUAL PROTECTION OF THE LAW. THE
SAME DUE PROCESS AND EQUAL PROTECT-
ION OF LAW, REQUIRED BY THE U.S.
CONSTITUTION, IS NOT ALSO AFFORDED
TO US, WHO ARE LOCKED DOWN FOR
NO MISBEHAVIOR OF OUR OWN, AND
WE ARE TREATED MUCH WORSE THAN
THE OTHER RACES, WHO ARE NEVER
SUBJECTED TO THE SAME MEASURE
OF PUNISHMENT AS WE ARE IN
OR OUT OF AD-SEG.

    WHEN ADMINISTRATIVE REMEDY HAS
BEEN SOUGHT, IT HAS BEEN MET
WITH DELIBERATE INDIFFERENCE TOW-
ARD OUR INMATE APPEAL AND CON-
STITUTIONAL RIGHTS, COL-602 APPEAL
RESPONSES, AT ALL LEVELS OF REVIEW,
IGNORE THE CONSTITUTIONAL ALLEG-

OTHERS. THESE APPEAL RESPONSES ARE EVIDENCES BY OUT-RIGHT LIES AND OBVIOUS DECEPTION. (SEE EXHIBITS ATTACHED).

CSP-SOLANO WARDEN, D.K. SISTO, HAS ACTED CORRUPTLY AND INHUMANE TOWARD SOUTHERN AND NORTHERN HISPANICS, AND ALSO TOWARD MEXICAN NATIONALS, OR HISPANICS IN GENERAL. THE MANNER IN WHICH HE HAS ACHIEVED HIS ON-GOING AND MALICIOUS OPPRESSION OF HISPANIC INMATES @ CSP-SOLANO, IS THROUGH THE CORRUPTED INMATE APPEALS PROCESS. SPECIFIC TO OUR ATYPICAL HARDSHIPS AND ILLEGAL CON-DITIONS OF CONFINEMENT — DECEPTION IS EMPLOYED AGAINST US IN THE FORM OF THE "MODIFIED PROGRAM" CONCEPT OF "SAFETY AND SECURITY," WHICH IS PATENTLY ILLEGAL.

THE "MODIFIED PROGRAM" IS A SMOKE-SCREEN; A VEHICLE WHEREBY OUR CORRUPT WARDEN IS ABLE TO CIR-CUMVENT OUR PRE-REQUISITE DUE PROC-

IN TITLE 15, OF THE CALIFORNIA
CODE OF REGULATIONS. PRISON OFFICIALS
OPERATE ON THE PREMISS THAT WE
ARE NOT ON "LOCKDOWN" OR IN
"DISCIPLINARY DETENTION," AND THERE-
FORE, CCR # 3312 — INMATE DISCIPLINE;
OR CCR # 3330 — DISCIPLINARY DETENTION —
ET. SEQUENCES, DO NOT APPLY. THIS,
ACCORDING TO THEM, EFFECTIVELY MEANS
THAT, THEY ARE NOT REQUIRED BY
LAW TO ADHERE TO CCR # 3331 —
CONDITIONS OF DETENTION, OR RULES
GOVERNING THE ADMINISTRATION AND
SUPERVISION OF DETENTION UNITS —
CCR # 3332, OR RULES GOVERNING OUR
CONFINEMENT TO QUARTERS — CCR #
3322 OR 3333. WHEN CONVENIENT,
THEY EMPLOY THE ULTIMATE AUTHORITY
OF PENAL CODE 5058; AND IN
GREAT HYPOCRISY, "LOCKDOWN"

3270 ; 3301 ; 3380 , AND /OR 3383 ,
TO EFFECT THEIR TRUE AND MALICIOUS
GOAL OF PUNITIVE ACTION, AS THEY
INTENTIONALLY UTILIZE THESE AUTH-
ORITIES OUT-OF-CONTEXT AND AL-
WAYS, WITH A PRE-MEDITATED AND
PRESCRIBED PLAN AND DURATION OF
PUNISHMENT, WHICH IS ALWAYS
MORE SEVERE AND LENGTHENED FOR
HISPANIC INMATES, IN EMPLOYING THIS
" MODIFIED PROGRAM = APPROACH, WHICH
DOES NOT EXIST IN TITLE 15, OF
THE CALIFORNIA CODE OF REGULATIONS,
THEY OPPRESS US RUTHLESSLY IN THEIR
CONTRIVED GREY AREA OF AUTONOMOUS
AUTHORITY.

MR. SILLEN, WE ARE HISPANIC
AMERICANS; SOME, MENTALLY-ILL;
A PROTECTED CLASS OF PEOPLE, AND NOT
WITHOUT OUR CONSTITUTIONAL PROTECTIONS.

