1   THOMAS ANTHONY SEVILLA

2   T-75543 / 6-204                    **FILED**

3   CSP-SOLANO                         AUG 2 9 2006

4   P.O. BOX 4000                      CLERK, U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF CALIFORNIA
5   VACAVILLE, CA. 95696               BY _____ DEPUTY CLERK

6

7   UNITED STATES DISTRICT COURT

8   EASTERN DISTRICT OF CALIFORNIA

9                                      9ccv 520 JFM.

10  IN RE:                             EMERGENCY MOTION

11                                     FOR INTERVENTION

12      COLEMAN                        FROM A COLEMAN

13          V.                         CLASS - MEMBER

14  SCHWARZENEGER                      AND MEMORANDUM

15                                     OF POINTS AND

16                                     AUTHORITIES IN

17                                     SUPPORT THEREOF

18

19

20                  I.

21              PETITIONER

22

23  1.)  I, THOMAS ANTHONY SEVILLA, T-75543,

24  AM A 38-YEAR OLD HISPANIC INMATE

25  CURRENTLY HOUSED UNDER EXTREME ILL-

26  EGAL CONDITIONS OF CONFINEMENT AS PART

27  OF A LOCKDOWN OF SOUTHERN HISPANICS; A

1  CCCMS MENTAL HEALTH INMATE, DIA-
2  GNOSED WITH " SEVERE MAJOR DE-
3  PRESSION = I HAVE BEEN CONFINED
4  TO MY CELL — 24 HOURS A DAY / 7
5  DAYS A WEEK, WITHOUT MENTAL HEALTH
6  CARE / TREATMENT, FRESH AIR, SUN-
7  LIGHT, AND WITH TOTAL PRIVILEGE
8  LOSS AND DEPRIVATION OF RIGHTS, IN
9  THE TOTAL ABSENCE OF DUE PROCESS
10  OR EQUAL PROTECTION UNDER THE
11  LAW. BY VIRTUE OF MY CCCMS DESIG-
12  NATION, I AM A CLASS-MEMBER OF
13  COLEMAN V. SCHWARZENNEGER ; THE
14  RESULT OF THE COLEMAN V. WILSON,
15  912 F. SUPP. 1282, DECISION AND
16  REMEDIAL PLAN. THIS REMEDIAL PLAN
17  IS NOT BEING ADHERED TO AT CSP-
18  SOLANO, AND AS A RESULT OF THIS
19  INSTITUTIONS CONTEMPT FOR THIS
20  COURT, MY MENTAL HEALTH HAS DE-
21  TERIORATED SIGNIFICANTLY AND I HAVE
22  BEEN PLACED IN IMMINENT DANGER.
23  ALL ATTEMPTS TO SEEK ADMINISTRATIVE
24  RESOLUTION OF THESE ISSUES, HAS
25  BEEN MET WITH THE ABSENCE OF
26  COMPASSION, RESPECT FOR MY CON-
27  STITUTIONAL RIGHTS, THE ORDERS OF

1  THIS COURT AND COLLECTIVELY — DE-
2  LIBERT INDIFFERENCE BY FORMER
3  WARDEN, ROBERT HOREL, AND NEWLY
4  APPOINTED WARDEN, D.K. SISTO. (SEE
5  ATTACHED EXHIBITS).

6

7  II.
8  RESPONSIBILITY

9

10  2.) JAMES TILTON, IS CURRENTLY THE
11  DIRECTOR OF THE CALIFORNIA DEPARTMENT
12  OF CORRECTIONS AND REHABILITATION, AND
13  ULTIMATELY RESPONSIBLE FOR MY CARE.
14  HE, IS LEGALLY RESPONSIBLE FOR THE
15  OVERALL OPERATION OF THE DEPARTMENT
16  AND EACH INSTITUTION UNDER ITS
17  JURISDICTION, INCLUDING : CSP-SOLANO,
18  WHERE I AM CURRENTLY HOUSED.

19

20  3.) D.K. SISTO, IS THE WARDEN
21  OF CALIFORNIA STATE PRISON — SOLANO.
22  HE IS IMMEDIATELY AND LEGALLY
23  RESPONSIBLE FOR THE OPERATION OF
24  CSP-SOLANO, AND FOR THE WELFARE
25  OF ALL THE INMATES AT THAT PRISON.

26

27  4.) T. SHOCLLEY, IS THE ASSOC-

1   IATE WARDEN OF THE LEVEL-III
2   HOUSING FACILITY WHERE I AM
3   HOUSED. HE IS THE WARDEN'S
4   DESIGNEE TO SUPERVISE MY CUS-
5   TODY AND MY CONDITIONS OF CON-
6   FINEMENT AT CSP-SOLANO.
7
8               III.
9
10              FACTS
11
12   5.) ON 12/4/02, I WAS RECEIVED
13   INTO THE CALIFORNIA DEPARTMENT OF
14   CORRECTIONS AT WASCO STATE PRISON-
15   RECEPTION CENTER, TO SERVE A
16   TERM OF IMPRISONMENT OF EIGHT
17   (8) YEARS AND EIGHT (8) MONTHS.
18
19   6.) ON 4/1/04, I WAS EVALU-
20   ATED BY WASCO STATE PRISON, STAFF
21   PSYCHOLOGIST, TROY NEWTON, PSY.D,
22   FOR MENTAL ILLNESS, AND SUB-
23   SEQUENTLY DIAGNOSED WITH : 311
24   DEPRESSIVE DISORDER — NOS ; LATER
25   TO BE DESCRIBED AS " MAJOR DE-
26   PRESSIVE DISORDER " (SEE EXHIBIT
27   'E').

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

7.) ON 4/2/03, I AGREED TO BE INCLUDED INTO THE C.D.C.R. MENTAL HEALTH SERVICES DELIVERY SYSTEM AT THE CCCMS LEVEL OF CARE. (SEE EXHIBIT 'E'). FROM THIS POINT FORWARD, I RECEIVED MENTAL HEALTH TREATMENT IN THE FORM OF PSYCHOTROPIC MEDICATION; REGULAR VISITS BY MENTAL HEALTH PROFESSIONALS BY VIRTUE OF AUTOMATIC SCHEDULING OR AT MY WRITTEN REQUEST — ON THE MAINLINE AND WHILE IN AD-SEG OR ON LOCK-DOWN. FOR THE MOST PART, MY TREATMENT AT WASCO STATE PRISON WAS STRUCTURED, REGULAR, AND SOMEWHAT PROFESSIONAL IN ITS APPLICATION.

8.) HOWEVER, ON 9/10/03, I WAS HARASSED AND THREATENED WITH BODILY HARM BY TWO (2) WASCO STATE PRISON GUARDS; SUBSEQUENTLY FILED REPEATED CITIZEN'S COMPLAINTS AGAINST THEM AFTER MY PREVIOUS COMPLAINTS WERE REPEATEDLY BLOCKED BY

1  THE WSP APPEALS COORDINATOR,
2  AGAINST THESE OFFICERS, WHO
3  ACTED IN RETALIATION AGAINST ME
4  ON 9/10/03 FOR THIS, AND A
5  CAMPAIGN OF RETALIATION HAS BEEN
6  ON-GOING AGAINST ME EVER SINCE,
7  BY C.D.C.R. PRISON OFFICIALS, AND
8  INCLUDING — MENTAL HEALTH PRO-
9  FESSIONALS, SINCE THE FILING OF
10  MY CITIZEN'S COMPLAINTS AT WASCO
11  STATE PRISON, MY MENTAL HEALTH
12  HAS DETERIORATED SIGNIFICANTLY, AND
13  MY MENTAL HEALTH TREATMENT
14  HAS BECOME INCREASINGLY UN-
15  PROFESSIONAL, VIRTUALLY NOW —
16  EXISTENT AND AS A RESULT
17  I HAVE SUFFERED IRREPARABLE
18  HARM AND HAVE BEEN PLACED
19  INTO IMMINENT DANGER.

20
21  9.) IN AUGUST OF 2004, I VOL-
22  UNTARILY EXITED THE MHSDS,
23  DISSATISFIED WITH MY TREATMENT
24  BY C.D.C.R. STAFF, AND TO BE-
25  COME ELIGIBLE FOR EARLY RE-
26  LEASE FROM CUSTODY, BY VIRTUE
27  OF FIRE CAMP PLACEMENT. FROM

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1  THIS DATE FORWARD, UNTIL 12/15/05,
2  MY MENTAL HEALTH, FURTHER DE-
3  TERIORATED, AS A DIRECT RESULT
4  OF THE C.D.C.R. CAMPAIGN OF
5  RETALIATION AGAINST ME FOR EXER-
6  CISING MY 1ST AMENDMENT RIGHT
7  TO SEEK REDRESS OF GRIEVANCES,
8  AND ALSO, DUE TO FAMILY TRAG-
9  EDIES. ON 12/15/05, I RE-
10  ENTERED THE MHSDS, BUT UN-
11  BEKNOWNST TO ME AT THE TIME,
12  BY VIRTUE OF A "STAFF" RE-
13  FERRAL = AND WITH A MARKEDLY
14  MORE EXTREME DIAGNOSIS, IN
15  COMPLETE DIVERGENCE TO ALL
16  OTHER PREVIOUS DIAGNOSIS, AND
17  WHICH I BELIEVE TO BE AN
18  INTENTIONALLY FALSE DIAGONOSIS
19  WITH THE INTENT TO DEFAME AND
20  DISCREDIT ME — " SCHIZOAFFECTIVE
21  DISORDER W/ MIXED FEATURES +
22  POST TRAUMATIC STRESS DISORDER +
23  POLY SUBSTANCE ABUSE DEPENDENCE
24  + PERSONALITY DISORDER W/ MIXED
25  FEATURES. = (SEE EXHIBIT ` ').
26
27  10.) ON 2/16/06, AS A RESULT

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1   OF MY RE-INCLUSION INTO THE
2   MINDS, I WAS TRANSFERRED FROM
3   CTF-SOLEDAD TO CSP-SOLANO,
4   FOR MENTAL HEALTH TREATMENT
5   AT THE CCCMS LEVEL OF CARE.
6   (SEE EXHIBIT 'E').
7
8   II.)  SINCE MY TRANSFER TO CSP-
9   SOLANO, WITH THE EXCEPTION OF
10  A SIXTEEN (16) DAY REFUND OF
11  TIME (6/20/06 — 7/6/06), I
12  HAVE BEEN CONFINED TO MY 6'x9'
13  CELL, 24 HOURS A DAY — 7 DAYS
14  A WEEK, IN PUNISHMENT FOR
15  THE ACTIONS OF OTHERS, AS A
16  "SOUTHERN" HISPANIC INMATE. IN
17  SIX (6) MONTHS, FROM 2/16/06 -
18  8/16/06, I HAVE BEEN VISITED
19  BY A MENTAL HEALTH PROFESSIONAL
20  ONLY TWICE: ONCE AT MY CELL
21  DOOR (CLOSED) WITH CELLMATE
22  PRESENT, AND ONCE IN THE
23  HOUSING UNIT DAYROOM, AT THE
24  REQUEST OF MY CORRECTIONAL
25  COUNSELOR, K.O. CONNON, AFTER
26  MY WRITTEN COMPLAINTS ABOUT HIM.
27  DURING THIS PERIOD OF TIME AND

1  TO THIS VERY DAY, WITH THE EX-
2  CEPTION OF THE 16-DAY PERIOD,
3  MY CONDITIONS OF CONFINEMENT
4  HAVE BEEN: NO YARD EXERCISE,
5  NO SUNLIGHT; NO VISITING / FAMILY
6  CONTACT; NO PRIVILEGES, AND NO
7  MENTAL HEALTH VISITATION DURING
8  THE LOCKDOWN(S), AND ALL OF
9  MY WRITTEN REQUESTS / PLEAS FOR
10 TREATMENT, HAVE NOT BEEN
11 HONORED. (SEE EXHIBIT "D").

12
13 12.) ON 2/16/06, I APPEALED
14 MY CONDITIONS OF CONFINEMENT IN
15 THE FORM OF A CDC-602 IN-
16 MATE APPEAL (SEE EXHIBIT "A").
17 THIS, INMATE APPEAL HAS BEEN
18 THOROUGHLY CORRUPTED BY THE
19 C.D.C.R. THROUGHOUT THE INMATE
20 APPEAL PROCESS; NO RELIEF HAS
21 BEEN GRANTED, AND IT CON-
22 TINUES TO BE IN THE POSSESSION
23 OF N. GRANNIS, THE CHIEF OF
24 INMATE APPEALS. MORE THAN
25 FORTY-FIVE (45) DAYS PAST
26 DUE !!! I HAVE SINCE RE-
27 APPEALED THESE ILLEGAL CON-

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1 DITIONS OF CONFINEMENT VIA ANOTHER
2 INMATE AND AS PART OF A CLASS-
3 ACTION CDC 602 (SEE EXHIBIT
4 B~), BUT THIS APPEAL WAS
5 DECEITFULLY AND INTENTIONALLY
6 DELAYED UNTIL WE WERE RE-
7 LEASED FROM OUR 11/17/05 —
8 6/20/06 LOCKDOWN, THE N
9 "GRANTED = ON THIS GROUND, ONLY
10 FOR US TO BE RE-PLACED ON
11 A NEW LOCKDOWN PERIOD, AND
12 UNDER THE SAME AND EVEN
13 MORE EXTREME ILLEGAL CON-
14 DITIONS OF CONFINEMENT, WHICH
15 EXIST UNTIL AND THROUGH THIS
16 CURRENT DAY. I HAVE SINCE
17 APPLIED TO THE SUPERIOR AND
18 COURT OF APPEAL FOR RELIEF,
19 BUT THESE COURTS HAVE REFUSED
20 TO HEAR MY PETITIONS FOR WRIT
21 OF HABEAS CORPUS, DUE TO THE
22 UNEXHAUSTION OF ADMINISTRATIVE
23 REMEDIES. (SEE EXHIBIT ~ '),
24 AND THEREFORE, I SEEK THIS
25 COURT'S IMMEDIATE AND COMPAS-
26 IONATE INTERVENTION, AS A
27 CLASS-MEMBER OF COLEMAN V.

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1   SCHWARZENNEGER , IN RELIEF
2   OF VIOLATIONS BY THE CSP-SOLANO
3   ADMINISTRATION / C.D. CR , TO THE
4   COLEMAN REMEDIAL PLAN .

5
6   13.) I AM UNTRAINED IN THE LAW,
7   AND BEG THE COURTS DEFERENCE
8   IN THIS MATTER. IN THIS MOTION
9   FOR IMMEDIATE INTERVENTION, I
10  HAVE ATTACHED A MEMORANDUM
11  OF POINTS AND AUTHORITIES, WRITTEN
12  TO THE BEST OF MY ABILITY, AND
13  IN THE CONTEXT OF WHAT I BE-
14  LIEVE MY RIGHTS TO BE, AND
15  MOREOVER, PETITION THIS COURT
16  FOR THE RELIEF REQUESTED IN
17  THE ATTACHED, PRAYER FOR
18  RELIEF. -

19
20              RESPECTFULLY,
21
22
23          THOMAS ANTHONY SEVILLA
24          PETITIONER
25
26  DATED: 8/16/06
27

1 THOMAS ANTHONY SEVILLA
2 T-75543 / 6-204
3 CSP - SOLANO
4 P.O. BOX 4000
5 VACAVILLE, CA. 95696

6
7 UNITED STATES DISTRICT COURT
8 EASTERN DISTRICT OF CALIFORNIA

9
10 IN RE :                          MEMORANDUM
11                                  OF POINTS AND
12        COLEMAN                   AUTHORITIES IN
13           V.                     SUPPORT OF
14     SCHWARZENEGGER               MOTION FOR
15                                  EMERGENCY
16                                  INTERVENTION
17

18
19                    I.
20              INTRODUCTION

21
22 1.) PETITIONER IS A PROTECTED
23 PERSON PURSUANT TO 42 U.S.C.; SECTION
24 12131 — THE AMERICANS WITH DIS-
25 ABILITIES ACT ; A C.D.C.R. MENTAL
26 HEALTH SERVICES DELIVERY SYSTEM
27 (MHSDS) PARTICIPANT, AT THE

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1  CCLMS LEVEL OF CARE; OF HIS-
2  PANIC HERITAGE, AND AS SUCH,
3  CURRENTLY SUFFERING UNCONSTITUT-
4  IONAL PUNISHMENT, AS PART OF
5  AN ON-GOING CAMPAIGN OF RE-
6  TALIATION AGAINST HIM FOR EXER-
7  CISING HIS 1ST AMENDMENT RIGHT
8  TO FREE SPEECH, BY PRISON
9  OFFICIALS, AND IN THE FORM OF
10  A LOCKDOWN OF "SOUTHERN = HIS-
11  PANICS, WHICH INCLUDES UNCON-
12  STITUTIONAL ILLEGAL CONDITIONS
13  OF CONFINEMENT.

14
15                    II.
16              PARTIES
17
18  2.) PETITIONER, THOMAS ANTHONY
19  SEVILLA, T-75543, IS A PRISONER
20  OF THE STATE OF CALIFORNIA AT
21  CALIFORNIA STATE PRISON — SOLANO,
22  IN VACAVILLE, CALIFORNIA.

23
24  3.) D.K. SISTO, IS THE WARDEN
25  OF CSP - SOLANO, AND THE LEGAL
26  CUSTODIAN OF THE PETITIONER.

27

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1  4.) JAMES TILTON, IS THE DIRECTOR
2  OF CORRECTIONS AND REHABILITATION
3  FOR THE STATE OF CALIFORNIA
4  (CDCR), AND IS RESPONSIBLE FOR
5  THE OPERATION OF EACH OF ITS
6  STATE PRISONS, INCLUDING THE OP-
7  ERATION OF SOLANO PRISON.

8
9                    III.
10      STATEMENT OF FACTS

11
12  5.) SINCE MY ARRIVAL TO CSP -
13  SOLANO, ON 2/16/06, EXCEPT FOR
14  A PERIOD OF SIXTEEN (16) DAYS
15  (6/20/06 - 7/6/06), I HAVE BEEN
16  CONFINED TO MY CELL, IN THE
17  TOTAL ABSENCE OF DUE PROCESS
18  OF LAW AND EQUAL PROTECTION
19  THEREOF, WITHOUT OUT-OF-CELL
20  EXERCISE, FAMILY CONTACT, IN
21  THE EXTREME SUMMER HEAT IN
22  THE ABSENCE OF AIR-CONDITIONING,
23  WITHOUT MENTAL HEALTH CARE, AND
24  FOR BEING A "SOUTHERN" HISPANIC,
25  NOT HAVING COMMITTED ANY MIS-
26  BEHAVIOR OF MY OWN, AND WHILE
27  MY MENTAL HEALTH STEADILY DE-

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1  TERRITORIES.

## IV
## CONTENTIONS

1.

6.) THE CALIFORNIA DEPARTMENT OF
CORRECTIONS; SPECIFICALLY, WARDEN
D.K. SISTO, SUPERINTENDENT OF
CSP-SOLANO, HAS FAILED TO TREAT
MY MENTAL ILLNESS, AND HAS
TREATED ME INHUMANELY, IN
VIOLATION OF THE 8TH AMEND-
MENT TO THE U.S. CONSTITUTION.

2.

7.) THE CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION
(CDCR), HAS INTENTIONALLY AND
WILLFULLY VIOLATED MY 14TH AM-
ENDMENT RIGHT TO DUE PROCESS
AND EQUAL PROTECTION OF THE
LAW, IN THE INMATE APPEALS
PROCESS.

3.

1  8.) THE UNITED STATES DISTRICT
2  COURT IN AND FOR THE EASTERN
3  DISTRICT OF CALIFORNIA, HAS JUR-
4  ISDICTION OVER THIS MATTER, AND
5  THE CLAIMS MADE HEREIN, AND
6  IT IS PROPER, IN THE INTEREST
7  OF JUSTICE, FOR THE COURT TO IMM-
8  EDIATELY INTERVENE.
9
10                CONTENTION # 1
11
12  9.) PETITIONER IS A PROTECTED PER-
13  SON DIAGNOSED WITH A SEVERE
14  MENTAL ILLNESS. 42 USC; SECTION
15  12131. PETITIONERS MENTAL ILLNESS
16  REQUIRES ON-GOING TREATMENT AND
17  CARE, AND PETITIONER MUST RELY
18  UPON PRISON AUTHORITIES TO TREAT
19  HIS MEDICAL NEEDS; IF PRISON OFF-
20  ICIALS FAIL TO DO SO, THOSE NEEDS
21  WILL NOT BE MET. ESTELLE V.
22  GAMBLE, 429 U.S. 97, 103 (1976)
23  PETITIONER'S MEDICAL NEED IS OF
24  A SERIOUS NATURE, AND DESPITE
25  THIS, PRISON OFFICIALS HAVE BEEN
26  DELIBERATELY INDIFFERENT TO THIS
27  MEDICAL NEED, CAUSING FURTHER

1  DETERERATION TO MY MENTAL HEALTH
2  AND PLACING ME IN IMMINENT
3  DANGER. ESTELLE V. GAMBLE, 429
4  U.S. 97 (1976). IF CONTINUES TO
5  BE LEFT UNTREATED, GREATER
6  RISK OF HARM IS INEVITABLE.
7  TAYLOR V. ADAMS, 221 F. 3d 1254,
8  1258 (11TH CIR. 2000), AND PRISON
9  OFFICIALS ARE NOT IGNORANT TO
10  THEIR RESPONSIBILITIES. COLEMAN
11  V. WILSON, 912 F. SUPP., 1282,
12  AND PETITIONER HAS A RIGHT TO
13  ADEQUATE MEDICAL CARE OF HIS
14  ILLNESS AND A FAILURE TO TREAT
15  IT IS CRUEL AND UNUSUAL PUN-
16  ISHMENT IN DELIBERATE INDIFF-
17  ERENCE TO THAT RIGHT, USCA, -
18  8.
19
20  10.) WARDEN, D.K. SISTO, WHO IS
21  RESPONSIBLE FOR MY CUSTODY AND
22  MEDICAL TREATMENT, CCR # 3380.
23  HAS TREATED ME UNFAIRLY IN
24  VIOLATION OF MY 8TH AMENDMENT
25  CONSTITUTIONAL RIGHT, CCR # 3004(a)
26  TO THIS REGARD, AND AS A HIS-
27  PANIC AMERICAN. CCR # 3004 (c).

1  IN THE ABSENCE OF DUE PROCESS
2  AND EQUAL PROTECTION UNDER THE
3  LAWS OF THE UNITED STATES AND
4  THE STATE OF CALIFORNIA, DURING
5  UNDER THIS COLOR OF AUTHORITY,
6  HE HAS VIOLATED MY CIVIL RIGHTS,
7  42 USC; SECTION 1983 ; USCA - 8 & 14.

8
9  11.) FOR THE BETTERMENT OF MY
10 MENTAL HEALTH AND IN TREATMENT
11 OF MY MENTAL ILLNESS, I AM
12 ENTITLED TO OUT - OF - CELL EX-
13 ERCISE OPPORTUNITIES. KEENAN V.
14 HALL, 83 F. 3d 1083, 1089 (9TH
15 CIR. 1996); DE LANEY V. DE TELLA,
16 256 F. 3d 679 (7TH CIR. 2001). FRESH
17 AIR IS BENEFICIAL TO MY MENTAL
18 HEALTH, AND SUNLIGHT IS CRITICAL
19 TO THE PRODUCTION OF VITAMIN D,
20 WHICH CANNOT BE SYNTHESIZED IN
21 THE ABSENCE OF IT.

22
23 12.) DURING THE CURRENT SUMMER
24 MONTHS OF LOCKDOWN, I HAVE
25 BEEN SUBJECTED TO 110 + DEGREE
26 HEAT PUMPED INTO MY CELL,
27 WHICH MEASURES 6 x 9'. I HAVE

1  A RIGHT TO NOT BE SUBJECTED TO
2  EXTREME TEMPERATURE AND POOR
3  AIR QUALITY. GASTON V. COUGHLIN,
4  249 F. 3d 156 (2d Cir. 2001); USCA-
5  8. THE TOTALITY OF THESE LIVING
6  CONDITIONS ARE ATYPICAL, AS THEY
7  ARE ABSENT OF DUE PROCESS.
8  SANDIN V. CONNOR, 515 U.S. 972
9  (1995) AND COLLECTIVELY, ARE UN-
10  CONSTITUTIONAL, PALMER V. JOHNSON
11  193 F. 3d 346 (5TH CIR. 1999).

12
13  CONTENTION # 2

14
15  13.) PETITIONER WAS A RIGHT TO SEEK
16  REDRESS OF GRIEVANCES, INCLUDING
17  THE CLAIMS MADE HEREIN. USCA-
18  1; CCR # 3084.1 (a). PETITIONER
19  HAS USED THE ADMINISTRATIVE RE-
20  VIEW PROCESS RESPONSIBLY AND RE-
21  SPECTFULLY, BUT HAS ONLY BEEN RE-
22  TALIATED AGAINST FOR DOING SO,
23  AND SPECIFIC TO THIS ISSUE, HIS
24  DUE PROCESS RIGHT HAS BEEN IN-
25  TENTIONALLY VIOLATED BY THE C.D.-
26  C.R., SO THAT THEY MAY CONTINUE
27  THEIR CRUEL AND UNUSUAL PUNISH-

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

MENT. USCA - 14 ; USCA - 8.

CONTENTION # 3

14.) THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DIVISION
OF SACRAMENTO, HAS JURISDICTION
OVER THIS MATTER. 42 U.S.C; SECTION
1983 ; 28 U.S.C. ; SECTION 1331 ; 42
U.S.C ; SECTION 1343 (a)(3), AND PUR-
SUANT TO COLEMAN V. WILSON, 912
F. SUPP, 1282.

15.) THIS COURT HAS JURISDICTION OVER
PETITIONERS STATE LAW CLAIMS
UNDER 28 U.S.C. ; SECTION 1367
AND IN THE INTEREST OF JUSTICE
SHOULD IMMEDIATELY INTERVIEWE
AS ADMINISTRATIVE REMEDY WAS'
PROVEN INADEQUATE. GLENDALE
CITY EMPLOYEES' ASSN., INC. V.
CITY OF GLENDALE (1975) 15 CAL.
3d 328, 342-343 [124 Cal. RPTR.
513], AND BECAUSE MY PURSUIT
THEREOF WAS PROVEN FUTILE, IN
RE SERNA (1978) 76 Cal. APP. 3d. 1010
[143 Cal. RPTR. 350], AND BECAUSE

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1   IRREPARABLE INJURY IS OCCURRING.
2   IN RE SERNA (1978) 76 CAL. APP.
3   3d. 1010, 1015 - 1023 [143 CAL. RPTR.
4   350] (STEPHENS J., DISSENTING),
5   AS BECAUSE INJUSTICE WAS
6   RESULTED. GREENBLAT V. MUNRO
7   (1958) 161 CAL. APP. 2d 596, 606.
8
9               CONCLUSION
10
11  16.) FOR THE ABOVE - STATED REASONS
12  THE RELIEF SOUGHT IN THE PETITION
13  SHOULD BE GRANTED IN THE
14  FORM OF THIS COURTS IMMEDIATE
15  INTERVENTION.
16
17                  RESPECTFULLY,
18
19
20               THOMAS A. SEVILLA
21               COLEMAN V.
22               SCHWARZENEGGER
23               CLASS - MEMBER
24
25
26  DATED: 8/16/06
27

PRAYER FOR RELIEF

AS A CLASS-MEMBER OF THE
COLEMAN V. SCHWARZENNEGER ACTION,
THIS PETITIONER RESPECTFULLY PRAYS
THE FOLLOWING:

1.) ORDER D.K. SISTO, WARDEN
OF CSP-SOLANO, TO IMMEDIATELY
TREAT THE PETITIONERS MENTAL
HEALTH IN ACCORDANCE WITH
THE COLEMAN REMEDIAL PLAN,
AS WELL AS ALL OTHER INMATES
WHO ARE CLASS-MEMBERS AND
ENTITLED TO SUCH.

2.) HOLD WARDEN, D.K. SISTO,
IN CONTEMPT OF COURT, FOR
HIS DELIBERATE INDIFFERENCE TO
THE COURTS COLEMAN REMEDIAL
PLAN.

3.) ORDER IMMEDIATE OUT-OF-
CELL EXERCISE OPPORTUNITIES FOR
ALL CLASS-MEMBERS ON LOCKDOWN.

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

4.) ORDER AIR - CONDITIONING TO
BE INSTALLED IN ALL HOUSING
UNITS HOUSING CLASS - MEMBERS,
TO PROTECT AGAINST THE EXTREME
SUMMER HEAT.

5.) ORDER TELEPHONE ACCESS
TO FAMILY FOR CLASS - MEMBERS,
AND VISITING OPPORTUNITIES.

6.) ORDER DUE PROCESS AND
EQUAL PROTECTION OF THE LAW
FOR ALL CLASS- MEMBERS BEING
PUNISHED DISCRIMINATELY, AS PART
OF THE CURRENT LOCKDOWN.

7.) ORDER THIS PETITIONER /
CLASS- MEMBER TRANSFERRED TO
AN INSTITUTION CLOSE TO HIS
FRIEND, CALIFORNIA FAMILY TIES
TO AN INSTITUTION WHERE HE
CAN RECEIVE THE COURT - ORDERED
REQUISITE TREATMENT. P.C. 5068

8.) INTERVENE IN ANY MANNER
DEEMED PROPER BY THIS COURT

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

1    DATED:   8/16/06

2

3

4                              RESPECTFULLY,

5

6                              TEAS

7                              THOMAS A. SEVILLA

8                              T-75543

9                              COLEMAN V.

10                             SCHWARZENNEGER

11                             CLASS - MEMBER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

VERIFICATION

1
2
3  I, THOMAS ANTHONY SEVILLA, STATE:
4
5      I AM THE PETITIONER IN
6  THIS ACTION. I HAVE READ THE
7  FOREGOING ` MOTION FOR EMER-
8  GENCY INTERVENTION — AND THE
9  FACTS STATED HEREIN AND THEREIN
10 ARE TRUE TO THE BEST OF MY
11 KNOWLEDGE, EXCEPT AS TO MATTERS
12 THEREIN STATED ON MY OWN IN-
13 FORMATION AND BELIEF, AND TO THOSE
14 MATTERS, I BELIEVE THEM TO BE
15 TRUE.
16
17     I DECLARE UNDER PENALTY
18 OF PERJURY THAT THE FOREGOING
19 IS TRUE AND CORRECT AND THAT
20 THIS DECLARATION WAS EXECUTED
21 AT : CSP — SOLANO, ON 8/16/06,
22 IN VACAVILLE, CALIFORNIA.
23
24
25                    THOMAS A. SEVILLA
26                    T-75543
27                    PETITIONER

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

# EXHIBIT COVER PAGE:

Exhibit: `A`

Description of this exhibit: CDC - 602 # CSP _____ 00584;
SPECIFIC TO THE PETITION ISSUE, THIS O_____ _____ HAS _____
TO THE DIRECTOR OF CORRECTIONS FOR 3:_____ _____ _____
HELD FOR MORE THAN TWO (2) MONTHS U_____ THEN SENT

Number of pages of this exhibit: 9 pages

BACK TO ME FOR AN UNJUST DECISION, _____ _____
IS NOW SITE WITH THEM MORE THAN THEY - FIVE
(45) DAYS PAST DUE !!!  (RE)

## JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

✓ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit

_____ Other: _____

6/29/06

N. GRANNIS, CHIEF OF I/M APPEALS
CALIFORNIA DEPARTMENT OF CORRECTIONS
SACRAMENTO, CA.

RE: YOUR CORRESPONDENCE DATED: 6/25/06

N. GRANNIS:

THERE IS NO INTEGRITY IN THE I/M
APPEALS PROCESS, IF IT IS ABSENT AT THE
3rd LEVEL OF REVIEW. HISTORICALLY, THIS
HAS BEEN SHAMEFULLY TRUE.

I PROVIDED AMPLE AND WHOLLY SUFF-
ICIENT EVIDENCE OF MY GOOD FAITH EFFORTS
TO UPHOLD MY RESPONSIBILITIES RELATED TO
THIS APPEAL. FROM THE START, AND NEW
WITH YOU, THE PROCESS HAS BEEN OB-
STRUCTED. YOU KNOW GOOD AND WELL THAT
A COPY WILL SUFFICE IN THE EVENT OF
A LOST OR DESTROYED APPEAL; CCR # 3084.2
(g), IS NOW-APPLICABLE; NO REASON FOR
YOU TO OBSTRUCT JUSTICE, WHICH IS CLEARLY
YOUR INTENTION. IT WAS NO FAULT OF
MINE, BUT YOUR C.D.C.R. PEERS, WHO
KEPT THE ORIGINAL FOR ONE (1) MONTH
AND FINALLY RETURNED IT; NO DOUBT
TO INTENTIONALLY EXHAUST MY TIME

CONSTRAINTS TO CANCEL THE APPEAL.
IS IT A COINCIDENCE YOUR OFFICE
HELD ON TO THE APPEAL FOR TWO(2)
MONTHS, ONLY TO RETURN IT WELL
AFTER THE EVENT BEING APPEALED WAS
CHALLENGED IN THE SUPERIOR COURT
AND HAS SINCE CHANGED FORM?

BY HOLDING ON TO MY APPEAL FOR
TWO (2) MONTHS ONLY TO ILLEGITIMAT-
ELY REJECT IT YOU HAVE DEMON-
STRATED YOUR TRANSFORMAL DELIBERATE
INDIFFERENCE TO MY APPEAL RIGHT
— HISTORICALLY, AND ARE BEING
NAMED AS A DEFENDANT IN A CIVIL
RIGHTS LAWSUIT IN THE EASTERN DIV-
SION OF THE U.S. DISTRICT COURT, AND
SHALL BE SERVED SHORTLY, AS YOU ARE
BEING ACCUSED OF HAVING HISTORICALLY
AND MALICIOUSLY VIOLATED MY 1ST,
5TH, AND 14TH AMENDMENT RIGHTS,
INTENTIONALLY UPHOLDING ERRONEOUS
DECISIONS OF MERITORIOUS APPEALS.

PLEASE CITE YOUR AUTHORITY TO
DENY THIS APPEAL'S DUE PROCESS DUE
TO ITS FACSIMILE FORM IN YOUR DE-
CISION, AND HOLD TO ORIGINAL TIME CONSTRAINS!
ENCLOSED IS THE "ORIGINAL APPEAL."

CC: EXHIBIT                                   6/28/06

ON 2/16/06, I WAS TRANSFERRED FROM CTF-SOLEDAD TO CSP-SOLANO UNJUSTLY. PENAL CODE SECTIONS: 6350 (4-c) AND 5068, WERE IGNORED. THE TRANSFER WAS NECESSITATED BY MY INCLUSION INTO THE MHSDS ~ THE CCCMS LEVEL OF CARE FOR EXTREME MOOD DEPRESSION. RATHER THAN TRANSFER ME CLOSER TO MY FAMILY TIES IN FRESNO, FOR THE SECOND CONSECUTIVE NON-ADVERSE TRANSFER AND WITHOUT EVER ENTERING MY RIGHT TO AN ANNUAL REVIEW IN 3½ YEARS OF CUSTODY, I WAS AGAIN TRANSFERRED FURTHER AWAY FROM HOME, AND INTO A LOCKDOWN SCENARIO THAT IMMEDIATELY DEPRIVED ME OF ALL AI-A PRIVILEGE GROUP PRIVILEGES, TELEPHONIC CONTACT WITH FAMILY; PERSONAL VISITS, AND EVEN PHYSICAL EXERCISE. SINCE 2/16/06, I HAVE BEEN CONFINED TO MY 6'×9' CELL, WITH NO SUNSHINE OR FRESH AIR, AND MOST INCREDIBLY, ABSOLUTELY NO MENTAL HEALTH TREATMENT OR VISITATION BY MENTAL HEALTH PROFESSIONALS. THE VERY REASON FOR MY TRANSFER HERE, THE 2nd LEVEL REVIEWERS HAVE BEEN DELIBERATELY INDIFFERENT TO THIS ISSUE, AND HAVE ISSUED A FRAUDULENT AND DECEPTIVE RESPONSE.

THE 2nd LEVEL RESPONSE SPEAKS FAVORABLY OF THE FACILITY II PROGRESSION BACK INTO PROGRAMMING ON THE FACILITY II YARD. HOWEVER, THE APPEAL REVIEWERS KNEW FULL AND WELL THAT TWO (2) WEEKS PRIOR TO MY 2nd LEVEL SUBMISSION, I WAS TRANSFERRED TO FACILITY I, WHERE THERE IS ABSOLUTELY NO PROGRAMMING. THEY ATTRIBUTE A PRIVILEGE ~ TO THE APPELLANT THAT HE IS NOT ALLOWED TO BENEFIT FROM. THEY HAVE DONE THIS KNOWINGLY.

THE ADMINISTRATION CONTINUES TO DECEIVE THE ISSUE SEMANTICALLY. FAVORABLY, IN PERSON AND IN WRITTEN CORRESPONDENCE, THEY REFER TO THE ISSUE AS A "MODIFIED PROGRAM" = VEHEMENTLY DENYING THAT IT IS A "LOCKDOWN" OR EVEN "DISCIPLINARY DETENTION" = IN A NON-AD-SEG HOUSING UNIT, IN AN ATTEMPT TO ESCAPE THE [...] WHICH APPLY TO THIS ISSUE.

However, conveniently and inappropriately, they cite strict lockdown authority, pursuant to Title 15, to justify their actions then, double-talk and refer to it as a "modified program" which is not a "lockdown" by definition of CCR # 3000, and therefore, non-applicable to their claimed authority. They have intentionally abused their discretion and have achieved no reasonable penological goal.

The truth of the matter is, I was diagnosed with severe "depression" due to loss of family, no contact with family, divorce, and continued maltreatment by CDCR staff, and sent to CSP-Solano for treatment. As of this date, I have received absolutely "none" and my mental health has been steadily deteriorating, due to being confined to my cell 24(7), with no fresh air, sunshine, yard exercise, or telephonic or personal contact with family. CSP-Solano, and therefore, the CDCR, has been deliberately indifferent to my mental health needs by NOT providing me with mental health treatment, transferring me a greater distance from family, punishing me for what I have not done, and continuing to ignore my civil rights. I have a civil and human right to receive treatment, and the CDCR has the responsibility to transfer me closer to my family ties in Fresno, pursuant to: P.C. 6350 (a-c); 5068, and CCR # 3375.2 (b)(10).

My mental health was been compromised by the cruelty of CSP-Solano Warden, Robert Horel, who has confined me to my cell under inhumane and illegal conditions. Moreover, I was transferred into this scenario knowingly and willingly by the CDCR, in continued retaliation for filing inmate appeals and for writing public officials, in violation of my 1st and 14th Amendment rights.  [signature]  4/20/06

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. _CSPS_
2. _____

Log No.
1. _06-00584_
2. _____

Category
II
FAC 2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| SEVILLA T. | T-75543 | A1-A UNASSIGNED | 11/#244 |

A. Describe Problem: THIS APPEAL IS SPECIFIC TO MY UNFAIR TREATMENT UPON ARRIVAL @ CSP-SOLANO AND THAT WHICH CONTINUES UNTIL PRESENT DAY, DUE TO THE CURRENT LOCKDOWN STATUS I AM SUBJECTED TO AS A SOUTHERN HISPANIC. THIS APPEAL ALLEGES VIOLATIONS OF LAW AND MY CONSTITUTIONAL RIGHTS UPON MY ARRIVAL TO CSP-SOLANO ON 2/16/06, I WAS AND CONTINUE TO BE SUBJECTED TO TOTAL

If you need more space, attach one additional sheet. (CONTINUED ON PG. 2 OF 2)

B. Action Requested: 1) RESTORE PRIVILEGES TO ALL NON-INVOLVED SOUTHERN HISPANICS OR 2.) TRANSFER APPELLANT TO INSTITUTION WITHIN 150 MILES OF FRESNO (i.e. FAMILY) PURSUANT TO STATE LAW, TO ALLOW SUCCESSFUL PROGRAMMING AND (2x) THE BENEFIT OF HIS MENTAL HEALTH.

Inmate/Parolee Signature: _____ Date Submitted: 2/16/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

**RECEIVED**
FEB 2 ? ???

CSP/SOLANO
APPEALS OFFICE

Date Submitted: _____
CDC Appeal Number:

Appeals
R. XXXX III

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __2-23-6__    Due Date: __4-7-6__

Interviewed by: _____

Staff Signature: _C Ossick_    Title: _Sergeant_    Date Completed: _3/7/06_
Division Head Approved:    Title: _AW_    Returned
Signature: _Wardell_    Date to Inmate MAR 1 3 2006

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DISSATISFIED ON THE FOLLOWING GROUNDS : 1) THE FIRST-
LEVEL REVIEWER'S RESPONSE IS UNPROFESSIONAL DECEPT-
IVE, DISHONEST AND ENTIRELY WITHOUT MERIT; CONSTITUTING
FRAUD IN THE INMATE APPEALS PROCESS WHERE A SEP-
Signature: _____    KTHOMAS A. SEVILLA    Date Submitted: 3/14/06

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __3-17-6__    Due Date: __4-17-6__
☐ See Attached Letter

Signature: _Klarentz_    Date Completed: _4-13-06_
Warden/Superintendent Signature: _WDC. Williams    CDW (a)_    Date Returned to Appeal APR 1 7 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED : THIS APPEAL IS SUBMITTED FOR 3rd LEVEL
REVIEW FOR EXHAUSTION OF ADMINISTRATIVE REMEDY; RE-
VIEW OF THE 2nd LEVEL DECISION, AND FOR INADEQUATE
RELIEF BASED UPON MY DETERMINATING MENTAL/EMOT-
IONAL HEALTH; THE CONSTITUTIONAL VIOLATIONS RELATED TO
IT, AND A FRAUDULENT 2nd LEVEL RESPONSE (see attached)
Signature: _____    /THOMAS A. SEVILLA    Date Submitted: 4/20/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

CDC-602: SEVILLA, T. (T-75543) B6 203 2/16/06

LOCKDOWN STATUS; RESULTING IN COMPLETE PRIV-
ILEGE LOSS, DUE TO THE ACTIONS OF OTHERS, AND
WITHOUT DUE PROCESS RELATED TO INMATE DISCI-
PLINE (CCR # 3312; 3314; 3315; 3323). THIS AMOUNTS
TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION
OF MY CONSTITUTIONAL / CIVIL RIGHTS; SPECIFICALLY,
THE 14TH AMENDMENT TO THE U.S. CONSTITUTION
AND THE CALIFORNIA CODE OF REGULATIONS;
TITLE 15's 8TH AMENDMENT.

I HAVE "EARNED" THE PRIVILEGES ASSOC-
IATED WITH MY A1-A EARNING STATUS, PURSUANT
TO CCR # 3044 (C). THESE PRIVILEGES ARE, "RE-
QUIRED" OF THE DIRECTOR, BY STATUTE, CASE
LAW, GOVERNMENTAL REGULATIONS [AND] EXEC-
UTIVE ORDERS... = PURSUANT TO CCR # 3044
(C)(2) AND (3), DUE PROCESS MUST BE AFFORDED
TO ME IN ORDER FOR THESE PRIVILEGES TO
BE REVOKED, MODIFIED, OR SUSPENDED, AND
THEN ONLY FOR A MAXIMUM OF "40 DAYS."
THERE HAS BEEN NO DUE PROCESS AFFORDED,
NOR IS THERE PROBABLE CAUSE FOR THE
'INMATE DISCIPLINE" PRESCRIBED IN CCR #
3312. I HAVE NOT BEEN FOUND GUILTY OF
ANY WRONGDOING, AND I AM SIMPLY BEING
PUNISHED FOR BEING A 'SOUTHERN HISPANIC'
CCR # 3004 (C), PROHIBITS THIS ETHNIC DIS-
CRIMINATION, AND CCR # 3004 (A), AFFORDS
ME THE RIGHT TO RESPECTFUL, IMPARTIAL,
AND FAIR TREATMENT.

IT IS CRUEL AND UNUSUAL PUNISHMENT, IN
VIOLATION OF MY 14TH AMENDMENT RIGHT, TO
SUBJECT A NEWLY RECEIVED CCCMS MENTAL
HEALTH INMATE TO TOTAL LOCKDOWN STATUS,
WITH TOTAL PRIVILEGE LOSS, FOR AN INDEFINITE

RELIED ON THEM WITHOUT COUNSEL NO DUE PROCESS, AND WITH NO DISCLOSURE OR THE CONFIDENTIALITY WHEN THE TRANSFER WAS NECESSITATED BY THE MENTAL HEALTH DIAGNOSIS OF " EXTREME MOTOR RESTLESSION." THE PURPOSE OF THE TRANSFER WAS TO RECEIVE TREATMENT AT THIS FACILITY YET, MY CONDITION COULD ONLY WORSEN UNDER THESE CIRCUMSTANCES OF NO YARD ACTIVITY, FRESH AIR, TELEPHONE CONTACT WITH FAMILY, OR PERSONAL CONTACT VISITS. THE PURPOSE VISITING PHILOSOPHY OF CCR # 3170(a), WHICH STATES AND CLAIMS IN PART: " THESE REGULATIONS ARE MADE IN RECOGNITION AND CONSIDERATION OF THE VALUE OF INMATE VISITATION AS A MEANS OF INCREASING SAFETY IN PRISONS, MAINTAINING FAMILY AND COMMUNITY CONNECTIONS, AND PREPARING INMATES FOR SUCCESSFUL RELEASE AND REHABILITATION ... " IS MOCKED AND CLEARLY COMPROMISED.

NOTWITHSTANDING, IS THE FACT THAT GROUP RACIAL PUNISHMENT IS ILLEGAL, AND ALL LOCK-DOWNS MUST BE SUBJECTED TO 14TH AMENDMENT SCRUTINY, AS RULED BY THE 9TH CIRCUIT IN HOPTOWITZ V. RAY (9TH CIRCUIT 1982) AND MOST RECENTLY CALLED 682; F2d 1237, 1259, AND MOST RECENTLY WHERE THE 9TH CIRCUIT RULED THAT A 2-YEAR LOCKDOWN @ PBSP WAS " CONSTITUTIONALLY IMPERMISSIBLE" SINCE IT WAS BASED SOLELY UPON RACE AND NOT THE " INDIVIDUAL ACTIONS" OF PRISONERS. SUCH IS THE DEPRIVATION OF MY RIGHTS AND PRIVILEGES.

BECAUSE THIS IS NOT A ' GROUP APPEAL, AND BECAUSE IT WOULD BE EQUALLY ILLEGAL TO ONLY RETURN THE APPELLANT TO PROGRAM, IN RELIEF, I SEEK IMMEDIATE NON-ADVERSE AI-A TRANS-FER TO AN INSTITUTION WITHIN 100 MILES OF MY FAMILY, TO PROGRAM AND FOR THE BENEFIT OF MY

# Memorandum

APPEALS

*Date* : March 7, 2006

*To* : Inmate Sevilla
T-75543
++-z44  4-11 $\gamma$

*From* : *California State Prison-Solano, Vacaville 95696-4000*

*Subject* : **RESPONSE TO APPEAL LOG # CSP-S-06-00584**

This is in response to your First Level Appeal, Log # CSP-S-06-00584, dated February 16, 2006. In your appeal, you claim you are being discriminated against because of your ethnicity, and punished by being confined to your cell on lockdown for a yard incident in which your race was involved.

You are requesting that the current lockdown of the Southern Hispanic inmates be abolished, re-instate all privileges, transfer you to a facility close to Fresno and all future actions of the same be given a reasonable course of action.

On March 7, 2006, Correctional Sergeant C. Orrick interviewed you to provide you opportunity to fully explain your appeal and provide any supporting information or documents. During the interview, you stated that the inmates responsible for the incident should bear the responsibility for their actions. You also stated that administration should be able to make the decision not to discriminate against uninvolved inmates.

A review of your appeal was conducted which included an interview of you, a review of California Code of Regulations (CCR) Title 15, section 3000, 3044, 3332, 3341.5, 3343, 3381 and Program Status Report (PSR) #CSP-S-NOV-29-05-033.

The results of the review revealed that, CCR section 3000, states: *"a lockdown means that a portion of the facility is affected by suspension of the required program services, and inmates are not released except as determined by the facility administration on individual, case by case basis. As determined by the facility administration, under such circumstances only critical inmate workers in the affected housing units/sub-facilities will be permitted to attend work assignments under escort, and all but essential functions are suspended in those affected housing units or sub-facilities e.g. yard, canteen draws, religious services and visiting."* The facility administration determined, on an individual, case by case basis, that the incident that occurred on the facility II exercise yard required a Plan of Operation. This Plan of Operation, approved by Warden T. Carey, modified and designed a portion of the facility that required suspension of all but essential functions to the Northern and Southern Mexican inmates on Facility II to prevent further disturbances.

**RESPONSE TO APPEAL LOG # CSP-S-06-00584**

Addressing your request to be transferred to an alternate Level III institution, this matter is not under my jurisdiction, but can be brought to your correctional counselor for review and determination.

Based on the foregoing, your appeal is **PARTIALLY GRANTED**, in that there will be no reprisals upon yourself or any other inmate for this appeal. All other request are denied in as much that the facility administration has yet to determine a change in the PSR. Attached is a copy of the current PSR.

**O. Y. CRAWFORD**
Associate Warden
Level III Operations

1.) ARATE STAFF COMPLAINT (i.e. 602) IS WARRANTED 2.) THE APPELLANT'S ARGUMENT IS COMPELLING, BACKED BY CASE LAW AND APPEAL PRECEDENCE; SPECIFIC TO THE LOCKDOWN CIRCUMSTANCES  3.) THE 14 TH A- & 8TH MENDMENT ARGUMENT, SPECIFIC TO THE APPELLANT'S MENTAL HEALTH, IS LEGITIMATE, COMPELLING, AND THE INSTITUTION HAS SHOWN A DELIBERATE INDIFFERENCE TOWARD THIS ISSUE.

THE FIRST-LEVEL REVIEWER WAS BROUGHT DISCREDIT UPON THE INSTITUTION AND THE CDCR IN THE RESPONSE. CITED AS A BASIS FOR THE DECISION OF DENIAL OF THE APPEAL WAS: CCR # 3341.5, WHICH DEALS SPECIFICALLY WITH PROTECTIVE HOUSING (PHU) AND SECURITY HOUSING (SHU) UNITS AND TERM CALCULATIONS ; CCR # 3361, WHICH IS SPECIFIC TO THE WARDEN'S ABSENCE OF "MORE THAN ONE REGULAR STATE WORKDAY" AND THE NEED TO OBTAIN THE DIRECTOR'S APPROVAL; CCR # 3044 - PRIVILEGES, WHICH I CITE AND WHICH CLEARLY REFUTES THE REVIEWER'S ARGUMENT, AS THE TRUE PRIVILEGES AS-SOCIATED WITH THE REVOCATION / SUSPENSION OF MY REQUIRED / EARNED PRIVILEGES HAS NOT BEEN AFFORD-ED; CCR # 3332, DEALING WITH DISCIPLINARY DETENTION LIVING CONDITIONS WHICH IS NOT BEING ADHERED TO AS PART OF THIS LOCKDOWN ; CCR # 3000, WHICH IS MERELY A DEFINITION OF WHAT A "LOCKDOWN" IS, AND WHAT DOES NOT ACCURATELY REFLECT WHAT THE ADMINISTRATION'S OVERLY PUNITIVE MEASURES A-GAINST NORTHERN AND SOUTHERN HISPANICS WAS BEFORE, AND A "PROGRAM STATUS REPORT" (PSR), THAT WAS NOT ATTACHED AS CLAIMED, BUT ONLY A BLANK SHEET OF PAPER ! THE FIRST- LEVEL RESPONSE IS ENTIRELY DISRESPECTFUL, FRAUDULENT, AND EXEMPLIFIES THE CORRUPT AND DELIBERATELY INDIFFERENT APPROACH TO DEALING WITH INMATES BY THE CDCR.

FOCUSING SOLELY ON THE INSTITUTION'S ARGUMENT, IT IS CLEAR THAT BY DEFINITION (i.e. CCR # 3000 , AS

CITIES), WHAT IS AT SOUTHERN AND NORTHERN HISP-
ANICS ARE CURRENTLY SUBJECTED TO, IS NOT A "LOCK-
DOWN," AS THE "CONDITIONS OF CONFINEMENT"
ARE NOT THE SAME AS IN AD-SEG, AS REQUIRED
BY LAW — CCR #3330 AND 3331; AS THE REVIEWER
CITES, CCR #3332 — ADMINISTRATION AND SEGRE-
VISION OF "DETENTION UNITS." SOUTHERN AND NORTH-
ERN HISPANICS HAVE BEEN EXPERIENCING EXTREME
AND UNJUSTIFIED RONISHMENT FOR THE WRONGDOING
OF OTHERS, WHO, IRONICALLY AND HYPOCRITICALLY,
ARE IN AD-SEG, ENJOYING MORE PRIVILEGE!
THOSE INMATES, RESPONSIBLE FOR THE DISTURBANCE,
ENJOY CANTEEN PRIVILEGE AND VISITING, NOT TO
MENTION THE FRESH AIR AND SUNSHINE OUTDOORS
WITH YARD EXERCISE, WHICH IS NOT A PRIVILEGE,
BUT A HUMANE REQUIREMENT PROTECTED BY THE
14TH AMENDMENT OF THE U.S. CONSTITUTION. THE
FACT REMAINS THAT THIS "LOCKDOWN" DOES NOT
SURVIVE 14TH AMENDMENT SCRUTINY AS REQUIRED
BY LAW AND VIOLATES THE MANDATES OF THE 9TH
CIRCUIT COURT OF APPEALS, AS THE "GROUP PUNISH-
MENT" ELEMENT IS CLEAR, AND THE "INDI-
VIDUAL ACTIONS" OF THOSE BEING PUNISHED, DO
NOT WARRANT THE PUNISHMENT INFLICTED. CCR#
3330 AND 3331, MUST BE ADHERED TO, SOUTHERN
AND NORTHERN HISPANICS MUST BE GIVEN YARD EX-
ERCISE, CANTEEN, AND VISITS, JUST LIKE THEIR
AD-SEG COUNTERPARTS. ADDITIONALLY, THE CIVIL RIGHT
TO "SEND/RECEIVE MAIL" IS BEING VIOLATED, AS IN-
MATES WITH FUNDS IN THEIR TRUST ACCOUNTS ARE PRO-
HIBITED FROM CANTEEN PURCHASE OF STAMPS, EN-
VELOPES AND DUE TO THE LOCKDOWN PUNISHMENT AND
ARE RESTRICTED FROM RECEIVING INDIGENT ENVELOPES.
HOW ARE WE EXPECTED TO SEND MAIL?

THE CRUEL EFFECT OF CONFINING ME, A CLASS IN-
MATE TO MY CELL, ESPECIALLY, 24/7, DEPRIVING ME OF FRESH
AIR, SUNSHINE, TELEPHONIC OR PERSONAL CONTACT WITH MY FAMILY,
HOW I WAS TRANSFERRED HERE FOR "TREATMENT," FOR THEIR
EXPRESSION, IS COMPELLING. I SHOULD RECEIVE TRANSFER UNDER

State of California



Department of Corrections and Rehabilitation

# Memorandum

Date:    April 13, 2006

To:    Sevilla, J., T-75543    6-204L
California State Prison-Solano

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO.:    SOL 06-00584

## ISSUE:

It is your position that since arrival at California State Prison, Solano (SOL) on February 16, 2006, you have been unjustly subjected to lockdown status. You contend that you were transferred to SOL to improve your mental health and that the lockdown has adversely affected you. You claim you are being deprived of earned privileges.    You contend that the lockdown is unconstitutional, as you have been denied due process. You state that this is not a group appeal.

You request restoration of privileges to all non-involved Southern Hispanic inmates or a transfer to an institution within 100 miles of Fresno, CA

INTERVIEWED BY:    C. Orrick, Correctional Sergeant at the First Level of Review.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3000. Definitions.**
The following are definitions of terms as used in these regulations:
... Lockdown means that a portion of the facility is affected by suspension of required programs or services, and inmates are not released except as determined by the facility administration on an individual, case-by-case basis.    As determined by the facility administration, under such circumstances only critical inmate workers in the affected housing units/sub-facilities will be permitted to attend to work assignments under escort, and all but essential functions are suspended in those affected housing units or sub-facilities, e.g., yard, canteen draws, religious services, and visiting.

**CCR 3270. General Policy.**
... The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.

SEVILLA, T-75543
CASE NO. 06-00584
PAGE 2

**CCR 3274. Inmate Count and Movement.**
.... (c) Lockdown. Facility procedures governing the restriction of inmate movement during a lockdown' shall be established and updated daily during any lockdown.

DISCUSSION:

On March 7, 2006, your appeal was partially granted at the First Level. You were advised that staff conducted a thorough review of your appeal issue. The First Level response concluded that staff has been monitoring the modified program and updating the pertinent Program Status Report, as needed to ensure the safety and security of the institution, staff and inmates. There was no indication that you were singled-out. You were also advised to contact your correctional counselor to request a transfer.

On March 14, 2006, you request Second Level review of the First Level decision. You remain dissatisfied and reiterate the position that you have not been treated fairly by being retained on modified program. You argue that inmates in Administrative Segregation status are receiving more privileges than inmates locked down in general population.

DECISION: The appeal is **partially granted.**

Your request for restoration of privileges for all non-involved Southern Hispanic inmates is **partially granted.** All your unrestricted privileges can not be restored at this time. All security measures are being undertaken to closely monitor the current Facility-II modified program, so as to allow for certain privileges and activities within a controlled setting, until such time as full reintegration is deemed safely possible. Quarterly packages have been restored and inmate canteen privileges were restored for a limited time. It is noted that you have since moved to Facility-I and remain on modified program status. This response will not address issues of a group nature such as stamps, as you have failed to explain how your welfare was adversely affected. Copies of the Program Status Reports are available for your review upon request to your housing unit officer.

Your request for a transfer is **denied**, as this request must be submitted to your assigned counselor via GA-22 *Inmate request For Interview Form.*

You are advised that if dissatisfied with this Second Level response, you may request a Director's Level review of the appeal issue.

ROBERT A. HOREL
Warden (A)

# EXHIBIT COVER PAGE:

Exhibit: __B'__

Description of this exhibit: A ODC-602 ADDENDUM FOR THE
APPEAL NOTED AS EXHIBIT 'A' (CSP-_____-06-8A)
SPECIFIC TO THIS MOTION / ISSUE - _____ II'

Number of pages of this exhibit: __5__ pages

HARASSMENT BY THE CHIEF OF INMATE APPEALS,
AND THAT WHICH EVIDENCES THE CEO CIO'S CON-
TINUED OBSTRUCTION OF THIS ADMINISTRATIVE PROCESS
AND JUSTICE.    ® B/19/06

JURISDICTION: (Check only one)

____ Municipal Court
____ Superior Court
____ Appellate Court
____ State Supreme Court
__✓_ United States District Court
____ United States Circuit Court
____ United States Supreme Court
____ California Department of Corrections; 602 Exhibit
____ Other: _____

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 13, 2006

Sevilla, CDC #T-75543
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Re: See Attached

Dear Mr. Sevilla:

The enclosed documents are being returned to you for the following reasons:

Please see the attached list of your appeals currently being processed at the Director's Level of Review. Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

→ THIS CORRESPONDENCE IS NON-SENSICAL
EXCEPT IN THE CONTEXT OF HARRASSMENT !!!
 8/19/06

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

-Exhausted Appeals Aug 97 to Current

8/13/2006

| LOG NO | COMPLAINT | INST/LOG 1 | L NAME | CDC NO | LOCATI | RECVD DT | CLOSE DT  DISPOSITN |
|---|---|---|---|---|---|---|---|
| 200308746 | Visiting | 04-84 | SEVILLA | T-75643 | WSP | 2/19/2004 | 5/42/2004 Denied |
| 200400065 | Complaints Agains | 04-00243 | SEVILLA | T-75643 | WSP | 7/2/2004 | 9/24/2004 Denied |
| 200403018 | Complaints Agains | 04-800 | SEVILLA | T-75643 | SCC | 9/14/2004 | 12/13/2004 Denied |
| 200403242 | Complaints Agains | 04-765 | SEVILLA | T-75643 | SCC | 8/20/2004 | 12/17/2004 Denied |
| 200405465 | Complaints Agains | 04-828 | SEVILLA | T-75643 | SCC | 11/19/2004 | 2/8/2005 Denied |
| 200406428 | Program | 04-00995 | SEVILLA | T-75643 | SCC | 12/21/2004 | 2/28/2005 Denied |
| 200410693 | Disciplinary | 05-00223 | SEVILLA | T-75643 | SCC | 4/28/2005 | 7/18/2005 Denied |
| 200410694 | Disciplinary | 05-00262 | SEVILLA | T-75643 | SCC | 4/28/2005 | 7/25/2005 Denied |
| 200410665 | Complaints Agains | 05-00156 | SEVILLA | T-75643 | SCC | 5/6/2005 | 7/26/2005 Denied |
| 200500679 | Custody/Classificat | 05-00552 | SEVILLA | T-75643 | CTF | 7/14/2005 | 10/3/2005 Denied |
| 200500950 | Complaints Agains | 05-00116 | SEVILLA | T-75643 | CTF | 7/21/2005 | 10/11/2005 Denied |
| 200504687 | Property | 05-00919 | SEVILLA | T-75643 | CTF | 10/28/2005 | 1/26/2006 Denied |
| 200505001 | Complaints Agains | 05-00818 | SEVILLA | T-75643 | CTF | 11/4/2005 | 2/6/2006 Denied |
| 200505063 | Complaints Agains | 05-00665 | SEVILLA | T-75643 | CTF | 1/30/2006 | 4/25/2006 Denied |
| 200505065 | Complaints Agains | 05-00859 | SEVILLA | T-75643 | CTF | 11/7/2005 | 2/7/2006 Denied |
| 200507877 | Complaints Agains | 05-00752 | SEVILLA | T-75643 | CTF | 1/20/2006 | 4/18/2006 Denied |
| 200509247 | Custody/Classificat | 05-03031 | SEVILLA | T-75643 | SOL | 2/17/2006 | 5/15/2006 Denied |
| 200511245 | Program | 05-00842 | SEVILLA | T-75643 | SOL | 4/5/2006 | 6/8/2006 Denied |
| 200513094 | Mail | 06-00837 | SEVILLA | T-75643 | SOL | 5/11/2006 | 7/26/2006 Denied |
| 200514499 | Legal | 06-01135 | SEVILLA | T-75643 | SOL | 6/5/2006 | 7/14/2006 Cancelled |
| 200514511 | Transfers | 06-00992 | SEVILLA | T-75643 | SOL | 6/5/2006 | 6/5/2006 |
| 200600208 | Program | 06-00584 | SEVILLA | T-75643 | SOL | 7/5/2006 | |
| 200600588 | Medical | 06-01595 | SEVILLA | T-75643 | SOL | 7/19/2006 | |
| 200600820 | Custody/Classificat | 06-01430 | SEVILLA | T-75643 | SOL | 7/21/2006 | |

This is the appeal referred to in this motion at " exhibit - A." These have changed me as of the due process / time constraint by establishing

8/19/06



SACRAMENTO CA 957

15 MAY 2006 PM 2 T

SEGURA, T.
T-71553 / 6-204
CSP-Solano
P.O. Box 4000
Vacaville, CA, 95696

CCR #3141 (L)(3)
CONFIDENTIAL

To: DIRECTOR of CORRECTIONS
P.O. Box 942883
SACRAMENTO, CA. 94283-0001

MAIN CHIEF INMATE APPEALS

CHIEF, INMATE APPEALS / DRB
SACRAMENTO, CA.

RE: APPEAL # CSP-(S-06-00584) @ THE
    3rd LEVEL OF REVIEW

    BECAUSE THE ABOVE - NOTED APPEAL
WAS THOUGHT TO BE LOST BY CSP- SOLANO
STAFF, A REPLACEMENT 'COPY' - WAS SUB-
MITTED TO THE D.R.B., TO BE TREATED
AS AN ORIGINAL, FOR REVIEW. HOWEVER,
THE ATTACHED DOCUMENT WAS NOT IN-
CLUDED IN THE COPY PROVIDED BY CSP-
SOLANO APPEALS, THE ONE I SENT FOR
YOUR REVIEW. PLEASE ATTACH IT TO
THE APPEAL AND AS A PERMANENT
APPEAL ATTACHMENT.

    IN CLOSING, NOTE THAT D.O.M. #
54030.7.1, IS NOT BEING COMPLIED W/
SPECIFIC TO QUARTERLY / SPECIAL PACKAGES
AS THE "90 - DAY" MORATORIUM WAS
LONG SINCE EXPIRED, AS WELL AS CCR #
3050 (a)(2) REGULAR MEALS, AS WE ARE
SERVED THE EVENING MEAL @ 4 P.M.,
AND THE BREAKFAST MEAL @ 8:30 A.M.!

                    Tcl      , T. SEVILLA
                               T-75543

# EXHIBIT COVER PAGE:

Exhibit: __`C`__

Description of this exhibit: CDC- 602 & CSP- C- 06- 01663-

" GRANTED = AFTER WE CAME OFF LOCKDOWN, ONLY FOR
US TO BE PUT BACK ON LOCKDOWN 16 DAYS LATER,

Number of pages of this exhibit: __5__

UNDER MORE EXTREME AND SEVERE CONDITIONS !!!

(C) 6/11/06

JURISDICTION: (Check only one)

____ Municipal Court

____ Superior Court

____ Appellate Court

____ State Supreme Court

__✓__ United States District Court

____ United States Circuit Court

____ United States Supreme Court

____ California Department of Corrections 602 Exhibit

____ Other: _____

TO: M.D. CORIOSO, APPEALS COORD.

FM: I/M SEVILLA, T. (T-75543): 6/204

RE: CLASS-ACTION APPEAL

A CLASS-ACTION APPEAL SUBMITTED
BY: I/M VELASCO, WILLIAM
(F-18049), WHO IS INDEFINATELY
OUT-TO-COURT, WAS SUPPOSED TO
BE RE-ROUTED / RE-ASSIGNED TO ME,
PURSUANT TO: 3084.2 (f)(3), TO
PRESERVE DUE PROCESS AND THE
INTEGRITY OF THE APPEAL — WHY
HAS IT NOT BEEN, AS I AM
#1 ON THE LIST TO RECEIVE IT?

CC: FILE

I/M SEVILLA, T.
T-75593 | 6-204



**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. ___SAP-S___
2. _____

Log No. __06-0165S__  Category __9__

1. _____
2. _____   Fox I

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Velasco William | F18049 | SAP SCH | G-204 |

A. Describe Problem: SOUTHERN HISPANIC INMATES ARE BEING DE-
PRIVED OF YARD EXERCISE ; CANTEEN PRIVILEGE ; UNIT -
ING, AND THE MUTUAL AND REGULAR ISSUANCE OF CLEAR-
LY AND SPECIAL RELEASE PACKAGES IN VIOLATION
OF THE CALIFORNIA CODE OF REGULATIONS ; TITLE 15 -
THE C.D.CR CREATIONS MANUAL, AND IN DEFIANCE
OF FEDERAL CASE LAW ( YARD EXERCISE ) ; CONSTITUTING
AN 8TH AMENDMENT VIOLATION

If you need more space, attach one additional sheet.    ( CONTINUED ON PG. 2 OF 2 )

B. Action Requested: 1.) A MINIMUM OF FIVE (5) HOURS OF YARD
EXERCISE PER WEEK 2.) CANTEEN PRIVILEGE NO LESS
THAN ONCE PER MONTH 3.) PACKAGES ISSUE PURSUANT
TO DEPARTMENTAL POLICY 4.) IMMEDIATE UNITING PRIVILEGE
5.) NS RETRIEVALS

Inmate/Parolee Signature: _Velasco William_    Date Submitted: _8/23/06_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

RECEIVED

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

RECEIVED

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

MAY 2 5 2006

CSP/SOLANO
APPEALS OFFICE

CDC Appeal Number:

_____

level II

First Level    ☑ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _5-25-6_    Due Date: _7-10-6_

Interviewed by: _J.- Cum my on 6-8-06_

_The Southern inmates are on Normal Program - you Receive Every thing other inmates that not on lockdown Status. yard - exercise - Package e visiting_

Staff Signature: _____    Title: _Sgt_    Date Completed: _6/21/06_
Division Head Approved: _____    Title: _Hu (A)_    Returned: _JUL - 3 2006_
Signature: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

CONDITIONS OF CONFINEMENT RELATED TO LOCKDOWN.

FOR A PERIOD OF MORE THAN ONE-HUNDRED AND EIGHTY DAYS (180), SOUTHERN HISPANICS HAVE BEEN TOTALLY DEPRIVED OF YARD EXERCISE IN DOING SO, THE CSP-SOLANO ADMINISTRATION HAS SHOWN A DELIBERATE INDIFFERENCE TO THE SOUTHERN HISPANICS RIGHT NOT TO BE SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT, AS PROTECTED BY THE 8TH AMENDMENT TO THE U.S. CONSTITUTION, AS THIS ELEMENT OF A LOCKDOWN, OR "MODIFIED PROGRAM" AS REFERRED TO CON-VENIENTLY AND SELECTIVELY BY THE ADMINISTRAT-ION, MUST SURVIVE 8TH AMENDMENT SCRUTINY, AS REQUIRED IN: HOPTOWITZ V. RAY (9TH CIR. F. 2d 1237, 1259. MOREOVER, THE 9TH CIRCUIT COURT RULED THAT INSUFFICIENT OUT-OF-CELL OPPORTUNITIES CAN VIOLATE THE CONSTITUTION IN: ALLEN V. SAKAI (9TH CIR. 1994) 40 F.3d 1001. IN ADDITION, THE "CONDITIONS OF CONFINEMENT OF LOCKDOWN/MODIFIED PROGRAM/DISCIPLINARY DETENT-ION INMATE MUST BE THE SAME AS THOSE CON-FINED IN AD-SEG (CCR # 3330 (b); 3004 (a)).

PURSUANT TO C.D.C.R. DEPARTMENTAL POLICY (D.O.M# 54030.7.1), QUARTERLY AND SPECIAL RULES CHANGES SHALL BE ISSUED "WITHIN 15 DAYS" OF RECEIPT BY THE INSTITUTION, AFTER AN OPTIONAL AND MAXIMUM "NINETY (90) DAY" MORATORIUM ALLOWED TO PRISON OFFICIALS. THIS POLICY HAS BEEN BLATANTLY DISREGARDED AND MOREOVER, DIS-CRIMINATION AND INEQUALITY HAS BEEN PERPE-TRATED AS, PACKAGES HAVE BEEN PASSED DIS-

CRIMINATELY TO SINGULAR INMATE(S), IN VIO
LATION OF: CCR # 3004(a), (c). ADDITIONALLY,
IT SHOULD BE NOTED THAT SEVERAL ONE QUAR-
TERLY PACKAGES ARE UNITED STATES MAIL THAT
OF WHICH, SOUTHERN HISPANICS POSSESS THE CIVIL
RIGHT TO SEND AND RECEIVE (CCR # 3130;
P.C. 5058; 2600, 2601 (d)). THE INSTITUTION HAS
SHOWN A DELIBERATE INDIFFERENCE TO THE
SOUTHERN HISPANICS' CIVIL RIGHTS RELATED TO
MAIL.

CANTEEN PRIVILEGE WAS GIVEN TO SOUTHERN
HISPANICS ON 3/24/06, PRESENTED AS GRACE
AND MERCY BY THE ADMINISTRATION YET, CCR #
3330(b), MANDATES THIS PRIVILEGE UNDER THE
CURRENT DISCIPLINARY PROGRAM, AND MOREOVER,
CCR # 3091 (b)(4), MANDATES THAT: "... EACH
INMATE SHALL BE ENTITLED TO NO LESS THAN ONE
DRAW EACH MONTH." PROVING ON 3/24/06 THAT
IT WAS LOGISTICALLY POSSIBLE WITHOUT CREATING A
THREAT TO THE SAFETY AND SECURITY OF THE IN-
STITUTION, THE INSTITUTION HAS SHOWN A DELIBER-
ATE INDIFFERENCE TO THE INMATES' RIGHTS AND
PRIVILEGE, IN ACTING PUNITIVELY BEING ENTRUSTED AUTHORITY.

VISITING PRIVILEGE IS BEING DENIED PUR-
SUANT TO: CCR # 3330(b), TO INMATES UNDERGOING
ADMINISTRATIVE SEGREGATION AND IN VIOLATION OF
CCR # 3004 (a), (c), TO OTHER SOUTHERN HIS-
PANICS WITHIN THE SAME INSTITUTION.
MEDIA CONTACT - A CIVIL RIGHTS COMPLAINT TO THE
EASTERN DISTRICT COURT AND EXTENSIVE CONTACT WITH
GOVERNMENT OFFICIALS WILL BE MADE.

YARD EXERCISE; CANTEEN PRIVILEGE; VISITING, AND PACKAGES (F)

| NAME | CDC # | HOUSE | SIGNATURE |
|------|-------|-------|-----------|
| SEVILLA, T | T-75593 | 6-204 | |
| V. Velasco | F-18049 | 6-204 | Velasco W |
| F. BARRAGAN | K23593 | 6.202 | Barragon |
| J. NAVARRO | F04723 | B 6 202up | |
| F. Samarron | P98636 | B-6 201 | Fernando Samarron |
| R. Perez | U87850 | B6 201 | Raul Perez |
| J. Elias | P-94674 | 4-147 | Juan Elias |
| R. TEJEDA | T-47965 | 5-204 | |
| E. TELLEZ | P-61951 | 5-204 | |
| . CARREJO | T-34078 | 4-117 | Antone Carjo |
| | | | |
| Ramirez | K.50230 | 1-224 | |
| BEAS | T-16205 | 1-243 | |
| MAGAÑA-R | K.81128 | 1-129 | |
| TORRES | T.90554 | 1-207 | |
| Santiago | E-79867 | 4-117 | |
| Banvelee | J-88930 | 4-248 | |
| Kroni | 814158 | 6-125 | |
| Junko | T94513 | 6-133 | Hanks |
| Rojero J. | H49626 | 5-243 | Jul o Rojero |
| VAllez S | H-44917 | 6-105 | Sammy Vilt |
| HUBOARD, O | J94229 | 4-28 | Huall |
| VALANCIA | T46527 | 4-102 | D. Valencia |
| GUEVARA | F19394 | 4-102 | Guevara |

| NAME | CDC # | HOUSE | SIGNATURE |
|------|-------|-------|-----------|
| MIREZ J | F15955 | #6B122 | Jesus Ramirez |
| adilla F. | F18066 | #6B122 | Adian Padilla |
| cido R | P57191 | 6B133 | Ricardoxulen |

✱ Constitutes a Class Action pursuant to the Federal Rules of Court

10.

A REAL MISOCHTEM - 5/29/06

EXHIBIT
SEN. REYERO
SEN. SPEIER
(5)

TO: 1ST LEVEL APPEAL REVIEWER

FM: I/M VELASCO / GROUP APPEAL APPELLANTS'
(F-18049)

RE: ADDITIONAL INFORMATION @ 1ST LEVEL
OF REVIEW PERTINENT TO ISSUE IN
APPEAL # CSP-S-06-01655

RE: PACKAGES: CURRENT SITUATION IS PUNITIVE
AND NOT IN ACCORDANCE WITH DEPARTMENTAL
POLICY. AFTER "90-DAY = MORATORIUM. PACKAGES
MUST BE ISSUED "WITHIN 15 DAYS = OF RECEIPT
@ INSTITUTION, AND A LOCKDOWN SHALL NOT RE-
SULT IN A LOSS OF PACKAGE. PURSUANT TO DOM
# 54030.7.1 ; THIS HAS / IS OCCURRING, AS
INMATE PACKAGES ARE OVERLAPPING, DUE TO THE
INCARCERIBILITY OF STAFF; STAFF PASSING OUT
PACKAGES DISCRIMINATELY (I.C. WHENEVER THEY
FEEL LIKE IT.) ADDITIONALLY, CDC-602'S SUB-
MITTED INDIVIDUALLY BY SOUTHERNERS TO THE
FACILITY I YARD SERGEANT OR TO THE RIR
SERGEANT, ARE NOT BEING RETURNED AND
BASED UPON INFORMATION AND BELIEF - DE-
STROYED; A CRIMINAL ACT. INMATE SEVILLA,
T. (T-75693), AND WITNESSES HE CAN PRO-
DUCE, CAN TRUTHFULLY ATTEST TO THIS PHEN-
OMENON. MOREOVER, WHEN PACKAGES HAVE
BEEN ISSUED, THEY HAVE NOT BEEN ISSUED
IN ACCORDANCE WITH DEPARTMENTAL PRO-
CEDURE / INSTITUTIONAL OPERATIONAL PROCEDURE,

IS THOUGHT ITEMS ARE NOT BEING CHECKED
IN OFF THE SHIPPING INVOICE; COPIES OF THE
INVOICE NOT BEING ISSUED AS INMATES ARE
BEING ORDERED TO DUMP ALL ITEMS INTO THEIR
BAG, WHICH HAS RESULTED IN NON-VERIFIABLE
LOSSES OF PERSONAL PROPERTY.

2E: CLOTHING EXCHANGE / CLOTHING: LOCKDOWN
INMATES ARE BEING DISCRIMINATED AGAINST IN
THIS AREA, AS THERE IS NO CLOTHING EXCH-
ANGE BEING PROVIDED. MOREOVER, NEW ARR-
IVALS ARE BEING ORDERED TO SIGN 'BLANK'
CDC-193 TRUST ACCOUNT WITHDRAWALS - FOR
NEW AND USED STATE-ISSUED CLOTHING. THIS IS
ILLEGAL AND DISRESPECTFUL. AN INMATE CAN-
NOT BE ORDERED TO SURRENDER MONEY OUT OF
HIS INMATE TRUST ACCOUNT, IN THE ABSENCE
OF DUE PROCESS AND BEFORE INTENTIONAL
LOSS OR DESTRUCTION OF STATE PROPERTY HAS BEEN
ESTABLISHED (CCR #3312, ET. SEQ). INMATES ARE
BEING TOLD THAT THEY WILL RECEIVE NO CLOTH-
ING IF THEY DON'T SIGN. THIS IS LITERALLY, THE
RULE OF EXTORTION.

2F: LAW LIBRARY PAGING SERVICE - IN VIOLATION
OF D.O.M #53060; SPECIFICALLY; 53060.13
PAGING STAFF AND S.Q.E'S ARE REFUSING TO
COOPERATE WITH PROTOCOL (i.e. ASSUME RESPONSI-
BILITY FOR AND DELIVER ORDERS). MOREOVER,
LIBRARY STAFF IS UNPROFESSIONAL AND RETURNS
ORDERS 3 TO 4 WEEKS LATER, ON AVERAGE, IN-
STEAD OF THE REQUISITE "THREE (3) DAY = PERIOD.

2G: HYGIENE / CLEANING SUPPLIES; HOUSING STAFF HAS NOT
BEEN PROVIDING ADEQUATE "MEANS = PURSUANT TO
CCR# 3060; FOR EXAMPLE, TWO (2) ROLLS OF TOILET
PAPER PER WEEK PER CELL IS INSUFFICIENT. MOREOVER,
IN VIOLATION OF CCR#3061: 3062; HAIR GROOMING IS NOT
AND PROVIDED. TTL = 42-1963 IN.KIT TB PLAINTIFFS

# EXHIBIT COVER PAGE:

Exhibit: `D`

Description of this exhibit: MY ATTEMPTS TO ~~[illegible]~~ MEN-
TAL HEALTH TREATMENT; 1ST REQUEST ~~[illegible]~~ ON 6/20/06.
ROUNDS ARE NOT CONDUCTED; DUCATS NOT HONORED.

Number of pages of this exhibit: 3 pages

8/14/06

JURISDICTION: (Check only one)

____ Municipal Court

____ Superior Court

____ Appellate Court

____ State Supreme Court

✓ United States District Court

____ United States Circuit Court

____ United States Supreme Court

____ California Department of ~~[illegible]~~

____ Other: _____

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☑ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| VILLA | T-15543 | 6-704 |

| PATIENT SIGNATURE | DATE |
|---|---|
| | 8/10/06 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

1.) Contact w/ Mrs Klineher +

TS

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

EXHIBIT

8-17-06  1140 hours
could not locate psych
for escort.
ClO m(illegible)

* DETACH AND READ REVERSE
  SIDE.              (R) 8/11/06

3rd RE-QUEST

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☑ | DENTAL ☐ | MEDICATION REFILL ☐ |

NAME
SEVILLA, T.

CDC NUMBER
T-55543

HOUSING
6-204

PATIENT SIGNATURE

DATE
8/20/06

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

1.) Contact w/ Mental Health. My citizen's complaint will be forwarded to the Appeals Coordinator re: Deliberate Indifference to my Mental Health needs / Coleman Remedial Plan

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER WILL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

# EXHIBIT COVER PAGE:

Exhibit: ___E'___

Description of this exhibit: MENTAL HEALTH _____ DOC-
UMENTS, INCLUDING, THAT WITHOUT I _____ AS BE
A CONTINUED DIOGNOSIS FOR THE PURPOSE _____ DISCREDIT-

Number of pages of this exhibit: ___5___ pages

ING ME. RELEVANCE: EVIDENCES MY _____ HEALTH
STANDING AND THE DELIBERATE INDI_____ OF
CO. CR. OFFICIALS TOWARD THE NEED FOR TREATMENT.

## JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__✓__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: _____

STATE OF CALIFORNIA
CDC FORM 128C

ENTAL HEALTH PLACEMENT

DEPARTMENT OF CORRECTIONS
MHPCv2.0 [5-1-97]

DATE OF ARRIVAL: Y-2-03

NAME: SeUILLA _____ T. _____ CDC#: T 75 5 43 WSP-RC ☐ HOUSING: A 2 - 2476
(LAST)      (FIRST)     (MI)                    ☐ if RC

THIS INMATE HAS COMPLETED A MENTAL HEALTH EVALUATION WITH THE FOLLOWING RESULTS:

a) ☐   Does Not Meet Criteria for Inclusion in the Mental Health Treatment Population.

b) ☑   Meets Inclusion Criteria for the Mental Health Treatment Population.
         ☑No  ☐Yes  Inclusion is "of Medical Necessity" (Obtain Chief Psychiatrist Signature Below).

c) ☐   Presently included in MHSDS, new LOC below (Check LOC Below).

LOC: ☐Inpatient DMH ☐Crisis Beds (MHCB) ☐Enhanced Outpatient Program (EOP)/Cat J ☑Clinical Case Management (CCCMS)/Cat J

Level of Functioning Assessment (GAF) score: 6 7 _____ Psychotropic Medication Prescribed: ☑Yes ☐No

Behavioral Alerts: _____

TROY NEWTON, PSY.D.   5804
STAFF PSYCHOLOGIST
CLINICIAN'S LAST NAME (PRINT) PHONE/EXT.   CLINICIAN'S SIGNATURE   7/16/03   CHIEF PSYCHIATRIST or DESIGNEE SIG.
                                                                DATE
Original to be placed in Central File within 48 Hrs.; Copies to: CCI & Unit Health Record

State of California, Department of Corrections: N / C / S Region, Service Area = ___, Institution, _____

| TREATMENT PLAN PART TWO: PROBLEM → # | | pg. | Today Date: |
|---|---|---|---|

☐Initial Treatment Plan   ☐Update because _____  ☐Re-justify, _____ weeks

| Prob. # | Describe Problem: | | |
|---|---|---|---|
| | *Manage Thoughts : Mood* *Independent* | Possible Completion | Date 4/1/07 |
| | | Next Review | Date N/A |
| | Target Behavior(s): *Self Sufficient* . | | |
| | Target Objective(s): *Manage Thoughts ; Mood* *Independent* | | |

| Date | Intervention (s) & Staff Assigned. | Frequency and Duration. | Results. |
|---|---|---|---|
| | *Return to GP* *Provide follow-up per Self referral.* | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| MENTAL HEALTH TREATMENT PLANS, UPDATES, REJUSTIFICATION MH 2 [3/29/96] Part One: General, Team, MSE Diagnosis, Problems, Inmate Strengths Part Two: Problem Pages -- Results Use Insert-a-Page of MH 1 Confidential Client/Patient Information. See W & I Code, Section 5328 | LEVEL OF CARE  Inpatient  Outpatient | Last Name:    First Name:    MI: *Sevilla  T.* CDC # 1755543   DOB __/__/__ |
|---|---|---|

State of California, Department of Corrections - Institution: **CTF-SOLEDAD** Prior Page Number: ________

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES: All Staff, Clinicians, Treatment Teams

| DATE AND TIME | Use Name & Title Stamp |
|---|---|
| 12/15/05 | **I.D.T.T. MEETING.** |
| | This inmate was reviewed by the IDTT team on this date. Committee members included |
| | B. Zita, Ph.D. [signature], Ph.D. |
| ROBERT LEVIN, M.D. STAFF PSYCHIATRIST CTF - SOLEDAD | R. Levin, M.D. |
| | T. Verdesoto, CCI [signature] |
| | |
| | By team decision, based on his symptoms and level of functioning, this inmate: |
| | ☐ **NO** Mental Health Services Needed: does not require the Mental health Delivery System and requires no Mental Health services. His current placement is GP. |
| | ☒ **CCCMS Program:** has a major mental illness requiring placement in the CCCMS Program. He is accepted/continued in CCCMS on this date and will have an IDTT annually. |
| | ☐ **EOP:** has a major illness requiring placement in EOP on this date. |
| | ☐ **MHCB:** has a major mental illness requiring placement in the MHCB Program. |
| | ☐ **Medical Necessity:** meets the requirement for Medical Necessity. Current placement is CCCMS and prescribing physician will monitor the inmate. |
| | |
| | |
| | |
| | |
| | **GAF:** 55 **GROUPS:** **REC/NOT REC** (NOT REC circled) |

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE | Last Name: First name: MI: |
|---|---|---|
| MH 3 [3/21/96] | **CCCMS** (circled) | SEVILLA |
| Confidential Client/Patient Information See W & I Code, Section 5328 | | T75543 CDC# DOB: / / |

CTF-1515 (Rev.9-14-04)

State of California, Department of Corrections: N / C / S Region, Service Area = ___, Institution, _____

| TREATMENT PLAN PART TWO: PROBLEM → # _____ pg. _____ | | Today Date: __/__/__ |
|---|---|---|
| ☐Initial Treatment Plan   ☐Update because _____ | | ☐Re-justify, _____ weeks |

| Prob. # | Describe Problem: | Possible Completion | Date |
|---|---|---|---|
| 2 | Depression | Next Review | Date |
| | Thought D/O | | |
| 1 | Target Behavior(s): | | |
| | | | |
| | Target Objective(s): | | |
| | r/o Sx reduced | | |
| | i/p GAF improved | | |

| Date | Intervention (s) & Staff Assigned. | Frequency and Duration. | Results. |
|---|---|---|---|
| 4/5/05 | Medication (e, a) | | |
| | by Psychiatrist | | |
| 14/05 | Group therapy | AS ASSIGNED | |
| | Depression – huginess | | |
| | Intx i/ therapy to | | |
| | reduce PTSD issue | | |
| | w/ Sx clinician | | |
| 3/1/06 | Not on meds | | |
| | CM F/U – clinician – Q 90 days | | |
| ✓ | SMSA/hpp – ref – daily reports | | |

| MENTAL HEALTH TREATMENT PLANS, UPDATES, REJUSTIFICATION MH 2 [3/29/96] Part One: General, Team, MSE Diagnosis, Problems, Inmate Strengths Part Two: Problem Pages -- Results Use Insert-a-Page of MH 1 Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE<br><br>Inpatient<br><br>Outpatient | Last Name:   First Name:   MI:<br><br>Willk, Thomas<br><br>CDC # T-75548  DOB _/_/_ |
|---|---|---|

**Mental Health Treatment Plan Part One:**   Page 2 of 2

IV. DSM IV  Numerical ☐Last MSE __/__/__ ☐Last TP __/__/__  MH 1☐ __/__/__  Last MII 4 ☐ __/__/__

**Axis I**
- 295.70  Schizoaffective D/O - Mixed Feature.
- 309.81  PTSD
- 304.80  Polysubstance Dependence

**Axis II**
- 301.9  Personality Do NOS - Mixed Features

**Axis III**

**Axis IV**   (current)

**Axis V**   GAF = 52   Describe basis.

**V. Problem / Symptom List**

#1  Ruminative Self-Sabotaging Thoughts

#2  Neuropsychological Compromise

#3  Post Traumatic Stress Sequelae

**VI. Inmate's Strength and Weakness, Goals**   Inmate's Treatment Goals, ☐ MH 6 Input
- (S) Intelligence - spirituality -
- (W) Impulsiveness

Treatment Readiness: ☒ Amenable ☐ Motivated ☐ Resistant

**VII. Discharge Plan To:** ☐GP ☒CCCMS ☐EOP   ☐MHCB ☐DMH

**Signature(s)**

MENTAL HEALTH TREATMENT PLANS, UPDATES, REJUSTIFICATION
MH 2 [3/29/96]
Part One: General, Team, MSE
Diagnosis, Problems, Inmate Strengths
Part Two: Problem Pages -- Results
Use Insert-a-Page of MH 1
Confidential Client/Patient Information
See W & I Code, Section 5328

LEVEL OF CARE — Inpatient / Outpatient

Last Name: Sevilla   First Name: Thomas   MI:
CDC # 17 5548   DOB 12/5/03

Proof of Service. Pursuant to Rule 5 of the F.R.Cv.P. and Local
Rule 5-135, each document filed after the court orders service in your case shall be served on
opposing counsel and a proof of service attached to your document filed with the court.

---

IN RE!

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

COLEMAN

(T. SEVILLA - T-75593)
A CLASS - MEMBER

**Plaintiff or Petitioner**

v.

SCHWORZENNEGER

Case Number

**Defendant or Respondent**

**PROOF OF SERVICE**

/

I hereby certify that on __8/21/06__, 20 , I served a copy

of the attached EMERGENCY MOTION FOR INTERVENTION

by placing a copy in the postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at CSP - SOLANO :

**(List Name and Address of Each
Defendant or Attorney Served)**

ATTORNEY GENERAL - CALIFERNIA
1300 'I' STREET
SACRAMENTO, CA. 94244-2550

I declare under penalty of perjury that the foregoing is true and correct

Fernando Samarron M8UC

---

PROOF OF SERVICE