PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
KEITH WATTLEY Bar No.: 203366
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
THOMAS NOLAN Bar No.: 169692
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER REGARDING DEFENDANTS' COMPLIANCE WITH MAY 2, 2006 ORDERS REGARDING INTERIM AND LONG RANGE BED PLANS AND RECEPTION CENTER EOP PROGRAMS** |

1  On April 17, 2006, defendants filed their third bed plan in response to the March 30, 2005 UNA study and this Court's orders to develop appropriate plans to address defendants' ongoing failure to plan for, construct and operate sufficient resources to address the need for higher levels of mental health care for the *Coleman* class.  The April 17, 2006 Bed Plan committed defendants to build $600 million worth of new intermediate and acute inpatient beds during the next five years, and also included plans to address severe mental health crisis bed shortages.  After two days of hearings on April 26 and 27, 2006, the Court conditionally approved defendants' April 17, 2006 plan with a variety of additional required elements.  5/2/06 Order at ¶¶ 1-14.  In a separate order also filed on May 2, 2006, in response to plaintiffs' objections to the Special Master's 15th Monitoring Report, the Court ordered defendants to develop a plan within 60 days to address the needs of enhanced outpatient program inmates in the CDCR's reception centers.  5/2/06 15th Round Report Order at ¶ 2.

In the 2006-07 Budget, the Legislature approved initial funding for the $600 million in bed expansions that this Court had approved in its May 2, 2006 Order.  On June 15, 2006, as required by paragraph 4 of the May 2, 2006 Order, defendants filed an Amended Interim Bed Plan which addressed various short- and medium-term projects to expand MHCB, Acute Inpatient, and Intermediate Inpatient beds while the CDCR constructs the new permanent facilities proposed in the April 17, 2006 Plan.  On June 29, 2006 plaintiffs filed objections to the Revised Interim Bed Plan.  On June 30, 2006, defendants filed what they described as their Amended Long Term Plan.  See 6/30/06 Defendants' Submission of Response to Court Order Requiring Amended Long-Term Bed Plan.  Defendants' June 30, 2006 filing enclosed a copy of a brand new set of bed need data which projected significantly different future bed need in a variety of bed categories.  On July 10, 2006, plaintiffs filed a response objecting to the new bed projections and to the absence of a long-term bed plan.  See 7/10/06 Plaintiffs' Notice of Violations of May 2, 2006 Court Order and Request for Relief and Objections to Defendants' Amended Long-Term Bed Plan and Request for Additional 60 Day Extension.

Defendants did not file a response to plaintiffs' July 10, 2006 objections.  Rather, on July 21, 2006, defendants filed a brief statement indicating that they would respond only if

-1-
NO.: CIV S 90-0520 LKK-JFM[PROPOSED] ORDER REGARDING  DEFENDANTS' COMPLIANCE WITH MAY 2, 2006 ORDERS REGARDING INTERIM AND LONG RANGE BED PLANS AND RECEPTION CENTER EOP PROGRAMS, NO.:  CIV S 90-0520 LKK-JFM

directed to do so by the Court.

On July 31, 2006, defendants filed a plan to create a reception center EOP program. See Defendants' 7/31/06 Submission of Plan for Reception Center/EOP Inmates. Defendants' July 31, 2006 plan calls for funding through the ordinary budget process with an earliest possible potential start date of July 1, 2007.

On September 11, 2006, the Special Master filed his Supplemental Report on Bed Plans. See 9/11/06 Supplemental Report. The Court has reviewed these papers and the evidence submitted by the parties and the Special Master in connection with these pleadings, and the Court finds that the orders below are narrowly tailored, extend no further than necessary to protect federal rights, and constitute the least intrusive means necessary to secure Constitutional mental health care and to reduce avoidable pain, suffering, deaths and suicides that are taking place inside the CDCR on an ongoing basis

Good cause appearing, IT IS HEREBY ORDERED THAT:

1. The program population projection methods in the revised and updated Navigant Study are not accepted unless and until defendants demonstrate compliance with the following conditions and limitations. As recommended by the Special Master, defendants are required to contract with Navigant Consultants to conduct annual population reviews and updates of their projections for mental health program populations through FY 2008-09. In order to enhance the independence of Navigant in administering these updates, the Navigant service contract shall be with the Division of Correctional Health Care Services, not with CDCR's Legal Department. The defendants shall also implement each of the recommendations on page 4 of the Navigant Report for improving data collection and administration of the need estimates. Dr. Warren, one of the Special Master's experts, is hereby assigned to work with the defendants and Navigant to improve the projections and to ensure that all the necessary data is collected to make the projections as accurate as possible. Dr. Warren shall be empowered to recommend changes in the figures and formulas in the bed need projections to the Court in the event that defendants do not agree to her recommendations informally.

2. The Special Master is directed to monitor closely the swap of acute inpatient

1  beds between California Medical Facility and Atascadero State Hospital and the status of
2  delays in the transfer of seriously mentally disordered inmates to mental health crisis beds
3  within 24 hours of clinical referrals and report to the court in writing on these two issues within
4  90 days and semiannually thereafter.

5        3.     Defendants are ordered to submit within 30 days a final long range bed plan for
6  the provision of acute and intermediate inpatient beds, and MHCB beds, for all seriously
7  mentally ill male and female CDCR inmates clinically determined to be in need of those levels
8  of care.  The plan may not include any reduction in the number of intermediate inpatient care
9  or acute inpatient care beds initially proposed in the April 17, 2006 bed plan.  In addition, the
10  plan must include a realistic plan to expedite construction of all of the projects so that they will
11  be completed by June 30, 2010.  The plan shall also include a process for regular updates of
12  bed need projections, and ongoing  planning for new mental health beds based on the revised
13  projections.  If defendants' projections for acute inpatient beds continue to demonstrate a lack
14  of demand for additional acute beds in twelve months, once the parties and the Court experts
15  have thoroughly reviewed the projections and corrected any shortcomings, defendants may
16  present a plan to convert the acute beds to other clinical uses.  When defendants submit their
17  long-term plan for acute and intermediate and MHCB beds in the next 30 days, defendants are
18  reminded that they must comply with paragraph 3 of this Court's May 2, 2006 Order, which
19  required that they must include with their amended long term plan, "a list of those projects that
20  can be accelerated as well as a list of any statutory, licensing, or staffing barriers to such
21  acceleration and/or to timely opening of the projects described in the amended long term plan."
22  See 5/2/06 Order at ¶ 3.

23        4.     Defendants are ordered to file within 60 days a plan for the provision of
24  enhanced outpatient program beds for all serious mentally ill male and female CDCR inmates
25  clinically determined to be in need of this level of care.  The plan must meet the anticipated
26  demand for EOP beds in the program population projections in the Navigant study.
27  Defendants may not close the 67 bed EOP program in the M-3 Wing at CMF.  Defendants'
28  plan for new EOP beds must include a realistic timetable, budget planning, and resource

allocations to eliminate the EOP bed shortfall by June 30, 2008.

5. Defendants are ordered to accelerate implementation of their plan for new EOP treatment programs in their Reception Centers so that the programs open on or before January 1, 2007. Defendants are also ordered to amend their proposal for expanded EOP treatment in reception centers to include full treatment programs for EOP inmates at Lancaster and Deuel Vocational Institute, and at a reception center for women.

6. Defendants are ordered to build the new 50-bed mental health crisis bed unit at the California Men's Colony that is proposed in their June 15, 2006 Revised Interim Bed Plan. Defendants shall file within 60 days a realistic plan and schedule for construction of the new MHCB that will result in completion of the new MHCB unit by June 30, 2010. The plan shall also include establishment on or before June 30, 2007, of an additional 33 interim MHCB beds to close the gap in MHCB beds identified by Dr. Farber-Szekrenyi in his testimony to this Court on April 26-27, 2006. That plan must also address the removal of long-term medical patients from Correctional Treatment Center Beds that then can be used as MHCB beds.

7. Defendants' Plans for a 40-bed interim intermediate inpatient care program bed expansions in the D-5 and D-6 units at SVSP is hereby approved, as is defendants' plan to create an additional 30 interim intermediate inpatient care beds in the P-3 Wing at CMF.

8. The Special Master is hereby directed to monitor the new intermediate care programs at CMF (on P-2, A-2 and A-3), Salinas Valley State Prison (on D-5 and D-6), Coalinga State Hospital, and the program expansion at ASH during the next six months, and to make a report to the court by March 30, 2007 concerning the progress, safety, and quality of care in these new programs, along with any recommendations for changes to these programs to improve safety and/or patient care.

9. The defendants are ordered to file a response, within 14 days, to Plaintiffs' Notice of Violations of May 2, 2006 Court Order, dated July 10, 2006.

Dated: _____      _____
                                    Honorable Lawrence K. Karlton