IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

      Plaintiffs,                  No. CIV S-90-0520 LKK JFM P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.              <u>ORDER</u>

         This matter came on for hearing on August 17, 2006 on plaintiffs' motion for leave to conduct discovery and for production of copies of tour binders and documents, and for discovery conference pursuant to Fed. R. Civ. P. 26(f). Michael Bien, Esq. and Jane Kahn, Esq. appeared as counsel for plaintiffs. Deputy Attorney General Lisa Tillman appeared as counsel for defendants.

         By their motion, plaintiffs seek leave of court to conduct discovery in connection with final approval of disputed provisions of defendants' Revised Program Guide and production of a copy of all tour binders provided to the Special Master and his monitors during compliance tours at prison facilities.[1] Defendants oppose plaintiffs' motion.

---

[1] The first issue implicates the discovery conference set before this court by the district court in an order filed May 25, 2006.

1

By order filed September 13, 1995, the district court adopted this court's findings and recommendations finding that defendants were violating the Eighth Amendment in their delivery of mental health care to seriously mentally ill inmates in the California Department of Corrections.[2]  See Coleman v. Wilson, 912 F.Supp. 1282 (E.D. Cal. 1995).  Thereafter, the matter was referred to a special master for development of remedial plans and monitoring of defendants' compliance therewith.  In 1997, the district court provisionally approved remedial plans for the delivery of mental health care to seriously mentally ill inmates in the CDCR and for the past nine years the special master and his team of experts and monitors have been monitoring defendants' compliance with those provisionally approved plans, and, in the last four years, working on updating those plans for final approval by the district court.  (See Special Master's Report and Recommendation on Defendants' Revised Program Guide, filed September 3, 2006, at 2.)

On February 3, 2006, the special master filed a report and recommendation tendering to the district court a Revised Program Guide.  In his report, the special master represented that he and the parties had agreed to "95 percent" of the Revised Program Guide and were therefore seeking final approval by the district court of that much of the revised Program Guide.  (Id. at 4.)  As to the other five percent, the special master recommended initiation of a process by which those issues could be heard and resolved by the court.  (Id. at 4, 11.)

On February 17, 2006, plaintiffs filed objections to the special master's report, detailing from their perspective the outstanding issues remaining for resolution.  By order filed March 3, 2006, the district court approved the undisputed parts of the Revised Program Guide and ordered their immediate implementation.  The district court also set a status conference for April 26, 2006 to "determine an appropriate procedure for hearing plaintiffs' objections and scheduling these remaining issues for resolution." (Order filed March 3, 2006, at 2.)  Following

---

[2] The California Department of Corrections is now known as the California Department of Corrections and Rehabilitation and will be referred to in this order as the CDCR.

a representation by the parties that they would "attempt to narrow the issues for discovery in advance of setting a schedule for resolution of issues remaining with respect to the Revised Program Guides," the district court set a further status conference for May 17, 2006. (Order filed May 2, 2006.)

The district court's order after the May 17, 2006 status conference contains three provisions relevant to the matters at bar: (1) it set the instant discovery conference and required the parties to file discovery conference statements; (2) it granted the parties additional time to negotiate disputed issues as to those parts of the Revised Program Guide that had not yet received final approval; and (3) it set out a procedure for tendering disputed issues to the court for resolution. In that regard, the order provides:

> At such time as any party determines that a disputed issue is ripe for resolution by the court, said party shall file a formal objection raising the issue. As appropriate, the party shall designate with the objection an expert witness to provide evidence relevant to resolution of the objections. The special master and the opposing party are granted a period of fifteen days after the filing of a formal objection to designate, as appropriate, one expert witness each. Whether the parties shall conduct depositions of any experts so designated and, if so, the schedule for conducting such depositions, shall be addressed at the discovery conference set . . . in this order. At the same time, the parties shall also address the schedule for filing a request for hearing on any objection filed by the parties pursuant to the provisions of this order.

(Order filed May 25, 2006, at 2.)

The parties frame the first part of plaintiffs' motion as whether plaintiffs are entitled to any discovery at all at this stage of these proceedings. So framed, the answer is perhaps but not yet. The district court's order contemplates the filing of a formal objection as the manner by which the parties will tender to the court a particular disputed issue for resolution. Unless and until an objection is filed, there is no factual or legal context in which the court can properly evaluate whether particular discovery is appropriate. Under the circumstances of this case, the court finds it inappropriate to reopen discovery except, perhaps, in a specific factual and legal context. For this reason, the first part of plaintiffs' motion will be denied without prejudice.

3

As noted above, plaintiffs also seek production of tour binders provided by prison officials to the special master and his monitors, at their request, during monitoring tours of CDCR prisons.  Plaintiffs are provided with these tour binders several times a year during the monitoring tours attended by counsel.  After review of the papers filed in support of and opposition to the motion, this court finds production of tour binders other than those plaintiffs are already receiving unwarranted at this time.  Accordingly, this part of plaintiffs' motion will also be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that plaintiffs' July 13, 2006 motion for leave to conduct discovery and for production of tour binders is denied without prejudice.

DATED: September 28, 2006.

UNITED STATES MAGISTRATE JUDGE

12
coleman.disc