PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & ASARO, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
LORI RIFKIN Bar No.: 244081
155 Montgomery Street, 8th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF FILING SEALED DOCUMENTS** |

To the defendants and their attorneys of record, PLEASE TAKE NOTICE, that plaintiffs are filing the following documents under seal: Declaration of Lori Rifkin, with Exhibits A-C, In Support Of Plaintiffs' Objections to Defendants' Plan to Address Suicide Trends in Administrative Segregation Units. These documents are being filed under seal pursuant to the District Court's July 29, 1992 Protective Order because the Exhibits contain confidential information identifying inmates. A copy of the Court's July 29, 1992 Order is attached hereto. A copy of this Notice shall accompany the hard copy of documents to be filed under seal.

Dated: October 31, 2006                                Respectfully submitted,


                                                       */s/ Lori Rifkin*
                                                       Lori Rifkin
                                                       Rosen, Bien & Asaro
                                                       Attorneys for Plaintiffs

1  OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
   DANIEL E. LUNGREN, Attorney General
2  of the State of California
   DENNIS ECKHART
3  Supervising Deputy Attorney General
   1515 K Street, Suite 511
4  Sacramento, California   95814
   (916) 323-8987
5
   Attorneys for the State of California Department
6    of Health Services

7  HELLER, EHRMAN, WHITE & MCAULIFFE
   RICHARD L. GOFF
8  AMELIA A. CRAIG
   INGRID S. LEVERETT
9  STEPHANIE M. HINDS
   333 Bush Street
10 San Francisco, California  94104-2878
   (415) 772-6000
11
   Attorneys for Plaintiffs

**FILED**

JUL 29 1992

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,                  ) No. CIV S 90-0520 LKK-JFM
                                )
         Plaintiff,             ) STIPULATED PROTECTIVE ORDER
                                ) BETWEEN PLAINTIFFS AND THE
    v.                          ) STATE OF CALIFORNIA DEPARTMENT
                                ) OF HEALTH SERVICES RE
PETE WILSON, et al.,            ) CONFIDENTIALITY OF PATIENT AND
                                ) INMATE RECORDS
         Defendants             )
                                )
_____)

        IT IS ORDERED that the following provisions shall apply

to all State of California Department of Health Services' records

which identify any patient or inmate and which are obtained in

this action by counsel for plaintiffs:

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS

1.     1.    This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

    2.    All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred as to "confidential material."

    3.    The confidential material may be disclosed only to the following persons:

        a.    Counsel of record for plaintiffs in this action;

        b.    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for plaintiffs;

        c.    Court personnel and stenographic reporters engaged in such proceedings as are incidental to preparation for the trial in this action.

        d.    Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

        e.    Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to by bound by the terms of this Order.

    4.    Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and

agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Order, including, without, limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this litigation, or until otherwise ordered by the Court. A copy of each such agreement will be furnished to counsel for DHS, upon order of the court.

5. At the conclusion of the trial and any appeal, or upon other termination of this litigation, all confidential materials obtained by counsel for plaintiffs, and all copies of such material, in possession of counsel for plaintiffs shall returned to counsel for DHS.

6. All confidential material obtained by counsel for plaintiffs shall be used solely in connection with this litigation, or related appellate proceeding, and not for any other purpose, including any other litigation.

7. Any documents filed with the court that reveal confidential material shall be filed under seal, labeled with cover sheet bearing the case name and number and the statement: "This document is subject to a protective order issued by the court and may not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the court or counsel. Upon failure to the filing party to so

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS           -3-

1  file a document under seal, any party may request that the Court
2  place the filing under seal.
3       8.  Nothing in this Order shall preclude a party from
4  showing or disclosing to any person not listed in paragraph 3 of
5  this Order, deposition transcripts, pleadings or briefs
6  containing confidential material if the document containing such
7  material has been masked or deleted so that no disclosure of
8  confidential material occurs.
9       9.  With the exception of documents contained in the
10 confidential portions of patients' or inmates' central files, all
11 documents produced under this Protective Order may be reviewed in
12 a complete and unredacted form.  The location of the file review
13 shall be determined on a case-by-case basis.  After such review,
14 plaintiffs' attorneys may request copies of those documents they
15 find relevant to their conduct of this litigation.
16      10. DHS may review the documents in the confidential
17 portions of patients' or inmates' central files, and may review
18 the other confidential material produced for initial review in
19 complete and unredacted form, for the purpose of determining if
20 there is any information which DHS contends should not further be
21 disclosed because to do so would endanger the safety and security
22 of an institution, or of any persons, including present or former
23 patients, inmates or staff.  If DHS determines that there are any
24 documents containing such information, DHS may redact such
25 information prior to providing copies to plaintiffs' attorneys of
26 the remaining portions of the documents and shall properly notify
27 plaintiffs' attorneys of the nature of the redacted information.
28 If in the judgment of plaintiffs' attorneys, such information as

has been redacted is necessary for the conduct of this litigation, such documents will be expeditiously presented to the court for *in camera* review to determine whether and to what extent they must be produced. Insofar as the court determines that any such information is subject to exclusion from production, the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the information to any person for any purpose.

11. Attorneys for plaintiffs and their legal assistants and consultants shall not make copies of the confidential material obtained by them except as necessary for purposes of this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom they have afforded access to confidential material. Upon order of the court, DHS may inspect the record.

12. Each person who has been afforded access to confidential material shall not disclose or discuss the confidential material, including the identification, the location, or mental health status of a patient or inmate, to or with any person except as is necessary to this case, and then only in accordance with paragraph 3 and 4 of this Order.

13. Confidential material respecting one patient or inmate shall not be disclosed to or discussed with any other patient or inmate or former patient or inmate.

14. Plaintiffs' counsel shall consult with a mental health professional to determine the necessity of having a mental health professional present at a file review conducted in the presence of a patient.

15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the court so orders.

16. The foregoing provisions of this Order with the exception of paragraph 7 do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to the right of any party: (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order

or for any order permitting disclosure of confidential material beyond the terms of this Order.

18. The provisions of this Order shall remain in full force and effect until further order of this Court.

DATED: June 11, 1992
STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

_____

Attorney for the State of California
Department of Health Services


DATED: June 8, 1992
HELLER, EHRMAN, WHITE & McAULIFFE

_____
INGRID S. LEVERETT
Attorney for Plaintiffs


IT IS SO ORDERED.
DATED: July 28, 1992

_____
UNITED STATE MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                    -7-