# Exhibit E

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER – 83925<br>SARA NORMAN – 189536<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM McCUTCHEN, LLP<br>WARREN E. GEORGE – 53588<br>FRANK B. KENNAMER – 157844<br>Three Embarcadero Center<br>San Francisco, California 94111-4066<br>Telephone: (415) 393-2000 |
| DISABILITY RIGHTS EDUCATION &<br>DEFENSE FUND, INC.<br>LINDA KILB -- 136101<br>2212 6th Street<br>Berkeley, California 94710<br>Telephone: (510) 644-2555 | ROSEN, BIEN & ASARO, LLP<br>MICHAEL W. BIEN – 096891<br>GAY C. GRUNFELD – 121944<br>Anne Mania - 217866<br>155 Montgomery Street, 8th Floor<br>San Francisco, California 94104<br>Telephone (415) 433-6830 |
| JONES DAY<br>CAROLINE N. MITCHELL - 143124<br>555 California Street, 25th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-5712 | LAW OFFICES OF ELAINE B. FEINGOLD<br>ELAINE B. FEINGOLD – 99226<br>1524 Scenic Avenue<br>Berkeley, California 94708<br>Telephone: (510) 848-8125 |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. C 94-2307 CW<br><br>**DECLARATION OF DONALD SPECTER IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO ENJOIN DEFENDANTS' ILLEGAL TRANSFERS** |

I, Donald Specter, hereby declare:

1. I am an attorney admitted to the Bar of this Court and one of the co-counsel for plaintiffs in the above-referenced case.

2. In late September of this year, I received a telephone call from Jim Tilton, the

DECL. OF DONALD SPECTER IN SUPPORT OF
PLAINTIFFS' MTN FOR TRO AND PI TO ENJOIN
ILLEGAL TRANSFERS, Case No. C-94-2307 CW

Secretary of the California Department of Corrections and Rehabilitation (CDCR). Mr. Tilton informed me that the Governor had decided to contract with out-of-state correctional facilities to house California prisoners due to the overcrowding crisis in California's prisons. I told Mr. Tilton that I believed that some of my clients in this and other cases would welcome the opportunity to transfer to an out-of-state facility and that I would work with him on the implementation of a voluntary transfer program that met all the legal requirements.

3. After that telephone call, I received a request from the Scott Kernan, a CDCR official in charge of the program, to participate in a meeting to discuss concerns we had about the transfers to out-of-state facilities. I agreed to participate in that meeting, and a meeting was held on October 3rd at the CDCR headquarters. Present besides attorneys representing defendants were the Undersecretary Bud Prunty, Mr. Kernan and several other officials. At that meeting, I informed the defendants of our position that the transfer of prisoners violated the Injunction in this case as well as the ADA because they were discriminating against prisoners with disabilities. I offered to work with them to develop a protocol so that qualified prisoners with disabilities could participate in this program. I was asked to send them a list of objections and concerns about the program, which I did shortly thereafter. I did not receive a response to this document.

4. On or about October 13, 2006, I received a copy of a letter that Bruce Slavin, Chief Counsel for the CDCR, sent to Michael Keating about the out-of-state transfer process. A true and accurate copy of that letter is attached hereto as Exhibit A. Because Mr. Slavin was not in his office that day I immediately contacted Kathy Keeshan, Chief Deputy General Counsel for the CDCR and informed her of my concerns that their process for determining which prisoners would be sent to out-of-state facilities violated the ADA's prohibition against discrimination of disabled individuals. Ms. Keeshan stated that she understood my concerns and promised to have someone get back to me. No one responded.

5. On October 20, 2006, I met with Jim Tilton and Bruce Slavin about the out-

2

DECL. OF DONALD SPECTER IN SUPPORT OF PLAINTIFFS' MTN FOR TRO AND PI TO ENJOIN ILLEGAL TRANSFERS, Case No. C-94-2307 CW

of-state transfer process and I again informed them of what I perceived to be the legal problems with their process. I also explained that I had not received any response to these concerns. Mr. Tilton promised that he would have someone respond, but there was no response.

6. On Monday October 23, 2006, I sent an email to Bruce Slavin stating that the contracts between the out-of-state providers and the State of California violated the Injunction in this case and requested resolution of the issue by the end of that week. I received an email response on Thursday October 26, inviting me to a meeting to discuss this and other issues surrounding the transfer process. That meeting was scheduled by the CDCR for tomorrow at noon, a few short hours before the transfers were to begin.

7. In the afternoon of November 1, 2006, I learned from a third party that prisoners were going to be sent to an out-of-state facility in Tennessee on Friday November 3. I contacted Bruce Slavin and asked whether this was true. Mr. Slavin confirmed that about 80 prisoners were going to be sent to Tennessee on Friday and that none of these prisoners would have disabilities. He also said that prisoners with disabilities would be sent at a later date. I informed Mr. Slavin that we were going to consider filing for a Temporary Restraining Order. I later confirmed that intention in an email on the same date.

8. Attached hereto as Exhibit B is a true and accurate copy of a contract between the State of California and the Corrections Corporation of America to house California prisoners at out-of-state facilities.

9. Attached hereto as Exhibit C is a true and accurate copy of a contract between the State of California and the GEO Corporation to house California prisoners at out-of-state facilities.

10. Attached hereto as Exhibit D is a is a true and accurate copy of a Fact Sheet and Briefing Memo that was distributed by the CDCR to explain the out-of-state transfer program.

11. Attached hereto as Exhibit E is a true and accurate copy of the Permanent Injunction entered in this case on March 21, 2001.

12. Attached hereto as Exhibit F is a true and accurate copy of the Armstrong Remedial Plan.

13. Attached hereto as Exhibit G is a true and accurate copy of the Prison Overcrowding State of Emergency Proclamation issued on October 4, 2006.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 1, 2006 at San Rafael, California.

DONALD SPECTER