BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205

Attorneys for Defendants
CF1997CS0003

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | CASE NO. CIV S-90-0520 LKK JFM P<br><br>**[PROPOSED] ORDER**<br><br>Hearing:  November 3, 2006<br>Time:  8:30 a.m.<br>Courtroom:  Four<br>Judge:  The Honorable<br>  Lawrence K. Karlton |

On November 3, 2006, Plaintiffs' motion for a temporary restraining order to enjoin the scheduled out-of-state transfer on November 3, 2006 of 80 inmates confined to California Department of Corrections and Rehabilitation (CDCR) came on regularly for hearing before Judge Karlton. Michael Bien, Esq. of Rosen, Bien and Asaro and Don Specter, Esq. of the Prison Law Office appeared on behalf of the Plaintiffs. Deputy Attorney General Lisa Tillman appeared on behalf of Defendants.

Upon review of the submitted pleadings and argument offered by counsel, it is hereby ordered:

[PROPOSED] ORDER

1

1. Plaintiffs' motion for a temporary restraining order to enjoin the scheduled transfer of 80 CDCR inmates on November 3, 2006 is denied.

2. Defendants are to place an appropriately-credentialed clinician employed by CDCR on the scheduled flight to travel with the 80 inmates on November 3, 2006 to the out-of-state facility.

3. Defendants are to have a CDCR mental health clinician conduct an additional screening of each inmate upon their arrival at the out-of-state facility in accord with the criteria stated in Special Master Keating's letter of November 1, 2006 (attached herein as Exhibit 1). The CDCR clinician is to be licensed by the State of California. Should the State of Tennessee not provide reciprocity for the California-issued licenses of these clinicians, this Court hereby abrogates the State licensing requirements in regards this mandated screening of these 80 inmates by these clinicians.

4. Should the additional screening reveal any of the 80 inmates has a serious mental disorder or is otherwise not qualified to be transferred to this out-of-state facility, Defendants are to ensure the inmate is immediately returned to the State of California when clinically safe to do so.

5. Given this order requires exigent screening of these inmates, this Court directs that the CDCR clinicians who travel to this out-of-state site and perform the screening are to be provided monetary compensation, including overtime, and are not to be paid in the form of non-monetary compensation, such as compensatory time off.

6. The parties are ordered to return to this Court on Thursday, November 9, 2006, at 8:30 a.m., with Defendants to report to the Court on outstanding issues, including Plaintiffs' request for additional clinical staffing of certain areas (such as administrative segregation-like units) of this out-of-state facility to provide mental health care to CDCR inmates.

//
//
//
//

[PROPOSED] ORDER

2

7. No other CDCR inmates are to be transferred to an out-of-state facility unless the screenings indicated in Special Master Keating's letter of November 1, 2006 are conducted in the State of California prior to transfer.

Dated: November 3, 2006   By: _____
The Honorable Lawrence K. Karlton
United States District Court Judge

30184652.wpd