1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>     Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' [PROPOSED] ORDER**<br><br>Hearing:    November 3, 2006<br>Time:       8:30 a.m.<br>Courtroom:  Four<br>Judge:      The Honorable<br>            Lawrence K. Karlton |

1   On November 3, 2006, Plaintiffs' motion for a temporary restraining order to enjoin the scheduled out-of-state transfer on November 3, 2006 of 80 inmates confined to California Department of Corrections and Rehabilitation (CDCR) came on regularly for hearing before Judge Karlton. Michael Bien, Esq. of Rosen, Bien and Asaro and Don Specter, Esq. of the Prison Law Office appeared on behalf of the Plaintiffs. Deputy Attorney General Lisa Tillman appeared on behalf of Defendants.

Upon review of the submitted pleadings and argument offered by counsel, it is hereby ordered:

1.  Plaintiffs' motion for a temporary restraining order to enjoin the scheduled transfer of 80 CDCR inmates on November 3, 2006 is denied.

2.  Defendants are to place an appropriately-credentialed mental health clinician employed by CDCR on the scheduled flight to travel with the 80 inmates on November 3, 2006 to the out-of-state facility.

3.  Defendants are to have a CDCR mental health clinician conduct an additional screening of each inmate upon their arrival at the out-of-state facility in accord with the criteria stated in Special Master Keating's letter of November 1, 2006 (attached herein as Exhibit 1). As recommended by Mr. Keating, defendants shall also perform a medical and central file review for each of the transferred inmates to determine mental health history and suicide attempt history. Should the additional screening and file review reveal any of the 80 inmates has a history of a serious mental disorder or suicidality or is otherwise not qualified to be transferred to this out-of-state facility, Defendants are to ensure the inmate receives appropriate psychiatric care, and, if necessary, is promptly returned to the State of California when clinically safe to do so. Defendants shall report the results of this additional screening to Special Master Keating and plaintiffs' counsel by Tuesday, November 7, 2006.

4.  The parties are ordered to return to this Court on Thursday, November 9, 2006, at 8:30 a.m., with Defendants to report to the Court on outstanding issues, including Plaintiffs' request for additional clinical staffing of certain areas (such as administrative segregation-like

1  units) of this out-of-state facility to provide mental health care to CDCR inmates and that
2  appropriate policies and procedures are in place.

3        5.      No other CDCR inmates are to be transferred to an out-of-state facility unless the
4  full screenings, file reviews and exclusionary criteria indicated in Special Master Keating's
5  letter of November 1, 2006 are applied, and the adequacy of contracts for mental health
6  staffing, policies and procedures at the receiving institutions are demonstrated.  Defendants
7  shall work with the Special Master and plaintiffs' counsel to develop appropriate policies,
8  procedures, contract language and criteria for future prisoner transfers to out-of-state facilities.

Dated:  November 6, 2006

The Honorable Lawrence K. Karlton
United States District Court Judge