IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                 No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.        <u>ORDER</u>

        /

        On November 3, 2006, plaintiffs' motion for a temporary restraining order to enjoin the scheduled out-of-state transfer on November 3, 2006 of 80 inmates confined to California Department of Rehabilitation and Corrections (CDCR) came on regularly for hearing. Michael Bien, Esq. and Donald Specter, Esq., appeared as counsel for plaintiffs. Lisa Tillman, Deputy Attorney General, appeared as counsel for defendants.

        At the conclusion of the hearing, the court ruled from the bench and directed counsel for defendants to prepare a proposed written order. Both parties have tendered proposed orders and each has been considered by the court. At the further hearing set in this order, the parties may raise for discussion and further consideration any issue raised in either of the proposed orders that is not specifically resolved by this order.

/////

1

Upon review of the submitted pleadings and arguments offered by counsel, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for a temporary restraining order to enjoin the scheduled transfer of 80 CDCR inmates on November 3, 2006 is denied.

2. Defendants are to place an appropriately-credentialed mental health clinician employed by CDCR on the scheduled flight to travel with the 80 inmates on November 3, 2006 to the out-of-state facility.

3. Defendants are to have a CDCR mental health clinician conduct an additional screening of each inmates upon their arrival at the out-of-state facility in accord with the criteria stated in Special Master Keating's letter of November 1, 2006 (attached herein as Exhibit 1). The CDCR clinician is to be licensed by the State of California. Should the State of Tennessee not provide reciprocity for the California-issued licenses of these clinicians, this court hereby abrogates the State licensing requirements in regards this mandated screening of these 80 inmates by these clinicians.

4. Should the additional screening reveal any of the 80 inmates is not, under the criteria set forth by Special Master Keating, qualified to be transferred to this out-of-state facility, defendants are to ensure the inmate is immediately returned to the State of California when clinically safe to do so.

5. No other CDCR inmates are to be transferred to an out-of-state facility unless the screenings indicated in Special Master Keating's letter of November 1, 2006 are conducted in the State of California prior to transfer and the criteria for transfer indicated therein applied.

6. This matter is set for further hearing on Thursday, November 9, 2006, at 8:30 a.m. At the hearing, defendants shall report to the court on outstanding issues, including plaintiffs' request for additional clinical staffing of certain areas (such as administrative segregation-like units) of this out-of–state facility to provide mental health care to CDCR

/////

inmates, and the status of implementation of applicable provisions of the Revised Program Guide.

       7.  At the further hearing, the parties shall also be prepared to discuss whether Special Master Keating or his designee should be directed to visit one or more of the out-of-state facilities with which CDCR has contracted and to report to the court on the adequacy of mental health care in those facilities.

DATED:  November 6, 2006.

                                   LAWRENCE K. KARLTON
                                   SENIOR JUDGE
                                   UNITED STATES DISTRICT COURT