1  THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
2  CLAUDIA CENTER Bar No.: 158255
   LEWIS BOSSING Bar No.: 227492
3  600 Harrison St., Suite 120
   San Francisco, CA  94107
4  Telephone:  (415) 864-8848

5  ROSEN BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 96891
6  AMY WHELAN Bar No.: 215675
   315 Montgomery Street, 10th Floor
7  San Francisco, CA  94104
   Telephone:  (415) 433-6830

8

9  Attorneys for Plaintiffs-Intervenors

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12  RALPH COLEMAN,                          No.: Civ S 90-0520 LKK-JFM

13          Plaintiffs,

14  vs.                                     **MEMORANDUM OF POINTS
                                            AND AUTHORITIES IN SUPPORT
15  ARNOLD SCHWARZENEGGER, et al.,          OF PLAINTIFFS' MOTION FOR
                                            PERMISSIVE INTERVENTION
16          Defendants                      AND FOR MODIFICATION OF
                                            PROTECTIVE ORDER**

17                                          **HEARING**

18                                          Date:   December 14, 2006
19                                          Time:   11:00 a.m.
                                            Place:  Courtroom 25, 8th Floor
20

21                                          The Honorable John F. Moulds

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

    I.      INTRODUCTION .......................................................................................... 1

    II.     BACKGROUND ............................................................................................ 1

         A.    *Hecker* And *Coleman* .................................................................. 1

         B.    The *Hecker* Plaintiffs' Attempt To Modify The Protective Order And Why Modification Is Necessary ................................. 3

    III.    ARGUMENT .................................................................................................. 4

         A.    The *Hecker* Plaintiffs' Motion To Intervene And To Modify The Protective Order Is Grounded On Common Questions Of Law And Fact ................................. 4

         B.    Allowing The *Hecker* Plaintiffs To Intervene And Modify The Protective Order Will Not Cause Undue Delay Or Prejudice ...... 5

    IV.    CONCLUSION .............................................................................................. 7

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3      Plaintiffs in *Hecker et al. v. Schwarzenegger et al.*, Case No. 2:05-cv-02441 LKK-

4  JFM (E.D. Cal.) (the "*Hecker* Plaintiffs") seek to intervene in this case for the limited

5  purpose of modifying the Protective Order entered in *Coleman* on July 29, 1992 and

6  modified on July 28, 1995 and February 10, 1998. *See* July 29, 1992 Protective Order,

7  attached as Exhibit A to the Declaration of Michael W. Bien ("Bien Decl."). The proposed

8  modification would give the *Hecker* plaintiffs access to discovery in *Coleman* under the

9  terms applicable to the parties in *Coleman*. *See* [Proposed] Order Granting Permissive

10 Intervention and Modifying Protective Order and the Alternative [Proposed] Order Granting

11 Permissive Intervention and Modifying Protective Order (both filed herewith).

12 **II.   BACKGROUND**

13      **A.    *Hecker* And *Coleman***

14      *Hecker* is a putative class action filed December 1, 2005, on behalf of inmates with

15 mental illness against California state prison authorities for violations of the Americans with

16 Disabilities Act, 42 U.S.C. § 12102(2) ("ADA"), and Section 504 of the Rehabilitation Act

17 of 1973, 29 U.S.C. § 706(8) ("Rehab Act"). The *Hecker* defendants are state officials sued

18 in their official capacities, responsible for the California Department of Corrections and

19 Rehabilitation ("CDCR"), the state agency that runs California's prison system[1].  *See* Bien

20 Decl., ¶ 6.

21      As this Court is aware, *Coleman* is a class action against the Governor and other state

22 officials filed on behalf of all CDCR inmates with serious mental illness, in which the Court

23  _____

24 [1]   Those individuals are Arnold Schwarzenegger, Governor of the State of California,
   James E. Tilton, Secretary (Acting) of CDCR, Jeanne S. Woodford, Undersecretary of
   CDCR, John Dovey, Director of the Division of Adult Institutions, Dr. Peter Farber-

25 Szekrenyi,  Director of the Division of Correctional Health Care Services, Martin Veal,
   Warden (Acting) of the California Medical Facility, Benjamin Curry, Warden (Acting) of

26 the Correctional Training Facility, Robert J. Hernandez, Warden of the Richard J. Donovan
   Correctional Facility, R.K. Wong, Warden of the California State Prison – Los Angeles

27 County, Michael E. Poulos, Warden of the California Institution for Men, John Marshall,
   Warden of the California Men's Colony, Anthony Malfi, Warden of the California State

28 Prison – Sacramento, and Kathy Mendoza-Powers, Warden of the Avenal State Prison.

1   found pervasive Eighth Amendment violations in 1995. *See* 912 F.Supp.1282 (E.D. Ca.

2   1995).  A remedial process, under the supervision of a Special Master, is ongoing. *See* Bien

3   Decl., ¶ 9.

4        On May 2, 2006, the Court ordered that *Coleman* and *Hecker* were related under

5   Eastern District Civil Rule 83-123 (a), as they were "based on the same or similar claims,

6   the same property, transaction or event, and similar questions of fact and law."  *See* Order,

7   attached as Exhibit C to Bien Decl.; Bien Decl., ¶ 5.

8        The proposed *Hecker* class consists of all CDCR inmates with psychiatric disabilities

9   who are excluded from any prison program, service, or activity on the basis of disability.

10  Since the *Coleman* class encompasses all CDCR inmates with serious mental disorders,

11  every member of the proposed *Hecker* class is by definition also a member of the *Coleman*

12  class. *See* Bien Decl., ¶ 10; Plaintiffs' Notice of Related Cases, attached as Exhibit F to

13  Bien Decl.  Likewise, all *Coleman* class members are also members of the putative *Hecker*

14  class. *See* Bien Decl., ¶ 10. Counsel for the plaintiff classes in *Hecker* and *Coleman* are

15  largely the same attorneys and firms. *See id*., ¶ 2. Many of the defendants in *Coleman* are

16  also defendants in *Hecker*, and the Attorney General's Office represents the defendants in

17  both cases. *See id*., ¶¶ 6 and 8.

18       The legal and factual overlaps between the two cases are thus extensive. *Coleman*

19  concerns fundamental Eighth Amendment violations for failure to provide adequate mental

20  health care; issues in *Coleman* that remain open and undecided include issues of

21  discrimination against class members in classification work and educational programs.  *See*

22  Bien Decl., ¶ 9; Memorandum in Support of Plaintiffs' Motion re: Post-Judgment

23  Discovery, attached as Exhibit E to Bien Decl, at 3.  For example, *Coleman* counsel

24  continue to litigate issues of inadequate mental health care, delays in treatment, and

25  problems with classification, programming, housing, and access to appropriate care. *See id.*

26  These issues and the associated information and documents, by their very nature, overlap

27  with the discrimination claims in the *Hecker* lawsuit, which include inappropriate

28

1    placements at higher security levels[2], and discriminatory exclusions from jobs, school, and

2    other programs based on mental illness.  *See, e.g.*, Plaintiffs' Second Amended Complaint,

3    attached as Exhibit D to Bien Decl., at ¶¶ 71-73  and 199-210; Bien Decl. at ¶ 7.

4            **B.**     **The *Hecker* Plaintiffs' Attempt To Modify The Protective Order And**

5                   **Why Modification Is Necessary**

6         The Protective Order in this action has been modified twice before, for the purpose

7    of streamlining discovery in related litigation. On July 28, 1995, a modification was entered

8    allowing the sharing of limited discovery with intervenor Troy Christian Davey.  *See* Order,

9    attached as Ex. J to Bien Decl.  On February 10, 1998, the Court entered a Stipulated

10   Modification to Protective Order, permitting disclosure of *Coleman* records to counsel in

11   *Clark, et al. v. California, et al.*, C-96-1486 FMS (N.D. Cal.), *Armstrong, et al. v.*

12   *Schwarzenegger, et al.*, C-94-2307 CW (N.D. Cal.), and related parties. *See* Bien Decl., ¶

13   15; Order, attached as Ex. K to Bien Decl.

14        On August 25, 2006, counsel for the *Hecker* Plaintiffs sent a letter to counsel for the

15   *Coleman* Defendants seeking consent to a similar modification, and citing the increased

16   efficiency and reduced expenses that would result from such an arrangement. *See* Bien

17   Decl., ¶ 11; Letter, attached as Ex. G to Bien Decl. On September 26, 2006, the Deputy

18   Attorney General telephoned Plaintiffs' counsel to indicate that the *Coleman* Defendants

19   would not agree to stipulate to a modification of the Protective Order.  No reason was given.

20   *See* Bien Decl., ¶ 12.

21        If the *Hecker* Plaintiffs cannot make use of the *Coleman* discovery, they will be

22   forced to seek the exact same discovery directly from the *Hecker* defendants.  This will be a

23   waste of time and expense for both parties and will unduly delay the *Hecker* case.  *See* Bien

24   Decl., ¶ 18.

25

26

---

27   [2]  The CDCR's practice of adding four classification points solely due to mental illness, for

28   instance, was originally an issue in *Coleman* that is also now being pursued in the *Hecker* lawsuit.

Counsel for the *Hecker* defendants has no interest in the *Coleman* litigation that would provide them with standing to challenge the *Hecker* Plaintiffs' proposed modification. There would be no prejudice to either party in *Coleman* in modifying the Protective Order, and such a modification would result in incalculable benefit by permitting the efficient conduct of discovery. *See id.* Finally, the *Hecker* Plaintiffs would be willing to stipulate to a reciprocal arrangement with the *Coleman* class, thereby providing similar benefits to the progress of this litigation. *See id.*, at ¶ 24.

## III.    ARGUMENT

### A.    The *Hecker* Plaintiffs' Motion To Intervene And To Modify The Protective Order Is Grounded On Common Questions Of Law And Fact

To modify a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, a third party must intervene in the action for the limited purpose of obtaining the discovery sought.  *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir.), *cert. denied*, 506 U.S. 868 (1992).

Rule 24(b) provides a liberal standard for intervening in a lawsuit:

> [A]nyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed. R. Civ. P. 24(b)(2); s*ee also Beckman*, 966 F.2d at 472-74; *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042 (D.C. Cir. 1998)(allowing permissive intervention for limited purpose of obtaining access to documents under seal and depositions under protective order).

In *Beckman*, a district court entered a stipulated protective order sealing discovery after settlement of a claim by an insured against the insurer.  Thereafter, another insured suing the insurer on a similar claim in state court sought to intervene to obtain the discovery.  The court held that access to "documents prepared for similar litigation involving the same parties satisfied the commonality requirement" of Rule 24(b).  966 F.2d at 474.  Further, the court held that intervention for purposes of modifying a protective order

1  does not require the "strong nexus of fact or law" needed if intervenors seek to join

2  litigation of the main action.  *Id.*

3      Here, the questions of law and fact have the requisite nexus to satisfy the

4  commonality element.  Both *Hecker* and *Coleman* concern CDCR's mistreatment of and

5  discrimination against prisoners with psychiatric disabilities and failure to accommodate

6  those prisoners in connection with access to programs and activities. Class membership is

7  identical, and counsel is virtually the same individuals. In both cases, identification of

8  inmate witnesses and class members and review of their individual records are critical to

9  evaluating how the treatment of inmates with mental illness has differed from those without

10 mental health problems.  Counsel in *Hecker* therefore seek discovery of CDCR policies and

11 relevant inmate histories, located in inmate central and medical files; many of these

12 documents have already been produced in *Coleman*.  This degree of commonality far

13 exceeds the limited nexus required for intervention to modify a protective order.  *See* Fed.

14 R. Civ. P. 24(b)(2); *Beckman*, 966 F.2d at 474.

15  **B.    Allowing The *Hecker* Plaintiffs To Intervene And Modify The Protective Order Will Not Cause Undue Delay Or Prejudice**

16

17      Neither the *Coleman* nor the *Hecker* defendants can show "extraordinary

18 circumstances" or "good cause" why the *Coleman* discovery should not be shared with the

19 *Hecker* Plaintiffs.  *Beckman*, 966 F.2d at 475.  Intervention will not affect the *Coleman*

20 litigation. Nor has counsel for the *Coleman* defendants asserted that it will. When counsel

21 for the *Hecker* plaintiffs requested a stipulation about this issue in an effort to avoid this

22 motion, the *Coleman* defendants summarily refused without offering any substantive reason

23 for the refusal.  *See* Bien Decl. ¶ 12.

24      This type of limited intervention to modify an existing protective order is common in

25 prison litigation.  *See* Bien Decl. ¶ 13; Stipulated Modifications to Protective Order in

26 *Armstrong, et al. v. Schwarzenegger, et al.*, Case No. C-94-2307 CW (N.D. Cal.), to allow

27 sharing of discovery with *Valdivia et al. v. Schwarzenegger et al.*, Case No. S-94-0671

28 LLK/GGH, filed on May 21, 1999, and *Plata v. Davis*, C01 1351 T.E.H, filed on April 15,

1  2003, attached as Ex. H to Bien Decl.

2      The *Coleman* plaintiffs in particular have previously been the recipients of a similar

3  protective order modification, allowing them access to documents produced in other prison

4  litigation. *See* Bien Decl. ¶ 14; Stipulated Modification to Protective Order filed in *Clark v.*

5  *State of California*, Case No. C-96-1486-FMS (N.D. Cal.), attached as Ex. I to Bien Decl.

6  The *Coleman* Protective Order has been modified on two previous occasions for this same

7  purpose.  *See* Orders Modifying Protective Order, attached as Exs. J and K to Bien Decl.

8      That makes sense.  The *Coleman* Protective Order was requested by, and runs in

9  favor of, the plaintiff prisoner class, preventing retaliation against prisoners who participate

10  in the litigation.  Sharing the discovery - under the terms of the Protective Order - with the

11  *Hecker* Plaintiffs will not diminish these protections.  Nor will sharing the discovery

12  jeopardize the safety and security of any of the Defendant-managed institutions, as the

13  information will be shared by substantially the same individuals, who are counsel for both

14  the *Hecker* and the *Coleman* Plaintiffs. Counsel for the *Coleman* Plaintiffs is already in

15  possession of the relevant documents.  *See* Bien Decl., ¶¶ 16-17.  To prohibit these attorneys

16  from sharing discovery with themselves, to benefit their clients in identical classes, is

17  unnecessary and wasteful.

18      Moreover, the *Hecker* defendants do not have a legitimate interest in limiting the

19  *Hecker* Plaintiffs' access to information about class members.  Granting the motion will,

20  however, expedite and streamline the *Hecker* litigation, meeting the important goal of

21  eliminating duplicative discovery.  *See Beckman*, 966 F.2d at 475 (citing *Olympic Refining*

22  *Company v. Carter*, 332 F.2d 260, 264-65 (9th Cir.), *cert. denied*, 379 U.S. 900 (1964)).

23      As counsel for the *Coleman* plaintiffs, Rosen, Bien & Galvan ("RBG") is already in

24  possession of voluminous inmate medical records. Under the remedial process, RBG also

25  receives regular statistical and status reports, some containing inmate names. *See* Bien Decl.

26  ¶ 16; Cover Sheet, attached as Ex. L to Bien Decl.  Lists of inmates awaiting transfer, lists

27  of referrals and discharges, and reports on inmate placement are regularly reviewed by RBG

28  staff members.  *See id.* These documents are materials covered by the *Coleman* protective

1  order concerning prisoners with mental illness who are also members of the *Hecker* class.

2  Without a modification of the *Coleman* protective order, counsel will have to serve a

3  document request requiring the production by CDCR of documents that are already in

4  plaintiff counsel's possession through the prior *Coleman* production.  There is no good

5  reason to require this waste of time and money.  *See* Bien Decl., ¶¶ 19-20.  The existing

6  protective order limits counsel from sharing information received in *Coleman* with Hanson,

7  Bridgett, Marcus, Vlahos & Rudy, LLP, who represent the *Hecker* defendants but not the

8  *Coleman* defendants.  *See id.*, ¶¶ 6 & 22.

9  Full access to documents covered by the *Coleman* protective order will allow the

10  *Hecker* Plaintiffs to craft focused discovery requests, further reducing the cost and time

11  involved in discovery.  *See id.*, ¶ 21. By contrast, without the modification, the *Hecker*

12  Plaintiffs will have to incur a significant cost (a cost that will ultimately be passed on to the

13  State), waste valuable time, and wait months to receive copies of documents that are already

14  readily available in *Coleman* and that are literally sitting in RBG's offices (as counsel for

15  plaintiffs in both *Coleman* and *Hecker*).  *See id.,* ¶ 18.  This duplicative process wastes time

16  and resources, and serves no legitimate purpose.

17  **IV.    CONCLUSION**

18  The Ninth Circuit favors disclosure to meet the needs of pending litigation and

19  elimination of unnecessarily duplicative discovery.  *See Beckman*, 966 F.2d at 475.  All

20  parties' legitimate interests in confidentiality are protected by placing the *Hecker* Plaintiffs

21  under the same restrictions and obligations as the original parties to the Protective Order.

22  Plaintiffs-Intervenors' Motion For Permissive Intervention and For Modification of the

23  Protective Order should be granted.

24  Dated:  November 9, 2006                              Respectfully submitted,

25                                                        ROSEN, BIEN & GALVAN, LLP

26
                                                          By:    */s/ Michael W. Bien*
27                                                               Michael W. Bien
                                                                 Attorney for Plaintiffs-Intervenors
28