```
 1  THE LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER
 2  CLAUDIA CENTER Bar No.: 158255
    LEWIS BOSSING Bar No.: 227492
 3  600 Harrison St., Suite 120
    San Francisco, CA  94107
 4  Telephone: (415) 864-8848

 5  ROSEN BIEN & GALVAN, LLP
    MICHAEL W. BIEN Bar No.: 96891
 6  AMY WHELAN Bar No.: 215675
    315 Montgomery Street, 10th Floor
 7  San Francisco, CA  94104
    Telephone:  (415) 433-6830
 8
 9  Attorneys for Plaintiffs-Intervenors
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF NOTICE OF MOTION AND MOTION BY ROBERT HECKER, ET AL. FOR PERMISSIVE INTERVENTION AND FOR MODIFICATION OF PROTECTIVE ORDER**<br><br>**HEARING**<br><br>Date:  December 14, 2006<br>Time:  11:00 a.m.<br>Place: Courtroom 25, 8th Floor<br><br>The Honorable John F. Moulds |

H:\0935\1\Pleading\MWB Declaration ISO motion to intervene in Coleman.doc

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION
AND FOR MODIFICATION OF PROTECTIVE ORDER, No. Civ S 90-0520 LKK-JFM

I, Michael W. Bien, declare as follows:

1. I am an attorney at law admitted to practice before all the Courts of the State of California, a partner in the firm Rosen, Bien & Galvan, LLP ("RBG"), counsel of record and co-lead counsel for the plaintiffs in *Hecker et al. v. Schwarzenegger et al.*, Case No. 2:05-cv-02441 LKK-JFM (E.D. Cal.)(the "*Hecker* Plaintiffs"), and counsel of record and co-lead counsel for the plaintiffs in *Coleman et al. v. Schwarzenegger et al.*, Case No. CIV 90-0520 LKK-JFM (the "*Coleman* Plaintiffs"). I have personal knowledge of each fact set forth herein. If called as a witness, I could and would competently testify to their truth.

2. In addition to RBG, the *Hecker* Plaintiffs are also represented by counsel at The Legal Aid Society of San Francisco-Employment Law Center ("LAS-ELC"). The *Coleman* Plaintiffs are also represented by counsel at LAS-ELC, as well as the Prison Law Office, Bingham McCutchen, LLP, and Heller, Ehrman, White & McAuliffe.

3. Attached as Exhibit A is a true and correct copy of the Protective Order entered by the Court in *Coleman* on July 29, 1992.

4. The *Hecker* litigation is currently pending before the Honorable Lawrence K. Karlton in the Eastern District of California. The litigation is currently in its discovery phase, and awaiting the assignment of procedural dates and deadlines. Attached as Exhibit B is a true and correct copy of the *Hecker* Plaintiffs' Case Management Statement and proposed scheduling order, filed October 13, 2006, in Case No. 2:05-cv-02441-LKK-JFM (E.D. Cal.).

5. On May 2, 2006, Judge Karlton ordered that *Coleman* and *Hecker* were related under Eastern District Civil Rule 83-123 (a), because "based on the same or similar claims, the same property, transaction or event, and similar questions of fact and law." Attached as Exhibit C is a true and correct copy of Judge Karlton's May 2, 2006 Order.

6. The *Hecker* defendants are state officials sued in their official capacities responsible for the operation of the California Department of Corrections and Rehabilitation ("CDCR"), the state agency responsible for operating California's prison system. Counsel for the *Hecker* defendants includes the Office of the California Attorney General and

1 | Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP.

2 |     7.    The *Hecker* Plaintiffs allege that the *Hecker* defendants have violated, and continue to violate, their statutory right to freedom from discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12102(2), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 706(8). Attached as Exhibit D is a true and correct copy of the Second Amended Complaint filed in *Hecker et al. v. California Department of Corrections and Rehabilitation et al.*, Case No. 2:05-cv-02441-LKK-JFM, on October 20, 2006.

    8.    The *Coleman* defendants are also state officials sued in their official capacities responsible for the operation of the CDCR, all represented by the California Attorney General.

    9.    The *Coleman* litigation is currently in a remedial phase, under the supervision of Special Master Michael Keating. Although *Coleman* does not include an ADA cause of action, issues concerning discrimination against persons with mental illness are also at issue in *Coleman* because such unlawful conduct discourages access to mental health care, limits access of the mentally ill to work and educational opportunities and generally interferes with the remedial process. Attached as Exhibit E is a true and correct copy of Plaintiffs' Motion re: Post-Judgment Discovery, addressing the status of these issues and filed in this matter on July 13, 2006.

    10.    Since the *Coleman* class encompasses all CDCR inmates with serious mental disorders, every member of the proposed *Hecker* class is by definition also a member of the *Coleman* class. Since the *Hecker* class encompasses all CDCR inmates who have been denied access to programs and activities based on psychiatric disability, and many CDCR policies deny such access to and discriminate against all mentally ill individuals, every member of the *Coleman* class is also a member of the proposed *Hecker* class. Attached as Exhibit F is a true and correct copy of Plaintiffs' Notice of Related Cases, filed in *Hecker* December 2, 2005.

    11.    In August 2006, the *Hecker* Plaintiffs proposed to defense counsel in *Coleman*

1  that the parties stipulate to modifying the Protective Order to permit the *Hecker* Plaintiffs to
2  use the files and documents produced in the *Coleman* litigation.  Attached as Exhibit G is a
3  true and correct copy of a letter, dated August 25, 2006, from Meghan Lang to Kurt
4  Franklin, Lisa Tillman, Jay Russell, and Michael Stone, counsel for the *Coleman*
5  defendants.
6      12.    Although we explained that a modification of the Protective Order would save
7  time and money for all parties by eliminating the need for duplicative discovery, counsel for
8  the *Coleman* defendants has refused to agree to any such modification.  Defense counsel did
9  not respond to Ms. Lang's letter in writing, but they did inform her during telephone
10 conversations that they would not agree to modify the protective order in this case.  No
11 explanation was given.
12     13.    Limited intervention to modify an existing protective order is common in
13 prison litigation and has occurred in several of the prison cases that my firm litigates.
14 Attached as Exhibit H are true and correct copies of orders modifying the Protective Order
15 in *Armstrong, et al. v. Schwarzenegger, et al.*, Case No. C-94-2307 CW (N.D. Cal.), to
16 allow sharing of discovery with *Valdivia et al. v. Schwarzenegger, et al.*, Case No. S-94-
17 0671 LLK/GGH, filed on May 21, 1999 and *Plata v. Davis*, C01 1351 T.E.H, filed on April
18 15, 2003.
19     14.    Indeed, the *Coleman* plaintiffs have previously been the recipients of
20 protective order modifications that allow them access to documents produced in other prison
21 litigation.  Attached as Exhibit I is a true and correct copy of a Stipulated Modification to
22 Protective Order filed in *Clark v. State of California*, Case No. C-96-1486-FMS (N.D. Cal.),
23 on May 6, 1998.
24     15.    The *Coleman* Protective Order has also been modified on two previous
25 occasions for this same purpose.  Attached as Exhibits J and K are true and correct copies of
26 orders modifying the Protective Order to allow sharing of discovery with intervenor Troy
27 Christian Davey in Case No. CIV S-94-0151 WBS JFM P, dated July 28, 1995, and *Clark v.*
28 *State of California*, Case No. C-96-1486-FMS (N.D. Cal.) and *Armstrong, et al. v.*

1 | *Schwarzenegger, et al.*, Case No. C-94-2307 CW (N.D. Cal.), dated February 10, 1998.

2 | 16. Defendants in *Coleman* regularly provide to plaintiffs' counsel monthly statistical and status reports, lists of inmates awaiting transfer, lists of referrals and discharges, and reports on inmate placement. These materials are routinely produced in the course of the monitoring process, and were routinely produced through the discovery process. Attached as Exhibit L is a true and correct copy of a cover sheet dated May 23, 2006, listing the documents provided to plaintiffs for that month.

17. As a result of the *Coleman* discovery process, RBG is also currently in possession of voluminous inmate Central file and medical records, the copying of which (to facilitate repeated discovery) would be arduous and costly.

18. Many of the documents sought by the *Hecker* Plaintiffs are thus available in *Coleman* and are in the current possession of RBG, as *Coleman* counsel. Modifying the *Coleman* Protective Order to allow access to these materials by *Hecker* counsel will result in substantial savings of time and money for all parties. Without modification of the *Coleman* Protective Order, plaintiffs' counsel would have to serve discovery requests on CDCR in *Hecker* to obtain additional copies of the many thousands of pages of documents already in counsel's possession.

19. Both of these cases concern CDCR's mistreatment of and discrimination against prisoners with psychiatric disabilities and failure to accommodate prisoners with disabilities in connection with access to programs and activities. Identification of inmate witnesses and class members and review of their individual records and files are critical to both cases. The efficient litigation of *Hecker* and *Coleman* requires identifying which inmates have disabilities, what those disabilities are, and how the treatment of inmates with disabilities has differed from those without disabilities. Modification of the *Coleman* protective order will facilitate the efficient and rapid transmission of documents and information between counsel, reducing attorneys' fees, copying expenses and the burden on both plaintiffs' counsel and CDCR attorneys, litigation support and the AG's office.

20. If plaintiffs prevail in these issues in *Hecker* and/or *Coleman*, the costs of the

1  duplicative and unnecessary attorneys' fees and copying expenses discovery will be passed
2  on to the State of California.

3      21.    Full and unrestricted access to the *Coleman* documents and information will
4  also facilitate the *Hecker* Plaintiffs' ability to craft focused discovery requests, further
5  reducing the cost and time involved in discovery.

6      22.    Counsel for the *Coleman* Plaintiffs frequently perform tours of CDCR
7  institutions, and review inmate medical and central files, in their capacity as monitors in the
8  remedial process. Under the current terms of the *Coleman* Protective Order, these attorneys
9  are limited in their ability to use this information and these documents in the *Hecker*
10 litigation. This restriction is impractical and wasteful. It also interferes with the ability of
11 counsel to share personal information in order to assist an individual inmate with access to
12 mental health care, and to share information with defense counsel from Hanson, Bridgett,
13 Marcus, Vlahos & Rudy, LLP, who represent the *Hecker* defendants but not the *Coleman*
14 defendants

15     23.    The *Coleman* Plaintiffs, at whom the *Coleman* Protective Order's provisions
16 are directed (for the purpose of preventing retaliation against parolees and prisoners who
17 participate in the litigation and prohibiting public use of their private information) will
18 suffer no harm as a result of modification. In fact, sharing the information produced in
19 *Coleman* would be beneficial to the Plaintiff class. The *Coleman* Plaintiffs thus have no
20 objection to the proposed modification.

21     24.    The *Hecker* Plaintiffs are willing to stipulate to a reciprocal arrangement,
22 allowing the sharing of *Hecker* discovery with the *Coleman* plaintiffs.

23     25.    The *Hecker* Plaintiffs agree to be bound by the terms of the Protective Order
24 entered by the Court in this action, as well as any other terms and conditions this Court may
25 impose as part of a modification of the Protective Order.

26 ///
27 ///
28 ///

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  declaration was executed on November 9, 2006 at San Francisco, California.

4               */s/ Michael W. Bien*
               Michael W. Bien