# EXHIBIT A

```
 1  OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
    DANIEL E. LUNGREN, Attorney General
 2  of the State of California
    DENNIS ECKHART
 3  Supervising Deputy Attorney General
    1515 K Street, Suite 511
 4  Sacramento, California  95814
    (916) 323-8987
 5
    Attorneys for the State of California Department
 6     of Health Services

 7  HELLER, EHRMAN, WHITE & MCAULIFFE
    RICHARD L. GOFF
 8  AMELIA A. CRAIG
    INGRID S. LEVERETT
 9  STEPHANIE M. HINDS
    333 Bush Street
10  San Francisco, California  94104-2878
    (415) 772-6000
11
    Attorneys for Plaintiffs
```

**FILED**

JUL 29 1992

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

LODGED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiff,

v.

PETE WILSON, et al.,

    Defendants

No. CIV S 90-0520 LKK-JFM

STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND THE STATE OF CALIFORNIA DEPARTMENT OF HEALTH SERVICES RE CONFIDENTIALITY OF PATIENT AND INMATE RECORDS

IT IS ORDERED that the following provisions shall apply to all State of California Department of Health Services' records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS

1. This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

2. All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred as to "confidential material."

3. The confidential material may be disclosed only to the following persons:

   a. Counsel of record for plaintiffs in this action;

   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for plaintiffs;

   c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to preparation for the trial in this action.

   d. Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

   e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to by bound by the terms of this Order.

4. Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and

agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Order, including, without, limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this litigation, or until otherwise ordered by the Court. A copy of each such agreement will be furnished to counsel for DHS, upon order of the court.

5. At the conclusion of the trial and any appeal, or upon other termination of this litigation, all confidential materials obtained by counsel for plaintiffs, and all copies of such material, in possession of counsel for plaintiffs shall returned to counsel for DHS.

6. All confidential material obtained by counsel for plaintiffs shall be used solely in connection with this litigation, or related appellate proceeding, and not for any other purpose, including any other litigation.

7. Any documents filed with the court that reveal confidential material shall be filed under seal, labeled with cover sheet bearing the case name and number and the statement: "This document is subject to a protective order issued by the court and may not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the court or counsel. Upon failure to the filing party to so

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS             -3-

file a document under seal, any party may request that the Court place the filing under seal.

8. Nothing in this Order shall preclude a party from showing or disclosing to any person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs containing confidential material if the document containing such material has been masked or deleted so that no disclosure of confidential material occurs.

9. With the exception of documents contained in the confidential portions of patients' or inmates' central files, all documents produced under this Protective Order may be reviewed in a complete and unredacted form. The location of the file review shall be determined on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those documents they find relevant to their conduct of this litigation.

10. DHS may review the documents in the confidential portions of patients' or inmates' central files, and may review the other confidential material produced for initial review in complete and unredacted form, for the purpose of determining if there is any information which DHS contends should not further be disclosed because to do so would endanger the safety and security of an institution, or of any persons, including present or former patients, inmates or staff. If DHS determines that there are any documents containing such information, DHS may redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted information. If in the judgment of plaintiffs' attorneys, such information as

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS        -4-

has been redacted is necessary for the conduct of this litigation, such documents will be expeditiously presented to the court for *in camera* review to determine whether and to what extent they must be produced. Insofar as the court determines that any such information is subject to exclusion from production, the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the information to any person for any purpose.

11. Attorneys for plaintiffs and their legal assistants and consultants shall not make copies of the confidential material obtained by them except as necessary for purposes of this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom they have afforded access to confidential material. Upon order of the court, DHS may inspect the record.

12. Each person who has been afforded access to confidential material shall not disclose or discuss the confidential material, including the identification, the location, or mental health status of a patient or inmate, to or with any person except as is necessary to this case, and then only in accordance with paragraph 3 and 4 of this Order.

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS                    -5-

13. Confidential material respecting one patient or inmate shall not be disclosed to or discussed with any other patient or inmate or former patient or inmate.

14. Plaintiffs' counsel shall consult with a mental health professional to determine the necessity of having a mental health professional present at a file review conducted in the presence of a patient.

15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the court so orders.

16. The foregoing provisions of this Order with the exception of paragraph 7 do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to the right of any party: (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order

or for any order permitting disclosure of confidential material beyond the terms of this Order.

18. The provisions of this Order shall remain in full force and effect until further order of this Court.

DATED: June 11, 1992

STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

*[signature]*

Attorney for the State of California
Department of Health Services

DATED: June 8, 1992

HELLER, EHRMAN, WHITE & McAULIFFE

*[signature]*

INGRID S. LEVERETT
Attorney for Plaintiffs

IT IS SO ORDERED.

DATED: July 28, 1992

*[signature]*
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS               -7-

# EXHIBIT B

Claudia Center, State Bar No. 158255
Lewis Bossing, State Bar No. 227492
THE LEGAL AID SOCIETY OF SAN FRANCISCO
 -EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Michael W. Bien, State Bar No. 96891
Amy Whelan, State Bar No. 215675
ROSEN BIEN & ASARO, LLP
155 Montgomery Street, 8th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830
Facsimile: (415) 433-7104

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HECKER and CHRISTOPHER LEE JENKINS, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ARNOLD SCHWARZENEGGER, Governor of the State of California, in his official capacity, RODERICK Q. HICKMAN, Secretary of the California Department of Corrections and Rehabilitation, in his official capacity, JEANNE S. WOODFORD, Undersecretary of the California Department of Corrections and Rehabilitation, in her official capacity, JOHN DOVEY, Director, Division of Adult Institutions, in his official capacity, MARTIN VEAL, Warden of the California Medical Facility, in his official capacity, and ANTHONY KANE, Warden of the Correctional Training Facility, in his official capacity, <br> Defendants. | Case No. 2:05-cv-02441-LKK-JFM <br><br> PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER <br><br> Fed. R. Civ. Proc. Rule 16; L.R. 16-240 |

Page 1

No.: 2:04-cv-01750-FCD-KJM
PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Pursuant to the Court's Order of September 13, 2006, and the parties' stipulation of October 5, 2006, plaintiffs hereby provide the Court with the following case management statement and proposed deadlines dates in this matter.

**CASE MANAGEMENT STATEMENT**

Throughout the litigation of this matter, and the litigation of the related case *Klemaske v. CDCR*, Case No. 2:04-cv-01750 LKK, plaintiffs' counsel have worked cooperatively with counsel for the defendants, Jay Russell and Kurt Franklin. Plaintiffs have provided substantial documentation in a timely matter regarding the plaintiffs' claims, have met and conferred on numerous occasions, and have repeatedly extended dates. The plaintiffs are prosecuting their claims with diligence, professionalism, and pragmatism, and herein propose a realistic and efficient schedule for class certification and other key pre-trial dates. The defendants' proposed "aggressive" schedule is unrealistic and without basis.

<u>Prior Case Management Efforts</u>.

On May 24, 2006, counsel for all parties in this matter met at the offices of Kurt Franklin and conducted a Rule 26 meeting in the *Hecker* case. At the meeting, counsel for plaintiffs provided defense counsel with numerous documents evidencing the policies and practices about which the plaintiffs are complaining. Plaintiffs also described their proposed Second Amended Complaint, and discussed the possibility of settling the *Klemaske* case. On behalf of the plaintiffs, Claudia Center set forth plaintiffs' proposed dates for filing for class certification (April 2007) and for the close of non-expert discovery (October 2007). Counsel for the defendants expressed no disagreement with the proposed dates; rather, all counsel appeared to be in agreement with the schedule discussed.

Previously, on March 14, 2006, Claudia Center and Lewis Bossing attended an in-person Rule 26 meeting regarding the *Klemaske* case at the Hanson, Bridgett offices of Mr. Franklin. At that meeting, plaintiffs provided copies of documents evidencing the conservation camp policies and practices about which plaintiff *Klemaske* is complaining. The parties filed a joint status report on March 27, 2006 proposing various dates. On April 21, 2006, then-assigned

Page 2

No.: 2:04-CV-01750-FCD-KJM
PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

judge Frank Damrell filed a Status Order in the *Klemaske* case, adopting all of the pre-trial dates set forth by counsel in the joint status report without amendment. Thereafter, as a result of the May 5, 2006 related case order, the April 21, 2006 status order in *Klemaske* was vacated.

On June 1, 2006, counsel for the plaintiffs and counsel for the defendants attended the status conference in the related cases before Magistrate Judge Moulds. All counsel described the exchange of documents and meetings to date. On behalf of the plaintiffs, Claudia Center set forth the dates that the plaintiffs then and now propose: the filing for class certification by April 2007), and the close of non-expert discovery (a slightly earlier date of August 2007). Counsel for the defendants expressed no disagreement to the dates. Magistrate Judge Moulds noted that an extensive time frame for discovery was "not attractive" to him, but acknowledged that plaintiffs might need until April 2007 to file for class certification. Magistrate Judge Moulds did not set any dates or deadlines for discovery at the June 1, 2006 conference.

Until around September 29, 2006, the defendants' counsel at all times indicated agreement with, and no opposition to, the case management dates the plaintiffs have proposed in this case – plaintiffs to file their motion for class certification by April 2007, and close of non-expert discovery by August 2007. Around September 29, 2006, defendants' counsel for the first time informed plaintiffs that their clients sought an "aggressive" schedule for class certification, with the deadline for plaintiffs' filing for class certification to be January 2007 rather than April 2007.

Class Certification Discovery Required and Related Pre-Trial Matters.

The defendants' new request for an "aggressive" schedule requiring that plaintiffs seek class certification by January 2007 is unrealistic, and inconsistent with the scope and substance of the issues challenged herein, and the discovery required. It is particularly unrealistic given that the defendants have yet to provide complete responses to plaintiffs' request for documents. As detailed in the accompanying declaration, on August 8, 2006, plaintiffs served their First Request for Production of Documents. This request is comprehensive and seeks, *inter alia*:

> The C-file and any other document regarding the 11 individual inmates who appeared on plaintiffs' proposed Second Amended Complaint as well as additional inmates who have

Page 3

No.: 2:04-CV-01750-FCD-KJM
PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

been affected by, and have challenged, the discriminatory policies alleged herein.

Documents regarding eligibility for numerous CDCR programs, services, and activities, including fire camp, Substance Abuse Program, Prison Industry Authority, Arts in Correction, Developmental Disability Program, Disability Placement Program, law library, sensitive needs yard. family visiting programs, religious services, yard time, Level I, Level II, and Level III housing, laundry service, work and drug treatment furlough programs, and any employment, educational, or vocational program.

Documents regarding each conservation or fire camp program, including its organization, infrastructure, functions, job categories, job duties, types of workers and numbers of each type, and existence and scope of any infirmary and/or medical services.

Documents regarding reasonable modifications, if any, provided inmates using heat-sensitive medications.

Documents regarding the policy and practice of adding 4 points at reception to the classification scores of inmates who have "mental illness."

Documents regarding the daily life the terms and conditions of daily life for inmates participating in the EOP program.

Documents regarding the distribution of medications to EOP and/or CCCMS inmates, and the distribution of medications to inmates in Level I and/or Level II housing facilities.

Documents regarding the range of numbers and types of inmates, including whether CCCMS and/or EOP, residing in each type of CDCR housing (Level I through Level IV).

Documents regarding the use of administrative overrides to assign inmates who are CCCMS or EOP to housing that is at a higher security level than their classification score would otherwise dictate.

Plaintiffs believe that numerous documents exist in the categories requested because plaintiffs have located (and produced) numerous such documents through their own investigation. Despite plaintiffs' requests, and after two extensions of time granted by plaintiffs' counsel, the documents produced by defendants on or around October 12, 2006 are limited to the C-files and medical files for two inmates (despite the fact that the proposed Second Amended Complaint lists 11 inmates), Robert Hecker and Christopher Jenkins,[1] as well as a reference to certain "local operating procedures" produced as initial disclosures. The defendants did not produce any systemic or statewide policies, such as portions of its Department Operations Manual, parts of its statewide training modules, management memos, administrative bulletins, or

---

[1] Notably, the defendants served discovery – special interrogatories – regarding each of the 11 inmate-plaintiffs listed on plaintiffs' [Proposed] Second Amended Complaint, but declined to respond to our discovery regarding the same inmates.

Page 4

No.: 2:04-cv-01750-FCD-KJM
PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

policy memoranda. Further, the defendants did not in its initial disclosures produce local operating procedures from each prison. Accordingly, plaintiffs anticipate a lengthy and substantive "meet and confer" process, likely buttressed by the testimony of "persons most knowledgeable" and by plaintiffs' ongoing investigation, followed by a noticed motion to compel. These documents are required to demonstrate "common questions of law or fact" – *e.g.* the existence of CDCR policies and practices of common application – in support of plaintiffs' motion for class certification.

Additional and substantial discovery must be completed prior to class certification. Again to demonstrate common questions of law or fact, plaintiffs have served deposition notices under Rule 30(b)(6), seeking testimony and documents from the following:

> The person most knowledgeable on the terms and conditions of daily life for inmates participating in the Enhanced Outpatient Treatment ("EOP") programs, including the access of EOP inmates to CDCR programs, services and activities.

> The person most knowledgeable on CDCR conservation camp and/or fire camp programs, including eligibility criteria, job/work functions and infirmary/medical services.

> The person most knowledgeable on the classification of inmates at reception and thereafter, including the use of CDC Form 839 and 840 and the policy and practice of adding 4 points to the classification scores of inmates who have "mental illness."

Plaintiffs anticipate several additional categories for further deposition notices under Rule 30(b)(6), such as notices for the person most knowledgeable on the Substance Abuse Program, the person most knowledgeable on the Developmental Disability Program, the person most knowledgeable on the Disability Placement Program, the person most knowledgeable on the Prison Industry Authority program, and the person most knowledgeable on pharmacy and housing policies and procedures. For each of these CDCR programs, and for additional programs, plaintiffs have received numerous reports of individuals being screened out from participation based on their status as a person with a psychiatric disability. Additionally, it is plaintiffs' counsel's experience that frequently more than one witness must be deposed to provide "person most knowledgeable" responses, either because the first person produced is *not* the person most knowledgeable, or because there is more than one "person most knowledgeable"

Page 5

No.: 2:04-cv-01750-FCD-KJM
PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

1  to cover different aspects of the listed topic. The plaintiffs will also seek and obtain the
2  depositions of certain individuals disclosed by the defendants in their Initial Disclosures. These
3  disclosed and "person most knowledgeable" witnesses are likely to live at various locations
4  throughout the State of California, and scheduling these depositions will require advanced
5  planning and coordination, all taking time for travel and logistics.
6      Beginning in late October or early November 2006, plaintiffs will serve interrogatories
7  and requests for admissions regarding issues relevant to class certification, including numerosity
8  and common issues of law or fact. Such discovery will likely require "meet and confer" efforts
9  and possibly motions to compel. Further, the defendants have stated their intention to depose
10 each of the named plaintiffs, likely related to the class certification issue of adequacy; named
11 plaintiffs will number at least 11. These depositions of persons who are incarcerated throughout
12 the state of California will require extensive attorney time for preparation, travel, security
13 clearance, and testimony.
14     In addition to these discovery efforts directed at the elements of class certification,
15 plaintiffs and defendants are engaged in other necessary pre-trial matters. On October 20, 2006,
16 plaintiffs will be filing a revised Second Amended Complaint, and thereafter serving certain
17 additional named defendants. The defendants who have already been served will be filing their
18 responsive pleading within 30 days, or in late November 2006. Should the defendants file a
19 responsive pleading other than an answer such as amotion to dismiss, the plaintiffs will be
20 required to oppose, and the Court will be required to address the matter. Also in October 2006,
21 the plaintiffs will also serve certain third-party subpoenas for documents related to the policy
22 and practice of adding four points at reception to inmates with "mental illness." Thereafter, and
23 upon review of these third-party documents, plaintiffs will seek third-party depositions related to
24 inmate classification.
25     <u>Conclusion.</u>
26     For all of the reasons herein, the plaintiffs' original proposed schedule is reasonable, and
27 if anything should be extended further. The defendants' change of heart as to the schedule is
28

Page 6

No.: 2:04-CV-01750-FCD-KJM
PLAINTIFFS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

without basis, and is inconsistent with the realities of litigation and the scope and substance of the important matters challenged herein. Alternatively, should the Court require more information regarding the plaintiffs' proposed schedule, plaintiffs respectfully request that the Court set another status conference to discuss setting dates for further proceedings in this action.

Respectfully submitted,

Dated: October 13, 2006

By: /s/ Claudia Center
CLAUDIA CENTER

### [PROPOSED] ORDER

The Court makes the following orders:

The plaintiffs shall file their motion for class certification on or before <u>April 24, 2007</u>, and all non-expert discovery shall be completed by <u>August 28, 2007</u>.

All parties shall disclose their experts by <u>November 20, 2007</u>, and shall disclose any supplemental experts by <u>December 4, 2007</u>. All expert discovery shall be completed by <u>January 22, 2008</u>.

All dispositive motions shall be filed no later than <u>February 29, 2008</u>.

All parties shall attend a pre-trial conference on <u>March 28, 2008</u>..

IT IS SO ORDERED.

Dated: _____    _____
The Honorable John J. Moulds, Magistrate Judge

_____
The Honorable Lawrence K. Karlton, Senior Judge

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,

   v.                              CIV. NO. S-90-0520 LKK JFM P

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.
_____/

MITCHELL J. KLEMASKE,

        Plaintiff,

   v.                              CIV. NO. S-04-1750 FCD KJM P

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

        Defendants.
_____/

/////

/////

/////

```
 1  DAVID WILSON,
 2                        Plaintiff,
 3      v.                                 CIV No. S-05-0876 LKK GGH P
 4  JEANNE WOODFORD, et al.,
 5                        Defendants.
 6  _____/
 7  ROBERT HECKER,
 8                        Plaintiffs,
 9      v.                                 CIV No. S-05-2441 LKK GGH P
10  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION,
11  et al.,
12                        Defendants.
13  _____/
```

14    Examination of the above-entitled actions reveals that
15 the four (4) actions are related within the meaning of Local Rule
16 83-123(a) (E.D. Cal. 1997). The actions involve the same parties,
17 and are based on the same or similar claims, the same property,
18 transaction or event, and similar questions of fact and law.
19    Accordingly, the assignment of the matters to the same judge
20 and magistrate judge is likely to effect a substantial savings of
21 judicial effort and is also likely to be convenient for the
22 parties.
23    The parties should be aware that relating the cases under
24 Local Rule 83-123 merely has the result that the four (4) actions
25 are assigned to the same judge and magistrate judge; no
26 consolidation of the actions is effected. Under the regular

1 | practice of this court, related cases are generally assigned to the
2 | judge and magistrate judge to whom the first filed action was
3 | assigned.
4 |     IT IS THEREFORE ORDERED that the actions denominated CIV. NO.
5 | S-04-1750 FCD JFM P, be, and the same hereby is, reassigned to
6 | Judge Lawrence K. Karlton and Magistrate Judge John F. Moulds for
7 | all further proceedings[1]; the actions denominated CIV No. S-05-0876
8 | LKK GGH P, and CIV No. S-05-2441 LKK GGH shall remain assigned to
9 | Judge Lawrence K. Karlton and shall be reassigned to Magistrate
10 | Judge John F. Moulds; and any dates currently set in the reassigned
11 | cases <u>only</u> are hereby VACATED.  Henceforth, the caption on
12 | documents filed in the reassigned cases shall be shown as CIV. NO.
13 | S-04-1750 LKK JFM P, CIV No. S-05-0876 LKK JFM P, and CIV No. S-05-
14 | 2441 LKK JFM P, respectively.
15 |     IT IS FURTHER ORDERED that the Clerk of the Court make
16 | appropriate adjustment in the assignment of civil cases to
17 | compensate for this reassignment.
18 |     DATED: May 1, 2006

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] This order supersedes the non-related case order filed on September 22, 2005 in Case NO. CIV S-04-1750 FCD KJM P.

3