BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 327-7872
  Fax: (916) 324-5205
  Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                         Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                        Defendants. | CIV S-90-0520 LKK JFM P<br><br>**DECLARATION OF LISA TILLMAN IN SUPPORT OF REQUEST FOR EXTENSION OF TIME RESPOND TO PLAINTIFFS' OBJECTIONS TO SUBMITTED PLAN TO ADDRESS SUICIDE TRENDS IN ADMINISTRATIVE SEGREGATION** |

I, Lisa A. Tillman, declare as follows:

1. I am an attorney licensed to practice in the State of California and I am admitted to the Eastern District of the United States District Court. I am employed by the Office of the Attorney General as a Deputy Attorney General and I am assigned to represent the Defendants in this matter.

2. On June 8, 2006, this Court ordered Defendants to develop a plan for dealing with the escalating percentage of suicides occurring in administrative segregation units. The

1  court order required the plan to include, as appropriate, a budget and implementation schedule
2  for any policy and procedure changes, staffing or budget augmentation, and, if necessary, include
3  a mechanism for obtaining mid-year funding on or before September 30, 2006.

4      3.  On September 11, 2006, this Court granted Defendants an extension of deadline
5  for submission of the plan to address suicide trends in administrative segregation units.

6      4.  On October 2, 2006, Defendants submitted their plan to address suicide trends in
7  administrative segregation units.  In that plan, Defendants acknowledged that certain experts had
8  recommended the institution of thirty-minute welfare checks on newly admitted inmates to
9  administrative segregation units and committed to further consideration of that recommendation.
10 In addition, Defendants provided milestones for the retrofit of administrative segregation vents.

11     5.  On October 31, 2006, Plaintiffs filed objections to the submitted plan.  On
12 November 2, 2006, this Court ordered Defendants to respond to the objections by November 15.
13 On the same afternoon, I participated in discussions with Plaintiffs' counsel concerning out-of-
14 state transfers.  Late that afternoon, Plaintiffs' counsel filed a request for a temporary restraining
15 order to enjoin out-of-state transfers and set a hearing for the following day.  I was not in my
16 office on the afternoon of November 2 and so retrieved Plaintiffs' request for a temporary
17 restraining order from in-house counsel's email account.  Upon returning to my office later that
18 evening, I erroneously mistook the ECF email notice containing the November 2, 2006 order as
19 one containing the already-received documents in support of Plaintiffs' request for a temporary
20 restraining order.  This error was not discovered until receipt of the hard copy of the order from
21 my docketing clerk on November 9.  I then immediately sent to the named defendants in this
22 case.

23     6.  Defendants will use the additional week to meet certain issues raised in Plaintiffs'
24 objections to the submitted plan.  Defendants have now considered and begun implementing
25 thirty-minute welfare checks on newly admitted inmates in administrative segregation units.
26 Attached as Exhibit 1 is a true and correct copy of a memorandum to wardens concerning
27 welfare checks with a log sheet.  Defendants will provide this Court with a supplemental
28 statement concerning welfare checks.  Defendants are examining means of enabling the retrofit

DEC. TILLMAN IN SUPPORT OF EOT

1  of ventilation screens in intake cells.  Defendants hope to provide this Court with updated
2  information in regards to that retrofit issue.
3      7.   On the morning of November 14, 2006, I tried to contact Plaintiffs' counsel
4  Michael Bien and Jane Kahn at their new office number.  No person answered the call and no
5  voicemail system was triggered.  I then left a voicemail on Jane Kahn's personal cell phone line
6  and explained the need for this sought extension.  I left another voicemail on Michael Bien's cell
7  phone line on November 15 concerning the need for this extension.
8      8.   Plaintiffs will not be prejudiced by this sought extension of time to December 1,
9  2006.  The extension may enable a resolution of a certain objections asserted by Plaintiffs'
10 counsel in regards to the time frame of the retrofit of the ventilation screens.

11         Dated: November 15, 2006              */s / Lisa A. Tillman*
                                                LISA A. TILLMAN

30187852.wpd
CF1997CS0003

DEC. TILLMAN IN SUPPORT OF EOT

3