
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227492
600 Harrison St., Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 96891
AMY WHELAN Bar No.: 215675
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

Attorneys for Plaintiffs-Intervenors

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**OPPOSITION TO DEFENDANTS' REQUEST TO RESET HEARING DATE AND BRIEFING SCHEDULE ON MOTION FOR PERMISSIVE INTERVENTION**<br><br>**HEARING**<br><br>Date: December 14, 2006<br>Time: 11:00 a.m.<br>Place: Courtroom 25, 8th Floor<br><br>The Honorable John F. Moulds |

**INTRODUCTION**

Plaintiffs in *Hecker et al. v. Schwarzenegger et al.*, Case No. 2:05-cv-02441-LKK-JFM (E.D. Cal.) (the "*Hecker* Plaintiffs") seek to intervene in this case for the limited purpose of modifying the Protective Order entered in *Coleman* on July 29, 1992 and modified on July 28, 1995 and February 10, 1998. The proposed modification would give the *Hecker* plaintiffs access to discovery in *Coleman* under the terms applicable to the parties in *Coleman*. The motion for permissive intervention was filed on November 9, 2006, and properly noticed for a hearing on December 14, 2006.

Rather than opposing the motion, defendants Arnold Schwarzenegger, *et al.*, seek to indefinitely delay it, pending the resolution of a simultaneously served motion to dismiss the Second Amended Complaint in *Hecker*. The *Hecker* defendants themselves, however, are actively pursuing discovery, which has been ongoing for some time. Defendants seek, in effect, a one-way stay of discovery based on the mere filing of a motion to dismiss. The motion for permissive intervention to amend the protective order should be heard on schedule.

**ARGUMENT**

**I.  THE FILING OF A MOTION TO DISMISS IN THE *HECKER* CASE DOES NOT RENDER THE MOTION FOR PERMISSIVE INTERVENTION "PREMATURE"**

In their Request to Reset Hearing Date and Briefing Schedule, defendants contend that "a motion to dismiss is pending in *Hecker*," Request for Rescheduling, at 2, and that such a motion "is scheduled for hearing on December 22, 2006." *Id.* At the time defendants filed this Request, the *Hecker* Plaintiffs had not been served with any such motion. *See* Declaration of Michael Bien in Support of Opposition to Request ("Bien Decl.") at ¶ 2. In any event, the filing of a Rule 12 motion is not grounds to deny or delay plaintiffs' motion for permissive intervention to modify the *Coleman* protective order. Any motion to stay discovery in *Hecker* must be filed in that case, not in *Coleman*.

Defendants in *Hecker* have not made any such motion. Rather, their goal is to obstruct the ability of plaintiffs alone to move forward with discovery in an efficient and effective manner, while they proceed with their own discovery campaign – including the depositions of each of the 17 plaintiffs at 8 prisons across the State. *See* Bien Decl. at ¶ 3. (Apparently, defendants are not that confident in their motion to dismiss!) There is no justification for postponing the resolution of the simple issue of access to materials already in counsel's possession until such an uncertain future date.

The Federal Rules of Civil Procedure disfavor motions to stay discovery pending a ruling on motions to dismiss. While Rule 26 allows the Court to "make any order which justice requires to protect a party or person from … undue burden or expense, including … that … disclosure or discovery not be had," FED. R. CIV. P. 26(c), "a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D.Nev.1989) In fact, "[a] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Defendants' request, which is not styled as a motion to stay under Rule 26, does not even attempt to carry this burden.

The presumption against a stay of discovery is especially important in a case such as this, in which the bulk of the materials sought by plaintiffs-intervenors has already been produced by the defendants in *Coleman*. An evaluation of the merits of the allegations advanced by the putative *Hecker* class is not likely to change the fundamental inefficiency of preventing class counsel from making use of documents and information already in its possession.

II. **RULING ON THE MOTION TO INTERVENE IS NOT PREMATURE, BUT NECESSARY TO MEET THE CASE MANAGEMENT SCHEDULE AND TO AVOID PREJUDICE TO PLAINTIFFS**

Defendants' efforts to delay *Hecker* discovery are in direct contravention to the aggressive case management schedule proposed by defendants themselves. *See* Bien Decl., at

1  ¶ 4. While the Court has not yet ruled on the case management deadlines which will govern the
2  progress of *Hecker*, counsel must proceed on the assumption that the defendants' proposal
3  might be granted – in which case, plaintiffs would be required to file for class certification in
4  January of 2007. *Id.*

5  The alternative schedule proposed by plaintiffs is only slightly later (class certification
6  filed in April, 2007) and still requires discovery to move forward without obstructions now.
7  Postponement of a ruling on the motion to modify the *Coleman* protective order would make it
8  impossible to meet the State's own proposed deadlines, and introduce further delays and
9  inefficiency into the process. *Id.*

10  Discovery is ongoing in the *Hecker* case. Numerous depositions have been noticed by
11  both plaintiffs and defendants in the case. Document requests and interrogatories have also
12  been served by both sides. *See* Bien Decl., ¶3. Granting the defendants' request for an open-
13  ended delay of the motion to intervene would not spare the parties (or, ultimately, the State) any
14  time or money. The delay would, however, prejudice plaintiffs and delay their ability to
15  prosecute the litigation in a timely and efficient manner. *Id.*

16  Specifically, delaying the resolution of the plaintiffs-intervenors' motion would require
17  that counsel for the *Hecker* Plaintiffs continue to serve document requests for materials already
18  in plaintiff counsel's possession through the prior *Coleman* production. This duplicative
19  process, which wastes considerable time and money, would continue until the unknown future
20  date of the Court's decision on the wholly distinct issues encompassed by the motion to
21  dismiss. *See* Bien Decl., at ¶ 4.

22  Defendants continue to offer no substantive justification for their opposition to
23  modification of the *Coleman* protective order. *See* Bien Decl. ¶ 5. In an effort to resolve this
24  relatively minor issue, counsel for the *Hecker* Plaintiffs has offered to stipulate to an extension
25  of seven (7) calendar days to allow defendants to respond to the motion to intervene. *See id.*
26  Defendants filed their "Request" to delay any ruling on the motion to intervene without

27
28

1  responding to counsel's offer. They did so in order to create an unjustified and improper delay
2  in the progress of the *Hecker* litigation.

3  **CONCLUSION**

4       For the foregoing reasons, the defendants' "request to reset hearing date and briefing
5  schedule" on the motion for permissive intervention should be denied. The *Hecker* Plaintiffs, as
6  noted, have no objection to a postponement of the hearing for seven (7) calendar days, to
7  December 21, 2006, to give defendants additional time to respond to the motion to intervene.

8  Dated: November 20, 2006          Respectfully submitted,

9                                            ROSEN, BIEN & GALVAN, LLP

10

11                                           By:   */s/ Michael W. Bien*
                                                   Michael W. Bien
                                                   Attorney for Plaintiffs-Intervenors