THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227492
600 Harrison St., Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 96891
AMY WHELAN Bar No.: 215675
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

Attorneys for Plaintiffs-Intervenors

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MICHAEL W. BIEN IN OPPOSITION TO DEFENDANTS' REQUEST TO RESET HEARING DATE AND BRIEFING SCHEDULE ON MOTION FOR PERMISSIVE INTERVENTION**<br><br>**HEARING**<br><br>Date: December 14, 2006<br>Time: 11:00 a.m.<br>Place: Courtroom 25, 8th Floor<br><br>The Honorable John F. Moulds |

Michael W. Bien Declares:

1. I am a member of the Bar of this Court, a partner in the firm, Rosen, Bien & Galvan, and counsel of record for the plaintiff class in *Hecker v. Schwarzenegger* and *Coleman v. Schwarzenegger*. I have personal knowledge of the matters stated herein and if called as a witness could so testify competently. I make this declaration in opposition to defendants' request to reset the hearing date and briefing schedule on the *Hecker* plaintiffs' motion for permissive intervention and modification of protective order.

2. Defendants argue that a decision should not be rendered on the pending motion to intervene for the limited purpose of modifying the protective order in *Coleman*, because a Rule 12(b)(6) motion is pending and scheduled for hearing on December 22, 2006. Plaintiffs received notice of the filing of defendants' Rule 12 motion after the close of business on Friday, November 17, 2006.

3. Discovery is already ongoing in the *Hecker* case. Numerous depositions have been noticed by both plaintiffs and defendants in the case. Defendants have noticed the depositions of each of the 17 named plaintiffs, housed at 8 different prisons across the State. Document requests and interrogatories have also been served by both sides. An extensive meet and confer concerning discovery issues took place one week ago. Defendants' refusal to stipulate to amend the protective orders in *Coleman* and *Armstrong v. Schwarzenegge*r, a prisoner class action pending before Judge Wilken in the Northern District under the ADA and Rehab Act, is itself an improper delaying tactic and obstruction of discovery.

4. The current effort to postpone the motion to intervene until some unspecified date in the future is also improper. In fact, defendants have changed their position in *Hecker* and requested that the Court enter a more aggressive scheduling order with the class certification motion to be filed in January, 2007. While plaintiffs have requested some additional time (due to delays by defendants such as the one pending now!), plaintiffs' proposed schedule calls for class certification to be filed in April, 2007. The failure to amend the protective orders in *Coleman* and *Armstrong* is delaying the discovery process in *Hecker* and interfering with plaintiffs' ability to prepare their case, including, but not limited to the

-1-
DECLARATION OF MICHAEL W. BIEIN IN OPPOSITION TO DEFENDANTS' REQUEST TO RESET HEARING DATE AND BRIEFING SCHEDULE ON MOTION FOR PERMISSIVE INTERVENTION, CASE NO.:  CIV S 90-0520 LKK-JFM

1  class certification motion itself.  Thus, there is prejudice to plaintiffs in *Hecker* in delaying the
2  motion to amend the protective order.

3    5.    Ms. Tillman first contacted me about rescheduling the briefing schedule for this
4  motion by email received by me at 11:20 p.m. on Thursday, November 16, 2006.  I read the
5  email on Friday morning, November 17, at approximately 7:45 a.m. and promptly responded to
6  Ms. Tillman.  We also exchanged several emails.  At no time did she mention the filing of a
7  Rule 12 motion as grounds for postponement of this motion.  She did mention the pressure of
8  other work and the Thanksgiving holiday.  I had my associate check the Court calendar for
9  available dates and then extended her the professional courtesy of an extension of the hearing
10 date on this motion to December 21.  She never responded to my email and proceeded to file
11 this pleading with the Court instead.

13 I declare under penalty of perjury that the foregoing is true and correct and that this
14 declaration is executed in San Francisco, California on November 20, 2006.

16                                             */s/ Michael W. Bien*
                                                Michael W. Bien