BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                        Plaintiffs,<br><br>         v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                        Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DECLARATION OF LISA TILLMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO *HECKER* PLAINTIFFS' MOTION FOR PERMISSIVE INTERVENTION AND MODIFICATION OF PROTECTIVE ORDER**<br><br>Hearing:    December 14, 2006<br>Time:        11:00 a.m.<br>Courtroom:  25<br>Judge:       The Honorable<br>                   Lawrence K. Karlton |

I, Lisa Tillman, declare:

1. I am an attorney licensed to practice before all the courts of the State of California and am admitted to practice before the United States District Courts for the Northern, Eastern and Southern Districts of California. I am the deputy attorney general assigned to represent the Defendants in this matter.

DEC. TILLMAN IN SUPPORT OF OPPO. TO MOT. TO INTERVENE

1

2.    I have personal knowledge of the facts stated in this declaration and could testify to them.

3.    Pursuant to the Order of Reference, Defendants have produced to the Special Master, with courtesy copies to Plaintiffs' counsel, voluminous information over the past ten years concerning the status of inmates within the Defendants' mental health services delivery system. Attached as Exhibit 1 is a true and correct copy of the Order of Reference.

4.    Defendant have provided information in the course of periodic informal meetings and teleconferences with policy makers on discrete policy issues. Special Master Keating has scheduled at least twice a year an "All Parties" or "Policy Meeting", with documents often produced at those meetings.

5.    Defendants have produced detailed and voluminous documents on a yearly, monthly, biweekly, weekly and, sometimes, contemporaneous basis, including a wide range of documents containing statistical information on staff and patient census as well as patient transfers and referrals, internal staff investigations arising from patient care, corrective actions plans, incident reports, and rules violation reports. Those documents usually identify patients by name, inmate number and level of care. A matrix of those cyclical reports is attached as Exhibit 2.

6.    In addition, during every monitoring tour, Defendants provide Special Master Keating with statements describing the status and sufficiency of each facility's mental health services delivery system for that tour in qualitative and quantitative terms. Sixteen tours have been conducted thus far.

7.    Lastly, Special Master Keating has produced an annual report on suicides completed within CDCR, with an appendix of the case studies containing detailed information on each involved patient.

8.    Ten years ago, this office did not have the benefit of a computer software program to maintain and organize documents generated in any litigation, even in a systemwide class action suit. Even with the recent adoption of an electronic document management system, the majority of the documents produced in this case are housed on floor-to-ceiling metal shelves in a

1 ten by fifteen square foot room in cardboard boxes.  Every shelf is completely filled with boxes, forcing me to now to find an additional room for storing *Coleman* materials.  A few of the boxes identify their specific contents.  The boxes are filled with documents filed in chronological fashion, often with little other demarcation.  There are over 155 boxes in the room.  Accessing information in these boxes will require physical stamina, an insensitivity to dust, and weeks of attorney time to sort through chronologically-filed documents to determine those that are relevant and do not contain privileged attorney-client or attorney work-product information.

9. The requested production of these ten years of documents will require weeks of attorney and paralegal time to sort, classify, and review the documents.

10. My office has filed on behalf of Defendants an array of plans to address court orders concerning the development of the mental health services delivery system, ranging from bed plans to salary proposals.

11. On November 16, 2006, I forwarded to Special Master Keating and Plaintiffs' counsel a November 13, 2006 memo to wardens, health care managers, chiefs of mental health and directors of nursing concerning the implementation of the Revised Program Guide.  On page two, the memorandum states that a training will be held via videoconference on November 30, 2006, with required attendance by all mental health and nursing staff.

12. At this time, the sought production of documents to the *Hecker* plaintiffs will divert resources away from the *Coleman* case and its compliance efforts.

13. To the extent the *Hecker* plaintiffs seek discovery or court rulings on matters already pending or even determined in the *Coleman* case, the *Hecker* action will serve to impede *Coleman* compliance efforts.

I declare under the penalty of perjury the foregoing is true and correct.

Dated: December 1, 2006   By:   /s/ ***Lisa Tillman***
                                             Lisa Tillman

30191882.wpd
CF1997CS0003