COLEMAN v. SCHWARZENEGGER
CASE NO. CIV S-90-0520 LKK JFM P

EXHIBIT 3: Plf. Status Conference Statement, 5/19/06

IN SUPPORT OF DEFENDANTS' OPPOSITION TO
*HECKER* PLAINTIFFS' MOTION FOR PERMISSIVE INTERVENTION
AND MODIFICATION OF PROTECTIVE ORDER

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>KEITH WATTLEY Bar No.: 203366<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & ASARO, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>THOMAS NOLAN Bar No.: 169692<br>155 Montgomery Street, 8th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE &<br>McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' STATUS CONFERENCE STATEMENT**<br><br>Date:      May 19, 2006<br>Time       10:00 a.m.<br>Courtroom:  4<br><br>Honorable Lawrence K. Karlton |

# INTRODUCTION

During the last few years, the parties, with the assistance of the Special Master, have reached agreement concerning most of defendants' extensive revisions and improvements to the 1997 Program Guides. See 1/3/06 Special Master's Report and Recommendations on Defendants' Revised Program Guide; 3/3/06 Order at ¶ 1 (Ordering defendants to implement undisputed portions of the revised Program Guides). Nonetheless, a number of areas of dispute remain. This status conference statement outlines the current status of various Program Guide issues that remained open at the time that the Court ordered the undisputed Program Guides implemented in March. *Id.* In addition, this statement outlines the significant procedural issues that must be addressed prior to commencing any litigation over the remaining program guide issues.

Given the current serious emergency conditions resulting from overcrowding, understaffing and failed planning and implementation of necessary resources, the resolution of some of the disputed Program Guide issues should be postponed while the Court, the Special Master and the parties address life-threatening problems of basic care.

I. **THE PARTIES HAVE SETTLED OR MADE PROGRESS IN RESOLVING A NUMBER OF PROGRAM GUIDE DISPUTES SINCE THE MARCH 3, 2006 ORDER WAS ENTERED AND SINCE THE APRIL 26 AND 27 HEARINGS. IT IS APPARENT THAT AGREEMENTS ON SEVERAL REMAINING ISSUES MAY STILL BE REACHED**

The parties have made considerable progress in reducing the scope of the program guide disputes in recent months. The parties have settled the following three issues:

- **Use of Video Monitoring As Sole Method of Observation During Suicide Watch**– Defendants have agreed to suspend this practice indefinitely and the parties have agreed to new Program Guide language. 5/4/06 Program Guide Revision at 12-10-16 and 12-10-17.
- **Correctional Officer's Duty to Provide CPR** – The parties have agreed to Program Guide language on this issue. 5/4/06 Program Guide Revision at 12-10-21.

- **Suicide Precautions** – Defendants have agreed to change the standard for nursing checks for inmates on suicide precautions to require staggered checks not to exceed fifteen minutes apart in accordance with national standards. 5/4/06 Program Guide Revision at 12-10-15.

In addition the parties have made significant progress with respect to the following issues:

- **Psychiatrist Qualifications** – This issue has been resolved with respect to the standards that must be met by new hires. 5/4/06 Program Guide Revision at 12-1-8. The parties have also tentatively reached agreement on a timeframe for a review of the qualifications of existing staff who do not meet the new requirements (12 months). Plaintiffs have not yet reviewed or agreed to the specific program being developed by defendants to review the qualifications of existing staff psychiatrists who do not meet this new standard. At the Special Master's request, the parties have agreed to work on a stipulation resolving this issue to be presented to the Court at the May 19 status conference.

- **Staffing Ratios** – Defendants' proposed basic staffing ratios are largely unchanged from the staffing ratios tentatively approved by the Court in 1999, despite numerous recommendations from the Special Master and Court orders, requiring additional staffing. Plaintiffs and the Special Master have objected to defendants' staffing ratios for all programs as inadequate. The defendants have stated that they will undertake a new workload study to assess the adequacy of the proposed staffing ratios. Attachment A to Program Guides (see 12-1-8). Defendants have yet to commit to a schedule for the completion of the workload study or to describe the scope of the study.

Moreover, despite this Court's March 3, 2006 Order to implement the revised Program Guides, defendants failed to include in the 2006-7 budget staffing that they know is necessary to comply with this Court's Order. During a conference call with the Special Master and plaintiffs on Monday May 15, 2006,

defendants revealed for the first time that they submitted significant staffing augmentation proposals to the Department of Finance for approval in this year's budget, but that these staffing augmentations were rejected by the Department of Finance. Plaintiffs request that the Court schedule a hearing concerning this critical issue as soon as possible.

- **Non-Cage Treatment Option for PSU and EOP Administrative Segregation Inmates** – The defendants have indicated a willingness to consider plaintiffs' request that mental health treatment outside of cages be available for appropriate inmates in the PSU program and in the EOP administrative segregation units. Program Guides at 12-7-8 and 12-9-8 and 12-9-9.

In addition, defendants are still considering modifications to existing policies in the following area:

- **Classification and Discrimination Issues**: Defendants have indicated a willingness to change some of their policies that discriminate against plaintiff class members and also result in plaintiff class members having higher classification points than similar prisoners without mental illness. For example, defendants have stated that they have issued a policy directive concerning EOP inmates earning of point reductions while housed in EOP programs. We also understand that defendants are considering opening EOP programs for Level I and II inmates. It remains unclear whether defendants, in accordance with the Special Master's recommendation, are willing to end their discriminatory practice of adding four points in reception for each prisoner with mental illness. See generally, Program Guide Chapter 2 (reception center processing) and Chapter 4 (EOP programs).

As a result of the continued negotiations, the scope of the remaining Program Guide dispute resolution process (including necessary discovery) has already been substantially reduced. As indicated, additional agreements appear possible, resulting in even fewer issues in

dispute. The parties and the Special Master should take the time to reexamine the remaining disputes and determine whether, in fact, additional agreements may be possible.

## II. THERE ARE A NUMBER OF PROCEDURAL ISSUES THAT NEED TO BE ADDRESSED.

There are a number of procedural issues that need to be addressed by the Court. In addition, the parties, the Special Master and the Court should reach attempt to reach agreement on a dispute resolution process to address the remaining disputes and a schedule for any related hearings.

- Discovery: Plaintiff's counsel has made a number of proposals to reduce the burden of discovery in connection with future Program Guide Hearings. The scope of discovery has already been substantially reduced by the agreements reached by the parties as noted above. Defendants, however, have restated their position that NO DISCOVERY WHATSOEVER is appropriate, without providing any grounds for their position or making any proposals for alternatives to plaintiffs' discovery plan. Plaintiffs have suggested various means for reducing discovery including, for example, the selection of representative institutions on certain issues, or agreeing to a statement of stipulated facts upon which an issue could be presented for decision. Plaintiffs' counsel must be given a means to obtain admissible evidence in support of the positions to be presented to the Court for decision. We suggest that Magistrate Judge Moulds or a discovery referee be appointed to resolve ongoing disputes. However, it is necessary for this Court to establish the fundamental right of plaintiffs' counsel to conduct reasonable and focused discovery. See Federal Rule of Civil Procedure 26 (b) ("*Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action*"); see, e.g., 3/11/04 Stipulated Order for Permanent Injunctive Relief in *Valdivia v Schwarzenegger* at ¶ 25 (providing for remedial

phase discovery); 9/20/96 Remedial Order in *Armstrong v. Schwarzenegger*, N.D. Ca Case No C-94-2307 CW at ¶ D (providing for remedial phase discovery).

- Order of Reference Issues: The December 11, 1995 Order of Reference is not in compliance with amendments to Federal Rule of Civil Procedure 53 that were passed in 2003. Plaintiffs have proposed an Amended Order of Reference to the Special Master and the defendants. While the Special Master did not raise objections, defendants oppose the changes. A process for the Court to decide this important procedural issue is necessary. Defendants confirmed that they remain opposed to the proposed changes in a conference call on Monday May 15, 2006.

- Access to Information: Plaintiffs do not receive copies of the vast majority of documents provided to the Special Master by defendants which are the foundation of the Special Master's Progress Reports and recommendations to the Court. Defendants have refused to provide copies of the documents. This issue must also be decided by the Court. Defendants confirmed that they remain unwilling to provide copies of tour binders to plaintiffs in a Monday May 15, 2006 conference call.

- Procedure for Presenting and Testing the Special Master's Findings and Recommendations: Related to the issues of the Order of Reference and Access to Information is the need for an open and fair procedure for the parties to understand the factual basis of the Special Master's Findings. The current process does not provide sufficient information concerning the facts and observations relied upon by the Master, or the type or scope of expert opinions that informed the Special Master in both his findings and recommendations.

Assuming that the Court will take into account the Special Master's recommendations concerning disputed Program Guide Issues, in what form will the Special Master's recommendations be presented? If the Special Master's

recommendation is based in whole or in part on communications with his staff which he relies upon as experts, how will the underlying expert opinion be presented? Plaintiffs' proposed order of reference sets forth one procedure and other models are available. It is important, however, that the Court mandate a process (in the event that an agreement cannot be reached) so that the Court's orders on these important issues are not vulnerable on appeal. The process should include, at minimum, equal access to relevant information and documents, the opportunity to cross-examine witnesses, including expert witnesses relied upon by a party or the Special Master, and the opportunity to present the Court with additional expert testimony and information.

- <u>Scheduling Issues</u>: A schedule for discovery and hearings on the remaining disputed program guide issues should be developed. After a brief (two to three months) period for final negotiations, some issues are ripe for determination with minimal discovery.

Given the current state of emergency in the CDCR caused, at least in part, by overcrowding, and the serious level of understaffing and bed shortages in many of the critical areas of mental health care, Program Guide dispute resolution of some issues should be postponed until the CDCR can bring the level of care to near the basic standards that it proposes. Defendants, to date have not obtained the necessary resources to comply with Program Guide standards, despite the issuance of the Court's recent Order that the revised Program Guide be implemented. In any event, existing CDCR salary levels are insufficient to hire the newly allocated staff. Thus, until the CDCR can implement the disputed programs at the treatment level it proposes, evaluating the adequacy of those levels is premature.

There are several classification and discrimination issues that might be resolved with additional attention from this Court. For example, the defendants might in this case agree or be ordered to stop adding four points to the

|     |     |
| --- | --- |
| 1   | classification point score given at reception to incoming inmates with psychiatric |
| 2   | conditions. As the Court is aware, some of these issues are pending not only in |
| 3   | this action but in have also been raised in several other cases. These have been |
| 4   | related to this Court by its Order dated May 2, 2006 (relating the following cases |
| 5   | to each other and to Coleman: *Hecker v. California Department of Corrections* |
| 6   | *and Rehabilitation et al*, E.D. Case No. S-05-2441, *Klemaske v. California* |
| 7   | *Department of Corrections and Rehabilitation et al.*, E.D.Case No S-04-1750, |
| 8   | and *Wilson v. Woodford, et al.*, E.D. Case No S-05-0876). As discovery |
| 9   | proceeds on these specified matters in either this case or in the new cases, |
| 10  | Plaintiffs are willing to stipulate that such discovery is admissible in either case |
| 11  | in the interest of efficiency. |

Plaintiffs look forward to a constructive discussion of these issues at the May 19, 2006 Status Conference.

Dated: May 16, 2006

Respectfully submitted,

*/s/ Michael W. Bien*

Michael W. Bien, Esq.
Rosen, Bien & Asaro, LLP
Attorneys for Plaintiffs