Ronald Yank, No. 041200
Laurie Hepler, No. 160884
Gregg McLean Adam, No. 203436
Jennifer S. Stoughton, No. 238309
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:    415.989.5900
Facsimile:     415.989.0932
Email:          ryank@cbmlaw.com
                    lhepler@cbmlaw.com
                    gadam@cbmlaw.com
                    jstoughton@cbmlaw.com

Benjamin C. Sybesma, No. 103380
Christine Albertine, No. 141033
**CALIFORNIA CORRECTIONAL
PEACE OFFICERS' ASSOCIATION
LEGAL DEPARTMENT**
755 Riverpoint Drive, Suite 200
West Sacramento, California 95605-1634
Telephone:    916.372.6060
Facsimile:     916.372.9805
Email           ben.sybesma@ccpoa.org
                    christine.albertine@ccpoa.org

Attorneys for Amicus Curiae
California Correctional Peace Officers' Association

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. Civ S 90-0520 LKK-JFM |
| Plaintiffs, | **AMICUS CURIAE BRIEF OF CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | Date:   December 11, 2006<br>Time:   10:00 a.m.<br>Place:  Ctrm 4<br>Judge: Hon. Lawrence K. Karlton |
| Defendants. | |

*Amicus curiae* California Correctional Peace Officers' Association ("CCPOA") supports Plaintiffs' Motion to Convene a Three-Judge Panel to Limit Prison Population. CCPOA supports an inmate population cap because the overcrowding in California's prisons presents increasingly unsafe working conditions. CCPOA seeks not

to attribute blame here, only to add its voice to those who point out that the system is broken (although the Union has been saying this for years). With no other feasible fix in sight, an inmate population cap offers some possibility of safer working conditions for CCPOA represented employees.

CCPOA is the exclusive representative, pursuant to the Ralph C. Dills Act (California Government Code §§3512 *et seq.*), of approximately 28,000 correctional officers, youth correctional officers, medical technical assistants, correctional counselors and parole agents in State Bargaining Unit 6 ("Unit 6"). CCPOA is also a recognized supervisor representative for approximately 2,000 supervisors of Unit 6 personnel under the Excluded Employees Bill of Rights Act (California Government Code §§ 3525 *et seq.*). The men and women CCPOA represent work in every correctional facility in the State of California. Every day they bear witness to the impact of overcrowding on the conditions inside the prisons as they affect both inmates and staff.

The overcrowding in California prisons is universally recognized. Governor Schwarzenegger's October 4, 2006 Proclamation (relied on extensively by Plaintiffs) cites custody levels far above the design capacity of the vast majority of California prisons. Based on California Department of Corrections and Rehabilitation's ("CDCR") own figures, these conditions of overcrowding have resulted in, *inter alia,* increasing inmate-on-inmate assaults, prison gang activity, and inmate-on-staff assaults.

CCPOA believes that all inmates are adversely affected by overcrowding. Double and triple bunking is now commonplace, canceling inmate programs is routine, and lockdowns and limitations on exercise are the norm. These conditions create discontent among inmates and present serious safety concerns to both inmates and staff.

The experience of CCPOA also suggests that inmates with mental health issues suffer disproportionately more harm than regular inmates from overcrowding. Overcrowding effectively thins staffing and adversely affects the quality of custody for inmates with mental health issues. Such inmates require extra care in all facets of their custody. The demands on correctional officers as described herein, inevitably

compromises Unit 6 employees' ability to provide this extra level of care to inmates with mental health issues.

CCPOA cautions the Court and the parties that a population cap, in and of itself, will not fix the overcrowding problem. CCPOA believes that, while potentially a step in the right direction, a population cap would only work if it were implemented in tandem with staffing reforms. For example, Unit 6 is currently three-to-four thousand correctional officers below its staffing needs. This has resulted in CDCR routinely ordering mandatory overtime of up to eight extra hours for correctional officers. This adversely affects, among other things, the eating and sleeping patterns of employees, and physically compromises those who work in arguably the most difficult working environment in the state. Correctional officer training is also being adversely impacted by the overcrowding and understaffing crisis.

Accordingly, even if the prison population were not overcrowded, the present level of understaffing would still create an adverse impact on inmate custody. An additional three or four thousand correctional officers would only bring California up to a ratio of approximately one officer to six inmates, whereas the national average is close to one officer to four inmates. Structurally, a great part of the problem is that staffing is supply driven, i.e., by budget, rather than demand driven, i.e., by inmate population levels. As a result, when budgetary problems arise, staffing levels are often the first area to suffer.

Understaffing adversely impacts correctional staff and inmates as much as overcrowding. Inadequate staffing effectively leads to the same cutbacks described above as overcrowding.

With respect to long-term solutions, CCPOA believes that adequate staffing is essential to ensure that inmates receive custody that complies with CDCR's legal obligations. CCPOA believes that the only way to ensure adequate staffing is to develop and implement some form of standardized staffing matrix. A staffing matrix would require a certain number or correctional officers depending upon the prison population.

1 | Such a solution would not be a straight inmate/officer ratio, but instead would take into
2 | account factors such as the custody level of the inmate population. After all, Level Four
3 | inmates create greater custody needs, i.e., increased staffing, than do Level Two inmates.

4 | Dated: December 4, 2006

5 | CARROLL, BURDICK & McDONOUGH LLP

7 | By  /s/ Gregg McLean Adam
  |     Ronald Yank
8 |     Laurie Hepler
  |     Gregg McLean Adam
9 |     Jennifer S. Stoughton
  | Attorneys for Amicus Curiae
10 | California Correctional Peace Officers'
   | Association