BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Facsimile: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                     Plaintiffs,<br><br>       v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                     Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DECLARATION OF LISA TILLMAN IN SUPPORT OF OPPOSITION TO MOTION TO CONVENE THREE-JUDGE PANEL TO LIMIT THE PRISON POPULATION**<br><br>Hearing:       December 11, 2006<br>Time:           10:00 a.m.<br>Courtroom:  Four<br>Judge:         The Honorable<br>                    Lawrence K. Karlton |

I, Lisa Tillman, declare:

1.   I am an attorney licensed to practice before all the courts of the State of California and am admitted to practice before the United States District Courts for the Northern, Eastern and Southern Districts of California.  I am the deputy attorney general assigned to represent the Defendants in this matter.

2.   I have personal knowledge of the facts stated in this declaration and could testify to them.

DEC. TILLMAN IN SUPPORT OPPO MOTION THREE-JUDGE PANEL

1

3. I have reviewed the court orders issued in this case since judgment was rendered in 1995. None of the court orders direct Defendant CDCR to develop a plan or adopt any particular procedure to limit the overall population of the CDCR prison system.

4. Rather, the court orders are consistently focused on development of the integral components of a constitutionally-adequate mental health care system: sufficient and qualified mental health care staff, appropriate policies and procedures for mental health care, accurate record and data management, and sufficient licensed and unlicensed beds for mental health patients.

5. In the past year, Defendants have received court orders and submitted or are submitting plans on the cornerstones of a constitutionally-adequate system. Those orders fill a three-inch binder in my office.

6. My office has submitted, on behalf of Defendants, plans in response to those court orders. Those plans include, by category, the following:

**a. Appropriate Mental Health Care Policies and Procedures**

Just ten months ago, this Court approved the Revised Program Guide and directed immediate implementation of its statement of policies and procedures for mental health care. (Order, 3/3/06.) Training to implement the Revised Program Guide has commenced. (Ex. 2, 11/13/06 memorandum.)

**b. Qualified Mental Health Care Clinicians.**

Just ten months ago, this Court ordered Defendants to submit a plan for reducing the rate of vacancies among psychiatrists system-wide. (Order, 3/3/06.) At the same time, this Court directed Defendants to expand the Division of Correctional Health Care Services' central office mental health staff to meet the growth and present size of the CDCR mental health staff and caseload. In the following months, this Court directed Defendants to incorporate and seek funding for mental health staffing necessary to implement the Revised Program Guide (Order 6/21/06) and approved a stipulated process for evaluation of psychiatrists (8/11/06.)

Defendants submitted plans to meet those orders. Defendants' response to the

1  sixteenth round recommendation for systemwide enhancement of pay for mental health
2  clinicians is due on December 7, 2006

        **c.**    **Sufficient Beds For Mentally Ill Inmates.**

Just ten months ago, this Court ordered Defendants to submit a set of plans to address the needs of two categories of inmate-patients: the first, those in need of acute and intermediate inpatient beds, and the second, those in need of mental health crisis beds. (Order, 3/3/06.) Shortly later, this Court directed Defendants to submit additional bed plans: a plan for providing mental health care to certain mentally ill inmates in reception centers, a plan for the interim provision of intermediate inpatient and mental health crisis beds and an amended long term plan based on current population projections. (Orders, 5/2/06.)  Further, Defendants were ordered to coordinate their compliance efforts, particularly those involving bed planning, with the Receiver appointed on April 17, 2006 in *Plata v. Schwarzenegger*, USDC N.D. Cal. Case No. C01-1351 THE. (Order, 6/8/06.)

Defendants have submitted plans to address the bed needs of mentally ill inmates. On April 17, 2006, Defendants submitted a plan for the of acute and intermediate inpatient beds as well as a plan for the  provision of Mental Health Crisis Beds (MHCB).  On June 15, 2006, an interim intermediate inpatient and mental health crisis bed plan was submitted.  On June 30, 2006, the amended revised long-term bed plan submitted.  On July 31, 2006, the plan for providing enhanced outpatient care to reception center inmates was provided.

Some of the bed plans have already been implemented, such as the activation of additional beds at Salinas Valley State Prison and the swap of acute beds at California Medical Facility and Atascadero State Hospital.  Other plans remain to be implemented under self-imposed deadlines, such as the activation of  additional mental health beds at Mule Creek State Prison and California State Prison, Sacramento.  Further, Defendants have secured a contract with Navigant to provide ongoing population forecast services.  Work is underway on the amended long-term bed plan due on December 19, 2006.

In response this Court's October 2006 to coordinate the design-build construction efforts of *Coleman* and *Plata*, joint meetings are being held, often with Plaintiffs' counsel in

DEC. TILLMAN IN SUPPORT OPPO MOTION THREE-JUDGE PANEL
3

1 attendance, to address bed planning issues.

### d. Appropriate Means of Addressing Suicide Issues

Defendants' plan to address suicide trends was developed in collaboration with the Special Master, Plaintiffs' counsel and their experts. The plan was submitted on October 2, 2006. Upon receipt of objections to certain aspects of the plan, Defendants agreed to adopt many of Plaintiffs' recommendations. (Def. Response to Plf. Objections, filed 12/1/06.) Defendants have already implemented portions of the plan, such as the commencement of thirty-minute welfare checks, and are scheduled to implement other portions of the plan, such as prescreening placement of inmates endorsed for administrative segregation units. (*Id*.)

Further, I worked closely with Plaintiffs' counsel in obtaining a stipulation to the use of one-to-one monitoring of inmates at risk for suicide. This stipulation became an order of the Court on July 6, 2006.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 4, 2006                    By: _/s/ *Lisa Tillman* __
                                                Lisa Tillman

30193420.wpd
CF1997CS0003