1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 327-7872
8   Facsimile: (916) 324-5205
    Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' RESPONSE TO SPECIAL MASTER'S SIXTEENTH REPORT ON DEFENDANTS' COMPLIANCE WITH PROVISIONALLY APPROVED PLANS, POLICIES AND PROTOCOLS** |

Defendants hereby respond to the two recommendations stated in Special Master Keating's Sixteenth Report on Defendants' Compliance with Provisionally Approved Plans, Policies and Protocols, as follows:

**Recommendation One:**

Defendants should prepare and submit to the special master within 30 days a plan for increasing the compensation provided to CDCR's mental health clinicians, including psychiatrists, psychologists, psych social workers, psych techs, occupational and recreational therapists, RNs, LVNs and medical transcribers, as well as supervisors in all of these categories,

to make the salaries paid to mental health clinicians competitive with comparable positions in the private sector or, where applicable, commensurate with the pay in comparable categories of CDCR's medical staff. The plan should include a timetable for its adoption and implementation by no later than March 31, 2007, with the increases made retroactive to January 1, 2007. If the plan requires a waiver of any State statute(s), said statute(s) should be explicitly enumerated and identified in the defendants' plan.

**Response to Recommendation One:**

Defendants submit the attached matrix of salary increases, compiled by the California Department of Corrections and Rehabilitation (CDCR), for the stated mental health classifications, per your recommendation. (Ex. A). Although Defendants are hopeful that increasing salaries will assist in the State's hiring efforts, Defendants are also mindful that salary alone may not solve the current vacancy-rate problem.

a. The attached compensation increases, if so ordered by the Court, would supersede all existing recruitment and retention compensation provided to any and all of these indicated job classifications in any and all institutions throughout the CDCR system, including any retention and recruitment compensation provided by the court orders generated in the case of *Madrid v. Tilton*. The attached compensation increases, if so ordered by the Court, would also supersede the psychiatrist longevity pay provided by pay differential number 325.

b. The attached compensation increases would be effective as follows for these indicated classifications:

  i. <u>Chief Psychiatrist C&RS), Safety - 9744; Senior Psychiatrist Supervisor C&RS), Safety -9761; Senior Psychiatrist Specialist C&RS), Safety -9759; Staff Psychiatrist C&RS), Safety -9758</u>

  • If the *Coleman* salary increases were made effective **as of** January 1, 2007 or later, no modification will be needed as the negotiated 7.5% equity adjustment effective January 1, 2007 would be implemented prior to the proposed salaries for the new Psychiatrist series.

  • If the *Coleman* salary increases were made effective **prior** to January 1, 2007 the

proposed salaries should be reduced by 7.5%. Effective January 1, 2007, the negotiated 7.5% equity adjustment would be implemented.

ii. <u>Chief Psychologist, CF-9859; Senior Psychologist, CF (Supervisor) -9288; Senior Psychologist, CF (Specialist) 9287; Psychologist - Clinical, CF -9283</u>

- If the *Coleman* salary increases were made effective **as of** January 1, 2007 or later, no modification would be needed as the negotiated 5% equity adjustment effective January 1, 2007 would be implemented prior to the proposed salaries for the Psychologist classes.

- If the *Coleman* salary increases were made effective **prior** to January 1, 2007 the proposed salaries should be reduced by 5%. Effective January 1, 2007, the negotiated 5% equity adjustment would be implemented.

iii. <u>Senior Psychiatric Technician, Safety- 8252; Psychiatric Technician, Safety - 8253</u>

- If the *Coleman* salary increases were made effective **prior** to July 1, 2007, the court-ordered salary will be reduced by 5% on July 1, 2007. Effective July 1, 2007, the negotiated 5% equity adjustment would be implemented.

c. That certain state law requirements must be waived by this Court for the sole and limited purpose of enabling Defendants to direct the implementation and adjustment of the attached salaries indicated in the attached matrix for the referenced job classifications:

- California Government Code sections: 19816, 19826, 19829, 19832, 19836, 3516.5, 3517
- California Code of Regulations: Title 2, section 599.681

**Recommendation Two:**

Defendants should be required to review their "Procedures for Mental Health Assessment of Inmate Indecent Exposure and Treatment for Exhibitionism," dated October 10, 2004. The defendants should consider the concentration of the department's inmates with exhibitionism or a paraphilia associated with exhibitionist behaviors in a smaller number of regional institutions in order to focus staff with requisite training and skills to provide the treatment services not

presently available in many CDCR institutions. Institutions should be provided with specific direction on the appropriate security measures that need to be adopted, including, if deemed necessary, a requirement for the creation of an internal high-level custody and mental health committee to review local incidents involving indecent exposure or exhibitionism. The defendants should inaugurate a re-thought, fully staffed program for inmates with exhibitionism or a paraphilia associated with exhibitionist behaviors in at least three institutions by July 1, 2007.

**Response to Recommendation Two:**

Defendant California Department of Corrections and Rehabilitation (CDCR) does not object to the recommendation to review its "Procedures for Mental Health Assessment of Inmate Indecent Exposure and Treatment for Exhibitionism," dated October 10, 2004, and to consider the concentration of the department's inmates with exhibitionism in a smaller number of regional institutions in order to focus staff with requisite training and skills to provide the treatment services.

Defendant *does not* at this time commit to providing a program for "inmates with exhibitionism or a paraphilia associated with exhibitionist behaviors in at least three institutions by July 1, 2007." Defendant does commit to designating resources from Classification Services and the Division of Correctional Health Care Services to reviewing the custody levels, medical care needs, and any other mental health needs of inmates already diagnosed with exhibitionism within the next 90 days in order to determine the proper number and location of any designated

//
//
//
//
//
//
//
//

DEF. RESPONSE 16TH ROUND RECOMMENDATIONS

4

sites for the care of inmates diagnosed with exhibitionism. Defendant CDCR is willing to report its findings and conclusions to Special Master Keating and Plaintiffs' counsel.

Dated: December 7, 2006

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

JAMES M. HUMES
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

*/s/ Lisa A. Tillman*

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

30194370.wpd
CF1997CS0003