THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227492
600 Harrison St., Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 96891
AMY WHELAN Bar No.: 215675
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

Attorneys for Plaintiffs-Intervenors

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMISSIVE INTERVENTION AND FOR MODIFICATION OF PROTECTIVE ORDER**<br><br>**HEARING**<br><br>Date: December 14, 2006<br>Time: 11:00 a.m.<br>Place: Courtroom 25, 8th Floor<br><br>The Honorable John F. Moulds |

I, Michael W. Bien, declare as follows:

1. I am an attorney at law admitted to practice before all the Courts of the State of California, a partner in the firm Rosen, Bien & Galvan, LLP ("RBG"), counsel of record and co-lead counsel for the plaintiffs in *Hecker et al. v. Schwarzenegger et al.*, Case No. 2:05-CV-02441 LKK-JFM (the "*Hecker* Plaintiffs"), and counsel of record and co-lead counsel for the plaintiffs in *Coleman et al. v. Wilson et al.*, Case No. CIV 90-0520 LKK-JFM (the "*Coleman* Plaintiffs").

2. I make this declaration in reply to defendants' opposition to the motion of the *Hecker* Plaintiffs to intervene in this action for the limited purpose of modifying the *Coleman* protective order ("Def. Opp."). I have personal knowledge of the matters set forth herein and if called as a witness I could and would competently so testify.

3. The *Hecker* Plaintiffs allege that the *Hecker* defendants have violated, and continue to violate, their statutory right to freedom from discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

4. Defendants state that the *Hecker* complaint "is allegedly brought on behalf of participants in the mental health services delivery system at eight facilities." Def. Opp. at 5:27-28. The putative plaintiff class in *Hecker* is not limited to inmates at eight institutions, but is composed of all CDCR inmates with psychiatric disabilities who are excluded from any prison program, service, or activity on the basis of disability.

5. The *Hecker* Plaintiffs filed their original complaint on December 1, 2005.

6. The *Coleman* plaintiffs are engaged in a remedial phase, pursuant to the Court's determination that the *Coleman* defendants (state officials responsible for the operation of the CDCR) have violated their rights under the Eighth and Fourteenth Amendments to the United States Constitution.

7. To date, neither the ADA nor the Rehabilitation Act claims have ever been litigated in the *Coleman* case.

8.  The *Hecker* plaintiffs seek to redress new instances of official misconduct that have occurred since the *Coleman* trial.

9.  Defendants claim that Plaintiffs filed *Hecker* "[i]n the wake of [the] denial" of a motion for post-judgment discovery in *Coleman*. Def. Opp. 2: 4-5. As stated above, the original *Hecker* complaint was filed in December of 2005, nearly nine months before the order referred to by Defendants. On September 28, 2006, Judge Moulds denied the *Coleman* plaintiffs' motion for post-trial production *without prejudice*, ruling that the discovery issue was not ripe and that "unless or until an objection is filed, there is no factual or legal context in which the court can properly evaluate whether particular discovery is appropriate." Attached hereto as **Exhibit A** is a true and correct copy of Judge Moulds's 9/28/06 Order.

10. Defendants state that they "have produced detailed and voluminous [*Coleman*] documents on a yearly, monthly, biweekly, weekly and, sometimes, contemporaneous basis." Declaration of Lisa Tillman in Support of Def. Opp. ("Tillman Decl.") at ¶ 5. Although obligated to do so, Defendants have not produced the monthly documents containing statistical information and reports in *Coleman* since July 2006 and are similarly behind in their production of biweekly reports required by the Court.

11. Defendants state that "during every monitoring tour, Defendants provide Special Master Keating with statements describing the status and sufficiency of each facility's mental health services delivery system for that tour in qualitative and quantitative terms." Tillman Decl. at ¶ 6. While Defendants do produce statements on mental health services and related materials to Special Master Keating in conjunction with monitoring tours, counsel for the *Coleman* plaintiffs do not receive copies of these materials unless present for the tours themselves.

12. Although the office of the Special Master conducts approximately 66 annual monitoring tours, plaintiffs' counsel is only permitted to accompany the Special Master on seven (7) of these tours annually.

13. Defendants state that "Special Master Keating has produced an annual report on suicides completed within CDCR, with an appendix of the case studies containing detailed

1  information on each involved patient." Tillman Decl. at ¶ 7.  This report is a public document,

2  accessible on the Court's docket by any PACER user.  For example, the most recent such

3  annual report filed with the court is Docket No. 1806.

4     14.    Attached hereto as **Exhibit B** is a true and correct copy of the Court's May 5,

5  2005 Order in *Coleman,* entering a protective order for confidential information produced by

6  the *Coleman* defendants in response to the Court's March 7, 2005 directive.  We do not seek

7  modification of this protective order by this motion to intervene.

8     15.    We are not seeking, though this motion, to force the Department of Finance and

9  the Department of Mental Health to search their files or produce any documents.  Nor do we

10 seek access to any Department of Finance documents that are under seal.

11    16.    Counsel for the plaintiff classes in *Hecker* and in *Coleman* have never allowed

12 any class member to review personal or confidential information about another class member.

13 Counsel has no intention of doing so in the future.  The protective order in *Coleman* precludes

14 such sharing of confidential information.

15    I declare under penalty of perjury that the foregoing is true and correct and that this

16 declaration is executed in San Francisco, California on December 8, 2006.

                                            */s/ Michael W. Bien*
                                            Michael W. Bien