# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

No. CIV S-90-0520 LKK JFM P

ORDER

    This matter came on for hearing on August 17, 2006 on plaintiffs' motion for leave to conduct discovery and for production of copies of tour binders and documents, and for discovery conference pursuant to Fed. R. Civ. P. 26(f). Michael Bien, Esq. and Jane Kahn, Esq. appeared as counsel for plaintiffs. Deputy Attorney General Lisa Tillman appeared as counsel for defendants.

    By their motion, plaintiffs seek leave of court to conduct discovery in connection with final approval of disputed provisions of defendants' Revised Program Guide and production of a copy of all tour binders provided to the Special Master and his monitors during compliance tours at prison facilities.[1] Defendants oppose plaintiffs' motion.

---

[1] The first issue implicates the discovery conference set before this court by the district court in an order filed May 25, 2006.

1

1          By order filed September 13, 1995, the district court adopted this court's findings and recommendations finding that defendants were violating the Eighth Amendment in their delivery of mental health care to seriously mentally ill inmates in the California Department of Corrections.[2] See Coleman v. Wilson, 912 F.Supp. 1282 (E.D. Cal. 1995). Thereafter, the matter was referred to a special master for development of remedial plans and monitoring of defendants' compliance therewith. In 1997, the district court provisionally approved remedial plans for the delivery of mental health care to seriously mentally ill inmates in the CDCR and for the past nine years the special master and his team of experts and monitors have been monitoring defendants' compliance with those provisionally approved plans, and, in the last four years, working on updating those plans for final approval by the district court. (See Special Master's Report and Recommendation on Defendants' Revised Program Guide, filed September 3, 2006, at 2.)

          On February 3, 2006, the special master filed a report and recommendation tendering to the district court a Revised Program Guide. In his report, the special master represented that he and the parties had agreed to "95 percent" of the Revised Program Guide and were therefore seeking final approval by the district court of that much of the revised Program Guide. (Id. at 4.) As to the other five percent, the special master recommended initiation of a process by which those issues could be heard and resolved by the court. (Id. at 4, 11.)

          On February 17, 2006, plaintiffs filed objections to the special master's report, detailing from their perspective the outstanding issues remaining for resolution. By order filed March 3, 2006, the district court approved the undisputed parts of the Revised Program Guide and ordered their immediate implementation. The district court also set a status conference for April 26, 2006 to "determine an appropriate procedure for hearing plaintiffs' objections and scheduling these remaining issues for resolution." (Order filed March 3, 2006, at 2.) Following

---

[2] The California Department of Corrections is now known as the California Department of Corrections and Rehabilitation and will be referred to in this order as the CDCR.

1  a representation by the parties that they would "attempt to narrow the issues for discovery in
2  advance of setting a schedule for resolution of issues remaining with respect to the Revised
3  Program Guides," the district court set a further status conference for May 17, 2006. (Order filed
4  May 2, 2006.)

5        The district court's order after the May 17, 2006 status conference contains three
6  provisions relevant to the matters at bar: (1) it set the instant discovery conference and required
7  the parties to file discovery conference statements; (2) it granted the parties additional time to
8  negotiate disputed issues as to those parts of the Revised Program Guide that had not yet
9  received final approval; and (3) it set out a procedure for tendering disputed issues to the court
10 for resolution. In that regard, the order provides:

> At such time as any party determines that a disputed issue is ripe
> for resolution by the court, said party shall file a formal objection
> raising the issue. As appropriate, the party shall designate with the
> objection an expert witness to provide evidence relevant to
> resolution of the objections. The special master and the opposing
> party are granted a period of fifteen days after the filing of a formal
> objection to designate, as appropriate, one expert witness each.
> Whether the parties shall conduct depositions of any experts so
> designated and, if so, the schedule for conducting such depositions,
> shall be addressed at the discovery conference set . . . in this order.
> At the same time, the parties shall also address the schedule for
> filing a request for hearing on any objection filed by the parties
> pursuant to the provisions of this order.

18 (Order filed May 25, 2006, at 2.)

19       The parties frame the first part of plaintiffs' motion as whether plaintiffs are
20 entitled to any discovery at all at this stage of these proceedings. So framed, the answer is
21 perhaps but not yet. The district court's order contemplates the filing of a formal objection as the
22 manner by which the parties will tender to the court a particular disputed issue for resolution.
23 Unless and until an objection is filed, there is no factual or legal context in which the court can
24 properly evaluate whether particular discovery is appropriate. Under the circumstances of this
25 case, the court finds it inappropriate to reopen discovery except, perhaps, in a specific factual and
26 legal context. For this reason, the first part of plaintiffs' motion will be denied without prejudice.

1  As noted above, plaintiffs also seek production of tour binders provided by prison
2  officials to the special master and his monitors, at their request, during monitoring tours of
3  CDCR prisons. Plaintiffs are provided with these tour binders several times a year during the
4  monitoring tours attended by counsel. After review of the papers filed in support of and
5  opposition to the motion, this court finds production of tour binders other than those plaintiffs are
6  already receiving unwarranted at this time. Accordingly, this part of plaintiffs' motion will also
7  be denied without prejudice.

8  In accordance with the above, IT IS HEREBY ORDERED that plaintiffs' July 13,
9  2006 motion for leave to conduct discovery and for production of tour binders is denied without
10 prejudice.

11 DATED: September 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
coleman.disc

**Exhibit B**

1  BILL LOCKYER
   Attorney General of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: (916) 324-5205

9  Attorneys for Defendants

10

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13

| RALPH COLEMAN, et al., | CASE NO. CIV S-90-0520 LKK JFM P |
|---|---|
| Plaintiffs, | |
| v. | STIPULATION AND PROTECTIVE ORDER RE: DOCUMENTS PRODUCED BY DEFENDANTS PURSUANT TO MARCH 7, 2005 ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

20                          **STIPULATION**

21      The parties, by and through their counsels, hereby stipulate as follows:

22  1.      In an order dated March 7, 2005, this Court ordered defendants to forthwith complete

23  and file with the special master its final fact-finding report on allegations of staff misconduct at

24  CSP/Corcoran and a final version of said institution's Use of Force Handbook. The March 7,

25  2005 order further required the defendants to provide on a monthly basis a copy of incident

26  reports at CSP/Corcoran involving the use of force against Mental Health Services Delivery

27  System (MHSDS) caseload inmates, as well as a copy of said institution's Institution Head Use of

28  Force Review Form, with a notation on the disposition for each incident reviewed during the

Stipulation re. Staff Investigations

1

1 preceding month. This stipulation applies to documents produced by defendants in response to
2 this March 7, 2005 court order.

3 2.      The Use of Force handbook has been prepared. The Use of Force handbook discusses
4 institutional security procedures.

5 3.      Defendants assert the disclosure of the institutional security procedures detailed in the
6 Use of Force handbook, absent a protective order, will threaten the defendant's strong interest in
7 preventing the general public, as well as inmate members of the plaintiff class in this case, from
8 having access to information regarding security procedures.

9 4.      The Fact-Finding Report on allegations of staff misconduct identifies by name and
10 employee number the staff members who were investigated. In addition, the Fact-Finding Report
11 identifies by name, CDC number and level of care certain inmates within the Mental Health
12 Services Delivery System. It is anticipated the incident reports at CSP/Corcoran involving the
13 use of force against Mental Health Services Delivery System (MHSDS) caseload inmates, as well
14 as a CSP/Corcoran's Institution Head Use of Force Review Form may also identify by name and
15 employee number staff members who were investigated and by name, CDC number and level of
16 care inmates within the MHSDS.

17 5.      Defendants assert the disclosure of the identities, by name or number, of the staff
18 members who were investigated will, absent a protective order, threaten the privacy interests of
19 defendants' employees. Likewise, the disclosure of the identities of inmates within the MHSDS,
20 by name or CDC number, absent a protective order, threatens the privacy interests of Plaintiff
21 class members.

22 6.      In light of defendants' security and privacy concerns, the parties hereby stipulate that
23 the following provisions shall apply to all Department of Corrections' ("CDC") records that are
24 produced by defendants in response to the referenced March 7, 2005 court order and:

25     a.    identify any inmate within the Mental Health Services Delivery System ("personal
26         information"); and/or

27 /////
28 /////

Stipulation re. Staff Investigations

2

|   |   |   |
|---|---|---|
| 1 | b. | identify any correctional officer or other employee of the CDC as the subject of a past, |
| 2 | | present, or future investigation conducted by CDC staff upon allegations of improper |
| 3 | | use of force ("personnel information"); and/or |
| 4 | c. | are designated by defendants as threatening prison safety and/or security if disclosed |
| 5 | | without protective conditions ("security information"). |

6  7.  All such personal or security or personnel information produced by defendants in
7  response to the March 7, 2005 order shall be regarded as confidential and subject to this
8  Protective Order. Such material is hereinafter referred to as "confidential material" and
9  Defendants agree to place a label or stamp stating "CONFIDENTIAL MATERIAL PRODUCED
10 UNDER COLEMAN PROTECTIVE ORDER OF 4/05" on the first page of each produced
11 document.

12 8.  The confidential material may be disclosed only to the following persons:
13   a.  Counsel of record in the action;
14   b.  Paralegal, clerical and other personnel regularly employed by counsel of record;
15   c.  Court personnel and stenographic reports engaged in such proceedings as are incidental
16       to proceedings in this action;
17   d.  Any outside expert or consultant retained by either party or the Special Master or the
18       Court for purposes of this action;
19   e.  Witnesses to whom the confidential material may be disclosed during a deposition or
20       court proceeding in this matter, provided that the witnesses may not leave any
21       deposition or court proceeding with any copies of any of the confidential material, and
22       shall be informed of and agree to be bound by the terms of the Order and their
23       deposition shall be sealed.

24 9.  Each person described in paragraph 7 (d) and (e), above, to whom disclosure of the
25 confidential material is made shall, prior to the time of disclosure, be provided by the person(s)
26 furnishing such confidential material a copy of this Order, and shall agree on the record or in
27 writing that they have read the Order, understand it, and agree to be bound by its provisions.
28 Such persons must also consent to be subject to the jurisdiction of the United States District

Stipulation re. Staff Investigations

3

Court for the Eastern District of California with respect to any proceeding relating to the enforcement of the Order, including, without limitation, any proceeding for contempt.

10.     At the conclusion of this action, all confidential material, including all copies, will be destroyed or returned to the defendants as directed by defendants' counsel.

11.     All confidential material shall be used solely in connection with the above-captioned action and not for any other purpose, including other litigation, without agreement between the parties and order of the Court, except that personal information may be used without limitation with the consent of the inmate or employee concerned.

12.     Any confidential material filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case caption and title of the document being filed and the following statement: "This document is subject to the April 2005 Protective Order issued by the Court and shall not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file personal or security or personnel information under seal, any party may request that the Court place the document under seal.

13.     Plaintiffs' counsel, and their staff, experts, and consultants shall not make copies of confidential material except as necessary for the purposes of this action. Plaintiffs' counsel shall maintain a record of all persons to whom they have afforded access to confidential material. Defendants may inspect the record upon order of the court. All confidential material shall be stored in a secure location.

14.     No person who has been afforded access to confidential material shall disclose or discuss the contents of the "personal information" material with any person except in connection with their work on the above-captioned case, unless consent has been obtained from the inmate concerned.

15.     Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to "personal information" or "security information" or "personnel information" to which they have access in the normal course of their official duties.

Stipulation re. Staff Investigations

4

1  16. The provisions of this Order are without prejudice to the right of any party to seek by
2  stipulation and/or motion to the Court:
3     (a) for a further protective order relating to any confidential material or discovery in this
4     action;
5     (b) for an order removing the confidential material designation from any document;
6     (c) for an order compelling modifications of the Order or for any order permitting disclosure
7     of confidential material beyond the terms of the Order.
8  17. The provisions of the Order shall remain in full force and effect until this Court orders
9  otherwise.
10    IT IS SO STIPULATED.
11 Dated:                                      /signature on original
                                            LISA A. TILLMAN, ESQ.
12                                     Deputy Attorney General
                                    Attorney for Defendants
13
   Dated:                                 /signature on original
14                                     MICHAEL BIEN, ESQ.
                                    THOMAS NOLAN, ESQ.
15                                     Rosen, Bien & Asaro
                                    Attorney for Plaintiffs
16
   Dated:                                 /signature on original
17                                     STEVE FAMA, ESQ.
                                    Prison Law Office
18                                     Attorney for Plaintiffs
19                                     **ORDER**
20       The above stipulation is hereby the order of this Court.
21 Dated: May 5, 2005.
22                                     /s/ Lawrence K. Karlton
                                    HON. LAWRENCE K. KARLTON
23                                     United States District Court Judge
24
25
26
27
28

Stipulation re. Staff Investigations