PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF JANE KAHN IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE SPECIAL MASTER'S SIXTEENTH MONITORING REPORT AND REQUEST FOR ADDITIONAL ORDER** |

JANE KAHN DECLARES:

1.      I am a member of the Bar of this Court and of the firm, Rosen, Bien & Galvan, one of the attorneys for the plaintiff class in this litigation.  I have personal knowledge of the matters stated herein and if called as a witness I could and would competently so testify.  I make this declaration in support of Plaintiffs' Response to the Special Monitor's Sixteenth Monitoring Report and Request for Additional Order ("Plaintiffs' Response").

2.      Plaintiffs' counsel first received a copy of defendants' "Mental Health Classifications Salary Proposal" on December 5, 2006.  On December 6, 2006, I attended a meeting of the parties which was called by Special Master Keating to discuss pending issues in the case.  In addition to counsel for defendants and numerous representatives of CDCR, also in attendance were representatives of the Governor's Office, the Department of Finance, and several officials from the Department of Mental Health.  Plaintiffs' counsel had a brief opportunity at the meeting to pose questions to defendants about the newly released salary matrix.  At that time, defendants first admitted to the Special Master and plaintiffs' counsel that the new salary matrix would not apply to the salaries of DMH clinicians, which would remain at their existing and substantially lower levels than the new CDCR salaries for the identical clinical mental health positions.  Defendants' attorneys refused to permit the persons in attendance from DMH to respond to questions posed by plaintiffs' counsel concerning whether they, the administrators responsible for the recruitment and retention of clinicians at DMH programs that serve *Coleman* class members, had requested that DMH salaries be increased at the same time as CDCR salaries, or what effect they expected the salary disparity to have on DMH's ability to recruit or retain its clinical staff.  Defendants did admit that they were aware of the risk that DMH programs would lose clinical staffing due to the failure to match the CDCR salary increases, but refused to take any action other than monitoring the DMH staffing levels over time.  Defendants confirmed at the meeting that more than 100 prisoners remain on the waiting list for Level IV Intermediate Care Facility (ICF) inpatient psychiatric care.  The only such beds currently available or scheduled to become available are

H:\0489\3\PLEADING\JK Decl ISO Resp to SM's 16th Report, 489-3, 12-18-06.doc              1

Declaration Of Jane Kahn In Support Of Plaintiffs' Response To The Special Master's Sixteenth Monitoring Report And Request For Additional Order,
No.:  Civ S 90-0520 LKK-JFM

in the DMH programs located inside two prisons - Salinas Valley State Prison (SVSP) and California Medical Facility (CMF).

3. As *Coleman* counsel, I have visited many of the DMH programs and am aware of the location and operation of all of them. DMH operates inpatient psychiatric programs that serve CDCR inmates at a variety of locations throughout the State. Some of the DMH programs are located inside the walls of CDCR prisons and some are free-standing DMH hospitals to which CDCR patients are transported for treatment. Only three DMH programs for CDCR inmates are not located inside prison walls.

4. DMH operates inpatient programs at California Medical Facility at Vacaville (CMF) which are located inside of the prison gates and in the main prison building. The DMH programs at CMF employ hundreds of mental health clinicians and include the most richly staffed programs as they provide the highest level of mental health care. These programs are the acute psychiatric program (APP), the newly expanded Mental Health Crisis Bed (MHCB) program, the Day Treatment Program and several ICF programs that have been recently created in converted regular prison wings (P-wing, for example) in response to this Court's orders, in an attempt to address the critical shortage of inpatient psychiatric beds for CDCR prisoners. In the same building, CDCR operates its own extensive mental health programs that serve the needs of thousands of prisoners in the Enhanced Outpatient Program (EOP), Correctional Clinical Case Management System (CCCMS), and the general population at the same prison. In connection with this Court's newly ordered staffing package to implement the Revised Program Guide, CMF's CDCR programs will be allocated numerous additional positions and will be able to offer the new higher salary levels to attract mental health clinicians to those positions. In addition, CDCR operates a second prison that is physically located on the same property as CMF called Solano State Prison (formerly a wing of CMF called CMF-South), separated only by security fences. Solano has also been allocated new clinical mental health positions and will also be able to recruit and retain at the new salary levels.

5. I visited Salinas Valley State Prison (SVSP) on a monitoring tour from December 13-14, 2006, accompanied by experts and staff of the Special Master and CDCR counsel, Michael Stone. DMH staffs and runs several mental health programs inside the walls of SVSP prison, all at the ICF level of care. While one program, SVPP, is located in a free-standing building (inside the prison gates), DMH, pursuant to this Court's orders, has opened a new ICF program on an emergency basis inside a regular prison housing unit in Facility D. Also located on Facility D are the EOP units and the administrative segregation units, which are programs that will receive additional clinical staffing allocations at the enhanced CDCR pay levels per this Court's recent orders. During the course of the tour, DMH staff reported that they were aware of the proposed CDCR salary increase and had been informed that the increase would not apply to DMH clinicians at SVSP or at any DMH program.

6. During the December 13-14, 2006 tour at SVSP, I visited the ICF DMH unit that has been recently set up in Unit D-6, which was activated in May 2006, on an emergency basis, in compliance with this Court's orders. D-6 is located on a wing of the regular SVSP prison and only minor physical modifications have been made to the Unit to facilitate the DMH program. The unit is less than ideal, with all treatment occurring on the dayroom floor which has been retrofitted to look like treatment space. The DMH program had requested (from the Warden) additional group treatment rooms, but the space that was going to be modified turned out to have insufficient ventilation. DMH remains in negotiation with the Warden for officers to permit outside yard time for the DMH patients in this unit who have not been outside since May 2006. A second SVSP DMH ICF unit of 56 beds, D-5, which is located adjacent to D-6 and will be physically identical to it, is scheduled to be fully occupied by June 2007 and will require numerous additional clinical staff positions. CDCR runs mental health programs for thousands of EOP, CCCMS and general population prisoners at SVSP that also employ numerous mental health clinicians. Some of these programs, such as the EOP program on D-yard, are on an adjacent wing to the DMH programs. During meetings with staff at SVSP, I was informed that they have been allocated many additional staffing positions as a result of this Court's orders and will be able to recruit using the new higher salaries for CDCR

1  clinicians. In addition, a second prison, California Training Facility (CTF) is located on the
2  same property as SVSP and is separated from SVSP by security fences. CTF was also
3  allocated additional new positions and will also be able to offer the higher CDCR salaries.

4        7.     DMH also provides mental health services for CDCR prisoners at Atascadero
5  State Hospital (ASH), at Coalinga State Hospital, and at Patton State Hospital (for women).
6  Each of these DMH facilities is also likely to also lose staff to CDCR if this Court's order is
7  not extended to DMH. Coalinga is a free-standing hospital located on land physically adjacent
8  to a CDCR prison, Pleasant Valley State Prison (PSVP). DMH has previously reported to this
9  Court that it has been unable to open and license all of its beds at Coalinga due to its inability
10 to recruit and retain clinical staff. *See* 4/26/06 Hr'g Test. of Rodriguez at 81 (discussing
11 difficulties encountered in hiring clinical staff). PVSP has been allocated additional positions
12 and will be able to offer higher CDCR salaries to its clinicians. ASH is located within 15 miles
13 of California Men's Colony (CMC), in San Luis Obispo, which houses an extremely large
14 population of EOP and CCCMS prisoners and employs numerous CDCR clinicians. CMC will
15 be allocated numerous additional clinical positions and will be able to offer the higher CDCR
16 salary levels. Similarly, Patton State Hospital is located within 40 miles of the California
17 Institution for Men and within 45 miles of the California Institution for Women, both of which
18 employ numerous CDCR clinicians and both of which will be allocated additional clinical
19 positions and will be able to offer the higher CDCR salaries.

20     I declare, under penalty of perjury, that the foregoing is true and correct and that this
21 declaration is executed in San Francisco, California on December 18, 2006.

23                                            */s/ Jane Kahn*
                                           Jane Kahn