# Exhibit A

RECEIVED
DEC 2 0 2006
Rosen, Bien & Galvan



FILED
DEC 19 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,

    Plaintiffs,

  v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

No. C 94-2307 CW

ORDER GRANTING
MOTION FOR
PERMISSIVE
INTERVENTION AND
MODIFICATION OF
PROTECTIVE ORDER

    Plaintiffs in Hecker v. Schwarzenegger (05-2441 E.D. Cal.) and Coleman v. Schwarzenegger (90-0520 E.D. Cal.) (collectively Intervenors) move for permissive intervention for the limited purpose of seeking modification of the protective order entered in this case on March 23, 1995.  Defendants oppose the motion.  The matter was submitted on the papers.  Having considered all of the papers filed by the parties, the Court GRANTS the motion for permissive intervention and modification of the protective order.

## BACKGROUND

Intervenors are the plaintiffs in two related prison condition cases brought on behalf of prisoners with mental illness in the Eastern District of California. Coleman is a class action against the Governor and other state officials brought on behalf of all California Department of Corrections and Rehabilitation (CDCR) prisoners with serious mental illness. An Eastern District of California court found Eighth Amendment violations in 1995, and a remedial process is ongoing under the supervision of a special master. Hecker is a putative class action filed in December, 2005, on behalf of inmates with mental illness, against California state prison authorities for violations of the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act of 1973.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(b) allows limited intervention for purposes of seeking modification of a protective order. Beckman Indus. v. International Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). Under Rule 24(b)(2), an applicant seeking "permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (citing Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996)). However, satisfaction of this requirement "does

2

not automatically entitle an applicant to intervene." <u>Venegas v. Skaggs</u>, 867 F.2d 527, 530 (9th Cir. 1989). A court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). In addressing this question, a court may consider (1) whether undue delay or prejudice to existing parties will result from the intervention, (2) whether the applicant's interests are adequately represented by existing parties and (3) the interests of judicial economy. <u>Venegas</u>, 867 F.2d at 530-31. Some of these factors are not applicable where, as here, intervention is sought only for the purpose of moving to modify a protective order.

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" and applies relaxed standards of relevance for purposes of this type of limited intervention. <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1131 (9th Cir. 2003); <u>see also</u> <u>Beckman</u>, 966 F.2d at 474.

DISCUSSION

Defendants argue that limited intervention and modification of the protective order are inappropriate in this case because neither <u>Hecker</u> nor <u>Coleman</u> involves sufficiently similar questions of law or fact to <u>Armstrong</u>. However, Intervenors allege that "[m]any of the <u>Armstrong</u> class members are also members of both the <u>Coleman</u> class and the putative <u>Hecker</u> class." Motion at 3. Further, there is substantial overlap among the defendants in each of the cases. Finally, the cases share common issues of law and fact because they

3

seek to remedy violations of the constitutional rights of prisoners with various types of disabilities, whether based on a physical limitation or mental illness, within the same prison system. The Court finds that these similarities satisfy the relaxed requirement of commonality for limited intervention. See Beckman, 966 F.2d at 474.

Most of Defendants' objections to modification of the protective order are based on allegations that the discovery of the information covered by the protective order would be improper in Coleman and Hecker and that they will therefore be prejudiced by the availability of additional evidence against them. Concerns about the propriety of additional discovery in Coleman or the adequacy of the pleadings in Hecker are not appropriately before this Court.

The Court must consider Defendants' reliance on the protective order in agreeing to produce materials in Armstrong. Beckman, 966 F.2d at 475. The purpose of the protective order is to protect the privacy of the prisoners and parolees and to protect the security of the prisons. Attorneys for Intervenors are by and large the same as those for the Armstrong Plaintiffs. Therefore, the question of Defendants' reliance on the protective order relates only to that discovery which might compromise the security of the prisons if allowed in the public record. The Court finds that any such materials will be protected by placing Intervenors under the same use and disclosure restrictions contained in the original order.

The Court finds that modification of the protective order to

4

allow plaintiffs in <u>Hecker</u> and <u>Coleman</u> to access materials protected by the order, pursuant to its terms, is appropriate in this case.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for limited intervention and GRANTS the motion for modification of the protective order (Docket No. 944).[1]

Accordingly, and good cause appearing therefor, the protective order entered in this case on March 23, 1995 is hereby modified in the following manner:

(1) Paragraph 2 shall be modified to add the following subparagraphs:

"g. Individuals as described in subparts (a) through (e) above, in <u>Hecker v. Schwarzenegger</u> (No. 05-2441), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by this Order."; and

"h. Individuals as described in subparts (a) through (e) above, in <u>Coleman v. Schwarzenegger</u> (No. 90-0520), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by this Order."

(2) Paragraph 5 shall be modified to read as follows:

"5. All personal and security information shall be used solely in connection with this litigation or in connection with

---

[1] Because Federal Rule of Evidence 201 permits the court to take judicial notice of the court files and records in another, pending federal action, the Court GRANTS Defendants' motion for judicial notice of excerpts from the court files in <u>Coleman</u> and <u>Hecker</u>. (Docket No. 998).

5

1 | Valdivia v. Schwarzenegger (No. 94-0671) or Hecker v.
2 | Schwarzenegger (No. 05-2441) or Coleman v. Schwarzenegger (No. 90-
3 | 0520), all cases currently pending in the United States District
4 | Court for the Eastern District of California, and not for any other
5 | purpose, including litigation."
6 | (3)   The following sentence shall be added to the end of paragraph
7 | 6:
8 |     "The procedures of Local Rule 79-5 shall be followed."
9 |     Intervenors shall submit an updated protective order, approved
10| as to form by Defendants, including the above changes as well as
11| the amendments for the Plata and Valdivia litigation.

13|     IT IS SO ORDERED.

15| Dated:  DEC 19 2006

                                    CLAUDIA WILKEN
                                    United States District Judge

6