IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

         Plaintiffs,                No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER,
et al.,

         Defendants.           <u>ORDER</u>

_____/

        This matter came on for hearing on December 14, 2006 on the motion of Robert Hecker, et al. pursuant to Federal Rules of Civil Procedure 24(b) and 26(c) for permissive intervention in this action for the limited purpose of obtaining modification of the protective order filed herein on July 29, 1992, and for modification of said protective order.[1]  Michael Bien, Esq. appeared as counsel for plaintiffs in this action and as counsel for moving parties Robert Hecker, et al.  Lisa Tillman, Deputy Attorney General, and Paul Mello, Esq. appeared as counsel for defendants.

/////

_____

   [1]  The moving parties are plaintiffs in another action pending in this court, <u>Hecker v. California Department of Corrections and Rehabilitation, et al.</u>,, Case No. CIV S-05-2441 LKK JFM P (hereafter "<u>Hecker</u>").

Federal Rule of Civil Procedure 24(b) "permits limited intervention" in an action to seek modification of a protective order. <u>Beckman Industries, Inc. v. International Ins. Co.</u>, 966 F.2d 470, 472-73 (9th Cir. 1992). In order to obtain permissive intervention in this action, the <u>Hecker</u> plaintiffs must demonstrate that there is a nexus between this action and theirs that is sufficient to satisfy the "commonality requirement" of Rule 24. <u>Id</u>. at 474.[2] Where, as here, intervention is sought in order to seek modification of a protective order, that requirement is satisfied on a showing of "the importance of access to documents prepared for similar litigation involving the same parties." <u>Id</u>. at 474. In addition, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

The nexus between this action and <u>Hecker</u> is apparent. The plaintiffs in this action (hereafter "the <u>Coleman</u> class") are a class of "all inmates with serious mental disorders who are now, or who will in the future be, confined within the California Department of Corrections." (<u>See</u> Order filed July 23, 1999.) For over ten years the parties in this action have been working to remedy constitutional violations in the delivery of mental health services to class members. The plaintiffs in <u>Hecker</u> are all members of the <u>Coleman</u> class. (<u>See</u> Ex. D to Declaration of Michael W. Bien in Support of Notice of Motion and Motion by Robert Hecker, et al. for Permissive Intervention and for Modification of Protective Order, filed November 9, 2006.) The <u>Hecker</u> plaintiffs allege various violations of their rights under the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 as a result of their participation in the California Department of Corrections and Rehabilitation's mental health services delivery system (<u>See</u> <u>id</u>.)

In addition, defendants in <u>Hecker</u> have recently moved to dismiss that action. Several of the arguments advanced by the <u>Hecker</u> defendants in support of the motion to dismiss

---

[2] <u>Beckman</u> also notes the requirement of "a timely motion." <u>Id</u>. The timeliness of the instant motion is not disputed.

are predicated on the relationship between that action and this one.  (<u>See</u> Defendants'
Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiffs' Complaint
and Motion to Strike Allegations, filed November 17, 2006, in <u>Hecker</u> .[3])  Defendants'
opposition to the instant motion is also grounded in the nexus between this action and the <u>Hecker</u>
case.  In particular, defendants contend that this action has a res judicata effect on the claims
raised in <u>Hecker</u>, and that the <u>Hecker</u> plaintiffs, as members of the <u>Coleman</u> class, are bound by
the orders in this action and should not be allowed to relitigate those orders in a new action.[4]

Defendants rest their opposition to the proposed intervention on assertions of
prejudice that are not cognizable on this motion.  Defendants' principal arguments are that the
claims of the <u>Hecker</u> plaintiffs should have been litigated in <u>Coleman</u> and that litigation of those
claims now will only serve to delay final resolution of the instant action.  Those arguments miss
the mark.

The <u>Hecker</u> plaintiffs request intervention in this action for a limited purpose:  to
seek modification of the protective order so that they will not have to serve on defendants in
<u>Hecker</u> discovery requests seeking documents already provided to the <u>Coleman</u> class.  Allowing
the <u>Hecker</u> plaintiffs to intervene for that limited purpose will not delay this action at all, nor will
the defendants suffer cognizable prejudice.[5]  Whether or not the claims of the <u>Hecker</u> plaintiffs
are barred by res judicata or otherwise subject to dismissal is separate from the question of
whether there is a sufficient nexus between <u>Hecker</u> and the instant action to allow the <u>Hecker</u>
plaintiffs to seek modification of the protective order in this case.  This court finds the nexus
between this action and <u>Hecker</u> satisfies the commonality requirement of Rule 24(b), and that

---

[3]   A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>,
803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[4]   As a corollary to this argument, defendants contend that resolution of the instant
motion should await disposition of the motion to dismiss pending in <u>Hecker</u>.

[5]   Indeed, it appears defendants will be spared the effort and expense of responding to
requests for discovery they have already been provided.

1   allowing the Hecker plaintiffs to intervene in this action for the limited purpose of seeking

2   modification of the protective order entered in this action will not cause undue delay or prejudice

3   to defendants in this action.  For these reasons,  the Hecker plaintiffs' motion for permissive

4   intervention will be granted.

5                 Defendants also oppose modification of the protective order.  Their main

6   opposition appears to be that such modification will give the Hecker plaintiffs access to

7   voluminous numbers of documents that have no relevance to the claims raised in Hecker.[6]  While

8   it is likely, if not certain, that there is material produced in discovery in Coleman that has no

9   relevance to the claims raised in Hecker, defendants' argument goes to the admissibility of such

10  documents in subsequent proceedings in Hecker, not to the wisdom of allowing counsel for the

11  Hecker plaintiffs to review that material for its relevance to the claims raised in Hecker.  The

12  United States Court of Appeals for the Ninth Circuit "strongly favors access to discovery

13  materials to meet the needs of parties engaged in collateral litigation."  Foltz v. State Farm Mut.

14  Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citing Beckman, 966 F.2d at 475.)  The court

15  noted that "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances

16  the interests of judicial economy by avoiding the wasteful duplication of discovery."  Foltz, at

17  1131.  The record before this court shows that modification of the protective order is sought to,

18  and will, serve this purpose.  The motion will be granted.

19  ────────────────

20       [6]  Defendants also argue that they should not be required to produce documents provided
     by defendants who have been added to this action since the protective order was entered, and that
21   they will have to engage in an unduly burdensome exercise of going through voluminous
     documents produced in this case to "determine those that are relevant and non-privileged for
22   production." (Defendants' Opposition, filed December 1, 2006, at 12.)  Both contentions are
     inapposite.  The protective order in this action controls all documents produced in this case,
23   without regard to the identity of the party that produced them; all parties are bound by its terms
     regardless of the date of their joinder in this action.  Moreover, there is no document production
24   request at issue before the court and the risk that defendants will be required to wade through
     volumes of documents is far higher in the absence of modification of the protective order; such
25   modification will shift the burden of document review to counsel for the Hecker plaintiffs and
     will enable them to avoid discovery requests that duplicate those already responded to in this
26   action.

1      In accordance with the above, IT IS HEREBY ORDERED that:

2      1.  The November 9, 2006 motion of Robert Hecker, et al. for permissive

3  intervention is granted;

4      2.  The November 9, 2006 motion of Robert Hecker, et al. for modification of the

5  protective order filed in this action on July 29, 1992 is granted; and

6      3.  The protective order filed in this action on July 29, 1992 is modified in

7  accordance with the order filed concurrently with this order.

8  DATED:  January 11, 2007.

9

10

11  UNITED STATES MAGISTRATE JUDGE

12

13  12
   hecker.po

14

15

16

17

18

19

20

21

22

23

24

25

26