EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                        Plaintiffs,<br><br>        **v.**<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                        Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' RESPONSE TO SPECIAL MASTER'S SIXTEENTH MONITORING REPORT AND REQUEST FOR ADDITIONAL ORDERS** |

**I.**

**INTRODUCTION**

Plaintiffs have requested this Court issue orders requiring Defendants to enhance the salaries of mental health clinicians employed by the Department of Mental Health (DMH) for the care of California Department of Correction and Rehabilitation (CDCR) inmates at certain CDCR locations and at certain DMH locations, in amounts commensurate with the enhanced salaries provided to clinicians employed by the CDCR. They further request a monthly report from DMH on the status of its clinical staffing for care to CDCR inmates. Defendants respond

1  that those DMH mental health clinicians "co-located" with CDCR mental health clinicians at

2  California Medical Facility, Vacaville and at Salinas Valley State Prison will be provided a

3  commensurate increase in their salaries.  For reasons more fully explained below, Defendants do

4  not commit to providing DMH clinicians employed at other DMH facilities with a commensurate

5  salary increase at this time.  If required by this Court, DMH is willing to provide a status report

6  to Special Master Keating on staffing of particular institutions or programs that provide care to

7  CDCR inmates.

8                                                    **II.**

9                                           **BACKGROUND**

10         On November 18, 2006, Special Master Keating issued his draft sixteenth monitoring

11  report.  In that draft, he recommended:

12             Defendants should prepare and submit to the special master within 30 days a

13             plan for increasing the compensation provided to CDCR's mental health

14             clinicians, including psychiatrists, psychologists, psych social workers,

15             psych techs, occupational and recreational therapists, RNs, LVNs and

16             medical transcribers, as well as supervisors in all of these categories, to

17             make the salaries paid to mental health clinicians competitive with

18             comparable positions in the private sector or, where applicable,

19             commensurate with the pay in comparable categories of CDCR's medical

20             staff.  The plan should include a timetable for its adoption and

21             implementation by no later than March 31, 2007, with the increases made

22             retroactive to January 1, 2007.  If the plan requires a waiver of any State

23             statute(s), said statute(s) should be explicitly enumerated and identified in

24             the defendants' plan.

25         On December 13, 2006, Special Master Keating issued his final sixteenth monitoring report.

26  In the final report, Special Master Keating recommended:

27             The court should require the defendants to adopt and implement the proposed

28             schedule of pay for CDCR mental health clinicians contained in Exhibit S

DEF. RESPONSE TO PLF REQUEST DMH PAY

1    (labeled in the packet as Exhibit T) and waive California Government Code

2    section 19816, 19826, 19829,19832, 19836, 3516.5 and 3517, and California

3    Code of Regulations Title 2, section 599.681 solely for the purpose of

4    implementing the proposed salaries and structural changes set forth in Exhibit S

5    (labeled in the packet as Exhibit T).  The terms of salary proposal, once adopted,

6    should supersede all existing R&R compensation provided to any and all of the

7    indicated job classifications, as well as psychiatrist longevity pay provided in pay

8    differential 325.

9    On December 15, 2006, this Court adopted the recommendation and ordered Defendants to

10   implement the proposed schedule of pay.

11   On December 18, 2006, Plaintiffs filed a response to the Special Master's sixteenth round

12   report and requested the following additional orders:

13       1.  Defendants are to provide DMH clinicians at California Medical Facility and

14           Salinas Valley State Prison with salary increases commensurate with the new

15           CDCR clinician salary increases;

16       2.  Defendants are to provide a report to the Court in sixty days explaining why

17           DMH clinician salaries at Atascadero State Hospital, Coalinga State Hospital, and

18           Patton State Hospital need not also be made commensurate with the new CDCR

19           clinician salaries;

20       3.  Starting January 20, 2007, DMH shall provide the Special Master and Plaintiffs'

21           counsel a monthly report stating the number of budgeted positions for clinical

22           staff (by clinical position) and the number of those positions that are filled or

23           vacant.  If a vacant position is covered by overtime or by contracting with a

24           registry, such information should also be included.  This report shall include data

25           from each DMH facility and program that provides mental health care to CDCR

26           inmates.

27   //

28   //

DEF. RESPONSE TO PLF REQUEST DMH PAY

3

## III.

## DEFENDANTS' RESPONSE TO REQUESTED ORDERS

### A.    Defendants Will Provide Commensurate Pay to Co-Located Clinicians.

Defendants will provide commensurate salaries to mental health clinicians employed by DMH who provide care to CDCR inmates at California Medical Facility, Vacaville (through the Vacaville Psychiatric Program) and at Salinas Valley State Prison (through the Salinas Valley Psychiatric Program).  Attached is a matrix stating a proposed range of enhanced salaries for DMH mental health clinicians employed at those sites.  (Exh. A, Matrix.)

### B.    Clinician Pay at Coalinga, Patton and Atascadero State Hospitals Will Not Be Enhanced.

Plaintiffs' request for an order requiring Defendants to provide DMH clinicians at Coalinga, Patton, and Atascadero State Hospitals with a salary package commensurate with that provided to CDCR mental health clinicians or, in the alternative, to require Defendants to submit a report should be rejected.  Defendants note that Plaintiffs' request is not limited to only those clinicians within discrete areas of the DMH institutions that  provide care to CDCR inmates.  Rather, they seek a pay increase for all DMH clinicians throughout these three facilities.  Such a broadly applicable pay increase for the work of a few clinicians cannot be justified.  Indeed, the Prison Litigation Reform Act requires any injunctive relief to be "narrowly drawn" and to be "the least intrusive means necessary to correct the violation of the federal right."  18 U.S.C. § 3626 (a)(1)(A).  Plaintiffs' requested order must be disregarded as improperly overbroad.

Defendants respectfully submit that this Court lacks jurisdiction to order a pay increase for all DMH clinicians.  This Court's jurisdiction is based upon CDCR's failure to provide constitutionally adequate mental health services to CDCR inmates. *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (1995).  Neither the complaint nor the injunctive relief ordered by this Court spoke to DMH's provision of such services to DMH patients.  Even the recent naming of  DMH as a defendant, by and through its director, was based upon DMH's provision, by a memorandum of understanding, of mental health care services to CDCR inmates, not to DMH

1  patients.[1]  The federal court's jurisdiction is limited to providing "no more than" the relief

2  necessary to correct the underlying violation.  *Hallett v. Morgan*, 296 F.3d 732, 743-44 (9th Cir.

3  2002).  Because this Court's jurisdiction over DMH is limited to DMH's role in providing

4  mental health services to CDCR inmates, this Court  lacks jurisdiction to order a pay increase for

5  every DMH clinician employed at Coalinga, Patton, and Atascadero State Hospitals.

6         **C.    A Monthly Staffing Report Will Be Provided.**

7         If desired by this Court, Defendant DMH will provide a monthly report to Special Master

8  Keating on staffing and staffing vacancies within the DMH hospital units which care for CDCR

9  inmates.  Defendant DMH respectfully requests the opportunity to discuss with Special Master

10  Keating the possible efficiencies gained by consolidating its various monthly and biweekly

11  reports in this case.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22

23

24

25  1.  DMH has a statutory mission, discrete from the CDCR mission, to provide care to those
patients who are civilly or judicially committed to their facilities. The California Penal Code

26  provides for the commitment of  individuals found incompetent to stand trial, determined to be
mentally disordered offenders, and determined to be not guilty by reason of insanity.  Cal. Penal

27  Code §§ 1370, 2962, 1026.  The California Welfare and Institutions Code mandates the commitment
of individuals who are found to be sexually violent predators.  Cal. Welf. & Inst. Code § 6600.

28  Individuals whose mental illness renders them dangerous to themselves or others must also be
committed to the state hospital.  *Id.*, at § 5358.

DEF. RESPONSE TO PLF REQUEST DMH PAY

5

IV.

CONCLUSION

Defendants respectfully state that DMH clinicians employed in the care of CDCR inmates at the CDCR locations of Salinas Valley State Prison and California Medical Facility, Vacaville are properly given salary increases commensurate with those provided to CDCR mental health clinicians.  Any request for an order to impose a commensurate pay increase for those DMH clinicians employed at DMH locations, such as Coalinga State Hospital, Patton State Hospital, and Atascadero State Hospital, should be rejected as not within this Court's jurisdiction.

January 17, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General


/s/ Lisa A. Tillman

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

30207641.wpd
CF1997CS0003

DEF. RESPONSE TO PLF REQUEST DMH PAY