ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, PC
1404 Franklin Street, 5th Floor
Oakland, CA  94612
Telephone:     (510) 625-9700
Facsimile:      (510) 625-8275
Email:            abaker@beesontayer.com

Attorneys for Amicus AFSCME Local 2620

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No. CIV S 90-0520 LKK-JFM <br><br> *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE SPECIAL MASTER'S SIXTEENTH MONITORING REPORT AND REQUEST FOR ADDITIONAL ORDER |

*Amicus Curiae* American Federation of State County and Municipal Employees, Local 2620 (AFSCME) supports Plaintiffs' Request for Additional Order filed with the Court December 18, 2006.  In that Request, in order to maintain mental health clinician staffing levels at the DMH facilities sufficient to provide adequate treatment to the CDCR patients, Plaintiffs request the Court to order Defendants to increase the salaries of mental health clinicians at five facilities operated by the Department of Mental Health (DMH) that treat California Department of Corrections and Rehabilitation (CDCR) inmates.

Defendants on January 17, 2007, filed their Response to Plaintiffs' Request for Additional Order.  In their Response, Defendants acknowledge the need to increase the DMH mental health clinician salaries, making those salaries commensurate with the salaries now paid CDCR mental health clinicians, at only two of the five DMH facilities:  Vacaville Psychiatric Program, located at the California Medical Facility, Vacaville, and Salinas Valley Psychiatric

*Amicus Curiae* Brief ISO Plaintiffs' Response to the Special Master's
16th Monitoring Report and Request for Additional Order
Case No. CIV S 90-0520 LKK-JFM
Amicus brief.DOC

1

Program, located at the Salinas Valley State Prison.  Defendants, however, object to Plaintiffs' request for an Order increasing DMH mental health clinician salaries at Atascadero State Hospital (Atascadero), Coalinga State Hospital (Coalinga), and Patton State Hospital (Patton), claiming that CDCR inmates are treated at these facilities only "within discrete areas," and therefore that there is no justification to increase salaries at those facilities to provide parity with CDCR mental health clinician salaries.  We show below the fallacy of Defendants' argument.

AFSCME is the exclusive representative of approximately 5,000 state employees in State Bargaining Unit 19 pursuant to the Ralph C. Dills Act, California Government Code sections 3512 *et seq.*  Included in Unit 19 are approximately 930 psychologists, clinical social workers and rehabilitation therapists employed by the California Department of Corrections and Rehabilitation (CDCR), and approximately 900 psychologists, clinical social workers and rehabilitation therapists employed by the California Department of Mental Health (DMH).  The Unit 19 mental health staff employed by DMH include the psychologists, clinical social workers and rehabilitation therapists employed at Atascadero, Coalinga and Patton.

Through various memoranda of agreement between CDCR and DMH, DMH provides inpatient mental health treatment to CDCR inmates at Atascadero, Coalinga and Patton.  These CDCR inmates are provided mental health treatment pursuant to Penal Code section 2684, and are commonly referred to as the 2684 patients.  *See* Declarations of William Safarjan (Safarjan Decl.), Malvern Holland (Holland Decl.), and Paul Guest (Guest Decl.) in Support of Plaintiffs' Response to Special Master's Sixteenth Monitoring Report and Request for Additional Order, at ¶ 2.  Atascadero is the primary hospital for the treatment of 2684 patients who are not treated at the DMH hospitals located at the California Medical Facility at Vacaville (Vacaville) or the Salinas Valley Psychiatric Program (Salinas).  (Safarjan Decl. ¶ 4.)  Atascadero, however is a men's facility, and CDCR has an agreement with Patton to treat female 2684 patients who are not treated at Vacaville or Salinas.  (Guest Decl. ¶ 3.)  Coalinga also treats 2684 patients, in part due Atascadero's inability to handle more 2684 patients due to staffing shortages at Atascadero.  (Safarjan Decl. ¶ 4.)  Mental health clinician staffing shortages at Atascadero, Coalinga and

*Amicus Curiae* Brief ISO Plaintiffs' Response to the Special Master's
16th Monitoring Report and Request for Additional Order
Case No. CIV S 90-0520 LKK-JFM
Amicus brief.DOC

2

Patton constitute a direct threat to DMH's ability to treat 2684 patients and the quality of care delivered to those patients. While these three facilities treat patients other than 2684 patients, the treatment these facilities can provide 2684 patients is directly related to the clinician staffing levels at these facilities.

Defendants' assertion that the treatment of CDCR patients at Atascadero, Coalinga and Patton is limited to "discrete areas" is a fiction. At all three facilities the entire mental health clinician staff is qualified to treat 2684 patients and can be called upon at any time to provide treatment to a 2684 patient. (Safarjan Decl. ¶ 3; Holland Decl. ¶ 3; Guest Decl. ¶ 4.) And at Patton, the staff regularly assigned to treat 2684 patients simultaneously treats other patients as well. (Guest Decl.¶ 4.)

In addition, it is axiomatic that if the overall clinician staffing level at any one of these facilities is below optimum, or shrinks beyond its current depressed level, the capacity of the facility to provide treatment to all of the facility's patients, including CDCR patients, is adversely affected. If staffing levels at Atascadero, Coalinga or Patton get low enough, the very ability of these institutions to provide inpatient treatment to CDCR patients is threatened.

Staffing shortages at these three facilities already limits their capacity to treat 2684 patients. Atascadero and Coalinga, for example, are designed to treat a far greater number of 2684 patients than are currently treated at those facilities, but clinician staffing shortages limit the number of 2684 patients who are admitted to the facilities. (Safarjan Decl. ¶ 4; Holland Decl. ¶ 4.) The vacancy rate among psychologists, for example, is fifty-six percent (56%) at Atascadero, at least fifty percent (50%) at Coalinga, and forty-two percent (42%) at Patton. (Safarjan Decl. ¶ 5; Holland Decl. ¶ 4; Guest Decl. ¶ 5.)

In the wake of the increase in mental health clinician salaries at CDCR, the mental health clinician staffing shortages at Atascadero, Coalinga and Patton are on the brink of reaching crisis proportions. At Coalinga, it is estimated that half of the clinical staff is considering a transfer to CDCR. (Holland Decl. ¶ 5.) At Patton the estimate is ten to twenty percent are considering a transfer to CDCR. (Guest Decl. ¶ 5.) And at Atascadero, in January alone six psychologists

*Amicus Curiae* Brief ISO Plaintiffs' Response to the Special Master's
16th Monitoring Report and Request for Additional Order
Case No. CIV S 90-0520 LKK-JFM
Amicus brief.DOC

3

have already transferred to CDCR.  (Safarjan Decl. ¶ 5.)  The ramifications for CDCR patients of these worsening staff shortages is already felt at Atascadero.  Because of the current staffing shortages at Atascadero, Atascadero last week for the first time in its history began restricting patient admissions.  Within the past week Atascadero has put on hold the admission of sixty-seven (67) patients; of these, fifteen (15) are CDCR patients.  (Safarjan Decl. ¶ 6.)  Atascadero is turning away CDCR patients at the same time CDCR is acknowledging its increased need to refer inmates to Atascadero for inpatient treatment by increasing to 250 the number of CDCR patients CDCR expects Atascadero to handle.  (Safarjan Decl. ¶ 8.)  This comes at a time when Atascadero is barely able to treat the 107 CDCR patients currently admitted to Atascadero.

Absent salary increases at Atascadero, Coalinga and Patton to match the CDCR mental health clinician salaries, DHM clinician staffing at these three facilities will shrink further, more CDCR patients will be turned away from Atascadero, and Coalinga and Patton will soon also have to turn away CDCR patients.  As witnessed by Atascadero's recent experience of turning away fifteen (15) CDCR patients, this is no idle threat.  Making the threat even more real is the fact that DMH is required by law to threat many classes of patient other than 2684 patients; by contrast DMH is not required by law to treat CDCR's 2864 patients, DMH does so only pursuant to agreements between CDCR and DMH.  When staffing shortages at Atascadero, Coalinga and Patton become acute enough, those facilities will be forced to devote limited staff to treating those patients DMH is legally obligated to treat, while cutting back further on the treatment it offers CDCR patients.  (Safarjan Decl. ¶ 7.)

To stem the flow of DMH mental health clinicians from Atascadero, Coalinga and Patton to CDCR, which threatens the ability of these DMH institutions to provide inpatient treatment to CDCR patients, it is imperative that DMH immediately increase clinician salaries at these facilities to match CDCR clinician salaries.  The problems for CDCR patients caused by the disparity in CDCR and DMH mental health clinician salaries are real and immediate.  Atascadero's decision to restrict admissions, resulting in fifteen (15) CDCR patients being denied inpatient treatment, is a direct result of this disparity in salaries.  Absent immediate

*Amicus Curiae* Brief ISO Plaintiffs' Response to the Special Master's
16th Monitoring Report and Request for Additional Order
Case No. CIV S 90-0520 LKK-JFM
Amicus brief.DOC

4

1 correction of this disparity, the experience at Atascadero will continue and likely will spread to
2 Coalinga and Patton, leaving CDCR prisoners in need of inpatient mental health care with no
3 place to find adequate treatment.

4     For all of the reasons stated above, as well as those set forth in Plaintiffs' Response to the
5 Special Master's Sixteenth Monitoring Report and Request for Additional Order, AFSCME
6 respectfully urges the Court to order Defendants to make DMH clinician salaries at Atascadero,
7 Coalinga and Patton commensurate with the new CDCR clinician salaries.

9 Date:   January 31, 2007                  Respectfully submitted,

10                                         BEESON, TAYER & BODINE, PC

12                                         By:   /s/Andrew H. Baker
13                                               ANDREW H. BAKER
14                                              Attorneys for AFSCME Local 2620

*Amicus Curiae* Brief ISO Plaintiffs' Response to the Special Master's
16th Monitoring Report and Request for Additional Order
Case No. CIV S 90-0520 LKK-JFM
Amicus brief.DOC

5