EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
|---|---|
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE CERTAIN ASSERTIONS IN PLAINTIFFS' MOTION FOR EMERGENCY RELIEF REGARDING DEFENDANTS' DENIAL OF ACCESS TO INPATIENT PSYCHIATRIC BEDS IN DMH STATE HOSPITALS** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| | Hearing: April 23, 2007
Time:    10:00 a.m.
Courtroom: 4
Judge: The Honorable Lawrence K. Karlton |

## INTRODUCTION

Defendants hereby object to and request this Court strike improper and irrelevant statements made in Plaintiffs' Motion for Emergency Relief Regarding Defendants' Denial of Access to Inpatient Psychiatric Beds in DMH State Hospitals.

# LEGAL STATEMENT

### A. The Reporting of Suicides at DMH and CDCR Facilities Is Not Properly Considered in Reviewing Plaintiffs' Motion for Emergency Relief.

In accord with this Court's order as well as its jurisdiction over *Coleman* class member issues, Defendants have informed Special Master Keating and Plaintiffs' counsel of completed suicides at CDCR facilities by any inmate and at DMH facilities by *Coleman* class members receiving inpatient care at DMH. Defendants know of no court order requiring their report of attempted suicides nor of any court order requiring their report of suicides by DMH patients at DMH facilities who are not *Coleman* class members. For instance, Defendants did not report the February 15, 2007 death of a DMH patient because that patient was a mentally disordered offender. Plaintiffs' statement that Defendants are obligated to provide information about attempted suicides and are obligated to provide information about the suicides of DMH patients who are not *Coleman* class members therefore should be stricken. (Plf. Motion, Kahn Decl., ¶24.)

Further, Plaintiffs' suggestion that Defendants have failed to properly report certain events as suicides should be struck. (Plf. Motion, Kahn Decl., ¶ 23.) Not all deaths are clearly suicides. Plaintiffs' counsel Jane Kahn does not have the necessary clinical expertise to determine whether an event is or is not a suicide. Defendants have deferred to Special Master Keating and his team of experts on the categorization of certain deaths, particularly those involving illegal substances, as suicides. Therefore, Plaintiffs' assertions that Defendants have not properly reported all suicides should be stricken.

### B. Plaintiffs' Portrayal of the Operation of Coalinga State Hospital Is Irrelevant.

Plaintiffs' appear to complain about the color of the clothing provided to CDCR inmate-patients housed at Coalinga State Hospital, the separation of those CDCR inmate-patients from those patients committed to DMH as sexually violent offenders, and the carrying of batons and pepper spray by certain hospital security officers.[1] (Kahn Decl., ¶¶15, 16, 19.) None of these

---

1. To the extent the Special Master and Court are concerned about the carrying of batons and pepper spray, Defendants state that an arbitration decision has informed the decision to permit such

issues are material to the question of the availability of increased pay for DMH clinicians or the availability of mental health care services to CDCR inmates at DMH facilities. Indeed, none of these issues pertain to whether constitutionally adequate mental health care is being provided. Therefore, Defendants respectfully request this matter be struck as improper and extraneous matter.

### C. Plaintiffs Improperly Rely Upon Newspaper Articles in Support of Their Assertions.

Plaintiffs cite to various newspaper articles in support of their argument that staff shortages at DMH facilities have resulted in conditions dangerous to patients and to staff. (Decl. Kahn, ¶ 24, 25, 37-41; Plf Exh. I, J, L-N.) Such newspaper articles constitute inadmissible hearsay, with any conclusions drawn from those articles improper. Plaintiffs' counsel's assertions of any causal connection between suicide events and staff shortages is improperly speculative and lacking in foundation. Defendants request this Court strike those findings and conclusions made by Plaintiffs upon inadmissible hearsay.

//
//
//
//
//
//
//
//
//
//
//
//
//

items and will provide that decision upon request.

Def. Mot. Strike Plf. Mot. Emergency Relief

3

# CONCLUSION

Defendants' objections to the irrelevant and improper evidence cited in Plaintiffs' motion should be sustained and those portions of the motion struck.

Dated: April 6, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

*/s/ Lisa A. Tillman*

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

30247011.wpd
CF1997CS0003