PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE CERTAIN ASSERTIONS IN PLAINTIFFS' MOTION FOR EMERGENCY RELIEF REGARDING DEFENDANTS' DENIAL OF ACCESS TO INPATIENT PSYCHIATRIC BEDS IN DMH STATE HOSPITALS** |

## I. Defendants' Motion To Strike Is Without Merit, Without Legal Authority, And Should Be Denied

### A. Plaintiffs' Assertions About DMH Suicides And Conditions At Coalinga State Hospital Are Highly Relevant And Supported By Evidence

Defendants contend that the recent high incidence of suicides at DMH and CDCR facilities is not properly considered by this Court and should be stricken. Defs.' Objections to and Motion to Strike Certain Assertions in Plfs.' Motion for Emergency Relief, 4/9/2007 (Docket 2184) at 2:2-21. In their Motion for Emergency Relief, Plaintiffs noted that "In February of 2007, alone, there were four suicide attempts at ASH. There have also been two completed suicides by CDCR patients at ASH in the first three months of 2007. This is an unprecedented number of suicides at DMH." Plfs.' Motion for Emergency Relief, 3/23/07 (Docket 2166) at 15:6-9. The reasonable inference to be drawn from the unusual frequency of these suicides and serious suicide attempts – all of which occurred at DMH facilities that are admittedly severely understaffed as a result of the CDCR pay raise – is that conditions inside the DMH facilities now pose a substantial risk of danger to DMH patients still housed in these facilities. These very recent and unusual suicides are evidence of the increasingly dangerous conditions inside DMH facilities, and these tragic events demonstrate that the staffing shortage is endangering *Coleman* class members as well as other DMH patients. Notably, Defendants do not deny the occurrence of these suicides, and in fact, provided notification to Plaintiffs when the suicides occurred. *See* Reply Declaration of Jane Kahn ("Reply Kahn Decl.") ¶ 18 (describing process by which Defendants notified Plaintiffs of both of the ASH suicides).

Defendants likewise argue that Plaintiffs' discussion of the isolation and restrictive treatment of CDCR inmate-patients at Coalinga State Hospital should "be struck as improper and extraneous matter." Defs.' Objections and Motion to Strike at 2:22-3:5. Defendants fault Plaintiffs for pointing out DMH's decision to segregate CDCR patients from the Coalinga general population, to deny them the same access to treatment programs as other patients, and to permit the use of pepper spray, batons and other "custodial" control tools that are not used at

1  other DMH facilities.  *See* Declaration of Jane Kahn ("3/23/07 Kahn Decl.") (Docket 2167) ¶¶
2  15, 16, 19.

3      Defendants' contention that these arguments and the evidence supporting them should
4  be stricken is legally and factually groundless.  Defendants cite no legal authority for these
5  propositions, and Plaintiffs can find none.  "Under the express language of [Fed. R. Civ. P
6  12(f)], only pleadings are subject to motions to strike."  *Sidney-Vinstein v. A. H. Robins Co.*,
7  697 F.2d 880, 885 (9th Cir. 1983).  Like the appellees in *Sidney-Vinstein*, Defendants here
8  "have cited no cases that have construed F[ed]. R. Civ. P. 12(f) as allowing a district court to
9  strike material not contained in the pleadings of the case."  *Id.*; *see also* Fed. R. Civ. P. 7(a)
10 (defining "pleadings" as including only the complaint, answer, reply to counterclaim, answer
11 to cross-claim, third-party complaint, and third-party answer).  Moreover, Plaintiffs' arguments
12 – about both the alarming suicide trend inside DMH and the discriminatory treatment of CDCR
13 patients at Coalinga – bear upon the matter before the Court and provide important and highly
14 relevant information.  Accordingly, Defendants' motion should be denied.

15     **B.**    **Plaintiffs' Use Of Newspaper Articles Is Appropriate, As The Articles Contain Party Admissions, Provide Context, And Can Be Considered By This Court At The Court's Discretion**
16

17     Defendants next argue that Plaintiffs rely on "inadmissible hearsay" to support the
18 reasonable inference of "any causal connection between suicide events and staff shortages."
19 Defs.' Objections and Motion to Strike at 3:11-12.  Defendants, once again, do not dispute
20 several foundational facts: 1) that there has been an unusual number of suicides and serious
21 suicide attempts at DMH facilities in the period from December 2006 through March 2007; 2)
22 that the CDCR pay raise for clinical staff was announced in December 2006; 3) that DMH
23 facilities, such as ASH, where the suicides occurred, experienced unusual and critically high
24 clinical vacancies, resignations and other absences that reached dangerous levels as of early
25 January 2007, causing DMH to "restrict admissions" due to the clinical staffing shortage; and
26 4) that DMH continued to lose clinical staff at ASH and other DMH programs that did not
27 match the CDCR raises in February and March 2007 but that the DMH facilities that did match
28 the CDCR raises, Salinas Valley State Prison and CMF, did not suffer from the high vacancy

1  rates and did not have to restrict admissions.  The "inference" of a causal connection between
2  the failure of DMH to match the CDCR pay raises at ASH and the "suicide events" is certainly
3  reasonable and even compelling, based on these undisputed facts—none of which relies on
4  newspaper articles.  *See, e.g.*, 3/23/07 Kahn Decl. ¶¶ 17, 24; Reply Kahn Decl. ¶¶ 4, 18 and Ex.
5  C.  In any event, once again, defendants fail to cite any legal authority for this proposition, and
6  their contention is wholly without merit.

7  The information contained within the newspaper articles consists largely of party-
8  opponent admissions.  Under Federal Rule of Evidence 801(d)(2)(D), "a statement made by the
9  party's agent or servant concerning a matter within the scope of the agency or employment,
10  made during the existence of the relationship, is non-hearsay." *Metro-Goldwyn-Mayer*
11  *Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 973 (C.D. Cal. 2006).  Moreover,
12  "[n]ewspaper articles are self-authenticating, and are not hearsay so long as they are not
13  offered for the truth of the matter asserted." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 287
14  F. Supp. 2d 1118, 1146 n.160 (C.D. Cal. 2003).

15  To the extent that the Court wishes to consider the content of the newspaper articles for
16  the truth of the matter asserted, it is within the Court's sound discretion to do so.  "The
17  exigencies of preliminary relief often prevent the movant from procuring supporting evidence
18  in a form that would meet [Federal Rule of Civil Procedure] 56(e)'s requirement of evidence
19  admissible at trial;" however, "[s]uch evidence may yet be considered by the court, which has
20  discretion to weigh[] the evidence as required to reflect its reliability." *Dr. Seuss Enterprises,*
21  *L.P. v. Penguin Books USA, Inc.*, 924 F. Supp. 1559, 1562 (S.D. Cal. 1996), *aff'd*, 109 F.3d
22  1394 (9th Cir. 1997).  In light of the emergency nature of this motion, the Court may consider
23  any source of evidence that, within its discretion, it deems reliable.  In fact, the application of
24  the rigorous evidentiary standards requested by Defendants to their own pleadings and
25  "evidence" submitted in Opposition to Plaintiffs' Emergency Motion is telling.  What evidence
26  supports the assertion, for example, that DMH has plans to implement any pay raise
27  whatsoever?  *See* Defs.' Response to Court Order Regarding A Plan to Address Pay Parity For
28  DMH Clinicians, 4/2/07 (Docket 2181-1) at 1:25-2:2, Exs. A and B (budget documents are

1 unauthenticated and not included with any declaration). What evidence supports the assertion
2 that DMH or any Defendant believes that the announced pay raise—whatever it may be—is
3 sufficient to address the staffing vacancies resulting from the CDCR pay raise? *See* Defs.'
4 Response to Court Order Regarding A Plan To Address Pay Parity For DMH Clinicians at 2:3-
5 6 (containing the broad assertion that the funding requests "address the pay parity issue," but
6 providing no evidence, declaration, or citation to support that contention). The only
7 declaration submitted in support of Defendants' Response to Plaintiffs' Motion for Emergency
8 Relief does not address either of these assertions. *See* Radvasky Decl., 4/9/07 (Docket 2183)
9 (discussing the mission of Coalinga State Hospital, future admission restrictions at ASH, and
10 the activation of yard at SVPP, but failing even to mention the salary increases, or the scope,
11 timing, or efficacy of the new salary plan).

12 It is telling that Defendants have not offered any evidence or argument taking issue with
13 the matters reported in the news articles. No one claims to be misquoted. The information in
14 the articles is fully consistent with the other evidence before this Court.

15 Accordingly, Defendants' objection to and motion to strike these portions of Plaintiffs'
16 motion, declaration, and exhibits should be denied.

18 Dated: April 16, 2007                    Respectfully submitted,

20                                          */s/ Michael W. Bien*

21                                          Michael W. Bien
                                            Rosen, Bien & Galvan
22                                          Attorneys for Plaintiffs