1   ANDREW H. BAKER, SBN 104197
    SHEILA K. SEXTON, SBN 197608
2   BEESON, TAYER & BODINE, PC
    1404 Franklin Street, 5th Floor
3   Oakland, CA 94612
    Telephone:    (510) 625-9700
4   Facsimile:    (510) 625-8275
    Email:        abaker@beesontayer.com
5
    Attorneys for Amicus AFSCME Local 2620
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN et al.,              Case No. CIV S 90-0520 LKK-JFM

12                    Plaintiffs,

13        v.                           *AMICUS CURIAE* BRIEF IN SUPPORT OF
                                       PLAINTIFF'S MOTION FOR EMERGENCY
14   ARNOLD SCHWARZENEGGER, et al.,     RELIEF REGARDING DEFENDANTS'
                                       DENIAL OF ACCESS TO INPATIENT
15                    Defendants.       PSYCHIATRIC BEDS IN DMH'S STATE
                                       HOSPITALS
16
                                       Hearing date: April 23, 2007
17                                     Time:         10:00 a.m.
                                       Courtroom:    4
18                                     Judge         Honorable Lawrence K. Karlton

19        *Amicus Curiae* American Federation of State County and Municipal Employees, Local

20   2620 (AFSCME) supports Plaintiffs' motion for emergency relief regarding defendants' denial

21   of access to inpatient psychiatric beds in the Department of Mental Health (DMH)'s state

22   hospitals.

23        By Order dated February 6, 2007, the Court directed Defendants to assess and plan to

24   address the issues created by the disparity in pay between DMH clinicians providing mental

25   health services to CDCR inmates in CDCR institutions as compared with clinicians providing

26   those services in all other DMH institutions.  In short, the pay disparity has exacerbated the pre-

27   existing shortage of DMH staff who provide mental health services to CDCR inmates.

28
*Amicus Curiae* Brief ISO Plaintiffs' Motion for Emergency Relief Re: Defendants' Denial of Access to     1
Inpatient Psychiatric Beds in DMH's State Hospitals
Case No. CIV S 90-0520 LKK-JFM
60044.doc

1  Unfortunately, as shown below, the compensation package referred to in the Defendant's

2  Responses that were filed on April 2 and 9, 2007 is woefully inadequate to stem the exodus of

3  staff from DMH.  Moreover, the devastating effect of the increased staff shortages is already

4  becoming evident.

5      As outlined in AFSCME's *Amicus Curie* brief filed in support of Plaintiff's Response to

6  Special Master's 16th Monitoring Report, there is a pre-existing staffing shortage among DMH

7  clinicians.  *See also*, Declaration of Pam Manwiller (Manwiller Decl.) in support of Plaintiff's

8  motion for emergency relief regarding defendants' denial of access to inpatient psychiatric beds

9  in DMH's state hospitals, ¶2.  This staffing shortage is exacerbated by the recent increase in

10  mental health clinician salaries at CDCR.  *See*, Manwiller Decl. and Declarations of Stephanie

11  Wagner (Wagner Decl.), ¶3 and William Safarjan (Safarjan Decl.), ¶2 in support of Plaintiff's

12  motion for emergency relief regarding defendants' denial of access to inpatient psychiatric beds

13  in DMH's state hospitals.  It is not surprising that a DMH psychologist who performs the exact

14  same job as a CDCR psychologist, while receiving a significantly lower salary will seriously

15  consider a transfer to CDCR.  *See*, Wagner Decl. ¶¶2, 3 (Dr. Wagner received a 32% lower

16  salary than her counterpart at CDCR who performs the exact same job as she.)

17      The effect of the hemorrhaging of DMH clinicians is to create understaffing severe

18  enough to negatively impact patient care as well as to make Atascadero State Hospital (ASH)

19  and other DMH facilities unsafe for the patients, as well as the staff.  For example, the rate of

20  successful suicides has increased at ASH from 0 – 1 each year to 2 as of April 2007.  *See*,

21  Safarjan Decl., ¶3.)  Moreover, the staffing shortage has a ripple effect on the State's conditional

22  release program insofar as clients in this program are finding it increasingly difficult to obtain

23  placements at DMH hospitals.  *See*, Declaration of Mark Duarte (Duarte Decl.), ¶¶15-21, in

24  support of Plaintiff's motion for emergency relief regarding defendants' denial of access to

25  inpatient psychiatric beds in DMH's state hospitals.  Those conditionally released, and other

26  patients that obtain placements are receiving care from staff who are frequently overloaded with

27  patients, exhausted from mandatory overtime and/or less knowledgeable about the patient

28

*Amicus Curiae* Brief ISO Plaintiffs'Motion for Emergency Relief Re: Defendants' Denial of Access to Inpatient Psychiatric Beds in DMH's State Hospitals
Case No. CIV S 90-0520 LKK-JFM
60044.doc

2

1    population because they are floater staff.  See, Safarjan Decl., ¶4; Duarte Decl. ¶26.  Even more

2    troubling is the fact that the staff shortages have resulted in the DMH facilities becoming

3    dangerous to staff, as well as patients.  See, Safarjan Decl., ¶ 4 ; Duarte Decl., ¶22-25.

4           Defendants' Responses indicate that they are proposing a pay increase package designed

5    to stem the flow of staff from DMH.  However, an evaluation of the compensation package

6    proposed by the Defendants across the bargaining table reveals that the proposed "increase" is

7    minimal for most classes and non-existent for the class of social workers.  *See*, Manwiller Decl.

8    ¶¶ 3-4.  Specifically, social workers who treat Coleman class plaintiffs will see a reduction in

9    pay if the Defendants' proposed compensation package were implemented.  See, Manwiller

10   Decl., ¶4.  This is due to the combination of the State's proposal eliminating the Cost of Living

11   increase that was slated to go into effect in July 2007 and re-classifying some compensation as

12   not immediately PERS eligible.  *See*, Manwiller Decl., ¶ 4.

13          Even with regard to those classifications that will see some salary increase under the

14   Defendants' proposal, the increase is insufficient to discourage staff from seeking transfer to

15   CDCR positions.  *See*, Safarjan Decl., ¶2.  Quite simply, there is little incentive to remain at the

16   understaffed DMH facilities making less money for performing the same function.

17          It is important to note that Defendants have apparently failed to comply with that portion

18   of the Court's Order specifically directing that the Defendants provide DMH's historical

19   experience in filling relevant vacancies.  *Amicus* believes that this evidence will support the

20   evidence provided in the attached declarations to the effect that the staff exodus is growing to the

21   detriment of the CDCR inmate patients, as well as AFSCME's members working in DMH

22   facilities.

23          For all of the reasons stated above, as well as those set forth in Plaintiff's memoranda of

24   points and authorities in support of its motion for emergency relief regarding defendants' denial

25   of access to inpatient psychiatric beds in the Department of Mental Health's state hospitals,

26

27

28

*Amicus Curiae* Brief ISO Plaintiffs' Motion for Emergency Relief Re: Defendants' Denial of Access to
Inpatient Psychiatric Beds in DMH's State Hospitals
Case No. CIV S 90-0520 LKK-JFM
60044.doc

3

1    AFSCME respectfully urges the Court to make DMH clinician salaries commensurate

2    with the new CDCR clinician salaries.

3

4

5    Date:   April 16, 2007                          Respectfully submitted,

6                                                    BEESON, TAYER & BODINE, PC

7

8                                                    By:  _____/s/Andrew H. Baker_____

9                                                         ANDREW H. BAKER
                                                          SHEILA K. SEXTON
10                                                   Attorneys for AFSCME Local 2620

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Amicus Curiae* Brief ISO Plaintiffs' Motion for Emergency Relief Re: Defendants' Denial of Access to
Inpatient Psychiatric Beds in DMH's State Hospitals
Case No. CIV S 90-0520 LKK-JFM                                                                     4
60044.doc