EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Facsimile: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**NOTICE OF RECENT DECISION** |

In accordance with Local Rule 7-3(d), Defendants bring to the Court's attention the recent Sacramento County Superior Court decision in the case of *California Correctional Peace Officers' Association, et al. v. Arnold Schwarzenegger, et al.*, Sacramento County Superior Court

//
//
//
//
//

Stmt. of Recent Decision

1

Case No. 06CS01568, a courtesy copy of which is attached for the Court's reference.

Dated: April 18, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

*/s/ Lisa A. Tillman*

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

30252230.wpd
CF1997CS0003

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| | |
|---|---|
| DATE/TIME : FEBRUARY 20, 2007 | DEPT. NO : 11 |
| JUDGE : GAIL D. OHANESIAN | CLERK : C. LEWIS |
| REPORTER : S. CONNOLLY #5659 | BAILIFF : J. GONZALES |
| | COUNSEL: |

CALIFORNIA CORRECTIONAL PEACE OFFICERS'
ASSOCIATION; CHARLES L. ALEXANDER, JR.;
SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL
1000,
    Petitioners,

GREGG M. ADAM
BENJAMIN C. SYBESMA
CHRISTINE ALBERTINE

VS.    Case No.: 06CS01568

ARNOLD SCHWARZENEGGER; CALIFORNIA DEPARTMENT
OF CORRECTIONS AND REHABILITATION; JAMES
TILTON, Secretary of CDCR; JOHN DOVEY,
Director CDCR Division of Adult
Institutions; STEVE WESTLY, Controller of
the State of California,
    Respondents.

VICKIE P. WHITNEY

Nature of Proceedings: PETITION FOR WRIT OF MANDATE, INJUNCTION AND DECLARATORY RELIEF

Ruling on Submitted Matter

Prison overcrowding in California is a crisis creating conditions of extreme peril to the safety of persons and property within the state, which are or likely will be beyond the control of any single county or city in California. Based on these circumstances, the Governor has declared a "state of emergency" under Government Code section 8558. This emergency is due to circumstances which are ordinarily under the control of the state government as opposed to local government, namely, the lack of sufficient prison facilities to keep pace with the growing number of people sentenced to prison. This is not the type of circumstance generally covered by the California Emergency Services Act. Whether or not there is an express finding in the Governor's Proclamation of Emergency concerning the need for the combined services of a mutual aid region or regions to combat this emergency, no such finding can be reasonably inferred from the evidence before the court. *Martin vs. Municipal Court* (1983) 148 Cal.App.3rd 693 does not hold that this is not an element of a valid declaration of emergency under Government Code section 8558. That issue was not before the *Martin* court. The statutory language of the Emergency Services Act and

| | | |
|---|---|---|
| BOOK : 11 | | Superior Court of California, |
| PAGE : | | County of Sacramento |
| DATE : FEBRUARY 20, 2007 | | |
| CASE NO. : 06CS01568 | | |
| CASE TITLE : CCPOA V SCHWARZENEGGER | | BY: C. LEWIS, |
| | | Deputy Clerk |

Page 1 of 5

zlmain

DEPARTMENT: 11

CASE NUMBER: 06CS01568
CASE TITLE: CCPOA V SCHWARZENEGGER
PROCEEDINGS: PETITION FOR WRIT OF MANDATE, INJUNCTION AND DECLARATORY RELIEF

the language in *Martin* both require an emergency situation that by reason of its magnitude is or likely will be beyond the control of any single county or city in California. The emergency here is one that is not within the control of any single county or city in California. This is so not because of the magnitude of the crisis. It is because control of the state prisons is exclusively within the purview of state government and not local government. The intent of the Emergency Services Act is not to give the Governor extraordinary powers to act without legislative approval in matters such as this that are ordinarily and entirely within the control of state government.

Respondents cite to a proclamation of emergency issued by then Governor Deukmejian in 1986 that dealt with an occurrence of major storm damage resulting from heavy rains, which occurred to State Highways. Respondents point out that that emergency in 1986 dealt only with state controlled property. Respondents claim that this is precedent for the Governor's actions in this case. However, apparently there was no challenge to that 1986 proclamation of emergency and it is unknown whether or not that emergency proclamation ordered any actions that would otherwise be in violation of law.

The Governor has made efforts to find a legislative solution to the prison overcrowding problem. All such efforts have been unsuccessful. This proposed plan to transfer prisoners to out of state facilities appears to be a good faith attempt by the Governor to alleviate the serious risk of harm to the health and safety of the correctional officers and other staff who work in the prisons, the serious risk of harm to the inmates, and the serious risk of harm to the public if prisoners were released without serving their lawfully imposed sentences. Notwithstanding all of this, for the reasons stated above, the court finds that the Governor has acted in excess of his authority in issuing this Proclamation of Emergency.

Even if the Proclamation of Emergency were to be found valid, petitioners claim that the contracts to send some state prisoners to out of state private facilities are illegal because they violate the civil service principles founded in the California Constitution, Article VII. The state is not allowed to contract out for services that are usually done by civil service employees. The state can contract privately only if, because of the nature of the work, civil servants are unable to perform the work adequately and competently. Respondents rely on an exception to this rule under Government Code section 19130(b)(10). That exception applies if the

| BOOK       | : | 11                   | Superior Court of California, |
| PAGE       | : |                      | County of Sacramento          |
| DATE       | : | FEBRUARY 20, 2007    |                               |
| CASE NO.   | : | 06CS01568            |                               |
| CASE TITLE | : | CCPOA V SCHWARZENEGGER | BY: C. LEWIS,               |
|            |   |                      | Deputy Clerk                  |

zlmain

DEPARTMENT: 11

CASE NUMBER: 06CS01568
CASE TITLE: CCPOA V SCHWARZENEGGER
PROCEEDINGS: PETITION FOR WRIT OF MANDATE, INJUNCTION AND DECLARATORY RELIEF

"services are of such an urgent, temporary, or occasional nature that the delay incumbent in their implementation under civil service would frustrate their very purpose." There is some appeal to the argument that these contracts are needed because this situation is urgent. However, the urgency in this case is not created by the lack of civil service correctional officers and it is not caused by the delay incumbent in going through the civil service process to hire more correctional officers. The urgency in this case is caused by the severe shortage of appropriate facilities needed to house the number of inmates in California's penal system. For this reason, *Department of Fish and Game vs. Attransco, Inc.* (1996) 50 Cal.App.4th 1926 is distinguishable and the exception in Government Code section 19130(b)(10) does not apply. The exceptions in Government Code sections 19130(b)(3) and (8) discussed briefly by respondents also do not apply. The services which are the subject of the private contracts are available within civil service. Respondents' argument that the services are not available within civil service for the reason that there are currently significant personnel shortages is unavailing. Personnel shortages were not listed as a reason for the state of emergency and the contracts in question.

The court finds that petitioners do have a beneficial interest in requiring the state to comply with civil service laws and in setting aside an unlawful declaration of emergency. It is not necessary for petitioners to show that civil service jobs have actually been lost. The remedy that petitioners seek is not merely technical or theoretical. Two of the petitioners are unions which represent civil service employees in the state prisons and they are seeking to protect the rights of their members. The third petitioner is a correctional officer and a member and officer of one of the unions. The tests set out in *Parker vs. Bowron* (1953) 40 Cal.$2^d$ 344 and *Associated Builders & Contractors, Inc. vs. San Francisco Airports Com.* (1999) 21 Cal.4th 352 are met in this case.

In addressing provisional relief in the nature of a preliminary injunction, the court was required to balance the hardships. Mandate and injunctive relief are both equitable remedies. At least one appellate court decision, *Cota vs. County of Los Angeles* (1980) 105 Cal.App.$3^d$ 282, has stated that, even at the trial stage, injunctive relief can be denied where a right to relief was otherwise justified, if the injunction would cause severe harm to the public. That statement is *dicta*. *Cota* was a case based on waste where the plaintiff brought a taxpayer suit to stop a public project that was already underway. The *Cota* court found that if construction had been

| BOOK | : | 11 | Superior Court of California, |
| PAGE | : | | County of Sacramento |
| DATE | : | FEBRUARY 20, 2007 | |
| CASE NO. | : | 06CS01568 | |
| CASE TITLE | : | CCPOA V SCHWARZENEGGER | BY: C. LEWIS, |
| | | | Deputy Clerk |

zlmain

DEPARTMENT: 11

CASE NUMBER: 06CS01568
CASE TITLE: CCPOA V SCHWARZENEGGER
PROCEEDINGS: PETITION FOR WRIT OF MANDATE, INJUNCTION AND DECLARATORY RELIEF

stopped, the claims by the contractor could have been greater than the cost of completion of the project. Cota is distinguishable from the case at bar.

Petitioners are no longer pursuing their claim that respondents violated meet and confer requirements under certain MOUs and the arbitration provisions of Code of Civil Procedure section 1281.8.

The court's Tentative Ruling on Evidentiary Matters is confirmed.

Conclusion

The petition is granted as follows. The court declares that the Governor's Proclamation of a Prison Overcrowding State of Emergency dated October 4, 2006, is unlawful. The contracts entered into by respondents pursuant to that Proclamation are unauthorized by the Emergency Services Act or any other law and violate Article VII of the California Constitution. Respondents are enjoined from performing any inmate transfer contracts signed pursuant to the Governor's Proclamation of a Prison Overcrowding State of Emergency dated October 4, 2006, including but not limited to the two contracts attached to petitioners' moving papers. Counsel for petitioners shall prepare a form of judgment consistent with this ruling for the court's signature and in compliance with California Rules of Court, rule 3.1312. Petitioners shall recover their costs of suit pursuant to a memorandum of costs.

The enforcement of this judgment is stayed for ten days following entry of judgment.

Dated: FEB 20 2007

GAIL D. OHANESIAN
_____
Honorable GAIL D. OHANESIAN,
Judge of the Superior Court of California,
County of Sacramento


BOOK        : 11
PAGE        :
DATE        : FEBRUARY 20, 2007
CASE NO.    : 06CS01568
CASE TITLE  : CCPOA V SCHWARZENEGGER

Superior Court of California,
County of Sacramento

BY: C. LEWIS,
    Deputy Clerk

Page 4 of 5

zlmain

DEPARTMENT: 11

CASE NUMBER: 06CS01568
CASE TITLE: CCPOA V SCHWARZENEGGER
PROCEEDINGS: PETITION FOR WRIT OF MANDATE, INJUNCTION AND DECLARATORY RELIEF

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))

I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, do declare under penalty of perjury that I did this date place a copy of the above entitled notice in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the United States Post Office at Sacramento, California.

GREGG M. ADAM
CARROLL, BURDICK & MCDONOUGH
44 MONTGOMERY ST. STE 400
SAN FRANCISCO CA 94104

VICKIE P. WHITNEY
DEPUTY ATTORNEY GENERAL
1300 I ST. STE 125
SACRAMENTO CA 94244-2550

BENJAMIN C. SYBESMA
CHRISTINE ALBERTINE
CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOC.
755 RIVERPOINT DR. STE 200
WEST SACRAMENTO CA 95605-1634

Dated: FEB 20 2007

Superior Court of California,
County of Sacramento

By: C. LEWIS,
    Deputy Clerk

BOOK       : 11
PAGE       :
DATE       : FEBRUARY 20, 2007
CASE NO.   : 06CS01568
CASE TITLE : CCPOA V SCHWARZENEGGER

Superior Court of California,
County of Sacramento

BY: C. LEWIS,
    Deputy Clerk

Page 5 of 5

zlmain

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Ralph Coleman, et al. v. Arnold Schwarzenegger, et al.**

No.:  **2:90-cv-00520 LKK JFM P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 18, 2007</u>, I served the attached:

**NOTICE OF RECENT DECISION**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 18, 2007, at Sacramento, California.

|  S. Lowe  |  */s/ S. Lowe*  |
| :---: | :---: |
| Declarant | Signature |

30253682.wpd