# EXHIBIT B

RALPH COLEMAN, et al., v. ARNOLD SCHWARZENEGGER, et al.,

CASE NO. CIV S-90-0520 LKK JFM P

DEFENDANTS' SUPPLEMENTAL STATEMENT
RE: REFERRAL THREE-JUDGE PANEL

EXHIBIT B

State of California                                                                                      Department of Corrections and Rehabilitation

# Memorandum

Date : May 15, 2007

To : Regional Parole Administrators
District Administrators
Unit Supervisors
Parole Agents

Policy No.: 07-24

Subject: 3001 PENAL CODE COMPLIANCE POLICY STATEMENT

A recent review of cases from this past year revealed that over 7,500 non violent/non-serious offenders who were eligible for discharge at the Unit level at the thirteenth month were retained for additional supervision. While I understand that a certain element of our offender population is in need of additional supervision, the significant number of these cases has been found to be low risk and warrant early discharge consideration.

California Penal Code (PC) Section 3001 addresses the statutory requirements to consider prior to discharge from parole. Specifically, parolees initially released from prison after serving a period of incarceration for a non-violent offense, described as a conviction **not** noted in PC Section 667.5(c), and who have been on parole continuously for one year since their release, *shall be discharged the 30th day after their first year*, unless the recommendation to retain has been made to, and approved by, the Board of Parole Hearings (BPH).

Additionally, parolees initially released from prison after serving a period of incarceration for a violent offense, as defined by PC Section 667.5, and who have been on parole continuously for two years since their release, *shall be discharged the 30th day after their second year*, unless the recommendation to retain has been made to, and approved by the BPH.

Continuous parole is defined as a parole period with no interruptions as a result of previous actions taken by the BPH. Previous actions taken by the BPH constitute an assessment of revocation time, credit for time served, suspension of parole with reinstatement with time loss, and retention on parole. Those individuals who are eligible for discharge will be allowed to discharge at the Unit level.

Effective immediately, all non-violent/non-serious eligible offenders, not identified in the exclusionary criteria below, **shall** be discharged in compliance with 3001 PC. Those offenders excluded from discharge consideration at the Unit level are:

- Offenders with a Serious or Violent controlling or non-controlling offense as defined in PC Section 667.5(c) or 1192.7(c).
- Offenders with a prior conviction for Serious or Violent offense as defined in PC Section 667.5(c) or 1192.7(c). in the last ten (10) years.
- Offenders required to register in accordance with PC Section 290.

* CDC 1617 (3/89)

Regional Parole Administrators
District Administrators
Unit Supervisors
Parole Agents
Page 2

- Offenders classified as a validated California Department of Corrections and Rehabilitation gang member, associate, affiliate, or in-active.
- Offenders documented as being associated with a gang or gang activity from allied law enforcement agency during period of review.

If the Unit recommendation is to retain, the report **shall** be forwarded to the District Administrator (DA) for consideration. In the event that there is a difference of opinion regarding an otherwise eligible offender, the decision to discharge by the DA will stand as the final decision. The DA shall have the authority to discharge any offender who has been on continuous parole, with no prior BPH actions. If the DA elects to recommend retain the case, the comprehensive discharge review report shall be forwarded to the BPH for final action.

If you have any questions, please contact Margarita Perez, Parole Administrator, Parole Operations, Division of Adult Parole Operations, at (916) 445-1787.


THOMAS G. HOFFMAN
Director
Division of Adult Parole Operations

cc: Scott Kernan
    John Monday