1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   MISHA IGRA, State Bar No. 208711
6  Deputy Attorneys General
    1300 I Street, Suite 125
7  P.O. Box 944255
   Sacramento, CA 94244-2550
8  Telephone: (916) 327-7872
   Fax: (916) 324-5205
9  Email: Lisa.Tillman@doj.ca.gov

10 Attorneys for Defendants

11

12              IN THE UNITED STATES DISTRICT COURT

13             FOR THE EASTERN DISTRICT OF CALIFORNIA

14

15 RALPH COLEMAN, et al.,                Case No. 2:90-cv-00520 LKK JFM P

16                         Plaintiffs,   DEFENDANTS' RESPONSES AND
                                         OBJECTIONS TO SPECIAL MASTER
17        v.                             KEATING'S SUPPLEMENTAL
                                         REPORT ON DEFENDANTS' PLAN TO
18 ARNOLD SCHWARZENEGGER, et al.,        PREVENT SUICIDES IN
                                         ADMINISTRATIVE SEGREGATION
19                         Defendants.

20

21                        INTRODUCTION

22        On May 14, 2007, Special Master Keating filed a Supplemental Report and

23 Recommendations on Defendants' Plan to Prevent Suicides in Administrative Segregation

24 (Supplemental Report). In the Supplemental Report, Special Master Keating makes certain

25 findings and recommendations. Defendants now respond to the Supplemental Report.

26 ///

27 ///

28 ///

Defs.' Resp. to SM's Report re Suicide in Admin. Seg.

1

**DEFENDANTS' RESPONSES AND OBJECTIONS**

**TO FACTUAL FINDINGS**

1.      <u>Inmate Day Labor and Completion of Small Management Yards.</u>

The report notes the shortfall in small management yards, and suggests "reliance on inmate day labor may be a major obstacle to more rapid completion of the yards." (Report at 3.) Defendants respectfully request this finding be amended to indicate that reliance on inmate day labor may assist in the more rapid completion of the yards.

CDCR plans to use inmate day labor to manufacture and install the small management yard enclosures, and so achieve cost and time savings. Inmate day labor provides cost and time savings because (1) the usual contracting procedures are not necessary; (2) the usual need to provide security clearances for outside persons to work within the perimeter are not necessary and (3) the inefficiencies experienced by private construction contractors with personnel and vendors is largely avoided.

2.      <u>Non-vent Intake Cell Modifications.</u>

The report notes Defendants reported to the special master that they are in the process of assessing their budget for implementation of these measures and do not have available budgetary figures at this time. (Report at 5-6.) Defendants requested $13.203 million to fund non-vent modifications to intake cells in fiscal year 2007/2008. The Assembly and Senate Budget Subcommittees have approved the requested funding and Defendants anticipate these funds will be included in the 2007-08 budget.

**DEFENDANTS' RESPONSES AND OBJECTIONS**

**TO RECOMMENDATIONS FOR COURT ORDERS**

<u>Recommendation 1:</u>

Within 90 days Defendants should be required to submit a plan that will satisfy the need for sufficient small management yards to meet Title 15 exercise requirements for inmates in administrative segregation. This plan should call for the funding and completion of construction of the remaining yards by the end of fiscal year 2008/2009. The plan should also include

///

Defs.' Resp. to SM's Report re Suicide in Admin. Seg.

2

1   provisions for better utilization of the existing small management yards and coordination with

2   available staff to maximize yard usage.

3          Response to Recommendation 1:

4          Defendants respectfully respond to Recommendation 1 by noting it contains two distinct

5   parts: (a) a plan to satisfy the need for small management yards of inmates in administrative

6   segregation, with the plan to provide for the funding and completion of the construction of small

7   management yards by the end of fiscal year 2008/2009 and (b) a plan to enable better utilization

8   of the existing small management yards and coordination with available staff to maximize yard

9   usage.  Defendants make a separate response to each part.

10          In regard to part (a) of Recommendation 1,  Defendants agree that there is a need for

11   sufficient small management yards to meet Title 15 exercise requirements for inmates in

12   administrative segregation.  Defendants respectfully request the Supplemental Report be

13   amended to find that there are 86 small management yards currently under construction.

14   Defendants are seeking legislative authority for funding to design 179 small management yards

15   in fiscal year 2007/2008, and if that funding is granted,  Defendants plan to request construction

16   funds for those 179 small management yards in fiscal year 2008/2009.  That leaves a balance of

17   262 small management yards (441-179) to be designed and constructed.

18          Defendants object to Part A of Recommendation 1 to the extent the recommendation

19   requires construction of all small management yards for administrative segregation unit use by

20   the end of fiscal year 2008/2009.  Defendants respectfully ask that the Special Master's

21   Supplemental Report be amended to reflect that the organizational resources required to meet

22   this accelerated deadline for small management yards are also being called upon to meet the

23   constitutional needs of inmates for proper medical, mental health, and dental treatment spaces

24   and to meet the statutory mandates of AB 900.  Those organizational resources must now be

25   evaluated in light of those multiple and often competing demands before any further

26   commitments can be made.  In regards to part (b) of Recommendation 1, Defendants will

27   provide such a plan.

28   ///

Defs.' Resp. to SM's Report re Suicide in Admin. Seg.

Recommendation 2:

Within 60 days Defendants should be required to accomplish the following:

      a.  Develop a plan to require each institution to train staff on accurate logging of 30-minute welfare checks and to track and self-monitor compliance with the performance of these checks.

      b.  Provide budgetary figures for the construction of the physical features of the non-stand alone intake cells.

      c.  Submit a report on each institution's capability to provide televisions and/or radios to inmates in administrative segregation.

      d.  Submit a status report on the implementation of the suicide history tracking system and a plan to train staff in its use and improve access to suicidal history data at all relevant times.

      e.  Provide a specific assessment of the space needs for providing confidential mental health interviews.

      f.  Produce evidence that required CPR refresher training was accomplished by submitting documentation of the required proof of practice.

Response to Recommendation Two:

      a.  Defendants do not object to Recommendation 2, part a.

      b.  Defendants do not object to Recommendation 2, part b.

      c.  Defendants do not object to Recommendation 2, part c.

      d.  Defendants do not object to Recommendation 2, part d.

      e.  Defendants object to Recommendation 2, part e requiring Defendants perform an assessment of the space needs for providing confidential mental health interviews within 60 days from the date of the court order.  Defendants respectfully request that the recommendation be amended to permit Defendants a reasonable amount of time of 90 days to complete such an assessment.

///

Defs.' Resp. to SM's Report re Suicide in Admin. Seg.

4

1    f.   Defendants do not object to Recommendation 2, part f.

2    Recommendation 3:

3    By court order of March 9, 2007, Defendants were directed to report to the Court on

4    enhanced outpatient programs (EOP) in administrative segregation. That report was to examine,

5    among other things, more effective ways for reducing lengths of stay of EOP inmates in

6    administrative segregation.  Defendants should be required to include in that report:

7    a.   Their plan for modification of the present requirement that allows ICC review

8    for inmates in administrative segregation.  Defendants should consider

9    conducting ICC reviews every 45 days for those inmates awaiting disposition

10   of referrals to local district attorneys and possibly for all mental health

11   caseload inmates who have been held in administrative segregation over 90

12   days.  Defendants should also consider transferring inmates in administrative

13   segregation to more appropriate placements pending processing of their DA

14   referrals.

15   b.   A breakdown of the numbers of administrative segregation inmates currently

16   awaiting transfer to the sensitive needs yards.

17   Response to Recommendation 3:

18   a.   Defendants do not object to Recommendation 3, part a.

19   b.   Defendants do not object to Recommendation 3, part b.

20   Dated: May 29, 2007

Respectfully submitted,

21

22   EDMUND G. BROWN JR.
Attorney General of the State of California

23   DAVID S. CHANEY
Chief Assistant Attorney General

24   FRANCES T. GRUNDER
Senior Assistant Attorney General

25   ROCHELLE C. EAST
Supervising Deputy Attorney General

26   */s/ Misha D. Igra*

27   MISHA D. IGRA
Deputy Attorney General

28   Attorneys for Defendants

Defs.' Resp. to SM's Report re Suicide in Admin. Seg.

5