David W. Wilson
K66474, CMF, M-3-#315
P.O. Box 2000
Vacaville, CA 95696
In Pro Per

FILED
MAY 24 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON,
  Plaintiff, on behalf of himself
  and Others similarly situated
VS.
GOVENOR, ARNOLD SCHWARZENEGGER, et al.,
  Defendants.

No. CIV-S-90-0520-LKK-JFM

REQUEST FOR ADMISSION TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION
Fed. Rule Civ. Procedure 36(a)

The Honorable John F. Moulds, Judge.

PLAINTIFF, DAVID W. WILSON hereby Request For Admission to Plaintiffs Temporary Restraining Order and/or Preliminary Injunction filed April 11, 2007 pursuant Federal Rules of Civil Procedure 36(a).

Plaintiff request Admission for following reasons:
On April 11, 2007, Plaintiff submitted TRO that no EOP mental Inmate's be forced double cell living until CDCR complies with Court ORDER, to reduce inmate population from 175,000 to 100,000, and that mentally impaired prisoner's sign cell compatibility form, to stop incidents, injuries, Death, and that Plaintiff be transferred to Atscadero Hospital for "CMF" denys proper medical/psychological treatment.

In Plaintiffs TRO was Exhibit's 5, 5(1), 5(2), 5(3), where Plaintiff explains a Sergeant, Swan had written disciplinary thats "DISMISSED" for

Page I

1. Plaintiff sending copy of TRO filed in Plaintiff's civil action, which the
2. Sgt. threatens to place Plaintiff in Segregation, at Exhibit S(1),
3. Witness #2.   The Sgt. continues to harassment for Plaintiff explaining
4. not receiving proper psychotherapy with Dr's and in constant state of
5. psychosis over force double celling, when bringing another inmate to
6. plaintiffs cell, which the Sgt. destroys plaintiffs cell and takes TV with
7. out a hearing, and next day plaintiffs Radio. Plaintiff files complaint
8. on Sgt., Exhibit's S(4), S(4)a, and sends letters & copies to Internal
9. Affairs, and Secretary, Tilton, Exhibit S(10). On April 17, 2007, Plaintiff
10. is given a cellmate who previous single cell before paroled one day, who
11. 'raped' cellmate, this inmate yells in cell late at night, and Plaintiff
12. gets "No" sleep, which is explained to Psy. Dr's. and supervisor who tells
13. does not have time, and Dr's state deal with it, it's a custody issue.
14. Plaintiffs gives letter to Unit Officer for Help to move inmate for
15. Demons say hurt cellmate to get sleep, and my psychosis conflicts with
16. his. Psy. social worker tells Plaintiff to hold on Plaintiff is going to see
17. Psy. Committee in five days. Two days later Sgt. Swan finds out about
18. Plaintiffs letter, and places in Segregation while attempting incident,
19. Exhibit D, to which given 2nd copy by Captain, Exhibit D(2), Plaintiff
20. gives Questions for Witnesses, Exhibit D(3), D(4), with Rules written as in
21. Title 15, Exhibit D(5), D(6), which Internal Affairs sends Memo to Warden
22. of complaint on Sgt., Exhibit S(11), sent to Plaintiff by Appeals later,
23. Exhibit S(12). On May 2, 2007, Plaintiff goes before Committee ICC,
24. Chaired by Warden, HUBBARD, and witness statements "denied" violating
25. Exhibit D(6), which Plaintiff files appeal for release & Not forced celling
26. double, Exhibit D(7), D(7)a, and files complaint against Warden this day
27. Exhibit S.H., S.H.(1),(2), for reprisal, conspiracy denying Due Process, & Rules.
28. This why Request For Admission requested. Dated: May 7, 2007.

David W. Wilson

page II

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON, et al.,

V.
GOVENOR, A. SCHWARZENEGGER, et al.,

Case Number:
CIV-S-90-0520-LKK-JFM
PROOF OF SERVICE

I hereby certify that on **Monday, May 7, 2007**, I served a copy of the attached **REQUEST FOR ADMISSION TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION Fed. Rules Civil Procedure 36(a)**.

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at

**California Medical Facility**:

(List Name and Address of Each Defendant or Attorney Served)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
CLERK OF COURT
501 "I" Street, Rm. 4-200
Sacramento, CA 95814

ATTORNEY GENERAL
1300 "I" Street, #1101
P.O. Box 944255
Sacramento, CA 94244-2550

I declare under penalty of perjury that the foregoing is true and correct.

*David W. Wilson*
(Signature of Person Completing Service)

STATE OF CALIFORNIA  DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DUPLICATE ISSUE — Exhibits (4)

received 5-3-2007

Location: Institution/Parole Region: CMF
Log No. 1. 07-vA
Category: 7 STAFF COMPLAINT UNPROFESSIONAL SGT. SWAN

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| WILSON, DAVID W. | K-66474 | EOP | M-2-#207 L |

**A. Describe Problem:**

STAFF COMPLAINT  Sergeant, D. SWANN

SEE Additional Sheet Attached

If you need more space, attach one additional sheet.

**B. Action Requested:** My TV returned & Sgt. Swann not do Searches of Cell or Pat Frisk, or have C/O's, & Sgt. 'Not' answer appeals or do 114-D process, or sit on UCC, ICC, & Sgt. Demotion rank, salary. If not let any all be held accountable to Courts for degredation of CCR #3004(b), #3315(f); DOM 33030; Penal Code' §§21a, §118.1, §134, §11410, §11411; 1st, 14th Amend.  Seeking Damages for Liability, Obligation, Exemplary, Detriment, Future Detriment, Mental Anguish, Emotional Stress, at individual & Official capacities.  That Restraining Order issue for Sgt. Swann kept 250 feet away.

Inmate/Parolee Signature: David W. Wilson   Date Submitted: 4-11-2007

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

REJECTED
APR 25 2007
APR 26 2007
SO #2

**STAFF COMPLAINT**

Sergeant, D. Swann

David W. Wilson, K-66474
4-11-2007

**Describe Problem:** On 4-10-2007, at 4:00 p.m., Sgt. Swann comes to my cell and tells me a cellmate is moving into cell, at which time 'I state I'm getting together my papers for i'm filing a Restrain Order on this issue today, and this man can come into the cell, But! I am very uncomfortable for 'I have not been receiving proper psychotherapy & have not seen the Dr's this week. And 'I do not know this man or ever meet before and 'I have been in a constant state of psychosis over this issue. Which the Sgt. states did 'I want to go to the Clinic & see the POD. I stated No, for I was going to the Law Library. Sgt. Swann then states talk in a lower voice, and 'I stated this is my normal modulation & inflection voice tone quality. The Sgt. then states your not showing me respect. I then stated can 'I get these papers together on the floor and books & things off the Top Bunk. Sgt. Swann states you have Hats hanging on the wall, and two cardboard shelves and other things he can take thats is not in compliance. I stated is this now harassment for your 115 that **was dismissed** for Restraining Order sent to you on the same issue "forced double celling." The Sgt. then states I have less than two minutes to finish removing the things off the top bunk or he will have the Officer's remove them. Sgt. then states he's giving me a direct order to leave the cell, which I request to finish stacking the papers out the way. The Sgt. then states where are your Headphones for the Television was on low. I reached and showed the Sgt. the Headphones, to which the Sgt. states he's taking my Television and for me to step out the cell. Which I complied, and the Sgt. told C/O GUIDO to cut my TV from under the bed, and cut line holding towels, and lines holding my Radio on wall to window. The Sgt. then stated 'I had destroyed a sheet to secure the TV. I stated this was done with a personal T-Shit, and their was a memo I had to that fact, and requested to show it to the Sgt., hereto attached Exhibit 4, side 2 which Sgt. allowed me to get. Which 'I ask why was my cell the only TV being taken when headphones were not plugged in. The Sgt. stated he was taking my TV for 30 days. Which 'I had not receive a CDC 115 or had a adjudication pursuant Title 15, #3315(f)(5)(B)(1), therefore my TV was took for arbitrary & caprice reasons, and for reprisal to attached Exhibit S, S(1), CDC 115 & Questions to Witnesses, Exhibit S(2), S(3), Final Disposition. The Sgt. then states he is going to take my Radios for I have to many appliances. I pointed the Court Settlement on the wall and the 602 appeal compensation for property destroyed. Which after words the C/O brings me Property Receipt, Exhibit 3. My TV was taken for reprisal to Court Restrain Order sent to Sgt. Swann, as was CDC 115, violating First Amendment right to petition for redress. Which 'I told the Sgt. 'I would file COMPLAINT for this and the Sgt. stated that was a applied threat and "I could go to Ad-Seg for this STAFF COMPLAINT.

O V E R-----S I D E  2-->

David W. Wilson, K66474
CMF, M-2-#207
P.O. Box 2000
Vacaville, CA 95696

R 1 6 2007

April 11, 2007                     copy 1 of 4           received 5-3-2007

To: Assistant Director Internal Affairs
        P.O. Box 3009, Sacramento, CA 95814

Re: Investigation Of CMF Sgt. Swann & STAFF COMPLAINT For Retaliation OF Filed Restraining Order
    & Reprisal CDC 115, & Property Taken As To Forced Double Cell Living & Denied Due Process
    & Harassment To Confront For Threats Of Ad-Seg

To A.D. of Internal Affairs, I wrote you on 12-12-06, concerning retaliation by CMF Official concerning staged cell confrontations & altercations of EOP Inmate's by Staff, by "Forced Double Cell Living, and sent documentation of 'Not' receiving proper psychological treatment, and that I had filed a Restraining Order under Civil case sent to you.

Now a Sgt. Swann has wrote me a CDC 115 for serving Restraining Order, which was dismissed, and now this Sgt. has taken a TV for Harassment of his dismissed CDC 115, and continues to harass me for my filing Court documents of this "Forced Double Cell Living," to which I file today under Plata and Coleman for relief.

Therefore 'I am attaching copy of COMPLAINT today for relief from Sgt. Swann, herein six (6) documents showing why he should be investigated.

    For 602 appeals are denied or procedually barred or rejected by CMF Appeals Coordinator.

                T H A N K   Y O U   for any and all Help!

                                            David W. Wilson

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE  Exhibit D
CDC 114-D (Rev 9/98)

Case 2:90-cv-00520-KJM-SCR    Document 2252    Filed 05/24/07    Page 7 of 20

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE    CANARY - WARDEN
BLUE - INMATE (2ND COPY)    PINK - HEALTH CARE MGR
GREEN - ASU    GOLDENROD - INMATE (1ST COPY)

INMATE'S NAME: WILSON, D.    CDC NUMBER: K-33474

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On April 22, 2007, you are being re-housed from M-207-L to M-315-S, an Administrative Segregation Unit (ASU) and placed on Administrative Segregation (Ad-Seg) status. Specifically, on April 22, 2007, you told the L-3 Officer Turner you were having problems with you cellmate. A note that you typed up and signed stated, in part, "and disturbs me to the point where I (am) extremely paranoid to where DEMONS tell me to hurt my cellmate for I can get some sleep for my psychosis conflicts" You will remain in Ad-Seg pending Institutional Classification Committee/Administrative review to determine enemy/safety concerns, appropriate housing, or program/transfer needs. Psychiatric and Medical chronos, CDC 128Cs dated April 22, 2007 reflect medical and psychiatric clearance for Ad Seg placement. You are a participant in the MHSDS at the EOP level of care. You are not a not a participant in the Armstrong/Clark program. Your reading Level is above 4.0.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:  /  /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
|  |  |  |  |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
|  |  |  |  |  |

[X] INMATE REFUSED TO SIGN    INMATE SIGNATURE:    CDC NUMBER:

## ADMINISTRATIVE REVIEW (PART B)

The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

### STAFF ASSISTANT (SA)

| STAFF ASSISTANT'S NAME | TITLE |
|---|---|
|  |  |

### INVESTIGATIVE EMPLOYEE (IE)

| INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|
|  |  |

**IS THIS INMATE:**

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| LITERATE? | [ ] | [ ] | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] | [ ] |
| FLUENT IN ENGLISH? | [ ] | [ ] | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] | [ ] |
| ABLE TO COMPREHEND ISSUES? | [ ] | [ ] | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] | [ ] |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] | [ ] | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] | | | | |

Any "NO" requires S.A. assignment    Any "NO" may require IE assignment

[ ] NOT ASSIGNED    [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE:    DATE:

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY ____    [ ] RETAIN PENDING ICC REVIEW    [ ] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
|  |  |  |  |  |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
|  |  |  |

See Chronological Classification Review document (CDC 128-G) for specific hearing information.

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE Exhibit D(1)
CDC 114-D (Rev 9/98)

DEPARTMENT OF CORRECTIONS

Case 2:90-cv-00520-KJM-SCR   Document 2252   Filed 05/24/07   Page 8 of 20

DISTRIBUTION:
WHITE - CENTRAL FILE          YELLOW - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                   GOLDENROD - INMATE (1ST COPY)

INMATE'S NAME: **WILSON, D.**    CDC NUMBER: K-33474

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On April 22, 2007, you are being re-housed from M-207-L to M-315-S, an Administrative Segregation Unit (ASU) and placed on Administrative Segregation (Ad-Seg) status. Specifically, on April 22, 2007, you told the L-3 Officer Turner you were having problems with you cellmate. A note that you typed up and signed stated, in part, "and disturbs me to the point where I (am) extremely paranoid to where DEMONS tell me to hurt my cellmate for I can get some sleep for my psychosis conflicts" You will remain in Ad-Seg pending Institutional Classification Committee/Administrative review to determine enemy/safety concerns, appropriate housing, or program/transfer needs. Psychiatric and Medical chronos, CDC 128Cs dated April 22, 2007 reflect medical and psychiatric clearance for Ad Seg placement. You are a participant in the MHSDS at the EOP level of care. You are not a not a participant in the Armstrong/Clark program. Your reading Level is above 4.0.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: __/__/__

DATE OF ASU PLACEMENT: 4-22-07   SEGREGATION AUTHORITY'S PRINTED NAME: R BENTON   SIGNATURE: R Benton   TITLE: C7

DATE NOTICE SERVED: 4-22-07   TIME SERVED: 21:34   PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE: D. SWAN   SIGNATURE: [signed]   STAFF'S TITLE: [illegible]

[X] INMATE REFUSED TO SIGN   INMATE SIGNATURE: ___   CDC NUMBER: ___

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE)

STAFF ASSISTANT'S NAME: R KUTCH   TITLE: SGT   INVESTIGATIVE EMPLOYEE'S NAME: ___   TITLE: ___

**IS THIS INMATE:**

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| LITERATE? | [X] | [ ] | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] | [ ] |
| FLUENT IN ENGLISH? | [X] | [ ] | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] | [ ] |
| ABLE TO COMPREHEND ISSUES? | [ ] | [X] | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] | [X] |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] | [X] | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] | [ ] |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] | [ ] | | | |

Any "NO" requires SA assignment   [ ] NOT ASSIGNED
Any "NO" may require IE assignment   [ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
[ ] NO WITNESSES REQUESTED BY INMATE   INMATE SIGNATURE: Daniel W. Wilson   DATE: 4/23/07

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY ___   [X] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [X] SINGLE CELL PENDING ICC

REASON FOR DECISION: Retain ASU Pending ICC Review. Unit II Investigate into potential enemy concerns. The circumstances for ASU placement are indicated.

ADMINISTRATIVE REVIEWER'S PRINTED NAME: M FISHER   TITLE: FC   DATE OF REVIEW: 4/23/07   TIME: 1340   ADMINISTRATIVE REVIEWER'S SIGNATURE: [signed]

CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary): ___   CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary): ___   DATE OF REVIEW: ___

*See Chronological Classification Review document (CDC 128-G) for specific hearing information*

David W. Wilson, K66474
4-22-2007
9:30 p.m.

Questions For 114-D, Investigative Employee pursuant Title 15 #3337(b), A request to call witnesses must be submitted in writing by the inmate. For CCR #3337, Part B, 114-D, next day review by Captain. For CCR# 3338 (f),(g),(i), I/m will be given copies all forms & other documents relied upon in hearing.

Witness #1 Associate Warden (A), S. Moreno

?1. A.W., Moreno did you receive Staff Complaint Assigned to you dated 4-11-07, against Sgt. Swan by I/m Wilson, K66474, for harassment & taking property, which included CDC 115 for False Documents; Restraining Order sent to Sgt. Swan, & not do 114-D process "DISMISSED"

?2. A.W., Moreno did you receive copy appeal dated 4-18-07, where Sgt. Swan next day took Radio from I/m Wilson & Wilson Court ORDERS For Appliances 3, & that Sgt. Swan was continueing to harass & would use any reason for placing in Segregation & attempt to take down & spit Mask to hide assaults & claim none compliance. CMF-M-07-01091

?3. A.W., Moreno if I/m Wilson seen 2 Psy. Dr.'s & Psy. Supervisor & LCSW on 4-18-07, & wrote letter new cellmate screaming & yelling at Night 4-19-07, & Psy. Dr.'s place for IDTT & Wilson stated Demons say hurt cellmate & Dr.'s state deal with cellmate until IDTT, & Wilson waits for IDTT & Sgt. Swan use's Psy. Problems 2 days earlier for reprisal Complaint Staff, does this violate CCR # 3084.1(d), & Penal Code's sent to you, Malice, Specific Intent, Placing ASU 4-22-07,

Witness #2 Assistant Director Internal Affairs  Phone Call Requested
P.O. Box 3009, Sacramento, CA

Witness #3 Secretary CDCR, James Tilton,  Phone Call Requested
P.O. Box 942883, Sacramento, CA

Witnesses #2 #3 answer Questions ?1 - ?3 above with name change

Witness #4 Officer Smith M-2 2nd Watch

?1. c/o Smith on 4-20-07, when I/m Wilson gave you letter of No Sleep because cellmate yelling at night did I/m Wilson seem a threat to himself or Others.

?2. c/o Smith did Wilson state if no relief to sleep he would file to Court on Dr.'s,

?3. c/o Smith have you observe I/m Turner, Wilson's cellmate talking yelling in cell, DayRoom, etc,

?4. c/o Smith did Social Worker Sorenson tell I/m Wilson 4-20-07, he was going to IDTT,

?5. c/o Smith if you thought I/m Wilson was a threat 4-20-07, would have Placed ASU,

?6. c/o Smith did you place Wilson in ASU,

?7. c/o Smith did I/m Wilson state to you that he had filed staff Complaint on Sgt. Swan.

?8. c/o Smith had you known I/m Turner have problems with cellmate's.

Witness #5 Officer Angel M-2 2nd Watch

?1. c/o Angel on 4-21-07, did I/m Wilson ask you to move I/m Turner from cell for he yells in cell at night,

?2. c/o Angel on 4-21-07, did you approve I/m Turner to be moved 3rd Watch for you knew I/m Turner from past as having problems with cellmates yelling talking.

OVER→

### Witness #6 C/O Beatty 3rd Watch

? 1. C/O Beatty on 4-21-07, did C/O Angel tell you move I/M Turner from cell 207 with I/M Wilson, & other I/M refused I/M Turner.

? 2. C/O Beatty on 4-21-07, did you observe I/M Turner talking loud, yelling at cell, behaving bazarre digging through trash & claimed he was professional trashdigger.

### Witness #7 Lieutenant Swaggart Unit II Lt. 3rd Watch

? 1. Lt. Swaggart on 4-21-07, did I/M Wilson, K66474, AKA Purple Passion approach you at meal release and explain his cellmate yells at night & he could hardly sleep.

? 2. Lt. Swaggart on 4-21-07, did you tell I/M Wilson you would get his cellmate to see the POD.

### Witness #8 C/O D. Jones 3rd Watch

? 1. C/O Jones on 4-22-07, did you observe a I/M Turner cell M-207 u, acting bizzare, yelling, & talking loud in Day Room, shower, cell with I/M Wilson.

? 2. C/O Jones on 4-22-07, did I/M Wilson tell you I ask C/O Turner to note in book his cellmate was acting bizzare.

? 3. C/O Jones on 4-22-07, when Sgt. Swan came to Wilson's cell did Wilson have headphones on in bed.

? 4. C/O Jones on 4-22-07, when Sgt. Swan ordered Wilson out the cell ? did Wilson comply.

? 5. C/O Jones on 4-22-07, when I/M Wilson had hands on wall outside cell did Sgt. Swan pull pepper spray & hold next to Wilson's face & say move & I'll spray you.

? 6. C/O Jones on 4-22-07, did I/M Wilson ask Sgt. Swan why you trying to create a incident I'm complying is this more harassment or reprisal to staff complaint.

? 7. C/O Jones on 4-22-07, while you were in charge of I/M Wilson did Sgt. Swan state now put your hands behind back or I'll spray you to Wilson who was complying, & Sgt. pointing spray bottle at Wilson's face.

? 8. C/O Jones on 4-22-07, when escorted I/M Wilson to M-2 Day Room & Wilson complying did Sgt. Swan state if you do not comply I'll take you down to ground & have you put on streacher & carried to B-1.

? 9. C/O Jones on 4-22-07, did Wilson state I'm in Jone's custody what are you talking about, which at that time Sgt. Swan comes & grab right arm.

? 10. C/O Jones on 4-22-07, & prior had I/M Wilson talk to you about Sgt. Swan creating incidents that were exacerbated by Sgt. Swan.

? 11. C/O Jones on 4-22-07, and other days have you witness Sgt. Swan attempt or create incidents.

### Witness #9 C/O Turner

Answer Questions ? 1.-6. change name to C/O Turner

CONTINUED Page 2

Witness #10 Inmate Harvey, cell M-227 L
Witness #11 Inmate, Wood, cell M-227 U
Witness #12 Inmate, Peniquore, cell M-228 L
Witness #13 Inmate, Nash, cell M-206 U
Witness #14 Inmate, cell M-206 L
Witness #15 Inmate DealR, cell M-219 L

All Witnesses #10 - #15 answer below Questions ?1. - ?4.

?1. I/m on 4-22-07, when Sgt. Swan Ordered Wilson out the cell ? did Wilson comply.

?2. I/m on 4-22-07, when c/s Jones was behind I/m Wilson with hands on Wall outside cell did Sgt. Swan pull pepper spray & hold next to Wilson's face & say move & I'll spray you.

?3. I/m on 4-22-07, did I/m Wilson as K Sgt. Swan why you trying to create a incident I'm complying, is this more harassment or reprisal to Staff Complaint.

?4. I/m did you on 4-22-07, & days before see & hear I/m Turner, Wilson's cellmate yelling in cell, Day Room, hallway.

Witness #16 LCSW, Soranson M-2

?1. LCSW, Soranson on 4-20-2007, did you see I/m Wilson, K66474, cell M-207 L, & tell him about 1:00 he would be seen by IDTT.

?2. LCSW, Soranson on 4-20-2007, did you read letter by I/m Wilson cannot sleep cellmate yelling & Demons tell me to hurt cellmate.

?3. LCSW on 4-20-07, should Wilson had been placed in segregation for hearing voices.

?4. LCSW Soranson on 4-20-07, should any I/m that hear voices telling him things be placed in Segregation

(1) Transfer to another institution in accordance with section 3379.

(2) Transfer to a Segregated Program Housing Unit in accordance with section 3341.5.

(3) Retention in segregation pending completion of an active investigation into an alleged violation of the rules/disciplinary process, an investigation of other matters, or resolution of criminal prosecution. In such instances an ICC shall offer a reasonable projection of the time remaining for the resolution of such matters.

(f) Subsequent to CSR approval of an extension of segregation retention, an ICC will schedule the case for future CSR review in a time frame consistent with the projection(s) made in accordance with subsection (d) above.

(g) Inmates in segregation who have approved Security Housing Unit (SHU) term status, but are still awaiting other processes (i.e., court proceedings, adjudication of other rule violation reports, gang validation, etc.), shall be reviewed by an ICC in accordance with the SHU classification process noted in subsection 3341.8.

(h) The need for a change in housing or yard status of any inmate segregated under the provisions of this article shall be reviewed at the next convened ICC hearing.

(i) All classification committee actions shall be documented, including a specific record of the inmate's participation, an explanation of the reason(s), and the information and evidence relied upon for the action taken. The inmate shall be provided copies of the completed forms relied upon in making the decisions affecting the inmate.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code; Wright v. Enomoto, (1976) 462 F Supp 397; and Toussaint v. McCarthy (9th Cir. 1986) 801 F2d 1080, cert. denied, 481 U.S. 1069.

HISTORY:

1. Repealer of Article 7 (Sections 3340–3357) and new Article 7 (Sections 3335–3345) filed 4-18-80; effective thirtieth day thereafter (Register 80 No. 16). For prior history see Registers 76, No. 31; 77, No. 9; 78, No. 25; and 79, No. 34.
2. Amendment of subsection (b) filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).
3. Amendment filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.
4. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).
5. Amendment filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.
6. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).
7. Amendment filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.
8. Certificate of Compliance transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).
9. Amendment of article heading and subsection (c), repealer of subsections (c)(1)–(c)(1)(B), new subsections (d)–(i) and amendment of Note filed 6-15-2005 as an emergency pursuant to Penal Code section 5058.3; operative 6-15-2005 (Register 2005, No. 24). A Certificate of Compliance must be transmitted to OAL by 11-22-2005 or emergency language will be repealed by operation of law on the following day.
10. Editorial correction of subsection (d)(3) and History 9 (Register 2005, No. 50).
11. Certificate of Compliance as to 6-15-2005 order transmitted to OAL 10-31-2005 and filed 12-15-2005 (Register 2005, No. 50).

**3336. Segregation Order.**

Authority to order an inmate to be placed in administrative segregation, before such action is considered and ordered by a classification hearing, may not be delegated below the staff level of correctional lieutenant except when a lower level staff member is the highest ranking official on duty.

(a) The reasons for ordering an inmate's placement in administrative segregation will be clearly documented on a CDC Form 114-D (Order and Hearing on Segregated Housing) by the official ordering the action at the time the action is taken.

(b) In addition to explaining the reason and need for an inmate's placement in administrative segregation, the official ordering the action will determine if a staff member needs to be assigned to assist the inmate in presenting the inmate's position at a classification hearing on the need for retention in segregated housing. Staff assistance will be assigned and the assignment will be noted in the CDC Form 114-D if the inmate is illiterate or if the complexities of the issues make it unlikely that the inmate can collect and present evidence necessary for an adequate comprehension of the inmate's position at a classification hearing. If an inmate is not illiterate and the issues are not complex, staff assistance will not be assigned. The reason for not assigning staff assistance will be entered on the CDC Form 114-D.

(c) In assigning staff assistance, the official initiating the CDC Form 114-D will designate the inmate's caseworker by name, as the staff member to assist the inmate. If the assigned caseworker's name is not known or cannot be readily determined by the official initiating the CDC Form 114-D, the words "assigned caseworker" will be entered on the form.

(d) A copy of the CDC Form 114-D, with the "order" portion of the form completed, will if practical, be given to the inmate prior to placement in administrative segregation but not later than 48 hours after such placement. Copies of the CDC Form 114-D with the "order" portion completed will also be submitted to the warden or superintendent or designated staff for review and possible further action as described in section 3337. A copy of the CDC Form 114-D will also be routed to the records office as a notice of the inmate's current status and pending actions.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:

1. Change without regulatory effect amending first paragraph filed 3-22-2001 pursuant to section 100, Title 1, California Code of Regulations (Register 2001, No. 12).

**3337. Review of Segregation Order.**

On the first work day following an inmate's placement in administrative segregation, designated staff at not less than the level of correctional captain will review the order portion of the CDC Form 114-D. If retention in administrative segregation is approved at this review, the following determinations will be made at this level:

(a) Determine the appropriate assignment of staff assistance, if such assistance was deemed necessary by the official initiating the CDC Form 114-D. If the inmate's caseworker is not an appropriate assignment because of the caseworker's schedule, an alternate staff assistance assignment will be made. The inmate will be notified in writing of any change in the assignment of staff assistance. An inmate may decline to accept the assignment of his or her caseworker or the first person assigned. In such cases a different staff member will be assigned to assist the inmate.

✱ (b) Determine the inmate's desire to call witnesses or submit other documentary evidence. If the inmate requests the presence of witnesses or submission of documentary evidence at a classification hearing on the reason or need for retention in segregated housing, an investigative employee will be assigned to the case. A request to call witnesses and the names of witnesses must be submitted in writing by the inmate. 

Side 2 OVER→

State of California — Department of Corrections and Rehabilitation
Office of Internal Affairs, Headquarters
Central Intake Unit
10111 Old Placerville Road
Sacramento, CA 95827

# Memorandum

Date : April 19, 2007

To : Suzan L. Hubbard, Warden (A)
California Medical Facility
1600 California Drive
Vacaville, CA 95696

*[handwritten: 4/24/07 → CCIF L... p/s reviewed / staff copy]*

**CONFIDENTIAL**

Subject: **CORRESPONDENCE REFERRAL**

The Office of Internal Affairs (OIA) – Headquarters has received staff complaints authored by the inmate(s) listed below, who is/are housed at your institution.

The allegations made by the inmate was reported to the OIA by written correspondence, which has been attached to allow you the opportunity to become familiar with the specifics of his/her complaint.

Based upon review of the correspondence, it has been concluded that the issues can more likely be managed at the institution, as you deem appropriate. The complaint and attachments are being returned to you for processing at the local level.

Subsequent to your staff's review, should you determine that an investigation is required or if you want to take Direct Adverse Action, please submit a Request for Internal Affairs Investigation/Notification of Direct Adverse Action (CDCR Form 989) to the OIA Central In take Unit (CIU) for consideration.

If you have any questions or need further assistance, please do not hesitate to contact me at (916) 255-1659.

**Inmate Name and CDCR Number**

| Wilson, K-66474 | | |
|---|---|---|

WILLIAM WELLS
Special Agent
Office of Internal Affairs - Headquarters

Enclosures

* CDC 1617 (3/89)

received 5-3-2007
M 3152

| Inmate/Parolee Appeal Rejection Form | C.M.F. Appeals Office | cdc form 695 |

To: __WILSON__  __K66474__  __M122?__
       Name           Number          Housing

**Your Appeal is Being Rejected for the following reason(s)**

1. ☐ The Action or Decision being appealed is not within the jurisdiction of the department.
2. ☒ You have submitted a duplicate appeal on the same issue.
3. ☐ You are appealing an action not yet taken.
4. ☐ You have not attempted to resolve the problem at the informal level.
   (Obtain an informal response by sending your appeal directly to:)
   ☐ The Property Officer ☐ Your Counselor ☐ Unit Staff ☐ Mail Room Staff
   ☐ Your Prior Institution ☐ Trust Office ☐ The Medical Clinic ☐ Records Analyst
   ☐ Staff Member(s) referred to:
   ☐ Other _____

5. ☐ You have not adequately completed the CDC 602 form or attached the proper documents.
   ☐ Attach a copy of the COMPLETED CDC 115 which shows the Hearing Officer's decision.
   ☐ Attach or sign & date a Peace Officer's complaint form.
   ☐ Sign & date your appeal.
   Other: _____

6. ☐ Pursuant to amended CCR 3084.6 (Effective 2-26-97) you have exceeded the 15 working days time limit for submitting/resubmitting an appeal.
7. ☐ Pursuant to amended CCR 3084.1 (Effective 2-26-97) you have not reasonably demonstrated your appeal issue to have adversely affected your welfare.
8. ☐ Abuse of the appeal process: ☐ Excessive filing (no more than one appeal per a seven calendar day. ☐ Inappropriate statements. An appeal containing false information, profanity, or obscene language shall be rejected per CCR 3084.4(b). ☐ Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation per CCR 3084.4(c).
9. ☐ You may not submit an appeal on behalf of another inmate.
10. ☐ Your requested action has been granted at the _____ level and no further action is required.

Instructions: __YOU HAVE TWO OTHER APPEALS ON THIS ISSUE THAT ARE PENDING. ONE (CMF-07-01015) IS A STAFF COMPLAINT. THE OTHER (CMF-M-07-01021) IS A PROPERTY APPEAL.__

Appeals Coordinator _[signature]_   Date 4/30/07

THIS IS A PERMANENT DOCUMENT
DO NOT REMOVE THIS FORM FROM THIS APPEAL

STATE OF CALIFORNIA                                                                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region | Log No. | Category
1. _____ | 1. _____ | _____
2. _____ | 2. _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: WILSON, DAVID W. | NUMBER: K66474 | ASSIGNMENT: Ad-Seg (EOP) | UNIT/ROOM NUMBER: M-3-#315

A. Describe Problem: See Attached Additional Sheet

If you need more space, attach one additional sheet.

B. Action Requested: Released from Ad-Seg & Not Forced Double Living Unless signed cell compatibility Form or Sent to Atscadero Hospital For Treatment. If not let any an all be held accountable to Courts for degredation of CCR #3004(e),(b), #3391(a), #3361(a),(b), #3338(f),(h),(i), #3337(b); P.C.'s §2600, §147, §2077, §5058; 1st, 8th, 14th Amend, Will seek damages of Liability, Obligation, Detriment, Future Detriment, Exemplary, Emotional stress, Mental Anguish, at individual & Offical capacities.

Inmate/Parolee Signature: David W. Wilson                Date Submitted: 5-4-2007

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

602 APPEAL Additional Sheet — David Nelson, K66474
5-2-2007

Describe Problem: On 5-2-2007, I went before ICC and was "denied" Procedural Due Process "Safeguards" by the Warden. For on 4-22-07, I was placed in Administrative Segregation by Sgt. Swan whom I had filed STAFF COMPLAINT against 4-11-07, for Harassment & taking property illegally, and sent to Assigned Review A.W. Moreno who I sent copy of appeal CMF-07-01091, where Sgt. Swan took more property, which I wrote letter 4-18-07, Sgt. Swan would attempt to place in Ad-Seg for any reason for retaliation to Staff Complaint.

On 4-22-07, I received First Copy 114-D by Sgt. Swan, herein Exhibit D, to which I wrote Questions For Witnesses on 4-22-07, therefore when Captain, Fisher 4-23-07, gave second copy, Exhibit D(1), I gave Witnesses Exhibit's D(3), D(4), which D(3) has written at Top page:

Questions For 114-D, Investigative Employee pursuant Title 15 #3337(b), A request to call witnesses must be submitted in writing by the inmate. For CCR# 3337; Part B, 114-D, next day review by Captain. For CCR# 3338(f),(g),(i), I/m will be given copies all forms & other documents relied upon in hearing.

Exhibit D(1), by Captain, Fisher has Boxe's ☐ Any "No" may require IE assignment Which Captain writes at DECISION: Retain ASU Pending ICC Review. Unit II Investigatio

When waiting for ICC 5-2-07, I ask Captain, Fisher where is Witness statements for me, per hereto attached Title 15 #3338(i), page 128, side 2, of #3336, #3337, Captain, Fisher states Sgt. Demars has, which asking Sgt. Demars he says it looks good.

Yet! When in ICC Warden, Hubbard states she has Questions for Witnesses and Internal Affairs Assistant Director, and Secretary, Tilton would not be witnesses, and these Questions were more appropriate for a CDC 115, & investigation would be conducted.

This "denied" procedural "Safeguards" Title 15 page 128, Exhibit D(6), at 3338(f): When reason for an inmate's placement in Ad-Seg is non disciplinary reasons, the hearing will consider all available evidence or information relating to validity of reasons for placement. 3338(h) Based upon finding of I.E., the ICC will permit the inmate to present witnesses and documentary evidence at the hearing [.] The above was implemented from Wright v. Enomoto, 462 F. Supp. 397 (1976); See Wright v. Rushe 1978).

c.c. Secretary, Tilton;
Inspector General;
F.B.I;
Internal Affairs;
Courts;
Media:

Plata & Coleman Motion To Amend Temporary Restraining ORDER

STATE OF CALIFORNIA                                                                 Copy 1 of 4         Exhibit S. H.    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region      Log No      Category

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| WILSON, DAVID W. | K-66474 | Ad-Seg (EOP) | M-3-#315 |

A. Describe Problem: **STAFF COMPLAINT Against Warden, SUZAN L. HUBBARD**

See Attached Additional Sheet

If you need more space, attach one additional sheet.

B. Action Requested: HUBBARD removed as CMF Warden, & Demotion in rank & salary & if guilty violations herein not receive retirement/pension benifits, & not sit on my Icc, ucc, or answer appeals & myself not transferred. If not let any on all be held accountable to Courts for degredation of CCR#3004, #3361, #3338, #3084.1(d) #3391(b); DOM #33030.6.2, &5.1; P.C's §§ 182(a)(1), §21a, §136, §11411, §11410, §147, §2600; 1st, 8th, 14th Amend. Will seek damages at Liability, Obligation, Detriment, Future Detriment, Ment Anguish, Emotional Stress, at individual & Official Capacities.

Inmate/Parolee Signature: _David H Wilson_      Date Submitted: 5-10-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

Exhibit S.H. (1)
David W. Wilson K-06474
5-7-2007

STAFF COMPLAINT Additional Sheet
Warden, SUZAN L. HUBBARD

Describe Problem: On 5-2-07, "I was denied procedural Due Process "Safeguards" & the mandatory Character language of Title 15, & State laws for Classification earing by Warden, HUBBARD in clusion and conspiracy Penal Code (P.C.) §182.(a)(5), with her subordinates in reprisal to prison appeals & Complaints & Court actions, thereby violating California Code of Corrections (CCR) #3084.1(d), & First Amendment access to Courts. Which was done with P.C. §21a, Specific Intent for P.C. §136 Malice, & P.C. §11411(d), Terrorisim, to P.C. §1410 Terrorize for Personal Property & "Harassment" to subjection of Cruel & unusual punishment P.C. §147, Segregation for denial of Court & Legal Documents, & punitive purposes of Air & Heat Conditions, where Windows are Keep closed effecting my Heat Medication, Which is denying P.C. §2600 Retain Rights, for degredation of CCR #3004(c) Mentally handicap, & places hardship cause this Wardens conduct violating CCR #3391(a), Employee Conduct, While denying myself & Other Enhanced Out-Patients (EOP's) mentally impaired adequate psychological treatment violating CCR #3361(b),(c), for following reasons:

C having to Director an appeal & Court Civil action, to "not be" forced Double Cell Living, unless I receive proper Psy. Treatment including "Confidentality" denied (CMF) California Medical Facility unless I & Other Inmate sign Cell Compatibility Form. If not sent to Atscadero Hospital for treatment & to keep appliances, & legal Material. Which the Court later ORDERED me to Refile prison appeal for I did not bring Cell Compatibility Form & Appliances, Legal Material on appeal, I resubmitted which is at Director's Level Review.

I having filed Restraining Order for above "not be" Forced Double Cell Living due to abuse as a child & suffering PTS (Disorder) sent to Court, A.G.'s Office, Secretary, Tilton, Warden, HUBBARD, also sent to Unit sergeant(s) two, & Lieutenant(s) two for courtesy & apprise of situtation, on 12-12-06, after having attempted to have Warden, HUBBARD resolve.

In 12-30-06, Sgt. Swan called me to Unit Office & stated he took Offense to receiving copy of Restraining Order & he was going to write me a 115 disciplinary & place me in segregation, see attached Exhibit S, CDC 115, Questions Witnesses, Exhibit S(1), later "DISMISSED" Exhibit S(2), at S(3).

On 1-24-07, I had a meeting with Warden, HUBBARD who stated I must get a cellmate, to which I received 115 disciplinary for refusing a cellmate, which was "DISMISSED" & three Other Inmate's refused forced double celling due to my mania & notoriety of psychosis, which I had requested Other Outside Mental Health Professional from Warden, HUBBARD & Psy. Administrator pursuant CCR #3361(b), or sent to Atscadero

In 4-10-07, While preparing Restraining Orders under Ralph Coleman V. Schwarzenegger No. CIV-S-90-0520, & Marineo Plata V. Schwarzenegger No. C-01-1351-TEH, Sgt. Swan comes to cell with Other staff & states cellmate moving in, which I explain constant psychosis state over issues

OVER → side 2 →

& have not seen Dr's that week. Sgt. Swan becomes upset & starts finding things in my cell he can destroy, & decides to take Television without 115 hearing, & states he will be back next day to take Radio which is Harrassment & Terrorizism, to which I filed Staff Complaint Exhibit S(4), S(4)a, & sent copy to Secretary, Tilton, & Internal Affairs, Exhibit S(6), letter, to Confront for Threats of Ad-seg. To which 4-18-07, appeal filed for next day 4-11-07, Sgt. Swan comes to my cell & takes my Radio for more Harrassment.

On 4-17-07, I am given a cellmate, Inmate Turner who before paroling for one day lived in Unit I was in & was on single cell status due to raped his cellmates, to which Inmate Turner yelled in bed late at night & in Day talked loud to Spirits & Angels, to which I spoke to psy. Dr's of this & was told it was a Custody issue, & to deal with No sleep, which Psy. Superviso stated he did not have time. On 4-20-07, I wrote letter to Unit Officer to move Inmate Turner for DEMONS tell me to hurt cellmate to get sleep, Please Help, Officer gave letter to Social worker told me to hold on wait I was going to Psy. Committee.

On 4-22-07, Sgt. Swan having found out about letter to officer comes to cell to placed in Ad-seg For reprisal to Staff Complaint & Court Restraining Order I sent him, which Exhibit S(8) request Sgt. Not do 114-D, Process, which Sgt. Swan attempts to create a incident when placing in Ad-seg. Sgt. Swan gives lock-up Order, Exhibit D, which Captain, Fisher gives 2nd Copy, Exhibit D(1), & I having written Questions For Witnesses, Exhibit D(3), D(4), gave to Captain, on 4-23-07, which has CCR #3337, For CCR# 3338, at Top D(3), as in attached Title 15, pages 127, 128, Exhibit D(5), D(6).

On 4-24-07, Warden, HUBBARD received from Internal Affairs, Memo of my complaint against Sgt. Swan, Exhibit S(11), Exhibit S(12), later sent by Appeals Coordinator, to me.

On 5-2-07, I went to Committee ICC, chaired by Warden, HUBBARD, where I requested ? why I had not received response to Witnesses Questions, Exhibit D(3), D(4), which the Warden cites cases of Toussaint & Hudson, & says she knows the law & my Questions are more appropriate for 115 hearing, which Toussaint or Hudson may deal with segregation, but "Not" hearing procedures & segregation Orders of ICC, this falls under Exhibit D(6), Title 15, CCR#3338 (f),(h),(i), which has mandatory character language & comes from Wright v. Enomoto, 462 F. Supp. 397 (1976), see bottom Exhibit D(6), page 128, which the Warden denied my request Paralegal correspondence from my property with court Deadline case's, which under PERMANENT INJUNCTION against CDC in Wright v. Rushen, 642 F.2d 1129 (1981) at VI. *3. & at III.6,7., is the same Rules as Exhibit D(6), & allows correspondence & education in Ad-seg. Therefore I attach 1858 Rights & Responsibility Form, AB) 98/10, as described Exhibit S(4)a, for separate issue from this Complaint pursuant disregard for Rules and Regulations, & conspired as in paragraph 1 this document. Therefore I request DoM#33030.5.1 Definition Adverse Personal action *Demotion in rank, *Salary Reduction I am requesting Warden, HUBBARD be removed as CMF Warden, & she if found violating any above to not receive retirement benifits & pension plan for Penal Code § violations, & she not sit on ny ICC or other Committees, answer my 602 appeals, & I am not to be transferred for reprisal.

c.c. James Tilton, Secretary CDCR, P.O. Box 942883, Sacramento, CA 94253-0001
Arnold Schwarzenegger, Governor, State Capitol, Fl. 1, Sacramento, CA 95814
Inspector General, Matthew Cates P.O. Box 348780, Sacramento, CA 95334-8780
F.B.I. Director, Drew Prenetil, 4500 Orange Grove, Sacramento, CA 95841-4205
Internal Affairs, P.O. Box 3009, Sacramento, CA 95814
Newspapers & Media, Senators & Assemblemen

Plata & Coleman
REQUEST TO ADMISSION RESTRAINING ORDER

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  DAVID W. WILSON | INMATE/PAROLEE'S SIGNATURE  *David W. Wilson* | CDC NUMBER  K66474 | DATE SIGNED  5-7-2007 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant