DEATH THREATS
By LT O. Coleman

DEATH PENALTY CASE
CASE. 90-0520 L. KARLTON

Exhibits Enclosed.

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**FILED**

Name STANLEY        JERRY        FRANK
     (Last)      (First)      (Initial)

JUN 1 5 2007

Prisoner Number  C-80900

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Institutional Address  DEATH ROW  SAN QUENTIN, CA

DEPUTY CLERK

UNITED STATES DISTRICT COURT  Eastern
DISTRICT OF CALIFORNIA

JERRY FRANK STANLEY

(Enter the full name of plaintiff in this action.)

       vs.

WARDEN R. AYERS

(Enter the full name of respondent(s) or jailor in this action)

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT
OF HABEAS CORPUS**

<u>Read Comments Carefully Before Filling In</u>

<u>When and Where to File</u>

    You should file in the Northern District if you were convicted and sentenced in one of these

counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

this district if you are challenging the manner in which your sentence is being executed, such as loss of

good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

one of the above-named fifteen counties, your petition will likely be transferred to the United States

District Court for the district in which the state court that convicted and sentenced you is located. If

you are challenging the execution of your sentence and you are not in prison in one of these counties,

your petition will likely be transferred to the district court for the district that includes the institution

where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS    - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14                 BUHE COUNTY             OROVILLE, CAL

15                 Court                          Location

16          (b)    Case number, if known  23532

17          (c)    Date and terms of sentence FEB 1984  OEATH PENALLY

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)          Yes ✓   No ____

20                 Where?

21                 Name of Institution: SAN QUENHU

22                 Address: _____ OEATH ROW

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26          MURDER 1    187  P.C

27

28

PET. FOR WRIT OF HAB. CORPUS      - 2 -

3. Did you have any of the following?

    Arraignment:                           Yes ✓    No _____

    Preliminary Hearing:            Yes ✓    No _____

    Motion to Suppress:            Yes ✓    No _____

4. How did you plead?

    Guilty _____    Not Guilty ✓    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury ✓    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?             Yes ✓    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes ✓    No _____

    (b)    Preliminary hearing     Yes ✓    No _____

    (c)    Time of plea            Yes ✓    No _____

    (d)    Trial                   Yes ✓    No _____

    (e)    Sentencing             Yes ✓    No _____

    (f)    Appeal                Yes ✓    No _____

    (g)    Other post-conviction proceeding    Yes ✓    No _____

8. Did you appeal your conviction?          Yes ✓    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal             Yes _____    No _____

        Year: _____    Result:_____

        Supreme Court of California    Yes ✓    No _____

        Year: 1995    Result: AFFIRMNED

        Any other court            Yes _____    No _____

        Year: 1995    Result: STILL PENDING

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1            petition?                                        Yes _____      No_____

2        (c)    Was there an opinion?                   Yes _____      No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                            Yes _____      No_____

5            If you did, give the name of the court and the result:

6            _____

7            _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?           Yes _____      No_____

10           [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition.  You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15    U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding.  Attach extra paper if you need more space.

18       I.     Name of Court: _____

19              Type of Proceeding: _____

20              Grounds raised (Be brief but specific):

21              a._____

22              b._____

23              c._____

24              d._____

25              Result: _____Date of Result:_____

26       II.    Name of Court: _____

27              Type of Proceeding: _____

28              Grounds raised (Be brief but specific):  --

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: I AM BEING DENIED MENTAL HEAlth hElp

6  SOlEY AS rEPRISAL BY WARDEN AYERS

7  Supporting Facts: MENtAL HEAlth EXPErts (quor my rEQuESt

8  To SEE Dr. SPAIN Or ANY mENta HEALth EXPERt AL

9  WARDENS, CAPt FOLS, LT COlEMANS EXPrESS rE QuESt

10

11  Claim Two: I AM BEING DENIED MEDICAL CARE BY

12  WARDEN AYERS, CAPt FOL (SEE EXhiBits)

13  Supporting Facts: GuArDS FOr CAPt FOL, LT COlEMAN FAlSEly

14  claim I rEFuSE ANY mEDICAL CARE Or hEll mE I will

15  WAit IN A CAGE FOr hours AS rEPrisAL, UNlESS I AgrEE

16  lo PrOViDE TEhAmA COuNty D.A the LocAhoN OF A

17  missLN9 PErSON.
   Claim Three: I AM BEING DENIED YArD

18

19  Supporting Facts: I hAVE Not BEEN AllOWED YArD WITh

20  DirECt SuN light FOr 4 YEArS 9 mouths, WARDEN

21  CAPt hAVE A LArGE YArD AVAilABlE ON WEDNESDAY BuT

22  StAtE wihll I co-opErAtE with TEhAmA COuNty AuthoriTiES

23  NO YArD EVEN AFtE Doctor SAiD EXErCISE, SuN NOW CruCiAl.
   If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  ON 6-11-07 LT D. ColEMAN WITh CAPt FOls FuN

26  APPrOVAl SAiD " WhEN ThEy mOVE mE To ADJuSTMENt

27  CENtEr COlEMAN othErs will hAVG mE AS A SuiCiDE

28  I will TAkE ANd PASS A POlygmph hESt

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3 of these cases:

4 _____

5 _____

6 _____

7 Do you have an attorney for this petition?                Yes ∠      No_____

8 If you do, give the name and address of your attorney:

9      JACK LEAVIH  1019  MERCEO ST.  BERKELEY, CAL
                                                                              94707

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on _JULIE 17 07_____        _Jerry F Stanley_

14           Date                                 Signature of Petitioner

15

16

17

18

19

20 (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

**Jack Leavitt**
**Attorney at Law**
**1065 A St., Suite 208**
**Hayward, CA 94541**
**Tel.: 510-581-9127**
**FAX: 510-581-9127**

1019 MERCED ST.
BERKELEY, CAL
94707

September 13, 2004

510-524-5963

Jeanne S. Woodford
Director
California Department of Corrections
P.O. Box 942883
Sacramento, CA 94283 - 0001

Re: Gerald F. Stanley, C80900 - 4 - E - W 3-E-21

Dear Director Woodford:

As the retained attorney for Gerald Stanley. I would appreciate it if you would investigate the present conditions under which he is confined on San Quentin's Death Row. You might be aware of Mr. Stanley's condition based on your previous work as the prison's Warden, but the pressures on him apparently have increased dramatically in recent months. The difficulties he is facing are based on his willingness to cooperate with Tehama County authorities, but not prison officials, in discussing the location of a missing victim's body.. On advice of counsel, he is trying his best to cooperate while at the same time protecting himself from unwarranted difficulties. Whatever help you can provide would be appreciated.

Many thanks for your cooperation.

Sincerely,

Jack Leavitt
CSB 31960

EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO, CALIFORNIA 94102

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE

March 30, 2005

Mr. Gregg Cohen, District Attorney
County of Tehama
P.O. Box 8400
Red Bluff, CA 96080

Re: Death Row Inmate Jerry F. Stanley

Dear Mr. Cohen:

This will acknowledge receipt of your letter dated February 25, 2005 asking for any
assistance I may be able to give with respect to Jerry Stanley's desire to divulge the grave
site location of his former wife, Diana Lynn-Stanley.

I have had my law clerks do extensive research on this matter and have, as well, conferred
with several of my colleagues. As much as I would like to be able to help you and Mr.
Stanley, it appears that there is no way I can get involved without seriously violating my
judicial ethical obligations.

I'm writing this letter in the hope that you can show it to Mr. Stanley as proof that you did
write to me as he requested. I wish you and everyone involved every success in resolving
this heart-wrenching dilemma.

Sincerely yours,

Thelton E. Henderson
United States District Judge

**State of California**

# Memorandum

Date :  February 14, 2007

To   :  Stanley, Gerald*
        C-80900

$E \, y \, 3 - 2^{1 \, 5}$

From :  **Department of Corrections, California State Prison, San Quentin, CA  94964**

Subject:  **MISPLACED INFORMAL LEVEL APPEAL**

During an Audit of the Inmate Medical Appeals Tracking Progam database in the Medical Appeals Office, it was discovered that an appeal filed by you on December 4, 2006, requesting to put in writing to the judge and attorney that you have the possibility of a mental illness, has been misplaced. If this issue has not been resolved, please submit another CDCR – 602 to the Medical Appeals Office.

Thank you for your assistance in the matter.

Elizabeth Ortega
Medical Appeals Coordinator (A)
Health Care Services
CSP-San Quentin State Prison

**FEB 15 2007**

CDC 1617 (3/89)
gfm

State of California                                          Department of Corrections

# Memorandum

Date : February 4, 2002

To : ALL EAST BLOCK INMATES

From : **Department of Corrections, California State Prison, San Quentin CA 94964**

Subject : **UNIT NOISE LEVEL**

All loud talking, singing, yelling, music, televisions, etc. from cells or holding cages will not be tolerated from any inmate housed in East Block. In consideration of those inmates trying to sleep, the hours of 10:30 PM through 5:00 AM will be observed as "quiet hours" in the unit. This includes "Bayside" and "Yardside" inmates. Please note that the "quiet hours" have changed to accommodate recent changes in feeding times for the morning meal.

The noise level in the unit at times has exceeded reasonable proportions in the past and will not be allowed to continue. Any inmate deemed to be escessively loud by staff will be subject to disciplinary action.

East Block staff are instructed to monitor the noise level of the unit and take corrective action when necessary and whenever possible.

A. Perez                      M. Chacon                   M. Cramer
Program Lieutenant            Program Lieutenant          Watch Commander
Second Watch, East Block      Third Watch, East Block     First Watch

J. Van Blarcom                J. Holzman
Program Sergeant              Program Sergeant
Second Watch, East Block      First Watch, East Block

GA-47-8

UNITED STATES DISTRICT COURT OF CALIFORNIA

CASE NO: 90-0520 LKK-JFM-P                                    MAY 28, 0

SINCE CAPT FOX AND LT D. COLEMAN RECENTLY RETURNED to
SAN QUENTIN DEATH ROW THE NOISE LEVEL IS ABSOLUTELY
UN BEARABLE FROM THEM HOUSING MAINLINE PAROLE VIOLATORS
WHO ARE MENTALLY ILL WITH DEATH ROW MEN.

ONE MENTALLY ILL DEATH ROW MAN JOE DANKS CELL 1-EY-2
KEEPS EVERY ONE AWAKE NIGHTLY WHILE THESE COWARDS
FOX, COLEMAN ACTUALLY BRIBE DANKS TO MAKE NOISE.
ENCLOSED MEMO IS A LIE. DANKS HAS NEVER BEEN
WARNED AND FOX, COLEMAN HOUSE HIM IN THE MIDDLE
OF DEATH ROW MEN INSTEAD OF HOUSING HIM AT THE
BACK OF EAST BLOCK TO THUS MINIMIZE AMOUNT OF NOISE.

AS SOON AS THESE SADISTIC COWARDS COLEMAN AND FOX
RETURNED to SAN QUENTIN THEY ORDERED NEW GUARDS
DOUG LEGAL MAN TO ACTUALLY DELIVE MY LEGAL MAIL LAST
SO I CANNOT RESPOND TO IT TIMELY. ON APRIL 16, 07, MAY
07, AND MAY 14.07 MY NAME FORGED IN LEGAL MAIL LOG BOOK
AND OPENED BEFORE IT ARRIVED AT MY CELL. SGT. HILL ADMITS
THIS WAS ORDERED BY COLEMAN AND FOX. INMATE STEVE Homick
WHO WORKS WITH U.S. DIST JUDGE ALSUP ON MAY 14.07 WROTE
JUDGE ALSUP with his ATTORNEY ON NOISE LEVEL AND JOE DANKS
BEING ALLOWED TO STAY GRADE A IN VIOLATION OF ATTACHED MEMO
WHICH DANKS VIOLATES DAILY. WARDEN AYERS, FOX, COLEMAN ARE
SADISTIC COWARDS WHO LIVE TO MAKE AND CREATE PROBLEMS ON
DEATH ROW. THEY ALLOW LOW LIFE, LOW I.Q. PRISON GUARDS TO RUN
DEATH ROW AND ENFORCE CODE OF SILENCE. APPEALS OFFICERS
DACANAY AND BABY WILL NOT PROCESS ANY 602s
ON STAFF MISCONDUCT

                                        Jerry Stanley

                                        B01 C 80900
                                        DEATH ROW 3-E-21