HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
CHARLES J. ANTONEN, State Bar No. 221207
Deputy Attorney General
　1300 I Street, Suite 125
　P.O. Box 944255
　Sacramento, CA 94244-2550
　Telephone: (916) 327-7872
　Fax: (916) 324-5205
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br>　　　　　　　　　　　Plaintiffs,<br>　v.<br>**ARNOLD SCHWARZENEGGER, et al.,**<br>　　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM (E.D. Cal.) |
| **MARCIANO PLATA,**<br>　　　　　　　　　　　Plaintiffs,<br>　v.<br>**ARNOLD SCHWARZENEGGER et al.,**<br>　　　　　　　　　　　Defendants. | C -01-1351 TEH (N.D. Cal.) |
| **CARLOS PEREZ, et al.,**<br>　　　　　　　　　　　Plaintiffs,<br>　v.<br>**JAMES TILTON, et al.,**<br>　　　　　　　　　　　Defendants. | C-05-05241 JSW (N.D. Cal.)<br><br>**DEFENDANTS' RESPONSE TO PROPOSED AGREEMENTS OF MAY 29, 2007 ORDER** |

Def. Response 5/29/07 Proposed Agreements

1

Defendants appreciate the coordination efforts by the Courts. In accordance with the May 29, 2007 order, Defendants provide their response to the request for court approval of six proposed agreements.

## OVERALL RESPONSE

Defendants recognize that the underlying purpose of the proposed agreements is to enhance efficiencies in the remediation of the health care delivery system within the California Department of Corrections and Rehabilitation (CDCR). This endeavor will require the continued cooperative efforts of Defendants, the Courts, the *Plata* Receiver, the *Coleman* Special Master, and the *Perez* Court Representatives. Those cooperative efforts should be placed within an appropriate framework of delineated roles and responsibilities.

In general, operations concerning contracts, credentialing/privileging, and pharmacy would benefit from coordinated management. Defendants believe that the Receiver, given the breadth of his authority from the *Plata* Court, has the best opportunity to provide the most timely and effective remediation of those operations. Defendants therefore are amenable to the proposals concerning contracts, credentialing/privileging, and pharmacy operations. However, the *Coleman* and *Perez* Defendants are solely responsible for implementing their respective remediation plans and must ensure the Receiver's role in these specific operations expeditiously meets the goal of a constitutionally compliant health care system. Defendants therefore request that the Receiver submit a plan of action for each agreement, that the parties have an opportunity to comment on each plan of action, and that each plan of action be approved by the Courts.

The Courts should direct the *Plata* Receiver, in consultation with the *Coleman* Special Master, the *Perez* Court Representatives, and parties' counsel, to propose plans for accomplishing specific objectives of each proposed agreement. The plans should state:

- ▸ The specific actions to be undertaken, with stated dates and/or milestones for each specific action;
- ▸ The specific means and goals, in quantitative terms where appropriate, for determining successful implementation of the plan and proposed agreement;

Def. Response 5/29/07 Proposed Agreements

2

▸ The frequency of periodic reporting to the Courts, the *Coleman* Special Master, the *Perez* Court Representatives, and the parties on the progress made in taking the specific actions and meeting those goals, with distribution of relevant data to the *Coleman* Special Master, the *Perez* Court Representatives, and the parties at stated regular intervals; and

▸ A description of the roles of the *Coleman* Special Master and the *Perez* Court Representatives in the design, implementation, oversight, and reporting of the plans.

The parties should be given an opportunity to comment upon the plans, and then, <u>only upon approval of the plans,</u> should the Courts permit the Receiver, on a provisional basis, to exercise authority over dental and mental health aspects of the contracting, credentialing/privileging, and pharmacy operations. In one year from approval of the plan of action, the Courts should, with input from the *Coleman* Special Master, the *Perez* Court Representatives, and the parties, review the Receiver's progress to determine whether the provisional exercise of authority in implementing these agreements has been productive. At that time, the Courts may need to place the responsibility for these items back within each respective case.

Defendants believe this framework will afford a better understanding of the Receiver's role in implementing these proposed agreements, and will ensure that the Courts, the *Plata* Receiver, the *Coleman* Special Master, the *Perez* Court Representatives, and the parties will effectively work together.

**RESPONSES TO SPECIFIC PROPOSED AGREEMENTS**

**1.    CIM-GACH**

Defendants understand the proposed agreement is to suspend the General Acute Care Hospital (GACH) license at the California Institution for Men (CIM) and to maintain 40 to 45 mental health crisis beds, with appropriate staffing, within that facility.

Defendants respond that the proposed agreement is acceptable with three caveats. First, Defendants understand that licensure of the mental health crisis beds is required under applicable state regulatory requirements as well as an injunction issued in the matter of *Budd v. Cambra*, San Francisco Superior Court, Case No. 319578. Implementation of the proposed

agreement will violate these legal standards. Unless the license can be suspended only as to medical beds, the Courts' adoption of the proposed agreement will require an additional order waiving the application of state regulations as well as the *Budd* injunction for the duration of the suspension of the license.

Second, Defendants urge that any order adopting this proposed agreement <u>not</u> contain a cap on the number of mental health crisis beds at this facility. Special Master Keating has consistently observed, and Defendants are keenly aware of, the critical need for additional mental health crisis beds. If additional CIM-GACH medical beds are vacated, then Defendants would seek to use more than the 45 mental health crisis beds stated in the proposed agreement.

Defendants submit that a better alternative to suspending the GACH license at CIM is for the Receiver to vacate the medical beds with an agreement by CDCR not to use them for medical purposes in the future. Defendants understand that the Receiver already intends to vacate the CIM medical beds. In that case, the suspension of the license may not be necessary and its retention may permit the continued operation of the MHCB.[1]

Third, Defendants request the proposed agreement state that requisite nursing services for CDCR's operation of the mental health crisis beds at this facility will be provided by the *Plata* Receivership according to standard staffing standards.

**2.    CONTRACTS**

As stated above, Defendants accept, in general terms, the proposed agreement. Defendants respectfully request their suggested framework for the exercise of the Receiver's authority in this area be made an order of the Courts.

**3.    CREDENTIALING**

As stated above, Defendants accept, in general terms, the proposed agreement.

---

1. Defendants note that the Receiver intends to suspend the GACH license at the California Medical Facility, Vacaville, and vacate the seven medical beds operated under the current GACH license at that site. This action would place all of the acute care mental health beds operated by the Department of Mental Health under the GACH license in jeopardy. Since these medical beds will be vacated, retaining the license will permit this crucial mental health operation to continue.

Def. Response 5/29/07 Proposed Agreements

4

Defendants respectfully request their suggested framework for the exercise of the Receiver's authority in this area be made an order of the Courts.

### 4. HIRING

Defendants agree that the Receiver should not recruit and hire dental and mental health personnel. Defendants are receptive to the proposal that the *Plata* Support Division staff will consult with the *Coleman* Special Master, the *Perez* Court experts, and Defendants' administrators, on recruitment and hiring practices.

### 5. INFORMATION TECHNOLOGY

Defendants have evaluated the proposed agreement for the Receiver to assume responsibility for the implementation of the long-term information technology (IT) program. Further, the proposed agreement involves the transfer of mental health and dental telemedicine services to the direct oversight of the Receiver.

#### a. Information Technology System for Health Care Services

Defendants agree that the development of an IT system for health care services should be coordinated between the *Plata* Receiver, the *Coleman* Special Master, the *Perez* Court Representatives, and the parties. Defendants also agree that the Receiver should be responsible for building the IT infrastructure. Defendants, however, must retain control over the IT functions for the dental and mental health programs. Further, Defendants request the Courts impose the following conditions:

▸ Submission by the Receiver and approval by Defendants of a set of procedures and protocols to ensure program functions are defined and approved by Defendants;

▸ Interim systems required to meet court-ordered program standards remain under the authority of Defendants;

▸ Ongoing funding for the interim systems required to meet court-ordered program standards will not be impeded or reduced in anticipation of the funding needs of the long-range IT system;

    ▸    Ongoing funding for the interim systems required to meet court-ordered program standards will not be impeded or reduced upon the inclusion of these interim systems into the long-range IT system; and

    ▸    The Receiver's information technology products must be selected to mesh with Defendants' interim and long-term system developments in order to enable appropriate system integration.

### b. Telemedicine Services Program

Defendants oppose the transfer of the entire Telemedicine Services Program to the Receiver. Defendants acknowledge that the technology components of the Telemedicine Services Program can benefit from a consolidated IT system and technical support. In fact, Defendants suggest the proposed agreement regarding the IT system include a condition that the IT needs of telemedicine services be addressed by that larger system. However, Defendants also recognize that the provision of clinical services from the telemedicine platform is an integral part of the mental health and dental services system. Indeed, over 50% of the telemedicine services provided by CDCR are for mental health purposes. Because of the integral role of telemedicine in the dental and mental health services systems, the Telemedicine Services Program should remain under the management, authority, and administration of CDCR.

### 6. PHARMACY

As stated above, Defendants accept, in general terms, the proposed agreement. Defendants respectfully request their suggested framework for the exercise of the Receiver's authority in this area be made an order of the Courts.

### CONCLUSION

Defendants are committed to continued collaboration on the coordination of these matters. Defendants respectfully request that the Courts enter an order adopting the proposed agreements concerning contracting, credentialing/privileging, and pharmacy operations only upon approval of a plan of action from the Receiver for each agreement. This framework

////

////

Def. Response 5/29/07 Proposed Agreements

1 | will ensure a productive working relationship between the Courts, the *Coleman* Special Master,
2 | the *Perez* experts, the Receiver, and the parties.

4 | Dated: June 15, 2007

Respectfully submitted,

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

/s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants


EDMUND G. BROWN JR.
Attorney General of the State of California

/s/ Charles J. Antonen
CHARLES J. ANTONEN
Deputy Attorney General
Attorneys for Defendants

/s/ Lisa A. Tillman
LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

Def. Response 5/29/07 Proposed Agreements