# EXHIBIT G

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

MAY - 8 2007

GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
Deputy Clerk

1   Ronald Yank, No. 041200
    Angela J. Reddock, No. 183159
2   Gregg McLean Adam, No. 203436
    Jennifer S. Stoughton, No. 238309
3   **CARROLL, BURDICK & McDONOUGH** LLP
    Attorneys at Law
4   44 Montgomery Street, Suite 400
    San Francisco, CA  94104
5   Telephone:    415.989.5900
    Facsimile:    415.989.0932
6   Email:        gadam@cbmlaw.com
                  jstoughton@cbmlaw.com
7
    Benjamin C. Sybesma, No. 103380
8   Christine Albertine, No. 141033          **CASE MANAGEMENT CONFERENCE SET**
    **CALIFORNIA CORRECTIONAL**
9   **PEACE OFFICERS' ASSOCIATION**
    755 Riverpoint Drive, Suite 200          OCT - 5 2007 -9ᴼᴼAM
10  West Sacramento, CA 95605-1634
    Telephone:    916.372.6060
11  Facsimile:    916.372.9805               **DEPARTMENT 212**
    E-Mail:       ben.sybesma@ccpoa.org
12                christine.albertine@ccpoa.org

13  Attorneys for Plaintiffs
    California Correctional Peace Officers' Association, Gary
14  Benson, Pam Coleman, Chris Pearson and David White

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                     COUNTY OF SAN FRANCISCO

17

18  CALIFORNIA CORRECTIONAL          No.  **CGC-07-463194**
    PEACE OFFICERS' ASSOCIATION,
19  GARY BENSON, PAM COLEMAN,        **COMPLAINT FOR DECLARATORY AND**
    CHRIS PEARSON, and DAVID         **INJUNCTIVE RELIEF AGAINST ALL**
20  WHITE                            **DEFENDANTS AND DOES 1-25 FOR:**

21              Plaintiffs,          **(1) VIOLATION OF LABOR CODE § 6400**
                                     **[FAILURE TO FURNISH SAFE AND**
22          v.                       **HEALTHFUL PLACE OF EMPLOYMENT]**

23  MATTHEW C. KRAMER, in his        **(2) VIOLATION OF LABOR CODE § 6401**
    representative capacity as warden of  **[FAILURE TO DO EVERY OTHER THING**
24  Folsom State Prison; STATE OF    **REASONABLY NECESSARY TO PROTECT**
    CALIFORNIA; CALIFORNIA           **THE LIFE, SAFETY AND HEALTH OF**
25  DEPARTMENT OF CORRECTIONS        **PLAINTIFFS]**
    AND REHABILITATION; JOHN
26  CHIANG, in his capacity as California  **(3) VIOLATION OF LABOR CODE § 6402**
    State Controller; and DOES 1 through  **[NO EMPLOYER SHALL REQUIRE OR**
27  25, Inclusive,                   **PERMIT PLAINTIFFS TO BE IN A PLACE**
                                     **OF EMPLOYMENT WHICH IS NOT SAFE**
28

CBM-SF\SF355586.1

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1

2    Defendants.

3

4

5

6

7

8

AND HEALTHFUL]

**(4) VIOLATION OF LABOR CODE § 6403 [FAILURE TO FURNISH SAFE DEVICES OR ADOPT SAFE PRACTICES REASONABLY ADEQUATE TO RENDER PLACE OF EMPLOYMENT SAFE]**

**(5) VIOLATION OF LABOR CODE § 6404 [FAILURE TO MAINTAIN A PLACE OF EMPLOYMENT THAT IS SAFE AND HEALTHFUL]**

9    COME NOW Plaintiffs and allege as follows:

10    ## GENERAL ALLEGATIONS

11    ### The Parties

12    1.    Plaintiff CALIFORNIA CORRECTIONAL PEACE OFFICERS'

13    ASSOCIATION ("CCPOA") is, and at all times herein mentioned was, a non-profit

14    corporation organized and existing under the laws of the State of California, with its

15    principal place of business in the County of Yolo.  CCPOA is the exclusive recognized

16    employee organization representing approximately 28,000 state employees in State

17    Bargaining Unit Six ("Unit 6").  CCPOA is also a representative for certain correctional

18    peace officers who are supervisors of Unit 6 personnel.

19    2.    CCPOA brings this action on behalf of itself and its members working at

20    Folsom State Prison ("FSP"), having standing to do so under the doctrine articulated by

21    the United States Supreme Court in *Allee v. Medrano*, 416 U.S. 802 (1974), the California

22    Supreme Court in *Professional Fire Fighters v. City of Los Angeles*, 60 Cal.2d 276

23    (1963), *International Association of Fire Fighters v. City of Palo Alto*, 60 Cal.2d 295

24    (1963), and *Long Beach City Employees Assn. v. City of Long Beach* (1986) 41 Cal.3d

25    937, 941 n. 3 [union representing public employees has standing to assert a violation of

26    members' constitutional rights].

27    3.    Plaintiff GARY BENSON is a correctional peace officer and CCPOA

28    member currently working at FSP.  Plaintiff BENSON was infected with Methicillin-

CBM-SF\SF355586.1

-2-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    Resistant Staphylococcus Aureus ("MRSA") as a direct result of his employment at FSP

2    and was hospitalized for approximately thirty (30) days due to the severity of the

3    infection. Once released from the hospital, Plaintiff BENSON was put on bed rest and

4    had to receive intravenous antibiotics administered by a registered nurse in order to

5    combat the infection. Plaintiff BENSON pursued his individual damages claim relating to

6    his MRSA infection through workers compensation and does not seek monetary relief as

7    part of the instant complaint. Rather, Plaintiff BENSON joins with CCPOA in seeking

8    injunctive and declaratory relief on behalf of himself and his CCPOA colleagues due to

9    the ongoing unsafe working environment at FSP.

10           4.      Plaintiff PAM COLEMAN is a correctional peace officer and CCPOA

11    member who worked at FSP until September of 2006. Plaintiff COLEMAN was infected

12    with MRSA as a direct result of her employment at FSP and had to be hospitalized on two

13    separate occasions, once for six days and once for approximately five days, due to the

14    severity of the MRSA infection. Plaintiff COLEMAN is currently seeking medical

15    retirement due to the debilitating effect of the MRSA infection. Plaintiff COLEMAN

16    pursued her individual damages claim relating to her infection with MRSA through

17    workers compensation and does not seek monetary relief as part of the instant complaint.

18    Rather, Plaintiff COLEMAN joins with CCPOA in seeking injunctive and declaratory

19    relief on behalf of herself and her CCPOA colleagues due to the ongoing unsafe working

20    environment at FSP.

21           5.      Plaintiff CHRIS PEARSON is a correctional peace officer and CCPOA

22    member currently working at FSP. Plaintiff PEARSON was infected with MRSA as a

23    direct result of his employment at FSP and was hospitalized for a day due to the severity

24    of the MRSA infection. Plaintiff PEARSON is currently pursuing his individual damages

25    claim relating to his infection with MRSA through workers compensation and does not

26    seek monetary relief as part of the instant complaint. Rather, Plaintiff PEARSON joins

27    with CCPOA in seeking injunctive and declaratory relief on behalf of himself and his

28    CCPOA colleagues due to the ongoing unsafe working environment at FSP.

1          6.    Plaintiff DAVID WHITE is a correctional peace officer and CCPOA

2    member currently working at FSP. Plaintiff WHITE was infected with MRSA as a direct

3    result of his employment at FSP and has had to have the infection area cleaned twice by

4    his doctor due to the severity of the infection.  Plaintiff WHITE pursued his individual

5    damages claim relating to his infection with MRSA through workers compensation and

6    does not seek monetary relief as part of the instant complaint.  Rather, Plaintiff WHITE

7    joins with CCPOA in seeking injunctive and declaratory relief on behalf of himself and

8    his CCPOA colleagues due to the ongoing unsafe working environment at FSP.

9          7.   Defendant MATTHEW C. KRAMER is Warden of FSP and is sued

10   herein in his representative capacity.

11         8.    Defendant STATE OF CALIFORNIA is the employer of all correctional

12   peace officers in Unit 6.  The STATE OF CALIFORNIA is a party, along with the

13   CCPOA, to the collective bargaining agreement, or "Memorandum of Understanding"

14   ("MOU"), which sets forth the terms and conditions of employment for Unit 6.

15         9.    Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND

16   REHABILITATION ("CDCR") is an agency of the State of California with responsibility

17   for administering the State's prison system.  CDCR is the employer of all employees in

18   Unit 6.

19        10.   Defendant JOHN CHIANG is the controller for the State of California,

20   sued herein in his representative capacity.  As Controller, Defendant CHIANG is

21   responsible for administering the necessary funds that would be used to implement any

22   and all necessary changes to the health and safety standards at FSP.

23        11.   Plaintiffs are ignorant of the true names and capacities of Defendants

24   sued herein as DOES 1 through 25, and therefore sue these Defendants by such fictitious

25   names.  Plaintiffs will amend this Complaint to state their true names and capacities once

26   they have been ascertained.  Plaintiffs are informed and believe, and on that basis allege,

27   that each of these Defendants is in some manner responsible for the acts complained of

28   herein.

CBM-SF\SF355586.1

-4-

**Venue**

12.    The California Attorney General has an office within the City and County of San Francisco, making the County of San Francisco an appropriate venue for the filing of the instant complaint. (Code Civ. Proc. §401(1).)

## FACTUAL ALLEGATIONS

13.    As part of their day-to-day routine job duties at FSP, CCPOA represented employees often are in constant person-to-person contact with inmates, many of whom are infected with communicable diseases that can cause serious and life threatening illnesses.

14.    The spread of one of these potentially life threatening communicable diseases, Methicillin-Resistant Staphylococcus Aureus ("MRSA"), has created an unreasonably unsafe working environment at FSP.  MRSA is a staphylococcal infection ("staph infection") that is resistant to all commonly prescribed beta-lactum antibiotics including: penicillin, ampicillin, amoxicillin, amoxicillin/clavulate, methicillin, oxacillin, dicloxacilling, nafcillin, cephalosporins, carbapenems, and the monobactams.  Alternative antimicrobial drugs are required to treat MRSA infections.

15.    MRSA infections can cause minor skin or soft tissue infections such as boils, as well as more serious infections such as wound infections, abscesses, pneumonia, and sepsis that can require hospitalization.  In the most serious cases, where the infection reaches the heart or lungs, the infection can be life threatening.

16.    MRSA infections are not clinically distinguishable from staph infections that are sensitive to beta-lactum antibiotics and must be diagnosed through a bacterial culture.

17.    MRSA is transmitted through skin-to-skin contact with an infected person or by contact with objects (such as towels, linens or exercise equipment) that have been used or touched by an infected person.  MRSA also may be transmitted by persons with MRSA pneumonia coughing up large droplets of infectious particles.  Even persons with asymptomatic MRSA nasal carriage can transmit the infection.

1    18.    FSP is severely overcrowded, housing approximately 4,056 inmates

2    while having a design capacity for only 2,236 inmates.  Defendants admitted in the

3    October 4, 2006 Proclamation of a State of Emergency that the severe inmate

4    overcrowding creates substantial risk to the health and safety of the inmates housed in

5    State prisons, including FSP, as well as the men and women who work inside the prisons.

6    Plaintiffs believe and hereby allege that the current severe overcrowding plaguing FSP is

7    contributing to the spread of communicable diseases, including MRSA, among inmates

8    and that Defendants have not taken any steps to quell the spread of infection that has

9    intensified due to the severely overcrowded inmate population.  Since Plaintiffs' custodial

10   duties require close contact with inmates, the rise in infection rates in the inmate

11   population has invariably created a rise in the infection rates among employees of FSP.

12   19.    Over the past year, numerous CCPOA represented employees working as

13   correctional peace officers at FSP, including individually named Plaintiffs BENSON,

14   COLEMAN, PEARSON and WHITE, have contracted staph infections, including the

15   more serious and much more difficult to diagnose and treat MRSA infection, as a result of

16   the unreasonably unsafe working conditions at FSP.  Plaintiffs have reason to believe that

17   many other FSP employees have been infected but either are unwilling to acknowledge

18   infection or are unaware that they were infected.  Additionally, Plaintiffs have reason to

19   believe Defendants have not reported all instances of employee MRSA and staph

20   infections at FSP.

21   20.    Plaintiffs also believe that the MRSA and staph infection rates are on the

22   rise.  Since March 27, 2007, four new cases of staph infections among correctional peace

23   officers have been reported, including the case of Plaintiff PEARSON.  Since the initial

24   report, Plaintiff PEARSON's infection has been confirmed as MRSA.

25   21.    Defendants have created an unreasonably unsafe working environment

26   that has led to the rise in the number of infections in a variety of ways including, but not

27   limited to, failing to provide effective sanitation procedures and equipment for Plaintiffs,

28

1  failing to notify Plaintiffs of inmates infected with communicable diseases and failing to
2  properly sanitize inmate linens and common areas.

3          22.    Communicable diseases such as MRSA are more likely to spread in
4  conditions where there are high incidents of skin-to-skin contact among individuals or
5  where large groups of individuals are housed in close quarters.  Hence, the current state of
6  severe overcrowding at FSP has increased the likelihood of an infection outbreak among
7  inmates thereby raising the likelihood of infection outbreak among Plaintiffs and other
8  FSP employees since their custodial duties require close contact with inmates.

9          23.    Pursuant to 8 California Code of Regulations § 14300.4, Defendants are
10  obligated to keep a record of all work related injuries and illnesses.  Plaintiffs believe and
11  hereby allege that while Defendants have reported many instances of staph infections
12  among correctional peace officers employed at FSP, they have failed to report all of them
13  and have failed to report cases involving the more serious MRSA infection.

14          24.    California Labor Code § 6401.7(a)(h); 8 California Code of Regulations
15  § 3203 requires all employers to implement and maintain a formal, written Injury and
16  Illness Prevention Program ("IIPP").  IIPP's are intended to identify and correct
17  workplace hazards in order to maintain safe and healthful working environments.
18  Specifically, the IIPP requires the identification of health and safety hazards, inspections,
19  recordkeeping and employee and supervisor training on safety and health hazards.
20  Defendants have failed to follow these requirements as they relate to the minimization of
21  the spread of potentially life threatening infections such as MSRA and other
22  communicable diseases at FSP and other CDCR facilities.

23          25.    Further, Defendants have failed to take any additional precautions to
24  protect against the spread of MRSA among its employees.  Specifically, Defendants have
25  failed to implement the recommended practices set forth by the Center for Disease
26  Control ("CDC") and/or the Federal Bureau of Prisons ("FBP").  Both of these
27  organizations provide universal precaution standards designed to protect employees
28  against the spread of MRSA and other communicable diseases.  For example, CDC and

1    FBP guidelines outline personal hygiene and isolation standards for inmates who have

2    been infected with MRSA, as well as guidelines for the sanitization of linens and common

3    areas to ensure that a MRSA infection does not spread to other inmates or employees.

4         26.    Defendants also refuse to inform Plaintiffs of MRSA infected inmates

5    even though Plaintiffs are required, as part of their routine custodial job duties, to be in

6    constant contact with inmates.  This refusal makes it impossible for Plaintiffs to take the

7    additional precautions, beyond universal precautions, that are necessary to protect

8    themselves against these very serious infections.

9         27.    Plaintiffs have made repeated efforts to bring these unsafe working

10   conditions to Defendants' attention and have suggested numerous changes that could be

11   implemented to decrease the spread of these infections.  Plaintiffs have raised the issue in

12   Labor/Management and Safety Committee meetings, have filed grievances under the

13   MOU between the parties, and have filed complaints with the administrative agency in

14   charge of enforcing health and safety regulations at places of employment.  Despite being

15   on notice, CDCR, including the Warden, the Chief Medical Officer of FSP, and other

16   high-level managers and administrators, have failed to respond or take corrective

17   measures, thereby necessitating this action.

18   **THE CALIFORNIA OCCUPATIONAL SAFETY AND HEALTH ACT OF 1973**

19        28.    The California Occupational Safety and Health Act of 1973 ("the

20   Cal/OSH Act"), embodied in Cal. Labor Code §§ 6300 *et seq.*, was enacted to ensure safe

21   and healthful working conditions for all California workers by authorizing the

22   enforcement of effecting standards and assisting and encouraging employers to maintain

23   safe and healthful working conditions.  Under the Cal/OSH Act, the Division of

24   Occupational Safety and Health ("Cal/OSHA") has the power, jurisdiction, and

25   supervision over every employment and place of employment in the State of California

26   that is necessary to adequately enforce and administer all laws and lawful standards and

27   orders or special orders requiring places of employment to be safe.  Cal/OSHA

28

1   administers and enforces the Cal/OSHA Act by conducting inspections and issuing

2   citations for violations of the Cal/OSHA Act.

3        29.    The Cal/OSHA Act applies to most places of employment including state

4   and local government employers. Accordingly, state and local governmental entities,

5   including State prisons, may be investigated and cited by Cal/OSHA for violations of the

6   Cal/OSHA Act.

7        30.    Cal/OSHA may cite an employer for a violation of a duly adopted

8   standard, rule or order. In approximately mid-March, CCPOA representatives filed a

9   Cal/OSHA complaint seeking Cal/OSHA to review the hazardous workplace at FSP

10  relating to MRSA. A true and correct copy of the complaint is attached as exhibit "A" to

11  this complaint and incorporated herein by this reference as though set forth in its entirety.

12  Then, in early April of 2007, CCPOA representatives filed another Cal/OSHA complaint

13  seeking review of FSP's practices relating to the control of MRSA. A true and correct

14  copy of the complaint is attached as exhibit "B" to this complaint and incorporated herein

15  by this reference as though set forth in its entirety.

16       31.    Every employer also has the general obligation under the Cal/OSH Act to

17  furnish safe and healthful employment to its employees, and must do everything that is

18  reasonably necessary to protect employees' safety and health, including using necessary

19  safeguards and safety devices and preventing employees from entering unsafe work

20  places. These and similar requirements are sometimes referred to as the "general duties

21  clauses" and are embodied in Cal. Labor Code §§ 6400-6404.

22       32.    While Cal/OSHA may have jurisdiction to issue certain citations to

23  remedy specific statutory violations, Cal/OSHA has no authority to issue a citation to an

24  employer for violating the "general duties clauses." Therefore, in order to ensure

25  compliance with the "general duties clauses", it is necessary for plaintiffs to seek relief

26  from this Court.

27       33.    Cal/OSHA has no general standard for controlling and or protecting

28  against communicable diseases in the workplace. While Cal/OSHA has not promulgated

CBM-SF\SF355586.1                              -9-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   general safety standards relating to the spread of communicable diseases, it does require

2   that employers in areas such as nursing, personal care, corrections and homeless shelters

3   take steps to minimize the risks associated with such communicable diseases as

4   tuberculosis. However, unlike with tuberculosis, Cal/OSHA does not require employers

5   to adopt health and safety standards specifically addressing MSRA or staph infections.

6   Hence, it is necessary that the Court intervene on this critical health and safety issue so as

7   to limit and prevent any further outbreaks of MSRA or any other staph infection disease at

8   FSP or any other CDCR facility.

9       34.   As stated in paragraph 20, Plaintiffs believe the rate of MRSA infection

10  is spreading rapidly because four new cases of either a staph infection or MRSA have

11  been reported in employees working at FSP since March 27, 2007. The possibility of the

12  further spread of MRSA or any other communicable disease would have severe

13  consequences on the employee and inmate population at FSP. Hence, it is critical that the

14  Court intervene at this stage to require CDCR and FSP to take any and all necessary

15  action to prevent the further spread of MRSA or any other communicable disease at FSP

16  or any other CDCR facility.

17          **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS AND DOES 1-25**

18                    **VIOLATION OF LABOR CODE § 6400**

19          **[FAILURE TO FURNISH SAFE AND HEALTHFUL PLACE OF EMPLOYMENT]**

20      35.   Plaintiffs hereby incorporate by reference paragraphs 1 – 32 as though

21  fully set forth herein.

22      36.   Labor Code § 6400 requires that every employer furnish a place of

23  employment that is safe and healthful for its employees.

24      37.   Defendants have violated Labor Code § 6400 in that they have failed to

25  implement the necessary policies and practices, such as the setting of reasonable and

26  proper sanitation procedures and the supply of health and safety equipment designed to

27  protect Plaintiffs from the spread of MRSA and other staph infection and life-endangering

28  communicable diseases. Defendants have failed in this requirement despite being on

1   notice of the increase in MRSA and other staph infections at FSP and other CDCR

2   facilities.

3       38.   Cal/OSHA has not established clear employer guidelines for the

4   management and monitoring of these diseases. Hence, Cal/OSHA cannot provide

5   Plaintiffs with any immediate and adequate relief or remedy for their claims. Thus,

6   Plaintiffs are relieved from any requirement of the exhaustion of administrative remedies

7   due to the inadequacy of the remedies available through Cal/OSHA.

8       39.   Due to Defendants' violation of Labor Code § 6400, Plaintiffs have been

9   harmed, the extent of which is unknown at this time given the critical nature of

10  Defendants' violation. Plaintiffs therefore seek declaratory relief and injunctive relief

11  requesting that the Court order Defendants to take immediate steps to implement the

12  necessary policies and practices designed to protect each of the Plaintiffs and other

13  CDCR/FSP employees from the spread of MSRA, staph infection and other life-

14  endangering communicable diseases.

15      40.   By virtue of these facts, Defendants, and each of them, have violated

16  Labor Code § 6400.

17      WHEREFORE, Plaintiffs pray for the relief set forth below.

18                          **SECOND CAUSE OF ACTION**

19                     **VIOLATION OF LABOR CODE § 6401**

20  **[FAILURE TO DO EVERY OTHER THING REASONABLY NECESSARY TO PROTECT THE**

21                      **LIFE, SAFETY AND HEALTH OF PLAINTIFFS]**

22      41.   Plaintiffs hereby incorporate by reference paragraphs 1 – 38 as though

23  fully set forth herein.

24      42.   Labor Code § 6401 requires that every employer shall furnish and use

25  safety devices and safeguards, and shall adopt and use practices, means, methods,

26  operations, and processes that are reasonably adequate to render such employment and

27  place of employment safe and healthful. Further, every employer shall do every other

28  thing reasonably necessary to protect the life, safety, and health of employees.

43. Defendants have violated Labor Code § 6401 by failing to furnish and provide Plaintiffs the necessary safety devices and safeguards recommended by the CDC and the FSP that are reasonably adequate to protect Plaintiffs from the spread of MRSA and other staph infection and communicable diseases. Defendants have failed in this requirement despite being on notice of the increase in MRSA and other staph infection and life-endangering communicable diseases at FSP and other CDCR facilities.

44. Cal/OSHA has not established clear employer guidelines for the type of safety devices and safeguards that are reasonably adequate to protect Plaintiffs from the spread of MRSA and other staph infection and life-endangering communicable diseases. Hence, Cal/OSHA cannot provide Plaintiffs with any immediate and adequate remedy or relief for their claims. Thus, Plaintiffs are relieved from any requirement of exhaustion of administrative remedies due to the inadequacy of the remedies available through Cal/OSHA.

45. Due to Defendants' violation of Labor Code § 6401, Plaintiffs have been harmed, the extent of which is unknown at this time given the critical nature of Defendants' violation. Plaintiffs therefore seek declaratory and injunctive relief requesting that the Court order Defendants to take immediate steps to implement the necessary policies and practices designed to protect Plaintiffs and each of Defendants' employees from the spread of MSRA and other, staph infection and life-endangering communicable diseases.

46. By virtue of these facts, Defendants, and each of them, have violated Labor Code § 6401.

WHEREFORE, Plaintiffs pray for the relief set forth below.

1

## THIRD CAUSE OF ACTION

2

## VIOLATION OF LABOR CODE § 6402

3

## [NO EMPLOYER SHALL REQUIRE OR PERMIT PLAINTIFFS TO BE IN A PLACE OF

4

## EMPLOYMENT WHICH IS NOT SAFE AND HEALTHFUL]

5         47.    Plaintiffs hereby incorporate by reference paragraphs 1– 44 as though

6    fully set forth herein.

7         48.    Labor Code § 6402 forbids employers from requiring, or permitting any

8    employee to go or be in any employment or place of employment that is not safe and

9    healthful.

10        49.    Defendants have violated Labor Code § 6402 in that they have required

11   and/or permitted Plaintiffs to be in a place of employment at FSP that is not safe and not

12   healthful due to the lack of policies, procedures and equipment in place to control the

13   spread of MRSA and other staph infection and life-endangering communicable diseases.

14   Defendants have failed in this requirement despite being on notice of the increase in such

15   diseases and the sometimes life-threatening harm they have caused to Plaintiffs.

16        50.    Cal/OSHA has not established clear employer guidelines for maintaining

17   a safe and healthful environment that would be reasonably adequate to protect Plaintiffs

18   from the spread of MRSA, staph infection and other life-endangering communicable

19   diseases.  Hence, Cal/OSHA cannot provide Plaintiffs with any immediate and adequate

20   remedy or relief for their claims.  Thus, Plaintiffs are relieved from any requirement of the

21   exhaustion of administrative remedies due to the inadequacy of the remedies available

22   through Cal/OSHA.

23        51.    Due to Defendants' violation of Labor Code § 6402, Plaintiffs have been

24   harmed, the extent of which is unknown at this time given the critical nature of

25   Defendants' violation.  Plaintiffs therefore seek declaratory and injunctive relief

26   requesting that this Court order Defendants to take immediate steps to implement the

27   necessary policies and practices designed to protect Plaintiffs and each of Defendants'

28

CBM-SF\SF355586.1

-13-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   employees from the spread of MSRA, staph infections and other life-endangering

2   communicable diseases.

3         52.   By virtue of these facts, Defendants, and each of them, have violated

4   Labor Code § 6402.

5         WHEREFORE, Plaintiffs pray for the relief set forth below.

6   **FOURTH CAUSE OF ACTION**

7   **VIOLATION OF LABOR CODE § 6403**

8   **[FAILURE TO FURNISH SAFE DEVICES OR ADOPT SAFE PRACTICES REASONABLY**

9   **ADEQUATE TO RENDER PLACE OF EMPLOYMENT SAFE]**

10        53.   Plaintiffs hereby incorporate by reference paragraphs 1 – 50 as though

11  fully set forth herein.

12        54.   Labor Code § 6403 forbids employers from failing to furnish safety

13  devices or to adopt safe practices and procedures, including failing or neglecting to

14  provide and use devices and safeguards reasonably adequate to render the employment

15  and place of employment safe and to do every other thing reasonably necessary to protect

16  the life, safety, and health of employees.

17        55.   Defendants have violated Labor Code § 6403 in that they have failed to

18  furnish safety devices or to adopt any reasonably safe practices and procedures at FSP

19  specifically aimed at containing the spread of MRSA, staph infections and other life-

20  endangering communicable diseases.  This failure includes, but is not limited to, failing to

21  provide notice to Plaintiffs of infected inmates, failing to adopt a policy to control and

22  address the spread of MRSA and other staph infection diseases, and failing to provide

23  safety devices and equipment that are reasonably adequate to protect the life, safety and

24  health of Plaintiffs.  Defendants have failed in these requirements despite being on notice

25  of the increase in staph infections, MSRA and other communicable diseases at FSP and

26  other CDCR facilities.

27        56.   Cal/OSHA has not established clear employer guidelines for the types of

28  safety devices or safe practices and procedures that would be reasonably adequate to

1    protect Plaintiffs from the spread of MRSA, staph infections and other life-endangering

2    communicable diseases.  Hence, Cal/OSHA cannot provide Plaintiffs with any immediate

3    and adequate remedy or relief.  Thus, Plaintiffs are relieved from any requirement of the

4    exhaustion of administrative remedies due to the inadequacy of the remedies available

5    through Cal/OSHA.

6         57.   Due to Defendants' violation of Labor Code § 6403, Plaintiffs have been

7    harmed, the extent of which is unknown at this time given the critical nature of the

8    violation.  Plaintiffs therefore seek declaratory and injunctive relief requesting that this

9    Court order Defendants to take immediate steps to implement the necessary policies and

10   practices designed to protect Plaintiffs and each of Defendants' employees from the spread

11   of MSRA, staph infections and other life-endangering communicable diseases.

12        58.   By virtue of these facts, Defendants, and each of them, have violated

13   Labor Code § 6403.

14        WHEREFORE, Plaintiffs pray for the relief set forth below.

15                          **FIFTH CAUSE OF ACTION**

16   **VIOLATION OF LABOR CODE § 6404 [FAILURE TO MAINTAIN A PLACE OF**

17                  **EMPLOYMENT THAT IS SAFE AND HEALTHFUL]**

18        59.   Plaintiffs hereby incorporate by reference paragraphs 1 – 56 as though

19   fully set forth herein.

20        60.   Labor Code § 6404 forbids an employer from occupying or maintaining

21   any place of employment that is not safe and healthful.

22        61.   Defendants have violated Labor Code § 6404 in that they continue to

23   occupy and maintain a place of employment at FSP that is not safe and not healthful due

24   to the spread of MRSA, staph infections and other life-endangering communicable

25   diseases.  Defendants have failed in this requirement despite being on notice of the

26   increase in these diseases at FSP and other CDCR facilities.

27        62.   Cal/OSHA has not established clear employer guidelines for maintaining

28   a safe and healthful place of employment that would be reasonably adequate to protect

1   Plaintiffs from the spread of certain life-endangering communicable diseases and staph

2   infections including MRSA.  Hence, Cal/OSHA cannot provide Plaintiffs with any

3   immediate and adequate remedy or relief to their claims.  Thus, Plaintiffs are relieved

4   from any requirement of the exhaustion of administrative remedies due to the inadequacy

5   of the remedies available through Cal/OSHA.

6        63.   Due to Defendants' violation of Labor Code § 6404, Plaintiffs have been

7   harmed, the extent of which is unknown at this time given the critical nature of

8   Defendants' violation.  Plaintiffs therefore seek declaratory and injunctive relief

9   requesting that this Court order Defendants to take immediate steps to implement the

10  necessary policies and practices designed to protect Plaintiffs and each of Defendants'

11  employees from the spread of MSRA, staph infections and other life-endangering

12  communicable diseases.

13       64.   By virtue of these facts, Defendants, and each of them, have violated

14  Labor Code § 6400.

15       WHEREFORE, Plaintiffs pray for the relief set forth below.

16

17                              **PRAYER**

18       WHEREFORE, Plaintiffs pray judgment against each of the Defendants as

19  follows:

20       1.    For declaratory relief in the form of a declaration from this Court that

21  Defendants have permitted an unreasonably unsafe working environment for Plaintiffs

22  and have not taken all steps reasonably necessary to ensure a safe and healthful working

23  environment for Plaintiffs at FSP.

24       2.    For injunctive relief ordering Defendants to take all steps necessary to

25  ensure the health and safety of Plaintiffs at FSP as it relates to the spread of

26  communicable diseases, with specific emphasis as to MSRA and other staph infection

27  diseases;

28

1           3.    For reasonable attorneys' fees pursuant to Code of Civil Procedure §

2   1021.5, Labor Code § 2698 *et seq.*, or any other lawful basis;

3           4.    For costs of suit herein incurred; and

4           5.    For such other and further relief as the Court may deem proper.

5           Dated:  May 8, 2007

6                             CARROLL, BURDICK & McDONOUGH LLP

8                             By _____

9                                   Ronald Yank

                                       Angela J. Reddock

10                               Gregg McLean Adam

                               Jennifer S. Stoughton

11                  Attorneys for Plaintiffs

                  California Correctional Peace Officers'

12                  Association, Gary Benson, Pam Coleman, Chris

                  Pearson and David White

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# EXHIBIT A

Cal/OSHA safety and health complaint

(916) 263-2800
Warren Manchester

03/15/2007 09:42 AM

California Home                                                     Thursday, March 15, 2007

## Welcome to California

- **Work it out home**
- **Looking for a job**
- **Currently working**
- **Injured on the job**
- **Quickstart FAQs**
- **Leaving a job**
- **About DIR**



work it out
**California Department of Industrial Relations**

- **Contact us**
- **Site help**
- **Site map**
- **Feedback**
- **Search**
- **Send an e-card**
- **Glossary**

No matter what your immigration status, if you work in California, you are protected by most California labor and health and safety laws.

## Work it Out
California Department of Industrial Relations

**Cal/OSHA safety and health complaint**

Your Cal/Osha complaint has been submitted. You will receive written confirmation as soon as this form has been processed. Thank you.

Listed below are the details of your submission. We recommend your print this page and keep it for your records.

Cal/Osha Complaint Form submitted 3/15/2007 9:32:04 AM
**Establishment Name:** Folsom State Prison
**Site Address:** Prison RD
**Site City:** Represa
**Site Zip Code:** 95671
**Site Phone:** 916-985-2561
**Site FAX:** 916-708-6619
**Mailing Address:** PO box 71,Represa CA 95671
**Mail Phone:** 916-708-6619
**Mail FAX:** 916-708-6619
**Management Official:** M.C. Kramer Warden
**City:** Represa CA
**Type of Business:** Prison
**Hazard Description/Location:** 1. entire prison site, Methicillin-resistant Staphylococcus Aureus (MRSA). we have had several staff infected with this type of staphylococcus infection in the past 12 monts. This staphylococcus infection is ramped in the Inmate population. the CMO and Warden refuse to disclose information regarding MRSA or any other comunicable disseases to the staff that work here so we can take the appropriate precations. HIPPA the federal Law requires that they disclose this information. the Warden has not purchased the appropriate cleaning supplys nor the appropriate cleaning materals to kill the infrction. i dont beleave the inmates laundry is heated to 160 degres to kill the infection. the inmates that have the infection are not being isolated to isolate the infection.
2. cleaning the Gun Walks in the housing units. this has been the topic in countless safty meetings over the past 3 years the institution keeps pointing the finger on whose responsability this is with no action. it has been over 1 year maby 2 years sence this area has been cleaned.
3. access to bathrooms. 1 dinningroom, 2dinningroom, and 4 building yard do not have access to bathroom or waterclosets. if they need to use the bathroom they need to be releaved and this can in many cases take more then 30 min. our employees have had to urinate and defecate in a bag and then carry the waste out of the institution.

I have the safty meeting minutes for the past 3 years, i also have copies grievances and i will provide as much information as i can to help settle these problems.

**Brought to Attention of:** Employer: warden, safty commetty
**Reveal Name to Employer:** Yes
**Complainant Type:** Representative of Employees
**Complainant Name:** scott Lamphere
**Complainant Phone:** 916-708-6619
**Complainant Address:**
**Representing Organization:** California Correctional Peace Officers Association
**Representing Title:** Chapter President Folsom State Prison
**Organization Name:** Scott Lamphere
**Your Title:**

search
○ Workers portal ○ My CA

---
**E-mail a postcard to a friend!**

Tell them about *Work it out*. Or California's apprenticeship programs. The state's minimum wage. Or other laws that protect California workers. Help them *Work it out*.

_Send an e-card now_.
---

Back to top of page

California Home

Thursday, March 15, 2007

## Welcome to California

**Work it Out**   California Department of Industrial Relations

Work it out home

Looking for a job

Currently working

Injured on the job

Quickstart FAQs

Leaving a job

About DIR



work it out
California Department
of Industrial Relations

Contact us

Site help

Site map

Feedback

Search

Send an e-card

Glossary

No matter what your immigration status, if you work in California, you are protected by most California labor and health and safety laws.

search

○ Workers portal  ○ My CA

### Cal/OSHA safety and health complaint

This electronic form is provided to assist anyone who wants to file a workplace safety and health complaint with Cal/OSHA. You can also report workplace hazards by calling the Cal/OSHA Enforcement Unit District Office nearest the place where the hazard exists. The name of any person who submits a complaint to Cal/OSHA is kept confidential.

Cal/OSHA has a process it uses to handle complaints. Section 6309 of the California Labor Code provides that if Cal/OSHA receives a complaint about a serious violation from an employee or an employee's representative (including, but not limited to an attorney, health or safety professional, union representative or a representative of a government agency) or an employer of an employee directly involved in an unsafe workplace, the complaint must be investigated within three days. If the complaint is about a nonserious violation it must be investigated in 14 days. Cal/OSHA will try to allocate inspection resources as quickly as possible in response to situations in which time is of the essence.

**Note:** Section 6310 of the California Labor Code provides explicit protection for employees exercising their rights, including making safety and health complaints.

**Instructions:**
Complete the form as accurately as possible. Describe each hazard you think exists in as much detail as you can. If the hazards described in your complaint are not all in the same area, please identify where each hazard can be found at the worksite. If there is any particular evidence that supports your suspicion that a hazard exists (for instance, a recent accident or physical symptoms of employees at your site) include the information in your description.

If you wish to have a printed copy of your completed online form, be sure to print this page before submitting the form.

| | |
|---|---|
| Establishment Name *: | Folsom State Prison |
| Site Street Address *: | Prison RD |
| Site City*: | Represa |
| Site Zip Code*: | 95671 |
| Site Phone: | 916-985-2561 |
| Site FAX: | 916-708-6619 |
| Mailing Address: | PO box 71,Represa CA 95671 |
| Mail Phone: | 916-708-6619 |
| Mail FAX: | 916-708-6619 |
| Management Official *: | M.C. Kramer Warden |
| City *: | Represa CA |
| Type of Business *: | Prison |

**E-mail a postcard to a friend!**

Tell them about *Work it out.* Or California's apprenticeship programs. The state's minimum wage. Or other laws that protect California workers. Help them *Work it out.*

Send an e-card now.

**HAZARD DESCRIPTION/LOCATION.** Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists. *

1. entire prison site, Methicillin–resistant Staphylococcus Aureus (MRSA). we have had several staff infected with this type of staphylococcus infection in the past 12 monts. This staphylococus infection is ramped in the Inmate population. the CMO and Warden refuse to disclose information regarding MRSA or any other comunicable disseases to the staff that work here so we can take the appropriate precations. HIPPA the federal Law requires that they disclose this information. the Warden has not purchased the appropriate cleaning supplys nor the appropriate cleaning materals to kill the infrction. i dont beleave the inmates laundry is heated to 160 degres to kill the infection. the inmates that have the infection are not being isolated to isolate the infection.
2. cleaning the Gun Walks in the housing units. this has been the topic in countless safty meetings over the past 3 years the institution keeps pointing the finger on whose responsability this is with no action. it

Has this condition been brought to attention of * :

☑ Employer
☐ Other Government Agency (specify):

warden, safty commetty

Please Indicate Your Desire * :

◯ Do NOT reveal my name to my Employer
◯ My name may be revealed to the Employer

The Undersigned believes that a violation of an Occupational Safety or Health standard exists which is a job safety or health hazard at the establishment named on this form. *

◯ Employee
◉ Representative of Employees
◯ California Safety & Health Committee
◯ Other

Scott Lamphere

Complainant Name:     scott Lamphere

Complainant Phone:    916–708–6619

Complainant Address:

If you are an authorized representative of employees affected by this complaint, please state the name of the organization that you represent and your title.

HAZARD DESCRIPTION/LOCATION. Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists. *

infection.
2. cleaning the Gun Walks in the housing units. this has been the topic in countless safty meetings over the past 3 years the institution keeps pointing the finger on whose responsability this is with no action. it has been over 1 year maby 2 years sence this area has been cleaned.
3. access to bathrooms. 1 dinningroom, 2dinningroom, and 4 building yard do not have access to bathroom or waterclosets. if they need to use the bathroom they need to be releaved and this can in many cases take more then 30 min. our employees have had to urinate and defecate in a bag and then carry the waste out of the institution.

I have the safty meeting minutes for the past 3 years, i also have copies grievances and i will provide as much information as i can to help settle these problems.

| | |
|---|---|
| Has this condition been brought to attention of *: | ☑ Employer |
| | ☐ Other Government Agency (specify): |
| | warden, safty commetty |

| | |
|---|---|
| Please Indicate Your Desire *: | ○ Do NOT reveal my name to my Employer |
| | ○ My name may be revealed to the Employer |

| | |
|---|---|
| The Undersigned believes that a violation of an Occupational Safety or Health standard exists which is a job safety or health hazard at the establishment named on this form. * | ○ Employee |
| | ● Representative of Employees |
| | ○ California Safety & Health Committee |
| | ○ Other |
| | Scott Lamphere |

| | |
|---|---|
| Complainant Name: | scott Lamphere |
| Complainant Phone: | 916-708-6619 |
| Complainant Address: | |

If you are an authorized representative of employees affected by this complaint, please state the name of the organization that you represent and your title.

| | |
|---|---|
| Representing Organization: | California Correctional Peace Officers Associat |
| Representing Title: | Chapter President Folsom State Prison |
| Organization Name: | Scott Lamphere |
| Your Title: | |

* = required field

# EXHIBIT B

Division of Occupational Safety and Health
Cal/OSHA

# Notice of Alleged Safety or Health Hazards – Web Complaint

## For the General Public:

This form is provided for the assistance of any complainant and is not intended to constitute the exclusive means by which a complaint may be lodged with Cal/OSHA.

Section 6309 of the California Labor Code provides that a complaint from an employee or an employee's representative (including, but not limited to, an attorney, health or safety professional, union representative; or a representative of a government agency), or an employer or an employee directly involved in an unsafe place of employment, must be investigated within three days after receipt of a complaint charging a serious violation, and not later than 14 days after receipt of a complaint charging a nonserious violation. Cal/OSHA will attempt to determine the period of time in the future that the complainant believes the unsafe condition may continue to exist and will allocate inspection resources so as to respond to those situations in which time is of the essence.

**NOTE:** Section 6310 of the California Labor Code provides explicit protection for employees exercising their rights, including making safety and health complaints.

## INSTRUCTIONS:

Open the form and complete the front page as accurately and completely as possible.  Describe each hazard you think exists in as much detail as you can.  If the hazards described in your complaint are not all in the same area, please identify where each hazard can be found at the worksite.  If there is any particular evidence that supports your suspicion that a hazard exists (for instance, a recent accident or physical symptoms of employees at your site) include the information in your description.  If you need more space than is provided on the form, continue on any other sheet of paper.

After you have completed the Web Complaint Form, mail or fax the form to the Cal/OSHA Enforcement Unit District Office nearest to where the hazard(s) exists.

Web Complaint (11/00)

Division of Occupational Safety and Health
Cal/OSHA
Division of Occupational Safety an    alth
Cal/OSHA



# Notice of Alleged Safety or Health Hazards – Web Complaint

| | | Complaint Number | |
|---|---|---|---|
| **Establishment Name** | Folsom State Prison (Old Folsom) | | |

| Site Address | P.O. Box 71, Prison Road, Represa, CA 95671 | | |
|---|---|---|---|
| | Site Phone | 916 985 2561 | Site FAX |  |
| Mailing Address | same as above | | |
| | Mail Phone | | Mail FAX |  |
| Management Official | Matt Kramer, Warden | City | |
| Type of Business | California State Prison | | |

**HAZARD DESCRIPTION/LOCATION.** Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists.

The institution is not taking proper disinfection procedures to eliminate/control the Methicillin-resistant Staphylococcus aureus (MRSA) bacteria from the area where infectious inmates are housed, treated, fed, showered and recreational areas.

The institution is not following HIPPA law and providing information on the identities of infected inmates.

The institution is not following Center for Disease Control and Federal Guidelines for Treatment and Care of MRSA infected inmates.

The lax procedures have resulted in a minimum of five Correctional Officers being infected with MRSA. These infections have necessitated the hospitalzation of these officers for extended periods of time. One officer has been infected three different times. Officers who have agreed to speak with CA-OSHA are identified and contact numbers are listed on separate sheet.

| Has this condition been brought to attention of: | ☑ Employer    ☐ Other Government Agency (specify): |
|---|---|
| Please Indicate Your Desire: | ☐ Do **NOT** reveal my name to my Employer<br>☑ My name may be revealed to the Employer |
| The Undersigned believes that a violation of an Occupational Safety or Health standard exists which is a job safety or health hazard at the establishment named on this form. | (Check ONE box)<br>☐ Employee          ☐ California Safety & Health Committee<br>☑ Representative of Employees    ☐ Other (specify): _____ |

| Complainant Name | Douglas P Mitten | Telephone | (916) 372 6060 |
|---|---|---|---|
| Address (Street, City, State, ZIP) | 755 Riverpoint Drive, West Sacramento, CA 95605-1634 | | |
| Signature | | Date | |

If you are an authorized representative of employees affected by this complaint, please state the name of the organization that you represent and your title:

Organization Name: CCPOA          Your title: Field Representative

Attachment to Cal/OSHA complaint dated

Correctional Officers at Folsom State Prison who have contracted MRSA from working with infected inmates. These Correctional Officers have agreed to speak with a representative of Cal/OSHA either in person or over the phone. Please do not release their names to the Employer (Folsom State Prison or California Department of Corrections and Rehabilitation). I am attempting to contact others at the institution who have direct knowledge of these infections.

Ed Corp (916) 408 3596

Pam Coleman (916) 988 4479



California Correctional
Peace Officers Association
CCPOA
REPRESENTING
CDC, CYA PEACE OFFICERS
"THE TOUGHEST
BEAT IN THE STATE"

**Douglas Mitten**
Field Representative
Email: douglas.mitten@ccpoa.org
755 Riverpoint Dr., #200, W. Sacramento, CA 95605-1634

(800) 821-6443
(916) 372-6060
Fax: (916) 376-0156