IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                   No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.               <u>ORDER</u>

          /

        On May 23, 2007 the court issued an order regarding access to inpatient psychiatric beds in state hospitals run by the California Department of Mental Health ("DMH"). The court ordered defendants to file a plan to provide to DMH clinicians identified in the order pay at parity with that provided to the California Department of Corrections and Rehabilitation ("CDCR") clinicians in accordance with the pay scales approved by the court in its December 15, 2006 order. The court also directed defendants to consider and report to the court on the feasibility of other options for forthwith remedying the limitation on admission of <u>Coleman</u> class members to Atascadero State Hospital, to file a report identifying job titles and number of state members required to provide care to <u>Coleman</u> patients housed at DMH hospitals, and to file a first monthly report concerning referrals, pending referrals, rejections and transfers of inmates between levels of mental health care. On June 14, 2007, defendants filed their response to the

1

court's order, and on June 20, 2007, plaintiffs filed their response to defendants' plans.

Defendants propose a pay scale for all DMH staff working at non-CDCR institutions in classifications that provide services to Coleman class members that is at 95% of parity with the pay scale ordered for clinicians serving inmates in CDCR institutions. Plaintiffs acknowledge this "is a start" and ask that it be implemented forthwith. That will be the order of the court.

While defendants have made some response to the court's order, that response suffers greatly as a result of defendants' failure to comprehend the urgent need present in the plaintiff class for access to intermediate care beds. Indeed, it appears likely the department's response implies that it is unaware of the crisis.

Defendants' response to the court's request for a report identifying job titles and number of staff members necessary to serve Coleman class members at DMH facilities was to inform the court that DMH "utilizes a comprehensive staffing system which requires the formulation of staffing needs based upon overall population, not based upon the census of specific patients nor upon the census of specific units." (Defendants' Redacted Response to Court Order of May 23, 2007 re: Pay Parity Plan, filed June 14, 2007, at 9.)[1] That may be the structure under which DMH staff their facilities, but it misses the mark with respect to providing necessary services to members of the Coleman class.

In December 2006, defendants submitted to this court for approval a long-range bed plan. The plan included provision for 256 beds at Atascadero State Hospital (ASH), comprised of 25 acute care beds and 231 intermediate care beds. (See Special Master's Report and Recommendation on Defendants' December 2006 Mental Health Bed Plan, filed February 7, 2007, at 6.) As of May 25, 2007, there were only 73 Coleman class members at ASH. As of

---

[1] Defendants do provide the staffing ratios for the composition of the treatment teams required by the consent judgment entered into between the State of California and the United States Department of Justice without specifically indicating whether the ratios are applicable to CDCR related programs.

June 8, 2007, that number had dropped to 67. (Declaration of Amy Whelan in Support of Plaintiffs' Response to Defendants' Plan Regarding Pay Parity for DMH Staff Pursuant to this Court's May 23, 2007 Order and Request for Additional Orders, filed June 20, 2007, at ¶ 3.) Defendants are providing to class members only twenty-six percent of the beds at ASH called for by their plan. That is unacceptable.[2]

      Accordingly, defendants are directed to file within thirty days a plan for making available up to 125 intermediate care beds for Coleman class members referred to ASH for treatment. The plan shall include staffing, with a breakdown by name and function of attending clinicians, and a date certain for its implementation which shall be no later than sixty days from the date of this order. In addition, defendants will be directed to file by November 30, 2007 a plan for making available the full complement of 231 intermediate care beds for Coleman class members referred to ASH for treatment.

      Defendants have provided the information required by paragraph 5 of the May 23, 2007 order. They shall continue to provide this information to the special master on a monthly basis until further order of court.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Defendants shall forthwith implement the pay scales for DMH clinicians set forth in their June 14, 2007 response to this court's May 23, 2007 order.[3]

      2. Within thirty days from the date of this order, defendants shall file with the court a plan for making available up to 125 intermediate care beds for Coleman class members referred to ASH for treatment. The plan shall include staffing, with a breakdown by name and function of attending clinicians, and a date certain for its implementation which shall be no later

---

[2] Indeed, from other sources the court has learned that at least some CDCR clinicians have stopped referring patients to DMH because of its refusal to accept referrals.

[3] The court wishes to be clear. Its mandate is limited to the Coleman class. Any salary addition to anyone else is unaffected by this order.

3

than sixty days from the date of this order.

3.  On or before November 30, 2007, defendants shall file with the special master a plan for making available the full complement of 231 intermediate care beds for <u>Coleman</u> class members referred to ASH for treatment.  The special master shall review the plan and report to the court with any appropriate recommendations in his twentieth round monitoring report.  The court will not entertain a request to limit the total number of intermediate care beds required by this order absent a recommendation from the special master that fewer beds are required.

4.  Defendants shall continue to provide the special master with monthly reports on the information required by paragraph 5 of this court's May 23, 2007 order.

5.  The department shall, in its report, inform the court of the name and job description of the person having immediate responsibility for insuring compliance with the court's order.

DATED: June 28, 2007.

                                                /s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT