PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants

No.: Civ S 90-0520 LKK-JFM

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATIONS ON ENHANCED OUTPATIENT TREATMENT PROGRAM IN RECEPTION CENTERS**

On July 2, 2007, Special Master Keating filed a Report and Recommendations on Defendants' Enhanced Outpatient Treatment Program in Reception Centers ("Special Master's Report and Recommendations"). Docket No. 2302. On July 12, 2007 defendants filed objections to the Special Master's recommendations ("Defs.' Objs."). Docket No. 2313. Plaintiffs support the recommendations of the Special Master, and hereby respond to defendants' objections insofar as defendants contend that they do not have the capability to identify arriving inmates who have recent histories of EOP designation or to identify EOP inmates with release dates within 60 to 120 days. Defendants' objections, which are unsupported by any evidence, should be overruled and the Court should order enter an order adopting the recommendations of the Special Master.

Defendants contend that they are unable to satisfy two of the Special Master's recommendations:

- Required initial screening of arriving inmates who have recent histories of EOP designation, to occur within 72 hours of arrival, and initial mental health evaluations to occur within seven days of arrival; and
- Required identification as early as possible of all reception center EOP inmates who have, or might have, imminent release dates, that is, within 60 to 120 days…Such inmates should be provided with treatment plans that address their individualized re-entry needs and include the best estimate of the inmates' earliest possible release dates.

Special Master's Report and Recommendations at 34. In response to the recommendation for screening, defendants state that they "do not have at this time the necessary computerized records system to enable determination of which inmates have recent histories of EOP designation." Defs' Objs. at 2:18-20. In response to the recommendation for identification of inmates with 60 to 120 release dates for provision of pre-release planning, "[d]efendants state that such data is not consistently nor immediately available to enable immediate identification of inmates with imminent release dates within 60 to 120 days. A computerized tracking

1  system of the release dates requires coordination with the *Plata* Receiver, *Perez* representatives
2  an *Armstrong* representatives." Defs.' Objs. at 3:12-16.

3        Defendants provide no legal or evidentiary basis for these objections. They do not
4  attach declarations or documents supporting their alleged inability to satisfy these
5  recommendations. Rather, defendants' attorneys merely recite in a pleading that defendants
6  cannot meet these requirements. These unsupported statements are not evidence and establish
7  nothing. In addition, as explained below, defendants already have the capabilities for
8  satisfying the recommendations of the Special Master. Their failure to utilize them on behalf
9  of *Coleman* class members is unacceptable.

10       Per the requirements of the enforcement order by the *Armstrong* Court,[1] defendants
11 have developed and implemented a computerized tracking system, "Disability and Effective
12 Communication System" ("DECS"), that tracks disability information and includes
13 information and history about participation in the Mental Health Services Delivery System
14 ("MHSDS"). This computerized tracking system identifies inmates and parolees with histories
15 of EOP and CCCMS designation, as well as other disabilities, such as mobility, vision,
16 hearing, developmental and learning. Declaration of Lori Rifkin In Support Of Plaintiffs'
17 Response to Defendants' Objections to Special Master's Recommendations On Enhanced
18 Outpatient Treatment Program in Reception Centers ("Rifkin Decl."), filed herewith, ¶ 2. It is
19 currently in use at all CDCR prisons. *Id.* at ¶ 3.

20       Using DECS, defendants can produce a list of all inmates in a specific prison location
21 who have specific disability codes. Rifkin Decl., ¶ 4 and Ex. A (list produced by defendants of
22 all inmates at North Kern State Prison with certain disability codes). The codes used for DECS
23 include MHSDS codes such as "EOP." *Id*. at ¶ 5 and Ex. B (example of DECS printout for
24 inmate with EOP history). Defendants can and are required to check DECS for disability and

---

[1] *See Armstrong v. Schwarzenegger,* Case No. C 94-02307 CW, N.D. Cal., Order Granting Motion to Enforce the Revised Permanent Injunction, filed May 30, 2006, at pp. 8-10.

1   mental health information necessary to serve the *Valdivia* Notice of Rights to parolees charged
2   with parole violations within three business days of their incarceration on a parole hold. *Id.* at
3   ¶ 6. MHSDS status, including EOP history, is noted in the DECS system. *Id.* at ¶ 5 and Exs.
4   B, C. Moreover, if an inmate informs the CDCR agent serving the Notice of Rights to that he
5   or she has mental health history that has not already been identified from the inmate's file or
6   DECS, that updated information is then entered into the DECS system. *Id.* at ¶ 6. This
7   directly contradicts defendants' assertion to this Court that they do not have the necessary
8   computerized records system to identify inmates with recent histories of EOP designation.

9         Defendants also currently produce lists using DECS of inmates with disabilities who are
10   120 days or less to parole, and have recently produced such lists to plaintiffs. Rifkin Decl., ¶ 7
11   and Ex. D (DECS printout of inmates with specific disability codes who have release dates
12   within 120 days). Because DECS tracks inmates with MSHDS codes, defendants should be
13   able to produce such lists for EOP inmates as well. *Id.*

14         Defendants' own EOP Reception Center plan that they submitted to the Court and were
15   ordered to implement by January 1, 2007, proposes the "imminent (60 to 120 days) release
16   dates" timeframe for pre-release planning and recognizes the crucial importance of identifying
17   and providing pre-release planning to this group of inmates: "Parole violators with only a few
18   months to be served require assistance in community adjustment issues that have contributed to
19   their failure on parole…While it is sound clinical practice to initiate treatment at the soonest
20   possible time in all cases, those individuals who will soon be paroled require a higher level of
21   dedicated resources to ensure their successful integration into society." Docket No. 1928-2
22   (Defs.' EOP Reception Center Plan) at 4-5. Yet, despite this recognition by defendants that the
23   population of seriously mentally ill inmates/parolees who cycle in and out of Reception
24   Centers requires focused treatment and pre-release planning, defendants have done virtually
25   nothing to implement the pre-release planning component of the Reception Center EOP Plan.
26   *See, e.g.,* Special Master's Report and Recommendations at 7, 11, 15, 17, 21, 24, 27, 31-32.
27   Defendants' complete failure to satisfy this component of their own plan, and objections to the
28   Special Master's recommendation that they provide this type of pre-release planning are more

examples that the State is not yet serious about rehabilitating its inmates or reducing the number of human beings locked up in prisons because of unmet mental health needs. The use by defendants of defendants' own computerized tracking system should not require a coordination order by this or any other court.

      Plaintiffs urge the Court to adopt the recommendations of the Special Master and require defendants to immediately implement these crucial components of the EOP Reception Center Plan.

Dated: July 24, 2007                           Respectfully submitted,

                                                      */s/ Lori Rifkin*
                                                      Lori Rifkin
                                                      Rosen, Bien & Galvan
                                                      Attorneys for Plaintiffs