EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA TILLMAN– State Bar No. 126424
Deputy Attorney General
MISHA IGRA – State Bar No. 208711
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
Telephone:   (916) 327-7872
Facsimile: (916) 324-5205
Lisa.tillman@doj.ca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-CV-00520 LKK JFM P |
| Plaintiffs, | |
| v. | **DEFENDANTS' MOTION FOR STAY PENDING APPEAL** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Under Rule 8 of the Federal Rules of Appellate Procedure and Rule 62 of the Federal Rules of Civil Procedure, Defendants move the Court for a stay of its July 23, 2007 Order granting Plaintiffs' motion to convene a three-judge court (the Referral Order) during the pendency of the appeal in this case.

The Court's Referral Order granted Plaintiffs' motion to convene a three-judge panel to consider whether to issue a prisoner release order under the Prison Litigation Reform Act (PLRA). A stay is appropriate here. Defendants are likely to prevail on the merits of their appeal, because Plaintiffs have not met the PLRA's requirements. Plaintiffs have failed to show that Defendants have had a reasonable amount of time to comply with the previous Court orders,

particularly the orders to increase staffing and provide mental health beds. 18 U.S.C. § 3626(a)(3)(A). Moreover, it is likely that the Ninth Circuit will not rule on Defendants' appeal of the Referral Order until after Plaintiffs' request for a prisoner release order is heard by the three-judge panel--thereby mooting Defendants' appeal. Defendants are likely to prevail on their appeal and also satisfy the other criteria for a stay pending appeal, as discussed below. Because a stay would serve the public interest without substantially harming Plaintiffs, this motion should be granted.

## II.   BACKGROUND AND PROCEDURAL HISTORY

In 1990, the *Coleman* Plaintiffs filed this class action under 42 U.S.C. § 1983 alleging alleging that the mental health care services provided by California Department of Corrections and Rehabilitation (CDCR) were so inadequate that the class members' rights under the Eighth and Fourteenth Amendments were violated. The certified class consisted of those inmates "with serious mental disorders" confined within CDCR. *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (1995). In 1995, this Court granted injunctive relief by directing the development and implementation of remedial plans and appointing a special master to monitor t those remedial steps. *Coleman v. Wilson*, 912 F. Supp. 1282, 1298 n.10 (1995).

This Court has issued a variety of orders to ensure the development of a constitutionally adequate mental health services delivery system. None of those orders directed Defendants to address the inmate population of the entire CDCR system. Rather, the orders have consistently focused upon the development of the integral components of a constitutionally adequate mental health care system: sufficient and qualified mental health care staff, appropriate policies and procedures for mental health care, accurate record and data management, and sufficient licensed and unlicensed beds for mental health patients. *Coleman v. Wilson*, 912 F. Supp. 1282, 1298 n.10 (1995).

On November 13, 2006, Plaintiffs moved to convene a three-judge panel. After briefing and oral argument, the Court continued the hearing until June 11, 2007. Before that hearing occurred, the Court issued an order permitting the parties to file supplemental briefing and evidence to address any new developments relevant to the Court's resolution of the motion.

(Order, 5/4/07.) The order stated further, "the parties should address whether a prisoner release order will be effective to remedy ongoing constitutional violations in the delivery of mental health care to class members and, if so, what type of prisoner release order would be required to remedy those violations." Supplemental briefs addressing these issues were filed.

Over Defendants' objections, this Court, and the court in *Plata v. Schwarzenegger*, held a joint hearing on June 27, 2007 in Sacramento. Following that hearing, on July 2, 2007, Defendants filed a Request for Judicial Notice of a CDCR Expert Panel Report on Adult Offender Reentry and Recidivism Reduction Programs (Expert Panel Report). On July 3, 2007, the Court requested additional briefing on the Expert Panel Report, and the parties accordingly filed further briefs. On July 23, 2007 this Court (and the *Plata* court) both granted Plaintiffs' motions to convene three-judge panels. The Chief Judge of the Ninth Circuit has already granted the request for appointment of a single three-judge district court. (Order, 7/27/07.)

### III. ARGUMENT

#### A. Legal Standard.

Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending. *See* Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a). But under both Rules, the factors concerning the issuance of a stay are generally the same. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are: (1) whether the moving party has made a showing of likelihood of success on the merits; (2) whether the moving party has made a showing of irreparable injury if the stay is not granted; (3) whether granting the stay would substantially harm the other parties; and (4) whether granting of the stay would serve the public interest. *Id.* Courts recognize that circumstances and common sense dictate that the moving party need not always show probability of success on the merits in order for a court to properly issue a stay. Instead, a stay should be granted where the moving party demonstrates that a serious legal question is involved, and that the balance of the equities weighs in favor of the stay. *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 981). As explained in *Ruiz*, this makes sense because if a moving party

//

> were required in every case to establish that the appeal would probably be successful, the Rule would not require a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue. The stay procedure of Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8(a) affords interim relief where relative harm and the uncertainty of final disposition justify it.

*Ruiz* at 565.

In this matter, because Defendants can show that their appeal will be successful, that a serious legal issue is involved, and that the balance of the equities weighs in their favor, this Court must grant a stay.

### B. Interpretation of the PLRA Involves a Serious Legal Issue and Defendants Are Likely to Succeed on Appeal.

A stay is warranted because the Ninth Circuit is likely to conclude that this Court erred in holding that Plaintiffs had satisfied the requirements of the PLRA. In the Referral Order, the Court held that Defendants have had a reasonable amount of time to comply with the Court's previous orders. However, the integral mandate to complete the development of long-term plans for the provision of designated mental health care beds issued only in April 2006. This mandate was followed by a landmark order: coordinate the *Coleman* compliance efforts, particularly those involving bed planning, with the Receiver appointed on April 17, 2006 in *Plata v. Schwarzenegger*, Case No. C01-1351 TEH (N.D. Cal.). (Order, 6/8/06.) The courts have now jointly acted to vest the Receiver with responsibility for key functions of the CDCR organization, including direct oversight of the contracting functions for medical, dental, and mental health; implementation of the long-term information technology system for medical, dental, and mental health programs; and oversight of pharmacy operations serving the medical, dental, and mental health programs. (Order, 6/28/07.) The Receiver's first quarterly progress report on implementation of compliance efforts in these areas has yet to occur or even become due. Thus, the Defendants have not had a reasonable amount of time to comply with the Court's orders.

Similarly, Defendants have not had a sufficient opportunity to address overcrowding. Plaintiffs did not even address crowding in this case until November 2006. The State is

//

addressing the issue as evidenced by the landmark prison reform package, AB 900, which was signed into law a mere two months ago, in May 2007.

### C. The Irreparable Harm Is the Risk to Public Safety From an Improper Prisoner Release Order.

Here, unless this stay is granted, Defendants' appeal will be moot because a three-judge panel will likely hear the matter before the Ninth Circuit rules on Defendants' appeal. Indeed, the Ninth Circuit has already issued an order granting the request for single three-judge panel. (Order, 7/26/07.) Thus, the three-judge panel could decide to issue a prisoner release order before the Ninth Circuit determines whether Plaintiffs' motion to convene a three-judge panel should have been granted in the first place. Such a scenario would not only amount to a waste of judicial resources, it would pose a risk to public safety. It cannot be argued that the issuance of a prisoner release order by a three-judge panel, prior to a Ninth Circuit order finding that the Referral Order was improper, would not amount to serious, irreparable harm to Defendants and to the public. Moreover, the harm to Plaintiffs is a delay in the possible convening of the three-judge panel while the appeal is pending. On balance, the risk to public safety far outweighs the delay that Plaintiffs face. The public interest is best served by waiting until Defendants' appeal is decided, and a stay is proper.

### IV. CONCLUSION

Because public interest and public safety are best served by waiting for Defendants' appeal to be decided, and because Defendants are likely to prevail on the merits--which include interpretation of the PLRA-- this Court should stay the July 23, 2007 Order during the pendency of Defendants' appeal.

DATED: July 27, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

By: _____
LISA TILLMAN
Deputy Attorney General
Office of the Attorney General
Attorneys for Defendants