IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,　　　　　　　　No. CIV S-90-0520 LKK JFM P

  vs.

ARNOLD SCHWARZENEGGER,　　　　　　　　O R D E R
et al.,

    Defendants.
_____/

    On July 23, 2007 this court granted plaintiffs' motion to request the convening of a three-judge court pursuant to 18 U.S.C. § 3626(a)(3) and 28 U.S.C. § 2284.  A similar motion was granted on the same day in <u>Plata v. Schwarzenegger</u>, Case No. CIV 01-1351 TEH (N.D. Cal.).  By order filed on July 26, 2007, the Chief Judge of the Ninth Circuit appointed a single three-judge district court pursuant to 28 U.S.C. § 2284 to consider entering a prisoner release order in both the above-captioned case and in <u>Plata</u>.

    On July 27, 2007, defendants filed a notice of appeal of this court's July 23 order requesting the appointment of the

1

three-judge court.  Defendants also filed a motion to stay the court's July 23 order pending appeal.  For the reasons discussed herein, the motion to stay is denied.

First, this court's July 23, 2007 order is not an appealable order.[1]  The order is not a final judgment,[2] nor is it an interlocutory decision from which an appeal lies under 28 U.S.C. § 1292.[3]  Nor is the order granting plaintiff's motion to request the convening of a three-judge court appealable under the collateral order doctrine.  See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468(1978)(orders that do not dispose of the entire litigation are appealable as collateral orders if they "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment").

Second, defendants' motion to stay is moot.  The order

---

[1] It is well-settled that a defective notice of appeal does not divest the district court of jurisdiction to act.  See Ruby v. Secretary of U.S. Navy, 365 F.3d 385, 389 (9th Cir. 1966).  Indeed, where, as here, defendants have filed a notice of appeal from a non-appealable order jurisdiction remains with this court.  See id. at 388.

[2] "Generally, a final decision under § 1291 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" S.E.C. v. Capital Consultants LLC, 453 F.3d 1166, 1170 (9th Cir. 2006) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).

[3] In relevant part, 28 U.S.C. § 1292(a) vests the Courts of Appeals with jurisdiction over interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, . . ." 28 U.S.C. § 1292(a).

2

issued by this court on July 23, 2007 requested the convening of a three-judge court pursuant to 18 U.S.C. § 3626(a)(3) and 28 U.S.C. § 2284. By order filed July 26, 2007, the Chief Judge of the Ninth Circuit granted the request and appointed a three-judge court. Given that the action requested in the court's order already transpired, namely the appointment of a three-judge court, there remains nothing left to stay.

Third, even assuming arguendo that some part of the July 23, 2007 order were appealable, defendants have not met the standard for a stay of that order. In evaluating a motion for stay pending appeal, the court considers, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776(1987).

Defendants have failed to make any colorable showing that they are likely to succeed on the merits of their appeal, nor have they shown that they will suffer any cognizable injury in the absence of a stay.[4] The third factor in particular favors denial of defendants' motion. As discussed at length in the

---

[4] Defendants contend that "[t]he irreparable harm is the risk to public safety from an improper prisoner release order." Defendants' Motion for Stay Pending Appeal, filed July 27, 2007, at 5. This contention is without merit. Simply put, no such harm is created by the request to convene a three-judge court.

court's July 23 order, the overcrowding crisis in the California Department of Corrections and Rehabilitation is preventing the delivery of constitutionally adequate mental health care to the plaintiff class. See July 23, 2007 Order at 6:6-8:2; 8:18-13:17. Given the nature of the crisis, further unwarranted delay could result in significant harm to the plaintiff class.

For all of the foregoing reasons, defendants' motion for stay pending appeal is DENIED.

IT IS SO ORDERED.

DATED: July 31, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT