EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5388
 Fax: (916) 324-5205
 Email: Misha.Igra@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS, WITH DECLARATION OF MICHAEL STONE AND REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing: September 6, 2007<br>Time: 11:00 a.m.<br>Judge: The Honorable Lawrence K. Karlton |

## I.

## INTRODUCTION

Plaintiffs are seriously mentally ill inmates who have alleged violations of their Eighth and Fourteenth Amendment rights regarding delivery of mental health care in prison. Defendants have paid $378,349.00 plus interest for Plaintiffs' Third Quarter 2006 attorneys' fees and costs (Docket #2137) and $413,256.14 plus interest for Plaintiffs' Fourth Quarter 2006 attorneys' fees and costs. (Docket # 2207). Plaintiffs' counsel, Rosen Bien & Galvan (RBG), filed a motion to

compel payment of $94,558.19 in disputed attorneys' fees and costs which they assert arose in the third and fourth quarters of 2006. Specifically, RBG seeks fees and costs in relation to an unsuccessful motion seeking broad discovery, an unsuccessful application for a temporary restraining order, and a motion seeking referral to a three-judge panel which RBG filed in three different actions on behalf of three separate classes of Plaintiffs and which is presently pending appeal. Defendants oppose the motion on the grounds that Plaintiffs do not meet the threshold showing required under the Prison Litigation Reform Act and the unsuccessful motions were unnecessary and did not benefit the class. In addition, the fees reflect work performed for RBG's other class action clients. Finally, RBG failed to meet and confer in good faith regarding the fees related to the three-judge panel following the order granting the motion and there has been no final determination of whether the motion should have been granted.

## II.

## LEGAL ARGUMENT

### A. THE PLRA AND THE PERIODIC FEE ORDER LIMIT PLAINTIFFS' ABILITY TO RECEIVE PAYMENT OF FEES AND COSTS.

Attorney's fees for post-judgment services are subject to the limitations contained in the PLRA. *See Webb v. Ada County*, 195 F.3d 524, 527 (9th Cir. 1999). The purpose of the Prison Litigation Reform Act (PLRA) "was apparently to curtail frivolous prisoners' suits and to minimize the costs--which are borne by taxpayers--associated with those suits." *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999).

**1. Fees cannot be ordered because the statutory threshold has not been met.**

"Among its restrictions on fee awards, the PLRA caps the maximum hourly rate and prohibits payment of fees that are not 'directly and reasonably' incurred in proving a violation of prisoners' rights." *Madrid*, 190 F.3d, at 995-96, citing 42 U.S.C. §1997e(d). Specifically, the PLRA instructs that "fees shall not be awarded" unless it is shown that 1) the fees were directly and reasonably incurred in proving a violation of prisoners' rights protected by a statute pursuant to which a fee may be awarded under section 2 of the Revised Statutes (42 U.S.C. § 1988), and either 2) the amount of the fee is proportionately related to the court ordered relief for the

violation; or 3) the fees were directly and reasonably incurred in enforcing the relief ordered for the violation. 42 U.S.C. § 1997e(d)(1)(A) & (B). In this case, attorney's fees relative to an unsuccessful discovery motion, unsuccessful application for a temporary restraining order, and an unresolved motion for appointment of a three-judge panel do not meet the threshold showing.

### a. RBG did not prove any Constitutional violation through the unsuccessful discovery motion, the denied motion for a temporary restraining order or the request for appointment of a three-judge panel.

The motion should be denied because none of the disputed fees were incurred in proving a violation of prisoner's rights protected by a statute under 42 U.S.C. §1988. *See* 42 U.S.C. § 1997e(d)(1)(A). In bringing the unsuccessful post-trial motion to reopen discovery, RBG did not prove a violation of any right protected under 42 U.S.C. §1988, as evidenced by the denial of their motion. Similarly, RBG proved no violation of prisoners' rights regarding out-of-state transfers, and such transfers are not encompassed by 42 U.S.C. §1988. Finally, the request for a three-judge panel did not prove a violation of prisoner rights, but rather referred the inquiry to another forum. Moreover, that referral is pending appeal and is not final.

### b. The motion should be denied because RBG has not prevailed.

The amount of disputed fees RBG seeks to collect, $94,558.19, is not proportionately related to the result obtained. *See* 42 U.S.C. § 1997e(d)(1)(B)(i). Here, the Court denied two of Plaintiffs' motions and there is an appeal pending regarding the third.

There is no entitlement to attorney's fees unless the requesting party prevails. *Rhodes v. Stewart*, 488 US 1, 2 (1988) (prisoner civil rights action) . *See also McGinnis v. Kentucky Fried Chicken*, 51 F.3d 805, 810 (9th Cir. 1994) (district court must relate amount of fee award to extent of success). In the absence of being granted the sought relief, Plaintiffs cannot meet the threshold requirements of 42 U.S.C. § 1988 of prevailing party status, and in consequence Plaintiffs are not entitled to an award of attorneys fees under § 1988. *See Rhodes,* 448 U.S. at 4. The Supreme Court has held that the district court must answer the question, "Did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (class action by involuntarily confined persons at a state hospital who filed suit for civil rights violations related

to the constitutionality of the treatment and conditions at the hospital). The attorney's time, to be compensated, must be "reasonable in relation to the success achieved." *Id.* at 436. It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the "extent of success" and the amount of the fee award. *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (civil rights action for willful failure to administer proper medical treatment at a school for delinquent, disabled, and disturbed teens). As the Ninth Circuit stated in another case arising under the PLRA, *Dannenberg v. Valadez*, 338 F.3d 1070 (9th Cir. 2003):

> The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. While it is the district court's responsibility to make the assessment of what is a reasonable fee under the circumstances of the case, the court must exercise its discretion with an eye toward the relationship between the extent of success and the amount of the fee award. When a plaintiff achieves only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.

*Dannenberg,* 338 F.3d at 1075 (internal citations omitted).

As for the unsuccessful motion to re-open discovery and obtain tour binders which was brought a decade after conclusion of trial, the court found no violation of prisoner's rights and did not grant the requested relief. This is also true of the denied motion to enjoin out-of-state transfers. Therefore, no fees should be granted relative to those motions.

With regard to the request for a three-judge panel, that decision is pending appeal and the result has not been finally determined. Therefore, the Court is unable at this time to evaluate Plaintiffs' level of success in relationship to the amount they seek in attorneys' fees.

### c. The motion should be denied because the disputed fees were not directly and reasonably incurred in enforcing the Decision and Order.

The disputed fees were not directly and reasonably incurred in enforcing the relief ordered for the violation. *See* 42 U.S.C. § 1997e(d)(1)(B)(ii). In this case, Plaintiffs claim a violation of their Constitutional rights relative to inmate mental health care. The relief ordered for violation of that Constitutional right is defined by the Decision and Order dated September 13, 1995 (Decision and Order). The Decision and Order did not address re-opening discovery a decade after trial, out-of-state transfers, or overcrowding. Thus any fees arising from motions on those subjects were not directly and reasonably incurred in enforcing the relief ordered for the Constitutional violation.

Defendants' Opposition to Motion for Attorney's Fees

4

Having failed to meet the statutory requirements for a fee award under the PLRA, Plaintiffs' motion to compel payment of fees should be denied.

**2. The Court should deny the motion because the services were not useful or necessary to ensure compliance with the Decision and Order.**

The Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs filed March 19, 1996 (Periodic Fee Order), provides in pertinent part:

> The standard of review to be applied to disputed billing items will be whether the services were useful and necessary to ensure compliance with the Decision and Order dated September 13, 1995.

(Exh. 1, Order, 3/19/96, 4:10-13.)

Consistently, the Periodic Fee Order requires the billing statements to provide sufficient information evidencing the efficacy of their representation.[1] Specifically,

> The statements will itemize the time spent, subject activity, applicable attorney and other personnel billing rates, and costs and expenses with sufficient particularity to allow the defendants and the Court to identify which efforts were or were not useful and necessary to ensure compliance with the Court's order.

(Exh. 1, Order, 3/19/96, 2:1-6.)

In this case, RBG's motion to reopen discovery and obtain tour binders was unsuccessful, not useful to the Plaintiff class, and was not necessary to ensure compliance with the Decision and Order, as post-trial discovery was not contemplated by that document. The same is true of the unsuccessful application for a temporary restraining order, as RBG was aware none of the *Coleman* clients were the subject of transfer, yet they purport to have incurred substantial fees to file documents on their clients' behalf. Lastly, the motion for a three-judge panel is pending appeal, so whether or not it will ultimately be useful and necessary to compliance with the Decision and Order is presently unknown.

**B. DEFENDANTS SHOULD NOT PAY FOR PLAINTIFFS' UNSUCCESSFUL DISCOVERY MOTION.**

A district court must base its determination whether to award fees for counsel's work on its judgment as to whether the work product was both useful and of a type ordinarily necessary to

---

1. Copies of the billing statements are Exhibits 4 and 5 to the Declaration of Michael Stone filed with this Opposition.

1  advance the litigation. *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003). As the Court has
2  ordered, Defendants must only pay those disputed fees which were both "useful and necessary to
3  ensure compliance with the Decision and Order." (Exh. 1, Order, 3/19/96, ¶7.)

4  On July 13, 2006, RBG filed a Motion Regarding Post-Judgment Discovery and to Compel
5  Production of Copies of Tour Binders and Documents. (Docket # 1894.) Magistrate Judge
6  Moulds denied the motion on September 28, 2006. (Docket # 1988.) Having been denied, the
7  motion conferred no benefit upon the class. The fact that the motion was denied is significant in
8  the evaluation of whether the motion was "useful and necessary" to compliance with the Decision
9  and Order. In the absence of being granted the sought relief, Plaintiffs cannot meet the threshold
10 requirement of prevailing party status, and in consequence RBG is not entitled to an award of
11 attorneys' fees. *See Rhodes*, 448 U.S. at 4.

12 RBG ignores that it lost on the issue of tour binders and argues instead that, because the
13 motion to re-open discovery was denied without prejudice to bringing another motion which is
14 more narrowly drafted in a specific factual and legal context, fees for the unsuccessful and
15 overbroad motion should be awarded. However, RBG did not prevail on the motion for which it
16 seeks $29,272.40 in fees and $384.31 in costs. The mere fact that RBG may bring a future
17 motion, which may or may not be granted, does not change the fact that the motion filed on July
18 13, 2006, was denied. Because RBG did not prevail, its services were not useful and necessary
19 to ensure compliance with the Decision and Order. Hence, the motion to recover disputed fees
20 should be denied.

21 **C. DEFENDANTS SHOULD NOT PAY FOR PLAINTIFFS' UNSUCCESSFUL**
22 **APPLICATION FOR A RESTRAINING ORDER.**

23 Defendants must pay only those disputed fees which were "useful and necessary to ensure
24 compliance with the Decision and Order." (Exh. 1, Order, 3/19/96, ¶7.) The Decision and Order
25 addresses the delivery of mental health care services to the represented class, and not prison
26 inmates as a whole. Plaintiffs in this action are only those prison inmates with serious mental
27 disorders. *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (1995). At the time Plaintiffs' counsel
28 filed an application for a temporary restraining order enjoining out-of-state transfers, they were

Defendants' Opposition to Motion for Attorney's Fees

6

aware none of their *Coleman* clients were affected by the transfers and that the Decision and Order did not address the subject. (Stone Decl. ¶ 6, Exh. 6, CDCR letter dated 10/12/06.)

RBG asserts that, "[i]n November 2006, defendants gave plaintiffs' counsel and the Special Master two days' notice before transferring" inmates out-of-state. (Pls.' Mot. at 3:16-18.) RBG's own filings show this is a misstatement. In September 2006, Secretary Tilton called Don Specter, co-counsel in this matter, and informed Mr. Specter that the Governor had decided to transfer inmates out of state. (Exh. 2, Specter. Decl. 1:28-2:7)

In addition, as early as September 22, 2006, RBG participated in a teleconference with the Special Master and Defendants' in-house counsel regarding out-of-state transfers. (See Stone Decl., ¶ 6, Exh. 6, CDCR letter dated 10/12/06.) This was two weeks *before* Governor Schwarzenegger issued his Emergency Proclamation announcing to the public his plan to transfer inmates out of state. (Stone Decl. ¶6.) Also before the Governor's Emergency Proclamation was issued, Scott Kernan, Deputy Director of the Division of Adult Institutions, asked Mr. Specter to participate in a meeting on October 3, 2006, regarding out-of-state transfers. (Exh. 2, Specter Decl. 2:8-3.) Co-counsel Specter did attend that meeting. (*Id.* at 2:11.) Present at that meeting were Deputy Director Kernan, Undersecretary Prunty and "several other officials." (*Id.* at 2:11-13.)

Mr. Specter met with Secretary Tilton again on October 20, 2006, to discuss Defendants' intention to begin out-of-state transfers. (Exh. 2, Specter Decl. at 2:28-3:1.) Thus, RBG's assertion that Plaintiffs' counsel learned of the out-of-state transfers in November 2006, and only two days before transferring inmates out of state, is disingenuous.

Moreover, it is not reasonable for RBG to incur $47,097.65 in fees and $4,927.11 in costs when RBG was fully aware their clients were unaffected by the transfers. CDCR Chief Counsel Bruce Slavin's correspondence, which was copied to Plaintiffs' counsel, memorializes the September 22, 2006 teleconference stating:

> I write as a follow up to our conference call on September 22, 2006, regarding the California Department of Corrections and Rehabilitation's plans for the transfer of several thousand prisoners to out-of-state facilities. Attached is our proposed policy for health care screening for prisoners who have agreed to a transfer. Please note that **consistent with our discussion on September 22, we are excluding from transfers all prisoners currently in the Mental Health Services Delivery System (MHSDS).**

Defendants' Opposition to Motion for Attorney's Fees
7

(Exh. 3, CDCR letter dated 10/12/06 at 1, emph. added) Enclosed with that correspondence was the screening criteria which expressly stated that if an inmate was "currently a member of the Mental Health Services Delivery System" then the inmate "shall be excluded from COCF placement." (*Id.* at 2.)

Ultimately RBG's motion was denied. (Order, 11/06/06, 2:3-4.) Because RBG was aware the *Coleman* class was not affected by out-of-state transfers, it was not reasonable for RBG to incur $52,024.76 in attorneys' fees and costs and expect Defendants to pay these sums, especially where RBG's motion was unsuccessful. Because Plaintiffs' class was not subject to out-of-state transfers, and the motion seeking to enjoin the transfers was denied, RBG's services were not necessary or useful to the *Coleman* class. Therefore, the disputed fees and costs should be denied.

## D. THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS DID NOT MEET AND CONFER IN GOOD FAITH REGARDING FEES CONCERNING THE MOTION FOR A THREE-JUDGE PANEL.

Plaintiffs may only file a motion to compel payment of disputed attorneys' fees and costs after the parties meet and confer regarding the items in dispute. (Exh. 1, Order, 3/19/96, 3:19-25.)

In this case, Defendants' in-house counsel, Michael Stone, requested that Plaintiffs stipulate to address the disputed fees after the parties learned the outcome of the motion for a three-judge panel. (Stone Decl. ¶ 7.) CDCR offered to revisit the issue of whether payment of the claimed attorneys' fees was appropriate. (*Id.* at ¶ 9.) Waiting to learn whether the motion was successful is consistent with the Court's requirement that the services must have been both useful and necessary to ensure compliance with the Decision and Order to be compensable. (Exh. 1, Order, 3/19/96, 4:10-13.) RBG refused to enter into the suggested stipulation, although RBG had agreed to such a stipulation in *Armstrong*. (Stone Decl. ¶ 8; Exh. 7, *Armstrong* Order, 2:11-14.)

In addition, RBG failed to meet and confer once the initial decision was rendered. RBG's motion seeking referral to a three-judge panel was granted on July 23, 2007. RBG filed a motion seeking fees and costs on July 25, 2007 without having discussed the issue with Mr.

Defendants' Opposition to Motion for Attorney's Fees

8

Stone. Having failed to meet and confer prior to filing their motion, the disputed fees and costs should be denied. (Exh. 1, Order, 3/19/96, 3:19-25.)

### E. THE MOTION SHOULD BE DENIED BECAUSE WHETHER THE MOTION WAS USEFUL AND NECESSARY REMAINS TO BE RESOLVED.

In this case, procedurally, RBG's motion was referred to a three-judge panel, but no relief has been granted. Moreover, the decision to refer the issue of overcrowding to a three-judge panel is pending appeal. The Ninth Circuit may find that the three-judge panel should not have been convened. Even if the three-judge panel is convened, the panel may determine that a population cap is not appropriate under the particular facts of this case.

"The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Dannenberg,* 338 F.3d at 1075. The amount of the fee must be proportionately related to the relief granted. See 42 U.S.C. § 1997e(d)(1)(B)(i). "[T]he entry of any order that determines substantial rights of the parties may be an appropriate occasion upon which to consider the propriety of an award of counsel fees." *Hanrahan v. Hampton*, 446 U.S. 754 (1980). However, successes on procedural rulings "may affect the disposition on the merits but [are] themselves not matters on which a party could 'prevail' for purposes of shifting counsel fees to the opposing party under [42 U.S.C.] § 1988." *Hanrahan,* 446 U.S. at 758.

In *Hanrahan v. Hampton*, the Court of Appeal reversed entry of a directed verdict and ordered a new trial. Held, Respondents had not prevailed on the merits of any of their claims, since the Court of Appeals held only that they were entitled to a trial of their cause. Therefore, under 42 U.S.C. § 1988, no attorneys fees could be awarded until a ruling on the merits. Here, the Court has ordered that Plaintiffs are entitled to a trial on their cause before a three-judge panel. As in *Hanrahan*, there has been no decision on the merits. Therefore, no fees should be awarded.

Because RBG's only success thus far is procedural, and the degree of success on the merits is presently unknown, nor has it been established whether the fees and costs incurred in relation to the motion for a three-judge panel have been useful nor necessary to Plaintiffs' class, this portion of RBG's motion should be denied without prejudice.

Defendants' Opposition to Motion for Attorney's Fees

9

F. **THE JUDGES' DECISION TO HOLD A JOINT HEARING SHOULD NOT INCREASE DEFENDANTS' LIABILITY FOR FEES.**

The *Coleman* defendants should not be saddled with the fees incurred by reviewing information irrelevant to this case. In their moving papers, RBG indicates a portion of their fees were related to reviewing *Plata* documents and gathering information from the Receiver. (Mot. at 6, 7-8.) Such materials were not relevant to argument in the *Coleman* case. Although the Court ordered a joint hearing on the nearly identical motions for a three-judge panel filed in *Plata* and *Coleman*, the Court recognized the cases are "factually and procedurally distinct" and that the court "fully intend[ed] to respect the individuality of each case." (Order, 6/7/07, 1:24-25.) The Receiver's opinions regarding overcrowding, while relevant in *Plata*, were not relevant to analysis of the motion under *Coleman*. Therefore, the *Coleman* defendants should not be required to pay disputed fees related to reviewing *Plata* documents.

G. **THE *COLEMAN* DEFENDANTS SHOULD NOT PAY FOR PLAINTIFFS' MOTION BENEFITTING NON-PARTIES REPRESENTED BY THE SAME FIRM.**

RBG's motion for a three-judge panel filed in this case is nearly identical to the motions filed in *Armstrong* and *Plata*. Because the motion filed in this case was drafted to benefit RBG's other class action clients of the same firm, who are not parties to this action, it is inequitable to require the *Coleman* defendants to pay for all of the time and Westlaw research. At most, one-third of the time and Westlaw research, and none of the *Plata* document review, might be reasonably charged to the *Coleman* defendants if the appeal is decided in Plaintiffs' favor. Therefore, the motion to compel payment of disputed fees related to the three-judge panel should be denied.

///
///
///
///
///

**H.  THE HOURLY RATE PLAINTIFFS' LAWYERS WOULD CHARGE OTHER CLIENTS IN NON-PLRA ACTIONS IS IRRELEVANT.**

RBG repeatedly emphasizes the market rates it would charge other clients in a case not arising under the PLRA. (See Mot. at 5, 8, 11.) This is a red herring. Although this lawsuit was filed before adoption of the PLRA, inmates' attorneys were placed

> on notice that their hourly rate had been adjusted . . . . After April 26, 1996, any expectation of compensation at the pre-PLRA rates was unreasonable. There is no manifest injustice in telling an attorney performing post-judgment monitoring services that, going forward, she will earn a lower hourly rate than she had earned in the past. If the attorney does not wish to perform services at this new, lower pay rate, she can choose not to work.

*Martin v. Hadix*, 527 U.S. 343, 360 (1999).

In this case, Plaintiffs' counsel chooses to perform post-judgment services in an action which falls within the scope of the PLRA. The amount Plaintiffs' counsel could seek to recover from a different set of clients or from a different defendant for time expended in a different case is not relevant and should not be considered by this Court.

**I.  PLAINTIFFS DO NOT HAVE CARTE BLANCHE.**

RBG declares that Plaintiffs are the prevailing party in the *Coleman* case and therefore are entitled to collect attorneys fees and costs. (See Mot. at 4.) However, Plaintiffs' success at trial twelve years ago does not equate to a circumstance where, no matter how much time and money is needlessly expended, and regardless of whether the effort benefits the *Coleman* class, any post-judgment fees and costs claimed in this action should be paid by the government. Such a circumstance would be untenable.

The purpose of the PLRA "was apparently to curtail frivolous prisoners' suits and to minimize the costs--which are borne by taxpayers--associated with those suits." *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999). In keeping with the purpose of the PLRA, the court should deny payment of the disputed fees to ensure taxpayers are not made to bear the cost of Plaintiffs' unsuccessful and as-yet undecided motions.

/ / /

/ / /

## III.

## CONCLUSION

For the foregoing reasons, the Court should deny all disputed fees and costs claimed in relation to RBG's denied motion to re-open discovery and seeking tour binders and the unsuccessful motion for a temporary restraining order to enjoin out-of-state transfers. With regard to the motion for appointment of a three-judge panel, the Court should deny with prejudice any fees or costs related to *Plata*; deny with prejudice two-thirds of the fees incurred in preparing a single motion filed in three cases on behalf of three different classes; and deny the remaining one-third of the fees and costs without prejudice to seeking such fees and costs following a decision on the appeal regarding appointment of the three-judge panel.

Dated: August 9, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General


/s/ Misha D. Igra


MISHA D. IGRA
Deputy Attorney General
Attorneys for Defendants

30308019.wpd
CF1997CS0003