# Exhibit 1

ORIGINAL



FILED
MAR 19 1996
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES GOMEZ, et al., <br><br> Defendants. | No. CIV S-90-0520 LKK JFM <br><br> STIPULATION AND ORDER FOR PERIODIC COLLECTION OF ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically. The parties by their undersigned counsel do stipulate and the Court having considered the matter hereby Orders as follows:

1. Plaintiffs' counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the Court's decision and order of

September 13, 1995. The statements will itemize the time spent, subject activity, applicable attorney and other personnel billing rates, and costs and expenses with sufficient particularity to allow the defendants and the Court to identify which efforts were or were not useful and necessary to ensure compliance with the court's order. The first quarterly statement of each year will identify the billing rates plaintiffs' counsel seeks for that year. Unless and until defendants dispute any of the fees or costs requested, the billing statements submitted by plaintiffs' counsel shall not include declarations or other supporting pleadings. Such declarations or other supporting pleadings shall be prepared only for and at the time of filing any Motion to Compel.

2. Upon receipt of plaintiffs' statement each quarter, defendants will have thirty days in which to respond with their objections and the bases therefore. As to disputed items, including the proposed billing rates in the first quarterly statement, plaintiffs' and defendants' counsel are required to meet and confer within thirty (30) days after defendants have notified plaintiffs of any disputed item(s). If the parties are able promptly to resolve any part or all of the fee disputes, counsel shall immediately prepare a stipulated order for payment of the fees not subject to defendants' objections. Both sides shall sign the Order and present it to the court for entry. Defendants shall have forty-five days from the entry of the Order to pay the undisputed fees. Interest on these fees and costs will run from the thirty-first day following defendants' receipt of plaintiffs' statement, accruing at the rate provided by 28 U.S.C. §1961.

Stip & Order for
Attys Fees & Costs                          2

3. If Defendants refuse to sign any Stipulated Payment Order, or unreasonably delay the process described in Paragraph 2, above, plaintiffs' counsel may submit directly to the Court an unstipulated form of Order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within five court days of receipt of the proposed Order and certification. Plaintiffs' counsel may reply within two court days after receipt of defendants' response, if any. The Court will rule on plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue plaintiffs' proposed Order or another appropriate Order unless defendants show a reasonable basis for disputing the fees and expenses plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by noticed motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

4. Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. If defendants opposed any billing rates plaintiffs' counsel will bring a motion to compel on this issue following the first quarterly statement of each year.

5. In the event that an unusually large number of hours or a significant issue is in dispute, plaintiffs may bring

1 | a quarterly motion to compel on those issues alone. Any such
2 | quarterly motion to compel will be filed no later than thirty (30)
3 | days after the parties have met and conferred on the quarterly
4 | statement at issue. Such motions will be briefed and heard on the
5 | usual schedule provided by the local rules.
6 |     6. Interest on any disputed amount, will accrue at the
7 | rate provided by 28 U.S.C. §1961 from the thirty-first (31st) day
8 | following defendants' receipt of the billing in which the items in
9 | question appear.
10 |     7. The standard of review to be applied to disputed
11 | billing items will be whether the services were useful and
12 | necessary to ensure compliance with the Decision and Order dated
13 | September 13, 1995.
14 |     8. So long as the plaintiffs' counsel submit quarterly
15 | billing statements to the defendants in a timely fashion in
16 | accordance with paragraph one of this Order, all compensation
17 | requested by the plaintiffs for monitoring compliance with the
18 | decision and order will be awarded, now and in the future, at the
19 | rates current at the time the billing statements are submitted to
20 | the defendants instead of at historic rates.

9. Defendants shall pay the full amounts ordered paid, with any legal interest owing, no later than forty five (45) days after the date each payment Order is entered by the Court. If payment is not voluntarily made by the 45th day, counsel for plaintiffs may obtain said amount by writ of execution upon state funds and/or other appropriate accounts by certification under penalty of perjury that voluntary payment has not been made.

We do so stipulate.

Dated: 2/29/96

Donald Specter
Counsel for Plaintiffs

Dated: 3/6/96

William Jenkins
Deputy Attorney General
Counsel for Defendants

IT IS SO ORDERED.

Dated: 3/19/96

Lawrence K. Karlton, Chief Judge
United States District Court