STEVEN S. KAUFHOLD (SBN 157195)
skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:   415-765-9500
Facsimile:   415-765-9501

Attorneys for Assembly Republican Intervenors:
California State Assemblymembers Todd Spitzer,
Chairman, Assembly Select Committee on Prison
Construction and Operations, Michael N. Villines,
Assembly Republican Leader, Anthony Adams, Greg
Aghazarian, Joes Anderson, John J. Benoit, Tom
Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore,
Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted
Gaines, Martin Garrick, Shirley Horton, Guy S. Houston,
Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa,
Bill Maze, Alan Nakanishi, Roger Niello, George A.
Plescia, Sharon Runner, Jim Silva, Cameron Smyth,
Audra Strickland, Van Tran and Mimi Walters

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>　　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　　Defendants. | Case No. CIV S-90-0520 LKK JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>　　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　　Defendants. | Case No. C 01-cv-1351 TEH<br>**THREE-JUDGE COURT** |
| CALIFORNIA ASSEMBLYMEMBERS TODD SPITZER, CHAIRMAN, ASSEMBLY SELECT COMMITTEE ON PRISON CONSTRUCTION AND OPERATIONS, MICHAEL N. VILLINES, ASSEMBLY REPUBLICAN LEADER, ANTHONY ADAMS, GREG AGHAZARIAN, JOES ANDERSON, JOHN J. BENOIT, TOM BERRYHILL, SAM BLAKESLEE, PAUL COOK, | **NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHAD A. STEGEMAN** |

| |
|---|
| CHUCK DEVORE, MICHAEL D. DUVALL, BILL EMMERSON, JEAN FULLER, TED GAINES, MARTIN GARRICK, SHIRLEY HORTON, GUY S. HOUSTON, BOB HUFF, KEVIN JEFFRIES, RICK KEENE, DOUG LA MALFA, BILL MAZE, ALAN NAKANISHI, ROGER NIELLO, GEORGE A. PLESCIA, SHARON RUNNER, JIM SILVA, CAMERON SMYTH, AUDRA STRICKLAND, VAN TRAN AND MIMI WALTERS |
| Assembly Republican Intervenors. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Pursuant to Rule 24 of the Federal Rules of Civil Procedure and The Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* ("PLRA"), California Assemblymembers Todd Spitzer, Chairman, Assembly Select Committee on Prison Construction and Operations, Michael N. Villines, Assembly Republican Leader, Anthony Adams, Greg Aghazarian, Joes Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore, Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted Gaines, Martin Garrick, Shirley Horton, Guy S. Houston, Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan Nakanishi, Roger Niello, George A. Plescia, Sharon Runner, Jim Silva, Cameron Smyth, Audra Strickland, Van Tran and Mimi Walters (collectively the "Assembly Republican Intervenors") hereby respectfully move this Three Judge Court for leave to intervene in the above-captioned matter in order to assert the defenses set forth in their proposed Intervention Pleading, attached as Exhibit A to the Declaration of Chad A. Stegeman. No hearing date has been set as counsel for the Assembly Republican Intervenors were instructed that the Motion would be decided on the papers. *See* Declaration of Chad A. Stegeman at ¶ 2. The motion should be granted because the Prison Litigation Reform Act, 18 U.S.C. § 3626, makes specific provision for legislators to intervene in a case such as this where a panel has been convened to discuss potential issuance of a prisoner release order. Furthermore, this Motion is timely because the panel was just convened, no party will be prejudiced by the intervention, and there has been no delay in seeking intervention.

NOTICE OF MOTION AND MOTION TO         1
INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;
AND DECLARATION OF CHAD A. STEGEMAN                    CIV S-90-0520 LKK JFM P, C 01-1351 TEH

1  This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities
2  and the Declaration of Chad Stegeman in support thereof, the documents and records on file with the
3  Court, and any other matter that the Court deems proper.

4  Dated: August 13, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP

            By        /s/ Steven S. Kaufhold
                        Steve S. Kaufhold
                        Chad A. Stegeman
            Attorneys for Assembly Republican Intervenors

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and The Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* ("PLRA"), California Assemblymembers Todd Spitzer, Chairman, Assembly Select Committee on Prison Construction and Operations, Michael N. Villines, Assembly Republican Leader, Anthony Adams, Greg Aghazarian, Joes Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore, Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted Gaines, Martin Garrick, Shirley Horton, Guy S. Houston, Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan Nakanishi, Roger Niello, George A. Plescia, Sharon Runner, Jim Silva, Cameron Smyth, Audra Strickland, Van Tran and Mimi Walters (collectively the "Assembly Republican Intervenors") hereby respectfully move this Court for leave to intervene in the above-captioned matter in order to assert the defenses set forth in their proposed Intervention Pleading, attached as Exhibit A to the Declaration of Chad A. Stegeman.

## BACKGROUND

On July 23, 2007, Judge Thelton Henderson of the United States District Court for the Northern District of California, and Judge Lawrence Karlton of the United States District Court for the Eastern District of California, issued orders pursuant to the PLRA to convene a three-judge judicial panel to consider issuing prisoner release orders in *Marciano Plata, et al. v. Arnold Schwarzenegger, et. al.,* Case No. C01-1351 TEH (N.D.C.A.), and *Ralph Coleman, et al. v. Arnold Schwarzenegger, et. al.,* Case No. S-90-0520 LKK JFM (E.D.C.A.), respectively. For convenience and judicial economy, the same panel will preside over both cases, both of which require the evaluation of overcrowding in California's prisons. The Chief Judge of the Ninth Circuit Court of Appeals, Mary Schroeder, subsequently appointed Judge Henderson, Judge Karlton and Ninth Circuit Judge Stephen Reinhardt to the panel (the "Three Judge Court").

Before the creation of the Three Judge Court, the California legislature enacted Assembly Bill 900 ("AB 900"), which was intended to reduce the prison crowding that has prompted the *Plata* and *Coleman* actions and to address Governor Schwartzenegger's October 4, 2006 declaration of emergency regarding overcrowding in California prisons. Specifically, AB 900, entitled the "Public Safety and Offender Rehabilitation Services Act of 2007" authorized the Department of Corrections

and Rehabilitation to construct new and renovate old prison housing units in an effort to add tens of thousands of new beds, improve medical, dental and mental health facilities and to guarantee higher hygienic standards in existing facilities improving the overall health of present and future inmates and appropriates approximately $7.7 billion to accomplish these goals.

Counsel for the Assembly Republican Intervenors sought to ascertain whether the parties would oppose this Motion to Intervene. The Attorney General's office did not intend to file an opposition. However, at the time of filing this brief, counsel for the Plaintiffs had not indicated whether they would oppose the intervention. See Declaration of Chad A. Stegeman at ¶ 1.

## LEGAL DISCUSSION

### A. Legal Standard for Intervention

Federal Rule of Civil Procedure 24 governs intervention in the federal courts. Specifically, Rule 24(a) provides: "Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene...."

Should a party meet the criteria established by Rule 24(a)(1), intervention is "absolute and unconditional." *See Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co., et. al.*, 331 U.S. 519, 531, 67 S.Ct. 1387, 1393 (1947). Rule 24(a)(1) "statutory intervenors" need not show inadequacy of representation or that their interests may be impaired if not allowed to intervene. *Cf.* Fed.R.Civ.P. 24(a)(2) (absent statutory grant, intervention as of right requires showing of timeliness, interest in the subject matter of the transaction, threat that interest may be impaired if not permitted to intervene, and inadequacy of representation by existing parties). Under Rule 24(a)(1), "[o]nce it is clear that [the statute applies], there is no room for the operation of a court's discretion." *See Brotherhood of Railroad Trainmen*, 331 U.S. at 531, 67 S.Ct. at 1393.

### B. The PLRA Confers an Unconditional Right for the Assembly Republican Intervenors

The PLRA expressly provides for standing for certain officials and units of government. Specifically, 18 U.S.C. § 3626(a)(3)(F) provides:

>Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

The PLRA grants individual legislators the right to intervene in prison litigation as a legislators' "jurisdiction or function" includes "appropriation of funds for the construction, operation, or maintenance of prison facilities" within meaning of PLRA. *See, e.g., Ruiz v. Estelle*, 161 F.3d 814, 821 (5th Cir. 1998) ("Beyond doubt, the November 1997 amendment to the PLRA grants an unconditional right to intervene to individual legislators."). Individual legislators have the right "to oppose the imposition or continuation in effect of [a prison release order] and to seek termination of such relief." 18 U.S.C. § 3626(a)(3)(F).

The responsibilities and duties of the Assembly Republican Intervenors include "appropriation of funds for the construction, operation, or maintenance of prison facilities." *See* Intervention Pleading at ¶ 3. Furthermore, Judge Henderson's and Judge Karlton's July 23, 2007 Orders make it clear that the Three Judge Court will specifically address whether to issue "prisoner release orders" as that term is defined by the PLRA. Accordingly, this is exactly the situation for which the PLRA creates an unconditional right for the Assembly Republican Intervenors to participate in this action.

### C. The Motion of the Assembly Republican Intervenors is Timely

The final requirement for intervention under Rule 24(a) is that such application be timely made. *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997). Timeliness is evaluated based on a three factor test: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.*

(quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)).[1] Each of the three factors, as well as the language of the PLRA, supports a finding of timeliness here.

First, the Assembly Republican Intervenors seek to intervene at the outset of consideration by the Three Judge Court of a prison release order and, indeed, within days of Judge Schroeder's Order appointing the Three Judge Court. Intervention at this time will permit to Three Judge Court to have the benefit of the evidence and arguments of the Assembly Republican Intervenors during its consideration of what relief, if any, to order in this action.

Second, no party will be prejudiced by this intervention. The Assembly Republican Intervenors do not seek to relitigate issues, rather, they seek participation in the proceedings before the Three Judge Court created by the Courts' July 23, 2007 Orders, which will involve consideration by the Three Judge Court of issues of profound importance to the people of California.[2]

Third, there has been no delay by the Assembly Republican Intervenors in the filing of this motion which has been submitted within days of formation of Three Judge Court. Moreover, under the express terms of the PLRA, this motion would be timely even if filed after the Three Judge Court had already considered and ordered a form of relief because Congress specifically granted standing for legislators not only to "oppose imposition" of such prison release orders, but also standing to ". . . seek termination of such relief. . . ." 18 U.S.C. § 3626(a)(2)(F).

Finally, even if there were some issue regarding the timeliness of this intervention (and there is not), the matters before the newly-created Three Judge Court raise "matters of broad social significance," which, under the circumstances, militate in favor of a finding of timeliness. *See Doe v.*

---

[1] The requirements of Rule 24, including "timeliness," are to be construed broadly in favor of the party seeking intervention. *See Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Furthermore, courts are more lenient in applying the timeliness requirement where intervention is sought as a matter "of right," than where it is merely "permissive." *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230, fn. 2 (1st Cir. 1992).

[2] Courts do not consider "whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995); *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999); *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996).

1  *Duncanville Ind. School Dist.*, 994 F.2d 160, 168 (5th Cir. 1993); *Banco Popular de Puerto Rico v.*
2  *Greenblatt*, 964 F.2d 1227, 1233 (1st Cir. 1992). This fact also weighs in favor of permitting the
3  requested intervention.

### CONCLUSION

For all of these reasons, the Assembly Republican Intervenors respectfully request that this Motion to Intervene be granted.

Dated: August 13, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP


                                          By  /s/ Steven S. Kaufhold
                                              Steve S. Kaufhold
                                              Chad A. Stegeman
                                          Attorneys for Assembly Republican Intervenors

## DECLARATION OF CHAD STEGEMAN

I am a member in good standing of the California State Bar, and an associate of the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys for California State Assemblymembers Anthony Adams, Greg Aghazarian, Joes Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore, Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted Gaines, Martin Garrick, Shirley Horton, Guy S. Houston, Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan Nakanishi, Roger Niello, George A. Plescia, Sharon Runner, Jim Silva, Cameron Smyth, Todd Spitzer, Audra Strickland, Van Tran, Michael N. Villines, and Mimi Walters (collectively the "Assembly Republican Intervenors"). I am admitted to practice in the United States District Court for the Northern District of California. I make this declaration in support of the Assembly Republican Intervenors' Motion to Intervene. I have personal knowledge of the facts set forth herein, and if called upon to do so, could and would testify competently thereto.

1. Before 10:00 a.m. on August 13, 2007, I contacted Plaintiffs' counsel Steven Fama at the Prison Law Office to discuss whether Plaintiffs would oppose this Motion to Intervene. At the time of filing this motion I had not received any communication back from the Prison Law Office. I also spoke with Frances Grunder, Senior Assistant Attorney General, Correctional Law Section, who indicated that the Attorney General's office did not plan to file an opposition to the Motion to Intervene.

2. On August 13, 2007, I contacted Rowina Espinoza, clerk to the Honorable Thelton Henderson, who indicated that a hearing date would not be necessary as the Motion to Intervene would be decided on the submissions by the parties. I also contacted Ana Rivas in the Honorable Lawrence Karlton's Chambers on the same date, who instructed me to follow the same procedure.

3. Pursuant to Federal Rule of Civil Procedure 24(c), I have attached as Exhibit A the Intervention Pleading that the Assembly Republican Intervenors intend to file in this matter.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

August 13, 2007         /s/Chad A. Stegeman
                        Chad A. Stegeman

1  I, Steven S. Kaufhold am the ECF user whose ID and password are being used to file this Declaration
2  of Chad A. Stegeman. In compliance with General Order 45, X.B., I hereby attest that Chad A.
3  Stegeman has concurred in this filing.

DATED August 13, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP

                                         By:    s/Steven S. Kaufhold
                                         Attorneys for Intervenors

NOTICE OF MOTION AND MOTION TO                    9
INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;
AND DECLARATION OF CHAD A. STEGEMAN          CIV S-90-0520 LKK JFM P, C 01-1351 TEH