# EXHIBIT A

STEVEN S. KAUFHOLD (SBN 157195)
skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
Akin Gump Strauss Hauer & Feld LLP
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:    415-765-9501

Attorneys for Assembly Republican Intervenors:
California Assemblymembers Todd Spitzer, Chairman, Assembly Select Committee on Prison Construction and Operations, Michael N. Villines, Assembly Republican Leader, Anthony Adams, Greg Aghazarian, Joel Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore, Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted Gaines, Martin Garrick, Shirley Horton, Guy S. Houston, Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan Nakanishi, Roger Niello, George A. Plescia, Sharon Runner, Jim Silva, Cameron Smyth, Audra Strickland, Van Tran and Mimi Walters

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. C 01-1351 TEH<br><br>**INTERVENTION PLEADING** |
| CALIFORNIA STATE ASSEMBLYMEMBERS TODD SPITZER, CHAIRMAN, ASSEMBLY SELECT COMMITTEE ON PRISON CONSTRUCTION AND OPERATIONS, MICHAEL N. VILLINES, ASSEMBLY REPUBLICAN LEADER, ANTHONY ADAMS, GREG AGHAZARIAN, JOES ANDERSON, JOHN J. BENOIT, TOM BERRYHILL, SAM BLAKESLEE, PAUL COOK, CHUCK DEVORE, MICHAEL D. DUVALL, BILL EMMERSON, JEAN FULLER, TED GAINES, MARTIN GARRICK, SHIRLEY HORTON, GUY S. | |

HOUSTON, BOB HUFF, KEVIN JEFFRIES, RICK KEENE, DOUG LA MALFA, BILL MAZE, ALAN NAKANISHI, ROGER NIELLO, GEORGE A. PLESCIA, SHARON RUNNER, JIM SILVA, CAMERON SMYTH, AUDRA STRICKLAND, VAN TRAN AND MIMI WALTERS

Intervenors.

For their Intervention Pleading, Intervenors California Assemblymembers Todd Spitzer, Chairman, Assembly Select Committee on Prison Construction and Operations, Michael N. Villines, Assembly Republican Leader, Anthony Adams, Greg Aghazarian, Joel Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore, Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted Gaines, Martin Garrick, Shirley Horton, Guy S. Houston, Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan Nakanishi, Roger Niello, George A. Plescia, Sharon Runner, Jim Silva, Cameron Smyth, Audra Strickland, Van Tran, and Mimi Walters (collectively the "Assembly Republican Intervenors") hereby allege as follows:

## ASSEMBLY REPUBLICAN INTERVENORS

1. The Assembly Republican Intervenors are all duly-elected members of the California Assembly, located at the State Capitol, Sacramento, California, 94249, and they collectively represent millions of California citizens as constituents.

2. The Prison Litigation Reform Act, 18 U.S.C. §§ 3626 *et seq.*, specifically provides that "Any State or local official including a legislator or unit of the government whose jurisdiction or function includes the appropriation of funds for the construction, operation or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or

continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief."

3. The jurisdiction and function of the Assembly Republican Intervenors includes consideration of the appropriation of funds for the construction, operation or maintenance of prison facilities.

4. Indeed, the California Assembly, of which each of the Assembly Republican Intervenors is a member, enacted the Public Safety and Offender Rehabilitation Services Act of 2007 ("AB 900") on April 26, 2007 and it was signed into law on May 2, 2007. AB 900 represents a comprehensive, bi-partisan effort to fund and improve the state prison system in California and provides in excess of $7 billion in funding to achieve that goal.

## JURISDICTION AND VENUE

5. The Assembly Republican Intervenors' defenses in this Intervention Pleading arise out of the same transaction or occurrence that is the subject matter of the claims at issue in this action and, specifically, out of the Prison Litigation Reform Act, 18 U.S.C. §§ 3626 *et seq.* This Court has jurisdiction over the claims in this action as well as the Assembly Republican Intervenors' defenses pursuant to 28 U.S.C. §§1331.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## GENERAL ALLEGATIONS

7. On or about July 23, 2007, the Court issued its Order granting Plaintiffs motion to convene a three-judge court pursuant to 18 U.S.C. §§ 3626(a)(3)(A). The Court specifically held that "Accordingly, and because this Court finds that the conditions specified in 18 U.S.C. § 3626(a)(3)(A) have been satisfied, IT IS HEREBY ORDERED that Plaintiffs' motion to convene a three-judge court to consider a prisoner release order is GRANTED."

8. In that Order, the Court specifically acknowledged the enactment of AB 900 and stated that ". . . a prisoner release order would, indeed, be a radical step, particularly given the size of California's prison system."

9. The Assembly Republican Intervenors agree that the imposition of a prisoner release order would be a radical step and intervene in this action to oppose the imposition of any such order at this time.

10. Federal Rule of Civil Procedure 24(c) requires that an intervening party, such as the Assembly Republican Intervenors herein, provide a "pleading setting forth the claim or defense for which intervention is sought." Accordingly, the Assembly Republican Intervenors plead the following defenses pursuant to the Prison Litigation Reform Act, 18 U.S.C. §3626, *et seq.*

## DEFENSES

### (Prison Litigation Reform Act)

11. These defenses arise under the Prison Litigation Reform Act, particularly 18 U.S.C. §3626, *et seq.* Specifically, prison release orders are only permitted under very limited circumstances where it is demonstrated – by clear and convincing evidence – that (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right.

12. No showing has been made in this action sufficient to justify the imposition of a prisoner release order under the Prison Litigation Reform Act. On the contrary, a prisoner release order poses significant risk to public safety in California.

13. Moreover, the Assembly Republican Intervenors reserve their right to make an affirmative showing that other relief, short of a prisoner release order, exists which could remedy the current conditions specified by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Assembly Republican Intervenors respectfully request that the Court:

1  A.  Enter no prisoner release order until AB 900 has been fully implemented and its efficacy can be fully and fairly assessed;

B.  Enter no prisoner release order absent a sufficient evidentiary showing under the Prison Litigation Reform Act that such order is narrowly drawn, extends no further than necessary to correct a violation of a Federal right and is the least intrusive means necessary to correct any such violation;

C.  Enter no prisoner release order absent a showing – by clear and convincing evidence – that (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right;

D.  Enter no prisoner release order at this time in light of the adverse impact such order would have on public safety in California; and

E.  Grant such further relief as the Court deems just and proper.

Dated: _____

AKIN GUMP STRAUSS HAUER & FELD LLP
Steven S. Kaufhold
Chad A. Stegeman

By_____
Steven S. Kaufhold
Attorneys for Assembly Republican Intervenors

INTERVENTION PLEADING                              4                                          C 01-1351 TEH
490017.0011 WEST 6124615 v1