1   JONES & MAYER
    Martin J. Mayer (SB # 73890)
2   Michael R. Capizzi (SB # 35864)
    Kimberly Hall Barlow (SB # 149902)
3   Elizabeth R. Feffer (SB # 166001)
    3777 North Harbor Boulevard
4   Fullerton, California 92835
    (714) 446-1400; Fax (714) 446-1448
5   e-mail: mjm@jones-mayer.com
    e-mail: mrc@jones-mayer.com
6   e-mail: khb@jones-mayer.com
    e-mail: erf@jones-mayer.com
7
    Attorneys for Intervenor-Defendants
8   SAN DIEGO COUNTY SHERIFF WILLIAM B.
    KOLENDER, ORANGE COUNTY SHERIFF-
9   CORONER MICHAEL S. CARONA; PLACER
    COUNTY SHERIFF EDWARD N. BONNER;
10  BUTTE COUNTY SHERIFF-CORONER PERRY
    L. RENIFF; CALAVERAS COUNTY SHERIFF
11  DENNIS DOWNUM; LOS ANGELES COUNTY
    SHERIFF LEE BACA; SANTA CLARA COUNTY
12  SHERIFF LAURIE SMITH; SAN BENITO COUNTY
    SHERIFF CURTIS HILL; STANISLAUS COUNTY
13  SHERIFF ADAM CHRISTIANSON; MENDOCINO
    COUNTY SHERIFF TOM ALLMAN; TEHAMA
14  COUNTY SHERIFF CLAY PARKER; LASSEN
    COUNTY SHERIFF STEVE WARREN; YOLO
15  COUNTY SHERIFF ED PRIETO; SANTA BARBARA
    COUNTY SHERIFF BILL BROWN; KERN COUNTY
16  SHERIFF DONNY YOUNGBLOOD; SAN MATEO
    COUNTY SHERIFF GREG MUNKS; YUBA COUNTY
17  SHERIFF STEVE DURFOR; CONTRA COSTA COUNTY
    SHERIFF WARREN RUPF; SHASTA COUNTY
18  SHERIFF TOM BOSENKO; AND STANISLAUS
    COUNTY CHIEF PROBATION OFFICER JERRY POWERS;
19  BOB G. DOYLE, SHERIFF- RIVERSIDE COUNTY;
    BOB BROOKS, SHERIFF- VENTURA COUNTY;
20  GARY R. STANTON, SHERIFF- SOLANO COUNTY

21              IN THE UNITED STATES DISTRICT COURTS

22          FOR THE EASTERN DISTRICT OF CALIFORNIA

23          AND THE NORTHERN DISTRICT OF CALIFORNIA

24   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

25       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

26

27   RALPH COLEMAN, et al.,              Case No: CIV S-90-0520 LKK JFM P

28
                                    -1-

1            Plaintiffs,

2         vs.

3 ARNOLD SCHWARZENEGGER, et al.,

4

5         Defendants.

6

7

8 MARCIANO PLATA, et al.,

9         Plaintiffs,

10         vs.

11 ARNOLD SCHWARZENEGGER, et al.,

12         Defendants.

**THREE-JUDGE COURT**

[F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

INTERVENTION PLEADING ATTACHED HERETO

Case No.: C01-1351 THE

**THREE-JUDGE COURT**

13 TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

14     PLEASE TAKE NOTICE that pursuant to Rule 24 of the Federal Rules of Civil

15 Procedure, and the Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq*., San Diego

16 County Sheriff William B. Kolender, Orange County Sheriff-Coroner Michael S. Carona,

17 Placer County Sheriff Edward N. Bonner, Butte County Sheriff-Coroner Perry L. Reniff,

18 Calaveras County Sheriff Dennis Downum, Los Angeles County Sheriff Lee Baca, Santa

19 Clara County Sheriff Laurie Smith; San Benito County Sheriff Curtis Hill, Stanislaus

20 County Sheriff Adam Christianson; Mendocino County Sheriff Tom Allman; Tehama

21 County Sheriff Clay Parker; Lassen County Sheriff Steve Warren; Yolo County Sheriff

22 Ed Prieto; Santa Barbara County Sheriff Bill Brown; Kern County Sheriff Donny

23 Youngblood; San Mateo County Sheriff Greg Munks; Yuba County Sheriff Steve Durfor;

24 Contra Costa County Sheriff Warren Rupf; Shasta County Sheriff Tom Bosenko; and

25 Stanislaus County Chief Probation Officer Jerry Powers; Bob G. Doyle, Sheriff of

26 Riverside County; Bob Brooks, Sheriff of Ventura County; Gary R. Stanton, Sheriff of

27 Solano County (hereinafter "Sheriff and Probation Intervenors" or "Intervenors") hereby

28

1  respectfully move this Three Judge Court for leave to intervene in the above-captioned

2  matter, as defendants, in order to assert the defenses set forth in their proposed

3  Intervention Pleading, attached hereto as Exhibit A.

4      No hearing date has been set, as counsel for proposed Sheriff and Probation

5  Intervenors were instructed to file the Motion without a hearing date, as this matter is

6  pending before a Three Judge Court in two different Districts.

7      The proposed Sheriff and Probation Intervenors respectfully submit that their

8  motion should be granted, because the Prison Litigation Reform Act, 18 U.S.C. §

9  3626(a)(3)(f), makes specific provision for sheriffs and chief probation officers (i.e. those

10  who operate or maintain a "prison" facility, as defined in Section 3626(g)(5), or maintain

11  custody of persons who may be released from, or not admitted to, a prison as a result of a

12  prisoner release order) to intervene in a case such as this, where a panel has been

13  convened to discuss potential issuance of a prisoner release order.

14      Furthermore, this Motion is timely because the panel was just convened, no party

15  will be prejudiced by this intervention, and there has been no delay in seeking

16  intervention.

17      This Motion is based upon this Notice of Motion, the Memorandum of Points and

18  Authorities attached hereto in support thereof, the proposed Intervention Pleading

19  attached hereto as Exhibit A, the documents and records on file with the Court, and any

20  other matter that the Court deems proper.

21

22                                    Respectfully submitted,

23
   DATED:    August 14, 2007            JONES & MAYER
24

25                                    By
26                                       MARTIN J. MAYER
                                         Attorneys for Intervenor-Defendants
27                                       SAN DIEGO COUNTY SHERIFF
                                         WILLIAM B. KOLENDER, ORANGE
28                                       COUNTY SHERIFF-CORONER

MICHAEL S. CARONA; PLACER
COUNTY SHERIFF EDWARD N.
BONNER; BUTTE COUNTY SHERIFF-
CORONER PERRY L. RENIFF;
CALAVERAS COUNTY SHERIFF
DENNIS DOWNUM; LOS ANGELES
COUNTY SHERIFF LEE BACA;
SANTA CLARA COUNTY SHERIFF
LAURIE SMITH; SAN BENITO
COUNTY SHERIFF CURTIS HILL;
STANISLAUS COUNTY
SHERIFF ADAM CHRISTIANSON;
MENDOCINO COUNTY SHERIFF TOM
ALLMAN; TEHAMA COUNTY
SHERIFF CLAY PARKER; LASSEN
COUNTY SHERIFF STEVE WARREN;
YOLO COUNTY SHERIFF ED PRIETO;
SANTA BARBARA COUNTY SHERIFF
BILL BROWN; KERN COUNTY
SHERIFF DONNY YOUNGBLOOD;
SAN MATEO COUNTY SHERIFF
GREG MUNKS; YUBA COUNTY
SHERIFF STEVE DURFOR; CONTRA
COSTA COUNTY SHERIFF WARREN
RUPF; SHASTA COUNTY SHERIFF
TOM BOSENKO; AND STANISLAUS
COUNTY CHIEF PROBATION
OFFICER JERRY POWERS;
 BOB G. DOYLE, SHERIFF-
RIVERSIDE COUNTY;BOB BROOKS,
SHERIFF- VENTURA COUNTY;
 GARY R. STANTON, SHERIFF-
SOLANO COUNTY

DATED:    August 14, 2007        JONES & MAYER

                                 By: _____
                                     MICHAEL R. CAPIZZI

                                 By: _____
                                     KIMBERLY HALL BARLOW
                                     Attorneys for Sheriff and Probation
                                     Intervenor-Defendants

-4-

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act (18 U.S.C. §§ 3626 *et seq.*) [hereinafter "PLRA"], San Diego County Sheriff William B. Kolender, Orange County Sheriff-Coroner Michael S. Carona, Placer County Sheriff Edward N. Bonner, Butte County Sheriff-Coroner Perry L. Reniff, Calaveras County Sheriff Dennis Downum, Los Angeles County Sheriff Lee Baca, Santa Clara County Sheriff Laurie Smith, San Benito County Sheriff Curtis Hill, Stanislaus County Sheriff Adam Christianson, Mendocino County Sheriff Tom Allman, Tehama County Sheriff Clay Parker, Lassen County Sheriff Steve Warren, Yolo County Sheriff Ed Prieto, Santa Barbara County Sheriff Bill Brown, Kern County Sheriff Donny Youngblood, San Mateo County Sheriff Greg Munks, Yuba County Sheriff Steve Durfor, Contra Costa County Sheriff Warren Rupf, Shasta County Sheriff Tom Bosenko, and Stanislaus County Chief Probation Officer Jerry Powers, Bob G. Doyle- Sheriff of Riverside County, Bob Brooks, Sheriff of Ventura County, Gary R. Stanton, Sheriff of Solano County (collectively the "Sheriff and Probation Intervenors" or "Intervenors") hereby respectfully move this Court for leave to intervene in the above-captioned matter in order to assert the defenses set forth in their proposed Intervention Pleading, attached hereto as Exhibit A.

## I.    BACKGROUND

This matter consists of two class action lawsuits which have been brought pursuant to the Prison Litigation Reform Act (18 U.S.C. §§ 3626 *et seq.*), *Coleman v. Schwarzenegger* (E.D. Ca., S-90-0520-LKK-JFM-P) and *Plata v. Schwarzenegger*, (N.D. Cal., C-01-1351-THE), and which were ordered consolidated. On July 23, 2007, Judge Thelton Henderson of the United States District Court, Northern District of California, and Judge Lawrence Karlton of the United States District Court, Eastern District of California, issued orders pursuant to the PLRA to convene a three-judge judicial panel to consider issuing prisoner release orders in the above-referenced matters. Intervenors believe that, for convenience and judicial economy, the same panel will preside over both

1   cases, both of which require the evaluation of alleged overcrowding in California's

2   prisons. The Chief Judge of the Ninth Circuit Court of Appeals, Mary Schroeder,

3   subsequently appointed Judge Henderson, Judge Karlton and Ninth Circuit Judge

4   Stephen Reinhardt to the Three Judge Court panel.

5        Proposed Intervenors San Diego County Sheriff William B. Kolender, Orange

6   County Sheriff-Coroner Michael S. Carona, Placer County Sheriff Edward N. Bonner,

7   Butte County Sheriff-Coroner Perry L. Reniff, Calaveras County Sheriff Dennis

8   Downum, Los Angeles County Sheriff Lee Baca, Santa Clara County Sheriff Laurie

9   Smith, San Benito County Sheriff Curtis Hill, Stanislaus County Sheriff Adam

10  Christianson, Mendocino County Sheriff Tom Allman, Tehama County Sheriff Clay

11  Parker, Lassen County Sheriff Steve Warren, Yolo County Sheriff Ed Prieto, Santa

12  Barbara County Sheriff Bill Brown, Kern County Sheriff Donny Youngblood, San Mateo

13  County Sheriff Greg Munks, Yuba County Sheriff Steve Durfor, Contra Costa County

14  Sheriff Warren Rupf, Shasta County Sheriff Tom Bosenko are the elected Sheriff of their

15  respective Counties.  The Sheriff Intervenors operate and/or maintain a "prison" within

16  the meaning of 18 U.S.C. § 3626(a)(3)(F) (hereinafter "Prison"), and/or have custody of

17  persons who may be released from, or not admitted to, a prison as a result of a prisoner

18  release order.  The Sheriff Intervenors named above have standing to seek intervention

19  pursuant to 18 U.S.C. § 3626 (a)(3)(F).

20       Proposed Intervenor Jerry Powers is the appointed Chief Probation Officer for

21  Stanislaus County.  Chief Probation Officer Powers operates and/or maintains a Prison.

22  Chief Probation Officer Powers has standing to seek intervention pursuant to 18 U.S.C. §

23  3626 (a)(3)(F).

24  **II.     THE SHERIFF AND PROBATION INTERVENORS MAY INTERVENE**

25  **AS OF RIGHT, PURSUANT TO FEDERAL STATUTE**

26       Federal Rule of Civil Procedure 24 governs intervention in the federal courts.

27  Specifically, Rule 24(a) provides: "Intervention of Right.  Upon timely application

28  anyone shall be permitted to intervene in an action: (1) when a statute of the United

1    States confers an unconditional right to intervene...."

2        Should a party meet the criteria established by Rule 24(a)(1), intervention is

3    "absolute and unconditional." (*See Brotherhood of Railroad Trainmen v. Baltimore &*

4    *O.R. Co., et. al.,* 331 U.S. 519, 531, 67 S.Ct. 1387, 1393 (1947).) Rule 24(a)(1)

5    "statutory intervenors" need not show inadequacy of representation or that their interests

6    may be impaired if not allowed to intervene. (*Cf.* Fed.R.Civ.P. 24(a)(2) [absent statutory

7    grant, intervention as of right requires showing of timeliness, interest in the subject

8    matter of the transaction, threat that interest may be impaired if not permitted to

9    intervene, and inadequacy of representation by existing parties].) Under Rule 24(a)(1),

10   "[o]nce it is clear that [the statute applies], there is no room for the operation of a court's

11   discretion." (*See Brotherhood of Railroad Trainmen, supra,* 331 U.S. at 531, 67 S.Ct. at

12   1393.)

13       Here, the Sheriff and Probation Intervenors submit that the PLRA confers an

14   unconditional right for them to intervene in this case, as the PLRA expressly provides for

15   standing for certain officials and units of government. Specifically, 18 U.S.C.

16   § 3626(a)(3)(F) provides:

17           Any State or local official including a legislator or unit of government

18           whose jurisdiction or function includes the appropriation of funds for the

19           construction, operation, or maintenance of prison facilities, or the

20           prosecution or custody of persons who may be released from, or not

21           admitted to, a prison as a result of a prisoner release order shall have

22           standing to oppose the imposition or continuation in effect of such relief

23           and to seek termination of such relief, and shall have the right to intervene

24           in any proceeding relating to such relief.

25       18 U.S.C. § 3626(g)(5) defines "prison" as any "Federal, State, or local facility

26   that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or

27   adjudicated delinquent for, violations of criminal law." Therefore, for example, a County

28   Jail, Juvenile Hall, or court lockup facility is a "prison" within the meaning of the PLRA.

1    Here, the responsibilities and duties of the Sheriff and Probation Intervenors

2    includes the operation and/or maintenance of facilities that are "prisons" within the

3    meaning of 18 U.S.C. § 3626(g)(5). Their responsibilities and duties also include

4    maintaining custody of persons who may be released from, or not admitted to, a prison as

5    a result of a prisoner release order.  As such, County Sheriffs and Chief Probation

6    Officers have standing to intervene pursuant to Section 3626(a)(3)(f).

7    Judge Henderson's and Judge Karlton's July 23, 2007 Orders make it clear that the

8    Three Judge Court will specifically address whether to issue "prisoner release orders" as

9    that term is defined by the PLRA.  Accordingly, this is exactly the situation for which the

10    PLRA creates an unconditional right for the Sheriff and Probation Intervenors to

11    participate in this action.

12    **III.    THE MOTION TO INTERVENE BY THE SHERIFF AND PROBATION**

13    **INTERVENORS IS TIMELY**

14    The final requirement for intervention under Rule 24(a) is that such application be

15    timely made.  *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302

16    (9th Cir. 1997).  Timeliness is evaluated based on a three factor test: "( 1) the stage of the

17    proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and

18    (3) the reason for and length of the delay." (*Id.,* quoting *County of Orange v. Air*

19    *California,* 799 F.2d 535, 537 (9th Cir. 1986).[1]) Each of the three factors, as well as the

20    language of the PLRA, supports a finding of timeliness here.

21    First, the Sheriff and Probation Intervenors seek to intervene at the outset of

22    consideration by the Three Judge Court of a prison release order and, indeed, within days

23    of Judge Schroeder's Order appointing the Three Judge Court.  Intervention at this time

24

---

25    [1] The requirements of Rule 24, including "timeliness," are to be construed broadly in
favor of the party seeking intervention. *See Westlands Water Dist. v. United States,* 700

26    F.2d 561, 563 (9th Cir. 1983); *United States v. Union Elec. Co.,* 64 F.3d 1152, 1158 (8th
Cir. 1995).  Furthermore, courts are more lenient in applying the timeliness requirement

27    where intervention is sought as a matter "of right," than where it is merely "permissive."
*See United States v. Oregon,* 745 F.2d 550, 552 (9th Cir. 1984); *Banco Popular de Puerto*

28    *Rico v. Greenblatt,* 964 F.2d 1227, 1230, fn. 2 (1st Cir. 1992).

-4-

1   will permit to Three Judge Court to have the benefit of the evidence and arguments of the

2   Sheriff and Probation Intervenors during its consideration of what relief, if any, to order

3   in this action.

4          Second, no party will be prejudiced by this intervention. The Sheriff and

5   Probation Intervenors do not seek to relitigate issues. Rather, they seek participation in

6   the proceedings before the Three Judge Court created by the Courts' July 23, 2007

7   Orders, which will involve consideration by the Three Judge Court of issues of profound

8   importance to the people of California.[2]

9          Third, there has been no delay by the Sheriff and Probation Intervenors in the

10  filing of this motion which has been submitted within days of formation of Three Judge

11  Court. Moreover, under the express terms of the PLRA, this motion would be timely

12  even if filed after the Three Judge Court had already considered and ordered a form of

13  relief because Congress specifically granted standing for sheriffs and chief probation

14  officers (i.e. those who maintain custody over individuals) not only to "oppose

15  imposition" of such prison release orders, but also standing to ". . . seek termination of

16  such relief. . . ." 18 U.S.C. § 3626(a)(2)(F).

17         Finally, even if there were some issue regarding the timeliness of this intervention

18  (and there is not), the matters before the newly-created Three Judge Court raise "matters

19  of broad social significance," which, under the circumstances, militate in favor of a

20  finding of timeliness. (*See Doe v. Duncanville Ind. School Dist.*, 994 F.2d 160, 168 (5th

21  Cir. 1993); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1233 (1st Cir.

22  1992).) This fact also weighs in favor of permitting the requested intervention.

23  **IV.    CONCLUSION**

24         For all of these reasons, the Sheriff and Probation Intervenors respectfully request

25  that this Motion to Intervene be granted.

26

27  _____
    [2] Courts do not consider "whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *United States v. Union Elec. Co.*, 64 F.3d 1152,
28  1159 (8th Cir. 1995); *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999); *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996).

1

2

3    DATED:    August 14, 2007

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    //

26

27

28

Respectfully submitted,

JONES & MAYER

By: _Martin J. Mayer_
   MARTIN J. MAYER
   Attorneys for Sheriff and Probation
   Intervenor-Defendants
   SAN DIEGO COUNTY SHERIFF
   WILLIAM B. KOLENDER, ORANGE
   COUNTY SHERIFF-CORONER
   MICHAEL S. CARONA; PLACER
   COUNTY SHERIFF EDWARD N.
   BONNER; BUTTE COUNTY SHERIFF-
   CORONER PERRY L. RENIFF;
   CALAVERAS COUNTY SHERIFF
   DENNIS DOWNUM; LOS ANGELES
   COUNTY SHERIFF LEE BACA;
   SANTA CLARA COUNTY SHERIFF
   LAURIE SMITH; SAN BENITO
   COUNTY SHERIFF CURTIS HILL;
   STANISLAUS COUNTY
   SHERIFF ADAM CHRISTIANSON;
   MENDOCINO COUNTY SHERIFF TOM
   ALLMAN; TEHAMA COUNTY
   SHERIFF CLAY PARKER; LASSEN
   COUNTY SHERIFF STEVE WARREN;
   YOLO COUNTY SHERIFF ED PRIETO;
   SANTA BARBARA COUNTY SHERIFF
   BILL BROWN; KERN COUNTY
   SHERIFF DONNY YOUNGBLOOD;
   SAN MATEO COUNTY SHERIFF
   GREG MUNKS; YUBA COUNTY
   SHERIFF STEVE DURFOR; CONTRA
   COSTA COUNTY SHERIFF WARREN
   RUPF; SHASTA COUNTY SHERIFF
   TOM BOSENKO; AND STANISLAUS
   COUNTY CHIEF PROBATION
   OFFICER JERRY POWERS;
   BOB G. DOYLE, SHERIFF-
   RIVERSIDE COUNTY;
   BOB BROOKS, SHERIFF- VENTURA
   COUNTY; GARY R. STANTON,
   SHERIFF- SOLANO COUNTY

Motion to Intervene by Sheriff and Probation Intervenors

DATED:    August 14, 2007

JONES & MAYER

By: _____
MICHAEL R. CAPIZZI

By: _____
KIMBERLY HALL BARLOW
Attorneys for Sheriff and Probation
Intervenor-Defendants

# EXHIBIT A

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Elizabeth R. Feffer (SB # 166001)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: erf@jones-mayer.com

Attorneys for Intervenor-Defendants
SAN DIEGO COUNTY SHERIFF WILLIAM B.
KOLENDER, ORANGE COUNTY SHERIFF-
CORONER MICHAEL S. CARONA; PLACER
COUNTY SHERIFF EDWARD N. BONNER;
BUTTE COUNTY SHERIFF-CORONER PERRY
L. RENIFF; CALAVERAS COUNTY SHERIFF
DENNIS DOWNUM; LOS ANGELES COUNTY
SHERIFF LEE BACA; SANTA CLARA COUNTY
SHERIFF LAURIE SMITH; SAN BENITO COUNTY
SHERIFF CURTIS HILL; STANISLAUS COUNTY
SHERIFF ADAM CHRISTIANSON; MENDOCINO
COUNTY SHERIFF TOM ALLMAN; TEHAMA
COUNTY SHERIFF CLAY PARKER; LASSEN
COUNTY SHERIFF STEVE WARREN; YOLO
COUNTY SHERIFF ED PRIETO; SANTA BARBARA
COUNTY SHERIFF BILL BROWN; KERN COUNTY
SHERIFF DONNY YOUNGBLOOD; SAN MATEO
COUNTY SHERIFF GREG MUNKS; YUBA COUNTY
SHERIFF STEVE DURFOR; CONTRA COSTA COUNTY
SHERIFF WARREN RUPF; SHASTA COUNTY
SHERIFF TOM BOSENKO; AND STANISLAUS
COUNTY CHIEF PROBATION OFFICER JERRY POWERS;
BOB G. DOYLE, SHERIFF- RIVERSIDE COUNTY;
BOB BROOKS, SHERIFF- VENTURA COUNTY;
GARY R. STANTON, SHERIFF- SOLANO COUNTY

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No:  CIV S-90-0520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |

-1-

| | |
|---|---|
| vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants. | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]<br>**INTERVENTION PLEADING** |
| MARCIANO PLATA, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants. | Case No.: C01-1351 THE<br>**THREE-JUDGE COURT** |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

For their Intervention Pleading, Sheriff and Probation Intervenors San Diego County Sheriff William B. Kolender, Orange County Sheriff-Coroner Michael S. Carona, Placer County Sheriff Edward N. Bonner, Butte County Sheriff-Coroner Perry L. Reniff, Calaveras County Sheriff Dennis Downum, Los Angeles County Sheriff Lee Baca, Santa Clara County Sheriff Laurie Smith; San Benito County Sheriff Curtis Hill, Stanislaus County Sheriff Adam Christianson; Mendocino County Sheriff Tom Allman; Tehama County Sheriff Clay Parker; Lassen County Sheriff Steve Warren; Yolo County Sheriff Ed Prieto; Santa Barbara County Sheriff Bill Brown; Kern County Sheriff Donny Youngblood; San Mateo County Sheriff Greg Munks; Yuba County Sheriff Steve Durfor; Contra Costa County Sheriff Warren Rupf; Shasta County Sheriff Tom Bosenko; and Stanislaus County Chief Probation Officer Jerry Powers, Bob G. Doyle, Sheriff of Riverside County; Bob Brooks, Sheriff of Ventura County; Gary R. Stanton, Sheriff of Solano County (collectively the "Sheriff and Probation Intervenors") hereby allege as follows:

//

## SHERIFF AND PROBATION INTERVENORS

1.      Intervenors San Diego County Sheriff William B. Kolender, Orange County Sheriff-Coroner Michael S. Carona, Placer County Sheriff Edward N. Bonner, Butte County Sheriff-Coroner Perry L. Reniff, Calaveras County Sheriff Dennis Downum, Los Angeles County Sheriff Lee Baca, Santa Clara County Sheriff Laurie Smith; San Benito County Sheriff Curtis Hill, Stanislaus County Sheriff Adam Christianson; Mendocino County Sheriff Tom Allman; Tehama County Sheriff Clay Parker; Lassen County Sheriff Steve Warren; Yolo County Sheriff Ed Prieto; Santa Barbara County Sheriff Bill Brown; Kern County Sheriff Donny Youngblood; San Mateo County Sheriff Greg Munks; Yuba County Sheriff Steve Durfor; Contra Costa County Sheriff Warren Rupf; and Shasta County Sheriff Tom Bosenko are duly-elected Sheriffs or Sheriff-Coroners of their respective counties, as listed above.  Collectively they serve millions of California residents.  The duties and/or functions of these Intervenors includes the maintenance and/or operation of facilities that constitute a "prison" within the meaning of 18 U.S.C. § 3626(a)(3)(F) (as defined in Section 3626(g)(5)), and where they maintain custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order.

2.      Intervenor Jerry Powers is the duly-appointed Chief Probation Officer for Stanislaus County.   His functions include operating and/or maintaining facilities that constitute a "prison" within the meaning of 18 U.S.C. § 3626(a)(3)(F) (as defined in Section 3626(g)(5)).

3.      The Prison Litigation Reform Act, 18 U.S.C. §§ 3626, *et seq.*, specifically Section 3626(a)(3)(F) provides that "Any State or local official including a legislator or unit of the government whose jurisdiction or function includes the appropriation of funds for the construction, operation or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in

1   effect of such relief and to seek termination of such relief, and shall have the right to

2   intervene in any proceeding relating to such relief."

3      4.      18 U.S.C. § 3626(g)(5) defines "prison" as "any Federal, State, or local

4   facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced

5   for, or adjudicated delinquent for, violations of criminal law."  Therefore, a County Jail,

6   juvenile detention facility, or a courthouse lockup facility is a "prison" within the

7   meaning of the PLRA.

8      5.      The jurisdiction and function of the Sheriff and Probation Intervenors

9   includes maintenance and/or operation of a "prison" facility/facilities, as defined in

10   Section 3626(g)(5), and/or custody of, persons who may be released from, or not

11   admitted to, a prison as a result of a prisoner release order.

12                          **JURISDICTION AND VENUE**

13      6.      The Sheriff and Probation Intervenors' defenses in this Intervention

14   Pleading arise out of the same transaction or occurrence that is the subject matter of the

15   claims at issue in this action and, specifically, out of the Prison Litigation Reform Act, 18

16   U.S.C. §§ 3626 *et seq.*  This Court has jurisdiction over the claims in this action as well

17   as the Sheriff and Probation Intervenors' defenses pursuant to 28 U.S.C. §§ 1331.

18      7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

19                            **GENERAL ALLEGATIONS**

20      8.      On July 23, 2007, the Honorable Thelton Henderson of the United States

21   District Court for the Northern District of California, and the Honorable Lawrence

22   Karlton of the United States District Court for the Eastern District of California, issued

23   orders pursuant to the Prison Litigation Reform Act, specifically 18 U.S.C. §§

24   3626(a)(3)(A), to convene a three-judge judicial panel to consider issuing prisoner release

25   orders in *Marciano Plata, et al. v. Arnold Schwarzenegger, et. al.*, Case No. C01-1351

26   TEH (N.D.C.A.), and *Ralph Coleman, et al. v. Arnold Schwarzenegger, et. al.*, Case No.

27   S-90-0520 LKK JFM (E.D.C.A.), respectively.  For convenience and judicial economy,

28   the same panel will preside over both cases, both of which require the evaluation of

-4-

1  overcrowding in California's prisons. The *Plata* Court specifically held that
2  "Accordingly, and because this Court finds that the conditions specified in 18 U.S.C. §
3  3626(a)(3)(A) have been satisfied, IT IS HEREBY ORDERED that Plaintiffs' motion to
4  convene a three-judge court to consider a prisoner release order is GRANTED." The
5  *Coleman* court held: that "In accordance with the above, IT IS HEREBY ORDERED that
6  plaintiffs' November 13, 2006 motion to convene a three-judge panel to limit the prison
7  population is granted pursuant to 18 U.S.C. § 3626(a)(3)(A)."

8      9.    In its July 23, 2007 Order, the *Plata* Court specifically acknowledged the
9  enactment of AB 900. It stated that ". . . a prisoner release order would, indeed, be a
10 radical step, particularly given the size of California's prison system."

11     10.    The Sheriff and Probation Intervenors agree that the imposition of a
12 prisoner release order would be a radical step, and seek to intervene in this action to
13 oppose the imposition of any such order at this time.

14     11.    Federal Rule of Civil Procedure 24(c) requires that an intervening party,
15 such as the Sheriff and Probation Intervenors herein, provide a "pleading setting forth the
16 claim or defense for which intervention is sought." Accordingly, the Sheriff and
17 Probation Intervenors plead the following defenses pursuant to the Prison Litigation
18 Reform Act, 18 U.S.C. §3626, *et seq.*

19                          **DEFENSES**
20                  **(Prison Litigation Reform Act)**

21     12.    These defenses arise under the Prison Litigation Reform Act, particularly
22 18 U.S.C. §3626, *et seq.* Specifically, prison release orders are only permitted under very
23 limited circumstances where it is demonstrated – by clear and convincing evidence – that
24 (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other
25 relief will remedy the violation of the Federal right.

26
27
28

1    13.    No showing has been made in this action sufficient to justify the imposition

2  of a prisoner release order under the Prison Litigation Reform Act.  On the contrary, a

3  prisoner release order poses significant risk to public safety in California.

4    14.    Moreover, the Sheriff and Probation Intervenors reserve their right to make

5  an affirmative showing that other relief, short of a prisoner release order, exists which

6  could remedy the current conditions specified by the Court.

7                    **PRAYER FOR RELIEF**

8    **WHEREFORE**, the Sheriff and Probation Intervenors respectfully request that

9  the Three Judge Court:

10    A.    Enter no prisoner release order until AB 900 has been fully implemented

11  and its efficacy can be fully and fairly assessed;

12    B.    Enter no prisoner release order absent a sufficient evidentiary showing

13  under the Prison Litigation Reform Act that such order is narrowly drawn, extends no

14  further than necessary to correct a violation of a Federal right and is the least intrusive

15  means necessary to correct any such violation;

16    C.    Enter no prisoner release order absent a showing – by clear and convincing

17  evidence – that (i) crowding is the primary cause of the violation of a Federal right; and

18  (ii) no other relief will remedy the violation of the Federal right;

19    D.    Enter no prisoner release order at this time in light of the adverse impact

20  such order would have on public safety in California; and

21    E.    Grant such further relief as the Court deems just and proper.

22

23                    Respectfully submitted,

24  DATED:    August 14, 2007        JONES & MAYER

25

26  By: _Martin S. Mayer, me_____

27      MARTIN J. MAYER
        Attorneys for Sheriff and Probation
        Intervenor-Defendants
28      SAN DIEGO COUNTY SHERIFF

                    -6-

WILLIAM B. KOLENDER, ORANGE
COUNTY SHERIFF-CORONER
MICHAEL S. CARONA; PLACER
COUNTY SHERIFF EDWARD N.
BONNER; BUTTE COUNTY SHERIFF-
CORONER PERRY L. RENIFF;
CALAVERAS COUNTY SHERIFF
DENNIS DOWNUM; LOS ANGELES
COUNTY SHERIFF LEE BACA;
SANTA CLARA COUNTY SHERIFF
LAURIE SMITH; SAN BENITO
COUNTY SHERIFF CURTIS HILL;
STANISLAUS COUNTY
SHERIFF ADAM CHRISTIANSON;
MENDOCINO COUNTY SHERIFF TOM
ALLMAN; TEHAMA COUNTY
SHERIFF CLAY PARKER; LASSEN
COUNTY SHERIFF STEVE WARREN;
YOLO COUNTY SHERIFF ED PRIETO;
SANTA BARBARA COUNTY SHERIFF
BILL BROWN; KERN COUNTY
SHERIFF DONNY YOUNGBLOOD;
SAN MATEO COUNTY SHERIFF
GREG MUNKS; YUBA COUNTY
SHERIFF STEVE DURFOR; CONTRA
COSTA COUNTY SHERIFF WARREN
RUPF; SHASTA COUNTY SHERIFF
TOM BOSENKO; STANISLAUS
COUNTY CHIEF PROBATION
OFFICER JERRY POWERS

DATED:     August 14, 2007

JONES & MAYER

By: _____
MICHAEL R. CAPIZZI and

By: _____
KIMBERLY HALL BARLOW
Attorneys for Sheriff and Probation
Intervenor-Defendants

-7-

# PROOF OF SERVICE
## (§ 1013a, 2015.5 C.C.P.)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I em employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 3777 N. Harbor Boulevard, Fullerton, California 92835.

On **August 14, 2007**, I served the within **NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF INTERVENTION PLEADING ATTACHED HERETO**, on the interested parties in said action by placing [X] a true and correct copy or [ ] the delivered by one or more of the means set forth below:

**SEE ATTACHED SERVICE LIST**

[x ]   [*Via Mail*]   By depositing said envelope with postage thereon fully prepaid in the United States mail at La Habra, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fullerton, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit fo mailing in affidavit.

[ ]   [*Personal Delivery*]   I cause the above referenced document(s) to be delivered to the addressee set forth above.

[ x ]   [*Overnight Courier*]   I caused the above referenced document(s) to be delivered to an overnight delivery service, for delivery to the addressee(s): **SEE ATTACHED SERVICE LIST IDENTIFYING THE HONORABLE STEPHEN REINHARDT, HONORABLE LAWRENCE K. KARLTON, HONORABLE THELTON E. HENDERSON**

[ ]   [*Via Facsimile Transmission*]   I caused the above referenced document(s) to be transmitted to the named person(s) to the fax number(s) set forth on the attached Service List. The telephone number of the sending facsimile machine was 714/446-1448.

[ ]   [*State*]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]   [*Federal*]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 14, 2007**, at Fullerton, California

*Debbie Menicucci*
Debbie Menicucci

**SERVICE LIST**

1

2   Paul B. Mello, Esq.                          Martin H. Dodd, Attorney
    Hanson Bridgett Marcus Vlahos & Rudy         Futterman & Dupree LLP
3   LLP-SF                                       160 Sansome, 17th Floor
    425 Market Street, 26th Floor           San Francisco, CA 94104
4   San Francisco, CA 94105

5   Donald Specter                               John Hagar, Chief of Staff
    Attorney at Law                              Judges' Reading Room, Court Library, 18th Floor
6   Prison Law Office                            United States District Court
    General Delivery                             Northern District of California
7   San Quentin, CA 94964                        450 golden Gate Avenue
                                                 San Francisco, CA 94102

8   Warren E. George                             Caroline N. Mitchell, Esq.
    Attorney at Law                              Jones Day - San Francisco
9   Bingham McCutchen- San Francisco             555 California Street, 26th Floor
    Three Embarcadero Center                     San Francisco, CA 94104
10  San Francisco, CA 9111-4066

11  Jared Goldman                                Jerrold C. Schaefer, Esq.
    Staff Attorney                               Hanson Bridgett Marcus Vlahos & Rudy
12  California Prison Health Care                LLP-SF
    Receivership                                 425 Market Street, 26th Floor
13  1731 Technology Drive, Suite 700             San Francisco, CA 94105
    San Jose, CA 95110
14
    Steven Fama                                  California State Personnel Board
15  Attorney at Law                              Office of the Attorney General
    Prison Law Office                            Attn: Miguel Neri
16  1 Main Street                                1515 Clay Street, 20th Floor
    San Quentin, CA 94964                        P.O. Box 70550
17                                               Oakland, CA 94612-0550

18  Alison Hardy, Esq.                           Union of American Physicians & Dentists
    Prison Law Office                            DAVIS, COWELL & BOWE
19  General Delivery                             595 Market Street, Suite 1400
    San Quentin, CA 94964                        San Francisco, CA 94105

20  Robert Sillen                                Andrea Lynn Hoch
    California Prison Receivership               Legal Affairs Secretary
21  1731 Technology Drive, Suite 700             Office of the Governor
    San Jose, CA 95110                           Capitol Building
22                                               Sacramento, CA 95814

23  Robin Dezember, Director (A)                 Bruce Slavin, General Counsel
    Division of Correctional Health Care Services   CDCR - Office of the Secretary
24  CDCR                                         P.O. Box 942883
    P.O. Box 942883                              Sacramento, CA 94283-0001
25  Sacramento, CA 94283-0001

26  Kathleen Keeshen-Legal Affairs Division      Richard J. Chivaro
    California Department of Corrections          John Chen
27  P.O. Box 942883                              State Controller
    Sacramento, CA 94283                         300 Capitol Mall, Suite 518
28                                               Sacramento, CA 95814

Molly Arnold
Chief Counsel, Department of Finance
State Capitol, Room 1145
Sacramento, CA 95814

Matthew Cate, Inspector General
Office of the Inspector General
P.O. Box 348780
Sacramento, CA 95834-8780

Warren C. (Curt) Stracener
Paul M. Starkey
Labor Relations Counsel
Department of Personnel Administration
Legal Division
1515 "S" Street, North Building, Ste. 400
Sacramento, CA 95814

Yvonne Walker
Vice President for Bargaining
CSEA 1108 "O" Street
Sacramento, CA 95814

Elise Rose, Counsel
State Personnel Board
801 Capitol Mall
Sacramento, CA 95814

California State Personnel Board
Office of the Attorney General
1515 Clay Street, 20th Floor
Post Office Box 70550
Oakland, CA 94612-0550

Matthew A. Lopes, Jr. Esq.
Deputy Special Master
Pannone Lopes & Devereaux LLC
1800 Financial Plaza
Providence, RI 02903
(For Special Master)

Claudia Center
The Legal Aid Society - Employment Law Center
600 Harrison Street, Suite 120
San Francisco, CA 94107

Steven S. Kaufhold
Chad A. Stegeman
AKIN GUMP STRAUSS HAUER & FELD, LLP
5380 California, 15th Floor
San Francisco, CA 94104-1036

Laurie Giberson
Staff Counsel
Department of General Services
707 Third Street, 7th Fl., Suite 7-330
West Sacramento, CA 95605

Donna Neville
Senior Staff Counsel
Bureau of Sate Audits
555 Capitol Mall, Suite 300
Sacramento, CA 95814

Gary Robinson, Executive Director
UAPD
1330 Broadway Boulevard, Suite 730
Oakland, CA 94612

Pam Manwiller
Director of State Programs
AFSME
555 Capitol Mall, Suite 1225
Sacramento, CA 95814

Stuart Drown, Executor Director
Little Hoover Commission
925 L Street, Suite 805
Sacramento, CA 95814

J. Michael Keating, Jr.
285 Terrace Avenue
Riverside, RI 02915

Michael W. Bien, Esq.
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

Richard Goff
Heller, Ehrman White & McAuliffe
701 Fifth Avenue
Seattle, WA 98104

**Via Overnight Delivery**
Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

**Via Overnight Delivery**
Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

**Via Overnight Delivery**
Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012