# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.

    **Plaintiffs,**

    **vs.**                               **No. CIV S-90-0520 LKK JFM P**

ARNOLD SCHWARZENEGGER, et al.,

    **Defendants.**

## SPECIAL MASTER'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON DEFENDANTS' ENHANCED OUTPATIENT TREATMENT PROGRAM IN RECEPTION CENTERS

On July 2, 2007, the Special Master filed a report on the defendants' program for treatment of inmates at the Enhanced Outpatient Program (EOP) level of care in reception centers at seven California Department of Corrections and Rehabilitation (CDCR) institutions: California Institution for Men, California State Prison at Los Angeles County, Deuel Vocational Institution, North Kern State Prison, Richard J. Donovan Correctional Facility, San Quentin State Prison and Wasco State Prison.

In May 2006, the defendants were ordered to design a plan to provide adequate mental health treatment to EOP inmates in these seven reception centers. On October 20, 2006, defendants were ordered to implement their plan. That order emanated from earlier findings by the monitor that many EOP inmates, who spent extended periods in reception centers while awaiting parole revocation determinations or transfers to

general population EOPs, received inadequate and untimely mental health care. The
Special Master was ordered to monitor the defendants' newly developed EOP reception
center treatment programs and report on the seven institutions' compliance with the plan
as well as its overall effectiveness.

In one of the recommendations in his report, the Special Master asked that
timeframes of 72 hours for mental health screening and seven days for mental health
evaluations be applied in order to expedite the commencement of treatment for arriving
reception center inmates who may require an EOP level of care. That recommendation
was the second in the list of five recommendations which appeared on page 34 of the
report. It asked the defendants to revise their plan to include:

> Required initial screening of arriving inmates who have
> recent histories of EOP designation, to occur within 72
> hours of arrival, and initial mental health evaluations to
> occur within seven days of arrival.

Defendants objected to this recommendation on two grounds, the second
of which is that "Defendants presently comply with the Revised Program Guide
requirement of performing a bus screening on all arriving inmates within 72 hours of
their arrival and performing a mental health screen within seven days of their arrival. To
the extent this recommendation requires a revision of the Revised Program Guide,
defendants object on the basis that the recommendation exceeds the applicable standard
of care for constitutionally-mandated mental health services." [1]

Defendants' objection suggests the need for a clarification of the Special
Master's recommendation, which should be construed and applied within the context of

---

[1] "Defendants' Responses and Objections to Special Master Keating's Report on Defendants' Plan to
Provide Enhanced Outpatient Program Care at Reception Centers," p. 2.

existing provisions of the Revised Program Guide for mental health evaluations of inmates arriving at reception centers.

Reception center mental health screening and evaluation involve a three-tiered process. When an inmate arrives at a reception center, he or she must receive an initial health screening ("bus screen") within 24 hours of arrival at the reception center.[2] At the next step, he or she must be administered a mental health screening for possible mental health needs ("the 31-question screen") within seven days of arrival.[3] The third step in the evaluation process is administration of a full clinical mental health evaluation of the arriving inmate ("CDCR Form 7386"), if he or she has been identified as having a possible mental health need. This evaluation must occur within 18 calendar days of the inmate's arrival at the reception center.[4]

The Special Master's recommendation was not intended to override these provisions of the Revised Program Guide. It simply suggested that newly arrived inmates identified in the bus screening process, either through self-reporting or a review of medical records, if available, who had prior involvement in CDCR's EOP in a previous incarceration, should receive an expedited mental health screening within 72 hours and an initial clinical evaluation, if indicated, within seven days of arrival.

The Special Master's recommendation was not intended to suggest that all inmates arriving at reception centers must receive a mental health screening within 72 hours or a full mental health evaluation (the CDCR Form 7386 mental health evaluation) within seven days, as opposed to 18 days, following arrival. It did require that any

---

[2] *Revised Program Guide*, Department of Correctional Health Care Services, Ch. 2 ("Reception Center Mental Health Assessment"), §§ B1, C1.
[3] *Id.* at §§ B2, C3.
[4] *Id.* at §§ B3, C4.

arriving inmate identified as potentially needing an EOP level of care, whether that identification occurred in the initial bus screening through the inmate's self-reporting or a health care specialist's examination of the inmate's health record, should receive an accelerated mental health screening and evaluation, leading, where appropriate, to the provision of an EOP level of mental health care.

Monitoring of CDCR reception centers during the 18th monitoring round, moreover, found that inmates in need of an EOP level of care in reception often encountered long delays in receiving appropriate care after their placement in an EOP level of programming. For many of these inmates, accelerated intake in the reception center's enhanced EOP, followed by appropriate treatment as indicated, are critical in helping to avert the decompensation that all too often follows the absence of timely treatment in reception. Accordingly, the Special Master recommends that inmates identified as needing an EOP level of care in reception be afforded accelerated initial programmatic evaluation and intake within no more than seven days, or much more quickly than the 14 days allowed for intake in a general population EOP.

Respectfully submitted

/s/

_____

J. Michael Keating, Jr.
Special Master

/s/

_____

Matthew A. Lopes, Jr.
Deputy Special Master

August 15, 2007