EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
SAMANTHA TAMA – State Bar No. 240280
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov
samantha.tama@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No. 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| MARCIANO PLATA, et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | **DEFENDANTS' STATUS REPORT** |
| Defendants | |

# INTRODUCTION

On July 31, 2007, this three-judge court directed the parties to file status reports identifying what proceedings would be appropriate for the resolution of the issues before the three-judge court, and also identifying (1) whether discovery is appropriate or necessary, and if so, a scheduling proposal; (2) anticipated motions, along with a scheduling proposal; (3) the need for an evidentiary hearing, along with a scheduling proposal; (4) the feasibility of settlement discussions, including the possibility of referring this matter to a court-appointed mediator; and (5) any other matter that may add to the just and expeditious resolution of this matter.

In this status report, Defendants respectfully request that an evidentiary hearing be scheduled so the parties will have an adequate opportunity to present evidence on the significant issues presented in this three-judge proceeding. Now that the issue of California prison overcrowding has been referred to a three-judge court, the Prison Litigation Reform Act of 1995 (PLRA) imposes additional legal requirements and limitations that will require proper evidentiary proof and careful legal analysis. The PLRA provides that a three-judge panel cannot issue a prisoner release order unless it finds, by clear and convincing evidence, that (i) crowding is the primary cause of the constitutional violation at issue, and (ii) no other relief will remedy the violation. 18 U.S.C. § 3626(a)(3)(E). The PLRA also mandates that any prospective relief must be narrowly drawn, shall extend no further than necessary to correct the specific constitutional violation involved, and must be the least intrusive means necessary to correct the constitutional violation. 18 U.S.C. § 3626(a)(1). In addition, substantial weight must be given to any adverse impact on public safety. *Id.* These determinations cannot be made in a vacuum; they will require evidentiary proof.

The issues presented in this three-judge proceeding are matters of first impression. They have never before been considered in California, or for that matter, in the Ninth Circuit. But more importantly, the issues go to the very heart of public safety. A prisoner release order should not be contemplated without giving the parties an adequate opportunity to present evidence and make an appropriate record.

The public safety issues are of such significance, and the impacts throughout California –

DEFENDANTS' STATUS REPORT (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)   1342975.4

both at the State and local levels – are potentially of such magnitude, that other public officials intend to intervene in this proceeding. Those officials have the ability to intervene as a matter of right under the PLRA, and they should also be given an opportunity to present evidence and argument on these important issues.

Counsel for the parties participated in two conference calls regarding the subjects addressed in this status report, and Defendants now submit the following views regarding the necessary proceedings and schedules in this matter.

### I. PLAINTIFFS SHOULD BE REQUIRED TO FILE A PLEADING ARTICULATING THE SPECIFIC RELIEF THEY SEEK FROM THE THREE-JUDGE COURT.

Because neither *Plata* nor *Coleman* is a prison overcrowding case, and because Plaintiffs have not articulated the specific relief they seek in this case, Plaintiffs should be required to file a pleading that specifically sets forth the relief they seek from this three-judge court. As it stands, there is no request for the three-judge court to consider, and no proposal to which Defendants can respond. If Plaintiffs seek a prisoner release order, they should say so, and they should specify whether the prisoner release order should include the entire prison system, only a portion of California's 32 prisons, only specific units in some of the prisons, or only certain classes of inmates.

Defendants request that Plaintiffs be required to file this pleading on or before September 14, 2007. Defendants should then be given two weeks, or until September 28, 2007, to file a response to that pleading.

### II. RESPONSES TO THE COURT'S SPECIFIC QUESTIONS.

**1. Discovery is appropriate and necessary.**

Given the issues of first impression in this proceeding, and the need for an evidentiary hearing, Defendants contend that discovery is not only appropriate, but necessary. Plaintiffs have indicated that they intend to propound written discovery on Defendants and that they anticipate noticing depositions. Plaintiffs have also indicated that they will be disclosing experts and deposing any experts retained by Defendants, and that they would like their experts to tour several CDCR facilities.

DEFENDANTS' STATUS REPORT (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)    1342975.4

Defendants may propound written discovery on Plaintiffs, may depose several percipient witnesses, and will, following review of their reports, depose Plaintiffs' experts.

In addition to the discovery by the Plaintiffs and Defendants, Defendants anticipate that there will be significant discovery requested by intervenors. Defendants note that 31 members of the California Assembly, 15 County District Attorneys, and 23 County Sheriffs and Chief Probation Officers, have already filed motions to intervene in these proceedings as a matter of right. Defendants anticipate that additional stakeholders will seek intervenor status in this action.

In light of this fact, and the possibility that motions for protective orders, motions to quash, and motions to compel may be filed in the case, Defendants propose the following discovery schedule:

November 16, 2007:   Initial Expert Disclosures (with reports)

December 14, 2007:   Rebuttal Expert Disclosures (with reports)

January 30, 2008:   Discovery Cut-Off

**2. Certain motions are anticipated and necessary.**

After completion of expert and non-expert discovery in the case, Defendants anticipate filing a motion for judgment as a matter of law. Defendants propose that the deadline for filing this motion be February 15, 2008, that Plaintiffs' opposition, if any, be due on February 22, 2008, that Defendants' reply be due on February 29, 2008, and that the hearing be on March 14, 2008. Defendants also anticipate filing motions *in limine* prior to the Evidentiary Hearing.

**3.    An evidentiary hearing is necessary in this case of first impression.**

Given the substantial public safety issues at stake in this proceeding, and the potential impact on all of California, an evidentiary hearing is essential. It is difficult to estimate the length of the evidentiary hearing at this stage (before witness disclosure, discovery and rulings on intervenor status). Nonetheless, Defendants currently estimate that the hearing could last more than 5 court days. Defendants request a hearing date of April 28, 2008.

**4.    The feasibility of settlement discussions and reference to a mediator.**

Defendants are amenable to discussing resolution of this matter, but they recognize that a comprehensive and effective settlement may require approval from separate branches of

- 4 -

government. Because of the complexities involved in this matter, Plaintiffs may be able to facilitate discussions by providing Defendants with a concrete and written settlement proposal that recognizes the requirements of existing law and suggests a means by which various stakeholders might address these issues. Defendants suggest staying all matters, including discovery, for any period of time during which the parties (including the intervenors) engage in settlement discussions.

5. **Other matters assisting the just resolution of the matter.**

For the convenience of the parties, the counsel, the expert witnesses (who may have to travel long distances), and the Court, Defendants believe that the evidentiary hearing should be venued in San Francisco, California. In addition, for purposes of scheduling, trial counsel for Defendants will be unavailable for the evidentiary hearing on the following dates: March 17, 2008 - April 7, 2008.

DATED: August 15, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By: _____/s/_____
PAUL B. MELLO
Attorneys for Defendants

DATED: August 15, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

By: _____/s/_____
ROCHELLE C. EAST
Supervising Deputy Attorney General
Attorneys for Defendants

DEFENDANTS' STATUS REPORT (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)    1342975.4