| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER #83925<br>STEVEN FAMA #99641<br>ALISON HARDY #135966<br>General Delivery<br>San Quentin, CA 94964<br>Telephone: (415) 457-91144 | PILLSBURY WINTHROP<br>SHAWN HANSON #109321<br>CAROLINE MITCHELL #143124<br>50 Fremont Street<br>San Francisco, CA 94105<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200 |
| ROSEN, BIEN & GALVAN<br>MICHAEL BIEN #96891<br>JANE KAHN #112239<br>LORI RIFKIN #244081<br>155 Montgomery St.<br>San Francisco, CA 94104<br>Telephone: (415) 433-6830 | BINGHAM McCUTCHEN<br>WARREN E. GEORGE #53588<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286 |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.
_____/

No. CIV S-90-0520 LKK JFM P
**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.
_____/

No. C01-1351 TEH
**THREE-JUDGE COURT**

### PLAINTIFFS' STATUS CONFERENCE STATEMENT

By order filed July 31, 2007, this Court directed the parties to file a status report setting forth their positions on the resolution of issues before the three-judge court. Set forth below, are plaintiffs' positions.

Coleman v. Schwarzenegger, Civ S-90-0520 LKK
Plata v. Schwarzenegger, C-01-1351 THE
Pltfs. Status Conf. Statement

1. Discovery

Plaintiffs submit that discovery is necessary to a fair and just resolution of this case and propose that discovery be open until November 16, 2007. Plaintiffs intend to take the following discovery against defendants:

- five to eight non-expert depositions, including the Governor, the Secretary of the CDCR and other state employees,[1]
- A limited request for documents, including those that relate to the implementation of AB 900 and any other population reducing measures defendants have implemented or considered,
- Expert tours of a few of the prisons,
- Depositions of defendants' experts.[2]

2. Motions

At this time Plaintiffs are considering filing a motion for preliminary relief, but will determine the efficacy of that action based on when the Court sets this matter for hearing. Plaintiffs may file other motions, including motions *in limine*, as the case develops.

3. Evidentiary Hearing

Plaintiffs submit that the Court should hold a joint evidentiary hearing in this matter beginning on December 3, 2007. Plaintiffs anticipate calling approximately 10

---

1. Plaintiffs reserve the right to depose percipient witnesses who will testify for defendants at the hearing.

2. Defendants' counsel are insisting that the experts prepare full reports pursuant to the pre-trial provisions of the Federal Rules of Civil Procedure. See F.R.Civ.P., Rule 26(a)(2). Plaintiffs submit that because of the urgency of this matter and their proposal to file expert declarations before trial, the pretrial requirement for expert reports should not be adopted in this post-judgment context. Instead, plaintiffs propose that the experts be ordered to disclose in writing a statement setting forth all their opinions and a summary of the basis for that opinion one week prior to their scheduled deposition.

1 witnesses. To make the process most efficient, plaintiffs propose following the same
2 procedure for experts that has been used in both cases previously. Experts should submit
3 declarations before trial and be limited to two hours of direct examination. Cross-
4 examination would follow. If this procedure is adopted, plaintiffs believe that their case-
5 in-chief can be completed in 5-8 days.
6      Plaintiffs propose that the Court adopt the following pre-hearing schedule:
7      a. Disclosure of expert witnesses: September 15, 2007.
8      b. Exchange of witness lists: October 1, 2007
9      c. Disclosure of expert opinions: November 1, 2007
10     d. Exchange of exhibit lists: November 10, 2007
11     e. Trial Brief: November 19, 2007
12     f. Discovery cut-off: November 21, 2007
13     4. <u>Settlement</u>
14     Plaintiffs are willing to participate in settlement discussions with a court-appointed
15 mediator or any other acceptable facilitator, but the prospects for settlement at this time
16 appear close to zero. Plaintiffs' counsel has talked to defendants' counsel and influential
17 legislators from both parties. None of these persons has indicated that a voluntary
18 resolution of the issues raised by these proceedings is a realistic possibility. Defendants
19 have not made any substantive proposals, but have demanded a suspension of the
20 litigation as a condition for engaging in voluntary settlement discussions. At this time,
21 plaintiffs do not believe that an order referring this case to mediation would be a
22 productive use of time.
23     5. <u>Other Matters</u>
24     A. *Statement of Relief.* Defendants have requested that plaintiffs file a statement
25 describing the relief that they are seeking. Plaintiffs have discussed this issue with
26 defendants' counsel on at least two occasions and referred them to recommendations
27 made by various official reports. Plaintiffs also mentioned various remedial measures
28

Coleman v. Schwarzenegger, Civ S-90-0520 LKK
Plata v. Schwarzenegger, C-01-1351 THE
Pltfs. Status Conf. Statement                 3

that could be taken to reduce the population. Plaintiffs informed defendants that they will be seeking an order from this Court directing defendants to develop a plan to reduce the prison population. It is defendants' responsibility to develop and implement this plan, and the Court is required to provide them with the first opportunity to draft one. See, e.g., *Lewis v. Casey*, 518 U.S. 343, 362 (1995); *Madrid v. Gomez,* 889 F. Supp 1146, 1283 (ND Cal. 1995); *Coleman v. Wilson*, 912 F. Supp. 1282, 1323 (ED Cal. 1995). Plaintiffs intend to provide defendants and the Court with a more specific request for relief after the close of discovery.

B. *Discovery Disputes*. Hopefully, the parties will be able to work cooperatively on discovery issues. But, in the event that motions to compel become necessary, plaintiffs request that the Court appoint a district judge to rule on these matters in an expedited manner. See 28 U.S.C. § 2284(b)(3) (single judge may rule on pre-hearing matters).

C. *Interveners*. Sixty-nine public officials have moved to intervene and others have indicated that they may also so move. The Court should set a briefing schedule to consider whether and under what conditions intervention should be permitted and, if permitted, appropriate procedures governing the participation of the interveners to assure that they do not delay or interfere with the remedial process.

D. *Pre-Hearing Conference*. Plaintiffs suggest that the Court or a single judge schedule at least one pre-hearing conference prior to the evidentiary hearing to hear matters relating to the conduct of the hearing. *Id*.

Dated: August 15, 2007

Respectfully submitted,

PRISON LAW OFFICE
ROSEN, BIEN & GALVAN

By _____*/s/*_____
DONALD SPECTER

Attorney for Plaintiffs

Coleman v. Schwarzenegger, Civ S-90-0520 LKK
Plata v. Schwarzenegger, C-01-1351 THE
Pltfs. Status Conf. Statement                4