IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>       Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER RE: MOTIONS TO INTERVENE AND ORDER REFERRING DISCOVERY DISPUTES TO MAGISTRATE JUDGE |

    On July 31, 2007, this Court directed the parties to file status reports within fifteen calendar days. The parties timely filed their status reports on August 15, 2007. The Court is in the process of considering the parties' written statements and will set a date for an initial hearing regarding procedural issues in a subsequent order.

To date, the Court has also received three motions to intervene in these proceedings. On August 13, 2007, thirty-one members of the California Assembly, who identify themselves as "Assembly Republican Intervenors," collectively filed a motion to intervene. On August 14, 2007, two other groups collectively filed motions to intervene: (1) district attorneys of fifteen California counties ("District Attorneys") and (2) sheriffs of twenty California counties, sheriff-coroners of two California counties, and the chief probation officer of one California county ("Sheriffs"). On August 16, 2007, Defendants filed a statement in support of all three motions to intervene. Plaintiffs have filed neither a statement in support nor a statement in opposition to any of the motions; however, a declaration submitted with the District Attorneys' motion indicates that Plaintiffs expressed opposition to that motion. Hughes Decl. ¶ 2.

After carefully considering governing law, the Court finds it unnecessary to allow Plaintiffs an opportunity to respond to any of the three pending motions to intervene. Section 3626(a)(3)(F) of title 28 of the United States Code confers "standing to oppose the imposition or continuation in effect" of a prisoner release order and the right to intervene in "any proceeding relating to such relief" on:

> [a]ny State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order . . . .

18 U.S.C. § 3626(a)(3)(F). All of the parties who have filed motions to intervene meet this statutory criteria for intervention as of right, and the Court therefore GRANTS all three motions pursuant to Federal Rule of Civil Procedure 24(a).

//
//
//
//
//

2

The Sheriffs also filed with their motion to intervene a letter from counsel, dated August 14, 2007, requesting a thirty-day extension of the deadline for filing status reports.[1] Counsel seek this extension to allow time for various members of the associations they represent to obtain approval to intervene in these proceedings from their respective local governing bodies. Because counsel does not argue, and the Court does not anticipate, that any proposed intervenor will be prejudiced if intervention is granted after the deadline for filing initial status reports, the Sheriffs' request to extend time for filing status reports is DENIED. To ensure that these proceedings are not unnecessarily delayed, however, the Court finds good cause to set a deadline for filing motions to intervene, as ordered below.

The Court additionally finds good cause to refer this matter to a magistrate judge for any discovery disputes that may arise in these proceedings.

In accordance with the above, and with good cause appearing, IT IS HEREBY ORDERED that:

1. The Assembly Republicans' August 13, 2007 motion to intervene is GRANTED.

2. The Sheriffs' August 14, 2007 motion to intervene is GRANTED.

3. The District Attorneys' August 14, 2007 motion to intervene is GRANTED.

4. The parties and intervenors shall advise the Court of their respective positions regarding the intervenors' roles in these proceedings at the initial hearing to be scheduled by the Court.

5. The Sheriffs' August 14, 2007 request for an extension of the deadline for filing initial status reports is DENIED.

6. All motions to intervene in the proceedings before this Court shall be filed and served no later than **September 14, 2007.** Unless otherwise ordered, such motions will be submitted for decision without further briefing or oral argument. Proposed intervenors are

---

[1] In the body of the letter, counsel also request "that the hearing in the above case now scheduled for August 15, 2007 be continued until mid-September 2007." Aug. 14, 2007 Letter from Marin J. Mayer, et al., at 2. However, there was no hearing scheduled in these matters for August 15, 2007.

3

reminded that pleadings must be electronically filed in both of the above-captioned cases and must comply with all other requirements discussed in the Court's July 31, 2007 order.

    7. All discovery disputes arising in proceedings before this Court are hereby referred to the Honorable John F. Moulds, Magistrate Judge, United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

Dated:   08/17/07

                                  /s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated:   08/17/07

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:   08/17/07

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

4