PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 096891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
LEWIS BOSSING, Bar No. 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**REPLY DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD AND FOURTH QUARTERS OF 2006**<br><br>Date: September 5, 2007<br>Time: 11:00 a.m.<br>Place: Courtroom 26_<br>Judge: Honorable John F. Moulds |

I, Amy Whelan, do hereby declare under penalty of perjury as follows:

1. I am an attorney admitted to practice law in California and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of "Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Third and Fourth Quarters of 2006."

2. I conducted the meet and confer sessions regarding attorneys' fees and costs incurred during the third and fourth quarters of 2006. During these calls, CDCR attorney Michael Stone and I went through every time entry to which defendants objected. This process typically takes many hours over the course of several days. When Mr. Stone and I negotiated fees and costs incurred during the 3rd and 4th quarters of 2006, Mr. Stone made clear that defendants objected to *all* time incurred working on the discovery motion, the overcrowding / Three-Judge panel motion and the motion for a temporary restraining order regarding the initial transfer of CDCR prisoners to a prison in Tennessee. Because defendants objected to those motions in their entirety, Mr. Stone and I flagged every entry that in any way related to work on those motions. As to those entries, we did not negotiate about the reasonableness of each entry as we typically do. For instance, I typically deduct some time that defendants' object to if I agree that it was administrative in nature, duplicative of another staff member's work or in some way inefficient. I also may deduct additional time and expenses as an exercise of billing judgment during the meet and confer. With respect to the overcrowding, discovery and out-of-state work, however, Mr. Stone and I have not completed this type of negotiation (although I did make billing judgment reductions to all of plaintiffs' time before even submitting it to defendants for review). Accordingly, if this Court issues an order establishing plaintiffs' entitlement to these fees and costs, it is possible that the negotiation will result in reductions of some particular entries.

3. When we submitted our opening brief in support of this motion, we sought a total of $94,558.19 in attorneys' fees and costs for the three disputed categories of work. After we exported the disputed entries into a separate document, however, we realized that the amount

1  of disputed time should be reduced by $217.35.  This is because there were some very minor
2  discrepancies in time for three timekeepers, including Sofia Millham, Michael Bien, and Jane
3  Kahn.  The net result of these minor discrepancies was a reduction in the disputed fees and
4  costs from $94,558.19 to $94,340.84, or a difference of $217.35.  We also inadvertently
5  included 13.4 hours of work by Lori Rifkin (on November 8, 2006) in the "out-of-state"
6  category rather than the overcrowding category where it belonged.  The disputed amount
7  remains the same for Ms. Rifkin, but these hours were categorized incorrectly in our opening
8  brief.  Attached hereto as **Exhibit A** are three updated charts that summarize the work
9  performed on the three disputed categories of time.  The first chart is a summary chart that lists
10 the total disputed fees and costs by topic.  The second and third charts show the disputed fees
11 and costs for the third and fourth quarters respectively, both of which list the timekeepers and
12 hours worked on each disputed category of work.

13       4. Although defendants objected to plaintiffs' work on the motion for a temporary
14 restraining order regarding defendants' initial transfer of eighty (80) CDCR prisoners out of
15 state, defendants have not objected to plaintiffs' subsequent work regarding the out-of-state
16 transfer program in subsequent negotiations (1st quarter of 2007).  Defendants have
17 compensated plaintiffs' counsel for our work monitoring the out-of-state facilities,
18 participating in phone calls about those facilities and otherwise ensuring appropriate staffing
19 levels and compliance with the Program Guide at those facilities.

20       5. Defendants argue in their opposition to this motion that plaintiffs should have
21 delayed resolution of the overcrowding fees and costs in *Coleman* because that was the
22 agreement reached in the *Armstrong v. Schwarzenegger* lawsuit.  Mr. Stone mischaracterizes
23 the *Armstrong* stipulation in his declaration.  In particular, he represents to this Court that
24 plaintiffs' counsel agreed in *Armstrong* to stay the overcrowding issue until after a decision is
25 rendered.  Docket 2355-6 at ¶7.  In fact, the *Armstrong* stipulation delays the overcrowding
26 fees and costs only until "calendar year 2007."  *See* Docket 2356-7.  Gay Grunfeld, an attorney
27 in my office, is responsible for the *Armstrong* fees negotiations.  I have discussed this issue
28 with her and she has indicated, as is evident from the stipulation itself, that plaintiffs' counsel

-2-

1  was willing to reserve this issue in the *Armstrong* case because there was significantly less in
2  dispute (only $7,508.50) and because it was the only category of work contested by
3  defendants. Here, there is $53,628.51 in dispute regarding the *Coleman* overcrowding motion
4  (*excluding* plaintiffs' ongoing work on this issue into 2007) and defendants have also contested
5  plaintiffs' entitlement to two other categories of work.

6      6.  Defendants falsely accuse plaintiffs of double-billing them for work on the
7  overcrowding motion because similar motions were filed in the *Armstrong* and *Plata* lawsuits.
8  Defendants cite no evidence for this outrageous position, which falsely accuses plaintiffs'
9  counsel of unethical billing practices. In fact, plaintiffs' counsel did not (and never would)
10 double-bill defendants for work on the overcrowding motions. On the contrary, while
11 plaintiffs' counsel necessarily shared information, such as legal research (which makes the
12 billing *more* efficient, not *less* so), they split the overcrowding motions efficiently between the
13 two primary firms working on them, with Rosen, Bien & Galvan taking primary drafting
14 responsibility for the *Coleman* motion, both firms sharing responsibility for the *Armstrong*
15 motion, and the Prison Law Office taking primary responsibility for the *Plata* overcrowding
16 motion. Plaintiffs' counsel's work on all of the overcrowding motions were allocated fairly
17 between the cases and were submitted appropriately in each case as part of the quarterly billing
18 process in each of those cases. Defendants have not offered even one shred of evidence that
19 they were double-billed for even one hour of work. In fact, there was major cost-savings that
20 resulted from sharing between counsel working on the three motions.

21      7.  Defendants also argue, again without any explanation or evidence, that they
22 should not be liable for fees and costs incurred reviewing *"Plata* documents and gathering
23 information from the Receiver." Docket 2355 at 10. Because the *Coleman* and *Plata* cases
24 were consolidated for the overcrowding motion and for other remedial purposes—the special
25 master and the Receiver meet once a month and plaintiffs' counsel are responsible for raising
26 issues for an agenda of overlapping matters—and because there is much overlapping evidence

-3-
REPLY DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD AND FOURTH QUARTERS OF 2006, NO.: CIV S 90-0520 LKK-JFM

between the two cases, it was and remains reasonable and necessary for plaintiffs in *Coleman* to review and utilize overcrowding information and other reports issued by the Receiver.

     I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and that this declaration was executed in San Francisco, California on August 21, 2007.

                                         */s/ Amy Whelan*
                                         Amy Whelan

# Exhibit A

## Coleman v. Schwarzenegger
### Revised Summary Of Disputed Fees - 3rd & 4th Quarterly Statements, 2006
(July 1, 2006 through December 31, 2006)

### Monitoring Work (489-3)

| | Disputed 3rd Quarter | Disputed 4th Quarter | Disputed Totals |
|---|---:|---:|---:|
| Overcrowding | $ 169.50 | $ 48,531.90 | $ 48,701.40 |
| Discovery | $ 26,754.45 | $ 2,522.70 | $ 29,277.15 |
| Out-of-State | $ - | $ 10,951.50 | $ 10,951.50 |
| Totals: | $ 26,923.95 | $ 62,006.10 | $ 88,930.05 |

### Monitoring Costs (489-3)

| | Disputed 3rd Quarter | Disputed 4th Quarter | Disputed Totals |
|---|---:|---:|---:|
| Overcrowding | $ - | $ 4,927.11 | $ 4,927.11 |
| Discovery | $ 127.01 | $ 257.30 | $ 384.31 |
| Out-of-State | $ - | $ 99.37 | $ 99.37 |
| Totals: | $ 127.01 | $ 5,283.78 | $ 5,410.79 |

| Grand Totals: | $ 27,050.96 | $ 67,289.88 | $ 94,340.84 |

## Coleman v. Schwarzenegger
### Revised Summary Of Disputed Fees - 3rd Quarterly Statement, 2006
(July 1, 2006 through September 30, 2006)

### Monitoring Work (489-3)

| ROSEN BIEN & GALVAN | Hours Remaining In Dispute After Meet and Confer | STILL IN DISPUTE Overcrowding Hours | STILL IN DISPUTE Discovery Hours | PLRA Rate | Fees Remaining In Dispute After Meet and Confer |
|---|---|---|---|---|---|
| Michael W. Bien (MWB) | 24.70 | 0.50 | 24.20 | $169.50 | $ 4,186.65 |
| Ernest Galvan (EG) | 0.20 | 0.00 | 0.20 | $169.50 | $ 33.90 |
| Jane E. Kahn (JEK) | 23.50 | 0.50 | 23.00 | $169.50 | $ 3,983.25 |
| Thomas Nolan (TN) | 17.70 | 0.00 | 17.70 | $169.50 | $ 3,000.15 |
| Lori E. Rifkin (LER) | 80.00 | 0.00 | 80.00 | $169.50 | $ 13,560.00 |
| Kim Le (KTL) | 0.50 | 0.00 | 0.50 | $160.00 | $ 80.00 |
| Nathan J. Kleiner (NJK) | 5.70 | 0.00 | 5.70 | $160.00 | $ 912.00 |
| Sofia A. Millham (SAM) | 1.50 | 0.00 | 1.50 | $160.00 | $ 240.00 |
| Katherine Johnson-Silk (KJS) | 5.80 | 0.00 | 5.80 | $160.00 | $ 928.00 |
| Sean Donovan (SD) | 0.00 | 0.00 | 0.00 | $150.00 | $ - |
| **Total Hours:** | 159.60 | 1.00 | 158.60 | | |
| **Total Amount:** | | $169.50 | $ 26,754.45 | | $ 26,923.95 |

### Costs (489-3)

| | Overcrowding | Discovery | Costs Still in Dispute |
|---|---|---|---|
| Discovery Hearing Costs (Travel) | $ - | $ 127.01 | $ 127.01 |
| **Total:** | $ - | $ 127.01 | $ 127.01 |

**Total Fees & Costs Still Disputed (3rd Quarter):** $ 27,050.96

## Coleman v. Schwarzenegger

### Revised Summary Of Disputed Fees - 4th Quarterly Statement, 2006
(October 1, 2006 through December 31, 2006)

### Monitoring Work (489-3)

| | Hours Remaining In Dispute After Meet and Confer | Overcrowding Hours | Discovery Hours | Out-of-State Hours | PLRA Rate | Fees Remaining In Dispute After Meet and Confer |
|---|---|---|---|---|---|---|
| **ROSEN BIEN & GALVAN** | | | | | | |
| Michael W. Bien (MWB) | 86.80 | 63.00 | 0.00 | 23.80 | $169.50 | $14,712.60 |
| Jane E. Kahn (JEK) | 33.60 | 21.40 | 0.30 | 11.90 | $169.50 | $5,695.20 |
| Thomas Nolan (TN) | 0.50 | 0.00 | 0.00 | 0.50 | $169.50 | $84.75 |
| Ernest Galvan (EG) | 0.80 | 0.80 | 0.00 | 0.00 | $169.50 | $135.60 |
| Anne Mania (AHM) | 0.20 | 0.20 | 0.00 | 0.00 | $169.50 | $33.90 |
| Amy E. Whelan (AEW) | 1.10 | 1.10 | 0.00 | 0.00 | $169.50 | $186.45 |
| Lori E. Rifkin (LER) | 146.00 | 133.00 | 12.60 | 0.40 | $169.50 | $24,747.00 |
| Sarah L. Laubach (SML) | 25.60 | 14.30 | 0.00 | 11.30 | $169.50 | $4,339.20 |
| Kim Le (KTL) | 1.00 | 0.50 | 0.00 | 0.50 | $160.00 | $160.00 |
| Nathan J. Kleiner (NJK) | 19.00 | 14.10 | 0.00 | 4.90 | $160.00 | $3,040.00 |
| Sofia A. Millham (SAM) | 37.40 | 30.40 | 0.30 | 6.70 | $160.00 | $5,984.00 |
| Katherine Johnson-Silk (KJS) | 1.10 | 0.90 | 0.00 | 0.20 | $160.00 | $176.00 |
| Katie Richardson (KMR) | 0.90 | 0.90 | 0.00 | 0.00 | $150.00 | $135.00 |
| **Total Hours:** | 354.00 | 280.60 | 13.20 | 60.20 | | |
| **Total Amount:** | | $47,108.10 | $2,234.55 | $10,087.05 | | $59,429.70 |
| **PRISON LAW OFFICE** | | | | | | |
| Donald Specter (DS) | 12.90 | 8.10 | 0.00 | 4.80 | $169.50 | $2,186.55 |
| Ivan Trujillo (IT) | 2.20 | 0.30 | 1.60 | 0.30 | $169.50 | $372.90 |
| Jessica Bol (JB) | 0.00 | 0.00 | 0.00 | 0.00 | $160.00 | - |
| **Total Hours:** | 15.70 | 8.40 | 1.60 | 5.10 | | |
| **Total Amount:** | | | $288.15 | $864.45 | | $2,559.45 |
| **Totals:** | | $48,531.90 | $2,522.70 | $10,951.50 | | $61,989.15 |

| | Overcrowding | Discovery | Out-of-State | Costs Still in Dispute |
|---|---|---|---|---|
| **ROSEN BIEN & GALVAN COSTS** | | | | |
| Catherine Bodene - Transcripts | $62.76 | - | $99.37 | $162.13 |
| Westlaw | $4,864.35 | - | - | $4,864.35 |
| Travel (to Coleman Hearing) | - | $257.30 | - | $257.30 |
| **Total Costs:** | $4,927.11 | $257.30 | $99.37 | $5,283.78 |
| **Total Fees & Costs Still Disputed (4th Quarter):** | | | | $67,272.93 |