1
2
3
4
5
6
7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   RALPH COLEMAN,                          )   No.:  Civ S 90-0520 LKK-JFM
                                             )
12          Plaintiffs,                      )   **[PROPOSED] ORDER GRANTING**
                                             )   **PLAINTIFFS' ENTITLEMENT TO**
13   vs.                                     )   **REASONABLE ATTORNEYS' FEES AND**
                                             )   **COSTS FOR DISPUTED ITEMS IN THE**
14   ARNOLD SCHWARZENEGGER, et al.,          )   **THIRD AND FOURTH QUARTERS OF**
                                             )   **2006**
15          Defendants                       )
                                             )
16

17
18
19
20
21
22
23
24
25
26
27
28
                                              1

On July 25, 2007, plaintiffs filed a motion to compel payment of disputed attorneys' fees and costs incurred during the third and fourth quarters of 2006. Defendants filed their opposition on August 9, 2007 and plaintiffs filed a reply brief on August 21, 2007. The Court heard oral argument on this motion on September 5, 2007. After considering the briefs and all evidence submitted by the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' professional services and costs incurred for work on the overcrowding motion, the motion for a temporary restraining order regarding defendants' initial transfer of prisoners out of state and work on the motion to reopen discovery are compensable in that the work performed and the costs incurred were useful and necessary to protect the rights of the *Coleman* class.

2. With respect to the overcrowding work in particular, the Court finds that this work is useful and necessary to ensure compliance with this Court's orders. Accordingly, plaintiffs' are entitled to reasonable attorneys' fees and costs incurred litigating the overcrowding and Three-Judge panel matter moving forward. Defendants may not contest plaintiffs' entitlement to reasonable compensation for this work, but may, as always, object to the work based on factors such as the reasonableness of the hours, efficiency of staff members performing those hours, and unnecessary duplication of effort.

3. Within 30 days of the date of this order, the parties shall complete a meet and confer regarding the amounts to be paid for plaintiffs' work on the above-described motions. At the conclusion of the meet and confer, the parties shall submit a stipulation and proposed order regarding payment of the disputed attorneys' fees and costs. Interest has been running on those amounts, pursuant to Paragraph 6 of the Periodic Fees Order, since the 31st day following defendants' receipt of the underlying bills.

4. If the parties are unable to reach agreement on the specific fees and costs after meeting and conferring in good faith, the Court will determine a reasonable award.

IT IS SO ORDERED.

Dated: _____          _____
                                    U.S. Magistrate Judge John F. Moulds

2
[PROPOSED] ORDER GRANTING PLAINTIFFS' ENTITLEMENT TO REASONABLE ATTORNEYS' FEES AND COSTS FOR DISPUTED ITEMS IN THE THIRD AND FOURTH QUARTERS OF 2006, NO.: CIV S 90-0520 LKK-JFM