David W. Wilson,
K66474, CMF, M-3-#315
P.O. Box 2000
Vacaville, CA 95696
In Pro Per



FILED
AUG 23 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON,
   Plaintiff on behalf of himself
   and Others Similarly Situated

VS.

GOVENOR, ARNOLD SCHWARZENEGGER, et al.,
   Defendants.

No. CIV-S-90-0520-LKK-JFM

PLAINTIFFS NOTICE OF MOTION AND MOTION FOR ENFORCEMENT

The Honorable John F. Moulds,
Magistrate Judge.

TO DEFENDANT'S SCHWARZENEGGER, TILTON, HUBBARD, CDCR and CMF. PLEASE TAKE NOTICE in UNITED STATES DISTRICT COURT of Federal Building, located at 501 "I" Street, Sacramento, California 95814, before the Honorable John F. Moulds, on or about August 27, 2007, or as soon as possible.

   Plaintiff DAVID W. WILSON, will move the Court for Enforcement of Court ORDER of May 2005, to remove "mesh screens from Air Intake/Exhaust Vents" in Administrative Segregation Units in CDCR which house EOP's on "Heat Medication" causing cruel and unusual punishment to Enhanced Out Patients and placing lives in jeopardy for atypical significant hardship in day to day living thats not being placed on general population, thereby violating Eight Amendment United States Constitution.

page 1

David W. Wilson,
K66474, CMF, M-3-#315
P.O. Box 2000
Vacaville, CA 95696
   In Pro Per

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON,
   Plaintiff on behalf of himself
   and Others similarly situated

VS.

GOVENOR, ARNOLD SCHWARZENEGGER, et al.,
   Defendants.

No. CIV-S-90-0520-LKK-JFM

NOTICE FOR ENFORCEMENT

The Honorable John F. Moulds,
                Magistrate Judge.

   Plaintiff David W. Wilson, pursuant Rule 62(a) Federal Rules Civil Procedure and Local Rules 65-231(e) Modification or Dissolution of Courts ORDER has not occured, Local Rule 66-232(e) Reports of Receiver "No" report on Courts ORDER and CDCR compliance has occured. Which Local Rule 52-290 Settlement of Findings of FACT AND CONCLUSIONS OF LAW has been established by The Honorable Court, therefore Motion For Enforcement Fed. R. Civ. P., 62(a) must be complied with by Defendant's CDCR, CMF, CMC-East, and other prisons which house EOP's and CCCMS in ASU.
   Plaintiff has brought this issue to Coleman Attorney's who fail to act, therefore ineffective assistance of Counsel, and Plaintiff has his own civil action before District Courts bench, where told bring to this Court, for violation of Eight Amendment as for "mesh screens on Air Vents in ASU",

## STATEMENT OF FACT

As set forth in the Affidavit of David W. Wilson attached Defendants are deliberate indifferent to Plaintiffs request for modification to the Administrative Segregation Units at CMC-E, where Plaintiff sought appeal relelief of Heat Conditions, and received Director's Review "denied" which included removal of "metal screens on Air Intate/Exhaust" as well as other air circulation impediments, Plaintiff as now being transferred for reprisals to appeals, complaints, court motions, was transferred to other CDCR prisons, and filed on "Heat Conditions" where at CMF Plaintiff filed Group appeal for removal of metal screens for Air Circulation on Heat Alert days. This was procedually denied by Defendants by failing to respond, and while in CMF ASU Plaintiff contacted Warden, Government officials, agencies, media, Coleman Attorney's who sent copy of Courts May 2005, ORDER Yet! no relief given and Plaintiff filed Civil action in U.S. E.D., including this Courts ORDER of May 2005, which Magistrate Judge, Brennan in Plaintiffs Civil action ORDERED before Second Amended Complaint. [It appears that plaintiff is seeking enforcement of Coleman injunction. If so, the appropriate procedure is to seek relief in that ongoing litigation.] Plaintiff being placed in Ad-Seg wrote Unit Sgt., Warden of discrimination "Sealed Windows" & "Screen Mesh on Air Vents" which was futile, and sent copies to Coleman Attorney's for "enforcement" of Court ORDER, and Coleman Attorneys no relief, and sent all to Calif. Occupational Safety & Health for relief, and No relief. Therefore Plaintiff seeks "enforcement" by the Court.

## ARGUMENT

### I. PLAINTIFF'S ARE ENTITLED TO ENFORCEMENT

Fedral Rules Civil Procedure 62(a), Except as stated herein, no execution shall issue upon a judgment nor shall proceeding be taken for its

enforcement until the expriation of 10 days after its entry, Unless otherwise ordered by the court.

A. Local Rule 65-231(e) Modification or Dissolution of Courts ORDER has not occured, and Local Rule 66-232(e) Reports of Receiver, Plaintiff is not aware of reports on Courts ORDER and CDCR Compliance "has not" occured. Local Rule 52-290 Settlement of Findings of FACT AND CONCLUSION OF LAW has been established by Courts ORDER, therefor Motion for Enforcement must be issued to Defendant's.

B. <u>Ineffective Assistance</u>

In <u>Strickland v. Washington</u>, 466 U.S. 688 (1984) the Court adopted a two-part standard for evaluating claims of ineffective assistance of Counsel. There citing McMann we reiterated that "[when] a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-688. We also held, however, that "[the] defendant must show that there is a reasonable probability that, but counsel's unprofessional errors, the results of the proceeding would have been different." Id., at 694.

Plaintiff states counsel's representation fell below objective standard of reasonableness to let Defendant's continue to "deny" Air to breath to Plaintiffs by allowing "Mesh screens to remain on Air-Vents by not enforcing Courts ORDER after Plaintiffs request for assistance. And the unprofessional errors is still causing Plaintiff's to suffer on warm and Hot days.

C. <u>Heat Conditions</u>

Relative Humidity: the ratio of the amount of water vapor actually present in the air to the greatest amount possible at the same temperature. Plaintiff states having lived in CMF 1970's, 1980's, 1990's, before Screen Mesh on Air-Vents, Windows, CMC-E 1980, the "Relative Humidity" has

page 4

1. changed with Air-Circulation and compounded with Windows sealed ASU
2. "only" and "Sceen-Mesh on Air Intake/Exhaust" to cause degredative Heat
3. Conditions to make dizzy, headaches, and EOP's injure themselves to get
4. out call for normal Air & Relative Humidity, to prevent cruel punishment,
5. Unless the Court intervens will continue. Therefore enforcement of
6. Courts May 2005, ORDER should be granted, for reasons above and Rule 65(a)
7. Dated: August 20, 2007.

Respectfully submitted

*David W. Wilson*

David W. Wilson
Plaintiff

# AFFIDAVIT OF STATEMENT

David W. Wilson, states under penalty of perjury:

1. I am the Plaintiff in above-entitled case. I make this Affidavit in support of my motion for Enforcement.

2. On March 9, 2007, I received from my Civil Court case ORDER Exhibit EB, to file Seconded Amended Complaint, and Exhibit EB(2), to seek enforcement of injunction in Coleman case, signed by Judge Exhibit EB(5).

3. On April 3, 2007, I filed Second Amended Complaint in U.S.E.D. Court.

4. On April 22, 2007, I was placed in Ad-Seg in reprisal to TRO "single cell."

5. On April 25, 2007, I sent Request to Unit Sgt. to "Open Window" for 80's degrees and screens on Intake & Exhaust vents violating Court ORDERS 2005 Coleman, and screens recently placed in M-3, for I lived in M-3 EOP & screens on Air-Vents "were not" here. This compounds Air-Circulation denied with metal screens on Inside & Outside Windows. Which Windows sealed in Ad-Seg & Not mainline EOP/GP. is discrimination, Exhibit W(A), which Sgt. later responds: Unit Designed (RE-MODELED) with Plant Operation-Head quarters Approval. Remodled Screens been Evaluated for Ad-Seg as suicide prevention/security measures that is consistant with all court ORDERS. "False"

6. On May 4, 2007, I received letter from Warden in response to my letter on Heat Conditions, which prove Sgt's response "False" Exhibit W(A), for Warden letter Exhibit W(A)1, at W(A)1b, [These screens have an access panel allowing Correctional Officers (C/o) to Open and close the window. This allows the C/o to increase or decrease the airflow in a particular cell.]

7. On May 8, 2007, I wrote Warden, HUBBARD letter Request it's over 90° & Ad-Seg we have "No" fans in cells as mainline EOP, Windows sealed & we Cannot Open Windows as mainline EOP/GP. Which although there is small access panel on inside screen it has 8 screw bolts & officers will not open & claim. Plant Operations issue. Which your Memo page 2 states

page 6

1. different; which is discrimination for reasons explained in attached GA-22,
2. Ad-Seg Sgt. denys Exhibit W(A), ..., This is cruel punishment No Air,
3. Exhibit W(A)2.
4.    8. On June 13, 2007, I wrote Coleman Attorney's letter and Request will you
5. have the Court have CDCR comply ORDERS of 2005, to remove screen/mesh from
6. Air-Vents, your office sent me copy 2006. I filed this in 7-17-06, TRO in
7. above case, which the Court after First Amended Complaint; 3-9-07,
8. ORDERED page 2, seek enforcement through Coleman, which if you will review
9. attached Request W(A), W(A)1, 1b, W(A)2, Windows have been sealed closed &
10. Not other Ad-Segs CMF. Wich is Discrimination ADA? I Know Guards
11. act as God in CMF & Control our "Air & Right to Air," So would you intervene on
12. this issue, also to prison Union & CMF GOD's for Courts have No control of
13. CMF & Guards & it's 100 degrees today for we in M-3 have No Air Condition
14. as Old EOP Ad-Seg P-3, DMH Now has air-conditioning, & We receive "No"
15. Ice Drinks as EOP mainline & General Population, Dinner. P.S. can you
16. forward this & documents to Joseph Michael Keating, Exhibit W(A)3.
17.    9. On June 28, 2007, I received response from Coleman Attorneys, No relief
18. and ineffective assistance of counsel, Exhibit W(A)4.
19.    10. On July 26, 2007, I wrote letter and sent all above documentation to
20. Col. OSH for relief, Exhibit W(A)5.
21.    11. On July 31, 2007, I received response to Exhibit W(A)2, W(A), from Warden's
22. Office that Unit Temperature Log for May was highest 86 degrees and with
23. in protocols, Yet! in June, July temperature exceeded 100 degrees and
24. when temperature taken In cells C/o's opens door food tray slot and the
25. temperature drops 5 to 10 degrees in cell, for No Heat Alert and C/o's do not
26. have to work passing out Ice, Ice Drinks, Exhibit W(A)6, which is
27. deliberate indifference, objective recklessness to cause cruel and
28. unusual punishment where the Relative Humidity is effected by screens on

Air Intake/Exhaust vents, which relief must be given.

12. I have placed a copy of these papers in the institutional mail, to serve the Attorney General and <u>Coleman</u> Attorney's, Because of the urgency of the situation, set forth in paragraph's 5, 7, 8, 10, supra no further efforts should not be required, as set forth before the Court.

Wherefore, the Court should grant Enforcement of its May 2005 ORDER.

Dated: <u>August 20, 2007.</u>

*David W. Wilson*
David W. Wilson

I declare under penalty of perjury that the forgoing is true and correct, and it was executed this day at California Medical Facility dated: <u>August 20, 2007.</u>

*David W. Wilson*
David W. Wilson
Plaintiff
In Pro Per

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON, et al.,

v.

GOVENOR, ARNOLD SCHWARZENEGGER, et al.,

Case Number: CIV-S-90-0520-LKK-JFM

## PROOF OF SERVICE

I hereby certify that on August 20, 2007, I served a copy of the attached MOTION FOR ENFORCEMENT,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at California Medical Facility.

(List Name and Address of Each Defendant or Attorney Served)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
CLERK OF COURT
501 "I" Street, Rm. 4-200
Sacramento, CA 95814

OFFICE OF THE ATTORNEY GENERAL
1300 "I" Street, Suite 125
P.O. Box 94255
Sacramento, CA 94244-2550

ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
P.O. Box 390
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct.

*David W. Wilson*

(Signature of Person Completing Service)

Exhibit EB

received 3-9-2007

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,                  No. CIV S-06-1391 FCD EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.            ORDER
_____/

       Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On November 9, 2006, the court dismissed plaintiff's complaint with leave to file an amended complaint. On December 13, 2006, plaintiff filed a first amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3   support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467
4   U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt*
5   *Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
6   this standard, the court must accept as true the allegations of the complaint in question, *Hospital*
7   *Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light
8   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v.*
9   *McKeithen*, 395 U.S. 411, 421 (1969).

10   In his complaint, plaintiff alleges that he is currently receiving psychiatric medication,
11   namely Haldol, which causes his body temperature to vary uncomfortably. He alleges that this is
12   exacerbated by poor air circulation and lack of adequate cooling measures. Because of this, he
13   has sought relief by filing administrative appeals and state court actions. Plaintiff refers to the
14   stipulated injunction in *Coleman*,[1] and complains that the measures undertaken to comply with
15   that injunction are insufficient. Based on that claim, and his allegations that the adverse side
16   effects from his psychiatric medication, Haldol, are not being properly managed, it appears that 
17   plaintiff is seeking enforcement of the *Coleman* injunction. If so, the appropriate procedure is to
18   seek relief in that ongoing litigation.

19   Plaintiff alleges claims under the Americans With Disabilities Act. The Act states in
20   pertinent part: "Subject to the provisions of this subchapter, no qualified individual with a
21   disability shall, by reason of such disability, be excluded from participation in or be denied the
22   benefits of the services, programs, or activities of a public entity, or be subjected to
23   discrimination by any such entity." 42 U.S.C. § 12132. To allege a prima facie case under the
24   ADA, plaintiff must allege (1) he is a qualified individual with a disability; (2) he was excluded

---

[1] *Coleman v. Schwarzenegger, et al.*, Case No. CIV S-90-0520 LKK JFM P.

2

4. The Clerk of the Court be directed to serve a copy of plaintiff's complaint on Michael Keating, Special Master, and plaintiffs' class counsel in *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P.

Dated: March 7, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 4-25-07 | Sgt. Kretsch Ad-Seg | WILSON | K66474 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
|---|---|---|---|---|
| M-3- | #315 | Ad-Seg EOP | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.): Paralegal Correspondence
ASSIGNMENT HOURS FROM / TO

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Sgt. Kretsch I requested of Lt. Providence to have "Window Opened" for 90's degrees Weather today. Which with Metal Screens having been placed on Intake & Exhaust Vents violating Court ORDERS 2005 Coleman, Which Screens on Air-Vents were recently placed in M-3, for I lived in M-3 EOP & Screens on Air-Vents were not here. This compounds Air-Circulation denied with Metal Screens on Inside & Outside Windows, Which with Windows sealed in Ad-Seg & Not mainline EOP/G.P. is discrimination; And violates case of WILSON v. CDCR, No. 2:06-CV-01391-FCD-PAN-(JFM AMENDED COMPLAINT filed this month. Therefore request Opened Window.
C.C. Warden Hubbard; Industrial Prison Safety Committee; Media; Courts.

INTERVIEWED BY: W. KRETSCH SGT     DATE: 5-4-07

DISPOSITION: There is NO Discrimination involved in your housing status. You have been placed in Disciplinary Detention, a housing unit specifically designed (RE-MODELED) with Plant Operations - Headquarters approval on the design. The RE-Modeled screens have been evaluated for Ad-Seg units as a suicide prevention/security measure that is consistant with all existing court orders - building codes - and new security measures

State of California  Case 2:90-cv-00520-KJM-SCR    Document 2387  Department of Corrections and Rehabilitation  Filed 08/23/07    Page 14 of 20

Exhibit W(A) 1

# Memorandum

received 5-4-2007

Date : April 27, 2007

To : David W. Wilson
K-66474
M-207

From : California Medical Facility, Vacaville, CA 95696-2000

Subject : HEALTH & SAFETY CONCERNS

This is in response to your correspondence dated March 20, 2007, wherein you indicate your concern for the presence of mold located between the security screens and exterior windows of L-3, P-3, and I-3. In addition your correspondence referenced your concerns in regards to the placement, use and operation of swamp coolers.

In response to your mold concerns, Joe McAtee, Fire Chief/Institutional Health & Safety Officer, and Wendy Hogle, Associate Hazardous Materials Specialist, performed an inspection of the identified areas. They also met with you on the day of their inspection to address their findings.

As part of their review random cells in the units identified were inspected. Although these cells were negative for the presence of mold, it was apparent in Unit L-3 and I-3 that there was debris, such as food wrappers, and paper products inbetween the security screens and the exterior windows. P-3 is currently in the process of being renovated and no inmates are housed in this wing at the present time.

Currently, a housekeeping practice is in place to have debris removed from between the security screen and the exterior windows. Typically, when cells become vacant they are cleaned as deemed necessary. This may include the removal of the security screens for cleaning, repairs and replacement prior to the cell(s) being reoccupied.

Sean Vandermay, Correctional Plant Supervisor, performed a thorough review of your swamp cooler issues. In accordance with CMF's established heat plan, once the inside temperature reaches 90 degrees, hourly temperature checks of all housing units are conducted. CMF utilizes many different measures to cool housing and living areas down, including rotation of several portable swamp coolers throughout the institution during periods of extreme hot weather in an effort to cool down the inside temperatures. Plant Operations staff will investigate the feasibility of your request for installation of a swamp cooler in the window of the M-2 dayroom, including water and power availability. As for the other swamp coolers not working, Plant Operations staff systematically repairs and/or replaces malfunctioning swamp coolers in preparation for use in warm weather conditions. Additionally, individual swamp cooler repairs are made during the warm weather months as necessary.

David W. Wilson
K-66474
M-207
Page 2

The security screens installed on the inside of the cell windows are deemed necessary by CMF for the safety and security of the institution and shall not be removed. These screens have an access panel allowing Correctional Officers (C/O) to open and close the window. This allows the C/O to increase or decrease the airflow in a particular cell. Plant Operations does assist when necessary for the removal and replacement of these screens, in order to clean or replace these windows.

If you have any further questions, please continue to address them through the Request for Interview Process.

SUZAN L. HUBBARD
Warden (A)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
GA-22 (9/92)

## INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 5-8-2007 | Warden, SUZAN L. HUBBARD | WILSON | K66474 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|---|---|---|---|---|---|
| M-3- | #315 | Ad-Seg (EOP) | | | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM | TO |
|---|---|---|
| | | |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

In Your attached Memo of 4-27-07, you state individual Swamp Cooler repairs are made during the Warm Weather months as necessary. It's May 8, 2007, over 90° & in Ad-Seg we have "NO" fans in cells or mainline EOP, GP, and "OUR" Windows are Sealed with mesh screen In/outside, "Not" done M-2 mainline EOP I came from & "We" cannot open Windows as mainline EOP/G.P., Which although there is small access panel on inside screen it has 8 screw bolts & officers will not open & claim Plant Operations issue. And your Memo Page two states different. Which is discrimination for reasons explained in attached GA-22, Ad-Seg. Sgt. denys Exhibit W(A). Also Hallway fans are turned away from back cells 3rd Watch & as portable cooler CO's Dr's Office last year. This is cruel punishment No air. C.C. Courts & Coleman & Restraining Order Request Air Condition Cell Ad. P.S. [illegible] windows open.

INTERVIEWED BY                                         DATE

DISPOSITION

David W. Wilson K66474  Exhibit W(A)3
CMF, M-3-#315
P.O. Box 2000
Vacaville, CA 95696

                                    C.C.
June 13, 2007

To: Michael Bien, Attorney
    Rosen, Bien & Galvan, 315 Montgomery St, 10th Fl, S.F., CA 94104

Re: Request CDCR Compliance Court ORDER 2005, Remove Screen Mesh Over Air Vents Ad-Seg
EOP & All Prisons? CMF & Request Windows "Opened" CMF For Air To Breath Pursuant
Wardens ORDER & Court Case No. 2:06-CV-0139L-FCD-PAN-(JFM) WILSON V CDCR

Dear Mr. Bien "I have not talked to you since August 8, 2005, here at CMF, and I
want you to know I am aware of all you Rosen, Galvan & Paralegals do for us
Inmate's above and beyond your duties as Coleman Attorney's, Thank You

Therefore will you have the Court have CDCR comply ORDERS of 2005, to remove
Screen/mesh from Air-Vents, your office sent me copy 2006, and I filed this in 7-17-0
TRO in above case. To which the Court after First Amended Complaint 3-7-07,
ORDERED page 2, it appears that plaintiff is seeking enforcement of the Coleman injuncti
If so, the appropriate procedure is to seek relief in that ongoing litigation
    Sir! the reason I am seeking relief of Screen/Mesh on Air-Vents placed in "New" EOP AJ S
2-2007, Unit M-3, I am now in & Violation of Court Order Coleman case.
    I Typed Second Amended Complaint Wilson v. CDCR on 4-3-07, & this was requested, als
Windows to be put in working opening & closing condition. Here at CMF "New" EOP Ad-Seg
Windows have been sealed closed & Not other Ad-Segs CMF, which is discrimination ADA?
Which if you will review attached Request Exhibit W(A), to Sgt. he responds this is consist
with Court Orders. Yet! Wardens letter proves false Exhibit W(A)1, W(A)1b at 1b, which
Request to Warden Exhibit W(A)2, Explains & No response.
    I know Guards act as GOD in CMF & control our "Air & Right to Air," So would you interven
on this issue, also to prison Union & CMF GODs for Courts have No control of CMF & Guards
& it's 100 degrees today for We in M-3 have No Air Conditioning as old EOP Ad-seg P-3, DMI
Now has air-conditioning, & we receive "No" Ice Drinks as EOP mainline & General population
Please! mention this to Union & CMF GODs for Satan & Warden, HUBBARD keeps it hot in HELL

P.S. can you forward copy this & documents    Thank You   David W. Wilson
to Joseph Michael Keating or
jmichaelkeatingjr @ yahoo.com

# ROSEN, BIEN & GALVAN, LLP
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104

June 26, 2007

received 6-28-2007

**CONFIDENTIAL - LEGAL MAIL** Heat Condition/Windows & Single Cell Lawsuit

David Wilson, K-66474
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696

Re:   *Coleman v. Schwarzenegger*
      Our File No. 489-3

Dear Mr. Wilson:

This is in response to your letters dated June 13 and June 18, 2007, which we received on June 15 and June 22, 2007. We are not able to respond to all letters individually. If we need more information from you, or if we have important information to give you, we will write back to you. **If not, this is the only response you will receive.** We are returning any original documents you may have sent to our office.

You wrote about mental health care in the CDCR. We are sending this form letter response either because your letter was providing information only and does not require a personalized response, or because we are unable to take action at this time to address the concerns raised in your letter. Please refer to the Frequently Asked Questions (FAQ) handout that we previously sent you, since a wide range of mental health related topics are covered in that packet.

We apologize for this impersonal response. We regret that this is the only way we are able to address the hundreds of letters that we receive from prisoners each week. Please know that we read and summarize every single letter that we receive from class members, whether or not we are able to send back a personal response. The information you provide about problems in the prisons is very useful in our efforts to improve the CDCR's mental health treatment programs. We encourage you to continue to inform us of any new problems with the CDCR's mental health treatment programs.

Thank you for writing, and good luck.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

By: Kathleen Johnson-Silk
    Paralegal

JK:kjs
Encl. Orig.

David W. Wilson K#64474
CMF, M-3-#315
P.O. Box 2000
Vacaville, CA 95696.

Exhibit W(A)5

July 26, 2007        c.c.

To: Mr. Robert E. McDowell, District Manager, Occupational Safety & Health
    1450 Eneo Circle, Suite 525, Concord, CA 94520

Re: Request Inspection Intervention Closing CMF M-3 Unit Segregation For Screens Denying Air To Breath On Intake/Exhaust Denying Court ORDER & Windows Sealed Denying Warden's ORDER For Mental Prisoner's Suffering "Heat" & Conditions

Mr. McDowell Sir! I request your inspection and if violations seen that California Medical Facility Units M-3, I-3, closed until compliance with Court ORDER, & modifications made to Air Intake/Exhaust Vents and Window Inside Screens Mesh denying Air-To-Breath, for Mental Inmate's on Heat Effective Medication & Severe Heat causing to suffer.

After contacting Gov't Agencies, Newpapers/Media, U.S. Dept of Labor had you address me a letter 7-27-06, & sent OSH Guidelines, hereto attached Exhibits 7(F)25, a, b, c, to which once released from Segregation Unit I addressed Prison Industry Safety Comittee & Notice to Warden & sent OSH Guidelines, Exhibits 7(F)29, 7(F)30, which I addressed Mold & Metal Screens, & that Old Segregation Unit P-3, has Air-Conditioning Yet! now part of Dept. of Mental Health (DMH) which is seperate entity from CMF, Exhibit 7(F)30.

On 4-3-07, I filed Second Amended Complaint hereto page 1, 2, & 15, 16, PRAYERS FOR RELIEF, & On 4-20-07, I was placed back in "New" Segregation Unit M-3, for reprisal to Court Motions, on 4-25-07, I wrote Unit Sergeant to have "Windows opened" & Metal Screens on Air Intake/Exhaust Violating Court Orders, Exhibit W(A), who states this is approved design, "False" On 5-4-07, I receive response from Warden, Exhibit W(A)1, (A)1b, to Exhibit 7(F)30, Yet! W(A)1b, by Warden proves W(A) by Sgt. "Foise", Which I contacted Warden of this 5-8-07, Exhibit W(A)2, "No" response.

On 6-13-07, I wrote Coleman Attorney's & sent above for Compliance to Court ORDERs to Remove Screen Mesh over Air Vents Ad-Seg & Windows Open for Court Coleman V. Schwarzenegger case No. CIV-S-90-3520-LKK-JFM, May 2005, where screens to be removed, Coleman case Calif. Mental Prisoner's put under Court jurisdiction, Exhibit W(A)3, letter, which Coleman Attorney's on 6-28-07, respond unable to respond individually Exhibit W(A)4.

Sir! In 1993 Inmate's Died Death at CMF I-3 due to Heat Conditions resulting in Coleman Case, Then there were "No" Screens on Air-Vents, Outside/Inside Windows, & Windows Sealed.

I request Inspection of CMF Segregation Unit(s) for Compliance to Air to Breath Safety & Health of Heat Conditions & if in violation Units closed until impediments removed.

Thank You, David W. Wilson

# Memorandum

Date: June 8, 2007

received 7-31-2007
With W(A) attached

To: INMATE WILSON
K66474
M-315

From: California Medical Facility, Vacaville 95696-2000

Subject: **RESPONSE TO REQUEST FOR INTERVIEW**

This is to acknowledge receipt of your Request for Interview dated 5/8/07 and 4/25/07 wherein you allege that the inside temperature in M-3 is so hot that it constitutes cruel and unusal punishment.

Your complaint was investigated by Correctional Counselor I, Mr. D. Bustamente on my behalf. He reviewed the Unit Temperature Logs for the month of May. The review revealed the highest temperature recorded was 86 degrees on May 7, 2007. This temperature is well within the established Heat Plan protocols. Additionally, Mr. Bustamente observed that the fans and swamp coolers in the unit were fully operational.

In the future, I encourage you to use the Inmate 602 Appeals process to address your issues and concerns.

SUZAN HUBBARD
Warden (A)