1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11          Plaintiffs,                    No. CIV S-90-0520 LKK JFM P

12      vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,

14

15          Defendants.                    ORDER
     _____/

16          On July 30, 2007, the special master filed his eighteenth round monitoring report.

17   On August 9, 2007, plaintiffs filed a request for relief based on findings in the eigthteenth round

18   monitoring report.  Plaintiffs seek a series of orders designed to remedy what they describe as

19   "the disproportionate and inappropriate" use of force against class members housed at California

20   State Prison-Corcoran (CSP/Corcoran).  (Plaintiffs' Request for Relief, filed August 9, 2007, at

21   14.)

22          The special master's eighteenth round monitoring report contains several findings

23   responsive to comments plaintiffs submitted to him in response to his draft eighteenth round

24   monitoring report.  See Eighteenth Round Monitoring Report, filed July 30, 2007, at 335-339.

25   Those findings include a description of the "characteristics" of CSP/Corcoran and "its particular

26   population" to put into context the higher rate of incidents reported from CSP/Corcoran when

                                              1

compared to many other institutions within the California Department of Corrections and

Rehabilitation.  The special master finds that the rate of use of force incidents involving mental

health inmates at CSP/Corcoran is four percent higher than those involving all inmates at the

same institution.  See id. at 337.  He describes this percentage difference as "relatively small,"

but specifically notes that "it does not mean that use of force is no longer of concern at

CSP/Corcoran."  Id.  He informs the court that in the twentieth monitoring period, the monitor

"will re-focus on use of force, with examination and reporting to compare force used in incidents

involving mental health inmates with those involving non-mental health inmates" and  that

"[a]ny signs of change for the worse must draw timely and meaningful reaction."  Id. at 338.  He

finds that

> [t]he data gathered during the Eighteenth Monitoring Period does
> not necessarily signal a systemic failure of the existing policy to
> avoid unjustified use of force at CSP/Corcoran.  The more
> plausible explanation for the higher rate of incidents and use of
> force in incidents involving mental health inmates may well be a
> failure of implementation of the policy rather than a flaw in the
> policy itself.

Id.  The special master concludes that, while the requests made to him by plaintiffs are not

warranted by the findings made in the eighteenth monitoring period, appropriate

recommendations will be made in the next monitoring period if warranted by subsequent

findings of the monitor.  Id. at 338-9.

The special master concludes his eighteenth round monitoring report with a list of

eight significant and substantial reports and plans due from defendants in June, July and August

of this year, as well as a reference to additional requirements to emanate from part C of his

seventeenth round monitoring report.[1]  The special master correctly observes that

---

[1]  Those requirements, for defendants to develop two additional plans, one for
"identifying and developing the changes deemed necessary to broaden the impact of the mental
health assessment process in prison disciplinary matters on 3CMS inmates, testing those changes
and implementing them systemwide," and one for a "plan, funding proposal and timetable for
implementing an effective staff recruitment capability and strategy" were ordered by this court
on August 2, 2007.

1     [t]hese plans and reports presage a great deal of intensive study
and reassessment for mental health programming for <u>Coleman</u>
2     plaintiff class members not only in CDCR institutions but in DMH
programs as well.  The task for the parties, particularly defendants,
3     is weighty and far reaching.  Because there is so much work to be
done, it is now time to focus on defining and implementing the
4     changes that will emanate from these many plans and reports.  It is
not a time to make additional recommendations that would
5     generate yet further orders imposing more tasks that the parties'
resources cannot reasonably be expected to manage.

6

7  Eighteenth Monitoring Report, at 341.

8        The court has carefully reviewed the plaintiffs' request for relief and the special

9  master's findings concerning use of force incidents at CSP/Corcoran.  Plaintiffs' request keeps

10  on the table an issue that must, and will, be the subject of remedial relief if there is not a change

11  for the better in the apparent trend of use of force incidents at CSP/Corcoran.  However, the

12  court concurs in full with the special master's finding that the tasks before the parties in this

13  action, and in particular before the defendants, are at a significantly high level, and that

14  successful accomplishment of those tasks is critical.  The court is also satisfied that the special

15  master will monitor carefully the use of force at CSP/Corcoran and report back to the court in the

16  twentieth monitoring period.

17        For these reasons, IT IS HEREBY ORDERED that plaintiffs' August 9, 2007

18  request for relief is denied without prejudice.

19  DATED:  August 27, 2007.

20

21

22                 LAWRENCE K. KARLTON
                    SENIOR JUDGE
23                 UNITED STATES DISTRICT COURT

24

25

26