PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>  Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **MOTION FOR AN EXTENSION OF TIME TO SUBMIT A REPORT REGARDING THE FUNDING AND COMPLETION OF SMALL MANAGEMENT YARDS** |

On August 29, 2007, defendants filed an ex parte motion seeking a 45-day extension of time to comply with this Court's June 1, 2007[1] order regarding defendants' plan to build sufficient small management yards to comply with Title 15 exercise requirements. Plaintiffs object to defendants' request to the extent that it seeks to change the substantive requirements of the underlying order. Plaintiffs also dispute defendants' calculations regarding the number of small management yards required to meet Title 15 exercise requirements.

**I.   Defendants' *Ex Parte* Request Does Not Address The Full Remainder Of Small Management Yards Required To Meet Title 15 Exercise Requirements For Inmates In Administrative Segregation**

Defendants currently have "only 719 of the 1,480 small management yards required to give necessary out of cell exercise time to inmates in administrative segregation." 6/1/07 Order at 2. This leaves a deficit of 761 yards. Of those 761 yards, defendants are currently constructing 86 and have sought legislative funding for the *design* (not construction) of 179 additional yards in the 2007/2008 budget. *Id.* at 2; Docket 2393 at 2. Rather than address the remaining 496 yards necessary to comply with Title 15 exercise requirements, however, defendants' *ex parte* request refers only to a plan to build 262 additional small management yards. Docket 2393 at 2. Accordingly, this Court should grant an extension of time to submit the relevant report only on the condition that the final plan account for all 496 outstanding yards.

**II.  Defendants' *Ex Parte* Request Suggests That Defendants Have No Intention Of Complying With The Substance Of The June 1, 2007 Order Regarding The Planning And Construction Of Small Management Yards**

The June 1, 2007 order requires, in relevant part:

> Within ninety days from the date of this order defendants shall submit a plan that will satisfy their need for sufficient small management yards to meet Title 15 exercise requirements for inmates in administrative segregation. *This plan shall call for the funding and completion of the remaining yards by the end of fiscal year 2008/2009.* The plan shall also include provisions for better utilization of the existing small management yards and coordination with available staff to maximize yard usage.

---

[1] Defendants refer to this order according to the date it was signed by the Court, which was May 31, 2007. The order was filed on June 1, 2001, however and is Docket 2255.

6/1/07 Order at 3 (Docket 2255) (emphasis added).

Despite a requirement that defendants' plan include a deadline of fiscal year 2008/2009 (or June 30, 2009) to fund and complete construction of the remaining small management yards, defendants *ex parte* request for an extension of time raises a concern that defendants will not comply with this deadline. First, defendants still need to build 496 small management yards in order to comply with Title 15 exercise requirements, yet they represent in the *ex parte* request that their current plan includes only 262 yards. Docket 2393 at 2. This means that they have not even begun to plan for 234 yards. Second, defendants state no concrete timeline to design and construct even the 262 deficient yards, stating only that "we *will* provide a schedule for design and construction of the remaining [262] small management yards." Docket 2393-3 at ¶ 8 (Hysen Declaration) (emphasis added). This Court has already established a June 30, 2009, deadline for the completion and construction of the remaining yards. Defendants have no discretion to alter that deadline and plaintiffs object to the *ex parte* request to the extent that defendants seek to do so.

## CONCLUSION

For all of the reasons stated above, plaintiffs respectfully request that any order issued in response to defendants' *ex parte* request for an extension of time to submit a plan regarding small management yards restate the June 30, 2008 deadline to complete construction of those yards and mandate that all 496 yards be included in the plan (in addition to the 86 yards currently under construction and the 179 yards funded through the design phase).

Dated: September 5, 2007            Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Amy Whelan*
    AMY WHELAN
    Attorney for the Plaintiffs