1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11              Plaintiffs,              No. CIV S-90-0520 LKK JFM P

12         vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,
14
                Defendants.              FINDINGS & RECOMMENDATIONS
15   _____/

16              Plaintiffs are state prisoners proceeding through counsel with this class action

17   challenge to the delivery of mental health care to seriously mentally ill inmates confined at most

18   institutions within the California Department of Corrections and Rehabilitation (CDCR).  This

19   matter is before the court on plaintiffs' motion to compel payment of disputed fees and costs in

20   the third and fourth quarters of 2006.[1]  By this motion, plaintiffs seek to establish their

21   entitlement to attorneys' fees and costs for work performed on three discrete matters and an order

22   requiring defendants to meet and confer with them concerning the precise amount of the fees and

23   costs in accordance with procedures agreed to by the parties.  See Stipulation and Order for

24   _____

25        [1]  This court heard oral argument on the motion on September 5, 2007.  Amy Whelan,
     Esq., and Ernest Galvan, Esq., appeared as counsel for plaintiffs.  Misha Igra, Deputy Attorney
26   General, and Lisa Tillman, Deputy Attorney General, appeared as counsel for defendants.

Periodic Collection of Attorneys' Fees and Costs, filed March 19, 1996 (hereafter March 19, 2006 Stipulation and Order).  Defendants oppose the motion.

Plaintiffs seek payment of fees and costs for work performed on three matters during the third and fourth quarters of 2006.  First, they seek payment for work on their November 13, 2006 motion to convene a three-judge panel to limit the prison population in the CDCR.  Second, they seek payment for work on their November 2, 2006 motion for temporary restraining order and preliminary injunction to enjoin then-pending out-of-state inmate transfers.  Third, they seek payment for work on their of July 13, 2006 motion for discovery.  Plaintiffs contend that their entitlement to such fees is governed by the standard of review set forth in the March 19, 2006 Stipulation and Order, which is "whether the services were useful and necessary to ensure compliance with the Decision and Order dated September 13, 1995," that said standard of review "comports with current law," and that all three areas of work are compensable under that standard.  Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Third and Fourth Quarters of 2006, filed July 25, 2007, at 4.

In opposition to the motion, defendants contend that the applicable standard of review is that set forth in the attorneys' fees provisions of the Prison Litigation and Reform Act of 1995, 42 U.S.C. § 1997e(d), and that none of the matters for which compensation is sought meet the statutory standards.

I. Standard of Review

As noted above, in March 1996, the parties entered into a stipulation to govern periodic collection of attorneys' fees and costs by plaintiffs' counsel during the compliance phase of this litigation.  That stipulation was made an order of the court on March 19, 2006.  In relevant part, the March 1996 Stipulation and Order provides for the filing of yearly motions to compel payment of any disputed billing items, and that "[t]he standard of review to be applied to the disputed billing items will be whether the services were useful and necessary to ensure

/////

1  compliance with the Decision and Order dated September 13, 1995." (March 19, 2006

2  Stipulation and Order, at 3-4.)

3          In September and December 1996, plaintiffs brought motions to compel payment

4  of disputed attorneys fees and costs for the first and second billing quarters of the remedial phase

5  of this action.  At issue on those motions was the extent to which the attorneys' fees provisions

6  of the PLRA would apply to work done by plaintiffs' counsel in this action.  On August 15,

7  1997, this court issued findings and recommendations including, inter alia, a recommendation

8  that defendants contention that the PLRA limits the attorneys fees which may be awarded in this

9  action be rejected.  By order filed September 30, 1997, the district court adopted the August 15,

10  1997 findings and recommendations in full.  On October 17, 1997, defendants filed a notice of

11  appeal from the September 30, 1997 order.

12          On December 17, 1998, defendants' appeal was dismissed pursuant to stipulation

13  of the parties.  That stipulation was part of a broader stipulation reached by the parties to dismiss

14  another action filed in this court, Gates v. Gomez, No. CIV S-87-1636 and to transition issues

15  remaining in Gates into this action.  See Stipulation and Order Amending Plaintiff Class and

16  Application of Remedy in Coleman, filed December 24, 1998 (hereafter December 24, 1998

17  Stipulation and Order), at ¶ 3.  The December 24, 1998 Stipulation and Order includes the

18  following paragraph relevant to plaintiffs' attorneys' fees and costs:

19              5.  Defendants agree to comply with the existing Court
         orders in Gates and Coleman concerning compensation to
20       plaintiffs' counsel for their reasonable legal fees and expenses for
         all work performed until the case is dismissed by the Court.
21       Plaintiffs waive any rights to seek further increases in hourly rates
         in Gates.  Defendants further agree to waive any right to
22       recoupment, refund or set-off for fees and expenses that have been
         paid or will be paid to plaintiffs' counsel in Gates or Coleman for
23       any reason, including, but not limited to, the PLRA, up to and
         including the end of the quarter in which the Gates case is
24       dismissed by the Court.  Defendants agree to continue to comply
         with the Coleman Court orders concerning compensation of
25       plaintiffs' counsel from that date forward, but reserve the right to
         seek recoupment, refund or set-off, based on the PLRA, beginning
26       with fees paid for work performed on the first day of the quarter

3

1  following dismissal of the <u>Gates</u> case.  In the event plaintiffs'
   counsel are required to refund any part of the fees paid to them in
2  <u>Coleman</u>, defendants agree that the payment can be made over the
   course of a year.  *The parties agree to be bound by the decision of*
3  *the Ninth Circuit in <u>Madrid v. Gomez</u>, No. 97-16237, when final,*
   *as to the application of the PLRA for monitoring work, assuming*
4  *the Supreme Court has not held to the contrary in another case.*

5  (December 24, 1998 Stipulation and Order, at ¶ 5 (emphasis added.)

6          On August 30, 1999, the United States Court of Appeals for the Ninth Circuit

7  issued its decision in <u>Madrid</u>.  <u>See</u> <u>Madrid v. Gomez</u>, 190 F.3d 990 (9th Cir. 1999).  Therein,

8  applying the decision of the United States Supreme Court in <u>Martin v. Hadix</u>, 527 U.S. 343

9  (1998), the court of appeals held that, for cases pending at the time the attorneys' fees provisions

10 of the PLRA were enacted, the provisions did not apply to work performed prior to enactment of

11 the PLRA but did apply to work performed after enactment of the statute.  <u>See</u> <u>Madrid</u>, at 995.

12 The provisions referred to by the court of appeals include both the maximum hourly rate set forth

13 in the PLRA and the provisions of 42 U.S.C. 1997e(d), which, in relevant part for this action,

14 limits recovery to fees "directly and reasonably incurred in enforcing the relief ordered" for a

15 constitutional violation.  <u>See</u> <u>Madrid</u>, at 993-94.[2]

16         In view of the December 24, 1998 Stipulation and Order, and the court of appeals'

17 decision in <u>Madrid</u>, this court finds that the proper standard of review on this motion is the

18 standard set forth in 42 U.S.C. § 1997e(d)(1)(B)(ii).  Under that standard, plaintiffs are entitled to

19 fees and costs "directly and reasonably incurred in enforcing the relief ordered for the"

20 constitutional violation found in the district court's September 13, 1995 order.

21 /////

22 /////

23 /////

24

25    [2]  Defendants' argument that plaintiffs must separately prove a violation of prisoners'
   rights in order to collect fees during the compliance phase of this litigation are without merit.  <u>See</u>
26 <u>Webb v. Ada County</u>, 285 F.3d 829, 834-35 (9th Cir. 2002).

1    II.  Application

2          A.  Motion to Convene Three-Judge Panel

3                As noted above, the first matter for which plaintiffs seek compensation is their

4    November 13, 2006 motion to convene a three-judge panel to address prison overcrowding.

5    Defendants oppose this part of plaintiffs' motion on several grounds.  Only one merits further

6    discussion.[3]  Defendants contend that "whether the motion was useful and necessary remains to

7    be resolved."[4]  Defendants' Opposition to Motion to Compel Disputed Attorneys' Fees and

8    Costs, filed August 9, 2007, at 9.  Specifically, defendants contend that while plaintiffs achieved

9    a procedural victory, no substantive relief has been ordered, and may never be ordered.  They

10   further note that the district court's order to request a three-judge panel is presently pending on

11   appeal.

12                In the order granting plaintiffs' motion to convene a three judge panel, the district

13   court found in relevant part that "defendants' mental health care delivery system has not come

14   into compliance with the Eighth Amendment at any point since this action began," that "[t]he

15   orders of this court issued from 1995 through the present have failed to remedy the

16   constitutionally inadequate delivery of mental health care to CDCR inmates," and that this

17   "failure appears to be directly attributable to overcrowding and the consequent inability to staff

18   the caseload."  Order, filed July 23, 2007, at 6-8.  The district court concluded that "the

19   overcrowding crisis in the CDCR is preventing the delivery of constitutionally adequate mental

20   /////

21   _____

22        [3] Defendants' contention that the motion should be denied because plaintiffs did not meet
     and confer with defense counsel prior to filing the motion, as required by the March 19, 2006
23   Stipulation and Order, does not, on this record, require denial of the motion where, as here, it is
     apparent that defendants take the position plaintiffs are not entitled to recover any fees and costs
24   for this work.  Defendants' contentions concerning the precise amount of the fees and costs that
     may be recoverable are premature.

25        [4] Despite their vigorous assertion that PLRA standards of review apply to this motion,
     defendants have in this section of their opposition cited to the "useful and necessary" standard
26   from the March 19, 2006 Stipulation and Order.

1  health care to the plaintiff class and, therefore, that some form of limitation on the inmate

2  population must be considered." Id. at 13.

3      Given these findings, it is quite clear that the fees and costs incurred by plaintiffs

4  in connection with their motion to convene a three-judge panel were "directly and reasonably

5  incurred in enforcing the relief ordered" for the sweeping Eighth Amendment violation found in

6  the district court's September 13, 1995 order.  Plaintiffs' motion will be granted as to time spent

7  on their November 13, 2006 motion.

8      B. Temporary Restraining Order

9      Plaintiffs also seek fees and costs for work on their November 2, 2006 motion for

10  temporary restraining order, filed in connection with defendants' then-imminent plan to transfer

11  80 inmates to out-of-state facilities.  Defendants contend that plaintiffs are not entitled to fees

12  and costs for work on this motion because plaintiffs knew for almost a month and a half prior to

13  filing the motion that the plaintiff class would be excluded from the transfers, and because the

14  motion was ultimately denied.  Defendants' contention obscures the real issues tendered to the

15  district court on the motion for temporary restraining order.

16      Plaintiffs' motion was grounded in contentions that defendants had "failed to

17  adequately ensure that appropriate mental health screening has been provided to all of the

18  inmates who will be transferred on Friday, November 3, 2006" and had "failed to ensure that the

19  private Tennessee prison can provide mental health services commensurate with the *Coleman*

20  Revised Program Guide standards." (Plaintiffs' Notice of Motion and Motion for a Temporary

21  Restraining Order and Preliminary Injunction to Enjoin Defendants' Illegal Transfers, filed

22  November 2, 2006, at 2.)  There was substantial evidence to support these assertions.  See, e.g.,

23  Declaration of Michael W. Bien in Support of Plaintiffs' Motion for a Temporary Restraining

24  Order and Preliminary Injunction, filed November 2, 2006, at ¶ 13.

25      Although the district court did not enjoin the transfers, it issued an order that

26  contained several specific requirements focused on the specific issues raised by plaintiffs,

6

1  including that defendants "place an appropriately-credentialed mental health clinician employed

2  by CDCR on the scheduled flight to travel with the 80 inmates on November 3, 2006 to the out-

3  of-state facility;" that a CDCR mental health clinician conduct an additional screening of each of

4  the inmates upon arrival at the facility; that any inmate found to be unqualified for transfer after

5  further screening be returned immediately to California "when clinically safe to do so," and

6  prohibiting defendants from transferring any other CDCR inmate out of state without specific

7  mental health screening.  Order filed November 6, 2006, at 2.

8         It is quite clear that the fees and costs incurred by plaintiffs in connection with

9  their motion for temporary restraining order  were  "directly and reasonably incurred in enforcing

10 the relief ordered" to remedy the constitutional violation in this case.[5]  Plaintiffs' motion will be

11 granted as to time spent on their November 2, 2006 motion for temporary restraining order.

12         C.  Discovery Motion

13        The third matter for which plaintiffs seek fees and costs is a discovery motion

14 filed July 13, 2006.  Plaintiffs brought the motion to establish a general right to conduct

15 discovery during the compliance phase of this action, and for an order compelling defendants to

16 produce tour binders provided to the Special Master and his monitors during compliance tours at

17 prison facilities.  On September 28, 2006, this court denied the motion without prejudice.  In

18 relevant part, the court found that it was "inappropriate to reopen discovery except, perhaps, in a

19 specific factual and legal context," and that, as plaintiffs were receiving tour binders several

20 times a year production of more binders was "unwarranted" at that time.  Order filed September

21 28, 2006, at 3-4.  In view of the cited findings, the court now finds that the fees and costs

22 incurred in working on this particular discovery motion were not "directly and reasonably

23 /////

---

25  [5]  Defendants' opposition to this part of plaintiffs' motion disregards the orders made by
   the district court on the motion for temporary restraining order.  While the court is not inclined to
   recommend sanctions at this time, counsel for defendants are reminded of their obligations under
26 Rule 11 of the Federal Rules of Civil Procedure.

1  incurred in enforcing the relief ordered" in this case.  Accordingly, the court will recommend that

2  this aspect of plaintiffs' motion be denied.

3          For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

4          1.  Plaintiffs' July 25, 2007 motion to compel disputed fees and costs be granted

5  in part and denied in part; and

6          2.  The parties be directed to, within thirty days from any order by the district

7  court adopting these findings and recommendations, meet and confer concerning payment of

8  attorneys' fees and costs incurred by plaintiffs in connection with their November 13, 2006

9  motion to convene a three-judge panel and their November 2, 2006 motion for temporary

10 restraining order and preliminary injunction but not in connection with their July 13, 2006

11 motion to compel discovery.

12         These findings and recommendations are submitted to the United States District

13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

14 after being served with these findings and recommendations, any party may file written

15 objections with the court and serve a copy on all parties.  Such a document should be captioned

16 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

17 failure to file objections within the specified time may waive the right to appeal the District

18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19 DATED:  September 10, 2007.

20

21

22 UNITED STATES MAGISTRATE JUDGE

23

24 12
   coleman.34qaf

25

26

8