STEVEN S. KAUFHOLD (SBN 157195)
skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:     415-765-9501

Attorneys for Republican Senator Intervenors:
 Samuel Aanestad, Dick Ackerman, Roy Ashburn, James F. Battin, Jr., Dave Cogdill, Dave Cox, Jeff Denham, Bob Dutton, Dennis Hollingsworth, Abel Maldonado, Bob Margett, George Runner and Mark Wyland

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | Case No. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | Case No. C 01-cv-1351 TEH<br><br>**THREE-JUDGE COURT** |
| SAMUEL AANESTAD, DICK ACKERMAN, ROY ASHBURN, JAMES F. BATTIN, JR., DAVE COGDILL, DAVE COX, JEFF DENHAM, ROBERT DUTTON, DENNIS HOLLINGSWORTH, ABEL MALDONADO, BOB MARGETT, GEORGE RUNNER AND MARK WYLAND<br><br>  Republican Senator Intervenors. | **NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHAD A. STEGEMAN** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Pursuant to Rule 24 of the Federal Rules of Civil Procedure and The Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* ("PLRA"), California State Republican Senators Samuel Aanestad, Dick Ackerman, Roy Ashburn, James F. Battin, Jr., Dave Cogdill, Dave Cox, Jeff Denham, Robert Dutton, Dennis Hollingsworth, Abel Maldonado, Bob Margett, George Runner and Mark Wyland (collectively the "Republican Senator Intervenors") hereby respectfully move this Three Judge Court for leave to intervene in the above-captioned matter in order to assert the defenses set forth in their proposed Intervention Pleading, attached as Exhibit A to the Declaration of Chad A. Stegeman. The motion should be granted because the Prison Litigation Reform Act, 18 U.S.C. § 3626, makes specific provision for legislators to intervene in a case such as this where a panel has been convened to discuss potential issuance of a prisoner release order. Furthermore, this Motion is timely because the panel was recently convened, no party will be prejudiced by the intervention, there has been no delay in seeking intervention, and the intervention is being made by the date specified by the Three Judge Court.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and the Declaration of Chad Stegeman in support thereof, the documents and records on file with the Court, and any other matter that the Court deems proper.

Dated: September 14, 2007                AKIN GUMP STRAUSS HAUER & FELD LLP


By   /s/ Steven S. Kaufhold
       Steve S. Kaufhold
       Chad A. Stegeman
       Attorneys for Republican Senator Intervenors

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 24 of the Federal Rules of Civil Procedure and The Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* ("PLRA"), California Republican State Senators Samuel Aanestad, Dick Ackerman, Roy Ashburn, James F. Battin, Jr., Dave Cogdill, Dave Cox, Jeff Denham, Robert Dutton, Dennis Hollingsworth, Abel Maldonado, Bob Margett, George Runner and Mark Wyland (collectively the "Republican Senator Intervenors") hereby respectfully move this Court for leave to intervene in the above-captioned matter in order to assert the defenses set forth in their proposed Intervention Pleading, attached as Exhibit A to the Declaration of Chad A. Stegeman.

## BACKGROUND

On July 23, 2007, Judge Thelton Henderson of the United States District Court for the Northern District of California, and Judge Lawrence Karlton of the United States District Court for the Eastern District of California, issued orders pursuant to the PLRA to convene a three-judge judicial panel to consider issuing prisoner release orders in *Marciano Plata, et al. v. Arnold Schwarzenegger, et. al.*, Case No. C01-1351 TEH (N.D.C.A.), and *Ralph Coleman, et al. v. Arnold Schwarzenegger, et. al.*, Case No. S-90-0520 LKK JFM (E.D.C.A.), respectively. For convenience and judicial economy, the same panel will preside over both cases, both of which require the evaluation of overcrowding in California's prisons. The Chief Judge of the Ninth Circuit Court of Appeals, Mary Schroeder, subsequently appointed Judge Henderson, Judge Karlton and Ninth Circuit Judge Stephen Reinhardt to the panel (the "Three Judge Court").

Before the creation of the Three Judge Court, the California legislature enacted Assembly Bill 900 ("AB 900"), which was intended to reduce the prison crowding that has prompted the *Plata* and *Coleman* actions and to address Governor Schwartzenegger's October 4, 2006 declaration of emergency regarding overcrowding in California prisons. Specifically, AB 900, entitled the "Public Safety and Offender Rehabilitation Services Act of 2007" authorized the Department of Corrections and Rehabilitation to construct new and renovate old prison housing units in an effort to add tens of thousands of new beds, improve medical, dental and mental health facilities and to guarantee higher

hygienic standards in existing facilities improving the overall health of present and future inmates and appropriates more than $7 billion to accomplish these goals.

## LEGAL DISCUSSION

### A. Legal Standard for Intervention

Federal Rule of Civil Procedure 24 governs intervention in the federal courts. Specifically, Rule 24(a) provides: "Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene...."

Should a party meet the criteria established by Rule 24(a)(1), intervention is "absolute and unconditional." *See Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co., et. al.,* 331 U.S. 519, 531, 67 S.Ct. 1387, 1393 (1947). Rule 24(a)(1) "statutory intervenors" need not show inadequacy of representation or that their interests may be impaired if not allowed to intervene. *Cf.* Fed.R.Civ.P. 24(a)(2) (absent statutory grant, intervention as of right requires showing of timeliness, interest in the subject matter of the transaction, threat that interest may be impaired if not permitted to intervene, and inadequacy of representation by existing parties). Under Rule 24(a)(1), "[o]nce it is clear that [the statute applies], there is no room for the operation of a court's discretion." *See Brotherhood of Railroad Trainmen,* 331 U.S. at 531, 67 S.Ct. at 1393.

### B. The PLRA Confers an Unconditional Right to Intervene for the Republican Senator Intervenors

The PLRA expressly provides for standing for certain officials and units of government. Specifically, 18 U.S.C. § 3626(a)(3)(F) provides:

> Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

The PLRA grants individual legislators the right to intervene in prison litigation as a legislator's "jurisdiction or function" includes "appropriation of funds for the construction, operation, or maintenance of prison facilities" within meaning of PLRA. *See, e.g., Ruiz v. Estelle*, 161 F.3d 814, 821 (5th Cir. 1998) ("Beyond doubt, the November 1997 amendment to the PLRA grants an unconditional right to intervene to individual legislators."). Individual legislators have the right "to oppose the imposition or continuation in effect of [a prison release order] and to seek termination of such relief." 18 U.S.C. § 3626(a)(3)(F).

The responsibilities and duties of the Republican Senator Intervenors include "appropriation of funds for the construction, operation, or maintenance of prison facilities." *See* Intervention Pleading at ¶ 3. Furthermore, Judge Henderson's and Judge Karlton's July 23, 2007 Orders make it clear that the Three Judge Court will specifically address whether to issue "prisoner release orders" as that term is defined by the PLRA. Accordingly, this is exactly the situation for which the PLRA creates an unconditional right for the Republican Senator Intervenors to participate in this action.

C.     **The Motion of the Republican Senator Intervenors is Timely**

The final requirement for intervention under Rule 24(a) is that such application be timely made. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Timeliness is evaluated based on a three factor test: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)).[1] Each of the three factors, as well as the language of the PLRA, supports a finding of timeliness here.

First, the Republican Senator Intervenors seek to intervene at the outset of consideration by the Three Judge Court of a prison release order. Intervention at this time will permit the Three Judge

---

[1] The requirements of Rule 24, including "timeliness," are to be construed broadly in favor of the party seeking intervention. *See Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Furthermore, courts are more lenient in applying the timeliness requirement where intervention is sought as a matter "of right," than where it is merely "permissive." *See United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230, fn. 2 (1st Cir. 1992).

Court to have the benefit of the evidence and arguments of the Republican Senator Intervenors during its consideration of what relief, if any, to order in this action.

Second, no party will be prejudiced by this intervention. The Republican Senator Intervenors do not seek to relitigate issues, rather, they seek participation in the proceedings before the Three Judge Court created by the Courts' July 23, 2007 Orders, which will involve consideration by the Three Judge Court of issues of profound importance to the people of California.[2]

Third, there has been no delay by the Republican Senator Intervenors in the filing of this motion, which has been submitted a little over a month since the formation of the Three Judge Court. Moreover, under the express terms of the PLRA, this motion would be timely even if filed after the Three Judge Court had already considered and ordered a form of relief because Congress specifically granted standing for legislators not only to "oppose imposition" of such prison release orders, but also standing to ". . . seek termination of such relief. . . ." 18 U.S.C. § 3626(a)(2)(F).

Finally, even if there were some issue regarding the timeliness of this intervention (and there is not), the concerns to be addressed by the newly-created Three Judge Court raise "matters of broad social significance," which, under the circumstances, militate in favor of a finding of timeliness. *See Doe v. Duncanville Ind. School Dist.*, 994 F.2d 160, 168 (5th Cir. 1993); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1233 (1st Cir. 1992). This fact also weighs in favor of permitting the requested intervention.

## CONCLUSION

For all of these reasons, the Republican Senator Intervenors respectfully request that this Motion to Intervene be granted.

Dated: September 14, 2007          AKIN GUMP STRAUSS HAUER & FELD LLP

By          /s/ Steven S. Kaufhold
            Steve S. Kaufhold
            Chad A. Stegeman
            Attorneys for Republican Senator Intervenors

---

[2] Courts do not consider "whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995); *Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999); *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996).

## DECLARATION OF CHAD STEGEMAN

I am a member in good standing of the California State Bar, and an associate of the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys for California Republican State Senators Samuel Aanestad, Dick Ackerman, Roy Ashburn, James F. Battin, Jr., Dave Cogdill, Dave Cox, Jeff Denham, Robert Dutton, Dennis Hollingsworth, Abel Maldonado, Bob Margett, George Runner and Mark Wyland (collectively the "Republican Senator Intervenors"). I am admitted to practice in the United States District Courts for the Northern and Eastern Districts of California. I make this declaration in support of the Republican Senator Intervenors' Motion to Intervene. I have personal knowledge of the facts set forth herein, and if called upon to do so, could and would testify competently thereto.

Pursuant to Federal Rule of Civil Procedure 24(c), I have attached as Exhibit A an Intervention Pleading.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

September 14, 2007                                  s/Chad A. Stegeman
                                                    Chad A. Stegeman

I, Steven S. Kaufhold am the ECF user whose ID and password are being used to file this Declaration of Chad A. Stegeman. In compliance with General Order 45, X.B., I hereby attest that Chad A. Stegeman has concurred in this filing.

DATED: September 14, 2007                AKIN GUMP STRAUSS HAUER & FELD LLP

                                         By:  s/Steven S. Kaufhold
                                              Steve S. Kaufhold
                                         Attorneys for the Republican Senator Intervenors

NOTICE OF MOTION AND MOTION TO
INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES;
AND DECLARATION OF CHAD A. STEGEMAN                CIV S-90-0520 LKK JFM P, C 01-1351 TEH

7

6137288