1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Intervenor-Defendants
8  CITY OF GROVER BEACH POLICE CHIEF
   JIM COPSEY; CITY OF SANTA CLARA POLICE
9  CHIEF STEVE LODGE; CITY OF VACAVILLE
   POLICE CHIEF RICH WORD; CITY OF WOODLAND
10 POLICE CHIEF CARY SULLIVAN; CITY OF
   SONORA POLICE CHIEF MACE McINTOSH;
11 CITY OF PASO ROBLES POLICE CHIEF
   LISA SOLOMON; CITY OF SAN BERNARDINO
12 POLICE CHIEF MICHAEL BILLDT; CITY OF
   ATWATER POLICE CHIEF RICHARD HAWTHORNE;
13 NATIONAL CITY POLICE CHIEF ADOLFO
   GONZALES; CITY OF DELANO POLICE
14 CHIEF MARK DeROSIA; CITY OF MODESTO
   POLICE CHIEF ROY WASDEN; CITY OF
15 FRESNO POLICE CHIEF JERRY DYER

16

17

18            IN THE UNITED STATES DISTRICT COURTS

19         FOR THE EASTERN DISTRICT OF CALIFORNIA

20        AND THE NORTHERN DISTRICT OF CALIFORNIA

21 UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

22      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

23 RALPH COLEMAN, et al.,              Case No:  CIV S-90-0520 LKK JFM P

24            Plaintiffs,              **THREE-JUDGE COURT**

25      vs.
                                       [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]
26 ARNOLD SCHWARZENEGGER, et
27 al.,                                NOTICE OF MOTION AND MOTION TO
                                       INTERVENE BY POLICE CHIEFS;
28            Defendants.              MEMORANDUM OF POINTS AND

                                    -1-



1    AUTHORITIES IN SUPPORT THEREOF

2    INTERVENTION PLEADING ATTACHED HERETO

3    Case No.: C01-1351 TEH

4    MARCIANO PLATA, et al.,    **THREE-JUDGE COURT**

5            Plaintiffs,

6        vs.

7    ARNOLD SCHWARZENEGGER, et al.,

8            Defendants.

9

10        TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

11        PLEASE TAKE NOTICE that pursuant to Rule 24 of the Federal Rules of Civil

12   Procedure, and the Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq*., City of

13   Grover Beach Police Chief Jim Copsey, City of Santa Clara Police Chief Steve Lodge,

14   City of Vacaville Police Chief Rich Wood, City of Woodland Police Chief Cary Sullivan,

15   City of Sonora Police Chief Mace McIntosh, City of Paso Robles Police Chief Lisa

16   Solomon, City of San Bernardino Police Chief Michael Billdt, City of Atwater Police

17   Chief Richard Hawthorne, National City Police Chief Adolfo Gonzales, City of Delano

18   Police Chief Mark DeRosia, City of Modesto Police Chief Roy Wasden, and City of

19   Fresno Police Chief Jerry Dyer (hereinafter "Police Chief Intervenors" or "Intervenors")

20   hereby respectfully move this Three-Judge Court for leave to intervene in the above-

21   captioned matter, as defendants, in order to assert the defenses set forth in their proposed

22   Intervention Pleading, attached hereto as Exhibit A, in accordance with Federal Rules of

23   Civil Procedure 24(c).  On August 17, 2007, the Court granted a motion to intervene filed

24   by Sheriffs and Probation Intervenors.  Should the Court grant this motion, Sheriffs and

25   Probation Intervenors and Police Chief Intervenors would move to consolidate their

26   pleadings so as to avoid requiring the other parties in the action to respond separately to

27   different pleadings and unnecessarily complicating the Court's files.  Additionally,

28   concurrently being filed is a motion to intervene by Sheriff, Probation, Police Chief, and

-2-

1   Corrections Intervenors, and should that motion be granted by the Court, all the above

2   Intervenors would move to consolidate their pleadings into one single pleading for the

3   convenience of the Court and all parties.

4          An initial hearing has been set for September 24, 2007, and the Court has set

5   September 14, 2007 as the date by which additional motions to intervention must be filed.

6   This motion is timely.

7          The proposed Intervenors respectfully submit that their motion should be granted,

8   because Federal Rules of Civil Procedure 24(a) provides: "Upon timely application

9   anyone shall be permitted to intervene in an action: (1) when a statute of the United

10  States confers an unconditional right to intervene; or (2) when the applicant claims an

11  interest relating to the property or transaction which is the subject of the action and the

12  applicant is so situated that the disposition of the action may as a practical matter impair

13  or impede the applicant's ability to protect that interest, unless the applicant's interest is

14  adequately represented by existing parties."

15         This Motion is based upon this Notice of Motion, the Memorandum of Points and

16  Authorities attached hereto in support thereof, the proposed Intervention Pleading

17  attached hereto as Exhibit A, the documents and records on file with the Court, and any

18  other matter that the Court deems proper.

19                                    Respectfully submitted,

20  DATED:    September 14, 2007              JONES & MAYER

21

22                                    By: _____/s/_____
                                          Ivy M. Tsai
23                                        Attorneys for Police Chief Intervenor-
                                          Defendants
24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2          Pursuant to Rule 24 of the Federal Rules of Civil Procedure and the Prison

3    Litigation Reform Act (18 U.S.C. §§ 3626 *et seq*.) [hereinafter "PLRA"], City of Grover

4    Beach Police Chief Jim Copsey, City of Santa Clara Police Chief Steve Lodge, City of

5    Vacaville Police Chief Rich Wood, City of Woodland Police Chief Cary Sullivan, City of

6    Sonora Police Chief Mace McIntosh, City of Paso Robles Police Chief Lisa Solomon,

7    City of San Bernardino Police Chief Michael Billdt, City of Atwater Police Chief Richard

8    Hawthorne, National City Police Chief Adolfo Gonzales, City of Delano Police Chief

9    Mark DeRosia, City of Modesto Police Chief Roy Wasden, and City of Fresno Police

10   Chief Jerry Dyer (collectively the "Police Chief Intervenors" or "Intervenors") hereby

11   respectfully move this Court for leave to intervene in the above-captioned matter in order

12   to assert the defenses set forth in their proposed Intervention Pleading, attached hereto as

13   Exhibit A.

14   **I.    BACKGROUND**

15         This matter consists of two class action lawsuits which have been brought

16   pursuant to the Prison Litigation Reform Act (18 U.S.C. §§ 3626 *et seq*.), *Coleman v.*

17   *Schwarzenegger* (E.D. Cal., S-90-0520-LKK-JFM-P) and *Plata v. Schwarzenegger*,

18   (N.D. Cal., C-01-1351-TEH), and which were ordered consolidated. On July 23, 2007,

19   Judge Thelton Henderson of the United States District Court, Northern District of

20   California, and Judge Lawrence Karlton of the United States District Court, Eastern

21   District of California, issued orders pursuant to the PLRA to convene a three-judge

22   judicial panel to consider issuing prisoner release orders in the above-referenced matters.

23   Intervenors believe that, for convenience and judicial economy, the same panel will

24   preside over both cases, both of which require the evaluation of alleged overcrowding in

25   California's prisons. The Chief Judge of the Ninth Circuit Court of Appeals, Mary

26   Schroeder, subsequently appointed Judge Henderson, Judge Karlton and Ninth Circuit

27   Judge Stephen Reinhardt to the Three-Judge Court panel.

28         Proposed Intervenors City of Grover Beach Police Chief Jim Copsey, City of

-1-

1  Santa Clara Police Chief Steve Lodge, City of Vacaville Police Chief Rich Wood, City of
2  Woodland Police Chief Cary Sullivan, City of Sonora Police Chief Mace McIntosh, City
3  of Paso Robles Police Chief Lisa Solomon, City of San Bernardino Police Chief Michael
4  Billdt, City of Atwater Police Chief Richard Hawthorne, National City Police Chief
5  Adolfo Gonzales, City of Delano Police Chief Mark DeRosia, City of Modesto Police
6  Chief Roy Wasden, and City of Fresno Police Chief Jerry Dyer are the Chiefs of Police
7  of their respective cities.  They operate and/or maintain detention facilities which it is
8  submitted constitute "prisons" within the meaning of 18 U.S.C. § 3626(g)(5) (hereinafter
9  "Prison"), and/or have custody of persons who may be released from, or not admitted to,
10  a prison as a result of a prisoner release order.  The Police Chief Intervenors named
11  above have standing to seek intervention pursuant to 18 U.S.C. § 3626 (a)(3)(F).

12      Additionally, the Police Chief Intervenors have an interest relating to the subject
13  matter of this action and are so situated that the disposition of the action may as a
14  practical matter impair or impede their ability to protect that interest, and the interest of
15  the Police Chief Intervenors is not adequately represented by existing parties.   Therefore,
16  they also have standing to intervene as a matter of right pursuant to Federal Rules of Civil
17  Procedure 24(a)(2).

18  **II.    POLICE CHIEF INTERVENORS MAY INTERVENE AS OF RIGHT,**
19  **PURSUANT TO FEDERAL STATUTE**

20      Federal Rule of Civil Procedure 24 governs intervention in the federal courts.
21  Specifically, Rule 24(a) provides:

22      Intervention of Right.  Upon timely application anyone shall be permitted
23      to intervene in an action: (1) when a statute of the United States confers an
24      unconditional right to intervene; or (2) when the applicant claims an
25      interest relating to the property or transaction which is the subject of the
26      action and the applicant is so situated that the disposition of the action may
27      as a practical matter impair or impede the applicant's ability to protect that
28      interest, unless the applicant's interest is adequately represented by existing

1    parties.

2      Police Chief Intervenors have a right to intervene in this action under both

3    provisions of Rule 24(a).

4    **A.    The Prison Litigation Reform Act Confers an Unconditional Right for the**

5    **Police Chiefs to Intervene.**

6      Should a party meet the criteria established by Rule 24(a)(1), intervention is

7    "absolute and unconditional." (*See Brotherhood of Railroad Trainmen v. Baltimore &*

8    *O.R. Co., et. al.,* 331 U.S. 519, 531, 67 S.Ct. 1387, 1393 (1947).)  Rule 24(a)(1)

9    "statutory intervenors" need not show inadequacy of representation or that their interests

10    may be impaired if not allowed to intervene.  (*Cf.* Fed.R.Civ.P. 24(a)(2) [absent statutory

11    grant, intervention as of right requires showing of timeliness, interest in the subject

12    matter of the transaction, threat that interest may be impaired if not permitted to

13    intervene, and inadequacy of representation by existing parties].)  Under Rule 24(a)(1),

14    "[o]nce it is clear that [the statute applies], there is no room for the operation of a court's

15    discretion." (*See Brotherhood of Railroad Trainmen, supra,* 331 U.S. at 531, 67 S.Ct. at

16    1393.)

17      Here, the Police Chief Intervenors submit that the PLRA confers an unconditional

18    right for them to intervene in this case, as the PLRA expressly provides for standing for

19    certain officials and units of government.  Specifically, 18 U.S.C. § 3626(a)(3)(F)

20    provides:

21        Any State or local official including a legislator or unit of government

22        whose jurisdiction or function includes the appropriation of funds for the

23        construction, operation, or maintenance of prison facilities, or the

24        prosecution or custody of persons who may be released from, or not

25        admitted to, a prison as a result of a prisoner release order shall have

26        standing to oppose the imposition or continuation in effect of such relief

27        and to seek termination of such relief, and shall have the right to intervene

28        in any proceeding relating to such relief.

-3-

1    18 U.S.C. § 3626(g)(5) defines "prison" as any "Federal, State, or local facility

2  that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or

3  adjudicated delinquent for, violations of criminal law." Therefore, for example, a County

4  Jail, Juvenile Hall, or court lockup facility is a "prison" within the meaning of the PLRA.

5    Here, the responsibilities and duties of the Police Chief Intervenors includes the

6  operation and/or maintenance of detention facilities that are "prisons" within the meaning

7  of 18 U.S.C. § 3626(g)(5). Their responsibilities and duties also include maintaining

8  custody of persons who may be released from, or not admitted to, a prison as a result of a

9  prisoner release order.  As such, the Intervenors have standing to intervene pursuant to

10  Section 3626(a)(3)(f).

11    Judge Henderson's and Judge Karlton's July 23, 2007 Orders make it clear that the

12  Three Judge Court will specifically address whether to issue "prisoner release orders" as

13  that term is defined by the PLRA.  Accordingly, this is exactly the situation for which the

14  PLRA creates an unconditional right for the Intervenors to participate in this action.

15  **B.    Federal Rules of Civil Procedure 24(a)(2) Provides an Intervention as of**

16  **Right for the Police Chiefs to Intervene.**

17    Federal Rules of Civil Procedure 24(a)(2) provides a right to intervene "when the

18  applicant claims an interest relating to the property or transaction which is the subject of

19  the action and the applicant is so situated that the disposition of the action may as a

20  practical matter impair or impede the applicant's ability to protect that interest, unless the

21  applicant's interest is adequately represented by existing parties."

22    In *California ex. Rel. Lockyer v. United States*, 450 F.3d 436, 441, the Court of

23  Appeals for the Ninth Circuit held that "a party has a sufficient interest for intervention

24  purposes if it will suffer a practical impairment of its interests as a result of the pending

25  litigation." As Police Chief Intervenors intend to demonstrate to the Court in this action,

26  the issuance of a prisoner release order, which is the matter before this Three-Judge

27  Court, would greatly impair their ability to achieve the goal of public safety within their

28  cities.  The Police Chief Intervenors are in a unique position to inform the Court of the

1  impact of a prisoner release order at the local level, which the existing parties will not be

2  able to do.  Therefore, the Police Chief Intervenors have a right to intervene under

3  Federal Rules of Civil Procedure 24(a)(2).

4  **III.    THE MOTION TO INTERVENE BY THE POLICE CHIEF**

5  **INTERVENORS IS TIMELY**

6  The final requirement for intervention under Rule 24(a) is that such application be

7  timely made.  *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302

8  (9th Cir. 1997).

9  On August 17, 2007, the Court issued an order allowing motions to intervene to be

10  filed and served no later than September 14, 2007.  This motion meets this deadline.

11  **IV.    CONCLUSION**

12  For all of these reasons, the Police Chief Intervenors respectfully request that this

13  Motion to Intervene be granted.

14                                        Respectfully submitted,

15  DATED:    September 14, 2007                    JONES & MAYER

16

17                                        By: _____/s/_____
                                              Ivy M. Tsai
18                                            Attorneys for Police Chief Intervenor-
                                              Defendants
19

20

21

22

23

24

25

26

27

28

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Intervenor-Defendants
CITY OF GROVER BEACH POLICE CHIEF
JIM COPSEY; CITY OF SANTA CLARA POLICE
CHIEF STEVE LODGE; CITY OF VACAVILLE
POLICE CHIEF RICH WORD; CITY OF WOODLAND
POLICE CHIEF CARY SULLIVAN; CITY OF
SONORA POLICE CHIEF MACE McINTOSH;
CITY OF PASO ROBLES POLICE CHIEF
LISA SOLOMON; CITY OF SAN BERNARDINO
POLICE CHIEF MICHAEL BILLDT; CITY OF
ATWATER POLICE CHIEF RICHARD HAWTHORNE;
NATIONAL CITY POLICE CHIEF ADOLFO
GONZALES; CITY OF DELANO POLICE
CHIEF MARK DeROSIA; CITY OF MODESTO
POLICE CHIEF ROY WASDEN; CITY OF
FRESNO POLICE CHIEF JERRY DYER;
AND CITY OF FREMONT POLICE CHIEF
CRAIG STECKLER

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No: CIV S-90-0520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| | **INTERVENTION PLEADING** |

-1-

EXHIBIT A

| | |
|---|---|
| Defendants. | |
| | |
| MARCIANO PLATA, et al., | Case No.:  C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

For their Intervention Pleading, Police Chief Intervenors City of Grover Beach Police Chief Jim Copsey, City of Santa Clara Police Chief Steve Lodge, City of Vacaville Police Chief Rich Wood, City of Woodland Police Chief Cary Sullivan, City of Sonora Police Chief Mace McIntosh, City of Paso Robles Police Chief Lisa Solomon, City of San Bernardino Police Chief Michael Billdt, City of Atwater Police Chief Richard Hawthorne, National City Police Chief Adolfo Gonzales, City of Delano Police Chief Mark DeRosia, City of Modesto Police Chief Roy Wasden, and City of Fresno Police Chief Jerry Dyer (collectively the "Police Chief Intervenors" or "Intervenors") hereby allege as follows:

**POLICE CHIEF INTERVENORS**

1.     Intervenors City of Grover Beach Police Chief Jim Copsey, City of Santa Clara Police Chief Steve Lodge, City of Vacaville Police Chief Rich Wood, City of Woodland Police Chief Cary Sullivan, City of Sonora Police Chief Mace McIntosh, City of Paso Robles Police Chief Lisa Solomon, City of San Bernardino Police Chief Michael Billdt, City of Atwater Police Chief Richard Hawthorne, National City Police Chief Adolfo Gonzales, City of Delano Police Chief Mark DeRosia, City of Modesto Police Chief Roy Wasden, and City of Fresno Police Chief Jerry Dyer are Police Chiefs of their

-2-

1   respective cities, as listed above.  The duties and/or functions of these Intervenors
2   includes the advancement of public safety in their cities and the maintenance and/or
3   operation of detention facilities that constitute a "prison" within the meaning of 18 U.S.C.
4   § 3626(a)(3)(F) (as defined in Section 3626(g)(5)), and where they maintain custody of
5   persons who may be released from, or not admitted to, a prison as a result of a prisoner
6   release order.

7          2.       The Prison Litigation Reform Act, 18 U.S.C. §§ 3626, *et seq.*, specifically
8   Section 3626(a)(3)(F), provides: "Any State or local official including a legislator or unit
9   of the government whose jurisdiction or function includes the appropriation of funds for
10  the construction, operation or maintenance of prison facilities, or the prosecution or
11  custody of persons who may be released from, or not admitted to, a prison as a result of a
12  prisoner release order shall have standing to oppose the imposition or continuation in
13  effect of such relief and to seek termination of such relief, and shall have the right to
14  intervene in any proceeding relating to such relief."

15         3.       18 U.S.C. § 3626(g)(5) defines "prison" as "any Federal, State, or local
16  facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced
17  for, or adjudicated delinquent for, violations of criminal law."  Therefore, a County Jail,
18  juvenile detention facility, or a courthouse lockup facility is a "prison" within the
19  meaning of the PLRA.

20         4.       The jurisdiction and function of the Police Chief Intervenors includes
21  maintenance and/or operation of a "prison" facility/facilities, as defined in Section
22  3626(g)(5), and/or custody of, persons who may be released from, or not admitted to, a
23  prison as a result of a prisoner release order.

24         5.       The Police Chief Intervenors have a duty to advance public safety in their
25  cities, which would be impaired by the issuance of a prisoner release order.

26                        **JURISDICTION AND VENUE**

27         6.       The Police Chief Intervenors' defenses in this Intervention Pleading arise
28  out of the same transaction or occurrence that is the subject matter of the claims at issue

1 in this action and, specifically, out of the Prison Litigation Reform Act, 18 U.S.C. §§

2 3626 *et seq.* This Court has jurisdiction over the claims in this action as well as the

3 Intervenors' defenses pursuant to 28 U.S.C. §§ 1331.

4      7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

5 **GENERAL ALLEGATIONS**

6      8.     On July 23, 2007, the Honorable Thelton Henderson of the United States

7 District Court for the Northern District of California, and the Honorable Lawrence

8 Karlton of the United States District Court for the Eastern District of California, issued

9 orders pursuant to the Prison Litigation Reform Act, specifically 18 U.S.C. §§

10 3626(a)(3)(A), to convene a three-judge judicial panel to consider issuing prisoner release

11 orders in *Marciano Plata, et al. v. Arnold Schwarzenegger, et. al.*, Case No. C01-1351

12 TEH (N.D.C.A.), and *Ralph Coleman, et al. v. Arnold Schwarzenegger, et. al.*, Case No.

13 S-90-0520 LKK JFM (E.D.C.A.), respectively. For convenience and judicial economy,

14 the same panel will preside over both cases, both of which require the evaluation of

15 overcrowding in California's prisons. The *Plata* Court specifically held: "Accordingly,

16 and because this Court finds that the conditions specified in 18 U.S.C. § 3626(a)(3)(A)

17 have been satisfied, IT IS HEREBY ORDERED that Plaintiffs' motion to convene a

18 three-judge court to consider a prisoner release order is GRANTED." The *Coleman* court

19 held: that "In accordance with the above, IT IS HEREBY ORDERED that plaintiffs'

20 November 13, 2006 motion to convene a three-judge panel to limit the prison population

21 is granted pursuant to 18 U.S.C. § 3626(a)(3)(A)."

22      9.     In its July 23, 2007 Order, the *Plata* Court specifically acknowledged the

23 enactment of AB 900. It stated that ". . . a prisoner release order would, indeed, be a

24 radical step, particularly given the size of California's prison system."

25      10.     The Police Chief Intervenors agree that the imposition of a prisoner release

26 order would be a radical step, and seek to intervene in this action to oppose the

27 imposition of any such order at this time.

28

1   11.   Federal Rule of Civil Procedure 24(c) requires that an intervening party,

2   such as the Police Chief Intervenors herein, provide a "pleading setting forth the claim or

3   defense for which intervention is sought." Accordingly, the Police Chief Intervenors

4   plead the following defenses pursuant to the Prison Litigation Reform Act, 18 U.S.C.

5   §3626, *et seq.*

6                                   **DEFENSES**

7                          **(Prison Litigation Reform Act)**

8   12.   These defenses arise under the Prison Litigation Reform Act, particularly

9   18 U.S.C. §3626, *et seq.* Specifically, prison release orders are only permitted under very

10  limited circumstances where it is demonstrated – by clear and convincing evidence – that

11  (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other

12  relief will remedy the violation of the Federal right.

13  13.   No showing has been made in this action sufficient to justify the imposition

14  of a prisoner release order under the Prison Litigation Reform Act. On the contrary, a

15  prisoner release order poses significant risk to public safety in California.

16  14.   Moreover, the Police Chief Intervenors reserve their right to make an

17  affirmative showing that other relief, short of a prisoner release order, exists which could

18  remedy the current conditions specified by the Court.

19                          **PRAYER FOR RELIEF**

20  **WHEREFORE**, the Police Chief Intervenors respectfully request that the Three-

21  Judge Court:

22  A.   Enter no prisoner release order until AB 900 has been fully implemented

23  and its efficacy can be fully and fairly assessed;

24  B.   Enter no prisoner release order absent a sufficient evidentiary showing

25  under the Prison Litigation Reform Act that such order is narrowly drawn, extends no

26  further than necessary to correct a violation of a Federal right and is the least intrusive

27  means necessary to correct any such violation;

28  C.   Enter no prisoner release order absent a showing – by clear and convincing

1   evidence – that (i) crowding is the primary cause of the violation of a Federal right; and

2   (ii) no other relief will remedy the violation of the Federal right;

3         D.     Enter no prisoner release order at this time in light of the adverse impact

4   such order would have on public safety in California; and

5         E.     Grant such further relief as the Court deems just and proper.

6                                              Respectfully submitted,

7   DATED:    September 14, 2007              JONES & MAYER

8

9                                    By: _____/s/_____
                                         Ivy M. Tsai
10                                       Attorneys for Police Chief Intervenor-
                                         Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Intervention Pleading by Police Chief Intervenors