1   IN THE UNITED STATES DISTRICT COURTS

2   FOR THE EASTERN DISTRICT OF CALIFORNIA

3   AND THE NORTHERN DISTRICT OF CALIFORNIA

4   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5   PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7   RALPH COLEMAN, et al.,

8                            Plaintiffs,

9          v.                                    NO. CIV S-90-0520 LKK JFM P

10  ARNOLD SCHWARZENEGGER,                       **THREE-JUDGE COURT**
    et al.,

11

12                           Defendants.

13  MARCIANO PLATA, et al.,

14                           Plaintiffs,

15         v.                                     NO. C01-1351 TEH

16  ARNOLD SCHWARZENEGGER,                        **THREE-JUDGE COURT**
    et al.,
17                                                ORDER GRANTING MOTIONS
                                                  TO INTERVENE FILED ON
18                           Defendants.          SEPTEMBER 14, 2007

19

20          By order filed August 17, 2007, the Court set a deadline of September 14, 2007, for

21  the filing of motions to intervene.  On September 14, 2007, motions to intervene were filed in

22  this action by: five California counties ("County Intervenors"); thirteen Republican state

23  senators ("Senate Republican Intervenors"); the County of Sonoma, its Sheriff/Coroner,

24  District Attorney, and Chief Probation Officer ("Sonoma County Intervenors"); twelve city

25  police chiefs ("Police Chief Intervenors"); fifteen county sheriffs, eleven county probation

26  officers, five city police chiefs, and one city chief of corrections ("Sheriff, Probation, Police

27  and Corrections Intervenors"); and the California Correctional Peace Officers' Association

28  ("CCPOA").  In addition, five California district attorneys ("new District Attorney

1   Intervenors") moved collectively to intervene with the district attorneys whose motion to

2   intervene was granted in the Court's August 17, 2007 order.

3         The County Intervenors, Senate Republican Intervenors, Police Chief Intervenors,

4   new District Attorney Intervenors, and Sheriff, Probation, Police and Corrections Intervenors

5   all meet the statutory criteria for intervention as of right under 18 U.S.C. § 3626(a)(3)(F),

6   which confers standing to oppose "the imposition or continuation in effect" of a prisoner

7   release order and the right to intervene in "any proceeding relating to such relief" on:

8
9         [a]ny State or local official including a legislator or unit of
          government whose jurisdiction or function includes the
          appropriation of funds for the construction, operation, or
10        maintenance of prison facilities, or the prosecution or custody of
          persons who may be released from, or not admitted to, a prison as
11        a result of a prisoner release order . . . .

12  18 U.S.C. § 3626(a)(3)(F).  Accordingly, these motions to intervene will be granted pursuant

13  to Federal Rule of Civil Procedure 24(a)(1), which provides for intervention as of right

14  "when a statute of the United States confers an unconditional right to intervene."

15        The Police Chief Intervenors and Sheriff, Probation, Police and Corrections

16  Intervenors also move to consolidate their pleadings with each other and with the pleading of

17  the Sheriff and Probation Intervenors whose motion to intervene was granted by the Court's

18  August 17, 2007 order.  Good cause appearing, this motion will be granted.  All of these

19  intervenors are represented by the same counsel and shall be represented by one counsel in

20  all proceedings, including the September 24, 2007 hearing.

21        Similarly, the Court finds good cause to grant the new District Attorney Intervenors'

22  motion to intervene with the district attorneys who were granted intervenor status by this

23  Court's August 17, 2007 order.  As with the Sheriff and Probation Intervenors, all District

24  Attorney Intervenors shall be represented by one counsel in all proceedings, including the

25  September 24, 2007 hearing.  The District Attorney Intervenors shall also amend their

26  intervention pleading to include the new District Attorney Intervenors.

27  //

28  //

1    The Sonoma County Intervenors also meet the statutory criteria for intervention as of

2    right under 18 U.S.C. § 3626(a)(3)(F).  As noted above, the Sonoma County Intervenors

3    bring their motion on behalf of the County of Sonoma and its Sheriff/Coroner, District

4    Attorney, and Chief Probation Officer.  Good cause appearing, the Sonoma County

5    Intervenors will be directed to show cause at the September 24, 2007 hearing why their

6    intervention pleading should not be severed and the County of Sonoma's pleading

7    consolidated with the County Intervenors, the Sonoma County District Attorney's pleading

8    consolidated with the District Attorney Intervenors, and the Sonoma County Sheriff/Coroner

9    and Chief Probation Officer's pleading consolidated with the Sheriff and Probation

10   Intervenors.

11   The counties who have jointly intervened as the County Intervenors are each

12   represented by their own county counsel.  Good cause appearing, the County Intervenors

13   shall designate one lead counsel to represent them in all proceedings, including the

14   September 24, 2007 hearing.

15   Unlike the other proposed intervenors, CCPOA does not seek to intervene under 18

16   U.S.C. § 3626(a)(3)(F).  Instead, it seeks intervention under Federal Rule of Civil Procedure

17   24, which provides for intervention as of right "when the applicant claims an interest relating

18   to the property or transaction which is the subject of the action and the applicant is so

19   situated that the disposition of the action may as a practical matter impair or impede the

20   applicant's ability to protect that interest, unless the applicant's interest is adequately

21   represented by existing parties."  Fed. R. Civ. P. 24(a)(2).

22   A party seeking to intervene as of right must meet four
     requirements: (1) the applicant must timely move to intervene;
23   (2) the applicant must have a significantly protectable interest
     relating to the property or transaction that is the subject of the
24   action; (3) the applicant must be situated such that the disposition
     of the action may impair or impede the party's ability to protect
25   that interest; and (4) the applicant's interest must not be
     adequately represented by existing parties.  *Donnelly* [*v.
26   Glickman*], 159 F.3d [405] at 409 [(9th Cir. 1998)].  Each of these
     four requirements must be satisfied to support a right to
27   intervene.  *League of United Latin Am. Citizens v. Wilson*, 131
     F.3d 1297, 1302 (9th Cir.1997).
28

3

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Id.* (citing *Donnelly*, 159 F.3d at 409); *see also United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002).

CCPOA's motion was timely filed. The Court turns, therefore, to the other three requirements for intervention as of right.

The second requirement, that CCPOA has a "significant protectable interest" in this action, is satisfied if:

> (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409. The relationship requirement is met "if the resolution of the plaintiff's claims actually will affect the applicant." *Id.* at 410. The "interest" test is not a clear-cut or bright-line rule, because "[n]o specific legal or equitable interest need be established." *Greene*, 996 F.2d at 976. Instead, the "interest" test directs courts to make a "practical, threshold inquiry," *id.*, and "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir.1980) (internal quotation marks and citation omitted).

*United States v. City of Los Angeles*, 288 F.3d at 398. CCPOA claims an interest in this litigation on the ground that:

> its approximately 28,000 members guard the state prisons at the heart of this Three-Judge Court proceeding. The severely overcrowded prison conditions that led to the establishment of this Three-Judge Court directly and profoundly affect every CCPOA member while he or she is on the job. Likewise, the relief under consideration by this Court – a cap on the State's prison population – would directly affect working conditions for all CCPOA members.

CCPOA Proposed Intervention Pleading, filed September 14, 2007, ¶ 5. It is plain that California's prison guards are affected by the conditions of the prisons in which they work, and that resolution of the plaintiffs' request for relief from prison overcrowding will affect the membership of the CCPOA. Consequently, CCPOA appears to have a "significantly protectable interest" in the matters at bar.[1]

---

[1]In addition, CCPOA claims that its membership has a right under the substantive due process clause of the Fifth and Fourteenth Amendments to be "free of the extraordinary daily risks and actual physical and mental harms" to which they are being subjected as a result of

1    The third requirement for intervention as of right is that a disposition by this Court

2 must "impair or impede" CCPOA's ability to protect its interests. *Arakaki*, 324 F.3d at 1083.

3 As already noted, it is apparent that the membership of the CCPOA is significantly affected

4 by the conditions in California's prisons.  It is equally clear that the interests asserted by

5 CCPOA will be affected by this proceeding and, depending on the Court's disposition, that

6 CCPOA's ability to protect those interests may be impaired or impeded if they are not a party

7 to this proceeding.

8    Finally, the Court considers whether CCPOA's interests are adequately represented by

9 the plaintiff classes.  Three factors are considered "in determining the adequacy of

10 representation: (1) whether the interest of a present party is such that it will undoubtedly

11 make all of a proposed intervenor's arguments; (2) whether the present party is capable and

12 willing to make such arguments; and (3) whether a proposed intervenor would offer any

13 necessary elements to the proceeding that other parties would neglect." *Id.* at 1086 (citing

14 *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)).  CCPOA

15 asserts that it will provide evidence of the impact of prison overcrowding "on the welfare of

16 both prisoners and correctional officers" and that it is uniquely situated to put this evidence

17 in an historical context, as well as to provide evidence of causation as required by 18 U.S.C.

18 § 3626(a)(3)(E)(i).  CCPOA Mot. to Intervene at 13.  The Court agrees with CCPOA that,

19 while the interests of the plaintiff classes and those of CCPOA overlap, they are also

20 distinctly different.  The interests of CCPOA are thus not adequately represented by the

21 plaintiff classes.

22 //

23 //

24 //

---

25 the overcrowded conditions in California's prisons.  CCPOA Proposed Intervention Pleading

26 ¶ 11.  At the September 24, 2007 hearing, the parties shall be prepared to address the extent
   to which this claim will be litigated, if at all, in these proceedings.  Recognizing that

27 CCPOA's interests give rise to CCPOA's right to intervene does not answer the question of
   the extent to which its separate interests will be at issue in these proceedings.  Our ruling as

28 to CCPOA's interest is not final, but subject to review and reconsideration by the Court, as is
   CCPOA's right to intervene.

1    For the foregoing reasons, the Court finds that CCPOA is entitled to intervene in this

2    action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).  Accordingly,

3    CCPOA's motion to intervene will be granted.[2]

4    In accordance with the above, IT IS HEREBY ORDERED that:

5    1.  The County Intervenors' September 14, 2007 motion to intervene is GRANTED,

6    and these intervenors shall designate one lead counsel to speak on behalf of all five counties

7    in all proceedings before this Court;

8    2.  The Senate Republican Intervenors' September 14, 2007 motion to intervene is

9    GRANTED;

10   3.  The Sonoma County Intervenors' September 14, 2007 motion to intervene is

11   GRANTED;

12   4.  The Sonoma County Intervenors are ORDERED TO SHOW CAUSE at the

13   September 24, 2007 hearing as to why their intervention pleading should not be severed and

14   the County of Sonoma's pleading consolidated with the County Intervenors, the Sonoma

15   County District Attorney's pleading consolidated with the District Attorney Intervenors, and

16   the Sonoma County Sheriff/Coroner and Chief Probation Officer's pleading consolidated

17   with the Sheriff and Probation Intervenors;

18   5.  The CCPOA's September 14, 2007 motion to intervene is GRANTED;

19   6.  The new District Attorneys Intervenors' September 14, 2007 motion to intervene is

20   GRANTED, and these intervenors shall be represented in all proceedings by the same

21   counsel as all other District Attorney Intervenors;

22   7.  The Police Chief Intervenors' September 14, 2007 motion to intervene is

23   GRANTED;

---

24   [2]CCPOA apparently also meets the criteria for permissive intervention.  Permissive
intervention is allowed under Federal Rule of Civil Procedure 24(b) "where the intervenor
25   raises a claim that has questions of law or fact in common with the main case, shows
independent grounds for jurisdiction, and moves to intervene in a timely fashion.  *Venegas v.*
26   *Skaggs*, 867 F.2d 527, 529 (9th Cir.1989), *aff'd*, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d
74 (1990).  The decision to grant or deny this type of intervention is discretionary, subject to
27   considerations of equity and judicial economy.  *Id.* at 530-31."  *Garza v. County of Los*
*Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

28

1       8.  The Sheriff, Probation, Police and Corrections Intervenors' September 14, 2007

2   motion to intervene is GRANTED; and

3       9.  The motion of the Police Chief Intervenors and the Sheriff, Probation, Police and

4   Corrections Intervenors to consolidate their pleadings with those of the other Sheriff and

5   Probation Intervenors is GRANTED, and all of these intervenors shall be represented by one

6   counsel in all proceedings.

7

8   **IT IS SO ORDERED.**

9

10  Dated:   09/19/07                          /s/
                                        STEPHEN REINHARDT
11                                      UNITED STATES CIRCUIT JUDGE
                                        NINTH CIRCUIT COURT OF APPEALS
12

13

14  Dated:   09/19/07                _____
                                        LAWRENCE K. KARLTON
15                                      SENIOR UNITED STATES DISTRICT JUDGE
                                        EASTERN DISTRICT OF CALIFORNIA
16

17

18  Dated:   09/19/07                _____
                                        THELTON E. HENDERSON
19                                      SENIOR UNITED STATES DISTRICT JUDGE
                                        NORTHERN DISTRICT OF CALIFORNIA
20

21

22

23

24

25

26

27

28

7