EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5388
 Fax: (916) 324-5205
 Email: Misha.Igra@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

## I. INTRODUCTION

Following oral argument on August 11, 2007, Magistrate Judge Moulds served the parties with Findings and Recommendations (F&Rs) regarding attorneys' fees and costs. Defendants object to the F&Rs on two grounds. First, Defendants object because the standard of review was incompletely stated as subdivisions (A) and (B) of 42 U.S.C. § 1997e(d)(1) govern attorneys fee awards in this case, and also because a specific finding conflicts with the evidence filed with the Court. Second, Defendants object to the recommendation of the F&Rs regarding the fees awarded for Plaintiffs' Motion to Convene a Three Judge Court.

## II. OBJECTIONS TO FINDINGS

**A. Defendants seek to clarify the requirements of the Prison Litigation Reform Act.**

Defendants seek clarification of the passage of the F&Rs which sets out the standard of review. The F&Rs state in pertinent part:

> [T]his court finds that the proper standard of review on this motion is the standard set forth in 42 U.S.C. § 1997e(d)(1)(B)(ii). Under that standard, plaintiffs are entitled to fees and costs directly and reasonably incurred in enforcing the relief ordered for the constitutional violation found in the district court's September 13, 1995 order.

(F&Rs 4:16-20.)

While Defendants agree that 42 U.S.C. § 1997e governs fee awards in this case, Defendants object to the extent that 42 U.S.C. § 1997e(d)(1)(B)(ii) should not be read independently of the rest of the section. The statute must be read as a whole to state the standard of review for fees under the PLRA. 42 U.S.C. § 1997e(d)(1) states:

> (d) Attorney's fees.
>
> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States (42 U.S.C. 1988), such fees shall not be awarded, except to the extent that–
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 2 of the Revised Statutes; **and**
> (B)   (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>   (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

Thus, under subdivision (d)(1), fees shall not be awarded unless the fee was directly and reasonably incurred in proving an actual violation of the Plaintiffs' rights for which as fee may be awarded. And the fee must be either i) proportionately related to the relief obtained or ii) directly and reasonably incurred in enforcing the Decision and Order entered in this action on September 13, 1995. 42 U.S.C. § 1997e(d)(1)(B).

The F&Rs dismiss one of Defendants' argument, citing *Webb v. Ada County*, 285 F.3d 829, 834-35 (9th Cir. 2002). (F&Rs, n2.) However, that case does not abolish the requirement of satisfying 42 U.S.C. § 1997e(d)(1)(A). In *Webb*, that court found that attorney's fees which

Objections to F&Rs

2

were incurred in a successful action to enforce the terms of a consent decree, were compensable under the PLRA because the fees were directly incurred in enforcing the court-ordered relief–namely, the consent decree. But here, the motions for which Plaintiffs seek fees do not arise from the 1995 Decision and Order in this case, and Defendants argued that the motions were too attenuated to merit fees.

The Magistrate Judge found that Plaintiffs achieved a sufficient measure of success on two motions to merit a fee award. Nevertheless, Defendants request clarification of the standard of review, and therefore object to the finding that 42 U.S.C. § 1997e(d)(1)(B)(ii) alone states the standard for an award of attorneys fees in this case.

**B.  Defendants seek to clarify a factual finding.**

Defendants object to a factual finding which is not supported by the evidence. The F&Rs state in part:

> Defendants' contention that the motion should be denied because plaintiffs did not meet and confer with defense counsel prior to filing the motion, as required by the March 19, [199]6 Stipulation and Order, does not, on this record, require denial of the motion where, as here, it is apparent that defendants take the position plaintiffs are not entitled to recover any fees and costs for this work."[1]

(F&Rs, n3.)

The evidence shows that the California Department of Corrections and Rehabilitation (CDCR) did not take the position that it would not pay any fees and costs. Rather, CDCR invited Plaintiffs to postpone a discussion of the appropriate amount of fees until after the court ruled. Specifically, CDCR Staff Counsel Michael Stone's Declaration reveals that a stipulation was offered. Plaintiffs had executed a stipulation in *Armstrong v. Davis*, USDC Northern District case number 4:94-CV-2307, but refused to execute a similar stipulation in this matter. (Stone Decl. ¶ 7 & Ex. 7, 2:11-14.) Moreover, Mr. Stone's declaration reveals that Plaintiffs' counsel were unwilling to wait for a ruling, but after the court's decision was entered, they filed their motion for fees without first meeting and conferring to achieve an informal resolution. (Stone Decl. ¶¶ 9, 10.)

---

1. Defendants presented multiple legal theories. One theory was that fees should not be awarded for the motion seeking a three-judge panel because the relief granted is purely procedural.

Objections to F&Rs

3

1    In light of this evidence, Defendants object to the finding that Defendants took the
2  position that no fees would be paid and the resulting conclusion that meeting and conferring was
3  not required before Plaintiffs filed their motion to compel payment. As the Periodic Fee Order
4  requires, the parties must meet and confer to try to resolve issues before Plaintiffs may file a
5  motion to compel payment of disputed fees. (Order, 3/19/96, 3:19-25.)

6    **III.**

7    **OBJECTION TO RECOMMENDATIONS**

8    Defendants seek clarification regarding one of the recommendations contained in the
9  F&Rs. The F&Rs recommend that the Court order the parties to meet and confer concerning
10  payment of attorneys' fees and costs incurred by Plaintiffs for their November 13, 2006 motion
11  to convene a three-judge panel and their November 2, 2006 motion for a temporary restraining
12  order and preliminary injunction, but not in connection with their July 13, 2006 motion to
13  compel discovery. (F&Rs 8:6-11.) Implicit in this recommendation is the expectation that
14  payment will be made.

15    Defendants do not object to meeting and conferring regarding the motion for a temporary
16  restraining order, nor do they object to meeting and conferring about fees for the motion to
17  convene a three-judge panel. However, Defendants object to tendering payment in connection
18  with the three-judge panel motion until Plaintiffs are successful on the merits.

19    The most critical factor in determining the reasonableness of a fee award is the degree of
20  success obtained. *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003)*,* 42 U.S.C. §
21  1997e(d)(1)(B)(i).) "[T]he entry of any order that determines substantial rights of the parties
22  may be an appropriate occasion upon which to consider the propriety of an award of counsel
23  fees." *Hanrahan v. Hampton*, 446 U.S. 754 (1980). However, successes on procedural rulings
24  "may affect the disposition on the merits but [are] themselves not matters on which a party could
25  'prevail' for purposes of shifting counsel fees to the opposing party under [42 U.S.C.] § 1988."
26  *Hanrahan,* 446 U.S. at 758.

27  / / /

28  / / /

Objections to F&Rs

Here, a three-judge panel has been convened, but no evidence has been given, no ruling has issued, and no relief has been granted. Similar to *Hanrahan*, the most that Plaintiffs can claim is that they have obtained a procedural success, for which fees are premature.

Whether Plaintiffs will obtain a population cap is presently unknown. The parties should be ordered to meet and confer regarding the fees incurred in relation to the three-judge court, but no payment should be ordered unless Plaintiffs prevail on the merits. Finally, the F&Rs were silent on the subject of what mechanism the parties should employ if meeting and conferring fails to result in agreement, and Defendants request clarification on that matter.

## IV. CONCLUSION

For the foregoing reasons, Defendants object to the findings portion of the August 11, 2007 Findings and Recommendations and request that the Court find that 42 U.S.C. § 1997e(d) and all of its subsections govern attorneys' fees in this action. Defendants also request that the Court strike footnote 3 of the F&Rs and find that Plaintiffs were required to meet and confer to resolve fees issues before a motion to compel payment of disputed fees was filed. Finally, the Court should order the parties to meet and confer but stay payment of fees regarding the Three Judge Court until that matter is resolved.

Dated: September 27, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General


*/s/ Misha D. Igra*


MISHA D. IGRA
Deputy Attorney General
Attorneys for Defendants

Objections to F&Rs

5