<u>COLEMAN v. SCHWARZENEGGER</u>
CASE NO. CIV S-90-0520 LKK JFM P

EXHIBIT A IN SUPPORT OF DEFENDANTS'
PLAN TO IMPROVE MENTAL HEALTH ASSESSMENT OF
CCCMS INMATES SUBJECT TO DISCIPLINARY PROCESSES

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION        ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF CORRECTIONAL HEALTH CARE SERVICES**
P.O. Box 942883
Sacramento, CA 94283-0001



OCT - 1 2007

J. Michael Keating, Jr.　　　　　　　　Via:　Lisa Tillman
Office of the Special Master　　　　　　　　Deputy Attorney General
2351 Sussex Lane　　　　　　　　　　　　Department of Justice
Fernandina Beach, FL 32034　　　　　　　1300 "I" Street, Suite 125
　　　　　　　　　　　　　　　　　　　　P. O. Box 944255
　　　　　　　　　　　　　　　　　　　　Sacramento, CA 94244-2550

RE: **RESPONSES TO COLEMAN COURT ORDER OF AUGUST 2, 2007 - RULES VIOLATION REPORT/MENTAL HEALTH ASSESSMENT AND CORRECTIONAL CLINICAL CASE MANAGEMENT INMATE-PATIENTS**

Dear Mr. Keating:

Enclosed please find our plan in response to the August 2, 2007 Court Order regarding Rules Violation Report/Mental Health Assessment and Correctional Clinical Case Management Inmate-patients.

If you have any questions, please contact me at (916) 323-0229.

Sincerely,

ROBIN J. DEZEMBER
Chief Deputy Secretary
Division of Correctional Health Care Services

Enclosure

cc: Doug McKeever, Director, Mental Health Program, Division of Correctional Health
　　　Care Services (DCHCS)
　　Karen Wong, Deputy Director (A), DCHCS
　　Matthew A. Lopes, Jr., Deputy *Coleman* Special Master
　　Jeffrey L. Metzner, M.D., *Coleman* Expert
　　Dennis F. Koson, M.D., *Coleman* Expert
　　Kerry Hughes, M.D., *Coleman* Expert
　　Melissa G. Warren, Ph.D., *Coleman* Expert
　　Raymond F. Patterson, M.D., *Coleman* Expert
　　Paul Nicoll, *Coleman* Expert
　　Ted Ruggles, Ph.D., *Coleman* Expert
　　Mary Perrien, Ph.D., *Coleman* Expert
　　Mary-Joy Spencer, Esq., *Coleman* Expert

J. Michael Keating, Jr.
Office of the Special Master
Page 2

Yong Joo Erwin, LCSW, *Coleman* Expert
Kathryn A. Burns, M.D, MPH, *Coleman* Expert
Henry Dlugacz, *Coleman* Expert
Angela Shannon, *Coleman* Expert
Lisa Tillman, Office of the Attorney General
Misha Igra, Office of the Attorney General
Michael Stone, Office of Legal Affairs
Michael Bien, Rosen, Bien and Galvan
Donald Specter, Prison Law Office
Virginia Morrison, Esq., *Coleman*
Mohamedu F. Jones, Esq., *Coleman*
Patricia Williams, Esq., *Coleman*
Linda Buffardi, *Coleman*
Andrew Swanson, M.D., Chief Psychiatrist, DCHCS
Marion Chiurazzi, Ph.D., DCHCS
George Giurbino, Division of Adult Institutions (DAI)
Mary Neade, DAI
Sharon Riegel, DCHCS

**Response to**
**Coleman August 2, 2007 Order**
**RVR/Mental Health Assessment and CCCMS Inmate/patients**

## BACKGROUND

The following is a proposal outlining the steps needed to identify and develop the needed changes, if any, to broaden the impact of the mental health assessment process in prison disciplinary matters for Correctional Clinical Case Management System inmate/patients.

This plan is required by the August 2, 2007, Court Order.

The order states:

> "Within sixty days from the date of this order defendants shall develop a plan for identifying and developing the changes deemed necessary to broaden the impact of the mental health assessment process in prison disciplinary matters on 3CMS inmates, testing those changes and implementing them systemwide. The plan shall be submitted to the special master and to plaintiffs' counsel for review and comment. The special master shall report to the court on the adequacy of this plan and make any appropriate recommendations in the next regularly scheduled monitoring period."

## Response:

Upon receiving Special Master Keating's report recommending the above court order, the California Department of Corrections and Rehabilitation composed a work group involving Mental Health staff at Pleasant Valley State Prison (PVSP) and California Men's Colony (CMC) and staff from the Division of Adult Institutions. A preliminary discussion was also held with two Court-appointed Coleman experts: Mohamedu Jones and Ted Ruggles.

In order to make educated determinations regarding any proposed modifications to the Rules Violation Report (RVR) (also known by its form number "115") review process for Correctional Clinical Case Management System (CCCMS) patients, a thorough review of the existing RVR process utilizing both quantitative and qualitative analysis is an important first step. This would allow for:

- a better indication of baseline estimates for mental health referrals.
- analysis of each step in the current process.
- identification of training needs.

A clinical review of prior 115s was initiated in August of 2007 at CMC and PVSP. Staff at CMC has reviewed 200 RVRs (random sample) and staff at PVSP has reviewed over 2,000 RVRs (entire sample of RVRs written on CCCMS patients in 2006 as well as some General Population inmates). Specifically, clinicians were asked to:

- Review the 115 and determine if there was anything in the 115 report that would suggest that a mental health evaluation would be indicated.
- Note the factors in the 115 that suggested the possible need for a mental health evaluation.

RVR 115 Plan (Final 10-1-07)

1

Response to
Coleman August 2, 2007 Order
RVR/Mental Health Assessment and CCCMS Inmate/patients

- Indicate whether the inmate/patient had been referred for a mental health evaluation.
- Note the nature of the charges.
- Note the outcome of the RVR hearing.

This process has already commenced and is partially complete. The approximately 2,000 RVRs have been reviewed by clinicians and a data base including identifying information, date of the RVR, log number, nature of the allegation, whether the inmate/patient was referred for a mental health evaluation prior to his RVR hearing, the outcome of the RVR hearing, and whether the current review suggested a mental health evaluation may have been warranted is currently being compiled and edited for accuracy.

Additional data on those identified by clinicians as possibly warranting referral are currently being collected, including the contact/treatment history of the individual. This will allow for additional analysis on factors temporally related to the date of the RVR such as: changes in medication, frequency of clinical contacts, Mental Health Crisis Bed admissions, referrals for medication non-compliance, etc. For those individuals whose history suggests possible decompensation, a Unit Health Record review, if available, will be utilized to conduct a post-hoc assessment of whether it appears that the patient's mental health at the time may have played a significant factor in the patient's behavior.

**Preliminary Findings:**

- A thorough analysis of the data is not yet complete but preliminary indications suggest that approximately 3-5% of the 2,000 RVRs written on CCCMS inmate/patients were identified by clinicians as suggestive of warranting a further mental health assessment (these include many RVRs that were already referred for a mental health evaluation)

- There were both contextual and behavioral factors available to the reviewing clinicians that played a role in determining whether a referral to mental health was warranted. For example: (1) the RVRs reviewed were completed RVRs which included information from the hearing that would not have been available in reviewing the initial 115 (at the hearing the patient reported that he had heard voices, that he was upset that he had received bad news, had stopped attending class because he had found it stressful, etc.), and (2) the reviewing clinician was familiar with the patient and, as a result, this knowledge influenced the decision to refer.

- Although it was regularly noted by the Hearing Officers at PVSP that the Mental Health Evaluation was considered during the disciplinary hearing, it was not clear what impact the Mental Health Evaluation actually had.

**Proposed Plan of Modification to the RVR Process:**

The analysis to date does not indicate that the RVR process is "broken" but does suggest that some modifications and fine tuning would be appropriate. The following plan of action is recommended at a pilot institution with a large CCCMS population.

Response to
Coleman August 2, 2007 Order
RVR/Mental Health Assessment and CCCMS Inmate/patients

After the first six months of implementation of the pilot program, a report should be generated outlining an analysis of the efficacy of the procedure as well as an analysis of the workload impact. Subsequent recommendations regarding necessary training, workload impact and resource needs would be provided prior to statewide implementation.

*Procedural Changes:*

- It is proposed that an individual be assigned the duties of a "RVR Coordinator" (in a large CCCMS program such as PVSP, two coordinators may be designated (one each for Yards A&B and Yards C&D). The RVR coordinator would be an experienced Mental Health Clinician (i.e., Senior Psychologist, Supervisor or designee).

- The role of the RVR coordinator would be review the RVR and determine if a complete mental health assessment is suggested. Review of other sources of information may be utilized as deemed necessary to make a determination of whether to refer (i.e., talk with Case Manager; review contact history; etc.).

- A system to readily track the CCCMS RVRs be implemented (i.e., date of incident; RVR log number, date reviewed, the outcome of the review, date sent for Mental Health Evaluation, date returned, outcome, etc.).

- It is proposed that the language and nature of the mental health evaluations completed for RVR reviews more accurately reflect the forensic nature of the evaluation and that such evaluations be completed by specified clinicians who have been provided additional forensic training.

- It is proposed that the RVR/115 report be modified to standardize and more readily identify the degree to which the results of a mental health referral were considered in the findings and whether the mental health report mitigated the disposition. For example, a checklist can be developed and incorporated into the RVR form such as:

    ☐ Mental Health Evaluation considered and:
       ☐ No change in disposition
       ☐ Charges dismissed
       ☐ Sentence reduced by_____

*Training:*

The original module that was utilized for training in 2003 was reviewed and modification to that module may be useful in providing additional training. Specifically:

- Emphasize to correctional staff the importance of the specificity in the writing of the original 115. (i.e., omit vague phrases such as "mumbling as he walked out the room.")

**Response to**
**Coleman August 2, 2007 Order**
**RVR/Mental Health Assessment and CCCMS Inmate/patients**

- Provide additional training for the hearing officers on identifying individuals who, as a result of additional information gathered during the RVR process, may benefit from a Mental Health Evaluation.

- Provide training for the clinician RVR Coordinators regarding factors to consider in reviewing the RVR. (This training will be guided by the results of the current ongoing analysis noted above).

- Complete specific training to clinicians who will do the evaluations on the forensic nature of the evaluations, how to conduct the evaluations and a re-standardized format for the reporting of the results with greater clarity on the nature of the questions posed. (This training package will be developed by Mental Health staff with forensic training and experience.)