IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

          Plaintiffs,                No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER,
et al.,

          Defendants.             ORDER

_____/

         Pursuant to this court's October 20, 2006 order, on July 2, 2007 the special master filed a report and recommendations on defendants' enhanced outpatient (EOP) treatment programs in reception centers. On July 12, 2007, defendants filed a response to the report in which they interposed objections to some of the recommendations contained therein. On July 24, 2007, plaintiffs filed a response to defendants' objections. By order filed August 2, 2007, the matter was referred back to the special master for review of the July 2, 2007 recommendations in light of defendants' objections and plaintiffs' response thereto. On August 15, 2007, the special master filed a supplemental report and recommendations. Neither party has filed objections to the supplemental report and recommendations.

/////

/////

1

1    In his July 2, 2007 report, the special master recommends that defendants be

2 directed to, within sixty days, submit to him for review a plan for the provision of EOP treatment

3 programs at reception centers revised to include the following features:

4          • Allocation of necessary staffing and space for each of the seven EOP
            reception center programs.
5
6          • Required initial screening of arriving inmates who have recent histories of
            EOP designation, to occur within 72 hours of arrival, and initial mental
            health evaluations to occur within seven days of arrival.
7
8          • Specification of timeframes and schedules for initial follow-up IDTT
            meetings for every EOP reception center inmate, to continue until the
            inmate is transferred to a general population enhanced outpatient program.
9
           • Required identification as early as possible of all reception center EOP
10           inmates who have, or might have, imminent release dates, that is, within
             60 to 120 days, preferably to be accomplished within the IDTT process.
11           Such inmates should be provided with treatment plans that address their
             individualized re-entry needs and include the best estimate of the inmates'
12           earliest possible release dates.

13         • Training of all members of program IDTTs on re-entry planning for
             inmates who have imminent release dates.  The training should cover, but
14           not be limited to, preparation of inmate applications for federal and state
             benefits, initiation of conservatorships, liaison with parole outpatient
15           program staff, and screening for in-patient placements.  The process for
             securing federal and state benefits entitlements and community-based
16           continuity of care should be clearly defined, and training provided should
             cover preparation of all necessary entitlement program authorizations,
17           including but not limited to those for the Social Security Administration
             and Veterans agencies.
18

19 Special Master's Report and Recommendations on Defendants' Enhanced Outpatient Treatment

20 Program in Reception Centers, filed July 2, 2007, at 2.  The special master's August 15, 2007

21 supplemental report adds an additional recommendation, as follows:

22         • Inmates identified as needing an EOP level of care in
             reception be afforded accelerated initial programmatic
23           evaluation and intake within no more than seven days, or
             much more quickly than the 14 days allowed for intake in a
24           general population EOP.

25 /////

26 /////

2

1 Special Master's Supplemental Report and Recommendations on Defendants' Enhanced

2 Outpatient Treatment Program in Reception Centers (Supplemental Report), filed August 15,

3 2007, at 4.

4        In their July 12, 2007 objections, defendants object to the first, second, and fifth

5 of the recommendations in the special master's July 2, 2007 recommendations.  With respect to

6 the first recommendation, defendants state that staffing was allocated as of January 1, 2007, that

7 "the allocated staffing positions were being established and filled shortly before the filing of" the

8 report, and that the allocation of space requires coordination with the Receiver in <u>Plata v.</u>

9 <u>Schwarzenegger</u>, Case No. C01-1351 TEH (N.D. Cal.) as well as court representatives in <u>Perez</u>

10 <u>v. Schwarzenegger</u>, Case No. C05-5241 JSW (N.D. Cal.) and <u>Armstrong v. Schwarzenegger</u>,

11 Case No. C94-2307 CW (N.D. Cal.).  Defendants' Responses and Objections to Special Master

12 Keating's Report on Defendants' Plan to Provide Enhanced Outpatient Program Care at

13 Reception Centers (Defendants' Objections), filed July 12, 2007, at 2.  Nothing in defendants'

14 objections precludes them from including clear and specific information about the allocation of

15 staffing and space for these EOP reception center treatment programs.  Defendants' objection to

16 the first recommendation is overruled.

17        Defendants raise two objections to the special master's second recommendation.

18 First, they contend that they do not presently have "the necessary computerized records system

19 to enable determination of which inmates have recent histories of EOP designation."  Second,

20 they contend they already do a bus screening of all inmates within 72 hours of arrival, and a

21 mental health screen within seven days of arrival, and that to the extent the special master's

22 recommendation requires a revision of the Revised Program Guide it "exceeds the applicable

23 standard of care for constitutionally-mandated mental health services."  Defendants' Objections,

24 at 2.

25        In his supplemental report, the special master outlines the three-tiered mental

26 health screening and evaluation process for inmates arriving at reception centers, as follows:

> Reception center mental health screening and evaluation involve a three-tiered process. When an inmate arrives at a reception center, he or she must receive an initial health screening ("bus screen") within 24 hours of arrival at the reception center. [Footnote citation to Revised Program Guide omitted.] At the next step, he or she must be administered a mental health screening for possible mental health needs ("the 31-question screen") within seven days of arrival. [Footnote citation to Revised Program Guide omitted.] The third step in the evaluation process is administration of a full clinical mental health evaluation of the arriving inmate ("CDCR Form 7386"), if he or she has been identified as having a possible mental health need. This evaluation must occur within 18 calendar days of the inmate's arrival at the reception center. [Footnote citation to Revised Program Guide omitted.]

Supplemental Report, at 3. The special master clarifies that the second recommendation was not intended to override the relevant screening provisions of the Revised Program Guide, nor was it "intended to suggest that all inmates arriving at reception centers must receive a mental health screening within 72 hours or a full mental health evaluation (the CDCR Form 7386 mental health evaluation) within seven days, as opposed to 18 days, following arrival." Supplemental Report, at 3. Rather, the recommendation was focused on providing an accelerated initial programmatic evaluation for those inmates who have a prior history of involvement in an EOP program in the CDCR. Defendants have not filed objections to the supplemental report, which clarifies the special master's second recommendation. To the extent, if at all, that the objection has not been resolved by the supplemental report and recommendation, it is overruled.

Defendants object to the fourth recommendation on the ground that it "assumes the consistent and immediate availability of data concerning imminent release dates" which they contend "is not consistently nor immediately available to enable immediate identification of inmates with imminent release dates within 60 to 120 days." Defendants' Objections at 3. This objection is overruled.[1]

---

[1] The basis for this objection is not entirely clear. To the extent that the objection is based on a representation that information on inmate release dates is not yet in a computerized database, it appears to the court that, while a computerized database might be useful, it should not be essential to the efficient accessibility of such information.

1    In accordance with the above, IT IS HEREBY ORDERED that the July 2, 2007

2    recommendations of the special master, as revised and supplemented on August 15, 2007, are

3    adopted in full.  Within sixty days from the date of this order defendants shall submit to the

4    special master for review  their plan for the provision of EOP treatment programs at reception

5    centers revised to include the following features:

6    •    Allocation of necessary staffing and space for each of the seven EOP
          reception center programs.
7
8    •    A requirement that any arriving inmate identified during the initial bus
          screening, conducted within 24 hours of an inmate's arrival, as having a
          history of prior involvement in an EOP, be referred for an expedited
9         clinical mental health evaluation within seven days of arrival to determine
          whether the inmate still needs  an EOP level of care.
10
11   •    Inmates identified as needing an EOP level of care in reception be
          afforded accelerated initial programmatic evaluation and intake within no
          more than seven days, which is quicker than the 14 days normally allowed
12        for intake in a general population EOP.

13   •    Specification of timeframes and schedules for initial follow-up IDTT
          meetings for every EOP reception center inmate, to continue until the
14        inmate is transferred to a general population enhanced outpatient program.

15   •    Required identification as early as possible of all reception center EOP
          inmates who have, or might have, imminent release dates, that is, within
16        60 to 120 days, preferably to be accomplished within the IDTT process.
          Such inmates should be provided with treatment plans that address their
17        individualized re-entry needs and include the best estimate of the inmates'
          earliest possible release dates.
18
19   •    Training of all members of program IDTTs on re-entry planning for
          inmates who have imminent release dates.  The training should cover, but
          not be limited to, preparation of inmate applications for federal and state
20        benefits, initiation of conservatorships, liaison with parole outpatient
          program staff, and screening for in-patient placements.  The process for
21        securing federal and state benefits entitlements and community-based
          continuity of care should be clearly defined, and training provided should
22        cover preparation of all necessary entitlement program authorizations,
          including but not limited to those for the Social Security Administration
23        and Veterans agencies.

24   /////

25   /////

26   /////

1   The special master shall report to the court on the adequacy of the plan in the twentieth round

2   monitoring report.

3   DATED:   October 2, 2007.

5

6   LAWRENCE K. KARLTON
    SENIOR JUDGE
7   UNITED STATES DISTRICT COURT

6