Ronald Yank, No. 041200
Gregg McLean Adam, No. 203436
Natalie Leonard, No. 236634
Jennifer S. Stoughton, No. 238309
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:   415.989.5900
Facsimile:   415.989.0932
Email:   gadam@cbmlaw.com
   jstoughton@cbmlaw.com

Benjamin C. Sybesma, No. 103380
Christine Albertine, No. 141033
**CALIFORNIA CORRECTIONAL PEACE OFFICERS'
ASSOCIATION LEGAL DEPARTMENT**
755 Riverpoint Drive, Suite 200
West Sacramento, California 95605-1634
Telephone:   916.372.6060
Facsimile:   916.372.9805
Email:   ben.sybesma@ccpoa.org
   christine.albertine@ccpoa.org

Attorneys for Intervenor California Correctional Peace
Officers' Association

IN THE UNITED STATES DISTRICT COURTS
FOR THE NORTHERN AND EASTERN DISTRICTS OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| MARCIANO PLATA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants. | No. Civ C 01-1351 TEH (N.D. Cal.) and<br><br>No. Civ S 90-0520 LKK-JFM (E.D. Cal.)<br><br>**THREE-JUDGE COURT** |
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants. | **DECLARATION OF GREGG MCLEAN ADAM IN SUPPORT OF JOINT STATEMENTS REGARDING DISCOVERY DISPUTES** |

I, Gregg McLean Adam, depose and say:

1. I am an attorney entitled to practice before all of the courts of the State of California. I am a partner with the firm of Carroll, Burdick & McDonough LLP, attorneys of record for plaintiff intervenor, California Correctional Peace Officers' Association ("CCPOA"), in this matter. By virtue of that representation, I have personal knowledge of the facts set forth here, and if called upon as a witness, I could and would testify competently as to them.

2. CCPOA does not object to any representative of Plaintiffs or Plaintiffs' experts meeting with or talking to any employee represented by CCPOA.

3. CCPOA does object, however, to representatives of Defendants or Defendants' experts meeting with or talking to any employee represented by CCPOA about subjects within the scope of this litigation without the presence of CCPOA counsel.

4. On October 22, 2007, my colleagues Natalie Leonard and Jennifer Stoughton met and conferred with the parties in this case via telephone to request that CCPOA be allowed to participate in any of Defendants' tours or Defendants' experts' tours of any correctional facilities conducted in furtherance of this litigation. CCPOA wishes to be present during defense experts' tours in order to observe Defendants' interactions with its members, which consist of all rank and file employees in State Bargaining Unit 6 (correctional officers, correctional counselors and parole agents) and some supervisors of Unit 6 employees (i.e., sergeants and lieutenants). CCPOA's presence on the tours should actually facilitate and maximize communications with custody officers and other CCPOA members.

5. In my experience, questioning by the employer can be intimidating for individual employees. Representation in circumstances that could lead to disciplinary action is mandated for public safety officers (such as Unit 6 members) under California law (Gov't Code section 3300 *et seq.*) and these statutory protections were replicated in CCPOA's expired Unit 6 Memorandum of Understanding. Permitting CCPOA's counsel to observe Defendants' experts' tours is the best way to ensure its members' interests are

DECLARATION OF GREGG MCLEAN ADAM, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

protected and to forestall future issues related to any communications that occur during the tours. Defendants did not agree to this request.

6. Also during that telephone call, Ms. Leonard and Ms. Stoughton requested that CCPOA be allowed to attend all of Plaintiffs' tours of correctional facilities related to this litigation, and that CCPOA be allowed to speak with personnel from the California Department of Corrections and Rehabilitation ("CDCR") during the tours to the same extent requested in Plaintiffs' discovery requests. Defendants did not object to CCPOA attending the tours, but Defendants did object to CCPOA speaking to any CDCR employees during the tours.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 22nd day of October, 2007, at San Francisco, California.

_____
Gregg McLean Adam