PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.:  Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al., <br><br> Plaintiffs, <br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> vs. <br><br> Defendants | No. C01-1351 THE <br><br> **DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTE** |

I, Michael W. Bien, declare:

1.     I am a member of the Bar of this Court and a partner in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of the parties' Joint Statement Regarding Discovery Disputes.

2.     Attached hereto as **Exhibit A** is a true and correct copy of the July 31, 2007 order issued by the three-judge court ("the Court"). The Court consolidated *Plata v. Schwarzenegger* and *Coleman v. Schwarzenegger* for the limited purpose of proceedings before the three-judge court. The Court also ordered the parties to file and serve status reports no later than August 15, 2007.

3.     Prior to filing status reports, counsel for Plaintiffs and Defendants met and conferred. Counsel discussed proceedings before the three-judge panel and the questions the Court ordered addressed in the status reports, including the appropriateness and need for discovery. Both parties agreed that discovery was necessary and open, and discussed expected requests from both parties.

4.     Attached hereto as **Exhibit B** is a true and correct copy of Defendants' Status Conference Report filed August 15, 2007.

5.     Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' Status Conference Statement filed August 15, 2007.

6.     Attached hereto as **Exhibit D** is a true and correct copy of the order issued by the Court on August 17, 2007, which referred all discovery disputes arising in these proceedings to Magistrate Judge Moulds.

7.     Attached hereto as **Exhibit E** is a true and correct copy of the order issued by the Court on August 29, 2007, setting the initial hearing on these proceedings before the Court for September 24, 2007.

8.     On September 5, 2007, Plaintiffs served their first discovery on Defendants, consisting of Plaintiffs' First Request for Production of Documents to Defendants. A true and

correct copy of that Request is attached hereto as **Exhibit F**. Defendants communicated no objection to this discovery to Plaintiffs, either informally or formally. In the last minutes of the three-hour September 24, 2007 hearing before the Court, Defendants suggested for the first time that this discovery was premature. A true and correct copy of an excerpt of the Transcript from that hearing, page 115, is attached hereto as **Exhibit G**. The next day, September 25, 2007, the Court issued an order to "clarify that discovery is open." A true and correct copy of that order is attached hereto as **Exhibit H**. In that order, the Court also granted an extension of time for responses to written discovery already served, setting the due date thirty days from the date of the order, or October 25, 2007.

9.    As of October 25, 2007, Defendants will have had Plaintiffs' First Request for Production of Documents for approximately forty-eight days. As of the date this statement was filed, Defendants have not produced a single document in response to this Request, and have informed Plaintiffs' counsel that they do not intend to produce any documents to Plaintiffs on or before October 25, 2007. In fact, Defendants stated that they do not expect to produce a single document to Plaintiffs even by November 1, 2007.

10.    Defendants served *Coleman* and *Plata* Plaintiffs separately with interrogatories and request for production that were received on October 4 and October 5, 2007, respectively. *Coleman* Plaintiffs and *Plata* Plaintiffs separately served Defendants with interrogatories and requests for production on October 17, 2007.

11.    Attached hereto as **Exhibit I** is a true and correct copy of the October 10, 2007 order issued by the Court that bifurcates the proceedings before it into two Phases and sets pretrial and trial date for Phase I. With respect to the Court's definition of the two Phases, Defendants' contentions as to Phase I versus Phase II discovery reflect a fundamental misunderstanding of the considerations of this case, and wrongly attempt to shift the burden of providing relief in this case from Defendants to Plaintiffs. Answers to interrogatories or discovery requests as to what Plaintiffs believe the specific plans or scope for a prisoner release order should encompass are not relevant to the Phase I questions articulated by the Court. Plaintiffs are not obligated to present Defendants with a plan for the universe of actions

1  they should have taken or should take in order to address overcrowding and remedy their own
2  constitutional violations.  Plaintiffs have, however, repeatedly offered to engage in settlement
3  talks with Defendants about possible actions Defendants might voluntarily take to address the
4  violations caused by overcrowding in the prisons.  Plaintiffs continue to remain open to this
5  type of discussion.  Defendants, however, have not pursued settlement discussions.

6      12.    During the week of October 15, 2007, Plaintiffs and Defendants met and
7  conferred via teleconference on October 15, and October 17, as well as exchanging various
8  other communications via email and telephone calls between individual counsel concerning
9  various discovery issues, coming to agreement on some, and identify a number to bring before
10 this Court for resolution.  I directly participated in these teleconferences.  I also participated
11 directly or supervised the counsel who participated directly in additional email and telephone
12 communications.

13     13.    As a result of the parties' inability to resolve certain discovery issues informally
14 during these communications, they agreed on October 17, 2007 to refer the remaining disputed
15 issues to Magistrate Judge Moulds.  Plaintiffs and Defendants also agreed that, due to the
16 extremely short scheduling deadlines in this case and the fact that Plaintiffs' expert tours are to
17 begin on October 29, 2007, they would file a stipulation asking Magistrate Judge Moulds to
18 hear the motion in an expedited fashion.  The parties filed the stipulated request on October 18,
19 2007, and the Court granted it on October 19, 2007.

20     14.    An additional telephone conference took place today, Monday, October 22, 2007
21 at 11:30 am, in a final effort to resolve these multiple discovery disputes in advance of the
22 scheduled hearing.  Plaintiffs and Defendants were unable to resolve the issues briefed in this
23 joint statement.

24     15.    On October 2, 2007, before the three-judge court issued its scheduling order,
25 Plaintiffs served their First Request for Inspection to Defendants.  Attached hereto as **Exhibit J**
26 is a true and correct copy of the First Request.  Prior to that date, Plaintiffs informally
27 conferred with Defendants' counsel regarding a process to arrange for a limited number of
28 expert tours.  After the issuance of the October 10, 2007 Scheduling Order, which set the

November 9, 2007 deadline for production of expert reports, scheduling for the tours accelerated. Through the subsequent meet and confer sessions during the week of October 15, 2007, Plaintiffs and Defendants negotiated dates, locations, and times for Plaintiffs' expert tours, and Plaintiffs served Defendants with a Second Request for Inspection and an Amended Second Request for Inspection on October 19, 2007 that reflected the updates in these agreed-upon dates, locations, and times. Attached hereto as **Exhibit K** is a true and correct copy of the Amended Second Request for Inspection. At Defendants' request, *Plaintiffs agreed to conduct all of their expert tours during the week of October 29, 2007.*

16.    However, on Thursday, October 18, 2007, after both telephonic meet and confer sessions had been conducted and weeks after Plaintiffs had served their original Request for Inspection, Defendants informed Plaintiffs for the first time that they will not permit Plaintiffs' counsel or their experts to talk to any of "their people" during the tours. Defendants raised this objection in a telephone call with one of Plaintiffs' counsel, and when asked to clarify their position in a subsequent telephone call, Defendants referred to "the plain language of Rule 34." Plaintiffs noted that Defendants have previously permitted Plaintiffs' experts to confer with CDCR employees in the informal manner described in the Request, which does not require anyone to swear to any statement under oath, and provides for the presence of all counsel.

17.    I also sent Defendants an email on October 19, 2007 outlining Plaintiffs' legal arguments that Rule 34 does not support Defendants' objections, and requested a response by the close of business on that day. Attached hereto as **Exhibit L** is a true and correct copy of the October 19, 2007 email I sent to Defendants' counsel. In the telephone conference this morning, Defendants stated that they were maintaining their objection to Plaintiffs' experts speaking with CDCR employees on the tours.

18.    The Receiver has agreed that Plaintiffs' experts may speak freely with medical staff during the prison tours so long as the Receivers' representative is present. Attached hereto as **Exhibit M** is a true and correct copy of the October 18, 2007 email sent by Martin Dodd to Don Specter and Alison Hardy.

19.    As I have served as lead or co-lead counsel in the following prisoner rights class

1   or individual actions, each of which has included tours by Plaintiffs' attorneys and their experts

2   in the pre-trial discovery process: *Whitaker v. Rushen, Gates v. Deukmejian, Coleman v.*

3   *Wilson, Armstrong v. Wilson,* and *Valdivia v. Schwarzenegger.*   In each of these cases,

4   Defendants were represented by the Correctional Law Section of the Department of Justice, of

5   the California Attorney General's Office.   I personally accompanied Plaintiffs' experts on

6   prison tours in each of these cases.   In each of these cases, Plaintiffs' experts and Plaintiffs'

7   counsel have been permitted to speak with Defendants' employees and officials, in the

8   presence of defense counsel.  These communications with CDCR employees were an essential

9   part of the tours.  The CDCR employees---including, for example, wardens, chief medical

10  officers, doctors, hearing officers, custody officers, teachers, and parole agents---explained the

11  actual operations of the prison, guided the tours, explained relevant procedures and policies,

12  and introduced appropriate staff members to efficiently and appropriately present the necessary

13  information to Plaintiffs' experts.  A meeting with senior officials at the beginning of each

14  tour was a critical part of the process as it helped identify appropriate parts of the prison to be

15  toured during the day and assists the prison officials in their planning so that the tour can be

16  less disruptive to prison operations.  For example, if a prison expert wished to observe a

17  medication distribution line in a particular unit, the scheduled times for that process would be

18  provided in the morning meeting so that the tour could be planned to show up at the unit on

19  time.  While it may be theoretically possible for a prison tour in these complex cases to be

20  undertaken without the ability to speak with any CDCR employees, in my opinion such a

21  process would be unduly time consuming, expensive and far more disruptive of prison

22  operations.   I estimate that each one day tour would take at least three to four full days.

23  Among the many issues that the Plaintiffs' experts will review during the prison tours is how

24  custody, medical and mental health staff respond to medical and mental health emergencies in

25  housing units, on exercise yards, etc.  In order to determine what procedures are actually

26  followed, the experts can either observe the facilities over days, and perhaps weeks, to

27  document various emergencies, or they can question the staff that regularly responds to these

28  emergencies.  Nor is it clear that Plaintiffs would ever obtain the same quality of information

about the prison's actual operations and procedures than would be provided by simple

interviews of staff at the locations where they perform their jobs.  For example, taking the

deposition of a nurse responsible for suicide watch procedures in a conference room will take

hours compared to having her answer a few questions in the mental health unit where she

works, while she physically points to the cells where suicide watch is performed, the

equipment used and the logs where her work is recorded.  In order to obtain the same

information necessary for the experts to form their opinions and prepare their reports,

numerous depositions would be necessary for each prison, long periods of observation would

be necessary on each unit, as Plaintiffs and their experts attempted to locate basic information

readily available to Defendants.  There is insufficient time for Plaintiffs' counsel and their

experts to go through this needless exercise.

20.    In 1992, counsel for the parties in the *Coleman* case agreed to a procedure for

expert tours in the pretrial discovery process that was useful and efficient.  Plaintiffs' and

Defendants' experts, and their attorneys, toured prisons together and performed all interviews

and file reviews together.  This process had numerous advantages.  There were few if any

disputes between the experts about the underlying facts---the policies and procedures and

locations that they had observed, the prison officials and prisoners that they had interviewed,

the files and documents that they had reviewed.   The experts offered their opinions to the

Court based on the same undisputed facts and observations.

21.    Defendants permit Plaintiffs' counsel in all post-trial monitoring tours to speak

with CDCR employees in the presence of defense counsel.   This happens routinely on every

*Armstrong, Valdivia* and *Coleman* tour.  I am informed by my co-counsel, at the Prison Law

Office, and believe based on that communication, that they are also permitted to speak with

CDCR employees on tours in the *Plata, Rutherford, Perez* and *Farrell* cases.  The fundamental

purpose of the monitoring tour is to speak with the CDCR employees responsible for

complying with the applicable laws, polices and procedures, to observe them in their work and

to observe the physical layout of the prison and its suitability for the processes.  Monitoring

tours by special masters, court experts and the Receiver always include communications with

1  staff.

2      22.    I have devoted a substantial part of my practice to prison litigation over the past

3  25 years.  I have written and lectured and consulted in numerous cases in addition to those

4  discussed above.  I have also reviewed the written testimony and reports of numerous experts

5  and consultants who have toured prisons and jails.  It has been my experience that prison tours

6  always include communications with the prison staff as an essential element of the prison tour.

7      23.    On October 15, 2007, during the first telephonic meet and confer, Plaintiffs'

8  counsel requested to be present during Defendants' expert tours, if any.  Defendants indicated

9  that they would consider this request, and have subsequently denied it.  Plaintiffs noted that

10  due to security measures in place at Defendants' prison facilities, Plaintiffs are obligated to

11  notify Defendants of the names of their experts weeks before the November 9, 2007 deadline

12  for such disclosures so that Plaintiffs' experts can be cleared to tour the facilities.  Despite the

13  fact that Plaintiffs are required to disclose the identities of their experts in advance of the

14  prison tours, Defendants have indicated they will not tell Plaintiffs the names of their experts

15  until the November 9, 2007 deadline.

16      24.    Based on my experience, as described above, observation of Defendants' experts

17  in their prison tours by Plaintiffs' counsel will enhance efficiency, reduce expense, and permit

18  a more focused presentation of the issues to the three-judge court.  For much the same reasons,

19  Plaintiffs have always permitted Defendants' counsel to accompany their experts on prison

20  tours and do not plan on changing that policy.  If Plaintiffs' counsel are not permitted to attend

21  the tours, we cannot permit Defendants' attorneys or their experts to interview members of the

22  plaintiff class in *Coleman* or *Plata*, outside of the presence of their class counsel.

23      25.    During the October 22, 2007 meet and confer conversation, counsel for Plaintiff

24  Intervenor CCPOA also told Defendants they wanted to be present for Defendants' expert

25  tours.  Defendants stated that they would not permit CCPOA counsel to observe the tours.

26      26.    During the series of meet and confers by telephone and email communications,

27  Defendants requested an open-ended extension of time to comply with Plaintiffs' First Request

28  for Production of Documents.  Defendants stated that they are currently "processing"

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520
LKK-JFM P, C01-1351 THE

electronic documents in order to respond, but that Defendants do not anticipate producing any documents to Plaintiffs by the October 25, 2007 deadline set by the Court.  Instead, Defendants proposed that Plaintiffs agree to a "rolling production" of documents.  The "rolling production" proposal, however, does not include any schedule or dates certain for production of documents, or a description of how the already-late documents would be prioritized for earlier and later productions.  Defendants have stated that by November 1, 2007, they may be able to provide Plaintiffs with a *schedule* for their production due October 25, 2007.

27.     In today's telephone conference, Defendants were unable to commit to a date certain on which they would be able to even provide the schedule for the rolling production, telling Plaintiffs they could "probably" present a schedule by November 1, 2007.

28.     Defendants also informed Plaintiffs that they have already imaged eighty or more individuals' computers, prompting Plaintiffs to inquire whether productions could be prioritized according to individual, or "custodian."  After investigation, Defendants confirmed that it is possible to prioritize document searches by custodian, and agreed that Plaintiffs can provide a list of high-priority custodians.  However, Plaintiffs have pointed out that they do not have enough information to reasonably determine which custodians would have the most relevant documents, and requested that Defendants provide a list of the custodians whose computers were imaged so that Plaintiffs could then prioritize that list.  Defendants have categorically refused this request.   Plaintiffs also suggested that Defendants perform a search using keywords to identify which custodians would have "hits," or relevant documents for the main subjects of the documents requests, so that the parties could agree upon a priority for searching and producing documents according to relevance.  Defendants also refused this request.

29.     On October 13, Plaintiffs apprised Defendants of their objection to certain discovery requests that were served on October 2 and October 4, 2007 on the grounds that the requested information is relevant only to Phase II of this proceeding, not the current phase. Plaintiffs were under no obligation to inform Defendants of this objection until the first week of November 2007.  Plaintiffs responded early in a good faith effort to fast-track the discovery

1  process and to maximize the opportunity that disputes could be resolved quickly and without

2  court intervention.  The parties are in dispute about the issue and agreed to submit it to this

3  Court for resolution.

4         30.    On October 17, 2007, Defendants asked if Plaintiffs would agree to a clawback

5  provision permitting Defendants to retract any inadvertently produced documents that were

6  protected by the attorney-client or attorney work product privileges.  Plaintiffs agreed in

7  principle to a clawback provision of this nature.

8         31.    Defendants sent a proposed clawback provision to Plaintiffs via email late on

9  October 18, 2007.

10        32.    During the October 22, 2007 meet and confer phone call, Defendants told

11  Plaintiffs they planned to include Plaintiffs' failure to sign a proposed clawback provision in

12  the joint statement.  Plaintiffs advised Defendants that there was no dispute for the magistrate

13  to resolve on this point, as Plaintiffs continue to agree to have a clawback provision.  Plaintiffs

14  stated that they are still reviewing the substance of Defendants' proposed clawback provision

15  and would discuss any suggested revisions with Defendants as soon as possible.  Defendants

16  stated that they still planned to present the clawback provision as an issue in the joint statement

17  for the magistrate to resolve.

18        33.    During the meet and confer conference calls last week, I proposed that

19  Defendants agree to accelerate all outstanding discovery responses and all future discovery

20  given the shortened time for trial preparation.  Defendants refused the request.  During the

21  phone call today, I again raised the proposition of shortening the time both parties usually have

22  under the Federal Rules to respond to discovery from thirty (30) to fifteen (15) days.

23  Defendants stated again that they would not agree to shorten response times.  Plaintiffs

24  indicated that they would include the issue in the joint statement.

25         I declare under penalty of perjury that the foregoing is true and correct, and that this

26  declaration is executed this 22nd day of October 2007 in San Francisco, California.

27                                              */s/ Michael W. Bien*
                                                Michael W. Bien

28

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520
LKK-JFM P, C01-1351 THE

# EXHIBIT A

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURTS

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9                    AND THE NORTHERN DISTRICT OF CALIFORNIA

10              UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

11              PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

12   RALPH COLEMAN, et al.,

13            Plaintiffs,              No. CIV S-90-0520 LKK JFM P

14      vs.                           **THREE-JUDGE COURT**

15   ARNOLD SCHWARZENEGGER,
     et al.,
16
              Defendants.
17   _____/

18   MARCIANO PLATA, et al.,

19            Plaintiffs,              No. C01-1351 TEH

20      vs.                           **THREE-JUDGE COURT**

21   ARNOLD SCHWARZENEGGER,
     et al.,
22
              Defendants.             ORDER
23   _____/

24            By order filed July 26, 2007, the Honorable Mary M. Schroeder, Chief Judge of

25   the United States Court of Appeals for the Ninth Circuit, designated and appointed the

26   Honorable Stephen Reinhardt, United States Circuit Judge for the Ninth Circuit to sit with the

                                        1

Honorable Lawrence K. Karlton, United States District Judge for the Eastern District of California, and the Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, as a three-judge district court pursuant to 28 U.S.C. § 2284 and 18 U.S.C. § 3626(a)(3).

In accordance with that order, the above-captioned actions are consolidated for the limited purpose of proceedings before the three-judge court. The three-judge court shall sit as a combined court of the Eastern and Northern Districts of California. All documents related to proceedings before the three-judge court, and only documents related to proceedings before the three-judge court, shall bear the heading and captions as set forth on page one of this order. All other documents to be filed in either the Coleman case or the Plata case which are unrelated to proceedings before the three-judge court shall bear the heading and caption of the individual case only and shall be filed only in the appropriate case.

All documents related to proceedings before the three-judge court shall be filed in both the Coleman case and the Plata case. In addition, a hard copy of all documents so filed shall be sent by overnight mail to the chambers of each judge assigned to the three-judge court at the following addresses:

Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012

Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Within fifteen calendar days from the date of this order, the parties shall file and serve status reports setting forth their respective views on what proceedings are appropriate to

1   the resolution of the issues before the three-judge court.  In addition to any other matters, the

2   parties shall address:

3          1.  Whether a period of discovery is appropriate or necessary and, if so, the

4   scheduling thereof;

5          2.  Anticipated motions and the scheduling thereof;

6          3.  The need for an evidentiary hearing and the scheduling thereof;

7          4.  The feasibility of settlement discussions, including but not limited to reference

8   of this matter to a court-appointed mediator; and

9           5.  Any other matters that may add to the just and expeditious disposition of this

10  matter.

11         The status reports will be reviewed by the undersigned and it is anticipated that

12  this matter will be set for a hearing regarding the conduct of future proceedings shortly

13  thereafter.

14         IT IS SO ORDERED.

15  DATED:  July 31, 2007.

16

17  _____
    THELTON E. HENDERSON
18  UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF CALIFORNIA

19  DATED:  July 31, 2007.

20

21  _____
    LAWRENCE K. KARLTON
22  SENIOR JUDGE
    UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA

23  DATED:  July 31, 2007.

24

25

26   /s/ Stephen Reinhardt
    _____
    STEPHEN REINHARDT

3

1                                    UNITED STATES CIRCUIT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT B

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
SAMANTHA TAMA – State Bar No. 240280
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov
samantha.tama@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No.  2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' STATUS REPORT** |

- 1 -

# INTRODUCTION

On July 31, 2007, this three-judge court directed the parties to file status reports identifying what proceedings would be appropriate for the resolution of the issues before the three-judge court, and also identifying (1) whether discovery is appropriate or necessary, and if so, a scheduling proposal; (2) anticipated motions, along with a scheduling proposal; (3) the need for an evidentiary hearing, along with a scheduling proposal; (4) the feasibility of settlement discussions, including the possibility of referring this matter to a court-appointed mediator; and (5) any other matter that may add to the just and expeditious resolution of this matter.

In this status report, Defendants respectfully request that an evidentiary hearing be scheduled so the parties will have an adequate opportunity to present evidence on the significant issues presented in this three-judge proceeding. Now that the issue of California prison overcrowding has been referred to a three-judge court, the Prison Litigation Reform Act of 1995 (PLRA) imposes additional legal requirements and limitations that will require proper evidentiary proof and careful legal analysis. The PLRA provides that a three-judge panel cannot issue a prisoner release order unless it finds, by clear and convincing evidence, that (i) crowding is the primary cause of the constitutional violation at issue, and (ii) no other relief will remedy the violation. 18 U.S.C. § 3626(a)(3)(E). The PLRA also mandates that any prospective relief must be narrowly drawn, shall extend no further than necessary to correct the specific constitutional violation involved, and must be the least intrusive means necessary to correct the constitutional violation. 18 U.S.C. § 3626(a)(1). In addition, substantial weight must be given to any adverse impact on public safety. *Id.* These determinations cannot be made in a vacuum; they will require evidentiary proof.

The issues presented in this three-judge proceeding are matters of first impression. They have never before been considered in California, or for that matter, in the Ninth Circuit. But more importantly, the issues go to the very heart of public safety. A prisoner release order should not be contemplated without giving the parties an adequate opportunity to present evidence and make an appropriate record.

The public safety issues are of such significance, and the impacts throughout California –

- 2 -

1   both at the State and local levels – are potentially of such magnitude, that other public officials

2   intend to intervene in this proceeding.  Those officials have the ability to intervene as a matter of

3   right under the PLRA, and they should also be given an opportunity to present evidence and

4   argument on these important issues.

5         Counsel for the parties participated in two conference calls regarding the subjects

6   addressed in this status report, and Defendants now submit the following views regarding the

7   necessary proceedings and schedules in this matter.

8   **I.      PLAINTIFFS SHOULD BE REQUIRED TO FILE A PLEADING**
        **ARTICULATING THE SPECIFIC RELIEF THEY SEEK FROM THE**
9       **THREE-JUDGE COURT.**

10        Because neither *Plata* nor *Coleman* is a prison overcrowding case, and because Plaintiffs

11  have not articulated the specific relief they seek in this case, Plaintiffs should be required to file a

12  pleading that specifically sets forth the relief they seek from this three-judge court.  As it stands,

13  there is no request for the three-judge court to consider, and no proposal to which Defendants can

14  respond.  If Plaintiffs seek a prisoner release order, they should say so, and they should specify

15  whether the prisoner release order should include the entire prison system, only a portion of

16  California's 32 prisons, only specific units in some of the prisons, or only certain classes of

17  inmates.

18        Defendants request that Plaintiffs be required to file this pleading on or before September

19  14, 2007.  Defendants should then be given two weeks, or until September 28, 2007, to file a

20  response to that pleading.

21  **II.     RESPONSES TO THE COURT'S SPECIFIC QUESTIONS.**

22  **1. Discovery is appropriate and necessary.**

23        Given the issues of first impression in this proceeding, and the need for an evidentiary

24  hearing, Defendants contend that discovery is not only appropriate, but necessary.  Plaintiffs have

25  indicated that they intend to propound written discovery on Defendants and that they anticipate

26  noticing depositions.  Plaintiffs have also indicated that they will be disclosing experts and

27  deposing any experts retained by Defendants, and that they would like their experts to tour

28  several CDCR facilities.

- 3 -

1    Defendants may propound written discovery on Plaintiffs, may depose several percipient

2  witnesses, and will, following review of their reports, depose Plaintiffs' experts.

3    In addition to the discovery by the Plaintiffs and Defendants, Defendants anticipate that

4  there will be significant discovery requested by intervenors.  Defendants note that 31 members of

5  the California Assembly, 15 County District Attorneys, and 23 County Sheriffs and Chief

6  Probation Officers, have already filed motions to intervene in these proceedings as a matter of

7  right.  Defendants anticipate that additional stakeholders will seek intervenor status in this action.

8    In light of this fact, and the possibility that motions for protective orders, motions to

9  quash, and motions to compel may be filed in the case, Defendants propose the following

10 discovery schedule:

11    November 16, 2007:   Initial Expert Disclosures (with reports)

12    December 14, 2007:   Rebuttal Expert Disclosures (with reports)

13    January 30, 2008:      Discovery Cut-Off

14    **2. Certain motions are anticipated and necessary.**

15    After completion of expert and non-expert discovery in the case, Defendants anticipate

16 filing a motion for judgment as a matter of law.  Defendants propose that the deadline for filing

17 this motion be February 15, 2008, that Plaintiffs' opposition, if any, be due on February 22, 2008,

18 that Defendants' reply be due on February 29, 2008, and that the hearing be on March 14, 2008.

19 Defendants also anticipate filing motions *in limine* prior to the Evidentiary Hearing.

20    **3.    An evidentiary hearing is necessary in this case of first impression.**

21    Given the substantial public safety issues at stake in this proceeding, and the potential

22 impact on all of California, an evidentiary hearing is essential.  It is difficult to estimate the length

23 of the evidentiary hearing at this stage (before witness disclosure, discovery and rulings on

24 intervenor status).  Nonetheless, Defendants currently estimate that the hearing could last more

25 than 5 court days.  Defendants request a hearing date of April 28, 2008.

26    **4.    The feasibility of settlement discussions and reference to a mediator.**

27    Defendants are amenable to discussing resolution of this matter, but they recognize that a

28 comprehensive and effective settlement may require approval from separate branches of

- 4 -

DEFENDANTS' STATUS REPORT (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)        1342975.4

1  government.  Because of the complexities involved in this matter, Plaintiffs may be able to

2  facilitate discussions by providing Defendants with a concrete and written settlement proposal

3  that recognizes the requirements of existing law and suggests a means by which various

4  stakeholders might address these issues.  Defendants suggest staying all matters, including

5  discovery, for any period of time during which the parties (including the intervenors) engage in

6  settlement discussions.

7      **5.    Other matters assisting the just resolution of the matter.**

8      For the convenience of the parties, the counsel, the expert witnesses (who may have to

9  travel long distances), and the Court, Defendants believe that the evidentiary hearing should be

10  venued in San Francisco, California.  In addition, for purposes of scheduling, trial counsel for

11  Defendants will be unavailable for the evidentiary hearing on the following dates:  March 17,

12  2008 - April 7, 2008.

13  DATED:  August 15, 2007                      HANSON BRIDGETT MARCUS

14                                       VLAHOS & RUDY, LLP

15

16                        By:_____/s/_____

                                PAUL B. MELLO

17                           Attorneys for Defendants

18  DATED:  August 15, 2007                      EDMUND G. BROWN JR.

19                         Attorney General of the State of California

20

21                        By:_____/s/_____

                              ROCHELLE C. EAST

22                        Supervising Deputy Attorney General

                            Attorneys for Defendants

23

24

25

26

27

28

- 5 -

DEFENDANTS' STATUS REPORT (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)    1342975.4

# EXHIBIT C

1    PRISON LAW OFFICE            PILLSBURY WINTHROP
       DONALD SPECTER #83925       SHAWN HANSON #109321

2    STEVEN FAMA #99641           CAROLINE MITCHELL #143124
       ALISON HARDY #135966        50 Fremont Street

3    General Delivery                 San Francisco, CA 94105
       San Quentin, CA 94964        Telephone: (415) 983-1000

4    Telephone: (415) 457-91144      Facsimile: (415) 983-1200

5    ROSEN, BIEN & GALVAN       BINGHAM McCUTCHEN
       MICHAEL BIEN #96891        WARREN E. GEORGE #53588

6    JANE KAHN #112239           Three Embarcadero Center
       LORI RIFKIN #244081         San Francisco, CA 94111

7    155 Montgomery St.           Telephone: (415) 393-2000
       San Francisco, CA 94104     Facsimile: (415) 393-2286

8    Telephone: (415) 433-6830

9    Attorneys for Plaintiffs

10

11           IN THE UNITED STATES DISTRICT COURTS
              FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND THE NORTHERN DISTRICT OF CALIFORNIA
    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

13      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

14    RALPH COLEMAN, et al.,

15          Plaintiffs,               No. CIV S-90-0520 LKK JFM P
     vs.                        **THREE-JUDGE COURT**

16    ARNOLD SCHWARZENEGGER, et al.,

17          Defendants.

18    _____/

      MARCIANO PLATA, et al.,

19

20          Plaintiffs,               No. C01-1351 TEH
     vs.                        **THREE-JUDGE COURT**

21    ARNOLD SCHWARZENEGGER, et al.,

22          Defendants.

23    _____/

         **PLAINTIFFS' STATUS CONFERENCE STATEMENT**

24

25          By order filed July 31, 2007, this Court directed the parties to file a status report

   setting forth their positions on the resolution of issues before the three-judge court.  Set

26

   forth below, are plaintiffs' positions.

27

28    Coleman v. Schwarzenegger, Civ S-90-0520 LKK
     Plata v. Schwarzenegger, C-01-1351 THE
     Pltfs. Status Conf. Statement

1      1.  <u>Discovery</u>

2      Plaintiffs submit that discovery is necessary to a fair and just resolution of this case

3  and propose that discovery be open until November 16, 2007.  Plaintiffs intend to take the

4  following discovery against defendants:

5      •    five to eight non-expert depositions, including the Governor, the Secretary

6          of the CDCR and other state employees,[1/]

7      •    A limited request for documents, including those that relate to the

8          implementation of AB 900 and any other population reducing measures

9          defendants have implemented or considered,

10      •    Expert tours of a few of the prisons,

11      •    Depositions of defendants' experts.[2/]

12      2.  <u>Motions</u>

13      At this time Plaintiffs are considering filing a motion for preliminary relief, but

14  will determine the efficacy of that action based on when the Court sets this matter for

15  hearing.  Plaintiffs may file other motions, including motions *in limine*, as the case

16  develops.

17      3.  <u>Evidentiary Hearing</u>

18      Plaintiffs submit that the Court should hold a joint evidentiary hearing in this

19  matter beginning on December 3, 2007.  Plaintiffs anticipate calling approximately 10

20  

---

21      1.  Plaintiffs reserve the right to depose percipient witnesses who will testify for

22  defendants at the hearing.

23      2.  Defendants' counsel are insisting that the experts prepare full reports pursuant

24  to the pre-trial provisions of the Federal Rules of Civil Procedure.  See F.R.Civ.P., Rule
26(a)(2).  Plaintiffs submit that because of the urgency of this matter and their proposal to

25  file expert declarations before trial, the pretrial requirement for expert reports should not
be adopted in this post-judgment context.  Instead, plaintiffs propose that the experts be

26  ordered to disclose in writing a statement setting forth all their opinions and a summary of

27  the basis for that opinion one week prior to their scheduled deposition.

28  Coleman v. Schwarzenegger, Civ S-90-0520 LKK
Plata v. Schwarzenegger, C-01-1351 THE
Pltfs. Status Conf. Statement       2

1   witnesses.  To make the process most efficient, plaintiffs propose following the same

2   procedure for experts that has been used in both cases previously.   Experts should submit

3   declarations before trial and be limited to two hours of direct examination.  Cross-

4   examination would follow.  If this procedure is adopted, plaintiffs believe that their case-

5   in-chief can be completed in 5-8 days.

6          Plaintiffs propose that the Court adopt the following pre-hearing schedule:

7          a.  Disclosure of expert witnesses: September 15, 2007.

8          b.  Exchange of witness lists: October 1, 2007

9          c.  Disclosure of expert opinions: November 1, 2007

10         d. Exchange of exhibit lists: November 10, 2007

11         e.  Trial Brief: November 19, 2007

12         f.  Discovery cut-off: November 21, 2007

13         4.  Settlement

14         Plaintiffs are willing to participate in settlement discussions with a court-appointed

15   mediator or any other acceptable facilitator, but the prospects for settlement at this time

16   appear close to zero.  Plaintiffs' counsel has talked to defendants' counsel and influential

17   legislators from both parties.  None of these persons has indicated that a voluntary

18   resolution of the issues raised by these proceedings is a realistic possibility.  Defendants

19   have not made any substantive proposals, but have demanded a suspension of the

20   litigation as a condition for engaging in voluntary settlement discussions.  At this time,

21   plaintiffs do not believe that an order referring this case to mediation would be a

22   productive use of time.

23         5.  Other Matters

24         A. *Statement of Relief.*  Defendants have requested that plaintiffs file a statement

25   describing the relief that they are seeking.  Plaintiffs have discussed this issue with

26   defendants' counsel on at least two occasions and referred them to recommendations

27   made by various official reports.  Plaintiffs also mentioned various remedial measures

28   Coleman v. Schwarzenegger, Civ S-90-0520 LKK
Plata v. Schwarzenegger, C-01-1351 THE
Pltfs. Status Conf. Statement          3

1  that could be taken to reduce the population.  Plaintiffs informed defendants that they will

2  be seeking an order from this Court directing defendants to develop a plan to reduce the

3  prison population.  It is defendants' responsibility to develop and implement this plan,

4  and the Court is required to provide them with the first opportunity to draft one.  See, e.g.,

5  *Lewis v. Casey*, 518 U.S. 343, 362 (1995); *Madrid v. Gomez,* 889 F. Supp 1146, 1283

6  (ND Cal. 1995); *Coleman v. Wilson*, 912 F. Supp. 1282, 1323 (ED Cal. 1995).  Plaintiffs

7  intend to provide defendants and the Court with a more specific request for relief after the

8  close of discovery.

9       B. *Discovery Disputes*.  Hopefully, the parties will be able to work cooperatively

10  on discovery issues.  But, in the event that motions to compel become necessary,

11  plaintiffs request that the Court appoint a district judge to rule on these matters in an

12  expedited manner.  See 28 U.S.C. § 2284(b)(3) (single judge may rule on pre-hearing

13  matters).

14       C. *Interveners*.   Sixty-nine public officials have moved to intervene and others

15  have indicated that they may also so move.  The Court should set a briefing schedule to

16  consider whether and under what conditions intervention should be permitted and, if

17  permitted, appropriate procedures governing the participation of the interveners to assure

18  that they do not delay or interfere with the remedial process.

19       D. *Pre-Hearing Conference*.  Plaintiffs suggest that the Court or a single judge

20  schedule at least one pre-hearing conference prior to the evidentiary hearing to hear

21  matters relating to the conduct of the hearing.  *Id*.

22       Dated: August 15, 2007                    Respectfully submitted,

23                                                 PRISON LAW OFFICE
                                                   ROSEN, BIEN & GALVAN
24

25                                        By  _____/s/_____
                                                   DONALD SPECTER
26  _____

27                                                 Attorney for Plaintiffs

28
    Coleman v. Schwarzenegger, Civ S-90-0520 LKK
    Plata v. Schwarzenegger, C-01-1351 THE
    Pltfs. Status Conf. Statement                4

# EXHIBIT D

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURTS

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8                 AND THE NORTHERN DISTRICT OF CALIFORNIA

9          UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

10         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

11

12   RALPH COLEMAN, et al.,

13                    Plaintiffs,

14            v.                              NO. CIV S-90-0520 LKK JFM P

15   ARNOLD SCHWARZENEGGER,                   **THREE-JUDGE COURT**
     et al.,
16

17                    Defendants.

18   MARCIANO PLATA, et al.,

19                    Plaintiffs,             NO. C01-1351 TEH

20            v.                              **THREE-JUDGE COURT**

21   ARNOLD SCHWARZENEGGER,                   ORDER RE: MOTIONS TO
     et al.,                                  INTERVENE AND ORDER
22                                            REFERRING DISCOVERY
                                              DISPUTES TO MAGISTRATE
23                    Defendants.             JUDGE

24

25           On July 31, 2007, this Court directed the parties to file status reports within fifteen

26   calendar days. The parties timely filed their status reports on August 15, 2007. The Court is

27   in the process of considering the parties' written statements and will set a date for an initial

28   hearing regarding procedural issues in a subsequent order.

1    To date, the Court has also received three motions to intervene in these proceedings.

2 On August 13, 2007, thirty-one members of the California Assembly, who identify

3 themselves as "Assembly Republican Intervenors," collectively filed a motion to intervene.

4 On August 14, 2007, two other groups collectively filed motions to intervene: (1) district

5 attorneys of fifteen California counties ("District Attorneys") and (2) sheriffs of twenty

6 California counties, sheriff-coroners of two California counties, and the chief probation

7 officer of one California county ("Sheriffs").  On August 16, 2007, Defendants filed a

8 statement in support of all three  motions to intervene.  Plaintiffs have filed neither a

9 statement in support nor a statement in opposition to any of the motions; however, a

10 declaration submitted with the District Attorneys' motion indicates that Plaintiffs expressed

11 opposition to that motion.  Hughes Decl. ¶ 2.

12    After carefully considering governing law, the Court finds it unnecessary to allow

13 Plaintiffs an opportunity to respond to any of the three pending motions to intervene.  Section

14 3626(a)(3)(F) of title 28 of the United States Code confers "standing to oppose the

15 imposition or continuation in effect" of a prisoner release order and the right to intervene in

16 "any proceeding relating to such relief" on:

17
18              [a]ny State or local official including a legislator or unit of
                government whose jurisdiction or function includes the
19              appropriation of funds for the construction, operation, or
                maintenance of prison facilities, or the prosecution or custody of
                persons who may be released from, or not admitted to, a prison as
20              a result of a prisoner release order . . . .

21 18 U.S.C. § 3626(a)(3)(F).  All of the parties who have filed motions to intervene meet this

22 statutory criteria for intervention as of right, and the Court therefore GRANTS all three

23 motions pursuant to Federal Rule of Civil Procedure 24(a).

24 //

25 //

26 //

27 //

28 //

2

1    The Sheriffs also filed with their motion to intervene a letter from counsel, dated

2   August 14, 2007, requesting a thirty-day extension of the deadline for filing status reports.[1]

3   Counsel seek this extension to allow time for various members of the associations they

4   represent to obtain approval to intervene in these proceedings from their respective local

5   governing bodies.  Because counsel does not argue, and the Court does not anticipate, that

6   any proposed intervenor will be prejudiced if intervention is granted after the deadline for

7   filing initial status reports, the Sheriffs' request to extend time for filing status reports is

8   DENIED.  To ensure that these proceedings are not unnecessarily delayed, however, the

9   Court finds good cause to set a deadline for filing motions to intervene, as ordered below.

10    The Court additionally finds good cause to refer this matter to a magistrate judge for

11   any discovery disputes that may arise in these proceedings.

12    In accordance with the above, and with good cause appearing, IT IS HEREBY

13   ORDERED that:

14    1.  The Assembly Republicans' August 13, 2007 motion to intervene is GRANTED.

15    2.  The Sheriffs' August 14, 2007 motion to intervene is GRANTED.

16    3.  The District Attorneys' August 14, 2007 motion to intervene is GRANTED.

17    4.  The parties and intervenors shall advise the Court of their respective positions

18   regarding the intervenors' roles in these proceedings at the initial hearing to be scheduled by

19   the Court.

20    5.  The Sheriffs' August 14, 2007 request for an extension of the deadline for filing

21   initial status reports is DENIED.

22    6.  All motions to intervene in the proceedings before this Court shall be filed and

23   served no later than **September 14, 2007.**  Unless otherwise ordered, such motions will be

24   submitted for decision without further briefing or oral argument.  Proposed intervenors are

25

26

27   [1]In the body of the letter, counsel also request "that the hearing in the above case now
scheduled for August 15, 2007 be continued until mid-September 2007."  Aug. 14, 2007
Letter from Marin J. Mayer, et al., at 2.  However, there was no hearing scheduled in these

28   matters for August 15, 2007.

1   reminded that pleadings must be electronically filed in both of the above-captioned cases and

2   must comply with all other requirements discussed in the Court's July 31, 2007 order.

3          7.  All discovery disputes arising in proceedings before this Court are hereby referred

4   to the Honorable John F. Moulds, Magistrate Judge, United States District Court for the

5   Eastern District of California.

6

7   **IT IS SO ORDERED.**

8

9

10  Dated:   08/17/07                              /s/
                                        _____
11                                      STEPHEN REINHARDT
                                        UNITED STATES CIRCUIT JUDGE
12                                      NINTH CIRCUIT COURT OF APPEALS

13

14  Dated:   08/17/07                   _____
                                        LAWRENCE K. KARLTON
15                                      SENIOR UNITED STATES DISTRICT JUDGE
                                        EASTERN DISTRICT OF CALIFORNIA
16

17

18  Dated:   08/17/07                   _____
                                        THELTON E. HENDERSON
19                                      SENIOR UNITED STATES DISTRICT JUDGE
                                        NORTHERN DISTRICT OF CALIFORNIA
20

21

22

23

24

25

26

27

28

                                        4

# EXHIBIT E

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURTS

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7            AND THE NORTHERN DISTRICT OF CALIFORNIA

8      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

9       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

10

11   RALPH COLEMAN, et al.,

12                          Plaintiffs,
                                                  NO. CIV S-90-0520 LKK JFM P
13              v.
                                                  **THREE-JUDGE COURT**
14   ARNOLD SCHWARZENEGGER,
     et al.,

15
                            Defendants.
16

17   MARCIANO PLATA, et al.,

18                          Plaintiffs,
                                                  NO. C01-1351 TEH
19              v.
                                                  **THREE-JUDGE COURT**
20   ARNOLD SCHWARZENEGGER,
     et al.,                                      ORDER SETTING INITIAL
21                                                HEARING
                            Defendants.
22

23

24        The parties and intervenors shall appear for an initial hearing on **Monday,**

25   **September 24, 2007, at 1:30 PM.**  The hearing shall be held in the Ceremonial Courtroom

26   of the United States District Court for the Northern District of California, located on the 19th

27   Floor at 450 Golden Gate Avenue, San Francisco, California.  The Court will hear from the

28   parties regarding scheduling and other procedural issues at that time.  As indicated in the

1   Court's August 17, 2007 order, the parties and intervenors shall be prepared to advise the

2   Court at this initial hearing of their respective positions regarding the intervenors' roles in

3   these proceedings.

4

5   **IT IS SO ORDERED.**

6

7   Dated:   08/29/07                                      /s/
                                            STEPHEN REINHARDT
8                                           UNITED STATES CIRCUIT JUDGE
                                            NINTH CIRCUIT COURT OF APPEALS
9

10

11  Dated:   08/29/07
                                            LAWRENCE K. KARLTON
12                                          SENIOR UNITED STATES DISTRICT JUDGE
                                            EASTERN DISTRICT OF CALIFORNIA
13

14

15  Dated:   08/29/07
                                            THELTON E. HENDERSON
16                                          SENIOR UNITED STATES DISTRICT JUDGE
                                            NORTHERN DISTRICT OF CALIFORNIA
17

18

19

20

21

22

23

24

25

26

27

28

                                            2

# EXHIBIT F

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY–
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA ,et al., | No. C01-1351 THE |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| vs. | |
| Defendants | |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Plaintiffs Marciano Plata et al. |
| **RESPONDING PARTIES:** | Defendants Arnold Schwarzenegger et al. |
| **SET NUMBER:** | One |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata et al. request that Defendants Arnold Schwarzenegger et al. ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, the PRISON LAW OFFICE, 2173 E. Francisco Blvd., Suite M, San Rafael, CA 94901. The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

**INSTRUCTIONS**

1. The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2. The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3. The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4. The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5. Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are maintained); or (b) organized and labeled to correspond with the categories of the Requests to which they respond.

6. If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the

1  information into reasonably usable form (including the name and version number of the program used

2  to create or read the data).

3      7.    In construing the Requests herein, the singular shall include the plural and the plural

4  shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other

5  genders, so that the interpretation applied results in the more expansive production. The terms "and"

6  and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit

7  the documents or information sought in any manner.

8      8.    If any Request demands production of documents that have been lost, discarded, or

9  destroyed, identify such documents as completely as possible. Such identification shall include, but is

10 not limited to, a description of the subject matter of the document, the author of the document, the date

11 of the document's creation, the date of disposal, manner of disposal, reason for disposal, person

12 authorizing the disposal and person disposing of the document.

13     9.    For any responsive document or portion thereof that is either redacted or withheld, in

14 whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery,

15 furnish a list identifying each document, or portion thereof, not produced for this reason, together with

16 the following information: (a) the title or identity of the document; (b) the date of the document; (c) the

17 type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants

18 of all persons who either prepared or received the document; (e) the number of pages and attachments;

19 (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of

20 the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see

21 Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion thereof that may not properly be

22 redacted or withheld in its entirety, produce each and every portion thereof to which the claimed

23 privilege or exemption does not apply and specify, on the face of each such page or portion, the fact

24 and reason for the redaction or withholding.

25 //

26                              **DEFINITIONS**

27     1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest

28 possible meaning and to include anything coming within the definition of "writings" and "recordings"

as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document.  If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2.      "RELEVANT TIME PERIOD" for the purpose of these Requests means the time period from April 4, 2006 (six months prior to Governor Schwarzenegger's October 4, 2006 Proclamation of a State of Emergency) until the present.

3.      "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

4.      "INCLUDING" means "including, but not limited to", and is not to be construed to limit a Request.

5.      "COMMUNICATIONS" means any recorded transfer of information or impression, whether it be by digital, electronic, audio, visual, written or other means.

6.      "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

7.      "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

8.    "AB 900" means the Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007.

9.    "PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated, any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB900.

10.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table, or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

11.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), non profit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

12.    "MAXIMUM CAPACITY" means the maximum number of inmates who can safely be housed in the PRISONS.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the implementation of AB 900, INCLUDING but not limited to the PRISONS' capacity for traffic, sewage, water, power and other infrastructure, the presence of valley fever at or in the vicinity of the PRISONS, and staffing levels at PRISONS.

**REQUEST NO. 2:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any projected change in California's PRISON population.

**REQUEST NO. 3:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING site surveys and Environmental Impact Reports.

**REQUEST NO. 4:**    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATIONS regarding the DEPARTMENT'S choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds

1    under § 15819.40(a)(1)(A) of AB 900, INCLUDING any such COMMUNICATIONS  from or to any
2    local community group and/or local government officials.

3        **REQUEST NO. 5:**    Any and all DOCUMENTS created during the RELEVANT TIME
4    PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 7,484 additional
5    prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING any DOCUMENTS RELATING TO
6    the DEPARTMENT'S progress in meeting such a TIMETABLE.

7        **REQUEST NO. 6:** Any and all DOCUMENTS created during the RELEVANT TIME
8    PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of the possible sites for
9    the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

10       **REQUEST NO. 7:** Any and all DOCUMENTS created during the RELEVANT TIME
11   PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING
12   any local community group and/or local government officials, regarding the sites for the construction
13   of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

14       **REQUEST NO. 8:**    Any and all DOCUMENTS created during the RELEVANT TIME
15   PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 4,516 additional
16   prison beds under § 15819.40(a)(1)(B) of AB 900, INCLUDING any DOCUMENTS RELATING TO
17   the DEPARTMENT'S progress in meeting such a TIMETABLE.

18       **REQUEST NO. 9:** Any and all DOCUMENTS created during the RELEVANT TIME
19   PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to
20   construct 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

21       **REQUEST NO. 10:** Any and all DOCUMENTS created during the RELEVANT TIME
22   PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING
23   any local community group and/or local government officials, regarding the sites for the construction
24   of up to  6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

25       **REQUEST NO. 11:** Any and all DOCUMENTS created during the RELEVANT TIME
26   PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to acquire land,
27   design, construct and renovate in order to construct 6,000 additional prison beds, under § 15819.40(b)

28

of AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the

DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 12:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of possible sites for the

construction of new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

**REQUEST NO. 13:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

any local community group and/or local government officials, regarding the sites for construction of

new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

**REQUEST NO. 14:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct new

buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900, INCLUDING any

DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 15:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO the identification of appropriate sites to add up to 4,000

additional prison beds, under §15819.41(a) of AB900.

**REQUEST NO. 16:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

any local community group and/or local government officials, regarding the sites to add up to 4,000

additional prison beds, under §15819.41(a) of AB900.

**REQUEST NO. 17:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct,

and renovate existing facilities in order to add up to 4,000 additional beds under §15819.41(a) of

AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in

meeting such a TIMETABLE.

**REQUEST NO. 18:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

construct new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

1    **REQUEST NO. 19:**  Any and all DOCUMENTS created during the RELEVANT TIME

2  PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

3  any local community group and/or local government officials, regarding the sites for the construction

4  of new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

5    **REQUEST NO. 20:**  Any and all DOCUMENTS created during the RELEVANT TIME

6  PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct,

7  and establish new buildings to treat or house 2,000 inmates under § 15819.41(b) of AB 900,

8  INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a

9  TIMETABLE.

10    **REQUEST NO. 21:**  Any and all DOCUMENTS created during the RELEVANT TIME

11  PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

12  construct, establish and operate reentry program facilities that will house 10,000 inmates, under §

13  15819.41(c) of AB 900.

14    **REQUEST NO. 22:**  Any and all DOCUMENTS created during the RELEVANT TIME

15  PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

16  any local community group and/or local government officials, regarding the sites for the construction,

17  establishment and/or operation of reentry program facilities to house 10,000 inmates, under §

18  15819.41(c) of AB 900.

19    **REQUEST NO. 23:**  Any and all DOCUMENTS created during the RELEVANT TIME

20  PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct,

21  establish and operate reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of

22  AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S

23  progress in meeting such a TIMETABLE.

24    **REQUEST NO. 24:**  Any and all DOCUMENTS created during the RELEVANT TIME

25  PERIOD that REFER or RELATE TO any TIMETABLE for the transfers of inmates out of state under

26  §11191 of AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress

27  in meeting such a TIMETABLE.

28

**REQUEST NO. 25:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S ability or lack of ability to hire and/or retain medical and mental health staff in PRISONS, INCLUDING but not limited to any studies or analyses of the effect of AB900 on medical and mental health staffing levels.

**REQUEST NO. 26:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any studies or analyses of the effect of AB900 on medical and mental health care at the PRISONS.

**REQUEST NO. 27:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE to any measure(s) that YOU have initiated or considered in order to reduce prison populations, other than the measures set forth in AB900.

**REQUEST NO. 28:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE TO any contingency plans, other than population reducing measures, that YOU have considered initiating when, in YOUR estimation, the PRISONS reach their MAXIMUM CAPACITY.

**REQUEST NO. 29:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that RELATE TO YOUR or the DEPARTMENT'S determination of the MAXIMUM CAPACITY of any PRISON or the prison system as a whole.

**REQUEST NO. 30:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for obtaining the funding to implement AB 900, INCLUDING any DOCUMENTS RELATING TO YOUR progress in meeting such a TIMETABLE.

**REQUEST NO. 31:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of placing limitations on the Prison population.

**REQUEST NO. 32:**  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of the effects of sentencing reform on the PRISON population.

1    **REQUEST NO. 33:**  Any and all DOCUMENTS created during the RELEVANT TIME

2    PERIOD that REFER or RELATE TO any consideration of the effects of a sentencing commission on

3    the PRISON population.

4    **REQUEST NO. 34:**  Any and all DOCUMENTS created during the RELEVANT TIME

5    PERIOD that REFER or RELATE TO any consideration of the effects of any changes in parole

6    policies on the PRISON population.

7    **REQUEST NO. 35:**  Any and all DOCUMENTS that REFER or RELATE TO the

8    comprehensive analysis of existing CDCR beds, programming space, clinical/mental health space,

9    infrastructure capacities, and projected mitigation referenced at 2:6-8 of the Declaration Of Scott

10    Kernan In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For

11    Referral To A Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger.*

12    **REQUEST NO. 36:**  Any and all DOCUMENTS that REFER or RELATE TO the analysis of

13    additional capacity available within the state referenced at 2:8-12 of the Declaration Of Scott Kernan

14    In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A

15    Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

16    **REQUEST NO. 37:**  Any and all memoranda and/or other COMMUNICATIONS that

17    REFER or RELATE TO any changes or clarifications of parole discharge policies.

18    **REQUEST NO. 38:**  Any and all memoranda and/or other COMMUNICATIONS that

19    REFER or RELATE TO any changes and/or clarifications of parole revocation policies.

20

21

22    Dated: *September 5, 2007*                        Respectfully submitted,

23

24

25                                                      Vibeke Norgaard Martin
                                                        Prison Law Office
26                                                      Attorneys for Plaintiffs

27

28

1    DECLARATION OF SERVICE BY MAIL

2

3    Case Name: Coleman v. Schwarzenegger
                    United States District Court
                    Eastern District of California        No. 2:90-cv-00520 LKK JFM P

4

5                   Plata v.        Schwarzenegger
                    United States District Court
                    Northern District of California      No. C-01-1351 T.E.H.

6

7

8    I am employed in the County of Marin, California. I am over the age of 18 years and not a
     party to the within entitled cause: my business address is Prison Law Office, General
     Delivery, San Quentin, California 94964.

9

10   On September 5, 2007 attached

11   **THREE JUDGE COURT**

12   **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
     DEFENDANTS**

13

14   in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed
     envelope with postage thereon fully prepaid in the United States Mail at San Rafael,

15   California, addressed as follows:

16

17

18   LISA A. TILLMAN
     SAMATHA TAMA

19   Deputy Attorney Generals
     Office of the Attorney General

20   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102

21

22

23

24

25   I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct, and that this declaration was executed at San Rafael,

26   California on September 5, 2007.

27

28                                    _Edie DeGraff_

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
THE HONORABLE THELTON E. HENDERSON
THE HONORABLE LAWRENCE KARLTON
THE HONORABLE STEPHEN REINHARDT

MARCIANO PLATA, ET AL.,

        Plaintiffs,

    v.

SCHWARZENEGGER, ET AL.,

        Defendants.

NO. C 01-1351 TEH

RALPH COLEMAN, ET AL.,

        Plaintiffs,

    v.

SCHWARZENEGGER, ET AL.,

        Defendants.

NO. CIV S90-0520 LKK JFM P

COPY

San Francisco, California
Monday, September 24, 2007

### TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

For Plaintiffs:

        Prison Law Office
        General Delivery
        San Quentin, CA  94964-0001
  BY:  **DONALD SPECTER, ESQ.**
        **STEVEN FAMA, ESQ.**
        **ALISON HARDY, ATTORNEY**
        and
        Rosen, Bien & Galvan
        315 Montgomery Street
        Tenth Floor
        San Francisco, California  94104
  BY:  **MICHAEL BIEN, ESQ.**
        **JANE KAHN, ATTORNEY**
        **LORI RIFKIN, ATTORNEY**

(Appearances continued, next page)

1    mid-November to mid-December.

2             If it's late, sometime in January, probably.

3             JUDGE HENDERSON:  Okay.  Thank you, Counsel.

4        MR. HUGHES:  Charles Hughes, DA Intervenors, on behalf

5    of the DA Intervenors, we would actually agree with those dates.

6        MR. MELLO:  The answer is yes, and we would say a

7    November or December date for another conference.

8             And then the last thing, I know it wasn't supposed to

9    be -- is the discovery order going to address the issue of the

10   prematurely propounded?

11            JUDGE HENDERSON:  Uh-huh.

12            JUDGE KARLTON:  What makes you think it is premature?

13       MR. MELLO:  Because there was an order from the Court

14   that indicated we were going to be discussing discovery, and it

15   was propounded before there was a ruling whether we would

16   actually have discovery.

17            MS. BARLOW:  I have nothing else.

18            JUDGE HENDERSON:  Okay.  Thank you very much.  This

19   has been helpful and exhausting.

20            Court is adjourned.

21                 (Proceedings concluded at 4:35 p.m.)

22

23

24

25

## CERTIFICATE OF REPORTER

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C 01-1351, Plata, et al. v. Schwarzenegger, et al., and S90-0520, Coleman, et al. v. Schwarzenegger, et al., were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____ *BelleBall*_____

Belle Ball, CSR 8785, RMR, CRR

Tuesday, October 2, 2007

# EXHIBIT H

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURTS

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8                 AND THE NORTHERN DISTRICT OF CALIFORNIA

9        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

10        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

11

12   RALPH COLEMAN, et al.,

13                       Plaintiffs,

14             v.                                NO. CIV S-90-0520 LKK JFM P

15   ARNOLD SCHWARZENEGGER,                      **THREE-JUDGE COURT**
     et al.,
16
                         Defendants.
17

18   MARCIANO PLATA, et al.,

19                       Plaintiffs,

20             v.                                NO. C01-1351 TEH

21   ARNOLD SCHWARZENEGGER,                      **THREE-JUDGE COURT**
     et al.,
22                                               ORDER
                         Defendants.
23

24

25        An initial hearing was held in the above-captioned matter on September 24, 2007.  At

26   the hearing a question arose as to whether discovery has been opened in these proceedings

27   and whether discovery served prior to the initial hearing is premature.  The purpose of this

28   order is to clarify that discovery is open.  Responses to any written discovery requests served

1  prior to the date of this order will be due thirty days from the date of this order.  The court

2  will set discovery and other deadlines by subsequent order.

3

4  **IT IS SO ORDERED.**

5

6  Dated:   09/25/07                                    /s/

7                                              STEPHEN REINHARDT
                                               UNITED STATES CIRCUIT JUDGE
8                                              NINTH CIRCUIT COURT OF APPEALS

9

10  Dated:   09/25/07

11                                             LAWRENCE K. KARLTON
                                               SENIOR UNITED STATES DISTRICT JUDGE
12                                             EASTERN DISTRICT OF CALIFORNIA

13

14  Dated:   09/25/07

15                                             THELTON E. HENDERSON
                                               SENIOR UNITED STATES DISTRICT JUDGE
16                                             NORTHERN DISTRICT OF CALIFORNIA

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT I

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURTS

6                    FOR THE EASTERN DISTRICT OF CALIFORNIA

7                    AND THE NORTHERN DISTRICT OF CALIFORNIA

8         UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

9         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

10

11   RALPH COLEMAN, et al.,

12                    Plaintiffs,

13              v.                              NO. CIV S-90-0520 LKK JFM P

14   ARNOLD SCHWARZENEGGER,                     **THREE-JUDGE COURT**
     et al.,
15
                     Defendants.
16

17   MARCIANO PLATA, et al.,

18                    Plaintiffs,

19              v.                              NO. C01-1351 TEH

20   ARNOLD SCHWARZENEGGER,                     **THREE-JUDGE COURT**
     et al.,
21                                              ORDER BIFURCATING
                     Defendants.                PROCEEDINGS AND SETTING
22                                              DEADLINES FOR PHASE I

23

24          An initial hearing was held in the above-captioned matter on September 24, 2007.  At

25   the hearing, the court heard from the parties and the intervenors regarding scheduling and

26   other procedural issues, and the role of the intervenors in these proceedings.  At the

27   conclusion of the hearing, the court took various matters under submission.  The court has

28   reviewed the transcript of the September 24, 2007 hearing.  After due consideration of the

1    positions of the parties and the intervenors, and good cause appearing, the court now makes

2    the following orders.

3        At issue in these proceedings is whether some form of prisoner release order is

4    required to remedy the underlying violations of the Eighth Amendment in one or both of the

5    above-captioned actions.  The governing statute provides that a three-judge court "shall enter

6    a prisoner release order only if the court finds by clear and convincing evidence that –

7    (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief

8    will remedy the violation of the Federal right."  18 U.S.C. § 3626(a)(3)(E).

9        A "prisoner release order" is defined as any order "that has the purpose or effect of

10   reducing or limiting the prison population, or that directs the release from or nonadmission of

11   prisoners to a prison," 18 U.S.C. § 3626(g)(4), and falls within the statute's general definition

12   of "prospective relief," which is defined as "all relief other than compensatory monetary

13   damages."  18 U.S.C. § 3626(g)(7).  The statute requires that all prospective relief must be,

14   *inter alia*, "narrowly drawn, extend[] no further than necessary to correct the violation of the

15   Federal right, and . . . the least intrusive means necessary to correct the violation of the

16   Federal right."  18 U.S.C. § 3626(a)(1).  The court must "give substantial weight to any

17   adverse impact on public safety or the operation of a criminal justice system caused by the

18   relief."  *Id.*

19       The statute also creates a right of intervention for certain state and local officials and

20   units of government "to oppose the imposition" of a prisoner release order.  18 U.S.C.

21   § 3626(a)(3)(F).  Pursuant to this provision of the statute, the court has granted motions to

22   intervene filed by five California counties; thirty-one Republican members of the California

23   Assembly; thirteen Republican state senators; the County of Sonoma, its Sheriff/Coroner,

24   District Attorney, and Chief Probation Officer (Sonoma County Intervenors)[1]; district

25

26       [1]On September 19, 2007, the Sonoma County Intervenors were ordered to show cause
     at the September 24, 2007 hearing why their intervention pleading should not be severed and
27   their pleadings consolidated with their respective counterparts.  The Sonoma County
     Intervenors having shown good cause to continue their separate intervention, the order to
28   show cause is discharged.

2

1  attorneys from twenty California counties; and, collectively, sixty-seven sheriffs, county

2  probation officers, city chief of corrections, and city police chiefs.  Collectively, these

3  intervenors are referred to herein as the statutory intervenors.[2]

4      The governing statute provides that certain government officials and units of

5  government have the right to intervene in proceedings relating to the imposition,

6  continuation, or termination of prisoner release orders.  18 U.S.C. § 3626(a)(3)(F).  Under

7  the statute, however, before any such release order may be considered by the court, two

8  conditions must be met.  Only if the court decides, in "Phase I," that these two conditions

9  have been satisfied, will we conduct proceedings, in "Phase II," to determine whether a

10 prison release order will be imposed, and the nature and terms of any such order in light of

11 public safety and other concerns.  The conditions that must be satisfied in Phase I prior to

12 conducting Phase II – proceedings relating to a prisoner release order – are that,

13 "(i) crowding is the primary cause of the violation of a Federal right" and "(ii) no other relief

14 [other than a prisoner release order] will remedy the violation of the Federal right."

15 18 U.S.C. §§ 3626(a)(3)(E)(i), (ii).  The statutory intervenors will have an interest in this

16 case, and may be impaired in protecting that interest, only if and when plaintiffs make the

17 Phase I showing required by 18 U.S.C. §§ 3626(a)(3)(E)(i) and (ii).  To the extent that the

18 statutory intervenors may have any interest in Phase I issues, such interest is adequately

19 represented by the defendants.[3]  In any event, 18 U.S.C. § 3626(a)(3)(F) gives the statutory

20 intervenors standing to intervene only in "proceedings relating to" a prisoner release order.

21 None of the statutory intervenors presented meritorious arguments at the hearing on

22 September 24, 2007 as to why the court should go beyond the scope of intervention

23 _____

24 [2]In addition, the California Correctional Peace Officers' Association ("CCPOA")  has been granted intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).
25 *See* Order filed September 19, 2007.  CCPOA's interest in this action is aligned with the plaintiffs.  *See id; see also* Transcript of Proceedings, September 24, 2007 (hereafter Transcript), at 22-23.  CCPOA indicated that it will not litigate its separate substantive due
26 process claim in these proceedings.  *See id.* at 20.

27 [3]To the extent that any of the statutory intervenors contend that they have a right to intervene under Federal Rule of Civil Procedure 24(a)(2), this reasoning limits intervention
28 under that Rule.

1 contemplated by the statute, and allow the statutory intervenors to participate in the
2 proceedings relating to the two issues the court will consider in Phase I.

3      Rule 42 of the Federal Rules of Civil Procedure authorizes the court "in furtherance of
4 convenience or to avoid prejudice, or when separate trials will be conducive to expedition
5 and economy" to order "a separate trial of any claim, cross-claim, counterclaim, or third-
6 party claim, or of any separate issue or of any number of claims, . . . or issues. . . ."  Fed. R.
7 Civ. P. 42(b).  After careful consideration of the arguments of the parties and the governing
8 statute, the court will bifurcate these proceedings.  In Phase I, the court will determine
9 whether the plaintiffs have established the prerequisites to considering issuance of a prisoner
10 release order that are set forth in 18 U.S.C. §§ 3626(a)(3)(E)(i) and (ii).  Only if plaintiffs are
11 able to show that these prerequisites have been met will the court conduct Phase II
12 proceedings – proceedings relating to a prisoner release order – and consider the effects of
13 such an order on public safety, as well as whether such an order is narrowly drawn, extends
14 no further than necessary, and is the least intrusive means necessary to correct the violation
15 of the Federal right.  18 U.S.C. § 3626(a)(1).

16      The court has the authority to place "appropriate conditions or restrictions responsive
17 . . . to the requirements of efficient conduct of the proceedings" on intervenors under Federal
18 Rule of Civil Procedure 24.  Advisory Committee's Note to 1966 amendment to Fed. R. Civ.
19 P. 24.  One hundred forty individuals and government entities have intervened in this action
20 as of right under the provisions of 18 U.S.C. § 3626(a)(3)(F).  As noted above, their
21 demonstrated interests lie in opposing imposition of a prisoner release order, in presenting
22 evidence concerning public safety impacts and in seeking to insure that such an order is
23 narrowly drawn, extends no further than necessary to correct the violation of the Federal
24 right, and is the least intrusive means necessary to correct the violation of the Federal right.
25 *See* 18 U.S.C. § 3636(a)(1)(A).  That interest is not implicated unless and until the threshold
26 questions posed by 18 U.S.C. § 3626(a)(3)(E)(i) and (ii) have been resolved by the court in
27 plaintiffs' favor at the conclusion of Phase I.
28 *///*

1    Moreover, allowing the statutory intervenors to participate in Phase I of this litigation

2   would cause undue delay and render the proceedings unmanageable. Several examples of

3   this are already apparent in the record, including delays resulting from the constraints under

4   which many of the intervenors function, and the prospect of rendering depositions relating to

5   the threshold statutory questions unwieldy.[4]  In addition, the court finds no cognizable

6   prejudice to the statutory intervenors by this limitation. The interests of the statutory

7   intervenors lie in Phase II of this litigation, should such phase become necessary, and they

8   will be permitted to participate fully in that phase. During Phase I, the intervenors may,

9   however, be present during depositions, participate as amici during the proceedings, and sit

10   at counsel table. To the extent that defense counsel wish to yield part of their oral argument

11   time to amici, they may do so. As to Phase I, objections and requests heretofore made by the

12   statutory intervenors are moot.

13    For the foregoing reasons, Phase I of these proceedings will be litigated by plaintiffs,

14   and defendants, on the schedule set forth below. In addition, CCPOA, a non-statutory

15   intervenor, will be permitted to participate in Phase I, along with plaintiffs and defendants.[5]

16   Only plaintiffs, CCPOA, and defendants will be permitted to engage in discovery during

17   Phase I. Said discovery, including but not limited to all expert depositions, must be

18

19   ─────────────────────

20    [4]A request that the parties extend a stipulation concerning ex parte communications, in
    effect in the *Plata* case, to these proceedings is illustrative. Counsel for one set of
21   intervenors requested two weeks to consult with his twenty clients, *see* Transcript at 13,
    while another set has noted the need to await action by two county boards of supervisors
22   before a response is provided. *See* County Intervenors' Response to the Court's Request
    Regarding Ex Parte Contacts, filed October 1, 2007, at 2. Authorization by local governing
23   bodies was required by several officials prior to seeking intervention. *See* Letter filed
    August 14, 2007, from General Counsel for the California State Sheriff's Association. The
24   delay inherent in consultations with 140 different clients, several of whom require
    authorization from other entities in order to act, supports limiting their participation to an
25   appropriate phase of the proceedings.

26    [5]CCPOA, unlike the statutory intervenors, would be directly affected by orders
    preliminary to the consideration of prisoner release orders, specifically, Phase I orders
27   involving the internal operation of the prison system, including hiring and assignment of
    prison personnel, medical and otherwise. In addition, it is uniquely situated, to present
28   evidence relevant to the issues before the court in Phase I. *See, e.g.*, Transcript at 22-23. It
    may, therefore, participate in Phase I.

5

1   completed by December 20, 2007. These parties shall disclose their experts and shall serve

2   the reports of said experts on or before November 9, 2007.

3         On or before December 20, 2007, plaintiffs, CCPOA, and defendants shall file a joint

4   pretrial statement. The provisions of Eastern District of California Local Rule 16-281

5   notwithstanding, the joint pretrial statement shall contain: (1) a statement of undisputed facts

6   and disputed factual issues; (2) a statement of disputed evidentiary issues; (3) identification

7   of relevant points of law; (3) a list of witnesses for each of the participating parties; (4) a list

8   of exhibits for each of the participating parties; (5) a list of discovery documents to be

9   offered by each of the participating parties; and (6) any stipulations reached by the parties.

10         All motions in limine must be filed with the joint pretrial statement to be filed

11   pursuant to this order. Opposition to such motions shall be filed on or before January 2,

12   2008. No reply briefs shall be filed.

13         A pretrial conference and hearing on motions in limine, including any *Daubert*

14   motions, will be held on Wednesday, January 16, 2008, at 10:00 AM in the Ceremonial

15   Courtroom of the United States District Court for the Northern District of California, located

16   on the 19th Floor at 450 Golden Gate Avenue, San Francisco, California.

17         Court trial of Phase I will commence on February 6, 2008 at 10:00 AM in the

18   Ceremonial Courtroom of the United States District Court for the Northern District of

19   California. The court anticipates that trial will last three days.

20         Direct testimony from all percipient witnesses will be presented by affidavit and no

21   more than fifteen minutes of live testimony, followed by cross-examination. Direct

22   testimony from expert witnesses will be presented through their expert reports and no more

23   than thirty minutes of live testimony, followed by cross-examination. The time limits for live

24   testimony may be extended in unusual circumstances by order of the court. The court will

25   set appropriate time limits for opening and closing arguments.

26   ///

27   ///

28   ///

6

1    Finally, at the hearing on September 24, 2007, the court announced to the parties that,

2    with limited exceptions, the Local Rules of the Eastern District of California will apply to

3    these proceedings.[6]  That order is confirmed.

4    Only if plaintiffs prevail in Phase I will discovery be permitted regarding Phase II, and

5    a trial be conducted on that phase.  Should plaintiffs prevail on Phase I, the court will

6    announce the procedures and time schedule applicable to Phase II.

7

8    **IT IS SO ORDERED.**

9

10   Dated:   10/10/07                    _____/s/_____

11                                        STEPHEN REINHARDT
                                          UNITED STATES CIRCUIT JUDGE

12                                        NINTH CIRCUIT COURT OF APPEALS

13

14   Dated:   10/10/07                    _____

15                                        LAWRENCE K. KARLTON
                                          SENIOR UNITED STATES DISTRICT JUDGE

16                                        EASTERN DISTRICT OF CALIFORNIA

17

18   Dated:   10/10/07                    _____

19                                        THELTON E. HENDERSON
                                          SENIOR UNITED STATES DISTRICT JUDGE

20                                        NORTHERN DISTRICT OF CALIFORNIA

21

22

23

24

25

26   _____

27   [6]Local Rule 78-230 sets forth procedures for noticing motions, other than discovery
     motions, on a civil motion calendar and for briefing said motions.  That rule will not be
     followed in this action.  Any such motions filed in this action shall be filed without a noticed
28   hearing date.  The court will thereafter issue an order setting, as appropriate, a hearing date
     and briefing schedule for any specific motions so filed.

7

# EXHIBIT J

1   PRISON LAW OFFICE
    DONALD SPECTER Bar No.: 83925
2   STEVEN FAMA Bar No.: 99641
    ALISON HARDY Bar No.: 135966
3   VIBEKE NORGAARD Bar No.: 209499
    E. IVAN TRUJILLO Bar No.: 228790
4   RACHEL FARBIARZ Bar No.: 237896
    General Delivery
5   San Quentin, California  94964
    Telephone: (415) 457-9144
6
    BINGHAM, McCUTCHEN, LLP
7   WARREN E. GEORGE Bar No.: 53588
    Three Embarcadero Center
8   San Francisco, California  94111
    Telephone: (415) 393-2000
9
    THE LEGAL AID SOCIETY --
10  EMPLOYMENT LAW CENTER
    CLAUDIA CENTER Bar No.: 158255
11  LEWIS BOSSING Bar No.: 227402
    600 Harrison Street, Suite 120
12  San Francisco, CA  94107
    Telephone:  (415) 864-8848
13
    Attorneys for Plaintiffs
14

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830


HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

15          IN THE UNITED STATES DISTRICT COURTS

16          FOR THE EASTERN DISTRICT OF CALIFORNIA

            AND THE NORTHERN DISTRICT OF CALIFORNIA

17  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

            PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

18

19  RALPH COLEMAN, et al.,                    )   No.: Civ S 90-0520 LKK-JFM P
                                              )
20          Plaintiffs,                       )   **THREE-JUDGE COURT**
                                              )
21      vs.                                   )
                                              )
22  ARNOLD SCHWARZENEGGER, et al.,            )
                                              )
23          Defendants                        )
    _____           )
24  MARCIANO PLATA , et al.,                  )   No. C01-1351 THE
                                              )
25          Plaintiffs,                       )   **THREE-JUDGE COURT**
        vs.                                   )
26                                            )
    ARNOLD SCHWARZENEGGER, et al.,            )   **PLAINTIFFS' FIRST REQUEST FOR**
27                                            )   **INSPECTION**
        vs.                                   )
28          Defendants                        )
    **PROPOUNDING PARTIES:**        Plaintiffs Marciano Plata et al.

**RESPONDING PARTIES:**            Defendants Schwarzenegger, et al.

**REQUEST NUMBER:**        One

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata et al. submit the following First Request for Inspection to Defendants Arnold Schwarzenegger, al. (combined, the "Defendants") for plaintiffs and plaintiffs' expert, Wayne Scott, to inspect San Quentin State Prison, Valley State Prison for Women, Avenal State Prison and California Institution for Men.

### DEFINITIONS

Unless otherwise indicated, the following definitions and terms shall apply to these Requests for Inspection:

1.     The term "all" means any and all.

2.     The term "any" means each and every.

3.     The term "CDCR" refers to the California Department of Corrections and Rehabilitation, its agents, employees and anyone acting on its behalf.

4.     The term "confer with" means to interview, formally or informally, CDCR personnel with whom correctional expert Wayne Scott and plaintiffs' counsel meet and/or encounter during the course of the inspection.

5.     The term "class member" means any prisoner who is a member of the plaintiff class under *Plata v. Schwarzenegger* and/or *Coleman v. Schwarzenegger*.

6.     The term "inspect" means to physically walk through and observe CDCR prison facilities, including, but not limited to, all areas in which California state prisoners sleep, eat, bathe, exercise, and receive medical attention, and areas in which such prisoners are received at the prison and/or processed for release from the prison. The term further means to review any records, including, but not limited to logbooks, relating to class members' movement within the prison and to off-site medical care providers and/or relating to class members' access to medical or mental health care.

7.     "Plaintiffs' expert" refers to correctional expert Wayne Scott.

## INSTRUCTIONS

1.      At each of the four prisons to be inspected, plaintiffs' expert requests an interview with the prison's Warden, Associate Warden for Health Care and the prison's highest ranking medical officer, preferably at the beginning of the inspection.  Plaintiffs' counsel anticipate that the initial interview will take approximately 30-60 minutes.

2.      During the inspections, plaintiffs' counsel and plaintiffs' expert will confer with the CDCR staff at the prison, including but not limited to the correctional staff, administrative staff and medical staff, regarding access of the *Plata* class members to medical care and of the *Coleman* class members to mental health care.

3.      During the inspections, plaintiffs' counsel and plaintiffs' expert may confer with class members at the prison regarding their access to medical care and to mental health care.

4.      If, during the inspection, the plaintiffs' expert concludes that he requires a private setting to confer with certain CDCR staff or class member(s), defendants will provide an area where plaintiffs' expert can confer with the staff member or class member(s), in the presence of only plaintiffs' and defendants' counsel.

5.      Plaintiffs' counsel will not videotape the inspections.

6.      Plaintiffs' expert will not review class members' individual health care records or central files.

## REQUESTS FOR INSPECTION

1.      On October 29, 2007, from 8:00 a.m. to approximately 3:00 p.m., plaintiffs' counsel and plaintiffs' expert request to inspect California Institution for Men at Chino.

2.      On October 30, 2007, from 7:00 a.m. to approximately 12:00 noon, plaintiffs' counsel and plaintiffs' expert request to inspect Avenal State Prison.

3.      On October 30, 2007, from 2:00 p.m. to approximately 6:00 p.m., plaintiffs' counsel and plaintiffs' expert request to inspect Valley State Prison for Women.

//

//

1    4.    On October 31, 2007, from 8:00 a.m. to approximately 3:00 p.m., plaintiffs'

2    counsel and plaintiffs' expert request to inspect San Quentin State Prison.

3

4

5    Dated: October 2, 2007                    Respectfully submitted,

6

7

8                                              Alison Hardy
                                               Prison Law Office
9                                              Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        DECLARATION OF SERVICE BY E-MAIL

2

Case Name: Coleman v. Schwarzenegger
3             United States District Court
              Eastern District of California        No. 2:90-cv-00520 LKK JFM P
4
              Plata v.      Schwarzenegger
5             United States District Court
              Northern District of California       No. C-01-1351 T.E.H.
6

7
I am employed in the County of Marin, California.  I am over the age of 18 years and not a
8  party to the within entitled cause:  my business address is Prison Law Office, General
   Delivery, San Quentin, California 94964.
9

10  On October 2, 2007 I served the attached

11

**THREE JUDGE COURT– PLAINTIFFS' FIRST REQUEST FOR INSPECTION**
12

13  in said cause, by e-mail, addressed as follows:

14
PAUL MELLO
15  pmello@hansonbridgett.com

16
I declare under penalty of perjury under the laws of the State of California that the
17  foregoing is true and correct, and that this declaration was executed at San Rafael,
    California on October 2, 2007.

18

19                                    _____
                                              Ashley Fewell
20

21

22

23

24

25

26

27

28

1    DECLARATION OF SERVICE BY MAIL

2

3    Case Name: Coleman v. Schwarzenegger
              United States District Court
              Eastern District of California        No. 2:90-cv-00520 LKK JFM P

4

5              Plata v.    Schwarzenegger
              United States District Court
              Northern District of California        No. C-01-1351 T.E.H.

6

7

8    I am employed in the County of Marin, California.  I am over the age of 18 years and not a
     party to the within entitled cause:  my business address is Prison Law Office, General
     Delivery, San Quentin, California 94964.

9

10   On October 2, 2007 I served the attached

11   **THREE JUDGE COURT– PLAINTIFFS' FIRST REQUEST FOR INSPECTION**

12   in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed
     envelope with postage thereon fully prepaid in the United States Mail at San Rafael,
13   California, addressed as follows:

14

15   LISA A. TILLMAN                          MARTIN J. MAYER
     Deputy Attorney General                 Jones & Mayer
     Office of the Attorney General          3777 North Harbor Blvd.
16   455 Golden Gate Avenue, Suite 11000     Fullerton, CA 92835
     San Francisco, CA 94102

17
     STEVEN S. KAUFHOLD                       RONALD YANK
18   Akin Gump Straus Hauer & Feld LLP        Carroll, Burdick & McDonough, LLP
     580 California St., 15th Floor           44 Montgomery Street, Suite 400
19   San Francisco, CA 94104-1036            San Francisco, CA 94104

20   ROD PACHECO                              BENJAMIN C. SYBESMA
     Office of the District Attorney          California Correctional Peace Officers'
21   County of Riverside                      Association Legal Department
     4075 Main Street, First Floor            755 Riverpoint Drive, Suite 200
22   Riverside, CA 92501                      W. Sacramento, CA 95605

23   ANN MILLER RAVEL                         STEVEN WOODSIDE
     Office of the County Counsel             Office of the County Counsel
24   County of Santa Clara                    County of Sonoma
     70 West Hedding, East Wing, 9th Floor    575 Administration Dr., Room 105A
25   San Jose, CA 95110                       Santa Rosa, CA 95403

26

27

28

1   STEPHEN SHANE STARK                DENNIS BUNTING
     Office of the County Counsel          Office of the County Counsel
2   County of Santa Barbara             County of Solano
     105 E. Anapamu Street, Room 201     675 Texas Street, Suite 6600
3   Santa Barbara, CA 93101           Fairfield, CA 94533

4   MICHAEL MURPHY              SILVANO B. MARCHESI
     Office of the County Counsel          Office of the County Counsel
5   County of San Mateo              County of Contra Costa
     Hall of Justice and Records         651 Pine Street, 9th Floor
6   400 County Center, 6th Floor        Martinez, CA 94553
     Redwood City, CA 94063

7

8   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Rafael, California on October 2, 2007.

9

10                                  _____

11                                   Ashley Fewell

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT K

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA ,et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | **PLAINTIFFS' AMENDED SECOND REQUEST FOR INSPECTION** |
| vs. | |
| Defendants | |

**PROPOUNDING PARTIES:**     PLAINTIFFS MARCIANO PLATA ET AL. AND RALPH
                            COLEMAN, ET AL

**RESPONDING PARTIES:**      DEFENDANTS SCHWARZENEGGER, ET AL.

**REQUEST NUMBER:**          TWO (AMENDED)

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure
Rule 34, Plaintiffs Marciano Plata et al. and Ralph Coleman et al. submit the following Second
Request for Inspection to Defendants Arnold Schwarzenegger, al. (combined, the
"Defendants") for plaintiffs and plaintiffs' experts to inspect California Institute for Men,
Avenal State Prison, Valley State Prison for Women, San Quentin State Prison, California
State Prison, Solano, Deuel Vocational Institution, High Desert State Prison, Salinas Valley
State Prison, and California State Prison, Lancaster.

### DEFINITIONS

Unless otherwise indicated, the following definitions and terms shall apply to these
Requests for Inspection:

1.     The term "ALL" means any and all.

2.     The term "ANY" means each and every.

3.     The term "CDCR" refers to the California Department of Corrections and
Rehabilitation, its agents, employees and anyone acting on its behalf.

4.     The term "CONFER WITH" means to interview, formally or informally, CDCR
personnel with whom plaintiffs' experts and plaintiffs' counsel meet and/or encounter during
the course of the inspection.

5.     The term "CLASS MEMBER" means any prisoner who is a member of the
plaintiff class under *Plata v. Schwarzenegger* and/or *Coleman v. Schwarzenegger*.

6.     The terms "INSPECT" or "INSPECTIONS" means to physically walk through
and observe CDCR prison facilities, including, but not limited to, all areas in which California
state prisoners sleep, eat, bathe, exercise, and receive medical and mental health attention, and

1 | areas in which such prisoners are received at the prison and/or processed for release from the

2 | prison. The term further means to review any records, including, but not limited to logbooks,

3 | relating to class members' movement within the prison and to off-site medical care providers

4 | and/or relating to class members' access to medical or mental health care.

5 |

6 | **INSTRUCTIONS**

7 |     1.     At each of the ten prisons to be INSPECTED, plaintiffs' experts request an

8 | interview with the prison's Warden, Associate Warden for Health Care and the prison's highest

9 | ranking medical and mental health officers, including, when applicable, the Chief Medical

10 | Officer, Chief Physician & Surgeon, Director of Nursing, Mental Health Program Manager,

11 | Chief Psychiatrist, and Chief Psychologist, preferably at the beginning of the inspection.

12 | Plaintiffs' counsel anticipate that the initial interview will take approximately 30-60 minutes.

13 | Each request for INSPECTION will be designated as either *Plata*, *Coleman*, or *Plata/Coleman*,

14 | so that appropriate staff may be noticed.

15 |     2.     During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts will

16 | CONFER WITH the CDCR staff at the prison, including but not limited to the correctional

17 | staff, administrative staff, and medical and mental health staff, regarding access of the *Plata*

18 | CLASS MEMBERS to medical care and of the *Coleman* CLASS MEMBERS to mental health

19 | care, and as to issues of housing, programming, exercise and activities for class members.

20 |     3.     During the INSPECTIONS, plaintiffs' counsel and plaintiffs' experts may

21 | CONFER WITH CLASS MEMBERS at the prison regarding their access to medical care and

22 | to mental health care, and as to issues of housing, programming, exercise and activities for

23 | class members.

24 |     4.     If, during the INSPECTION, the plaintiffs' experts conclude that they require a

25 | private setting to CONFER WITH certain CDCR staff or CLASS MEMBER(S), defendants

26 | will provide an area where plaintiffs' experts can CONFER WITH the staff member or CLASS

27 | MEMBER(S), in the presence of only plaintiffs', defendants' counsel, and the Receiver's

28 | representative.

5.     Plaintiffs' experts will not review central files.  Plaintiffs' experts may review CLASS MEMBERS' unit health records.

6.     As part of the INSPECTIONS, plaintiffs may request to conduct confidential interviews with five to ten CLASS MEMBERS and review their health records.  If so, plaintiffs' counsel will notify defendants at least three days prior to each INSPECTION, and provide the names and CDCR numbers of each CLASS MEMBER at that time.  These CLASS MEMBER interviews will be conducted only by plaintiffs' counsel and plaintiffs' experts.

7.     To the extent that some of these requests for inspection were previously noticed, this Amended Request serves as notice that these INSPECTIONS will be performed by additional experts on behalf of plaintiffs in both *Coleman* and *Plata,* clarifies the coordination, and updates the dates, times, and locations for these requests.

8.     For INSPECTIONS that will be both *Coleman* and *Plata,* the experts for each case may request to INSPECT different areas during the tour simultaneously.  To the extent that defendants wish to have defendants' counsel accompany plaintiffs' experts if and when they INSPECT different areas of the prison, plaintiffs ask that defendants staff accordingly.

## REQUESTS FOR INSPECTION

1.     On October 29, 2007, from 8:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT California Institute for Men. (*Coleman/Plata*)

2.     On October 29, 2007, from 8:00 a.m. to approximately 1:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Deuel Vocational Institution. (*Coleman*)

3.     On October 30, 2007, from 7:00 a.m. to approximately 12:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Avenal State Prison. (*Plata*)

4.     On October 30, 2007, from 9:00 a.m. to approximately 6:00 p.m., plaintiffs' counsel and plainitffs' experts request to INSPECT Valley State Prison for Women.  The *Plata* team will be arriving at approximately 2:00 p.m. (*Plata/Coleman*)

5.     On October 31, 2007, from 9:00 a.m. to approximately 5:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT San Quentin State Prison. (*Plata*)

6.     On October 31, 2007, from 8:00 a.m. to approximately 1:00 p.m, plaintiffs' counsel and plaintiffs' experts request to INSPECT California State Prison, Solano. (*Coleman*)

7.     On November 1, 2007, from 10:00 a.m. to approximately 6:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Salinas Valley State Prison. (*Coleman/Plata*)

8.     On November 1, 2007, from 7:30 a.m. to approximately 1:00 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT High Desert State Prison. (*Plata*)

9.     On November 2, 2007, from 9:00 a.m. to approximately 5:30 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT Mule Creek State Prison. (*Coleman*)

10.     On November 2, 2007, from 9:00 a.m. to approximately 5:30 p.m., plaintiffs' counsel and plaintiffs' experts request to INSPECT California State Prison, Lancaster. (*Coleman*)

Dated:  October 19, 2007                          Respectfully submitted,


Lori Rifkin
Rosen, Bien & Galvan
Attorneys for Plaintiffs

1 | PRISON LAW OFFICE
  | DONALD SPECTER Bar No.: 83925
2 | STEVEN FAMA Bar No.: 99641
  | E. IVAN TRUJILLO Bar No.: 228790
3 | General Delivery
  | San Quentin, California 94964
4 | Telephone: (415) 457-9144

5 | ROSEN, BIEN & GALVAN, LLP
  | MICHAEL W. BIEN Bar No.: 096891
6 | JANE E. KAHN Bar No.: 112239
  | AMY WHELAN Bar No.: 215675
7 | LORI RIFKIN Bar No.: 244081
  | SARAH M. LAUBACH Bar No.: 240526
8 | 315 Montgomery Street, 10th Floor
  | San Francisco, California 94104
9 | Telephone: (415) 433-6830

10 | THE LEGAL AID SOCIETY –
   | EMPLOYMENT LAW CENTER
11 | CLAUDIA CENTER Bar No.: 158255
   | LEWIS BOSSING Bar No.: 227402
12 | 600 Harrison Street, Suite 120
   | San Francisco, CA 94107
13 | Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

14 | Attorneys for Plaintiffs

15 | IN THE UNITED STATES DISTRICT COURTS

16 | FOR THE EASTERN DISTRICT OF CALIFORNIA

   | AND THE NORTHERN DISTRICT OF CALIFORNIA

17 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

18 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19 | RALPH COLEMAN, et al.,                    )  No.: Civ S 90-0520 LKK-JFM P
20 |              Plaintiffs,                  )  **THREE-JUDGE COURT**
21 |        vs.                                )
22 | ARNOLD SCHWARZENEGGER, et al.,            )
23 |              Defendants                   )
24 | MARCIANO PLATA ,et al.,                   )  No. C01-1351 THE
25 |              Plaintiffs,                  )  **THREE-JUDGE COURT**
   |        vs.                                )
26 |                                           )
27 | ARNOLD SCHWARZENEGGER, et al.,            )  **[PROOF OF SERVICE]**
   |                                           )
28 |        vs.                                )
   |              Defendants                   )

1

2                              **PROOF OF SERVICE**

3           I, Kate Richardson, declare that I am a resident of the State of California, am over the

4    age of eighteen years and am not a party to the within action.  I am employed with Rosen,

5    Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

6    California 94104.  On October 19, 2007, I served the following documents:

7           I served the documents on the persons listed below, as follows:

8           **PLAINTIFFS' AMENDED SECOND REQUEST FOR INSPECTION**

9

10

11   | [  ] | **By messenger service**.  I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service.  (A declaration by the messenger is attached hereto as a separate document.) |
| --- | --- |

13   | [ X ] | **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices.  I am readily familiar with my firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California. |

19   | [  ] | **By overnight delivery**.  I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |

22   | [  ] | **By fax transmission**.  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached. |

25   | [  ] | **By e-mail or electronic transmission**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

1
2
3

**All documents were sent to the following persons in the following manner:**

    **BY US MAIL**

4
5
6
7
8
9

District Attorney Intervenors
Rod Pacheco
Charles Hugues
District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

California Sheriff, Probation, Police
Chief and Corrections Intervenors
Jones & Mayer LLP
Martin J. Mayer
Michael R. Capizzi
Kimberly Hall Barlow
Elizabeth R. Feffer
3777 North Harbor Boulevard
Fullerton, CA 92835

10
11
12
13

County of Sonoma Intervenors
Anne L. Keck, Deputy County Counsel
575 Administration Drive, Room 105A
Santa Rosa, CA 95403

Republican Assembly Intervenors
Steven S. Kaufhold
Akin, Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

14
15
16
17

County of Santa Clara Intervenors
Ann Miller Ravel
Theresa Fuentes
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

California Correctional Peace Officers'
Association (CCPOA) Intervenors
Ronald Yank
Gregg MacClean Adam
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

18
19
20
21
22

Plata Receiver's Representative
Martin Dodd
Futterman & Dupree, LLP
160 Sansome Street
17th Floor
San Francisco, CA 94104

23      I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct, and that this Proof of Service was executed on this *19* day of

25  October, 2007 at San Francisco, California.

26

Kate Richardson

27
28

# EXHIBIT L

## Sofia Millham

| | |
|---|---|
| **From:** | Michael W. Bien |
| **Sent:** | Friday, October 19, 2007 12:57 PM |
| **To:** | 'francis.grunder@doj.ca.gov'; Rochelle East; Paul B. Mello; Lisa Tillman; Misha Igra; 'Charles Antonen' |
| **Cc:** | Donald Specter; 'Alison Hardy'; Coleman Team - RBG Only; 'Martin@dfdlaw.com' |
| **Subject:** | Coleman/ Plata Expert tours/ Discovery Disputes |
| **Attachments:** | pls' amended Request for Inspection 10-19-07 489-OVR.pdf |

Friends

As we discussed yesterday, attached is an amended tour notice that supersedes the two previously served notices.  We have complied with your request to restrict all plaintiff expert tours to the week of October 29 and thus have cancelled the previously scheduled tour for November 6.

Our major remaining dispute concerning these tours concerns whether defendants will permit plaintiffs' experts to speak with CDCR employees during the inspection.  We had extensive conference calls yesterday about this issues and I appreciate the fact that you agreed to reconsider your position.  We are, of course, prepared to litigate this issue before Judge Mould next week, if necessary.  We pointed out that it has been CDCR Legal's and the AG's office practice and position to permit CDCR employees to speak on pre-trial expert tours and that the Receiver has already given permission for medical staff to speak (in the presence of the Receiver's representative).

In an effort to save the time and expense of a motion,  and to convince you that your objection will be overruled, I am providing you now with our legal research on this point:

Rule 34 "authorizes the broadest sweep of access, inspection, examination, testing, copying, and photographing of documents or objects in the possession or control of another party." 8A Charles Alan Wright et al., Federal Practice & Procedure § 2206 (2007).  Indeed, the Ninth Circuit has specifically stated that "Rule 34 . . . is to be liberally construed" and concluded consequently that "[t]he word 'inspection' has a broader meaning then just looking."  *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56-57 (9th Cir. 1961) (crediting dictionary definition defining "'inspect' as 'to examine carefully or critically, investigate and test officially, as to inspect food' and . . . 'inspection' as 'especially, a critical investigation or scrutiny'").

Indeed, in a highly analogous case, a district court concluded that precisely the same access requested here fell squarely within Rule 34's ambit.  In *Morales v. Turman*, 59 F.R.D. 157 (E.D.Tex.1972), the plaintiffs alleged systemic constitutional violations in Texas's juvenile detention facilities. Recognizing there, as here, that "[w]hen important civil rights are in issue in complex litigation of widespread concern, a court must make every effort to enhance the fact-finding process available to counsel for both sides," *id.* at 159, the *Morales* court found that Rule 34 authorized the plaintiffs' experts to not only speak informally with juvenile inmates and staff on an unrestricted basis, but to actually live in two detention centers for a period of thirty days in order to observe and document all aspects of the center's operations "for the purpose of determining

the quality of life under the[] particular conditions of confinement," *id.* at 159-60.

Indeed, in other cases similar to the one at bar, courts have repeatedly held that such communication is proper even outside the presence of the defendants' attorneys. *See, e.g.*, *N.Y. State Ass'n for Retarded Children Inc. v. Carey*, 706 F.2d 956, 960 (2d Cir. 1983) (upholding district court order permitting plaintiffs' counsel and experts to interview institutional defendants' employees during tours while defense counsel was not present); *Lizotte v. N.Y.C. Health & Hosp. Corp.*, 1990 WL 267421, *5 (S.D.N.Y. Mar. 13, 1990) (holding that "plaintiffs' counsel and expert may communicate with any staff member of the HHC psychiatric emergency rooms if that employee is willing or desires to talk to them," and that defense counsel need not be present for such interviews).

Given the case law supporting broad access to institutional employees in similar cases, Plaintiffs' request that As the *Morales* court recognized, in cases raising serious constitutional questions of great public concern, "the trial court's discretion must be guided by considerations of policy and of necessity, propriety and expediency in the particular case at hand." 59 F.R.D.. at 159 (internal quotation marks omitted).   Plaintiffs' modest request that their experts be permitted short, informal conversations with CDC employees in the presence of Defendants' attorneys during the prison tours is the most fair and expeditious method of ensuring that the expert reports are meaningful and finds ample support in the case law.

Please inform us of your final decision on this point by the close of business Friday.

Thanks.

Michael W. Bien
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbg-law.com

10/22/2007

***We have moved to our new office.*** Please note our new address, 315 Montgomery Street, Tenth Floor.

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# EXHIBIT M

**From:** Dodd, Martin [Martin@dfdlaw.com]
**Sent:** Thursday, October 18, 2007 9:23 AM
**To:** Alison Hardy; Don Specter
**Cc:** John Hagar; RSillen@aol.com; Rougeux, Tim; Paul B. Mello; Lisa.Tillman@doj.ca.gov
**Subject:** Prison inspections on 10/29-10/31

Alison and Don:

Tim Rougeux will be the Receiver's representative during the inspections of CIM, Avenal, VSP and San Quentin. Tim's role will be to accompany you, particularly when you are speaking with medical staff and/or administrative staff regarding medical care. We have asked him simply to observe and take notes so that we will have an accurate record of what transpires and what is said. We note that in your inspection request there is a reference to your possibly needing "a private setting to confer with CDCR staff." If, by that, you meant speaking privately to medical or other administrative staff regarding medical care issues without the Receiver's representative present, we do object and we will not permit it. Tim has been instructed not to interfere with questions you or your expert may ask regarding medical care, but we do insist that he be present while those questions are asked. If there is any confusion about this or you wish to discuss it, please give me a call.

Please let me know where Tim is to meet up with you prior to the commencement of the inspections. Tim will send you an e-mail later today to give you cell phone number in case you need to reach him prior to the inspections. If there is any change in the inspection schedule, please let me know at your earliest convenience.

You mentioned that you are also discussing a possible inspection at High Desert on 10/31. Please let me know at your earliest convenience whether you expect that inspection to go forward so that we can arrange to have a Receiver's representative present. Thank you for your cooperation.

Martin H. Dodd
Futterman & Dupree LLP
160 Sansome Street, 17th Floor
San Francisco, CA 94104
martin@dfdlaw.com
415/399-3841 | fax: 415/399-3838
********************************

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged by law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail.

To the extent that this email or its attachments concern federal tax issues, under Internal Revenue Service Treasury Regulations, we are required to inform you that any advice contained in this email or any attachment thereto is not intended or written to be used, and cannot be used, to avoid penalties under the Internal Revenue Code. Thank you.