1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, SBN 126424
   CHARLES J. ANTONEN, SBN 221207
6  SAMANTHA D. TAMA, SBN 240280
   Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
8  Telephone:  (415) 703-5708
   Fax:  (415) 703-5843
9  Email:  Samantha.Tama@doj.ca.gov
           Rochelle.East@doj.ca.gov
10          Charles.Antonen@doj.ca.gov

11 Attorneys for Defendants

HANSON   BRIDGETT   MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DECLARATION OF CHARLES J. ANTONEN IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTES** |

Decl. of Charles J. Antonen

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

# DECLARATION OF CHARLES J. ANTONEN

I, CHARLES J. ANTONEN, declare as follows:

1.      I am an attorney admitted to practice law before all courts in the State of California, the United States District Court for the Eastern District of California, and the United States Court of Appeals for the Ninth Circuit.  I am a Deputy Attorney General in the California Attorney General's Office, counsel of record for Defendants in this matter.  I submit this declaration in support of Defendants' portion of the Joint Statement Regarding Discovery Disputes (Joint Statement).  Unless otherwise indicated, I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

2.      Under Local Rule 43-142, I attest that good cause exists for submitting this declaration and the declaration of Paul French today, instead of on October 22, 2007.  On October 22, 2007, counsel for Plaintiffs provided me with the Joint Statement at 4:07 p.m.  The Joint Statement required substantial revisions and contained numerous inaccuracies.  I did not finish reviewing and revising the Joint Statement until 9:12 p.m. on October 22, 2007.  Consequently, due to the tremendous amount of work that needed to completed in such a short time, it was impossible for me to gather the necessary declarations.  Therefore, good cause exists for the Court to consider this declaration and the declaration of Paul French at the hearing October 25, 2007.

3.      Attached as Exhibit A to this declaration is a true and correct copy of portions of the transcript from the hearing before the Three-Judge Panel, which took place on September 24, 2007.

4.      Attached as Appendix A to the Joint Statement is a true and correct copy of the summary of the discovery request propounded by Defendants that Plaintiffs contend concern Phase II issues.  Included within Appendix A are discovery requests that Plaintiffs have propounded on Defendants that under Plaintiffs' stated logic appear to concern Phase II issues but Plaintiffs inconsistently claim only concern Phase I issues.

Decl. of Charles J. Antonen

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

2

1    5.    Attached as Appendix B to the Joint Statement is a true and correct copy of the

2    confidentiality/clawback agreement that I drafted and circulated to Plaintiffs counsel on

3    Thursday, October 18, 2007. On Wednesday, October 17, 2007, Plaintiffs agreed to enter such a

4    confidentiality/clawback agreement.

5    6.    On October 2, 2007, Defendants were served with Plaintiffs' First Request for

6    Inspection in which Plaintiffs requested expert tours at four institutions. In an effort to

7    accommodate Plaintiffs' request in under thirty days' notice, Defendants' counsel began working

8    with Plaintiffs to obtain gate clearances for Plaintiffs' experts and attorneys who would be

9    attending the tours.

10    7.    On October 12, 2007, Plaintiffs added another institution to the schedule.

11    Defendants met and conferred with Plaintiffs' counsel and agreed that Plaintiffs could tour this

12    fifth institution, so long as all expert touring occurred the week of October 29, 2007.

13    8.    During the meet and confer sessions on October, 15, 17, and 18, Defendants'

14    counsel informed Plaintiffs' counsel that they and their experts would not be permitted to

15    interview CDCR staff and inmates during these tours.

16    9.    On October 19, 2007, Plaintiffs served Defendants with Plaintiffs' Amended

17    Second Request for Inspection (Amended Request) in which Plaintiffs added six more prisons to

18    their initial expert touring request. Contrary to Plaintiffs' assertions, Defendants were unaware

19    of the six new institutions that were added to Plaintiffs' Amended Request. Defendants assert

20    that the inclusion of these six new institutions and the expanded "inspection" definition utilized

21    by Plaintiffs' in the Amended Request evidences bad faith by Plaintiffs in the meet and confer

22    process.

23    10.    On October 22, 2007, Plaintiffs' counsel for the first time informed Defendants'

24    counsel that they would request the Court to shorten the response time on discovery from thirty

25    to fifteen days. Defendants assert that this further evidences bad faith by Plaintiffs in the meet

26    and confer process.

27    11.    I have reviewed the declaration of Michael Bien and have identified the following

28    misstatements and inconsistencies:

Decl. of Charles J. Antonen

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1          a)    In Paragraph 3, Mr. Bien states that Defendants agreed that discovery was

2 "open" on August 15, 2007. This statement is not true; rather Defendants never agreed during

3 the meet and confer on August 15, 2007 that discovery was open.

4          b)    In Paragraph 8, Mr. Bien states that Defendants "communicated no objection

5 to this discovery to Plaintiffs." This statement is not true; rather Defendants informed Plaintiffs

6 via a conference call before the September 24, 2007 hearing that they believed the Plaintiffs'

7 Request for Production, Set One, was premature and that they would be bringing this issue up at

8 the September 24, 2007 hearing before the Three-Judge Panel.

9          c)    In Paragraph 9, Mr. Bien states that Defendants have "informed Plaintiffs'

10 counsel that they do not intend to produce any documents to Plaintiffs on or before October 25,

11 2007." This statement is not true; rather Defendants have repeatedly informed Plaintiffs that they

12 will be producing documents as quickly as possible but that Plaintiffs have requested a large

13 volume of discovery and that the parties should agree to a rolling production to ensure that

14 documents are produced in an expeditious and efficient manner.

15          d)    In Paragraphs 15-16, Mr. Bien makes various statements regarding the meet

16 and confer process regarding Plaintiffs' request to inspect various institutions. As explained in

17 paragraphs 6 through 9 in this declaration the statements made by Mr. Bien are not true.

18

19       I declare under the penalty of perjury under the laws of the State of California that the

20 foregoing is true and correct. Executed in San Francisco, California on October _23_, 2007.

21

22

23                  CHARLES J. ANTONEN

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

### Coleman v. Schwarzenegger - Case No 2:90-cv-00520 LKK JFM P

### Plata v. Schwarzenegger - Case No. C01-1351 TEH

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **October 23, 2007**, I served the attached

> **DECLARATION OF CHARLES J. ANTONEN IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

| | |
|---|---|
| **John Hagar**<br>**Law Office of John Hagar**<br>**PMB 314**<br>**1819 Polk Street**<br>**San Francisco, CA 94109**<br>(For Special Master) | **Robert Sillen**<br>**California Prison Receivership**<br>**1731 Technology Drive, Suite 700**<br>**San Jose, CA 95110** |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 23, 2007**, at San Francisco, California.

_____
J. Baker
Declarant

_____
Signature

Decl Antonen-Declaration of Service102307.wpd

1