| | |
|---|---|
| 1  EDMUND G. BROWN JR.<br>    Attorney General of the State of California<br>2  DAVID S. CHANEY<br>    Chief Assistant Attorney General<br>3  FRANCES T. GRUNDER<br>    Senior Assistant Attorney General<br>4  ROCHELLE C. EAST<br>    Supervising Deputy Attorney General<br>5  LISA A. TILLMAN, SBN 126424<br>    CHARLES J. ANTONEN, SBN 221207<br>6  SAMANTHA D. TAMA, SBN 240280<br>    Deputy Attorney General<br>7    455 Golden Gate Avenue, Suite 11000<br>      San Francisco, CA 94102-7004<br>8    Telephone: (415) 703-5708<br>      Fax: (415) 703-5843<br>9    Email: Samantha.Tama@doj.ca.gov<br>              Rochelle.East@doj.ca.gov<br>10             Charles.Antonen@doj.ca.gov | HANSON BRIDGETT MARCUS<br>VLAHOS & RUDY, LLP<br>JERROLD C. SCHAEFER - 39374<br>PAUL B. MELLO - 179775<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>jschaefer@hansonbridgett.com<br>pmello@hansonbridgett.com |

11  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                    Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                    Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                                    Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                    Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DECLARATIONS FILED IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTE** |

Defs.' Obj. to Pls.' Decls. Supp. Joint Statement re Disc. Dispute                           Case Nos. C 01-1351 & 2:90-cv-00520

1

Defendants object to the following portions of the declarations of Maria Morris, Greg Adam, and Michael Bien filed in support of the parties' joint statement regarding the discovery dispute:

## **OBJECTIONS TO DECLARATION OF MARIA MORRIS**

### **Objection No. 1**

**Testimony Objected To:**

Defendants object to paragraphs 2 through 17 of the Declaration of Maria Morris.

**Reason For Objection:**

This testimony is inadmissible because it is entirely irrelevant to the case at hand. In these paragraphs, Ms. Morris recounts discovery disputes in a different case, involving separate issues and facts. A discovery dispute in an unrelated lawsuit is in no way relevant to the proceedings at hand. Under Federal Rule of Evidence 402, evidence, such as that presented in Ms. Morris' declaration, is not admissible if it is not relevant.

This testimony must also be excluded under Federal Rule of Evidence 403. Even if this Court were to find the evidence in paragraphs 2 through 17 of Ms. Morris's declaration relevant, it should nonetheless be excluded because its probative value is substantially outweighed by its prejudicial effect. Inclusion of this evidence would constitute unfair prejudice to Defendants, and would also lead to undue delay and a waste of time.

This testimony is further inadmissible under Federal Rule of Evidence 404. To the extent Plaintiffs are attempting to introduce evidence of Defendants' alleged prior bad acts in an unrelated case, such evidence is inadmissible. This type of character evidence is improper; Plaintiffs may not use evidence of alleged prior bad acts "for the purpose of proving action in conformity therewith on a particular occasion." Because Plaintiffs are attempting to introduce into evidence that type of evidence which is expressly forbidden by Federal Rule of Evidence 404, paragraphs 2 through 17 of Ms. Morris's declaration are inadmissible.

/ / /

/ / /

Defs.' Obj. to Pls.' Decls. Supp. Joint Statement re Disc. Dispute       Case Nos. C 01-1351 & 2:90-cv-00520

2

## OBJECTIONS TO DECLARATION OF GREG ADAM

### Objection No. 2

**Testimony Objected To:**

"On October 22, 2007, my colleagues Natalie Leonard and Jennifer Stoughton met and conferred with the parties in this case via telephone to request that CCPOA be allowed to participate in any of Defendants' tours or Defendants' experts' tours of any correctional facilities conducted in furtherance of this litigation." (Adam Decl. at 2:13-16.)

**Reasons For Objection:**

This testimony is inadmissible hearsay. Mr. Adam was not present on the phone during the October 22, 2007 meet and confer telephone call between Plaintiffs' and Defendants' counsel, and cannot attest to statements made during the telephone call. Such statements, offered for the truth of what is asserted, are inadmissible under Federal Rule of Evidence 802.

Further, this testimony is inaccurate in that no "tours" are being conducted in the course of this litigation. Rather, Plaintiffs have sought to conduct "site inspections" under Federal Rule of Civil Procedure 34. Plaintiffs' counsel in both underlying class actions, *Plata* and *Coleman*, conduct ongoing tours at various California Department of Corrections and Rehabilitation (CDCR) institutions to ensure compliance with remedial efforts. These compliance tours are entirely unlike Rule 34 site inspections in that Rule 34 site inspections are much more limited in breadth and scope than compliance tours. As Rule 34 clearly states, site inspections are limited to "*inspection* and *measuring*, *surveying*, *photographing*, *testing*, or *sampling* the property or any designated object or operation thereon, within the scope of Rule 26(b)." Fed. R. Civ. P. 34. Defendants therefore object to Mr. Adam's use of the term "tour" throughout his entire declaration under Federal Rule of Evidence 403 in that "tour" is misleading and will cause confusion of the issues.

### Objection No. 3

**Testimony Objected To:**

"CCPOA's presence on the tours should actually facilitate and maximize communications with custody officers and other CCPOA members." (Adam Decl. at 2:20-22.)

Defs.' Obj. to Pls.' Decls. Supp. Joint Statement re Disc. Dispute     Case Nos. C 01-1351 & 2:90-cv-00520

3

1 **Reason For Objection:**

2     This testimony is inadmissible under Federal Rule of Evidence 602. This statement is
3 conclusory and lacks sufficient foundation. Mr. Adam offers no evidence to support his broad
4 contention that the presence of a union representative will "facilitate and maximize
5 communication" between its members and their counsel. A witness may not testify to a matter
6 unless evidence is introduced sufficient to support a finding that the witness has personal
7 knowledge of the matter. *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (citing Fed. R.
8 Evid. 602). While personal knowledge may include reasonable inferences, those inferences must
9 be "grounded in observation or other first-hand personal experience. They must not be flights of
10 fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience."
11 *Payne*, 337 F.3d at 772 (*quoting Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir.
12 1991). Mr. Adam's statement is not a reasonable inference grounded in either observation or
13 firsthand knowledge, and must therefore be excluded.

14 <u>**Objection No. 4**</u>

15 **Testimony Objected To:**

16     "In my experience, questioning by the employer can be intimidating for individual
17 employees. Representation in circumstances that could lead to disciplinary action is mandated
18 for public safety officers . . . Permitting CCPOA's counsel to observe Defendants' experts' tours
19 is the best way to ensure its members' interests are protected and to forestall future issues related
20 to any communications that occur during the tours." (Adam Decl. at 2:23-3:2.)

21 **Reason For Objection:**

22     This testimony is inadmissible under Federal Rule of Evidence 602. This statement is
23 conclusory and lacks sufficient foundation. Mr. Adam fails to establish why "questioning by the
24 employer can be intimidating for individual employees." Simply relying on his experience,
25 without even explaining what that experience is, is insufficient to establish foundation. As
26 discussed above, a witness may not testify to a matter unless evidence is introduced sufficient to
27 support a finding that the witness has personal knowledge of the matter. *Payne*, 337 F.3d at 772
28 (citing Fed. R. Evid. 602). Any inferences as to Mr. Adam's personal knowledge must be

1  "grounded in observation or other first-hand personal experience. They must not be flights of
2  fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience."
3  *Payne*, 337 F.3d at 772 (*quoting Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir.
4  1991). In the absence of any evidence demonstrating Mr. Adam's knowledge of the matters to
5  which he seeks to testify, his testimony must be ruled inadmissible.

6  Similarly, Mr. Adam's statements that "Representation in circumstances that could lead
7  to disciplinary action is mandated for public safety officers" and that "Permitting CCPOA's
8  counsel to observe Defendants' experts' tours is the best way to ensure its members' interests are
9  protected," are irrelevant to this instant proceeding. This proceeding relates to the delivery of
10 constitutionally adequate medical and mental health care, and not, as Mr. Adams suggests,
11 disciplinary action for public safety officers. Because this proceeding in no way threatens
12 disciplinary action for CCPOA's members, Mr. Adam's statement that a CCPOA representative
13 should be present during any defense experts' inspections is entirely irrelevant and far beyond
14 the scope of this proceeding. Further, Mr. Adam fails to explain how the presence of CCPOA's
15 counsel during any potential defense experts' site inspections would protect the interests of
16 CCPOA members. And as discussed previously, Defendants object to Mr. Adam's use of the
17 term "tour" rather than "inspection." Such misuse of the term "tour" is misleading and
18 implicates a broader scope than is permissible under the Federal Rules of Civil Procedure.
19 Because these statements are misleading and entirely irrelevant to this proceeding, these
20 statements are inadmissible under Federal Rules of Evidence 402 and 403.

21 **Objection No. 4**
22 **Testimony Objected To:**
23    "Also during that telephone call, Ms. Leonard and Ms. Stoughton requested that CCPOA
24 be allowed to attend all of Plaintiffs' tours of correctional facilities related to this litigation, and
25 that CCPOA be allowed to speak with personnel from the California Department of Corrections
26 and Rehabilitation ("CDCR") during the tours to the same extent requested in Plaintiffs'
27 discovery requests. Defendants did not object to CCPOA attending the tours, but Defendants did
28 object to CCPOA speaking to any CDCR employees during the tours."

**Reason For Objection:**

As discussed previously, this testimony is hearsay and is not admissible under Federal Rule of Evidence 802. Mr. Adam was not present at the October 22, 2007 telephonic meet and confer, and accordingly, may not testify as to matters that were relayed to him by parties who were present at the telephonic meet and confer. Mr. Adam's statements as to what Defendants' counsel said during the meet and confer, presumably as relayed to him by Ms. Leonard and Ms. Stoughton, is double hearsay. In the absence of any exceptions, this testimony is improper and inadmissible.

## OBJECTIONS TO DECLARATION OF MICHAEL BIEN

### Objection No. 5

**Testimony Objected To:**

"Prior to that date, Plaintiffs informally conferred with Defendants' counsel regarding a process to arrange for a limited number of expert tours. After the issuance of the October 10, 2007 Scheduling Order, which set the November 9, 2007 deadline for production of expert reports, scheduling for the tours accelerated. Through the subsequent meet and confer sessions during the week of October 15, 2007, Plaintiffs and Defendants negotiated dates, locations, and times for Plaintiffs' expert tours . . ." (Bien Decl. at 4:26-5:4.)

**Reason For Objection:**

This testimony is misleading, and is thus inadmissible under Federal Rule of Evidence 403. Mr. Bien misuses the term "tours;" no "tours" are being conducted in the course of this litigation. Rather, Plaintiffs have sought to conduct site inspections under Federal Rule of Civil Procedure 34. Plaintiffs' counsel in both underlying class actions, *Plata* and *Coleman*, conduct ongoing tours at various CDCR institutions to ensure compliance with remedial efforts. These compliance tours are entirely unlike Rule 34 site inspections in that Rule 34 site inspections are much more limited in breadth and scope than compliance tours. As Rule 34 clearly states, site inspections are limited to "*inspection* and *measuring*, *surveying*, *photographing*, *testing*, or *sampling* the property or any designated object or operation thereon, within the scope of Rule 26(b)." Fed. R. Civ. P. 34. Defendants therefore object to Mr. Bien's use of the term "tour"

Defs.' Obj. to Pls.' Decls. Supp. Joint Statement re Disc. Dispute                Case Nos. C 01-1351 & 2:90-cv-00520

6

1  throughout his entire declaration under Federal Rule of Evidence 403 in that "tour" is misleading
2  and will cause confusion of the issues.

3  **Objection No. 6**

4  **Testimony Objected To:**

5  "In each of these cases, Plaintiffs' experts and Plaintiffs' counsel have been permitted to
6  speak with Defendants' employees and officials, in the presence of defense counsel." (Bien
7  Decl. at 6:6-8.)

8  **Reason For Objection:**

9  This testimony is irrelevant, and thus inadmissible, under Federal Rule of Evidence 402.
10 Mr. Bien's experiences in regard to touring during the remedial phase of several class actions is
11 entirely unrelated to the site inspections that Plaintiffs' counsel requested in this proceeding.
12 The ongoing monitoring tours referenced by Mr. Bien are conducted to ensure compliance with
13 remedial efforts in the underlying class action. These tours were agreed upon by both parties in
14 accordance with a stipulated injunction. These tours in no way relate to the site inspections
15 requested by Plaintiffs in this proceeding. Site inspections, unlike the monitoring tours, must be
16 conducted in accordance with Federal Rule of Civil Procedure 34, and are much more limited in
17 breadth and scope. As Rule 34 clearly states, site inspections are limited to "*inspection* and
18 *measuring*, *surveying*, *photographing*, *testing*, or *sampling* the property or any designated object
19 or operation thereon, within the scope of Rule 26(b)." Fed. R. Civ. P. 34. Thus, any reference
20 by Mr. Bien to his previous (and currently ongoing) experiences with monitoring tours in
21 *Coleman*, as well as other unrelated class action lawsuits, is entirely irrelevant to this proceeding.
22 This irrelevant testimony is inadmissible under Federal Rule of Evidence 402.

23 This testimony must also be excluded under Federal Rule of Evidence 403. Even if this
24 Court were to find the evidence relevant, it should nonetheless be excluded because its probative
25 value is substantially outweighed by its prejudicial effect. Inclusion of this evidence would lead
26 to confusion of this issues, as is protected against by Rule 403.

27 / / /
28 / / /

## Objection No. 7

**Testimony Objected To:**

"Nor is it clear that Plaintiffs would ever obtain the same quality of information about the prison's actual operations and procedures than would be provided by simple interviews of staff where they perform their jobs." (Bien Decl. at 6:28-7:2.)

**Reason For Objection:**

This testimony is inadmissible under Federal Rule of Evidence 602. This statement is conclusory and lacks sufficient foundation. Mr. Bien offers no evidence to support his broad contention that Plaintiffs would be unable to obtain "the same quality of information" by observation as they would by interviews with staff. This statement is pure speculation by Plaintiffs' counsel, unsupported by evidence. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *Payne*, 337 F.3d at 772(citing Fed. R. Evid. 602). While personal knowledge may include reasonable inferences, those inferences must be "grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Payne*, 337 F.3d at 772 (*quoting Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991). Mr. Bien's statement is not a reasonable inference grounded in either observation or firsthand knowledge and must therefore be excluded.

## Objection No. 8

**Testimony Objected To:**

Paragraphs 20 through 22, from page 7, line 12 through page 8 line 6.

**Reason For Objection:**

This testimony is irrelevant, and thus inadmissible, under Federal Rule of Evidence 402. Mr. Bien's experiences in regard to speaking with CDCR employees during previous tours conducted during the remedial phases of several class actions is entirely unrelated to the site inspections that Plaintiffs' counsel requested in this proceeding. The ongoing monitoring tours referenced by Mr. Bien are conducted to ensure compliance with remedial efforts in the

1 underlying class action. These tours were agreed upon by both parties in accordance with a
2 stipulated injunction. These tours, and the fact that Plaintiffs' counsel are permitted to speak
3 with CDCR during these tours, in no way relate to the inspections requested by Plaintiffs in this
4 proceeding. Site inspections, unlike the monitoring tours, must be conducted in accordance with
5 Federal Rule of Civil Procedure 34, and are much more limited in breadth and scope. As Rule
6 34 clearly states, site inspections are limited to "*inspection* and *measuring*, *surveying*,
7 *photographing*, *testing*, or *sampling* the property or any designated object or operation thereon,
8 within the scope of Rule 26(b)." Fed. R. Civ. P. 34. Thus, any reference by Mr. Bien to his
9 previous (and currently ongoing) experiences with monitoring tours in *Coleman*, as well as other
10 unrelated class action lawsuits, is entirely irrelevant to this proceeding. This irrelevant testimony
11 is inadmissible under Federal Rule of Evidence 402.

12     This testimony must also be excluded under Federal Rule of Evidence 403. Even if this
13 Court were to find the evidence relevant, it should nonetheless be excluded because its probative
14 value is substantially outweighed by its prejudicial effect. Inclusion of this evidence would lead
15 to confusion of this issues, as is protected against by Rule 403.

17 Dated: October 24, 2007            HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

20                 By:    /s/ Paul B. Mello
                               Paul B. Mello
21                                Attorneys for Defendants

23 Dated: October 24, 2007            EDMUND G. BROWN JR.
                               Attorney General of the State of California

25                 By:    /s/ Samantha D. Tama
26                                Samantha D. Tama
                               Attorneys for Defendants

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:   **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 25, 2007, I served the attached

### DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DECLARATIONS FILED IN SUPPORT OF JOINT STATEMENT REGARDING DISCOVERY DISPUTE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**John Hagar**
Judge's Reading Room
450 Golden Gate Ave 18th Floor Law Library
San Francisco, CA 94102

**Robert Sillen**
California Prison Receivership
1731 Technology Drive, Suite 700
San Jose, CA 95110

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 24, 2007, at San Francisco, California.

|  |  |
|---|---|
| Samantha D. Tama | /s/ Samantha D. Tama |
| Declarant | Signature |

20110901.wpd