FUTTERMAN & DUPREE LLP
MARTIN H. DODD (104363)
160 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
martin@dfdlaw.com

*Attorneys for Receiver*
Robert Sillen

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATE DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., *Plaintiffs,* v. ARNOLD SCHWARZENEGGER, et al., *Defendants.* | Case No. CIV S-90-0520 LKK JFM P <br><br> **THREE JUDGE COURT** |
| MARCIANO PLATA, et al., *Plaintiffs,* v. ARNOLD SCHWARZENEGGER, et al., *Defendants.* | Case No. C01-1351 TEH <br><br> **THREE JUDGE COURT** <br><br> **RECEIVER'S OBJECTION TO PROPOSED ORDER SUBMITTED BY PLAINTIFF'S IN CONNECTION WITH JOINT DISCOVERY DISPUTE** <br><br> Date: October 25, 2007 <br> Time: 11:00 a.m. <br> Place: Courtroom 26 <br> Judge: Hon. John F. Moulds, Magistrate Judge |

1

At approximately 7:40 p.m. on October 24, 2007, counsel for plaintiffs sent counsel for the Receiver an e-mail to that stated in pertinent part:

> I am writing to let you know that we have included two items in the proposed order regarding discovery disputes that involve the Receiver. . . . .
>
> Here are the two proposed orders that affect the Receiver:
>
> 1. Defendants and the Receiver shall permit Plaintiffs' experts and Plaintiffs' counsel to speak with and interview CDCR employees, in the presence of defense counsel, during the course of Plaintiffs' Rule 34 tours of the prisons.
>
> 2. Defendants and the Receiver shall permit Plaintiffs' experts and Plaintiffs' counsel to speak with and interview the prison's Warden, Associate Warden for Health Care and the prison's highest ranking medical and mental health officers for approximately thirty to sixty minutes, preferably at the beginning of the inspection.

Exhibit A to the Declaration of Martin H. Dodd filed herewith.

Until that e-mail – which Receiver's counsel first saw at 8:40 a.m. on October 25, 2007 – the Receiver has not participated in or even had any reason to participate in the discovery disputes between plaintiffs and defendants. Counsel for the Receiver, who is in San Francisco, and has other commitments at the time of the hearing of this matter cannot attend the hearing and so informed plaintiffs' counsel. The Receiver therefore objects to entry of the proposed order because the Receiver has not been given adequate notice or opportunity to be heard regarding the proposed Order.

The background to this last minute ploy by plaintiffs' counsel is as follows. The Receiver is not a party to the 3-judge panel proceeding and has not participated in any of the discussions about discovery between plaintiffs and defendants, other than to underscore that the Receiver expected to be formally served as a third party if either party wished to undertake discovery on the Receiver. The Receiver has not participated, therefore, in the discussions leading to the hearing to be held this morning.

On or about October 2, 2007, Plaintiffs served defendants with an inspection demand to be permitted to inspect four prisons. The Receiver was not served with that inspection demand and only received it later from defense counsel. The Receiver informed plaintiffs' counsel that the Receiver would permit inspections of medical areas at the prisons and/or interviews with medical personnel only if a Receiver's representative were present. Plaintiffs' counsel agreed and the

and the Receiver arranged for a representative to be present at the four prisons.

On October 19, 2007, plaintiffs served an "Amended Second Request For Inspection," which the Receiver received on or about October 22, 2007. That demand for inspection covered 10 prisons. Certain of the inspections were identified as only applicable to *Plata*, some only applicable to *Coleman* and some applicable to both *Plata* and *Coleman*. Although it created something of an inconvenience, the Receiver arranged to have a representative at each inspection that was applicable in whole or in part to *Plata*. The Receiver did not intend to send a representative to inspections identified as only applicable to *Coleman* since, presumably, those inspections would not involve medical care. Indeed, at a meeting in Sacramento on October 22, Don Specter, lead counsel for plaintiffs, indicated that it was only necessary for the Receiver's representative to be present at inspections involving *Plata*. On October 24, in the course of e-mail communications between the parties it appeared to counsel for the Receiver that – notwithstanding the identification of certain inspections as *Coleman* only – plaintiffs intended to speak with medical personnel during such inspections.

Counsel for the Receiver immediately called counsel for plaintiffs to discuss the matter and made two things clear: 1) it might not be possible for the Receiver to arrange for a representative to be present at inspections labeled *Coleman* only and, therefore, without further authorization from the Receiver, no interviews with medical personnel would be permitted at those institutions; and, 2) at inspections involving *Plata* in whole or in part, if plaintiffs' experts split up, they were not to speak with medical personnel without a Receiver's representative present. Counsel for the Receiver agreed to determine if a Receiver's representative could be present at the *Coleman* only inspections. That was how discussions between counsel for the Receiver and counsel for plaintiffs stood until counsel for plaintiffs unilaterally decided to seek the proposed order affecting the Receiver.

Plaintiffs' proposed order not only was submitted to the Court without proper notice to the Receiver, the proposed order gives plaintiffs' counsel and experts the right to interview anyone at any time during the inspections, ***without*** the presence of the Receiver's representative – despite the agreement that the Receiver had previously reached with plaintiffs' counsel. In other words,

1  other words, plaintiffs have endeavored to renege completely on the original arrangement. The
2  Receiver therefore strenuously objects to the entry of any order affecting him unless and until he
3  has had adequate opportunity to be heard with respect to this matter.

4
5                                                              FUTTERMAN & DUPREE LLP

6  Dated:  October 25, 2007                    By:_____/s/_____
7                                                              Martin H. Dodd
                                                                  Attorneys for Receiver Robert Sillen