FUTTERMAN & DUPREE LLP
MARTIN H. DODD (104363)
160 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
martin@dfdlaw.com

*Attorneys for Receiver*
Robert Sillen

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATE DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>*Plaintiffs,*<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>*Defendants.* | Case No. CIV S-90-0520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>*Defendants.* | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DECLARATION OF MARTIN H. DODD I SUPPORT OF RECEIVER'S OBJECTION TO PROPOSED ORDER SUBMITTED BY PLAINTIFF'S IN CONNECTION WITH JOINT DISCOVERY DISPUTE**<br><br>Date: October 25, 2007<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Hon. John F. Moulds, Magistrate Judge |

I, Martin H. Dodd, declare as follows:

I am an attorney licensed to practice before all the courts of the State of California and before this Court and am a partner in the law firm of Futterman & Dupree LLP, attorneys for Receiver Robert Sillen. The facts set forth herein are based on my personal knowledge and I could competently testify thereto.

At approximately 7:40 p.m. on October 24, 2007, Amy Whelan, counsel for plaintiffs, sent me the e-mail, a true and correct copy of which is attached hereto as Exhibit A. The e-mail states in pertinent part:

> I am writing to let you know that we have included two items in the proposed order regarding discovery disputes that involve the Receiver. . . . .
>
> Here are the two proposed orders that affect the Receiver:
>
> 1. Defendants and the Receiver shall permit Plaintiffs' experts and Plaintiffs' counsel to speak with and interview CDCR employees, in the presence of defense counsel, during the course of Plaintiffs' Rule 34 tours of the prisons.
>
> 2. Defendants and the Receiver shall permit Plaintiffs' experts and Plaintiffs' counsel to speak with and interview the prison's Warden, Associate Warden for Health Care and the prison's highest ranking medical and mental health officers for approximately thirty to sixty minutes, preferably at the beginning of the inspection.

Until that e-mail – which I first saw at 8:40 a.m. on October 25, 2007 – the Receiver has not participated in nor even had any reason to participate in the discovery disputes between plaintiffs and defendants.

My office is in San Francisco, and I have other commitments at the time of the hearing of this matter and therefore cannot attend the hearing in person. I so informed Ms. Whelan.

The pertinent background to this last minute dispute is as follows. The Receiver is not a party to the 3-judge panel proceeding and has not participated in any of the discussions about discovery between plaintiffs and defendants, other than to underscore that the Receiver expected to be formally served as a third party if either party wished to undertake discovery on the Receiver. The Receiver has not participated, therefore, in the discussions leading to the hearing to be held this morning.

FUTTERMAN &
DUPREE LLP

2
DECLARATION OF MARTIN H.. DODD IN SUPPORT OF RECEIVER'S OBJECTION TO PROPOSED ORDER
CIV S 90-0520 LKK-JFM, C01-1351 TEH

On or about October 2, 2007, plaintiffs served defendants with an inspection demand to be permitted to inspect four prisons. The Receiver was not served with that inspection demand and only received it later from defense counsel. On behalf of the Receiver, I informed plaintiffs' counsel that the Receiver would permit inspections of medical areas at the prisons and/or interviews with medical personnel only if a Receiver's representative were present. Plaintiffs' counsel agreed and the Receiver arranged for a representative to be present at the four prisons.

On October 19, 2007, plaintiffs served an "Amended Second Request For Inspection," which the Receiver received on or about October 22, 2007. That demand for inspection covered 10 prisons. Certain of the inspections were identified as only applicable to *Plata*, some only applicable to *Coleman* and some applicable to both *Plata* and *Coleman*. Although it created something of an inconvenience, the Receiver arranged to have a representative at each inspection that was applicable in whole or in part to *Plata*. The Receiver did not intend to send a representative to inspections identified as only applicable to *Coleman* since, presumably, those inspections would not involve medical care. Indeed, at a meeting in Sacramento on October 22, that I attended, Don Specter, lead counsel for plaintiffs, indicated that it was only necessary for the Receiver's representative to be present at inspections involving *Plata*.

On October 24, in the course of e-mail communications between the parties I learned for the first time that – notwithstanding the identification of certain inspections as *Coleman* only – plaintiffs might wish to speak with medical personnel during such inspections.

I immediately communicated with Ms. Whelan regarding this matter and made two things clear: 1) it might not be possible for the Receiver to arrange for a representative to be present at inspections labeled *Coleman* only and, therefore, without further authorization from the Receiver, no interviews with medical personnel would be permitted at those institutions; and, 2) at inspections involving *Plata* in whole or in part, if plaintiffs' experts split up, they were not to speak with medical personnel without a Receiver's representative present. I agreed to determine if a Receiver's representative could be present at the *Coleman* only inspections and am trying to do

1  do so. That was how discussions between counsel for the Receiver and counsel for plaintiffs stood
2  until counsel for plaintiffs unilaterally decided to seek the proposed order affecting the Receiver.

4  Plaintiffs' proposed order not only was submitted to the Court without proper notice to the Receiver, the proposed order gives plaintiffs' counsel and experts the right to interview anyone at any time during the inspections, *without* the presence of the Receiver's representative – despite the agreement that the Receiver had previously reached with plaintiffs' counsel. In other words, plaintiffs have endeavored to renege completely on the original arrangement. The Receiver therefore strenuously objects to the entry of any order affecting him unless and until he has had adequate opportunity to be heard with respect to this matter.

11  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 25, 2007

_____/s/_____
Martin H. Dodd

FUTTERMAN &
DUPREE LLP

4
DECLARATION OF MARTIN H.. DODD IN SUPPORT OF RECEIVER'S OBJECTION TO PROPOSED ORDER
CIV S 90-0520 LKK-JFM, C01-1351 TEH

# EXHIBIT A

## Dodd, Martin

**From:** Amy Whelan [AWhelan@RBG-Law.com]
**Sent:** Wednesday, October 24, 2007 7:37 PM
**To:** Dodd, Martin; Alison Hardy; Donald Specter; Michael W. Bien
**Cc:** Coleman Team - RBG Only
**Subject:** RE: Prison inspections

Martin,
Thank you for discussing the upcoming Coleman / Plata tours with me earlier. I am writing to let you know that we have included two items in the proposed order regarding discovery disputes that involve the Receiver. They are copied at the end of this email. We will raise these issues during the hearing tomorrow, which I hope you can attend. If you cannot, I will inform the Court that the Receiver objects to any questioning of medical staff outside the presence of a representative from his office. You mentioned during our call earlier that you would investigate whether another staff member could attend some tours on the Receiver's behalf. If someone is available to attend the tours in separate locations, we will agree NOT to interview any medical staff in the absence of a Receiver representative during joint tours (e.g. if the experts split up). If this is acceptable to the Receiver, we no longer have any conflict.

Here are the two proposed orders that affect the Receiver:

1.   Defendants and the Receiver shall permit Plaintiffs' experts and Plaintiffs' counsel to speak with and interview CDCR employees, in the presence of defense counsel, during the course of Plaintiffs' Rule 34 tours of the prisons.

2.   Defendants and the Receiver shall permit Plaintiffs' experts and Plaintiffs' counsel to speak with and interview the prison's Warden, Associate Warden for Health Care and the prison's highest ranking medical and mental health officers for approximately thirty to sixty minutes, preferably at the beginning of the inspection.

Sincerely,

Amy Whelan, Esq.
ROSEN, BIEN & GALVAN LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: 415/433-6830
Fax: 415/433-7104
awhelan@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>
IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Dodd, Martin [mailto:Martin@dfdlaw.com]
**Sent:** Wednesday, October 24, 2007 2:03 PM
**To:** Amy Whelan; Alison Hardy; Donald Specter; Michael W. Bien
**Cc:** Coleman Team - RBG Only

**Subject:** RE: Prison inspections
**Importance:** High

Do you mean to say that you intend to speak to medical personnel at each prison, i.e., even those prisons which were identified as Coleman inspections only? If so, that is a new twist on all this. We had intended to send a Receiver's representative only to those prisons identified as being inspected in Plata. Please clarify immediately as this will have an impact on whether we will be able to cooperate with the inspections. As I made clear previously, we have no objection to your interviewing medical personnel, **if** the interviews are conducted in the presence of a Receiver's representative.

Martin H. Dodd
Futterman & Dupree LLP
160 Sansome Street, 17th Floor
San Francisco, CA 94104
martin@dfdlaw.com
415/399-3841 | fax: 415/399-3838
*******************************

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged by law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail.

To the extent that this email or its attachments concern federal tax issues, under Internal Revenue Service Treasury Regulations, we are required to inform you that any advice contained in this email or any attachment thereto is not intended or written to be used, and cannot be used, to avoid penalties under the Internal Revenue Code. Thank you.

---

**From:** Amy Whelan [mailto:AWhelan@RBG-Law.com]
**Sent:** Wednesday, October 24, 2007 1:50 PM
**To:** Dodd, Martin; Alison Hardy; Donald Specter; Michael W. Bien
**Cc:** Coleman Team - RBG Only
**Subject:** RE: Prison inspections

Mr. Dodd,
Attached are copies of the *Coleman* tour notice as well as the list of class members, by institution, for whom we request interviews and file reviews. Alison Hardy will be sending the Plata list separately. We have asked to speak with medical and other staff during each of the tours. Please let me know if you need any other information.

Sincerely,

Amy Whelan, Esq.
ROSEN, BIEN & GALVAN LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: 415/433-6830
Fax: 415/433-7104
awhelan@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>
IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding

penalties under United States federal tax laws.

---

**From:** Dodd, Martin [mailto:Martin@dfdlaw.com]
**Sent:** Wednesday, October 24, 2007 1:20 PM
**To:** Alison Hardy; Donald Specter; Michael W. Bien
**Subject:** Prison inspections

Alison, Don and Michael:

There are several small issues regarding the prison inspections as to which I would appreciate some information. (1) Please let us know which experts will be going to which prisons insofar as *Plata* is concerned. We want to allocate our resources correctly. (2) I note that the defendants have interposed objections to the inspections. Please keep me apprised if any or all of the inspections are delayed for any reason. (3) I did not discuss with anyone your request to inspect medical records as part of the inspections. I am concerned about the burden on local medical staff, among other things, that such requests may cause. Would you give us a list of the inmates at each prison whose records you believe you may wish to view? This will give us an opportunity to determine whether we have any objections to the inspection of the records and/or to assist in making the inspections, including any record review, go more smoothly and efficiently. Thanks in advance for your cooperation.

Martin H. Dodd
Futterman & Dupree LLP
160 Sansome Street, 17th Floor
San Francisco, CA 94104
martin@dfdlaw.com
415/399-3841 | fax: 415/399-3838
*******************************

NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged by law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail.

To the extent that this email or its attachments concern federal tax issues, under Internal Revenue Service Treasury Regulations, we are required to inform you that any advice contained in this email or any attachment thereto is not intended or written to be used, and cannot be used, to avoid penalties under the Internal Revenue Code. Thank you.