PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　vs.<br>　　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT INTERVENORS' MOTION FOR RECONSIDERATION** |

**ARGUMENT**

**THE MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE ALL OF DEFENDANT INTERVENORS' INTERESTS CAN BE SATISFIED IN PHASE II OF THIS PROCEEDING**

In its October 10, 2007 Order, this Court bifurcated the proceeding into two phases. The Court limited Phase I to whether overcrowding is the primary cause of the constitutional violations and whether orders other than a prisoner release order would be an effective remedy. October 10 Order at 3. If the Court decides these two conditions have been satisfied, it will conduct proceedings in Phase II to determine if a prisoner release order should issue and the nature and terms of any such order. *Id*.

In that same Order, the Court limited the Defendant Intervenors' active participation to Phase II. *Id*. at 5. In their Motion for Reconsideration Defendant Intervenors assert that they have a statutory right to participate fully in both phases of the proceeding, but fail to show that they have *any* probative evidence to present in Phase I. This omission confirms the wisdom of the Court's decision to bifurcate the proceedings and limit their active participation to the remedial phase of the proceeding.

Defendant Intervenors state that their real interest lies in presenting evidence of the impact that a prisoner release order would have on public safety and in presenting evidence of alternatives to a prisoner release order. Mtn. For Reconsideration at 15 fn. 5, 17. They request that the Court limit Phase I to the primary cause issue and argue that the question of whether other relief will remedy the violations should be part of Phase II. The Court should deny their request for reconsideration because the October 10 Order already permits Defendant Intervenors in Phase II to challenge Plaintiffs' request for a prisoner release order based on its

impact on public safety and the existence of other less intrusive alternatives. *Id*. at 4 (Phase II will "consider the effects of such an order on public safety, as well as whether such an order is narrowly drawn, extends no further than necessary, and is the least intrusive means necessary to correct the violation of the Federal right.").

Defendant Intervenors apparently intend to offer evidence about three different programs: (1) preparing non-violent offenders for re-entry pursuant to Senate Bill 618, (2) re-entry facilities created by Assembly Bill 900, and (3) enhanced probation services. Mtn. for Reconsideration at 17-22. The intent of all of these programs is to reduce recidivism. See *Id*. at 17 (San Diego program designed to reduce the "unacceptable rate of recidivism"), 20 (AB 900 re-entry facilities are "designed to improve public safety by reducing recidivism"), 21 (enhanced probation services "can result in a significant reduction in recidivism"). Apparently, Defendant Intervenors will argue that a reduction in recidivism will result in a substantial reduction in the prison population, making an order limiting the prison population unnecessary. Since that is the domain of Phase II, Defendant Intervenors will not suffer any prejudice from the bifurcated proceedings as they are presently constituted. October 10 Order at 4.

Phase I is limited to the primary cause issue and whether orders other than a prisoner release order would remedy the constitutional violations. See October 10 Order at 3. Such orders would include, for example, relief designed to increase health care staffing or clinical facilities. Since the alternatives mentioned by Defendant Intervenors are aimed at reducing the population, they are not relevant to the issues in Phase I. The Court need only consider that evidence if it finds that crowding is the primary cause of the constitutional violation and other orders that do not reduce the population will be effective.

# CONCLUSION

For the reasons noted above, the Court should deny Defendant Intervenors' Motion for Reconsideration.

Dated: October 27, 2007

                                            Respectfully submitted,

                                            PRISON LAW OFFICE
                                            ROSEN, BIEN & GALVAN

By    /s/_____
       Donald Specter

Attorneys for Plaintiffs