EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 327-7872
  Fax:  (916) 324-5205
  Email:  Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO SPECIAL MASTER KEATING'S REPORT ON SUICIDES COMPLETED IN THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION IN CALENDAR YEAR 2005** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

Defendants  hereby respond to the Special Master's Report on Suicides Completed in the California Department of Corrections and Rehabilitation in Calendar Year 2005 (the Report).

**Defendants' Responses and Objections to Report**:

Page 1, last paragraph: The Report states, in relevant part, "Unlike in previous years, Defendants excluded from its count two suicides of CDCR inmates who were housed in DMH facilities at the times of the deaths."  Because Defendants have never included suicides within DMH facilities in their count, Defendants respectfully request this sentence be withdrawn.

Defendants' Objections to Suicide Report

Page 2, paragraph 4 ("Foreseeable"): The Report states suicide precautions or suicide watch is warranted. Defendants respectfully object and state that suicide watch is not, under Revised Program Guide standards, warranted for a moderate suicide risk. Defendants respectfully request this sentence be revised to reflect Program Guide standards.

Page 4, paragraph 2: The Report indicates all five deaths were reclassified from suicide to accidental. Defendants respectfully object and state that the sentence should read that both Defendants and the coroners determined all five deaths were not suicides or the manner of death could not be determined.

Page 5, paragraph 5: The Report states that all five deaths should have been subject to further review under the CDCR Suicide Prevention and Response Focus Improvement Team. Defendants respectfully object and state full case review was provided to all but one of the five deaths (as more specifically stated in the case review responses below).

Page 9, bottom paragraph: The Report states the overall 2005 population of CDCR inmates of 164, 179 includes two inmate housed at the Department of Mental Health.

**Defendants' Objections and Responses to Case Review Comments:**

Page 3, paragraph 4: The Report states, "The suicide report makes reference to the inmate not having left a suicide note, which is in contrast to the coroner's report which indicates that there was a note found in the cell." Defendants respectfully request this statement be amended to indicate that the institution reported that there was no suicide note. Upon receiving the coroner's report, Defendants learned that a paper bag with some writing on it had been taken into evidence by the Coroner's investigator. It remains undetermined whether the writing on the bag was actually a suicide note, and so no addendum to the Defendants' suicide report was made.

Page 5, paragraph 1: The Report states, "Based on the above reasons, this inmate's death does not appear to have been foreseeable ... but it is highly likely to have been preventable..." Defendants respectfully request the words "highly likely" be removed and the words "may have been preventable" be inserted because the nurse believed this inmate would not benefit from cardiopulmonary resuscitation.

Defendants' Objections to Suicide Report

2

1        Page 7, paragraph 2: The Report stated an autopsy report was filed by Wasco County

2    Coroner's Office.  Defendants respectfully state the report should indicate Washoe County.

3        Page 31, paragraph 1:  The Report states that no response from North Kern State Prison

4    was provided in the documents received.  Defendants respectfully request this statement be

5    withdrawn.  A response was provided to Special Master Keating in August 2006.  The response

6    was in a table reporting on the status of investigations for suicides, including this investigation.

7    The information provided was: "Investigation by OIA completed 1/3/06  Closed 2/2/06 To Hiring

8    Authority for action 2/8/06 Five individuals."

9        Page 34, paragraph 4: The Report indicates Caines's county.  Defendants respectfully

10   state the report should indicate King's County.

11       Page 36, paragraph 3: The Report indicates, "There was no response from DCHSC or

12   SPR-FIT included in the documents reviewed in response to the system recommendations of the

13   suicide report.  Defendants respectfully request this statement be withdrawn because a Corrective

14   Action Plan response was sent in March 2006.

15       Page 50, paragraph 1: The Report states, "There were no further responses from HQ

16   regarding completion of training and the investigation regarding  the custody officer."

17   Defendants respectfully request this statement be withdrawn because their investigation status

18   report to Special Master Keating in November 2006 indicated that the Office of Internal Affairs'

19   investigation was completed and adverse action undertaken.

20       Page 78, paragraph 1: The Report states the QIP was submitted by staff at CSP/LAC.

21   Defendants respectfully request this typographical error be corrected and the report indicate CSP

22   SAC.

23       Page 93, paragraph 4: The Report states the suicide report does not identify the failure to

24   perform the SRAC.  Defendants respectfully state that the SRAC per se has not been adopted by

25   the Department of Mental Health.

26       Page 110, subparagraph 2: The Report states there was "no other documentation

27   regarding the QIP or the CDCR Central Office's response to this plan."  Defendants request

28   this statement be withdrawn because the Corrective Action Plan was completed and submitted on

Defendants' Objections to Suicide Report

1   April 4, 2007.  Defendants respectfully request assistance in coordinating any medical

2   management issues arising from suicide investigations and CAPs with the Office of the Receiver.

3       Page 116, paragraph 5 (last sentence): The report indicates no further information was

4   provided.  Defendants respectfully request this statement be withdrawn because information

5   concerning the decision-making processes by the MTA and medical staff at Pelican

6   Bay State Prison was submitted to the Special Master on December 14, 2006.

7       Page 128, paragraph 1, sub-bullet point 1: The Report states that investigations are still

8   pending regarding problems 2 and 3.  Defendants respectfully request this statement be

9   withdrawn because the investigation was completed and sent to Special Master Keating, as

10  reported in the table sent on November 2006.

11      Page 148, paragraph 1 (top of page): The Report indicates no SRAC was completed by

12  the staff of CSP Solano or DMH.   Defendants respectfully state that DMH does not use and has

13  not committed to use the CDCR form known as the SRAC.

14      Page 150, paragraph 4: The Report states that this inmate's death was initially reported as

15  a suicide and subsequently determined by the CDCR as being accidental.  Defendants

16  respectfully request the Report state that the notification letter indicated that this was a reportable

17  death, and that the Special Master would be informed if Defendants determined the need for a

18  suicide review. The coroner found the death was most likely "undetermined."

19      Page 154, paragraph 4: The Report states the reclassification of the death as an "accident"

20  did not appear warranted.  Defendants respectfully request the Report state that the coroner was

21  not able to classify the death with certainty.  Defendants request the Report further state that

22  Defendants conducted an extensive review, with a Corrective Action plan, and found, consistent

23  with the coroner's report, that the inmate did not have the intention to die.

24      Page 154, paragraph 4: The Report states that there are similarities in this inmate's

25  death to the death of another inmate which was also determined to be a suicide.  Defendants

26  object to this finding and conclusion and request it be withdrawn on the basis of lack of

27  foundation.  Defendants assert that the other inmate had a clear and demonstrated intention to die

28  while the subject inmate attempted to draw a nurse's attention to his plight.

1         Page 159, paragraph 2: The Report states the death should not have been reclassified

2    as accidental.  Defendants respectfully request this finding and conclusion be withdrawn.

3    Defendants request the Report find that the photos of the body indicates that the inmate may have

4    been struggling to remove the objects from his face, but was unable to do so.  The reviewer

5    found that this inmate slept in the same position, in the same location in his cell, with the same

6    "wrappings" around his head each and every night, and that there were no changes in his

7    behavior nor any other evidence of acute suicidal behavior or intention at the time of his death.

8    The  reviewer's finding is consistent with the coroner's report.

9         Page 160, paragraph 1 (top of page): The Report states a CDCR Death Report was

10   distributed.  Defendants note that the term CDCR Death Report references the suicide report.

11        Page 166, paragraph 1: The Report states a "more comprehensive review by SPR-FIT

12   would seem to be appropriate."  Defendants respectfully request this finding and conclusion be

13   withdrawn.  Defendants explain that mental health death reviews and suicide reviews are

14   equivalent reviews, with corrective actions submitted on the findings of both reports.  In light of

15   the equivalent nature of these reports, Defendants request that this Report  find that any further

16   review would not likely result in revealing any new problems or result in any new corrective

17   action.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Defendants' Objections to Suicide Report

1    Page: 169, paragraph 1: The Report states that finding this death to be an accident is

2    inexplicable.  Defendants respectfully request this statement be withdrawn.  Defendants state that

3    the evidence does not support any nexus between this inmate's ability to hoard medications and

4    the alleged failure to provide direct observed administration of the medication.  Further, the

5    inmate's severely psychotic state precludes any reviewing person from accurately determining

6    whether the inmate truly intended to commit suicide by these acts.

7        Dated:  October 29, 2007

8                    Respectfully submitted,

9                    EDMUND G. BROWN JR.
                     Attorney General of the State of California

10                   DAVID S. CHANEY
                     Chief Assistant Attorney General
11
                     FRANCES T. GRUNDER
12                   Senior Assistant Attorney General

                     ROCHELLE C. EAST
13                   Supervising Deputy Attorney General

14

15                   */s/ Lisa A. Tillman*

16
                     LISA A. TILLMAN
17                   Deputy Attorney General
                     Attorneys for Defendants
18

19   Defendants' Objections to Suicide Report.wpd
     CF1997CS0003
20

21

22

23

24

25

26

27

28

Defendants' Objections to Suicide Report