1  STEVEN S. KAUFHOLD (SBN 157195)
   skaufhold@akingump.com
2  CHAD A. STEGEMAN (SBN 225745)
   cstegeman@akingump.com
3  Akin Gump Strauss Hauer & Feld LLP
   580 California, 15th Floor
4  San Francisco, California 94104-1036
   Telephone:    415-765-9500
5  Facsimile:    415-765-9501

6  Attorneys for Assembly Republican Intervenors:
   California Assemblymembers Todd Spitzer, Chairman,
7  Assembly Select Committee on Prison Construction and
   Operations, Michael N. Villines, Assembly Republican
8  Leader, Anthony Adams, Greg Aghazarian, Joel
   Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee,
9  Paul Cook, Chuck DeVore, Michael D. Duvall, Bill
   Emmerson, Jean Fuller, Ted Gaines, Martin Garrick,
10 Shirley Horton, Guy S. Houston, Bob Huff, Kevin
   Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan
11 Nakanishi, Roger Niello, George A. Plescia, Sharon
   Runner, Jim Silva, Cameron Smyth, Audra Strickland,
12 Van Tran and Mimi Walters

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants | Case No. S-90-0520-LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | Case No. C 01-1351 TEH<br><br>**INTERVENTION PLEADING** |
| CALIFORNIA STATE ASSEMBLYMEMBERS TODD SPITZER, CHAIRMAN, ASSEMBLY SELECT COMMITTEE ON PRISON | |

CONSTRUCTION AND OPERATIONS, MICHAEL N. VILLINES, ASSEMBLY REPUBLICAN LEADER, ANTHONY ADAMS, GREG AGHAZARIAN, JOES ANDERSON, JOHN J. BENOIT, TOM BERRYHILL, SAM BLAKESLEE, PAUL COOK, CHUCK DEVORE, MICHAEL D. DUVALL, BILL EMMERSON, JEAN FULLER, TED GAINES, MARTIN GARRICK, SHIRLEY HORTON, GUY S. HOUSTON, BOB HUFF, KEVIN JEFFRIES, RICK KEENE, DOUG LA MALFA, BILL MAZE, ALAN NAKANISHI, ROGER NIELLO, GEORGE A. PLESCIA, SHARON RUNNER, JIM SILVA, CAMERON SMYTH, AUDRA STRICKLAND, VAN TRAN AND MIMI WALTERS

Intervenors.

For their Intervention Pleading, Intervenors California Assemblymembers Todd Spitzer, Chairman, Assembly Select Committee on Prison Construction and Operations, Michael N. Villines, Assembly Republican Leader, Anthony Adams, Greg Aghazarian, Joel Anderson, John J. Benoit, Tom Berryhill, Sam Blakeslee, Paul Cook, Chuck DeVore, Michael D. Duvall, Bill Emmerson, Jean Fuller, Ted Gaines, Martin Garrick, Shirley Horton, Guy S. Houston, Bob Huff, Kevin Jeffries, Rick Keene, Doug La Malfa, Bill Maze, Alan Nakanishi, Roger Niello, George A. Plescia, Sharon Runner, Jim Silva, Cameron Smyth, Audra Strickland, Van Tran, and Mimi Walters (collectively the "Assembly Republican Intervenors") hereby allege as follows:

**ASSEMBLY REPUBLICAN INTERVENORS**

1. The Assembly Republican Intervenors are all duly-elected members of the California Assembly, located at the State Capitol, Sacramento, California, 94249, and they collectively represent millions of California citizens as constituents.

2. The Prison Litigation Reform Act, 18 U.S.C. §§ 3626 *et seq.*, specifically provides that "Any State or local official including a legislator or unit of the government whose jurisdiction or function includes the appropriation of funds for the construction, operation or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief."

3. The jurisdiction and function of the Assembly Republican Intervenors includes consideration of the appropriation of funds for the construction, operation or maintenance of prison facilities.

4. Indeed, the California Assembly, of which each of the Assembly Republican Intervenors is a member, enacted the Public Safety and Offender Rehabilitation Services Act of 2007 ("AB 900") on April 26, 2007 and it was signed into law on May 2, 2007. AB 900 represents a comprehensive, bi-partisan effort to fund and improve the state prison system in California and provides in excess of $7 billion in funding to achieve that goal.

## JURISDICTION AND VENUE

5. The Assembly Republican Intervenors' defenses in this Intervention Pleading arise out of the same transaction or occurrence that is the subject matter of the claims at issue in this action and, specifically, out of the Prison Litigation Reform Act, 18 U.S.C. §§ 3626 *et seq.* This Court has jurisdiction over the claims in this action as well as the Assembly Republican Intervenors' defenses pursuant to 28 U.S.C. §§1331.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## GENERAL ALLEGATIONS

7. On or about July 23, 2007, the Court issued its Order granting Plaintiffs motion to convene a three-judge court pursuant to 18 U.S.C. §§ 3626(a)(3)(A). The Court specifically held that "Accordingly, and because this Court finds that the conditions specified in 18 U.S.C. § 3626(a)(3)(A) have been satisfied, IT IS HEREBY ORDERED that Plaintiffs' motion to convene a three-judge court to consider a prisoner release order is GRANTED."

8. In that Order, the Court specifically acknowledged the enactment of AB 900 and stated that ". . . a prisoner release order would, indeed, be a radical step, particularly given the size of California's prison system."

9. The Assembly Republican Intervenors agree that the imposition of a prisoner release order would be a radical step and intervene in this action to oppose the imposition of any such order at this time.

10. The Assembly Republican Intervenors sought leave from this Court to intervene pursuant to their Motion to Intervene, which was filed and served on August 13, 2007. Assembly Republican Intervenors have an unconditional right to intervene in this action, pursuant to 18 U.S.C. § 3632(a)(3)(F), for the purposes of addressing the issues outlined in 18 U.S.C. §§ 3626(a)(1) and 3626(a)(3)(E). The Court granted Assembly Republican Intervenors leave to intervene on August 17, 2007, through its order, "Order re: Motions to Intervene and Order Referring to Discovery Disputes to Magistrate Judge."

11. Federal Rule of Civil Procedure 24(c) requires that an intervening party, such as the Assembly Republican Intervenors herein, provide a "pleading setting forth the claim or defense for which intervention is sought." Accordingly, the Assembly Republican Intervenors plead the following defenses pursuant to the Prison Litigation Reform Act, 18 U.S.C. §3626, *et seq.*

INTERVENTION PLEADING                           3

C 01-1351 TEH

## DEFENSES

### (Prison Litigation Reform Act)

12. These defenses arise under the Prison Litigation Reform Act, particularly 18 U.S.C. §3626, *et seq.* Specifically, prison release orders are only permitted under very limited circumstances where it is demonstrated – by clear and convincing evidence – that (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right.

13. No showing has been made in this action sufficient to justify the imposition of a prisoner release order under the Prison Litigation Reform Act. On the contrary, a prisoner release order poses significant risk to public safety in California.

14. Moreover, the Assembly Republican Intervenors reserve their right to make an affirmative showing that other relief, short of a prisoner release order, exists which could remedy the current conditions specified by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Assembly Republican Intervenors respectfully request that the Court:

A. Enter no prisoner release order until AB 900 has been fully implemented and its efficacy can be fully and fairly assessed;

B. Enter no prisoner release order absent a sufficient evidentiary showing under the Prison Litigation Reform Act that such order is narrowly drawn, extends no further than necessary to correct a violation of a Federal right and is the least intrusive means necessary to correct any such violation;

C. Enter no prisoner release order absent a showing – by clear and convincing evidence – that (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right;

1  D.   Enter no prisoner release order at this time in light of the adverse impact such order would have

2  on public safety in California; and

3

4  E.   Grant such further relief as the Court deems just and proper.

5  Dated: October 30, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                              Steven S. Kaufhold
6                                             Chad A. Stegeman

7
                                              By /s/Steven Kaufhold
8                                                     Steven S. Kaufhold
                                              Attorneys for Assembly Republican Intervenors
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERVENTION PLEADING                     5
                                                                            C 01-1351 TEH

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On October 30, 2007, I served the foregoing document(s) described as:

INTERVENTION PLEADING on the interested party(ies) below, using the following means:

| | |
|---|---|
| Anne L. Keck<br>Office of Sonoma County Counsel<br>575 Administration Drive, Suite 105a<br>Santa Rosa, CA 95403 | California State Personnel Board<br>Office of the Attorney General<br>1515 Clay Street, 20th Floor<br>P. O. Box 70550<br>Oakland, CA 94612-0550 |
| Robert Sillen<br>California Prison Receivership<br>1731 Technology Drive, Suite 700<br>San Jose, CA 95110 | Union of American Physician & Dentist<br>Davis Cowell & Bowe<br>595 Market Street, Suite 1400<br>San Francisco, CA 94015 |

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 30, 2007 at San Francisco, California.

Laura Rojas
[Print Name of Person Executing Proof]

[Signature]

INTERVENTION PLEADING                       1                        C 01-1351 TEH
490017.0011 WEST 6124615 v1