EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, SBN 221207
SAMANTHA D. TAMA, SBN 240280
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5708
  Fax: (415) 703-5843
  Email: Samantha.Tama@doj.ca.gov
         Rochelle.East@doj.ca.gov
         Charles.Antonen@doj.ca.gov

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                          Defendants. | 2:90-CV-00520 LKK JFM<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                          Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**STIPULATION REGARDING DEFENDANTS' ROLLING PRODUCTION** |

On September 5, 2007, Plaintiffs served on Defendants a joint *Plata/Coleman* Request for Production, Set One.  On October 17, 2007, Plaintiffs served on Defendants separately in *Plata* and *Coleman* a Request for Production, Set Two.  On October 25, 2007, Defendants served their objections and responses to Plaintiffs' Request for Production, Set One.  Defendants' objections and responses to Plaintiffs' Requests for Production, Set Two are not yet due.

In responding to Plaintiffs' Request for Production, Set One, Defendants gathered electronic and paper documents from custodians at the California Governor's Office (GOV), California Department of Corrections and Rehabilitation (CDCR), California Department of Finance (DOF), and the California Department of Mental Health (DMH).  Defendants have disclosed to Plaintiffs the names of eighty custodians from whom Defendants have gathered electronic documents.  Plaintiffs have agreed to prioritize this list by State Agency into various priority groups.  At this time, it is unknown whether Defendants will need to gather additional electronic documents from additional custodians in order to respond to Plaintiffs' Requests for Production, Set Two.  Defendants agree to disclose to Plaintiffs no later than Friday, November 9, 2007 the names of additional custodians, if any, that Defendants will gather electronic documents from in responding to Plaintiffs' Request for Production, Set Two.  The parties agree to meet and confer about any requests by Plaintiffs to gather documents from additional custodians.  The parties further agree to meet and confer about the schedule for any production of documents gathered from these additional custodians.

On October 30, 2007, U.S. District Court Magistrate Judge Moulds ordered that "[o]n or before November 1, 2007, defendants shall produce for inspection and copying all documents responsive to plaintiffs' September 5, 2007 request for production of documents unless before that date the parties reach an agreement for some other schedule for production." (Order 7:4-7.) On November 1, 2007, the parties held a teleconference with Judge Moulds regarding a rolling production schedule.  At this teleconference, Judge Moulds requested Defendants submit to the Court for in camera review a copy of documents Defendants claim to be privileged on the day each of the privilege logs are served.

The parties have reached an agreement regarding a schedule for Defendants' production of documents. Moreover, Defendants agree that this production schedule encompasses Defendants' responses to Plaintiffs' Requests for Production, Set One and Two. The rolling production schedule is as follows:

On or before **November 1, 2007**, Defendants will produce for inspection approximately 8,000 pages of scanned paper documents gathered from CDCR and DOF.

The parties agree that on or before **November 5, 2007**, Defendants will provide Plaintiffs with an approximation of the number of electronic and paper documents, by Department, that Defendants will be reviewing for relevance and privilege and a proposed schedule for production of paper documents.

The parties will then meet and confer on **November 6, 2007** to determine what percentage of the total paper documents Defendants will produce to Plaintiffs each week to ensure the production schedule is not backloaded. If the parties are unable to agree on a rollout schedule in the meet and confer session, they will contact Judge Moulds' clerk to set up a conference call with the Judge to resolve the matter.

The parties agree that on or before **November 7, 2007**, Defendants will provide a written explanation regarding their efforts to obtain data from the hard drives of certain former CDCR employees.

The parties agree that on or before **November 9, 2007**, Defendants will produce for inspection: responsive, non-privileged electronic documents, if any, from the thirteen custodians designated as Plaintiffs' CDCR Priority Group 1; additional responsive, non-privileged paper documents from CDCR, DMH, DOF, and GOV; and a log of the documents withheld on the basis of privilege from the November 2, 2007 production. All privilege logs will contain the following information: (1) document type; (2) date; (3) bates number(s); (4) brief description of document and basis for privilege; (5) source/author, as well as title and agency, if readily available; (6) recipient(s) (including cc'd recipients), if readily available; and (7) privilege(s) claimed.

1    The parties agree that on or before **November 16, 2007**, Defendants will produce for
2    inspection: responsive, non-privileged electronic documents, if any, from the twelve custodians
3    designated as Plaintiffs' CDCR Priority Group 2; responsive, non-privileged electronic
4    documents, if any, from the twelve custodians designated as Plaintiffs' DOF Priority Group 1;
5    additional responsive, non-privileged paper documents, if any, from CDCR, DMH, DOF, and
6    GOV; and a log of the documents withheld on the basis of privilege from the November 9, 2007
7    production.

8    The parties agree that on or before **November 23, 2007**, Defendants will produce for
9    inspection: responsive, non-privileged electronic documents, if any, from the nine custodians
10   designated as Plaintiffs' CDCR Priority Group 3; responsive, non-privileged electronic
11   documents, if any, from the ten custodians at GOV; additional responsive, non-privileged paper
12   documents, if any, from CDCR, DMH, DOF, and GOV; and a log of the documents withheld on
13   the basis of privilege from the November 16, 2007 production.

14   The parties agree that on or before **November 30, 2007**, Defendants will produce for
15   inspection: responsive, non-privileged electronic documents, if any, from the eleven custodians
16   designated as Plaintiffs' DOF Priority Group 2; responsive, non-privileged electronic documents,
17   if any, from the fourteen custodians at DMH; additional responsive, non-privileged paper
18   documents, if any, from CDCR, DMH, DOF, and GOV; and a log of the documents withheld on
19   the basis of privilege from the November 23, 2007 production.

20   The parties agree that on or before **December 7, 2007**, Defendants will produce a log of
21   the documents withheld on the basis of privilege from the November 30, 2007 production.

22   With respect to this rolling production schedule, Defendants agree to produce to Plaintiffs
23   any documents gathered from an electronic source in a "native + image" format. Additionally,
24   Defendants agree to produce to Plaintiffs any documents gathered from a paper or electronic
25   source in a Summation compatible, "DII" format. The information produced for the electronic
26   documents will contain the following fields: beg doc, end doc, source, custodian, beg attach, and
27   end attach. The information produced for the scanned paper documents will contain the
28   following fields: beg doc, end doc, source, and custodian. Moreover, the parties agree that

Defendants shall only be required to serve Rosen, Bien, and Galvan, LLP, on behalf of Plaintiffs, with any responsive, non-privileged documents in the above referenced formats. The parties further agree that the "Non-Waiver and Confidentiality Agreement" entered into by the parties applies to this rolling production schedule.

It is Defendants' intention to produce responsive, non-privileged documents to Plaintiffs in an expedited manner. Therefore, to the extent Defendants complete aspects of the document production ahead of schedule, Defendants will provide Plaintiffs with the responsive, non-privileged documents. Moreover, the parties agree to meet and confer regarding any disputes that may arise from this rolling production schedule. Additionally, the parties agree to meet and confer on an expedited basis to resolve any discovery disputes, and to seek expedited hearings on motions to compel when necessary.

Finally, due to the deadlines in the existing trial scheduling order, the fact that Defendants' production will not be complete until November 30, 2007, and because Plaintiffs will not know the details of how many documents will be produced and when until November 5, 2007, Plaintiffs reserve their rights to petition the Court for appropriate relief, including but not limited to the right to supplement expert reports, depose additional witnesses, supplement trial exhibits, and move for discovery sanctions. Plaintiffs' reservation of rights does not prejudice Defendants' right to pursue similar relief.

IT IS SO AGREED AND STIPULATED.

Dated: November 1, 2007                ROSEN, BIEN & GALVAN, LLP

                                       By:    /s/ Amy Whelan
                                              Amy Whelan
                                              Attorneys for Plaintiffs

Dated: November 1, 2007                EDMUND G. BROWN JR.
                                       Attorney General of the State of California

                                       By:    /s/ Charles J. Antonen
                                              Charles J. Antonen
                                              Attorneys for Defendants

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: *Ralph Coleman, et al.* v. *Arnold Schwarzenegger, et al.*

Case No.: U. S. D. C., Eastern Dist., CIV S-90-0520 LKK JFM

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 2, 2007** I served the attached

## STIPULATION REGARDING DEFENDANTS' ROLLING PRODUCTION

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102, addressed as follows:

**Gregg Cohen**
**Tehama County District Attorney's Office**
**c/o Charles Hughes, Riverside County DA's**
**Office**
**4075 Main Street**
**Riverside, CA 92501**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on, **November 2, 2007** at San Francisco, California.

|  |  |
| --- | --- |
| J. Baker | /s/ Baker |
| Typed Name | Signature |

1