```
 1  JONES & MAYER
    Martin J. Mayer (SBN 73890)
 2  Michael R. Capizzi (SBN 35864)
    Kimberly Hall Barlow (SBN 149902)
 3  Ivy M. Tsai (SBN 223168)
    3777 North Harbor Boulevard
 4  Fullerton, California 92835
    (714) 446-1400; Fax (714) 446-1448
 5  e-mail: mjm@jones-mayer.com
    e-mail: mrc@jones-mayer.com
 6  e-mail: khb@jones-mayer.com
    e-mail: imt@jones-mayer.com
 7
    Attorneys for Sheriff, Probation, Police Chief,
 8  and Corrections Intervenor-Defendants

 9  STEVEN S. KAUFHOLD (SBN 157195)
    CHAD A. STEGEMAN (SBN 225745)
10  AKIN GUMP STRAUSS HAUER & FELD LLP
    580 California, 15th Floor
11  San Francisco, CA 94104-1036
    (415) 765-9500; Fax (415) 765-9501
12  e-mail: skaufhold@akingump.com
    e-mail: cstegeman@akingump.com
13
    Attorneys for Republican Assembly and Senate Intervenors
14
    ROD PACHECO (SBN 112432)
15  WILLIAM C. HUGHES (SBN 155992)
    District Attorneys
16  County of Riverside
    4075 Main Street, First Floor
17  Riverside, CA 92501
    (951) 955-6620; Fax (951) 955-0190
18  e-mail: rodpacheco@co.riverside.ca.us
    e-mail: chughes@rivcoda.org
19
    Attorneys for District Attorney Intervenors
20
                IN THE UNITED STATES DISTRICT COURTS
21
            FOR THE EASTERN DISTRICT OF CALIFORNIA
22
            AND THE NORTHERN DISTRICT OF CALIFORNIA
23
    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
24
    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
25

26  RALPH COLEMAN, et al.,              Case No: CIV S-90-0520 LKK JFM P

27        Plaintiffs,                   **THREE-JUDGE COURT**

28        vs.
```

-1-
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION/CLARIFICATION

| | |
|---|---|
| ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION/ CLARIFICATION** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

In their opposition to the Motion for Reconsideration/Clarification filed on October 23, 2007 by the Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican Senator and Assembly Intervenors; and District Attorney Intervenors ("Intervenors"), Plaintiffs argue, without citing to any authority, that the motion should be denied because the Intervenors' interests lie in Phase II of the proceedings as bifurcated by the Three-Judge Court in its order of October 10, 2007. Plaintiffs fail to provide any authority as to why, in direct opposition to the terms and purpose of the Prison Litigation Reform Act and Rule 24 of the Federal Rules of Civil Procedure, Intervenors should be precluded from full-party participation in the proceedings. As Intervenors discussed in their motion, these statutes provide them with equal standing with the original parties and the right to participate in any proceeding relating to a prisoner release order. Intervenors' Motion for Reconsideration/Clarification ("Motion") at 8-11.

Additionally, Plaintiffs argue that the alternatives Intervenors intend to present to the Court are aimed at reducing recidivism, resulting in a substantial reduction in the

prison population and rendering a prisoner release order unnecessary, and that this argument falls within Phase II. Plaintiffs' Opposition at 3:11-15. However, Plaintiffs' articulation only serves to highlight the fact that the alternatives Intervenors intend to present are pertinent to the second element of Phase I: Whether any relief other than a prisoner release order would remedy the violation of a Federal right. Plaintiffs seemingly characterize "relief" as limited to only orders such as those designed to increase health care staffing or clinical facilities. Plaintiffs' Opposition at 3:17-18. Plaintiffs cite no authority for this and their position is in contradiction to the Prison Litigation Reform Act, which clearly states that the determination shall be of whether "no other relief will remedy the violation of the Federal right." 18 U.S.C. § 3626(a)(3)(emphasis added). The law does not limit "other relief" to only that which is directly ordered by the Court; nor does the phrase "other relief" exclude options which may lead to reductions in prison population by means other than a compelled release or cap.

As Intervenors explain in detail in their motion, they are prepared to provide evidence to the Court of several alternatives to a prisoner release order that are already being developed and implemented that would have a real impact and significantly reduce the prison population. The examples given in the Motion for Reconsideration are not the only programs or options about which Intervenors wish to introduce evidence. They were given as examples of alternatives on which Intervenors are the only parties capable of introducing evidence. Intervenors request an opportunity to present all of their available evidence to demonstrate to the Court that relief other than a prisoner release order does indeed exist, before the door is closed on that issue.

Respectfully submitted,

DATED: November 2, 2007              JONES & MAYER


By: _____/s/_____
Kimberly Hall Barlow
Ivy M. Tsai
Attorneys for Sheriff, Probation,
Police Chief, and Corrections

-3-
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION/CLARIFICATION

| | |
|---|---|
| | Intervenor- Defendants |
| DATED: November 2, 2007 | AKIN GUMP STRAUSS HAUER & FELD |
| | By: /s/ <br> Steven S. Kaufhold <br> Chad A. Stegeman <br> Attorneys for Republican Senator and Assembly Intervenors |
| DATED: November 2, 2007 | COUNTY OF RIVERSIDE |
| | By: /s/ <br> Rod Pacheco <br> William C. Hughes <br> Attorney for District Attorney Intervenors |

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION/CLARIFICATION

# PROOF OF SERVICE
## (§ 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 3777 N. Harbor Boulevard, Fullerton, California 92835.

On **November 2, 2007**, I served the within **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION/CLARIFICATION**, on the interested parties in said action by placing [X] a true and correct copy or [ ] the delivered by one or more of the means set forth below:

Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012

Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

[ ]   [*Via Mail*]   By depositing said envelope with postage thereon fully prepaid in the United States mail at La Habra, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fullerton, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

[ ]   [*Personal Delivery*]   I cause the above referenced document(s) to be delivered to the addressee set forth above.

[X]   [*Overnight Courier*]   I caused the above referenced document(s) to be delivered to an overnight delivery service, for delivery to the addressees.

[X]   [*Federal*]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 2, 2007**, at Fullerton, California.

_____
RITA J. ALGER