1  JONES & MAYER
   Martin J. Mayer (SBN 73890)
2  Michael R. Capizzi (SBN 35864)
   Kimberly Hall Barlow (SBN 149902)
3  Ivy M. Tsai (SBN 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Probation, Police Chief,
8  and Corrections Intervenor-Defendants

9  STEVEN S. KAUFHOLD (SBN 157195)
   CHAD A. STEGEMAN (SBN 225745)
10 AKIN GUMP STRAUSS HAUER & FELD LLP
   580 California, 15th Floor
11 San Francisco, CA 94104-1036
   (415) 765-9500; Fax (415) 765-9501
12 e-mail: skaufhold@akingump.com
   e-mail: cstegeman@akingump.com
13
   Attorneys for Republican Assembly and Senate Intervenors
14
   ROD PACHECO (SBN 112432)
15 WILLIAM C. HUGHES (SBN 155992)
   District Attorneys
16 County of Riverside
   4075 Main Street, First Floor
17 Riverside, CA 92501
   (951) 955-6620; Fax (951) 955-0190
18 e-mail: rodpacheco@co.riverside.ca.us
   e-mail: chughes@rivcoda.org
19
   Attorneys for District Attorney Intervenors

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No: CIV S-90-0520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |

-1-
STAY REQUEST BY INTERVENOR DEFENDANTS

| | | |
|---|---|---|
| 1 | ARNOLD SCHWARZENEGGER, et al., | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| 2 | | |
| 3 | Defendants. | **REQUEST FOR STAY OF "ORDER BIFURCATING PROCEEDINGS AND SETTING DEADLINES FOR PHASE I" UNTIL COURT RULES ON INTERVENORS' MOTION FOR RECONSIDERATION/ CLARIFICATION** |
| 4 | | |
| 5 | | |
| 6 | | [F.R.C.P. 16(b);F.R.C.P. 26(c)] |
| 10 | MARCIANO PLATA, et al., | Case No.: C01-1351 TEH |
| 11 | Plaintiffs, | **THREE-JUDGE COURT** |
| 12 | vs. | |
| 13 | ARNOLD SCHWARZENEGGER, et al., | |
| 15 | Defendants. | |

TO THE COURTS, TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSELS OF RECORD:

The Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican Senator and Assembly Intervenors; and District Attorney Intervenors, (hereinafter referred to as the "Intervenors") hereby jointly and severally submit their Request for Stay of "Order Bifurcating Proceedings and Setting Deadlines for Phase 1" until the Court Rules on Intervenors' Motion for Reconsideration/Clarification.

On October 10, 2007, the Court issued its Order Bifurcating Proceedings and Setting Deadlines for Phase 1 pursuant to which it determined that bifurcation of these proceedings is appropriate. The Court further decided that in Phase 1, it will determine whether the Plaintiffs have established the prerequisites to considering issuance of a prisoner release order that are set forth in 18 U.S.C. §§ 3626(a)(3)(E)(i)and(ii). The Court

1  concluded that it would conduct Phase II proceedings (relating to a prisoner release
2  order) only in the event Plaintiffs are able to show that the required prerequisites have
3  been met.
4    After determining that, "The statutory intervenors will have an interest in this case,
5  and may be impaired in protecting that interest, only if and when plaintiffs make the
6  Phase 1 showing required by 18 U.S.C. §§ 3626(a)(3)(E)(i) and (ii)" the Court held that
7  only Plaintiffs, CCPOA (a non-statutory intervenor) and Defendants will be permitted to
8  engage in discovery during Phase 1.
9    The Court also set deadlines for discovery, the first of which pertains to disclosure
10 of experts and expert depositions. Specifically, the Court ordered that the parties disclose
11 their experts and make available their reports by November 9, 2007, and complete expert
12 depositions by December 20, 2007.
13   On October 23, 2007 Intervenors filed a Motion for Reconsideration/Clarification
14 of the Court's October 10, 2007, Order which is presently pending before the Court. In
15 the motion, Intervenors request that they be allowed to conduct discovery and participate
16 fully in both Phases of the litigation, maintaining that pursuant to Federal Rule of Civil
17 Procedure 24, an intervenor has full party status including the right to engage in
18 discovery, to participate at trial and to appeal the judgment.
19   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court
20 may stay discovery upon a showing of "good cause."[1] District courts have broad
21 discretion to stay discovery pending the resolution of dispositive motions. *Jarvis v.*
22 *Regan*, 833 F.2d 149, 155 (9th Cir.1987); *see also, Orchid Biosciences Inc. v. St. Louis*
23 *University*, 198 F.R.D. 670, 672 (S.D.Cal.2001) (stating that in evaluating whether to
24 grant a stay, "[a] case by case analyses is required, since the determination will

---

[1] This Court may also control the timing and sequence of discovery pursuant to Federal Rules of Civil Procedure Rule 26(d).

necessarily be fact specific and will depend on the particular circumstances and posture of the case at issue.").

Moreover, Federal Rules of Civil Procedure Rule 16(b) provides that case management orders may be modified upon good cause shown. Here, a stay is requested because the parties are waiting for a decision on the pending Motion for Reconsideration/Clarification, and Intervenors' hands are completedly tied pending that ruling. The ruling is dispositive insofar as it will permit or preclude Intervenors' participation in Phase 1 of the litigation. In the event that the Motion is granted, Intervenors will have no ability to comply with the Court's Order requiring designation of experts and disclosure of their reports no later than November 9, 2007, only one week from now. Accordingly, good cause exists to stay the Order until after the Court's ruling on the pending motion.

For the foregoing reasons, the Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican Assembly and Senate Intervenors; and District Attorney Intervenors respectfully request that the Three-Judge Court stay the October 10, 2007 Order.

Respectfully submitted,

DATED: November 2, 2007            JONES & MAYER


By: _____/s/_____
Kimberly Hall Barlow
Ivy M. Tsai
Attorneys for Sheriff, Probation,
Police Chief, and Corrections
Intervenor- Defendants

DATED: November 2, 2007            AKIN GUMP STRAUSS HAUER & FELD


By:_____/s/_____
Steven S. Kaufhold
Chad A. Stegeman
Attorneys for Republican Senator and
Assembly Intervenors

DATED: November 2, 2007                         COUNTY OF RIVERSIDE

By: _____/s/_____
Rod Pacheco
William C. Hughes
Attorney for District Attorney Intervenors

# PROOF OF SERVICE
## (§ 1013a, 2015.5 C.C.P.)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 3777 N. Harbor Boulevard, Fullerton, California 92835.

On **November 2, 2007**, I served the within **REQUEST FOR STAY OF "ORDER BIFURCATING PROCEEDINGS AND SETTING DEADLINES FOR PHASE I" UNTIL COURT RULES ON INTERVENORS' MOTION FOR RECONSIDERATION/ CLARIFICATION [F.R.C.P. 16(b);F.R.C.P. 26(c)]**, on the interested parties in said action by placing [X] a true and correct copy or [ ] the delivered by one or more of the means set forth below:

Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012

Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

[ ]  [*Via Mail*]  By depositing said envelope with postage thereon fully prepaid in the United States mail at La Habra, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fullerton, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

[ ]  [*Personal Delivery*]  I cause the above referenced document(s) to be delivered to the addressee set forth above.

[X]  [*Overnight Courier*]  I caused the above referenced document(s) to be delivered to an overnight delivery service, for delivery to the addressees.

[X]  [*Federal*]  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 2, 2007**, at Fullerton, California.

_____
MARILYN TALLEFF