JONES & MAYER
Martin J. Mayer (SBN 73890)
Michael R. Capizzi (SBN 35864)
Kimberly Hall Barlow (SBN 149902)
Ivy M. Tsai (SBN 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Probation, Police Chief,
and Corrections Intervenor-Defendants

STEVEN S. KAUFHOLD (SBN 157195)
CHAD A. STEGEMAN (SBN 225745)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California, 15th Floor
San Francisco, CA 94104-1036
(415) 765-9500; Fax (415) 765-9501
e-mail: skaufhold@akingump.com
e-mail: cstegeman@akingump.com

Attorneys for Republican Assembly and Senate Intervenors

ROD PACHECO (SBN 112432)
WILLIAM C. HUGHES (SBN 155992)
District Attorneys
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501
(951) 955-6620; Fax (951) 955-0190
e-mail: rodpacheco@rivcoda.org
e-mail: chughes@rivcoda.org

Attorneys for District Attorney Intervenors

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

-1-

OBJECTION TO ORDER APPOINTING SETTLEMENT REFEREE AND CONSULTANT BY SHERIFF, PROBATION, POLICE CHIEF, CORRECTIONS INTERVENOR DEFENDANTS REPUBLICAN SENATOR AND ASSEMBLY INTERVENOR DEFENDANTS AND DISTRICT ATTORNEY INTERVENOR DEFENDANTS

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**OBJECTION TO ORDER APPOINTING SETTLEMENT REFEREE AND CONSULTANT BY SHERIFF, PROBATION, POLICE CHIEF, CORRECTIONS INTERVENOR DEFENDANTS REPUBLICAN SENATOR AND ASSEMBLY INTERVENOR DEFENDANTS AND DISTRICT ATTORNEY INTERVENOR DEFENDANTS** |

TO THE COURTS, TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSELS OF RECORD:

　　The Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican Senator and Assembly Intervenors; and District Attorney Intervenors hereby jointly and severally object to the Order Appointing Settlement Referee and Consultant filed on November 1, 2007 on the following grounds:

　　1.　　Though the Intervenor Defendants have the highest regard for the professional qualifications and integrity of the two individuals appointed by the Court as settlement referee and consultant and advisor to the settlement referee, the Intervenors object to the process by which the Court's appointment occurred, without notice or input from the parties or disclosure

of the prior role of the appointed referee and consultant in this litigation to Intervenors who only recently joined the case. Settlement referee Elwood Lui, Esq. is the managing partner of the law firm of Jones Day, which until October 25, 2007 served as co-counsel for Plaintiffs. The Honorable Peter Siggins, appointed as consultant and advisor to the settlement referee, also previously served as legal counsel to a party in the case, having served as counsel for Defendants in the <u>Plata</u> case during his service with the Attorney General's Office. No waiver of any appearance of bias or impropriety due to the prior role the appointees had in this very litigation was either sought or obtained from the original parties or the Intervenors.

2. The process ordered by the Court regarding settlement discussions requires Intervenors to fully cooperate with the settlement referee while Intervenors are otherwise precluded from participating in the litigation by being foreclosed from conducting discovery or offering evidence in Phase I of the proceedings due to the Court's prior order dated October 10, 2007.

3. The process ordered by the Court regarding settlement discussions permits ex parte contacts by the settlement referee and consultant with the parties, including intervenors, even though virtually all Defendant Intervenors objected to ex parte contacts, and permits ex parte contacts between the Court and the settlement referee and consultant, further adding to the possible appearance of conflict and impropriety.

4. The process ordered by the Court forces Defendant Intervenors to formulate and provide to the settlement referee their statement of settlement position without first having obtained any statement, and without the right to obtain any statement, of the specific relief being sought by Plaintiffs and without a right to obtain discovery concerning the evidence Plaintiffs have or purport

-3-

1  to have to demonstrate that crowding is the primary cause of the
2  constitutional deprivations asserted in these proceedings, or information
3  about alternatives to a prisoner release order which may be in the
4  possession of Plaintiffs or Defendants.

5.  No notice requirements or other procedural protections are included in the Order to ensure that all parties have an adequate time to prepare any required confidential statements or attend any meeting convened by the settlement referee and consultant. Even before Defendant Intervenors' counsel could prepare and submit this Objection, they had received an order to compile a written statement of their respective positions and proposals for settlement of the suit, with only three days' notice and with virtually no opportunity to consult with their clients or with other intervenors.

For the foregoing reasons, the Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican Assembly and Senate Intervenors; and District Attorney Intervenors respectfully object to the Court's Order of November 1, 2007 appointing Settlement Referee and Consultant.

Respectfully submitted,

DATED: November 6, 2007          JONES & MAYER


By:    /s/
    Kimberly Hall Barlow
    Ivy M. Tsai
    Attorneys for Sheriff, Probation,
    Police Chief, and Corrections
    Intervenor- Defendants

-4-

OBJECTION TO ORDER APPOINTING SETTLEMENT REFEREE AND CONSULTANT BY SHERIFF, PROBATION, POLICE CHIEF, CORRECTIONS INTERVENOR DEFENDANTS REPUBLICAN SENATOR AND ASSEMBLY INTERVENOR DEFENDANTS AND DISTRICT ATTORNEY INTERVENOR DEFENDANTS


| | | |
|---|---|---|
| 1 | DATED: November 6, 2007 | AKIN GUMP STRAUSS HAUER & FELD |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | Steven S. Kaufhold |
| | | Chad A. Stegeman |
| 5 | | Attorneys for Republican Senator and Assembly Intervenors |
| 6 | DATED: November 6, 2007 | COUNTY OF RIVERSIDE |
| 7 | | |
| 8 | | By: /s/ |
| 9 | | Rod Pacheco |
| | | William C. Hughes |
| | | Attorney for District Attorney Intervenors |

-5-

OBJECTION TO ORDER APPOINTING SETTLEMENT REFEREE AND CONSULTANT BY SHERIFF, PROBATION, POLICE CHIEF, CORRECTIONS INTERVENOR DEFENDANTS REPUBLICAN SENATOR AND ASSEMBLY INTERVENOR DEFENDANTS AND DISTRICT ATTORNEY INTERVENOR DEFENDANTS

# PROOF OF SERVICE
## (§ 1013a, 2015.5 C.C.P.)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 3777 N. Harbor Boulevard, Fullerton, California 92835.

On **November 6, 2007**, I served the within **OBJECTION TO ORDER APPOINTING SETTLEMENT REFEREE AND CONSULTANT BY SHERIFF, PROBATION, POLICE CHIEF, CORRECTIONS INTERVENOR DEFENDANTS, REPUBLICAN SENATOR AND ASSEMBLY INTERVENOR DEFENDANTS AND DISTRICT ATTORNEY INTERVENOR DEFENDANTS**, on the interested parties in said action by placing [X] a true and correct copy or [ ] the delivered by one or more of the means set forth below:

Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012

Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

[ ] [*Via Mail*] By depositing said envelope with postage thereon fully prepaid in the United States mail at La Habra, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fullerton, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

[ ] [*Personal Delivery*] I cause the above referenced document(s) to be delivered to the addressee set forth above.

[X] [*Overnight Courier*] I caused the above referenced document(s) to be delivered to an overnight delivery service, for delivery to the addressees.

[X] [*Federal*] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 6, 2007**, at Fullerton, California.

_____
RITA J. ALGER