1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  CHARLES J. ANTONEN, State Bar No. 221207
   SAMANTHA TAMA - State Bar No. 240280
6  Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
7  San Francisco, CA  94102-7004
   Telephone: (415) 703-5711
8  Fax: (415) 703-5843
   Email: Rochelle.East@doj.ca.gov
9
   Attorneys for Defendants
10 Schwarzenegger, Genest, and Tilton

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Email: pmello@hansonbridgett.com

**FILED**

OCT 26 2007

**CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____**
**DEPUTY CLERK**

11    IN THE UNITED STATES DISTRICT COURT

12    FOR THE EASTERN DISTRICT OF CALIFORNIA

13    AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 90-0520 LKK JFM |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

| | |
|---|---|
| **MARCIANO PLATA, et al.,** | C-01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | |

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1

1  **PROPOUNDING PARTY:** Marciano Plata, et al., Plaintiffs

2  **RESPONDING PARTY:**   Arnold Schwarzenegger, et al., Defendants

3  **SET NO.:**   One

4

5  **DEFINITIONS**

6      In construing these discovery responses, the following definitions shall apply:

7      1)   "PLAINTIFFS" shall mean class representatives Marciano Plata (sic), et al. the named

8  plaintiffs in the action *Plata v. Schwarzenegger,* Case No. C-01-1351 TEH (N.D. Cal.) (*Plata*)

9  and class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v.*

10  *Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

11      2)   "DEFENDANTS" shall mean Arnold Schwarzenegger, Michael Genest, and James

12  Tilton the named defendants in *Plata* and Arnold Schwarzenegger, Michael Genest, James Tilton

13  and Stephen Mayberg the named defendants in *Coleman*.

14      3)   "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

15  U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

16

17  **GENERAL OBJECTIONS**

18      1.   DEFENDANTS object that the discovery was propounded prematurely and violates

19  Federal Rule of Civil Procedure 26. PLAINTIFFS propounded this discovery prior to the initial

20  hearing in the PROCEEDING, which took place on September 24, 2007. Additionally,

21  PLAINTIFFS failed to meet and confer with DEFENDANTS as required by Federal Rule of

22  Civil Procedure 26.

23      2.   DEFENDANTS object that the discovery is impermissibly propounded by "Marciano

24  Plata, et al., Plaintiffs". Under Federal Rules of Civil Procedure 34, PLAINTIFFS must identify

25  with specificity the "party" that is propounding discovery. Additionally, the coordinated nature

26  of the PROCEEDING makes the discovery unduly confusing and ambiguous. DEFENDANTS

27  were unsure whether the discovery was propounded in *Coleman* or *Plata*. Consequently,

28  DEFENDANTS met and conferred with PLAINTIFFS in good faith and PLAINTIFFS

1 acknowledged that the discovery requests were ambiguous and informed DEFENDANTS that

2 the discovery requests should be interpreted to apply to both *Coleman* and *Plata*.

3   3.   DEFENDANTS object that the discovery is impermissibly propounded to "Arnold

4 Schwarzenegger, et al., Defendants". Under Federal Rules of Civil Procedure 34, PLAINTIFFS

5 must identify with specificity which "party" discovery is propounded to.

6   4.   DEFENDANTS object that the discovery seeks DOCUMENTS that are neither

7 relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

8 discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they

9 will be asserting in the PROCEEDING. Consequently, DEFENDANTS object the discovery

10 requires DEFENDANTS to speculate what claims may or may not be asserted by PLAINTIFFS.

11   5.   DEFENDANTS object that the requests are seek information equally available to

12 PLAINTIFFS overbroad and unduly burdensome. In accordance with the *Coleman* and *Plata*

13 remedial orders, PLAINTIFFS receive a monthly document productions and other discovery

14 from DEFENDANTS and the Receiver appointed in *Plata*.

15   6.   DEFENDANTS object that the discovery is unduly burdensome to the extent it

16 requires DEFENDANTS to produce source codes, meta-data, and data in a DII format.

17 DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a

18 DAT Opticon format.

19   7.   DEFENDANTS object that the discovery is unduly burdensome and overbroad to the

20 extent it requires DEFENDANTS to obtain electronic and paper documents from potentially

21 hundreds of individuals. DEFENDANTS have identified a core group of individuals that are

22 likely to possess information most relevant to PLAINTIFFS' requests. Consequently,

23 DEFENDANTS have obtained reasonably accessible electronic and paper documents from these

24 individuals only and will not be subsequently expanding this search. The reasonably accessible

25 electronic and paper documents obtained by DEFENDANTS do not include information

26 contained on backup tapes or legacy data contained on systems that are no longer utilized.

27   8.   DEFENDANTS object to the date and place of production specified in the discovery.

28 DEFENDANTS will produce any non-privileged, responsive DOCUMENTS at the California

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

3

1  Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California.

2  Additionally, any production shall be in accordance with a rolling production schedule agreed to

3  by the parties and/or ordered by the Court.

4      9.    DEFENDANTS object that the discovery seeks DOCUMENTS outside of

5  DEFENDANTS' custody and control.  To the extent the discovery seeks information within the

6  custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct said

7  discovery to the Receiver and not DEFENDANTS.

8

9                          **DEFENDANTS' RESPONSES**

10  **REQUEST FOR PRODUCTION NO. 1:**

11      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

12  RELATE TO the implementation of AB 900, INCLUDING but not limited to the PRISONS'

13  capacity for traffic, sewage, water, power and other infrastructure, the presence of valley fever at

14  or in the vicinity of the PRISONS, and staffing levels at PRISONS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

16      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

17  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

18  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

19  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

20  object that the inclusion of the phrase "including but not limited to" renders the request

21  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

22  of the request.  DEFENDANTS also object to disclosing detailed information regarding the

23  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

24  points of access, and construction design details because release of this information could

25  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

26  RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing.  As defined by

27  PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services Act of

28  2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007." (Req. for

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger*, Case No. 01-1351

4

1 Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined by PLAINTIFFS as "the

2 time period from April 4, 2006 . . . until the present." (Req. for Production 4:12-14.) To resolve

3 this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of

4 this request to mean the time period from May 2, 2007 to the present.

5 Subject to and without waiving the foregoing objections, DEFENDANTS respond as

6 follows:

7 DEFENDANTS state that PLAINTIFFS are already in possession of DEFENDANTS' filed

8 plans for the provision of mental health beds and their plans for staffing those mental health beds

9 in the *Coleman* case. (*See* Def. Am. Long-Range Bed Plan, filed 12/19/06; Def. Supplement Bed

10 Plan, filed 8/17/07.) DEFENDANTS assert the deliberative process privilege to all drafts of

11 those *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and intra-

12 Defendant emails concerning those plans.

13 DEFENDANTS will, in accordance with the rolling production described above, produce

14 all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

15 in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of

16 PRISONS' capacity for traffic, sewage, water, power, and other infrastructure, the presence of

17 valley fever, and prison staffing levels to the extent these issues relate to the implementation of

18 AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

19 staff, and/or the public. Those responsive, nonprivileged documents include the accompanying

20 production of certain documents from the Department of Finance (bates numbered DOF000001-

21 DOF003655).

22

23 **REQUEST FOR PRODUCTION NO. 2:**

24 Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

25 RELATE TO any projected change in California's PRISON population.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

27 DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

28 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger,* Case No. 01-1351

1    critical analysis privilege, and official information privilege. DEFENDANTS object that the
2    inclusion of the phrase "any projected change" renders the request ambiguous, overbroad, and
3    unduly burdensome as PLAINTIFFS have not defined the parameters of the request.
4    DEFENDANTS object that population projections are equally available to PLAINTIFFS because
5    these figures are released to the public on a biannual basis by the California Department of
6    Corrections and Rehabilitation (CDCR) and are published on CDCR's website. OMIT:
7    DEFENDANTS object to this request as seeking records equally available and indeed already
8    provided to PLAINTIFFS, including and not limited to (1) the overall population projections
9    released to the public and published on the CDCR web site and (2) DEFENDANTS' filed plans
10   for the provision of mental health beds and the accompanying mental health population
11   projections provided by John Misener of Navigant in accord with the *Coleman* court order dated
12   September 11, 2006. (See, Def. Supplemental Bed Plan, filed 8/17/07 in *Coleman*.) Said
13   documents will not be re-produced.

14       Subject to and without waiving the foregoing objections, DEFENDANTS respond as
15   follows:

16       DEFENDANTS will, in accordance with the rolling production described above, produce
17   all other responsive, non-privileged DOCUMENTS from the core group of individuals that are
18   otherwise unavailable to PLAINTIFFS on the subject of projected population changes in
19   California's PRISON population during the RELEVANT TIME PERIOD.

20

21   **REQUEST FOR PRODUCTION NO. 3:**

22       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
23   RELATE TO the DEPARTMENT'S choice of the ten prisons identified as sites for the
24   construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900,
25   INCLUDING site surveys and Environmental Impact Reports.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

27       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
28   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                        *Plata v. Schwarzenegger,* Case No. 01-1351

6

1  critical analysis privilege, and official information privilege. DEFENDANTS object that the

2  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

3  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

4  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

5  of the request. DEFENDANTS also object to disclosing detailed information regarding the

6  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

7  points of access, and construction design details because release of this information could

8  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

9  request is ambiguous and confusing because while the text of AB 900 references certain sections

10 of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(A).

11 DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

12 confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

13 Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

14 May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

15 by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

16 Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

17 TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

18 present.

19      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20 follows:

21      DEFENDANTS will, in accordance with the rolling production described above, produce

22 all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

23 RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

24 planned construction of up to 7,484 additional prison beds under the rubric of AB 900, which in

25 DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff, and/or the

26 public.

27

28

Defs.' Resp. to Pls.'                                                      *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                                          *Plata v. Schwarzenegger*, Case No. 01-1351

7

1 **REQUEST FOR PRODUCTION NO. 4:**

2    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

3 RELATE TO any COMMUNICATIONS regarding the DEPARTMENT'S choice of the ten

4 prisons identified as sites for the construction of up to 7,484 additional prison beds under §

5 15819.40(a)(1)(A) of AB 900, INCLUDING any such COMMUNICATIONS from or to any

6 local community group and/or local government officials.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8    DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

9 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10 critical analysis privilege, and official information privilege. DEFENDANTS object that the

11 request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

12 object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

13 overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

14 request. DEFENDANTS also object to disclosing detailed information regarding the

15 architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

16 points of access, and construction design details because release of this information could

17 jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

18 request is ambiguous and confusing because while the text of AB 900 references certain sections

19 of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(A).

20 DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

21 confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

22 Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

23 May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

24 by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

25 Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

26 TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

27 present. DEFENDANTS object to this request as redundant and therefore unduly burdensome

28 because Request for Production No. 3 seeks "any and all DOCUMENTS" that refer or relate to

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger,* Case No. 01-1351

8

1  CDCR's consideration of possible sites for the construction of up to 7,484 additional prison beds

2  under the rubric of AB 900. Consequently, DEFENDANTS' response to Request for Production

3  No. 3 already encompasses the requested category of DOCUMENTS.

4

5  **REQUEST FOR PRODUCTION NO. 5:**

6      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7  RELATE TO any TIMETABLE for the construction of up to 7,484 additional prison beds under

8  § 15819.40(a)(1)(A) of AB 900, INCLUDING any DOCUMENTS RELATING TO the

9  DEPARTMENT'S progress in meeting such a TIMETABLE.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

12  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

13  critical analysis privilege, and official information privilege. DEFENDANTS object that the

14  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

15  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

16  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

17  request. DEFENDANTS also object to disclosing detailed information regarding the

18  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

19  points of access, and construction design details because release of this information could

20  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

21  request is ambiguous and confusing because while the text of AB 900 references certain sections

22  of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(A).

23  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

24  confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

25  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

26  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

27  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

28  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

Defs.' Resp. to Pls.'                                     *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                        *Plata v. Schwarzenegger,* Case No. 01-1351

9

1  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the
2  present.

3      Subject to and without waiving the foregoing objections, DEFENDANTS respond as
4  follows:

5      DEFENDANTS will, in accordance with the rolling production described above, produce
6  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
7  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for
8  CDCR's planned construction of up to 7,484 additional prison beds under the rubric of AB 900,
9  which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,
10 and/or the public.

11

## 12 REQUEST FOR PRODUCTION NO. 6:

13     Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
14 RELATE TO the DEPARTMENT'S consideration of the possible sites for the construction of up
15 to 4,516 prison beds under § 15819.40(a)(1)(B) of AB 900.

## 16 RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

17     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
18 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
19 critical analysis privilege, and official information privilege. DEFENDANTS object that the
20 request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
21 object that the inclusion of the phrase "consideration of possible sites" renders the request
22 ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters
23 of the request. DEFENDANTS also object to disclosing detailed information regarding the
24 architectural specifications, renderings, blueprints, infrastructure layout, building footprints,
25 points of access, and construction design details because release of this information could
26 jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the
27 request is ambiguous and confusing because while the text of AB 900 references certain sections
28 of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(B).

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger,* Case No. 01-1351

10

1   DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and
2   confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender
3   Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on
4   May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined
5   by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present."  (Req. for
6   Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT
7   TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the
8   present.

9       Subject to and without waiving the foregoing objections, DEFENDANTS respond as
10  follows:

11      DEFENDANTS will, in accordance with the rolling production described above, produce
12  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
13  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's
14  consideration of sites for the construction of up to 4,516 additional prison beds under the rubric
15  of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,
16  custody staff, and/or the public.

17

18  **REQUEST FOR PRODUCTION NO. 7:**

19      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
20  RELATE TO any COMMUNICATION from any local entity, INCLUDING any local
21  community group and/or local government officials, regarding the sites for the construction of up
22  to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
25  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
26  critical analysis privilege, and official information privilege.  DEFENDANTS object that the
27  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS
28  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

Defs.' Resp. to Pls.'                                    Coleman v. Schwarzenegger, Case No. 90-0520
Req. for Produc. of Docs., Set One                       Plata v. Schwarzenegger, Case No. 01-1351

11

1 overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the
2 request. DEFENDANTS also object to disclosing detailed information regarding the
3 architectural specifications, renderings, blueprints, infrastructure layout, building footprints,
4 points of access, and construction design details because release of this information could
5 jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the
6 request is ambiguous and confusing because while the text of AB 900 references certain sections
7 of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(B).
8 DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and
9 confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender
10 Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on
11 May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined
12 by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for
13 Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT
14 TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the
15 present. DEFENDANTS object to this request as redundant and therefore unduly burdensome
16 because Request for Production No. 6 seeks "any and all DOCUMENTS" that refer or relate to
17 CDCR's consideration of possible sites for the construction of up to 4,516 additional prison beds
18 under the rubric of AB 900. Consequently, DEFENDANTS' response to Request for Production
19 No. 6 already encompasses the requested category of DOCUMENTS.

20

21 **REQUEST FOR PRODUCTION NO. 8:**

22      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
23 RELATE TO any TIMETABLE for the construction of up to 4,516 additional prison beds under
24 § 15819.40(a)(1)(B) of AB 900, INCLUDING any DOCUMENTS RELATING TO the
25 DEPARTMENT'S progress in meeting such a TIMETABLE.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

27      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
28 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

12

1  critical analysis privilege, and official information privilege. DEFENDANTS object that the

2  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

3  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

4  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

5  request. DEFENDANTS also object to disclosing detailed information regarding the

6  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

7  points of access, and construction design details because release of this information could

8  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

9  request is ambiguous and confusing because while the text of AB 900 references certain sections

10  of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(B).

11  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

12  confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

13  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

14  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

15  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

16  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

17  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

18  present.

19  Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20  follows:

21  DEFENDANTS will, in accordance with the rolling production described above, produce

22  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

23  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

24  CDCR's planned construction of up to 4,516 additional prison beds under the rubric of AB 900,

25  which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

26  and/or the public.

27

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger*, Case No. 01-1351

13

1    **REQUEST FOR PRODUCTION NO. 9:**

2    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

3    RELATE TO the DEPARTMENT'S identification of appropriate sites to construct 6,000

4    additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6    DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

7    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

8    critical analysis privilege, and official information privilege. DEFENDANTS object that the

9    request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

10   object that the inclusion of the phrase "identification of appropriate sites" renders the request

11   ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

12   of the request. DEFENDANTS also object to disclosing detailed information regarding the

13   architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

14   points of access, and construction design details because release of this information could

15   jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

16   request is ambiguous and confusing because while the text of AB 900 references certain sections

17   of the California Government Code, AB 900 does not contain a section 15819.40(b).

18   DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

19   confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

20   Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

21   May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

22   by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

23   Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

24   TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

25   present.

26   Subject to and without waiving the foregoing objections, DEFENDANTS respond as

27   follows:

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger,* Case No. 01-1351

14

1   DEFENDANTS will, in accordance with the rolling production described above, produce
2   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
3   RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's
4   identification of sites for the construction of up to 6,000 reentry beds under the rubric of AB 900,
5   which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,
6   and/or the public.

7

8   **REQUEST FOR PRODUCTION NO. 10:**

9       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
10  RELATE TO any COMMUNICATION from any local entity, INCLUDING any local
11  community group and/or local government officials, regarding the sites for the construction of up
12  to 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
15  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
16  critical analysis privilege, and official information privilege. DEFENDANTS object that the
17  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
18  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,
19  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the
20  request. DEFENDANTS also object to disclosing detailed information regarding the
21  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,
22  points of access, and construction design details because release of this information could
23  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the
24  request is ambiguous and confusing because while the text of AB 900 references certain sections
25  of the California Government Code, AB 900 does not contain a section 15819.40(b).
26  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and
27  confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender
28  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger,* Case No. 01-1351

15

1  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined
2  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for
3  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT
4  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the
5  present. DEFENDANTS object to this request as redundant and therefore unduly burdensome
6  because Request for Production No. 9 seeks "any and all DOCUMENTS" that refer or relate to
7  CDCR's identification of appropriate sites for the construction of up to 6,000 reentry beds under
8  the rubric of AB 900. Consequently, DEFENDANTS' response to Request for Production No. 9
9  already encompasses the requested category of DOCUMENTS.

10

11 **REQUEST FOR PRODUCTION NO. 11:**

12  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
13  RELATE TO any TIMETABLE for the DEPARTMENT to acquire land, design, construct and
14  renovate in order to construct 6,000 additional prison beds, under § 15819.40(b) of AB 900
15  (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S
16  progress in meeting such a TIMETABLE.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18  DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
19  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
20  critical analysis privilege, and official information privilege. DEFENDANTS object that the
21  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
22  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,
23  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the
24  request. DEFENDANTS also object to disclosing detailed information regarding the
25  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,
26  points of access, and construction design details because release of this information could
27  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the
28  request is ambiguous and confusing because while the text of AB 900 references certain sections

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

16

1 | of the California Government Code, AB 900 does not contain a section 15819.40(b).

2 | DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

3 | confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

4 | Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

5 | May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

6 | by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

7 | Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

8 | TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

9 | present.

10 | Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11 | follows:

12 | DEFENDANTS will, in accordance with the rolling production described above, produce

13 | all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

14 | RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

15 | CDCR's planned construction of up to 6,000 reentry beds under the rubric of AB 900, which in

16 | DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff, and/or the

17 | public.

18 |

19 | **REQUEST FOR PRODUCTION NO. 12:**

20 | Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

21 | RELATE TO the DEPARTMENT'S consideration of possible sites for the construction of new

22 | buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24 | DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

25 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

26 | critical analysis privilege, and official information privilege. DEFENDANTS object that the

27 | request seeks DOCUMENTS that infringe on the privacy rights of third parties.

28 | DEFENDANTS object that the inclusion of the phrase "consideration of possible sites" renders

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                         *Plata v. Schwarzenegger*, Case No. 01-1351

17

1  the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the

2  parameters of the request. DEFENDANTS also object to disclosing detailed information

3  regarding the architectural specifications, renderings, blueprints, infrastructure layout, building

4  footprints, points of access, and construction design details because release of this information

5  could jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object

6  that the request seeks DOCUMENTS outside of DEFENDANTS' custody and control.

7  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

8  900 references certain sections of the California Government Code, AB 900 does not contain a

9  section 15819.40(c). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

10  are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

11  and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

12  Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

13  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

14  present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret

15  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

16  2, 2007 to the present.

17       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

18  follows:

19       DEFENDANTS state that this request addresses additional beds or treatment space that are

20  within documents equally available to PLAINTIFFS, namely the mental health consolidated care

21  center or other mental health beds described in Defendants submitted mental health bed plans

22  (see response to request number 1) in the *Coleman* case.

23       DEFENDANTS will, in accordance with the rolling production described above, produce

24  all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

25  in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

26  consideration of sites for the construction of buildings to treat or house 6,000 inmates under the

27  rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

28  custody staff, and/or the public.

Defs.' Resp. to Pls.'                                               *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                              *Plata v. Schwarzenegger,* Case No. 01-1351

18

1 **REQUEST FOR PRODUCTION NO. 13:**

2 Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
3 RELATE TO any COMMUNICATION from any local entity, INCLUDING any local
4 community group and/or local government officials, regarding the sites for construction of new
5 buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7 DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
8 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
9 critical analysis privilege, and official information privilege. DEFENDANTS object that the
10 request seeks DOCUMENTS that infringe on the privacy rights of third parties.
11 DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request
12 ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters
13 of the request. DEFENDANTS object that the request seeks DOCUMENTS outside of
14 DEFENDANTS' custody and control. DEFENDANTS also object to disclosing detailed
15 information regarding the architectural specifications, renderings, blueprints, infrastructure
16 layout, building footprints, points of access, and construction design details because release of
17 this information could jeopardize the safety of inmates, custody staff, and/or the public.
18 DEFENDANTS object that the request is ambiguous and confusing because while the text of AB
19 900 references certain sections of the California Government Code, AB 900 does not contain a
20 section 15819.40(c). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900
21 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety
22 and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold
23 Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,
24 however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the
25 present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret
26 RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May
27 2, 2007 to the present. DEFENDANTS object to this request as redundant and therefore unduly
28 burdensome because Request for Production No. 12 seeks "any and all DOCUMENTS" that refer

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

19

1 || or relate to CDCR's consideration of possible sites for the construction of buildings to treat or

2 || house 6,000 inmates under the rubric of AB 900. Consequently, DEFENDANTS' response to

3 || Request for Production No. 12 already encompasses the requested category of DOCUMENTS.

4

5 || **REQUEST FOR PRODUCTION NO. 14:**

6 ||     Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7 || RELATE TO any TIMETABLE for the DEPARTMENT to construct new buildings to treat or

8 || house 6,000 inmates under § 15819.40(c) of AB 900, INCLUDING any DOCUMENTS

9 || RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

10 || **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

11 ||     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

12 || the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

13 || critical analysis privilege, and official information privilege. DEFENDANTS object that the

14 || request seeks DOCUMENTS that infringe on the privacy rights of third parties.

15 DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

16 ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

17 of the request. DEFENDANTS object that the request seeks DOCUMENTS outside of

18 DEFENDANTS' custody and control. DEFENDANTS also object to disclosing detailed

19 information regarding the architectural specifications, renderings, blueprints, infrastructure

20 layout, building footprints, points of access, and construction design details because release of

21 this information could jeopardize the safety of inmates, custody staff, and/or the public.

22 DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

23 900 references certain sections of the California Government Code, AB 900 does not contain a

24 section 15819.40(c). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

25 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

26 and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

27 Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

28 however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

Defs.' Resp. to Pls.'                                 *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                           *Plata v. Schwarzenegger,* Case No. 01-1351

20

present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the present.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

DEFENDANTS will, in accordance with the rolling production described above, produce all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for CDCR's planned construction of buildings to treat or house 6,000 inmates under the rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff, and/or the public.

## REQUEST FOR PRODUCTION NO. 15:

Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the identification of appropriate sites to add up to 4,000 additional prison beds, under §15819.41(a) of AB900.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS object that the request seeks DOCUMENTS that infringe on the privacy rights of third parties.

DEFENDANTS object that the inclusion of the phrase "identification of appropriate sites" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the request. DEFENDANTS also object to disclosing detailed information regarding the architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access, and construction design details because release of this information could jeopardize the safety of inmates, custody staff, and/or the public.

DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

21

1 | 900 references certain sections of the California Government Code, AB 900 does not contain a

2 | section 15819.41(a). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

3 | are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

4 | and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

5 | Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

6 | however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

7 | present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret

8 | RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

9 | 2, 2007 to the present.

10 |    Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11 | follows:

12 |    DEFENDANTS will, in accordance with the rolling production described above, produce

13 | all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

14 | RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

15 | identification of sites for the construction of up to 4,000 additional prison beds under the rubric

16 | of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

17 | custody staff, and/or the public.

18 |

19 | **REQUEST FOR PRODUCTION NO. 16:**

20 |    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

21 | RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

22 | community group and/or local government officials, regarding the sites to add up to 4,000

23 | additional prison beds, under §15819.41(a) of AB900.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25 |    DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

26 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

27 | critical analysis privilege, and official information privilege. DEFENDANTS object that the

28 | request seeks DOCUMENTS that infringe on the privacy rights of third parties.

Defs.' Resp. to Pls.'                                          *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                            *Plata v. Schwarzenegger,* Case No. 01-1351

22

1    DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

2    ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

3    of the request. DEFENDANTS also object to disclosing detailed information regarding the

4    architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

5    points of access, and construction design details because release of this information could

6    jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

7    request is ambiguous and confusing because while the text of AB 900 references certain sections

8    of the California Government Code, AB 900 does not contain a section 15819.41(a).

9    DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

10   confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

11   Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

12   May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

13   by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

14   Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

15   TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

16   present. DEFENDANTS object to this request as redundant and therefore unduly burdensome

17   because Request for Production No. 15 seeks "any and all DOCUMENTS" that refer or relate to

18   CDCR's identification of appropriate sites for the construction of up to 4,000 additional prison

19   beds under the rubric of AB 900. Consequently, DEFENDANTS' response to Request for

20   Production No. 15 already encompasses the requested category of DOCUMENTS.

21

22   **REQUEST FOR PRODUCTION NO. 17:**

23        Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

24   RELATE TO any TIMETABLE for the DEPARTMENT to design, construct, and renovate

25   existing facilities in order to add up to 4,000 additional beds under §15819.41(a) of AB900,

26   INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting

27   such a TIMETABLE.

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger*, Case No. 01-1351

23

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

5  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

6  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

7  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

8  of the request.  DEFENDANTS also object to disclosing detailed information regarding the

9  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

10  points of access, and construction design details because release of this information could

11  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

12  request is ambiguous and confusing because while the text of AB 900 references certain sections

13  of the California Government Code, AB 900 does not contain a section 15819.41(a).

14  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

15  confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

16  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

17  May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

18  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present."  (Req. for

19  Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

20  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

21  present.

22      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

23  follows:

24      DEFENDANTS will, in accordance with the rolling production described above, produce

25  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

26  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

27  CDCR's planned construction of up to 4,000 additional prison beds under the rubric of AB 900,

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger*, Case No. 01-1351

24

1 | which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

2 | and/or the public.

3

4 | **REQUEST FOR PRODUCTION NO. 18:**

5 | Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

6 | RELATE TO the DEPARTMENT'S identification of appropriate sites to construct new

7 | buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB900.

8 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

9 | DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

10 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11 | critical analysis privilege, and official information privilege. DEFENDANTS object that the

12 | request seeks DOCUMENTS that infringe on the privacy rights of third parties.

13 | DEFENDANTS object that the inclusion of the phrase "identification of appropriate sites"

14 | renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not

15 | defined the parameters of the request. DEFENDANTS object that the request seeks

16 | DOCUMENTS outside of DEFENDANTS' custody and control. DEFENDANTS also object to

17 | disclosing detailed information regarding the architectural specifications, renderings, blueprints,

18 | infrastructure layout, building footprints, points of access, and construction design details

19 | because release of this information could jeopardize the safety of inmates, custody staff, and/or

20 | the public. DEFENDANTS object that the request is ambiguous and confusing because while

21 | the text of AB 900 references certain sections of the California Government Code, AB 900 does

22 | not contain a section 15819.41(b). DEFENDANTS object that the RELEVANT TIME PERIOD

23 | and AB 900 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the

24 | Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor

25 | Arnold Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME

26 | PERIOD, however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until

27 | the present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger,* Case No. 01-1351

25

1   interpret RELEVANT TIME PERIOD for the purposes of this request to mean the time period

2   from May 2, 2007 to the present.

3       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4   follows:

5       DEFENDANTS will, in accordance with the rolling production described above, produce

6   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

7   RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

8   identification of sites for the construction of up to 2,000 additional prison beds under the rubric

9   of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

10  custody staff, and/or the public.

11

12  **REQUEST FOR PRODUCTION NO. 19:**

13      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

14  RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

15  community group and/or local government officials, regarding the sites for the construction of

16  new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

18      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

19  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

20  critical analysis privilege, and official information privilege. DEFENDANTS object that the

21  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

22  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

23  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

24  of the request. DEFENDANTS also object to disclosing detailed information regarding the

25  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

26  points of access, and construction design details because release of this information could

27  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

28  request seeks DOCUMENTS outside of DEFENDANTS' custody and control. DEFENDANTS

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One                              *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                                *Plata v. Schwarzenegger,* Case No. 01-1351

26

1  object that the request is ambiguous and confusing because while the text of AB 900 references

2  certain sections of the California Government Code, AB 900 does not contain a section

3  15819.41(b).  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are

4  inconsistent and confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and

5  Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

6  Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD,

7  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

8  present." (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

9  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

10  2, 2007 to the present.  DEFENDANTS object to this request as redundant and therefore unduly

11  burdensome because Request for Production No. 18 seeks "any and all DOCUMENTS" that refer

12  or relate to CDCR's identification of appropriate sites for the construction of up to 2,000

13  additional prison beds under the rubric of AB 900.  Consequently, DEFENDANTS' response to

14  Request for Production No. 18 already encompasses the requested category of DOCUMENTS.

15

16  **REQUEST FOR PRODUCTION NO. 20:**

17      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

18  RELATE TO any TIMETABLE for the DEPARTMENT to design, construct, and establish new

19  buildings to treat or house 2,000 inmates under § 15819.41(b) of AB 900, INCLUDING any

20  DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a

21  TIMETABLE.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

23      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

26  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

27  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

28  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

Defs.' Resp. to Pls.'                                          *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                            *Plata v. Schwarzenegger*, Case No. 01-1351

27

1 of the request. DEFENDANTS object that the request seeks DOCUMENTS outside of
2 DEFENDANTS' custody and control. DEFENDANTS also object to disclosing detailed
3 information regarding the architectural specifications, renderings, blueprints, infrastructure
4 layout, building footprints, points of access, and construction design details because release of
5 this information could jeopardize the safety of inmates, custody staff, and/or the public.
6 DEFENDANTS object that the request is ambiguous and confusing because while the text of AB
7 900 references certain sections of the California Government Code, AB 900 does not contain a
8 section 15819.41(b). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900
9 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety
10 and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold
11 Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,
12 however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the
13 present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret
14 RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May
15 2, 2007 to the present.

16 Subject to and without waiving the foregoing objections, DEFENDANTS respond as
17 follows:

18 DEFENDANTS will, in accordance with the rolling production described above, produce
19 all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
20 RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for
21 CDCR's planned construction of up to 2,000 additional prison beds under the rubric of AB 900,
22 which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,
23 and/or the public.

24

25 **REQUEST FOR PRODUCTION NO. 21:**

26 Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
27 RELATE TO any TIMETABLE for the DEPARTMENT'S identification of appropriate sites to

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger,* Case No. 01-1351

28

1  construct, establish and operate reentry program facilities that will house 10,000 inmates, under §

2  15819.41(c) of AB 900.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

4      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

5  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

6  critical analysis privilege, and official information privilege. DEFENDANTS object that the

7  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

8  DEFENDANTS object that the inclusion of the phrase "identification of appropriate sites"

9  renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not

10  defined the parameters of the request. DEFENDANTS also object to disclosing detailed

11  information regarding the architectural specifications, renderings, blueprints, infrastructure

12  layout, building footprints, points of access, and construction design details because release of

13  this information could jeopardize the safety of inmates, custody staff, and/or the public.

14  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

15  900 references certain sections of the California Government Code, AB 900 does not contain a

16  section 15819.41(c). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

17  are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

18  and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

19  Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

20  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

21  present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret

22  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

23  2, 2007 to the present.

24      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

25  follows:

26      DEFENDANTS will, in accordance with the rolling production described above, produce

27  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

28  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

Defs.' Resp. to Pls.'                                          *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                          *Plata v. Schwarzenegger,* Case No. 01-1351

29

1  identification of sites for the construction of reentry program facilities that will house 10,000
2  inmates under the rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the
3  safety of inmates, custody staff, and/or the public.

4

5  **REQUEST FOR PRODUCTION NO. 22:**

6      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
7  RELATE TO any COMMUNICATION from any local entity, INCLUDING any local
8  community group and/or local government officials, regarding the sites for the construction,
9  establishment and/or operation of reentry program facilities to house 10,000 inmates, under §
10  15819.41(c) of AB 900.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
13  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
14  critical analysis privilege, and official information privilege. DEFENDANTS object that the
15  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

16  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request
17  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters
18  of the request. DEFENDANTS also object to disclosing detailed information regarding the
19  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,
20  points of access, and construction design details because release of this information could
21  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the
22  request is ambiguous and confusing because while the text of AB 900 references certain sections
23  of the California Government Code, AB 900 does not contain a section 15819.41(c).
24  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and
25  confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender
26  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on
27  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined
28  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

30

1  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

2  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

3  present. DEFENDANTS object to this request as redundant and therefore unduly burdensome

4  because Request for Production No. 21 seeks "any and all DOCUMENTS" that refer or relate to

5  CDCR's identification of appropriate sites for the construction of reentry program facilities that

6  will house 10,000 inmates under the rubric of AB 900. Consequently, DEFENDANTS' response

7  to Request for Production No. 21 already encompasses the requested category of DOCUMENTS.

8

9  **REQUEST FOR PRODUCTION NO. 23:**

10      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

11  RELATE TO any TIMETABLE for the DEPARTMENT to construct, establish and operate

12  reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of AB 900

13  (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S

14  progress in meeting such a TIMETABLE.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

16      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

17  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

18  critical analysis privilege, and official information privilege. DEFENDANTS object that the

19  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

20  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

21  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

22  of the request. DEFENDANTS also object to disclosing detailed information regarding the

23  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

24  points of access, and construction design details because release of this information could

25  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

26  request is ambiguous and confusing because while the text of AB 900 references certain sections

27  of the California Government Code, AB 900 does not contain a section 15819.41(c).

28  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

Defs.' Resp. to Pls.'                                                    Coleman v. Schwarzenegger, Case No. 90-0520
Req. for Produc. of Docs., Set One                                  Plata v. Schwarzenegger, Case No. 01-1351

31

1   confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

2   Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

3   May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

4   by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

5   Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

6   TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

7   present.

8        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

9   follows:

10       DEFENDANTS will, in accordance with the rolling production described above, produce

11  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

12  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

13  CDCR's planned construction of reentry program facilities that will house 10,000 inmates under

14  the rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of

15  inmates, custody staff, and/or the public.

16

17  **REQUEST FOR PRODUCTION NO. 24:**

18       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

19  RELATE TO any TIMETABLE for the transfers of inmates out of state under §11191 of AB900,

20  INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting

21  such a TIMETABLE.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25  critical analysis privilege, and official information privilege. DEFENDANTS object that the

26  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

27  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

28  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

Defs.' Resp. to Pls.'                                      *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                         *Plata v. Schwarzenegger,* Case No. 01-1351

1 | of the request. DEFENDANTS object to the request as unduly burdensome as responsive

2 | DOCUMENTS have already been disclosed in the course of the *Coleman* litigation and

3 | information regarding out-of-state transfers is equally available on CDCR's website.

4 | DEFENDANTS also object to disclosing detailed information regarding inmate movement,

5 | transport, and transfer because release of this information could jeopardize the safety of inmates,

6 | custody staff, and/or the public. DEFENDANTS object that the request is ambiguous and

7 | confusing because while the text of AB 900 references certain sections of the California

8 | Government Code, AB 900 does not contain a section 11191. DEFENDANTS object that the

9 | RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing. As defined by

10 | PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services Act of

11 | 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007." (Req. for

12 | Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined by PLAINTIFFS as "the

13 | time period from April 4, 2006 . . . until the present." (Req. for Production 4:12-14.) To resolve

14 | this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of

15 | this request to mean the time period from May 2, 2007 to the present.

16 | Subject to and without waiving the foregoing objections, DEFENDANTS respond as

17 | follows:

18 | DEFENDANTS state that this request addresses out-of-state transfer timetables that are

19 | within documents equally available to PLAINTIFFS, namely the already-produced activation

20 | schedules and the Governor's Emergency Proclamation of October 2006 providing certain

21 | criteria for out-of-state transfer.

22 | DEFENDANTS will, in accordance with the rolling production described above, produce

23 | all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

24 | in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of

25 | timetables for CDCR's planned transfers of inmates to out-of-state facilities under the rubric of

26 | AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

27 | staff, and/or the public.

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

33

1  **REQUEST FOR PRODUCTION NO. 25:**

2    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
3  RELATE TO the DEPARTMENT'S ability or lack of ability to hire and/or retain medical and
4  mental health staff in PRISONS, INCLUDING but not limited to any studies or analyses of the
5  effect of AB900 on medical and mental health staffing levels.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7    DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
9  critical analysis privilege, and official information privilege. DEFENDANTS object that the
10 request seeks DOCUMENTS that infringe on the privacy rights of third parties.

11 DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request
12 ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters
13 of the request. DEFENDANTS object that the request seeks DOCUMENTS outside of
14 DEFENDANTS' custody and control. DEFENDANTS object to the request as unduly
15 burdensome as responsive DOCUMENTS have already been provided to PLAINTIFFS in the
16 course of the *Plata* litigation. DEFENDANTS object that the RELEVANT TIME PERIOD and
17 AB 900 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public
18 Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold
19 Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,
20 however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the
21 present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret
22 RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May
23 2, 2007 to the present.

24    Subject to and without waiving the foregoing objections, DEFENDANTS respond as
25 follows:

26    DEFENDANTS state that this request addresses recruitment and hiring issues that are
27 already detailed within documents equally available to Plaintiffs, namely:

28    1.    The *Coleman* monthly report submitted to Special Master Keating and Plaintiffs;

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger,* Case No. 01-1351

34

1    2.   The DMH pay parity plan, filed with the *Coleman* court in June 2007;

2    3.   The CDCR recruitment plan, filed with the *Coleman* court in October 2007.

3    4.   The DMH plan to open 125 beds at Atascadero State Hospital for *Coleman* class

4         members, filed with the *Coleman* court in August 2007.

5    5.   The CDCR proposed resolution to the State Personnel Board to compress hiring

6         ranks for certain *Coleman* clinical positions, and the resulting State Personnel

7         Board resolution issued in June 2007.

8    6.   Defendants' plan to address pay parity with DMH clinicians, filed with the

9         *Coleman* court on April 2, 2007, with attached letter requesting the Legislature to

10        authorize $1 million in funding to support the recruitment of psychiatric and

11        medical services staff within state institutions.

12   7.   Defendants' response to the court order to address staffing vacancies within

13        DMH, filed with the *Coleman* court on May 16, 2007.

14   DEFENDANTS will, in accordance with the rolling production described above, produce

15 all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

16 in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

17 ability to hire or retain medical and mental health staff in PRISONS.

18

19 **REQUEST FOR PRODUCTION NO. 26:**

20   Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

21 RELATE TO any studies or analyses of the effect of AB900 on medical and mental health care at

22 the PRISONS.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

24   DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

25 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

26 critical analysis privilege, and official information privilege. DEFENDANTS object that the

27 request seeks DOCUMENTS that infringe on the privacy rights of third parties.

28 DEFENDANTS object that the inclusion of the phrase "studies or analyses" renders the request

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                        *Plata v. Schwarzenegger,* Case No. 01-1351

35

2:90-cv-00520-KJM-SCR Document 2523 Filed 10/26/07 Page 36 of 48

1  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters
2  of the request. DEFENDANTS object that the request seeks DOCUMENTS outside of
3  DEFENDANTS' custody and control. DEFENDANTS object that the RELEVANT TIME
4  PERIOD and AB 900 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900
5  "means the Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by
6  Governor Arnold Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT
7  TIME PERIOD, however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . :
8  until the present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS
9  interpret RELEVANT TIME PERIOD for the purposes of this request to mean the time period
10  from May 2, 2007 to the present.

11  Subject to and without waiving the foregoing objections, DEFENDANTS respond as
12  follows:

13  DEFENDANTS will, in accordance with the rolling production described above, produce
14  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
15  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of studies or
16  analyses of the effect of AB900 on medical and mental health care in PRISONS.

17

18  **REQUEST FOR PRODUCTION NO. 27:**

19  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
20  RELATE TO any measure(s) that YOU have initiated or considered in order to reduce prison
21  populations, other than the measures set forth in AB900.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

23  DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
25  critical analysis privilege, and official information privilege. DEFENDANTS object that the
26  request seeks DOCUMENTS that infringe on the privacy rights of third parties.
27  DEFENDANTS object that the inclusion of the phrases "initiated or considered" and "any
28  measure(s)" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger*, Case No. 01-1351

36

1   have not defined the parameters of the request. DEFENDANTS object to this request which
2   encompasses plans considered, but not adopted, which are subject to the deliberative process
3   privilege. DEFENDANTS object that the requested DOCUMENTS to the extent they relate to
4   measures already initiated to address California's prison population are equally available to
5   PLAINTIFFS as these measures have already been disclosed in both *Plata* and *Coleman*.

6       Subject to and without waiving the foregoing objections, DEFENDANTS respond as
7   follows:

8       DEFENDANTS will, in accordance with the rolling production described above, produce
9   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
10  RELEVANT TIME PERIOD regarding measures already initiated to address California's prison
11  population.

12

13  **REQUEST FOR PRODUCTION NO. 28:**

14      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE
15  TO any contingency plans, other than population reducing measures, that YOU have considered
16  initiating when, in YOUR estimation, the PRISONS reach their MAXIMUM CAPACITY.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

18      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
19  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
20  critical analysis privilege, and official information privilege. DEFENDANTS object that the
21  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
22  object that the inclusion of the phrases "contingency plans," "population reducing measures," and
23  "considered initiating" renders the request ambiguous, overbroad, and unduly burdensome as
24  PLAINTIFFS have not defined the parameters of the request. DEFENDANTS also object to
25  disclosing detailed information regarding the architectural specifications, renderings, blueprints,
26  infrastructure layout, building footprints, points of access, and construction design details
27  because release of this information could jeopardize the safety of inmates, custody staff, and/or
28  the public. DEFENDANTS object to this request which encompasses plans considered, but not

Defs.' Resp. to Pls.'                                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                                      *Plata v. Schwarzenegger*, Case No. 01-1351

37

1   adopted, which are subject to the deliberative process privilege. DEFENDANTS object that the

2   requested DOCUMENTS to the extent they relate to measures actually initiated or adopted to

3   address prison capacity are equally available to PLAINTIFFS as these measures have already

4   been disclosed in both *Plata* and *Coleman*. DEFENDANTS object that the term MAXIMUM

5   CAPACITY is argumentative, speculative, and improperly calls for expert testimony.

6       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

7   follows:

8       DEFENDANTS will, in accordance with the rolling production described above, produce

9   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

10  RELEVANT TIME PERIOD regarding measures actually initiated or adopted to address prison

11  capacity, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

12  staff, and/or the public.

13

14  **REQUEST FOR PRODUCTION NO. 29:**

15      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE

16  TO YOUR or the DEPARTMENT'S determination of the MAXIMUM CAPACITY of any

17  PRISON or the prison system as a whole.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

19      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

20  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

21  critical analysis privilege, and official information privilege. DEFENDANTS object that the

22  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

23  object that the inclusion of the undefined word "determination" renders the request ambiguous,

24  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

25  request. DEFENDANTS also object to disclosing detailed information regarding the

26  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

27  points of access, and construction design details because release of this information could

28  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object to this

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger,* Case No. 01-1351

38

1    request which encompasses positions considered, but not adopted, which are subject to the

2    deliberative process privilege. DEFENDANTS object that the requested DOCUMENTS to the

3    extent they relate to CDCR's final determination regarding prison capacity are equally available

4    to PLAINTIFFS as this determination has already been disclosed in both *Plata* and *Coleman*.

5    DEFENDANTS object that the term MAXIMUM CAPACITY is argumentative, speculative, and

6    improperly calls for expert testimony.

7        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

8    follows:

9        DEFENDANTS will, in accordance with the rolling production described above, produce

10   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

11   RELEVANT TIME PERIOD regarding CDCR's final determination regarding prison capacity,

12   which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

13   and/or the public.

14

15   **REQUEST FOR PRODUCTION NO. 30:**

16       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that refer or

17   RELATE TO any TIMETABLE for obtaining the funding to implement AB 900, INCLUDING

18   any DOCUMENTS RELATING TO YOUR progress in meeting such a TIMETABLE.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

20       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

21   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22   critical analysis privilege, and official information privilege. DEFENDANTS object that the

23   request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

24   object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

25   overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

26   request. DEFENDANTS object to this request because it is the subject of pending litigation

27   brought by Taxpayers for Improving Public Safety (TIPS). DEFENDANTS object that the

28   request seeks DOCUMENTS outside of DEFENDANTS' custody and control. DEFENDANTS

Defs.' Resp. to Pls.'                                  *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                     *Plata v. Schwarzenegger*, Case No. 01-1351

39

1   object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing. As

2   defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services

3   Act of 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007." (Req. for

4   Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined by PLAINTIFFS as "the

5   time period from April 4, 2006 . . . until the present." (Req. for Production 4:12-14.) To resolve

6   this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of

7   this request to mean the time period from May 2, 2007 to the present.

8       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

9   follows:

10      DEFENDANTS will, in accordance with the rolling production described above, produce

11  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

12  RELEVANT TIME PERIOD as understood by DEFENDANTS which reflect the timetable for

13  obtaining funding to implement AB 900.

14

15  **REQUEST FOR PRODUCTION NO. 31:**

16      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

17  RELATE TO any consideration of placing limitations on the Prison population.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

19      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

20  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

21  critical analysis privilege, and official information privilege. DEFENDANTS object that the

22  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

23  object that the inclusion of the phrases "any consideration" and "placing limitations" renders the

24  request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the

25  parameters of the request. DEFENDANTS object to this request which encompasses measures

26  considered, but not adopted, which are subject to the deliberative process privilege.

27  DEFENDANTS object that the requested DOCUMENTS to the extent they relate to measures

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger,* Case No. 01-1351

40

1   actually initiated or adopted are equally available to PLAINTIFFS as these measures have already

2   been disclosed in both *Plata* and *Coleman*.

3       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4   follows:

5       DEFENDANTS will, in accordance with the rolling production described above, produce

6   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

7   RELEVANT TIME PERIOD which reflect measures actually initiated or adopted to address the

8   size of CDCR's prison population.

9

10  **REQUEST FOR PRODUCTION NO. 32:**

11      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

12  RELATE TO any consideration of the effects of sentencing reform on the PRISON population.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

15  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

16  critical analysis privilege, and official information privilege. DEFENDANTS object that the

17  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

18  object that the inclusion of the phrases "any consideration" and "sentencing reform"renders the

19  request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the

20  parameters of the request. DEFENDANTS object to this request which encompasses measures

21  considered, but not adopted, which are subject to the deliberative process privilege.

22  DEFENDANTS object that the request is neither relevant to any claim or defense asserted in the

23  PROCEEDING nor reasonably calculated to lead to the discovery of admissible evidence. The

24  Three-Judge Panel does not possess the authority to order the State of California to adopt

25  sentencing reform under the doctrine of separation of powers, as well as precepts of federalism.

26  Moreover, although the Three-Judge Panel has jurisdiction over the parties in the

27  PROCEEDING, PLAINTIFFS in this matter have already been sentenced and are incarcerated.

28  The Three-Judge Panel's jurisdiction does not extend to those individuals who may possibly be

Defs.' Resp. to Pls.'                                      *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                        *Plata v. Schwarzenegger*, Case No. 01-1351

41

1  sentenced in the future.  Moreover, neither PLAINTIFFS nor the *Coleman* class members have

2  pleaded a cause of action challenging the constitutionality of California's sentencing scheme.

3  Therefore, the issue is not properly before the Three-Judge Panel.  Unless there is an actual case

4  or controversy regarding California's sentencing statutes, neither the Three-Judge Panel nor the

5  Federal Courts possess jurisdiction to consider the matter.

6

7  **REQUEST FOR PRODUCTION NO. 33:**

8  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

9  RELATE TO any consideration of the effects of sentencing commission on the PRISON

10  population.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

12  DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

13  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

14  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

15  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

16  object that the inclusion of the phrases "any consideration" and "effects of sentencing

17  commission" renders the request ambiguous, overbroad, and unduly burdensome as

18  PLAINTIFFS have not defined the parameters of the request.  DEFENDANTS object to this

19  request which encompasses measures considered, but not adopted, which are subject to the

20  deliberative process privilege.  DEFENDANTS object that the request is neither relevant to any

21  claim or defense asserted in the PROCEEDING nor reasonably calculated to lead to the

22  discovery of admissible evidence.  The Three-Judge Panel does not possess the authority to order

23  the State of California to empanel a sentencing commission under the doctrine of separation of

24  powers, as well as precepts of federalism.  Moreover, although the Three-Judge Panel has

25  jurisdiction over the parties in the PROCEEDING, PLAINTIFFS in this matter have already been

26  sentenced and are incarcerated.  The Three-Judge Panel's jurisdiction does not extend to those

27  individuals who may possibly be sentenced in the future.  Moreover, neither PLAINTIFFS nor

28  the *Coleman* class members have pleaded a cause of action challenging the constitutionality of

Defs.' Resp. to Pls.'                                                   *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                                     *Plata v. Schwarzenegger,* Case No. 01-1351

42

1 California's sentencing scheme. Therefore, the issue is not properly before the Three-Judge

2 Panel. Unless there is an actual case or controversy regarding California's sentencing statutes,

3 neither the Three-Judge Panel nor the Federal Courts possess jurisdiction to consider the matter.

4

5 **REQUEST FOR PRODUCTION NO. 34:**

6 Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7 RELATE TO any consideration of the effects of any changes in parole policies on the PRISON

8 population.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10 DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

11 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12 critical analysis privilege, and official information privilege. DEFENDANTS object that the

13 request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

14 object that the inclusion of the phrases "any consideration," "effects of any changes," and "parole

15 policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

16 have not defined the parameters of the request. DEFENDANTS object to this request which

17 encompasses measures considered, but not adopted, which are subject to the deliberative process

18 privilege.

19 Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20 follows:

21 DEFENDANTS will, in accordance with the rolling production described above, produce

22 all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

23 RELEVANT TIME PERIOD which relate to the effect changes in parole policies actually

24 initiated or adopted will have on the PRISON population.

25

26 **REQUEST FOR PRODUCTION NO. 35:**

27 Any and all DOCUMENTS that REFER or RELATE TO the comprehensive analysis of

28 existing CDCR beds, programming space, clinical/mental health space, infrastructure capacities,

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger,* Case No. 90-0520
Req. for Produc. of Docs., Set One                        *Plata v. Schwarzenegger,* Case No. 01-1351

43

1  and projected mitigation referenced at 2:6-8 of the Declaration Of Scott Kernan In Support Of

2  Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A Three

3  Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

5  DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

6  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

7  critical analysis privilege, and official information privilege. DEFENDANTS object that the

8  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

9  object that the request is overbroad and unduly burdensome because it is not specific as to time.

10  In accordance with DEFENDANTS' Responses to Requests for Production No. 1, 3, 4, 5, 6, 7, 8,

11  9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 30, DEFENDANTS

12  interpret the request to include a RELEVANT TIME PERIOD limitation consisting of the time

13  period from May 2, 2007 to the present. DEFENDANTS object that the requested

14  DOCUMENTS are equally available to PLAINTIFFS as these DOCUMENTS have already been

15  produced to PLAINTIFFS in *Coleman*.

16  Subject to and without waiving the foregoing objections, DEFENDANTS respond as

17  follows:

18  DEFENDANTS will, in accordance with the rolling production described above, produce

19  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

20  RELEVANT TIME PERIOD as understood by DEFENDANTS which reflect existing CDCR

21  beds, programming space, clinical/mental health space, and infrastructure capacities.

22

23  **REQUEST FOR PRODUCTION NO. 36:**

24  Any and all DOCUMENTS that REFER or RELATE TO the analysis of additional capacity

25  available within the state referenced at 2:8-12 of the Declaration Of Scott Kernan In Support Of

26  Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A Three

27  Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger*, Case No. 01-1351

44

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4  critical analysis privilege, and official information privilege. DEFENDANTS object that the

5  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

6  object that the request is overbroad and unduly burdensome because it is not specific as to time.

7  In accordance with DEFENDANTS' Responses to Requests for Production No. 1, 3, 4, 5, 6, 7, 8,

8  9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, and 35, DEFENDANTS

9  interpret the request to include a RELEVANT TIME PERIOD limitation consisting of the time

10  period from May 2, 2007 to the present. DEFENDANTS object that the requested

11  DOCUMENTS are equally available to PLAINTIFFS as these DOCUMENTS have already been

12  produced to PLAINTIFFS in *Coleman.*

13       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

14  follows:

15       DEFENDANTS will, in accordance with the rolling production described above, produce

16  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

17  RELEVANT TIME PERIOD as understood by DEFENDANTS which reflect California's prison

18  capacity.

19

20  **REQUEST FOR PRODUCTION NO. 37:**

21       Any and all memoranda and/or other COMMUNICATIONS that REFER or RELATE TO

22  any changes or clarifications of parole discharge policies.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

24       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

25  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

26  critical analysis privilege, and official information privilege. DEFENDANTS object that the

27  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

28  object that the inclusion of the phrases "any changes or clarifications" and "parole discharge

1 policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

2 have not defined the parameters of the request. DEFENDANTS object to this request which

3 encompasses measures considered, but not adopted, which are subject to the deliberative process

4 privilege. DEFENDANTS object that the request is overbroad and unduly burdensome because

5 it is not specific as to time. In accordance with DEFENDANTS' Responses to Requests for

6 Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,

7 26, 30, 35, and 36, DEFENDANTS interpret the request to include a RELEVANT TIME

8 PERIOD limitation consisting of the time period from May 2, 2007 to the present.

9     Subject to and without waiving the foregoing objections, DEFENDANTS respond as

10 follows:

11     DEFENDANTS will, in accordance with the rolling production described above, produce

12 all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

13 RELEVANT TIME PERIOD as understood by DEFENDANTS which relate to actually initiated

14 or adopted changes or clarifications of parole discharge policies.

15

16 **REQUEST FOR PRODUCTION NO. 38:**

17     Any and all memoranda and/or other COMMUNICATIONS that REFER or RELATE TO

18 any changes and/or clarifications of parole revocation policies.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

20     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

21 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22 critical analysis privilege, and official information privilege. DEFENDANTS object that the

23 request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

24 object that the inclusion of the phrases "changes and/or clarifications" and "parole revocation

25 policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

26 have not defined the parameters of the request. DEFENDANTS object to this request which

27 encompasses measures considered, but not adopted, which are subject to the deliberative process

28 privilege. DEFENDANTS object that the request is overbroad and unduly burdensome because

Defs.' Resp. to Pls.'                                    Coleman v. Schwarzenegger, Case No. 90-0520
Req. for Produc. of Docs., Set One                          Plata v. Schwarzenegger, Case No. 01-1351

46

1  it is not specific as to time.  In accordance with DEFENDANTS' Responses to Requests for

2  Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,

3  26, 30, 35, 36, and 37, DEFENDANTS interpret the request to include a RELEVANT TIME

4  PERIOD limitation consisting of the time period from May 2, 2007 to the present.

5       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

6  follows:

7       DEFENDANTS will, in accordance with the rolling production described above, produce

8  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

9  RELEVANT TIME PERIOD as understood by DEFENDANTS which relate to actually initiated

10  or adopted changes or clarifications of parole revocation policies.

Dated:  October 25, 2007                    EDMUND G. BROWN JR.
                                            Attorney General of the State of California

                                    By: _____
                                            CHARLES J. ANTONEN
                                            Deputy Attorney General
                                            Attorneys for Defendants

## **DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:
No.:   **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On October 25, 2007, I served the attached by placing a true copy of **Declaration of Brown Regarding Privilege Documents, Declaration of McKeever Regarding Privilege Documents, Declaration of Radavsky Regarding Privilege Documents, Declaration of Kernan Regarding Privilege Documents, and Defendants' Responses to Plaintiffs' First Set of Request for Production of Documents** thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Sacramento, California, addressed as follows:

Donald Specter
Prison Law Office
2173 'E' Francisco Blvd., Suite M
San Rafael, CA 94901

Michael Bien
Rosen, Bien and Galvan
315 MONTGOMERY STREET, 10TH
FLOOR
SAN FRANCISCO, CALIFORNIA 94104

Office of the Court Clerk
Senior Magistrate Judge John F. Moulds
United States District Court
Eastern District Of California
501 "I" Street
Sacramento, 95814

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 25, 2007, at Sacramento, California.

| E. Torres | |
|-----------|--|
| Declarant | Signature |