1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8 | Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov
9 |
Attorneys for Defendants
10 |

**FILED**

OCT 2 6 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

11        IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13        AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                        Plaintiffs, | **THREE JUDGE COURT** |
| 19           v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                       Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 23                        Plaintiffs, | |
| 24           v. | **THREE JUDGE COURT** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | **DECLARATION OF DOUG MCKEEVER REGARDING PRIVILEGED DOCUMENTS** |
| 26                       Defendants. | |

27        I, Doug McKeever, declare:

28        1. I am employed by the Division of Correctional Health Care Services for

Decl. of Doug McKeever re Privileged Documents

1

1  the California Department of Corrections and Rehabilitation (CDCR). From January 2005 to
2  October 2006, I held the position of Project Director, and was responsible for the development
3  and preparation of projects arising from the Coleman v. Schwarzenegger litigation. Since
4  October 2006, I have held the position of Director of Mental Health Services, with direct
5  oversight over the program and responsibility for policy development and implementation for the
6  statewide mental health program of the Division of Correctional Health Care Services. In both
7  positions, I led a multi-agency work group dedicated to creating and implementing short-term,
8  interim, and long-range mental health bed plans.

9      2. I have personal knowledge of the facts stated in this declaration and if called to testify
10 upon those facts would do so competently.

11     3. In my capacity as Director of Mental Health Services, I am responsible for overseeing
12 the management and operation of the mental health services delivery system in California's
13 prisons. I am familiar with CDCR's regulations, policies, practices, and procedures concerning
14 mental health bed plans, treatment and housing options; mental health services staff recruitment
15 and retention; and population projections for mentally ill inmates. In addition, I am familiar
16 with, and an instrumental participant in, development of such policies and procedures.

17     4. I have reviewed Plaintiffs' Requests for Production of Documents propounded in the
18 Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM
19 P, and *Plata v. Schwarzenegger*, C01-1351 TEH. I am familiar with the documents generated by
20 this agency which may be responsive to Plaintiffs' requests. Certain items within those
21 categories of documents are privileged.

22     5. Policy, planning and procedural documents for the mental health services delivery
23 system are drafted, revised, discussed, debated and redrafted before finalization. Once finalized,
24 copies of many documents reflecting policies and procedures are routinely provided to Special
25 Master Keating, his staff and Plaintiffs' counsel. Although final products will be produced,
26 CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation
27 and discussion prior to adoption of a final product.

28     6. I participate in many committees which meet to develop ideas, evaluate options,

Decl. of Doug McKeever re Privileged Documents

2

1  analyze courses of action, review past performance, and provide feedback in the development of
2  policies and procedures affecting all aspects of the mental health services delivery system
3  including design, construction, programming, and clinical and custodial staffing. These
4  functions are performed on a continuing basis. Information gathered and derived for purposes of
5  policy planning and analysis is considered confidential and is maintained in a confidential
6  manner. Finally, many policies and procedures affecting prison mental health services are
7  derived based upon budgetary and fiscal information for which the Governor and the Legislature
8  have final approval.

9          7. I am also familiar with the process associated with the derivation of the budget and
10  the development of draft budget change proposals for CDCR's internal review and revision
11  which are submitted to the Department of Finance and ultimately submitted to the Office of the
12  Governor for final approval.

13          8. I have provided documents in the possession of CDCR to counsel for the Defendants
14  in response to Plaintiffs' Requests for Production of Documents. These documents include draft
15  bed plans, mental health population projections prepared by a litigation consultant, associated e-
16  mails, documents developed to activate creative brainstorming, internal debate and analysis,
17  official information which is not made available to the public, and communications with
18  CDCR's attorneys regarding proposed courses of action as well as pending and anticipated
19  litigation. Such documents include recommendations, proposals, analysis, legal comments, and
20  other documents which reflect the personal opinion of the individual writers rather than the
21  policy of CDCR.

22          9. Many documents provided to counsel for Defendants are pre-decisional and bear on
23  the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of
24  the deliberative policy-making process which led to a final decision, or are leading to a future
25  final decision, regarding CDCR's policies, procedures, regulations, or amendments

26          10. Many potentially responsive documents were derived from a complex set of
27  judgments, projections, the study and evaluation of mental health treatment options, creative
28  recommendations and the assessment of possible solutions and barriers. As such, these

Decl. of Doug McKeever re Privileged Documents

3


1  documents are pre-decisional, deliberative, and should be shielded from discovery because

2  disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

3  analysis. Furthermore, if individuals fear that deliberative materials will be made public, it may

4  deter discussion and development of beneficial theories and ideas.

5       I declare under penalty of perjury the foregoing is true and correct.

6       Executed on _October 25,_ , 2007, in Sacramento, California.

7

8                              DOUG MCKEEVER
                               Director of Mental Health Services
9                              California Department of Corrections and Rehabilitation

10  30347419.wpd

11  SF2007200670

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Doug McKeever re Privileged Documents

4