# EXHIBIT A

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY–
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.:  Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA ,et al., | No. C01-1351 THE |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | **PLAINTIFFS'  FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| vs. | |
| Defendants | |

**PROPOUNDING PARTIES:**    Plaintiffs Marciano Plata et al.

**RESPONDING PARTIES:**    Defendants Arnold Schwarzenegger et al.

**SET NUMBER:**    One

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata et al. request that Defendants Arnold Schwarzenegger et al. ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, the PRISON LAW OFFICE, 2173 E. Francisco Blvd., Suite M, San Rafael, CA 94901. The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

### INSTRUCTIONS

1.    The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2.    The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3.    The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.    The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are maintained); or (b) organized and labeled to correspond with the categories of the Requests to which they respond.

6.    If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the

1   information into reasonably usable form (including the name and version number of the program used
2   to create or read the data).

3       7.      In construing the Requests herein, the singular shall include the plural and the plural
4   shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other
5   genders, so that the interpretation applied results in the more expansive production. The terms "and"
6   and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit
7   the documents or information sought in any manner.

8       8.      If any Request demands production of documents that have been lost, discarded, or
9   destroyed, identify such documents as completely as possible. Such identification shall include, but is
10  not limited to, a description of the subject matter of the document, the author of the document, the date
11  of the document's creation, the date of disposal, manner of disposal, reason for disposal, person
12  authorizing the disposal and person disposing of the document.

13      9.      For any responsive document or portion thereof that is either redacted or withheld, in
14  whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery,
15  furnish a list identifying each document, or portion thereof, not produced for this reason, together with
16  the following information: (a) the title or identity of the document; (b) the date of the document; (c) the
17  type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants
18  of all persons who either prepared or received the document; (e) the number of pages and attachments;
19  (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of
20  the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see
21  Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion thereof that may not properly be
22  redacted or withheld in its entirety, produce each and every portion thereof to which the claimed
23  privilege or exemption does not apply and specify, on the face of each such page or portion, the fact
24  and reason for the redaction or withholding.

25  //

26                                    **DEFINITIONS**

27      1.      "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest
28  possible meaning and to include anything coming within the definition of "writings" and "recordings"

as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2. "RELEVANT TIME PERIOD" for the purpose of these Requests means the time period from April 4, 2006 (six months prior to Governor Schwarzenegger's October 4, 2006 Proclamation of a State of Emergency) until the present.

3. "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

4. "INCLUDING" means "including, but not limited to", and is not to be construed to limit a Request.

5. "COMMUNICATIONS" means any recorded transfer of information or impression, whether it be by digital, electronic, audio, visual, written or other means.

6. "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

7. "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

8.    "AB 900" means the Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007.

9.    "PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated,  any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB900.

10.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table,  or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

11.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), non profit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

12.    "MAXIMUM CAPACITY" means the maximum number of inmates who can safely be housed in the PRISONS.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the implementation of AB 900, INCLUDING but not limited to the PRISONS' capacity for traffic, sewage, water, power and other infrastructure, the presence of valley fever at or in the vicinity of the PRISONS, and staffing levels at PRISONS.

**REQUEST NO. 2:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any projected change in California's PRISON population.

**REQUEST NO. 3:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING site surveys and Environmental Impact Reports.

**REQUEST NO. 4:**    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATIONS regarding the DEPARTMENT'S choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds

under § 15819.40(a)(1)(A) of AB 900, INCLUDING any such COMMUNICATIONS from or to any local community group and/or local government officials.

**REQUEST NO. 5:**    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 6:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of the possible sites for the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

**REQUEST NO. 7:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

**REQUEST NO. 8:**    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 9:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to construct 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

**REQUEST NO. 10:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for the construction of up to 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

**REQUEST NO. 11:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to acquire land, design, construct and renovate in order to construct 6,000 additional prison beds, under § 15819.40(b)

of AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the

DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 12:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of possible sites for the

construction of new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

**REQUEST NO. 13:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

any local community group and/or local government officials, regarding the sites for construction of

new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

**REQUEST NO. 14:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct new

buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900, INCLUDING any

DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 15:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO the identification of appropriate sites to add up to 4,000

additional prison beds, under §15819.41(a) of AB900.

**REQUEST NO. 16:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

any local community group and/or local government officials, regarding the sites to add up to 4,000

additional prison beds, under §15819.41(a) of AB900.

**REQUEST NO. 17:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct,

and renovate existing facilities in order to add up to 4,000 additional beds under §15819.41(a) of

AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in

meeting such a TIMETABLE.

**REQUEST NO. 18:**  Any and all DOCUMENTS created during the RELEVANT TIME

PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

construct new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

1    **REQUEST NO. 19:**  Any and all DOCUMENTS created during the RELEVANT TIME

2    PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

3    any local community group and/or local government officials, regarding the sites for the construction

4    of new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

5    **REQUEST NO. 20:**  Any and all DOCUMENTS created during the RELEVANT TIME

6    PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct,

7    and establish new buildings to treat or house 2,000 inmates under § 15819.41(b) of AB 900,

8    INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a

9    TIMETABLE.

10    **REQUEST NO. 21:**  Any and all DOCUMENTS created during the RELEVANT TIME

11    PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

12    construct, establish and operate reentry program facilities that will house 10,000 inmates, under §

13    15819.41(c) of AB 900.

14    **REQUEST NO. 22:**  Any and all DOCUMENTS created during the RELEVANT TIME

15    PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

16    any local community group and/or local government officials, regarding the sites for the construction,

17    establishment and/or operation of reentry program facilities to house 10,000 inmates, under §

18    15819.41(c) of AB 900.

19    **REQUEST NO. 23:**  Any and all DOCUMENTS created during the RELEVANT TIME

20    PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct,

21    establish and operate reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of

22    AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S

23    progress in meeting such a TIMETABLE.

24    **REQUEST NO. 24:**  Any and all DOCUMENTS created during the RELEVANT TIME

25    PERIOD that REFER or RELATE TO any TIMETABLE for the transfers of inmates out of state under

26    §11191 of AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress

27    in meeting such a TIMETABLE.

28

**REQUEST NO. 25:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S ability or lack of ability to hire and/or retain medical and mental health staff in PRISONS, INCLUDING but not limited to any studies or analyses of the effect of AB900 on medical and mental health staffing levels.

**REQUEST NO. 26:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any studies or analyses of the effect of AB900 on medical and mental health care at the PRISONS.

**REQUEST NO. 27:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE to any measure(s) that YOU have initiated or considered in order to reduce prison populations, other than the measures set forth in AB900.

**REQUEST NO. 28:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE TO any contingency plans, other than population reducing measures, that YOU have considered initiating when, in YOUR estimation, the PRISONS reach their MAXIMUM CAPACITY.

**REQUEST NO. 29:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that RELATE TO YOUR or the DEPARTMENT'S determination of the MAXIMUM CAPACITY of any PRISON or the prison system as a whole.

**REQUEST NO. 30:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for obtaining the funding to implement AB 900, INCLUDING any DOCUMENTS RELATING TO YOUR progress in meeting such a TIMETABLE.

**REQUEST NO. 31:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of placing limitations on the Prison population.

**REQUEST NO. 32:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of the effects of sentencing reform on the PRISON population.

1    **REQUEST NO. 33:**  Any and all DOCUMENTS created during the RELEVANT TIME

2    PERIOD that REFER or RELATE TO any consideration of the effects of a sentencing commission on

3    the PRISON population.

4    **REQUEST NO. 34:**  Any and all DOCUMENTS created during the RELEVANT TIME

5    PERIOD that REFER or RELATE TO any consideration of the effects of any changes in parole

6    policies on the PRISON population.

7    **REQUEST NO. 35:**  Any and all DOCUMENTS that REFER or RELATE TO the

8    comprehensive analysis of existing CDCR beds, programming space, clinical/mental health space,

9    infrastructure capacities, and projected mitigation referenced at 2:6-8 of the Declaration Of Scott

10   Kernan In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For

11   Referral To A Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger.*

12   **REQUEST NO. 36:**  Any and all DOCUMENTS that REFER or RELATE TO the analysis of

13   additional capacity available within the state referenced at 2:8-12 of the Declaration Of Scott Kernan

14   In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A

15   Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

16   **REQUEST NO. 37:**  Any and all memoranda and/or other COMMUNICATIONS that

17   REFER or RELATE TO any changes or clarifications of parole discharge policies.

18   **REQUEST NO. 38:**  Any and all memoranda and/or other COMMUNICATIONS that

19   REFER or RELATE TO any changes and/or clarifications of parole revocation policies.

20

21

22   Dated: *September 5, 2007*                                  Respectfully submitted,

23

24

25                                                              Vibeke Norgaard Martin
26                                                              Prison Law Office
                                                                Attorneys for Plaintiffs
27

28

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 THE

1    DECLARATION OF SERVICE BY MAIL

2

3    Case Name: Coleman v. Schwarzenegger
              United States District Court
              Eastern District of California        No. 2:90-cv-00520 LKK JFM P

4

5              Plata v.      Schwarzenegger
              United States District Court
              Northern District of California      No. C-01-1351 T.E.H.

6

7

8    I am employed in the County of Marin, California. I am over the age of 18 years and not a
     party to the within entitled cause: my business address is Prison Law Office, General
9    Delivery, San Quentin, California 94964.

10   On September 5, 2007 attached

11   **THREE JUDGE COURT**

12   **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
     DEFENDANTS**

13

14   in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed
     envelope with postage thereon fully prepaid in the United States Mail at San Rafael,
15   California, addressed as follows:

16

17

18   LISA A. TILLMAN
     SAMATHA TAMA
19   Deputy Attorney Generals
     Office of the Attorney General
20   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102
21

22

23

24

25   I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct, and that this declaration was executed at San Rafael,
26   California on September 5, 2007.

27

28                                   _Edie DeGraff_

# EXHIBIT B

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD MARTIN Bar No.: 209499
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>Plaintiffs,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>vs.<br><br>Defendants | No. C01-1351 THE<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFF PLATA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

**PROPOUNDING PARTIES:**     PLAINTIFFS MARCIANO PLATA ET AL.

**RESPONDING PARTIES:**     DEFENDANTS SCHWARZENEGGER, TILTON

**SET NUMBER:**            TWO

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata, et al. request that Defendants Schwarzenegger and Tilton ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, Prison Law Office, 2173 East Francisco Blvd, San Quentin, California 94901. The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

### INSTRUCTIONS

1.     The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2.     The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3.     The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.     The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5.     Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are

1  maintained); or (b) organized and labeled to correspond with the categories of the Requests to

2  which they respond.

3      6.    If any responsive document is maintained in a computer-readable form, the

4  document shall be produced: (a) in hard copy form, in a format generally used in the ordinary

5  course of business; and (b) on disk, tape, or other form of computer storage, with instructions

6  necessary to convert the information into reasonably usable form (including the name and

7  version number of the program used to create or read the data).

8      7.    In construing the Requests herein, the singular shall include the plural and the

9  plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude

10  the other genders, so that the interpretation applied results in the more expansive production.

11  The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not

12  be construed to limit the documents or information sought in any manner.

13      8.    If any Request demands production of documents that have been lost, discarded,

14  or destroyed, identify such documents as completely as possible. Such identification shall

15  include, but is not limited to, a description of the subject matter of the document, the author of

16  the document, the date of the document's creation, the date of disposal, manner of disposal,

17  reason for disposal, person authorizing the disposal and person disposing of the document.

18      9.    For any responsive document or portion thereof that is either redacted or

19  withheld, in whole or in part, on the basis of any assertion of privilege or other asserted

20  exemption from discovery, furnish a list identifying each document, or portion thereof, not

21  produced for this reason, together with the following information: (a) the title or identity of the

22  document; (b) the date of the document; (c) the type or nature of the document; (d) the identity,

23  title, or responsibilities, and relationship to Defendants of all persons who either prepared or

24  received the document; (e) the number of pages and attachments; (e) the type and nature of the

25  privilege or exemption asserted; and (f) the contents or subject matter of the document, with

26  sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P.

27  26(b)(5)). For any responsive document or portion thereof that may not properly be redacted

28  or withheld in its entirety, produce each and every portion thereof to which the claimed

PLAINTIFF PLATA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, NOS.: CIV S 90-0520 LKK-JFM
P, C01-1351 THE

1    privilege or exemption does not apply and specify, on the face of each such page or portion,

2    the fact and reason for the redaction or withholding.

### DEFINITIONS

4    1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the

5    broadest possible meaning and to include anything coming within the definition of "writings"

6    and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  The term

7    refers to but is not limited to the product of any method of recording information, whether by

8    writing or otherwise, including without limitation: any written, electronic, or computerized

9    files, data or software; memoranda; correspondence; communications; reports; summaries;

10    studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders;

11    pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts;

12    drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes;

13    facsimile transmissions; electronic mail messages; and the like.  "DOCUMENT" shall include

14    each copy of any whole or part of a document on which there appears any marking or deletion

15    which does not appear on the original or other copies thereof, together with all drafts or notes

16    for the preparation of each document.  If the original of a document is not available,

17    "DOCUMENT" includes any identical copy of the original.

18    2.    "REFER(S) TO" or "RELATE(S) TO" means constituting, representing,

19    defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning,

20    addressing, or pertaining to the subject matter of the request in whole or in part, directly or

21    indirectly.

22    3.    "YOU" and "YOUR" refers to all defendants in this litigation, their agents,

23    representatives, attorneys, and all other persons or entities acting on their behalf.

24    4.    "CDCR PRISON" and "PRISONS" means any and all facilities in which class

25    members in this litigation are or can be incarcerated.

26    10.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or

27    transfer of information between two or more natural persons, any units of government,

28    (including governmental agencies or local heads of government), non profit organizations,

PLAINTIFF PLATA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, NOS.: CIV S 90-0520 LKK-JFM
P, C01-1351 THE

1  public interest groups, associations, quasi-public entities, and all other forms of legal entities,

2  whether written, oral, or in any other form.

3      11.    "*PLATA* CLASS MEMBERS" or "PLAINTIFFS" means the class of state

4  prisoners with serious medical illness.

5                          **REQUESTS FOR PRODUCTION**

6  **REQUEST FOR PRODUCTION NO. 39:**

7      All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

8  programs, policies, or procedures that YOU have adopted since October 2006 that YOU

9  contend will limit or reduce the number of *PLATA* CLASS MEMBERS housed in CDCR

10  PRISONS.

11

12

13  Dated:   *10/16/07*

14

15

16                                        Don Specter
17                                        Prison Law Office
18                                        Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    vs.       Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><br>**PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, TILTON, GENEST, AND MAYBERG** |

**PROPOUNDING PARTIES:**     PLAINTIFF RALPH COLEMAN

**RESPONDING PARTIES:**     DEFENDANTS SCHWARZENEGGER, TILTON, GENEST, AND MAYBERG

**SET NUMBER:**     ONE

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Ralph Coleman requests that Defendants Schwarzenegger, Tilton, Genest, and Mayberg ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, Rosen, Bien & Galvan, LLP at 315 Montgomery Street, 10th Floor, San Francisco, California, 94104.  The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

### INSTRUCTIONS

1.     The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2.     The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3.     The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.     The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5.     Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are

-1-

1    maintained); or (b) organized and labeled to correspond with the categories of the Requests to

2    which they respond.

3        6.    If any responsive document is maintained in a computer-readable form, the

4    document shall be produced:  (a) in hard copy form, in a format generally used in the ordinary

5    course of business; and (b) on disk, tape, or other form of computer storage, with instructions

6    necessary to convert the information into reasonably usable form (including the name and

7    version number of the program used to create or read the data).

8        7.    In construing the Requests herein, the singular shall include the plural and the

9    plural shall include the singular.  A masculine, feminine or neutral pronoun shall not exclude

10   the other genders, so that the interpretation applied results in the more expansive production.

11   The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not

12   be construed to limit the documents or information sought in any manner.

13       8.    If any Request demands production of documents that have been lost, discarded,

14   or destroyed, identify such documents as completely as possible.  Such identification shall

15   include, but is not limited to, a description of the subject matter of the document, the author of

16   the document, the date of the document's creation, the date of disposal, manner of disposal,

17   reason for disposal, person authorizing the disposal and person disposing of the document.

18       9.    For any responsive document or portion thereof that is either redacted or

19   withheld, in whole or in part, on the basis of any assertion of privilege or other asserted

20   exemption from discovery, furnish a list identifying each document, or portion thereof, not

21   produced for this reason, together with the following information: (a) the title or identity of the

22   document; (b) the date of the document; (c) the type or nature of the document; (d) the identity,

23   title, or responsibilities, and relationship to Defendants of all persons who either prepared or

24   received the document; (e) the number of pages and attachments; (e) the type and nature of the

25   privilege or exemption asserted; and (f) the contents or subject matter of the document, with

26   sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P.

27   26(b)(5)).  For any responsive document or portion thereof that may not properly be redacted

28   or withheld in its entirety, produce each and every portion thereof to which the claimed

1  privilege or exemption does not apply and specify, on the face of each such page or portion,

2  the fact and reason for the redaction or withholding.

3                                    **DEFINITIONS**

4        1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the

5  broadest possible meaning and to include anything coming within the definition of "writings"

6  and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term

7  refers to but is not limited to the product of any method of recording information, whether by

8  writing or otherwise, including without limitation: any written, electronic, or computerized

9  files, data or software; memoranda; correspondence; communications; reports; summaries;

10 studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders;

11 pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts;

12 drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes;

13 facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include

14 each copy of any whole or part of a document on which there appears any marking or deletion

15 which does not appear on the original or other copies thereof, together with all drafts or notes

16 for the preparation of each document. If the original of a document is not available,

17 "DOCUMENT" includes any identical copy of the original.

18       2.    Unless otherwise indicated, "RELEVANT TIME PERIOD" for the purpose of

19 these Requests means the time period from March 3, 2006 (the date the Court gave final

20 approval to the undisputed portions of the Revised Program Guide) until the present.

21       3.    "REFER(S) TO" or "RELATE(S) TO" means constituting, representing,

22 defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning,

23 addressing, or pertaining to the subject matter of the request in whole or in part, directly or

24 indirectly.

25       4.    "INCLUDING" means "including, but not limited to," and is not to be construed

26 to limit a Request.

27       5.    "COMMUNICATIONS" means any recorded transfer of information or

28 impression, whether it be by digital, electronic, audio, visual, written or other means.

6.    "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

7.    "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

9.    "CDCR PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated, including DMH facilities, and any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB 900.

10.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table, or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

11.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), non profit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

12.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

13.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious mental disorders, including but not limited to those CDCR inmate-patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental health crisis beds, and acute care beds.

//

//

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the implementation of the Court-ordered Revised Program Guide.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of mental health programming, services or treatment from Revised Program Guide standards at any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of vocational or educational programming in any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of recreation or yard time at any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for additional resources (including but not limited to beds, treatment and office space, clinical and custody staff, training, computers, or transportation) necessary to deliver constitutionally adequate mental health care as set forth in the Court-approved Revised Program Guide to PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for additional treatment space or offices to deliver adequate mental health care to PLAINTIFFS as set forth in the Court-approved Revised Program Guide, including but not limited to evaluations undertaken in connection with the November 13, 2006 memorandum

1   from Peter Farber-Szekrenyi and John Dovey regarding "Mental Health Services Delivery

2   System Program Guide Implementation."

3   **REQUEST FOR PRODUCTION NO. 7:**

4       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

5   the RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

6   recommendations for reducing or limiting the prison population summarized by the CDCR

7   Expert Panel on Adult Offender Reentry and Recidivism Reduction Programs in its June 29,

8   2007 Report at Appendix A (page 77).

9   **REQUEST FOR PRODUCTION NO. 8:**

10      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

11  the RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

12  recommendations for reducing or limiting the prison population summarized by the Little

13  Hoover Commission in its January 25, 2007 Report at Appendix D (page 61).

14  **REQUEST FOR PRODUCTION NO. 9:**

15      ALL DOCUMENTS and COMMUNICATIONS created, exchanged or made during the

16  RELEVANT TIME PERIOD that REFER or RELATE to the staffing, office space or

17  treatment space necessary to provide mental health crisis care to PLAINTIFFS.

18  **REQUEST FOR PRODUCTION NO. 10:**

19      ALL DOCUMENTS OR COMMUNICATIONS created, exchanged or made during the

20  RELEVANT TIME PERIOD that REFER or RELATE to the placement or existence of

21  prisoners on the MHSDS caseload in NON-TRADITIONAL BEDS.

22  **REQUEST FOR PRODUCTION NO. 11:**

23      ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

24  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

25  the capacities of CDCR PRISONS and housing units, including but not limited to permanent

26  housing capacity, NON-TRADITIONAL HOUSING capacity, and budgeted capacity.

27  **REQUEST FOR PRODUCTION NO. 12:**

28

ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the populations of CDCR PRISONS and housing units, including but not limited to the number of inmates by custody level, reception center, general population, administrative segregation units, behavior management units, CCCMS, EOP, and psychiatric services units.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the number of lockdown/modified programs during the reporting periods.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to attempted suicides and suicides.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to inmate appeals, including total appeals, overdue appeals, appeals per 100 inmates, and inmate appeals broken down by category.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to educational programs, vocational programs, and inmate work assignments. including capacity, enrollment, and waitlist.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to personnel vacancies, including budgeted positions, filled positions, and true vacancy totals for custody, education, medical and mental health, support staff, and management.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that REFER or RELATE to the counting and/or business rules for COMPSTAT reports for the CDCR Division of Adult Institutions.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to studies performed or commissioned by YOU regarding the effects of crowding or overcrowding on PLAINTIFFS or prisoners with mental illness.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS and COMMUNICATIONS created, exchanged or made during the RELEVANT TIME PERIOD that REFER or RELATE to community treatment or community beds for prisoners or parole violators with mental illness.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the provision of yard or exercise time to *COLEMAN* CLASS MEMBERS during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of alternative sites to licensed mental health crisis beds for prisoners in need of crisis beds or suicide precautions, including but not limited to outpatient housing units ("OHUs"), mental health outpatient housing units ("MHOHUs"), and holding cells, during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of or referral to mental health crisis beds for inmates not previously identified on the MHSDS caseload during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 24:**

1   ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

2   number of CCCMS, EOP or other *COLEMAN* CLASS MEMBERS housed in Reception

3   Centers during the RELEVANT TIME PERIOD.

4   **REQUEST FOR PRODUCTION NO. 25:**

5   ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR or

6   the CDCR's ability to transfer CCCMS and EOP inmates out of Reception Centers according

7   to the timeframes established in the Revised Program Guide (60 days for EOP and 90 days for

8   CCCMS).

9   **REQUEST FOR PRODUCTION NO. 26:**

10  All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

11  implementation of Court-ordered mental health care programs in Reception Centers during the

12  RELEVANT TIME PERIOD.

13  **REQUEST FOR PRODUCTION NO. 27:**

14  All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

15  programs, policies, or procedures that YOU have adopted since October 2006 that YOU

16  contend will limit or reduce the number of *COLEMAN* CLASS MEMBERS housed in CDCR

17  PRISONS.

18  **REQUEST FOR PRODUCTION NO. 28:**

19  ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

20  original determination of MHSDS (EOP, CCCMS, MHCB) housing capacity for each CDCR

21  PRISON housing unit at the time when the MHSDS housing capacity was first created.

22  **REQUEST FOR PRODUCTION NO. 29:**

23  ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

24  CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

25  CDCR PRISON housing unit over the past five years.

26  **REQUEST FOR PRODUCTION NO. 30:**

27  ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to any

28  changes in the number of staff, treatment space, office space, or other resources related to

-9-

1  adjustments in capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

2  CDCR PRISON housing unit over the past five years.

3  **REQUEST FOR PRODUCTION NO. 31:**

4      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to mental

5  health staffing studies, including workload studies, undertaken or commissioned by YOU that

6  analyze the number and types of staff (clinical, custody, and support) required to implement

7  the Court-ordered Revised Program Guide.

8  **REQUEST FOR PRODUCTION NO. 32:**

9      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to workload

10  studies undertaken or commissioned by YOU that analyze treatment and office space needed to

11  implement the Court-ordered Revised Program Guide.

12  **REQUEST FOR PRODUCTION NO. 33:**

13      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

14  the RELEVANT TIME PERIOD that REFER or RELATE to requests for additional resources

15  or staff (clinical, custody, and support) for the provision of mental health treatment, including

16  but not limited to budget change proposals and draft budget change proposals.

17  **REQUEST FOR PRODUCTION NO. 34:**        .

18      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

19  the RELEVANT TIME PERIOD that REFER or RELATE to overcrowding.

20  **REQUEST FOR PRODUCTION NO. 35:**

21      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made from

22  January 1, 2005 to present that REFER or RELATE to YOUR ability to timely place

23  *COLEMAN* CLASS MEMBERS in MHSDS beds at each level of care (CCCMS, EOP,

24  MHCB, DMH), including delays in referral, endorsement and transfer.

25  **REQUEST FOR PRODUCTION NO. 36:**

26      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR

27  ability to transfer *COLEMAN* CLASS MEMBERS housed in administrative segregation or

28

administrative segregation overflow housing units for non-disciplinary reasons from October 17, 2006 to present.

**REQUEST FOR PRODUCTION NO. 37:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the number or percentage of CDCR prisoners enrolled in or on waitlists for educational programs, vocational programs, and inmate work assignments during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 38:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to standards, guidelines, protocols, or procedures for the provision of mental health care during the RELEVANT TIME PERIOD to *COLEMAN* CLASS MEMBERS by community based housing programs, including but not limited to Community Correctional Facilities.

Dated:  10/17/07                                 Respectfully submitted,

Lori Rifkin
Rosen, Bien & Galvan
Attorneys for Plaintiffs

1 | PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
2 | STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
3 | General Delivery
San Quentin, California 94964
4 | Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

5 | ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
6 | JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
7 | LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
8 | 315 Montgomery Street, 10th Floor
San Francisco, California 94104
9 | Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

10 | THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
11 | CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
12 | 600 Harrison Street, Suite 120
San Francisco, CA 94107
13 | Telephone: (415) 864-8848

14 | Attorneys for Plaintiffs

15 | IN THE UNITED STATES DISTRICT COURTS

16 | FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA
17 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

18 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19 | RALPH COLEMAN, et al.,                              )    No.: Civ S 90-0520 LKK-JFM P
                                                        )
20 |         Plaintiffs,                                 )    **THREE-JUDGE COURT**
                                                        )
21 |     vs.                                             )
                                                        )
22 | ARNOLD SCHWARZENEGGER, et al.,                      )
                                                        )
23 |         Defendants                                  )
                                                        )
24 | MARCIANO PLATA ,et al.,                             )    No. C01-1351 THE
                                                        )
25 |         Plaintiffs,                                 )    **THREE-JUDGE COURT**
26 |     vs.                                             )
                                                        )
27 | ARNOLD SCHWARZENEGGER, et al.,                      )    **[PROOF OF SERVICE]**
                                                        )
28 |     vs.                                             )
            Defendants                                  )

## PROOF OF SERVICE

I, Kate Richardson, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On October 17, 2007, I served the following documents:

I served the documents on the persons listed below, as follows:

**PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT SCHWARZENEGGER**

**PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT TILTON**

**PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, TILTON, GENEST, AND MAYBERG**

**PLAINTIFF PLATA'S FIRST SET OF INTERROGATORIES TO DEFENDANT TILTON**

**PLAINTIFF PLATA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

**PLAINTIFFS' SECOND REQUEST FOR INSPECTION**

| [X] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
|---|---|
| [ ] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the |

| | | overnight delivery carrier and I arranged to pay for all fees for delivery. |
|---|---|---|
| | [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| | [ ] | **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

**All documents were sent to the following persons in the following manner:**

**BY SAME DAY MESSENGER SERVICE**
Lisa A. Tillman
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 17th day of October, 2007 at San Francisco, California.

_Kate Richardson_
Kate Richardson

# EXHIBIT C

1  PRISON LAW OFFICE
   DONALD SPECTER Bar No.: 83925
2  STEVEN FAMA Bar No.: 99641
   E. IVAN TRUJILLO Bar No.: 228790
3  General Delivery
   San Quentin, California  94964
4  Telephone: (415) 457-9144

5  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 096891
6  JANE E. KAHN Bar No.: 112239
   AMY WHELAN Bar No.: 215675
7  LORI RIFKIN Bar No.: 244081
   SARAH M. LAUBACH Bar No.: 240526
8  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
9  Telephone: (415) 433-6830

10 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
11 CLAUDIA CENTER Bar No.: 158255
   LEWIS BOSSING Bar No.: 227402
12 600 Harrison Street, Suite 120
   San Francisco, CA  94107
13 Telephone:  (415) 864-8848

   BINGHAM, McCUTCHEN, LLP
   WARREN E. GEORGE Bar No.: 53588
   Three Embarcadero Center
   San Francisco, California  94111
   Telephone: (415) 393-2000

   HELLER, EHRMAN, WHITE &
   McAULIFFE
   RICHARD L. GOFF Bar No.: 36377
   701 Fifth Avenue
   Seattle, Washington  98104
   Telephone: (206) 447-0900

14 Attorneys for Plaintiffs

15              IN THE UNITED STATES DISTRICT COURTS
16            FOR THE EASTERN DISTRICT OF CALIFORNIA
               AND THE NORTHERN DISTRICT OF CALIFORNIA
17      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 19  RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| 20              Plaintiffs, | **THREE-JUDGE COURT** |
| 21       vs. | |
| 22  ARNOLD SCHWARZENEGGER, et al., | |
| 23              Defendants | |
| 24  MARCIANO PLATA ,et al., | No. C01-1351 TEH |
| 25              Plaintiffs, | **THREE-JUDGE COURT** |
| 26       vs. | |
| 27  ARNOLD SCHWARZENEGGER, et al., | **PLAINTIFF RALPH COLEMAN'S** |
| 28       vs.       Defendants | **FIRST SET OF INTERROGATORIES TO DEFENDANT TILTON** |

**PROPOUNDING PARTIES:**    PLAINTIFF RALPH COLEMAN

**RESPONDING PARTIES:**    DEFENDANT TILTON

**SET NUMBER:**    ONE

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Ralph Coleman submits the following First Set of Interrogatories to Defendant Tilton ("Defendant") to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them, within 30 days after service hereof.

### DEFINITIONS

1. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies; analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular PERSON, "DOCUMENT" includes any identical copy of the original.

2. "YOU" and "YOURS" as used herein refers to James Tilton, his agents, representatives, attorneys, and all other persons or entities acting on his behalf.

3.    As used herein, the term "IDENTIFY," when used with respect to a person, means to state the following: name of entity; telephone number; location of its business and nature of its business.

4.    As used herein, the term "IDENTIFY," when used with respect to a document, means to state the following, if available, for each document:  the name(s) of the author(s) and the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive term); a description of the contents of the document; and its present or last known location and custodian.  If you claim that any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when.  Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge.  To the extent that the answers to the preceding questions are determinable by an examination of the document itself, you may respond by supplying such document as part of your answers to these interrogatories so long as you identify the interrogatory to which such document is responsive.

5.    "REFER" or "RELATE TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

6.    The terms "and," "or," and "and/or" should be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

7.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

8.    "CDCR PRISON" and "PRISONS" mean any and all facilities in which class members in this litigation are or can be incarcerated, including housing units within DMH facilities that house CDCR prisoners.

9.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious mental disorders, including but not limited to those CDCR inmate-

1  patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced

2  Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental

3  health crisis beds, and acute care beds.

4      10.    "PRISONER RELEASE ORDER" means any order "that has the purpose or

5  effect of reducing or limiting the prison population, or that directs the release from or

6  nonadmission of prisoners to prison" as set forth in the Prison Litigation Reform Act at 18

7  U.S.C. §3626(g)(7).

## INSTRUCTIONS

9      The preceding definitions apply to each interrogatory and are deemed incorporated in

10  each of the following interrogatories and these instructions.

11      1.    In answering these interrogatories, quote each interrogatory before each answer.

12      2.    These interrogatories shall be deemed to be continuing interrogatories so as to

13  require proper supplemental answers if further information is obtained or developed by you or

14  your counsel after the time that you serve answers to these interrogatories.

15      3.    In answering these interrogatories, furnish all information available to you,

16  including information in the possession of your employees, attorneys, or otherwise subject to

17  your possession and/or control, and not merely information known of your own personal

18  knowledge.

19      4.    If you cannot answer a particular interrogatory in full after exercising due

20  diligence to secure the information to do so, answer to the extent possible, specify your

21  inability to answer the remainder, state whatever knowledge you have concerning the

22  unanswered portion.

23      5.    If you object to any part of an interrogatory, answer all parts of such

24  interrogatory to which you do not object and, as to each part to which you do object, set forth

25  the specific basis for you objection.

26      6.    If any information is within the scope of any interrogatory but is being withheld

27  pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon

28  which the information is being withheld, the nature of the information withheld, the author,

1  date, recipients, and subject matter of any documents containing such information, and the

2  identity of the person on whose behalf the privilege is asserted.

3       7.     Whenever the information requested by these interrogatories is contained in or

4  may otherwise be derived or ascertained from a document:  (a) identify the documents(s) from

5  which the answer may be derived or ascertained and (b) produce the document(s) for

6  inspection and copying or deliver a copy of the document(s) to Plaintiffs' counsel at the time

7  the answers hereto are filed.

8       8.     Some of the following consist of a number of related parts.  A complete and

9  separate answer is requested with respect to each such part with the same effect as if it were

10 stated as a separate interrogatory.

**INTERROGATORIES**

11

12

13 **INTERROGATORY NO. 1:**

14       Do YOU contend that some cause other than overcrowding is the primary cause of

15 YOUR ongoing violations of PLAINTIFFS' rights to constitutionally adequate mental health

16 care as set forth in the Court-approved Revised Program Guide?

17 **INTERROGATORY NO. 2:**

18       If YOUR response to interrogatory number one is affirmative, IDENTIFY what YOU

19 contend to be the primary cause(s) of YOUR violation of PLAINTIFFS' rights to

20 constitutionally adequate mental health care as set forth in the Court-approved Revised

21 Program Guide, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support

22 of YOUR contention.

23 **INTERROGATORY NO. 3:**

24       IDENTIFY all obstacles and barriers preventing YOU from delivering constitutionally

25 adequate mental health care pursuant to the Court-approved Revised Program Guide at the

26 present time.

27 **INTERROGATORY NO. 4:**

28

1    By what date do YOU contend that YOU can provide constitutionally adequate mental

2    health care as set forth in the Court-approved Revised Program Guide to PLAINTIFFS without

3    a reduction in the number of prisoners housed in CDCR PRISONS?

4    **INTERROGATORY NO. 5:**

5    IDENTIFY all steps necessary for YOU to take to provide constitutionally adequate

6    mental health care as set forth in the Court-approved Revised Program Guide to PLAINTIFFS

7    without a reduction in the number of prisoners housed in CDCR PRISONS by the date YOU

8    specified in YOUR answer to interrogatory number four.

9    **INTERROGATORY NO. 6:**

10    Do YOU contend that the Court could enter an order or orders that will provide

11    effective relief for the ongoing violations of PLAINTIFFS' rights to constitutionally adequate

12    mental health care as set forth in the Court-approved Revised Program Guide without the

13    issuance of a PRISONER RELEASE ORDER?

14    **INTERROGATORY NO. 7:**

15    If YOUR response to interrogatory number six is affirmative, please IDENTIFY each

16    such order/remedy that the Court should issue in lieu of a PRISONER RELEASE ORDER.

17    **INTERROGATORY NO. 8:**

18    For each order/remedy IDENTIFIED in YOUR response to interrogatory number seven,

19    please state the date by which YOU contend that the ongoing constitutional violations will be

20    remedied by YOUR compliance with the order.

21    **INTERROGATORY NO. 9:**

22    For each order IDENTIFIED in YOUR response to interrogatory number seven,

23    IDENTIFY any known obstacles and barriers to YOUR compliance with the order by the date

24    IDENTIFIED in response to interrogatory number eight.

25    **INTERROGATORY NO. 10:**

26    IDENTIFY each action, program, policy or procedure that YOU have adopted or

27    undertaken since October 2006 that YOU contend will limit or reduce the number of prisoners

28    housed in CDCR PRISONS.

**INTERROGATORY NO. 11:**

For each such action, program, policy or procedure IDENTIFIED in YOUR response to interrogatory number ten, state the time frame for implementation, the size of the anticipated population reduction, and the date by which the population reduction will be effected.

**INTERROGATORY NO. 12:**

IDENTIFY each and every population model relied upon for YOUR answer to interrogatory eleven by its source, including but not limited to author, entity, and publication.

**INTERROGATORY NO. 13:**

IDENTIFY each action, program, policy or procedure that YOU have adopted since October 2006 that YOU contend will limit or reduce the number of *COLEMAN* CLASS MEMBERS housed in CDCR PRISONS.

**INTERROGATORY NO. 14:**

For each such action, program, policy or procedure IDENTIFIED in YOUR response to interrogatory number thirteen, state the time frame for implementation, the size of the anticipated population reduction, and the date by which the population reduction will be effected.

**INTERROGATORY NO. 15:**

IDENTIFY each and every population model relied upon for YOUR answer to interrogatory fourteen by its source, including but not limited to author, entity, and publication.

**INTERROGATORY NO. 16:**

IDENTIFY the number of prisoners housed in each CDCR PRISON on October 17, 2007, by housing unit, security level (I-IV), MHSDS membership (CCCMS or EOP), and other administrative placement factors and categories (SNY, administrative segregation, OHU, CTC, MHCB, reception, Security Housing Unit (SHU), Department of Mental Health (DMH)).

**INTERROGATORY NO. 17:**

For each CDCR PRISON, IDENTIFY the number of prisoners housed in NON-TRADITIONAL HOUSING and the location of such housing as of October 17, 2007.

**INTERROGATORY NO. 18:**

1    For each such NON-TRADITIONAL HOUSING location, IDENTIFY the number of

2  prisoners in the MHSDS (EOP, CCCMS) and security level (I-IV), as well as other

3  administrative placement factors (SNY administrative segregation, CTC, MHCB, OHU,

4  Reception Center, Security Housing Unit (SHU), or Department of Mental Health program

5  (DMH)), as of October 17, 2007.

6  **INTERROGATORY NO. 19:**

7    Describe any restrictions YOU place on the housing of *COLEMAN* CLASS MEMBERS

8  in NON-TRADITIONAL HOUSING BEDS identified in YOUR response to interrogatory

9  seventeen.

10  **INTERROGATORY NO. 20:**

11    For each CDCR PRISON housing unit that houses or has housed *COLEMAN* CLASS

12  MEMBERS in the past five years, IDENTIFY the original stated capacity for housing

13  *COLEMAN* CLASS MEMBERS, and any adjustments YOU have made to the stated capacity,

14  including the size and date of the adjustment.

15  **INTERROGATORY NO. 21:**

16    For each housing unit IDENTIFIED in response to interrogatory number twenty,

17  IDENTIFY any changes in the number of staff, treatment space, office space, or other

18  resources related to adjustments in capacity, including, when applicable, the dates those

19  changes were allocated, funded, and filled.

20  **INTERROGATORY NO. 22:**

21    IDENTIFY any and all housing units by prison, including Reception Centers, and

22  housing type (for example, dorm or cell housing) where EOP inmates are currently housed

23  with general population inmates.

24  **INTERROGATORY NO. 23:**

25    State the number of EOP and CCCMS PLAINTIFFS who paroled directly out of

26  Reception Centers each month since March 3, 2006.

27  **INTERROGATORY NO. 24:**

28

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT TILTON, NOS.: CIV S 90-0520 LKK-JFM P, C01-1351
TEH

1      State the number of EOP and CCCMS PLAINTIFFS in each Reception Center who

2 have remained in the Reception Center beyond the transfer timelines stated in the Revised

3 Program Guide (60 days for EOP and 90 days for CCCMS) since March 3, 2006.

4 **INTERROGATORY NO. 25:**

5      IDENTIFY any and all lockdowns or partial lockdowns, including dates and duration,

6 that affected housing units housing *COLEMAN* CLASS MEMBERS at CDCR PRISONS since

7 March 3, 2006.

8

9

10

11

12

13 Dated: _10/17/07_                Respectfully submitted,

14

15

16                                Lori Rifkin

17                                Rosen, Bien & Galvan

18                                Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT TILTON, NOS.: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

1  PRISON LAW OFFICE                        BINGHAM, McCUTCHEN, LLP
   DONALD SPECTER Bar No.: 83925            WARREN E. GEORGE Bar No.: 53588
2  STEVEN FAMA Bar No.: 99641               Three Embarcadero Center
   E. IVAN TRUJILLO Bar No.: 228790         San Francisco, California  94111
3  General Delivery                         Telephone: (415) 393-2000
   San Quentin, California  94964
4  Telephone: (415) 457-9144

5  ROSEN, BIEN & GALVAN, LLP                HELLER, EHRMAN, WHITE &
   MICHAEL W. BIEN Bar No.: 096891          McAULIFFE
6  JANE E. KAHN Bar No.: 112239             RICHARD L. GOFF Bar No.: 36377
   AMY WHELAN Bar No.: 215675               701 Fifth Avenue
7  LORI RIFKIN Bar No.: 244081              Seattle, Washington  98104
   SARAH M. LAUBACH Bar No.: 240526         Telephone: (206) 447-0900
8  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
9  Telephone: (415) 433-6830

10 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
11 CLAUDIA CENTER Bar No.: 158255
   LEWIS BOSSING Bar No.: 227402
12 600 Harrison Street, Suite 120
   San Francisco, CA  94107
13 Telephone:  (415) 864-8848

14 Attorneys for Plaintiffs

15          IN THE UNITED STATES DISTRICT COURTS

16         FOR THE EASTERN DISTRICT OF CALIFORNIA

           AND THE NORTHERN DISTRICT OF CALIFORNIA
17
   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19 RALPH COLEMAN, et al.,               )   No.: Civ S 90-0520 LKK-JFM P
                                        )
20          Plaintiffs,                 )   **THREE-JUDGE COURT**
                                        )
21     vs.                              )
                                        )
22 ARNOLD SCHWARZENEGGER, et al.,       )
                                        )
23          Defendants                  )
                                        )
24 MARCIANO PLATA ,et al.,              )   No. C01-1351 THE
                                        )
25          Plaintiffs,                 )   **THREE-JUDGE COURT**
       vs.                              )
26                                      )
   ARNOLD SCHWARZENEGGER, et al.,       )
27                                      )   **[PROOF OF SERVICE]**
       vs.                              )
28          Defendants                  )

1

2                                    **PROOF OF SERVICE**

3          I, Kate Richardson, declare that I am a resident of the State of California, am over the

4     age of eighteen years and am not a party to the within action.  I am employed with Rosen,

5     Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

6     California 94104.  On October 17, 2007, I served the following documents:

7          I served the documents on the persons listed below, as follows:

8     **PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES
      TO DEFENDANT SCHWARZENEGGER**
9

10    **PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES
      TO DEFENDANT TILTON**

11    **PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION
      OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, TILTON,
12    GENEST, AND MAYBERG**

13    **PLAINTIFF PLATA'S FIRST SET OF INTERROGATORIES TO
      DEFENDANT TILTON**
14

15    **PLAINTIFF PLATA'S SECOND SET OF REQUESTS FOR PRODUCTION
      OF DOCUMENTS TO DEFENDANTS**

16    **PLAINTIFFS' SECOND REQUEST FOR INSPECTION**

17

18

| [X] | **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service.  (A declaration by the messenger is attached hereto as a separate document.) |
|---|---|
| [ ] | **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices.  I am readily familiar with my firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery**.  I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the |

| | | |
|---|---|---|
| | | overnight delivery carrier and I arranged to pay for all fees for delivery. |
| | [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| | [ ] | **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

**All documents were sent to the following persons in the following manner:**

**BY SAME DAY MESSENGER SERVICE**
Lisa A. Tillman
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 17th day of October, 2007 at San Francisco, California.

_____
Kate Richardson