# EXHIBIT D

1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DAVID S. CHANEY
Chief Assistant Attorney General
3  FRANCES T. GRUNDER
Senior Assistant Attorney General
4  ROCHELLE C. EAST
Supervising Deputy Attorney General
5  LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, SBN 221207
6  SAMANTHA D. TAMA, SBN 240280
Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
8  Telephone:  (415) 703-5708
Fax:  (415) 703-5843
9  Email:  Samantha.Tama@doj.ca.gov
           Rochelle.East@doj.ca.gov
10           Charles.Antonen@doj.ca.gov

HANSON  BRIDGETT  MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

11  Attorneys for Defendants

12            IN THE UNITED STATES DISTRICT COURT

13         FOR THE EASTERN DISTRICT OF CALIFORNIA

14         AND THE NORTHERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17

18  RALPH COLEMAN, et al.,                    2:90-CV-00520 LKK JFM

19                          Plaintiffs,       **THREE JUDGE COURT**

20            v.

21  ARNOLD SCHWARZENEGGER, et al.,

22                          Defendants.

23  MARCIANO PLATA, et al.,                   No. C 01-1351 TEH

24                          Plaintiffs,       **THREE JUDGE COURT**

25            v.                              **STIPULATION REGARDING
                                             DEFENDANTS' ROLLING
26  ARNOLD SCHWARZENEGGER, et al.,            PRODUCTION**

27                          Defendants.

28

1    On September 5, 2007, Plaintiffs served on Defendants a joint *Plata/Coleman* Request

2    for Production, Set One.  On October 17, 2007, Plaintiffs served on Defendants separately in

3    *Plata* and *Coleman* a Request for Production, Set Two.  On October 25, 2007, Defendants served

4    their objections and responses to Plaintiffs' Request for Production, Set One.  Defendants'

5    objections and responses to Plaintiffs' Requests for Production, Set Two are not yet due.

6    In responding to Plaintiffs' Request for Production, Set One, Defendants gathered

7    electronic and paper documents from custodians at the California Governor's Office (GOV),

8    California Department of Corrections and Rehabilitation (CDCR), California Department of

9    Finance (DOF), and the California Department of Mental Health (DMH).  Defendants have

10   disclosed to Plaintiffs the names of eighty custodians from whom Defendants have gathered

11   electronic documents.  Plaintiffs have agreed to prioritize this list by State Agency into various

12   priority groups.  At this time, it is unknown whether Defendants will need to gather additional

13   electronic documents from additional custodians in order to respond to Plaintiffs' Requests for

14   Production, Set Two.  Defendants agree to disclose to Plaintiffs no later than Friday, November

15   9, 2007 the names of additional custodians, if any, that Defendants will gather electronic

16   documents from in responding to Plaintiffs' Request for Production, Set Two.  The parties agree

17   to meet and confer about any requests by Plaintiffs to gather documents from additional

18   custodians.  The parties further agree to meet and confer about the schedule for any production of

19   documents gathered from these additional custodians.

20   On October 30, 2007, U.S. District Court Magistrate Judge Moulds ordered that "[o]n or

21   before November 1, 2007, defendants shall produce for inspection and copying all documents

22   responsive to plaintiffs' September 5, 2007 request for production of documents unless before

23   that date the parties reach an agreement for some other schedule for production." (Order 7:4-7.)

24   On November 1, 2007, the parties held a teleconference with Judge Moulds regarding a rolling

25   production schedule.  At this teleconference, Judge Moulds requested Defendants submit to the

26   Court for in camera review a copy of documents Defendants claim to be privileged on the day

27   each of the privilege logs are served.

28

Stip. re Defs.' Rolling Produc.                          *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                         *Plata v. Schwarzenegger,* Case No. 01-1351

1    The parties have reached an agreement regarding a schedule for Defendants' production

2   of documents.  Moreover, Defendants agree that this production schedule encompasses

3   Defendants' responses to Plaintiffs' Requests for Production, Set One and Two.  The rolling

4   production schedule is as follows:

5    On or before **November 1, 2007**, Defendants will produce for inspection approximately

6   8,000 pages of scanned paper documents gathered from CDCR and DOF.

7    The parties agree that on or before **November 5, 2007**, Defendants will provide Plaintiffs

8   with an approximation of the number of electronic and paper documents, by Department, that

9   Defendants will be reviewing for relevance and privilege and a proposed schedule for production

10   of paper documents.

11    The parties will then meet and confer on **November 6, 2007** to determine what

12   percentage of the total paper documents Defendants will produce to Plaintiffs each week to

13   ensure the production schedule is not backloaded.  If the parties are unable to agree on a rollout

14   schedule in the meet and confer session, they will contact Judge Moulds' clerk to set up a

15   conference call with the Judge to resolve the matter.

16    The parties agree that on or before **November 7, 2007**, Defendants will provide a written

17   explanation regarding their efforts to obtain data from the hard drives of certain former CDCR

18   employees.

19    The parties agree that on or before **November 9, 2007**, Defendants will produce for

20   inspection: responsive, non-privileged electronic documents, if any, from the thirteen custodians

21   designated as Plaintiffs' CDCR Priority Group 1; additional responsive, non-privileged paper

22   documents from CDCR, DMH, DOF, and GOV; and a log of the documents withheld on the

23   basis of privilege from the November 2, 2007 production.  All privilege logs will contain the

24   following information: (1) document type; (2) date; (3) bates number(s); (4) brief description of

25   document and basis for privilege; (5) source/author, as well as title and agency, if readily

26   available; (6) recipient(s) (including cc'd recipients), if readily available; and (7) privilege(s)

27   claimed.

28

Stip. re Defs.' Rolling Produc.                         *Coleman v. Schwarzenegger*, Case No. 90-0520
                                                        *Plata v. Schwarzenegger*, Case No. 01-1351

1    The parties agree that on or before **November 16, 2007**, Defendants will produce for

2    inspection: responsive, non-privileged electronic documents, if any, from the twelve custodians

3    designated as Plaintiffs' CDCR Priority Group 2; responsive, non-privileged electronic

4    documents, if any, from the twelve custodians designated as Plaintiffs' DOF Priority Group 1;

5    additional responsive, non-privileged paper documents, if any, from CDCR, DMH, DOF, and

6    GOV; and a log of the documents withheld on the basis of privilege from the November 9, 2007

7    production.

8    The parties agree that on or before **November 23, 2007**, Defendants will produce for

9    inspection: responsive, non-privileged electronic documents, if any, from the nine custodians

10   designated as Plaintiffs' CDCR Priority Group 3; responsive, non-privileged electronic

11   documents, if any, from the ten custodians at GOV; additional responsive, non-privileged paper

12   documents, if any, from CDCR, DMH, DOF, and GOV; and a log of the documents withheld on

13   the basis of privilege from the November 16, 2007 production.

14   The parties agree that on or before **November 30, 2007**, Defendants will produce for

15   inspection: responsive, non-privileged electronic documents, if any, from the eleven custodians

16   designated as Plaintiffs' DOF Priority Group 2; responsive, non-privileged electronic documents,

17   if any, from the fourteen custodians at DMH; additional responsive, non-privileged paper

18   documents, if any, from CDCR, DMH, DOF, and GOV; and a log of the documents withheld on

19   the basis of privilege from the November 23, 2007 production.

20   The parties agree that on or before **December 7, 2007**, Defendants will produce a log of

21   the documents withheld on the basis of privilege from the November 30, 2007 production.

22   With respect to this rolling production schedule, Defendants agree to produce to Plaintiffs

23   any documents gathered from an electronic source in a "native + image" format. Additionally,

24   Defendants agree to produce to Plaintiffs any documents gathered from a paper or electronic

25   source in a Summation compatible, "DII" format. The information produced for the electronic

26   documents will contain the following fields: beg doc, end doc, source, custodian, beg attach, and

27   end attach. The information produced for the scanned paper documents will contain the

28   following fields: beg doc, end doc, source, and custodian. Moreover, the parties agree that

Stip. re Defs.' Rolling Produc.                    *Coleman v. Schwarzenegger*, Case No. 90-0520
                                                    *Plata v. Schwarzenegger*, Case No. 01-1351

1    Defendants shall only be required to serve Rosen, Bien, and Galvan, LLP, on behalf of Plaintiffs,

2    with any responsive, non-privileged documents in the above referenced formats.  The parties

3    further agree that the "Non-Waiver and Confidentiality Agreement" entered into by the parties

4    applies to this rolling production schedule.

5         It is Defendants' intention to produce responsive, non-privileged documents to Plaintiffs

6    in an expedited manner.  Therefore, to the extent Defendants complete aspects of the document

7    production ahead of schedule, Defendants will provide Plaintiffs with the responsive, non-

8    privileged documents.  Moreover, the parties agree to meet and confer regarding any disputes

9    that may arise from this rolling production schedule.  Additionally, the parties agree to meet and

10   confer on an expedited basis to resolve any discovery disputes, and to seek expedited hearings on

11   motions to compel when necessary.

12        Finally, due to the deadlines in the existing trial scheduling order, the fact that

13   Defendants' production will not be complete until November 30, 2007, and because Plaintiffs

14   will not know the details of how many documents will be produced and when until November 5,

15   2007, Plaintiffs reserve their rights to petition the Court for appropriate relief, including but not

16   limited to the right to supplement expert reports, depose additional witnesses, supplement trial

17   exhibits, and move for discovery sanctions.  Plaintiffs' reservation of rights does not prejudice

18   Defendants' right to pursue similar relief.

19   IT IS SO AGREED AND STIPULATED.

20

21   Dated: November 1, 2007                    ROSEN, BIEN & GALVAN, LLP

22                                    By:    /s/ Amy Whelan
                                             Amy Whelan
23                                           Attorneys for Plaintiffs

24   Dated: November 1, 2007                    EDMUND G. BROWN JR.
25                                             Attorney General of the State of California

26                                    By:    /s/ Charles J. Antonen
27                                             Charles J. Antonen
                                             Attorneys for Defendants
28

Stip. re Defs.' Rolling Produc.                    *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                   *Plata v. Schwarzenegger,* Case No. 01-1351

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: *Ralph Coleman, et al.* v. *Arnold Schwarzenegger, et al.*

Case No.: **U. S. D. C., Eastern Dist., CIV S-90-0520 LKK JFM**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 2, 2007** I served the attached

## STIPULATION REGARDING DEFENDANTS' ROLLING PRODUCTION

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102, addressed as follows:

**Gregg Cohen**
**Tehama County District Attorney's Office**
**c/o Charles Hughes, Riverside County DA's**
**Office**
**4075 Main Street**
**Riverside, CA 92501**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on, **November 2, 2007** at San Francisco, California.

| J. Baker | |
|---|---|
| Typed Name | Signature |

1

# EXHIBIT E

## Three Judge Panel – Updated List of Names and Titles

# CDCR

Jim Tilton, Secretary

Scott Kernan, Chief Deputy Secretary for Adult Operations

Robin Dezember, Chief Deputy Secretary Correctional Health Care Services

Doug McKeever, Director, Mental Health Programs

Terri McDonald, Chief Deputy Warden, California Out of State Correctional Facilities

Deborah Hysen, Chief Deputy Secretary, Office of Facility Planning, Construction & Management

Trina Hirsig, Staff Counsel, Business and Infrastructure Legal Team

Kathy Jett, Undersecretary for Programs

Michael Barks, Former Health Program Specialist II, Mental Health Program

George Sifuentes, Director of Facilities Management, Office of Facility Planning, Construction & Management

Joyce Hayhoe, Assistant Secretary, Office of Legislation

Dean Borg, Director of Finance, Administration, and Support Services, Office of Facility Planning, Construction & Management

Kathi Gaddi, Executive Assistant to Chief Deputy Secretary for Adult Operations

Marisela Montes, Chief Deputy Secretary, Adult Programs

Tom Hoffman, Director, Division of Adult Parole Operations

Bruce Slavin, General Counsel

Nancy Bither, Deputy Director, Human Resources

Judy Gelein, Associate Director for Support Services, Office of Workforce Planning

Pamela Prudhomme, Correctional Administrator, Division of Adult Institutions

Scott Harris, Executive Director, Corrections Standards Authority

Lee Ann Chrones, Associate Director, Division of Adult Institutions

Armand Burruel, Acting Director, Division of Reentry and Recidivism Reduction

Del Sayles-Owen, Director, Division of Community Partnerships

Joe Ossmann, Parole Administrator

Robert Ambroselli, Associate Director, Division of Adult Parole Operations

Scott Carney, Deputy Director, Business Services

David Runnels, Undersecretary of Operations

Bud Prunty, Former Undersecretary of Operations

John Dovey, Former Chief Deputy Secretary for Adult Operations

Darc Keller, Former Deputy Director Division of Correctional Health Care Services (DCHCS)

Peter Farber-Szekrenyi, Former Director of DCHCS

Richard Kirkland

Brigid Hanson, Former Acting Director of DCHCS)

Teresa Schwartz

# DMH

Ann Boynton, Undersecretary, Department of Health and Human Services

Jim Alves, Assistant Secretary, Department of Health and Human Services

Frank Furtek, Chief Counsel, Department of Health and Human Services

Steve Mayberg, Director, Department of Mental Health

Elaine Bush, Chief Deputy Director, Department of Mental Health

Cindy Radavsky, Deputy Director Long Term Care Services, Department of Mental Health

Jean Barawed, Assistant Deputy Director Long Term Care Services, Department of Mental Health

Char Schultz, Consulting Psychologist, Department of Mental Health

Cynthia Rodriguez, Chief Counsel, Department of Mental Health

Victor Brewer, Executive Director, SVPP/VPP

Stirling Price, Assistant Executive Director, VPP

Linda Neal, Program Director, SVPP

Tony Juillet, Health Program Coordinator, SVPP

Yolanda Smith, Analyst, Department of Mental Health

# DOF

Todd Jerue, Program Budget Manager, Corrections and General Government (CorGen)

Zlatko Theodorovic, Assistant Program Budget Manager, CorGen

Jay Sturges, Principal Program Budget Analyst, CorGen

Jennifer Osborn, Principal Program Budget Analyst, CorGen

Amy Jarvis, Principal Program Budget Analyst, CorGen

Michael Miyao, Junior Staff Analyst, CorGen

Justyn Howard, Assistant Finance Budget Analyst, CorGen

Natasha Wunderlich, Assistant Finance Budget Analyst, CorGen

Karen Finn, Program Budget Manager, Resources, Environment, Capital Outlay, and Otros (RECO)

Greg Rogers, Assistant Budget Manager, Capital Outlay, RECO

Stephen Benson, Associate Finance Budget Analyst, Capital Outlay, RECO

Jim Martone, Principal Program Budget Analyst, Capital Outlay, RECO

Lucinda Winward, Assistant Finance Budget Analyst, Capitol Outlay, RECO

Mark Campbell, Principal Program Budget Analyst, Statewide Systems Development Unit (SSDU)

Molly Arnold, Chief Counsel

Deborah Cregger, Staff Counsel

Mike Wilkening, Program Budget Manager, Health and Human Services (HHS)

John Doyle, Principal Program Budget Analyst, HHS

Nathan Stanley, Assistant Finance Budget Analyst, HHS

Mike Genest, Director

Vince Brown, Chief Deputy Director of Budgets

H.D. Palmer, Deputy Director of External Affairs

Sue Bost, Program Budget Manager, SSDU

# GOV

Andrea Hoch, Legal Affairs Secretary

Susan Kennedy, Chief of Staff

Dan Dunmoyer, Deputy Chief of Staff and Cabinet Secretary

Elizabeth Ashford, Deputy Communications Secretary

Chris Kahn, Deputy Chief of Staff and Legislative Secretary

Robert Gore, Acting Chief Deputy Cabinet Secretary

Kathy Jett, Former Chair of Rehabilitation Strike Team

Linda Nonaka, Former Rehabilitation Strike Team Member

Joan Petersilia, Current Chair of Rehabilitation Strike Team

Deborah Hysen, Former Chair of Facilities Construction Strike Team

# EXHIBIT F

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Monday, November 05, 2007 4:28 PM
**To:** Donald Specter; Michael W. Bien
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; 'Alison Hardy'; 'Vibeke Martin'; Amy Whelan; Lisa Ells
**Subject:** 3-Judge Panel - Estimation of Volume of Documents to beReviewed

Under the parties' rolling production stipulation, Defendants estimate that in response to Plaintiffs' Requests for Production, Defendants will review approximately 27,000 electronic documents and 140,000 pages of paper documents.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:**    Amy Whelan
**Sent:**    Monday, November 05, 2007 7:48 PM
**To:**      Coleman Team - RBG Only
**Subject:** FW: 3-Judge Panel - Estimation of Volume of Documents to beReviewed

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Monday, November 05, 2007 7:30 PM
**To:** Donald Specter; Lisa Ells; Michael W. Bien
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Alison Hardy; Vibeke Martin; Amy Whelan
**Subject:** RE: 3-Judge Panel - Estimation of Volume of Documents to beReviewed

Lisa,

Sorry I apologize for the confusion.  With respect to the paper documents potentially responsive to Plaintiffs' RFP, Set One, Defendants estimate that approximately 40,000 pages came from DOF, 1,000 pages from GOV, 1,000 pages from DMH, and 98,000 pages from CDCR.  Approximately, a quarter of the documents have been reviewed to date.  Defendants propose keeping this schedule and reviewing a quarter of the documents each week.  Defendants will of course produce the relevant, non-privileged documents culled from this review to Plaintiffs each week.  Please let me know if you have any questions or concerns regarding the foregoing.  Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

>>> Lisa Ells <LElls@rbg-law.com> 11/5/2007 4:50 PM >>>
Thank you for this information.  It is, however, incomplete.  Per the stipulation, Defendants agreed to provide Plaintiffs today "with an approximation of the number of electronic and paper documents, by Department, that Defendants will be reviewing for relevance and privilege and a proposed schedule for production of paper documents."  Please provide us with a breakdown by department and a proposed schedule for the paper documents as soon as possible.

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Monday, November 05, 2007 4:28 PM
**To:** Donald Specter; Michael W. Bien
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; 'Alison Hardy'; 'Vibeke Martin'; Amy Whelan; Lisa Ells
**Subject:** 3-Judge Panel - Estimation of Volume of Documents to beReviewed

11/18/2007

Under the parties' rolling production stipulation, Defendants estimate that in response to Plaintiffs' Requests for Production, Defendants will review approximately 27,000 electronic documents and 140,000 pages of paper documents.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT G

**SEARCH TERMS**

AB or "Assembly Bill" /2 900 /20 implement~

AB or "Assembly Bill" /2 900 and implement~ and traffic

AB or "Assembly Bill" /2 900 and implement~ and sewage

AB or "Assembly Bill" /2 900 and implement~ and water

AB or "Assembly Bill" /2 900 and implement~ and power

AB or "Assembly Bill" /2 900 and local /20 construct~

AB or "Assembly Bill" /2 900 and site~ /20 construct~

AB or "Assembly Bill" /2 900 and fever /2 valley /5 construct~

AB or "Assembly Bill" /2 900 and fever /2 valley /5 mitigation

AB or "Assembly Bill" /2 900 and construct~ and site /2 survey~

AB or "Assembly Bill" /2 900 and construct~ and "Environmental Impact Report"

AB or "Assembly Bill" /2 900 /20 reentry

AB or "Assembly Bill" /2 900 and reentry and construct~

AB or "Assembly Bill" /2 900 and reentry and timetable

AB or "Assembly Bill" /2 900 and reentry and site~

AB or "Assembly Bill" /2 900 and reentry and local

AB or "Assembly Bill" /2 900 /20 infill

AB or "Assembly Bill" /2 900 and infill and construct~

AB or "Assembly Bill" /2 900 and infill and timetable

AB or "Assembly Bill" /2 900 and infill and site~

AB or "Assembly Bill" /2 900 and infill and local

AB or "Assembly Bill" /2 900 and prison /10 construct~

AB or "Assembly Bill" /2 900 and prison and construct~ and timetable

AB or "Assembly Bill" /2 900 and prison and construct~ and site~

AB or "Assembly Bill" /2 900 and prison and construct~ and local

AB or "Assembly Bill" /2 900 and jail /10 construct~

AB or "Assembly Bill" /2 900 and jail and construct~ and timetable

AB or "Assembly Bill" /2 900 and jail and construct~ and site~

AB or "Assembly Bill" /2 900 and jail and construct~ and local

AB or "Assembly Bill" /2 900 and infrastructure /10 capacity

AB or "Assembly Bill" /2 900 and clinic~ /10 space

AB or "Assembly Bill" /2 900 and program~ /5 space

AB or "Assembly Bill" /2 900 /10 Phase /2 I or 1 or One

AB or "Assembly Bill" /2 900 /10 Phase /2 II or 2 or Two

AB or "Assembly Bill" /2 900 /20 timetable

AB or "Assembly Bill" /2 900 and timetable and construct~

AB or "Assembly Bill" /2 900 and timetable and local

AB or "Assembly Bill" /2 900 and possible /5 site~ /20 construct~

AB or "Assembly Bill" /2 900 /20 medical or "mental health"

AB or "Assembly Bill" /2 900 and medical or "mental health" and bed

AB or "Assembly Bill" /2 900 and fund~ /10 timetable

AB or "Assembly Bill" /2 900 /2 Tilton

AB or "Assembly Bill" /2 900 /2 Kernan

AB or "Assembly Bill" /2 900 /2 Governor

AB or "Assembly Bill" /2 900 /2 Petersilia

AB or "Assembly Bill" /2 900 /2 Jett

AB or "Assembly Bill" /2 900 /2 Hysen

AB or "Assembly Bill" /2 900 /2 out /2 state /2 transfer

Limit~ /10 prison /5 population

Prison~ /5 population /5 project~

Prison~ /5 population /5 capacity

Prison~ /5 max~ /5 capacity

CDCR /5 population /5 capacity

CDCR /5 max~ /5 capacity

Code /10 15819.40

Code /10 15819.41

Population /5 cap

Bad /5 bed

CDCR correction~ /2 beds

Long /5 bed /5 plan

AB or "Assembly Bill" /2 900 and recruit /10 medical /5 staff~

AB or "Assembly Bill" /2 900 and recruit /10 mental /2 health /5 staff~

AB or "Assembly Bill" /2 900 and transfer /2 out /2 state

AB or "Assembly Bill" /2 900 and transfer and out /2 state and timetable

Parole /5 reform /5 polic~ and prison /5 population

Sentencing /5 reform /5 commission and prison /5 population

Sentencing /5 reform and prison /5 population

AB or "Assembly Bill" /2 900 and activation /5 transfer

AB or "Assembly Bill" /2 900 and "infrastructure capacity projects"

AB or "Assembly Bill" /2 900 and "reentry beds"

AB or "Assembly Bill" /2 900 and "local jail bed capacity"

# EXHIBIT H

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    May 25, 2007

To      :    All Staff
             All Inmates
             Ironwood State Prison

Subject:     **EMERGENCY BEDS**

As many of you are aware due to overcrowding within the California Department of Corrections and Rehabilitation and the increase of incarcerated felons. The Department currently is out of beds. As a result of this overcrowding, Ironwood State Prison has been mandated to activate 540 additional Emergency Beds on Facility 'B', 'C' and 'D'.

Recently, Governor Arnold Schwarzenegger signed Assembly Bill (AB) 900 (Soloria), a historic piece of legislation that will provide 53,000 additional beds to our adult State prison's and jail system's, while at the same time stressing the need to provide rehabilitative services to the inmate population.

Although this is not an immediate relief, it is a monumental step to help with the overcrowding. Unfortunately, Ironwood is also one of the 33 Adult Institutions that is faced with a shortage of staff which further complicates a lot of issues as related to running "normal program". As the Warden of this institution, it is important to me that you all know I'm very aware and sensitive to the increase in the inmate population as it affects each of us (both Staff and Inmates). My Management Team has been working hard to develop a plan which will allow us to run some program for the population, keeping in mind the Safety of all Staff and the Inmate population. Approximately 60 days ago, we began revising Operational Procedure #119, which will outline programs for the inmate population. Additionally, we are implementing a new "Rolling Modified" program, which will dictate if we are short on staff by a certain number, what programs will be conducted and which will be modified. We anticipate implementing this change around June 15, 2007.

I appreciate your patience and understanding during these difficult times. As far as staffing shortages, it is my hope we will have some relief in the very near future. I, along with my Management Team will continue to work towards resolutions to issues, as soon as they are brought to our attention, in an effort to continue to operate this institution safely.

DEBRA DEXTER
Warden (A)
Ironwood State Prison

# EXHIBIT I

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                                          ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
**CALIFORNIA CORRECTIONAL INSTITUTION**
P.O. Box 1031
Tehachapi, CA 93581
(661) 822-4402



August 24, 2007

# REDACTED

Dear

TRANSFER OF INMATE

This is in response to your letter dated July 29, 2007, addressed to W. J. Sullivan, Warden, regarding your sons' (Inmate                    ) transfer. Your letter has been referred to my office for review and response.

Your son was initially endorsed to Mule Creek State Prison, on January 17, 2007, and then re-endorsed on May 21, 2007. Your son must remain in Administrative Segregation pending the transfer due to his case factors.

Your sons' transfer has been delayed due to inmate population pressures. CCI staff is monitoring your son's case and will continue efforts to expedite the transfer. Please be aware there are other inmates who have been endorsed prior to your son and are still awaiting transfer.

If you have additional concerns or questions in this regard, please contact D. Cowee, Correctional Counselor II, at (661) 822-4402, extension 3126.

Sincerely,

F. GONZALEZ
Chief Deputy Warden
Units IVA and IVB

/dm

cc: W. J. Sullivan, Warden
    M. Carrasco, Associate Warden, Units IVA and IVB
    D. Cowee, Correctional Counselor II, Unit IVA
    Central File

# EXHIBIT J

| | |
|---|---|
| **From:** | Charles Antonen [Charles.Antonen@doj.ca.gov] |
| **Sent:** | Tuesday, October 30, 2007 10:13 PM |
| **To:** | Vibeke Martin; Amy Whelan |
| **Subject:** | 3-Judge Panel - Updated Detailed List of Custodians |
| **Attachments:** | Updated Detailed List of Names re Discovery.pdf |

Dear All:

As promised, I have updated the detailed list with the names of the custodians from whom our e-discovery vendor gathered exchange data (*i.e.* emails and possibly files on personal drives). These custodians are as follows:

(1) Bud Prunty
(2) John Dovey
(3) Darc Keller
(4) Peter Farber-Szekrenyi
(5) Richard Kirkland
(6) Brigid Hanson
(7) Teresa Schwartz

With the exception of Ms. Hanson, these custodians are former employees of the California Department of Corrections and Rehabilitation and the hard drives that they utilized were either flushed or could not be located. Counting these custodians, Defendants have provided Plaintiffs with a comprehensive list of eighty custodians from whom Defendants have obtained electronic documents.

Per the rolling production schedule, please provide Defendants with a list of the twelve custodians from CDCR Plaintiffs designate as CDCR Priority Group 1 as soon as possible. Please do not hesitate to contact me if you have any questions or concerns regarding the foregoing. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT K



This story is taken from Sacbee / Politics.

# Top prison health official forced to resign

By Andy Furillo - Bee Capitol Bureau
Published 5:12 pm PST Monday, March 5, 2007

The prison system's top medical official was forced to resign Monday by the Schwarzenegger administration.

Dr. Peter Farber-Szekrenyi said that corrections secretary Jim Tilton asked him for the resignation.

"I'm a gubernatorial appointee, and it is his prerogative to do whatever he'd like to do," Farber-Szekrenyi said in an interview, referring to Gov. Arnold Schwarzenegger.

Farber-Szekrenyi came under fire two weeks ago when the federal court-appointed prison medical care receiver's office cut his pay and ordered his salary reduced by 40 percent in a dispute over a medical services contract.

He is the second gubernatorial appointee to resign as a result of the contract. The first was prison health care policy adviser Darc Keller, who submitted his resignation on Feb. 23.

Under the contract, Florida-based Medical Development International scheduled and arranged outpatient doctors' visits for inmates at two Southern California prisons.

Medical care receiver Robert Sillen said he made an issue over the contract because the details were not arranged through his office. Farber-Szekrenyi said he kept the receiver's office informed of the deal, which he said resulted in the near-elimination of the inmate-outpatient appointment backlog at the two prisons, the California Correctional Institution at Tehachapi and California State Prison, Los Angeles.

Go to: Sacbee / Back to story

This article is protected by copyright and should not be printed or distributed for anything except personal use.
The Sacramento Bee, 2100 Q St., P.O. Box 15779, Sacramento, CA 95852
Phone: (916) 321-1000

Copyright © The Sacramento Bee

# EXHIBIT L

STATE OF CALIFORNIA— DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF CORRECTIONAL HEALTH CARE SERVICES**
P.O. Box 942883
Sacramento, CA 94283-0001



**MAY 0 4 2007**


J. Michael Keating, Jr.              Via:    Lisa Tillman
Office of the Special Master                 Deputy Attorney General
2351 Sussex Lane                             Department of Justice
Fernandina Beach, FL 32034                   1300 "I" Street, Suite 125
                                             P. O. Box 944255
                                             Sacramento, CA 94244-2550


**RE:  INFORMATION REQUESTED, RESPONSE TO JANUARY 19, 1999,
      COURT ORDER REGARDING STAFF VACANCIES**

Dear Mr. Keating:

Enclosed are the missing Enclosures 8 and 10 from the monthly report reflective of January 2007 through April 2007 data and responsive to the January 19, 1999, court order regarding staff vacancies, including changes agreed to at the August 7, 2003, All Parties Meeting:

Enclosure 8 – Atascadero State Hospital (ASH) Discharges
Enclosure 10 – The DMH Monthly Report of CDCR Patients in DMH Hospitals – Summary and Penal Code 2684

If you have any questions, please contact me at (916) 323-0229.

Sincerely,

BRIGID HANSON
Director (A)
Division of Correctional Health Care Services

Enclosures

cc:    Lawrence McCabe, Deputy Director (A), Division of Correctional Health Care Services (DCHCS) (w/o enclosures)
       Matthew A. Lopes, Jr., Deputy *Coleman* Special Master (with enclosures)
       Jeffrey L. Metzner, M.D., *Coleman* Expert (with enclosures)
       Dennis F. Koson, M.D., *Coleman* Expert (with enclosures)
       Kerry Hughes, M.D., *Coleman* Expert (with enclosures)
       Melissa G. Warren, Ph.D., *Coleman* Expert (with enclosures)

STATE OF CALIFORNIA— DEPARTMENT OF CORRECTIONS AND REHABILITATION                              ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF CORRECTIONAL HEALTH CARE SERVICES**
P.O. Box 942883
Sacramento, CA 94283-0001



Raymond F. Patterson, M.D., *Coleman* Expert (with enclosures)
Paul Nicoll, *Coleman* Expert (with enclosures)
Ted Ruggles, Ph.D., *Coleman* Expert (with enclosures)
Mary Perrien, Ph.D., *Coleman* Expert (with enclosures)
Mary-Joy Spencer, Esq., *Coleman* Expert (with enclosures)
Yong Joo Erwin, LCSW, *Coleman* Expert (with enclosures)
Kathryn A. Burns, M.D, MPH, *Coleman* Expert (with enclosures)
Lisa Tillman, Office of the Attorney General (with enclosures)
Michael Stone, Office of Legal Affairs (with enclosures)
Michael Bien, Rosen, Bien and Galvan (with enclosures)
Donald Specter, Prison Law Office (with enclosures)
Virginia Morrison, Esq., *Coleman* (with enclosures)
Mohamedu F. Jones, Esq., *Coleman* (with enclosures)
Patricia Williams, Esq., *Coleman* (with enclosures)
Linda Buffardi, *Coleman* (with enclosures)
Doug McKeever, Director, Mental Health Program, DCHCS (with enclosures)
Andrew Swanson, M.D., Chief Psychiatrist, DCHCS (with enclosures)
Margaret McAloon, Ph.D., DCHCS (w/o enclosures)
Mary Neade, Division of Adult Institutions (with enclosures)
Char Schultz, Ed.D., Department of Mental Health (with enclosures)
Yolanda Smith, Department of Mental Health (with enclosures)
Sharon Riegel, DCHCS (with enclosures)

# EXHIBIT M

From:       Charles Antonen [Charles.Antonen@doj.ca.gov]
Sent:       Wednesday, November 07, 2007 6:50 PM
To:         Vibeke Martin; Amy Whelan
Cc:         Alison Hardy; Donald Specter; Lisa Ells; Michael W. Bien
Subject:    3-Judge Panel - Hard Drives of Former CDCR Employees

Under the rolling production stipulation, Plaintiffs have requested Defendants provide additional information regarding the hard drives for the following custodians: Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz. It is CDCR's policy and practice to flush and recirculate an individual's hard drive upon separation from State service. Please be advised that with the exception of Bud Prunty, the above named individuals were not CDCR employees or transferred to a different position prior to Plaintiffs serving any discovery in this matter. Additionally, please be advised that Defendants have made reasonable efforts to locate the above listed hard drives to no avail.

With respect to Mr. Prunty's former computer, David Runnels is currently using Mr. Prunty's former computer. Consequently, to the extent any relevant information exists on this computer, Defendants captured this information when we imaged Mr. Runnels' hard drive.

Finally, please note that exchange server data (i.e. emails) exists for the above listed custodians. Defendants have gathered this exchange server data. Consequently, to the extent this exchange server data contains responsive, non-privileged documents, Defendants will be producing these responsive, non-privileged documents to Plaintiffs in accordance with the rolling production schedule. Please do not hesitate to contact me if you have any questions or concerns regarding the foregoing. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

11/18/2007

# EXHIBIT N

**From:**    Lisa Ells
**Sent:**    Wednesday, November 14, 2007 1:21 PM
**To:**    'Charles Antonen'; Vibeke Martin; Amy Whelan
**Cc:**    Alison Hardy; Donald Specter; Coleman Team - RBG Only
**Subject:** RE: 3-Judge Panel - Hard Drives of Former CDCR Employees

Charles,

Per our November 1, 2007 stipulation, you agreed to provide us with "a written explanation regarding [your] efforts to obtain data from the hard drives of" the former CDCR employees listed below. The email below constitutes your only effort to do so. The explanation is inadequate as it makes no effort to describe what your efforts were with respect to any of the former employees besides Mr. Prunty. Moreover, it raises very serious concerns that Defendants have failed to comply with their legal obligation to preserve evidence, as we are aware that at least some of these employees left CDCR after the overcrowding litigation commenced. The custodians identified are high level employees who are very likely to have responsive documents and information pertinent to this litigation.

Please provide us with the following information in the form of sworn declaration(s) and/or authenticated documents:

(1) the identity of all person or persons who ordered or authorized the hard drive flushing; (2) the exact dates when the hard drives were flushed; (3) by whom the hard drives were flushed; (4) what the flushing entailed; (5) what steps were taken to locate the hard drives; (6) a copy of CDCR's policy on inventorying and storing hard drives of former employees; (7) the CDCR's hard drive inventory log; (8) a copy of CDCR's data/computer/document retention policy, including CDCR's policy on flushing hard drives, as requested by our e-consultants in yesterday's email; (9) the date each of the individuals listed below left the employ of CDCR; (10) a sworn statement explaining all defendants' current practices and efforts to preserve data and/or documents potentially relevant to litigation, including this litigation; and (11) what efforts were taken to recover data that may have been lost when Mr. Prunty's hard drive was flushed for use by Mr. Runnels. If you contest that information was gathered from the exchange server, we need to know the time period for which you pulled data from the exchange server, how often the data is backed up and any other information requested by our forensic computer specialists related to this topic (per the email we sent you last night).

Because these issues go directly to the question of what steps you have taken to produce potentially responsive documents, we intend to address it during tomorrow's hearing.

Thanks,

Lisa

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Wednesday, November 07, 2007 6:50 PM
**To:** Vibeke Martin; Amy Whelan
**Cc:** Alison Hardy; Donald Specter; Lisa Ells; Michael W. Bien
**Subject:** 3-Judge Panel - Hard Drives of Former CDCR Employees


Under the rolling production stipulation, Plaintiffs have requested Defendants provide additional information regarding the hard drives for the following custodians: Bud Prunty, John Dovey, Darc Keller, Peter Farber-

Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz. It is CDCR's policy and practice to flush and recirculate an individual's hard drive upon separation from State service. Please be advised that with the exception of Bud Prunty, the above named individuals were not CDCR employees or transferred to a different position prior to Plaintiffs serving any discovery in this matter. Additionally, please be advised that Defendants have made reasonable efforts to locate the above listed hard drives to no avail.

With respect to Mr. Prunty's former computer, David Runnels is currently using Mr. Prunty's former computer. Consequently, to the extent any relevant information exists on this computer, Defendants captured this information when we imaged Mr. Runnels' hard drive.

Finally, please note that exchange server data (i.e. emails) exists for the above listed custodians. Defendants have gathered this exchange server data. Consequently, to the extent this exchange server data contains responsive, non-privileged documents, Defendants will be producing these responsive, non-privileged documents to Plaintiffs in accordance with the rolling production schedule. Please do not hesitate to contact me if you have any questions or concerns regarding the foregoing. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

11/18/2007

# EXHIBIT O

| From: | Lori E. Rifkin |
|---|---|
| Sent: | Tuesday, November 13, 2007 7:52 PM |
| To: | Charles.Antonen@doj.ca.gov; rochelle.east@doj.ca.gov; pmello@hansonbridgett.com |
| Cc: | Coleman Team - RBG Only; 'Vibeke Martin' |

**Subject:** RE: coleman/plata, list of additional custodians

Dear Charles,

We appreciate defendants' willingness to meet and confer. I assume we will be meeting and conferring on Wednesday before 3 pm. Please let us know your availability as soon as possible.

Given defendants' identification of approximately 1,000 documents, or 3,509 pages, as privileged, plaintiffs will not be providing a list of our concerns on a document-by-document basis. In fact, it is defendants' burden to adequately assert each privilege on a document-by-document basis, and defendants have failed to do so. The declarations provided by Mr. Kernan, Mr. Brown, Ms. Radavsky, and Mr. McKeever do not attest that they have conducted reviews of each document for which defendants are asserting privilege. Neither do defendants provide information for each document that adequately describes on what basis the privilege is asserted, or in many cases, adequately describe the document being withheld.

However, we will provide at the end of this email nonexhaustive examples of documents for which your assertion of privilege as asserted in the privilege log is inadequate and clearly objectionable. These examples are only illustrative of various categories of deficiency, and plaintiffs are not waiving objections as to the other documents listed in the privilege log. Based on these examples, such as the assertion of deliberative process privilege on behalf of a letter sent to the Coleman Special Master and members of the Legislature, it is clear that this list of approximately 1,000 documents is so overbroad as to raise questions about what review of these documents was conducted.

We look forward to meeting and conferring with you regarding this issue on Wednesday, November 13.

We also have not yet received the list of additional custodians that was due on November 9, and which I requested in my previous email. Please provide this list in advance of tomorrow's meet and confer so that we can meet and confer at that time about this issue if necessary.

Examples of Objections to Privilege Log & Assertions

2/1/07 COBCP re water system at CRC (p.2 Priv 000462-000465) is claimed as deliberative process privilege. Defendants provide no basis for this assertion.

6/14/07 Pre-decision cost summary of AB 900 funding (p.3 Priv000589 -Priv000590) is claimed as deliberative process privilege. AB 900 was passed by the Legislature in May 2007. Defendants provide no basis for asserting that documents summarizing funding associated with approved legislation are privileged.

CDCR Mental Health Capital Outlay Project Reconciliation (p.3 Priv 000593) is claimed as deliberative process privilege. In addition to lacking information as to date, author, recipient, there is no information here that provides an adequate basis for the assertion of privilege.

Assembly Bill No. 900 with notations (p.5 Priv 000887-000908) is claimed as deliberative process privilege. In addition to lacking information as to date, author, and recipient, the mere fact that there are notations does not meet defendants' burden for asserting this privilege.

11/18/2007

Proposed Amendments to RN (p.5 Priv 000913-000921) is claimed as attorney work product. In addition to lacking information as to date, author and recipient, this document description is insufficient for identification, and describes no basis for asserting this privilege.

Series of e-mails re: Jail Bond Meeting (p.5 Priv000939-000940) is claimed as attorney work product, attorney client, and deliberative process privilege. In addition to lacking information as to date, there is no information that provides an adequate basis for the assertion of privilege. Neither the author nor recipient appears to be an attorney.

01/29/07 Emails re: meeting with CSA on the Local Jail Proposal (p.5 Priv000944-000945) is claimed as attorney client privilege. None of the people listed in the author or recipient fields, nor in the custodian field appear to be attorneys.

2007 Bill Proposed Language (p.6 Priv000948-000955) is claimed as deliberative process privilege. In addition to lacking information as to date, author, and recipient, there is no basis identified for asserting this privilege. Legislative language proposed by the Department of Finance is not protected under the deliberative process privilege.

Draft Letter re: Amendment to budget bill items (p.10 Priv 001027-001030) is claimed as deliberative process privilege. In addition to lacking information as to date, this letter appears to have been sent on behalf of the Department of Finance to members of the Legislature. This is not a document protected under the deliberative process privilege.

10/17/06 email re: additional justification for CDCR & FMER BCPs (p. 13 Priv001081) is claimed as deliberative process privilege. BCPs submitted to DOF, and their supporting documents, are not protected under the deliberative process privilege.

3/26/07 Recruitment for Health & Mental Health Professionals (p. 14 Priv001113-001127) is claimed as deliberative process privilege. There is no basis identified for asserting this privilege.

3/23/07 State of CA Finance Letter-Cover Sheet for Fiscal Year 2007/08-Title of Proposed Change: Recruitment for Health & Mental Health Professionals (p. 16 Priv001136) and what appears to be its supporting documents (Priv 001137-001146). There is no basis identified for asserting this privilege.

10/11/2006, Pre-decisional Re: Document 1 (p.17 Priv00197) is claimed as deliberative process privilege. In addition to failure to identify a basis for asserting this privilege, this document does not contain information required under the Stipulation or FRCP 26 to describe the document.

06/06/07 Letter re: May revision budget (p. 19 Priv001302-001304) is claimed as deliberative process privilege. A letter to the *Plata* Receiver from the head of DOF is not protected under the deliberative process privilege.

4/07/06 Letter to Michael Keating (p. 19 Priv001331-001352) is claimed as deliberative process privilege. A letter to the *Coleman* Special Master and members of the Legislature are not protected under the deliberative process privilege.

4/18/07 E-mails re: CDCR Healthcare Consolidation Proposal (p.21 Priv001534-001535) is claimed as attorney client privilege. Neither the author nor the recipient appears to be an attorney for the department.

Pre-decisional internal chart re Parolees by County (p. 54 Priv003234-003235) is claimed as deliberative process privilege. There is not sufficient basis for asserting this privilege, particularly as this appears to contain a chart of facts.

Note re Access or DG Card Availability (p. 55 Priv 003261) is claimed as attorney client privilege. In addition to lacking date, author, recipient information, insufficient information is provided to describe this document. None of the people listed in the author or recipient fields, nor in the custodian field appear to be attorneys.

11/18/2007

Contract with Payee Data Record and Payee Data Record (p. 60 Priv 003422-003429) is claimed as privacy rights.  This entry lacks date, author, recipient, and an adequate description of the document for which the privilege is being asserted.

Analysis regarding Barriers to Implementing AB 900 (p. 62 Priv003457-003470) is claimed as deliberative process privilege.  This entry lacks a date.  It also identifies no basis for asserting this privilege.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Tuesday, November 13, 2007 4:29 PM
**To:** Lori E. Rifkin
**Cc:** Rochelle East; Samantha Tama; Anne Johnson; pmello@hansonbridgett.com; Alison Hardy; Vibeke Martin; Amy Whelan
**Subject:** Re: coleman/plata, list of additional custodians

Dear Lori,

Defendants are willing to meet and confer with Plaintiffs regarding Plaintiffs' concerns about Defendants' November 9, 2007 privilege log.

To facilitate an efficient and productive meet and confer, Defendants request that
Plaintiffs identify any concerns regarding a specific privileged document in writing.  When Defendants have reviewed Plaintiffs' list of concerns, Defendants will meet and confer with Plaintiffs.  Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

11/18/2007

>>> "Lori E. Rifkin" <LRifkin@rbg-law.com> 11/13/2007 1:14 PM >>>
Dear Charles, Paul, and Rochelle,

Pursuant to our November 2 Stipulation, defendants agreed to disclose to plaintiffs the names of additional custodians from whom defendants will be gathering documents responsive to plaintiffs' October 17 document requests by November 9, 2007. To date, plaintiffs have not received this list. Because defendants' weekly document productions are concurrent for both the September 5 and October 17 sets of document requests, plaintiffs assume that defendants have already identified the additional custodians and are already identifying documents from them. Please confirm that this is the case.

In advance of tomorrow's meet and confer regarding defendants' assertions of privilege and privilege logs, please provide us immediately with the list of additional custodians so that we can also meet and confer tomorrow about this issue if necessary.

We look forward to receiving this list today. Please let me know what times you are available to meet and confer tomorrow. Thank you.

Plaintiffs will be responding in writing separately to your email regarding the "flushed" hard drives for identified custodians.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

11/18/2007