# EXHIBIT P

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILMAN, State Bar No. 126424
   MISHA IGRA, State Bar No. 208711
6  Deputy Attorneys General
      1300 I Street, Suite 125
7     P.O. Box 944255
      Sacramento, CA 94244-2550
8     Telephone: (916) 324-5388
      Fax: (916) 324-5205
9     Email: Lisa.Tillman@doj.ca.gov

10  Attorneys for Defendants

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

RECEIVED

NOV 1 3 2007

Rosen, Bien & Galvan

11           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF CALIFORNIA
12         AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
13      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

14

15  RALPH COLEMAN, et al.,                    No.: Civ S 90-0520 LKK-JFM P

16           Plaintiffs,                      **THREE-JUDGE COURT**

17      vs.

18  ARNOLD SCHWARZENEGGER, et al.,

19           Defendants.

20  MARCIANO PLATA, et al.,                   No.: C01-1351 THE

21           Plaintiffs,                      **THREE-JUDGE COURT**

22      vs.

23  ARNOLD SCHWARZENEGGER, et al.,            **DEFENDANTS' RESPONSE TO**
                                              **PLAINTIFF COLEMAN'S FIRST**
24      vs.                                   **REQUEST FOR PRODUCTION OF**
                                              **DOCUMENTS**
25           Defendants

26  PROPOUNDING PARTY:   PLAINTIFF RALPH COLEMAN

27  RESPONDING PARTIES:  DEFENDANTS TILTON, MAYBERG, GENEST,

28                       SCHWARZENEGGER

1  SET NO.:                      ONE

2                               **DEFINITIONS**

3        In construing these discovery responses, the following definitions shall apply:

4        1.    "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named

5   plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.)

6   (*Coleman*).

7        2.    "DEFENDANTS" shall mean each of the named defendants in the case of

8   *Coleman* v. *Schwarzenegger*, including James Tilton in his official capacity on behalf of the

9   California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his

10  official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his

11  official capacity on behalf of the Department of Finance (DOF), and the Governor.

12       3.    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

13  U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

14       **OVERALL OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS**

15       1.    DEFENDANTS objects to Plaintiffs' definition of a California Department of

16  Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units

17  within Department of Mental Health (DMH) facilities that house CDCR prisoners.

18  (Interrogatories, p. 2.)  That definition mischaracterizes the role of DMH as a provider of housing

19  for incarcerated inmates.  DMH's true role is defined by California Penal Code section 2684 as a

20  provider of inpatient mental health treatment to CDCR inmate-patients.  Further, that definition

21  erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed

22  DMH as a provider of housing for incarcerated inmates.  DEFENDANTS will interpret the terms

23  "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the

24  jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to

25  California Penal Code section 5054.

26       2.    DEFENDANTS object that the discovery seeks INFORMATION that is neither

27  relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they

2   will be asserting in the PROCEEDING. Consequently, DEFENDANTS object that the discovery

3   requires DEFENDANTS to speculate what claims may or may not be asserted by PLAINTIFFS.

4        3.     DEFENDANTS object that the requests seek information equally available to

5   PLAINTIFFS, and are overbroad and unduly burdensome. In accordance with the *Coleman* and

6   *Plata* remedial orders, PLAINTIFFS receive monthly and other regular document productions as

7   well as other discovery from DEFENDANTS and the Receiver appointed in *Plata*.

8        4.     DEFENDANTS state that PLAINTIFFS are already in possession of

9   DEFENDANTS' filed plans for the provision of mental health care beds, for the recruitment and

10   retention of staffing for those mental health beds, and for the implementation of appropriate

11   mental health care in those beds. DEFENDANTS assert the deliberative process privilege to all

12   information sought or contained in drafts of those *Coleman* plans, all drafts of any budget

13   proposals to fund those plans, and inter- and intra-Defendants' emails concerning those plans.

14        5.     Given the shortened time for DEFENDANTS' responses to this discovery,

15   DEFENDANTS hereby reserve the right to supplement these responses at a later date.

16        6.     DEFENDANTS object that the discovery is unduly burdensome to the extent it

17   requires DEFENDANTS to produce source codes, meta-data, and data in a DII format.

18   DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a

19   DAT Opticon format.

20        7.     DEFENDANTS object that the discovery is unduly burdensome and overbroad to

21   the extent it requires DEFENDANTS to obtain electronic and paper documents from potentially

22   hundreds of individuals. DEFENDANTS have identified a core group of individuals that are

23   likely to possess information most relevant to PLAINTIFFS' requests. Consequently,

24   DEFENDANTS have obtained reasonably accessible electronic and paper documents from these

25   individuals only and will not be subsequently expanding this search. The reasonably accessible

26   electronic and paper documents obtained by DEFENDANTS do not include information

27   contained on backup tapes or legacy data contained on systems that are no longer utilized.

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1         8.      DEFENDANTS object to the place of production specified in the discovery.

2  DEFENDANTS will produce any non-privileged, responsive DOCUMENTS at the California

3  Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California.

4  Additionally, any production shall be in accordance with a rolling production schedule agreed to

5  by the parties and/or ordered by the Court.

6         9.      DEFENDANTS object that the discovery seeks DOCUMENTS outside of

7  DEFENDANTS' custody and control. To the extent the discovery seeks information within the

8  custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct said

9  discovery to the Receiver and not DEFENDANTS.

10       10.     To the extent any request seeks documents prepared, created, or generated by the

11  Office of the Inspector General, DEFENDANTS object to the discovery of such documents on

12  the basis of the official information privilege and on the basis of the right to privacy in medical,

13  mental health, and personnel matters. Non-privileged reports of the Office of the Inspector

14  General are available on its public web site.

15      **RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION**

16  REQUEST NO. 1:

17       All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

18  implementation of the Court-ordered Revised Program Guide.

19  RESPONSE TO REQUEST NO. 1:

20       DEFENDANTS object that this request seeks information protected from disclosure by

21  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22  critical analysis privilege, and official information privilege.

23       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

24  follows: PLAINTIFFS have already been provided documents and reports concerning the

25  implementation of the Revised Program Guide, including and not limited to: (a) draft and final

26  budget change proposal and other funding documents held by and released by the Department of

27  Finance in accord with the August 2006 court order; (b) Health Care Services Division's monthly

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  report on staffing, census and recruitment matters related to the implementation of the Revised

2  Program Guide; (c) written and oral reports on the implementation of the Revised Program Guide

3  submitted to Special Master Keating and Plaintiffs' counsel, such as training materials and

4  videos, memos to the field on the Revised Program Guide overall as well as specific subjects

5  within the Revised Program Guide, including cardiopulmonary resuscitation, psychiatrist

6  competency, referral criteria and rates; (d) ongoing monitoring tours of the institutions.

7  Additional responsive and non-privileged materials will be provided.

8  REQUEST NO.2:

9      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to  limitations

10  or modifications of mental health programming, services, or treatment from Revised Program

11  Guide standards at any CDCR PRISON or housing unit for any reason during the RELEVANT

12  TIME PERIOD.

13  RESPONSE TO REQUEST NO. 2:

14      DEFENDANTS object that this request seeks information protected from disclosure by

15  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

16  critical analysis privilege, and official information privilege.  Further, the request is vague and

17  compound regarding modifications and limitations of programs.  The request appears duplicative

18  of request number 1.

19      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20  follows: PLAINTIFFS have already been provided documents and reports concerning mental

21  health programming, services or treatment under the Revised Program Guide, including and not

22  limited to:  (a) draft and final budget change proposal and other funding documents held by and

23  released by the Department of Finance in accord with the August 2006 court order; (b) Health

24  Care Services Division's monthly report on staffing, census and recruitment matters related to

25  the implementation of the Revised Program Guide; (c) written and oral reports on the

26  implementation of the Revised Program Guide submitted to Special Master Keating and

27  Plaintiffs' counsel, such as training materials and videos, memos to the field on the Revised

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Program Guide overall as well as specific subjects within the Revised Program Guide, including

2    cardiopulmonary resuscitation, psychiatrist competency, referral criteria and rates; (d) ongoing

3    monitoring tours of the institutions. Additional responsive and non-privileged materials will be

4    provided.

5    REQUEST NO. 3:

6         ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations

7    or modifications of vocational or educational programming in any CDCR PRISON or housing

8    unit for any reason during the RELEVANT TIME PERIOD.

9    RESPONSE TO REQUEST NO. 3:

10        DEFENDANTS object that this request seeks information protected from disclosure by

11   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12   critical analysis privilege, and official information privilege. Further, this information is equally

13   available to Plaintiffs.  The request is impermissibly duplicative of discovery in *Hecker v.*

14   *Schwarzenegger.*

15        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

16   follows: Plaintiffs have already been provided documents and reports concerning the

17   implementation vocational and education programming, including and not limited to:  (a) draft

18   and final budget change proposal and other funding documents held by and released by the

19   Department of Finance in accord with the August 2006 court order; (b) Health Care Services

20   Division's monthly report on staffing, census and recruitment matters related to the

21   implementation of the Revised Program Guide; (c) written and oral reports on the

22   implementation of vocational and educational programming submitted to Special Master Keating

23   and Plaintiffs' counsel, such as memos to the field; (d) revisions to the Revised Program Guide

24   policies and procedures to address this issue; (e) ongoing monitoring tours of the institutions.

25   Additional responsive and non-privileged materials will be provided.

26   / / /

27   / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 4:

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of recreation or yard time at any CDCR prison or housing unit for any reason during the RELEVANT TIME PERIOD.

RESPONSE TO REQUEST NO. 4:

DEFENDANTS object that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. Further, this information is equally available to Plaintiffs.   The request is impermissibly duplicative of discovery in *Hecker v. Schwarzenegger*.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: Plaintiffs have already been provided documents and reports concerning the limitations or modifications of recreation or yard time, including and not limited to: (a) draft and final budget change proposal and other funding documents held by and released by the Department of Finance in accord with the August 2006 court order; (b) Health Care Services Division's monthly report on staffing, census and recruitment matters related to the implementation of the Revised Program Guide; (c) written and oral reports on the implementation of the Revised Program Guide submitted to Special Master Keating and Plaintiffs' counsel; (d) any documents gathered by Plaintiffs' counsel during ongoing monitoring tours of the institutions; (e) Defendants' filed October 2006 plan to reduce suicide trends in administrative segregation units by increasing yard availability and by allowing electronic appliances, with accompanying memos to the field, and with filed December 2006 supplement to plan and supporting declarations; (f) Defendants' filed request for an extension of time, with supporting declaration of Deborah Hysen, to submit a plan to create additional small management yards and the final filed plan.  Additional responsive and non-privileged materials will be provided.

/ / /

/ / /

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 5:

2      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for

3  additional resources (including but not limited to beds, treatment and office space, clinical and

4  custody staff, training, computers, or transportation) necessary to deliver constitutionally

5  adequate mental health care as set forth in the Court-approved Revised Program Guide to

6  PLAINTIFFS.

7  RESPONSE TO REQUEST NO. 5:

8      DEFENDANTS object that this request seeks information protected from disclosure by

9  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege. Further, this information is equally

11  available to Plaintiffs.  This request is overly burdensome and duplicative of request number one.

12      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

13  follows: Plaintiffs have already been provided documents and reports concerning the

14  implementation of the Revised Program Guide, including and not limited to: (a) draft and final

15  budget change proposal and other funding documents held by and released by the Department of

16  Finance in accord with the August 2006 court order; (b) Health Care Services Division' s

17  monthly report on staffing, census, and recruitment matters related to the implementation of the

18  Revised Program Guide; (c) written and oral reports on the implementation of the Revised

19  Program Guide submitted to Special Master Keating and Plaintiffs' counsel, such

20  as training materials and videos, memos to the field on the Revised Program Guide overall as

21  well as specific subjects within the Revised Program Guide, including cardiopulmonary

22  resuscitation, psychiatrist competency, referral criteria and rates; (d) any documents gathered by

23  Plaintiffs' counsel during ongoing monitoring tours of the institutions; (e) proposed coordination

24  items submitted to Special Master Lopes and Plaintiffs' counsel; (f) coordination minutes from

25  the *Plata/Coleman* courts.  Additional responsive and non-privileged materials will be provided.

26  / / /

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   REQUEST NO. 6:

2        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for

3   additional treatment space or offices to deliver adequate mental health care to PLAINTIFFS as

4   set forth in the Court-approved Revised Program Guide, including but not limited to evaluations

5   undertaken in connection with the November 13, 2006 memorandum from Peter Farber-

6   Szekrenyi and John Dovey regarding "Mental Health Services Delivery System Program Guide

7   Implementation."

8   RESPONSE TO REQUEST NO. 6:

9        DEFENDANTS object that this request seeks information protected from disclosure by

10  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11  critical analysis privilege, and official information privilege. Further, this information is equally

12  available to Plaintiffs.

13       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

14  follows: Plaintiffs have already been provided documents and reports concerning the additional

15  treatment space or offices necessary to implement the Revised Program Guide, including and not

16  limited to: (a) draft and final budget change proposals and other funding documents held by and

17  released by the Department of Finance in accord with the August 2006 court order; (b) any

18  documents gathered during ongoing attorney-participation monitoring tours of the institutions;

19  (c) written and oral reports on the treatment space or offices necessary to implement the Revised

20  Program Guide which were submitted to Special Master Keating and Plaintiffs' counsel before,

21  during and after Policy Meetings, such as construction charts; (d) proposed coordination items

22  submitted to Special Master Lopes and Plaintiffs' counsel; (e) coordination minutes from the

23  Plata/Coleman courts.  Additional responsive and non-privileged materials will be provided,

24  including the workload study.

25  / / /

26  / / /

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 7:

2       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

3  RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

4  recommendations for reducing or limiting the prison population summarized by the CDCR

5  Expert Panel on Adult Offender Reentry and Recidivism Reduction Programs in its June 29,

6  2007 Report at Appendix A (page 77).

7  RESPONSE TO REQUEST NO. 7:

8       DEFENDANTS object that this request seeks information protected from disclosure by

9  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege.  Further, this information is equally

11  available to Plaintiffs.  The request is impermissibly duplicative of discovery in *Hecker v.*

12  *Schwarzenegger.*

13       Subject to and without waiving the foregoing objections, DEFENDANTS respond that

14  any non-privileged responsive documents will be produced.

15  REQUEST NO. 8:

16       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

17  RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

18  recommendations for reducing or limiting the prison population summarized by the Little Hoover

19  Commission in its January 25, 2007 Report at Appendix D (page 61).

20  RESPONSE TO REQUEST NO. 8:

21       DEFENDANTS object that this request seeks information protected from disclosure by

22  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

23  critical analysis privilege, and official information privilege.

24       Subject to and without waiving the foregoing objections, DEFENDANTS respond any

25  non-privileged responsive documents will be produced.

26  / / /

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 9:

2       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

3  RELEVANT TIME PERIOD that REFER or RELATE to the staffing, office space or treatment

4  space necessary to provide mental health crisis care to PLAINTIFFS.

5  RESPONSE TO REQUEST NO. 9:

6       DEFENDANTS object that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

8  critical analysis privilege, and official information privilege. Further, this information is equally

9  available to Plaintiffs and duplicative of request number one.

10       Subject to and without waiving the foregoing objections, DEFENDANTS respond that

11  any non-privileged, responsive documents will be produced.

12  REQUEST NO. 10:

13       ALL DOCUMENTS OR COMMUNICATIONS created, exchanged or made during the

14  RELEVANT TIME PERIOD that REFER or RELATE to the placement or existence of prisoners

15  on the MHSDS caseload in NON-TRADITIONAL BEDS.

16  RESPONSE TO REQUEST NO. 10:

17       DEFENDANTS object that this request seeks information protected from disclosure by

18  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19  critical analysis privilege, and official information privilege. Further, this information is equally

20  available to Plaintiffs and duplicative of request for production number one.

21       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

22  follows: Plaintiffs have already been provided documents and reports concerning the housing of

23  Mental Health Services Delivery System members, including and not limited to: (a) draft and

24  final budget change proposal and other funding documents held by and released by the

25  Department of Finance in accord with the August 2006 court order; (b) Health Care Services

26  Division's monthly report on staffing, census and recruitment matters related to the

27  implementation of the Revised Program Guide; (c) written and oral reports on the

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   implementation of the Revised Program Guide submitted to Special Master Keating and

2   Plaintiffs' counsel, including census, staffing, utilization and referral data on mental health crisis

3   beds and any memos to the field on such beds; (d) any documents obtained by Plaintiffs during

4   their ongoing monitoring tours of the institutions; (e) Defendants filed intermediate and long-

5   term bed plans filed since March 2006. Any additional responsive and non-privileged materials

6   will be provided.

7   REQUEST NO. 11:

8          ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

9   with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the

10  capacities of CDCR PRISONS and housing units, including but not limited to permanent housing

11  capacity, NON-TRADITIONAL HOUSING capacity, and budgeted capacity.

12  RESPONSE TO REQUEST NO. 11:

13         DEFENDANTS object that this request seeks information protected from disclosure by

14  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

15  critical analysis privilege, and official information privilege. Further, this information is equally

16  available to Plaintiffs. Because this request is not limited to *Coleman* caseload members, the

17  request exceeds Plaintiffs' standing as class representatives, violates the non-caseload members'

18  right to privacy, and is not likely to lead to admissible evidence. Further, the request is overly

19  burdensome. Without waiving said objections, Defendants state those documents addressing

20  *Coleman* inmate-patients that are responsive and non-privileged materials will be provided.

21  REQUEST NO. 12:

22         ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

23  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the

24  populations of CDCR PRISONS and housing units, including but not limited to the number of

25  inmates by custody level, reception center, general population, administrative segregation units,

26  behavior management units, CCCMS, EOP, and psychiatric services units.

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   RESPONSE TO REQUEST NO. 12:

2          DEFENDANTS object that this request seeks information protected from disclosure by

3   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4   critical analysis privilege, and official information privilege. Because this request is not limited

5   to *Coleman* caseload members, the request exceeds Plaintiffs' standing as class representatives,

6   violates the non-caseload members' right to privacy, and is not likely to lead to admissible

7   evidence. Further, the request is overly burdensome. Without waiving said objections,

8   Defendants state those responsive and non-privileged COMPSTAT documents addressing

9   *Coleman* inmate-patients will be provided.

10  REQUEST NO. 13:

11         ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

12  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the

13  number of lockdown/modified programs during the reporting periods.

14  RESPONSE TO REQUEST NO. 13:

15         DEFENDANTS object that this request seeks information protected from disclosure by

16  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

17  critical analysis privilege, and official information privilege. Because this request is not limited

18  to *Coleman* caseload members, the request exceeds Plaintiffs' standing as class representatives,

19  violates the non-caseload members' right to privacy, and is not likely to lead to admissible

20  evidence. Further, the request is overly burdensome. Without waiving said objections,

21  Defendants state those responsive and non-privileged COMPSTAT documents addressing

22  *Coleman* inmate-patients will be provided.

23  REQUEST NO. 14:

24         ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

25  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

26  attempted suicides and suicides.

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  RESPONSE TO REQUEST NO. 14:

2       DEFENDANTS object that this request seeks information protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4  critical analysis privilege, and official information privilege. Further, this information is equally

5  available to Plaintiffs. Because this request is not limited to completed suicides, the request is

6  overbroad and exceeds the jurisdiction of this case. The request exceeds Plaintiffs' standing as a

7  representative of the certified *Coleman* class and so violates the non-caseload members' right to

8  privacy. The request seeks data on attempted suicides, and so is not likely to lead to admissible

9  evidence. Further, the request is overly burdensome.

10      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11  follows: Defendants state those COMPSTAT documents addressing completed suicides that are

12  responsive and non-privileged materials will be provided.

13  REQUEST NO. 15:

14      ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

15  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

16  inmate appeals, including total appeals, overdue appeals, appeals per 100 inmates, and inmate

17  appeals broken down by category.

18  RESPONSE TO REQUEST NO. 15:

19      DEFENDANTS object that this request seeks information protected from disclosure by

20  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

21  critical analysis privilege, and official information privilege. To the extent this request is not

22  limited to the appeals of *Coleman* caseload members regarding their mental health care, the

23  request exceeds Plaintiff's standing as a representative of a certified class of Coleman caseload

24  members, violates the non-caseload members' right to privacy, and is not likely to lead to

25  admissible evidence. The request exceeds the jurisdiction of this case. Further, the request is

26  overly burdensome. Without waiving said objections, Defendants state responsive and non-

27  privileged COMPSTAT materials concerning *Coleman* class members and their appeals of

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  mental health care, if any, will be provided.

2  REQUEST NO. 16:

3      ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

4  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

5  educational programs, vocational programs, and inmate work assignments, including capacity,

6  enrollment, and waitlist.

7  RESPONSE TO REQUEST NO. 16:

8      DEFENDANTS object that this request seeks information protected from disclosure by

9  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege. Further, this information is equally

11  available to Plaintiffs. The request is duplicative of discovery in *Hecker v.*

12  *Schwarzenegger*. To the extent this request is not limited to the educational programs, vocational

13  programs and inmate work assignments of *Coleman* caseload members, the request exceeds

14  Plaintiff's standing as a representative representative of a certified class of *Coleman* caseload

15  members, violates the non-caseload members' right to privacy, and is not likely to lead to

16  admissible evidence. The request exceeds the jurisdiction of this case. Further, the request is

17  overly burdensome. Without waiving said objections, Defendants state responsive and non-

18  privileged COMPSTAT materials concerning *Coleman* class members and their educational

19  programs, vocational programs and inmate work assignments, if any, will be provided.

20  REQUEST NO. 17:

21      ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

22  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

23  personnel vacancies, including budgeted positions, filled positions, and true vacancy totals for

24  custody, education, medical and mental health, support staff, and management.

25  RESPONSE TO REQUEST NO. 17:

26      DEFENDANTS object that this request seeks information protected from disclosure by

27  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    critical analysis privilege, and official information privilege. Further, this information is equally

2    available to Plaintiffs. This request is not limited to documents concerning the staffing necessary

3    to provide constitutionally adequate mental health care. Because the request seeks documents

4    relating to personnel vacancies for the staffing of medical, custody, education, support and

5    management positions across CDCR, the request exceeds Plaintiff's standing as a representative

6    of the certified *Coleman* class and is not likely to lead to admissible evidence. The request

7    exceeds the jurisdiction of this case. Further, the request is overly burdensome.

8         Subject to and without waiving the foregoing objections, DEFENDANTS respond as

9    follows: Responsive and non-privileged COMPSTAT materials concerning the personnel

10    vacancies for the provision of constitutionally adequate mental health care to *Coleman* class

11    members, if any, will be provided

12    REQUEST NO. 18:

13         All DOCUMENTS that REFER or RELATE TO the counting and/or business rules for

14    COMPSTAT reports for the CDCR Division of Adult Institutions.

15    RESPONSE TO REQUEST NO. 18:

16         DEFENDANTS object that this request seeks information protected from disclosure by

17    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

18    critical analysis privilege, and official information privilege. This request is not limited to

19    documents concerning the provision of constitutionally adequate mental health care and so

20    exceeds Plaintiff's standing as a representative of the certified *Coleman* class and is not likely to

21    lead to admissible evidence. The request exceeds the jurisdiction of this case. Further, the

22    request is overly burdensome.

23         Subject to and without waiving the foregoing objections, DEFENDANTS respond as

24    follows: Responsive and non-privileged COMPSTAT materials concerning the counting and/or

25    business rules for COMPSTAT report involving the provision of constitutionally adequate

26    mental health care to *Coleman* class members, if any, will be provided.

27    ///

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

16

1  REQUEST NO. 19:

2       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

3  RELEVANT TIME PERIOD that REFER or RELATE to studies performed or commissioned by

4  YOU regarding the effects of crowding or overcrowding on PLAINTIFFS or prisoners with

5  mental illness.

6  RESPONSE TO REQUEST NO. 19:

7       DEFENDANTS object that this request seeks information protected from disclosure by

8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9  critical analysis privilege, and official information privilege.  This request is not limited to

10  documents concerning the impact of population on *Coleman* class members and so exceeds

11  Plaintiff's standing as a representative of the certified class of *Coleman* caseload members and is

12  not likely to lead to admissible evidence.  The request exceeds the jurisdiction of this case.

13  Further, the request is overly burdensome.  The request is vague as to the term crowding and so

14  Defendants will interpret the term to address the overall CDCR population.

15       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

16  follows:  Responsive and non-privileged materials concerning the impact of the overall

17  population of CDCR on *Coleman* class members, if any, will be provided.

18  REQUEST NO. 20:

19       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

20  RELEVANT TIME PERIOD that REFER or RELATE to community treatment or community

21  beds for prisoners or parole violators with mental illness.

22  RESPONSE TO REQUEST NO. 20:

23       DEFENDANTS object that this request seeks information protected from disclosure by

24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25  critical analysis privilege, and official information privilege. Further, this information is equally

26  available to Plaintiffs in that any contracts for such beds are public records. To the extent

27  Plaintiffs' counsel in *Valdivia v. Schwarzenegger* were provided with documentation in in the

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  context of that case concerning Defendants obtaining community based treatment beds as part of

2  remedial sanctions, those same Plaintiffs' counsel here already have such documentation. This

3  request impermissibly seeks discovery concerning community treatment beds for both inmates

4  and parolees. Because this request is not limited to documents concerning community treatment

5  beds or community beds for *Coleman* class members who are inmates of CDCR, the request

6  exceeds Plaintiff's standing as a representative of the certified class of *Coleman* caseload

7  members who are inmates of CDCR and is not likely to lead to admissible evidence. The request

8  exceeds the scope/jurisdiction of this case. Further, the request is overly burdensome.

9        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

10  follows: Responsive and non-privileged materials concerning community treatment beds for

11  *Coleman* class members who are inmates of CDCR, if any, will be provided.

12  REQUEST NO. 21:

13        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to

14  the provision of yard or exercise time to *COLEMAN* CLASS MEMBERS during the

15  RELEVANT TIME PERIOD.

16  RESPONSE TO REQUEST NO. 21:

17        DEFENDANTS object that this request seeks information protected from disclosure by

18  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19  critical analysis privilege, and official information privilege. Further, this information is equally

20  available to Plaintiffs.

21        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

22  follows: Responsive and non-privileged documents concerning the provision of yard or exercise

23  time to *Coleman* class members have already been provided, including Defendants' plan to

24  reduce suicide trends in administrative segregation units, Defendants' small management yard

25  plan, and Special Master Keating's reports on both plans.  Any additional non-privileged and

26  responsive documents will be provided.

27  //

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    REQUEST NO. 22:

2            ALL DOCUMENTS and COMMUNICATIONS  that REFER or RELATE to the use of

3    alternative sites to licensed mental health crisis beds for prisoners in need of crisis beds or

4    suicide precautions, including but not limited to outpatient housing units (OHUs), mental health

5    outpatient housing units (MOHUs) and holding cells, during the RELEVANT TIME PERIOD.

6    RESPONSE TO REQUEST NO. 22:

7            DEFENDANTS object that this request seeks information protected from disclosure by

8    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9    critical analysis privilege, and official information privilege.

10           Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11   follows: Responsive and non-privileged materials concerning the use of alternative sites to

12   licensed mental health crisis beds have already been provided, including certain Division of

13   Health Care Services Division memoranda to the field, Defendants' plan to reduce suicide trends

14   in administrative segregation units, Defendants' bed plans and Special Master Keating's reports

15   on those plans.  Any additional non-privileged and responsive documents will be provided.

16   REQUEST NO. 23:

17           ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE  to the use of

18   or referral to mental health crisis beds for inmates not previously identified on the MHSDS

19   caseload during the RELEVANT TIME PERIOD.

20   RESPONSE TO REQUEST NO. 23:

21           DEFENDANTS object that this request seeks information protected from disclosure by

22   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

23   critical analysis privilege, and official information privilege. Further, this information is equally

24   available to Plaintiffs.  The request violates non-caseload members' right to privacy.

25           Subject to and without waiving the foregoing objections, DEFENDANTS respond as

26   follows: Responsive and non-privileged materials concerning the use of alternative sites to

27   licensed mental health crisis beds have already been provided, including Defendants' plan to

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   reduce suicide trends in administrative segregation units, Defendants' monthly reports to Special

2   Master Keating and Plaintiffs' counsels,  Defendants' bed plans and Special Master Keating's

3   reports on those plans.

4   REQUEST NO. 24:

5          ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the number

6   of CCCMS, EOP or other COLEMAN CLASS MEMBERS housed in Reception Centers during

7   the RELEVANT TIME PERIOD.

8   RESPONSE TO REQUEST NO. 24:

9          DEFENDANTS object that this request seeks information protected from disclosure by

10   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11   critical analysis privilege, and official information privilege.

12          Subject to and without waiving the foregoing objections, DEFENDANTS respond as

13   follows: Defendants state that any non-privileged and responsive documents showing that sought

14   data will be provided.

15   REQUEST NO. 25:

16          ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR or

17   the CDCR's ability to transfer CCCMS and EOP inmates out of Reception Centers according to

18   the timeframes established in the Revised Program Guide (60 days for EOP and 90 days for

19   CCCMS).

20   RESPONSE TO REQUEST NO. 25:

21          DEFENDANTS object that this request seeks information protected from disclosure by

22   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

23   critical analysis privilege, and official information privilege. Further, this information is equally

24   available to Plaintiffs.

25          Subject to and without waiving the foregoing objections, DEFENDANTS respond as

26   follows: Documents showing that sought data has already been provided in the form of

27   Defendants' plan to provide Enhanced Outpatient Program care in Reception (EOP in

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1 | Reception Plan) and in the form of the CDCR-HCSD monthly reports. To the extent Defendants

2 | are preparing an enhancement of the EOP in Reception Plan in response to the *Coleman* court's

3 | October 3, 2007 recent order, that pending work is subject to the deliberative process privilege

4 | and the drafts, if any, of the original plan are subject to the same privilege. Any responsive, non-

5 | privileged documents will be produced.

6 | REQUEST NO. 26:

7 | All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

8 | implementation of Court-ordered mental health care programs in Reception Centers during the

9 | RELEVANT TIME PERIOD.

10 | RESPONSE TO REQUEST NO. 26:

11 | DEFENDANTS object that this request seeks information protected from disclosure by

12 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

13 | critical analysis privilege, and official information privilege. Further, this information is equally

14 | available to Plaintiffs.

15 | Documents showing that sought data has already been provided in the form of Defendants

16 | plan to provide Enhanced Outpatient Program care in Reception (EOP in Reception Plan) and in

17 | the form of the CDCR-HCSD monthly reports. To the extent Defendants are preparing an

18 | enhancement of the EOP in Reception Plan in response to the *Coleman* court's October 3, 2007

19 | order, that pending work is subject to the deliberative process privilege and the drafts, if any, of

20 | the original plan are subject to the same privilege. Any responsive, non-privileged documents

21 | will be produced.

22 | REQUEST NO. 27:

23 | All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

24 | programs, policies, or procedures that YOU have adopted since October 2006 that YOU contend

25 | will limit or reduce the number of *COLEMAN* CLASS MEMBERS housed in CDCR PRISONS.

26 | RESPONSE TO REQUEST NO. 27:

27 | DEFENDANTS object that this request seeks information protected from disclosure by

28 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

2    critical analysis privilege, and official information privilege.

3        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4    follows: Any responsive, non-privileged documents will be produced.

5    REQUEST NO. 28:

6        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

7    original determination of MHSDS (EOP, CCCMS, MHCB) housing capacity for each CDCR

8    PRISON housing unit at the time when the MHSDS housing capacity was first created.

9    RESPONSE TO REQUEST NO. 28:

10       DEFENDANTS object that this request seeks information protected from disclosure by

11   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12   critical analysis privilege, and official information privilege.  This request is overbroad by

13   seeking documents since the creation of Mental Health Services Delivery System housing.  The

14   request is vague as to the terms 'housing unit' and 'original stated capacity' for *Coleman* class

15   members.  Indeed, certain prisons were built before the commencement and/or completion of the

16   *Coleman* lawsuit and so the term original stated capacity for housing *Coleman* inmates  is vague,

17   ambiguous and essentially inapplicable to those prisons.  Further, the information responsive to

18   this interrogatory is equally available to Plaintiffs from the (a) inspection tours undertaken prior

19   to trial, (b) the monitoring tours provided since the inception of the remedial process and

20   continuing to date, (c) the Health Care Services Division's monthly reports to the Special Master,

21   (d) the staffing, construction and funding reports provided at semi-annual meetings with the

22   Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).

23   REQUEST NO. 29:

24       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

25   CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

26   CDCR PRISON housing unit over the past five years.

27   //

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  RESPONSE TO REQUEST NO. 29:

2    DEFENDANTS object that this request seeks information protected from disclosure by the

3  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

4  analysis privilege, and official information privilege. This request is overbroad by providing a five-

5  year time period for production. Certain prisons were built before the commencement and/or

6  completion of the *Coleman* lawsuit and so the term 'stated capacity' for housing *Coleman* inmates

7  is vague, ambiguous and essentially inapplicable to those prisons. Further, the information

8  responsive to this interrogatory is equally available to Plaintiffs from the (a) inspection tours

9  undertaken prior to trial, (b) the monitoring tours provided since the inception of the remedial

10  process and continuing to date, (c) the Health Care Services Division's monthly reports to the

11  Special Master, (d) the staffing, construction and funding reports provided at semi-annual meetings

12  with the Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).

13  REQUEST NO. 30:

14    ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

15  CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

16  CDCR PRISON housing unit over the past five years.

17  RESPONSE TO REQUEST NO. 30:

18    DEFENDANTS object that this request seeks information protected from disclosure by the

19  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

20  analysis privilege, and official information privilege. This request is overbroad by providing a five-

21  year time period for production. The term 'stated capacity' for housing *Coleman* inmates is vague,

22  ambiguous. The non-privileged information responsive to this interrogatory is equally available to

23  Plaintiffs from the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided

24  since the inception of the remedial process and continuing to date, (c) the Health Care Services

25  Division's monthly reports to the Special Master, (d) the staffing, construction and funding reports

26  provided at semi-annual meetings with the Special Master and Plaintiffs (known as All Parties and/or

27  Policy Meetings), (e) the Governor's Budget and May Revise, (f) the budget documents produced

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1 | in response to the *Coleman* court's June 2006 order.

2 | REQUEST NO. 31:

3 | ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to mental

4 | health staffing studies, including workload studies, undertaken or commissioned by YOU that

5 | analyze the number and types of staff (clinical, custody, and support) required to implement the

6 | Court-ordered Revised Program Guide.

7 | RESPONSE TO REQUEST NO. 31:

8 | DEFENDANTS object that this request seeks information protected from disclosure by the

9 | attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

10 | analysis privilege, and official information privilege. Subject to and without waiving the foregoing

11 | objections, DEFENDANTS respond as follows: The final workload study commissioned by CDCR

12 | Health Care Services Division and sought by Plaintiff Coleman at the last *Coleman* Policy Meeting

13 | will be produced.

14 | REQUEST NO. 32:

15 | ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to workload

16 | studies undertaken or commissioned by YOU that analyze treatment and office space needed to

17 | implement the Court-ordered Revised Program Guide.

18 | RESPONSE TO REQUEST NO. 32:

19 | DEFENDANTS object that this request seeks information protected from disclosure by the

20 | attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

21 | analysis privilege, and official information privilege.

22 | Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

23 | Any non-privileged and responsive documents will be produced.

24 | REQUEST NO. 33:

25 | ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

26 | the RELEVANT TIME PERIOD that REFER or RELATE to requests for additional resources or

27 | staff (clinical, custody, and support) for the provision of mental health treatment, including but not

28 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  limited to budget change proposals and draft budget change proposals.

2  RESPONSE TO REQUEST NO. 33:

3       DEFENDANTS object that this request seeks information protected from disclosure by the

4  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

5  analysis privilege, and official information privilege.  This request is overbroad by providing a five-

6  year time period for production. Te term 'stated capacity'  for housing *Coleman* inmates is vague,

7  ambiguous. The non-privileged information responsive to this interrogatory is equally available to

8  Plaintiffs from the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided

9  since the inception of the remedial process and continuing to date, (c) the Health Care Services

10  Division's monthly reports to the Special Master, (d) the staffing, construction and funding reports

11  provided at semi-annual meetings with the Special Master and Plaintiffs (known as All Parties and/or

12  Policy Meetings), (e) the Governor's Budget and May Revise, (f) the budget documents produced

13  in response to the *Coleman* court's June 2006 order.

14  REQUEST NO. 34:

15       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

16  RELEVANT TIME PERIOD that REFER or RELATE to overcrowding.

17  RESPONSE TO REQUEST NO. 34:

18       DEFENDANTS object that this request seeks information protected from disclosure by the

19  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

20  analysis privilege, and official information privilege.  This request is impermissibly vague and

21  overbroad by failing to properly define the word 'overcrowding' in terms of any indicated population

22  or number.

23       Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

24  Any non-privileged and responsive documents will be produced.

25  ///

26  ///

27  ///

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1 | REQUEST NO. 35:

2 |     ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made from

3 | January 1, 2005 to present that REFER or RELATE to YOUR ability to timely place

4 | *COLEMAN* CLASS MEMBERS in MHSDS beds at each level of care (CCCMS, EOP,

5 | MHCB, DMH), including delays in referral, endorsement and transfer.

6 | RESPONSE TO REQUEST NO. 35:

7 |     DEFENDANTS object that this request seeks information protected from disclosure by the

8 | attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

9 | analysis privilege, and official information privilege. Further, this information is equally available

10 | to Plaintiffs.

11 |     Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

12 | The non-privileged information responsive to this interrogatory is equally available to Plaintiffs from

13 | the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided since the

14 | inception of the remedial process and continuing to date, (c) the Health Care Services Division's

15 | monthly reports to the Special Master, (d) the reports provided at semi-annual meetings with the

16 | Special Master and Plaintiffs (known as All Parties and/or Policy Meetings). Any additional

17 | responsive and non-privileged information will be provided.

18 | REQUEST NO. 36:

19 |     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR

20 | ability to transfer *COLEMAN* CLASS MEMBERS housed in administrative segregation or

21 | administrative segregation overflow housing units for non-disciplinary reasons from October

22 | 17, 2006 to present.

23 | RESPONSE TO REQUEST NO. 36:

24 |     DEFENDANTS object that this request seeks information protected from disclosure by the

25 | attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

26 | analysis privilege, and official information privilege. Further, this information is equally available

27 | to Plaintiffs.

28 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1      Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

2  The non-privileged information responsive to this interrogatory is equally available to Plaintiffs from

3  the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided since the

4  inception of the remedial process and continuing to date, (c) the Health Care Services Division's

5  monthly reports to the Special Master, (d) the reports provided at semi-annual meetings with the

6  Special Master and Plaintiffs (known as All Parties and/or Policy Meetings). Any additional

7  responsive and non-privileged information will be provided.

8  REQUEST NO. 37:

9      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

10  number or percentage of CDCR prisoners enrolled in or on waitlists for educational programs,

11  vocational programs, and inmate work assignments during the RELEVANT TIME PERIOD.

12  RESPONSE TO REQUEST NO. 37:

13      DEFENDANT objects that this request seeks information protected from disclosure by the

14  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

15  analysis privilege, and official information privilege. Further, this information is equally available

16  to Plaintiffs. The request is duplicative of discovery in *Hecker v. Schwarzenegger* as well as request

17  number 16 in this set of requests. To the extent this request is not limited to the educational

18  programs, vocational programs and inmate work assignments of *Coleman* caseload members, the

19  request exceeds Plaintiff's standing as a representative of a certified class of *Coleman* caseload

20  members, violates the non-caseload members' right to privacy, and is not likely to lead to admissible

21  evidence. The request exceeds the jurisdiction of this case. Further, the request is overly

22  burdensome. Without waiving said objections, Defendants state responsive and non-privileged

23  materials concerning *Coleman* class members and their enrollment in or watilist status for

24  educational programs, vocational programs, and inmate work assignments during the RELEVANT

25  TIME PERIOD.

26  / / /

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 38:

2       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to standards,

3  guidelines, protocols, or procedures for the provision of mental health care during the RELEVANT

4  TIME PERIOD to *COLEMAN* CLASS MEMBERS by community based housing programs,

5  including but not limited to Community Correctional Facilities.

6  RESPONSE TO REQUEST NO. 38:

7       DEFENDANTS object that this request seeks information protected from disclosure by the

8  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

9  analysis privilege, and official information privilege. DEFENDANTS further object that the term

10  community correctional facilities is vague and so interpret that term to not include Family

11  Foundation facilities.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

2    By policy and procedure, *Coleman* class members are excluded from Community Correctional

3    Facilities and so this inquiry is inapposite. DEFENDANTS will produce any protocols concerning

4    the exclusionary criteria and concerning the response to any emergency mental health care needs of

5    those inmates housed in Community Correctional Facilities.

6

7    Dated:  November 9, 2007

8                                    Respectfully submitted,

9                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

10                                   DAVID S. CHANEY
                                     Chief Assistant Attorney General

11                                   FRANCES T. GRUNDER
                                     Senior Assistant Attorney General

12                                   ROCHELLE C. EAST
                                     Supervising Deputy Attorney General

13

14

15                                   LISA A. TILLMAN
16                                   Deputy Attorney General

17                                   Attorneys for Defendants

18   SF2007200670
     responseALLDEFColemanRFP1.11.8wpd.wpd

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                                    Plaintiffs,<br><br>          v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                                    Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>                                    Plaintiffs,<br><br>          v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                                    Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DEFENDANTS' RESPONSE TO RALPH COLEMAN'S INTERROGATORIES AND REQUEST FOR PRODUCTION, DECLARATION OF ROBERT GORE REGARDING PRIVILEGED DOCUMENTS** |

I, Robert Gore, declare:

1. I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office. Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively involved with, and review, budgets and corrections issues for the Office of the Governor.

2. I have personal knowledge of the facts stated in this declaration and if called to testify upon those facts would do so competently.

3. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set One, propounded upon Governor Schwarzenegger and other named defendants as well as Plaintiff Ralph Coleman's First Set of Interrogatories to Governor Schwarzenegger, in the case of *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.

4. In my capacity as Acting Chief Deputy Cabinet Secretary for the California Governor's Office, I am familiar with the Governor's Office's analysis, policies, practices, and procedures concerning its involvement with the California Legislature, State budget process, AB 900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity and bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities, and the prison parole system. In addition, I am familiar with, and an instrumental participant in, development of such policies and procedures. I am also familiar with the process associated with the development of legislation, the budget and the development of draft budget change proposals by State agencies through an internal review process, which are ultimately submitted to the Office of the Governor for final approval. I am also familiar with the October 2006 Emergency Proclamation and the process of its development and preparation.

5. Policy, plans and procedures for the budget, AB 900, out-of-state transfers, prison site selection, prison capacity and bed planning documents are drafted, revised, discussed, debated and redrafted before finalization. The final documents have been produced in these cases and will be provided in response to Plaintiff Coleman's Request for Production of Documents. The Governor's Office maintains as privileged those documents reflecting internal analysis, deliberation and discussion prior to adoption of the Governor's budget proposal, AB 900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity and

Decl. of Robert Gore Re: Privileged Documents

1   bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities,

2   and the prison parole system.

3      6. From October 2006 to the present, the Governor's Office has explored numerous

4   strategies for addressing population in CDCR.  These include but are not limited to out-of-state

5   transfers, parole reform, and prison construction.  These also include the Emergency

6   Proclamation of October 2006.  Documents reflecting analysis of these issues prior to adoption of

7   a final strategy are pre-decisional, deliberative and therefore privileged.

8      7. Those privileged and non-privileged documents in the possession of the Office of the

9   Governor that are responsive to Plaintiffs' Request for Production of Documents, will be

10   provided to Defendants' counsel.  Those documents include briefing documents, critiques, self-

11   evaluations, agendas, draft plans, budget change proposals, associated e-mails, legal analyses,

12   official information which is not made available to the public, communications within the Office

13   of the Governor and with other Defendants' executive levels, and communications with attorneys

14   regarding pending and anticipated litigation.

15      8. Many documents provided to counsel for Defendants are pre-decisional and bear on

16   the formulation or exercise of the Governor's Office's policy-oriented judgment.  These

17   materials were part of the deliberative policy-making process which led to a final decision, or are

18   leading to a future final decision, regarding budgetary policies which are the basis for all

19   governmental activities, procedures, regulations, and amendments.  Such documents include

20   draft legislation; draft proclamations; draft executive orders; analysis of proposals; draft planning

21   documents; attorney work-product; communications within the Office of the Governor, other

22   Defendants' executive levels, and attorneys; and other documents which reflect the opinions and

23   suggestions of individuals rather than the policy of a particular agency.

24      9. Many potentially responsive documents reflect complex calculations, judgments,

25   projections, the application of existing laws and regulations, and the assessment of possible

26   solutions and recommendations.  As such, these documents are pre-decisional, deliberative, and

27   should be shielded from discovery because disclosure of the documents may chill future

28   discourse, self-evaluation and critical analysis.  Furthermore, if individuals fear that deliberative

1   materials will be made public, it may deter discussion and development of theories and ideas of

2   benefit to the public.

3         I declare under penalty of perjury the foregoing is true and correct.

4         Executed on November 9, 2007, in Sacramento, California.

5

6                                 ROBERT GORE

7                                 Acting Chief Deputy Cabinet Secretary
                                   California Office of the Governor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 327-7872
8 | Fax: (916) 324-5205
Email: Lisa.Tillman@doj.ca.gov
9

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

10 | Attorneys for Defendants

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | AND THE NORTHERN DISTRICT OF CALIFORNIA

14 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17 | **RALPH COLEMAN, et al.,**

18 | Plaintiffs,

19 | v.

20 | **ARNOLD SCHWARZENEGGER, et al.,**

21 | Defendants.

2:90-cv-00520 LKK JFM P

**THREE JUDGE COURT**

22 | **MARCIANO PLATA, et al.,**

23 | Plaintiffs,

24 | v.

25 | **ARNOLD SCHWARZENEGGER, et al.,**

26 | Defendants.

27 |

28 |

No. C 01-1351 TEH

**THREE JUDGE COURT**

**DEFENDANTS' RESPONSE
TO RALPH COLEMAN'S
REQUEST FOR
PRODUCTION,
DECLARATION OF
VINCENT P. BROWN
REGARDING PRIVILEGED
DOCUMENTS**

Decl. of Vincent P. Brown Re: Privileged Documents

I, Vincent P. Brown, declare:

1. I am the Chief Deputy Director of the California Department of Finance. In this role, my responsibilities include reviewing the Governor's Budget before its presentation to the Legislature.

2. As delegated to me by the Director of Finance, I act for the Director as a member of the Public Works Board and the Pooled Money Investment Board. The Department of Finance also provides staff for both Boards. However, such entities are not parties to this litigation and, therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy Director of the California Department of Finance.

3. I have personal knowledge of the facts stated in this declaration and if called to testify upon those facts would do so competently.

4. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set One, propounded upon Defendant Michael Genest and other named Defendants in the case entitled *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the documents generated by the Department of Finance which may be responsive to Plaintiffs' requests. Certain items within those categories of documents are privileged.

5. In my capacity as Chief Deputy Director of the California Department of Finance, I am familiar with the Department of Finance's analysis, policies, practices, and procedures concerning its involvement with the State budget process. In addition, I am familiar with, and an instrumental participant in, development of such analysis, policies, practices and procedures. I am also familiar with the process associated with the development of the budget and the development of draft budget change proposals by State agencies through an internal review process, the review and analysis of those documents by the Department of Finance, and subsequent revisions for ultimate submission to the Office of the Governor for final approval.

6. Policy, planning and procedural budget documents are drafted, revised, discussed, debated and redrafted before finalization. Final budget documents have been produced in these cases and will be provided in response to the Request for Production of Documents. In addition, final budget documents are published on Defendants' website and so are equally available to

Decl. of Vincent P. Brown Re: Privileged Documents

1   Plaintiffs.  The Department of Finance maintains as privileged those documents reflecting

2   internal analysis, deliberation and discussion prior to adoption of the Governor's budget

3   proposal, including: draft budget change proposals, forms containing internal analysis and

4   summation of  submitted draft budget change proposals, conference committee notes, position

5   papers, internal communications and draft cost summaries.

6          7.  The Department of Finance takes an advisory role relative to the budget in advance of

7   the appropriation of funds by the Legislature which supports the activities of, and the adoption

8   of, policies, procedures and practices for State agencies.  The Department of Finance's activities

9   are performed on a continuing basis.  Modifications to Department of Finance policies, practices

10  and procedures are developed through self-evaluations conducted internally.  Information

11  gathered and derived for purposes of this process is considered confidential and is maintained in

12  a confidential manner. Finally, many of the Department of Finance's policies and procedures are

13  derived from budgetary and fiscal information for which the Governor has final approval.

14         8.  Those privileged and non-privileged documents in the possession of the Department of

15  Finance that are responsive to Plaintiff Ralph Coleman's Request for Production of Documents,

16  will be provided to Defendants' counsel.  Those documents include briefing documents, agendas,

17  draft plans, draft budget change proposals, forms reflecting analysis of budget change proposals,

18  associated e-mails, official information which is not made available to the public,

19  communications with the Office of the Governor and with other Defendants' executive levels,

20  and communications with attorneys regarding pending and anticipated litigation.

21         9.  Many documents provided to counsel for Defendants are pre-decisional and bear on

22  the formulation or exercise of the Department of Finance's fiscal policy-oriented judgment.

23  These materials were part of the deliberative policy-making process which led to a final decision,

24  or are leading to a future final decision, regarding budgetary policies which are the basis for all

25  governmental activities, procedures, regulations, and amendments.  Such documents include

26  draft budget change proposals; analysis of such proposals; draft planning documents; attorney

27  / / /

28  / / /

Decl. of Vincent P. Brown Re: Privileged Documents

3

1  work-product; communications with the Office of the Governor, other Defendants' executive

2  levels, and the Department of Finance's attorneys; and other documents which reflect the

3  professional opinions and suggestions of individuals rather than the policy of a particular agency.

4       10.  Many potentially responsive documents reflect complex calculations, judgments,

5  projections, the application of existing laws and regulations, and the assessment of possible

6  solutions and recommendations.  As such, these documents are pre-decisional, deliberative, and

7  should be shielded from discovery because disclosure of the documents may chill future

8  discourse, self-evaluation and critical analysis.   Furthermore, if individuals fear that deliberative

9  materials will be made public, it may deter discussion and development of theories and ideas of

10  benefit to the public.

11       I declare under penalty of perjury the foregoing is true and correct.

12       Executed on _Novmber  9_, 2007, in Sacramento, California.

13

14                                        _Vincent P. Brown_
                                          VINCENT P. BROWN

15                                        Chief Deputy Director
                                          California Department of Finance

16  browndelibdec.wpd
    SF2007200670

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Vincent P. Brown Re: Privileged Documents

4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 324-5388
8    Fax: (916) 324-5205
     Email: Misha.Igra@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

9
   Attorneys for Defendants
10

11          IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13       AND THE NORTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  **RALPH COLEMAN, et al.,**                    2:90-cv-00520 LKK JFM P

18                              Plaintiffs,       **THREE JUDGE COURT**

19          v.

20  **ARNOLD SCHWARZENEGGER, et al.,**

21                              Defendants.

22  **MARCIANO PLATA, et al.,**                   No. C 01-1351 TEH

23                              Plaintiffs,       **THREE JUDGE COURT**

24          v.                                    **DECLARATION OF DOUG**
                                                  **MCKEEVER REGARDING**
25  **ARNOLD SCHWARZENEGGER, et al.,**            **PRIVILEGED DOCUMENTS**

26                              Defendants.

27          I, Doug McKeever, declare:

28          1. I am employed by the Division of Correctional Health Care Services for

Decl. of Doug McKeever re Privileged Documents

1

1  the California Department of Corrections and Rehabilitation (CDCR). From January 2005 to

2  October 2006, I held the position of Project Director, and was responsible for the development

3  and preparation of projects arising from the Coleman v. Schwarzenegger litigation. Since

4  October 2006, I have held the position of Director of Mental Health Services, with direct

5  oversight over the program and responsibility for policy development and implementation for the

6  statewide mental health program of the Division of Correctional Health Care Services. In both

7  positions, I led a multi-agency work group dedicated to creating and implementing short-term,

8  interim, and long-range mental health bed plans.

9        2.  I have personal knowledge of the facts stated in this declaration and if called to testify

10  upon those facts would do so competently.

11        3.  In my capacity as Director of Mental Health Services, I am responsible for overseeing

12  the management and operation of the mental health services delivery system in California's

13  prisons. I am familiar with CDCR's regulations, policies, practices, and procedures concerning

14  mental health bed plans, treatment and housing options; mental health services staff recruitment

15  and retention; and population projections for mentally ill inmates. In addition, I am familiar

16  with, and an instrumental participant in, development of such policies and procedures.

17        4.  I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents

18  issued upon Defendant Tilton in *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I

19  have also reviewed Plaintiff Ralph Coleman's First Set of Interrogatories issued upon Defendant

20  Tilton in *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the

21  documents generated by Mental Health Services of CDCR Correctional Health Care Services

22  Division which may be responsive to Plaintiffs' requests. Certain items within those categories

23  of documents are privileged.

24        5.  Policy, planning and procedural documents for the mental health services delivery

25  system are drafted, revised, discussed, debated and redrafted before finalization. Once finalized,

26  copies of many documents reflecting policies and procedures are routinely provided to Special

27  Master Keating, his staff and Plaintiffs' counsel. Although final products will be produced,

28  CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation

Decl. of Doug McKeever re Privileged Documents

2

1    and discussion prior to adoption of a final product.

2        6. I participate in many committees which meet to develop ideas, evaluate options,

3    analyze courses of action, review past performance, and provide feedback in the development of

4    policies and procedures affecting all aspects of the mental health services delivery system

5    including design, construction, programming, and clinical and custodial staffing. These

6    functions are performed on a continuing basis. Information gathered and derived for purposes of

7    policy planning and analysis is considered confidential and is maintained in a confidential

8    manner. Finally, many policies and procedures affecting prison mental health services are

9    derived based upon budgetary and fiscal information for which the Governor and the Legislature

10   have final approval.

11       7. I am also familiar with the process associated with the derivation of the budget and

12   the development of draft budget change proposals for CDCR's internal review and revision

13   which are submitted to the Department of Finance and ultimately submitted to the Office of the

14   Governor for final approval.

15       8. I have provided documents in the possession of CDCR to counsel for the Defendants

16   in response to Plaintiffs' Requests for Production of Documents. These documents include draft

17   bed plans, mental health population projections prepared by a litigation consultant, associated e-

18   mails, documents developed to activate creative brainstorming, internal debate and analysis,

19   official information which is not made available to the public, and communications with

20   CDCR's attorneys regarding proposed courses of action as well as pending and anticipated

21   litigation. Such documents include recommendations, proposals, analysis, legal comments, and

22   other documents which reflect the personal opinion of the individual writers rather than the

23   policy of CDCR.

24       9. Many documents provided to counsel for Defendants are pre-decisional and bear on

25   the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of

26   the deliberative policy-making process which led to a final decision, or are leading to a future

27   final decision, regarding CDCR's policies, procedures, regulations, or amendments.

28       10. Many potentially responsive documents were derived from a complex set of

1  judgments, projections, the study and evaluation of mental health treatment options, creative

2  recommendations and the assessment of possible solutions and barriers. As such, these

3  documents are pre-decisional, deliberative, and should be shielded from discovery because

4  disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

5  analysis. Furthermore, if individuals fear that deliberative materials will be made public, it may

6  deter discussion and development of beneficial theories and ideas.

7       I declare under penalty of perjury the foregoing is true and correct.

8       Executed on _November 9_____, 2007, in Sacramento, California.

9

10            DOUG McKEEVER

11            Director of Mental Health Services
          California Department of Corrections and Rehabilitation

12  mckeeverdelibdcs.wpd

13  SF2007200670

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Doug McKeever re Privileged Documents

4

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
6 |  1300 I Street, Suite 125
P.O. Box 944255
7 |  Sacramento, CA 94244-2550
Telephone: (916) 327-7872
8 | Fax: (916) 324-5205
Email: Lisa.Tillman@doj.ca.gov
9

10 | Attorneys for Defendants

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | AND THE NORTHERN DISTRICT OF CALIFORNIA

14 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs. | **THREE JUDGE COURT** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |
| **MARCIANO PLATA, et al.,** | No. C 01-1351 THE |
| Plaintiffs. | **THREE JUDGE COURT** |
| v. | **DEFENDANTS' RESPONSE TO RALPH COLEMAN'S INTERROGATORIES AND REQUST FOR PRODUCTION, DECLARATION OF CYNTHIA A. RADAVSKY REGARDING PRIVILEGED DOCUMENTS** |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

Decl. of Cindy Radavsky Re: Privileged Documents

1

I, Cynthia A. Radavsky, declare:

1. I am employed in the position of Deputy Director of Long-Term Care Services with the Department of Mental Health (DMH) of the Health and Human Services Agency. I have been employed by the Department of Mental Health since October 1995 and have held the following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long Term Care Services from 2006 to present.

2. I have personal knowledge of the facts stated in this declaration and if called to testify upon those facts would do so competently.

3. In my position with DMH, I am familiar with the missions, policies, staffing, and operations of each of the state hospitals. I am responsible for overseeing the inpatient care provided to CDCR inmate-patients at Atascadero State Hospital, Coalinga State Hospital and Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of DMH programs within California Department of Correction and Rehabilitation (CDCR) facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas Valley Psychiatric Program at Salinas Valley State Prison.

4. I am responsible for ensuring DMH provides appropriate responses to and complies with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in preparing and developing Defendants' August 2007 mental health bed plan. I also participated in the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of December 2006. I am participated in the development of the pay parity plans approved by this Court for DMH clinicians. I also participated in developing the DMH response to court orders for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan for Coalinga State Hospital. Each of these referenced documents have been filed with the *Coleman* court and provided to counsel. I oversee the preparation and implementation of the operating interagency agreements and memoranda of understanding between DMH and CDCR to provide acute and intermediate care inpatient beds to CDCR inmates. Those interagency

Decl. of Cindy Radavsky Re: Privileged Documents

1   documents and memoranda of understanding have been submitted to Special Master Keating and

2   Plaintiffs' counsel for review.

3        5. I am also responsible for DMH's responses to other litigation matters, ranging from

4   habeas petitions filed by patients to the action brought by the United States Department of

5   Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the

6   CRIPA case).          6. I have reviewed Plaintiff Ralph Coleman's Request for Production of

7   Documents, Set One, propounded upon Defendant Stephen Mayberg and other named

8   Defendants in the case entitled *Coleman v. Schwarzenegger*, Case No. CIV S90-0520 LKK JFM

9   P, and *Plata v. Schwarzenegger*, Case No. C01-1351 THE. I understand Plaintiffs sought to

10  obtain documents from Mr. Mayberg, in his capacity as the Director of the Department of Mental

11  Health, by defining the terms "CDCR prison" and "prison" to include any and settings in which

12  the Department of Mental Health houses CDCR inmates. Defendants' counsel has objected to

13  that definition as inappropriate under the jurisdictional parameters of the certified class within

14  the *Coleman* case. Further, the proposed definition is inappropriate because only CDCR, not

15  DMH, has statutory responsibility for the custody and control of CDCR prisoners under

16  California Penal Code section 5054. To the extent, however, any of the documents sought in this

17  Request for Production were prepared in whole or part by DMH personnel in conjunction with or

18  shared with other Defendants' personnel, this declaration elucidates the privileges applicable to

19  some of those responsive documents.

20       7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am

21  familiar with this agency's analysis, regulations, policies, practices, and procedures concerning

22  its involvement with prisons of the California Department of Corrections and Rehabilitation. In

23  addition, I am familiar with, and an instrumental participant in, development of such analysis,

24  policies and procedures. I am also familiar with the process associated with the derivation of

25  the budget and the development of draft budget change proposals for internal review and

26  revision and for ultimate submission to the Office of the Governor for final approval.

27       8. Policy, planning and procedural documents are drafted, revised, discussed, debated

28  and redrafted before finalization. Although the final product will be produced, DMH maintains

Decl of Cindy Radavsky Re: Privileged Documents

1    as privileged those drafts or other documents reflecting internal analysis, deliberation and

2    discussion prior to adoption of the final product.  Such documents include patient planning

3    committee notes, draft budget change proposals, legal opinions prepared by in-house counsel for

4    DMH staff, legal memoranda prepared relative to ongoing litigation (such as this case and the

5    CRIPA case), position papers and draft cost summaries.

6         9.  When requested, DMH takes an advisory role relative to treatment of CDCR inmate-

7    patients in advance of adoption of plans, policies and procedures.  These functions are performed

8    on a continuing basis.  In addition, modifications to policies and procedures may be developed

9    through self-evaluations conducted internally.  Information gathered and derived for purposes of

10   policy planning and analysis is considered confidential and is maintained in a confidential

11   manner. Finally, many of DMH's policies and procedures are derived based upon budgetary and

12   fiscal information for which the Governor has final approval.

13        10.  I have caused documents in the possession of DMH to be provided to counsel for the

14   Defendants in response to Plaintiffs' Request for Production of Documents, Set One.  These

15   documents include draft unadopted planning documents, budget change proposal packages,

16   associated e-mails, documents developed to activate internal debate and analysis, official

17   information which is not made available to the public, and communications with DMH's staff

18   attorneys and the Attorney General's Office regarding pending and anticipated litigation.

19        11.  Many documents provided to counsel for Defendants are pre-decisional and bear on

20   the formulation or exercise of DMH's judgment.  These materials were part of the deliberative

21   policy-making process which led to a final decision, or are leading to a future final decision,

22   regarding DMH's budget, policies, procedures and treatment of CDCR inmate-patients.  Such

23   documents include recommendations, draft documents, proposals, legal comments, and other

24   documents which reflect the personal opinion of the individual writers rather than the policy of

25   DMH.

26        12.  Many potentially responsive documents were derived from a complex set of

27   treatment considerations, judgments, projections, other rules and regulations, and the assessment

28   of possible solutions and recommendations.  As such, these documents are pre-decisional,

1   deliberative, and should be shielded from discovery because disclosure of the documents may

2   chill future beneficial discourse, self-evaluation and debate.   Furthermore, if individuals

3   working with or for DMH fear that deliberative materials will be made public, the release may

4   deter discussion and development of theories and ideas of benefit to the public.

5        I declare under penalty of perjury the foregoing is true and correct.

6        Executed on _November 9_____, 2007, in Sacramento, California.

7

8                                CYNTHIA A. RADAVSKY
                                 Deputy Director, Long-Term Care Services
                                 Department of Mental Health

9

radavskydelibdec.wpd
10  SF2007200670

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Cindy Radavsky Re: Privileged Documents

5

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 327-7872
8   Fax: (916) 324-5205
    Email: Lisa.Tillman@doj.ca.gov
9

10  Attorneys for Defendants

11           IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  RALPH COLEMAN, et al.,                2:90-cv-00520 LKK JFM P

18                        Plaintiffs,     THREE JUDGE COURT

19        v.

20  ARNOLD SCHWARZENEGGER, et al.,

21                        Defendants.

22  MARCIANO PLATA, et al.,               No. C 01-1351 TEH

23                        Plaintiffs,     THREE JUDGE COURT

24        v.                              DEFENDANTS' RESPONSE
                                          TO RALPH COLEMAN'S
25  ARNOLD SCHWARZENEGGER, et al.,        INTERROGATORIES AND
                                          REQUST FOR
26                        Defendants.     PRODUCTION,
                                          DECLARATION OF SCOTT
27                                        KERNAN REGARDING
                                          PRIVILEGED DOCUMENTS
28

Decl. of Scott Kernan re Privileged Documents

                              1

I, Scott Kernan, declare:

1. I am the Chief Deputy Secretary of Adult Operations for the California Department of Corrections and Rehabilitation (CDCR). I have been employed by CDCR since 1983.

2. I declare the following of my own knowledge and, if called as a witness, would competently testify to the following.

3. In my capacity as Chief Deputy Secretary of Adult Operations, I am responsible for overseeing the management and operation of the adult correctional facilities within CDCR. I am familiar with CDCR's regulations, policies, practices, and procedures concerning out-of-state transfers, prison site selection, prison capacity and bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities and the prison parole system. In addition, I am familiar with, and an instrumental participant in, development of such policies and procedures.

4. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set One, issued upon Defendant James Tilton and other named Defendants. I have also reviewed well as Plaintiff Ralph Coleman's First Set of Interrogatories issued upon Defendant James Tilton in the case entitled *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the documents generated by this agency which may be responsive to Plaintiff's requests. Certain items within those categories of documents are privileged.

5. To the extent Plaintiffs discovery seeks documents which refer or relate to timetables for out-of-state transfers, those documents are privileged. I am familiar with those documents which were prepared by a multidisciplinary team of attorneys, clinicians and correctional administrators within CDCR. Defendants have already produced to Plaintiffs the activation schedules for out-of-state transfers indicating dates and numbers of inmates to be transferred. Additional information is available on CDCR's website. However, the disclosure of specific information regarding from where, when and by what means individual inmates will be transferred out-of-state raises grave security concerns for CDCR. As inmates are at times transported on public roadways, the release of detailed information regarding these transports may place the inmates, CDCR escort staff and the public at risk. Publication of security

1  sensitive materials will threaten the defendant's strong interest in preventing disclosure of

2  information regarding security procedures. For these reasons, some documents reflecting out-of-

3  state transfer information will not be disclosed. Defendants will provide descriptions of these

4  privileged documents on Defendants' privilege log.

5       6. Documents reflecting transportation, housing of particular inmates, architectural

6  specifications, renderings, blueprints, infrastructure layout, building footprints, points of access

7  and construction design details also implicate security concerns. Disclosure of such information

8  would compromise prison security and could endanger staff, inmates and the public. For these

9  reasons, these documents will not be disclosed. Defendants will provide descriptions of these

10  privileged documents on Defendants' privilege log.

11      7. CDCR's policy, planning and procedural documents are drafted, revised, discussed,

12  debated and redrafted before finalization. Finalized documents may address AB 900, sites, out-

13  of-state transfers, beds, re-entry, parole and/or intake policies. Although the final product will

14  be produced, many final documents have already been provided to Court and counsel in these

15  cases and are equally available to Plaintiffs on CDCR's online website. However, CDCR

16  maintains as privileged drafts or other documents reflecting internal analysis, deliberation and

17  discussion prior to adoption of the final product.

18      8. CDCR's policies and procedures are derived and amended by committees of

19  individuals who are assigned to evaluate or modify existing policies and procedures or derive

20  new policies and procedures for this agency. Such policies address a wide array of issues,

21  including security, housing, transfers and population management. Committees function on a

22  continuing basis. In addition, policies and procedures and modifications thereto are developed

23  through self-evaluations and audits conducted internally and in conjunction with other

24  institutions. Information gathered and derived for purposes of policy planning and analysis is

25  considered confidential and is maintained in a confidential manner. Finally, many of CDCR's

26  policies and procedures are derived based upon budgetary and fiscal information for which the

27  Governor and the Legislature have final approval.

28      9. I am also familiar with the process associated with the derivation of the budget and

Decl. of Scott Kernan re Privileged Documents

3

1  the development of draft budget change proposals for CDCR's internal review and revision

2  which are submitted to the Department of Finance and ultimately submitted to the Office of the

3  Governor for final approval.

4      10.  I have provided documents in the possession of CDCR to counsel for the Defendants

5  in response to Plaintiffs' Requests for Production of Documents.  These documents include

6  Budget Change Proposal packages, draft plans and procedures, associated e-mails, documents

7  developed to prompt internal debate and analysis, official information which is not made

8  available to the public, communications with the Office of the Governor and with other

9  Defendants' executive levels, and communications with CDCR's attorneys regarding proposed

10  courses of action as well as pending and anticipated litigation.

11      11.  Many documents provided to counsel for Defendants are pre-decisional and bear on

12  the formulation or exercise of CDCR's policy-oriented judgment.  These materials were part of

13  the deliberative policy-making process which led to a final decision, or are leading to a future

14  final decision, regarding CDCR's policies, procedures, regulations, or amendments.  Such

15  documents include recommendations, draft documents, proposals, analysis, legal comments, and

16  other documents which reflect the personal opinion of the individual writers rather than the

17  policy of CDCR.

18      12.  Many potentially responsive documents were developed through complex analysis of

19  projections, rules and regulations, other State's endeavors, recommendations from staff and the

20  assessment of possible solutions and barriers.  As such, these documents are pre-decisional,

21  deliberative, and should be shielded from discovery because disclosure of the documents may

22  chill future discourse, self-evaluation and critical analysis.  Furthermore, if individuals fear that

23  //

24  //

25  //

26  //

27

28

Decl. of Scott Kernan re Privileged Documents

4

1
2  deliberative materials will be made public, it may deter discussion and development of beneficial

3  theories and ideas.

4      I declare under penalty of perjury the foregoing is true and correct.

5      Executed on _November 8_, 2007, in Sacramento, California.

6

7          SCOTT KERNAN
        Chief Deputy Secretary of Adult Operations
8          California Department of Corrections and Rehabilitation

9  kernandelibdec.wpd
  SF2007200670

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Scott Kernan re Privileged Documents

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:  **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age or
older and not a party to this matter.  I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service.  In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On **November 07, 2007**, I served the attached **: DEFENDANT RESPONSE TO PLAINTIFF
COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by placing a
true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal
mail collection system at the Office of the Attorney General at 1300 I Street, Sacramento,
California  94244, addressed as follows:

| | |
|---|---|
| Claudia Center<br>The Legal Aid Society<br>Employment law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107 | Richard Goff<br>Heller, Ehrman White & McAuliffe<br>701 Fifth Avenue<br>Seattle, WA  98104 |
| Warren E. George<br>Bingham McCutchen<br>3 Embarcadero Ctr., Fl. 24<br>San Francisco, CA  94111 | Martin H. Dodd<br>Futterman & Dupree<br>160 Sansome Street, 17th Street<br>San Francisco, CA  94109 |
| Ronald Yank<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA  94104 | Ann Miller Ravel<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA  95110 |
| Jared Goldman<br>California Prison Healthcare Receivership<br>1731 Technology Dr., Suite 700<br>San Jose, CA  95110 | Steven s. Kaufhold<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA  94102 |

| Rod Pacheco<br>Chuck Hughes<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | Steven Woodside<br>Office of the County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
|---|---|
| Donald Specter<br>Prison Law Office<br>2173 'E' Francisco Blvd., Suite M<br>San Rafael, CA 94901 | Michael Bien<br>Rosen, Bien and Galvan<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 07, 2007**, at Sacramento, California.

_____
S. Burke
Declarant

_____
Signature