EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, SBN 221207
SAMANTHA D. TAMA, SBN 240280
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5443
Fax: (415) 703-5843
Email: Charles.Antonen@doj.ca.gov

HANSON    BRIDGETT    MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| MARCIANO PLATA, et al., | C 01-1351 TEH |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | **DECLARATION OF CHARLES J. ANTONEN IN SUPPORT OF DEFENDANTS' STATEMENT REGARDING DISCOVERY DISPUTES** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

1 **DECLARATION OF CHARLES J. ANTONEN**

2

3  I, CHARLES J. ANTONEN, declare as follows:

4      1.      I am an attorney admitted to practice law before all courts in the State of

5  California, the United States District Courts for the Northern and Eastern Districts of California,

6  and the United States Court of Appeals for the Ninth Circuit.  I am a Deputy Attorney General in

7  the California Attorney General's Office, counsel of record for Defendants in this matter.  I

8  submit this declaration in support of Defendants' Statement Regarding Discovery Disputes.

9  Unless otherwise indicated, I am competent to testify to the matters set forth in this declaration,

10  and if called upon to do so, I would and could so testify.

11      2.      On November 16, 2007, the parties, with the assistance of the Haven Gracey,

12  agreed that three topics would be the subject of this hearing: (1) the adequacy of Defendants'

13  search terms; (2) the adequacy of the Defendants' custodian list with respect to the *Coleman*

14  Plaintiffs' Request for Production, Set Two; and (3) Plaintiffs' request for additional information

15  regarding the recycling of hard drives for certain former California Department of Corrections

16  and Rehabilitation (CDCR) employees.  With respect to the first topic, the parties further agreed

17  that Plaintiffs would be raising only four issues relating to their request for: (1) DT search terms;

18  (2) the hit list of the searches already run by Defendants; (3) the index of user data collected by

19  Defendants; and (4) additional searches to be run by Defendants.  Additionally, the parties agreed

20  to discuss the necessity of a hearing on Plaintiffs' concerns with Defendants' privilege log.

21      3.      Defendants have met and conferred with Plaintiffs on no less than six occasions

22  regarding the search terms utilized by Defendants.  As a demonstration of good faith, Defendants

23  provided Plaintiffs with a copy of the search terms utilized by Defendants.  A true and correct

24  copy of the search terms utilized by Defendants is attached as Exhibit A.  Additionally,

25  Defendants made their e-discovery consultant available for two lengthy teleconferences with

26  Plaintiffs and Plaintiffs' e-discovery consultant.  On November 13, 2007, Plaintiffs' counsel and

27  Plaintiffs' e-discovery consultant questioned Defendants' e-discovery consultant for

28  approximately one and half hours.  Plaintiffs requested Defendants make their e-discovery

1  consultant available to respond to additional questions.  On November 15, 2007, Plaintiffs'

2  counsel and Plaintiffs' e-discovery consultant questioned Defendants' e-discovery consultant for

3  approximately two hours.

4          4.      During the above discussed meet and confer sessions, Defendants have repeatedly

5  requested Plaintiffs identify with specificity exactly what is deficient about Defendants' search

6  terms.  Besides stating that the alleged deficiencies are patently obvious, Plaintiffs have

7  identified only two specific alleged deficiencies with Defendants' search terms (*i.e.* running a

8  search for AB 900 by itself and a search for non-traditional beds, as an alternative to bad beds).

9  Additionally, Defendants have invited Plaintiffs to propose additional search terms.  Plaintiffs,

10  however, refused Defendants' invitation.  A true and correct copy of the confirming emails

11  documenting these meet and confer sessions and Plaintiffs' reluctance to identify deficiencies in

12  Defendants' search terms are attached as Exhibit B.

13         5.      While Defendants do not oppose providing Plaintiffs with the DT search terms

14  and hit lists, Defendants cannot immediately provide these documents to the Plaintiffs due to the

15  aggressive rolling production schedule requested by Plaintiffs.  Defendants are currently

16  processing and reviewing tens of thousands of documents that may be potentially responsive to

17  Plaintiffs' discovery requests.  On a typical day, between forty and sixty people are devoted to

18  processing and reviewing these documents.  Therefore, to the extent the Court orders Defendants

19  to produce the documents requested by Plaintiffs, the rolling production schedule must be

20  extended by at least two weeks.

21         6.      To date, Plaintiffs have not specified with any particularity what and how many

22  additional searches need to be run.  Defendants have agreed to meet and confer with Plaintiffs

23  regarding the use of additional search terms.  Moreover, Defendants are willing to run additional

24  search terms, provided these additional search terms are reasonable and the rolling production

25  schedule is extended to provide for this additional production.  Plaintiffs have not indicated their

26  willingness to abide by these conditions.

27         7.      On November 14, 2007, during a teleconference with Haven Gracey, Plaintiffs

28  first notified Defendants that they believed Defendants' custodian list was inadequate.  Plaintiffs

1 | later clarified on November 16, 2007 that this concern only related to *Coleman* and that the *Plata*

2 | Plaintiffs were satisfied with the custodian list provided by Defendants.

3 |      8.    After learning of Plaintiffs' concerns about Defendants' custodian list, Defendants

4 | requested Plaintiffs (1) identify what exactly is deficient about Defendants' custodian list and (2)

5 | provide the names of individuals Plaintiffs would like added to this list. A true and correct copy

6 | of the meet and confer letter containing this request is attached as Exhibit B.

7 |      9.    After multiple meet and confer sessions on this issue, Plaintiffs informed

8 | Defendants that "[a]dditional individuals from whom defendants are identifying responsive

9 | documents should include, but are not necessarily limited to: additional headquarters staff,

10 | wardens of the 33 CDCR prisons, associate wardens, the senior medical and mental health

11 | officers at the prisons, including when applicable chief medical officer, healthcare manager, chief

12 | physician & surgeon, director of nursing, mental health program manager, chief psychiatrist, and

13 | chief psychologist." A true and correct copy of this meet and confer letter from Plaintiffs is

14 | attached as Exhibit B.

15 |      10.    Defendants immediately informed Plaintiffs that imaging, processing, and

16 | reviewing the contents of the hard drives and emails of the potentially hundreds of additional

17 | individuals requested by Plaintiffs was physically impossible. Additionally, Defendants

18 | expressed concern that a large percentage of the categories of individuals specified by Plaintiffs

19 | reported to the Receiver. Defendants then urged Plaintiffs to contact the Office of the Receiver

20 | to coordinate any discovery relating to these individuals.

21 |      11.    Defendants continued to meet and confer with Plaintiffs in an effort to refine

22 | Plaintiffs' concerns about additional custodians. While Plaintiffs initially restated their demand

23 | for the categories of individuals above, Plaintiffs identified by name five individuals (*i.e.* Dr.

24 | Chama Chaiken, Peg McAloon, Andrew Swanson, Helen Steenman, and Robert Canning) whom

25 | they were interested in obtaining documents from. These names are documented in a meet and

26 | confer letter from Plaintiffs of which a true and correct copy is attached as Exhibit B.

27 |      12.    Defendants informed Plaintiffs that they had already gathered documents from

28 | some of these individuals and Defendants agreed to contact the remaining individuals to ascertain

1  whether they possessed any responsive documents.  Additionally, in an email sent on the

2  afternoon of November 16, 2007, Plaintiffs for the first time requested the tour binders from the

3  20th Round of touring in *Coleman*.  Defendants agreed to determine whether the binders

4  requested by Plaintiffs could be located and whether these binders contained responsive, non-

5  privileged documents.  During the evening of November 16, 2007, Defendants informed

6  Plaintiffs' counsel that the electronically-maintained Corrective Action Plans, which often

7  accompany the tour binders sent by various CDCR institutions to the *Coleman* Special Master,

8  were obtained and were being reviewed for production.

9          13.      Defendants have agreed to provide Plaintiffs with the departure dates of Bud

10  Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and

11  Teresa Schwartz.  I am informed that, with the exception of Mr. Prunty, these individuals

12  separated from state service or where transferred to different positions before Plaintiffs served

13  any discovery requests in this proceeding.  Additionally, to the extent it exists, Defendants are

14  willing to provide to Plaintiffs CDCR's written policy regarding the recycling of hard drives of

15  employees who separate from state service or who are transferred to a different position.

16          14.      I am informed that Mr. Prunty's computer was neither flushed nor recycled.

17  Instead Mr. Prunty's computer was preserved and utilized by his successor Mr. Runnels.

18  Defendants imaged Mr. Runnels' computer.  Therefore, I am informed that Plaintiffs are likely to

19  find emails/documents authored by Mr. Prunty but for which Mr. Runnels is designated as the

20  custodian.

21

22          I declare under the penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct.  Executed in Sacramento, California on November 19, 2007.

24

25                          /s/ Charles J. Antonen
                            CHARLES J. ANTONEN

26

27

28