Exhibit B

**Charles Antonen - RE: Plata/Coleman: Meet and Confer re Document Production and Privilege Log**

| | |
|---|---|
| **From:** | "Lori E. Rifkin" <LRifkin@rbg-law.com> |
| **To:** | Anne Johnson <Ajohnson@hansonbridgett.com>, Amy Whelan <AWhelan@RBG-Law.com> |
| **Date:** | 11/16/2007 12:42 PM |
| **Subject:** | RE: Plata/Coleman: Meet and Confer re Document Production and Privilege Log |
| **CC:** | Lisa Tillman <Lisa.Tillman@doj.ca.gov>, Misha Igra <Misha.Igra@doj.ca.gov>, Rochelle East <Rochelle.East@doj.ca.gov>, Samantha Tama <Samantha.Tama@doj.ca.gov>, "Paul B. Mello" <Pmello@hansonbridgett.com>, Vibeke Martin <vmartin@prisonlaw.com>, Charles Antonen <Charles.Antonen@doj.ca.gov>, Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg-law.com> |

Dear Anne,

Your email misrepresents Plaintiffs' statements and positions regarding various discovery issues to be brought before the Court on Monday. This email will clarify our positions.

All of the issues were raised in our previous calls with Ms. Gracey regarding the adequacy of Defendants' discovery responses and we will brief them for Monday's hearing. We do not agree that clarification with Ms. Gracey is necessary. If Defendants insist on calling her, we will make clear that we think the call is unnecessary, but that we are willing to answer any questions she or the Court has.

Search Terms
Plaintiffs have repeatedly asked Defendants for information about the ways in which Defendants gathered data and searched that data in response to Plaintiffs' discovery requests. During yesterday's meet and confer, Defendants finally provided much of this information through Mr. French.

Given the fact that Defendants have already completed the gathering of "user data" for the first group of custodians, which was done without collaboration with Plaintiffs, Plaintiffs are willing to focus our requests on the "search" phase of document identification. Defendants finally provided their list of search terms to Plaintiffs on Wednesday, November 14. Plaintiffs learned through our meet and confer yesterday that this list was not provided in the format in which the searches were actually run. We requested a list of your actual "DT search" terms, which you said you would consider providing.

We have also identified several problems with the search terms themselves. We previously provided examples of this inadequacy, including our statements during the meet and confer yesterday that the searches were too narrow, that defendants used the exact language from the requests, that defendants failed to include alternative words for the same thing (we mentioned "bad beds" in particular, which we defined several different ways in our requests). We also explained that we have no way to determine how effective your searches were without the "hit list" for those searches. We requested that document, which you said you would consider providing.

We also requested that Defendants provide the "index" for the user data collected, which is what searches are run against, so that Plaintiffs can formulate searches that will target responsive documents. The index does not contain actual documents. If Defendants provide us with the index, the hit list, and the "DT search" list, we will consider executing a stipulation regarding further searches and document productions in lieu of the hearing. Please provide these as soon as possible if you intend to do so.

Additional Custodians
Our November 2, 2007 Stipulation requires that Defendants produce documents responsive to all of Plaintiffs' RFPs on the rolling production schedule. Defendants' list of search terms and failure to add additional custodians demonstrates that Defendants are not adequately searching for and identifying documents responsive to Plaintiffs' October 17 RFPs. Plaintiffs have already explained that institution-specific individuals

are necessary custodians of the requested information. There is not one institution-specific person on Defendants' current list of custodians, including even one warden, healthcare manager, chief medical officer, chief physician, chief psychiatrist, chief surgeon, registered nurse, or associate warden (of healthcare or otherwise). Defendants have also identified several people in interrogatory responses who are identified as witnesses with relevant information, yet who are not on Defendants' custodian list, including: Dr. Chama Chaiken, Peg McAloon, Andrew Swanson, Helen Steenman and Robert Canning. The list also excludes all regional healthcare managers. Finally, Defendants' responses to Coleman Plaintiffs' discovery requests identify monitoring tour binders as responsive documents. These are institution-specific monitoring binders produced in response to requests by the Special Master during his experts' tours. Defendants' current list of custodians does not include individuals from whom monitoring tour binders would be gathered. Plaintiffs' position is that all monitoring tour binders from the 20th Round are responsive to our discovery request and should be immediately produced to Plaintiffs. Defendants' current list of custodians also does not include individuals from whom memoranda regarding institution-specific programs, treatment, or lockdowns would necessary be gathered.

Defendants have taken the position that you will not add additional custodians. If this position changes, please let us know in advance of Monday's hearing.

Flushing of Custodians' Hard Drives
Plaintiffs have requested Defendants' policies regarding the flushing of computers. Defendants have not, to date, provided those policies. Plaintiffs also requested additional information about the flushing (see Lisa Ells' email dated November 14, 2007). Defendants alleged on the phone call yesterday that all but one of the custodians whose hard drives were flushed left Defendants' agencies prior to 2007. Plaintiffs do not believe this to be the case, although Defendants have not provided departure dates. Defendants' refusal to provide necessary information about the lost or flushed computers prohibits us from determining whether it is necessary to seek relief regarding this issue, such as discovery or other sanctions.

If Defendants intend to provide additional information, please do so as soon as possible

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Anne Johnson [mailto:Ajohnson@hansonbridgett.com]
**Sent:** Thursday, November 15, 2007 7:18 PM
**To:** Lori E. Rifkin; Amy Whelan
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Vibeke Martin; Charles Antonen; Coleman Team - RBG Only
**Subject:** RE: Plata/Coleman: Meet and Confer re Document Production and Privilege Log

Dear Amy and Lori,

This email responds to Lori's email below and follows up our lengthy meet and confer discussions this afternoon.

Search Terms

Contrary to our requests, in writing and on the phone, Plaintiffs have declined to identify in writing the categories and/or types of documents they believe should have been produced but were not and the search terms Plaintiffs believe are missing or are inadequate. Instead, Plaintiffs assert that the inadequacies in Defendants' 3-plus pages of over 66 search formulations are patently obvious. Only after being pressed were Plaintiffs willing to give even two examples--that Defendants did not search using just the term "AB 900" and that Defendants searched using the only the term "bad beds" and not equivalent terms, without identifying what those equivalent terms might be. Plaintiffs did not identify any categories of documents they believe should have been produced but were not.

Plaintiffs also requested that Defendants provide them with their "index", which Plaintiffs defined as the list of terms that Defendants ran search terms against. Plaintiffs contend that they need this "index" to figure out which search terms would be most productive. Defendants' counsel suggested that the dispute over search terms is not sufficiently framed to justify going in front of Judge Moulds on Monday and that they were willing to inquire into whether Defendants' "index" can be produced and, if so, that Defendants were willing, after Plaintiffs generated a list of possible additional search formulations, to work in good faith with Plaintiffs to define a reasonable set of potential additional search formulations and a reasonable timeframe, in light of the overall discovery and pre-trial schedule, to implement the additional searches and produce additional responsive non-privileged documents, if any, that were detected by the additional searches.

Plaintiffs refused Defendants' good faith offer of cooperation, insisting that the hearing must take place on Monday if Defendants were not willing to commit in writing to run whatever additional searches Plaintiffs determined were reasonable, even if the number of additional search formulations were to fill 10-20 pages.

Despite Plaintiffs' refusal to meet and confer in good faith, Defendants will inquire into whether the additional items Plaintiffs identified in the meet and confer with the consultants at 3:30 and Defendants' "index" can be produced.

Additional Custodians

There is only one request in the second set of document requests to the Plata Defendants. This request is substantially similar to several of the requests in the first set of requests. Plaintiffs have not articulated, in writing or on the phone, any justification or rationale to support their position that this substantially similar document request requires e-discovery documents from custodians in addition to the 80 custodians to which the parties' have already agreed.

Plaintiffs also had no response to the fact that the senior medical officers at the prisons report to the Receiver, not Defendants, and are third parties to this litigation.

With respect to Coleman, Plaintiffs did not articulate why the information available from the existing "headquarters" custodians was not sufficient to answer their requests.

Plaintiffs had no justification for the obviously substantial, potentially overwhelming, burden their proposed additional categories of custodians would place on Defendants and refused to further specify or reduce their list of proposed additional custodians.

Plaintiffs contend that the issue of proposed additional custodians was among those identified to Haven Gracey on 11/14/07 as a subject of the hearing on Monday. Defendants believe this question should be clarified with Ms. Gracey in a phone call tomorrow, and request that Plaintiffs set up a time with Defendants to call Ms. Gracey anytime tomorrow afternoon to clarify this point.

Scrubbing of Certain Custodians' Computers

Plaintiffs are concerned about the fact that certain custodians' computers were scrubbed in the past. Defendants' counsel understands that this scrubbing was part of a routine practice and unrelated to this lawsuit. Plaintiffs appeared to state that this issue would be addressed at the Monday hearing. Defendants do not believe that this issue is ripe for determination, nor that it was identified to Ms. Gracey as among the subjects to be covered at the hearing. A clarifying call to Ms. Gracey is necessary on this point.

Privilege Log

The parties agreed to meet and confer tomorrow at 11 a.m. about the 20 examples of purportedly inadequate log entries that Plaintiffs identified and to discuss a schedule for resolving the remaining issues with the log, as distinct from privilege issues themselves.

Defendants' Discovery Responses

Due to the upcoming Thanksgiving Holiday, Defendants suggested meeting and conferring on November 27, 2007 about Plaintiffs objections to Defendants' discovery responses served on November 13, 2007. Plaintiffs' counsel agreed to check their schedules and to provide a written itemization of their objections at least 3-4 days in advance of the meet and confer, to give Defendants adequate time in advance of the discussion to consider Plaintiffs' concerns.

I look forward to speaking with Lori at 11 a.m. tomorrow about the privilege log. Please let me know when Plaintiffs' counsel is available to call Ms. Gracey tomorrow.

Sincerely,
Anne Johnson
S. Anne Johnson
Senior Counsel
Hanson, Bridgett, Marcus, Vlahos & Rudy LLP
425 Market Street, 26th Floor
San Francisco, California 94105
p: (415) 995-5068
f: (415) 541-9366

---

**From:** Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
**Sent:** Thursday, November 15, 2007 2:36 PM
**To:** Anne Johnson
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Vibeke Martin; Amy Whelan; Charles Antonen; Coleman Team - RBG Only

**Subject:** RE: Plata/Coleman: Meet and Confer re Document Production and Privilege Log

Dear Anne,

I am writing in response to your email regarding various disputed discovery issues.

Defendants' Inadequate Search Terms: Plaintiffs are willing to further meet and confer about this issue. However, we will be able to do so only after defendants answer the questions from plaintiffs' forensic consultants that we previously sent to you, so that we have a meaningful understanding of the process by which defendants collected the data you are searching. Assuming that defendants and your consultants provide these answers during our 3:30 call today, we can stay on the phone to discuss the categories of documents that are missing and possibilities for cooperation to create searches that are appropriately responsive to our requests for production.

Failure to Identify Additional Custodians: Defendants did not respond to repeated requests from plaintiffs regarding your failure to identify additional custodians, due November 9, until our call with Ms. Gracey yesterday. Defendants' assertion that you have no obligation to search and produce documents from additional custodians in response to our October 17 discovery requests is unreasonable.

For example, defendants' list of 81 custodians does not include a single warden from any of CDCR's 33 prisons. Yet, Plaintiff Ralph Coleman's First Request for Production of Documents requests documents and communications that refer or relate to specific prisons. For example, Request for Production No. 2 asks for "ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of mental health programming, services or treatment from Revised Program Guide standards at any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD." Request for Production No. 10 asks for "ALL DOCUMENTS or COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to the placement or existence of prisoners on the MHSDS caseload in NON-TRADITIONAL beds."

It is obvious that defendants must go beyond headquarters staff in Sacramento to respond to these requests. It is also unreasonable for defendants to take the position that the same custodians would have responsive documents to, for instance, issues regarding AB 900 (our first request) and issues regarding the provision of care at individual institutions (our second request). Additional individuals from whom defendants are identifying responsive documents should include, but are not necessarily limited to: additional headquarters staff, wardens of the 33 CDCR prisons, associate wardens, the senior medical and mental health officers at the prisons, including when applicable chief medical officer, healthcare manager, chief physician & surgeon, director of nursing, mental health program manager, chief psychiatrist, and chief psychologist.

Defendants' Erroneous Assertion That November 30, 2007 Is the Relevant Deadline for Production in Response to the October 17, 2007 Requests

Our November 2, 2007 Stipulation clearly states on p.3: 1-3: "The parties have reached an agreement regarding a schedule for Defendants' production of documents. Moreover, Defendants agree that this production schedule encompasses Defendants' responses to Plaintiffs' Requests for Production, Set One and Two." Your contention that defendants may wait until November 30 to produce all documents responsive to the October 17 requests is in bad faith and is inconsistent with the stipulation that the parties executed after the initial discovery hearing before Judge Moulds.

Privilege Log
In previous meet and confers, plaintiffs raised the issue of defendants' assertion of privilege to withhold documents and objected to this assertion. Defendants requested that plaintiffs wait to meet and confer about this issue until after the first privilege log was produced, and plaintiffs agreed in good faith reliance on defendants' agreement to move quickly on this issue after production of the first privilege log. This log was produced on November 9, 2007. Since that time, plaintiffs have made repeated requests to defendants to meet and confer on this issue. In response to defendants' request, plaintiffs provided specific examples of our objections on November 13.

Defendants withheld one-third of the responsive documents you identified for the November 2, 2007 production

on the basis of various privileges. Plaintiffs informed defendants yesterday and this morning that your proposal of a December 5, 2007 meet and confer date is unacceptable, and we again offered to meet and confer at any time before the November 19 hearing. Defendants are in violation of our agreement, per the Stipulation "to meet and confer on an expedited basis to resolve any discovery disputes, and to seek expedited hearings on motions to compel when necessary." We consider your response a refusal to meet and confer on this issue, and will proceed with a motion to compel.

Plaintiffs' Objections to Defendants' Second Set of Discovery Responses
By email, plaintiffs previously requested that we set a time for a meet and confer regarding plaintiffs' objections to your discovery responses that we received on November 13, 2007. We offered to provide specific information about our objections in advance of the meet and confer. Defendants have not responded with a reasonable time for a meet and confer. December 5, 2007 is not reasonable, due to the rolling production that is ongoing throughout November and the short timeframe of this case.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Anne Johnson [mailto:Ajohnson@hansonbridgett.com]
**Sent:** Thursday, November 15, 2007 1:14 PM
**To:** Lori E. Rifkin
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Vibeke Martin; Amy Whelan; Charles Antonen
**Subject:** Plata/Coleman: Meet and Confer re Document Production and Privilege Log

Dear Lori:

This email follows up our discussions yesterday with Ms. Haven Gracey regarding the parties' disputes about Defendants' document production and Plaintiffs' request for a hearing regarding their concerns with Defendants' privilege log, and your email this morning about the privilege log. I write this email in a good faith meet and confer effort prior to the hearing now scheduled to take place in front of Judge Moulds on Monday, November 19, 2007 at 1:30 p.m.

Document Production

Prior to the discussions with Ms. Gracey, Defendants complied with Plaintiffs' request and sent them a list of the search terms Defendants used in connection with the e-discovery production. In the discussions, Plaintiffs informed Defendants that the search terms were inadequate. To enable a meaningful meet and confer to take

place on this issue, Defendants ask that Plaintiffs identify the categories and/or types of documents they believe should have been produced but were not and the search terms Plaintiffs believe are missing or are inadequate. Without this specific information, Plaintiffs' concerns are not sufficiently framed for Defendants to be able to adequately address them.

Plaintiffs also raised the fact that Defendants have not identified additional custodians from whom documents are to be produced in response to the second document request. Defendants understand that they were to identify additional custodians only if the second set of document requests necessitated the production of electronic documents from additional custodians. Defendants believe that the custodians identified for the first document request are adequate to fulfill the second request and, therefore, have not identified any additional custodians. The Stipulation Regarding Defendants' Rolling Production expressly requires Plaintiffs to meet and confer with Defendants about any additional custodians Plaintiffs believe should be included. It states on page 2, lines 16-19: "The parties agree to meet and confer about any requests by Plaintiffs to gather documents from additional custodians. The parties further agree to meet and confer about the schedule for any production of documents gathered from these additional custodians." If Plaintiffs believe that the second request requires production of documents from additional custodians, Defendants ask that Plaintiffs fulfill their meet and confer obligations under the Stipulation and identify: 1) the specific requests they believe call for electronic documents from additional custodians and 2) the additional custodians, either by name or title, Plaintiffs believe should be included. Again, without this specific information, Plaintiffs' concerns are not sufficiently framed for Defendants to be able to adequately address them.

With respect to the production of documents in response to the second request, Defendants believe that the Plata Plaintiffs' first and second sets of requests are substantially overlapping and that virtually all non-privileged documents responsive to the second request have been and will be produced in connection with the first request. Defendants also understand that the parties' agreement is that all documents responsive to the second request will be produced by November 30, 2007, and Defendants are committed to meeting that deadline.

Privilege Log

As you know, Defendants are in the process of identifying and reviewing tens of thousands of pages of documents in connection with Plaintiffs' two sets of document requests. Defendants have provided a detailed privilege log in connection with its production to date, which consists of over 30,000 pages of documents. As I am sure you can imagine, preparation of this log was a significant undertaking in and of itself, and Defendants believe that they have met the requirements of the Stipulation, which does not, contrary to the assertion in your November 13 email, require that each entry in the log be supported by a declaration.

A hearing on the privilege log would be premature and likely unnecessary. Despite the additional burden placed on Defendants while they are attempting to produce documents in response to Plaintiffs' two sets of documents requests and to resolve the other issues arising regarding those productions, Defendants will meet and confer with Plaintiffs regarding the specific "examples" identified in your November 13 email. Defendants will also examine the privilege log in light of Plaintiffs' examples and work to provide a more reader friendly version of the log to Plaintiffs. Obviously, however, Defendants cannot specifically address any other concerns Plaintiffs have about the log unless Plaintiffs identify them.

Defendants' request that privilege issues be addressed on or around December 5, 2007 following the completion of the document production is reasonable, as it allows Defendants to focus on producing the documents and Plaintiffs ample time before discovery cut-off to bring any issues the parties cannot resolve to the court's attention.

We look forward to working with Plaintiffs to address each of these issues and hopefully to reach a mutually satisfactory resolution without the need for court intervention.

Sincerely,
Anne Johnson
S. Anne Johnson

Senior Counsel
Hanson, Bridgett, Marcus, Vlahos & Rudy LLP
425 Market Street, 26th Floor
San Francisco, California 94105
p: (415) 995-5068
f: (415) 541-9366

******************************
This communication, including any attachments, is confidential and may be protected

To ensure compliance with requirements imposed by the IRS, we inform you that any ta

The foregoing applies even if this notice is embedded in a message that is forwarded
******************************


**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

******************************
This communication, including any attachments, is confidential and may

To ensure compliance with requirements imposed by the IRS, we inform y

The foregoing applies even if this notice is embedded in a message tha
******************************


******************************
This communication, including any attachments, is confidential and may

To ensure compliance with requirements imposed by the IRS, we inform y

The foregoing applies even if this notice is embedded in a message tha
******************************