EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, State Bar No. 221207
SAMANTHA TAMA - State Bar No. 240280
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5443
Fax: (415) 703-5843
Email: Charles.Antonen@doj.ca.gov

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | 2:90-cv-00520 LKK JFM <br><br> **THREE JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C 01-1351 TEH <br><br> **THREE JUDGE COURT** <br><br> **DECLARATION OF PAUL FRENCH IN SUPPORT OF DEFENDANTS' STATEMENT REGARDING DISCOVERY DISPUTES** |

# DECLARATION OF PAUL FRENCH

I, PAUL FRENCH, declare as follows:

1. I am an e-discovery consultant with Bridge City Legal. I have been providing private sector electronic forensic consulting since 1999. Prior to becoming an e-discovery consultant, I served with distinction in the U.S. Air Force for thirteen years. During my Air Force service, I performed diverse roles in felony crime investigations, counterintelligence operations, anti-terrorism training, and provided computer forensic analysis of government computer systems. Before joining Bridge City Legal, I was the first in-house consultant for a well respected computer forensics company and subsequently managed an e-discovery practice. Additionally I have managed large-scale electronic document discovery matters with major law firms and large government consulting projects involving computer forensic issues. I make this declaration in support of Defendants' Statement Regarding Discovery Disputes. Unless otherwise indicated, I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

2. On November 15, 2007, I participated in an approximately two hour teleconference with representatives from Rosen Bien & Galvan, LLP, counsel for Plaintiffs in this matter, and individuals who represented to be Plaintiffs' e-discovery consultant. During this teleconference, I explained in detail the methods Bridge City Legal utilized in gathering and processing the e-discovery data in this matter. During this call, Plaintiffs' e-discovery consultant requested, among other things, the following information: (1) DT search terms utilized by Defendants; and (2) the hit list of the searches already run by Defendants. Additionally, I am informed that Plaintiffs have subsequently requested the index of user data collected by Defendants. I am informed that Plaintiffs have requested this information in order to formulate additional search terms. In my experience as an e-discovery consultant, Plaintiffs' requests are highly usual and not required information in order to formulate search terms. It does not make sense how existing search terms, coincidentally the terms originally provided by Plaintiffs, will benefit in the creation of new search terms. Additionally, the hit lists will not identify any new

information responsive to Plaintiffs' requests. These lists only provide terms that were searched for and found in each document provided to Defendants for review, but do not present any new information that could be used to develop additional search criteria.

      3. In my experience as an e-discovery consultant, it is unprecedented for parties to exchange an index of user data. This is because the index itself contains the actual contents of every file extracted in this matter. Exchanging these indexes is the same as exchanging all the un-searched, un-reviewed source data and would give Plaintiffs the ability to extract any file without the benefit of a privilege and responsiveness review by Defendants. Other indexes related to user-type data also contain significant information related to emails and documents. Such information includes potentially sensitive file names, email subjects, and attachment lists.

      4. In my experience as an e-discovery consultant, it is unusual that a party will request DT search terms and the hit list of the searches already run. Gathering this information will take some time as Bridge City Legal is currently processing data relating to the final rolling production milestone. Providing the data requested by Plaintiffs will take time and disrupt the current production schedule. Specifically, I will have to access multiple indexes covering over 80 custodians, some of which are currently being processed. Accessing these indexes on running hard drives slows down the physical processing of data and risks impacting tight production deadlines. I estimate that it will take approximately two weeks to gather, format, and produce this data to Defendants for review.

      5. I understand that the Court may have questions regarding the facts stated in this declaration. Consequently, I will be available telephonically for the Monday November 19, 2007 hearing.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Portland, Oregon, on November 19, 2007.

          /s/ Paul French
          PAUL FRENCH