EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, SBN 221207
Deputy Attorneys General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
Telephone: (916) 327-7872
Facsimile: (916) 324-5205
Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER, SBN 39374
PAUL B. MELLO, SBN 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Email: pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | 90-0520 LKK JFM<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | C-01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR STAY OF ORDER TO PRODUCE DISK, WITH DECLARATION OF LISA TILLMAN** |

//

//

# I.

# INTRODUCTION

On November 19, 2007, this Court entered orders concerning the dates for Defendants' production of documents for in camera review and dates for Plaintiffs' motion challenging the privileges asserted for withholding certain documents from production. At the start of the hearing, the Court directed Defendants to submit, on November 20, 2007, for *in camera* review a disk containing all those documents marked privileged to date in the course of their 'rolling production' of documents, due to be completed on November 30, 2007. At the end of the hearing, the Court provided Plaintiffs with a November 30, 2007 briefing date and December 6, 2007 hearing date for their anticipated motion to compel the production of documents withheld on the basis of privilege.

Defendants are concerned that these dates do not create a streamlined process for delineating, narrowing, and resolving the disputed discovery issues. Defendants make this request for reconsideration on the basis that the Order was made without the benefit of certain facts and circumstances discovered only after the hearing, namely that Defendants' clarification of the privilege log to (1) identify the author and recipient of any asserted attorney client privilege and (2) identify and remove conspicuous errors in privilege, will enable Plaintiffs to remove the issue of attorney-client privilege from the anticipated motion to compel. In light of this new development in the meet-and-confer dialogue, Defendants respectfully request this Court reconsider its order for immediate production of the disk containing any and all documents marked privileged on any grounds. Defendants request the Court modify the order to reflect the usual sequence in the meet-and-confer process, with production of a disk only after Plaintiffs' motion to compel has been filed and containing only those privileged documents disputed by Plaintiffs' motion to compel.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND

Defendants are engaged in a stipulated 'rolling production' of documents responsive to Plaintiffs' request for production. According to the terms of the court-approved stipulation,

Defendants provide, on a weekly basis, a log of all documents marked privileged to date. The privileges asserted by Defendants are: attorney-client privilege, attorney-work-product privilege, deliberative process privilege, official information privilege, and right to privacy. The document production is to be completed by November 30, 3007, with a final privilege log to be provided by December 7, 2007. (*See* Stipulation, 3:5-4:21.)

At the November 19, 2007 discovery hearing, this Court ordered Defendants to produce on November 20, 2007 for *in camera* review a disk containing the documents marked privileged to date. (Minute Order, 11/19/07.) The Court heard Plaintiffs express concerns about the volume of privileged documents and sought a date for a hearing on their anticipated motion to challenge Defendants' withholding of certain documents on the basis of privilege. (Dec. Tillman, ¶ 4.) This Court provided Plaintiffs with a hearing date of December 6, 2007 for their motion to compel. (Minute Order, 11/19/07.)

After the November 19, 2007 hearing, Defendants' counsel met with Plaintiffs' counsel and discussed their concerns about the quality of the privilege logs provided to date. (Dec. Tillman, ¶ 5.) Defendants' counsel understands Plaintiffs' counsel will observe the attorney-client privilege so long as it is properly supported by information in the privilege log. (*Id.*) Plaintiffs' counsel is concerned that the privilege logs have not consistently indicated both the author and recipients of the asserted attorney-client communication. (*Id.*) Further, Plaintiffs' counsel stated that the privilege log appeared to have conspicuous errors in classifying certain obviously non-privileged documents as privileged. (*Id.*) Defendants' counsel agreed to review the privilege logs for the purpose of clarifying the basis for the asserted attorney-client privilege as well as for the purpose of remediating any obviously erroneous information. (*Id.*) Both counsels hope this process of meeting and conferring will result in a privilege log that sufficiently justifies the assertion of the attorney-client privilege and so obviates the need for any motion to compel concerning the attorney-client privilege.

//

III.

LEGAL ARGUMENT

A. <u>Defendants Request the Court Modify the Minute Order to Direct Production of Only the Privileged Documents Disputed by Plaintiffs' Motion to Compel.</u>

*In camera* review is usually the last step taken in determining the propriety of the assertion of privilege in response to a request for production of documents. Indeed, the first step is for the party asserting the privilege to provide a privilege log. The purpose of a privilege log is to provide opposing counsel as well as the court with "sufficient information" to determine if the claimed privilege is well-founded. *Gail v. New England Gas Co.*, 243 F.R.D. 28, 34 (D.C. R.I. 2007). The privilege log thus prevents limited judicial resources from being expended in reviewing documents concerning a dispute that may not ultimately exist. *Id.*

The parties' stipulation reflects this same two-step process. The Stipulation requires Defendants to produce a privilege log identifying all documents withheld on the basis of privilege. If necessary, court review of the documents would occur upon a motion to compel. In accordance with the stipulation, the privilege logs have been produced and, while Plaintiffs are concerned about the quality of the privilege logs, they have not sought *in camera* review of the withheld documents. They simply sought a hearing date for a motion to compel to challenge the asserted privileges.

Because neither party sought *in camera* review of the documents marked as privileged, the order must be viewed as borne from the Court's own concerns. The order requiring production of a disk containing all privileged documents marked to date may arise from the belief that Plaintiffs' anticipated motion to compel will address all the documents classified as privileged by Defendants, including those within the attorney-client privilege. However, the sheer volume of the documents involved has motivated counsels to engage in a meet-and-confer dialogue to avoid such a specter.

After the November 19, 2007 hearing, Defendants' and Plaintiffs' counsel spoke at length about the privilege logs provided to date. (Dec. Tillman, ¶ 5.) Defendants' counsel understand Plaintiffs' counsel is willing to observe the attorney-client communication privilege

so long as Defendants provide sufficient support for the privilege by detailing, in the weekly privilege log, the author and recipient of the communication. (*Id.*) Defendants' counsel will endeavor to do so in the hope of avoiding any motion to compel on the issue of the attorney-client privilege. (*Id.* at ¶ 6.) Further, Defendants' counsel understand Plaintiffs' counsel has found conspicuous errors in the classification of certain documents as privileged. (*Id* at ¶5.) Defendants' counsel hope to work with Plaintiffs' counsel to identify and correct such errors.

Because Defendants and Plaintiffs are now working to remove the attorney-client privilege from the scope of the anticipated motion to compel, Defendants respectfully request that this Court modify its order to produce a disk, on November 20, containing documents protected by the attorney-client privilege and other privileges. The filing of a disk containing the universe of privileged documents--before completion of necessary privilege logs and before completion of meet-and-confer discussions--is premature. The submission of this disk suggests the meet-and-confer process will have little to no value in narrowing the disputed issues of privilege. Valuable judicial resources will be expended in receiving and reviewing the disk before the disputed issues of privilege have even been identified in Plaintiffs' motion to compel. In contrast, modifying the minute order to direct the submission of a disk containing only those privileged documents still in dispute and challenged by Plaintiffs' motion to compel will encourage the parties' participation in the meet-and-confer process and serve the judicial interest in economizing resources.

B. <u>Defendants Request a Five-Day Stay of the Minute Order.</u>

Defendants desire to work with the Court and counsel in this voluminous and intricate production of discovery issued against the Office of the Governor and certain state agencies. Defendants are deeply concerned that the production of a disk containing documents protected by the attorney-client privilege, before the parties have fully met and conferred about the assertion of the privilege, endangers the meet-and-confer process and the privilege itself. Once this disk of privileged material is submitted, Defendants fear that release of privileged documents may be mandated in a way that permits Defendants little time to seek relief. Defendants therefore

Defs.' Mot. Reconsideration Re: Disk      5    *Coleman v. Schwarzenegger*, Case No. 90-0520
                                              *Plata v. Schwarzenegger*, Case No. 01-1351

respectfully request this Court provide Defendants with a stay of five court days of the minute order.

IV.

## CONCLUSION

Defendants respectfully request this Court modify its minute order to dovetail with the ongoing meet-and-confer efforts of counsel to reduce disputed discovery issues. The modified minute order should direct the production of a disk, on December 4, 2007, containing only those privileged documents put at issue in Plaintiffs' motion to compel. In the alternative, Defendants request this Court stay its minute order for five court days, so Defendants may seek relief from the order.

Dated: November 19, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Lisa Tillman
LISA TILLMAN
Deputy Attorney General
Attorneys for Defendants