IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

  This matter came on for hearing on November 19, 2007 on various discovery disputes. Lori Rifkin, Esq. and Lisa Ells, Esq., appeared as counsel for plaintiffs. Lisa Tillman, Deputy Attorney General and Charles Antonen, Deputy Attorney General, appeared as counsel for defendants.

  The first dispute concerns the adequacy of defendants' electronic search for documents responsive to plaintiffs' first and second requests for production of documents. At the hearing, defendants agreed to run an alternative search with search terms provided by plaintiffs in a sample set of custodians' databases from which defendants conducted their original search. To that end, the parties agreed that plaintiffs will provide to defendants, by

close of business on Tuesday, November 20, 2007, alternative search terms together with a sample list of custodians' records to be searched. On or before the close of business on Monday, November 26, 2007, defendants will provide a written report of the results of the search to plaintiffs. A copy of said report shall also be submitted to the chambers of the undersigned.

The second dispute concerns whether defendants should be required to search the records of additional custodians for documents responsive to plaintiffs' second request for production of documents. At the hearing, the parties represented to the court that they had agreed to conduct an additional meet and confer with respect to this issue and to file a stipulation by close of business on Tuesday, November 20, 2007. With that representation, the second dispute was withdrawn.

The third dispute concerns the adequacy of defendants' efforts to obtain data from the hard drives of six state officials[1] included on the list of 81 custodians whose databases were searched for documents responsive to plaintiffs' document production requests. On October 30, 2007, defendants informed plaintiffs that these six individuals had separated from state service and that their hard drives had been cleaned or could not be located. Plaintiffs sought additional information from defendants, including the dates on which these individuals separated from state service, relevant policies concerning recycling and reuse of computers following state employees' separation from service, and other information concerning defendants' efforts to locate the information stored on the hard drives used by these six officials.

At the hearing, defendants provided to plaintiffs the dates on which each official separated from state service. At the hearing, the parties agreed to meet and confer and, as necessary, conduct additional discovery directed to this issue.

/////

---

[1] The dispute originally included a seventh official, Bud Prunty. Defendants have informed plaintiffs that Mr. Prunty's computer was transferred to his successor, David Runnels, and that Mr. Runnels' computer has been imaged.

2

On November 1, 2007, this court directed defendants to submit to the court for possible in camera review, if necessary, a copy of all documents for which defendants assert a privilege. Said documents were to be submitted, as appropriate, each time defendants served a privilege log on plaintiffs. To date, two privilege logs have been served on plaintiffs. Defendants have not, however, submitted any documents for in camera review. Good cause appearing, defendants, shall, by close of business on Tuesday, November 20, 2007, submit under seal for in camera review an electronic or a paper copy of every document for which a privilege has been asserted to date. Except as set forth in footnote 2 of this order, any future documents for which any party asserts a privilege shall be submitted under seal within twenty-four hours of service of a privilege log.[2]

Plaintiffs take issue with defendants' claims of privilege. If these disputes are not resolved,[3] this court will hear argument on the matter on December 6, 2007 at 2:00 p.m. Plaintiffs' moving papers shall be filed and served on or before November 30, 2007, and defendants' opposition shall be filed and served on or before December 4, 2007.

IT IS SO ORDERED.

DATED: November 19, 2007.

UNITED STATES MAGISTRATE JUDGE

---

[2] This order shall not apply to any document for which the party asserting the privilege has been informed by plaintiffs' attorney that the claim of privilege as to that document will not be contested by the opposing party.

[3] The parties shall notify the court by December 3, 2007 if no disputes remain in this area.

3