| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>E. IVAN TRUJILLO Bar No.: 228790<br>General Delivery<br>San Quentin, California  94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California  94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>AMY WHELAN Bar No.: 215675<br>LORI RIFKIN Bar No.: 244081<br>SARAH M. LAUBACH Bar No.: 240526<br>315 Montgomery Street, 10th Floor<br>San Francisco, California  94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington  98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107<br>Telephone:  (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants | No.:  Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>vs.<br>    Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR STAY** |

1   Plaintiffs strongly oppose Defendants' Motion For Reconsideration, Or In The
2   Alternative, Motion For A Stay Of Order to Produce Disk ("Defendants' Motion").  As this
3   Court is aware, reconsideration is warranted in only the most extreme situations.  *Nat'l Union*
4   *Fire Ins. Co. of Pittsburgh, PA v. Garber*, 2007 WL 3407257, *2 (E.D. Cal. Nov. 14, 2007)
5   (noting that reconsideration is "an extraordinary remedy" and "should not be granted, absent
6   highly unusual circumstances, unless the district court is presented with newly discovered
7   evidence, committed clear error, or if there is an intervening change in the controlling law");
8   *see also Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir.2001) (warning that reconsideration
9   standard presents "high hurdle").  Defendants have made no attempt to meet this extraordinary
10  standard whatsoever.  They merely disagree with the Court's clear and unambiguous
11  November 1, 2007 ruling, which is an insufficient ground for reconsideration.  *United States v.*
12  *Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal.2001) ("A party seeking
13  reconsideration must show more than a disagreement with the Court's decision . . . .").

14  Reconsideration is particularly inappropriate here given that Defendants affirmatively
15  agreed to comply with the Court's order in the parties' November 2, 2007 Joint Stipulation and
16  then nonetheless waited three weeks to challenge the ruling.  11/2/07 Stipulation, Coleman
17  Docket 2500, at 2:25-27 (stipulating to the parties' understanding that on November 1, 2007,
18  "Judge Moulds requested Defendants submit to the Court for in camera review a copy of
19  documents Defendants claim to be privileged on the day each of the privilege logs are
20  served"); *Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000) (holding that a
21  reconsideration motion "may not be used to raise arguments . . . for the first time when they
22  could reasonably have been raised earlier in the litigation").  Indeed, to the extent Defendants
23  claim that – despite their explicit acknowledgment in the stipulation to the contrary – they were
24  confused about the Court's November 1, 2007 order, Defendants should have than sought
25  clarification from the Court rather than simply not complying, as the Court stated during the
26  discovery hearing on November 19, 2007.

27  Moreover, Defendants misstate Plaintiffs' position to the extent that Defendants imply
28  Plaintiffs do not favor in camera review of the allegedly privileged documents.  Defendants'

-2-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR STAY, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

1  statement that Plaintiffs "have not sought in camera review of the withheld documents," Defs.'
2  Motion at 4:16-17, belies the fact that Plaintiffs believed that until the November 19, 2007
3  hearing that Defendants had been abiding by the Court's November 1, 2007 order and the
4  parties' stipulation. *See* Plaintiffs' Statement Regarding Discovery Disputes, at 20 n.7.
5  Plaintiffs agree with the Court that requiring Defendants to file the documents withheld for
6  privilege in camera is the most efficient solution.  As the Court recognized at the November
7  19, 2007 hearing, the December 20, 2007 deadline for pretrial statements and depositions is
8  fast approaching.  The only way to swiftly resolve the privilege issues with enough time to
9  provide Plaintiffs meaningful relief is for the Court to have the opportunity to become familiar
10 with the many thousands of documents Defendants are withholding as privileged well in
11 advance of the December 6, 2007 privilege hearing.
12       Moreover, Defendants' focus on the possibility that the parties may be able to resolve
13 their issues as to certain documents for which Defendants have asserted the attorney-client
14 privilege is misleading and is irrelevant to the efficacy of the Court's decision to require the
15 documents to be produced in camera.  Rifkin Decl. ¶ 5.  The privilege logs, corresponding to
16 only two out of four sets of production, already total more than 300 pages and show
17 Defendants have withheld more than 30,000 pages and many thousands of documents so far.
18 Rifkin Decl. ¶ 5.  Of these, those withheld based on attorney-client privilege constitute a very
19 small fraction of the total documents withheld.  Defendants have asserted the deliberative
20 process privilege as the basis for the overwhelming majority of the documents they have
21 elected not to produce.  Rifkin Decl. ¶ 5.  Even if there were to be no dispute regarding the
22 documents withheld based on attorney-client privilege, this would not substantially change the
23 production to the Court of documents cited in the privilege log.  Rifkin Decl. ¶ 5.
24       Finally, Plaintiffs have repeatedly told Defendants in numerous meet and confer
25 sessions conducted over the past two weeks that they plan to challenge the applicability of the
26 deliberative process privilege – a qualified privilege – as a general matter as well as the means
27 by which Defendants have invoked the privilege.  Rifkin Decl. ¶ 6.  Curing obvious
28 deficiencies in the privilege logs will have little to no impact on these issues.  Rifkin Decl. ¶ 6.

1  Plaintiffs therefore request that the Court deny Defendants' motion and require in camera
2  production of documents so that the proceedings regarding Defendants' assertions of privilege
3  can move forward on the schedule ordered by the Court on November 20, 2007.

5  Dated: November 21, 2007                    Respectfully submitted,

*/s/ Lori Rifkin*
Lori Rifkin
Rosen, Bien & Galvan
Attorneys for Plaintiffs