| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>E. IVAN TRUJILLO Bar No.: 228790<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>AMY WHELAN Bar No.: 215675<br>LORI RIFKIN Bar No.: 244081<br>SARAH M. LAUBACH Bar No.: 240526<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>   Plaintiffs,<br>   vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   vs.<br>        Defendants | No. C01-1351 TEH<br><br>**DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

I, Lori Rifkin, declare:

1. I am a member of the Bar of this Court and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration or Stay.

2. After the November 19, 2007 discovery hearing, Defendants' counsel Lisa Tillman and I discussed Plaintiffs' concerns about Defendants' assertions of privilege and privilege logs. Ms. Tillman had not yet reviewed Plaintiffs' emails to Defendants regarding privilege issues nor had she participated in the numerous meet and confer sessions over the past two weeks regarding privilege that Plaintiffs' counsel had already conducted with Defendants' counsel. I orally provided Ms. Tillman with some examples of the ways in which Plaintiffs' have objected to Defendants' privilege logs as deficient in providing sufficient bases for asserting privileges such as the deliberative process privilege and attorney-client privilege.

3. Plaintiffs stated that, to the extent that Defendants plan to correct or supply information in updated privilege logs, Plaintiffs do not object to Defendants submitting those updated logs as supplements. Plaintiffs agreed that if Defendants identify errors in the documents they have submitted, they should correct those errors. I indicated that we plan to move forward in bringing a motion to compel on the privilege issues, particularly as to the applicability of the deliberative process privilege as a qualified privilege, and would take any additional information Defendants provide into account when determining what objections to raise with the Court. However, Plaintiffs did not agree to take any privilege issues off the table.

4. Ms. Tillman contacted me on the morning of November 20, 2007 to inform me that Defendants would be filing a motion for reconsideration with the Court regarding Defendants' obligation, pursuant to Court order and the Joint Stipulation, to file privilege logs and documents withheld based on assertions of privilege with the Court at the same time that they produce these logs to Plaintiffs according to the Joint Stipulation. In an email I sent to

Ms. Tillman and other counsel for Defendants, I stated Plaintiffs' position that Defendants' obligation to file documents withheld based on assertions of privilege was clearly stated by the Court multiple times, and set forth in the parties' Joint Stipulation, that a motion for reconsideration by Defendants is not appropriate, and that Plaintiffs do not agree that Defendants should wait to file any of these documents with the Court. Attached hereto as **Exhibit A** is a true and correct copy of my email to Ms. Tillman, sent Tuesday, November 20 at 10:02 a.m.

5. Defendants' focus on the possibility that the parties may be able to resolve their issues as to certain documents for which Defendants have asserted the attorney-client privilege is misleading and is irrelevant to the efficacy of the Court's decision to require the documents to be produced in camera. The privilege logs, corresponding to only two out of four sets of production, already total more than 300 pages and show Defendants have withheld more than 30,000 pages and many thousands of documents so far. Of these, those withheld based on attorney-client privilege constitute a very small fraction of the total documents withheld. Defendants have asserted the deliberative process privilege as the basis for the overwhelming majority of the documents they have elected not to produce. Even if there were to be no dispute regarding the documents withheld based on attorney-client privilege, this would not substantially change the production to the Court of documents cited in the privilege log.

6. Plaintiffs have repeatedly told Defendants in numerous meet and confer sessions conducted over the past two weeks that they plan to challenge the applicability of the deliberative process privilege – a qualified privilege – as a general matter as well as the means by which Defendants have invoked the privilege. Curing obvious deficiencies in the privilege logs will have little to no impact on these issues.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed this 21st day of November, 2007, in San Francisco, California.

*/s/ Lori Rifkin*
Lori Rifkin

# EXHIBIT A

**Lori E. Rifkin**

| | |
|---|---|
| **From:** | Lori E. Rifkin |
| **Sent:** | Tuesday, November 20, 2007 10:02 AM |
| **To:** | 'Lisa Tillman'; Ivan Trujillo; Steve Fama; Jane E. Kahn |
| **Cc:** | Charles Antonen; Misha Igra; Rochelle East; pmello@hansonbridgett.com; Coleman Team - RBG Only |
| **Subject:** | RE: Production of Disk |

Dear Ms. Tillman,

Judge Moulds ordered the production of all documents claimed by Defendants to be privileged on the day each of the privilege logs are served in his October 30 Order and during a teleconference with the parties on November 1. This requirement is encapsulated in the parties' November 3 Joint Stipulation on page 2 at lines 25-27. Judge Moulds affirmed this requirement at yesterday's hearing and his minute order, when he ordered Defendants to file all documents with the Court by close of business today.

Plaintiffs do not believe a motion for reconsideration is appropriate. We do not agree that Defendants should wait to file these documents. The Judge required that these documents be filed with the Court concurrent with Defendants' production of each privilege log. Every document in the privilege logs already produced should be filed with the Court by the close of business today.

Sincerely,


Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA   94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


-----Original Message-----
From: Lisa Tillman [mailto:Lisa.Tillman@doj.ca.gov]
Sent: Tuesday, November 20, 2007 9:50 AM
To: Ivan Trujillo; Steve Fama; Jane E. Kahn; Lori E. Rifkin
Cc: Charles Antonen; Misha Igra; Rochelle East; pmello@hansonbridgett.com
Subject: Production of Disk

November 20, 2007

Re: Coleman/Plata Three Judge Proceeding

Dear Ms. Rifkin:

I left you a voicemail earlier this morning indicating Defendants' intent to file a motion for reconsideration of the Court's order directing Defendants to submit for in camera review a disk of all privileged documents identified to date. The motion for reconsideration will assert that such in camera review should occur after the parties have had an opportunity to meet and confer on disputed issues of privilege and after Plaintiffs have identified those disputed issues in a motion to compel. Given our productive dialogue concerning the privilege log and its need to identify the author and recipient of the attorney client communication, I hope the court will permit us to work together on that issue and so avoid any unnecessary expenditure of judicial resources. In the alternative, Defendants will seek a stay of the order. I anticipate this motion will be filed today or tomorrow.

Please note I do not have Ms. Elles' email address readily available, so I apologize for not including her on this email.

Please feel free to contact me if you have any questions or concerns.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
Telephone: 916-327-7872

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.