1   EDMUND G. BROWN JR.                          HANSON   BRIDGETT   MARCUS
    Attorney General of the State of California  VLAHOS & RUDY, LLP
2   DAVID S. CHANEY                              JERROLD C. SCHAEFER - 39374
    Chief Assistant Attorney General            PAUL B. MELLO - 179775
3   FRANCES T. GRUNDER                           425 Market Street, 26th Floor
    Senior Assistant Attorney General           San Francisco, CA 94105
4   ROCHELLE C. EAST                             Telephone: (415) 777-3200
    Supervising Deputy Attorney General         Facsimile: (415) 541-9366
5   LISA A. TILLMAN, SBN 126424                  jschaefer@hansonbridgett.com
    CHARLES J. ANTONEN, SBN 221207               pmello@hansonbridgett.com
6   SAMANTHA D. TAMA, SBN 240280
    Deputy Attorney General
7    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
8   Telephone:  (415) 703-5708
    Fax:  (415) 703-5843
9   Email:  Samantha.Tama@doj.ca.gov
              Rochelle.East@doj.ca.gov
10            Charles.Antonen@doj.ca.gov

11  Attorneys for Defendants

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE EASTERN DISTRICT OF CALIFORNIA

14         AND THE NORTHERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17

18  **RALPH COLEMAN, et al.,**                   2:90-cv-00520 LKK JFM P

19                             Plaintiffs,       **THREE JUDGE COURT**

20          v.

21  **ARNOLD SCHWARZENEGGER, et al.,**

22                             Defendants.

23  **MARCIANO PLATA, et al.,**                  No. C 01-1351 THE

24                             Plaintiffs,       **THREE JUDGE COURT**

25          v.                                   **DEFENDANTS' REQUEST
                                                 FOR RECONSIDERATION
26  **ARNOLD SCHWARZENEGGER, et al.,**           BY THE THREE-JUDGE
                                                 PANEL OF MAGISTRATE
27                             Defendants.       JUDGE'S RULING (E.D. L.R.
                                                 72-303)**
28

Defs.' Request for Reconsideration                Case Nos. C 01-1351 & 2:90-cv-00520

1

## I.

## <u>INTRODUCTION</u>

On November 19, 2007, during a hearing before Magistrate Moulds, Defendants were ordered to produce by November 20, 2007, for *in camera* review, a compact disk containing all documents that Defendants have identified as privileged to date in the course of their "rolling production"[1/] of documents to Plaintiffs in this matter. On November 20, 2007, Defendants filed a motion for reconsideration of this order or, in the alternative, a motion for stay of order to produce disk. (Defs.' Mot. for Reconsideration Re: Disk (Defs.' Mot. Reconsideration).) Defendants' November 20, 2007 motion for reconsideration was denied by Magistrate Moulds on November 21, 2007, following a telephonic motion hearing on the same date with both parties present. (Minute Order, 11/21/07.)

During the November 19, 2007 hearing, the Court also set a date for briefing and hearing on Plaintiffs' anticipated motion to compel the production of documents withheld on the basis of privilege. (Defs.' Mot. Reconsideration, 2:8-11.) The Court set this hearing for December 6, 2007, following the completion of the "rolling production" schedule on November 30, 2007. (*Id*.) Following the November 19, 2007 hearing, however, the parties met and conferred further and Defendants agreed to clarify the privilege log such that documents identified as containing the attorney-client privilege will be more readily identifiable. (*See* Declaration of Lisa Tillman in Support of Defendants' Motion for Reconsideration or, in the Alternative, Motion for a Stay of Order to Produce Disk (Decl. Tillman) ¶ 5.) Plaintiffs in turn agreed that these the attorney-client privileged documents will not be included in their anticipated motion to compel so long as the assertion of the privilege is adequately supported by information contained in the privilege

---

1. The parties are engaged in a stipulated "rolling production" of documents responsive to Plaintiffs' requests for production. According to the terms of the court-approved stipulation, Defendants must provide on a weekly basis a log of all documents withheld from production on the basis of privilege. The privileges asserted by Defendants include the attorney-client privilege, deliberative process privilege, attorney work product privilege, official information privilege, and right to privacy. The "rolling production" stipulation further provides that all document production is to be completed by November 30, 2007, with a final privilege log to be provided to Plaintiffs by December 7, 2007. (*See* Stipulation, 3:5-4:21.)

Defs.' Request for Reconsideration                                          Case Nos. C 01-1351 & 2:90-cv-00520

2

1    log.  (*Id.*)  Defendants agreed to review the privilege logs in an effort to clarify the basis for the

2    asserted attorney-client privilege and to also remedy any clearly erroneous information contained

3    in the logs.  (*Id.*)  It was the parties' goal, in the course of this meet and confer, to establish the

4    parameters for a privilege log that sufficiently justifies the assertion of the attorney-client

5    privilege and thus would hopefully obviate the need for a motion to compel regarding attorney-

6    client privileged documents.  (Defs.' Mot. Reconsideration, 3:22-25.)

7         In light of the exclusion of documents identified as attorney-client privileged from

8    Plaintiffs' anticipated motion to compel, Defendants' November 20, 2007 motion requested that

9    Magistrate Moulds reconsider his November 19, 2007 order and permit Defendants to produce a

10   compact disk of privileged documents only after Plaintiffs' motion to compel is filed.  (Defs.'

11   Mot. for Reconsideration, 2:21-23.)  Defendants' November 20, 2007 motion for reconsideration

12   further requested that any compact disk produced by Defendants for *in camera* review following

13   Plaintiffs' motion to compel contain only those privileged documents disputed in Plaintiffs'

14   motion.  (*Id*. at 2:23-24.)

15        On November 21, 2007, at about 11:15 a.m., Rochelle East, Supervising Deputy Attorney

16   General and attorney for Defendants in this matter, received a telephone call from Magistrate

17   Moulds's clerk, Haven Gracey.  (Declaration of Rochelle East in Support of Defendants'

18   Request for Reconsideration of by the Three-Judge Court of Magistrate Judge's Order (Decl.

19   East), ¶ 3.)  Ms. Gracey advised Ms. East that a telephonic hearing would be held at 1:00 p.m.

20   that same day on the issue of Defendants' Motion for Reconsideration.  (*Id.*)  Because the

21   attorneys who had worked most closely on this issue were unavailable due to the Thanksgiving

22   holiday, Ms. East appeared at the telephonic hearing along with co-counsel, Paul Mello.  (*Id.*)

23   Plaintiffs filed opposition papers around 12:20 p.m., and Magistrate Moulds afforded Defense

24   counsel a couple of minutes to read Plaintiffs' supporting declaration before the hearing

25   commenced.  (*Id.* ¶ 4.)

26        Magistrate Moulds asked Ms. East for an approximation of the number of documents

27   deemed privileged to date, and Ms. East estimated that "hundreds of documents were attorney-

28   client privileged, and that thousands were covered by other privileges," but cautioned that the

1    number of privileged documents changes daily as more documents are reviewed, and that she

2    was not the attorney most closely involved with the daily count of documents.  (*Id*. ¶ 5.)

3    Magistrate Moulds then thanked Plaintiffs for filing opposition papers and denied Defendants'

4    motion for two reasons.  (*Id*. ¶ 6.)  First, he stated that given the volume of documents, he had

5    thought that it was likely that a large number would be at issue, and he wanted to ensure that

6    privileges were claimed with care.  Second, Magistrate Moulds stated that the Court reviewed

7    one of the documents that had been withheld because of the deliberative process privilege, and

8    he stated that it appeared that the Court would need to review those documents further.  (*Id*.)

9    Moreover, Magistrate Moulds wanted to avoid having a very large volume of documents that

10   needed to be reviewed at the close of discovery.

11        For the sake of judicial economy, however, Defendants respectfully request that this

12   Three-Judge Court reconsider the Magistrate Judge's November 19, 2007 order requiring

13   Defendants to produce for *in camera* review all privileged documents, and instead order that

14   Defendants need only produce for *in camera* review those privileged documents that are

15   identified as in dispute by Plaintiffs' anticipated motion to compel.  Defendants also request that

16   this Three-Judge Court to stay the Magistrate's November 19, 2007 order.

17                                    **II.**

18                          **LEGAL ARGUMENT**

19        In assessing the validity of a party's assertion of privilege in response to a request for

20   production of documents, the first step in this process requires the party asserting the privilege to

21   provide a privilege log.  The purpose of a privilege log is to provide opposing counsel and the

22   court with "sufficient information" to determine if the claimed privilege is well-founded.  *Gail v.*

23   *New England Gas Co.*, 243 F.R.D. 28, 34 (D.C. R.I. 2007).  The privilege log thus prevents

24   limited judicial resources from being expended in reviewing documents concerning a dispute

25   that may not ultimately exist.  *Id.*  Only after a tangible dispute arises does the court typically

26   engage in *in camera* review to determine the propriety of the assertion of privilege in response to

27   a request for production.

28        The parties' Stipulation reflects this same two-step process.  The Stipulation requires

Defs.' Request for Reconsideration                                    Case Nos. C 01-1351 & 2:90-cv-00520

4

1    Defendants to produce a privilege log identifying all documents withheld on the basis of

2    privilege.  If necessary, court review of the documents would occur upon a motion to compel.  In

3    accordance with the stipulation, Defendants' privilege logs have been produced.  Although

4    Plaintiffs are concerned with the quality of the privilege logs, they have not sought *in camera*

5    review of the withheld documents.  They simply sought a hearing date for an anticipated motion

6    to compel to challenge the asserted privileges.  Rather, the Magistrate Judge's decision to order

7    Defendants to produce all privileged documents for *in camera* review was issued *sua sponte*.

8         Because neither party sought *in camera* review of the documents marked as privileged,

9    the order must be reviewed as borne from the Court's own concerns.  The order requiring

10   production of a compact disk containing all privileged documents marked to date may arise from

11   the belief that Plaintiffs' anticipated motion to compel will address all documents classified as

12   privileged by Defendants, including those within the attorney-client privilege.  But due to the

13   enormity of the volume of documents involved in this "rolling production," both parties agreed

14   to meet and confer regarding the assertion of the attorney-client privilege to avoid an

15   unnecessary motion to compel on this issue.

16        After the November 19, 2007 hearing, Defendants' and Plaintiffs' counsel spoke at

17   length regarding the privilege logs provided to date.  (Decl. Tillman, ¶ 5.)  Defendants' counsel

18   understood that Plaintiffs' counsel's was willing to observe the attorney-client communication

19   privilege, and thus not file a motion to compel seeking production of such documents, so long as

20   Defendants provide sufficient information in the privilege logs that would support assertion of

21   the privilege, including the author and recipient of the communication.  (*Id.*)  Defendants'

22   counsel will endeavor to do so in an effort to prevent the unnecessary filing of a motion to

23   compel on the issue of the attorney-client privilege.  (*Id.* ¶ 6.)

24        At the November 21, 2007 hearing, Magistrate Moulds reasoned, in part, that he wanted

25   all privileged documents produced for *in camera* review so as to avoid having to review a very

26   large volume of documents at the close of discovery.  (Decl. East, ¶ 6.)  But Defendants'

27   proposal in their motion for reconsideration regarding eliminating attorney-client privileged

28   documents from *in camera* review would have reduced the large number of documents that

Defs.' Request for Reconsideration                                    Case Nos. C 01-1351 & 2:90-cv-00520

5

1    Magistrate Moulds may eventually need to review.  Moreover, fewer documents will need

2    reviewing if the usual two-step process of reviewing *in camera* only those documents actually in

3    dispute is followed.  The Magistrate has thus created that which he sought to avoid: the mass *in*

4    *camera* review of privileged documents and unnecessary expense of judicial resources.  Further,

5    the parties have dealt with all discovery disputes on shortened time, and any disputed documents

6    could be provided to the Court, if necessary, for an *in camera* review as soon as the dispute is

7    ripe.  This would preclude judicial review of a large number of documents at the close of

8    discovery.

9         Due to the parties' communications and agreement regarding those documents deemed

10   privileged under the attorney-client privilege, production of such documents to the Court for *in*

11   *camera* review is both unnecessary and wasteful of judicial resources.  Defendants are diligently

12   working to clarify the privilege logs such that attorney-client privileged communications are

13   easily identifiable.  Producing every privileged document for the Court's review, including

14   attorney-client communications, without any showing that the privilege is at issue, is an

15   unwarranted intrusion into long-standing privileges.  It is in this context that Defendants request

16   that this Three-Judge Court reconsider the Magistrate Judge's order requiring Defendants to

17   produce for *in camera* review all privileged documents regardless of privilege asserted.  The

18   filing of a compact disk containing the universe of privileged documents before the completion

19   of necessary privilege logs and prior to meet and confer discussions is premature.  The premature

20   submission of this compact disk suggests the insignificance of further meet and confer

21   discussions aimed at narrowing the disputed issues of privilege.

22        In contrast, modifying the Magistrate Judge's November 19, 2007 order to direct the

23   submission of a compact disk containing only those privileged documents still in dispute and

24   challenged by Plaintiffs' motion to compel will encourage the parties' participation in the meet

25   and confer process and serve the judicial interest in economizing resources.  Therefore,

26   Defendants request that this Court modify the Magistrate Judge's order such that Defendants are

27   only required to produce those documents in dispute as identified in Plaintiffs' anticipated

28   motion to compel.

Defs.' Request for Reconsideration                                    Case Nos. C 01-1351 & 2:90-cv-00520

6

1

**CONCLUSION**

2        Defendants respectfully request that this Three-Judge Court reconsider the Magistrate

3    Judge's November 19, 2007 order to accommodate the ongoing meet and confer efforts of both

4    parties to reduce disputed discovery issues.  Rather, this Court should direct Defendants to

5    produce a compact disk containing only those privileged documents put at issue by Plaintiffs'

6    anticipated motion to compel.  Defendants also ask the Three-Judge Court to stay the

7    Magistrate's November 19, 2007 order.

8                                          Respectfully submitted,

9    Dated: November 21, 2007              HANSON BRIDGETT MARCUS VLAHOS &
                                           RUDY, LLP
10

11                              By:        _/s/ Paul B. Mello_____
                                           Paul B. Mello
12                                         Attorneys for Defendants

13
     Dated: November 21, 2007              EDMUND G. BROWN JR.
14                                         Attorney General of the State of California

15
                                By:        _/s/ Rochelle C. East_____
16                                         Rochelle C. East
                                           Supervising Deputy Attorney General
17                                         Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

Defs.' Request for Reconsideration                    Case Nos. C 01-1351 & 2:90-cv-00520

7