PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　vs.<br>　　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF ALISON HARDY IN SUPPORT OF PLAINTIFFS' POSITION IN THE JOINT STATEMENT** |

I, Alison Hardy, declare**:**

I am an attorney admitted to practice before the courts of the State of California. I am an attorney with Prison Law Office, attorneys of record in this matter for plaintiffs. The matters set forth in this declaration are true, based upon my own knowledge, and if called as a witness I could and would testify competently thereto.

1. On October 23, 2007 Plaintiffs received Defendant Michael Genest ("Defendants") twenty sets of written discovery requests -- ten sets of Requests for Production of Documents, and ten sets of Interrogatories – served on *Plata* class representatives. The Interrogatories and Requests are the same for all named plaintiffs. Attached hereto as Ex. A is a copy of a sample set of each and a sample of Plaintiffs' objections to each set.

2. On November, 7, 2007 Plaintiffs stipulated, while preserving potential objections, to permitting depositions of incarcerated persons so as to relieve Defendants of the necessity of court intervention. Defendants served a notice of deposition on four of the ten Plata original class representatives on November 7, 2007, and an amended notice of deposition on November 14, 2007 on Mr. DeCasas, who is now out on parole, currently residing in southern California.

3. On November 15, 16, 19, and 20, 2007 Plaintiffs and Defendants met and conferred during a series of email exchanges and telephone conferences. My co-counsel and I notified Defendants of our view that the requested discovery and depositions imposed a substantial burden on Plaintiffs who would have to coordinate almost an entire week of depositions, obtain and review medical files, and respond to a large number of interrogatories and requests for production for discovery which has virtually no value to defendants.

4. During the meet and confer, Defendants notified me that they seek discovery from the class representatives on the basis of their status as "named plaintiffs." They further asserted in an email dated November 19, 2007 that the information they seek through their Depositions and Written Discovery is relevant because each named class member "can presumably testify regarding the medical care and treatment that they receive(d), and the

1  impact, if any, of crowding upon that care and treatment." Defendants agreed to limit their
2  interrogatories no. 3, 11, 12 and 13 to the period from May 2005 to the present. They also
3  agreed to withdraw the discovery served on the class representative who died and for the two
4  who have discharged parole.

5       5.     The Court has entered a stipulated injunction in *Plata v. Schwarzenegger*, which
6  is expressly in favor of every member of the plaintiff class comprising tens of thousands of
7  inmates, and which is attached hereto as Ex. B.

8       6.     From prior experience, the burden and expense of taking of depositions in the
9  correctional setting includes: ensuring that the patients medical concerns are addressed during
10 the deposition; arranging for the escort of the prisoner to the deposition room; assurance by
11 staff that safety and security is not compromised by the presence of visitors at the institution;
12 corresponding with class members using the prison mail system which sometimes involves
13 significant delay in the receipt and return of correspondence; travel to the institution for review
14 of medical and central files; and travel throughout the state to meet in advance with each
15 deponent at the institutions in which they reside.

16      7.     Plaintiffs' attorneys have received reports from one of the class representatives,
17 Mr. Plata, that he was harassed because of his participation in this case.

18      8.     The coordination required to copy and review medical and central files in the
19 prison setting can be extremely difficult. Files are sometimes unavailable or are being utilized
20 by clinical and correctional staff. To respond to this discovery, Plaintiffs will have to expend a
21 significant amount of time and resources reviewing years of medical and central files about
22 care these patients have received and the outcome of perhaps dozens of 602s administrative
23 appeals the patient has filed. Prisoner legal mail is processed in accordance with the normal
24 institutional mail procedures, which often can result in significant delays. Plaintiffs' attorneys
25 therefore may need to travel to institutions in order to obtain documents, meet with clients to
26 ensure that they understand the nature of the discovery requests to which they are responding
27 and to obtain verifications. Unlike practice in the non-correctional setting, plaintiffs do not
28

have the ability to send documents to or converse with clients at will, for example, over the telephone, email or fax.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this is executed this 26th day of November, 2007, in San Rafael, California.

                                                                  /s/  
                                        Alison Hardy  
                                        Prison Law Office  
                                        Attorneys for Plaintiffs