# Exhibit A

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, SBN 221207
SAMANTHA D. TAMA, SBN 240280
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5708
 Fax:  (415) 703-5843
 Email:  Samantha.Tama@doj.ca.gov
          Rochelle.East@doj.ca.gov
          Charles.Antonen@doj.ca.gov

HANSON   BRIDGETT   MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |
| **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | **DEFENDANT MICHAEL GENEST'S FIRST SET OF INTERROGATORIES** |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

1 | Propounding Party:    Defendant Michael Genest

2 | Responding Party:    Gilbert Aviles (Plaintiff)

3 | Set No.:            One

4 |    **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

5 |    PLEASE TAKE NOTICE THAT per Rule 33 of the Federal Rules of Civil Procedure,

6 | Defendant Genest submits the following First Set of Interrogatories to Plaintiff Gilbert Aviles to

7 | be answered separately and fully in writing, under oath upon all knowledge reasonably available

8 | to them in 30 days.

9 |    **DEFINITIONS**

10 |    1.    "PLAINTIFF," "YOU," or "YOUR" refer to Gilbert Aviles, as a representatives

11 | of the plaintiff class, and his agents, representatives, attorneys, and any person or entity acting or

12 | purporting to act, on his behalf in the action *Plata v. Schwarzenegger,* Case No. C-01-1351 TEH

13 | (N.D. Cal.) (*Plata*).  Requests for production of documents directed to "PLAINTIFF" seek

14 | information, and where appropriate, identification, of documents within the possession of Gilbert

15 | Aviles.

16 |    2.    "DEFENDANTS" refers to Arnold Schwarzenegger, Michael Genest, and James

17 | Tilton who are the named Defendants in the *Plata* action.

18 |    3.    "PRISONER RELEASE ORDER" means "any order, including a temporary

19 | restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or

20 | limiting the prison population or that directs the release from or nonadmission of prisoners to a

21 | prison" as set forth in the Prison Litigation Reform Act (PLRA) of 18 U.S.C. § 3626(g)(4).

22 |    4.    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

23 | U.S.C. Section 2284 in the cases of *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM

24 | (E.D. Cal.) (*Coleman*) and *Plata*.

25 |    5.    "DOCUMENT" or "DOCUMENTS" as used in the following requests is intended

26 | to have the broadest possible meaning and to include anything coming within the definition of

27 | "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  The

28 | term refers to but is not limited to the product of any method of recording information, whether

1    by writing or otherwise, including without limitation: any written, electronic, or computerized

2    files, data or software; memoranda; correspondence; communications; reports; summaries;

3    studies; analyses; evaluations; notes or notebooks; indices; logs; books; booklets or binders;

4    pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts;

5    drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes;

6    facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include

7    each copy of any whole or part of a document on which there appears any marking or deletion

8    which does not appear on the original or other copies thereof, together with all drafts or notes for

9    the preparation of each document. If the original of a document is not available or was not

10   reviewed or received, "DOCUMENT" includes any identical copy of the original.

11       6.    "PERSON" means natural persons, corporations, partnerships, governments (or

12   governmental agencies), units of government, quasi-public entities, and all other forms of legal

13   entities.

14       7.    "REFER" or "RELATE TO" means constituting, representing, defining,

15   depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or

16   pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

17       8.    The term "IDENTIFY," when used with respect to a person, means to state the

18   following: name of the person or entity; telephone number; location of person or business and

19   nature of business. The term "identify," when used with respect to a document, means to state

20   the following, if available, for each document: the name(s) of the author(s) and the recipient(s);

21   the date; the title; the form of document (e.g. letter, memorandum, report, chart or other

22   descriptive term); a description of the contents of the document; and its present or last known

23   location and custodian. If you claim that any such document was, but is no longer in your

24   possession or subject to your control, state what disposition was made of such document and

25   when. Documents to be identified shall include both documents in your possession, custody and

26   control, and all other documents of which you have knowledge. To the extent that the answers to

27   the preceding questions are determinable by an examination of the document itself, you may

28   respond by supplying such document as part of your answers to these interrogatories so long as

1  you identify the interrogatory to which such document is responsive.

2      9.      The terms "AND," "OR," and "AND/OR" should be construed disjunctively or

3  conjunctively as necessary to make the request inclusive rather than exclusive.

4      10.     The term "SERIOUS MEDICAL NEED" should be construed in accordance with

5  the Stipulation for Injunctive Relief, filed in this case on June 13, 2002.

6      11.     The term "ADEQUATE MEDICAL CARE" should be construed to mean that

7  which does not subject Plaintiff to cruel and unusual punishment or the unnecessary and wanton

8  infliction of pain.

9                              **INSTRUCTIONS**

10     The preceding definitions apply to each interrogatory and are deemed incorporated in

11 each of the following interrogatories and these instructions.

12     1.      In answering these interrogatories, quote each interrogatory before each answer.

13     2.      These interrogatories shall be deemed to be continuing interrogatories so as to

14 require proper supplemental answers if further information is obtained or developed by you or

15 your counsel after the time that you serve answers to these interrogatories.

16     3.      In answering these interrogatories, furnish all information available to you,

17 including information in the possession of your employees, attorneys, or otherwise subject to

18 your possession and/or control, and not merely information known of your own personal

19 knowledge.

20     4.      If you cannot answer a particular interrogatory in full after exercising due

21 diligence to secure the information to do so, answer to the extent possible, specify your inability

22 to answer the remainder, and state whatever knowledge you have concerning the unanswered

23 portion.

24     5.      If you object to any part of an interrogatory, answer all parts of such interrogatory

25 to which you do not object and, as to each part to which you do object, set forth the specific basis

26 for your objection.

27     6.      If any information is within the scope of any interrogatory but is being withheld

28 pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon which

1 the information is being withheld, the nature of the information withheld, the author, date,

2 recipients, and subject matter of any documents containing such information, and the identity of

3 the person on whose behalf the privilege is asserted.

4      7.    Whenever the information requested by these interrogatories is contained in or

5 may otherwise be derived or ascertained from a document, identify the document(s) from which

6 the answer may be derived or ascertained.

7      8.    Some of the following consist of a number of related parts. A complete and

8 separate answer is requested with respect to each such part with the same effect as if it were

9 stated as a separate interrogatory.

10 **INTERROGATORIES**

11 **INTERROGATORY NO. 1:**

12     Describe your serious medical condition.

13 **INTERROGATORY NO. 2:**

14     Does Plaintiff contend that he is not receiving adequate medical care for his serious

15 medical condition?

16 **INTERROGATORY NO. 3:**

17     If the answer to interrogatory no 2 above is "yes," identify each and every violation of

18 Plaintiff's right to receive adequate medical care by Defendants as of the date of this

19 interrogatory.

20 **INTERROGATORY NO. 4:**

21     Identify all documents that relate to Plaintiff's response to interrogatory no. 3 above.

22 **INTERROGATORY NO. 5:**

23     If the answer to interrogatory no. 2 above is "yes," does Plaintiff contend that

24 overcrowding is the primary cause of Plaintiff's inability to receive adequate medical care?

25 **INTERROGATORY NO. 6:**

26     If the answer to interrogatory no. 5 above is "yes," identify each and every violation of

27 Plaintiff's right to receive adequate medical care by Defendants for which the primary cause of

28 the violation is the size of the CDCR population.

**INTERROGATORY NO. 7:**

Identify all documents that relate to Plaintiff's response to interrogatory no. 6 above.

**INTERROGATORY NO. 8:**

Does Plaintiff contend that no other relief, other than a prisoner release order, will remedy Plaintiff's failure to receive adequate medical care?

**INTERROGATORY NO. 9:**

If the answer to interrogatory no. 8 above is "yes," state all facts in support of Plaintiff's contention that no other relief, other than a prisoner release order, will remedy Plaintiff's failure to receive adequate medical care.

**INTERROGATORY NO. 10:**

Identify all documents that relate to Plaintiff's response to interrogatory no. 9 above.

**INTERROGATORY NO. 11:**

Has Plaintiff submitted any 602/inmate appeals regarding the provision of medical care from 2001 to the date of this interrogatory?

**INTERROGATORY NO. 12:**

If the answer to interrogatory no. 11 above is "yes," identify each and every 602/inmate appeal that Plaintiff submitted regarding the provision of medical care from 2001 to the date of this interrogatory.

/ / /

/ / /

1    __INTERROGATORY NO. 13:__

2        Identify all documents that relate to Plaintiff's response to interrogatory no. 12 above.

3

4    Dated: October 23, 2007                HANSON BRIDGETT MARCUS VLAHOS &
                                             RUDY, LLP
5

6

7    By: _____
                                             Paul B. Mello
8                                            Attorneys for Defendants

9
     Dated: October 23, 2007                EDMUND G. BROWN JR.
10                                           Attorney General of the State of California

11

12   By: _____
13                                           Samantha D. Tama
                                             Attorneys for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, SBN 126424
   CHARLES J. ANTONEN, SBN 221207
6  SAMANTHA D. TAMA, SBN 240280
   Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5708
   Fax: (415) 703-5843
9  Email: Samantha.Tama@doj.ca.gov
           Rochelle.East@doj.ca.gov
10          Charles.Antonen@doj.ca.gov

HANSON   BRIDGETT   MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

11  Attorneys for Defendants

12

13              IN THE UNITED STATES DISTRICT COURT

14           FOR THE EASTERN DISTRICT OF CALIFORNIA

15          AND THE NORTHERN DISTRICT OF CALIFORNIA

16     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

17       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

18

| | |
|---|---|
| 19  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 20                        Plaintiffs, | **THREE JUDGE COURT** |
| 21         v. | |
| 22  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 23                        Defendants. | |
| 24  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 25                        Plaintiffs, | **THREE JUDGE COURT** |
| 26         v. | **DEFENDANT MICHAEL** |
| 27  **ARNOLD SCHWARZENEGGER, et al.,** | **GENEST'S REQUEST FOR PRODUCTION OF** |
| 28                        Defendants. | **DOCUMENTS** |

Def. Genest's Request for Prod. of Docs.                    Case Nos. C 01-1351 & 2:90-cv-00520

1

1  Propounding Party:   Defendant Michael Genest

2  Responding Party:    Gilbert Aviles (Plaintiff)

3  Set No.:             One

4       **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

5       PLEASE TAKE NOTICE THAT in accordance with Federal Rule of Civil Procedure 34,

6  Plaintiff is required to produce all responsive documents requested below at the office of

7  Defendant's counsel, The Attorney General's Office, located at 455 Golden Gate Avenue, Suite

8  11000, San Francisco, California, 94102. The date of production shall be thirty (30) days from

9  the date of these requests.

10                      **DEFINITIONS**

11       1.    "PLAINTIFF" refers to Gilbert Aviles, as a representatives of the class, and his

12  agents, representatives, attorneys, and any person or entity acting or purporting to act, on his

13  behalf in the action *Plata v. Schwarzenegger,* Case No. C-01-1351 TEH (N.D. Cal.) (*Plata*).

14  Requests for production of documents directed to "PLAINTIFF" seek information, and where

15  appropriate, identification, of documents within the possession of Gilbert Aviles.

16       2.    "DEFENDANTS" refers to Arnold Schwarzenegger, Michael Genest, and James

17  Tilton who are the named Defendants in the *Plata* action.

18       3.    "PRISONER RELEASE ORDER" means "any order, including a temporary

19  restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or

20  limiting the prison population or that directs the release from or nonadmission of prisoners to a

21  prison" as set forth in the Prison Litigation Reform Act (PLRA) of 18 U.S.C. § 3626(g)(4).

22       4.    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

23  U.S.C. Section 2284 in the cases of *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM

24  (E.D. Cal.) (*Coleman*) and *Plata*.

25       5.    "DOCUMENT" or "DOCUMENTS" as used in the following requests is intended

26  to have the broadest possible meaning and to include anything coming within the definition of

27  "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The

28  term refers to but is not limited to the product of any method of recording information, whether

Def. Genest's Request for Prod. of Docs.                    Case Nos. C 01-1351 & 2:90-cv-00520

2

by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies; analyses; evaluations; notes or notebooks; indices; logs; books; booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available or was not reviewed or received, "DOCUMENT" includes any identical copy of the original.

6.    "PERSON" means natural persons, corporations, partnerships, governments (or governmental agencies), units of government, quasi-public entities, and all other forms of legal entities.

7.    "REFER" or "RELATE TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

## INSTRUCTIONS

1.    The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Plaintiff's behalf, or otherwise subject to the control of any Plaintiff.

2.    The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into Plaintiff's sole or joint possession, custody, or control after the service of any initial responses by Plaintiff.

3.    The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.    The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the documents

Def. Genest's Request for Prod. of Docs.                                    Case Nos. C 01-1351 & 2:90-cv-00520

3

1  themselves.

2      5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are

3  required to be produced either: (a) as they are kept in the usual course of business; or (b)

4  organized and labeled to correspond with the categories of the Requests to which they respond.

5      6.    If construing the following Requests, the singular shall include the plural, and the

6  plural shall include the singular. A masculine, feminine, or neutral pronoun shall not exclude the

7  other genders, so that the interpretation applied results in the more expansive production. The

8  terms "and" and "or" shall be construed broadly and expansively as "and/or" and shall not be

9  construed to limit the documents or information sought in any manner.

10     7.    If any Request demands production of documents that have been lost, discarded,

11  or destroyed, identify such documents as completely as possible. Such identification shall

12  include, but is not limited to, a description of the subject matter of the document, the author of

13  the document, the date of the document's creation, the date of disposal, manner of disposal,

14  reason for disposal, person authorizing the disposal, and person disposing of the document.

15     8.    For any responsive document or portion thereof that is either redacted or withheld,

16  in whole or in part, on the basis of any assertion of privilege or other asserted exemption from

17  discovery, furnish a list identifying each document, or portion thereof, not produced for this

18  reason, together with the following information: (a) the title or identity of the document; (b) the

19  date of the document; (c) the type or nature of the document; (d) the identity, title, or

20  responsibilities, and relationship to Plaintiff of all persons who either prepared or received the

21  document; (e) the number of pages and attachments; (f) the type and nature of the privilege or

22  exemption asserted; and (g) the contents or subject matter of the document, with sufficient detail

23  to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)). For

24  any responsive document or portion thereof that may not properly be redacted or withheld in its

25  entirety, produce each and every portion thereof to which the claimed privilege or exemption

26  does not apply and specify, on the face of each such page or portion, the fact and reason for the

27  redaction or withholding.

28  / / /

Def. Genest's Request for Prod. of Docs.                                    Case Nos. C 01-1351 & 2:90-cv-00520

4

## REQUESTS FOR PRODUCTION

1.     Any and all documents that refer or relate to Plaintiff's allegations in this proceeding.

2.     Any and all documents that refer or relate to Plaintiff's receipt of medical care from 2001 to present.

3.     Any and all documents that refer or relate to Plaintiff's serious medical condition(s) from 2001 to present.

4.     Any and all documents that refer or relate to Plaintiff's request for a prisoner release order in this proceeding.

5.     Any and all documents that refer or relate to Plaintiff's contention in this proceeding that overcrowding is a cause of Plaintiff's inability to receive constitutionally adequate medical care.

6.     Any and all journals or diaries by Plaintiff from 2001 to the present that refer or relate to Plaintiff's request for a prisoner release order in this proceeding.

7.     Any and all correspondence, including, but not limited to letters and memoranda, by and between Plaintiff and any other person that refer or relate to the allegations in this proceeding.

8.     Any and all notes, writings, or drafts that refer or relate to Plaintiff's allegations in this proceeding.

9.     Any and all photographs that refer or relate to Plaintiff's allegations in this proceeding.

10.     Any and all drawings that refer or relate to Plaintiff's allegations in this proceeding.

11.     Plaintiff's entire file that refers or relates to this proceeding.

/ / /

/ / /

Def. Genest's Request for Prod. of Docs.                    Case Nos. C 01-1351 & 2:90-cv-00520

5

12.    Any and all other documents or things that refer or relate to this proceeding.

13.    Any and all documents that Plaintiff identified in response to interrogatory no. 4 of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Clifford Myelle.

14.    Any and all documents that Plaintiff identified in response to interrogatory no. 7 of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Clifford Myelle.

15.    Any and all documents that Plaintiff identified in response to interrogatory no. 10 of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Clifford Myelle.

16.    Any and all documents that Plaintiff identified in response to interrogatory no. 13 of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Clifford Myelle.

Dated: October 23, 2007

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP


By: _____
     Paul B. Mello
     Attorneys for Defendants


Dated: October 23, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California


By: _____
     Samantha D. Tama
     Attorneys for Defendants

Def. Genest's Request for Prod. of Docs.                    Case Nos. C 01-1351 & 2:90-cv-00520

6

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
ALISON HARDY, Bar No. 135966
VIBEKE NORGAARD MARTIN,
    Bar No. 209499
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 096891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
LEWIS BOSSING, Bar No. 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

BINGHAM McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
GEOFFREY T. HOLTZ, Bar No. 191370
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
    McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)

No. Civ S 90-0520 LKK-JFM P

**THREE-JUDGE COURT**

1

| | |
|---|---|
| MARCIANO PLATA, et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | **PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | |

2

| | |
|---|---|
| **PROPOUNDING PARTY:** | DEFENDANT MICHAEL GENEST |
| **RESPONDING PARTY:** | PLAINTIFF GILBERT AVILES |
| **SET NUMBER:** | ONE |

Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Gilbert Aviles submits the following responses to Defendant Michael Genest's Request for Production of Documents.

### Preliminary Statement and General Objections

1.     Plaintiff has not completed his investigation of the facts relating to this case, has not completed his discovery in this action and has not completed their preparation for trial.  Therefore, these responses, while based on diligent factual exploration, reflect only Plaintiff's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made.  Discovery is still ongoing, Defendants have still not produced all documents requested and depositions have not yet been taken.  Plaintiff therefore reserves the right to supplement these responses with subsequently obtained or discovered information.  With regard to each request for production of documents, Plaintiff reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Plaintiff does not regard as coming within the scope of the request for production of documents as Plaintiff understands them.

2.     These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such request were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

1

1      3.      Subject to and without waiving the foregoing objections, and incorporating

2 them by reference into each of the responses provided below, plaintiff hereby responds as

3 follows.

4 **REQUEST FOR PRODUCTION NO. 1:**

5      Any and all documents that refer or relate to Plaintiff's allegations in this

6 proceeding.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

8      In addition to the General Objections stated above, Plaintiff objects to this request

9 on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

10 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

11 evidence. The Court has already entered a stipulated injunction in this action, and that

12 injunction is expressly in favor of and enforceable by every member of the plaintiff class

13 comprising tens of thousands of inmates. Because the injunction has now been entered in

14 favor of the entire class, the individual circumstances of the named class representatives

15 are not relevant to these proceedings. Proof of the relevant legal and factual issues will

16 be based on class-wide circumstances. Plaintiff also objects to the extent that a response

17 to this request would require disclosure of information protected by the attorney-client

18 privilege, work-product doctrine, or any other applicable privilege.

19 **REQUEST FOR PRODUCTION NO. 2:**

20      Any and all documents that refer or relate to Plaintiff's receipt of medical care

21 from 2001 to present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23      In addition to the General Objections stated above, Plaintiff objects to this request

24 on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

25 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

26 evidence. The Court has already entered a stipulated injunction in this action, and that

27 injunction is expressly in favor of and enforceable by every member of the plaintiff class

28 comprising tens of thousands of inmates. Because the injunction has now been entered in

1    favor of the entire class, the individual circumstances of the named class representatives

2    are not relevant to these proceedings. Proof of the relevant legal and factual issues will

3    be based on class-wide circumstances. Plaintiff also objects to the extent that a response

4    to this request would require disclosure of information protected by the attorney-client

5    privilege, work-product doctrine, or any other applicable privilege.

6    **REQUEST FOR PRODUCTION NO. 3:**

7          Any and all documents that refer or relate to Plaintiff's serious medical

8    condition(s) from 2001 to present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10         In addition to the General Objections stated above, Plaintiff objects to this request

11   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

12   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

13   evidence. The Court has already entered a stipulated injunction in this action, and that

14   injunction is expressly in favor of and enforceable by every member of the plaintiff class

15   comprising tens of thousands of inmates. Because the injunction has now been entered in

16   favor of the entire class, the individual circumstances of the named class representatives

17   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

18   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

19   to this request would require disclosure of information protected by the attorney-client

20   privilege, work-product doctrine, or any other applicable privilege.

21   **REQUEST FOR PRODUCTION NO. 4:**

22         Any and all documents that refer or relate to Plaintiff's request for a prison release

23   order in this proceeding.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

25         In addition to the General Objections stated above, Plaintiff objects to this request

26   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

27   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

28   evidence. The Court has already entered a stipulated injunction in this action, and that

3

1   injunction is expressly in favor of and enforceable by every member of the plaintiff class

2   comprising tens of thousands of inmates. Because the injunction has now been entered in

3   favor of the entire class, the individual circumstances of the named class representatives

4   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

5   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

6   to this request would require disclosure of information protected by the attorney-client

7   privilege, work-product doctrine, or any other applicable privilege.

8   **REQUEST FOR PRODUCTION NO. 5:**

9         Any and all documents that refer or relate to Plaintiff's contention in this

10   proceeding that overcrowding is a cause of Plaintiff's inability to receive constitutionally

11   adequate medical care.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13         In addition to the General Objections stated above, Plaintiff objects to this request

14   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

15   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

16   evidence. The Court has already entered a stipulated injunction in this action, and that

17   injunction is expressly in favor of and enforceable by every member of the plaintiff class

18   comprising tens of thousands of inmates. Because the injunction has now been entered in

19   favor of the entire class, the individual circumstances of the named class representatives

20   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

21   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

22   to this request would require disclosure of information protected by the attorney-client

23   privilege, work-product doctrine, or any other applicable privilege.

24   **REQUEST FOR PRODUCTION NO. 6:**

25         Any and all journals or diaries by Plaintiff from 2001 to the present that refer or

26   relate to Plaintiff's request for a prisoner release order in this proceeding.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28         In addition to the General Objections stated above, Plaintiff objects to this request

1   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

2   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

3   evidence.  The Court has already entered a stipulated injunction in this action, and that

4   injunction is expressly in favor of and enforceable by every member of the plaintiff class

5   comprising tens of thousands of inmates.  Because the injunction has now been entered in

6   favor of the entire class, the individual circumstances of the named class representatives

7   are not relevant to these proceedings.  Proof of the relevant legal and factual issues will

8   be based on class-wide circumstances.  Plaintiff also objects to the extent that a response

9   to this request would require disclosure of information protected by the attorney-client

10  privilege, work-product doctrine, or any other applicable privilege.

11  **REQUEST FOR PRODUCTION NO. 7:**

12         Any and all correspondence, including, but not limited to letters and memoranda,

13  by and between Plaintiff and any other person that refer or relate to the allegations in this

14  proceeding.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

16         In addition to the General Objections stated above, Plaintiff objects to this request

17  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

18  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence.  The Court has already entered a stipulated injunction in this action, and that

20  injunction is expressly in favor of and enforceable by every member of the plaintiff class

21  comprising tens of thousands of inmates.  Because the injunction has now been entered in

22  favor of the entire class, the individual circumstances of the named class representatives

23  are not relevant to these proceedings.  Proof of the relevant legal and factual issues will

24  be based on class-wide circumstances.  Plaintiff also objects to the extent that a response

25  to this request would require disclosure of information protected by the attorney-client

26  privilege, work-product doctrine, or any other applicable privilege.

27  **REQUEST FOR PRODUCTION NO. 8:**

28         Any and all notes, writings, or drafts that refer or relate to Plaintiff's allegations in

1  this proceeding.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

3      In addition to the General Objections stated above, Plaintiff objects to this request

4  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

5  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. The Court has already entered a stipulated injunction in this action, and that

7  injunction is expressly in favor of and enforceable by every member of the plaintiff class

8  comprising tens of thousands of inmates. Because the injunction has now been entered in

9  favor of the entire class, the individual circumstances of the named class representatives

10  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

11  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

12  to this request would require disclosure of information protected by the attorney-client

13  privilege, work-product doctrine, or any other applicable privilege.

14  **REQUEST FOR PRODUCTION NO. 9:**

15      Any and all photographs that refer or relate to Plaintiff's allegations in this

16  proceeding.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18      In addition to the General Objections stated above, Plaintiff objects to this request

19  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

20  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

21  evidence. The Court has already entered a stipulated injunction in this action, and that

22  injunction is expressly in favor of and enforceable by every member of the plaintiff class

23  comprising tens of thousands of inmates. Because the injunction has now been entered in

24  favor of the entire class, the individual circumstances of the named class representatives

25  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

26  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

27  to this request would require disclosure of information protected by the attorney-client

28  privilege, work-product doctrine, or any other applicable privilege.

1   **REQUEST FOR PRODUCTION NO. 10:**

2          Any and all drawings that refer or relate to Plaintiff's allegations in this

3   proceeding.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO 10:**

5          In addition to the General Objections stated above, Plaintiff objects to this request

6   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

7   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

8   evidence. The Court has already entered a stipulated injunction in this action, and that

9   injunction is expressly in favor of and enforceable by every member of the plaintiff class

10  comprising tens of thousands of inmates. Because the injunction has now been entered in

11  favor of the entire class, the individual circumstances of the named class representatives

12  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

13  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

14  to this request would require disclosure of information protected by the attorney-client

15  privilege, work-product doctrine, or any other applicable privilege.

16  **REQUEST FOR PRODUCTION NO. 11:**

17         Plaintiff's entire file that refers or relates to this proceeding.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

20         In addition to the General Objections stated above, Plaintiff objects to this request

21  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

22  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence. The Court has already entered a stipulated injunction in this action, and that

24  injunction is expressly in favor of and enforceable by every member of the plaintiff class

25  comprising tens of thousands of inmates. Because the injunction has now been entered in

26  favor of the entire class, the individual circumstances of the named class representatives

27  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

28  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

1    to this request would require disclosure of information protected by the attorney-client

2    privilege, work-product doctrine, or any other applicable privilege.

3    **REQUEST FOR PRODUCTION NO. 12:**

4         Any and all other documents or things that refer or relate to this proceeding.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6         In addition to the General Objections stated above, Plaintiff objects to this request

7    on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

8    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

9    evidence. The Court has already entered a stipulated injunction in this action, and that

10   injunction is expressly in favor of and enforceable by every member of the plaintiff class

11   comprising tens of thousands of inmates. Because the injunction has now been entered in

12   favor of the entire class, the individual circumstances of the named class representatives

13   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

14   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

15   to this request would require disclosure of information protected by the attorney-client

16   privilege, work-product doctrine, or any other applicable privilege.

17   **REQUEST FOR PRODUCTION NO. 13:**

18        Any and all documents that Plaintiff identified in response to interrogatory No. 4

19   of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Gilbert Aviles.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21        In addition to the General Objections stated above, Plaintiff objects to this request

22   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

23   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

24   evidence. The Court has already entered a stipulated injunction in this action, and that

25   injunction is expressly in favor of and enforceable by every member of the plaintiff class

26   comprising tens of thousands of inmates. Because the injunction has now been entered in

27   favor of the entire class, the individual circumstances of the named class representatives

28   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

8

1  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

2  to this request would require disclosure of information protected by the attorney-client

3  privilege, work-product doctrine, or any other applicable privilege.

4  **REQUEST FOR PRODUCTION NO. 14:**

5      Any and all documents that Plaintiff identified in response to interrogatory No. 7

6  of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Gilbert Aviles.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8      In addition to the General Objections stated above, Plaintiff objects to this request

9  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

11  evidence. The Court has already entered a stipulated injunction in this action, and that

12  injunction is expressly in favor of and enforceable by every member of the plaintiff class

13  comprising tens of thousands of inmates. Because the injunction has now been entered in

14  favor of the entire class, the individual circumstances of the named class representatives

15  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

16  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

17  to this request would require disclosure of information protected by the attorney-client

18  privilege, work-product doctrine, or any other applicable privilege.

19  **REQUEST FOR PRODUCTION NO. 15:**

20      Any and all documents that Plaintiff identified in response to interrogatory No. 10 of

21  Defendant Michael Genest's First Set of Interrogatories to Plaintiff Gilbert Aviles.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

23      In addition to the General Objections stated above, Plaintiff objects to this request

24  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

25  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

26  evidence. The Court has already entered a stipulated injunction in this action, and that

27  injunction is expressly in favor of and enforceable by every member of the plaintiff class

28  comprising tens of thousands of inmates. Because the injunction has now been entered in

9

1  favor of the entire class, the individual circumstances of the named class representatives

2  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

3  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

4  to this request would require disclosure of information protected by the attorney-client

5  privilege, work-product doctrine, or any other applicable privilege.

6  **REQUEST FOR PRODUCTION NO. 16:**

7  Any and all documents that Plaintiff identified in response to interrogatory No. 13

8  of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Gilbert Aviles.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO 16:**

10  In addition to the General Objections stated above, Plaintiff objects to this request

11  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

12  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

13  evidence. The Court has already entered a stipulated injunction in this action, and that

14  injunction is expressly in favor of and enforceable by every member of the plaintiff class

15  comprising tens of thousands of inmates. Because the injunction has now been entered in

16  favor of the entire class, the individual circumstances of the named class representatives

17  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

18  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

19  to this request would require disclosure of information protected by the attorney-client

20  privilege, work-product doctrine, or any other applicable privilege.

21  DATED: November 13, 2007          PRISON LAW OFFICE

22

23

24  By: _____
         VIBEKE NORGAARD MARTIN

25                Attorneys for Plaintiffs
                  RALPH COLEMAN, et al.

26                MARCIANO PLATA, et al.

27

28

1  <u>PROOF OF SERVICE</u>

2  I am over 18 years of age, not a party to this action and employed in the County

3  of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-

4  4067. I am readily familiar with the practice of this office for collection and processing of

5  correspondence for mailing with the United States Postal Service and correspondence is

6  deposited with the United States Postal Service that same day in the ordinary course of business.

7  Today I served the attached:

8  **PLAINTIFF GILBERT AVILES' RESPONSE TO**
   **DEFENDANT MICHAEL GENEST'S REQUEST FOR**
9  **PRODUCTION OF DOCUMENTS**

10  by causing a true and correct copy of the above to be placed in the United States Mail at San

11  Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

13  ROCHELLE EAST                         MARTIN J. MAYER
    Deputy Attorney General               Jones & Mayer
14  Office of the Attorney General        3777 North Harbor Blvd.
    455 Golden Gate Avenue, Suite 11000   Fullerton, CA 92835
15  San Francisco, CA 94102

16  STEVEEN S. KAUFHOLD                   RONALD YANK
    Akin Gump Strauss Hauer & Feld LLP    Carroll, Burdick & McDonough, LLP
17  580 California Street, 15th Floor      44 Montgomery Street, Suite 400
    San Francisco, CA 94104-1036          San Francisco, CA 94104
18

19  ROD PACHECO                           BENJAMIN C. SYBESMA
    Office of the District Attorney       California Correctional Peace Officers'
20  County of Riverside                   Association Legal Department
    4075 Main Street, First Floor         755 Riverpoint Drive, Suite 200
21  Riverside, CA 92501                   W. Sacramento, CA 95605

22
    ANN MILLER RAVEL                      STEVEN WOODSIDE
23  Office of the County Counsel          Office of the County Counsel
    County of Santa Clara                 County of Sonoma
24  70 West Hedding, East Wing, 9th Floor 575 Administration Dr., Room 105A
    San Jose, CA 95110                    Santa Rosa, CA 95403
25

26

27

28

1

PAUL B. MELLO
Deputy Attorney General
Hanson Bridgett Marcus Vlahos & Rudy
333 Market Street, 21st Floor
San Francisco, CA 94105

CHARLES ANTONEN
Deputy Attorney General
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-3664

STEPHEN SHANE STARK
Office of the County Counsel
County of Santa Barbara
105 E. Anapamu Street, Room 201
Santa Barbara, CA 93101

DENNIS BUNTING
Office of the County Counsel
County of Solano
675 Texas Street, Suite 6600
Fairfield, CA 94533

MICHAEL MURPHY
Office of the County Counsel
County of San Mateo
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063

SILVANO B. MARCHESI
Office of the County Counsel
County of Contra Costa
651 Pine Street, 9th Floor
Martinez, CA 94553

    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct and that this declaration was executed on November 13,

2007.

_____
Rosaleen B. Doran

1    PRISON LAW OFFICE
     DONALD SPECTER, Bar No. 83925
2    ALISON HARDY, Bar No.: 135966
     VIBEKE NORGAARD MARTIN,
3          Bar No. 209499
     General Delivery
4    San Quentin, California 94964
     Telephone: (415) 457-9144
5
     ROSEN, BIEN & GALVAN, LLP
6    MICHAEL W. BIEN, Bar No. 096891
     JANE E. KAHN, Bar No. 112239
7    AMY WHELAN, Bar No. 215675
     LORI RIFKIN, Bar No. 244081
8    SARAH M. LAUBACH, Bar No. 240526
     315 Montgomery Street, 10th Floor
9    San Francisco, California 94104
     Telephone: (415) 433-6830
10
     THE LEGAL AID SOCIETY –
11   EMPLOYMENT LAW CENTER
     CLAUDIA CENTER, Bar No. 158255
12   LEWIS BOSSING, Bar No. 227402
     600 Harrison Street, Suite 120
13   San Francisco, CA 94107
     Telephone: (415) 864-8848
14   Attorneys for Plaintiffs
15

BINGHAM McCUTCHEN, LLP
WARREN E. GEORGE, Bar No.: 53588
GEOFFREY T. HOLTZ, Bar No. 191370
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
   McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

16              UNITED STATES DISTRICT COURT

17       FOR THE EASTERN DISTRICT OF CALIFORNIA

18        AND THE NORTHERN DISTRICT OF CALIFORNIA

19   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
20

21   RALPH COLEMAN, et al.,                   )   No. Civ S 90-0520 LKK-JFM P
                                              )
22   Plaintiffs,                              )   **THREE-JUDGE COURT**
                                              )
23   v.                                       )
                                              )
24   ARNOLD SCHWARZENEGGER, et al.,           )
                                              )
25   Defendants.                              )

26

27

28

| | |
|---|---|
| MARCIANO PLATA, et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | **PLAINTIFF GILBERT AVILES'** |
| Defendants. | **RESPONSE TO DEFENDANT** |
| | **MICHAEL GENEST'S FIRST SET OF** |
| | **INTERROGATORIES** |

PROPOUNDING PARTY:        DEFENDANT MICHAEL GENEST

RESPONDING PARTY:         PLAINTIFF GILBERT AVILES

SET NUMBER:               ONE

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Gilbert Aviles submits the following responses to Defendant Michael Genest's First Set of Interrogatories.

### Preliminary Statement and General Objections

1.     Plaintiff has not completed his investigation of the facts relating to this case, has not completed his discovery in this action and has not completed their preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Plaintiff's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Discovery is still ongoing, Defendants have still not produced all documents requested and depositions have not yet been taken. Plaintiff therefore reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Plaintiff reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Plaintiff does not regard as coming within the scope of the interrogatories as Plaintiff understands them.

2.     These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

1    Subject to and without waiving the foregoing objections, and incorporating them

2    by reference into each of the responses provided below, plaintiff hereby responds as

3    follows.

4    **INTERROGATORY NO. 1:**

5    Describe your serious medical condition.

6    **RESPONSE TO INTERROGATORY NO. 1:**

7    In addition to the General Objections stated above, Plaintiff objects to this

8    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

9    information not relevant to this litigation nor reasonably calculated to lead to the

10    discovery of admissible evidence. The Court has already entered a stipulated injunction

11    in this action, and that injunction is expressly in favor of and enforceable by every

12    member of the plaintiff class comprising tens of thousands of inmates. Because the

13    injunction has now been entered in favor of the entire class, the individual circumstances

14    of the named class representatives are not relevant to these proceedings. Proof of the

15    relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

16    objects to the extent that a response to this interrogatory would require disclosure of

17    information protected by the attorney-client privilege, work-product doctrine, or any

18    other applicable privilege.

19    **INTERROGATORY NO. 2:**

20    Does Plaintiff contend that he is not receiving adequate medical care for his

21    serious medical condition?

22    **RESPONSE TO INTERROGATORY NO. 2:**

23    In addition to the General Objections stated above, Plaintiff objects to this

24    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

25    information not relevant to this litigation nor reasonably calculated to lead to the

26    discovery of admissible evidence. The Court has already entered a stipulated injunction

27    in this action, and that injunction is expressly in favor of and enforceable by every

28    member of the plaintiff class comprising tens of thousands of inmates. Because the

1  injunction has now been entered in favor of the entire class, the individual circumstances

2  of the named class representatives are not relevant to these proceedings.  Proof of the

3  relevant legal and factual issues will be based on class-wide circumstances.  Plaintiff also

4  objects to the extent that a response to this interrogatory would require disclosure of

5  information protected by the attorney-client privilege, work-product doctrine, or any

6  other applicable privilege.

7  **INTERROGATORY NO. 3:**

8      If the answer to interrogatory no. 2 above is "yes," identify each and every

9  violation of Plaintiff's right to receive adequate medical care by defendants as of the date

10  of his interrogatory.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12      In addition to the General Objections stated above, Plaintiff objects to this

13  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

14  information not relevant to this litigation nor reasonably calculated to lead to the

15  discovery of admissible evidence.  The Court has already entered a stipulated injunction

16  in this action, and that injunction is expressly in favor of and enforceable by every

17  member of the plaintiff class comprising tens of thousands of inmates.  Because the

18  injunction has now been entered in favor of the entire class, the individual circumstances

19  of the named class representatives are not relevant to these proceedings.  Proof of the

20  relevant legal and factual issues will be based on class-wide circumstances.  Plaintiff also

21  objects to the extent that a response to this interrogatory would require disclosure of

22  information protected by the attorney-client privilege, work-product doctrine, or any

23  other applicable privilege.

24  **INTERROGATORY NO. 4:**

25      Identify all documents that relate to Plaintiff's response to interrogatory no. 3

26  above.

27  **RESPONSE TO INTERROGATORY NO. 4:**

28      In addition to the General Objections stated above, Plaintiff objects to this

1    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

2    information not relevant to this litigation nor reasonably calculated to lead to the

3    discovery of admissible evidence.  The Court has already entered a stipulated injunction

4    in this action, and that injunction is expressly in favor of and enforceable by every

5    member of the plaintiff class comprising tens of thousands of inmates.  Because the

6    injunction has now been entered in favor of the entire class, the individual circumstances

7    of the named class representatives are not relevant to these proceedings.  Proof of the

8    relevant legal and factual issues will be based on class-wide circumstances.  Plaintiff also

9    objects to the extent that a response to this interrogatory would require disclosure of

10   information protected by the attorney-client privilege, work-product doctrine, or any

11   other applicable privilege.

12   **INTERROGATORY NO. 5:**

13        If the answer to interrogatory no. 2 above is "yes," does Plaintiff contend that

14   overcrowding is the primary cause of Plaintiff's inability to receive adequate medical

15   care?

16   **RESPONSE TO INTERROGATORY NO. 5:**

17        In addition to the General Objections stated above, Plaintiff objects to this

18   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

19   information not relevant to this litigation nor reasonably calculated to lead to the

20   discovery of admissible evidence.  The Court has already entered a stipulated injunction

21   in this action, and that injunction is expressly in favor of and enforceable by every

22   member of the plaintiff class comprising tens of thousands of inmates.  Because the

23   injunction has now been entered in favor of the entire class, the individual circumstances

24   of the named class representatives are not relevant to these proceedings.  Proof of the

25   relevant legal and factual issues will be based on class-wide circumstances.  Plaintiff also

26   objects to the extent that a response to this interrogatory would require disclosure of

27   information protected by the attorney-client privilege, work-product doctrine, or any

28   other applicable privilege.

1  **INTERROGATORY NO. 6:**

2  　　If the answer to interrogatory no. 5 above is "yes," identify each and every

3  violation of Plaintiff's right to receive adequate medical care by Defendants for which the

4  primary cause of the violation is the size of the CDCR population.

5  **RESPONSE TO INTERROGATORY NO. 6:**

6  　　In addition to the General Objections stated above, Plaintiff objects to this

7  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

8  information not relevant to this litigation nor reasonably calculated to lead to the

9  discovery of admissible evidence. The Court has already entered a stipulated injunction

10  in this action, and that injunction is expressly in favor of and enforceable by every

11  member of the plaintiff class comprising tens of thousands of inmates. Because the

12  injunction has now been entered in favor of the entire class, the individual circumstances

13  of the named class representatives are not relevant to these proceedings. Proof of the

14  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

15  objects to the extent that a response to this interrogatory would require disclosure of

16  information protected by the attorney-client privilege, work-product doctrine, or any

17  other applicable privilege. Plaintiff further objects to the extent that "the size of the

18  CDCR population" is not at issue in this litigation,

19  **INTERROGATORY NO. 7:**

20  　　Identify all documents that relate to Plaintiff's response to interrogatory no. 6

21  above.

22  **RESPONSE TO INTERROGATORY NO. 7:**

23  　　In addition to the General Objections stated above, Plaintiff objects to this

24  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

25  information not relevant to this litigation nor reasonably calculated to lead to the

26  discovery of admissible evidence. The Court has already entered a stipulated injunction

27  in this action, and that injunction is expressly in favor of and enforceable by every

28  member of the plaintiff class comprising tens of thousands of inmates. Because the

1    injunction has now been entered in favor of the entire class, the individual circumstances

2    of the named class representatives are not relevant to these proceedings. Proof of the

3    relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

4    objects to the extent that a response to this interrogatory would require disclosure of

5    information protected by the attorney-client privilege, work-product doctrine, or any

6    other applicable privilege. Plaintiff further objects to the extent that "the size of the

7    CDCR population" is not at issue in this litigation,

8    **INTERROGATORY NO. 8:**

9        Does Plaintiff contend that no other relief, other than prisoner release order, will

10    remedy Plaintiff's failure to receive adequate medical care?

11    **RESPONSE TO INTERROGATORY NO. 8:**

12        In addition to the General Objections stated above, Plaintiff objects to this

13    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

14    information not relevant to this litigation nor reasonably calculated to lead to the

15    discovery of admissible evidence. The Court has already entered a stipulated injunction

16    in this action, and that injunction is expressly in favor of and enforceable by every

17    member of the plaintiff class comprising tens of thousands of inmates. Because the

18    injunction has now been entered in favor of the entire class, the individual circumstances

19    of the named class representatives are not relevant to these proceedings. Proof of the

20    relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

21    objects to the extent that a response to this interrogatory would require disclosure of

22    information protected by the attorney-client privilege, work-product doctrine, or any

23    other applicable privilege. Plaintiff further objects to the interrogatory on the ground that

24    it is vague and ambiguous, to the extent that it fails to limit the timeframe.

25    **INTERROGATORY NO. 9:**

26        If the answer to interrogatory no. 8 above is "yes," state all facts in support of

27    Plaintiff's contention that no other relief, other than a prisoner release order, will remedy

28    Plaintiff's failure to receive adequate medical care.

PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S FIRST SET OF
INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

1    **RESPONSE TO INTERROGATORY NO. 9:**

2         In addition to the General Objections stated above, Plaintiff objects to this

3    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

4    information not relevant to this litigation nor reasonably calculated to lead to the

5    discovery of admissible evidence.  The Court has already entered a stipulated injunction

6    in this action, and that injunction is expressly in favor of and enforceable by every

7    member of the plaintiff class comprising tens of thousands of inmates.  Because the

8    injunction has now been entered in favor of the entire class, the individual circumstances

9    of the named class representatives are not relevant to these proceedings.  Proof of the

10   relevant legal and factual issues will be based on class-wide circumstances.  Plaintiff also

11   objects to the extent that a response to this interrogatory would require disclosure of

12   information protected by the attorney-client privilege, work-product doctrine, or any

13   other applicable privilege.  Plaintiff further objects to the interrogatory on the ground that

14   it is vague and ambiguous, to the extent that it fails to limit the timeframe.

15   **INTERROGATORY NO. 10:**

16        Identify all documents that relate to Plaintiff's response to interrogatory no. 9

17   above.

18   **RESPONSE TO INTERROGATORY NO 10:**

19        In addition to the General Objections stated above, Plaintiff objects to this

20   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

21   information not relevant to this litigation nor reasonably calculated to lead to the

22   discovery of admissible evidence.  The Court has already entered a stipulated injunction

23   in this action, and that injunction is expressly in favor of and enforceable by every

24   member of the plaintiff class comprising tens of thousands of inmates.  Because the

25   injunction has now been entered in favor of the entire class, the individual circumstances

26   of the named class representatives are not relevant to these proceedings.  Proof of the

27   relevant legal and factual issues will be based on class-wide circumstances.  Plaintiff also

28   objects to the extent that a response to this interrogatory would require disclosure of

1    information protected by the attorney-client privilege, work-product doctrine, or any

2    other applicable privilege. Plaintiff further objects to the interrogatory on the ground that

3    it is vague and ambiguous, to the extent that it fails to limit the timeframe.

4    **INTERROGATORY NO. 11:**

5        Has Plaintiff submitted any 602/inmate appeals regarding the provision of medical

6    care from 2001 to the date of this interrogatory?

7    **RESPONSE TO INTERROGATORY NO. 11:**

8        In addition to the General Objections stated above, Plaintiff objects to this

9    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

10    information not relevant to this litigation nor reasonably calculated to lead to the

11    discovery of admissible evidence. The Court has already entered a stipulated injunction

12    in this action, and that injunction is expressly in favor of and enforceable by every

13    member of the plaintiff class comprising tens of thousands of inmates. Because the

14    injunction has now been entered in favor of the entire class, the individual circumstances

15    of the named class representatives are not relevant to these proceedings. Proof of the

16    relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

17    objects to the extent that a response to this interrogatory would require disclosure of

18    information protected by the attorney-client privilege, work-product doctrine, or any

19    other applicable privilege.

20    **INTERROGATORY NO. 12:**

21        If the answer to interrogatory no. 11 above is "yes," identify each and every

22    602/inmate appeal that Plaintiff submitted regarding the provision of medical care from

23    2001 to the date of this interrogatory.

24    **RESPONSE TO INTERROGATORY NO. 12:**

25        In addition to the General Objections stated above, Plaintiff objects to this

26    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

27    information not relevant to this litigation nor reasonably calculated to lead to the

28    discovery of admissible evidence. The Court has already entered a stipulated injunction

1    in this action, and that injunction is expressly in favor of and enforceable by every

2    member of the plaintiff class comprising tens of thousands of inmates. Because the

3    injunction has now been entered in favor of the entire class, the individual circumstances

4    of the named class representatives are not relevant to these proceedings. Proof of the

5    relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

6    objects to the extent that a response to this interrogatory would require disclosure of

7    information protected by the attorney-client privilege, work-product doctrine, or any

8    other applicable privilege.

9    **INTERROGATORY NO. 13:**

10         Identify all documents that relate to Plaintiff's response to interrogatory no. 12

11    above.

12    **RESPONSE TO INTERROGATORY NO. 13:**

13         In addition to the General Objections stated above, Plaintiff objects to this

14    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

15    information not relevant to this litigation nor reasonably calculated to lead to the

16    discovery of admissible evidence. The Court has already entered a stipulated injunction

17    in this action, and that injunction is expressly in favor of and enforceable by every

18    member of the plaintiff class comprising tens of thousands of inmates. Because the

19    injunction has now been entered in favor of the entire class, the individual circumstances

20    of the named class representatives are not relevant to these proceedings. Proof of the

21    relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

22

23

24

25

26

27

28

PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S FIRST SET OF
INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

1   objects to the extent that a response to this interrogatory would require disclosure of

2   information protected by the attorney-client privilege, work-product doctrine, or any

3   other applicable privilege.

4   DATED: November 13, 2007                 PRISON LAW OFFICE

5

6

7   By: _____
                VIBEKE NORGAARD MARTIN
8                 Attorneys for Plaintiffs
                RALPH COLEMAN, et al.
9                 MARCIANO PLATA, et al.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S FIRST SET OF
INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

1

PROOF OF SERVICE

2                  I am over 18 years of age, not a party to this action and employed in the County

3 of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-

4 4067. I am readily familiar with the practice of this office for collection and processing of

5 correspondence for mailing with the United States Postal Service and correspondence is

6 deposited with the United States Postal Service that same day in the ordinary course of business.

7                  Today I served the attached:

8

9 **PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S FIRST SET OF INTERROGATORIES**

10 by causing a true and correct copy of the above to be placed in the United States Mail at San

11 Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

13 ROCHELLE EAST
Deputy Attorney General

14 Office of the Attorney General
455 Golden Gate Avenue, Suite 11000

15 San Francisco, CA 94102

MARTIN J. MAYER
Jones & Mayer
3777 North Harbor Blvd.
Fullerton, CA 92835

16 STEVEEN S. KAUFHOLD

17 Akin Gump Strauss Hauer & Feld LLP
580 California Street, 15th Floor

18 San Francisco, CA 94104-1036

RONALD YANK
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

19 ROD PACHECO
Office of the District Attorney

20 County of Riverside
4075 Main Street, First Floor

21 Riverside, CA 92501

BENJAMIN C. SYBESMA
California Correctional Peace Officers;
Association Legal Department
755 Riverpoint Drive, Suite 200
W. Sacramento, CA 95605

22

23 ANN MILLER RAVEL
Office of the County Counsel
County of Santa Clara

24 70 West Hedding, East Wing, 9th Floor

25 San Jose, CA 95110

STEVEN WOODSIDE
Office of the County Counsel
County of Sonoma
575 Administration Dr., Room 105A
Santa Rosa, CA 95403

26

27

28

PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S FIRST SET OF
INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

1

2   PAUL B. MELLO                          CHARLES ANTONEN
    Deputy Attorney General                Deputy Attorney General
3   Hanson Bridgett Marcus Vlahos & Rudy   Office of the Attorney General
    333 Market Street, 21st Floor          455 Golden Gate, Suite 11000
4   San Francisco, CA 94105                San Francisco, CA 94102-3664

5   STEPHEN SHANE STARK                    DENNIS BUNTING
    Office of the County Counsel           Office of the County Counsel
6   County of Santa Barbara                County of Solano
    105 E. Anapamu Street, Room 201        675 Texas Street, Suite 6600
7   Santa Barbara, CA 93101                Fairfield, CA 94533

8
    MICHAEL MURPHY                         SILVANO B. MARCHESI
9   Office of the County Counsel           Office of the County Counsel
    County of San Mateo                    County of Contra Costa
10  Hall of Justice and Records            651 Pine Street, 9th Floor
    400 County Center, 6th Floor           Martinez, CA 94553
11  Redwood City, CA 94063

12          I declare under penalty of perjury under the laws of the United States of America

13  that the foregoing is true and correct and that this declaration was executed on November 13,

14  2007.

15

16                                          _Rosaleen Doran_

17                                          Rosaleen B. Doran

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF GILBERT AVILES' RESPONSE TO DEFENDANT MICHAEL GENEST'S FIRST SET OF
INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH