# Exhibit B

```
 1 │ BILL LOCKYER, Attorney General
   │ of the State of California
 2 │ PETER J. SIGGINS,
   │ Chief Deputy Attorney General
 3 │ ROBERT R. ANDERSON
   │ Chief Assistant Attorney General
 4 │ PAUL D. GIFFORD
   │ Senior Assistant Attorney General
 5 │ JOHN M. APPELBAUM, SBN 149643
   │ Supervising Deputy Attorney General
 6 │    1300 I Street, Suite 125
   │    P.O. Box 944255
 7 │    Sacramento, CA 94244-2550
   │    Telephone: (916) 445-2389
 8 │    Fax: (916) 324-5205
 9 │ Attorneys for Defendants Davis, Gage, Presley,
   │ Alameida, and Pickett
10 │ CA2001CS0001
```



FILED
FEB 4 2002
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUN 1 3 2002
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DOCKETED
JUN 1 9 2002
By L. ROWBAL
No. _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GRAY DAVIS, et al.<br><br>Defendants. | No. C-01-1351 TEH<br><br>**STIPULATION FOR INJUNCTIVE RELIEF** |
|---|---|

### INTRODUCTION

1. The parties enter into this stipulation to address issues pertaining to medical care services provided by the California Department of Corrections (CDC). The plaintiffs are California state prisoners who have serious medical needs. The defendants include the Governor, Director of Finance, Youth and Adult Correctional Agency Secretary, Director of Corrections, and Deputy Director, Health Care Services Division, and are sued in their official and individual capacities as state officials responsible for the operation of the CDC and its health care delivery system.

2. This action was filed by plaintiffs on April 5, 2001, and an amended



1

complaint was filed on August 20, 2001. The action alleges that plaintiffs are not receiving constitutionally adequate medical care as required by the Eighth Amendment to the U.S. Constitution and that defendants are not complying with the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act.

3. The parties have conducted informal negotiations since July 1999, in an effort to resolve plaintiffs' demand that medical services be improved. Those negotiations have been undertaken at arm's length and in good faith between plaintiffs' counsel and high ranking state officials and their counsel. The parties have reached agreement on procedures that the parties will follow in this case for resolving disputes concerning the constitutional adequacy of medical services. The parties freely, voluntarily, and knowingly with the advice of counsel enter into this Stipulation for that purpose.

WHEREAS, a dispute exists between the parties as to the extent to which CDC's provision of inmate-medical care meets constitutionally-mandated minimum standards;

WHEREAS, this dispute arose over the course of the last fifteen years, and culminated in plaintiffs filing this statewide-medical class action;

WHEREAS, the Governor of the State of California over the past three years has allocated substantial new resources to improve the medical system and is committed to continuing the improvements to meet applicable standards;

WHEREAS, this stipulation is intended to be narrowly drawn to meet those applicable standards.

A. Terms and Conditions

4. The CDC shall implement Health Care Services Division Policies and Procedures (Policies and Procedures), to be filed with the Court on February 15, 2002. Defendants shall make all reasonable efforts to secure the funding necessary to implement the Policies and Procedures. The Policies and Procedures are designed to meet or exceed

2

the minimum level of care necessary to fulfill the defendants' obligation to plaintiffs under the Eighth Amendment of the United States Constitution. It is the intent of this Stipulation to require defendants to provide only the minimum level of medical care required under the Eighth Amendment. Nothing in this stipulation shall be construed to require more of the defendants than is necessary to enforce the Eighth Amendment of the United States Constitution. Any disputes as to whether defendants' Policies and Procedures and the Audit Instrument will satisfy their obligations under the Eighth Amendment shall be resolved pursuant to the dispute resolution procedures set forth in ¶¶ 26-28

5. The CDC shall implement the Policies and Procedures at each prison pursuant to the following schedule, which may be rearranged for the purpose of grouping or clustering improvements pursuant to ¶ 24 below:

Calendar Year[1] 2003:    Northern California Women's Facility, Valley State Prison for Women, California State Prison - Corcoran; High Desert State Prison, California State Prison - Sacramento, and Salinas Valley State Prison.[2]

Calendar Year 2004:    California Correctional Institution, Mule Creek State Prison, San Quentin State Prison, Substance Abuse Treatment Facility, and California State Prison - Solano.

Calendar Year 2005:    Centinela State Prison, California Institute for Men, California Men's Colony, California Medical Facility, and North Kern State Prison - II (Delano II).

Calendar Year 2006:    California Rehabilitation Center, Deuel Vocational Center, Folsom State Prison, California State Prison - Los Angeles County, and Pleasant Valley State Prison.

---

1. The Calendar Year begins on January 1st and ends on December 31st.

2. If, pursuant to ¶ 8, below, the district court determines that prisoners at the California Institution for Women and the Central California Women's Facility are part of the plaintiff class, the Policies and Procedures shall be implemented at these prisons in Calendar Year 2003.

3

Stipulation For Injunctive Relief    C-01-1351 TEH

| | | |
|---|---|---|
| Calendar Year 2007: | | California Correctional Center, Calipatria State Prison, Chuckawalla Valley State Prison, North Kern State Prison, and Richard J. Donovan Correctional Facility. |
| Calendar Year 2008: | | Avenal State Prison, Correctional Training Facility, Ironwood State Prison, Sierra Conservation Center, and California State Prison - Wasco. |

Prior to Calendar Year 2003, CDC shall initiate appropriate hiring procedures to hire medical staff for employment beginning January 1st.

6. Beginning January 1, 2003 defendants shall implement the following practices or procedures at each institution:

    a. Registered Nurses shall staff the emergency clinics 24 hours per day every day.

    b. Inter-institution transfers shall occur pursuant to the protocol established in the Policies and Procedures.

    c. Treatment protocols set forth in the Policies and Procedures will be implemented at all institutions subject to the availability of additional resources.

    d. A priority ducat system consistent with CDC regulations shall be instituted.

    e. Outpatient special diets will be available for patients with liver and kidney end-stage organ failure.

7. The parties understand and agree that the 602/inmate-grievance procedure is an integral part of the provision of essential medical care and is integrated into the Policies and Procedures. Accordingly, the parties agree that, in the first instance, all complaints regarding medical care to an individual inmate, except those requiring urgent medical care, shall be submitted to defendants after utilizing the inmate grievance procedure. If after the appeal has reached the third director's level of review and all administrative relief has been exhausted, or the CDC has not responded to the inmate's appeal within 30 days at the Director's level of review and plaintiffs contend that the grievance process has failed to adequately address the problem, plaintiffs may bring the

medical care concern to the attention of defense counsel, who shall respond in writing within 30 days. Plaintiffs' counsel may also contact the Chief Medical Officers at the institutions to inquire about the care furnished to particular inmates on a monthly basis. Defendants' counsel shall be notified about such contacts.

8. The parties agree that this action shall be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure and that the class consists of all prisoners in the custody of the CDC with serious medical needs, except those incarcerated at Pelican Bay State Prison. The parties disagree about whether prisoners incarcerated at the California Institution for Women (CIW) and the Central California Women's Facility (CCWF), previously litigated in a class action entitled *Shumate v. Wilson* (E.D. Cal.) CIV S-95-0619 WBS JFM P, should be members of the class. To resolve this dispute defendants shall move within sixty days after this Stipulation is approved by the Court for an order determining whether prisoners at CCWF and CIW should be excluded from the class on the sole ground that they are not similarly situated to plaintiffs because of the previously litigated class action entitled. The motion will not otherwise alter the burden of proof under Rule 23 or create a presumption concerning their inclusion.

### B. Access to Information

9. Subject to the limitations set forth in this Stipulation, plaintiffs' counsel and the experts shall have reasonable access to the institutions, staff, inmates and documents necessary to properly evaluate the adequacy of the medical care delivery system and the proposed remedies therefor, including the Policies and Procedures and the Audit Instrument, the schedule and other items required by this Stipulation. The parties shall cooperate so that plaintiffs' counsel and the experts have reasonable access to information reasonably necessary to perform their responsibilities required by this Stipulation without unduly burdening defendants.

5

10. Plaintiffs' counsel and defendants shall negotiate a discovery plan for informal discovery that shall provide to plaintiffs' counsel information from the Department of Corrections' headquarters and from individual institutions about the medical services available to members of the plaintiffs' class, the adequacy of any remedial measures proposed or undertaken by defendants, and defendants' compliance with this Stipulation. Periodic monthly meetings will be scheduled between defendants' and plaintiffs' counsel to discuss stipulation implementation and access to information.

11. The discovery plan shall include, but not be limited to, access to the following documents and other material subject to a protective order agreed to by the parties:

    **a.** The complete medical files of members of the plaintiff class as reasonably necessary;

    **b.** Internal reviews and audits of the medical services provided to members of the plaintiffs' class, including QMAT and 602 survey;

    **c.** Non-privileged documents that relate to the amount budgeted for providing medical care to prisoners. No documents reflecting the budget for any particular upcoming budget year shall be discoverable until after the release of the Governor's Budget. This is not intended to prohibit the production of policy and planning documents.

    **d.** Documents maintained at individual institutions and memoranda transmitted to CDC headquarters from individual institutions that are reasonably relevant to assessing defendants' compliance, including but not limited to;

        (1) All audits of medical care,

        (2) Emergency Response Drill Reports,

        (3) Summary of Emergency Responses,

        (4) Medical Staff Vacancy Reports,

        (5) Medical Staff Training Statistics,

        (6) Inter-institution Transfer Log for medical transfers,

          (7) Key indicator reports as are available,

          (8) Medical related inmate appeals (602's) and responses, and

          (9) Medical Log Books

    e. Plaintiffs shall not have access to personnel files.

    f. The parties have been unable to agree on whether plaintiffs must be provided with the minutes of continuous quality improvement meetings, including attachments, and death reviews, utilization management data logs, and other peer review documents. The parties agree the Court will decide this issue.

    g. Plaintiffs' counsel shall be given access to CDC training related to implementation of this Stipulation for the first year that any such training is offered on any medical topic.

12. Plaintiffs' counsel and their medical consultants shall have the opportunity to conduct no more than one tour at an institution per calendar quarter, with a maximum of 40 tours in total for all institutions each calendar year. Tours shall be scheduled in a manner consistent with the requirements of this Stipulation and generally in accordance with the priorities established by the schedule promulgated pursuant to ¶ 5. Plaintiffs' counsel may resume tours based upon a finding of substantial noncompliance pursuant to ¶ 15.

13. Tours by plaintiffs' counsel shall include reasonable access to housing units and all facilities where medical services are provided. Defendants shall make reasonable efforts to make available for interview departmental, custodial, clinical and program staff that have direct or indirect responsibility for providing medical services to class members. Defendants shall direct institution staff to reasonably cooperate with plaintiffs' counsel and the experts in obtaining the necessary information. Plaintiffs' counsel shall be able to have reasonable brief discussions with inmates during the tours and shall be able to provide business cards with their name and address for distribution to specified individual inmates. Defendants will also continuously post notices informing

all inmates at each institution that complaints regarding the provision of medical care may be sent to counsel for the plaintiff class in this case. Defendants also shall provide plaintiffs' counsel reasonable access to confidential interviews with inmates before or after the tours, during regular business hours without regard to regular visiting hours and days. Upon a request by plaintiffs' counsel at least two weeks prior to the tour, defendants shall make available for inspection and/or copying the medical files of specified inmates. If the need arises within one week prior to the tour, plaintiffs counsel may designate additional medical files for inspection and/or copying.

14. If any party fails to make himself or herself, an employee, or an agent reasonably available for interview and the parties agree, the other party may depose the party, the employee, or agent who has not been made available. If the parties are unable to agree, the court may order such deposition of the party, employee, or agent if such deposition is reasonably necessary to the conduct of the litigation.

15. Plaintiffs' counsel and their medical consultants will cease tours at an institution after a particular institution has been found to be in substantial compliance as set forth in ¶ 22, below. Tours may resume at a particular institution if the experts find, or in the event a party disagrees with the experts, the Court finds there has not been substantial compliance on the part of defendants, provided that such tours shall be limited to the issue or components not found to be in substantial compliance. Non-compliance may be corrected by substantial compliance with the existing Policies and Procedures or by modifying the Policies, Procedures and Audit Instrument pursuant to ¶ 24 and complying with the Policies and Procedures as modified. Any disputes about whether an institution is in substantial compliance shall be resolved pursuant to the procedures set forth in ¶¶ 26-28, below.

C. Independent Court Experts

16. The parties agree to jointly request that the Court appoint experts pursuant to Federal Rules of Evidence, Rule 706 to advise the Court on the adequacy and

8

implementation of defendants' Policies and Procedures and any other matter that appropriately may be the subject of the experts' testimony. The parties shall propose to the Court that the experts' duties specified in Exhibit A shall be provided to the experts pursuant to Rule 706(a). The experts shall be entitled to reasonable compensation in an amount approved by the Court and the costs for each expert shall be borne by defendants.

17. The parties agree that the Court should appoint Joe Goldenson, M.D., Michael Puisis and Maddie LaMarre as Rule 706 experts. In the event that any of these experts can no longer serve, the parties shall attempt to agree on a replacement(s) within 30 days. In the event the parties cannot agree, they shall nominate experts in accordance with Rule 706 of the Federal Rules of Evidence. The parties understand and agree that the court may appoint a mutually agreeable fourth expert in the future. In the event that the parties are unable to agree on a fourth expert, the court may appoint a fourth expert in accordance with Rule 706 of the Federal Rules of Evidence.

18. With reasonable notice and subject to the limitations set forth in this Stipulation, the Court experts shall have reasonable access to all parts of any institution, all relevant documents, all individuals (including unprivileged interviews with staff or inmates), medical meetings, proceedings and programs to the extent that such access is reasonably needed to fulfill his or her obligations. If both parties agree, the court experts may hire additional personnel, at defendants' expense, to assist them in performing their duties. If both parties cannot agree, the court may authorize the hiring of additional personnel, at defendants' expense, upon a showing by the court experts that such additional personnel are reasonably necessary to the performance of their duties.

### D. Compliance

19. Defendants shall audit each prison's compliance with the Policies and Procedures consistent with the schedule set forth in ¶ 5, above.

20. Compliance with the Policies and Procedures shall be audited by using an Audit Instrument which will be filed on February 15, 2002. This Audit Instrument

9

will be developed by the CDC in consultation with the independent court experts and plaintiffs' counsel. The parties recognize that this instrument has not been tested and may need to be modified to properly reflect the degree of actual compliance. No later than January 15, 2004, the parties and the independent court experts shall meet and confer about the need to modify the audit instrument. If all parties agree, the instrument shall be modified. Any dispute about the need for modification shall be resolved pursuant to paragraph 18 of the Stipulation for Injunctive Relief.

**21.**   The audit shall be conducted as follows:

a. No less than 180 Unit Health Records will be reviewed.

b. The records shall be selected at random, but the selection shall be stratified so that each category in the audit instrument is adequately represented.

c. If defendants disagree with the appropriateness of an expert's answer to any question(s) in the audit instrument relating to the quality of medical care, the question(s) shall be reviewed by both expert physicians and shall only count against compliance if both experts agree.

**22.** A prison is in substantial compliance when all of the following conditions are satisfied:

a. The prison receives a score of 85% or higher on an audit conducted by the Court experts of the implementation of the Policies and Procedures using the Audit Instrument identified in ¶ 20. No score less than 85% shall be considered to satisfy this requirement, except that the experts shall have the discretion to find a prison providing adequate medical care in compliance if it achieves a score of no less than 75%. The score shall be calculated by averaging all of the indicators in the audit instrument.

10

  b. In determining substantial compliance, the experts will have to ascertain whether medical assessments or treatment plans provided to inmates comply with the Policies and Procedures. The medical assessment or treatment plan provided to the inmate shall be deemed adequate and appropriate under these policies and procedures only under any one of the following conditions:

   (1) The assessment or treatment plan is consistent with guidelines specifically adopted in the policies and procedures; or

   (2) The practitioner documents in the medical notes that he/she is deviating from adopted policies and procedures and that such deviation is consistent with the community standard; or

   (3) Where no treatment guidelines are specifically adopted in these policies and procedures, the assessment or plan is consistent with the community standard.[3]

In those instances in which a court expert finds that an assessment or treatment plan does not comply with community standards, defendants may request that the question(s) be reviewed by both expert physicians and shall only count against compliance if both experts agree.

  c. The prison is conducting minimally adequate death reviews and quality management proceedings.

---

3. As it is used here and throughout the policies and procedures, the phrase "community standard" means the standard of care imposed under the laws of the State of California upon health care providers licensed to practice in California.

11

       d.    The prison generally has tracking, scheduling and medication administration systems adequately in place.

       e.    At least two experts have not concluded that there is a pattern or practice that is likely to result in serious problems and those problems are not being adequately addressed.

**23.** Defendants shall notify plaintiffs and the court experts in writing when they believe an institution has achieved substantial compliance. Within 60 days of such notification, the experts shall conduct an audit to determine substantial compliance. If the experts find substantial compliance, the experts shall return a year later, or as soon thereafter as possible, to determine whether the institution has maintained substantial compliance.

### E. Modification

**24.** Defendants may modify the Policies and Procedures, and the Audit Instrument at any time, provided that as modified the Policies and Procedures and the Audit Instrument will meet or exceed the minimum level of care necessary to fulfill defendants' obligation to plaintiffs under the Eighth Amendment of the United States Constitution. Defendants will provide plaintiffs' attorneys with a copy of the original Policies and Procedures or the Audit Instrument, the modified version and a strikeout version with the changes at least 30 days prior to implementation. In an emergency or when such delay will adversely affect the provision of medical care, notice will be provided as soon as possible, but no later than the date the policy is implemented. If the plaintiffs determine that the modifications conflict with any of the provisions of this Stipulation, they shall cooperate with the defendants to reconcile the conflict. Any disputes about whether the modifications will satisfy defendants' obligations under the Eighth Amendment shall be resolved pursuant to the dispute resolution procedures set forth in ¶¶ 26-28.

25. Plaintiffs also may seek to modify the Policies and Procedures and the Audit Instrument at any time to secure the minimum level of medical care necessary to fulfill the defendants' obligation to plaintiffs under the Eighth Amendment of the United States Constitution. Plaintiffs must submit the proposed modification to defendants. Any disputes as to whether defendants' Policies and Procedures, and the Audit Instrument must be modified to satisfy their obligations under the Eighth Amendment shall be resolved pursuant to the dispute resolution provisions set forth in ¶¶ 26-28.

### F. Dispute Resolution

26. If plaintiffs contend that the Policies, Procedures and Audit Instrument, as written or as modified, or any component thereof will not provide for the minimum level of medical care necessary to fulfill the defendants' obligations to plaintiffs under the Eighth Amendment of the United States Constitution, plaintiffs shall provide defendants with a brief description of the perceived deficiencies and a request that the parties enter into negotiations to resolve the question as to whether defendants' Policies, Procedures and Audit Instrument satisfies the minimum requirements of the Eighth Amendment. Upon receipt of plaintiffs' request for negotiations, any party may inform the Court's experts of the area of disagreement and request that the experts evaluate the issue and prepare a report.

27. At the option of any party, the parties shall conduct negotiations on any issue in dispute. Such negotiations may include the Court's experts, and a person satisfactory to the parties may at the election of either party, mediate any unresolved issues. If the parties cannot agree on a mediator, the administrator of a private dispute resolution service, such as JAMS will choose a mediator. Defendants shall pay the cost of any private mediator. The substance of the mediation and any statements made by a party, an employee of a party, or an agent of a party are confidential and not admissible in any subsequent proceeding. The Experts' report(s) shall be admissible as evidence at the request of any party in any judicial proceeding in this case.

13

28. If the process set forth in the preceding paragraph fails to resolve the issue of whether defendants' Policies and Procedures and Audit Instrument, either as written or as modified, provides for a level of medical care sufficient to meet the minimum requirements of the Eighth Amendment of the United States Constitution, either party shall have the option of seeking relief from the Court. If the court determines that defendants' Policies and Procedures and the Audit Instrument either as written or as modified, does not provide a level of medical care sufficient to meet the minimum requirements of the Eighth Amendment of the United States Constitution, the Court may grant relief as authorized under the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a), which provides, in pertinent part: "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### G. Enforcement

29. The Court shall find that this Stipulation satisfies the requirements of 18 U.S.C. § 3626(a)(1)(A) and shall retain jurisdiction to enforce its terms. The Court shall have the power to enforce the Stipulation through specific performance and all other remedies permitted by law. Neither the fact of this stipulation nor any statements contained herein may be used in any other case or administrative proceeding, except defendants, CDC, or employees thereof reserve the right to use this Stipulation and the language herein to assert issue preclusion and res judicata in other litigation seeking class or systemic relief. When these legal defenses are raised, defendants will send copies of such complaints to plaintiffs' counsel at the Prison Law Office.

30. If plaintiffs believe that defendants are not complying with some or all of the Stipulation, or any of the acts required by the Policies and Procedures produced pursuant to Stipulation, they shall notify defendants of the perceived problems. Defendants shall investigate the allegations and respond within 30 calendar days. If

14

plaintiffs are not satisfied with defendants' response, the parties shall conduct negotiations to resolve the issue. The negotiations may include the Court's experts, and a person satisfactory to the parties may at the election of either party, mediate any unresolved issues. If the parties cannot agree on a mediator, the administrator of a private dispute resolution service, such as JAMS, will choose a mediator. Defendants shall pay the cost of any private mediator. The substance of the mediation and any statements made by a party, an employee of a party, or an agent of a party shall be confidential and not admissible in any subsequent proceeding. The Experts' report(s) shall be admissible as evidence at the request of either party in any judicial proceeding in this case. If the parties are unable to resolve the issue by negotiation or mediation, the court shall determine whether defendants are substantially complying with some or all of the Stipulation, or any of the acts required by the Policies and Procedures.

### H. Termination

31. Notwithstanding the Prison Litigation Reform Act or any other law, defendants may move to vacate this Stipulation and dismiss the case on the ground that each institution subject to this stipulation has been found to be in substantial compliance under ¶¶ 22-23. Non-compliance may be corrected by compliance with the existing Policies and Procedures or by modifying the Policies and Procedures pursuant to ¶ 24 and complying with the Policies and Procedures as modified. The parties shall attempt to negotiate any disputes about defendants' compliance pursuant to ¶¶ 26-28, and either party may invoke the enforcement process set forth in ¶ 29-30. The final determination of such a dispute shall rest with the Court.

### I. Attorneys Fees and Costs

32. Plaintiffs may apply for reasonable attorney's fees to which they are entitled. Defendants shall pay plaintiffs for 90% of the work performed in connection with this Stipulation at hourly rates set forth under the PLRA, 42 USC § 1997e(d).

15

Defendants shall pay plaintiffs for 10% of the work performed in connection with this Stipulation at hourly rates set forth under the ADA and §504 of the Rehabilitation Act.

### J. Construction of Stipulation.

33. This Stipulation reflects the entire agreement of the parties and supersedes any prior written or oral agreements between them. No extrinsic evidence whatsoever may be introduced in any judicial proceeding to provide the meaning or construction of this Stipulation. Any modification to the terms of this Stipulation must be in writing and be signed by a representative of the Department of Corrections and attorneys for the plaintiffs to be effective or enforceable.

34. This Stipulation shall be governed by and be construed according to California law. The parties waive any common law or statutory rule of construction that ambiguity should be construed against the drafter of this Stipulation, and agree that the language in all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning.

35. This Stipulation shall be valid and binding upon, and faithfully kept, observed, performed and be enforceable by and against the parties, their successors and assigns and the plaintiff class.

36. The obligations governed by this Stipulation are severable. If for any reason a part of this Stipulation is determined to be invalid or unenforceable, such a determination shall not affect the remainder.

//
//
//
//
//
//
//

37. The waiver by one party of any provision or breach of this Stipulation shall not be deemed a waiver of any other provision or breach of this Stipulation.

**IT IS SO STIPULATED AND AGREED.**

Dated: 1-25-02

DONALD SPECTER
Attorney for plaintiffs

Dated: 1-2-02

ROBERT PRESLEY
Secretary for the Youth and Adult Correctional Agency

Dated: 1/2/02

EDWARD S. ALAMEIDA, JR.
Director, California Department of Corrections

Dated: 1·2·02

PETER J. SIGGINS
Chief Deputy Attorney General
Attorney for Defendants Davis and Gage

17

Stipulation For Injunctive Relief

C-01-1351 TEH

1  Dated: 1·2·02

BILL LOCKYER, Attorney General
of the State of California
PETER J. SIGGINS, Chief
Deputy Attorney General
ROBERT R. ANDERSON, Chief
Assistant Attorney General
PAUL D. GIFFORD, Senior
Assistant Attorney General

*[signature]*

PETER J. SIGGINS
Chief Deputy Attorney General

Attorneys for Defendants Davis, Gage, Presley, Alameida, and Pickett

**THE COURT SO FINDS AND IT IS SO ORDERED.**

Dated: 6/13/02

*[signature]*
THELTON E. HENDERSON
United States District Judge

18

Stipulation For Injunctive Relief                          C-01-1351 TEH

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   MARCIANO PLATA, et al. v. GRAY DAVIS, et al.

No.:   USDC-Northern District, C-01-1351 TEH

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 21, 2002**, I served the attached **ORDER APPROVING STIPULATION FOR INJUNCTIVE RELIEF FILED JUNE 13, 2002** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550, addressed as follows:

**DONALD SPECTER**
**STEVEN FAMA**
**Prison Law Office**
**General Delivery**
**San Quentin, CA 94964-0001**

**WARREN E. GEORGE**
**McCutchen, Doyle, Brown & Enersen**
**Three Embarcadero Center**
**San Francisco, CA 94111-4066**

**CAROLINE MITCHELL**
**Pillsbury Winthrop**
**50 Fremont Street**
**San Francisco, CA 94105**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 21, 2002**, at Sacramento, California.

|                     |           |
| ------------------- | --------- |
| C. Bain             |           |
| Declarant           | Signature |