EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
CHARLES J. ANTONEN, SBN 221207
SAMANTHA D. TAMA, SBN 240280
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5708
 Fax: (415) 703-5843
 Email: Samantha.Tama@doj.ca.gov
        Rochelle.East@doj.ca.gov
        Charles.Antonen@doj.ca.gov

HANSON BRIDGETT MARCUS VLAHOS
& RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　Defendants. | No. C 01-1351 TEH<br><br>**DECLARATION OF SAMANTHA TAMA IN SUPPORT OF THE PARTIES' JOINT STATEMENT REGARDING DISCOVERY DISPUTES** |

Decl. S. Tama Supp. Joint Stmt. re Discovery Disputes　　　　　　　　　　　　　　　　Case Nos. C 01-1351 & 2:90-cv-00520

1

I, Samantha Tama, declare as follows:

1. I am a Deputy Attorney General in the California Attorney General's Office, counsel of record for Defendants in this matter. I am competent to testify to the matter set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of the parties' joint statement regarding discovery disputes.

2. During a conference call with *Plata* Plaintiffs' counsel from the Prison Law Office and *Coleman* Plaintiffs' counsel at Rosen, Bien & Galvan on October 15, 2007, counsel for Defendants first made Plaintiffs' counsel aware that Defendants intended to notice the depositions of the *Plata* and *Coleman* Plaintiff class representatives.

3. On October 23, 2007, Defendants personally served counsel for *Plata* Plaintiffs with Defendant Genest's first set of interrogatories and requests for production of documents. These discovery requests were directed at the ten named *Plata* class representatives.

4. On October 30, 2007, I emailed a proposed joint stipulation granting Defendants leave under Federal Rule of Civil Procedure 30(a)(2) to take the Plaintiff class representatives' depositions in *Plata* and *Coleman*. Attached as Exhibit A is a true and correct copy of my October 30, 2007 email to counsel for Plaintiffs.

5. On November 1, 2007, counsel for *Plata* Plaintiffs, Vibeke Martin, emailed Defense counsel regarding verification of Plaintiffs' responses to Defendants Schwarzenegger and Tilton's first set of interrogatories. Ms. Martin requested that Defendants permit Plaintiffs' counsel to either (1) sign the verifications without obtaining her clients' signatures and not be subject to deposition by Defendants, or (2) return verifications from Plaintiffs after their discovery responses are due. In the spirit of cooperation, Defendants agreed to grant Plaintiffs a two week extension to provide Defendants with the necessary verifications. Attached as Exhibit B is a true and correct copy of Ms. Martin's November 1, 2007 email regarding interrogatory verifications.

6. On November 2, 2007, counsel for Plaintiffs in *Coleman*, Sarah Laubach, responded to my October 30, 2007 email regarding a proposed joint stipulation. Ms. Laubach requested that language be added into the joint stipulation that reserved the rights of Plaintiffs to

object to any particular deposition notice. Attached as Exhibit C is a true and correct copy of Ms. Laubach's November 2, 2007 email.

7. On November 6, 2007, I emailed Ms. Laubach and informed her that I incorporated her proposed changes into a revised joint stipulation. Mr. Bien responded to my email on the same day, agreeing to the terms of the joint stipulation. After confirming that all parties – including counsel for the *Plata* Plaintiffs – agreed to the terms of the joint stipulation, I filed the stipulation with this Court on November 7, 2007. The stipulation read, in pertinent part, that "[d]epositions may be taken of persons confined in prison" This Court signed the joint stipulation the following day, on November 8, 2007. (*See* Docket No. 2508.) Attached as Exhibit D is a true and correct copy of my November 6, 2007 email to Ms. Laubach. Attached as Exhibit E is a courtesy copy of the parties' joint stipulation order granting Defendants leave under Federal Rule of Civil Procedure 30(a)(2).

8. On November 7, 2007, Defendants served Plaintiffs with deposition notices for four named *Plata* Plaintiff class representatives: Marcial Plata, Ray Stoderd, Leslie Rhoades, and Paul Decasas. On November 16, 2007, Defendants served Plaintiffs with one deposition notice for the only remaining *Coleman* class representative: Ralph Coleman. The depositions were scheduled to occur as follows: Marcial Plata and Paul Decasas on December 13, 2007, and Ray Stoderd and Leslie Rhoades on November 27, 2007, and Ralph Coleman on December 5, 2007.

9. Having learned that *Plata* class representative Paul Decasas paroled from prison at the end of October 2007, Defendants served Plaintiffs' counsel with an amended deposition notice on November 14, 2007. I also emailed Plaintiffs' counsel with a courtesy copy of the amended deposition notice on November 14, 2007. Defendants rescheduled Mr. Decasas' deposition to take place at the Office of the Attorney General, located in San Francisco, California, on November 29, 2007.

9. Also on November 14, 2007, I received an email from *Plata* Plaintiffs' counsel, Alison Hardy, regarding the depositions of the *Plata* class representatives. In her email, Ms. Hardy asked that Defendants provide copies of the medical files for each of the class representatives that Defendants sought to depose. Ms. Hardy also requested that Defendants

Decl. S. Tama Supp. Joint Stmt. re Discovery Disputes    Case Nos. C 01-1351 & 2:90-cv-00520

3

agree to move the depositions scheduled to occur on November 27, 2007. Attached as Exhibit F is a true and correct copy of Ms. Hardy's November 14, 2007 email.

10. Endeavoring to cooperate with Plaintiffs' counsel, Defendants agreed to permit Plaintiffs to arrange to send a copy service to the relevant institutions to copy the Plaintiff class representatives' medical files, despite the fact that these files are equally available to Plaintiffs. Defendants also agreed to move three of the four *Plata* depositions to dates that were requested by Plaintiffs' counsel. Attached as Exhibit G is a true and correct copy of a November 15, 2007 email from Defendants' counsel, Paul Mello, to Ms. Hardy, explaining that Defendants are willing to work with Plaintiffs' counsel in rescheduling the depositions and that Plaintiffs may arrange a copy service to copy the Plaintiff class members' files. Attached as Exhibit H is Ms. Hardy's response, via email, in which she states that she would like to reschedule the depositions of Ray Stoderd, Leslie Rhoades, and Paul Decasas.

11. On November 16, 2007, Ms. Hardy emailed counsel for Defendants an additional meet-and-confer letter regarding Defendants' discovery requests on Plaintiff class representatives. In her letter, Ms. Hardy stated that she wished to "discuss the specific relevance of a deposition of Mr. DeCasas as related to Phase I issues . . . (and) why you seek discovery, including requests for production, interrogatories, and/or depositions of all other Plata class representatives." Attached as Exhibit I is a true and correct copy of Ms. Hardy's November 16, 2007 letter.

12. On November 19, 2007, counsel for the *Coleman* Plaintiffs, Michael Bien, joined in the objections outlined in Ms. Hardy's November 16, 2007 letter. Attached as Exhibit J is a true and correct copy of Mr. Bien's November 19, 2007 email regarding Ralph Coleman's deposition.

13. Defendants responded by email on November 19, 2007, to Ms. Hardy's November 16, 2007 letter regarding Defendants' discovery relating to the *Plata* class representatives. In this November 19, 2007 email, counsel for Defendants agreed to withdraw the written discovery propounded on two class representatives who had paroled in 2005. Although Defendants stated that they believe that the class representatives have relevant

Decl. S. Tama Supp. Joint Stmt. re Discovery Disputes    Case Nos. C 01-1351 & 2:90-cv-00520

4

1 information regarding their medical care while incarcerated, in a good faith attempt to resolve
2 discovery issues, Defendants agreed to withdraw those requests. Defendants did not, however,
3 agree to withdraw the written discovery and deposition notices that were served on the other
4 class representatives.

5 Specifically with regard to the discovery served on Mr. Decasas, Defendants explained
6 that he was paroled only very recently and is thus in the position to provide relevant testimony
7 regarding the medical care and treatment that he received while in custody, and the impact, if
8 any, of overcrowding upon that care and treatment. Because these topics are very clearly
9 relevant to Phase I issues, Defendants denied Ms. Hardy's request that Defendants withdraw
10 written discovery and depositions on certain named *Plata* class representatives. Defendants also
11 proposed an alternative date for Mr. Decasas' deposition, December 5, 2007, because Ms. Hardy
12 had previously stated that she would be unable to prepare him in time for his November 29, 2007
13 deposition. Attached as Exhibit K is a true and correct copy of this November 19, 2007 email
14 from Mr. Mello to Ms. Hardy.

15    14.    Also on November 19, 2007, I continued to work with Ms. Hardy to
16 accommodate her request that she receive her clients' medical files in advance of their scheduled
17 depositions. I ensured that the various institutions were able to accommodate her request that a
18 copy service be sent and copy her clients' files. I also located Mr. Decasas' medical file at a
19 California Department of Corrections and Rehabilitation (CDCR) storage facility where it had
20 been sent following his parole. I worked with Ms. Hardy and the CDCR file storage facility to
21 ensure that Ms. Hardy would receive the file as quickly as possible. To that end, I sent a
22 supervisor at the CDCR facility a letter requesting an expedited copy of Mr. Decasas' file; had
23 Ms. Hardy arranged for a copy service to copy the file, it would have taken longer due to
24 security clearance issues.

25    15.    In the evening of November 19, 2007, at approximately 5:00 p.m., Plaintiffs'
26 counsel, including Ms. Martin, called *Coleman* Defendants' counsel, Lisa Tillman, to inform her
27 that Plaintiffs wanted to call Haven Gracey, clerk to Magistrate Moulds, at that moment to seek a
28 protective order regarding all Plaintiff class member depositions. This was the first time that

Defendants were made aware that Plaintiffs would seek to prevent the class member depositions, and this was prior to any meet and confer efforts between the parties on this specific topic. Ms. Tillman requested that the parties meet and confer the following morning, November 20, 2007, so that the attorneys who had been arranging and coordinating the depositions with Plaintiffs' counsel – Paul Mello and myself – be able to participate in the telephone conversation.

16. It was not until the following morning, on November 20, 2007, that Plaintiffs first informed Defendants' counsel that their protective order would also include all written discovery that Defendants propounded on the Plaintiff class representatives, despite the fact that Defendants served Plaintiffs with the written discovery requests nearly one month prior, on October 23, 2007, and that Plaintiffs had already responded to Defendants' discovery requests. Plaintiffs had many opportunities to alert Defendants to the fact that they may seek a protective order given the numerous meet and confer conversations between the parties since this proceeding began. But Plaintiffs chose to wait until one week before Defendants had first scheduled two *Plata* Plaintiff class representatives' depositions before raising this issue, and one week after they served Defendants with their responses to Defendant Genest's first set of interrogatories and requests for production of documents.

17. Defendants' first attempt to meet and confer with Plaintiffs regarding their wholly inadequate responses to Defendant Genest's first set of interrogatories served on the Plaintiff class representatives occurred the morning of November 20, 2007, prior to the telephonic meet and confer discussion later that morning. Counsel for *Plata* Defendants, Paul Mello, sent Plaintiffs' counsel an email outlining all deficiencies in Plaintiffs' responses to Defendants' interrogatories, including the fact that not a single interrogatory contained a substantive response, and not one document was produced. Defendants even limited the responsive time period in two of Defendants' interrogatories an a good faith attempt at meeting and conferring. However, an hour later during the parties' telephonic meet and confer discussion regarding the class member depositions, Plaintiffs informed Defendants that they would include written discovery in their motion for a protective order. A true and correct copy of Mr. Mello's November 20, 2007 meet and confer email to Plaintiffs' counsel is attached as Exhibit L. A true

Decl. S. Tama Supp. Joint Stmt. re Discovery Disputes   Case Nos. C 01-1351 & 2:90-cv-00520

6

1  and correct copy of Plaintiff class representative Marcial Plata's responses to Defendant
2  Genest's first set of interrogatories is attached as Exhibit M.[1/] A true and correct copy of
3  Plaintiff class representative Marcial Plata's responses to Defendant Genest's first request for
4  production of documents is attached as Exhibit N.

6        I declare under penalty of perjury that the foregoing is true and correct to the best of my
7  knowledge. Executed in San Francisco, California, on November 25, 2007.

*Samantha D. Tama*

---

27      1. Because each of the *Plata* Plaintiff class representatives' responses to Defendants'
interrogatories and requests for production of documents are identical, only Marcial Plata's
28  responses are attached as exhibits to this declaration as a representative sample of the Plaintiff class
representatives' responses.

Decl. S. Tama Supp. Joint Stmt. re Discovery Disputes         Case Nos. C 01-1351 & 2:90-cv-00520