# Exhibit A

## Samantha Tama - Plata/Coleman - Joint Stip re Class Rep Depos

| | |
|---|---|
| **From:** | Samantha Tama |
| **To:** | ahardy@prisonlaw.com;  awhelan@rbg-law.com;  dspecter@prisonlaw.com;  mbien@RBG-Law.com |
| **Date:** | 10/30/2007 2:17 PM |
| **Subject:** | Plata/Coleman - Joint Stip re Class Rep Depos |
| **CC:** | Antonen, Charles;  East, Rochelle;  Grunder, Frances;  Lisa Tillman;  Misha Igra;  pmello@hansonbridgett.com;  RJacob@hansonbridgett.com |

Hi All,

Attached is Defendants' proposed joint stipulation granting Defendants leave under Rule 30(a)(2) to take the Plaintiff class representatives' depositions in *Coleman* and *Plata*.

Please review and contact me with any questions or concerns.  Thank you.

Sincerely,


Samantha D. Tama
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 703-5708    Fax: (415) 703-5843

# Exhibit B

## Samantha Tama - Verification of Interrogatory Responses

| | |
|---|---|
| **From:** | Vibeke Martin <vmartin@prisonlaw.com> |
| **To:** | 'Charles Antonen' <Charles.Antonen@doj.ca.gov>, "'Paul B. Mello'" <Pmello@hansonbridgett.com> |
| **Date:** | 11/1/2007 11:27 AM |
| **Subject:** | Verification of Interrogatory Responses |
| **CC:** | 'Alison Hardy' <ahardy@prisonlaw.com>, 'Amy Whelan' <AWhelan@RBG-Law.com> |

Charles and Paul,

As we discussed yesterday, regarding the verification of our Responses to Schwarzenegger and Tilton's First Set of Interrogatories, please let me know if you will agree (as a matter of common professional courtesy) to either: (1) not depose Plata Plaintiffs' Attorneys if we sign the verification of our response; or (2) to accept a verification from Plaintiffs after our discovery responses are due tomorrow.

Thank you in advance,

Vibeke

**Vibeke Norgaard Martin**
Staff Attorney
Prison Law Office
General Delivery
San Quentin, CA 94964
phone: (415) 457-9144
fax: (415) 457-9151
vmartin@prisonlaw.com

# Exhibit C

## Samantha Tama - Coleman/Plata

| | |
|---|---|
| **From:** | "Sarah M. Laubach" <SLaubach@rbg-law.com> |
| **To:** | <Samantha.Tama@doj.ca.gov> |
| **Date:** | 11/2/2007 4:34 PM |
| **Subject:** | Coleman/Plata |
| **CC:** | Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg-law.com>, Donald Specter <dspecter@prisonlaw.com>, Alison Hardy <ahardy@prisonlaw.com>, Vibeke Martin <vmartin@prisonlaw.com> |

Samantha:

We have previously agreed to stipulate to allowing defendants to take depositions in prison without seeking a court order. As we have stated, we do not agree that it is appropriate for defendants to take the depositions of individual named plaintiffs in this action at this stage. Therefore, we cannot enter into the stipulation as you proposed. Here is an alternative:

The parties jointly stipulate and agree to the following matters concerning the limitation on depositions of an incarcerated person set forth in Federal Rule of Civil Procedure 30(a)(2):

Depositions may be taken of persons confined in prison. Plaintiffs expressly reserve their objections to any particular deposition notice to be served by defendants, including plaintiffs' objection to defendants taking the depositions of the named plaintiffs.

*Sarah M. Laubach*
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
slaubach@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# Exhibit D

## Samantha Tama - Re: Coleman/Plata

| | |
|---|---|
| **From:** | Samantha Tama |
| **To:** | Sarah M. Laubach |
| **Date:** | 11/6/2007 11:48 AM |
| **Subject:** | Re: Coleman/Plata |
| **CC:** | Alison Hardy;  Coleman Team - RBG Only;  Donald Specter;  East, Rochelle;  pmello@hansonbridgett.com;  Vibeke Martin |

Sarah-

Attached is a revised stip, incorporating your suggestions.  Let me know if you will be signing this, and I can change the signature line.

Sincerely,


Samantha D. Tama
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Tel: (415) 703-5708    Fax: (415) 703-5843

>>> "Sarah M. Laubach" <SLaubach@rbg-law.com> 11/2/2007 4:34 PM >>>
Samantha:

We have previously agreed to stipulate to allowing defendants to take depositions in prison without seeking a court order.  As we have stated, we do not agree that it is appropriate for defendants to take the depositions of individual named plaintiffs in this action at this stage.  Therefore, we cannot enter into the stipulation as you proposed.  Here is an alternative:

The parties jointly stipulate and agree to the following matters concerning the limitation on depositions of an incarcerated person set forth in Federal Rule of Civil Procedure 30(a)(2):

Depositions may be taken of persons confined in prison.  Plaintiffs expressly reserve their objections to any particular deposition notice to be served by defendants, including plaintiffs' objection to defendants taking the depositions of the named plaintiffs.

*Sarah M. Laubach*
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
slaubach@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# Exhibit E

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | CHARLES J. ANTONEN, SBN 221207
SAMANTHA D. TAMA, SBN 240280
6 | Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
7 | San Francisco, CA  94102-7004
Telephone:  (415) 703-5708
8 | Fax: (415) 703-5843
Email:  Samantha.Tama@doj.ca.gov
9 |         Rochelle.East@doj.ca.gov
        Charles.Antonen@doj.ca.gov

HANSON   BRIDGETT   MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | No. C 01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**JOINT STIPULATION AND ORDER GRANTING DEFENDANTS LEAVE UNDER FED. R. CIV. P. 30(a)(2)** |

Joint Stip. Re Fed. R. Civ. P. 30(a)(2)                    Case Nos. C 01-1351 & 2:90-cv-00520

1

1    Subject to the Court's approval, Plaintiffs and Defendants jointly stipulate and agree to

2  the following regarding the limitation on depositions of incarcerated persons set forth in Federal

3  Rule of Civil Procedure 30(a)(2):

4    Depositions may be taken of persons confined in prison.  Plaintiffs expressly reserve their

5  objections to any particular deposition notices that Defendants may serve on Plaintiffs, including

6  those of named Plaintiff class members.

7    IT IS SO STIPULATED.

8  Dated: November 7, 2007          HANSON BRIDGETT MARCUS VLAHOS &
                                    RUDY, LLP
9

10
                          By:      /s/  Paul B. Mello
11                                 Paul B. Mello
                                   Attorneys for Defendants
12

13 Dated: November 7, 2007          EDMUND G. BROWN JR.
                                    Attorney General of the State of California
14

15
                          By:      /s/  Rochelle C. East
16                                 Rochelle C. East
                                   Attorneys for Defendants
17

18 Dated: November 7, 2007          PRISON LAW OFFICE

19

20                        By:      /s/  Alison Hardy
                                   Alison Hardy
21                                 Attorneys for Plaintiffs

22
   Dated: November 7, 2007          ROSEN, BIEN & GALVAN, LLP
23

24
                          By:      /s/  Michael Bien
25                                 Michael Bien
                                   Attorneys for Plaintiffs
26 / / /

27 / / /

28

1   Pursuant to stipulation, IT IS SO ORDERED.

2   Dated:  Novmber 7, 2007.

3

4

5                                    UNITED STATES MAGISTRATE JUDGE

6

7   /depostip

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Stip. Re Fed. R. Civ. P. 30(a)(2)                    Case Nos. C 01-1351 & 2:90-cv-00520

3

# Exhibit F

**Samantha Tama**

| | |
|---|---|
| **From:** | Alison Hardy <ahardy@prisonlaw.com> |
| **To:** | "'Paul B. Mello'" <Pmello@hansonbridgett.com>, 'Samantha Tama' <Samantha.Tama@doj.ca.gov> |
| **Date:** | 11/14/2007 5:57 PM |
| **CC:** | 'Steve Fama' <sfama@prisonlaw.com>, 'Sara Norman' <snorman@prisonlaw.com>, 'Rachel Farbiarz' <farbiarz@prisonlaw.com>, <Zoe@prisonlaw.com>, 'Vibeke Martin' <vmartin@prisonlaw.com>, "'Michael W. Bien'" <mbien@RBG-Law.com>, 'Amy Whelan' <AWhelan@RBG-Law.com>, 'Ivan Trujillo' <itrujillo@prisonlaw.com> |

Hi Paul and Samantha,

Defendants have noticed four depositions for *Plata* class reps. In order to prepare the three witnesses that are in prison, we will need defendants to provide us with the complete medical files for each of the prisoners. We need to have the copies by Monday, November 19. Additionally, you have noticed one class rep deposition for 11/27. We won't be able to prepare him for this deposition by 11/27. We will need to delay the depo, at least until the following week. By Friday, November 16, I ask that you let me know when defendants are available to reschedule the 11/27 depo, and confirm that you are able to provide us copies of the deponents' medical files by November 19.

You have noticed the deposition of Paul DeCasas, who is on parole. His testimony is clearly not relevant, and you should withdraw the deposition notice or at least explain why you believe his testimony still is relevant.

Your *Plata* expert, Dr. Thomas, did not indicate that he intends to tour the prison. If so, please let us know immediately so we can accompany him.

Under the Court's October 10 Order Bifurcating the Proceedings, the Court has ordered the parties to file witness lists with the pre-trial statement on 12/20. The Court was silent, however, as to when non-expert witness lists should be exchanged. Please confirm by Friday, 11/16, that you will exchange non-expert witness lists with us by December 6, giving both sides the opportunity to take depositions, if necessary during the final two weeks before the pre-trial statement is due.

Finally, Rule 26 requires that experts list the cases in which they testified or were deposed, as experts, during the preceding four years. Dr. Thomas's list of cases in which he's been involved does not identify all the cases in which he testified or provided deposition testimony. (E.g. "1. North Carolina Testified by deposition and at trial for the Attorney General in both state and Federal court – Raleigh, North Carolina.") By Monday, November 19, please have your expert provide us with a list with the case names and numbers, as well as the jurisdiction of the case, for the cases where he testified or was deposed since November, 2003.

Thanks for your assistance,
Alison

# Exhibit G

**Samantha Tama - Plata -- Plaintiff Depositions**

| | |
|---|---|
| **From:** | "Paul B. Mello" <Pmello@hansonbridgett.com> |
| **To:** | Alison Hardy <ahardy@prisonlaw.com> |
| **Date:** | 11/15/2007 5:08 PM |
| **Subject:** | Plata -- Plaintiff Depositions |
| **CC:** | Samantha Tama <Samantha.Tama@doj.ca.gov>, Charles Antonen <Charles.Antonen@doj.ca.gov>, Rochelle East <Rochelle.East@doj.ca.gov>, Anne Johnson <Ajohnson@hansonbridgett.com>, Lisa Tillman <Lisa.Tillman@doj.ca.gov>, Misha Igra <Misha.Igra@doj.ca.gov>, "Renju P. Jacob" <RJacob@hansonbridgett.com> |

Alison,

Thank you for your email.  Defendants are glad to work with *Plata* plaintiffs' counsel regarding the scheduling of the *Plata* class representatives' depositions.  (That said, *Plata* defendants noticed the depositions on November 7, 2007 -- 20 days before the first deposition, and a week before plaintiffs' counsel complained about the timing of the depositions.  Also, the discovery cut-off is almost upon us.)   Initially, can you confirm which class representative depositions that you would like to reschedule?

Second, as the justification for rescheduling these depositions that we initially noticed November 7th, we understand that plaintiffs' counsel want to ensure that they receive the class representatives' medical files in advance of the class representative depositions. Defendants appreciate counsels' concern.  As you know, the medical files are equally available to your clients.  In fact, *Coleman* defendants have arranged to permit plaintiffs' counsel in *Coleman* to send a copy service to the applicable institution in order to copy the relevant files. *Plata* counsel can do the same and, thus, ensure that they obtain the medical records by the November 19th deadline.  Assuming plaintiffs' counsel is willing to do this, when do you propose that the depositions scheduled by November 27th be rescheduled for?

Third, plaintiffs' ask defendants to withdraw the deposition notice for named plaintiff Paul DeCasas because he was recently paroled.  Plaintiffs appear to contend that Mr. DeCasas no longer has any relevant evidence since he is on parole.   Mr. DeCasas clearly remains a named plaintiff in this matter.  Similarly, it is clear that he has relevant information from the (very recent) time that he was a class member.  Until Mr. DeCasas is no longer a named plaintiff -- i.e., is dismissed -- he clearly has relevant and discoverable information and is subject to deposition.  If Mr. DeCasas is dismissed as a plaintiff, however, defendants will withdraw his deposition notice.

Fourth, we will let plaintiffs' counsel know when, and if, Dr. Thomas will inspect prisons so that plaintiffs' counsel can observe those inspection(s).

Fifth, the three-judge panel did not order the parties to exchange witness lists prior to December 20, 2007.  In addition, defendants are not willing to unilaterally alter the court's orders.  As such, defendants cannot agree to exchange witness lists with plaintiffs prior to the December 20, 2007 date.

Finally, we are seeking the additional information that you seek from Dr. Thomas.  We will get back to you regarding that request.

Thanks.

Paul

---------------

Paul Mello
Partner
Hanson, Bridgett, Marcus, Vlahos & Rudy LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

---

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Wednesday, November 14, 2007 6:08 PM
**To:** Paul B. Mello; 'Samantha Tama'
**Cc:** 'Steve Fama'; 'Sara Norman'; 'Rachel Farbiarz'; Zoe@prisonlaw.com; 'Vibeke Martin'; 'Michael W. Bien'; 'Amy Whelan'; 'Ivan Trujillo'
**Subject:**

Hi Paul and Samantha,

Defendants have noticed four depositions for *Plata* class reps.  In order to prepare the three witnesses that are in prison, we will need defendants to provide us with the complete medical files for each of the prisoners.  We need to have the copies by Monday, November 19.  Additionally, you have noticed one class rep deposition for 11/27. We won't be able to prepare him for this deposition by 11/27.  We will need to delay the depo, at least until the following week.  By Friday, November 16, I ask that you let me know when defendants are available to reschedule the 11/27 depo, and confirm that you are able to provide us copies of the deponents' medical files by November 19.

You have noticed the deposition of Paul DeCasas, who is on parole.  His testimony is clearly not relevant, and you should withdraw the deposition notice or at least explain why you believe his testimony still is relevant.

Your *Plata* expert, Dr. Thomas, did not indicate that he intends to tour the prison.  If so, please let us know immediately so we can accompany him.

Under the Court's October 10 Order Bifurcating the Proceedings, the Court has ordered the parties to file witness lists with the pre-trial statement on 12/20. The Court was silent, however, as to when non-expert witness lists should be exchanged.  Please confirm by Friday, 11/16, that you will exchange non-expert witness lists with us by December 6, giving both sides the opportunity to take depositions, if necessary during the final two weeks before the pre-trial statement is due.

Finally, Rule 26 requires that experts list the cases in which they testified or were deposed, as experts, during the preceding four years.  Dr. Thomas's list of cases in which he's been involved does not identify all the cases in which he testified or provided deposition testimony.  (E.g. "1. North Carolina Testified by deposition and at trial for the Attorney General in both state and Federal court – Raleigh, North Carolina.")  By Monday, November 19, please have your expert provide us with a list with the case names and numbers, as well as the jurisdiction of the case, for the cases where he testified or was deposed since November, 2003.

Thanks for your assistance,
Alison




*****************************
This communication, including any attachments, is confidential and may be protected

To ensure compliance with requirements imposed by the IRS, we inform you that any ta

The foregoing applies even if this notice is embedded in a message that is forwarded
*****************************

# Exhibit H

**Samantha Tama - RE: Plata -- Plaintiff Depositions**

| | |
|---|---|
| **From:** | Alison Hardy <ahardy@prisonlaw.com> |
| **To:** | "'Paul B. Mello'" <Pmello@hansonbridgett.com> |
| **Date:** | 11/15/2007 6:54 PM |
| **Subject:** | RE: Plata -- Plaintiff Depositions |
| **CC:** | 'Samantha Tama' <Samantha.Tama@doj.ca.gov>, 'Charles Antonen' <Charles.Antonen@doj.ca.gov>, 'Rochelle East' <Rochelle.East@doj.ca.gov>, 'Anne Johnson' <Ajohnson@hansonbridgett.com>, 'Lisa Tillman' <Lisa.Tillman@doj.ca.gov>, 'Misha Igra' <Misha.Igra@doj.ca.gov>, "'Renju P. Jacob'" <RJacob@hansonbridgett.com>, 'Donald Specter' <dspecter@prisonlaw.com>, "'Michael W. Bien'" <mbien@RBG-Law.com>, 'Sara Norman' <snorman@prisonlaw.com> |

Hi Paul,

Thanks for your prompt response. I appreciate that you are willing to work with us on the timing of the class rep depos. We would like to reschedule the depositions of Ray Stoderd, Leslie Rhodes and Paul DeCasas.

We are of course willing to send in a copy service to get our client's medical file. Tomorrow, I will have my assistant track down a copy service that is able to go into CMF on short order, and to go into PVSP. Please let us know by 11/19 where we should send a copy service to obtain the prison medical file for Mr. DeCasas, now that he's on parole. My experience in the past has been that it can take several days or longer to get the copy service folks cleared to go into an institution. If we run into road blocks or delays, do you have someone that can work with us to ensure that the necessary clearances are obtained as quickly as possible?

Assuming we are able to get the medical records next week, we would like to reschedule the two CMF depos on either 12/5 or 12/7. Although we continue to believe that Mr. DeCasas' testimony is not relevant, we will confer with him about when he is available to be deposed. I will let you know as soon as we are able to get that information.

I am glad to hear that you will be letting us know if, and where, Dr. Thomas will be inspecting prisons. Plaintiffs will assume you will provide us with adequate notice so that we can make the necessary arrangements to observe the inspections. As you pointed out, the discovery cut-off is almost upon us, and time is short.

I appreciate your cooperation,
Alison

**From:** Paul B. Mello [mailto:Pmello@hansonbridgett.com]
**Sent:** Thursday, November 15, 2007 5:10 PM
**To:** Alison Hardy
**Cc:** Samantha Tama; Charles Antonen; Rochelle East; Anne Johnson; Lisa Tillman; Misha Igra; Renju P. Jacob
**Subject:** Plata -- Plaintiff Depositions

Alison,

Thank you for your email. Defendants are glad to work with *Plata* plaintiffs' counsel regarding the scheduling of the *Plata* class representatives' depositions. (That said, *Plata* defendants noticed the depositions on November 7, 2007 -- 20 days before the first deposition, and a week before plaintiffs' counsel complained about the timing of the depositions. Also, the discovery cut-off is almost upon us.) Initially, can you confirm which class representative depositions that you would like to reschedule?

Second, as the justification for rescheduling these depositions that we initially noticed November 7th, we understand that plaintiffs' counsel want to ensure that they receive the class

representatives' medical files in advance of the class representative depositions. Defendants appreciate counsels' concern. As you know, the medical files are equally available to your clients. In fact, *Coleman* defendants have arranged to permit plaintiffs' counsel in *Coleman* to send a copy service to the applicable institution in order to copy the relevant files. *Plata* counsel can do the same and, thus, ensure that they obtain the medical records by the November 19th deadline. Assuming plaintiffs' counsel is willing to do this, when do you propose that the depositions scheduled by November 27th be rescheduled for?

Third, plaintiffs' ask defendants to withdraw the deposition notice for named plaintiff Paul DeCasas because he was recently paroled. Plaintiffs appear to contend that Mr. DeCasas no longer has any relevant evidence since he is on parole. Mr. DeCasas clearly remains a named plaintiff in this matter. Similarly, it is clear that he has relevant information from the (very recent) time that he was a class member. Until Mr. DeCasas is no longer a named plaintiff -- i.e., is dismissed -- he clearly has relevant and discoverable information and is subject to deposition. If Mr. DeCasas is dismissed as a plaintiff, however, defendants will withdraw his deposition notice.

Fourth, we will let plaintiffs' counsel know when, and if, Dr. Thomas will inspect prisons so that plaintiffs' counsel can observe those inspection(s).

Fifth, the three-judge panel did not order the parties to exchange witness lists prior to December 20, 2007. In addition, defendants are not willing to unilaterally alter the court's orders. As such, defendants cannot agree to exchange witness lists with plaintiffs prior to the December 20, 2007 date.

Finally, we are seeking the additional information that you seek from Dr. Thomas. We will get back to you regarding that request.

Thanks.

Paul

---------------

Paul Mello
Partner
Hanson, Bridgett, Marcus, Vlahos & Rudy LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

---

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Wednesday, November 14, 2007 6:08 PM
**To:** Paul B. Mello; 'Samantha Tama'
**Cc:** 'Steve Fama'; 'Sara Norman'; 'Rachel Farbiarz'; Zoe@prisonlaw.com; 'Vibeke Martin'; 'Michael W. Bien'; 'Amy Whelan'; 'Ivan Trujillo'
**Subject:**

Hi Paul and Samantha,

Defendants have noticed four depositions for *Plata* class reps. In order to prepare the three witnesses that are in prison, we will need defendants to provide us with the complete medical files for each of the prisoners. We need to have the copies by Monday, November 19. Additionally, you have noticed one class rep deposition for 11/27. We won't be able to prepare him for this deposition by 11/27. We will need to delay the depo, at least until the following week. By Friday, November 16, I ask that you let me know when defendants are available to reschedule the 11/27 depo, and confirm that you are able to provide us copies of the deponents' medical files by November 19.

You have noticed the deposition of Paul DeCasas, who is on parole. His testimony is clearly not relevant, and you should withdraw the deposition notice or at least explain why you believe his testimony still is relevant.

Your *Plata* expert, Dr. Thomas, did not indicate that he intends to tour the prison. If so, please let us know immediately so we can accompany him.

Under the Court's October 10 Order Bifurcating the Proceedings, the Court has ordered the parties to file witness lists with the pre-trial statement on 12/20. The Court was silent, however, as to when non-expert witness lists should be exchanged. Please confirm by Friday, 11/16, that you will exchange non-expert witness lists with us by December 6, giving both sides the opportunity to take depositions, if necessary during the final two weeks before the pre-trial statement is due.

Finally, Rule 26 requires that experts list the cases in which they testified or were deposed, as experts, during the preceding four years. Dr. Thomas's list of cases in which he's been involved does not identify all the cases in which he testified or provided deposition testimony. (E.g. "1. North Carolina Testified by deposition and at trial for the Attorney General in both state and Federal court – Raleigh, North Carolina.") By Monday, November 19, please have your expert provide us with a list with the case names and numbers, as well as the jurisdiction of the case, for the cases where he testified or was deposed since November, 2003.

Thanks for your assistance,
Alison

*****************************

This communication, including any attachments, is confidential and may be protected

To ensure compliance with requirements imposed by the IRS, we inform you that any ta

The foregoing applies even if this notice is embedded in a message that is forwarded
*****************************