# Exhibit I



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

Director
Donald Specter

Staff Attorneys
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Viboke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

November 16, 2007

VIA EMAIL AND USPS

Paul B. Mello
Hanson Bridgett Marcus Vlahos & Rudy, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

   Re: Defendant's Discovery Requests on Plaintiff Class Representatives

Dear Paul:

   First of all, thank you for agreeing to work out the scheduling of individual prisoner depositions.

   The purpose of this letter is to respond to the substantive issues raised in the email I received from you yesterday related to issues I brought to your attention regarding your 11/7/07 and subsequent Notice of Deposition served on Mr. DeCasas, who I understand is currently out of custody and on parole. In response to my inquiry as to the relevance of a deposition of Mr. DeCasas and request that you withdraw notice of his deposition, you appear to assert that he has relevant information as to Phase I issues solely on the basis of his being a named plaintiff. You also indicate that if he is dismissed as a named plaintiff, you will agree to withdraw his deposition notice.

   I would like to further discuss the specific relevance of a deposition of Mr. DeCasas as related to Phase I issues. In addition, I would like to discuss why you seek discovery, including requests for production, interrogatories, and/or depositions of all other Plata class representatives, including, Mr. Rhoades, Mr. DeCasas, Mr. Stoderd, Mr. Plata, Mr. Aviles, Mr. Bautista, Mr. Johns, Mr. Long, Mr. Myelle, and Mr. Shaw.

   As you may be aware, according to the CDCR Inmate Locator system, Mr. Johns is unfortunately deceased. The Inmate Locator system also indicated that Mr. Long and Mr. Shaw discharged from parole in 2005.

   Assuming that you seek discovery solely on the basis of these individuals being named plaintiffs, discovery, as such, does not have any relevance to Phase I issues, and would be unnecessary.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

P. Mello
Class Representative Discovery
November 16, 2007
Page 2 of 2


Plaintiffs counsel would like to meet and confer with you via telephone on Monday morning, November 19, 2007, to discuss the relevancy of your requests for discovery on Plata named plaintiffs.


Sincerely,

Alison Hardy


cc:    Samantha D. Tama, Deputy Attorney General
       Co-counsel

Exhibit J

Samantha Tama - Coleman/ Plata

| | |
|---|---|
| From: | "Michael W. Bien" <mbien@RBG-Law.com> |
| To: | Alison Hardy <ahardy@prisonlaw.com>, "Paul B. Mello" <Pmello@hansonbridgett.com>, Samantha Tama <Samantha.Tama@doj.ca.gov>, Lisa Tillman <Lisa.Tillman@doj.ca.gov>, Misha Igra <Misha.Igra@doj.ca.gov> |
| Date: | 11/19/2007 11:33 AM |
| Subject: | Coleman/ Plata |
| CC: | Donald Specter <dspecter@prisonlaw.com>, Steve Fama <sfama@prisonlaw.com>, Sara Norman <snorman@prisonlaw.com>, Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg-law.com> |

Please take notice that the Coleman plaintiffs, who just received today a notice for the deposition of class representative, Ralph Coleman, join in the objections stated in the attached letter by Alison Hardy as to the depositions of the Plata named plaintiffs. What is the asserted relevance of the deposition of Mr. Coleman to the issues before the Court in Phase I? The burden to Mr. Coleman, including the risk of harassment and retaliation, is substantial, and far outweighs the asserted "benefits" of pursuing this rather meaningless deposition.

Michael W. Bien
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbg-law.com

*We have moved to our new office.* Please note our new address, 315 Montgomery Street, Tenth Floor.

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com
IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Friday, November 16, 2007 2:49 PM
**To:** 'Paul B. Mello'; 'Samantha Tama'
**Cc:** Donald Specter; Michael W. Bien; Steve Fama; Sara Norman
**Subject:**

Attached please find our discovery meet and confer letter on class representative discovery.

Alison

Exhibit K

Samantha Tama - Plata -- Discovery from class representatives

| From: | "Paul B. Mello" <Pmello@hansonbridgett.com> |
|-------|---------------------------------------------|
| To: | Alison Hardy <ahardy@prisonlaw.com> |
| Date: | 11/19/2007 12:08 PM |
| Subject: | Plata -- Discovery from class representatives |
| CC: | Donald Specter <dspecter@prisonlaw.com>, "Michael W. Bien" <mbien@RBG-Law.com>, <sfama@prisonlaw.com>, Sara Norman <snorman@prisonlaw.com>, Charles Antonen <Charles.Antonen@doj.ca.gov>, Samantha Tama <Samantha.Tama@doj.ca.gov>, Lisa Tillman <Lisa.Tillman@doj.ca.gov>, Misha Igra <Misha.Igra@doj.ca.gov>, Anne Johnson <Ajohnson@hansonbridgett.com>, Rochelle East <Rochelle.East@doj.ca.gov> |

Alison,

Thank you for your letter regarding defendants' discovery relating to the *Plata* class representatives. We address each of the items raised in your letter below:

(1) We apologize for propounding discovery relating to Mr. Johns. That discovery is withdrawn.

(2) While defendants believe that the class representatives that paroled in 2005, Mr. Long and Mr. Shaw, have relevant information regarding their medical care while incarcerated by CDCR, defendants, in a good faith attempt to resolve these issues, are also willing to withdraw the written discovery propounded upon Mr. Long and Mr. Shaw.

(3) Defendants are not, however, willing to withdraw the written discovery and deposition notices served on the other class representatives. Each of the remaining class representatives, except Mr. DeCasas, is presently incarcerated. In addition, Mr. DeCasas was paroled very recently -- in the last two months. As such, each of these individuals is a class representative and each of these individuals can presumably testify regarding the medical care and treatment that they receive(d), and the impact, if any, of crowding upon that care and treatment. These topics are clearly relevant to the Phase I issues and, therefore, the written discovery and depositions are proper.

(4) As we wrote before, defendants are willing to withdraw the notice of deposition for Mr. DeCasas if he is no longer a class representative and becomes a third party to this litigation.

(5) Based upon our previous communications, we understand that the depositions of the inmate class representatives are now scheduled as follows:

December 7: Mr. Rhoades and Mr. Stoderd at CMF (as proposed by you)
December 13: Mr. Plata at PVSP

We would like to take the deposition of Mr. DeCasas on December 5, 2007. Can you please contact us immediately if that date does not work or if you would like us to serve new depositions notices for all of the above dates?

Thank you and we look forward to hearing from you.

Paul

-------------------------

Paul Mello
Partner
Hanson, Bridgett, Marcus, Vlahos & Rudy LLP

425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

---

**From:** Alison Hardy [mailto:ahardy@prisonlaw.com]
**Sent:** Friday, November 16, 2007 2:49 PM
**To:** Paul B. Mello; 'Samantha Tama'
**Cc:** 'Donald Specter'; 'Michael W. Bien'; sfama@prisonlaw.com; 'Sara Norman'
**Subject:**

Attached please find our discovery meet and confer letter on class representative discovery.

Alison

```
*****************************
This communication, including any attachments, is confidential and may be protected

To ensure compliance with requirements imposed by the IRS, we inform you that any ta

The foregoing applies even if this notice is embedded in a message that is forwarded
*****************************
```

Exhibit L

Samantha Tama - Plata: Meet and Confer re Individual Plaintiff's Responses to Genest's First Set of Interrogatories and Page 1

Case 2:90-cv-00520-KJM-SCR    Document 2561    Filed 11/26/07    Page 10 of 42

From:        "Paul B. Mello" <Pmello@hansonbridgett.com>
To:          Alison Hardy <ahardy@prisonlaw.com>, Vibeke Martin <vmartin@prisonlaw.com>
Date:        11/20/2007 9:07:40 AM
Subject:     Plata: Meet and Confer re Individual Plaintiff's Responses to Genest's First Set of
Interrogatories and Document Requests

> Counsel,
>
> This email constitutes Defendants' effort to meet and confer regarding
> the named Plaintiff's responses to Defendant Genest's First Set of
> Interrogatories and Document Requests. Defendants' specific comments
> are set forth below, but in sum, the Plaintiff's' responses are wholly
> inadequate as they provide not a single substantive response, only
> objections, and are obstructionist and evasive. As explained below,
> Defendant is entitled to verified supplemental, substantive responses.
> Defendant remains hopeful that such responses will be forthcoming
> without the need for them to seek court intervention.
>
> Interrogatory No. 1
>
> Each named Plaintiff should identify the "serious medical condition"
> which qualified him to serve as a class representative and for which
> he presumably has received medical treatment while incarcerated in a
> California prison. The medical condition from which each Plaintiff
> suffers is relevant to the type of care each Plaintiff should have
> been receiving while an inmate.
>
> Interrogatory No. 2
>
> Whether inmates are receiving adequate medical care is directly at
> issue in this case. Whether the named Plaintiff contends he is
> receiving adequate medical care that is directly relevant to the issue
> of the quality of medical care provided in California prisons.
>
> Interrogatory No. 3
>
> Defendant will agree that each Plaintiff need only identify violations
> in his right to receive adequate medical care which occurred in May
> 2005 or after. Again, whether Plaintiff has received inadequate
> medical care is directly relevant to the issue of the quality of
> medical care provided in California prisons and a description of the
> instances of purported violations is relevant to the causes for
> violations. The cause of the violations is directly at issue in Phase
> I of this proceeding.
>
> Interrogatory No. 4
>
> To the extent a Plaintiff identifies purported violations in response
> to Interrogatory No. 3, he must identify any related documents in his
> possession, custody, or control.
>
> Interrogatory No. 5
>
> Whether Plaintiff contends that overcrowding is the primary cause of
> Plaintiff's purported inability to receive adequate medical care in
> prison goes to the heart of the Phase I inquiry. Defendant is clearly

Samantha Tama - Plata: Meet and Confer re Individual Plaintiff's Responses to Genest's First Set of Interrogatories and [Page 2

Case 2:90-cv-00520-KJM-SCR    Document 2561    Filed 11/26/07    Page 11 of 42

> entitled to a substantive answer to this question from each Plaintiff.
>
> Interrogatory No. 8
>
> Whether Plaintiff contends that no relief other than a prisoner
> release order will remedy the inadequacies in Plaintiff's medical care
> goes to the heart of the Phase I inquiry. Defendant is clearly
> entitled to a substantive answer to this question from each Plaintiff.
>
> Interrogatories Nos. 9 and 10
>
> Defendant is entitled to know the facts and documents supporting each
> Plaintiff's affirmative contention in response to Interrogatory No. 8.
>
> Interrogatory No. 11
>
> Defendant will agree that each Plaintiff need only answer in
> connection with appeals filed in May 2005 or after. Whether a
> Plaintiff has submitted any 602/inmate appeals relates to whether a
> Plaintiff has received inadequate medical care.
>
> Interrogatories Nos. 12 and 13
>
> If a Plaintiff has filed a 602/inmate appeal in May 2005 or after,
> Defendant is entitled to know when and for what reason and what
> documents relate to each such appeal.
>
> Document Requests
>
> For each supplemental response to an interrogatory described above in
> which Plaintiff identifies documents, Plaintiff must produce such
> documents to Defendant.
>
Please let us know by close of business today whether Plaintiffs will be
providing verified supplemental, substantive responses, and documents.
If Plaintiffs are unwilling to do so, Defendants will be contacting the
Court tomorrow to schedule a motion to compel.

Sincerely,

> Paul Mello
Partner
> Hanson, Bridgett, Marcus, Vlahos & Rudy LLP
425 Market Street, 26th Floor
> San Francisco, CA 94105
> Email: pmello@hansonbridgett.com
> Direct Dial: 415-995-5883
> Facsimile: 415-995-3424

*******************************

This communication, including any attachments, is confidential and may be protected by privilege. If you
are not the intended recipient, any use, dissemination, distribution, or copying of this communication is
strictly prohibited. If you have received this communication in error, please immediately notify the sender
by telephone or email, and permanently delete all copies, electronic or other, you may have.

Samantha Tama - Plata: Meet and Confer re Individual Plaintiff's Responses to Genest's First Set of Interrogatories and Page 3

Case 2:90-cv-00520-KJM-SCR    Document 2561    Filed 11/26/07    Page 12 of 42

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

CC:            Rochelle East <Rochelle.East@doj.ca.gov>, Charles Antonen
<Charles.Antonen@doj.ca.gov>, Samantha Tama <Samantha.Tama@doj.ca.gov>, "Renju P. Jacob"
<RJacob@hansonbridgett.com>, "Mark C. Gabel" <MGabel@hansonbridgett.com>, Anne Johnson
<Ajohnson@hansonbridgett.com>, Lisa Tillman <Lisa.Tillman@doj.ca.gov>, Misha Igra
<Misha.Igra@doj.ca.gov>

Exhibit M

1   PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
2   ALISON HARDY, Bar No.: 135966
VIBEKE NORGAARD MARTIN,
3       Bar No. 209499
General Delivery
4   San Quentin, California 94964
Telephone: (415) 457-9144
5

6   ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 096891
JANE E. KAHN, Bar No. 112239
7   AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
8   SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
9   San Francisco, California 94104
Telephone: (415) 433-6830
10
THE LEGAL AID SOCIETY –
11   EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
12   LEWIS BOSSING, Bar No. 227402
600 Harrison Street, Suite 120
13   San Francisco, CA 94107
Telephone: (415) 864-8848

14   Attorneys for Plaintiffs

BINGHAM McCUTCHEN, LLP
WARREN E. GEORGE, Bar No.: 53588
GEOFFREY T. HOLTZ, Bar No. 191370
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
   McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

15

16              UNITED STATES DISTRICT COURT

17         FOR THE EASTERN DISTRICT OF CALIFORNIA

         AND THE NORTHERN DISTRICT OF CALIFORNIA
18
    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
19
     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

20

21   RALPH COLEMAN, et al.,       )   No. Civ S 90-0520 LKK-JFM P
                          )
22   Plaintiffs,              )   **THREE-JUDGE COURT**
                          )
23   v.                 )
                          )
24   ARNOLD SCHWARZENEGGER, et al., )
                          )
25   Defendants.           )

26

27

28

1   MARCIANO PLATA, et al.,                  )   No. C01-1351 TEH
2   Plaintiffs,                              )   THREE-JUDGE COURT
3   v.                                       )
4   ARNOLD SCHWARZENEGGER, et al.,           )   PLAINTIFF MARCIAL PLATA'S
                                             )   (A.K.A. MARCIANO PLATA)
5   Defendants.                              )   RESPONSE TO DEFENDANT
                                             )   MICHAEL GENEST'S FIRST SET OF
6   ─────────────────────────────               INTERROGATORIES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MARCIAL PLATA'S (A.K.A. MARCIANO PLATA) RESPONSE TO DEFENDANT MICHAEL
GENEST'S FIRST SET OF INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

PROPOUNDING PARTY:      DEFENDANT MICHAEL GENEST

RESPONDING PARTY:       PLAINTIFF MARCIAL PLATA (A.K.A.

MARCIANO PLATA)

SET NUMBER:             ONE

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Marcial Plata's (A.K.A. Marciano Plata) submits the following responses to Defendant Michael Genest's First Set of Interrogatories.

## Preliminary Statement and General Objections

1.      Plaintiff has not completed his investigation of the facts relating to this case, has not completed his discovery in this action and has not completed their preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Plaintiff's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Discovery is still ongoing, Defendants have still not produced all documents requested and depositions have not yet been taken. Plaintiff therefore reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Plaintiff reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Plaintiff does not regard as coming within the scope of the interrogatories as Plaintiff understands them.

2.      These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

1    Subject to and without waiving the foregoing objections, and incorporating them
2    by reference into each of the responses provided below, plaintiff hereby responds as
3    follows.

4    INTERROGATORY NO. 1:

5    Describe your serious medical condition.

6    RESPONSE TO INTERROGATORY NO. 1:

7    In addition to the General Objections stated above, Plaintiff objects to this
8    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks
9    information not relevant to this litigation nor reasonably calculated to lead to the
10   discovery of admissible evidence. The Court has already entered a stipulated injunction
11   in this action, and that injunction is expressly in favor of and enforceable by every
12   member of the plaintiff class comprising tens of thousands of inmates. Because the
13   injunction has now been entered in favor of the entire class, the individual circumstances
14   of the named class representatives are not relevant to these proceedings. Proof of the
15   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also
16   objects to the extent that a response to this interrogatory would require disclosure of
17   information protected by the attorney-client privilege, work-product doctrine, or any
18   other applicable privilege.

19   INTERROGATORY NO. 2:

20   Does Plaintiff contend that he is not receiving adequate medical care for his
21   serious medical condition?

22   RESPONSE TO INTERROGATORY NO. 2:

23   In addition to the General Objections stated above, Plaintiff objects to this
24   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks
25   information not relevant to this litigation nor reasonably calculated to lead to the
26   discovery of admissible evidence. The Court has already entered a stipulated injunction
27   in this action, and that injunction is expressly in favor of and enforceable by every
28   member of the plaintiff class comprising tens of thousands of inmates. Because the

3

1  injunction has now been entered in favor of the entire class, the individual circumstances

2  of the named class representatives are not relevant to these proceedings. Proof of the

3  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

4  objects to the extent that a response to this interrogatory would require disclosure of

5  information protected by the attorney-client privilege, work-product doctrine, or any

6  other applicable privilege.

7  INTERROGATORY NO. 3:

8      If the answer to interrogatory no. 2 above is "yes," identify each and every

9  violation of Plaintiff's right to receive adequate medical care by defendants as of the date

10  of his interrogatory.

11  RESPONSE TO INTERROGATORY NO. 3:

12      In addition to the General Objections stated above, Plaintiff objects to this

13  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

14  information not relevant to this litigation nor reasonably calculated to lead to the

15  discovery of admissible evidence. The Court has already entered a stipulated injunction

16  in this action, and that injunction is expressly in favor of and enforceable by every

17  member of the plaintiff class comprising tens of thousands of inmates. Because the

18  injunction has now been entered in favor of the entire class, the individual circumstances

19  of the named class representatives are not relevant to these proceedings. Proof of the

20  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

21  objects to the extent that a response to this interrogatory would require disclosure of

22  information protected by the attorney-client privilege, work-product doctrine, or any

23  other applicable privilege.

24  INTERROGATORY NO. 4:

25      Identify all documents that relate to Plaintiff's response to interrogatory no. 3

26  above.

27  RESPONSE TO INTERROGATORY NO. 4:

28      In addition to the General Objections stated above, Plaintiff objects to this

1  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

2  information not relevant to this litigation nor reasonably calculated to lead to the

3  discovery of admissible evidence. The Court has already entered a stipulated injunction

4  in this action, and that injunction is expressly in favor of and enforceable by every

5  member of the plaintiff class comprising tens of thousands of inmates. Because the

6  injunction has now been entered in favor of the entire class, the individual circumstances

7  of the named class representatives are not relevant to these proceedings. Proof of the

8  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

9  objects to the extent that a response to this interrogatory would require disclosure of

10  information protected by the attorney-client privilege, work-product doctrine, or any

11  other applicable privilege.

12  <u>INTERROGATORY NO. 5:</u>

13      If the answer to interrogatory no. 2 above is "yes," does Plaintiff contend that

14  overcrowding is the primary cause of Plaintiff's inability to receive adequate medical

15  care?

16  <u>RESPONSE TO INTERROGATORY NO. 5:</u>

17      In addition to the General Objections stated above, Plaintiff objects to this

18  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

19  information not relevant to this litigation nor reasonably calculated to lead to the

20  discovery of admissible evidence. The Court has already entered a stipulated injunction

21  in this action, and that injunction is expressly in favor of and enforceable by every

22  member of the plaintiff class comprising tens of thousands of inmates. Because the

23  injunction has now been entered in favor of the entire class, the individual circumstances

24  of the named class representatives are not relevant to these proceedings. Proof of the

25  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

26  objects to the extent that a response to this interrogatory would require disclosure of

27  information protected by the attorney-client privilege, work-product doctrine, or any

28  other applicable privilege.

1    INTERROGATORY NO. 6:

2         If the answer to interrogatory no. 5 above is "yes," identify each and every

3    violation of Plaintiff's right to receive adequate medical care by Defendants for which the

4    primary cause of the violation is the size of the CDCR population.

5    RESPONSE TO INTERROGATORY NO. 6:

6         In addition to the General Objections stated above, Plaintiff objects to this

7    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

8    information not relevant to this litigation nor reasonably calculated to lead to the

9    discovery of admissible evidence. The Court has already entered a stipulated injunction

10   in this action, and that injunction is expressly in favor of and enforceable by every

11   member of the plaintiff class comprising tens of thousands of inmates. Because the

12   injunction has now been entered in favor of the entire class, the individual circumstances

13   of the named class representatives are not relevant to these proceedings. Proof of the

14   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

15   objects to the extent that a response to this interrogatory would require disclosure of

16   information protected by the attorney-client privilege, work-product doctrine, or any

17   other applicable privilege. Plaintiff further objects to the extent that "the size of the

18   CDCR population" is not at issue in this litigation,

19   INTERROGATORY NO. 7:

20        Identify all documents that relate to Plaintiff's response to interrogatory no. 6

21   above.

22   RESPONSE TO INTERROGATORY NO. 7:

23        In addition to the General Objections stated above, Plaintiff objects to this

24   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

25   information not relevant to this litigation nor reasonably calculated to lead to the

26   discovery of admissible evidence. The Court has already entered a stipulated injunction

27   in this action, and that injunction is expressly in favor of and enforceable by every

28   member of the plaintiff class comprising tens of thousands of inmates. Because the

1  injunction has now been entered in favor of the entire class, the individual circumstances

2  of the named class representatives are not relevant to these proceedings. Proof of the

3  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

4  objects to the extent that a response to this interrogatory would require disclosure of

5  information protected by the attorney-client privilege, work-product doctrine, or any

6  other applicable privilege. Plaintiff further objects to the extent that "the size of the

7  CDCR population" is not at issue in this litigation,

8  **INTERROGATORY NO. 8:**

9      Does Plaintiff contend that no other relief, other than prisoner release order, will

10  remedy Plaintiff's failure to receive adequate medical care?

11  **RESPONSE TO INTERROGATORY NO. 8:**

12      In addition to the General Objections stated above, Plaintiff objects to this

13  interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

14  information not relevant to this litigation nor reasonably calculated to lead to the

15  discovery of admissible evidence. The Court has already entered a stipulated injunction

16  in this action, and that injunction is expressly in favor of and enforceable by every

17  member of the plaintiff class comprising tens of thousands of inmates. Because the

18  injunction has now been entered in favor of the entire class, the individual circumstances

19  of the named class representatives are not relevant to these proceedings. Proof of the

20  relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

21  objects to the extent that a response to this interrogatory would require disclosure of

22  information protected by the attorney-client privilege, work-product doctrine, or any

23  other applicable privilege. Plaintiff further objects to the interrogatory on the ground that

24  it is vague and ambiguous, to the extent that it fails to limit the timeframe.

25  **INTERROGATORY NO. 9:**

26      If the answer to interrogatory no. 8 above is "yes," state all facts in support of

27  Plaintiff's contention that no other relief, other than a prisoner release order, will remedy

28  Plaintiff's failure to receive adequate medical care.

1    RESPONSE TO INTERROGATORY NO. 9:

2           In addition to the General Objections stated above, Plaintiff objects to this

3    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

4    information not relevant to this litigation nor reasonably calculated to lead to the

5    discovery of admissible evidence. The Court has already entered a stipulated injunction

6    in this action, and that injunction is expressly in favor of and enforceable by every

7    member of the plaintiff class comprising tens of thousands of inmates. Because the

8    injunction has now been entered in favor of the entire class, the individual circumstances

9    of the named class representatives are not relevant to these proceedings. Proof of the

10   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

11   objects to the extent that a response to this interrogatory would require disclosure of

12   information protected by the attorney-client privilege, work-product doctrine, or any

13   other applicable privilege. Plaintiff further objects to the interrogatory on the ground that

14   it is vague and ambiguous, to the extent that it fails to limit the timeframe.

15   INTERROGATORY NO. 10:

16          Identify all documents that relate to Plaintiff's response to interrogatory no. 9

17   above.

18   RESPONSE TO INTERROGATORY NO 10:

19          In addition to the General Objections stated above, Plaintiff objects to this

20   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

21   information not relevant to this litigation nor reasonably calculated to lead to the

22   discovery of admissible evidence. The Court has already entered a stipulated injunction

23   in this action, and that injunction is expressly in favor of and enforceable by every

24   member of the plaintiff class comprising tens of thousands of inmates. Because the

25   injunction has now been entered in favor of the entire class, the individual circumstances

26   of the named class representatives are not relevant to these proceedings. Proof of the

27   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

28   objects to the extent that a response to this interrogatory would require disclosure of

1    information protected by the attorney-client privilege, work-product doctrine, or any

2    other applicable privilege. Plaintiff further objects to the interrogatory on the ground that

3    it is vague and ambiguous, to the extent that it fails to limit the timeframe.

4    **INTERROGATORY NO. 11:**

5         Has Plaintiff submitted any 602/inmate appeals regarding the provision of medical

6    care from 2001 to the date of this interrogatory?

7    **RESPONSE TO INTERROGATORY NO. 11:**

8         In addition to the General Objections stated above, Plaintiff objects to this

9    interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

10   information not relevant to this litigation nor reasonably calculated to lead to the

11   discovery of admissible evidence. The Court has already entered a stipulated injunction

12   in this action, and that injunction is expressly in favor of and enforceable by every

13   member of the plaintiff class comprising tens of thousands of inmates. Because the

14   injunction has now been entered in favor of the entire class, the individual circumstances

15   of the named class representatives are not relevant to these proceedings. Proof of the

16   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

17   objects to the extent that a response to this interrogatory would require disclosure of

18   information protected by the attorney-client privilege, work-product doctrine, or any

19   other applicable privilege.

20   **INTERROGATORY NO. 12:**

21        If the answer to interrogatory no. 11 above is "yes," identify each and every

22   602/inmate appeal that Plaintiff submitted regarding the provision of medical care from

23   2001 to the date of this interrogatory.

24   **RESPONSE TO INTERROGATORY NO. 12:**

25        In addition to the General Objections stated above, Plaintiff objects to this

26   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

27   information not relevant to this litigation nor reasonably calculated to lead to the

28   discovery of admissible evidence. The Court has already entered a stipulated injunction

9

1   in this action, and that injunction is expressly in favor of and enforceable by every

2   member of the plaintiff class comprising tens of thousands of inmates. Because the

3   injunction has now been entered in favor of the entire class, the individual circumstances

4   of the named class representatives are not relevant to these proceedings. Proof of the

5   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

6   objects to the extent that a response to this interrogatory would require disclosure of

7   information protected by the attorney-client privilege, work-product doctrine, or any

8   other applicable privilege.

9   INTERROGATORY NO. 13:

10      Identify all documents that relate to Plaintiff's response to interrogatory no. 12

11   above.

12   RESPONSE TO INTERROGATORY NO. 13:

13      In addition to the General Objections stated above, Plaintiff objects to this

14   interrogatory on the grounds that it is vague, ambiguous, and overbroad, and it seeks

15   information not relevant to this litigation nor reasonably calculated to lead to the

16   discovery of admissible evidence. The Court has already entered a stipulated injunction

17   in this action, and that injunction is expressly in favor of and enforceable by every

18   member of the plaintiff class comprising tens of thousands of inmates. Because the

19   injunction has now been entered in favor of the entire class, the individual circumstances

20   of the named class representatives are not relevant to these proceedings. Proof of the

21   relevant legal and factual issues will be based on class-wide circumstances. Plaintiff also

22

23

24

25

26

27

28

1   objects to the extent that a response to this interrogatory would require disclosure of

2   information protected by the attorney-client privilege, work-product doctrine, or any

3   other applicable privilege.

4   DATED:  November 13, 2007      PRISON LAW OFFICE

6

7                   By: _____
                          VIBEKE NORGAARD MARTIN

8                          Attorneys for Plaintiffs
                          RALPH COLEMAN, et al.

9                          MARCIANO PLATA, et al.

1    PROOF OF SERVICE

2        I am over 18 years of age, not a party to this action and employed in the County

3    of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-

4    4067. I am readily familiar with the practice of this office for collection and processing of

5    correspondence for mailing with the United States Postal Service and correspondence is

6    deposited with the United States Postal Service that same day in the ordinary course of business.

7        Today I served the attached:

8    **PLAINTIFF MARCIAL PLATA'S (A.K.A. MARCIANO**
**PLATA) RESPONSE TO DEFENDANT MICHAEL**
9    **GENEST'S FIRST SET OF INTERROGATORIES**

10    by causing a true and correct copy of the above to be placed in the United States Mail at San

11    Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

13    ROCHELLE EAST
Deputy Attorney General
14    Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
15    San Francisco, CA 94102

MARTIN J. MAYER
Jones & Mayer
3777 North Harbor Blvd.
Fullerton, CA 92835

16    STEVEN S. KAUFHOLD
Akin Gump Strauss Hauer & Feld LLP
17    580 California Street, 15th Floor
San Francisco, CA 94104-1036
18

RONALD YANK
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

19    ROD PACHECO
Office of the District Attorney
20    County of Riverside
4075 Main Street, First Floor
21    Riverside, CA 92501

BENJAMIN C. SYBESMA
California Correctional Peace Officers;
Association Legal Department
755 Riverpoint Drive, Suite 200
W. Sacramento, CA 95605

22

23    ANN MILLER RAVEL
Office of the County Counsel
County of Santa Clara
24    70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110
25

STEVEN WOODSIDE
Office of the County Counsel
County of Sonoma
575 Administration Dr., Room 105A
Santa Rosa, CA 95403

26

27

28

PLAINTIFF MARCIAL PLATA'S (A.K.A. MARCIANO PLATA) RESPONSE TO DEFENDANT MICHAEL
GENEST'S FIRST SET OF INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

PAUL B. MELLO
Deputy Attorney General
Hanson Bridgett Marcus Vlahos & Rudy
333 Market Street, 21st Floor
San Francisco, CA 94105

CHARLES ANTONEN
Deputy Attorney General
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-3664

STEPHEN SHANE STARK
Office of the County Counsel
County of Santa Barbara
105 E. Anapamu Street, Room 201
Santa Barbara, CA 93101

DENNIS BUNTING
Office of the County Counsel
County of Solano
675 Texas Street, Suite 6600
Fairfield, CA 94533

MICHAEL MURPHY
Office of the County Counsel
County of San Mateo
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063

SILVANO B. MARCHESI
Office of the County Counsel
County of Contra Costa
651 Pine Street, 9th Floor
Martinez, CA 94553

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 13, 2007.

Rosaleen B. Doran

PLAINTIFF MARCIAL PLATA'S (A.K.A. MARCIANO PLATA) RESPONSE TO DEFENDANT MICHAEL
GENEST'S FIRST SET OF INTERROGATORIES, NOS: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

# Exhibit N

1  PRISON LAW OFFICE
   DONALD SPECTER, Bar No. 83925
2  ALISON HARDY, Bar No. 135966
   VIBEKE NORGAARD MARTIN,
3      Bar No. 209499
   General Delivery
4  San Quentin, California 94964
   Telephone: (415) 457-9144
5
   ROSEN, BIEN & GALVAN, LLP
6  MICHAEL W. BIEN, Bar No. 096891
   JANE E. KAHN, Bar No. 112239
7  AMY WHELAN, Bar No. 215675
   LORI RIFKIN, Bar No. 244081
8  SARAH M. LAUBACH, Bar No. 240526
   315 Montgomery Street, 10th Floor
9  San Francisco, California 94104
   Telephone: (415) 433-6830
10 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
11 CLAUDIA CENTER, Bar No. 158255
   LEWIS BOSSING, Bar No. 227402
12 600 Harrison Street, Suite 120
   San Francisco, CA 94107
13 Telephone: (415) 864-8848

14 Attorneys for Plaintiffs

BINGHAM McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
GEOFFREY T. HOLTZ, Bar No. 191370
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
  McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

15

16                    UNITED STATES DISTRICT COURT

              FOR THE EASTERN DISTRICT OF CALIFORNIA

17            AND THE NORTHERN DISTRICT OF CALIFORNIA

18   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

           PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
19

20  RALPH COLEMAN, et al.,                )   No. Civ S 90-0520 LKK-JFM P
                                          )
21  Plaintiffs,                           )   THREE-JUDGE COURT
                                          )
22  v.                                    )
                                          )
23  ARNOLD SCHWARZENEGGER, et al.,        )
                                          )
24  Defendants.                           )
                                          )
25

26

27

28

                                     1

1   MARCIANO PLATA, et al.,                    )   No. C01-1351 TEH
                                               )
2   Plaintiffs,                                )   THREE-JUDGE COURT
                                               )
3   v.                                         )
                                               )   PLAINTIFF PLATA'S RESPONSE TO
4   ARNOLD SCHWARZENEGGER, et al.,             )   DEFENDANT MICHAEL GENEST'S
                                               )   REQUEST FOR PRODUCTION OF
5   Defendants.                                )   DOCUMENTS
                                               )
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1   PROPOUNDING PARTY:       DEFENDANT MICHAEL GENEST

2   RESPONDING PARTY:        PLAINTIFF PLATA

3   SET NUMBER:              ONE

4       Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Plata submits the

5   following responses to Defendant Michael Genest's Request for Production of

6   Documents.

7                   **Preliminary Statement and General Objections**

8       1.      Plaintiff has not completed his investigation of the facts relating to this

9   case, has not completed his discovery in this action and has not completed their

10  preparation for trial. Therefore, these responses, while based on diligent factual

11  exploration, reflect only Plaintiff's current state of knowledge, understanding, and belief

12  with regard to the matters about which inquiry has been made. Discovery is still

13  ongoing, Defendants have still not produced all documents requested and depositions

14  have not yet been taken. Plaintiff therefore reserves the right to supplement these

15  responses with subsequently obtained or discovered information. With regard to each

16  request for production of documents, Plaintiff reserves the right, notwithstanding these

17  answers and responses, to employ at trial or in any pretrial proceeding herein information

18  subsequently obtained or discovered, information the materiality of which is not presently

19  ascertained, or information Plaintiff does not regard as coming within the scope of the

20  request for production of documents as Plaintiff understands them.

21      2.      These responses are made solely for the purpose of this action. Each

22  answer is subject to all objections as to competence, relevance, materiality, propriety,

23  admissibility, privacy, privilege, and any and all other objections that would require

24  exclusion of any statement contained herein if any such request were asked of, or any

25  statement contained herein were made by, a witness present and testifying in court, all of

26  which objections and grounds are reserved and may be interposed at the time of trial.

27

28

1

1      3.     Subject to and without waiving the foregoing objections, and incorporating
2  them by reference into each of the responses provided below, plaintiff hereby responds as
3  follows.

4  <u>REQUEST FOR PRODUCTION NO. 1:</u>

5      Any and all documents that refer or relate to Plaintiff's allegations in this
6  proceeding.

7  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

8      In addition to the General Objections stated above, Plaintiff objects to this request
9  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not
10 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible
11 evidence.  The Court has already entered a stipulated injunction in this action, and that
12 injunction is expressly in favor of and enforceable by every member of the plaintiff class
13 comprising tens of thousands of inmates.  Because the injunction has now been entered in
14 favor of the entire class, the individual circumstances of the named class representatives
15 are not relevant to these proceedings.  Proof of the relevant legal and factual issues will
16 be based on class-wide circumstances.  Plaintiff also objects to the extent that a response
17 to this request would require disclosure of information protected by the attorney-client
18 privilege, work-product doctrine, or any other applicable privilege.

19 <u>REQUEST FOR PRODUCTION NO. 2:</u>

20     Any and all documents that refer or relate to Plaintiff's receipt of medical care
21 from 2001 to present.

22 <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>

23     In addition to the General Objections stated above, Plaintiff objects to this request
24 on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not
25 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible
26 evidence.  The Court has already entered a stipulated injunction in this action, and that
27 injunction is expressly in favor of and enforceable by every member of the plaintiff class
28 comprising tens of thousands of inmates.  Because the injunction has now been entered in

2

1    favor of the entire class, the individual circumstances of the named class representatives

2    are not relevant to these proceedings. Proof of the relevant legal and factual issues will

3    be based on class-wide circumstances. Plaintiff also objects to the extent that a response

4    to this request would require disclosure of information protected by the attorney-client

5    privilege, work-product doctrine, or any other applicable privilege.

6    REQUEST FOR PRODUCTION NO. 3:

7        Any and all documents that refer or relate to Plaintiff's serious medical

8    condition(s) from 2001 to present.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10        In addition to the General Objections stated above, Plaintiff objects to this request

11    on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

12    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

13    evidence. The Court has already entered a stipulated injunction in this action, and that

14    injunction is expressly in favor of and enforceable by every member of the plaintiff class

15    comprising tens of thousands of inmates. Because the injunction has now been entered in

16    favor of the entire class, the individual circumstances of the named class representatives

17    are not relevant to these proceedings. Proof of the relevant legal and factual issues will

18    be based on class-wide circumstances. Plaintiff also objects to the extent that a response

19    to this request would require disclosure of information protected by the attorney-client

20    privilege, work-product doctrine, or any other applicable privilege.

21    REQUEST FOR PRODUCTION NO. 4:

22        Any and all documents that refer or relate to Plaintiff's request for a prison release

23    order in this proceeding.

24    RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

25        In addition to the General Objections stated above, Plaintiff objects to this request

26    on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

27    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

28    evidence. The Court has already entered a stipulated injunction in this action, and that

3

1   injunction is expressly in favor of and enforceable by every member of the plaintiff class

2   comprising tens of thousands of inmates. Because the injunction has now been entered in

3   favor of the entire class, the individual circumstances of the named class representatives

4   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

5   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

6   to this request would require disclosure of information protected by the attorney-client

7   privilege, work-product doctrine, or any other applicable privilege.

8   REQUEST FOR PRODUCTION NO. 5:

9       Any and all documents that refer or relate to Plaintiff's contention in this

10   proceeding that overcrowding is a cause of Plaintiff's inability to receive constitutionally

11   adequate medical care.

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

13       In addition to the General Objections stated above, Plaintiff objects to this request

14   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

15   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

16   evidence. The Court has already entered a stipulated injunction in this action, and that

17   injunction is expressly in favor of and enforceable by every member of the plaintiff class

18   comprising tens of thousands of inmates. Because the injunction has now been entered in

19   favor of the entire class, the individual circumstances of the named class representatives

20   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

21   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

22   to this request would require disclosure of information protected by the attorney-client

23   privilege, work-product doctrine, or any other applicable privilege.

24   REQUEST FOR PRODUCTION NO. 6:

25       Any and all journals or diaries by Plaintiff from 2001 to the present that refer or

26   relate to Plaintiff's request for a prisoner release order in this proceeding.

27   RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

28       In addition to the General Objections stated above, Plaintiff objects to this request

4

1   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

2   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

3   evidence. The Court has already entered a stipulated injunction in this action, and that

4   injunction is expressly in favor of and enforceable by every member of the plaintiff class

5   comprising tens of thousands of inmates. Because the injunction has now been entered in

6   favor of the entire class, the individual circumstances of the named class representatives

7   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

8   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

9   to this request would require disclosure of information protected by the attorney-client

10  privilege, work-product doctrine, or any other applicable privilege.

11  <u>REQUEST FOR PRODUCTION NO. 7:</u>

12          Any and all correspondence, including, but not limited to letters and memoranda,

13  by and between Plaintiff and any other person that refer or relate to the allegations in this

14  proceeding.

15  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7:</u>

16          In addition to the General Objections stated above, Plaintiff objects to this request

17  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

18  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence. The Court has already entered a stipulated injunction in this action, and that

20  injunction is expressly in favor of and enforceable by every member of the plaintiff class

21  comprising tens of thousands of inmates. Because the injunction has now been entered in

22  favor of the entire class, the individual circumstances of the named class representatives

23  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

24  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

25  to this request would require disclosure of information protected by the attorney-client

26  privilege, work-product doctrine, or any other applicable privilege.

27  <u>REQUEST FOR PRODUCTION NO. 8:</u>

28          Any and all notes, writings, or drafts that refer or relate to Plaintiff's allegations in

1    this proceeding.

2    RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

3         In addition to the General Objections stated above, Plaintiff objects to this request

4    on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

5    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. The Court has already entered a stipulated injunction in this action, and that

7    injunction is expressly in favor of and enforceable by every member of the plaintiff class

8    comprising tens of thousands of inmates. Because the injunction has now been entered in

9    favor of the entire class, the individual circumstances of the named class representatives

10   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

11   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

12   to this request would require disclosure of information protected by the attorney-client

13   privilege, work-product doctrine, or any other applicable privilege.

14   REQUEST FOR PRODUCTION NO. 9:

15        Any and all photographs that refer or relate to Plaintiff's allegations in this

16   proceeding.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

18        In addition to the General Objections stated above, Plaintiff objects to this request

19   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

20   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

21   evidence. The Court has already entered a stipulated injunction in this action, and that

22   injunction is expressly in favor of and enforceable by every member of the plaintiff class

23   comprising tens of thousands of inmates. Because the injunction has now been entered in

24   favor of the entire class, the individual circumstances of the named class representatives

25   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

26   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

27   to this request would require disclosure of information protected by the attorney-client

28   privilege, work-product doctrine, or any other applicable privilege.

6

PLAINTIFF MYELLE'S RESPONSE TO DEFENDANT MICHAEL GENEST'S REQUEST FOR PRODUCTION OF
DOCUMENTS, NOS.: CIV S 90-0520 LKK-JFM P, C01-1351 TEH

1    REQUEST FOR PRODUCTION NO. 10:

2           Any and all drawings that refer or relate to Plaintiff's allegations in this

3    proceeding.

4    RESPONSE TO REQUEST FOR PRODUCTION NO 10:

5           In addition to the General Objections stated above, Plaintiff objects to this request

6    on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

7    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

8    evidence. The Court has already entered a stipulated injunction in this action, and that

9    injunction is expressly in favor of and enforceable by every member of the plaintiff class

10   comprising tens of thousands of inmates. Because the injunction has now been entered in

11   favor of the entire class, the individual circumstances of the named class representatives

12   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

13   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

14   to this request would require disclosure of information protected by the attorney-client

15   privilege, work-product doctrine, or any other applicable privilege.

16   REQUEST FOR PRODUCTION NO. 11:

17          Plaintiff's entire file that refers or relates to this proceeding.

18

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

20          In addition to the General Objections stated above, Plaintiff objects to this request

21   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

22   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

23   evidence. The Court has already entered a stipulated injunction in this action, and that

24   injunction is expressly in favor of and enforceable by every member of the plaintiff class

25   comprising tens of thousands of inmates. Because the injunction has now been entered in

26   favor of the entire class, the individual circumstances of the named class representatives

27   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

28   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

7

1   to this request would require disclosure of information protected by the attorney-client

2   privilege, work-product doctrine, or any other applicable privilege.

3   **REQUEST FOR PRODUCTION NO. 12:**

4        Any and all other documents or things that refer or relate to this proceeding.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6        In addition to the General Objections stated above, Plaintiff objects to this request

7   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

8   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

9   evidence. The Court has already entered a stipulated injunction in this action, and that

10  injunction is expressly in favor of and enforceable by every member of the plaintiff class

11  comprising tens of thousands of inmates. Because the injunction has now been entered in

12  favor of the entire class, the individual circumstances of the named class representatives

13  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

14  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

15  to this request would require disclosure of information protected by the attorney-client

16  privilege, work-product doctrine, or any other applicable privilege.

17  **REQUEST FOR PRODUCTION NO. 13:**

18       Any and all documents that Plaintiff identified in response to interrogatory No. 4

19  of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Plata.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21       In addition to the General Objections stated above, Plaintiff objects to this request

22  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

23  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

24  evidence. The Court has already entered a stipulated injunction in this action, and that

25  injunction is expressly in favor of and enforceable by every member of the plaintiff class

26  comprising tens of thousands of inmates. Because the injunction has now been entered in

27  favor of the entire class, the individual circumstances of the named class representatives

28  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

8

1  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

2  to this request would require disclosure of information protected by the attorney-client

3  privilege, work-product doctrine, or any other applicable privilege.

4  **REQUEST FOR PRODUCTION NO. 14:**

5      Any and all documents that Plaintiff identified in response to interrogatory No. 7

6  of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Plata.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8      In addition to the General Objections stated above, Plaintiff objects to this request

9  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

11  evidence. The Court has already entered a stipulated injunction in this action, and that

12  injunction is expressly in favor of and enforceable by every member of the plaintiff class

13  comprising tens of thousands of inmates. Because the injunction has now been entered in

14  favor of the entire class, the individual circumstances of the named class representatives

15  are not relevant to these proceedings. Proof of the relevant legal and factual issues will

16  be based on class-wide circumstances. Plaintiff also objects to the extent that a response

17  to this request would require disclosure of information protected by the attorney-client

18  privilege, work-product doctrine, or any other applicable privilege.

19  **REQUEST FOR PRODUCTION NO. 15:**

20      Any and all documents that Plaintiff identified in response to interrogatory No. 10 of

21  Defendant Michael Genest's First Set of Interrogatories to Plaintiff Plata.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

23      In addition to the General Objections stated above, Plaintiff objects to this request

24  on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

25  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

26  evidence. The Court has already entered a stipulated injunction in this action, and that

27  injunction is expressly in favor of and enforceable by every member of the plaintiff class

28  comprising tens of thousands of inmates. Because the injunction has now been entered in

9

1    favor of the entire class, the individual circumstances of the named class representatives

2    are not relevant to these proceedings. Proof of the relevant legal and factual issues will

3    be based on class-wide circumstances. Plaintiff also objects to the extent that a response

4    to this request would require disclosure of information protected by the attorney-client

5    privilege, work-product doctrine, or any other applicable privilege.

6    **REQUEST FOR PRODUCTION NO. 16:**

7        Any and all documents that Plaintiff identified in response to interrogatory No. 13

8    of Defendant Michael Genest's First Set of Interrogatories to Plaintiff Plata.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO 16:**

10       In addition to the General Objections stated above, Plaintiff objects to this request

11   on the grounds that it is vague, ambiguous, and overbroad, and it seeks information not

12   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

13   evidence. The Court has already entered a stipulated injunction in this action, and that

14   injunction is expressly in favor of and enforceable by every member of the plaintiff class

15   comprising tens of thousands of inmates. Because the injunction has now been entered in

16   favor of the entire class, the individual circumstances of the named class representatives

17   are not relevant to these proceedings. Proof of the relevant legal and factual issues will

18   be based on class-wide circumstances. Plaintiff also objects to the extent that a response

19   to this request would require disclosure of information protected by the attorney-client

20   privilege, work-product doctrine, or any other applicable privilege.

21   DATED:  November 13, 2007      PRISON LAW OFFICE

22

23

    By: _____

24           VIBEKE NORGAARD MARTIN

25           Attorneys for Plaintiffs
        RALPH COLEMAN, et al.

26           MARCIANO PLATA, et al.

27

28

10

1  PROOF OF SERVICE

2  I am over 18 years of age, not a party to this action and employed in the County

3  of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-

4  4067. I am readily familiar with the practice of this office for collection and processing of

5  correspondence for mailing with the United States Postal Service and correspondence is

6  deposited with the United States Postal Service that same day in the ordinary course of business.

7  Today I served the attached:

8  **PLAINTIFF PLATA'S RESPONSE TO DEFENDANT**
**MICHAEL GENEST'S REQUEST FOR PRODUCTION**
9  **OF DOCUMENTS**

10  by causing a true and correct copy of the above to be placed in the United States Mail at San

11  Francisco, California in sealed envelope(s) with postage prepaid, addressed as follows:

12

13  ROCHELLE EAST                             MARTIN J. MAYER
Deputy Attorney General                   Jones & Mayer
14  Office of the Attorney General            3777 North Harbor Blvd.
455 Golden Gate Avenue, Suite 11000       Fullerton, CA 92835
15  San Francisco, CA 94102

16  STEVEEN S. KAUFHOLD                       RONALD YANK
Akin Gump Strauss Hauer & Feld LLP        Carroll, Burdick & McDonough, LLP
17  580 California Street, 15th Floor         44 Montgomery Street, Suite 400
San Francisco, CA 94104-1036              San Francisco, CA 94104
18

19  ROD PACHECO                               BENJAMIN C. SYBESMA
Office of the District Attorney           California Correctional Peace Officers'
20  County of Riverside                       Association Legal Department
4075 Main Street, First Floor             755 Riverpoint Drive, Suite 200
21  Riverside, CA 92501                       W. Sacramento, CA 95605

22  ANN MILLER RAVEL                          STEVEN WOODSIDE
23  Office of the County Counsel              Office of the County Counsel
County of Santa Clara                     County of Sonoma
24  70 West Hedding, East Wing, 9th Floor     575 Administration Dr., Room 105A
San Jose, CA 95110                        Santa Rosa, CA 95403
25

26

27

28

11

PAUL B. MELLO
Deputy Attorney General
Hanson Bridgett Marcus Vlahos & Rudy
333 Market Street, 21st Floor
San Francisco, CA 94105

CHARLES ANTONEN
Deputy Attorney General
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-3664

STEPHEN SHANE STARK
Office of the County Counsel
County of Santa Barbara
105 E. Anapamu Street, Room 201
Santa Barbara, CA 93101

DENNIS BUNTING
Office of the County Counsel
County of Solano
675 Texas Street, Suite 6600
Fairfield, CA 94533

MICHAEL MURPHY
Office of the County Counsel
County of San Mateo
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063

SILVANO B. MARCHESI
Office of the County Counsel
County of Contra Costa
651 Pine Street, 9th Floor
Martinez, CA 94553

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct and that this declaration was executed on November 13,

2007.

_____
Rosaleen B. Doran

PLAINTIFF MYELLE'S RESPONSE TO DEFENDANT MICHAEL GENEST'S REQUEST FOR PRODUCTION OF
DOCUMENTS, NOS.: CIV S 90-0520 LKK-JFM P, C01-1351 TEH