EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA TILLMAN – State Bar No. 126424
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94255
Telephone: (916) 327-7872
Facsimile: (916) 324-5205
Lisa.tillman@doj.ca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RAlPH COLEMAN, et al., | No. 90 CV000520-LKK JFM P |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE TO NOVEMBER 13, 2007 ORDER TO SHOW CAUSE** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

On November 13, 2007, this Court, and the *Coleman*, *Perez*, and *Armstrong* Courts, issued an Order to Show Cause (OSC) why an agreement reached by Receiver in *Plata*, the Special Master in *Coleman*, and the Court Representatives in *Perez* and *Armstrong* "should not be adopted as an order of the court." Defendants do not object to the agreement which provides that the *Plata* Receiver "will assume leadership responsibility" for three construction projects: (1) construction of the new medical center at San Quentin; (2) addition of temporary and permanent clinical, office, supply, and record space at various CDCR facilities; and (3) construction of

- 1 -

approximately 5,000 medical and approximately 5,000 mental health beds.[1] Nor do Defendants object to the characterization that the new medical center at San Quentin be funded through Assembly Bill (AB) 900 in that the funding authority of Senate Bill (SB) 99 reduces the funding authority of AB 900. However, the Court should be aware that SB 99 includes state contracting authority waivers not in existence in AB 900. Defendants do not object to the characterization that the approximately 8,000 medical and mental health beds will be funded through AB 900.

While they do not object to the agreement attached to the November 13, 2007 OSC, Defendants request that the Receiver in *Plata*, the Special Master in *Coleman*, and the Court Representatives in *Perez* and *Armstrong* continue to collaborate with the Defendants, including Defendant CDCR, on these important construction projects. Defendants also request that CDCR be the lead agency with respect to the EIR and CEQA processes associated with the projects. Finally, Defendants request, as set forth in the agreement attached to the OSC, that the Receiver in *Plata*, the Special Master in *Coleman*, and the Court Representatives in *Perez* and *Armstrong* make every attempt to seek Legislative action or use existing bond financing to fund these important construction projects.

DATED: November 26, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Lisa Tillman
LISA TILLMAN
Deputy Attorney General
Attorneys for Defendants

---

[1] The OSC provides that the new San Quentin Medical Center will be "ADA compliant" and that the approximately 10,000 medical and mental health beds will be "designed and built to be in full compliance with applicable provisions of the ADA Accessibility Guidelines." On the other hand, the OSC states that the additional temporary and permanent clinical, office, supply, and record space at various CDCR facilities will "conform to *Armstrong* requirements." See OSC, 2:16. Defendants request that if the Court adopts the agreement reached by Receiver in *Plata*, the Special Master in *Coleman*, and the Court Representatives in *Perez* and *Armstrong*, that the Order adopting the agreement provides that the additional temporary and permanent clinical, office, supply, and record space at various CDCR facilities will be *ADA complaint*.