PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br> Plaintiffs, <br> vs. <br> ARNOLD SCHWARZENEGGER, et al., <br> Defendants | No.: Civ S 90-0520 LKK-JFM P <br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br> Plaintiffs, <br> vs. <br> ARNOLD SCHWARZENEGGER, et al., <br> Defendants | No. C01-1351 TEH <br> **THREE-JUDGE COURT** <br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND STATEMENT OF FACTS ................................................................. 1

ARGUMENT ............................................................................................................................. 6

    I.     Defendants Fail to Satisfy The Legal Standard for Reconsideration ...................... 6

    II.    Defendants' Motion For Reconsideration Should Be Denied and the Court Should Order Immediate Production of the Withheld Documents ......................... 7

    III.   Defendants' Continuing Violations of the Court's Orders Regarding Submission of Documents Are Obstructionist and Should Not Be Tolerated ............................................................................................................... 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ainsworth v. Vasquez*,
 759 F. Supp. 1467 (E.D. Cal.1991) .................................................................................. 6

*Bhan v. NME Hospitals*,
 929 F.2d 1404 (9th Cir. 1991) ............................................................................. 6, 7, 10, 11

*Brown v. Wesley's Quaker Maid, Inc.*,
 771 F2d 952 (6th Cir. 1985) ............................................................................................. 6

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991) ......................................................................................................... 11

*Champagne v. Whitman*,
 2006 WL 2522381 (E.D. Cal. Aug. 28, 2006) .................................................................. 6

*Henry v. Sneiders*,
 490 F.2d 315 (9th Cir.) ................................................................................................... 10

*Kona Enters. v. Estate of Bishop*,
 229 F.3d 877 (9th Cir.2000) ............................................................................................ 7

*Maness v. Meyers*,
 419 U.S. 449 (1975) ....................................................................................................... 10

*Nat'l Wildlife Fed'n v. United States Forest Serv.*,
 861 F.2d 1114 (9th Cir. 1988) ......................................................................................... 6

*Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*,
 982 F.2d 363 (9th Cir. 1992) .......................................................................................... 11

*United States v. Armstrong*,
 781 F.2d 700 (9th Cir.1986) ........................................................................................... 10

*United States v. Mine Workers*,
 330 U.S. 258 (1947) ....................................................................................................... 10

*United States v. United States Gypsum Co.*,
 333 U.S. 364 (1948) ......................................................................................................... 6

*United States v. Westlands Water Dist.*,
 134 F. Supp. 2d 1111 (E.D. Cal.2001) ............................................................................. 7

*Weeks v. Bayer*,
 246 F.3d 1231 (9th Cir.2001) ........................................................................................... 6

## STATUTES

U.S.C. § 636(b)(1)(A) ............................................................................................................. 5

# **RULES**

E.D. Local Rule 72-303(b) ................................................................................................................ 6

E.D. Local Rule 72-303(f) ................................................................................................................ 5

Federal Rule of Civil Procedure Rule 37 ...................................................................................... 10

Federal Rule of Civil Procedure Rule 37(b)(2) ............................................................................ 10

Federal Rule of Civil Procedure Rule 72(a) ................................................................................... 5

Plaintiffs oppose Defendants' Motion For Reconsideration of the Magistrate Judge's order that Defendants "submit under seal for in camera review an electronic or a paper copy of every document for which a privilege has been asserted to date." 11/20/07 Order at 3:7-8. Defendants are currently in violation of repeated court orders to submit these documents, dating from November 1, 2007, as well as the Joint Stipulation regarding Defendants' production of documents filed by the parties on November 2, 2007. The facts and arguments presented in Defendants' Motion are misleading as to Defendants' obligation to submit documents for which they are asserting privilege to the Court, and as to Plaintiffs' position regarding Defendants' assertions of privilege. Contrary to Defendants' implication in their Motion, they have been under orders for almost a month to produce, under seal and *in camera*, the documents they have withheld from production based on various assertions of privilege. Defendants' wrongful refusal to comply with the Magistrate Judge's lawful orders and the parties' Joint Stipulation should not be tolerated. Their stalling tactics in the production of documents in this case directly contravene the interests of fairness and judicial efficiency and economy that the Magistrate Judge has sought to achieve.

Defendants' Motion should be denied forthwith and defendants should be directed to immediately comply with the Magistrate Judge's order. Defendants' abuse of the discovery process constitutes sanctionable behavior.

### INTRODUCTION AND STATEMENT OF FACTS

The proceedings before this Court concern a question of the highest public interest: should this Court issue a statewide prisoner release order in order to remedy the severe violations of the Constitutional rights of the *Coleman* and *Plata* classes to adequate medical and mental health care? Recognizing the gravity and urgency of this question, on October 10, 2007, this Court issued an Order setting an accelerated schedule for Phase I of the proceedings. The Court set a discovery cut-off date of December 20, 2007, and a trial date of February 6, 2008.

During the discovery period, however, Defendants have consistently dragged their heels in responding to discovery requests and requests for information about document production

procedures by Plaintiffs.  Declaration of Lori Rifkin In Support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration (hereinafter "Rifkin Decl.") ¶ 2.  Plaintiffs served their first requests for production on Defendants on September 5, 2007.  *Id.*  On September 25, 2007, this Court issued an order clarifying that discovery was open, and ordering that any outstanding discovery requests as of that date would be due within 30 days of the order, or October 25, 2007.  9/25/07 Order at 1:27-2:1.  On October 17, 2007, Plaintiffs served a second set of discovery requests on Defendants.  Rifkin Decl. ¶ 2.  During the week of October 15, Defendants informed Plaintiffs that they would not be producing a single document in response to Plaintiffs' first requests for production on October 25, 2007.  Rifkin Decl. ¶ 2.  In fact, Defendants informed Plaintiffs that they could not even ascertain a schedule by which they might be able to produce documents before November 1, 2007, almost two months after the first set of requests for production were served.  *Id.*  Defendants further refused to provide information to Plaintiffs about the custodians from whom Defendants would be gathering documents, and the process by which Defendants would be identifying potentially responsive documents.  *Id.*

This first dispute about Defendants' production of documents was heard by Magistrate Judge Moulds on October 25, 2007.  During the October 25 hearing, the Magistrate Judge ordered Defendants to produce all documents responsive to Plaintiffs' first requests for production by November 1, 2007, unless the parties otherwise stipulated to another schedule for production.  Declaration of Amy Whelan In Support Of Plaintiffs' Opposition to Defendants' Motion for Reconsideration ("Whelan Decl.") ¶ 2.  On October 30, 2007, Judge Moulds issued a written order confirming his oral ruling.  10/30/07 Order at 5:6-14.

On November 1, 2007, the parties informed the Court via telephone conference that they would be filing a joint stipulation regarding a production schedule for Defendants' production.  Whelan Decl ¶ 3.  The parties stipulated to a "rolling" production schedule commencing November 1, and continuing with weekly productions of documents through November 30.  Rifkin Decl. ¶ 3, Exh. A (Stipulation Regarding Defendants' Rolling

Production, hereinafter "Joint Stipulation") at 3-4.[1]  Defendants agreed to submit a privilege log for each production with the subsequent week's production.  *Id.*

During the November 1, 2007 telephone conference, the Magistrate Judge expressed concern that the Court would receive a huge volume of documents related to privilege issues on November 30, 2007, which is the last date for production of documents set forth in the parties Joint Stipulation.  Whelan Decl. ¶ 3.  To avoid this, the Magistrate Judge directed Defendants to submit to the Court a copy of all documents for which Defendants asserted a privilege at the same time they served the corresponding privilege log on Plaintiffs.  11/20/07 Order at 3:1-4; Whelan Decl. ¶ 3.  Defendants affirmatively acknowledged their obligation to submit to the Court documents withheld as privileged, per the Magistrate Judge's November 1 order, in the parties' Joint Stipulation, filed November 2, 2007. Rifkin Decl. ¶ Exh. A, (Joint Stip.) at 2:25-27 ("At this teleconference, Judge Moulds requested Defendants submit to the Court for in camera review a copy of documents Defendants claim to be privileged on the day each of the privilege logs are served."). Defendants did not seek reconsideration of the Court's November 1, 2007 order.  Whelan Decl. ¶ 4.

To date, Defendants have produced three privilege logs to Plaintiffs, corresponding with their November 1, 9, and 16, 2007 productions.  Rifkin Decl. ¶ 5, Exhs. B, C & D.  These privilege logs themselves total more than 800 pages, and correspond to approximately 50,000 pages of withheld documents, or, by Plaintiffs' estimation, more than 10,000 documents.  Rifkin Decl. ¶ 5.  Defendants are expected to produce two additional privilege logs, corresponding to their November 23 and 30 document productions.  *Id.*  Placing Defendants' privilege logs in context reveals that Defendants are actually withholding on the basis of

---

[1] Although Defendants expressly agreed in this Stipulation to concurrently produce documents responsive to both Plaintiffs' first and second requests for production according to the rolling production schedule (Rifkin Decl. ¶¶ 2-3, Exh. A at 3:2-4), the information Defendants provided to Plaintiffs during meet and confers demonstrated that Defendants had failed to do so.  Defendants' failure to reasonably respond to Plaintiffs' second set of discovery requests was one of the primary issues during the second discovery hearing before the Magistrate Judge on November 19, 2007.  Rifkin Decl. ¶ 3.

privilege claims more than half of the total pages they review.  For example, Defendants produced a total of approximately 31,500 pages of documents to Plaintiffs in their first two productions, and their privilege log reports that for the same productions, Defendants withheld almost 39,000 pages.  Rifkin Decl. ¶ 5.

Defendants, however, have failed to comply with the Magistrate Judge's order and have not submitted to the Court even a single document of the more than 10,000 documents identified in these hundreds of pages of privilege logs.  Rifkin Decl. ¶¶ 8, 10.  In violation of the Court's November 1, 2007 order, and the parties' Joint Stipulation, Defendants did not submit any documents for which they asserted a privilege by the time of the November 19, 2007 discovery hearing.  Rifkin Decl. ¶ 6.  As the Magistrate Judge made very clear during the November 19 hearing, the Court requested the submission of these documents to facilitate the Court's *in camera* review.  Rifkin Decl. ¶ 6.  As the Court anticipated, Plaintiffs have raised objections to Defendants' extremely broad assertions of privilege and asked the Court to set an expedited hearing on this issue during the November 19 hearing.  However, Defendants' failure to timely submit to the Court for in camera review the documents for which they asserted a privilege hampered the Court's ability to address the issue of privilege in an expedited manner.  Rifkin Decl. ¶ 7.

After admonishing Defendants during the November 19, 2007 hearing regarding their failure to submit the documents, the Court, both orally and in a written order, set a December 6 hearing date for the privilege dispute.  The Court ordered Defendants to submit all documents thus far claimed as privileged by the close of business on November 20, 2007, so that the Court would have sufficient time to review the documents at issue.  11/20/07 Order at 3:1-12.   The Court further clarified that any future documents for which any party asserts a privilege shall be submitted under seal within twenty-four hours of service of a privilege log.  *Id.*

Despite the Magistrate Judge's clear direction, Defendants again ignored the Court's order and failed to submit documents for which they asserted a privilege by the close of business on November 20, 2007.  Instead, Defendants filed a motion for reconsideration or, in the alternative, motion for a five-day stay, of the Magistrate Judge's order.  In response to

Defendants' motion, the Court held an expedited telephonic hearing on this matter on November 21, 2007.[2] During this hearing, the Magistrate Judge denied Defendants' motion.

Rather than comply with the Court's multiple orders to submit the documents, Defendants then filed the instant motion for reconsideration by the three-judge Court. Defendants also served Plaintiffs with their third privilege log on November 21, 2007 after the Magistrate Judge denied their motion for reconsideration, but there is no indication that Defendants submitted the corresponding documents to the Court for *in camera* review. Rifkin Decl. ¶¶ 8, 10.

It is now November 26, 2007. Plaintiffs' moving papers regarding objections to Defendants' sweeping assertions of privilege are due November 30 and Defendants' opposition is due December 4. The hearing is set for December 6. Defendants have not submitted any of the thousands of documents at issue to the Court. Even were this Court to order them to do so immediately, Defendants have put the Magistrate Judge in the unenviable position of reviewing 50,000 pages—more than 10,000 documents—in less than two weeks. This is exactly the quandary that the Magistrate Judge informed the parties he was attempting to avoid by directing Defendants to submit documents to the Court on a rolling basis concurrent to the production of privilege logs. Furthermore, if the privilege log Defendants produce on November 30, corresponding with the November 23 production, is similar to the previous logs, the Court will have tens of thousands of additional pages to review by the December 6 hearing.

---

[2] In their Motion before this Court, Defendants imply that they were taken unaware by the November 21 hearing on their motion for reconsideration or a stay. Defs.' Motion at 3:15-25. Contrary to Defendants' insinuation that the timing of the hearing was somehow unfair to Defendants, the Court was actually acting to accommodate Defendants' own belated motion filed at the end of the day on November 20, 2007. In further accommodation of Defendants' last-minute motion, the Court ordered Plaintiffs on the morning of November 21, 2007 to submit any written response to Defendants' Motion by 12:30 p.m. on the same day. Plaintiffs filed their response, consisting of a two-page opposition and two-page declaration, at 12:20 p.m., forty minutes in advance of the hearing. Moreover, although Defendants state that their counsel who were most familiar with the issues were unavailable due to the holiday (Defs.' Motion at 3:20-22), these same counsel participated just two hours earlier in a telephonic meet and confer with Plaintiffs' counsel, and during this meet and confer, in the telephonic presence of Plaintiffs' counsel, spoke with the Court's clerk and directed her to contact Ms. East for participation in the hearing. Rifkin Decl. ¶ 9.

1  Plaintiffs therefore ask this Court to deny Defendants' Motion for reconsideration, and
2  take appropriate measures to enforce the Magistrate Judge's discovery orders.

## ARGUMENT

### I.  Defendants Fail to Satisfy The Legal Standard for Reconsideration

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pre-trial matters may be decided by a magistrate judge.  The standard for review by the district judge is whether the decision of the magistrate judge was "clearly erroneous" or "contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); E.D. Local Rule 72-303(f); *Ainsworth v. Vasquez*, 759 F. Supp. 1467, 1469 (E.D. Cal.1991).  Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. §636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review.  *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F2d 952, 954 (6th Cir. 1985).  A finding is "clearly erroneous" only when the reviewing Court considering the entire evidence is left with the definite and firm conviction that a mistake has been committed.  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988); *Champagne v. Whitman,* 2006 WL 2522381, at *1 (E.D. Cal. Aug. 28, 2006) (noting that to succeed on a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision"); *cf. Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir.2001) (warning that reconsideration standard presents "high hurdle").

Defendants have made no attempt to meet this high standard whatsoever.  They merely disagree with the Court's clear and unambiguous November 1, November 20, and November 21, 2007 orders, which is an insufficient ground for reconsideration.[3]  *United States v.*

---

[3] In fact, Defendants made no timely challenge to the Court's November 1, 2007 direction that they submit to the Court a copy of all documents for which Defendants assert a privilege.  *See* 11/20/07 Order at 3:1-4; *Bhan v. NME Hospitals*, 929 F.2d 1404, 1415 (9th Cir. 1991) (oral discovery order is enforceable).  Defendants confirmed their understanding of the Court's request in the parties' Joint Stipulation filed November 2, 2007.  However, despite this demonstrated understanding of the Court's direction, Defendants subsequently failed to file a single document identified in any of their privilege logs with the Court.  Whelan Decl. ¶ 4; Rifkin Decl. ¶ 6.

1   *Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal.2001) ("A party seeking
2   reconsideration must show more than a disagreement with the Court's decision . . . .").
3      Reconsideration is particularly inappropriate here given that Defendants explicitly
4   agreed to comply with the Court's order in the parties' Joint Stipulation and then nonetheless
5   waited three weeks to move for reconsideration of the ruling by the Magistrate Judge.  *See*
6   E.D. Local Rule 72-303(b) (rulings by Magistrate Judges shall be final if no reconsideration
7   thereof is sought from the Court within ten court days); *Bhan v. NME Hospitals*, 929 F.2d
8   1404, 1415 (9th Cir. 1991) (oral discovery order is enforceable ruling under E.D. Local Rules);
9   *cf. Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000) (holding that a
10  reconsideration motion "may not be used to raise arguments . . . for the first time when they
11  could reasonably have been raised earlier in the litigation").

**II.  Defendants' Motion For Reconsideration Should Be Denied and the Court Should Order Immediate Production of the Withheld Documents**

   Defendants' Motion presents an incomplete and inaccurate description of the facts relevant to this motion.  Defendants are currently in violation of repeated Court orders to produce the actual documents they have withheld as privileged.  Contrary to Defendants' implication in their Motion, they have been under explicit orders for almost a month to produce the documents they have withheld from production based on various assertions of privilege.  To date, Defendants remain in violation of the Court's orders to file the withheld documents.

   Defendants misstate Plaintiffs' position to the extent that Defendants imply Plaintiffs do not favor *in camera* review of the allegedly privileged documents.  Defendants' statement that Plaintiffs "have not sought *in camera* review of the withheld documents," Defs.' Motion at 5:3-9, belies the fact that Plaintiffs believed until the November 19, 2007 hearing that Defendants had been abiding by the Court's November 1, 2007 order and the parties' Joint Stipulation.  Rifkin Decl. ¶ 6; *see also* Pls.' Statement Regarding Discovery Disputes, at 20 n.7.  Plaintiffs subsequently objected to Defendants' belated attempt to stall the production of these documents.  *See* Rifkin Decl. ¶ 13 Exh. E (email from Pls.' counsel to Defs.' counsel

objecting to Defendants' failure to submit documents); Pls.' Opposition to Defs.' Motion for Reconsideration or Stay, *Coleman* Docket No. 2551, filed November 21, 2007.

Plaintiffs agree with the Magistrate Judge that requiring Defendants to file the documents withheld for privilege for *in camera* review on a concurrent schedule with Defendants' production of privilege logs best satisfies judicial interests of efficiency, and is necessary given the short discovery period for this urgent case. During the November 19, 2007 hearing, the Magistrate Judge set a December 6, 2007 hearing date for arguments regarding Plaintiffs' objections to various assertions of privilege by Defendants, including primarily the deliberative process privilege. Plaintiffs explained to the Court that they will be both objecting to the scope of the privileges claimed by Defendants, and arguing that, for many categories of documents withheld, the qualified privilege is overcome by the gravity of the public interest at the heart of this case, and the clear interest of the Court in having accurate and complete facts before it when considering whether to issue a statewide prisoner release order. As the Court recognized at the November 19, 2007 hearing, the December 20, 2007 deadline for pretrial statements and the close of discovery, including depositions, is fast approaching. The only way to swiftly resolve the privilege issues with enough time to provide Plaintiffs meaningful relief is for the Court to have the opportunity to become familiar with the many thousands of documents that Defendants are withholding as privileged well in advance of the December 6, 2007 privilege hearing. In contrast, Defendants have not described any prejudice to them that will occur as a result of filing these documents under seal with the Court.

Moreover, Defendants' focus on the possibility that the parties may be able to resolve their disputes as to certain documents for which Defendants have asserted the attorney-client privilege is misleading and is irrelevant to the efficacy of the Court's decision to require the documents to be produced *in camera*. Rifkin Decl. ¶ 14. The privilege logs produced as of the time of Defendants' Motion, corresponding to only two out of four sets of production, already totaled more than 300 pages and show that Defendants have withheld more than 30,000 pages,

or many thousands of documents, so far.  Rifkin Decl. ¶¶ 5,14, Exhibits B-D (Defendants' privilege logs).[4]  Of these, those withheld based on attorney-client privilege constitute a very small fraction of the total documents withheld.  Defendants have asserted the deliberative process privilege as the basis for the overwhelming majority of the documents they have elected not to produce.  Rifkin Decl. ¶ 14.  Even if there were to be no dispute regarding the documents withheld based on attorney-client privilege, this would not substantially change the production to the Court of documents cited in the privilege log.  Rifkin Decl. ¶ 14.

Furthermore, Defendants again misrepresent Plaintiffs' position as to the attorney-client privilege, as they did in their motion before the Magistrate Judge.  Rifkin Decl. ¶ 12.  Plaintiffs have never agreed to withdraw objections to any of the privileges asserted by Defendants as the basis for withholding documents.  Rifkin Decl. ¶ 12.  Rather, Plaintiffs informed Defendants that, to the extent Defendants wish to correct errors in the privilege log, Plaintiffs will take any additional information Defendants provide into account when determining what objections to raise with the Court.  Rifkin Decl. ¶ 12.

Finally, Plaintiffs have repeatedly told Defendants in numerous meet and confer sessions that they plan to challenge the applicability of the deliberative process privilege – a qualified privilege – as a general matter as well as the means by which Defendants have invoked the privilege.  Rifkin Decl. ¶ 15.  Curing obvious deficiencies in the privilege logs will have little to no impact on these issues.  Rifkin Decl. ¶ 15.  Plaintiffs therefore request that the Court deny Defendants' motion and require immediate *in camera* production of documents so that the proceedings regarding Defendants' assertions of privilege can move forward on the schedule ordered by the Magistrate Judge on November 20, 2007.

---

[4] Since Defendants filed the instant motion they have produced another privilege log.  This privilege log totals almost 500 pages, and corresponds to approximately 19,000 pages of withheld documents.  Rifkin Decl. ¶ 14.

### III. Defendants' Continuing Violations of the Court's Orders Regarding Submission of Documents Are Obstructionist and Should Not Be Tolerated

The obligation of a party to comply with court orders is well established. See, e.g., *United States v. Mine Workers*, 330 U.S. 258, 293, 67 S.Ct. 677, 696 (1947) ("[W]e find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.") A party's disagreement with an order, or intention to appeal the order, is not an excuse for noncompliance. See, e.g., *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 591 (1975)("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."); *United States v. Armstrong*, 781 F.2d 700, 707 (9th Cir.1986)(holding that appellants' desire to appeal a district court order does not relieve them of their obligation to comply with the order because "[a]s the Supreme Court has directed, the proper course of action, unless and until the court's order is invalidated by an appellate court, [is] for appellants to comply. . . .").

In this case, Defendants have acted, and continue to act, in clear violation of the Magistrate Judge's rulings. Defendants have been on notice since the November 1, 2007 telephonic hearing that they were ordered to submit documents for which they assert a privilege with the Magistrate Court for *in camera* review. *See Bhan v. NME Hospitals*, 929 F.2d 1404, 1415 (9th Cir. 1991) ("Discovery sanctions may be imposed for failure to comply with an oral order."); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir.), cert. denied, 419 U.S. 832, 95 S.Ct. 55 (1974) (Rule 37 sanctions may be imposed on a party for disobedience to a court's request in oral proceedings, so long as those proceedings give the party unequivocal notice that a court has asked that certain documents be produced.).

Defendants' purposeful delay in submitting privileged documents shows little regard for this Court's clear direction in its October 10, 2007 scheduling order that proceedings in this

urgent case be pursued in an expedited manner. Defendants' actions also threaten to compromise the Magistrate Judge's ability to conduct discovery proceedings in an expedited fashion. Defendants' obstructionist actions should not be tolerated, and are sanctionable, pursuant either to Rule 37 or as an exercise of the court's inherent powers "to achieve the orderly and expeditious disposition of cases." *See Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (*qu*oting *Chambers v. NASCO, Inc.*, 501 U.S. 32, ----, 111 S.Ct. 2123, 2132 (1991)); *see also Bhan*, 490 F.2d at 318. If Defendants continue to violate the Court's orders, appropriate sanctions should include a finding that Defendants' privilege claims with respect to these documents are deemed waived, monetary sanctions, or other sanctions the Court may deem appropriate in this case. *See* Rule 37(b)(2).

## CONCLUSION

Plaintiffs request that the Court deny Defendants' Motion for Reconsideration, and take appropriate measures to ensure compliance with the Magistrate Judge's discovery orders.

Dated: November 26, 2007                           Respectfully submitted,


*/s/ Lori Rifkin*
Lori Rifkin
Rosen, Bien & Galvan
Attorneys for *Coleman* Plaintiffs and on behalf of *Plata* Plaintiffs