PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>    Plaintiffs, <br><br>    vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br>    Plaintiffs, <br>    vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br>    vs. <br>    Defendants | No. C01-1351 TEH <br><br> **DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

I, Lori Rifkin, declare:

1. I am a member of the Bar of this Court and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration.

2. During the discovery period for the proceedings in this Court regarding Plaintiffs' motion for a prisoner release order, Defendants have consistently dragged their heels in responding to discovery requests and requests for information about document production procedures by Plaintiffs. Plaintiffs served their first requests for production on Defendants on September 5, 2007. On September 25, 2007, this Court issued an order clarifying that discovery was open, and ordering that any outstanding discovery requests as of that date would be due within 30 days of the order, or October 25, 2007. 9/25/07 Order at 1:27-2:1. On October 17, 2007, Plaintiffs served a second set of discovery requests on Defendants. During the week of October 15, Defendants informed Plaintiffs that they would not be producing a single document in response to Plaintiffs' first requests for production on October 25, 2007. In fact, Defendants informed Plaintiffs that they could not even ascertain a schedule by which they might be able to produce documents before November 1, 2007, almost two months after the first set of requests for production were served. Defendants further refused to provide information to Plaintiffs about the custodians from whom Defendants would be gathering documents, and the process by which Defendants would be identifying potentially responsive documents.

3. On November 2, 2007 the parties filed a joint Stipulation Regarding Defendants' Rolling Production ("Stipulation"). A true and correct copy of this Stipulation is attached hereto as **Exhibit A**. The parties stipulated to a "rolling" production schedule commencing November 1, and continuing with weekly productions of documents through November 30. Defendants agreed to submit a privilege log for each production with the subsequent weeks' production.

4. Although Defendants expressly agreed in this Stipulation to concurrently produce documents responsive to both Plaintiffs' first and second requests for production according to the rolling production schedule (Exh. A at 3:2-4), information provided to Plaintiffs during meet and confers demonstrated that Defendants had failed to do so. Defendants' failure to reasonably respond to Plaintiffs' second set of discovery requests was one of the primary issues during the second discovery hearing before the Magistrate Judge on November 19, 2007.

5. To date, Defendants have produced three privilege logs to Plaintiffs, corresponding with their November 1, 9, and 16 productions. Attached hereto as **Exhibits B, C, and D**, respectively, are true and correct copies of these privilege logs. These privilege logs themselves total more than 800 pages, and correspond to approximately 50,000 pages of withheld documents, or, by Plaintiffs' estimation, more than 10,000 documents. Defendants are expected to produce two additional privilege logs, corresponding to their November 23 and 30 document productions. Placing Defendants' privilege logs in context reveals that Defendants are actually withholding on the basis of privilege claims more than half of the total pages they review. For example, Defendants produced a total of approximately 31,500 pages of documents to Plaintiffs in their first two productions, and their privilege log reports that for the same productions, Defendants withheld almost 39,000 pages.

6. Plaintiffs believed until the November 19, 2007 hearing that Defendants had been abiding by the Court's November 1, 2007 order and the parties' Joint Stipulation. However, during the November 19, 2007 hearing, Plaintiffs learned that Defendants had not submitted any documents for which they asserted a privilege by the time. The Magistrate Judge made very clear during the November 19 hearing that the Court requested the submission of these documents to facilitate the court's *in camera* review.

7. Plaintiffs have raised objections to Defendants' extremely broad assertions of privilege and asked the court to set an expedited hearing on this issue during the November 19 hearing. However, Defendants' failure to timely submit to the court for in camera review the documents for which they asserted a privilege hampered the court's ability to address the issue

1  of privilege in an expedited manner.

2      8.    Defendants failed to submit documents for which they asserted a privilege by the
3  close of business on November 20, 2007.  Instead, Defendants filed a motion for
4  reconsideration or, in the alternative, motion for a five-day stay, of the Magistrate Judge's
5  order.  In response to Defendants' motion, the court held an expedited telephonic hearing on
6  this matter on November 21, 2007.  During this hearing, the Magistrate Judge denied
7  Defendants' motion.

8      9.    In their Motion before this Court, Defendants imply that they were taken
9  unaware by the November 21 hearing on their motion for reconsideration or a stay.  Defs.'
10 Motion at 3:15-25.  Contrary to Defendants' insinuation that the timing of the hearing was
11 somehow unfair to Defendants, the Court was actually acting to accommodate Defendants'
12 own belated motion filed at the end of the day on November 20, 2007.   In further
13 accommodation of Defenants' last-minute motion, the Court ordered Plaintiffs on the morning
14 of November 21, 2007 to submit any written response to Defendants' Motion by 12:30 p.m. on
15 the same day.  Plaintiffs filed their response, consisting of a two-page opposition and two-page
16 declaration, at 12:20 p.m., forty minutes in advance of the hearing.  Moreover, although
17 Defendants state that their counsel who were most familiar with the issues were unavailable
18 due to the holiday (Defs.' Motion at 3:20-22), these same counsel participated just two hours
19 earlier in a telephonic meet and confer with Plaintiffs' counsel and during this meet and confer,
20 in the telephonic presence of Plaintiffs' counsel, spoke with the Court's clerk and directed her
21 to contact Ms. East for participation in the hearing.

22     10.    Defendants also served Plaintiffs with their third privilege log on November 21,
23 2007, after the Magistrate Judge denied their motion for reconsideration, but there is no
24 indication  that Defendants submitted the corresponding documents with the court for *in*
25 *camera* review.

26     11.    After the November 19, 2007 discovery hearing, Defendants' counsel Lisa
27 Tillman and I discussed Plaintiffs' concerns about Defendants' assertions of privilege and
28 privilege logs.  Ms. Tillman had not yet reviewed Plaintiffs' emails to Defendants regarding

1   privilege issues nor had she participated in the numerous meet and confer sessions over the
2   past two weeks regarding privilege that Plaintiffs' counsel had already conducted with
3   Defendants' counsel.  I orally provided Ms. Tillman with some examples of the ways in which
4   Plaintiffs' have objected to Defendants' privilege logs as deficient in providing sufficient bases
5   for asserting privileges such as the deliberative process privilege and attorney-client privilege.

6            12.     Defendants again misrepresent Plaintiffs' position as to the attorney-client
7   privilege in their Motion before this Court, as they did in their motion before the Magistrate
8   Judge . Plaintiffs stated on November 19, 2007 that, to the extent that Defendants plan to
9   correct or supply information in updated privilege logs, Plaintiffs do not object to Defendants
10  submitting those updated logs as supplements.  Plaintiffs agreed that if Defendants identify
11  errors in the documents they have submitted, they should correct those errors.  I indicated that
12  we plan to move forward in bringing a motion to compel on the privilege issues, particularly as
13  to the applicability of the deliberative process privilege as a qualified privilege, and would take
14  any additional information Defendants provide into account when determining what objections
15  to raise with the Court.  However, Plaintiffs did not agree to take any privilege issues off the
16  table.

17           13.     Ms. Tillman contacted me on the morning of November 20, 2007 to inform me
18  that Defendants would be filing a motion for reconsideration with the Court regarding
19  Defendants' obligation, pursuant to Court order and the Joint Stipulation, to file privilege logs
20  and documents withheld based on assertions of privilege with the Court at the same time that
21  they produce these logs to Plaintiffs according to the Joint Stipulation.  In an email I sent to
22  Ms. Tillman and other counsel for Defendants, I stated Plaintiffs' position that Defendants'
23  obligation to file documents withheld based on assertions of privilege was clearly stated by the
24  Court multiple times, and set forth in the parties' Joint Stipulation, that a motion for
25  reconsideration by Defendants is not appropriate, and that Plaintiffs do not agree that
26  Defendants should wait to file any of these documents with the Court.  Attached hereto as
27  **Exhibit E** is a true and correct copy of my email to Ms. Tillman, sent Tuesday, November 20
28  at 10:02 a.m.

14.     Defendants' focus on the possibility that the parties may be able to resolve their issues as to certain documents for which Defendants have asserted the attorney-client privilege is misleading and is irrelevant to the efficacy of the Court's decision to require the documents to be produced in camera.  The privilege logs produced as of the time of Defendants' Motion, corresponding to only two out of four sets of production, already total more than 300 pages and show Defendants have withheld more than 30,000 pages and many thousands of documents so far.  Since Defendants filed the instant motion, they have produced another privilege log.  This privilege log totals almost 500 pages, and corresponds to approximately 19,000 pages of withheld documents.  Of these, those withheld based on attorney-client privilege constitute a very small fraction of the total documents withheld.  Defendants have asserted the deliberative process privilege as the basis for the overwhelming majority of the documents they have elected not to produce.  Even if there were to be no dispute regarding the documents withheld based on attorney-client privilege, this would not substantially change the production to the Court of documents cited in the privilege log.

15.     Plaintiffs have repeatedly told Defendants in numerous meet and confer sessions that they plan to challenge the applicability of the deliberative process privilege – a qualified privilege – as a general matter as well as the means by which Defendants have invoked the privilege.  Curing obvious deficiencies in the privilege logs will have little to no impact on these issues.

16.     Plaintiffs have ordered expedited hearing transcripts for the November 19 and November 21, 2007 hearings, but these have not yet been completed.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct, and that this declaration is executed this 26th day of November, 2007, in San Francisco, California.

*/s/ Lori Rifkin*
Lori Rifkin

-6-
DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION, NOS.:  CIV S 90-0520 LKK-JFM P, C01-1351 TEH