

ORIGINAL

**FILED**
**NOV 27 2007**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

```
  1                    UNITED STATES DISTRICT COURT
  2                   EASTERN DISTRICT OF CALIFORNIA
  3                              --o0o--
  4   RALPH COLEMAN, et al.,      ) Case No. 2:90-cv-00520-LKK-JFM
                                  )
  5                  Plaintiffs,  )
                                  ) Sacramento, California
  6        vs.                    ) Wednesday, November 21, 2007
                                  ) 1:14 P.M.
  7   SCHWARZENEGGER, et al.,     )
                                  ) Hearing re: defendants' motion
  8                  Defendants.  ) for reconsideration or, in the
      _____) alternative, motion for stay
  9                                 Of order to produce disk.

 10                       TRANSCRIPT OF PROCEEDINGS
                     BEFORE THE HONORABLE JOHN F. MOULDS
 11                    UNITED STATES MAGISTRATE JUDGE

 12   APPEARANCES:

 13   For Plaintiffs:              LISA ELLS
                                   MICHAEL BIEN
 14                                Rosen, Bien & Galvan, LLP
                                   315 Montgomery Street
 15                                10th Floor
                                   San Francisco, CA   94104
 16                                (415) 433-6830

 17   For Defendants:              ROCHELLE C. EAST
                                   Attorney General's Office
 18                                455 Golden Gate Avenue
                                   Suite 11000
 19                                San Francisco, CA   94102
                                   (415) 703-5843
 20
                                   PAUL B. MELLO
 21                                Hanson, Bridgett, Marcus, Vlahos
                                     and Rudy
 22                                333 Market Street, Suite 2100
                                   San Francisco, CA   94015
 23                                (650) 233-4096

 24   Court Recorder:              (UNMONITORED)
                                   U.S. District Court
 25                                501 I Street, Suite 4-200
                                   Sacramento, CA   95814
                                   (916) 930-4193
```

ii

1  APPEARANCES (Cont.):

2  Transcription Service:           Petrilla Reporting &
                                        Transcription
3                                   5002 - 61st Street
                                    Sacramento, CA   95820
4                                   (916) 455-3887

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

1

```
 1   SACRAMENTO, CALIFORNIA, WEDNESDAY, NOVEMBER 21, 2007, 1:14 P.M.
 2
 3             (Call to order of the Court.)
 4             THE COURT:  -- in connection with Coleman v.
 5   Schwarzenegger, Plata v. Schwarzenegger and the three-judge
 6   court, I have received and read defendants' motion for
 7   reconsideration for stay, and the declaration in support
 8   thereof, and plaintiffs' opposition and declaration to the same
 9   motions.
10             Would the parties on the telephone please state their
11   appearance?  This telephonic hearing is being recorded.
12             MS. EAST:  This is Rochelle East from the A.G.'s
13   office.
14             MS. ELLS:  This is Lisa Ells for plaintiff.
15             MR. BIEN:  And Michael Bien for plaintiff.
16             MR. MELLOW:  This is Paul Mellow for defendant.
17             THE COURT:  Have defendants' counsel had an
18   opportunity to read the plaintiffs' opposition and declaration
19   in support of the opposition?
20             MS. EAST:  I just received it, Your Honor.  This is
21   Rochelle East.  I think it was filed about 35 or 40 minutes
22   ago.
23             THE COURT:  Mr. Mellow?
24             MR. MELLO:  And I am just reading it now, sir.
25             THE COURT:  All right.  If you'll let me know when
```

1  you're finished, please.
2          (Pause - counsel reading document.)
3          MR. MELLO:  I think I get the gist of the argument,
4  Your Honor.
5          THE COURT:  Ms. East?
6          MS. EAST:  Likewise.
7          THE COURT:  All right.  Did defendants' wish to be
8  heard in support of their motion?
9          MS. EAST:  Yes, Your Honor.  This is Rochelle.
10         I will be -- given the declaration in support of the
11 opposition, I could only add that even as of today that
12 plaintiffs and defense counsel have continued to meet and
13 confer on all issues regarding discovery.
14         In fact, no less than an hour and a half session
15 occurred today, and that -- those, I believe, although I was
16 not at that session, that across the board to virtually all the
17 issues involved in discovery, and certainly those
18 communications have continued, and will continue into next
19 week.
20         THE COURT:  Anything further for plaintiffs?
21         MS. ELLS:  Your Honor, Lisa Ells for plaintiff.  Can
22 I make a brief response please?
23         THE COURT:  Yes.
24         MS. ELLS:  The meet and confer sessions this morning
25 didn't at all pertain to the privilege assertion.  It didn't

1   cover that at all.
2          THE COURT: All right. The -- I have a couple of
3   questions for plaintiffs' counsel.
4          The motion for -- the declaration in support of the
5   motion to reconsider made it clear that this was a motion --
6   styled as a motion for reconsideration, but one that was
7   directed to me, although it's easy to get confused in this
8   area, because the procedure for seeking District Court review
9   of a magistrate judge's discovery order is also statutorily
10  called a motion to reconsider.
11         But I have presumed, due to the nature of the
12  argument, that it was aimed for my consideration. Am I correct
13  about that?
14         MS. EAST: Yes, Your Honor. It was.
15         THE COURT: All right. The motion to reconsider and
16  the declaration in support thereof discuss at -- to the extent
17  that privileges are discussed at all, it discusses documents
18  subject to the attorney/client privilege.
19         And then in the affidavit there is mention, but no
20  discussion of the fact that a variety of other claims of
21  privilege, or something akin to a privilege, such as a
22  deliberative process privilege, the privacy issue, and a couple
23  of others that I would have to go back to the document to
24  refresh my memory about.
25         What is the volume of documents that the defendants

4

1  are asserting the attorney/client privilege in?
2          MS. EAST:  Your Honor, this is Rochelle.
3          And this is certainly a moving target, because we are
4  literally having 40 to 60 people per day reviewing documents.
5  So that number changes, and I have to be honest that I don't
6  know what the most recent number is.  I am sure it is -- it is
7  at least several hundred, and possibly a thousand documents.  I
8  just don't know the numbers of -- today I don't know the exact
9  number.
10         THE COURT:  Is that documents or pages?
11         MS. EAST:  They're probably -- oh, I would say there
12 are hundreds of documents.  I don't know the number of pages.
13         MR. MELLO:  Your Honor, this is Mr. Mello.  I
14 actually believe that it's thousands of documents, but again,
15 neither Ms. East or I know right now exactly.
16         THE COURT:  Okay.
17         MS. EAST:  And Your Honor, I would add that part of
18 the reason for that, and for what would seem to be a large
19 number of attorney/client privileged documents is that the
20 computers for the -- counsel for the Governor, for example, and
21 for Mr. Tilton were all imaged, and they were not left out of
22 the discovery process.
23         It seemed to us that that might have been an
24 efficient way to simply take out those attorney/client
25 documents.  But their computers were imaged in the process of

5

1  collecting discovery, so there are, of necessity, a lot of
2  attorney/client privilege documents.
3      THE COURT: And how many documents are there that are
4  being withheld on other claims of privilege? Those ones that
5  are mentioned in Ms. Tillman's declaration?
6      MS. EAST: That would be in the --
7      MR. MELLO: Your Honor, Paul Mello again just real
8  quick for clarification. I actually misunderstood your last
9  question. I was referring to all documents being withheld on
10 privilege, not just the attorney/client privilege. I
11 apologize.
12     MS. EAST: And as to all privileges, Your Honor, I
13 believe that would be -- documents would number in the
14 thousands.
15     THE COURT: Do you have an estimate between 3,000 --
16 or 2,000 and 40,000?
17     MS. EAST: In that range, Your Honor, I probably
18 could give an estimate. I -- they may be 4,000, but I am
19 uncertain.
20     THE COURT: All right.
21     MS. ELLS: Your Honor, may I speak briefly for the
22 plaintiffs?
23     THE COURT: Not right now.
24     MS. ELLS: Okay.
25     THE COURT: I'll get to you in a minute.

1       (Pause)
2           THE COURT: Now, is the motion to reconsider and the
3   motion to stay the order go strictly to the attorney/client
4   privilege documents or to all documents as to which there's a
5   claim of privilege that's been made?
6           MS. EAST: The motion itself goes to all documents
7   that we assert are privileged.
8           THE COURT: Okay. All right. Did plaintiffs wish to
9   be heard further?
10          MS. ELLS: Just very briefly, Your Honor.
11          We haven't had the benefit of seeing the privilege
12  log that's going to be produced this Friday. But as to the
13  previous two privilege logs, attorney/client privilege is
14  asserted as to a very small percentage of the documents. The
15  overwhelming majority are withheld on the basis of deliberative
16  process privilege.
17          THE COURT: All right. It's the defendants'
18  motion -- the two motions are defendants' motions.
19          Is there anything further defendants wish to say in
20  support of their motions?
21          MR. MELLO: I have nothing, Your Honor.
22          MS. EAST: Your Honor, this is Rochelle.
23          Only to the extent that we would again ask that what
24  be produced in camera be truly disputed documents and that we
25  be given the opportunity should that -- should it be possible,

7

1  to meet and confer ahead of time regarding any shortcomings
2  that plaintiffs perceive in our discovery responses.
3          THE COURT:  All right.  Is the matter submitted?
4          MR. MELLO:  Yes.
5          MS. ELLS:  Yes, Your Honor.
6          MR. BIEN:  Yes, Your Honor.
7          MS. EAST:  Yes. Your Honor.
8          THE COURT:  All right.
9          I want to thank the plaintiffs for their filing in
10 this matter.  Excuse me, I'm going --
11         In the opposition -- disregarding the opening
12 paragraph, which goes to the question of the burden on the
13 parties on a motion for reconsideration, and that's the matter
14 with which I do not necessarily agree, the -- it's clear that
15 defendants in this case knew of the direction that the Court
16 had made to the parties during a conference which in the -- in
17 the time frame of this case was a long time ago, and that they
18 further understood the burden of producing the documents
19 simultaneously with a claim of privilege.
20         The reason for this is twofold.  First, given the
21 volume of the production to be made in this case, it appeared
22 likely that there was going to be a large number of documents
23 however we sliced it -- a large number of documents that were
24 going to be at issue on the claims of privilege.
25         The Court's desire to make sure that the privileges

1   were claimed with care was one of the reasons that the Court
2   made the request to the parties, which was acceded to.
3          The other reason is that the Court had already
4   reviewed one of the documents presented by defendants in
5   support of what they claim is the deliberative process
6   privilege, and from that document, it appeared quite likely
7   that the Court would need to review the documents subject to
8   that claim of privilege and further it -- if it heightened my
9   concern that I was going to face a document dump at the time
10  that that need arose.
11         And finally, if you look at the size of the
12  documents, and you've all made a believer out of me that we're
13  talking about a lot of documents, that does not appear to be in
14  dispute by anybody, then the last thing I wanted to do was find
15  myself with the defendants being -- finding it difficult to
16  turn documents over to the Court for review in camera.  When we
17  are closer to the time of the discovery cutoff in this case,
18  all of those factors were part of the original concern about
19  the procedure that I adopted for the documents.
20         I will tell you that nothing that has occurred in
21  this motion for reconsideration has changed any of those
22  factors and I'm still exactly in the same position that I was
23  at the start of this process, except for the fact -- well, I
24  suppose I'm in the same position in all respects, because the
25  one other thing that's the cases, I don't have the documents.

1           I think back to the time at the beginning of this
2  case when discovery had been served, and the three judges in
3  charge of this case started the discovery time from the date of
4  the first hearing where they had an opportunity to consider it,
5  which means that the parties subject to the discovery request
6  got a very effective period of time to consider the requests,
7  and to consider how to deal with them before the time imposed
8  by the Federal Rules of Civil Procedure faced them.
9           And now we have another situation in which an order
10 of this Court, in this case, it's an order of this Court which
11 was received and understood by the parties was suddenly the
12 subject of serious attention on the first day I had an
13 opportunity to say, yes, I meant it.  And the only offer that
14 was made at that time by way of explanation or excuse, was
15 something that was already belied by statements of counsel for
16 defendants.
17          In short, the motion for reconsideration, deemed a
18 motion to reconsider made to this Court is denied, and the
19 request for a stay is denied.
20          Thank you all very much.  We're adjourned.
21          ALL COUNSEL:  Thank you, Your Honor.  Have a nice
22 Thanksgiving.
23          THE COURT:  Well, I can wish everybody a good
24 Thanksgiving.
25          ALL COUNSEL:  Thank you, sir.

1      (Whereupon the hearing in the above-entitled matter was
2  adjourned at 1:32 p.m.)

3                      --o0o--

4                     CERTIFICATE

5      I certify that the foregoing is a correct transcript from
6  the electronic sound recording of the proceedings in the above-
7  entitled matter.

8

9  *[signature: Patricia A. Petrilla]*          November 26, 2007

10 Patricia A. Petrilla, Transcriber

11 AAERT CERT*D-113

12

13

14

15

16

17

18

19

20

21

22

23

24

25