IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

This matter came on for telephonic hearing on November 21, 2007 on defendants' motion for reconsideration by this court[1] and/or for stay of that part of this court's November 19, 2007 order that directed defendants, by close of business on November 20, 2007, to submit for in camera review an electronic or a paper copy of every document for which a privilege has been asserted to date. Lisa Ells, Esq. and Michael Bien, Esq., participated by telephone conference as counsel for plaintiffs. Rochelle East, Supervising Deputy Attorney

---

[1] By the instant motion, defendants sought reconsideration by this court of its order, and not review of the order by the three-judge district court. See, e.g., Motion for Reconsideration, filed November 20, 2007, at 2; see also Transcript of Proceedings, Hearing re: defendants' motion for reconsideration or, in the alternative, mot for stay of order to produce disk, November 21, 2007 (hereafter Transcript), at 3.

1  General, and Paul Mello, Esq., participated by telephone conference as counsel for
2  defendants.
3       On November 1, 2007, this court conducted a teleconference with the parties
4  concerning a schedule for rolling production of documents responsive to plaintiffs' document
5  requests. During the conference, the court requested that defendants submit to the court for
6  in camera review a copy of all documents for which defendants claimed a privilege on the
7  day each privilege log was served. Defendants acknowledged this request and agreed to it.
8  That request was set forth in the stipulation regarding rolling production which was signed
9  by the parties and filed on November 2, 2007.
10      In accordance with the November 2, 2007 stipulation, defendants' first privilege log
11 was served on November 9, 2007 and defendants' second privilege log was served on
12 November 16, 2007. Evidence before the court shows that these two privilege logs total 369
13 pages and that defendants have withheld "almost 39,000 pages" on the grounds of privilege.
14 See Declaration of Lori Rifkin in Support of Plaintiffs' Statement Regarding Discovery
15 Dispute, filed November 19, 2007, at ¶ 40.
16      On November 19, 2007, this court heard argument on additional discovery disputes
17 between the parties. At that hearing the court noted that it had received no documents for
18 which a privilege had been claimed. Defendants acknowledged they had not complied with
19 their agreement to submit documents for in camera review contemporaneously with service
20 of each privilege log.[2] The court therefore made the order for which reconsideration or stay
21 is sought by the instant motion.
22      After review of the papers filed in support of and opposition to the motion, and
23 consideration of the arguments of counsel, the court announced its decision to the parties at
24 the time of the telephonic hearing, as follows.[3]
25 /////

---

[2] At no time prior to the instant motion for reconsideration did defendants seek any form of relief from the court's November 1, 2007 request.

[3] The court's oral ruling is set forth in the Transcript filed November 27, 2007.

2

It is clear to the court that the defendants knew they had been directed by the court to submit for in camera review documents withheld on the basis of privilege. It is also clear to the court that defendants knew that such documents were to be submitted to the court at the time each privilege log was served. There were several reasons the court directed defendants to do this. First, given the volume of production it appeared likely that there were going to be a large number of documents at issue on the claims of privilege. The court therefore wanted to make sure that the privileges were claimed with care. Second, the court had already reviewed one of the documents presented by defendants in support of their claim of a deliberative process privilege. From that document, it appeared likely that the court would be required to review the documents subject to that claim of privilege. Given the tight time for discovery in this case, the court was concerned that it would be required to review a large volume of documents with little time remaining for completion of discovery. Finally, the court wanted to ensure that defendants would be able to present the documents for in camera review without difficulty as discovery wound toward completion.

Nothing in defendants' motion or the arguments presented to the court has alleviated the court's concerns. If anything, the concerns are heightened. The volume of documents for which a privilege has been claimed remains in the tens of thousands, the matter is now set for hearing on December 6, 2007, fourteen days before the date set for completion of discovery, on plaintiffs' challenge to defendants' claims of privilege, and the court does not yet have before it for in camera review the thousands of documents for which a privilege has been claimed.

/////
/////
/////
/////
/////
/////

1    For all of the foregoing reasons, defendants' November 20, 2007 motion for
2 reconsideration by this court of its November 19, 2007 order directing submission of
3 documents for in camera review, and/or for stay of that order, is denied.
4 **IT IS SO ORDERED.**
5 Dated: November 27, 2007.

_____
UNITED STATES MAGISTRATE JUDGE