1

2

3          IN THE UNITED STATES DISTRICT COURTS

4          FOR THE EASTERN DISTRICT OF CALIFORNIA

5          AND THE NORTHERN DISTRICT OF CALIFORNIA

6      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

7      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

8

9    RALPH COLEMAN, et al.,

10                    Plaintiffs,                    NO. CIV S-90-0520 LKK JFM P

11          v.                                       **THREE-JUDGE COURT**

12   ARNOLD SCHWARZENEGGER,
     et al.,
13
                     Defendants.
14

15   MARCIANO PLATA, et al.,

16                    Plaintiffs,                    NO. C01-1351 TEH

17          v.                                       **THREE-JUDGE COURT**

18   ARNOLD SCHWARZENEGGER,                          ORDER DENYING
     et al.,                                         DEFENDANTS' MOTION FOR
19                                                   RECONSIDERATION AND
                     Defendants.                     MOTION FOR STAY OF ORDER
20                                                   TO PRODUCE DISK FOR IN
                                                     CAMERA REVIEW
21

22          These matters come before the Court on Defendants' motion for reconsideration or, in

23   the alternative, motion to stay Magistrate Judge John F. Moulds's order that Defendants

24   produce for in camera review a disk containing all documents for which Defendants assert a

25   privilege.[1]  After carefully considering Defendants' moving papers, Plaintiffs' opposition,

26   and the history of this case, the Court DENIES the motion for the reasons set forth below.

27   _____

28          [1]All discovery disputes in these proceedings have been referred to Magistrate Judge
     Moulds.  Aug. 17, 2007 Order at 4.

**PROCEDURAL HISTORY**

During a telephonic conference on November 1, 2007, and as memorialized in a stipulation signed by the parties later that same day, "Judge Moulds requested Defendants submit to the Court for in camera review a copy of documents Defendants claim to be privileged on the day each of the privilege logs are served." Nov. 1, 2007 Stipulation Regarding Defs.' Rolling Production. The parties stipulated that privilege logs would be produced on a rolling basis, with deadlines set for November 9, 16, 23, and 30, and December 7, 2007. *Id.* at 3-4. While it appears that Defendants have to date complied with their obligation to provide privilege logs to Plaintiffs by the above deadlines, they have not complied with their obligation to submit copies of documents for which the privilege was claimed for in camera review.

On November 19, 2007, Judge Moulds orally ordered Defendants to submit for in camera review by the close of business on November 20, 2007, all documents for which Defendants had to date claimed a privilege. Judge Moulds memorialized his oral order in a written order filed on November 20, 2007, in which he also made clear that, for all future assertions of privilege, documents must be submitted under seal to him within twenty-four hours of service of the privilege log unless the party asserting the privilege has been informed that the opposing party does not contest the assertion of the privilege. Nov. 20, 2007 Order at 3 & n.3.

Defendants sought reconsideration of that order in a motion filed before Judge Moulds on November 20, 2007. Plaintiffs opposed the motion, and Judge Moulds denied Defendants' motion for reconsideration during a telephonic conference on November 21, 2007.

Defendants then filed the instant motion before this Court later that same day. Plaintiffs filed timely opposition papers on November 26, 2007. *See* E.D. Cal. L.R. 72-303(d) (providing that any opposition to a motion for reconsideration of a magistrate judge's ruling before a district court be filed within five court days after service of the motion).

1  **DISCUSSION**

2       This Court's review of Judge Moulds's orders is governed by Federal Rule of Civil

3  Procedure 72 and Eastern District of California Local Rule 72-303.  Under those rules, a

4  party has ten days to seek reconsideration before the district court of a ruling by a magistrate

5  judge; if objections are not filed within that time period, they are deemed waived, and the

6  magistrate judge's ruling is final.  Fed. R. Civ. P. 72(a); E.D. Cal. L.R. 72-303(b).  If timely

7  objections are received, the district court "shall consider such objections and shall modify or

8  set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary

9  to law."  Fed. R. Civ. P. 72(a); *see also* E.D. Cal. L.R. 72-303(f).

10       In this case, Defendants' objections may not have been raised timely because they

11  challenge Judge Moulds's November 1, 2007 order requiring Defendants to submit

12  documents for in camera review on a rolling basis.  The time for raising such objections

13  expired on November 16, 2007, and Defendants did not seek reconsideration before this

14  Court until November 21, 2007.

15       Moreover, even if construed as a timely objection to Judge Moulds's repetition of his

16  earlier ruling orally on November 19 and in writing on November 20, and his denial of

17  Defendants' motion for reconsideration on November 21, Defendants fail to persuade the

18  Court that Judge Moulds's decision was "clearly erroneous or contrary to law."  Fed. R. Civ.

19  P. 72(a).  While Defendants correctly observe that the usual practice is for the parties to meet

20  and confer and then to submit documents for in camera review only after the meet-and-confer

21  process has failed to resolve all disputes, the Court finds Judge Moulds's decisions in this

22  case to be well within his discretion to manage the matters before him.  It is abundantly clear

23  to the Court, as the Court suspects it is to Judge Moulds, that the ongoing meet-and-confer

24  process will not resolve all disputes regarding Defendants' assertions of privilege.  In

25  addition, Judge Moulds did not require the production for in camera review of documents for

26  which no party contests the assertion of a privilege.

27       Given the voluminous nature of the documents at issue, combined with the parties'

28  significant and contentious discovery disputes to date, it was not clearly erroneous for Judge

3

Moulds to request that he be given documents on a rolling basis, even if not all of those documents will ultimately be subject to a motion to compel.  Having the documents in advance will allow Judge Moulds to make a more informed decision on any disputes he must ultimately decide.  If Defendants' proposal were adopted, Judge Moulds would be expected to review for the first time thousands of pages of documents submitted on December 4, 2007, in time for a hearing two days later.  This Court disagrees that Judge Moulds's order will result in an inefficient use of judicial resources, but even if it might, Defendants have failed to persuade the Court that such a finding would be a sufficient basis for this Court to vacate or stay Judge Moulds's ruling.  Nor have Defendants provided any evidence that they will be prejudiced by complying with Judge Moulds's orders to submit documents for in camera review.

Accordingly, with good cause appearing, Defendants' motion for reconsideration or, in the alternative, a stay of Judge Moulds's orders to submit documents for in camera review is DENIED.  Defendants shall submit under seal to Judge Moulds an electronic copy of all documents for which they have claimed a privilege – except for those, if any, for which Plaintiffs have stated they do not contest the assertion of privilege – by no later than 5:00 PM on November 28, 2007.  All other aspects of Judge Moulds's orders remain unchanged.

The Court further notes Plaintiffs' suggestion that sanctions be imposed for Defendants' failure to comply with the discovery orders in this case.  The Court finds this issue best left in the first instance to Judge Moulds's discretion.

**IT IS SO ORDERED.**

Dated:   11/27/07                      _____/s/_____
                                       STEPHEN REINHARDT
                                       UNITED STATES CIRCUIT JUDGE
                                       NINTH CIRCUIT COURT OF APPEALS

4

Dated:   11/27/07

_____
LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:   11/27/07

_____
THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA