PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br>  vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>  vs.<br>  Defendants | No. C01-1351 TEH<br><br>**DECLARATION OF LORI RIFKIN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

I, Lori Rifkin, declare:

1.  I am a member of the Bar of this Court and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Motion to Compel Production of Documents.

2.  On October 4, 2006, Governor Schwarzenegger declared that "a State of Emergency exists within the State of California's prison system." Attached hereto as **Exhibit A** is a true and correct copy of the Prison Overcrowding State of Emergency Proclamation issued by the Governor on October 4, 2006.

3.  Attached hereto as **Exhibit B** is a true and correct copy of Defendant Governor Schwarzenegger's Responses to Plaintiff Coleman's First Set of Interrogatories, received by Plaintiffs on November 13, 2007. Attached hereto as **Exhibit C** is a true and correct copy of Defendant Tilton's Response to Ralph Coleman's Interrogatories, received by Plaintiffs on November 13, 2007.

4.  Since the three-judge panel was convened, Plaintiffs and Defendants have served multiple discovery requests. In their responses to Plaintiffs' requests for production, Defendants have thus far withheld more pages of documents—approximately 50,000—than they have produced. Defendants have withheld these documents based on their assertions of multiple privileges, including primarily the deliberative process privilege. These documents are listed in more than 800 pages of privilege logs that, by Plaintiffs' estimation, refer to more than 10,000 documents.

5.  Defendants have stalled and abused the discovery process at every turn. They have withheld more than 10,000 documents totaling approximately 50,000 pages as privileged, and have not fulfilled their obligations to meaningfully assert these privileges on a document-by-document basis. They have largely ignored, until forced by order of this Court, entire sets of requests for production by Plaintiffs. For almost a month, they ignored the clear order of this Court to submit documents for which they asserted privilege to the Court for in camera

1 review, and when the Court renewed its order, they again failed to comply for another week. Defendants have refused Plaintiffs' requests to update their lengthy privilege logs to eliminate frivolous assertions of privilege and to provide sufficient information to narrow the privilege dispute before this Court.

6. Plaintiffs served their first discovery requests on Defendants on September 5, 2007. Pursuant to an order by the three-judge court, Defendants' responses were due on October 25, 2007. Plaintiffs served a second set of discovery requests on Defendants on October 17, 2007. On October 25, 2007, Defendants responded to Plaintiffs' discovery requests, although they did not produce any documents at that time. In these responses, Defendants objected to Plaintiffs' requests by asserting a variety of privileges.

7. In support of these assertions of privilege, which are primarily claims of deliberative process privilege, Defendants have submitted two sets of declarations from high-level officers at the agency Defendants. True and correct copies of these declarations are attached hereto as **Exhibits D-H** (Declarations of Radavsky, Brown, Kernan, McKeever, Gore, received 10/29/07) and **Exhibits I-M** (Declarations of Gore, Brown, McKeever, Radavdsky, Kernan, received 11/13/07).

8. After receiving the first set of these declarations, Plaintiffs requested on November 5, 2007 that the parties meet and confer to discuss concerns regarding Defendants' response to Plaintiffs' first request for production. The issues Plaintiffs' counsel raised included Defendants' blanket objections to production of information based on various privileges and their global assertions of privilege.

9. On November 6, 2007, Plaintiffs' and Defendants' counsel met and conferred. During the meet and confer, Plaintiffs' counsel raised concerns about the overly broad application of the deliberative process privilege, including identifying weaknesses of the declarations purporting to invoke the privilege. Defendants' counsel indicated that they were not currently planning to supplement the declarations and suggested that a discussion of the privilege was premature because no privilege logs had been produced. The parties agreed to an additional meet and confer session.

10. On November 7, 2007, Plaintiffs' and Defendants' counsel held a follow-up meet and confer to address outstanding issues from the previous conversation. Plaintiffs again raised their objection that Defendants were invoking the deliberative process privilege in an unreasonable and overly broad manner, citing Defendants' response to Plaintiffs' Request for Production Number 1. Defendants' counsel told Plaintiffs' counsel that they were uncertain if the documents identified in their response were actually being withheld on the basis of the privilege and asked that Plaintiffs wait to see the first privilege log, due in two days. Plaintiffs' counsel agreed to do so, but stated that Plaintiffs' would move quickly to challenge the application of the privilege thereafter if necessary. Defendants' counsel agreed with that approach.

11. After the first log was produced on November 9, 2007, showing that one-third of Defendants' responsive pages for the November 1 production had been withheld pursuant to claims of privilege, Plaintiffs requested an urgent meet and confer with Defendants about this issue. In response to a request from Defendants, Plaintiffs sent an email outlining Plaintiffs' objections to the assertions of privilege and provided 20 examples from the 64-page log where the privilege either clearly did not apply or insufficient information was provided to sustain the privilege. A true and correct copy of that email is attached hereto as **Exhibit N**. Defendants responded with a suggestion that Plaintiffs and Defendants wait to meet and confer about privilege issues until December 5, 2007 after document production is completed pursuant to the rolling production schedule. Defendants did agree to conduct a meet and confer on November 16, 2007 limited to the issue of insufficient information in the first privilege log.

12. On Friday, November 16, 2007, Plaintiffs' and Defendants' counsel met and conferred regarding Defendants' assertion of the deliberative process privilege. Defendants indicated that they would revise the November 9 privilege log to address some of the issues identified by Plaintiffs in their email and stated that any hearing in advance of that revision was premature. Defendants stated they had no intention of even narrowing the privilege log to eliminate documents that are clearly not privileged, such as final plans of agencies or letters submitted by agencies to the *Coleman* Special Master or members of the Legislature.

1  Defendants stated that they could provide a revised version of the log by November 27, 2007 at
2  the earliest.  Defendants also suggested waiting until all of the privilege logs were complete on
3  December 7, 2007 before meeting and conferring further or seeking a hearing.  Plaintiffs
4  indicated that Defendants' proposal was unacceptable and advised Defendants of their intent to
5  seek a hearing regarding the application and scope of the privileges asserted by Defendants, as
6  separate from objections to the form of the log, as soon as possible.  Plaintiffs also reminded
7  Defendants that they had first raised their concerns with Defendants' overly broad application
8  of the deliberative process privilege on November 5, 2007 and that the privilege had been
9  discussed in several meet and confer sessions in the time since.  Plaintiffs and Defendants
10 agreed that issues concerning the scope and application of the deliberative process privilege are
11 urgent, and should be heard by the Court.

12       13.     On November 19, the Court conducted a hearing on this matter.  As the Court
13 anticipated, Plaintiffs at the hearing raised objections to Defendants' extremely broad
14 assertions of privilege and asked the court to set an expedited hearing on this issue.  Because
15 Defendants had failed to submit the documents withheld, the Court, both orally at the
16 November 19 hearing and in a written order on November 20, ordered Defendants to submit all
17 documents thus far claimed as privileged by the close of business on November 20, 2007, and
18 set a December 6 hearing date for the privilege dispute so that the court would have sufficient
19 time to review the documents at issue.  The court further clarified that any future documents
20 for which any party asserts a privilege shall be submitted under seal within twenty-four hours
21 of service of a privilege log.

22       14.     Immediately after the November 19 discovery hearing before this Court, I met
23 and conferred with Defendants' counsel regarding the errors and insufficiencies in Defendants'
24 privilege logs.  Defendants' counsel agreed to review and update the logs to correct for obvious
25 errors.  That agreement is memorialized in the Declaration of Lisa Tillman In Support of
26 Defendants' Motion for Reconsideration, or, In the Alternative, Motion for a Stay of Order to
27 Produce Disk on page 2, ¶ 5.

28       15.     On November 27, 2007, Plaintiffs requested via email that Defendants produce

their privilege logs in excel or other document format in which they were created so that they would be more easily searchable, given the volume of the logs. Plaintiffs suggested that this would make it easier to narrow and organize the disputes before the Court.

16. On November 27, I spoke with Defendants' counsel regarding our question in my earlier email of whether Defendants would produce their privilege logs in excel format to us. When I inquired as to the status of Defendants' updates to their privilege logs, Defendants' counsel acknowledged that there are documents identified in the log for which assertions of privilege are plainly erroneous, but stated that "it is incumbent on Plaintiffs" to review Defendants' privilege logs and tell them all of the documents for which they have clearly erroneously asserted privilege so that they can remove them. I responded that Plaintiffs had already provided a list of examples of problems with Defendants' privilege logs, and that Defendants had very clearly committed to doing their own comprehensive review and updating the privilege logs during previous meet and confers. Defendants' counsel then informed me that they are in the process of reviewing tens of thousands of documents and do not have time to complete review and updating of the privilege logs.

17. On November 28, 2007, Defendants' counsel informed Plaintiffs they would not be providing logs in formats other than the "pdf" formats already provided.

18. During a November 1, 2007 telephone conference, this Court expressed concern that the Court would receive a huge volume of documents related to privilege issues on November 30, 2007, which is the last date for production of documents set forth in the parties joint stipulation. 11/27/07 Order at 4-14. To avoid this, the Court directed Defendants to submit to the court a copy of all documents for which Defendants asserted a privilege at the same time they served the corresponding privilege log on Plaintiffs. 11/20/07 Order at 3:1-4. This Court found that "[i]t is clear to the court that the Defendants knew they had been directed by the court to submit for in camera review documents withheld on the basis of privilege. It is also clear to the court that Defendants knew that such documents were to be submitted to the court at the time each privilege log was served." 11/27/07 Order at 3:1-4. Defendants, however, failed to comply with the Court's Order and the Joint Stipulation and did not submit

1 any documents for which they asserted a privilege by the time of the November 19, 2007
2 discovery hearing.

3     19. It is Plaintiffs' understanding that Defendants complied with the three-judge
4 court's November 27, 2007 order to submit the documents for in camera review. Based on the
5 Court's statements during a conference on November 29, 2007, it is Plaintiffs' understanding
6 that the Court has begun in camera review of those documents.

7     20. Defendants have produced three privilege logs to Plaintiffs, corresponding with
8 their November 1, 9, and 16 productions. These privilege logs themselves total more than 800
9 pages, and correspond to approximately 50,000 pages of withheld documents, or, by Plaintiffs'
10 estimation, more than 10,000 documents. Defendants are expected to produce two additional
11 privilege logs, corresponding to their November 23 and 30 document productions. Placing
12 Defendants' privilege logs in context reveals that Defendants are actually withholding on the
13 basis of privilege claims more than half of the total pages they review. For example,
14 Defendants produced a total of approximately 31,500 pages of documents to Plaintiffs in their
15 first two productions, and their privilege log reports that for the same productions, Defendants
16 withheld almost 39,000 pages.

17     21. The documents Defendants are withholding that are relevant to the defenses
18 Defendants have raised thus far in the case would likely be used by Plaintiffs at trial in their
19 case-in-chief and for impeachment purposes.

20     22. To date, Defendants have not produced a single updated privilege log.

21     23. Attached hereto as **Exhibit O** is a true and correct copy of the parties' fully
22 executed "Clawback Agreement."

23     I declare under penalty of perjury that the foregoing is true and correct, and that this
24 declaration is executed this 30th day of November 2007 in San Francisco, California.

25
26                                */s/ Lori Rifkin*
                                Lori Rifkin
27
28