# EXHIBIT D

1 │ EDMUND G. BROWN JR.
    │ Attorney General of the State of California
2 │ DAVID S. CHANEY
    │ Chief Assistant Attorney General
3 │ FRANCES T. GRUNDER
    │ Senior Assistant Attorney General
4 │ ROCHELLE C. EAST
    │ Supervising Deputy Attorney General
5 │ MISHA D. IGRA, State Bar No. 208711
    │ Deputy Attorney General
6 │   1300 I Street, Suite 125
    │   P.O. Box 944255
7 │   Sacramento, CA 94244-2550
    │   Telephone: (916) 324-5388
8 │   Fax: (916) 324-5205
    │   Email: Misha.Igra@doj.ca.gov
9 │
    │ Attorneys for Defendants

RECEIVED

OCT 2 9 2007

Rosen, Bien & Galvan

11        IN THE UNITED STATES DISTRICT COURT

12       FOR THE EASTERN DISTRICT OF CALIFORNIA

13      AND THE NORTHERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| MARCIANO PLATA, et al., | No. C 01-1351 TEH |
| Plaintiffs, | **THREE JUDGE COURT** |
| v. | **DECLARATION OF** |
| ARNOLD SCHWARZENEGGER, et al., | **CYNTHIA A. RADAVSKY** |
| | **REGARDING PRIVILEGED** |
| Defendants. | **DOCUMENTS** |

27        I, Cynthia A. Radavsky, declare:

28        1. I am employed in the position of Deputy Director of Long-Term Care Services with

the Department of Mental Health (DMH) of the Health and Human Services Agency. I have

been employed by the Department of Mental Health since October 1995 and have held the

following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant

Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long

Term Care Services from 2006 to present.

2. I have personal knowledge of the facts stated in this declaration and if called to testify

upon those facts would do so competently.

3. In my position with DMH, I am familiar with the missions, policies, staffing, and

operations of each of the state hospitals. I am responsible for overseeing the inpatient care

provided to CDCR Inmate-patients at Atascadero State Hospital, Coalinga State Hospital and

Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of

DMH programs within California Department of Correction and Rehabilitation (CDCR)

facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas

Valley Psychiatric Program at Salinas Valley State Prison.

4. I am responsible for ensuring DMH provides appropriate responses to and complies

with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in

preparing and developing Defendants' August 2007 mental health bed plan. I also participated in

the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range

Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of

December 2006. I am participated in the development of the pay parity plans approved by this

Court for DMH clinicians. I also participated in developing the DMH response to court orders

for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan

for Coalinga State Hospital. Each of these referenced documents have been filed with the

*Coleman* court and provided to counsel. I oversee the preparation and implementation of the

operating interagency agreements and memoranda of understanding between DMH and CDCR

to provide acute and intermediate care inpatient beds to CDCR inmates. Those interagency

documents and memoranda of understanding have been submitted to Special Master Keating and

Plaintiffs' counsel for review.

Decl. of Cindy Radavsky Re: Privileged Documents

1    5. I am also responsible for DMH's responses to other litigation matters, ranging from

2    habeas petitions filed by patients to the action brought by the United States Department of

3    Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the

4    CRIPA case).    6. I have reviewed Plaintiffs' Request for Production of Documents, Set

5    One, propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*,

6    Case No. CIV S90-0520 LKK JFM P, and *Plata v. Schwarzenegger*, Case No. C01-1351 TEH. I

7    am familiar with the documents generated by the Department of Mental Health which may be

8    responsive to Plaintiffs' requests. Certain items within those categories of documents are

9    privileged.

10    7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am

11    familiar with this agency's analysis, regulations, policies, practices, and procedures concerning

12    its involvement with prisons of the California Department of Corrections and Rehabilitation. In

13    addition, I am familiar with, and an instrumental participant in, development of such analysis,

14    policies and procedures. I am also familiar with the process associated with the derivation of

15    the budget and the development of draft budget change proposals for internal review and

16    revision and for ultimate submission to the Office of the Governor for final approval.

17    8. Policy, planning and procedural documents are drafted, revised, discussed, debated

18    and redrafted before finalization. Although the final product will be produced, DMH maintains

19    as privileged those drafts or other documents reflecting internal analysis, deliberation and

20    discussion prior to adoption of the final product. Such documents include patient planning

21    committee notes, draft budget change proposals, legal opinions prepared by in-house counsel for

22    DMH staff, legal memoranda prepared relative to ongoing litigation (such as this case and the

23    CRIPA case), position papers and draft cost summaries.

24    9. When requested, DMH takes an advisory role relative to treatment of CDCR inmate-

25    patients in advance of adoption of plans, policies and procedures. These functions are performed

26    on a continuing basis. In addition, modifications to policies and procedures may be developed

27    through self-evaluations conducted internally. Information gathered and derived for purposes of

28    policy planning and analysis is considered confidential and is maintained in a confidential

Decl. of Cindy Radavsky Re: Privileged Documents

1  manner. Finally, many of DMH's policies and procedures are derived based upon budgetary and

2  fiscal information for which the Governor has final approval.

3        10. I have caused documents in the possession of DMH to be provided to counsel for the

4  Defendants in response to Plaintiffs' Request for Production of Documents, Set One. These

5  documents include draft unadopted planning documents, budget change proposal packages,

6  associated e-mails, documents developed to activate internal debate and analysis, official

7  information which is not made available to the public, and communications with DMH's staff

8  attorneys and the Attorney General's Office regarding pending and anticipated litigation.

9        11. Many documents provided to counsel for Defendants are pre-decisional and bear on

10  the formulation or exercise of DMH's judgment. These materials were part of the deliberative

11  policy-making process which led to a final decision, or are leading to a future final decision,

12  regarding DMH's budget, policies, procedures and treatment of CDCR inmate-patients. Such

13  documents include recommendations, draft documents, proposals, legal comments, and other

14  documents which reflect the personal opinion of the individual writers rather than the policy of

15  DMH.

16        12. Many potentially responsive documents were derived from a complex set of

17  treatment considerations, judgments, projections, other rules and regulations, and the assessment

18  of possible solutions and recommendations. As such, these documents are pre-decisional,

19  deliberative, and should be shielded from discovery because disclosure of the documents may

20  chill future beneficial discourse, self-evaluation and debate.  Furthermore, if individuals

21  working with or for DMH fear that deliberative materials will be made public, the release may

22  deter discussion and development of theories and ideas of benefit to the public.

23        I declare under penalty of perjury the foregoing is true and correct.

24        Executed on _____, 2007, in Sacramento, California.

25

26                                              CYNTHIA A. RADAVSKY
                                               Deputy Director, Long-Term Care Services
27                                             Department of Mental Health

28  3034613A.wpd
    SF2007200670

Decl. of Cindy Radavsky Re: Privileged Documents

                                        4

# EXHIBIT E

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 324-5388
8   Fax: (916) 324-5205
    Email: Misha.Igra@doj.ca.gov
9
   Attorneys for Defendants
10

RECEIVED

OCT 2 9 2007

Rosen, Bien & Galvan

11               IN THE UNITED STATES DISTRICT COURT

12           FOR THE EASTERN DISTRICT OF CALIFORNIA

13           AND THE NORTHERN DISTRICT OF CALIFORNIA

14      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                        Plaintiffs, | **THREE JUDGE COURT** |
| 19        v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                        Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 23                        Plaintiffs, | **THREE JUDGE COURT** |
| 24        v. | **DECLARATION OF** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | **VINCENT P. BROWN REGARDING PRIVILEGED** |
| 26                        Defendants. | **DOCUMENTS** |

27        I, Vincent P. Brown, declare:

28        1.      I am the Chief Deputy Director of the California Department of Finance.

1  In this role, my responsibilities include reviewing the Governor's Budget before its presentation

2  to the Legislature.

3      2.  As delegated to me by the Director of Finance, I act for the Director as a member of

4  the Public Works Board and the Pooled Money Investment Board.  The Department of Finance

5  also provides staff for both Boards.  However, such entities are not parties to this litigation and,

6  therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy

7  Director of the California Department of Finance.

8      3.  I have personal knowledge of the facts stated in this declaration and if called to testify

9  upon those facts would do so competently.

10      4.  I have reviewed Plaintiffs' Request for Production of Documents, Set One,

11  propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV

12  S90-0520 LKK JFM P, and *Plata v. Schwarzenegger*, C01-1351 TEH.  I am familiar with the

13  documents generated by the Department of Finance which may be responsive to Plaintiffs'

14  requests.  Certain items within those categories of documents are privileged.

15      5.  In my capacity as  Chief Deputy Director of the California Department of Finance, I

16  am familiar with the Department of Finance's analysis, policies, practices, and procedures

17  concerning its involvement with the State budget process.  In addition, I am familiar with, and an

18  instrumental participant in, development of such analysis, policies, practices and procedures.  I

19  am also familiar with the process associated with the development of the budget and  the

20  development of draft budget change proposals by State agencies through an internal review

21  process, the review and analysis of those documents by the Department of Finance, and

22  subsequent  revisions for ultimate submission to the Office of the Governor for final approval.

23      6.  Policy, planning and procedural budget documents are drafted, revised, discussed,

24  debated and redrafted before finalization.  Final budget documents have been produced in these

25  cases and will be provided in response to the Request for Production of Documents.  In addition,

26  final budget documents are published on Defendants' website and so are  equally available to

27  Plaintiffs.  The Department of Finance maintains as privileged those documents reflecting

28  internal analysis, deliberation and discussion prior to adoption of the Governor's budget

Decl. of Vincent P. Brown Re: Privileged Documents

2

1  proposal, including: draft budget change proposals, forms containing internal analysis and

2  summation of submitted draft budget change proposals, conference committee notes, position

3  papers, internal communications and draft cost summaries.

4      7.  The Department of Finance takes an advisory role relative to the budget in advance of

5  the appropriation of funds by the Legislature which supports the activities of, and the adoption

6  of, policies, procedures and practices for State agencies.  The Department of Finance's activities

7  are performed on a continuing basis.  Modifications to Department of Finance policies, practices

8  and procedures are developed through self-evaluations conducted internally.  Information

9  gathered and derived for purposes of this process is considered confidential and is maintained in

10  a confidential manner. Finally, many of the Department of Finance's policies and procedures are

11  derived from budgetary and fiscal information for which the Governor has final approval.

12      8.  Those privileged and non-privileged documents in the possession of the Department

13  of Finance that are responsive to Plaintiffs' Request for Production of Documents, have been

14  provided to Defendants' counsel.  Those documents include briefing documents, agendas, draft

15  plans, draft budget change proposals, forms reflecting analysis of budget change proposals,

16  associated e-mails, official information which is not made available to the public,

17  communications with the Office of the Governor and with other Defendants' executive levels,

18  and communications with attorneys regarding pending and anticipated litigation.

19      9.  Many documents provided to counsel for Defendants are pre-decisional and bear on

20  the formulation or exercise of the Department of Finance's fiscal policy-oriented judgment.

21  These materials were part of the deliberative policy-making process which led to a final

22  decision, or are leading to a future final decision, regarding budgetary policies which are the

23  basis for all governmental activities, procedures, regulations, and amendments.  Such documents

24  include draft budget change proposals; analysis of such proposals; draft planning documents;

25  attorney work-product; communications with the Office of the Governor, other Defendants'

26  executive levels, and the Department of Finance's attorneys; and other documents which reflect

27  the professional opinions and suggestions of individuals rather than the policy of a particular

28  agency.

1    10. Many potentially responsive documents reflect complex calculations, judgments,

2  projections, the application of existing laws and regulations, and the assessment of possible

3  solutions and recommendations.  As such, these documents are pre-decisional, deliberative, and

4  should be shielded from discovery because disclosure of the documents may chill future

5  discourse, self-evaluation and critical analysis.   Furthermore, if individuals fear that deliberative

6  materials will be made public, it may deter discussion and development of theories and ideas of

7  benefit to the public.

8    I declare under penalty of perjury the foregoing is true and correct.

9    Executed on _October 25_ , 2007, in Sacramento, California.

10

11    VINCENT P. BROWN
      Chief Deputy Director

12    California Department of Finance

13  J0346053.wpd

14  SF2007200670

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Vincent P. Brown Re: Privileged Documents

4

# EXHIBIT F

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5388
 Fax: (916) 324-5205
 Email: Misha.Igra@doj.ca.gov

Attorneys for Defendants

RECEIVED

OCT 2 9 2007

Rosen, Bien & Galvan

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>              Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>              Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DECLARATION OF SCOTT KERNAN REGARDING PRIVILEGED DOCUMENTS** |

I, Scott Kernan, declare:

1. I am the Chief Deputy Secretary of Adult Operations for the California Department of

Decl. of Scott Kernan re Privileged Documents

1

1    Corrections and Rehabilitation (CDCR). I have been employed by CDCR since 1983.

2         2. I declare the following of my own knowledge and, if called as a witness, would

3    competently testify to the following.

4         3. In my capacity as Chief Deputy Secretary of Adult Operations, I am responsible for

5    overseeing the management and operation of the adult correctional facilities within CDCR. I am

6    familiar with CDCR's regulations, policies, practices, and procedures concerning out-of-state

7    transfers, prison site selection, prison capacity and bed planning as well as rules, regulations,

8    policies and procedures regarding re-entry facilities and the prison parole system. In addition, I

9    am familiar with, and an instrumental participant in, development of such policies and

10   procedures.

11        4. I have reviewed Plaintiffs' Requests for Production of Documents propounded in the

12   Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM

13   P, and *Plata v. Schwarzenegger*, C01-1351 TEH. I am familiar with the documents generated by

14   this agency which may be responsive to Plaintiffs' requests. Certain items within those

15   categories of documents are privileged.

16        5. Plaintiffs' request for production number 24 seeks any all documents which refer or

17   relate to timetables for out of state transfers. I am familiar with those documents which were

18   prepared by a multidisciplinary team of attorneys, clinicians and correctional administrators

19   within CDCR. Defendants have already produced to Plaintiffs the activation schedules for out-

20   of-state transfers indicating dates and numbers of inmates to be transferred. Additional

21   information is available on CDCR's website. However, the disclosure of specific information

22   regarding from where, when and by what means individual inmates will be transferred out-of-

23   state raises grave security concerns for CDCR. As inmates are at times transported on public

24   roadways, the release of detailed information regarding these transports may place the inmates,

25   CDCR escort staff and the public at risk. Publication of security sensitive materials will threaten

26   the defendant's strong interest in preventing disclosure of information regarding security

27   procedures. For these reasons, some documents reflecting out-of-state transfer information will

28   not be disclosed. Defendants will provide descriptions of these privileged documents on

Decl. of Scott Kernan re Privileged Documents

2

1   Defendants' privilege log.

2       6. Documents reflecting architectural specifications, renderings, blueprints,

3   infrastructure layout, building footprints, points of access and construction design details also

4   implicate security concerns. Disclosure of such information would compromise prison security

5   and could endanger staff, inmates and the public. For these reasons, these documents will not be

6   disclosed. Defendants will provide descriptions of these privileged documents on Defendants'

7   privilege log.

8       7. CDCR's policy, planning and procedural documents are drafted, revised, discussed,

9   debated and redrafted before finalization. Finalized documents may address AB 900, sites, out-

10  of-state transfers, beds, re-entry, parole and/or intake policies. Although the final product will

11  be produced, many final documents have already been provided to Court and counsel in these

12  cases and are equally available to Plaintiffs on CDCR's online website. However, CDCR

13  maintains as privileged drafts or other documents reflecting internal analysis, deliberation and

14  discussion prior to adoption of the final product.

15      8. CDCR's policies and procedures are derived and amended by committees of

16  individuals who are assigned to evaluate or modify existing policies and procedures or derive

17  new policies and procedures for this agency. Such policies address a wide array of issues,

18  including security, housing, transfers and population management. Committees function on a

19  continuing basis. In addition, policies and procedures and modifications thereto are developed

20  through self-evaluations and audits conducted internally and in conjunction with other

21  institutions. Information gathered and derived for purposes of policy planning and analysis is

22  considered confidential and is maintained in a confidential manner. Finally, many of CDCR's

23  policies and procedures are derived based upon budgetary and fiscal information for which the

24  Governor and the Legislature have final approval.

25      9. I am also familiar with the process associated with the derivation of the budget and

26  the development of draft budget change proposals for CDCR's internal review and revision

27  which are submitted to the Department of Finance and ultimately submitted to the Office of the

28  Governor for final approval.

Decl. of Scott Kernan re Privileged Documents

3

1      10.  I have provided documents in the possession of CDCR to counsel for the Defendants

2    in response to Plaintiffs' Requests for Production of Documents.  These documents include

3    Budget Change Proposal packages, associated e-mails, documents developed to prompt internal

4    debate and analysis, official information which is not made available to the public,

5    communications with the Office of the Governor and with other Defendants' executive levels,

6    and communications with CDCR's attorneys regarding proposed courses of action as well as

7    pending and anticipated litigation.

8      11.  Many documents provided to counsel for Defendants are pre-decisional and bear on

9    the formulation or exercise of CDCR's policy-oriented judgment.  These materials were part of

10    the deliberative policy-making process which led to a final decision, or are leading to a future

11    final decision, regarding CDCR's policies, procedures, regulations, or amendments.  Such

12    documents include recommendations, draft documents, proposals, analysis, legal comments, and

13    other documents which reflect the personal opinion of the individual writers rather than the

14    policy of CDCR.

15      12.  Many potentially responsive documents were developed through complex analysis of

16    projections, rules and regulations, other State's endeavors, recommendations from staff and the

17    assessment of possible solutions and barriers.  As such, these documents are pre-decisional,

18    deliberative, and should be shielded from discovery because disclosure of the documents may

19    chill future discourse, self-evaluation and critical analysis.   Furthermore, if individuals fear that

20    deliberative materials will be made public, it may deter discussion and development of beneficial

21    theories and ideas.

22      I declare under penalty of perjury the foregoing is true and correct.

23    Executed on _____*10-25*_____, 2007, in Sacramento, California.

24

25    SCOTT KERNAN

26    Chief Deputy Secretary of Adult Operations<br>California Department of Corrections and Rehabilitation

27    30346480.wpd

28    SF2007200670

Decl. of Scott Kernan re Privileged Documents

4

# EXHIBIT G

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
   Deputy Attorney General
6  1300 I Street, Suite 125
   P.O. Box 944255
7  Sacramento, CA 94244-2550
   Telephone: (916) 324-5388
8  Fax: (916) 324-5205
   Email: Misha.Igra@doj.ca.gov
9
   Attorneys for Defendants
10

**RECEIVED**

OCT 2 9 2007

Rosen, Bien & Galvan

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  | **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
18  | Plaintiffs, | **THREE JUDGE COURT** |
19  | v. | |
20  | **ARNOLD SCHWARZENEGGER, et al.,** | |
21  | Defendants. | |

22  | **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
23  | Plaintiffs, | **THREE JUDGE COURT** |
24  | v. | **DECLARATION OF DOUG** |
25  | **ARNOLD SCHWARZENEGGER, et al.,** | **MCKEEVER REGARDING** |
    | | **PRIVILEGED DOCUMENTS** |
26  | Defendants. | |

27      I, Doug McKeever, declare:

28      1. I am employed by the Division of Correctional Health Care Services for

Decl. of Doug McKeever re Privileged Documents

1

1    the California Department of Corrections and Rehabilitation (CDCR).  From January 2005 to

2    October 2006, I held the position of Project Director, and was responsible for the development

3    and preparation of projects arising from the Coleman v. Schwarzenegger litigation.  Since

4    October 2006, I have held the position of Director of Mental Health Services, with direct

5    oversight over the program and responsibility for policy development and implementation for the

6    statewide mental health program of the Division of Correctional Health Care Services.  In both

7    positions, I led a multi-agency work group dedicated to creating and implementing short-term,

8    interim, and long-range mental health bed plans.

9        2. I have personal knowledge of the facts stated in this declaration and if called to testify

10   upon those facts would do so competently.

11       3. In my capacity as Director of Mental Health Services, I am responsible for overseeing

12   the management and operation of the mental health services delivery system in California's

13   prisons.  I am familiar with CDCR's regulations, policies, practices, and procedures concerning

14   mental health bed plans, treatment and housing options; mental health services staff recruitment

15   and retention; and population projections for mentally ill inmates.  In addition, I am familiar

16   with, and an instrumental participant in, development of such policies and procedures.

17       4. I have reviewed Plaintiffs' Requests for Production of Documents propounded in the

18   Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM

19   P, and *Plata v. Schwarzenegger,* C01-1351 TEH.  I am familiar with the documents generated by

20   this agency which may be responsive to Plaintiffs' requests.  Certain items within those

21   categories of documents are privileged.

22       5. Policy, planning and procedural documents for the mental health services delivery

23   system are drafted, revised, discussed, debated and redrafted before finalization.  Once finalized,

24   copies of many documents reflecting policies and procedures are routinely provided to Special

25   Master Keating, his staff and Plaintiffs' counsel.  Although final products will be produced,

26   CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation

27   and discussion prior to adoption of a final product.

28       6. I participate in many committees which meet to develop ideas, evaluate options,

Decl. of Doug McKeever re Privileged Documents

2

1  analyze courses of action, review past performance, and provide feedback in the development of
2  policies and procedures affecting all aspects of the mental health services delivery system
3  including design, construction, programming, and clinical and custodial staffing. These
4  functions are performed on a continuing basis. Information gathered and derived for purposes of
5  policy planning and analysis is considered confidential and is maintained in a confidential
6  manner. Finally, many policies and procedures affecting prison mental health services are
7  derived based upon budgetary and fiscal information for which the Governor and the Legislature
8  have final approval.

9      7. I am also familiar with the process associated with the derivation of the budget and
10 the development of draft budget change proposals for CDCR's internal review and revision
11 which are submitted to the Department of Finance and ultimately submitted to the Office of the
12 Governor for final approval.

13     8. I have provided documents in the possession of CDCR to counsel for the Defendants
14 in response to Plaintiffs' Requests for Production of Documents. These documents include draft
15 bed plans, mental health population projections prepared by a litigation consultant, associated e-
16 mails, documents developed to activate creative brainstorming, internal debate and analysis,
17 official information which is not made available to the public, and communications with
18 CDCR's attorneys regarding proposed courses of action as well as pending and anticipated
19 litigation. Such documents include recommendations, proposals, analysis, legal comments, and
20 other documents which reflect the personal opinion of the individual writers rather than the
21 policy of CDCR.

22     9. Many documents provided to counsel for Defendants are pre-decisional and bear on
23 the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of
24 the deliberative policy-making process which led to a final decision, or are leading to a future
25 final decision, regarding CDCR's policies, procedures, regulations, or amendments

26     10. Many potentially responsive documents were derived from a complex set of
27 judgments, projections, the study and evaluation of mental health treatment options, creative
28 recommendations and the assessment of possible solutions and barriers. As such, these

Decl. of Doug McKeever re Privileged Documents

3

1   documents are pre-decisional, deliberative, and should be shielded from discovery because

2   disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

3   analysis.  Furthermore, if individuals fear that deliberative materials will be made public, it may

4   deter discussion and development of beneficial theories and ideas.

5       I declare under penalty of perjury the foregoing is true and correct.

6       Executed on _October 25,____, 2007, in Sacramento, California.

7

8                  DOUG MCKEEVER
                 Director of Mental Health Services

9                  California Department of Corrections and Rehabilitation

10   30347419.wpd

11   SF2007200670

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Doug McKeever re Privileged Documents

# EXHIBIT H

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5388
 Fax: (916) 324-5205
 Email: Misha.Igra@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **ARNOLD SCHWARZENEGGER, et al.,** <br><br> Defendants. | 2:90-cv-00520 LKK JFM P <br><br> **THREE JUDGE COURT** |
| **MARCIANO PLATA, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **ARNOLD SCHWARZENEGGER, et al.,** <br><br> Defendants. | No. C 01-1351 TEH <br><br> **THREE JUDGE COURT** <br><br> **DECLARATION OF ROBERT GORE REGARDING PRIVILEGED DOCUMENTS** |

I, Robert Gore, declare:

1. I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office.

Decl. of Robert Gore Re: Privileged Documents

1  Prior to serving in this role, I was the Deputy Cabinet Secretary.  In these roles, I am actively

2  involved with, and review, budgets and corrections issues for the Office of the Governor.

3       2.  I have personal knowledge of the facts stated in this declaration and if called to testify

4  upon those facts would do so competently.

5       3.  I have reviewed Plaintiffs' Request for Production of Documents, Set One,

6  propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV

7  S90-0520 LKK JFM P, and *Plata v. Schwarzenegger,* C01-1351 TEH.  I am generally familiar

8  with the documents generated by the Office of the Governor which may be responsive to

9  Plaintiffs' requests.  Certain items within those categories of documents are privileged.

10      4.  In my capacity as Acting Chief Deputy Cabinet Secretary for the California

11  Governor's Office, I am familiar with the Governor's Office's analysis, policies, practices, and

12  procedures concerning its involvement with the California Legislature, State budget process, AB

13  900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity

14  and bed planning as well as rules, regulations, policies and procedures regarding re-entry

15  facilities, and the prison parole system.  In addition, I am familiar with, and an instrumental

16  participant in, development of such policies and procedures.  I am also familiar with the process

17  associated with the development of legislation, the budget and  the development of draft budget

18  change proposals by State agencies through an internal review process, which are ultimately

19  submitted to the Office of the Governor for final approval.

20      5.  Policy, plans and procedures for the budget, AB 900, out-of-state transfers, prison site

21  selection, prison capacity and bed planning documents are drafted, revised, discussed, debated

22  and redrafted before finalization.  The final documents have been produced in these cases and

23  will be provided in response to the Request for Production of Documents.  The Governor's

24  Office maintains as privileged those documents reflecting internal analysis, deliberation and

25  discussion prior to adoption of the Governor's budget proposal, AB 900, population reduction

26  strategies, out-of-state transfers, prison site selection, prison capacity and bed planning as well as

27  rules, regulations, policies and procedures regarding re-entry facilities, and the prison parole

28  system.

Decl. of Robert Gore Re: Privileged Documents

1    6. From April 2006 to the present, the Governor's Office has explored numerous

2    strategies for addressing population in CDCR. These include but are not limited to out-of-state

3    transfers, parole reform, and prison construction. Documents reflecting analysis of these issues

4    prior to adoption of a final strategy are pre-decisional, deliberative and therefore privileged.

5    7. Those privileged and non-privileged documents in the possession of the Office of the

6    Governor that are responsive to Plaintiffs' Request for Production of Documents, have been

7    provided to Defendants' counsel. Those documents include briefing documents, critiques, self-

8    evaluations, agendas, draft plans, budget change proposals, associated e-mails, legal analyses,

9    official information which is not made available to the public, communications within the Office

10   of the Governor and with other Defendants' executive levels, and communications with attorneys

11   regarding pending and anticipated litigation.

12   8. Many documents provided to counsel for Defendants are pre-decisional and bear on

13   the formulation or exercise of the Governor's Office's policy-oriented judgment. These

14   materials were part of the deliberative policy-making process which led to a final decision, or are

15   leading to a future final decision, regarding budgetary policies which are the basis for all

16   governmental activities, procedures, regulations, and amendments. Such documents include

17   draft legislation; draft proclamations; draft executive orders; analysis of proposals; draft

18   planning documents; attorney work-product; communications within the Office of the Governor,

19   other Defendants' executive levels, and attorneys; and other documents which reflect the

20   opinions and suggestions of individuals rather than the policy of a particular agency.

21   9. Many potentially responsive documents reflect complex calculations, judgments,

22   projections, the application of existing laws and regulations, and the assessment of possible

23   solutions and recommendations. As such, these documents are pre-decisional, deliberative, and

24   should be shielded from discovery because disclosure of the documents may chill future

25   discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that deliberative

26   ////

27   ////

28   ////

Decl. of Robert Gore Re: Privileged Documents

3

1  materials will be made public, it may deter discussion and development of theories and ideas of

2  benefit to the public.

3

4      I declare under penalty of perjury the foregoing is true and correct.

5      Executed on October 25, 2007, in Sacramento, California.

6

7                                   ROBERT GORE

8                                   Acting Chief Deputy Cabinet Secretary
                                 California Office of the Governor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT I

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7  Sacramento, CA 94244-2550
   Telephone: (916) 327-7872
8  Fax: (916) 324-5205
   Email: Lisa.Tillman@doj.ca.gov
9

   HANSON BRIDGETT MARCUS
   VLAHOS & RUDY, LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179775
   425 Market Street, 26th Floor
   San Francisco, CA 94105
   Telephone: (415) 777–3200
   Facsimile: (415) 541- 9366
   jschaefer@hansonbridgett.com
   pmello@hansonbridgett.com

10 Attorneys for Defendants

11                    IN THE UNITED STATES DISTRICT COURT

12             FOR THE EASTERN DISTRICT OF CALIFORNIA

13             AND THE NORTHERN DISTRICT OF CALIFORNIA

14     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN**, et al., | 2:90-cv-00520 LKK JFM P |
| 18                                           Plaintiffs, | **THREE JUDGE COURT** |
| 19          v. | |
| 20  **ARNOLD SCHWARZENEGGER**, et al., | |
| 21                                           Defendants. | |
| 22  **MARCIANO PLATA**, et al., | No. C 01-1351 TEH |
| 23                                           Plaintiffs, | **THREE JUDGE COURT** |
| 24          v. | **DEFENDANTS' RESPONSE TO RALPH COLEMAN'S INTERROGATORIES AND REQUEST FOR PRODUCTION, DECLARATION OF ROBERT GORE REGARDING PRIVILEGED DOCUMENTS** |
| 25  **ARNOLD SCHWARZENEGGER**, et al., | |
| 26                                           Defendants. | |
| 27 | |
| 28 | |

Decl. of Robert Gore Re: Privileged Documents

1    I, Robert Gore, declare:

2        1. I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office.

3    Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively

4    involved with, and review, budgets and corrections issues for the Office of the Governor.

5        2. I have personal knowledge of the facts stated in this declaration and if called to testify

6    upon those facts would do so competently.

7        3. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set

8    One, propounded upon Governor Schwarzenegger and other named defendants as well as

9    Plaintiff Ralph Coleman's First Set of Interrogatories to Governor Schwarzenegger, in the case of

10   *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.

11       4. In my capacity as Acting Chief Deputy Cabinet Secretary for the California

12   Governor's Office, I am familiar with the Governor's Office's analysis, policies, practices, and

13   procedures concerning its involvement with the California Legislature, State budget process, AB

14   900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity

15   and bed planning as well as rules, regulations, policies and procedures regarding re-entry

16   facilities, and the prison parole system. In addition, I am familiar with, and an instrumental

17   participant in, development of such policies and procedures. I am also familiar with the process

18   associated with the development of legislation, the budget and the development of draft budget

19   change proposals by State agencies through an internal review process, which are ultimately

20   submitted to the Office of the Governor for final approval. I am also familiar with the October

21   2006 Emergency Proclamation and the process of its development and preparation.

22       5. Policy, plans and procedures for the budget, AB 900, out-of-state transfers, prison site

23   selection, prison capacity and bed planning documents are drafted, revised, discussed, debated

24   and redrafted before finalization. The final documents have been produced in these cases and

25   will be provided in response to Plaintiff Coleman's Request for Production of Documents. The

26   Governor's Office maintains as privileged those documents reflecting internal analysis,

27   deliberation and discussion prior to adoption of the Governor's budget proposal, AB 900,

28   population reduction strategies, out-of-state transfers, prison site selection, prison capacity and

Decl. of Robert Gore Re: Privileged Documents

2

1  bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities,

2  and the prison parole system.

3      6. From October 2006 to the present, the Governor's Office has explored numerous

4  strategies for addressing population in CDCR. These include but are not limited to out-of-state

5  transfers, parole reform, and prison construction. These also include the Emergency

6  Proclamation of October 2006. Documents reflecting analysis of these issues prior to adoption of

7  a final strategy are pre-decisional, deliberative and therefore privileged.

8      7. Those privileged and non-privileged documents in the possession of the Office of the

9  Governor that are responsive to Plaintiffs' Request for Production of Documents, will be

10  provided to Defendants' counsel. Those documents include briefing documents, critiques, self-

11  evaluations, agendas, draft plans, budget change proposals, associated e-mails, legal analyses,

12  official information which is not made available to the public, communications within the Office

13  of the Governor and with other Defendants' executive levels, and communications with attorneys

14  regarding pending and anticipated litigation.

15      8. Many documents provided to counsel for Defendants are pre-decisional and bear on

16  the formulation or exercise of the Governor's Office's policy-oriented judgment. These

17  materials were part of the deliberative policy-making process which led to a final decision, or are

18  leading to a future final decision, regarding budgetary policies which are the basis for all

19  governmental activities, procedures, regulations, and amendments. Such documents include

20  draft legislation; draft proclamations; draft executive orders; analysis of proposals; draft planning

21  documents; attorney work-product; communications within the Office of the Governor, other

22  Defendants' executive levels, and attorneys; and other documents which reflect the opinions and

23  suggestions of individuals rather than the policy of a particular agency.

24      9. Many potentially responsive documents reflect complex calculations, judgments,

25  projections, the application of existing laws and regulations, and the assessment of possible

26  solutions and recommendations. As such, these documents are pre-decisional, deliberative, and

27  should be shielded from discovery because disclosure of the documents may chill future

28  discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that deliberative

Decl. of Robert Gore Re: Privileged Documents

1  materials will be made public, it may deter discussion and development of theories and ideas of

2  benefit to the public.

3        I declare under penalty of perjury the foregoing is true and correct.

4        Executed on November 9, 2007, in Sacramento, California.

5

6                                    ROBERT GORE
                                     Acting Chief Deputy Cabinet Secretary
7                                    California Office of the Governor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Robert Gore Re: Privileged Documents

4

# EXHIBIT J

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   ROCHELLE C. EAST
    Supervising Deputy Attorney General
5   LISA A. TILLMAN, State Bar No. 126424
    Deputy Attorney General
6     1300 I Street, Suite 125
      P.O. Box 944255
7     Sacramento, CA 94244-2550
      Telephone: (916) 327-7872
8     Fax: (916) 324-5205
      Email: Lisa.Tillman@doj.ca.gov
9

        HANSON BRIDGETT MARCUS
        VLAHOS & RUDY, LLP
        JERROLD C. SCHAEFER - 39374
        PAUL B. MELLO - 179775
        425 Market Street, 26th Floor
        San Francisco, CA 94105
        Telephone: (415) 777-3200
        Facsimile: (415) 541- 9366
        jschaefer@hansonbridgett.com
        pmello@hansonbridgett.com

10  Attorneys for Defendants

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13         AND THE NORTHERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                      Plaintiffs, | **THREE JUDGE COURT** |
| 19        v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                      Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 23                      Plaintiffs, | **THREE JUDGE COURT** |
| 24        v. | **DEFENDANTS' RESPONSE** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | **TO RALPH COLEMAN'S REQUEST FOR PRODUCTION,** |
| 26                      Defendants. | **DECLARATION OF VINCENT P. BROWN** |
| 27 | **REGARDING PRIVILEGED DOCUMENTS** |
| 28 | |

Decl. of Vincent P. Brown Re: Privileged Documents

1

1 I, Vincent P. Brown, declare:

2  1. I am the Chief Deputy Director of the California Department of Finance.

3 In this role, my responsibilities include reviewing the Governor's Budget before its presentation

4 to the Legislature.

5  2. As delegated to me by the Director of Finance, I act for the Director as a member of

6 the Public Works Board and the Pooled Money Investment Board. The Department of Finance

7 also provides staff for both Boards. However, such entities are not parties to this litigation and,

8 therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy Director

9 of the California Department of Finance.

10  3. I have personal knowledge of the facts stated in this declaration and if called to testify

11 upon those facts would do so competently.

12  4. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set

13 One, propounded upon Defendant Michael Genest and other named Defendants in the case

14 entitled *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the

15 documents generated by the Department of Finance which may be responsive to Plaintiffs'

16 requests. Certain items within those categories of documents are privileged.

17  5. In my capacity as Chief Deputy Director of the California Department of Finance, I

18 am familiar with the Department of Finance's analysis, policies, practices, and procedures

19 concerning its involvement with the State budget process. In addition, I am familiar with, and an

20 instrumental participant in, development of such analysis, policies, practices and procedures. I

21 am also familiar with the process associated with the development of the budget and the

22 development of draft budget change proposals by State agencies through an internal review

23 process, the review and analysis of those documents by the Department of Finance, and

24 subsequent revisions for ultimate submission to the Office of the Governor for final approval.

25  6. Policy, planning and procedural budget documents are drafted, revised, discussed,

26 debated and redrafted before finalization. Final budget documents have been produced in these

27 cases and will be provided in response to the Request for Production of Documents. In addition,

28 final budget documents are published on Defendants' website and so are equally available to

Decl. of Vincent P. Brown Re: Privileged Documents

2

1   Plaintiffs.  The Department of Finance maintains as privileged those documents reflecting

2   internal analysis, deliberation and discussion prior to adoption of the Governor's budget

3   proposal, including: draft budget change proposals, forms containing internal analysis and

4   summation of submitted draft budget change proposals, conference committee notes, position

5   papers, internal communications and draft cost summaries.

6          7.  The Department of Finance takes an advisory role relative to the budget in advance of

7   the appropriation of funds by the Legislature which supports the activities of, and the adoption

8   of, policies, procedures and practices for State agencies.  The Department of Finance's activities

9   are performed on a continuing basis.  Modifications to Department of Finance policies, practices

10  and procedures are developed through self-evaluations conducted internally.  Information

11  gathered and derived for purposes of this process is considered confidential and is maintained in

12  a confidential manner.  Finally, many of the Department of Finance's policies and procedures are

13  derived from budgetary and fiscal information for which the Governor has final approval.

14         8.  Those privileged and non-privileged documents in the possession of the Department of

15  Finance that are responsive to Plaintiff Ralph Coleman's Request for Production of Documents,

16  will be provided to Defendants' counsel.  Those documents include briefing documents, agendas,

17  draft plans, draft budget change proposals, forms reflecting analysis of budget change proposals,

18  associated e-mails, official information which is not made available to the public,

19  communications with the Office of the Governor and with other Defendants' executive levels,

20  and communications with attorneys regarding pending and anticipated litigation.

21         9.  Many documents provided to counsel for Defendants are pre-decisional and bear on

22  the formulation or exercise of the Department of Finance's fiscal policy-oriented judgment.

23  These materials were part of the deliberative policy-making process which led to a final decision,

24  or are leading to a future final decision, regarding budgetary policies which are the basis for all

25  governmental activities, procedures, regulations, and amendments.  Such documents include

26  draft budget change proposals; analysis of such proposals; draft planning documents; attorney

27  ///

28  ///

Decl. of Vincent P. Brown Re: Privileged Documents

3

1  work-product; communications with the Office of the Governor, other Defendants' executive

2  levels, and the Department of Finance's attorneys; and other documents which reflect the

3  professional opinions and suggestions of individuals rather than the policy of a particular agency.

4      10.  Many potentially responsive documents reflect complex calculations, judgments,

5  projections, the application of existing laws and regulations, and the assessment of possible

6  solutions and recommendations.  As such, these documents are pre-decisional, deliberative, and

7  should be shielded from discovery because disclosure of the documents may chill future

8  discourse, self-evaluation and critical analysis.   Furthermore, if individuals fear that deliberative

9  materials will be made public, it may deter discussion and development of theories and ideas of

10  benefit to the public.

11      I declare under penalty of perjury the foregoing is true and correct.

12  Executed on ___November 9___, 2007, in Sacramento, California.

13

14                                  VINCENT P. BROWN

15                                  Chief Deputy Director
                                    California Department of Finance

16  browndelibdec.wpd
    SF2007200670

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Vincent P. Brown Re: Privileged Documents

4

# EXHIBIT K

1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    DAVID S. CHANEY
     Chief Assistant Attorney General
3    FRANCES T. GRUNDER
     Senior Assistant Attorney General
4    ROCHELLE C. EAST
     Supervising Deputy Attorney General
5    MISHA D. IGRA, State Bar No. 208711
     Deputy Attorney General
6      1300 I Street, Suite 125
     P.O. Box 944255
7      Sacramento, CA 94244-2550
     Telephone: (916) 324-5388
8      Fax: (916) 324-5205
     Email: Misha.Igra@doj.ca.gov
9

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

10    Attorneys for Defendants

11            IN THE UNITED STATES DISTRICT COURT

12         FOR THE EASTERN DISTRICT OF CALIFORNIA

13         AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17   RALPH COLEMAN, et al., | 2;90-cv-00520 LKK JFM P |
| 18              Plaintiffs, | **THREE JUDGE COURT** |
| 19      v. | |
| 20   ARNOLD SCHWARZENEGGER, et al., | |
| 21              Defendants. | |
| 22   MARCIANO PLATA, et al., | No. C 01-1351 TEH |
| 23              Plaintiffs, | **THREE JUDGE COURT** |
| 24      v. | **DECLARATION OF DOUG MCKEEVER REGARDING** |
| 25   ARNOLD SCHWARZENEGGER, et al., | **PRIVILEGED DOCUMENTS** |
| 26              Defendants. | |

27      I, Doug McKeever, declare:

28       1. I am employed by the Division of Correctional Health Care Services for

Decl. of Doug McKeever re Privileged Documents

1   the California Department of Corrections and Rehabilitation (CDCR).  From January 2005 to

2   October 2006,  I held the position of Project Director, and was responsible for the development

3   and preparation of projects arising from the Coleman v. Schwarzenegger litigation.  Since

4   October 2006, I have held the position of Director of Mental Health Services, with direct

5   oversight over the program and responsibility for policy development and implementation for the

6   statewide mental health program of the Division of Correctional Health Care Services.  In both

7   positions, I led a multi-agency work group dedicated to creating and implementing short-term,

8   interim, and long-range mental health bed plans.

9        2.  I have personal knowledge of the facts stated in this declaration and if called to testify

10   upon those facts would do so competently.

11        3.  In my capacity as Director of Mental Health Services, I am responsible for overseeing

12   the management and operation of the mental health services delivery system in California's

13   prisons.  I am familiar with CDCR's regulations, policies, practices, and procedures concerning

14   mental health bed plans, treatment and housing options; mental health services staff recruitment

15   and retention; and population projections for mentally ill inmates.  In addition, I am familiar

16   with, and an instrumental participant in, development of such policies and procedures.

17        4.  I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents

18   issued upon Defendant Tilton in *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.  I

19   have also reviewed Plaintiff Ralph Coleman's First Set of Interrogatories issued upon Defendant

20   Tilton in *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.  I am familiar with the

21   documents generated by Mental Health Services of CDCR Correctional Health Care Services

22   Division which may be responsive to Plaintiffs' requests.  Certain items within those categories

23   of documents are privileged.

24        5.  Policy, planning and procedural documents for the mental health services delivery

25   system are drafted, revised, discussed, debated and redrafted before finalization.  Once finalized,

26   copies of many documents reflecting policies and procedures are routinely provided to Special

27   Master Keating, his staff and Plaintiffs' counsel.  Although final products will be produced,

28   CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation

Decl. of Doug McKeever re Privileged Documents

1   and discussion prior to adoption of a final product.

2           6. I participate in many committees which meet to develop ideas, evaluate options,

3   analyze courses of action, review past performance, and provide feedback in the development of

4   policies and procedures affecting all aspects of the mental health services delivery system

5   including design, construction, programming, and clinical and custodial staffing. These

6   functions are performed on a continuing basis. Information gathered and derived for purposes of

7   policy planning and analysis is considered confidential and is maintained in a confidential

8   manner. Finally, many policies and procedures affecting prison mental health services are

9   derived based upon budgetary and fiscal information for which the Governor and the Legislature

10  have final approval.

11          7. I am also familiar with the process associated with the derivation of the budget and

12  the development of draft budget change proposals for CDCR's internal review and revision

13  which are submitted to the Department of Finance and ultimately submitted to the Office of the

14  Governor for final approval.

15          8. I have provided documents in the possession of CDCR to counsel for the Defendants

16  in response to Plaintiffs' Requests for Production of Documents. These documents include draft

17  bed plans, mental health population projections prepared by a litigation consultant, associated e-

18  mails, documents developed to activate creative brainstorming, internal debate and analysis,

19  official information which is not made available to the public, and communications with

20  CDCR's attorneys regarding proposed courses of action as well as pending and anticipated

21  litigation. Such documents include recommendations, proposals, analysis, legal comments, and

22  other documents which reflect the personal opinion of the individual writers rather than the

23  policy of CDCR.

24          9. Many documents provided to counsel for Defendants are pre-decisional and bear on

25  the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of

26  the deliberative policy-making process which led to a final decision, or are leading to a future

27  final decision, regarding CDCR's policies, procedures, regulations, or amendments.

28          10. Many potentially responsive documents were derived from a complex set of

Decl. of Doug McKeever re Privileged Documents

3

1  judgments, projections, the study and evaluation of mental health treatment options, creative

2  recommendations and the assessment of possible solutions and barriers. As such, these

3  documents are pre-decisional, deliberative, and should be shielded from discovery because

4  disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

5  analysis. Furthermore, if individuals fear that deliberative materials will be made public, it may

6  deter discussion and development of beneficial theories and ideas.

7       I declare under penalty of perjury the foregoing is true and correct.

8       Executed on _November 9_____, 2007, in Sacramento, California.

9

10                          DOUG MCKEEVER
11                          Director of Mental Health Services
                            California Department of Corrections and Rehabilitation
12  mckeeverdelibdoc.wpd

13  SF2007200670

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Doug McKeever re Privileged Documents

4

# EXHIBIT L

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   ROCHELLE C. EAST
    Supervising Deputy Attorney General
5   LISA A. TILLMAN, State Bar No. 126424
    Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: (916) 324-5205
     Email: Lisa.Tillman@doj.ca.gov
9

10  Attorneys for Defendants

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13         AND THE NORTHERN DISTRICT OF CALIFORNIA

14     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
| 18                          Plaintiffs, | **THREE JUDGE COURT** |
| 19       v. | |
| 20  ARNOLD SCHWARZENEGGER, et al., | |
| 21                          Defendants. | |
| 22  MARCIANO PLATA, et al., | No. C 01-1351 THE |
| 23                          Plaintiffs. | **THREE JUDGE COURT** |
| 24       v. | **DEFENDANTS' RESPONSE TO RALPH COLEMAN'S INTERROGATORIES AND REQUST FOR PRODUCTION, DECLARATION OF CYNTHIA A. RADAVSKY REGARDING PRIVILEGED DOCUMENTS** |
| 25 | |
| 26  ARNOLD SCHWARZENEGGER, et al., | |
| 27                          Defendants. | |
| 28 | |

Decl. of Cindy Radavsky Re: Privileged Documents

1

1    I, Cynthia A. Radavsky, declare:

2    1. I am employed in the position of Deputy Director of Long-Term Care Services with

3    the Department of Mental Health (DMH) of the Health and Human Services Agency. I have

4    been employed by the Department of Mental Health since October 1995 and have held the

5    following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant

6    Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long

7    Term Care Services from 2006 to present.

8    2. I have personal knowledge of the facts stated in this declaration and if called to testify

9    upon those facts would do so competently.

10    3. In my position with DMH, I am familiar with the missions, policies, staffing, and

11    operations of each of the state hospitals. I am responsible for overseeing the inpatient care

12    provided to CDCR inmate-patients at Atascadero State Hospital, Coalinga State Hospital and

13    Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of

14    DMH programs within California Department of Correction and Rehabilitation (CDCR)

15    facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas

16    Valley Psychiatric Program at Salinas Valley State Prison.

17    4. I am responsible for ensuring DMH provides appropriate responses to and complies

18    with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in

19    preparing and developing Defendants' August 2007 mental health bed plan. I also participated in

20    the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range

21    Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of

22    December 2006. I am participated in the development of the pay parity plans approved by this

23    Court for DMH clinicians. I also participated in developing the DMH response to court orders

24    for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan

25    for Coalinga State Hospital. Each of these referenced documents have been filed with the

26    *Coleman* court and provided to counsel. I oversee the preparation and implementation of the

27    operating interagency agreements and memoranda of understanding between DMH and CDCR

28    to provide acute and intermediate care inpatient beds to CDCR inmates. Those interagency

Decl. of Cindy Radavsky Re: Privileged Documents

2

1    documents and memoranda of understanding have been submitted to Special Master Keating and

2    Plaintiffs' counsel for review.

3         5. I am also responsible for DMH's responses to other litigation matters, ranging from

4    habeas petitions filed by patients to the action brought by the United States Department of

5    Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the

6    CRIPA case).        6. I have reviewed Plaintiff Ralph Coleman's Request for Production of

7    Documents, Set One, propounded upon Defendant Stephen Mayberg and other named

8    Defendants in the case entitled *Coleman v. Schwarzenegger*, Case No. CIV S90-0520 LKK JFM

9    P, and *Plata v. Schwarzenegger*, Case No. C01-1351 THE. I understand Plaintiffs sought to

10   obtain documents from Mr. Mayberg, in his capacity as the Director of the Department of Mental

11   Health, by defining the terms "CDCR prison" and "prison" to include any and settings in which

12   the Department of Mental Health houses CDCR inmates. Defendants' counsel has objected to

13   that definition as inappropriate under the jurisdictional parameters of the certified class within

14   the *Coleman* case. Further, the proposed definition is inappropriate because only CDCR, not

15   DMH, has statutory responsibility for the custody and control of CDCR prisoners under

16   California Penal Code section 5054. To the extent, however, any of the documents sought in this

17   Request for Production were prepared in whole or part by DMH personnel in conjunction with or

18   shared with other Defendants' personnel, this declaration elucidates the privileges applicable to

19   some of those responsive documents.

20         7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am

21   familiar with this agency's analysis, regulations, policies, practices, and procedures concerning

22   its involvement with prisons of the California Department of Corrections and Rehabilitation. In

23   addition, I am familiar with, and an instrumental participant in, development of such analysis,

24   policies and procedures. I am also familiar with the process associated with the derivation of

25   the budget and the development of draft budget change proposals for internal review and

26   revision and for ultimate submission to the Office of the Governor for final approval.

27         8. Policy, planning and procedural documents are drafted, revised, discussed, debated

28   and redrafted before finalization. Although the final product will be produced, DMH maintains

Decl. of Cindy Radavsky Re: Privileged Documents

1    as privileged those drafts or other documents reflecting internal analysis, deliberation and

2    discussion prior to adoption of the final product. Such documents include patient planning

3    committee notes, draft budget change proposals, legal opinions prepared by in-house counsel for

4    DMH staff, legal memoranda prepared relative to ongoing litigation (such as this case and the

5    CRIPA case), position papers and draft cost summaries.

6        9.  When requested, DMH takes an advisory role relative to treatment of CDCR inmate-

7    patients in advance of adoption of plans, policies and procedures. These functions are performed

8    on a continuing basis. In addition, modifications to policies and procedures may be developed

9    through self-evaluations conducted internally. Information gathered and derived for purposes of

10   policy planning and analysis is considered confidential and is maintained in a confidential

11   manner. Finally, many of DMH's policies and procedures are derived based upon budgetary and

12   fiscal information for which the Governor has final approval.

13       10.  I have caused documents in the possession of DMH to be provided to counsel for the

14   Defendants in response to Plaintiffs' Request for Production of Documents, Set One. These

15   documents include draft unadopted planning documents, budget change proposal packages,

16   associated e-mails, documents developed to activate internal debate and analysis, official

17   information which is not made available to the public, and communications with DMH's staff

18   attorneys and the Attorney General's Office regarding pending and anticipated litigation.

19       11.  Many documents provided to counsel for Defendants are pre-decisional and bear on

20   the formulation or exercise of DMH's judgment. These materials were part of the deliberative

21   policy-making process which led to a final decision, or are leading to a future final decision,

22   regarding DMH's budget, policies, procedures and treatment of CDCR inmate-patients. Such

23   documents include recommendations, draft documents, proposals, legal comments, and other

24   documents which reflect the personal opinion of the individual writers rather than the policy of

25   DMH.

26       12.  Many potentially responsive documents were derived from a complex set of

27   treatment considerations, judgments, projections, other rules and regulations, and the assessment

28   of possible solutions and recommendations. As such, these documents are pre-decisional,

Decl. of Cindy Radavsky Re: Privileged Documents

4

1  deliberative, and should be shielded from discovery because disclosure of the documents may

2  chill future beneficial discourse, self-evaluation and debate.   Furthermore, if individuals

3  working with or for DMH fear that deliberative materials will be made public, the release may

4  deter discussion and development of theories and ideas of benefit to the public.

5      I declare under penalty of perjury the foregoing is true and correct.

6  Executed on _November 9_ . 2007, in Sacramento, California.

7                                    CYNTHIA A. RADAVSKY

8                                    Deputy Director, Long-Term Care Services
                                     Department of Mental Health

9

   radavskydelibdec.wpd
10 SF2007200670

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Cindy Radavsky Re: Privileged Documents

# EXHIBIT M

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 327-7872
8   Fax: (916) 324-5205
    Email: Lisa.Tillman@doj.ca.gov
9
10 Attorneys for Defendants

11           IN THE UNITED STATES DISTRICT COURT

12         FOR THE EASTERN DISTRICT OF CALIFORNIA

13         AND THE NORTHERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
| 18                              Plaintiffs, | **THREE JUDGE COURT** |
| 19          v. | |
| 20  ARNOLD SCHWARZENEGGER, et al., | |
| 21                              Defendants. | |
| 22  MARCIANO PLATA, et al., | No. C 01-1351 TEH |
| 23                              Plaintiffs, | **THREE JUDGE COURT** |
| 24          v. | **DEFENDANTS' RESPONSE** |
| 25  ARNOLD SCHWARZENEGGER, et al., | **TO RALPH COLEMAN'S INTERROGATORIES AND REQUST FOR** |
| 26                              Defendants. | **PRODUCTION, DECLARATION OF SCOTT** |
| 27 | **KERNAN REGARDING PRIVILEGED DOCUMENTS** |
| 28 | |

Decl. of Scott Kernan re Privileged Documents

1

I, Scott Kernan, declare:

1. I am the Chief Deputy Secretary of Adult Operations for the California Department of Corrections and Rehabilitation (CDCR). I have been employed by CDCR since 1983.

2. I declare the following of my own knowledge and, if called as a witness, would competently testify to the following.

3. In my capacity as Chief Deputy Secretary of Adult Operations, I am responsible for overseeing the management and operation of the adult correctional facilities within CDCR. I am familiar with CDCR's regulations, policies, practices, and procedures concerning out-of-state transfers, prison site selection, prison capacity and bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities and the prison parole system. In addition, I am familiar with, and an instrumental participant in, development of such policies and procedures.

4. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set One, issued upon Defendant James Tilton and other named Defendants. I have also reviewed well as Plaintiff Ralph Coleman's First Set of Interrogatories issued upon Defendant James Tilton in the case entitled *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the documents generated by this agency which may be responsive to Plaintiff's requests. Certain items within those categories of documents are privileged.

5. To the extent Plaintiffs' discovery seeks documents which refer or relate to timetables for out-of-state transfers, those documents are privileged. I am familiar with those documents which were prepared by a multidisciplinary team of attorneys, clinicians and correctional administrators within CDCR. Defendants have already produced to Plaintiffs the activation schedules for out-of-state transfers indicating dates and numbers of inmates to be transferred. Additional information is available on CDCR's website. However, the disclosure of specific information regarding from where, when and by what means individual inmates will be transferred out-of-state raises grave security concerns for CDCR. As inmates are at times transported on public roadways, the release of detailed information regarding these transports may place the inmates, CDCR escort staff and the public at risk. Publication of security

1     sensitive materials will threaten the defendant's strong interest in preventing disclosure of

2     information regarding security procedures. For these reasons, some documents reflecting out-of-

3     state transfer information will not be disclosed. Defendants will provide descriptions of these

4     privileged documents on Defendants' privilege log.

5            6. Documents reflecting transportation, housing of particular inmates, architectural

6     specifications, renderings, blueprints, infrastructure layout, building footprints, points of access

7     and construction design details also implicate security concerns. Disclosure of such information

8     would compromise prison security and could endanger staff, inmates and the public. For these

9     reasons, these documents will not be disclosed. Defendants will provide descriptions of these

10     privileged documents on Defendants' privilege log.

11            7. CDCR's policy, planning and procedural documents are drafted, revised, discussed,

12     debated and redrafted before finalization. Finalized documents may address AB 900, sites, out-

13     of-state transfers, beds, re-entry. parole and/or intake policies. Although the final product will

14     be produced, many final documents have already been provided to Court and counsel in these

15     cases and are equally available to Plaintiffs on CDCR's online website. However, CDCR

16     maintains as privileged drafts or other documents reflecting internal analysis, deliberation and

17     discussion prior to adoption of the final product.

18            8. CDCR's policies and procedures are derived and amended by committees of

19     individuals who are assigned to evaluate or modify existing policies and procedures or derive

20     new policies and procedures for this agency. Such policies address a wide array of issues,

21     including security, housing, transfers and population management. Committees function on a

22     continuing basis. In addition. policies and procedures and modifications thereto are developed

23     through self-evaluations and audits conducted internally and in conjunction with other

24     institutions. Information gathered and derived for purposes of policy planning and analysis is

25     considered confidential and is maintained in a confidential manner. Finally, many of CDCR's

26     policies and procedures are derived based upon budgetary and fiscal information for which the

27     Governor and the Legislature have final approval.

28            9. I am also familiar with the process associated with the derivation of the budget and

Decl. of Scott Kernan re Privileged Documents

3

1  the development of draft budget change proposals for CDCR's internal review and revision

2  which are submitted to the Department of Finance and ultimately submitted to the Office of the

3  Governor for final approval.

4         10. I have provided documents in the possession of CDCR to counsel for the Defendants

5  in response to Plaintiffs' Requests for Production of Documents. These documents include

6  Budget Change Proposal packages, draft plans and procedures, associated e-mails, documents

7  developed to prompt internal debate and analysis, official information which is not made

8  available to the public, communications with the Office of the Governor and with other

9  Defendants' executive levels, and communications with CDCR's attorneys regarding proposed

10  courses of action as well as pending and anticipated litigation.

11         11. Many documents provided to counsel for Defendants are pre-decisional and bear on

12  the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of

13  the deliberative policy-making process which led to a final decision, or are leading to a future

14  final decision, regarding CDCR's policies, procedures, regulations, or amendments. Such

15  documents include recommendations, draft documents, proposals, analysis, legal comments, and

16  other documents which reflect the personal opinion of the individual writers rather than the

17  policy of CDCR.

18         12. Many potentially responsive documents were developed through complex analysis of

19  projections, rules and regulations, other State's endeavors, recommendations from staff and the

20  assessment of possible solutions and barriers. As such, these documents are pre-decisional,

21  deliberative, and should be shielded from discovery because disclosure of the documents may

22  chill future discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that

23  //

24  //

25  //

26  //

27

28

Decl. of Scott Kernan re Privileged Documents

4

deliberative materials will be made public, it may deter discussion and development of beneficial theories and ideas.

I declare under penalty of perjury the foregoing is true and correct.

Executed on _November 8_, 2007, in Sacramento, California.

SCOTT KERNAN
Chief Deputy Secretary of Adult Operations
California Department of Corrections and Rehabilitation

kernandelibdec.wpd
SF2007200670

Decl. of Scott Kernan re Privileged Documents

5

# EXHIBIT N

**From:**    Lori E. Rifkin

**Sent:**    Tuesday, November 13, 2007 7:52 PM

**To:**    'Charles.Antonen@doj.ca.gov'; 'rochelle.east@doj.ca.gov'; 'pmello@hansonbridgett.com'

**Cc:**    Coleman Team - RBG Only; 'Vibeke Martin'

**Subject:** RE: coleman/plata, list of additional custodians

Dear Charles,

We appreciate defendants' willingness to meet and confer.  I assume we will be meeting and conferring on Wednesday before 3 pm.  Please let us know your availability as soon as possible.

Given defendants' identification of approximately 1,000 documents, or 3,509 pages, as privileged, plaintiffs will not be providing a list of our concerns on a document-by-document basis.   In fact, it is defendants' burden to adequately assert each privilege on a document-by-document basis, and defendants have failed to do so.  The declarations provided by Mr. Kernan, Mr. Brown, Ms. Radavsky, and Mr. McKeever do not attest that they have conducted reviews of each document for which defendants are asserting privilege.  Neither do defendants provide information for each document that adequately describes on what basis the privilege is asserted, or in many cases, adequately describe the document being withheld.

However, we will provide at the end of this email nonexhaustive examples of documents for which your assertion of privilege as asserted in the privilege log is inadequate and clearly objectionable.  These examples are only illustrative of various categories of deficiency, and plaintiffs are not waiving objections as to the other documents listed in the privilege log.  Based on these examples, such as the assertion of deliberative process privilege on behalf of a letter sent to the Coleman Special Master and members of the Legislature, it is clear that this list of approximately 1,000 documents is so overbroad as to raise questions about what review of these documents was conducted.

We look forward to meeting and conferring with you regarding this issue on Wednesday, November 13.

We also have not yet received the list of additional custodians that was due on November 9, and which I requested in my previous email.  Please provide this list in advance of tomorrow's meet and confer so that we can meet and confer at that time about this issue if necessary.

Examples of Objections to Privilege Log & Assertions

2/1/07 COBCP re water system at CRC (p.2 Priv 000462-000465) is claimed as deliberative process privilege.
Defendants provide no basis for this assertion.

6/14/07 Pre-decision cost summary of AB 900 funding (p.3 Priv000589 -Priv000590) is claimed as deliberative process privilege.  AB 900 was passed by the Legislature in May 2007.  Defendants provide no basis for asserting that documents summarizing funding associated with approved legislation are privileged.

CDCR Mental Health Capital Outlay Project Reconciliation (p.3 Priv 000593) is claimed as deliberative process privilege.  In addition to lacking information as to date, author, recipient, there is no information here that provides an adequate basis for the assertion of privilege.

Assembly Bill No. 900 with notations (p.5 Priv 000887-000908) is claimed as deliberative process privilege.  In addition to lacking information as to date, author, and recipient, the mere fact that there are notations does not meet defendants' burden for asserting this privilege.

Proposed Amendments to RN (p.5 Priv 000913-000921) is claimed as attorney work product. In addition to lacking information as to date, author and recipient, this document description is insufficient for identification, and describes no basis for asserting this privilege.

Series of e-mails re: Jail Bond Meeting (p.5 Priv000939-000940) is claimed as attorney work product, attorney client, and deliberative process privilege. In addition to lacking information as to date, there is no information that provides an adequate basis for the assertion of privilege. Neither the author nor recipient appears to be an attorney.

01/29/07 Emails re: meeting with CSA on the Local Jail Proposal (p.5 Priv000944-000945) is claimed as attorney client privilege. None of the people listed in the author or recipient fields, nor in the custodian field appear to be attorneys.

2007 Bill Proposed Language (p.6 Priv000948-000955) is claimed as deliberative process privilege. In addition to lacking information as to date, author, and recipient, there is no basis identified for asserting this privilege. Legislative language proposed by the Department of Finance is not protected under the deliberative process privilege.

Draft Letter re: Amendment to budget bill items (p.10 Priv 001027-001030) is claimed as deliberative process privilege. In addition to lacking information as to date, this letter appears to have been sent on behalf of the Department of Finance to members of the Legislature. This is not a document protected under the deliberative process privilege.

10/17/06 email re: additional justification for CDCR & FMER BCPs (p. 13 Priv001081) is claimed as deliberative process privilege. BCPs submitted to DOF, and their supporting documents, are not protected under the deliberative process privilege.

3/26/07 Recruitment for Health & Mental Health Professionals (p. 14 Priv001113-001127) is claimed as deliberative process privilege. There is no basis identified for asserting this privilege.

3/23/07 State of CA Finance Letter-Cover Sheet for Fiscal Year 2007/08-Title of Proposed Change:  Recruitment for Health & Mental Health Professionals (p. 16 Priv001136) and what appears to be its supporting documents (Priv 001137-001146). There is no basis identified for asserting this privilege.

10/11/2006, Pre-decisional Re: Document 1 (p.17 Priv00197) is claimed as deliberative process privilege. In addition to failure to identify a basis for asserting this privilege, this document does not contain information required under the Stipulation or FRCP 26 to describe the document.

06/06/07 Letter re: May revision budget (p. 19 Priv001302-001304) is claimed as deliberative process privilege. A letter to the *Plata* Receiver from the head of DOF is not protected under the deliberative process privilege.

4/07/06 Letter to Michael Keating (p. 19 Priv001331-001352) is claimed as deliberative process privilege. A letter to the *Coleman* Special Master and members of the Legislature are not protected under the deliberative process privilege.

4/18/07 E-mails re: CDCR Healthcare Consolidation Proposal (p.21 Priv001534-001535) is claimed as attorney client privilege. Neither the author nor the recipient appears to be an attorney for the department.

Pre-decisional internal chart re Parolees by County (p. 54 Priv003234-003235) is claimed as deliberative process privilege. There is not sufficient basis for asserting this privilege, particularly as this appears to contain a chart of facts.

Note re Access or DG Card Availability (p. 55 Priv 003261) is claimed as attorney client privilege. In addition to lacking date, author, recipient information, insufficient information is provided to describe this document. None of the people listed in the author or recipient fields, nor in the custodian field appear to be attorneys.

Contract with Payee Data Record and Payee Data Record (p. 60 Priv 003422-003429) is claimed as privacy rights. This entry lacks date, author, recipient, and an adequate description of the document for which the privilege is being asserted.

Analysis regarding Barriers to Implementing AB 900 (p. 62 Priv003457-003470) is claimed as deliberative process privilege. This entry lacks a date. It also identifies no basis for asserting this privilege.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Tuesday, November 13, 2007 4:29 PM
**To:** Lori E. Rifkin
**Cc:** Rochelle East; Samantha Tama; Anne Johnson; pmello@hansonbridgett.com; Alison Hardy; Vibeke Martin; Amy Whelan
**Subject:** Re: coleman/plata, list of additional custodians

Dear Lori,

Defendants are willing to meet and confer with Plaintiffs regarding Plaintiffs' concerns about Defendants' November 9, 2007 privilege log.

To facilitate an efficient and productive meet and confer, Defendants request that Plaintiffs identify any concerns regarding a specific privileged document in writing. When Defendants have reviewed Plaintiffs' list of concerns, Defendants will meet and confer with Plaintiffs. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

11/30/2007

>>> "Lori E. Rifkin" <LRifkin@rbg-law.com> 11/13/2007 1:14 PM >>>
Dear Charles, Paul, and Rochelle,

Pursuant to our November 2 Stipulation, defendants agreed to disclose to plaintiffs the names of additional custodians from whom defendants will be gathering documents responsive to plaintiffs' October 17 document requests by November 9, 2007. To date, plaintiffs have not received this list. Because defendants' weekly document productions are concurrent for both the September 5 and October 17 sets of document requests, plaintiffs assume that defendants have already identified the additional custodians and are already identifying documents from them. Please confirm that this is the case.

In advance of tomorrow's meet and confer regarding defendants' assertions of privilege and privilege logs, please provide us immediately with the list of additional custodians so that we can also meet and confer tomorrow about this issue if necessary.

We look forward to receiving this list today. Please let me know what times you are available to meet and confer tomorrow. Thank you.

Plaintiffs will be responding in writing separately to your email regarding the "flushed" hard drives for identified custodians.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT O

## NON-WAIVER AND CONFIDENTIALITY AGREEMENT ("Agreement")

WHEREAS, the parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including Electronically Stored Information ("ESI"), that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure or other applicable source of law;

WHEREAS, some of the ESI and other documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence ("Privileged Material") and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Material");

WHEREAS, some of the produced ESI and other documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Work-Product Material");

WHEREAS, the parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some Work Product Material and Privileged Material ("Protected Material") may be inadvertently disclosed to the other party during the course of this litigation;

WHEREAS, the volume of potentially discoverable ESI may substantially increase the total volume of documents that will be produced by the parties, thereby exacerbating the risk of inadvertent disclosure of Protected Material;

WHEREAS, the undersigned parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material; and (b) keep disclosed Protected Material confidential to the maximum extent possible;

IT IS HEREBY STIPULATED AND AGREED by the parties that the following clauses of this Agreement shall govern the disclosure of Protected Material in this action.

I.    NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

    1.    The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

2.  Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

3.  Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property.

4.  To the extent there may be inconsistency between the aforementioned stipulations in this Agreement and Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

## II.    CONFIDENTIAL TREATMENT OF PROTECTED MATERIAL

5.  If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Agreement, the party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Agreement, make its best efforts to retrieve the Protected Material, and promptly inform the producing party of the disclosure.

## III.    GENERAL PROVISIONS

6.  Except for the outstanding protective orders in *Coleman v. Schwarzenegger, et al.,* Case No. CIV S-90-0520 LKK JFM and *Plata v. Schwarzenegger, et al.,* Case No. C 01-CV-1351 TEH, this Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

7.  This Agreement shall be binding on the parties hereto when signed regardless of whether or when the court enters its Agreement thereon.

8.  Nothing herein shall prevent any party from applying to the court for a modification of this Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an

Agreement between the parties to any modification of this Agreement, subject to the approval of the court.

9.    This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

10.    The effective date of this Agreement shall be October 23, 2007.

Dated: 10/31/07

EDMUND G. BROWN JR.
Attorney General of the State of California

Charles J. Antonen, State Bar No. 221207
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
415-703-5443

Dated: 10/30/07

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

Paul B. Mello, State Bar No. 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
415-777-3200

Dated: Oct 29, 2007

PRISON LAW OFFICE

Vibeke Martin, State Bar No. 209499
2173 East Francisco Blvd., Ste. M
San Rafael, CA 94901
415-457-9144

Dated: Oct 24, 2007

ROSEN, BIEN & GALVAN, LLP

Michael W. Bien, State Bar No. 96891
315 Montgomery St., 10th Floor
San Francisco, CA 94104
415-433-6830
Amy. WHELAN, State Bar No. 215675