EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244
Telephone: (916) 327-7872
Facsimile: (916) 324-5205
Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
|---|---|
| Plaintiffs, | DECLARATION OF DEBORAH HYSEN IN SUPPORT OF DEFENDANTS' RESPONSE TO NOTICE OF NON-COMPLIANCE RE: SMALL MANAGEMENT YARDS |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

I, DEBORAH HYSEN, declare as follows:

1. I am the Chief Deputy Secretary of the Facilities Planning, Construction and Management Division (FPCM) Program, formerly known as the Office of Facilities Management, of the California Department of Corrections and Rehabilitation (CDCR) and have served in that position since June 8, 2007. Before my appointment as Chief Deputy Secretary of the FPCM, I was the chair of the AB 900 Construction Strike Team, established by Governor Schwarzenegger on May 11, 2007.

2. Unless otherwise indicated, I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

Decl. of Deborah Hysen Re: Small Mgt Yards    1    *Coleman v. Schwarzenegger*, Case No. 90-0520

3.  I am familiar with this Court's June 1, 2006 order requiring Defendant CDCR to submit a plan to reduce the suicide trends in administrative segregation units.

4.  I understand a plan to address suicide trends in administrative segregation units was filed in October 2006. I understand from Special Master Keating's Supplemental Report that Defendants reported to Special Master Keating that approximately 1,480 small management yards were needed to address the out-of-cell needs of inmates.

5.  Upon joining CDCR as Chief Deputy Secretary of FPCM in June 2007, I became familiar with this Court's June 1, 2007 order for Defendants to submit a plan for sufficient small management yards to meet Title 15 exercise requirements for those inmates housed within administrative segregation units, with funding and completion of yards by the end of fiscal year 2008/2009. I am familiar with Defendants' October 29, 2007 submitted plan in response to that order.

6.  I asked my staff to prepare a response to that Court order. When it became evident additional time was necessary to develop the response, I sought an extension of time for the response and indicated that 262 additional yards would be built.

7.  With the additional time to prepare the response, my staff was able to analyze the basis for the reported need for 1,480 small management yards.

8.  The number of needed small management yards has been one small management yard must be provided for every five designated administrative segregation cells.

9.  Both the Defendants' October 2006 plan and the Defendants' reported statement in the Special Master's May 14, 2007 Supplemental Report appear to have assumed the term administrative segregation included those inmates housed within administrative segregation units, Psychiatric Services Units, Security Housing Units and Grade B condemned units. Applying the 5 to 1 ratio to this definition of administrative segregation, the reference to 1,342 yards in Defendants' October 2006 plan and the subsequent reference to 1,480 yards in the Special Master's May 14, 2007 Supplemental Report reflect the point in time census of inmates

within CDCR administrative segregation, Psychiatric Services Units (PSU), Security Housing Units (SHU) and Grade B units.

10. Upon realizing Defendants' initial statement that 1,480 small management yards rested upon inclusion of the SHU, PSU and Grade B populations, my staff reviewed the Court's orders and reports for any definition of administrative segregation unit. I understand the Special Master's report on suicides in calendar year 2004 described suicides in various housing areas, but emphasized in its recommendations the need to address the rate of suicides within only designated administrative segregation units. Correspondingly, Defendants' plans to address suicide trends in administrative segregation units described vent retrofitting and intake cell modifications only in designated administrative segregation units, and did not include SHU, PSU, and Grade B units.

11. Because administrative segregation units were consistently identified as requiring specific suicide reduction measures, including small management yards, Defendants removed SHU, PSU and Grade B cells from the formulation of the number of necessary small management yards to respond to this Court's order. Defendants' October 2007 plan for small management yards stated that the 1,480 yards statewide yards originally identified by CDCR included yards for PSU, SHU and Grade B condemned inmates, and thus extended "beyond the court order for administrative segregation inmates only." (Def. Small Mgmt Yard Plan, 10/29/07, p. 4 of 21.)

12. The removal of the PSU, SHU and Grade B condemned units from the formulation of the number of needed small management yards does not mean the out-of-cell requirements for those inmates has been ignored. Rather, their out-of-cell needs will be met through the Department's five-year plan. The FPCM has dual projects underway to address small management yards. Defendants' October 2007 plan focuses upon the small management yard

Decl. of Deborah Hysen Re: Small Mgt Yards   3   *Coleman v. Schwarzenegger*, Case No. 90-0520

needs of inmates housed in administrative segregation units. As that small management plan has developed, the FPCM has undertaken the tracking of, and anticipates requesting statewide future funding for, small management yards needed by the CDCR population, including those within PSU, SHU and Grade B units, in the Department's five-year infrastructure plan. Indeed, this balance of needed small management yards is in the five-year plan for Governor's Budget consideration. In sum, the out-of-cell needs of inmates within SHU, PSU, and Grade B condemned housing areas is included in the five-year infrastructure plan.

13.  My office remains committed to building the number of small management yards needed to meet the Title 15 out-of-cell requirements for inmates within administrative segregation units. In order to comply with this Court's June 1, 2007 order, Defendants will need to design and construct 476 yards, as stated in the October 29, 2007 plan. To elucidate the formulation of this number of needed small management yards for administrative segregation units, Defendants offer the following updated information:

- 1,162 small management yards are needed for administrative segregation units;
- 578 small management yards to serve the administrative segregation unit population have been constructed to date;
- 149 small management yards to serve the administrative segregation unit population are under design;
- 108 small management yards to serve the administrative segregation unit population are under construction;
- 327 small management yards to serve the administrative segregation unit population are in need of future design and construction funding;
- 5 small management yards at Corcoran State Prison exist in excess of the 5:1 ratio.

14.  The FPCM must follow processes mandated by state law for obtaining funds for large capital outlay projects, such as the submitted small management yard plan. A Capital Outlay Budget Change Proposal (COBCP) must be submitted for review and approval of the

Administration. Upon such approval, the COBCP is then submitted to the Legislature requesting the funds be appropriated in the 2008-09 Budget Act.

15. There are no funds or authority presently available to design or construct the small management yard project in the current budget year. Because there is no authority for the small management yard project in the current budget year, a COBCP must be submitted for approval in the next fiscal year. The timing of the authority for the project will determine its completion date.

16. The October 29, 2007 plan and schedule to design and construct 476 small management yards, with a completion date of January 2010, assume a timely July 2008 budget enactment and adherence to applicable statutory funding and construction requirements.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Sacramento, California on December __, 2007.

_____
Deborah Hysen