| | |
|---|---|
| EDMUND G. BROWN JR.<br>Attorney General of the State of California<br>DAVID S. CHANEY<br>Chief Assistant Attorney General<br>FRANCES T. GRUNDER<br>Senior Assistant Attorney General<br>ROCHELLE C. EAST<br>Supervising Deputy Attorney General<br>LISA A. TILLMAN, SBN 126424<br>CHARLES J. ANTONEN, SBN 221207<br>SAMANTHA D. TAMA, SBN 240280<br>Deputy Attorney General<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA  94102-7004<br>  Telephone:  (415) 703-5708<br>  Fax:  (415) 703-5843<br>  Email: Charles.Antonen@doj.ca.gov | HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP<br>JERROLD C. SCHAEFER - 39374<br>PAUL B. MELLO - 179775<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>jschaefer@hansonbridgett.com<br>pmello@hansonbridgett.com |

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                                        Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                        Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                                        Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                                        Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DECLARATION OF CHARLES J. ANTONEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

Decl. of Charles J. Antonen                                             *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                                                      *Plata v. Schwarzenegger,* Case No. 01-1351

1

**DECLARATION OF CHARLES J. ANTONEN**

I, CHARLES J. ANTONEN, declare as follows:

1. I am an attorney admitted to practice law before all courts in the State of California, the United States District Court for the Eastern District of California, and the United States Court of Appeals for the Ninth Circuit. I am a Deputy Attorney General in the California Attorney General's Office, counsel of record for Defendants in this matter. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel the Production of Documents. Unless otherwise indicated, I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

2. Prior to the September 24 hearing, Plaintiffs propounded on Defendants thirty-eight requests for production. I participated in various meet and confer discussions regarding this discovery. In one of these meet and confers, Defendants informed Plaintiffs that this discovery was premature and therefore improper. Moreover, due to the potentially short time frames and large number of interveners involved in this proceeding, Defendants requested Plaintiffs withdraw this discovery pending all parties entering into a joint discovery plan. Plaintiffs declined Defendants' proposal.

3. I attended the September 24, 2007 hearing before the three-judge panel. At this hearing, Defendants apprized the three-judge panel that Plaintiffs had propounded discovery on Defendants even though the three-judge panel had not opened discovery in this matter. To avoid time consuming discovery battles, Defendants requested the three-judge panel order the parties to agree on a joint discovery plan prior to propounding any discovery. Taking these matters under submission, the three-judge panel on September 25, 2007, issued an order stating that discovery was now open and that written responses to any previously propounded discovery were due thirty days from the date of the order.

4. Prior to discovery being opened by the three-judge panel, Defendants began the process assembling electronic and paper documents. I personally participated in this process. This process began in advance of Plaintiffs serving their second requests for production in both

Coleman and Plata. On October 17, 2007, Plaintiffs served an additional thirty-nine requests for production on Defendants. Additionally, Plaintiffs served sixty-three interrogatories on Defendants. Moreover, Plaintiffs have to date noticed depositions of twelve percipient witnesses, including James Tilton, Deborah Hysen, Scott Kernan, Robin Dezember, Douglas McKeever, John Misner, Joan Petersilla, George Sifuentes, and four person most knowledgeable depositions from Navigant Consulting and CDCR.

5. In response to Plaintiffs' requests for production, Defendants have reviewed to date approximately 50,000 electronic and paper documents. Moreover, Defendants have to date produced approximately 70,000 pages of electronic and paper documents to Plaintiffs. Based on my personal participation in this review process and my review of time records kept in this matter, I conservatively estimate that over one hundred attorneys and paralegals from the California Attorney General's Office, California Department of Corrections and Rehabilitation, and Hanson Bridgett have participated in reviewing documents for responsiveness and privilege in this matter. Based on my review of time records in this matter, I conservatively estimate that Defendants have devoted approximately 5,000 hours reviewing and privileging documents in this matter. Unfortunately, due to the exceedingly short discovery period in these proceedings and the voluminous amount of documents needing to be reviewed, Defendants have been unable to re-review and re-evaluate documents.

6. On November 1, 2007, I participated in the negotiation of the rolling production stipulation reached by the parties. In this stipulation Defendants agreed to provide privilege logs relating to documents withheld by Defendants on the basis of privilege. Plaintiffs requested Defendants provide information about the author and recipient of documents withheld on the basis of privilege. I informed Lisa Ells that depending on the type of document this information could be difficult, if not impossible, to determine. For example, I informed Ms. Ells that some of the documents being reviewed were binders and reports for which an individual author and recipient could not be determined from the face of the document. I told Ms. Ells that Defendants, however, had recorded the source from which the document was collected. Ms. Ells agreed that in these circumstances this source information would be sufficient. This agreement is

memorialized in the rolling production stipulation, which requires Defendants to provide "source/author" and recipient(s) only if this information is "readily available."

7. On November 6, 2007, I participated in a meet and confer regarding Plaintiffs' concerns about Defendants' rationale for privileging documents. During this meet and confer, the parties failed to agree about the contours of the deliberative process privilege. Plaintiffs, however, agreed to review the privilege log Defendants would produce on November 9, 2007 and would provide Defendants with a detailed list of concerns about this privilege log. Additionally, the parties discussed Defendants application of the Official Information Privilege. Defendants advised Plaintiffs that Defendants would be withholding documents raising security concerns (i.e. transport schedules, architectural renderings, blueprints, etc.) on the basis of Official Information Privilege. Plaintiffs advised Defendants that this assertion of the Official Information Privilege was appropriate and that Plaintiffs were not interested in obtaining these types of documents. These agreements are memorialized in a confirming email sent by Lisa Ells on November 6, 2007. A true and correct copy of Ms. Ells' November 6, 2007 email is attached as Exhibit A.

8. On November 13, 2007, Plaintiffs' contacted Defendants regarding various concerns about Defendants' privilege log. Plaintiffs initially posed various generalized concerns about Defendants' privilege log. Defendants advised Plaintiffs that they needed specific examples of any concerns in order for the meet and confer to be meaningful. In response to Defendants' request, Plaintiffs provided twenty examples of concerning entries on Defendants' privilege log. Attached as Exhibit B is a true and correct copy of my email string with Lori Rifkin regarding Plaintiffs' concerns about Defendants' privilege logs.

9. I am informed that on November 14, 2007, the parties met and conferred regarding these twenty entries. I am informed that at this meet and confer Defendants agreed to modify the format of the privilege log to address some of Plaintiffs' concerns and agreed to revise the November 9, 2007 privilege log when time permitted.

10. Since November 14, 2007, the parties have continued to meet and confer regarding Plaintiffs' privilege log concerns. During these meet and confers, Defendants have

requested Plaintiffs provide specific examples regarding any allegedly inappropriately privileged documents. Except for the twenty documents listed above, Plaintiffs have refused to provide any further examples to Defendants in the meet and confer process. I am informed that the parties met and confer again on December 3 and 4, in an attempt to resolve any remaining issues regarding Defendants' privilege log. Additionally, Defendants will evaluate the specific documents identified by document number in Plaintiffs' motion to compel, will assess whether these documents will continue to be withheld on the basis of privilege, and will meet and confer with Plaintiffs on this issue.

11. Attached as Exhibit C are true and correct copies of the declarations of Doug McKeever, Vince Brown, Cynthia Radavsky, Scott Kernan, and Robert Gore, which were previously served with Defendants' discovery responses.

12. Attached as Exhibit D is a true and correct copy of the person most knowledgeable deposition notice issued by Plaintiff Intervenor CCPOA.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in San Francisco, California on December 4, 2007.

                                                               /s/ Charles J. Antonen
                                                               CHARLES J. ANTONEN