**EXHIBIT A**

**Charles Antonen - Meet and confer letter**

---

| | |
|---|---|
| **From:** | Lisa Ells <LElls@rbg-law.com> |
| **To:** | Charles Antonen <Charles.Antonen@doj.ca.gov>, <pmello@hansonbridgett.com>, <rochelle.east@doj.ca.gov> |
| **Date:** | 11/6/2007 6:17 PM |
| **Subject:** | Meet and confer letter |
| **CC:** | Vibeke Martin <vmartin@prisonlaw.com>, Donald Specter <dspecter@prisonlaw.com>, Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg-law.com> |

---

Dear Paul, Rochelle and Charles:

Thank you for meeting and conferring with Vibeke Martin and me today about your responses and objections to Plaintiffs' First Request for Production of Documents ("the RFP's" or "the First Request"). Below is a summary of the issues we discussed. We are hoping we can reach some agreement about these outstanding issues.

**1. Relevant Time period**

As we discussed, the RFP's define the "relevant time period" as "the time period from April 4, 2006 . . . until the present." However, you have agreed only to produce documents created after May 2, 2007. You raise this objection in response to RFPs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, 35, 36, 37, 38.

As to RFP 1, you indicated that you find Plaintiffs' definition confusing because RFP 1 focuses on the implementation of AB 900, which was not signed into law until May 2, 2007. As we discussed, RFP 1's language seeks documents that "*refer or relate to* the implementation of AB 900" and it therefore encompasses documents created prior to the actual enactment of AB 900, for example, documents discussing how AB 900 was formulated and analyzing how AB 900 would be implemented before it was enacted. You also stated that all of the documents responsive to RFP 1 are likely covered by other requests, and asked that we wait until the documents are produced to see if we receive everything we were seeking.

We did not agree to do so, as we will have no way of knowing whether we have received all responsive documents. We therefore asked that you agree that all documents sought in RFP 1, including those from April 4, 2006-May 2, 2007, will be produced.

As to all the other RFP's to which you raise this objection, you also declined to agree that all documents sought in those RFPs prior to May 2, 2007 will be produced.

Please let us know by 3 PM tomorrow whether you agree to produce documents prior to May 2, 2007 in response to the above-mentioned RFPs.

**2. Protective order and sensitive information**

You repeated your objection that RFPs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 28, and 29 may request documents that include "architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access, and construction design details" and stated that you would not produce these documents because of safety concerns, pursuant to the official information privilege.

As we discussed, we believe any such documents would be covered by the protective orders in place in *Plata* and *Coleman* that cover "any records designated by defendants as threatening prison safety and/or security". We also offered to stipulate to an expanded protective order if you would prefer to do that.

However, without waiving any right to move to compel on this issue later, we agree at this stage that you may withhold such documents.

**3. Limiting responses to certain custodians**

We also discussed that Defendants, general objection ¶7, have identified a "core group" of individuals and will only produce documents from these individuals and "will not be subsequently expanding this search." We do not agree to limiting your responses in this manner. Although we do not currently contemplate doing so, we reserve the right to add new names if we find you have not selected a sufficient core group.

### 4. Deliberative process privilege

With respect to the deliberative process privilege, we stated our position that you are applying the privileges in an overly broad and unreasonable manner. For one thing, to the extent you are only producing document that post-date May 2, 2007 – a position we disagree with as set forth above – such documents be cannot pre-decisional, as AB 900 was adopted as the official government policy on that date.

We also stated that the declarations you submitted were inadequate as they failed, among other things, to specifically identify how the documents you are withholding are deliberative or pre-decisional. We asked if you planned to supplement your declarations to include the necessary additional detail required to invoke the privileges. You would not agree to do so now, but might consider it later. You stated that the privilege logs will provide additional detail.

Please be advised that, in addition to the issues described above, as to your claim that deliberative process applies to all drafts of *Coleman* plans, all drafts of budget proposals to fund those plans, and inter- and intra-Defendants emails concerning those plans, raised in RFP 1, we plan to move to compel unless you agree to change your position. We will also review your initial privilege log, due on November 9, 2007 per our stipulation, and will pursue any issues it raises.

### 5. Maximum capacity

With respect to your objection that term "maximum capacity" is argumentative, speculative, and calls for expert testimony (responses to RFP 28, 29), we stated our position that the term "maximum capacity" is clearly defined in our First Request. We also clarified that we are not seeking expert opinions on the subject but rather Defendants' use of this and related terms regarding capacity as used in your own documents and communications. We referred you to the Receiver's overcrowding report, where he discussed the fact that CDCR had repeatedly changed its position on how many prisoners could be housed in the prisons. You stated that the term "maximum capacity" was not defined precisely in the First Request and that it appears to call for expert opinion, but that you are not currently withholding documents on this ground.

### 6. Sentencing reform

With respect to Defendants' objection that sentencing reform is not relevant (response to RFP 32, 33), we stated that documents discussing any consideration of sentencing reform may be relevant to the proceedings before the three judge court. However, without waiving any right to move to compel on this issue later, we agree that you may withhold such documents at this stage.

### 7. RFP 30

We inquired as to the basis for your objection that RFP 30 is the subject of pending litigation brought by Taxpayers for Improving Public Safety. You indicated that you were uncertain if the lawsuit was resolved or on appeal. You stated that the basis for withholding documents on this ground would be attorney-client privilege or the attorney work product doctrine and that any such documents would be specified in the privilege logs.

### 8. Objection based upon prematurity

We stated our position that your objection that the First Request was propounded prematurely (general objection ¶1) was implicitly rejected by the three judge court when they ordered you to respond to the pending discovery by October 25, 2007. You stated that you were preserving this objection but were not withholding documents on this basis.

### 9. Self critical analysis privilege

With respect to your blanket assertion of the self-critical analysis privilege, we stated our position that the Ninth Circuit does not recognize the privilege, as indicated by the citations we provided you, and asked whether you

were withholding documents on this basis. You indicated that we should wait for the privilege logs to find out and that you were preserving the objection.

**10. Third parties**

With respect to your blanket objection based on third-party privacy rights, we asked for more information on the basis for the objection, specifically as to whose rights you were referring to. You stated that you did not have anyone in mind specifically, that we should wait for the privilege logs, and that you were preserving the objection.

Please let me know if this letter does not comport with your understanding of the conversation. Also, please advise us as to whether your position has changed with respect to any of these issues. We would like to resolve this out of court if we can. However, given the shortened discovery schedule, we plan to call Haven Gracey in Judge Moulds' chambers tomorrow at 3pm to set up an expedited hearing to resolve any remaining matters, as we agreed we would do in the November 1, 2007 stipulation. Please let us know if you would like to participate in that call.

Thank you for your ongoing courtesy in this matter, and we look forward to hearing back from you.

Lisa Ells
Rosen, Bien & Galvan LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: 415/433-6830
Fax: 415/433-7104
lells@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>
IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.