**EXHIBIT B**

## Charles Antonen - RE: coleman/plata, list of additional custodians

| | |
|---|---|
| **From:** | "Lori E. Rifkin" <LRifkin@rbg-law.com> |
| **To:** | <Charles.Antonen@doj.ca.gov>, <rochelle.east@doj.ca.gov>, <pmello@hansonbridgett.com> |
| **Date:** | 11/13/2007 7:52 PM |
| **Subject:** | RE: coleman/plata, list of additional custodians |
| **CC:** | Coleman Team - RBG Only <ColemanTeam-RBGOnly@rbg-law.com>, Vibeke Martin <vmartin@prisonlaw.com> |

Dear Charles,

We appreciate defendants' willingness to meet and confer. I assume we will be meeting and conferring on Wednesday before 3 pm. Please let us know your availability as soon as possible.

Given defendants' identification of approximately 1,000 documents, or 3,509 pages, as privileged, plaintiffs will not be providing a list of our concerns on a document-by-document basis. In fact, it is defendants' burden to adequately assert each privilege on a document-by-document basis, and defendants have failed to do so. The declarations provided by Mr. Kernan, Mr. Brown, Ms. Radavsky, and Mr. McKeever do not attest that they have conducted reviews of each document for which defendants are asserting privilege. Neither do defendants provide information for each document that adequately describes on what basis the privilege is asserted, or in many cases, adequately describe the document being withheld.

However, we will provide at the end of this email nonexhaustive examples of documents for which your assertion of privilege as asserted in the privilege log is inadequate and clearly objectionable. These examples are only illustrative of various categories of deficiency, and plaintiffs are not waiving objections as to the other documents listed in the privilege log. Based on these examples, such as the assertion of deliberative process privilege on behalf of a letter sent to the Coleman Special Master and members of the Legislature, it is clear that this list of approximately 1,000 documents is so overbroad as to raise questions about what review of these documents was conducted.

We look forward to meeting and conferring with you regarding this issue on Wednesday, November 13.

We also have not yet received the list of additional custodians that was due on November 9, and which I requested in my previous email. Please provide this list in advance of tomorrow's meet and confer so that we can meet and confer at that time about this issue if necessary.

Examples of Objections to Privilege Log & Assertions

2/1/07 COBCP re water system at CRC (p.2 Priv 000462-000465) is claimed as deliberative process privilege. Defendants provide no basis for this assertion.

6/14/07 Pre-decision cost summary of AB 900 funding (p.3 Priv000589 -Priv000590) is claimed as deliberative process privilege. AB 900 was passed by the Legislature in May 2007. Defendants provide no basis for asserting that documents summarizing funding associated with approved legislation are privileged.

CDCR Mental Health Capital Outlay Project Reconciliation (p.3 Priv 000593) is claimed as deliberative process privilege. In addition to lacking information as to date, author, recipient, there is no information here that provides an adequate basis for the assertion of privilege.

Assembly Bill No. 900 with notations (p.5 Priv 000887-000908) is claimed as deliberative process privilege. In addition to lacking information as to date, author, and recipient, the mere fact that there are notations does not meet defendants' burden for asserting this privilege.

Proposed Amendments to RN (p.5 Priv 000913-000921) is claimed as attorney work product. In addition to lacking information as to date, author and recipient, this document description is insufficient for identification, and describes no basis for asserting this privilege.

Series of e-mails re: Jail Bond Meeting (p.5 Priv000939-000940) is claimed as attorney work product, attorney client, and deliberative process privilege. In addition to lacking information as to date, there is no information that provides an adequate basis for the assertion of privilege. Neither the author nor recipient appears to be an attorney.

01/29/07 Emails re: meeting with CSA on the Local Jail Proposal (p.5 Priv000944-000945) is claimed as attorney client privilege. None of the people listed in the author or recipient fields, nor in the custodian field appear to be attorneys.

2007 Bill Proposed Language (p.6 Priv000948-000955) is claimed as deliberative process privilege. In addition to lacking information as to date, author, and recipient, there is no basis identified for asserting this privilege. Legislative language proposed by the Department of Finance is not protected under the deliberative process privilege.

Draft Letter re: Amendment to budget bill items (p.10 Priv 001027-001030) is claimed as deliberative process privilege. In addition to lacking information as to date, this letter appears to have been sent on behalf of the Department of Finance to members of the Legislature. This is not a document protected under the deliberative process privilege.

10/17/06 email re: additional justification for CDCR & FMER BCPs (p. 13 Priv001081) is claimed as deliberative process privilege. BCPs submitted to DOF, and their supporting documents, are not protected under the deliberative process privilege.

3/26/07 Recruitment for Health & Mental Health Professionals (p. 14 Priv001113-001127) is claimed as deliberative process privilege. There is no basis identified for asserting this privilege.

3/23/07 State of CA Finance Letter-Cover Sheet for Fiscal Year 2007/08-Title of Proposed Change: Recruitment for Health & Mental Health Professionals (p. 16 Priv001136) and what appears to be its supporting documents (Priv 001137-001146). There is no basis identified for asserting this privilege.

10/11/2006, Pre-decisional Re: Document 1 (p.17 Priv00197) is claimed as deliberative process privilege. In addition to failure to identify a basis for asserting this privilege, this document does not contain information required under the Stipulation or FRCP 26 to describe the document.

06/06/07 Letter re: May revision budget (p. 19 Priv001302-001304) is claimed as deliberative process privilege. A letter to the *Plata* Receiver from the head of DOF is not protected under the deliberative process privilege.

4/07/06 Letter to Michael Keating (p. 19 Priv001331-001352) is claimed as deliberative process privilege. A letter to the *Coleman* Special Master and members of the Legislature are not protected under the deliberative process privilege.

4/18/07 E-mails re: CDCR Healthcare Consolidation Proposal (p.21 Priv001534-001535) is claimed as attorney client privilege. Neither the author nor the recipient appears to be an attorney for the department.

Pre-decisional internal chart re Parolees by County (p. 54 Priv003234-003235) is claimed as deliberative process privilege. There is not sufficient basis for asserting this privilege, particularly as this appears to contain a chart of facts.

Note re Access or DG Card Availability (p. 55 Priv 003261) is claimed as attorney client privilege. In addition to lacking date, author, recipient information, insufficient information is provided to describe this document. None of the people listed in the author or recipient fields, nor in the custodian field appear to be attorneys.

Contract with Payee Data Record and Payee Data Record (p. 60 Priv 003422-003429) is claimed as privacy rights. This entry lacks date, author, recipient, and an adequate description of the document for which the privilege is being asserted.

Analysis regarding Barriers to Implementing AB 900 (p. 62 Priv003457-003470) is claimed as deliberative process privilege. This entry lacks a date. It also identifies no basis for asserting this privilege.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Tuesday, November 13, 2007 4:29 PM
**To:** Lori E. Rifkin
**Cc:** Rochelle East; Samantha Tama; Anne Johnson; pmello@hansonbridgett.com; Alison Hardy; Vibeke Martin; Amy Whelan
**Subject:** Re: coleman/plata, list of additional custodians

Dear Lori,

Defendants are willing to meet and confer with Plaintiffs regarding Plaintiffs' concerns about Defendants' November 9, 2007 privilege log.

To facilitate an efficient and productive meet and confer, Defendants request that Plaintiffs identify any concerns regarding a specific privileged document in writing. When Defendants have reviewed Plaintiffs' list of concerns, Defendants will meet and confer with Plaintiffs. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)

Charles.Antonen@doj.ca.gov

>>> "Lori E. Rifkin" <LRifkin@rbg-law.com> 11/13/2007 1:14 PM >>>
Dear Charles, Paul, and Rochelle,

Pursuant to our November 2 Stipulation, defendants agreed to disclose to plaintiffs the names of additional custodians from whom defendants will be gathering documents responsive to plaintiffs' October 17 document requests by November 9, 2007. To date, plaintiffs have not received this list. Because defendants' weekly document productions are concurrent for both the September 5 and October 17 sets of document requests, plaintiffs assume that defendants have already identified the additional custodians and are already identifying documents from them. Please confirm that this is the case.

In advance of tomorrow's meet and confer regarding defendants' assertions of privilege and privilege logs, please provide us immediately with the list of additional custodians so that we can also meet and confer tomorrow about this issue if necessary.

We look forward to receiving this list today. Please let me know what times you are available to meet and confer tomorrow. Thank you.

Plaintiffs will be responding in writing separately to your email regarding the "flushed" hard drives for identified custodians.

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.