# EXHIBIT C

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8 | Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov
9 |
Attorneys for Defendants
10 |

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | AND THE NORTHERN DISTRICT OF CALIFORNIA

14 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16 |

17 | **RALPH COLEMAN, et al.,**  | 2:90-cv-00520 LKK JFM P

18 |                    Plaintiffs, | **THREE JUDGE COURT**

19 |         v.

20 | **ARNOLD SCHWARZENEGGER, et al.,**

21 |                    Defendants.

22 | **MARCIANO PLATA, et al.,**  | No. C 01-1351 TEH

23 |                    Plaintiffs, | **THREE JUDGE COURT**

24 |         v.

25 | **ARNOLD SCHWARZENEGGER, et al.,** | **DECLARATION OF SCOTT
KERNAN REGARDING
PRIVILEGED DOCUMENTS**

26 |                    Defendants.

27 |    I, Scott Kernan, declare:

28 |    1. I am the Chief Deputy Secretary of Adult Operations for the California Department of

Decl. of Scott Kernan re Privileged Documents

1

1  Corrections and Rehabilitation (CDCR). I have been employed by CDCR since 1983.

2      2. I declare the following of my own knowledge and, if called as a witness, would
3  competently testify to the following.

4      3. In my capacity as Chief Deputy Secretary of Adult Operations, I am responsible for
5  overseeing the management and operation of the adult correctional facilities within CDCR. I am
6  familiar with CDCR's regulations, policies, practices, and procedures concerning out-of-state
7  transfers, prison site selection, prison capacity and bed planning as well as rules, regulations,
8  policies and procedures regarding re-entry facilities and the prison parole system. In addition, I
9  am familiar with, and an instrumental participant in, development of such policies and
10 procedures.

11      4. I have reviewed Plaintiffs' Requests for Production of Documents propounded in the
12 Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM
13 P, and *Plata v. Schwarzenegger*, C01-1351 TEH. I am familiar with the documents generated by
14 this agency which may be responsive to Plaintiffs' requests. Certain items within those
15 categories of documents are privileged.

16      5. Plaintiffs' request for production number 24 seeks any all documents which refer or
17 relate to timetables for out of state transfers. I am familiar with those documents which were
18 prepared by a multidisciplinary team of attorneys, clinicians and correctional administrators
19 within CDCR. Defendants have already produced to Plaintiffs the activation schedules for out-
20 of-state transfers indicating dates and numbers of inmates to be transferred. Additional
21 information is available on CDCR's website.  However, the disclosure of specific information
22 regarding from where, when and by what means individual inmates will be transferred out-of-
23 state raises grave security concerns for CDCR. As inmates are at times transported on public
24 roadways, the release of detailed information regarding these transports may place the inmates,
25 CDCR escort staff and the public at risk. Publication of security sensitive materials will threaten
26 the defendant's strong interest in preventing disclosure of information regarding security
27 procedures. For these reasons, some documents reflecting out-of-state transfer information will
28 not be disclosed. Defendants will provide descriptions of these privileged documents on

Decl. of Scott Kernan re Privileged Documents

2

1  Defendants' privilege log.

2      6. Documents reflecting architectural specifications, renderings, blueprints,

3  infrastructure layout, building footprints, points of access and construction design details also

4  implicate security concerns. Disclosure of such information would compromise prison security

5  and could endanger staff, inmates and the public. For these reasons, these documents will not be

6  disclosed. Defendants will provide descriptions of these privileged documents on Defendants'

7  privilege log.

8      7. CDCR's policy, planning and procedural documents are drafted, revised, discussed,

9  debated and redrafted before finalization. Finalized documents may address AB 900, sites, out-

10 of-state transfers, beds, re-entry, parole and/or intake policies. Although the final product will

11 be produced, many final documents have already been provided to Court and counsel in these

12 cases and are equally available to Plaintiffs on CDCR's online website. However, CDCR

13 maintains as privileged drafts or other documents reflecting internal analysis, deliberation and

14 discussion prior to adoption of the final product.

15      8. CDCR's policies and procedures are derived and amended by committees of

16 individuals who are assigned to evaluate or modify existing policies and procedures or derive

17 new policies and procedures for this agency. Such policies address a wide array of issues,

18 including security, housing, transfers and population management. Committees function on a

19 continuing basis. In addition, policies and procedures and modifications thereto are developed

20 through self-evaluations and audits conducted internally and in conjunction with other

21 institutions. Information gathered and derived for purposes of policy planning and analysis is

22 considered confidential and is maintained in a confidential manner. Finally, many of CDCR's

23 policies and procedures are derived based upon budgetary and fiscal information for which the

24 Governor and the Legislature have final approval.

25      9. I am also familiar with the process associated with the derivation of the budget and

26 the development of draft budget change proposals for CDCR's internal review and revision

27 which are submitted to the Department of Finance and ultimately submitted to the Office of the

28 Governor for final approval.

Decl. of Scott Kernan re Privileged Documents

3

10. I have provided documents in the possession of CDCR to counsel for the Defendants in response to Plaintiffs' Requests for Production of Documents. These documents include Budget Change Proposal packages, associated e-mails, documents developed to prompt internal debate and analysis, official information which is not made available to the public, communications with the Office of the Governor and with other Defendants' executive levels, and communications with CDCR's attorneys regarding proposed courses of action as well as pending and anticipated litigation.

11. Many documents provided to counsel for Defendants are pre-decisional and bear on the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of the deliberative policy-making process which led to a final decision, or are leading to a future final decision, regarding CDCR's policies, procedures, regulations, or amendments. Such documents include recommendations, draft documents, proposals, analysis, legal comments, and other documents which reflect the personal opinion of the individual writers rather than the policy of CDCR.

12. Many potentially responsive documents were developed through complex analysis of projections, rules and regulations, other State's endeavors, recommendations from staff and the assessment of possible solutions and barriers. As such, these documents are pre-decisional, deliberative, and should be shielded from discovery because disclosure of the documents may chill future discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that deliberative materials will be made public, it may deter discussion and development of beneficial theories and ideas.

I declare under penalty of perjury the foregoing is true and correct.

Executed on ___*10-25*___, 2007, in Sacramento, California.

SCOTT KERNAN
Chief Deputy Secretary of Adult Operations
California Department of Corrections and Rehabilitation

30346480.wpd

SF2007200670

Decl. of Scott Kernan re Privileged Documents

4

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6 |   1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8 | Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov

9
Attorneys for Defendants
10

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13              AND THE NORTHERN DISTRICT OF CALIFORNIA

14       UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                              Plaintiffs, | **THREE JUDGE COURT** |
| 19            v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                              Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 23                              Plaintiffs, | **THREE JUDGE COURT** |
| 24            v. | **DECLARATION OF DOUG** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | **MCKEEVER REGARDING** |
| 26                              Defendants. | **PRIVILEGED DOCUMENTS** |

27       I, Doug McKeever, declare:

28       1. I am employed by the Division of Correctional Health Care Services for

Decl. of Doug McKeever re Privileged Documents

1

1 | the California Department of Corrections and Rehabilitation (CDCR). From January 2005 to
2 | October 2006, I held the position of Project Director, and was responsible for the development
3 | and preparation of projects arising from the Coleman v. Schwarzenegger litigation. Since
4 | October 2006, I have held the position of Director of Mental Health Services, with direct
5 | oversight over the program and responsibility for policy development and implementation for the
6 | statewide mental health program of the Division of Correctional Health Care Services. In both
7 | positions, I led a multi-agency work group dedicated to creating and implementing short-term,
8 | interim, and long-range mental health bed plans.

9 | 2. I have personal knowledge of the facts stated in this declaration and if called to testify
10 | upon those facts would do so competently.

11 | 3. In my capacity as Director of Mental Health Services, I am responsible for overseeing
12 | the management and operation of the mental health services delivery system in California's
13 | prisons. I am familiar with CDCR's regulations, policies, practices, and procedures concerning
14 | mental health bed plans, treatment and housing options; mental health services staff recruitment
15 | and retention; and population projections for mentally ill inmates. In addition, I am familiar
16 | with, and an instrumental participant in, development of such policies and procedures.

17 | 4. I have reviewed Plaintiffs' Requests for Production of Documents propounded in the
18 | Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM
19 | P, and *Plata v. Schwarzenegger,* C01-1351 TEH. I am familiar with the documents generated by
20 | this agency which may be responsive to Plaintiffs' requests. Certain items within those
21 | categories of documents are privileged.

22 | 5. Policy, planning and procedural documents for the mental health services delivery
23 | system are drafted, revised, discussed, debated and redrafted before finalization. Once finalized,
24 | copies of many documents reflecting policies and procedures are routinely provided to Special
25 | Master Keating, his staff and Plaintiffs' counsel. Although final products will be produced,
26 | CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation
27 | and discussion prior to adoption of a final product.

28 | 6. I participate in many committees which meet to develop ideas, evaluate options,

Decl. of Doug McKeever re Privileged Documents

2

1  analyze courses of action, review past performance, and provide feedback in the development of
2  policies and procedures affecting all aspects of the mental health services delivery system
3  including design, construction, programming, and clinical and custodial staffing. These
4  functions are performed on a continuing basis. Information gathered and derived for purposes of
5  policy planning and analysis is considered confidential and is maintained in a confidential
6  manner. Finally, many policies and procedures affecting prison mental health services are
7  derived based upon budgetary and fiscal information for which the Governor and the Legislature
8  have final approval.

9      7. I am also familiar with the process associated with the derivation of the budget and
10  the development of draft budget change proposals for CDCR's internal review and revision
11  which are submitted to the Department of Finance and ultimately submitted to the Office of the
12  Governor for final approval.

13      8. I have provided documents in the possession of CDCR to counsel for the Defendants
14  in response to Plaintiffs' Requests for Production of Documents. These documents include draft
15  bed plans, mental health population projections prepared by a litigation consultant, associated e-
16  mails, documents developed to activate creative brainstorming, internal debate and analysis,
17  official information which is not made available to the public, and communications with
18  CDCR's attorneys regarding proposed courses of action as well as pending and anticipated
19  litigation. Such documents include recommendations, proposals, analysis, legal comments, and
20  other documents which reflect the personal opinion of the individual writers rather than the
21  policy of CDCR.

22      9. Many documents provided to counsel for Defendants are pre-decisional and bear on
23  the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of
24  the deliberative policy-making process which led to a final decision, or are leading to a future
25  final decision, regarding CDCR's policies, procedures, regulations, or amendments

26      10. Many potentially responsive documents were derived from a complex set of
27  judgments, projections, the study and evaluation of mental health treatment options, creative
28  recommendations and the assessment of possible solutions and barriers. As such, these

Decl. of Doug McKeever re Privileged Documents

3

1  documents are pre-decisional, deliberative, and should be shielded from discovery because

2  disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

3  analysis.  Furthermore, if individuals fear that deliberative materials will be made public, it may

4  deter discussion and development of beneficial theories and ideas.

5          I declare under penalty of perjury the foregoing is true and correct.

6          Executed on  *October 25*  , 2007, in Sacramento, California.

7

8                                DOUG MCKEEVER
                                 Director of Mental Health Services
9                                California Department of Corrections and Rehabilitation

10  30047419 wpd

11  SF2007200670

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Doug McKeever re Privileged Documents

4

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6 |   1300 I Street, Suite 125
    P.O. Box 944255
7 |   Sacramento, CA 94244-2550
    Telephone: (916) 324-5388
8 |   Fax: (916) 324-5205
    Email: Misha.Igra@doj.ca.gov
9 |
    Attorneys for Defendants
10 |

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | AND THE NORTHERN DISTRICT OF CALIFORNIA

14 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16 |

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                 Plaintiffs, | **THREE JUDGE COURT** |
| 19       **v.** | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                 Defendants. | |
| 22 | |
| 23  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
|                    Plaintiffs, | **THREE JUDGE COURT** |
| 24       **v.** | **DECLARATION OF** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | **VINCENT P. BROWN** |
|                                        | **REGARDING PRIVILEGED** |
| 26                 Defendants. | **DOCUMENTS** |

27 | I, Vincent P. Brown, declare:

28 |     1.      I am the Chief Deputy Director of the California Department of Finance.

1  In this role, my responsibilities include reviewing the Governor's Budget before its presentation
2  to the Legislature.

3      2.  As delegated to me by the Director of Finance, I act for the Director as a member of
4  the Public Works Board and the Pooled Money Investment Board.  The Department of Finance
5  also provides staff for both Boards.  However, such entities are not parties to this litigation and,
6  therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy
7  Director of the California Department of Finance.

8      3.  I have personal knowledge of the facts stated in this declaration and if called to testify
9  upon those facts would do so competently.

10      4.  I have reviewed Plaintiffs' Request for Production of Documents, Set One,
11  propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV
12  S90-0520 LKK JFM P, and *Plata v. Schwarzenegger*, C01-1351 TEH.  I am familiar with the
13  documents generated by the Department of Finance which may be responsive to Plaintiffs'
14  requests.  Certain items within those categories of documents are privileged.

15      5.  In my capacity as  Chief Deputy Director of the California Department of Finance, I
16  am familiar with the Department of Finance's analysis, policies, practices, and procedures
17  concerning its involvement with the State budget process.  In addition, I am familiar with, and an
18  instrumental participant in, development of such analysis, policies, practices and procedures.  I
19  am also familiar with the process associated with the development of the budget and  the
20  development of draft budget change proposals by State agencies through an internal review
21  process, the review and analysis of those documents by the Department of Finance, and
22  subsequent  revisions for ultimate submission to the Office of the Governor for final approval.

23      6.  Policy, planning and procedural budget documents are drafted, revised, discussed,
24  debated and redrafted before finalization.  Final budget documents have been produced in these
25  cases and will be provided in response to the Request for Production of Documents.  In addition,
26  final budget documents are published on Defendants' website and so are  equally available to
27  Plaintiffs. The Department of Finance maintains as privileged those documents reflecting
28  internal analysis, deliberation and discussion prior to adoption of the Governor's budget

Decl. of Vincent P. Brown Re: Privileged Documents

2

proposal, including: draft budget change proposals, forms containing internal analysis and summation of submitted draft budget change proposals, conference committee notes, position papers, internal communications and draft cost summaries.

7. The Department of Finance takes an advisory role relative to the budget in advance of the appropriation of funds by the Legislature which supports the activities of, and the adoption of, policies, procedures and practices for State agencies. The Department of Finance's activities are performed on a continuing basis. Modifications to Department of Finance policies, practices and procedures are developed through self-evaluations conducted internally. Information gathered and derived for purposes of this process is considered confidential and is maintained in a confidential manner. Finally, many of the Department of Finance's policies and procedures are derived from budgetary and fiscal information for which the Governor has final approval.

8. Those privileged and non-privileged documents in the possession of the Department of Finance that are responsive to Plaintiffs' Request for Production of Documents, have been provided to Defendants' counsel. Those documents include briefing documents, agendas, draft plans, draft budget change proposals, forms reflecting analysis of budget change proposals, associated e-mails, official information which is not made available to the public, communications with the Office of the Governor and with other Defendants' executive levels, and communications with attorneys regarding pending and anticipated litigation.

9. Many documents provided to counsel for Defendants are pre-decisional and bear on the formulation or exercise of the Department of Finance's fiscal policy-oriented judgment. These materials were part of the deliberative policy-making process which led to a final decision, or are leading to a future final decision, regarding budgetary policies which are the basis for all governmental activities, procedures, regulations, and amendments. Such documents include draft budget change proposals; analysis of such proposals; draft planning documents; attorney work-product; communications with the Office of the Governor, other Defendants' executive levels, and the Department of Finance's attorneys; and other documents which reflect the professional opinions and suggestions of individuals rather than the policy of a particular agency.

Decl. of Vincent P. Brown Re: Privileged Documents

3

1    10. Many potentially responsive documents reflect complex calculations, judgments,

2    projections, the application of existing laws and regulations, and the assessment of possible

3    solutions and recommendations. As such, these documents are pre-decisional, deliberative, and

4    should be shielded from discovery because disclosure of the documents may chill future

5    discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that deliberative

6    materials will be made public, it may deter discussion and development of theories and ideas of

7    benefit to the public.

8         I declare under penalty of perjury the foregoing is true and correct.

9         Executed on  October  25 , 2007, in Sacramento, California.

10

11                              VINCENT P. BROWN
                               Chief Deputy Director
12                              California Department of Finance

13    30346053.wpd

14    SF2007200670

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Vincent P. Brown Re: Privileged Documents

4

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8 | Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov
9
Attorneys for Defendants
10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | AND THE NORTHERN DISTRICT OF CALIFORNIA

14 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17 **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18 Plaintiffs, | **THREE JUDGE COURT** |
| 19 v. | |
| 20 **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21 Defendants. | |
| 22 | |
| 23 **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 24 Plaintiffs, v. | **THREE JUDGE COURT** |
| 25 **ARNOLD SCHWARZENEGGER, et al.,** | **DECLARATION OF CYNTHIA A. RADAVSKY REGARDING PRIVILEGED** |
| 26 Defendants. | **DOCUMENTS** |

27 | I, Cynthia A. Radavsky, declare:

28 | 1. I am employed in the position of Deputy Director of Long-Term Care Services with

Decl. of Cindy Radavsky Re: Privileged Documents

1

1 │ the Department of Mental Health (DMH) of the Health and Human Services Agency. I have

2 │ been employed by the Department of Mental Health since October 1995 and have held the

3 │ following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant

4 │ Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long

5 │ Term Care Services from 2006 to present.

6 │       2. I have personal knowledge of the facts stated in this declaration and if called to testify

7 │ upon those facts would do so competently.

8 │       3. In my position with DMH, I am familiar with the missions, policies, staffing, and

9 │ operations of each of the state hospitals. I am responsible for overseeing the inpatient care

10 │ provided to CDCR inmate-patients at Atascadero State Hospital, Coalinga State Hospital and

11 │ Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of

12 │ DMH programs within California Department of Correction and Rehabilitation (CDCR)

13 │ facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas

14 │ Valley Psychiatric Program at Salinas Valley State Prison.

15 │       4. I am responsible for ensuring DMH provides appropriate responses to and complies

16 │ with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in

17 │ preparing and developing Defendants' August 2007 mental health bed plan. I also participated in

18 │ the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range

19 │ Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of

20 │ December 2006. I am participated in the development of the pay parity plans approved by this

21 │ Court for DMH clinicians. I also participated in developing the DMH response to court orders

22 │ for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan

23 │ for Coalinga State Hospital. Each of these referenced documents have been filed with the

24 │ *Coleman* court and provided to counsel. I oversee the preparation and implementation of the

25 │ operating interagency agreements and memoranda of understanding between DMH and CDCR

26 │ to provide acute and intermediate care inpatient beds to CDCR inmates. Those interagency

27 │ documents and memoranda of understanding have been submitted to Special Master Keating and

28 │ Plaintiffs' counsel for review.

Decl. of Cindy Radavsky Re: Privileged Documents

2

1    5. I am also responsible for DMH's responses to other litigation matters, ranging from
2  habeas petitions filed by patients to the action brought by the United States Department of
3  Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the
4  CRIPA case).          6. I have reviewed Plaintiffs' Request for Production of Documents. Set
5  One, propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*,
6  Case No. CIV S90-0520 LKK JFM P, and *Plata v. Schwarzenegger*, Case No. C01-1351 TEH. I
7  am familiar with the documents generated by the Department of Mental Health which may be
8  responsive to Plaintiffs' requests. Certain items within those categories of documents are
9  privileged.

10    7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am
11  familiar with this agency's analysis, regulations, policies, practices, and procedures concerning
12  its involvement with prisons of the California Department of Corrections and Rehabilitation. In
13  addition, I am familiar with, and an instrumental participant in, development of such analysis,
14  policies and procedures. I am also familiar with the process associated with the derivation of
15  the budget and the development of draft budget change proposals for internal review and
16  revision and for ultimate submission to the Office of the Governor for final approval.

17    8. Policy, planning and procedural documents are drafted, revised, discussed, debated
18  and redrafted before finalization. Although the final product will be produced, DMH maintains
19  as privileged those drafts or other documents reflecting internal analysis, deliberation and
20  discussion prior to adoption of the final product. Such documents include patient planning
21  committee notes, draft budget change proposals, legal opinions prepared by in-house counsel for
22  DMH staff, legal memoranda prepared relative to ongoing litigation (such as this case and the
23  CRIPA case), position papers and draft cost summaries.

24    9. When requested, DMH takes an advisory role relative to treatment of CDCR inmate-
25  patients in advance of adoption of plans, policies and procedures. These functions are performed
26  on a continuing basis. In addition, modifications to policies and procedures may be developed
27  through self-evaluations conducted internally. Information gathered and derived for purposes of
28  policy planning and analysis is considered confidential and is maintained in a confidential

Decl. of Cindy Radavsky Re: Privileged Documents

manner. Finally, many of DMH's policies and procedures are derived based upon budgetary and
fiscal information for which the Governor has final approval.

10. I have caused documents in the possession of DMH to be provided to counsel for the
Defendants in response to Plaintiffs' Request for Production of Documents, Set One. These
documents include draft unadopted planning documents, budget change proposal packages,
associated e-mails, documents developed to activate internal debate and analysis, official
information which is not made available to the public, and communications with DMH's staff
attorneys and the Attorney General's Office regarding pending and anticipated litigation.

11. Many documents provided to counsel for Defendants are pre-decisional and bear on
the formulation or exercise of DMH's judgment. These materials were part of the deliberative
policy-making process which led to a final decision, or are leading to a future final decision,
regarding DMH's budget, policies, procedures and treatment of CDCR inmate-patients. Such
documents include recommendations, draft documents, proposals, legal comments, and other
documents which reflect the personal opinion of the individual writers rather than the policy of
DMH.

12. Many potentially responsive documents were derived from a complex set of
treatment considerations, judgments, projections, other rules and regulations, and the assessment
of possible solutions and recommendations. As such, these documents are pre-decisional,
deliberative, and should be shielded from discovery because disclosure of the documents may
chill future beneficial discourse, self-evaluation and debate. Furthermore, if individuals
working with or for DMH fear that deliberative materials will be made public, the release may
deter discussion and development of theories and ideas of benefit to the public.

I declare under penalty of perjury the foregoing is true and correct.

Executed on _____, 2007, in Sacramento, California.

CYNTHIA A. RADAVSKY
Deputy Director, Long-Term Care Services
Department of Mental Health

36046134.wpd
SF2007200670

Decl. of Cindy Radavsky Re: Privileged Documents

4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 324-5388
8    Fax: (916) 324-5205
     Email: Misha.Igra@doj.ca.gov
9
   Attorneys for Defendants
10

11       IN THE UNITED STATES DISTRICT COURT

12     FOR THE EASTERN DISTRICT OF CALIFORNIA

13     AND THE NORTHERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  **RALPH COLEMAN, et al.,**                     2:90-cv-00520 LKK JFM P

18                              Plaintiffs,         **THREE JUDGE COURT**

19          v.

20  **ARNOLD SCHWARZENEGGER, et al.,**

21                              Defendants.

22
    **MARCIANO PLATA, et al.,**                     No. C 01-1351 TEH
23
                                Plaintiffs,         **THREE JUDGE COURT**
24          v.
                                                    **DECLARATION OF ROBERT
25  **ARNOLD SCHWARZENEGGER, et al.,**              GORE REGARDING
                                                    PRIVILEGED DOCUMENTS**
26                              Defendants.

27       I, Robert Gore, declare:

28       1. I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office.

Decl. of Robert Gore Re: Privileged Documents

1

1 Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively
2 involved with, and review, budgets and corrections issues for the Office of the Governor.

3    2. I have personal knowledge of the facts stated in this declaration and if called to testify
4 upon those facts would do so competently.

5    3. I have reviewed Plaintiffs' Request for Production of Documents, Set One,
6 propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV
7 S90-0520 LKK JFM P, and *Plata v. Schwarzenegger,* C01-1351 TEH. I am generally familiar
8 with the documents generated by the Office of the Governor which may be responsive to
9 Plaintiffs' requests. Certain items within those categories of documents are privileged.

10    4. In my capacity as Acting Chief Deputy Cabinet Secretary for the California
11 Governor's Office, I am familiar with the Governor's Office's analysis, policies, practices, and
12 procedures concerning its involvement with the California Legislature, State budget process, AB
13 900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity
14 and bed planning as well as rules, regulations, policies and procedures regarding re-entry
15 facilities, and the prison parole system. In addition, I am familiar with, and an instrumental
16 participant in, development of such policies and procedures. I am also familiar with the process
17 associated with the development of legislation, the budget and  the development of draft budget
18 change proposals by State agencies through an internal review process, which are ultimately
19 submitted to the Office of the Governor for final approval.

20    5. Policy, plans and procedures for the budget, AB 900, out-of-state transfers, prison site
21 selection, prison capacity and bed planning documents are drafted, revised, discussed, debated
22 and redrafted before finalization. The final documents have been produced in these cases and
23 will be provided in response to the Request for Production of Documents. The Governor's
24 Office maintains as privileged those documents reflecting internal analysis, deliberation and
25 discussion prior to adoption of the Governor's budget proposal, AB 900, population reduction
26 strategies, out-of-state transfers, prison site selection, prison capacity and bed planning as well as
27 rules, regulations, policies and procedures regarding re-entry facilities, and the prison parole
28 system.

Decl. of Robert Gore Re: Privileged Documents

2

1      6. From April 2006 to the present, the Governor's Office has explored numerous

2 strategies for addressing population in CDCR. These include but are not limited to out-of-state

3 transfers, parole reform, and prison construction. Documents reflecting analysis of these issues

4 prior to adoption of a final strategy are pre-decisional, deliberative and therefore privileged.

5      7. Those privileged and non-privileged documents in the possession of the Office of the

6 Governor that are responsive to Plaintiffs' Request for Production of Documents, have been

7 provided to Defendants' counsel. Those documents include briefing documents, critiques, self-

8 evaluations, agendas, draft plans, budget change proposals, associated e-mails, legal analyses,

9 official information which is not made available to the public, communications within the Office

10 of the Governor and with other Defendants' executive levels, and communications with attorneys

11 regarding pending and anticipated litigation.

12      8. Many documents provided to counsel for Defendants are pre-decisional and bear on

13 the formulation or exercise of the Governor's Office's policy-oriented judgment. These

14 materials were part of the deliberative policy-making process which led to a final decision, or are

15 leading to a future final decision, regarding budgetary policies which are the basis for all

16 governmental activities, procedures, regulations, and amendments. Such documents include

17 draft legislation; draft proclamations; draft executive orders; analysis of proposals; draft

18 planning documents; attorney work-product; communications within the Office of the Governor,

19 other Defendants' executive levels, and attorneys; and other documents which reflect the

20 opinions and suggestions of individuals rather than the policy of a particular agency.

21      9. Many potentially responsive documents reflect complex calculations, judgments,

22 projections, the application of existing laws and regulations, and the assessment of possible

23 solutions and recommendations. As such, these documents are pre-decisional, deliberative, and

24 should be shielded from discovery because disclosure of the documents may chill future

25 discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that deliberative

26 ////

27 ////

28 ////

Decl. of Robert Gore Re: Privileged Documents

3

1 | materials will be made public, it may deter discussion and development of theories and ideas of

2 | benefit to the public.

3

4 |     I declare under penalty of perjury the foregoing is true and correct.

5 |     Executed on October 25, 2007, in Sacramento, California.

6

7 |             ROBERT GORE

8 |             Acting Chief Deputy Cabinet Secretary
            California Office of the Governor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Robert Gore Re: Privileged Documents

4