PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.: Civ S 90-0520 LKK-JFM <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF NONCOMPLIANCE WITH JUNE 1, 2007 ORDER RE: SMALL MANAGEMENT YARDS** |

## I. INTRODUCTION

On November 13, 2007, Plaintiffs filed a Notice of Defendants' Noncompliance with this Court's June 1, 2007 Order requiring that defendants submit a plan to satisfy their need for sufficient small management yards to meet Title 15 exercise requirements for prisoners housed in administrative segregation units. [Docket 2529] Finding good cause, this Court directed Defendants to respond to each of the issues raised in Plaintiffs' Notice of Non-compliance within 15 days of the Order [Docket 2544].

On December 4, 2007, Defendants filed their Response. [Docket 2590]. Defendants' Response fails to adequately address the concerns raised in Plaintiffs' Notice of Non-compliance and this Court should entry the requested orders. Defendants acknowledge that SHU, PSU and condemned prisoners have a dire need for yard, and have represented that there is planning for small management yards for this population in the CDCR Five-Year Infrastructure plan. This is untrue. Furthermore, even if defendants had included plans in their Five Year Plan for small management yards for the SHU, PSU and condemned prisoners, these plans would not have addressed the immediate needs of this population. Finally, defendants have failed to seek the necessary mid-year funding, state law waivers, and other fast-track budgetary mechanisms that will enable them to build funded yards and meet the court-ordered timelines. Plaintiffs request that the Court issue the proposed order submitted with their Notice of Non-Compliance.

### A. CDCR Five Year Plan Does Not Contain Small Management Yard Projects For PSU, SHU And Condemned Units

Contrary to defendants' representations in their Response and sworn declaration, CDCR's Five Year Infra-structure Plan does not contain any plans for the funding, design and construction of small management yards for PSU, SHU and condemned housing units. Declaration of Jane E. Kahn in Support of Plaintiffs' Reply ("Kahn Dec") at ¶ 2, **Exhibit A** (California Department of Corrections and Rehabilitation Five-year Infrastructure Plan: 2008-2012, DOF007134, DOF007201-02). Although defendants acknowledge the critical need for SHU, PSU and Grade B yards, they defend the decision to remove these yards from their

1  current plan because they state that they have "shifted this balance of needed small

2  management yards into the Department's five-year infrastructure plan for Governor's Budget

3  consideration." Docket 2590 at 5; Hysen Dec. at 12.   This is untrue.

4     The CDCR Five Year Infrastructure Plan discusses three small management projects,

5  listed as Phase 1, Phase 2 and Phase 3 projects to construct 341 small management exercise

6  yards in the administrative segregation units at 15 Level II and Level III/Reception centers.

7  Kahn Dec. ¶ 2, **Exhibit A.** (DOF007201-02)  No other projects exist within the Five-Year

8  Infrastructure Plan for the design and construction of small management yards for the PSU,

9  SHU and condemned prisoners.[1]  Even if the Five-Year Plan included small management yards

10 for this population, which it does not, it would not address the critical need in a timely fashion.

11         **B.    Defendants Fail to Seek Mid-Year Funding, State Law Waivers and Other
               Expedited Funding to Ensure Compliance with the June 2007 Order**

12     This Court's June 8, 2006 Order directing defendants to meet with the Special Master,

13 plaintiffs, plaintiffs' expert and other experts to develop a plan to address the escalating rates

14 of suicide in the administrative segregation units, included a provision that directed defendants

15 to include a budget and a mechanism for obtaining mid-year funding, if necessary.  June 8,

16 2006 Order at 2 [Docket 1830].  Defendants have never sought mid-year funding for any of the

17 projects related to the Suicide Plan developed and have, in fact, developed implementation

18 plans that are limited by the budgetary process.

19     In the current plan submitted to this Court, defendants state that the schedule for their

20 plan implementation rests upon "a timely budget enactment."  Docket 2492 at 6.  A recent

21 small management yard project, for 80 yards that had already been funded and designed, was

22 derailed because of additional costs.  Defendants did not seek additional funding to complete

23 the project, but rather sought permission to change the scope of the project and reduce the total

24 number of small management yards in the project from 80 to 60 (thereby eliminating the 20

---

[1] In August 2007, defendants reported in their monthly statistical package that 41% (or 705 of 1718) of the SHU population were on the mental health caseload.  Kahn Dec.¶4, **Exhibit C** There were also 298 EOPs housed in the PSU.  *Id.*

1  yards scheduled for construction at CSP-Solano).  Kahn Dec. ¶3, **Exhibit B** (October 29, 2007
2  DOF Letter to Legislature on behalf of CDCR requesting permission to change scope of small
3  management yard project.)  The change of scope would result in a budgetary saving of
4  $395,000, while the CDCR chose not to build a portion of the small management yards that
5  were estimated to cost $36,750 a piece.  *Id* at 2. Clearly, CDCR has no sense of urgency about
6  meeting the needs of prisoners housed in the segregation units at CSP-Solano or meeting the
7  requirements of this Court's order.

## II.    CONCLUSION

Defendants' Response fails to cure their non-compliance with this Court's June 1, 2007 Order requiring that defendants submit a plan that will satisfy their need for sufficient small management yards to meet Title 15 exercise requirements for prisoners in administrative segregation.  They acknowledge that prisoners housed in the PSU, SHU and condemned units have a critical need for yard, but misrepresent that the Five-Year Infrastructure Plan will be addressing this need.  Defendants have failed to seek any mid-year funding, state law waivers or additional funding to ensure that the small management yards already funded or required by the CDCR will be built on schedule.  Most disturbing is the fact that defendants have not even committed to ensuring that those small management yards which have been funded, designed and are currently scheduled for construction, will be built.  Prisoners housed in CSP-Solano's unit will simply have to wait.

We request that the Court enter the Proposed Order which plaintiffs submitted with the Notice of Non-compliance.

Dated:  December 6, 2007          Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP


By:  /s/ Jane E. Kahn
      Jane E. Kahn
      Attorney for the Plaintiffs