David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536



**FILED**

DEC 1 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RALPH COLEMAN, | No. CIV-S-0520-LKK-JFM |
| DAVID W. WILSON, | **PLAINTIFFS NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND OR PRELIMINARY INJUNCTION** |
| Plaintiff on behalf of himself and others similarly situated, |  |
| vs. | The Honorable John F. Moulds, Magistrate Judge. |
| GOVERNOR, ARNOLD SCHWARZENEGGER, et al., |  |
| Defendants. |  |

TO DEFENDANT'S **SCHWARZENEGGER**, **TILTON**, **HAWS**, **PARKER**, **McGUINNESS**, **CSP-LAC, AND CDCR**. **PLEASE TAKE NOTICE** in **UNITED STATES DISTRICT COURT** of Federal **Building,** located at 501 "I" Street, Sacramento, California 95814, before the Honorable John F. Moulds, on or about January 9, 2008, or as soon as possible.

Plaintiff DAVID W. WILSON, will move the Court for Temporary Restraining Order and or Preliminary Injunction, to "remove reception center inmate's" from Preparing, Heating, Handling Enhanced Out Patients (**EOP's**) Food in satellite Culinary, to **STOP un**heated food causing sickness & "Health Hazards." And that reception inmate's **not** handle "Laundry Exchange" refills EOP's clothing thats lost or destroyed. And that EOP Units D-1, D-2, all "Food Servers/Handlers be removed for withholding food EOP's **non**-Workers and for selves & extortion. And That Phase A,B,C, Status be abolished denying **non**-Workers program access.

1  David W. Wilson, K66474
   CSP-LAC, D1-#104
2  44750 60th St. West
   Lancaster, CA 93536

3

4

5

6

7  **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9  RALPH COLEMAN,                          )     No. <u>CIV-S-0520-LKK-JFM</u>
                                           )
10 DAVID W. WILSON,                        )     **PLAINTIFFS MOTION FOR TEMPORARY**
                                           )     **RESTRAINING ORDER AND OR PRELIMINARY**
11        Plaintiff on behalf of himself   )     **INJUNCTION**
          and others similarly situated,   )
12                                         )
   vs.                                     )
13                                         )     The Honorable John F. Moulds,
                                           )                  Magistrate Judge.
14 GOVERNOR, ARNOLD SCHWARZENEGGER, et al., )
                                           )
15 _____Defendants._____ )

16

17        Plaintiff DAVID W. WILSON, pursuant Rule 65 Federal Rules Civil Procedure,

18 and Local Rule 65-231(a), and (b), request Defendant's **TILTON, HAWS, PARKER,**

19 **McGUINNESS,** to **"remove reception center inmate's"** from Preparing, Heating,

20 Handling EOP's "Food" in D-Facility Satellite Kitchen, for reception inmate's

21 are in transition to respective institutions and have not required time/

22 proficiency before transferring, which has resulted in "Food" being **un**-heated,

23 **cooked** being sent to Units D-1, D-2, causing EOP's to become sick routinely

24 with Stomach problems, which medical sick call would not be answered within 14

25 days required by <u>PLATA</u>, No. C01-1351-TEH, which the **un**-heated meals are a "Health

26 Hazard" causing cruel & unusual punishment.  This is exacerbated by reception

27 inmate's handling "Laundry Duties" including exchanging EOP's clothing refills,

28 which EOP's clothing comes back missing, lost, torn, destroyed, and EOP's charged.

## STATEMENT OF FACTS

1. This is because California State Prison Los Angeles County (CSP-LAC) is in
2. violation of **Americans with Disabilities Act** (ADA) by having not done self-
3. evaluation pursuant Title II 42 U.S.C. §12132 28 C.F.R. 35.105, and are using
4. **"Discrimination"** against EOP's violating 35.130 General Prohibitions Against
5. Discrimination, which EOP's meet requirements of 35.104 Definitions. This is
6. not giving EOP's the same program access, and equal opportunities as the General
7. Population at A-Facility CSP-LAC, that is being done for financial reasons to
8. not give EOP's Pay $$ Dollars $$. Which reception inmate's have other jobs in
9. EOP Unit's as Plumbers, Canteen and **not** done A-Facility. This **"Discrimination"**
10. goes even further for in the EOP Unit's their is **program discrimination** that
11. is not done at 'NO' other EOP program, called Phase A, B, C, that requires 90
12. days to pass each Phase, **Yet!** in itself is discriminating for it denies "Night
13. time Program activities, thats only given to Phase C Inmate's, which include
14. Night time Phone calls violating **ADA** at 28. C.F.R. 35.160 **Communications General**
15. to Families who get off of work at 5:00 P.M. This Phase C, allows certain EOP's
16. to work 2 and 3 Unit Jobs as Barber/Library Worker/Food Server, or Porter/Mental
17. Health Porter/Food Server, or Recreation Clerk/Porter/Food Server, or Porter/
18. Food Server, or any Inmate Guards choose to be a **facade** worker to discriminate.
19. Which these Phase C, Workers serve the "Food" and **"do not"** use the 'Electric
20. Steam Line' to heat Food, and pass out Food Trays to short **non**-Workers Food for
21. Extortion to **non**-Workers, and to keep for themselves and which 20 to 30 Inmates
22. have to be given 4 to 10 times rations at the end of meals, and why the "Food"
23. is with held, which the Guards use as control mechanism and Psy. Staff allow
24. for years for many are their pet Inmate's and this is condone for this purpose,
25. which in totality is cruel and unusual punishment meeting Eight Amendment United
26. States Constitution, which relief can be granted.
27.
28.

**I. PLAINTIFFS ARE ENTITLED TO TEMPORARY RESTRAINING ORDER DIRECTING DEFENDANTS TO HAVE RECEPTION I/M'S NOT HANDLE FOOD OR CLOTHING & PHASE A,B,C ABOLISHED & EOP FOOD HANDLERS REMOVED & EOP'S WORK ONE JOB ONLY**

A litigant may be granted a temporary restraining order (TRO) by a federal court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a TRO is granted, that the TRO is consistent with the public interest, and that the plaintiff has a liklihood of success in the lawsuit, <u>Bounds v. Smith</u>, 430 U.S. 17 (1997); <u>Casey v. Lewis</u>, 518 U.S. 343, 135 L.Ed.2d 606 S.Ct. 2174 (1996); <u>Jones'El v. Berge</u>, 164 F. Supp.2d 1096 (W.D.Wis.2001); <u>Jones'El v. Berge</u>, 374 F.3d 541 (7th Cir.2004).

Plaintiff(**s**) are entitled to Temporary Order under these standards.

A.     **Irreparable Injury**

In <u>Hopotowit v. Ray</u>, 682 F.2d 1237 (9th Cir.1982) **"Food Services,"** vermin, ventilation did not meet public health standard, causing **Health Hazard, Prison *Keys** at 3. Federal Courts *814, 7. Constitutional Law *70.1(7)72, 9. Criminal Law *1213, 13.,, 15. **Prisons *4(2),**     46.Federal Courts *855, 52. **Prisons *17** Prison officials may not deprive prisoners of basic necessities of life protected by Eight Amendment by placing them in different forms of detention, since prison officials must provide all prisoners with **food, clothing,** shelter, sanitation, **medical care,** and **personal safety.**

B.     **Some Evidence**

<u>Toussaint v. McCarthy</u>, 597 F.Supp., 1395-96 (N.D.Cal.1984) Constitutional rights don't come and go with weather; <u>Gates v. Deukmejan</u>, CIV-S-87-1636-LKK-JFM. In <u>Jones'El v. Berge</u>, 164 F.Supp.2d 1096 (W.D.Wis.2001) **Prison *Key 1.** Injunction *132, *147 a Preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant carries the burden of persuasion by a clear showing,   3. Injunction *138.78 Prison Litigation Reform Act does not change the standard for determining whether to grant preliminary injunction. 18 U.S.C.A.

§362(a)(2),   **4.** Sentencing and Punishment **\*1536** a prison official may be held liable under Eight Amendment for acting with **"deliberate indifference"** to inmate health or safety only if he knows the inmate faces substantial risk by failing to take reasonable measures to reduce that harm; plaintiff must show that the condition to which they are subjected are sufficiently serious **(Objective Component)** and that defendants are deliberate indifference to inmate's health or safety **(Subjective Component),   5.** Sentencing Punishment **\*1532** conditions of confinement that deprive prisoners of the minimal civilized **measures** of lifes necessities satisfy the Objective Component of the Eight Amendment inquiry U.S.C.A. Const. Amend. 8,   **6.** Sentencing and Punishment **\*1547** Eight Amendment protects the mental health of prisoners no less than their physical health U.S.C.A. Const. Amend. 8.,   **7. Civil Rights \*268** credible evidence indicated that facility **was not** appropriate for seriously mentally ill inmates because of the isolation resulting from the physical layout.,   **8.** Injunction **\*138.6** For purpose of preliminary injunction relief, "irreparable harm" means that the plaintiff is unlikely to be made whole by award of damages or other relief at the end of trial.   **9.** Civil Rights **\*268** Even if temporary, violation of fundamental constitutional right constitutes irreparable harm, for purposes of preliminary injunctive relief,   **10.** Civil Rights **\*268** Inmates demonstrated more than a negligible chance of success of their claim, at supermax security challenged conditions mentally ill inmates under conditions in which they risked emotional damaged and, in some cases, a risk of death by suicide, violation of their Eight Amendment rights, were entitled to preliminary injunctive relief since inmates had no remedy at law.

Plaintiff WILSON has case before bench of Job **Un**-Equality of BOP's and defendants have been served WILSON v. BAKER, et al., No. CIV-S-06-0537-FCD-GGH

**C.**  **Absence of Harm the Adverse Party**

The defendant's have no legitimate interest in denying EOP's un-heated/uncooked food, or "Clothing" lost/torn/destroyed, by "discrimination" violating the ADA for Equal Rights, and to "discriminate" by Phase C, programs denying Night Program accessibility, which Phase system allows Guards & Psy. Supervisor, Psy. Dr's to allow favoritism privilege certain EOP's to work two or three Jobs denying Equal access, and allowing food to be further not heated, and to be withheld for them selves, personal gain and extortion, which is causing physical harm, emotional stress, mental anguish, and detriment to non-Working EOP's, Thus, no harm.

**D.**  **Public Interest**

The Public interest is best served when all persons, prisoner's enjoy "minimal civilized measures of lifes necessities," food nutritionally wholesome and adequate, clothing regularlly exchanged and fits, not damaged, or having food withheld for personal gain certain chosen EOP's by Guards & Psy. Staff under facade Phase program that allows constant degredation of mentally impaired within meaning cruel punishment and Health Hararsds, Jones'El v. Berge, 164 **Prison *Key 138.1,** (1) more than negligible chance of success of their claim, (2) No adequate legal remedy and irreparable harm if preliminary relief is denied, (3) the balance of hardship between plaintiff the defendants adjusting the hardships for the probability of success on the merits and (4) the public interest; Casey v. Lewis, 518 U.S. 343, 135 L.Ed.2d 606 S.Ct. 2174 (1996) (Emphasis added).

**E.** Plaintiffs likilihood of winning a final judgment on the food "Health Hazard," "Clothing Degredation," **"A D A,"** reasonable modification for program accessibility, and Equal Rights, inclusive in "Jobs," in EOP Units and Facility, which defendant's have actual knowledge of the pain and suffering, to be deliberate indifference, is so well established to be unquestionable, Jones'El v. Berge, Hopotwit v. Ray; Bounds v. Smith; Casey v. Lewis, Supra.

Local Rule 65-231, requires an applicant for TRO to certify to Court the efforts that have been made to given notice to the adverse party and/or the reasons why notice or efforts to given notice should not be required. Plaintiffs efforts to give notice are in Affidavit attached described in paragraphs 5, 6, 7, 8, 9, 10.          The Restraining Order should be granted without further delay for notice purpose because the Health Hazard and physical suffering Plaintiff(s) are having, which is causing an atypical significant hardship in day to day living.

Even if the Court finds that Plaintiff(s) are not entitled to a Temporary Restraining Order, it should grant Plaintiff(s) a Preliminary Injunction after notice to defendants.

A preliminary injunction may be granted upon notice based on consideration of the same five factors discussed in Point I. supra. Florida Medical Association Inc. v. United States Department of Health, Education, and Welfare, 601 F.2d 99 (5th Cir.1979); Jones'El v. Berg, 164 F.Supp.2d 1096 (W.D.Wis.2001). Plaintiff incorporates that discussion by reference in this point.

II.          **INEFFECTIVE ASSISTANCE**

In Strickland v. Washington, 466 U.S. 688 (1984) the Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. There citing McMann we reiterated that "[When]" a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-688. We also held, however, that "[the]" defendant must show that there is a reasonable probability that, but counsel's unprofessional errors, the results of the proceeding would have been different." Id., at 694.

Plaintiff states counsel's representation fell below objective standard of reasonableness to not respond directly to Plaintiff for "Health Hazard" food

Page 7

conditions, and to let Defendant's continue without taking direct Court proceeding, which this unprofessional errors is causing Plaintiff(s) to suffer stomach illness.

Wherefore the Court should grant a temporary restraining order or, in the alternative a preliminary injunction, directing defendant's to "remove" reception inmate's from preparing, heating, handling EOP's "Food," and to 'Not' handle EOP's "Laundry," or Clothing exchange. And that EOP Phase A,B,C, Status be abolished, and that 'No' EOP to have 2 or 3 Jobs, and all current Food Servers, Handlers in EOP Units be removed, along with all in Unit Workers who can occupy Food Servers Positions.

Dated: December 4, 2007.

Respectfully submitted

David W. Wilson

David W. Wilson
Plaintiff

# Affidavit In Support

David W. Wilson states under penalty of perjury:

1. I am the plaintiff in the above-entitled case. I make this affidavit in support of my motion for temporary restraining order or, in the alternative, for a preliminary injunction.

2. On August 29, 2007, I was transferred from CMF to CSP-LAC, & excepted in the EOP program September 12, 2007.

3. On October 17, 2007, I was placed for transfer back to CMF or CMC-E, as level III Inmate due to 'errors' in point score at CMF conspiracy to transfer.

4. On November 15, 2007, I filed Civil Suit U.S.C.D. Court to be sent to Atascadero pursuant Court Order Coleman, June 28, 2007, & denied appeal & ADA Request for.

5. On November 16,-19, 2007, I gathered signatures on Affidavit EOP'S Exhibit PP, for "Jobs & Pay" where Cooks Reception I/M's causing Food To Not Be Heated causing Sickness/Health Hazard & Shortages In Lunches, Items Missing & Request Jobs & Pay In Laundry thats Torn & Damaged, & Request Canteen Workers & Pay, Full Yard Crew & Pay, Religious Clerks, Custody Clerks, Plumbers & Barbers & Pay, Unit Porters 3 Each 2 shifts & Pay, Unit Food Servers & Pay Equal To Non-EOP's A-Facility, Law Library Clerks & Pay Including Black Workers & All Jobs & Pay Where We Can Function Including Special Purchase Clerk Any An All Jobs.

6. On November 20, 2007, I filed ADA Group Class Request, Exhibit PP(1), for Jobs & Pay, and attached Classification chrono Exhibit SC(2), with ADA Rules Exhibit's 4, 5, 6, 7, C.F.R. §35.104 Definitions, Exhibit's 8, 9, C.F.R §35.105 Self-evaluation, Exhibit's 9, 10, C.F.R §35.150 General Prohibitions Against Discrimination, and sent 'FORMAT' Letter to I.G., Secretary, TILTON, OMBUDSMAN, I.A., citing Appeals Restraints by Coordinator(s), (DOM) 54100.8 **Unreasonable,** & no DOM 54100.9 Assignment Notices, for Title 15 #3084.5 Levels of Review & Disposition, barring as Woodfood v. Ngo, Exhibit's PP(2), PP(3), PP(4), PP(5), as letter to Coleman Attorney's for Relief citing Penal Code §2084, and for Motion

CSP-LAC **STOP** EOP's Discrimination or no recourse but to file this for our own 'Safety & Security, Exhibit PP(6).

**7.** On November 30, 2007, I receive Assignment Notice, Exhibit PP(7), DUE 12/18/2007 to late to remedy the situation for EOP's are having constant "Stomach Problems" from **un**-heated, **un**-cooked food.

**8.** On November 29,– December 2, 2007, I gathered signatures on Affidavit EOP's Exhibit DW, CSP-LAC Is **"Discriminating"** Against EOP's BY A, B, C, Phase That Allows Night Program & Phone Calls To Unit Workers & Denies Non-Workers, & That Food Servers Short Our Rations To Keep & Sell To Non-Workers & These C-Phase Workers Are Allowed 2 & 3 Jobs As Porters/Food Servers Or Recreation Clerks/Food Servers/ Porters Or Unit Clerks/Program Clerks/Porters Or Porters/Food Servers/Mental Health Workers & Favoritism Is Shown To These Workers By C/O's & Psy Staff & We Request Equal Participation & Equal Rights of Fourteenth Amendment & A, B, C, Phase Be Abolished & Current Workers Be Removed From Positions For 1 Year & EOp's Work "only" 1 Job, Exhibit DW.

**9.** On November 4, 2007, I submit ADA Group Class Request, Exhibit DW(1), for EOP Unit Job Equality and Program participation, with copy Exhibit SC(2), herein, and with ADA Rules herein Exhibit's 4, 5, 6, 7, 8, 9, 10, with Exhibit 18, C.F.R. §35.160 **Communication General**, that A, B, C, Phase be abolished & all current Food Servers/Porters/Barbers/Recreation Clerks/Yard Workers/Unit Clerks/Library Clerks/Mental Health Porters, be removed form these positions for 1 year, & in future EOP's work "Only" one Job assignment as part of Therapeutic Task Treatment along with 10 hours Group Therapy to **STOP** the Canteen/Package extortion of **non**-Working EOP's, & to **STOP** Food given in Shortages, Exhibit DW(1).

**10.** I having received from I/M Williams Exhibit,s his COMPLAINT against Psy. Supervisor, Dr. McGuinness for on going excessive force used by mainly Mexican & White Staff on Blacks to break legs & arms as November 29, 2007, Unit D-3, when escorted handcuffed through rotunda pass into building alarm goes off, and all

Yard Building 3 goes through side door, & Building 1 & 2, sent form Yard, and Black Inmate brung from Building 3 when No Inmate's to See Inmate bloody legs stapped in wheel chair for hour before taken to Hospital, I was in Library & seen, as in Unit assaults Inmate's not resisting, on ground and hit in head. Inmate Williams Exhausted remedies that Dr. McGuinness ignores criminal disruption to mental health population, Exhibit's W, W(1), (2), (3), (4), (4)a. As given by I/M Hearon, Group Class COMPLAINT, Exhibit's H, H(1), (2), (3), (4), which at Exhibit H(1), forth paragraph speaks of **'favoritism'** and "inmates are permitted to have more than one prison job assignment, which these COMPLAINTS were filed before I came to CSP-LAC, and show this withholding Food has been allowed for these inmate's are considered pet inmate's and have been in Unit for years and Psy. Staff turn a blind eye to **discrimination** as to Guards excessive force used and the **"Terrorism"** being applied to EOP's from overflow of racial disparity of Mexican & African Americans that over-flows from Los Angeles streets to L.A. County Jail, to Mexican Prison Guards mainly younger rushing to continue racial hate and not being taught In Service Training & On the Job racial diversity, and comprehending mentally impaired EOP's & DDP Patients, which would STOP atrocities.

**11.** I have placed a copy of these papers in the institutional mail, to serve Secretary, TILTON, Warden, HAWS, Facility Captain, Parker, and hand to Dr. McGuinness. I also serve the Attorney General. Because of the urgency of the situation, set forth in paragraphs 5, 6, 7, 8, 9,10, supra, no further efforts should be required, as set forth before the Court.

Wherefore, the Court should grant a temporary restraining order or, in the alternative, a preliminary injunction requiring the defendant's to "remove" reception inmate's from preparing, heating, handling EOP's "Food," and to 'Not' handle EOP's "Laundry," or Clothing exchange. And that EOP Phase A,B,C, Status be abolished, and that 'No' EOP have 2 or 3 Jobs, and all current Food Severs, Handlers in EOP Units be removed, with all Workers who can occupy Servers position.

Dated: December 4, 2007.

*David W. Wilson*
David W. Wilson

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this day at California State Prison Los Angeles County, Dated: December 4, 2007.

*David W. Wilson*
David W. WIlson
Plaintiff
In Pro Per

Page 12

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RALPH COLEMAN, | No. CIV-S-0520-LKK-JFM |
| DAVID W. WILSON, | [PURPOSED ORDER] |
| Plaintiff on behalf of himself and others similarly situated, | Hearing: January , 2008 |
| | Courtroom |
| vs. | |
| GOVERNOR, ARNOLD SCHWARZENEGGER, et al., | The Honorable John F. Moulds, |
| Defendants. | Magistrate Judge. |

The Motion of Plaintiff David W. Wilson for Temporary Restraining Order and or Preliminary Injunction came before this Court for hearing on January _____, 2008, Attorney General representing Defendant's SCHWARZENEGGER, TILTON, HANS, PARKER, McGUINNESS, and Plaintiff WILSON representing EOP's and self in Motion and documents to Court.

After consideration the moving papers and all other matters presented to Court. IT IS HEREBY ORDERED that the motion is GRANTED.

Dated: January , 2008.

_____
JOHN F. MOULDS
UNITED STATES MAGISTRATE COURT JUDGE
FOR THE EASTERN DISTRICT OF CALIFORNIA

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

No. CIV-S-0520-LKK JFM

Plaintiff has moved for a TRO pursuant Rule 65, FRCP, and Local Rule 65-231, defendant's TILTON, HAWS, PARKER, McGUINNESS to remove reception inmate's from preparing, heating, handling EOP's Food, and to not handle EOP's Laundry or Clothing exchange. And that EOP Phase A,B,C, Status be abolished, and that no EOP to have 2 or 3 Jobs, and all current Food Servers Handlers in EOP Units be removed, along with all in Unit Workers who can occupy Food Servers positions.

Because of the risk of harm to Plaintiff's reception inmate's should not handle EOP's Food & Lanudry, and Phase A,B,C, be abolished, and no EOP have 2 or 3 Jobs, and current Food Servers in EOP Units be removed with all Unit Workers who can fill that position.

IT is further ORDERED that no reprisals be taken against Plaintiff WILSON as alleged threat, or enemies to place in Ad-Seg. If so Appeals Coordinator must except Staff Complaints against 114-D writer, reviewer, any an who deny Due Process and if proven conspiracy Plaintiff can take action against retirement, pension benefits, & demotion in rank and pay, and Plaintiff not to be harassed.

IT is further ORDERED if Plaintiff transferred he is to go to Atascadero, Napa, or CMF and CMC-E.

IT is further ORDERED that a hearing on plaintiffs motion for a preliminary injunction should be held on _____, and that plaintiff be prepared to proceed with his motion at that time.

IT is further ORDERED that no security shall be required by plaintiff because it appears that he is an indigent prisoner and because this ORDER does not appear to threaten defendant's with any pecuniary loss, Rule 65-231(b),(c).

Dated: _____.

_____
JOHN F. MOULDS
United States Magistrate Court Judge
For The Eastern District Of California

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON, et al.,

V.

GOVERNOR, A. SCHWARZENEGGER, et al.,

**Case Number:**

CIV-S-0520-LKK-JFM

**PROOF OF SERVICE**

**I hereby certify that on** December 4, 2007 **, I served a copy**
PLAINTIFFS NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING
**of the attached** ORDER AND OR PRELIMINARY INJUNCTION

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

California State Prison Los Angeles County

| **(List Name and Address of Each Defendant or Attorney Served)** | |
|---|---|
| UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA CLERK OF COURT 501 "I" Street, Rm. 4-200 Sacramento, CA 95814 | OFFICE OF ATTORNEY GEENERAL 1300 "I" St., Suite 125 P.O. Box 944255 Sacramento, CA 94244-2550 |
| | Secretary CDCR, JAMES TILTON 1515 "S" Street, P.O. Box 942883 Sacramento, CA 94283-0001 |
| | Warden, F.B.HAWS (CSP-LAC) Captain, PARKER (CSP-LAC) Psy. Dr. McGuinness (CSP-LAC) 44750 60th Street West Lancaster, CA 93536 |
| | ROSEN, BIEN & GALVAN, LLP Attorneys at Law P.O. Box 390 Sacramento, CA 94104-390 |

**I declare under penalty of perjury that the foregoing is true and correct.**

_David W. Nelson_

**(Signature of Person Completing Service)**

Exhibit PP

"AFFIDAVIT OF STATEMENT"

THE FOLLOWING MEN, CONVICT'S, INMATE'S, STATE AS TRUE & CORRECT UNDER PENALTY OF PERJURY THAT
CSP-LAC IS "DISCRIMINATING" AGAINST EOP'S BY DENYING *"JOB'S & PAY" WHERE 'CULINARY COOKS'
ARE RECEPTION I/M'S CAUSING FOOD TO NOT BE "HEATED" CAUSING SICKNESS/HEALTH HAZARD & SHORTAGES
IN LUNCHES   ITEMS MISSING & REQUEST "JOBS & PAY" IN 'LAUNDRY' TORN & DAMAGED. 'CANTEEN WORKERS'
& PAY, 'FULL YARD CREW' & PAY, 'RELIGIOUS CLERKS' 'CUSTODY CLERKS' 'PLUMBERS & BARBERS' & PAY
'UNIT PORTERS' 3 EACH 2 SHIFTS & PAY 'UNIT FOODS SERVERS' & PAY EQUAL TO NON-EOP'S A-FACILITY
'LAW LIBRARY CLERKS' & PAY INCLUDING BLACK WORKERS & ALL *"JOBS & PAY" WHERE WE CAN FUNCTION
INCLUDING SPECIAL PURCHASE CLERK ANY AN ALL JOBS ARE DENIED WITH $$$$ PAY $$$$

| PRINTED NAME | CDC # | CELL # | DATE | SIGNATURE |
|---|---|---|---|---|
| John HEARON | F41685 | 2/21 | 11-16-07 | John Hearon |
| AARON JOHNSon | E08573 | M2/9 | 11-6-07 | |
| David Reeves | F-62155 | 215 | 11-6-07 | |
| DAREST CALHOUN | V-73559 | 208 | 11-6-07 | |
| WILLIS Alon | K49979 | D1#244 | 11-16-07 | |
| JERRY SMITH | V-74116 | D2-1271 | 11-16-07 | Jerry Smith |
| | T-8830 | | 11-16-07 | |
| T. Benton | F26503 | D1-157 | 11-16-07 | Benton |
| J Le Claira | 61261 | D1-218 | 11-16-07 | |
| WILSON (AYLIE | V-45405 | D1-209 | 11-16-07 | |
| | T-48360 | D1-220 | 11-16-07 | |
| DARIO MOORE | K-33319 | D-2 186 | 11-16-07 | Dario Moore |
| BROKS ERIC | K-23687 | D1-215 | 11-16-10 | |
| EATON C. | V91604 | D1-213 | 11-16-07 | |
| Kevi myers E | F30812 | D1-237 | 11-16-07 | Roger |
| Troy Wells | F481206 | D1146 | 11-16-07 | Troi Wells |
| Woodard Stanley Wayne | J-97258 | D1182 | 11-16-07 | Woodard Stanley Wayne |
| DUCKETT OTIS | C-42943 | D-1 234up | 11-16-07 | Duckett Otis |
| REED OTHANo | E44481 | D2 217 | 11-16-07 | De Reed |
| peña Librado | J-25594 | D2 118 | 11-16-07 | Librado Peña |
| Dennis Harris | F32174 | D1 1914 | 11-16-07 | Dennis Harris |
| Ronald manning | J-5892 | D2-210 | 11-16-07 | Ronald manning |
| Robert G. Gazeles | V-11122 | D2-205 | 11-16-07 | |
| Xavier Williams | V-72256 | D1-126 | 11-16-07 | |
| David addm | H00915 | D-1-213 | 11-16-07 | David adam |
| WALter Olgman | K-09917 | B-2-122 | 11-16-07 | Ligmon |
| William IKey | T-30656 | D1-13 | 11-16-07 | |
| | J-632780 | D2 104 | 11-16-07 | |
| Manuel R. Godines | F-55466 | D-2-131Up | 11-16-07 | Manuel R. Godines |
| JASon ANKEY | J-08775 | D1-113 | 11-16-07 | |
| Martin DEMENt | C-57948 | D-1-111 | 11-16-07 | Martin DeMent |
| EARL E. LAWS | H-45387 | D-2-233L | 11-16-07 | Earl E. Laws |
| Robert James | T-82245 | D1-144 | 11-16-07 | Robert Haynes |
| Muller Kavrowoy | F-61994 | D1-129 | 11-16-07 | |
| | | D1-147 225 | 11-16-07 | |
| Raymond Lewis | J6290 | | 11-16-07 | RAYMOND LEWIS |
| Gitron | H-CC577 | D-1/105 | 11-16-07 | |
| ARMAL A WASHINGTON | T-01044 | D-V202 | 11-17-07 | Farmel washington |
| WILLIE Donald | D45937 | D-2-225 | 11-17-07 | Willie Donald |
| NUCK WEST JR. | F60029 | D1-118 | 11-17-07 | MAN JR |
| JERimi Robertson | E-61050 | D-1-232 | 11-17-07 | Jerimi Robertson |
| SKEENS | F21080 | D-1-136 | 11-17-07 | |
| REGINALD BARNER | K-52600 | D-1-258 | 11-17-07 | |
| Johnny Howze | F-97981 | D2-120 | 11-17-07 | |
| Jason Moxley | V-68277 | D1-238 | 11/19/07 | Jason Moxley |
| Austin Keith | V-35290 | D1-215 | 11-19-07 | Keith Austin |

Exhibit PP(1)

STATE OF CALIFORNIA      *"G R O U P   C L A S S"  REQUEST

# REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
## CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | | **18. ADA** |

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| DAVID W. WILSON | K-66474 | EOP | | D1-#104 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

**"Mental Impairment"** Post Traumatic Stress (Disorder) diagnosed schizophrenia & paranoia, causing Sleep Deprivation & in constant state of mania for protection causing psychosis.

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Mental Hospital Commitments & attached 128 Chrono 9-12-2007, excepting in Enhanced Out Patient (EOP) program, and meeting requirements of attached Exhibit's ADA Title II of 1990 42 U.S.C. §12132, 28 C.F.R. 35.104, 35.105, 35.130.  Attached "AFFIDAVIT" EOP Convicts, Prisoners, Inmates.

**DESCRIBE THE PROBLEM:** Myself & Other EOP's CSP-LAC are **"Discriminated"** against for **"Jobs & Pay Numbers"** not equal to **non-**EOP's on A-Facility, & Reception I/M's have 'Culinary Cooks Jobs' causing Food not 'heated' properly causing **"sickness"** & Health Hazard & Lunches shortages, items missing, 'Laundry Jobs' & Pay denied causing torn Laundry given EOP's & wrong sizes, Canteen Jobs' & **Pay** for Reception I/M's short EOP's canteen items & animosity. 'Full Yard Crew' & Pay. 'Religious Clerks' & **Pay.** 'Custody Clerks/Workers' & **Pay.** 'Plumbers & Barbers' & **Pay.** 'Unit Porters 3 each & Given Pay.' 'Unit Food Servers' & **Pay.** 'Education Porters/Clerks' & **Pay.** Which EOP's are required to attend (10) hours of Group Therapy & **"Jobs & Pay"** can be modified to meet (10) hours, if EOP's can function in that Job capacity, including 'Law Library' & **Pay.** For EOP's make up the majority of D-Facility in Building #1, #2, partial #3, which D-Facility as Public entity violates attached Exhibit 4, Title II, ADA 42 U.S.C. §12132, 28 C.F.R. 35.104 **Definitions** at Exhibit **"mental impairment"** Exhibit 6, SEE Side 2, Exhibit 7. And CSP-LAC has not done Exhibit 8, §35.105 **Self-evaluation**, and violates Exhibit 9, §35.130 **General Prohibition Against Discrimination**, as described Exhibit 10, **(b)(1)(iii) requires that aids, benefits, or services provided to individuals with disabilities must be afforded same gain benefit as others.**

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

**Given "Jobs & Pay"** equal to **non-**EOP's in 'Culinary,' 'Laundry,' 'Canteen,' 'Yard,' 'Religious Clerks,' 'Custody Clerks/ Worker,' 'Plumbers,' 'Barber,' 'Unit Porters,' 'Unit Food Servers,' 'Education Porters/Clerks,' 'Law Library Clerks' for compliance to ADA of 1990 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29, U.S.C. § 794, & California Government Code §11135.

C.c. U.S. EASTERN DISTRICT COURT, 501 "I" St., Rm. 4-200, Sacramento, CA 95814
INTERNAL AFFAIRS, P.O. Box 3009, Sacramento, CA 95812; Secretary, TILTON, P.O. Box 94283-001, Sac.95814
CDCR OMBUDSMAN, 1515 "S" St., 5th Fl. North Bldg., Sacramento, CA 95814
U.S. Dept. of Justice, Deputy Chief, Disability Rights Section, 950 Pennsylvania Ave. N.W., Disability Rights-NYAVE, Washington, DC 20530; ROSEN, BIEN & GALVAN, P.O. Box 390, San Francisco, CA 94104-390

*David W. Wilson*

| | |
|---|---|
| INMATE/PAROLEE'S SIGNATURE | 11-20-2007 |
| | DATE SIGNED |

# CALIFORNIA DEPARTMENT OF CORRECTIONS

NAME: **WILSON**     CDC #: **K66474**     BED: **D1-104L**

## COMMITTEE ACTION SUMMARY

INITIAL REVIEW. ACCEPT EOP LOC GTND. ESTAB CUSTODY AT MED A W/G P/G A1 A EFF 8-30-07. D/C APPROVED.

## COMMITTEE'S COMMENTS

Inmate WILSON appeared before California State Prison, L.A. County's (LAC's) Facility D Unit Classification Committee (UCC) today for his Initial EOP Review. WILSON stated that his health was good and was willing to proceed. WILSON received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, WILSON was introduced to the committee members. Based upon a review of WILSON'S Central File, case factors, and through discussion with him, committee elects to: INITIAL REVIEW. ACCEPT EOP LOC GTND. ESTAB CUSTODY AT MED A W/G P/G A1 A EFF 8-30-07. D/C APPROVED. Inmate Wilson was accepted into the Enhanced Outpatient Program per IDTTcommittee action on 9-11-05. This is a therapeutic placement and as such, A1 status is appropriate based on his participation in the EOP program per CDC Title 15, 3044(E). The CDC forms 812, 812C, 127 and MSF have been reviewed and updated as required.

At the conclusion of this review, WILSON was informed of his Appeal Rights with regards to this committee's actions. WILSON acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**
Assigned: (Issues complex and/or Inmate participant in MHSDS)

INMATE COPY

## INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| MEDA | 55/IV | A1A - 8/30/2007 | MEPD 4/3/2029 | 10.2 | 10/2007 | 48 | BLA | 4th | DOC #1 3/2003 |

| RECEIVED LAC | RECEIVED FROM & TYPE OF TX | RECEIVED CDC | COUNTY OF COMMITMENT | SENTENCE | RESTITUTION |
|---|---|---|---|---|---|
| 1/31/2002 | CMC-E - Adverse | 9/12/1997 | Los Angeles | 35 YEARS TO LIFE | $200.00 |

| COMMITMENT OFFENSE |
|---|
| ADW ON PO OR FIREMAN |

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| Robbery, Taking a Vehicle w/out Owner's Consent, ADW (Not Firearm), GTA, Burglary, False ID to Peace Officer, Possession of a Controlled Substance, Kidnap, Robbery 2nd, GT Property, Use/Under Influence of a Controlled Substance | FALSE ALIGATIONS,, Behavior which could Lead to Violence, Threatening an inmate, Refusing to Work |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|---|---|---|
| None | None | None |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---|---|---|
| Noted on CDC 812 & CDC 812C | Nonef | Noted & Reviewed |

| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---|---|---|---|---|
| Full Duty | 32 - 5/21/2002 | 2 | N/A | Cocaine |

| PSYCH | MDO | DDP |
|---|---|---|
| EOP 5/23/2003 Psychotropic Medication prescribed | Doesn't Meet MDO Criteria (Lifer) | NCF |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, CCRC, REST. CENTER, SAP ELIGIBILITY | | |
|---|---|---|---|---|
| 270 Design | Double Cell | Camp Eligible: No LIF PSY | CCF Eligible: No LIF PSY | CCRC Eligible: No LIF PSY |
| | | MSF Eligible: No LIF PSY | SAP Eligible: No LIF PSY | Rest. Center Eligible: No LIF PSY |

| FPTTP | HWD | JOB ASSIGNMENT |
|---|---|---|
| US Citizen | Clear as of 6/23/2003 | Unassigned |

## COMMITTEE MEMBERS

*MEMBERS*
Pixley, D. CC II (A)

*CHAIRPERSON*
R. Henderson, FC (A)

*RECORDER*
A. Cruz, CC

Committee Date: 9/12/2007     **INITIAL EOP REVIEW**     Committee: D091207ACC1

Typed By:    - Distribution: C-File & Inmate     **CALIFORNIA STATE PRISON, L.A. COUNTY**     Classification Chrono CDC 128G (Rev: 5/01)

·David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

November 20, 2007

To: INSPECTOR GENERAL, CATE
P.O. Box 348780, Sacramento, CA 95334-8780

Re: Request Intervention CSP-LAC D-Facility **Discrimination** Jobs & Pay Causing EOP's Pain & Suffering Unheated Food By Reception Inmate's Whom Pass Out Damaged Laundry & Wrong Sizes Or Lost & Appeals Screened/Barred Appeals Coordinator's & Warden No Relief EOP's Jeopardy

Dear **Sir!** myself & other EOP's California State Prison Los Angeles County are suffering for the Administration allows Reception Inmate's who are in transition for few months waiting for transfer to their prisons to have all **"Jobs"** mainly on D-Facility, which **non**-EOP's or general population on A-Facility are allowed these **"Jobs & Pay."** This **"Discrimination"** is having manifold consequences for Enhanced Out Patients for Reception Inmate's are preparing our "Food" and are causing a ('Health Hazard') for being in transition they do not learn how to heat or prepare our 'Food' causing potatoes most meals to not be heated & meats & vegetables unheated to cause our stomachs to boil. Therefore many EOP's are suffering improper food not eating. Also Reception I/M's work the Laundry giving out torn/damaged Laundry & then when turned back in EOP's are charged for destroyed clothing, and we do not receive all Laundry back sent, for the Reception I/M's do not care and many have animosity, ill will against us for having a program. This effects us at the Canteen, & the Law Library has "Sensitive needs I/M working in Library who could not even work in Reception side of Facility D, and there is **racial discrimination** for 'NO' Blacks are allowed to work in Library, which although racial/gang politics usually are not in EOP. There are issues unresolved and request this **STOPPED,** along with Reception Inmate's who are Plumbers who come into our Units. Which at A-Facility **non**-EOP's get paid for these positions as well as other **"Jobs."** EOP's have to do (10) hours Group Therapy **Yet!** the **"Jobs"** are part of Therpeutic Treatment and many of us require this therapy. Therefore 'I am sending attached **ADA Request** with "AFFIDAVIT" by EOP's with ADA Rules therein.

This is being forwarded to you for we are denied Title 15 #3084.5 Levels of Review and Disposition by Appeals Coordinator(s) by Department Operations Manual (DOM) 54100.8 **Appeal Screening:** The decision should not be construed in any manner that would place **unreasonable restraints** on the inmate/parolee's right to appeal. This is done by 'not' complying to DOM 54100.9 **Appeal Tracking:** Appeals **shall** be assigned within five working days of receipt from the inmate/parolee. The **"Assignment Notice"** is not given in required time or not at all, & appeals are sometime responded to or forwarded for months **OVER-DUE,** or until requested.

This appeals Screening/Procedually Barring violates U.S. Supreme Court at Woodford v. Viet Mike Ngo, 126 S.Ct. 647,163 L.Ed. 2d 525 (2005) Reversed by, Remanded June 22, 2006, at

III CONCLUSIONS, Procedural default is not an inextricable element of PLRA's exhaustion requirement. If it were, prisoners access to Courts would be based on their ability to navigate minefields, not on whether their claims had any merit. Moreover prison administrators should not be given incentive to fashion grievance procedures which prevent or even defeat prisoners meritious claims. This is why we EOP's request direct intervention to STOP **discrimination.**

Therefore 'I am requesting Coleman Attorney's for intervention by Restraining Order if no relief can be given by you. T H A N K  Y O U  David W. Wilson

·David·W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

Exhibit PP(3)

November 20, 2007

To: SECRETARY, JAMES TILTON
                    P.O. Box 942883, Sacramento, CA 94283-0001

Re: Request Intervention CSP-LAC D-Facility **Discrimination** Jobs & Pay Causing EOP's Pain &
     Suffering Unheated Food By Reception Inmate's Whom Pass Out Damaged Laundry & Wrong Sizes Or
     Lost & Appeals Screened/Barred Appeals Coordinator's & Warden No Relief EOP's Jeopardy

Dear Sir! myself & other EOP's California State Prison Los Angeles County are suffering for the
Administration allows Reception Inmate's who are in transition for few months waiting for
transfer to their prisons to have all **"Jobs"** mainly on D-Facility, which non-EOP's or general
population on A-Facility are allowed these **"Jobs & Pay."** This **"Discrimination"** is having
manifold consequences for Enhanced Out Patients for Reception Inmate's are preparing our "Food"
and are causing a ('Health Hazard') for being in transition they do not learn how to heat or
prepare our 'Food' causing potatoes most meals to not be heated & meats & vegetables unheated
to cause our stomachs to boil. Therefore many EOP's are suffering improper food not eating. Also
Reception I/M's work the Laundry giving out torn/damaged Laundry & then when turned back in EOP's
are charged for destroyed clothing, and we do not receive all Laundry back sent, for the Reception
I/M's do not care and many have animosity, ill will against us for having a program. This effect
us at the Canteen, & the Law Library has "Sensitive needs I/M working in Library who could not
even work in Reception side of Facility D, and there is **racial discrimination** for 'NO' Blacks are
allowed to work in Library, which although racial/gang politics usually are not in EOP. There
are issues unresolved and request this **STOPPED,** along with Reception Inmate's who are Plumbers
who come into our Units. Which at A-Facility non-EOP's get paid for these positions as well as
other **"Jobs."** EOP's have to do (10) hours Group Therapy **Yet!** the **"Jobs"** are part of Therpeutic
Treatment and many of us require this therapy. Therefore 'I am sending attached **ADA Request**
with "AFFIDAVIT" by EOP's with ADA Rules therein.

     This is being forwarded to you for we are denied Title 15 #3084.5 Levels of Review and
Disposition by Appeals Coordinator(s) by Department Operations Manual (DOM) 54100.8 **Appeal
Screening:** The decision should not be construed in any manner that would place **unreasonable
restraints** on the inmate/parolee's right to appeal.     This is done by 'not' complying to DOM
54100.9 **Appeal Tracking:** Appeals **shall** be assigned within five working days of receipt from the
inmate/parolee.     The **"Assignment Notice"** is not given in required time or not at all, & appeals
are sometime responded to or forwarded for months **OVER-DUE,** or until requested.
     This appeals Screening/Procedually Barring violates U.S. Supreme Court at Woodford v. Viet
Mike Ngo, 126 S.Ct. 647,163 L.Ed. 2d 525 (2005) Reversed by, Remanded June 22, 2006, at
     III CONCLUSIONS, Procedural default is not an inextricable element of PLRA's exhaustion
requirement. If it were, prisoners access to Courts would be based on their ability to navigate
minefields, not on whether their claims had any merit. Moreover prison administrators should not
be given incentive to fashion grievance procedures which prevent or even defeat prisoners
meritious claims.     This is why we EOP's request direct intervention to STOP **discrimination.**
     Therefore 'I am requesting Coleman Attorney's for intervention by Restraining Order if
no relief can be given by you.          T H A N K   Y O U     ~David W. Wilson~

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

November 29, 2007

To: OMBUDSMAN, KEN HURDLE
1515 "S" Street, 5th Floor North Building, Sacramento, CA 95814

Re: Request Intervention CSP-LAC D-Facility **Discrimination** Jobs & Pay Causing EOP's Pain & Suffering Unheated Food By Reception Inmate's Whom Pass Out Damaged Laundry & Wrong Sizes Or Lost & Appeals Screened/Barred Appeals Coordinator's & Warden No Relief EOP's Jeopardy

Dear **Sir!** myself & other EOP's California State Prison Los Angeles County are suffering for the Administration allows Reception Inmate's who are in transition for few months waiting for transfer to their prisons to have all **"Jobs"** mainly on D-Facility, which **non**-EOP's or general population on A-Facility are allowed these **"Jobs & Pay."** This **"Discrimination"** is having manifold consequences for Enhanced Out Patients for Reception Inmate's are preparing our "Food" and are causing a ('Health Hazard') for being in transition they do not learn how to heat or prepare our 'Food' causing potatoes most meals to not be heated & meats & vegetables unheated to cause our stomachs to boil. Therefore many EOP's are suffering improper food not eating. Also Reception I/M's work the Laundry giving out torn/damaged Laundry & then when turned back in EOP's are charged for destroyed clothing, and we do not receive all Laundry back sent, for the Reception I/M's do not care and many have animosity, ill will against us for having a program. This effects us at the Canteen, & the Law Library has "Sensitive needs I/M working in Library who could not even work in Reception side of Facility D, and there is **racial discrimination** for 'NO' Blacks are allowed to work in Library, which although racial/gang politics usually are not in EOP. There are issues unresolved and request this **STOPPED,** along with Reception Inmate's who are Plumbers who come into our Units. Which at A-Facility **non**-EOP's get paid for these positions as well as other **"Jobs."** EOP's have to do (10) hours Group Therapy Yet! the **"Jobs"** are part of Therpeutic Treatment and many of us require this therapy. Therefore 'I am sending attached **ADA Request** with "AFFIDAVIT" by EOP's with ADA Rules therein.

This is being forwarded to you for we are denied Title 15 #3084.5 Levels of Review and Disposition by Appeals Coordinator(s) by Department Operations Manual (DOM) 54100.8 **Appeal Screening:** The decision should not be construed in any manner that would place **unreasonable restraints** on the inmate/parolee's right to appeal. This is done by 'not' complying to DOM 54100.9 **Appeal Tracking:** Appeals **shall** be assigned within five working days of receipt from the inmate/parolee. The **"Assignment Notice"** is not given in required time or not at all, & appeals are sometime responded to or forwarded for months **OVER-DUE**, or until requested.

This appeals Screening/Procedually Barring violates U.S. Supreme Court at Woodford v. Viet Mike Ngo, 126 S.Ct. 647,163 L.Ed. 2d 525 (2005) Reversed by, Remanded June 22, 2006, at

III CONCLUSIONS, Procedural default is not an inextricable element of PLRA's exhaustion requirement. If it were, prisoners access to Courts would be based on their ability to navigate minefields, not on whether their claims had any merit. Moreover prison administrators should not be given incentive to fashion grievance procedures which prevent or even defeat prisoners meritious claims. This is why we EOP's request direct intervention to STOP **discrimination.** Therefore 'I am requesting Coleman Attorney's for intervention by Restraining Order if no relief can be given by you. T H A N K Y O U  David W. Wilson

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

Exhibit PP (5)

November 2?, 2007

To:  INTERNAL AFFAIRS
P.O. Box 3009, Sacramento, CA 95812

Re: Request Intervention CSP-LAC D-Facility **Discrimination** Jobs & Pay Causing EOP's Pain &
Suffering Unheated Food By Reception Inmate's Whom Pass Out Damaged Laundry & Wrong Sizes Or
Lost & Appeals Screened/Barred Appeals Coordinator's & Warden No Relief EOP's Jeopardy

Dear **Sir!** myself & other EOP's California State Prison Los Angeles County are suffering for the
Administration allows Reception Inmate's who are in transition for few months waiting for
transfer to their prisons to have all **"Jobs"** mainly on D-Facility, which **non-EOP's** or general
population on A-Facility are allowed these **"Jobs & Pay."**  This **"Discrimination"** is having
manifold consequences for Enhanced Out Patients for Reception Inmate's are preparing our "Food"
and are causing a (`Health Hazard`) for being in transition they do not learn how to heat or
prepare our 'Food' causing potatoes most meals to not be heated & meats & vegetables unheated
to cause our stomachs to boil.  Therefore many EOP's are suffering improper food not eating. Also
Reception I/M's work the Laundry giving out torn/damaged Laundry & then when turned back in EOP's
are charged for destroyed clothing, and we do not receive all Laundry back sent, for the Reception
I/M's do not care and many have animosity, ill will against us for having a program. This effects
us at the Canteen, & the Law Library has "Sensitive needs I/M working in Library who could not
even work in Reception side of Facility D, and there is **racial discrimination** for 'NO' Blacks are
allowed to work in Library, which although racial/gang politics usually are not in EOP.  There
are issues unresolved and request this **STOPPED,** along with Reception Inmate's who are Plumbers
who come into our Units.  Which at A-Facility **non-EOP's** get paid for these positions as well as
other **"Jobs."**  EOP's have to do (10) hours Group Therapy **Yet!** the **"Jobs"** are part of Therpeutic
Treatment and many of us require this therapy.  Therefore 'I am sending attached **ADA Request**
with "AFFIDAVIT" by EOP's with ADA Rules therein.

    This is being forwarded to you for we are denied Title 15 #3084.5 Levels of Review and

Disposition by Appeals Coordinator(**s**) by Department Operations Manual (DOM) 54100.8 **Appeal
Screening:**  The decision should not be construed in any manner that would place **unreasonable
restraints** on the inmate/parolee's right to appeal.     This is done by 'not' complying to DOM
54100.9 **Appeal Tracking:** Appeals **shall** be assigned within five working days of receipt from the
inmate/parolee.    The **"Assignment Notice"** is not given in required time or not at all, & appeals
are sometime responded to or forwarded for months **OVER-DUE,** or until requested.
    This appeals Screening/Procedually Barring violates U.S. Supreme Court at Woodford v. Viet
Mike Ngo, 126 S.Ct. 647,163 L.Ed. 2d 525 (2005) Reversed by, Remanded June 22, 2006, at
    III CONCLUSIONS, Procedural default is not an inextricable element of PLRA's exhaustion
requirement. If it were, prisoners access to Courts would be based on their ability to navigate
minefields, not on whether their claims had any merit. Moreover prison administrators should not
be given incentive to fashion grievance procedures which prevent or even defeat prisoners
meritious claims.        This is why we EOP's request direct intervention to STOP **discrimination.**
    Therefore 'I am requesting Coleman Attorney's for intervention by Restraining Order if
no relief can be given by you.         T H A N K   Y O U     _David W. Wilson_

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

November 2●, 2007

To: ROSEN, BIEN & GALVAN, LLP

P.O. Box 390 San Francisco, CA 94104-390

Re: Request Court Motion CSP-LAC **STOP** EOP's **Discrimination** Jobs & Pay Where Reception I/M's Heat
Food Improper Causing **Health Hazard** & Other Jobs For Cruel Punishment On Conditions & Appeals
Coordinator(s) Screens/Barrs Appeals & Warden Gives No Relief Violating Penal Code & ADA

Coleman Attorney's myself & EOP's at California State Prison Los Angeles County request as our
representatives that you file (TRO) TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION, to **STOP**
**Discrimination** of **"Jobs & Pay"** were Reception I/M's who are in transition to their respective
institutions & only here for few months, & do not learn to adequately 'Heat/Cook' our "Food," to
which the potatoes most meals **'are not'** cooked along with meats & vegetables causing many
EOP's to not eat, & stomachs upset & to boil, which this is a **Health Hazard**. Which combined with
'Laundry Jobs' by Reception I/M's who do not send back all or wrong sizes, & send back torn/
damaged 'Laundry' that when EOP's turn back in are charged for destroyed clothing. This is a
violation of Penal Code § **2084: Bedding, Clothing, and Food Furnished to Inmates;** The department **shall** provide
each prisoner with a bed, sufficient covering of blankets, and with garments of substantial material and distinctive
manufacture, and with sufficient plain and **wholesome food** of such variety as may be most conductive to good health.
There are other **"Jobs & Pay"** denied as 'Canteen' & all 'Law Library' jobs were even
"Sensitive Needs" I/M allowed to work, which there is **racial discrimination** for 'NO' Blacks are
allowed to work in 'Law Library', & although racial/gang politics usually are not in EOP. There
are issues unresolved which Equal Rights prevents. Also Reception I/M's have 'Plumbers Jobs' &
come into our Units. Which at A-Facility **non-**EOP's general population get paid $$$$ for these
positions as well as others **"Jobs."** EOP's have to attend (10) hours of Group Therapy **Yet!** these
**"Jobs"** are part of Therapeutic Treatment many of us require & gives mental wellness.
Therefore 'I am sending attached **ADA Modification** with "Affidavit" by EOP's with ADA Rules therein
for **'Group Class,'** copy.    I have brought denied appeals to Warden, HAWS for appeals denied before

This is being sent to you & other Gov't & CDCR Officials for we are denied by Appeals
Coordinator(s) Title 15 #3084.5 Levels of Review & Disposition by Screening/Restraints in
violation of (DOM) 54100.8, and we **'do not'** receive Assignment Notices pursuant (DOM) 54100.9 in
5 working days. To which our appeals are received months late **OVER-DUE** or until requested
over & over. This is procedually barring as described by U.S. Supreme Court in Woodford v. Viet
Mike Ngo, 126 S.Ct. 647,163 L.Ed. 2d 525 (2005) Reversed by, Remanded June 22, 2006.

Therefore 'I request we be given relief by you contacting CSP-LAC to correct the
living conditions violating Eight Amendment & ADA Equal Protection, and if LAC Officials do not
modify this atrocity that you file TRO on our behalf for Relief. If not 'I have no recourse but
to file this for our own 'Safety & Security.'    T H A N K   Y O U    David W. Wilson

Exhibit PP(7)

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE WILSON, K66474                    Date: November 29, 2007
Current Housing:  DI 104L

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: LAC-D-07-02471

ASSIGNED STAFF REVIEWER:  AW CO
APPEAL ISSUE:  ADA
DUE DATE:  12/18/2007

Inmate WILSON, this acts as a notice to you that your appeal has been sent to the above
staff for FIRST level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.

received 11-30-2007

J. Curiel
J. Curiel, CC II
CSP - Los Angeles County

Exhibit DW

## "AFFIDAVIT OF STATEMENT"

THE FOLLOWING MEN, CONVICT'S, INMATE'S STATE AS TRUE & CORRECT UNDER PENALTY OF PERJURY CSP-LAC IS "DISCRIMINATING" AGAINST EOP'S BY A, B, C, PHASE THAT ALLOWS NIGHT PROGRAM & PHONE CALLS TO UNIT WORKERS & DENIES NON-WORKERS, & THAT FOOD SERVERS SHORT OUR RATIONS TO KEEP & SELL TO NON-WORKERS & THESE C-PHASE WORKERS ARE ALLOWED 2 & 3 JOBS AS PORTERS/FOOD SERVERS OR RECREATION CLERKS/FOOD SERVERS/PORTERS OR UNIT CLERKS/PROGRAM CLERKS/PORTERS OR PORTERS/FOOD SERVERS/MENTAL HEALTH BUILDING PORTERS OR YARD WORKERS/PORTERS/FOOD SERVERS OR BARBERS/FOOD SERVERS/LIBRARY WORKERS & FAVORITISM IS SHOWN TO THESE WORKERS BY C/O'S & PSY STAFF & WE REQUEST EQUAL PARTICIPATION & EQUAL RIGHTS OF FOURTEENTH AMENDMENT & A, B, C, PHASE BE ABOLISHED & CURRENT WORKERS BE REMOVED FROM POSITIONS FOR 1 YEAR & EOP'S WORK "ONLY" 1 JOB

| PRINTED NAME | CDC# | CELL# | DATE | SIGNATURE |
|---|---|---|---|---|
| DAVID W. WILSON | K66474 | D1-104 | 11-29-07 | David W. Wilson |
| MACK WEST JR | F60029 | D1-118 | 11-29-07 | MWTR |
| John Hearon | F41685 | D2-121 | 11-30-07 | John Hearon |
| McKenzie Denroy | F01269 | D-1-207 | 11-29-07 | Mckinzy Denroy |
| DEMENT MARTIN | C-57948 | D-1-111 | 11-29-007 | Mathew Lee Demett |
| Shawn Gibson | H-00577 | D-1-105 | 11-29-07 | |
| O a a m i a D a v i d | H14415 | D-1-109 | 11-30-07 | David Grego M |
| | T48460 | D-1-220 | 11-30-07 | |
| Lefere | T59394 | D-1-220 | 11-30-07 | Erico per |
| CARRAWAY | F-61994 | D-1-129 | 11-30-07 | |
| MANNING | D-55971 | D-1-212L | 12-1-07 | Reynald manning |
| LOWEE | P-47981 | D2-120 | 12-1-07 | |
| BARKER, REGINALD | K-52600 | D-1 23B | 11-29-07 | |
| 3 AARON JOHNSON | E085 73 | D-1 219 | 11-29.07 | Ayron John |
| Benton | F-2502 | D-137 | 11-29.01 | Benton |
| Wollace Thomas | E17166 | | 11-29-1 | Wollis R. thomas |
| Gordon e R | F-12279 | D2-127 | 11-30-07 | Anthony Gardner |
| Godines, Manuel Rudy | F-55466 | D-2-131 Upper | 11-30-07 | Manuel R. Godines |
| Bryant Kirk Roberson | F-64620 | D-1-103 | 11-30-07 | 12.5 h |
| Mitchell | 077254 | D115 | 11-30-07 | |
| R Bell | J-87007 | D06L | 11-30-07 | Robert Bell |
| Robinson | E-04701 | D-1-120 | 11-30-07 | Clay Renin |
| Moxley Jason | V64277 | D1233 | 11/30/07 | Jason Moxley |
| 5 Beens, Iuan | E-21080 | D-1-36 u | 12-01-07 | Irah Skeens |
| Dennis Harris | 52174 | D-131 u | 11-01-07 | Dennis Harris |
| DAVIS R | P 50 | D1-141 | 12/1/07 | |
| Le Claire John | 76126L | D1-212 | 12/2/07 | John LeClaire |
| Michael Sims | 082508 | D1 204 | 12-3-07 | Michael Sims |
| Keith R. Austin | V-35290 | A A-215 | 12-4-07 | Keith R. Austin |
| Eric Broks | K-23697 | A-4215 | 12-4-07 | Erick Broks |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**\*"G R O U P   C L A S S" REQUEST**

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR
ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | | **1B. ADA** |

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered
under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| DAVID W. WILSON | K-66474 | EOP | | D1-#104 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

"Mental Impairment" Post Traumatic Stress (Disorder) diagnosed schizophrenia & paranoia,

causing Sleep Deprivation & in constant state of mania for protection causing psychosis.

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
Mental Hospital Commitments & attached 128 Chrono 9-12-2007, excepting in Enhanced Out

Patient (EOP) program, and meeting requirements of attached Exhibit's ADA Title II of 1990
42 U.S.C. §12132, 28 C.F.R.  #35.104, #35.105, #35.130, #35.160.  Attached "Affidavit" EOP

Convicts, Prisoners, Inmates.

**DESCRIBE THE PROBLEM:** Myself & Other EOP's CSP-LAC are "Discriminated" against by a Phase A, B, C, system that
grants EOP's B status every 90, then C status 90 more days, which is not done at any other
EOP prisons & is not part of (10) hours Group Therapy required by Coleman CIV-90-0520-LKK-JFM. Therefore EOP's are having
Equal Protection denied for Unit Jobs are given to certain I/M's to find 1 2, 3, Jobs Positions to deny others any chance at
program activities. As Porters & Food Servers, Recreation Clerks & Food Servers, Unit Clerks/Program Clerks & Porters,
Mental Health Porters/Porters/Food Servers, Yard Workers & Food Servers, Barbers/Library/Food Servers. Which these I/M's
many have had Jobs for years & Guards & Psy. Staff are OVER-Familiar to allow any I/M they deem to work serving Food which
many are not medically cleared & 4-10 times Food issues shorted keep by Workers to extort other EOP's.  Also these C-Status
by doing 2, 3, Job Positions are out constantly to extort for non-workers for Canteen, Package items cause EOP's are denied
participation in program activities, violating Exhibit 4, Title II, ADA 42 U.S.C. §12132, 28 C.F.R. #35.104 Definitions at
Exhibit 5, 6, 7. And CSP-LAC has not done Exhibit 8, §35.105 Self-evaluation, as for Exhibit 9, 10. Which EOP's A, B,
Status are denied to come out at Night & to make Phone Calls violating Exhibit 18, #35.160 Communications General.
WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

That the A, B, C, Phase be abolished, & all current Unit Food Servers/Porters/Barbers/Recreation Clerks/Yard Worker/Unit
Clerks/Library Clerks/Mental Health Porters, be removed from these positions for 1 year, & in future EOP's to work "Only"
one Job assignment as part of our Therapeutic Task Treatment along with 10 hours Group Therapy to STOP the Canteen/Package
extortion of non-working EOP's, & to STOP Food given in Shortages & used for Extortion purposes, along with Jobs used for
Extortion which their are few Jobs in EOP with Pay Positions & the favorite inmate's have access to denying Job Equality &
Equal Participation of Program. As "Affidavit" attached request Equal Rights Fourteenth Amendment.

c.c.  Coleman Attorneys, & U.S.E.D.  Court for TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

_David W. Wilson_          12-6-2007
INMATE/PAROLEE'S SIGNATURE          DATE SIGNED

ADAAG, must be constructed with an elevator. It should be noted that Congress did not include an elevator exemption for public transit facilities covered by subtitle B of title II, which covers public transportation provided by public entities, providing further evidence that Congress intended that public buildings have elevators.

Section 504 of the ADA requires the ATBCB to issue supplemental Minimum Guidelines and Requirements for Accessible Design of buildings and facilities subject to the Act, including title II. Section 204(c) of the ADA provides that the Attorney General shall promulgate regulations implementing title II that are consistent with the ATBCB's ADA guidelines. The ATBCB has announced its intention to issue title II guidelines in the future. The Department anticipates that, after the ATBCB's title II guidelines have been published, this rule will be amended to adopt new accessibility standards consistent with the ATBCB's rulemaking. Until that time, however, public entities will have a choice of following UFAS or ADAAG, without the elevator exemption.

Existing buildings leased by the public entity after the effective date of this part are not required by the regulation to meet accessibility standards simply by virtue of being leased. They are subject, however, to the program accessibility standard for existing facilities in § 35.150. To the extent the buildings are newly constructed or altered, they must also meet the new construction and alteration requirements of § 35.151.

The Department received many comments urging that the Department require that public entities lease only accessible buildings. Federal practice under section 504 has always treated newly leased buildings as subject to the existing facility program accessibility standard. Section 204(b) of the Act states that, in the area of "program accessibility, existing facilities," the title II regulations must be consistent with section 504 regulations. Thus, the Department has adopted the section 504 principles for these types of leased buildings. Unlike the construction of new buildings where architectural barriers can be avoided at little or no cost, the application of new construction standards to an existing building being leased raises the same prospect of retrofitting barriers as the use of an existing Federal facility, and the same program accessibility standard should apply to both owned and leased existing buildings. Similarly, requiring that public entities only lease accessible space would significantly restrict the options of State and local governments in seeking leased space, which would be particularly burdensome in rural or sparsely populated areas.

On the other hand, the more accessible the leased space is, the fewer structural modifications will be required in the future for particular employees whose disabilities may necessitate barrier removal as a reasonable accommodation. Pursuant to the requirements for leased buildings contained in the Minimum Guidelines and Requirements for Accessible Design published under the Architectural Barriers Act by the ATBCB, 36 CFR 1190.34, the Federal Government may not lease a building unless it contains (1) One accessible route from an accessible entrance to those areas in which the principal activities for which the building is leased are conducted, (2) accessible toilet facilities, and (3) accessible parking facilities, if a parking area is included within the lease (36 CFR 1190.34). Although these requirements are not applicable to buildings leased by public entities covered by this regulation, such entities are encouraged to look for the most accessible space available to lease and to attempt to find space complying at least with these minimum Federal requirements.

Section 35.151(d) gives effect to the intent of Congress, expressed in section 504(c) of the Act, that this part recognize the national interest in preserving significant historic structures. Commenters criticized the Department's use of descriptive terms in the proposed rule that are different from those used in the ADA to describe eligible historic properties. In addition, some commenters criticized the Department's decision to use the concept of "substantially impairing" the historic features of a property, which is a concept employed in regulations implementing section 504 of the Rehabilitation Act of 1973. Those commenters recommended that the Department adopt the criteria of "adverse effect" published by the Advisory Council on Historic Preservation under the National Historic Preservation Act, 36 CFR 800.9, as the standard for determining whether an historic property may be altered.

The Department agrees with these comments to the extent that they suggest that the language of the rule should conform to the language employed by Congress in the ADA. A definition of "historic property," drawn from section 504 of the ADA, has been added to § 35.104 to clarify that the term applies to those properties listed or eligible for listing in the National Register of Historic Places, or properties designated as historic under State or local law.

The Department intends that the exception created by this section be applied only in those very rare situations in which it is not possible to provide access to an historic property using the special access provisions established by UFAS and ADAAG. Therefore, paragraph (d)(1) of § 35.151 has been revised to clearly state that alterations to historic properties shall comply, to the maximum extent feasible, with section 4.1.7 of UFAS or section 4.1.7 of ADAAG. Paragraph (d)(2) has been revised to provide that, if it has been determined under the procedures established in UFAS and ADAAG that it is not feasible to provide physical access to an historic property in a manner that will not threaten or destroy the historic significance of the property, alternative methods of access shall be provided pursuant to the requirements of § 35.150.

In response to comments, the Department has added to the final rule a new paragraph (e) setting out the requirements of § 35.151 as applied to curb ramps. Paragraph (e) is taken from the statement contained in the preamble to the proposed rule that all newly constructed or altered streets, roads, and highways must contain curb ramps at any intersection having curbs or other barriers to entry from a street level pedestrian walkway, and that all newly constructed or altered street level pedestrian walkways must have curb ramps at intersections to streets, roads, or highways.

### Subpart E—Communications

*Section 35.160  General*

Section 35.160 requires the public entity to take such steps as may be necessary to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others. 

Paragraph (b)(1) requires the public entity to furnish appropriate auxiliary aids and services when necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, the public entity's service, program, or activity. The public entity must provide an opportunity for individuals with disabilities to request the auxiliary aids and services of their choice. This expressed choice shall be given primary consideration by the public entity (§ 35.160(b)(2)). The public entity shall honor the choice unless it can demonstrate that another effective 

PURSUANT TO PENAL CODE B B 3215

Exhibit W

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. LIV
2. _____

Log No. 07-01061

Category _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME June Williams
NUMBER V-34099
ASSIGNMENT
UNIT/ROOM NUMBER D 1.133

A. Describe Problem: ON April 15, 2007, during EDP THERAPEUTIC COMMUNITY MEETING, I SPOKE WITH SENIOR PSYCHOLOGIST McGUINNESS regarding a disruption of the EDP Mental Health Program imposed by GREEN WALL PRISON guard gang members in disguise as CORRECTIONAL OFFICERS WHO ARE TERRORIZING THE PROGRAM WITH CONSTANT AND REPEATED Malicious use of deadly force. SENIOR PSYCHOLOGIST McGUINNESS COMPLETELY ABSTAINED, IGNORED, AND

(SEE ATTACHMENT)

If you need more space, attach one additional sheet.

B. Action Requested: That McGUINNESS BE PROHIBITED FROM ABSTRUCTING, ignoring and denying THE MISTREATMENT of EDP inmates, THAT THE CHIEF PSYCHOLOGIST BE PROHIBITED FROM conditioning, THEREBY forcing McGUINNESS abandonment of EDP patients based on

Inmate/Parolee Signature: _____ Date Submitted: 4.24.07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED JUN 5 2007

D04-019

**First Level**        □ Granted        □ P. Granted        □ Denied        □ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

*BYPASS*

Staff Signature: _____        Title: _____        Date Completed: _____
Division Head Approved:        Returned
Signature: _____        Title: _____        Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*PASS*

Signature: _____        Date Submitted: _____

**Second Level**        □ Granted        ☑ P. Granted        □ Denied        □ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-27-07    Due Date: 6-8-07
☑ See Attached Letter

Signature: C. Kottrab Cing    Date Completed: 5/10/07
Warden/Superintendent Signature: _____    Date Returned to Inmate: MAY 2 9 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DESPITE THE FACT THAT THIS APPEAL HAS BEEN PARTIALLY GRANTED
NOTHING HAS BEEN DONE TO ADDRESS OR CORRECT THE ABUSE IMPOSED
AND DG MCGUINNIESS HAS NOT COME FORWARD TO ADDRESS THE
PECSONAL KNOWLEDGE CONCERNING THE ISSUES RAISED BY THIS APPEAL
AND THE OFFICIALS INVOLVED HAVE BEEN PROTECTED BY THE CODE
OF SILENCE.

Signature: _____    Date Submitted: 5-30-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  □ Granted        □ P. Granted        ☑ Denied        □ Other _____
☑ See Attached Letter        AUG 2 7 2007
CDC 602 (12/87)        Date: _____

DENIED THE WANTON MISTREATMENT OF HER PATIENTS AND ALL ISSUES RELATED TO SUCH WITH A RECKLESS AND UNCARING DISREGARD FOR OUR WELFARE UNDER THE 8TH AMENDMENT TO THE U.S. CONSTITUTION, I WENT ON TO EXPLAIN TO SENIOR PSYCHOLOGIST MCGUINNESS THAT AS LONG AS SHE IS IN CHARGE OVER THE EOP PROGRAMS AND SERVICES SHE HAS AN OBLIGATION TO THE WELFARE OF HER PATIENTS, AND BY IGNORING THE CRIMINAL DISRUPTION TO THE MENTAL HEALTH POPULATION SHE IS ALSO IGNORING THE DUTIES AND OBLIGATIONS OF A DOCTOR AND SENIOR PSYCHOLOGIST, IN ADDITION TO SUCH AS MANDATED UNDER BUSINESS AND PROFESSION CODE(S). MCGUINNESS REPLIED TO MY CONCERNS WITH DISTASTE, ADVISING THAT I SHOULD IGNORE HER FAILURE TO UPHOLD HER DUTIES AND OBLIGATIONS TO THE EOP COMMUNITY IF I WANTED TO REMAIN IN THE MENTAL HEALTH PROGRAM. I THEN ADVISED MCGUINNESS THAT I WOULD INFORM THE COLEMAN MONITORS OF HER FALSE CONCERNS AND UNCARING ATTITUDE TOWARDS HER PATIENTS, AND MCGUINNESS STATED " I DONT CARE, THE COLEMAN MONITORS ARE COMMING IN 3 WEEKS SO LET THEM KNOW."

THE FACT THAT MCGUINNESS HAS DIRECT AND PERSONAL KNOWLEDGE OF THE ISSUES RAISED BY THIS APPEAL CONSTITUTES DELIBERATE INDIFFERENCE AS THE FAILURE TO ACT WHEN THERE IS A PROFESSIONAL, MORAL, AND ETHICAL OBLIGATION TO DO SO FURTHER CONSTITUTES A RECKLESS DISREGARD FOR MY RIGHTS UNDER THE AMERICANS WITH DISABILITY ALI OF 1973, THE LAWS OF THE STATE OF CALIFORNIA AND THE UNITED STATES, INCLUDING ALL OTHERS WHO DEPEND ON SENIOR PSYCHOLOGIST MCGUINNESS TO ENSURE AND PROVIDE ADEQUATE MENTAL HEALTH CARE.

$\longrightarrow$

ACTION REQUESTED CONTINUE:

DELIBERATE INDIFFERENCE, THAT THE COLEMAN MONITORS BE ADVISED BY CSP-LANCASTER MENTAL HEALTH OFFICIALS OF THE ISSUES RAISED BY THIS APPEAL, AND THAT I SUFFER NO REPRISALS BY McGUINNESS AND/OR PRISON OFFICIALS FOR FILING THIS APPEAL. ALL OTHER RELIEF IN THE INTEREST OF JUSTICE!



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
| --- | --- | --- |
| John Williams | | April 24, 07 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| John Williams | | V-34D55 | 4.24.07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

State of California

# Memorandum

Date : 5/10/07

To : Inmate Williams V 34099

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # LAC D-07-01061**

**APPEAL ISSUE:** In your appeal dated 4/24/07, you requested that Dr. McGuinness be prohibited from obstructing, ignoring, and denying mistreatment of EOP inmates. You also requested that the Chief Psychologist be prohibited from ignoring Dr. McGuinness' abandonment of EOP patients. Finally, you requested that the Coleman monitors be advised of the issues raised in this appeal.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 5/10/07 by Dr. Kottraba, Chief Psychologist (A). During the interview, you reiterated your concern about Dr. McGuinness ignoring the mistreatment of EOP inmates. You did not provide any additional supporting documentation during the interview on 5/10/07, and no witnesses were questioned on the appeal issues, as there were none provided. The following information was reviewed as a result of your allegations of staff misconduct: This appeal with attachments and the California Code of Regulations (CCR), Title 15.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

_C. Kottraba, PhD_
Chief Psychologist (A)

5/10/07
Date

_Z. Belan..l(PhD)_
Health Care Manager (A)

5/23/07
Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 2 7 2007

In re: Williams, V-34099
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

IAB Case No.: 0615971      Local Log No.: LAC 07-01061

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Wright, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that Dr. McGuinness is ignoring the mistreatment of Enhanced Outpatient Program (EOP) inmates. The appellant requests that Dr. McGuinness be prohibited from obstructing, ignoring, and denying mistreatment of EOP inmates. The appellant also requests that the Chief Psychologist be prohibited from ignoring Dr. MGuinness abandonment of EOP patients. In addition, the appellant requests that the Coleman monitors be advised of the issues raised in this appeal.

**II   SECOND LEVEL'S DECISION:** The reviewer found the appellant was interviewed on May 10, 2007, by Dr.Kottraba. A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, the appellant's appeal has been processed as a Staff Complaint Appeal Inquiry. The following witnesses were questioned as a result of the appellant's allegations of staff misconduct: None. The following information was reviewed as a result of the appellant's allegation of staff misconduct: The appellant's appeal and all attachments. The appellant's appeal was partially granted at the Second Level of Review (SLR).

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by the administrative staff and an appeal inquiry has been completed at the SLR.

In event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an appeal inquiry, the appellant is to be notified by the respective staff that an inquiry has been completed. On July 16, 2007, the examiner reviewed the related confidential appeal inquiry report and verified that developed information supports the reviewer's conclusion. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
California Code of Regulations, Title 15, Section: 3001, 3004, 3005, 3084.1, 3380, 3391
Administrative Bulletin 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS,
CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the institution.

Exhibit W(4)a

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, LAC
Appeals Coordinator, LAC

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

1 _____

2 _____

Log No. 07-01965  Category #7

1 _____

2 _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| John Hearon | F-41685 | | D2-121 |

**A. Describe Problem:** This group appeal is authorized by CCR Title 15 Section 3034.2 (f), and filed pursuant to California Penal Code Section 832.5(a); DOM section 54100.25.1; and Administrative Bulletin 05/03 against Senior Psychologist E.McGuinness for the specific act of racial discrimination, which includes, but not limited to, intentional misdiagnosis, use of mental mental health services for punitive purposes, disregard for the rights and respect of others, authorizing the transmition of written communications between inmate(s) and staff, using the prestige or influence of the state or

If you need more space, attach one additional sheet.                    see attachment

**B. Action Requested:** That the parties to this group appeal be interviewed to support the issues raised by this appeal, and that the findings be referred to the Receiver and the Coleman attorneys by Warden Haws himself, and that I be permitted to exhaust this appeal of all state remedies. That this issue be referred for internal investigation. 8.13.07

Inmate/Parolee Signature: *John Hearon*          Date Submitted:

AUG 16 2007

**C. INFORMAL LEVEL (Date Received:** _____ )

Staff Response: _____

BYPASS

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/ Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

st Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

nterviewed by: _____

**BYPASS**

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9-17-07 Due Date: 11-31-07

☐ See Attached Letter

Signature: C. Hthalz, PhD Date Completed: 10/4/07

Warden/Superintendent Signature: P. Frank, USA II, VCMCA Date Returned to Inmate: OCT 0 5 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. **"Dissatisfied"**
Received Second Level Review 11-5-2007, which at SUMMARY FOR APPEAL INQUIRY only few
Inmate's were interviewed. Also Dr. McGuinness continues her 'discrimination' against Blacks at
inter_____ Disciplinary Treatment Team by talking to Patient's with voice modulation,
inflection, tonal qualities thats antagonistic, confrontational, condescending to create a
hostile meeting to remove Blacks from EOP program & this is not done to non-blacks. Also she
violates Title 15 #3004(c) Rights & Respects of Others (c) **"Race discrimination;"** thereby
violating ADA Title 42. Which she should be removed for equal participation by Blacks in EOP.

Signature: John Hearon Date Submitted: 11-8-2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

NOV 0 2 2007

Department of Corrections for private gain or advantage, and the failure to act when there was an ethical and professional obligation to do so, in violation of the February 17,2004, Memorandum, and CCR Title 15 section(s) 3004(a);3361(c);3391(a); 3400;3401(a);3413(a)(1) & (2), and the Equal Protection Clause of the Fourteenth Amendment of the U.S.Constitution which prohibits discrimination based on race while Federal statue 42 U.S.C.section 2000(d) prohibits discrimination in programs which receive federal funding, and this includes CSP-Los Angeles.

On August 9,2007, during committee, McGuinness targeted me as "High Functional" while initiating plans to barr me from the EOP program because of my race. McGuinness has been targeting a high number of black EOP inmates with this term "High Functional" and while non black inmates have the exact same diagnosis as the blacks, McGuinness intentionally disregards such. Non black have the exact same program status and participation in the EOP program as well, but as always, McGuinness shows favor towards the non blacks, while using the prestige of the state and her role as senior psychologist to carry out her racial discrimination.

In targeting black inmates, McGuinness is not adhering to the EOP guidelines and procedures when making the determination to barr blacks from mental health services, and McGuinness uses unlawful influence to manipulate and coerce certian case managers of black inmates into making the decision to barr us from mental health services at the EOP level of care, while attempting to conceal the fact that McGuinness herself is behind the initiation of such barrment.

We further contend that McGuinness has shown clear and obvious favoritism towards non black EOP inmates in a sophisticated method. McGuinness assigns these favorite non black inmates to the case load of Dr.Luduke because Luduke shares McGuinness distaste for black inmates, and these specially assigned EOP inmates dont attend regular group therapy classes or take medications however, these special non black EOP inmates are permitted to have more than one prison job assignment, and excell in college courses given by McGuinness and Luduke, yet McGuinness has never targeted these special non black EOP for being High Functional. On 8.9.07, during McGuinness weekly therapeutic community meeting, McGuinness allowed one of her special and favorite non black inmates(Zuniga#T-62342) to use the community meeting time to solicit supporting signatures for a farewell greeting card for instructor Michell, and despite CCR Title 15 section 3399 which states in part that " Employees shall not, directly or indirectly give to or receive from any inmate, parolee or person known by the employee to be a relative of an inmate or parolee, anything in the nature of a tip, gift or promise of a gift," while section 3400 states in relevant part that " employees must not engage in undue familiarity with inmates," and section 3401(a) clearly provides that " employees shall not take, deliver or otherwise transmit, either to or

from any inmate or member of an inmate's family; any verbal or
written message, document, item, article or substance," yet
McGuinness was permitted to act in concert with the violation
of these director rules and regulations simply because the
favorableness was for the benefit of a non black, and this same
special treatment expressed by McGuinness is the same being
expressed when diagnosising non black EOP inmates, while blacks
are subject to persecution and disbarrment from EOP mental
health services by a senior psychologist who is motivated by
racial discrimination.

| NAME | CDC# | SIGNATURE | CELL# |
|------|------|-----------|-------|
| 1. John Williams | HV34093 | | D1-145 |
| 2. Richard Washington | T04464 | | D1286 |
| 3. Mug Faul | F11234 | Monroe | D1-272 |
| 4. Edward Clark | H-05844 | Edward Clark | D-2-207 |
| 5. Brett Moten | P10159 | BRETT MOTEN | D-2-12 |
| 6. Terrell O'Neal | F-09734 | Terell O'Neal | D-2-127-UF |
| 7. Jerry Smith | V74116 | Jerry Smith | P-2-127 L |
| 8. Anthony Gardner | E-12277 | Anthony Gardner | D2-208 |
| 9. Aaron Johnson | E-08573 | Aaron Johnson | D2-2 |
| 10. David Moore | K5331 | David Moore | 105 |
| 11. Woodard Stanley | J-91758 | Woodard Stanley | D-1-118 |
| 12. John Hearon | F-41685 | John Hearon | D-2-121 |
| 13. David Reeves | F-62155 | DAVID Reeves | D-2-215 |
| 14. Maurice Fry | F-49883 | Maurice Fry | D-2-215 |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |
| 19. | | | |
| 20. | | | |
| 21. | | | |
| 22. | | | |
| 23. | | | |
| 24. | | | |
| 25. | | | |
| 26. | | | |

EXHIBIT

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINTS PRINTED NAME | COMPLAINTANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| John Hearon | *John Hearon* | August 13, 2007 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| John Hearon | *John Hearon* | F-41685 | 8.13.07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

AUG 1 6 2007



EXHIBIT

State of California

# Memorandum

Date : October 9, 2007     RECEIVED RESPONDS BACK 11-5-07

To : Hearon, John
F-41685
California State Prison-Los Angeles County

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # LAC-D-07-01965**

**APPEAL ISSUE:** You submitted a group appeal against Senior Psychologist E. McGuinness, alleging racial discrimination, and misdiagnosis, disregard the rights and respect of others, authorization of written communications between inmates and staff, and the failure to act when there was an ethical or professional obligation to do so.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint was conducted. Based upon this review your appeal was PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY.

**SUMMARY FOR APPEAL INQUIRY:** On September 21, 2007, you were interviewed by the Chief Psychologist, Dr. C. Kottraba, to afford you the opportunity to add information, additional documentation and or witnesses to this incident. You had no additional statements to support your claim. The following witnesses were questioned: Inmates Clark (H05844), O'Neal (F09734, Smith (V741685), and Reeves (F62155). As a result of your allegations of staff misconduct the following documents were reviewed: Your appeal with attachments and the California Code of Regulations, Title 15.

**FINDINGS FOR AN APPEAL INQUIRY:** Your appeal is PARTIALLY GRANTED at the Second level, as an inquiry into your allegation has been conducted and is now complete. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____ (PhD) HCM(A)     10/16/07
Warden/CDW/HCM                              Date