PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
SARA NORMAN Bar No.: 189536
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>          Defendants. | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>          Plaintiffs,<br>     vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>     vs.<br>          Defendants. | No. C01-1351 TEH<br><br>**JOINT STATEMENT REGARDING NOVEMBER 30 AND DECEMBER 7 PRIVILEGE LOGS** |

**Plaintiffs' position**

I.   Introduction

On December 6, 2007, this Court granted plaintiffs' motion to compel production of documents withheld by defendants on various privilege grounds. The Order covers all documents described in defendants' privilege logs produced to plaintiffs on November 9, 16, and 23, 2007. Order of December 6, 2007 (December 6 Order) at 17. The Court held that defendants have failed properly to assert the deliberative process, attorney client, attorney work product, official information, and privacy privileges. December 6 Order at 14, 15, 16, and 17. The Order requires that all documents identified in those logs be produced by noon on December 7, 2007. *Id.* at 17. The December 6 Order has since been stayed by the three-judge panel. Order Staying December 6, 2007 Order Granting Plaintiffs' Motion to Compel and Order Setting Status Conference, December 11, 2007.

The December 6 Order does not apply, however, to the three privilege logs produced to plaintiffs on November 30, 2007, since plaintiffs were unable to review those logs prior to filing their motion to compel on the same date, and the two privilege logs produced on December 7, 2007, a week after the motion to compel was filed.[1]

Because the November 30 and December 7 privilege logs are woefully inadequate for exactly the same reasons set forth in the December 6 Order, the Court should order production of the documents they describe pursuant to the process set forth in Section III.

II.   **Defendants have failed properly to assert any privileges sufficient to withhold production of the documents**

A.   **Facial inadequacy**

The Court held that the pre-November 30 privilege logs were facially inadequate because they "do not provide notice sufficient to support the asserted privilege(s)." December

---

[1] Those logs, which have been lodged with the Court, will be referred to as the November 30 paper log-Governor's Office (42 pages), the November 30 paper log (602 pages), the November 30 electronic log (479 pages), the December 7 paper log (349 pages), and the December 7 electronic log (119 pages).

6 Order at 10, citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989).  The logs were "replete with entries for which the author of the document is 'not readily available,' the recipients are 'not readily available,' the document's date is unknown, and it is described in conclusory fashion as 'pre-decisional.'"  December 6 Order at 10.  The inadequate log entries were "obvious" and "numerous."  *Id*.

The November 30 and December 7 privilege logs suffer from the same pervasive defects.  The logs are filled with "not readily available" entries for authors, recipients, and dates.  *See, e.g.*, November 30 paper log-Governor's Office at 1-6, 8-10, 14-15, 21-22, 25-28, 35, 37-43; November 30 paper log at 1, 2, 6-7, 9, 11, 21-23, 26-27, 29, 31-45, 56, 69, 74-76, 97; November 30 electronic log at 2, 7-9, 12-23, 36, 53, 58, 60-61, 63-65, 68-69, 73-75, 78, 82, 88-91, 96, 98-100; December 7 paper log at 1-7, 13-16, 41-42, 49-50, 52-55, 62, 67, 77-78, 80, 82, 84-87, 89-95, 97, 99; December 7 electronic log at 13-14, 16, 23, 27, 39, 73, 91.[2]

The Court should thus find, for the same reasons and based on the same law, that the November 30 and December 7 logs do not provide notice sufficient to support the asserted privileges, and that all of the documents should be produced under the process set forth in Section III.

### B. Deliberative process privilege

The Court held that defendants' assertions of deliberative process privilege fail for two reasons.  Because both reasons apply to the November 30 and December 7 privilege logs as well, the Court should find that the assertions of deliberative process privilege contained within those logs also fail.

First, a party asserting deliberative process privilege must establish that the documents are being withheld as a result of personal consideration by the head of the responsible department or agency.  *See United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998); *Allen*

---

[2] These citations are to pages contained within the first 100 pages of each log with high levels of inadequate identifications of authors, recipients, and dates.  They are provided for the Court's convenience and are by no means exhaustive; because the logs are so long, only the first 100 pages of each was included in this non-exhaustive list.

*v. Woodford*, 2007 WL 309945, at *5 (E.D. Cal. Jan. 30, 2007); *see also Resolution Trust Corp. v. Diamond*, 773 F. Supp. 597, 603 (S.D.N.Y. 1991) (collecting cases observing this rule). The purpose of this requirement is to "deter governmental units from too freely claiming a privilege that is not to be lightly invoked." *Coastal Corp. v. Duncan*, 86 F.R.D. 514, 517 (D. Del. 1980); *see also Rozet*, 183 F.R.D. at 665 (deliberative process privilege may be invoked only by the "head of the department after actual personal consideration . . . to insure that the privilege remains a narrow privilege which is not indiscriminately invoked"); *United States v. Reynolds*, 345 U.S. 1, 8 n.20 (1953) ("[t]he essential matter is that the decision to object should be taken by the minister who is the political head of the department, and that he should have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced." (internal quotation marks omitted)).

The Court found that defendants' declarations from various agency officials regarding document production, filed October 26 and December 5, 2007, fail to "meet the legal requirements for establishing the deliberative process privilege" because the declarants (a) had not personally reviewed the documents; (b) failed to tie their generalized statements regarding document review to any particular deliberative process claims; and (c) provided no proof that defendants preserved the confidentiality of specific documents for which privilege had been claimed. December 6 Order at 13. The same declarations that the Court found inadequate in the December 6 Order govern the November 30 and December 7 privilege logs. Defendants have provided no further declarations. The claims of deliberative process privilege in the November 30 and December 7 logs are therefore similarly fatally flawed.

Second, even if defendants had properly asserted the deliberative process privilege, "[a] litigant may obtain deliberative materials . . . if his or her need for the materials . . . and the need for accurate fact-finding override the government's interest in non-disclosure." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (alterations and internal quotation marks omitted). The privilege is "strictly confined within the narrowest possible limits consistent with the logic of its principles." *Id.* In the present case, the Court found that defendants' invocation of the deliberative process privilege is outweighed by

plaintiffs' need for the materials in the pre-November 30 logs because "the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege." December 6 Order at 13-14. Specifically, defendants themselves assert that their deliberative process is at issue, given that they "would certainly like the opportunity to fully present to the court how AB 900 is rolling out and how it will roll out in the near future, so. . . everybody at the table has a better understanding of what it can and can't do." *Id.* at 14, citing Transcript of Proceedings, September 24, 2007, at 100 (internal quotation marks omitted). Since defendants themselves recognize that accurate fact-finding regarding "how AB 900 is rolling out and how it will roll out" is crucial to the present case, their claim of deliberative process privilege to shield such documents from disclosure must fail. The documents for which defendants claim deliberative process privilege in the November 30 and December 7 logs should be disclosed for the same reason.[3]

### C. Attorney client privilege

Defendants' assertions of attorney client privilege in the November 30 and December 7 logs are also inadequate. "Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). At a minimum, in order to assert the privilege, the communication must be between a client and an attorney. Defendants have failed to meet even this most fundamental requirement. As in the pre-November 30 logs, defendants assert the privilege over documents where no attorney is listed

---

[3] Further, as in the pre-November 30 logs, there are multiple categories of documents defendants claim in the November 30 and December logs under this privilege to which the privilege would not apply even if defendants had attempted to provide meaningful bases for the assertions. These include reports, spreadsheets, and schedules that appear to encapsulate factual information; final budget change proposals or finance statements; letters to outside agencies or individuals; and documents for which no privilege is independently asserted but are described as having been attached to allegedly privileged documents. It is not reasonable to assert that these documents would pass the test that "the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

-4-
Joint Statement Regarding Privilege Logs, Nos.: Civ S 90-0520 LKK-JFM, C01-1351 TEH

as either a sender or recipient. *See, e.g.,* November 30 paper log-Governor's Office at GOVPRIV001173-GOVPRIV001190, GOVPRIV001237-GOVPRIV001251, GOVPRIV004530-GOVPRIV004531, and GOVPRIV004517-GOVPRIV004517; November 30 paper log at Priv027384-Priv027387, Priv027491-Priv027494, Priv027495-Priv027497, Priv027515, Priv035305, and Priv047846-Priv047852. They also assert the privilege for documents where the sender or recipient is a third party such as the *Coleman* Special Master or the *Plata* Receiver. *See, e.g.,* December 7 paper log at Priv058877- Priv058879; Priv058919-Priv058921; and Priv058966- Priv058967 (in which Robin Dezember, the California Department of Corrections and Rehabilitation's head of Health Care Services, is incorrectly labeled as a Deputy Attorney General.

The Court found that the pre-November 30 logs were deficient because they "have not established essential elements of the attorney client privilege," particularly "who the client is or that the confidentiality of the information has been maintained." December 6 Order at 15. The November 30 and December 7 logs are deficient for the same reasons.

**D. Attorney work product privilege**

"The work-product doctrine is a qualified immunity which protects from discovery documents and tangible things prepared by a party or that party's representative in anticipation of litigation." *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 507 (S.D. Cal. 2003) (citing Fed. R. Civ. P. 26(b)(3)). As the party claiming the work-product privilege, defendants bear the burden of establishing that documents claimed as work product were, indeed, prepared in anticipation of litigation. *See id.* The Court found that defendants failed to meet their burden in this area, for all the reasons set forth above in Section I.A: they failed adequately to describe the documents to allow a determination of whether the documents are entitled to work product privilege protection. December 6 Order at 15. The November 30 and December 7 logs fail for the same reason: many documents for which work product privilege are claimed are identified in so cursory a fashion, it is impossible to determine whether they were developed in anticipation of litigation. *See, e.g.*, November 30 paper log-Governor's Office at GovPriv003077-GovPriv003077, GovPriv003461-GovPriv003492, GovPriv003807-

GovPriv003809, and GovPriv004132-GovPriv004135; November 30 paper log at Priv027348-Priv027348, Priv035305-Priv035305, and Priv035329-Priv035332; November 30 electronic log at E00005849- E00005852 (and subsequently listed attachments); and December 7 electronic log at E00031067-E00031067.

### E. Official information privilege

Because "privileges operate in derogation of the truth-finding process" and because the law requires them to be "narrowly construed," strict requirements are placed on a party claiming the official information privilege. *Chism v. County of San Bernadino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994). Defendants must meet the following standards:

> A party seeking to claim the official information privilege must submit, at the time it files its response to a request for production, a declaration, under oath, from the head of the department having control over the matter, which declaration:
> 
> (1) affirms that its department has collected the material in question and kept it confidential;
> 
> (2) affirms that the declarant official has personally reviewed the material;
> 
> (3) specifically identifies what government interest or privacy interest would be threatened by disclosure;
> 
> (4) describes how disclosure, even if made subject to a protective order, would create a substantial risk of harm, and
> 
> (5) projects how much harm would be done by disclosure.

*Id.*; *see also Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 310 (C.D. Cal. 1992); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669-70 (N.D. Cal. 1987). The Court found that defendants failed utterly to meet these requirements with regards to the pre-November 30 logs. December 6 Order at 16. Since that time, defendants have not filed any additional declarations that address the above-listed requirements, and have taken no further steps to cure their failure to properly assert official information privilege. The defective declarations govern the assertions of official information

privilege in the November 30 and December 7 logs as well, and these assertions of the privilege should be rejected for the same reasons already set forth by the Court.[4]

### F. Privacy

Defendants have claimed privacy rights with regard to a small number of entries in the November 30 and December 7 logs. Plaintiffs are willing to have these documents produced subject to the protective order set forth in the Court's December 6 Order at 17 and 18.

### III. Although defendants' privilege assertions are invalid, the Court should craft a narrow and expedited process to account for the rights of the parties with regard to the withheld documents

Defendants have failed utterly to assert valid privilege claims. It is impossible to tell, given the inadequacy of the descriptions in the logs, the clear and pervasive errors, and the extraordinary overbreadth of the documents withheld, whether any particular documents are in fact privileged. In an abundance of caution and in order to preserve the rights of the parties, the Court should consider giving defendants a final opportunity to assert the deliberative process and attorney client privileges with respect to a narrow group of specific documents.

Plaintiffs therefore propose that the Court follow the procedure set forth in *In re Uranium Antitrust Litigation*, 552 F. Supp. 517, 518 (N.D. Ill. 1982), and that defendants be allowed to assert attorney client or deliberative process privilege with respect only to a specific group of documents. For each such document, the lead lawyer for *Plata* or *Coleman* defendants must represent to the Court in a declaration that he or she has reviewed the document and that the claimed privilege is valid. In addition, for those documents for which deliberative process is claimed, the agency head (Arnold Schwarzenegger, James Tilton, or Stephen W. Mayberg) or his specific, high-ranking delegee must represent to the Court in a declaration that he or she has personally reviewed the document and it constitutes a valid claim of deliberative process privilege. The documents for which such privileges are claimed, and

---

[4] For the same reasons, defendants' claims of executive privilege in these logs fail. *See., e.g., Pierson v. United States*, 428 F. Supp. 384, 392-95 (Del. 1977).

1 the accompanying declarations, should be filed with the Court no more than 48 hours after the
2 order is issued. The documents should be filed under seal for in camera review. Any
3 documents not claimed as privileged under this process, and any documents claimed as
4 privilege but lacking the sworn statement from the attorney and, in the case of deliberative
5 process claims, the agency head or delegee, shall be produced to plaintiffs within 48 hours of
6 the issuance of the order.

**Defendants' position**

In light of the three-judge panel's December 11, 2007 order staying this Court's December 6 order granting Plaintiffs' motion to compel, it appears that any motion to compel by Plaintiffs with respect to Defendants' November 30 and December 7 privilege logs is both premature and inappropriate. Consequently, Defendants request the Court stay further consideration of these issues and permit the parties to submit additional briefing after the three-judge panel issues its ruling on Defendants' motion for reconsideration.

Without waiving these requests, Defendants respond to the Court's December 7, 2007 scheduling order as follows: Defendants incorporate fully by reference Defendants' Opposition to Plaintiffs' Motion to Compel filed on December 4, 2007. In addition to the arguments raised in this briefing, Defendants believe that Plaintiffs' present motion to compel reaches too far. For example, Plaintiffs take the position that not one document on Defendants' November 30 and December 7, 2007 privilege logs is privileged. The expansiveness of Plaintiffs' request is fatal to Plaintiffs' motion to compel.

Plaintiffs fail to acknowledge that several custodians indicated on the privilege logs are attorneys for Defendants. For example, Andrea Hoch, the Governor's Legal Affairs Secretary, is a custodian on Defendants' November 30, 2007 privilege log. Do Plaintiffs seriously contend that not one of Ms. Hoch's withheld emails are protected attorney-client communication or that not one of the documents harvested from Ms. Hoch's hard drive are protected attorney work product? Similarly, Frank Furtek, the Chief Counsel for the California Health and Human Services Agency, and Molly Arnold, the Chief Counsel for the California

1  Department of Finance, are custodians on Defendants' privilege logs. Again Plaintiffs' broad
2  waiver argument purposefully ignores that these individuals, along with many other custodians
3  listed on Defendants' privilege logs, have confidential communications that are protected from
4  disclosure.

5  Even more disturbing is the fact that Plaintiffs fail to acknowledge that communications
6  from the California Attorney General's Office to Defendants are protected attorney-client
7  communications. For example, document E00011227 is an email authored by Lisa Tillman to
8  Jim Tilton (CDCR – Secretary), Bruce Slavin (CDCR - General Counsel), Dennis Beaty
9  (CDCR, Staff Counsel, Office of Legal Affairs), Kathleen Keeshen (CDCR - Chief Deputy
10 General Counsel, Office of Legal Affairs), and Michael Stone (CDCR - Staff Counsel, Office
11 of Legal Affairs) that discusses the potential impact of the restricted admission policy at
12 Atascadero State Hospital. Can Plaintiffs really contend that this email is not protected
13 attorney-client communication? Of course not, there is no basis under Federal law that
14 excludes this type of communication from an attorney to her client from the attorney-client
15 privilege.

16 This email is illustrative of the thousands of emails that Defendants have asserted are
17 privileged communications. By waiving the attorney-client privilege, the Court will chill the
18 ability of attorneys at the California Attorney General's Office, California Governor's Office,
19 California Department of Finance, California Department of Corrections and Rehabilitation,
20 and California Department of Mental Health to have full and frank communications with our
21 respective clients. As recognized by the U.S. Supreme Court in Upjohn Co. v. United States,
22 449 U.S. 383, 389 (1981), this is contrary to the express purpose of the attorney-client
23 privilege. Consequently, for the above stated reasons and the reasons stated in Defendants'
24 December 4, 2007 Opposition Brief, Plaintiffs' motion should be denied.
25 ///
26 ///
27 ///
28

| | | |
|---|---|---|
| 1 | Dated: December 12, 2007 | Respectfully submitted, |
| 2 | | EDMUND G. BROWN JR. |
| 3 | | Attorney General of the State of California |
| 4 | | */s/ Charles Antonen* |
| | | Charles Antonen |
| 5 | | Deputy Attorney General |
| | | Attorneys for Defendants |
| 6 | | |
| 7 | | PRISON LAW OFFICE |
| 8 | | */s/ Sara Norman* |
| | | Sara Norman |
| 9 | | Attorneys for Plaintiffs |

-10-
Joint Statement Regarding Privilege Logs, Nos.:  Civ  S 90-0520 LKK-JFM, C01-1351 TEH