1 | David W. Wilson, K66474
CSP-LAC, D1-#104
2 | 44750 60th St. West
Lancaster, CA 93536
3 | In Pro Per

MAINTAIN ON PAPER



DEC 2 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

4

5

6 | IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
7

8

9 | RALPH COLEMAN,                        )    No. CIV-S-0520-LKK-JFM
)
10 | DAVID W. WILSON,                      )    PLAINTIFFS NOTICE OF MOTION AND
)    MOTION AND MOTION FOR ENFORCEMENT
11 |       Plaintiff on behalf of himself  )
and others similarly situated,   )
12 |                                       )
VS.                               )    The Honorable John F.Moulds,
13 |                                       )              Magistrate Judge.
GOVERNOR, ARNOLD SCHWARZENEGGER, et al., )
14 | Defendants._____)

15 |       TO DEFENDANT'S SCHWARZENEGGER, TITLON, HAWS, KOTTRBA, CDCR and CSP-LAC.

16 | PLEASE TAKE NOTICE in UNITED STATES DISTRICT COURT of Federal Building, located

17 | at 501 "I" Street, Sacramento, California 95814, before the Honorable John

18 | F.Moulds, on or about January 15, 2008, or as soon as possible.

19 |       Plaintiff DAVID W. WILSON, will move the Court for Enforcement of Court

20 | ORDER of June 28, 2007, for plan by July 30, 2007, for making at least 125

21 | beds available for Coleman class members within 60 days. By November 2007,

22 | defendants must file a plan for making 231 intermediate beds available at

23 | Atascadero Hospital.  Which Plaintiff contends he meets requirements as Level

24 | III Inmate, and having filed Court Civil action for psychotherapy, and has

25 | sought relief from Coleman attorneys who were ineffective, and Plaintiff is

26 | suffering discrimination which can be remedied and would relive Over-Crowding

27 | to comply with Plata prison reduction capacity.  To which Defendants have

indifference causing Eight Amendment violations that relief can be granted.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1  David W. Wilson, K66474
   CSP-LAC, D1-#104
2  44750 60th St. West
   Lancaster, CA 93536
3    In Pro Per

4

5

6              IN THE UNITED STATES DISTRICT COURT
7           FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  RALPH COLEMAN,                        )    No. CIV-S-0520-LKK-JFM
                                         )
10 DAVID W. WILSON,                      )    **MOTION FOR ENFORCEMENT**
                                         )
11        Plaintiff on behalf of himself )
          and others similarly situated, )
12                                        )
   VS.                                    )    The Honorable John F.Moulds,
13                                        )              Magistrate Judge.
   GOVERNOR, ARNOLD SCHWARZENEGGER, et al., )
14 Defendants._____)

15        Plaintiff DAVID W. WILSON, pursuant Rule 62(a) Federal Rules Civil

16 Procedure and Local Rule 65-231(e) Modification or Dissolution of Courts ORDER

17 has not occured, Local Rule 66-232(e) Reports of Receiver "NO" report on **Courts**

18 ORDER and CDCR compliance has occured.   Which Local Rule 52-290 Settlement

19 of FINDINGS OF FACT AND CONCLUSIONS OF LAW has been established by The Honorable

20 Court, therefore Motion For Enforcement Fed.R.Civ.P.,62(a) must be complied

21 with by Defendant's CDCR, CSP-LAC, and other prisons which house EOP inmates.

22        Plaintiff has brought this issue by way of 7 prisons appeals, 1 ADA Form

23 and 1 prior Civil action, 2 pending, and denied appeals Rights and barred at

24 CSP-LAC appeals process, and Plaintiff was transferred for bringing to light

25 forced double celling mentally impaired EOP's without compatibility forms,

26 which at CSP-LAC there is discrimination for EOP job, probram equality, and

27 denial of EOP Unit program accessibility, and the worst racial discrimination

   of all EOP's in CDCR against Black inmate's which is allowed by Psy. Dr's.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

## STATEMENT OF FACT

1  As set forth in the Affidavit of David W. Wilson attached prove Defendants
2  are not only deliberate to Plaintiff and EOP's for compliance to Courts ORDER.
3  And that Plaintiff not only meets requirements for transfer to Atascadero
4  Hospital But! has filed numerous prison appeals for this relief and two (2)
5  current pending Court actions, and as a result has been transferred in reprisal
6  from CMF for seeking relief for individual 1-on-1 Psychotherapy not offered
7  in CDCR or CSP-LAC, where once excepted in EOP program Plaintiff filed prison
8  appeal for "Single Cell Status" or sent to ASH, which when sent to Warden,
9  NO response was given, as previous at CSP-LAC, and denied appeals exhaustion,
10 therefore Plaintiff filed to State Courts and exhausted remedies.  Which CSP-
11 LAC finds "error" conspiracy by CMF and a just Point Score and places back
12 for transfer to CMF, or CMC-East, which are claimed closed for intake to
13 Plaintiff.  Which Coleman Attorney's send FACTS of Courts ORDER, and Plaintiff
14 files ADA Request for relief, and denied notice by CSP-LAC appeals, which
15 Plaintiff becomes aware of CSP-LAC not having therapeutic treatment, and
16 request for Coleman Attorney's to intervene, and files to Government officials
17 for intervention, and files in U.S. Central District Court.  For CSP-LAC is
18 discriminating against EOP's for Job accessibility which is causing EOP's to
19 be sick from improper food cooked by Reception Inmate's who are not in CSP-
20 LAC long enough to learn cooking.  This discrimination is exacerbated by Psy.
21 Supervisors allowing a Phase A,B,C, Status that denies night program/phone
22 access and allows favoritism to EOP's in Phase C, to have 2 or 3 Jobs and to
23 extort other non-Working EOP's.  Which by far this in nothing compared to the
24 racial discrimination by mainly young Hispanic Guards and few White Guards
25 to use any justification for Pepper Spray Gun as prelude to Gang Guard assaults
26 with "Metal Batons" to break arms and legs, which their is no racial diversity
27 in EOP Housing Units for Black Guards and no Black Psy. Dr's, Social Workers,
   which Plaintiff, EOP's can get relief for compliance to Court ORDER.

**ARGUMENT**

**I. PLAINTIFF'S ARE ENTITLED TO ENFORCEMENT**

Federal Rules Civil Procedure 62(a), Except as stated herein, no execution shall issue upon a judgment nor shall proceeding be taken for its enforcement until the expiration of 10 days after its entry, Unless otherwise ordered by the Court.

**A.** Local Rule 65-231(e) Modification or Dissolution of Courts ORDER has not occured, and Local Rule 66-232(e) Reports of Receiver. Plaintiff is not aware of Reports on Courts ORDER on June 28, 2007, and that CDCR compliance **"has not"** occured. Local Rule 52-290 Settlement of Findings of FACT AND CONCLUSION OF LAW has been established by Courts ORDER, therefore Motion For Enforcement must be issued to Defendant's.

**B.          Ineffective Assistance**

In Strickland v. Washington, 466 U.S. 688 (1984) the Court adopted a two-part standard for evaluating claims of ineffective assistance of Counsel. There citing McMann we reiterated that "[When]" a convicted defendant complaints of ineffective of Counsel's assistance, the defendant must show that Counsel's representation fell below an objective standard of reasonablness." 466 U.S. at 687-688. We also held, however, that "[the]" defendant must show that there is a reasonable probability that, but counsel's unprofessional errors, the results of the proceeding would have been different." Id., at 694.

Counsel representation fell below objective standard of reasonableness by not contacting Defendant's or responding to Plaintiffs letter's of request herein attached as Exhibit's H(15), H(19), of October 31, 07, and November 8, 2007, for SANCTIONS and MOTION FOR ENFORCEMENT, which Plaintiff files TRO under his own case. Counsel has been unreasonable to not respond or intercede.

**C.     EOP COnditions Entitle Plaintiffs TO Enforcement**

The EOP Conditions at CSP-LAC are so severe and systemic of CDCR and justify imperative need for Courts Enforcement for not only is the LAC program "Not"

Page 4

1 therapeutic, and 'does not' offer heavy 15 minutes contacts with Inmate's once

2 a week with Clinicians, and the short contacts required for 5 minutes are

3 shortened, which do not meet the needs of EOP's or Plaintiff WILSON, more less

4 1-on-1 individual Psychotherapy which Plaintiff and EOP's would be guaranteed.

5 This in totality with the denial of EOP program access and un-equal program

6 access, with the physical assaults focusing on Blacks an all EOP's, which their

7 is also the denial of "Medical Treatment" within the Guidelines described in

8 Plata Settlement Agreement.  The above is not just deliberate indifference,

9 But! cruel and unusual punishment meeting Eight Amendment requirement of United

10 States Constitution which relief can be granted by Enforcement of Courts ORDER

11 to send 125 intermediate care Coleman class inmates to Atascadero Hospital

12 and that 231 bed plan should have been implemented by November 2007, therefore

13 Courts ORDER of June 28, 2007, must be granted, for above reasons and

14 Rule 65(a).

15 Dated: December 13, 2007.

16                                          Respectfully submitted

17

18                                          David W. Wilson
                                           David W. Wilson
19                                          Plaintiff

20

21

22

23

24

25

26

27



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

## AFFIDAVIT OF STATEMENT

1    David W. Wilson, states under penalty of perjury:

2    **1.** I am the Plaintiff in above-entitled case. I make this Affidavit in
3    support of my Motion for Enforcement.

4    **2.** I filed appeal at CMC-E, 1-7-2001, for Single Cell & **Over-Crowding** EOP's
5    No. CMC-E-01-0161, which I received Director's Review 2-19-2002, after being
6    placed in Segregation 11 months for cell-mate issues, and sent to CSP-LAC.

7    **3.** I was received CSP-LAC 1-31-2002.

8    **4.** I filed letters 5-22-2002, to Captain, Food Manager, Warden, and Sacramento
9    HEALTH & WELFARE AGENCY, and DEPARTMENT OF HEALTH SERVICES that Black prisoner's
10   were being discriminated against by CSP-LAC and Food Conditions were deplorable
11   with Law Library issues, Exhibit's D, E, F, G, H, and filed in U.S. CENTRAL
12   DISTRICT COURT 10-8-2002, and denied for not filing Indigent Forms, sent later.
13   D.C. No. CV-02-8393.

14   **5.** I and all inmate's were taken before Committee without Clinicians and
15   Single Cell Status taken, 10-4-2002, (16) Inmate's for financial reasons.

16   **6.** I filed in L.A. Superior Court for Single Cell remain denied Exhibit N,
17   L(1), "denied" for appeal completed CMC-E, and not CSP-LAC, denied Calif. Court
18   of Appeals, Exhibit K(1), and Calif. Supreme Court combined with other issues
19   Exhibit J.

20   **7.** I filed appeal 5-14-2003, Single Cell given until individual 1-on-1
21   Psychotherapy given, Exhibit H, H(1), sent to Psy. Dr. Pope after other LAC
22   officials and Coleman Attorney's who responded Exhibit's H(5), H(6), and after
23   Screening by Appeals, I sent to Psy. Dr. SIMMS who did not respond on appeal,
24   and after Screening again, I sent to Counselor, and Warden, 'NO' response.

25   **8.** I was transferred to CSP-SOLANO 9-23-2003, and filed appeal 9-28-07, for
26   Single Cell or 1-on-1 Psychotherapy, Exhibit A, **P.GRANTED** Exhibit J(1)X, J(2)X.

27   **9.** I was transferred to R.J. Donovan 9-23-2003, and given Single Cell, filed
     appeal 2-11-2004, for Single Cell or given 1-on-1 Psychotherapy 2 or 3 times

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1    weekly, if not **sent to Atascadero Hospital**, Exhibit X, with X(1), Title 15

2    #3361, "denied" Director Exhibit Y, **Yet!** Granted out of cell Psychotherapy

3    **10.** I was transferred to CMF-Vacaville 11-4-2004, given Single Cell and filed

4    appeal 11-18,2004, for Psychotherapy **or sent to Atascadero**, Exhibit 1P, denied

5    and Single Cell "until appellant deemed stable, Exhibit 6.

6    **11.** I filed appeal 1-9-2006, Not double celled unless Myself & Other Inmate

7    sign Cell Compatibility Form, & I receive 1-on-1 Psychotherapy or **sent to**

8    **Atascadero**, keep Legal Material & Appliances, Exhibit 22, "denied" Director,

9    Exhibit 39, **Yet!** for general population and not EOP's.

10   **12.** On 4-11-2007, I filed TRO under _Plata_, and _Coleman_ case's **NO** EOP's be

11   forced double cell living until CDCR complies with Court **ORDER** to reduce inmate

12   population from 175,000, to 100,000, and that mentally impaired prisoner's

13   sign Cell Compatibility Form, to STOP incidents, injuries, Death, and Plaintiff

14   transferred to Atascadero for proper medical/psychological treatment.

15   **13.** I had forced cellmate 4-17-2007, who yelled in cell most of night, and

16   sought relief from Psy. Dr's, who stated bring to Custody, and I wrote letter

17   from "Sleep Deprivation" Exhibit UU22, to which Sgt. whom had served TRO on

18   same issue and filed Staff Complaint gets UU22, and places in Segregation for

19   alleged threat, to which I filed Admissions under _Plata_ and _Coleman_ case's

20   5-7-2007, and contacted Government Officials and Media of **Over-Crowding** EOP's.

21   and filed in U.S. EASTERN DISTRICT COURT, WILSON v. TILTON, No. CV-01192-GEB-

22   DAD, 6-15-2007, and filed TRO's for not transferred for reprisals.

23   **14.** I was transferr from CMF to CSP-LAC 8-28-2007, excepted in EOP 9-12-2007,

24   and filed appeal 9-25-2007, to Warden, Haws who did not respond to Exhibit

25   SC, for Psychotherapy, Cell Compatibility Form, & Other Mental Help or **sent**

26   **to ASH** & Keep Legal Material, Appliances & prison funding cut until population

27   at design capacities, sent to Warden, letter Exhibit SC(3), for Appeals Denied

by Coordinator, and relief sought to Secretary, TILTON, Exhibit SC(4).

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   **15.** I was placed for transfer 10-17-2007, back to CMF or CMC-E, for **"errors"**

2   in Point Score at CMF that was conspiracy for reprisal to Court actions/appeals.

3   **16.** On 10-30-2007, <u>Coleman</u> Attorney's sent FACTS Exhibit H(16), including

4   page 5, Exhibit H(16)5, for The Honorable Judge Karlton's ORDER of June 28,

5   2007, for 125 Coleman Class members sent to ASH within 60 days, and plan by

6   November 2007, which I received CSR Notice "Requested institutions closed for

7   intake" for my being Level III, Inmate as Title 15 #3375.1(a)(3), Inmate with

8   placement score of 28 through 51 **shall** be placed at Level III facility, as

9   Tile 15 #3000.5(c) Rules of Construction: (c) **Shall is mandatory**, Exhibit H(14),

10  as Requested to <u>Coleman</u> Attorney's, Exhibit H(15), sent to ASH, as Primary

11  Clinician stated he would recommend when sent Request.

12  **17.** I filed ADA Request for transfer to ASH or NAPA, or sent Level III prison,

13  or funding Halted at CSP-LAC until compliance with <u>Coleman</u> Court ORDER, &

14  SANCTIONS and **Motion For Enforcement**, Exhibit H(18), as requested <u>Coleman</u>

15  Attorney, Michael Bien, Exhibit H(19), on 11-8-2007.

16  **18.** I sent letter to GOVERNOR 11-14-2007, for above and to meet State Budget

17  cuts 10% at Exhibit H(20), and sent Exhibit H(20)a, letter of 7-27-2007, as

18  proof of conspiracy/harassment, **also sent Exhibit H(2l) FORWET to SENATOR'S TODD**

19  SPITZER, ANTHONY ADAMS, ANN CABALLERO, MIKE FEUER, JARRED HUFFMAN, NICOLE

20  PARRA, to STOPP CDCR Funding for CDCR non-compliance with <u>Coleman</u> Court ORDERS.

21  **19.** I filed to U.S. CENTRAL DISTRICT COURT 11-15-2007, for relief with the

22  herein documentation.

23  **20.** I filed ADA Complaints on 11-20-2007, for Exhibit PP, EOP Job **un**-equality,

24  and 12-6-07, Exhibit DW, denied EOPPrograms accessibility, which Exhibit SA,

25      show the **"Discrimination"** suffer and physical assaults for racial

26  reasons and **"NO"** diversity, and Exhibit's JF(5), JF(6), prove denial of Medical

27  Treatment of <u>Plata</u>.

Page 8

1    **21.** I have placed a copy of these papers in the institutional mail, to serve

2    the Attorney General and Coleman Attorney's, Warden, F.B.HAWS (CSP-LAC), and

3    Chief Psychologist, C.Kottrbra. Because of the urgency of the situation, set

4    forth in paragraph's **4., 7., 8., 9., 10., 11., 12., 13., 14., 15., 16., 17.,**

5    **20.,** supra no further efforts should not be required, as set forth before the

6    Court.

7        Wherefore, the Court should grant Enforcement of its June 28, 2007,

8    ORDER.

9    Dated: December  13,2007.

10                                          _David W. Wilson_
                                            David W. Wilson

11

12

13

14       I declare under penalty of perjury that the forgoing is true and correct,

15   and was executed this day at California State Prison Los Angeles County,

16   Dated: December  13,2007.

17

18                                          _David W. Wilson_
                                            David W. Wilson

19                                          Plaintiff
                                            In Pro Per

20

21

22

23

24

25

26

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

JSP 98 10924

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON, et al.,

v.

_GOVERNOR, A. SCHWARZENEGGR, et al.,_

**Case Number:**

CIV-S-0520-LKK-JFM
**PROOF OF SERVICE**

I hereby certify that on  December 13, 2007 _____, I served a copy
PLAINTIFFS NOTICE OF MOTION AND MOTION FOR ENFORCEMENT

**of the attached** _____.

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

_California State Prison L.A. County_ :

| (List Name and Address of Each Defendant or Attorney Served) | OFFICE ATTORNEY GENERAL<br>1300 "I" St., Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550 | Secretary, J.Tilton<br>1515 "S" Street<br>P.O. Box 942883<br>Sacramento, CA 94283- 0001 |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>CLERK OF COURT<br>501 "I" Street, Rm. 4-200<br>Sacramento, CA 95814 | Warden, F.B.HAWS (CSP-LAC)<br>Chief Psy. C.KOTTRBA (LAC)<br>44750 60th St. West<br>Lancaster, CA 93536 | ROSEN, BIEN & GALVAN, LLP<br>Attorneys at Law<br>P.O. Box 390<br>San Francisco, CA 94104-390 |

**I declare under penalty of perjury that the foregoing is true and correct.**

_David W. Wilson_

**(Signature of Person Completing Service)**

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11              Plaintiffs,              No. CIV S-90-0520 LKK JFM P

12        vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,
14
                Defendants.              ORDER
15   _____/

16              By order filed June 28, 2007, defendants were directed to file within thirty days a

17   plan for making available up to 125 intermediate care beds for Coleman class members referred

18   to Atascadero State Hospital (ASH), said plan to include staffing and a date certain for its

19   implementation not later than sixty days from the date of the June 28, 2007 order. Defendants

20   were directed to include with their report the name and job description of the person having

21   immediate responsibility for insuring compliance with the court's order.

22              On July 27, 2007, defendants timely filed their plan.[1] The plan provides that the

23   census of Coleman class members in intermediate care beds at ASH "can" be raised from the

24   current population of 58 to 125 class members by December 14, 2007, based on a rate of

25   _____

26        [1] Defendants have also provided the name and job descriptions of the people who are
     responsible for insuring compliance with the June 28, 2007 order.

                                          1

1   admission of four inmates per week. (Ex. 1 to Defendants' Response to Court Order Re: Plan to

2   Activate 125 Beds at Atascadero State Hospital, filed July 27, 2007, at ¶ Ic.)

3          Defendants' plan appears to take seriously the finding in this court's June 28,

4   2007 order that the declining Coleman population at ASH was unacceptable. (Order, filed June

5   28, 2007, at 2-3.) The plan does contain a number of caveats. Given the urgent need for

6   intermediate care beds for Coleman class members, the court will require defendants to provide

7   an interim report to the court on the status of ASH admissions for Coleman class members under

8   the plan. The report, which shall be filed on or before October 12, 2007, shall include the

9   following:

10          •       the total number of Coleman class members in need of intermediate

11                  inpatient care reviewed for admission to ASH during the eight-week

12                  period from August 6, 2007 through September 28, 2007;

13          •       the number of Coleman class members admitted to ASH during that eight-

14                  week period;

15          •       the total Coleman population at ASH as of September 28, 2007; and

16          •       if any Coleman class members were denied admission to ASH during the

17                  period from August 6, 2007 through September 28, 2007, the reason(s) for

18                  such denial.

19   IT IS SO ORDERED.

20   DATED:  August 2, 2007.

21

22                              LAWRENCE K. KARLTON

23                              SENIOR JUDGE
                                UNITED STATES DISTRICT COURT

24

25

26

                                        2

This Official Notice Pursant Civil Code § 18 and § 17

Exhibit D

David W. Wilson, K66474
CSP LAC
44750 60th St. West, B2 #250
Lancaster, CA 93536-7620

Copy 1 of 4

May 22, 2002

Captain, M.P. Monteiro   B-Facility CSP LAC

Dear Captain, Monteiro as hierachial administrator of California
State Prison, Los Angeles County B-Facility, I bring to your attention
issues concerning myself and the prisoner's in #2 building, of race
Segregation for degredation denial of normal prison programs, Which
is civil rights violation, along with no Law Library Black prisoner's,
with PLU Legal status given only (2) two hours a week, when rest of
mainline population gets (10) ten - (14) fourteen hours, no Law Library since
4-29-2002, for Black prisoners with court deadlines dates, with cold
food brings about cruel and unusal punishment of U.S. Constitution
8th Amendment, see 602 appeal attached to B-Facility Lieutenant
Middleton 4-9-2002, no response within proscribed mandatory time
constraints CCR #3084.6 (b) (1), and letter to CSP LAC Food Manager.

This degredation in #2 building seems directed at Black prisoner's for 90%
percent is Black, yet this does not fit ratio of percentage of inmate's I
look out my window and see rest of building units. Which walk to chow, and
#4, #5 buildings yard normal program as seen from Law Library when ther

so this segregation is a degredation to discriminate mainly against Black
prisoner's, which are denied contact visits, work, school, telephone access, church
services, outside yard, Library, Law Library, store canteen, special package
purchase, quarterly packages of which I requested from sergeant, Elzroth
3-24-2002, Lieutenant Middleton 3-28-2002, by way of GA-22 Request, no response

The 602, Inmate Appeal I wrote requesting move to #5 building or if no bed space
transfer to A, C, D, Facility, is per memo Van dam January 11, 2002 signed by "you"
Captain, Monteiro. Yet this denial of normal prison program is a smoke
screen, disguise, facade, to degradate Black prisoner's for incidents in. December
and melee for which myself an other Black prisoner's were not in CSP LAC and are
being held accountable for, state of emergency lifted 2-11-2002, yet we are
denied normal prison programs placed under restrictive harsh conditions
with cold food which is a hazadous condition and violates Wright V. Rusher
642 F. 2d 1129 (1981) P. 1129, II.   6. The types and quanties of food served
shall be the same as that which is provided for general population inmate's. All food
shall be prepared, stored and served under sanitary conditions. Food equipment
shall be maintained in proper working conditions. All persons who assist in the
preparation and handling of food shall observe strict sanitary standards,
including wearing caps and gloves. Meals shall be served to prisoners as
promptly as reasonably feasible after preparation.

OVER⟶

IX The court retains jurisdiction to modify this injunction at any time and from time to time on it's own motion or upon the motion of any party in interest of effectuating its intendments and/or in the interest of furthering the ends of justice under all applicable law.

P.1133 B. Proper Analysis of Eight Amendment Challenges To Conditions In State Prisons

[3] a court should examine each challenged condition of confinement, such as the adequacy of the quarters, food, medical care, ect and determine weather that condition is compatible with "the evolving standards of decency that mark the progress of a maturing society"

Trop V. Dulles, 356 U.S. 86 101 78 s. ct.5   5918 2d L.Ed 2d 630 (1958);

quoted in Estelle V. Gamble 429 U.S. 97, 902, 17 s. ct. 288, 295, 50t L.Ed 2d 251 (1976) and Spain, supra, 600 F. 2d at 196.

Also "The Eight Amendment is not a 'may be' or 'sometimes prapisition Toussaint V, McCarthy (9th cir 1986) 811 F. 2d 1080, cert denied 107 s. ct. 2462 (1987).

In Sandin V. Conner 515 U.S. 472, 115 s. ct. 2293, 132 L. Ed 2d 418 (1995) the Supreme Court stated "states may under certain circumstances create liberty interests which are protected by the Due Process Clause" "these interests will generally be limited to freedom from restraint which... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. " Id at 484, 115 s.ct. at 2300.

1 am forwarding coppies to Warden, Ernie Roe, Health & Welfare Agency, Department of Health Services, then Federal Court ifrelief for Hazadous food cardition is not given and segregation for discrimination of myself Black Prisoner's lifted, and access to Law Library with enough time for legal court cases

Thank You

David Al Killian K66474
Cell B2 #250

Exhibit D

David W. Wilson, K66474
CSP LAC
44958 60th St. West, B2 #250          Copy 1 of 4
Lancaster, CA 93536-7620

May 22, 2002

Captain, M.P. Monteiro   B-Facility CSP LAC

Dear Captain, Monteiro as hievachial administrator of California
State Prison, Los Angeles County B-Facility, I bring to your attention
issues concerning myself and the prisoner's in #2 building, of race
Segregation for degreadation denial of normal prison programs, Which
is civil rights violation, along with no Law Library Black prisoner's
With PLU Legal status given only (2) two hours a week, when rest of
mainline population gets (10) ten - (14) fourteen hours, no Law Library since
4-29-2002, for Black prisoners With court deadlines dates, With cold
food brings about cruel and unusal punishment of U.S. Constitution
8th Amendment, see 602 appeal attached to B-Facility Lieutenant
Middleton 4-9-2002, no response Within proscribed mandatory time
constraints CCR#3084.6 (b) (1), and letter to CSP LAC Food Manager.

This degredation in #2 building seems directed at Black prisoner's for 90%
percent is Black, yet this does not fit ratio of percentage of inmate's I
look out my window and see rest of building units. Which walk to chow, and
#4, #5 buildings yard normal program as seen from Law Library When there

So this segregation is a degreadation to discriminate mainly against Black
prisoner's, Which are denied contact visits, work, school, telephone access, church
Services, outside yard, Library, Law Library, Store Canteen, Special package
purchase, quarterly packages of which I requested from Sergeant, Elzroth
3-24-2002, Lieutenant Middleton 3-28-2002, by Way of GA-22 Request, no response

The 602, Inmate Appeal I wrote requesting move to #5 building or if no bed space
transfer to A, C, D, Facility, is per memoVandam January 11, 2002 signed by "you"
Captain, Monteiro. Yet this denial of normal prison program is a smoke
screen, disguise, façade, to degradate Black prisoner's for incidents in December
and melee for which myself an other Black prisoner's were not in CSP LAC and are
being held accountable for, state of emergency lifted 2-11-2002, yet we are
denied normal prison programs placed under restrictive harsh conditions
With cold food Which is a hazadous condition and violates Wright V. Rushen
642 F. 2d 1129 (1981) P. 1129, II.   6. The types and quanties of food served
shall be the same as that which is provided for general population inmates. All food
shall be prepared, stored and served under sanitary Conditions. Food equipment
shall be maintained in proper working conditions. All persons who assist in the
Preparation and handling of food shall observe strict sanitary standards,
including wearing caps and gloves. Meals shall be served to prisoners as
promptly as reasonably feasible after preparation.

OVER——→

IX The court retains jurisdiction to modify this injunction at any time and from time to time on it's own motion or upon the motion of any party in interest of effectuating its intendments and/or in the interest of furthering the ends of justice under all applicable law.

P.1133 B.  Proper Analysis of Eight Amendment Challenges To Conditions In, State Prisons

[3] a court should examine each challenged condition of confinement, such as the adequacy of the quarters, food, medical care, ect and determine weather that condition is compatible with "the evolving standards of decency that mark the progress of a maturing society"

Trop V. Dulles, 356 U.S. 86 101 78 S. ct.5   5918 2d L.Ed 2d 630 (1958);

quoted in Estelle v. Gamble 429 U.S. 97, 902, 17 S. ct. 288, 295, 501. L.Ed 2d 251 (1976) and Spain, Supra, 600 F. 2d at 196.

Also "The Eight Amendment is not a 'may be' or 'sometimes propisition Toussaint V, McCarthy (9th cir 1986) 811 F. 2d 1080, cert denied 107 S. ct 2462 (1987)

In Sandin V. Conner 515 U.S. 472, 115 s.ct. 2293, 132 L.Ed 2d 418 (1995) the Supreme Court stated "states may under certain circumstances create liberty interests which are protected by the Due Process Clause" " these interests will generally be limited to freedom from restraint which... imposes atypical and significant hardship on the inmate in relation to the Ordinary incidents of prison life. " Id at 484, 115 s.ct. at 2300

I am forwarding coppies to Warden Ernie Roe, Health & Welfare Agency, Department of Health Services, then Federal court if relief for Hazadous food cardition is not given and segregation for discrimination of my self Black Prisoner's lifted, and access to Law Library with enough time for legal court cases

Thank You

David M. Adkins K66474
Cell B2 # 250

This Offical Notice Pursant Civil Code §18 and §19

David W. Wilson, K66474                                    Exhibit E
CSP LAC
44750 60th St. West, B2 #250
Lancaster, CA 93536-7620                        Copy 1 of 4

~~April 24, 2001~~ May 22, 2002

Food Manager, CSP LAC

Dear Food Manager, for California State Prison, Los Angeles County
I bring to your attention (9)nine issues concerning Health and Safety
Code, Penal Code, Department Operations Manual, California Code Rule
Title 15, all of which the violations in B-Facility #2 building
Mainly an #1 building, which in totality constitue cruel and
unusal punishment, violation of U.S. Constitution 8th amendment.

1. Electric steam serving cart table which 6 inch and 10 inch food pans are
placed to Keep food Hot, Which water is placed in to steam does not work,
"Broken" in B-Facility #2 building and #1 building, called out told free
Staff Older Cook Supervisor I or II this 3-4-2002, building #1, 3rd watch.

2. Food is not served "Hot" per CCR #3050(a)(2) and DOM 54080.5, for
some food like eggs build up microscopic organisms and other food items
bacterial when served cold or left out lengths of time, "you" check eggs
on Sunday over easy cold and hard, sausages like beef jerky.

3. Food breakfast meal shall not be served not more than 14 hours following
the previous day's evening meal, CCR #3050(a)(2) and DOM 54080.5, Dinner is
served at 5:00 PM, Breakfast 8:30 AM Monday thru Friday 15½ hour
difference, Weekends Dinner 5:00 PM Breakfast 9:00 to 9:30 AM 16½
hour difference,

4. Food is brought over in metal uninsulated cart which is called
Hot Cart, Which is not normal plastic polyethy lene, polypropylene,
poly styrene insulation, so this is not a Hot cart as other prisons, and
eggs are brought over on sheet pans Sunday, other food items all food
brung over this way and there is no way food is Keep Hot, then placed
in Broken steam serving table.

5. There is no Temperature checking to see if food is Hot with thermometer.

6. Food is served onto paper trays so food is not Keep Hot as other
prisons which use plastic insulated food trays to Keep food Hot.

7. Food is left uncovered after being served then carried all around
building uncovered, DOM 54080.18 SANITATION STANDARDS, H&S codes,

8. Food handlers do not wear gloves when passing out food, all do not wear
appron white smocks or hair caps covering heads, this done carrying
uncovered food trays, violation of CCR #3052(f) and DOM 54080.17, DOM
54080.20,

9. There is no Food Meal Sample or Forms in #2 building DOM 54080.11

OVER ⟶

Food Manager the food conditions in #2 building is a atrocious problem and #1 building is deplorable all most as bad, these health food issues are contrary to minimum civilized standards of decency.

I am forwarding coppies of this letter to Health & Welfare Agency and Department of Health Services, B-Facility Captain, M.P. Monteiro, Warden, Ernie Roe, ~~Director Corrections Edward S. Alam~~eter, and if no relief, for Hazadous food conditions, I will file in Federal Court for 8th amendment Violations with Civil Rights for 90% percent of #2 building is Black Prisoners who are discriminated against by seperation of race for the above spoken degrudations including hazadous food conditions, of which penal code § 2084 is Violated.

For the deliberate indifference to prison health problems extends to conditions that threaten to cause health problems, see-Helling V. McKinney 113 S. Ct. 2475 (1993), some conditions of prison confinement may establish 8th amendment violation in combination when each would not do so alone, but only when they have mutually enforcing effect that produces deprivation of single, identifiable human need such as food, warmth or exercise, see Wilson V. Seiter 111 s. Ct. 2321 (1991), cost or inconvenience of providing adequate facilities is not defense to imposition of cruel punishment Spain V. Procunier 600 Fed 189 (1979), prison officicals may be held liable under 8th amendment for denying humane conditions of confinement if they know that inmates face substantied risk of serious harm and disreguard that risk by failing to take reasonable measures to abate it, Farmer V. Brennan 114 s. ct. 1970 (1994)

Food Manager "I am attaching 602 Inmate Appeal with this letter of request, action, help, in hope you will rectify, amend within the mandatory substantive predicate time construints of CCR# 3084.6(b)(1) 10 working days informal level response for 1. thru 9. front side.

Thank You

David W. Wilson K66474
Cell B2 #250

This Official Notice Pursuant Civil Code § 18 and § 19

Exhibit E

David W. Wilson, K66474
CSP LAC
44750 60th St. West, B2 #250
Lancaster, CA 93536-7620

copy 1 of 4

~~April 29, 2001~~ May 22, 2002

Food Manager, CSP LAC

Dear Food Manager, for California State Prison, Los Angeles County
I bring to your attention (9) nine issues concerning Health and Safety
Code, Penal Code, Department Operations Manual, California Code Rule
Title 15, all of which the violations in B-Facility #2 building
mainly an #1 building, which in totality constitue cruel and
unusal punishment, violation of U.S. Constitution 8th amendment.

1. Electric steam serving cart table which 6 inch and 10 inch food pans are
placed to keep food hot, which water is placed in to steam does not work
"Broken" in B-Facility #2 building and #1 building called out told free
Staff Older Cook Supervisor I or II this 3-4-2002, building #1, 3rd watch

2. Food is not served "Hot" per CCR# 3050(a)(2) and DOM 54080.5, for
some food like eggs build up microscopic organisms and other food items
bacterial when served cold or left out lengths of time, "you" check eggs
on Sunday over easy cold and hard, sausages like beef jerky.

3. Food breakfast meal shall not be served not more than 14 hours following
the previous day's evening meal, CCR# 3050(a)(2) and DOM 54080.5, Dinner is
served at 5:00 PM, Breakfast 8:30 AM Monday thru Friday 15½ hour
difference, Weekends Dinner 5:00 PM Breakfast 9:00 to 9:30 AM 16½
hour difference,

4. Food is brought over in metal uninsulated cart which is called
Hot Cart, which is not normal plastic polyethylene, polypropylene,
polystyrene insulation, so this is not a Hot Cart as other prisons, and
eggs are brought over on sheet pans Sunday, other food items all food
brung over this way and there is no way food is keep Hot, then placed
in Broken steam serving table.

5. There is no Temperature checking to see if food is Hot with thermometer.

6. Food is served onto paper trays so food is not keep Hot as other
prisons which use plastic insulated food trays to keep food Hot.

7. Food is left uncovered after being served then carried all around
building uncovered, DOM 54080.18 SANITATION STANDARDS, H&S codes.

8. Food handlers do not wear gloves when passing out food, all do not wear
appron white smocks or hair caps covering heads, this done carrying
uncovered food trays, violation of CCR# 3052(f) and DOM 54080.17, DOM
54080.20,

9. There is no Food Meal Sample or Forms in #2 building DOM 54080.11

OVER ⟶

This Official Notice Pursuant Civil Code § 18 and § 19
David W Wilson, K64774
CSP LAC
44750 60th St. West, B2#250
Lancaster, CA 93536-7620

Exhibit F

Copy 1 of 5

May 22, 2002

Warden, Ernie Roe, CSP LAC

Dear Warden, Roe I bring to your attention several issues of which in your many offical capacities, of California state Prison Los Angeles County, I request your help to resolve in B-facility #2 building. Concerning no Hot meals due to food preparation not adequately taken by your subordinates, this has evolved a hazadous conditions in #2 building, which is an 8th Amendment constitutional violation, also here are several civil Rights issues no PLU Legal status Law Library, or Black prisoners in (3) those works with court deadlines and when given (2) two hours a week is not enough time to review legal cases, documents etc, no let general population is given (10) to (14) hours a week,

also in general population B-Facility #2 building 90% percent of unit is Black which is not representative of ethnic ratio B-Facility, so Black Prisoners re segregated for the purpose of this degredation and denied normal programing, I am sending you coppies of letter to CSP LAC Food Manager and B-Facility Captain Monteiro, in which I request him to intercession to stop the problems, for I am also notifying Health & Welfare Agency and Department of Health for relief, if all else fails Federal Court injunction for I tried 602 Appeal addressing some discrimination issues, no response reply of Appeal also attached. Please! Help resolve this issues before litigation.

Thank You

David W Wilson K64774
B2#25

K66474

4-24-2002  5-22-2002
2:21 PM  Denied access to
Legal copying
cause color Skin

HEALTH AND WELFARE AGENCY

To Whom it may Concern

I am a prisoner at CSP LAC, California State Prison,
Los Angeles County, there is a on going policy here at
#2 building in B-Facility to not clean Showers or
Mop floor, also the food is served Cold when it should
be Hot and in totality is a hazadous condition Which
I request someone from your Agency review, come look
into. Here are letters to Various CDC Officals to
stop, desist, rectify, amend, these problems before Court
action for this is being done because race discrimination

Thank "You" for any and all Help

Please! follow up

David W. Wilson K66474
CSP LAC
44750 60th st. West, B2 #250
Lancaster, CA 93536-7620

David W. Wilson K66474
4-21-2002  5-22-2002
2:37 PM  Denied access to
Legal copying
Cause color skin

DEPARTMENT OF HEALTH SERVICES

To Whom it may Concern

I am a prisoner at CSP LAC, California State Prison
Los Angeles County, there is a on going policy here at
#2 building in B-Facility to not clean showers or
Mop floor, also the food is served cold when it should
be Hot and in totality is a hazadous condition which,
I request some one from Health Services review, come
look into. Here are letters to various CDC officals to
stop, desist, rectify, amend, these problems before court
action for this is being done because race discrimination.

Please! follow up    Thank "You" for any and all Help

David W. Wilson K66474
CSP LAC
44750 60th st. West, B2 #250
Lancaster, CA 93536-7620

STATE OF CALIFORNIA    Exhibit H    C.C, 1 of 3    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

JUN 18 2003

Location: Institution/Parole Region    Log No.    Category  cy  Angel cul
1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Wilson, David | K66474 | N/A | FE-45-#125  52-#116 |

JUL 02 2003

A. Describe Problem: Since arriving at CSP LAC "I have approached all psychiatrics, psychologist & psychoanalyst to received on-on-one individual Psy chotheropy which I having been receiving almost 30 years along with medication& also group therapy but the individual therapy (2) or(3) times weekly helps annihilate DEMONS that were preexistent before any therapeutic Help, given for as a child I was beat after bein awaken Hog Tied Naked to Bunk Bed & Beat With all manner of Objects, & left for sometime a day or two, since then I put locks 7 or 8 on Doors paint Windows and Keep Air cracks, vents, & Water outlets covered to Keep DEMONS Out...,

If you need more space, attach one additional sheet.    Continued Page 1 of 2 Additional Sheet

B. Action Requested: Any CDC Prison No Double celling forced, single cell given until individual 1on1 psychotheropy given& DEMONS behind Bricks Walls, if not let any anal be held accountable to Central District Court degradation of CCR#3360(a)(b) #33.6(a),(c) #3362, DOM 54060, Penal Code §5079, Will seek damages for mental stress, emotional anguish at Liability Obligation, Exemplary, Detriment, Further Petriment, for individual & offical capacities. Violat 8th Amendment denying, 5th & 14th Amendment U.S. Constitution.

Inmate/Parolee Signature: David W. Wilson    Date Submitted: 5-14-2003  6-16-2003 Appeal

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response. Dissatisfied With Informal Level Review, Written on Exhibit H(7), Screening Form at bottom, in response to Exhibit H(8), Dr. Joseph Simms, states' EOP does not permit single cell status merely upon request "or merely due to psychosis This is a Custody matter I do not support single cell status this case. Signed 6-30-03 10:24 hrs. Also seen by Dr. Simms around 1:00 pm, for 5 minutes, said he did not have time for psychotheropy, he had to see 23 inmates today, and Coleman V. Davis, I F for 15 minutes once a week, and Dr. Mc Ginnis does not like to give

Signature: _____    Date Submitted: 6-30-2003

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

Single Cell Status, I ask did he review Exhibit H(6) sent by Coleman Attorneys, and stated there are single cell THS in EOP, Also Double Forced cell living puts myself & other inmates lives in jeopardy by my psychological problems with DEMONS.

5/0 #4 (3)  6/18/03  #8  5/0 7/22/03  7/22

CDC Appeal Number: _____

For DEMONS I see actually & hear, and not delusions or subconcious thoughts I do not hide under tables or beds no more to Keep DEMONS away, & only beat head on table or Wall to get rid of DEMONS sometimes, yet at CSP LAC "I have been Forced to doubl-Cell with Men I have never meet & I try not to beat mattress or Walls to Keep DEMONS off Me, & if asleep and other prisoner's jump off bed "I sometimes wake Screaming for DEMONS are at me, & sometimes when waken by cellmates "I throw up arms for DEMONS are attacking me, & sometimes when waken I swing or Choke DEMONS, and it's hard to discern conceivably whats real until DEMONS Vanish. For these reasons and following Double Cell Living is agravating Mental Problems for which medication is only Help! for I receive no psychotherapy, &

Double cell "forced" living hypothesis two men getting along for length of time in a small confined space is exacerbated by hostile atmosphere, & significance of this is amplification a environment where no contigency for physical exercise, or to meet time-sequential application of meticulous trait duties, "Wshing face, hands, body, brushing teeth, hair, combing Being forced Double cell living" confined space less than 30 square feet per person, is not humane & decent for confinement, not adequate space or opportunity for prostrating or Praying 5 times a day for Universal wholeness. "Double cell forced living" in allotted space of less than 30 square feet or person is unsynchronistic for progression of mental balance, this also disrupts or aggravates existing mental disorders. The close confines of less than 30 square feet leads to Idliness, Frustration, Anger & inevitably violence; their is a constant & perusasive threat of violence or risk of harm, I request no "Forced Double Cell Living" or Single Cell "given" temporary and permanent to STOP DEMONS, & the unwarranted infliction of physical stress, & emotional anguish, mental degeneration of small confined space, & to stop deterioration from progressing into a serious physical & Mental disorder, I seek exclusion from "Double cell living now."

CSP LAC cells are 5½ feet wide by 10½ feet long. Of all CDC 3,142 (SHU) Security Housing Units, the cells are 8½ feet Wide by 14 feet long, amounting to 120 square feet of space. The two inmates who are confined in each cell, however actually have only about 60 square feet of usable space or 30 square feet per person.

## Cell Size Standards

Minimum standards set out by the American Correctional Association (ACA) for human & decent confinement. The ACA standards require that each prisoner have 60 square feet of space, unless more than 10 hours per day are spent in the cell, in which case 80 square feet per inmate is required [This equals capacity of penitentiary for # number of prisoners.

I request "no Double cell living" or "single cell" given for DEMONS are sometimes many

OVER ⟶

Wolfish v. Levi, supra 573 F. 2d at 127.

[due Process] states subjection to involuntarily deprivations not authorized by his confinement.

Martinez v. Carey, 563 F. Supp. 984, 1012 n. 13 (D. Or. 1983) (in multiple-inmate cells officials could provide either more space or more Out-of-Cell time)

Dohner v. McCarthy (C.D. Cal. 1985) 635 F. Supp. 408 (Calif. Mens Colony San Luis Obispo) four to be at limit of constitutionality double cell living.

Balla v. Board of Corrections, 656 Supp. 1108, 1116-17 (D. Idaho 1987) (double celling prohibited for maximum security and psychiatric housing.)

Delgado v. Cady, 576 F. Supp. 1446, 1457 (E.D. Wis. 1983) (limits placed on coerced double celling of inmates with psychological problems & suicidal tendencies.)

Brogsdale v. Barry, 926 F. 2d 1184, 1188 (D.C. Cir. 1991) (crowding-related assault would not be actionable if the crowding was not unconstitutional.)

Farmer v. Brennan – U.S. – 114 s.ct. 1970, 1982 (1994) (it does not matter if whether prisoner faces an excessive risk of attack for reasons personal to him or because a persons in his situation face such a risk.)

I request "no Double Cell living" until individual one-on-one psychotherapy given 2 or times weekly to Help! put up Brick Walls to Keep DEMONS Out, as explained to Chief Psychiatrist, Dr. Powers in hereto attached Exhibit R, GA-22, Request Dated: 1-16-2003, and in hereto attached letter Dated: Today 5-14-2003, to (Ad-Se Supervisor's Sgt's Ruiz, Sgt. Coleman, Captain Bruiur) Lt's; to be "single cell" Due To Psychological Problems & No Individual Psychotherapy.

I am Requesting Help! persuant CCR # 3360 (a),(b), # 3361 (a), (c), # 3362, & also DOM 54060 MENTAL HEALTH Services:

Dom's §§ 54060.2 Purpose; 54060.3 Plan For Mental Health Programs; 54060.4 Services 54060.8.2 Mental Health Evaluations; 54060.6 pp-Site Services; 54060.7 Routine Reffals; 54060.11.1 Inpatient Facilities Requirement; 54060.11.2 Psychiatrist 54060.13 Inmate Patient Rights; 54060.14 Due Process For Psychiatric Patient Transfers to the California Medical Facility, Which July recommended at sentenc

Requesting Compliance with Penal Code § 5079, for no DEMONS, no Double Cellin Mark 1.34, Mark 5.1-20, Mark 9.14-29, Luke 8.26, Luke 11.14, Luke 4.31, Matthew 12. 22-37, Matthew 17. 14-20, Romans 8. 28-30

Attached Exhibits HH to Psy. Tech. Ramirez 5-6-2003; Exhibits H(1), H(3) Abstract of Judgment by Court recommending CMF Vacaville for treatment, Exhibit H(5) letter from Rosen, Bien & Asaro LLP, Lawyers for Coleman v. Davis, 5-13-2002 sending Exhibit H(6) Single Cell Guidelines; EoP, resubmitted to D-Facility D4 & OP Case Manager & Doctors for Help! as in Exhibit H, H(6), Exhibits H(2), R to Dr. Powers,

Exhibit H (5)

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

ERNEST GALVAN
RICHARD HARDACK
JANE KAHN
THOMAS NOLAN
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

May 22, 2003

CONFIDENTIAL - LEGAL MAIL
Mr. David Wilson, K66474
CSP-LAC
44750 60th St West
Lancaster, CA 93536

      Re:   Coleman v. Davis
           Our File No. 489-3

Dear Mr. Wilson:

      I am writing in response to your letter which we recently received today. I am enclosing a CDC memo regarding standards for double and single celling. I recommend that you fill out a 602 and attach a copy of this memo. Explain that the reasons why you have been single celled related to your mental health. Similarly, attach any documentation from your file that documents problems you have experienced with double celling.

      I hope this information is helpful. Please be in touch.

                        Sincerely yours,

                        ROSEN, BIEN & ASARO, LLP

                        By: Shira J. Gans
                            Paralegal

Originals
Enclosure
SJG:mc

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

## ENHANCED OUTPATIENT PROGRAM HOUSING

### Guidelines for Single-Celling Or Double-Celling

_nations of housing status (e.g., single or double-celling, selection of cell-mates, etc.) shall be made in consultation with the Interdisciplinary Treatment Team and should consider clinical indications or contraindications for double-celling as well as a review of custody issues, (e.g., known enemies, gang affiliation, etc.) relevant to these decisions. Single-cell placement is usually a temporary, short-term measure and shall be regularly reviewed.

2. Cases in which single-celling may be considered as clinically advantageous are the following:

   • the inmate's symptoms include a clear delusional element involving persecutory themes that may result in a cell mate being targeted;

   • the inmate has a history of unpredictable incidents of violent or aggressive physical behavior or verbal behavior which is likely to be provocative or threatening, etc.;

   • inmates are known to be medically noncompliant and a cell-mate may access medication which is stockpiled;

   • the inmate is extremely vulnerable due to the commitment offense or functioning level; or

   • the inmate's level of self-care or care of the living environment is so compromised as to subject a cell-mate to undue challenge.

3. Cases in which double-celling may be considered as clinically advantageous may include the following:

   • inmates with severe depressive disorders who would benefit from the presence of a cell-mate; or

   • the objectives of the inmate's treatment include socialization and none of the contraindications in #2 is present.

`ATE/PAROLEE` Case 2:90-cv-00520-KJM-SCR   Document 2624   Filed 12/20/07   Page 28 of 62
`EAL FORM`

Location/ Institution/Parole Region

602 (12/87)

2.                           2.

ou may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| David W. Wilson | K-66474 | NA | FAC.II 9#140 |

A. Describe Problem: Had "Single Cell Status" taken previous prison Lancaster, 10-4-2002, then filed Calif. Superior Court, Court of Appeals, Supreme Court. For "I have problems with cell-mates when orced double cell living, which exacerbate's on going mental problems with "DEMONS" which one-on ne individual Psychotherapy 2 or 3 times weekly & also group therapy with medication helps to nnihilate "DEMONS" that were pre existent before therapeutic Help! given. For as a child "I was pat after being awaken Hog Tied Naked to Bunk Bed & Beat with all manner of Objects, & left for metimes a day or two, since then "I put 7 or 8 locks on doors, paint windows and keep air acks, vents, & water outlets covered to keep "DEMONS" out. For "DEMONS" 'I see & hear, and not,

If you need more space, attach one additional sheet.                Continued Page 1 of 2 Additional Sheet.........

B. Action Requested: No forced double celling, "Single Cell" given until individual 1 on 1 Psychotherap ven & DEMONS behind brick walls, if not let any an al be held accountable to Courts of degradat-
n of CCR #3360(a),(b),#3361,#3362; DOM 54060; Penal Codes §§ 1616, §2600, §2684(a), §2960, )54, §2970, §5023.(b), §5058.5, §5079, §6102; 8th Amend. Will seek damages for mental stress & itional anguish, at Liability, Obligation, Exemplary, Detriment, Future Detriment, for lividual and offical capacities, also exoneration of any incidents due to "DEMONS".
Inmate/Parolee Signature: _David W. Wilson_                Date Submitted: 9-28-2003

C. INFORMAL LEVEL (Date Received: 10·1·03 ) seen ett

Staff Response: Wilson was seen in UCC on 9.30:03 and his request for single cell status: was denied as no basis. S' was referred to medical for Psych concerns regarding status. S' also told to find a compatible cellmate and see facesgt CC-5gt for housing.
taff Signature: C.A. Hughes CC-I                Date Returned to Inmate: 10·1·03

. FORMAL LEVEL
you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification phrono, CDC 128/etc.) and ibmit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

'Dissatisfied"    'I am living by myself for last cell-mate cou[l]t not deal with ny Psychological Problems. I still request No double celling and to remain single Celled, until given individual one-on-one Psychotherapy, for double cell iliving causes exacerbation of Mental Problems to where "I can not sleep, and causes a "Psychotic Break. "I am requesting Help! and relief from double celling
inature: _David W. Wilson_                Date Submitted: 10-1-2003

te: Property/Funds appeals must be accompanied by a completed         CDC Appeal Number:
ard of Control form BC-1E, Inmate Claim

med/mental Health.

Exhibit J(1)X

# Memorandum

received 12-9-2003

Date:    December 2, 2003

To:     Wilson, D., K-66474            8-225L
        California State Prison-Solano

Subject: SECOND LEVEL APPEAL RESPONSE
            LOG NO.:    SOL 03-02661

### ISSUE:

It your position that you previously had single cell status at other institutions. You contend that you are currently having problems with "demons" and that you are being "forced" to live in a 30 square foot cell with another inmate. You contend that the living space per inmate in a cell is inadequate and leads to "*idleness, frustration, anger and inevitably violence.*" You contend that your mental health is suffering by being double-celled. You contend that the institution will be held accountable to the courts, if your requests are not addressed.

You request no *"forced double celling"* and "*single cell*" status pending individualized psychotherapy

INTERVIEWED BY: J. Pascoe, Clinical Psychologist/Case Manager.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3360. Availability of Mental Health Services.**
(a) The Department will provide a broad range of mental health services to inmates and parolees by assessing the needs of its population and developing specialized programs of mental health care, to the extent resources are available for this purpose. Necessary and appropriate mental health services will be provided to inmates and parolees, and adequate staff and facilities will be maintained for the delivery of such services.

**CCR 3379. Inmate Transfers.**
(a) Transfer requirements.
(1) Any inmate transfer from a facility other than a reception center shall require a classification committee action and endorsement by a Classification Staff Representative (CSR)....

## DISCUSSION:

On October 20, 2003, your appeal request was partially granted at the First Level of Review. You were advised that your mental health status changed to Enhanced Outpatient (EOP). Per CDC 128-C *Mental Health Placement Chrono*, dated October 20, 2003, a recommendation was made for immediate single cell housing pending transfer to an institution with EOP level of care.

On December 2, 2003, your central file was reviewed. It is noted that on November 13, 2003, Unit Classification Committee referred you to the CSR for transfer consideration to Richard J. Donovan Correctional Facility at Rock Mountain-III with alternate of California Men's Colony-E-III for EOP placement. Refer to attached CDC128-G *UCC Classification Chrono*, dated November 13, 2003 and Modification Order, Log #03-G-197, completed on November 13, 2003. Your case is currently pending CSR review for transfer.

DECISION: The appeal is **partially granted.**

Your request for single cell status pending individualized psychotherapy is **partially granted.** On November 13, 2003, classification staff granted you single cell status pending transfer to another institution for EOP placement. Individualized psychotherapy is not available at this institution.

You are advised that this issue may be submitted for a Director's Level of Review if desired.

TOM L. CAREY
Warden

SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES

Single cell                                                    DEPT.   100

| Date: | OCTOBER 15, 2002 | Judge | | J. PULIDO | Deputy Clerk |
|---|---|---|---|---|---|
| Honorable: | DAN THOMAS OKI | | | | |
| | NONE | Bailiff | | NONE | Reporter |

BH 002060

In re,
DAVID WILSON,
          Petitioner,
On Habeas Corpus

(Parties and Counsel checked if present)

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings    ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered the Petition for a Writ of Habeas Corpus filed October 10, 2002.

The petition is denied for failing to evidence any effort to exhaust the available administrative review process. (*In re Dexter* 25 C(3) 921, 925)

The order is signed and filed this date.

A true copy of this minute order is sent via U.S. Mail to the defendant as follows:

David W. Wilson
K-66474
CSP-LAC
44750 60th Street West
Lancaster, CA 93536-7620

Minutes Entered
10-15-02
COUNTY CLERK

11/96

Exhibit L (1)   received 11-7-2002   Exhibit L (1)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT. 100

| Date: | OCTOBER 31, 2002 | | |
|---|---|---|---|
| Honorable: | DAVID S. WESLEY | Judge | J. PULIDO    Deputy Clerk |
| | NONE | Bailiff | NONE    Reporter |

BH 002060
In re,
DAVID W. WILSON,
  Petitioner,
On Habeas Corpus.

(Parties and Counsel checked if present)

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings

ORDER RE: WRIT OF ERROR CORAM NOBIS

The Court has read and considered the Application for a Writ of Error Coram Nobis re: BH 002060.

The application is denied. The appeals process was completed at CMC East, but not at LAC-SP.

The order is signed and filed this date.

A true copy of this minute order is sent via U.S. Mail to the defendant as follows:

David W. Wilson
K-66474
CSP-LAC
44750 60th Street West
Lancaster, CA 93536-7620

Minutes Entered
10-31-02
COUNTY CLERK
11/96

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

In re

    DAVID W. WILSON,

  on

    Habeas Corpus.

B162777
(Super. Ct. No. BH002041)

ORDER



COURT OF APPEAL - SECOND DIST.
F I L E D

DEC - 4 2002

JOSEPH A. LANE       Clerk

M. GAVINSKI      Deputy Clerk

BY THE COURT:

    The petition for writ of habeas corpus, filed November 12, 2002, has been read and considered.

    The petition is denied. Petitioner has not stated facts sufficient to support relief (*In re Swain* (1949) 34 Cal.2d 300, 303-304) and has not submitted a record adequate for review (*Sherwood v. Superior Court* (1979) 24 Cal.3d 183, 196-187; see *In re Alvernaz* (1992) 2 Cal.4th 924, 945) with regard to his assertion that he is entitled to be housed in a "single cell" or his claim that he must be provided with certain vitamins and supplements,

**S112213**    received 12-24-2002

S_____

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re:

**DAVID W. WILSON**

On Habeas Corpus

B162777 - CA2/3

BH002041 - Superior Court #

**SUPREME COURT
FILED**

DEC 1 8 2002

**Frederick K. Ohlrich Clerk**

DEPUTY    4OK

**PETITION FOR REVIEW**

Television

Pro per petitioner
DAVID W. WILSON, K-66474
California State Prison - Los Angeles
44750 60th Street West
Lancaster, CA 93536-7620

Exhibit X

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                    Category
1. ___RJD___                    1. __04 - 1868__          A1  72C

2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Wilson, David | K-66474 | EOP Program | 1-1-118 |

A. Describe Problem: Request "Single Cell Status" remain Temporary & Permanent, or given individual one-on-one psychotherapy 2 or 3 times weekly, which "I was transferred to R.J.D. on 12-23-2003, See attached Exhibit's A, A(1), 602 appeal CSP-Solano describe problem, Exhibit B, letter Chief, Psy., Solano, Exhibit H(3), H(4) Abstract of Judgment, Exhibit (5) Responsa Coleman Attorneys while LOP, CSP-Lancaster, Exhibit H(6) Guideline for "Single Cell Status," Exhibit I, 2, C-East Ad-Seg placement for forced double cell living psy. problems, Exhibit I, First Level Response Granted, Exhibit J, Modification Order. All Exhibit's at Directors Final Level Review for R.J.D. can arbitrary deny to force psychotic breakdown by forced double celling. Therefore "I am requesting compliance with R.J.D. Operational Procedure #85 Single/Double Cell Procedures, at II. Purpose & Objectives, A. Establish Polices & Procedures for 1. Single/Double Celling of inmates. Define responsible staff. 2. Outline responsibilities by staff member. IV. Approval & Review A. Associate Warden & Records. V. Responsibility requesting compliance to O.P. #85, pages 1, 2, 3, Attachment "a" 1, 10, 11, 12, 14, 19, 20, 21, 2, 23, 24, 26, 27, 28, 29 if forced double celling, also Attachment "B" [Medical Case Factors] assessed & completed, also compliance with O.P. #85, page 9, at (a). If "I cannot receive one-on-one individual Psychotherapy 2 or 3 times weekly pursuant CCR Title 15 #3361(a)(c); Penal Code §5079: Psychiatrist licensed by the state or Psychologist licensed who holds doctoral degree, with two years experience in diagnosis & treatment of emotional & mental disorders, "I request to be sent to Atascadero State Hospital pursuant Penal Code §2684(a), (b).

If you need more space, attach one additional sheet.

B. Action Requested: Single Cell Status ["remain"] Temporary & Permanent, or given individual one-on-one Psychotherapy 2 or 3 times weekly, if not sent to Atascadero Hospital "only" if not let any an all be held accountable to Courts for Degradation of CCR #3360(a),(b), #3361(a)(c), #3362, #3004(b); DOM 54060; Penal Codes §§ 1616, §2600, §2684(a)(b)§2960, 2964, §2970, §5023,(b), §5058.5, §5079, §6102; 8th Amend. Will seek damages for mental stress & emotional anguish, at ability, Obligation, Exemplary, Detriment, Future Detriment at individual & official capacities. Exoneration of incidents

Inmate/Parolee Signature: _David W. Wilson_          due to "D E M O N S."          Date Submitted: 3-11-2004  4-8-2004

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:  As an EOP clinician, I can provide Mr. Wilson with clinical contacts 2-3 times weekly, as he requests. I cannot designate single cell statures, do this is a custody issue. It is unclear to me from review of UHR and C-file if he qualifies, as these have never been given by clinical status.

Staff Signature: _Signed Theresa Reichert, PhD_          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response. Dissatisfied - Above is false statement this clinician has seen me one (1) time weekly, at following dates: 5-24-04, 6-4-04, 6-17-04, 6-15-04, this does not meet B. Section, & when seen it is for two minutes talking outside of door, for if compound from cell in Ad-Seg I'm handcuffed behind my back, which is like being tied up & makes me restless & go crazy, SEE Exhibit A, lines 85, 86, Also in Ad-Seg inmates are placed in cages like animals, if seen by this clinician with all kind of screaming & yelling, this not 1-on-1 psychotherapy & officers & inmates listen to conversations, violation of Penal Code 636 (b) 6-17-2004

Signature: _David W. Wilson_          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

Exhibit X (1)

**TITLE 15**                    DEPARTMENT OF CORRECTIONS                    § 3361

HISTORY:
1. Amendment of section heading and text filed 7-2-93; operative 8-2-93 (Register 93, No. 27).
2. Amendment of subsection (a) and repealer of subsections (a)(1)-(3) filed 2-17-95 as an emergency; operative 3-1-95 (Register 95, No. 9). This regulatory action was deemed an emergency pursuant to section 5058(e) of the Penal Code and remains in effect for 160 days. A Certificate of Compliance must be transmitted to OAL by 8-8-95 or emergency language will be repealed by operation of law on the following day.
3. Amendment of subsection (a) and repealer of subsections (a)(1)-(3) refiled 8-7-95 as an emergency; operative 8-7-95 (Register 95, No. 32). This regulatory action was deemed an emergency pursuant to section 5058(e) of the Penal Code and remains in effect for 160 days. A Certificate of Compliance must be transmitted to OAL by 1-16-96 or emergency language will be repealed by operation of law on the following day.
4. Reinstatement of section as it existed prior to emergency amendment filed 2-17-95 by operation of Government Code section 11346.1(f) (Register 96, No. 8).
5. Amendment of subsection (a) and repealer of subsections (a)(1)-(3) filed 2-21-96 as an emergency; operative 2-21-96 (Register 96, No. 8). A Certificate of Compliance must be transmitted to OAL by 6-20-96 or emergency language will be repealed by operation of law on the following day.
6. Certificate of Compliance as to 2-21-96 order including amendment of subsection (c) transmitted to OAL 6-18-96 and filed 7-9-96 (Register 96, No. 28).

**3359.   Donation and Sale of Blood.**

Institution heads may permit, subject to acceptance by a blood collection agency, inmates to donate blood for charitable and research purposes or to sell their blood only, when needed blood cannot be reasonably and readily obtained from other sources. When a blood sale is authorized, the inmate must receive from the purchaser a payment equal to the current market price for purchases of the same type blood. The facility may impose an additional charge to the purchaser to retrieve the cost of department resources used in drawing the blood. Proceeds of such charges shall be deposited in the inmate welfare fund.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

[For related Information see DOM Subsection 31020.6.]
HISTORY:
1. Amendment filed 7-2-93; operative 8-2-93 (Register 93, No. 27).

### Article 9.   Mental Health Services

**3360.   Availability of Mental Health Services.**

(a) The department will provide a broad range of mental health services to inmates and parolees by assessing the needs of its population and developing specialized programs of mental health care, to the extent resources are available for this purpose. Necessary and appropriate mental health services will be provided to inmates and parolees, and adequate staff and facilities will be maintained for the delivery of such services.

(b) When an inmate is found to require mental health care not available within these resources, but which is available in the Department of Mental Health, the case will be referred to the director for consideration of temporary transfer to that department pursuant to Penal Code section 2684.

(c) Recognizing that many parolees have unique treatment needs not readily met by community mental health programs, and that the promptness and appropriateness of those needs affect public safety, the department provides outpatient clinics for parolees. These clinics are conducted in widely distributed locations throughout the state at times and places such that they are available to parolees, and that they shall maintain close working relation-

ships with parole supervisors, paroling authorities, and the community in which the parolee resides.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2684 and 5054, Penal Code.

[For related Information see DOM Section 54060.]
HISTORY:
1. New Article 9 (Sections 3360–3369) filed 4-18-80; effective thirtieth day thereafter (Register 80, No. 16).
2. Amendment of section heading and subsection (b) filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
3. Certificate of Compliance as to 1-3-95 order including amendment of NOTE transmitted to OAL 6-12-95 and filed 7-25-95 (Register 95, No. 30).

**3361.   Responsibility.**

(a) All required mental health treatment or diagnostic services shall be provided under the supervision of a psychiatrist licensed to practice in this state, or a psychologist licensed to practice in this state and who holds a doctoral degree and has at least two years of experience in the diagnosis and treatment of emotional and mental disorders. Facilities for mental health treatment and diagnostic services shall be under the direction of such a psychiatrist or psychologist. A psychiatrist shall be available to assume responsibility for all acts of diagnosis or treatment that may only be performed by a licensed physician and surgeon.

(b) When an inmate or an inmate's guardian or relative, or an attorney or other interested party desires to have an inmate, examined by a private psychiatrist or other mental health professional, a request shall be submitted in writing by such person or persons to the warden. After consulting with the institution's chief psychiatrist or, in his absence, the chief medical officer, the warden will grant the request unless there are specific case factors which, in the judgment of the warden, warrant denial. If the request is denied, the person making the request will be notified in writing of the reason for the denial and the right to appeal the decision, to the director. Any financial responsibility or obligation for private consultants or examinations will be assumed by the inmate or the person requesting the service. Private consultants will not be permitted to order mental health treatment for any inmate. However, the private consultant may be asked to make a report of findings and recommendations to the warden.

(c) Recognizing that mental health care often involves revealing deeply personal and private matters, all mental health care shall be provided in such a manner as to maintain the dignity of the inmate. Professional relationships shall be conducted with proper privacy, with due regard for the professional to take necessary and appropriate action to prevent harm to the patient or to others. Records of mental health diagnosis, évaluation and treatment prepared or maintained by the department shall remain the property of the department and are subject to all applicable laws governing their confidentiality and disclosure. Treatment will be in accord with sound principles of practice and will not serve a punitive purpose.

NOTE: Authority cited: Sections 5058 and 5079, Penal Code. Reference: Section 5054, Penal Code.

[For related Information see DOM Section 54060.]
HISTORY:
1. Editorial correction of printing error in subsection (a) (Register 92, No. 5).
2. Amendment of subsections (b) and (c) filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
3. Certificate of Compliance as to 1-3-95 order including amendment of section and NOTE transmitted to OAL 6-12-95 and filed 7-25-95 (Register 95, No. 30).

OVER →

**3362. Availability of Treatment.**

All persons committed to the department shall be informed that mental health services are available to them. They shall be informed that, upon their request, an evaluative interview will be provided within a reasonable period of time by a licensed practitioner, or a specially trained counselor supervised by a licensed practitioner. Upon request, they will be provided with information as to what specialized treatment programs may be available in the department and how such treatment may be obtained.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

[For related information see DOM Section 54060 and Subsection 81040.21.]

**3363. Right to Refuse Treatment.**

Inmates/Parolees shall be informed any time they are the object of particular mental health diagnosis or treatment procedures. Such persons shall have the right to refuse assignment to such a program of diagnosis or treatment without being subject to discipline or other deprivation, except as indicated in the following:

(a) When mental health evaluation is required by law or ordered by a court.

(b) When an inmate is placed in a mental health program for diagnostic study by the action of a classification committee, which acted upon documented information or observations that gave reasonable cause to believe the inmate was suffering from a mental illness which poses a danger to self or others, or is gravely disabled. A physician or other licensed practitioner may act in an emergency situation to place an inmate in psychiatric segregation under observation and treatment for a period of up to five working days pending classification action, providing the reasons for this action are documented.

(c) When diagnostic study has led to a diagnosis of existing or recurrent mental illness which renders the inmate dangerous to self or others, or gravely disabled.

(d) If there is a special condition of parole requiring attendance at a parole outpatient clinic, interviews may be imposed upon the parolee. However, no medication will be administered by these clinics without the specific informed consent of the patient.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

[For related information see DOM Subsections 51080.3, 54050.33, and 54060.15.]

HISTORY:
1. Amendment of first paragraph and subsections (b) and (c) filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 1-3-95 order transmitted to OAL 6-12-95 and filed 7-25-95 (Register 95, No. 30).

**3364. Involuntary Medication.**

(a) If medication used in the treatment of mental disease, disorder or defect is administered in an emergency, as that term is defined in section 3351, such medication shall only be that which is required to treat the emergency condition and shall be provided in ways that are least restrictive of the personal liberty of the inmate. If it is determined that further administration of such medication involuntarily is necessary for a period of longer than 72 hours, the following provisions shall be followed:

(1) The administration of involuntary medication to inmates in excess of three days shall be in compliance with those procedures required in *Keyhea* v. *Rushen*, Solano County Superior Court No. C-81-3284 SAW (N.D. Cal.); Order Granting Plaintiffs' Motion for Clarification and Modification of Injunction and Permanent Injunction, filed October 31, 1986.

(2) The administration of involuntary medication to inmates in excess of ten days shall be in compliance with those procedures required in *Keyhea* v. *Rushen, supra.*

(3) The administration of involuntary medication to inmates in excess of 24 days shall be in compliance with those procedures required in *Keyhea* v. *Rushen, supra.* The judicial hearing for the authorization for the involuntary administration of psychotropic medication provided for in part III of *Keyhea* v. *Rushen, supra,* shall be conducted by an administrative law judge. The hearing may, at the direction of the director, be conducted at the facility where the inmate is located.

(b) Involuntary antipsychotic medication shall not normally be administered to an inmate in his or her housing unit. An inmate shall normally be transferred to the hospital, clinic, emergency room, or infirmary room at the institution prior to the administration of the medication. If a psychiatrist determines that the prior transfer of the inmate to such a setting would pose a greater risk to the inmate and staff than the risk involved to the inmate in receiving the medication in a nonmedical setting, the involuntary medication may be administered in the inmate's cell, provided that:

(1) Medical staff shall alert security staff, orally and in writing, of the fact that such medication has been administered, of the date and time of administration, of possible side-effects, if any, which could develop, and shall provide security staff with instructions for contacting medical staff immediately upon the development of any such side effects. On-call medical staff shall make periodic observations of the inmate and shall respond to any emergency request for medical aid.

(2) In all cases where it is both feasible and medically desirable, a fast-acting medication shall be utilized to facilitate the inmate's rapid transfer to a medical setting.

(3) The inmate shall be considered for transfer from his or her cell to a medical setting at least once a day after the injection by a staff psychiatrist, or if a psychiatrist is not available by a staff physician, for the effective duration of the medication. The staff psychiatrist or physician shall note his or her observations and decision in writing. The inmate shall be transferred to a medical setting no later than 72 hours after the injection if the effective duration of the drug administered exceeds that time period,

(c) Each institution's chief psychiatrist, or in his or her absence, chief medical officer, shall ensure that a log is maintained in which is recorded each occasion of involuntary treatment of any inmate. The log entries shall identify the inmate by name and number, and shall include the name of the ordering physician, the reason for medication, and the time and date of medication. In institutions with a designated psychiatric treatment unit, a separate log shall be maintained for recording involuntary treatment and medication administered to inmates in that unit. The log shall be reviewed by the institution's chief psychiatrist, or in his or her absence, the chief medical officer, at least monthly. Such logs shall be made available for review by the departmental medical director upon request.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2600 and 5054, Penal Code; *Whitaker* v. *Rushen, et al.,* USDC No. C-81-3284 SAW (N.D. Cal.); and *Keyhea* v. *Rushen,* Solano County Superior Court No. 67432, Order Granting Plaintiffs' Motion for Clarification and Modification of Injunction and Permanent Injunction, filed October 31, 1986.

[For related information see DOM Section 54060 and Subsection 51080.3.]

HISTORY:
1. Amendment filed 8-4-86; effective thirtieth day thereafter (Register 86, No. 32).
2. Repealer and new subsection (b) repealer of subsections (a)(1)–(3), amendment of subsection (f), new subsections (c)–(e), subsection relettering, and amendment of newly designated subsec-

Exhibit Y

DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

received 1-7-2005

Date:     DEC 24 2004

In re:    Wilson, K-66474
          California Medical Facility
          P.O. Box 2000
          Vacaville, CA 95696

IAB Case No.: 0403575

Local Log No.: RJD 04-1068

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:  It is the appellant's position that on October 20, 2003, Dr. Pascoe recommended that the appellant be granted single-cell status at the California State Prison, Solano (SOL) pending his transfer to another institution with an Enhanced Outpatient Program. Therefore, he requests to receive permanent single-cell status or individual psychotherapy two or three times per week or a transfer to Atascadero State Hospital.

II  SECOND LEVEL'S DECISION:  The reviewer found that the appellant was afforded an interview with the Chief Medical Officer (CMO) and his appeal was investigated. The reviewer learned that the CMO determined that the appellant does seem hypomanic and likely to be difficult to live with; however, elected to not re-affirm the SOL doctors recommendation based on clinical grounds. The appellant has chosen not to consider medication, which might be more effective in stabilizing his mood. The reviewer noted that in this case, the issue of a single-cell status remains a custody consideration rather than a clinical necessity. The appellant was advised that he has access to once or twice per week out-of-cell psychotherapy with his current case manager, and he should make a serious effort to work with him before any change of therapist would be arranged. The appellant's request for transfer to the Atascadero State Hospital was denied, in that there is no clinical justification for such a referral. The appeal was partially granted at the Second Level of Review (SLR), in that the one or two out-of-cell psychotherapy session per week will be arranged with his current case manager.

III DIRECTOR'S LEVEL DECISION:  Appeal is denied.

   A. FINDINGS:  The SLR response and decision are appropriate. The appellant was advised that there is no clinical basis to allow for permanent single-cell status. The appellant was advised that a medication change might be an effective measure to improve his emotional state. The appellant will receive out-of-cell psychotherapy with his current case manager. The appellant has provided no compelling documentation to warrant a modification of the SLR. Relief at the Director's Level of Review is not warranted.

   B. BASIS FOR THE DECISION:
   California Code of Regulations, Title 15, Section: 3001, 3005, 3270, 3350.1, 3354, 3375

   C. ORDER:  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, CMF
      Appeals Coordinator, CMF
      Appeals Coordinator, RJD

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.      Category
1. _C.MF_                  1. _05-M-720_     8 _Medical_
2.                         2.                 _Psych treaty_

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| WILSON, DAVID | K66474 | EOP | |

A. Describe Problem: Request "Single Cell Status" remain Temporary & Permanent or given individual one-on-one Psychotherapy 2 or 3 times weekly, which I was transferred RJ.D., on 12-23-03, for, see attached Exhibit's A, A(1), (G02), CSP-Solano describe problem; EX. B, letter Chief Psy., Solano, Ex, H(3), H(4), Abstract of Judgment, Ex, H(5), response Coleman Attorneys while EOP, CSP-Lancaster, Ex, H(6), said line for Single cell status, Ex's 1, 2, CMC-E, Ad-Seg placement for forced double cell living Psy. prob Ex, I, 1st Level Granted, Ex, J, Mod Order, Ex. J(1), J(2), 2nd Level Part Granted, Ex, X, G02, RJ.D. sent to 3rd Level 9-14-04, Ex, X(1), CQR# 3361, Ex, T, T(1), Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043 (9th cir 2002 here at Vacaville for problems like Mine, I request if not receive one-on-one individual psychotherapy 2 or 3 times weekly per CCR#33(1) Penl code § 5079, or sent to only Atascadero State Hospital per Pow Code § 2699(a) If you need more space, attach one additional sheet. C.C, Directors Review with appeal RJD-04-1068, No delays, extended appeal CCR#3384.6(b) time constraints.

B. Action Requested: Single Cell Status "remain" Temporary & Permanent, or given individual one-on-one Psychotherapy 2 or 3 times weekly, If not sent to Atascadero Hospital only," If not let any an all be held accountable to Courts & degredation of CCR#33(1)(b)(6), #33(1)(6)(b)(c), #3362, #3004(b), (c), DoM 54060) Penal code's §§ 1616, §2600, §2684, § 2964, §2970, §5023.(1), §5058.5 §5079, §6112; 8th Amend, Will seek damages for mental stress, Emotional Anguish Liability Obligations, Exemplary Detriment Future Detriment of individuals Official capacities, Exoneration of Ixc rights due to DEMONs's
Inmate/Parolee Signature: _David W. Wilson_    Date Submitted: _November 18, 2004_

C. INFORMAL LEVEL (Date Received: _3-25-05_)
Staff Response: MHSDS policy concerning single cell status in a 30 day chrono is in the hopes that inmate will become stable. MHSDS can provide twice weekly 1:1 contacts to discuss therapy concerns, to help inmate become stable and be able to cope with everyday challenges.

Staff Signature: _R. Gardner LCSW_    Date Returned to Inmate: _3-30-05_

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response. "Dissatisfied" Still request above B. section, for 30 day "Single Cell Status" as hereto attached Exhibit 3, of 11-24-04, Chrono does not remedy psychosis exacerbated by small cell space & cellmates who bring up DEMONS by moving if I'm asleep as explained Exhibit Z(2), Referral and Psy. Dr's as Exhibit's Z(3), Z(4) claim this is custody issues of consideration as attacked Exhibit Y, Third Level appeal, Which PCC May be arbitrary denying as granted Exhibit 4, of 3-2-05, Which denial of EOP programs dayroom, yard, Showers phone calls is causing & taustrophobia to which DEMON's surface more, request relief of: 4-3-2005
Signature: _David W. Wilson_    Date Submitted:

**INMATE APPEAL**

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
NOV 19 2004

504
CDC Appeal Number: _Dr K Henry CLt 2nd Level_

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

received 9-8-2005

Date:     SEP 0 6 2005

In re:    Wilson, K-66474
          California Medical Facility
          P.O. Box 2000
          Vacaville, CA 95696

          IAB Case No.: 0500666        Local Log No.: CMF 05-720

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Pearson, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that he requires a single cell, or individual psychotherapy two-to-three times weekly. The appellant states that he needs a single cell to "stop demons." Alternatively, the appellant requests to be placed at Atascadero State Hospital.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the appellant has been temporarily been single celled as clinically deemed necessary. On April 12, 2004 and again on May 19, 2005, the Interdisciplinary Treatment Team (IDTT) continued the appellant's single cell status. The appeal concerns an anticipated action or decision, (which has not occurred) which is cause for the rejection of the appeal.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.



**A.  FINDINGS:** The IDTT has determined that the appellant will be single celled until the appellant is deemed to be stable. It is inappropriate for the appellant to appeal an action that has not taken place (double-celling). The evidence presented provides that the appellant has access to medical services deemed appropriate by medical personnel.    California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness for inmates. It is not appropriate for the appellant to self-diagnose his medical/mental health problems and expect a physician to implement his recommended course of treatment. In this particular matter, the medical records and professional staff familiar with the appellant's medical history support the contention that the appellant is receiving adequate medical/mental health care.

**B.  BASIS FOR THE DECISION:**
CCR: 3084.1, 3084.3, 3350, 3354, 3360

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMF
       Health Care Manager, CMF
       Appeals Coordinator, CMF
       Medical Appeals Analyst, CMF

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

2. _____    2. _____    Housing Assignment
FOR 1 OCPCR ? /···

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| WILSON, DAVID W. | K-66474 | EOP | M-2-#207 |

**A. Describe Problem:** _____

See Attached    "A d d i t i o n a l    S h e e t"

*If you need more space, attach one additional sheet.*

**B. Action Requested:** Not be forced Double Cell Living unless Myself & Other I/M sign Cell Compatibility Form, & I receive -on-1 Psychotherapy with Clinician 2-3 times weekly, & 1-on-1 with Psy. Dr., Or sent Atascadero Hospital "only" & keep Legal Material, Typewriter & AM/FM C/D Cassette Player battery operated & 9 inch TV. If not let any an all be accountable to ___ urts for degradation of CCR #3360, #3361, #3362, #3004(b),(c); DOM 54060; Penal Codes §§ 1616, §2600, §2684, §2960, §2964, §970, §5023.(b), §5058.5, §5079; 8th Amend, & damages at individual & official capacities, at Liability, Obligation,Stress.

**Inmate/Parolee Signature:** _David W. Wilson_    **Date Submitted:** 1.9.2006

**C. INFORMAL LEVEL (Date Received:** 1·17·07 )

**Staff Response:** IT IS DEPARTMENTAL POLICY AND THEREFORE THE EXPECTATION THAT INMATES DOUBLE-CELL AND ACCEPT HOUSING ASSIGNMENTS AS DIRECTED BY STAFF, PER MEMORANDUM DATED APRIL 25, 2003. REQUESTS TO RECEIVE 1 ON 1 PSYCHOTHERAPY WITH CLINICIAN 2-3 TIMES WEEKLY SHALL BE DISCUSSED WITH CLINICIAN. YOUR REQUEST TO KEEP LEGAL MATERIAL AND PERSONAL PROPERTY SHALL BE DETERMINED BY INSTITUTIONAL POLICY & PROCEDURE.

**Staff Signature:** O. BRIDA    CORRECTIONAL SERGEANT    **Date Returned to Inmate:** 1 18 07

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

"Dissatisfied" the Departmental Policy is in error for ICC & Custody Staff are attempting to make themselves Psy. Specialist with mental Inmate's EOP's or Otherwise. As Memo 4-25-03, at Exhibit S7(B), contradicts:    Classification committee shall evaluate the clinical recommendations made by the clinician who participates in the committee and review the inmate's case factors when determining the housing assignment.] The I/M's Primary Clinician is not always at ICC. Also "I am not receiving proper 1 on 1 Psychotherapy Treatment for Psy. Tech. & other staff listen on "Confidential conversation," & not able to discuss mental psychosis & in state of mania not being able to double celled. Which my self & other I/M not signing "Cell Compatibility Form," makes staff liable. SEE Exhibit 22A, lines #14 - #19 deliberate indiffer

**Signature:** _David W. Wilson_    **Date Submitted:** January 18, 2007

**Note:** Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CMF
07

**CDC Appeal Number:**

_Arnold Am_
_Ind. Earl_

**First Level**  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Document 2624

Interviewed by: _____

Staff Signature: _____  Title: _____  Date Completed: _____

Division Head Approved: _____  Returned

Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

**Second Level**  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 1-22-07    Due Date: 3-6-07

☒ See Attached Letter 3/5/07

Signature: _____  Date Completed: 2-7-07

Warden/Superintendent Signature: _____  Date Returned to Inmate: 3-8-07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. **"Dissatisfied"** received Second Level Review 3-9-07, Exhibit's 30, 30(A), which at FINDINGS I. speaks ° ICC of 8-8-06, Yet I does not speak of ICC of 11-8-6, Chaired by A.W., CULLEN whom 'I filed Staff Complaint against for mial of Due Process. Therefore 'I attempted "Forced Double Cell Living which was denied by Unit Officer's & Supervisor' r arbitrary & caprice for retaliations to 602 appeals & Court actions based on racial & stereotyping as explained to en Warden in letter attached Exhibit 16, & Inspector General, Exhibit 18, Internal Affairs, Exhibit 19, U.S. Department ' Justice, Exhibit 20, F B I, Exhibit 21. Which on 12-11-06, 'I received CDC 115 Exhibit C(4), C(4)A, for allegelly fusing a cellmate, Yet I Questions for Witnesses were denied Exhibit's 3, 3(A), and 115 was dismissed in interest of stice. Which the Unit Sgt. Swan alleged CDC 115 for False Documents for receiving Restraing Order on "Single Cell Stat at was later dismissed. When after contacting 'New' Warden of this appeal Exhibit 23, the Warden Had meeting with me an ated 'I must attempt 'Forced Double Celling" 1-24-07, which 'I sent other I/M whom was willing to try Double Celling , Unit Captain, Fisher & Cell Compatibility Form. Which was not done & 'I contacted Warden again Exhibit 25, & sent For- r Compatibility, Exhibit 25(A), denied. Therefore on 3-7-07, two Inmate's were attempted 'Forced Double Celling which th I/M's refused for my Psy. History & 'Notoriety,' therefore 'I contacted Psy. Dr's & Newspapers, Exhibit's 26, 27, 28. Also See Affidavit I/M's Exhibit 11.

Signature: David H. Wilson    Date Submitted: 3-13-2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

**DIRECTOR'S ACTION:** ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

☒ See Attached Letter

Date: MAY 3 0 2007

CDC 602 (12/87) ·

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

received 6-5-2007

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   MAY 3 0 2007

In re:   Wilson, K-66474
California Medical Facility
P.O. Box 2000
Vacaville, CA  95696

IAB Case No.:  0611777          Local Log No.:  CMF  07-172

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Pearson, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he should be single celled unless he and the perspective cellmate sign a compatibility form, the appellant receives one-on-one psychotherapy at least two times each week, and he goes to the medication line with a psychiatrist to receive mental wellness, or that he be sent to Atascadero State Hospital (ASH). The appellant is requesting that the aforementioned action be accomplished.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's case factors were reviewed when the appellant appeared before Unit Classification Committee on August 8, 2006, at California Medical Facility (CMF). The initial classification committee determined that the appellant did not meet the criteria to be permanently designated for a single cell. However, due to psychological recommendations, the appellant was continued on temporary single cell status for 30 days to ease his transition into the general inmate population. That time has expired and the appellant is now deemed appropriate for double celling. The appellant's request for psychotherapy and a transfer to ASH has been addressed previously at the Director's Level of Review (DLR) and the request was denied. The appellant's mental health program and housing requirements are topics and determinations made by clinical staff rather than the appellant.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The appellant has not presented a persuasive argument in support of being permanently placed in a single cell. The Department endeavors to have inmates select their own cell mate, so as to maximize the inmates' compatibility and to reduce the possibility of violence. Despite the appellant's dissatisfaction with the requirement of receiving a cellmate, it is the expectation that inmate's in the general population will be double-celled unless a preclusionary factor exists. No such factor is currently apparent. No relief shall be afforded the appellant at the DLR.

Not FOP ✱→

**B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3270, 3350, 3354, 3360, 3375

**C.   ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CMF
        Appeals Coordinator, CMF

Exhibit UU22

C/O  S M I T H      Unit M-2

4-20-2007
7:30 a.m.

4   C/O Smith Sir! 'I come to you with a problem for $^I$ recently had a
5   cellmate moved into my cell on $^4$2-17-2007, a Mr. Turner, who is a
6   fine & decent individual. Yet! he has a psychosis that where he
7   talks to the mirror, and sometimes to people & angeles in the bed
8   which  can be loud at times, and disturbs me to the point where I
9   extremely paranoid to where "DEMONS" tell me to hurt my cellmate
    for I can get some sleep for my psychosis conflicts with Mr. Turners
10  I have approached my Psychiatrist, Psychologist who state this is
11  a Custody issue, and even approached Psy. Supervisor with this issue
12  who states he does not have time.  Therefore this document shows
13  the Court and other Officials why Relief must be Granted for 'I am
14  not receiving proper psychological treatment to discuss one-on-one
15  with Psy. Doctor's this issue and more.

16                        Please! H E L P resolve by moving Mr. Turner
17  with someone who has similar mental issues, or that can 'sleep' and
18  deal with their problems and his.  I cannot.

19                        Thank You

                                        David W. Wilson

22  David W. Wilson, K66474          AKA Purple Passion
    CMF, M-2-#207
23  P.O. Box 2000
    Vacaville, CA 95696

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No                    Category

1. _____    1. _____    _____

2. _____    2. _____

Ycu may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions. you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| DAVID W. WILSON | K-66474 | EOP | D1-#104 |

A. Describe Problem. _____

## SEE Additional Sheet Attached Page 1 of 2

u

If you need more space, attach one additional sheet.

B. Action Requested. **Not Double Celled any CDC prison** unless until given 1-on-1 Psychotherapy 2-3 Times weekly, & cell Compatibility Form & Other Outside Mental Help, or sent to ASH & Keep Legal Material, Radio/CD/Cassette, Battery Operated' TV, & prison funding cut until population at design capacities. If not let any al be held accountable to Courts for degradation of Title 15 #3360, #3361, #3362, #3004; DOM 54060; P.C. §§ 2600, §1616, §2684(a),(b), §2960, §2964, 2970, §5023.(b), §5058.5, §5079; 8th Amend, & Damages at Liability, Obligation, Detriment, at individual & official capacities.

Inmate/Parolee Signature: _David W. Wilson_    Date Submitted: 9-25-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number

_____

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536


September 25, 2007                    copy 1 of 4


To: Warden, Frederick B. Haws        (CSP-LAC)

Re: Request Intervention Of Jeopardy For Single Cell Status EOP Mental Condition & UCC Denying
    To Cause Harm, As In Appeal & Previous Given CSP-LAC D-116, 2003, Where Court Relief Was
    Sought & TX Where Single Cell Given 3 Prisons Since & Seeking District Court Action & Relief

Dear Warden, Haws **Sir!** I come to you seeking direct relief from D-Facility UCC, which denied
"Single Cell Status," therefore 'I request your intervention by attached 602 appeal with 34
documents in support for relief. Which 18 are from CSP-LAC previous 2003, where 'I had wrote
appeal that was denied by Appeals Coordinator and 'I exhausted state remedies to Calif. Supreme
Court, and was Single Cell Status when in D-Facility 2003. However being transferred i was
given "Single Cell Status" at three different prisons since leaving CSP-LAC, and filed appeals
at each institution.

        However having filed Staff Complaint on A.W., who then took 'Single Cell Status' & I
filed appeal at CMF & filed in U.S. Eastern District Court, & filed Temporary Restraining Order
for relief. To which I suffered retaliations & had forced cellmate who I alleged to threaten &
and was sent to CSP-LAC. The Eastern District Court ORDERED refile appeal for Cell Compatibility
Forms & sent to Atascadero Hospital for treatment 1-on-1, & to keep appliances.

        I filed this to U.S. Eastern District Court for "Single Cell Status" & until I/M population
reduction to design capacity, "NO" Mental Inmate's forced double cell living. As sent to the
Governor, twice, Inspector General 3 times, IAD 3 times, Secretary, Tilton twice, Senator's, &
Media.

        Warden, **Sir!** I bring   this to your attention for 'I am filing this to U.S. Central
District Court for there are about 360 EOP's and confrontations, altercations, incidents, &
death have happen due to **OVER-CROWDING** & I am in a state of mania & not receiving proper
Psychotherapy therefore I request attached appeal be responded to & not Screened & Rejected, for
this proves to Court no administrative remedies at CSP-LAC, & futile to use appeals, as required
by PLRA, Booth v. Churner, & denies as Ngo v. Woodford, to procedually bar & restraints.

        Also **Sir!** pursuant Title 15 #3361(b), 'I am requesting Other Outside Mental Health.

c.c. U.S.,C.D.Court;
        Senate Select Committee on Prison Funding & Construction for S.B. 900, 500 Man Bed CSP-LAC
                                                                           Halted/Stopped;

        Secretary, Tilton;
        Media

                                                              David W. Wilson

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

October 2, 2007                    copy 1 of 2

To: JAMES TILTON, Secretary  (CDCR)
                1515 "S" Street, P.O. Box 942883, Sacramento, CA 94283-0001

Re: Request Director's Review Appeal 9-25-07, Single Cell Status Denied By CSP-LAC UCC To Cause
    Harm Where State Court Remedies Exhausted 2003 & Appeals Coordinator & Warden Denied Relief
    Previous & Given Other Prisons Yet District Court Issue For Relief, Requesting Intervention

Secretary, TILTON 'I seek relief & intervention for "Single Cell Status" for CSP-LAC UCC denied
this in EOP program, & this is to cause harm to myself & other mentally impaired Inmate's.
**Sir!** I filed appeal for this to Warden in attached 37 documents, & have yet to received an
Assignment Notice pursuant DOM §54100.8; Inmate Shall receive Assignment Notice in five working
days. This is denied, as Title 15 #3084.5 Levels of Review & Disposition, & denies exhaustion
required by PLRA & Booth v. Churner, 532 U.S. 731, 123 S.Ct. 1819, 149 L.Ed. 2d (1933). Also
this is to procedually bar as Ngo v. Woodford.

    I request this appeal be given Director's Review for 'I will bring this to Central District
Court for relief has been denied before at CSP-LAC.

                        T H A N K    Y O U  for your Help! & intervention.

                                                David W. Wilson

**ROSEN, BIEN & GALVAN, LLP**    Exhibit H (16)

ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104

August 30, 2007

## CONFIDENTIAL - LEGAL MAIL

David W. Wilson, K-66474                        received  10-30-2007
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696

      Re:    *Coleman v. Schwarzenegger*
             Our File No. 489-3

Dear Mr. Wilson:

      This is in response to your letter undated, which we received on August 23, 2007. We are not able to respond to all letters individually. If we need more information from you, or if we have important information to give you, we will write back to you. **If not, this is the only response you will receive.** We are returning any original documents you may have sent to our office.

      You wrote about mental health care in the CDCR. We are sending this form letter response either because your letter was providing information only and does not require a personalized response, or because we are unable to take action at this time to address the concerns raised in your letter. Please refer to the Frequently Asked Questions (FAQ) handout that we previously sent you, since a wide range of mental health related topics are covered in that packet.

      We apologize for this impersonal response. We regret that this is the only way we are able to address the hundreds of letters that we receive from prisoners each week. Please know that we read and summarize every single letter that we receive from class members, whether or not we are able to send back a personal response. The information you provide about problems in the prisons is very useful in our efforts to improve the CDCR's mental health treatment programs. We encourage you to continue to inform us of any new problems with the CDCR's mental health treatment programs.

      Thank you for writing, and good luck.

                Sincerely,

                ROSEN, BIEN & GALVAN, LLP

                By: Ritika Aggarwal, Paralegal Clerk

LR:ra
Encl. CFAQ

E. Staffing: At the end of July, 2006 Judge Karlton issued an order requiring defendants to hire 553 new clinical staff members starting on September 1, 2006. These new clinical staff positions should improve mental health care in Administrative Segregation Units, in Reception Centers, and also improve mental health care in the CDCR in general

F. Access to DMH Inpatient Care: In 2005, after a long and thorough study conducted under the supervision of the court and the special master, CDCR issued a report finding that they do not have enough acute or intermediate inpatient beds to meet the need for such beds. The study of unmet need for inpatient care, which was written by the CDCR's own clinicians, found that there were signs in the review of CDCR mental health units "*of institutionalization of clinical staff with a culture of acceptance of, and a higher tolerance for, pathology and decompensated states that, outside of an institutional setting, would not be acceptable.*" The study found that the CDCR has a current shortfall of 400 inpatient beds, including 385 ICF beds, and 15 acute beds. Defendants are now facing renewed court action requiring them to develop a better long and short range plan to correct this problem. We are particularly interested in hearing from inmates who are not able to access intermediate inpatient care due to their custody issues.

G. Access to DMH Beds at Atascadero State Hospital: California's Department of Mental Health ("DMH") is currently experiencing a critical staffing shortage. Due to the staffing crisis, DMH has restricted CDCR inmates' access to intermediate and acute care beds at Atascadero State Hospital ("ASH"). We have been actively litigating this matter before Judge Karlton because access to these beds is critically important to the *Coleman* class. On June 28, 2007, Judge Karlton ordered defendants to implement significant pay raises for DMH clinicians (which should help alleviate the staffing crisis), and to file a plan by July 30, 2007 for making at least 125 intermediate care beds available for *Coleman* class members within sixty days. By November, 2007, defendants must file a plan for making 231 intermediate beds at ASH available to CDCR inmates. **If your letter to us raises concerns about this topic, we will include a copy of this Order along with our response to your letter**. We are hopeful that this Court Order will expedite the process of re-opening beds at ASH to *Coleman* class members.

H. Discrimination Against Mentally Ill Inmates: Plaintiffs' counsel and The Legal Aid Society – Employment Law Center recently filed a class action lawsuit called *Hecker v. CDCR* challenging the policies of the CDCR in not granting CCCMS and EOP inmates access to the full range of prison programs granted to general population inmates who do not participate in the MHSDS. This case does not seek damages for any inmate, but seeks broad changes in policies and other types of injunctive relief. This means that if we win this case, the court would order the CDCR to change its discriminatory practices, but would not award money to members of the plaintiff class. These types of cases are one of the main ways to change the treatment of people in prison. If you

Exhibit H (14)

$D1-104L$

recieved 10-31-2007

**State of California**                                    **Department of Corrections**
                                                                **CDC 128-G**

No. K-66474                    **NAME**: WILSON

*Comment*:    **LAC-IV (270) retention endorsed.  CS = 51.  Administrative Placement: PSY**

LIFE Prisoner Status is noted.  Next BPT hearing currently scheduled for 06/2028.  Inmate requires EOP level of MHSDS care.  CDC 128-C of 5-1-07 is noted.  Inmate is NCF per CDC 128-C2 of 11-19-02.  Violent history noted (VIO).  TB Code is 32.  CDC 812 is noted.  Confidential file is noted.    Requested institutions are currently closed to intake.

INMATE COPY
Mr. Pichler, CSR

**Date:  10/24/2007**              **Classification  - CSR ACTION**                    **LAC**

David W. Wilson, K66474
CSP-LAC, C1-#104
44750 60th St. West
Lancaster, CA 93536

October 31, 2007              c.c.


To: ROSEN, BIEN & GALVAN, LLP
                    P.O. Box 390, San Francisco, CA 94104


Dear Coleman Attorney's I have two Court case's requesting to be sent to "Atascadero Hospital" for 2-3 times weekly for 1-on-1 individual Psychotherapy. Which 'I am constantly being transferred from prison to prison for requesting this and single cell status due to severe mental impairment due to physical child abuse and leaving me with Post Traumatic Stress (Disorder) & diagnosed Schizophrenia & Paranoid. Also 'I was transferred to CSP-LAC in reprisa to Court actions, and was Level III I/M & CSP-LAC now has tried to send back & CSR states CMF-Vacaville & CMC-E closed for intake & I filed Restraining Order to not be transferred. I am request the Court "copy" of ORDER July 30, 2007, for CDCR making at least 125 intermediate care beds, available for Coleman class members within 60 days. By November 2007, defendants to file plan for making 231 intermediate beds at ASH.

                    T H A N K  Y O U  for any an all HELP!

                    David W. Wilson


Please! send copy of Courts ORDER concerning ASH; and Coleman class Inmates.


P.S. Also 'I am not receiving the type of Psychotherapy for mental wellness at CSP-LAC and request your Office contact CSP-LAC for treatment at ASH.

$Exhibit H (18)$

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | | NO ADA |

1824-602 #45 H.C.

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| DAVID W. WILSON | K-66474 | EOP | | D1-#104 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

**DESCRIPTION OF DISABILITY:**

Post Traumatic Stress (Disorder) diagnosed schizophrenia & paranoia **"Mental Impairment"**

from severe child abuse tied up at night to cause sleep deprivation due to psychiatric instability to react in assaultive manner when startled or in state of mania for protection causing constant psychosis.

**WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?**

Mental Hospital Commitments & attached documentation herein a problem.

**DESCRIBE THE PROBLEM:** Due to Psy. Disorder 'I have been requesting **"Single Cell"** or sent **"Atascadero Hospital"** for 1-on-1 Psychotherapy, Exhibit H, H(1), CSP-LAC previously & refused response by Psy. DR. & Screened/Barrded by Appeals Coordinator(s) & 'NO' response by Counselor or Warden, & filed in State Courts. Yet! GRANTED at CSP-SOL, Exhibit A, J(1)X J(2)X, & P.GRANTED R.J.D., Exhibit X, Y, Director's Review. Denied at CMF, Exhibit 1P, Exhibit 6 Director Yet! therapy no given & Exhibit 3, "Single Cell." Filed in Federal Court & reprisals by CMF Staff & after requested Psy. Help given & 'Not done' & given disciplinary's & placed in Ad-Seg for forced cellmate exacerbating psychosis & sleep deprivation. Judge ORDERED refile 602 as Exhibit SC. denied Director Exhibit 39. & filed Civil Suit as (4) pages Complaint No. 2:07-CV-0192-GEB-DAD attached. I was transferred to CSP-LAC after contacting Governor & other Officials & media for reprisal, conspiracy to transfer by raised points & CSP-LAC DCC corrects Exhibit H(1), & CSR Endorsed back to CMF Exhibit H(14), & Coleman sends ORDERS for I/M's sent letter Exhibit H(16), with "FACTS" Judge ORDER Exhibit H(16)5 for CDCR to send f/M's to ASH by 11-2007. I request Primary Clinician as Level III I/M to be sent to ASH, Exhibit H(17).

**WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?**

As Level III I/M request sent to "Atascadero Hospital" or "Napa Hospital" for 1-on-1 Psychotherapy & intermediate care

Psy. programs until request to come back to State prison, & allowed to keep Typewriter & Legal case's, Law Books in cell,

or access to up to 6 hours a day. And if sent to Level III prison request "Only" CMF. If not Senate Bill AB 900 for funding at CSP-LAC halted until compliance with Court ORDER 6-28-07, for CDCR I/M's sent to ASH, & SANCTIONS At Fed.Rule Civ. Procedure 37(b), under Coleman, & RESTRAINING ORDER Granted under WILSON V. TILTON, & COLEMAN case's. & MOTION FOR ENFORCEMENT.

INMATE/PAROLEE'S SIGNATURE

11-6-2007
DATE SIGNED

NOV 08 2007

David W. Wilson, K66474                                                Exhibit H (19)
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

November 8, 2007

To: MICHAEL W. BIEN, Rosen, Bien & Galvan, LLP
                  Attorney at Law, P.O. Box 390, San Francisco, CA 94104-390

Re: Request Intervention For Transfer To Atascadero For Court Order 6-28-07 & My Being Level III
    Coleman Inmate & Appeal & ADA Complaint Denied Response From Warden, Secretary For Single
    Cell Or Sent To ASH As Previously Filed & Seeking Court Sanctions & Enforcement & TRO

Dear Mr. Bien **Sir!** 'I request your direct intervention for transfer to Atascadero State Hospital
for intermediate care for mental psychosis, which in attached ADA Complaint recently filed 'I
attached six (6) appeals and copy of "FACTS" for Coleman Class sent by your Office for
defendants to execute 125 beds for this purpose by 7-30-07, and Plans for 231 beds by 11-2007.

    Mr. Bien 'I have tried to file prison appeal here at CSP-LAC previously and was denied by
Appeals Coordinator(s), and Psy. Dr., and Warden & Counselor who failed to respond.  To which I
was transferred to several CDCR prisons for requesting Single Cell or sent to "ASH" for
individual 1-on-1 Psychotherapy.  Which CDCR, CSP-LAC & other prisons do not give this type of
mental health treatment, and for requesting this and modification of programs I have suffered
reprisals and constant transferrs.

**Sir!** since being placed at CSP-LAC 'I have filed appeal for this to Warden, Haws, & Secretary,
Tilton, and received 'NO' response, and in attached "Letters" Exhibit's SC(3), SC(4), of
October 2007, and wrote your Office in attached "Letter" of 10-31-07, for Court ORDER for DMH &
ASH.  Therefore 'I filed the hereto attached ADA Complaint with appeals for relief or sent to
ASH, on 11-6-07.  Which all appeals are denied or screened for reasons not relating to appeals
process to procedually bar and put restraints on appeals.

        I am requesting as Level III Inmate having been placed for transfer back to CMF or CMC-E
and denied for claimed closed for intake.  Therefore my Primary Clinician stated he would
recommend ASH, **Yet!** CSP-LAC does not want to comply with Court ORDERS of 6-28-07, for DMH & ASH
Therefore 'I am requesting Coleman Attorney's file SANCTIONS, and MOTION FOR ENFORCEMENT, and
for RESTRAINING ORDER/PRELIMINARY INJUNCTION on my behalf.  If not 'I have no recourse but to
file this on my own behalf, for mental health treatment and relief.

                        T H A N K    Y O U   for any an all Help

                                            David W. Wilson

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

November 14, 2007

To: Governor, ARNOLD SCHWARZENEGGER
                State Capitol, Fl. 1, Sacramento, CA 95814

Re: Request CSP-LAC & CDCR Bill SB/AB 900 Stopped For 10% State Budget Cuts & CDCR Not Complying
    Court Order Coleman S-90-0520-LKK-JFM, To Send 125 Inmates To Atascadero By 7-30-07, & My
    Meeting Requirements & Filed 7 Prison Appeals Single Cell Or Transfer For Mental Treatment

Dear Governor, SCHWARZENNEGER **Sir!** 'I come to you with request to cut Prison Funding for Senate/
Assembly Bill SB/AB 900, which is to provide 'Funding' for prison construction Prison Dorms/
Bedding that include California State Prison Los Angeles County (CSP-LAC) for 500 Man Dorm.
This should not be "Funded" for the following reasons:

    In your recent address 11-5-2007, it was revealed the State is OVER-BUDGET and You requested
all State Agencies to cut their Budgets by ten percent (10%), which would include CDCR, which has
been  OVER-BUDGET for the last 8 years.  Also **Sir!** 'I wrote You 5-8-07, in attached letter to
investigate Warden, HUBBARD at California Medical Facility & Demotion for Conspiracy to cover
'Harassment' By Sgt. taking property & placing in segregation "For Mental Prisoner's **Forced
Double Celling"** & Warden denied Due Process At Hearing. Which the Inspector General responded in
attached letter to contact other agencies.  Which I did & Secretary, Tilton of issue.
I wrote You in attached letter 7-27-07, & Senator's S.KUEHL & M.MACHADO "For Inquiry & Prison
Funding Construction **STOPPED** For Deaths, Injuries, Confrontations "Forced Double Celling" Mental
Prisoners & Conspiracy Harassment & Taking Property & Placing In Segregation To Deny Due Process
& Transfer For Court Motion, Appeals "Double Celling."

        Governor, 'I was transferred from CMF to CSP-LAC, and was excepted in Enhanced Out Patient
(EOP) program, 9-14-07, & filed attached prison appeal 9-25-07, **"Not Double Celled any CDC prison
until 1-on-1 Psychotherapy 2-3 Times weekly, & cell compatibility Form & Outside Mental Help, or
sent to Atascadero, & prison funding cut until population at design capacities,** Exhibit SC, sent
to Warden, HAWS, Exhibit SC(3), and receiving 'NO' response 'I sent copy to Secretary, TILTON,
Exhibit SC(4) for relief, 'NO' response.

        I was placed for transfer 10-17-07, by CSP-LAC Classification  back to CMF-Vacaville for
**"Errors"** was found, which was "Conspiracy" spoken for in other letters. **Sir!** 'I then received
letter form Coleman Attorney's Exhibit H(16), with **"FACTS"** Exhibit H(16)5, stating: Judge, Karlton
ORDERED 6-28-07, 125 Bed made available by 60 days form 7-30-07, & plans for 231 Inmates by
November 2007, for inmates to go to Atascadero.  I am a Level III minimum Security & filed ADA
Complaint for transfer to Atascadero 11-6-07, attached for mental treatment due to PTS (Disorder),
and wrote Coleman Attorney for SANCTIONS for CDC non-compliance to Court ORDER. This is why 'I
request Budget Cuts at SB/AB 900 for CDCR not complying & denying Mental Treatment.

                Thank You for any an all Relief.

                                                    David W. Wilson

Food Manager the food conditions in #2 building is a atrocious problem and #1 building is deplorable all most as bad, these health food issues are contrary to minimum civilized standards of decency.

I am forwarding coppies of this letter to Health & Welfare Agency and Department of Health Services, B-Facility Captain, M.P. Monteiro, Warden, Ernie Roe, ~~Director Corrections Edward S. Alameda, Jr.,~~ and if no relief for Hazadous food conditions, I will file in Federal Court for 8th amendment violations with civil Rights for 90% percent of #2 building is Black Prisoners who are discriminated against by seperation of race for the above spoken degrudations including hazadous food conditions, of which penal code § 2084 is violated.

For the deliberate indifference to prison health problems extends to conditions that threaten to cause health problems, see Helling V. McKinney 113 S. Ct. 2475 (1993), some conditions of prison confinement may establish 8th amendment violation in combination when each would not do so alone, but only when they have mutually enforcing effect that produces deprivation of single, identifiable human need such as food, warmth or exercise, see Wilson V. Seiter 111 s. Ct. 2321 (1991), cost or incovenience of providing adequate facilities is not defense to imposition of Cruel punishment Spain V. Procunier 600 Fed 189 (1979), prison officals may be held liable under 8th amendment for denying humane conditions of confinement if they know that inmates face substantied risk of serious harm and disreguard that risk by failing to take reasonable measures to abate it, Farmer V Brennan 114 s. ct. 1970 (1994)

Food Manager "I am attaching 602 Inmate Appeal with this letter of request, action, help, in hope you will rectify, amend within the mandatory substantive predicate time constraints of CCR # 3084.6 (b) (1)  10 working days informal level response for 1. thru 9. front side.

Thank You

David W. Wilson K66474
Cell B2 # 250

David W. Wilson, K66474
CMF-North Medical Facility, M-3-315
P.o. Box 2000
Vacaville, CA 95696

July 27, 2007

To: Governor, Arnold Schwarzenegger
State Capitol, Fl. 1, Sacramento, CA 95814

Re: Request Inquiry & Prison Funding Construction STOPPED For Death, Injuries, Confrontations
"Forced Double Celling, Mental Prisoners & Conspiracy Harassment & Taking Property & Placing,
Appellant In Segregation To Deny Due Process & Transfer For Court Motion, Appeals "Double Celling"

I request, beseech your Office inquire into "Forced Double cell Living" of CDCR 5,000 (EOPs)
Enhanced Out Patients Without any type of "Compatibility Form" & to STOP Prison Funding &
Construction until CDCR reduces its population to Court ORDERED prison Over capacity
175,000, to 100,000, of Plata, c-01-1351-TEH, ORDER 1-2007, for following reasons:

1) I having previously filed Civil Suit "not" Forced Double Celling sent Restraining Order to Court,
Attorney General, CDCR Secretary, CMF Warden, HUBBARD, & Unit Lieutenant's, Sergeant's BRIM & SWAN,
Which Sgt. SWAN threatens With Segregation & writes disciplinary that's "DISMISSED" in reprisal, see
Questions Exhibit 5 (1), The Court ORDERS refile prison appeal for issue "Compatibility Forms" & to
Keep Appliances if sent Atascadero Hospital. I refiled & contact Gov't agencies, Media.

2) Sgt. SWAN continues threats & Takes TV illegally & I filed COMPLAINT Exhibit 5(4), (4)a, to prison,
CDCR Secretary Exhibit 5(6)a, & IAB, response 5(11) to Warden & later PARTIALLY GRANTED 5(12),(12)b,
Also Sent A.W., 5(6) for Radio appeal 5(7), (7)a, later P. GRANTED, Exhibit 5(4), request Sgt. SWAN
not do 114-D, Lock-up process.

3) I receive Forced Cellmate Who states Was "Single cell" before paroling (1) day for Inmate rape & attempt
Nurse, Yet! yells all night & Psy, Staff tell see Custody & I Write letter to C/o for HELP, Exhibit
UU22. Sgt. SWAN gets 2 days later & Writes 114-D, Exhibit D (1), reprisal to 5(4), & Captain at D(4)
States in Box □ ≡ DECLINE I.E. N/A, Yet! Exhibit D(5), D(4), to 114-D, I.E, prove False" & D(5),
D(6), Title 15, conspiracy for Warden, HUBBARD denied Witness at Committee, Exhibit D(1), 5-2-07.

4) I filed appeal on Committee actions, later denied & filed Request For ADMISSION under Mata & Coleman "EOP
Courts for Restraining Order's 5-7-07, Originally filed 4-11-07, & sent Copy COMPLAINT Warden, HUBBARD
Exhibit's S,H, (1), Screened Out S,H,(3), & I complied at S,H,(5), received back STAMPED DUPLICATE
Other appeals of Segregation was released & Court issues, signed by X-Appeals Coordinator & Deputy
Warden Exhibit S,H,(6), to barr CMPLAINT, Cover for Warden. I sent "Format" letter to Governor, CDCR
HUBBARD, Sgt. SWAN & above documents, Which IAB responds at S,H,(7), to A.W., Who states
Appeals Coordinator assigned but She A.W, Mandeville it's not meeting Critiria, & Inspector
General later responds for Governor Exhibit 42, use appeals, contact Other Agencies, & Exhibit
42(A), pursue remedies. I sent "Format" Exhibit 43 (a), to Inspector General, CDCR Secretary,
Internal Affairs (IAB); Ombudsman, Hurdles & explained: as response IAB, Exhibit 43 (a)2, No Help,

5) I filed COMPLAINT on Sgt. DeMars Exhibit 6.D. (11), (11)a, later P. GRANTED Exhibit 6.D. (11)d,
People v. Superior Court (Hamilton) Cal. App. 1991, Which I Was found Guilty 115, denied Witnesses & State-
ments & filed Prison appeal for I was given enemies & placed for transfer. Yet! Sgt. DeMars 115
is illegal. SEE Exhibit 6.D.(11)d, as Reviewer see Exhibit 6.D.(11)e, from Appeals, for at Committee 7-18-07, She
with held 6.D.(11)d, Administrative Bulletin AB 05-03, Which Deputy Warden, Mandeville
Stated transfer Was for enemy also, Yet! When given new 114-b, Lock-up orders I Wrote Questions
Was denied at Exhibit D(5), But this time Withers response given Exhibit's C=(6),(6)A,(6)B, state
Not "enemy" & a Inmate gives Affidavit that administration is trying to make enemies & not true.

6) I am suffering reprisals for Court motion, prison appeals & Director's Review 6-5-07, Where double celled
unless Preclusionary factor exists in general population, I am EOP "not" general population. Review
39 Director's Review. For as Inmate Hackett explained 3-16-07, 'before he Was Killed" at CMF by
administration 4-1-07, in his appeal Exhibit X1, X2, X14, of Double Celling, at X2, line #27
if it Was a WHITE INMAE This situation Would HAVE BEEN DEALT Which, Exhibit's BH, BH(1), BH(2),
Civil Court case attached WILSON v. TILTON, CV-01112-SEB-DAD, filed 6-15-07, shows & above, Exhibit
Affidavits show Hacketts DEATH failure to respond in Segregation,

7) As a result of "No" cell Compatibility Forms as Affidavit Exhibit 11, Mentally impaired Inmate's
are having Guards & Administrators use "Forced Double Celling" as reprisals, for fights, confrontations
Death, Suicide, & claim disciplinary & Psy. Problems to segregate for more suicides Death & Use
Conspiracy, illegal Hearing to deny DUE PROCESS and college Enemies as Exhibit KS(2), Smith, yell
Mate attacks to remove from cell, or Exhibit WM, Williams refuse bobble called for Voices to fight,
    I Request Inquiry & Prison Funding Construction STOPPED for above.
              Thank You    David W. Wilson

CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536

November 14, 2007

To: SENATOR, TODD SPITZER,      "Select Committee on Prison Construction and Operations"
                State Capitol, Sacramento, CA 95814, **Attn:** Room  5126

Re: Request Bill SB 900 **STOPPED** For 10 % Budget Cuts & CDCR Not Complying Court ORDER Coleman
S-90-0520-LKK-JFM, To Send 125 Inmates To Atascadero By 9-30-07, Decreasing Population & My
Meeting Requirements & Filed 7 Prison Appeals, Court, Governor, Agencies For Mental Help

Dear Senator, 'I request your intervention to **'STOP'** "Funding" for Bill SB 900 providing funds
for construction for bed space, which include California State Prison Los Angeles County (CSP-
LAC) for 500 Man Dormitory for the following reasons:

**(1)** Due to **OVER-CROWDING** the 4,100 Enhanced Out Patients (EOP's) mentally impaired are being
"Forced Double Cell Living" causing confrontations, fights, 'death,' due to mental
psychosis of some severly decompensated EOP's who "Do Not" sign No type of "Compatibility
From" for liability, which is being allowed by CDCR Administrator's for not having no way to
relieve OVER-CROWDING, any many times Guards use as caprice punishment to certain EOP's.  -
**(2)** I having filed 7 prison appeals for relief from this due to PTS (Disorder) & to receive 1-on-
1 Psychotherapy or sent to Atascadero Hospital (ASH) for this type of treatment, for CDCR does
not offer at 'NO' prisons, and having filed prison appeals & Court actions 'I have suffered
reprisals to be transferred from prison to prison, and received 'NO' Help!.

**(3)** I contacted the Governor of this 5-8-07, attached Exhibit 4, & CDCR & Gov't Officials, which
the Inspector General responded Exhibit 42, & 'I contacted CDCR Officials again, & sent to
Senator's KUEL & MACHADO letters of 7-27-07, "Prison Funding Construction **STOPPED** to relieve the
above & Conspiracy, Harassment & Taking Property & Placing In Segregation To Deny Due Process &
Transfer For Court Motions & Appeals **"Double Celling."**

**(4)** I was transferred from California Medical Facility (CMF), 8-29-07, to California State Prison
Los Angeles County (CSP-LAC), & excepted in the EOP program 9-14-07, & filed attached appeal
Exhibit SC, "Not Double Celled any CDCR prison until 1-on-1 Psychotherapy 2-3 Times weekly &
cell Compatibility Form & Outside Mental Help, or **sent to Atascadero** & **prison funding cut until**
**population at design capacities,** Exhibit SC, sent to CSP-LAC Warden, Exhibit SC(3), received 'NO'
response, therefore sent copy to CDCR Secretary, TILTON, Exhibit SC(4), 'NO' response.
**(5)** I was placed for transfer 10-17-07, by CSP-LAC Classification back to CMF for **"Errors"** was
found, which was "Conspiracy" spoken for to Governor in letters herein, I received letter from
Coleman Attorney's Exhibit H(16), with **"FACTS"** Exhibit H(16)5, stating: Judge, Karlton ORDERED
6-28-07, 125 Beds made available in 60 days from 7-30-07, & plans for 231 Inmates by November
2007, available to Coleman Class members, sent to Atascadero.
**(6)** On 11-6-07, I filed ADA Complaint attached for transfer to Atascadero pursuant Court ORDERS
for I am Level III minimum Security Inmate & CSP-LAC is Level IV, for transfer to CMF denied for
claimed closed for intake, therefore I sent attached Coleman Attorney to file for relief &
SANCTIONS FOR CDCR to comply with Courts ORDERS, for my inclusive to ASH transfer.
**(7)** The Governor ORDERED all State Agencies to cut their Budgets by 10% 11-5-07, including CDCR,
therefore Bill SB 900 should be "STOPPED" and non-compliance to Court ORDERS.

                          T H A N K   Y O U   for any an all Help by contacting CSP-LAC

Warden, HAWS, or Secretary, TILTON.              Respectfully requested
                                                 David W. Wilson

# "AFFIDAVIT OF STATEMENT"

THE FOLLOWING MEN, CONVICT'S, INMATE'S, STATE AS TRUE & CORRECT UNDER PENALTY OF PERJURY THAT CSP-LAC IS "DISCRIMINATING" AGAINST EOP'S BY DENYING *"JOB'S & PAY" WHERE 'CULINARY COOKS' ARE RECEPTION I/M'S CAUSING FOOD TO NOT BE "HEATED" CAUSING SICKNESS/HEALTH HAZARD & SHORTAGES IN LUNCHES   ITEMS MISSING & REQUEST "JOBS & PAY" IN 'LAUNDRY' TORN & DAMAGED. 'CANTEEN WORKERS' & PAY, 'FULL YARD CREW' & PAY, 'RELIGIOUS CLERKS' 'CUSTODY CLERKS' 'PLUMBERS'& BARBERS' & PAY 'UNIT PORTERS' 3 EACH 2 SHIFTS & PAY 'UNIT FOODS SERVERS' & PAY EQUAL TO NON-EOP'S A-FACILITY 'LAW LIBRARY CLERKS' & PAY INCLUDING BLACK WORKERS & ALL *"JOBS & PAY" WHERE WE CAN FUNCTION INCLUDING SPECIAL PURCHASE CLERK ANY AN ALL JOBS ARE DENIED WITH $$$$ PAY $$$$

| PRINTED NAME | CDC # | CELL # | DATE | SIGNATURE |
|---|---|---|---|---|
| John HEARON | F41685 | 32121 | 11-16-07 | John Hearon |
| AAREN JEHN Sull | E08573 | 1021/9 | 11-6-07 | |
| David Reeves | F-62155 | 215 | 11-6-07 | |
| DALE CK470K IV | 73550 | 278 | 11-6-07 | |
| WILLIE Alexa | K74479 | D1#544 | 11-16-07 | |
| JGRERI SMITH | V-74116 | 62-1711 | 11-16-37 | |
| | | | | |
| | F26503 | D1-157 | 11-16-07 | |
| Le Claire | 61261 | D1-217 | 1-16-07 | |
| | V4590 | D1-121 | 1-16-07 | |
| | T-402 | D1-220 | 11-16-07 | |
| DARIO MOORE | K-33319 | D-2 186 | 11-16-07 | Dauio Moore |
| Broks Eric | K23687 | D1-215 | 11-1610 | |
| CATORO C. | V91504 | D1-213 | 11-16-07 | |
| | F30617 | D1 237 | 11-16-07 | |
| Tony Wells | 5481206 | D1 146 | 11-16-07 | Troi Wells |
| | J-92758 | D1112 | 11-16-07 | |
| DUCKETT OTIS | C-42943 | D-1 2746 | 11-16-07 | Duckett Otis |
| Rezo OLIVARDO | Z44481 | D2 217 | 11-16-07 | |
| Pena Labrado | J-25594 | D2 118 | 11-16-07 | Labrado Pena |
| Dennis HARRIS | F92174 | D1 1914 | 11-16-07 | Dennis Harris |
| Reginald Manning | J-5892 | D2-210 | 11-16-07 | |
| Robert G. Gonzales | V-11122 | D2-205 | 11-16-07 | |
| Kevin W. Williams | V-7895 | D1-186 | 11-16-07 | |
| | H40915 | D-1-213 | 11-16-07 | |
| WALTER Olgman | K-09917 | D-2-122 | 11-16-07 | |
| William Ikey | +30656 | D1-135 | 11-16-07 | |
| | J-45270 | D2 104 | 11-16-07 | |
| Manuel R. Godines | F-55466 | D-2-131V | 11-16-07 | Manuel R. Godines |
| | J-7779 | D1-113 | 11-16-07 | |
| Albert Deinent | C-52948 | D1-114 | 11-16-07 | |
| EARL E. LAWC | H-45337 | D-2-9334 | 11-16-07 | Earl E. Laul |
| | -8606 | D1 144 | 11-16-07 | |
| | F-6114 | D1-129 | 11-16-07 | |
| | JC-96 | D2-5 | 11-16-07 | RAYMOND LEW |
| | | | | |
| | | | | |
| | Dev | D-2-32 | | |
| | | b1 111 | | |
| JKKim Robertson | C-610 | D-1-632 | 11-17-07 | |
| | F212 | D-1-134 | | |
| | 240 | | | |
| | | | | |
| | 23 | D1-254 | 11/9 | |
| | | | | |

Exhibit DW

## "AFFIDAVIT OF STATEMENT"

THE FOLLOWING MEN, CONVICT'S, INMATE'S STATE AS TRUE & CORRECT UNDER PENALTY OF PERJURY CSP-LAC IS "DISCRIMINATING" AGAINST EOP'S BY A, B, C, PHASE THAT ALLOWS NIGHT PROGRAM & PHONE CALLS TO UNIT WORKERS & DENIES NON-WORKERS, & THAT FOOD SERVERS SHORT OUR RATIONS TO KEEP & SELL TO NON-WORKERS & THESE C-PHASE WORKERS ARE ALLOWED 2 & 3 JOBS AS PORTERS/FOOD SERVERS OR RECREATION CLERKS/FOOD SERVERS/PORTERS OR UNIT CLERKS/PROGRAM CLERKS/PORTERS OR PORTERS/FOOD SERVERS/MENTAL HEALTH BUILDING PORTERS OR YARD WORKERS/PORTERS/FOOD SERVERS OR BARBERS/FOOD SERVERS/LIBRARY WORKERS & FAVORITISM IS SHOWN TO THESE WORKERS BY C/O'S & PSY STAFF & WE REQUEST EQUAL PARTICIPATION & EQUAL RIGHTS OF FOURTEENTH AMENDMENT & A, B, C, PHASE BE ABOLISHED & CURRENT WORKERS BE REMOVED FROM POSITIONS FOR 1 YEAR & EOP'S WORK "ONLY" 1 JOB

| PRINTED NAME | CDC# | CELL# | DATE | SIGNATURE |
|---|---|---|---|---|
| DAVID W. WILSON | K66474 | D 1 - 104 | 11-29-07 | David W. Wilson |
| MACE WEST JR | F66020 | D1-112 | 11-29-07 | M W TP |
| Tcm HARRIS | F41685 | D2-121 | 11-30-07 | Ccm Harris |
| Michaie Denroy | F01269 | D 1-207 | 11-29-07 | McKenzie Denroy |
| DEMENT MARTIN | C 57948 | D - 1 - 111 | 11-29-09 | Martin Dement |
| Shawn Cassoo | N 0077 | D-1 105 | 11-29-07 | |
| | | D-1-149 | 11-30-07 | |
| | | | | |
| | | D 1 120 | | |
| CARRAWAY | F-6199 | D-1-129 | 11-30-07 | |
| | | | 12-1-07 | |
| | 47181 | D2-120 | 12-1-07 | |
| BARNER, REGINALD | K52600 | D 1 23B | 11-22-07 | |
| AARON JOHNSON | C03573 | D-1-219 | 11-29-07 | Aaron Johnson |
| BENTON | F2650 | D-137 | 11-29-07 | Benton |
| | E10166 | | 11-29-1 | |
| Gardner | F-12277 | D2-127 | 11-30-07 | anthony Gardner |
| Daniel Rudy | F-55466 | D-2-131 | 11-30-07 | Manuel L. Lodins |
| Bryant Kirk Peterson | F-64622 | D-1-103 | 11-30-07 | |
| Mitchell | | D-115 | 11-30-07 | |
| R Bell | J-87007 | 106 | 11-30-07 | Rovers Bell |
| Robin Say | C-09701 | D-1-120 | 11-30-07 | |
| Moxley Sagon | V66277 | D1-233 | 11-30-07 | |
| | F-21082 | D-1-136 | 11-01-07 | |
| Dennis Harris | 52174 | D-131 | 11-01-07 | Dennis Harris |
| Davis R | P 50 | D1-151 | 12-1-07 | |
| Se Clair, John | 16261 | D1-211 | 12-1-07 | |
| Michael Sims | D8262 | U1-204 | 12-3-07 | Michael Sims |
| Keith R. Austin | V-35290 | A A-215 | 12-4-07 | Keith R Austin |
| Eric Bruks | K 23697 | A-4 215 | 12-4-07 | Erick Bruks |

CSP-LAC EOP's Stare As True & Correct Under Penalty Of Perjury That We Are Under State Of Siege & Terrorism To Target African Americans Mainly & Others For Assaults & Excessive Force Unprovoke When Not Resisting While Down & Handcuffed Which Is Done & Claimed Resisting/Concocted Reasons By Young Mexican Guards & Few White For Sgt. Supervisors EOP Units Are Mexicans & All Mexican Guards Evening Watch & Mostly Morning Watch 5 Days A Week & Counselor's Are None Africian & Ther Are No African Social Workers & Psychologist & There Is Over-Flow Of Racial Tension From L.A. & Guards Use Job Any Reason As None Compliance To Pepper Spray & Assaults As Gangs & Many EOP's Do Not Go To Medication/Yard For This Reason & We Request All Mexican Staff Removed & Any All Guard With Records Assaults/Abuse Removed & Given Racial Diversity With African American Counselor's & Sergeant's, Social Workers, Psychologist & A Investigation Into Prevalence Of Hostile Animosity Toward EOP's By Staff & Demand Relief Before More Fractured/Broken Bones By Mexican Guards Seen

| Print Name | CDC # | Cell# | Date | Signature |
|---|---|---|---|---|
| DAVID W. WILSON | K-66474 | D1 - 104 | 12-8-07 | David N. Wilson |
| MACK WEST JR | F60029 | DM118 | 12-8-07 | MW JR |
| AARON JOHNSON | E08573 | D2-219 | 12-8-07 | Aaron Johnson |
| Odom David | H40915 | D-1-149 | 12-8-07 | David Odom |
| R manning | D-55926 | D-2-210 | 128007 | Reginald manning |
| M SNOKE | D-60252 | D129 | 12800 | |
| V3370K | D-2 1052 | VB3406 | 13-8-07 | Musge Gredez |
| CARRAWAY | F-61994 | 129 Low | 12-8-07 | |
| HMMS | E17166 | D | 12-8-07 | William K Thomas |
| TRAVIS WELLS | T-61206 | 0-1 146 | 12-8-07 | Travis Wells |
| Howze, Johnny | P-47981 | D2-120 | 12-8-07 | J. 2. Howze |
| James ANDERSON | E-17004 | D-1-1466 | 12-8-07 | James E Anderson |
| Kevin Williams | V-2254 | D-126 | 12-8-07 | Kevin Williams |
| WARREN | J-14844 | 92-232 | 12-8-07 | Warren |
| Brooks, Eric | K-23697 | D1-215 | 12-8-07 | Eric V. hur |
| Rogers Micha | F30517 | D1-237 | 12/8/07 | Micral Rev |
| David Miller | K53219 | D-7/26 | 12-7-07 | David Miller |
| Dennis Harris | F52194 | D-131 | 12.8.07 | Dennis Harris |
| Marie | K-52867 | D2 2230 | 12-8-07 | Clifford Marie |
| Seymour | K-09917 | D2 122 | 12-8-07 | Seymour |
| THOMAS | T-28353 | D-2 125 | 12-8-07 | Thomas |
| Benton | F-21563 | D-1 | 12-8-07 | Benton |
| HARRIS C | F61703 | D1-121 | 12-8-07 | |
| Williams | T-30656 | D1-131 | 12-8-07 | Rey Williams |
| Bell R | J-87607 | D1-106 | 12-8-07 | Robert Bell |
| K Hinson | V-64701 | D-1-120 | 12-9-07 | |
| Sims M | J82508 | D1-204 | 12-9-07 | Michael Sims |
| Austin K | V-35296 | D1-215 | 12-9-07 | Keith R. Austin |
| KEEV Orlando | E44431 | D2 213 | 12 10-07 | John Keev |
| Kevin Roucham | J 76647 | D2 - 150 | 12-10-07 | Kevin Roucham |
| Williams David | T-02092 | D-2-208 | 12-10-07 | David Williams |

Case 2:90-cv-00520-KJM-SCR   Document 2624   Filed 12/20/07   Page 61 of 62   Exhibit JF(5)

# "A F F I D A V I T" OF STATEMENT

THE FOLLOWING INMATE'S STATE AS TRUE & CORRECT UNDER PENALTY OF PERJURY BOP'S & D-FACILITY ARE
DENIED RENEWED CHRONO'S & PROPER DIAGNOSIS & PROGNOSIS BY Dr. J.FITTER TO CAUSE PAIN & SUFFERING
WITH HIS DISRESPECTFUL MANNER TO MEDICAL TREATMENT & REQUEST HE BE REMOVED FROM D-FACILITY & NOT
HAVE CONTACT WITH INMATE'S & INVESTIGATION REVOKING MEDICAL LICENSE & THAT THIS APPLIES TO CHIEF
MEDICAL OFFICER T.BZOSKIE & HEALTH CARE MANAGER BELAVICH FOR VIOLATIONS OF PLATA SETTLEMENT
SEEN IN 14 DAYS & CONTINUOUS QUALITY MONITORING TITLE 15 #3350 PROVISIONS OF MEDICAL CARE &
DEFINITIONS #3350.1 MEDICAL TREATMENT/SERVICE EXCLUSIONS & NURSES'S AS J.GOCKE DENIED TREATMENT
& NOT RECEIVE RETIREMENT & PENSION BENEFITS IF GUILTY CRUEL PUNISHMENT DELIBERATE INDIFFERENCE

| Printed Name | CDC# | Cell# | Date | Signature | Medical "Issue" |
|---|---|---|---|---|---|
| CHRISTOPHER REYES | T-48760 | D-1-220 | 12-2-07 | | Chronic Pain Eye |
| LOPEZ Enrique | T59394 | D1-220 | 12-2-07 | Enrique Lopez | Broke Arm |
| MACK WEST JR | F60024 | D1-118 | 12-2-07 | M WJR | Flat Feet Chrono |
| LeClaire John | T-61261 | D1-218 | 12-2-07 | | Soft Sole |
| SKEENS Ivan | F-21680 | D-1-136 | 12-1-07 | | Renewed Back Pain Medication |
| Adom David | H40915 | D-1-149 | 12-2-07 | | Neck Brace |
| David W. Wilson | K66474 | D-1-104 | 12-2-07 | David W. Wilson | Chronos Renewed |
| Johnny Howze | P 97481 | D2-120 | 12-2-07 | | |
| Manuel GODINES | F-55466 | D-2-131 | 12-2-07 | | Gallbladder Feet Chrono |
| Todd Munn | H-39219 | D-3-119 | 12-03-07 | | HIV |
| Paul Morga | P16112 | D 3 106 | 12-3-7 | | Gang registra |
| WRIGHT V | J00825 | D3149 | 12-3-7 | | Insect |
| Farley | E69713 | D-3128 | 12-3-7 | Carl Farley | bite |
| BENSAMIN | F-92376 | 0-3-137 | 12-11-07 | | Force T.B shot on me |

Exhibit JF(6)

## AFFIDAVIT OF STATEMENT

THE FOLLOWING INMATE'S STATE AS TRUE & CORRECT UNDER PENALTY OF PERJURY EOP'S & D-FACILITY ARE
DENIED RENEWED CHRONO'S & PROPER DIAGNOSIS & PROGNOSIS BY Dr. J.FITTER TO CAUSE PAIN & SUFFERING
WITH HIS DISRESPECTFUL MANNER TO MEDICAL TREATMENT & REQUEST HE BE REMOVED FROM D-FACILITY & NOT
HAVE CONTACT WITH INMATE'S & INVESTIGATION REVOKING MEDICAL LICENSE & THAT THIS APPLIES TO CHIEF
MEDICAL OFFICER T.BZOSKIE & HEALTH CARE MANAGER BELAVICH FOR VIOLATIONS OF PLATA SETTLEMENT
SEEN IN 14 DAYS & CONTINUOUS QUALITY MONITORING TITLE 15 #3350 PROVISIONS OF MEDICAL CARE &
DEFINITIONS #3350.1 MEDICAL TREATMENT/SERVICE EXCLUSIONS & NURSES'S AS J.GOCKE DENIED TREATMENT
& NOT RECEIVE RETIREMENT & PENSION BENEFITS IF GUILTY CRUEL PUNISHMENT DELIBERATE INDIFFERENCE

| Printed Name | CDC# | Cell# | Date | Signature | Medical Issue Chrono For Feet |
|---|---|---|---|---|---|
| AARON JOHNSON | F-60572 | D2-219 | 12-3-07 | | |
| John HEARON | F-41685 | D2-121 | 12-3-07 | | |
| M August | C-19372 | D2-219 | 12-2-07 | | |
| HOWZE, Johnny | P-47981 | D2-120 | 12-2-07 | | |
| Walter Digman | K-09917 | D2-122 | 12-2-07 | | |
| Edward Cark | V-1122 | D2-205 | 12-2-07 | | |
| MOORE R. | K-53314 | D2-126 | 12-02-07 | | |
| MOTON N.B. | P10159 | D2-129 | 12-02-07 | | |
| Terry Smith | V-74116 | D2/127 | 12-3-07 | | |
| Anthony Gardner | E-12277 | D2-127 | 12-3-07 | | |
| DAVIS, STEVEN | V-21680 | D2-147 | 12-3-07 | | DECLS A. T. R. FOR NURSE A... |
| HANNA, STEVEN | F-88014 | D3-111 | 12-03-07 | | HOLE IN RIGHT LE... |
| West Forrest | E-77688 | D3-194 | 12-07 | | FROSTS... |
| Elkes, Manuel | E-53268 | D2-201 | 12-03-07 | | |
| LEE McELroY | TA578 | D3-100 | 12-3-07 | | |
| Allen Melvin | F-08625 | D3-181 | 12-03-07 | | |