1   David W. Wilson, K66474
    CSP-LAC, D1-#104

2   44750 60th St. West
    Lancaster, CA 93536

3       In Pro Per

**FILED**

JAN 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

4

5              UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7          AND THE NORTHERN DISTRICT OF CALIFORNIA

8      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

9        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATE CODE

10

11  RALPH COLEMAN,                    )    No. CIV-S-90-0520-LKK-JFM P
                                      )
12  DAVID W. WILSON,                  )    THREE-JUDGE COURT
          Plaintiff on behalf of himself)  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
13        and others similarly situated,)
                                      )
14   vs.                              )
                                      )
15  ARNOLD SCHWARZENEGGER, et al.,    )
                                      )
16       Defendants.                  )
                                      )
17  _____)
                                      )
18  MARCIANO PLATA,                   )    No. C 01-01351-TEH
                                      )
19  DAVID W. WILSON,                  )    THREE-JUDGE COURT
          Plaintiff on behalf of himself)  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
20        and others similarly situated,)   **PLAINTIFFS NOTICE OF MOTION AND
                                      )    BRIEF IN SUPPORT OF MOTION FOR
21   vs.                              )    SANCTIONS OVERCROWDING RELEASE AND
                                      )    CSP-LAC RELIEF INTERVENTION**
22  ARNOLD SCHWARZENEGGER, et al.,    )
                                      )
23       Defendants.                  )

24      **TO DEFENDANT'S SCHWARZENEGGER, KERNAN, HAWS, McGUINNESS, LuDUKE, CDCR, CSP-LAC,**

25  **PLEASE TAKE NOTICE** in UNITED STATES DISTRICT COURT of Federal Building, located at

26  501 "I" Street, Sacramento, California 95814, before the Honorable Justices Thelton

27  Henderson, Lawrence K. Karlton, Stephen Rienhart, on February 8, 2008.

28      Plaintiff DAVID W. WILSON, will move the Court for Sanctions for Court ORDER

of June 28, 2007, defendants within 60 days to make 125 intermediate care beds

for Coleman class members referred to Atascadero State Hospital (ASH), and that

by December 14, 2007, the 125 class members would be meet.  As directed by Court

ORDER of August 2, 2007, which states: *" if any Coleman class members were denied

admission to ASH during the period from August 6, 2007 through September 28, 2007,

the reason(s) for such denial.   Plaintiff WILSON is Level III medium security

Inmate, and Medium A Custody at Level IV maximum security prison, and filed inmate

appeal in the time limits specified by the Court to Warden, for 1-on-1 Psychotherapy

not offered at CSP-LAC, or other CDCR prisons, which Plaintiff WILSON has been

to ASH before and filed 7 prisons appeals for this type of mental treatment for

"Single Cell Living" has been denied for relief from psychosis exacerbated by **OVER-**

**CROWDING,** and Plaintiff WILSON has suffered reprisal transfers for seeking relief

from **OVER-CROWDING** and reasonable modifications to programs.  Which at California

State Prison Los Angeles County (CSP-LAC), EOP inmate's are discriminated against

for job accessibility as general population to become sick from improper food

cooked by reception inmate's, and discriminated against by Psy. Supervisor, and

her cohort to deny program equality in EOP Units, and there is racial discrimination

to assault the 70% Black inmates for any justification by mainly Hispanic young

Guards and few Caucasian Guards to break legs and arms with "Metal Batons," for

there are few African/Black Guards, and 'NO' Black Sergeant Supervisor's in EOP

or **African/Black Psychologist** and License Clinical Social Workers, which all

combined without heavy 15 **minute weekly** contacts with Primary Clinicians, and

5 minute contacts **shorten**ed, which combined with the denial of proper medical

treatment and in time constraints of Plata Settlement is reason for video camera's

in EOP Buildings and Yard, and to include Segregation, which EOP's cannot got to

Yard during "Hot Days" and 'Gym' has been taken to **OVER-CROWD** inmates into. Therefore

only remedy is "Release of 33,000, inmate's to design capacity to relieve **OVER-**

**CROWDING** by Sanctions including CSP-LAC.

David W. Wilson, K66474
CSP-LAC, D1-#104
44750 60th St. West
Lancaster, CA 93536
  In Pro Per

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATE CODE

| | |
|---|---|
| RALPH COLEMAN, ) | No. CIV-S-90-0520-LKK-JFM P |
| ) | |
| DAVID W. WILSON, ) | THREE-JUDGE COURT |
|     Plaintiff on behalf of himself) | |
|     and others similarly situated,) | |
| ) | |
|   vs. ) | |
| ) | |
| ARNOLD SCHWARZENEGGER, et al., ) | |
| ) | |
|     Defendants. ) | |

| | |
|---|---|
| MARCIANO PLATA, ) | No. C 01-01351-TEH |
| ) | |
| DAVID W. WILSON, ) | THREE-JUDGE COURT |
|     Plaintiff on behalf of himself) | |
|     and others similarly situated,) | **BRIEF IN SUPPORT OF MOTION FOR** |
| ) | **SANCTIONS OVERCROWDING RELEASE** |
|   vs. ) | **AND CSP-LAC RELIEF INTERVENTION** |
| ) | |
| ARNOLD SCHWARZENEGGER, et al., ) | |
| ) | |
|     Defendants. ) | |

Plaintiff DAVID W. WILSON, pursuant Rule 11(b), and (c), and Rule 37(b)

Federal Rules of Civil Porcedure, request "SANCTIONS" against Defendants, and these

matters to be considered along with Three-Judge panel pursuant 28 U.S.C. §2284 and

18 U.S.C. §3626(a)(3), for relief of unconstitutional conditions as direct result of

prison over-crowding which has **effected**  Plaintiff and other prisoner's.

1   As set forth in Affidavit of David W. Wilson attached, Defendants are deliberate
2   indifference to Plaintiff and EOP's for compliance Courts ORDER June 28, 2007, and
3   August 2, 2007, to send EOP's to ASH, which Plaintiff meets requirements and time
4   constraints of Court to relieve Over-Crowding. Plaintiff has filed numerous appeals
5   for "Single Cell" or sent to ASH for mental health treatment not offered by CSP-LAC,
6   or CDCR. 1-on-1 Psychotherapy, and has been transferred numerous times for requesting
7   relief from Over-Crowding and reasonable modifications to EOP programs, which once at
8   CSP-LAC Plaintiff filed to Warden for this relief, 'No' response and contacted CDCR
9   Secretary, as previous denied CSP-LAC, and sought State Court remedies. Which CSP-
10  LAC finds "error" conspiracy by CMF-Vacaville and ajust Point Score and places back
11  for transfer to CMF, or CMC-E, which are claimed closed for intake to Plainitff.
12  Coleman Attorneys send FACTS of Courts ORDER and Plaintiff request intervention and
13  SANCTIONS and files ADA appeal, and contacts Gov't Officials to Stop AB 900, and
14  becomes aware CSP-LAC is discriminating against EOP's for job accessibility as
15  General Population and Reception Inmates cook food causing 'Health Hazard,' and Unit
16  discriminating is allowed by Psy. Supervisor for program equality access, and allows
17  favoritism by Phase A,B,C, Status every 90 days and Phase C, EOP's night program/
18  phone calls, and to have 2,3,4 jobs and to extort non-working EOP's. Which is
19  minuscule compared to racial discrimination by mainly Hispanic Guards & White Guards
20  to use any justification for Pepper Spray 'Gun' as prelude to Gang Guard assaults of
21  Black 70% EOP's when not resisting or handcuffed with "Metal Batons" to break arms &
22  legs, which there is 'NO" racial diversity in EOP Units with Black Guards, Counselors
23  Psy. Dr's, Social Workers, and Psy. Supervisor & Cohort will not let bring any issues
24  to Community meeting, as Counselors, Guards in Psy. Treatment Team, or 'NO' Yard on
25  Hot days and 'Gym' use for Over-Crowding inmates and EOP's cannot use. This force
26  double celling of 4,200 EOP,s without compatibility form is causing confrontations,
27  injuries, suicides/death, with the denial of medical treatment violates Eight Amend-
28  ment, and gives reasons for "Sanctions" and prisoner release to design capacity.

ARGUMENT

## I.             PLAINTIFFS ARE ENTITLED TO SANCTIONS

Federal Rules of Civil Procedure **11(b)** Representation To Court,--

(1) it is not being presented for improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**11(c) SANCTIONS.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate, sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**11(c)(1)(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

**11(c)(2) Nature of Sanctions; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in sub-paragraphs (A) and (B), the sanction may consist of, or include, directives of nonmonetary nature, an order to pay a penalty into court, or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of reasonably attorneys' fees and other expenses incurred as direct result of the violation.

Defendants have failed to cooperate with court's ORDER of June 28, 2007, and

1  violated ORDER of August 2, 2007, with respect to Plaintiff WILSON, and See Special

2  Master's May 31, 2007 Response, at 2. Defendants estimate that male prison population

3  in California will be 159,939 male inmates in March 2008, and 162,674 male inmates in

4  March 2009. Declaration by Scott Kernan, Director of Adult Institutions.  Defendants

5  cannot not meet medical and mental care needs of Plaintiff WILSON and other prisoners

6  including EOP's, thereby making Federal Rules of Civil Procedure to be placed in

7  effect at Fed. R.Civ.P., **37(b) Failure To Comply With Orders.**

8  **37(b)(2) Sanctions by Court in Which Action is Pending.** If a party or an officer,

9  director, or managing agent of a party or a person designated under Rule 30(b)(6) or

10  31(a) to testify on behalf of a party fails to obey an order to provide or permit

11  discovery, including an order made under subdivision (a) of this rule or Rule 35, or

12  if a party fails to obey an order entered under Rule 26(f), the court in which the

13  action is pending may make such other orders in regard to the failure as are just,

14  and among others the following:

15      (A) An order that the matters regarding which the order was made or any other
        designated facts shall be taken to be established for the purpose of the action in
16      accordance with the claim of the party obtaining the order;

17      (B) An order refusing to allow disobedient party, or support or oppose
        designated claims or defenses, or prohibiting that party from introducing
18      designated matter in evidence.

19  Which sanctions can be applied to prisons, SEE Hall v. Mackey, 720 F.Supp. 261,262

20  (S.D.N.Y. 1989) prison officials sanctioned for delaying proceeding; fined donate to

21  prison library; Goka v. Bobbitt, 862 F.2d 646,650-52 (7th Cir.1988) appellate court

22  directs consideration of sanctions against prison officials lawyers.

23      **A.**              **Ineffective Assistance**

24      Plaintiff has contacted Plaintiffs representatives for relief and intervention

25  previous at CSP-LAC, and followed their suggestions to be denied response by

26  Defendants, and as has been denied currently concerning "Forced Double Cell Living"

27  and sent to Atascadero Hospital for treatment.  The Coleman Attorney's sent FACTS,

28  and Plaintiff requested SANCTIONS and Motion For Enforcement October 8, 2007, which

Plaintiff contacted Coleman Attorneys November 20, 2007, for relief to "Health Hazard' food conditions un-cooked food still allowed, and requested Restraining Order filed for Equal Protection on CSP-LAC EOP's behalf. Which Plaintiff received format letter form Coleman Attorney's, Yet! Attorneys did send Court's ORDERS and information. Which this information helped Plaintiff, Yet! situation for relief/intervention falls below the "objective standard of reasonableness by not contacting Defendants to Help! remedy the situation. Therefore ineffective assistance of Counsel applies. SEE Srtickland v. Washington, 466 U.S. 688 (1984).

**B. THE PRISON LITIGATION ACT (PLRA) DOES NOT BAR SANCTIONS AND PRISONER RELEASE OF THREE-JUDGE PANEL WHEN LESS INTRUSIVE RELIEF FAILED ALLOWING CONTINUAL EIGHT AMENDMENT VIOLATIONS**

Section 3626(a)(3)(C) of Title 18 of United States Code authorizes a party to a civil action concerning prison conditions to file a request for a prisoner release order. As defined by the statue, a prisoner release order "includes any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to prison." 18 U.S.C. §3626(g)(4). A prisoner release order may "be entered only by a Three-Judge Court in accordance with section 2284 of title 28," if other statutory requirements have been met. 18 U.S.C. 3626(a)(3)(B). A request for a prisoner release order must be accompanied by a request for Three-Judge Court "materials sufficient to demonstrate that" the statutory requirements for issuance of such order have been met. 18 U.S.C. §3626(a)(3)(C).

Plaintiff has meet this in Exhibit's herein concerning **OVER-CROWDING** previously at CSP-LAC, and currently denied, Exhibit H, H(1), side 2, citing: Wolfish v. Levi, 573 F.2d 127, (2d Cir.1978) [due Process] states subjection to involuntarily deprivations not authorized by his confinement; Matrino V. Carey, 563 F.Supp.984, 1002n.13 (D.Or. 1983) in multiple - inmate cells, officials could provide either more space or more out-of-cell time; Donner v. McCarthy, 635 F.Supp. 408 (C.D.Cal.1985) California Men's

Colony San Luis Obispo found to be at limit of constitutionality double cell living;

<u>Balla v. Board of Corrections</u>, 656 Supp. 1108,116-19 (D.Idaho 1987) double celling

prohibited for maximum security and psychiatric housing; <u>Delgado v. Cady</u>, 576 F.Supp.

1446,1457 (E.D.Wis.1983) limits placed on coerced double celling of inmates with

psychological problems or suicidual tendecies; <u>Brogsdale v. Barry</u>, 926 F.2d 1184,1188

(D.C.Cir.1990) crowding-related assault would not be actionable if the crowding was

not unconstitutional; <u>Farmer v. Brenan</u>-U.S.-114 S.Ct. 1970,1982 (1994) it does not

matter...Whether a prisoner faces an excessive risk of attack for reasons personal to

him or because all persons in his situation face such a risk, Exhibit H(1) herein.

Plaintiff WILSON and other prisoner's in order to receive relief from **'forced'**

double cell living, must have prisoner release enter by Three-Judge Court in

accordance with section 2284 of title 28, and section 3626(a)(3)(C), (B) and (g)(4)

of Prison Litigation Reform Act ("PLRA").

**C.    SANCTIONS MUST BE APPLIED CSP-LAC & PLAINTIFF TRANSFERRED FOR
    COURT VIOLATION & STOPPING ADA DISCRIMINATIONS JOB EQUALITY
    PROGRAM ACCESS & RACIAL ASSAULTS & NO THERAPEUTIC PSY TREATMENT**

Sanctions must be applied pursuant Fed.R.Civ.P., 11(b),(c), and 37(b), which should

include "closing" CSP-LAC EOP program housing about 360 EOP inmates that can be

classification **over-ride** to CMF, CMC-E, R.J.D., for weekly once a week 15 minutes

heavy contacts with Primary Clinicians **'is not'** happening, and weekly 5 minute short

contacts are less than 5 minutes, therefore "NO" Psychological 1-on-1 individual

therapy given.  Also there is a breach of "Confidentiality" at Psy. Inter Disciplinary

Treatment Team ("IDTT") chaired by Psy. Supervisor E. McGuinness usually with Psy.

Dr. LuDuke, as herein Exhibit TT, TT(1), TT(2) 'Affidavit,' were two Counselor/Guards

sit on IDTT and discuss Inmate's mental health issues before IDTT, and one or two

Guards are in IDTT, thereby rendering Inmate's not to seek help with private or

confidential issues, which Dr. McGuinness, Dr. Luduke uses IDTT to practice hostility,

confrontations, antagonism, racism while talking to EOP's in a degrading manner with

belligerent voice modulation tonal qualities. Other Inmate's and there families have

filed for relief by appeals, Gov't Officials, U.S. Dept. of Justice, F.B.I., State Personnel Board, Calif. Psy. Board, Calif. License Board, L.A. Grand Jury, and Website, Inspector General, CDCR Internal Affairs, Ombudsman, <u>Coleman</u> Attorneys, for Dr. McGuinness has placed a Hispanic inmate who has four job assignments to Chair Unit Therapeutic Community Meetings and this inmate will not recognize hands of Inmate's or cut off if we attempt to bring up issues concerning all EOP's, and Psy. Dr. LuDuke when running TC states any issue is personal to deny Inmate's relief and reasonable modification to programs, as Enhanced Out Patients ("EOP's") food uncooked by Reception Inmates causing still "Health & Safety Hazard" along with Jobs General Population are given and $ Pay $ that is having detrimental effect on CSP-LAC EOP's, herein Exhibit's PP "Affidavit" PP(1), **ADA** Group Complaint, and there is in Unit EOP program "discrimination" by Dr.McGuinness that was not done when Plaintiff WILSON was in CSP-LAC EOP 2003, that gives every 90 days a Phase increase as Phase A,B,C, that allows only Phase C, inmate's to only work or have jobs and denies 'Night Program' including phone calls to "Families", and Guards use this as justification to let out inmate's who are not Phase C, and their is 'favoritism' for many are called pet inmate's and for years have been allowed to serve food and give short rations to non-working Phase C, inmates and **with held** food is keep for themselves or for exchange of canteen/food items, herein Exhibit's DW "Affidavit" DW(1), **ADA** Group Complaint. The above is minuscule compared to racism toward Black/African EOP inmate's for there is 'NO' racial diversity in CSP-LAC EOP program '**NO**' Black Psychologist, License Clinical Social Workers, Unit Counselor's, Unit Sergeant Supervisor's 5 days a week, 'NO' Black Guards 3rd Watch 2:00-10:00 p.m., which has resulted in targeting Black EOP inmate's and is also applied to EOP's in the form of a "Terrorist" training for Guards use any reason to claim inmate's were non-compliance to order for purpose to use "Pepper Spray Gun" and then Guard Gang 'assault' with Metal Batons to break arms and legs, and the Guards collude incidents reports to cover, and participants are allowed back to work, so many EOP's do not go to Yard, come out for medication for

1  fear of assaults as 10-29-2006, Inmate ("I/M") White, P-58959 arm broken, and I/M

2  Lopez, T-59394 arm broken for speaking to excessive force, and 11-2007, Bldg. #1,

3  I/M's down and hit in head while not resisting, 11-29-2007, Black I/M handcuffed

4  removed from Yard and assaulted in 'Sally Port,' and Yard taken in, Yet! Plaintiff

5  WILSON in Law Library seen I/M brought out hour later strapped to wheelchair both

6  legs **bloody, bloody,** or I/M Hadden, T-55746, Guard comes through gate after words

7  and I/M is Pepper Sprayed while on ground with hands behind back 12-9-2007, which in

8  Segregation Units this is even worst for Inmate's are taken in side rooms for assault

9  purposes, SEE Exhibit SA "Affidavit" herein. Which this combined with the denial of

10 Medical Treatment within proscribed constraints of Plata and continuous quality

11 monitoring of SETTLEMENT denies proper 'medical treatment,' SEE "Affidavit" Exhibit's

12 J(F)5, J(F)6, herein. And with Plaintiff WILSON having filed appeal to Warden, HAWS

13 on September 25, 2007, Exhibit SC, herein, with letter Exhibit SC(3), 'No' response,

14 and violation of Courts ORDER August 2, 2007, herein attached, also Plaintiff WILSON

15 is Level III I/M and pursuant California Code of Corrections ("CCR") Title 15,

16 #3375.1(a)(3), Inmate with placement score of 28 through 51 **shall** be placed at Level

17 III facility.  CCR #3000.5(c) **Rules of Construction: Shall is mandatory,** Exhibit

18 H(14) herein.

19     Plaintiff WILSON must be transferred to Atascadero Hospital or Napa alternative

20 for single cell intermediate care until requested to come back to CDCR, and to keep

21 legal material in cell, and keep typewriter and access when not in therapy, groups,

22 work, and allowed legal material in cell, and to keep battery operated appliances

23 9 inch TV, AM/FM/CD/Cassette Radio, and battery charger, and if transferred to prison

24 only CMF or CMC-E, and SANCTIONS for this is justified. Also their is justification

25 for closing CSP-LAC EOP program, or removing Psy. Dr. McGuinness and Dr. Luduke, and

26 for Staff racial diversity of Psy. Staff, Guards, Counselors, Sgt. Supervisors to

27 STOPP assaults, and Guards with assault records removed, and for 24 hour EOP Yard,

28 Building Camera monitoring, with 3 second flash recording sally ports and buildings

side rooms, and this camera recording to include Administrative Segregation and SHU Units CSP-LAC housing EOP inmate(s). Also to include Medical Office and Visiting.

**D.   PLAINTIFF AND EOP'S ARE ENTITLED TO SANCTIONS FOR TOTALITY OF CONDITIONS VIOLATING EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT**

Plaintiff WILSON has brought the issue of "racism" and conditions previously to CSP-LAC Officials and filed in U.S.C.D. Court to be denied Indigent Status, Yet! similary and same conditions exsist, as herein Exhibit's D, to Captain May 22, 2003, speaking to degradation directed at Black Prisoners 90% that does not fit ratio, and "Food Conditions" and cites at at bottom paragraph through side 2, Wright v. Rushen, 642 F.2d 1129(1981) page 1129,  II.  6.  The types and quanties of food served shall be the same as that which is provided for general population inmates. All food shall be prepared, stored and served under sanitary conditions. Food equipment shall be maintained in proper working conditions. All persons who assist in the preparation and handling of food shall observe strict sanitary standards, including wearing caps and gloves. Meals shall be served to prisoners as promptly as reasonably feasible after preparation.   IX The Court retains Jurisdiction to modify this injunction at any time and from time to time on it's own motion or upon the motion of any party in interest of effecuting its intendments and/or in the interest of furthing the ends of justice under all applicable law.

P.1133  **B. Proper Analysis of Eighth Amendment Challenges To Conditions In, State Prisons**

[3] a Court should examine each challenged condition of confinement, such as the adequacy of the quarters, food, medical care, ect and determine weather that condition is compatible with "the evolving standards of decency that mark the progress of a maturing society" Trop v. Dulles, 356 U.S. 86 101 78 S.Ct. 5918 2d.L.Ed 630 (1958); quoted in Estellle v. Gamble, 429 U.S. 97, 902 17 S.Ct. 288,295 501 L.Ed. 2d 251 (1976) and Spain, supra, 600 F.2d at 196.  Also the "Eighth Amendment is not a 'may be' or 'sometimes proposition Toussaint v. McCarthy (9th Cir.1986) 811 F.2d 1080 cert denied 107 S.Ct. 2462 (1987).  In Sandin v. Conner, 515 U.S. 472, 115 S.C5. 2293

132 L.Ed. 2d 418 (1995) the Supreme Court stated "states may under certain circumstances create liberty interest which are protected by the Due Process Clause" these interests will generally be limited to freedom from restraint which...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, "Id at 484, 115 S.Ct. at 2300.    Plaintiff WILSON also wrote CSP-LAC Food Manager herein Exhibit E, and speaks to (9) nine issues of Health and Safety, Penal Code, Department Operations Manual 54080, and CCR #3050(a)(2), (f), and at 4. Food is brought over in metal uninsulated cart which is called Hot Cart, which is not normal plastic polyethylene, polypropylene, polystreme insulation, so this is not a Hot Cart as other prisons, and eggs are brought over on sheet pans Sunday, other food items all food brung over this way and their is no way food is kept Hot, then placed in Broken Steam serving table. Also at 2. Some food like eggs build up microscopic organisms and other food items bacterial when served cold and hard, sausages like beef jerky, and at 5. There is no Temperature checking to see if food is hot with thermometer, and at 6. Food is served onto paper trays so food is not kept Hot as other prisons which use plastic insulated food trys to keep food hot. Which at Side 2, Exhibit E, Plaintiff states: Food Manager the food Conditions in #2 building is a atrocious problem and #1 building is deplorable all most as bad, these health food issues are contrary to minimum civilized standards of decency,... which Penal Code §2084 is violated.

Plaintiff WILSON states these conditions still exist at EOP CSP-LAC buildings #1 and #2.  Therefore Exhibit E, side 2 applies, For the deliberate indifference to prison health problems extends to conditions that threaten to cause health problems, See Helling v. McKinney, 113 S.Ct. 2475 (1993), some conditions of prison confinement may establish 8th amendment violations in combination when each would not do so alone, but only when they have mutually identifiable human need such as food, warmth or exercise, see Wilson v. Seiter, 111 S.C.t 2321 (1991), cost or incovenience of providing adequate facilities is not defense to imposition of cruel punishment

Spain v. Procunier, 600 Fed. 189 (1979), prison officials may be held liable under 8th amendment for denying humane conditions of confinement if they know that inmates face substantiated risk of serious harm and disregard that risk by failing to take reasonable measures to abate it, Farmer v. Brennan, 114 S.Ct. 1970 (1994).

Plaintiff WILSON states conditions exist that breach CSP-LAC EOP conditions of confinement for serious harm, and have ignored, turned a blind eye, to allow these conditions, and have participated by direct action, including racial discrimination based on ethnic origin, and effecting mental as well medical treatment, which in totality grants reason for SANCTIONS under Fed.R.Civ.P., 11(b),(c), and 37(b).

SANCTIONS may be granted upon notice based on consideration of same four factors disussed in Point I. supra. Federal Rules of Civil Procedure 11(b),(c), and 37(b).

Plaintiff incorporates that discussion by reference in this point.

Wherefore the Three-Judge panel should grant prisoner release to make change in forced double cell living, including Enhanced Out Patients, and to relieve over-crowding thats directly responsible for improper medical treatment Plata, and mental health care Coleman. Which can be done pursuant 28 U.S.C. §2284 and 18 U.S.C. §3626 (a)(3)(C), §3626(a)(3)(B), §3626(a)(3)(C), §3626(g)(4), and that if not early release Sanctions must be applied in respect to Plaintiff WILSON and EOP's CSP-LAC, that Plaintiff WILSON be transferred pursuant Court ORDER'S of June 28, 2007, and August 2, 2007, to ASH or Napa alternative for single cell intermediate care until plaintiff request come back to CDCR, and to keep legal material in cell, and keep typewriter and access when not in therapy, groups, work, and allowed to keep battery operated appliances 9 inch TV, AM/FM/Cassette Radio, and battery charger, and if transferred to prison only CMF or CMC-E. And removal of Psy. Senior Dr. McGuinness, and Psy. Dr. LuDuke from EOP programs, and racial diversity with Black Psychologist, Social Workers, Guards, Counselors Sgt. Supervisors, and Guards with assault records removed from EOP programs and Yard, and 24 hour Camera monitoring Buildings and Yard,

EOP Units and 3 second camera monitoring when sally ports open, and building(s) access and storage rooms, and to include "Visiting" storage rooms, EOP medical sally port, and to include Ad-Seg, and SHU housing EOP's, and that Reception inmate's Level I, II, III, be removed form EOP Level IV Yard and program so EOP's receive Yard/Recreation 'Therapy' five days a week, and Law Library 5 days a week for 2 hour.

Dated: December 27, 2007.

Respectfully submitted

David W. Wilson

David W. Wilson
Plaintiff

EOP Units and 3 second camera monitoring when sally ports open, and building(s)

access and storage rooms, and to include "Visiting" storage rooms, EOP medical sally

port, and to include Ad-Seg, and SHU housing EOP's, and that Reception inmate's

Level I, II, III, be removed form EOP Level IV Yard and program so EOP's receive

Yard/Recreation 'Therapy' five days a week, and Law Library 5 days a week for 2 hour.

Dated: December 27, 2007.

Respectfully submitted

David W. Wilson
Plaintiff

**AFFIDAVIT OF STATEMENT**

David W. Wilson, states under penalty of perjury:

1. I am the Plaintiff in above-entitled case. I make this Affidavit in support of my Motion for Sanctions Overcrowding Release and CSP-LAC Relief Intervention.

2. I filed appeal at CMC-E, 1-7-2001, for Single Cell & **Over-Crowding** EOP's #CMC-E-O1-0161, which I received Director's Review 2-19-200, after being placed in Segregation 11 months for cell-mate issues, and sent to CSP-LAC.

3. I was received at CSP-LAC on 1-31-2002.

4. I and all inmate's were taken before Committee 'without' Clinicians and Single Cell Status taken, 10-4-2002, (16) Inmate's for financial reasons.

5. I filed in L.A. Superior Court for Single Cell remain, denied 10-15-2002, and 1 0-31-2002, for appeals process completed at CMC-East, but not at CSP-LAC, case No. BH002060 Superior Court County of Los Angeles, "writ of error coram nobis, and denied 1 2-4-2002, by California Court of Appeals No. B162777, adequate record for review, and not entitled to be housed in a "single cell" combined with medical issues. Denied by Supreme Court of California 12-24-2007, No. B162777-CA2/3, with other issues

6. I filed 602 5-14-2003, Single Cell given until individual 1-on-1 Psychotherapy given, Exhibit H, H(1), sent to Psy. Dr. Pope after other LAC officials and <u>Coleman</u> Attorneys who responded Exhibit's H(5), H(6), and after Screening by Appeals, I sent to Psy. Dr. SIMMS who did not respond on appeal, and after Screening again, I sent to Counselor, and Warden, 'NO' response.

7. I was transferred to CSP-SOLANO 9-23-2003, and filed appeal 9-28-03, for Single Cell or 1-on-1 Psychotherapy, Exhibit A, **P.GRANTED** Exhibit J(1)X, J(2)X.

8. I was transferred to R.J. Donovan 12-23-2003, and given Single Cell, and filed appeal 2-11-2004, for Single Cell ["remain"] Temporary & Permanent, or given individual 1-on-1 Psychotherapy 2 or 3 times weekly, **if not sent to Atascadero "only."** Exhibit X, with X(1), Title 15 #3361, "denied" Director Exhibit Y, Yet! Granted **out** of **cell Psychotherapy.**

9. I was transferred to CMF-Vacaville 11-4-2004, given 'Single Cell' and filed appeal

Page 15

11-18-2004, Single Cell ["remain"] or given individual 1-on-1 Psychotherapy 2-3 times weekly or **sent to Atascadero Hospital "only"** Exhibit 1P, 'denied' Director's Review, **Yet!** Single Cell until appellant deemed stable, Exhibit 6.

10. I filed appeal 1-9-2006, Not double cell unless Myself & Other Inmate sign Cell Compatibility Form, & I receive 1-on-1 Psychotherapy or **sent to Atascadero "only"** & keep legal Material, Typewriter, & Appliances, Exhibit 22, 'denied' Director's Review Exhibit 39, **Yet!** for general population and not EOP's.

11. I filed TRO under Plata and Coleman case's 4-11-2007, **NO** EOP's be forced double cell living until CDCR complies with Court **ORDER** to reduce inmate population from 175,000, to 100,000, and that mentally impaired prisoner's **sign** Cell Compatibility Form, to STOP incidents, injuries, Death, and Plaintiff transferred to Atascadero for proper medical/psychological treatment, which that day forced cellmate **attempted** and Sgt, whom had filed TRO against takes TV and Radio next day, and I filed Complaint.

12. I had forced cellmate 4-17-2007, who yelled in cell most of night, and sought relief from Psy. Dr's who stated bring to Custody, and I wrote letter from "Sleep Deprivation" and psychosis, Exhibit UU22, to which Sgt. whom served TRO on and Staff Complaint same issue gets Exhibit UU22 days later, and places in Segregation for alleged threat, to which I filed Admissions under Coleman and Plata case's 5-7-2007, and contacted Gov't Officials and Media of **Over-Crowding** EOP's, and filed in U.S. EASTERN DISTRICT COURT, WILSON V. TILTON, No. CV-01192-GEB-DAD, 6-15-2007, and filed TRO's not to be transferred for reprisals.

13. I was transferred from CMF to CSP-LAC on 8-28-2007, excepted in EOP 9-12-2007, and filed appeal 9-25-2007, to Warden, HAWS who did not respond to Exhibit SC, for **Not Double Celled any CDC prison** until given 1-on-1 Psychotherapy 2-3 times weekly, & cell Compatibility Form & Other Outside Mental Help, **or sent to ASH** & Keep Legal Material, Radio/CD/Cassette, Battery Operated 9 in TV, & prison funding cut until population at design capacities, sent with letter to Warden, Exhibit SC(3), for appeals denied by Coordinator, and relief sought Secretary, TILTON, Exhibit SC(4).

14. I was placed for transfer 10-17-2007, by CSP-LAC back to CMF or CMC-E, for "errors" Point Score at CMF that was conspiracy for reprisal to Court actions/appeals.

15. On 10-30-2007, Coleman Attorneys sent FACTS of The Honorable Judge Karlton's ORDER of June 28, 2007, for 125 Coleman class members sent to ASH within 60 days, and plan by November 2007, which I received CSR Notice "Requested institutions closed for intake" Exhibit H(14), showing Level III Point Score, which I request from Coleman Attorneys copy of Courts ORDER and for intervention sent to ASH, for not receiving Psychotherpy for mental wellness at CSP-LAC, Exhibit H(15).

16. I filed ADA Request for transfer to ASH or NAPA, or sent Level III prison, or funding Halted at CSP-LAC until compliance with Coleman Court ORDER, & "SANCTIONS" and Motion for Enforcement, Exhibit H(18), as requested Coleman Attorney, Michael Bien, Exhibit H(19), on 11-8-2007.

17. I sent letter to GOVERNOR 11-14-2007, for above and to meet State Budget cuts 10% at Exhibit H(20), with copy letter of 7-27-2007, Exhibit H(20)a, as proof of conspiracy/harasssment. Also sent "FORMAT" letter(s) to 'All' Select Committee on Prison Construction and Operations members, SENATOR'S TODD SPITZER, ANTHONY ADAMS, ANN CABALLERO, MIKE FEUER, JARRED HUFFMAN, NICOLE PARRA, to STOPP CDCR Funding for SB 900, for CDCR non-compliance to Coleman Court ORDERS, Exhibit H(21).

18. I filed to U.S. CENTRAL DISTRICT COURT 11-15-2007, for relief with above herein documentation, Civil Suit.

19. I gathered "Affidavit" Exhibit PP, for ADA Group Class Request Exhibit PP(1), for "Jobs & Pay" where Cooks Reception inmate's causing 'Food To Not Be Heated' causing Sickness/Health Hazard & Shortages in Lunches, Items Missing & Request Jobs & Pay in Laundry Room for Laundry Torn & Damaged, & request Canteen Workers & Pay, Full Yard Crew & Pay, Religious Clerks, Custody Clerks, Plumbers & Barbers & Pay, Unit Porters 3 each shift & Pay, Unit Food Servers & Pay equal to non-EOP's on A-Facility, Law Library Clerks & Pay including Black Workers & All Jobs & Pay where we can function including Special Purchase Clerk any an All Jobs, with Plaintiffs

1  Classification Chrono, with **ADA** Rules attached pursuant Title II of 1990, 42 U.S.C.

2  §12132, 28 C.F.R. 35.104 Definitions, §35.105 Self-evaluation, §35.130 General

3  Prohibitions Against Discriminations, and sent "FORMAT" letter(s) as Exhibit PP(2),

4  INSPECTOR GENERAL; Secretary, TILTON; OMBUDSMAN, KEN HURDLE; Internal Affairs,

5  citing Appeals Restraints by Coordinator(s), (DOM) 54100.8 **unreasonable** restraints, &

6  **no** DOM 54100.9 Assignment Notices, for Title 15 #3084.5 Levels of Review &

7  Disposition, barring as <u>Woodford v. Ngo</u>, Exhibit PP2, as letter to <u>Coleman</u> Attorneys

8  for Relief citing Penal Code §2084, and for Motion CSP-LAC **STOP** EOP's Discrimination

9  or no recourse but to file this for our own 'Safety & Security,' Exhibit PP(6), which

10  I was given Assignment Notice Exhibit PP(7), which is **OVER-DUE** at 12-18-2007, and

11  violating Title 15 #3084.6(b)(2): First level response **shall** be completed within 30

12  working days. <u>See</u> **Rules of Construction**, supra, "Shall" is mandatory.

13  **20.** I gathered "Affidavit" Exhibit DW, for **ADA** Group Class Request Exhibit DW(1),

14  filed 12-6-2007, for EOP in Unit Job Equality and "Program" participation, with

15  copy of ADA Rules and Title II 42 U.S.C. §12132, 28 C.F.R 35.160 **Communication**

16  **General**, that A,B,C, Phase be abolished & all current FOOD Servers/Porters/Barbers/

17  Recreation Clerks/Yard Workers/Unit Clerks/Library Clerks/Mental Health Porters, be

18  removed from these positions for 1 year, & in future EOP's work "Only" one Job

19  Assignment as part of Therapeutic Task Treatment along with 10 hours Group Therapy to

20  **STOP** the Canteen/Package extortion of **non-working** EOP's, & STOP "food" given in

21  Shortages, for Phase C, inmate's are allowed 2,3,4, Jobs, and are treated as pet

22  inmate's by Psy. Dr's and Guards, and 'Favoritism' allowed by Guards & Psy. Dr's to

23  let certain 'not' Phase C, out to work and Night program, and has been allowed for

24  years, and **"Food" IS still withheld** from **non**-working EOP's, Exhibit DW, DW(1).

25  **21.** I gathered "Affidavit" 12-2-07 and 12-3-07, for I was **not** seen in time

26  constraints of <u>Plata</u> Settlement, and medical chrono's previously given at CSP-LAC,

27  were denied and **P.GRANTED** on appeal, and Chrono's medical treatment received

28  previously prison denied, as to other Inmate's Exhibit JF(5), JF(6).

22. I wrote Warden, HAWS 12-6-2007, for at Therapeutic Community EOP meeting Psy. Dr LuDuke runs TC, and let inmate who has 4 Jobs Chair TC, and when I attempt to bring up issue of "Food" with held, and "Hot Food" served, and I am told this is personal and I am confrontational for bringing up issue effecting all EOP's except 20-30 who are Phase C, and are allowed to stand in line to get Food withheld after meals, Exhibit DW(3), which Dr. LuDuke is mention herein Exhibit H(1).

23. I gathered "Affidavit" 12-8-07 and 12-9-2007, Guards targeting Black EOP's using excessive force unprovoked for racial reasons, and 'No' Black Psy. Dr's, Social Workers, Counselors, Guards evening program, and Sgt. Supervisors Exhibit SA.

24. I filed Complaint to OFFICE OF CIVIL RIGHTS forms Exhibit's SA(1), SA(2), with Additional Sheets, Exhibit's SA(3), SA(4) describing problems, also sent to ACLU, and F.B.I., Supervising Agent, Ventura, CA, CONNIE SMITH, Exhibit's SA(3), SA(4), as "FORMAT" letter(s), with Exhibit's where previously at CSP-LAC, I sought relief, Exhibit's D, to Captain, 5-22-02, Exhibit E, Food Manager, which were sent letters to Warden, and Sacramento Health & Welfare Agency, and Department of Health Services, which I sent as 'Proof' to (OCR); ACLU; F.B.I., Complaint by EOP inmate Williams, V-34099, against EOP Psy. Supervisor Dr. McGuinness, Exhibit's W, W(1), W(2), W(3), W(4), W(4)a, Director's Review, given to me by inmate Williams, with his Mothers's Complaints to Legal Aid Society, Exhibit BL, and to U.S. Department of Justice; Secretary, TILTON; State Personnel Board, Exhibit BL(1), BL(2), BL(3), BL(4), BL(5), with EOP inmate Hearon, F-41685, Complaint given to me on Psy. Dr. McGuinness, and of Psy. Dr. LuDuke, Group Class appeal before I came to CSP-LAC, Exhibit's H, H(1), H(2), H(3), H(4), which inmate Hearon has had Wife contact State Psy. Board; State Licensing Board; State Personnel Board, and he contacted I.G.; Internal Affairs; OMBUDSMAN, and Prison Medical/Psychological Web Site for relief, which relief must be given to Plaintiff WILSON and all EOP,s of CSP-LAC by removal of Dr. McGuinness, and Dr. LuDuke.

25. I received 12-12-2007, Coleman Court ORDERS of August 2, 2007, attached herein.

26. I filed appeal 12-23-2007, for Correctional Counselor's 2, are in EOP Treatment Team to discuss EOP's mental treatment before EOP's come in, and these Counselors/ Guards have no psychological training, and when at Inter Disciplinary Treatment Team 2 other Guards are in and out of 'Team' and EOP's cannot discuss "Confidential" or private matters, as in appeal Exhibit TT, TT(1), TT(2) "Affidavit."

27. On 12-24-2007, EOP's in Buildings #1, #2, are told the Yard is to crowded for Reception Inmate's share the Yard and therefore we can only go to Yard every other day instead of every day as has been doing. Yet! Reception inmate's are Level I, II, III, as Plaintiff WILSON and there is 'Liability' for injuries for Title 15 #3375.1(a) supra, page 10, and there is a 'fence' so why is the Reception inmate's on same Yard as Level IV maximum security inmate's. Also EOP's were allowed to go to Yard Tuesday to Thursday, which is when Law Library is open from 8:00 to 10:00, and are usually given around one (1) hour each day for total of 3-4 hours. Yet! this is a violation of Allen v.City of Honolulu, 39 F.3d 936 (9th Cir.1994) Prison officials was not entitled to qualified immunity as claim that he forced inmate to choose between right to outside exercise and right to law library access, both of which rights were clearly established; conflict arose because of overlapping schedule periods for library and outside recreation. Also Plaintiffs Group Schedule as other EOP's are being effected, See Exhibit YR,YR(1),Y(R)2This denies not only Law Library, Groups, But! Yard Denied 8 hours a week Toussaint v. McCarthy 597 F.Supp 1388,N.D.1984

28. I have placed a copy of these papers in the institutional mail, to serve the Attorney General, Prison Law Office, Warden, HAWS (CSP-LAC), Senior Psychologist E. McGuinness, and Captain, L. Parker  and Director of Adult Institutions, Kernan, and Attorney's Steven Woodside and Ann Miller on behalf of Somona County, and Counties of Santa Barbara, Santa Clara, San Mateo, Solano, Contra Costa, ant the Honorable Justices Thelton E. Henderson, Lawerence K. Karlton, and Stephen Reinhardt.

Wherefore, the Three-Judge panel should grant SANCTIONS of it June 28, 2007, and August 2, 2004, ORDERS for overcrowding release and CSP-LAC relief intervention.

Dated: <u>December 27, 2007</u>.


<u>David W. Wilson</u>
David W. Wilson


    I declare under penalty of perjury that the forgoing is true and correct, and was executed this day at California State Prison Los Angeles County,

Dated: <u>December 27, 2007</u>.


<u>David W. Wilson</u>
David W. Wilson
Plaintiff
In Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

       Plaintiffs,            No. CIV S-90-0520 LKK JFM P

   vs.

ARNOLD SCHWARZENEGGER,
et al.,

       Defendants.       ORDER

/

      By order filed June 28, 2007, defendants were directed to file within thirty days a plan for making available up to 125 intermediate care beds for Coleman class members referred to Atascadero State Hospital (ASH), said plan to include staffing and a date certain for its implementation not later than sixty days from the date of the June 28, 2007 order. Defendants were directed to include with their report the name and job description of the person having immediate responsibility for insuring compliance with the court's order.

      On July 27, 2007, defendants timely filed their plan.[1] The plan provides that the census of Coleman class members in intermediate care beds at ASH "can" be raised from the current population of 58 to 125 class members by December 14, 2007, based on a rate of

---

[1] Defendants have also provided the name and job descriptions of the people who are responsible for insuring compliance with the June 28, 2007 order.

1

1  admission of four inmates per week. (Ex. 1 to Defendants' Response to Court Order Re: Plan to

2  Activate 125 Beds at Atascadero State Hospital, filed July 27, 2007, at ¶ Ic.)

3          Defendants' plan appears to take seriously the finding in this court's June 28,

4  2007 order that the declining <u>Coleman</u> population at ASH was unacceptable. (Order, filed June

5  28, 2007, at 2-3.) The plan does contain a number of caveats. Given the urgent need for

6  intermediate care beds for <u>Coleman</u> class members, the court will require defendants to provide

7  an interim report to the court on the status of ASH admissions for <u>Coleman</u> class members under

8  the plan. The report, which shall be filed on or before October 12, 2007, shall include the

9  following:

10          •       the total number of <u>Coleman</u> class members in need of intermediate

11                  inpatient care reviewed for admission to ASH during the eight-week

12                  period from August 6, 2007 through September 28, 2007;

13          •       the number of <u>Coleman</u> class members admitted to ASH during that eight-

14                  week period;

15          •       the total <u>Coleman</u> population at ASH as of September 28, 2007; and

16          •       if any <u>Coleman</u> class members were denied admission to ASH during the

17                  period from August 6, 2007 through September 28, 2007, the reason(s) for

18                  such denial.

19          IT IS SO ORDERED.

20  DATED:   August 2, 2007.

21

22                          LAWRENCE K. KARLTON

23                          SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

24

25

26

                                        2

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,
DAVID W. WILSON, et al.,

V.

GOVERNOR, A. SCHWARZENEGGER, et al.,

MARCIANO PLATA,
DAVID W. WILSON,  et al.,

V.

GOVERNOR, A. SCHWARZENEGGER, et al.,

**Case Number:**

CIV-S-0520-LKK-JFM

**PROOF OF SERVICE**

C 01-0351-TEH

**I hereby certify that on** December 27 , 2007 _____, **I served a copy**

**of the attached** ___PLAINTIFFS NOTICE OF MOTION AND MOTION FOR SANCTIONS___.

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

California State Prison L.A. County

**(List Name and Address of Each Defendant or Attorney Served)**
Honorable Lawrence K. Karlton
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
CLERK OF COURT
501 "I" Street, Rm. 4-200
Sacramento, CA 95814

Honorable Thelton E. Henderson
U.S. NORTHERN DISTRICT COURT
450 Golden Gate Avenue
San Francisco, CA

The Honorable Stephen Reinhardt
U.S. CENTRAL DISTRICT COURT
312 North Spring Street, Suite 1747
Los Angeles, CA 90012

OFFICE ATTORNEY GENERAL
1300 "I" St., Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

Warden, F.B.HAWS (CSP-LAC)
Psy. Dr. McGuinness (LAC)
Captain, L.Parker (CSP-LAC)

44750 60th St., West
Lancaster, CA 93536

STEVEN M.WOODSIDE
Attorney on Behalf of
SONOMA COUNTY
575 Admin. Dr., Rm. 105A
Santa Rosa, CA 95403-2815

Scott Kernan, Director of Adult
Institutions
1515 "S" St.,
P.O. Box 942883
Sacramento, CA 94283-001

Prison Law Office
General Delivery
San Quentin, CA 94964

ANN MILLER, Attorney on Behalf
of COUNTIE(S) of SANTA BARBARA
SANTA CLARA, SAN MATEO, SOLANO,
CONTRA COSTA, 70 W. Hedding St.
East Wing, 9 Fl, San Jose, CA
95110-1770

**I declare under penalty of perjury that the foregoing is true and correct.**

_David W. Wilson_

**(Signature of Person Completing Service)**