Form 6. Civil Appeals Docketing Statement

| USCA DOCKET # (IF KNOWN) |
| --- |
|  |

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL:<br>Marciano Plata, et al. v. Arnold Schwarzenegger, et. al.<br><br><br><br>Ralph Coleman et al. v. Arnold Schwarzenegger, et. al. | DISTRICT: N.D./E.D. Cal.   JUDGE: Henderson, Karlton, Reinhardt |
|  | DISTRICT COURT NUMBER: C-01-1351 TEH & CIV S-90-0520 LKK |
|  | DATE NOTICE OF APPEAL<br>FILED:    1/7/08 | IS THIS A CROSS-APPEAL?   ☐ YES |
|  | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY):<br>In re California State Republican Assembly Members, et al.<br>No. 07-74815 |

**BRIEF DESCRIPTION OF ACTION AND RESULT BELOW:**
Three-Judge Panel proceedings convened under 18 U.S.C. section 3632 to consider the issuance of a prisoner release order.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**
Whether the Magistrate Judge properly granted Plaintiffs' motion to compel the production of privileged documents and the effect of the Three-Judge Panel's Order Granting in Part Defendants' Motion for Reconsideration.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**
☐ Possibility of settlement
☐ Likelihood that intervening precedent will control outcome of appeal
☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (specify)

☐ Any other information relevant to the inclusion of this case in the Mediation Program

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges.

| LOWER COURT INFORMATION | | | Page 2 of 2 |
|---|---|---|---|
| JURISDICTION | | DISTRICT COURT DISPOSITION | |
| FEDERAL | APPELLATE | TYPE OF JUDGMENT / ORDER APPEALED | RELIEF |
| ☒ FEDERAL QUESTION<br><br>☐ DIVERSITY<br><br>☐ OTHER (SPECIFY) | ☐ FINAL DECISION OF DISTRICT COURT<br><br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br><br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br><br><br><br>☒ OTHER (SPECIFY):<br>Post-Judgment Order | ☐ DEFAULT JUDGMENT<br>☐ DISMISSAL / JURISDICTION<br>☐ DISMISSAL / MERITS<br>☐ SUMMARY JUDGMENT<br>☐ JUDGMENT / COURT DECISION<br>☐ JUDGMENT / JURY VERDICT<br>☐ DECLARATORY JUDGMENT<br>☐ JUDGMENT AS A MATTER OF LAW<br>☒ OTHER (SPECIFY):<br>Order Granting Plaintiffs' Motion to Compel the Production of Privileged Documents and Order Granting in Part Defendants' Motion for Reconsideration. | ☐ DAMAGES:<br>  SOUGHT $_____<br>  AWARDED $_____<br>☒ INJUNCTIONS:<br>  ☐ PRELIMINARY<br>  ☒ PERMANENT<br>  ☒ GRANTED<br>  ☐ DENIED<br><br>☐ ATTORNEY FEES:<br>  SOUGHT $_____<br>  AWARDED $_____<br>  ☐ PENDING<br><br>☐ COSTS: $_____ |

## CERTIFICATION OF COUNSEL

I CERTIFY THAT:
1. COPIES OF ORDER / JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED(SEE 9TH CIR. RULE 3-2
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. 1 UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_Rochelle C East_
Signature

_7 Jan 08_
Date

## COUNSEL WHO COMPLETED THIS FORM

| | |
|---|---|
| NAME: | Rochelle C. East |
| FIRM: | California Attorney General's Office |
| ADDRESS: | 455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 |
| E-MAIL: | Rochelle.East@doj.ca.gov |
| TELEPHONE: | (415) 703-5711 |
| FAX: | (415) 703-5843 |

* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL*
* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS*

1          IN THE UNITED STATES DISTRICT COURTS

2          FOR THE EASTERN DISTRICT OF CALIFORNIA

3          AND THE NORTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                    Plaintiffs,

9          v.                                    NO. CIV S-90-0520 LKK JFM P

10   ARNOLD SCHWARZENEGGER,                      **THREE-JUDGE COURT**
     et al.,

11

12                  Defendants.

13   MARCIANO PLATA, et al.,

14                  Plaintiffs,

15         v.                                    NO. C01-1351 TEH

16   ARNOLD SCHWARZENEGGER,                      **THREE-JUDGE COURT**
     et al.,

17                                               ORDER

18                  Defendants.

19

20         This matter came on for hearing on December 6, 2007 on plaintiffs' motion to compel

21   production of documents that have been withheld by defendants on various asserted claims of

22   privilege, including deliberative process, attorney-client, attorney work product, official

23   information[1], and privacy. Lori Rifkin, Esq. and Sara Norman, Esq. appeared as counsel for

24   ───────────────────────

25         [1] Defendants separately assert an official information privilege as to some documents,
     in conjunction with other privileges or standing alone. See, e.g., PRIV022241-PRIV02227;
     PRIV022486; PRIV022487-PRIV022488; PRIV022505-PRIV022525. In their opposition to

26   the instant motion, defendants state that the deliberative process privilege is "[a]lso known as
     the 'executive,' 'governmental,' 'official information,' or 'intragovernmental opinion'

27   privilege." Defendants' Opposition to Plaintiffs' Motion to Compel, filed December 4, 2007,
     at 11. It is unclear from defendants' briefing on this motion whether they contend that the

28   official information privilege as asserted in these proceedings differs from the deliberative

1    plaintiffs. Charles Antonen, Deputy Attorney General, and Lisa Tillman, Deputy Attorney

2    General, appeared as counsel for defendants. After hearing, this court announced its oral

3    ruling on the record. The ruling and the reasons therefor are set forth herein.

4                               BACKGROUND

5       On September 5, 2007, plaintiffs served their first request for production of

6    documents in these proceedings.[2] On September 24, 2007, the three-judge court held an

7    initial hearing in the proceedings during which it heard from the parties and the intervenors

8    regarding, inter alia, scheduling issues. On September 25, 2007, noting that a question had

9    arisen at the hearing "as to whether discovery has been opened in these proceedings and

10    whether discovery served prior to the initial hearing is premature," the three-judge court

11    issued an order clarifying that discovery was open and setting a deadline of thirty days for

12    service of responses to any discovery requests served prior to the initial hearing. Order filed

13    September 25, 2007. On October 10, 2007, the three-judge court issued an order bifurcating

14

15

16    process privilege. However, review of defendants' privilege logs suggests they view the two
as distinct.

17        [2] That request contains thirty-eight separate requests for production of documents,
including requests for documents related to: the implementation of Assembly Bill 900 (AB

18    900); any projected change in California's prison population; the California Department of
Corrections and Rehabilitation's (CDCR's) choice of prison sites for construction of additional

19    prison beds, buildings to treat or house inmates, and reentry program facilities under various
sections of AB 900, including site surveys and Environmental Impact Reports,

20    communications from or to local community groups and/or government officials, timetables
for the construction of such beds and progress in meeting the timetables; timetables for

21    transfers of inmates out of state under AB 900; the CDCR's ability or inability to hire and/or
retain medical and mental health staff, including analyses of the effect of AB 900 on medical

22    and mental health staffing levels; studies or analyses of the effect of AB 900 on medical and
mental health care at the prisons; any measures defendants have considered to reduce prison

23    populations other than the measures in AB 900; contingency plans, other than population
reducing measures, defendants have considered initiating when prisons reach their maximum

24    capacity; defendants' determination of the maximum capacity of any prison or the entire
prison system; timetables for obtaining funding to implement AB 900 and defendants'

25    progress therewith; any consideration of placing limits on the prison population; any
consideration of the effects of sentencing reform, a sentencing commission, and changes in

26    parole policies on the prison population; specific matters referenced in the Declaration of
Scott Kernan filed in opposition to plaintiffs' motion to convene a three judge panel; and

27    changes or clarifications of parole discharge policies and parole revocation policies. See Ex.
F to Declaration of Michael W. Bien in Support of Joint Statement Regarding Discovery

28    Dispute, filed October 22, 2007.

1 | the proceedings and setting deadlines for the first phase.  Pursuant to that order, discovery is

2 | to be completed by December 20, 2007.  Order filed October 10, 2007, at 4-5.

3 | On October 22, 2007, the parties filed a joint statement regarding discovery disputes

4 | that had arisen, including a dispute over the timing of production of documents responsive to

5 | plaintiffs' September 5, 2007 document production request.  In the joint statement,

6 | defendants indicated that they had "gathered information from over eighty custodians,

7 | amounting to over three terabytes of data from individual work stations and over forty

8 | gigabytes from the exchange servers at the California Governor's Office, California

9 | Department of Corrections and Rehabilitation, California Department of Finance, and

10 | California Department of Mental Health."  Joint Statement Regarding Discovery Dispute,

11 | filed October 22, 2007, at 14-15.  Defendants further represented that a physical printout of

12 | all these materials would require "approximately 45,000 boxes of copy paper, which if

13 | stacked on top of each other would be approximately 37,500 feet or 7.1 miles tall."  Id. at 15.

14 | Defendants contended that production of responsive, non-privileged documents by October

15 | 25, 2007 would be "impossible" and they sought permission to produce documents in

16 | accordance with a rolling production schedule to be provided on November 2, 2007.  Id.

17 | They also requested that the Court "not deem any privileges waived due to this rolling

18 | production."  Id.

19 | On October 25, 2007, defendants served responses to plaintiffs' first document

20 | production request.  Therein, defendants interposed several general objections, and they

21 | asserted various privileges and interposed objections to each of the specific requests.  See

22 | Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents, filed

23 | October 26, 2007.  Notwithstanding the objections, defendants agreed that they would

24 | produce all responsive, non-privileged documents to plaintiffs on a rolling production

25 | schedule.  See id.

26 | On November 1, 2007, this court conducted a teleconference with the parties

27 | concerning a schedule for rolling production of documents responsive to plaintiffs' document

28 | requests.  During the conference, it became apparent that there were going to be a large

3

1   number of documents at issue on claims of privilege. This court therefore requested that

2   defendants submit to this court for in camera review a copy of all documents for which

3   defendants claimed a privilege on the day each privilege log was served. Defendants

4   acknowledged this request and agreed to it; the request was set forth in the stipulation

5   regarding rolling production which was signed by the parties and filed on November 2, 2007.

6       In the November 2, 2007 stipulation, the parties agreed to a schedule for production of

7   responsive, non-privileged documents as well as privilege logs.[3] Pursuant to that stipulation,

8   defendants agreed that they would, <u>inter alia</u>, produce paper documents on November 1,

9   2007, and additional responsive non-privileged paper and electronic documents on

10  November 9, 2007, November 16, 2007, November 23, 2007, and November 30, 2007.

11  Stipulation Regarding Rolling Production, filed November 2, 2007, at 3-4. In addition,

12  defendants agreed that on November 9, 2007, November 16, 2007, November 23, 2007,

13  November 30, 2007, and December 7, 2007, they would produce privilege logs for the

14  documents withheld from each preceding week's production. <u>Id.</u>

15      Despite their agreement to do so, defendants did not produce any of the privilege logs

16  or documents cited therein to this court for in camera review on either November 9, 2007 or

17  November 16, 2007, when they served privilege logs on plaintiffs. On November 19, 2007,

18  this court heard argument on additional discovery disputes between the parties. At that

19  hearing this court noted that it had received no documents for which a privilege had been

20  claimed. Defendants acknowledged they had not complied with their agreement to submit

21  documents for in camera review contemporaneously with service of each privilege log. They

22  were therefore ordered to produce the documents by close of business on November 20,

23  _____

24      [3] The November 2, 2007 stipulation specifically provides that the production schedule
    set forth therein "encompasses Defendants' responses to Plaintiffs' Requests for Production,
25  Set One and Two." Responses to plaintiff's second set of requests for production were due
    on November 9, 2007. <u>See</u> Order filed October 30, 2007, at 7. While it is clear that the
26  privilege logs at issue on this motion include documents relevant to plaintiffs' first request
    for production of documents, it is not clear whether they also include documents relevant to
27  plaintiffs' second request for production of documents. In either event, neither party has, in
    connection with the instant motion, challenged the relevance of the documents for which
28  defendants have raised claims of privilege.

4

1 | 2007. This court also set a briefing schedule and hearing for any unresolved disputes over

2 | claims of privilege. The instant motion was filed pursuant to that schedule.

3 |     Instead of complying with this court's November 19, 2007 ruling to produce

4 | documents for in camera review, defendants sought reconsideration and/or a stay thereof,

5 | first by this court and then by the three judge panel. Both requests for reconsideration and/or

6 | for stay were denied. Defendants finally submitted the privilege logs produced on November

7 | 9, 2007, November 16, 2007, and November 23, 2007, to this court on November 28, 2007 at

8 | 5:00 p.m.[4] On the same day, defendants submitted all or most[5] of the documents covered by

9 | those privilege logs to this court for in camera review.

10 | PLAINTIFFS' MOTION

11 |     Plaintiffs advance several grounds in support of their motion. They contend that

12 | defendants' privilege logs are filled with obviously erroneous assertions of privilege and that

13 | defendants have failed to correct these errors. In addition, plaintiffs contend that defendants

14 | have failed to meet their burden under Fed. R. Civ. P. 26(a)(5)(A) to adequately identify the

15 | documents and establish a sufficient basis for the asserted privileges. Plaintiffs make three

16 | separate arguments with respect to the deliberative process privilege: that defendants have

17 | failed make the showing necessary to establish application of the deliberative process

---

[4] On November 30, 2007, defendants served a fourth privilege log on plaintiffs and the court and submitted additional documents for in camera review. The instant motion was also filed on November 30, 2007, prior to review by plaintiffs' counsel of the November 30, 2007 privilege log. The court's ruling on the instant motion does not, therefore, include documents covered in the November 30, 2007 privilege log.

[5] Defendants produced for in camera review thousands of documents on a DVD and a secure internet electronic database, accompanied by the five privilege logs served on November 9, 2007, November 16, 2007, and November 23, 2007. Three privilege logs, totaling 574 pages, identify thousands of scanned paper documents for which a privilege has been asserted. Two privilege logs, totaling 621 pages, identify thousands of electronic documents for which a privilege has been asserted. The first privilege log, produced on November 9, 2007, is sixty-three pages long and contains approximately 3500 pages of documents for which one or more claims of privilege are raised. Although the numbering of the documents in the logs is not completely sequential, it is apparent that defendants have, in the five logs served by November 23, 2007, claimed privileges for over 50,000 pages of documents. While the court has determined that the vast majority of documents set forth in the privilege logs are on the DVD or in the database, it has found at least three pages, identified as DOF006698, DOF006699, and CDCR000096 in the November 9, 2007 paper privilege log, that are not readily identifiable on the DVD.

5

1    privilege and that defendants have asserted this privilege for documents outside its scope,

2    that defendants have placed their deliberative processes at issue and the withheld documents

3    are "highly relevant" to these processes, and that plaintiffs' need for the materials outweighs

4    defendants' interest in non-disclosure.  In addition, plaintiffs contend that defendants have

5    failed to establish any of the other asserted privileges.  Finally, plaintiffs contend that

6    defendants have abused the discovery process with their overbroad assertions of privilege

7    and therefore should be deemed to have waived all privileges.

8        In their written opposition, defendants argue that plaintiffs have identified only fifteen

9    examples of alleged improper assertions of privilege and only a very small number of

10   documents inadequately described in the privilege log.[6]  Defendants contend that plaintiffs

11   have failed to identify problems with sufficient specificity and on a large enough scale to

12   justify their request for production of all of the documents in dispute.  Defendants contend

13   that their privilege logs and the declarations in support of the assertions of privilege are

14   sufficient and that, in the context of the voluminous production required by plaintiffs'

15   requests, some "oversights" in the privilege logs do not "eviscerate applicable privileges."

16   Defendants also contend they have not waived the attorney-client privilege, the attorney

17   work product privilege, or the official information privilege; that the documents they have

18   identified as protected by the deliberative process privilege are in fact so protected, that

19   plaintiffs have not shown their need for the documents outweighs the government's interest

20   in the confidentiality of its deliberative processes, and that they have not waived the

21   deliberative process privilege. Defendants also indicate their willingness to meet and confer

22   further with respect to the documents withheld on the basis of privacy rights.

23   /////

24   /////

25                                    ANALYSIS

26   ─────────────────────────

27   [6] During oral argument defendants, apparently conceding the validity of plaintiffs'
     contentions with respect to specific documents, represented that most of those documents
     would be produced to plaintiffs on Friday, December 7, 2007 with a production of

28   documents scheduled for that day.

6

1    I. General Principles

2          Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may

3    obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense

4    of any party. . . " Fed. R. Civ. P. 26(b)(1).  Defendants' claims of privilege in these

5    proceedings are governed by principles of federal common law.  See Fed. R. Evid. 501; see

6    also Kerr v. United States District Court for the Northern District of California, 511 F.2d

7    192, 197 (9th Cir. 1975).

8          It is well-established that the federal "policy favoring open discovery requires that

9    privileges must be 'strictly construed.'" Dowling v. American Hawaii Cruises, Inc., 971 F.2d

10   423, 425 (9th Cir. 1992) (quoting University of Pennsylvania. v. EEOC, 493 U.S. 182, 189

11   (1990)).  The United States Supreme Court has made it clear that an evidentiary privilege is

12   not applied "unless it 'promotes sufficiently important interests to outweigh the need for

13   probative evidence. . . .'" University of Pennsylvania, 493 U.S. at 198 (quoting Trammel v.

14   United States, 445 U.S. 40, 51 (1980).  "Inasmuch as '[t]estimonial exclusionary rules and

15   privileges contravene the fundamental principles that "the public . . . has a right to every

16   man's evidence,'" id. at 50 [internal citation omitted], any such privilege must 'be strictly

17   construed.' 445 U.S. at 50." University of Pennsylvania, id.

18          Rule 26(a)(5)(A) of the Federal Rules of Civil Procedure provides:

19                When a party withholds information otherwise discoverable
                  under these rules by claiming that it is privileged or subject to
20                protection as trial preparation material, the party shall make the
                  claim expressly and shall describe the nature of the documents,
21                communications, or things not produced or disclosed in a manner
                  that, without revealing information itself privileged or protected,
22                will enable other parties to assess the applicability of the
                  privilege or protection.
23

24   Fed. R. Civ. P. 26(a)(5)(A).  The specific "nature" of the notice required by Rule 26(b)(5) "is

25   explicitly left indeterminate." Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court

26   for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005). "'The rule does not attempt to define

27   for each case what information must be provided when a party asserts a claim of privilege or

28   work product protection.'" Id. at 1147-48 (quoting Rule 26(b)(5) advisory committee's note

1  (1993 Amendments).  However, it is clear that "the 'party must . . . provide sufficient

2  information to enable other parties to evaluate the applicability of the claimed privilege or

3  protection.'"  Id. at 1148 (quoting Rule 26(b)(5) advisory committee note (1993

4  Amendments).

5       In Burlington Northern, the United States Court of Appeals for the Ninth Circuit set

6  forth several factors that a court is to consider in determining whether a particular assertion

7  of privilege satisfies the requirements of Rule 26(a)(5)(A):

8           the degree to which the objection or assertion of privilege enables
            the litigant seeking discovery and the court to evaluate whether
9           each of the withheld documents is privileged (where providing
            particulars typically contained in a privilege log is presumptively
10          sufficient and boilerplate objections are presumptively
            insufficient); the timeliness of the objection and accompanying
11          information about the withheld documents (where service within
            30 days, as a default guideline, is sufficient); the magnitude of the
12          document production; and other particular circumstances of the
            litigation that make responding to discovery unusually easy (such
13          as, here, the fact that many of the same documents were the
            subject of discovery in an earlier action) or unusually hard. These
14          factors should be applied in the context of a holistic
            reasonableness analysis, intended to forestall needless waste of
15          time and resources, as well as tactical manipulation of the rules
            and the discovery process. They should not be applied as a
16          mechanistic determination of whether the information is provided
            in a particular format. Finally, the application of these factors
17          shall be subject to any applicable local rules, agreements or
            stipulations among the litigants, and discovery or protective
18          orders.

19  Id. at 1149.

20       Defendants have the burden of proving application of each of the asserted privileges.

21  See In re Grand Jury Investigation,  974 F.2d 1068, 1071 (9th Cir. 1992) (attorney client

22  privilege); Cobell v. Norton, 213 F.R.D. 1, 4 (D.D.C. 2003) (deliberative process privilege);

23  Chism v. County of San Bernardino, 159 F.R.D. 531, 532 (C.D.Cal. 1994) (official

24  information privilege); Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866

25  (D.C.Cir. 1980) (attorney work product).  In camera inspection of documents by this court

26  "'is not a substitute for the government's burden of proof.'"  Maricopa Audubon Society v.

27  U.S. Forest Service, 108 F.3d 1089, 1093 n.2 (9th Cir. 1997)(quoting Church of Scientology

28  of California v. U.S. Department of the Army, 611 F.2d 738, 743 (9th Cir. 1979)).  "In cases

8

1   involving requests for hundreds of documents, no trial court can reasonably be expected to

2   wade through a mass of exhibits in camera." Church of Scientology, at 743.

3   II.  Facial Adequacy of Privilege Logs

4       Plaintiffs' first contention is that defendants' privilege logs are "fraught with plainly

5   frivolous assertions of privilege that demonstrate that defendants have claimed them

6   indiscriminately." Plaintiffs' Memorandum in Support of Motion to Compel Production of

7   Documents, filed November 30, 2007, at 10. Plaintiffs also contend that the logs do not

8   adequately establish a basis for assertion of the various privileges. In this regard, they note

9   that many of the log entries identify only the custodian of the document and the asserted

10  privilege, many entries doe not include the author, recipient or date of the document, and that

11  many of the descriptions of the documents are insufficient to provide any information from

12  which they might glean the basis for the asserted privilege(s). With respect to the

13  deliberative process privilege, plaintiffs also contend that the declarations provided by

14  defendants do not establish that the documents are being withheld as a result of personal

15  consideration by the relevant agency head.

16      Defendants' response to this aspect of plaintiffs' motion is that plaintiffs have only

17  identified a tiny number of deficient log entries in the vast universe of documents for which

18  defendants have asserted a privilege and that the small number of errors identified by

19  plaintiffs does not justify wholesale evisceration of the asserted privileges. Moreover,

20  defendants contend that the adequacy of their privilege logs must be evaluated in light of the

21  large quantities of documents they have reviewed and the short time frame in which the

22  review has been accomplished. Defendants also contend their declarations are sufficient.

23      As noted above, the court must consider several factors in weighing whether the

24  privilege logs provided by defendants satisfy the notice requirements of Fed. R. Civ. P.

25  26(b)(5). As a general rule, an adequate privilege log contains information sufficient to

26  establish the elements of the asserted privilege. See, e.g., Dole v. Milonas, 889 F.2d 885,

27  888 n.3, 890 (9th Cir. 1989); see also In re Grand Jury Investigation, 974 F.2d 1068, 1071

28  (9th Cir. 1992) (citing Dole). Here, defendants' privilege logs are replete with entries for

9

1    which the author of the document is "not readily available," the recipients are "not readily

2    available," the document's date is unknown, and it is described in conclusory fashion as

3    "pre-decisional." See, e.g., Privilege Log dated November 16, 2007, passim. Simply put,

4    these entries do not provide notice sufficient to support the asserted privilege(s). Moreover,

5    it is no answer that plaintiffs have failed to provide defendants with a list of all the deficient

6    log entries. The deficient entries are obvious and they are numerous. Defendants' privilege

7    logs are not "presumptively sufficient" notice of the asserted privileges. Cf. Burlington

8    Northern, at 1149.

9          Defendants rely heavily on the context in which this dispute has arisen to defend the

10    inadequacies in their assertions of privilege. There is no dispute that the magnitude of

11    documents at issue is enormous. See Joint Statement Regarding Discovery Dispute, filed

12    October 22, 2007, supra, at 14-15. Nor is there any dispute that, given the volume, the time

13    constraints under which defendants have been working are short.[7] Even given the magnitude

14    of documents that have been reviewed and the relatively short time in which that has been

15    accomplished, however, as will be discussed more fully below, it is obvious to this court that

16    defendants have failed to meet their burden of establishing the privileges asserted in these

17    proceedings. Neither the press of time nor the volume of documents explain this failure

18    satisfactorily.

19          This court turns now to each asserted privilege.

20    II. Deliberative Process Privilege

21          The privilege logs show that defendants have asserted the deliberative process

22    privilege for the vast majority of documents in dispute. The deliberative process privilege

23    "covers 'documents reflecting advisory opinions, recommendations and deliberations

24    _____

25          [7] It has been three months since defendants were served with plaintiffs' first request
      for production of documents. Defendants initially took the position that the request was
26    premature. As a result of the three judge panel's September 25, 2007 order, defendants had
      the request in their possession for approximately fifty days before responses were due. In
27    addition, plaintiffs thereafter stipulated to a rolling production schedule that provided an
      additional thirty-five days, through November 30, 2007, for complete production of
28    responsive documents.

1   comprising part of a process by which governmental decisions and policies are formulated.'"

2   Department of Interior v. Klamath Water Users Protective Association, 532 U.S. 1, 8 (2001)

3   (quoting NLRB v. Sears, Roebuck & Co., 421 U.S.132, 150 (1975)).[8]  It  "was developed to

4   promote frank and independent discussion among those responsible for making governmental

5   decisions, Environmental Protection Agency v. Mink, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35

6   L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency

7   policies or decisions."  F.T.C. v. Warner Communications Inc., 742 F.2d 1156, 1161 (9th

8   Cir. 1984) (citing Coastal States, 617 F.2d at 866); see also NLRB, 421 U.S. at 150-51.

9           To qualify for the privilege a document must be both "predecisional" and

10  "deliberative."  Id.

11              "A 'predecisional' document is one 'prepared in order to assist an
               agency decisionmaker in arriving at his decision,' and may
12             include 'recommendations, draft documents, proposals,
               suggestions, and other subjective documents which reflect the
13             personal opinions of the writer rather than the policy of the
               agency. A predecisional document is a part of the "deliberative
14             process," if "the disclosure of [the] materials would expose an
               agency's decisionmaking process in such a way as to discourage
15             candid discussion within the agency and thereby undermine the
               agency's ability to perform its functions."
16

17  Carter v. U.S. Department of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting

18  Assembly of State of California v. U.S. Department of Commerce, 968 F.2d 916, 920 (9th

19  Cir. 1992) (internal citations omitted)).  A "predecisional" document is one "prepared in order to

20  assist an agency decisionmaker in arriving at his decision."  Assembly, 968 F.2d at 920 (citations

21  omitted).  A predecisional document is a part of the "deliberative process" if "the disclosure of [the]

22  materials would expose an agency's decisionmaking process in such a way as to discourage candid

23  discussion within the agency and thereby undermine the agency's ability to perform its functions."

24  Id.

25

26  _____

27      [8]  The case law addressing this privilege has generally been in the context of actions
    brought under the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552.  The rationale of
    the FOIA cases, however, is equally applicable where the government asserts the privilege to
28  protect documents from disclosure during civil discovery.  See NLRB, 421 U.S. at 148-50.

11

1    The agency asserting the privilege bears the burden of justifying it. EPA v. Mink, 410 U.S.

2    at 93. The burden may be met through detailed affidavits which establish in a nonconclusory and

3    logical fashion the decision-making deliberative process to which the documents pertain and the role

4    played by the document. Wiener v. F.B.I., 943 F.2d 972 (9th Cir. 1991); Bay Area Lawyers

5    Alliance for Nuclear Arms Control v. Department of State, 818 F.Supp. 1291 (N.D. Cal. 1992).

6    The deliberative process privilege is not absolute. Even where properly asserted, the

7    privilege may be overcome on a showing that a litigant's "need for the materials and the need

8    for accurate fact-finding override the government's interest in non-disclosure." F.T.C. v.

9    Warner, 742 F.2d at 1161 (citations omitted). In making this determination, the court

10    considers, inter alia, "1) the relevance of the evidence; 2) the availability of other evidence;

11    3) the government's role in the litigation; and 4) the extent to which disclosure would hinder

12    frank and independent discussion regarding contemplated policies and decisions." Id.

13    (citations omitted).

14    On October 26, 2007, defendants filed four declarations with their responses to

15    plaintiffs' September 5, 2007 document production request, one each from an official with

16    the California Department of Finance and the California Department of Mental Health and

17    two from officials with the California Department of Corrections and Rehabilitation

18    (CDCR). Declaration of Doug McKeever Regarding Privileged Documents, filed October

19    26, 2007 (McKeever Declaration); Declaration of Cynthia A. Radavsky Regarding Privileged

20    Documents, filed October 26, 2007 (Radavsky Declaration); Declaration of Scott Kernan

21    Regarding Privileged Documents, filed October 26, 2007 (Kernan Declaration); Declaration

22    of Vincent P. Brown Regarding Privileged Documents, filed October 26, 2007 (Brown

23    Declaration). In addition, on December 5, 2007, defendants filed two additional declarations

24    of officials with the CDCR. Declaration of Kathryn Jett in Support of Defendants'

25    Opposition to Plaintiffs' Motion to Compel Production of Documents, filed December 5,

26    2007 (Jett Declaration); Declaration of Deborah Hysen, filed December 5, 2007 (Hysen

27    Declaration). None of the declarations meet the legal requirements for establishing the

28    deliberative process privilege.

12

1    In all four of the declarations filed on October 26, 2007, the declarants make similar

2    averments concerning their general familiarity " with the documents generated" by their

3    respective agencies "which may be responsive to Plaintiffs' requests," that "[c]ertain items

4    within those categories of documents are privileged," that "[p]olicy, planning and

5    procedural" documents in their respective agencies "are drafted, revised, discussed, debated

6    and redrafted before finalization," that "many documents provided to counsel for Defendants

7    are pre-decisional and bear on the formulation or exercise of . . . [the agency's] . . .

8    judgment," and that disclosure of "many potentially responsive documents" "may chill future

9    discourse, collaboration, self-evaluation and critical analysis." McKeever Declaration, at ¶¶

10    4, 5, 9, 10; Radavsky Declaration, at ¶¶ 5, 8, 11, 12; Kernan Declaration, at ¶¶ 4, 7, 11, 12;

11    Brown Declaration, at ¶¶ 4, 6, 9, 10.

12    None of the declarants avers that they have personally reviewed the documents for

13    which their agency has asserted a deliberative process privilege in these proceedings. At the

14    hearing, counsel for defendants acknowledged that no such review occurred. None of the

15    declarants ties any of the statements in their declarations to particular documents for which

16    the deliberative process privilege has been claimed. Moreover, there is no proof that

17    defendants have preserved the confidentiality of the specific documents for which a claim of

18    privilege has been made. Simply put, defendants have not met their burden of establishing

19    that the deliberative process privilege applies to the documents for which it has been

20    asserted.

21    In addition, it is evident from the record before this court that the manner in which

22    these proceedings are being defended involves presentation of material which will constitute

23    a waiver of the deliberative process privilege. The Governor has responded to interrogatories

24    from plaintiffs that his administration "continues to aggressively use the [October 4, 2006

25    overcrowding] Emergency Proclamation to address overcrowding in ways that are less

26    intrusive than a prisoner release order." Ex. B to Declaration of Lori Rifkin in Support of

27    Plaintiffs' Motion to Compel Production of Documents, filed November 30, 2007.

28    Moreover, there is ample evidence in the record that the provisions of Assembly Bill 900

13

1   (AB 900) will play a substantial part in defendants' defense in these proceedings, a fact

2   acknowledged by defendants at the September 24, 2007 hearing before the three-judge court,

3   when defendants stated that they "would certainly like the opportunity to fully present to the court

4   how AB 900 is rolling out and how it will roll out in the near future, so you have a better

5   understanding -- everybody at the table has a better understanding of what it can and can't do."

6   Transcript of Proceedings, September 24, 2007, at 100.

7          For the foregoing reasons, the claims of deliberative process privilege in the privilege logs

8   produced on November 9, 2007, November 16, 2007, and November 23, 2007 have not been

9   established.

10  III.  Attorney-Client Privilege

11         The attorney client privilege protects what a client tells a lawyer. The privilege encourages

12  full disclosure between lawyer and client, so that the lawyer may give informed legal advice. Clarke

13  v. American Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992).  Traditionally, eight elements

14  are essential to the privilege: "(1) [w]here legal advice of any kind is sought (2) from a professional

15  legal advisor in his [or her] capacity as such, (3) the communications relating to the purpose, (4)

16  made in confidence (5) by the client, (6) are at his [or her] instance permanently protected, (7) from

17  disclosure by him [or her] self or by the legal advisor, (8) unless the protection be waived." Admiral

18  Ins. v. U.S. Dist. Court for Dist. of Ariz., 881 F.2d 1486, 1492 (9th Cir. 1989).

19         An adequate privilege log for a claim of attorney client privilege "should identify:  (a) the

20  attorney and client involved; (b) the nature of the document (i.e., letter, memorandum); (c) all

21  persons or entities shown on the document to have received or sent the document; (d) all persons or

22  entities known . . . to have been furnished the document or informed of its substance; and (e) the

23  date the document was generated, prepared or dated." Dole, at 888 n.3, 890.

24         Defendants have not established essential elements of the attorney client privilege.  In

25  particular, it is not evident who the client is or that the confidentiality of the information has

26  been maintained.

27

28

                                                    14

1    Defendants have not established the applicability of the attorney client privilege to the

2    documents for which it is claimed in the privilege logs produced on November 9, 2007,

3    November 16, 2007, and November 23, 2007.

4    IV. Attorney Work Product

5    "The work product doctrine was first articulated by the Supreme Court in <u>Hackman v.</u>

6    <u>Taylor</u>, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Fed.R.Civ.P.Rule 26(b)(3), which

7    substantially codifies the <u>Hickman</u> decision, provides in relevant part:

8       [A] party may obtain discovery of documents and tangible things
        otherwise discoverable under subdivision (b)(1) of this rule and
9       prepared in anticipation of litigation or for trial by or for another
        party or by or for that other party's representative (including the
10      other party's attorney, consultant, surety, indemnitor, insurer, or
        agent) only upon a showing that the party seeking discovery has
11      substantial need of the materials in the preparation of the party's
        case and that the party is unable without undue hardship to obtain
12      the substantial equivalent of the materials by other means. In
        ordering discovery of such materials when the required showing
13      has been made, the court shall protect against disclosure of the
        mental impressions, conclusions, opinions, or legal theories of an
14      attorney or other representative of a party concerning the
        litigation.
15

16   The primary purpose of the work product rule is to 'prevent exploitation of a party's efforts

17   in preparing for litigation.' <u>Admiral Ins. Co. v. United States District Court, 881 F.2d 1486,</u>

18   <u>1494</u> (9th Cir.1989). Like the discovery process that it limits, the work product doctrine

19   encourages efficient development of facts and issues." <u>Holmgren v. State Farm Mutual Auto</u>

20   <u>Insurance Co.</u>, 976 F.2d 573, 576 (9th Cir. 1992) (quoting Fed. R. Civ. P. 26(b)(1)).

21   Defendants have not established that the materials for which they claim work product

22   protection are in fact entitled to that protection. The materials will be produced.

23   V. Official Information

24      A party seeking to claim the official information privilege must
        submit, at the time it files its response to a request for production,
25      a declaration, under oath, from the head of the department having
        control over the matter, which declaration:
26
        (1) affirms that its department has collected the material in
27      question and kept it confidential;

28

15

(2) affirms that the declarant official has personally reviewed the material;

(3) specifically identifies what government interest or privacy interest would be threatened by disclosure;

(4) describes how disclosure, even if made subject to a protective order, would create a substantial risk of harm, and

(5) projects how much harm would be done by disclosure.

Chism v. County of San Bernardino, 159 F.R.D. 531, 533 (C.D.Cal. 1994).

As with the deliberative process privilege, supra, defendants have not met their burden of establishing that the official information privilege applies to the documents for which it has been asserted.  Defendants will therefore be required to produce these documents to counsel for plaintiffs.  However, Scott Kernan, the Chief Deputy Secretary of Adult Operations for CDCR, has included some information in his declaration concerning security concerns implicated by plaintiffs' request for information related to timetables on out of state transfers and  documents reflecting "architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access and construction design details." Kernan Declaration, at ¶¶ 5, 6.  Accordingly, all documents in these two categories for which an official information privilege has been claimed shall be produced subject to the following protective order.  Neither plaintiffs' counsel nor any employee of any law firm representing plaintiffs in these proceedings shall disclose or otherwise refer to any information contained in said documents to any person outside of said law firms nor shall such information be made part of the record in these proceedings without further order of this court or the three-judge court.

VI. Privacy

Finally, defendants' privilege logs contain numerous assertions of privacy rights. Although many of the assertions are ill-defined in the logs, some log entries and this court's in camera review of the documents suggest that the assertions are based on the presence of personal identification information in the documents.  Good cause appearing, the documents for which a claim of privacy rights has been raised shall be released to plaintiffs' counsel

16

1   subject to the following protective order.  Neither plaintiffs' counsel nor any employee of

2   any law firm representing plaintiffs in these proceedings shall disclose or otherwise refer to

3   any names or any other identifying personal information, including but not limited to social

4   security numbers, federal identification numbers, inmate identification numbers, telephone

5   numbers, or e:mail addresses contained in the documents for which claim of privacy has been

6   raised in these proceedings to any person outside of said law firms nor shall such information

7   be made part of the record in these proceedings without further order of this court or the

8   three-judge court.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10       1.  Plaintiffs' November 30, 2007 motion to compel is granted;

11       2.  On or before 12:00 p.m. on December 7, 2007, defendants shall produce to counsel

12   for plaintiffs all documents which have been withheld on grounds of privilege set forth in

13   privilege logs produced on November 9, 2007, November 16, 2007, and November 23, 2007.

14       3.  All documents concerning timetables on out of state transfers or reflecting

15   "architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

16   points of access and construction design details" for which an official information privilege

17   has been claimed shall be produced subject to the following protective order.  Neither

18   plaintiffs' counsel nor any employee of any law firm representing plaintiffs in these

19   proceedings shall disclose or otherwise refer to any information contained in said documents

20   to any person outside of said law firms nor shall such information be made part of the record

21   in these proceedings without further order of this court or the three-judge court.

22       4.  All documents produced for which a claim of privacy rights has been made shall be

23   subject to the following protective order.  Neither plaintiffs' counsel nor any employee of

24   any law firm representing plaintiffs in these proceedings shall disclose or otherwise refer to

25   any names or any other identifying personal information, including but not limited to social

26   security numbers, federal identification numbers, inmate identification numbers, telephone

27   numbers, or e:mail addresses contained in the documents for which claim of privacy has been

28   raised in these proceedings to any person outside of said law firms nor shall such information

17

1  be made part of the record in these proceedings without further order of this court or the

2  three-judge court.

3      5.  Defendants' request for a five-day stay this order is denied.

4  Dated:  December 6, 2007.

5

6                                                    _____

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

1

2              IN THE UNITED STATES DISTRICT COURTS

3            FOR THE EASTERN DISTRICT OF CALIFORNIA

4           AND THE NORTHERN DISTRICT OF CALIFORNIA

5     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

6       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

7

8    RALPH COLEMAN, et al.,

9                    Plaintiffs,                    NO. CIV S-90-0520 LKK JFM P

10            v.                                    **THREE-JUDGE COURT**

11   ARNOLD SCHWARZENEGGER,
     et al.,
12
                     Defendants.
13

14   MARCIANO PLATA, et al.,

15                   Plaintiffs,                    NO. C01-1351 TEH

16            v.                                    **THREE-JUDGE COURT**

17   ARNOLD SCHWARZENEGGER,                         ORDER STAYING
     et al.,                                        PROCEEDINGS
18
                     Defendants.
19

20

21        The Honorable Thelton E. Henderson held a status conference in this case on

22   December 13, 2007, and has consulted with all judges on this court.  After careful

23   consideration of the parties' arguments and the unique factual circumstances of this case,

24   including the very tight timelines originally imposed by this court on the parties, the court

25   finds good cause to order as follows:

26        1.      All pretrial and trial dates are VACATED pending further order of the court.

27        2.      Defendants' December 7, 2007 motion for reconsideration is DENIED, except

28   as provided in paragraph 3 *infra*.

1      3.     All discovery is stayed, with the following exceptions:

2           a.     Any depositions that have already been noticed and scheduled between

3 now and the previously scheduled discovery cut-off of December 20, 2007 may proceed, and

4 parties shall respond to any outstanding written discovery that has already been propounded.

5           b.     Defendants' request for additional time to review and revise their

6 privilege logs is GRANTED IN PART. The matter is referred back to the magistrate judge

7 for further proceedings in connection with Defendants' review and revisions, which shall be

8 completed no later than forty-five calendar days from the date of this order.

9      4.     The question of the dates for filing expert reports and the issues relating to

10 witness depositions raised at the December 13, 2007 status conference remain under

11 submission.

12      5.     The Court will set a status conference by subsequent order.

14 **IT IS SO ORDERED.**

16 Dated:   12/14/07                  /s/

17                            STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

20 Dated:   12/14/07

21                            LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

24 Dated:   12/14/07

25                            THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

2