LIONELL THOLMER # D72926
CSP-LANCASTER
FAC A-A-22A
P.O. BOX 4430
LANCASTER, CA 93536

Plaintiff Pro se

**FILED**

JAN 7 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

   Plaintiffs,

   vs.

ARNOLD SCHWARZENEGGER,

   Defendants.

No. CIV S-90-0520 LKK JFM P

MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF (EXIGENT CIRCUMSTANCES).

---

Plaintiffs are a class of state prisoners with serious mental disorders proceeding in Pro se seeking a contempt order against California State Prison Lancaster (LAC) Senior Psychologist Walsh, and Dr. Coleman, for the conscious contract with custody to skulk torture of inmates, and institutionalization of clinical staff with a culture of acceptance of, and a deliberate blindness to, great atrocities perpetrated by custody staff against mainly the african mental health inmate (JIM) population, wherein inter alia, inmates housed in LAC-FAC-A-4, under the care of doctors Walsh and Coleman, are routinely pepper-sprayed without cause and post-decontamination, and physically assaulted, kept without sheets and blankets, unattended by the latter named doctors who illustrate complete tolerance for, pathology, and complete decompensation of african IMs that, outside of an institutional perimeter, would be cause for disbarment.

1. Plaintiffs, Lionell Tholmer, and several mental health class members (See

1.

1. attached hereto and incorporated herein by reference (Exhibit A.), under the jurisdiction of mental health doctors Walsh and Coleman, bring this action on their own behalf, and on behalf of a class of all mental health I/M's similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. (FRCP).

2. The unsafe conditions and the conscious parallelism by mental health staff with custody staff's cruel and unusual racial hate attacks without cause or lawful authority, of mainly black I/M's, and the deliberate indifference shown by doctors Walsh and Coleman, supervisory psychologist at CSP-SAC-FAC-A-4, violates State and Federal law.

3. Plaintiffs are informed and thereon allege that defendants violate and fail to comply with the requirements of state law, including but not limited to California Penal Code (PC) §§ 147, 673, 2650-2652; Cal. Const. Art. I §§ 15, 17, and violate the Federal Const. U.S. Const. Amd't 8th. Additionally, the duties under the Cal. Const. Article I, § 26 are mandatory and prohibitory, as well as the U.S. Const. 8th Amd't, proscribe cruel and unusual punishment and use of excessive force.

4. Plaintiffs are informed and believe, thereon allege that, as a consequence of doctors Walsh and Coleman's unconscionable and illegal failures to report the evidence of inhumanity (excessive force use upon mental health I/M's) by staff, and their failure to provide adequate mental health counseling to abused african american I/M's because of conscious parallelism with custody's racial hate of black I/M's, plaintiffs class are decompensating.

5. Plaintiffs are informed and believe, and thereon allege, that the common issues of fact and law before the above entitled court include, but are not limited to, the following:

   A. Whether the conditions alleged herein (See attached Exhibit B, a true of a CDC 602 appeal dated 12-14-2007, facts therein) and above herein violate

2.

PC 88 (Art. 673. 2650-2652, Cal. Const. Art I §§ 1, 7, 17; U.S. Const. 8th and/or 14th Amendments to the United States Constitution and its latter mentioned analogs;'

B. Whether under the circumstances, defendants may continue to require plaintiff class members to live excessive force abuses without mental health providers disclosure of obvious cases of abuse that occur on days except Saturdays and Sundays, without fail, during which time the 2nd and 3rd watch sergeants do not tolerate excessive force applications, evidence that doctors Walsh and Coleman reviews mental health I/MS CDC 114 D Adlseg logs, listing the five day reports of pepper-spraying by the same officers also posted in LAC-FAC-A-4- on Saturday and Sunday, yet as I/MS complain and records corroborate, mental health I/MS are being abused, by officers who don't like what I/MS says, so they open the tray slots and pepper-spray I/MS, then claim I/MS spit on them, or a I/M may kick on the cell door to get medical personnels attention, officers will open the tray slot and pepper-spray the I/M, refuse him decontamination, and falsely charge the I/M with a disciplinary; doctors Walsh and Coleman can be often seen hugging the abusers.

6. The representative plaintiffs have the same interest and suffer the same type of injuries as the class members. The claims of each representative plaintiff arose because defendants run, maintain and control the mental health inmate program and population in an unlawful, unconstitutional, and unsafe manner.

7. Plaintiffs restate and incorporate by reference each of the following paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

//
//

CLAIMS

FIRST CAUSE OF ACTION
(14TH Amendment, 42 U.S.C. § 1983)
(Substantive And Procedural Due Process)
(All Class representatives, individually and on behalf of the class, against all defendants)

8. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

9. The conduct complained of herein was and is undertaken pursuant to policies, practices and customs of CSP-LAC mental health staff doctors Walsh and Coleman, as in context with corruption, and was proximately caused, sanctioned, ratified and/or approved by each of the individuals defendants named herein.

10. In subjecting plaintiffs to unlawful and unconstitutional conditions of confinement, defendants, and each of them, deprived plaintiffs and class members of their substantive due process rights, thereby entitling them to bring suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief.

11. In subjecting plaintiffs to improper, unconstitutional conditions of confinement, defendants, and each of them, denied plaintiffs their liberty under state and federal law without procedural due process, thereby entitling them to bring suit for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.

12. As a direct and proximate cause of the aforementioned acts of defendants Walsh and Coleman, plaintiffs and class members are entitled to the relief sought.

SECOND CAUSE OF ACTION
5TH AMENDMENT

4.

(The class representatives individually and on behalf of the class, against all defendants).

13. Plaintiffs restate and incorporate by reference the foregoing paragraph as if each paragraph was fully set forth herein.

14. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of CSP-LAC-FAC-A mental health, and was and is proximately caused, sanctioned, ratified and/or approved by each of the individual defendants.

15. In subjecting plaintiffs and the class members to improper and unconstitutional conditions of confinement, defendants, and each of them, deprived plaintiffs and the class members of their constitutional rights to be free from cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution and state law, thereby entitling them to bring suit for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.

16. As a direct and proximate cause of the aforementioned acts of defendants, plaintiffs and the class members are damaged to the degree to be determined at trial.

### THIRD CAUSE OF ACTION
### CAL. CONST. ART. I, §§ 15, 17

(All class representatives, individually and on behalf of the class, against all defendants)

17. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

18. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CSP-LAC mental health doctors Walsh and Coleman, and was and is proximately caused, sanctioned,

5.

1 ratified and/or approved by defendants Walsh and Coleman.

19. In subjecting plaintiffs and the class members to unlawful and unconstitutional conditions of confinement, defendants, and each of them, deprived plaintiffs and the class members of their California constitutional rights to be free from cruel and unusual punishment, in violation of Article I, §17, and due process of law, in violation of Article I, §15, thus, entitling plaintiffs and the class to obtain declaratory and injunctive relief, under the California Constitution.

20. Any violation of a California Constitutional Provision constitutes the violation of a mandatory duty under Article I, § 26 of the California Constitution, thereby negating any State law immunity. Additionally, the acts of agents or employees in implementing the policies complained of herein constitute ministerial acts for which no state law immunity is available.

21. As a direct and proximate cause of the aforementioned acts of defendants Walsh and Coleman, plaintiffs and the class members are injured as set forth above.

## FOURTH CAUSE OF ACTION

### CAL. PENAL CODE §§ 147, 673, 2650-52.

(All class representatives, individually and on behalf of the class, against the individual defendants).

22. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

23. By engaging in, causing excessive use of force, inhumanities to plaintiffs, causing, sanctioning and approving the conduct complained of herein above, defendants Walsh and Coleman violate plaintiffs and class members federally and state-law protected rights, including but not limited to:

1  A. Cruel and unusual punishment, in violation of California
2  Constitution, Article I, §17, and due process of law, in violation of
3  California Constitution, Article I §15;
4  B. Criminal infliction of prohibited injuries to prisoners, in violation
5  of California Penal Code §§ 2650, 2651, 2652, 147, 673.
6  C. Cruel and unusual punishment, in violation of United States
7  Constitution, Amendment VIII, and due process of law, in violation
8  of Amendment XIV;
9  D. Unlawful conspiracy to violate state statutes in violation of
10  18 U.S.C. § 241 and 242, conspiracy.
11  24. As a result, plaintiffs and class members are entitled to bring
12  suit to enforce criminal statutes under Cal. Penal Code §§ 7, 15, 16, 19, 19.4
13  , 26, as applied to the offenses committed by defendants Walsh and
14  Coleman in violation of PC §§ 147, 673, 2650, 2652 concomitant with
15  Cal. Const. Article I §§ 15, 17, and U.S. Const. Am'dt 8th v.; 18 U.S.C. § 241,
16  and 242.

### FIFTH CAUSE OF ACTION
### CRIMINAL NEGLIGENCE

19  25. Plaintiffs restate and incorporate by reference the foregoing
20  paragraphs as if each paragraph was fully set forth herein.
21  26. The defendants Walsh and Coleman, individually have a
22  duty to provide plaintiffs and class members reasonable and adequate
23  mental health assistance, and have a present continued duty and
24  obligation under Business and Professions Codes and state statutes, to
25  report unlawful injuries of prisoners and inhumane conditions of
26  confinement to proper authorities, but instead, defendants ensconce
27  such criminalities, thus, subjecting plaintiffs, and/or causing them to
28  be subject to, illegal, unlawful, unconstitutional conditions of confinement

7.

including but not limited to deprivation of adequate mental health professionals who are autonomous from custody, and unnecessary and excessive use of force, and failure to report inhumanities to prisoners.

27. The individual defendants negligently fail to adopt and enforce reasonable policies and procedures to insure that plaintiffs and class members were not and are not forced to live in fear of the cruel and unusual punishment and unsafe conditions.

28. As a direct and proximate cause of the aforementioned acts of defendants, plaintiffs and others similarly situated are injured.

### SIXTH CAUSE OF ACTION

### VIOLATION OF STATUTORY DUTIES

(All class representatives, individually and on behalf of the class, against the individual defendants).

29. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

30. By engaging in, concealing, sanctioning and approving the conduct complained of herein, the individual defendants Walsh and Coleman violated plaintiffs' and class members' state-law protected rights, including but not limited to violations of California Penal Code §§ 7, 15, 16, 19, 19A, 26, 147, 673, 2650-2651, 2652.

31. As a direct and proximate cause of the aforementioned acts of defendants, plaintiff and others similarly situated were and are being injured.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF MANDATORY DUTIES

(All class representatives, individually and on behalf of the class, against the individual defendants)

31. Plaintiffs restate and incorporate by reference the foregoing paragraph

8.

including but not limited to deprivation of adequate mental health professionals who are autonomous from custody, and unnecessary and excessive use of force, and failure to report inhumanities to prisoners.

27. The individual defendants negligently fail to adopt and enforce reasonable policies and procedures to insure that plaintiffs and class members were not and are not forced to live in fear of the cruel and unusual punishment and unsafe conditions.

28. As a direct and proximate cause of the aforementioned acts of defendants, plaintiffs and others similarly situated are injured.

### SIXTH CAUSE OF ACTION

### VIOLATION OF STATUTORY DUTIES

(All class representatives, individually and on behalf of the class, against the individual defendants).

29. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

30. By engaging in, concealing, sanctioning and approving the conduct complained of herein, the individual defendants, Walsh and Coleman violated plaintiffs' and class members' state-law protected rights, including but not limited to violations of California Penal Code §§7, 15, 16, 19, 19A, 26, 147, 673, 2650-2651, 2652.

31. As a direct and proximate cause of the aforementioned acts of defendants, plaintiff and others similarly situated were and are being injured.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF MANDATORY DUTIES

(All class representatives, individually and on behalf of the class, against the individual defendants)

31. Plaintiffs restate and incorporate by reference the foregoing paragraphs

8.

's as if each paragraph was fully set forth herein.

32. By engaging in, concealing, sanctioning and approving the conduct complained of herein, the individual defendants conduct fell below those minimum, mandatory standards under Title 15, Cal. Admin. Code §§ 3268, 3268.1, 3270, 3271, 3275, 3291, 3317, 3350-3354, 3360, 3364.1, 3382, 3391. Title 15 is an enactment within the meaning of Government Code § 815.6.

33. By engaging in, causing, concealing, sanctioning and approving the conduct complained of herein, the individual defendants and conduct, and each of them, violated the cruel and unusual punishment clause of the California Constitution, Article I, §17, and due process of law, in violation of California Constitution, Article I, §15, as well as the parallel clauses of the United States Constitution.

34. Any violation of a California Constitutional Provision is mandatory under Article I, §26 of the California Constitution.

35. As a direct and proximate cause of the aforementioned acts of defendants, plaintiffs and others similarly situated are injured.

### EIGHT CAUSE OF ACTION - INJUNCTIVE RELIEF
(Plaintiff Tholmer, Hillman, Singleton, Andrews, Norwood, Lawrence, Wesley Williams, Robertson, Lopez, individually and on behalf of the class they seek to represent, against the CSP-LAC mental health, and Walsh and Coleman).

36. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

37. Plaintiff Mr. Tholmer has been incarcerated in CSP-LAC prison, and presently faces future incarceration in that he has been classified for housing at CSP-LAC for mental health treatment. Plaintiffs Hillman, Singleton, Andrews, Norwood, Lawrence, Williams, Andrews, Napper, have also been and are presently housed at CSP-LAC in the mental health program. Hence, there are

9.

subject to the complained conditions of confinement mentioned herein.

38. Plaintiffs are informed and believe, and based thereon alleged, that CSP-LAC, Walsh and Coleman, are concealing, condoning, sanctioning, permitting and/or encouraging a practice of having plaintiffs and class members subjected to unlawful and unnecessary use of force, cruel and unusual punishment, and the deprivation of adequate mental health treatment, in violation of law as stated in the above-captioned case prior court order(s).

39. Plaintiffs are informed and believe, and based thereon allege, that defendants, and each of them, have repeatedly been advised of the need to adopt and enforce reasonable, lawful and necessary protocols to prevent plaintiffs from being victims of torture, or being exposed to unlawful and unconstitutional conditions that lead and contribute to decompensation and suicides, and warned of the consequences for failure to respond, and failing to do so. Plaintiffs are informed and believe, and based thereon allege, that defendants have ignored obstensible evidence of torture, and advice and warnings and continue to conceal, sanction, condone and support policies and practices described above, and that, even where appropriate policies have been established, they have not been implemented and enforced in a manner consistent with law, hippocratic oath, and conscience, to the extent they have been implemented at all.

40. An actual controversy has arisen and now exist between plaintiffs and defendants in that plaintiffs charge that defendants CSP-LAC practices of concealing the inhumanities, torture, cruel and unusual punishment, unlawful assaults upon prisoners by custody staff, failure to report the attacks by staff upon plaintiffs, unsafe conditions and deprivation of adequate mental health care, violate federal and

state law as well as prior court order(s), whereas defendants claim the practices are legal.

41. Plaintiffs face great and irreparable injury for which there is no adequate remedy at law. Plaintiffs Tholmer, Hillman, Singleton, Andrews, Norwood, Lawrence, Williams, Anderson, Nupper, are presently suffering under defendants' practices that force them to live in mentally deteriorating, unsafe conditions.

42. Plaintiffs bring this claim for injunctive relief under both state and federal law, including on the basis of Causes of Action 1-8 above.

### PRAYER FOR RELIEF

Wherefore, plaintiffs see judgement as follows:

A. Declaratory judgement that defendants actions violate state and federal laws;

B. A preliminary and permanent injunction commanding defendants, CSP-LAC, mental health, and doctors Walsh and Coleman, and each of them to take measures that report unlawful treatment of prisoners, and to cease and desist conflicting the corrupt inhumanities by staff upon plaintiffs, and to provide plaintiffs adequate mental health in safe conditions, including but not limited to the following, which is only sample measures that should be implemented:

1. When several mental health inmates autonomously disclose that custody staff create fiction, e.g. "he spit on me" to use as a guise to unlawfully pepper-spray inmates, report such staff misconduct to investigating agencies.

2. Personally observe the escorts by custody of mental health inmates.

3. Personally make contact with mental health inmates who staff allege are kicking on cell doors during periods mental health staff are in the mental health building to modify such inmates.

N.

4. Report incidents of mental health inmates being deprived food and clothing.

5. Cease and desist mental health units" of institutionalization of clinical staff's culture of acceptance of, and higher tolerance for, pathology and decompensation of inmates, that outside an institutional setting, would not be tolerated".

6. Assure that mental health patients who need medical treatment and medications obtain the same.

7. Secure that bi-polar inmate mental health patients are not being abused by custody staff's lack of understanding of symptoms of their mental illnesses surface, and are used by custody staff to abuse inmates.

8. Report the racial disparity of use of force applications between non-black and black inmates.

9. Report the pattern of force applied upon inmates by the select custody officers who employ force only when select sergeants are on duty, but not when sergeants on Saturday and Sundays, as indication of consciousness by custody staff, that their illegal use of force is only sanctioned by particular sergeants.

10. Provide mental health inmate patients with quality mental health staff providers that vulnerable and psychologically unstable inmates can trust such that there can be forthcoming in a manner that the skills of the treating staff can be effective.

11. Take various other steps along similar lines to be presented at the time of a motion for preliminary and or permanent injunction and or mediation'.

12. Engage one or more monitors under court supervision whose job it is to ensure the implementation of policies and procedures that comport with the statutes and constitutional provisions and laws cited

12.

1. above herein as it relates to the allegations and facts averred herein
2. above, and to report on the status of such efforts to the court and
3. public;
4. 13. Report any retaliation against any plaintiff whether under the
5. guise of any disciplinary or otherwise.
6.     DEMAND FOR JURY TRIAL
7.     Plaintiffs, on behalf of themselves individually and on behalf
8. of the class demand a jury trial.
9.     DATED: December 24th 2007

    Respectfully submitted

    LIONEL L THOLMER

13.

## DECLARATION OF LIONELL THOMER

I, Lionell Thomer, declare under penalty of perjury as follows:

1. I suffered numerous pre-prison and post incarceration bouts of suicide incidents, some which my heart had to be restarted.

2. I exist under constant suicide thought process, and remain submerged in great depression.

3. I arrived to CSP-LAC on November 29th 2007, to the EOP HUB, from CSP-CCI crisis bed. Upon arrival to LAC, no mental health personnel made contact with me.

4. When I made contact with mental health psychologist Blikham and asked "aren't I to see a doctor", she reposted "are you going to enforce policy".

5. The days ensuing my arrival, brought me in contact with the fact that custody staff dictate mental health operation and create a atmosphere of mental anxiety and anguish for the inmate population without intervention by mental health staff, who align with custody staff.

6. After approaching mental health staff and explaining that I suffer various chronic health conditions, including seizure disorders, migraine headaches, and informing inter alia Dr. Coleman, that after submitting medical health care request for medical examination and treatment, without avail, Dr. Coleman said "thats not a mental health problem write it up".

7. Attempts to explain the nexus between the labyrinth of problems in seeking medical access to doctors, and between attempting to secure custody

1.

staff cease obstructing my legal mail, e.g., on Nov 20th 2007, in EDC, CIV-S-04-2491, the magistrate issued an order to me to respond within 20 days, on December 27th 2007, I received that order, along with another order of the same date from EDC, CIV-S-9 S-1907.

8. I conveyed to mental health staff, ive been in prison for more than two decades, mostly spent in non-disciplinary Ad/seg, fighting to prove myself actually innocent, proof of which came in 2005, that the continued separation from legal property, obstruction of my legal mail, separation from contact visits and family, have mounted, and sought help, without avail.

9. I cannot context my mental suffering using language, as it is far beyond the limitations of language, however, because I can read and write, I am not taken seriously.

10. Records of having been brought back to life can be obtained from U.C. Davis Medical Center (Sac), Dameron Hospital (Stockton), Vallejo General Hospital, and many more.

11. Upon arrival to CSP-LAC-FAC-A-4, black inmates began confabbing that blacks were being targeted for racial hate based uses of unlawful and unnecessary and excessive force applications by CSP-LAC-FAC A-4 custody staff, and that Drs Walsh and Coleman remained deliberately blind to the atrocities perpetrated by custody upon black inmates housed under mental health care.

12. Upon arrival to CSP-LAC-FAC-4- I recognized upon entering the housing unit that officers were practicing terroristic threats and deprivation of heat, psychological temperature torture criticized by congress (See Los Angeles Times, Friday, December 7th 2007,) defining such conduct as "torture". Upon being subjected to the torturous freezing temperatures, and bringing

2.

this fact to mental health staff, as did other inmates, I was told "it's a custody issue". Mental Health staff, as well as custody staff, were costs to maintain physical comfort, and mental stability.

13. Seeking mental health help, I attended group, which consist of being moved from a cell to a cage, and having a TV placed in front of the cage, and having option of two preselected channels to observe, and on one day a week, having a psychologist whom one observes not to place her heart into healing acts, spend approximately ten minutes listening to you, a discourse lacking trust required to open vulnerable and emotional lacks to one who shows loyalty to those who practice methods of torture upon the population.

14. On every day when Sergeants Savage, Diaz, Martinez is not posted in Ad/seg, mainly black inmates are routinely pepper-sprayed, never when Sergeants Diaz, Martinez, Savage are posted in the mental health housing unit (Ad/seg), is any inmate sprayed, with only myopic exception.

15. Mental health personnel in Ad/seg, receive complaints from the mental health patient victims of staff assaults, pepper-spraying, and included in the information provided to mental health staff, is that only officers Morales, Riley, Woods, on 3nd watch, and Mikel, Jared, Moeing, Jones, perpetrate the offenses, and only when sergeants Robbins or and Thomas, are posted. Such circumstances in and of themselves evince more than coincidence.

16. This declarant feels his life is in jeopardy by the staff at LAC FAC-A-4, and their confluence with mental health personnel in FAC-A-A, which skulks the criminal conduct evidence of inmate mental health patient injuries inflicted by staff with the exception

3.

of Saturdays and Sundays, when Sergeants Robbins and/or Thomas are not posted in CSP-LAC-FAC-A-A, such information is known to mental health staff directly, e.g., in that CSP-LAC-FAC-A, is the housing unit for mental health patients, and mental health staff must examine CDC 114 A logs daily, which record information of incidents related to individual inmates, and that mental health staff must provide information to disciplinary hearing officers, who adjudicate CDC 115 rule violation reports stemming from pepper-spray incidents, to "determine whether mental health illness effected the conduct, independent of inmates," Red Flags" are raised by reviews of creative writing reports, illustrating a pattern of same C/Os on same days, use of force.

17. Additionally, the fact that I have suffered pain from what could be a brain tumor, and received a "medical notice" that blood results extracted to make such determination, returned with results unfavorable, and having conveyed this information to mental health staff, who thereafter never even took time to say nigger are you alright, or to secure that as the notice stated "you will be seen by medical staff" something I conveyed to mental health staff, hasn't happened, mental health staff is a threat to my mental health.

I, am too far from birth to care about living, in too much pain to care about dying, yet I owe it to my children, grandchildren, sisters/brothers, lawyers/investigators, to remain alive long enough for a verdict vindicating the innocent, and still, I can't deny, seeing the selfish evils presented to my eyes just makes me want to sooner die. Finell Sholmes, Fancustez California

A.

1  December 30th 2007.

5.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ralph Coleman

v.

Arnold Schwarzenegger

Case Number: CIV-S-90-0520

PROOF OF SERVICE

I hereby certify that on January 1st, I served a copy of the attached Motion For Declaratory And Injunctive Relief, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at Lancaster, California:

(List Name and Address of Each Defendant or Attorney Served)

1. Clerk of Court
Eastern District
501 I Street, Suite 2-200
Sacramento, CA 95814

2. Jo Graves
Deputy Attorney General
1300 I St., Suite 125
Sacramento, CA 95814

3. Arnold Schwarzenegger
State Capital Building
Sacramento, CA 95814

4. California Board of Psychology
Complaint Unit
1422 Howe Ave, Ste 22
Sacramento, CA 95825

5. Rosen Bien, Galvan
Attorney At Law
P.O. Box 390
San Francisco, CA 94104-390

CC: Gloria Romero
State Sen.

Robert Blasier
Attorney At Law

Crane Investigation
Anthony H. Toane

Hoover Comm
U.S. Comm & Accred
On Corr. Assn.

I declare under penalty of perjury that the foregoing is true and correct.

(Signature of Person Completing Service)