PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>　　　Plaintiffs,<br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　vs.<br>　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**REQUEST FOR CLARIFICATION OF DISCOVERY STAY ORDER WITH RESPECT TO NOTICED SPOLIATION DEPOSITION** |

On November 29, 2007, Plaintiffs served on Defendants notice of their intent to depose the California Department of Corrections and Rehabilitation ("CDCR") and a related request for documents, attached hereto as Exhibit A to Declaration of Lisa Ells In Support Of Request for Clarification of Discovery Stay Order With Respect to Noticed Spoliation Deposition ("Ells Decl."). The notice requested that Defendants designate a person most knowledgeable to testify on behalf of CDCR on December 20, 2007 regarding various matters related to the preservation of evidence in the instant litigation, and requested production of related categories of documents on the same date. *Id.* The deposition notice and related document request arose out of Defendants' admission in October 2007 that the hard drives of seven high-level CDCR employees had been erased during the course of the overcrowding litigation. Ells Decl. ¶ 3, Exh. B. After attempting to gain additional information on the matter through informal means, Plaintiffs, in a motion heard by this Court on November 19, 2007, requested that the Court order Defendants to provide a detailed explanation. Rather than ordering specific relief, the Court suggested at the November 19, 2007 hearing that Plaintiffs could gain the requested information through a Rule 30(b)(6) deposition. Ells Decl. ¶ 4. Plaintiffs' November 29, 2007 deposition notice and request for documents followed.

On December 17, 2007, pursuant to Defendants' request for reconsideration of this Court's unrelated December 7, 2007 order, the Three-Judge Court issued an order staying discovery. The Three-Judge Court, however, specifically exempted from the stay "[a]ny depositions that have already been noticed and scheduled between now and the previously scheduled discovery cut-off of December 20, 2007." 12/17/07 Order at 2:1-3. The same exception to the stay ordered the parties to "respond to any outstanding written discovery that has already been propounded." 12/17/07 Order at 2:4.

On December 19, 2007, the day before the deposition was set to commence, Defendants served written objections to Plaintiffs' November 29, 2007 deposition notice and request for documents, stating, in relevant part, that the notice was improper because CDCR was not a party to the lawsuit and therefore must be subpoenaed pursuant to Federal Rule of Civil Procedure 45. Ells Decl. ¶ 5, Exh. C. Defendants accordingly did not make any deponents

available and did not produce any documents on December 20, 2007.  Ells Decl. ¶ 5.

On January 3, 2008, Plaintiffs subpoenaed CDCR in accordance with the dictates of Fed. R. Civ. Proc. 45.  Ells Decl. ¶ 6, Exh. D.  The notice of deposition and request for documents accompanying the subpoena were in all substantive ways the same as the November 29, 2007 notice and request.  *Id.*  The January 3, 2008 subpoena simply rescheduled for January 18, 2008 the previously-noticed CDCR Rule 30(b)(6) deposition and related document production.  *Id.*

On January 7, 2008, Defendants sent via email a written objection to the subpoena, asserting that it was improper under the Three-Judge Court's December 17, 2007 order.  Ells Decl. ¶ 7, Exh. E.  That same day, Plaintiffs informed Defendants of their position that the deposition and request for documents fell within the exception to the stay, that Defendants have known about the issue for several months, and that the deposition should move forward in an effort to finally resolve the issues.   Ells Decl. ¶ 8, Exh. F.  Plaintiffs also suggested that, if Defendants continued to disagree and refused to make deponent(s) available, the parties should jointly contact this Court on January 8 or 9, 2008 in order to resolve the issue.  *Id.*  Defendants did not respond, and, on the morning of January 9, 2008, Plaintiffs renewed their request for a joint phone call to this Court.  Ells Decl. ¶ 9, Exh. G.  Again receiving no response, Plaintiffs called Defendants on the morning of January 10, 2008 in another attempt to informally resolve the issue or put it before this Court for adjudication.  Ells Decl. ¶ 10.  Defendants did not respond, and have not responded to date.  *Id.*  Accordingly, Plaintiffs seek an order from the Court clarifying that the rescheduled CDCR Rule 30(b)(6) deposition, currently set for January 18, 2008, and request for documents is exempted from the Three-Judge Court's discovery stay.

The Three-Judge Court's December 17, 2007 order staying discovery specifically permits "[a]ny depositions that have already been noticed and scheduled between now and the previously scheduled discovery cut-off of December 20, 2007" to proceed.  12/17/07 Order at 2:1-3.  Plaintiffs noticed the deposition and related request for documents prior to the Three-Judge Court's order and it was scheduled to be completed before the then-governing discovery cut-off.  It therefore is not subject to the stay.  Moreover, Defendants will suffer absolutely no

prejudice if ordered to attend the deposition and produce documents. The only difference of any consequence between the notice served on November 29, 2007 and the subpoena issued on January 3, 2008 is the deposition date. Defendants have had months of informal and formal notice regarding the information Plaintiffs are seeking. Indeed, this Court suggested a Rule 30(b)(6) deposition as an appropriate method of discovering the information. There is simply no reason to delay the matter any further.

Accordingly, Plaintiffs ask this Court to immediately issue an order clarifying that the deposition and related document production slated for next Friday, January 18, 2008 is not governed by the discovery stay. In the alternative, Plaintiffs ask this Court to order Defendants to file a response to the instant motion by the close of business on January 11, 2008 (or as soon thereafter as possible) in order to permit the Court to expeditiously resolve the issue.

Dated: January 10, 2008                                  Respectfully submitted,

                                                          */s/ Lisa Ells*
                                                          Lisa Ells
                                                          Rosen, Bien & Galvan
                                                          Attorneys for *Coleman* Plaintiffs and on behalf
                                                          of *Plata* Plaintiffs