1  PRISON LAW OFFICE
   DONALD SPECTER Bar No.: 83925
2  STEVEN FAMA Bar No.: 99641
   E. IVAN TRUJILLO Bar No.: 228790
3  General Delivery
   San Quentin, California  94964
4  Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

5  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 096891
6  JANE E. KAHN Bar No.: 112239
   AMY WHELAN Bar No.: 215675
7  LORI RIFKIN Bar No.: 244081
   SARAH M. LAUBACH Bar No.: 240526
8  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
9  Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

10  THE LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER
11  CLAUDIA CENTER Bar No.: 158255
    LEWIS BOSSING Bar No.: 227402
12  600 Harrison Street, Suite 120
    San Francisco, CA  94107
13  Telephone:  (415) 864-8848

14  Attorneys for Plaintiffs

15            IN THE UNITED STATES DISTRICT COURTS

16         FOR THE EASTERN DISTRICT OF CALIFORNIA

           AND THE NORTHERN DISTRICT OF CALIFORNIA
17
    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19  RALPH COLEMAN, et al.,                    )   No.:  Civ S 90-0520 LKK-JFM P
                                              )
20          Plaintiffs,                       )   **THREE-JUDGE COURT**
                                              )
21      vs.                                   )
                                              )
22  ARNOLD SCHWARZENEGGER, et al.,            )
                                              )
23          Defendants                        )
                                              )
24  MARCIANO PLATA ,et al.,                   )   No. C01-1351 TEH
                                              )
25          Plaintiffs,                       )   **DECLARATION OF LISA ELLS IN
       vs.                                    )   SUPPORT OF REQUEST FOR
26                                            )   CLARIFICATION OF DISCOVERY
    ARNOLD SCHWARZENEGGER, et al.,            )   STAY ORDER WITH RESPECT TO
27                                            )   NOTICED SPOLIATION DEPOSITION
       vs.                                    )
28          Defendants                        )

I, Lisa Ells, declare:

1.    I am a member of the Bar of this Court and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify.  I make this declaration in support of Plaintiffs' Request for Clarification of Discovery Stay Order With Respect to Noticed Spoliation Deposition.

2.    On November 29, 2007, Plaintiffs served on Defendants notice of their intent to depose the California Department of Corrections and Rehabilitation ("CDCR") and a related request for documents.  The notice requested that Defendants designate a person most knowledgeable to testify on behalf of CDCR on December 20, 2007 regarding various matters related to the preservation of evidence in the instant litigation, and requested production of related categories of documents on the same date.  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' notice of deposition and request for documents.

3.    The deposition notice and related document request arose out of Defendants' admission in October 2007 that the hard drives of seven high-level CDCR employees had been erased during the course of the overcrowding litigation.  Attached hereto as **Exhibit B** is a true and correct copy of the email Plaintiffs received from Deputy Attorney General Charles Antonen on October 30, 2007 at 10:13 p.m.

4.    Rather than ordering specific relief, the Court suggested at the November 19, 2007 hearing, which I attended, that Plaintiffs could gain the requested information through a Rule 30(b)(6) deposition.

5.    On December 19, 2007, the day before the deposition was set to commence, Defendants served written objections to Plaintiffs' November 29, 2007 deposition notice and request for documents, stating, in relevant part, that the notice was improper because CDCR was not a party to the lawsuit and therefore must be subpoenaed pursuant to Federal Rule of Civil Procedure 45.  Attached hereto as **Exhibit C** is a true and correct copy of Defendants' written objections, received by Plaintiffs on December 19, 2007 at 3:03 p.m.  Defendants accordingly did not make any deponents available and did not produce any documents on

December 20, 2007.

6.      On January 3, 2008, Plaintiffs subpoenaed CDCR in accordance with the dictates of Fed. R. Civ. Proc. 45.  Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs' amended notice of deposition, request for documents, and subpoena.  The notice of deposition and request for documents accompanying the subpoena were in all substantive ways the same as the November 29, 2007 notice and request.  The January 3, 2008 subpoena simply rescheduled for January 18, 2008 the previously-noticed CDCR Rule 30(b)(6) deposition and related document production.

7.      On January 7, 2008, Defendants sent via email a written objection to the subpoena, asserting that it was improper under the Three-Judge Court's December 17, 2007 order.  Attached hereto as **Exhibit E** is a true and correct copy of Defendants' written objection, received by Plaintiffs via email on January 7, 2008 at 1:46 p.m.

8.      That same day, Plaintiffs informed Defendants of their position that the deposition and request for documents fell within the exception to the stay, that Defendants have known about the issue for several months, and that the deposition should move forward in an effort to finally resolve the issues.  Plaintiffs also suggested that, if Defendants continued to disagree and refused to make deponent(s) available, the parties should jointly contact this Court on January 8 or 9, 2008 in order to resolve the issue.  Attached hereto as **Exhibit F** is a true and correct copy of my email to Deputy Attorney General Charles Antonen, sent January 7, 2008 at 3:32 p.m.

9.      Defendants did not respond, and, on the morning of January 9, 2008, Plaintiffs renewed their request for a joint phone call to this Court.  Attached hereto as **Exhibit G** is a true and correct copy of my email to Deputy Attorney General Charles Antonen, sent January 9, 2008 at 9:11 a.m.

10.     Again receiving no response, Amy Whelan, another attorney in my office, called Rochelle East, Supervising Deputy Attorney General, on the morning of January 10, 2008 in another attempt to informally resolve the issue or put it before this Court for adjudication.  Ms. East did not respond, and has not responded to date.

1   I declare under penalty of perjury that the foregoing is true and correct, and that this

2   declaration is executed this 10th day of January, 2008, in San Francisco, California.

3

4   /s/ Lisa Ells
    Lisa Ells

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LISA ELLS IN SUPPORT OF REQUEST FOR CLARIFICATION OF DISCOVERY STAY ORDER WITH RESPECT TO
NOTICED SPOLIATION DEPOSITION, NOS.:  CIV S 90-0520 LKK-JFM P, C01-1351 TEH

# EXHIBIT A

1  PRISON LAW OFFICE
   DONALD SPECTER Bar No.: 83925
2  STEVEN FAMA Bar No.: 99641
   E. IVAN TRUJILLO Bar No.: 228790
3  General Delivery
   San Quentin, California  94964
4  Telephone: (415) 457-9144

5  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 096891
6  JANE E. KAHN Bar No.: 112239
   AMY WHELAN Bar No.: 215675
7  LORI RIFKIN Bar No.: 244081
   SARAH M. LAUBACH Bar No.: 240526
8  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
9  Telephone: (415) 433-6830

10 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
11 CLAUDIA CENTER Bar No.: 158255
   LEWIS BOSSING Bar No.: 227402
12 600 Harrison Street, Suite 120
   San Francisco, CA  94107
13 Telephone:  (415) 864-8848

14 Attorneys for Plaintiffs

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

15            IN THE UNITED STATES DISTRICT COURTS

16          FOR THE EASTERN DISTRICT OF CALIFORNIA

            AND THE NORTHERN DISTRICT OF CALIFORNIA
17
     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19 RALPH COLEMAN, et al.,            )   No.:  Civ S 90-0520 LKK-JFM P
                                     )
20        Plaintiffs,                )   **THREE-JUDGE COURT**
                                     )
21    vs.                            )
                                     )
22 ARNOLD SCHWARZENEGGER, et al.,    )
                                     )
23        Defendants                 )
                                     )
24 MARCIANO PLATA ,et al.,           )   No. C01-1351 TEH
                                     )   **THREE-JUDGE COURT**
25        Plaintiffs,                )
                                     )   **PLAINTIFFS' NOTICE OF**
26    vs.                            )   **DEPOSITION OF CDCR PURSUANT**
                                     )   **TO FEDERAL RULE OF CIVIL**
27 ARNOLD SCHWARZENEGGER, et al.,    )   **PROCEDURE 30(B)(6) AND REQUEST**
                                     )   **FOR PRODUCTION OF DOCUMENTS**
28    vs.       Defendants           )

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of the California Department of Corrections and Rehabilitation ("CDCR"). CDCR is hereby requested and required, pursuant to Federal Rule 30(b)(6), to designate and produce a person or persons most knowledgeable to testify on behalf of CDCR on the following matter(s):

1.     CDCR's policies, procedures, practices and efforts to preserve data and/or documents potentially relevant to the overcrowding litigation;

2.     When, by whom, and through what means the hard drives of Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz were "flushed" or otherwise altered;

3.     What electronic data has been captured and processed as potentially responsive to discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz;

4.     What efforts were undertaken to locate the hard drives of John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz;

5.     CDCR's practices, policies and procedures related to backing up electronic server data, including back up cycles and back up tape rotation calendars, for all CDCR servers, including network servers, file share user servers, and email servers;

6.     CDCR's practices, policies and procedures for tracking, storing, and inventorying employee hard drives;

7.     The imposition of a litigation hold in the overcrowding litigation.

Said deposition will commence at 9:30 a.m. on December 20, 2007 at the law offices of Rosen, Bien & Galvan LLP, 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

Said deposition, if not completed on the specified date, will continue from day-to-day, excluding Sundays and holidays, until such date as is necessary to complete the deposition. The deposition shall be recorded by stenographic means and may be videotaped.

1      PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 34 of the

2 Federal Rules of Civil Procedure, CDCR is commanded to produce at said deposition the

3 documents described in Schedule A attached hereto.  Such documents must be provided within

4 21 days of the date of service of this notice, pursuant to Magistrate Judge's Order of October 30,

5 2007, expediting the discovery deadlines in this matter.

6

7 Dated:  November 29, 2007                   ROSEN, BIEN & GALVAN, LLP

8

9                             By:                                

10                                  Lisa Ells

                                 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULE A**

I.    **DEFINITIONS**

"YOU" and "YOUR" refer to California Department of Corrections and Rehabilitation, and any officers, directors, employees, agents, representatives, attorneys and any person OR entity acting, OR purporting to act, on their behalf, and any predecessor or related entity including but not limited to the California Department of Corrections and Rehabilitation.

"COMMUNICATIONS" means any exchange of information by any means of transmission, including but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile OR telex.

"DOCUMENTS" means all writings, whether fixed in a tangible medium OR electronically stored. "DOCUMENTS" includes but is not limited to, all of the following: papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, policy statements, employee manuals, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials OR notes of oral communications, whether by telephone OR face-to-face, contracts, agreements, drafts of proposed contracts OR agreements, memoranda of understanding, letters of intent, computer tapes, computer drives OR memories, computer diskettes OR disks, email, CDs, DVDs, Blackberrys OR other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), cell phones OR any other tangible thing on which any handwriting, typing, printing, photostatic, electronic OR other form of COMMUNICATION OR information is recorded OR reproduced together with all notations on any of the foregoing, all originals, file copies OR other unique copies of the foregoing and all versions OR drafts thereof, whether used OR not.

"RELATE" to means comprise, mention, reflect, record, memorialize, embody, discuss, evaluate, consider, review OR report on the subject matter of the request.

1     "OR" shall be construed as disjunctive and conjunctive, and "ANY" and "ALL" as used

2 herein shall include "EACH" and "EVERY."

3     "PERSON" OR "PERSONS" means ANY natural PERSON OR ANY business, legal OR

4 governmental entity OR association.

5     The use of the singular form of ANY word includes the plural and vice versa, and the use

6 of ANY verb includes ALL tenses.

7 **II.    RELEVANT TIME PERIOD**

8     The "RELEVANT PERIOD," unless otherwise indicated, shall be from November 13,

9 2006 to the date of this Request, and shall include ALL DOCUMENTS dated, prepared,

10 generated OR received during the RELEVANT PERIOD and ALL DOCUMENTS and

11 information that RELATE in whole OR in part to such period, OR to events OR circumstances

12 during such period, even though dated, prepared, generated OR received prior OR subsequent to

13 the RELEVANT PERIOD.

14 **III.    DOCUMENTS REQUESTED**

15 <u>Document Request 1:</u>

16     ALL DOCUMENTS, regardless of date, used OR reviewed by YOU in preparation for

17 this deposition.

18 <u>Document Request 2:</u>

19     ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that

20 refer, relate to, OR describe CDCR's practices, procedures, and policies regarding document

21 retention.

22

23

24

25

26

27

28

-2-

PLAINTIFFS' NOTICE OF DEPOSITION OF CDCR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) AND REQUEST FOR
PRODUCTION OF DOCUMENTS - NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

Document Request 3:

ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that refer, relate to, OR describe CDCR's practices, procedures, and policies on "flushing," "recycling," OR otherwise altering the files, computers, OR hard drives of employees.

Document Request 4:

ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to OR describe CDCR's litigation hold policies, practices OR procedures.

Document Request 5:

ALL DOCUMENTS in YOUR possession, custody, OR control that relate to any COMMUNICATION regarding the imposition of a litigation hold OR document retention directives pursuant to the *Coleman* and *Plata* overcrowding litigation.

Document Request 6:

ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that refer, relate to, OR describe when, by whom, and through what means the files, computers, OR hard drives of Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz were "flushed" or otherwise altered.

Document Request 7:

ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to, OR describe what electronic data has been captured and processed as potentially responsive to discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz.

Document Request 8:

ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to, OR describe what efforts were undertaken to locate the files, computers, OR hard drives of John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz.

1   Document Request 9:

2       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to

3   OR describe CDCR's policies and procedures related to backing up electronic server data,

4   including back up cycles and back up tape rotation calendars, for all CDCR servers, including

5   network servers, file share user servers, OR email servers.

6   Document Request 10:

7       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to

8   OR describe CDCR's procedure for tracking, storing, OR inventorying employee files,

9   computers, OR hard drives.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

| | |
|---|---|
| **From:** | Charles Antonen [Charles.Antonen@doj.ca.gov] |
| **Sent:** | Tuesday, October 30, 2007 10:13 PM |
| **To:** | Vibeke Martin; Amy Whelan |
| **Subject:** | 3-Judge Panel - Updated Detailed List of Custodians |
| **Attachments:** | Updated Detailed List of Names re Discovery.pdf |

Dear All:

As promised, I have updated the detailed list with the names of the custodians from whom our e-discovery vendor gathered exchange data (*i.e.* emails and possibly files on personal drives). These custodians are as follows:

(1) Bud Prunty
(2) John Dovey
(3) Darc Keller
(4) Peter Farber-Szekrenyi
(5) Richard Kirkland
(6) Brigid Hanson
(7) Teresa Schwartz

With the exception of Ms. Hanson, these custodians are former employees of the California Department of Corrections and Rehabilitation and the hard drives that they utilized were either flushed or could not be located. Counting these custodians, Defendants have provided Plaintiffs with a comprehensive list of eighty custodians from whom Defendants have obtained electronic documents.

Per the rolling production schedule, please provide Defendants with a list of the twelve custodians from CDCR Plaintiffs designate as CDCR Priority Group 1 as soon as possible. Please do not hesitate to contact me if you have any questions or concerns regarding the foregoing. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT C

1   EDMUND G. BROWN JR.
     Attorney General of the State of California
2   DAVID S. CHANEY
     Chief Assistant Attorney General
3   FRANCES T. GRUNDER
     Senior Assistant Attorney General
4   ROCHELLE C. EAST
     Supervising Deputy Attorney General
5   LISA A. TILLMAN, SBN 126424
     CHARLES J. ANTONEN, SBN 221207
6   SAMANTHA D. TAMA, SBN 240280
     Deputy Attorney General
7    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
8    Telephone:  (415) 703-5708
     Fax: (415) 703-5843
9    Email: Charles.Antonen@doj.ca.gov

HANSON   BRIDGETT   MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

10  Attorneys for Defendants

11

12            IN THE UNITED STATES DISTRICT COURT

13         FOR THE EASTERN DISTRICT OF CALIFORNIA

14      AND THE NORTHERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18               Plaintiffs, | **THREE JUDGE COURT** |
| 19         v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21          Defendants. | |
| 22 | |
| 23  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
|               Plaintiffs, | **THREE JUDGE COURT** |
| 24 | |
| 25         v. | **DEFENDANTS'** |
|   **ARNOLD SCHWARZENEGGER, et al.,** | **OBJECTIONS TO** |
| 26 | **PLAINTIFFS' NOTICE OF** |
|          Defendants. | **DEPOSITION OF CDCR AND** |
| 27 | **REQUEST FOR** |
| | **PRODUCTION OF** |
| 28 | **DOCUMENTS** |

Defs. Objections to Pls.' Not. of Deposition &
Resp. to Req. Docs.

*Coleman v. Schwarzenegger, Case No. 90-0520*
*Plata v. Schwarzenegger, Case No. 01-1351*

1

## GENERAL OBJECTIONS

1.      Defendants object that Plaintiffs have failed to serve a subpoena on the California Department of Corrections and Rehabilitation (CDCR).  CDCR is not a party to this matter and is immune from suit under the Eleventh Amendment of the U.S. Constitution.  Consequently, the deposition notice is invalid and unenforceable.

2.      Defendants object that Plaintiffs have failed to tender a witness fee as required by Federal Rule of Civil Procedure 45(b)(1).

3.      Defendants object that Plaintiffs have failed to serve a subpoena duces tecum on CDCR.  CDCR is not a party to this matter and is immune from suit under the Eleventh Amendment of the U.S. Constitution.  Consequently, the request for production of documents attached to deposition notice is invalid and unenforceable.

4.      Defendants object that the discovery seeks documents that are neither relevant Plaintiffs' claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendants object that the deposition notice and requests for production of documents are overbroad and unduly burdensome.  Defendants have already informally provided Plaintiffs with information regarding the matters discussed in the deposition notice and request for production.

6.      Defendants object that the discovery is unduly burdensome to the extent it requires Defendants to produce data in an electronic format.

7.      Defendants object to the definition of "relevant time period" found in Schedule A.  The relevant time period as defined by Plaintiffs is unduly overbroad and unreasonable as the three-judge panel did not formally open discovery in this proceeding until September 25, 2007.

8.      Defendants object that the deposition notice seeks testimony that is protected from disclosure by the deliberative process, official information, attorney-client, and attorney work product privileges.

9.      Defendants object to that the notice of deposition is vague and ambiguous because it fails to define "overcrowding litigation."

Defs. Objections to Pls.' Not. of Deposition &
Resp. to Req. Docs.

2

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

1        10.    Defendants object that the deposition notice impermissibly seeks expert witness

2  testimony and calls for the deponent to render legal conclusions.

3

4                                     **DEFENDANTS' RESPONSES**

5  **REQUEST FOR PRODUCTION NO. 1:**

6        ALL DOCUMENTS, regardless of date, used OR reviewed by YOU in preparation for

7  this deposition.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

9        Defendants object that the request calls for documents protected from disclosure by the

10  attorney-client and attorney work product privileges.  Additionally, CDCR is not a party to this

11  matter and Plaintiffs have failed to serve a subpoena duces tecum, which renders the request for

12  production invalid and unenforceable.

13

14  **REQUEST FOR PRODUCTION NO. 2:**

15        ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that

16  refer, relate to, OR describe CDCR's practices, procedures, and policies regarding document

17  retention.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19        Defendants object that the request calls for documents protected from disclosure by the

20  deliberative process, official information, attorney-client, and attorney work product privileges.

21  The request is overly broad and burdensome because it does not specify a relevant period of time.

22  The request is vague and ambiguous because it fails to define "document retention."

23  Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

24  duces tecum, which renders the request for production invalid and unenforceable.

25

26  **REQUEST FOR PRODUCTION NO. 3:**

27        ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that

28  refer, relate to, OR describe CDCR's practices, procedures, and policies on "flushing,"

Defs. Objections to Pls.' Not. of Deposition &
Resp. to Req. Docs.

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

3

1 | "recycling," OR otherwise altering the files, computers, OR hard drives of employees.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

3 |       Defendants object that the request calls for documents protected from disclosure by the

4 | deliberative process, official information, attorney-client, and attorney work product privileges.

5 | The request is overly broad and burdensome because it does not specify a relevant period of time.

6 | Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

7 | duces tecum, which renders the request for production invalid and unenforceable.

8 |

9 | **REQUEST FOR PRODUCTION NO. 4:**

10 |       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to OR

11 | describe CDCR's litigation hold policies, practices OR procedures.

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13 |       Defendants object that the request calls for documents protected from disclosure by the

14 | deliberative process, official information, attorney-client, and attorney work product privileges.

15 | The request is overly broad and burdensome because it does not specify a relevant period of time.

16 | The request is vague and ambiguous because it fails to define "litigation hold policies."

17 | Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

18 | duces tecum, which renders the request for production invalid and unenforceable.

19 |

20 | **REQUEST FOR PRODUCTION NO. 5:**

21 |       ALL DOCUMENTS in YOUR possession, custody, OR control that relate to any

22 | COMMUNICATION regrading the imposition of a litigation hold OR document retention

23 | directives pursuant to the *Coleman* and *Plata* overcrowding litigation.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

25 |       Defendants object that the request calls for documents protected from disclosure by the

26 | deliberative process, official information, attorney-client, and attorney work product privileges.

27 | The request is overly broad and burdensome because it does not specify a relevant period of time.

28 | The request is vague and ambiguous because it fails to define "litigation hold," "document

Defs. Objections to Pls.' Not. of Deposition &    *Coleman v. Schwarzenegger,* Case No. 90-0520
Resp. to Req. Docs.    *Plata v. Schwarzenegger,* Case No. 01-1351

4

1  retention directives," and "overcrowding litigation." Additionally, CDCR is not a party to this

2  matter and Plaintiffs have failed to serve a subpoena duces tecum, which renders the request for

3  production invalid and unenforceable.

4

5  **REQUEST FOR PRODUCTION NO. 6:**

6      ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that

7  refer, relate to, OR describe when, by whom, and through what means the files, computers, OR

8  hard drives of Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szenkrenyi, Richard Kirkland,

9  Brigid Hanson, and Teresa Schwartz were "flushed" or otherwise altered.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11      Defendants object that the request calls for documents protected from disclosure by the

12  deliberative process, official information, attorney-client, and attorney work product privileges.

13  The request is overly broad and burdensome because it does not specify a relevant period of time.

14  The request is vague and ambiguous because it fails to define "litigation hold policies."

15  Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

16  duces tecum, which renders the request for production invalid and unenforceable.

17

18  **REQUEST FOR PRODUCTION NO. 7:**

19      ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to, OR

20  describe what electronic data has been captured and processed as potentially responsive to

21  discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-

22  Szenkrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      Defendants object that the request calls for documents protected from disclosure by the

25  deliberative process, official information, attorney-client, and attorney work product privileges.

26  The request is overly broad and burdensome because it does not specify a relevant period of time.

27  Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

28  duces tecum, which renders the request for production invalid and unenforceable.

Defs. Objections to Pls.' Not. of Deposition &
Resp. to Req. Docs.

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

5

1 | **REQUEST FOR PRODUCTION NO. 8:**

2       ALL DOCUMENTS in YOUR possession, custody, or control that refer, relate to, OR

3 | describe what efforts were undertaken to locate the files, computers, OR hard drives of John

4 | Dovery, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa

5 | Schwartz.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

7       Defendants object that the request calls for documents protected from disclosure by the

8 | deliberative process, official information, attorney-client, and attorney work product privileges.

9 | The request is overly broad and burdensome because it does not specify a relevant period of time.

10 | Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

11 | duces tecum, which renders the request for production invalid and unenforceable.

12 |

13 | **REQUEST FOR PRODUCTION NO. 9:**

14       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to OR

15 | describe CDCR's policies and procedures related to backing up electronic server data, including

16 | back up cycles and back up tape rotation calendars, for all CDCR servers, including network

17 | servers, file share user servers, OR email servers.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19       Defendants object that the request calls for documents protected from disclosure by the

20 | deliberative process, official information, attorney-client, and attorney work product privileges.

21 | The request is overly broad and burdensome because it does not specify a relevant period of time.

22 | Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

23 | duces tecum, which renders the request for production invalid and unenforceable.

24 |

25 | **REQUEST FOR PRODUCTION NO. 10:**

26       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to OR

27 | describe CDCR's procedure for tracking, storing, OR inventorying employee files, computers,

28 | OR hard drives.

Defs. Objections to Pls.' Not. of Deposition &
Resp. to Req. Docs.

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

6

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

2         Defendants object that the request calls for documents protected from disclosure by the

3    deliberative process, official information, attorney-client, and attorney work product privileges.

4    The request is overly broad and burdensome because it does not specify a relevant period of time.

5    Additionally, CDCR is not a party to this matter and Plaintiffs have failed to serve a subpoena

6    duces tecum, which renders the request for production invalid and unenforceable.

7

8    Dated: December 19, 2007                          EDMUND G. BROWN JR.
                                                        Attorney General of the State of California
9

10                                           By: _____
                                                        CHARLES J. ANTONEN
11                                                      Deputy Attorney General
                                                        Attorneys for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs. Objections to Pls.' Not. of Deposition &
Resp. to Req. Docs.

7

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

# EXHIBIT D

1   PRISON LAW OFFICE                          BINGHAM, McCUTCHEN, LLP
    DONALD SPECTER Bar No.: 83925              WARREN E. GEORGE Bar No.: 53588
2   STEVEN FAMA Bar No.: 99641                 Three Embarcadero Center
    E. IVAN TRUJILLO Bar No.: 228790           San Francisco, California 94111
3   General Delivery                           Telephone: (415) 393-2000
    San Quentin, California 94964
4   Telephone: (415) 457-9144

5   ROSEN, BIEN & GALVAN, LLP                  HELLER, EHRMAN, WHITE &
    MICHAEL W. BIEN Bar No.: 096891            McAULIFFE
6   JANE E. KAHN Bar No.: 112239               RICHARD L. GOFF Bar No.: 36377
    AMY WHELAN Bar No.: 215675                 701 Fifth Avenue
7   LORI RIFKIN Bar No.: 244081                Seattle, Washington 98104
    SARAH M. LAUBACH Bar No.: 240526           Telephone: (206) 447-0900
8   315 Montgomery Street, 10th Floor
    San Francisco, California 94104
9   Telephone: (415) 433-6830

10  THE LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER
11  CLAUDIA CENTER Bar No.: 158255
    LEWIS BOSSING Bar No.: 227402
12  600 Harrison Street, Suite 120
    San Francisco, CA 94107
13  Telephone: (415) 864-8848

14  Attorneys for Plaintiffs

15              IN THE UNITED STATES DISTRICT COURTS

16            FOR THE EASTERN DISTRICT OF CALIFORNIA

17           AND THE NORTHERN DISTRICT OF CALIFORNIA

        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18          PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19  RALPH COLEMAN, et al.,              )  No.: Civ S 90-0520 LKK-JFM P
                                        )
20          Plaintiffs,                 )  **THREE-JUDGE COURT**
                                        )
21      vs.                             )
                                        )
22  ARNOLD SCHWARZENEGGER, et al.,      )
                                        )
23          Defendants                  )
                                        )
24  MARCIANO PLATA ,et al.,             )  No. C01-1351 TEH
                                           **THREE-JUDGE COURT**
25          Plaintiffs,                 )
        vs.                             )  **PLAINTIFFS' AMENDED NOTICE OF**
26                                      )  **DEPOSITION OF CDCR PURSUANT**
    ARNOLD SCHWARZENEGGER, et al.,      )  **TO FEDERAL RULE OF CIVIL**
27                                      )  **PROCEDURE 30(B)(6) AND REQUEST**
        vs.                             )  **FOR PRODUCTION OF DOCUMENTS**
28          Defendants                  )

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules of

3  Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of the California

4  Department of Corrections and Rehabilitation ("CDCR"). CDCR is hereby requested and

5  required, pursuant to Federal Rule 30(b)(6), to designate and produce a person or persons most

6  knowledgeable to testify on behalf of CDCR on the following matter(s):

7      1.    CDCR's policies, procedures, practices and efforts to preserve data and/or

8  documents potentially relevant to the overcrowding litigation;

9      2.    When, by whom, and through what means the hard drives of Bud Prunty, John

10  Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa

11  Schwartz were "flushed" or otherwise altered;

12      3.    What electronic data has been captured and processed as potentially responsive to

13  discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-

14  Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz;

15      4.    What efforts were undertaken to locate the hard drives of John Dovey, Darc Keller,

16  Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz;

17      5.    CDCR's practices, policies and procedures related to backing up electronic server

18  data, including back up cycles and back up tape rotation calendars, for all CDCR servers,

19  including network servers, file share user servers, and email servers;

20      6.    CDCR's practices, policies and procedures for tracking, storing, and inventorying

21  employee hard drives;

22      7.    The imposition of a litigation hold in the overcrowding litigation.

23      Said deposition will commence at 9:30 a.m. on January 18, 2008 at the law offices of

24  Rosen, Bien & Galvan, LLP, 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

25      Said deposition, if not completed on the specified date, will continue from day-to-day,

26  excluding Sundays and holidays, until such date as is necessary to complete the deposition. The

27  deposition shall be recorded by stenographic means and may be videotaped.

28

1    Deponent is not a party to this action. So far is as known to Plaintiffs, the deponent's

2 contact information is 1515 S Street, Sacramento, CA 95814.

3    PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of

4 Civil Procedure, CDCR is commanded to produce at said deposition the documents described in

5 Schedule A attached hereto.

6

7 Dated: January 3, 2008                    ROSEN, BIEN & GALVAN, LLP

8                                           By: _____

9                                           Lisa Ells
                                            Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**SCHEDULE A**

**I.    DEFINITIONS**

"YOU" and "YOUR" refer to California Department of Corrections and Rehabilitation, and any officers, directors, employees, agents, representatives, attorneys and any person OR entity acting, OR purporting to act, on their behalf, and any predecessor or related entity including but not limited to the California Department of Corrections and Rehabilitation.

"COMMUNICATIONS" means any exchange of information by any means of transmission, including but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile OR telex.

"DOCUMENTS" means all writings, whether fixed in a tangible medium OR electronically stored. "DOCUMENTS" includes but is not limited to, all of the following: papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, policy statements, employee manuals, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials OR notes of oral communications, whether by telephone OR face-to-face, contracts, agreements, drafts of proposed contracts OR agreements, memoranda of understanding, letters of intent, computer tapes, computer drives OR memories, computer diskettes OR disks, email, CDs, DVDs, Blackberrys OR other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), cell phones OR any other tangible thing on which any handwriting, typing, printing, photostatic, electronic OR other form of COMMUNICATION OR information is recorded OR reproduced together with all notations on any of the foregoing, all originals, file copies OR other unique copies of the foregoing and all versions OR drafts thereof, whether used OR not.

"RELATE" to means comprise, mention, reflect, record, memorialize, embody, discuss, evaluate, consider, review OR report on the subject matter of the request.

-1-

1    "OR" shall be construed as disjunctive and conjunctive, and "ANY" and "ALL" as used

2    herein shall include "EACH" and "EVERY."

3    "PERSON" OR "PERSONS" means ANY natural PERSON OR ANY business, legal OR

4    governmental entity OR association.

5    The use of the singular form of ANY word includes the plural and vice versa, and the use

6    of ANY verb includes ALL tenses.

7    **II.    RELEVANT TIME PERIOD**

8    The "RELEVANT PERIOD," unless otherwise indicated, shall be from November 13,

9    2006 to the date of this Request, and shall include ALL DOCUMENTS dated, prepared,

10    generated OR received during the RELEVANT PERIOD and ALL DOCUMENTS and

11    information that RELATE in whole OR in part to such period, OR to events OR circumstances

12    during such period, even though dated, prepared, generated OR received prior OR subsequent to

13    the RELEVANT PERIOD.

14    **III.    DOCUMENTS REQUESTED**

15    <u>Document Request 1:</u>

16    ALL DOCUMENTS, regardless of date, used OR reviewed by YOU in preparation for

17    this deposition.

18    <u>Document Request 2:</u>

19    ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that

20    refer, relate to, OR describe CDCR's practices, procedures, and policies regarding document

21    retention.

22    <u>Document Request 3:</u>

23    ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control

24    that refer, relate to, OR describe CDCR's practices, procedures, and policies on "flushing,"

25    "recycling," OR otherwise altering the files, computers, OR hard drives of employees.

26    <u>Document Request 4:</u>

27    ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to

28    OR describe CDCR's litigation hold policies, practices OR procedures.

-2-

PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF CDCR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) AND
REQUEST FOR PRODUCTION OF DOCUMENTS - NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

1    Document Request 5:

2        ALL DOCUMENTS in YOUR possession, custody, OR control that relate to any

3    COMMUNICATION regarding the imposition of a litigation hold OR document retention

4    directives pursuant to the *Coleman* and *Plata* overcrowding litigation.

5    Document Request 6:

6        ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control

7    that refer, relate to, OR describe when, by whom, and through what means the files,

8    computers, OR hard drives of Bud Prunty, John Dovey, Darc Keller, Peter Farber-

9    Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz were "flushed" or

10   otherwise altered.

11   Document Request 7:

12       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to,

13   OR describe what electronic data has been captured and processed as potentially responsive

14   to discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-

15   Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz.

16   Document Request 8:

17       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to,

18   OR describe what efforts were undertaken to locate the files, computers, OR hard drives of

19   John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson,

20   and Teresa Schwartz.

21   Document Request 9:

22       ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to

23   OR describe CDCR's policies and procedures related to backing up electronic server data,

24   including back up cycles and back up tape rotation calendars, for all CDCR servers, including

25   network servers, file share user servers, OR email servers.

26

27

28

1  Document Request 10:

2      ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to

3  OR describe CDCR's procedure for tracking, storing, OR inventorying employee files,

4  computers, OR hard drives.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | California |

Coleman v. Schwarzenegger

&

Plata v. Schwarzenegger

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] E.D. Cal. No. CIV S 90-0520 LKK-JFM
N.D. Cal. No. C01-1351 TEH

TO:  California Department of Corrections & Rehabilitation
Person(s) Most Knowledgeable

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor San Francisco, CA  94104 | DATE AND TIME 1/18/2008 9:30 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see attached.

| PLACE    Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor San Francisco, CA  94104 | DATE AND TIME 1/18/2008 9:30 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiffs | DATE 1/3/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lisa Ells, Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor
San Francisco, CA  94104, (415) 433-6830

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/3/2008 | 1515 S Street, Rm. 314S, Sacramento, CA 95814 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael Stone by: Aurelia Lucero, Associate Governmental Analyst, Authorized to Accept. | Personal Service at 4:05 pm |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Donna Everhart | Process Server RPS# 2006-21 Sacramento County |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/3/2008
                DATE

*Donna Everhart*
SIGNATURE OF SERVER

Capitol Couriers Inc.    (916) 451-3697
ADDRESS OF SERVER

3000 T Street Ste. 200 Sacramento, CA 95816

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1

## PROOF OF SERVICE

2      I, Sofia Millham, declare that I am a resident of the State of California, am over the

3   age of eighteen years and am not a party to the within action. I am employed with Rosen,

4   Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco,

5   California 94104. On January 3, 2008, I served the following documents:

6   **PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF CDCR PURSUANT
7   TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) AND REQUEST FOR
    PRODUCTION OF DOCUMENTS**

8

     I served the documents on the persons listed below, as follows:

9

| | |
|---|---|
| [ ] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Lisa A. Tillman | Paul B. Mello, Esq. |
| Deputy Attorney General | Hanson, Bridgett, Marcus, Vlahos & Rudy, |
| 1300 I Street, Suite 125 | LLP |
| Sacramento, CA 95814 | 425 Market Street, 26th Floor |
| | San Francisco, CA 94105 |
| Lead Counsel for County Intervenors | Republican Assembly and Senate Intervenors |
| Ann Miller Ravel | Steven S. Kaufhold |
| Theresa Fuentes | Akin, Gump Strauss Hauer & Feld, LLP |
| Office of the County Counsel | 580 California Street, 15th Floor |
| 70 West Hedding, East Wing, 9th Floor | San Francisco, CA 94104 |
| San Jose, CA 95110 | |
| California Correctional Peace Officers' | County of Sonoma Intervenors |
| Association (CCPOA) Intervenors | Anne L. Keck, Deputy County Counsel |
| Ronald Yank | Steven Woodside |
| Gregg MacClean Adam | 575 Administration Drive, Room 105A |
| Carroll, Burdick & McDonough, LLP | Santa Rosa, CA 95403 |
| 44 Montgomery Street, Suite 400 | |
| San Francisco, CA 94104 | |
| District Attorney Intervenors | California Sheriff, Probation, Police Chief |
| Rod Pacheco | and Corrections Intervenors |
| Charles Hugues | Jones & Mayer LLP |
| District Attorney | Martin J. Mayer |
| County of Riverside | Michael R. Capizzi |
| 4075 Main Street, First Floor | Kimberly Hall Barlow |
| Riverside, CA 92501 | Elizabeth R. Feffer |
| | 3777 North Harbor Boulevard |
| | Fullerton, CA 92835 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 3rd day of January, 2008 at San Francisco, California.

Sofia Millham

# EXHIBIT E



*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5443
Facsimile: (415) 703-5843
E-Mail: Charles.Antonen@doj.ca.gov

January 7, 2008

*VIA ELECTRONIC MAIL*

Lisa Ells, Esq.
Rosen Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:     Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284
        *Coleman, et al. v. Schwarzenegger, et al.*
        USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM
        *Plata, et al. v. Schwarzenegger, et al.*
        USDC, Northern District of California, Case No. C-01-1351 TEH

Dear Ms. Ells:

        We are in receipt of the subpoena duces tecum Plaintiffs served on the California
Department of Corrections and Rehabilitation (CDCR) on January 3, 2008. Please be advised
that this subpoena is wholly improper because on December 14, 2007 the Three-Judge Panel
stayed, with limited exception, all discovery in this proceeding. The current subpoena to CDCR
does not fit within the narrow exception permitted by the Three-Judge Panel. Therefore, we
request that Plaintiffs withdraw this subpoena duces tecum immediately. Thank you.

                        Sincerely,

                        *[signature]*

                        CHARLES J. ANTONEN
                        Deputy Attorney General

            For     EDMUND G. BROWN JR.
                    Attorney General

cc:     Donald Specter, Esq.
        Michael Bien, Esq.
        Rochelle East, Esq.
        Paul Mello, Esq.

Lisa Ells, Esq.
January 8, 2008
Page 2

> Lisa Tillman, Esq.
> Samantha Tama, Esq.
> Misha Igra, Esq.

# EXHIBIT F

| | |
|---|---|
| **From:** | Lisa Ells |
| **Sent:** | Monday, January 07, 2008 3:32 PM |
| **To:** | 'Charles Antonen' |
| **Cc:** | Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Alison Hardy; Donald Specter; Coleman Team - RBG Only |
| **Subject:** | RE: 3-Judge Panel - Subpoena to CDCR |

Charles,

Thank you for your attached letter. We respectfully disagree. The CDCR Rule 30(b)(6) deposition and request for documents is exempt from the stay pursuant to the first exception, as it was noticed before the Three-Judge Court's December 14, 2007 order and was scheduled to be completed before the then-governing discovery cutoff date of December 20, 2007. We have been seeking information on these issues since October, and at the November 19, 2007 hearing, Judge Moulds recommended a 30(b)(6) deposition as an appropriate solution. There is no reason to delay the matter any further.

To the extent you continue to disagree and if you refuse to make the deponent(s) available, I suggest that we contact Judge Moulds to resolve the issue promptly. I am available until 12:30pm tomorrow or all day Wednesday to call Ms. Gracey.

Thanks,

Lisa

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Monday, January 07, 2008 1:44 PM
**To:** Lisa Ells
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Alison Hardy; Donald Specter; Amy Whelan; Michael W. Bien
**Subject:** 3-Judge Panel - Subpoena to CDCR

Lisa,

Please see the attached correspondence. Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

1/10/2008

# EXHIBIT G

| | |
|---|---|
| **From:** | Lisa Ells |
| **Sent:** | Wednesday, January 09, 2008 9:11 AM |
| **To:** | 'Charles Antonen' |
| **Cc:** | Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Alison Hardy; Donald Specter; Coleman Team - RBG Only |
| **Subject:** | RE: 3-Judge Panel - Subpoena to CDCR |

Charles,

You have not responded to my email.  Please provide me a time today that we can call Ms. Gracey to begin the process of resolving any issues surrounding the CDCR Rule 30(b)(6) deposition scheduled for next Friday.

Thanks,

Lisa

---

**From:** Lisa Ells
**Sent:** Monday, January 07, 2008 3:32 PM
**To:** 'Charles Antonen'
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Alison Hardy; Donald Specter; Coleman Team - RBG Only
**Subject:** RE: 3-Judge Panel - Subpoena to CDCR

Charles,

Thank you for your attached letter.  We respectfully disagree.  The CDCR Rule 30(b)(6) deposition and request for documents is exempt from the stay pursuant to the first exception, as it was noticed before the Three-Judge Court's December 14, 2007 order and was scheduled to be completed before the then-governing discovery cutoff date of December 20, 2007.  We have been seeking information on these issues since October, and at the November 19, 2007 hearing, Judge Moulds recommended a 30(b)(6) deposition as an appropriate solution.  There is no reason to delay the matter any further.

To the extent you continue to disagree and if you refuse to make the deponent(s) available, I suggest that we contact Judge Moulds to resolve the issue promptly.  I am available until 12:30pm tomorrow or all day Wednesday to call Ms. Gracey.

Thanks,

Lisa

---

**From:** Charles Antonen [mailto:Charles.Antonen@doj.ca.gov]
**Sent:** Monday, January 07, 2008 1:44 PM
**To:** Lisa Ells
**Cc:** Lisa Tillman; Misha Igra; Rochelle East; Samantha Tama; Paul B. Mello; Alison Hardy; Donald Specter; Amy Whelan; Michael W. Bien
**Subject:** 3-Judge Panel - Subpoena to CDCR

Lisa,

Please see the attached correspondence.  Thank you.

Sincerely,

Charles J. Antonen
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
415.703.5443
415.703.5843 (Facsimile)
Charles.Antonen@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

1/10/2008