Dear Clerk

In re: CIV-S-90-0520 LKK JFM P
Coleman v Schwarzenegger



FILED
JAN 10 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY CLERK

Please find enclosed exhibits I failed to include with my motion for injunctive and declaratory relief mailed to you on Jan 1st 08.

Service has been made on all parties, except the court.

Thank you.

/s/ Jamell Jholm

**MAINTAIN ON PAPER**

ACCOMPANYING EXHIBITS

# EXHIBIT "A"

CLASS REPRESENTATIVES VERIFICATIONS

DECLARATIONS

1. Plaintiff Lionell Tholmer, declares under penalty of perjury, that upon arrival to CSP-LAC-FAC-A-4 informed mental health senior psychologist Walsh via the RTR of my mental health needs, and subsequently, after arrival to CSP-LAC-FAC-A-4, and notifying mental health staff of the fact's transferred from a crisis bed to CSP-LAC, and that I suffer from debilitating head and stomach pains, had not received medications, psychiatric or physician meds, met with doctor Coleman requesting the same, was reported "you put in paper-work, what you want me to do"? On 12-20-07, plaintiff received a notification blood test results that gave rise of life threatening diagnosis, conveyed the same to Psych Tech Scott, who conveyed the same to psychologist Coleman, who departed for home without even making contact with plaintiff, until believes in addition to Dr. Coleman not liking prisoners, she does not like blacks, and deliberately indifferent to mental health population. Executed this 31st day of December 2007, at Lancaster, California. "Lionell Tholmer"

2. Plaint STACY HILLMAN DECLARES under penalty of perjury That Doctor Coleman Really Do Not Help me when I was on her case I Did not feel she was any help to me I ask Her to Take me ofs Her case L/d Because I Did not feel I cause not further I HAD To Do Something To get A lis to get off her case

3. Antron Singleton # V24953, I declare under penalty of perjury that I have been assaulted by CvSP-LAxC officers And that I was sent to A CTC crisis bed where I did not recieve proper medical treatment for my injuries, and then I was placed in Ad-Seg where I have not recieved proper medical or mental health treatment due to the deliberate attempt to cover up the actions of officers (Solorzano and Espinoza) known for assaulting inmates.

4. Kula Andrews A-4 221 F63319
5. Howard Antwain A4-106 T73374
6. ANDRE LAWRENCE A4-106 K44664
7. I, John Wesley Williams, # V34098, A4 105 do declare That Mental health services are inadequate due to supervision by green wall gang members in disguise as correctional officers who treat and respond to mental health issues/concerns with excessive force. Q L ©
Executed This 23 day of December 2007 at Lancaster, Calif.

8. ANDERSON 105U C50124 [signature]
9. Napper A4-102 P8734 [signature]
Mental Health at CSP-LAC
is garbage!!
10. Kenny Smith #K-55059
I was assaulted on 5-31-06
Mental health was notified of the incident
[illegible] was informed I need lawyer
as I am scared for my life. Mental
health at LAC did/are aware
of this issue and refuse to help.

COMMON CLAIMS FOR ALL PLAINTIFFS
23. Each plaintiff has filed a timely claim under Cal. Gov. Code §910 with the county of Lancaster on the behalf of themselves and others similarly situated.
24. Thus, the representative plaintiffs have the same interest and suffered and are suffering similar injuries as the class members. The claims of each representative plaintiff arise, because defendants run, maintain and control mental health program population in an unlawful and unconstitutional manner as incorporated by the attached complaint.

# EXHIBIT "B"

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. | 1. | |
| | 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

**NAME:** Whitmer L.K.
**NUMBER:** D72925
**ASSIGNMENT:** Administrative Segregation Ad Seg
**UNIT/ROOM NUMBER:** A-A-224

**A. Describe Problem:** Mental Health Staff Senior Psychologist Walsh and subordinate Psychologist Coleman, Deliberate Indifference, Racial Discrimination, Negligence, Collusion to Deprive And Conceal Deprivation of Civil Rights, And Skulk Unlawful Use of Force. **COMPENDIUM:** This action challenges the mental health care provisions provided by CSP-LAC, inter alia, violating the Eighth and Fourteenth Amend. and it's corollaries under California Const. State law claims are brought pursuant to Business And Professions Codes (Medical Practice Act), and state statutes. (2) The gravamen of this complaint concerns wanton disregards towards psychiatric

If you need more space, attach one additional sheet (See attached Describe Problem Continued)

**B. Action Requested:** (1) Order an inquest, (2) Interviews each plaintiff (3) Remove the defendants from post over lives (4) In conjunction with demonstrate filing of complaint to the California Board of Psychology, submit the results of plaintiffs class individual and collective statements generated through this investigation to the Board of Psychology

**Inmate/Parolee Signature:** Lunell Whitmer
**Date Submitted:** 12-24-07

**C. INFORMAL LEVEL (Date Received: _____)**

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

mental health needs, inadequate treatment, deliberate indifference towards prisoners psychiatric needs causing severe psychiatric deterioration, failure to report the incidents of unlawful use of force, collusion with staff perpetrators of excessive use of force upon most vulnerable prisoners. Negligent and reckless failures to seek adequate treatment for mental health prisoners victimized by excessive force injuries, and inhumane and unconstitutional conditions of confinement. (3) The deliberate indifference to and inadequate mental health provisions and inhumane treatment of prisoners, and the collusion with custodial staff abusers who unlawfully injure inmates (I/M's), have caus among other things, mental deterioration. The mental health provisions contribute to incide of attempted suicides and increased mental disorders, of which mental health psychologist often disacknowledge so as to conform to custody's will and want, which poses significant threa to the mental health I/M population. **II. JURISDICTION** (4) Plaintiffs present federal claims for relief under 42 U.S.C. § 1983, 42 USC § 12100 et. seq. Additionally, federal jurisdiction is conferred upo federal court by 28 U.S.C §§ 1331 and 1343. Plaintiffs state law claims are so related to their federal l claims that they form part of the same action and controversy. Accordingly, supplemental jurisdiction over those claims is conferred upon federal court by 28 U.S.C. § 1367, and upon state court by Art VI 11, 12 of the Cal. Const., and Penal Code § 1473. (5) Plaintiffs charges arise out of acts of California State Prison Lancaster Mental Health Personnel Department in Lancaster, State of California. Accordingly, venu is proper in the Central District of California, or Lancaster Superior Court. **III. PARTIES A. Plaintiffs** Plaintiff Lionell Tholmer, is and was at all times relevant thereto, a resident of the CSP-LAC. As well as all class member (see attached list of plaintiffs to this action on their behalf, and on behalf of a persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure (FRCP) Exhi A.). The class is defined as those persons who, in the two years preceding the filing of this action, or until date of class certification, or such date the court sets, were forced to reside in CSP-LAC, main -aineel and under the control of mental health personnel Doctors Walsh and Coleman, who deprive inmate adequate mental health treatment, failed to disclose inhumane conditions and unlawful use of force and injuries to prisoners, and unsafe conditions. 7. The inadequate mental healthcare deliberate indifference to serious health needs, charged herein, include collusion with custody st to ensconce assaults and unlawful force upon I/M's. Among other things, many class members were an are required to go without blankets, treatment for relief from peper-spray, cloths, and other safe conditions, in violation of Federal and State Law. 8. Plaintiffs are informed and believe and thereon allege that defendants violate and fail to comply with the requirements of state law, including but not limited to California Penal Code (PC) §§ 147, 673, 2600, 2650-52, and Title 15, Cal. Admin. Code §§ 3360, 3361, 3362, 3365. **B. DEFENDANTS** 9. Defendant California Department of Corrections And Rehabilitation (CDCR) is a public entity within California law and is a State Agency. These defendants are sued in their own right for a County and CDCR polic practice or custom which causes plaintiffs injuries in violation of one or more federal constitutio guarantees, and or plaintiffs state law claims, under California Government Code § 815.2 and mandato

makes for CSP-LAC-Mental Health. 11. Defendant Psychologist Coleman, is a treating physician (psychologist) at CSP-LAC-FAC A-4-EOP program. 12. Plaintiff's sue Walsh, Coleman, in both their individual and official capacities. 13. Plaintiffs are informed and believe, and based thereon allege, that defendants Walsh and Coleman, who were and/or are responsible for providing mental health treatment and programs, including examining conditions that effect, impair and deteriorate, the health and well-being of inmates. 14. Plaintiffs are informed and believe, and based thereon allege, that defendants Walsh and Coleman, are responsible for insuring that CSP-LAC mental health comply w/ state and federal standards for the mental health care, treatment, and programs, housing and meals safety, health and well being of mental health I/M's. 15. Plaintiffs are informed and believe, and bas- herein allege, that Walsh and Coleman, were and are now responsible for CSP-LAC EOP, among other th- are obligated under state law to report prisoner abuse, report deprivation of constitutional treatment e.g. denial of clothing, unlawful use of force, health and well-being of I/M's. 16. Upon information and belief, plaintiffs further allege that, at all times relevant herein, the defendants participated in, approved, o- or conspired to conceal the unconstitutional and illegal acts complained herein. 17. Plaintiffs are informe- and believe, thereupon allege, that at all times relevant herein the individual defendants, and each of them were agents, servants and employees of CDCR- posted at CSP-LAC FAC A-, and were acting at all time- within the scope of their agency and employment and with knowledge and consent of their principal empl -ers, the CDCR and County. At all times herein, defendants, and each of them, were acting under the color of state law. **IV. CLASS ACTION ALLEGATIONS** 18. Plaintiffs bring this action on their own behalf, and on the behalf of a class of persons similarly situated pursuant to Rule 23 (FRCP). The class defined as persons who, in the year preceding filing of this action, and until the date of class-certification or such other date set by the courts, were forced to reside in CSP-LAC-FAC-A-4-EOP, maintained und- CDCR mental health personnel defendants, under racial discriminatory disparagement treatmen- inadequate mental health provisions and deliberately indifferent health care personnel, unsafe and unconstitutional conditions, failure to report prisoner abuse. 19. All duties under California Constitu- are mandatory and prohibitory under Art I, §26. 20. Plaintiffs are informed and believe, and thereon allege that, as a consequence of defendants' unconscionable and illegal failures to provide nondiscrimination mental health treatment without consideration to race and prisoner status, failure to seek treatment for victims of unlawful pepper-spraying, failure to report cases of inhumanity to prisoners, or to provide adequate mental health treatment and secure adequate, constitutional conditions of confinement for mental health patients, plaintiff class have suffered severe mental suffering and deterioratio- including but not limited to suicide thoughts and ideations. 21. Plaintiffs are informed and believe, an- thereon alleges that, as a consequence of defendants' unconscionable and illegal failures to provide n- racially discriminatory, non-prisoner-biased, and constitutionally adequate mental health treatmen- class members currently residing at CSP-LAC-FAC A-4 are subjected to the illegal conditions allege- herein as a result, are at substantial risk of mental breakdowns, including suicidal incidents,. 22. Beginning November 29th 2007, Mr. Tholmer incarcerated at CSP-LAC-FAC A-4- informed defendants Walsh and Coleman of his psychological illness, and the problems in attempts to obtain medical treatment for life-threatening health problems. Defendants instructed write paper work, or Dec. 31st plaintiff received medical notice that his condition is life threatening. Coleman ignored such info. and did