1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN – State Bar No. 126424
   Deputy Attorney General
6  CHARLES ANTONEN – State Bar No. 221207
   Deputy Attorney General
7  SAMANTHA TAMA – State Bar No. 240280
   Deputy Attorney General
8  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
9  Telephone: (415) 703-5443
   Facsimile: (415) 703-5843
10 Charles.Antonen@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

11  Attorneys for Defendants

12  **UNITED STATES DISTRICT COURT**

13  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14  **AND THE NORTHERN DISTRICT OF CALIFORNIA**

15  **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

16  **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

17  RALPH COLEMAN, et al.,

18          Plaintiffs,

19     v.

20  ARNOLD SCHWARZENEGGER, et al.,

21          Defendants.

No.  2:90-cv-00520 LKK JFM

**THREE-JUDGE COURT**

22  ――――――――――――――――――

23  MARCIANO PLATA, et al.,

24          Plaintiffs,

25     v.

26  ARNOLD SCHWARZENEGGER, et al.,

27          Defendants

28

No. C01-1351 TEH

**THREE-JUDGE COURT**

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' REQUEST FOR
CLARIFICATION OF DISCOVERY STAY**

- 1 -

# I.

## INTRODUCTION

On December 14, 2007, the three-judge panel ordered, with limited exception, a stay of all discovery in this proceeding. (Order Staying Proceedings, 2:1.) Despite the clarity of this order, Plaintiffs on January 3, 2008 served a subpoena on the California Department of Corrections and Rehabilitation (CDCR). Additionally, Plaintiffs have subpoenaed for deposition two third-party witnesses: the California Department of Public Health (CDPH) and John Misener of Navigant Consulting. While Defendants do not dispute that Plaintiffs may eventually take these depositions, Plaintiffs must wait until the three-judge panel lifts the discovery stay. Since the discovery stay is still in effect, Plaintiffs' subpoenas to CDCR, CDPH, and Mr. Misener are improper and these depositions should be taken off calendar pending further order of the three-judge panel.

# II.

## FACTUAL BACKGROUND

On November 29, 2007, Plaintiffs served a Federal Rule of Civil Procedure 30(b)(6) deposition notice to CDCR. CDCR, however, is not a party to this proceeding. Defendants apprised Plaintiffs of this and the many other defects in the deposition notice. (Ells Decl. Ex. C.) On December 19, 2007, Lisa Ells, counsel for Plaintiffs, notified Defendants that the CDCR deposition was "taken off calendar" and would be "re-noticed when *the discovery stay is lifted.*" (Antonen Decl. Ex. A) (emphasis added).

On January 3, 2008, Plaintiffs served a subpoena duces tecum on CDCR. (Antonen Decl. Ex. B.) On January 8, 2008, Plaintiffs, relying on a previously issued subpoena duces tecum, served an amended notice of deposition of Mr. Misener. (Antonen Decl. Ex. C.) On January 9, 2008, Plaintiffs, relying on a previously issued subpoena duces tecum, served an amended notice of deposition of CDPH. (Antonen Decl. Ex. D.) Defendants notified Plaintiffs that these depositions are improper because the three-judge panel's order staying discovery remains in effect. Plaintiffs, however, apparently believe that these depositions are not "subject to the stay and will move forward with them on January 28th and 29th." (Antonen Decl. Ex. E.)

- 2 -

## III.

## ARGUMENT

### A.    The Discovery Stay Applies to the Depositions Noticed by Plaintiffs.

Plaintiffs concede that three-judge panel stayed discovery in this matter. (Pls.' Req. for Clarification 1:18-19.) The limited exception to this stay provided that "[a]ny depositions that have already been noticed and scheduled between now [December 14, 2007] and the previously scheduled discovery cutoff of December 20, 2007 may proceed . . . ." (Order Staying Proceedings, 2:2-3; Pls.' Req. for Clarification 1:19-21.) To be exempt from the discovery stay, Plaintiffs were required to properly serve a deposition notice before December 14, 2007, and complete any deposition by December 20, 2007. Plaintiffs' subpoenas/amended deposition notices to CDCR, CDPH, and Mr. Misener do not meet these requirements. Therefore, Plaintiffs' subpoenas/amended deposition notices are improper and in direct contravention of the three-judge panel's order.

### 1.    The Stay Applies to Plaintiffs' CDCR Subpoena Because It Was Not Served Before December 14, 2007.

For a deposition to qualify under the narrow exception to the stay, the deposition must "have *already been noticed and scheduled* between now [December 14, 2007] and the previously scheduled discovery cutoff of December 20, 2007 . . . ." (Order Staying Proceedings, 2:2-3) (emphasis added). Plaintiffs, however, waited until January 3, 2008 to issue the subpoena duces tecum to CDCR. On its face, Plaintiffs' subpoena to CDCR does not fall within the exception to the discovery stay.

To explain this delay, Plaintiffs apparently contend that the January 3, 2008 subpoena duces tecum somehow relates back to Plaintiffs' defective November 29, 2007 deposition notice to CDCR. (Pls.' Req. for Clarification 2:2-7.) Plaintiffs' contention is not well taken and contrary to established case law.

One of the myriad of defects in Plaintiffs' November 29, 2007 deposition notice to CDCR is that Plaintiffs failed to tender the necessary witness fee. (Ells Decl. Ex. C.) The law of the Ninth Circuit is clear that the failure to tender the necessary witness fee "invalidates" service. *CF*

- 3 -

1    *& I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983). Since service of Plaintiffs'

2    November 29, 2007 deposition notice was invalid, there is nothing for Plaintiffs' January 3, 2008

3    subpoena duces tecum to CDCR to relate back to. Consequently, the only operative date for the

4    CDCR subpoena is January 3, 2008, which is twenty days after the three-judge panel stayed

5    discovery in this matter and two weeks after "the previously scheduled discovery cutoff of

6    December 20, 2007." (Order Staying Proceedings, 2:3.) Therefore, Plaintiffs' subpoena duces

7    tecum to CDCR is subject to the stay imposed by the three-judge panel.

8          Moreover, the same Plaintiffs' counsel who filed this motion for clarification recognized

9    this fact on December 19, 2007. In taking the CDCR deposition off calendar, Ms. Ells informed

10   the parties that this deposition would be "re-noticed when *the discovery stay is lifted*." (Antonen

11   Decl. Ex. A) (emphasis added). Plaintiffs' counsel's vacillation on this point should not be

12   tolerated and the Court should order Plaintiffs to withdraw the CDCR subpoena unless and until

13   the three-judge panel lifts the discovery stay.

14          **2.      To Be Exempt from the Stay Any Deposition Needed to Occur Before**
                       **December 20, 2007.**
15

16          In addition to CDCR, Plaintiffs are pursing the depositions of CDPH and Mr. Misener in

17   contravention of the discovery stay. Plaintiffs previously took these depositions off calendar.

18   However on January 8 and 9, Plaintiffs served amended deposition notice for both CDPH and Mr.

19   Misener. Like the CDCR subpoena, these depositions do not fall within the narrow exception to

20   the discovery stay.

21          The sole exception to the discovery stay permitted depositions "scheduled between now

22   [December 14, 2007] and the previously scheduled discovery cutoff of December 20, 2007" to

23   proceed. (Order Staying Proceedings, 2:3.) Defendants concede that the discovery stay would

24   not have applied if Plaintiffs took CDPH or Mr. Misener's depositions on December 15, 16, 17,

25   18, 19, or 20, 2007. Instead, Plaintiffs voluntarily took both these depositions off calendar and

26   then several weeks later decided to schedule these depositions on January 28 and 29, 2008.

27   Contrary to Plaintiffs' belief, the narrow contour of the exception to the discovery stay does not

28   provide such flexibility. Therefore, Plaintiffs' amended depositions notices to CDPH and Mr.

- 4 -

1   Misener are improper and the Court should order Plaintiffs to withdraw these deposition notices

2   unless and until the three-judge panel lifts the discovery stay.

3        **B.**     **Plaintiffs' Actions Prejudice Defendants' Ability to Review and Revise Their**

4                **Privilege Logs in the Timeframe Required by the Three-Judge Panel.**

5        Plaintiffs' request posits that "Defendants will suffer absolutely no prejudice" if the

6   previously listed depositions are permitted to go forward because "Defendants have had months

7   of informal and formal notice regarding the information Plaintiffs are seeking." (Pls.' Req. for

8   Clarification 2:28-3:1 & 3:3-4.) Plaintiffs' argument misses the mark. On December 14, 2007,

9   the three-judge panel vacated all trial dates imposed the discovery stay to permit Defendants

10  "additional time to review and revise their privilege logs." (Order Staying Proceedings, 2:5-6.)

11  By proceeding with these depositions, repeatedly meeting and conferring on this issue, filing this

12  request, demanding Defendants file a response, and requesting a hearing, Plaintiffs are merely

13  seeking to distract Defendants from the monumental task of completing the review and revision

14  of their privilege logs by January 28, 2008. Moreover, with the Ninth Circuit deciding the

15  propriety of excluding the statutory intervenors from discovery in this proceeding, Plaintiffs'

16  demand to reopen discovery appears ill advised. Therefore, the Court should strictly enforce the

17  discovery stay issued by three-judge panel.

18                      **IV.**

19                **CONCLUSION**

20       For the foregoing reasons, the Court should summarily deny Plaintiffs' request and order

21  Plaintiffs to withdraw the CDCR, CDPH, and Misener subpoenas/deposition notices unless and

22  until the three-judge panel lifts the discovery stay.

    DATED: January 15, 2008               EDMUND G. BROWN JR.

23                              Attorney General of the State of California

24

25                 By:       /s/ Charles J. Antonen

26                        CHARLES J. ANTONEN

                        Deputy Attorney General

27                          Attorneys for Defendants

28

DEFS.' OPP'N TO PLS.' REQUEST OF CLARIFICATION OF DISCOVERY STAY
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
**Coleman, et al. v. Schwarzenegger, et al.**
**USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM**
**Plata, et al. v. Schwarzenegger, et al.**
**USDC, Northern District of California, Case No. C-01-1351 TEH**

No.:    **2:90-cv-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 15, 2008, I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR CLARIFICATION OF DISCOVERY STAY**

**DECLARATION OF CHARLES J. ANTONEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR CLARIFICATION OF DISCOVERY STAY**

**[PROPOSED] ORDER RE PLAINTIFFS' REQUEST FOR CLARIFICATION OF DISCOVERY STAY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

John Hagar
Judge's Reading Room
450 Golden Gate Ave 18th Floor Law Library
San Francisco, CA 94102

Robert Sillen
California Prison Receivership
1731 Technology Drive, Suite 700
San Jose, CA 95110

Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012
**(Overnight Courier)**

Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814
**(Overnight Courier)**

Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102
**(Overnight Courier)**


I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on January 15, 2008, at San Francisco,
California.

| L. Santos | L. Santos |
|-----------|-----------|
| Declarant | Signature |