# EXHIBIT B

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## Service of Process Cover Sheet

1-3-08
ar

Date & Time Stamp

Service of Process Disclaimer:

To All Persons Attempting Service of Process Upon the California Department of Corrections and Rehabilitation:

Please be advised that staff assigned to receive documents delivered to the California Department of Corrections and Rehabilitation's office are not authorized to accept such documents as properly served. In receiving documents delivered by process servers and other members of the public, office personnel do not thereby waive any right of the California Department of Corrections and Rehabilitation, the Office of Legal Affairs, any other division within the California Department of Corrections and Rehabilitation, or any individual to object to the validity of the service.

Please complete this form when delivering documents to the California Department of Corrections and Rehabilitation:

| Case Name | Coleman v. Schwarzenegger / Plata vs. Schwarzenegger | | |
|---|---|---|---|
| County/District | Eastern District | Court No. | E.D. Cal. No. CIV S 90-0520 LKK-JFM / N.D. Cal. No. C01-1351 TEH |
| Document(s) Served: | ☐ Summons and Complaint/Cross Complaint/Amended Complaint | ☐ Petition for Writ of Habeas Corpus | |
| | ☐ Notice to the Attorney General's Office pursuant to Section ___ | ☐ Notice of Consumer or Employee and Objection and check for $15.00 | |
| | ☐ Petition for Relief From Late Claim Filing (Govt. Code section 946.6) | ☐ Writ of Mandate and Complaint for Declaratory Relief | |
| | ☐ Pitchess Motion | ☐ Other (Please List): | |
| | ☐ Small Claims | | |
| | ☒ Deposition Subpoena for Production of Business Records | | |
| Document(s) For: (Specify Person or Division) | PMK | | |
| Process Server's Name | Donna Everhart | | |
| Name of Company (Business Name, Address, and Telephone Number) | Capitol Couriers, Inc, 3000 T Street, Ste 200 Sac 95816 | | |
| **FOR LEGAL AFFAIRS STAFF USE ONLY** | | | |
| Office of Legal Affairs Signature: | Aurelia Lucero | | |
| Person Accepting Service: (Name, Title, and Telephone Number) | Aurelia Lucero, AGPA, 341-6962 | | |
| Forward To: (Name and Title) | | | |
| Notes: | | | |

The attached document(s) appear(s) to be the responsibility of your section; if they are <u>not</u>, please return them to the Office of Legal Affairs, and the person named above, noting the section to which they are to be directed.

| | | 10546 |
|---|---|---|
| **CAPITOL COURIERS, INC.**<br>3000 T STREET, SUITE 200<br>SACRAMENTO, CA 95816<br>(916) 451-3697 | **BANK OF AMERICA**<br>FORT SUTTER BRANCH 0426  (916) 373-6920<br>1100 ALHAMBRA BOULEVARD<br>SACRAMENTO, CA 95816<br>11-95-1210 | 1/3/08 |

PAY TO THE ORDER OF: Department of Corrections      $ 88.50

Eighty-eight & 50/100 DOLLARS

VOID AFTER 180 DAYS

MEMO                                              Daniel Short

⑈010546⑈ ⑆121000358⑆ 04269⬝02457⑈

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | California |
|---|---|---|

Coleman v. Schwarzenegger

v.

Plata v. Schwarzenegger

**SUBPOENA IN A CIVIL CASE**

Case Number: E.D. Cal. No. CIV S 90-0520 LKK-JFM
N.D. Cal. No. C01-1351 TEH

TO: California Department of Corrections & Rehabilitation
Person(s) Most Knowledgeable

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104 | DATE AND TIME 1/18/2008 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see attached.

| PLACE Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104 | DATE AND TIME 1/18/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Attorney for Plaintiffs* | DATE 1/3/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lisa Ells, Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor
San Francisco, CA 94104, (415) 433-6830

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>E. IVAN TRUJILLO Bar No.: 228790<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>AMY WHELAN Bar No.: 215675<br>LORI RIFKIN Bar No.: 244081<br>SARAH M. LAUBACH Bar No.: 240526<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE &<br>McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>vs.<br><br>Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF CDCR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of the California Department of Corrections and Rehabilitation ("CDCR"). CDCR is hereby requested and required, pursuant to Federal Rule 30(b)(6), to designate and produce a person or persons most knowledgeable to testify on behalf of CDCR on the following matter(s):

1. CDCR's policies, procedures, practices and efforts to preserve data and/or documents potentially relevant to the overcrowding litigation;

2. When, by whom, and through what means the hard drives of Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz were "flushed" or otherwise altered;

3. What electronic data has been captured and processed as potentially responsive to discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz;

4. What efforts were undertaken to locate the hard drives of John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz;

5. CDCR's practices, policies and procedures related to backing up electronic server data, including back up cycles and back up tape rotation calendars, for all CDCR servers, including network servers, file share user servers, and email servers;

6. CDCR's practices, policies and procedures for tracking, storing, and inventorying employee hard drives;

7. The imposition of a litigation hold in the overcrowding litigation.

Said deposition will commence at 9:30 a.m. on January 18, 2008 at the law offices of Rosen, Bien & Galvan, LLP, 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

Said deposition, if not completed on the specified date, will continue from day-to-day, excluding Sundays and holidays, until such date as is necessary to complete the deposition. The deposition shall be recorded by stenographic means and may be videotaped.

1  Deponent is not a party to this action. So far is as known to Plaintiffs, the deponent's
2  contact information is 1515 S Street, Sacramento, CA 95814.
3  PLEASE TAKE FURTHER NOTICE that pursuant to Rule 45 of the Federal Rules of
4  Civil Procedure, CDCR is commanded to produce at said deposition the documents described in
5  Schedule A attached hereto.
6
7  Dated: January 3, 2008            ROSEN, BIEN & GALVAN, LLP
8
                                     By: _____
9                                        Lisa Ells
                                          Attorneys for Plaintiffs
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SCHEDULE A

## I. DEFINITIONS

"YOU" and "YOUR" refer to California Department of Corrections and Rehabilitation, and any officers, directors, employees, agents, representatives, attorneys and any person OR entity acting, OR purporting to act, on their behalf, and any predecessor or related entity including but not limited to the California Department of Corrections and Rehabilitation.

"COMMUNICATIONS" means any exchange of information by any means of transmission, including but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile OR telex.

"DOCUMENTS" means all writings, whether fixed in a tangible medium OR electronically stored. "DOCUMENTS" includes but is not limited to, all of the following: papers, correspondence, training manuals, forms, envelopes, memoranda, telegrams, cables, notes, messages, reports, studies, press releases, policy statements, employee manuals, comparisons, books, accounts, checks, audio and video recordings and transcriptions thereof, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, orders, resolutions, agendas, memorials OR notes of oral communications, whether by telephone OR face-to-face, contracts, agreements, drafts of proposed contracts OR agreements, memoranda of understanding, letters of intent, computer tapes, computer drives OR memories, computer diskettes OR disks, email, CDs, DVDs, Blackberrys OR other similar handheld devices used to send and receive electronic mail, instant messaging ("IM"), cell phones OR any other tangible thing on which any handwriting, typing, printing, photostatic, electronic OR other form of COMMUNICATION OR information is recorded OR reproduced together with all notations on any of the foregoing, all originals, file copies OR other unique copies of the foregoing and all versions OR drafts thereof, whether used OR not.

"RELATE" to means comprise, mention, reflect, record, memorialize, embody, discuss, evaluate, consider, review OR report on the subject matter of the request.

-1-

1   "OR" shall be construed as disjunctive and conjunctive, and "ANY" and "ALL" as used
2   herein shall include "EACH" and "EVERY."
3   "PERSON" OR "PERSONS" means ANY natural PERSON OR ANY business, legal OR
4   governmental entity OR association.
5   The use of the singular form of ANY word includes the plural and vice versa, and the use
6   of ANY verb includes ALL tenses.

7   **II.   RELEVANT TIME PERIOD**
8   The "RELEVANT PERIOD," unless otherwise indicated, shall be from November 13,
9   2006 to the date of this Request, and shall include ALL DOCUMENTS dated, prepared,
10  generated OR received during the RELEVANT PERIOD and ALL DOCUMENTS and
11  information that RELATE in whole OR in part to such period, OR to events OR circumstances
12  during such period, even though dated, prepared, generated OR received prior OR subsequent to
13  the RELEVANT PERIOD.

14  **III.  DOCUMENTS REQUESTED**
15  Document Request 1:
16  ALL DOCUMENTS, regardless of date, used OR reviewed by YOU in preparation for
17  this deposition.
18  Document Request 2:
19  ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that
20  refer, relate to, OR describe CDCR's practices, procedures, and policies regarding document
21  retention.
22  Document Request 3:
23  ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control
24  that refer, relate to, OR describe CDCR's practices, procedures, and policies on "flushing,"
25  "recycling," OR otherwise altering the files, computers, OR hard drives of employees.
26  Document Request 4:
27  ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to
28  OR describe CDCR's litigation hold policies, practices OR procedures.

Document Request 5:

ALL DOCUMENTS in YOUR possession, custody, OR control that relate to any COMMUNICATION regarding the imposition of a litigation hold OR document retention directives pursuant to the *Coleman* and *Plata* overcrowding litigation.

Document Request 6:

ALL DOCUMENTS, regardless of date, in YOUR possession, custody, OR control that refer, relate to, OR describe when, by whom, and through what means the files, computers, OR hard drives of Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz were "flushed" or otherwise altered.

Document Request 7:

ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to, OR describe what electronic data has been captured and processed as potentially responsive to discovery requests in this litigation for Bud Prunty, John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz.

Document Request 8:

ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to, OR describe what efforts were undertaken to locate the files, computers, OR hard drives of John Dovey, Darc Keller, Peter Farber-Szekrenyi, Richard Kirkland, Brigid Hanson, and Teresa Schwartz.

Document Request 9:

ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to OR describe CDCR's policies and procedures related to backing up electronic server data, including back up cycles and back up tape rotation calendars, for all CDCR servers, including network servers, file share user servers, OR email servers.

1  Document Request 10:
2      ALL DOCUMENTS in YOUR possession, custody, OR control that refer, relate to
3  OR describe CDCR's procedure for tracking, storing, OR inventorying employee files,
4  computers, OR hard drives.