IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

       Plaintiffs,              No. CIV S-90-0520 LKK JFM P

      vs.

ARNOLD SCHWARZENEGGER,
et al.,

       Defendants.        <u>ORDER</u>
_____/

On November 13, 2007, plaintiffs filed a "Notice of Defendants' Non-Compliance with June 1, 2007 Order [Docket 2255] and Request for Further Remedial Relief." Pursuant to court order, defendants have filed a response to the notice, and plaintiffs have filed a reply to defendants' response.

The matter before the court arises from ongoing efforts to reduce the rising number of suicides in administrative segregation units in California's prisons.  On October 2, 2006, pursuant to court order, defendants filed a Plan to Address Suicide Trends in Administrative Segregation Units, and on December 1, 2006, they filed amendments thereto.[1] On December 18, 2006, the special master filed a report and recommendations on the plan.  On

---

[1] Hereafter these documents are together referred to as the plan.

1

1    February 12, 2007, the court adopted the special master's December 18, 2006 recommendations,

2    provisionally approved the plan, and directed the special master to report to the court on the

3    status of defendants' compliance therewith.

4                Part of defendants' plan includes construction of small management yards for out-

5    of-cell time for inmates housed in administrative segregation.  In the plan, defendants indicated

6    that "[a] recent review reflects the Department's total Small Management Yard need at 1,342

7    yards, with 921 being constructed and/or funded as of Fiscal Year 2006/2007.  This leaves 441

8    Small Management Yards that need to be funded and constructed in future years."  Plan, at 9.[2]

9    On May 14, 2007, the special master filed a supplemental report and recommendations on the

10   plan.  In the supplemental report, the special master reported that, subsequent to the filing of the

11   plan, defendants had represented to him a total need of 1,480 small management yards, 719 of

12   which were completed.  Supplemental Report, at 3.  Defendants had also reported that 86

13   additional yards were under construction, another 107 had been designed and construction funds

14   allocated, design funding had been requested for an additional 179 yards, no funding had been

15   requested for the remaining yards, and the balance of yards would not be completed until 2012.

16   Id.  The special master found the five year timeline "simply too late" and recommended instead

17   submission by defendants of a plan that would call for funding and completion of all remaining

18   yards by the end of fiscal year 2008/2009.  Defendants objected to that part of the

19   recommendation that required them to complete construction of all required small management

20   yards for administrative segregation use by the end of fiscal year 2008/2009.[3]

21

22          [2]  The quoted sentences are one indication of something less than precision in defendants'
     representations concerning their needs, as 921 plus 441 equals 1,362.

23          [3]  In their objections, defendants also asked that "the Supplemental Report be amended to
     find that there are 86 small management yards currently under construction."  Defendants'
24   Responses and Objections to Special Master Keating's Supplemental Report on Defendants'
     Plan to Prevent Suicides in Administrative Segregation, filed May 29, 2007, at 3.  Defendants
25   noted that they were seeking legislative authority to design 179 small management yards in fiscal
     year 2007/2008 and that, if that funding were granted, they would seek construction funds for
26   those yards in 2008/2009.  Id.  Defendants then suggested that left 262 small management yards

1    By order filed June 1, 2007, this court overruled defendants' objection to the

2    recommended timeline, adopted the special master's May 14, 2007 recommendation and ordered

3    defendants to

4         [w]ithin 90 days . . . submit a plan that will satisfy their need for
          sufficient small management yards to meet Title 15 exercise
5         requirements for inmates in administrative segregation.  This plan
          shall call for the funding and completion of the remaining yards by
6         the end of fiscal year 2008/2009.  The plan shall also include
          provisions for better utilization of the existing small management
7         yards and coordination with available staff to maximize yard
          usage.

8

9    Order filed June 1, 2007, at 3.

10   On August 29, 2007, defendants filed a request for an extension of time to comply

11   with the foregoing requirement of the June 1, 2007 order.  Plaintiffs opposed the request,

12   contending that it did not refer to all of the small exercise yards required by the findings

13   underlying the June 1, 2007 order.  By order filed September 14, 2007, the court granted

14   defendants' request for extension of time.  In that order, the court reiterated the findings that a

15   total of 1,480 small management yards were required and that at present only 719 such yards

16   exist.  Order filed September 14, 2007, at 1.  The order specifically provided that 761 yards

17   remained to be designed and/or built and that, of those, 86 were under construction and

18   defendants were seeking legislative authority to fund 179 additional yards in 2007/2008.  Id. at

19   1-2.  The order also specifically provided that there remained "a total of 496 yards for which no

20   planning had apparently begun."  Id. at 2.

21   In granting the request for extension of time, the court noted a declaration

22   submitted by defendants that referred to a plan for an additional 262 yards.  It was this reference

23   that formed the basis for plaintiffs' opposition to defendants' request for extension of time.

24   However, the court declined to presume that this reference constituted clear evidence that

25   _____

26   to be designed and constructed.  Id.  Defendants made no reference to the other 107 yards
     referred to by the special master as having been designed and had construction funds allocated.

3

1   defendants did not intend to submit planning for all of the remaining 496 yards; to the contrary,

2   the court specifically "presume[d] and anticipate[d] that defendants intend[ed] to comply in full

3   with the June 1, 2007 order and to submit planning for all 496 small exercise yards for which

4   planning is still required." Id.

5          Defendants did not seek any modification of or other relief from the court's order

6   to plan for a total of 1,480 small management yards.  Instead, on October 29, 2007, defendants

7   filed a plan in which they reference "a number of discrepancies" that had been identified

8   subsequent to the filing of their request for extension of time and "that require updated

9   information." Ex. A to Defendants' Response to Court Order Re. Small Management Yard Plan

10  (hereafter Plan), at 2.  Those "discrepancies" included defendants' determination that the 1,480

11  small management yards identified by defendants as necessary "included yards for Psychiatric

12  Services Units (PSU), Security Housing Units (SHU) and Grade B condemned inmates," and

13  therefore extended "beyond the court order for Administrative Segregation inmates only." Id.  In

14  the plan, defendants represent that only 1,162 small management yards are needed for

15  administrative segregation inmates. Id.  Defendants also represent that even this decreased

16  number of yards cannot be completed by June 30, 2009 for a number of reasons enumerated

17  therein, including the absence of a "viable mechanism for funding the SMY project in the current

18  budget year," state law requirements for certain approvals prior to expenditure of capital outlay

19  funds, timelines for review and approval of preliminary plans by the Joint Legislative Budget

20  Committee, state law requirements for formal bidding, and timelines for procurement of

21  supplies. Id. at 2-3.

22         In the notice of non-compliance, plaintiffs challenge defendants' failure to plan

23  for the full number of 1,480 small management yards required by two orders of this court and

24  their failure to meet the timelines required by this court's June 1, 2007 order.  Plaintiffs also

25  contend that defendants' interim plan to provide more access to small management yards is

26  inadequate.  By order filed November 19, 2007, defendants were directed to respond to

1   plaintiffs' notice of non-compliance.  The order specifically directed defendants to include an

2   explanation of why PSUs, SHUs, and units for Grade B condemned inmates are not properly

3   considered administrative segregation units for purposes of the court's June 1, 2007 order.  On

4   December 4, 2007, defendants filed a response.

5          Defendants assert that their new numbers are based on their efforts "to interpret

6   the term administrative segregation unit in a manner consistent with the Court's own reports and

7   orders," and that those efforts resulted in the removal of PSU, SHU, and Grade B yards from the

8   planning responsive to the court's orders.  Defendants' Response to Plaintiffs' Notice of

9   Noncompliance Re: Small Management Yard Plan, filed December 4, 2007, at 4.  Defendants

10  further assert that they "have undertaken the tracking of, and anticipate requesting statewide

11  future funding for" PSU, SHU, and Grade B small management yards in the California

12  Department of Corrections and Rehabilitation's (CDCR) five year infrastructure plan.  Id.

13  Defendants further assert that their plan "must comply with established processes for funding,"

14  and that they continue to explore interim measures to enable increased access to existing small

15  management yards.  Id. at 6.

16         The court has carefully reviewed the relevant reports from the special master.

17  The special master's Report on Suicides Completed in Calendar Year 2004, filed on May 9, 2006

18  (hereafter 2004 Suicide Report), includes a category for suicides in "[s]ingle-cell housing in

19  administrative segregation or a SHU (1)."  Nineteen of the twenty-six inmate suicides completed

20  that year fell into this category.  The category does differentiate between administrative

21  segregation and SHU, and only one of the nineteen suicides was in a SHU.  In his December 18,

22  2006 Report and Recommendations on Defendants' Plan to Prevent Suicides in Administrative

23  Segregation, the special master specifically noted the findings from the 2004 Suicide Report that

24  18 of 26 inmate suicides in calendar year 2004 took place in administrative segregation.  Special

25  Master's Report and Recommendations on Defendants' Plan to Prevent Suicides in

26  Administrative Segregation, filed December 18, 2006, at 1.  The May 14, 2007 Supplemental

1    Report reiterated this statistic.  Supplemental Report, at 1.  The distinction defendants now draw

2    between administrative segregation units on the one hand and PSU, SHU, and Grade B yards on

3    the other appears, therefore, to be congruent with the purpose underlying the special master's

4    reports:  reducing the number of suicides in administrative segregation.  Thus, although

5    defendants' plan does not comply with the requirements of the court's June 1, 2007 and

6    September 14, 2007 orders in that it provides for fewer yards than required by the court's orders,

7    the court finds good cause to modify the number of small management yards required by those

8    orders in light of the additional information provided by defendants in response to plaintiffs'

9    notice of non-compliance.[4]

10           As noted above, defendants rest their inability to comply with the timeline set

11   forth in the court's June 1, 2007 order on various state law requirements.  The court has

12   overruled defendants' prior objections to the special master's recommendation that the yards be

13   completed by the end of FY 2008/2009.  Defendants have neither sought nor obtained relief from

14   the court's order in that regard, nor have they shown good cause for such relief in their response

15   to plaintiffs' notice of non-compliance.  They now have fewer yards to complete.  They will be

16   required to do so by the end of FY 2008/2009, and they shall take all steps necessary to ensure

17   compliance with this order, including but not limited to applying to this court for any necessary

18   waivers of state law.

19           Plaintiffs also urge the court to reject that part of defendants' plan designed to

20   address the shortfall of small management yards with interim measures.  In their response,

21   defendants represent that the shortfall of correctional officers has been reduced in the past six

22

23           [4]  In their reply, plaintiffs take issue with defendants' representation that they "anticipate
     requesting statewide funding for" small management yards for PSU, SHU and Grade B units in

24   the CDCR's five-year infrastructure plan.  Specifically, plaintiffs contend that no planning for
     such yards appears in the five-year infrastructure plan.  For the reasons set forth supra, this

25   court's orders are grounded in findings by the special master addressed to administrative
     segregation units.  At present, the record before the court does not support issuance of specific

26   orders with respect to small management yards in PSUs, SHUs, or Grade B yards.

months and that "the CDCR Division of Adult Institutions is exploring the availability of sensitive needs yard housing for that portion of administrative segregation inmates who are endorsed and awaiting transfer to a sensitive needs yard." Defendants' Response, at 7. Defendants plan to report to the court in thirty days "on the outcome of their review of available sensitive need yards for CCCMS inmates within administrative segregation units and their review of submitting a request for additional staffing allocations to enable third watch small management yard usage by inmates within administrative segregation housing." For now, that will be sufficient.

The court is deeply troubled by defendants' failure to timely provide either the special master or the court with the information now provided about the number of yards required for administrative segregation. The special master is under a continuing duty to "provide expert advice to defendants to ensure that their decisions regarding the provision of mental health care to class members conforms to the requirements of the federal constitution and to advise the court regarding assessment of defendants' compliance with their constitutional obligations." Order of Reference filed December 11, 1995, at 2. The special master must be able to rely on the accuracy of information provided to him by defendants, and defendants have a continuing obligation to inform the special master immediately if they discover any material changes in such information. Defendants' failure to timely provide the special master with accurate information concerning their need for small management yards in administrative segregation has resulted in a significant waste of the resources of the special master and the court. This will not be tolerated.

Defendants also have an obligation to comply with all orders of this court unless and until such orders are modified by the court. They may not proceed in derogation of those orders. The Local Rules of this Court provide procedures which enable parties to seek reconsideration and modification of court orders in light of changed circumstances. See Local Rule 78-230(k). For reasons not apparent from the record, defendants did not seek such relief.

7

In accordance with the above, IT IS HEREBY ORDERED that:

1.  This court's June 1, 2007 and September 14, 2007 orders are modified to require the completion of a total of 1,162 small management yards in administrative segregation by the end of Fiscal Year 2008/2009.

2.  Defendants' October 29, 2007 plan for small management yards in administrative segregation is disapproved to the extent that it calls for completion of such yards by January 2010.  Defendants shall take all steps necessary to complete the construction of all remaining yards called for by their plan by the end of Fiscal Year 2008/2009.

3.  Within thirty days from the date of this order, defendants shall report to the court on the outcome of their review of available sensitive need yards for CCCMS inmates within administrative segregation units and their review of submitting a request for additional staffing allocations to enable third watch small management yard usage by inmates within administrative segregation housing.

DATED:  January 15, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT