IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

      On January 10, 2008, plaintiffs filed a document styled "Request for Discovery Stay Order with Respect to Noticed Spoliation Deposition." By order filed January 11, 2008, defendants were granted until 4:30 p.m. on January 15, 2008 to file and serve a response to the request and the matter was set for hearing on January 16, 2008. Defendants timely filed an opposition to the request, and the matter came on for hearing as scheduled in the court's January 11, 2008 order. Lori Rifkin, Esq. and Lisa Ells, Esq. appeared as counsel for plaintiffs. Charles Antonen, Deputy Attorney General, appeared as counsel for defendants.

      By the request for clarification, plaintiffs seek to enforce a Rule 45 subpoena and accompanying notice of deposition and request for production of documents directed to the

California Department of Corrections and Rehabilitation (CDCR) requesting that they designate a person most knowledgeable to testify about, inter alia, matters related to preservation of data and documents relevant to the instant proceedings and the "flushing" of hard drives of seven former employees of the CDCR.  The subpoena and notice set the deposition for Friday, January 18, 2008.  Defendants contend that the deposition is precluded by the December 14, 2007 order of the three judge panel staying discovery in these proceedings.  In their opposition, defendants also contend that two other depositions presently noticed for January 28, 2008 and January 29, 2008 are also precluded by the stay order.  At the hearing, defendants agreed that the latter contention was in the nature of a request for a protective order and plaintiffs represented that they were prepared to address the issues related to those two depositions.

On December 14, 2007, the three judge court issued an order that provides in relevant part:

> 3. All discovery is stayed, with the following exceptions:
>
> > a. Any depositions that have already been noticed and scheduled between now and the previously scheduled discovery cut-off of December 20, 2007 may proceed, and parties shall respond to any outstanding written discovery that has already been propounded.

Order dated December 14, 2007, at 2.  At issue is whether any or all of the three depositions fall within the exception to the discovery stay set forth supra.

I. Deposition of CDCR Designee Noticed for January 18, 2008

The record reflects that on November 29, 2007, plaintiffs served a Rule 30(b)(6) notice of deposition accompanied by a Rule 34 request for production of documents directed to the CDCR, requesting that the CDCR designate a person most knowledgeable for deposition on the matters set forth in the notice, and noticing the deposition for December 20, 2007 at 9:30 a.m.  Ex. A to Declaration of Lisa Ells in Support of Request for Clarification of Discovery Stay Order with Respect to Noticed Spoliation Deposition, filed January 10, 2008 (hereafter Ells Declaration).  On December 19, 2007, defendants served objections to the

2

1  notice, contending, <u>inter alia</u>, that CDCR is not a party to these proceedings and that
2  plaintiffs had failed to tender a witness fee as required by Federal Rule of Civil Procedure
3  45(b)(1) or to serve a subpoena duces tecum on the CDCR.  Ex. C to Ells Declaration, at 2..
4  For the latter reason, defendants contended that "the request for production of documents
5  attached to deposition notice [sic] is invalid and unenforceable."  <u>Id</u>.  On December 19, 2007,
6  counsel for plaintiffs sent an e:mail to counsel for defendants taking the deposition off
7  calendar.  Ex. A to Declaration of Charles J. Antonen in Support of Defendants' Opposition
8  to Plaintiffs' Request for Clarification of Discovery Stay, filed January 15, 2008 (hereafter
9  Antonen Declaration).  In the e:mail, counsel stated that "[t]he deposition and accompanying
10 document request will be re-noticed when the discovery stay is lifted."  <u>Id</u>.

11         Plaintiffs contend that the deposition at issue falls within the exception to the
12 discovery stay set forth in the December 14, 2007 order because the notice of deposition and
13 request for production of documents were in substance the same as the November 29, 2007
14 notice and request.  Plaintiffs contend that "[t]he January 3, 2008 subpoena simply
15 rescheduled for January 18, 2008 the previously-noticed CDCR Rule 30(b)(6) deposition and
16 related document production request."  Request for Clarification, at 2.  Defendants contend
17 that the first notice of deposition was defective because plaintiffs failed to tender required
18 witness fees.  Defendants also contend that plaintiffs are bound by their representation that
19 the deposition would be re-noticed after the discovery stay was lifted.

20         The validity of defendants' objection to the November 29, 2007 notice of deposition
21 and request for production of documents is not before the court and the court makes no
22 findings in that regard.  In response to that objection, plaintiffs took the deposition off
23 calendar and represented that the deposition would be re-noticed after the discovery stay was
24 lifted.  Plaintiffs' representation that the deposition would be re-noticed, and that the re-
25 notice would occur after the discovery stay is lifted, placed the deposition outside the
26 exception set forth in the December 14, 2007 order.  As a consequence of that representation,
27 the January 18, 2008 deposition is neither "already noticed" as of the date of the December
28

1  14, 2007 order nor "scheduled by" December 20, 2007.  The January 18, 2008 deposition
2  will be vacated.
3  II.  Depositions Noticed for January 28, 2008 and January 29, 2008
4       As noted above, defendants object to two additional depositions that are presently set
5  for January 28, 2008 and January 29, 2008 on the ground that neither of the depositions falls
6  within the exception to the discovery stay set forth in the December 14, 2007 order.  At the
7  hearing, the parties agreed to proceed with consideration of defendants' objection.
8       The depositions at issue are the depositions of Mr. John Misener and a person most
9  knowledgeable from the California Department of Public Health (CDPH).  Both depositions
10 were originally set by subpoenas served on November 29, 2007, and both depositions were
11 originally scheduled for December 20, 2007.  Exs. C and D to Antonen Declaration.  By
12 letter dated December 17, 2007, plaintiffs and the deponent agreed that the documents would
13 be provided in advance of the deposition and that the deposition would be postponed "until a
14 mutually convenient date in January 2008"so that the documents could be reviewed prior to
15 the deposition.  Ex. A to Ex. C to Antonen Declaration.  A similar agreement was made on
16 the same day between plaintiffs and the CDPH.  Ex. B to Ex. D to Antonen Declaration.  On
17 December 17, 2007, plaintiffs notified defendants and intervenors by electronic mail that the
18 depositions had "been postponed until January 2008" and that "updated deposition dates"
19 would be provided "when those dates are determined."  Ex. A to Declaration of Lori Rifkin
20 in Support of Request for Clarification of the Discovery Stay Order, filed January 16, 2008
21 (hereafter Rifkin Declaration).  On January 8, 2008, plaintiffs served amended notices of
22 deposition and requests for production of documents on Mr. Misener and CDPH.  The
23 amended notices specifically reference the agreement, providing that "the dictates of the
24 November 29, 2007 subpoena continue to govern this rescheduled discovery."  Exs. C and D
25 to Antonen Declaration.
26      Both of these depositions were originally noticed before the December 14, 2007 order
27 of the three judge panel, and were scheduled to be conducted on December 20, 2007.  On
28

December 17, 2007, plaintiffs reached an agreement with the third-party deponents to continue the depositions and notified defendants and intervenors that the depositions were being postponed until January 2008.  On January 8 and 9, 2008, plaintiffs served amended notices rescheduling the dates of the depositions.  Defendants were served with amended notices on January 8 and 9, 2008, respectively.  Under the circumstances, these two depositions fall within the exception to the discovery stay set forth in the December 14, 2007 order.

In light of the above this court orders as follows:

1. The deposition scheduled in this case for January 18, 2008 shall be vacated, and

2. Defendants' request for a protective order vacating the depositions currently set for January 28, 2008 and January 29, 2008 is denied.  These depositions shall proceed as currently scheduled.

Dated: January 17. 2008.

_____
UNITED STATES MAGISTRATE JUDGE