EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2282, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>            Plaintiffs,<br><br>    v.<br><br>**ARNOLD SCHWARZENEGGER, et al.**,<br><br>            Defendants. | 2:90-cv-0520<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>            Plaintiffs,<br><br>    v.<br><br>**ARNOLD SCHWARZENEGGER, et al.**,<br><br>            Defendants. | No. C01-1351 TEH<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR A PROTECTIVE ORDER RE: DOCUMENTS PREVIOUSLY WITHHELD ON THE BASIS OF PRIVILEGE, WITH DECLARATION OF LISA TILLMAN AND PROPOSED ORDER** |

/ / /

/ / /

Defs.' *Ex Parte* App. Re: Protective Order     *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                 *Plata v. Schwarzenegger,* Case No. 01-1351

1

# I.

# INTRODUCTION

On January 28, 2008, Defendants anticipate producing to Plaintiffs documents previously withheld on the basis of privilege. It is likely that these documents will contain sensitive information, which should be used solely for the purposes of this extraordinary proceeding. Defendants asked Plaintiffs to agree to a protective order regarding the production of any documents previously withheld by Defendants on the basis of privilege. Plaintiffs have refused. Consequently, Defendants now file this *ex parte* application requesting the Court enter the attached protective order.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND

**A.    Protective Orders Have Been Issued in Both *Coleman* and *Plata*.**

In both *Coleman* and *Plata*, the parties entered into stipulated protective orders to protect sensitive information provided to Plaintiffs' counsel. For example, in *Coleman,* the 1992 stipulated protective order specifically prohibits Plaintiffs' counsels from using any produced materials to develop or prepare "any other litigation." (*Coleman* Stipulated Protective Order ¶ 6.) And in *Plata,* Plaintiffs' counsel agreed that confidential material would be "used solely in connection with the above-captioned action and not for any other purpose, including other litigation . . . ." (*Plata* Stipulated Protective Order ¶ 5.) These protective orders, however, are primarily limited to dissemination of sensitive information about inmates within the California Department of Corrections and Rehabilitation (CDCR).

**B.    Plaintiffs' Counsel Has Filed Other Class Action Suits Against Defendants.**

The attorneys who represent the *Plata* class also represent the *Coleman* class, and those attorneys have filed several other class-action cases against Defendants. The same Plaintiffs' counsel filed a class-action suit concerning the rights of physically disabled inmates, entitled *Armstrong v. Wilson*, USDC N.D. Cal. Case No. C94-2307, against Defendants CDCR and the Governor, in 1994. Two years later, the same attorneys filed a class-action suit concerning the rights of developmentally disabled inmates, entitled *Clark v. California*, USDC N.D. Cal. Case

No. C96-146, against Defendants CDCR and the Governor. And in 2005, the same Plaintiffs' counsel filed a class-action suit concerning the rights of mentally ill inmates under the Americans with Disabilities Act, entitled *Hecker v. Schwarzenegger*, USDC E.D. Cal. Case No. CIV S-05-2442 LKK JFM P.

### C. This Court Denied Without Prejudice Defendants' Oral Request for a Protective Order.

During the December 6, 2007 hearing, when this Court expressed its intent to order Defendants to produce all privileged documents, defense counsel asked this Court to enter a protective order to preclude the distribution of any documents withheld on the basis of privilege. (Tillman Decl. ¶ 4.) Plaintiffs' counsel objected and the Court denied the request without prejudice. (*Id*.) In light of this objection, the Court informed defense counsel that a written motion for a protective order could be made. (*Id*.)

On December 7, 2007, this Court granted Plaintiffs' motion to compel, and Defendants requested that the three-judge panel reconsider that order. One week later, the three-judge panel partially granted Defendants' request for reconsideration and gave Defendants forty-five days to review and revise the privilege logs. (December 14, 2007 Order 2:7-8.) On December 19, 2007, this Court ordered the submission of revised privilege logs and any documents for which the claim of privilege had been withdrawn by January 28, 2008.

### D. The Parties Have Met and Conferred Regarding the Protective Order.

Defendants expect to produce documents on January 28, 2008 that were previously withheld on the basis of privilege, but are concerned that the existing protective orders do not adequately protect these confidential documents. Therefore, on January 16, 2008, Defendants' counsel contacted Plaintiffs' counsel via email to secure a stipulation to a proposed protective order. (Tillman Decl. ¶ 6.) Defendants' counsel provided a copy of the proposed protective order for review. (*Id.*) Due to the impending January 28, 2008 production date, Defendants requested an immediate response to the proposed protective order in order to avoid the necessity of this *ex parte* application. (*Id.* at ¶ 7.) Defendants' counsel sent the same email communication to counsel for the intervenor parties. (*Id.* at ¶ 8.)

On January 17, 2008, Plaintiffs' counsel rejected the proposed protective order and suggested alternative language for the definition of "confidential materials." (Tillman Decl. ¶ 9.) On the afternoon of January 18, 2008, Defendants' counsel provided another proposed definition of confidential materials: "This order applies to all documents and information obtained in the course of discovery in this Three-Judge Panel proceeding by all parties, Plaintiffs' counsel (Plaintiffs), and counsel for the intervening parties (Intervenors), which will be produced by Defendants with a bates number prefix of E_PRIV for electronic documents, or PRIV for paper documents." (*Id.* at ¶ 10.) Plaintiffs' counsel objected to Defendants' proposed definition of confidential materials as overbroad and without proper legal grounds. (*Id.* at ¶ 11; Exh. 1, Ms. Rifkin email, dated 1/18/08.)

## III.

## LEGAL ARGUMENT

### A.   A Protective Order Will Protect the Sensitive Nature of Documents that May Be Produced on January 28, 2008.

This Court has the discretion to issue a protective order. Fed. R. Civ. P. 26(c). In fact, this Court has previously issued a protective order to safeguard the privacy of certified class members in the *Coleman* action. Defendants now request a protective order to safeguard the sensitive nature of documents that may be produced on January 28, 2008 but were previously withheld on the basis of privilege. Since Defendants must complete any revisions to their privilege logs and produce any documents for which the claim of privilege has been withdrawn by January 28, 2008, Defendants request entry of a protective order by January 28, 2008.

This request for a protective order is supported by good cause. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir 1975). On January 28, 2008, Defendants anticipate producing documents previously withheld on the basis of privilege, a large portion of which were withheld based upon the deliberative process privilege. These documents contain sensitive information. For example, these documents contain Budget Change Proposals for government agencies that are not defendants in this proceeding. However, because of the electronic format of some of the documents and spreadsheets, sensitive budget information for non-parties must be produced.

Defs.' *Ex Parte* App. Re: Protective Order           *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                      *Plata v. Schwarzenegger,* Case No. 01-1351

4

Courts have recognized that the deliberative-process privilege, along with the other privileges asserted by Defendants, are supported by significant societal interests. Specifically, the deliberative-process privilege enables the uninhibited pre-decisional discussion of policy options without fear of disclosure. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).

Here, Plaintiffs' counsel fail to articulate a cogent reason for opposing the entry of a protective order. Plaintiffs will be able to use documents produced on January 28, 2008 for this three-judge panel proceeding, and will not be harmed by Defendants' proposed protective order. In contrast, both Defendants and the societal interest in free and frank discussion will be endangered by the dissemination of sensitive documents to persons outside of this litigation, or the use of these sensitive documents in pending and future cases brought by Plaintiffs' counsel or other counsel.

**B.     The Proposed Protective Order Is Narrowly Tailored to the Document Production in this Three-Judge Panel Proceeding.**

There appears to be no dispute about the general scope of the proposed protective order. Indeed, it closely adheres to the provisions of the court-approved *Coleman* protective order of February 2007, which precludes the dissemination of sensitive materials that were previously withheld on the basis of privilege to any persons outside the three-judge panel litigation, and precludes their use in any other pending or future actions brought by Plaintiffs' counsel. The only remaining issue is the protective order's definition of confidential materials.

This proposed protective order specifically addresses any sensitive documents that Defendants previously withheld on the basis of privilege. Specifically, confidential materials are defined as "all documents and information obtained in the course of discovery in this Three-Judge Panel proceeding by all parties, Plaintiffs' counsel (Plaintiffs), and counsel for the intervening parties (Intervenors), which will be produced by Defendants with a bates number prefix of E_PRIV for electronic documents, or PRIV for paper documents." This definition will mitigate the harm to Defendants caused by the release of any sensitive documents that were previously withheld on the basis of privilege. Because any production by Defendants on January

1  28, 2008, will be marked with the prefix of "PRIV", this definition is easily implemented by the
2  parties during this proceeding as well as years after this proceeding is completed.

3  Plaintiffs' counsel has suggested that the protective order mimic the December 7, 2007
4  court order and define confidential materials as only those documents previously withheld on the
5  basis of official information privilege or privacy. (Tillman Decl. ¶ 9.) Those documents falling
6  within other privileges, such as the deliberative-process privilege, would not be protected by
7  Plaintiffs' proposed definition. Moreover, this alternative is patently unreasonable because it
8  will require the parties to cross-check each document produced on January 28, 2008 against
9  Defendants' previous privilege logs to determine exactly what privilege Defendants previously
10 asserted for each specific document. Defendants' definition of confidential materials, however,
11 is both pragmatic and reasonable. Therefore, Defendants' proposed definition of confidential
12 materials should be adopted and the proposed protective order made an order of this Court.
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Defs.' *Ex Parte* App. Re: Protective Order    *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                *Plata v. Schwarzenegger,* Case No. 01-1351

## IV.
## CONCLUSION

Defendants respectfully request this Court immediately enter a protective order preventing the dissemination of any sensitive documents that may be produced by Defendants on January 28, 2008 to persons outside of this three-judge panel proceeding and prevent the use of such documents in any pending or future litigation.

Dated:  January 25, 2008

                                             Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

*/s/*  **Lisa A. Tillman**

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants