EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2282, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                    Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA,<br><br>                    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                    Defendants. | No. C01-1351 TEH<br><br>**DECLARATION OF LISA TILLMAN IN SUPPORT OF DEFENDANTS' EX PARTE MOTION FOR A PROTECTIVE ORDER RE: DOCUMENTS PREVIOUSLY WITHHELD ON THE BASIS OF PRIVILEGE** |

I, Lisa Tillman, declare:

1. I am an attorney licensed to practice before the courts of the State of California.

1. I am admitted to practice before the Eastern, Southern and Northern Districts of the United State District Court of California. I am a deputy attorney general employed by the Office of the Attorney General, counsel for Defendants in this action.

2. I have personal knowledge of the facts stated in this declaration and if called to testify upon those facts would do so competently.

3. This Court heard argument on December 7, 2007 concerning Plaintiffs' motion to compel the production of certain documents. Defendants asserted in response to that motion that the documents were protected from disclosure by the attorney-client and attorney work-product privileges.

4. During the hearing, this Court expressed its intent to grant the motion to compel and require the production of the documents. Defendants' counsel then requested a protective order to preclude the distribution of these privileged documents to persons outside this litigation and to prohibit the use of these privileged documents in other pending or future litigation. Plaintiffs' counsel objected to the request, and the Court denied the request without prejudice. The Court informed Defendants' counsel that a written motion for a protective order could be made.

5. The Court's December 7, 2007 order required production to Plaintiffs of all documents withheld on the bases of those privileges stated in the privilege logs of November 9, 2007, November 16, 2007, and November 23, 2007. (Order, 12/7/07, p. 17.) Such production has not yet occurred.

6. On January 16, 2008, I sent an email to Plaintiffs' counsels requesting a stipulation to the proposed protective order. I provided the proposed protective order to Plaintiffs' counsels for review.

7. In the same email, I requested an immediate response to this proposed protective order in light of their intent to seek an ex parte order approving the proposed protective order on January 18, 2008.

8. The same email was also sent to counsels for the intervenor parties.

9. On January 17, 2008, Plaintiffs' counsel rejected the proposed protective order.

1  Ms. Rifkin suggested the protective order mimic the December 7, 2007 court order and define
2  confidential materials as only those documents containing certain official information and
3  identifying personal information.
4      10. On the afternoon of January 18, 2008, I provided another proposed definition of
5  confidential materials: "This order applies to all documents and information obtained in the
6  course of discovery in this Three-Judge Panel proceeding by all parties, Plaintiffs' counsel
7  (Plaintiffs), and counsel for the intervening parties (Intervenors), which will be produced by
8  Defendants with a bates number prefix of E_PRIV for electronic documents, or PRIV for paper
9  documents."
10     11. In an email sent at 4:57 p.m. on January 18, 2008, Plaintiffs' counsel objected
11 to Defendants' proposed protective order as overbroad and without proper legal basis. Attached
12 as Exhibit 1 is a true and correct copy of Ms. Rifkin's email.
13     I declare under the penalty of perjury the foregoing is true and correct.

15  Dated: January 25, 2008        By: /s/ Lisa A. Tillman
                                   Lisa A. Tillman

20
21  30381895.wpd
    sf2007200670

Def. Motion Prot. Order, Dec. Tillman

3