EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
MISHA IGRA, State Bar No. 208711
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 327-7872
 Email:  Lisa.Tillman@doj.ca.gov
            Misha.Igra@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2282, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>          Defendants. | Case No.  2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>          Defendants. | Case No.  C 01-cv-1351 TEH<br><br>**[PROPOSED] PROTECTIVE ORDER RE: DOCUMENTS PREVIOUSLY WITHHELD ON THE BASIS OF PRIVILEGE** |

In the course of this Three-Judge Panel proceeding addressing Plaintiffs' request for a prisoner release order, Plaintiffs filed a motion to compel the production of certain documents from Defendants. Defendants asserted the documents were protected by the attorney-client

privilege, deliberative-process privilege, official information privilege and right to privacy. On December 7, 2007, this Court ordered the production of those documents. Defendants then filed a motion for a protective order concerning the dissemination and use of the documents produced in compliance with that order. Upon good cause appearing, Defendants' request for a protective order is GRANTED.

It is hereby ORDERED that the following provisions shall apply to all documents produced by Defendants in compliance with this Court's orders:

1. This order applies to all documents and information obtained in the course of discovery in this Three-Judge Panel proceeding by all parties, Plaintiffs' counsel (Plaintiffs), and counsel for the intervening parties (Intervenors), which will be produced by Defendants with a bates number prefix of E_PRIV for electronic documents, or PRIV for paper documents.

2. All such documents and information obtained in this proceeding by Plaintiffs and Intervenors shall be regarded as confidential and subject to this Protective Order. Such material is referred to as "Confidential Material."

3. The Confidential Material may be disclosed only to the following persons and only as necessary for the conduct of these proceedings:

    (a)    Counsel of record for Plaintiffs and Intervenors in this Three-Judge Panel proceeding.

    (b)    Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for Plaintiffs and Intervenors;

    (c)    Court personnel and stenographic reporters engaged in such proceedings before the Three-Judge Panel or in deposition or other proceedings incidental to the Three-Judge Panel proceeding,

    (d)    Any outside expert or consultant retained by counsel for Plaintiffs and Intervenors for the purpose of this Three-Judge Panel proceeding;

    (e)    Witnesses to whom the Confidential Material may be disclosed during a deposition taken in this Three-Judge Panel proceeding, during their preparation for any hearing or trial, and in any hearing or trial in this

1  Three- Judge Panel proceeding, provided that the witness may not leave a
2  deposition or hearing with copies of any of the Confidential Material, and
3  shall be informed of and agree to be bound by the terms of this order;

4. Each person to whom disclosure of Confidential Material is made shall, prior to the time of disclosure, be provided a copy of this Order by the person furnishing the Confidential Material, and shall agree on the record or in writing that they have read this Protective Order and understand and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the Three-Judge Panel with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this proceeding, or until otherwise ordered by the Three-Judge Panel. A copy of each such agreement will be furnished to Defendants' counsel within one week of signing the agreement, or upon order of the Three-Judge Panel.

5. At the conclusion of the hearings before the Three-Judge Panel and any appeal, or upon other termination of the Three-Judge Panel litigation, all Confidential Material obtained by any party, counsel for Plaintiffs, counsel for the intervening parties, and all copies of the Confidential Material in the possession, custody, or control of the parties, counsel for Plaintiffs and counsel for the intervening parties shall be returned to counsel for the Defendants.

6. All Confidential Material obtained by any party, counsel for Plaintiffs, and counsel for Intervenors shall be  used solely in connection with the Three-Judge Panel litigation, or for their related appellate proceedings, and shall not be used or disseminated for any other purpose, including but not limited to pending or future litigation in any court.

7. Any documents filed with the Court in *Coleman*, *Plata*, and Three-Judge Panel that reveal Confidential Material shall be filed under seal, labeled with a cover sheet bearing the case name and number, and the statement:

> "This document is subject to a protective order issued by the Three-Judge Panel and shall not be copied or examined except in compliance with that order."

Documents so labeled shall be kept by the Clerks of these Courts under seal and shall be made available only to the Courts. Upon failure of the filing party to so file a document under seal, any party may request that the Courts place the filing under seal.

8. Legal assistants and consultants for parties, Plaintiffs, and Intervenors shall not make copies of the Confidential Material obtained by them except as necessary for purposes of the Three-Judge Panel proceedings. Counsel for Plaintiffs and Intervenors shall maintain control over all copies obtained by them. All Confidential Material obtained by the parties, counsel for Plaintiffs, and counsel for Intervenors shall be kept only in locked file cabinets or, if stored electronically, on a password-protected computer hard drive. Only attorneys and legal assistants employed by the parties, Plaintiffs, or Intervenors shall have access to the keys to these file cabinets and passwords to the protected computers. All Parties, counsel for Plaintiffs, and counsel for Intervenors shall maintain a record of all persons to whom they have afforded access to Confidential Material, which may be inspected by Defendants' counsel with reasonable notice.

9. Each person who has been afforded access to Confidential Material shall not disclose or discuss the contents of such Confidential Material with any individual who does not fall within one of the categories described in paragraph 3(a)-(e).

10. The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to Defendants or their counsel, employees, representatives, or consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to Confidential Material to which they would have access in the normal course of their official duties.

11. The provisions of this Protective Order are without prejudice to the right of any party:

    (a)    to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation;

    (b)    to object to a discovery request;

    (c)    to apply to the Court for an order compelling production of documents or

modification of this Order or for any order permitting disclosure of Confidential Material beyond the terms of this Order. However, notwithstanding this provision, in no event will the Confidential Material be permitted to be used in pending or future litigation in any other court.

12. The provisions of this order shall remain in full force and effect until further order executed by all members of this Three-Judge Panel.

IT IS SO ORDERED.

Dated:

_____
United States Magistrate Judge

Protective Order re Privileged Documents Produced in Compliance.wpd

CF1997CS0003