1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, SBN 126424
   MISHA D. IGRA, SBN 208711
6  CHARLES J. ANTONEN, SBN 221207
   SAMANTHA D. TAMA, SBN 240280
7  Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
8    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5708
9    Fax:  (415) 703-5843
     Email: Charles.Antonen@doj.ca.gov
10
   Attorneys for Defendants
11

                    HANSON   BRIDGETT   MARCUS
                    VLAHOS & RUDY, LLP
                    JERROLD C. SCHAEFER - 39374
                    PAUL B. MELLO - 179775
                    425 Market Street, 26th Floor
                    San Francisco, CA 94105
                    Telephone: (415) 777-3200
                    Facsimile: (415) 541-9366
                    jschaefer@hansonbridgett.com
                    pmello@hansonbridgett.com

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE EASTERN DISTRICT OF CALIFORNIA

14           AND THE NORTHERN DISTRICT OF CALIFORNIA

15     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 17 **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                    Plaintiffs, | **THREE JUDGE COURT** |
| 19        v. | |
| 20 **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                    Defendants. | |
| 22 | |
| 23 **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 24                    Plaintiffs, | **THREE JUDGE COURT** |
| 25        v. | **DEFENDANTS' *EX PARTE* REQUEST FOR AN EXTENSION OF TIME** |
| 26 **ARNOLD SCHWARZENEGGER, et al.,** | |
| 27                    Defendants. | |
| 28 | |

*Ex Parte* Req. for Extension of Time                    *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                         *Plata v. Schwarzenegger,* Case No. 01-1351

1

## I.

## INTRODUCTION

Defendants request the Court grant a brief extension of time for Defendants to finish the re-review of documents previously withheld on the basis of privilege.  Good cause exists for this request because Defendants have completed a substantial portion of the re-review; the requested extension of time is brief; a protective order is not yet in place to protect against the disclosure of sensitive documents that may be released; and Plaintiffs will not be prejudiced by the brief extension of time.  Therefore, Defendants request the Court permit Defendants until February 15, 2008 to finalize their privilege log and produce any documents previously withheld on the basis of privilege to Plaintiffs.

## II.

## FACTUAL BACKGROUND

On December 14, 2007, after a status conference before Judge Henderson on December 13, 2007, the three-judge panel issued an order: (1) vacating all pre-trial and trial dates; (2) staying, with limited exception, all discovery; (3) providing Defendants with 45-calendar days to conduct a review and revision of the previously submitted privilege logs; and (4) referring to Magistrate Moulds further proceedings in connection with Defendants' review and revision of the previously submitted privilege logs.  (Hoch Decl. ¶ 4.)  On December 17, 2007, Magistrate Moulds issued an order that on or before January 28, 2008, Defendants shall: (1) serve on Plaintiffs their revised privilege logs and, as appropriate, any remaining documents for which the claim of privilege has been withdrawn; and (2) file with the Court a copy of Defendants' revised privilege logs and submit under seal, for possible review, a copy of all documents described in the revised privilege logs.  (Hoch Decl. ¶ 5.)  A conference before Magistrate Moulds is currently set on January 29, 2008 at 1:30 p.m.  (Hoch Decl. ¶ 5.)

In order to conduct a comprehensive and consistent review within 45-calendar days, a dedicated team of attorneys was assembled to conduct a second review of approximately 50,000 documents previously identified on Defendants' original privilege logs.  (Hoch Decl. ¶ 6.)  In addition to this detailed re-review, which entailed determining whether each document was

1    covered by a privilege and redacting non-responsive or privileged information from certain

2    documents, another team of attorneys worked at revising the privilege logs. (Hoch Decl. ¶ 6.)

3    The revision of the privilege logs could not begin until the detailed re-review was largely

4    completed. (Hoch Decl. ¶ 6.) Since December 18, 2007, this team of attorneys has been working

5    every day, excluding Christmas Day and New Year's Day, to complete this re-review and revise

6    the privilege logs as appropriate. (Hoch Decl. ¶ 8.)

7        As of Monday, January 28, 2008, a revised privilege log for approximately 14,000

8    documents has been prepared by Defendants. (Hoch Decl. ¶ 9.) The revised privilege log, save

9    for a small percentage (less than five percent) of errors or missing data on the log, is complete.

10   (Hoch Decl. ¶ 9.) Defendants continue to review and revise the January 28, 2008 privilege log to

11   include and confirm the necessary elements, such as sender and recipient information. (Hoch

12   Decl. ¶ 9.) As to the approximately 36,000 remaining documents, Defendants have completed a

13   review of approximately 25,000 documents and determined that these documents are not subject

14   to a privilege. (Hoch Decl. ¶ 10.) Defendants estimate that approximately 11,000 documents

15   require additional review to determine whether these documents are subject to a privilege and/or

16   need to be redacted. (Hoch Decl. ¶ 11.) These documents primarily consist of two categories of

17   documents: (1) finance-related documents that need to be reviewed; and (2) CDCR week-ahead

18   reports that need to be reviewed and redacted to remove non-responsive and privileged

19   information. (Hoch Decl. ¶ 11.) Defendants anticipate being able to provide a final revised

20   privilege log and producing to Plaintiffs' counsel documents previously withheld on the basis

21   privilege but that as a result of the re-review are no longer claimed as privilege by February 15,

22   2008. (Hoch Decl. ¶ 11.)

23                                          **III.**

24                                        **ARGUMENT**

25   **A.    Good Cause Exists for Defendants' Request for an Extension of Time.**

26       Good cause warrants granting Defendants' request for a brief extension of time. Despite

27   acute time pressures, Defendants have completed a substantial portion of the re-review to date.

28   As noted above, Defendants have been able to review 36,000 of the approximately 50,000

*Ex Parte* Req. for Extension of Time                    *Coleman v. Schwarzenegger,* Case No. 90-0520
                                                        *Plata v. Schwarzenegger,* Case No. 01-1351

3

1  documents previously designated by Defendants as privileged.  (Hoch Decl. ¶ 13.)  Despite

2  Defendants' best efforts, Defendants have not been able to complete the re-review project on the

3  accelerated time frame imposed by the Court.  As Defendants argued at the December 13, 2007,

4  the re-review project required at least 60 days to complete.  (Hoch Decl. ¶ 4.)  Moreover, three

5  national holidays occurred during the time allotted to the re-review, further compressing an

6  already tight time schedule.  Although the attorneys worked during these holidays, their support

7  staff did not.  Defendants request a brief extension of time so that they can fully complete the re-

8  review.

9       A careful review of the remaining documents is necessary to ensure that the appropriate

10  privileges are asserted, to avoid the inadvertent disclosure of privileged documents, and to

11  protect the deliberative process for the Governor's Office.  (Hoch Decl. ¶ 12.)  To make informed

12  decisions on CDCR operations and budget issues, CDCR and the Department of Finance must be

13  able to provide the Governor's Office with candid, unvarnished opinions and recommendations to

14  develop state policy.  (Hoch Decl. ¶ 12.)  Defendants are judiciously applying the deliberative

15  process privilege.  Therefore, providing Defendants with sufficient time to finish the re-review

16  will hopefully alleviate any future motion to compel by Plaintiffs.

17       **B.    Plaintiffs Will Not Be Prejudiced by the Requested Extension of Time.**

18       As of December 14, 2007, all pre-trial and trial dates were vacated and, with limited

19  exception, all discovery has been stayed in this proceeding pending further order of the three-

20  judge panel.  As of today, the three-judge panel has not issued a new scheduling order or even set

21  a further status conference to discuss a new trial schedule.  Moreover, the appeal by the statutory

22  intervenors remains pending in the Ninth Circuit.  Therefore, it is unlikely that a new trial

23  schedule will be issued by the three-judge panel in the very near future.  Consequently, Plaintiffs

24  will not be prejudiced by the brief extension of time requested by Defendants.

25       Additionally, any production of documents by Defendants at this juncture would be

26  premature because the Court has not entered a protective order to safeguard the sensitive nature

27  of any documents that were previously withheld on the basis of privilege but that may be

28  produced by Defendants after the conclusion of the re-review.  In Defendants' *ex parte*

1  application for a protective order, Defendants noted that a large portion of documents that may be

2  produced after the re-review were previously withheld based upon the deliberative process

3  privilege.  These documents contain sensitive information.  For example, these documents

4  contain Budget Change Proposals for government agencies that are not defendants in this

5  proceeding.  However, because of the electronic format of some of the documents and

6  spreadsheets, sensitive budget information for non-parties must be produced.  Defendants

7  requested the Court issue a protective order to ensure free and frank discussion is not endangered

8  by the dissemination of sensitive documents to persons outside of this proceeding, or the use of

9  these sensitive documents in pending and future cases brought by Plaintiffs' counsel or other

10  counsel.  The Court has not yet ruled on Defendants' request for a protective order.

11                                            **IV.**

12                                       **CONCLUSION**

13          For the foregoing reasons, Defendants respectfully request the Court permit Defendants

14  until February 15, 2008 to finalize their privilege log and produce any documents previously

15  withheld on the basis of privilege to Plaintiffs.

16

17  Dated:  January 28, 2007                          EDMUND G. BROWN JR.
                                                      Attorney General of the State of California

18

19                                             By:  ____/s/ Rochelle C. East_____
                                                      Rochelle C. East
20                                                    Supervising Deputy Attorney General
                                                      Attorneys for Defendants

21

22

23

24

25

26

27

28