```
 1  EDMUND G. BROWN JR.                          HANSON BRIDGETT MARCUS
    Attorney General of the State of California  VLAHOS & RUDY, LLP
 2  DAVID S. CHANEY                              JERROLD C. SCHAEFER - 39374
    Chief Assistant Attorney General             PAUL B. MELLO - 179775
 3  FRANCES T. GRUNDER                           425 Market Street, 26th Floor
    Senior Assistant Attorney General            San Francisco, CA 94105
 4  ROCHELLE C. EAST                             Telephone: (415) 777-3200
    Supervising Deputy Attorney General          Facsimile: (415) 541-9366
 5  LISA A. TILLMAN, State Bar No. 126424        jschaefer@hansonbridgett.com
    Deputy Attorney General                      pmello@hansonbridgett.com
 6   1300 I Street, Suite 125
     P.O. Box 944255
 7   Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
 8   Fax: (916) 324-5205
     Email: Lisa.Tillman@doj.ca.gov
 9
10  Attorneys for Defendants
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | No. C 01-1351 THE<br><br>**DECLARATION OF VINCENT P. BROWN IN SUPPORT OF JANUARY 28, 2008 REVISED PRIVILEGE LOG** |

28  //

Dec. Brown, Revd. Prvlg. Log

1

I, Vincent P. Brown, declare:

1. I am the Chief Deputy Director of the California Department of Finance. In this role, my responsibilities include reviewing the Governor's Budget before its presentation to the Legislature.

2. As delegated to me by the Director of Finance, I act for the Director as a member of the Public Works Board and the Pooled Money Investment Board. The Department of Finance also provides staff for both Boards. However, such entities are not parties to this litigation and, therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy Director of the California Department of Finance.

3. I am familiar with the following matters and if called as a witness, I could and would testify competently to them.

4. I have reviewed Plaintiffs' requests for production of documents propounded upon Defendant Michael Genest in this Three-Judge Proceeding. I have also reviewed the responses to those requests.

5. In my capacity as Chief Deputy Director of the California Department of Finance, I am familiar with the Department's responsibilities within State government. The Department of Finance serves in an advisory role to the Office of the Governor. The Department advises the Office of the Governor on specific budget requests from state agencies each fiscal year as well as the overall condition of the State budget. The Department of Finance provides the fiscal analyses integral to developing the State budget each year. Further, the Department of Finance is responsible for overseeing the constitutional, statutory, and court-ordered mandates for and limitations upon fiscal expenditures are followed. The Department also provides input on the drafting, development, and/or implementation of specific legislation to enable or limit government expenditures.

6. I am familiar with the Department of Finance's processes for reviewing budget change proposals and other fiscal requests submitted by State agencies for presentation to the Office of the Governor for final approval. Within the timeframe of the sought discovery propounded on the Director of Finance in this matter, the Department of Finance has received


budget change proposals reflecting analyses of the resources needed to enable compliance with court orders in class action lawsuits pending against the California Department of Corrections and Rehabilitation (CDCR) and other state entities. Those class action cases include *Coleman v. Schwarzenegger*, USDC Eastern, Case No. 90-0520, *Plata v. Schwarzenegger*, USDC Northern, Case No. C-01-1351, *Armstrong v. Schwarzenegger*, USDC Northern, Case No. CV-94-2307, and *Perez v. Tilton*, USDC Northern, Case No. C-05-5241.

7. Even before submitting a budget change proposal to support compliance efforts, the named Defendants in the indicated class action suits will routinely provide the Department of Finance with proposed responses to the court orders issued in the those cases. The Department evaluates the fiscal viability and likely resources for the proposed plan. Given Michael Genest's status as a Defendant, in his official capacity, in the *Coleman* and *Plata* class actions, the Department is attuned to the courts' orders in these class actions and the proposed responses and resource needs of the Defendant state agencies.

8. Moreover, through executive level reports from the Office of the Governor and state agencies, the Department of Finance is apprized of and analyzes the ongoing costs of litigation involving State agencies and, in particular, of the present and potential resource needs arising from those matters. For instance, within the timeframe of the sought discovery propounded on the Director of Finance in this matter, the Department of Finance has received and generated reports concerning the means and costs of complying with specific court orders from the above-referenced class action suits, including orders to increase the salaries of health care providers, enhance information technology capabilities, create additional job classifications, provide a uniform pharmaceutical service, construct healthcare beds, construct in-fill and other beds for adult and juvenile offenders, enable disability access to prison facilities, and, more generally, provide constitutionally adequate mental, medical, and dental health care. Because these class action suits have similar, overarching issues, these documents often reveal discussions about an issue in more than one pending class action. These materials are maintained as privileged and confidential by the Department of Finance.

9. Department of Finance staff analyze the budget change proposals on their

individual merits and within the larger context of overall State budget planning. The Department's deliberations are communicated in emails, fiscal summaries, and reports to the Office of the Governor. The Department also prepares draft letters responding to budget inquiries from state agencies, Legislative members, and other interested persons. I have routinely reviewed, if not prepared, proposed responses to those budget requests and inquiries, and circulated those proposed responses to other executive level staff within the Department of Finance and the Office of the Governor for discussion. These materials are maintained as privileged and confidential by the Department of Finance.

10. The Department of Finance's own internal analyses of constitutional and statutory spending mandates may be part of draft responses to budget change proposals, proposed responses to court orders, and draft letters to state agencies and Legislative members and their staff. I have routinely reviewed, if not prepared, such analyses of constitutional and statutory mandates for fiscal resources and circulated those analyses to other executive level staff within the Department of Finance and the Office of the Governor for review and discussion. These materials are maintained as privileged and confidential by the Department of Finance.

11. Those privileged and non-privileged documents in the possession of the Department of Finance that are responsive to Plaintiffs' requests for production of documents by Defendant Michael Genest in this Three-Judge Panel proceeding have been provided to Defendants' counsel.

12. I understand Defendants' counsel has reviewed the privileged and non-privileged documents provided by the Department of Finance in response to these requests for production. Defendants' counsel provided me with electronic access and, as to those documents from the Department that were not in electronic format, paper copies to those documents from the Department of Finance that were marked as protected by the deliberative process privilege and/or official information privilege in Defendants' revised privilege log of January 28, 2008.

13. Defendants' counsel also provided me with a privilege log detailing which of the Department of Finance documents were marked as protected by the deliberative process privilege and/or official information privilege.

14. I personally reviewed documents provided to me by Defendants' counsel that were marked as protected by the deliberative process privilege and/or official information privilege.

15. In reviewing the documents provided to me that were marked as protected under the deliberative process privilege, I found the following categories of information revealed in those documents:

(a) Issues pending in the *Coleman*, *Plata*, and *Perez* class action cases, and the Three-Judge Panel proceeding. This category consists of documents discussing the significance, analysis and implementation of court orders issued in class action cases against CDCR and other state entities, such as the *Coleman*, *Plata*, and *Perez* orders (including the recruitment and retention plans, pay parity plans, pharmaceutical services plan, adult and juvenile offender bed needs and plans, state hospital bed needs and plans, facility management organizational structures, San Quentin condemned unit plans, out-of-state bed plan), budget measures and mechanisms to support those responses to court orders, proposed bill language to enable certain responses to court orders, corollary lawsuits impacting compliance with court orders (such as the actions challenging AB 900), and writings discussing the fiscal impact of ongoing and proposed responses to court orders in these cases.

(b) Prison reform policy issues: This category consists of documents discussing the Administration's response to the CDCR population issue. These documents discuss issues related to the Governor's Rehabilitation Strike Team, parole reform options, proposed sentencing commission, AB 900 funding mechanisms and missions, and costs and savings involved in reducing recidivism.

(c) Budget Issues: This category consists of documents discussing individual budget requests and the overall status of the State budget, including proposed mid-year cuts, appropriation language to address court orders issued in the class action cases against CDCR, proposed language regarding AB 900, and draft responses to inquiries from legislative staff concerning pending or proposed requests for funding to enable certain responses to class action court orders.

16. The persons who were sent and received these documents were executive-level staff of the Department of Finance, senior management level staff of the Department of Finance (Program Budget Managers or Assistant Program Budget Managers) that are responsible for CDCR and DMH budget planning, or the capital outlay budget-planning for CDCR and DMH, and fiscal oversight or coordination of responses to the various class action court orders, and inhouse counsel of the Department of Finance.

17. These documents provided to me by counsel specifically pertain to the Department of Finance's deliberations concerning the fiscal impact and possible means of resolving the issues in the *Coleman*, *Plata*, and *Perez* class action cases as well as the Three-Judge Panel proceeding. These documents therefore demonstrate internal Department of Finance deliberation of matters within the realm of government decisionmaking.

18. I personally reviewed documents provided to me by Defendants' counsel that were marked as protected by the official information privilege. Those documents consisted of drawings and architectural renderings of actual and proposed prison sites within reports from certain design and construction companies. The persons who received these documents are staff within the Department of Finance that are responsible for briefing Department of Finance managerial staff on CDCR and DMH budget planning, or the capital outlay budget-planning for CDCR and DMH, and fiscal oversight or coordination of responses to the various class action court orders. In reviewing these documents, I found the documents revealed the layout, specifications, and infrastructure of particular prisons. Any disclosure of these documents would endanger the security of the state prisons and the public as a whole.

I declare under penalty of perjury the foregoing is true and correct.

Executed on January 28, 2008 in Sacramento, California.

By: /s/ Vincent P. Brown

VINCENT P. BROWN
Chief Deputy Director
California Department of Finance

cd128decbrown.revprvlg.wpd
SF2007200670

Dec. Brown, Revd. Prvlg. Log