EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　Defendants. | No. C 01-1351 TEH<br><br>**DECLARATION OF ROBERT GORE IN SUPPORT OF REVISED PRIVILEGE LOG OF JANUARY 28, 2008** |

//

Dec. Gore, Rev. Prvlg Log

1

I, Robert Gore, declare:

1. I am the Senior Deputy Cabinet Secretary for the California Governor's Office. From September 1, 2007, until January 15, 2008, I served as Acting Chief Deputy Cabinet Secretary for the California Governor's Office.

2. I am familiar with the following matters and if called as a witness, I could and would testify competently to them.

3. I have reviewed Plaintiffs' requests for production of documents propounded upon Defendant Governor Schwarzenegger and other named Defendants in this Three-Judge proceeding. I have also reviewed the responses to that discovery.

4. In my capacity as Senior Deputy Cabinet Secretary for the California Governor's Office, I am familiar with the Office of Governor's responsibilities within State government. The Office of the Governor is the center of decisionmaking for fiscal and policy issues involving individual state agencies, the overall State budget, and the concerns of the Legislature, the courts, and the citizens of California.

5. I am familiar with the issues presented to the Office of the Governor for discussion and resolution. Because the Office of the Governor has actively addressed prison litigation and reform issues, I am familiar with the AB 900 and other prison reform efforts launched by the Administration as well as the prison issues presented in the class action lawsuits pending against the California Department of Corrections and Rehabilitation and other state entities, including this Three-Judge Panel proceeding as well as *Coleman v. Schwarzenegger*, USDC Eastern, Case No. 90-0520, *Plata v. Schwarzenegger*, USDC Northern, Case No. C-01-1351, *Armstrong v. Schwarzenegger*, USDC Northern, Case No. CV-94-2307, *Madrid v. Gomez*, USDC Northern, Case No. C90-3094 TEH, and *Perez v. Tilton*, USDC Northern, Case No. C-05-5241.

6. The Office of the Governor has created strike teams and engaged state agencies in creating a multi-faceted and integrated approach to prison reform. The Office of the Governor commonly seeks and receives information from the Rehabilitation Strike Team and Facilities Management Strike Team concerning proposed prison reform measures. Executive-level staff of

Dec. Gore, Rev. Prvlg Log

2

state agencies directly involved in the care and custody of state prisoners often communicate with the Office of the Governor on the effect of proposed prison reform measures on their missions, organizational structures, budgets, and staffing levels.

7. The Office of the Governor also participates in deliberations with executive-level staff of involved state agencies, often its codefendants, concerning responses to orders issued in the Three-Judge Panel proceeding and in the class action suits on behalf of prisoners, such as *Coleman*, *Plata*, *Perez*, *Madrid* and *Armstrong*. The involved state agencies include the Department of Finance, the Department of Corrections and Rehabilitation (CDCR), the Department of Mental Health (DMH), and the Department of Personnel Administration. I have participated in communications concerning the interpretation of and proposed responses to multiple sets of court orders addressing overarching correctional issues of staff retention and recruitment, information technology, facilities construction and management, and fiscal resources. Because often identical issues arise in different class action suits, these documents often reveal discussions about an issue in more than one pending class action. These materials are maintained as privileged and confidential by the Office of the Governor.

8. I am also familiar with the Office of the Governor's work with the Legislature on prison litigation and reform issues. In particular, I am familiar with the development and implementation of AB 900. Further, I receive and relay communications regarding various legislative proposals to support prison construction, staffing, population, and rehabilitation concerns. These materials are maintained as privileged and confidential by the Office of the Governor.

9. Moreover, the Office of the Governor determines the State's budget. With the assistance of the Department of Finance, the Office of the Governor determines the fiscal resources of individual state agencies and the funding needs stated in budget change proposals. The Office of the Governor prepares and receives reports discussing the ongoing costs of litigation involving State agencies and the present and potential resource needs arising from those matters. The Office of the Governor receives emails, fiscal summaries and reports from the Department of Finance concerning proposed budget items. The Office of the Governor also

prepares draft letters responding to budget inquiries from state agencies, Legislative members, and other interested persons. I have routinely reviewed, if not prepared, proposed responses to budget requests and inquiries, and circulated those proposed responses to other executive level staff within the Office of the Governor and the Department of Finance for discussion. These materials are maintained as privileged and confidential by the Office of the Governor.

10. The Office of the Governor routinely receives the Department of Finance's analyses of constitutional and statutory spending mandates. These analyses may be part of draft responses to budget change proposals, proposed responses to court orders, and draft letters to state agencies and Legislative members and their staff. I have routinely reviewed such analyses of constitutional and statutory mandates for fiscal resources and circulated those analyses to other executive level staff within the Office of the Governor for review and discussion. These materials are maintained as privileged and confidential by the Office of the Governor.

11. Those privileged and non-privileged documents in the possession of the Office of the Governor that are responsive to Plaintiffs' requests for production of documents by Defendant Governor Schwarzenegger in this Three-Judge Panel proceeding have been provided to Defendants' counsel.

12. I understand Defendants' counsel has reviewed the privileged and non-privileged documents provided by the Office of the Governor in response to these requests for production. Defendants' counsel provided me with electronic access to and, where electronic format documents were not available, paper copies of those documents from the Office of the Governor that were marked as protected by the deliberative process privilege and/or official information privilege in the revised privilege log of January 28, 2008.

13. I reviewed documents provided to me by Defendants' counsel that were marked as protected by the deliberative process and/or official information privileges.

14. In reviewing documents marked as protected under the deliberative process privilege, I found the following categories of information revealed in those documents:

(a) Issues pending in the *Coleman, Plata, Armstrong, Perez* and other class action cases, and the Three-Judge Panel proceeding. This category consists of documents discussing

the significance, analysis and implementation of court orders issued in class action cases against CDCR and other state entities, such as the *Coleman, Plata, Armstrong* and *Perez* orders (including the recruitment and retention plans, pay parity plans, pharmaceutical services plan, adult and juvenile offender bed needs and plans, state hospital bed needs and plans, facility management organizational structures, San Quentin condemned unit plans, out-of-state bed plan, coordination efforts with the Receiver), budget measures and mechanisms to support those responses to court orders, proposed bill language to enable certain responses to court orders, statutory and regulatory impediments to proposed responses to court orders, corollary lawsuits impacting compliance with court orders (such as the actions challenging AB 900 and challenging out-of-state transfers) and writings discussing the fiscal impact of ongoing and proposed responses to court orders in these cases.

  (b) Prison reform policy issues: This category consists of documents discussing the Administration's response to the CDCR population issue. These documents discuss proposed parole reform and recidivism reduction strategies, proposed sentencing commission concepts, AB 900 funding mechanisms, legal opinions concerning certain facets of proposed prison reform strategies, partnerships with private and public sector organizations for parole reform. In addition, the draft reports and deliberations of the Governor's Facilities Strike Team and Rehabilitation Strike Team are discussed.

  (c) Budget Issues: This category consists of documents discussing individual budget requests and the overall status of the State budget, including proposed mid-year cuts, appropriation language to address court orders issued in the class action cases against CDCR, proposed language regarding AB 900, draft responses to inquiries from legislative staff concerning pending or proposed requests for funding to enable certain responses to class action court orders.

  15. The persons who sent and/or received these documents were executive-level staff of the Office of the Governor, members of the Governor's Cabinet, executive-level staff of CDCR, executive-level staff of the Department of Mental Health and/or executive-level and senior management level staff of the Department of Finance responsible for CDCR and DMH

1. budget planning and fiscal oversight or coordination of responses to the various class action court orders. I noticed inhouse and outside counsels were often transmitters or recipients of these communications.

16. These documents often were in the form of email communications, Governor's Office Action Requests (GOAR), draft talking point memos, handwritten notes, and executive summaries (known as white papers).

17. These documents specifically pertain to the Office of the Governor's discussions and deliberations concerning the legislative, policy and financial means of resolving the issues in the *Coleman, Plata, Armstrong, Madrid,* and *Perez* class action cases as well as the Three-Judge Panel proceeding. These documents show the Office of the Governor's internal deliberations of matters within the realm of government decisionmaking.

18. I reviewed documents that were marked as protected by the official information privilege. Those documents consisted of drawings and architectural renderings of actual and proposed prison sites. The persons who were sent and/or received these documents were executive-level and legal staff of the Office of the Governor, CDCR, DMH, and/or the Department of Finance staff responsible for CDCR and DMH budget planning and fiscal oversight or coordination of responses to the various class action court orders. In reviewing these documents, I found the documents revealed the layout, specifications, and infrastructure of particular prisons. Any disclosure of these documents would endanger the security of the state prisons and the public as a whole.

I declare under penalty of perjury the foregoing is true and correct.

Executed on January 28, 2008 in Sacramento, California.

By: /s/ ROBERT GORE

30382577.wpd
sf2007200670

Dec. Gore, Rev. Prvlg Log