EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | No. C 01-1351 THE<br><br>**THREE JUDGE COURT**<br><br>**DECLARATION OF CYNTHIA A. RADAVSKY IN SUPPORT OF JANUARY 28, 2008 REVISED PRIVILEGE LOG** |

//

I, Cynthia A. Radavsky, declare:

1. I am employed in the position of Deputy Director of Long-Term Care Services with the Department of Mental Health (DMH) of the Health and Human Services Agency. I have been employed by the Department of Mental Health since October 1995 and have held the following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long Term Care Services from 2006 to present.

2. I have personal knowledge of the facts stated in this declaration and if called to testify upon those facts would do so competently.

3. In my position with DMH, I am familiar with the missions, policies, staffing, and operations of each of the state hospitals. I am responsible for overseeing the inpatient care provided to CDCR inmate-patients at Atascadero State Hospital, Coalinga State Hospital and Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of DMH programs within California Department of Correction and Rehabilitation (CDCR) facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas Valley Psychiatric Program at Salinas Valley State Prison.

4. I am responsible for ensuring DMH provides appropriate responses to and complies with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in preparing and developing Defendants' August 2007 mental health bed plan. I also participated in the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of December 2006. I am participated in the development of the pay parity plans approved by this Court for DMH clinicians. I also participated in developing the DMH response to court orders for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan for Coalinga State Hospital. I oversee the preparation and implementation of the operating interagency agreements and memoranda of understanding between DMH and CDCR to provide acute and intermediate care inpatient beds to CDCR inmates.

5. I am also responsible for DMH's responses to other litigation matters, ranging from

habeas petitions filed by patients to the action brought by the United States Department of Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the CRIPA case).

6. I have reviewed Plaintiff's requests for production of documents propounded upon Defendant Stephen Mayberg in this Three-Judge Panel proceeding. I have also reviewed the responses to those requests.

7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am familiar with this agency's responses to a wide range of patient care issues arising within the state hospitals. More specifically, I am familiar with this agency's responses to those issues arising from its provision of inpatient psychiatric care to prisoners of the California Department of Corrections and Rehabilitation (CDCR). Many of those issues have arisen in the course of the individual class actions underlying this Three-Judge Panel proceeding, such as the selection and components of new prison sites, the recruitment and retention of staff, the utilization of state hospital beds by CDCR inmates, the construction and/or renovation of facilities within CDCR to provide inpatient care, the licensure of CDCR and DMH mental health care facilities, the coordination of remedial efforts between the federal courts, the implementation of AB 900, the resources to enable compliance with court orders.

8. Because I am an instrumental participant in the development of this agency's responses to those issues of inpatient care to CDCR prisoners, I have received and reviewed numerous documents discussing these issues and potential responses to these issues. The documents reflect internal analysis, deliberation and discussion of these issues. I have commonly reviewed, if not prepared, draft or proposed responses to these issues and circulated those drafts to other executive level staff and to attorneys for review and discussion. This agency maintains such documents as privileged and confidential.

9. I am also familiar with and participate in the state government processes for the development of this agency's budget, including the preparation of draft budget change proposals for internal review, the submission of those draft budget change proposals to the Department of Finance and the Office of the Governor, and ultimately the presentation of certain budget proposals to the Legislature during hearings.

Decl. Radavsky, Privlg Log

10. I receive on a routine basis various documents containing legal opinions prepared by in-house counsel as well as outside counsel. These legal opinions address ongoing and anticipated litigation, including the pending class actions underlying this Three-Judge Panel proceeding as well as CRIPA case, and the costs of such litigation.

11. I have caused documents in the possession of DMH to be provided to counsel for the Defendants in response to Plaintiffs' requests for production. These documents include draft unadopted planning documents, budget change proposal packages, draft memoranda of understanding, and communications with DMH's executive level, in house counsel, and outside counsel for Defendants regarding pending and anticipated litigation.

12. I understand Defendants' counsel has reviewed the privileged and non-privileged documents provided by the DMH in response to these requests for production. Defendants' counsel provided me with electronic access to those documents from the Department of Mental Health that were marked as protected by the deliberative process privilege (with some also marked as attorney-client privilege) in the revised privilege log of January 28, 2008.

13. Defendants' counsel also provided me with a privilege log detailing which of the Department of Mental Health's documents were marked as protected by the deliberative process privilege.

14. I personally reviewed all of those documents that were marked as protected by the deliberative process privilege. In reviewing these documents, I found the documents revealed the following information:

(a) Analyses of issues pending in the *Coleman* and Three-Judge Panel case. This category included documents discussing the significance, analysis, and implementation of *Coleman* court orders, draft plans responsive to *Coleman* court orders (including the recruitment and retention plans, pay parity plans, CDCR-DMH bed plans and forecasts) and prison reform. The persons who were sent and received these documents were executive-level staff of DMH, executive level staff of Health and Human Services Agency (the parent agency of DMH), and in-house counsel for DMH. Because these documents specifically indicated the *Coleman* case and addressed the resolution of pending *Coleman* issues as well as other agency issues, the

addressed the resolution of pending *Coleman* issues as well as other agency issues, the documents demonstrate internal agency deliberation of matters within the realm of government decisionmaking.

      (b) Analyses of Agency Functions and Responsibilities. This category included a draft of California Health and Human Services Agency Action Plan Update 2007-2008, with email to executive-level DMH staff about the draft plan.

      15. The majority of the privileged documents revealed and enabled pre-decisional analysis of administration and fiscal issues arising from the *Coleman* case and other agency issues. A single document revealed and enabled pre-decisional discussion of the roles and responsibilities to be undertaken by the Health and Human Services Agency in a certain time period.

      I declare under penalty of perjury the foregoing is true and correct.

Executed on January 28, 2008, in Sacramento, California.

CYNTHIA A. RADAVSKY
Deputy Director, Long-Term Care Services
Department of Mental Health

Declradvsky.rev128prvlg.wpd
SF2007200670

Decl. Radavsky. Privlg Log

5