EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO -  179775
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　Defendants. | No. C 01-1351 TEH<br><br>**DECLARATION OF DAVID RUNNELS IN SUPPORT OF JANUARY 28, 2008 REVISED PRIVILEGE LOG** |

//

I, David Runnels, declare:

1. I am the Undersecretary of Operations within the California Department of Corrections and Rehabilitation (CDCR).

2. I am responsible for overseeing the management and operation of the juvenile and adult correctional facilities within CDCR. I am familiar with and an instrumental participant in the development of CDCR's policies and procedures for ensuring the care and custody of inmates. I am also familiar with CDCR's role as a state agency responsive to the directives of the Office of the Governor and the orders of the federal courts.

3. I am familiar with the following matters and if called as a witness, I could and would testify competently to them.

4. I have reviewed Plaintiffs' requests for production of documents propounded upon Defendant James Tilton in this Three-Judge Proceeding. I have also reviewed the responses to those requests.

5. In my capacity as Undersecretary, I am familiar with the class action lawsuits pending against the California Department of Corrections and Rehabilitation (CDCR) and other state entities. Those class action cases include *Coleman v. Schwarzenegger*, USDC Eastern, Case No. 90-0520, *Plata v. Schwarzenegger,* USDC Northern, Case No. C-01-1351, *Armstrong v. Schwarzenegger,* USDC Northern, Case No. CV-94-2307, and *Perez v. Tilton,* USDC Northern, Case No. C-05-5241.

6. I am familiar with this agency's responses to a wide range of inmate care and custody issues arising within CDCR. More specifically, I am familiar with this agency's responses to those issues arising from its provision of constitutionally adequate mental, medical, and dental health to inmates within the California Department of Corrections and Rehabilitation Many of those issues have arisen in the course of the individual class actions underlying this Three-Judge Panel proceeding, such as the selection and components of new prison sites, the recruitment and retention of staff, the utilization of medical and mental health beds by CDCR inmates, the construction and/or renovation of facilities within CDCR to provide inpatient care, the licensure of CDCR health care facilities, the reduction of recidivisim, parole reform and

reentry strategies, and the out-of-state transfer of inmates. I am involved in CDCR's implementation of AB 900, and coordinate those efforts with the Office of the Governor's Rehabilitation Strike Team and Facilities Strike Team and other state agencies. I oversee the securing of resources to enable compliance with court orders.

7. Because I am an instrumental participant in the development of this agency's responses to those referenced class action and Three Judge Panel proceeding issues, I have received and reviewed numerous documents discussing these issues and potential responses to these issues. The documents reflect internal analysis, deliberation and discussion of these issues. I have commonly reviewed, if not prepared, draft or proposed responses to these issues and circulated those drafts to other executive level staff and to attorneys for review and discussion. This agency maintains such documents as privileged and confidential.

8. I am also familiar with and participate in the state government processes for the development of this agency's budget, including the preparation of draft budget change proposals for internal review, the submission of those draft budget change proposals to the Department of Finance and the Office of the Governor, and ultimately the presentation of certain budget proposals to the Legislature during hearings. The Department's fiscal deliberations are communicated in emails, fiscal summaries, and reports to the Office of the Governor. The Department also prepares draft letters responding to budget inquiries from the Department of Finance, Legislative members, and other interested persons. I have routinely reviewed, if not prepared, proposed responses to those budget requests and inquiries, and circulated those proposed responses to other executive level staff within CDCR, the Department of Finance, and the Office of the Governor for discussion. These materials are maintained as privileged and confidential by CDCR.

9. I receive on a routine basis various documents containing or discussing legal opinions prepared by in-house counsel as well as outside counsel. These legal opinions address ongoing and anticipated litigation, including the pending class actions underlying this Three-Judge Panel proceeding, the costs of such litigation, and the means of resolving such litigation.

10. I have caused documents in the possession of CDCR to be provided to counsel for

the Defendants in response to Plaintiffs' requests for production upon Defendant James Tilton. These documents include draft unadopted planning documents, budget change proposal packages, draft memoranda of understanding, and communications with CDCR's executive level, in-house counsel, and outside counsel for Defendants regarding pending and anticipated litigation.

11. I understand Defendants' counsel has reviewed the privileged and non-privileged documents provided by the CDCR in response to these requests for production. Defendants' counsel provided me with electronic access to those documents from CDCR that were marked as protected by the deliberative process privilege (with some also marked as attorney-client privilege) in the revised privilege log of January 28, 2008.

12. Defendants' counsel also provided me with a privilege log detailing which of the CDCR's documents were marked as protected by the deliberative process privilege.

13. I reviewed documents that were marked as protected by the deliberative process privilege. Because these class action suits have similar, overarching issues, these documents often reveal discussions about an issue in more than one pending class action. In reviewing these documents, I found the documents revealed the following information:

(a) Analyses of issues pending in the *Coleman, Plata, Armstrong, Perez* and Three-Judge Panel cases. This category included documents discussing the significance, analysis, and implementation of these courts' orders, draft plans responsive to those court orders (including the recruitment and retention plans, pay parity plans, bed space studies and plans, custody staff needs, suicide reduction strategies), budget measures and mechanisms to support those responses to court orders, proposed bill language to enable certain responses to court orders, statutory and regulatory impediments to proposed responses to court orders, corollary lawsuits impacting compliance with court orders (such as the actions challenging AB 900 and challenging out-of-state transfers) and writings discussing the fiscal impact of ongoing and proposed responses.

(b) Prison reform policy issues: This category consists of documents discussing proposed responses to the CDCR population issue. These documents discuss proposed parole reform and recidivism reduction strategies, proposed sentencing commission concepts, AB 900

funding mechanisms, legal opinions concerning certain facets of proposed prison reform strategies, proposed and pending parole reform efforts of the Board of Parole Hearings and the Rehabilitation Strike team, and partnerships with private and public sector organizations for parole reform. In addition, the draft reports and deliberations of the Governor's Facilities Strike Team and Rehabilitation Strike Team are discussed.

(c) Budget Issues: This category consists of documents discussing individual budget requests and the overall status of the CDCR budget, including proposed reductions in spending, appropriation language to address court orders issued in the class action cases against CDCR, proposed language regarding AB 900, draft responses to inquiries from legislative staff concerning pending or proposed requests for funding to enable certain responses to class action court orders.

14. The documents marked as protected by the deliberative process privilege were often in the form of emails, Governor's Office Action Requests, draft budget change proposals, and draft memoranda. The persons who were sent and/or received these documents were executive-level staff of CDCR as well as executive-level staff within the Office of the Governor, the Department of Mental Health, and the Department of Finance. These documents were maintained on a confidential and privileged basis.

15. Because these class action suits have similar, overarching issues, these documents often reveal discussions about an issue in more than one pending class action. These documents specifically indicate these class action cases and address the resolution of pending class action issues as well as other agency issues, the documents demonstrate internal agency deliberation of matters within the realm of government decisionmaking. These documents revealed and enabled pre-decisional analysis of administration and fiscal issues arising from the Three-Judge Panel proceeding and the underlying class action cases.

16. I reviewed documents that were marked as protected by the official information privilege. Those documents consisted of drawings and architectural renderings of actual and proposed prison sites. The persons who received these documents are staff within CDCR, the Department of Finance, and the Office of the Governor. In reviewing these documents, I found

1  the documents revealed the layout, specifications, and infrastructure of particular prisons. Any
2  disclosure of these documents would endanger the security of the state prisons and the public as a
3  whole.
4      I declare under penalty of perjury the foregoing is true and correct.
5      Executed on January 28, 2008 in Sacramento, California.

             By: _____/s/_____

                 DAVID RUNNELS
                 Chief Deputy Director
                 California Department of Finance

runnels.revprvlg.wpd

SF2007200670

Dec. Runnels, Revd. Prvlg. Log