IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

Pursuant to court order, this matter came on for hearing on defendants' motion for extension of time and status conference on discovery and related issues on January 29, 2008. Michael Bien, Esq. and Lori Rifkin, Esq. appeared as counsel for plaintiffs. Paul Mello, Esq. appeared as counsel for defendants in Plata. Rochelle East, Supervising Deputy Attorney General, appeared as counsel for defendants in Coleman.

By order filed December 20, 2007, this court set a deadline of January 28, 2008 by which defendants were to serve on plaintiffs their revised privilege logs and submit under seal, for possible review, a copy of all documents described in the revised privilege logs. On January 28, 2008, defendants filed and served a revised privilege log for electronic

documents and a revised privilege log for paper documents, and submitted documents identified on the revised privilege logs to the court for possible in camera review. On the same day, defendants filed a request for an extension of time to finalize their privilege log and produce to plaintiffs any documents previously withheld on the basis of privilege.

Defendants seek an extension of time to review again approximately 11,000 documents for possible claims of privilege, to deliver documents to plaintiffs, and to revise the January 28, 2008 privilege logs to correct errors in a small number of entries. Defendants assert that the documents to be reviewed again are intermingled with 25,000 documents for which a claim of privilege previously made has been withdrawn or is not being asserted, thereby precluding timely delivery to plaintiffs of the latter documents. After consideration of defendants' request and the arguments of counsel, in open court the court orally granted defendants' request, as set forth in this order infra.[1]

On January 25, 2008, defendants filed an application for a protective order. Defendants seek a protective order to govern documents previously withheld on the basis of privilege for which claims of privilege have been withdrawn or otherwise abandoned. Defendants' proposed protective order is overbroad and inconsistent with controlling precedent from the United States Court of Appeals for the Ninth Circuit. See, e.g., Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122 (9th Cir. 2003); see also Phillips ex rel. Estates of Byrd v. General Motors, 307 F.3d 1206 (9th Cir. 2002). The court will issue a protective order limiting to this three judge court proceeding use of all documents previously withheld on the basis of privilege for which claims of privilege have been withdrawn or otherwise abandoned.

In accordance with the above, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' January 25, 2008 application for a protective order is denied;

---

[1] All orders contained in this written order were announced to the parties in open court at the hearing on January 29, 2008.

2. Defendants' January 28, 2008 request for extension of time is granted;

3. On or before February 4, 2008, defendants shall produce to plaintiff the approximately 25,000 documents previously withheld on the basis of privilege for which claims of privilege have been withdrawn or otherwise abandoned;

4. On or before February 4, 2008, defendants shall file and serve their corrected January 28, 2008 privilege logs;

5. On or before February 15, 2008, defendants shall file and serve final privilege logs, shall submit to this court for in camera review any additional documents for which a claim of privilege is made; and shall produce to plaintiffs any additional documents previously withheld on the basis of privilege for which claims of privilege have been withdrawn or otherwise abandoned;

6. On or before February 20, 2008, the parties shall meet and confer, as appropriate, concerning any disputes arising from defendants' revised privilege logs;

7. On or before February 25, 2008, the parties shall file either a joint statement concerning disputes arising from the privilege logs, see Local Rule 37-251, or a joint statement that no disputes remain.

DATED: January 29, 2008.

_____
UNITED STATES MAGISTRATE JUDGE