1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURTS

7                       FOR THE EASTERN DISTRICT OF CALIFORNIA

8                       AND THE NORTHERN DISTRICT OF CALIFORNIA

9    RALPH COLEMAN, et al.,

10             Plaintiffs,              No. CIV S-90-0520 LKK JFM P (E.D.Cal.)

11        vs.

12   ARNOLD SCHWARZENEGGER,
     et al.,
13
               Defendants.
14   _____/

15   MARCIANO PLATA, et al.,

16             Plaintiffs,              No. C 01-1351 TEH (N.D.Cal.)

17        vs.

18   ARNOLD SCHWARZENEGGER,
     et al.,
19
               Defendants.
20   _____/

21   CARLOS PEREZ, et al.,

22             Plaintiffs,              No. C 05-05241 JSW (N.D.Cal.)

23        vs.

24   JAMES TILTON, et al.,

25             Defendants.

26   _____/

1  JOHN ARMSTRONG, et al.,

2          Plaintiffs,              No. C 94-2307 CW (N.D.Cal.)

3      v.

4  ARNOLD SCHWARZENEGGER,        <u>ORDER TO SHOW CAUSE</u>
   et al.,

5          Defendants.

6  _____/

7          The Receiver in <u>Plata</u>, the Special Master in <u>Coleman</u>, and the Court Representatives in

8  <u>Perez</u> and <u>Armstrong</u>  have presented to the judges in the above-captioned cases an agreement

9  that they have reached during the coordination meetings that they have held to date.  The

10  agreement, which is attached to this order, is presented to the undersigned for review and

11  approval.

12          Good cause appearing, IT IS HEREBY ORDERED that the parties in the above-

13  captioned cases are granted until February 15, 2008, to show cause why the attached agreement

14  should not be adopted as an order of the court.  Any response to this order to show cause shall be

15  filed in each of the above-captioned cases and served on all of the parties to all of the cases and

16  on the Receiver, the Special Master, and the Court Representatives.  Thereafter, the request for

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1  approval of the agreement will be taken under submission for individual and joint consideration

2  by the undersigned.

3

4  DATED:   02/04/08

5  LAWRENCE K. KARLTON
   SENIOR JUDGE
6  UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF CALIFORNIA

7

8  DATED:   02/04/08

9  THELTON E. HENDERSON
   UNITED STATES DISTRICT JUDGE
   NORTHERN DISTRICT OF CALIFORNIA

10

11

12  DATED:   02/04/08

13  JEFFREY S. WHITE
    UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF CALIFORNIA

14

15

16  DATED:   02/04/08

17  CLAUDIA WILKEN
    UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF CALIFORNIA

18

19

20

21

22

23

24

25

26

3

INFORMATION TECHNOLOGY

The objective of the Receiver's long term information technology (IT) program is to construct and support the California Correction Health Care Information System based on the importance of "correct data at the point of care."  The core design is based on an Electronic Medical Record (EMR) for each inmate/patient.  The EMR will be paperless, medical information gathered in one location for physicians and clinicians to access, at various locations, and thereby enable them to make informed and safe medical decisions.  All data obtained will be patient-centric to allow for an "Information at the Point of Care" system.

To support the establishment of an EMR, a foundation will be formed.  It will contain four components:  1) technical infrastructure, 2) clinical infrastructure, 3) data infrastructure, and 4) operational infrastructure.  The technical infrastructure will provide a high-speed connection to a network of multiple sites.  The clinical infrastructure will provide a repository of standardized data through verifiable data processes and compile medical data across all compliant data sources into a unified database that can be used to generate information valuable for patient care and healthcare management.  The data infrastructure will implement a secure clinical web-based portal tool that allows clinical staff appropriate access to verified and standardized patient data at the point of care or clinical work areas (i.e. university hospitals, local specialty care centers).  The operational infrastructure will provide clinical informatics with a near zero fault tolerance system to support various operations (i.e. Maxor Pharmaceuticals).

Upon this foundation, the EMR will be supported by uniform clinical data provided by two types of clinical information systems:  1) clinical business systems and 2) clinical systems. The Clinical Business System will sustain such areas as access tracking, scheduling, correctional interface, clinical resource scheduling, clinical contracting, credentialing, and continuing medical education (CME) verification.  The clinical systems will sustain such areas as laboratory, radiology, pharmacy, clinical department workflow, telemedicine, digital imaging, dental systems and mental health systems.

4

Based on these systems the EMR will facilitate:

- a clinical data warehouse
- views on data - patient, clinician, administrator portals and reports
- integrated patient care at the regional level
- clinical/case management and outcome reporting
- chronic disease registries
- enterprise wide/common scheduling
- supported clinical decisions
- cost effective and timely patient-centered care
- telemedicine delivery

The Receiver will assume responsibility for implementation of the long term IT program to include the medical, dental and mental health programs.   The Coleman Special Master, the Perez court experts, the Armstrong court representative, and defendants' mental health and dental administrators will be kept informed of the progress of this long range project and will provide necessary input concerning mental health, dental and Armstrong clinical data needs.

Telemedicine is a critical component of the Receiver's plan to bring the California Prison Health Care system to a constitutional standard.  The Receiver will assume responsibility for the telemedicine program serving the medical, dental, mental health and Armstrong programs to include direct oversight of the office of telemedicine services comprised of eight personnel [4 RNs, 2 Staff Services Analysts (SSAs), 1 Health Records Technician II (HRT II), and 1 TCA II].  The Coleman Special Master will consult with defendants' mental health administrators to assist in establishing clinical guidelines for the mental health component of the telemedicine program.

The Receiver will assume responsibility to support the current Mental Health Tracking System until it can be integrated into the long term IT program.

There will be ongoing coordination among the four cases to ensure that the Disability and Effective Communication System (DECS) and the Receiver's IT system are integrated appropriately.