| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>ALISON HARDY Bar No.: 135966<br>VIBEKE NORGAARD Bar No.: 209499<br>E. IVAN TRUJILLO Bar No.: 228790<br>RACHEL FARBIARZ Bar No.: 237896<br>General Delivery<br>San Quentin, California  94964<br>Telephone: (415) 457-9144 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN Bar No.: 096891<br>JANE E. KAHN Bar No.: 112239<br>AMY WHELAN Bar No.: 215675<br>LORI RIFKIN Bar No.: 244081<br>SARAH M. LAUBACH Bar No.: 240526<br>315 Montgomery Street, 10th Floor<br>San Francisco, California  94104<br>Telephone: (415) 433-6830 |
| BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California  94111<br>Telephone: (415) 393-2000 | HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington  98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107<br>Telephone:  (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  vs.<br>    Defendants | No. C01-1351 THE<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' STATEMENTOF NON-OPPOSITION TO INTERVENORS' MOTION FOR RECONSIDERATION** |

In its order of July 10, 2007, this Court bifurcated the proceedings into two phases. Phase I was limited to the issues of whether overcrowding is the primary cause of the constitutional violations and whether any remedy other than a release order will remedy the constitutional violations. Phase II was limited to the questions of "to determine whether a prison release order will be imposed, and the nature and terms of any such order in light of public safety and other concerns." *Id*. at 3. In addition, the Court limited the participation of the statutory intervenors to Phase II in order to prevent undue delay and to promote the efficient management of the case. *Id*. at 5.

The statutory intervenors have moved for reconsideration of the limitations imposed by the Court in light of the Governor's request that the state Legislature authorize the early release of thousands prisoners. Plaintiffs do not oppose the motion to allow these intervenors the opportunity to participate in Phase I of the case, provided that such intervention is limited in a manner that will not unduly burden Plaintiffs and that will result in the expeditious resolution of this case. Therefore, if the Court grants the motion for reconsideration, it should place strict limits on the intervenors' participation so that the discovery already completed is not reopened and that the 140 statutory interveners' proceed through a limited number of counsel, both during discovery and at trial.

Dated:  February 7, 2008                                    Respectfully submitted,


                                                        /s/
                                            Donald Specter
                                            Prison Law Office
                                            Attorneys for Plaintiffs