IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　　Defendants. | NO. CIV S-90-0520 LKK JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　　Defendants. | NO. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><u>ORDER GRANTING IN PART INTERVENORS' MOTION FOR RECONSIDERATION AND ORDER CONSOLIDATING PROCEEDINGS</u> |

On January 28, 2008, the Republican Assembly and Senate Intervenors, District Attorney Intervenors, and Sheriff, Probation, Police Chief, and Corrections Intervenors (collectively, "Intervenors") filed a motion for reconsideration of this court's October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines for Phase I and November 9, 2007 Order on Motion for Reconsideration and/or Clarification. Defendants filed a statement of non-opposition to the motion on February 4, 2008, and Plaintiffs filed a statement of non-opposition on February 7, 2008.

After reviewing the Intervenors' arguments, the court rejects Intervenors' contention that defendants are inadequate representatives of the Intervenors' interests on the questions of whether "crowding is the primary cause of the violation of a Federal right" and whether "no other relief [other than a prisoner release order] will remedy the violation of the Federal right." Oct. 10, 2007 Order at 3 (quoting 18 U.S.C. §§ 3626(a)(3)(E)(i)-(ii)). The court further rejects the Intervenors' repeated assertion that this court erred when it bifurcated these proceedings into two phases and limited the Intervenors' participation to the second phase.

Nonetheless, upon careful reconsideration of the court's prior scheduling orders and of the procedures that are most likely to expedite the proceedings, including discovery and trial, the court hereby GRANTS IN PART the Intervenors' motion for reconsideration. Intervenors shall be allowed to participate in all stages of these proceedings, subject to the following limitations:

1. Intervenors' participation in discovery will be prospective only. Intervenors will not seek to reopen any matter unless they are able to demonstrate good cause. The magistrate judge shall determine whether this standard has been met in the first instance.

2. All discovery exchanged between plaintiffs and defendants to date shall be provided to intervenors as soon as possible.

3. One attorney will represent all intervenors for further discovery propounded by intervenors. Similarly, one attorney will represent all intervenors at future depositions. This attorney may be a different attorney on each occasion.

4. If any discovery is directed to a particular group of intervenors (e.g., probation officers or Republican legislators), counsel representing that group of intervenors shall respond.

5. At trial, one attorney may question each witness on behalf of all intervenors. The same attorney need not question all witnesses. Intervenors will, however, present their evidence and question other parties' witnesses through not more than a total of three different attorneys throughout the trial.

6. One attorney will represent all intervenors during any subsequent motion practice, including discovery motions. This need not be the same attorney for each motion.

7. The above conditions apply to all intervenors who intervened on behalf of defendants, and not simply those who joined in the Intervenors' January 28, 2008 motion for reconsideration.

Beyond reconsidering the level of participation granted to intervenors, this court has also reconsidered, sua sponte, the desirability of a bifurcated trial. The court now concludes that it would be more efficient to move forward with a single proceeding and therefore VACATES its October 10, 2007 order bifurcating proceedings. Discovery and trial in this matter shall occur in a single consolidated proceeding. The court will set time limits for trial after reviewing the parties' and intervenors' joint pretrial conference statement.

In light of the above changes to the court's management of this case, the parties, including intervenors, shall arrange for an initial discovery conference before the magistrate judge. As soon as practicable, the magistrate judge shall advise this court of a reasonable discovery cut-off date. Once such a date can be ascertained, this court will reset all other pretrial dates as appropriate.

**IT IS SO ORDERED.**

Dated: 02/08/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 02/08/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 02/08/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA