EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                        Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                        Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>                        Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                        Defendants. | No. C 01-1351 TEH<br><br>**SUPPLEMENTAL DECLARATION OF DAVID RUNNELS REGARDING PRIVILEGED DOCUMENTS IDENTIFIED ON FEBRUARY 15, 2008, PRIVILEGE LOG** |

Suppl. Decl. of D. Runnels Re: Priv. Docs. in Feb. 15, 2008, Priv. Log

1

I, David Runnels, declare:

1. I am the Undersecretary of Operations within the California Department of Corrections and Rehabilitation (CDCR).

2. I am responsible for overseeing the management and operation of the juvenile and adult correctional facilities within CDCR. I am familiar with and an instrumental participant in the development of CDCR's policies and procedures for ensuring the care and custody of inmates. I am also familiar with CDCR's role as a state agency responsive to the directives of the Office of the Governor and the orders of the federal courts.

3. I am familiar with the following matters and if called as a witness, I could and would testify competently to them.

4. I have reviewed Plaintiffs' requests for production of documents propounded upon Defendant James Tilton in this Three-Judge Proceeding. I have also reviewed the responses to those requests. I have previously determined that various documents in the possession of CDCR were protected by the deliberative process privilege, as noted in my declaration in support of the January 28. 2008, revised privilege log. I hereby incorporate by reference this January 28, 2008, declaration, and all statements, classifications, and determinations made therein.

5. In my capacity as Undersecretary, I am familiar with the class action lawsuits pending against the California Department of Corrections and Rehabilitation (CDCR) and other state entities. Those class action cases include *Coleman v. Schwarzenegger*, USDC Eastern, Case No. 90-0520, *Plata v. Schwarzenegger,* USDC Northern, Case No. C-01-1351, *Armstrong v. Schwarzenegger,* USDC Northern, Case No. CV-94-2307, and *Perez v. Tilton,* USDC Northern, Case No. C-05-5241.

6. I am familiar with this agency's responses to a wide range of inmate care and custody issues arising within CDCR. More specifically, I am familiar with this agency's responses to those issues arising from its provision of constitutionally adequate mental, medical, and dental health care to inmates within the California Department of Corrections and Rehabilitation. Many of those issues have arisen in the course of the individual class actions

Suppl. Decl. of D. Runnels Re: Priv. Docs. in Feb. 15, 2008, Priv. Log

2

underlying this Three-Judge Panel proceeding, such as the selection and components of new prison sites, the recruitment and retention of staff, the utilization of medical and mental health beds by CDCR inmates, the construction and/or renovation of facilities within CDCR to provide inpatient care, the licensure of CDCR health care facilities, the reduction of recidivisim, parole reform and reentry strategies, and the out-of-state transfer of inmates. I am involved in CDCR's implementation of AB 900, and coordinate those efforts with the Office of the Governor's Rehabilitation Strike Team and Facilities Strike Team and other state agencies. I oversee the securing of resources to enable compliance with court orders.

7. Because I am an instrumental participant in the development of this agency's responses to those referenced class action and Three Judge Panel proceeding issues, I have received and reviewed numerous documents discussing these issues and potential responses to these issues. The documents reflect internal analysis, deliberation and discussion of these issues. I have commonly reviewed, if not prepared, draft or proposed responses to these issues and circulated those drafts to other executive level staff and to attorneys for review and discussion. This agency maintains such documents as privileged and confidential.

8. I am also familiar with and participate in the state government processes for the development of this agency's budget, including the preparation of draft budget change proposals for internal review, the submission of those draft budget change proposals to the Department of Finance and the Office of the Governor, and ultimately the presentation of certain budget proposals to the Legislature during hearings. The Department's fiscal deliberations are communicated in emails, fiscal summaries, and reports to the Office of the Governor. The Department also prepares draft letters responding to budget inquiries from the Department of Finance, Legislative members, and other interested persons. I have routinely reviewed, if not prepared, proposed responses to those budget requests and inquiries, and circulated those proposed responses to other executive level staff within CDCR, the Department of Finance, and the Office of the Governor for discussion. These materials are maintained as privileged and confidential by CDCR.

Suppl. Decl. of D. Runnels Re: Priv. Docs. in Feb. 15, 2008, Priv. Log

3

9. I receive on a routine basis various documents containing or discussing legal opinions prepared by in-house counsel as well as outside counsel. These legal opinions address ongoing and anticipated litigation, including the pending class actions underlying this Three-Judge Panel proceeding, the costs of such litigation, and the means of resolving such litigation.

10. I have caused documents in the possession of CDCR to be provided to counsel for the Defendants in response to Plaintiffs' requests for production upon Defendant James Tilton. These documents include draft unadopted planning documents, budget change proposal packages, draft memoranda of understanding, and communications with CDCR's executive level, in-house counsel, and outside counsel for Defendants regarding pending and anticipated litigation.

11. I understand Defendants' counsel has reviewed the privileged and non-privileged documents provided by CDCR in response to these requests for production. Defendants' counsel provided me with electronic access to those documents from CDCR that were marked as protected by the deliberative process privilege (with some also marked as attorney-client privilege) in the revised privilege log of February 15, 2008.

12. Defendants' counsel also provided me with a privilege log detailing which of CDCR's documents were marked as protected by the deliberative process privilege.

13. I reviewed documents that were marked as protected by the deliberative process privilege. Because these class action suits have similar, overarching issues, these documents often reveal discussions about an issue in more than one pending class action. In reviewing these documents, I found the documents revealed the following information:

(a) Prison reform policy issues: Documents containing analyses of issues stemming from California State Assembly Bill 900 (AB 900), the Public Safety and Offender Rehabilitation Services Act of 2007, including reports and writings discussing agency analysis of AB 900, funding mechanisms for items addressed therein, and legal opinions regarding certain facets of proposed prison reform strategies, population reduction programs, and the inmate health care system.

Suppl. Decl. of D. Runnels Re: Priv. Docs. in Feb. 15, 2008, Priv. Log

4

    (b)  Budget Issues: Documents discussing and analyzing individual budget requests and the overall status of the CDCR budget, including proposed reductions in spending, budget change proposals, pre-decisional draft budget change proposals, capital outlay budget change proposals, memoranda discussing issues raised in budget change proposals, finance letters requesting funds for various CDCR projects and programs, facility activation and inspection cost estimates, proposed offender relocation/housing agreements, pre-decisional analysis of costs associated with various recidivism reduction programs, staffing plans, and prisoner transfer programs.

    (c)  CDCR Week Ahead Reports: These are comprehensive documents providing detailed analyses of issues and events currently pending and anticipated at CDCR. This category consists of documents discussing the significance, analysis and implementation of court orders issued in class action cases against CDCR and other state entities, budget measures and mechanisms impacting CDCR, upcoming significant events likely to impact CDCR, issues relating to inmate population controls and housing agreements, and information used in pre-decisional analysis of matters affecting the operation and funding of CDCR.

  14.  The documents marked as protected by the deliberative process privilege were often in the form of emails, fiscal impact worksheets, finance letters, and budget change proposals. The persons who were sent and/or received these documents were executive-level staff of CDCR as well as executive-level staff within the Office of the Governor, the Department of Mental Health, and the Department of Finance. These documents were maintained on a confidential and privileged basis.

////

////

////

////

////

////

////

Suppl. Decl. of D. Runnels Re: Priv. Docs. in Feb. 15, 2008, Priv. Log

5

15. Because these class action suits have similar, overarching issues, these documents often reveal discussions about an issue in more than one pending class action. These documents specifically indicate these class action cases and address the resolution of pending class action issues as well as other agency issues, the documents demonstrate internal agency deliberation of matters within the realm of government decision-making. These documents revealed and enabled pre-decisional analysis of administration and fiscal issues arising from the Three-Judge Panel proceeding and the underlying class action cases.

I declare under penalty of perjury the foregoing is true and correct. Executed on February 14, 2008, in Sacramento, California.

By: _____
DAVID RUNNELS
Undersecretary of Operations
California Department of Corrections and Rehabilitation

Suppl. Decl. of D. Runnels Re: Priv. Docs. in Feb. 15, 2008, Priv. Log

6