1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone:  (916) 327-7872
8   Fax:  (916) 324-5205
    Email:  Lisa.Tillman@doj.ca.gov
9
   Attorneys for  Defendants
10

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO -  179775
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

11
12            IN THE UNITED STATES DISTRICT COURT
13        FOR THE EASTERN DISTRICT OF CALIFORNIA
14        AND THE NORTHERN DISTRICT OF CALIFORNIA
15    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
16      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17
18  **RALPH COLEMAN, et al.,**                    2:90-cv-00520 LKK JFM P
19                            Plaintiffs,          **THREE JUDGE COURT**
20        **v.**
21  **ARNOLD SCHWARZENEGGER, et al.,**
22                           Defendants.
                                                  No. C 01-1351 THE
23  **MARCIANO PLATA, et al.,**
24                            Plaintiffs,          **SUPPLEMENTAL DECLARATION
        **v.**                                    OF ROBERT GORE REGARDING
25                                                PRIVILEGED DOCUMENTS
                                                  IDENTIFIED ON FEBRUARY 15,
26  **ARNOLD SCHWARZENEGGER, et al.,**            2008 PRIVILEGE LOG**
27                           Defendants.
28

Supp. Decl. of Gore Re. Privileged Docs

                                1

I, Robert Gore, declare:

1.   I am the Senior Deputy Cabinet Secretary for the California Governor's Office. From September 1, 2007, until January 15, 2008, I served as Acting Chief Deputy Cabinet Secretary for the California Governor's Office.

2.   I am familiar with the following matters and if called as a witness, I could and would testify competently to them.

3.   I have reviewed Plaintiffs' requests for production of documents propounded upon Defendant Governor Schwarzenegger and other named Defendants in this Three-Judge Panel proceeding.  Additionally, I have also reviewed the responses to that discovery.  I have previously determined that various documents in the possession of the Office of the Governor are protected by the deliberative process privilege, as noted in my declaration in support of the January 28, 2008 revised privilege log.  I hereby incorporate by reference this January 28, 2008 declaration, and all statements, classifications, and determinations made therein.

4.   In my capacity as Senior Deputy Cabinet Secretary for the California Governor's Office, I am familiar with the Office of the Governor's responsibilities within State government. The Office of the Governor is the center of decisionmaking for fiscal and policy issues involving individual state agencies, the overall State budget, and the concerns of the Legislature, the courts, and the citizens of California.

5.   I am familiar with the issues presented to the Office of the Governor for discussion and resolution.  Because the Office of the Governor has actively addressed prison litigation and reform issues, I am familiar with the AB 900 and other prison reform efforts launched by the Administration as well as the prison issues presented in the class action lawsuits pending against the California Department of Corrections and Rehabilitation (CDCR) and other state entities.

6.   The Office of the Governor has created strike teams and engaged state agencies in creating a multi-faceted and integrated approach to prison reform.  The Office of the Governor commonly seeks and receives information from the Rehabilitation Strike Team and Facilities Management Strike Team concerning proposed prison reform measures.  Executive-level staff of

1   state agencies directly involved in the care and custody of state prisoners often communicate with

2   the Office of the Governor on the effect of proposed prison reform measures on their missions,

3   organizational structures, budgets, and staffing levels.

4        7.    I am also familiar with the Office of the Governor's work with the Legislature on

5   prison litigation and reform issues.  In particular, I am familiar with the development and

6   implementation of AB 900.  Further, I receive and relay communications regarding various

7   legislative proposals to support prison construction, staffing, population, and rehabilitation

8   concerns.  These materials are maintained as privileged and confidential by the Office of the

9   Governor.

10       8.    Moreover, the Office of the Governor determines the State's budget.  With the

11  assistance of the Department of Finance, the Office of the Governor determines the fiscal

12  resources of individual state agencies and the funding needs stated in budget change proposals.

13  The Office of the Governor prepares and receives reports discussing the ongoing costs of

14  litigation involving State agencies and the present and potential resource needs arising from those

15  matters.  The Office of the Governor receives emails, fiscal summaries, and reports from the

16  Department of Finance concerning proposed budget items.  The Office of the Governor also

17  prepares draft letters responding to budget inquiries from state agencies, Legislative members,

18  and other interested persons.  I have routinely reviewed, if not prepared, proposed responses to

19  budget requests and inquiries, and circulated those proposed responses to other executive level

20  staff within the Office of the Governor and the Department of Finance for discussion. These

21  materials are maintained as privileged and confidential by the Office of the Governor.

22       9.    The Office of the Governor routinely receives the Department of Finance's

23  analyses of constitutional and statutory spending mandates.  These analyses may be part of draft

24  responses to budget change proposals, proposed responses to court orders, and draft letters to

25  state agencies and Legislative members and their staff.  I have routinely reviewed such analyses

26  of constitutional and statutory mandates for fiscal resources and circulated those analyses to other

27  executive level staff within the Office of the Governor for review and discussion.  These

28  materials are maintained as privileged and confidential by the Office of the Governor.

1    10.  Those privileged and non-privileged documents in the possession of the Office of

2    the Governor that are responsive to Plaintiffs' requests for production of documents by

3    Defendant Governor Schwarzenegger in this Three-Judge Panel proceeding have been provided

4    to Defendants' counsel.

5    11.  I understand Defendants' counsel has reviewed the privileged and non-privileged

6    documents provided by the Office of the Governor in response to these requests for production.

7    Defendants' counsel provided me with electronic access to and, where electronic format

8    documents were not available, paper copies of those documents from the Office of the Governor

9    that were marked as protected by the deliberative process privilege and/or official information

10   privilege in the revised privilege log of February 15, 2008.

11   12.  I reviewed on several occasions documents provided to me by Defendants'

12   counsel that were marked as protected by the deliberative process and/or official information

13   privileges.

14   13.  In reviewing documents marked as protected under the deliberative process

15   privilege,  I found the following categories of information revealed in those documents:

16   (a)  CDCR Week Ahead Reports: Comprehensive documents providing detailed

17   analyses of issues and events currently pending and anticipated at CDCR.  This category consists

18   of documents discussing the significance, analysis and implementation of court orders issued in

19   class action cases against CDCR and other state entities, budget measures and mechanisms

20   impacting CDCR, upcoming significant events likely to impact CDCR, issues relating to inmate

21   population controls and housing agreements, and information used in pre-decisional analysis of

22   matters affecting the operation and funding of CDCR.

23   (b)  Prison reform policy issues: This category consists of documents discussing

24   the Administration's response to the CDCR population issue.  These documents discuss

25   proposed parole reform and recidivism reduction strategies, proposed sentencing commission

26   concepts, AB 900 funding mechanisms, legal opinions concerning certain facets of proposed

27   prison reform strategies, partnerships with private and public sector organizations for parole

28

1 | reform, and CDCR population estimates. In addition, the draft reports and deliberations of the
2 | Governor's Facilities Strike Team and Rehabilitation Strike Team are discussed.

3 | (c)  Budget Issues: This category consists of documents discussing individual
4 | budget requests and the overall status of the State budget, including proposed mid-year cuts,
5 | appropriation language to address court orders issued in the class action cases against CDCR,
6 | proposed language regarding AB 900, draft agendas and discussion points with legislative
7 | leaders regarding pending or proposed legislation impacting CDCR.

8 | 14.  The persons who sent and/or received these documents were executive-level staff
9 | of the Office of the Governor, members of the Governor's Cabinet, executive-level staff of
10 | CDCR, and/or executive-level and senior management level staff of the Department of Finance
11 | responsible for CDCR budget planning and fiscal oversight or coordination of responses to the
12 | various class action court orders. I noticed in-house and outside counsels were often transmitters
13 | or recipients of these communications.

14 | 15.  These documents often were in the form of email communications, Governor's
15 | Office Action Requests (GOAR), draft talking point memos, handwritten notes, and executive
16 | summaries (known as white papers).

17 | 16.  These documents specifically pertain to the Office of the Governor's discussions
18 | and deliberations concerning prison reform and ongoing issues at CDCR. These documents
19 | show the Office of the Governor's internal deliberations of matters within the realm of
20 | government decision-making.

21 | I declare under penalty of perjury the foregoing is true and correct. Executed on
22 | February 15, 2008 in Sacramento, California.

23 |
24 | By: _____
25 |     ROBERT GORE
26 |
27 |
28 |

Supp. Decl. of Gore Re. Privileged Docs