EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN – 126424
MISHA D. IGRA - 208711
CHARLES ANTONEN – 221207
SAMANTHA TAMA – 240280
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
Email: Charles.Antonen@doj.ca.gov
Attorneys for Defendants

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF PAUL B. MELLO IN SUPPORT OF DEFENDANTS' OPPOSITION REGARDING DISCOVERY DISPUTES** |

/ / /

/ / /

/ / /

- 1 -
DECL. OF PAUL B. MELLO ISO DEFS.' OPP. RE: DISCOVERY DISPUTES
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1422998.1

I, Paul B. Mello declare that:

1. I am a Partner with the law offices of Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP, counsel of record for Defendants in this action. I make this declaration in support of defendants' Opposition to plaintiffs' motion regarding discovery disputes. I have personal knowledge of the matters stated in this declaration and can testify competently as to the matters stated herein

2. On February 14, 2008, before plaintiffs received defendants' final privilege logs, I received several emails from plaintiffs' counsel requesting that defendants: (1) stipulate to extend the Court's February 20, 2008 deadline to begin the meet and confer process, and (2) agree to conduct the meet and confer process in person on the afternoon of February 21, 2008 in San Francisco in order to accommodate the schedule of plaintiffs' counsel. True and correct copies of these emails are attached as Exhibits A, B, and C.

3. I responded to Lori Rifkin, plaintiffs' counsel at 10:52 p.m. on February 14, 2008. I explained that "it is not necessary, or advisable, for Plaintiffs to wait for an in person meeting on February 21 to begin the meet and confer process. Rather, and in order to expedite the process, Defendants request that Plaintiffs send Defendants a meet and confer letter identifying those entries on the 2-15-08 logs that they believe are deficient. This will allow Defendants to fully consider and evaluate Plaintiffs' contentions. At that point an in person meet and confer session may be appropriate. On the other hand, an in person meet and confer session before Plaintiffs have identified specific entries on the privilege logs, and before Defendants have considered Plaintiffs contentions, is premature." A true and correct copy of my February 14, 2008 letter to Ms. Rifkin is attached as Exhibit D.

4. Defendants did not receive a substantive meet and confer response from plaintiffs until 4:36 p.m. on February 19, 2008. This meet and confer letter was not that substantive, as it identified less than 50 entries on the revised logs, out of approximately 16,800 entries, that were deficient. Most of plaintiffs' claims about the deficiency of the revised privilege logs were generic in nature. In addition, plaintiffs conceded that they "not dispute the assertion of the attorney-client and attorney work product privileges for the majority of documents that

1  defendants have identified in the logs as attorney-client privileged." A true and correct copy of

2  Ms. Rifkin's February 19, 2008 email is attached as Exhibit E.

3       5.    On February 20, 2008, I responded to Lori Rifkin's February 19, 2008 meet and

4  confer letter and addressed each one of plaintiffs' contentions, both specific and generic. First, I

5  responded to plaintiffs' contention that "[i]n the paper logs, almost half of the documents are

6  missing at least one of the "author," "date," and/or "recipient" fields [and in] the electronic logs,

7  approximately thirty percent of the documents are missing the "author," "recipient," and/or "date

8  "fields." I explained in defendants' February 20, 2008 letter:

> [p]laintiffs' meet and confer letter . . . fails to acknowledge that except on rare occasions, the entries on the privilege logs where either the author, recipient, or date field is missing only arose in instances where defendants claimed that the documents at issue were protected by the official information or privacy privileges. Here, defendants have made a good faith, if not extraordinary, attempt to provide an adequate privilege log, and provided descriptors of the content and persons associated with the documents where possible. However, defendants must note that official information privilege and right to privacy can be asserted by a holder of the privilege without any identification of the creator or recipient of the document. Here, defendants are the holders of those privileges and must assert the privileges, regardless of whether the document emanated from a staff or executive level person, so long as the document was not disclosed to the public. The declarations supporting the assertion of privilege have established the document was internally produced and disseminated. Moreover, while the assertion of the attorney client communication may require a statement of the creator and recipient of the document, no such statement is necessary for these privileges. As such, it is clear that plaintiffs' general objections, when viewed in context, do not constitute valid criticisms of the revised privilege logs.

21  Defendants' February 20, 2008 meet and confer letter also addressed issues raised by plaintiffs

22  with respect to the specific privileges claimed in the logs. It also addressed many of the specific

23  examples (or entries) challenged as deficient in plaintiffs' February 19, 2008 meet and confer

24  letter. A true and correct copy of defendants' February 20, 2008 meet and confer letter is

25  attached as Exhibit F.

26       6.    Plaintiffs first responded to Defendants' February 20, 2008 meet and confer letter

27  at 10:25 a.m. on February 22, 2008. Plaintiffs declared that the parties were at an impasse as to

28  the deliberative process privilege, but then identified 53 documents or entries on logs that were

1  deficient.  Plaintiffs declared the parties to be at an impasse as to the attorney-client
2  privilege/attorney work product privileges.  Plaintiffs also identified approximately 42 documents
3  for which plaintiffs claimed "appear relevant to these proceedings and do not appear to be
4  architectural drawings and blueprints" and approximately 67 documents protected by the right to
5  privacy that they claimed should either be produced or redacted and produced. Finally, despite
6  requesting that defendants produce redacted copies of documents protected by the right to
7  privacy, plaintiffs objected to defendants' decision to redact portions of certain documents in their
8  production.  A true and correct copy of plaintiffs' February 22, 2008 letter is attached as Exhibit
9  G.

10         7.     Seven hours after receiving plaintiffs' February 22, 2008 meet and confer letter,
11  at 5:36 p.m., I responded to Plaintiffs' letter.  In that meet and confer letter, Defendants disagreed
12  with Plaintiffs' assertions that the parties were at an impasse.  Defendants then asked Plaintiffs to
13  identify, by way of lists of documents, which entries on the final revised privilege logs Plaintiffs
14  believed were deficient.  Defendants requested "plaintiffs identify which documents fall into
15  [these categories] so that they can defend against plaintiffs' claims [and stated that w]ithout such
16  list[s] it is impossible for defendants to appropriately respond to plaintiffs' generic contention[s]."
17  Defendants asked for such lists by noon Saturday February 23, 2008.  Plaintiffs did not comply
18  with this request.  A true and correct copy of Defendants' February 22, 2008 meet and confer
19  letter is attached at Exhibit H.

20         8.     Defendants February 22, 2008 meet and confer letter (attached as Exhibit H)
21  responded, on a document by document basis, to claims regarding documents identified by
22  plaintiffs in their February 22, 2008 meet and confer letter.  For example, plaintiffs identified
23  approximately 53 documents for which plaintiffs claimed that "defendants' assertions of
24  deliberative process privilege fail because the documents were authored by or sent to outside
25  recipients."  Defendants agreed to produce approximately 23 of the identified documents and
26  explained why they refused to produce the remaining documents.  Similarly, plaintiffs identified
27  approximately 42 documents listed as protected by the official information privilege that
28  Plaintiffs wrote "appear relevant to these proceedings and do not appear to be architectural

1 drawings and blueprints." Again, defendants agreed to produce approximately 17 of these
2 documents and explained why the remaining documents were privileged. Finally, plaintiffs
3 identified 67 documents defendants deemed to be protected by the right to privacy. Plaintiffs
4 asked defendants to either produce the documents in whole or to redact those portions of the
5 documents that were protected from disclosure. In response, defendants agreed to redact and
6 produce all 67 of the documents identified by plaintiffs.

7       9. Plaintiffs did not provide any portion of this joint statement to defendants until
8 10:58 p.m. on Sunday night February 24, 2008. A true and correct copy of this February 24, 2008
9 email from Lori Rifkin is attached as Exhibit I. Because I had stopped working at approximately
10 10:30 p.m. that night, I was not able to print and review Plaintiffs' draft of the first two sections
11 of this joint statement until I arrived at my office at approximately 7:15 a.m. on Monday February
12 25, 2008. Plaintiffs did not provide a list of documents in dispute with respect the attorney-
13 client/attorney work product privileges until 12:17 a.m. and 12:34 a.m. on February 25, 2008.
14 True and correct copies are attached as Exhibits J and K. I was not able to print and review
15 plaintiffs' lists until I arrived at his office at approximately 7:15 a.m. on February 25, 2008.
16 Plaintiffs then supplemented these lists of documents at 11:42 a.m. and then again at 12:32 p.m.
17 on February 25, 2008. True and correct copies are attached as Exhibits L and M. In this 12:32
18 p.m. letter, plaintiffs' provided defendants with "an unfinished working draft of Plaintiffs'
19 statement regarding this discovery dispute." Plaintiffs have never provided Defendants with a
20 complete list of the documents in dispute with respect to the deliberative process privilege.

21     I declare under penalty of perjury of the laws of the State of California that the foregoing
22 is true and correct and that this declaration was executed on this 25th day of February 2008 at San
23 Francisco, California.

24
25                                        /s/
26                              PAUL B. MELLO
27
28