**EXHIBIT D**

| | |
|---|---|
| **From:** | Paul B. Mello |
| **Sent:** | Thursday, February 14, 2008 10:52 PM |
| **To:** | 'Lori E. Rifkin' |
| **Cc:** | Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson |
| **Subject:** | RE: Plata/Coleman -- Meet and Confer re Privilege Logs |

Lori,

Thank you for your quick response to my email. As I understand it, Plaintiffs' counsel - you and Ms. Norman - would like to schedule an in person meet and confer session. However, due to Ms. Norman's availability, Plaintiffs' counsel would like to schedule this meet and confer session for the afternoon of February 21 in San Francisco - or after the deadline set by Magistrate Moulds.

For the reasons set forth below, Defendants do not believe that an extension of the February 20 deadline to meet and confer is necessary. However, if Plaintiffs wish to seek an extension from Magistrate Moulds until February 21 to meet and confer, Defendants would not oppose such a request.

Defendants also believe that it is not necessary, or advisable, for Plaintiffs to wait for an in person meeting on February 21 to begin the meet and confer process. Rather, and in order to expedite the process, Defendants request that Plaintiffs send Defendants a meet and confer letter identifying those entries on the 2-15-08 logs that they believe are deficient. This will allow Defendants to fully consider and evaluate Plaintiffs' contentions. At that point an in person meet and confer session may be appropriate. On the other hand, an in person meet and confer session before Plaintiffs have identified specific entries on the privilege logs, and before Defendants have considered Plaintiffs contentions, is premature.

As you can tell from reviewing the revised privilege logs, and from the volume of documents that have been produced to Plaintiffs, Defendants have spent an enormous amount of time and money responding to Plaintiffs' extremely broad electronic discovery requests. That said, Defendants look forward to meeting and conferring in good faith with Plaintiffs regarding specific entries on the revised privilege logs.

Sincerely,

Paul Mello


-----Original Message-----
From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Thursday, February 14, 2008 4:37 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Coleman Team - RBG Only
Subject: RE: Plata/Coleman -- Meet and Confer re Privilege Logs

Paul,

In answer to your questions:

1) If defendants are available on February 21, we propose filing a joint stipulation and proposed order for a one-day extension of the meet and confer deadline due to counsel availability.

2) By "form," I was referring to logistics - where the meet and confer should take place and what individuals from defendants' end need to be there in order to meaningfully discuss the logs and documents, and negotiate disputes.

Sincerely,

1

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

-----Original Message-----
From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Thursday, February 14, 2008 3:30 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha Igra
Subject: Plata/Coleman -- Meet and Confer re Privilege Logs

Lori,

I received your voicemail regarding meeting and conferring on the privilege logs. Because I will not be able to speak with you regarding this matter until Tuesday, can you please let me know the following:

(1) What are you proposing regarding Magistrate Moulds's February 20, 2008 deadline;
(2) What do you mean regarding the "form of the meet and confer?"

Thanks.

Paul

------------------------------

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424



****************************
This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

2

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**EXHIBIT E**

Renju P. Jacob

| | |
|---|---|
| **From:** | Lori E. Rifkin [LRifkin@rbg-law.com] |
| **Sent:** | Tuesday, February 19, 2008 4:36 PM |
| **To:** | Paul B. Mello |
| **Cc:** | Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter |
| **Subject:** | Coleman/Plata; meet and confer re privilege disputes |

Dear Paul,

Defendants have now produced a privilege log to plaintiffs that references 16,792 documents withheld on the basis of various assertions of privilege. Although these logs are substantially improved in some aspects from the logs that were the subject of plaintiffs' prior motion to compel, plaintiffs continue to object to defendants' assertions of privilege for many of these documents. Per your request, these objections are outlined here. Plaintiffs continue to request that defendants meet and confer in person regarding these issues and renew our suggestion that this meeting take place on the afternoon of February 21, 2008 in San Francisco.

Plaintiffs also note that we have received no response thus far to my email regarding the relationship of defendants' February 4, 2008 and February 15, 2008 privilege logs. In contrast to the Court's order, defendants appear to have revised the logs produced on February 4, 2008 in the February 15, 2008 logs, rather than producing a supplemental log on February 15 to correspond to the February 15 production of documents. Plaintiffs reviewed defendants' February 4 logs in reliance on defendants' compliance with the Court's Order that they be final logs and this email is based largely on that review.

General Objection as to Sufficiency of Log Entries

There continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges. In the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields. In the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields.

Deliberative Process Privilege

Defendants' assertions of the deliberative process privilege do not appear to account for several findings by Magistrate Judge Moulds in his December 7, 2007 order, and plaintiffs object to the majority of defendants' continued assertions of this privilege.

First, defendants continue to describe the majority of documents in the log in conclusory fashion as "pre-decisional," which the Magistrate Judge held is not sufficient to support the asserted privilege (e.g. E00007004, E00007007, E00001407, E00006894, E00006897, E00007429). Defendants do not identify for what decisions these documents are "pre-decisional." Moreover, many of these documents do not actually appear to be "pre-decisional" but instead appear to relate to implementation of policies already decided (e.g. E00006849).

Second, defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case, despite the Magistrate Judge's holding that "it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege." More than half of the documents for which defendants assert the deliberative process privilege appear related to defendants' defenses based solely on a facial review of defendants' descriptions in the "summary" field (e.g. E00007966, E00008096, E00000160, E00000908, E00000909, E00000579, E0000628, E00000964). Many of the remaining entries do not contain sufficient information in the "summary" field for plaintiffs to evaluate whether the deliberative process privilege may fairly be asserted or whether it may be overcome in this case (e.g. E00006956, E00006953, E00007004).

Third, defendants continue to assert the deliberative process privilege for a large number documents which are listed as "attachments" to privileged documents, but are not independently identified as covered by the privilege (e.g. E00021246, E00021239, E00021238, E00021235, E00021195, E00021143).

Finally, defendants continue to fail to adequately assert the privilege for some of the documents because because no author or recipient is identified or because the recipient field lists recipients outside defendant agencies (e.g. E00000993, E00004168), which constitutes a waiver of the privilege.

Plaintiffs do not dispute the assertion of the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs as attorney-client privileged. However, plaintiffs do dispute the withholding of documents based on the attorney-client and/or attorney work product privileges in the following four categories:

1) The document was not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice (e.g. E00030167, E00030168, E00030169, E00030171, E00020760, E00020818, E00020819);

2) The document is described as an "attachment" to a privileged document, but no independent claim of privilege was asserted (e.g., E00021025, E00021027, E00021033, E00029630, E00029632);

3) No attorney is listed as a recipient or author (e.g., E00031451, E00031453, E00013223, E00013880, E00014065, E00019816);

4) The document was sent to individuals outside the client agencies and so the attorney-client privilege does not apply (e.g. E00009455, E00009516).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Privacy Rights

Plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Redaction of Documents

Plaintiffs object to defendants' unilateral decision to redact parts of documents they have produced. Defendants did not seek permission from the Court to engage in this redaction, and, in fact, the Court rendered this unnecessary when it ordered defendants to produce all documents for which they claim protections based on "official information" and "privacy" pursuant to a protective order. Moreover, some of the redacted content does not appear to be subject to attorney-client/attorney work product privilege, official information privilege, or privacy concerns.

We look forward to your timely response. Please contact me with any questions or concerns.

Sincerely,

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.