# EXHIBIT J

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Lori E. Rifkin |
| **Sent:** | Tuesday, February 19, 2008 10:41 AM |
| **To:** | Paul B. Mello |
| **Cc:** | Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter |
| **Subject:** | RE: Plata/Coleman -- Meet and Confer re Privilege Logs |

Dear Paul,

Plaintiffs agree to begin the meet and confer process with a letter to defendants outlining our remaining objections to defendants' assertions of privilege.

However, first we request clarification of the relationship between the privilege logs defendants produced on February 4, 2008 and those produced on February 15, 2008. The court ordered defendants to produce:

1) their corrected January 28, 2008 privilege logs on February 4, 2008 corresponding to the Jan. 28/Feb. 4 document production, and

2) a final set of logs on February 15, 2008 corresponding to the February 15, 2008 production of any additional documents for which a claim of privilege is made.

Instead of following this order, it appears that defendants chose to include in the February 15, 2008 logs entries corresponding to both the February 4, 2008 and February 15, 2008 productions.

Please clarify whether the February 15 logs are new versions of the February 4, 2008 logs that simply have additional entries corresponding to the February 15 document production or whether they are revisions of the February 4, 2008 logs. Specifically, have any of documents that previously appeared on the February 4 logs now been produced, or do all entries on the February 4 logs also appear on the February 15 logs? Have any of the entries in the February 4 privilege logs have been altered in the February 15 logs?

We look forward to your timely response.


Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

-----Original Message-----
From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Thursday, February 14, 2008 10:52 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha
Igra; Sara Norman; Anne Johnson
Subject: RE: Plata/Coleman -- Meet and Confer re Privilege Logs

Lori,

Thank you for your quick response to my email.  As I understand it,
Plaintiffs' counsel - you and Ms. Norman - would like to schedule an in person meet and
confer session.  However, due to Ms. Norman's availability, Plaintiffs' counsel would like
to schedule this meet and confer session for the afternoon of February 21 in San Francisco
- or after the deadline set by Magistrate Moulds.

For the reasons set forth below, Defendants do not believe that an extension of the
February 20 deadline to meet and confer is necessary.
However, if Plaintiffs wish to seek an extension from Magistrate Moulds until February 21
to meet and confer, Defendants would not oppose such a request.

Defendants also believe that it is not necessary, or advisable, for Plaintiffs to wait for
an in person meeting on February 21 to begin the meet and confer process.  Rather, and in
order to expedite the process, Defendants request that Plaintiffs send Defendants a meet
and confer letter identifying those entries on the 2-15-08 logs that they believe are
deficient.  This will allow Defendants to fully consider and evaluate Plaintiffs'
contentions.  At that point an in person meet and confer session may be appropriate.  On
the other hand, an in person meet and confer session before Plaintiffs have identified
specific entries on the privilege logs, and before Defendants have considered Plaintiffs
contentions, is premature.

As you can tell from reviewing the revised privilege logs, and from the volume of
documents that have been produced to Plaintiffs, Defendants have spent an enormous amount
of time and money responding to Plaintiffs' extremely broad electronic discovery requests.
That said, Defendants look forward to meeting and conferring in good faith with Plaintiffs
regarding specific entries on the revised privilege logs.

Sincerely,

Paul Mello


-----Original Message-----
From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Thursday, February 14, 2008 4:37 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha
Igra; Sara Norman; Coleman Team - RBG Only
Subject: RE: Plata/Coleman -- Meet and Confer re Privilege Logs

Paul,

In answer to your questions:

1) If defendants are available on February 21, we propose filing a joint stipulation and
proposed order for a one-day extension of the meet and confer deadline due to counsel
availability.

2) By "form," I was referring to logistics - where the meet and confer should take place
and what individuals from defendants' end need to be there in order to meaningfully
discuss the logs and documents, and negotiate disputes.

Sincerely,

Lori Rifkin

Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


-----Original Message-----
From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Thursday, February 14, 2008 3:30 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Samantha Tama; Renju P. Jacob; Lisa Tillman; Misha
Igra
Subject: Plata/Coleman -- Meet and Confer re Privilege Logs


Lori,

I received your voicemail regarding meeting and conferring on the privilege logs.  Because
I will not be able to speak with you regarding this matter until Tuesday, can you please
let me know the following:

(1) What are you proposing regarding Magistrate Moulds's February 20,
2008 deadline;
(2) What do you mean regarding the "form of the meet and confer?"

Thanks.

Paul

----------------------------

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424



*****************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax

advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Lori E. Rifkin |
| **Sent:** | Saturday, February 23, 2008 2:46 PM |
| **To:** | Paul B. Mello |
| **Cc:** | Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer |
| **Subject:** | RE: Coleman/Plata; meet and confer re privilege disputes |

Dear Paul,

Defendants repeatedly declined to meet and confer in any format other than email. Plaintiffs have endeavored to be as clear as possible over email regarding the documents still in dispute. Given defendants' refusal to provide a list identifying the individuals in the privilege logs until after the close of business February 15 and defendants' unspecified February 15 revisions to their February 4 logs, defendants' repeated demands for lists at defedants' convenience are unreasonable. Plaintiffs have already provided reasonable examples and lists of documents during this meet and confer process.

We have told you the documents we are challenging in the deliberative process category and why we think the Court's prior order requires their production. You have told us defendants' position on them and we appear at an impasse. If you would like to discuss the issues further, please feel free to call me this weekend.

We are still working to compile a list of those attorney-client documents in the category of documents we have specifically informed defendants we will be challenging (attorney cc'ed on group emails). We have already provided you with examples to which defendants have still not responded, and do not understand how more examples will help further the conversation.

Regarding the joint statement, we will send defendants our draft of the sections regarding the nature of the case and the details of the meet and confer as soon as we are able, but this may not be until Monday morning. Alternatively, defendants may draft their own versions of these sections and we can agree to put both parties' sections in the joint statement.

Sincerely

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

―――――――――――――――――――――

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Saturday, February 23, 2008 10:14 AM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

First, Defendants respectfully disagree with plaintiffs' position regarding the joint
statement and requested lists.  Plaintiffs refusal to either provide defendants with their
proposed sections of the joint statement, which presumably will list those documents that
they contend should be produced, or to provide defendants with those lists, ignores
defendants' good faith efforts on the revised logs, in meet and confer, and it unduly
prejudices defendants' ability to respond to plaintiffs' motion.  Specifically,
plaintiffs' refusal flies in the face of defendants' good faith efforts to meet and confer
with plaintiffs in this matter -- as you know defendants have in good faith addressed
almost all documents listed in the various meet and confer letters received from
plaintiffs.  This refusal also prejudices defendants because they cannot adequately defend
against plaintiffs' contentions without knowing which documents are in dispute.  Moreover,
plaintiffs' generic descriptions of their contentions does not mitigate this prejudice or
excuse their failure to meet and confer in good faith.  As such, defendants respectfully
request that plaintiffs (1) provide defendants with the requested lists today, and (2)
provide their portion of the joint statement today or tomorrow morning.  Plaintiffs have
no legitimate or just reason for refusing to comply with either of defendants requests.

Second, defendants will provide plaintiffs with the documents they agreed to produce (with
and without redactions) as soon as practicable.

Third, regarding the redacted documents on the electronic log, defendants have repeatedly
explained to plaintiffs how to assess the applicability of the privilege or protection by
providing plaintiffs with a text file that references both the privilege log number and
the priv_begdoc number.

Defendants look forward to receiving the requested documents today or tomorrow at the
latest.

Sincerely,

Paul Mello


―――――――――――――――――――――

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 6:43 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Magistrate Judge Moulds ordered the parties to file "a joint statement concerning disputes
arising from the privilege logs."  1/29/08 Order at 3:14-15.  He did not require
plaintiffs to disclose our position first, and for defendants to respond, although that
was in his power if he had intended to do so.  Plaintiffs have already outlined the issues
in dispute in multiple meet and confer emails to defendants, as defendants requested.  We

can take responsibility for incorporating both parties' statements into the single document to file on Monday, and will expect to receive your portion of the statement by 2 pm on Monday.  If you would like us to send a copy of our section to you at that time as well, we will do so.

Regarding your demand for specific lists of documents in the deliberative process privilege category that plaintiffs intend to challenge, plaintiffs will be challenging defendants' assertion of this privilege for categories of documents on the grounds plaintiffs have already outlined.  First, defendants have not sufficiently established the deliberative process privilege because they have asserted that documents are "pre-decisional" in a conclusory manner.  Second, defendants have not sufficiently established the privilege for documents that are described as attachments to privileged documents.  Third, the majority of documents defendants have withheld pursuant to assertions of the deliberative process privilege are directly relevant to defendants' defenses in this case and as a result the privilege is overcome.

Regarding your demand for a specific list of documents in the attorney-client/attorney work product category that have the attorney cc'ed on a list of group recipients that plaintiffs intend to challenge, plaintiffs have clearly outlined our position on these documents, provided defendants with examples, and defendants have not responded to the substantive issue.  To the extent that plaintiffs have a list of these documents, we will provide it to you by 2 pm on Monday.

Plaintiffs will endeavor to provide you with a list of documents claimed as attorney-client privileged for which we do not believe there is an attorney listed as an author or recipient as soon as possible.

Thank you for your responses concerning the official information and privacy documents.  Please let us know when we can expect to receive this production.  The meet and confer process has adequately addressed our concerns in these areas.

Regarding the redacted documents on the electronic log, defendants have not provided these documents to plaintiffs in a manner that allows us to assess the applicability of the privielge or protection, as required by FRCP 26.  The privilege logs do not identify the documents by the same bates numbers on the documents.  Without this information, we will request disclosure of these documents.  A list of these documents was provided with my previous email.

Please let me know if you have any questions or concerns.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Friday, February 22, 2008 5:36 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Thank you for your email. Here are defendants' responses:


Deliberative Process Privilege:

Plaintiffs' email provides that: "Plaintiffs disagree with defendants as to what
constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also
contend that defendants cannot withhold documents regarding defenses defendants have
raised in this case based on the deliberative process privilege. Finally, for each
document defendants assert to be protected by the deliberative process privilege,
defendants must independently establish that this privilege applies. Merely describing a
document as an attachment to a privileged document and listing it on a privilege log is
not enough to sufficient establish the privilege." Plaintiffs' email further states that
"[t]his dispute appears to be at an impasse and should be presented to the Court on
Monday."

Defendants demand that plaintiffs identify which documents fall into this category so that
they can defend against plaintiffs' claims. Without such a list it is impossible for
defendants to appropriately respond to plaintiffs' generic contention. Please provide us
with a list of documents that plaintiffs contend to fall into this category by noon
Saturday February 23, 2008.

As to the approximately 53 documents for which plaintiffs claim that "defendants'
assertions of deliberative process privilege fail because the documents were authored by
or sent to outside recipients," defendants respond as follows:

E00000987 -- Defendants agree to produce this document.

E00000993 -- Defendant do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to
Senator Ackerman.

E00001131 -- Defendants agree to produce this document.

E00001259 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to
Senator Machado.

E00001260 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft of an "Overview and Planning Guide for
Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001261 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is draft legislation about the possible conversion of
the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001262 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is an email exchange relating to draft documents for
possible presentation to Senator Machado regarding the possible conversion of the Northern

California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001263 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001264 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001265 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001266 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001267 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001269 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001270 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001271 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001272 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001657 -- Defendants agree to produce this document.

E00001821 -- Defendants agree to produce this document.

E00001822 -- Defendants agree to produce this document.

E00001823 -- Defendants agree to produce this document.

E00001824 -- Defendants agree to produce this document.

E00003330 -- Defendants agree to produce this document.

E00003338 -- Defendants agree to produce this document.

E00003818 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004168 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004174 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00082964 -- Defendants agree to produce this document.

E00082943 -- Defendants agree to produce this document.

E00027832 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027831 -- Defendants agree to produce this document.

E00027830 -- Defendants agree to produce this document.

E00027829 -- Defendants agree to produce this document.

E00027828 -- Defendants agree to produce this document.

E00027827 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027826 -- Defendants agree to produce this document.

E00027825 -- Defendants agree to produce this document.

E00027824 -- Defendants agree to produce this document.

E00027823 -- Defendants agree to produce this document.

E00027822 -- Defendants agree to produce this document.

E00027821 -- Defendants agree to produce this document.

E00022361 -- Defendants agree to produce this document.

E00022080 -- Defendants agree to produce this document.

E00001859 -- Defendants agree to produce this document.

E00001874 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a draft responses to confirmation questions.

E00022444 -- Defendants agree to produce this document.

E00022314 -- Defendants do not agree to produce this document as it is deliberative discussion relating to Senate Agenda.

E00022313 -- Defendants agree to produce this document.

E00022312 -- Defendants agree to produce this document.

E00022311 -- Defendants agree to produce this document.

E00022202 -- Defendants agree to produce this document.

E00022201 -- Defendants agree to produce this document.

E00022200 -- Defendants agree to produce this document.

E00022199 -- Defendants agree to produce this document.


Attorney-Client Privilege/Attorney Work Product:

First, plaintiffs state that "[t]his dispute appears to be at an impasse and should be presented to the Court on Monday." Again, to meaningfully respond to plaintiffs' contentions, defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Defendants expect such a list of documents by noon tomorrow.

Plaintiffs also ask defendants to simply agree to produce a group of documents that plaintiffs believe were authored or received by an attorney. Defendants cannot agree to this, but will in good faith evaluate any list of documents provided by plaintiffs. Please provide us with a list of such documents by noon tomorrow.


Official Information:

As to the approximately 42 documents for which plaintiffs claim "appear relevant to these proceedings and do not appear to be architectural drawings and blueprints," defendants respond as follows:

E00007523 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document reflects incidents that raise security concerns at various institutions.

E00095461 - Defendants agree to produce this document.

E00047576 - Defendants agree to produce this document.

E00094546 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00094545 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00016313 - Defendants agree to produce this document.

E00094547 - Defendants agree to produce this document.

E00007500 - Defendants agree to produce this document.

E00015675 - Defendants agree to produce this document.

E00047317 - Defendants agree to produce this document.

E00048269 - Defendants agree to produce this document.

E00007364 - Defendants agree to produce this document.

E00087560 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding small management yards at R.J. Donovan State Prison.

E00011192 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

E00011184 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

PROD068277 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding housing units.

PROD100166 - Defendants do not agree to produce this document as it is protected by the

official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD100169 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD047407 - Defendants agree to produce this document.

PROD047430 - Defendants agree to produce this document.

PROD093438 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes information regarding the design criteria for security zones.

PROD066452 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural renderings and design specifications for certain housing units.

PROD047014 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed discussion regarding the methods utilized to transport inmates to out-of-state facilities.

PROD046173 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed security information regarding an out-of-state facility.

PROD047045 - Defendants agree to produce this document.

PROD047085 - Defendants agree to produce this document.

PROD074519 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at the California Medical Facility.

PROD118436 - Cannot locate a document with this document number.

PROD047069 - Defendants agree to produce this document.

PROD079071 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD085615 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD107306 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD065787 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding North Kern State Prison.

PROD070474 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed architectural plans regarding a guard station at Folsom State Prison.

PROD047518 - Defendants agree to produce this document.

PROD049486 - Defendants agree to produce this document.

PROD063723 - Defendants agree to produce this document.

PROD082549 - Defendants do not agree to produce this document as it is protected by the

official information privilege. This document includes detailed site plans for various prisons.

PROD082647 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD056646 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed design specifications regarding treatment and program space for certain Enhanced Outpatient inmates.


Privacy Rights:

As to the approximately 67 documents identified by plaintiff in their meet and confer email, defendants respond as follows:

PROD118599 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118597 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118580 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118441 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118409 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049087 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049084 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00048860 -- Defendants will produce this document.

E00048377 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046905 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046736 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046735 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046734 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046733 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046732 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046731 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046730 -- Defendants will produce a version of this document that redacts private

information protected from disclosure.

E00046729 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046728 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046727 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046724 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046723 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046722 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046720 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046691 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046688 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046655 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036746 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036745 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036743 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036715 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036714 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036713 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036695 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036694 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036692 -- Defendants will produce a version of this document that redacts private

information protected from disclosure.

E00036198 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036197 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036192 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036191 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036184 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036177 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036166 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036165 -- Defendants will produce a version of this document that redacts private information protected from disclosure.


Redacted Documents:

First, plaintiffs ask defendants to "identify the bates numbers for the document and the privilege that is the basis for the redaction." Defendants believe that they have already done this in their privilege logs and remind plaintiffs that they were previously given a text file that references both the privilege log number and the priv_begdoc number.

Second, plaintiffs "request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted." Defendants will not produce the redacted portions of these pages because they contain detailed site plans (that are also protected from disclosure by the official information privilege).


Defendants believe that this meet and confer email adequately addresses each of plaintiffs' concerns. It appears, however, that plaintiffs still intend to bring a motion to compel regarding some small percentage of the entries on defendants' final revised privilege logs. As such, and as set forth above, defendants demand that plaintiffs provide lists of the documents at issue by noon tomorrow. In addition, defendants request that plaintiffs provide their portion of the joint statement of the discovery dispute to defendants by 5 pm tomorrow, Saturday February 23, 2008. This is necessary so that defendants have an adequate amount of time to respond to plaintiffs' contentions and so that they can provide their portions of the revised statement back to plaintiffs by 2:00 pm February 25, 2008, the date that the joint statement must be filed with the court.

Defendants appreciate plaintiffs' timely response to this email.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 10:25 AM
To: Paul B. Mello

Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear All:

This email responds to defendants' last email regarding privilege disputes.

Deliberative Process Privilege
Plaintiffs disagree with defendants as to what constitutes a conclusory claim that a
document is "pre-decisional." Plaintiffs also contend that defendants cannot withhold
documents regarding defenses defendants have raised in this case based on the deliberative
process privilege. Finally, for each document defendants assert to be protected by the
deliberative process privilege, defendants must independently establish that this
privilege applies. Merely describing a document as an attachment to a privileged document
and listing it on a privilege log is not enough to sufficient establish the privilege.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Additionally, plaintiffs have identified a larger list of documents for which defendants'
assertions of deliberative process privilege fail because the documents were authored by
or sent to outside recipients. This list is attached. Plaintiffs request that defendants
produce these documents so that we can resolve this dispute through the meet and confer
process.

Attorney-Client Privilege/Attorney Work Product
Defendants misstated plaintiffs' position regarding this privilege in their email.
Plaintiffs did not assert that all documents must be authored by an attorney in order to
qualify for this privilege. Plaintiffs did dispute the withholding of documents based on
the attorney-client privilege that were not authored by an attorney, the attorney appears
to be one of the people cc'ed on a group distribution, and the information in the summary
field does not establish that the communication intended to seek legal advice.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Plaintiffs also believe there are a number of additional entries without an attorney
listed as author or recipient. We hope to resolve this dispute through the meet and
confer process. If plaintiffs provide a list of these documents, are defendants willing
to produce them upon defendants' confirmation that no attorney is listed? If so,
plaintiffs will work to provide this list to defendants as soon as possible.

Official Information
Defendants offered to further meet and confer concerning the official information
privilege. Attached to this email are two lists of documents totaling 42 documents for
which defendants asserted the official information privilege but did not produce any
versions of the documents. These documents appear relevant to these proceedings and do
not appear to be architectural drawings and blueprints. Moreover, based on their
inclusion in defendants' privilege log, these documents are presumptively relevant and
responsive to plaintiffs' documents requests because defendants have identified them as
such.

Plaintiffs request that defendants produce these documents.

Privacy Rights
Defendants produced a substantial number of documents for which they assert privacy rights
in redacted format in order to protect information such as private cell phone numbers and
private email addresses. Attached are two lists totaling 67 documents for which
defendants asserted privacy rights but did not produce the documents in a redacted form.
Again, defendants themselves have identified these documents as relevant and responsive to
plaintiffs' document requests.

Plaintiffs request that defendants produce these documents or explain why production of
the documents in redacted format compromises privacy rights.

Redacted Documents

Defendants offered to further meet and confer concerning redacted documents.  Plaintiffs
have reviewed the documents defendants redacted and produced.  However, in defendants'
electronic privilege logs, they identify documents only by a "DOCID" number in the form of
E000000.  The documents themselves, on the other hand, have only bates numbers in the form
"E_PRIV_000000."  As a result, plaintiffs cannot match up the redacted document and the
corresponding entry on the privilege log in order to ascertain on what basis defendants
have redacted information.  Attached is a list of redacted electronic documents which
plaintiffs request defendants produce in an unredacted form or, alternatively, identify
the bates numbers for the document and the privilege that is the basis for the redaction.
Additionally, plaintiffs request that defendants provide the document Priv040954-
Priv040966 in unredacted form or specifically explain why the last two pages of the
document have been redacted.


Sincerely,


Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Wednesday, February 20, 2008 5:04 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Thank you for your email.  Defendants address each of plaintiffs' assertions and concerns
in the same order as set forth your email.

First, based upon plaintiffs' meet and confer letter, and this response, defendants
continue believe that it is not necessary to have an in person meet and confer session.
Again, while an in person meet and confer session may be appropriate in the future, it
seems premature in that plaintiffs' have just -- at almost 5 pm on February 19th --
provided defendants with a general outline of their concerns with the revised privilege
logs, and defendants are now just providing their response to plaintiffs' generic
concerns.

Second, earlier this morning, defendants provided a response to your email regarding their
February 15, 2008 privilege logs.  As set forth in that email, defendants disagree with

plaintiffs' interpretation of Magistrate Moulds's January 29, 2008 Order. The Order
provides that "[o]n or before February 4, 2008, defendants shall file and serve their
corrected January 28, 2008 privilege logs." The Order further provided that "[o]n or
before February 15, 2008, defendants shall file and serve final privilege logs . . ."
Defendants complied with this Order and provided their final revised privilege logs on
February 15, 2008.  As previously explained, the February 15, 2008 logs contained revised
entries and additional entries from the February 4, 2008 logs.  As also explained,
defendants' February 15, 2008 production included some documents that were previously
identified on the February 4, 2008 logs and that were previously withheld from production.

General Objection as to Sufficiency of Log Entries

Plaintiffs' meet and confer letter states that "[t]here continue to be a large number of
entries in the logs for which defendants fail to provide sufficient information to
establish the elements of various privileges."  Plaintiffs also assert that "[i]n the
paper logs, almost half of the documents are missing at least one of the "author,"
"date," and/or "recipient" fields [and in] the electronic logs, approximately thirty
percent of the documents are missing the "author," "recipient," and/or "date" fields."

Plaintiffs' meet and confer letter, however, fails to acknowledge that except on rare
occasions, the entries on the privilege logs where either the author, recipient, or date
field is missing only arose in instances where defendants claimed that the documents at
issue were protected by the official information or privacy privileges.  Here, defendants
have made a good faith, if not extraordinary, attempt to provide an adequate privilege
log, and provided descriptors of the content and persons associated with the documents
where possible.  However, Defendants must note that official information privilege and
right to privacy can be asserted by a holder of the privilege without any identification
of the creator or recipient of the document.  Here, defendants are the holders of those
privileges and must assert the privileges, regardless of whether the document emanated
from a staff or executive level person, so long as the document was not disclosed to the
public.  The declarations supporting the assertion of privilege have established the
document was internally produced and disseminated.  Moreover, while the assertion of the
attorney client communication may require a statement of the creator and recipient of the
document, no such statement is necessary for these privileges.  As such, it is clear that
plaintiffs general objections, when viewed in context, do not constitute valid criticisms
of the revised privilege logs.

Deliberative Process Privilege

Plaintiffs' continue to assert that the defendants' claim of the deliberative process
privilege is improper.  First, plaintiffs appear to argue that defendants have not
adequately described the documents or only described them in a conclusory fashion.
However, the "examples" of this purported deficiency contradicts plaintiffs' position.
For example, for document E00007004 the description is "pre-decisional Week Ahead Report
on AB 900 accomplishments."  This is hardly conclusory.  Similarly, document E00001407 is
described as a "pre-decisional report titled Briefing Document -Population Pressures."
The privilege log shows it is a document briefing decision makers regarding population.
Additionally, document E00006897 is described as a "pre-decisional Assessment of the
Capacity of the Office of Facilities Management of the California Department of
Corrections & Rehabilitation to Meet the Requirements of AB 900."  That is about as
descriptive as we can get.  Furthermore, document E00007429 is describes as a "pre-
decisional Significant Issue Report on AB 900 funding."  This is a straightforward
description of a document that was sent from Mr. Tilton to Mr. Dunmoyer.  Plaintiffs also
seem to be arguing certain documents are not subject to the deliberative process privilege
because, in plaintiffs' mind, they are not "pre-decisional."  An example of this view is
plaintiffs reference to document E00006849.  That document is described as an email
discussing and attaching an implementation strategy.  Plaintiffs' assertion that this
communication is not pre-decision is simply wrong.  Just because there is deliberation
about a policy that is already in place, i.e. AB 900, it can still be pre-decisional.  The
decision makers are deliberating about how to implement the policy. The execution or
implementation of a law is a core policy decision that the executive branch and
departments make.  It is these types of decision-making, and give and take process, that
necessitate the deliberative process privilege.

Plaintiffs also assert that "defendants continue to assert the deliberative process
privilege for documents directly pertaining to defendants' defenses in this case."  This

misses the point. Defendants' primary defense in these matters is that plaintiffs cannot met the statutory requirements of the PLRA -- for example, plaintiffs cannot prove by clear and convincing evidence that crowding is the primary cause of the unconstitutional delivery of medical and mental health care to inmates housed in adult institutions run by the CDCR. Notwithstanding this fact, defendants can clearly assert the deliberative process privilege for pre-decisional or draft documents or communications relating to potential defenses in the case, like AB 900. Defendants cannot and will not, however, rely on any documents withheld production on the basis of privilege when defending this case.

Plaintiffs also argue that defendants cannot assert the deliberative process privilege for documents which are listed as "attachments" to privileged documents. Again, plaintiffs own examples belie plaintiffs' position. Each of the documents referenced by plaintiffs -- E00021246, E00021239, E00021238, E00021235, E00021195, and E00021143 (which is also an attorney-client communication between Ms. Arnold and Ms. Tillman) are draft documents that were used and considered by decision makers in deliberation. Such drafts are clearly protected under the deliberative process privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs concede, as they must, that defendants have properly asserted the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs. Plaintiffs, however, claim that four categories of documents are not protected by the attorney-client privilege. First, plaintiffs claim that certain communications should not be protected because "the document was not authored by an attorney . . . and the information in the summary field does not establish that the communication intended to seek legal advice." Second, plaintiffs' assert that a few documents should be produced because the document described is merely an "attachment" to a privileged document. Clearly an attorney need not draft a communication for the communication to be covered by the privilege. Moreover, draft documents attached to privileged emails are covered by the privilege as well as they are part of the same attorney-client communication.

Plaintiffs also assert that on a handful of communications that there is no attorney on the email. Plaintiffs are, largely, mistaken. Documents E00031451 and E00031453 were authored or received by Cynthia Rodriguez, an attorney, as was document document E00013880 (by Ms. Tillman).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information because Magistrate Moulds's December 7, 2007 Order provided for a protective order governing the production of these documents. Defendants, however, have appealed that order. Moreover, defendants cannot understand how plaintiffs believe that architectural drawings, security features, and other items that Mr. Spector and Ms. Ells previously acknowledged were not relevant to or needed by plaintiffs in this litigation are now somehow relevant or necessary. Moreover, if plaintiffs would like to identify documents that are relevant and necessary to their contentions in this proceeding, defendants will continue to meet and confer with plaintiffs on this subject.

Privacy Rights

Again, plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents. Again, defendants have appealed that order. Moreover, can plaintiffs explain how someone's private cell number, as an example, is relevant or necessary to plaintiffs prosecution of their case.

Redaction of Documents

Interestingly, plaintiffs also "object to defendants' unilateral decision to redact parts of documents they have produced." Parties regularly redact information from otherwise non-privileged documents. Moreover, redaction does not require permission from the Court, and, in each instance, the redactions are based on privilege and supported in the log. However, if plaintiffs would like to meet and confer about specific redacted documents, defendants remain ready and willing to do so.

15

In conclusion, it appears, at first glance that plaintiffs have identified a few documents (out of over 16,000) that were inadvertently or mistakenly withheld as privileged -- E00000993, E00004168, E00009455 and E00009516.  If those documents were inadvertently or mistakenly privileged they will be produced to plaintiffs shortly.  On the other hand, it also appears that the vast majority of plaintiffs' generic concerns about the privilege logs are without merit.  As such, defendants are hopeful that plaintiffs will in good faith reconsider their position on the final revised privilege logs.

Sincerely,

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Tuesday, February 19, 2008 4:36 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Defendants have now produced a privilege log to plaintiffs that references 16,792 documents withheld on the basis of various assertions of privilege. Although these logs are substantially improved in some aspects from the logs that were the subject of plaintiffs' prior motion to compel, plaintiffs continue to object to defendants' assertions of privilege for many of these documents.  Per your request, these objections are outlined here.  Plaintiffs continue to request that defendants meet and confer in person regarding these issues and renew our suggestion that this meeting take place on the afternoon of February 21, 2008 in San Francisco.

Plaintiffs also note that we have received no response thus far to my email regarding the relationship of defendants' February 4, 2008 and February 15, 2008 privilege logs.  In contrast to the Court's order, defendants appear to have revised the logs produced on February 4, 2008 in the February 15, 2008 logs, rather than producing a supplemental log on February 15 to correspond to the February 15 production of documents.  Plaintiffs reviewed defendants' February 4 logs in reliance on defendants' compliance with the Court's Order that they be final logs and this email is based largely on that review.

General Objection as to Sufficiency of Log Entries

There continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges.  In the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields.  In the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields.

Deliberative Process Privilege

Defendants' assertions of the deliberative process privilege do not appear to account for several findings by Magistrate Judge Moulds in his December 7, 2007 order, and plaintiffs object to the majority of defendants' continued assertions of this privilege.

First, defendants continue to describe the majority of documents in the log in conclusory

fashion as "pre-decisional," which the Magistrate Judge held is not sufficient to support the asserted privilege (e.g. E00007004, E00007007, E00001407, E00006894, E00006897, E00007429).  Defendants do not identify for what decisions these documents are "pre-decisional."  Moreover, many of these documents do not actually appear to be "pre-decisional" but instead appear to relate to implementation of policies already decided (e.g. E00006849).

Second, defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case, despite the Magistrate Judge's holding that "it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege."  More than half of the documents for which defendants assert the deliberative process privilege appear related to defendants' defenses based solely on a facial review of defendants' descriptions in the "summary" field (e.g. E00007966, E00008096, E00000160, E00000908, E00000909, E00000579, E0000628, E00000964).  Many of the remaining entries do not contain sufficient information in the "summary" field for plaintiffs to evaluate whether the deliberative process privilege may fairly be asserted or whether it may be overcome in this case (e.g. E00006956, E00006953, E00007004).

Third, defendants continue to assert the deliberative process privilege for a large number documents which are listed as "attachments" to privileged documents, but are not independently identified as covered by the privilege (e.g. E00021246, E00021239, E00021238, E00021235, E00021195, E00021143).

Finally, defendants continue to fail to adequately assert the privilege for some of the documents because because no author or recipient is identified or because the recipient field lists recipients outside defendant agencies (e.g. E00000993, E00004168), which constitutes a waiver of the privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs do not dispute the assertion of the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs as attorney-client privileged.  However, plaintiffs do dispute the withholding of documents based on the attorney-client and/or attorney work product privileges in the following four categories:

1) The document was not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice (e.g. E00030167, E00030168, E00030169, E00030171, E00020760, E00020818, E00020819);

2) The document is described as an "attachment" to a privileged document, but no independent claim of privilege was asserted (e.g., E00021025, E00021027, E00021033, E00029630, E00029632);

3) No attorney is listed as a recipient or author (e.g., E00031451, E00031453, E00013223, E00013880, E00014065, E00019816);

4)  The document was sent to individuals outside the client agencies and so the attorney-client privilege does not apply (e.g. E00009455, E00009516).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Privacy Rights

Plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Redaction of Documents

17

Plaintiffs object to defendants' unilateral decision to redact parts of documents they have produced.  Defendants did not seek permission from the Court to engage in this redaction, and, in fact, the Court rendered this unnecessary when it ordered defendants to produce all documents for which they claim protections based on "official information" and "privacy" pursuant to a protective order.  Moreover, some of the redacted content does not appear to be subject to attorney-client/attorney work product privilege, official information privilege, or privacy concerns.

We look forward to your timely response.  Please contact me with any questions or concerns.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


*******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*******************************


*******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under

the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*******************************

*******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*******************************

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Paul B. Mello [Pmello@hansonbridgett.com] |
| **Sent:** | Sunday, February 24, 2008 2:41 PM |
| **To:** | Lori E. Rifkin |
| **Cc:** | Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer |
| **Subject:** | RE: Coleman/Plata; meet and confer re privilege disputes |

**Attachments:** REDACTED01.TXT; 02192008_REDACTED.TXT


REDACTED01.TXT
(84 KB)


02192008_REDACT
ED.TXT (7 KB)

Lori,

I am told that the attached documents, that were previously sent to plaintiffs, provide ((and their vendor) what you are requesting.  Please let me know if that is not the case.

Can you also let me know when defendants will receive the list plaintiffs previously promised, the other lists that defendants have requested, and plaintiffs portion of the joint statement.

Thanks.

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Saturday, February 23, 2008 3:23 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Defendants have again refused to provide the cross-referenced E numbers for the redacted documents we identified to you by bates number so that we can identify those documents on your privilege logs.  However, we note that defendants did provide exactly such a list within an hour and a half of plaintiffs' request yesterday when plaintiffs were responding in good faith to defendants' request to remove documents from our server that defendants inadvertently disclosed.  (See attached email from Lisa Tillman to Amy Whelan).  In that case, defendants' response to plaintiffs' request was prompt and helpful, and illustrated that defendants have the capacity to easily provide such a list to plaintiffs when they decide to do so.

Plaintiffs again renew our request that defendants provide this list to plaintiffs for the list of redacted electronic documents identified by plaintiffs, attached again to this email for your convenience.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor

San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Saturday, February 23, 2008 10:14 AM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

First, Defendants respectfully disagree with plaintiffs' position regarding the joint
statement and requested lists.  Plaintiffs refusal to either provide defendants with their
proposed sections of the joint statement, which presumably will list those documents that
they contend should be produced, or to provide defendants with those lists, ignores
defendants' good faith efforts on the revised logs, in meet and confer, and it unduly
prejudices defendants' ability to respond to plaintiffs' motion.  Specifically,
plaintiffs' refusal flies in the face of defendants' good faith efforts to meet and confer
with plaintiffs in this matter -- as you know defendants have in good faith addressed
almost all documents listed in the various meet and confer letters received from
plaintiffs.  This refusal also prejudices defendants because they cannot adequately defend
against plaintiffs' contentions without knowing which documents are in dispute.  Moreover,
plaintiffs' generic descriptions of their contentions does not mitigate this prejudice or
excuse their failure to meet and confer in good faith.  As such, defendants respectfully
request that plaintiffs (1) provide defendants with the requested lists today, and (2)
provide their portion of the joint statement today or tomorrow morning.  Plaintiffs have
no legitimate or just reason for refusing to comply with either of defendants requests.

Second, defendants will provide plaintiffs with the documents they agreed to produce (with
and without redactions) as soon as practicable.

Third, regarding the redacted documents on the electronic log, defendants have repeatedly
explained to plaintiffs how to assess the applicability of the privilege or protection by
providing plaintiffs with a text file that references both the privilege log number and
the priv_begdoc number.

Defendants look forward to receiving the requested documents today or tomorrow at the
latest.

Sincerely,

Paul Mello

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 6:43 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Magistrate Judge Moulds ordered the parties to file "a joint statement concerning disputes
arising from the privilege logs." 1/29/08 Order at 3:14-15. He did not require
plaintiffs to disclose our position first, and for defendants to respond, although that
was in his power if he had intended to do so. Plaintiffs have already outlined the issues
in dispute in multiple meet and confer emails to defendants, as defendants requested. We
can take responsibility for incorporating both parties' statements into the single
document to file on Monday, and will expect to receive your portion of the statement by 2
pm on Monday. If you would like us to send a copy of our section to you at that time as
well, we will do so.

Regarding your demand for specific lists of documents in the deliberative process
privilege category that plaintiffs intend to challenge, plaintiffs will be challenging
defendants' assertion of this privilege for categories of documents on the grounds
plaintiffs have already outlined. First, defendants have not sufficiently established the
deliberative process privilege because they have asserted that documents are "pre-
decisional" in a conclusory manner. Second, defendants have not sufficiently established
the privilege for documents that are described as attachments to privileged documents.
Third, the majority of documents defendants have withheld pursuant to assertions of the
deliberative process privilege are directly relevant to defendants' defenses in this case
and as a result the privilege is overcome.

Regarding your demand for a specific list of documents in the attorney-client/attorney
work product category that have the attorney cc'ed on a list of group recipients that
plaintiffs intend to challenge, plaintiffs have clearly outlined our position on these
documents, provided defendants with examples, and defendants have not responded to the
substantive issue. To the extent that plaintiffs have a list of these documents, we will
provide it to you by 2 pm on Monday.

Plaintiffs will endeavor to provide you with a list of documents claimed as attorney-
client privileged for which we do not believe there is an attorney listed as an author or
recipient as soon as possible.

Thank you for your responses concerning the official information and privacy documents.
Please let us know when we can expect to receive this production. The meet and confer
process has adequately addressed our concerns in these areas.

Regarding the redacted documents on the electronic log, defendants have not provided these
documents to plaintiffs in a manner that allows us to assess the applicability of the
privielge or protection, as required by FRCP 26. The privilege logs do not identify the
documents by the same bates numbers on the documents. Without this information, we will
request disclosure of these documents. A list of these documents was provided with my
previous email.

Please let me know if you have any questions or concerns.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104

415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Friday, February 22, 2008 5:36 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Thank you for your email. Here are defendants' responses:


Deliberative Process Privilege:

Plaintiffs' email provides that: "Plaintiffs disagree with defendants as to what
constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also
contend that defendants cannot withhold documents regarding defenses defendants have
raised in this case based on the deliberative process privilege. Finally, for each
document defendants assert to be protected by the deliberative process privilege,
defendants must independently establish that this privilege applies. Merely describing a
document as an attachment to a privileged document and listing it on a privilege log is
not enough to sufficient establish the privilege." Plaintiffs' email further states that
"[t]his dispute appears to be at an impasse and should be presented to the Court on
Monday."

Defendants demand that plaintiffs identify which documents fall into this category so that
they can defend against plaintiffs' claims. Without such a list it is impossible for
defendants to appropriately respond to plaintiffs' generic contention. Please provide us
with a list of documents that plaintiffs contend to fall into this category by noon
Saturday February 23, 2008.

As to the approximately 53 documents for which plaintiffs claim that "defendants'
assertions of deliberative process privilege fail because the documents were authored by
or sent to outside recipients," defendants respond as follows:

E00000987 -- Defendants agree to produce this document.

E00000993 -- Defendant do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to

Senator Ackerman.

E00001131 -- Defendants agree to produce this document.

E00001259 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001260 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001261 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001262 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001263 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001264 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001265 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001266 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001267 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001269 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001270 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001271 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001272 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001657 -- Defendants agree to produce this document.

E00001821 -- Defendants agree to produce this document.

E00001822 -- Defendants agree to produce this document.

E00001823 -- Defendants agree to produce this document.

E00001824 -- Defendants agree to produce this document.

E00003330 -- Defendants agree to produce this document.

E00003338 -- Defendants agree to produce this document.

E00003818 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004168 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004174 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00082964 -- Defendants agree to produce this document.

E00082943 -- Defendants agree to produce this document.

E00027832 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027831 -- Defendants agree to produce this document.

E00027830 -- Defendants agree to produce this document.

E00027829 -- Defendants agree to produce this document.

E00027828 -- Defendants agree to produce this document.

E00027827 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027826 -- Defendants agree to produce this document.

E00027825 -- Defendants agree to produce this document.

E00027824 -- Defendants agree to produce this document.

E00027823 -- Defendants agree to produce this document.

E00027822 -- Defendants agree to produce this document.

E00027821 -- Defendants agree to produce this document.

E00022361 -- Defendants agree to produce this document.

E00022080 -- Defendants agree to produce this document.

E00001859 -- Defendants agree to produce this document.

E00001874 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a draft responses to confirmation questions.

E00022444 -- Defendants agree to produce this document.

E00022314 -- Defendants do not agree to produce this document as it is deliberative discussion relating to Senate Agenda.

E00022313 -- Defendants agree to produce this document.

E00022312 -- Defendants agree to produce this document.

E00022311 -- Defendants agree to produce this document.

E00022202 -- Defendants agree to produce this document.

E00022201 -- Defendants agree to produce this document.

E00022200 -- Defendants agree to produce this document.

E00022199 -- Defendants agree to produce this document.


Attorney-Client Privilege/Attorney Work Product:

First, plaintiffs state that "[t]his dispute appears to be at an impasse and should be presented to the Court on Monday." Again, to meaningfully respond to plaintiffs' contentions, defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Defendants expect such a list of documents by noon tomorrow.

Plaintiffs also ask defendants to simply agree to produce a group of documents that plaintiffs believe were authored or received by an attorney. Defendants cannot agree to this, but will in good faith evaluate any list of documents provided by plaintiffs. Please provide us with a list of such documents by noon tomorrow.


Official Information:

As to the approximately 42 documents for which plaintiffs claim "appear relevant to these proceedings and do not appear to be architectural drawings and blueprints," defendants respond as follows:

E00007523 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document reflects incidents that raise security concerns at various institutions.

E00095461 - Defendants agree to produce this document.

E00047576 - Defendants agree to produce this document.

E00094546 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00094545 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00016313 - Defendants agree to produce this document.

E00094547 - Defendants agree to produce this document.

E00007500 - Defendants agree to produce this document.

E00015675 - Defendants agree to produce this document.

E00047317 - Defendants agree to produce this document.

E00048269 - Defendants agree to produce this document.

E00007364 - Defendants agree to produce this document.

E00087560 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding small management yards at R.J. Donovan State Prison.

E00011192 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

E00011184 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

PROD068277 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding housing units.

PROD100166 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD100169 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD047407 - Defendants agree to produce this document.

PROD047430 - Defendants agree to produce this document.

PROD093438 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes information regarding the design criteria for security zones.

PROD066452 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural renderings and design specifications for certain housing units.

PROD047014 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed discussion regarding the methods utilized to transport inmates to out-of-state facilities.

PROD046173 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed security information regarding an out-of-state facility.

PROD047045 - Defendants agree to produce this document.

PROD047085 - Defendants agree to produce this document.

PROD074519 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at the California Medical Facility.

PROD118436 - Cannot locate a document with this document number.

PROD047069 - Defendants agree to produce this document.

PROD079071 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD085615 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD107306 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD065787 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding North Kern State Prison.

PROD070474 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed architectural plans regarding a guard station at Folsom State Prison.

PROD047518 - Defendants agree to produce this document.

PROD049486 - Defendants agree to produce this document.

PROD063723 - Defendants agree to produce this document.

PROD082549 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD082647 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD056646 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed design specifications regarding treatment and program space for certain Enhanced Outpatient inmates.


Privacy Rights:

As to the approximately 67 documents identified by plaintiff in their meet and confer email, defendants respond as follows:

PROD118599 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118597 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118580 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118441 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118409 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049087 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049084 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00048860 -- Defendants will produce this document.

E00048377 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046905 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046736 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046735 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046734 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046733 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046732 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046731 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046730 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046729 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046728 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046727 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046724 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046723 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046722 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046720 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046693 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046692 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046691 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046688 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00046655 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00036746 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00036745 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00036743 -- Defendants will produce a version of this document that redacts private
information protected from disclosure.

E00036715 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036714 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036713 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036695 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036694 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036198 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036197 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036192 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036191 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036184 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036177 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036166 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036165 -- Defendants will produce a version of this document that redacts private information protected from disclosure.


Redacted Documents:

First, plaintiffs ask defendants to "identify the bates numbers for the document and the privilege that is the basis for the redaction." Defendants believe that they have already done this in their privilege logs and remind plaintiffs that they were previously given a text file that references both the privilege log number and the priv_begdoc number.

Second, plaintiffs "request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted." Defendants will not produce the redacted portions of these pages because they contain detailed site plans (that are also protected from disclosure by the official information privilege).


Defendants believe that this meet and confer email adequately addresses each of plaintiffs' concerns. It appears, however, that plaintiffs still intend to bring a motion to compel regarding some small percentage of the entries on defendants' final revised privilege logs. As such, and as set forth above, defendants demand that plaintiffs provide

lists of the documents at issue by noon tomorrow. In addition, defendants request that plaintiffs provide their portion of the joint statement of the discovery dispute to defendants by 5 pm tomorrow, Saturday February 23, 2008. This is necessary so that defendants have an adequate amount of time to respond to plaintiffs' contentions and so that they can provide their portions of the revised statement back to plaintiffs by 2:00 pm February 25, 2008, the date that the joint statement must be filed with the court.

Defendants appreciate plaintiffs' timely response to this email.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 10:25 AM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear All:

This email responds to defendants' last email regarding privilege disputes.

Deliberative Process Privilege
Plaintiffs disagree with defendants as to what constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also contend that defendants cannot withhold documents regarding defenses defendants have raised in this case based on the deliberative process privilege. Finally, for each document defendants assert to be protected by the deliberative process privilege, defendants must independently establish that this privilege applies. Merely describing a document as an attachment to a privileged document and listing it on a privilege log is not enough to sufficient establish the privilege.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Additionally, plaintiffs have identified a larger list of documents for which defendants' assertions of deliberative process privilege fail because the documents were authored by or sent to outside recipients. This list is attached. Plaintiffs request that defendants produce these documents so that we can resolve this dispute through the meet and confer process.

Attorney-Client Privilege/Attorney Work Product
Defendants misstated plaintiffs' position regarding this privilege in their email. Plaintiffs did not assert that all documents must be authored by an attorney in order to qualify for this privilege. Plaintiffs did dispute the withholding of documents based on the attorney-client privilege that were not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Plaintiffs also believe there are a number of additional entries without an attorney listed as author or recipient. We hope to resolve this dispute through the meet and confer process. If plaintiffs provide a list of these documents, are defendants willing to produce them upon defendants' confirmation that no attorney is listed? If so, plaintiffs will work to provide this list to defendants as soon as possible.

Official Information
Defendants offered to further meet and confer concerning the official information privilege. Attached to this email are two lists of documents totaling 42 documents for which defendants asserted the official information privilege but did not produce any versions of the documents. These documents appear relevant to these proceedings and do

12

not appear to be architectural drawings and blueprints. Moreover, based on their
inclusion in defendants' privilege log, these documents are presumptively relevant and
responsive to plaintiffs' documents requests because defendants have identified them as
such.

Plaintiffs request that defendants produce these documents.

Privacy Rights
Defendants produced a substantial number of documents for which they assert privacy rights
in redacted format in order to protect information such as private cell phone numbers and
private email addresses. Attached are two lists totaling 67 documents for which
defendants asserted privacy rights but did not produce the documents in a redacted form.
Again, defendants themselves have identified these documents as relevant and responsive to
plaintiffs' document requests.

Plaintiffs request that defendants produce these documents or explain why production of
the documents in redacted format compromises privacy rights.

Redacted Documents
Defendants offered to further meet and confer concerning redacted documents. Plaintiffs
have reviewed the documents defendants redacted and produced. However, in defendants'
electronic privilege logs, they identify documents only by a "DOCID" number in the form of
E000000. The documents themselves, on the other hand, have only bates numbers in the form
"E_PRIV_000000." As a result, plaintiffs cannot match up the redacted document and the
corresponding entry on the privilege log in order to ascertain on what basis defendants
have redacted information. Attached is a list of redacted electronic documents which
plaintiffs request defendants produce in an unredacted form or, alternatively, identify
the bates numbers for the document and the privilege that is the basis for the redaction.
Additionally, plaintiffs request that defendants provide the document Priv040954-
Priv040966 in unredacted form or specifically explain why the last two pages of the
document have been redacted.

Sincerely,


Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


_____


From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Wednesday, February 20, 2008 5:04 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;

Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,


Thank you for your email.  Defendants address each of plaintiffs' assertions and concerns
in the same order as set forth your email.


First, based upon plaintiffs' meet and confer letter, and this response, defendants
continue believe that it is not necessary to have an in person meet and confer session.
Again, while an in person meet and confer session may be appropriate in the future, it
seems premature in that plaintiffs' have just -- at almost 5 pm on February 19th --
provided defendants with a general outline of their concerns with the revised privilege
logs, and defendants are now just providing their response to plaintiffs' generic
concerns.


Second, earlier this morning, defendants provided a response to your email regarding their
February 15, 2008 privilege logs.  As set forth in that email, defendants disagree with
plaintiffs' interpretation of Magistrate Moulds's January 29, 2008 Order. The Order
provides that "[o]n or before February 4, 2008, defendants shall file and serve their
corrected January 28, 2008 privilege logs." The Order further provided that "[o]n or
before February 15, 2008, defendants shall file and serve final privilege logs . . ."
Defendants complied with this Order and provided their final revised privilege logs on
February 15, 2008.  As previously explained, the February 15, 2008 logs contained revised
entries and additional entries from the February 4, 2008 logs.  As also explained,
defendants' February 15, 2008 production included some documents that were previously
identified on the February 4, 2008 logs and that were previously withheld from production.


General Objection as to Sufficiency of Log Entries


Plaintiffs' meet and confer letter states that "[t]here continue to be a large number of
entries in the logs for which defendants fail to provide sufficient information to
establish the elements of various privileges."  Plaintiffs also assert that "[i]n the
paper logs, almost half of the documents are missing at least one of the "author,"
"date," and/or "recipient" fields [and in] the electronic logs, approximately thirty
percent of the documents are missing the "author," "recipient," and/or "date" fields."


Plaintiffs' meet and confer letter, however, fails to acknowledge that except on rare
occasions, the entries on the privilege logs where either the author, recipient, or date
field is missing only arose in instances where defendants claimed that the documents at
issue were protected by the official information or privacy privileges.  Here, defendants
have made a good faith, if not extraordinary, attempt to provide an adequate privilege
log, and provided descriptors of the content and persons associated with the documents
where possible.  However, Defendants must note that official information privilege and
right to privacy can be asserted by a holder of the privilege without any identification
of the creator or recipient of the document.  Here, defendants are the holders of those
privileges and must assert the privileges, regardless of whether the document emanated
from a staff or executive level person, so long as the document was not disclosed to the
public.  The declarations supporting the assertion of privilege have established the
document was internally produced and disseminated.  Moreover, while the assertion of the
attorney client communication may require a statement of the creator and recipient of the
document, no such statement is necessary for these privileges.  As such, it is clear that
plaintiffs general objections, when viewed in context, do not constitute valid criticisms
of the revised privilege logs.


Deliberative Process Privilege


Plaintiffs' continue to assert that the defendants' claim of the deliberative process
privilege is improper.  First, plaintiffs appear to argue that defendants have not
adequately described the documents or only described them in a conclusory fashion.
However, the "examples" of this purported deficiency contradicts plaintiffs' position.
For example, for document E0007004 the description is "pre-decisional Week Ahead Report
on AB 900 accomplishments."  This is hardly conclusory.  Similarly, document E00001407 is
described as a "pre-decisional report titled Briefing Document -Population Pressures."
The privilege log shows it is a document briefing decision makers regarding population.

Additionally, document E00006897 is described as a "pre-decisional Assessment of the Capacity of the Office of Facilities Management of the California Department of Corrections & Rehabilitation to Meet the Requirements of AB 900." That is about as descriptive as we can get. Furthermore, document E00007429 is describes as a "pre-decisional Significant Issue Report on AB 900 funding." This is a straightforward description of a document that was sent from Mr. Tilton to Mr. Dunmoyer. Plaintiffs also seem to be arguing certain documents are not subject to the deliberative process privilege because, in plaintiffs' mind, they are not "pre-decisional." An example of this view is plaintiffs reference to document E00006849. That document is described as an email discussing and attaching an implementation strategy. Plaintiffs' assertion that this communication is not pre-decision is simply wrong. Just because there is deliberation about a policy that is already in place, i.e. AB 900, it can still be pre-decisional. The decision makers are deliberating about how to implement the policy. The execution or implementation of a law is a core policy decision that the executive branch and departments make. It is these types of decision-making, and give and take process, that necessitate the deliberative process privilege.

Plaintiffs also assert that "defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case." This misses the point. Defendants' primary defense in these matters is that plaintiffs cannot met the statutory requirements of the PLRA -- for example, plaintiffs cannot prove by clear and convincing evidence that crowding is the primary cause of the unconstitutional delivery of medical and mental health care to inmates housed in adult institutions run by the CDCR. Notwithstanding this fact, defendants can clearly assert the deliberative process privilege for pre-decisional or draft documents or communications relating to potential defenses in the case, like AB 900. Defendants cannot and will not, however, rely on any documents withheld production on the basis of privilege when defending this case.

Plaintiffs also argue that defendants cannot assert the deliberative process privilege for documents which are listed as "attachments" to privileged documents. Again, plaintiffs own examples belie plaintiffs' position. Each of the documents referenced by plaintiffs -- E00021246, E00021239, E00021238, E00021235, E00021195, and E00021143 (which is also an attorney-client communication between Ms. Arnold and Ms. Tillman) are draft documents that were used and considered by decision makers in deliberation. Such drafts are clearly protected under the deliberative process privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs concede, as they must, that defendants have properly asserted the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs. Plaintiffs, however, claim that four categories of documents are not protected by the attorney-client privilege. First, plaintiffs claim that certain communications should not be protected because "the document was not authored by an attorney . . . and the information in the summary field does not establish that the communication intended to seek legal advice." Second, plaintiffs' assert that a few documents should be produced because the document described is merely an "attachment" to a privileged document. Clearly an attorney need not draft a communication for the communication to be covered by the privilege. Moreover, draft documents attached to privileged emails are covered by the privilege as well as they are part of the same attorney-client communication.

Plaintiffs also assert that on a handful of communications that there is no attorney on the email. Plaintiffs are, largely, mistaken. Documents E00031451 and E00031453 were authored or received by Cynthia Rodriguez, an attorney, as was document document E00013880 (by Ms. Tillman).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information because Magistrate Moulds's December 7, 2007 Order provided for a protective order governing the production of these documents. Defendants, however, have appealed that order. Moreover, defendants cannot understand how plaintiffs believe that architectural drawings, security features, and other items that Mr. Spector and Ms. Ells previously acknowledged were not relevant to or needed by plaintiffs in this litigation are now somehow relevant or necessary. Moreover, if plaintiffs would like to identify

documents that are relevant and necessary to their contentions in this proceeding, defendants will continue to meet and confer with plaintiffs on this subject.

Privacy Rights

Again, plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.  Again, defendants have appealed that order.  Moreover, can plaintiffs explain how someone's private cell number, as an example, is relevant or necessary to plaintiffs prosecution of their case.

Redaction of Documents

Interestingly, plaintiffs also "object to defendants' unilateral decision to redact parts of documents they have produced."  Parties regularly redact information from otherwise non-privileged documents.  Moreover, redaction does not require permission from the Court, and, in each instance, the redactions are based on privilege and supported in the log. However, if plaintiffs would like to meet and confer about specific redacted documents, defendants remain ready and willing to do so.

In conclusion, it appears, at first glance that plaintiffs have identified a few documents (out of over 16,000) that were inadvertently or mistakenly withheld as privileged -- E00000993, E00004168, E00009455 and E00009516.  If those documents were inadvertently or mistakenly privileged they will be produced to plaintiffs shortly.  On the other hand, it also appears that the vast majority of plaintiffs' generic concerns about the privilege logs are without merit.  As such, defendants are hopeful that plaintiffs will in good faith reconsider their position on the final revised privilege logs.

Sincerely,

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Tuesday, February 19, 2008 4:36 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Defendants have now produced a privilege log to plaintiffs that references 16,792 documents withheld on the basis of various assertions of privilege. Although these logs are substantially improved in some aspects from the logs that were the subject of plaintiffs' prior motion to compel, plaintiffs continue to object to defendants' assertions of privilege for many of these documents.  Per your request, these objections are outlined here.  Plaintiffs continue to request that defendants meet and confer in person regarding these issues and renew our suggestion that this meeting take place on the afternoon of February 21, 2008 in San Francisco.

Plaintiffs also note that we have received no response thus far to my email regarding the relationship of defendants' February 4, 2008 and February 15, 2008 privilege logs.  In contrast to the Court's order, defendants appear to have revised the logs produced on February 4, 2008 in the February 15, 2008 logs, rather than producing a supplemental log

on February 15 to correspond to the February 15 production of documents. Plaintiffs reviewed defendants' February 4 logs in reliance on defendants' compliance with the Court's Order that they be final logs and this email is based largely on that review.

General Objection as to Sufficiency of Log Entries

There continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges. In the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields. In the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields.

Deliberative Process Privilege

Defendants' assertions of the deliberative process privilege do not appear to account for several findings by Magistrate Judge Moulds in his December 7, 2007 order, and plaintiffs object to the majority of defendants' continued assertions of this privilege.

First, defendants continue to describe the majority of documents in the log in conclusory fashion as "pre-decisional," which the Magistrate Judge held is not sufficient to support the asserted privilege (e.g. E00007004, E00007007, E00001407, E00006894, E00006897, E00007429). Defendants do not identify for what decisions these documents are "pre-decisional." Moreover, many of these documents do not actually appear to be "pre-decisional" but instead appear to relate to implementation of policies already decided (e.g. E00006849).

Second, defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case, despite the Magistrate Judge's holding that "it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege." More than half of the documents for which defendants assert the deliberative process privilege appear related to defendants' defenses based solely on a facial review of defendants' descriptions in the "summary" field (e.g. E00007966, E00008096, E00000160, E00000908, E00000909, E00000579, E0000628, E00000964). Many of the remaining entries do not contain sufficient information in the "summary" field for plaintiffs to evaluate whether the deliberative process privilege may fairly be asserted or whether it may be overcome in this case (e.g. E00006956, E00006953, E00007004).

Third, defendants continue to assert the deliberative process privilege for a large number documents which are listed as "attachments" to privileged documents, but are not independently identified as covered by the privilege (e.g. E00021246, E00021239, E00021238, E00021235, E00021195, E00021143).

Finally, defendants continue to fail to adequately assert the privilege for some of the documents because because no author or recipient is identified or because the recipient field lists recipients outside defendant agencies (e.g. E00000993, E00004168), which constitutes a waiver of the privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs do not dispute the assertion of the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs as attorney-client privileged. However, plaintiffs do dispute the withholding of documents based on the attorney-client and/or attorney work product privileges in the following four categories:

1) The document was not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice (e.g. E00030167, E00030168, E00030169, E00030171, E00020760, E00020818, E00020819);

2) The document is described as an "attachment" to a privileged document, but no independent claim of privilege was asserted (e.g., E00021025, E00021027, E00021033, E00029630, E00029632);

17

3) No attorney is listed as a recipient or author (e.g., E00031451, E00031453, E00013223, E00013880, E00014065, E00019816);

4) The document was sent to individuals outside the client agencies and so the attorney-client privilege does not apply (e.g. E00009455, E00009516).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Privacy Rights

Plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Redaction of Documents

Plaintiffs object to defendants' unilateral decision to redact parts of documents they have produced.  Defendants did not seek permission from the Court to engage in this redaction, and, in fact, the Court rendered this unnecessary when it ordered defendants to produce all documents for which they claim protections based on "official information" and "privacy" pursuant to a protective order.  Moreover, some of the redacted content does not appear to be subject to attorney-client/attorney work product privilege, official information privilege, or privacy concerns.

We look forward to your timely response.  Please contact me with any questions or concerns.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or

written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Sara Norman |
| **Sent:** | Monday, February 25, 2008 12:16 AM |
| **To:** | 'Paul B. Mello' |
| **Cc:** | Lori E. Rifkin; 'Rochelle East'; 'Charles Antonen'; 'Renju P. Jacob'; 'Lisa Tillman'; 'Misha Igra'; 'Anne Johnson'; Donald Specter; 'Kyle Lewis'; 'Jerrold C. Schaefer' |
| **Subject:** | RE: Coleman/Plata; meet and confer re privilege disputes |

```
Paul: these are the documents you are improperly withholding as attorney-client privileged
that have no attorneys listed as authors or recipients in the February 15 privilege log.
Please let us know by noon today whether you will produce them.  If you agree they are
wrongly withheld, please produce them immediately.


--Sara


E00000613

E00003179

E00003509

E00011365

E00013223

E00014065

E00019816

E00022699

E00028654

E00044198

E00045366

E00045435

E00045923

E00095838

E00099404


_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Sunday, February 24, 2008 10:58 PM
To: 'Paul B. Mello'
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes
```

Attached please find plaintiffs' draft of the joint portion of the statement.  Please let us know whether you will be providing edits to these sections or whether defendnats will be drafting their own statements of the nature of the case and the details of the meet and confer.  Please feel free to contact me with any questions.


Sincerely,


Lori Rifkin

Associate

Rosen, Bien & Galvan, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com <mailto:lrifkin@rbg-law.com>


We have moved and changed our name.  Please note our new address and email.

<mailto:lrifkin@rbg-law.com> CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Sunday, February 24, 2008 2:41 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,


I am told that the attached documents, that were previously sent to plaintiffs, provide ((and their vendor) what you are requesting.  Please let me know if that is not the case.

Can you also let me know when defendants will receive the list plaintiffs previously promised, the other lists that defendants have requested, and plaintiffs portion of the joint statement.


Thanks.


Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Saturday, February 23, 2008 3:23 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,


Defendants have again refused to provide the cross-referenced E numbers for the redacted documents we identified to you by bates number so that we can identify those documents on your privilege logs.  However, we note that defendants did provide exactly such a list within an hour and a half of plaintiffs' request yesterday when plaintiffs were responding in good faith to defendants' request to remove documents from our server that defendants inadvertently disclosed.  (See attached email from Lisa Tillman to Amy Whelan).  In that case, defendants' response to plaintiffs' request was prompt and helpful, and illustrated that defendants have the capacity to easily provide such a list to plaintiffs when they decide to do so.


Plaintiffs again renew our request that defendants provide this list to plaintiffs for the list of redacted electronic documents identified by plaintiffs, attached again to this email for your convenience.


Sincerely,


Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Saturday, February 23, 2008 10:14 AM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,


First, Defendants respectfully disagree with plaintiffs' position regarding the joint
statement and requested lists.  Plaintiffs refusal to either provide defendants with their
proposed sections of the joint statement, which presumably will list those documents that
they contend should be produced, or to provide defendants with those lists, ignores
defendants' good faith efforts on the revised logs, in meet and confer, and it unduly
prejudices defendants' ability to respond to plaintiffs' motion.  Specifically,
plaintiffs' refusal flies in the face of defendants' good faith efforts to meet and confer
with plaintiffs in this matter -- as you know defendants have in good faith addressed
almost all documents listed in the various meet and confer letters received from
plaintiffs.  This refusal also prejudices defendants because they cannot adequately defend
against plaintiffs' contentions without knowing which documents are in dispute.  Moreover,
plaintiffs' generic descriptions of their contentions does not mitigate this prejudice or
excuse their failure to meet and confer in good faith.  As such, defendants respectfully
request that plaintiffs (1) provide defendants with the requested lists today, and (2)
provide their portion of the joint statement today or tomorrow morning.  Plaintiffs have
no legitimate or just reason for refusing to comply with either of defendants requests.



Second, defendants will provide plaintiffs with the documents they agreed to produce (with
and without redactions) as soon as practicable.



Third, regarding the redacted documents on the electronic log, defendants have repeatedly
explained to plaintiffs how to assess the applicability of the privilege or protection by
providing plaintiffs with a text file that references both the privilege log number and
the priv_begdoc number.



Defendants look forward to receiving the requested documents today or tomorrow at the
latest.

4

Sincerely,


Paul Mello


---

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 6:43 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,


Magistrate Judge Moulds ordered the parties to file "a joint statement concerning disputes
arising from the privilege logs."  1/29/08 Order at 3:14-15.  He did not require
plaintiffs to disclose our position first, and for defendants to respond, although that
was in his power if he had intended to do so.  Plaintiffs have already outlined the issues
in dispute in multiple meet and confer emails to defendants, as defendants requested.  We
can take responsibility for incorporating both parties' statements into the single
document to file on Monday, and will expect to receive your portion of the statement by 2
pm on Monday.  If you would like us to send a copy of our section to you at that time as
well, we will do so.


Regarding your demand for specific lists of documents in the deliberative process
privilege category that plaintiffs intend to challenge, plaintiffs will be challenging
defendants' assertion of this privilege for categories of documents on the grounds
plaintiffs have already outlined.  First, defendants have not sufficiently established the
deliberative process privilege because they have asserted that documents are "pre-
decisional" in a conclusory manner.  Second, defendants have not sufficiently established
the privilege for documents that are described as attachments to privileged documents.
Third, the majority of documents defendants have withheld pursuant to assertions of the
deliberative process privilege are directly relevant to defendants' defenses in this case
and as a result the privilege is overcome.


Regarding your demand for a specific list of documents in the attorney-client/attorney
work product category that have the attorney cc'ed on a list of group recipients that
plaintiffs intend to challenge, plaintiffs have clearly outlined our position on these
documents, provided defendants with examples, and defendants have not responded to the
substantive issue.  To the extent that plaintiffs have a list of these documents, we will
provide it to you by 2 pm on Monday.


Plaintiffs will endeavor to provide you with a list of documents claimed as attorney-
client privileged for which we do not believe there is an attorney listed as an author or
recipient as soon as possible.


Thank you for your responses concerning the official information and privacy documents.

Please let us know when we can expect to receive this production.  The meet and confer process has adequately addressed our concerns in these areas.


Regarding the redacted documents on the electronic log, defendants have not provided these documents to plaintiffs in a manner that allows us to assess the applicability of the privielge or protection, as required by FRCP 26.  The privilege logs do not identify the documents by the same bates numbers on the documents.  Without this information, we will request disclosure of these documents.  A list of these documents was provided with my previous email.


Please let me know if you have any questions or concerns.


Sincerely,


Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Friday, February 22, 2008 5:36 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

6

Lori,

Thank you for your email. Here are defendants' responses:


Deliberative Process Privilege:

Plaintiffs' email provides that: "Plaintiffs disagree with defendants as to what
constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also
contend that defendants cannot withhold documents regarding defenses defendants have
raised in this case based on the deliberative process privilege. Finally, for each
document defendants assert to be protected by the deliberative process privilege,
defendants must independently establish that this privilege applies. Merely describing a
document as an attachment to a privileged document and listing it on a privilege log is
not enough to sufficient establish the privilege." Plaintiffs' email further states that
"[t]his dispute appears to be at an impasse and should be presented to the Court on
Monday."

Defendants demand that plaintiffs identify which documents fall into this category so that
they can defend against plaintiffs' claims. Without such a list it is impossible for
defendants to appropriately respond to plaintiffs' generic contention. Please provide us
with a list of documents that plaintiffs contend to fall into this category by noon
Saturday February 23, 2008.

As to the approximately 53 documents for which plaintiffs claim that "defendants'
assertions of deliberative process privilege fail because the documents were authored by
or sent to outside recipients," defendants respond as follows:

E00000987 -- Defendants agree to produce this document.

E00000993 -- Defendant do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to
Senator Ackerman.

E00001131 -- Defendants agree to produce this document.

E00001259 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to
Senator Machado.

E00001260 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft of an "Overview and Planning Guide for
Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001261 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is draft legislation about the possible conversion of
the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001262 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is an email exchange relating to draft documents for
possible presentation to Senator Machado regarding the possible conversion of the Northern
California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001263 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is an email exchange relating to draft documents for
possible presentation to Senator Machado regarding the possible conversion of the Northern
California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001264 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to
Senator Machado.

E00001265 -- Defendants do not agree to produce this document as it is protected by the
deliberative process privilege. It is a draft of an "Overview and Planning Guide for

Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001266 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001267 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001269 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001270 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001271 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001272 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001657 -- Defendants agree to produce this document.

E00001821 -- Defendants agree to produce this document.

E00001822 -- Defendants agree to produce this document.

E00001823 -- Defendants agree to produce this document.

E00001824 -- Defendants agree to produce this document.

E00003330 -- Defendants agree to produce this document.

E00003338 -- Defendants agree to produce this document.

E00003818 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004168 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004174 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00082964 -- Defendants agree to produce this document.

E00082943 -- Defendants agree to produce this document.

E00027832 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027831 -- Defendants agree to produce this document.

E00027830 -- Defendants agree to produce this document.

E00027829 -- Defendants agree to produce this document.

E00027828 -- Defendants agree to produce this document.

E00027827 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027826 -- Defendants agree to produce this document.

E00027825 -- Defendants agree to produce this document.

E00027824 -- Defendants agree to produce this document.

E00027823 -- Defendants agree to produce this document.

E00027822 -- Defendants agree to produce this document.

E00027821 -- Defendants agree to produce this document.

E00022361 -- Defendants agree to produce this document.

E00022080 -- Defendants agree to produce this document.

E00001859 -- Defendants agree to produce this document.

E00001874 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a draft responses to confirmation questions.

E00022444 -- Defendants agree to produce this document.

E00022314 -- Defendants do not agree to produce this document as it is deliberative discussion relating to Senate Agenda.

E00022313 -- Defendants agree to produce this document.

E00022312 -- Defendants agree to produce this document.

E00022311 -- Defendants agree to produce this document.

E00022202 -- Defendants agree to produce this document.

E00022201 -- Defendants agree to produce this document.

E00022200 -- Defendants agree to produce this document.

E00022199 -- Defendants agree to produce this document.


Attorney-Client Privilege/Attorney Work Product:

First, plaintiffs state that "[t]his dispute appears to be at an impasse and should be presented to the Court on Monday." Again, to meaningfully respond to plaintiffs' contentions, defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Defendants expect such a list of documents by noon tomorrow.

Plaintiffs also ask defendants to simply agree to produce a group of documents that plaintiffs believe were authored or received by an attorney. Defendants cannot agree to this, but will in good faith evaluate any list of documents provided by plaintiffs. Please provide us with a list of such documents by noon tomorrow.

Official Information:

As to the approximately 42 documents for which plaintiffs claim "appear relevant to these proceedings and do not appear to be architectural drawings and blueprints," defendants respond as follows:

E00007523 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document reflects incidents that raise security concerns at various institutions.

E00095461 - Defendants agree to produce this document.

E00047576 - Defendants agree to produce this document.

E00094546 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00094545 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00016313 - Defendants agree to produce this document.

E00094547 - Defendants agree to produce this document.

E00007500 - Defendants agree to produce this document.

E00015675 - Defendants agree to produce this document.

E00047317 - Defendants agree to produce this document.

E00048269 - Defendants agree to produce this document.

E00007364 - Defendants agree to produce this document.

E00087560 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding small management yards at R.J. Donovan State Prison.

E00011192 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

E00011184 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

PROD068277 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding housing units.

PROD100166 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD100169 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD047407 - Defendants agree to produce this document.

PROD047430 - Defendants agree to produce this document.

PROD093438 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes information regarding the design

criteria for security zones.

PROD066452 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural renderings and design specifications for certain housing units.

PROD047014 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed discussion regarding the methods utilized to transport inmates to out-of-state facilities.

PROD046173 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed security information regarding an out-of-state facility.

PROD047045 - Defendants agree to produce this document.

PROD047085 - Defendants agree to produce this document.

PROD074519 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at the California Medical Facility.

PROD118436 - Cannot locate a document with this document number.

PROD047069 - Defendants agree to produce this document.

PROD079071 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD085615 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD107306 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD065787 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding North Kern State Prison.

PROD070474 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed architectural plans regarding a guard station at Folsom State Prison.

PROD047518 - Defendants agree to produce this document.

PROD049486 - Defendants agree to produce this document.

PROD063723 - Defendants agree to produce this document.

PROD082549 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD082647 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD056646 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed design specifications regarding treatment and program space for certain Enhanced Outpatient inmates.

Privacy Rights:

As to the approximately 67 documents identified by plaintiff in their meet and confer email, defendants respond as follows:

PROD118599 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118597 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118580 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118441 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118409 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049087 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049084 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00048860 -- Defendants will produce this document.

E00048377 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046905 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046736 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046735 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046734 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046733 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046732 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046731 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046730 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046729 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046728 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046727 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046724 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046723 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046722 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046720 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046691 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046688 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046655 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036746 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036745 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036743 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036715 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036714 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036713 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036695 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036694 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036198 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036197 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036192 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036191 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036184 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036177 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036166 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036165 -- Defendants will produce a version of this document that redacts private information protected from disclosure.


Redacted Documents:

First, plaintiffs ask defendants to "identify the bates numbers for the document and the privilege that is the basis for the redaction." Defendants believe that they have already done this in their privilege logs and remind plaintiffs that they were previously given a text file that references both the privilege log number and the priv_begdoc number.

Second, plaintiffs "request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted." Defendants will not produce the redacted portions of these pages because they contain detailed site plans (that are also protected from disclosure by the official information privilege).


Defendants believe that this meet and confer email adequately addresses each of plaintiffs' concerns. It appears, however, that plaintiffs still intend to bring a motion to compel regarding some small percentage of the entries on defendants' final revised privilege logs. As such, and as set forth above, defendants demand that plaintiffs provide lists of the documents at issue by noon tomorrow. In addition, defendants request that plaintiffs provide their portion of the joint statement of the discovery dispute to defendants by 5 pm tomorrow, Saturday February 23, 2008. This is necessary so that defendants have an adequate amount of time to respond to plaintiffs' contentions and so that they can provide their portions of the revised statement back to plaintiffs by 2:00 pm February 25, 2008, the date that the joint statement must be filed with the court.

Defendants appreciate plaintiffs' timely response to this email.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 10:25 AM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear All:


This email responds to defendants' last email regarding privilege disputes.

Deliberative Process Privilege

Plaintiffs disagree with defendants as to what constitutes a conclusory claim that a document is "pre-decisional."  Plaintiffs also contend that defendants cannot withhold documents regarding defenses defendants have raised in this case based on the deliberative process privilege.  Finally, for each document defendants assert to be protected by the deliberative process privilege, defendants must independently establish that this privilege applies.  Merely describing a document as an attachment to a privileged document and listing it on a privilege log is not enough to sufficient establish the privilege.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Additionally, plaintiffs have identified a larger list of documents for which defendants' assertions of deliberative process privilege fail because the documents were authored by or sent to outside recipients. This list is attached.  Plaintiffs request that defendants produce these documents so that we can resolve this dispute through the meet and confer process.

Attorney-Client Privilege/Attorney Work Product

Defendants misstated plaintiffs' position regarding this privilege in their email.  Plaintiffs did not assert that all documents must be authored by an attorney in order to qualify for this privilege.  Plaintiffs did dispute the withholding of documents based on the attorney-client privilege that were not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Plaintiffs also believe there are a number of additional entries without an attorney listed as author or recipient.  We hope to resolve this dispute through the meet and confer process.  If plaintiffs provide a list of these documents, are defendants willing to produce them upon defendants' confirmation that no attorney is listed?  If so, plaintiffs will work to provide this list to defendants as soon as possible.

Official Information

Defendants offered to further meet and confer concerning the official information privilege.  Attached to this email are two lists of documents totaling 42 documents for which defendants asserted the official information privilege but did not produce any versions of the documents.  These documents appear relevant to these proceedings and do not appear to be architectural drawings and blueprints.  Moreover, based on their inclusion in defendants' privilege log, these documents are presumptively relevant and responsive to plaintiffs' documents requests because defendants have identified them as such.

Plaintiffs request that defendants produce these documents.

Privacy Rights

Defendants produced a substantial number of documents for which they assert privacy rights in redacted format in order to protect information such as private cell phone numbers and private email addresses.  Attached are two lists totaling 67 documents for which defendants asserted privacy rights but did not produce the documents in a redacted form. Again, defendants themselves have identified these documents as relevant and responsive to plaintiffs' document requests.

Plaintiffs request that defendants produce these documents or explain why production of the documents in redacted format compromises privacy rights.

Redacted Documents

Defendants offered to further meet and confer concerning redacted documents.  Plaintiffs have reviewed the documents defendants redacted and produced.  However, in defendants' electronic privilege logs, they identify documents only by a "DOCID" number in the form of E000000.  The documents themselves, on the other hand, have only bates numbers in the form "E_PRIV_000000."  As a result, plaintiffs cannot match up the redacted document and the corresponding entry on the privilege log in order to ascertain on what basis defendants have redacted information.  Attached is a list of redacted electronic documents which plaintiffs request defendants produce in an unredacted form or, alternatively, identify the bates numbers for the document and the privilege that is the basis for the redaction. Additionally, plaintiffs request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted.

Sincerely,

Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the

purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Wednesday, February 20, 2008 5:04 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,


Thank you for your email.  Defendants address each of plaintiffs' assertions and concerns
in the same order as set forth your email.


First, based upon plaintiffs' meet and confer letter, and this response, defendants
continue believe that it is not necessary to have an in person meet and confer session.
Again, while an in person meet and confer session may be appropriate in the future, it
seems premature in that plaintiffs' have just -- at almost 5 pm on February 19th --
provided defendants with a general outline of their concerns with the revised privilege
logs, and defendants are now just providing their response to plaintiffs' generic
concerns.


Second, earlier this morning, defendants provided a response to your email regarding their
February 15, 2008 privilege logs.  As set forth in that email, defendants disagree with
plaintiffs' interpretation of Magistrate Moulds's January 29, 2008 Order. The Order
provides that "[o]n or before February 4, 2008, defendants shall file and serve their
corrected January 28, 2008 privilege logs." The Order further provided that "[o]n or
before February 15, 2008, defendants shall file and serve final privilege logs . . ."
Defendants complied with this Order and provided their final revised privilege logs on
February 15, 2008.  As previously explained, the February 15, 2008 logs contained revised
entries and additional entries from the February 4, 2008 logs.  As also explained,
defendants' February 15, 2008 production included some documents that were previously
identified on the February 4, 2008 logs and that were previously withheld from production.

General Objection as to Sufficiency of Log Entries

Plaintiffs' meet and confer letter states that "[t]here continue to be a large number of
entries in the logs for which defendants fail to provide sufficient information to
establish the elements of various privileges."  Plaintiffs also assert that "[i]n the
paper logs, almost half of the documents are missing at least one of the "author,"
"date," and/or "recipient" fields [and in] the electronic logs, approximately thirty
percent of the documents are missing the "author," "recipient," and/or "date" fields."

Plaintiffs' meet and confer letter, however, fails to acknowledge that except on rare
occasions, the entries on the privilege logs where either the author, recipient, or date
field is missing only arose in instances where defendants claimed that the documents at
issue were protected by the official information or privacy privileges.   Here, defendants
have made a good faith, if not extraordinary, attempt to provide an adequate privilege
log, and provided descriptors of the content and persons associated with the documents
where possible.  However, Defendants must note that official information privilege and
right to privacy can be asserted by a holder of the privilege without any identification
of the creator or recipient of the document.  Here, defendants are the holders of those
privileges and must assert the privileges, regardless of whether the document emanated
from a staff or executive level person, so long as the document was not disclosed to the

17

public.  The declarations supporting the assertion of privilege have established the document was internally produced and disseminated.  Moreover, while the assertion of the attorney client communication may require a statement of the creator and recipient of the document, no such statement is necessary for these privileges.  As such, it is clear that plaintiffs general objections, when viewed in context, do not constitute valid criticisms of the revised privilege logs.

Deliberative Process Privilege

Plaintiffs' continue to assert that the defendants' claim of the deliberative process privilege is improper.  First, plaintiffs appear to argue that defendants have not adequately described the documents or only described them in a conclusory fashion.  However, the "examples" of this purported deficiency contradicts plaintiffs' position.  For example, for document E00007004 the description is "pre-decisional Week Ahead Report on AB 900 accomplishments."  This is hardly conclusory.  Similarly, document E00001407 is described as a "pre-decisional report titled Briefing Document -Population Pressures."  The privilege log shows it is a document briefing decision makers regarding population.  Additionally, document E00006897 is described as a "pre-decisional Assessment of the Capacity of the Office of Facilities Management of the California Department of Corrections & Rehabilitation to Meet the Requirements of AB 900."  That is about as descriptive as we can get.  Furthermore, document E00007429 is describes as a "pre-decisional Significant Issue Report on AB 900 funding."  This is a straightforward description of a document that was sent from Mr. Tilton to Mr. Dunmoyer.  Plaintiffs also seem to be arguing certain documents are not subject to the deliberative process privilege because, in plaintiffs' mind, they are not "pre-decisional."  An example of this view is plaintiffs reference to document E00006849.  That document is described as an email discussing and attaching an implementation strategy.  Plaintiffs' assertion that this communication is not pre-decision is simply wrong.  Just because there is deliberation about a policy that is already in place, i.e. AB 900, it can still be pre-decisional.  The decision makers are deliberating about how to implement the policy. The execution or implementation of a law is a core policy decision that the executive branch and departments make.  It is these types of decision-making, and give and take process, that necessitate the deliberative process privilege.

Plaintiffs also assert that "defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case."  This misses the point.  Defendants' primary defense in these matters is that plaintiffs cannot met the statutory requirements of the PLRA -- for example, plaintiffs cannot prove by clear and convincing evidence that crowding is the primary cause of the unconstitutional delivery of medical and mental health care to inmates housed in adult institutions run by the CDCR.  Notwithstanding this fact, defendants can clearly assert the deliberative process privilege for pre-decisional or draft documents or communications relating to potential defenses in the case, like AB 900.  Defendants cannot and will not, however, rely on any documents withheld production on the basis of privilege when defending this case.

Plaintiffs also argue that defendants cannot assert the deliberative process privilege for documents which are listed as "attachments" to privileged documents.  Again, plaintiffs own examples belie plaintiffs' position.  Each of the documents referenced by plaintiffs -- E00021246, E00021239, E00021238, E00021235, E00021195, and E00021143 (which is also an attorney-client communication between Ms. Arnold and Ms. Tillman) are draft documents that were used and considered by decision makers in deliberation.  Such drafts are clearly protected under the deliberative process privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs concede, as they must, that defendants have properly asserted the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs.  Plaintiffs, however, claim that four categories of documents are not protected by the attorney-client privilege.  First, plaintiffs claim that certain communications should not be protected because "the document was not authored by an attorney . . . and the information in the summary field does not establish that the communication intended to seek legal advice."  Second, plaintiffs' assert that a few documents should be produced because the document described is merely an "attachment" to a privileged document.  Clearly an attorney need not draft a communication for the communication to be covered by the privilege.  Moreover, draft documents attached to

privileged emails are covered by the privilege as well as they are part of the same attorney-client communication.

Plaintiffs also assert that on a handful of communications that there is no attorney on the email. Plaintiffs are, largely, mistaken. Documents E00031451 and E00031453 were authored or received by Cynthia Rodriguez, an attorney, as was document document E00013880 (by Ms. Tillman).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information because Magistrate Moulds's December 7, 2007 Order provided for a protective order governing the production of these documents. Defendants, however, have appealed that order. Moreover, defendants cannot understand how plaintiffs believe that architectural drawings, security features, and other items that Mr. Spector and Ms. Ells previously acknowledged were not relevant to or needed by plaintiffs in this litigation are now somehow relevant or necessary. Moreover, if plaintiffs would like to identify documents that are relevant and necessary to their contentions in this proceeding, defendants will continue to meet and confer with plaintiffs on this subject.


Privacy Rights

Again, plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents. Again, defendants have appealed that order. Moreover, can plaintiffs explain how someone's private cell number, as an example, is relevant or necessary to plaintiffs prosecution of their case.

Redaction of Documents

Interestingly, plaintiffs also "object to defendants' unilateral decision to redact parts of documents they have produced." Parties regularly redact information from otherwise non-privileged documents. Moreover, redaction does not require permission from the Court, and, in each instance, the redactions are based on privilege and supported in the log. However, if plaintiffs would like to meet and confer about specific redacted documents, defendants remain ready and willing to do so.

In conclusion, it appears, at first glance that plaintiffs have identified a few documents (out of over 16,000) that were inadvertently or mistakenly withheld as privileged -- E00000993, E00004168, E00009455 and E00009516. If those documents were inadvertently or mistakenly privileged they will be produced to plaintiffs shortly. On the other hand, it also appears that the vast majority of plaintiffs' generic concerns about the privilege logs are without merit. As such, defendants are hopeful that plaintiffs will in good faith reconsider their position on the final revised privilege logs.

Sincerely,

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Tuesday, February 19, 2008 4:36 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;

Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,

Defendants have now produced a privilege log to plaintiffs that references 16,792 documents withheld on the basis of various assertions of privilege. Although these logs are substantially improved in some aspects from the logs that were the subject of plaintiffs' prior motion to compel, plaintiffs continue to object to defendants' assertions of privilege for many of these documents.  Per your request, these objections are outlined here.  Plaintiffs continue to request that defendants meet and confer in person regarding these issues and renew our suggestion that this meeting take place on the afternoon of February 21, 2008 in San Francisco.

Plaintiffs also note that we have received no response thus far to my email regarding the relationship of defendants' February 4, 2008 and February 15, 2008 privilege logs.  In contrast to the Court's order, defendants appear to have revised the logs produced on February 4, 2008 in the February 15, 2008 logs, rather than producing a supplemental log on February 15 to correspond to the February 15 production of documents.  Plaintiffs reviewed defendants' February 4 logs in reliance on defendants' compliance with the Court's Order that they be final logs and this email is based largely on that review.

General Objection as to Sufficiency of Log Entries

There continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges.  In the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields.  In the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields.

Deliberative Process Privilege

Defendants' assertions of the deliberative process privilege do not appear to account for several findings by Magistrate Judge Moulds in his December 7, 2007 order, and plaintiffs object to the majority of defendants' continued assertions of this privilege.

First, defendants continue to describe the majority of documents in the log in conclusory fashion as "pre-decisional," which the Magistrate Judge held is not sufficient to support the asserted privilege (e.g. E00007004, E00007007, E00001407, E00006894, E00006897, E00007429).  Defendants do not identify for what decisions these documents are "pre-decisional."  Moreover, many of these documents do not actually appear to be "pre-decisional" but instead appear to relate to implementation of policies already decided (e.g. E00006849).

Second, defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case, despite the Magistrate Judge's holding that "it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege."  More than half of the documents for which defendants assert the deliberative process privilege appear related to defendants' defenses based solely on a facial review of defendants' descriptions in the "summary" field (e.g. E00007966, E00008096, E00000160, E00000908, E00000909, E00000579, E00000628, E00000964).  Many of the remaining entries do not contain sufficient information in the "summary" field for plaintiffs to evaluate whether the deliberative process privilege may fairly be asserted or whether it may be overcome in this case (e.g. E00006956, E00006953, E00007004).

Third, defendants continue to assert the deliberative process privilege for a large number documents which are listed as "attachments" to privileged documents, but are not independently identified as covered by the privilege (e.g. E00021246, E00021239, E00021238, E00021235, E00021195, E00021143).

Finally, defendants continue to fail to adequately assert the privilege for some of the documents because because no author or recipient is identified or because the recipient field lists recipients outside defendant agencies (e.g. E00000993, E00004168), which constitutes a waiver of the privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs do not dispute the assertion of the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs as attorney-client privileged.  However, plaintiffs do dispute the withholding of documents based on the attorney-client and/or attorney work product privileges in the following four categories:

1) The document was not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice (e.g. E00030167, E00030168, E00030169, E00030171, E00020760, E00020818, E00020819);

2) The document is described as an "attachment" to a privileged document, but no independent claim of privilege was asserted (e.g., E00021025, E00021027, E00021033, E00029630, E00029632);

3) No attorney is listed as a recipient or author (e.g., E00031451, E00031453, E00013223, E00013880, E00014065, E00019816);

4)  The document was sent to individuals outside the client agencies and so the attorney-client privilege does not apply (e.g. E00009455, E00009516).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Privacy Rights

Plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Redaction of Documents

Plaintiffs object to defendants' unilateral decision to redact parts of documents they have produced.  Defendants did not seek permission from the Court to engage in this redaction, and, in fact, the Court rendered this unnecessary when it ordered defendants to produce all documents for which they claim protections based on "official information" and "privacy" pursuant to a protective order.  Moreover, some of the redacted content does not appear to be subject to attorney-client/attorney work product privilege, official information privilege, or privacy concerns.

We look forward to your timely response.  Please contact me with any questions or concerns.

Sincerely,


Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*******************************


*******************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*******************************

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Sara Norman |
| **Sent:** | Monday, February 25, 2008 12:33 AM |
| **To:** | 'Paul B. Mello' |
| **Cc:** | Lori E. Rifkin; 'Rochelle East'; 'Charles Antonen'; 'Renju P. Jacob'; 'Lisa Tillman'; 'Misha Igra'; 'Anne Johnson'; Donald Specter; 'Kyle Lewis'; 'Jerrold C. Schaefer' |
| **Subject:** | RE: Coleman/Plata; meet and confer re privilege disputes |

```
Paul: these are the documents you are improperly withholding as attorney-client or work-
product privileged that have outsiders to the attorney-client relationship listed as
authors or recipients in the February 15 logs.  Please let us know by noon today whether
you will produce them.  If you agree they are wrongly withheld, please produce them
immediately.


--Sara
```

E00001660

E00001661

E00001662

E00009455

E00009516

E00012812

E00012813

E00012814

E00012965

E00012966

E00012967

E00012968

E00017410

E00020512

E00045134

E00045546

E00045809

E00045913

E00045916

E00045948

E00046957

E00046958

E00046959

E00046960

E00046962

E00046963

E00046964

E00046966

E00046967

E00046968

E00046983

E00046988

E00046989

E00082860

E00083812

E00099414

E00099415

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Sunday, February 24, 2008 10:58 PM
To: 'Paul B. Mello'
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Attached please find plaintiffs' draft of the joint portion of the statement.  Please let
us know whether you will be providing edits to these sections or whether defendnats will
be drafting their own statements of the nature of the case and the details of the meet and
confer.  Please feel free to contact me with any questions.


Sincerely,


Lori Rifkin

Associate

Rosen, Bien & Galvan, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com <mailto:lrifkin@rbg-law.com>


We have moved and changed our name.  Please note our new address and email.

<mailto:lrifkin@rbg-law.com> CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Sunday, February 24, 2008 2:41 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,


I am told that the attached documents, that were previously sent to plaintiffs, provide
((and their vendor) what you are requesting.  Please let me know if that is not the case.


Can you also let me know when defendants will receive the list plaintiffs previously
promised, the other lists that defendants have requested, and plaintiffs portion of the
joint statement.


Thanks.


Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Saturday, February 23, 2008 3:23 PM
To: Paul B. Mello

Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,


Defendants have again refused to provide the cross-referenced E numbers for the redacted documents we identified to you by bates number so that we can identify those documents on your privilege logs.  However, we note that defendants did provide exactly such a list within an hour and a half of plaintiffs' request yesterday when plaintiffs were responding in good faith to defendants' request to remove documents from our server that defendants inadvertently disclosed.  (See attached email from Lisa Tillman to Amy Whelan).  In that case, defendants' response to plaintiffs' request was prompt and helpful, and illustrated that defendants have the capacity to easily provide such a list to plaintiffs when they decide to do so.


Plaintiffs again renew our request that defendants provide this list to plaintiffs for the list of redacted electronic documents identified by plaintiffs, attached again to this email for your convenience.


Sincerely,


Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Saturday, February 23, 2008 10:14 AM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,


First, Defendants respectfully disagree with plaintiffs' position regarding the joint
statement and requested lists.  Plaintiffs refusal to either provide defendants with their
proposed sections of the joint statement, which presumably will list those documents that
they contend should be produced, or to provide defendants with those lists, ignores
defendants' good faith efforts on the revised logs, in meet and confer, and it unduly
prejudices defendants' ability to respond to plaintiffs' motion.  Specifically,
plaintiffs' refusal flies in the face of defendants' good faith efforts to meet and confer
with plaintiffs in this matter -- as you know defendants have in good faith addressed
almost all documents listed in the various meet and confer letters received from
plaintiffs.  This refusal also prejudices defendants because they cannot adequately defend
against plaintiffs' contentions without knowing which documents are in dispute.  Moreover,
plaintiffs' generic descriptions of their contentions does not mitigate this prejudice or
excuse their failure to meet and confer in good faith.  As such, defendants respectfully
request that plaintiffs (1) provide defendants with the requested lists today, and (2)
provide their portion of the joint statement today or tomorrow morning.  Plaintiffs have
no legitimate or just reason for refusing to comply with either of defendants requests.


Second, defendants will provide plaintiffs with the documents they agreed to produce (with
and without redactions) as soon as practicable.


Third, regarding the redacted documents on the electronic log, defendants have repeatedly
explained to plaintiffs how to assess the applicability of the privilege or protection by
providing plaintiffs with a text file that references both the privilege log number and
the priv_begdoc number.


Defendants look forward to receiving the requested documents today or tomorrow at the
latest.


Sincerely,


Paul Mello


From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 6:43 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer

Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,


Magistrate Judge Moulds ordered the parties to file "a joint statement concerning disputes arising from the privilege logs." 1/29/08 Order at 3:14-15. He did not require plaintiffs to disclose our position first, and for defendants to respond, although that was in his power if he had intended to do so. Plaintiffs have already outlined the issues in dispute in multiple meet and confer emails to defendants, as defendants requested. We can take responsibility for incorporating both parties' statements into the single document to file on Monday, and will expect to receive your portion of the statement by 2 pm on Monday. If you would like us to send a copy of our section to you at that time as well, we will do so.


Regarding your demand for specific lists of documents in the deliberative process privilege category that plaintiffs intend to challenge, plaintiffs will be challenging defendants' assertion of this privilege for categories of documents on the grounds plaintiffs have already outlined. First, defendants have not sufficiently established the deliberative process privilege because they have asserted that documents are "pre-decisional" in a conclusory manner. Second, defendants have not sufficiently established the privilege for documents that are described as attachments to privileged documents. Third, the majority of documents defendants have withheld pursuant to assertions of the deliberative process privilege are directly relevant to defendants' defenses in this case and as a result the privilege is overcome.


Regarding your demand for a specific list of documents in the attorney-client/attorney work product category that have the attorney cc'ed on a list of group recipients that plaintiffs intend to challenge, plaintiffs have clearly outlined our position on these documents, provided defendants with examples, and defendants have not responded to the substantive issue. To the extent that plaintiffs have a list of these documents, we will provide it to you by 2 pm on Monday.


Plaintiffs will endeavor to provide you with a list of documents claimed as attorney-client privileged for which we do not believe there is an attorney listed as an author or recipient as soon as possible.


Thank you for your responses concerning the official information and privacy documents. Please let us know when we can expect to receive this production. The meet and confer process has adequately addressed our concerns in these areas.


Regarding the redacted documents on the electronic log, defendants have not provided these documents to plaintiffs in a manner that allows us to assess the applicability of the privielge or protection, as required by FRCP 26. The privilege logs do not identify the documents by the same bates numbers on the documents. Without this information, we will request disclosure of these documents. A list of these documents was provided with my previous email.


Please let me know if you have any questions or concerns.


Sincerely,

Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Friday, February 22, 2008 5:36 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,

Thank you for your email. Here are defendants' responses:


Deliberative Process Privilege:

Plaintiffs' email provides that: "Plaintiffs disagree with defendants as to what
constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also
contend that defendants cannot withhold documents regarding defenses defendants have
raised in this case based on the deliberative process privilege. Finally, for each
document defendants assert to be protected by the deliberative process privilege,
defendants must independently establish that this privilege applies. Merely describing a
document as an attachment to a privileged document and listing it on a privilege log is
not enough to sufficient establish the privilege." Plaintiffs' email further states that
"[t]his dispute appears to be at an impasse and should be presented to the Court on
Monday."

Defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Without such a list it is impossible for defendants to appropriately respond to plaintiffs' generic contention. Please provide us with a list of documents that plaintiffs contend to fall into this category by noon Saturday February 23, 2008.

As to the approximately 53 documents for which plaintiffs claim that "defendants' assertions of deliberative process privilege fail because the documents were authored by or sent to outside recipients," defendants respond as follows:

E00000987 -- Defendants agree to produce this document.

E00000993 -- Defendant do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Ackerman.

E00001131 -- Defendants agree to produce this document.

E00001259 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001260 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001261 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001262 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001263 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001264 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001265 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001266 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001267 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001269 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001270 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001271 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001272 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001657 -- Defendants agree to produce this document.

E00001821 -- Defendants agree to produce this document.

E00001822 -- Defendants agree to produce this document.

E00001823 -- Defendants agree to produce this document.

E00001824 -- Defendants agree to produce this document.

E00003330 -- Defendants agree to produce this document.

E00003338 -- Defendants agree to produce this document.

E00003818 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004168 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004174 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00082964 -- Defendants agree to produce this document.

E00082943 -- Defendants agree to produce this document.

E00027832 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027831 -- Defendants agree to produce this document.

E00027830 -- Defendants agree to produce this document.

E00027829 -- Defendants agree to produce this document.

E00027828 -- Defendants agree to produce this document.

E00027827 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027826 -- Defendants agree to produce this document.

E00027825 -- Defendants agree to produce this document.

E00027824 -- Defendants agree to produce this document.

E00027823 -- Defendants agree to produce this document.

E00027822 -- Defendants agree to produce this document.

E00027821 -- Defendants agree to produce this document.

E00022361 -- Defendants agree to produce this document.

E00022080 -- Defendants agree to produce this document.

E00001859 -- Defendants agree to produce this document.

E00001874 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a draft responses to confirmation questions.

E00022444 -- Defendants agree to produce this document.

E00022314 -- Defendants do not agree to produce this document as it is deliberative discussion relating to Senate Agenda.

E00022313 -- Defendants agree to produce this document.

E00022312 -- Defendants agree to produce this document.

E00022311 -- Defendants agree to produce this document.

E00022202 -- Defendants agree to produce this document.

E00022201 -- Defendants agree to produce this document.

E00022200 -- Defendants agree to produce this document.

E00022199 -- Defendants agree to produce this document.


Attorney-Client Privilege/Attorney Work Product:

First, plaintiffs state that "[t]his dispute appears to be at an impasse and should be presented to the Court on Monday." Again, to meaningfully respond to plaintiffs' contentions, defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Defendants expect such a list of documents by noon tomorrow.

Plaintiffs also ask defendants to simply agree to produce a group of documents that plaintiffs believe were authored or received by an attorney. Defendants cannot agree to this, but will in good faith evaluate any list of documents provided by plaintiffs. Please provide us with a list of such documents by noon tomorrow.


Official Information:

As to the approximately 42 documents for which plaintiffs claim "appear relevant to these proceedings and do not appear to be architectural drawings and blueprints," defendants respond as follows:

E00007523 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document reflects incidents that raise security concerns at various institutions.

E00095461 - Defendants agree to produce this document.

E00047576 - Defendants agree to produce this document.

E00094546 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00094545 - Defendants do not agree to produce this document as it is protected by the

official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00016313 - Defendants agree to produce this document.

E00094547 - Defendants agree to produce this document.

E00007500 - Defendants agree to produce this document.

E00015675 - Defendants agree to produce this document.

E00047317 - Defendants agree to produce this document.

E00048269 - Defendants agree to produce this document.

E00007364 - Defendants agree to produce this document.

E00087560 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding small management yards at R.J. Donovan State Prison.

E00011192 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

E00011184 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

PROD068277 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding housing units.

PROD100166 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD100169 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD047407 - Defendants agree to produce this document.

PROD047430 - Defendants agree to produce this document.

PROD093438 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes information regarding the design criteria for security zones.

PROD066452 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural renderings and design specifications for certain housing units.

PROD047014 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed discussion regarding the methods utilized to transport inmates to out-of-state facilities.

PROD046173 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed security information regarding an out-of-state facility.

PROD047045 - Defendants agree to produce this document.

PROD047085 - Defendants agree to produce this document.

PROD074519 - Defendants do not agree to produce this document as it is protected by the

official information privilege. This document includes site plans for housing units at the California Medical Facility.

PROD118436 - Cannot locate a document with this document number.

PROD047069 - Defendants agree to produce this document.

PROD079071 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD085615 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD107306 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD065787 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding North Kern State Prison.

PROD070474 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed architectural plans regarding a guard station at Folsom State Prison.

PROD047518 - Defendants agree to produce this document.

PROD049486 - Defendants agree to produce this document.

PROD063723 - Defendants agree to produce this document.

PROD082549 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD082647 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD056646 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed design specifications regarding treatment and program space for certain Enhanced Outpatient inmates.


Privacy Rights:

As to the approximately 67 documents identified by plaintiff in their meet and confer email, defendants respond as follows:

PROD118599 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118597 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118580 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118441 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118409 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049087 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049084 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00048860 -- Defendants will produce this document.

E00048377 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046905 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046736 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046735 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046734 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046733 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046732 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046731 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046730 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046729 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046728 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046727 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046724 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046723 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046722 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046720 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046691 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046688 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046655 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036746 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036745 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036743 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036715 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036714 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036713 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036695 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036694 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036198 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036197 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036192 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036191 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036184 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036177 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036166 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036165 -- Defendants will produce a version of this document that redacts private information protected from disclosure.


Redacted Documents:

First, plaintiffs ask defendants to "identify the bates numbers for the document and the privilege that is the basis for the redaction." Defendants believe that they have already

done this in their privilege logs and remind plaintiffs that they were previously given a text file that references both the privilege log number and the priv_begdoc number.

Second, plaintiffs "request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted." Defendants will not produce the redacted portions of these pages because they contain detailed site plans (that are also protected from disclosure by the official information privilege).

Defendants believe that this meet and confer email adequately addresses each of plaintiffs' concerns. It appears, however, that plaintiffs still intend to bring a motion to compel regarding some small percentage of the entries on defendants' final revised privilege logs. As such, and as set forth above, defendants demand that plaintiffs provide lists of the documents at issue by noon tomorrow. In addition, defendants request that plaintiffs provide their portion of the joint statement of the discovery dispute to defendants by 5 pm tomorrow, Saturday February 23, 2008. This is necessary so that defendants have an adequate amount of time to respond to plaintiffs' contentions and so that they can provide their portions of the revised statement back to plaintiffs by 2:00 pm February 25, 2008, the date that the joint statement must be filed with the court.

Defendants appreciate plaintiffs' timely response to this email.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 10:25 AM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear All:

This email responds to defendants' last email regarding privilege disputes.

Deliberative Process Privilege

Plaintiffs disagree with defendants as to what constitutes a conclusory claim that a document is "pre-decisional."  Plaintiffs also contend that defendants cannot withhold documents regarding defenses defendants have raised in this case based on the deliberative process privilege.  Finally, for each document defendants assert to be protected by the deliberative process privilege, defendants must independently establish that this privilege applies.  Merely describing a document as an attachment to a privileged document and listing it on a privilege log is not enough to sufficient establish the privilege.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Additionally, plaintiffs have identified a larger list of documents for which defendants' assertions of deliberative process privilege fail because the documents were authored by or sent to outside recipients. This list is attached.  Plaintiffs request that defendants

15

produce these documents so that we can resolve this dispute through the meet and confer process.


Attorney-Client Privilege/Attorney Work Product

Defendants misstated plaintiffs' position regarding this privilege in their email. Plaintiffs did not assert that all documents must be authored by an attorney in order to qualify for this privilege.  Plaintiffs did dispute the withholding of documents based on the attorney-client privilege that were not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice.


This dispute appears to be at an impasse and should be presented to the Court on Monday.


Plaintiffs also believe there are a number of additional entries without an attorney listed as author or recipient.  We hope to resolve this dispute through the meet and confer process.  If plaintiffs provide a list of these documents, are defendants willing to produce them upon defendants' confirmation that no attorney is listed?  If so, plaintiffs will work to provide this list to defendants as soon as possible.


Official Information

Defendants offered to further meet and confer concerning the official information privilege.  Attached to this email are two lists of documents totaling 42 documents for which defendants asserted the official information privilege but did not produce any versions of the documents.  These documents appear relevant to these proceedings and do not appear to be architectural drawings and blueprints.  Moreover, based on their inclusion in defendants' privilege log, these documents are presumptively relevant and responsive to plaintiffs' documents requests because defendants have identified them as such.


Plaintiffs request that defendants produce these documents.


Privacy Rights

Defendants produced a substantial number of documents for which they assert privacy rights in redacted format in order to protect information such as private cell phone numbers and private email addresses.  Attached are two lists totaling 67 documents for which defendants asserted privacy rights but did not produce the documents in a redacted form. Again, defendants themselves have identified these documents as relevant and responsive to plaintiffs' document requests.


Plaintiffs request that defendants produce these documents or explain why production of the documents in redacted format compromises privacy rights.


Redacted Documents

Defendants offered to further meet and confer concerning redacted documents.  Plaintiffs have reviewed the documents defendants redacted and produced.  However, in defendants' electronic privilege logs, they identify documents only by a "DOCID" number in the form of

16

E000000.  The documents themselves, on the other hand, have only bates numbers in the form
"E_PRIV_000000."  As a result, plaintiffs cannot match up the redacted document and the
corresponding entry on the privilege log in order to ascertain on what basis defendants
have redacted information.  Attached is a list of redacted electronic documents which
plaintiffs request defendants produce in an unredacted form or, alternatively, identify
the bates numbers for the document and the privilege that is the basis for the redaction.
Additionally, plaintiffs request that defendants provide the document Priv040954-
Priv040966 in unredacted form or specifically explain why the last two pages of the
document have been redacted.


Sincerely,




Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Wednesday, February 20, 2008 5:04 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,

Thank you for your email.  Defendants address each of plaintiffs' assertions and concerns in the same order as set forth your email.


First, based upon plaintiffs' meet and confer letter, and this response, defendants continue believe that it is not necessary to have an in person meet and confer session. Again, while an in person meet and confer session may be appropriate in the future, it seems premature in that plaintiffs' have just -- at almost 5 pm on February 19th -- provided defendants with a general outline of their concerns with the revised privilege logs, and defendants are now just providing their response to plaintiffs' generic concerns.


Second, earlier this morning, defendants provided a response to your email regarding their February 15, 2008 privilege logs.  As set forth in that email, defendants disagree with plaintiffs' interpretation of Magistrate Moulds's January 29, 2008 Order. The Order provides that "[o]n or before February 4, 2008, defendants shall file and serve their corrected January 28, 2008 privilege logs." The Order further provided that "[o]n or before February 15, 2008, defendants shall file and serve final privilege logs . . ." Defendants complied with this Order and provided their final revised privilege logs on February 15, 2008.  As previously explained, the February 15, 2008 logs contained revised entries and additional entries from the February 4, 2008 logs.  As also explained, defendants' February 15, 2008 production included some documents that were previously identified on the February 4, 2008 logs and that were previously withheld from production.

General Objection as to Sufficiency of Log Entries

Plaintiffs' meet and confer letter states that "[t]here continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges."  Plaintiffs also assert that "[i]n the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields [and in] the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields."

Plaintiffs' meet and confer letter, however, fails to acknowledge that except on rare occasions, the entries on the privilege logs where either the author, recipient, or date field is missing only arose in instances where defendants claimed that the documents at issue were protected by the official information or privacy privileges.  Here, defendants have made a good faith, if not extraordinary, attempt to provide an adequate privilege log, and provided descriptors of the content and persons associated with the documents where possible.  However, Defendants must note that official information privilege and right to privacy can be asserted by a holder of the privilege without any identification of the creator or recipient of the document.  Here, defendants are the holders of those privileges and must assert the privileges, regardless of whether the document emanated from a staff or executive level person, so long as the document was not disclosed to the public.  The declarations supporting the assertion of privilege have established the document was internally produced and disseminated.  Moreover, while the assertion of the attorney client communication may require a statement of the creator and recipient of the document, no such statement is necessary for these privileges.  As such, it is clear that plaintiffs general objections, when viewed in context, do not constitute valid criticisms of the revised privilege logs.

Deliberative Process Privilege

Plaintiffs' continue to assert that the defendants' claim of the deliberative process privilege is improper.  First, plaintiffs appear to argue that defendants have not adequately described the documents or only described them in a conclusory fashion. However, the "examples" of this purported deficiency contradicts plaintiffs' position. For example, for document E00007004 the description is "pre-decisional Week Ahead Report on AB 900 accomplishments."  This is hardly conclusory.  Similarly, document E00001407 is described as a "pre-decisional report titled Briefing Document -Population Pressures." The privilege log shows it is a document briefing decision makers regarding population. Additionally, document E00006897 is described as a "pre-decisional Assessment of the Capacity of the Office of Facilities Management of the California Department of

Corrections & Rehabilitation to Meet the Requirements of AB 900." That is about as descriptive as we can get. Furthermore, document E00007429 is describes as a "pre-decisional Significant Issue Report on AB 900 funding." This is a straightforward description of a document that was sent from Mr. Tilton to Mr. Dunmoyer. Plaintiffs also seem to be arguing certain documents are not subject to the deliberative process privilege because, in plaintiffs' mind, they are not "pre-decisional." An example of this view is plaintiffs reference to document E00006849. That document is described as an email discussing and attaching an implementation strategy. Plaintiffs' assertion that this communication is not pre-decision is simply wrong. Just because there is deliberation about a policy that is already in place, i.e. AB 900, it can still be pre-decisional. The decision makers are deliberating about how to implement the policy. The execution or implementation of a law is a core policy decision that the executive branch and departments make. It is these types of decision-making, and give and take process, that necessitate the deliberative process privilege.

Plaintiffs also assert that "defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case." This misses the point. Defendants' primary defense in these matters is that plaintiffs cannot met the statutory requirements of the PLRA -- for example, plaintiffs cannot prove by clear and convincing evidence that crowding is the primary cause of the unconstitutional delivery of medical and mental health care to inmates housed in adult institutions run by the CDCR. Notwithstanding this fact, defendants can clearly assert the deliberative process privilege for pre-decisional or draft documents or communications relating to potential defenses in the case, like AB 900. Defendants cannot and will not, however, rely on any documents withheld production on the basis of privilege when defending this case.

Plaintiffs also argue that defendants cannot assert the deliberative process privilege for documents which are listed as "attachments" to privileged documents. Again, plaintiffs own examples belie plaintiffs' position. Each of the documents referenced by plaintiffs -- E00021246, E00021239, E00021238, E00021235, E00021195, and E00021143 (which is also an attorney-client communication between Ms. Arnold and Ms. Tillman) are draft documents that were used and considered by decision makers in deliberation. Such drafts are clearly protected under the deliberative process privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs concede, as they must, that defendants have properly asserted the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs. Plaintiffs, however, claim that four categories of documents are not protected by the attorney-client privilege. First, plaintiffs claim that certain communications should not be protected because "the document was not authored by an attorney . . . and the information in the summary field does not establish that the communication intended to seek legal advice." Second, plaintiffs' assert that a few documents should be produced because the document described is merely an "attachment" to a privileged document. Clearly an attorney need not draft a communication for the communication to be covered by the privilege. Moreover, draft documents attached to privileged emails are covered by the privilege as well as they are part of the same attorney-client communication.

Plaintiffs also assert that on a handful of communications that there is no attorney on the email. Plaintiffs are, largely, mistaken. Documents E00031451 and E00031453 were authored or received by Cynthia Rodriguez, an attorney, as was document document E00013880 (by Ms. Tillman).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information because Magistrate Moulds's December 7, 2007 Order provided for a protective order governing the production of these documents. Defendants, however, have appealed that order. Moreover, defendants cannot understand how plaintiffs believe that architectural drawings, security features, and other items that Mr. Spector and Ms. Ells previously acknowledged were not relevant to or needed by plaintiffs in this litigation are now somehow relevant or necessary. Moreover, if plaintiffs would like to identify documents that are relevant and necessary to their contentions in this proceeding, defendants will continue to meet and confer with plaintiffs on this subject.

Privacy Rights

Again, plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.    Again, defendants have appealed that order.  Moreover, can plaintiffs explain how someone's private cell number, as an example, is relevant or necessary to plaintiffs prosecution of their case.

Redaction of Documents

Interestingly, plaintiffs also "object to defendants' unilateral decision to redact parts of documents they have produced."  Parties regularly redact information from otherwise non-privileged documents.  Moreover, redaction does not require permission from the Court, and, in each instance, the redactions are based on privilege and supported in the log. However, if plaintiffs would like to meet and confer about specific redacted documents, defendants remain ready and willing to do so.

In conclusion, it appears, at first glance that plaintiffs have identified a few documents (out of over 16,000) that were inadvertently or mistakenly withheld as privileged -- E00000993, E00004168, E00009455 and E00009516.  If those documents were inadvertently or mistakenly privileged they will be produced to plaintiffs shortly.  On the other hand, it also appears that the vast majority of plaintiffs' generic concerns about the privilege logs are without merit.  As such, defendants are hopeful that plaintiffs will in good faith reconsider their position on the final revised privilege logs.

Sincerely,

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Tuesday, February 19, 2008 4:36 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,

Defendants have now produced a privilege log to plaintiffs that references 16,792 documents withheld on the basis of various assertions of privilege. Although these logs are substantially improved in some aspects from the logs that were the subject of plaintiffs' prior motion to compel, plaintiffs continue to object to defendants' assertions of privilege for many of these documents.  Per your request, these objections are outlined here.  Plaintiffs continue to request that defendants meet and confer in person regarding these issues and renew our suggestion that this meeting take place on the afternoon of February 21, 2008 in San Francisco.

Plaintiffs also note that we have received no response thus far to my email regarding the relationship of defendants' February 4, 2008 and February 15, 2008 privilege logs.  In contrast to the Court's order, defendants appear to have revised the logs produced on February 4, 2008 in the February 15, 2008 logs, rather than producing a supplemental log on February 15 to correspond to the February 15 production of documents.  Plaintiffs

reviewed defendants' February 4 logs in reliance on defendants' compliance with the
Court's Order that they be final logs and this email is based largely on that review.

General Objection as to Sufficiency of Log Entries

There continue to be a large number of entries in the logs for which defendants fail to
provide sufficient information to establish the elements of various privileges.  In the
paper logs, almost half of the documents are missing at least one of the "author,"
"date," and/or "recipient" fields.  In the electronic logs, approximately thirty percent
of the documents are missing the "author," "recipient," and/or "date" fields.

Deliberative Process Privilege

Defendants' assertions of the deliberative process privilege do not appear to account for
several findings by Magistrate Judge Moulds in his December 7, 2007 order, and plaintiffs
object to the majority of defendants' continued assertions of this privilege.

First, defendants continue to describe the majority of documents in the log in conclusory
fashion as "pre-decisional," which the Magistrate Judge held is not sufficient to support
the asserted privilege (e.g. E00007004, E00007007, E00001407, E00006894, E00006897,
E00007429).  Defendants do not identify for what decisions these documents are "pre-
decisional."  Moreover, many of these documents do not actually appear to be "pre-
decisional" but instead appear to relate to implementation of policies already decided
(e.g. E00006849).

Second, defendants continue to assert the deliberative process privilege for documents
directly pertaining to defendants' defenses in this case, despite the Magistrate Judge's
holding that "it is evident from the record before this court that the manner in which
these proceedings are being defended involves presentation of material which will
constitute a waiver of the deliberative process privilege."  More than half of the
documents for which defendants assert the deliberative process privilege appear related to
defendants' defenses based solely on a facial review of defendants' descriptions in the
"summary" field (e.g. E00007966, E00008096, E00000160, E00000908, E00000909, E00000579,
E0000628, E00000964).  Many of the remaining entries do not contain sufficient information
in the "summary" field for plaintiffs to evaluate whether the deliberative process
privilege may fairly be asserted or whether it may be overcome in this case (e.g.
E00006956, E00006953, E00007004).

Third, defendants continue to assert the deliberative process privilege for a large number
documents which are listed as "attachments" to privileged documents, but are not
independently identified as covered by the privilege (e.g. E00021246, E00021239,
E00021238, E00021235, E00021195, E00021143).

Finally, defendants continue to fail to adequately assert the privilege for some of the
documents because because no author or recipient is identified or because the recipient
field lists recipients outside defendant agencies (e.g. E00000993, E00004168), which
constitutes a waiver of the privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs do not dispute the assertion of the attorney-client and attorney work product
privileges for the majority of documents that defendants have identified in the logs as
attorney-client privileged.  However, plaintiffs do dispute the withholding of documents
based on the attorney-client and/or attorney work product privileges in the following four
categories:

1) The document was not authored by an attorney, the attorney appears to be one of the
people cc'ed on a group distribution, and the information in the summary field does not
establish that the communication intended to seek legal advice (e.g. E00030167, E00030168,
E00030169, E00030171, E00020760, E00020818, E00020819);

2) The document is described as an "attachment" to a privileged document, but no
independent claim of privilege was asserted (e.g., E00021025, E00021027, E00021033,
E00029630, E00029632);

3) No attorney is listed as a recipient or author (e.g., E00031451, E00031453, E00013223,

E00013880, E00014065, E00019816);

4) The document was sent to individuals outside the client agencies and so the attorney-client privilege does not apply (e.g. E00009455, E00009516).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Privacy Rights

Plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Redaction of Documents

Plaintiffs object to defendants' unilateral decision to redact parts of documents they have produced.  Defendants did not seek permission from the Court to engage in this redaction, and, in fact, the Court rendered this unnecessary when it ordered defendants to produce all documents for which they claim protections based on "official information" and "privacy" pursuant to a protective order.  Moreover, some of the redacted content does not appear to be subject to attorney-client/attorney work product privilege, official information privilege, or privacy concerns.

We look forward to your timely response.  Please contact me with any questions or concerns.

Sincerely,


Lori Rifkin

Associate

ROSEN, BIEN & GALVAN, LLP

315 Montgomery Street, Tenth Floor

San Francisco, CA  94104

415-433-6830 (tel)

415-433-7104 (fax)

lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

*******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
*******************************

*******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
*******************************

*******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
*******************************

*******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
*****************************

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Sara Norman [snorman@prisonlaw.com] |
| **Sent:** | Monday, February 25, 2008 11:42 AM |
| **To:** | 'Paul B. Mello' |
| **Cc:** | 'Rochelle East'; 'Lisa Tillman'; 'Misha Igra'; 'Charles Antonen'; 'Renju P. Jacob'; 'Jerrold C. Schaefer'; Coleman Team - RBG Only; Donald Specter; Lori E. Rifkin |
| **Subject:** | improperly withheld attorney-client documents |

Paul –


I have a few additions to the lists I sent you 12 hours ago, of improperly withheld
attorney-client documents for which (a) no attorney is listed or (b) outsiders to the
attorney-client relationship are included.  Here are what I believe to be the complete
lists.


Again, please inform us whether you agree that they were improperly withheld and, if so,
provide them immediately on making that determination.


--Sara


No attorney as author or recipient

E00000613

E00001100

E00003041

E00003179

E00003509

E00007081

E00011365

E00013223

E00014065

E00019816

E00020731

E00022698

E00022699

E00028654

E00033473

E00044198

```
E00045366

E00045435

E00045923

E00046768

E00082958

E00084503

E00084734

E00095838

E00099404
```

No privilege: outsiders included as authors or recipients

```
E00001660

E00001661

E00001662

E00009455

E00009516

E00012812

E00012813

E00012814

E00012965

E00012966

E00012967

E00012968

E00017410

E00020277

E00020512

E00045134

E00045546

E00045809

E00045913

E00045916

E00045948

E00046957
```

E00046958

E00046959

E00046960

E00046962

E00046963

E00046964

E00046966

E00046967

E00046968

E00046983

E00046988

E00046989

E00082860

E00083812

E00099414

E00099415

E00099569

E00099573

E00099577

E00099578

******************************
This communication, including any attachments, is confidential and may be protected by
privilege.  If you are not the intended recipient, any use, dissemination, distribution,
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender by telephone or email, and
permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or
attached.
******************************

**Kathleen Johnson-Silk**

| | |
|---|---|
| **From:** | Lori E. Rifkin |
| **Sent:** | Monday, February 25, 2008 1:11 PM |
| **To:** | Paul B. Mello |
| **Cc:** | Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C. Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter |
| **Subject:** | RE: Coleman/Plata; meet and confer re privilege disputes |

Dear Paul,

Plaintiffs have made our position regarding the various disputes explicitly clear in every email we have sent to defendants to meet and confer. We provided examples of these disputes to which defendants have still failed to respond. Defendants have refused to meet and confer either telephonically or in person. The Court did not order plaintiffs to submit a brief on these issues prior to a reply brief by defendants, but instead ordered a Joint Statement. We have sent drafts of each section of this statement as soon as practicable to defendants. Defendants have delayed providing us with information at every turn, and in fact, plaintiffs wasted hours of review of the February 4 logs because defendants inexplicably revised these logs in their February 15 logs. Defendants' argument that they have not had enough time to respond to the issues raised in this dispute is not credible.

We do not understand what the subject of a conference call with Magistrate Moulds would be, nor do we think a conference call with the Court is necessary. Defendants may make any arguments they see fit in their portion of the Joint Statement.

Should defendants decide to contact the Court, plaintiffs are available to speak with Ms. Gracey or Magistrate Judge Moulds.

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Monday, February 25, 2008 12:53 PM
To: Lori E. Rifkin
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C. Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Lori,

Do plaintiffs contend defendants' receipt of a new list or plaintiffs' portions of the
allegedly joint statement at 12:33 p.m. today provides defendants with an adequate amount
of time to defend against plaintiffs' claims?  Defendants do not.  Thus, defendants will
be calling Ms. Gracey shortly to attempt to arrange a conference call with Magistrate
Moulds this afternoon.  Defendants assume that plaintiffs' counsel would like to be on
this call.  Please let me know if that is not the case.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Monday, February 25, 2008 12:31 PM
To: Paul B. Mello
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C.
Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Pursuant to defendants' request, attached is an unfinished working draft of plaintiffs'
statement regarding the discovery dispute.  Please note that we are currently still
evaluating whether an additional dispute remains concerning those documents that
defendants redacted and for which plaintiffs sent a list to defendants last week.  Because
defendants refused to provide the cross-reference bates numbers until Sunday afternoon, we
are only now able to review those documents.  Please note also that in an email sent by
Amy Whelan to defendants this morning, plaintiffs requested an explanation for why 5,123
of the 11,000 documents defendants re-reviewed appear to be unaccounted for either in the
logs or in production to plaintiffs.  If we are not able to resolve this issue today, we
will include it in the joint statement.

Also attached is the list of attorney-client documents we are disputing (this is separate
from the lists sent via email by Sara Norman, as we hope to be able to resolve those
disputes without Court intervention).

We are not able at this point to send you more specific lists of the documents in dispute
for which defendants have asserted deliberative process privilege as we are still
compiling those lists.

Defendants have not yet sent plaintiffs a draft of any of their sections of the joint
statement.  Plaintiffs sent a draft of our first sections on Sunday night as soon as a
draft was ready.  Defendants have also failed to respond to plaintiffs offer to coordinate
the incorporation of all sections into the final document.  Please confirm either that
defendants will send their sections for the final joint statement to plaintiffs by 4 pm
today, or that defendants decline to participate in the Joint Statement and are planning
to file their own statement with the Court.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Monday, February 25, 2008 11:25 AM
To: Lori E. Rifkin
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C.
Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Thank you for your email.  While defendants disagree with plaintiffs' position and
litigation tactic, plaintiffs have answered defendants' questions.

Paul Mello


_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Monday, February 25, 2008 11:15 AM
To: Paul B. Mello
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C.
Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

We are still drafting the remaining portions of the statement.  We will provide them to
you as soon as we finish a working draft.  Please note that this email exchange delays the
completion of that draft.   At this time, plaintiffs have not received a draft of any
section of the statement from defendants.  When will defendants provide us with a draft of
their portions of the statement?  Again, this is a joint statement, not a motion and
reply.

With respect to the documents for which defendants assert deliberative process privilege,
plaintiffs are challenging defendants' assertion of this privilege for the following
categories of documents:  those for which defendants have not adequately established that
the privilege applies because they have made only conclusory statements that these
documents are "pre-decisional" or "attachments" to privileged documents; and those
documents which relate to the defenses raised by defendants in this case.  These are the
same categories of documents which plaintiffs have informed defendants are in dispute in
every meet and confer email we have exchanged.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor

3

San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Monday, February 25, 2008 10:54 AM
To: Lori E. Rifkin
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C.
Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Just so it is clear:

(1) Plaintiffs will not be providing defendants with any portions of the joint statement
(other than section 1 and 2 -- essentially the introduction and statement of facts) until
4 pm; and

(2) Plaintiffs have not and will not provide a complete list of documents identified by
defendants as protected by the deliberative process privilege that plaintiffs seek
protection of by way of this motion to compel.

Please let me us know if defendants are mistaken.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Monday, February 25, 2008 9:54 AM
To: Paul B. Mello
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C.
Schaefer; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Paul,

Thank you for your response.  Plaintiffs can take responsibility for combining
defendants' and plaintiffs' statements into a single document.  We request that defendants
provide their statement to us by 4 pm today in order to have time to format the document.
We can also email defendants a copy of our statement at that time.  Please let me know if
this works for you.

4

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

---

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Monday, February 25, 2008 8:40 AM
To: Lori E. Rifkin
Cc: Rochelle East; Lisa Tillman; Misha Igra; Charles Antonen; Renju P. Jacob; Jerrold C.
Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Defendants anticipate providing their own Sections I and II to the statement.

Paul

---

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Monday, February 25, 2008 8:39 AM
To: Paul B. Mello
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

I sent defendants our draft of the first two sections of the Joint Statement (Section I
regarding the nature of the case and discovery disputes and Section II regarding details
of the meet and confer).  Plaintiffs are still drafting our sections as to plaintiffs'
positions on each specific dispute.  As requested, we sent the joint sections to
defendants as soon as possible.  Please let us know whether defendants will be suggesting
revisions to these sections of the statement or drafting their own.

If you have any further questions or would like to discuss a schedule for finalizing and
filing this document, please feel free to call me at any time.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.

---

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Monday, February 25, 2008 7:20 AM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori and others,

Please let defendants know as soon as possible, and no later than 9:00 a.m., if this is a
complete draft of plaintiffs' sections of the joint statement?

Thanks.

Paul Mello

---

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Sunday, February 24, 2008 10:58 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Attached please find plaintiffs' draft of the joint portion of the statement.  Please let
us know whether you will be providing edits to these sections or whether defendnats will
be drafting their own statements of the nature of the case and the details of the meet and
confer.  Please feel free to contact me with any questions.

Sincerely,

Lori Rifkin
Associate

Rosen, Bien & Galvan, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com <mailto:lrifkin@rbg-law.com>

We have moved and changed our name.  Please note our new address and email.
<mailto:lrifkin@rbg-law.com>
CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Sunday, February 24, 2008 2:41 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

I am told that the attached documents, that were previously sent to plaintiffs, provide
((and their vendor) what you are requesting.  Please let me know if that is not the case.

Can you also let me know when defendants will receive the list plaintiffs previously
promised, the other lists that defendants have requested, and plaintiffs portion of the
joint statement.

Thanks.

Paul Mello


_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Saturday, February 23, 2008 3:23 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Defendants have again refused to provide the cross-referenced E numbers for the redacted
documents we identified to you by bates number so that we can identify those documents on
your privilege logs.  However, we note that defendants did provide exactly such a list
within an hour and a half of plaintiffs' request yesterday when plaintiffs were responding
in good faith to defendants' request to remove documents from our server that defendants

inadvertently disclosed. (See attached email from Lisa Tillman to Amy Whelan). In that
case, defendants' response to plaintiffs' request was prompt and helpful, and illustrated
that defendants have the capacity to easily provide such a list to plaintiffs when they
decide to do so.

Plaintiffs again renew our request that defendants provide this list to plaintiffs for the
list of redacted electronic documents identified by plaintiffs, attached again to this
email for your convenience.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited. If you think that you have received this
e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this
communication is not intended by the sender to be used, and it cannot be used, for the
purpose of avoiding penalties under United States federal tax laws.


_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Saturday, February 23, 2008 10:14 AM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman;
Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs;
Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

First, Defendants respectfully disagree with plaintiffs' position regarding the joint
statement and requested lists.  Plaintiffs refusal to either provide defendants with their
proposed sections of the joint statement, which presumably will list those documents that
they contend should be produced, or to provide defendants with those lists, ignores
defendants' good faith efforts on the revised logs, in meet and confer, and it unduly
prejudices defendants' ability to respond to plaintiffs' motion.  Specifically,
plaintiffs' refusal flies in the face of defendants' good faith efforts to meet and confer
with plaintiffs in this matter -- as you know defendants have in good faith addressed
almost all documents listed in the various meet and confer letters received from
plaintiffs.  This refusal also prejudices defendants because they cannot adequately defend
against plaintiffs' contentions without knowing which documents are in dispute.  Moreover,
plaintiffs' generic descriptions of their contentions does not mitigate this prejudice or
excuse their failure to meet and confer in good faith.  As such, defendants respectfully
request that plaintiffs (1) provide defendants with the requested lists today, and (2)
provide their portion of the joint statement today or tomorrow morning.  Plaintiffs have
no legitimate or just reason for refusing to comply with either of defendants requests.

Second, defendants will provide plaintiffs with the documents they agreed to produce (with and without redactions) as soon as practicable.

Third, regarding the redacted documents on the electronic log, defendants have repeatedly explained to plaintiffs how to assess the applicability of the privilege or protection by providing plaintiffs with a text file that references both the privilege log number and the priv_begdoc number.

Defendants look forward to receiving the requested documents today or tomorrow at the latest.

Sincerely,

Paul Mello

---

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 6:43 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Dear Paul,

Magistrate Judge Moulds ordered the parties to file "a joint statement concerning disputes arising from the privilege logs." 1/29/08 Order at 3:14-15. He did not require plaintiffs to disclose our position first, and for defendants to respond, although that was in his power if he had intended to do so. Plaintiffs have already outlined the issues in dispute in multiple meet and confer emails to defendants, as defendants requested. We can take responsibility for incorporating both parties' statements into the single document to file on Monday, and will expect to receive your portion of the statement by 2 pm on Monday. If you would like us to send a copy of our section to you at that time as well, we will do so.

Regarding your demand for specific lists of documents in the deliberative process privilege category that plaintiffs intend to challenge, plaintiffs will be challenging defendants' assertion of this privilege for categories of documents on the grounds plaintiffs have already outlined. First, defendants have not sufficiently established the deliberative process privilege because they have asserted that documents are "pre-decisional" in a conclusory manner. Second, defendants have not sufficiently established the privilege for documents that are described as attachments to privileged documents. Third, the majority of documents defendants have withheld pursuant to assertions of the deliberative process privilege are directly relevant to defendants' defenses in this case and as a result the privilege is overcome.

Regarding your demand for a specific list of documents in the attorney-client/attorney work product category that have the attorney cc'ed on a list of group recipients that plaintiffs intend to challenge, plaintiffs have clearly outlined our position on these documents, provided defendants with examples, and defendants have not responded to the substantive issue. To the extent that plaintiffs have a list of these documents, we will provide it to you by 2 pm on Monday.

Plaintiffs will endeavor to provide you with a list of documents claimed as attorney-client privileged for which we do not believe there is an attorney listed as an author or recipient as soon as possible.

Thank you for your responses concerning the official information and privacy documents. Please let us know when we can expect to receive this production. The meet and confer process has adequately addressed our concerns in these areas.

Regarding the redacted documents on the electronic log, defendants have not provided these

documents to plaintiffs in a manner that allows us to assess the applicability of the privilege or protection, as required by FRCP 26.  The privilege logs do not identify the documents by the same bates numbers on the documents.  Without this information, we will request disclosure of these documents.  A list of these documents was provided with my previous email.

Please let me know if you have any questions or concerns.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


--------------------------------------

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Friday, February 22, 2008 5:36 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs; Kyle Lewis; Jerrold C. Schaefer
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Thank you for your email. Here are defendants' responses:


Deliberative Process Privilege:

Plaintiffs' email provides that: "Plaintiffs disagree with defendants as to what constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also contend that defendants cannot withhold documents regarding defenses defendants have raised in this case based on the deliberative process privilege. Finally, for each document defendants assert to be protected by the deliberative process privilege, defendants must independently establish that this privilege applies. Merely describing a document as an attachment to a privileged document and listing it on a privilege log is not enough to sufficient establish the privilege." Plaintiffs' email further states that "[t]his dispute appears to be at an impasse and should be presented to the Court on Monday."

Defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Without such a list it is impossible for defendants to appropriately respond to plaintiffs' generic contention. Please provide us with a list of documents that plaintiffs contend to fall into this category by noon Saturday February 23, 2008.

As to the approximately 53 documents for which plaintiffs claim that "defendants' assertions of deliberative process privilege fail because the documents were authored by or sent to outside recipients," defendants respond as follows:

E00000987 -- Defendants agree to produce this document.

E00000993 -- Defendant do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Ackerman.

E00001131 -- Defendants agree to produce this document.

E00001259 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001260 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001261 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001262 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001263 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001264 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001265 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001266 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001267 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001269 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft letter from CDCR (Secretary Tilton) to Senator Machado.

E00001270 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is a draft of an "Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility."

E00001271 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is draft legislation about the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001272 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Machado regarding the possible conversion of the Northern California Women's Facility Conversion to a Secure Reentry Program Facility.

E00001657 -- Defendants agree to produce this document.

E00001821 -- Defendants agree to produce this document.

E00001822 -- Defendants agree to produce this document.

E00001823 -- Defendants agree to produce this document.

E00001824 -- Defendants agree to produce this document.

E00003330 -- Defendants agree to produce this document.

E00003338 -- Defendants agree to produce this document.

E00003818 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004168 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00004174 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to draft documents for possible presentation to Senator Ackerman.

E00082964 -- Defendants agree to produce this document.

E00082943 -- Defendants agree to produce this document.

E00027832 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027831 -- Defendants agree to produce this document.

E00027830 -- Defendants agree to produce this document.

E00027829 -- Defendants agree to produce this document.

E00027828 -- Defendants agree to produce this document.

E00027827 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a technical adjust suggest by LAO.

E00027826 -- Defendants agree to produce this document.

E00027825 -- Defendants agree to produce this document.

E00027824 -- Defendants agree to produce this document.

E00027823 -- Defendants agree to produce this document.

E00027822 -- Defendants agree to produce this document.

E00027821 -- Defendants agree to produce this document.

E00022361 -- Defendants agree to produce this document.

E00022080 -- Defendants agree to produce this document.

E00001859 -- Defendants agree to produce this document.

E00001874 -- Defendants do not agree to produce this document as it is protected by the deliberative process privilege. It is an email exchange relating to a draft responses to confirmation questions.

E00022444 -- Defendants agree to produce this document.

E00022314 -- Defendants do not agree to produce this document as it is deliberative discussion relating to Senate Agenda.

E00022313 -- Defendants agree to produce this document.

E00022312 -- Defendants agree to produce this document.

E00022311 -- Defendants agree to produce this document.

E00022202 -- Defendants agree to produce this document.

E00022201 -- Defendants agree to produce this document.

E00022200 -- Defendants agree to produce this document.

E00022199 -- Defendants agree to produce this document.


Attorney-Client Privilege/Attorney Work Product:

First, plaintiffs state that "[t]his dispute appears to be at an impasse and should be presented to the Court on Monday." Again, to meaningfully respond to plaintiffs' contentions, defendants demand that plaintiffs identify which documents fall into this category so that they can defend against plaintiffs' claims. Defendants expect such a list of documents by noon tomorrow.

Plaintiffs also ask defendants to simply agree to produce a group of documents that plaintiffs believe were authored or received by an attorney. Defendants cannot agree to this, but will in good faith evaluate any list of documents provided by plaintiffs. Please provide us with a list of such documents by noon tomorrow.


Official Information:

As to the approximately 42 documents for which plaintiffs claim "appear relevant to these proceedings and do not appear to be architectural drawings and blueprints," defendants respond as follows:

E00007523 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document reflects incidents that raise security concerns at various institutions.

E00095461 - Defendants agree to produce this document.

E00047576 - Defendants agree to produce this document.

E00094546 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00094545 - Defendants do not agree to produce this document as it is protected by the

official information and deliberative process privileges. This document includes security information relevant to Mule Creek State Prison.

E00016313 - Defendants agree to produce this document.

E00094547 - Defendants agree to produce this document.

E00007500 - Defendants agree to produce this document.

E00015675 - Defendants agree to produce this document.

E00047317 - Defendants agree to produce this document.

E00048269 - Defendants agree to produce this document.

E00007364 - Defendants agree to produce this document.

E00087560 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding small management yards at R.J. Donovan State Prison.

E00011192 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

E00011184 - Defendants do not agree to produce this document as it is protected by the official information and deliberative process privileges. This This document reflects incidents that raise security concerns at various institutions.

PROD068277 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural plans and blueprints regarding housing units.

PROD100166 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD100169 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes site plans for housing units at Pleasant Valley State Prison.

PROD047407 - Defendants agree to produce this document.

PROD047430 - Defendants agree to produce this document.

PROD093438 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes information regarding the design criteria for security zones.

PROD066452 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes architectural renderings and design specifications for certain housing units.

PROD047014 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed discussion regarding the methods utilized to transport inmates to out-of-state facilities.

PROD046173 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes a detailed security information regarding an out-of-state facility.

PROD047045 - Defendants agree to produce this document.

PROD047085 - Defendants agree to produce this document.

PROD074519 - Defendants do not agree to produce this document as it is protected by the

official information privilege. This document includes site plans for housing units at the California Medical Facility.

PROD118436 - Cannot locate a document with this document number.

PROD047069 - Defendants agree to produce this document.

PROD079071 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD085615 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD107306 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding housing units at Kern Valley State Prison.

PROD065787 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans regarding North Kern State Prison.

PROD070474 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed architectural plans regarding a guard station at Folsom State Prison.

PROD047518 - Defendants agree to produce this document.

PROD049486 - Defendants agree to produce this document.

PROD063723 - Defendants agree to produce this document.

PROD082549 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD082647 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed site plans for various prisons.

PROD056646 - Defendants do not agree to produce this document as it is protected by the official information privilege. This document includes detailed design specifications regarding treatment and program space for certain Enhanced Outpatient inmates.


Privacy Rights:

As to the approximately 67 documents identified by plaintiff in their meet and confer email, defendants respond as follows:

PROD118599 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118597 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118580 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118441 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

PROD118409 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049087 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00049084 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00048860 -- Defendants will produce this document.

E00048377 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046905 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046736 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046735 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046734 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046733 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046732 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046731 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046730 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046729 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046728 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046727 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046724 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046723 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046722 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046720 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046691 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046688 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00046655 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036746 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036745 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036743 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036715 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036714 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036713 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036695 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036694 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036693 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036692 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036198 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036197 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036192 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036191 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036184 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036177 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036166 -- Defendants will produce a version of this document that redacts private information protected from disclosure.

E00036165 -- Defendants will produce a version of this document that redacts private information protected from disclosure.


Redacted Documents:

First, plaintiffs ask defendants to "identify the bates numbers for the document and the privilege that is the basis for the redaction." Defendants believe that they have already

done this in their privilege logs and remind plaintiffs that they were previously given a text file that references both the privilege log number and the priv_begdoc number.

Second, plaintiffs "request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted." Defendants will not produce the redacted portions of these pages because they contain detailed site plans (that are also protected from disclosure by the official information privilege).

Defendants believe that this meet and confer email adequately addresses each of plaintiffs' concerns. It appears, however, that plaintiffs still intend to bring a motion to compel regarding some small percentage of the entries on defendants' final revised privilege logs. As such, and as set forth above, defendants demand that plaintiffs provide lists of the documents at issue by noon tomorrow. In addition, defendants request that plaintiffs provide their portion of the joint statement of the discovery dispute to defendants by 5 pm tomorrow, Saturday February 23, 2008. This is necessary so that defendants have an adequate amount of time to respond to plaintiffs' contentions and so that they can provide their portions of the revised statement back to plaintiffs by 2:00 pm February 25, 2008, the date that the joint statement must be filed with the court.

Defendants appreciate plaintiffs' timely response to this email.

Sincerely,

Paul Mello

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Friday, February 22, 2008 10:25 AM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter; Maya Weltman-Fahs
Subject: RE: Coleman/Plata; meet and confer re privilege disputes

Dear All:

This email responds to defendants' last email regarding privilege disputes.

Deliberative Process Privilege
Plaintiffs disagree with defendants as to what constitutes a conclusory claim that a document is "pre-decisional." Plaintiffs also contend that defendants cannot withhold documents regarding defenses defendants have raised in this case based on the deliberative process privilege. Finally, for each document defendants assert to be protected by the deliberative process privilege, defendants must independently establish that this privilege applies. Merely describing a document as an attachment to a privileged document and listing it on a privilege log is not enough to sufficient establish the privilege.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Additionally, plaintiffs have identified a larger list of documents for which defendants' assertions of deliberative process privilege fail because the documents were authored by or sent to outside recipients. This list is attached. Plaintiffs request that defendants produce these documents so that we can resolve this dispute through the meet and confer process.

Attorney-Client Privilege/Attorney Work Product
Defendants misstated plaintiffs' position regarding this privilege in their email. Plaintiffs did not assert that all documents must be authored by an attorney in order to qualify for this privilege. Plaintiffs did dispute the withholding of documents based on the attorney-client privilege that were not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary

field does not establish that the communication intended to seek legal advice.

This dispute appears to be at an impasse and should be presented to the Court on Monday.

Plaintiffs also believe there are a number of additional entries without an attorney listed as author or recipient.  We hope to resolve this dispute through the meet and confer process.  If plaintiffs provide a list of these documents, are defendants willing to produce them upon defendants' confirmation that no attorney is listed?  If so, plaintiffs will work to provide this list to defendants as soon as possible.

Official Information
Defendants offered to further meet and confer concerning the official information privilege.  Attached to this email are two lists of documents totaling 42 documents for which defendants asserted the official information privilege but did not produce any versions of the documents.  These documents appear relevant to these proceedings and do not appear to be architectural drawings or blueprints.  Moreover, based on their inclusion in defendants' privilege log, these documents are presumptively relevant and responsive to plaintiffs' documents requests because defendants have identified them as such.

Plaintiffs request that defendants produce these documents.

Privacy Rights
Defendants produced a substantial number of documents for which they assert privacy rights in redacted format in order to protect information such as private cell phone numbers and private email addresses.  Attached are two lists totaling 67 documents for which defendants asserted privacy rights but did not produce the documents in a redacted form.  Again, defendants themselves have identified these documents as relevant and responsive to plaintiffs' document requests.

Plaintiffs request that defendants produce these documents or explain why production of the documents in redacted format compromises privacy rights.

Redacted Documents
Defendants offered to further meet and confer concerning redacted documents.  Plaintiffs have reviewed the documents defendants redacted and produced.  However, in defendants' electronic privilege logs, they identify documents only by a "DOCID" number in the form of E000000.  The documents themselves, on the other hand, have only bates numbers in the form "E_PRIV_000000."  As a result, plaintiffs cannot match up the redacted document and the corresponding entry on the privilege log in order to ascertain on what basis defendants have redacted information.  Attached is a list of redacted electronic documents which plaintiffs request defendants produce in an unredacted form or, alternatively, identify the bates numbers for the document and the privilege that is the basis for the redaction.  Additionally, plaintiffs request that defendants provide the document Priv040954-Priv040966 in unredacted form or specifically explain why the last two pages of the document have been redacted.

Sincerely,


Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

_____

From: Paul B. Mello [mailto:Pmello@hansonbridgett.com]
Sent: Wednesday, February 20, 2008 5:04 PM
To: Lori E. Rifkin
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: RE: Coleman/Plata; meet and confer re privilege disputes


Lori,

Thank you for your email.  Defendants address each of plaintiffs' assertions and concerns in the same order as set forth your email.

First, based upon plaintiffs' meet and confer letter, and this response, defendants continue believe that it is not necessary to have an in person meet and confer session. Again, while an in person meet and confer session may be appropriate in the future, it seems premature in that plaintiffs' have just -- at almost 5 pm on February 19th -- provided defendants with a general outline of their concerns with the revised privilege logs, and defendants are now just providing their response to plaintiffs' generic concerns.

Second, earlier this morning, defendants provided a response to your email regarding their February 15, 2008 privilege logs.  As set forth in that email, defendants disagree with plaintiffs' interpretation of Magistrate Moulds's January 29, 2008 Order. The Order provides that "[o]n or before February 4, 2008, defendants shall file and serve their corrected January 28, 2008 privilege logs." The Order further provided that "[o]n or before February 15, 2008, defendants shall file and serve final privilege logs . . ." Defendants complied with this Order and provided their final revised privilege logs on February 15, 2008.  As previously explained, the February 15, 2008 logs contained revised entries and additional entries from the February 4, 2008 logs.  As also explained, defendants' February 15, 2008 production included some documents that were previously identified on the February 4, 2008 logs and that were previously withheld from production.

General Objection as to Sufficiency of Log Entries

Plaintiffs' meet and confer letter states that "[t]here continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges."  Plaintiffs also assert that "[i]n the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields [and in] the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields."

Plaintiffs' meet and confer letter, however, fails to acknowledge that except on rare occasions, the entries on the privilege logs where either the author, recipient, or date field is missing only arose in instances where defendants claimed that the documents at issue were protected by the official information or privacy privileges.  Here, defendants have made a good faith, if not extraordinary, attempt to provide an adequate privilege log, and provided descriptors of the content and persons associated with the documents where possible.  However, Defendants must note that official information privilege and right to privacy can be asserted by a holder of the privilege without any identification of the creator or recipient of the document.  Here, defendants are the holders of those privileges and must assert the privileges, regardless of whether the document emanated from a staff or executive level person, so long as the document was not disclosed to the public.  The declarations supporting the assertion of privilege have established the document was internally produced and disseminated.  Moreover, while the assertion of the

20

attorney client communication may require a statement of the creator and recipient of the document, no such statement is necessary for these privileges.  As such, it is clear that plaintiffs general objections, when viewed in context, do not constitute valid criticisms of the revised privilege logs.


Deliberative Process Privilege

Plaintiffs' continue to assert that the defendants' claim of the deliberative process privilege is improper.  First, plaintiffs appear to argue that defendants have not adequately described the documents or only described them in a conclusory fashion.  However, the "examples" of this purported deficiency contradicts plaintiffs' position.  For example, for document E00007004 the description is "pre-decisional Week Ahead Report on AB 900 accomplishments."  This is hardly conclusory.  Similarly, document E00001407 is described as a "pre-decisional report titled Briefing Document -Population Pressures."  The privilege log shows it is a document briefing decision makers regarding population.  Additionally, document E00006897 is described as a "pre-decisional Assessment of the Capacity of the Office of Facilities Management of the California Department of Corrections & Rehabilitation to Meet the Requirements of AB 900."  That is about as descriptive as we can get.  Furthermore, document E00007429 is describes as a "pre-decisional Significant Issue Report on AB 900 funding."  This is a straightforward description of a document that was sent from Mr. Tilton to Mr. Dunmoyer.  Plaintiffs also seem to be arguing certain documents are not subject to the deliberative process privilege because, in plaintiffs' mind, they are not "pre-decision."  An example of this view is plaintiffs reference to document E00006849.  That document is described as an email discussing and attaching an implementation strategy.  Plaintiffs' assertion that this communication is not pre-decision is simply wrong.  Just because there is deliberation about a policy that is already in place, i.e. AB 900, it can still be pre-decisional.  The decision makers are deliberating about how to implement the policy.  The execution or implementation of a law is a core policy decision that the executive branch and departments make.  It is these types of decision-making, and give and take process, that necessitate the deliberative process privilege.

Plaintiffs also assert that "defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case."  This misses the point.  Defendants' primary defense in these matters is that plaintiffs cannot met the statutory requirements of the PLRA -- for example, plaintiffs cannot prove by clear and convincing evidence that crowding is the primary cause of the unconstitutional delivery of medical and mental health care to inmates housed in adult institutions run by the CDCR.  Notwithstanding this fact, defendants can clearly assert the deliberative process privilege for pre-decisional or draft documents or communications relating to potential defenses in the case, like AB 900.  Defendants cannot and will not, however, rely on any documents withheld production on the basis of privilege when defending this case.

Plaintiffs also argue that defendants cannot assert the deliberative process privilege for documents which are listed as "attachments" to privileged documents.  Again, plaintiffs own examples belie plaintiffs' position.  Each of the documents referenced by plaintiffs -- E00021246, E00021239, E00021238, E00021235, E00021195, and E00021143 (which is also an attorney-client communication between Ms. Arnold and Ms. Tillman) are draft documents that were used and considered by decision makers in deliberation.  Such drafts are clearly protected under the deliberative process privilege.

Attorney-Client Privilege/Attorney Work Product

Plaintiffs concede, as they must, that defendants have properly asserted the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs.  Plaintiffs, however, claim that four categories of documents are not protected by the attorney-client privilege.  First, plaintiffs claim that certain communications should not be protected because "the document was not authored by an attorney . . . and the information in the summary field does not establish that the communication intended to seek legal advice."  Second, plaintiffs' assert that a few documents should be produced because the document described is merely an "attachment" to a privileged document.  Clearly an attorney need not draft a communication for the communication to be covered by the privilege.  Moreover, draft documents attached to privileged emails are covered by the privilege as well as they are part of the same attorney-client communication.

21

Plaintiffs also assert that on a handful of communications that there is no attorney on the email. Plaintiffs are, largely, mistaken. Documents E00031451 and E00031453 were authored or received by Cynthia Rodriguez, an attorney, as was document document E00013880 (by Ms. Tillman).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information because Magistrate Moulds's December 7, 2007 Order provided for a protective order governing the production of these documents. Defendants, however, have appealed that order. Moreover, defendants cannot understand how plaintiffs believe that architectural drawings, security features, and other items that Mr. Spector and Ms. Ells previously acknowledged were not relevant to or needed by plaintiffs in this litigation are now somehow relevant or necessary. Moreover, if plaintiffs would like to identify documents that are relevant and necessary to their contentions in this proceeding, defendants will continue to meet and confer with plaintiffs on this subject.

Privacy Rights

Again, plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents. Again, defendants have appealed that order. Moreover, can plaintiffs explain how someone's private cell number, as an example, is relevant or necessary to plaintiffs prosecution of their case.

Redaction of Documents

Interestingly, plaintiffs also "object to defendants' unilateral decision to redact parts of documents they have produced." Parties regularly redact information from otherwise non-privileged documents. Moreover, redaction does not require permission from the Court, and, in each instance, the redactions are based on privilege and supported in the log. However, if plaintiffs would like to meet and confer about specific redacted documents, defendants remain ready and willing to do so.

In conclusion, it appears, at first glance that plaintiffs have identified a few documents (out of over 16,000) that were inadvertently or mistakenly withheld as privileged -- E00000993, E00004168, E00009455 and E00009516. If those documents were inadvertently or mistakenly privileged they will be produced to plaintiffs shortly. On the other hand, it also appears that the vast majority of plaintiffs' generic concerns about the privilege logs are without merit. As such, defendants are hopeful that plaintiffs will in good faith reconsider their position on the final revised privilege logs.

Sincerely,

Paul Mello
Partner
Hanson Bridgett
425 Market Street, 26th Floor
San Francisco, CA 94105
Email: pmello@hansonbridgett.com
Direct Dial: 415-995-5883
Facsimile: 415-995-3424

_____

From: Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
Sent: Tuesday, February 19, 2008 4:36 PM
To: Paul B. Mello
Cc: Rochelle East; Charles Antonen; Renju P. Jacob; Lisa Tillman; Misha Igra; Sara Norman; Anne Johnson; Coleman Team - RBG Only; Sara Norman; Donald Specter
Subject: Coleman/Plata; meet and confer re privilege disputes

Dear Paul,

Defendants have now produced a privilege log to plaintiffs that references 16,792 documents withheld on the basis of various assertions of privilege. Although these logs are substantially improved in some aspects from the logs that were the subject of plaintiffs' prior motion to compel, plaintiffs continue to object to defendants' assertions of privilege for many of these documents. Per your request, these objections are outlined here. Plaintiffs continue to request that defendants meet and confer in person regarding these issues and renew our suggestion that this meeting take place on the afternoon of February 21, 2008 in San Francisco.

Plaintiffs also note that we have received no response thus far to my email regarding the relationship of defendants' February 4, 2008 and February 15, 2008 privilege logs. In contrast to the Court's order, defendants appear to have revised the logs produced on February 4, 2008 in the February 15, 2008 logs, rather than producing a supplemental log on February 15 to correspond to the February 15 production of documents. Plaintiffs reviewed defendants' February 4 logs in reliance on defendants' compliance with the Court's Order that they be final logs and this email is based largely on that review.

General Objection as to Sufficiency of Log Entries

There continue to be a large number of entries in the logs for which defendants fail to provide sufficient information to establish the elements of various privileges. In the paper logs, almost half of the documents are missing at least one of the "author," "date," and/or "recipient" fields. In the electronic logs, approximately thirty percent of the documents are missing the "author," "recipient," and/or "date" fields.

Deliberative Process Privilege

Defendants' assertions of the deliberative process privilege do not appear to account for several findings by Magistrate Judge Moulds in his December 7, 2007 order, and plaintiffs object to the majority of defendants' continued assertions of this privilege.

First, defendants continue to describe the majority of documents in the log in conclusory fashion as "pre-decisional," which the Magistrate Judge held is not sufficient to support the asserted privilege (e.g. E00007004, E00007007, E00001407, E00006894, E00006897, E00007429). Defendants do not identify for what decisions these documents are "pre-decisional." Moreover, many of these documents do not actually appear to be "pre-decisional" but instead appear to relate to implementation of policies already decided (e.g. E00006849).

Second, defendants continue to assert the deliberative process privilege for documents directly pertaining to defendants' defenses in this case, despite the Magistrate Judge's holding that "it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of the deliberative process privilege." More than half of the documents for which defendants assert the deliberative process privilege appear related to defendants' defenses based solely on a facial review of defendants' descriptions in the "summary" field (e.g. E00007966, E00008096, E00000160, E00000908, E00000909, E00000579, E0000628, E00000964). Many of the remaining entries do not contain sufficient information in the "summary" field for plaintiffs to evaluate whether the deliberative process privilege may fairly be asserted or whether it may be overcome in this case (e.g. E00006956, E00006953, E00007004).

Third, defendants continue to assert the deliberative process privilege for a large number documents which are listed as "attachments" to privileged documents, but are not independently identified as covered by the privilege (e.g. E00021246, E00021239, E00021238, E00021235, E00021195, E00021143).

Finally, defendants continue to fail to adequately assert the privilege for some of the documents because because no author or recipient is identified or because the recipient field lists recipients outside defendant agencies (e.g. E00000993, E00004168), which constitutes a waiver of the privilege.

Attorney-Client Privilege/Attorney Work Product

23

Plaintiffs do not dispute the assertion of the attorney-client and attorney work product privileges for the majority of documents that defendants have identified in the logs as attorney-client privileged.  However, plaintiffs do dispute the withholding of documents based on the attorney-client and/or attorney work product privileges in the following four categories:

1) The document was not authored by an attorney, the attorney appears to be one of the people cc'ed on a group distribution, and the information in the summary field does not establish that the communication intended to seek legal advice (e.g. E00030167, E00030168, E00030169, E00030171, E00020760, E00020818, E00020819);

2) The document is described as an "attachment" to a privileged document, but no independent claim of privilege was asserted (e.g., E00021025, E00021027, E00021033, E00029630, E00029632);

3) No attorney is listed as a recipient or author (e.g., E00031451, E00031453, E00013223, E00013880, E00014065, E00019816);

4)  The document was sent to individuals outside the client agencies and so the attorney-client privilege does not apply (e.g. E00009455, E00009516).

Official Information

Plaintiffs object to defendants' withholding of any documents based on official information as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Privacy Rights

Plaintiffs object to defendants' withholding of any documents based on privacy rights as the December 7, 2007 Order provided for a protective order governing the production of these documents.

Redaction of Documents

Plaintiffs object to defendants' unilateral decision to redact parts of documents they have produced.  Defendants did not seek permission from the Court to engage in this redaction, and, in fact, the Court rendered this unnecessary when it ordered defendants to produce all documents for which they claim protections based on "official information" and "privacy" pursuant to a protective order.  Moreover, some of the redacted content does not appear to be subject to attorney-client/attorney work product privilege, official information privilege, or privacy concerns.

We look forward to your timely response.  Please contact me with any questions or concerns.

Sincerely,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

*****************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*****************************


*****************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*****************************


*****************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
*****************************


*****************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

******************************
This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
******************************

********************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.


To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
********************************


********************************
This communication, including any attachments, is confidential and may be protected by privilege.  If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.
********************************