IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                    No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.             ORDER

        On November 13, 2007, the parties in the above-captioned case, together with parties in Plata v. Schwarzenegger, No. C01-1351 TEH (N.D. Cal.), Perez v. Tilton, No. C05-05241 JSW (N.D.Cal.), and Armstrong v. Schwarzenegger, No. C94-2307 (CW) (N.D.Cal.) were granted until November 26, 2007 to show cause why an agreement reached by the Plata Receiver, the Coleman Special Master, and the court representatives in Perez and Armstrong should not be adopted as an order of the court. On November 26, 2007, all parties filed responses to the order to show cause. By order filed November 30, 2007, the receiver in Plata was granted fifteen days to file and serve a response to the parties' responses. On December 17, 2007, the receiver filed a response. The courts have concurrently issued a joint order approving the agreement. This order is issued to address one area of concern specific to the Coleman class.

/////

In their response to the order to show cause, the <u>Coleman</u> plaintiffs raise serious concerns about whether efforts to coordinate medical and mental health construction projects will result in delays in compliance with existing orders of this court concerning medium and long-range mental health construction projects and bed plans. In particular, plaintiffs direct the court's attention to the 50-bed mental health crisis bed unit at California Men's Colony. By order filed March 27, 2007 order, defendants were directed to "complete and occupy" that unit "as soon as possible." Order filed March 27, 2007, at 2.

In an order filed October 18, 2007, this court recognized the uncertainties that attend the ongoing efforts to coordinate defendants' long-range planning efforts in this case with the construction plans moving forward in the <u>Plata</u> case and directed defendants to assume, for planning purposes, that they would be proceeding with construction separately from the construction going forward in <u>Plata</u>. <u>See</u> Order filed October 18, 2007, at 4. The answer to plaintiffs' concerns about any possible uncertainty concerning the 50-bed mental health crisis bed unit at California Men's Colony is similar. Approval of the construction agreement does not relieve defendants of their obligation to comply with this court's March 27, 2007 order regarding that unit. Defendants in this case remain bound by that order unless and until it is modified by this court for good cause shown. This court recognizes the complexities of the task at hand, but cautions that defendants must not lose sight of the immediate needs of members of the plaintiff class even as they work to plan long-range solutions to the problems that continue to plague the delivery of constitutionally adequate mental health care to all class members.

IT IS SO ORDERED.

DATED: February 26, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2