PRISON LAW OFFICE
DONALD SPECTER Bar No. 83925
STEVEN FAMA Bar No. 99641
E. IVAN TRUJILLO Bar No. 228790
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No. 096891
JANE E. KAHN Bar No. 112239
AMY WHELAN Bar No. 215675
LORI RIFKIN Bar No. 244081
SARAH M. LAUBACH Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY --
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No. 158255
LEWIS BOSSING Bar No. 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>     Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD QUARTER OF 2007**<br><br>Date:  April 10, 2008<br>Time:  11:00 a.m.<br>Place:  Courtroom 26<br>Judge:  Honorable John F. Moulds |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................... 1

INTRODUCTION .................................................................................................... 1

STANDARD FOR RECOVERY OF ATTORNEYS' FEES AND COSTS................................ 4

ARGUMENT .......................................................................................................... 4

    I.    The Issue of Entitlement to Fees and Costs for Work Litigating Overcrowding Issues Has Already Been Litigated and Determined in Favor of the Plaintiff Class ............................................................ 4

    II.   Work Litigating Overcrowding Issues Before the Three-Judge Panel Is Reasonable and Necessary to Protect the Interests of the *Coleman* Class ............. 6

    III.  Considerations of Finality and Judicial Economy, as Well as the "Law of the Case" Doctrine, Bar Repeated Re-litigation of this Issue................................ 7

CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

<b><u>Page</u></b>

## CASES

*Arizona v. California,*
   460 U.S. 605 (1983) ............................................................................................ 7, 8

*Astoria Federal Savings and Loan Ass'n v. Solimino,*
   501 U.S. 104 (1991) ............................................................................................. 8

*Hasbrouk v. Texaco, Inc.,*
   879 F.2d 632 (9th Cir. 1989) ............................................................................... 4

*Madrid v. Gomez,*
   190 F.3d 990 (9th Cir. 1999) ........................................................................... 2, 4

*Richardson v. United States,*
   841 F.2d 993 (9th Cir. 1988) ............................................................................... 8

*Webb v. Ada County,*
   285 F.3d 829 (9th Cir. 2002), *cert. denied,* 537 U.S. 948 (2002) ......................... 4

## <u>STATUTES</u>

42 U.S.C. § 1997e(d) ................................................................................................ 2, 4

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 10, 2008, at 11:00 a.m. or as soon thereafter as the matter may be heard in the United States District Court, 501 I Street, Sacramento, California, before the Honorable John F. Moulds, United States Magistrate Judge, in Courtroom 26, the plaintiff class will and hereby does move this Court for an order determining plaintiffs' entitlement to disputed attorneys' fees and costs for the third quarter of 2007.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities filed herewith, the supporting Declaration of Amy Whelan filed herewith, the exhibits attached thereto, the pleadings and papers on file in this matter, and such other evidence and arguments as may be presented to the Court at or before the time of the hearing.

# INTRODUCTION

This motion to compel[1] is necessary because defendants refuse to abide by the District Court's Order of October 5, 2007, adopting this Court's Findings and Recommendations of September 11, 2007, that work performed on behalf of the class to address overcrowding before the three-judge court is compensable as directly and reasonably incurred in enforcing the relief ordered in this case. Defendants continue to dispute compensability of precisely the same work, despite the Court's final determination of the issue. Plaintiffs request that the Court grant this motion to compel in light of its prior determination that the work is

---

[1] Plaintiffs file this motion pursuant to Paragraph 5 of the Periodic Fees Order, which permits plaintiffs to bring a quarterly motion to compel payment of fees in the event that "a significant issue is in dispute." After several meet and confer sessions and correspondence, the parties have been unable to resolve the issue of plaintiffs' entitlement to attorneys' fees and costs incurred in the 3rd quarter of 2007 in connection with their work before the three-judge panel regarding overcrowding and a possible prisoner release order.

1    compensable under the periodic fees order in this case. This issue had been litigated and

2    finally determined. No appeal was taken from the District Court's Order.

3        This is a class action lawsuit challenging the adequacy of mental health care throughout

4    the California Department of Corrections and Rehabilitation (CDCR). On September 13,

5    1995, the Honorable Lawrence K. Karlton issued a decision after trial finding for plaintiffs on

6    virtually all of the claims advanced in this case. The decision establishes that plaintiffs are the

7    prevailing party and thereby also establishes plaintiffs' right to seek an award of reasonable

8    compensation for work performed in monitoring and enforcing defendants' compliance with

9    the District Court's September 13, 1995 Order and with all subsequent remedial orders issued

10   by the Court.

11       On March 19, 1996, the Court entered an order for periodic collection of attorneys' fees

12   and costs. *See* March 19, 1996 "Periodic Fees Order," attached as Exhibit A to the Declaration

13   of Amy Whelan in Support of Plaintiffs' Motion to Compel Disputed Attorneys' Fees and

14   Costs from the Third Quarter of 2007 (hereinafter "Whelan Decl."), filed herewith. In his

15   Findings and Recommendations of September 11, 2007, Magistrate Judge Moulds found the

16   standard of review set forth in the Periodic Fees Order required modification pursuant to the

17   December 24, 1998 Stipulation and Order and the Ninth Circuit Court of Appeals decision in

18   *Madrid v. Gomez*, 190 F.3d 990 (9th Cir. 1999). Magistrate Moulds found that the provisions

19   of 42 U.S.C. § 1997e(d) apply, and that under the *Madrid* decision to the same effect,

20           the proper standard of review on this motion is the standard set
21           forth in 42 U.S.C. § 1997e(d)(1)(B)(ii). Under that standard,
        plaintiffs are entitled to fees and costs "directly and reasonably
22           incurred in enforcing the relief ordered for the" constitutional
23           violation found in the district court's September 13, 1995 order.

24   *See* Docket 2397 (9/11/07 Order) at 4.

25       The parties have already litigated plaintiffs' entitlement to fees and costs for work on

26   the overcrowding issues. On July 25, 2007, plaintiffs filed a yearly motion to compel

27   (pursuant to Paragraph 4 of the Periodic Fees Order) seeking a ruling on their entitlement to

28   attorneys' fees and costs in dispute for the third and fourth quarters of 2006. *See* Docket Nos.

2325-2327. Magistrate Judge Moulds found that "the fees and costs incurred by plaintiffs in connection with their motion to convene a three-judge panel were directly and reasonably incurred in enforcing the relief ordered…in the district court's September 13, 1995 order." Docket 2397 at 6. Defendants objected to the Findings and Recommendations on September 28, 2007. Docket 2438. The District Court's Order of October 5, 2007 adopted the Findings and Recommendations on *de novo* review, after consideration of defendants' objections and legal argument. Docket 2451 at 2.

The present motion addresses plaintiffs' entitlement to attorneys' fees and costs for their ongoing work before the three-judge panel during the third quarter of 2007.[2] On July 23, 2007, Judge Karlton granted plaintiffs' motion to convene a three-judge panel to address overcrowding: "After careful review of the record in this action, this court has come, with extreme reluctance but firm conviction, to the conclusion that the overcrowding crisis in the CDCR is preventing the delivery of constitutionally adequate mental health care to the plaintiff class and, therefore, that some form of limitation on the inmate population must be considered." Docket 2320 at 13.

The District Court has already determined that plaintiffs' work to address overcrowding in this case is compensable. Accordingly, plaintiffs' counsel seek an order from this Court confirming their entitlement to reasonable fees and costs for their work before the three-judge panel. During the third quarter of 2007, plaintiffs' counsel incurred approximately $35,000 in attorneys' fees and $750 in costs for continued work prosecuting the overcrowding crisis. Whelan Decl., ¶ 6.[3] Plaintiffs do not in this motion ask for an order directing compensation of

---

[2] Defendants agreed to pay attorneys' fees and costs for plaintiffs' work on the overcrowding matter in quarters one and two of 2007 and therefore no fees or costs remain in dispute from those quarters. Whelan Decl., ¶ 3.

[3] Because this dispute concerns entitlement to fees and costs rather than amounts, plaintiffs do not attach the detailed billing records showing each disputed time entry.

1  these fees, but rather a ruling on entitlement only and direction that the parties meet and confer
2  regarding the amounts.

3  ## STANDARD FOR RECOVERY OF ATTORNEYS' FEES AND COSTS

4  Plaintiffs are the prevailing party in the *Coleman* case and are entitled to recover
5  reasonable attorneys' fees and costs. As set forth in the Findings and Recommendations of
6  September 11, 2007, "the proper standard of review…is the standard set forth in 42 U.S.C. §
7  1997e(d)(1)(B)(ii). Under that standard, plaintiffs are entitled to fees and costs 'directly and
8  reasonably incurred in enforcing the relief ordered for the' constitutional violation found in the
9  district court's September 13, 1995 order." Docket 2397 at 4. This standard comports with
10 current law, including the Ninth Circuit Court of Appeals' decision in *Madrid v. Gomez*, 190
11 F.3d 990 (9th Cir. 1999) (work performed after enactment of PLRA governed by PLRA fees
12 provisions, including 42 U.S.C. 1997e(d), limiting recovery to fees "directly and reasonably
13 incurred in enforcing the relief ordered" for a constitutional violation). All work spent
14 enforcing the rights of the *Coleman* class is compensable if it, "at the time rendered, would
15 have been undertaken by a reasonable and prudent lawyer to advance or protect his client's
16 interest ..." *Hasbrouk v. Texaco, Inc.*, 879 F.2d 632, 638 (9th Cir. 1989).

17 ## ARGUMENT

18 **I.  The Issue of Entitlement to Fees and Costs for Work Litigating Overcrowding
19 Issues Has Already Been Litigated and Determined in Favor of the Plaintiff Class**

20 This Court has considered and rejected defendants' challenges to plaintiffs' entitlement
21 to fees and costs for their efforts to address overcrowding in this case. Defendants previously
22 contested plaintiffs' work on the overcrowding crisis, arguing, among other things, that the
23 overcrowding work was unrelated to the September 13, 1995 order and that "plaintiffs' counsel
24 must prove a constitutional violation every time they seek reasonable attorneys' fees and costs
25 in this matter." Docket  2448 at 1 (citing *Webb v. Ada County*, 285 F.3d 829, 833 (9th Cir.
26 2002), *cert. denied*, 537 U.S. 948 (2002)). With respect to the latter point, the Magistrate
27 Judge found: "Defendants' argument that plaintiffs must separately prove a violation of
28 prisoners' rights in order to collect fees during the compliance phase of this litigation [is]

without merit." Docket 2397 at 4, n. 2. Regarding the former point, the Court settled the issue

that plaintiffs' work litigating overcrowding before the three-judge panel is compensable

because it directly relates to the Court's September 13, 1995 order. Docket 2397 at 5. Indeed,

when this Court granted plaintiffs' underlying motion to convene a three-judge panel in July of

2007, it found that overcrowding is directly responsible for the failure of the Court's orders "to

remedy the constitutionally inadequate delivery of mental health care to CDCR inmates," *id.* at

5," and that "the overcrowding crisis in the CDCR is preventing the delivery of constitutionally

adequate mental health care to the plaintiff class and, therefore, that some form of limitation on

the inmate population must be considered." *Id.* at 5-6. Magistrate Judge Moulds appropriately

referenced these findings when determining defendants' prior challenge to plaintiffs work on

the overcrowding issues:

> Given these findings, it is quite clear that the fees and costs
> incurred by plaintiffs in connection with their motion to convene a
> three-judge panel were directly and reasonably incurred in
> enforcing the relief ordered for the sweeping Eighth Amendment
> violation found in the district court's September 13, 1995 order.

Docket 2397 at 6 (quotation omitted); Docket 2451 at 2 (findings adopted in full after *de novo*

review) (Magistrate Judge's "findings and recommendations [are] supported by the record and

by proper analysis."). Defendants did not appeal this Order.

There is nothing ambiguous about the Court's rulings. The Court found that

overcrowding impedes the delivery of constitutionally adequate mental health care, and that

overcrowding hampers the Court's own efforts to issue Orders remedying the constitutional

violations shown by plaintiffs. Plaintiffs instituted proceedings before the three-judge panel to

address overcrowding. The Court adopted the findings that these efforts were directly and

reasonably incurred in enforcing the relief ordered in September 1995, and that plaintiffs need

not prove a constitutional violation anew each time they seek reasonable attorneys' fees and

1    costs.[4]  In light of this history and the Court's findings, defendants' continued objections to

2    plaintiffs' work on the overcrowding crisis should be summarily rejected.

3    **II.    Work Litigating Overcrowding Issues Before the Three-Judge Panel Is Reasonable and Necessary to Protect the Interests of the *Coleman* Class**

4

5        Defendants have maintained a categorical objection to all work performed in connection

6    with overcrowding and the proceedings before the three-judge court during the third quarter of

7    2007.  The Court's October 5, 2007 ruling determined plaintiffs' entitlement to fees and costs

8    for the overcrowding work and there is no valid reason for the Court to depart from its earlier

9    Order.  The Court granted the motion to convene the three-judge panel, finding that the motion

10   was reasonable and necessary to protect the rights of the *Coleman* class.  The time and

11   expenses at issue in this motion include all the tasks necessary to continue prosecuting the

12   overcrowding matter.  In particular, plaintiffs seek reasonable fees and costs for the following

13   major categories of work:  (1) legal research and briefing to oppose defendants' appeal of the

14   order granting a three-judge panel;[5] (2) legal research and briefing to oppose defendants'

15   motion to stay the underlying proceedings pending appeal; (3) initial work retaining experts;

16   (4) legal research regarding proceedings before the three-judge panel and relevant legal

17   standards regarding prisoner release orders; (5) legal research regarding intervention; (6)

18   preparation of initial discovery requests, and; (7) preparation for the initial status conference

19   before the three-judge panel on September 24, 2007.  Whelan Decl., ¶ 6.

20   _____

21   [4] Defendants agreed to pay attorneys' fees and costs for plaintiffs' work before the three-judge

22   panel in quarters one and two of 2007 and no fees or costs remain in dispute from those quarters.  *See* Whelan Decl., ¶ 3.  This is as it should be; the time spent litigating overcrowding

23   issues during those quarters was clearly compensable under the terms of the Magistrate Judge's September 11, 2007 Findings and Recommendations, and the Court's Order of October 5, 2007

24   adopting those Findings and Recommendations.  There is no valid distinction between the work plaintiffs' counsel performed on overcrowding issues between the first two quarters of

25   2007 and quarter three of that same year.  Plaintiffs undertook similar steps to litigate

26   overcrowding issues in all three quarters.

27

28

1    During the third quarter of 2007, plaintiffs' counsel spent approximately 200 hours

2    litigating these overcrowding issues, or approximately $35,000 in attorneys' fees at the very

3    highly-discounted rates required by the Prison Litigation Reform Act (PLRA).[6]    Whelan Decl.,

4    ¶ 6.  Plaintiffs also incurred approximately $750 in expenses.  *Id*.  These amounts are provided

5    for context only.  Plaintiffs do not in this motion ask for an order directing payment of any

6    particular amount, but seek a ruling that defendants' categorical objection is improper and a

7    direction that the parties meet and confer on the specific amounts to be paid for this work.

8    **III.    Considerations of Finality and Judicial Economy, as Well as the "Law of the Case" Doctrine, Bar Repeated Re-litigation of this Issue.**

9

10    Defendants' categorical objection to the fees and costs incurred in this matter for quarter

11    three is directly contrary to this Court's prior ruling, which already disposed of this issue.

12    Individual objections to plaintiffs' time or expenses are certainly proper, but a decent respect

13    for principles of finality, repose and judicial economy should caution defendants against

14    repeatedly posing the same categorical objection.

15    [A] fundamental precept of common-law adjudication is that an
     issue once determined by a competent court is conclusive...To
16    preclude parties from contesting matters that they have had a full
     and fair opportunity to litigate protects their adversaries from the
17    expense and vexation attending multiple lawsuits, conserves
     judicial resources, and fosters reliance on judicial action by
18    minimizing the possibility of inconsistent decisions.
19

20    *Arizona v. California*, 460 U.S. 605, 619 (1983) (citations omitted).  These principles underlie

21    every doctrine of preclusion, and are

22

23    _____

24    [5] Pursuant to the parties' stipulation, the Ninth Circuit referred all appellate fees and costs to this Court.  Whelan Decl., ¶ 7 and Ex. B.

25    [6] Plaintiffs' attorneys are compensated at PLRA rates for their work on this case, which are far
26    below market value.  Pursuant to the PLRA, all of plaintiffs' attorneys are compensated at a
     rate of $169.50 per hour regardless of experience.  For instance, Michael Bien's hourly rate
27    was $590, several hundred dollars more than his hourly rate in this case.  Whelan Decl., ¶ 8.

28

> justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution.

*Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104, 107-108 (1991) (citations omitted).

One such doctrine of preclusion, applicable here, is "law of the case." "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) (exception for a contrary decision of law rendered by controlling authority since court's previous decision). *See also Arizona v. California*, 460 U.S. at 618 ("As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (citations omitted).

There have been no changes to the law or the relevant circumstances since the Court conducted its *de novo* review and determined, in its October 5, 2007 Order, that plaintiffs need not prove a constitutional violation every time they seek reasonable attorneys' fees and costs, and that work litigating overcrowding issues before the three-judge panel is compensable as directly and reasonably incurred in enforcing the relief ordered for the constitutional violation found by the Court.

## CONCLUSION

For all of the reasons stated above, plaintiffs' counsel seek compensation for the reasonable attorneys' fees and costs spent on overcrowding issues during the third quarter of 2007. Plaintiffs request that the Court find that the above-described disputed professional services and costs are compensable under the applicable legal standard, in that the work performed and the costs incurred were directly and reasonably incurred in enforcing the relief ordered for the constitutional violations found in the Court's September 13, 1995 Order.

1  Plaintiffs further request that the Court order the parties to complete a meet and confer

2  regarding the amounts to be paid within 30 days of the Court's order.  Finally, plaintiffs

3  request an order from this Court reaffirming plaintiffs' entitlement to reasonable attorneys'

4  fees and costs on the overcrowding matter moving forward.

5  Dated:  March 10, 2008                    Respectfully submitted,

6

7                                         /s/ Amy Whelan
                                        Amy Whelan
8                                       Rosen, Bien & Galvan
                                        Attorneys for Plaintiffs
9