PRISON LAW OFFICE
DONALD SPECTER Bar No. 83925
STEVEN FAMA Bar No. 99641
E. IVAN TRUJILLO Bar No. 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No. 096891
JANE E. KAHN Bar No. 112239
AMY WHELAN Bar No. 215675
LORI RIFKIN Bar No. 244081
SARAH M. LAUBACH Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No. 158255
LEWIS BOSSING Bar No. 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, | No.: Civ S 90-0520 LKK-JFM |
| Plaintiffs, | **DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD QUARTER OF 2007** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | Date: April 10, 2008 |
| | Time: 11:00 a.m. |
| | Place: Courtroom 26 |
| | Judge: Honorable John F. Moulds |

I, Amy Whelan, do hereby declare under penalty of perjury as follows:

1.      I am an attorney admitted to practice law in California and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of "Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007."

2.      Attached hereto as **Exhibit A** is a true and correct copy of the March 19, 1996 Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs in the *Coleman* case. Paragraph 5 of this Order permits plaintiffs to bring a quarterly motion to compel payment of fees in the event that "a significant issue is in dispute."

3.      Defendants agreed to pay attorneys' fees and costs for plaintiffs' work on the overcrowding matter in quarters one and two of 2007. No fees or costs remain in dispute from those quarters.

4.      I conducted the meet and confer sessions regarding disputed attorneys' fees and costs incurred during the third quarter of 2007. I had several telephone calls with Michael Stone, an attorney for the California Department of Corrections and Rehabilitation, during which we tried to resolve all of these disputes. After several such phone calls and written correspondence regarding the disputes, we were unable to reach agreement regarding entitlement to any fees and costs for plaintiffs' work on the overcrowding issues currently before the three-judge panel.

5.      Defendants previously contested plaintiffs' counsel's right to fees and costs for work on the overcrowding issues during the third and fourth quarters of 2006. Plaintiffs brought a motion to compel regarding those fees and costs and, on September 11, 2007, Magistrate Judge Moulds issued a Report and Recommendation finding, *inter alia*, that "the fees and costs incurred by plaintiffs in connection with their motion to convene a three-judge panel were directly and reasonably incurred in enforcing the relief ordered…in the district court's September 13, 1995 order." Defendants sought reconsideration of those findings and

recommendations, but the district Court adopted them on October 5, 2007. Defendants never appealed that Order.

6.     I have reviewed the billing records and expenses for plaintiffs' counsel's work on the overcrowding matter during the third quarter of 2007. During that time, plaintiffs' counsel spent approximately 200 hours prosecuting the overcrowding crisis, incurring approximately $35,000 in attorneys' fees and $750 in expenses. In particular, plaintiffs seek reasonable fees and costs for the following major categories of work during that time: (1) legal research and briefing to oppose defendants' appeal of the order granting a three-judge panel; (2) legal research and briefing to oppose defendants' motion to stay the underlying proceedings pending appeal; (3) initial work retaining experts; (4) legal research regarding proceedings before the three-judge panel and relevant legal standards regarding prisoner release orders; (5) legal research regarding intervention; (6) preparation of initial discovery requests, and; (7) preparation for the initial status conference before the three-judge panel on September 24, 2007.

7.     Attached hereto as **Exhibit B** is the Order, dated October 15, 2007, in which the Ninth Circuit Court of Appeals referred all appellate fees and costs to this Court, pursuant to the parties' stipulation that it do so.

8.     Plaintiffs' attorneys are compensated at Prison Litigation Reform Act ("PLRA") rates for their work on this case, which are far below market value. Pursuant to the PLRA, all of plaintiffs' attorneys are compensated at a rate of $169.50 per hour regardless of experience. For instance, Michael Bien's 2007 hourly rate was $590, several hundred dollars more than his $169.50 hourly rate in this case.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and that this declaration is executed in San Francisco, California on March 10, 2008.

*/s/ Amy Whelan*
Amy Whelan

# Exhibit A

ORIGINAL



ORIGINAL
FILED

MAR 1 9 1996

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

LODGED

MAR 7 1996

JACK L WAGNER, CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RALPH COLEMAN, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>JAMES GOMEZ, et al.,<br><br>     Defendants. | No. CIV S-90-0520 LKK JFM<br><br>STIPULATION AND ORDER<br>FOR PERIODIC COLLECTION OF<br>ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically.  The parties by their undersigned counsel do stipulate and the Court having considered the matter hereby Orders as follows:

1.   Plaintiffs' counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the Court's decision and order of

1    September 13, 1995. The statements will itemize the time spent,

2    subject activity, applicable attorney and other personnel billing

3    rates, and costs and expenses with sufficient particularity to

4    allow the defendants and the Court to identify which efforts were

5    or were not useful and necessary to ensure compliance with the

6    court's order. The first quarterly statement of each year will

7    identify the billing rates plaintiffs' counsel seeks for that year.

8    Unless and until defendants dispute any of the fees or costs

9    requested, the billing statements submitted by plaintiffs' counsel

10    shall not include declarations or other supporting pleadings. Such

11    declarations or other supporting pleadings shall be prepared only

12    for and at the time of filing any Motion to Compel.

13         2. Upon receipt of plaintiffs' statement each quarter,

14    defendants will have thirty days in which to respond with their

15    objections and the bases therefore. As to disputed items,

16    including the proposed billing rates in the first quarterly

17    statement, plaintiffs' and defendants' counsel are required to meet

18    and confer within thirty (30) days after defendants have notified

19    plaintiffs of any disputed item(s). If the parties are able

20    promptly to resolve any part or all of the fee disputes, counsel

21    shall immediately prepare a stipulated order for payment of the

22    fees not subject to defendants' objections. Both sides shall sign

23    the Order and present it to the court for entry. Defendants shall

24    have forty-five days from the entry of the Order to pay the

25    undisputed fees. Interest on these fees and costs will run from

26    the thirty-first day following defendants' receipt of plaintiffs'

27    statement, accruing at the rate provided by 28 U.S.C. §1961.

28

Stip & Order for
Attys Fees & Costs           2

1        3.   If Defendants refuse to sign any Stipulated Payment

2  Order, or unreasonably delay the process described in Paragraph 2,

3  above, plaintiffs' counsel may submit directly to the Court an

4  unstipulated form of Order for collection of fees that are not

5  disputed, together with a certification of counsel under penalty

6  of perjury setting forth the relevant facts and circumstances.

7  Defendants' counsel may respond within five court days of receipt

8  of the proposed Order and certification.  Plaintiffs' counsel may

9  reply within two court days after receipt of defendants' response,

10  if any.  The Court will rule on plaintiffs' application without

11  conducting a hearing unless it considers such a hearing necessary,

12  and will issue plaintiffs' proposed Order or another appropriate

13  Order unless defendants show a reasonable basis for disputing the

14  fees and expenses  plaintiffs have claimed to be undisputed.  If

15  any party determines that systematic problems in the meet and

16  confer process have arisen, that party may move for further

17  modification of this process, by noticed motion made pursuant to

18  the Federal Rules of Civil Procedure and the Rules of this Court.

19        4.   Plaintiffs will file a yearly motion to compel

20  payment of disputed items, if necessary, not later than sixty (60)

21  days after the parties meet and confer with respect to the

22  statement covering the fourth quarter of each year.  If defendants

23  opposed any billing rates plaintiffs' counsel will bring a motion

24  to compel on this issue following the first quarterly statement of

25  each year.

26        5.   In the event that an unusually large number of hours

27  or a significant issue is in dispute, plaintiffs may bring

28

1    a quarterly motion to compel on those issues alone.   Any such
2    quarterly motion to compel will be filed no later than thirty (30)
3    days after the parties have met and conferred on the quarterly
4    statement at issue.   Such motions will be briefed and heard on the
5    usual schedule provided by the local rules.

6         6.   Interest on any disputed amount, will accrue at the
7    rate provided by 28 U.S.C. §1961 from the thirty-first (31st) day
8    following defendants' receipt of the billing in which the items in
9    question appear.

10        7.   The standard of review to be applied to disputed
11   billing items will be whether the services were useful and
12   necessary to ensure compliance with the Decision and Order dated
13   September 13, 1995.

14        8.   So long as the plaintiffs' counsel submit quarterly
15   billing statements to the defendants in a timely fashion in
16   accordance with paragraph one of this Order, all compensation
17   requested by the plaintiffs for monitoring compliance with the
18   decision and order will be awarded, now and in the future, at the
19   rates current at the time the billing statements are submitted to
20   the defendants instead of at historic rates.

21
22
23
24
25
26
27
28

1          9.    Defendants shall pay the full amounts ordered paid,

2    with any legal interest owing, no later than forty five (45) days

3    after the date each payment Order is entered by the Court.   If

4    payment is not voluntarily made by the 45th day, counsel for

5    plaintiffs may obtain said amount by writ of execution upon state

6    funds and/or other appropriate accounts by certification under

7    penalty of perjury that voluntary payment has not been made.

8        We do so stipulate.

9

10

11

12    Dated: 2/29/96

                    Donald Specter
                    Counsel for Plaintiffs

13

14

15    Dated: 3/6/96

16

                    William Jenkins
17                        Deputy Attorney General
                    Counsel for Defendants

18

19        IT IS SO ORDERED.

20

21    Dated: 3/19/96

                    Lawrence K. Karlton, Chief Judge
22                        United States District Court

23

24

25

26

27

28

# Exhibit B

**FILED**

UNITED STATES COURT OF APPEALS

OCT 1 5 2007

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RALPH COLEMAN; et al.,

       Plaintiffs - Appellees,

    v.

ARNOLD SCHWARZENEGGER; et al.,

       Defendants - Appellants.

No. 07-16361

D.C. No. CV-90-00520-LKK
Eastern District of California,
Sacramento

**RECEIVED**

OCT 1 7 2007

Rosen, Bien & Galvan

MARCIANO PLATA; et al.,

       Plaintiffs - Appellees,

    v.

ARNOLD SCHWARZENEGGER; et al.,

       Defendants - Appellants.

No. 07-16383

D.C. No. CV-01-01351-TEH
Northern District of California,
San Francisco

**ORDER**

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

The unopposed motion to transfer consideration of attorneys' fees, costs and

expenses to the district courts in *Coleman v. Schwarzenegger* and *Plata v.*

*Schwarzenegger* is granted. *See* 9th Cir. R. 39-1.8. Consideration of attorneys'

fees, costs, and expenses is hereby transferred to the district courts.

C:\TEMP\notesE1EF34\07-16361.wpd