ANN MILLER RAVEL, County Counsel (S.B. #62139)
THERESA J. FUENTES, Deputy County Counsel (S.B. #208588)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Lead Attorneys on Behalf of County Intervenors
COUNTY OF SANTA CLARA, COUNTY
OF SANTA BARBARA, COUNTY OF SAN
MATEO and COUNTY OF SOLANO

STEVEN M. WOODSIDE, County Counsel (S.B. #58684)
ANNE L. KECK, Deputy County Counsel (S.B. #136315)
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Fax: (707) 565-2624

Attorneys on Behalf of Intervenors
THE COUNTY OF SONOMA, SONOMA
COUNTY SHERIFF/CORONER WILLIAM COGBILL,
SONOMA COUNTY DISTRICT ATTORNEY
STEPHAN PASSALACQUA, and SONOMA COUNTY
CHIEF PROBATION OFFICER ROBERT OCHS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al. | Case No. CIV S-90-0520 LKK JFM P |
| Plaintiffs, | THREE-JUDGE COURT |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al. | |
| Defendants. | |

Case No. CIV S-90-0520 LKK JFM P

MPA IN SUPPORT OF MTN BY COUNTY INTERVENORS TO MODIFY ORDER - FEBRUARY 8, 2008 GRANTING
IN PART INTERVENORS' MTN FOR RECONSIDERATION & ORDER CONSOLIDATING PROCEEDINGS

MARCIANO PLATA, et al.

    Plaintiffs,

  vs.

ARNOLD SCHWARZENEGGER, et al.

    Defendants.

Case No. C01-1351 TEH

<u>THREE-JUDGE COURT</u>

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY COUNTY INTERVENORS TO MODIFY ORDER issued february 8, 2008 GRANTING IN PART INTERVENORS' MOTION FOR RECONSIDERATION AND ORDER CONSOLIDATING PROCEEDINGS

## INTRODUCTION.

The Counties of Santa Clara, Santa Barbara, San Mateo and Solano, and the County of Sonoma[1] (collectively "County Intervenors") respectfully move this Court for modification of the Court's February 8, 2008 Order Granting In Part Intervenors' Motion for Reconsideration and Order Consolidating Proceedings ("February 8 Order") on the ground that the February 8 Order precludes the County Intervenors from having their respective County Counsels represent them at trial and motion practice, and thus denies them effective representation due to their divergent interests.

The February 8 Order was the result of a motion filed by three groups of intervenors[2] (the "Other Intervenors") seeking reconsideration of this Court's October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines for Phase I and its November 9, 2007 Order on Motion for Reconsideration and/or Clarification. The County Intervenors did not join that motion, and were not heard by the Court. Nor were they present during any discussions with the Other Intervenors regarding either the issues addressed in the motion or the significant limitations on counsel representation contained in the February 8 Order.

The current February 8 Order, at paragraph 5, allows all intervenors no "more than a total of three

---

[1] The County of Sonoma Intervenors include the County, the County Sheriff, the District Attorney, and the Chief Probation Officer.

[2] The three groups of intervenors are: (1) Republican Assembly and Senate Intervenors, (2) District Attorney Intervenors, and (3) Sheriff, Probation, Police Chief, and Corrections Intervenors.

CIV S-90-0520 LKK JFM P & C-01-1351 TEH  2

MPA IN SUPPORT OF MTN BY COUNTY INTERVENORS TO MODIFY ORDER - FEBRUARY 8, 2008 GRANTING IN PART INTERVENORS' MTN FOR RECONSIDERATION & ORDER CONSOLIDATING PROCEEDINGS

different attorneys throughout the trial." Because there are three groups of Other Intervenors and under the February 8 Order, only three different attorneys are allowed to present at trial, this Order either prohibits one group of Other Intervenors from having its own counsel, or it prohibits the County Intervenors from having their own counsel.

The County Intervenors do not wish to repeat arguments made by other parties in this case, and they intend to coordinate on issues that are common with the Other Intervenors, as they have done to date. For that reason, the County Intervenors do not oppose paragraphs 1-4 of the February 8 Order regarding discovery. However, the County Intervenors do oppose paragraphs 5 and 6 of the Order, which limit the number of counsel who can participate at trial and discovery for all intervenors.

Under California law, the governing Board of Supervisors of each of the County Intervenors has appointed a County Counsel who is charged with providing all legal services to that County. The Counties may not be represented in this litigation by outside counsel unless their respective governing boards authorize such representation, by a two-thirds vote, and provide funding for such representation. Moreover, because County Intervenors' interests are distinct from those of the Other Intervenors, counsel for the Other Intervenors would not be able effectively and ethically to represent the County Intervenors for motions and trial.

For the reasons set forth herein, County Intervenors urge this Court to modify paragraphs 5 and 6 of the February 8 Order as follows: (The proposed revised language is in italics; the complete proposed modified Order is submitted with this motion.)

> 5. At trial, one attorney *for Moving Intervenors* [a term used in the proposed modified order to distinguish Other Intervenors from County Intervenors] *and one attorney for County Intervenors* may question each witness on behalf of all intervenors. The same attorney need not question all witnesses. *Moving Intervenors* will, however, present their evidence and question other parties' witnesses through not more than a total of three

different attorneys throughout the trial. *County Intervenors will present their evidence and question other parties' witnesses through not more than one attorney, which may be a different attorney on each occasion.*

6. One attorney will represent all *Moving Intervenors, and one attorney will represent all County Intervenors* during any subsequent motion practice, including discovery motions. This need not be the same attorney for each motion.

## ARGUMENT.

### I. COUNTY INTERVENORS HAVE NEVER BEEN HEARD ON THIS ISSUE; THE COURT HAS INHERENT POWER TO RECONSIDER AND MODIFY ITS INTERLOCUTORY ORDERS PRIOR TO THE ENTRY OF JUDGMENT.

Federal Rules of Civil Procedure, Rule 54 (b) provides in applicable part:

> [A]ny order or other form of decision…is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment…" *Smith v. Massachusetts* (2005) 543 U.S. 462, 475, 125 S.Ct. 1129, 1139.

In this case, County Intervenors did not join in the motion to reconsider that was filed by the Other Intervenors, because they did not disagree with the Court's bifurcation of the proceedings. The County Intervenors' evidence at trial will focus primarily on the impact a prisoner release order would have on county operations and alternatives that can be implemented at the county level with proper funding, not on the issue of whether constitutional violations are the result of overcrowding in the state prisons. However, in the February 8 Order, besides vacating the prior bifurcation as requested by Other Intervenors, the Court also limited the attorneys who could represent all intervenors in all phases of the case, including the presentation of impact evidence by the County Intervenors, without having heard from the County Intervenors. The Other Intervenors' Motion to Reconsider cannot be said to have put the County Intervenors on notice that the Court might limit counsel representation by its February 8 Order. Thus, County Intervenors were not given an opportunity to present evidence and argument on the issues contained in this motion. As a result, the arguments and evidence herein are akin to "newly discovered evidence," that may support a motion for modification of the February 8 Order. See, e.g.,

*School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.* (9th Cir. 1993) 5 F3d 1255, 1263; *Hopkins v. Andaya* (9th Cir. 1992) 958 F.2d 885, 887, fn5.

## II.     UNDER CALIFORNIA LAW, COUNTIES ARE REPRESENTED IN LITIGATION BY COUNTY COUNSEL, EXCEPT WHERE THE COUNTY'S GOVERNING BOARD, UPON A TWO-THIRDS VOTE, HAS AUTHORIZED THE HIRING AND PAYMENT OF OUTSIDE COUNSEL.

Under California law, a County's governing Board appoints a County Counsel who represents the County in all legal matters including defending or prosecuting litigation.

> The county counsel, or if none, the district attorney, is the legal adviser of the board of supervisors. The county counsel, or if none, the district attorney, shall attend its meetings, when required, and shall attend and oppose all claims and accounts against the county he or she deems unjust and illegal.  Cal.Gov.Code § 26526

California Government Code section 26529 provides in applicable part:

> In counties that have a county counsel, the county counsel shall discharge all the duties vested in the district attorney by Sections 26520, 26522, 26523, 26524, and 26526. **The county counsel shall defend or prosecute all civil actions and proceedings in which the county or any of its officers is concerned or is a party in his or her official capacity….** [Emphasis added.]

The Board of Supervisors may appoint certain outside counsel to assist County Counsel in litigation matters, but the action authorizing the hiring of outside counsel must be authorized by a two-thirds vote of the Board.

> The board shall direct and control the conduct of litigation in which the county, or any public entity of which the board is the governing body, is a party; by a two-thirds vote of all the members, the board may employ counsel to assist the district attorney, county counsel, or other counsel for the county or entity in the conduct of such actions;…. Cal Gov. Code § 25203.

The County Intervenors here are represented by their respective County Counsels.  If the counties that belong to the County Intervenor group are to employ outside attorneys to present their evidence and question witnesses on their behalf, each of the counties would have to have authority from their respective governing boards to hire those attorneys, upon a two-thirds majority vote.  To date, the governing boards have not authorized representation in this case by outside counsel.  Nor are the County Intervenors aware of authority that would allow this Court to override the discretionary decisions of county governing boards to choose their own legal counsel.  Nor is there provision in the counties'

1   budgets for payment to such outside attorneys for this case.  For these reasons, the respective County

2   Counsels for the counties in the County Intervenor group must be the attorneys who present the counties'

3   evidence and question witnesses at motions and trial in this case.

4   **III.     COUNTY INTERVENORS HAVE A DIFFERENT PERSPECTIVE AND
            DIFFERENT EVIDENCE THAN THE OTHER INTERVENOR GROUPS;**

5   **ATTORNEYS FOR OTHER INTERVENOR GROUPS SHOULD NOT PRESENT
            COUNTY INTERVENORS' CASE.**

6   Because the County Intervenors have a perspective in this litigation distinct from the Other

7   Intervenors, they respectfully submit their evidence should not be presented by attorneys representing the

8   Other Intervenors.  It has become evident through the course of this litigation that the focus of the Other

9   Intervenors is primarily on law enforcement issues, whereas the focus of the County Intervenors is

10  primarily on all other types of impacts that could conceivably result from a prisoner release order.  Such

11  impacts include, for example, the effect a prisoner release order would have on County Health Services,

12  County Mental Health, Drug and Alcohol treatment services, Children and Family Services, County

13  services to the homeless, and local County jail alternatives and reforms.  While the focus of interests of

14  the County Intervenors and Other Intervenors may coincide in other areas, none of the Other Intervenor

15  Groups can present the above-described type of evidence for the counties.

16  Moreover, to the extent positions of the Other Intervenor groups are in conflict with County

17  Intervenors' positions, the attorneys representing the divergent groups could not, consistent with ethical

18  codes, put on evidence for the County Intervenors.  For example, County Intervenors expect District

19  Attorney Intervenors to take the position that state sentencing guidelines should not be changed, while

20  some County Intervenors are already exploring possible changes to sentencing guidelines in connection

21  with efforts to address county jail overcrowding.  In addition, the Other Intervenors may request funding

22  for incarcerated individuals, while the County Intervenors may request funding for those prisoners who

23  are released.  In an era of limited funding, both may not be an option.  In addition, Other Intervenors may

24  support AB 900 reforms, while some County Intervenors will not.  Many more of these potential

25  divergent issues may be discovered as the case proceeds through the discovery process.

26  In addition, this Court has allowed the Sonoma County Intervenors (consisting of the County of

27  Sonoma, the Sheriff, District Attorney, and Chief Probation Officer) to appear separately from their other

28

1  respective counterparts, because they demonstrated to the Court that they have a special interest in

2  providing information and evidence relating to their local criminal justice and penal system reform

3  currently in process.[3]  For these reasons, the effective representation of the County Intervenors and

4  presentation of their evidence and positions must be made by County Counsel.

**IV.    COUNTY INTERVENORS WILL MAKE EVERY EFFORT TO COOPERATE AND CONSOLIDATE THEIR EVIDENCE WITH OTHER PARTIES.**

7      This Court has ordered County Intervenors (with the exception of the Sonoma County

8  Intervenors) to appoint lead counsel to represent them in all proceedings (9/19/07 Order Granting

9  Motions to Intervene, etc., at p. 3, lines 11-14), and County Intervenors have done so.  All County

10  Intervenors intend to continue, as they have to date, to work cooperatively where feasible with all parties,

11  including the Other Intervenors, in discovery proceedings and trial.   County Intervenors have no interest

12  in rehashing or repeating issues and evidence presented by other parties as long as those issues and

13  evidence are not in conflict with the County Intervenors' positions.  The County Intervenors fully intend

14  to coordinate discovery with the Other Intervenors, and thus are not seeking a modification of the

15  discovery portions of the February 8 Order.  Accordingly, if this Court grants the County Intervenors'

16  motion herein, it should not expect the County Intervenors to ask to be heard separately in every part of

17  these proceedings.

**CONCLUSION.**

19      For the reasons set forth herein, County Intervenors respectfully ask this Court to modify

20  paragraphs 5 and 6 a the February 8 Order as follows:

21          5.      At trial, one attorney for Moving Intervenors and one attorney for County

22  Intervenors may question each witness on behalf of all intervenors.  The same attorney need not

23  question all witnesses.  Moving Intervenors will, however, present their evidence and question

---

[3]  While this Court initially ordered the Sonoma County Intervenors to show cause why their intervention pleading should not be severed and their pleadings consolidated with those of the other County Intervenors, Sonoma was able to demonstrate good cause to the Court to allow them to proceed separately. (See Order Bifurcating Proceedings and Setting Deadlines for Phase 1 entered October 10, 2008, modified and partially vacated by the February 8 Order.)

other parties' witnesses through not more than a total of three different attorneys throughout the trial. County Intervenors will present their evidence and question other parties' witnesses through not more than one attorney, which may be a different attorney on each occasion.

6. One attorney will represent all Moving Intervenors and one attorney will represent all County Intervenors, during any subsequent motion practice, including discovery motions. This need not be the same attorney for each motion.

Dated: March 10, 2008

Respectfully submitted,

ANN MILLER RAVEL, County Counsel

By: _____/s/_____
    THERESA J. FUENTES
    Deputy County Counsel

Lead Attorneys on behalf of Intervenors
COUNTY OF SANTA CLARA, COUNTY OF SANTA
BARBARA, COUNTY OF SAN MATEO, COUNTY
OF SOLANO

STEVEN M. WOODSIDE, County Counsel

By: _____/s/_____
    ANNE L. KECK
    Deputy County Counsel

Attorneys on behalf of Intervenors
THE COUNTY OF SONOMA, SONOMA COUNTY
SHERIFF/CORONER WILLIAM COGBILL,
SONOMA COUNTY DISTRICT ATTORNEY
STEPHAN PASSALACQUA, and SONOMA COUNTY
CHIEF PROBATION OFFICER ROBERT OCHS

MPA IN SUPPORT OF MTN BY COUNTY INTERVENORS TO MODIFY ORDER - FEBRUARY 8, 2008 GRANTING
IN PART INTERVENORS' MTN FOR RECONSIDERATION & ORDER CONSOLIDATING PROCEEDINGS