1  IN THE UNITED STATES DISTRICT COURTS

2  FOR THE EASTERN DISTRICT OF CALIFORNIA

3  AND THE NORTHERN DISTRICT OF CALIFORNIA

4  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5  PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

| | |
|---|---|
| 7  RALPH COLEMAN, et al., | Case No.: CIV S-90-0520 LKK JFM P |
| 8            Plaintiffs, | **THREE-JUDGE COURT** |
| 9       vs. | |
| 10 ARNOLD SCHWARZENEGGER, et al., | |
| 11           Defendants. | |
| 12 MARCIANO PLATA, et al., | Case No.:  C01-1351 TEH |
| 13           Plaintiffs, | **THREE-JUDGE COURT** |
| 14       vs. | **INTERVENORS', DEFENDANTS' AND PLAINTIFFS' PROPOSED DISCOVERY PLANS** |
| 15 ARNOLD SCHWARZENEGGER, et al., | |
| 16           Defendants. | |

17

18  **I.    INTRODUCTION**

19       Pursuant to Magistrate Judge John F. Moulds's February 13, 2008 order, the District Attorney,

20  Law Enforcement, and Legislator Intervenors (collectively, "Defendant-Intervenors"), and County and

21  Sonoma County Intervenors (collectively, "Statutory Intervenors"), Plaintiff-Intervenors the California

22  Correctional Peace Officer Association ("CCPOA Intervenors"), Defendants, and Plaintiffs submit the

23  following proposed discovery plans.

24

25

26

27

28

## II.   INTERVENORS' PROPOSED DISCOVERY PLAN, PRE-TRIAL, AND TRIAL SCHEDULE

### A.   STATEMENT OF EXPLANATION

The District Attorney, Law Enforcement, and Legislator Intervenors (collectively, "Defendant-Intervenors"), and County and Sonoma County Intervenors (collectively, "Statutory Intervenors") submit the following proposed discovery plan, pre-trial, and trial schedule, which anticipates a February 2009 trial date. At the parties' February 26, 2008 discovery planning meeting, Plaintiffs proposed a September 2008 trial date, which the parties tentatively agreed to, on the condition that some of the attorneys needed to obtain client consent. Declaration of Kimberly Hall Barlow ("Barlow Decl.") at ¶ 4. In a phone conversation after the February 26 meeting, Plaintiffs stated that they had reservations about the September 2008 trial date, despite the fact that a September trial would provide more time for ongoing settlement discussions. *Id.* at ¶ 5. During a February 29, 2008 conference call among all parties, however, Plaintiffs retracted their agreement as to the September 2009 trial date, and actually asserted that they had in fact never agreed, even tentatively, to this date, despite their previous representations to the contrary. *Id.* at ¶ 7. In view of Plaintiffs' retraction of their approval for the workable, although still aggressively-paced discovery schedule based on a September 2008 trial, the Defendant-Intervenors and Statutory Intervenors submit the following proposed discovery plan.

Defendant-Intervenors and Statutory Intervenors realize the need to conduct these proceedings in the most expedient manner possible. In light of the fact that the Defendant-Intervenors and Statutory Intervenors have only recently been included in these un-bifurcated proceedings, however, they seek to submit initial disclosures by April 7, 2008. All parties agreed to an April 7, 2008 date for initial disclosures at the February 26, 2008 discovery planning meeting. Barlow Decl. at ¶ 3. An April 7, 2008 date for initial disclosures allows Defendant-Intervenors and Statutory Intervenors adequate time to review the documents produced by the parties, the written discovery responses, and the depositions conducted in then-Phase I of these proceedings. Defendant-Intervenors and Statutory Intervenors have not yet received the approximately one million pages of discovery documents produced by Defendants, Plaintiffs, and the CCPOA Intervenors, and will not receive these documents

until the date initial disclosures were originally due.[1]  Defendant-Intervenors and Statutory Intervenors request an April 7, 2008 date for initial disclosures for this reason, and also request this date to allow sufficient time to coordinate among the large number of individual district attorneys, law enforcement officials, legislators, and county officials who are now participating in these newly un-bifurcated proceedings.

Because of their late inclusion to these proceedings, Defendant-Intervenors and Statutory Intervenors propose a trial date of February 16, 2009, which will allow all parties to conduct discovery and prepare for trial pursuant to the timeline outlined below.

## B.    PROPOSED DISCOVERY PLAN, PRE-TRIAL AND TRIAL SCHEDULE

| | |
|---|---|
| March 4, 2008 | Date by which parties share their respective settlement statements in an effort to facilitate settlement. |
| March 7, 2008 | Plaintiffs provide a proposed statement of relief to Defendants, Defendant-Intervenors, and Statutory Intervenors. |
| March 14, 2008 | Parties provide Defendant-Intervenors and Statutory-Intervenors with all discovery propounded by, responded to, and produced to date by Plaintiffs, Defendants, and Intervenor CCPOA. |
| March 14, 2008 to April 7, 2008 | Parties supplement discovery already propounded in view of the newly consolidated (and un-bifurcated) proceeding. This will include responses to interrogatories that were previously objected to on the grounds that they sought "Phase II" discovery. |
| | Defendant-Intervenors and Statutory-Intervenors review discovery produced to date. |
| April 7, 2008 | Initial Disclosures due. |
| August 8, 2008 | Last day to complete written discovery. |
| September 8, 2008 | Last day to complete non-expert depositions. |

---

[1] Although the Defendant-Intervenors and Statutory Intervenors have not yet received the voluminous amount of discovery documents produced by Defendants, they do expect to receive these documents by March 14, 2008, the date originally slated for initial disclosures, in the form of over twenty computer discs of information containing the approximately one million pages of documents, and a hard drive containing an unquantified amount of data.  Barlow Decl. at ¶ 9.

3

| October 3, 2008 | Expert disclosures due. |
| October 24, 2008 | Last day to disclose rebuttal experts. |
| November 14, 2008 | Last day to complete expert discovery. |
| December 5, 2008 | Last day to file dispositive motions. |
| January 2009 (first two weeks) | Hearing on dispositive motions. |
| January 22, 2009 | Last day to file motions *in limine* and pre-trial briefs. |
| February 5, 2009 | Pre-trial conference and hearing on motions *in limine* |
| February 16, 2009 | Trial [approximately 15 days] |

## III.   DEFENDANTS' PROPOSED DISCOVERY PLAN, PRE-TRIAL, AND TRIAL SCHEDULE

### A.   STATEMENT OF EXPLANATION

Pursuant to Magistrate Judge John F. Moulds's February 13, 2008 order, Defendants submit the following proposed discovery plan, pre-trial and trial schedule. The following proposed discovery plan and schedule indicates that Defendants believe that they can be prepared for trial in late September 2008. This proposed plan and schedule assumes that the Court will prohibit additional resource and time consuming electronic discovery in this matter. As evidenced by the parties' experience to date with electronic discovery, if the Court does not prohibit electronic discovery, the following proposed plan and schedule would need to be significantly revised.

Additionally, Defendants understand that, due to their previous exclusion from this proceeding, the Statutory Intervenors believe that they will need additional time to complete discovery and prepare for trial. While Defendants believe that Defendants can be prepared for a late September 2008 trial date, Defendants do not oppose the Statutory Intervenors' request for additional time and a later trial date.

### B.   DEFENDANTS' PROPOSED DISCOVERY PLAN

Defendants submit the following discovery plan in accordance with Federal Rule of Civil Procedure 26(f)(3).

4

1          **1.    Changes to Timing of Disclosures.**

2          Defendants do not request that any changes be made to the timing, form, or requirement for

3    disclosures under Rule 26(a).  Initial disclosures will be made on March 14, 2008.

4          **2.    Subjects of Further Discovery and Timeline.**

5          Defendants may require the following additional discovery: (1) Defendants anticipate taking

6    the deposition of CCPOA witness Chuck Alexander; (2) Defendants cancelled and will re-notice the

7    depositions of certain experts previously designated by the *Coleman* Plaintiffs in November of 2007;

8    (3) Defendants anticipate taking the depositions of additional experts designated by Plaintiffs or the

9    Intervenors; (4) prior to the Court's order un-bifurcating the trial, Plaintiffs noticed the depositions of

10   numerous witnesses and experts, and Defendants therefore anticipate preparing for and defending these

11   depositions; (5) Defendants anticipate taking the depositions of any witnesses identified by Plaintiffs

12   or the Intervenors in their initial disclosures; (6) Defendants anticipate that they will propound a

13   limited number of interrogatories, requests for the production of documents, and/or requests for

14   admissions on Plaintiffs and/or CCPOA.

15         Defendants propose the following timeline for the completion of discovery, pretrial matters,

16   and trial:

| | |
|---|---|
| March 14, 2008 | Parties provide the Statutory-Intervenors with all discovery propounded by, responded to, and produced to date by the Plaintiffs, Defendants and Intervenor CCPOA. |
| April 4, 2008 | Plaintiffs, Intervenor CCPOA and Defendants supplement their responses to interrogatories in view of the newly consolidated (and un-bifurcated) proceeding.  This will include responses to interrogatories that were previously objected to on the grounds that they sought "Phase II" discovery. |
| May 30, 2008 | Last day to complete written discovery.  (As set forth above, this date and all subsequent dates are contingent upon an order that prohibits additional electronic discovery.) |
| June 2, 2008 | Non-expert depositions may commence on this date. |

INTERVENORS', DEFENDANTS', AND PLAINTIFFS' PROPOSED DISCOVERY PLANS
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 THE

| June 27, 2008 | Last day to complete non-expert depositions. |
| July 11, 2008 | Expert disclosures due. |
| July 18, 2008 | Last day to disclose rebuttal experts. |
| August 1, 2008 | Last day to complete expert discovery. |
| August 8 , 2008 | Last day to file dispositive motions. |
| August 15, 2008 | Last day to file oppositions to dispositive motions. |
| August 22, 2008 | Last day to file replies in support of dispositive motions. |
| August 29, 2008 | Hearing on dispositive motions. |
| September 15, 2008 | Last day to file motions *in limine* and pre-trial briefs. |
| September 22, 2008 | Pre-trial conference and hearing on motions *in limine*. |
| September 29, 2008 | Trial -- ten Court days. |

3.      **Issues Regarding Disclosure or Discovery of Electronically Stored Information**

Defendants do not anticipate that any issues remain regarding disclosure of electronically stored information.  The only issues that remain with regard to the discovery of electronically stored information are addressed below under subheading "5."

4.      **Issues Regarding Claims of Privilege**

The only issues that exist with regard to Defendants' assertion of various privileges in the course of their production of documents to Plaintiffs remain pending before this Court.

5.      **Changes Requested to the Limitations on Discovery**

Defendants request that this Court prohibit additional electronic discovery in this matter, as such discovery has to date proven to be extremely consuming of Defendants' resources and time. Defendants will be unable to comply with the above proposed timeline if this Court permits additional electronic discovery.  Defendants additionally request that this Court prohibit Plaintiffs from

INTERVENORS', DEFENDANTS', AND PLAINTIFFS' PROPOSED DISCOVERY PLANS
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 THE

requesting that Defendants continue to supplement their production of documents and/or responses to discovery requests that were served on Defendants before December 20, 2007.

Further, Defendants understand that Plaintiffs propose that the time to respond to discovery be shortened, however Defendants request that this Court comply with the Federal Rules of Civil Procedure and afford Defendants what is required by the rules. Defendants also understand that Plaintiffs are requesting that this Court limit the parties' objections to discovery to only claims of privilege. Defendants similarly request that this Court not limit Defendants' possible objections to any discovery propounded by Plaintiffs and afford Defendants those objections that are permitted by the rules.

### 6.    Other Orders

Defendants request that this Court issue a protective order with regard to the use of documents discovered in this matter. Defendants filed a motion for a protective order with this Court on March 13, 2008. (*See Plata v. Schwarzenegger*, Docket No. 1131; *Coleman v. Schwarzenegger*, Docket No. 2716.)

Defendants also request that this Court issue an order requiring the parties to participate in a status conference so that the parties may reach agreement regarding the form and make-up of trial. Defendants propose that this status conference take place after the close of expert and non-expert discovery, during the first week of August 2008.

### III.   PLAINTIFFS' AND PLAINTIFF-INTERVENORS CCPOA'S PROPOSED DISCOVERY PLAN, PRE-TRIAL, AND TRIAL SCHEDULE

#### A.   PLAINTIFFS' AND PLAINTIFF-INTERVENORS CCPOA'S STATEMENT OF EXPLANATION

Pursuant to the Court's February 13, 2008 Order, counsel for the plaintiff Coleman and Plata classes and the California Correctional Peace Officers' Association ("CCPOA") participated in a Rule 26(f) discovery planning conference with counsel for defendants and the intervenors on February 26, 2007. The parties agreed on several items. First, the parties agreed that the stay of discovery was lifted effective immediately. Second, at the request of defendant-intervenors, plaintiffs agreed to provide defendants and intervenors a statement of the relief they are seeking. This statement was

---
7

provided to all parties on March 7, 2008. Third, plaintiffs, defendants and defendant intervenors

agreed to share their confidential settlement statements, and have done so. Fourth, the parties agreed

to initial disclosures on April 7, 2008. Fifth, responses to previously served written discovery are due

on April 11, 2008. However, the parties could not agree on a discovery plan because of differing views

on the amount of time necessary to prepare for trial. Accordingly, this proposed discovery plan is

submitted on behalf of plaintiff classes in Coleman and Plata, as well as CCPOA.

The plaintiff classes in this action suffer continuing and substantial harm because the prison

overcrowding makes impossible the delivery of constitutionally adequate medical and mental health

care on a system-wide basis. As Governor Schwarzenegger has stated in his October 2006

Proclamation, overcrowding has created an emergency within the California prison system. Plaintiffs

maintain that overcrowding is the primary cause of the unconstitutional conditions and that prisoners

are dying and suffering severe injury as a result.

Accordingly, the case should proceed to trial at the earliest possible time. To facilitate that

request, plaintiffs propose to limit discovery to the absolute minimum. They propose that further

discovery be limited to an exchange of trial witnesses, including experts, and the depositions of those

witnesses.[2]

While accelerated, plaintiffs' proposed trial schedule is in keeping with this Court's October 10,

2007 Order setting forth the initial trial schedule, which sought to avoid undue delay. (Order

Bifurcating Proceedings and Setting Deadlines for Phase I, at p. 5, Dkt # 880.) There, this Court

ordered the parties to complete their expert reports in 30 days, and be prepared for trial in less than

---

[2] Plaintiffs propose this very limited discovery plan due to the severity of the crisis and the urgent need for relief. If the Court disagrees that an expedited schedule must be set, plaintiffs respectfully reserve the right to amend their discovery plan. In particular, a delayed schedule may necessarily require supplemental documents and evidence.

four months. The Three-Judge Panel granted intervenors "full participant" status in these proceedings on February 8, 2008. Scheduling the trial in mid-June preserves the Three-Judge Panels' intent and still would permit the intervenors more than four months from the February 8 Order to prepare for trial.

With these limitations and the ongoing overcrowding crisis in mind, plaintiffs propose the following:

**B.**    **Plaintiffs' and Plaintiff-Intervenor CCPOA's Rule 26(f) Discovery Plan**

1.    <u>Changes to Rule 26(a) disclosures:</u> None. Plaintiffs will make their initial disclosures on March 14, 2008. CCPOA will make initial disclosures no later than April 1, 2008.

2.    <u>Subjects and Timing for discovery</u>

a)    Subjects for discovery: Plaintiffs will depose the trial witnesses, including expert witnesses, designated by defendants and the intervenors, on whether overcrowding is the primary cause of the constitutional violations, whether any other relief will remedy the violation, and the impact of a prisoner release order on public safety. Plaintiffs will conduct no other discovery.

b)    Timing:

(1)    4/7/08 – Responses to previously served written discovery due.

(2)    4/14/08 – Parties exchange witness lists, including identification of experts (with CV's and general topics for testimony).

(3)    4/28/08 – Parties exchange expert reports.

(4)    5/19/08 – Close of discovery

INTERVENORS', DEFENDANTS', AND PLAINTIFFS' PROPOSED DISCOVERY PLANS
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 THE

3. <u>Disclosure Issues</u>:

    a)    Plaintiffs' Discovery Responses: Plaintiffs have provided intervenors a copy of plaintiffs' discovery responses and expert reports, to date. Additionally, plaintiffs have provided intervenors with a list of the depositions taken, with deponent names, dates and the recording agent.

    b)    Defendants' Discovery Responses: Defendants have represented that they would provide the intervenors with the documents that have been produced to plaintiffs in response to plaintiffs' requests for documents. Plaintiffs are informed and believe that many of those documents have already been provided.

4. <u>Privilege issues</u>: Plaintiffs' and defendants' privilege disputes are currently under submission with the discovery Magistrate Judge.

5. <u>Changes in limitations on discovery</u>:

    a)    Consistent with the Three-Judge Panel's October 10, 2007 Order, Local Rule 78-230 should not be followed in this action, and the parties should file motions without a noticed hearing date. The Court should thereafter issue an order setting, if appropriate, a hearing date and briefing schedule.

6. <u>Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) or (c)</u>: Plaintiffs propose the following trial schedule:

    a)    6/2/08 – pre-trial statement and motions in limine due;

    b)    6/5/08 – oppositions to motions in limine due;

    c)    6/9/08 – pre-trial conference and hearing on motions in limine;

    d)    6/16/08 – trial.

DATED: March 14, 2008          AKIN GUMP STRAUSS HAUER & FELD

                   By: _____/s/Chad Stegeman_____
                       Chad A. Stegeman
                       Attorney for Appellants, Republican Assembly
                       and Senator Defendant-Intervenors

DATED: March 14, 2008          JONES & MAYER

                   By: _____/s/Martin J. Mayer_____
                       Martin J. Mayer
                       Attorney for Appellant and Intervenor Sheriff,
                       Probation, Police Chief, and Corrections
                       Defendant- Intervenors

DATED: March 14, 2008

OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF RIVERSIDE

By: ____/s/William E. Mitchell____
William E. Mitchell
Attorneys for Appellants and Intervenor
District Attorney Defendant-Intervenors

DATED: March 14, 2008

COUNTY OF SANTA CLARA

By: ___/s/Theresa Fuentes_____
Theresa Fuentes
Attorney for County Intervenors

DATED: March 14, 2008

SONOMA COUNTY

By: ____/s/Anne Keck_____
Anne Keck
Attorney for Sonoma County Intervenors

DATED: March 14, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California

By: ____/s/Rochelle C. East____
Rochelle C. East
Supervising Deputy Attorney General
Attorneys for Defendants

DATED: March 14, 2008

HANSEN BRIDGETT MARCUS VLAHOS
& RUDY, LLP

By: ____/s/Paul B. Mello_____
Paul B. Mello
Attorney for Defendants

DATED: March 14, 2008

PRISON LAW OFFICE

By: ___/s/Alison Hardy_____
Alison Hardy
Attorney for Plaintiffs

DATED: March 14, 2008

ROSEN, BIEN & GALVAN, LLP

By: ____/s/Michael W. Bien_____
Michael W. Bien
Attorney for Plaintiffs

INTERVENORS', DEFENDANTS', AND PLAINTIFFS' PROPOSED DISCOVERY PLANS
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 THE

1    DATED: March 14, 2008              CARROLL, BURDICK & McDONOUGH LLP

2                                    By:    /s/Gregg Adam
                                           Gregg Adam
3                                          Attorney for California Correctional Peace
                                           Officers' Association Legal Department
4                                          Intervenors

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERVENORS', DEFENDANTS', AND PLAINTIFFS' PROPOSED DISCOVERY PLANS
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 THE

1
2      I, Chad A. Stegeman, am the ECF user whose ID and password are being used to file the

3  Intervenors', Defendants' and Plaintiffs' Proposed Discovery Plans.  In compliance with General

4  Order 45, X.B., I hereby attest that Martin J. Mayer, William E. Mitchell, Theresa Fuentes, Anne

5  Keck, Rochelle C. East, Paul B. Mello, Alison Hardy, Michael W. Bien and Gregg Adam have

6  concurred in this filing.

7

8          March 14, 2008                    AKIN GUMP STRAUSS HAUER & FELD

9                                            By:/s/Chad A. Stegeman_____
                                               Chad A. Stegeman
10                                             Attorney for Republican Assembly and
                                               Senator Intervenors
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERVENORS', DEFENDANTS', AND PLAINTIFFS' PROPOSED DISCOVERY PLANS
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 THE

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  580 California Street, Suite 1500.  On March 14, 2008, I served the foregoing document(s) described as:

**INTERVENORS, DEFENDANTS AND PLAINTIFFS' PROPOSED DISCOVERY PLANS**

on the interested party(ies) below, using the following means:

| | |
|---|---|
| California State Personnel Board<br>Office of the Attorney General<br>1515 Clay Street, 20th floor<br>P. O. Box 70550<br>Oakland, CA  94612-0550 | Union of American Physicians & Dentists<br>DAVIS, COWELL & BOWE<br>595 Market St., Suite 1400<br>San Francisco, CA  94105 |
| Kristina M. Hector<br>John Hagar<br>California Prison Health Care Receivership<br>Office of the Receiver<br>501 J. Street, Suite 100<br>Sacramento, CA  95814 | Elwood Lui<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA  90071-2300 |
| Peter Siggins<br>California Court of Appeals<br>350 McAllister Street<br>San Francisco, CA  94102 | |

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2008 at San Francisco, California.

Laura Rojas
[Print Name of Person Executing Proof]

_Laura Rojas_
[Signature]