IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No: CIV S-90-0520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| Defendants. | |
| MARCIANO PLATA, et al., | Case No.: C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | **DECLARATION OF KIMBERLY HALL BARLOW REGARDING THE PARTIES' JOINT RULE 26 STATEMENT REGARDING PROPOSED DISCOVERY PLAN** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

I, KIMBERLY HALL BARLOW, declare as follows:

1.    That I am an attorney at law duly licensed to practice law before all the courts of the State of California and I am admitted in both the United States District Courts for the Eastern and Northern Districts of California. I am a partner in the law firm of Jones and Mayer, the attorney of record for the 67 Defendant Intervenors who are Sheriffs, Police Chiefs, Chief Probation Officers and Chief of Corrections. If called upon to testify in this matter, I could and would competently testify to the following facts, which are within my own personal knowledge.

2. Pursuant to Magistrate Judge John F. Moulds's February 13, 2008 order, the Defendants and Defendant-Intervenors submitted to Plaintiffs the following proposed discovery plan and schedule on or about February 25, 2008:

-1-

| | |
|---|---|
| March 14, 2008 to April 25, 2008 | Parties supplement discovery already propounded in view of unified trial; Plaintiffs submit statement of relief sought, or at minimum, submit responses to Defendants' contention interrogatories. |
| May 9, 2008 | Initial Disclosures due |
| August 8, 2008 | All written discovery completed |
| September 8, 2008 | All depositions completed |
| October 3, 2008 | Expert disclosures by all parties |
| October 24, 2008 | Disclosures of rebuttal experts |
| November 14, 2008 | Close of expert discovery |
| December 5, 2008 | Last day to file dispositive motions |
| January (first two weeks) | Hearing on dispositive motions |
| January 22, 2008 | Last day to file motions *in limine*, pre-trial briefs |
| February 5, 2008 | Pre-trial conference; hearing on motions *in limine* |
| February 16, 2008 | Trial |

3. All parties through legal counsel held a conference on February 26, 2008 in San Francisco to discuss the parties' proposals for a discovery schedule and plan and a possible trial date. In addition to the other counsel present at the meeting, my partner Martin Mayer and I were in attendance. Don Specter and Michael Bien, along with six other lawyers were present representing Plaintiffs. Rochelle East, Lisa Tillman and Paul Mello were present on behalf of the Defendant. Additional counsel for Intervenor Plaintiff and other Intervenor Defendants were also present. During the course of our lengthy meeting, all parties agreed on certain dates for exchanges of information designed to expedite the discovery process. All parties agreed to the following items:

-2-

DECLARATION OF KIMBERLY HALL BARLOW  REGARDING THE PARTIES' JOINT RULE 26
STATEMENT REGARDING PROPOSED DISCOVERY PLAN

1   (i). The stay on discovery would be lifted immediately;

2   (ii). All parties, subject to client approval, would exchange the confidential settlement proposals

3   previously submitted to the Settlement Referee and Consultant on or before March 4, 2008;

4

5   (iii). Plaintiffs would provide a proposed statement of relief, in the nature of a "top ten" list on or

6   before March 7, 2008 to allow the Defendants and statutory Intervenors an opportunity to focus

7   on Plaintiffs' proposed relief and to allow the scope of discovery to be narrowed and for

8   discovery to be expedited.

9   (iv). Initial disclosures under FRCP 26(a)(1) would be due on April 7, 2008; and

10

11   (v). Responses to written discovery previously served would be due on April 11, 2008.

12          4.      Counsel for the parties then engaged in a lengthy discussion of an appropriate

13   timeline and methodology for discovery with discussion focusing on an appropriate trial date

14   given the posture of the case, Intervenors' previous inability to participate in discovery, and the

15   fact that Intervenors had not yet received all discovery documents and evidence previously

16   produced in the case.  After significant negotiation, Plaintiffs suggested a July trial date, and

17   Defendants and Intervenors suggested a November trial date based on certain assurances and

18   expectations regarding exchange of previous discovery, etc.  My partner, Martin Mayer, pointed

19   out to Plaintiffs' counsel Don Specter and Michael Bien that we were not that far apart in terms

20

21   of selecting an appropriate time for trial of this matter.  Thereafter, just before the meeting

22   concluded, Plaintiffs' counsel proposed a September trial date.  The parties tentatively agreed to

23   a suggested discovery plan and a September trial date on the understanding that at least some of

24   the attorneys had to verify with their clients that a trial could move forward that quickly.  We all

25   agreed to have a follow up call on Friday, February 29, 2008 to finalize the proposed discovery

26   schedule so that it could be submitted to Magistrate Judge Moulds in a timely fashion.  I left the

27

28

-3-
DECLARATION OF KIMBERLY HALL BARLOW  REGARDING THE PARTIES' JOINT RULE 26
STATEMENT REGARDING PROPOSED DISCOVERY PLAN

meeting with the understanding that the Plaintiffs had proposed and agreed to a September trial date.

5. On September 27, 2008, my partner Martin Mayer and I received a call from Don Specter in which he expressed reservations about setting a September trial date. He expressed to us two concerns regarding a September trial date. First, he pointed out the fact that the State's budget has to be approved by June 30, and indicated that monetary discussions relating to funding of local programs which might be part of any settlement would therefore have to occur in May or June, and setting a September trial date would allow this coming budget to be "by-passed" and potentially delay implementation of any settlement which might be reached. Second, he expressed concern that the Defendants and Intervenors would challenge the factual basis of Plaintiffs' expert reports because the information relied on will "become stale" by a September trial date. I specifically pointed out to Mr. Specter that there was no material difference in terms of "staleness" between a September and July trial date, July being what Plaintiffs' proposed as an alternative to a September trial date. I expressed to Mr. Specter that with regard to his first point, the type of accelerated schedule we would need to follow to try the case in July rather than September would make it very difficult for any of the parties to devote significant time to settlement efforts, and that a negotiated settlement was much more likely if we stuck with the agreed upon September trial date. At the end of our call, Mr. Specter stated that he would think about my points and confer with co-counsel and that he would try to get back to me prior to the scheduled conference call of February 29 to advise whether Plaintiffs would stick with a September trial date or revert to the July trial date they had previously proposed.

6. While I spoke again with Mr. Specter on February 28, 2008, we discussed other matters and not the proposed discovery plan or trial schedule. He did not convey to me during

-4-

DECLARATION OF KIMBERLY HALL BARLOW REGARDING THE PARTIES' JOINT RULE 26
STATEMENT REGARDING PROPOSED DISCOVERY PLAN

1   our conversation on February 28, 2008 any additional concerns regarding a September trial date

2   or state whether Plaintiffs had elected to seek an earlier date for trial.

3          7.      On February 29, 2008, I participated in the parties' planned conference call to

4   attempt to finalize the discovery schedule for submission to the Magistrate Judge and Court.

5   Don Specter was not on the call for Plaintiffs, but Michael Bien was. During that call, to my

6   surprise, Mr. Bien flatly denied that Plaintiffs had ever proposed or agreed, even tentatively, to a

7   September trial date. Mr. Bien also stated that the Defendant had not agreed to a September trial

8   date, but Defense Counsel Paul Mello and Rochelle East both indicated that Defendant would

9   agree to a September trial date if no further e-discovery were initiated by Plaintiffs. Mr. Bien

10  took the position that Plaintiffs want a May trial date, but could compromise on a July trial date.

11  As we were discussing the viability of a July trial date, Mr. Bien indicated that he could not agree

12  to forego any further "e-discovery" directed to the Defendant so that the parties could focus the

13  discovery to prepare for either a July or a September trial date.  Near the end of the call on

14  February 29, 2008, Teresa Fuentes, Counsel for Intervenor Santa Clara County, joined the call.

15  As the discussion of a possible trial date continued, Ms. Fuentes expressed confusion, stating, "I

16  thought we all agreed on a September trial date."

17         8.      On March 6, 2008, Mr. Specter sent an e-mail to Defendant Intervenors in

18  response to a query from Sonoma County Deputy Counsel Anne Keck indicating that the

19  Plaintiffs did not agree with the initial disclosure date of April 7, 2008 or a deadline of April 11,

20  2008 to respond to already outstanding discovery requests.  No alternative dates for these matters

21  was proposed.   A true and correct copy of Mr. Specter's e-mail and Ms. Keck's e-mail to which

22  it was responding, is attached hereto as Exhibit A.

-5-

9.    As required by the Three Judge Court's order and to promote judicial economy, the Defendant Intervenors have made every effort to present their positions jointly. In this regard, we selected a single representative to collect previously exchanged discovery, ordered by the Three Judge Court to have been provided to Defendant Intervenors "as soon as possible." Order Granting in Part Intervenors' Motion for Reconsideration and Order Consolidating Proceedings, filed February 8, 2008, p. 2, ll. 17-18. Defendant Intervenors requested that both Plaintiffs and Defendants provide that discovery to the Intervenors. To date, Plaintiffs have provided no discovery to Intervenors, other than the declarations of their expert witnesses exchanged prior to the February 8th Order. They have provided a list of discovery documents exchanged and of depositions taken in the case. On or about February 28 and February 29, I received from the Defendant approximately 50 discovery demands and corresponding responses previously exchanged by the parties.    While we are diligently reviewing and summarizing the previous discovery in order to determine what additional discovery may need to be propounded, I do not expect to have that finished until the middle of the week of March 17th due to the high volume of previous discovery. In addition, Intervenors have still not received the approximately one million pages of discovery documents exchanged in this matter, making it impossible for Intervenors to determine what documents or other information to exchange in any initial disclosure, what discovery to propound to Plaintiffs and/or Defendants, and what additional research and evaluation Intervenors will need to conduct independently on the issues to be tried in this matter. We do expect to receive the documents produced by Defendants, Plaintiffs, and Intervenors CCPOA by March 14, 2008, in the form of over twenty computer discs of information containing the approximately one million pages of documents, and a hard drive containing an unquantified amount of data.

-6-

DECLARATION OF KIMBERLY HALL BARLOW REGARDING THE PARTIES' JOINT RULE 26
STATEMENT REGARDING PROPOSED DISCOVERY PLAN

1    10.    At the request of Plaintiffs and the Court appointed Settlement Referee, the parties

2    have an all day settlement conference scheduled for March 14, 2008 in Sacramento, California.

3    Preparing for and attending this settlement conference also contributes to the difficulty in doing

4    an initial disclosure under Federal Rule of Civil Procedure Rule 26 on or before March 14, 2008.

5    I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.  Executed this 13th day of March, 2008 at Fullerton, California.

7

8                                    _____

9                                    Kimberly Hall Barlow

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

DECLARATION OF KIMBERLY HALL BARLOW  REGARDING THE PARTIES' JOINT RULE 26
STATEMENT REGARDING PROPOSED DISCOVERY PLAN

1    I, Chad A. Stegeman, am the ECF user whose ID and password are being used to file

2  this Declaration of Kimberly Hall Barlow Regarding The Parties' Joint Rule 26 Statement

3

4  Regarding Proposed Discovery.  In compliance with General Order 45, X.B., I hereby attest

5  that Kimberly Hall Barlow have concurred in this filing.

6       March 14, 2008                          AKIN GUMP STRAUSS HAUER & FELD

7                                               By: /s/Chad A. Stegeman
                                                   Chad A. Stegeman
8                                                  Attorney for Republican Assembly and
                                                   Senator Intervenors

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KIMBERLY HALL BARLOW REGARDING THE PARTIES' JOINT RULE 26
STATEMENT REGARDING PROPOSED DISCOVERY PLAN

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500. On March 14, 2008, I served the foregoing document(s) described as:

**DECLARATION OF KIMBERLY HALL BARLOW REGARDING THE PARTIES' JOINT RULE 26 STATEMENT REGARDING PROPOSED DISCOVERY PLAN**

on the interested party(ies) below, using the following means:

| | |
|---|---|
| California State Personnel Board<br>Office of the Attorney General<br>1515 Clay Street, 20th floor<br>P. O. Box 70550<br>Oakland, CA 94612-0550 | Union of American Physicians & Dentists<br>DAVIS, COWELL & BOWE<br>595 Market St., Suite 1400<br>San Francisco, CA 94105 |
| Kristina M. Hector<br>John Hagar<br>California Prison Health Care Receivership<br>Office of the Receiver<br>501 J. Street, Suite 100<br>Sacramento, CA 95814 | Elwood Lui<br>Jones Day<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071-2300 |
| Peter Siggins<br>California Court of Appeals<br>350 McAllister Street<br>San Francisco, CA 94102 | |

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2008 at San Francisco, California.

Laura Rojas
[Print Name of Person Executing Proof]

*Laura Rojas*
[Signature]