1    IN THE UNITED STATES DISTRICT COURTS

2    FOR THE EASTERN DISTRICT OF CALIFORNIA

3    AND THE NORTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                           Plaintiffs,

9              v.                                    NO. CIV S-90-0520 LKK JFM P

10   ARNOLD SCHWARZENEGGER,                          **THREE-JUDGE COURT**
     et al.,

11

12                          Defendants.

13   MARCIANO PLATA, et al.,

14                          Plaintiffs,

15             v.                                    NO. C01-1351 TEH

16   ARNOLD SCHWARZENEGGER,                          **THREE-JUDGE COURT**
     et al.,
17                                                   ORDER

18                          Defendants.

19

20        Pursuant to this court's February 14, 2008 order, all parties to this action, including

21   intervenors, were required to (1) on or before February 29, 2008, participate in a discovery

22   planning conference pursuant to Fed. R. Civ. P. 26(f); (2) on or before March 14, 2008,

23   comply with the requirements of Fed. R. Civ. P. 26(a)(1); and (3) on or before March 14,

24   2008, file a written report outlining the proposed discovery plan resulting from the Rule 26(f)

25   conference.

26        On March 14, 2008, plaintiffs, defendants and intervenors filed a document styled

27   "Intervenors', Defendants' and Plaintiffs' Proposed Discovery Plans" (hereafter Proposed

28   Discovery Plans).  Therein, the District Attorney, Law Enforcement, and Legislator

Intervenors, collectively identified as the Defendant-Intervenors, and the County and Sonoma County Intervenors, collectively identified as the Statutory-Intervenors, request until April 7, 2008 to comply with the requirements of Fed. R. Civ. P. 26(a)(1). (Proposed Discovery Plans, at 2-3.) This request is predicated on their contention that an extended time for initial disclosures will allow these intervenors "adequate time to review the documents produced by the parties, the written discovery responses, and the depositions conducted in then-Phase I of these proceedings," documents which they were not to receive until March 14, 2008. (Id. at 2-3.) These intervenors also request the extension to allow "sufficient time" for coordination among themselves. (Id. at 3.) Plaintiffs and the CCPOA-Intervenors "agreed" to this date for initial disclosures by the Defendant-Intervenors and the Statutory-Intervenors. (Id. at 8.) The CCPOA-Intervenors, without requesting an extension of time, represent that they "will make initial disclosures no later than April 1, 2008." (Id. at 9.)

This court's February 14, 2008 order set March 14, 2008 as the deadline for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by all parties in these proceedings, including intervenors. Rule 6 of the Federal Rules of Civil Procedure authorizes the court to extend the time for compliance with court orders "for good cause." Fed. R. Civ. P. 6(a).[1] Rule 26(a)(1)(E) provides:

> Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed.R.Civ.P. 26(a)(1)(E). The reasons preferred in support of the Defendant-Intervenors' and Statutory-Intervenors' request to extend their time to make initial disclosures is grounded in (1) non-receipt of the other parties' disclosures; and (2) the need to gather and coordinate the disclosures of numerous individual members of these intervenor groups. In accordance

---

[1] The Local Rules of this Court, with limited exceptions not applicable here, apply to these proceedings. See Order filed October 10, 2007, at 7. Local Rule 6-144(d) provides that requests for extension brought on the day of the deadline "are looked upon with disfavor."

with the provisions of Fed.R.Civ.P. 26(a)(1)(E), neither of these reasons is an acceptable excuse for failure to make initial disclosures.  Nor do they constitute "good cause" to support the requested extension, particularly where, as here, the request is made on the date initial disclosures were due.

The request for an extension of time until April 7, 2008 to make initial disclosures will be denied.  The Defendant-Intervenors, the Statutory-Intervenors, and the CCPOA-Intervenors shall make their initial disclosures in accordance with the requirements of Fed. R. Civ. P. 26(a)(1) not later than 4:30 p.m. on March 27, 2008.

Rule 26(f)(3)(B) provides that "[a] discovery plan must state the parties' views and proposals on . . . (B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues."  Fed.R.Civ.P. 26(f)(3)(B).  None of the proposed discovery plans tendered by the parties contain any description of the subjects on which discovery may be needed in these proceedings.[2]  The court is unable to adequately assess the disparate proposed deadlines for completion of discovery without this information.  Accordingly, all parties, including intervenors, will be directed to meet and confer in person to discuss the contents of a joint statement setting forth all claims and defenses to be presented in this action, identifying the party or parties who will be tendering the claims and defenses so identified, and identifying what, if any, discovery may be needed for each claim and defense so identified.  Said conference shall take place on or before March 25, 2008, and the joint statement shall be filed and served on or before 4:30 p.m. on March 28, 2008.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Defendant-Intervenors, the Statutory-Intervenors, and the CCPOA-Intervenors shall make their initial disclosures in accordance with the requirements of Fed. R. Civ. P. 26(a)(1) not later than 4:30 p.m. on March 27, 2008.

---

[2]  On March 7, 2007, plaintiffs apparently provided to defendants and the intervenors a statement of the relief they seek.  That statement was not filed with the court.

1        2. On or before March 25, 2008, all parties, including intervenors, will be directed to

2    meet and confer in person to discuss the contents of a supplement to the Rule 26(f) discovery

3    plans filed on March 14, 2008 which shall consist of a joint statement setting forth all claims

4    and defenses to be presented in this action, identifying the party or parties who will be

5    tendering the claims and defenses so identified, and identifying what, if any, discovery may

6    be needed for each claim and defense so identified.

7        3. The joint statement described in paragraph 2 of this order shall be filed and served

8    on or before 4:30 p.m. on March 28, 2008.

9    Dated:  March 18, 2008.

10

11

12    UNITED STATES MAGISTRATE JUDGE

13

14

15    12
    discovery15.o

16

17

18

19

20

21

22

23

24

25

26

27

28

    4