
EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, SBN 126424
KYLE A. LEWIS, SBN 201041
MISHA D. IGRA, SBN 208711
CHARLES J. ANTONEN, SBN 221207
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5708
 Fax:  (415) 703-5843
 Email: Charles.Antonen@doj.ca.gov

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2282, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.**,<br><br>          Defendants. | 2:90-cv-0520 LKK JFM<br><br>**THREE-JUDGE PANEL** |
| **MARCIANO PLATA, et al.,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.**,<br><br>          Defendants. | No.  C01-1351 TEH<br><br>**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>**To:  Magistrate Judge Moulds** |

////

Defs.' Mot. Re: Protective Order     *Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1

# I.
# INTRODUCTION

On January 28, 2008, the Court denied Defendants' previous request for a protective order. The Court expressed several concerns regarding the previous version of Defendants' protective order. Nevertheless, the Court indicated that it would be willing to enter a protective order ensuring that any documents produced during the course of the three-judge panel proceedings could only be utilized in the three-judge panel proceedings. Defendants extensively revised their proposed protective order to take into account the concerns expressed by the Court and circulated this revised protective order to all parties in this proceeding. Plaintiffs' counsel indicated that they unequivocally opposed Defendants' revised protective order. As Plaintiffs' objections to Defendants' revised protective order are not well taken, Defendants request that the Court enter the attached protective order.

# II.
# FACTUAL BACKGROUND

**A.    The Existing *Coleman* and *Plata* Protective Orders are Inadequate.**

In the *Coleman* and *Plata* matters, the parties have entered into stipulated protective orders to protect sensitive information provided to Plaintiffs' counsel. For example, in *Coleman,* the 1992 stipulated protective order specifically prohibits Plaintiffs' counsel from using any produced materials to develop or prepare "any other litigation." (*Coleman* Stipulated Protective Order ¶ 6.) And in *Plata,* Plaintiffs' counsel agreed that confidential material would be "used solely in connection with the above-captioned action and not for any other purpose, including other litigation . . . ." (*Plata* Stipulated Protective Order ¶ 5.)

Those protective orders, however, are primarily limited to the dissemination of sensitive personal information about inmate class members within the California Department of Corrections and Rehabilitation (CDCR). The existing *Coleman* and *Plata* protective orders do not protect the personal and private information of inmates who are not *Coleman* and *Plata* class

members.[1]  Moreover, those protective orders do not protect the personal and private information of CDCR staff members.  *See* CAL. PENAL CODE § 832.7.  Defendants' revised protective order addresses this disconnect and seeks to protect sensitive documents excluded from the protection of existing protective orders.

### B. Plaintiffs' Counsel Has Filed Other Class Action Suits Against Defendants.

Defendants request that documents produced during the course of the three-judge panel proceedings only be utilized in the three-judge panel proceedings because Plaintiffs' counsel has filed numerous other class-action lawsuits against Defendants.  For example, in 1994, Plaintiffs' counsel filed a class-action suit concerning the rights of physically disabled inmates, entitled *Armstrong v. Wilson*, USDC N.D. Cal. Case No. C94-2307.  Two years later, Plaintiffs' counsel filed a class-action suit concerning the rights of developmentally disabled inmates, entitled *Clark v. California*, USDC N.D. Cal. Case No. C96-146.  And in 2005, the same Plaintiffs' counsel filed a class-action suit concerning the provision of dental care at CDCR, entitled *Perez v. Tilton*, USDC N.D. Cal. Case No. C05-5241 JSW.  The cases filed by Plaintiffs' counsel are in various stages of resolution, with some already in compliance phase, while others are being actively litigated.

### III.

### LEGAL ARGUMENT

### A. Good Causes Exists for Granting the Protective Order Requested by Defendants.

This Court has the discretion to issue a protective order.  Fed. R. Civ. P. 26(c).  In fact, this Court has previously issued a protective order to safeguard the privacy of the certified class members in the *Coleman* action.  Defendants request a protective order to safeguard the sensitive nature of certain categories of documents produced during the course of the three-judge panel

---

1.  For instance, the *Coleman* and *Plata* protective orders do not shield the identities of non-caseload inmates evaluated and found not to have the diagnosis of paraphilia.  This type of evaluation takes place before an inmate is discipline for exhibitionist acts and documents pertaining to these types of evaluations have been produced to Plaintiffs' counsel throughout the course of the three-judge panel proceeding.

proceedings and to ensure any documents produced are not used in any other proceedings. Specifically, Defendants believe a protective order should be in place to with respect to documents that:

    (1)    contain personal identifying information regarding any individual, including but not limited to inmates, patients, parolees, and employees of any of the parties;

    (2)    contain information impacting the right of privacy regarding any individual, including but not limited to inmates, patients, parolees, and employees of any of the parties;

    (3)    pertain to prison safety or prison security;

    (4)    pertain to sensitive communications or reflect the deliberative process on the ground that, although the documents were not withheld from the parties on the basis of privilege, they should nonetheless be protected from broader public disclosure because the interest in broader public disclosure of the documents is outweighed by the interest in limiting the use of the documents to the instant proceeding.

(Defs.' Protective Order ¶ 4.)

This request for a protective order is supported by good cause. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir 1975). First, Plaintiffs should readily concede that a protective order is necessary to protect personal identifying information and information impacting an individual's right to privacy. Plaintiffs' counsel has insisted upon such protections for their clients through the pre-existing *Coleman* and *Plata* protective orders. It is unreasonable and illogical that such protections do not apply to all individuals' personal identifying information and private information.

Second, a protective order should shield documents that pertain to prison safety or prison security. Defendants have withheld the vast majority of such documents on the basis of official information privilege and Plaintiffs do not dispute this assertion of privilege. Nevertheless, due to the nature of Plaintiffs' discovery requests, documents have been produced that impact prison safety and prison security issues. While the most sensitive documents have been withheld on the basis of privilege, a protective order should be issued to ensure that the public is adequately protected.

Third, Defendants believe a protective order is necessary to ensure that sensitive communications reflecting Defendants' deliberative process are protected. For example, such sensitive communications would include Budget Change Proposals for government agencies that are not defendants in this proceeding. Moreover, due to the electronic format of some of the documents and spreadsheets, sensitive budget information for non-parties has been produced to Plaintiffs' counsel. Courts have recognized that the deliberative-process privilege, along with the other privileges asserted by Defendants, are supported by significant societal interests. Specifically, the deliberative-process privilege enables the uninhibited pre-decisional discussion of policy options without fear of disclosure. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).

Here, Plaintiffs' counsel cannot articulate a cogent reason for opposing the entry of a protective order. Plaintiffs will be able to use documents produced by Defendants for this three-judge panel proceeding and will not be harmed by Defendants' proposed protective order. In contrast, both Defendants and the societal interest in free and frank discussion will be endangered by the dissemination of sensitive documents to persons outside of this litigation, or the use of these sensitive documents in pending and future cases brought by Plaintiffs' counsel.

**B.    Documents Produced During the Three-Judge Panel Proceedings Should Only Be Utilized in the Three-Judge Panel Proceedings.**

In addition to protecting the narrow categories of documents specified above, Defendants believe it is necessary to ensure that any documents produced during the course of the three-judge panel litigation are utilized solely in connection with the three-judge panel proceeding. (Defs.' Protective Order ¶ 16.) It is generally accepted that a party does not have the right to use pre-trial discovery in one case for the prosecution of another. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-34 (1984); *Sasu v. Yoshimura*, 147 F.R.D. 173, 176 (N.D. Ill. 1993). Such a restriction is permitted because under the federal rules of civil procedure, parties and related persons often have no choice but to divulge information they would not otherwise freely share. To allow a party to use that information for purposes unrelated to the litigation and in a manner which harms the giver of that information is abusive, and courts have a significant interest in

Defs.' Mot. Re: Protective Order            *Coleman v. Schwarzenegger,* Case No. 90-0520
                                            *Plata v. Schwarzenegger,* Case No. 01-1351
5

preventing such usage. *Seattle Times Co.*, 467 U.S. at 33-34; *see also Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 143 F.R.D. 109, 113 (W.D. Tex. 1992) ("To allow a party to use information for purposes unrelated to the litigation and in a manner which harms the giver of that information is abusive.")

Except for this extraordinary three-judge panel proceeding, discovery in both *Coleman* and *Plata* has been closed since both cases entered their respective remedial phases. In fact, the *Coleman* Court has closely delineated Plaintiffs' counsel's role in the remedial phase. For example, in *Coleman,* Defendants are usually permitted to deliberate and submit plans borne from their own expertise in correctional health care, in accordance with their own decision-making processes. (Tillman Decl. ¶ 2.) Plaintiffs' counsel is typically only permitted to comment on a plan once Defendants have completed their decision-making process and the plan is submitted to the *Coleman* Court for review and approval. (Tillman Decl. ¶ 3.) Plaintiffs' counsel is now attempting to upset this balance by providing their unsolicited input and comments on various draft policy documents. (Tillman Decl. ¶¶ 5-6.)

This intrusion into Defendants' development of plans and reports responsive to the *Coleman* Court orders is not appropriate. In the past, absent a specific order instructing Defendants to work with Plaintiffs' counsel, the *Coleman* Court has not permitted such an intrusion by Plaintiffs' counsel. (Tillman Decl. ¶¶ 4, 7.) Good cause exists for this delineation of authority because, while the *Coleman* Court may order Defendants to work on developing the foundational elements of a constitutionally adequate mental health care system, it is Defendants' role to develop and implement the specifications of a constitutionally compliant system within the unique framework of the California correctional system. Plaintiffs' counsel's attempt to insert themselves in this process will hinder Defendants' decision-making abilities and directly contravene Defendants' statutory and constitutional roles as the leaders of various California state agencies.

In addition to *Coleman,* Plaintiffs' counsel frequently litigates with Defendants regarding prison condition issues. Therefore, it is likely that Plaintiffs will seek to introduce discovery obtained in the three-judge panel proceeding into these other cases. As in *Coleman,* this action

Defs.' Mot. Re: Protective Order    *Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351
Defs.' Mot. Re: Protective Order    *Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

6

may adversely affect these other cases, since these cases are in various stages of resolution. Consequently, any discovery responses provided during the course of the three-judge panel proceedings should be utilized solely in connection with the three-judge panel proceeding.

### C. Defendants' Revised Protective Order Addresses the Concerns Raised by the Court on January 28, 2008.

At the January 28, 2008 hearing, the Court expressed concern regarding a previous version of Defendants' proposed protective order. Specifically, the Court was concerned that this version of Defendants' protective order conflicted with the holdings of *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122 (9th Cir. 2003) and *Phillips ex. rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206 (9th Cir. 2002). Defendants extensively revised the protective order to address these concerns.

In accordance with *Foltz* and *Phillips,* the revised protective order is specific regarding the types of documents that it seeks to protect. As demonstrated above, good cause exists to protect the four narrow, enumerated categories of documents. Moreover, *Foltz* and *Phillips* primarily concerned public access to documents filed under seal. Under the revised protective order, documents are not automatically filed under seal. Instead, to the extent a particular document is subject to the protective order, the revised protective order requires the parties to meet and confer regarding whether filing the document under seal is appropriate. (Defs.' Protective Order ¶ 8.) Defendants hope that through this meet and confer process the parties will be able to balance the common law right of access to judicial records discussed at length in *Foltz* and *Phillips*.

////
////
////
////
////
////
////

## IV.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court enter the attached protective order.

Dated: March 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

  /s/ Charles J. Antonen
CHARLES J. ANTONEN
Deputy Attorney General
Attorneys for Defendants

Defs.' Mot. Re: Protective Order    *Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

8