EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
CHARLES ANTONEN – State Bar No. 221207
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5711
Facsimile:  (415) 703-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov
charles.antonen@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT**<br><br>To:  Magistrate Judge Moulds |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PROTECTIVE ORDER** |

- 1 -

PROTECTIVE ORDER
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

In an effort to provide the parties with broad access to non-privileged documents in this three-judge panel proceeding, while at the same time protecting confidential materials, this protective order is adopted in this proceeding. This protective order is intended to supplement the existing protective orders in the *Plata* and *Coleman* cases, and is not intended to modify or rescind those prior orders.

## I.

## DEFINITIONS

1. "PROCEEDING" shall mean the above-captioned three-judge panel proceeding and any appeal of that proceeding.

2. "PARTIES" shall mean all parties of record in the proceeding, including all intervenors, and it shall also include all counsel of record in the proceeding, including their employees, contractors, representatives, and agents.

3. "DOCUMENTS" shall mean any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

4. "CONFIDENTIAL MATERIALS" shall include all DOCUMENTS produced in the course of the PROCEEDING that:

(a) contain personal identifying information regarding any individual, including but not limited to inmates, patients, parolees, and employees of any of the PARTIES;

(b) contain information impacting the right of privacy regarding any individual, including but not limited to inmates, patients, parolees, and employees of any of the PARTIES;

(c) pertain to prison safety or prison security;

(d) pertain to sensitive communications or reflect the deliberative process on the ground that, although the DOCUMENTS were not withheld from the PARTIES on the basis of privilege, they should nonetheless be protected from broader public disclosure because the

1  interest in broader public disclosure of the documents is outweighed by the interest in limiting the
2  use of the documents to the instant proceeding.

**II.**

**PROCEDURES FOR USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

5.  CONFIDENTIAL MATERIAL shall be protected by the PARTIES, and may only be disclosed in a manner consistent with this protective order, and only as necessary for the conduct of the PROCEEDING.  CONFIDENTIAL MATERIAL shall not be used for any other purpose, and shall not be used in any other lawsuit, action or other matter.

6.  CONFIDENTIAL MATERIAL may only be disclosed to the following persons or entities:

  (a) the PARTIES;

  (b) court personnel and stenographic reporters engaged in any aspect of the PROCEEDING;

  (c) experts or consultants retained by the PARTIES in this PROCEEDING;

  (d) witnesses testifying during any aspect of the PROCEEDING or designated by the PARTIES in this PROCEEDING.

7.  With the exception of the PARTIES and court personnel, to whom this protective order already applies, CONFIDENTIAL MATERIAL shall not be disclosed to any person or entity unless that person or entity first agrees in writing, or on the record in the PROCEEDING, to the terms and conditions of this protective order, and agrees to the jurisdiction of the three-judge panel regarding enforcement of this protective order.  The disclosing party shall retain the written agreement, and shall provide a copy of the written agreement to the PARTIES within seven days after the agreement is signed.

8.  Prior to filing CONFIDENTIAL MATERIAL with the court, the PARTIES shall meet and confer about filing the CONFIDENTIAL MATERIAL under seal.  If the PARTIES do not reach agreement during meet and confer, the CONFIDENTIAL MATERIAL shall not be filed until the party contesting the filing has a reasonable opportunity to request filing under seal from the court.

- 3 -

PROTECTIVE ORDER
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1    9.    CONFIDENTIAL MATERIAL filed under seal shall be labeled with a cover sheet bearing the case name and number, along with the following statement: "This document is subject to a protective order in this case and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept under seal by the court clerk.

10.    All persons and entities having access to CONFIDENTIAL MATERIAL shall not make copies of the CONFIDENTIAL MATERIAL except as necessary for the PROCEEDING, and they shall maintain control of any such copies in compliance with this protective order.

11.    All CONFIDENTIAL MATERIAL shall be maintained with adequate security to ensure compliance with this protective order. The PARTIES shall maintain a record of the persons and entities granted access to CONFIDENTIAL MATERIAL.

12.    Each person or entity having access to CONFIDENTIAL MATERIAL shall not disclose or discuss the content of the CONFIDENTIAL MATERIAL except as provided in this protective order.

13.    Nothing in this protective order shall prevent any person or entity from accessing or using CONFIDENTIAL MATERIALS as otherwise authorized in the normal scope of their official duties.

## III.

## DISPOSITION OF CONFIDENTIAL MATERIAL UPON TERMINATION OF THE PROCEEDING

14.    After the PROCEEDING is closed, terminated or otherwise concluded, each person or entity who has possession, custody or control of CONFIDENTIAL MATERIAL shall return the CONFIDENTIAL MATERIAL to the originating party.

## IV.

## MISCELLANEOUS PROVISIONS

15.    The terms and conditions of this protective order are without prejudice to the right of any party:

(a) to apply to the court for a different protective order or for a modification of this protective order;

- 4 -

PROTECTIVE ORDER
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

    (b) to object to a discovery request;

    (c) to withhold documents on the basis of privilege;

    (d) to apply to the court for an order compelling production of documents;

    (e) to apply for an order permitting disclosure of any CONFIDENTIAL MATERIAL.

  16. All DOCUMENTS produced by any PARTY during the course of the PROCEEDING shall be used solely in connection with the PROCEEDING. The PARTIES agree that any DOCUMENT produced during the course of the PROCEEDING shall not be used or disseminated for any other purpose, including but not limited to pending or future litigation in any court.

  17. The PARTIES are bound by the terms of the Non-Waiver and Confidentiality Agreement dated October 23, 2007, which is attached as Exhibit A.

IT IS SO ORDERED:

Dated: _____  _____
                     United States Magistrate Judge

# EXHIBIT A

## NON-WAIVER AND CONFIDENTIALITY AGREEMENT ("Agreement")

WHEREAS, the parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including Electronically Stored Information ("ESI"), that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure or other applicable source of law;

WHEREAS, some of the ESI and other documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence ("Privileged Material") and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Material");

WHEREAS, some of the produced ESI and other documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Work-Product Material");

WHEREAS, the parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some Work Product Material and Privileged Material ("Protected Material") may be inadvertently disclosed to the other party during the course of this litigation;

WHEREAS, the volume of potentially discoverable ESI may substantially increase the total volume of documents that will be produced by the parties, thereby exacerbating the risk of inadvertent disclosure of Protected Material;

WHEREAS, the undersigned parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material; and (b) keep disclosed Protected Material confidential to the maximum extent possible;

IT IS HEREBY STIPULATED AND AGREED by the parties that the following clauses of this Agreement shall govern the disclosure of Protected Material in this action.

I. NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

2. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

3. Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property.

4. To the extent there may be inconsistency between the aforementioned stipulations in this Agreement and Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

## II. CONFIDENTIAL TREATMENT OF PROTECTED MATERIAL

5. If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Agreement, the party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Agreement, make its best efforts to retrieve the Protected Material, and promptly inform the producing party of the disclosure.

## III. GENERAL PROVISIONS

6. Except for the outstanding protective orders in *Coleman v. Schwarzenegger, et al.*, Case No. CIV S-90-0520 LKK JFM and *Plata v. Schwarzenegger, et al.*, Case No. C 01-CV-1351 TEH, this Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

7. This Agreement shall be binding on the parties hereto when signed regardless of whether or when the court enters its Agreement thereon.

8. Nothing herein shall prevent any party from applying to the court for a modification of this Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an

Agreement between the parties to any modification of this Agreement, subject to the approval of the court.

9. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

10. The effective date of this Agreement shall be October 23, 2007.

Dated: 10/31/07

EDMUND G. BROWN JR.
Attorney General of the State of California

*[signature]*

Charles J. Antonen, State Bar No. 221207
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
415-703-5443

Dated: 10/30/07

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

*[signature]*

Paul B. Mello, State Bar No. 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
415-777-3200

Dated: Oct 27, 2007

PRISON LAW OFFICE

*[signature]*

Vibeke Martin, State Bar No. 209499
2173 East Francisco Blvd., Ste. M
San Rafael, CA 94901
415-457-9144

Dated: Oct 24, 2007

ROSEN, BIEN & GALVAN, LLP

*[signature]*

Michael W. Bien, State Bar No. 96891
315 Montgomery St., 10th Floor
San Francisco, CA 94104
415-433-6830
Amy WHELAN, State Bar No. 215675