IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER DENYING COUNTY INTERVENORS' MOTION TO MODIFY FEBRUARY 8, 2008 ORDER</u> |

  On March 10, 2008, the Counties of Santa Clara, Santa Barbara, San Mateo, Solano, and Sonoma, including the Sonoma County Sheriff, District Attorney, and Chief Probation Officer ("County Intervenors"), filed a motion to modify this Court's February 8, 2008 order. The County Intervenors do not oppose the portions of the order consolidating trial, nor do they oppose the provisions governing the involvement of intervenors' counsel during discovery. Instead, they raise only two challenges to the portions of the February 8, 2008 order that govern the involvement of intervenors' counsel at trial and during motion practice:

first, that these provisions violate California law regarding the role of county counsel and, second, that the County Intervenors' have distinct interests from other intervenors and therefore cannot be represented by the same counsel.

The Court finds the County Intervenors' first argument to be without merit. Relying on California Government Code sections 25203, 26526, 26529, the County Intervenors contend that they must be represented by county counsel because their respective boards of supervisors have not authorized retention of outside counsel by a two-thirds majority vote. However, the County Intervenors' failure to challenge the Court's orders limiting counsel's participation during discovery implicitly concedes that state law is not violated by the Court's limitations on the participation of intervenors' counsel. Litigation is not limited to trial and motion practice; to the contrary, it also includes pretrial activities such as discovery. Moreover, the Court's order merely requires county counsel to coordinate with counsel for other intervenors to improve the efficiency of the proceedings before this Court; it does not require the County Intervenors to employ outside counsel, as contemplated by California Government Code section 25203, nor does it eviscerate the role of county counsel as the County Intervenors' legal advisors.

The Court does find some merit to the County Intervenors' second argument, but it concludes that the County Intervenors have failed to make the requisite showing that their interests are so divergent from those of other intervenors that a modification of the Court's February 8, 2008 order is necessary to ensure their effective representation. Accordingly, the Court DENIES the County Intervenors' motion for modification WITHOUT PREJUDICE to demonstrating that due process would be violated in a specific instance if separate counsel were not allowed to participate at trial due to an actual and material conflict among intervenors. The parties shall present in their joint pretrial conference statement any such arguments for the need for separate counsel to participate at trial. These arguments shall be tailored to individual witnesses, identify the asserted conflicts with specificity, and explain why a due process violation would result if separate counsel were not allowed to question the witness at trial.

Similarly, if an intervenor contends that due process requires that it be separately represented during motion practice, then it shall seek leave of court to do so. For discovery motions, the magistrate judge shall decide in the first instance whether leave shall be granted. The arguments in the motion requesting leave must identify the asserted conflict with specificity and explain why a due process violation would result if leave were not granted.

The Court finds that the above procedures most effectively balance the due process rights of intervenors and the Court's right to manage its docket. Counsel are forewarned that frivolous motions or requests for separate participation at trial or during motion practice will not be tolerated and will be subject to sanctions.

**IT IS SO ORDERED.**

Dated: 03/18/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 03/18/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 03/18/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA