EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5205
 Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RALPH COLEMAN, et al., | CASE NO.: 2:90-cv-00520 LKK JFM P |
|---|---|
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THIRD QUARTER 2007 ATTORNEY FEES** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | Date: April 10, 2008 |
| Defendants. | Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Hon. John F. Moulds |

## I.

## INTRODUCTION

Plaintiffs ask this Court to determine their entitlement to fees for their Third Quarter 2007 work in preparing for the Three-Judge Panel proceeding on a prisoner release order. This Court's jurisdiction does not extend to fee disputes arising from proceedings in another forum. Further, without a ruling from the Three-Judge Panel on the prisoner release order, Plaintiffs are not prevailing parties in that distinct litigation occurring in a different forum and are not entitled

//

to fees related to that work. This Court should dismiss the motion to compel attorney fees for lack of jurisdiction.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

For the sake of a cohesive brief, Defendants respectfully recount this factual and procedural background relevant to the attorney fee issue in this matter.

Plaintiff class members sued in 1990 over the conditions of mental health care in California prisons and were granted permanent injunctive relief in 1995. Defendants were directed to develop and implement remedial plans and the court appoint a special master to monitor compliance with the injunction. *Coleman v. Wilson*, 912 F. Supp. 1282 (1995).

The parties stipulated to, and the court approved, the procedure for the periodic collection of attorneys' fees and costs by Plaintiffs' counsel. (Stip. & Order, 3/20/96, Docket No. 673.)

After the Prison Litigation Reform Act became effective in 1996, further litigation ensued over its application to the fees in this case. In 1997, this Court issued Findings and Recommendations granting Plaintiffs' motion to compel payment of certain attorney fees and rejecting Defendants' contention that the PLRA limited certain attorney fees that could be awarded to Plaintiffs' counsel in this action. (F & R, 8/15/97, Docket No. 872.) Those Findings and Recommendations were adopted by the district court. (Order, 9/30/97, Docket No. 887.) Defendants appealed the district court's decision, but the appeal was dismissed. (9th Circuit Judgment, 12/17/98, Docket No. 1005.)

On December 24, 1998, the parties agreed to dismiss and merge certain pending issues in another class action, *Gates v. Gomez*, Case No. CIV S-87-1636, into the *Coleman* case. (Ex. 1, *Coleman* Stipulation and Order Amending Plaintiff Class, 12/24/98, 3:16-4:10, ¶ 3.) In that stipulation, the parties agree to be "bound by the decision of the Ninth Circuit in *Madrid v. Gomez*, No. 97-16237, when final, as to the application of the PLRA for monitoring work, assuming the Supreme Court has not held to the contrary in another case." (*Id.* at 3:16-4:10, ¶ 5.)

//

The *Madrid* court upheld the lower court's decision that the PLRA attorney fee limitations did not apply to fees for services rendered before its enactment. *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The Ninth Circuit did not discuss whether the PLRA permitted fees only for enforcement work, as opposed to monitoring work.

On September 11, 2007, this Court determined Plaintiffs' motion for certain attorney fees arising from Third and Fourth Quarter 2006, specifically those from (1) their July 13, 2006 motion to compel the production of tour binders; (2) their November 2, 2006 request for a temporary restraining order against out-of-state transfers of class members, and (3) their November 13, 2006 motion to convene a three-judge panel to address CDCR's population issue. (*See* Plf. Mot. Compel 2006 Fees, filed July 25, 2007.) The Court had already ruled upon the merit of Plaintiffs' underlying enforcement motions by the time the motion for Third and Fourth Quarter 2006 attorney fees (2006 Fees) was heard on September 5, 2007: the motion to compel the production of tour binders was denied on September 28, 2006; the request for a temporary restraining order against out-of-state transfers of class members was denied on November 6, 2006; and the motion to convene a three-judge panel was granted on July 23, 2007. (*Coleman* Orders, 9/28/06, 11/6/06, 7/23/07.)

This Court found that the 2006 Fees were directly and reasonably incurred in enforcing the relief ordered in the district court's September 13, 1995 order (F & R, 9/11/07, 4:16-20), and ordered payment for the fees incurred in presenting to this Court the motion to convene the Three-Judge Panel. (*Id.* at 6:3-7.) Defendants did not appeal the decision.

## III.

## LEGAL STANDARD

The standard for awarding or denying attorney fees in this case is 42 U.S.C. § 1997e(d). That statute provides in pertinent part:

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States (42 U.S.C. 1988), such fees shall not be awarded, except to the extent that--

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 2 of the Revised Statutes; and

(B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

## IV.

## LEGAL ARGUMENT

### A.    This Court Lacks Jurisdiction to Determine Fees Incurred After the Three-Judge Panel Was Convened Because the Proceeding Is Not Before This Court.

This Court lacks jurisdiction to hear Plaintiffs' motion for attorney fees arising from services incurred in the Three-Judge Panel proceeding because once the panel was convened the jurisdiction transferred to the panel for all matters related to that proceeding. (Ex. 2, Ninth Circuit Order, 7/26/07.) The Three-Judge Panel has vested this Magistrate Judge only with the authority to hear discovery matters arising from the Three-Judge Panel proceeding. (Ex. 3, Three-Judge Panel Order, 8/17/07.) This district court is not vested with any authority to determine the attorney fees incurred in the Three-Judge Panel proceeding. (*Id.*) A court must have jurisdiction over the underlying action to award fees. *Zambrano v. I.N.S.*, 282 F.3d 1145, 1150 (9th Cir. 2002). Therefore, any motion for fees must be filed before the court hearing the trial or other proceeding, which in this case is the proceeding before the Three-Judge Panel.

Plaintiffs cannot rely upon the Ninth Circuit's order granting the transfer of the hearing on appellate attorney fees related to the granting of the motion to convene the Three-Judge Panel. (Ex. 4, Ninth Circuit Order Granting Motion to Transfer Fees, 10/15/07.) On its face, the unopposed motion for the transfer addresses only those fees incurred for Defendants' appeal of each single-judge district court's decision to grant Plaintiffs' motion to convene a three-judge panel. (Ex. 5, Plaintiffs' Ninth Circuit Motion to Transfer Fees, 9/21/07.) Moreover, the Ninth Circuit's transfer order has no bearing here because any appeal from a three-judge panel ruling ordering injunctive relief would be directly to the United States Supreme Court and would not

Def. Oppo. Plf. Mot. Compel Fees

4

involve the Ninth Circuit at all. 28 U.S.C. § 1253. And the issue before the Ninth Circuit arose directly from a proceeding over which the single-judge district court had jurisdiction—whether to convene the panel—and therefore there was nothing improper in having the single-judge district court determine those fees. But once the panel was convened, only the panel can decide all issues related to the proceeding. Fees incurred in litigating before the panel are strictly a matter for the panel to consider.

Nor can Plaintiffs rely upon the stipulated *Coleman* attorney fee protocol as a basis for jurisdiction over these Three-Judge Panel fees. (Ex. 1, *Coleman* Stipulation and Order Amending Plaintiff Class, 12/24/98.) That stipulated process was created within the forum and jurisdiction of the *Coleman* district court to address the *Coleman* plaintiffs' post-trial monitoring of *Coleman*-based compliance efforts. Now, Plaintiffs and Defendants are engaged in a proceeding under the jurisdiction of the Three-Judge Panel so their fees are not subject to the 1996 stipulated order. Plaintiffs' prevailing party status, as acknowledged in the 1998 attorney fee protocol, applies only to the underlying *Coleman* injunction and cannot be stretched to include the distinct and as-yet undecided issue of whether Plaintiffs have met the legal standard for a prisoner release order being considered by the Three-Judge Panel. Because Plaintiffs are in the forum of the Three-Judge Panel, Plaintiffs must be bound by that forum's procedure for hearing attorney fee requests.

Attempting to litigate fees related to the Three-Judge Panel proceeding before the individual judges in the *Coleman* and *Plata* cases could lead to inconsistent rulings in the two courts, duplicative fees and a windfall to the Plaintiffs' counsel, and it completely disregards the statutory role of the third judge on the panel, Judge Reinhardt of the Ninth Circuit, who is a required member of the panel.

The Three-Judge Panel, like any trial court, is in the best position to determine the reasonableness of the incurred fees in light of the result obtained. With all three trial judges hearing the attorney fee motion, there is no risk of inconsistent rulings between the *Coleman* and *Plata* district courts.

This Court should dismiss this motion for attorney fees for lack of jurisdiction.

Def. Oppo. Plf. Mot. Compel Fees

### B. This Court Ruled Only on the 2006 Fees for the Motion to Convene the Three-Judge Panel, So Defendants are Not Barred From Contesting the 2007 Fees for Preparing for Trial.

This pending motion for 2007 Fees presents a new set of fees with a new basis for recovery. Plaintiffs misread the 'law of the case' doctrine and this Court's own Findings and Recommendations on the Third Quarter 2006 fees in contending that this Court has already ruled upon their entitlement to fees and costs for the Three-Judge Panel proceeding. For the law of the case doctrine to apply, "the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition."" *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (quoting *Liberty Mut. Ins. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)); *United States v. Cote*, 51 F.3d 178 (9th Cir. 1995) ("[T]he law of the case acts as a bar only when the issue in question was actually considered and decided by the first court."). Because the issue of compensation for these 2007 Fees was not actually considered or decided by this Court in its decision on the 2006 Fees, the law of the case doctrine does not apply.

Whether viewed from the vantage point of the Findings and Recommendations on the 2006 Fees alone or from the larger perspective of the attorney fee protocol in this case, the legal issue of Plaintiffs' entitlement to compensation for the 2007 Fees remains undecided. This Court's Findings and Recommendations addressed only "the fees and costs incurred by plaintiffs in connection with their motion <u>to convene</u> a three-judge panel" and found those "directly and reasonably incurred in enforcing the relief ordered" for the Eighth Amendment violation found at trial. (F & R, 9/11/07, 6:3-7, *emph. added*.) Plaintiffs' motion sought compensation only for the 2006 Fees for bringing the motion to convene a three-judge panel. Neither the Plaintiffs' noticed motion nor the Findings and Recommendations addressed the propriety of fees incurred for proceedings in front of the Three-Judge Panel once it was convened.

Plaintiffs may desire blanket approval for all incurred fees "moving forward" (Plf. Mot. Compel Fees, 9:2-4), but such a request for a declaration of entitlement to "forward" fees would fall afoul of the federal court's jurisdictional responsibility to determine only "cases or controversies," not those disputes that have yet to ripen into a justiciable dispute. U.S. Const.,

Def. Oppo. Plf. Mot. Compel Fees

6

Art. III, § 2. "A case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." *Clinton v. Acquia, Inc.* 94 F.3d 568, 572 (9th Cir. 1996). At the time of the Findings and Recommendations on the Third Quarter 2006 fees, there was no submitted dispute on any fees incurred preparing for the Three-Judge Panel proceeding. This Court has not previously ruled upon Plaintiffs' entitlement to Third Quarter 2007 fees, therefore Defendants' challenge to those fees is viable.

### C. This Motion is Premature Because Plaintiffs Have Not Obtained Any Cognizable Result From the Billed Work.

Just an appellate attorney must await completion of the appellate process before seeking fees for the appellate work, so must Plaintiffs' counsel await completion of this Three-Judge proceeding before seeking their fees and costs for pursuing a prisoner release order in that forum. Unless otherwise provided by statute or court order, a motion for attorney fees must be filed within a certain time frame after entry of judgment and any post-trial motions are filed. Fed. R. Civ. P. 50(b), 52(b), 54( D)(2)(B), 59(b), 59(e). By requiring a post-judgment ruling on incurred attorney fees, the court hearing the attorney fee motion benefits from evidence and argument on whether the submitted fee application is truly brought by a prevailing party who "obtained a judicially sanctioned change in the legal relationship of the parties." *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001).

This Court has acknowledged that attorney fees may only be sought for completed, not pending, work toward a compliance order. In hearing the 2006 Fee dispute, this Court determined Plaintiffs' entitlement to fees in light of the rulings made on Plaintiffs' post-judgment (enforcement) motions. Both Court and counsel were able to then home in on a key factor for awarding attorney fees: whether or not Plaintiffs' motions (for a temporary restraining order, for additional discovery, for a three-judge panel) were successful or at least benefitted the class members. *Wolfe v. New Mexico Dep't of Human Servs.*, 28 F.3d 1056, 1060-61 (10th Cir. 1994). For instance, this Court awarded Plaintiffs fees for bringing a request for temporary restraining order to halt out-of-state transfers because the request, even though denied, resulted in a court

order requiring enhanced mental health safeguards for such transfers. (F & R, 9/11/07, 6:25-7:7.) Such an analysis of the class benefit from Plaintiffs' Third Quarter 2007 work in preparing for the Three-Judge Panel proceeding cannot occur at this time.

Entitlement to the Third Quarter 2007 fees should be decided only after judgment is rendered on Plaintiffs' pending enforcement action, that is, the hearing on Plaintiffs' request for a prisoner release order. By complying with the statutory requirement for a hearing on motions for attorney fees after judgment, the Three-Judge Panel will be benefit from evidence and argument on whether Plaintiffs' incurred fees were (A) "directly and reasonably incurred" in proving the elements necessary for a prisoner release order and (B) whether the amount of the fee is "proportionately related to the court ordered" or directly and reasonably incurred in enforcing the relief of a prisoner release order. 42 U.S.C. § 1997e(d)(1). Even if this Court finds that it has jurisdiction to determine fees for the Three-Judge Panel proceeding, it should deny Plaintiffs' motion as unripe.[1]

//
//
//

---

1. Plaintiffs' contention that Defendants have already paid First and Second Quarter 2007 fees associated with the Three-Judge Panel proceeding is erroneous. Defendants only agreed to pay those fees associated with the prosecution of the motion to convene a Three-Judge Panel. (Dec. Stone, ¶ 6.)

Def. Oppo. Plf. Mot. Compel Fees

8

## CONCLUSION

This Court should dismiss Plaintiffs' motion for lack of jurisdiction because only the Three-Judge Panel has jurisdiction over the issues before it, including fees related to the proceeding. Even if this Court had jurisdiction over the fees for the Three-Judge Panel, it should deny the motion as unripe since the Plaintiffs have not achieved any success before the panel and are not, therefore, prevailing parties in that proceeding. As with any motion for attorney fees, this motion for fees incurred in preparing for the Three-Judge Panel trial must be made after entry of judgment in that proceeding. This motion to compel must therefore be dismissed for lack of jurisdiction and ripeness.

Dated: March 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

*/s/ Lisa A. Tillman*

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

Def. Oppo. Plf. Mot. Compel Fees

# DECLARATION OF SERVICE BY U.S. MAIL

**Case Name:** *Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284*
*Coleman, et al. v. Schwarzenegger, et al.*
USDC Eastern District Court Case No. 2:90-cv-00520 LKK JFM P
*Plata, et al. v. Schwarzenegger, et al.*
USDC Northern District Court Case No.: C-01-1351 THE

**Case No.:** C 90-0520 LKK / C 01-01351 TEH

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 24, 2008**, I served the attached **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THIRD QUARTER 2007 ATTORNEY FEES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Fred D. Heather
Kirkpatrick Lockhart Preston Gates Ellis, LLP
55 Second Street, Suite 1700
San Francisco, CA  94105

William E. Mitchell
Riverside County District Attorney's Office
4075 Main Street
Riverside, CA  92501

Raymond Edward Loughrey
Kirkpatrick Lockhart Preston Gates Ellis, LLP
55 Second Street, Suite 1700
San Francisco, CA  94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 24, 2008**, at Sacramento, California.

| D. Kulczyk | /s/ D. Kulczyk |
|---|---|
| Declarant | Signature |

30422634.wpd
CF1997CS0003

Def. Oppo. Plf. Mot. Compel Fees