1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: (916) 324-5205
     Email: Lisa.Tillman@doj.ca.gov
9

10 Attorneys for Defendants

11

12                IN THE UNITED STATES DISTRICT COURT

13             FOR THE EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  **RALPH COLEMAN, et al.,** | CASE NO.: 2:90-cv-00520 LKK JFM P |
| 16                        Plaintiffs, | **DECLARATION OF LISA A. TILLMAN IN SUPPORT OF** |
| 17      **v.** | **DEFENDANTS' OPPOSITION TO MOTION TO COMPEL THIRD** |
| 18  **ARNOLD SCHWARZENEGGER, et al.,** | **QUARTER 2007 ATTORNEY FEES** |
| 19                        Defendants. | Date:  April 10, 2008 |
| 20 | Time:  11:00 a.m.<br>Place:  Courtroom 26<br>Judge: Hon. John F. Moulds |
| 21 | |

22        I, Lisa Tillman, declare:

23        1.    I am an attorney licensed to practice before all the courts of the State of California

24 and am admitted to practice before the United States District Court of the Eastern, Northern and

25 Southern Districts.  I am a deputy attorney general with the Office of the Attorney General,

26 counsel for the Defendants in this matter.

27        2.    I have personal knowledge of the facts stated in this declaration and if called to

28 testify upon those facts would do so competently.

Dec. Tillman, Oppo Atty Fees, 2007

1          3.     Attached as Exhibit 1 is a true and correct copy of the Stipulation and Order

2    Amending Plaintiff Class and Application of Remedy lodged in this case on December 24, 1998.

3    The stipulation became an order of the Court on July 23, 1999 [Docket No. 1054].  (Appended to

4    Exhibit 1 is a copy of the docket page reflecting entry of an order approving the parties'

5    stipulation; however, a copy of the signed order is currently unavailable.)

6          4.     Attached as Exhibit 2 is a true and correct copy of the order issued by the Ninth

7    Circuit Court of Appeals, dated July 26, 2007.

8          5.     Attached as Exhibit 3 is a true and correct copy of the order issued by the Three-

9    Judge Panel, dated August 17, 2007.

10         6.     Attached as Exhibit 4 is a true and correct copy of the order issued by the Ninth

11   Circuit Court of Appeals, dated October 15, 2007.

12         7.     Attached as Exhibit 5 is a true and correct copy of the Plaintiffs' Motion to

13   Transfer Fees, dated September 21, 2007.

14         I declare under the penalty of perjury that the foregoing is true and correct.

15         Executed in Sacramento, California on March 24, 2008.

16

17                              */s/ Lisa A. Tillman*
                               LISA A. TILLMAN

18

19

20

21

22

23

24

25

26

27

28

Dec. Tillman, Oppo Atty Fees, 2007

1   **DECLARATION OF SERVICE BY U.S. MAIL**

2   **Case Name:**   *Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284*
                     *Coleman, et al. v. Schwarzenegger, et al.*
3                    **USDC Eastern District Court Case No. 2:90-cv-00520 LKK JFM P**
                     *Plata, et al. v. Schwarzenegger, et al.*
4                    **USDC Northern District Court Case No.:  C-01-1351 THE**

5   **Case No.:**    **C 90-0520 LKK / C 01-01351 TEH**

6   I declare:

7   I am employed in the Office of the Attorney General, which is the office of a member of the
    California State Bar, at which member's direction this service is made.  I am 18 years of age or
8   older and not a party to this matter.  I am familiar with the business practice at the Office of the
    Attorney General for collection and processing of correspondence for mailing with the United
9   States Postal Service.  In accordance with that practice, correspondence placed in the internal
    mail collection system at the Office of the Attorney General is deposited with the United States
10  Postal Service that same day in the ordinary course of business.

11  On **March 24, 2008**, I served the attached **DECLARATION OF LISA A. TILLMAN IN
    SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL THIRD
12  QUARTER 2007 ATTORNEY FEES** by placing a true copy thereof enclosed in a sealed
    envelope with postage thereon fully prepaid, in the internal mail collection system at the Office
13  of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-
    2550, addressed as follows:

14

15  Fred D. Heather                                      William E. Mitchell
    Kirkpatrick Lockhart Preston Gates Ellis, LLP        Riverside County District Attorney's Office
    55 Second Street, Suite 1700                         4075 Main Street
16  San Francisco, CA  94105                             Riverside, CA  92501

17  Raymond Edward Loughrey
    Kirkpatrick Lockhart Preston Gates Ellis, LLP
18  55 Second Street, Suite 1700
    San Francisco, CA  94105

19
    I declare under penalty of perjury under the laws of the State of California the foregoing is true
20  and correct and that this declaration was executed on **March 24, 2008**, at Sacramento, California.

21

    D. Kulczyk                                           */s/ D. Kulczyk*
22  _____                     _____
            Declarant                                              Signature
23

24

25

26  30421086.wpd

27

28

    Dec. Tillman, Oppo Atty Fees, 2007

**COLEMAN v. SCHWARZENEGGER**
**USDC CASE NO. 2:90-CV-00520 LKK/JFM P**

**EXHIBIT ONE TO DEFENDANTS' OPPOSITION**
**TO PLAINTIFFS' MOTION TO COMPEL**
**THIRD QUARTER 2007 ATTORNEY FEES**

ATTORNEY GENERAL-OFFICE COPY

**ORIGINAL FILED**

DEC 24 1998

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

CF97060002

12-28-98

1  PRISON LAW OFFICE
   DONALD SPECTER (State Bar # 83925)
2  General Delivery
   San Quentin, California 94964
3  Telephone (415) 457-9144

4  McCUTCHEN, DOYLE, BROWN & ENERSEN
   WARREN E. GEORGE (State Bar # 53588)
5  Three Embarcadero Center
   San Francisco, California 94111
6  Telephone (415) 393-2000

7  ROSEN, BIEN & ASARO
   MICHAEL W. BIEN   (State Bar # 096891)
8  THOMAS NOLAN (State Bar # 169692)
   155 Montgomery Street, 8th Floor
9  San Francisco, California 94104
   Telephone (415) 433-6830
10
   HELLER, EHRMAN, WHITE & McAULIFFE
11 RICHARD L. GOFF (State Bar # 36377)
   701 Fifth Avenue
12 Seattle, WA 98104
   Telephone (206) 447-0900
13
   DISABILITY RIGHTS AND EDUCATION DEFENSE FUND
14 2212 6th Street
   Berkeley, California 94710
15 Telephone (510) 644-2627

16 Attorneys for Plaintiffs

17          IN THE UNITED STATES DISTRICT COURT

18             EASTERN DISTRICT OF CALIFORNIA

19

20 RALPH COLEMAN,                  )  No. Civ S 90-0520 LKK-JFM
                                   )
21          Plaintiff,             )  **STIPULATION AND ORDER AMENDING**
                                   )  **PLAINTIFF CLASS AND APPLICATION**
22 vs.                             )  **OF REMEDY IN COLEMAN**
                                   )
23 PETE WILSON, et al.,            )
                                   )
24          Defendants.            )
   _____)

25

26

27

28

489\3\PLEADING\
STIP-8.602

STIPULATION AND ORDER AMENDING PLF CLASS AND
APPLICATION OF REMEDY IN COLEMAN

1        It is hereby stipulated between defendants Pete Wilson,

2   Governor of California, Thomas Maddock, Secretary of the

3   California Youth and Adult Corrections Agency, Cal Terhune,

4   Director of the California Department of Corrections, Susann

5   Steinberg, M.D., Deputy Director of the Health Care Services

6   Division, and Marjorie Tavoularis, M.D. Chief of Mental Health

7   Services for the Department of Corrections, by their counsel

8   Daniel E. Lungren, Attorney General of California, Bruce M.

9   Slavin, Deputy Attorney General and plaintiffs Ralph Coleman, and

10  all other members of the plaintiff class, by their counsel Prison

11  Law Office, Donald Specter, Rosen, Bien & Asaro, Michael Bien,

12  McCutchen, Doyle, Brown and Enersen, Warren George, Heller,

13  Ehrman, White and McAuliffe, Richard L. Goff, that:

14       1.    The parties stipulate and agree that all Findings and

15  Recommendations and Orders issued in this action apply to

16  prisoners and conditions at the California Medical Facility at

17  Vacaville ("CMF") and San Quentin Prison and that this Court has

18  jurisdiction and power to issue relief and orders concerning CMF

19  and San Quentin to the same extent as the Court has jurisdiction

20  and power to do so as to any other California prison.

21       2.    The parties stipulate and agree that the order filed in

22  this case on November 14, 1991, certifying the plaintiff class

23  shall be amended as follows:

24       The plaintiff class consists of all inmates with

25       serious mental disorders who are now, or who will in

26       the future, be confined within the California

27       Department of Corrections.

28

STIPULATION AND ORDER AMENDING PLF CLASS AND
APPLICATION OF REMEDY IN COLEMAN

1      3.    Defendants will dismiss, no later than ten days after

2 final approval of the dismissal of <u>Gates</u>, all pending appeals in

3 <u>Coleman</u> with prejudice and will agree not to appeal, at any time,

4 from any now existing orders of this Court.  These include: the

5 September 13, 1995 finding of liability (appeal No. 97-16622);

6 the February 21, 1997 interim fee order (appeal No. 97-16622);

7 the July 12, 1996 order concerning special master compensation

8 under the PLRA (appeal No. 97-16622); the September 30, 1997

9 order holding the PLRA inapplicable to plaintiffs' post-April

10 1996 attorneys' fees and expenses (appeal No. 97-17014); the June

11 27, 1997 order approving the remedial plan (appeal No. 97-16622).

12      4.    Defendants hereby waive any rights to assert any

13 limitations on the powers or compensation of the Special Master

14 based on the now existing provisions of the Prison Litigation

15 Reform Act, 18 U.S.C. §3626, <u>et seq.</u>.

16      5.    Defendants agree to comply with the existing Court

17 orders in <u>Gates</u> and <u>Coleman</u> concerning compensation to

18 plaintiffs' counsel for their reasonable legal fees and expenses

19 for all work performed until the case is dismissed by the Court.

20 Plaintiffs waive any right to seek further increases in hourly

21 rates in <u>Gates</u>.  Defendants further agree to waive any right to

22 recoupment, refund or set-off for fees and expenses that have

23 been paid or will be paid to plaintiffs' counsel in <u>Gates</u> or

24 <u>Coleman</u> for any reason, including, but not limited to, the PLRA,

25 up to and including the end of the quarter in which the <u>Gates</u>

26 case is dismissed by the Court.  Defendants agree to continue to

27 comply with the <u>Coleman</u> Court orders concerning compensation of

28 plaintiffs' counsel from that date forward, but reserve the right

STIPULATION AND ORDER AMENDING PLF CLASS AND
APPLICATION OF REMEDY IN <u>COLEMAN</u>

1  to seek recoupment, refund or set-off, based on the PLRA,

2  beginning with fees paid for work performed on the first day of

3  the quarter following dismissal of the Gates case.  In the event

4  plaintiffs' counsel are required to refund any part of the fees

5  paid to them in Coleman, defendants agree that the payment can be

6  made over the course of a year.  The parties agree to be bound by

7  the decision of the Ninth Circuit in Madrid v. Gomez, No. 97-

8  16237, when final, as to the application of the PLRA for

9  monitoring work, assuming the Supreme Court has not held to the

10  contrary in another case.

11      6.  Defendants agree that they will not bring any motion to

12  terminate relief governing CMF under the PLRA, 18 U.S.C. §3626,

13  until two years after this Court issues an order approving

14  defendants' transition plan for CMF required by this stipulation

15  and order.

16      7.  The parties stipulate and agree that this Court and the

17  special master have the power and duty to monitor and report on

18  defendants' suicide prevention program, the incidence of suicide

19  and any related issues concerning suicides in the CDC.

20      8.  The parties stipulate and agree that this Court and the

21  special master will have the power and duty to evaluate and

22  approve, monitor and report on the following issues at CMF only:

23      a.  Defendants' design and implementation of a quality

24  assurance program for medical care at CMF, including the need for

25  problem lists.  Defendants agree to prepare a remedial plan

26  within ninety (90) days of the date of this Order.

27      b.  Defendants' provision of a Medical Officer of the

28  Day (MOD) at all times at CMF.

STIPULATION AND ORDER AMENDING PLF CLASS AND
APPLICATION OF REMEDY IN COLEMAN

1    c.    Defendants' provision of a Psychiatric Officer of

2    the Day (POD) at all times at CMF.

3        9.    The parties are concerned about the capacity of the

4    Special Master to take on the significant additional

5    responsibilities for monitoring at CMF.  In addition, the parties

6    wish to assure continuity and consistency in the monitoring of

7    existing policies and procedures at CMF.  Therefore, the parties

8    have requested and the Special Master has agreed to increase his

9    staffing of the case (including an increase in mental health

10   professionals) to assure appropriate and timely monitoring.  The

11   defendants and the Special Master also agree to routinely provide

12   plaintiffs' counsel with copies of any documents provided to the

13   Master by defendants, and to give plaintiffs' counsel notice of

14   any prison tours or visits immediately upon scheduling the same

15   with defendants.  Defendants agree to retain and staff the

16   Compliance Office at CMF in the same manner as it is currently

17   staffed and operated until such time as the private settlement

18   agreement is of no force or effect and the transition plan for

19   CMF has been approved, or the Special Master recommends a change.

20   The parties and the Special Master agree that quarterly

21   monitoring of CMF shall continue until the transition plan is

22   approved and that, during the period of implementation of the

23   transition plan, monitoring will require at least two

24   comprehensive tours and reports per year for the first two years.

25                        CMF TRANSITION PLAN

26       10.   No later than ninety (90) days after this Court's

27   approval, after the fairness hearing, of the merger and dismissal

28   of the Gates consent decree, defendants shall develop a

1    comprehensive transition plan for CMF.  The plan shall address

2    the following issues:

3        A.        Individual assessments will be performed on the

4             following categories of CMF prisoners in order to

5             ensure proper clinical placement of class members at

6             CMF or some other CDC facility in an existing Mental

7             Health Services Delivery System program or some other

8             new program which is determined to be needed to meet

9             the needs of the reassigned class members.  The

10            categories are as follows: prisoners who are currently

11            receiving any form of mental health treatment

12            (including, but not limited to, individual or group

13            therapy, suicide observation and psychotropic

14            medication); prisoners who are currently classified I,

15            J, K, T, U, Psych Eval, CCCMS, or EOP; prisoners who

16            are currently housed in the OPP, including the intake

17            unit.  The plan will require that discharge summaries

18            and recommendations for further evaluation or treatment

19            accompany each class member transferred from the CMF

20            OPP.  The plan will also require that any transfer of a

21            prisoner in need of further mental health treatment

22            take into account the actual staffing, resources and

23            capacity of the receiving prison to address the needs

24            of the mentally ill prisoner.

25        B.        The plan shall also address the clinical and

26            custodial staffing of CMF, and changes to the staffing

27            that will occur as CMF is brought into conformity with

28

1    CDC's statewide Mental Health Care Services Program,

2    including a time line for any changes.

3    C.    The plan shall also address the specific mental

4    health programs that will remain at CMF, including the

5    clinical staffing, clinical administrative staffing,

6    custodial staffing and the prisoner population of each

7    program.  These programs will include, at minimum, the

8    following: the DMH inpatient programs (at CMF and at

9    Atascadero State Hospital) and the DMH Day Treatment

10    Program at CMF; a psychiatric intake unit; a CCCMS

11    program; an EOP program; a mental health program to

12    address the needs of the HIV population at CMF; and

13    short term psychiatric crisis care for CMF prisoners by

14    admission to the DMH acute inpatient psychiatric

15    program at CMF.

16    D.    The plan shall specifically address the treatment,

17    housing and security issues raised by the prisoners

18    housed in the IOC (or "third floor") locked units at

19    CMF as a group.  The plan shall address the treatment

20    and housing required for all of these prisoners.

21    E.    The plan shall also address the use of Willis Unit

22    for housing prisoners with mental illness.

23    F.    The plan shall address the housing and clinical

24    needs of prisoners discharged from the DMH inpatient

25    units at CMF and Atascadero State Hospital, including

26    the maintenance of prisoners on psychotropic

27    medications, such as Clozapine, initiated by DMH.

28

G.      The plan shall be developed in consultation with the Coleman Special Master and his experts, and plaintiffs' counsel. The Special Master shall be assisted by consultants familiar with CDC and CMF mental health issues in the development and evaluation of the transition plan.  The parties shall negotiate in good faith, with the assistance of the Special Master, to resolve any disputes concerning the adequacy of the transition plan.  The transition plan, including any recommendations on unresolved issues, shall be submitted by the Special Master to this Court for approval.  The standard to be applied in evaluating the adequacy of the transition plan is whether it addresses each of the elements set forth in this section and whether the plan satisfies Eighth Amendment remedial standards.

11. The parties stipulate and agree that no clinical or custodial resources shall be removed from CMF without the approval of this Court which shall address clinical and custodial staffing requirements.  Defendants, including the Department of Mental Health, will continue to comply with all Gates orders and procedures governing mental health care until the transition plan is approved in the Coleman case.  This Court may fully enforce these Orders in the Coleman case unless and until the transition plan for CMF is approved.  Attached hereto as Exhibit 1 are the applicable Gates orders, plans and procedures that the parties agree will remain in effect and fully enforceable by the Court in Coleman.

1             Dated: _June 17_, 1998

2

Attorneys for Plaintiffs:         Attorneys for Defendants:

3

4

5 _Donald Specter_

PRISON LAW OFFICE            DANIEL E. LUNGREN

6 DONALD SPECTER              Attorney General

General Delivery            PETER J. SIGGINS

7 San Quentin, CA 94964        Senior Asst. Attorney General

BRUCE M. SLAVIN

8                                       Deputy Attorney General

9

10 ROSEN, BIEN & ASARO

MICHAEL W. BIEN

11 155 Montgomery St., 8Th Floor

San Francisco  CA  94104

12

13 McCUTCHEN, DOYLE, BROWN &

ENERSEN

14 WARREN GEORGE

Three Embarcadero Center

15 San Francisco  CA  94111

16 HELLER, ERHMAN, WHITE &

McAULIFFE

17 RICHARD L. GOFF

701 Fifth Avenue

18 SEATTLE, WA 98104

19

20

21

22

23

24

25

26

27

28

                                    9

STIPULATION AND ORDER AMENDING PLF CLASS AND
APPLICATION OF REMEDY IN COLEMAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Based upon the foregoing stipulation of the parties, and good cause appearing, IT IS SO ORDERED.

Dated:

_____
LAWRENCE K. KARLTON
Chief Judge Emeritus
United States District Court

Part V.F. of the Consent Decree, attached hereto, remains in effect except to the extent modified by the attached orders and subject to the construction and interpretation by the Ninth Circuit Court of Appeals in the following published opinions: Gates v. Rowland, 39 F.3d 1439 (9th Cir. 1994); Gates v. Gomez; 60 F.3d 525 99th Cir. 1995); Gates v. Shinn, 98 F.3d 463 (9th Cir. 1996).

Michael W. Bien

Bruce M. Slavin

APPEAL, CLOSED, HABEAS, PRISONER_CIVIL_RIGHTS, STAYED

**U.S. District Court**
**Eastern District of California - Live System (Sacramento)**
**CIVIL DOCKET FOR CASE #: 2:90-cv-00520-LKK-JFM**

(PC) Coleman, et al v. Schwarzenegger, et al
Assigned to: Senior Judge Lawrence K. Karlton
Referred to: Magistrate Judge John F. Moulds
Demand: $0
Related Cases: 2:05-cv-02441-LKK-JFM
　　　　　　　　2:05-cv-00876-LKK-JFM
Case in other court: 06-16077
　　　　　　　　USCA, 07-16361
　　　　　　　　95-17039
　　　　　　　　97-15667
　　　　　　　　97-16622
　　　　　　　　97-17014
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/23/1990
Date Terminated: 09/13/1995
Jury Demand: Defendant
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/1999 | 1054 | ORDER by Honorable Lawrence K. Karlton ORDERING that the stipulation and proposed order amending the pltf class and application of remedy is GRANTED; it is ORDERED that all matters stipulated by the parties are so ordered nunc pro tunc to 12/24/98 (cc: all counsel) (old) (Entered: 07/23/1999) |
| 07/20/1999 | 1053 | Progress Report on Status of dfts' Mental Health Programs at the CMF (ndd) (Entered: 07/20/1999) |
| 07/20/1999 | 1052 | ORDER by Honorable Lawrence K. Karlton ORDERING that the report on Status of dfts' Mental Health Programs is ordered filed; the report is accepted as representing the status of dfts' mental health programs at the CMF (cc: all counsel) (ndd) (Entered: 07/20/1999) |
| 07/13/1999 | 1051 | STIPULATION AND ORDER RE ATTORNEY FEES by Magistrate Judge John F. Moulds confirming that $105,885.11 is due and collectable as 45 days from the date of entry of this order lodged [0-0] GRANTED (cc: all counsel) (kdc) (Entered: 07/13/1999) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 03/24/2008 15:31:40 |

COLEMAN v. SCHWARZENEGGER
USDC CASE NO.  2:90-CV-00520 LKK/JFM P

**EXHIBIT TWO** TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
THIRD QUARTER 2007 ATTORNEY FEES

ORDER DESIGNATING UNITED STATES DISTRICT COURT
COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>        Plaintiffs, <br><br>  v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br>        Defendants. | No. CIV S-90-0520 LKK JFM P <br><br> Eastern District of California |
| MARCIANO PLATA, et al., <br><br>        Plaintiffs, <br><br>  v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br>        Defendants. | No. C01-1351 TEH <br><br> Northern District of California |

Pursuant to 18 U.S.C. §3626(a)(3) the Honorable Lawrence K. Karlton,

Senior District Judge for the Eastern District of California and the Honorable

Thelton E. Henderson, Senior District Judge for the Northern District of California

have each requested the appointment of a single three-judge district court pursuant

to 28 U.S.C. §2284 to consider the above-captioned matters.

Having received this statutory notification, I grant the requests and hereby designate and appoint the Honorable Stephen Reinhardt, United States Circuit Judge for the Ninth Circuit, to sit with the Honorable Lawrence K. Karlton and the Honorable Thelton E. Henderson to hear and determine the above-captioned causes as, respectively, the district court for the Eastern District of California and as the district court for the Northern District of California, at a time and place and in a manner to be agreed upon by the court.

Date:  July 26, 2007

Mary M Schroeder

Mary M. Schroeder
Chief Judge
United States Courts for the Ninth Circuit

cc:    Circuit Judge Stephen Reinhardt
       Senior District Judge Thelton E. Henderson
       Senior District Judge Lawrence K. Karlton
       Chief District Judge Vaughn R. Walker
       Chief District Judge Garland Burrell
       Cathy Catterson, Clerk, Court of Appeals
       Richard Wieking, Clerk, Northern District of California
       Victoria Minor, Clerk, Eastern District of California

COLEMAN v. SCHWARZENEGGER
USDC CASE NO. 2:90-CV-00520 LKK/JFM P

EXHIBIT THREE TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
THIRD QUARTER 2007 ATTORNEY FEES

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURTS
7          FOR THE EASTERN DISTRICT OF CALIFORNIA
8          AND THE NORTHERN DISTRICT OF CALIFORNIA
9     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
10      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
11
12   RALPH COLEMAN, et al.,
13                    Plaintiffs,
14                                              NO. CIV S-90-0520 LKK JFM P
      v.
15                                              **THREE-JUDGE COURT**
     ARNOLD SCHWARZENEGGER,
16   et al.,
17                    Defendants.
18   MARCIANO PLATA, et al.,
19                    Plaintiffs,                NO. C01-1351 TEH
20                                              **THREE-JUDGE COURT**
      v.
21                                              **ORDER RE: MOTIONS TO**
     ARNOLD SCHWARZENEGGER,                    **INTERVENE AND ORDER**
22   et al.,                                   **REFERRING DISCOVERY**
                                               **DISPUTES TO MAGISTRATE**
23                    Defendants.               **JUDGE**
24
25          On July 31, 2007, this Court directed the parties to file status reports within fifteen
26   calendar days. The parties timely filed their status reports on August 15, 2007. The Court is
27   in the process of considering the parties' written statements and will set a date for an initial
28   hearing regarding procedural issues in a subsequent order.

1    To date, the Court has also received three motions to intervene in these proceedings.

2 On August 13, 2007, thirty-one members of the California Assembly, who identify

3 themselves as "Assembly Republican Intervenors," collectively filed a motion to intervene.

4 On August 14, 2007, two other groups collectively filed motions to intervene: (1) district

5 attorneys of fifteen California counties ("District Attorneys") and (2) sheriffs of twenty

6 California counties, sheriff-coroners of two California counties, and the chief probation

7 officer of one California county ("Sheriffs"). On August 16, 2007, Defendants filed a

8 statement in support of all three motions to intervene. Plaintiffs have filed neither a

9 statement in support nor a statement in opposition to any of the motions; however, a

10 declaration submitted with the District Attorneys' motion indicates that Plaintiffs expressed

11 opposition to that motion. Hughes Decl. ¶ 2.

12    After carefully considering governing law, the Court finds it unnecessary to allow

13 Plaintiffs an opportunity to respond to any of the three pending motions to intervene. Section

14 3626(a)(3)(F) of title 28 of the United States Code confers "standing to oppose the

15 imposition or continuation in effect" of a prisoner release order and the right to intervene in

16 "any proceeding relating to such relief" on:

17
18
19
20

> [a]ny State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order . . . .

21 18 U.S.C. § 3626(a)(3)(F). All of the parties who have filed motions to intervene meet this

22 statutory criteria for intervention as of right, and the Court therefore GRANTS all three

23 motions pursuant to Federal Rule of Civil Procedure 24(a).

24 //

25 //

26 //

27 //

28 //

2

1    The Sheriffs also filed with their motion to intervene a letter from counsel, dated

2    August 14, 2007, requesting a thirty-day extension of the deadline for filing status reports.[1]

3    Counsel seek this extension to allow time for various members of the associations they

4    represent to obtain approval to intervene in these proceedings from their respective local

5    governing bodies.  Because counsel does not argue, and the Court does not anticipate, that

6    any proposed intervenor will be prejudiced if intervention is granted after the deadline for

7    filing initial status reports, the Sheriffs' request to extend time for filing status reports is

8    DENIED.  To ensure that these proceedings are not unnecessarily delayed, however, the

9    Court finds good cause to set a deadline for filing motions to intervene, as ordered below.

10    The Court additionally finds good cause to refer this matter to a magistrate judge for

11    any discovery disputes that may arise in these proceedings.

12    In accordance with the above, and with good cause appearing, IT IS HEREBY

13    ORDERED that:

14    1. The Assembly Republicans' August 13, 2007 motion to intervene is GRANTED.

15    2. The Sheriffs' August 14, 2007 motion to intervene is GRANTED.

16    3. The District Attorneys' August 14, 2007 motion to intervene is GRANTED.

17    4. The parties and intervenors shall advise the Court of their respective positions

18    regarding the intervenors' roles in these proceedings at the initial hearing to be scheduled by

19    the Court.

20    5. The Sheriffs' August 14, 2007 request for an extension of the deadline for filing

21    initial status reports is DENIED.

22    6. All motions to intervene in the proceedings before this Court shall be filed and

23    served no later than **September 14, 2007.**  Unless otherwise ordered, such motions will be

24    submitted for decision without further briefing or oral argument.  Proposed intervenors are

25

26    ───────────────

27    [1]In the body of the letter, counsel also request "that the hearing in the above case now scheduled for August 15, 2007 be continued until mid-September 2007."  Aug. 14, 2007 Letter from Marin J. Mayer, et al., at 2.  However, there was no hearing scheduled in these

28    matters for August 15, 2007.

3

1  reminded that pleadings must be electronically filed in both of the above-captioned cases and

2  must comply with all other requirements discussed in the Court's July 31, 2007 order.

3      7. All discovery disputes arising in proceedings before this Court are hereby referred

4  to the Honorable John F. Moulds, Magistrate Judge, United States District Court for the

5  Eastern District of California.

6

7  **IT IS SO ORDERED.**

8

9

10  Dated:  08/17/07                            /s/
                                    STEPHEN REINHARDT
11                                  UNITED STATES CIRCUIT JUDGE
                                    NINTH CIRCUIT COURT OF APPEALS
12

13

14  Dated:  08/17/07
                                    LAWRENCE K. KARLTON
15                                  SENIOR UNITED STATES DISTRICT JUDGE
                                    EASTERN DISTRICT OF CALIFORNIA
16

17

18  Dated:  08/17/07
                                    THELTON E. HENDERSON
19                                  SENIOR UNITED STATES DISTRICT JUDGE
                                    NORTHERN DISTRICT OF CALIFORNIA
20

21

22

23

24

25

26

27

28

4

COLEMAN v. SCHWARZENEGGER
USDC CASE NO.  2:90-CV-00520 LKK/JFM P

EXHIBIT FOUR TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
THIRD QUARTER 2007 ATTORNEY FEES

**FILED**

OCT 15 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RALPH COLEMAN; et al.,

        Plaintiffs - Appellees,

    v.

ARNOLD SCHWARZENEGGER; et al.,

        Defendants - Appellants.

No. 07-16361

D.C. No. CV-90-00520-LKK
Eastern District of California,
Sacramento

**RECEIVED**

OCT 17 2007

Rosen, Bien & Galvan

---

MARCIANO PLATA; et al.,

        Plaintiffs - Appellees,

    v.

ARNOLD SCHWARZENEGGER; et al.,

        Defendants - Appellants.

No. 07-16383

D.C. No. CV-01-01351-TEH
Northern District of California,
San Francisco

**ORDER**

---

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

    The unopposed motion to transfer consideration of attorneys' fees, costs and

expenses to the district courts in *Coleman v. Schwarzenegger* and *Plata v.*

*Schwarzenegger* is granted. *See* 9th Cir. R. 39-1.8. Consideration of attorneys'

fees, costs, and expenses is hereby transferred to the district courts.

C:\TEMP\notesE1EF34\07-16361.wpd

COLEMAN v. SCHWARZENEGGER
USDC CASE NO.  2:90-CV-00520 LKK/JFM P

EXHIBIT FIVE TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
THIRD QUARTER 2007 ATTORNEY FEES

RECEIVED
OFFICE OF THE CLERK
U.S. COURT OF APPEALS
DOCKETING INFORMATION UNIT

2007 SEP 21  PM 4: 22

DATE    INITIAL

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RALPH COLEMAN, et al.,                           Case No. 07-16361

    Appellees-Plaintiffs,

    v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants-Appellants.

_____                Case No. 07-16383

MARCIANO PLATA, et al.,

    Appellees-Plaintiffs,

    v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants-Appellants.

On Appeal from the United States District Courts
for the Eastern District of California and the Northern District of California
No. CIV S-90-0520 LKK JFM P / No. CIV 01-1351 TEH
The Honorable Lawrence K. Karlton / The Honorable Thelton E. Henderson

## APPELLEES-PLAINTIFFS' MOTION TO TRANSFER ATTORNEYS' FEES, COSTS, AND EXPENSES TO DISTRICT COURT

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

PILLSBURY WINTHROP
SHAWN HANSON Bar No.: 109321
CAROLINE MITCHELL Bar No.: 143124
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

On September 11, 2007, a Panel comprised of Judges Pregerson, Thomas, and Rawlinson dismissed Appellants-Defendants' appeals in *Coleman v. Schwarzenegger*, No. 07-16361, and in *Plata v. Schwarzenegger*, No. 07-16383, due to lack of appellate jurisdiction, and denied as moot Defendants' Urgent Motion for Stay Pending Appeal. Appellees-Plaintiffs move this Court to transfer consideration of Plaintiffs' request for attorneys' fees, costs, and expenses on appeal to the *Coleman* and *Plata* district courts, pursuant to Circuit Rule 39-1.8.

Circuit Rule 39-1.8 provides that "Any party who is or may be eligible for attorneys fees on appeal to this Court may . . . file a motion to transfer consideration of attorneys fees on appeal to the district court . . . from which the appeal was taken." Plaintiffs in both cases are entitled to attorneys' fees as well as reasonable costs and expenses, pursuant to 42 U.S.C. § 1988. The parties in *Coleman* and *Plata* participate in a quarterly process by which Plaintiffs apply for reimbursement from Defendants for attorneys' fees, costs, and expenses and resolve any fee-based disputes. *See* Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs, filed in *Coleman* on March 19, 1996 (Exhibit A to Declaration of Michael W. Bien in Support of Appellees-Plaintiffs' Motion to Transfer Attorneys' Fees, Costs, and Expenses to the District Court ("Bien Decl.")) and Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs, filed in *Plata* on December 18, 2002 (Exhibit B to Bien Decl.).

1

Because there are orderly billing processes already established in the two cases, judicial efficiency is best served by transferring consideration of these issues to the district courts for resolution as part of the normal quarterly cycle. Moreover, Plaintiffs have obtained verbal agreement from defense counsel in both *Coleman* and *Plata* that Defendants agree that these issues are best resolved before the district courts and therefore consent to this request to transfer. *See* Bien Decl. ¶ 2.

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' unopposed motion to transfer consideration of attorneys' fees, costs, and expenses to the district courts in *Coleman* and *Plata*.

Dated: September 21, 2007

Respectfully submitted,

Michael W. Bien
Rosen, Bien & Galvan, LLP
Attorneys for Appellees-Plaintiffs,
*Coleman v. Schwarzenegger* and on
behalf of *Plata* counsel

Donald Specter
Prison Law Office
Attorneys for Appellees-Plaintiffs,
*Coleman v. Schwarzenegger* and
*Plata v. Schwarzenegger*

2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



RALPH COLEMAN, et al.,

    Appellees-Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants-Appellants.

Case No. 07-16361

_____

MARCIANO PLATA, et al.,

    Appellees-Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants-Appellants.

Case No. 07-16383

On Appeal from the United States District Courts
for the Eastern District of California and the Northern District of California
No. CIV S-90-0520 LKK JFM P / No. CIV 01-1351 TEH
The Honorable Lawrence K. Karlton / The Honorable Thelton E. Henderson

## DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF APPELLEES-PLAINTIFFS' MOTION TO TRANSFER ATTORNEYS' FEES, COSTS, AND EXPENSES TO DISTRICT COURT

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

PILLSBURY WINTHROP
SHAWN HANSON Bar No.: 109321
CAROLINE MITCHELL Bar No.: 143124
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

I, Michael W. Bien, do hereby declare:

     1.     I am an attorney admitted to practice law in California and a partner in the law firm Rosen, Bien & Galvan, one of the counsel of record for the Plaintiff class in *Coleman v. Schwarzenegger*, No. 07-16361. Due to the close relationship between the medical care and mental health care class actions, I am served with all pleadings in *Plata v. Schwarzenegger*, No. 07-16383, and closely follow developments in that case, although I am not counsel of record in that case. I am authorized by lead *Plata* counsel, Donald Specter, to file this motion on behalf of both the *Coleman* and *Plata* classes. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Motion to Transfer Attorneys' Fees, Costs, and Expenses to the District Court, which Plaintiffs file jointly in both *Coleman* and *Plata*.

     2.     Our law office and the Prison Law Office recently contacted counsel for Defendants in *Plata* and *Coleman*. On September 20, 2007, defense counsel Lisa Tillman (*Coleman*) and Paul Mello (*Plata*) agreed that attorneys' fees, costs, and expenses on appeal should be resolved during the normal quarterly billing process in the district court. Defense counsel therefore agreed with Plaintiffs' decision to file this Request to Transfer.

1

3.    Attached hereto as **EXHIBIT A** is a true and correct copy of the Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs, filed in the *Coleman* case on March 19, 1996.

4.    Attached hereto as **EXHIBIT B** is a true and correct copy of the Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs, filed in the *Plata* case on December 18, 2002.

I declare under penalty of perjury under the laws of California and the United States, that the foregoing is true and correct, and that this declaration is executed in San Francisco, California on September 21, 2007.

_____

Michael W. Bien

2

# EXHIBIT A



ORIGINAL



ORIGINAL
FILED

MAR 19 1996

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JAMES GOMEZ, et al.,<br><br>　　　　Defendants. | No. CIV S-90-0520 LKK JFM<br><br>STIPULATION AND ORDER<br>FOR PERIODIC COLLECTION OF<br>ATTORNEYS' FEES AND COSTS |

　　　This matter comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically.　The parties by their undersigned counsel do stipulate and the Court having considered the matter hereby Orders as follows:

　　　1.　Plaintiffs' counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the Court's decision and order of

Stip & Order for
Attys Fees & Costs

1.72¹

September 13, 1995. The statements will itemize the time spent,
subject activity, applicable attorney and other personnel billing
rates, and costs and expenses with sufficient particularity to
allow the defendants and the Court to identify which efforts were
or were not useful and necessary to ensure compliance with the
court's order. The first quarterly statement of each year will
identify the billing rates plaintiffs' counsel seeks for that year.
Unless and until defendants dispute any of the fees or costs
requested, the billing statements submitted by plaintiffs' counsel
shall not include declarations or other supporting pleadings. Such
declarations or other supporting pleadings shall be prepared only
for and at the time of filing any Motion to Compel.

    2.   Upon receipt of plaintiffs' statement each quarter,
defendants will have thirty days in which to respond with their
objections and the bases therefore. As to disputed items,
including the proposed billing rates in the first quarterly
statement, plaintiffs' and defendants' counsel are required to meet
and confer within thirty (30) days after defendants have notified
plaintiffs of any disputed item(s). If the parties are able
promptly to resolve any part or all of the fee disputes, counsel
shall immediately prepare a stipulated order for payment of the
fees not subject to defendants' objections. Both sides shall sign
the Order and present it to the court for entry. Defendants shall
have forty-five days from the entry of the Order to pay the
undisputed fees. Interest on these fees and costs will run from
the thirty-first day following defendants' receipt of plaintiffs'
statement, accruing at the rate provided by 28 U.S.C. §1961.

Stip & Order for
Attys Fees & Costs       2

3.    If Defendants refuse to sign any Stipulated Payment Order, or unreasonably delay the process described in Paragraph 2, above, plaintiffs' counsel may submit directly to the Court an unstipulated form of Order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within five court days of receipt of the proposed Order and certification. Plaintiffs' counsel may reply within two court days after receipt of defendants' response, if any. The Court will rule on plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue plaintiffs' proposed Order or another appropriate Order unless defendants show a reasonable basis for disputing the fees and expenses plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by noticed motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

4.    Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. If defendants opposed any billing rates plaintiffs' counsel will bring a motion to compel on this issue following the first quarterly statement of each year.

5.    In the event that an unusually large number of hours or a significant issue is in dispute, plaintiffs may bring

1    a quarterly motion to compel on those issues alone.    Any such
2    quarterly motion to compel will be filed no later than thirty (30)
3    days after the parties have met and conferred on the quarterly
4    statement at issue.    Such motions will be briefed and heard on the
5    usual schedule provided by the local rules.

6         6.    Interest on any disputed amount, will accrue at the
7    rate provided by 28 U.S.C. §1961 from the thirty-first (31st) day
8    following defendants' receipt of the billing in which the items in
9    question appear.

10         7.    The standard of review to be applied to disputed
11   billing items will be whether the services were useful and
12   necessary to ensure compliance with the Decision and Order dated
13   September 13, 1995.

14         8.    So long as the plaintiffs' counsel submit quarterly
15   billing statements to the defendants in a timely fashion in
16   accordance with paragraph one of this Order, all compensation
17   requested by the plaintiffs for monitoring compliance with the
18   decision and order will be awarded, now and in the future, at the
19   rates current at the time the billing statements are submitted to
20   the defendants instead of at historic rates.

21
22
23
24
25
26
27
28

Stip & Order for
Attys Fees & Costs                           4

1           9.    Defendants shall pay the full amounts ordered paid,

2  with any legal interest owing, no later than forty five (45) days

3  after the date each payment Order is entered by the Court.  If

4  payment is not voluntarily made by the 45th day, counsel for

5  plaintiffs may obtain said amount by writ of execution upon state

6  funds and/or other appropriate accounts by certification under

7  penalty of perjury that voluntary payment has not been made.

8      We do so stipulate.

9

10

11

12  Dated: 2/29/96

Donald Specter
Counsel for Plaintiffs

13

14

15

16  Dated: 3/6/96

William Jenkins
Deputy Attorney General
Counsel for Defendants

17

18

19    IT IS SO ORDERED.

20

21  Dated: 3/19/96

Lawrence K. Karlton, Chief Judge
United States District Court

22

23

24

25

26

27

28

Stip & Order for
Attys Fees & Costs        5

# EXHIBIT B



ORIGINAL

RECEIVED
02 DEC 17 AM 11: 28
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
DEC 18 2002
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARCIANO PLATA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GRAY DAVIS, et al.<br><br>Defendants. | No. C01 1351 TEH<br><br>(Proposed)<br>STIPULATION AND ORDER FOR<br>PERIODIC COLLECTION OF<br>ATTORNEY'S FEES AND COSTS |

THIS MATTER comes before the Court on the parties' request to authorize an

informal process through which compliance fees may be resolved periodically. The

parties by their undersigned counsel do stipulate and the COURT having considered the

matter hereby ORDERS as follows:

    1.    Plaintiff's counsel will submit quarterly statements to defendants' counsel

for fees and costs incurred in connection with the Stipulation for Injunctive Relief

(Stipulation), filed June 13, 2002. The statements will itemize the time spent, subject

activity, applicable attorney and the other personnel billing rates, and costs and expenses

with sufficient particularity to allow the defendants and the Court to identify which

efforts were or were not useful and necessary to ensure compliance with the court's

order. The first quarterly statement of each year will identify the billing rates plaintiffs'

Periodic Fee Order
Plata v. Davis, No. C-01-1351 TEH

counsel seeks for that year. Unless and until defendants dispute any of the fees or costs requested, the billing statements submitted by plaintiff's counsel shall not include declarations or other supporting pleadings which shall be prepared only for and at the time of filing any Motion to Compel. Plaintiffs shall serve the statement simultaneously on the Attorney General's Office and the Legal Affairs Division of the CDC.

2.    Upon receipt of plaintiffs' statement each quarter, defendants will have thirty (30) days in which to respond with their requests for clarification or their objections and the bases therefore. As to disputed items, including the proposed billing rates in the first quarterly statement, plaintiffs' and defendants' counsel are required to meet and confer within thirty (30) days after defendants have notified plaintiff of any disputed item(s). If the parties are able to promptly resolve any part or all of the fee disputes, counsel shall immediately prepare a stipulated order for payment of the fees not subject to defendants' objections. Both sides shall sign the Order and present it to the court for entry. Defendants shall have thirty (30) days from the entry of the order to pay the undisputed fees at the rates provided in the Stipulation. Interest on any undisputed fees and costs will run from the thirty-first day after the Order is filed. Interest shall accrue at the rate provided by 28 U.S.C. § 1961.

3.    If Defendants decline to agree to any Stipulated Payment Order, or unreasonably fail to timely process a fees' request described in Paragraph 2, above, plaintiffs' counsel may submit directly to the Court an undisputed form of Order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within 5 court days of receipt of the proposed Order and certification. Plaintiffs' counsel may reply within two court days after receipt of defendants response, if any. The Court will rule on plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue plaintiffs' proposed Order or another appropriate Order unless defendants show a

Periodic Fee Order
Plata v. Davis, No. C-01-1351 TEH

2

reasonable basis for disputing the fees and expenses plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by notice motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

4.    Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. If defendants oppose any billing rates proposed by plaintiffs' counsel, plaintiffs' will bring a motion to compel on this issue following the first quarterly statement of each year.

5.    In the event that an unusually large number of hours or a significant issue is in dispute, plaintiffs may bring a quarterly motion to compel on those issues alone. Any such quarterly motion to compel will be filed no later than thirty (30) days after the parties have met and conferred on the quarterly statement at issue. Such motions will be briefed and heard on the usual 35-day schedule. See Local Rule 220.

6.    Interest on any disputed amount will accrue at the rate provided by 28 U.S. C. § 1961 from the thirty-first day following defendants' receipt of the statement in which the items in question appears.

7.    Provided that defendants pay the amounts ordered pursuant to paragraph 8 below, all fees awarded to plaintiffs will be compensated at the rates current at the time the services were performed. (Nothing in this paragraph shall be used by either party in litigating plaintiffs' pending motion for attorneys fees and costs.)

8.    Defendants shall pay the full amounts ordered with any legal interest owing, no later than thirty days after the date each payment Order is filed by the Court. If payment is not voluntarily made by the thirtieth day, counsel for plaintiffs may obtain

///

Periodic Fee Order
Plata v. Davis, No. C-01-1351 TEH                    3

said amount by writ of execution upon state fund and/or other appropriate accounts by

certification under penalty of perjury that voluntary payment has not been made.

IT IS SO STIPULATED.


Dated: December 12, 2002

JOHN M. APPELBAUM
Deputy Attorney General
Counsel for Defendants


Dated: December 16, 2002

DONALD SPECTER
Counsel for Plaintiffs


IT IS SO ORDERED.

Dated: 12/17/02

THELTON E. HENDERSON
United States District Court

# PROOF OF SERVICE

I, Ritika Aggarwal, declare that I am a resident of the State of California, am over

the age of eighteen years and am not a party to the within action. I am employed with

Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San

Francisco, California 94104. On September 21, 2007, I served the following documents:

**APPELLEES-PLAINTIFFS' MOTION TO TRANSFER ATTORNEYS' FEES, COSTS, AND EXPENSES TO DISTRICT COURT**

**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF APPELLEES-PLAINTIFFS' MOTION TO TRANSFER ATTORNEYS' FEES, COSTS, AND EXPENSES TO DISTRICT COURT**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger will be forthcoming.) |
| [X] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission.** Based on a court order or an |

> agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**All documents were sent to the following persons in the following manner:**

**BY U.S. MAIL**
Paul B. Mello, Esq.
Jerrold C. Schaefer, Esq.
Hanson, Bridgett Marcus Vlahos &
Rudy, LLP – SF
425 Market Street, 26th Floor
San Francisco, CA 94105

**BY U.S. MAIL**
Samantha Tama, Esq.
Frances Grunder, Esq.
Rochelle East, Esq.
Office of the Attorney General
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004

**BY U.S. MAIL**
Lisa A. Tillman, Esq.
Misha D. Igra, Esq.
Office of the Attorney General
1300 I Street
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 21st day of September, 2007 at San Francisco, California.

Ritika Aggarwal