1   PRISON LAW OFFICE                    BINGHAM, McCUTCHEN, LLP
    DONALD SPECTER, Bar No. 83925        WARREN E. GEORGE, Bar No. 53588
2   STEVEN FAMA, Bar No. 99641           Three Embarcadero Center
    E. IVAN TRUJILLO, Bar No. 228790     San Francisco, California  94111
3   General Delivery                     Telephone: (415) 393-2000
    San Quentin, California  94964
4   Telephone: (415) 457-9144

5   ROSEN, BIEN & GALVAN, LLP            HELLER, EHRMAN, WHITE & McAULIFFE
    MICHAEL W. BIEN, Bar No. 96891       RICHARD L. GOFF, Bar No. 36377
6   JANE E. KAHN, Bar No. 112239         701 Fifth Avenue
    AMY WHELAN, Bar No. 215675           Seattle, Washington  98104
7   LORI RIFKIN, Bar No. 244081          Telephone: (206) 447-0900
    SARAH M. LAUBACH, Bar No. 240526
8   315 Montgomery Street, 10th Floor
    San Francisco, California  94104
9   Telephone: (415) 433-6830

10  THE LEGAL AID SOCIETY –              KIRKPATRICK & LOCKHART PRESTON
    EMPLOYMENT LAW CENTER                GATES ELLIS LLP
11  CLAUDIA CENTER, Bar No. 158255       JEFFREY L. BORNSTEIN, Bar No. 99358
    600 Harrison Street, Suite 120       55 Second Street, Suite 1700
12  San Francisco, CA 94107              San Francisco, CA  94105-3493
    Telephone:  (415) 864-8848           Telephone:  (415) 882-8200

13
    Attorneys for Plaintiffs
14

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | ) No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | ) |
| vs. | ) **THREE-JUDGE COURT** |
| ARNOLD SCHWARZENEGGER, et al., | ) |
| Defendants | ) |
| MARCIANO PLATA ,et al., | ) No. C01-1351 TEH |
| Plaintiffs, | ) |
| vs. | ) **THREE-JUDGE COURT** |
| ARNOLD SCHWARZENEGGER, et al., | ) **PLAINTIFFS' OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION FOR A** |
| vs. | ) **PROTECTIVE ORDER** |
| Defendants | ) |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 2

LEGAL ARGUMENT ........................................................................................... 3

I.    DEFENDANTS DO NOT MEET THEIR LEGAL BURDEN TO SHOW
      GOOD CAUSE FOR A PROTECTIVE ORDER AND THIS COURT
      SHOULD DENY THEIR MOTION .......................................................... 3

      A.    Defendants Fail To Satisfy The Good Cause Standard For The
            Overbroad And Vague Categories Of Documents They Propose
            The Court Order To Be Filed Under Seal. ..................................... 5

            1.    Defendants' Proposed Protective Order For The Categories
                  Of Documents Containing Personal Identifying Information
                  And Information Crucial To Prison Security Is Overbroad
                  And This Court Should Instead Adopt Plaintiffs' Proposed
                  Modification Of The Existing *Coleman* And *Plata*
                  Protective Orders. .................................................................. 5

            2.    Defendants Do Not Demonstrate Good Cause For Sealing
                  the Overbroad And Unspecific Category of Documents That
                  "Pertain to Sensitive Communications Or Reflect the
                  Deliberative Process" And This Court Should Reject Their
                  Proposal To Seal These Documents. ....................................... 6

      B.    Defendants Have Failed To Establish Good Cause For Justifying
            The Restriction Of Documents Produced In Discovery To
            Proceedings Before The Three-Judge Court. ................................. 8

            1.    Defendants' Proposed Prohibition on Use of Discovery
                  Information Outside the Three-Judge Court Proceedings
                  Contravenes Established Law Allowing For Public Access
                  to Discovery and Sharing of Discovery Information Among
                  Litigants ............................................................................... 8

            2.    Defendants' Proposed Restrictions on the Use of Discovery
                  Information Are Illegitimate And Unworkable Attempts to
                  Keep Highly Probative and Relevant Information From the
                  Courts, Special Masters and Receiver, and Plaintiffs ............ 11

II.   ADDITIONAL PROVISIONS OF DEFENDANTS' PROPOSED
      PROTECTIVE ORDER ARE UNDULY BURDENSOME AND
      UNREASONABLE. .................................................................................. 14

CONCLUSION .................................................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Beckman Industries, Inc. v. International Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ........................................................... 4, 7

*Burlington City Bd. of Ed. v. U.S. Mineral Products Co., Inc.*,
   115 F.R.D. 188 (M.D.N.C. 1987) ......................................................... 9

*Foltz v. State Farm Mut. Auto Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ...................................................... passim

*In re Agent Orange Prod. Liability Litig.*,
   821 F.2d 139 (2d Cir.1987) ................................................................ 4

*Kamp Implement Co., Inc. v. J.I. Case Co.*,
   630 F. Supp. 218 (D. Mont. 1986) ..................................................... 10

*Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*,
   129 F.R.D. 483 (D.N.J. 1990) ........................................................... 10

*Patterson v. Ford Motor Co.*,
   85 F.R.D. 152 (W.D. Tex. 1980) ....................................................... 10

*Phillips ex rel. Estates of Byrd v. General Motors*,
   307 F.3d 1206 (9th Cir. 2002) ......................................................... 3, 4

*Public Citizen v. Liggett Group, Inc.*,
   858 F.2d 775 (1st Cir. 1988) .............................................................. 4

*San Jose Mercury News, Inc. v. United States Dist. Ct.*,
   187 F.3d 1096 (9th Cir.1999) ............................................................. 3

*Sasu v. Yoshimura*,
   147 F.R.D. 173  (N.D. Ill. 1993) ........................................................ 9

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) ........................................................................... 9

*United States v. Hooker Chemicals & Plastics Corp.*,
   90 F.R.D. 421 (W.D.N.Y. 1981) ................................................... 7, 9, 10

*Word of Faith World Outreach Ctr. Church, Inc. v. Morales*,
   143 F.R.D. 109 (W.D. Tex. 1992) ....................................................... 9

# INTRODUCTION

Two district courts have each found that defendants are committing grave and ongoing violations of inmates' constitutional rights to minimally adequate medical and mental health care.  Plaintiffs argue that unprecedented overcrowding in California's prisons is the primary cause of these violations, and the district courts have thus referred the *Coleman* and *Plata* cases to a Three-Judge Court for further proceedings in connection with the consideration of a prisoner release order, pursuant to the requirements of the Prison Litigation Reform Act.

Now, defendants—public officials of the State of California, including the Governor, the Secretary of the California Department of Corrections and Rehabilitation, the Director of the state Department of Finance, and the Director of the state Department of Mental Health— are attempting to keep governmental documents and information relevant to their grave failings from public light, and even from the ongoing district court proceedings in *Coleman*, *Plata*, and other cases.  Defendants' proposed strategy appears to be one that would allow them, on the one hand, to tout their "solutions" to the overcrowding crisis and to the crisis of medical and mental health care in their pleadings before the Three-Judge Court, in the press and other public forums, and, on the other hand, to hide the information relevant to the truth of those claims from the Courts, Special Masters, the Receiver, and the public.  This obvious and dangerous ruse should be summarily rejected by this Court.  Trials take place in public and these court proceedings are of the greatest public importance, involving urgent questions of constitutional violations by the State, public safety, and management of billions of dollars of the public's money.  Through their motion for a protective order, defendants are asking this Court to allow defendants a "secret trial" and to be complicit in defendants' attempts to hide important information from the citizens of this State and the federal courts.  This Court should again deny defendants' motion.[1]

---

[1] Plaintiff-Intervenor CCPOA joins in the plaintiff classes' arguments opposing defendants' proposed protective order.

1

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 25, 2008, three months after they began production of documents to plaintiffs in response to discovery requests, defendants filed an ex parte application for a protective order.  Earlier in these discovery proceedings, in an effort to shield information from view, defendants withheld more than 50,000 documents from production to plaintiffs pursuant to frivolous claims of privilege.  Having failed in that effort, defendants then sought through their ex parte application to convert those illegitimate privilege claims to a protective order that would keep this information away from public scrutiny, and from scrutiny by the district courts overseeing these cases.  In their application for a protective order, defendants proposed to severely restrict access to all documents they had previously withheld on the basis of privilege but for which they had subsequently withdrawn or abandoned these claims of privilege.

The Magistrate Judge ruled that "[d]efendants' proposed protective order is overbroad and inconsistent with controlling precedent from the United States Court of Appeals for the Ninth Circuit."  1/29/08 Order at 2:16-17.  The Magistrate Judge orally observed that the protective order proposed by defendants "would have been an embarrassment to Fort Knox, and certainly to this Court in terms of requiring that litigation be conducted in a confidential manner that would deny public access…" Declaration of Lori Rifkin In Opposition to Defendants' Motion for a Protective Order ("Rifkin Decl."), Exh. C (1/29/08 Transcript) at 10:3-7.

Defendants' second motion for a protective order, filed March 18, 2008, is even broader, more ill-defined, and seeks even more secrecy than the previous motion that was conclusively denied by this Court.  Rather than simply "limiting" their request for a protective order to the approximately 50,000 documents for which they at some point made a claim of privilege, defendants have now expanded the requested categories even more to include an ambiguous and apparently unlimited set of documents that defendants, at some undefined time, will unilaterally determine "contain information impacting the right of privacy regarding any individual" and "pertain to sensitive communications or reflect the deliberative process." Defs.' Proposed Protective Order at 2.  In their proposed order, defendants fail to offer any

2

1  corollary language to define what group of documents those might be, but this entire group of

2  undefined documents would be subject to the requirement that they be filed under seal.

3          Moreover, defendants move even further in the direction of a "secret trial" in this

4  second motion for a protective order, proposing that *all* documents produced in the course of

5  discovery during the Three-Judge Court proceedings in *Coleman* and *Plata* be subject to the

6  limitation that they may be used only before the Three-Judge Court and may not be used or

7  disseminated for *any* other purpose, including use in the *Coleman* and *Plata* cases themselves.

8  Defendants seek to prohibit disclosure or use of each and every document produced to

9  plaintiffs during discovery except to the extent that those documents are filed before the Three-

10 Judge Court.  Defendants attempt to accomplish three goals via this restriction, all illegitimate:

11 First, by preventing dissemination of all documents, they seek to overcome the well-

12 established presumption that the fruits of discovery are public.  *See, e.g.*, *San Jose Mercury*

13 *News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Second, by

14 circumscribing use of these documents only to proceedings before the Three-Judge Court,

15 defendants take the contortionist position that the Three-Judge Court proceedings are somehow

16 distinct and separable from the rest of the *Coleman* and *Plata* cases, despite the fact that the

17 Three-Judge Court proceedings are simply ancillary proceedings addressed to the issue of a

18 "prisoner release order" as part of a remedy for the ongoing constitutional violations in each

19 case and not, as defendants contend, separate matters.  Third, defendants seek to shield

20 themselves from the use of these documents in cases outside of *Coleman* and *Plata*, while

21 simultaneously raising their compliance with orders in these other cases as defenses before the

22 Three-Judge Court.  Each of defendants' goals contravenes well-established precedent in the

23 Ninth Circuit and defendants' attempted gamesmanship should be rejected by this Court.

## LEGAL ARGUMENT

**I.    DEFENDANTS DO NOT MEET THEIR LEGAL BURDEN TO SHOW GOOD CAUSE FOR A PROTECTIVE ORDER AND THIS COURT SHOULD DENY THEIR MOTION**

27         The presumption of public access to litigation documents and information produced

28 during discovery is well-established.  *See, e.g.*, *San Jose Mercury News, Inc.*, 187 F.3d at 1103

3

("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public."); *see also Phillips ex rel. Estates of Byrd v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).  In fact, the Ninth Circuit has observed that the "purpose of federal discovery is to force full disclosure."  *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992).

A party requesting a protective order can overcome this presumption of public access to discovery materials only by demonstrating that there is "good cause" for the protective order. *Beckman*, 966 F.2d at 475; *Phillips*, 307 F.3d at 1210 (holding that "the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary"); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789-90 (1st Cir. 1988) ("It is implicit in Rule 26(c)'s 'good cause' requirement that ordinarily (in the absence of good cause) a party receiving discovery materials might make them public."); *In re Agent Orange Prod. Liability Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.")

Furthermore, for each particular document it seeks to protect, the moving party bears the burden of showing that specific prejudice or harm will result if a protective order is not granted.  *See, e.g.*, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips*, 307 F.3d  at 1210.  Broad conclusory allegations of harm do not satisfy the good cause standard; rather, the party requesting the protective order must provide specific demonstrations of fact, supported where possible by affidavits and concrete examples.  *Foltz*, 331 F.3d at 1130-1131.

In their motion for a protective order, defendants utterly fail to meet the good cause standard.  Defendants' proposed protective order seeks to impose two kinds of restrictive requirements on discovery documents in these proceedings.  First, defendants propose that any discovery documents falling into four ill-defined and unspecific groups would be required to be filed under seal.  Second, defendants propose that use of *any and all* documents produced pursuant to discovery in these proceedings be restricted solely to proceedings before the Three-

4

Judge Court.  Defendants do not satisfy their burden to establish good cause to justify either type of restriction.

**A.    Defendants Fail To Satisfy The Good Cause Standard For The Overbroad And Vague Categories Of Documents They Propose The Court Order To Be Filed Under Seal.**

**1.    Defendants' Proposed Protective Order For The Categories Of Documents Containing Personal Identifying Information And Information Crucial To Prison Security Is Overbroad And This Court Should Instead Adopt Plaintiffs' Proposed Modification Of The Existing *Coleman* And *Plata* Protective Orders.**

The first three categories of documents for which defendants seek protection generally cover personal identifying information and information regarding prison security.  Plaintiffs and defendants have already reached resolution regarding the documents for which defendants continue to assert claims of official information and privacy rights in that defendants may produce those documents to plaintiffs in redacted form.  Rifkin Decl. ¶ 2.  Defendants have not demonstrated good cause why a protective order is also necessary given that they produced these documents only in redacted form; they do not identify a single concrete harm that will result from public disclosure of these documents.  Defs.' Motion for a Protective Order ("Defs.' Motion") at 4:4-5:16.  However, to allow for any inadvertent disclosure of employees' personal information by defendants and in good faith deference to defendants' unsupported assertions that they have disclosed documents containing information crucial to prison security, plaintiffs have repeatedly informed defendants of their willingness to stipulate to a protective order that would specifically protect those categories of documents.  Rifkin Decl. ¶ 2.  The definitions of the categories corresponding to these documents offered by defendants in their proposed protective order, however, are overbroad and unworkable.  For example, defendants propose that "CONFIDENTIAL MATERIALS" include any documents that "contain information impacting the right of privacy regarding any individual."  Defs.' Proposed Protective Order at 2:22-24.  Defendants do not offer a definition for what documents "impact" the right of privacy and this phrase has no obvious legal meaning.

Because defendants' proposed protective order is both overbroad and unreasonable, plaintiffs have drafted a proposed addendum to the existing *Coleman* and *Plata* protective

5

orders, attached hereto as Exhibit A.  This proposed addendum defines those categories of personal information and security documents that would be protected, based on the discovery order issued by this Court on December 7, 2007.  Any legitimate interests of defendants in protecting the privacy of their employees and the security of the prisons are satisfied by this straightforward addendum to the protective orders already in place in the *Coleman* and *Plata* cases.

> **2.    Defendants Do Not Demonstrate Good Cause For Sealing the Overbroad And Unspecific Category of Documents That "Pertain to Sensitive Communications Or Reflect the Deliberative Process" And This Court Should Reject Their Proposal To Seal These Documents.**

Defendants also seek, through the fourth category in their proposed protective order, to protect the vague category of documents that "pertain to sensitive communications or reflect the deliberative process on the ground that, although the DOCUMENTS were not withheld from the PARTIES on the basis of privilege, they should nonetheless be protected from broader public disclosure because the interest in broader public disclosure of the documents is outweighed by the interest in limiting the use of the documents to the instant proceeding." Defs.' Proposed Protective Order at 2:25-3:2.  Defendants' argument fails to satisfy the good cause standard for two primary reasons:  defendants do not identify any specific harms that will result from disclosure of these documents, and they do not identify with any specificity whatsoever which documents would be subject to these protections.  In fact, defendants' new proposed protective order is even broader and more vague as to this group of documents than the proposed protective order already rejected by this Court.

Defendants' only explanation of "the interest in limiting the use of the documents to the instant proceeding" is the explanation that "sensitive budget information for non-parties has been produced to Plaintiffs' counsel."  Defs.' Motion for a Protective Order at 5:5-6. Defendants do not identify these non-parties, or explain how disclosure of "sensitive budget information" will prejudice or harm them.  Moreover, given that the Governor, the Director of the Department of Finance, the Director of the Department of Mental Health, and the Secretary of the California Department of Corrections and Rehabilitation are defendants in this case,

6

1    defendants' unsupported claim that budget information for non-parties has been produced to

2    plaintiffs' counsel is a dubious one.  Belying this speculative assertion about budget

3    information from non-parties, defendants' description of the category of documents subject to

4    a protective order is far broader than budget information—indeed, it is virtually limitless as it

5    allows defendants to be the arbiter of what documents it deems to "pertain to sensitive

6    communications or reflect the deliberative process."  Ninth Circuit precedent strongly

7    disfavors blanket protective orders of the type defendants seek here, noting that they are "by

8    nature overinclusive." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476

9    (9th Cir. 1992); *see also Foltz*, 331 F.3d at 1131.  In previous briefing and arguments before

10   this Court, defendants have displayed similar overreaching, placing communications between

11   themselves and the legislature, the *Coleman* Special Master, the *Plata* Receiver, and even

12   plaintiffs' counsel in the category of sensitive communications or deliberative process, as well

13   as public Court filings, chaptered versions of bills signed by the Governor, and clippings from

14   public news media. *See, e.g.*, Rifkin Decl. ¶ 3 and Exh. D (3/12/08 Transcript) at 7:19-20.

15   Moreover, should any "communications" disclosed by defendants in discovery be truly

16   confidential pursuant to valid privilege, the parties have already signed a "clawback"

17   agreement which requires return and destruction of those documents, once identified.[2]

18        Defendants' back-end attempt to restrict access to documents that defendants deem

19   sensitive should be summarily rejected.  *See United States v. Hooker Chemicals & Plastics*

20   *Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981) ("[T]he mere fact that a case has gained some

21   notoriety certainly cannot be sufficient reason to conceal the discovery process.  On the

22   contrary, it may well be reason to issue a protective order only most reluctantly.")  Defendants'

23   management of the prison system is indisputably a matter of central public significance and

24

25   ───────────────

26   [2] In fact, this clawback agreement has already been activated a number of times, including
     several instances whereby plaintiffs' counsel notified defendants' counsel that plaintiffs
27   defendants may have inadvertently produced privileged documents.  In each of these instances,
     plaintiffs' counsel has promptly returned and/or destroyed all copies of these documents in
28   keeping with the requirements of the clawback provision.  Rifkin Decl. ¶ 6.

1   interest, especially in the context of these cases, where the lives of 170,000 individuals are at

2   risk due to lack of health care, and the federal courts are considering issuing a prisoner release

3   order because of the severity and intractability of defendants' constitutional violations.

4       **B.   Defendants Have Failed To Establish Good Cause For Justifying The Restriction Of Documents Produced In Discovery To Proceedings Before The Three-Judge Court.**

6       Defendants do not end their effort to circumscribe public access to information at the

7   point of proposing that vague categories of documents be filed under seal.  Rather, defendants'

8   aspirations to shield themselves from public scrutiny and accountability concerning their

9   ability to remedy the constitutional violations and address the prison overcrowding crisis

10   culminate in paragraph sixteen of their proposed protective order, which provides:

> All DOCUMENTS produced by any PARTY during the course of the PROCEEDING shall be used solely in connection with the PROCEEDING. The PARTIES agree that any DOCUMENT produced during the course of the PROCEEDING shall not be used or disseminated for any other purpose, including but not limited to pending or future litigation in any court.

15   With this provision, defendants attempt to convert these proceedings, which are of undisputed

16   public interest and social importance, into a secret trial and use them as a shield against

17   liability.  Defendants seek to prevent the use of any information responsive to discovery

18   promulgated in the course of the Three-Judge Court proceedings in any other lawsuit—

19   including the *Coleman* and *Plata* lawsuits of which these proceedings are part.  Meanwhile,

20   defendants would remain free to raise information from any other cases in which they are

21   involved, including the underlying *Coleman* and *Plata* proceedings, as defenses before the

22   Three-Judge Court.  This kind of legal gamesmanship lacks even a shred of legal justification

23   and is unwarranted as a matter of logic and policy.

25       **1.   Defendants' Proposed Prohibition on Use of Discovery Information Outside the Three-Judge Court Proceedings Contravenes Established Law Allowing For Public Access to Discovery and Sharing of Discovery Information Among Litigants**

27       The presumption of public access to discovery extends not only to public consumption

28   of information produced in discovery, but also to use of this information by other litigants.

8

*Foltz*, 331 F.3d at 1128, n.1 (absent other orders or agreements, parties free to disclose their discovered materials to collateral litigants). The Ninth Circuit has declared that it "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131. This position is squarely in line with courts across the country. *See Burlington City Bd. of Ed. v. U.S. Mineral Products Co., Inc.*, 115 F.R.D. 188, 190 (M.D.N.C. 1987) ("The courts considering the matter have overwhelmingly and decisively endorsed the sharing of discovery information among different plaintiffs, in different cases, in different courts.") Indeed, the Ninth Circuit has noted that "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz*, 331 F.3d at 1131-1132. The presumption that discovered material may be shared among litigants is especially strong "where the resources available to the parties are uneven," because "plaintiffs might have a most difficult time extracting information, whereas powerful litigants such as the United States and the State might find it relatively easier to compel production." *United States v. Hooker Chemicals & Plastic Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981).[3] In fact, this Court has previously recognized the legitimate interest of plaintiff classes in sharing information in overlapping or similar litigation against State defendants, citing Ninth Circuit precedent favoring access to discovery materials and the interests of judicial economy. *See Coleman v. Schwarzenegger*, 1/12/07 Order, Doc. No. 2108 at 4:11-18.

Defendants have no legal justification for limiting plaintiffs from using properly discovered material in other cases, or from sharing such information with other plaintiffs' counsel. Defendants' citations to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), *Sasu v. Yoshimura*, 147 F.R.D. 173 (N.D. Ill. 1993), and *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 143 F.R.D. 109 (W.D. Tex. 1992), do not support their assertion that "[i]t is

---

[3] As discussed more fully in this section, the policy in favor of sharing information with other plaintiffs' counsel is not overcome simply because plaintiffs' counsel in *Coleman* and *Plata* are the same plaintiffs' counsel in other actions against these defendants. Rather, the identity of counsel further evidences the impracticability of defendants' position.

1  generally accepted that a party does not have the right to use pre-trial discovery in one case for

2  the prosecution of another" (Defs.' Motion at 5:22-23) or that information from discovery in

3  these proceedings should be prohibited from use in *Plata*, *Coleman*, or any other litigation.

4  None of these cases stands for the broad proposition that discovery propounded in one case

5  cannot be used in other cases.  Indeed, none dealt with a protective order provision covering all

6  documents turned over in discovery, as defendants propose here.  Rather, *Seattle Times*, *Sasu*

7  and *Morales* all concerned third party access to information that the parties had either agreed to

8  keep confidential or that the court had deemed confidential under Rule 26(c).  Plaintiffs in this

9  case have already agreed that the narrow class of documents of the type discussed in those

10  cases may be filed under seal.

11      Defendants' fear that plaintiffs might use discovery obtained in the overcrowding

12  proceeding in other lawsuits cannot justify the imposition of a protective order.  The purpose of

13  protective orders is not to shield defendants from accountability or liability.  *See Foltz*, 331

14  F.3d at 1137 (9th Cir. 2003) ("This disclosure might harm State Farm by exposing it to

15  additional liability and litigation, … but a litigant is not entitled to the court's protection from

16  this type of harm.").  Rather, "courts have emphatically held that a protective order cannot be

17  issued simply because it may be detrimental to the movant in other lawsuits.  Using fruits of

18  discovery from one lawsuit in another litigation, and even in collaboration among various

19  plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil

20  Procedure.  The harm possibly emanating therefrom does not form a basis for a protective

21  order."  *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 486 (D.N.J. 1990)

22  (citations omitted); *see also*; *Kamp Implement Co., Inc. v. J.I. Case Co.*, 630 F. Supp. 218, 219

23  (D. Mont. 1986); *United States v. Hooker Chemicals & Plastic Corp.*, 90 F.R.D. 421, 425-26

24  (W.D.N.Y. 1981); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 153 (W.D. Tex. 1980).

25

26

27

28

1

2

**2.    Defendants' Proposed Restrictions On The Use Of Discovery Information Are Illegitimate And Unworkable Attempts To Keep Highly Probative And Relevant Information From The Courts, Special Masters And Receiver, And Plaintiffs**

3

4        Defendants' endeavor to restrict discovery information from these proceedings not only

5   lacks legal justification, but should also be rejected as a matter of principle and logic.

6   Defendants propose that discovery information may not be used by plaintiffs or the Courts in

7   *Coleman* and *Plata* proceedings in the District Courts, or by plaintiffs in other litigation against

8   defendants. This proposal is not only unworkable, but is also defendants' illegitimate attempt

9   to gain litigation advantages and keep highly probative and relevant information from the

10  Courts, Special Masters and Receiver, and plaintiffs.

11       First, as outlined above, defendants' interest in restricting the use of this information to

12  avoid further accountability and liability is not a legitimate interest that should be recognized

13  by this Court. Second, defendants have waived any arguments in favor of this protection

14  through the defenses that they have already raised in this case. For example, in defense against

15  the issuance of a prisoner release order, defendants have cited implementation of their bed

16  plans in the *Coleman* Court, their plans to enhance recruitment and increase the pay of mental

17  health clinicians, and their plan to work with the *Plata* Receiver to create consolidated care

18  centers. *See, e.g.*, Rifkin Decl. ¶ 4, Exhs. A (Governor's Responses to Plaintiff Coleman's

19  First Set of Interrogatories at 12-13) & B (Tilton's Response to Coleman's Interrogatories at

20  11-12). In raising each of these defenses, defendants have claimed that their alleged current

21  and future compliance with existing orders in the *Coleman* and *Plata* cases obviates the need

22  for the Three-Judge Court to issue a prisoner release order to remedy the ongoing

23  constitutional violations. Defendants have also raised issues that are part of ongoing remedial

24  actions in *Valdivia v. Schwarzenegger* as defenses in the *Coleman* and *Plata* proceedings

25  before the Three-Judge Court, such as defendants' alleged provision of drug treatment beds for

26  parolees with dual diagnoses of mental illness and substance abuse, the availability of remedial

27  sanctions generally, and the development and assessment of a risk and needs assessment tool

28  and decisionmaking matrix. *See* Rifkin Decl. ¶ 5 and Exh. B (Tilton's Response to Coleman's

1    Interrogatories at 15-16); Decl. of Scott Kernan in Support of Defs.' Suppl. Brief in Opposition

2    to Pls.' Motion for Referral to a Three-Judge Panel, filed 5/24/07, *Coleman* Doc. No. 2238 at

3    8-11.  In raising these defenses, defendants have claimed that they are already undertaking

4    actions pursuant to orders in the *Valdivia* case that will reduce the number of class members

5    and other inmates in the prisons, and render a prisoner release order by the Three-Judge Court

6    unnecessary.  However, through this motion for a protective order, defendants now argue that

7    plaintiffs, the Courts, and the Special Masters and Receiver in *Coleman*, *Plata*, and *Valdivia*

8    may not access or use information about defendants' compliance with the district courts'

9    orders in those same cases because this information was produced in the course of the Three-

10   Judge Court proceedings.  Defendants are seeking to "cherry-pick" when they are subject to

11   scrutiny regarding these issues (and when they are not) based on the false premise that the

12   Three-Judge matter is separate and distinct from the underlying *Coleman* and *Plata* litigation.

13            The result of defendants' proposed protective order would be illogical, unworkable, and

14   would result in unfair prejudice to the plaintiff classes.  For example, any information

15   disclosed through discovery relating to the ability of defendants to implement the Court-

16   ordered bed plan they have raised as a defense could be presented in the Three-Judge Court for

17   their consideration of whether a prisoner release order is appropriate, but this same information

18   could not be introduced as evidence by plaintiffs' counsel to the *Coleman* Court when the

19   Court is considering whether defendants are complying or will be able to comply with its order

20   approving that bed plan.  Indeed, if the Court adopts defendants' protective order, the same

21   Judge who hears evidence concerning implementation of the bed plan in the proceedings

22   before the Three-Judge Court would somehow have to shield himself from that evidence when

23   evaluating defendants' progress with that plan during the course of the *Coleman* litigation in

24   the district court.

25            Defendants' wish that the Three-Judge Court proceedings are substantively

26   distinguishable from the rest of the *Coleman* and *Plata* cases does not make it so.  All of the

27   ongoing litigation in the remedial phases of the *Coleman* and *Plata* cases—including the

28   litigation before the Three-Judge Court—addresses the question of remedy for the

1  constitutional violations in each case.  The PLRA imposes a procedural requirement of a

2  Three-Judge Court for the issuance of a prisoner release order, but this procedural requirement

3  does not divorce proceedings relating to that order from the rest of the *Coleman* and *Plata*

4  cases such that Judges and counsel must turn blind eyes and deaf ears to the evidence before

5  them.  Plaintiffs are not litigating a separate overcrowding case against defendants; the parties

6  are in this litigation posture because defendants have continued to fail to remedy their ongoing

7  constitutional violations.  In defense against a prisoner release order, defendants have asserted

8  that they are complying or will comply with the *Coleman* and *Plata* Courts' orders; thus,

9  plaintiffs have promulgated discovery concerning this compliance.  It is absurd to suggest that

10  if the information gained in discovery reveals that defendants are not in fact complying or

11  cannot comply with the Courts' orders, plaintiffs should be barred from introducing that

12  information to the *Coleman* and *Plata* Courts, and that the same Judges who review that

13  information when considering a prisoner release order should be barred from considering it

14  when evaluating whether defendants are complying with their orders.  Defendants are

15  attempting to use these proceedings as both a sword and a shield in an impermissible manner.[4]

16  Defendants' position is not defensible in law or logic, and should be rejected by this Court.

17

---

18  [4] Moreover, defendants' argument that, by using the information gained during discovery,
19  plaintiffs are "upsetting [the] balance by providing unsolicited input and comments on various
   draft policy documents" and "intruding into Defendants' development of plans and reports" is
20  a non-starter.  Defendants insinuate that an example of plaintiffs' counsel's improper
   "intrusions" was plaintiffs' counsel's list of proposed agenda items for the *Coleman*, *Plata*,
21  *Perez*, and *Armstrong* Courts' Coordination meeting.  Decl. of Lisa Tillman at 3:16-20.  This is
   an incorrect and misleading representation by defendants as to the actions of plaintiffs'
22  counsel.  Plaintiffs' counsel submitted this list of proposed agenda items in response to a
   request from the Courts to do so.  Declaration of Jane Kahn In Opposition to Defs.' Motion for
23  a Protective Order ¶ 2 and Exh. A.  Defendants' second example of plaintiffs' counsel's
   "intrusion" revolves around production during discovery of a staffing workload study
24  undertaken by defendants' in response to a *Coleman* Court order.  On July 28, 2006, the Court
   ordered defendants to complete this study in time to include its findings and recommnedations
25  in the Fiscal Year 2007-08 budget.  However, defendants failed to do so, and in fact only
   produced the study in late 2007 during discovery.  Kahn Decl. ¶ 3.  While it is true that
26  defendants had unilaterally elected to withhold that document from plaintiffs' counsel and the
   *Coleman* Special Master until discovery in these proceedings, in violation of the Court's order,
27  use of that document now does not constitute an unwarranted intrusion by plaintiffs' counsel.
   Rather, defendants are upset that they must now disclose relevant documents that they were
28  previously able to hide from plaintiffs' counsel, and the Special Master and Court whose duty

(continued . . .)

1    Similar arguments disfavor prohibiting the sharing of discovery information across

2   *other* litigation against the State defendants.  For example, in the Three-Judge Court

3   proceedings and in the district court proceedings prior to the referral to the Three-Judge Court,

4   defendants raised their alleged compliance with orders in *Valdivia* as defenses to the issuance

5   of a prisoner release order.  Rifkin Decl. ¶ 5.  Defendants maintained that their activation of

6   dual diagnosis In Custody Drug Treatment Beds, which are one component of the remedial

7   sanctions required by the orders of the *Valdivia* Court, would reduce the number of *Coleman*

8   class members in CDCR prisons and thus reduce overcrowding in the prisons and help remedy

9   the violation of class members' constitutional right to mental health care.  At the same time,

10  defendants are also making claims about their activation of these beds in proceedings before

11  the *Valdivia* Court and Special Master.  Rifkin Decl. ¶ 5.  If plaintiffs conduct discovery as to

12  the activation of these dual diagnosis beds and receive information as to whether those beds in

13  fact are or will be activated, defendants' proposed protective order would prohibit plaintiffs'

14  counsel from presenting that information to the *Valdivia* Court or Special Master.  As already

15  outlined, this violates the precedent of the Ninth Circuit, and it also forces an unworkable and

16  unethical restriction on plaintiffs' counsel and the Judge who presides over both *Valdivia* and

17  *Coleman*.

18
    ## II.    ADDITIONAL PROVISIONS OF DEFENDANTS' PROPOSED PROTECTIVE
19            ORDER ARE UNDULY BURDENSOME AND UNREASONABLE

20           In addition to the objections already articulated, if the Court deems a stand-alone

21  protective order necessary for discovery information in these proceedings, plaintiffs object to

22  two additional provisions of defendants' proposed order.

23           First, plaintiffs object to paragraph seven of defendants' proposed order.  This provision

24  would require that whenever a disclosing party provides information to individuals outside the

25  parties and court personnel, the disclosing party must serve all other parties with

26

27  it is to assess defendants' compliance with court orders and the law.  In any event, no amount
    of discomfort on defendants' part warrants the overreaching protective order sought here.
28

1   the acknowledgement of protective order by each individual who signs it within seven days.

2   This provision is unduly restrictive and unreasonable, and is an abusive attempt to receive

3   early disclosure of the parties' consideration of witnesses and experts.  The provision in the

4   existing protective orders is reasonable to protect the parties' legitimate interests:  "Unless such

5   agreement [to be bound by Protective Order] is made on the record, such as in court or during a

6   deposition, the person making the disclosure shall retain the original of an executed written

7   agreement until termination of this litigation, or until otherwise ordered by the Court.  A copy

8   of each such agreement will be furnished to defendants' counsel upon order of the Court."

9        Second, plaintiffs object to the meet and confer requirements outlined in paragraph

10  eight of defendants' proposed order because these procedures are unduly burdensome and

11  unreasonable.  The protective orders already in place in these proceedings sufficiently

12  designate the documents which are to be filed under seal.  Any additional protective order

13  should also include a procedure by which documents subject to the protective order are

14  designated.  A requirement to meet and confer as to each document is unnecessary, and

15  emphasizes the insufficiency of defendants' descriptions of documents that they propose be

16  subject to the protective order.

17                                   **CONCLUSION**

18        Plaintiffs respectfully request that this Court deny defendants' motion for a protective

19  order, and, to the extent that additional protections are deemed necessary to protect defendants'

20  interests in safeguarding their employees' personal information and prison security, enter the

21  protective order attached hereto as Exhibit A.

22

23  Dated:  March 26, 2008                    Respectfully submitted,

24                                            ROSEN, BIEN & GALVAN, LLP

25

26                                            By: */s/ Lori Rifkin*_____
                                                  Lori Rifkin
27                                                Attorneys for *Coleman* Plaintiffs
                                                  and on Behalf of *Plata* Plaintiffs
28

---

15

# EXHIBIT A

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone:  (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.: Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al., <br><br> Plaintiffs, <br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> vs. <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **[PROPOSED] ADDENDUM TO EXISTING *COLEMAN* AND *PLATA* PROTECTIVE ORDERS** |

**ADDENDUM TO *COLEMAN* AND *PLATA* PROTECTIVE ORDERS**

In accordance with the order filed concurrently herewith and good cause appearing, IT IS ORDERED THAT the protective order entered in *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK-JFM P on January 12, 2007 and July 29, 1992 (collectively, "*Coleman* Protective Order"), and the protective order entered in *Plata v. Schwarzenegger*, No. C 01-1351 TEH on April 3, 2003 ("*Plata* Protective Order") are hereby modified in the following manner:

IT IS ORDERED THAT the material designated as "confidential material" in the *Coleman* Protective Order and the *Plata* Protective Order is amended to include the following categories of material in addition to those categories already identified in the respective Protective Orders:

(1) All documents and information obtained in this action concerning timetables on out of state transfers or reflecting architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access and construction design details, for which an official information privilege has been claimed;

(2) All documents and information obtained in this action that contain identifying personal information, including but not limited to inmate names and identification numbers, and employee social security numbers, federal identification numbers, personal telephone numbers, addresses, or personal e-mail addresses, for which a claim of privacy rights has been made.

All such documents and information obtained in this action by plaintiffs' or intervenors' counsel shall be regarded as confidential and subject to the underlying Protective Orders in these cases.

IT IS SO ORDERED.

Dated: _____          Respectfully submitted,

_____
Honorable John F. Moulds
United States Magistrate Judge

[PROPOSED] ADDENDUM TO EXISTING COLEMAN AND PLATA PROTECTIVE ORDERS, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH