PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.: Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> vs. <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DECLARATION OF LORI RIFKIN IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

I, Lori Rifkin, declare:

1.      I am a member of the Bar of this Court and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify.  I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for a Protective Order.

2.      Plaintiffs and defendants have already reached resolution regarding the documents for which defendants continue to assert claims of official information and privacy rights in that defendants may produce those documents to plaintiffs in redacted form. However, to allow for any inadvertent disclosure of employees' personal information by defendants and in good faith deference to defendants' unsupported assertions that they have disclosed documents containing information crucial to prison security, plaintiffs have repeatedly informed defendants of their willingness to stipulate to a protective order that would specifically protect those categories of documents.

3.      In the course of discovery, defendants have asserted privilege for documents that include communications between themselves and the legislature, the *Coleman* Special Master, the *Plata* Receiver, and plaintiffs' counsel, as well as public Court filings, chaptered versions of bills signed by the Governor, and clippings from public news media.

4.      On November 13, 2007, in response to discovery requests, plaintiffs received Defendant Governor Schwarzenegger's Responses to Plaintiff Coleman's First Set of Interrogatories and Defendant Tilton's Response to Ralph Coleman's Interrogatories.  True and correct copies of this documents are attached hereto as **Exhibits A and B**, respectively.  These responses, as well as briefs and supporting declarations already filed by defendants in the district courts, outline the defenses the State is raising in support of its opposition to the issuance of a prisoner release order.  One of defendants' primary arguments is that they are complying or will soon comply with various Court orders in *Coleman* and *Plata* requiring them to provide adequate medical and mental health beds and appropriate staffing for the

1    provision of medical and mental health care.  In these documents defendants specifically cite to
2    implementation of the Court-approved plans including the *Coleman* bed plan, enhanced
3    recruitment and increased pay for mental health clinicians, and working in coordination with
4    the *Plata* Receiver to create consolidated care centers.  *See, e.g.,* Exhibit A at 12-13; Exhibit B
5    at 11-12.  Defendants have claimed that their alleged current and future compliance with
6    existing orders in the *Coleman* and *Plata* cases obviates the need for the Three-Judge Court to
7    issue a prisoner release order to remedy the ongoing constitutional violations.  Through the
8    discovery process, plaintiffs have received documents and information relevant to the
9    credibility of defendants' claims that they are able to comply with these orders.  In some
10   instances, the discovery information plaintiffs receive may conflict with assertions made by
11   defendants during the normal course of proceedings in the cases before the district courts.  For
12   example, some of the doucments produced in these proceedings make clear that defendants'
13   bed planning efforts depend heavily on claimed funding sources and construction timelines that
14   defendants have not secured.  Defendants' proposed protective order would prohibit plaintiffs
15   from providing the district courts and the Special Masters with this information, despite the
16   fact that those same courts and court representatives are charged with monitoring compliance
17   with the orders.

18          5.      Defendants have also raised issues that are part of ongoing remedial actions in
19   *Valdivia v. Schwarzenegger* as defenses in the *Coleman* and *Plata* proceedings before the
20   Three-Judge Court, such as defendants' alleged provision of drug treatment beds for parolees
21   with dual diagnoses of mental illness and substance abuse, the availability of remedial
22   sanctions generally, and the development and assessment of a risk and needs assessment tool
23   and decisionmaking matrix.  *See* Exhibit B at 15-16; Decl. of Scott Kernan in Support of Defs.'
24   Suppl. Brief in Opposition to Pls.' Motion for Referral to a Three-Judge Panel, filed 5/24/07,
25   *Coleman* Doc. No. 2238 at 8-11.  In raising these defenses, defendants have claimed that they
26   are already undertaking actions pursuant to orders in the *Valdivia* case that will reduce the
27   number of class members and other inmates in the prisons, and render a prisoner release order
28

by the Three-Judge Court unnecessary. Defendants' claims of compliance with those *Valdivia* orders may be undermined by some of the information received through the course of discovery and proceedings before the Three-Judge Court. For example, defendants maintain that their activation of dual diagnosis In Custody Drug Treatment Beds, which are one component of the remedial sanctions required by the orders of the *Valdivia* Court, would reduce the number of *Coleman* class members in CDCR prisons and thus reduce overcrowding in the prisons and help remedy the violation of class members' constitutional right to mental health care. At the same time, defendants are also making claims about their activation of these beds in proceedings before the *Valdivia* Court and Special Master. If plaintiffs conduct discovery as to the activation of these dual diagnosis beds and receive information as to whether those beds in fact are or will be activated, defendants' proposed protective order would prohibit plaintiffs' counsel from presenting that information to the *Valdivia* Court or Special Master because this information was produced in the course of the Three-Judge Court proceedings.

6.    Plaintiffs and defendants have already executed a "clawback" agreement, which was submitted by defendants as the last part of their proposed protective order. This clawback agreement has already been activated a number of times, including several instances whereby plaintiffs' counsel notified defendants' counsel that defendants may have inadvertently produced privileged or work product documents. In each of these instances, plaintiffs' counsel promptly returned and/or destroyed all copies of these documents upon confirmation from defendants that documents were in fact inadvertently produced.

7.    Attached hereto as Exhibit C is a true and correct copy of excerpted pages from the court reporter's transcript of the hearing held by this Court on January 29, 2008.

8.    Attached hereto as Exhibit D is a true and correct copy of excerpted pages from the court reporter's transcript of the hearing held by this Court on March 12, 2008.

1   I declare under penalty of perjury under the laws of California and the United States that

2   the foregoing is true and correct, and that this declaration is executed this 26th day of March

3   2008 in San Francisco, California.

4

5                                           _____*/s/Lori Rifkin*_____
                                            Lori Rifkin

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LORI RIFKIN IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER, NOS.:  CIV S 90-0520 LKK-
JFM, C01-1351 TEH

# EXHIBIT A

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 327-7872
Fax: (916) 324-5205
Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

RECEIVED

NOV 1 3 2007

Rosen, Bien & Galvan

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                   Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                  Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA,<br><br>                   Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>                  Defendants. | No. C01-1351<br><br>**THREE JUDGE COURT**<br><br>**DEFENDANT GOVERNOR SCHWARZENEGGER'S RESPONSES TO PLAINTIFF COLEMAN'S FIRST SET OF INTERROGATORIES** |

//

1 | Propounding Party:  Ralph Coleman

2 | Responding Party:   Defendant Governor Arnold Schwarzenegger

3 | Set No.:              One

**DEFINITIONS**

5 | In construing these discovery responses, the following definitions shall apply:

6 | 1.    "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named

7 | plaintiffs in the action *Coleman v. Schwarzenegger*, Case No. 90-0520 LKK JFM (E.D. Cal.)

8 | (*Coleman*).

9 | 2.    "DEFENDANT" shall mean Governor Arnold Schwarzenegger, a named defendant in

10 | the case of *Coleman* v. *Schwarzenegger*.

11 | 3.    "DEFENDANTS" shall mean each of the named defendants in the case of *Coleman* v.

12 | *Schwarzenegger*, including James Tilton in his official capacity on behalf of the California

13 | Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his official capacity

14 | on behalf of the Department of Mental Health (DMH), Michael Genest in his official capacity on

15 | behalf of the Department of Finance (DOF), and the Governor.

16 | 4.    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

17 | U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

**OVERALL OBJECTIONS TO INTERROGATORIES**

19 | 1.    DEFENDANT objects to Plaintiffs' definition of a California Department of

20 | Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units

21 | within Department of Mental Health (DMH) facilities that house CDCR prisoners.

22 | (Interrogatories, p. 2.)  That definition mischaracterizes the role of DMH as a provider of housing

23 | for incarcerated inmates.  DMH's true role is defined by California Penal Code section 2684 as a

24 | provider of inpatient mental health treatment to CDCR inmate-patients.  Further, that definition

25 | erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed

26 | DMH as a provider of housing for incarcerated inmates.  DEFENDANT will interpret the terms

27 | "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the

28 | jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to

1  California Penal Code section 5054.

2      2.    DEFENDANT objects that the discovery seeks INFORMATION that is neither

3  relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

4  discovery of admissible evidence.  PLAINTIFFS have refused to identify what if any claims they

5  will be asserting in the PROCEEDING.  Consequently, DEFENDANT objects that the discovery

6  requires DEFENDANT to speculate what claims may or may not be asserted by PLAINTIFFS.

7      3.    DEFENDANT objects that the requests are seek information equally available to

8  PLAINTIFFS, and that the requests are overbroad and unduly burdensome.  In accordance with

9  the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive a monthly document productions

10  and other discovery from DEFENDANT and the Receiver appointed in *Plata*.

11     4.    DEFENDANT states that PLAINTIFFS are already in possession of DEFENDANTS'

12  filed plans for the provision of mental health care beds, for the recruitment and retention of

13  staffing for those mental health beds, and for the implementation of appropriate mental health

14  care in those beds. DEFENDANT asserts the deliberative process privilege to all information

15  sought or contained in drafts of those *Coleman* plans, all drafts of any budget proposals to fund

16  those plans, and inter- and intra-Defendant emails concerning those plans.

17     5.    Given the shortened time for DEFENDANT'S responses to these interrogatories,

18  DEFENDANT hereby reserves the right to supplement these responses at a later date.

19     6.    To the extent any request seeks information from documents prepared, created, or

20  generated by the Office of the Inspector General, DEFENDANTS object to the discovery of such

21  information on the basis of the official information privilege and on the basis of the right to

22  privacy in medical, mental health, and personnel matters.  Non-privileged reports of the Office of

23  the Inspector General are available on its public web site.

24                **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

25  INTERROGATORY NO. 1:

26         Do you contend that the state of emergency in the California prison system that you

27  declared, pursuant to your October 4, 2006 overcrowding proclamation, is now over?

28  //

1  RESPONSE TO INTERROGATORY NO. 1:

2      DEFENDANT objects that this request seeks information protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

4  critical analysis privilege, and official information privilege. DEFENDANT objects that this

5  interrogatory seeks information concerning the overall population of CDCR and so exceeds

6  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

7  disordered inmates and exceeds the jurisdiction of the *Coleman* case.

8      Subject to and without waiving the foregoing objections, DEFENDANT responds as

9  follows: No, the Governor has not terminated the Emergency Proclamation, and his

10 administration continues to aggressively use the emergency authority to address overcrowding in

11 ways that are less intrusive than a prisoner release order.

12 INTERROGATORY NO. 2:

13     If your response to interrogatory number one is affirmative, state all facts and identify all

14 documents and witnesses in support of your contention.

15 RESPONSE TO INTERROGATORY NO. 2:

16     Not applicable. See the objections and response to interrogatory number 1.

17 INTERROGATORY NO. 3:

18     Do you contend that the substantial risk to the health and safety of staff and inmates in

19 CDCR prisons caused by severe overcrowding in CDCR prisons that you cited in your

20 overcrowding proclamation has been alleviated?

21 RESPONSE TO INTERROGATORY NO. 3:

22     DEFENDANT objects that this request seeks information protected from disclosure by

23 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

24 critical analysis privilege, and official information privilege. DEFENDANT objects that this

25 interrogatory seeks information concerning the overall population of CDCR and so exceeds

26 Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

27 disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory

28 is vague in the use of the word 'alleviated', as this word is subject to different meanings and is

1  not defined in the interrogatories.

2      Subject to and without waiving the foregoing objections, DEFENDANT responds as

3  follows: The Governor has not terminated the Emergency Proclamation, and his

4  administration continues to aggressively use the emergency authority to address overcrowding in

5  ways that are less intrusive than a prisoner release order.

6  INTERROGATORY NO. 4:

7      If your response to interrogatory number three is affirmative, state all facts and identify all

8  documents and witnesses in support of your contention.

9  RESPONSE TO INTERROGATORY NO. 4:

10      Not applicable.  See the objections and response to interrogatory number 3.

11  INTERROGATORY NO. 5:

12      Do you contend that the substantial risk of violence in CDCR prisons caused by severe

13  overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been

14  alleviated?

15  RESPONSE TO INTERROGATORY NO. 5:

16      DEFENDANT objects that this request seeks information protected from disclosure by

17  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

18  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

19  interrogatory seeks information concerning the overall population of CDCR and so exceeds

20  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

21  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

22  is vague in the use of the word 'alleviated', as this word is subject to different meanings and is

23  not defined in the interrogatories.

24      Subject to and without waiving the foregoing objections, DEFENDANT responds as

25  follows:  The Governor has not terminated the Emergency Proclamation, and his

26  administration continues to aggressively use the emergency authority to address overcrowding in

27  ways that are less intrusive than a prisoner release order.

28  //

Governor's Responses to Coleman Interrogatories, Set One

1 | INTERROGATORY NO. 6:

2 |  If your response to interrogatory number five is affirmative, state all facts and identify all

3 | documents and witnesses in support of your contention.

4 | RESPONSE TO INTERROGATORY NO. 6:

5 |  Not applicable. See the objections and response to interrogatory number 5.

6 | INTERROGATORY NO. 7:

7 |  Do you contend that the substantial risk of transmission of infectious diseases in CDCR

8 | prisons caused by severe overcrowding in CDCR prisons that you cited in your overcrowding

9 | proclamation has been alleviated?

10 | RESPONSE TO INTERROGATORY NO. 7:

11 |  DEFENDANT objects that this request seeks information protected from disclosure by

12 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

13 | critical analysis privilege, and official information privilege. DEFENDANT objects that this

14 | interrogatory seeks information concerning the overall population of CDCR and so exceeds

15 | Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

16 | disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory

17 | is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

18 | not defined in the interrogatories.

19 |  Subject to and without waiving the foregoing objections, DEFENDANT responds as

20 | follows: The Governor has not terminated the Emergency Proclamation, and his

21 | administration continues to aggressively use the emergency authority to address overcrowding in

22 | ways that are less intrusive than a prisoner release order.

23 | INTERROGATORY NO. 8:

24 |  If your response to interrogatory number seven is affirmative, state all facts and identify

25 | all documents and witnesses in support of your contention.

26 | RESPONSE TO INTERROGATORY NO. 8:

27 |  Not applicable. See the objections and response to interrogatory number 7.

28 | //

Governor's Responses to Coleman Interrogatories, Set One

1  INTERROGATORY NO. 9:

2      Do you contend that the substantial security risk in CDCR prisons caused by severe

3  overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been

4  alleviated?

5  RESPONSE TO INTERROGATORY NO. 9:

6      DEFENDANT objects that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

8  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

9  interrogatory seeks information concerning the overall population of CDCR and so exceeds

10 Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

11 disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

12 is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

13 not defined in the interrogatories.

14      Subject to and without waiving the foregoing objections, DEFENDANT responds as

15 follows: The Governor has not terminated the Emergency Proclamation, and his administration

16 continues to aggressively use the emergency authority to address overcrowding in ways that are

17 less intrusive than a prisoner release order.

18 INTERROGATORY NO. 10:

19      If your response to interrogatory number nine is affirmative, state all facts and identify all

20 documents and witnesses in support of your contention.

21 RESPONSE TO INTERROGATORY NO. 10:

22      Not applicable.  See the objections and response to interrogatory number 9.

23 INTERROGATORY NO. 11:

24      Do you contend that the burdens on infrastructure (electrical systems and/or

25 wastewater/sewer systems) caused by severe overcrowding in CDCR prisons that you cited in

26 your overcrowding proclamation has been alleviated?

27 RESPONSE TO INTERROGATORY NO. 11:

28      DEFENDANT objects that this request seeks information protected from disclosure by

1  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

2  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

3  interrogatory seeks information concerning the overall population of CDCR and so exceeds

4  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

5  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

6  is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

7  not defined in the interrogatories.

8         Subject to and without waiving the foregoing objections, DEFENDANT responds as

9  follows: The Governor has not terminated the Emergency Proclamation, and his

10  administration continues to aggressively use the emergency authority to address overcrowding in

11  ways that are less intrusive than a prisoner release order.

12  INTERROGATORY NO. 12:

13         If your response to interrogatory number eleven is affirmative, state all facts and identify

14  all documents and witnesses in support of your contention.

15  RESPONSE TO INTERROGATORY NO. 12:

16         Not applicable.  See the objections and response to interrogatory number 11.

17  INTERROGATORY NO. 13:

18         Do you contend that the effects of overcrowding that you described in your overcrowding

19  proclamation as harm to people and property, inmate unrest and misconduct, reduc[tion] or

20  eliminat[ion] of programs, and increase[d] recidivism have been alleviated?

21  RESPONSE TO INTERROGATORY NO. 13:

22         DEFENDANT objects that this request seeks information protected from disclosure by

23  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

24  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

25  interrogatory seeks information concerning the overall population of CDCR and so exceeds

26  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

27  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

28  is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

1  not defined in the interrogatories.

2      Subject to and without waiving the foregoing objections, DEFENDANT responds as

3  follows: The Governor has not terminated the Emergency Proclamation, and his

4  administration continues to aggressively use the emergency authority to address overcrowding in

5  ways that are less intrusive than a prisoner release order.

6  INTERROGATORY NO. 14:

7      If your response to interrogatory number thirteen is affirmative, state all facts and identify

8  all documents and witnesses in support of your contention.

9  RESPONSE TO INTERROGATORY NO. 14:

10      Not applicable.  See the objections and response to interrogatory number 13.

11  INTERROGATORY NO. 15:

12      Do you contend that the severe overcrowding at any of the 29 CDCR prisons that you

13  cited in your overcrowding proclamation has been alleviated?

14  RESPONSE TO INTERROGATORY NO.15:

15      DEFENDANT objects that this request seeks information protected from disclosure by

16  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

17  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

18  interrogatory seeks information concerning the overall population of CDCR and so exceeds

19  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

20  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

21  is vague in the use of the word 'alleviated' is subject to different meanings and is not defined in

22  the interrogatories.

23      Subject to and without waiving the foregoing objections, DEFENDANT responds as

24  follows: The Governor has not terminated the Emergency Proclamation, and his

25  administration continues to aggressively use the emergency authority to address overcrowding in

26  ways that are less intrusive than a prisoner release order.

27  INTERROGATORY NO. 16:

28      If your response to interrogatory number fifteen is affirmative, for each prison at which

1    you contend that severe overcrowding has been alleviated, state all facts and identify all

2    documents and witnesses in support of your contention.

3    RESPONSE TO INTERROGATORY NO. 16:

4        Not applicable. See the objections and response to interrogatory number 15.

5    INTERROGATORY NO. 17:

6        Do you contend that the use of non-traditional beds for inmate housing that you cited in

7    your overcrowding proclamation has been reduced or eliminated in any CDCR prison?

8    RESPONSE TO INTERROGATORY NO. 17:

9        DEFENDANT objects that this request seeks information protected from disclosure by

10   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

11   critical analysis privilege, and official information privilege. DEFENDANT objects that this

12   interrogatory seeks information concerning the overall population of CDCR and so exceeds

13   Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

14   disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT

15   objects to this interrogatory as compound and as phrased in the disjunctive.

16       Subject to and without waiving the foregoing objections, DEFENDANT responds as

17   follows: The Governor has not terminated the Emergency Proclamation, and his

18   administration continues to aggressively use the emergency authority to address overcrowding in

19   ways that are less intrusive than a prisoner release order. For example, more than a thousand

20   inmates have been moved to out-of-state prisons since October 2006, and thousands more will be

21   transferred. These out-of-state transfers have already resulted in the removal of hundreds of non-

22   traditional beds, and the plan is to remove thousands of non-traditional beds as further efforts to

23   address overcrowding are implemented.

24   INTERROGATORY NO. 18:

25       If your response to interrogatory number seventeen is affirmative, identify each CDCR

26   prison in which the use of non-traditional beds for inmate housing has been reduced or

27   eliminated, the specific location(s) in the prison where the use of non-traditional beds has been

28   reduced or eliminated.

1  RESPONSE TO INTERROGATORY NO. 18:

2  DEFENDANT objects to this interrogatory as compound and as phrased in the

3  conjunctive.

4  Subject to and without waiving the foregoing objections, DEFENDANT responds as

5  follows:  Not applicable. See the objections and response to interrogatory number 17.

6  INTERROGATORY NO. 19:

7  Do you contend that the severe overcrowding is no longer causing reduction in inmate

8  participation in academic, vocational, and rehabilitation programs that you described in your

9  overcrowding proclamation?

10  RESPONSE TO INTERROGATORY NO. 19:

11  DEFENDANT objects that this request seeks information protected from disclosure by

12  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

13  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

14  interrogatory seeks information concerning the overall population of CDCR and so exceeds

15  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

16  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, DEFENDANT

17  objects to this interrogatory as compound and as phrased in the disjunctive.

18  Subject to and without waiving the foregoing objections, DEFENDANT responds as

19  follows: No, the Governor has not terminated the Emergency Proclamation, and his

20  administration continues to aggressively use the emergency authority to address overcrowding in

21  ways that are less intrusive than a prisoner release order.

22  INTERROGATORY NO. 20:

23  If your response to interrogatory number nineteen is affirmative, state all facts and

24  identify all documents and witnesses in support of your contention.

25  RESPONSE TO INTERROGATORY NO. 20:

26  Not applicable. See the objections and response to interrogatory number 19.

27  INTERROGATORY NO. 21:

28  Do you contend that the deficiency of appropriate beds and space for the *Coleman* class

1    members that you cited in your overcrowding proclamation has been remedied or reduced?

2    RESPONSE TO INTERROGATORY NO. 21:

3        DEFENDANT objects that this request seeks information protected from disclosure by

4    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

5    critical analysis privilege, and official information privilege.  DEFENDANT objects that this

6    interrogatory seeks information concerning the overall population of CDCR and so exceeds

7    Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

8    disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, DEFENDANT

9    objects to this interrogatory as compound and as phrased in the conjunctive.

10        Subject to and without waiving the foregoing objections, DEFENDANT responds as

11    follows:  The Governor has not terminated the Emergency Proclamation, and his

12    administration continues to aggressively use the emergency authority to address overcrowding in

13    ways that are less intrusive than a prisoner release order.  Indeed, in the past few months,

14    Coleman class members have been provided a significant increase in mental health beds to

15    enable appropriate care in the following institutions: California Medical Facility, Vacaville

16    increased intermediate care beds by 30, with additional 50 mental health crisis care beds to

17    activate in 2008; Salinas Valley State Prison activated 112 additional intermediate care beds;

18    California State Prison, Sacramento activated 192 more Enhanced Outpatient Program beds;

19    Mule Creek State Prison provided an additional 295 beds to meet the needs of Level III and

20    Level IV inmates requiring Sensitive Needs Yard placement within the Enhanced Outpatient

21    Program. In the next few months, the Administration will provide additional treatment space at

22    Mule Creek State Prison, and will prepare a plan for additional bed and treatment space at

23    California Medical Facility, Vacaville for mental health care patients.

24        The issues cited in the Emergency Proclamation will be alleviated upon further

25    implementation of the reforms and plans stated in (a) DEFENDANT'S filed briefs in opposition

26    to Plaintiffs' motion to convene a three-judge panel in the *Coleman* and *Plata* cases, (b)

27    DEFENDANT'S plans filed with the *Coleman* court to provide mental health beds (the Mental

28    Health Bed Plan of August 2007), to enhance recruitment of mental health clinicians (filed

1  October 1, 2007), to increase the pay of mental health clinicians within the California

2  Department of Corrections and Rehabilitation and the Department of Mental Health (filed June

3  28, 2007), and to increase small management yards (filed October 29, 2007). In addition,

4  DEFENDANT awaits the Receiver's Plan of Action, due on November 15, 2007. With the

5  *Coleman* court's approval of DEFENDANT'S plan to create consolidated care centers for

6  mental health care patients, the Administration will move forward on those plans to develop

7  appropriate mental health beds for the present and forecasted *Coleman* population.

8  INTERROGATORY NO. 22:

9       If your response to interrogatory number twenty-one is affirmative, state all facts and

10  identify all documents and witnesses in support of your contention.

11  RESPONSE TO INTERROGATORY NO. 22:

12       DEFENDANT objects that this request seeks information protected from disclosure by

13  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

14  critical analysis privilege, and official information privilege. DEFENDANT objects that this

15  interrogatory seeks information concerning the overall population of CDCR and so exceeds

16  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

17  disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT

18  objects that this interrogatory seeks information equally available to Plaintiffs.

19       Subject to and without waiving the foregoing objections, DEFENDANT responds as

20  follows: Plaintiffs have already been provided with the non-privileged documents that are

21  responsive to this request. Those documents have been filed with the *Coleman* court by

22  DEFENDANT in the course of the *Coleman* case and include: Defendant's August 2007 mental

23  health bed, Defendant's response to Special Master Keating's report on the August 2007 bed

24  plan. In addition, DEFENDANT has provided status reports on the construction, staffing and

25  licensure of mental health beds at the regularly scheduled meetings with the Special Master and

26  Plaintiffs, known as Policy Meetings.

27       The witnesses to this contention include and are not limited to: Doug McKeever of

28  CDCR, Cindy Radavsky of DMH, Deborah Hysen of CDCR.

1  INTERROGATORY NO. 23:

2      What is the current projected time period when you or CDCR expect to run out of all

3  common area space to house prisoners, previously described by you in your overcrowding

4  proclamation as mid-2007?

5  RESPONSE TO INTERROGATORY NO. 23:

6      DEFENDANT objects that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

8  critical analysis privilege, and official information privilege. DEFENDANT objects that this

9  interrogatory seeks information concerning the overall population of CDCR and so exceeds

10 Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

11 disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT

12 objects that this interrogatory is argumentative and assumes facts not in evidence.

13     Subject to and without waiving the foregoing objections, DEFENDANT responds as

14 follows: The Administration's less intrusive efforts to address overcrowding are having a

15 positive effect. CDCR is currently reducing the number of non-traditional beds.

16 INTERROGATORY NO. 24:

17     Do you contend that the magnitude of the circumstances due to severe overcrowding that

18 you stated in your overcrowding proclamation to exceed the capabilities of services, personnel,

19 equipment, and facilities of any geographical area in California, have been reduced or alleviated?

20 RESPONSE TO INTERROGATORY NO. 24:

21     DEFENDANT objects that this request seeks information protected from disclosure by

22 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

23 critical analysis privilege, and official information privilege. DEFENDANT objects that this

24 interrogatory seeks information concerning the overall population of CDCR and so exceeds

25 Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

26 disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory

27 is vague in the use of the word 'alleviated', as this word is subject to different meanings and is

28 not defined in the interrogatories.

1        Subject to and without waiving the foregoing objections, DEFENDANT responds as

2  follows: The Governor has not terminated the Emergency Proclamation, and his administration

3  continues to aggressively use the emergency authority to address overcrowding in ways that are

4  less intrusive than a prisoner release order.

5  <u>INTERROGATORY NO. 25:</u>

6        If your response to interrogatory number twenty-four is affirmative, state all facts and

7  identify all documents and witnesses in support of your contention.

8  RESPONSE TO INTERROGATORY NO. 25:

9        Not applicable. See the objections and response to interrogatory number 24.

10       Dated:  November 9, 2007

11                     Respectfully submitted,

12                     EDMUND G. BROWN JR.
Attorney General of the State of California

13                     DAVID S. CHANEY
Chief Assistant Attorney General

14

15                     FRANCES T. GRUNDER
Senior Assistant Attorney General

16                     ROCHELLE C. EAST
Supervising Deputy Attorney General

17

18

19                     LISA A. TILLMAN
Deputy Attorney General

20                     Attorneys for Defendants

21

response.gov.colemanrogs1.wpd

22  CF1997CS0003

23

24

25

26

27

28

## VERIFICATION

I, ROBERT GORE, declare:

I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office. Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively involved with, and review, budgets and corrections issues for the Office of the Governor, a defendant in his official capacity in this pending action entitled *Coleman v. Schwarzenegger.* I have read the foregoing responses to the First Request for Production propounded by Plaintiff Ralph Coleman, and the foregoing responses to the First Set of Interrogatories propounded by Plaintiff Ralph Coleman, and state upon my information and belief that they are true and correct.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ 9th _____ day of November, 2007.

ROBERT GORE

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:   **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 07, 2007</u>, I served the attached : **DEFENDANT GOVERNOR SCHWAREZENEGGER'S RESPONSES TO PLAINTIFF COLEMAN'S FIRST SET OF INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Sacramento, California  94244, addressed as follows:

| | |
|---|---|
| Claudia Center<br>The Legal Aid Society<br>Employment law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107 | Richard Goff<br>Heller, Ehrman White & McAuliffe<br>701 Fifth Avenue<br>Seattle, WA  98104 |
| Warren E. George<br>Bingham McCutchen<br>3 Embarcadero Ctr., Fl. 24<br>San Francisco, CA  94111 | Martin H. Dodd<br>Futterman & Dupree<br>160 Sansome Street, 17th Street<br>San Francisco, CA  94109 |
| Ronald Yank<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA  94104 | Ann Miller Ravel<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA  95110 |
| Jared Goldman<br>California Prison Healthcare Receivership<br>1731 Technology Dr., Suite 700<br>San Jose, CA  95110 | Steven s. Kaufhold<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA  94102 |

| Rod Pacheco<br>Chuck Hughes<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | Steven Woodside<br>Office of the County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
|---|---|
| Donald Specter<br>Prison Law Office<br>2173 'E' Francisco Blvd., Suite M<br>San Rafael, CA 94901 | Michael Bien<br>Rosen, Bien and Galvan<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 07, 2007**, at Sacramento, California.

_____
S. Burke
Declarant

_____
Signature

# EXHIBIT B

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6  1300 I Street, Suite 125
   P.O. Box 944255
7  Sacramento, CA 94244-2550
   Telephone: (916) 327-7872
8  Fax: (916) 324-5205
   Email: Lisa.Tillman@doj.ca.gov
9

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

RECEIVED

NOV 1 3 2007

10  Attorneys for Defendants

Rosen, Bien & Galvan

11          IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13        AND THE NORTHERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                        Plaintiffs, | **THREE JUDGE COURT** |
| 19           v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                        Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 23                        Plaintiffs, | **THREE JUDGE COURT** |
| 24           v. | **DEFENDANT TILTON'S RESPONSE TO RALPH COLEMAN'S INTERROGATORIES** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 26                        Defendants. | |

27  Propounding Party: Ralph Coleman

28  Responding Party: Defendant Tilton

Tilton Response to Coleman Interrogatories, Set One

1

1  Set No.:              One

2                        **DEFINITIONS**

3       In construing these discovery responses, the following definitions shall apply:

4       1.      "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named

5  plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.)

6  (*Coleman*).

7       2.      "DEFENDANT" shall mean James Tilton, a named defendant in the case of

8  *Coleman* v. *Schwarzenegger.*

9       3.      "DEFENDANTS" shall mean each of the named defendants in the case of

10 *Coleman* v. *Schwarzenegger*, including James Tilton in his official capacity on behalf of the

11 California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his

12 official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his

13 official capacity on behalf of the Department of Finance (DOF), and the Governor.

14      4.      "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

15 U.S.C. Section 2284 in the cases of *Coleman* and *Plata.*

16                 **OVERALL OBJECTIONS TO INTERROGATORIES**

17      1.      DEFENDANT objects to Plaintiffs' definition of a California Department of

18 Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units

19 within Department of Mental Health (DMH) facilities that house CDCR prisoners.

20 (Interrogatories, p. 2.) That definition mischaracterizes the role of DMH as a provider of housing

21 for incarcerated inmates. DMH's true role is defined by California Penal Code section 2684 as a

22 provider of inpatient mental health treatment to CDCR inmate-patients. Further, that definition

23 erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed

24 DMH as a provider of housing for incarcerated inmates. DEFENDANT will interpret the terms

25 "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the

26 jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to

27 California Penal Code section 5054.

28      2.      DEFENDANT objects that the discovery seeks INFORMATION that is neither

1  relevant to PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

2  discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they

3  will be asserting in the PROCEEDING. Consequently, DEFENDANT objects that the discovery

4  requires DEFENDANT to speculate what claims may or may not be asserted by PLAINTIFFS.

5      3.      DEFENDANT objects that the requests are seek information equally available to

6  PLAINTIFFS, and that the requests are overbroad and unduly burdensome. In accordance with

7  the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive monthly document productions

8  and other discovery from DEFENDANT and the Receiver appointed in *Plata*.

9      4.      DEFENDANT states that PLAINTIFFS are already in possession of

10 DEFENDANTS' filed plans for the provision of mental health care beds, for the recruitment and

11 retention of staffing for those mental health beds, and for the implementation of appropriate

12 mental health care in those beds. DEFENDANT asserts the deliberative process privilege to all

13 information sought or contained in drafts of those *Coleman* plans, all drafts of any budget

14 proposals to fund those plans, and inter- and intra-Defendant emails concerning those plans.

15     5.      Given the shortened time for DEFENDANT'S responses to these interrogatories,

16 DEFENDANT hereby reserves the right to supplement these responses at a later date.

17     6.      To the extent any request seeks information from documents prepared, created, or

18 generated by the Office of the Inspector General, DEFENDANTS object to the discovery of such

19 information on the basis of the official information privilege and on the basis of the right to

20 privacy in medical, mental health, and personnel matters. Non-privileged reports of the Office of

21 the Inspector General are available on its public web site.

22          **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

23 INTERROGATORY NO. 1:

24      Do you contend that some cause other than overcrowding is the primary cause of your

25 ongoing violations of Plaintiffs' right to constitutionally adequate mental health care as set forth

26 in the court-approved Revised Program Guide?

27 RESPONSE TO INTERROGATORY NO. 1:

28      DEFENDANT objects that this request seeks information protected from disclosure by

Tilton Response to Coleman Interrogatories, Set One

1  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

2  critical analysis privilege, and official information privilege. Further, the interrogatory is

3  impermissibly vague and overbroad by failing to properly define the word overcrowding in terms

4  of any indicated population or number. Lastly, the interrogatory assumes facts not in evidence

5  and is vague as to any ongoing violations of Plaintiffs' right to constitutionally adequate mental

6  health care.

7       Subject to and without waiving the foregoing objections, DEFENDANT responds as

8  follows: The size of the overall CDCR inmate population was not and is not the primary cause of

9  any violation of Plaintiffs' Eighth Amendment right to a constitutionally adequate mental health

10  care system.

11  INTERROGATORY NO. 2:

12       If your response to interrogatory number 1 is affirmative, identify what you contend to be

13  the primary cause of your violation of Plaintiffs' rights to constitutionally adequate mental health

14  care as set forth in the court-approved Revised Program Guide and state all facts and identify all

15  documents and witness in support of your contention.

16  RESPONSE TO INTERROGATORY NO. 2:

17       DEFENDANT objects that this request seeks information protected from disclosure by

18  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19  critical analysis privilege, and official information privilege. Further, the interrogatory is

20  impermissibly vague and overbroad by failing to properly define the word overcrowding in terms

21  of any indicated population or number. The interrogatory is also impermissibly vague and

22  overbroad because the measure of Defendants' achievement of a constitutionally adequate mental

23  health care system is unresolved and in dispute. Lastly, the interrogatory assumes facts not in

24  evidence and is vague as to any ongoing violations of Plaintiffs' right to constitutionally adequate

25  mental health care.

26       Subject to and without waiving the foregoing objections, DEFENDANT responds as

27  follows: The size of the overall CDCR population is not the primary cause of any violation of

28  Plaintiffs' Eighth Amendment right to a constitutionally adequate mental health care system.

1  Multiple causes are at play, including and not limited to staff recruitment and retention

2  difficulties (for administrative staff, clinical staff, and correctional officers for the mental health

3  services delivery system), the paucity of a viable information technology system ( for record

4  keeping, medication management, and recruitment and retention of staff within the mental health

5  services delivery system), the nascent implementation of pay parity plans for mental health

6  clinicians within CDCR and DMH, problems in matching high care/high custody inmates with

7  appropriate mental health care beds, and the nascent development of appropriate forecasts of

8  mental health population.

9          DEFENDANT directs Plaintiff to the following documents and witnesses in support of

10  this statement:

11  1.      Monitoring Reports: Special Master Keating's monitoring reports for each round of tours

12  Witnesses on this matter include the Special Master and his appointed Deputy Special Master

13  and monitors.

14  2.      Bed Plans:

15          a. Defendants' filed bed plans of 2006 and 2007 addressing each level of care and type of

16  bed, including and not limited to the Supplemental Bed Plan Report of August 2007 and its

17  attached projections of the mental health population prepared by Navigant consulting group

18  (witnesses include Doug McKeever, Robin Dezember, John Misener, Michael Barks).

19          b. Special Master Keating's reports on Defendants' submitted bed plans, particularly

20  those concerning submitted bed plans of 2006 and 2007.

21          c. The *Coleman* court orders on Defendants' filed bed plans, including and not limited to

22  the October 18, 2007 order approving Defendants' August 2007 mental health bed plan, the

23  October 20, 2006 order approving the program population projections of Navigant and directing

24  CDCR to contract with Navigant for such projections through 2009, as well as the transcripts of

25  the April 2006 evidentiary hearing before Judge Karlton.

26  Witnesses on this matter include Doug McKeever, Robin Dezember, John Misener, Michael

27  Barks.

28  3.      Population:

1       a.     Special Master Keating's report of May 31, 2007 in response to the *Coleman*

2  court's request for information on the population issue. Witnesses on this matter include the

3  Special Master and his appointed Deputy Special Master and monitors.

4       b.     Defendants' filed briefs on the population, including and not limited to

5  Defendants' December 2006 brief in response to Plaintiffs' motion to convene a three-judge

6  panel, Defendants' May 2007 supplemental brief in response to Plaintiffs' motion to convene a

7  three-judge panel, with supporting declarations. Witnesses on this matter include Kathy Jett of

8  CDCR, Deborah Hysen of CDCR, Doug McKeever of CDCR, Margaret McAloon of CDCR,

9  Joan Petersilia of the Office of the Governor, and Scott Kernan of CDCR.

10  4.     Staffing:

11       a.     Defendants' submitted plans to address the retention and recruitment of mental

12  health clinicians, correctional officers, and administrators. Witnesses on this matter include

13  Cindy Radavsky of DMH, Doug McKeever of CDCR, and Nancy Bither of CDCR.

14       b.     Defendants' response to the June 2006 order to obtain funding for mental health

15  staffing necessary to implement the Revised Program Guide. Witnesses on this matter include

16  Doug McKeever of CDCR and Andrew Swanson of CDCR.

17       b.     The *Coleman* court orders concerning Defendants' filed retention and recruitment

18  plans, including and not limited to the December 15, 2006 order approving the pay scales for

19  CDCR clinicians and the June 28, 2007 order approving the pay scales for DMH mental health

20  clinicians.

21  5.     Mental Health Care Policies and Procedures:

22       a.     Defendants' Revised Program Guide, its implementing and training memos, and

23  any associated memorandum of understanding between DMH and CDCR. Witnesses include

24  Shama Chaiken of CDCR, Doug McKeever of CDCR, Cindy Radavsky of DMH.

25       b.     Defendants' filed stipulation for the evaluation of psychiatrists and the August 11,

26  2006 order approving that evaluation process. Witnesses include Andrew Swanson of CDCR.

27       c.     Defendants' filed plan to provide Enhanced Outpatient Program care to Reception

28  Center inmates in need of such care. Witnesses include Margaret McAloon of CDCR, Andrew

1    Swanson of CDCR, Shama Chaiken of CDCR, and Doug McKeever of CDCR.

2        d.    Special Master Keating's reports on the Revised Program Guide and the *Coleman*

3    court March 2006 order approving the Revised Program Guide.

4    6.    Suicide Prevention:

5        a.    Special Master Keating's annual reports on suicides, including and not limited to

6    the Report on Suicides Committed in California Department of Corrections and Rehabilitation in

7    Calendar Year 2005 and Special Master Keating's Psychiatric Experts' Review of Completed

8    Suicides in the California Department of Corrections and Rehabilitation in Calendar Years 1999

9    through 2004. The witnesses on this matter include Dr. Helen Steenman of CDCR, Dr. Robert

10   Canning of CDCR, and Dr. Ray Patterson, a court-appointed expert.

11       b.    Defendants' submitted plans and briefs on the plans to reduce suicide events,

12   including the July 2005 plan to address the hazard of large-mesh vents, the October 2006 plan to

13   reduce suicide trends in administrative segregation units, the December 2006 brief responding to

14   Plaintiffs' objections to the October 2006 plan to reduce suicide trends in administrative

15   segregation units (with declarations of George Sifuentes and Scott Kernan, and attached

16   exhibits), the court-approved stipulation requiring the use of one-to-one monitoring of inmates at

17   risk for suicide.

18   The witnesses on these matters include are not limited to: George Sifuentes, Dean Borg, Deborah

19   Hysen, Doug McKeever, Scott Kernan, Shama Chaiken.

20       c.    Defendants' memoranda to the field concerning measures to reduce suicide events,

21   including the use of appliances within administrative segregation units, thirty-minute welfare

22   checks, and prescreening placement of inmates endorsed for administrative segregation units,

23   the use of one-to-one monitoring of inmates at risk for suicide, the development of intake cells

24   within administrative segregation units. The witnesses on these matters include and are not

25   limited to: George Sifuentes, Dean Borg, Deborah Hysen, Doug McKeever, Scott Kernan, Shama

26   Chaiken.

27   7.    Coordination:

28       a.    The minutes and orders from the *Coleman/Plata/Perez* courts concerning the

1   coordination of certain remedial efforts, including and not limited the June 28, 2007 order

2   regarding the Receiver's roles and responsibilities, particularly concerning (1) the contracting

3   functions for mental health care programs; (2) the information technology program; and (3)

4   pharmacy operations.

5          b.      The Receiver's reports and plans concerning his work on the coordination efforts,

6   detailed in the June 28, 2007 order, including any report filed on November 15, 2007, any

7   documents concerning the role of Maxor as the provider of pharmacy services, and any

8   documents concerning the development of a systemwide information technology system.  The

9   witnesses on these matters include Robert Sillen, John Hummel and any other Receiver's staff

10  assigned to those coordination efforts.

11  INTERROGATORY NO. 3:

12         Identify all barriers to providing constitutionally adequate mental health care.

13  RESPONSE TO INTERROGATORY NO. 3:

14         DEFENDANT objects that this request seeks information protected from disclosure by

15  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

16  critical analysis privilege, and official information privilege.  Further, the interrogatory is

17  impermissibly vague and overbroad because the measure of Defendants' achievement of a

18  constitutionally adequate mental health care system is unresolved and in dispute. Lastly, the

19  interrogatory assumes facts not in evidence and is vague as to any ongoing violations of

20  Plaintiffs' right to constitutionally adequate mental health care.

21         Subject to and without waiving the foregoing objections, DEFENDANT responds as

22  follows:  The size of the overall CDCR population is not the primary cause of any violation of

23  Plaintiffs' Eighth Amendment right to a constitutionally adequate mental health care system.

24  Defendant contends that multiple causes are at play, including and not limited to staff recruitment

25  and retention difficulties (for administrative staff, clinical staff, and correctional officers), the

26  paucity of a viable information technology system (essential for record keeping, medication

27  management, and recruitment and retention of staff), the nascent implementation of pay parity

28  plans for clinicians, problems in matching high care/high custody inmates with appropriate

Tilton Response to Coleman Interrogatories, Set One

1  mental health care beds.

2  <u>INTERROGATORY NO. 4</u>:

3       Identify the date constitutionally adequate mental health care can be provided without any

4  reduction in prisoners.

5  RESPONSE TO INTERROGATORY NO. 4:

6       DEFENDANT objects that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

8  critical analysis privilege, and official information privilege.  Further, the interrogatory is

9  impermissibly vague and overbroad by failing to properly define the word prisoners in terms of

10  any indicated population or number.  Further, the interrogatory is impermissibly vague and

11  overbroad because the measure of Defendants' achievement of a of a constitutionally adequate

12  mental health care system is unresolved and in dispute.  Lastly, the interrogatory assumes facts

13  not in evidence and is vague as to any ongoing violations of Plaintiffs' right to constitutionally

14  adequate mental health care.

15       Subject to and without waiving the foregoing objections, DEFENDANT responds as

16  follows:  Because the size of the overall CDCR population is not the primary cause of any

17  violation of Plaintiffs' Eighth Amendment right to a constitutionally adequate mental health care

18  system,  the reduction of prisoners is not a factor in the time frame for providing such care.

19  DEFENDANT further states that constitutionally adequate mental health care is already being

20  provided in certain institutions, such as Pelican Bay State Prison.  DEFENDANT has increased

21  beds at the following settings to enable compliance: California Medical Facility, Vacaville (30

22  additional intermediate care beds within set timeframe); Salinas Valley State Prison (112

23  additional intermediate care beds within set timeframe); California State Prison, Sacramento

24  increased available beds for Enhanced Outpatient Program population by 192 (July 2006 by 96

25  and October 2006 by 96); Mule Creek State Prison (Sensitive Needs Yard for Enhanced

26  Outpatient Program for Level III increased by 180 in January 2007 and for Level IV increased by

27  115 in January 2007.)

28       In addition, the recently-approved August 2007 mental health care bed plan will enhance

Tilton Response to Coleman Interrogatories, Set One

1  systemwide compliance by enabling the activation of the necessary consolidated care center beds

2  to provide mental health care in an appropriate setting no later than 2012. DEFENDANT is

3  confident that ongoing recruitment and retention efforts, as well as coordination with the

4  Receiver on multiple issues (including and not limited to pharmacy/medication management,

5  licensure, credentialing, information technology) will enable systemwide compliance.

6  INTERROGATORY NO. 5:

7      Identify the steps to take to obtain constitutionally adequate mental health care by that

8  stated date without any reduction in prisoners.

9  RESPONSE TO INTERROGATORY NO. 5:

10     DEFENDANT objects that this request seeks information protected from disclosure by

11  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12  critical analysis privilege, and official information privilege. Further, the interrogatory is

13  impermissibly vague and overbroad by failing to properly define the word prisoners in terms of

14  any indicated population or number. Further, the interrogatory is impermissibly vague and

15  overbroad because the measure of Defendants' achievement of a constitutionally adequate mental

16  health care system is unresolved and in dispute. Lastly, the interrogatory assumes facts not in

17  evidence and is vague as to any ongoing violations of Plaintiffs' right to constitutionally adequate

18  mental health care.

19     Subject to and without waiving the foregoing objections, DEFENDANT responds as

20  follows: Because the size of the overall CDCR population is not the primary cause of any

21  violation of Plaintiffs' Eighth Amendment right to a constitutionally adequate mental health care

22  system, the reduction of prisoners is not a factor in the time frame for providing such care.

23  DEFENDANT states that plans are underway to (1) construct the necessary mental health care

24  beds for *Coleman* class members (see August 2007 bed plan filed with the *Coleman* court), (2)

25  enable recruitment and retention of administrative and clinical staff (see DMH and CDCR

26  recruitment plans filed with the *Coleman* court). Further, the Receiver has undertaken

27  responsibility for ensuring a viable information technology system, with a recordkeeping and

28  medication management functions, as well as a viable pharmacy system. Lastly, DEFENDANT

1  continues to implement out-of-state transfers of inmates and early parole discharge of certain

2  parolees.

3  INTERROGATORY NO. 6:

4      Do you contend that the Court could enter an order or orders that will provide effective

5  relief for the ongoing violations of Plaintiffs' rights to a constitutionally adequate mental health

6  care as set forth in the court-approved Revised Program Guide without the issuance of a prisoner

7  release order?

8  RESPONSE TO INTERROGATORY NO. 6:

9      DEFENDANT objects that this request seeks information protected from disclosure by

10  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11  critical analysis privilege, and official information privilege. Further, the interrogatory is

12  impermissibly vague and overbroad because the measure of Defendants' achievement of a of a

13  constitutionally adequate mental health care system is unresolved and in dispute. Lastly, the

14  interrogatory assumes facts not in evidence and is vague as to any ongoing violations of

15  Plaintiffs' right to constitutionally adequate mental health care.

16      DEFENDANT contends that overcrowding is not the primary cause of any violation of

17  Plaintiffs' Eighth Amendment right to a constitutionally adequate mental health care system and

18  therefore the reduction of prisoners is not a factor in the time frame for providing such care.

19  DEFENDANT states that constitutionally adequate mental health care is already being provided

20  in certain institutions, such as Pelican Bay State Prison. DEFENDANT respectfully notes that

21  the *Coleman* Court has already entered orders to enable the provision of constitutionally

22  compliant care, including and not limited to the order denying Plaintiffs' request for a temporary

23  restraining order to bar out-of-state transfers, the order approving the Revised Program Guide,

24  the order approving the CDCR clinician pay schedule, the order approving the DMH clinician

25  pay parity schedule, the order approving the August 2007 mental health bed plan, and the

26  *Plata/Coleman* courts' approval of certain coordination agreements making the Receiver

27  responsible for addressing certain health care issues, such as medication management,

28  credentialing of clinicians, pharmacy, and information technology. These court orders have and

Tilton Response to Coleman Interrogatories, Set One

1  will enhance systemwide compliance by enabling the staffing and activation of the necessary

2  beds to provide mental health care in an appropriate setting.

3  INTERROGATORY NO. 7:

4      If your response to interrogatory number six is affirmative, please identify each such

5  order/remedy that the court should issue in lieu of a prisoner release order.

6  RESPONSE TO INTERROGATORY NO. 7:

7      DEFENDANT objects that this request seeks information protected from disclosure by

8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9  critical analysis privilege, and official information privilege.  Further, the interrogatory is

10  impermissibly vague and overbroad because the measure of Defendants' achievement of a of a

11  constitutionally adequate mental health care system is unresolved and in dispute.  Lastly, the

12  interrogatory assumes facts not in evidence and is vague as to any ongoing violations of

13  Plaintiffs' right to constitutionally adequate mental health care.

14      Subject to and without waiving the foregoing objections, DEFENDANT responds as

15  follows: Such orders have already been provided in the course of the Coleman case and in the

16  course of coordinated proceedings before the *Coleman* and *Plata* courts, as identified in the

17  responses to interrogatory numbers 2 and 6.

18  INTERROGATORY NO. 8:

19      For each order/remedy identified in your response to interrogatory number seven, please

20  state the date by which you contend that the ongoing constitutional violations will be remedied

21  by your compliance with the order.

22  RESPONSE TO INTERROGATORY NO. 8:

23      DEFENDANT objects that this request seeks information protected from disclosure by

24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25  critical analysis privilege, and official information privilege.  Further, the interrogatory is

26  impermissibly vague and overbroad because the measure of Defendants' achievement of a of a

27  constitutionally adequate mental health care system is unresolved and in dispute. Lastly, the

28  interrogatory assumes facts not in evidence and is vague as to any ongoing violations of

1 | Plaintiffs' right to constitutionally adequate mental health care.

2 | Subject to and without waiving the foregoing objections, DEFENDANT responds as

3 | follows: DEFENDANT'S continued compliance with the orders identified in response to

4 | interrogatory numbers 2 and 6 have resulted in a constitutionally adequate mental health care

5 | system at certain institutions (such as Pelican Bay State Prison) and in certain areas of care and

6 | will do so systemwide. DEFENDANT notes Special Master Keating's May 2006 report to the

7 | court on population issues found approximately 60% of those in need of mental health services

8 | were receiving mental health care services. Because the parties have not agreed on a measure for

9 | determining constitutional compliance on a systemwide basis, DEFENDANT states that this

10 | interrogatory is fatally vague and thus no particular timeframe for systemwide compliance can be

11 | provided at this time.

12 | <u>INTERROGATORY NO. 9</u>:

13 | For each order identified in your response to interrogatory number seven, identify any

14 | known obstacles and barriers to your compliance with the order by the date identified in

15 | interrogatory number eight.

16 | RESPONSE TO INTERROGATORY NO. 9:

17 | DEFENDANT objects that this request seeks information protected from disclosure by

18 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19 | critical analysis privilege, and official information privilege. Further, the interrogatory is

20 | impermissibly vague and overbroad because the measure of DEFENDANT'S achievement of a

21 | of a constitutionally adequate mental health care system is unresolved and in dispute. Lastly, the

22 | interrogatory assumes facts not in evidence and is vague as to any ongoing violations of

23 | Plaintiffs' right to constitutionally adequate mental health care.

24 | Subject to and without waiving the foregoing objections, DEFENDANT responds as

25 | follows: DEFENDANTS are in compliance with the orders identified in response to interrogatory

26 | number 6 and their continued implementation of those court orders will result in a

27 | constitutionally adequate mental health care system systemwide. DEFENDANT notes Special

28 | Master Keating's May 2006 report to the *Coleman* court on population issues found some 60% of

1  those in need of mental health services were receiving mental health care services.  Because the

2  parties have not agreed on a measure for determining constitutional compliance on a systemwide

3  basis, Defendant states that interrogatory number 8 is fatally vague.

4  INTERROGATORY NO. 10:

5      Identify each action, program, policy or procedure that you have adopted or undertaken

6  since October 2006 that you contend will limit or reduce the number of prisoners housed in

7  CDCR prisons.

8  RESPONSE TO INTERROGATORY NO. 10:

9      DEFENDANT objects that this request seeks information protected from disclosure by

10  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11  critical analysis privilege, and official information privilege.

12      Subject to and without waiving the foregoing objections, DEFENDANT responds as

13  follows:  Defendant identifies those programs, policies and procedures described in Defendants'

14  Supplemental Response to Plaintiffs' Motion for the Convening of a Three-Judge Panel, and in

15  the supporting declarations of Joan Petersilia, Scott Kernan and Kathy Jett, filed May 24, 2007

16  with the *Coleman* court.

17  INTERROGATORY NO. 11:

18      For each action, program, policy or procedure identified in your response to interrogatory

19  number 10, state the time frame for implementation, the size of the anticipated population

20  reduction, and the date by which the population reduction will be effected.

21  RESPONSE TO INTERROGATORY NO. 11:

22      DEFENDANT objects that this request seeks information protected from disclosure by

23  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

24  critical analysis privilege, and official information privilege.

25      Subject to and without waiving the foregoing objections, DEFENDANT responds as

26  follows:  The time frames for implementation, the size of the anticipated population reduction

27  and the date by which population reduction would occur were described in Defendants'

28  Supplemental Response to Plaintiffs' Motion for the Convening of a Three-Judge Panel, and in

Tilton Response to Coleman Interrogatories, Set One

1    the supporting declarations of Joan Petersilia, Scott Kernan and Kathy Jett, filed May 24, 2007

2    with the *Coleman* court.

3    INTERROGATORY NO. 12:

4        Identify each and every population model relied upon for your answer to interrogatory

5    number 11 by its source, including but not limited to author, entity, and publication.

6    RESPONSE TO INTERROGATORY NO. 12:

7        DEFENDANT objects that this request seeks information protected from disclosure by

8    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9    critical analysis privilege, and official information privilege.

10        Subject to and without waiving the foregoing objections, DEFENDANT responds as

11    follows: Such model(s) are identified in the declarations of Joan Petersilia and Kathy Jett.

12    INTERROGATORY NO. 13:

13        Identify each action, program, policy or procedure that you have adopted since October

14    2006 that you contend will limit or reduce the number of *Coleman* class members housed in

15    CDCR prisons.

16    RESPONSE TO INTERROGATORY NO. 13:

17        DEFENDANT objects that this request seeks information protected from disclosure by

18    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19    critical analysis privilege, and official information privilege.

20        Subject to and without waiving the foregoing objections, DEFENDANT responds as

21    follows:  DEFENDANT has approved, in concept, the proposed policy to transfer certain

22    *Coleman* class members to out-of-state facilities upon proof of their eligibility under criteria

23    approved by the *Coleman* court for such transfer. Further, Defendant has, as part of the *Valdivia*

24    v. *Schwarzenegger* case, provided for In Custody Drug Treatment Program beds in each region

25    of the State, which includes 20 beds per region for parolees with dual diagnoses of mental illness

26    and substance abuse, as part of remedial sanctions in lieu of revocation and return to custody.

27    INTERROGATORY NO. 14:

28        For each such action, program, policy or procedure identified in our response to

1  interrogatory number 13, state the timeframe for implementation, the size of the anticipated

2  population reduction, and the date by which the population reduction will be effected.

3  RESPONSE TO INTERROGATORY NO. 14:

4          DEFENDANT objects that this request seeks information protected from disclosure by

5  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

6  critical analysis privilege, and official information privilege.

7          Subject to and without waiving the foregoing objections, DEFENDANT responds as

8  follows: Defendant states that it is presently developing and deliberating over the criteria for

9  determining a *Coleman* class member's eligibility for out-of-state transfer and so cannot state

10  with any certainty at this time the potential number of impacted inmates nor the time line for

11  implementation and impact on the mental health population. Further, Defendant has, as part of

12  the *Valdivia* case, provided for In Custody Drug Treatment Program beds in each region of the

13  State, which includes 20 beds per region for parolees with dual diagnoses of mental illness and

14  substance abuse, as part of remedial sanctions in lieu of revocation and return to custody. The

15  timeframes for these In Custody Drug Treatment Program beds were provided to Plaintiffs and,

16  at this time, the anticipated effect on the mental health population has not been determined with

17  certainty.

18  INTERROGATORY NO. 15:

19          Identify each and every population model relied upon for your answer to interrogatory 14

20  by its source, including but not limited to author, entity, and publication.

21  RESPONSE TO INTERROGATORY NO. 15:

22          DEFENDANT objects that this request seeks information protected from disclosure by

23  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

24  critical analysis privilege, and official information privilege.

25          Subject to and without waiving the foregoing objections, DEFENDANT responds as

26  follows: No such models were relied upon for the policies or programs indicated in response to

27  interrogatory 14.

28  //

Tilton Response to Coleman Interrogatories, Set One

1  INTERROGATORY NO. 16:

2      Identify the number of prisoners housed in each CDCR prison on October 17, 2007, by

3  housing unit, security level (I-IV), MHSDS membership (CCCMS or EOP), and other

4  administrative placement factors and categories (SNY, administrative segregation, OHU, CTC,

5  MHCB, reception, Security Housing Unit (SHU), Department of Mental Health (DMH).

6  RESPONSE TO INTERROGATORY NO. 16:

7      DEFENDANT objects that this request seeks information protected from disclosure by

8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9  critical analysis privilege, and official information privilege.

10      Subject to and without waiving the foregoing objections, DEFENDANT responds as

11  follows: The CDCR database printout provides for the number of prisoners housed in each

12  CDCR prison on October 17, 2007 (see Exhibit A).

13  INTERROGATORY NO. 17:

14      For each CDCR prison, identify the number of prisoners housed in non-traditional

15  (defined as beds in gyms, dayrooms, or other locations not intended to house inmates and

16  including those beds referred to as "bad beds" and triple bunks) and the location of such housing

17  as of October 17, 2007.

18  RESPONSES TO INTERROGATORY NO. 17:

19      Objections: DEFENDANT objects that this request seeks information protected from

20  disclosure by the attorney-client privilege, attorney work product privilege, deliberative process

21  privilege, self-critical analysis privilege, and official information privilege.

22      Subject to and without waiving the foregoing objections, DEFENDANT responds as

23  follows: The CDCR database does not contain such data.

24  INTERROGATORY NO. 18:

25      For each such non-traditional housing location, identify the number of prisoners in the

26  mental health services delivery system (EOP, CCCMS) and security level (I-IV) as well as other

27  administrative placement factors (SNY, administrative segregation, CTC, MHCB, OHU,

28  reception center, security housing unit (SHU) or Department of Mental Health program as of

1  October 17, 2007.

2  RESPONSE TO INTERROGATORY NO. 18

3       DEFENDANT objects that this request seeks information protected from disclosure by

4  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

5  critical analysis privilege, and official information privilege.

6       Subject to and without waiving the foregoing objections, DEFENDANT responds as

7  follows: The CDCR database does not provide such data.

8  INTERROGATORY NO. 19:

9       Describe any restrictions you place on the housing of *Coleman* class members in non-

10 traditional housing beds identified in response to interrogatory seventeen.

11 RESPONSE TO INTERROGATORY NO. 19:

12      DEFENDANT objects that this request seeks information protected from disclosure by

13 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

14 critical analysis privilege, and official information privilege.

15      Subject to and without waiving the foregoing objections, DEFENDANT responds as

16 follows: The housing of *Coleman* class members is determined in accord with the standards

17 stated in the published decision of *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (1995) and the

18 Revised Program Guide, with those *Coleman* class members receiving Enhanced Outpatient

19 Program Care, Psychiatric Services Unit, and DMH-based inpatient care housed separately from

20 general population of CDCR inmates.

21 INTERROGATORY NO. 20:

22      For each CDCR prison housing unit that houses or has housed *Coleman* class members in

23 the past five years, identify the original stated capacity for housing *Coleman* class members, and

24 any adjustments you have made to the stated capacity, including the size and date of the

25 adjustment.

26 RESPONSE TO INTERROGATORY NO. 20:

27      DEFENDANT objects that this request seeks information protected from disclosure by

28 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

1  critical analysis privilege, and official information privilege. Further, the interrogatory is

2  impermissibly vague and overbroad by failing to properly define certain phrases, such as

3  'housing unit' and 'stated capacity'. Indeed, certain prisons were built before the commencement

4  of and/or rendering of judgment in the *Coleman* lawsuit and so the phrase 'original stated

5  capacity' for housing *Coleman* inmates is vague, ambiguous and so essentially inapplicable to

6  those prisons.  Lastly, the interrogatory is overbroad in terms of time and so unduly burdensome.

7  This information may already have been produced to Plaintiffs in the course of (a) inspection

8  tours undertaken prior to trial, (b) the monitoring tours provided since the inception of the

9  remedial process and continuing to date, (c) the CDCR Health Care Services Division's monthly

10  reports to the Special Master, (d) the staffing, construction and funding reports provided at semi-

11  annual meetings with the Special Master and Plaintiffs (known as All Parties and/or Policy

12  Meetings).

13      Subject to and without waiving the foregoing objections, DEFENDANT responds as

14  follows:  DEFENDANT does not maintain such data by housing unit.

15  INTERROGATORY NO. 21:

16      For each housing unit identified in response to interrogatory 20, identify any changes in

17  the number of staff, treatment space, office space, or other resources related to adjustments in

18  capacity, including, when applicable, the dates those changes were allocated, funded and filled.

19  RESPONSES TO INTERROGATORY NO. 21:

20      DEFENDANT objects that this request seeks information protected from disclosure by

21  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22  critical analysis privilege, and official information privilege. Further, the interrogatory is

23  impermissibly vague and overbroad by failing to properly define certain phrases, such as

24  'resources related to adjustments in capacity', 'housing unit' and 'stated capacity'.  Lastly, the

25  interrogatory is overbroad in terms of time and so unduly burdensome.

26      Subject to and without waiving the foregoing objections, DEFENDANT responds as

27  follows:  DEFENDANT does not have such data by housing unit. This information may already

28  have been produced to Plaintiffs in the course of (a) inspection tours undertaken prior to trial, (b)

Tilton Response to Coleman Interrogatories, Set One

1    the monitoring tours provided since the inception of the remedial process and continuing to date,

2    (c) the CDCR Health Care Services Division's monthly reports to the Special Master, (d) the

3    staffing, construction and funding reports provided at semi-annual meetings with the Special

4    Master and Plaintiffs (known as All Parties and/or Policy Meetings), (e) the Governor's Budget

5    and the May Revise, (f) the Department of Finance budgetary documents released in the *Coleman*

6    case to Plaintiffs pursuant to the August 2006 court order.

7    INTERROGATORY NO. 22:

8        Identify any and all housing units by prison, including reception centers, and housing type

9    (for example, dorm or cell housing) where EOP inmates are currently housed with general

10   population inmates.

11   RESPONSE TO INTERROGATORY NO. 22:

12       DEFENDANT objects that this request seeks information protected from disclosure by

13   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

14   critical analysis privilege, and official information privilege.

15       Subject to and without waiving the foregoing objections, DEFENDANT responds as

16   follows:  EOP inmates are not assigned to two-man cells with any general population inmate and

17   are not assigned to any yard shared with general population inmates.

18   INTERROGATORY NO. 23:

19       State the number of EOP and CCCMS plaintiffs in each reception center who have

20   remained in the reception center beyond the transfer timelines stated in the Revised Program

21   Guide (60 days for EOP and 90 days for CCCMS) since March 2006.

22   RESPONSE TO INTERROGATORY NO. 23:

23       DEFENDANT objects that this request seeks information protected from disclosure by

24   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25   critical analysis privilege, and official information privilege.

26       Subject to and without waiving the foregoing objections, DEFENDANT responds as

27   follows: The CDCR database does not have that information.

28   //

INTERROGATORY NO. 24:

Identify and all lockdowns or partial lockdowns, including dates and duration, that affected housing units housing *Coleman* class members at CDCR prisons since March 3, 2006.

RESPONSE TO INTERROGATORY NO. 24:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. Further, the interrogatory is vague as to the terms 'lockdown' and 'partial lockdown'.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: DEFENDANT does not maintain such data.

Dated: November 9, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

TiltonResponseRog1.11.8.wpd
CF1997CS0003

Tilton Response to Coleman Interrogatories, Set One

21

## VERIFICATION

I, JAMES TILTON, declare:

I am the Secretary of the California Department of Corrections and Rehabilitation and in that official capacity am a party in the pending action entitled *Coleman v. Schwarzenegger.* I have read the foregoing responses to the First Set of Interrogatories propounded by Plaintiff Ralph Coleman, and state upon my information and belief that they are true and correct.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this ___9___ day of November, 2007.


_____
JAMES TILTON

Tilton Response to Coleman Interrogatories, Set One

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:   **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 07, 2007**, I served the attached : **DEFENDANT TILTON'S RESPONSE TO RALPH COLEMAN'S INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Sacramento, California 94244, addressed as follows:

| | |
|---|---|
| Claudia Center<br>The Legal Aid Society<br>Employment law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107 | Richard Goff<br>Heller, Ehrman White & McAuliffe<br>701 Fifth Avenue<br>Seattle, WA 98104 |
| Warren E. George<br>Bingham McCutchen<br>3 Embarcadero Ctr., Fl. 24<br>San Francisco, CA 94111 | Martin H. Dodd<br>Futterman & Dupree<br>160 Sansome Street, 17th Street<br>San Francisco, CA 94109 |
| Ronald Yank<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | Ann Miller Ravel<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 |
| Jared Goldman<br>California Prison Healthcare Receivership<br>1731 Technology Dr., Suite 700<br>San Jose, CA 95110 | Steven s. Kaufhold<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94102 |

| | |
|---|---|
| Rod Pacheco<br>Chuck Hughes<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | Steven Woodside<br>Office of the County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| Donald Specter<br>Prison Law Office<br>2173 'E' Francisco Blvd., Suite M<br>San Rafael, CA 94901 | Michael Bien<br>Rosen, Bien and Galvan<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 07, 2007**, at Sacramento, California.

<div style="display:flex; gap:4em;">
<div>_____<br>S. Burke<br>Declarant</div>
<div>_____<br>Signature</div>
</div>

# EXHIBIT C

1          UNITED STATES DISTRICT COURT

2         EASTERN DISTRICT OF CALIFORNIA

3                  --o0o--

4   RALPH COLEMAN, et al.,        ) Case No. 2:90-cv-00520-LKK-JFM
                                  )
5              Plaintiffs,        )
                                  ) Sacramento, California
6        vs.                      ) Tuesday, January 29, 2008
                                  ) 1:39 P.M.
7   SCHWARZENEGGER, et al.,       )
                                  ) Hearing re: status conference.
8              Defendants.        )
    _____)

9
                    TRANSCRIPT OF PROCEEDINGS
10         BEFORE THE HONORABLE JOHN F. MOULDS
              UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For Coleman and Plata          MICHAEL BIEN
13     Plaintiffs:                 LORI E. RIFKIN
                                   Rosen, Bien & Galvan, LLP
14                                 315 Montgomery Street 10th Floor
                                   San Francisco CA   94105
15                                 (415) 433-6830

16  For Coleman Defendants:        PAUL B. MELLO
                                   Hanson, Bridgett, Marcuos,
17                                   Vlahos and Rudy
                                   333 Market Street, Suite 2100
18                                 San Francisco, CA   94105
                                   (650) 233-4096
19
    For Plata Defendants:          ROCHELLE C. EAST
20                                 Attorney General's Office
                                   455 Golden Gate Avenue
21                                 Suite 11000
                                   San Francisco, CA   94102
22                                 (415) 703-5500

23  Court Recorder:                (UNMONITORED)
                                   U.S. District Court
24                                 501 I Street, Suite 4-200
                                   Sacramento, CA   95814
25                                 (916) 930-4193

ii

1    APPEARANCES (Cont.):

2    Transcription Service:              Petrilla Reporting &
                                        Transcription
3                                       5002 - 61st Street
                                        Sacramento, CA    95820
4                                       (916) 455-3887

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.

1  privilege was being requested.

2        And second, upon reading the protective order, and

3  looking at Ninth Circuit law about protective orders, I think

4  this protective order would have been an embarrassment to Fort

5  Knox, and certainly to this Court in terms of requiring that

6  litigation be conducted in a confidential manner that would

7  deny public access, and well, I just -- I wasn't going to spend

8  a lot of time further with additional briefing, and a lot of

9  peoples time.  I figured I'd catch up with them quickly.

10        Probably some protective order is needed to address

11  problems which are somewhat unique to this case, but we're

12  going to have to start from scratch until better --

13        MR. BIEN:  Okay.

14        THE COURT:  For what it's worth, I'm prepared at the

15  drop of a hat to issue an order that the documents produced be

16  used solely for the purpose of this litigation.  And if there

17  are further problems to deal with, I'm sure you'll all bring

18  them to my attention at some point.

19        I'd like to talk to you about discovery, because as

20  frustrating as it is to deal with the problems of electronic

21  document production generally, and particularly -- but it's

22  particularly difficult for me in this case because when I start

23  getting frustrated, it doesn't make a whole lot of difference

24  which side I'm looking at, I get frustrated with that side, and

25  that includes the plaintiffs, because I am still puzzled why

38

1                        <u>CERTIFICATE</u>

2       I certify that the foregoing is a correct transcript from

3  the electronic sound recording of the proceedings in the above-

4  entitled matter.

5

6  _____          February 11, 2008

7  Patricia A. Petrilla, Transcriber

8  AAERT CERT*D-113

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D

1               UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF CALIFORNIA

3                      --oOo--

4   RALPH COLEMAN, et al.,      ) Case No. 2:90-cv-00520-LKK-JFM
                                )
5                  Plaintiffs,  )
                                ) Sacramento, California
6        vs.                    ) Thursday, October 25, 2007
                                ) 11:37 A.M.
7   ARNOLD SCHWARZENEGGER, et al., )
                                ) Status conference re:
8                  Defendants.  ) discovery disputes.
                                )

9                  TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE JOHN F. MOULDS
              UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For Plaintiffs:            LORI E. RIFKIN
13                             Rosen, Bien & Galvan, LLP
                               315 Montgomery Street 10th Floor
14                             San Francisco CA    94105
                               (415) 433-6830
15
                               SARA NORMAN
16                             Prison Law Office
                               General Delivery
17                             San Quentin, CA    94964
                               (415) 457-9144
18
    For Defendants:            PAUL B. MELLO
19                             Hanson, Bridgett, Marcus, Vlahos
                                 and Rudy
20                             333 Market Street, Suite 2100
                               San Francisco, CA    94105
21                             (640) 233-4096

22  Court Recorder:            CASEY SCHULTZ
                               U.S. District Court
23                             501 I Street, Suite 4-200
                               Sacramento, CA    95814
24                             (916) 930-4193

25

ii

1    APPEARANCES (Cont.):

2    Transcription Service:              Petrilla Reporting &
                                            Transcription
3                                        5002 - 61st Street
                                         Sacramento, CA    95820
4                                        (916) 455-3887

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.

1

<u>SACRAMENTO, CALIFORNIA, WEDNESDAY, MARCH 12, 2008, 11:09 A.M.</u>

2

3            (Call to order of the Court.)

4            THE CLERK:  Calling Civil Case 90-520-LKK, Coleman v.

5    Schwarzenegger.  This is on for a status conference regarding

6    discovery dispute.

7            THE COURT:  Good morning.  Would counsel state their

8    appearances please?

9            MS. NORMAN:  Good morning, Your Honor.  Sara Norman

10   from the Prison Law Office for plaintiff.

11           MS. RIFKIN:  Lori Rifkin for plaintiff.

12           MR. MELLO:  Good morning, Your Honor.  Paul Mello of

13   Hanson, Bridgett for defendants.

14           THE COURT:  Good morning.

15           Well, I suppose it's fair to characterize this as a

16   hearing in which the moving parties are the plaintiffs and the

17   parties with the burden are defendants.  So, do plaintiffs wish

18   to be heard?

19           MS. NORMAN:  We -- I don't think we have anything to

20   add to the briefing, Your Honor.  This has been briefed and

21   argued quite a few times already, and I think we're down to

22   just a few contested points.  So I think we would just rest on

23   that.

24           THE COURT:  What do you see as the contested points?

25           MS. NORMAN:  Well, I wasn't clear whether

7

1    like --

2         THE COURT:  Well, maybe I can provide you with a

3    copy.

4         MR. MELLO:  That would be great, Your Honor.  Does it

5    have -- my question for the Court would also be, does it also

6    have the attaching e-mail that describes the document, because

7    often they came in families?  It would be like e-mail attaching

8    a draft or suggested changes to AB900.

9         THE COURT:  The --

10        MR. MELLO:  Or you just have the stand-alone

11   document, Your Honor?  I've learned to love electronic

12   discovery process.  I'm sure you have too.

13        THE COURT:  Well, let me tell you, the -- just a

14   moment.

15        MR. MELLO:  Sure.

16   (Pause)

17        THE COURT:  Well, now I've done it too.  I looked at

18   that early on because it was near the top of the list in the

19   way that we abstracted the list.  What it appeared to me to be

20   was a copy of the chaptered bill.

21        MR. MELLO:  Right.

22        THE COURT:  I would hate to think that anybody

23   actually undertook to type that into their e-mail.

24        MR. MELLO:  Yeah.

25        THE COURT:  And so what it had was a copy, but

25

1    there's been some cooperation on that which hopefully will help

2    to speed thing sup.

3         We also did provide at their request, we provided the

4    interveners with a statement of relief to give them a better

5    idea of the kinds of relief that we would consider to be

6    effective in this case.  They indicated that that would help

7    them to gauge how much discovery they needed.  So we're hoping

8    that with that information, they'll be able to come to a more

9    educated guess as to the dates they need.

10        THE COURT:  All right.  Well, I thank you all for

11   your cooperation.  We'll do our best to see if we can't get a

12   discovery schedule and send you off to the three judges to see

13   how that sits with them.

14        Thank you for your attendance today.  Is the matter

15   submitted?

16        MR. MELLO:  Thank you, Your Honor.

17        MS. NORMAN:  Thank you.

18   (Whereupon the hearing in the above-entitled matter was

19   adjourned at 11:49 a.m.)

20                        --oOo--

21                      CERTIFICATE

22       I certify that the foregoing is a correct transcript from
     the electronic sound recording of the proceedings in the above-
23   entitled matter.

24   _____          March 25, 2008
     Patricia A. Petrilla, Transcriber
25   AAERT CERT*D-113