IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER |

Defendants have filed a motion for protective order which is presently set for hearing before the undersigned on April 3, 2008.

By their motion, defendants to seek to protect from disclosure personal and private information of inmates in the California Department of Corrections and Rehabilitation (CDCR) who are not class members in either of the above-captioned actions as well as personal and private information of patients, parolees, and employees of any of the parties; documents that pertain to prison safety and/or security; and documents that "pertain to sensitive communications or reflect the deliberative process" of defendants. Defendants' Motion for a Protective Order, filed March 18, 2008, at 4. Defendants also seek to limit use

of documents produced in discovery during the course of the instant proceedings before the three-judge court to these proceedings. Defendants have proposed a protective order to supplement those already entered in the above-captioned actions.

Plaintiffs oppose defendants' proposed protective order, contending it is overbroad and that defendants have failed to establish good cause for that part of the proposed order that would limit to these proceedings use of discovery documents produced herein. Plaintiffs have instead proposed modifications to the protective orders that already exist in each of the above-captioned cases.

The court has reviewed the papers filed in support of and in opposition to defendants' motion, as well as the protective orders filed in each of the above-captioned actions.[1] Upon completion of said review, the court finds several questions which must be addressed by supplemental briefing. To that end, the court will direct the parties to file a joint statement addressing the following issues.

(1) Whether or not the existing protective orders in Coleman and Plata apply to documents produced in the instant proceedings.

(2) The role and position of the various intervenors, with the exception of the CCPOA-intervenors, vis a vis the plaintiffs' and defendants' various requests for protective orders in the instant proceedings.

(3) The position of all intervenors with respect to the application to them of the existing protective orders in Coleman and Plata.

(4) Whether, if the existing protective orders in Coleman and Plata do apply to documents produced in the instant proceedings, each of those orders are binding on all parties to the instant proceedings.

(5) Whether, if the existing protective orders in Coleman and Plata do apply to documents produced in the instant proceedings, said orders should be modified to include the following as confidential information within the meaning of those orders:

---

[1] See Orders filed September 12, 1991, July 29, 1992, and January 12, 2007, in the Coleman case; see also Order filed April 3, 2003 in the Plata case.

2

(a) All documents and information concerning timetables on out of state transfers or reflecting architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access and construction design details, for which an official information privilege has been claimed; and

(b) That part of documents and information produced in these proceedings that sets forth in unredacted form personal information, including but not limited to inmate names and identification numbers, and employee social security numbers, federal identification numbers, personal telephone numbers, addresses, or personal e:mail addresses.

(6) Whether or not the instant three-judge court proceedings are properly considered part of the underlying actions for purposes of determining what, if any, limitations beyond those contained in the existing protective orders should be placed on use of documents produced during the instant proceedings.

The joint statement required by this order shall be filed and served on or before April 25, 2008. In view of the foregoing, the hearing set for April 3, 2008 is dropped from calendar.

IT IS SO ORDERED.

DATED: April 1, 2008.

UNITED STATES MAGISTRATE JUDGE