1     IN THE UNITED STATES DISTRICT COURTS

2     FOR THE EASTERN DISTRICT OF CALIFORNIA

3     AND THE NORTHERN DISTRICT OF CALIFORNIA

4     UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7   RALPH COLEMAN, et al.,

8                    Plaintiffs,

9          v.                                   NO. CIV S-90-0520 LKK JFM P

10  ARNOLD SCHWARZENEGGER,                      **THREE-JUDGE COURT**
    et al.,

11

12                   Defendants.

13  MARCIANO PLATA, et al.,

14                   Plaintiffs,

15         v.                                   NO. C01-1351 TEH

16  ARNOLD SCHWARZENEGGER,                      **THREE-JUDGE COURT**
    et al.,
17                                              ORDER

18                   Defendants.

19

20          This matter came on for hearing on March 12, 2008 on plaintiffs' motion to compel

21  production of documents that have been withheld by defendants on various claims of

22  privilege.  Lori Rifkin, Esq. and Sara Norman, Esq. appeared as counsel for plaintiffs.  Paul

23  Mello, Esq., appeared as counsel for defendants.

24  /////

25  /////

26  /////

27

28

1

BACKGROUND[1]

2          The dispute at bar arises in connection with plaintiffs' first request for production of

3   documents, served in these proceedings on September 5, 2007.[2]   On October 25, 2007,

4   defendants served responses to plaintiffs' first document production request.   Therein,

5   defendants interposed several general objections, and they asserted various privileges and

6   interposed objections to each of the specific requests.   See Defendants' Responses to

7   Plaintiffs' First Set of Requests for Production of Documents, filed October 26, 2007.

8          In a stipulation filed November 2, 2007, the parties agreed to a schedule for rolling

9   production of responsive, non-privileged documents as well as privilege logs.   On December

10   6, 2007, this court heard oral argument on plaintiffs' motion to compel production of

11   documents withheld pursuant to claims of privilege.   At the conclusion of the hearing, the

12   court issued an oral ruling granting plaintiffs' motion to compel.   A written order followed

13   on December 7, 2007.   On the same day, defendants filed a motion for reconsideration or, in

14   the alternative, for a stay of this court's order.

15   _____

16          [1]  Additional background relevant to the instant dispute is set forth in this court's
     December 6, 2007 order and need not be repeated herein.

17          [2]  That request contains thirty-eight separate requests for production of documents,
     including requests for documents related to:  the implementation of Assembly Bill 900 (AB
18   900); any projected change in California's prison population; the California Department of
     Corrections and Rehabilitation's (CDCR) choice of prison sites for construction of additional
19   prison beds, buildings to treat or house inmates, and reentry program facilities under various
     sections of AB 900, including site surveys and Environmental Impact Reports,
20   communications from or to local community groups and/or government officials, timetables
     for the construction of such beds and progress in meeting the timetables; timetables for
21   transfers of inmates out of state under AB 900; the CDCR's ability or inability to hire and/or
     retain medical and mental health staff, including analyses of the effect of AB 900 on medical
22   and mental health staffing levels; studies or analyses of the effect of AB 900 on medical and
     mental health care at the prisons; any measures defendants have considered to reduce prison
23   populations other than the measures in AB 900; contingency plans, other than population
     reducing measures, defendants have considered initiating when prisons reach their maximum
24   capacity; defendants' determination of the maximum capacity of any prison or the entire
     prison system; timetables for obtaining funding to implement AB 900 and defendants'
25   progress therewith; any consideration of placing limits on the prison population; any
     consideration of the effects of sentencing reform, a sentencing commission, and changes in
26   parole policies on the prison population; specific matters referenced in the Declaration of
     Scott Kernan filed in opposition to plaintiffs' motion to convene a three judge panel; and
27   changes or clarifications of parole discharge policies and parole revocation policies.   See Ex.
     F to Declaration of Michael W. Bien in Support of Joint Statement Regarding Discovery
28   Dispute, filed October 22, 2007.

1   By order filed December 11, 2007, the three-judge court stayed this court's order.

2   Subsequently, by order filed December 17, 2007, the three-judge court granted defendants

3   additional time to review and revised their privilege logs and the matter was referred back to

4   the undersigned for further proceedings thereon.  In accordance with that order, by order

5   filed December 20, 2007, this court directed defendants to serve, inter alia, their revised

6   privilege logs on or before January 28, 2008.  That deadline was subsequently extended.  See

7   Order filed January 30, 2008.  Defendants' final revised privilege logs were filed and served

8   on February 22, 2008.

9   On February 25, 2008, the parties filed a Joint Statement Regarding Discovery

10  Disputes setting forth disputes over defendants' assertions of deliberative process privilege,

11  attorney-client privilege, and attorney work-product doctrine.  By order filed February 27,

12  2008, the parties were directed to meet and confer in person concerning all remaining

13  disputes over all assertions of privilege in defendants' revised privilege logs with the

14  exception of the deliberative process privilege and to file thereafter a list of all documents as

15  to which disputes remain over claims of privilege other than the deliberative process

16  privilege and, as appropriate, supplemental briefing relevant to any remaining disputes.

17  On March 7, 2008, the parties filed a joint list of disputed documents.  In that joint

18  statement, the parties represent that their disputes over claims of privilege other than the

19  deliberative process privilege, the attorney-client privilege, and the attorney work product

20  doctrine have been resolved.  See Joint List of Disputed Documents, filed March 7, 2008, at

21  5.  The list of documents that remain in dispute following the parties' completion of the

22  process required by the court's February 27, 2008 order is attached as Exhibit C to the

23  Declaration of Sara Norman in Support of Joint List of Disputed Documents, filed March 7,

24  2008.  By this order, the court resolves disputes concerning claims of attorney-client

25  privilege and attorney work product privilege.[3]  Ruling on the parties' disputes concerning

26  _____

27  [3]  As noted in footnote 1, supra, the complete list of documents in dispute is attached as Exhibit C to the Declaration of Sara Norman in Support of Joint List of Disputed Documents, filed March 7, 2008.  A deliberative process privilege has also been asserted for

28  many of those documents.  Because resolution of the issues related to the deliberative process

3

1  defendants' claims of deliberative process privilege is deferred pending filing by the parties

2  of a joint statement of all claims and defenses as required by this court's March 24, 2008

3  order, as said disputes are integrally related to the claims and defenses raised in this action.

ANALYSIS

4

5  I.  General Principles

6       Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may

7  obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense

8  of any party. . . "  Fed. R. Civ. P. 26(b)(1).  Defendants' claims of privilege in these

9  proceedings are governed by principles of federal common law.  See Fed. R. Evid. 501; see

10  also Kerr v. United States District Court for the Northern District of California, 511 F.2d

11  192, 197 (9th Cir. 1975).

12       It is well-established that the federal "policy favoring open discovery requires that

13  privileges must be 'strictly construed.'" Dowling v. American Hawaii Cruises, Inc., 971 F.2d

14  423, 425 (9th Cir. 1992) (quoting University of Pennsylvania. v. EEOC, 493 U.S. 182, 189

15  (1990)).  The United States Supreme Court has made it clear that an evidentiary privilege is

16  not applied "unless it 'promotes sufficiently important interests to outweigh the need for

17  probative evidence. . . .'"  University of Pennsylvania, 493 U.S. at 198 (quoting Trammel v.

18  United States, 445 U.S. 40, 51 (1980).  "Inasmuch as '[t]estimonial exclusionary rules and

19  privileges contravene the fundamental principles that "the public . . . has a right to every

20  man's evidence,"' id. at 50 [internal citation omitted], any such privilege must 'be strictly

21  construed.'  445 U.S. at 50."  University of Pennsylvania, id.

22       Rule 26(a)(5)(A) of the Federal Rules of Civil Procedure provides:

23            When a party withholds information otherwise discoverable
             under these rules by claiming that it is privileged or subject to
24            protection as trial preparation material, the party shall make the
             claim expressly and shall describe the nature of the documents,
25            communications, or things not produced or disclosed in a manner

26  privilege is deferred pending filing of a joint statement of claims and defenses, defendants
    will not be required to produce at time any document for which a claim of deliberative
27  process privilege has been raised, even if the court has determined that a claim of attorney-
    client privilege and/or attorney work product privilege for the same document has not been
28  sustained.

4

1

> that, without revealing information itself privileged or protected,
> will enable other parties to assess the applicability of the
> privilege or protection.

2

3

Fed. R. Civ. P. 26(a)(5)(A).

4

The specific "nature" of the notice required by Rule 26(b)(5) "is explicitly left

5

indeterminate." Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of

6

Mont., 408 F.3d 1142, 1147 (9th Cir. 2005). "'The rule does not attempt to define for each

7

case what information must be provided when a party asserts a claim of privilege or work

8

product protection.'" Id. at 1147-48 (quoting Rule 26(b)(5) advisory committee's note (1993

9

Amendments). However, it is clear that "the 'party must . . . provide sufficient information

10

to enable other parties to evaluate the applicability of the claimed privilege or protection.'"

11

Id. at 1148 (quoting Rule 26(b)(5) advisory committee note (1993 Amendments).

12

In Burlington Northern, the United States Court of Appeals for the Ninth Circuit set

13

forth several factors that a court is to consider in determining whether a particular assertion

14

of privilege satisfies the requirements of Rule 26(a)(5)(A):

15

16

> the degree to which the objection or assertion of privilege enables
> the litigant seeking discovery and the court to evaluate whether
> each of the withheld documents is privileged (where providing
> particulars typically contained in a privilege log is presumptively
> sufficient and boilerplate objections are presumptively
> insufficient); the timeliness of the objection and accompanying
> information about the withheld documents (where service within
> 30 days, as a default guideline, is sufficient); the magnitude of the
> document production; and other particular circumstances of the
> litigation that make responding to discovery unusually easy (such
> as, here, the fact that many of the same documents were the
> subject of discovery in an earlier action) or unusually hard. These
> factors should be applied in the context of a holistic
> reasonableness analysis, intended to forestall needless waste of
> time and resources, as well as tactical manipulation of the rules
> and the discovery process. They should not be applied as a
> mechanistic determination of whether the information is provided
> in a particular format. Finally, the application of these factors
> shall be subject to any applicable local rules, agreements or
> stipulations among the litigants, and discovery or protective
> orders.

17

18

19

20

21

22

23

24

25

26

27

Id. at 1149.

28

1  Defendants have the burden of proving application of the asserted privileges.  See In

2  re Grand Jury Investigation,  974 F.2d 1068, 1071 (9th Cir. 1992) (attorney client privilege);

3  Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C.Cir. 1980)

4  (attorney work product).[4]

5  II.  Attorney-Client Privilege

6  The attorney client privilege protects what a client tells a lawyer. The privilege

7  encourages full disclosure between lawyer and client, so that the lawyer may give informed

8  legal advice. Clarke v. American Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992).

9  The privilege has eight essential elements: "(1) [w]here legal advice of any kind is sought (2)

10  from a professional legal advisor in his [or her] capacity as such, (3) the communications

11  relating to the purpose, (4) made in confidence (5) by the client, (6) are at his [or her]

12  instance permanently protected, (7) from disclosure by him [or her] self or by the legal

13  advisor, (8) unless the protection be waived."  Admiral Ins. v. U.S. Dist. Court for Dist. of

14  Ariz., 881 F.2d 1486, 1492 (9th Cir. 1989) (citing In re Fischel, 557 F.2d 209, 211 (9th Cir.

15  1977).

16  Several options for establishing the existence of the attorney-client privilege are

17  available. See Dole v. Milonas, 889 F.2d 885, 890 (9th Cir. 1989).  In the instant case,

18  ⁴ Rule 26(b)(5)(B) makes provision for return of material produced in discovery that
is subject to a colorable claim of privilege:

19

20  **(B)** *Information Produced.* If information produced in discovery
is subject to a claim of privilege or of protection as
trial-preparation material, the party making the claim may notify

21  any party that received the information of the claim and the basis
for it. After being notified, a party must promptly return,

22  sequester, or destroy the specified information and any copies it
has; must not use or disclose the information until the claim is

23  resolved; must take reasonable steps to retrieve the information if
the party disclosed it before being notified; and may promptly

24  present the information to the court under seal for a
determination of the claim. The producing party must preserve

25  the information until the claim is resolved.

26  Fed. R. Civ. P. 26(b)(5)(B).  In addition, the parties have entered into a "clawback"
agreement that provides for the return of privileged material produced during discovery. See

27  Ex. O to Declaration of Lori Rifkin in Support of Plaintiff's Motion to Compel Production of
Documents, filed November 30, 2007.

28

1  defendants rely in the first instance on the February 22, 2008 privilege logs.  To make an

2  adequate showing of attorney-client privilege, a privilege log "should identify:  (a) the

3  attorney and client involved; (b) the nature of the document (i.e., letter, memorandum); (c) all

4  persons or entities shown on the document to have received or sent the document; (d) all

5  persons or entities known . . . to have been furnished the document or informed of its

6  substance; and (e) the date the document was generated, prepared or dated."  <u>Dole</u>, at 888

7  n.3, 890.

8      Plaintiffs raise three separate challenges to claims of privilege for specific documents

9  identified in the privilege logs.  For the first group of documents, plaintiffs contend that the

10  privilege logs do not identify any attorney as either an author or a recipient of the specified

11  documents.  For the second group of documents, plaintiffs contend that the privilege log

12  shows that an outsider to the attorney-client relationship was a recipient of the documents at

13  issue.  Finally, for the majority of documents at issue plaintiffs contend that it appears that an

14  attorney was copied on a document that is not privileged.

15      The court has conducted an in camera review of all of the documents in dispute.  <u>See</u>,

16  <u>e.g.</u>, <u>U.S. v. Zolin</u>, 842 F.2d 1135, 1138-39 (9th Cir. 1988) ("In the Ninth Circuit the rules of

17  evidence with respect to privileges do allow for in camera review: a court undertakes in

18  camera review of documents to decide whether the attorney-client privilege  even exists with

19  respect to those documents.")

20      Fourteen documents are challenged by plaintiffs on the ground that the privilege logs do not

21  identify an attorney as either an author or a recipient of said documents, as follows:  E00000613;

22  E00001100; E00003041; E00003179; E00007081; E00014065; E00022699; E00028654;

23  E00044198; E00045366; E00046768; E00084734; E00095838; and E00099404.[5]  In camera

24  review of the fourteen documents reveals the following.

25

26

27      [5] Four of the documents have a claim of deliberative process privilege raised in addition to the claim of attorney work product doctrine:  E00001100 (attorney-client and attorney work product); E00003041 (attorney-client and attorney work product); E00007081 (attorney-client); and E00084734 (attorney-client).

28

7

1          For five documents in this category, E00001100, E00007081, E00014065,

2    E00022699, and E00084734, in camera review does not show that an attorney was either an

3    author or a recipient of the document.[6]  For that reason, defendants have not met their burden

4    of establishing that these documents are protected by the attorney-client privilege.

5    Defendants will be required to produce at this time documents E00014065 and E00022699,

6    as no claim of deliberative process privilege has been raised for either of those documents.

7    Defendants will not be required to produce documents E00001100, E00007081 or

8    E00084734 at this time due to pending claims of deliberative process privilege.

9          For the remaining nine documents, in camera review does show that an attorney was

10   either an author or a recipient of the document at issue.  However, after in camera review of

11   each of the documents the court finds that none of them constitute communications of the

12   type protected by the attorney-client privilege.  Defendants will be required to produce eight

13   of these documents at this time.  See Attachment A to this Order.  The ninth, E00003041, is

14   also subject to a claim of deliberative process privilege.  For that reason, defendants will not

15   be required to produce that document at this time.

16         Ten documents are challenged by plaintiffs on the ground that the privilege log shows

17   an outsider to the attorney-client relationship included as either an author or a recipient of the

18   document, as follows:  E00020277; E00020512; E00045948; E00046983; E00046988;

19   E00046989; E00082860; E00083812; E00099569; and E00099573.

20         For documents E00020277, E00099569 and E00099573, defendants have raised a

21   claim of deliberative process privilege raised in addition to the claim of attorney-client

22   privilege.  After in camera review, the court finds that all of these documents have outsiders

23

24         [6] In an e:mail from Samantha Tama to Lori Rifkin and Sara Norman, defendants
     assert that document E00014065 is a communication between Lisa Tillman, an attorney, and
     Doug McKeever, Michael Barks, and Robin Dezember, all non-attorneys.  See Ex. A to
25   Declaration of Samantha Tama in Support of Defendants' Position Regarding Discovery
     Dispute, filed March 7, 2008.  Defendants further assert that document E00022699 is a
26   communication between Molly Arnold, an attorney, and Vince Brown and Jaci-Marie
     Thompson, both non-attorneys.  Id.  Those assertions are not confirmed by review of the
27   document, nor is there any evidence in the record to support the assertions.  Ms. Tama's
     e:mail is not verified, and her declaration verifies only that the e:mail was sent, not the truth
28   of the matters contained therein.

1   to the attorney-client privilege identified as authors or recipients and, therefore that the claim

2   of attorney-client privilege is not sustained.  However, the documents will not be produced at

3   this time pending resolution of the claims of deliberative process privilege.

4          The privilege log identifies a California state senator and a California assemblyman as

5   the author of document E00020512[7]; and a woman named Susan Turner of an organization

6   called the Center of Evidence-Based Corrections as the recipient of documents E00045948

7   and E00046989 and the author of documents E00046983 and E00046988.  Each of these

8   individuals are outsiders to any attorney-client relationship between defendants and their

9   attorneys.  For that reason, defendants' claim of privilege for these documents cannot be

10  sustained.  Defendants will be required to produce these documents.

11         The last two documents are e:mail exchanges between Joan Petersilia, Ph.D. and

12  Benjamin Rice.  Plaintiffs contend that Dr. Petersilia is a professor at University of

13  California Irvine who works as an independent contractor for defendants.  Defendants

14  identify Dr. Petersilia as part of the Governor's Office as the current chair of the

15  Rehabilitation Strike Team.  (Preliminary Names List, filed April 14, 2008, at 25.)  The

16  document does not contain any communication protected by the attorney-client privilege.

17  Defendants will be required to produce these documents.

18         The final, and largest, group of documents are those which plaintiffs contend an

19  attorney was copied on a non-privileged document.  The court's findings after in camera

20  review with respect to the applicability of the attorney-client privilege for each of these

21  documents are set forth on the list attached to this order.  Defendants will be required to

22  produce at this time all documents for which a claim of attorney client privilege is not

23  sustained and for which no claim of deliberative process privilege has been made.

24

25         [7]  In the e:mail from Samantha Tama described in footnote 5, supra, defendants
       contend that document E00020512 is a privileged communication between Deborah Cregger,
       staff counsel with the California Department of Finance (DOF), and Stephen Benson and Jim
26     Martone, budget analysts with DOF.  Defendants do not explain the discrepancy between this
       contention and the privilege log entry for this document.  In addition, in the same e:mail
27     defendants for the first time assert a deliberative process privilege for document E00020512.
       The assertion of the deliberative process privilege for this document is untimely and will not
28     be considered by this court.

III.  <u>Attorney Work Product Doctrine</u>

"The work product doctrine was first articulated by the Supreme Court in <u>Hackman v. Taylor</u>, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).  Fed.R.Civ.P.Rule 26(b)(3), which substantially codifies the <u>Hickman</u> decision, provides in relevant part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The primary purpose of the work product rule is to 'prevent exploitation of a party's efforts in preparing for litigation.' <u>Admiral Ins. Co. v. United States District Court, 881 F.2d 1486, 1494</u> (9th Cir.1989).  Like the discovery process that it limits, the work product doctrine encourages efficient development of facts and issues." <u>Holmgren v. State Farm Mutual Auto Insurance Co.</u>, 976 F.2d 573, 576 (9th Cir. 1992) (quoting Fed. R. Civ. P. 26(b)(1)).

Defendants have claimed attorney work product protection for twenty-five of the documents for which claims of attorney-client privilege and/or attorney work product protection are resolved by this order.  After in camera review, this court finds that one or both claims of privilege are valid for six of those documents:  E00009615; E00021166; E00028419; E00028420; E00096636; and E00096637.  For the remaining nineteen documents, the court finds that defendants have not met their burden of demonstrating that the documents are entitled to protection as attorney work product.  Defendants will be ordered to produce those documents.

In accordance with the above, IT IS HEREBY ORDERED that within five business days from the date of this order, defendants shall produce to counsel for plaintiffs for inspection and copying all documents listed in Attachment A to this order, which are all

10

documents for which neither a claim of attorney-client privilege nor a claim of attorney-work product doctrine has been established and for which no claim of deliberative process privilege has been made.

Dated: April 14, 2008.

UNITED STATES MAGISTRATE JUDGE

12
discovery19.o

# ATTACHMENT A

### DOCUMENTS TO BE PRODUCED PURSUANT TO THIS ORDER-- CLAIM OF ATTORNEY CLIENT PRIVILEGE AND/OR ATTORNEY WORK PRODUCT PROTECTION NOT SUSTAINED

A)  No attorney listed as author or recipient in privilege logs

E00000613
E00003179
E00014065
E00022699
E00028654
E00044198
E00045366
E00046768
E00099404

B)  Outsider to the attorney-client relationship included as author or recipient in privilege logs

E00020512
E00045948
E00046983
E00046988
E00046989
E00082860
E00083812

C)  Attorney(s) copied on apparently non-privileged communication

E00000270
E00000271
E00000374
E00001408
E00001409
E00001575
E00003172
E00003174
E00003177
E00003178
E00004350
E00004351
E00005322
E00006393
E00006394
E00009517
E00009518
E00009599
E00011245
E00012401
E00012402
E00012403

| | |
|---|---|
| 1 | E00012405 |
| | E00012406 |
| 2 | E00014163 |
| | E00016330 |
| 3 | E00017356 |
| | E00017357 |
| 4 | E00017358 |
| | E00017359 |
| 5 | E00017360 |
| | E00017361 |
| 6 | E00017362 |
| | E00017388 |
| 7 | E00017389 |
| | E00017390 |
| 8 | E00017391 |
| | E00018099 |
| 9 | E00018113 |
| | E00018116 |
| 10 | E00018117 |
| | E00018118 |
| 11 | E00018119 |
| | E00018120 |
| 12 | E00018121 |
| | E00018122 |
| 13 | E00018123 |
| | E00018140 |
| 14 | E00018141 |
| | E00018142 |
| 15 | E00018143 |
| | E00018144 |
| 16 | E00018244 |
| | E00018506 |
| 17 | E00019023 |
| | E00019024 |
| 18 | E00019025 |
| | E00019066 |
| 19 | E00019084 |
| | E00019498 |
| 20 | E00019559 |
| | E00019560 |
| 21 | E00019809 |
| | E00020511 |
| 22 | E00020819 |
| | E00022591 |
| 23 | E00022592 |
| | E00022593 |
| 24 | E00022594 |
| | E00022595 |
| 25 | E00022596 |
| | E00022597 |
| 26 | E00027889 |
| | E00028440 |
| 27 | E00028650 |
| | E00028651 |
| 28 | E00028797 |

| | |
|---|---|
| 1 | E00028798 |
| | E00028948 |
| 2 | E00028979 |
| | E00029552 |
| 3 | E00029553 |
| | E00029624 |
| 4 | E00029625 |
| | E00029626 |
| 5 | E00029627 |
| | E00029628 |
| 6 | E00030167 |
| | E00030168 |
| 7 | E00030169 |
| | E00030171 |
| 8 | E00030571 |
| | E00030572 |
| 9 | E00030573 |
| | E00030574 |
| 10 | E00030575 |
| | E00030576 |
| 11 | E00030577 |
| | E00030578 |
| 12 | E00030579 |
| | E00031150 |
| 13 | E00031163 |
| | E00031493 |
| 14 | E00031495 |
| | E00031557 |
| 15 | E00037576 |
| | E00038348 |
| 16 | E00038456 |
| | E00038460 |
| 17 | E00038514 |
| | E00043945 |
| 18 | E00044197 |
| | E00044272 |
| 19 | E00044398 |
| | E00044618 |
| 20 | E00044619 |
| | E00044620 |
| 21 | E00044626 |
| | E00044666 |
| 22 | E00044710 |
| | E00044737 |
| 23 | E00044749 |
| | E00044875 |
| 24 | E00044886 |
| | E00045424 |
| 25 | E00045431 |
| | E00045436 |
| 26 | E00045537 |
| | E00045608 |
| 27 | E00045808 |
| | E00045983 |
| 28 | E00046148 |

| | |
|---|---|
| 1 | E00046160 |
| | E00046161 |
| 2 | E00046166 |
| | E00046168 |
| 3 | E00046382 |
| | E00046460 |
| 4 | E00046461 |
| | E00046462 |
| 5 | E00046463 |
| | E00046464 |
| 6 | E00046768 |
| | E00047050 |
| 7 | E00047071 |
| | E00047253 |
| 8 | E00047256 |
| | E00047271 |
| 9 | E00047414 |
| | E00047453 |
| 10 | E00047456 |
| | E00047489 |
| 11 | E00047512 |
| | E00047820 |
| 12 | E00048004 |
| | E00048065 |
| 13 | E00048389 |
| | E00048391 |
| 14 | E00048434 |
| | E00048482 |
| 15 | E00048490 |
| | E00048505 |
| 16 | E00048579 |
| | E00048639 |
| 17 | E00048791 |
| | E00048823 |
| 18 | E00049365 |
| | E00050188 |
| 19 | E00082874 |
| | E00083483 |
| 20 | E00084265 |
| | E00084266 |
| 21 | E00084267 |
| | E00084268 |
| 22 | E00084293 |
| | E00084308 |
| 23 | E00084449 |
| | E00084450 |
| 24 | E00084453 |
| | E00084455 |
| 25 | E00084456 |
| | E00084574 |
| 26 | E00084575 |
| | E00084576 |
| 27 | E00084577 |
| | E00085017 |
| 28 | E00085393 |

1  E00085765
   E00085795
2  E00085825
   E00085920
3  E00085921
   E00085956
4  E00085983
   E00095838
5  E00096367
   E00096452
6  E00096622
   E00097040
7  E00097579
   E00097584
8  E00099273
   E00099500
9  E00099501
   E00099502
10 E00099503
   E00099504
11 E00099505
   E00099506
12 E00099507

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT B

## DOCUMENTS FOR WHICH CLAIM OF ATTORNEY CLIENT PRIVILEGE AND/OR ATTORNEY WORK PRODUCT PROTECTION IS SUSTAINED

A)  <u>No attorney listed as author or recipient in privilege logs</u>

B)  <u>Outsider to the attorney-client relationship included as author or recipient in privilege logs</u>

C)  <u>Attorney(s) copied on apparently non-privileged communication</u>

E00002038
E00003064
E00004631
E00004924
E00004925
E00006313
E00006586
E00006635
E00006636
E00006744
E00007081
E00007093
E00009614
E00009615
E00017097
E00018126
E00018527
E00018528
E00018529
E00018543
E00018544
E00018545
E00018916
E00019562
E00019731
E00019861
E00019942
E00020198
E00020358
E00020588
E00020592
E00020601
E00020617
E00020632
E00020633
E00020713
E00020760
E00021166
E00021344

1   E00022235
    E00022236
2   E00022237
    E00022238
3   E00022239
    E00022240
4   E00022241
    E00022242
5   E00022243
    E00022252
6   E00022253
    E00022254
7   E00022255
    E00022256
8   E00022257
    E00028159
9   E00028419
    E00028420
10  E00028434
    E00028438
11  E00028439
    E00028537
12  E00028551
    E00028552
13  E00028553
    E00028649
14  E00028945
    E00028947
15  E00031164
    E00031165
16  E00031166
    E00031167
17  E00031168
    E00031169
18  E00038455
    E00038459
19  E00044895
    E00045364
20  E00045506
    E00046070
21  E00046542
    E00046904
22  E00047818
    E00048105
23  E00048109
    E00048408
24  E00048410
    E00048412
25  E00048570
    E00048571
26  E00048572
    E00048578
27  E00048670
    E00048672
28  E00048673

1   E00048696
    E00082927
2   E00084360
    E00084734
3   E00085397
    E00085449
4   E00085450
    E00085463
5   E00085464
    E00085465
6   E00085503
    E00086978
7   E00095859
    E00096636
8   E00096637

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT C

**DOCUMENTS FOR WHICH CLAIM OF ATTORNEY CLIENT PRIVILEGE AND/OR ATTORNEY WORK PRODUCT PROTECTION NOT SUSTAINED  --  NOT TO BE PRODUCED AT THIS TIME DUE TO PENDING CLAIM OF DELIBERATIVE PROCESS PRIVILEGE**

A)  No attorney listed as author or recipient in privilege logs

E00001100
E00003041
E00007081

B)  Outsider to the attorney-client relationship included as author or recipient in privilege logs

E00020277
E00099569
E00099573

C)  Attorney(s) copied on apparently non-privileged communication

E00000375
E00000376
E00000377
E00000847
E00000848
E00001099
E00001109
E00001111
E00001145
E00001146
E00001147
E00001702
E00001703
E00001751
E00001752
E00002005
E00002088
E00002111
E00002637
E00002638
E00002639
E00002640
E00002641
E00002642
E00002643
E00002644
E00002645
E00002646
E00002647
E00006745
E00006756
E00007103

20

1  E00007104
   E00007105
2  E00007106
   E00007126
3  E00007127
   E00007128
4  E00007129
   E00016045
5  E00018112
   E00020680
6  E00033095
   E00033437
7  E00033442
   E00033445
8  E00033447
   E00033514
9  E00033515
   E00033516
10 E00033517
   E00033519
11 E00033520
   E00033521
12 E00033522
   E00084461
13 E00084741
   E00085018
14 E00085021
   E00085022
15 E00085983
   E00086783
16 E00086968

17

18

19

20

21

22

23

24

25

26

27

28