PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>     Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE OFFICE OF INSPECTOR GENERAL'S UNREDACTED REPORT RE: SCOTT THOMAS** |

## I. INTRODUCTION

Before the Court is Plaintiffs' motion to compel, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i), the non-party Office of Inspector General ("OIG") to produce an unredacted copy of its investigative report regarding the release of Scott Thomas from San Quentin State Prison (hereinafter "Thomas report").[1] The OIG's privilege claim cannot support withholding the unredacted report because California Penal Code section 6126.4 does not establish a privilege under state law, and even if it did, this Court is not bound by that law. Moreover, Plaintiffs' offer to execute a protective order covering the unredacted report adequately addresses any concerns the OIG or the Court might have in maintaining the confidentiality of Mr. Thomas's sensitive information.

The redacted Thomas report omits critical findings and information that are highly relevant to the proceedings before the Three-Judge Court. These findings apparently concern serious deficiencies in the provision of mental health care, as well as breakdowns in various custodial and clinical processes in the Reception Center and pre-release parole planning. *See* Julian Guthrie, *San Quentin Didn't Treat Mental Illness of Wrongly Freed Inmate*, S.F. Chronicle, Nov. 9, 2007, *available at* http://www.sfgate.com/cgi-bin/article.cgi?file= /c/a/2007/11/09/MN7UT8R3V.DTL. The first two of the five major findings and 13 of the 21 recommendations have been redacted from the public report. Pages and pages of text have also been removed. The Thomas report starkly documents the risk to both *Coleman* class members and the public of the unconstitutional conditions at CDCR prisons that result from the extreme level of overcrowding. The OIG has set forth a series of systemic errors in CDCR policies, practices and procedures concerning a *Coleman* class member in an overcrowded reception

---

[1] According to the *San Francisco Chronicle*'s review of a leaked copy of the OIG's unredacted report, Scott Thomas was a prisoner with serious mental health problems who, through a series of institutional blunders, received no mental health care while incarcerated and was improperly released from CSP-San Quentin to San Francisco on May 18, 2007. He went on to stab two random victims the next day. Julian Guthrie, *San Quentin Didn't Treat Mental Illness of Wrongly Freed Inmate*, S.F. Chronicle, Nov. 9, 2007, *available at* http://www.sfgate.com/cgi-bin/article.cgi?file=/c/a/2007/11/09/MN7UT8R3V.DTL.

center that must be fully available as evidence to the triers of fact in this proceeding. Accordingly, Plaintiffs ask this Court to compel production of the unredacted OIG Thomas report.

## II. BACKGROUND

### A. Factual Background

On October 31, 2007, Inspector General Matthew Cate issued a letter to CDCR Secretary Tilton enclosing a report detailing the results of the OIG's investigation into the California State Prison, San Quentin's release of Scott Thomas to parole on May 18, 2007. Exhibit A to Declaration of Michael W. Bien In Support Of Plaintiffs' Motion to Compel Production of the Office of Inspector General's Unredacted Report Re: Scott Thomas ¶ 2 ("Bien Decl."). The letter indicates that the OIG created two versions of the Thomas report: an unredacted version, containing details regarding Thomas's medical and mental health care while in prison, and a redacted version, omitting that information. *See id.*

In a telephone conversation with Plaintiffs on November 1, 2007, Inspector General Cate confirmed that the confidential report had been provided to Governor Schwarzenegger and Secretary Tilton, both of whom are defendants in this action, as well as to the *Plata* Receiver and the *Plata* Court. Bien Decl. ¶ 3. That same day, Plaintiffs wrote Inspector General Cate and formally requested a copy of the unredacted report, promising to keep it confidential pursuant to existing protective orders. Bien Decl. ¶ 3, Exh. B. A week later, Plaintiffs spoke with Barbara L. Sheldon, Chief Counsel for the OIG, who indicated that the OIG would not provide the confidential report to Plaintiffs without a court order.[2] Bien Decl. ¶ 3.

---

[2] At the same time Plaintiffs were negotiating with the OIG's office, Plaintiffs also repeatedly asked Defendants to produce the unredacted report, as it is responsive to multiple pending discovery requests. Bien Decl. ¶ 4. Despite the fact that they are obligated to provide Plaintiffs with the confidential report under Federal Rule of Civil Procedure 34(a), Defendants' only response to Plaintiffs' requests has been that Plaintiffs should obtain the unredacted report from the OIG. Bien Decl. ¶ 4. Hence, Plaintiffs served the April 1, 2008 subpoena on the OIG requesting the report.

On April 1, 2008, Plaintiffs subpoenaed the OIG pursuant to Federal Rule of Civil Procedure 45 requesting production of the unredacted version of the Thomas report. Exhibit A to Declaration of Amy Whelan In Support of Plaintiffs' Motion to Compel Production of the Office of Inspector General's Unredacted Report Re: Scott Thomas ¶ 2 ("Whelan Decl."). The subpoena specifically stated that "Plaintiffs agree the report shall be subject to the protective orders in *Coleman v. Schwarzenegger* and *Plata v. Schwarzenegger*," and attached copies of both protective orders. *Id.*

On April 7, 2008, Barbara L. Sheldon, Chief Counsel of the OIG, wrote to Plaintiffs and stated that "the Inspector General is unable to disclose the report absent a court order." Whelan Decl. ¶ 3, Exh. B. Ms. Sheldon objected to producing the document on the grounds of privilege and also questioned whether the *Plata* and *Coleman* protective orders adequately shielded the unredacted report from further disclosure. *Id.*

### B. Meet and Confer Process

Plaintiffs' counsel and Ms. Sheldon met and conferred by telephone regarding the OIG's objections to the subpoena on April 7, 2008. Whelan Decl. ¶ 4. Ms. Sheldon reiterated that the OIG would not produce the subpoenaed report, contending that California Penal Code section 6126.4 prohibited doing so absent a court order.[3] Whelan Decl. ¶ 4. In response to the OIG's concerns that the *Plata* and *Coleman* protective orders would not sufficiently protect the confidentiality of the unredacted report, Plaintiffs' counsel offered to execute a separate protective order specifically covering the unredacted Thomas report. Whelan Decl. ¶ 4.

---

[3] California Penal Code section 6126.4 provides:

> It is a misdemeanor for the Inspector General or any employee or former employee of the Inspector General to divulge or make known in any manner not expressly permitted by law to any person not employed by the Inspector General any particulars of any record, document, or information the disclosure of which is restricted by law from release to the public. This prohibition is also applicable to any person or business entity that is contracting with or has contracted with the Inspector General and to the employees and former employees of that person or business entity or the employees of any state agency or public entity that has assisted the Inspector General in the course of any audit or investigation or that has been furnished a draft copy of any report for comment or review.

1  Ms. Sheldon indicated that even a separate protective order would not suffice.  Whelan Decl.
2  ¶ 4.  Plaintiffs and Ms. Sheldon therefore agreed that a motion to compel the report would be
3  necessary.  Whelan Decl. ¶ 4.

### III. ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 45(d)(2)(A) permits the OIG to "withhold[] subpoenaed information under a claim that it is privileged" so long as the claim is expressly made and enough information is provided to allow the requesting party to adequately assess the claim of privilege.  The requesting party may then move to compel the production of the subpoenaed documents pursuant to Rule 45(c)(2)(B)(1), and "[t]he court has discretion to determine whether to grant [the] motion to compel."  *Unigene Labs., Inc. v. Apotex, Inc.*, 2007 WL 2972931, * 2 (N.D. Cal. Oct. 10, 2007) (citing *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir.1987)).

#### B. The OIG's Privilege Claim Is Premised On A State Penal Code Section That Does Not Establish A Privilege And, In Any Event, Is Not Binding On This Court

The OIG's claim of privilege in withholding the unredacted Thomas report is unsubstantiated.  First, California Penal Code section 6126.4 cannot provide a basis for withholding the document because privileges based on state law are not applicable to the Three-Judge Court proceeding.  Privileges are determined by federal law in federal question cases such as this one.  Fed. R. Evid. 501; *see Garrett*, 818 F.2d at 1519 n. 6 (recognizing that federal courts are not bound to recognize state-created privileges in federal question cases); *Breed v. United States Dist. Ct. for No. Dist. of Cal.*, 542 F.2d 1114, 1115 (9th Cir. 1976) ("The scope of an evidentiary privilege in a 42 U.S.C. [§] 1983 civil rights action is a question of federal law."); *see also* 12 Federal Procedure, Lawyers' Ed. § 33:290 (2008) ("[W]here an action is based on alleged violations of federally protected civil rights, designed in part to protect individuals against illegal state action, it would be anomalous to permit the state law of privileges to interfere with the enforcement of such laws.").

Second, even if it were applicable, California courts have held that, even under state

1  law, California Penal Code section 6126.4 does not create a privilege barring discovery of
2  confidential information gathered by the OIG. *See White v. Superior Court*, 126 Cal. Rptr. 2d
3  207, 209-10 (Cal. App. Dep't Super. Ct. 2002) (holding California Penal Code sections,
4  including § 6126.4, that make certain of OIG's files and reports confidential do not create
5  state-law privileges justifying withholding from discovery); *see also* Charles Alan Wright &
6  Kenneth W. Graham, Jr., 23 Federal Practice & Procedure § 5437 & n.18 (2008).

7  Indeed, while § 6126.4 requires the OIG to keep certain files and reports confidential,
8  California courts have maintained a clear distinction "between information that is confidential
9  and information that is privileged." *White*, 126 Cal. Rptr. 2d at 210; *see also Davies v.*
10 *Superior Court*, 36 Cal. 3d 291, 298-99 (1984). "Information that is confidential is protected
11 against unrestricted public inspection, but limited disclosure *is not the equivalent of a privilege*
12 against any disclosure." *White*, 126 Cal. Rptr. 2d at 210 (emphasis added); *see also D.M.V. v.*
13 *Superior Court*, 122 Cal. Rptr. 2d 504, 509-10 (Ct. App. 2002) (holding that statute making
14 D.M.V. medical records "confidential and not open to public inspection" did not create a
15 privilege); *cf.* Charles Alan Wright & Kenneth W. Graham, Jr., 26 Federal Practice &
16 Procedure § 5662 (2008) (distinguishing between statutes mandating government
17 confidentiality, which govern what the government can disclose to the public out of court, and
18 those creating privileges, which "describe what the government can and cannot refuse to
19 disclose in court"). While California law may require the OIG to keep information contained
20 in the unredacted Thomas report confidential from the public, no privilege under state or
21 federal law[4] permits the OIG to refuse to produce the subpoenaed document to Plaintiffs in the

---

[4] Although the issue was not raised during the meet and confer sessions, the OIG's April 7, 2008 letter also objects to the subpoena on privacy grounds. To the extent that the OIG is asserting a privilege based on Scott Thomas's privacy rights, the objection is improper. The OIG can only "assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties" such as Mr. Thomas. *See Laxalt v. McClatchy*, 809 F.2d 885, 891 (D.C. Cir. 1987) (internal quotation marks omitted). This rule applies to discovery proceedings. *Id.* The privacy claims in the cases cited by the OIG were pursued by the individuals whose privacy rights were affected, not by a third-party, as here. Moreover, none of the cited cases establishes that the confidentiality properly afforded to medical and mental health records rises to the level of a federal privilege, particularly when, as here, the
(continued . . .)

context of this litigation.

### C. Plaintiffs' Willingness To Execute A Protective Order Covering The Unredacted Report Adequately Addresses Any Legitimate Privacy Concerns The OIG May Have

Finally, Plaintiffs' willingness to subject the confidential report to a protective order obviates any concern that sensitive information in the report will be widely disseminated or used in an inappropriate manner. Plaintiffs routinely receive sensitive information from Defendants regarding *Coleman* and *Plata* class members such as Mr. Thomas, and agree — in fact, insist — that details of prisoner-patients' medical and mental health records are the proper subject of protective orders.

## IV. CONCLUSION

The Thomas report, which documents the serious risk to both *Coleman* class members and the public resulting from the extreme level of overcrowding in the CDCR, contains information highly relevant to the proceedings before the Three-Judge Court. The Penal Code section cited by the OIG does not protect the Thomas report from disclosure in this case and, in any event, Plaintiffs' agreement to execute a protective order covering the report adequately addresses any privacy concerns. Accordingly, Plaintiffs respectfully request that the Court grant this motion to compel.

Dated: April 18, 2008                           Respectfully submitted,

                                                */s/ Amy Whelan*
                                                Amy Whelan
                                                Rosen, Bien & Galvan
                                                Attorneys for Plaintiffs

---

(continued)
requesting party is counsel for the individual in question. As discussed above, the two concepts are by no means coextensive: "Confidentiality is concerned with extrajudicial disclosures; privilege is concerned with disclosure in court." Charles Alan Wright & Kenneth W. Graham, Jr., 23 Federal Practice & Procedure § 5437 n.15 (2008). Finally, any concerns the OIG has with protecting Mr. Thomas's privacy rights are fully addressed by Plaintiffs' offer during the meet and confer sessions to execute a protective order specifically covering the unredacted report.