PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>       Plaintiffs,<br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    vs.<br><br>       Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE OFFICE OF INSPECTOR GENERAL'S UNREDACTED REPORT RE: SCOTT THOMAS** |

I, Amy Whelan, declare:

1.    I am a member of the Bar of this Court and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify.  I make this declaration in support of Plaintiffs' Motion to Compel Production of the Office of Inspector General's Unredacted Report Re: Scott Thomas.

2.    On April 1, 2008, Plaintiffs subpoenaed the Office of the Inspector General ("OIG") pursuant to Federal Rule of Civil Procedure 45 requesting the unredacted Thomas report.  A true and correct copy of the executed subpoena with exhibits is attached hereto as Exhibit A.

3.    On April 7, 2008, Barbara L. Sheldon, Chief Counsel for the OIG, wrote to Plaintiffs and stated that "the Inspector General is unable to disclose the report absent a court order."  In the letter, Ms. Sheldon objected to producing the document on the grounds of privilege and also questioned whether the *Plata* and *Coleman* protective orders adequately shielded the unredacted report from further disclosure.  A true and correct copy of Ms. Sheldon's letter is attached hereto as Exhibit B.

4.    On April 7, 2008, I met and conferred with Ms. Sheldon by telephone regarding the OIG's objections to the subpoena.  Ms. Sheldon reiterated that the OIG would not produce the subpoenaed report, contending that California Penal Code section 6126.4 prohibited doing so absent a court order.  In response to the OIG's concerns that the *Plata* and *Coleman* protective orders would not sufficiently protect the confidentiality of the unredacted report, I offered to execute a separate protective order specifically covering the unredacted Thomas report.  Ms. Sheldon indicated that even a separate protective order would not suffice. Ms. Sheldon and I therefore agreed that a motion to compel the report would be necessary.

//

//

//

DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE OFFICE OF INSPECTOR GENERAL'S UNREDACTED REPORT RE: SCOTT THOMAS, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

1        I declare under penalty of perjury under the laws of California and the United States that

2   the foregoing is true and correct, and that this declaration is executed this 18th day of April

3   2008 in San Francisco, California.

4

5                       */s/Amy Whelan*
                    Amy Whelan

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   200474_2

28

DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE OFFICE OF INSPECTOR
GENERAL'S UNREDACTED REPORT RE: SCOTT THOMAS, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

# EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Eastern District of California

Coleman v. Schwarzenegger

and

Plata v. Schwarzenegger

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  E.D. Cal. No. CIVS 90-0520 LKK-JFM
N.D. Cal. No. C01-1351 TEH

TO:  Office of the Inspector General

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The OIG's confidential, unredacted report on CSP-San Quentin's release of Scott Thomas to parole on 5/18/2007, referenced in Inspector General Cate's 10/31/2007 letter to CDCR Secretary Tilton, attached hereto as Exhibit A. Plaintiffs agree the report shall be subject to the protective orders in Coleman v. Schwarzenegger and Plata v. Schwarzenegger, attached hereto as Exhibit B.

| PLACE    Rosen, Bien & Galvan, LLP, 315 Montgomery St., 10th Floor, San Francisco, CA  94104 | DATE AND TIME    4/11/2008 4:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Attorney For Plaintiffs* | DATE    4/1/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lisa Ells, Rosen, Bien & Galvan, LLP, 315 Montgomery St., 10th Floor,
San Francisco, CA  94104  Telephone: (415) 433-6830

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/1/2008 | Office of the Inspector General |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Ann Bordenkircher, Legal Analyst, Authorized To Accept Service | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Scott Oliver | Registered Process Server, RPS# 2005-35 County of Sacramento |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      4/1/2008
                    DATE

SIGNATURE OF SERVER

3000 T Street Ste. 200 Sacramento, CA 95816
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

October 31, 2007

James E. Tilton, Secretary
California Department of Corrections and Rehabilitation
1515 S Street, Room 502 South
Sacramento, California 95814

Dear Mr. Tilton:

The enclosed report presents the results of a special review into the California State Prison,
San Quentin's release of inmate Scott Thomas to parole on May 18, 2007. We are issuing a
confidential report and a public report related to this special review. The confidential report
contains personal health care information protected from public disclosure by various state
and federal privacy laws. The Office of the Inspector General has redacted this information
from the public report.

The special review revealed that a series of mistakes, oversights, and failures to follow
California Department of Corrections and Rehabilitation policy resulted in California State
Prison, San Quentin staff failing to identify and treat inmate Scott Thomas's needs while
incarcerated, as well as improperly releasing inmate Thomas to parole on May 18, 2007.
The day after San Quentin staff released Thomas on parole he allegedly entered a San
Francisco bakery and stabbed a 15-year-old girl and a man who came to her aid. The Office
of the Inspector General cannot determine if Thomas would have ultimately committed a
similar act upon his release even if San Quentin staff had acted appropriately in all instances
during Thomas's period of incarceration and release. However, appropriate action by prison
staff and closer parole supervision might have had an impact on Thomas's actions—
including his alleged decision to assault two people with a knife—after he paroled.

The Office of the Inspector General has made 21 recommendations as a result of this special
review. Eight of these recommendations appear in this public report; the Office of the
Inspector General has redacted the 13 other recommendations because of their confidential
nature. The department's response appears as an attachment to the report.

Thank you for the courtesy and cooperation extended to my staff during this special review.

Sincerely,

*Matthew L. Cate*

MATTHEW L. CATE
Inspector General

Enclosure

*Arnold Schwarzenegger, Governor*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

        Plaintiff,                  No. CIV S-90-0520 LKK JFM P

        vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendant.              <u>MODIFIED PROTECTIVE ORDER</u>

_____/

        In accordance with the order filed concurrently herewith and good cause appearing, IT IS ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective Order") is hereby modified in the following manner:

        IT IS ORDERED THAT the following provisions shall apply to all State of California Department of Health Services' ("DHS") records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

        1. This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

        2. All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred to as "confidential material."

1

3.  The confidential material may be disclosed only to the following persons:

      a.  Counsel of record for plaintiffs in this action;

      b.  Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

      c.  Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

      d.  Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

      e.  Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

      f.  Individuals as described in subparts (a) through (e), above, in <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

      g.  Individuals as described in subparts (a) through (e), above, in <u>Clark, et al. v. California et al.</u> (C96-146 FMS), and in <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

h. Individuals as described in subparts (a) through (e),
above, in Hecker, et al. v. Schwarzenegger, et al. (No.
2:05-cv-02441 LKK-JFM), currently pending in the United States
District Court for the Eastern District of California, who agree to
be bound by the terms of this Order.

4. Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this litigation, or until otherwise ordered by the Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the Court.

5. At the conclusion of the trial and any appeal, or upon other termination of this litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

6. All confidential material obtained by counsel for plaintiffs shall be used solely in connection with this litigation or in connection with the following cases:

a. Clark, et al. v. California et al. (C96-146 FMS) or Armstrong, et al. v.
Schwarzenegger, et al. (C94-2307CW), currently pending in the United States
District Court for the Northern District of California;

b. Davey v. Gomez, et al. (No. 2:94-cv-00151 WBS-JFM-P), or Hecker,
et al. v. Schwarzenegger, et al. (No. 2:05-cv-02441 LKK-JFM), currently pending

3

1    in the United States District Court for the Eastern District of California; or for

2    related appellate proceedings, and not for any other purpose, including any other

3    litigation.

4        7. Any documents filed with the Court that reveal confidential material shall be

5    filed under seal, labeled with cover sheet bearing the case name and number and the statement:

6    "This document is subject to a protective order issued by the Court and shall not be copied or

7    examined except in compliance with that order." Documents so labeled shall be kept by the

8    Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon

9    failure of the filing party to so file a document under seal, any party may request that the Court

10   place the filing under seal.

11       8. Nothing in this Order shall preclude a party from showing or disclosing to any

12   person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs

13   containing confidential material if the document containing such material has been masked or

14   deleted so that no disclosure of confidential material occurs.

15       9. With the exception of documents contained in the confidential portions of

16   patients' or inmates' central files, all documents produced under this Protective Order may be

17   reviewed in a complete and unredacted form. The location of the file review shall be determined

18   on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those

19   documents they find relevant to their conduct of this litigation.

20       10. DHS may review the documents in the confidential portions of patients' or

21   inmates' central files, and may review the other confidential material produced for initial review

22   in complete and unredacted form, for the purpose of determining if there is any information

23   which DHS contends should not further be disclosed because to do so would endanger the safety

24   and security of an institution, or of any persons, including present or former patients, inmates or

25   staff. If DHS determines that there are any documents containing such information, DHS may

26   redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

4

1    of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted

2    information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is

3    necessary for the conduct of this litigation, such documents will be expeditiously presented to the

4    Court for in camera review to determine whether and to what extent they must be produced.

5    Insofar as the court determines that any such information is subject to exclusion from production,

6    the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the

7    information to any person for any purpose.

8         11. Attorneys for plaintiffs and their legal assistants and consultants shall not

9    make copies of the confidential material obtained by them except as necessary for purposes of

10   this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All

11   confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only

12   attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the

13   keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom

14   they have afforded access to confidential material. Upon order of the Court, DHS may inspect

15   the record.

16         12. Each person who has been afforded access to confidential material shall not

17   disclose or discuss the confidential material, including the identification, the location, or mental

18   health status of a patient or inmate, to or with any person except as is necessary to this case, and

19   then only in accordance with paragraphs 3 and 4 of this Order.

20         13. Confidential material respecting one patient or inmate shall not be disclosed

21   to or discussed with any other patient or inmate or former patient or inmate.

22         14. Plaintiffs' counsel shall consult with a mental health professional to determine

23   the necessity of having a mental health professional present at a file review conducted in the

24   presence of a patient.

25   /////

26   /////

5

15.  If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

16.  The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants.  Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

17.  The provisions of this Protective Order are without prejudice to the right of any party:  (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

18.  The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED:  January 11, 2007.

UNITED STATES MAGISTRATE JUDGE

/coleman.modpo2

6

RECEIVED

03 MAR 28 PM 12: 35

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

APR 3 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   PRISON LAW OFFICE
    DONALD SPECTER #83925
2   STEVEN FAMA #99641
    ALISON HARDY #135966
3   General Delivery
    San Quentin, CA  94964
4   Telephone: (415) 457-9144
    Facsimile: (415) 457-9151
5
    PILLSBURY WINTHROP
6   SHAWN HANSON #109321
    CAROLINE MITCHELL #143124
7   50 Fremont Street
    San Francisco, CA 94105
8   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
9
    Attorneys for Plaintiffs

    BINGHAM McCUTCHEN
    WARREN E. GEORGE #53588
    Three Embarcadero Center
    San Francisco, CA 94111
    Telephone: (415) 393-2000
    Facsimile: (415) 393-2286

    BINGHAM McCUTCHEN
    JOHN MORRISEY #122194
    355 South Grand Avenue
    Los Angeles, CA 90071
    Telephone: (213) 680-6400
    Facsimile: (213) 680-6499

10

11                      UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13

14   MARCIANO PLATA, et al.                    No. C01 1351 T.E.H.

15                                             STIPULATION AND [PROPOSED]
           Plaintiffs,                         PROTECTIVE ORDER
16

17   v.

18   GRAY DAVIS, et al.

19
           Defendants.
20

21

22

23

24

25

26

27   Stipulated Protective Order
     Plata v. Davis, No. C-01-1351 T.E.H.
28

1    IT IS ORDERED that the following provisions shall apply to all Department of Corrections'

2  ("CDC") records that identify any inmate or parolee ("personal information") or that are designated

3  by defendants as threatening prison safety and/or security if disclosed without protective conditions

4  ("security information"), and which are produced by defendants in informal and/or formal discovery

5  in this action:

6        1.    All such personal or security information produced by defendants in discovery in this

7  action shall be regarded as confidential and subject to the Protective Order. Such material is

8  hereinafter referred to as "confidential material."

9        2.    The confidential material may be disclosed only to the following persons:

10            a.    Counsel of record in the action;

11            b.    Paralegal, clerical and other personnel regularly employed by counsel of

12                  record;

13            c.    Court personnel and stenographic reporters engaged in such proceedings as are

14                  incidental to proceedings in this action;

15            d.    Any outside expert or consultant retained by either party or the Court for

16                  purposes of this action;

17            e.    Witnesses to whom the confidential material may be disclosed during a

18                  deposition taken in this matter provided that the witnesses may not leave any

19                  deposition with any copies of any of the confidential material, and shall be

20                  informed of and agree to be bound by the terms of the Order.

21        3.    Each person described in paragraph 2(d) and (e), above, to whom disclosure of

22  confidential material is made shall, prior to the time of disclosure, be provided by the person

23  furnishing such confidential material a copy of this Order, and shall agree on the record or in writing

24  that they have read the Order, understand it, and agree to be bound by its provisions. Such persons

25  must also consent to be subject to the jurisdiction of the United States District Court for the Northern

26  District of California with respect to any proceeding relating to the enforcement of the Order,

27

28  Stipulated Protective Order
    *Plata v. Davis*, No. C-01-1351 T.E.H.                    2

including, without limitation, any proceeding for contempt.

4.    At the conclusion of this action, all confidential material, including all copies, will be destroyed or returned to the defendants as directed by defendants' counsel.

5.    All confidential material shall be used solely in connection with the above-captioned action and not for any other purpose, including other litigation, without agreement between the parties and order of the Court, except that personal information may be used without limitation with the consent of the inmate or parolee concerned.

6.    Any confidential material filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case caption and title of the document being filed and the following statement: "This document is subject to a Protective Order issued by the Court and shall not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file personal or security information under seal, any party may request that the Court place the document under seal.

7.    Plaintiffs' counsel, and their staff, experts and consultants shall not make copies of confidential material except as necessary for purpose of this action. Plaintiffs' counsel shall maintain a record of all persons to whom they have afforded access to confidential material. Defendants may inspect the record upon order of the court. All confidential material shall be stored in a secure location.

8.    No person who has been afforded access to confidential material shall disclose or discuss the material, including without limitation the identification, location or health status of an inmate, with any person except in connection with their work on the above-captioned action, except that personal information may be disclosed with the consent of the inmate or parolee concerned.

9.    Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to personal or security information to which they have access in the normal course of their official duties.

10. The provisions of this Order are without prejudice to the right of any party to (1) apply to the Court for a further protective order relating to any confidential material or discovery in this action; (2) to apply to the Court for an order removing the confidential material designation from any document; or (3) to apply to the Court for an order compelling modifications of the Order or for any order permitting disclosure of confidential material beyond the terms of the Order.

11. The provisions of the Order shall remain in full force and effect until this Court orders otherwise.

AGREED TO BY THE PARTIES:


Date: _march 24_____, 2003

John Appelbaum
Supervising Deputy Attorney General
Counsel for Defendants


Date: _March 27___, 2003

Alison Hardy
Counsel for Plaintiffs


IT IS SO ORDERED.


Date: _3/31_____, 2003

Honorable Thelton E. Henderson
United States District Court Judge

4

# EXHIBIT B

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

## RECEIVED

APR 0 9 2008

## Rosen, Bien & Galvan

April 7, 2008

Lisa Ells                                              *Via Facsimile (415) 433-7104 and U.S. Mail*
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

Re: *Coleman v. Schwarzenegger*, E.D. Cal., Case No. CIVS 90-0520 LKK-JFM
    *Plata v. Schwarzenegger*, N.D. Cal., Case No. C01-1351 TEH
    Subpoena in a Civil Case dated April 1, 2008

Dear Ms. Ells:

The Office of the Inspector General (OIG) received the above-referenced subpoena requesting the "OIG's confidential, unredacted report on CSP-San Quentin's release of Scott Thomas to parole on 5/18/07." In spite of your willingness to subject the requested report to existing protective orders in the various cases, because of both federal and state law, the Inspector General is unable to disclose the report absent a court order without subjecting himself to criminal sanctions as well as civil liability.

Even though state law does not determine whether documents are discoverable, federal courts have looked to state law for guidance in recognizing new or existing privileges. (*Jaffee v. Redmond*, 518 U.S. 1, 12-13, 135 L.Ed.2d 337 (1996); see *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1170, fn.6 and 1178-1179 (N.D. Cal. 1998) [federal courts should look at state legislature and judicial decisions adopting a privilege as an important indicator of both reason and experience].) The information you are seeking is highly confidential under state law. It is a misdemeanor pursuant to the California Penal Code to disclose information that is confidential under the law. (Pen. Code § 6126.4).

Federal courts have held that medical and mental health records of an inmate are protected by the constitutional right to privacy. (*Whale v. Roe*, 429 U.S. 589, 599-600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) [Supreme Court recognized a qualified privacy interest in the confidentiality of one's medical records, derived implicitly from the U.S. Constitution.]; *Caesar v. Mountanos*, 542 F.2d 1064, 1067 n. 9 (9th Cir.1976) [Ninth Circuit held that the right to privacy encompasses doctor-patient and psychotherapist-patient relationships].) This right has been extended to prisoners. *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir.1999) [holding that prison officials must maintain the confidentiality of previously undisclosed medical information unless disclosure is "reasonably related to legitimate penological interests"]. Given the sensitive nature of psychiatric information "great care must be taken to maintain the confidentiality of psychiatric records." Thus, the Court must "'engage in the delicate task of weighing competing interests' to determine whether the government may properly disclose

*Arnold Schwarzenegger, Governor*

Re: *Coleman v. Schwarzenegger,* E.D. Cal., Case No. CIVS 90-0520 LKK-JFM
     *Plata v. Schwarzenegger,* N.D. Cal., Case No. C01-1351 TEH
     Subpoena in a Civil Case dated April 1, 2008
April 7, 2008
Page 2


private information." *In re Crawford,* 194 F.3d 954, 959 (9th Cir .1999), *cert. denied,* 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000); see also *Planned Parenthood of Southern Arizona v. Lawall,* 307 F.3d 783, 790 (9th Cir.2002); *Pagano v. Oroville Hospital,* 145 F.R.D. 683, 695-98 (E.D.Cal.1993); *O'Donnell v. United States,* 891 F.2d 1079, 1086 (3d Cir.1989).


In addition, it does not appear that either of the protective orders applies to the OIG. The *Plata* order specifically applies to CDCR records "produced by defendants." The *Coleman* order applies only to Department of Health Services (DHS) records. Accordingly, neither of these orders would protect records produced by the OIG. In the event the courts order disclosure of the report, the protective orders will need to be modified.


If you would like to discuss this matter further, please contact me.


Sincerely,


OFFICE OF THE INSPECTOR GENERAL

Barbara L. Sheldon
Chief Counsel