EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST - 183792
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
CHARLES ANTONEN - 221207
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5443
Facsimile:  (415) 703-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | **No.  2:90-cv-00520 LKK JFM P**<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE THREE-JUDGE COURT OF MAGISTRATE JUDGE'S APRIL 14, 2008 RULING OR, ALTERNATIVELY,  REQUEST FOR STAY OF ORDER (E.D. L.R. 72-303)**<br><br>**To: Three-Judge Court** |

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

**I.   INTRODUCTION**

Defendants request reconsideration and/or a stay of Magistrate Judge Moulds' April 14, 2008 order granting in part and denying in part Plaintiffs' motion to compel the production of privileged documents. In this motion, defendants request this Three-Judge Court to protect 45 out of those 226 documents ordered produced because those 45 documents are protected attorney-client privileged communications.[1]

This discovery dispute relates to Defendants' assertion of privilege in response to Plaintiffs' requests for the production of documents. On January 30, 2008, Senior Magistrate Judge Moulds issued an order requiring, in part, that the parties file a joint statement regarding any remaining discovery disputes by February 25, 2008, following Defendants' production of revised privilege logs to Plaintiffs. (Jan. 30, 2008 Order at 3:14-16.) Defendants timely produced to Plaintiffs revised privilege logs and thereafter, the parties filed a joint statement outlining the discovery disputes that remain concerning Defendants' assertion of privilege. (*Plata* Docket No. 1102; *Coleman* Docket No. 2689.)

Magistrate Judge Moulds then issued a subsequent order on February 26, 2008, requiring the parties to engage in an in-person meet and confer discussion by March 6, 2008, regarding all remaining disputes over Defendants' privilege logs. The Court exempted Defendants' assertion of the deliberative process privilege from that discussion and deferred resolution of the deliberative process privilege until "further order of the court." (Feb. 26, 2008 Order at 2:22.) The Court also required the parties to file by March 7, 2008, a list of all documents as to which Defendants' assertion of privilege remains disputed following their in-person meet and confer discussion, along with any relevant supplemental briefing. (*Id.* at 2:15-17.)

On February 25, 2008, counsel for Plaintiffs sent Defendants four e-mails

---

[1] Although Defendants seek reconsideration of only 45 documents ordered produced, Defendants nonetheless contend that most of the other remaining documents ordered produced by Magistrate Judge Moulds' April 14, 2008 order are similarly privileged. For purposes of efficiency, however, Defendants only ask for reconsideration of the 45 challenged documents. Defendants in no way waive their right to assert privileges for the remaining documents ordered produced but not challenged in this motion.

-1-

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

1 identifying 516 documents in total from Defendants' February 15, 2008 privilege logs that
2 Plaintiffs contended were not protected attorney-client communications.  (Decl. Tama
3 Supp. Defs.' Position re Discovery Disputes (Decl. Tama) ¶ 2; *Plata* Docket No. 1122;
4 *Coleman* Docket No. 2707.)  Defendants re-reviewed each of the 516 documents
5 identified by Plaintiffs, and as a result, agreed to release 91 of those documents to
6 Plaintiffs, leaving 425 documents in dispute.  (*Id.* at ¶ 4.)

7       The Court then held a hearing on March 12, 2008, regarding the remaining 425
8 disputed documents.  Subsequently, on April 14, 2008, Magistrate Judge Moulds issued
9 his ruling granting in part and denying in part Plaintiff's motion to compel the production
10 of the remaining disputed documents.  Magistrate Judge Moulds withheld ruling on
11 Defendants' assertion of the deliberative process privilege and did not compel the
12 production of any documents so privileged.  (April 14, 2008 Order at 3:25-4:3 & fn. 3.)

13       In his April 14, 2008 order, Magistrate Judge Moulds categorized the contested
14 privileged documents into three separate categories in attachments to the order:
15 Attachment A lists those documents to be produced for which Defendants' claim of
16 attorney-client privilege and/or attorney work product was not sustained, Attachment B
17 lists those documents for which Defendants' assertion of privilege was sustained, and
18 Attachment C lists those documents for which the attorney-client and/or attorney work
19 product privileges were not sustained but which are not to be produced because of a
20 pending claim of deliberative process privilege.[2]

21       Defendants seek reconsideration of a limited number of documents -- 45 (out of
22 226) documents[3] -- which were ordered produced under Attachment A to the April 14,
23 2008 order.  These 45 documents are all attorney-client privileged communications of

---

[2] One document, number E00085983, was listed in both Attachment A to be produced and in Attachment C as protected from disclosure due to a pending claim of deliberative process.  Document E00085983 is not expressly challenged by the instant Motion for Reconsideration because Defendants maintain that this document was inadvertently listed in Attachment A, and should only be listed in Attachment C.  Thus, this document may only be subject to production after the Court's ruling on the outstanding claims of deliberative process privilege.
[3] Many of these documents are duplicates of the same communication (as is evidenced by the asterisked items listed in the chart below).

- 2 -

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

1  the type protected from disclosure by well-established legal precedent.  Because
2  Magistrate Judge Moulds' April 14, 2008 ruling contravenes clearly established law by
3  requiring Defendants to produce documents that are protected from disclosure by the
4  attorney-client privilege, Defendants respectfully request that this Three Judge Court
5  reconsider Magistrate Judge Moulds' ruling or, alternatively, stay the order requiring their
6  production.

## II.  LEGAL ARGUMENT

### A.  Standard of Review

The Magistrate Judge's ruling is reviewable by the Three Judge Court upon the request of either party, so long as that request is filed within 10 days after service of the order.  E.D. L.R. 72-303(b).  A magistrate judge's order must be modified or set aside with respect to any part of the order shown to be "clearly erroneous or contrary to law."  *Id*.  Such is the case here, where the Magistrate Judge's order ignores established precedent regarding assertion of privilege.

### B.  Defendants Properly Reviewed and Deemed Privileged the Disputed Documents.

To be protected from disclosure under the attorney-client privilege, the communication must have the following elements present: (1) legal advice is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communication relates to that purpose, (4) the communication was made in confidence, (5) the communication was made by the client, and (6) the privilege was not waived.  *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1492 (9th Cir. 1988).  As the detailed review below of each of the 45 documents confirms, these documents were properly deemed attorney-client privileged communications, and as such, are protected from disclosure.[4]

---

[4] To assist in adjudicating this motion, Defendants will provide an *in camera* copy of the documents for which Defendants seek reconsideration.  Defendants also include document E00085983 in the *in camera* materials for the Court's review.  (*See* fn. 2, above).  This *in camera* copy will be delivered directly to each judge's chambers on Tuesday, April 22, 2008.  *See In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir.

- 3 -

| Document Number | Author/Recipient | Description of Privileged Nature |
|---|---|---|
| E00011245 | From: Jaci-Marie Thompson<br>To: Lisa Tillman, Deputy Attorney General | Ms. Thompson provided her attorney, Ms. Tillman, with information regarding funding for a *Coleman* bed plan. |
| E00082874 | From: Deborah Hysen<br>To: Susan Kennedy, Dan Dunmoyer, Robert Gore, Andrea Hoch, and James Tilton | This is a draft recommendation from the AB 900 Facilities Strike Team to the Governor's Office, including to the Legal Affairs Secretary. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00082860 | From: Joan Petersilia<br>To: Ben Rice | This is an e-mail responding to questions prepared by Ben Rice, Deputy Legal Affairs Secretary, in preparation for drafting a declaration to be submitted to the Court. |
| E00083812* | (same as above) | (same as above) |
| E00048579 | From: Terri McDonald<br>To: Lisa Tillman and others within CDCR and DMH | Lisa Tillman forwarded an e-mail from Plaintiffs' counsel to her clients seeking information from her clients in order to respond to Plaintiffs' counsel's questions. |
| E00047253* | From: Timothy Fishback<br>To: Lisa Tillman and others within CDCR and DMH | This is a string of e-mails between Lisa Tillman and her clients in which Ms. Tillman requests information to respond to a Court order. |
| E00047256* | (same as above) | (same as above) |
| E00047271* | (same as above) | (same as above) |
| E00047453 | From: Lisa Tillman<br>To: Shama Chaiken, Sarah Mangum, Molly Arnold, and others within CDCR and DOF | This is a string of e-mails, initiated by Lisa Tillman to her clients, in which Ms. Tillman seeks to discuss issues raised by Special Master Keating. |

---

1982) (explaining that it is proper to provide documents for *in camera* inspection when a party asserts the attorney-client privilege). Defendants request that this *in camera* copy be sealed and that the Court exercise care in disclosure of the contents of these documents until all avenues of appeal have been exhausted. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 97 (3d Cir. 1992) ("Because of the sensitivity surrounding the attorney-client privilege, care must be taken that, following any determination that an exception applies, the matters covered by the exception be kept under seal or appropriate court-imposed privacy procedures until all avenues of appeal are exhausted.")

- 4 -

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

| Document Number | Author/Recipient | Description of Privileged Nature |
|---|---|---|
| E00047456* | (same as above) | (same as above) |
| E00047489* | (same as above) | (same as above) |
| E00047512 | From: Katie Riley, CDCR Staff Counsel<br>To: Timothy Fishback and others within CDCR | This is a string e-mail initiated by Katie Riley, in which Ms. Riley seeks answers from her clients to certain questions raised in the course of a *Coleman* tour. The reply e-mail from Timothy Fishback provides answers to her questions. |
| E00047820 | From: Timothy Fishback<br>To: Lisa Tillman | This is a string e-mail between Timothy Fishback and Lisa Tillman in which they discuss standards for monitoring in *Coleman*. |
| E00046148 | From: John Dovey<br>To: Shama Chaiken, Mike Stone, CDCR Staff Counsel, and others within CDCR | This is a string-email in which John Dovey asks Mike Stone, CDCR staff counsel, his opinion of a discussion that took place regarding classification scores. |
| E00045983 | From: Lisa Tillman<br>To: Brigid Hanson, Jim Tilton, and others within CDCR and DMH | This is an e-mail in which Lisa Tillman provides and update to her clients regarding a letter from Special Master Keating and also provides advice to comply with the letter. |
| E00045948 | From: Lisa Tillman<br>To: Shama Chaiken | This is an e-mail in which Lisa Tillman asks her client to provide her with information to be included in a declaration. |
| E00044626 | From: Lisa Tillman<br>To: Kathy Olson, Mike Stone, Nancy Bither, and others within CDCR | This is an e-mail in which Lisa Tillman asks her client to prepare responses to certain questions relating to inmate monitoring. |
| E00044272 | From: Shama Chaiken<br>To: Doug McKeever and Lisa Tillman | This is an e-mail in which a CDCR employee seeks clarification from her attorney, Lisa Tillman, regarding institution monitoring. |
| E00030578 | From: Ann Boynton<br>To: Stephen Mayberg, and Frank Furtek, Chief Counsel at CHHS | This is an e-mail (and subsequent string of e-mails, below) from the Undersecretary of CHHS to the Director and Staff Counsel at CHHS regarding personnel devoted to complying with a long-term bed plan. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' |

- 5 -
Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

| Document Number | Author/Recipient | Description of Privileged Nature |
|---|---|---|
| | | counsel. |
| E00030579* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030577* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030576* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030575* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030574* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030573* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030572* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April |

- 6 -
Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

| Document Number | Author/Recipient | Description of Privileged Nature |
|---|---|---|
| | | 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00030571* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00028979 | From: Jaci-Marie Thomson<br>To: Ben Rice | This is an e-mail to the Deputy Legal Affairs Secretary at the Governor's Office requesting the Governor's Office's position regarding seeking court approval of a bed plan. |
| E00028654 | From: Karen Finn<br>To: Ben Rice, Deputy Legal Affairs Secretary at the Governor's Office, and others within DOF | This is an e-mail responding to the Deputy Legal Affairs Secretary's questions regarding funding for mental health beds. |
| E00028650* | (same as above) | (same as above) |
| E00028651* | Attachment to above e-mail | Attachment provides answers to Deputy Legal Affairs Secretary's questions regarding funding for mental health beds. |
| E00084308 | From: Bob Gore<br>To: Susan Kennedy, Andrea Hoch, and others within the Governor's Office | This is a critical issue briefing sent from the Acting Deputy Chief Cabinet Secretary to the Legal Affairs Secretary and others. |
| E00084449 | From: Bob Gore<br>To: Susan Kennedy, Dan Dunmoyer, and Andrea Hoch | This is a critical issue briefing sent from the Acting Deputy Chief Cabinet Secretary to the Legal Affairs Secretary and others. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084450 | From: Bob Gore<br>To: Susan Kennedy, Andrea Hoch, Dan | This is a critical issue briefing sent from the Acting Deputy Chief Cabinet Secretary to the Legal Affairs Secretary and others.  This |

| Document Number | Author/Recipient | Description of Privileged Nature |
|---|---|---|
| | Dunmoyer, and Adam Mendelsohn | document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084453 | From: Bob Gore To: Susan Kennedy, Andrea Hoch, Dan Dunmoyer, and Chris Kahn | This is a critical issue briefing sent from the Acting Deputy Chief Cabinet Secretary to the Legal Affairs Secretary and others. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084455 | From: Bob Gore To: Susan Kennedy, Dan Dunmoyer, and Andrea Hoch | This is a critical issue briefing sent from the Acting Deputy Chief Cabinet Secretary to the Legal Affairs Secretary and others. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084456 | From: Bob Gore To: Susan Kennedy, Dan Dunmoyer, and Andrea Hoch | This is a critical issue briefing sent from the Acting Deputy Chief Cabinet Secretary to the Legal Affairs Secretary and others. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084574 | From: Michael Saragosa, Deputy Cabinet Secretary To: Andrea Hoch and other members of Cabinet | Attachments to e-mail regarding potential prison reform proposals that are protected from disclosure by the attorney-client and deliberative process privileges. This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |

- 8 -

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

| Document Number | Author/Recipient | Description of Privileged Nature |
|---|---|---|
| E00084575* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084576* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00084577* | (same as above) | (same as above)  This document should also be listed in Attachment C to the April 14, 2008 order as Defendants previously asserted application of the deliberative process privilege in either their privilege logs or in the course of meeting and conferring with Plaintiffs' counsel. |
| E00085393 | From: Sarah Mangum<br>To: Molly Arnold, Chief Counsel DOF | This is an e-mail string regarding recommendations to a bed plan report. |
| E00097579 | From: Jay Sturges<br>To: Ben Rice | This is an e-mail regarding the Governor's Office's plans to seek funding. |
| E00097584* | (same as above) | (same as above) |

\* These documents are related in that they are all part of the same string of communication (but for purposes of document review and production, each have a different document number)

As the above descriptions demonstrate, Defendants properly applied the attorney-client privilege only in instances in which information was transmitted between Defendants' clients and one or more of their attorneys in the expectation of giving or receiving confidential legal advice in furtherance of that relationship.  Such communication is within the bounds of the attorney-client privilege and should be protected from disclosure.  *See Admiral Ins. Co.*, 881 F.2d at 1492.  Because the above documents are in fact attorney-client privileged communications, Defendants respectfully

- 9 -

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

request that this Three-Judge Court reconsider Magistrate Judge Moulds' April 14, 2008 order with respect to the above 45 documents and sustain Defendants' assertion of the attorney-client privilege.

### C. Magistrate Judge Moulds' Order is Contrary to the Law and Well Established Public Policy.

The attorney-client privilege is the oldest of the privileges protecting confidential communications, and was designed to encourage full and honest discussions between attorneys and their clients with the goal of promoting the broader public interest in the observance of law and administration of justice. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). Consistent with the sanctity afforded the attorney-client privilege, the Ninth Circuit has held that the "advantages of preserving the privilege outweigh the inescapable disadvantages of the resultant secrecy." *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1492 (9th Cir. 1988).

In his April 14, 2008 order, Magistrate Judge Moulds vitiates Defendants' assertion of the attorney-client privilege for the above documents without providing a specific explanation as to why the privilege does not apply, with the exception of three documents challenged above: E00082860, E00083812, E00045948. With respect to documents E00082860 and E00083812 (both are the identical communication), the Magistrate Judge determined that the document "does not contain any communication protected by the attorney-client privilege." (April 14, 2008 Order at 9:15-17.) This determination ignores the fact that Ben Rice, the Deputy Legal Affairs Secretary, sought information from his client in preparation for drafting a declaration to submit to the court, and that the reply e-mail provided him with the necessary information to draft the declaration. Similarly, in document E00045948, Deputy Attorney General Lisa Tillman asks her client to provide her with information to be included in a declaration. These are precisely of the type of communication contemplated by the Supreme Court in *Upjohn* which must be afforded due protection.

Aside from these three documents, the Magistrate Judge's order fails to

- 10 -

Defs.' Request for Reconsideration
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1438846.2

specifically identify why the remaining documents must be produced. The order merely states that the court's findings "with respect to the applicability of the attorney-client privilege for each of these documents are set forth on the list attached to this order." (April 14, 2008 Order at 9:20-21.) The order, however, fails to provide any explanation as to why these certain documents are being ordered produced. On the other hand, as the above descriptions demonstrate, each of the 45 communications seek or provide confidential legal advice in furtherance of the attorney-client relationship. Accordingly, each of the 45 documents were appropriately designated as privileged communications and must therefore be protected from disclosure and this Three-Judge Court should grant defendants' motion for reconsideration.

### III.   CONCLUSION

As indicated above, the 45 documents for which Defendants seek protection from disclosure fall squarely within the bounds of attorney-client privileged communication. Defendants therefore respectfully request that this Court reconsider and set aside Magistrate Judge Moulds' April 14, 2008 order compelling the production of various attorney-client and attorney work product privileged documents. Alternatively, Defendants respectfully request that this Court stay the order.

DATED: April 21, 2008                              HANSON BRIDGETT LLP

                                                   By:     /s/ Paul Mello
                                                   PAUL MELLO
                                                   Attorneys for Defendants Arnold
                                                   Schwarzenegger, et al.

DATED: April 21, 2008                              EDMUND G. BROWN JR.

                                                   By:     /s/ Rochelle East
                                                   ROCHELLE EAST
                                                   Supervising Deputy Attorney General
                                                   Attorneys for Defendants Arnold
                                                   Schwarzenegger, et al.

- 11 -