MATTHEW L. CATE
Inspector General
BARBARA L. SHELDON, State Bar No. 137740
Chief Counsel
TAMARA M. COLSON, State Bar No. 190223
 3927 Lennane Drive, Suite 220
 P.O. Box 348780
 Sacramento, CA 95834
 Telephone:  (916) 830-3600
 Fax:  (916) 928-5996

Attorneys for Non-Party California Office of the Inspector General

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al. | Case No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | THREE-JUDGE COURT |
| v. | |
| ARNOLD SCHWARZENEGGER, et al. | |
| Defendants. | |
| MARCIANO PLATA, et al., | Case No.: C01-1351 TEH |
| Plaintiffs, | THREE-JUDGE COURT |
| v. | |
| ARNOLD SCHWARZENEGGER, et al. | OFFICE OF THE INSPECTOR GENERAL'S OPPOSTION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE OFFICE OF THE INSPECTOR GENERAL'S UNREDACTED REPORT RE: SCOTT THOMAS |
| Defendants. | |

I.

INTRODUCTION

Plaintiffs' filed their Motion to Compel Production of the Office of the Inspector

General's Unredacted Report Re: Scott Thomas (Motion) after the Office of the Inspector

-1-

General (OIG) objected to their subpoena for the "OIG's confidential, unredacted report on CSP-San Quentin's release of Scott Thomas to parole on 5/18/07." The confidential report sought by Plaintiffs contains medical, including mental health, information regarding Mr. Thomas and the OIG's conclusions utilizing such information. The subpoenaed information is confidential pursuant to both federal and state law. Therefore, the Motion should be denied. If the court is considering granting the Motion, the OIG respectfully requests that the court review the requested report *in camera* to determine what portions must be provided, then issue a protective order limiting the use of the information to this proceeding and deeming it a sealed portion of the record.

II.

FACTUAL BACKGROUND

The OIG issued a public and a confidential version of its Special Review into the California Department of Corrections and Rehabilitation's Release of Inmate Scott Thomas. See Declaration of Barbara Sheldon in Support of the Office of the Inspector General's Opposition to Plaintiffs' Motion to Compel Production of the Office of Inspector General's Unredacted Report Re: Scott Thomas (Sheldon Decl.), ¶ 2. The confidential version was provided to Governor Schwarzenegger and Secretary Tilton pursuant to Penal Code section 6126, however, has not been publicly disclosed. *Id.*

Plaintiffs' counsel, Lisa Ells, issued a subpoena requesting the confidential version of the report. Sheldon Decl. at ¶ 3; Declaration of Amy Whelan in Support of Plaintiffs' Motion to Compel the Production of the Office of the Inspector General's Unredacted Report Re: Scott Thomas (Whelan Decl.), ¶ 2, Exhibit A. In response to the subpoena, OIG counsel sent Plaintiffs' counsel a letter dated April 7, 2008, objecting to the subpoena because the information requested is confidential and privileged. Sheldon Decl. at ¶ 3; Whelan Decl. ¶ 3, Exhibit B. Subsequently, OIG counsel met and conferred with Ms. Whelan and explained that the information requested could not be produced in response to the subpoena because it was confidential and privileged, and pursuant to Penal Code section 6126.4 it is a misdemeanor to release such information. Sheldon Decl. at ¶ 3; Whelan Decl. ¶ 4. OIG counsel also informed

-2-

Ms. Whelan that the two protective orders provided with the subpoena were insufficient because one applies to records of the California Department of Health Services and the other applied to records of the California Department of Corrections and Rehabilitation. *Id*. Ms. Whelan informed OIG counsel that Plaintiffs' counsel has access to the medical, including mental health, information contained in the confidential report; however, Plaintiffs seek the OIG's conclusions. *Id*.

According to the Declaration of Michael W. Bien in Support of Plaintiffs' Motion to Compel Production of the Office of the Inspector General's Unredacted Report Re: Scott Thomas (Bien Decl.), Plaintiffs' counsel has met and conferred with defense counsel to obtain the confidential report. Bien Decl. at ¶ 4. However, defendants are not the custodian of the OIG's report and did not receive it as defendant in this case. It was produced in confidence to the Governor and Secretary only based on a provision of California Penal Code allowing for such disclosure. Sheldon Decl. ¶ 2. Therefore, it is improper for Plaintiffs to pursue the report through discovery from defendants.

During a conference call on April 16, 2008, which included the court staff and representatives from all parties, Plaintiffs' counsel and the OIG's Chief Counsel agreed that Plaintiffs would file their motion to compel on or before April 18, 2008; the OIG would file its opposition on or before April 23, 2008; and then the matter would be submitted on the briefs. Sheldon Decl. at ¶ 4.

III.

ARGUMENT

A. Disclosure of Confidential Information Maintained by the Office of the Inspector General is a Misdemeanor.

Pursuant to California Penal Code section 6126.4 "[i]t is a misdemeanor for the Inspector General or any employee or former employee of the Inspector General to divulge or make known in any matter not expressly permitted by law to any person not employed by the Inspector General any particulars of any record, document or information the disclosure or which is

restricted by law from release to the public. . ."  As more fully discussed below, the confidential report sought by the subpoena contains information protected from public disclosure by both federal and state law.  Therefore, the Office of the Inspector General cannot produce the confidential report sought by the subpoena without subjecting itself to criminal sanctions.

B.  <u>The Requested Information is Confidential Pursuant to Federal Law</u>.

The United States Supreme Court has recognized a federal constitutional right to privacy that encompasses the individual's interest in avoiding the disclosure of personal matters. *Whalen v. Roe*, 429 U.S. 589, 599 (1977). This right includes medical information. See *id.*; *Caesar v. Mountanos*, 542 F.2d 1064, 1067 n. 9 (9th Cir. 1976).  In *Powell v. Schriver*, 175 F.3d 107, 111-112 (2nd Cir. 1999), the court found that prisoners maintain this constitutional right; thus, the confidentiality of prisoner medical information must be maintained unless disclosure is reasonably related to legitimate penological interests. Therefore, the following factors must be balanced to determine whether the governmental interest in obtaining the information outweighs the individual's privacy interest: (1) the type of information requested, (2) the potential harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *Tucson Women's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004).

Moreover, the confidential report contains protected health information under the Health Insurance Portability and Accountability Act (HIPAA).  45 C.F.R. §§ 164.500, et seq.  HIPAA defines "protected health information" as relating "to the past, present, or future physical or mental health condition of an individual; the provision of health care to an individual; or the past, present or future payment for the provision of health care to an individual." 45 C.F.R. §160.103. If such records are requested by a subpoena, the subpoenaing party must provide "satisfactory assurances" in writing that: a good faith attempt has been made to provide notice to the subject of the records; such notice was made in sufficient time for the individual to make objections in court; the time for objections has elapsed; and either no objections were filed or the objections have been resolved and the disclosure is consistent with the resolution of the objections. 45

-4-

C.F.R. § 164.512(e). Or, in the alternative, satisfactory written assurances must be provided that the subpoenaing party has made reasonable efforts to secure a qualified protective order. *Id*. Additionally, HIPAA requires a prior written authorization for disclosure of medical records related to mental health. 45 C.F.R. §164.508.

Despite Plaintiffs' assertions in their Motion, the OIG cannot simply disregard HIPAA and the constitutional right to privacy in response to their subpoena. Plaintiffs have not established compliance with HIPAA. See Motion. Further, Plaintiffs' fail to establish that their interests in obtaining the confidential information sought outweighs Mr. Thomas' right to privacy. Plaintiffs do not clearly articulate how information related to medical condition and release of this one inmate is relevant to the panel proceedings related to overcrowding, other than to assert without authority that the inmate was in an "overcrowded reception center." Motion at 1:21 – 2:3. Moreover, Plaintiffs claim they have access to the medical and mental health information that is contained in the confidential report and pursue the report to obtain conclusions drawn by the OIG to which the medical information was critical. Sheldon Decl. at ¶ 3. Plaintiffs provide no information regarding how or why the OIG's conclusions regarding the release of inmate Thomas to parole is relevant to the Three-Judge Court proceedings. Motion at 1:11 – 2:3.

C. The Requested Information is Confidential Pursuant to State Law.

Although state law does not determine whether information is discoverable in a federal court action, federal courts have looked to state law for guidance regarding privileges. *Jaffee v. Redmond*, 518 U.S. 1, 12-13 (1996). Despite Plaintiffs' contention otherwise, the OIG cannot simply disregard its obligations to abide by state law, especially California Penal Code section 6126.4, which criminalizes the inappropriate disclosure of OIG records.

California Evidence Code section 1040 protects official information from disclosure. Official information is defined as "information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the privilege is made." The information contained in the confidential report meets the criteria for official information and the OIG asserts this privilege.

OIG's Opposition to Plaintiffs' Motion to Compel         Case Nos. Civ S90-0520 LKK-JFM P & C01-1351 TEH

Official information is privileged if its disclosure is forbidden by federal or state statute. Cal. Evid. Code § 1040(b)(1). As previously discussed, California Penal Code section 6126.4 prohibits the disclosure of the confidential information maintained by the OIG and federal law deems medical information confidential. Like the federal constitution, the California state constitution recognizes a similar right to privacy. Cal. Const., art. 1, sec. 1. California Evidence Code sections 994 and 1014 recognize physician-patient and psychotherapist-patient privileges; therefore, information related to treatment received while at the California Department of Corrections and Rehabilitation would be privileged. Further, California Civil Code section 1798.24 prohibits a state agency from disclosing personal information regarding an individual and California Government Code section 6254(c) exempts medical information from public record status.

The confidential report is also conditionally privileged under California Evidence Code section 1040(b)(2) as disclosure of the information is against the public interest because the necessity for preserving the confidentiality of the information outweighs the need for the disclosure. There is no dispute that medical information is highly confidential. Motion 6:2-9. Plaintiffs have failed to establish that the medical information related to this one inmate and the conclusions that the OIG has drawn based on that information is highly relevant to the matter in front of the Three-Judge Court. Moreover, Plaintiffs' assertion that *White v. Superior Court*, 126 Cal. Rptr. 2d 207 (Cal. App. Dept. Superior Court 2002) establishes that information maintained by the OIG is not privileged is incorrect. In that case, the court examined whether information related to the credibility of the investigating officer in a criminal proceeding was discoverable. The court found the information to be confidential but not privileged, then conducted a balancing test. *Id.*

As discussed above, medical information and the OIG conclusions which utilize the information are both privileged and confidential. Therefore, the OIG should not be compelled to produce the confidential version of the report.

///

///

-6-

D. <u>Before Granting the Motion, the OIG Respectfully Requests that the Court Review the Confidential Report *In Camera* and, if Disclosure is Ordered, Issue a Protective Order</u>.

Plaintiffs do not dispute that the information sought by the subpoena is confidential information related to Mr. Thomas.  Motion at 6:2-9.  Therefore, as discussed above, the Motion should be denied.  However, if the Court is inclined to grant the Motion, the OIG respectfully requests that the Court review the confidential report to determine if the information contained therein is in fact highly relevant as Plaintiff asserts.  If the Court finds that the confidential report or any information contained therein is highly relevant to the matter before the Court, the OIG respectfully requests that the use of the information be subject to a protective order which limits the use of the information to the proceeding for which it was requested and requires that is be a sealed portion of the Court's records.

IV.

CONCLUSION

Medical information related to Mr. Thomas and the OIG conclusions which utilize this information are confidential and privileged pursuant to both federal and state law.  Plaintiffs' have failed to establish that this information is so highly relevant to the case at hand that disclosure of this information is warranted.  Therefore, the OIG respectfully requests that the Motion be denied.  If the Motion is not denied, the OIG respectfully requests that the Court conduct an *in camera* review before ordering any disclosure, and if disclosure is ordered, that the Court issue a protective order.

Respectfully submitted,

MATTHEW L. CATE
Inspector General

BARBARA L. SHELDON
Chief Counsel

By_____

DATED: April 23, 2008        TAMARA M. COLSON
                             Special Assistant Inspector General

Attorneys for Non-Party Office of the
Inspector General

-7-