James Hampton P23654
C.S.P.-L.A. County /A5-103
P.O. Box 4430
Lancaster, Ca 93539-4430
Plaintiffs in Pro Se

RECEIVED MAR 31 2008 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

FILED APR - 8 2008 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

In The United States District Court
For The Eastern District of California

Ralph Coleman, et al.,
Plaintiffs,

v.

Arnold Schwarzenegger,
Defendant.

No: CV-S-90-0520 LKK JFMP
Motion For Declaratory and Injunctive Relief (EXIGENT CIRCUMSTANCES).

Plaintiffs as a class of state prisoners with serious mental disorders proceeding in Pro Se seeking a contempt order against California State Prison Los Angeles County in Lancaster, California. Senior Psychologist Walsh, and Warden F.B. Haws. For the torture, and neglect of mental health patients regardless of Court-order to cease doing so. Institutionalization of clinical staff with a culture of acceptance of by turning a blind eye acting under a cover of immunity cause Los Angeles County refuses to process inmate appeals thus denying inmates access to the courts violating our first amendment rights.

(1)

1) Plaintiff, James Hampton, is a mental health class member, under the jurisdiction of mental health doctor Walsh, and F.B. Haws (Warden) similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure (FRCP).

2) The unsafe conditions and the conscious parallelism by mental health staff with custody staff's cruel and unusual racial hate attacks without cause or lawful authority, of mainly black inmates, and the deliberate indifference shown by doctors Walsh, and those under him with Doctor Walsh as supervisor psychologist here at Los Angeles County.

3) Plaintiffs are informed and thereon allege that defendants violate and fail to comply with the requirements of State law, including but not limited to California Penal Code (PC) §§ 147, 673, 2650-2652, Cal. Constitution Art. I §§ 15, 17, and violate the federal constitution U.S. Constitution Amendment 8th. Additionally, the duties under the Cal. Constitution Article I, § 26 are mandatory and prohibitory, as well as the U.S. Constitution 8th Amendment, proscribe cruel and unusual punishment and use of excessive force.

4) Plaintiffs are informed and believe, thereon allege that as a consequence of doctor Walsh unconscionable and illegal failures to report the evidence of inhumanity (excessive force use upon mental health inmates) by staff, and their failure to provide adequate mental health counseling to abuse african american inmates because of parallelism with custodies racial hate of black inmates. Plaintiff's class are decompensating.

(2)

5) Los Angeles County has not complied with Court-order to allow inmates one appliance in administrative segregation. Punishing mentally ill inmates for using grievances against them. There excuse was there is no electricity in cells but when new vents where put in they used plugs in between the cells.

6) The conduct complained of herein was and is undertaken pursuant to policies, practices and customs of California State Prison Los Angeles County mental health staff doctor Walsh, and F.B. Haws (Warden) has in conflect with corruption, and was proximately cause, sanctioned, ratified and/or approved by each of the individuals defendants named herein.

7) In subjecting plaintiff to unlawful and unconstitutional conditions of confinement. Defendants, and each of them deprived plaintiffs and class members of their substantive due process rights, thereby entitling them to bring suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief.

8) In subjecting plaintiffs to improper unconstitutional conditions of confinement, defendants, and each of them denied plaintiffs there liberty under state and federal law without procedural due process, thereby entitling them to bring suit for declaratory and injuctive relief pursuant to 42 U.S.C. § 1983.

9) As a direct and proximate cause of the aforementioned act of defendants Walsh and F.B. Haws, plaintiffs and class members are entitled to the relief sought

Second Cause of Action

8th Amendment

(3)

(8th Amendment. 42 U.S.C. §1983)
(The class representatives individually and on behalf of the class against all defendants).

10) Plaintiffs restate and incorporate by reference the foregoing paragraph as if each paragraph was fully set forth therein.

11) The conduct complained of herein was undertaken pursuant to the policies, practices and customs of CSP-LAC mental health, and was and is proximately caused, sanctioned, ratified and/or approved by each of the individual defendants.

12) In subjecting plaintiffs and the class members to improper and unconstitutional conditions of confinement, defendants, and each of them deprived plaintiffs and the class members of their constitutional rights to be free from cruel and unusual punishment in violation of the 8th Amendment to the U.S. Constitution and state law, thereby entitling them to bring suit for declaratory and injunctive relief pursuant to 42 U.S.C. §1983.

13) As a direct and proximate caused of the aforementioned acts of defendants, plaintiffs and the class members are damaged to the degree to be determined at trial.

Third Cause of Action
CAL. Const. Art. I §§ 15, 17

14) Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

15) In subjecting plaintiffs and the class members to unlawful and unconstitutional conditions of confinement defendants, and each of them deprived plaintiffs and the class members of their Calif.

(4)

constitutional rights to be free from cruel and unusual punishment in violation of Article I §17 and due process of law in violation of Article I §13, thus entitling plaintiffs and the class members to obtain declaratory and injunctive relief under Calif. Constitution.

16) Any violation of a California Constitutional Provision constitutes the violation of a mandatory duty under Article I §26 of the Calif. Constitution, thereby negating any State law immunity. Additionally the acts of agents or employees in implementing the policies complained of herein constitute ministerial acts for which no state law immunity is available.

### Fourth Cause of Action
### Cal. Penal Code §§ 147, 673, 2650-52

17) By engaging in excessive use of force, inhumanities to plaintiffs, causing, sanctioning and approving the conduct complained of herein above, defendants Walsh and P.B. Haws violated plaintiffs and class members federally and state law protected rights including but not limited to:

A.) Cruel and unusual punishment in violation of California Constitution Article I, §17 and due process of law in violation of California Constitution Article I §15

B.) Criminal infliction of prohibited injury to prisoner, in violation of California Constitution, and Penal Code §§ 2650, 2651, 2652, 147, and 673

C.) Unlawful confect to violate state statutes in violation of 18 U.S.C. §241 and 242, conspiracy.

(5)

## Fifth Cause of Action
### Criminal Negligence

18) The defendants Walsh, and F.B. Haws individually have a duty to provide plaintiffs and class members reasonable and adequate mental health assistance, and have a present continued duty and obligation under Business and Professions Code and state statutes to report unlawful injuries of prisoners and inhumane conditions or confinement to proper authorities, but instead going to a "Code of Silence. Thus subjecting plaintiffs and/or causing them to be subject to illegal unlawful unconstitutional conditions of confinements.

19) By engaging in, concealing, sanctioning and approving the conduct complained of herein, the individual defendants conduct fell below those minimum, mandatory standards under Title 15. Cal. Admin. Code §§ 3268, 3268.1, 3270, 3271, 3278, 3291, 3317, 3350-3359, 3360, 3369.1, 3382, 3391. Title 15 is an enactment within the meaning of Government Code § 815.6.

20) By engaging in, causing, concealing, sanctioning and approving the conduct complained of herein, the individual defendants and conduct and each of them violated the cruel and unusual punishment clause of the Calif. Constitution Article I, §17, and due process of law in violation of Calif. Constitution Article I §15, as well as the parallel clauses of the United States Constitution.

(6)

# PRAYER FOR RELIEF

Wherefore plaintiffs see judgement as follows:

A. Declaratory judgement that defendants actions violate state and federal laws.

B. A preliminary and permanent injunction commanding defendants, C.S.P.-L.A.C., mental health, and doctor Walsh and F.B. Haws (Warden), and each of them to take measures that report unlawful treatment of prisoner, and to cease and desist confecting the corrupt inhumanities by staff upon plaintiffs and to provide plaintiffs adequate mental health in safe conditions, including but not limited to the following which is only sample measures that should be implemented:

1. When several mental health inmates disclose that custody staff create fiction e.g. "he spit on me," "he resisted" to use a guise to unlawfully pepper spray inmates or use force, report such staff misconduct to investigating agencies.

2. Personally observe the escorts by custody of mental health inmates.

3. Report incidents of mental health inmates being deprived food and clothing.

4. Cease and desist mental health units of institutionalization of clinical staff culture of acceptance of, and higher tolerance for pathology and decompensation of inmates, that outside institutional setting would not be tolerated.

5. Plaintiffs ask that a investigator be appointed to make sure Los Angeles County State prison comply to a Court-order granting Plaintiffs one appliance in Administrative Segregation. Plaintiffs also seek a compel order.

(7)

6. Assure that mental health patients who need medical treatment and medications obtain the same.

7. Secure the by-polar inmate mental health patients are not being abused by custody staffs lack of understanding of symptoms of their mental illnesses surface, and are used by custody staff to abuse inmates.

8. Report the racial disparity of use of force applications between non-black and black inmates.

9. Report the pattern of force applied upon inmates by the select custody officers who employ force only when select sargeants are on duty (2nd Watch), but not when sargeants are 2 day a week instead of 5 days, as indication of conciousness by custody staff, that their illegal use of force is only sanctioned by particular sargeants.

10. Provide mental health inmate patients with quality mental health staff providers that vulnerable and psychologically unstable inmates can trust such that they can be forthcoming in a manner that the skills of the treating staff can be effective.

11. Engage one or more monitors under court supervision whose job it is to ensure the implementation of policies and procedures that coinside with the statutes and constitutional provions and laws cited above herein as it relates to the allegations averred herein above, and to report on the status of such efforts to the court and public.

12. Report are retaliation against any plaintiff whether under the guise of any disciplinary or otherwise.

Demand For Jury Trial

(8)

Plaintiffs, on behalf of themselves individually, and on behalf of the class demand a jury trial.

I, James Hampton, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 21, 2008

Respectfully submitted
*James Hampton*
James Hampton in Pro Se

## ACKNOWLEDGMENT OF MAILING

I, _James Hampton_, am a resident of California State Prison – Los Angeles County (LAC) at Lancaster, county of Los Angeles, California, and I am at least 18 years of age. My mailing address is California State Prison – Los Angeles County, Facility _A_, Building _5_, Bed _103_, P.O. Box _4430_, Lancaster, California 93536.

On _March 25_, 20_08_, I mailed a true and correct copy of the following document(s): *(YOU DO NOT HAVE TO GO INTO DETAIL ABOUT THE DOCUMENTS)*

_Motion to Eastern District_

On each party listed below by placing it in an envelope, with adequate postage or provided, and by depositing said envelope in a box for the United States Mail at LAC, 44750 60th Street West, Lancaster, California 93536.

This copy is being mailed to:

_Eastern District of California_
_1130 O st. #5000_
_Fresno, Ca 93721_

I have additional copies to:

There are regular delivery services by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: _3-25_ 20_08_, at Lancaster, California 93536.

Signed: _James Hampton_, CDC# _P23654_

---

**LAC MAILROOM ACKNOWLEDGMENT OF MAILING**
DATED: _____
SIGNED: _____

---

**Revised:** February 8, 2005