EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
CHARLES ANTONEN – State Bar No. 221207
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5443
Facsimile:  (415) 703-5843
Charles.Antonen@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No.  2:90-cv-00520 LKK JFM<br><br>**THREE-JUDGE COURT**<br><br>To:  **Magistrate Judge Moulds** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**JOINT STATEMENT REGARDING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

- 1 -

With respect to the six questions identified in the Court's April 1, 2008 Order, the parties submit the following joint statement.

**QUESTION 1:**

Whether or not the existing protective orders in *Coleman* and *Plata* apply to documents produced in the instant proceedings.

**Defendants' Statement.**

Yes, the existing protective orders in *Coleman* and *Plata* apply to documents produced in the instant proceedings because the parties stipulated to abide by these protective orders.

**Intervenors' Statements.**

The District Attorney, California State Republican Assemblymember, California State Republican Senator, Sheriff, Probation, Police Chief, and Corrections Intervenors (collectively District Attorney, Legislator, and Sheriff Intervenors) concur with Defendants' statement.

The Santa Clara, Solano, San Mateo, and Santa Barbara County Intervenors (collectively County Intervenors) do not take a position on this issue.

The County of Sonoma, Sonoma County Sheriff, Sonoma County District Attorney, and Sonoma County Probation Officer Intervenors (collectively Sonoma County Intervenors) do not take a position on this issue.

Intervenor California Correctional Peace Officer's Association (CCPOA) concurs with Plaintiffs' statement.

**Plaintiffs' Statement.**

The existing protective orders in *Coleman* and *Plata* apply to documents produced in the instant proceedings because they are proceedings that are part of the *Coleman* and *Plata* cases. The *Plata* protective order states that it applies to records "which are produced by defendants in informal and/or formal discovery in this action." 4/3/03 Stipulation and Protective Order at 2:4-5 (*Plata* Doc. No. 125). The *Coleman* protective order states that it applies to records "which are obtained in this action by counsel for plaintiffs." 1/12/07 Modified Protective Order at 1:19-20 (*Coleman* Doc. No. 2109). The proceedings at bar are part of the *Coleman* and *Plata* actions. Prior to the sharing of discovery documents, both Plaintiffs and Defendants requested that

- 2 -

1    Intervenors agree to abide by the existing protective orders, indicating both parties' understanding

2    that the protective orders apply to the Three-Judge Court proceedings.  Declaration of Lori Rifkin

3    in Support of Joint Statement Regarding Defendants' Motion for a Protective Order ("Rifkin

4    Decl.") ¶¶2-3.

5          As Plaintiffs argued in Plaintiffs' Opposition to Defendants' Motion for a Protective

6    Order, filed March 26, 2008, ("Plaintiffs' Opposition"), Defendants seek to draw a false

7    distinction in their motion between the Three-Judge Court proceedings and the *Coleman* and

8    *Plata* actions for the illegitimate purpose of limiting Plaintiffs' use of discovery.  Pls.' Opp. at 8-

9    14.  However, Defendants fail to offer any legal rationale for the conclusion that the proceedings

10   before the Three-Judge Court constitute a separate action or case from the *Coleman* and *Plata*

11   cases.

12         The Three-Judge Court proceedings are simply ancillary proceedings to address the issue

13   of a "prisoner release order" as part of a remedy for the ongoing constitutional violations in each

14   case.  *See Hamilton v. Nakai*, 453 F.2d 152, 160 (9th Cir. 1972) (in cases proceeding before both

15   three-judge courts and single district court judges, single district court judge retains power to

16   enforce three-judge court orders because "the action before the respective courts was the same;

17   the second proceeding was merely ancillary to the main action.").  Plaintiffs moved before the

18   District Courts in *Coleman* and *Plata* for prisoner release orders as parts of the remedies in the

19   *Coleman* and *Plata* cases, as the PLRA requires.  *See* 18 U.S.C. § 3626(a)(3).  Because the PLRA

20   also mandates that this relief be granted only by a three-judge court, comprised of the single judge

21   of the district court and two additional judges, the *Coleman* and *Plata* District Courts separately

22   referred consideration of the motions for a prisoner release order to a Three-Judge Court.  *Id.*  The

23   convening of this Three-Judge Court did not divest the District Courts of jurisdiction, nor did it

24   create a new action or case.  *Cf. Jacobs v. Tawes*, 250 F.2d 611, 614 (4th Cir. 1957) ("The court

25   of three judges is not a different court from the District Court, but is the District Court composed

26   of two additional judges sitting with the single District Judge before whom the application for

27   injunction has been made . . . . The purpose of the requirement of three judges for the hearing of

28   such a case is prevent the improvident invalidation of state legislation by action of a single

- 3 -

1  judge.")  The PLRA requires three judges for the issuance of a prisoner release order, but that

2  procedural requirement does not divorce the Three-Judge Court proceedings from the underlying

3  cases or transform them into separate matters.  Defendants' arguments to the contrary have no

4  basis in law or reason.

5

6      **QUESTION 2:**

7          The role and position of the various intervenors, with the exception of the CCPOA-

8  intervenors, vis a vis the plaintiffs' and defendants' various requests for protective orders in the

9  instant proceedings.

10         **Intervenors' Statements.**

11         The District Attorney, Legislator, and Sheriff Intervenors have no position on the requests

12  for protective orders in the instant proceeding other than what has been articulated in these

13  proceedings by Defendants.

14         The County Intervenors do not take a position on this issue.

15         The Sonoma County Intervenors do not take a position on this issue.

16         Intervenor CCPOA concurs with Plaintiffs' statement.

17         **Plaintiffs' Statement.**

18         On April 13, 2008, Plaintiffs' counsel sent an e-mail to counsel for all parties attaching

19  and summarizing the Magistrate Judge's April 1, 2008 order and the parties' previous briefing on

20  Defendants' motion, outlining Plaintiffs' position as to this Court's questions, and requesting the

21  Intervenors' participation in the Joint Statement.  Rifkin Decl.¶ 4, Exh. B.  As of Plaintiffs'

22  submission of this statement, Plaintiffs are not aware of any response to the Court's questions

23  from the Intervenors.  Rifkin Decl. ¶ 4.

24         However, all parties to the actions have previously agreed to abide by the existing

25  *Coleman* and *Plata* protective orders.  Following the Three-Judge Court's February 8, 2008 Order

26  consolidating the proceedings regarding a prisoner release order, all parties participated in a series

27  of discovery conferences pursuant to the Magistrate Judge's order.  During these conferences,

28  counsel for all Intervenors represented that they would abide by and sign written

JOINT STATEMENT REGARDING DEFS.' MOT. FOR A PROTECTIVE ORDER
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1   acknowledgements of the existing *Coleman* and *Plata* protective orders.  Rifkin Decl. ¶ 2.

2   Additionally, Defendants' counsel has also represented to Plaintiffs' counsel that they previously

3   requested and received agreement from all Defendant-Intervenors to abide by the existing

4   *Coleman* and *Plata* protective orders.  Rifkin Decl. ¶ 3.

5           To date, counsel for all Intervenors, with the exception of Sonoma County and San Mateo

6   County Intervenors, have returned signed acknowledgements of those protective orders.  Rifkin

7   Decl. ¶3.  Attached as Exhibit A to the Rifkin Declaration are executed acknowledgements of the

8   *Coleman* and *Plata* protective orders by counsel for CCPOA Intervenors, counsel for Santa Clara,

9   Solano, and Santa Barbara County Intervenors, counsel for Republican Assembly and Republican

10  Senate Intervenors, counsel for District Attorney Intervenors, and counsel for the Sheriff,

11  Probation, Police Chief, and Corrections Intervenors.

12

13          **QUESTION 3:**

14          The position of all intervenors with respect to the application to them of the existing

15  protective orders in *Coleman* and *Plata*.

16          **Intervenors' Statements.**

17          The District Attorney, Legislator, and Sheriff Intervenors have already agreed to abide by

18  the existing protective orders.

19          The County Intervenors do not take a position on this issue.

20          The Sonoma County Intervenors do not take a position on this issue.

21          Intervenor CCPOA concurs with Plaintiffs' statement.

22          **Plaintiffs' Statement.**

23          *See* Response to Question 2.

24

25          **QUESTION 4:**

26          Whether, if the existing protective orders in *Coleman* and *Plata* do apply to documents

27  produced in the instant proceedings, each of those orders are binding on all parties to the instant

28  proceeding.

1    **Defendants' Statement.**

2    Yes, all parties agreed to be bound by the existing protective orders in *Coleman* and *Plata*.

3    **Intervenors' Statements.**

4    The District Attorney, Legislator, and Sheriff Intervenors concur with Defendants'

5    statement.

6    The County Intervenors do not take a position on this issue.

7    The Sonoma County Intervenors do not take a position on this issue.

8    Intervenor CCPOA concurs with Plaintiffs' statement.

9    **Plaintiffs' Statement.**

10    *See* Response to Question 2.

11

12    **QUESTION 5:**

13    Whether, if the existing protective orders in *Coleman* and *Plata* do apply to documents

14    produced in the instant proceedings, said orders should be modified to include the following as

15    confidential information within the meaning of the orders:

16    (a)    All documents and information concerning timetables on out of state

17    transfers or reflecting architectural specifications, renderings, blueprints,

18    infrastructure layouts, building footprints, points of access and construction

19    design details, for which an official information privilege has been

20    claimed; and

21    (b)    That part of documents and information produced in these proceedings that

22    sets forth in unredacted form personal information, including but not

23    limited to inmate names and identification numbers, and employee social

24    security numbers, federal identification numbers, personal telephone

25    numbers, addresses, or personal email addresses.

26    **Defendants' Statement.**

27    Yes. The first proposed modification, however, should omit the reference to "for which

28    an official information privilege has been claimed." This language unnecessarily limits the scope

1    of the protective order. Moreover, the language will complicate a party's ability to comply with

2    the protective order because the party will have to cross-check each document "concerning

3    timetables on out of state transfers or reflecting architectural specifications, renderings,

4    blueprints, infrastructure layouts, building footprints, points of access and construction design

5    details" to determine if Defendants previously asserted the official information privilege with

6    respect to that specific document. Omitting the above referenced language ensures that sensitive

7    documents are protected and will lessen any compliance burdens on the parties.

8    **Intervenors' Statements.**

9    The District Attorney, Legislator, and Sheriff Intervenors concur with Defendants'

10   statement.

11   The County Intervenors do not take a position on this issue.

12   The Sonoma County Intervenors do not take a position on this issue.

13   Intervenor CCPOA concurs with Plaintiffs' statement.

14   **Plaintiffs' Statement.**

15   Plaintiffs do not oppose the limited modifications stated in Question Five (a) and (b) as

16   addenda to the existing *Plata* and *Coleman* protective orders for the reasons stated in Plaintiffs'

17   Opposition at 5-6.

18

19   **QUESTION 6.**

20   Whether or not the instant three-judge court proceedings are properly considered part of

21   the underlying actions for purposes of determining what, if any, limitations beyond those

22   contained in the existing protective orders should be placed on use of documents produced during

23   the instant proceedings.

24   **Defendants' Statement.**

25   There is no easy answer to the Court's question due to the hybrid nature of this three-

26   judge panel proceeding. Plaintiffs filed motions to convene a three-judge panel in three separate

27   cases. The *Coleman* and *Plata* Courts granted Plaintiffs' motion to convene a three-judge panel

28   to consider the issuance of a prisoner release order. Instead of convening two three-judge panels,

- 7 -

1    the *Coleman* and *Plata* Courts requested the Chief Judge of the Ninth Circuit empanel a single

2    three-judge panel for both cases. The Chief Judge of the Ninth Circuit acquiesced to this request,

3    which created the unique procedural posture of this proceeding.

4           What is clear, however, is that absent this three-judge panel proceeding, Plaintiffs would

5    not have received the discovery that is the subject of Defendants' request for a protective order.

6    Therefore, it is logical to limit any discovery produced during the course of the three-judge panel

7    proceeding to the three-judge panel proceeding. Moreover, to the extent that Plaintiffs' counsel

8    desire to utilize these documents in other cases, Plaintiffs' counsel would merely need to file a

9    motion for relief from the protective order. Plaintiffs' counsel has sought this type of relief

10    before and in such an instance, the Court would conduct an individualized assessment that

11    balances the need for the purportedly relevant information, with the specific factors of the case at

12    hand. This tailored approach ensures that this three-judge panel proceeding does not

13    unintentionally interfere with the litigation posture of other cases.

14           **Intervenors' Statements.**

15           The District Attorney, Legislator, and Sheriff Intervenors do not have a position on this

16    question as we are not parties to the underlying actions.

17           The County Intervenors do not take a position on this issue.

18           The Sonoma County Intervenors do not take a position on this issue.

19           Intervenor CCPOA concurs with Plaintiffs' statement.

20           **Plaintiffs' Statement.**

21           As Plaintiffs stated in response to Question One, and in Plaintiffs' Opposition to

22    defendants' motion for a protective order, the Three-Judge Court proceedings are part of the

23    underlying *Coleman* and *Plata* actions. Defendants' proposal to restrict use of documents

24    obtained through discovery in those proceedings is not supported by good cause, contravenes

25    established law, and would keep highly probative and relevant information from the Courts, the

26    Special Masters and Receiver, and Plaintiffs. For the reasons stated in Plaintiffs' Opposition, no

27    ////

28    ////

JOINT STATEMENT REGARDING DEFS.' MOT. FOR A PROTECTIVE ORDER
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1   limitations beyond those contained in the existing protective orders should be placed on use of

2   documents produced during the instant proceedings.

| Dated: April 25, 2008 | Dated: April 25, 2008 |
|---|---|
| EDMUND G. BROWN JR.<br>Attorney General of the State of California | ROD PACHECO<br>District Attorney |
| /s/ Charles J. Antonen<br>CHARLES J. ANTONEN<br>Attorneys for Defendants | /s/ William Mitchell<br>WILLIAM MITCHELL<br>Attorneys for District Attorney<br>Intervenors |
| Dated: April 25, 2008 | Dated: April 25, 2008 |
| AKIN GUMP STRAUSS HAUER &<br>FELD LLP | JONES & MAYER |
| /s/ Chad Stegeman<br>CHAD STEGEMAN<br>Attorneys for Assembly and Senate<br>Republican Intervenors | /s/ Ivy M. Tsai<br>IVY M. TSAI<br>Attorneys for Sheriff, Probation, and<br>Chief of Correction Intervenors |
| Dated: April 25, 2008 | Dated: April 25, 2008 |
| STEVEN M. WOODSIDE<br>County Counsel | ANN MILLER RAVEL<br>County Counsel |
| /s/ Anne L. Keck<br>ANNE L. KECK<br>Attorney for Sonoma County Intervenors | /s/ Theresa J. Fuentes<br>THERESA J. FUENTES<br>Attorneys for County Intervenors |
| Dated: April 25, 2008 | Dated: April 25, 2008 |
| ROSEN, BIEN & GALVAN, LLP | CARROLL, BURDICK, &<br>MCDONOUGH LLP |
| /s/ Lori Rifkin<br>LORI RIFKIN<br>Attorneys for Plaintiffs | /s/ Natalie Leonard<br>NATALIE LEONARD<br>Attorneys for Intervenor CCPOA |

JOINT STATEMENT REGARDING DEFS.' MOT. FOR A PROTECTIVE ORDER
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
**Coleman, et al. v. Schwarzenegger, et al.**
**USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM P**
**Plata, et al. v. Schwarzenegger, et al.**
**USDC, Northern District of California, Case No. C-01-1351 TEH**

No.:    **2:90-cv-0520; C-01-1351**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 25, 2008**, I served the attached **Joint statement regarding defendants' motion for a protective order** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 'I' Street, Sacramento, California, 95814, addressed as follows:

Raymond Edward Loughrey
Kirkpatrick & Lockhart Preston Gates Ellis
LLP
55 Second Street, Suite 1700
San Francisco, CA 94105

Fred D Heather
Kirkpatrick & Lockhart Preston Gates Ellis
LLP
55 Second Street, Suite 1700
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 25, 2008**, at Sacramento, CA

| J. Palomino | */s/ J. Palomino* |
|---|---|
| Declarant | Signature |