IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No.: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**JOINT SUPPLEMENTAL DISCOVERY STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** |

**I.   INTRODUCTION**

Pursuant to the Court's March 24, 2008 Order, which modified its March 18, 2008 Order Setting Initial Disclosure Deadline for Intervenors and Requiring Supplemental Joint Statement Re: Discovery Plan, and Federal Rule of Civil Procedure 26(f), counsel for Plaintiffs, Defendants, Law Enforcement Intervenors, District Attorney Intervenors, Legislator Intervenors, County Intervenors, and Sonoma County Intervenors (collectively, "Statutory Intervenors," unless otherwise specified) participated in an in-person conference on March 24, 2008, at the offices of Hanson Bridgett, counsel for *Plata* Defendants. Counsel for Plaintiff-Intervenors CCPOA was not present, but contacted the parties prior to and after the meeting, agreeing to be bound by the group's decisions. Pursuant to this Court's order requiring a "joint statement setting forth all claims and defenses to be presented in this action, identifying the party or parties who will be tendering the claims and defenses so identified, and

identifying what, if any, discovery may be needed for each claim and defense so identified," the parties jointly submit the following report. *See* Docket 2726 at 4.

## II.   BACKGROUND INFORMATION AND UPDATE ON STATUS OF DISCOVERY

On March 14, 2008, and pursuant to this Court's February 13, 2008 order, the parties filed the "Intervenors', Defendants' and Plaintiffs' Proposed Discovery Plans." That plan set forth the parties' discovery plans as well as their proposed pre-trial and trial schedules. On March 18, 2008, the Court issued an order seeking additional information from the parties and setting initial disclosure deadlines. The Court modified that order on March 24, 2008, requiring that the joint statement be filed by April 28, 2008 rather than March 28, 2008 and ordering the parties to meet and confer about that statement on or before April 25, 2008.

Several pending discovery issues have been resolved since the last discovery statement was filed on March 14, 2008. In particular, Defendants have provided the Intervenors with complete sets of all documents produced in the case. The *Plata* and *Coleman* Plaintiffs also supplemented responses to interrogatories and requests for production of documents on April 11, 2008. Also on April 11, 2008, thirty-one (31) Sheriff-intervenors answered Plaintiffs' discovery requests and the remaining six (6) Sheriff-intervenors will respond to those requests on or before May 5, 2008. Plaintiffs have filed a motion to compel production of the confidential version of an Office of Inspector General Report and are in negotiations with defendants over some clean-up document productions that appear to be close to final resolution.

### A.   Initial Disclosures Schedule

Plaintiffs and Defendants exchanged the information required by Federal Rule of Civil Procedure 26(a)(1) on March 14, 2008. Plaintiffs supplemented their initial disclosures on March 19, 2008, in response to Defendants' request for more specificity. Pursuant to Judge Moulds' March 24, 2008 Order, the Statutory Intervenors and Plaintiff-Intervenors CCPOA will provide their initial disclosures to all parties by April 28, 2008.

B. **The Parties' Claims and Defenses and Accompanying Discovery**

This report outlines the parties' claims, defenses, and anticipated discovery according to the three prongs of the Prison Litigation Reform Act: (1) whether overcrowding is the primary cause of the constitutional violations; (2) whether any other relief will remedy the violations; and (3) whether any court-ordered prospective relief is narrowly drawn, the least intrusive means, and accounts for adverse impact on public safety. The following sections outline the parties' claims and defenses as well as necessary discovery according to these three stages.

1. **WHETHER OVERCROWDING IS THE PRIMARY CAUSE OF THE CONSTITUTIONAL VIOLATIONS**

   a) **Plaintiffs:**

      (1) Claims/Defenses:

   *Plata* and *Coleman* Plaintiffs contend that overcrowding is the primary cause of the violations of the Plaintiff classes' constitutional rights to adequate medical and mental health care.

      (2) Discovery:

   Plaintiffs will depose the trial witnesses, including expert witnesses designated by Defendants and the Intervenors, on whether overcrowding is the primary cause of the constitutional violations. Because of the urgency of the overcrowding crisis, Plaintiffs will limit further discovery to the bare minimum necessary to prepare for trial and update information previously obtained, and will do so within the timeframes set by the Three-Judge Court in its April 25, 2008 Order (Docket 2777).

   b) **Defendants**

      (1) Claims/Defenses:

   *Plata* and *Coleman* Defendants contend that overcrowding is not the primary cause of the constitutional violations. *Coleman* Defendants will also contest the existence of constitutional violations that necessitate this particular form of relief. Specifically, *Coleman* Defendants anticipate presenting evidence as to the existence of constitutional compliance on a systemic level and on the level of individual prisons or individual programs.

      (2) Discovery

3

1  *Plata* and *Coleman* Defendants anticipate taking all previously-noticed depositions that have not yet been conducted due to the December 14, 2007 order staying discovery, and any additional depositions that may need to be conducted as a result of this Court's February 8, 2008 order consolidating the proceedings in this matter. This includes the depositions of *Coleman* Plaintiffs' experts Dr. Craig Haney and Dr. James Austin. *Plata* and *Coleman* Defendants also anticipate seeking further discovery from the Office of the *Plata* Receiver and may depose CCPOA witness Chuck Alexander. *Plata* and *Coleman* Defendants also anticipate taking the deposition of Christopher Mumola, Policy Analyst and Program Manager of Deaths in Custody Reporting Program, Bureau of Justice Statistics, U.S. Department of Justice. Defendants may also serve additional contention interrogatories, requests for admission, and/or requests for the production of documents on *Plata* and *Coleman* Plaintiffs.

*Plata* and *Coleman* Defendants further anticipate preparing for and defending those depositions noticed by the *Plata* and *Coleman* Plaintiffs but canceled following this Court's December 14, 2007 order. Additionally, the *Plata* and *Coleman* Defendants anticipate preparing for and defending the depositions of any expert and/or lay witnesses identified in the *Plata* and *Coleman* Plaintiffs' initial disclosures in this matter.

*Plata* and *Coleman* Defendants may propound additional written discovery and/or notice additional depositions in response to claims and/or defenses alleged and witnesses and/or experts identified by Plaintiff-Intervenor CCPOA in their initial disclosures due to be filed April 28, 2008.

Furthermore, *Plata* and *Coleman* Defendants reserve the right to assert any and all claims and defenses and present any and all witnesses identified by the Statutory Intervenors.

    **c)   Statutory Intervenors:**

Statutory Intervenors, excluding County and Sonoma County Intervenors, contend that overcrowding is not the primary cause of the constitutional violations. Statutory Intervenors do not anticipate presenting any additional claims and defenses on the overcrowding prong beyond those presented by *Coleman/Plata* Defendants. Statutory Intervenors reserve the right to assert any and all claims and defenses and present any and all witnesses identified by the other parties.

d) **CCPOA Intervenors**

(1) Claims/Defenses: CCPOA contends that overcrowding is the primary cause of the Plaintiff classes' violations of their constitutional rights to adequate medical and mental healthcare.

(2) Discovery: CCPOA will limit its discovery to the minimum required to prepare for trial, including the right to depose trial witnesses and experts and to re-notice the deposition of a person most knowledgeable regarding the status of AB900.

2. **WHETHER ANY OTHER RELIEF WILL REMEDY THE VIOLATIONS**

a) **Plaintiffs**

(1) Claims/Defenses:

Plaintiffs contend that no relief other than a prisoner release order will remedy the violations of the Plaintiff classes' constitutional rights to adequate medical and mental health care.

(2) Discovery

Plaintiffs will depose the trial witnesses, including expert witnesses designated by Defendants and the Intervenors, on whether any other relief will remedy the violations. Because of the urgency of the overcrowding crisis, Plaintiffs will limit further discovery to the bare minimum necessary to prepare for trial and update information previously obtained, and will do so within the timeframes set by the Three-Judge Court in its April 25, 2008 Order (Docket 2777).

b) **Defendants**

(1) Claims/Defenses:

Defendants contend that less intrusive alternatives to a prisoner release order exist that would remedy the alleged constitutional violations.

(2) Discovery

*Plata* and *Coleman* Defendants anticipate renewing their attempts to obtain discovery from the Office of the *Plata* Receiver and may depose CCPOA witness Chuck Alexander. *Coleman* Defendants anticipate deposing witness identified by *Coleman* Plaintiffs on this issue in Plaintiffs' initial disclosures, including Dr. Barry Krisberg, Dr. James Austin, and Dr. Craig Haney.

*Plata* and *Coleman* Defendants may also serve additional contention interrogatories, requests for admissions, and/or requests for the production of documents on *Plata* and *Coleman* Plaintiffs. *Plata* and *Coleman* Defendants anticipate taking all previously-noticed depositions that have not yet been conducted due to the December 14, 2007 order staying discovery, and any additional depositions that may need to be conducted as a result of this Court's February 8, 2008 order consolidating the proceedings in this matter.

*Plata* and *Coleman* Defendants may propound additional written discovery and/or notice additional depositions in response to claims and/or defenses alleged and witnesses and/or experts identified by Plaintiff-Intervenor CCPOA in their initial disclosures due to be filed April 28, 2008.

Furthermore, *Plata* and *Coleman* Defendants reserve the right to assert any and all claims and defenses and present any and all witnesses identified by the Statutory Intervenors.

### c) **Statutory Intervenors**

(1) Claims/Defenses:

Statutory Intervenors, excluding the County and Sonoma County Intervenors, contend that less intrusive alternatives to a prisoner release order exist that would remedy the alleged constitutional violations. To support their defense that alternatives to a prisoner release order are available, Statutory Intervenors, excluding the County and Sonoma County Intervenors, will be presenting evidence as to alternatives including, but not limited to, Assembly Bill 900, Senate Bill 618, the effects of increased probation funding, and the effects of an improved risk assessment process.

(2) Discovery

Statutory Intervenors, excluding the County and Sonoma County Intervenors, will propound contention interrogatories that address alternatives to a prisoner release order, as well as the public safety impact and narrow tailoring of any prisoner release order. Additionally, Statutory Intervenors, excluding the County and Sonoma County Intervenors, plan on taking the depositions of any experts designated by Plaintiffs to testify on this issue.

Furthermore, Statutory Intervenors, excluding the County and Sonoma County Intervenors, anticipate participating in all future depositions noticed by Plaintiffs and Defendants as to this issue.

1  Additionally, Statutory Intervenors reserve the right to assert any and all claims and defenses
2  and present any and all witnesses identified by the other parties.

   **d)   CCPOA Intervenors**

   (1) Claims/Defenses: CCPOA contends that no relief other than a prisoner release order will remedy the constitutional violations of the Plaintiff classes' constitutional rights to medical and mental healthcare.

   (2) CCPOA reserves the right to participate in the deposition of the trial witnesses, including expert witnesses, designated by Defendants and Intervenors, on whether any other relief will remedy the violations. CCPOA will limit further discovery to the bare minimum necessary to prepare for trial and update information previously obtained.

3. **WHETHER PROSPECTIVE RELIEF IS NARROWLY DRAWN, THE LEAST INTRUSIVE MEANS, AND ACCOUNTS FOR ADVERSE IMPACT ON PUBLIC SAFETY**

   **a)   Plaintiffs**

   (1) Claims/Defenses:

   Plaintiffs will show that a substantial reduction in the CDCR prison population is required as soon as possible to ensure that prisoners receive constitutionally adequate medical and mental health care. Plaintiffs will show that a prisoner release order, if designed and implemented appropriately and in accordance with evidence-based practices, will actually improve public safety or, at the very least, will have no substantial negative effect on public safety. Plaintiffs may also present evidence that the current level of overcrowding in the California Department of Corrections and Rehabilitation (CDCR) creates substantial and ongoing risks to public safety.

   On February 26, 2008, the parties met and conferred about a discovery plan in this case. During that meeting, the Intervenors requested that Plaintiffs provide them with a "Statement of Relief" consisting of the various remedies defendants could adopt, in Plaintiffs' opinion, to accomplish population reductions. On March 7, 2008, Plaintiffs provided Defendants and the Intervenors with that Statement of Relief. During the parties' subsequent meet and confer on March 24, 2008 regarding this discovery statement, the Defendant-Intervenors requested that Plaintiffs include the list of possible

7

remedies in this filing. Although the Three Judge Court will ultimately decide which forms of relief are appropriate and may, at its discretion, order Defendants to develop a plan to accomplish necessary population reductions, Plaintiffs identify the following evidence-based solutions that could accomplish the necessary reductions (as stated in their "Statement of Relief" and as subsequently identified in supplemental interrogatory responses served on all parties):

1. **Fund Community Corrections Programs to Divert Prisoners with Sentences of Fewer than 24 Months.**

2. **Provide Intensive Probation Supervision for 18-25 year old offenders.**

3. **Replace Discretionary Day for Day Earned Time with Statutory Day for Day Credits, with Provisions That Only Disciplinary Conduct Can Result in Lost Days.** This would ensure that all prisoners receive day for day credits (including pretrial jail credits) that can only be removed for serious misconduct. Washington, Indiana and Illinois have similar statutory schemes and this remedy was also recommended by the Expert Panel and Deukmejian Panel reports.

4. **Provide Supplemental Program Credits For Prisoners Complying With Case Management Plan And For Prisoners Who Complete Rehabilitative Programs.** See Expert Panel Report, pp. 92-93.

5. **Transfer Low Risk Prisoners with Fewer than 12 months to Serve to Parole.** This will require use of the risk assessment tool identified below and would place low risk offenders on a very short period of parole supervision while moving moderate to high risk offenders to community corrections centers (CCCs) or reentry facilities.

6. **Discharge Low Risk Offenders from Parole if Arrest-Free for 12 Months.**

7. **Use a Validated Risk Assessment Procedure to Release Non-Violent, Non-Sex Offenders from Prison without Parole.** See Expert Panel, Exhibit E, p. 90.

8. **Develop A Parole Sanctions Matrix Based on the Risk to Re-Offend Level of the Offender And the Seriousness of the Violation.** Similar matrices are currently in use in other states, as reported by the National Institute of Corrections. The matrix should preclude low risk parolees from being returned to prison for technical violations or misdemeanors.

9. **Implement a Validated Risk Assessment Instrument Throughout CDCR.** The prison system has ready access to such an instrument, which will ensure that high risk prisoners are not released from prison without proper supervision and that low-risk people are not over-supervised. CDCR *already* compiles the data necessary to use this risk assessment tool.

10. **Immediately Hire Sufficient Staff to Calculate Credits and to Process Outgoing Prisoners.** The state found that 354 out of 679 prisoners subject to a recent audit were not released on time, resulting in $2.3 million in added housing costs for those prisoners.

11. **Greatly Expand the Availability of Alternative Sanctions As Recommended by the Parole Sanctions Matrix.** Some examples include residential multi-service centers, drug treatment programs, electronic in-home detention, mental health programs providing residential, day treatment and other necessary programs and services, and day reporting centers.

12. **Divert New Court Commitments with County Subsidy Grants.** One option is to provide funding to counties similar to Senate Bill 81 (requiring non-violent juvenile offenders to be retained in the community) for housing/treatment of non-violent adult offenders. The state of Pennsylvania also has this type of diversion program.

13. **Automatically Restore Good-Time Credits for All Prisoners with Non-Serious Misconduct** (Classes D, E, And F). Under the current system, prisoners must request restoration of these credits, which are then inconsistently restored throughout the system. This change would result in automatic restoration of credits in the absence of additional misconduct by the prisoner.

14. **Expand Pre-Release Planning Services for Prisoners with Mental Illness, Developmental Disabilities, And Other Special Needs to Include Benefits Applications With the Social Security And Veteran's Administrations.** The CDCR will need to complete contract negotiations with each federal agency and hire social workers to implement this recommendation.

15. **Redirect Funds to Counties to Manage Parolees with Mental Illness**, including, for example:

    a) Increase and Fund Mental Health Services on Parole to Include Placement in Appropriate Housing (e.g. Board and Care, Inpatient, Outpatient Day Reporting) to Reduce Recidivism.

    b) Fund Community-Based Alternatives to Returns to Custody for Parole Violations that Are Related to Symptoms of Mental Illness.

    c) Expand Mental Health Courts in the Counties to Reduce Prison Commitments for Offenders with Mental Illness.

16. **Establish Specialized Mental Health Parole Units to Provide Appropriate Supervision, Access to Treatment, Housing, And Reintegration With the Community.**

17. **Enact Legislation to Create a Sentencing Commission.** Unless the sentencing structure is reformed, the prison population will continue to grow thereby perpetuating a system that will need court supervision to maintain limits on the prison population.

(2) Discovery

Plaintiffs will depose the trial witnesses, including expert witnesses designated by Defendants and the Intervenors, on issues related to prospective relief, including any impact on public safety. Because of the urgency of the overcrowding crisis, Plaintiffs will limit further discovery to the bare

9

minimum necessary to prepare for trial and update information previously obtained, and will do so within the timeframes set by the Three-Judge Court in its April 25, 2008 Order (Docket 2777).

### b)  Defendants

(1)  Claims/Defenses:

*Plata* and *Coleman* Defendants contend that relief less intrusive than that of a prisoner release order may be fashioned without an adverse impact to public safety. *Plata* and *Coleman* Defendants further contend that a prisoner release order cannot be narrowly drawn so as to have a negligible impact on public safety. Further, *Plata* and *Coleman* Defendants assert that a prisoner release order cannot be sufficiently drawn to ensure the provision of medical and mental health care of released inmates.

(2)  Discovery

*Plata* Defendants may depose CCPOA witness Chuck Alexander. *Plata* and *Coleman* Defendants anticipate taking all previously-noticed depositions that have not yet been conducted due to the December 14, 2007 order staying discovery, and any additional depositions that may need to be conducted as a result of this Court's February 8, 2008 order consolidating the proceedings in this matter. *Plata* and *Coleman* Defendants further anticipate deposing any additional experts and/or witnesses designated by the *Plata* and *Coleman* Plaintiffs in their initial disclosures. *Plata* and *Coleman* Defendants also may propound additional contention interrogatories, requests for admissions, and/or requests for the production of documents on the *Plata* and *Coleman* Plaintiffs.

*Plata* and *Coleman* Defendants may propound additional written discovery and/or notice additional depositions in response to claims and/or defenses alleged and witnesses and/or experts identified by Plaintiff-Intervenor CCPOA in their initial disclosures due to be filed April 28, 2008.

*Plata* and *Coleman* Defendants reserve the right to assert any and all claims and defenses and present any and all witnesses identified by the Statutory Intervenors.

### c)  Statutory Intervenors

(1)  Claims/Defenses:

Statutory Intervenors anticipate presenting evidence demonstrating the need to narrowly tailor any proposed prisoner release order and take into account the heavy impacts of any such order on public safety and local resources.

(2) Discovery

Statutory Intervenors plan on taking the depositions of any experts designated by Plaintiffs to testify on the former "Phase II" of the now unbifurcated proceedings.

Furthermore, Statutory Intervenors will propound interrogatories that address alternatives to a prisoner release order, as well as the public safety impact and narrow tailoring of any prisoner release order.

Finally, Statutory Intervenors reserve the right to assert any and all claims and defenses and present any and all witnesses identified by the other parties.

**d)   CCPOA Intervenors**

(1) Claims/Defenses:

CCPOA Intervenors will contend that public health and safety issues arise from the current overcrowding in the prison system, which is causing harm to CCPOA staff in a number of ways, including in the form of anti-biotic resistant strains of staph infections. CCPOA also reserves the right to present evidence of effective solutions to address prison overcrowding.

(2) Discovery

CCPOA reserves the right to depose the trial witnesses, including expert witnesses designated by Defendants and the other Intervenors, on issues related to prospective relief, including any impact on public safety. CCPOA also reserves the right to propound interrogatories, requests for production of documents, and requests for admission that identify and examine the sufficiency of Defendants' proposed alternatives to a prisoner release order.

**C.   Proposed Discovery Plans**

The parties submitted their proposed discovery plans to this Court on March 14, 2008.[1]

---

[1] On April 25, 2008, the Three-Judge Court issued a Scheduling Orders setting forth a timetable for discovery. Notwithstanding this order, Defendants and Statutory Intervenors propose the timelines for pre-trial and trial proceedings included herein.

11
JOINT DISCOVERY STATEMENT PURSUANT TO FRCP 26(f)
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 TEH

1. **Defendants**

Defendants propose the following timeline for the completion of discovery, pretrial matters, and trial:

| | |
|---|---|
| April 11, 2008 | Plaintiffs and Intervenor CCPOA supplement their responses to interrogatories in view of the newly consolidated (and un-bifurcated) proceeding. This will include responses to interrogatories that were previously objected to on the grounds that they sought "Phase II" discovery. |
| May 30, 2008 | Last day to complete written discovery. (As set forth above, this date and all subsequent dates are contingent upon an order that prohibits both additional electronic discovery and supplements to electronic discovery. |
| June 2, 2008 | Non-expert depositions may commence on this date. |
| June 27, 2008 | Last day to complete non-expert depositions. |
| July 11, 2008 | Expert disclosures due. |
| July 18, 2008 | Last day to disclose rebuttal experts. |
| August 1, 2008 | Last day to complete expert discovery. |
| August 8, 2008 | Last day to file dispositive motions. |
| August 15, 2008 | Last day to file oppositions to dispositive motions. |
| August 22, 2008 | Last day to file replies in support of dispositive motions. |
| August 29, 2008 | Hearing on dispositive motions. |
| September 15, 2008 | Last day to file motions *in limine* and pre-trial briefs. |
| September 22, 2008 | Pre-trial conference and hearing on motions *in limine*. |
| September 29, 2008 | Trial -- ten Court days. |

2. **Statutory Intervenors**

| | |
|---|---|
| April 28, 2008 | Initial Disclosures due (as set by Judge Moulds' March 24 Order) |
| August 8, 2008 | Last day to complete written discovery. |

| | |
|---|---|
| September 8, 2008 | Last day to complete non-expert depositions. |
| October 3, 2008 | Expert disclosures due. |
| October 24, 2008 | Last day to disclose rebuttal experts. |
| November 14, 2008 | Last day to complete expert discovery. |
| December 5, 2008 | Last day to file dispositive motions. |
| January 2009 (first two weeks) | Hearing on dispositive motions. |
| January 22, 2009 | Last day to file motions *in limine* and pre-trial briefs. |
| February 5, 2009 | Pre-trial conference and hearing on motions *in limine* |
| February 16, 2009 | Trial [approximately 15 days] |

### 3. Plaintiff-Intervenors CCPOA

CCPOA requests a timeline setting a trial date as soon as the court deems practical, but requests that the trial date not be set between September 14, 2008 and September 18, 2008 or December 10 and December 31, 2008. CCPOA will abide by the trial date set by the court, though it requests that the court take note of Plaintiff Intervenor's dates of unavailability if at all possible.

### D. Issues Regarding Disclosure or Discovery of Electronically Stored Information

#### 1. Plaintiffs

Plaintiffs have provided the Intervenors with copies of Plaintiffs' discovery responses and expert reports, to date. Plaintiffs have also provided the Intervenors with a list of the depositions taken, with deponent names, dates and the recording agent.

#### 2. Defendants

*Plata* and *Coleman* Defendants provided the Intervenors with the documents that have been produced to *Plata* and *Coleman* Plaintiffs in response to Plaintiffs' requests for documents. *Plata* and *Coleman* Defendants do not anticipate that any issues remain regarding disclosure of electronically stored information, as Defendants have produced to the Statutory and Plaintiff Intervenors all documents that have been likewise produced to Plaintiffs to date. The only issues that remain with regard to the discovery of electronically stored information are addressed below under subheading "F."

3.  **Statutory Intervenors**

Statutory Intervenors do not raise any issues regarding disclosure or discovery of electronically stored information at this time, but they reserve the right to do so as such issues arise.

4.  **Plaintiff-Intervenors CCPOA**

CCPOA has responded to the discovery served. CCPOA has no other issues with respect to disclosure or discovery of electronically stored information at this time.

E.  **Issues Regarding Claims of Privilege**

1.  **Plaintiffs:**

Plaintiffs' and Defendants' deliberative process privilege disputes are fully briefed and pending with the Magistrate Judge. Defendants filed a motion for reconsideration by the Three-Judge Court of Magistrate Judge Moulds' April 14, 2008 ruling regarding Defendants' assertions of attorney-client privileges and the work product doctrine.

2.  **Defendants**

*Plata* and *Coleman* Defendants' motion for reconsideration of Magistrate Judge Moulds' April 14, 2008 order regarding Defendants' assertion of the attorney-client and attorney work product privilege remains pending before the Three-Judge Panel. The parties' dispute with regard to *Plata* and *Coleman* Defendants' assertion of the deliberative process privilege remains pending before the Magistrate Judge.

3.  **Statutory Intervenors**

Statutory Intervenors do not raise any issues regarding claims of privilege at this time, but they reserve the right to do so as such issues arise.

4.  **Plaintiff-Intervenors CCPOA**

Same as Plaintiffs' statement above.

F.  **Changes Requested to Limitations on Discovery**

1.  **Plaintiffs:**

Plaintiffs oppose Defendants' request to be exempted from producing additional electronic discovery. If responsive documents exist in electronic format, Defendants must produce them in

14

1  accordance with the Federal rules. Plaintiffs also oppose Defendants' request to be excused from the
2  Federal rules requirement that they supplement their discovery responses.
3      Plaintiffs also contend that Judge Moulds' October 30, 2007 Order requiring that "responses to
4  any discovery requests served on or after October 25, 2007 shall be due twenty-one days from the date
5  of service" is still in full force and effect. Plaintiffs oppose any attempt by Defendants or the
6  Intervenors to be relieved from this Order. *See* Docket 906 at 7.

    **2.**    **Defendants**

*Plata* and *Coleman* Defendants request that this Court prohibit additional electronic discovery in this matter, as such discovery has to date proven to be extremely consuming of Defendants' resources and time. *Plata* and *Coleman* Defendants will be unable to comply with the above proposed timeline if this Court permits additional electronic discovery. *Plata* and *Coleman* Defendants additionally request that this Court waive the requirement that Defendants continue to supplement their production of documents and/or responses to discovery requests that were served on Defendants before December 20, 2007 in the interests of time and fiscal responsibility.

    Further, *Plata* and *Coleman* Defendants understand that Plaintiffs propose that the time to respond to discovery be shortened, however Defendants request that this Court comply with the Federal Rules of Civil Procedure and afford *Plata* and *Coleman* Defendants that which is required by the rules. *Plata* and *Coleman* Defendants also understand that Plaintiffs are requesting that this Court limit the parties' objections to discovery to only claims of privilege. *Plata* and *Coleman* Defendants similarly request that this Court not limit Defendants' possible objections to any discovery propounded by Plaintiffs and afford *Plata* and *Coleman* Defendants those objections that are permitted by the Federal Rules of Civil Procedure.

    Defendants anticipate filing a motion with this Court seeking reconsideration of this Court's November 29, 2007 *sua sponte* protective order barring Defendants' taking of the deposition of the person most knowledgeable at the office of the California Prison Health Care Receivership Corporation.

Case 2:90-cv-00520-KJM-SCR   Document 2781   Filed 04/28/08   Page 16 of 20

### 3. Statutory Intervenors

Statutory Intervenors request no changes to the discovery limitations set forth in the Federal Rules of Civil Procedure. Statutory Intervenors request that the Court place a reasonable limitation on all discovery, including depositions.

### 4. Plaintiff-Intervenors CCPOA

Same as Plaintiffs' statement above.

## G. Other Orders

### 1. Defendants

*Plata* and *Coleman* Defendants request that this Court issue a protective order with regard to the use of documents discovered in this matter. *Plata* and *Coleman* Defendants filed a motion for a protective order with this Court on March 13, 2008. (*See Plata v. Schwarzenegger*, Docket No. 1131; *Coleman v. Schwarzenegger*, Docket No. 2716.)

*Plata* and *Coleman* Defendants also request that this Court issue an order requiring the parties to participate in a status conference so that the parties may reach agreement regarding the form and make-up of trial. *Plata* and *Coleman* Defendants propose that this status conference take place after the close of expert and non-expert discovery, during the first week of August 2008.

### 2. Statutory Intervenors

Statutory Intervenors agree with *Plata* and *Coleman* Defendants' request that this Court issue an order requiring the parties to participate in a status conference regarding the form and make-up of trial. Statutory Intervenors propose that this status conference take place after the close of expert and non-expert discovery, as outlined in Statutory Intervenors' discovery schedule, after November 14, 2008.

### 3. Plaintiff-Intervenors CCPOA

CCPOA is open to participating in a status conference regarding the form and make-up of trial.

| | | |
|---|---|---|
| 1 | DATED: April 28, 2008 | AKIN GUMP STRAUSS HAUER & FELD |
| 2 | | By: /s/Chad Stegeman |
| 3 | | Attorney for Appellants, Republican Assembly and Senator Defendant-Intervenors |
| 4 | | |
| 5 | | |
| 6 | DATED: April 28, 2008 | JONES & MAYER |
| 7 | | By: /s/Martin J. Mayer |
| 8 | | Attorney for Appellant and Intervenor Sheriff, Probation, Police Chief, and Corrections Defendant- Intervenors |
| 9 | | |
| 10 | DATED: April 28, 2008 | OFFICE OF THE DISTRICT ATTORNEY COUNTY OF RIVERSIDE |
| 11 | | |
| 12 | | By: /s/William E. Mitchell |
| 13 | | Attorneys for Appellants and Intervenor District Attorney Defendant-Intervenors |
| 14 | DATED: April 28, 2008 | COUNTY OF SANTA CLARA |
| 15 | | By: /s/Theresa Fuentes |
| 16 | | Attorney for County Intervenors |
| 17 | | |
| 18 | DATED: April 28, 2008 | SONOMA COUNTY |
| 19 | | By: /s/Anne Keck |
| 20 | | Attorney for Sonoma County Intervenors |
| 21 | DATED: April 28, 2008 | EDMUND G. BROWN JR. Attorney General of the State of California |
| 22 | | |
| 23 | | By: /s/Rochelle C. East |
| 24 | | Supervising Deputy Attorney General Attorneys for Defendants |
| 25 | | |
| 26 | DATED: April 28, 2008 | HANSON BRIDGETT |
| 27 | | By: /s/Paul B. Mello |
| 28 | | Attorney for *Plata* Defendants |

17

JOINT DISCOVERY STATEMENT PURSUANT TO FRCP 26(f)
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 TEH

| | |
|---|---|
| DATED: April 28, 2008 | PRISON LAW OFFICE |
| | By: /s/Alison Hardy |
| | Attorney for Plaintiffs |
| | |
| DATED: April 28, 2008 | ROSEN, BIEN & GALVAN, LLP |
| | By: /s/Amy Whelan |
| | Attorney for Plaintiffs |
| | |
| DATED: April 28, 2008 | CARROLL, BURDICK & McDONOUGH LLP |
| | By: /s/Natalie Leonard |
| | Attorney for California Correctional Peace Officers' Association Legal Department Intervenors |

1    I Chad A. Stegeman, am the ECF user whose ID and password are being used to file the Joint Supplemental Discovery Statement Pursuant To Federal Rule Of Civil Procedure 26(F). In compliance with General Order 45, X.B., I hereby attest that Martin J. Mayer, William E. Mitchell, Theresa Fuentes, Anne Keck, Rochelle C. East, Paul B. Mello, Alison Hardy, Amy Whelan and Natalie Leonard have concurred in this filing.

Dated: April 28, 2008

AKIN GUMP STRAUSS HAUER & FELD

By: /s/Chad A. Stegeman
    Chad A. Stegeman
    Attorney for Republican Assembly and
    Senator Intervenors

JOINT DISCOVERY STATEMENT PURSUANT TO FRCP 26(f)
CASE NO. CIV S-90-0520 LKK JFM P & C 01-1351 TEH

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, San Francisco, California 94104. On April 28, 2008, I served the foregoing document(s) described as: **Joint Supplemental Discovery Statement Pursuant To Federal Rule Of Civil Procedure 26(F)** on the interested party(ies) below, using the following means:

California State Personnel Board
Office of the Attorney General
1515 Clay Street, 20th floor
P. O. Box 70550
Oakland, CA 94612-0550

Union of American Physicians & Dentists
DAVIS, COWELL & BOWE
595 Market St., Suite 1400
San Francisco, CA 94105

Kristina M. Hector
John Hagar
California Prison Health Care Receivership
Office of the Receiver
P. O. Box 4038
Sacramento, CA 95812-4038

Elwood Lui
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300

Peter Siggins
California Court of Appeals
350 McAllister Street
San Francisco, CA 94102

☒ **BY UNITED STATES MAIL**   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 28, 2008**, at San Francisco, California.

*/s/ Nancie R. Ward*
NANCIE R. WARD