James Hampton P23654
C.S.P.-L.A. County/A5-103
P.O. Box 4430
Lancaster, Ca 93539-4430

FILED
MAY -8 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

United States District Courts For The Eastern District
And Northern District Of California

| | |
|---|---|
| RALPH COLEMAN, et al., Plaintiff, v. ARNOLD SCHWARZENEGGER, et al., Defendants. | No. CIV S-90-0520 LKK JFMP<br>Three-Judge Court<br><br>Response to Motion For Reconsideration regarding attorney-client privilege. |
| MARCIANO PLATA, et al., Plaintiff, v. ARNOLD SCHWARZENEGGER, et al., Defendants. | No. C01-1351 TEH<br>Three-Judge Court |

Federal courts, including the United States Supreme Court, have held that the United States Constitution gives great authority to prison officials. While there is no "iron curtain" drawn between prisoners and the federal Constitution, the Supreme Court has repeatedly held that there must be an "accommodation between constitutional rights of general application and the security, safety, and rehabilitative interests of state prison officials." See Bell v. Wolfish, (1979) 441 U.S. 520,

(1)

546, (99 S.Ct. 1861; 60 L.Ed.2d 447) quoting Wolff v. McDonnell, (1974) 418 U.S. 539, 555-556. This is not only about attorney-client privilege, but whether the California Department of Corrections and Rehabilitation (CDCR) can defy Prisoners Constitutional right with immunity. More specifically, the Supreme Court has held that a prison practice or policy that infringes upon a constitutional right of general application is valid if it is reasonably related to a legitimate penological interest. See Turner v. Safley (1987) U.S. 482 U.S. 78 (107 S.Ct. 2254). C.D.C.R. has shown that they do not Logged or process inmate appeals to block access to the courts so the only logical reason for reconsideration of attorney-client privilege is to act with immunity in denying prisoners there constitutional rights. To determine whether a prison rule or pratice that restricts or infringes on a constitutionally protected right is reasonable, and thus lawful, a court must consider: (1) whether the regulation or practice has a logical connection to the penological interests use to justify it, (2) whether there are other means of exercising the right being restricted, (3) whether the exercise of the prisoner's right will have an adverse effect on guards or other prisoners, and (4) whether there are other alternatives open to the prison administration to accommodate the right with a minimal cost or burden. See Standing Deer v. Carlson (9th Cir. 1987) 831 F.2d 1525, 1528. Reasonableness in this context refers not only to the relation between

(2)

the goals of a regulation and its means, but also to the balance struck between the needs of the prison officials' and the constitutional rights of prisoners. See Salaam v. Lockhart, (9th Cir. 1990) 905 F.2d 1168,1171, and Reed v. Faulkner, (7th Cir. 1988) 842 F.2d 960, 962. attorney-client privilege is a general application of Constitutional law so this will not only effect prisoners, but will not allow attorneys to put up a effective offense or defense.

(3)

## Points and Authorities

1. 
2. 
3. Gomez v. Vernon, (9th Cir. 2001) 255 F. 3d 1118, 1133
4. In re Poe, (1966) 65 Cal. 2d 25, 32
5. People v Torres, (1990) 218 Cal. App. 3d 700
6. Adams v. Carlson, (7th Cir. 1973) 488 F.2d 619
7. In re Roark, (1996) 48 Cal. App. 4th 1946
8. Ching v. Lewis (9th Cir. 1990) 895 F. 2d 608
9. Keker v. Procunier, (E.D. Cal 1975) 398 F. Supp. 756
10. Cruz v. Beto, (1972) 405 U.S. 319, 321
11. O'Keefe v. Van Boening, (9th Cir. 1996) 82 F. 3d 322
12. Penal Code § 636
13. Penal Code § 2601 (b)
14. 15 California Code of Regulation (CCR) § 3175
15. 15 CCR § 3138(a)
16. 15 CCR § 3141(c)

(4)

## Declaration

I, James Hampton, declare I am over the age of 18 years old, as attorney on record as Pro Se. I declare under penalty of perjury under state and federal laws that the foregoing is true and correct to the best of my knowledge.

Date: May 4th, 2008

Signature: James Hampton
James Hampton in Pro Se

(5)

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Los Angeles

I have read the foregoing  motion in response to reconsideration of attorney-client privilege  and know its contents.

☑ CHECK THE APPLICABLE PARAGRAPH

☑ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☑ I am ☐ an Officer ☐ a partner _____ ☑ a Petitioner of Los Angeles County State Prison, a party to this action, and am authorized to make this verification for and on its behalf, and make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☑ I am one of the attorneys for Ralph Coleman v. Arnold SCHWARZENEGGER, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believed and on that ground allege that the matters stated in the foregoing document are true.

Executed on May 4, 2008, at Lancaster, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

James Hampton
Type or Print Name

_Signature_

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF Los Angeles

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action. My business address is: Los Angeles County State Prison, P.O. Box 4430, Lancaster, Ca 93539-4430

On May 4, 2008. I served the foregoing document described as Motion in response to reconsideration of attorney-client privilege _____ on _____ in this action

☒ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☑ the original ☑ a true copy thereof enclosed in sealed envelopes addressed as follows:

United States Courts
Office of the Clerk, United States District Court
Eastern District of California, 501 1st., Ste 4-200
Sacramento, California 95814-2322

☑ BY MAIL *
☑ I deposited such envelope in the mail at Lancaster, California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at _____, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.
Executed on _____, 20___, at _____, California.

☐ BY PERSONAL SERVICE **
I delivered such envelope by hand to the offices of the addressee.
Executed on _____, 20___, at _____, California.

☑ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

James Hampton
Type or Print Name

_Signature_

* BY MAIL: SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE BY MAIL SLOT BOX OR BAG.
** BY PERSONAL SERVICE: SIGNATURE MUST BE THAT OF MESSENGER