PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone:  (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., ) | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, ) | **THREE-JUDGE COURT** |
| vs. ) | |
| ARNOLD SCHWARZENEGGER, et al., ) | |
| Defendants ) | |
| MARCIANO PLATA ,et al., ) | No. C01-1351 TEH |
| Plaintiffs, ) | **THREE-JUDGE COURT** |
| vs. ) | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OF APRIL 14, 2008 ORDER OR, ALTERNATIVELY, REQUEST FOR STAY** |
| ARNOLD SCHWARZENEGGER, et al., ) | |
| vs. ) | |
| Defendants ) | |

[209720-1]

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................... 1

PROCEDURAL BACKGROUND ......................................................................... 2

ARGUMENT .......................................................................................................... 7

    I.    This Court Should Affirm The Magistrate Judge's Decision Finding That Defendants Have Not Established The Application Of Attorney-Client Privilege For These 45 Documents And Order Immediate Production Of These Documents To Plaintiffs ....................................................................... 7

        A.    The Order Of The Magistrate Judge Is Not Clearly Erroneous Or Contrary To Law ............................................................................ 7

        B.    Defendants Did Not Meet Their Burden Of Establishing The Elements Of Attorney-Client Privilege For These 45 Documents ........... 10

               1.    No Attorney As Author Or Recipient ............................................. 11

               2.    Document Sent Or Received By Outsider To Attorney-Client Relationship ........................................................................ 12

               3.    Communications For Which Attorney(s) Appeared As Part Of A Group Of Recipients ............................................................. 13

        C.    Defendants' New Assertions Of The Deliberative Process Privilege For Documents Have Been Waived And Should Be Disregarded ........... 16

    II.    This Court Should Deny Defendants' Request For A Stay ................................. 18

CONCLUSION ...................................................................................................... 19

[209720-1]

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ainsworth v. Vasquez,*
   759 F. Supp. 1467 (E.D. Cal.1991) ................................................. 7

*Brown v. Wesley's Quaker Maid, Inc.,*
   771 F.2d 952 (6th Cir. 1985) ........................................................ 7

*Champagne v. Whitman,*
   2006 WL 2522381 (E.D. Cal. Aug. 28, 2006) ................................ 7

*Clarke v. Am. Commerce Nat'l Bank,*
   974 F.2d 127 (9th Cir. 1992) ...................................................... 10

*Eureka Fin. Corp. v. Hartford Accident & Indem. Co.,*
   136 F.R.D. 179 (E.D. Cal. 1991) ................................................ 16

*Fisher v. United States,*
   425 U.S. 391 (1976)................................................................... 10

*Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.,*
   2006 WL 2255538 (E.D. Cal. Aug. 7, 2006)................................. 11

*Gomez v. Vernon,*
   255 F.3d 1118 (9th Cir. 2001) .................................................... 10

*Hilton v. Braunskill,*
   481 U.S. 770 (1987)................................................................... 18

*Moloney v. U.S.,*
   204 F.R.D. 16 (D. Mass. 2001).................................................. 17

*Nat'l Wildlife Fed'n. v. United States Forest Serv.,*
   861 F.2d 1114 (9th Cir. 1988) ...................................................... 7

*Peat, Marwick, Mitchell & Co. v. West,*
   748 F.2d 540 (10th Cir. 1984) ................................................ 9, 12

*United States v. Abrahams,*
   905 F.2d 1276 (9th Cir. 1990), *overruled in nonrelevant part by*
   *United States v. Jose,* 131 F.3d 1325 (9th Cir. 1997).................... 10

*United States v. Gray,*
   876 F.2d 1411 (9th Cir. 1989) .................................................... 10

*United States v. United States Gypsum Co.,*
   333 U.S. 364 (1948).................................................................... 7

*Weeks v. Bayer,*
   246 F.3d 1231 (9th Cir.2001) ...................................................... 7

[209720-1]

1

## Statutes

2  28 U.S.C. § 636(b)(1)(A) ............................................................................................. 7

3

## Rules

4  E.D. Local Rule 72-303(f) ........................................................................................... 7

5  Fed. R. Civ. P. 26(b)(5) ...................................................................................... 9, 10, 16

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OF APRIL 14, 2008 ORDER OR, ALTERNATIVELY, REQUEST FOR STAY, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[209720-1]

# INTRODUCTION

Through defendants' request for reconsideration, State government leaders continue their crusade to hide relevant documents about the prison overcrowding crisis, and the State's ability to provide constitutional levels of medical and mental health care to prisoners, from plaintiffs and this Court.  In the fall of 2007, the State defendants originally cited an array of privileges as alleged justification for withholding more than 50,000 documents from production in response to plaintiffs' September 5, 2007 discovery request.  However, on December 7, 2007, Magistrate Judge Moulds held that defendants had wholly failed to meet their evidentiary burden establishing that the privileges applied to the more than 50,000 documents.  This Court then granted defendants additional time, on December 14, 2007, to re-review the documents and revise their privilege logs in accordance with the standards required by the Federal Rules of Civil Procedure.  The Magistrate Judge granted defendants yet another extension of time on January 28, 2008 to complete the re-review and revision, and defendants finally produced their "final" privilege logs to plaintiffs on February 15, 2008, almost six months after the request for documents was served.  *See* 4/14/08 Order (*Coleman* Doc. No. 2753) at 2-3; Joint Statement Regarding Discovery Disputes ("Joint Statement") (*Coleman* Doc. No. 2689), filed 2/25/08, at 1-4.

As a result of this re-review, defendants abandoned their assertions of privilege for approximately 36,000 documents that appeared on the original logs.  Defendants continued to claim privilege for 16,788 documents, and asserted attorney-client privilege and/or attorney work-product protection as the basis for withholding more than 7,500, or almost half, of these documents.  *See* Joint Statement at 4:7-16, 6:fn 3.  Plaintiffs did not dispute defendants' claim of attorney-client privilege and/or attorney work-product production for the vast majority of the 7,500 documents and, indeed, moved to compel only 402 of them based on the information provided in defendants' logs:  14 documents appeared to have no attorney as an author or recipient; 9 documents appeared to have been sent or received by an outsider to the attorney-client relationship, and 379 documents appeared to be communications that were not authored by an attorney, were not communications seeking legal advice, and for which the attorney(s)

appeared as "cc" recipients on a group list including a number of non-attorneys. *See* Joint List of Disputed Documents (*Coleman* Doc. No. 2705) at 2-5. The Magistrate Judge conducted an *in camera* review of these 402 documents, and sustained defendants' claim of privilege for 109 of them. Out of the 293 documents for which the Magistrate Judge rejected defendants' claim of privilege, 226 were ordered produced immediately, and the 67 remaining documents were deferred pending the court's determination as to the applicability of the deliberative process privilege, which defendants had also asserted for those 67 documents. 4/14/08 Order. Defendants have now asked this Court to reconsider the Magistrate Judge's determination for 45 of the 226 documents that were ordered to be produced.

This Court should deny defendants' request and uphold the Magistrate Judge's decision as to these 45 documents. The Magistrate Judge already conducted careful *in camera* review of these documents, and, based on the information defendants provided in their privilege log, determined that these documents are not in fact privileged. To the extent that defendants' April 21, 2008 request for reconsideration provides new or different arguments, unsupported by evidence, about these documents seven months after they were to be produced, it is too little far too late.

## PROCEDURAL BACKGROUND

Plaintiffs are classes of state prisoners with serious medical needs (*Plata v. Schwarzenegger*) and serious mental illness (*Coleman v. Schwarzenegger*). On November 13, 2006, the plaintiff classes separately filed motions in the Northern and Eastern Districts of California to convene a three-judge court to limit the prison population in the CDCR, pursuant to 28 U.S.C. § 2284 and 18 U.S.C. § 3626(a)(3). On July 23, 2007, citing defendants' failure to remedy their violations of the plaintiff classes' constitutional rights to adequate medical and mental health care, respectively, the *Plata* and *Coleman* Courts separately granted plaintiffs' motions and referred consideration of a prisoner release order to a three-judge panel. The Chief Judge of the Ninth Circuit appointed this single Three-Judge Court on July 26, 2007 to consider Plaintiffs' requests in both cases for a prisoner release order, pursuant to 18 U.S.C. § 3626(a)(3). The two cases were consolidated for the limited purpose of proceedings before

1    this Court. 7/31/07 Order at 2:5-12.

2        On August 17, 2007, this Court issued an order referring all discovery disputes arising

3    in these proceedings to Magistrate Judge Moulds in the Eastern District of California.  8/17/07

4    Order at 4:3-5.  The parties then engaged in a discovery process during which both plaintiffs

5    and defendants propounded discovery requests.  In response to requests for production of

6    documents served on defendants by plaintiffs on September 5, 2007, defendants produced a

7    series of privilege logs on a rolling basis concurrent with defendants' production of documents.

8    Defendants withheld more than 50,000 documents pursuant to claims of various privileges

9    including deliberative process, official information, attorney-client, attorney work-product, and

10   privacy rights.  *See* Declaration of Andrea Lynn Hoch (*Coleman* Doc. No. 2653-2), filed

11   January 28, 2008, at ¶ 6.  Pursuant to court orders, defendants also submitted the privilege logs

12   and the documents referenced therein to the Magistrate Judge for *in camera* review.  Plaintiffs

13   objected to the sufficiency of defendants' privilege logs, as well as their assertions of privilege,

14   and the parties met and conferred about these issues throughout November 2007.

15       On November 30, 2007, plaintiffs moved to compel production of the documents

16   identified in defendants' first three sets of privilege logs.[1]  On December 6, 2007, the

17   Magistrate Judge heard arguments on this motion, and issued an oral ruling and minute order

18   granting plaintiffs' motion to compel and requiring defendants to produce to plaintiffs all

19   documents cited in the privilege logs on or before 12:00 p.m. on December 7, 2007.  The

20   Magistrate Judge issued a written order on December 7, 2007, finding that defendants failed to

21   meet their Rule 26(a)(5) obligations to describe the documents in sufficient detail to enable

22   plaintiffs to assess the privilege:  "The deficient entries [in the logs] are obvious and they are

---

[1] As of November 30, defendants had produced three sets of privilege logs to plaintiffs and
these were the basis for plaintiffs' motion to compel.  Subsequently, defendants produced
additional sets of privilege logs to plaintiffs and the parties filed a joint statement concerning
production of the documents identified in those logs.  Before disputes as to the additional logs
were resolved, however, the Three-Judge Court granted defendants 45 days to revise all of
their privilege logs and referred the matter back to the Magistrate Judge.  The present dispute
concerns these revised privilege logs, which cover all documents for which defendants assert
claims of privilege.

[209720-1]

1   numerous…[I]t is obvious to this court that defendants have failed to meet their burden of

2   establishing the privileges asserted in these proceedings." 12/7/07 Order at 10:6-17.

3   Specifically, Magistrate Judge Moulds held that defendants failed to meet the legal

4   requirements for establishing the deliberative process privilege and the official information

5   privilege; raised defenses in the proceedings that constituted a waiver of the deliberative

6   process privilege; failed to establish essential elements of the attorney-client privilege and its

7   applicability to the documents for which the attorney-client privilege was claimed; failed to

8   establish that the materials for which they claimed attorney work product protection were

9   entitled to that protection; and failed to offer an adequate basis for withholding documents

10  based on privacy rights. 12/7/07 Order. The Magistrate Judge further ordered that certain

11  documents withheld pursuant to assertions of official information privilege and privacy rights

12  be produced subject to a protective order preventing the parties from making those documents

13  part of the record without further order from the court. *Id*. at 17:20-27. The order also directed

14  the parties to file any motion for reconsideration with the Three-Judge Court. *Id.*

15      On December 7, 2007, defendants filed a motion for reconsideration and/or a stay of the

16  Magistrate Judge's order before this Court. Plaintiffs filed an opposition to defendants' motion

17  on December 10, 2007. On December 11, 2007, this Court issued an order staying the

18  Magistrate Judge's December 6, 2007 order and set a December 13, 2007 status conference

19  regarding defendants' motion. Following the December 13, 2007 status conference, this Court

20  issued an order on December 14, 2007 denying defendants' motion for reconsideration in part,

21  but granting defendants' request for additional time to review and revise their clearly

22  inadequate privilege logs. This Court referred the matter back to the Magistrate Judge for

23  further proceedings in connection with defendants' review and revisions.

24      On December 19, 2007, following a conference with the parties, the Magistrate Judge

25  issued an order requiring defendants to serve their revised privilege logs on plaintiffs on or

26  before January 28, 2008, together with any documents for which the claim of privilege was

27  withdrawn. The order also required defendants, on or before January 28, 2008, to file with the

28  court a copy of the revised privilege logs and to submit under seal to the court a copy of all

[209720-1]

documents described in the revised privilege logs.  The Court set a status conference hearing regarding this dispute for January 29, 2008.

On January 28, 2008, defendants moved *ex parte* for an extension of this deadline, citing their need to complete yet an additional level of review of the documents in the logs, as well as to review and correct errors in the revised privilege logs.  *See* 1/29/08 Order at 2:5-7; Declaration of Andrea Lynn Hoch (*Coleman* Doc. No. 2653-2), filed January 28, 2008, ¶¶ 11-12. The extension was granted, and the Magistrate Judge ordered defendants to serve their final revised logs by February 15, 2008.  1/29/08 Order at 3:7-9.  The Magistrate Judge also ordered defendants to produce a list identifying all individuals appearing on their privilege logs. 1/29/08 Hearing Transcript at 20:4-19.  On February 15, 2008, defendants served their final privilege logs and list of individuals in the logs, identifying approximately 16,788 documents that continued to be withheld based on assertions of privilege.[2]  *See* Declaration of Lori Rifkin In Support of Plaintiffs' Opposition to Defendants' Request for Reconsideration ("Rifkin Decl.") ¶ 2.  Defendants asserted attorney-client privilege and/or attorney work-product protection as the basis for withholding more than 7,500, or almost half of these documents.

In a February 25, 2008 joint statement to the Magistrate Judge, the parties identified the remaining disputes concerning defendants' assertions of privilege.  Plaintiffs continued to contest defendants' assertions of deliberative process privilege (approximately 4,653 documents), but did not contest defendants' claims of attorney-client privilege and/or attorney work-product protection for the vast majority of the more than 7,500 documents for which these protections were claimed.  Joint Statement at 6:7-9.  On February 27, 2008, the Magistrate Judge deferred resolution of the dispute concerning deliberative process privilege until further order of the court, and ordered the parties to further meet and confer concerning the disputes over defendants' assertions of privilege other than deliberative process privilege,

---

[2] Defendants also served yet another incomplete version of their privilege logs on plaintiffs on February 4, 2008, and the February 15 logs purported to incorporate and correct the entries on those logs.  *See* Rifkin Decl. ¶ 2; Joint Statement at 4:fn 2.

1  and to file a list of all documents still in dispute following this process.  2/27/08 Order.  The

2  parties resolved some of their disputes concerning defendants' assertions of privilege through

3  the subsequent meet and confer process.[3]  *See* Joint List of Disputed Documents (*Coleman*

4  Doc. No. 2705) at 5:9.  On March 7, 2008 the parties filed a joint list of the remaining 402

5  disputed documents, which contained only documents for which defendants asserted attorney-

6  client privilege and/or attorney work-product doctrine.[4]  *Id*.  The Magistrate Judge heard

7  argument regarding these documents on March 12, 2008, and, after completing *in camera*

8  review of the documents, issued an order on April 14, 2008 granting in part and denying in part

9  plaintiffs' motion to compel production of these documents.

10      Based on the *in camera* review, the Magistrate Judge ordered defendants to produce 226

11  of the documents which they withheld pursuant to assertions of attorney-client privilege and

12  attorney work-product doctrine, finding that defendants did not meet their burden of proving

13  the asserted privileges for these documents.  4/14/08 Order at 7-11.  On April 21, 2008,

14  defendants requested reconsideration of the Magistrate Judge's April 14, 2008 order by this

15  Court, as to 45 of those documents, or alternatively, a stay by this Court of the order.  Pursuant

16  to the briefing schedule set forth in this Court's April 25, 2008 order, plaintiffs timely file this

17  opposition to defendants' request for reconsideration.  *See* 4/25/08 Order at 2:10-13.

18  Defendants' request does not satisfy the legal standards for reconsideration or a stay, attempts

19  to mislead this Court as to the nature of defendants' assertions of privilege for these

20  documents, and should be rejected.

---

22  [3] The parties resolved all disputes concerning documents for which defendants asserted
    protections based on official information and privacy rights, and some of the disputes
23  concerning documents for which defendants asserted attorney-client privilege and/or attorney
    work-product protection.  *See* Joint List of Disputed Documents at 2-5.

25  [4] This list included documents for which defendants asserted attorney-client privilege and/or
    attorney work-product doctrine in addition to deliberative process privilege.  The Magistrate
26  Judge's April 14, 2008 order does not order production of any of those documents, but defers
    the matter until further order of the court as to deliberative process privilege.  Separately,
27  defendants now attempt to assert deliberative process privilege for documents for which no
    such assertion was made on their privilege logs, and plaintiffs address those nineteen
    documents in Section I (C).

[209720-1]

**ARGUMENT**

**I.    This Court Should Affirm The Magistrate Judge's Decision Finding That Defendants Have Not Established The Application Of Attorney-Client Privilege For These 45 Documents And Order Immediate Production Of These Documents To Plaintiffs**

**A.   The Order Of The Magistrate Judge Is Not Clearly Erroneous Or Contrary To Law**

Fed. R. Civ. P. 72(a) provides that non-dispositive pre-trial matters may be decided by a magistrate judge.  The standard for review by the district judge is whether the decision of the magistrate judge was "clearly erroneous" or "contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A); E.D. Local Rule 72-303(f); *Ainsworth v. Vasquez*, 759 F. Supp. 1467, 1469 (E.D. Cal.1991). Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review.  *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985).  A finding is "clearly erroneous" only when the reviewing Court considering the entire evidence is left with the definite and firm conviction that a mistake has been committed.  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Nat'l Wildlife Fed'n. v. United States Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988); *Champagne v. Whitman*, 2006 WL 2522381, at *1 (E.D. Cal. Aug. 28, 2006) (noting that "[m]otions to reconsider [a magistrate's ruling] are committed to the discretion of the trial court" and that "[t]o succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision"); *cf. Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir.2001) (warning that reconsideration standard presents "high hurdle").

Defendants moved for reconsideration of the Magistrate Judge's determination that defendants failed to adequately establish attorney-client privilege for 45 of the documents the Magistrate Judge ordered produced.  However, in their request for reconsideration, defendants fail to explain why, based on the information available to the Magistrate Judge at the time of his *in camera* review, the Magistrate Judge's order was "clearly erroneous" or "contrary to law."  Rather, defendants now purport to provide new information concerning the authors, recipients, and bases for claiming privilege for these documents, and in many cases

-7-

[209720-1]

1   significantly alter the information provided in the privilege logs in an attempt to "re-assert"

2   attorney-client privilege for these 45 documents.  This information is contained primarily in the

3   unverified chart on pages 4-9 of defendants' request ("April 21, 2008 chart").  In the April 21,

4   2008 chart, defendants fundamentally change the basis of the privilege for each and every

5   document, augmenting or re-characterizing the information previously provided in the

6   "summary" field of their privilege log.  For 28 documents, defendants also change the

7   individuals identified in the "author" and/or "recipient" fields from those identified in their

8   privilege log.[5]  For an additional 10 documents, defendants substitute the phrase "and others

9   within [relevant agency]" on the April 21, 2008 chart for the list of group recipients, including

10  non-attorneys, that was provided in the privilege log.[6]  For the Court's reference, a spreadsheet

11  containing side-by-side comparisons of defendants' descriptions of the disputed documents in

12  their privilege logs and in their April 21, 2008 chart is attached as Exhibit A to the Declaration

13  of Lori Rifkin in Support of Plaintiffs' Opposition filed herewith.  *See* Rifkin Decl. ¶ 4.

14      Defendants' April 21, 2008 chart either significantly misrepresents the documents in

15  dispute, based on the information previously provided in defendants' privilege logs and e-mail

16  communications to plaintiffs, or, alternatively, corrects inaccurate information defendants

17  provided on their privilege logs.  Because the Magistrate Judge already conducted an actual *in*

18  *camera* review of the documents and found them not to be privileged, plaintiffs doubt that

19

20

21

22

23

---

24  [5]The 28 documents are E00047453, E00047456, E00047489, E00047512, E00045983,
    E00045948, E00044626, E00030577, E00030572, E00030574, E00030575, E00028654,
25  E00028650, E00028651, E00097579, E00095784, E00011245, E00082860, E00083812,
    E00047820, E00044272, E00030578, E00030579, E00030571, E00030573, E00030576,
26  E00028979, E00085393.

27  [6] The 10 documents are E00048579, E00047253, E00047256, E00047271, E00046148,
    E00084308, E00084574, E00084575, E00084576, E00084577.

28

[209720-1]

1  defendants' new descriptions of the documents are accurate.[7]  Regardless, in order for a

2  privilege log to be meaningful, the parties and the Court must be able to rely on the

3  information included therein.  *See* Fed. R. Civ. P. 26(b)(5) (party claiming privilege required to

4  assert privilege with specificity by describing the nature of the documents in a manner that will

5  enable other parties to assess the claim of privilege); *see also Peat, Marwick, Mitchell & Co. v.*

6  *West*, 748 F.2d 540, 542 (10th Cir. 1984) (rejecting claim of privilege where party substantially

7  identified disputed document and set forth the circumstances which would support claim of

8  privilege only in motion for reconsideration of trial court's order and holding that "[a] party

9  seeking to assert the privilege must make a clear showing that it applies.  Failure to do so is not

10  excused because the document is later shown to be one which would have been privileged if a

11  timely showing had been made....The applicability of the privilege turns on the adequacy and

12  timeliness of the showing as well as on the nature of the document.").

13        The author, recipient, and description fields are the key factors for establishing that a

14  document is covered by the attorney-client privilege.  Accordingly, defendants' belated efforts

15  to change or even correct this information cannot be considered at this point, which is after

16  defendants produced final privilege logs, after plaintiffs moved to compel documents based on

17  those privilege logs, and after the Magistrate Judge completed his *in camera* review.  *See Peat*,

18  748 F.2d at 542.  Defendants were afforded nearly six months from the time plaintiffs'

19  discovery request was served to produce a reliable privilege log that sufficiently established the

20  elements of the privileges they claimed.  Moreover, defendants represented in their January 28,

21  2008 motion for an extension of time to produce their final privilege logs that they intended to

22  perform an additional review not only of the documents, but also of the revised privilege logs,

23  and would correct errors in those logs.  *See* 1/29/08 Order at 2:5-7.  Despite having ample time

24

25  [7] In fact, unsworn statements of this type by defense counsel as to the authors and recipients of
   documents were previously found to be inaccurate by the Magistrate Judge during his *in*
26  *camera* review.  *See* 4/14/08 Order at 8: fn 6.  The Magistrate Judge also
   noted that defendants failed to explain the discrepancies between defense counsel's statements
27  as to the authors and recipients, and the authors and recipients identified in the privilege log
   entries.  *Id.* at 9: fn 7.
28

[209720-1]

1   to do so, including two extensions by the courts, defendants failed to establish the elements of

2   attorney-client privilege for these 45 documents and should now be compelled to produce them

3   to plaintiffs.

4   **B. Defendants Did Not Meet Their Burden Of Establishing The Elements Of**

5   **Attorney-Client Privilege For These 45 Documents**

6          It is well-established that "[t]he party asserting an evidentiary privilege has the burden

7   to demonstrate that the privilege applies to the information in question." *United States v. Gray*,

8   876 F.2d 1411, 1415 (9th Cir. 1989) (internal quotation marks omitted).  Federal Rule of Civil

9   Procedure 26(b)(5)(A) requires that when a party withholds information otherwise

10  discoverable by claiming it is privileged, "the party must expressly make the claim and

11  describe the nature of the documents, communications, or tangible things not produced or

12  disclosed. . .in a manner that, without revealing information itself privileged or protected, will

13  enable other parties to assess claim."

14          "Federal common law recognizes a privilege for communications between client and

15  attorney for the purpose of obtaining legal advice, *provided such communications were*

16  *intended to be confidential*."  *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001) (emphasis

17  added).  "Because the attorney-client privilege has the effect of withholding relevant

18  information from the factfinder, it is applied only when necessary to achieve its limited

19  purpose of encouraging full and frank disclosure by the client to his or her attorney." *Clarke v.*

20  *Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

21          At a minimum, in order to assert the privilege, the communication must be between a

22  client and an attorney.  However, even where the communications are between an attorney and

23  a client, defendants must show that these were communications intended to be, and in fact

24  were, kept confidential between an attorney and client for the purpose of obtaining legal

25  advice.  *See Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Abrahams*, 905

26  F.2d 1276, 1283 (9th Cir. 1990), *overruled in nonrelevant part by United States v. Jose*, 131

27  F.3d 1325 (9th Cir. 1997).  Furthermore, the fact that an attorney or attorneys appear as one or

28  two of the recipients in a group recipient list does not transform an unprivileged document into

-10-

[209720-1]

1  a privileged attorney-client communication.  "Including an attorney on the distribution list . . .

2  [or] Cc'ing numerous people . . . one of whom happens to be an attorney . . . does not amount

3  to attorney client communication."  *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*,

4  2006 WL 2255538, at * 1 (E.D. Cal. Aug. 7, 2006) (internal quotation marks omitted)

5  (applying California privilege law but noting the federal standard is the same).  Rather,

6  defendants are required to establish that each of the documents for which they assert privilege

7  consisted of a confidential communication between an attorney and a client for the purpose of

8  obtaining legal advice.  If an attorney is merely a "cc" recipient on an e-mail, and not the

9  recipient of "full and frank disclosure" from her client, then the privilege is not properly

10  invoked.

11       Plaintiffs moved to compel three categories of the allegedly attorney-client and attorney

12  work-product documents based on the information contained in defendants' final privilege

13  logs:  (1) documents for which no attorney was listed as either the author or recipient on

14  defendants' logs; (2) documents for which an "outsider" to the attorney-client relationship was

15  listed as an author or recipient on defendants' logs; and (3) documents which listed an attorney

16  as a "cc" on a group email that does not appear to be privileged based on the description in

17  defendants' logs.  For the 45 documents now at issue, the Magistrate Judge appropriately held

18  that defendants did not meet their burden of establishing the applicability of the attorney-client

19  privilege based on the information provided in the privilege log, the accompanying list of

20  individuals identified in the log, and *in camera* review of the documents.

21       **1.  No Attorney As Author Or Recipient**

22       The single document remaining at issue that was ordered produced because neither the

23  author nor the recipient was an attorney is E00028654.  Defendants' privilege log entry lists

24  Karen Finn, Department of Finance (DOF) Program Budget Manager, as the recipient, and Jim

25  Martone, DOF Program Budget Analyst as the author.  Neither of these individuals is an

26  attorney.  However, for the first time in their April 21, 2008 chart, defendants now identify Ben

27  Rice, an attorney, as a recipient for this document.  Whereas defendants described this

28  document on their privilege log as "Email discussing mental health bed plan costs," defendants

-11-

[209720-1]

now describe this document as "an e-mail responding to the Deputy Legal Affairs Secretary's questions regarding funding for mental health beds." Defendants offer no verification or admissible evidence to support these changes. Indeed, defendants fail to acknowledge any of the significant changes in their descriptions, apparently hoping that neither the Court nor plaintiffs will notice. This belated addition of an attorney recipient and change in document description should be disregarded for the reasons stated above. *See Peat,* 748 F.2d at 542. Even assuming that defendants' new description and recipient are correct and appropriate to consider, however, such a communication is not a privileged attorney-client communication. While Mr. Rice is an attorney, his receipt of factual information about the cost or budget for mental health beds is not privileged.

### 2. Document Sent Or Received By Outsider To Attorney-Client Relationship

The three documents remaining at issue that were ordered produced because they were received or sent by an "outsider" to the attorney-client relationship are E00082860, E00083812, and E0004598. The first two documents are email exchanges between Joan Petersilia, a professor at University of California-Irvine as an independent contractor for defendants, and Ben Rice, Deputy Legal Affairs Secretary in the Governor's Office. 4/14/08 Order at 9:11-13. Defendants' privilege log described these documents as "Email discussing EP report and Strike Team work" and identified Kathy Jett (a non-attorney) as an additional recipient of these communications. The Magistrate Judge determined that these documents do not "contain any communication protected by the attorney-client privilege" (4/14/08 Order at 9:15-17) and defendants do not establish a basis for their present assertion that an attorney-client relationship was established between Dr. Petersilia and Mr. Rice. For the third document, E00045948, defendants listed Susan Turner of the Center for Evidence-Based Corrections as a recipient on the privilege log in addition to defendant employees and Deputy Attorney General Lisa Tillman. The Magistrate Judge determined that Ms. Turner is an outsider to the attorney-client relationship and therefore defendants' claim of privilege cannot be sustained. 4/14/08 Order at 9:4-9. In their April 21, 2008 chart, defendants now list Lisa Tillman as the author of the document, and Shama Chaiken (CDCR Chief Psychologist) as the

-12-

only recipient.  Whereas defendants now describe the document as "an e-mail in which Lisa Tillman asks her client to provide her with information to be included in a declaration," defendants previously described it in the privilege log as "Email thread discussing suicide risk screening prior to placement into ASU."  Plaintiffs have no confidence in defendants' present assertion of author and recipient, or new description of the document.  Defendants cannot legitimately support their request for reconsideration of this document by belatedly, and without any verification as to accuracy, changing the author and recipient previously identified to conform to the requirements of the privilege.

### 3. Communications For Which Attorney(s) Appeared As Part Of A Group Of Recipients

The remaining 41 documents at issue fall into the category of communications that were not authored by an attorney, did not appear from the information on the privilege log to be communications seeking legal advice, and for which the attorney(s) appeared as "cc" recipients on a group list including a number of non-attorneys.  Defendants use a variety of tactics in their request to attempt to re-characterize each of these documents as subject to the attorney-client privilege.

First, defendants alter the description of each document, sometimes dramatically, in an attempt to belatedly conform with the requirements of the privilege.  In other words, defendants are not simply seeking reconsideration of the Magistrate Judge's order, but, rather, are asking for a second chance to provide the fundamental information that would establish the privilege in the first place.  This is improper in a request for reconsideration.

Second, for 17 of the documents on the chart,[8] defendants try to "hide the ball," entirely omitting some of the recipients identified in the privilege log other than an attorney and, in some cases, one other individual.  For example, for document E00011245, defendants' chart

---

[8] The 17 documents are E00011245, E00047820, E00045948, E00044272, E00030578, E00030579, E00030577, E00030571, E00030572, E00030573, E00030574, E00030575, E00030576, E00028979, E00085393, E00097579, E00097584.

-13-

1  lists the author as Jaci-Marie Thompson (DOF budget analyst) and the recipient as Lisa

2  Tillman (Deputy Attorney General) and describes the document as "Ms. Thompson provided

3  her attorney, Ms. Tillman, with information regarding funding for a Coleman bed plan."  The

4  privilege log, on the other hand, lists the following recipients for this document:  "Brown,

5  Vince (DOF - Chief Deputy Director of Budgets); Finn, Karen (DOF - Program Budget

6  Manager, Resources, Environment, Capital Outlay, and Otros, RECO); Kessler, Steve;

7  Martone, Jim (DOF - Principal Program Budget Analyst, Capital Outlay, RECO); McKeever,

8  Doug (CDCR - Director, Mental Health Programs); Rice, Benjamin; Sifuentes, George (CDCR

9  - Director of Facilities Management, Office of Facility Planning, Construction and

10 Management); Sturges, Jay (DOF - Principal Program Budget Analyst, CorGen); Tillman, Lisa

11 (DOJ - Deputy Attorney General, Office of the Attorney General); Tilton, Jim (CDCR -

12 Secretary)."  During the parties' meet and confer, defendants described this document as "a

13 communication between Jaci-Marie Thomson, Vince Brown, Steve Kessler, Doug McKeever,

14 Ben Rice, Lisa Tillman, and Jim Tilton."  Even assuming that defendants' new description is

15 correct and appropriate to consider, however, such a communication is not a privileged

16 attorney-client communication.  While Ms. Tillman is an attorney, her receipt of factual

17 information about funding for a bed plan is not privileged.

18        Third, in another hide the ball maneuver, for an additional 18 documents on the April

19 21, 2008 chart,[9] defendants list one to three specific names plus the phrase "and others" as the

20 recipients.  Defendants' privilege log entries show that the "others" to whom defendants refer

21 include a list of non-lawyer recipients.  For example, for documents E00028650 and

22 E00028651, defendants' chart lists the author as Karen Finn (DOF program budget manager)

23 and the recipient as Ben Rice (Deputy Legal Affairs Secretary) and describes the documents as

24 an email and attachment to an email "responding to the Deputy Legal Affairs Secretary's

25

26 _____

27 [9] The 18 documents are E00048579, E00047253, E00047256, E00047271, E00047453,
   E00047456, E00047489, E00047512, E00046148, E00045983, E00044626, E00028650,
   E00028651, E00083408, E00084574, E0008575, E00084576, E00084577.

28

-14-

questions regarding funding for mental health beds." The privilege log lists the author of these documents as Jim Martone (DOF program budget analyst) and the recipients as: "Benson, Stephen (DOF - Associate Finance Budget Analyst, Capital Outlay, RECO); Finn, Karen (DOF - Program Budget Manager, Resources, Environment, Capital Outlay, and Otros, RECO); Rogers, Greg (DOF - Assistant Budget Manager, Capital Outlay, RECO); Rice, Benjamin (GOV - Deputy Legal Affairs Secretary, Office of Legal Affairs)" and describes the documents as "Email thread discussing and attaching pre-decisional report regarding AB 900 funding" and "Pre-decisional draft report discussing AB 900 funding." Again, even assuming that defendants' new description is correct and appropriate to consider, such a communication is not a privileged attorney-client communication. While Mr. Rice is an attorney, his receipt of factual information about funding for mental health beds is not privileged.

Fourth, for 7 of the documents,[10] defendants switch the author identified from a non-attorney on the privilege log to an attorney on the April 21, 2008 chart.

Defendants' attempts to re-characterize these documents in their request for reconsideration, after already having had the opportunity to produce and correct multiple iterations of their privilege logs, should be rejected. Defendants had nearly six months from plaintiffs' request for production to their final production of privilege logs, and another month between that production and the hearing before the court on this issue, to describe and/or correct the basis for their assertions of privilege as to these documents. At the December 6, 2007 hearing, Magistrate Judge Moulds specifically described the nature of the problem for defendants: "[L]ooking at the privilege logs, I can't tell who the client is. I can't tell who's seen the documents. I don't know to whom they've been shown…It just appears that every time anybody who might have gone to law school appeared on a copy of a document, perhaps in the 'cc' list, or otherwise. . .that somebody in [defendants'] operation decided to call that an attorney/client privilege document…" 12/6/07 Transcript at 10:8-22.

_____

[10] The 7 documents are E00047453, E00047456, E00047489, E00047512, E00045983, E00045948, E00044626.

-15-

[209720-1]

After defendants' final production of the privilege logs, plaintiffs challenged only 402 out of more than 7,500 documents for which attorney-client privilege continued to be claimed. Defendants had plenty of time to review this small group of documents and provide additional information as to the basis of the privilege so that the court would not have to rely on inference in conducting the *in camera* review. Defendants failed, or declined to do so. During the March 12, 2008 hearing on this issue, Magistrate Judge Moulds observed precisely the same deficiencies with respect to how the court was to determine whether a document with a group of recipients that included an attorney on the cc list was covered by the attorney-client privilege. 3/12/08 Transcript at 14:8-10 ("[T]here's no inference that can be drawn, other than the listing of the name on the document, that the document should be privileged.").

Defendants did not meet their burden to establish that the attorney-client privilege applies to these 41 documents, and they are bound by the record presented to the Magistrate Judge. They have not offered any evidence or even attempted a sworn explanation as to why the information now provided in the chart is accurate, or why it differs (in some cases, very significantly) from the information provided on their privilege log. They offer nothing more than a bare assertion in a brief. The Magistrate Judge determined the applicability of privilege based on the information provided to him by defendants, and his order was not clearly erroneous nor did it contravene clearly established law. Thus, the order should be upheld by this Court, and defendants should be ordered to produce these documents immediately to plaintiffs.

### C. Defendants' New Assertions Of The Deliberative Process Privilege For Documents Have Been Waived And Should Be Disregarded

Defendants' new assertions of the deliberative process privilege for 19 of these documents should be disregarded. Federal Rule of Civil Procedure 26(b)(5) requires that a party withholding information based on assertion of privilege must "expressly make the claim." Deliberative process privilege was not asserted for these documents in defendants' February 15, 2008 privilege logs, and has been waived. *See, e.g.*, *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 184 (E.D. Cal. 1991) (holding that party's

-16-

1    failure to properly assert the privilege and failure to timely attempt to rectify its error may lead

2    to waiver of privilege by implication); *see also Moloney v. U.S.*, 204 F.R.D. 16, 21 (D. Mass.

3    2001) ("[I]t defies logic to permit counsel to assert one privilege so as to preclude testimony at

4    a deposition, but thereafter research and claim an entirely different privilege in response to a

5    motion to compel.").

6         Defendants had more than ample time to claim privilege in response to plaintiffs'

7    September 5, 2007 request for production.  In fact, defendants represented that their "final"

8    privilege logs, produced on February 15, 2008, were the result of a multi-tiered review process

9    which began with the review of documents that resulted in the first series of privilege logs in

10   November and December 2007, continued with an intensive re-review of documents in January

11   2008, and for some documents, continued with yet another review in February 2008.  *See*

12   Declaration of Andrea Lynn Hoch (*Coleman* Doc. No. 2653-2), filed January 28, 2008, at ¶¶ 6-

13   13.  Moreover, defendants also represented that their review process consisted not only of

14   review of the documents, but also of their revised privilege logs so that they could correct

15   errors in these logs prior to production of the final logs.  *See* 1/29/08 Order at 2:5-7.

16   Defendants produced the final logs on February 15, 2008.

17        Now, however, defendants are asserting deliberative process privilege for 19 documents

18   for which they made no such assertion in their February logs.  In their request for

19   reconsideration, defendants misleadingly state in their description of 19 documents that

20   "Defendants previously asserted application of the deliberative process privilege in either their

21   privilege logs or in the course of meeting and conferring with Plaintiffs' counsel."  *See*

22   April 21, 2008 chart.  In actuality, defendants did not assert deliberative process privilege for a

23   single one of these documents in their final privilege logs.  Rather, they asserted this privilege

24   only in an email to plaintiffs on March 6, 2008, after the final logs were submitted and the

25   parties had already submitted a joint statement to the court as to the remaining disputes based

26   on those logs.  Defendants never presented these claims of privilege to the Magistrate Judge.

27   *See* 4/14/08 Order at 8: fn.6 & 9: fn.7.  Defendants may not now simply tack additional

28   assertions of deliberative process privilege to documents, especially without even attempting to

-17-

[209720-1]

1   satisfy the legal requirements for asserting this privilege by including affidavits of senior

2   agency officials establishing that they have personally reviewed these documents and claim

3   deliberative process privilege for them.  In his April 14, 2008 Order, the Magistrate Judge

4   already rejected this tactic by defendants, noting that defendants' assertion of a deliberative

5   process privilege for the first time for a document in their March 6, 2008 email to plaintiffs

6   was untimely and would not be considered by the court.  *Id.*  This Court should do the same.

7   Defendants represented that they completed a rigorous review process before production of

8   their final privilege logs, and they should not now be allowed to make untimely assertions of

9   privilege as last-ditch efforts to keep these documents from plaintiffs and the Court.

10  ## II.     This Court Should Deny Defendants' Request For A Stay

11          Although defendants nominally requested a stay of the Magistrate Judge's order in the

12  caption and conclusion of their request, they made no attempt to articulate or meet the standard

13  for issuance of a stay.  In fact, they made no argument or statement whatsoever about their

14  request for a stay.  Defendants have not thus far produced these 45 documents to plaintiffs,

15  essentially granting themselves their own *ipso facto* stay of the Magistrate Judge's order.

16  Defendants ask for a stay in the alternative to reconsideration, presumably so that they may

17  appeal any order to produce these documents in the event the Three-Judge Court denies their

18  request for reconsideration. A district court has discretion to stay its order, pending appeal,

19  upon consideration of, "(1) whether the stay applicant has made a strong showing that he is

20  likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a

21  stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

22  proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776

23  (1987).  Defendants have made no showing as to any of these factors, nor have defendants

24  established that the discovery order is an appealable order in the first place.  In fact, the Ninth

25  Circuit dismissed defendants' previous appeal of the discovery orders by the Magistrate Judge

26  and this Court concerning issues of privilege for lack of jurisdiction. *See* 4/16/08 Order, Case

27  No. 08-15063**.**  This Court should deny defendants' request for a stay and order production of

28  these documents to plaintiffs forthwith.

-18-

[209720-1]

## CONCLUSION

Plaintiffs request that the Court deny defendants' request for reconsideration, or, alternatively, request for stay, and order immediate production of these documents to plaintiffs.

Dated:  May 9, 2008                          Respectfully submitted,

                                             ROSEN, BIEN & GALVAN, LLP


                                             By: */s/ Lori Rifkin*_____
                                                 Lori Rifkin
                                                 Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OF APRIL 14, 2008 ORDER OR, ALTERNATIVELY, REQUEST FOR STAY, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[209720-1]