1 | James Hampton P23654
2 | C.S. P - L.A. County/AS-103
  | P.o. Box 4430
3 | Lancaster, Ca 93539-4430

MAY 1 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

4 | United States District Courts For The Eastern District And Northern District

5 | Of California

6

7 | Ralph Coleman, et al.,
  |         Plaintiffs.

8

9 |         V.

10

11 | Arnold Schwarzenegger
   | et al.,        Defendants,

12

No. CIV S-90-0520 LKK JFMP

Three-Judge Court

Motion to Discovery 1054 P.C.

13 | Marciano Plada, et al.,
   |         Plaintiffs,

14

15 |         V.

16

17 | Arnold Schwarzenegger
   | et al.,        Defendants.

18

No. C01-1351 TEH

Three Judge Court

19 | I, James Hampton, as attorney on record in Pro Se in the above case.

20 |     Please take notice Plaintiff is handing over evidence of staff

21 | abuse, and the fact that there is a "Code of Silence," still within the

22 | California Department of Corrections and Rehabilitation (CDCR). All

23 | items, reports, handwritten or typed are also in the possession of

24 | defendants except signed affadavits.

25

26

27

28 | 1258 & 1404 P.C.                              (1)

1    Points and Authorities

2

3    Plaintiff submits the following points and authorities in support
4    of motion.

5

6    Duty to disclose reports and evidence is based on statute, and on due
7    process concerns Penal Code section 1054. (F) provides for disclosure
8    of statements of witnesses whom I intend to call at trial. Due
9    Process requires discloser of any other reports containing evidence
10   that undermines the credibility or probative value of evidence.
11   (U.S. v. Strifer) 1988 CA9 Ariz.) 851 F.2d 1197: Davis v. Alaska,
12   (1974) 415 U.S. 308 (39 L. Fd 2d 347, 94 S.ct. 1105).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   1258 § 1404 P.C.                    (2)

1       <u>Declaration</u>

2

3    I, James Hampton, declare  I am over the age of 18

4    years old. I also declare under penalty of perjury under

5    State and Federal laws that the foregoing is true and

6    correct to the best of my knowledge.

7

8

9

10

11

12       Date: <u>May 6, 2008</u>

13

14

15

16

17

18       Signature: <u>James Hampton</u>

19       James Hampton in Pro Se

20

21

22

23

24

25

26

27

28   1258 ; 1404 P.C.                    (3)

1        List of Items

2

3   1) Petition For Writ of Mandate and Declaratory Relief.
4   Inmate/Parolee Appeal Form dated 2-5-08 with attached
5   exhibits of medical records from my file.
6   Inmate/Parolee Appeal Form dated 4-1-08 with Citizen Complaint.
7   2) Inmate/Parolee Appeal From Eddie Manor H46981
8   Affidavit by Eddie Manor H46981
9   3) Memorandum reaarding television/radio in administrative segregation.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    (4)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

1. _____      1. _____

2. _____      2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Hampton | NUMBER P23654 | ASSIGNMENT — NONE — | UNIT/ROOM NUMBER A5-103 |
|---|---|---|---|

A. Describe Problem: On February 5ᵗʰ, 2008 acting under a color of law J. Castellon and K. Polisort, both Correctional Officers - who assaulted Petitioner under the guise, "He resisted" A. Martinez was the Sergeant at the time who not only ignored the assault, but helped to cover it up. While escorting me from A-Facility, building 4 Law Library in handcuffs. I was brought into A-Facility building 5, and when I was approaching my cell #103 C/o J. Castellon shove me into the wall from behind, and then C/o

If you need more space, attach one additional sheet.   additional page.

B. Action Requested: Stop the "Code of Silence," Drop 115, Inter Affairs Investigation, and Plaintiff seeks monetary damages for injuries suffered, and mental anguish for being in fear for his life. In the amount of $1,000,000 +

Inmate/Parolee Signature: James Hampton          Date Submitted: 4-27-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

J. Castellon, and % K. Poluort shove me to the ground they hit me in my face and head, and also kick me in the head several time, and then told control to hit the alarm. Where % K. Penate came involved. There was also % A. Jackson, % R. Jorgenson who where all on the scene when Sergeant A. Martinez attempted to cover up my injuries by placing a spit mask on my head which Sgt. A. Martinez wouldn't let LVN B. Ingram take off to check for injurys. Later Sgt A Martinez refused Petitioner medical treating by refusing to take Petitioner to TTA under the guise Petitioner "passed" staff earlier in the day. This was a blatant lie so my injury should be discovered. I had a seizure to days later February 7, 2008 where I was taken to TTA. I was sent to Lancaster Community Hospital where a Cat-Scan was done which showed I had a broken nose. I was also determine I had intra granial bleeding. See copies of medical file where for A. Martinez denied medical attention under false pretenses. Also see medical file for injuries. Petitioner charges % J. Castellon, and K. Poluort for violation of Cruel and Unual Punishment for violation of the 8th Amendment of U.S. and S.A. Constitution. Petitioner charges Sergeant A. Martinez for Deliberate Indifference for Cruel and Unual Punishment in violation of the 8th Amendment of U.S. and C.A. Constitution for failing to stop, report the incident, and attempting to cover it up. See Estate of Davis by Ortenfeld v. Delo, (1997) 115 F.3d 1388. Also See Johnson v. Glick, (1973) 481 F.2d 1028, Hudson v. McMillian, (1992) 112 S.Ct. 995. Petitioner also charges % R. Jorgenson, % A. Jackson, K. Penate for Deliberate Indifference for failing to protect, report incident, and innolued in the cover up for the beating Petitioner recieved. ARGUMENTS OF POINTS AND AUTHORITIES It is well established that every peace officer should present himself or herself at all times as law biding and constrained within ethical and constitutional and statutory perimeters. If not the sanctity of the law is sullied, the integrity of the system incroached by corruption under color of law, and the state and federal constitution and laws suffocated. Where allegations of official assault and excessive force is charged, the core inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. See Hudson v. McMillian, (1992) 503 U.S. 9, 6 - 7, Whitley v. Albers, (1986) 475 U.S. 312, 320 - 321. Such factors as the need and amount of force that was used, and the the extent of injury inflicted are relevant to the ultimate determination of whether excessive force was used. See I.d. Equally revelant are factors such as the extent of the threat to the safety of staff and inmates as reasonably percieved by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. See Id at 321. Here there was no reasonableness for any of the force applied. Viewed objectively, every necessary inference to be drawn exhibits a wantoness in the infliction of pain plaintiff underwent at the hands of defendants. Applying the standard set forth in Whitley v. Albers, above the application of force in this instance was unnecessary. Under the circumstances, where all the operation of defendants actions where outside the borders of lawful propriety, and their attempts to maintain a "conspiracy of silence" regarding the physical punching and kicking of a handcuffed man, where the predicates of CCR 15 § 3268 et seq. for application was not met, yet criminal statutes barring the conduct complained under P.C. §§ 147, 149, 673, 2650, 3652, U.S. Const. 8th Amd't, Cal. Const. Art I § 17, Civil Code § 52.1 criminalizing the defendants conduct have been met, it is without alternative reason, unlawful application of force, assault and battery, cruel and unusual punishment conspiracy to perpetrate all the latter mentioned malicious and sadistic actions for the very purpose of causing Plaintiff harm. Plaintiff suffered injuries to his face and head, by conduct of defendants acting under color of law individually and officially during the course of their employment as correction officers, and Plaintiff sues each defendant and officially. Plaintiff also sue (reytenant) K. Thomas for filing to report, and trying to cover up said crime. Plaintiff also charges that the defendants use of force in violation of his rights under the State and Federal Constitution, and laws, fill within the original jurisdiction, and supplemental jurisdiction, over plaintiff's State law claims See 28 U.S.C. (§ 1367(c). Plaintiff also charges criminal prosecution

(1)

under state statutes cited above herin should be applied to each of the
defendants named, above identified. Plaintiff also charges there is a
institutionalization of clinical staff, and staff members with a culture of acceptance
of by turning a blind eye acting under a cover of immunity, or better known
as a "Code of Silence."

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|---|
| P-23654 | HAMPTON | | | | CSP-LAC | FAB5-103L | S08-02-0005 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | RESISTING A PEACE OFFICER | | LOCATION | DATE | TIME |
| CCR §3005(c) | | | (RESULTING IN USE OF PHYSICAL FORCE) | | Cell A5-103 | 02/05/08 | 1225 HRS. |

CIRCUMSTANCES

On Tuesday, February 05, 2008, at approximately 1225 hours, while performing my duties as A5 Ad/Seg Yard #1 Officer, Officer K. Polwort and I were escorting Inmate HAMPTON (P-23654, FAB5-103L back to A-5 from the legal law library. Upon arrival to his assigned cell, Inmate HAMPTON noticed that his cell had been searched and stated, "You guys searched my cell; fuck that, I'm not going in." I informed HAMPTON that we could search his cell at any time. Inmate HAMPTON again stated "Fuck that, I'm not going in." I was holding HAMPTON from his upper left arm with my right hand, and Officer Polwort was standing to his right. I then ordered HAMPTON to step inside of his cell, with negative results. HAMPTON then stiffened his upper body and locked his legs, preventing me from moving him. Fearing for my safety and the safety of my partner, I then grabbed HAMPTON with my left hand by his lower left forearm. I placed my right forearm on his upper back and pushed him to cell door using my body weight. HAMPTON continued resisting by pushing his body back. I twisted and pulled HAMPTON's upper torso to my left, while Officer Polwort pushed him from behind, causing him to lose his balance, and landing on his stomach face down in a prone position on the floor. HAMPTON continued to resist by twisting his upper torso and kicking his legs up and down.

(CONTINUED ON PART "C")

| REPORTING EMPLOYEE (Typed Name and Signature) | | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|---|
| ▶ J. Castellon, Correctional Officer | | | 2-6-08 | A5 Yard #1 | | F/S |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | | |
| ▶ A. Martinez, Correctional Sgt. | | 2-6-08 | DATE | LOC. | | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
| ☐ ADMINISTRATIVE | | 2/7/08 | ▶C. Fortson, Facility "A" Captain | | ☐ HO ☐ SHO ☐ SC ☐ FC | |
| ☑ SERIOUS | | | | | | |

| | | COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
| | ▶ d. Ross | 2-14-08 | 1115 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| LAC-A05-08-02-0071 | ▶ d. Ross | 2-14-08 | 1115 | ▶ | | |

HEARING

Issued copy of I.E. Report. 2/12/08 1245 [signature]

(Disciplinary Hearing)
(Continued On Part C)

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| K. Thomas, Sr. Correctional Lieutenant (SHO) | | ▶ [signature] Thomas | | 7/11/08 | 1520 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ C. Fortson, Facility Captain | 7/31/08 | ▶ R. Nipper, AW (A&B) (CDO) | | 7/11/08 | |
| | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ▶ [signature] | | | 7/23/08 | 0900 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-23654 | HAMPTON | CCR §3005(c) | 02/05/08 | CSP-LAC | S08-02-0005 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ X _Joe Hampton_ | 2-14-08 |
| ☐ ASSIGNED | DATE          NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☒ ASSIGNED | DATE  2/07/08   NAME OF STAFF  C. P. Au | | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ _S. Karr_ | TIME  1115 | DATE  2-14-08 |
|---|---|---|---|

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-23654 | HAMPTON | S08-02-0005 | CSP-LAC | 02/29/08 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

On February 29, 2008, I was assigned as the Investigating Officer pertaining to a CDC-115 Rules Violation Report (RVR) submitted on the above named inmate for violation of the Director's Rules, Section 3005(c), by the Reporting Employee C/O. J. Castellon.

Due to Inmate HAMPTON's (MHSDS) level of care, Staff Assistant was not present nor needed to assist in Effective Communication.

I contacted Inmate HAMPTON (P-23654) and informed him of my assignment as his Investigating Officer pertaining to the aforementioned CDC-115 RVR. I asked him if he had any objections to my being assigned as his Investigating Officer and he stated he had no objections.

**INMATE STATEMENT:** As Investigating Officer, I asked HAMPTON if he had any statements to make concerning this Rules Violation Report and he stated: "I did not resist, I was beat up. I want my catscan from the hospital on the 7th, present at my hearing." This concluded my interview with I/M HAMPTON.

**REPORTING EMPLOYEE:** As investigative Officer, I contacted C/O. J. Castellon, who made the following statements concerning this violation: "I escorted Inmate HAMPTON from the law library to his cell. Upon arrival to his cell, he refused to enter and became resistive. Fearing for my safety and the safety of other staff, I twisted HAMPTON's upper torso to gain control and he lost his balance. HAMPTON was face down on the floor as he continued to resist. HAMPTON was restrained and escorted to medical." This concluded my interview.

**INMATE WITNESSES:** None.
**STAFF WITNESSES:** None.

I/M HAMPTON does not request the presence of the Reporting Employee during the hearing.
I/M HAMPTON does not request the presence of the Investigating Officer during the hearing.
I/M HAMPTON does not request the presence of the Staff Witness(es) during the hearing.
I/M HAMPTON does not request the presence of the Inmate Witness(es) during the hearing.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| L. Ray, Correctional Officer | 2 29 8 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | | 3/12/08 | 1 50 |

CDC 115-C (5/95)

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P23654 | **HAMPTON** | S08-02-0005 | **CSP-LAC** | 03/14/08 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES   ☒ HEARING   ☐ I.E. REPORT   ☐ OTHER: _____

**PLEA: Not Guilty**  **FINDING: Guilty**

**HEARING CONVENED:** On 03/14/08 at approximately **1945** hours, **HAMPTON** made a personal appearance before **Correctional Lieutenant K. Thomas, Sr.,** Senior Hearing Official (SHO), for the purpose of adjudicating this Rules Violation Report. **HAMPTON** stated he was in good health and ready to proceed with this hearing.

**DOCUMENT ISSUANCE:** **HAMPTON** acknowledged that he had received copies of the following documents at least twenty-four (24) hours prior to this hearing:

| FORM NO. | DESCRIPTION | DATE ISSUED |
|---|---|---|
| CDC-115 | Rules Violation Report | 02/14/08 |
| CDC-115A | Serious Rules Violation Report | 02/14/08 |
| CDC-115C | Continuation of Rules Violation Report | 02/14/08 |
| CDC-837 | Crime/Incident Report W/Supps & 7219's (Log #LAC-A05-08-02-0077) | 02/14/08 |
| CDC-115C | Investigative Employee Report | 03/12/08 |

These reports were reviewed with **HAMPTON** in the hearing. **HAMPTON** is charged with **RESISTING A PEACE OFFICER (RESULTING IN USE OF FORCE)**, a Division 'D' Offense. **HAMPTON** was advised that the charged offense is a violation of CCR §3005 Conduct, subparagraph (c) Force or Violence. CCR §3005(c) states, "Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person." **HAMPTON** acknowledged understanding the charge and the evidence being presented.

**DISTRICT ATTORNEY:** This matter has not been referred for felony prosecution.

**TIME CONSTRAINTS:** HAMPTON received a copy of the CDC-115 within 15 days of discovery of the charged offense (CCR 3320(a)). This hearing is being held within 30 days from the date **HAMPTON** received a copy of the CDC-115 (CCR 3320(b)). There has been no time constraint violation that would preclude assessment of credit forfeiture for a guilty finding.

**CONFIDENTIAL INFORMATION:** There was no confidential information to be considered.

**PHOTOGRAPH/VIDEOTAPE EVIDENCE:** There were no photographs or videotapes presented as evidence at this hearing.

**MENTAL HEALTH INFORMATION:** **HAMPTON** is identified as a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care. However, his observed behavior at the time of the rules violation was not reported to have been bizarre, unusual, or uncharacteristic. Therefore, a Mental Health Assessment was not required.

**EFFECTIVE COMMUNICATION:** **HAMPTON** is not currently listed on the Institution's *Report of Inmates with TABE Reading Scores of 4.0 or Lower*. However, **HAMPTON'S** specific TABE reading score could not be ascertained at the time of the hearing. Therefore, pursuant to the Director's Memorandum dated 10/22/03, entitled *EQUALLY EFFECTIVE COMMUNICATION (REVISED)*, the SHO ensured that effective communication had been achieved with **HAMPTON** throughout this disciplinary process in the following manner. The SHO explained the hearing procedures, disciplinary charges, and the evidence supporting these charges to **HAMPTON** speaking slowly and using simple English. Once completed, the SHO had **HAMPTON** read aloud a portion of the circumstances documented on the CDC-115.

SIGNATURE OF WRITER: _____
K. Thomas, Sr., Correctional Lieutenant (SHO)
DATE SIGNED: 3-15-08

☒ COPY OF CDC 115-C GIVEN TO INMATE

GIVEN BY: (Staff's Signature) _____
DATE SIGNED: 4/24/08
TIME SIGNED: 0900

CDC 115-C (5/95)

CLK%A.383 (Ide) OSP 99 25082

Case 2:90-cv-00520-KJM-SCR   Document 2789   Filed 05/12/08   Page 12 of 47

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P23654 | HAMPTON | S08-02-0005 | CSP-LAC | 03/14/08 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES  ☒ HEARING  ☐ I.E. REPORT   ☐ OTHER: _____

**HAMPTON** had no difficulty reading the report and had no difficulty explaining to the SHO his understanding of the disciplinary process, the charges against him, and the evidence supporting these charges.  The SHO is satisfied that effective communication was achieved with **HAMPTON** throughout the disciplinary process.

**STAFF ASSISTANT:** A Staff Assistant (SA) was not assigned because **HAMPTON** does not meet the assignment criteria per CCR 3315(d)(2).  **HAMPTON** appears to be literate, understands English, does not require a confidential relationship, and can present his own defense without assistance.  **HAMPTON** has no mental health factors that require the assignment of a Staff Assistant. As indicated on the CDC-115A, **HAMPTON** waived the assignment of a Staff Assistant.

**INVESTIGATIVE EMPLOYEE:** On 02/29/08, **Officer L. Ray** was assigned as an Investigative Employee (IE). Officer L. Ray interviewed **HAMPTON**, completed the investigation pursuant to CCR 3318(a) and submitted an IE report.  The SHO reviewed the IE report at the hearing and found it to be adequate.

**PLEA AND STATEMENT: HAMPTON** entered a plea of Not Guilty and stated, "I did not resist the officer, I was attacked because of what happened on 04/14/2006, and I requested an on camera interview. I want a copy of my "Cat Scan" dated 02/07/2008."

**WITNESSES:** Neither **HAMPTON** nor the SHO called witnesses at the hearing. **HAMPTON** was given an opportunity to request witnesses when he received a copy of the CDC-115A, when the IE interviewed him, and at the hearing when the SHO advised **HAMPTON** of his right to request witnesses.

**FINDING: Guilty of the Division 'D' Offense WILLFULLY RESISTING ANY PEACE OFFICER IN THE PERFORMANCE OF DUTY** (CCR §3323(f)(6)).  This offense requires evidence that the defendant took a deliberate action that qualifies as resisting a staff member, this action affected the ability of the staff member to perform his or her assigned duties, and this staff member was a peace officer. This finding is based upon a preponderance of the following evidence:

1) The Reporting Employee's Report (CDC-115) authored by Officer J. Castellon, which states in part, "On 02/05/2008, while escorting Inmate HAMPTON (P23654, FAB5-103) from legal library to his assigned cell, HAMPTON noticed that his assigned cell had been searched and stated "You guys searched my cell; fuck that, I'm not going in." HAMPTON was given several orders to enter his assigned cell with negative results. HAMPTON then stiffened his upper body and locked his legs, preventing staff from completing their duties. Fearing for their safety, staff grabbed HAMPTON by his forearm and by utilizing their body weight pushed HAMPTON into the cell. HAMPTON continued to resist by pushing his body back towards staff. C/O Castellon twisted and pulled HAMPTON'S upper torso to the left, while C/O Polwort pushed HAMPTON from behind, causing HAMPTON to loose his balance and land on his stomach face down in the prone position on the floor. HAMPTON continued to resist by twisting his upper torso and kicking his legs up and down. C/O Castellon then placed his right knee between HAMPTON'S shoulder blades, holding HAMPTON from moving. Officer Polwort assisted in restraining HAMPTON by placing his legs across HAMPTON'S lower body. Officer Penate restrained HAMPTON'S legs by placing him in leg restraints.

2) The Supplemental Report (CDC 837C) authored by Officer K. Polwort, which states in part; "On 02/05/2008, while assisting Officer Castellon in escorting Inmate HAMPTON (P23654, FAB5-103) from legal library to his assigned cell, HAMPTON noticed that his assigned cell had been searched and stated "Fuck you, I ain't going in my cell." Officer Castellon then issued several orders for HAMTPON to enter then cell with negative results. HAMTON resisted by stiffening his upper torso and locking his legs, preventing staff from completing their escort. C/O Castellon then placed his right forearm on HAMPTON'S upper back and his left hand on HAMPTON'S left arm and pushed him against his cell door. C/O Polwort grabbed HAMPTON'S right shoulder with his left hand and right bicep and with his right hand and simultaneously pushed HAMPTON while Officer Castellon pulled HAMPTON to the ground.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| K. Thomas, Sr., Correctional Lieutenant (SHO) | | 3/13/08 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | 4.23.08 | 0900 |

CDC 115-C (5/95)

CLK%A.303 (jds) OSP 99 25082

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P23654 | **HAMPTON** | S08-02-0005 | **CSP-LAC** | 03/14/08 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ CDC 115 CIRCUMSTANCES  ☒ HEARING  ☐ I.E. REPORT  ☐ OTHER: _____

HAMPTON landed face down in the prone position and continued to resist by moving his upper torso and kicking his legs. C/O Polwort placed his left across HAMPTON'S lower buttocks area, pinning him to the floor. Officer Penate restrained HAMPTON'S legs by placing him in leg restraints.

3) The Supplemental Report (CDC 837C) authored by Officer K. Penate, which states in part; On 02/05/2008, responded to a personal alarm device activating at FAB4-103, where she observed Inmate HAMTPON (P23654) laying face down and resisting staff by twisting and kicking his legs. C/O Penate was instructed to retrieve a set of leg irons. Upon receiving the leg irons, she placed them on HAMPTON'S legs.

4) Inmate HAMTPON pled Not Guilty to the charges at the hearing. SHO considered the plea of Not Guilty and the defense offered. There is no evidence at the hearing to exonerate Inmate HAMTPON. A finding of guilty is appropriate under the circumstances presented in this disciplinary

**DISPOSITION:** In accordance with CCR 3315(f), **the following penalties have been assessed:**

* **Assessed 90 days Forfeiture of Credit** consistent with the schedule provided in CCR 3323 for a Division 'D' Offense.
* **Assessed 14 consecutive days loss of yard privileges** to be imposed within 90 days & completed no later than 06/12/08.
* **Assessed 90 days loss of canteen privileges** commencing the date of this hearing through 06/12/08.
* **Referred to the Institutional Classification Committee** for program/housing review and SHU term assessment consideration.
* **Counseled** regarding future behavioral expectations and **reprimanded.**

**ENEMY CONCERN: No enemy concern** has resulted from this incident.

**APPEAL RIGHTS: HAMPTON** was advised of the above findings and his right to appeal this finding per CCR 3084.1. **HAMPTON** was further advised he would receive a completed copy of this RVR upon final audit by the Chief Disciplinary Officer (CDO).

**CREDIT RESTORATION: HAMPTON** was advised of his right to restoration of credits under CCR Section 3327 and 3328.

| | | | |
|---|---|---|---|
| | SIGNATURE OF WRITER | | DATE SIGNED |
| | K. Thomas, Sr., Correctional Lieutenant (SHO) | | 9-15-08 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 4-13-08 | 0900 |

CDC 115-C (5/95)

On 03/14/08 Inmate HAMPTON, P23654 appeared before Lieutenant K. Thomas, Sr., Senior Hearing Official, for the adjudication of Rules Violation Report Log Number S08-02-0005. As part of the disposition in this matter, the following penalties have been assessed:

Case 2:90-cv-00520-K-JM-SCR   Document 2789   Filed 06/12/08   Page 14 of 47

- **Assessed 14 consecutive days loss of yard privileges** to be imposed within 90 days & completed no later than 06/12/08.

- **Assessed 90 days loss of canteen privileges** commencing the date of this hearing through 06/12/08.

Orig:   C-File
cc:     Chief Disciplinary Officer
        CCI/CCII
        Housing Unit
        Inmate

**K. Thomas, Sr.**
Correctional Lieutenant (SHO)
Facility 'A'
CSP-Los Angeles County

**DATE:**   03/14/08   **LOSS OF PRIVILEGES**   **GENERAL CHRONO**

| DATE | TIME | |
|---|---|---|
| 2-5-08 | 1600 | at approx 1530, RN Solis recvd a phone call from nurse Ingram stating that I/m was in a alteration c̄ officers earlier and was now c/o HA. This RN (or come.) put a call to PA Olukmami and transferred him to A5 so that he could speak with ~~RN~~ error to LUN Ingram directly. PA Olukmami then called TTA stating he was informed I/m had been "Kicked in the head and is having a severe HA". PA Olukmami wanted I/m brought to TTA for an assessment as he was told I/m has a Hx of seizures. This RN called LUN Jimerez in A5 and informed her to go-ahead and bring I/m up to TTA, p̄ about 5 minutes I recived a call from Sgt Martinez who stated I/m was threatening to assault staff as soon as he could and that he had "gassed" staff earlier in the day and that he was being extremely manipulative and outwardly verbalizing to harm the officers. Sgt Martinez made decision to not transport I/m to TTA @ this time d/t extreme risk of assaultive behavior from I/m. PA Olukmami will notify TTA if and when they are able to bring I/m up— |

| INSTITUTION | HOUSING UNIT | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| CSP LAC | A5 | Hampton<br>P23654 |

PA Olukmami informed Sgt Martinez

JO Connor RN

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                           DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME Hampton James | CDC NUMBER P23654 | INSTITUTION CSP/LAC |
|---|---|---|

| DATE OF BIRTH 9-11-68 | EPRD DATE | 2072 | GENDER M |
|---|---|---|---|

| PRINCIPLE DIAGNOSIS H/A S/P assault | ICD-9 CODE 959 | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S) LCH - CT Scan of Head | # OF DAYS RECOMMENDED |
|---|---|

Please circle all that apply: Diagnostic Procedure/Consultation    Outpatient/Inpatient    Initial/Follow-up

Requested Treatment/Service is: **EMERGENT**    URGENT    ROUTINE

For the purpose of retrospective review, if emergent or urgent, please justify: _____

Proposed Provider: _____    Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant): 39 y/o AA m c/o H/A + being kicked to the head during fake down. (+) HA (+) blurry vision. (-) N/v (-) dizziness (-) confusion / bruises. Please obtain CT of head r/n intracranial bleeding.

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME Brumni w. | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 2/8/08 |
|---|---|---|

| REQUESTING PHYSICIAN SIGNATURE | DATE 2/7/08. | Utilization management tracking #: 07108 2K-08-3941 |
|---|---|---|

| DATE OF CONSULTATION 2/7/08 | PRINTED NAME OF CONSULTANT Alzot |
|---|---|

FINDINGS: Nuevo Intact
CT - Head No Acute Nasal Bone
RECOMMENDATIONS: r/c e 8 day

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE _____ RN | DATE 2/7/08 | |
| PCP SIGNATURE | DATE | |

Attach Progress Note page for additional information.
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

3002083750
HAMPTON , JAMES   39  SX: M   BMR
DOB: 09/11/1968   ADM/REG DT: 02/07/08
MRN: 10057666
LANCASTER COMMUNITY HOSPITAL
9-11-68

**PHYSICIAN REQUEST FOR SERVICES (RFS)**    CDC 7243 (Rev. 11/02)

➢ You can not use arms or legs normally.
➢ There are changes in pupil sizes. (This is the black center in the colored part of the eye)
➢ There is clear or bloody discharge from the nose or ears.

FOLLOW-UP INSTRUCTIONS

01 day: Kanwaljit S Gill, M.D. -  43807 N 10th St West # F  Lancaster  93534 (661)940-0535

Document Released: 12/18/2006 Document Re-Released: 6/11/2007

# Nasal Fracture

You have a nasal fracture. This is a break or crack in the bones of the nose. A minor *fracture* (break in bone) usually heals in a month. Minor fractures that have caused no deformity often require no treatment. More serious fractures where bones are displaced may require surgery. This will take place after the swelling is gone. It will stabilize and align the fracture. You often will receive black eyes from a nasal fracture. This is not a cause for concern. The black eyes will *resolve* (go away) over 1 to 2 weeks.

DIAGNOSIS
X-rays of the nose may not show a nasal fracture even when one is present. Sometimes the caregiver must wait 1 to 5 days after the injury to re-check the nose for alignment and additional x-rays. Sometimes the caregiver must wait until the swelling has gone down.

HOME CARE INSTRUCTIONS
➢ Apply ice to the injury for 15 to 20 minutes each hour while awake (or at least 3 to 4 times per day) for 2 days to keep swelling down. Put the ice in a plastic bag and place a towel between the bag of ice and your skin.
➢ Take medications as directed by your caregiver.
➢ Use acetaminophen (Tylenol®) or ibuprofen (Advil® or Motrin®) as needed for relief of pain and temperature.**Only use these if your caregiver has not given medications that interfere**.

**SEEK MEDICAL ATTENTION IF** pain increases or you continue to have nosebleeds.

**SEEK IMMEDIATE MEDICAL ATTENTION IF:**
➢ You have bleeding from your nose that does not stop after 20 minutes of pinching the nostrils closed and keeping ice on the nose.
➢ You have clear fluid draining from your nose.
➢ You notice a grape-like swelling on the *septum* (the dividing wall between the nostrils). This is a collection of blood (*hematoma*) that must be drained to help prevent infection.

FOLLOW-UP INSTRUCTIONS

01 day: Kanwaljit S Gill, M.D. -  43807 N 10th St West # F  Lancaster  93534 (661)940-0535

Document Released: 12/18/2006

©2001-2006 T-System, Inc. Circle or check affirmatives, backslash (\) negatives.

**15**

**Lancaster Community Hospital**
**EMERGENCY NURSING RECORD**
**Headache**

3002083750
HAMPTON , JAMES      39   SX: M      BMR
DOB: 09/11/1968      ADM/REG DT.02/07/08
MRN: 10057666
LANCASTER COMMUNITY HOSPITAL

**TRIAGE** TIME _1416_   emergent   urgent   non-urgent

NAME: _Hampton, James_
D.O.B: _09-11-68_   AGE: _39_   (M) F
HISTORIAN: (patient) paramedics family_____
ARRIVAL MODE: car  (EMS) (police)
PCP: none ___Prison___
PRIMARY LANGUAGE: _ENGLISH_
^IMMUNIZATIONS: current / referral _____
flu_____   pneumovax_____

TREATMENT PTA   see EMS report   IV  O₂____
last blood glucose_____

**VITALS** Height___6___ Weight___230.___
BP_122_/_79_ P_71_ RR_20_ temp___ TM O R Ax
SaO₂___92%___(RA) O₂___   GCS___

**PAIN LEVEL** current: ____/10   tolerable level ____/10.
scale used _____   quality_____

**CHIEF COMPLAINT** _RIB CORRECTIONAL_
started ___ hrs / days ago   sudden onset _officers beat_
_Prison- c/o bil at temporal 4/0_ _to_
_Assault on illus 2/5/08. No ltc_
fever / chills_____   nausea / vomiting x____
visual disturbance_____   neck discomfort_____
___blurred___ double vision_____   mental status change_____
photophobia_____   chemical / CO exposure_____
dizziness / syncope_____

quality:
similar to
previous
headaches
"pain"

tightness
(throbbing)
sharp
"worst ever"

location of pain:

**ALLERGIES** NKDA
drug - PCN / ASA / sulfa / latex / codeine / iodine
food -_____
**MEDS**   none / see med list_____
_____

**PAST MEDICAL HX** ___negative___
migraines / HTN / diabetes; insulin  _seizures_
past surgeries  none

**SOCIAL HX**   · _____   smoker ____ppd
drugs / alcohol  occasionally / socially / last drink_____
^TB exposure / symptoms_____
^has been physically hurt or threatened by someone close_____

**LNMP** ____ G ___ P___ Ab___ pregnant / postmenop / hyst

RN Signature _____
Page 1 of 2

TIME TO ROOM:_____   ROOM:_____
**INITIAL ASSESSMENT** TIME _2-50_
**GENERAL APPEARANCE**
no acute distress   ___mild / moderate / severe distress_____
alert   ___anxious / decreased LOC_____
   ___tearful / crying_____

**^FUNCTIONAL / NUTRITIONAL ASSESSMENT**
independent ADL   ___assisted / total care_____
appears well   ___obese / malnourished_____
nourished / hydrated   ___recent weight loss / gain_____

**RESPIRATORY**
no resp distress   ___mild / moderate / severe distress_____
nml breath sounds   ___wheezing / crackles / stridor_____
   ___decreased breath sounds_____
   ___tachypnea_____

**CVS**
regular rate   ___tachycardia / bradycardia_____
pulses strong   ___pulse deficit_____

**NEURO**
oriented x 3   ___disoriented to person / place / time_____
PERRL   ___confused / memory loss_____
moves all extremities   ___pupils unequal  R____ L____
nml gait   ___pinpoint / dilated_____
   ___facial droop / tongue deviated_____
   ___weakness / sensory loss_____

**PSYCH**
cooperative   ___uncooperative / combative_____
nml speech   ___inappropriate speech / behavior_____
responds appropriately   ___speech slurred_____

**SKIN**
warm, dry   ___pale / cyanotic_____
intact   ___cool / diaphoretic_____
   ___skin rash_____

RN Signature _____
**ADDITIONAL FINDINGS**   Date:_____
_1425-  to  waiting mesa-also_
_at  same  amount_
_1505-  ordered fur c.t._
_____

**INITIAL ACTIONS**

| TIME | | | INIT |
|---|---|---|---|
| | ID band applied | ID band verified | |
| | disrobed / gowned | blanket provided | |
| | bed low position | side rails up  x1  x2 | |
| | call light in reach | head of bed elevated | |
| | room darkened | | |

^ protocol available

W. OLUKANMI, PA-C
Assistant
3/6/08

ER0011 - ED Nursing Record

**RESP / CVS**
- chest non-tender
- breath snds nml
- heart snds nml
- ___ see diagram
- ___ tenderness / ecchymosis
- ___ splinting / paradoxical movements
- ___ decreased breath sounds
- ___ wheezes / rales / rhonchi
- ___ tachycardia / bradycardia

**GI (ABDOMEN)**
- non-tender
- no organomegaly
- nml bowel snds*
- ___ see diagram
- ___ tenderness / ecchymosis
- ___ mass / organomegaly

**BACK**
- non-tender
- painless ROM
- ___ see diagram
- ___ vertebral point-tenderness
- ___ CVA tenderness
- ___ muscle spasm

**SKIN**
- intact, nml palp.
- ___ see diagram
- ___ crepitus

**EXTREMITIES**
- no evidence of trauma
- nml ROM*
- no pedal edema
- ___ see diagram
- ___ bony point-tenderness
- ___ painful / unable to bear weight
- ___ pulse deficit

**PROCEDURES**

**Wound Description / Repair**

length ___ cm   location ___
superficial • *subcut. *muscle   linear   stellate   irregular
clean   contaminated   moderately / *heavily
distal NVT:   neuro & vascular status intact   no tendon injury
anesthesia:   local   digital block ___ mL
lidoc 1% 2% epi / bicarb   marcaine 0.25% 0.5% LET
☐ moderate sedation required: see attached 23d template
prep:
Betadine
irrigated / washed w/ saline   debrided
   minimal / mod. / *extensive   minimal / *mod. / *extensive
wound explored   undermined
foreign material removed   minimal / mod. / *extensive
   partially completely   *wound margins revised
   minimal / mod. / *extensive   multiple flaps aligned
no foreign body identified

repair:   Wound closed with:   wound adhesive / Dermabond / steri-strips
SKIN-   # ___   -0 nylon / prolene / staples
   interrupted   running   simple   mattress ( h / v )
*SUBCUT-# ___   -0 vicryl / chromic
   interrupted   running   simple   mattress ( h / v )
*may indicate intermediate repair   *may indicate complex repair

**CT SCAN**
head   facial bones   neck   Nasal Bone Fx (handwritten)
___ normal

Underline indicates organ system
* equivalent or minimum required for organ system exam

Head Injury - 01

ER0012

**XRAYS**   ☐ Interp. by me   ☐ Reviewed by me   ☐ Dictd w/ radiologist

**C-Spine**
- ___ nml / NAD   ___ reversal / straightening of cerv. lordosis
- ___ no fracture   ___ DJD / spondylosis / spurring
- ___ nml alignment   ___ fracture   non-displaced   displaced
- ___ soft tissues nml

**Facial Series**
- ___ nml / NAD   ___ soft-tissue swelling
- ___ no fracture   ___ max. sinus opacification / air-fluid level
- ___ soft tissues nml   ___ fracture   non-displaced   displaced
- ___ sinuses nml

**Other** ☐ See separate report

**Pulse Ox** ___ % on RA / ___ L / ___ %   Interp. ___

**PROGRESS**
Time 1640   unchanged   improved   re-examined

Nursed fuck (handwritten, illegible)

___ initial fracture care provided: follow-up on ___

Discussed with Dr. ___   Additional history from:
will see patient in: ED / hospital / office   family · caretaker paramedics
Counseled patient / family regarding ___   RN given
lab / rad results diagnosis need for follow-up ___
**CRIT CARE TIME** (excluding separately billable procedures)
   30-74 min   75-104 min   ___ min

**CLINICAL IMPRESSION**

| | | | |
|---|---|---|---|
| Contusion | head   nose | Intracranial Bleed | |
| Hematoma | scalp   ear R / L | subdural   epidural | |
| Laceration | facial   chin | subarachnoid | |
| Fracture | skull   mandible | intracerebral | |
|   stabilized | mouth   maxilla | Cerebral Contusion | |
|   restorative | lip   eyebrow | Concussion | |
| | Cervical Strain | with LOC   w/o LOC | |
| | | Post-Concussive Syndrome | |

Nasal Bone Fx (handwritten)

**DISPOSITION-** ☐ transferred ☐ home ☐ admit ☐ AMA
**Time** 1940
**CONDITION-** ☐ stable ☐ better ☐ worse ☐ expired

A.FEN 67 (handwritten)   **RESIDENT / PA / NP SIGNATURE**

**ATTENDING NOTE:**
___ Resident / PA / NP's history reviewed, patient interviewed and examined.
Briefly, pertinent HPI is:
My personal exam of patient reveals:
Assessment and plan reviewed with resident / midlevel. Lab and ancillary studies show:
I confirm the diagnosis of:
___ Care plan reviewed. Patient will need:
Please see resident / midlevel note for details.

| Physician Signature | RTI # | turned care over at |
|---|---|---|
| Physician Signature | RTI # | assumed care at |
| ☐ Template Complete | ☐ Additional T-Sheet | ☐ Progress Sheet |

LANCASTER COMMUNITY HOSPITAL
MRN: 10057666   ADM/REG Dt: 03/07/08
DOB: 05/11/1969   ER
EMRG   39   SX: M   BMR
HAMPTON, JAMES-ERIC
3002083750

| DATE | TIME | |
|---|---|---|
| 2/8/08 | 1120 | |

S4 IM present to Clinic c/o HA which started P being kicked in the head while being talken down by Custody. IM c/o hsa of head trauma p GSW to head 1986 - IM had HA then for shirt period of time which then stopped until recent incident 2/5/07. Since the assault he has been having

PMHx: HTN since 46PM HA intermittently which last 1=2 hrs then subsides
PHx of psych ho for 30mins - 1hr the a-occur. P nausea P blurry vision on x off chills on today. As of today

S/M ⊕ H/A ⊕ blurry vision. HA located to R/L temple area, Thumping in Character. Pain rated 8/10 which is not relieved by motrin. ⊖ N/V ⊖ dizzing
⊕ CP ⊖ SOB ⊖ polpatation ⊖ old pam. Last seizure activity 2mths ago. IM stated he cut his left forearm this a.m to relieve some stress. IM stated he doesn't want to go to hospital. Denies suicide ideation
⊖ Hx of hypoglycemia.
O/ 138/98 97³ 82 16 Pulse ox 99% RA. BG-157.
GEN: WD, NN, NAD N/A/Ox3
HEENT: NCAT, ⊖ conduction or bruising noted to scalp
EOMI, PEPRLA neck supple, tracha midline, ⊖ JVD/carotd bruit.
CV: RRR, S₁S₂ Bha c̄rō⟨B⟩
RBD: BS⊕, NT, ND, ⊖ polpable mass ⊖ ridity/guarding.
EXT: ⊖ c/c/E FROM all CRT. ⊖ pain ⊂ ROM.

| INSTITUTION | HOUSING UNIT strength to all pnt 5/5 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|

Cont.
per / Sudny po
Ocusonmi

**INTERDISCIPLINARY PROGRESS NOTES**

Hampton  James
P 23654
9-11-68

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*April 21, 2008*

*HAMPTON, P23654*
*FAB500000000103L*

Log Number: LAC-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) And/Or additional information is needed in that your appeal is missing:*

*YOU HAVE NOT ADEQUATELY COMPLETED THE CDC 602 OR ATTACHED THE PROPER DOCUMENT, CDC-128G ICC. THIS APPEAL WAS FORWARDED TO THE HIRING AUTHORITY AND IT WAS DETERMINED THAT THIS APPEAL DOES NOT MEET THE REQUIREMENT FOR ASSIGNMENT AS A STAFF COMPLAINT. YOU MAY NOT FILE ON BEHALF OF OTHERS.*

J. Curiel
Appeals Coordinator
Correctional Counselor II
CSP - Los Angeles County

· **NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region        Log No.                    Category

1. _____        1. _____        _____

2. _____        2. _____        _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Hampton | NUMBER N23654 | ASSIGNMENT NONE | UNIT/ROOM NUMBER A5-103 |

A. Describe Problem: On April 1, 2008 during 2nd watch M. Becker was playing sexual games with cell #104 Tacmu #V48130 saying he had some personal milk for him (sperm) M. Becker has consistantly talked in a sexual manner to those on his tier (A5-A section) in violation of CCR title 15.9 3391.(a) pursuant to 832.5 citizen complaint. Also CCR title 15§ 3401.5 (a)

If you need more space, attach one additional sheet.

B. Action Requested: Internal Affairs investigations, and removal from Ad-seg co there will be no retaliation

Inmate/Parolee Signature: Jane Hampton        Date Submitted: 4-10-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number
APR 18 2008

APR 08 2008

# § 832.5 CITIZEN'S COMPLAINTS AGAINST PERSONNEL; INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizen's complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. *(Added by Stats. 1974, c. 29 § 1. Amended by Stats. 1978, c. 630 § 4.)* (All references to California Penal Code 1994.)

**PERSONNEL COMPLAINT:**

Complainant _James Hampton_

Address _P.o. Box 4430_

City _Lancaster_ State _Ca_ Zip _93539_

Residence phone (____) _____

~~Business phone~~ _____

~~Date and time of incident~~ _A5 - 103/04_

~~Location of incident~~ _A-Facility - Building 5_

Personnel Involved _M. Becker_

**Check only one:**

1. ☐ Police Department
2. ☒ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☒ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
~~8.~~ _____
9. ☒ Department of Corrections
10. ☐ Bar Association

Names and addresses of witnesses _M.H. Tacmu # V48130, P.o. Box 4430, Lancaster Ca 93539_

Statement of complaint _M. Becker has been talking sexually with inmates talking about how big his dick was, and who he had sex with. He also told Inmate Tacmu if he wanted some personal milk (sperm). M. Becker treathen to write me up cause I told him I was now writing him up for sexual misconduct in violation of CCR § 3391 (a) and § 3401.5 (a) within the California Department of Corrections and Rehabilitation._

APR 03 2008

APR 1 5 2008

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| James Hampton | Jean Hopta | | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| James Hampton | Jan Hapton | P23654 | 4-1-08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

APR 03 2008

APR 15 2008

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*April 9, 2008*

*HAMPTON, P23654*
*FAB500000000103L*

Log Number: LAC-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have not adequately completed the Inmate/Parolee Appeal Form (CDC Form 602).*
*You need to sign and date the next appropriate section.*

*YOU HAVE NOT ADEQUATELY COMPLETED THE CDC 602 OR ATTACHED THE*
*PROPER DOCUMENT. SIGN AND DATE SECTION B.*

J. Curiel
Appeals Coordinator
Correctional Counselor II
CSP - Los Angeles County

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE** |

SWORN AFFidAViT BY EDDiE

MANOR CDC NO: H46981

[PURSUANT TO CCP§§ 1013 (A) 2015, 5,

28 U.S.C. §§ 1746]

I EDDie MANOR HereBY DecLARe uNder THe STATe ANd FederAL PerjURY LAWS THAT:

I HAVe BeeN Housed IN THe Ad-seg uNiT "A-5" ceLL NO: 102 AT CSP-LAC siNCe APRiL, 2007.

I HAVe FiRST HANd KNowLedge OF THe viciousNess, BRUTALiTY, ANd ToRTURe TYPe coNducT THAT OCCURS IN THe A5 Ad-seg uNiT BY SOMe correcTioNAL OFFiceRS ImPose uPON THe PRiSON- eRS Housed IN THis uNiT, THAT INcLudes MR. J. HAMPTON, ANd MY SeLF WHO HAVe BeeN THe SuBJecT OF THeiR BRUTALiTY FOR THe SOLe PURPOSe TO INFLecT PAiN ANd SuFFeriNg uPON US.

I ALSO HAVe FiRST HANd KNowLedge THAT THe code OF SiLeNCe IS HigHLY HoNORed ANd PRACTiced ReLigiouSLY AMONg correcTioNAL STAFF, MedicAL STAFF, ANd THe APPeALS COOR- diNATOR WHO INTeNTioN ALLY ANd coNTiNueOUSLY ReFUSe TO PROPerLY Address OUR APPeAL ISSueS, ANd ABide BY THe RegULATioNS THAT goVeRN INMATe APPeALs, ResuiTiNg IN OUR APPeALS

1.

1  NEVER MAKING IT TO THE SECOND LEVEL, AND
2  IN MANY OCCASSIONS NEVER PROCESSED AT
3  ALL.
4  AND SINCE I HAVE BEEN IN A S Ad-seg
5  UNIT I HAVE CONSTANTLY BEEN HARASSED,
6  THREATENED, FALSELY ACCUSSED AND HAVE
7  BEEN SUBJECTED TO EXCESSIVE FORCE TO
8  INFLICT PHYSICAL INJOURIES ON ME AT
9  LEAST TWO TIME IN THE LAST 12 MONTHS,
10  AND I HAVE ▇▇▇ FILED A LAW SUITE IN
11  UNITED STATE DISTRICT COURT, CASE NO:
12  CV08-1641 (E) AG, AND ALSO see 602
13  COMPLAINT FORM LOG NO: LAC-A-07-01347,
14  AND LOG NO: LAC-A-07-01608. ALL THE ABOVE
15  HAS BEEN FILED FOR THE INHUMANE AND
16  CRIMINAL NATURE OF SOME A S CORRECTIONAL
17  STAFF SO BLATANTLY ENTERTAIN. THEIR HAS
18  ALSO BEEN MANY OTHER MISCONDUCT COMP-
19  LAINTS SUBMITTED BUT UNFORTUNATELY THE
20  APPEALS COORDINATOR CONDONES THIS TYPE OF BE-
21  HAVIOR BY CORRECTIONAL STAFF, BY FAILING TO
22  PROCESS, INVESTIGATE OR RESOLVE THE PROBLEMS
23  IN A FAIR AND JUST MANNER. AND AS A
24  RESULT OF THIS THEIR CONTINUE'S TOBE ACTS
25  OF VIOLENCE AND INHUMANE TREATMENT
26  TO INMATES HERE IN A S-Ad-seg UNIT.
27
28

2.

1  I EDDIE MANOR HEREBY DECLARE I HAVE
2  READ THE CONTENTS OF THIS AFFIDAVIT AND
3  FIND THE CONTENTS HEREIN TO BE TRUE
4  AND CORRECT AND IF SUMMONS TO
5  TESTIFY TO THESE CONTENTS I COULD DO
6  COMPETENTLY, SIGN AND DATED UNDER
7  THE STATE AND FEDERAL PERJURY LAWS BY
8  ME ON APRIL, 30. 2008 AT CSP-LAC
9  IN LANCASTER CALIFORNIA.
10

_Eddie Manor_

EDDIE MANOR AFFidAViT
C.D.C NO: H46981

3.

1  James Hampton #P23654
2  C.S.P.-L.A. County/A5-103
3  P.O. Box 4430
4  Lancaster, Ca. 93539-4430
5
6  Los Angeles Superior Court of California
7
8  James Hampton,                    )No. _____
9          Petitioner,               )Petition For Writ of
10         V.                        )Mandate and Declaratory
11                                   )Relief Demand for Evidentiary
12  F.B. Haws, (Warden) (A),         )Hearing.
13         Respondent                )
14
15      I, James Hampton, Petitioner in the above entitled
16  case, alleges that:
17      1) James Hampton, is the Petitioner in the action
18  entitled James Hampton v. F.B. Haws (Warden)
19      2) Respondent is F.B. Haws warden of Los Angeles County
20  State Prison at Lancaster.
21      3) On February 5, 2008 Petitioner was assaulted
22  by Correctional Officers Jose Castellon and Kevin Polwort.
23  I was also denied medical treatment by Sergeant
24  A. Martinez. See Exhibit "A". Petitioner also filed a
25  inmate grievance (602) on February 8, 2008 for
26  excessive force which was not answered.
27
28                          (1)

1   On February 20, 2008 one of the same officers J.
2   Castellon attacked me again with O.C. Pepper Spray.
3   I took a overdose of pills in front of Correctional
4   Officers M. Becker and Lares who left my cell door,
5   In about 10 minutes % Becker and J. Castellon
6   came back in which J. Castellon told me to step away
7   from the door, and when I complied J. Castellon
8   sprayed. Once again I was denied medical treatment
9   cause it would not collaborate with the Officers
10  statement. R.N. M. Boretto denied Petitioner medical
11  Treatment. Petitioner filed a grievance on March 1, 2008
12  with no response from either grievance thus denying
13  Petitioner access to the Courts.
14                          I
15                      PRECIS
16  4.) This action challenges the custom, policy, practice and illegitimate
17  scheme ("Scheme") by the California Department of Corrections & Rehabilitation
18  (CDCR) without compliance with the requirements of the administrative
19  procedure act (APA) Government Code §§ 11370 ff, and California Code of
20  Regulations (CCR) Title 15 §§ 3084 et seq, and Penal Code § 3058, state law
21  providing an administrative remedy. Under the regulation promulgated by the
22  Department (CDCR), a prison inmate may appeal any departmental decision,
23  action, condition, or policy adversely affecting the inmate's welfare (§ 3084.1,
24  subd. (a): Penal Code (PC), § 5058, The CCR Title 15 § 3084-2 (a)(i) provides
25  all such appeals shall be logged, with the informed review waived
26  for staff misconduct complaints § 3084.5 (3)(6), and written responses
27  at each level of review not waived provided the appellant § 3084.5
28  (3)(a), the regulations also consist four levels of review: an

(2)

1 informal review followed succeively by three formal reviews (§ 3084.5)
2 subd.(a)-(e). The CDCR must complete its informal level review within
3 10 working days, its first formal level review within 30 working
4 days, and its second formal level review within 20 working days.
5 (§3084.6 rsubdc. (a),(b)), the CDCR must complete the third formal
6 level review within 60 working day (Id. Subd.(b)(4). However
7 though state laws and regulations import the process for
8 filing grievances challenging any decision, action, and or policy that
9 adversely effects prisoners, the officials in question act as a
10 confect of line and ranking stafficivil serucuts, and professional
11 associate and chief deputy wardens having in common an
12 interest to cache corruption as to avoid adverse judgement
13 against themselves and or their colleages, so they refuse to log
14 or otherwise acknowledge or respond to complaints filed and
15 make every effort to avoid compliance with laws and
16 regulations to the contrary. Petitioner seeks suspension of the
17 implementation of the scheme of refusing to log or and respond
18 to Petitioner grievances, or appeals.

19                                I I
20                            Parties

21 Petitioner
22 5.) James Hampton, is a state prisoner of the State of California
23 incarcerated at Los Angeles County (LAC) State Prison here at Lancaster.
24 Petitioner arrived back here October 12, 2007, and has remaned
25 here since. Petitioner allege that LAC is not processing
26 grievances acting under a state of immunity because
27 inmates are not allowed access to courts.

28                              (3)

1  Respondent
2  6.) F. B. Haws is the Warden of Los Angeles County State
3  Prison and in sole custody of Petitioner James Hampton. He is
4  responsible for the operations and Custody of Los Angeles County
5  State Prison. Included in his responsibilities is that of complying with
6  the APA set forth at Government Code §11370 et seq.
7                    I I I
8                  F A C T S
9  7.) James Hampton is a state prisoner. Beginning October 12,
10  2008 from Los Angeles County Jail. Petitioner has since been
11  denied his first Amendment right of U.S. and C.A. Constitution.
12  Under Petitioner's right to file a grievance, and access to the
13  Courts.
14  8.) Correctional Officers are allowed to pick up CDCR
15  grievances (602) without giving receipt of doing so in
16  violation of Due Process. There are many things done without
17  fear of Court action because CDCR form 602's are not
18  processed, or logged.
19  9.) On March 1, 2008, Petitioner spoke with Sergeant
20  Diaz who informed Petitioner he logs them as they
21  leave Facility A Building 5.
22  10.) Respondents are employing the refusal to log and
23  record, or otherwise respond to complaints not to solve problems
24  but to immunize themselves from future liability, and legitimate
25  scrutiny and sanctions, thus shielding them from accountability
26  in which their law violations are clear, as is Petitioners rights to appeal
27  that they continue to obstruct.
28                    (4)

1 | 11.) Under state law, exhaustion of the administrative remedy is
2 | a jurisdictional prerequisite to resort to the Courts! "(Rojo v.
3 | Kliger (1990) 52 Cal. 3d 65, 84-85 {276 Cal. Rptr.130, 801 P.2d 373]"
4 | As Witkin explains." The administrative tribunal is created
5 | by law to adjudicate the issue sought to be presented to the
6 | court. The claim or "cause of action" is within the special
7 | jurisdiction of the administrative tribunal and the courts may
8 | act only to review the final administrative determination. This
9 | law is paralleled by (PLRA) 42 U.S.C. 1997.e(a). Here state law provides
10 | an administrative remedy. Under a regulation promulgated by CDCR,
11 | a prison inmate may appeal any department decision, action,
12 | condition, or policy adversely affecting the inmate welfare. (§ 3084.1
13 | subd. (a): P.C. § 5058, the remedy for obstruction of the right to
14 | appeal is the Writ of Mandate (See Wasko v. Department of
15 | Corrections (1989) Cal. App. 3d 996 (259 Cal. Rptr. 764]
16 | (Recognizing that CDCR is subject to Writ of Mandate].
17 | Both Due Process and the requirement of an effective
18 | administrative remedy limit the time C.DC.R. has to complete
19 | the appeal process, and that Petitioner has filed numerous
20 | appeals with no response. Petitioner is aware that respondents
21 | are taking every action not to comply with the requirements.
22 | of the APA in the enactment of their obstruction scheme. (See
23 | Government Code §11370, et seq. These requirements include
24 | written and published notice of proposed action and public
25 | hearings on the adoption of a policy that abolishes the appeal
26 | grievance process, or and the application of Title 15 § 3084 et seq.
27 | to the appeal process.

(5)

28

1  12.) Petitioner's is without further administrative remedy for
2  respondents failure to carry out the above-mentioned requirements.

3                                    IV.

4              First Cause of Action: Writ of Mandate
5  13.) Respondent has a clear, present and ministerial duty to
6  comply with the requirements of the APA and of CCR Title 15
7  §3084 et seq. and at all times relevant herein respondent
8  has had and continues to have the duty and ability to do so.
9  14.) Notwithstanding these duties and abilities, respondent has failed
10 and refused and continues to fail to perform his duty as required
11 by law.
12 15.) Petitioners are suffering irreparable injury (See Exhibit "A") and
13 have no plain, speedy and adequate remedy in the ordinary course
14 of the law to compel respondent to comply with the above-
15 mentioned requirements, thereby rendering this Courts
16 peremptory Writ of Mandate appropriate in that:
17 a.) Petitioners will continue to suffer as long as respondent fail to
18 comply with the requirements of the APA and State laws:
19 b.) Money damages will not adequately compensate the harm caused
20 to Petitioner and those similarly situated.

21                                    V.

22          Second Cause of Action: DECLARATORY RELIEF
23 16.) An actual controversy has arisen and now exists between Petitioners
24 and Respondent relating to their respective rights and duties in that Petitioners
25 contend that implementation of the scheme must follow the
26 requirements of Penal Code §5058 and Government Code §11370 and the
27 APA whereas Respondent by his failure to do so comply contends in
28                                    (6)

1  all respects to the contrary.

2  17.) Petitioner seeks a declaration that respondent is required

3  to comply with the requirements of CCR Title 15 §3084, and P.C.

4  §5058 and the APA before implementation of the scheme.

⟨7⟩

# VI
## *PRAYER FOR RELIEF*

1 | Petitioners are without a plain, speedy or adequate remedy

2 | WHEREFORE, Petitioner prays:

3 | 1.) That the Court declare Respondent's implementation of the Obstruction

4 | of appeal process scheme in violation of the requirements of Penal Code §

5 | 5058: CCR Title 15 § 3084 et sea. and the APA.

6 | 2.) That the Court issue its alternative Writ of Mandate commanding respondent

7 | F.B. Haws to immediately halt continued practice of obstruction of appeal

8 | filing and processing scheme unless and until he complies with the APA, or order

9 | to show cause before this Court at a specific time and place why he has not done so.

10 | 3.) That the Court issue its preemptory Writ of Mandate commanding Respondent

11 | F.B. Haws to immediately halt implementation of the scheme and to recind

12 | authorization for obstruction of the appeal process scheme unless and until

13 | he complies with the APA.

14 | 4.) That the Court grant Petitioner further relief as it deem just and proper.

15 |

16 | Dated: April 20, 2008

17 |

18 |

19 |

20 | Respectfully Submitted,

21 | James Hampton

22 | James Hampton in Pro Per

23 |

24 |

25 |

26 |

27 |

28 | (8)

AS 102L

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

INMATE APPEALS BRANCH

P. O. BOX 942883

SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:     DEC 1 0 2007

In re:    Eddie Manor, H46981
          California State Prison, Los Angeles County
          44750 - 60th Street West
          Lancaster, CA 93536-7620

          IAB Case No.: 0707717        Local Log No.: LAC-07-01347

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that on May 31, 2007, he was maliciously beaten by Correctional Officer (CO) K. Polwort while housed in the Administrative Segregation Unit (ASU). The appellant claims that he was struck on the arm with a baton wielded by CO K. Polwort. The appellant has requested that CO Polwort should be removed from duty at the ASU because of his unnecessary, unethical misconduct.

**II  SECOND LEVEL'S DECISION:** On July 10, 2007, the appellant was interviewed by Correctional Lieutenant V. Hartley. The appeal was partially granted at the Second Level of Review (SLR), as an inquiry into the appellant's allegations has been conducted. All staff personnel matters are confidential in nature. As such, results of any inquiry will not be shared with staff, members of the public, or inmates. Although the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If the appellant wishes to appeal the decision, he must submit the staff complaint to the Director's Level of Review (DLR). The appellant's administrative remedies will be considered exhausted, once a decision has been rendered at the DLR.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. In this case, the institution has reported to the appellant that an inquiry was conducted. On November 6, 2007, this examiner reviewed the inquiry report and found that it supported the findings reached by the institution. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. Therefore no relief is provided at the DLR.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
California Code of Regulations, Title 15, Section: 3001, 3004, 3084.1, 3268, 3268.1, 3270, 3271, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

EDDIE MANOR, H46981
CASE NO. 0707717
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, LAC
       Appeals Coordinator, LAC

COMPLAINT EXCESSIVE FORCE ("PART I") EXHIBIT 15

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. LAC

2. _____

Log No.

1. 07-01347

2. _____

Category

7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME MANOR, EDDie    NUMBER H46981    ASSIGNMENT _____    UNIT/ROOM NUMBER A-5-102

A. Describe Problem: 2.23 Excessive ___ use of FoRce: PeTiTioNeR ALLeges And conTends % PoLWoRT use of excessive FoRce AgAinsT PeTiTioNeR IN vioLATioN OF His "eighTH AMendMenT", THe FoRce WAS NOT APPLied IN A good FAiTH effoRT To MAiNTAiN oRdeR oR secuRiTy, And WAS APPLied MALiciousLy And sAdisTicALLY FoR THe PuRPose OF cAusiNg HARM. In vioLATioN OF EighTH AMendMenT RighTs. I WAS ALso denied By MedicAL TReATMenT BY R.N, MS M. BARReTTo, And L.V.N, MS eRViN, THey did NOT give Me ANy MedicAL ATTeNTioN AT ALL WHeN

If you need more space, attach one additional sheet.    See ATTACHMeNT SHeeT #1. 2. 3

B. Action Requested: % PoLWoRT sHouLd Be ReMoved OFF duTyes HeRe IN Ad-se (ASU) HousiNg uNiTs. BecAuse OF His uNNecessARy, uNeTHicAL MiscoNducT oWARd THis ¼M And MANy MoRe. ¼M HeRe IN Ad-seg, His coNducT goes BeLoW THe sTANdeR PoLiCies 3391 (A)(B)(d) And PeNAL code 832.5 # 54100.25. 11

Inmate/Parolee Signature: Eddie manor    Date Submitted: 6-4-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

**BYPASS**

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:    Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☒ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-11-07    Due Date: 7-19-07

☐ See Attached Letter

Signature: _____ Date Completed: 7-13-07

Warden/Superintendent Signature: _____ Date Returned to: AUG 12 9 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. Attention: 118.1.

C.A Penal Code Section: Peace officers False Reports. How can C/o K. Polwort be a witness to he is the Official. That assaulted "me"? C/o K. Polwort is still interia T/m in A-S-Adlseg unit. On a daily basis. On the day he assaulted me, C/o M. Plaza was standing in fronte of my cell door; watchmuig C/o K. Polwort assaulte me" laughing.. C/o K. Polwort has a crew of C/o's that b.et black. This mostly on a day basis: They allwoek in A-S-Adlsegunt

see ATTACH SHEET (H)

Signature: Eddie Mamou    Date Submitted: 9-2-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☒ See Attached Letter    DEC 1 0 2007

Date: _____

CDC 602 (12/87)

I TOLD THEM BOTH THAT I WAS HIT WITH A BATON ON MY RIGHT ARM. AND THEY BOTH did NOTHEN. ACCORDING TO THE SUPREME COURT OFFICIALS VIOLATE THE CONSTITUTION WHEN THEY INTENTIONALLY deny or deLAY ACCESS TO MEDICAL CARE, PROVIDE GROSSLY INADEQATE TREATMENT LANCASTER. 116 F, 3d AT 1425, CLEARLY esTABLisHed THAT AN OFFICIAL ACT WITH deLiBeRATe INdiFFeReNCe WHEN He KNOWS THAT AN INMATE IS IN serioUS Need OF MedicAL CARE, BUT He FAiLS OR ReFuse TO OBTAIN MedicAL TREATMENT FOR THE INMATE. PeTiTioNeR FURTHeR ALLege ANd CONTEN THAT eACH deFeNdeNTS ALSO HAVe ON NUMEROUS OCCASS iONS HAS VERBALLY HARASSed, WITH VALgoL LANgoAge TAREATING FURTHeR HARM. PeTiTiONeR FURTHeR ALLege ANd CONTend, ASSAULTed HiM USing VioLeNT ANd UNNeCe-SSARY CeLL eXTRACTIONS, ANd A WidesPRead PATTeRN OF eXCessive FORCe. PeTiTioNeR CONTeNd C/o PORTeR, C/o PLASCENCIA, C/o M. PLAZA, ANd OTHeR PRiSON OFFICI ALS ACTS WITH deLiBeRATe IndiFFeReNCe, Becadse THey KNOW OF ANd OBSeRved FiRST HANd ANd diSRegaRds AN INHUMANe CONdiTION ANd ACTIONS THAT CONSTiTuTes AN eXCessive RiSK TO INMATes HeALTH ANd SAFeTY. EACH deFeNdeNT, HAd PeRSONAL KNOWLedge ANd ACTUAL NOTICe OF THe OFFeNding CONdiTION ANd ACTION ANd THe RiSK WAS OBViOUS. WHeN BROUGHT TO SeRgeANT MARTiNez, ANd OTHeR STAFF OFFiCiALS EACH ReFU-Sed TO VeRiFY THe UNdeRLYiNg FACTs THAT He STRONGLY ON BACK" See ATTACHMENT # 2

SUSPECTED TO BE TRUE, AND decLINED TO CONFIRM INFERENCES OF RISK THAT HE STRONGLY SUSPECTED TO EXIST. See: HUDSON V. McMILLAN (1992) 503 U.S. 1 [112 S.CT 995, 117 Lied. 2d 155] WHITLEY V. ALBERS 1986] [475 U.S. 312  106 S.CT 178; 89 Led 2d 251] PETITIONER FURTER ALLege AND CONTENd seriousness OF DEPRIVATION OF PETITIONERS CIVILIZED MEASURES OF LiFe NeceSSITIES, THESE BASIC HUMAN Needs OF AdeQUATe Food, SANITATION, Medical CARE AND PERSONAL SAFeTY. see: HOPTOWIT V. RAY (9TH CIR 1982) 682 F. 2d 1237  7246. PUTITIONER FURTHER ALLege AND CONTEND eACH deFeNdeNT FAILed TO ACT IN A WAY THAT Led To THe ViOLATION OF MY RightS. PeTiTioNeR CONTENd eACH deFeNdANT IS THE direct CAUSATION OF THE ILLegal BeATeN AND IS THE CAUSE OF MY INJURY. PeTiTioNeR ALLege, THAT "SeRgeANT MARTiNeZ" IS THE SUPERViSOR WHo CONdoN, MAde OR CARRied ooT A PoLiCY OR PRACTiCe THAT Lead To THe VioLATion OF MY RightS. MARTiNez did NOT BeAT Me HiMSelf BuT He IS ReSPONSiBLe FOR CREAT A PoLiCY FOR THe BeATing, BY FAiLing To ReACT To WidesPR-eAd SAFeTy PROBLeMS. PeTiTioNeR FURTHER CONTend, INHUMAN TecHNiQ... OF TORTURe. See ATTACHMENT

**EXHIBIT #3**

IN THE LINE OF UNNECESSARY CRUELTY, See:

WILK V. UTAH   99 U.S. 130, 136   25 Ed 345 (1879)

PETITIONER FURTHER ALLEGE UNNECESSARY WONTON
INFLICTION OF PAIN, WHICH PRODUCES PHYSICAL
TURTURE. See: GREEGG V. GEORGIA   SAPRA, AT 182-18.
49L Ed 2d 859, 96, S. CT. 2909. THE SECOND,
HIGHER-RANKING OFFICIALS ARE USING EXCESSIVE
FORCE AND HE ALSO SHOULD BE LIABLE FOR THESE
VIOLATIONS, SUPERVISORY LIABILITY UNDER THE
EIGHTH AMENMENT, MALICIOUSLY AND SADISTIC-
ALLY FORCE WAS USE ON 5-31-07 BY C/O POLWORT
ON EDDIE MANOR H46981.

EST ATE OF DAVIS V. DELO   115, F 3d 1388,
(1395) 8TH CIR. 1997)

## ACTION REQUESTED PART # 2

HIS SUPERIOR'S COLLEAGUE NEED TO BE REPRIMAND TO
THERE HIGH AUTHORITY FOR THERE ROOL'S IN WATCHING
THIS INMATE BE HIT IN THE ARM WITH EXCESSIVE
FORCE BY C/O POLWORT. OFFICIALS WHO WATCH
EXCESSIVE FORCE   DURHAM V. NUMAN   , 97, F3d 862 867.
(6TH CIR 1996)

EXHIBIT



I AM A INMATE AT LANCASTER STATE PRISON
MY CIVIL, AND CONSTITUTION RIGHTS ARE BEING VIOLATED
ON 1ST, 8TH, AND 14TH AMENDMENT. ON 5-31-07
I WAS ASSUALTED BY C/o K. PONORT WITH A BATON,
AND PEPEE SPRAYIED LEFT IN MY CELL WITH NO
MEDICAL TREATMENT FOR A HOUR. I WAS DENIED,
AND DELAYED ALL TREATMENT. BUT THERE WAS A
7219 MEDICAL REPORT WAS FALSIFIED BY MEDICAL
STAFF. R.N. MS. M. BERRETTO. AND ON 7-11-07 I
WAS ASSAULTED BY C/o C. BALDWIN, KICKED IN THE
BACK AND THREATEN WITH MORE VIOLENCE, DENIED,
AND DELAYED MEDICAL AGAIN. AND ALSO ON
6-18-07 I WAS TOOK DOWN IN THE DAY ROOM
DRAGED TO MY CELL BY C/o M. PLAZA, STg A. MARTINEZ
C/o W, CONTALDI, & J. CASTELLON, STg K. THOMAS, I WAS
TOLD TO GET UP WHEN MY HANDCUFFS WERE TAKEN
OFF SO WE CAN BEAT YOUR ASS. AND ALSO FOOD
IS BEING USED AS A MEANS OF PUNISHMENT WITCH
IS A VIOLATION OF STATE AND FEDERAL LAW. AND
PLEASE NOTE: THAT HAS BEEN APPEALS COMPLAINT
FORMS 602 FILED ON ALL INCENDENTS BUT THE

APPEAL COORDINATOR REFUSE TO PROCESS OR
FORWARD COMPLAINTS OR JUST HOLD THEM
FOR MONTHS, OR He send THEM TO THE PeoPLE
THE COMPLAINT IS AgAiNST ANd AS A ReSULT
We THE IN MATeS Receive RETALiATioN FOR
eXeRCiSiNg OUR CONTiTUTioNALLY PROTeCTed
RigHT. So THE APReALS COoRdiNATOR MR J. CURieL
IS ViolATiNg ARe due PROCeSS RigHTs BY NoT
ALOUiNg US To EXHAUST ARe STATe Remedies.
I AM NoT THe ONLY INMATe THiS IS HAPPeNg
TO. BUT IT IS ONLY HAPPeNg TO BLACKS. We
ARe ReCeiViNg FALSiFied 115 RePORTs STATiNg We
ASSAULTed STAFF. PLeASe INVeSTigATe THiS
PRiSON Here IN A5-Ad-Seg BeFOR SoMe ONe
die. I AM IN FeAR FOR MY LiFe ANd I
Need To Be Moved.   PLeASe HeLP

                    Mr Eddie Manor
                    602
            NeVeR ANSWeRed

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date  :    March 12, 2007.

To    :    Associate Directors, Division of Adult Institutions
           Wardens

Subject:   TELEVISIONS IN ADMINISTRATIVE SEGREGATION UNITS

As the result of pending changes to Title 15 Section 3190(s) and Department Operations Manual (DOM) Section 54030, inmates housed in Administrative Segregation Units (ASU) may be permitted to possess one entertainment appliance, physical plant limitations permitting.

Privilege Group (PG) A and B inmates placed in ASU shall have their property inventoried and stored pending the outcome of Initial Classification Committee review. If the inmate is retained in ASU, all allowable property as determined by current departmental policy shall be reissued to the inmate. Inmates in ASU may also purchase an entertainment appliance via the Special Purchase Process. Eligibility to possess an entertainment appliance commences on the date of PG D assignment.

Retention of an entertainment appliance shall be based upon the inmate's disciplinary free behavior. Entertainment appliances are subject to temporary removal as the result of a finding of "Guilty" on any Rules Violation Report (RVR). The loss of an entertainment appliance shall be in addition to any other assessment deemed appropriate by the hearing official. Temporary loss of entertainment appliances shall be assessed as follows:

1.  30 days for the first offense

2.  60 days for the second offense

3.  90 days for the third offense

In addition, a guilty finding for two Serious RVRs or one Serious and two Administrative RVRs within 180-days shall be considered a program failure and result in disposal of the entertainment appliance in accordance with DOM Section 54030.12.2.

If further information is needed, please contact Don C. Price, Facility Captain (A), Standardized Procedures Liaison Unit, at (916) 327-5305.

*Original signed by:*

LEA ANN CHRONES
Director (A)
Division of Adult Institutions

cc:  Scott Kernan
     Teresa Schwartz
     Tim Virga
     Don Price

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date  :    March 12, 2007

To    :    Associate Directors, Division of Adult Institutions
           Wardens

Subject:   TELEVISIONS IN ADMINISTRATIVE SEGREGATION UNITS

As the result of pending changes to Title 15 Section 3190(s) and Department Operations Manual (DOM) Section 54030, inmates housed in Administrative Segregation Units (ASU) may be permitted to possess one entertainment appliance, physical plant limitations permitting.

Privilege Group (PG) A and B inmates placed in ASU shall have their property inventoried and stored pending the outcome of Initial Classification Committee review. If the inmate is retained in ASU, all allowable property as determined by current departmental policy shall be reissued to the inmate. Inmates in ASU may also purchase an entertainment appliance via the Special Purchase Process. Eligibility to possess an entertainment appliance commences on the date of PG D assignment.

Retention of an entertainment appliance shall be based upon the inmate's disciplinary free behavior. Entertainment appliances are subject to temporary removal as the result of a finding of "Guilty" on any Rules Violation Report (RVR). The loss of an entertainment appliance shall be in addition to any other assessment deemed appropriate by the hearing official. Temporary loss of entertainment appliances shall be assessed as follows:

1. 30 days for the first offense

2. 60 days for the second offense

3. 90 days for the third offense

In addition, a guilty finding for two Serious RVRs or one Serious and two Administrative RVRs within 180-days shall be considered a program failure and result in disposal of the entertainment appliance in accordance with DOM Section 54030.12.2.

If further information is needed, please contact Don C. Price, Facility Captain (A), Standardized Procedures Liaison Unit, at (916) 327-5305.

*Original signed by:*

LEA ANN CHRONES
Director (A)
Division of Adult Institutions

cc:   Scott Kernan
      Teresa Schwartz
      Tim Virga
      Don Price