1  EDMUND G. BROWN JR.                          HANSON BRIDGETT LLP
   Attorney General of the State of California   JERROLD C. SCHAEFER - 39374
2  DAVID S. CHANEY                              PAUL B. MELLO - 179755
   Chief Assistant Attorney General             SAMANTHA TAMA - 240280
3  FRANCES T. GRUNDER                           RENJU P. JACOB - 242388
   Senior Assistant Attorney General            425 Market Street, 26th Floor
4  ROCHELLE C. EAST - 183792                    San Francisco, CA  94105
   Supervising Deputy Attorney General          Telephone: (415) 777-3200
5  LISA A. TILLMAN - 126424                     Facsimile: (415) 541-9366
   Deputy Attorney General                      jschaefer@hansonbridgett.com
6  CHARLES ANTONEN - 221207                     pmello@hansonbridgett.com
   Deputy Attorney General                      stama@hansonbridgett.com
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5443
   Facsimile:  (415) 703-5843
9  rochelle.east@doj.ca.gov
   lisa.tillman@doj.ca.gov
10
   Attorneys for Defendants
11

12              UNITED STATES DISTRICT COURT

13         FOR THE NORTHERN DISTRICT OF CALIFORNIA

14         AND THE EASTERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17
   RALPH COLEMAN, et al.,                No.  2:90-cv-00520 LKK JFM P
18
                Plaintiffs,              THREE-JUDGE COURT
19
        v.
20
   ARNOLD SCHWARZENEGGER, et al.,
21
                Defendants.
22

23   MARCIANO PLATA, et al.,            No. C01-1351 TEH

24                Plaintiffs,            THREE-JUDGE COURT

25   v.                                  DEFENDANTS' REPLY TO
                                         PLAINTIFFS' OPPOSITION TO
26   ARNOLD SCHWARZENEGGER, et al.,      DEFENDANTS' REQUEST FOR
                                         RECONSIDERATION OF APRIL 14,
27                Defendants             2008 ORDER OR, ALTERNATIVELY,
                                         REQUEST FOR STAY
28

                            - 1 -

1    Plaintiffs categorize Defendants' endeavor to preserve the confidentiality of 45

2    privileged attorney-client communications -- out of a total of over 400,000 documents

3    produced to Plaintiffs to date -- as a "crusade to hide relevant documents about the

4    prison overcrowding crisis." (Plaintiffs' Opp'n to Defendants' Request for

5    Reconsideration (Opp'n) at 1:3.) The numbers themselves indicate to the contrary.

6    More importantly, however, longstanding jurisprudence extols the virtue of maintaining

7    as confidential attorney-client privileged communications. *Upjohn Co. v. U.S.*, 449 U.S.

8    383, 389 (1981); *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1492 (9th Cir.

9    1988). Plaintiffs fail to recognize and accord deference to this sacrosanct privilege, and

10   further fail to articulate any legitimate grounds to compel the production of these 45

11   privileged documents. Therefore, Defendants' request for reconsideration should be

12   granted, setting aside the Magistrate Judge's order compelling the production of these

13   45 documents.

14   The parties to this proceeding have been engaged in an ongoing discovery

15   dispute regarding Plaintiffs' request for the production of documents, which was served

16   on Defendants on September 5, 2007, before this Court declared that discovery was

17   even open in this proceeding. Once this Court issued its September 25, 2007 order

18   advising that discovery was in fact open, Plaintiffs and Defendants stipulated to a highly

19   aggressive "rolling production" schedule whereby Defendants agreed to review and

20   produce thousands of documents each week over the course of one month. (*See Plata*

21   Docket No. 908.) This "rolling production" schedule also included tight timetables for the

22   production of privilege logs to Plaintiffs. (*Id.*) Defendants first began producing

23   documents to Plaintiffs on November 1, 2007. In contrast, Defendants served Plaintiffs

24   with a request for the production of documents on October 2, 2007, and never received

25   a single document in response until only recently when, on April 8, 2008, the *Plata*

26   Plaintiffs produced to Defendants a small handful of documents from one class

27   representative.

28   The "rolling production" schedule provided for short turnaround times with regard

1   to document review, production, and creation of corresponding privilege logs.  Given the
2   overwhelming number of documents to review, and the very limited time within which to
3   complete the review and produce the logs, Defendants concede that their initial privilege
4   logs were inadequate.  Despite Plaintiffs' complaints that Defendants' privilege logs were
5   insufficient, however, Plaintiffs nonetheless refused to grant Defendants additional time
6   to revise the privilege logs.  Defendants therefore sought leave from both this Three-
7   Judge Court and from Magistrate Judge Moulds for additional time to supplement and
8   revise the privilege logs.  (*See* December 14, 2007 Order; January 29, 2008 Order.)

9          Plaintiffs filed a motion to compel the production of *all* documents withheld on the
10  basis of any privilege on November 30, 2007, having refused to specifically identify
11  which documents Plaintiffs believed were improperly deemed privileged.  (*Plata* Docket
12  No. 993.)  Plaintiffs' motion to compel was initially granted by Magistrate Judge Moulds,
13  and later stayed by this Court to permit Defendants additional time to conduct a re-
14  review of all documents in dispute and revise the corresponding privilege logs.
15  (December 7, 2007 Order; December 11, 2007 Order; December 14, 2007 Order.)
16  Following Defendants' re-review, Plaintiffs finally identified 516 documents that Plaintiffs
17  contended were not attorney-client privileged communications.[1]  Defendants agreed to
18  further review those 516 documents, and thereafter produced 91 of those documents to
19  Plaintiffs.

20         Magistrate Judge Moulds held a hearing on the remaining disputed attorney-client
21  privileged documents and issued an order on April 14, 2008, requiring Defendants to
22  produce some, not all, of the 425 documents that remained in dispute.  Defendants seek
23  reconsideration of only 45 documents ordered released by the April 14, 2008 Order on
24  the grounds that these 45 documents are protected from disclosure by the attorney-client
25  privilege, and that therefore the April 14, 2008 Order is contrary to law and well-
26

27  _____
    [1] Plaintiffs also dispute the privileged nature of those documents that Defendants
28  contend are protected by the deliberative process privilege, however that dispute
    remains pending before Magistrate Judge Moulds.

DEFS.' REPLY TO PLS.' OPP'N TO DEFS.' REQUEST FOR RECONSIDERATION          1468547.1

1    established public policy.[2]  In response, Plaintiffs argue that these documents should be

2    ordered produced because, in support of their motion for reconsideration, Defendants

3    provided this Court with a more detailed description of the 45 documents in dispute than

4    was included in the privilege logs, and that somehow Defendants have therefore failed to

5    explain why the Magistrate Judge's order was clearly erroneous.  (Opp'n at 2:13-16;

6    7:24-27.)  Plaintiffs, however, cite no authority in support of their proposition that by

7    providing this Court with a thorough explanation as to why the Magistrate Judge erred in

8    determining that a privileged attorney-client communication should be released, that

9    Defendants' request for reconsideration is "too little far too late."  (Opp'n at 2:15-16.)

10    Because a thorough review of the 45 disputed documents establishes their privileged

11    nature, and because Plaintiffs fail to assert any legitimate reason as to why these

12    documents are not privileged, Defendants' request for reconsideration must be granted,

13    and the April 14, 2008 Order must consequently be set aside.

14    **ARGUMENT**

15    **A.  The April 14, 2008 Order Requiring Production of Attorney-Client Privileged**

16           **Communications is Clearly Erroneous and Contrary to Well Established Public Policy.**

17    In Defendants' request for reconsideration, Defendants explained that Magistrate

18    Judge Moulds' April 14, 2008 Order failed to include a particularized explanation as to

19    why the attorney-client privilege does not apply to the documents identified by

20    Defendants.  The Order, with the exception of three documents, calls for the wholesale

21    disclosure of certain categories of documents without explanation.  The disclosure of

22    privileged attorney-client communications is in contravention of the well established

23    public policy in favor of facilitating open communication between attorneys and their

24    clients.  *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981).  The April 14, 2008 Order, which

25    requires Defendants to produce to Plaintiffs certain documents that include confidential

26

27    [2] Though Defendants do believe that many more than the 45 documents in dispute are attorney-client privileged communications, for the sake of judicial efficiency and in the spirit of cooperation, Defendants limit their request for reconsideration to only 45 documents.

28

- 4 -

1    communications between Defendants and their attorneys, disregards the importance of

2    preserving the attorney-client privilege.  *See Admiral Ins. Co. v. U.S. District Court*, 881

3    F.2d 1486, 1492 (9th Cir. 1988).  Such an order is clearly erroneous, contrary to the well-

4    established public policy consideration of preserving attorney-client relations, and is

5    appropriate for reconsideration by this Three-Judge Court.

6         Plaintiffs attempt to oppose Defendants' request for reconsideration on the

7    grounds that it was somehow improper for Defendants to include in their request for

8    reconsideration a chart listing the 45 disputed documents, their author and recipient, and

9    a brief explanation of their privileged nature.  (Opp'n at 7:24-9:18.)  Plaintiffs contend

10   that the chart includes "new information" that "cannot be considered at this point" and

11   that Defendants fail to explain why Magistrate Judge Moulds' Order was improper based

12   on the information available to him at the time of his review.  (Opp'n at 7:24-28; 9:15.)

13   Plaintiffs' argument, however, is quite contradictory in the sense that Defendants'

14   explanation as to why the Magistrate Judge's Order was improper is based upon the

15   information contained in the chart, which was similarly available to Magistrate Judge

16   Moulds at the time of his review.  The information contained in the chart is drawn from

17   the documents themselves; documents which the Magistrate Judge had access to at the

18   time of his review.  This information is not new, and exists on the face of the documents

19   that have been in dispute since discovery first began in this proceeding.

20        Further, the chart does not contain "new information;" rather, the chart merely

21   identifies the 45 disputed documents and provides this Court with an easy reference

22   highlighting precisely why the April 14, 2008 Order was improper.  Plaintiffs

23   mischaracterize Defendants' reference chart as an attempt to alter information contained

24   in Defendants' privilege logs.  (Opp'n at 9:14-17.)  The chart is not intended to be a

25   privilege log, but instead is only intended to demonstrate precisely why the disputed

26   documents were properly deemed privileged attorney-client communications.  The chart

27   does not "correct[] inaccurate information" or "significantly alter the information" included

28   in Defendants' privilege logs, as Plaintiffs incorrectly assert.

1    Plaintiffs further contend that Defendants had ample time to produce a sufficient

2    privilege log establishing the elements of the attorney-client privilege for these 45

3    documents, but failed to do so.  Plaintiffs look to Defendants' inclusion of the above-

4    described chart as evidence of the alleged inadequacy of the privilege logs, and cite to

5    Tenth Circuit case law in support of their contention that Defendants must be compelled

6    to produce these documents because the privilege logs do not adequately and precisely

7    establish the attorney-client privileged nature of these communications.  (Opp'n at 9:1-

8    10:3.)  However, Ninth Circuit case law provides that Rule 26(b)(5) of the Federal Rules

9    of Civil Procedure "does not attempt to define for each case what information must be

10   provided when a party asserts a claim of privilege," and that "while details may be

11   appropriate under some circumstances, there are circumstances in which they would be

12   unduly burdensome."  *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for*

13   *the Dist. of Montana*, 408 F.3d 1142, 1147-48 (9th Cir. 2005).  The Ninth Circuit's

14   decision in *Burlington Northern* specifically cautioned against relying upon a

15   "mechanistic determination of whether the information [asserting privilege] is provided in

16   a particular format."  *Id.* at 1149.  Thus, while Defendants' chart may include additional

17   information for certain documents that was not previously included in Defendants'

18   privilege logs, that factor is immaterial given that the privilege logs timely and sufficiently

19   established the privileged nature of the documents in dispute, and "providing particulars

20   typically contained in a privilege log is presumptively sufficient."  *Burlington Northern*,

21   408 F.3d at 1149.

22   Plaintiffs also draw attention to three specific documents that they claim include

23   outsiders to the attorney-client relationship.  Documents E00082860 and E00083812

24   contain privileged attorney-client communications between Ben Rice, Deputy Legal

25   Affairs Secretary in the Governor's Office, and Joan Petersilia, member of the

26   Governor's Strike Team.  Ms. Petersilia, as a member of the Governor's staff who was

27   engaged by the Governor to assist in Strike Team efforts, is clearly a client of Mr. Rice,

28

DEFS.' REPLY TO PLS.' OPP'N TO DEFS.' REQUEST FOR RECONSIDERATION          1468547.1

1   who is an attorney in the Governor's Office.  Additionally, document E00045948[3] is

2   similarly protected by the attorney-client privilege as it contains privileged

3   communications between Deputy Attorney General Lisa Tillman, and her client, Shama

4   Chaiken, Chief Psychologist of the Mental Health Program in the Division of Correctional

5   Health Care Services, in which they discuss information that should be contained within

6   Dr. Chaiken's declaration.  Such communications are precisely of the type contemplated

7   by the attorney-client privilege, and are therefore entitled to protection.  Because

8   Magistrate Judge Moulds' Order improperly calls for the dissemination of such privileged

9   communications, Defendants' request for reconsideration must be granted.

10  **B.    Defendants Did Not Waive Protection of Certain Documents by Asserting the Deliberative Process Privilege.**

11

12       In their opposition, Plaintiffs argue that "Defendants' new assertions of the

13   deliberative process privilege for 19 of (the 45) documents should be disregarded."

14   (Opp'n at 16:23-24.)  The basis for Plaintiffs' contention is that because the deliberative

15   process privilege was not claimed for these documents in Defendants' February 15,

16   2008 privilege logs, that the privilege is now somehow waived.  (Opp'n at 16:26-27.)

17   Plaintiffs assert that "Defendants had more than ample time to claim privilege in

18   response to plaintiffs' September 5, 2007 request for production."  (Opp'n at 17:6-7.)

19   While Defendants take issue with Plaintiffs' characterization that Defendants had ample

20   time to review hundreds of thousands of documents, especially when Plaintiffs never

21   produced a single document until only recently in response to Defendants' request for

22   the production of documents, regardless, the Ninth Circuit has rejected a strict *per se*

23   waiver rule of the type contemplated by Plaintiffs.

24       In *Burlington Northern*, the Ninth Circuit explained that Rule 26 of the Federal

25   Rules of Civil Procedure require something more specific than a generalized objection to

26   properly assert privilege, however noted that Rule 26 does not "explicitly articulate a

27

---

28  [3] This document was incorrectly listed in Plaintiff's opposition as document E0004598. (Opp'n at 12:14.)

1    waiver rule." *Burlington Northern*, 408 F.3d at 1147.  The Court specifically stated that

2    "we also reject a *per se* waiver rule that deems a privilege waived if a privilege log is not

3    produced within Rule 34's 30-day time limit.  Instead, using the 30-day period as a

4    default guideline, a district court should make a case-by-case determination," taking into

5    account certain factors such as: (1) the degree to which the assertion of privilege

6    enables the opposing party and the Court to evaluate whether the withheld document is

7    privileged; (2) the timeliness of the objection; (3) the magnitude of the document

8    production; (4) and any other circumstances that make responding to discovery

9    unusually easy or unusually hard.  *Burlington Northern*, 408 F.3d at 1149.  Here,

10   because each of these factors weigh in Defendants' favor, Defendants did not waive

11   their right to assert the deliberative process privilege for the 19 documents highlighted by

12   Plaintiffs.

13        First, Defendants' assertion of the deliberative process privilege for these

14   documents, though not contained in a specific privilege log, was sufficient to notify

15   Plaintiffs of the privileged nature of the withheld documents.  The Ninth Circuit explicitly

16   stated in *Burlington Northern* that the Federal Rules of Civil Procedure do not "attempt to

17   define for each case what information must be provided when a party asserts a claim of

18   privilege." *Burlington Northern*, 408 F.3d at 1147-1148.  Defendants notified Plaintiffs in

19   the course of an e-mail communication and again provided additional information

20   regarding the privileged nature of these documents in the chart included in Defendants'

21   request for reconsideration.  Such notification is sufficient under the guidelines of

22   *Burlington Northern*.  Additionally, these objections were timely given that the Magistrate

23   Judge has not yet ruled on Defendants' assertion of the deliberative process privilege.

24   Further, the magnitude of the document production is overwhelming -- over 400,000

25   documents have been produced, and hundreds of thousands others reviewed --

26   indicating the reasonableness of Defendants' assertion of the privilege.  In the context of

27   such an enormous production, it seems almost insignificant to bring 19 documents to the

28   Court's attention.  Lastly, the very limited timeframe within which the document

1  production was scheduled to be completed presented Defendants with unusually hard

2  circumstances.  The Magistrate Judge refused to permit Defendants additional time to

3  complete the production, and accordingly, Defendants had no other choice but to enter

4  into a highly aggressive "rolling production" schedule which Plaintiffs only permitted

5  Defendants very limited time to review the hundreds of thousands of potentially

6  responsive documents.  (*See* October 30, 2007 Order; *Plata* Docket No. 908.)  In this

7  context, and considering the Ninth Circuit's rejection of a *per se* waiver rule, Defendants

8  cannot be said to have waived their right to assert the deliberative process privilege for

9  only a handful of documents.

10                                                **CONCLUSION**

11            For the reasons articulated above and in Defendants' moving papers, Defendants

12  respectfully request that this Three-Judge Court grant Defendants' request for

13  reconsideration of Magistrate Judge Moulds' April 14, 2008 Order.

14

15  DATED:  May 16, 2008                          HANSON BRIDGETT LLP

16

17                                                By:_____/s/ Paul Mello_____

18                                                PAUL MELLO
                                                  Attorneys for Defendants Arnold
19                                                Schwarzenegger, et al.

20  DATED:  May 16, 2008                          EDMUND G. BROWN JR.

21

22                                                By:_____/s/ Rochelle East_____

23                                                ROCHELLE EAST
                                                  Supervising Deputy Attorney General
                                                  Attorneys for Defendants Arnold
24                                                Schwarzenegger, et al.

25

26

27

28

DEFS.' REPLY TO PLS.' OPP'N TO DEFS.' REQUEST FOR RECONSIDERATION          1468547.1