EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST - 183792
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
CHARLES ANTONEN - 221207
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5443
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
RENJU P. JACOB - 242388
SAMANTHA TAMA - 240280
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
rjacob@hansonbridgett.com
stama@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

        Plaintiffs,

    v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.

MARCIANO PLATA, et al.,

        Plaintiffs,

    v.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants

**No. 2:90-cv-00520 LKK JFM P**

**THREE-JUDGE COURT**

No. C01-1351 TEH

**THREE-JUDGE COURT**

**JOINT STATEMENT REGARDING
ADDITIONAL DISCOVERY DISPUTE**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................. 1

    A.   Plaintiffs.............................................................................................. 1

    B.   Defendants .......................................................................................... 1

II.  STATEMENT REGARDING DETAILS OF THE MEET AND CONFER ............... 2

    A.   Plaintiffs.............................................................................................. 2

    B.   Defendants .......................................................................................... 3

III. LEGAL ARGUMENT ...................................................................................... 5

    A.   Plaintiffs.............................................................................................. 5

        1.   Defendants Have Waived Any New Assertions Of The
            Deliberative Process Privilege ............................................... 5

        2.   Defendants Do Not Establish That These Documents Are
            Pre-decisional And Deliberative In The Narrow Sense Of The
            Deliberative Process Privilege ............................................... 7

        3.   Even If Defendants Have Not Waived Deliberative Process
            Privilege For These Documents And These Documents
            Satisfy The Deliberative And Pre-decisional Requirements,
            The Deliberative Process Privilege Is Overcome In This Case ....... 8

    B.   Defendants .......................................................................................... 8

        1.   The Attached Privilege Log and Supporting Declaration
            Sufficiently Supports Defendants' Assertion of the
            Deliberative Process Privilege ............................................... 8

            a.   Defendants' Attached Privilege Log Sufficiently
                Supports Defendants' Assertion of the Deliberative
                Process Privilege ................................................... 9

            b.   The Declaration of Robert Gore Sufficiently Supports
                the Assertion of the Deliberative Process Privilege ............. 9

        2.   The Documents Sought by Plaintiffs Are Protected by the
            Deliberative Process Privilege. .............................................. 10

IV.  CONCLUSION ............................................................................................. 11

    A.   Plaintiffs............................................................................................ 11

    B.   Defendants ........................................................................................ 11

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4

*Bowne, Inc. v. Ambase Corp.,*
  150 F.R.D. 465, 474 (S.D.N.Y. 1993) ........................................................................9

*Burling Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,*
  408 F.3d 1142 (9th Cir. 2005) ...............................................................................7

*Eureka Fin. Corp. v. Hartford Accident & Indem. Co.,*
  136 F.R.D. 179, 184 (E.D. Cal. 1991) ....................................................................6

*Federal Trade Commission v. Warner Communications, Inc.,*
  742 F.2d 1156, 1161 (9th Cir. 1984) ................................................................8, 10

*NLRB v. Sears, Roebuck & Co.,*
  421 U.S. 132, 150 (1975) ....................................................................................10

*Pacific Gas & Electric Co. v. U.S.,*
  No. 04-74C, 2006 U.S. Claims LEXIS 63, at **19-20 (Fed. Clms. March 2006) ..........9

*United States v. Constr. Prods. Res., Inc.,*
  73 F.3d 464, 473-474 (2d. Cir. 1996) ....................................................................9

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.      INTRODUCTION**

2       **A.      Plaintiffs**

3          The purpose of this Joint Statement is to include an additional 10 documents for

4  which defendants now assert deliberative process privilege in the already pending

5  privilege dispute pending before this Court. *See Plata* Docket 1102 (filed February 25,

6  2008).  The Court should order production of the additional 10 documents for the same

7  reasons set forth in the February 25, 2008 Joint Statement, including that defendants

8  have waived any new assertions of privilege regarding these documents, that

9  defendants have not met their burden of establishing that these documents should be

10  protected and that, in any event, the probative value of these documents outweighs any

11  governmental interest in protecting them from disclosure.

12       **B.      Defendants**

13          Upon notification from Plaintiffs, Defendants learned that it inadvertently produced

14  certain documents in March 2008.  Thereafter, Defendants clawed the inadvertently

15  produced documents back from Plaintiffs and Intervenors.  Plaintiffs dispute the

16  Defendants' assertion of the deliberative process privilege for ten of these documents.

17          The parties filed a Joint Statement Regarding Discovery Disputes on February 25,

18  2008.  The Court has not yet ruled upon Defendants' prior assertions of the deliberative

19  process privilege.  As a result of this current dispute, the parties jointly bring this dispute

20  of ten documents for the Court's consideration and in conjunction with the pending

21  deliberative process motion.

22          The ten documents are all part of one bundle of paper documents that was coded

23  in the electronic databases as one e-document.  Plaintiffs alerted Defendants of one

24  document from this bundle of paper documents as a document that may have been

25  inadvertently produced.  Defendants, upon review of that document and the other

26  associated paper documents, yielded other documents that were inadvertently

27  produced.  After meeting and conferring with Plaintiffs' counsel, 10 documents remain for

28  which Defendants assert the deliberative process privilege.

-1-

1    The Court should prevent disclosure of these inadvertently produced documents

2    as they are protected by the deliberative process privilege.

3    **II.    STATEMENT REGARDING DETAILS OF THE MEET AND CONFER**

4        **A.    Plaintiffs**

5        On March 18, 2008, plaintiffs' counsel informed defendants that they may have

6    inadvertently produced 23 documents.  One of those 23 documents was a one-page

7    email bates stamped "GOVPRIV001731."  On March 22, 2008, defendants' counsel sent

8    an email stating that they believed several of the 23 documents were privileged,

9    including the GOVPRIV001731 document, and requesting that those documents be

10    purged.  On March 26, 2008, plaintiffs counsel confirmed to defendants that the

11    documents for which they claimed privilege would be permanently deleted from plaintiffs'

12    database of documents, including the GOVPRIV001731 document.  Declaration of Amy

13    Whelan In Support of Joint Statement Regarding Additional Privilege Disputes ("Whelan

14    Decl.") at ¶ 2.

15        On April 11, 2008, defendants' counsel sent another email to plaintiffs claiming

16    that GOVPRIV001731 is actually part of one larger document with a bates range of

17    GOVPRIV001683-001863 and exercising the claw back agreement for 15 documents

18    within that range.  *Id.* at ¶ 3.  That same day, plaintiffs asked defendants why they

19    believed the documents were part of one larger document,[1] asked defendants to explain

20    what privileges they were asserting for the documents and informed defendants that

21    plaintiffs believed any privileges were now waived.[2]  Whelan Decl. at ¶¶ 3-4.

---

[1] Even a cursory review of defendants updated privilege log shows that the documents
for which defendants now assert deliberative process privilege are not part of one larger
document, but rather consist of 10 distinct documents that were created during more
than a two month period in the spring and summer of 2007.  Defendants describe this
large range of documents as "one document" apparently to explain why they failed to list
the documents separately in their November 30, 2007 privilege log, opting instead to list
them all as "Pre-decisional re: Prison Rehabilitation Strike Team Recommendations and
Proposed Language to implement AB 900."  Whelan Decl., Ex. A.
[2] All of the documents were previously included in defendants' November 30, 2007
privilege log and then explicitly removed from that log after months of careful review by
defendants.  Indeed, defendants represented that their final privilege logs, produced on
February 15, 2008, were the result of a multi-tiered review process which began with an
initial review of documents in November and December 2007, continued with an

1    On April 15, 2008, defendants provided new descriptions of the documents with

2    corresponding assertions of privilege.  Plaintiffs agreed to purge 5 additional documents

3    for which defendants asserted attorney-client privilege, but suggested that the new

4    assertions of deliberative process privilege be submitted to the Court because they fall

5    squarely within the existing dispute regarding that privilege.  Whelan Decl. ¶ 5.

6    Defendants agreed to this process and the parties therefore submit this Joint Statement

7    to the Court.

8        **B.    Defendants**

9    Plaintiffs and Defendants disagree as to Defendants' assertion of the deliberative

10   process to ten documents that Defendants clawed back after inadvertently producing

11   them to Plaintiffs.[3]  The parties ask the court to include these documents as part of their

12   pending discovery dispute concerning the deliberative process.  (See Jt. St., filed

13   2/25/08, Order, filed 2/26/08, at 2:21-23.)

14   During its initial review of documents responsive to Plaintiffs' request for

15   production of documents, Defendants designated a document with a page range of

16   GOVPRIV001683-001863 as privileged on November 30, 2007.[4]  The document was

17   withheld on the basis of the deliberative process and the official information privileges. (

18   See Declaration of Renju P. Jacob ("Jacob Decl.") at ¶ 2.)  On December 14, 2007, the

19   three-judge panel issued an order that, among other things, provided Defendants with

20

21   intensive re-review of documents in January 2008, and for some documents, continued
     with yet another review in February 2008.  *See* Declaration of Andrea Lynn Hoch

22   (*Coleman* Docket 2653-2), filed January 28, 2008, at ¶¶ 6-13.  Defendants represented
     that this last level of re-review concerned documents produced by the Governor's office,

23   and presumably included the documents now at issue here, all of which have
     "GOVPRIV" bates numbers.

24   [3] The dispute is focused on a few pages of a large stack of documents that was coded
     as one e-document in the electronic database.  While it represents one e-document in

25   the privilege log and in the electronic databases, for the sake of clarity, Defendants will
     refer to these pages as separate documents in this motion.  Defendants have created a

26   supplemental privilege log to describe the 10 documents that are in dispute in this
     motion.  (*See* Jacob Decl., Ex. C.)

27   [4] As this document was initially designated as privileged by Defendants, Defendants
     submitted these documents to the Court pursuant to Court order.  (*See generally* Order,

28   11/20/07 at 3:1-10.)   Nevertheless, upon the Court's request, Defendants can lodge a
     paper copy of the few documents at issue under seal for the court's *in camera* review.

- 3 -

1    45-calendar days to conduct a review and revision of previously submitted privilege logs,

2    including the aforementioned privilege log, dated November 30, 2007.  (Order, 12/14/07

3    at 2:5-8.)

4        Thereafter, Defendants' counsel undertook exhaustive efforts to re-review

5    documents it initially designated as privileged, including GOVPRIV001683 -001863.  In

6    the course of this process, Defendants inadvertently produced that range of documents

7    on February 4, 2008.  (Jacob Decl. at ¶ 3.)

8        On March 18, 2008, Amy Whelan, Plaintiffs' counsel wrote a letter to Lisa Tillman,

9    Defendants' counsel,  explaining that several documents produced by Defendants may

10    have been inadvertently produced and requested clarification as to whether Defendants

11    would claw the documents back.  One of the documents identified by Plaintiff was

12    GOVPRIV001731.  (See Jacob Decl., ¶ 4, Ex. A.)

13        Ms. Tillman responded on March 22, 2008, explaining that Defendants will be

14    clawing back the vast majority of documents identified by Ms. Whelan.  (See Jacob

15    Decl., ¶ 5, Ex. B.)

16        Defendants' counsel reviewed the documents identified by Plaintiffs to determine

17    whether they should be clawed back and to facilitate the development of replacement

18    clawback disks.  (See Jacob Decl., ¶ 6.)  In the course of this process, Defendants

19    discovered that GOVPRIV001731 was not a document that stood alone in the database,

20    but was bundled with other documents in the range GOVPRIV001683-001863.

21    Defendants reviewed the additional documents in that range to determine whether there

22    were other documents that were inadvertently produced.  (*Id.*)  Defendants discovered

23    that there were several documents within that range that were inadvertently produced.

24    (*Id.*)

25        On April 11, 2008, Renju Jacob, counsel for Defendants, responded to Plaintiffs'

26    and Intervenors' counsel to explain that GOVPRIV001731 was coded as one page in a

27    larger e-document and that Defendants are clawing back additional documents it

28    identified which were inadvertently produced within that range.  (See Jacob Decl., ¶ 7,

1    Ex. B.)  Ms. Whelan responded later that day and requested that Defendants state the

2    privileges that it was asserting for these documents and to confirm the bates-labels

3    associated with the documents.  (See Jacob Decl., ¶ 8, Ex. B.)

4         Mr. Jacob responded on April 15, 2008 confirming the bates-labels of the

5    documents at issue, describing the document, and stating the privilege asserted.  (See

6    Jacob Decl., ¶ 9, Ex. B.)  Defendants asked Plaintiffs to permanently delete these

7    documents and created replacement disks to help facilitate the clawback process.  (*Id.*)

8         On April 28, 2008, Plaintiffs agreed to permanently delete the documents for

9    which Defendants claimed attorney-client privilege.  However, as to documents to which

10   Defendants claimed only the deliberative process privilege, Plaintiffs agreed to delete

11   such documents only after Defendants' confirmation that these documents will be

12   brought before the Court and included as part of the pending deliberative process

13   motion.  (See Jacob Decl., ¶ 10, Ex. B.)

14        On May 9, 2008, Defendants agreed to submit these deliberative process

15   documents for the Court's consideration.  (See Jacob Decl., ¶ 11, Ex. B.)  Plaintiffs then

16   agreed to delete these documents from their database.  (See Jacob Decl., ¶ 12, Ex. B.)

17   The documents that are it issue in this motion are:  GOVPRIV001687, GOVPRIV001688,

18   GOVPRIV001722-001723, GOVPRIV001730, GOVPRIV001816-001840,

19   GOVPRIV001841, GOVPRIV001854, GOVPRIV001858-001860, GOVPRIV001861-

20   001862 and GOVPRIV001863.  (See Jacob Decl., ¶ 13, Ex. C.)

21   **III.    LEGAL ARGUMENT**

22        **A.    Plaintiffs**

23             **1.    Defendants Have Waived Any New Assertions Of The
                       Deliberative Process Privilege**
24

25        Defendants' new assertions of the deliberative process privilege for these

26   documents should be deemed waived.  Defendants originally included these documents

27   on their November 30, 2007 privilege log, where they apparently aggregated what are

28   actually multiple separate e-mails or e-mail strings into one privilege log entry.  *See*

- 5 -

1  Whelan Decl. at ¶¶ 3-4 and Exh. A.  Subsequently, defendants withdrew or abandoned

2  their claims of privilege for these documents, dropped them from the February 15, 2008

3  logs, and produced them to plaintiffs.  Whelan Decl. at ¶ 4.  Defendants represented that

4  their final privilege logs, produced on February 15, 2008, were the result of a multi-tiered

5  review process which began with the review of documents that resulted in the first series

6  of privilege logs in November and December 2007, continued with an intensive re-review

7  of documents in January 2008, and for some documents, continued with yet another

8  review in February 2008.  *See* Declaration of Andrea Lynn Hoch (*Coleman* Docket 2653-

9  2), filed January 28, 2008, at ¶¶ 6-13.  Defendants represented that this last level of re-

10 review concerned documents produced by the Governor's office, and presumably

11 included the documents now at issue, which all have "GOVPRIV" bates numbers.

12      The fact that these documents went through so many levels of review by high-

13 level officials over many months undermines defendants' characterization of their

14 production of these documents as "inadvertent."  In fact, in their *Ex Parte* Request for An

15 Extension of Time to complete their final privilege logs, defendants specifically said that

16 the extension of time they requested—and this Court granted—would allow for "[a]

17 careful review of the remaining documents…to ensure that the appropriate privileges are

18 asserted, to avoid the inadvertent disclosure of privileged documents, and to protect the

19 deliberative process for the Governor's Office."  *Coleman* Docket 2653, filed 1/28/08, at

20 4:9-11.[5]  Now—eight months after plaintiffs' request for production, six months after

21 defendants produced their original privilege log for these documents, and three months

22 after defendants produced their final privilege logs and affirmatively chose to produce

23 these documents—defendants' untimely re-assertion of the deliberative process privilege

24 is too late.  *See, e.g.*, *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D.

25 179, 184 (E.D. Cal. 1991) (holding that party's failure to properly assert the privilege and

26 failure to timely attempt to rectify its error may lead to waiver of privilege by implication);

27

28

[5] In their portion of this Joint Statement, defendants again describe the re-review of documents as "exhaustive" and specifically state that these exhaustive efforts to re-review documents included the documents now at issue.

- 6 -

1  *see also Burling Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408

2  F.3d 1142 (9th Cir. 2005)(holding that evaluation of privilege claims should employ

3  holistic reasonableness analysis and finding that privilege logs produced months after

4  the Rule 34 time limit were untimely).

5
6  **2.    Defendants Do Not Establish That These Documents Are Pre-decisional And Deliberative In The Narrow Sense Of The Deliberative Process Privilege**

7  Defendants have not established that the additional documents at issue satisfy

8  the elements of the deliberative process privilege in the narrow sense of the privilege.[6]

9  Although the new descriptions replace the general phrase "pre-decisional" used in the

10  original privilege log entry with phrases such as "e-mail discussing and outlining

11  strategy" (GOVPRVI001688), "e-mail concerning financial implications and proposed

12  allocations" (GOV PRIV001854), and "e-mail discussing proposals" (GOVPRIV001863),

13  the fact that government officials discuss or consider implications of policy does not

14  mean that they meet the high standard for privilege.  Whelan Decl., Exh. A.  These e-

15  mails primarily appear to be discussion regarding the manner of implementing AB 900, a

16  bill already passed by the legislature and signed into law.  As plaintiffs have previously

17  argued, the deliberative process privilege cannot be stretched so far that it extends to

18  every communication regarding implementation of government policy or procedure.  If

19  that were the case, presumably every government agency document would be hidden by

20  the privilege.

21  ////

22  ////

23  _____

24  [6] Plaintiffs incorporate by reference their arguments regarding defendants' assertions of
the deliberative process privilege from the Joint Statement Regarding Discovery
Disputes (*Plata* Docket 1102), filed on 2/25/08, at pp. 10-24.  Plaintiffs argued that the
25  deliberative process privilege is narrow and conditional and that defendants have not
met their burden of establishing its application to the documents for which they have
26  claimed it.  Plaintiffs further argued that even if these documents would ordinarily be
covered by the deliberative process privilege, the privilege is overcome in this case
27  because defendants have put their deliberative processes as to these subjects directly at
issue, and because plaintiffs' need for the documents outweighs the government's
28  interest in withholding them.

- 7 -

1

**3.      Even If Defendants Have Not Waived Deliberative Process Privilege For These Documents And These Documents Satisfy The Deliberative And Pre-decisional Requirements, The Deliberative Process Privilege Is Overcome In This Case**

2

3

4      Even if defendants have not waived their ability to properly assert privilege for

5   these documents, the deliberative process privilege should be overcome for these

6   documents in this case.  *See, e.g., FTC v. Warner Communications Inc.,* 742 F.2d 1156,

7   1161 (9th Cir. 1984) ("A litigant may obtain deliberative materials if his or her need for

8   the materials and the need for accurate fact-finding override the government's interest in

9   non-disclosure.")  Defendants describe the ten documents now at issue as "discussions

10  detail[ing] frank deliberations of proposed policies and strategies by the Governor's

11  office concerning topics such as the allocation of beds and suggested priorities for

12  construction at prisons."  *See* Defendants' Legal Argument, Section III(B)(2), of this Joint

13  Statement.  These topics are highly relevant to defendants' exact defenses raised in this

14  case.  In response to plaintiffs' arguments that overcrowding is the primary cause of the

15  constitutional violations and that no relief other than a prisoner release order can remedy

16  these violations, defendants have contended that they are addressing overcrowding

17  through new prison and bed construction, and therefore providing relief for

18  overcrowding.  As plaintiffs have previously argued, the deliberative process privilege

19  should be overcome here, where the documents defendants seek to withhold directly

20  pertain to the defenses they are raising in the case, and the parties and this Court have

21  a substantial interest in having access to those documents.

22      **B.    Defendants**

23

**1.    The Attached Privilege Log and Supporting Declaration Sufficiently Supports Defendants' Assertion of the Deliberative Process Privilege.**

24

25      Defendants have described the ten documents at issue in the current motion in a

26  privilege log format.  (See Jacob Decl. Ex. C.)  Exhibit C and the Declaration of Robert

27  Gore ("Gore Decl.") fully comply with Federal Rule 26(b)(5) and sufficiently support

28  Defendants' assertion of the deliberative process privilege.

1              **a.**      **Defendants' Attached Privilege Log Sufficiently Supports**

2                        **Defendants' Assertion of the Deliberative Process Privilege.**

3    Privilege logs are sufficient if they identify the documents, the individuals who

4    were parties to the communications, and provide some level of detail to permit a

5    judgment as to whether the document is at least potentially protected from disclosure.

6    *United States v. Constr. Prods. Res., Inc.*, 73 F.3d 464, 473-474 (2d. Cir. 1996); *Bowne,*

7    *Inc. v. Ambase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).  Deposition testimony can

8    supply other required information that the logs do not describe on their face. *U.S. Constr.*

9    *Prods.* at 473-474; *Bowne* at 474.

10   The privilege provides the necessary amount of detail and identifies the

11   individuals and the documents subject to the deliberative process privilege.

12   Consequently, the privilege log sufficiently supports Defendants' assertion of the

13   deliberative process privilege.

14             **b.**      **The Declaration of Robert Gore Sufficiently Supports the**

15                       **Assertion of the Deliberative Process Privilege.**

16   An adequate declaration: (1) must be authored by the head of the agency, or

17   his/her properly delegated authority; (2) must state with particularity what information is

18   subject to the privilege; and (3) must supply the court with the reasons or bases for

19   maintaining the confidentiality of the requested documents. *Pacific Gas & Electric Co. v.*

20   *U.S.*, No. 04-74C, 2006 U.S. Claims LEXIS 63, at **19-20 (Fed. Clms. March 2006).

21   Defendants provide the necessary support for the assertion of privilege by Robert

22   Gore's May 20, 2008 declaration.  All of the documents at issue in this current dispute

23   are documents from the Governor's office, for which Robert Gore was the custodian.  In

24   this declaration, Mr. Gore states that he has been properly delegated authority, the

25   information that is subject to the privilege, and the reasons for maintaining the

26   confidentiality of the requested documents.

27   Because Defendants have provided an adequate privilege log which is sufficiently

28   supported by Mr. Gore's declaration, Defendants have satisfied the requirements of

- 9 -

1    Federal Rule of Civil Procedure 26(b)(5) and the Court must prevent any disclosure of

2    the documents at issue in this dispute.

3              **2.      The Documents Sought by Plaintiffs Are Protected by the
                         Deliberative Process Privilege.**[7]

4

5              The deliberative process privilege applies to the process for formulating

6    government decisions as well as government policies. The deliberative process privilege

7    permits the government to withhold documents that reflect "advisory opinions,

8    recommendations and deliberations comprising a part of a process by which government

9    decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132,

10   150 (1975).  The privilege serves to ensure the quality of agency decisions, by promoting

11   frank and independent discussion among those responsible for governmental decision-

12   making. *Sears*, 421 U.S. at 150.  The deliberative process privilege applies to those

13   documents that are "pre-decisional" or generated before the adoption of the agency's

14   policy or decision.  *Federal Trade Commission v. Warner Communications, Inc.*, 742

15   F.2d 1156, 1161 (9th Cir. 1984).

16             The ten documents listed in the privilege log are all protected from disclosure by

17   the deliberative process privilege.  All documents pertain to internal discussions between

18   Robert Gore and other key state employees like Deborah Hysen, Karen Finn, and Kathy

19   Jett.  The discussions detail frank deliberations of proposed policies and strategies by

20   the Governor's office concerning topics such as the allocation of beds and suggested

21   priorities for construction at prisons.  As a result, these types of pre-decisional

22   documents fall squarely within the type of documents that can and should be withheld on

23   the basis of the deliberative process.

24

25   _____
     [7]  With respect for the Court's time and resources, Defendants refer and incorporate
26   global arguments pertaining to the deliberative process motion Defendants made in its
     prior Joint Statement dated February 25, 2008.  Specifically Defendants incorporate the
     following arguments: (1)Plaintiffs; need for the documents does not outweigh
27   Defendants' interest in maintaining confidentiality of the documents (Jt. St. at 40:1-15.)
     and (2) Defendants have not waived the deliberative process privilege (*Id.* at 40:16-
28   42:4.)

                                    - 10 -

1  **IV.   CONCLUSION**

2    **A.   Plaintiffs**

3    Plaintiffs respectfully request that the Court order immediate production of the 10

4  documents for which defendants now assert deliberative process privilege.  Defendants

5  have waived their ability to assert deliberative process privilege for these documents and

6  have not met the burden of establishing the protection of this privilege.  Moreover, the

7  probative value of these documents, in light of the defenses raised in this case, far

8  outweighs any governmental interest in their nondisclosure.

9    **B.   Defendants**

10    For the reasons stated above, Defendants request that this Court deny Plaintiffs'

11  request for disclosure of the ten documents to which Defendants claim the deliberative

12  process privilege.

13  DATED:  May 27, 2008                    HANSON BRIDGETT LLP

14

15                                          By://s//
16                                          PAUL MELLO
                                            Attorneys for Defendants Arnold
17                                          Schwarzenegger, et al.

18  DATED:  May 27, 2008                    EDMUND G. BROWN JR.

19

20                                          By://s//
                                            ROCHELLE EAST
21                                          Supervising Deputy Attorney General
                                            Attorneys for Defendants Arnold
22                                          Schwarzenegger, et al.

23  DATED:  May 27, 2008                    ROSEN, BIEN & GALVAN, LLP

24

25                                          By://s//
                                            AMY WHELAN
26                                          Attorneys for Plaintiffs

27

28
                                - 11 -