1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   ROCHELLE C. EAST - 183792
    Supervising Deputy Attorney General
5   LISA A. TILLMAN - 126424
    Deputy Attorney General
6   CHARLES ANTONEN - 221207
    Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
8   Telephone: (415) 703-5443
    Facsimile:  (415) 703-5843
9   rochelle.east@doj.ca.gov
    lisa.tillman@doj.ca.gov
10

    HANSON BRIDGETT LLP
    JERROLD C. SCHAEFER - 39374
    PAUL B. MELLO - 179755
    SAMANTHA TAMA - 240280
    RENJU P. JACOB - 242388
    425 Market Street, 26th Floor
    San Francisco, CA  94105
    Telephone: (415) 777-3200
    Facsimile:  (415) 541-9366
    jschaefer@hansonbridgett.com
    pmello@hansonbridgett.com
    stama@hansonbridgett.com
    rjacob@hansonbridgett.com

    Attorneys for Defendants

11

12                    **UNITED STATES DISTRICT COURT**

13              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14               **AND THE EASTERN DISTRICT OF CALIFORNIA**

15      **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

16        **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

17

18   RALPH COLEMAN, et al.,

                    Plaintiffs,
19

20            v.

21   ARNOLD SCHWARZENEGGER, et al.,

                    Defendants.
22

23   MARCIANO PLATA, et al.,

                    Plaintiffs,
24

25            v.

26   ARNOLD SCHWARZENEGGER, et al.,

                    Defendants
27

28

| | |
|---|---|
| | **No.  2:90-cv-00520 LKK JFM P**<br><br>**THREE-JUDGE COURT** |
| | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE THREE-JUDGE COURT OF MAGISTRATE JUDGE'S MAY 29, 2008 RULING OR, ALTERNATIVELY,  REQUEST FOR STAY OF ORDER (E.D. L.R. 72-303)**<br><br>**To:  Three-Judge Court** |

- 1 -

DEFS.' REQ. FOR RECONSIDERATION
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1481392.1


## I.    INTRODUCTION

By order dated May 29, 2008, Magistrate Judge Moulds compelled the release of *all* documents deemed by Defendants to be protected by the deliberative process privilege.  (*Plata* Docket No. 1216; *Coleman* Docket No. 2805.)  This order requires Defendants to produce 4,653 privileged documents to Plaintiffs.  (May 29, 2008 Order at 3:22.)  Placed in context, Defendants have produced well over 400,000 pages of documents to Plaintiffs to date in response to Plaintiffs' September 5, 2007 request for the production of documents.  Despite the magnitude of Defendants' production, however, Plaintiffs brought a motion to compel seeking the production of *all* privileged documents.  This motion was previously granted by Magistrate Judge Moulds, stayed by this Three-Judge Court, and most recently, granted again by Magistrate Judge Moulds.  But the recent order fails to take into account the enormity of Defendants' production in the context of Defendants' assertion of the deliberative process privilege.  The Magistrate Judge's order imposes unworkable, impractical, and improper standards for the assertion of the deliberative process privilege in a case involving a massive electronic discovery production.  The order further fails to accord sufficient deference to the public policy favoring the free exchange of information and ideas between governmental decision makers.  *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 87 (1973).   For these reasons, Defendants seek reconsideration of Magistrate Judge Moulds' May 29, 2008 order and request that this Court grant this motion for reconsideration, effectively denying Plaintiffs' motion to compel the production of all deliberative process privileged documents, or alternatively, stay the order.

## II.    ARGUMENT

### A.    Standard of Review

The Magistrate Judge's ruling is reviewable by the Three Judge Court upon the request of either party, so long as that request is filed within 10 days after service of the order.  E.D. L.R. 72-303(b).  A magistrate judge's order must be modified or set aside with respect to any part of the order shown to be "clearly erroneous or contrary to law."

- 2 -

1    *Id.* Such is the case here, where the Magistrate Judge's order ignores established

2    precedent regarding assertion of privilege.

3    **B.      Magistrate Judge Moulds' May 29, 2008 Order is Clearly Erroneous and
          Contrary to Public Policy.**

4

5    The Magistrate Judge's May 29, 2008 order calls for the wholesale dissemination

6    of all documents deemed deliberative process privileged because, in his determination,

7    "the description of each document contained in the privilege log is too conclusory to

8    permit an adequate assessment of the claim of privilege." (May 29, 2008 Order at 8:8-

9    10.)  The order further concludes that "none of the declarants ties any of the statements

10   in their declarations to particular documents for which the deliberative process privilege

11   has been claimed." (*Id.* at 8:10-12.)  The Magistrate Judge's determination that

12   Defendants did not meet their burden for claiming the deliberative process privilege

13   followed from his determination that assertion of the deliberative process privilege

14   requires the privilege logs to contain highly detailed document descriptions for each

15   document, and further requires the supporting declarations to specifically refer to and

16   discuss each and every document in their supporting declaration.  While Defendants'

17   privilege logs did provide document-by-document descriptions advising of the privileged

18   nature of each and every document, this determination by the Magistrate Judge

19   requiring highly detailed descriptions is unsupported by case law and the Federal Rules

20   of Civil Procedure.  Further, this detailed approach is entirely unworkable and unrealistic

21   in the context of a massive electronic discovery production, such as the production at

22   hand where over 400,000 pages of documents have been produced to date.

23   Generally, the proper assertion of any privilege to support the withholding of

24   otherwise discoverable materials requires that the privilege be expressly made and that

25   the nature of the document be described in such a manner so as to enable the court and

26   other parties to assess the privilege claim.  Fed. R. Civ. P. 26(b)(5)(A).  This Rule

27   contemplates a workable standard, one which may be reassessed in light of various

28   complicating factors presented in different cases.  Thus, the Ninth Circuit recently noted

- 3 -

DEFS.' REQ. FOR RECONSIDERATION
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)                                        1481392.1

1  that Rule 26(b)(5) "does not attempt to define for each case what information must be

2  provided when a party asserts a claim of privilege." *Burlington Northern& Santa Fe*

3  *Railway Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1147-1148 (9th Cir.

4  2005) (internal quotations omitted).  The Ninth Circuit recognized that "while details may

5  be appropriate under some circumstances, there are circumstances in which they would

6  be unduly burdensome." *Id.* at 1148.  In setting forth factors for the court to consider in

7  the context of determining the sufficiency of a privilege log, the Ninth Circuit noted "the

8  magnitude of the document production" as well as "other particular circumstances of the

9  litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.* at

10  1149.

11        There can be no doubt that the document production that Defendants have

12  undertaken in this Three-Judge Court proceeding has been of an enormous magnitude

13  in the face of unusually hard circumstances.  Compounding Defendants' sizable

14  production of over 400,000 pages of documents, Defendants were required to produce

15  these documents within a very limited period of time.  Responding to discovery under

16  these circumstances is "unusually hard" and thus the sufficiency of Defendants' logs and

17  declarations should have been evaluated consistent with the Ninth Circuit's *Burlington*

18  *Northern* standard in mind.

19        However, the Magistrate Judge's order holds Defendants' logs and declarations to

20  a standard only achievable in cases with a lesser magnitude of production.  It is

21  impractical and unworkable to require a party in a massive electronic discovery

22  production with tight timelines to produce the extraordinary level of detail and specificity

23  in the privilege logs and declarations sought by the Magistrate's May 29, 2008 order.

24  And while Defendants did provide sufficient detailed information in their logs to advise

25  Plaintiffs of the privileged nature of each individual disputed document, the Magistrate

26  Judge's order goes further to require that which the Federal Rules of Civil Procedure do

27  not.

28        The Magistrate Judge's ruling contravenes clearly established law by establishing

- 4 -

1   an unobtainable standard of specificity for the claiming of privilege.  Indeed, courts have

2   held that where, as here, document productions are large, the federal rules contemplate

3   that privilege log requirements can be relaxed or waived completely as it would

4   otherwise be unduly burdensome.  *See In re Imperial Corp. of America v. Shield*, 174

5   F.R.D. 475 (S.D. Cal. 1997).  Even the Advisory Committee Notes to Rule 26(b)(5) state

6   that details in a privilege log "may be appropriate if only a few items are withheld, but

7   may be unduly burdensome when voluminous documents are claimed to be privileged or

8   protected." Fed. R. Civ. P. 26(b)(5) advisory committee's note.  Courts have interpreted

9   this to provision to permit categorical summaries of documents withheld when it is

10   apparent that a document-by-document privilege log description would be unduly

11   burdensome.  *In re Imperial Corp. of America*, 174 F.R.D. at 478.  *In re Imperial Corp. of*

12   *America* involved the potential review and production of "hundreds of thousands, if not

13   millions of documents."  *Id.*  In light of the magnitude of the production, the district court

14   determined that "[t]o force the creation of a document-by-document privilege log of

15   documents of that magnitude is unreasonable and overly burdensome." *Id.* at 479.  The

16   court therefore permitted the producing party to provide summaries of the privileged

17   documents by category.  *Id.*

18        Here, despite the magnitude of the production, Defendants nonetheless produced

19   document-by-document privilege logs detailing the privileged nature of the documents at

20   issue.  Each log entry included, when available on the face of the document, information

21   regarding the source of the document, the custodian, the document type (e-mail, report,

22   letter, or otherwise), the author, recipient, a document description, and the applicable

23   privilege.  The logs thus contained sufficient information to advise Plaintiffs and the Court

24   of the privileged nature of each document.  Defendants' assertion of privilege went

25   beyond that required by both the district court in *In re Imperial Corp. of America* and the

26   Advisory Committee Notes to Federal Rule of Civil Procedure 26(b)(5).  Defendants

27   further supported their assertion of the deliberative process privilege with declarations

28   from high-ranking governmental officials establishing the necessary elements of the

- 5 -

1   privilege.  However, in contravention of case law and the Federal Rules of Civil

2   Procedure, the Magistrate Judge ordered the wholesale disclosure of all deliberative

3   process privilege documents.

4        Further, there exists the well-established public policy favoring the preservation of

5   confidential communications between governmental decision makers.  Indeed, the

6   Supreme Court has recognized that "it would be impossible to have any frank discussion

7   of legal or policy matters in writing if all such writings were to be subjected to public

8   scrutiny." *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87 (1973).  The May

9   29, 2008 order ignores this public policy consideration and instead requires that all

10  confidential communications between California's high ranking governmental figures be

11  disclosed to Plaintiffs.  Because this ruling ignores public policy as well as Defendants'

12  extensive efforts to comply with Federal Rule of Civil Procedure 26(b)(5), which were

13  sufficient under the standards applicable to cases involving massive document

14  productions, Defendants respectfully request that this Three-Judge Court reconsider the

15  Magistrate Judge's May 29, 2008 ruling and deny Plaintiffs' motion to compel the

16  production of all deliberative process privileged documents.

17                        **III.    CONCLUSION**

18       The Magistrate Judge's May 29, 2008 order sets a standard for assertion of the

19  deliberative process privilege that is neither required by law nor practical in the context of

20  the massive electronic discovery production that has subsumed this Three-Judge Court

21  proceeding.  The May 29, 2008 order, while clearly erroneous in the context of the law, is

22  also contrary to the firmly established public policy goal of permitting and encouraging

23  open communication between governmental decision makers.  Because this order would

24  have an impermissible chilling effect on such crucial communications, Defendants

25  ////

26  ////|

27  ////

28  ////

- 6 -

1    respectfully request that this Court reconsider the Magistrate Judge's May 29, 2008

2    order and deny Plaintiffs' motion to compel the production of all deliberative process

3    privileged documents.  Alternatively, Defendants request a stay of the Magistrate

4    Judge's May 29, 2008 order.

5    DATED:  June 4, 2008                          HANSON BRIDGETT LLP

6

7                                                          By:      /s/ Paul Mello
                                                                PAUL MELLO
8                                                               Attorneys for Defendants Arnold
                                                                Schwarzenegger, et al.
9

10   DATED:  June 4, 2008                          EDMUND G. BROWN JR.

11

12                                                         By:      /s/ Rochelle East
                                                               ROCHELLE EAST
13                                                              Supervising Deputy Attorney General
                                                                Attorneys for Defendants Arnold
14                                                              Schwarzenegger, et al.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -