**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**AND THE EASTERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DEFENDANTS', PLAINTIFFS', AND INTERVENORS' JOINT STATUS CONFERENCE STATEMENT** <br><br> **To: Three-Judge Court** |

**I.   INTRODUCTION**

By order of this Three-Judge Court, entered May 30, 2008, the Defendants, Intervenors, and Plaintiffs were all instructed to meet and confer regarding proposed new discovery deadlines, proposed pretrial dates, and estimated length of trial. The parties and Intervenors were similarly instructed to file a joint status conference statement advising this Court of the same. Accordingly, Defendants, Plaintiffs, and the Intervenors met and conferred telephonically on June 5, 2008, and now submit the following proposed deadlines regarding discovery, pretrial dates, and estimated length of trial.

////

////

////

## II. DEFENDANTS' PROPOSAL

### A. Defendants' Proposed Discovery and Pretrial Deadlines.

| | |
|---|---|
| August 15, 2008 | Last day to complete written discovery and non-expert depositions. |
| August 15, 2008 | Expert disclosures and reports due. |
| August 22, 2008 | Last day to disclose rebuttal experts. |
| September 5, 2008 | Last day to complete expert discovery. |
| September 24, 2008 | Last day to file dispositive motions (see explanation below). |
| October 1, 2008 | Last day to file oppositions to dispositive motions. |
| October 8, 2008 | Last day to file replies in support of dispositive motions. |
| November 15, 2008 | Hearing on dispositive motions. |
| November 3, 2008 | Last day to file motions *in limine*, pre-trial briefs, and joint pre-trial statements. |
| November 10, 2008 | Pre-trial conference and hearing on motions *in limine*. |
| November 17, 2008 | Trial |

This Three-Judge Court's May 30, 2008 Order additionally informed the parties that if they propose a dispositive motion schedule, they must advise this Court why such a schedule is necessary. (May 30, 2008 Order at ¶ 3.) Defendants contend that a dispositive motion is both appropriate and necessary because Plaintiffs' experts testified (1) that overcrowding is not the primary cause of Defendants' inability to provide constitutionally adequate medical and mental health care to Plaintiffs, and (2) that a prisoner release order is not the only means of providing constitutionally adequate medical and mental health care to Plaintiffs. As such, there are no factual disputes as to these required elements and a dispositive motion by Defendants should be granted.

### B. Estimated Length of Trial.

Defendants estimate that they will require 4 days to defend both *Plata* and *Coleman* at trial.

### C. Disclosure of Trial Witnesses.

Plaintiffs and Intervenors request that this Three-Judge Court require all parties to

disclose the names of all trial witnesses to "target discovery." Defendants are willing to disclose their trial witnesses, as Plaintiffs and Intervenors request, with the provision that all parties are limited to deposing only those witnesses listed as potential trial witnesses. No party to this proceeding should be permitted to depose a non-testifying trial witness. In the absence of such a limitation, there can be no guarantee that the parties will truly "target" their discovery and depositions and disclosure of trial witnesses would be meaningless.

### D.   Site Inspections and Time to Respond to Discovery.

Defendants contend that to the extent any party seeks to conduct additional site inspections of CDCR facilities, this Court should enter a protective order prohibiting such inspections. No further site inspections are necessary as all inspections were previously completed as to Phase I issues, and any inspection with regard to Phase II issues would be irrelevant. Additionally, given the compressed schedule within which to complete discovery, file and respond to dispositive motions, and prepare for trial, inspections of CDCR facilities around the State would constitute a waste of the parties' time and resources.

Defendants further request that to the extent the provisions of the Court's October 30, 2007 order regarding discovery now apply to the consolidated proceedings and the participation of the Defendant-Intervenors, Defendants respectfully request that all parties be permitted the full 30 days contemplated by the Federal Rules of Civil Procedure within which to respond to discovery.

### III.   PLAINTIFFS' AND PLAINTIFF-INTERVENOR CCPOA'S PROPOSAL

On June 2, 2008, this Court ordered the parties to meet and confer regarding proposed new discovery deadlines, proposed pre-trial dates to accompany the November trial date and an estimated length of trial. *Coleman* Docket 2808 at 2. The parties had a telephone conference on Thursday, June 5, 2008 to discuss these issues.

Plaintiffs and CCPOA respectfully submit this Status Conference Statement to provide proposed deadlines and to outline issues that plaintiffs' attorneys and CCPOA

are prepared to discuss at the June 27, 2008 Status Conference.

### A. Length of Trial

Plaintiffs estimate four full days to present their evidence at trial. Intervenor CCPOA estimates one to two days for its case.

### B. Plaintiffs and CCPOA's Proposed Discovery and Pre-Trial Deadlines

Plaintiffs propose the following discovery and pre-trial dates:

| Date | Event |
|---|---|
| 6/30/08 | Discovery Opens (pursuant to Three-Judge Order) |
| 8/1/08 | Last day to disclose list of trial witnesses |
| 8/15/08 | Last day to disclose names and CV's of testifying experts |
| 9/8/08 | Deadline for exchanging Expert Reports |
| 9/22/08 | Deadline for Disclosure of Rebuttal Experts and Reports |
| 9/26/08 | Close of Discovery (regular) |
| 10/13/08 | Close of Discovery (expert) |
| 10/27/08 | Deadline for Joint Pre-Trial Statement and MILs (including affidavits of testifying percipient witnesses) |
| 11/3/08 | Oppositions to MILs (no replies permitted) |
| 11/10/08 | Pre-trial Conference and hearing re MILs |
| 11/17/08 | FIRST DAY OF TRIAL |

Plaintiffs believe this schedule is aggressive but reasonable for all parties. With respect to defendants and the defendant-intervenors' proposed discovery deadlines in particular, they are too short. Defendants' deadlines would effectively nullify further discovery because they would not permit enough time for responses, let alone disputes over responses. This is particularly true in light of defendants' request to be relieved from the current order imposing a 21 day deadline for all written discovery responses. *Coleman* Docket 2495 at 7.

### C. Plaintiffs and the Intervenors Request an Earlier Deadline to Disclose Trial Witnesses

Counsel for plaintiffs and the intervenors agree that an earlier deadline to disclose trial witnesses would help the parties to target depositions and other discovery. For that reason, plaintiffs and the intervenors request that the Court order the parties to identify trial witnesses earlier in the process to permit focused depositions. Plaintiffs and CCPOA recommend August 1, 2008 as the deadline for that exchange.

DEFS.', PLS.', AND INTERVENORS' JOINT STATUS CONFERENCE STATEMENT
CASE NOS. CIV S-90-0520 LKK JFM & C 01-1351 TEH

1484849.1

Plaintiffs and CCPOA do not agree with defendants that depositions of non-trial witnesses should be barred by this Three-Judge Court. Such an order would permit defendants, who possess virtually all of the discoverable information, to prevent plaintiffs from deposing parties and critical witnesses who have substantial knowledge about key matters at issue in this litigation by not designating them as trial witnesses. As the Court knows from the underlying litigation, defendants and their agents often have the most direct knowledge about the conditions and the consequences thereof. There is no doubt that having a list of trial witnesses will allow the parties to focus their discovery, but a limit on depositions only to those identified trial witnesses would not provide the Court with a full picture of the conditions.

**D.   Plaintiffs and CCPOA Request that the Three-Judge Court Include the Same Procedures for Direct Testimony of Percipient and Expert Witnesses as Provided in the Original Scheduling Order**

The Three-Judge Court's prior scheduling order, which was issued on October 10, 2007, mandated that direct testimony of expert witnesses will be by expert reports and no more than thirty minutes of live testimony, and that direct testimony of percipient witnesses would be through affidavit and no more than 15 minutes of direct testimony. *See Coleman* Docket 2456 at 6. Plaintiffs respectfully request that the new scheduling order contain these same provisions. In addition, plaintiffs request that the affidavits of percipient witnesses be exchanged as part of the parties' pre-trial statement.

**E.   Time to Respond to Written Discovery and Additional Prison Inspections**

Magistrate Judge Moulds' October 30, 2007 Order requires that "responses to any discovery requests served on or after October 25, 2007 shall be due twenty-one days from the date of service." *See Coleman* Docket 2495 at 7. That Order also states: "Defendants shall provide reasonable notice to plaintiffs and to CCPOA of any prison site inspection by any defense expert and counsel for plaintiffs and CCPOA shall be permitted to attend any such site inspection." *Id.* Plaintiffs oppose any attempt by defendants or the intervenors to be relieved from this Order.

Since this case involves overcrowding in the prisons, inspections of those conditions by plaintiffs and their medical and correctional experts is critical to the fact-finding process. In the fall of last year, both plaintiffs and defendants conducted such inspections. Defendants' position now is that further inspections are "irrelevant." Plaintiffs believe that their previous inspections are adequate, provided that defendants are not permitted to introduce evidence of conditions occurring after the last inspection or argue that plaintiffs' evidence does not reflect current conditions.

### F. Defendants' Request for a Dispositive Motion Schedule

Plaintiffs are not aware of any testimony by their experts that overcrowding is not the primary cause of defendants' inability to provide constitutionally adequate medical and mental healthcare or that relief other than a prisoner release order will remedy the constitutional violations. In light of the significant dispute between the parties about these issues, plaintiffs suggest a preliminary order from the Court requiring defendants to provide more detail as to which experts made these statements, when they were made, and what the statements were. In the absence of a *prima facie* showing that there is not a significant dispute about the facts, the Court should not entertain a summary judgment motion.

## IV. DEFENDANT-INTERVENORS' PROPOSAL

The Legislator, Law Enforcement, County, Sonoma County, and District Attorney Defendant-Intervenors propose the following schedule:

| | |
|---|---|
| June 30, 2008 | Discovery reopens |
| August 15, 2008 | Last day to complete written discovery and non-expert depositions. |
| August 15, 2008 | Expert disclosures due. |
| August 22, 2008 | Last day to disclose rebuttal experts. |
| September 5, 2008 | Last day to complete expert discovery. |
| September 17, 2008 | Last day to file dispositive motions. |
| September 29, 2008 | Last day to file oppositions to dispositive motions. |

| | | |
|---|---|---|
| 1 | October 8, 2008 | Last day to file replies in support of dispositive motions. |
| 2 | October 15, 2008 | Hearing on dispositive motions. |
| 3 | October 20, 2008 | Last day to file motions *in limine* and pre-trial briefs, serve |
| 4 | trial declarations of percipient witnesses. | |
| 5 | October 27, 2008 | Pre-Trial conference and hearings on motions *in limine*. |
| 6 | November 17, 2008 | Trial -- 15 days. |

7  ////
8  ////
9  ////
10 ////
11 ////
12 ////
13 ////
14 ////
15 ////
16 ////
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

- 7 -

| | | |
|---|---|---|
| 1 | DATED: June 9, 2008 | HANSON BRIDGETT LLP |
| 2 | | |
| 3 | | By:  /s/ Paul B. Mello |
| 4 | | PAUL B. MELLO<br>Attorneys for Defendants Arnold<br>Schwarzenegger, et al. |
| 5 | DATED: June 9, 2008 | EDMUND G. BROWN JR. |
| 6 | | Attorney General of the State of California |
| 7 | | |
| 8 | | By:  /s/ Rochelle C. East |
| 9 | | ROCHELLE C. EAST<br>Attorneys for Defendants Arnold<br>Schwarzenegger, et al. |
| 10 | | |
| 11 | DATED: June 9, 2008 | AKIN GUMP STRAUSS HAUER & FELD |
| 12 | | |
| 13 | | By:  /s/ Chad A. Stegeman |
| 14 | | CHAD A. STEGEMAN<br>Attorney for Republican Assembly and Senator<br>Defendant-Intervenors |
| 15 | DATED: June 9, 2008 | JONES & MAYER |
| 16 | | |
| 17 | | By:  /s/ Kimberly Hall Barlow |
| 18 | | KIMBERLY HALL BARLOW<br>Attorney for Sheriff, Probation, Police Chief, and<br>Corrections Defendant-Intervenors |
| 19 | | |
| 20 | DATED: June 9, 2008 | OFFICE OF THE DISTRICT ATTORNEY<br>COUNTY OF RIVERSIDE |
| 21 | | |
| 22 | | By:  /s/ William E. Mitchell |
| 23 | | WILLIAM E. MITCHELL<br>Attorneys for District Attorney Defendant-<br>Intervenors |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

DEFS.', PLS.', AND INTERVENORS' JOINT STATUS CONFERENCE STATEMENT
CASE NOS. CIV S-90-0520 LKK JFM & C 01-1351 TEH

1484849.1

| | | |
|---|---|---|
| 1 | DATED: June 9, 2008 | COUNTY OF SANTA CLARA |
| 2 | | |
| 3 | | By: /s/ Theresa Fuentes |
| 4 | | THERESA FUENTES<br>Attorney for County Intervenors |
| 5 | DATED: June 9, 2008 | SONOMA COUNTY |
| 6 | | |
| 7 | | By: /s/ Richard M. Flores |
| 8 | | RICHARD M. FLORES<br>Chief Deputy County Counsel<br>Attorney for Sonoma County Intervenors |
| 9 | | |
| 10 | DATED: June 9, 2008 | PRISON LAW OFFICE |
| 11 | | |
| 12 | | By: /s/ Sara Norman |
| 13 | | SARA NORMAN<br>Attorney for *Plata* Plaintiffs |
| 14 | DATED: June 9, 2008 | ROSEN, BIEN & GALVAN, LLP |
| 15 | | |
| 16 | | By: /s/ Amy Whelan |
| 17 | | AMY WHELAN<br>Attorney for *Coleman* Plaintiffs |
| 18 | DATED: June 9, 2008 | CARROLL, BURDICK & MCDONOUGH LLP |
| 19 | | |
| 20 | | By: /s/ Natalie Leonard |
| 21 | | NATALIE LEONARD<br>Attorney for California Correctional Peace Officers' Association Legal Department Intervenors |
| 22 | | |

- 9 -

1  I, Paul B. Mello, am the ECF user whose ID and password are being used to file
2  the Defendants', Plaintiffs', and Intervenors' Joint Status Conference Statement.  In
3  compliance with General Order 45 X.B., I hereby attest that Rochelle East, William
4  Mitchell, Chad Stegeman, Sara Norman, Amy Whelan, Natalie Leonard, Kimberly Hall
5  Barlow, Theresa Fuentes, and Richard Flores have concurred in this filing.

6  DATED:  June 9, 2008              HANSON BRIDGETT LLP

8                        By:   /s/ Paul B. Mello
                               PAUL B. MELLO
9                              Attorneys for Defendants Arnold
                               Schwarzenegger, et al.