1  RULING AND GOVERNING AUTHORITY IN
2  THIS URGENT MATTER IS AS FOLLOWS:
3
4      MEMORANDUM OF LAW
5
6  1.)  A SPECIAL MASTER AND REMEDIAL
7  PLAN WAS APPOINTED AND IMPLEMENT-
8  ED SPECIFIC TO THE ISSUES RAISED.
9  MADRID V. GOMEZ, 889 F. SUPP.
10  1146; 1280. SUBSEQUENT TO THIS,
11  A FEDERAL RECEIVER WAS APPOINTED,
12  AND YOU ARE THAT AUTHORITY TO
13  WHICH WE APPEAL TO, SEEKING
14  REDRESS OF THIS URGENT GRIEVANCE
15  WHEREBY THERE EXISTS ON-GOING
16  CRUEL AND UNUSUAL PUNISHMENT AND
17  IMMINENT DANGER. U.S.C.A. CONSTITUT-
18  IONAL AMEND. 1 ¢ 8.
19
20  2.)  CSP-SOLANO WARDEN, D.K. SISTO,
21  IS THE "CHIEF EXECUTIVE OFFICER"
22  OF THE INSTITUTION WHERE THE
23  INHUMANE TREATMENT IS ON-GOING
24  AND OCCURRING; HE, IS IMMEDIAT-
25  ELY RESPONSIBLE. CCR # 3380 (a).
26
27  3.)  BASIC HUMAN NEED, IN THE

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1 FORM OF ADEQUATE AND PROPER MED-
2 ICAL AND MENTAL HEALTH TREATMENT,
3 IS NOT BEING AFFORDED TO HISPANIC
4 INMATES. HISPANIC INMATES MUST
5 RELY UPON PRISON OFFICIALS TO
6 MEET THESE NEEDS. ESTELL V.
7 GAMBLE, 429 U.S. 97, 103 (1976)

8
9 4.) STATE PRISON INMATES IN CAL-
10 IFORNIA, ARE A PROTECTED CLASS SPEC-
11 IFIC TO THESE BASIC HUMAN AND
12 MEDICAL NEEDS. PLATA V. SCHWARZ-
13 ENEGER.

14
15 5.) MENTALLY-ILL INMATES ARE A
16 PROTECTED CLASS, BY VIRTUE OF 42
17 U.S.C.; SECTION 12131 — THE AMERI-
18 CAN'S WITH DISABILITIES ACT, AND
19 THE COLEMAN V. WILSON DECISION
20 — 912 F. SUPP. 1282.

21
22 6.) AS NOTED IN OUR CORRESPONDENCE,
23 HISPANIC INMATES ARE BEING SUB-
24 JECTED TO RACIAL DISCRIMINATION AND
25 CRUEL UNUSUAL PUNISHMENT, IN VIO-
26 LATION OF THEIR 8TH AND 14TH
27 U.S. CONSTITUTIONAL RIGHTS. WASHINGTON

V. LEE, 263 F. SUPP. 327 (M.D. ALA. 1966). ONLY LATINOS ARE BEING TREATED IN THIS MANNER, SUBSTANTIATING THE ALLEGATIONS OF RACIAL INEQUITY. DAVID K. V. LANE, 839 F. 2d 1265 (7TH CIR. 1988). THERE IS NOT SUFFICIENT JUSTIFICATION FOR THE PUNITIVE MEASURES IMPOSED ONLY AGAINST THE SOUTHERN AND NORTHERN DISTRICTS. SOCKWELL V. PHELPS, 20 F. 3d 187 (5TH CIR. 1994), AND THE INTENTIONAL IGNORANCE TOWARD AND MALICIOUS PERVERSION OF THE LAWS GOVERNING OUR CONFINEMENT, DO NOT CONSTITUTE A LEGITIMATE GOVERNMENT INTEREST. TURNER V. SAFLEY, 482 U.S. 78 (1987).

M.) CURRENT CONDITIONS OF CONFINEMENT AFFECTING LATINOS ARE MORE THAN REASONABLY RESTRICTIVE OR HARSH, BUT INHUMANE. RHODES V. CHAPMAN, 452 U.S. 337, 346 (1981); FARMER V. BRENNAN, 511 U.S. 825 (1994); WILSON V. SETTER, 501 U.S. 294 (1991); MADRID V. GOMEZ, 889 F. SUPP. 1146; 1214;

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

8.) FEDERAL CASE LAW MANDATES
OUT-OF-CELL EXERCISE, AND CSP-
SOLANO'S TREATMENT OF SUCH AS
A REVOKABLE PRIVILEGE, IS ILLEGAL.
KEENAN V. HALL, 83 F. 3d 1083,1089
(9TH CIR. 1996); DE LANEY V. DE
TELLA, 256 F. 3d. 679 (7TH CIR.
2001). CSP-SOLANO WARDEN, D.K.
SISTO, HAS BEEN ABUNDANTLY AND
THOROUGHLY MADE AWARE OF THIS
FACT THROUGH THE INMATE APPEALS
PROCESS AND BEYOND (SEE EXHIBITS),
AND HAS ACTED IN DELIBERATE IN-
DIFFERENCE TO THIS PHYSICAL AND
PSYCHOLOGICAL BASIC HUMAN NEED.
ESTELLE, 429 U.S. AT 104; GUTIERREZ
V. PETERS, 111 F. 3d 1364, 1369 (7TH.
CIR. 1997).

9.) WHEN LEFT UNTREATED, SERIOUS
MENTAL ILLNESS CAN RESULT IN
SUICIDE; THE DEATH OF AN IN-
MATE. PRISON OFFICIALS HAVE IG-
NORED THIS ULTIMATE AND COMPELL-
ING CAUSAL EFFECT. HUTTO V. FINLEY,
437 U.S. 676 (1978); ESTATE OF.
COLE BY PARDUE V. FROMM, 94

1 | F. 3d 254 (7TH CIR. 1996); GREGOIRE
2 | V. CLASS, 236 F. 3d 413 (8TH CIR.
3 | 2000).
4 |
5 | 10.) SOUTHERN AND NORTHERN HISPANICS
6 | ARE BEING CRUELLY SUBJECTED TO
7 | EXTREME HEAT, IN THE ABSENCE
8 | OF AIR-CONDITIONING OR THE HUMANE
9 | PRESENTATION OF ICE OR COLD WATER
10 | THIS, IS ALSO TRUE OF THE MENTALLY
11 | ILL HISPANICS ON PSYCHOTROPIC MEDI-
12 | CATIONS. INMATES SHOULD NOT BE
13 | SUBJECTED TO EXTREME TEMPERATURE
14 | IN THE ABSENCE OF REASONABLE AND
15 | HUMANE PRESENTATION. GASTON V.
16 | COUGHLIN, 249 F. 3d 156 (2d. CIR.
17 | 2001). SUMMER HEAT HAS REACHED
18 | TEMPERATURES OF MORE THAN 113°
19 | FAHRENHEIT IN RECENT WEEKS,
20 | WHILE CONFINED TO THEIR CELLS
21 | 24/7, AND WITH THIS EXTREME
22 | HEAT BEING PUMPED INTO THEIR
23 | 6×9' CELLS, SOUTHERN AND NORTH-
24 | ERN HISPANICS ARE IN IMMINENT
25 | DANGER OF DEATH, AND PRISON
26 | OFFICIALS HAVE A RESPONSIBILITY
27 | TO ACT. ESTELLE V. GAMBLE, 429

1  U.S. 97, 103 (1976), CHANCE V.
2  ARMSTRONG, 143 F. 3d 698, 702-
3  703 (2d. Cir. 1998). CURRENTLY,
4  THERE EXISTS ONLY TWO (2) HOUS-
5  ING UNITS OUT OF TWELVE (12) IN
6  THE FACILITY WHERE THE AFFECTED
7  INMATES ARE HOUSED, THAT ENJOY
8  THE RELIEF OF AIR-CONDITIONING,
9  THIS IS DISCRIMINATORY AND PREFER-
10  ENTIAL TREATMENT TOWARD THOSE IN-
11  MATES WHO ARE HOUSED THERE,
12  WITH THOSE WHO AREN'T, PLACES
13  IN DANGER OF IMMINENT DANGER
14  OF DEATH BY VIRTUE OF HEAT -
15  RELATED ILLNESSES. PREFERENTIAL
16  TREATMENT BASED ON RACE OR
17  PHYSICAL IMPAIRMENT / MENTAL IM-
18  PAIRMENT OR THE ABSENCES THERE-
19  OF, IS PROHIBITED BY LAW. U.S.C.A
20  8 ¢ 14, 92 U.S.C.; SECTION 12131;
21  CCR # 3004 (a-c).

22
23  11.) HISPANICS BEING PUNISHED IN
24  THE TOTAL ABSENCE OF DUE PROCESS
25  IS IDENTICAL TO THAT OF PRE-TRIAL
26  DETAINEES. BELL V. WOLFISH, 441
27  U.S. 520 (1979).

1  12.) THE OVERALL EFFECT OF OUR
2  CURRENT CONDITIONS OF CONFINEMENT,
3  ARE CLEARLY UNCONSTITUTIONAL.
4  PALMER V. JOHNSON , 193 F. 3d
5  346 (5TH CIR. 1999).

6

7      IN CONCLUSION, SOUTHERN AND
8  NORTHERN HISPANICS, ARE HAVING
9  THEIR RIGHT TO FREE SPEECH AND
10 TO SEEK REDRESS OF THEIR GRIEV-
11 ANCES, SUPPRESSED, AND THEIR RE-
12 LIEF SOUGHT — OBSTRUCTED, BY A
13 CORRUPT WARDEN — D.K. SISTO , WHO
14 OVERSEES A CORRUPT AND WHOLLY
15 INEFFECTIVE INMATE APPEALS PRO-
16 CESS, THEY HAVE BEEN CRUELLY RUN-
17 ISHED IN THE TOTAL ABSENCE OF
18 DUE PROCESS AND EQUAL PROTECTION
19 OF LAW, IN RACIAL DISCRIMINATION
20 AND IN DELIBERATE INDIFFERENCE
21 TO THEIR CONSTITUTIONAL RIGHTS AND
22 PROTECTIONS AFFORDED TO THEM AS
23 CLASS — MEMBERS OF PLATA V.
24 SCHWARZENEGGER AND COLEMAN
25 V. SCHWARZENEGGER ; AND BY
26 VIRTUE OF THIS, HAVE BEEN SUB-
27 JECTED TO IMMINENT DANGER.

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

MR. SILLEN, YOUR IMMEDIATE AND COMPASSIONATE INTERVENTION IS CALLED UPON AT THIS TIME. IN THE TRUE SPIRIT OF THE 1ST AMENDMENT TO THE U.S. CONSTITUTION, WE SEEK REDRESS OF OUR EMERGENCY GRIEVANCE BY APPEALING TO YOU, A GOVERNMENT OFFICIAL IN THE FORM OF A PETITION, SIGNED BY CLASS-MEMBERS OF PLATA V. SCHWARZENEGGER, OF WHICH YOU OVERSEE, AND COLEMAN V. SCHWARZENEGGER, WE REQUEST THE FOLLOWING, IMMEDIATE INTERVENTION:

1.) INVESTIGATION INTO THE ALLEGATIONS MADE HEREIN.

2.) INTERVIEWS BY FEDERAL OFFICIALS OR BY ATTORNEYS FOR THE CLASS MEMBERS, WITH SOUTHERN AND NORTHERN HISPANICS ON THE CSP-SOLANO LEVEL-III YARD; FACILITY-I.

3.) AN IMMEDIATE AND EMERGENCY PLAN OF ACTION FOR REMEDY, TO

INCLUDE, BUT NOT BE LIMITED TO:

a.) PROPER CARE AND TREATMENT FOR INSULIN DEPENDENT DIABETICS, BOTH ON AND OFF LOCKDOWN.

b.) IMMEDIATE OUT-OF-CELL EXERCISE AND PROGRAMMING OPPORTUNITIES FOR SOUTHERN AND NORTHERN HISPANICS, FOR THE BENEFIT OF THEIR MENTAL/EMOTIONAL, AND PHYSICAL HEALTH.

c.) THE INSTALLATION OF AIR-CONDITIONING UNITS IN ALL HOUSING UNITS @ CSP-SOLANO, IN PROTECTION OF HEAT-RELATED ILLNESS AND /OR DEATH, DURING LOCKDOWN SCENARIOS.

d.) MANDATORY COLD WATER AND ICE DELIVERY TO ALL LOCKDOWN INMATES; MENTALLY-ILL OR OTHERWISE, WHEN OUTSIDE TEMPERATURE REACHES OR EXCEEDS 90° FAHRENHEIT.

e.) THE INSURANCE OF FULL AND

MEANINGFUL ACCESS TO COURTS AND EQUAL PROTECTION OF THE LAW, FOR SOUTHERN AND NORTHERN HISPANIC INMATES.

f.) FULL COMPLIANCE WITH THE PLATA AND COLEMAN REMEDIAL PLANS.

g.) A FEDERAL INVESTIGATION INTO THE INMATE APPEALS PROCESS @ CSP-SOLANO; SPECIFICALLY, AS TO HOW MEDICAL, PSYCHIATRIC, LOCK-DOWN, AND STAFF COMPLAINTS HAVE BEEN ADDRESSED RELATIVE TO THIS GRIEVANCE ISSUE(S).

h.) ADVERSE ACTIONS TAKEN A-GAINST THOSE RESPONSIBLE FOR AND INDIFFERENT TO OUR INHUMANE TREATMENT.

i.) ENSURE NO FURTHER RE-PRISALS AGAINST THE PETITIONERS.

4.) WE ULTIMATELY ASK THAT YOU
EXERCISE YOUR INVESTED POWERS AND
DISCRETION IN THIS MATTER, AS YOU
SEE FIT, FOR THE BENEFIT OF
OUR CONDITIONS OF CONFINEMENT, AND
TO ENSURE OUR CONSTITUTIONAL PRO-
TECTIONS AND BASIC HUMAN DIGNITY.

FOR THIS CLASS OF PROTECTED
PERSONS — URGENTLY, AND WITH
RESPECT.

THOMAS A SEVILLA
T-75593 / 6-204

EXHIBITS

# VERIFICATION

BECAUSE I, THOMAS ANTHONY SEVILLA
T-75543, HAVE AUTHORED THIS PETITION,
AND BECAUSE THERE ARE SERIOUS ALLEG-
ATIONS MADE AGAINST THE CALIFORNIA DE-
PARTMENT OF CORRECTIONS AND REHABILI-
TATION (C.D.C.R.); SPECIFICALLY — CONTEMPT
OF COURT ALLEGATIONS, I HAVE READ
THIS PETITION AND HEREBY VERIFY THAT
THE MATTERS ALLEGED HEREIN ARE TRUE
EXCEPT AS TO MATTERS ALLEGED ON INFOR-
MATION AND BELIEF, AND AS TO THOSE, I
BELIEVE THEM TO BE TRUE, I CERTIFY
UNDER THE PENALTY OF PERJURY THAT
WHAT I HAVE WRITTEN IS TRUE AND
CORRECT, AND CAN BE CORROBERATED BY
WITNESS TESTIMONY.

EXECUTED AT: CSP- SOLANO ON: 8/6/06

THOMAS A. SEVILLA — CLASS - MEMBER

PETITION TO VOTE [?] RECEIVE THE IMMEDIATE
INTERVENTION PURSUANT TO: PLATA V. SCHWARZENEGGER

AND COLEMAN V. SCHWARZENEGGER . I, THE UNDER-
SIGNED, AM A CLASS-MEMBER OF ONE OF THE ABOVE
CAPTIONED ACTIONS, AND I AM CURRENTLY BEING SUB-
JECTED TO ILLEGAL CONDITIONS OF CONFINEMENT AS A
HISPANIC INMATE :

| NAME : | CDC # : | CELL # : | SIGNATURE : |
|---|---|---|---|
| Fernando Samaniego | P88636 | 204 | Fernando Samaniego |
| Polly Monge | F18992 | 225 | Polly Monge |
| FERNANDEZ J. | V19007 | 225 | Fernandez J. |
| Aquiano Jose. | T-86306 | 259 up | (signature) |
| MENDOZA M. | V-06653 | 239 L | (signature) |
| MICHAEL(AVILOR | V-45394 | 250 JP. | (signature) |
| Jose Avila | V-13052 | 250 LN | (signature) |
| STEVE MATTSON | T-73227 | 105 LOW | (signature) |

| NAME: | CDC #: | CELL #: | SIGNATURE |
|---|---|---|---|
| Sammy Vallez | H-44917 | 133 C | *(signature)* |
| Jesus Navarro | F-64-723 | 202 up | *(signature)* |
| Joseph Sevilla | F15430 | 115 | *(signature)* |
| Ch. Serrano | V35794 | 115 | *(signature)* |
| Monk Gaunon | F-21595 | 115 | *(signature)* |
| Fabian Padilla | F18066 | 122 C | *(signature)* |
| Alberto Quevedo | F33-094 | 122L | *(signature)* |
| Jesus R | F15955 | 123L | *(signature)* |
| RIVERA | H-48915 | 123 | *(signature)* |
| mullry | T-94539 | 149 | *(signature)* |
| Avena | E30091 | 142 | *(signature)* |

# EXHIBIT COVER PAGE:

Exhibit: A 1

Description of this exhibit: CDC- 602 # CSP - S - 06 - 00584 , EVIDENCING CSP-SOLANO DELIBERATE IN- DIFFERENCE AND APPEAL RESPONSE DECEPTION.

Number of pages of this exhibit: 6 pages

JURISDICTION: (Check only one)

_____ **Municipal Court**

_____ **Superior Court**

_____ **Appellate Court**

_____ **State Supreme Court**

__✓__ **United States District Court**

_____ **United States Circuit Court**

_____ **United States Supreme Court**

_____ **California Department of Corrections, 602 Exhibit.**

__✓__ **Other:** FEDERAL RECEIVER

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                                      ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 25, 2006

Sevilla, CDC #T-75543
California State Prison, Solano
P.O. Box 4000
Vacaville, CA  95696-4000

Re: Institution Appeal Log #SOL 06-00584 Personal Property

Dear Mr. Sevilla:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete.  You must include supporting documentation. Your
appeal is missing original CDC 602.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process. Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

SEE ENCLOSED,

6/29/06

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California

# Memorandum

APPEALS

Date : March 7, 2006

To : Inmate Sevilla
T-75543
11-244 4-11?-V

From : California State Prison-Solano, Vacaville 95696-4000

Subject : **RESPONSE TO APPEAL LOG # CSP-S-06-00584**

This is in response to your First Level Appeal, Log # CSP-S-06-00584, dated February 16, 2006. In your appeal, you claim you are being discriminated against because of your ethnicity, and punished by being confined to your cell on lockdown for a yard incident in which your race was involved.

You are requesting that the current lockdown of the Southern Hispanic inmates be abolished, re-instate all privileges, transfer you to a facility close to Fresno and all future actions of the same be given a reasonable course of action.

On March 7, 2006, Correctional Sergeant C. Orrick interviewed you to provide you opportunity to fully explain your appeal and provide any supporting information or documents. During the interview, you stated that the inmates responsible for the incident should bear the responsibility for their actions. You also stated that administration should be able to make the decision not to discriminate against uninvolved inmates.

A review of your appeal was conducted which included an interview of you, a review of California Code of Regulations (CCR) Title 15, section 3000, 3044, 3332, 3341.5, 3343, 3381 and Program Status Report (PSR) #CSP-S-NOV-29-05-033.

The results of the review revealed that, CCR section 3000, states: *"a lockdown means that a portion of the facility is affected by suspension of the required program services, and inmates are not released except as determined by the facility administration on individual, case by case basis. As determined by the facility administration, under such circumstances only critical inmate workers in the affected housing units/sub-facilities will be permitted to attend work assignments under escort, and all but essential functions are suspended in those affected housing units or sub-facilities e.g. yard, canteen draws, religious services and visiting."* The facility administration determined, on an individual, case by case basis, that the incident that occurred on the facility II exercise yard required a Plan of Operation. This Plan of Operation, approved by Warden T. Carey, modified and designed a portion of the facility that required suspension of all but essential functions to the Northern and Southern Mexican inmates on Facility II to prevent further disturbances.

## RESPONSE TO APPEAL LOG # CSP-S-06-00584

Addressing your request to be transferred to an alternate Level III institution, this matter is not under my jurisdiction, but can be brought to your correctional counselor for review and determination.

Based on the foregoing, your appeal is **PARTIALLY GRANTED**, in that there will be no reprisals upon yourself or any other inmate for this appeal. All other request are denied in as much that the facility administration has yet to determine a change in the PSR. Attached is a copy of the current PSR.

**O. Y. CRAWFORD**
Associate Warden
Level III Operations

State of California

**COPY**

Department of Corrections and Rehabilitation

# Memorandum

Date:   April 13, 2006



To:   Sevilla, J., T-75543                    6-204L
California State Prison-Solano

Subject:  SECOND LEVEL APPEAL RESPONSE
LOG NO.:   SOL 06-00584

### ISSUE:

It is your position that since arrival at California State Prison, Solano (SOL) on February 16, 2006, you have been unjustly subjected to lockdown status. You contend that you were transferred to SOL to improve your mental health and that the lockdown has adversely affected you. You claim you are being deprived of earned privileges. You contend that the lockdown is unconstitutional, as you have been denied due process. You state that this is not a group appeal.

You request restoration of privileges to all non-involved Southern Hispanic inmates or a transfer to an institution within 100 miles of Fresno, CA

INTERVIEWED BY:  C. Orrick, Correctional Sergeant at the First Level of Review.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3000. Definitions.**
The following are definitions of terms as used in these regulations:
... Lockdown means that a portion of the facility is affected by suspension of required programs or services, and inmates are not released except as determined by the facility administration on an individual, case-by-case basis. As determined by the facility administration, under such circumstances only critical inmate workers in the affected housing units/sub-facilities will be permitted to attend to work assignments under escort, and all but essential functions are suspended in those affected housing units or sub-facilities, e.g., yard, canteen draws, religious services, and visiting.

**CCR 3270. General Policy.**
... The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.

SEVILLA, T-75543
CASE NO. 06-00584
PAGE 2

**CCR 3274. Inmate Count and Movement.**
... (c) Lockdown. Facility procedures governing the restriction of inmate movement during a lockdown shall be established and updated daily during any lockdown.

DISCUSSION:

On March 7, 2006, your appeal was partially granted at the First Level. You were advised that staff conducted a thorough review of your appeal issue. The First Level response concluded that staff has been monitoring the modified program and updating the pertinent Program Status Report, as needed to ensure the safety and security of the institution, staff and inmates. There was no indication that you were singled-out. You were also advised to contact your correctional counselor to request a transfer.

On March 14, 2006, you request Second Level review of the First Level decision. You remain dissatisfied and reiterate the position that you have not been treated fairly by being retained on modified program. You argue that inmates in Administrative Segregation status are receiving more privileges than inmates locked down in general population.

DECISION: The appeal is **partially granted**.

Your request for restoration of privileges for all non-involved Southern Hispanic inmates is **partially granted**. All your unrestricted privileges can not be restored at this time. All security measures are being undertaken to closely monitor the current Facility-II modified program, so as to allow for certain privileges and activities within a controlled setting, until such time as full reintegration is deemed safely possible. Quarterly packages have been restored and inmate canteen privileges were restored for a limited time. It is noted that you have since moved to Facility-I and remain on modified program status. This response will not address issues of a group nature such as stamps, as you have failed to explain how your welfare was adversely affected. Copies of the Program Status Reports are available for your review upon request to your housing unit officer.

Your request for a transfer is **denied**, as this request must be submitted to your assigned counselor via GA-22 *Inmate request For Interview Form*.

You are advised that if dissatisfied with this Second Level response, you may request a Director's Level review of the appeal issue.

ROBERT A. HOREL
Warden (A)

# EXHIBIT COVER PAGE:

Exhibit: ___B___

Description of this exhibit: CDC- 602 # CSP- 06 - 01655.
A CLASS- ACTION, EVIDENCING THE TOTAL AVOIDANCE OF
THE ISSUES/ALLEGATIONS AND OTHER DECEPTIVE APPEAL
RESPONSE RECOUNT TECHNIQUES.

Number of pages of this exhibit: ___5___ pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__✓__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

__✓__ Other: ___FEDERAL RECEIVER___

EXHIBIT   7/3/06   (1)

TO: M.D. CORIOSO, APPEALS COORD.

FM: I/M SEVILLA, T. (T-75543): 6/204

RE: CLASS-ACTION APPEAL

A CLASS-ACTION APPEAL SUBMITTED
BY: I/M VELASCO, WILLIAM
(F-18049), WHO IS INDEFINATELY
OUT-TO-COURT, WAS SUPPOSED TO
BE RE-ROUTED / RE-ASSIGNED TO ME,
PURSUANT TO: 3084.2 (f)(3), TO
PRESERVE DUE PROCESS AND THE
INTEGRITY OF THE APPEAL — WHY
HAS IT NOT BEEN, AS I AM
#1 ON THE LIST TO RECEIVE IT?

CC: FILE

I/M SEVILLA, T.
T-75543 / 6-204



**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. CSP-S
2.

Log No. 06-0165S
1.
2.

Category
9
For I

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Velasco William | F18049 | SAP SCH | 6-204 |

A. Describe Problem: Southern Artavic inmates are being deprived of yard exercise, canteen privileges; visit info, and the normal and regular issuance of clothing; and special packages = packages in violation of the California Court of Regulations; Title 15 the C.D.C.R. operations Manual, and in Defiance of federal case law (yard exercise); constituting an 8th amendment violation.

If you need more space, attach one additional sheet. (Continued on Pg. 2 of 2)

B. Action Requested: 1.) A minimum of five (5) hours of yard exercise per week 2.) Canteen privileges no less than once per month 3) packages issued regularly 4.) Implement Departmental Policy 5) Nsretrieals

Inmate/Parolee Signature: Velasco William   Date Submitted: 5/23/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

RECEIVED

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

MAY 2 5 2006

CSP/SOLANO
APPEALS OFFICE

CDC Appeal Number:

level II

First Level   ☒ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __5-25-6__    Due Date: __7-10-6__

Interviewed by: _L- Cumming on 6-8-06_
_The Southall inmates are on Norma) Program. You_
_Receive Everything other inmates that voted lockdown_
_status, yard-exercise-Package & Visiting_

Staff Signature: _L. Cumming_    Title: _Sgt_    Date Completed: __6/21/06__
Division Head Approved: _(signature)_                                              Returned __JUL - 3 2006__
Signature: _____    Title: _Hu( A )_    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

CONDITIONS OF CONFINEMENT RELATED TO LOCKDOWN.

FOR A PERIOD OF MORE THAN ONE-HUNDRED AND EIGHTY DAYS (180), SOUTHERN HISPANICS HAVE BEEN TOTALLY DEPRIVED OF 'YARD EXERCISE' IN DOING SO, THE CSP-SOLANO ADMINISTRATION HAS SHOWN A DELIBERATE INDIFFERENCE TO THE SOUTHERN HISPANICS' RIGHT NOT TO BE SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT, AS RESTRICTED BY THE 8TH AMENDMENT TO THE U.S. CONSTITUTION; AS THIS ELEMENT OF A LOCKDOWN, OR "MODIFIED PROGRAM" AS REFERRED TO CONVENIENTLY AND SELECTIVELY BY THE ADMINISTRATION, MUST SURVIVE 8TH AMENDMENT SCRUTINY, AS DEFINED IN: HOPTOWITZ V. RAY (9TH CIR. F 2d 1237, 1259 MOREOVER, THE 9TH CIRCUIT COURT RULED THAT INSUFFICIENT OUT-OF-CELL OPPORTUNITIES CAN VIOLATE THE CONSTITUTION IN: ALLEN V. SAKAI (9TH CIR. 1994) 40 F 3d 1001. IN ADDITION, THE "CONDITIONS OF CONFINEMENT" OF LOCKDOWN/MODIFIED PROGRAM/DISCIPLINARY DETENTION IN ALMOST MUST BE THE SAME AS THOSE CONFINED IN AD-SEG (CCR # 3330 (b); 3004 (a)).

PURSUANT TO C.D.C.R. DEPARTMENTAL POLICY (D.O.M # 54030.7.1), QUARTERLY AND SPECIAL PURCHASE PACKAGES SHALL BE ISSUED "WITHIN 15 DAYS" OF RECEIPT BY THE INSTITUTION, AFTER AN OPTIONAL AND MAXIMUM "NINETY (90) DAY" MORATORIUM ALLOWED TO PRISON OFFICIALS. THIS POLICY HAS BEEN BLATANTLY DISREGARDED AND, HOWEVER, DISCRIMINATION AND INEQUALITY HAS BEEN PERPETRATED AS, PACKAGES HAVE BEEN PASSED DIS-

CRIMINATELY TO SINGULAR INMATE(S), IN VIOLATION OF: CCR # 3004 (a) : (c). ADDITIONALLY, IT SHOULD BE NOTED THAT PRELEGAL AND QUARTERLY PACKAGES ARE UNITED STATES MAIL, THAT OF WHICH, SOUTHERN HISPANICS POSSESS THE CIVIL RIGHT TO SEND AND RECEIVE (CCR # 3130; P.L. 5058; 2600, 2601 (d)). THE INSTITUTION HAS SHOWN A DELIBERATE INDIFFERENCE TO THE SOUTHERN HISPANICS' CIVIL RIGHTS RELATED TO MAIL.

CANTEEN PRIVILEGE WAS GIVEN TO SOUTHERN HISPANICS ON: 3/24/06, PRESENTED AS GRACE AND MERCY BY THE ADMINISTRATION YET, CCR# 3330(b), MANDATES THIS PRIVILEGE UNDER THE CURRENT DISCIPLINARY PROGRAM, AND MORECOVER, CCR # 3091 (b)(4), MANDATES THAT: "... EACH INMATE SHALL BE ENTITLED TO NO LESS THAN ONE DRAW EACH MONTH." PROVING AN 3/24/06 THAT IT WAS LOGISTICALLY POSSIBLE WITHOUT CREATING A THREAT TO THE SAFETY AND SECURITY OF THE INSTITUTION, THE INSTITUTION HAS SHOWN A DELIBERATE INDIFFERENCE TO THE INMATES' RIGHTS AND PRIVILEGE, IN ACTING PUNITIVELY BEYOND ESTABLISHED AUTHORITY.

VISITING PRIVILEGE IS BEING DENIED PURSUANT TO: CCR # 3330(b), TO INMATES UNDERGOING ADMINISTRATIVE SEGREGATION AND IN VIOLATION OF CCR # 3004 (a) : (c), TO OTHER SOUTHERN HISPANICS WITHIN THE SAME INSTITUTION.

MEDIA CONTACT - A CIVIL RIGHTS COMPLAINT TO THE EASTERN DISTRICT COURT, AND EXTENSIVE CONTACT WITH GOVERNMENT OFFICIALS WILL BE MADE.

YARD EXERCISE; CANTEEN PRIVILEGE; VISITING, AND PACKAGES ④

| NAME | CDC # | HOUSE | SIGNATURE |
|---|---|---|---|
| SEVILLA, T. | T-75543 | 6-204 | |
| V. Velasco | F-18049 | 6-204 | Velasco W |
| F. BARRAGAN | K-23543 | 6-202 | Barragan |
| J. NAVARRO | F04723 | B 6 202up | Jesus Navarro |
| F. Samacnon | P98636 | B-6 201L | Fernando Samarron |
| R. Perez | U87850 | B6 201u | Raul Perez |
| J. Elias | P-94674 | 4-197 | Juan Elias |
| R. TEJEDA | T-47965 | 5-204 | |
| E. TELLEZ | P. 61951 | 5-204u | |
| I. CARREJO | T-34078 | 4-117 L | Antonio Carrejo |
| | | | |
| Ramirez | K-50236 | 1-224u | |
| 3EAS | T-16205 | 1-243u | |
| MAGANA-R | K.91128 | 1-129c | |
| TORRES | T-90554 | 1-207 | |
| Santiago | E-79887 | 4-117 | |
| Sanchez | J-88930 | 4-248 | |
| Kron | 814158 | 6-125 | |
| Hanks | T99513 | 6-133 | Hanks |
| Rojero J. | H49626 | 5-243 | Jal o Rojero |
| VALLEZ S | H-44917 | 6-105 u | Samuel Vall |
| HUBBARD, Q | J94229 | 4-28 | |
| VALANCIA | T46527 | 4-102 | D. Valencia |
| GUEVARA | F19394 | 4-102 | Guevara |

| NAME | CDC # | HOUSE | SIGNATURE |
|------|-------|-------|-----------|
| MIREZ J | F15955 | #6B122 | Jesus Ramirez |
| Adilla F. | F18066 | #6B122 | Julian Padilla |
| Aleido R. | P57191 | 6B133 | Ricardo Avila |

* Constitutes a "Class-Action" pursuant
to the Federal Rules of Court

# EXHIBIT COVER PAGE:

**Exhibit:** ___C___

**Description of this exhibit:** A CDC-7362, THAT EVIDENCES THE TYPICAL STRUGGLE TO RECEIVE ADEQUATE HEALTH CARE @ CSP-SOLANO

**Number of pages of this exhibit:** ~~pages~~

2 (TS)

**JURISDICTION:** (Check only one)

_____ **Municipal Court**

_____ **Superior Court**

_____ **Appellate Court**

_____ **State Supreme Court**

_✓__ **United States District Court**

_____ **United States Circuit Court**

_____ **United States Supreme Court**

_____ **California Department of Corrections, 602 Exhibit.**

_____ **Other:** FEDERAL RECEIVER

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☒ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|
| NAME | | CDC NUMBER | | HOUSING |
| PATIENT SIGNATURE | | | | DATE |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART II: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

[ ] Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 05/04)     White - Health Record     Yellow - Inmate (if copayment applicable)     Pink - Inmate Trust Office (if copayment applicable)     Gold - Inmate

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

**HEALTH CARE SERVICES REQUEST FORM**

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☑ | DENTAL ☐ | MEDICATION REFILL ☐ |

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| VILLA, T. | T-15543 | G-204 |

| PATIENT SIGNATURE | DATE |
|---|---|
| | 8/20/06 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

1.) Contact w/ Mental Health, A citizen's complaint will be forwarded to the Officials responsible re: Deliberate Indifference of my mental Health needs / CDMmS remedial Plan

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate