1  PRISON LAW OFFICE
   DONALD SPECTER, Bar No. 83925
2  STEVEN FAMA, Bar No. 99641
   E. IVAN TRUJILLO, Bar No. 228790
3  1917 Fifth Street
   Berkeley, California 94710-1916
4  Telephone:  (510) 280-2621
   Facsimile:   (510) 280-2704
5
6  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN, Bar No. 96891
7  JANE E. KAHN, Bar No. 112239
   AMY WHELAN, Bar No. 215675
8  LORI RIFKIN, Bar No. 244081
   SARAH M. LAUBACH, Bar No. 240526
9  315 Montgomery Street, 10th Floor
   San Francisco, California 94104
10 Telephone: (415) 433-6830

11 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
12 CLAUDIA CENTER, Bar No. 158255
   600 Harrison Street, Suite 120
13 San Francisco, CA 94107
   Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000


HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900



KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

14 Attorneys for Plaintiffs

15        IN THE UNITED STATES DISTRICT COURTS

16     FOR THE EASTERN DISTRICT OF CALIFORNIA

17      AND THE NORTHERN DISTRICT OF CALIFORNIA

   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

18      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19 RALPH COLEMAN, et al.,                )  No.:  Civ S 90-0520 LKK-JFM P
                                         )
20        Plaintiffs,                    )  **THREE-JUDGE COURT**
                                         )
21     vs.                               )
                                         )
22 ARNOLD SCHWARZENEGGER, et al.,        )
                                         )
23     Defendants                        )
                                         )
24 MARCIANO PLATA ,et al.,               )  No. C01-1351 TEH
                                         )
25        Plaintiffs,                    )  **THREE-JUDGE COURT**
       vs.                               )
26                                       )  **PLAINTIFFS' OPPOSITION TO
   ARNOLD SCHWARZENEGGER, et al.,        )  DEFENDANTS' REQUEST FOR
27                                       )  RECONSIDERATION OF MAY 29, 2008
       vs.                               )  RULING OR REQUEST FOR STAY BY
28        Defendants                     )  THREE-JUDGE COURT**

[217029-1]

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................. 1

PROCEDURAL BACKGROUND .......................................................................... 2

ARGUMENT ...................................................................................................... 6

I.    Defendants Fail To Satisfy The Legal Standard For Reconsideration ................. 6

II.   Defendants' Motion For Reconsideration Should Be Denied And The Court Should Order Immediate Production Of The Withheld Documents Because Defendants Failed To Establish That The Deliberative Process Privilege Applies ........................................................................ 10

   A.   The Deliberative Process Privilege Is A Narrow Conditional Privilege That May Be Overcome ............................................ 11

   B.   Defendants Have Failed To Meet Their Burden Of Establishing That The Documents For Which The Deliberative Process Privilege Has Been Asserted Are, In Fact, Predecisional And Deliberative ........................................................................ 13

III.  Defendants' Motion For Reconsideration Should Be Denied And The Court Should Order Immediate Production Of The Withheld Documents Because Defendants Have Put Their Deliberative Processes At Issue And Because Plaintiffs' Need For The Documents Overrides The Government's Interest In Hiding Them ........................................ 16

   A.   Defendants Have Put Their Deliberative Processes At Issue In This Case And The Documents They Have Withheld Are Highly Relevant To These Proceedings ............................................ 17

   B.   The Deliberative Process Privilege Is Overcome For Defendants' Budget Change Proposals And Financial Documents Because Of Their Particular Relevance To Defendants' Claims To Be Able To Comply With Court Orders .................................................. 21

   C.   Even If The Documents Were To Satisfy The Deliberative And Predecisional Requirements, Plaintiffs' Need For The Materials Greatly Outweighs The Government's Minimal Interest In Non-Disclosure .................................................................. 23

IV.   This Court Should Deny Defendants' Request For A Stay ................................. 24

CONCLUSION ................................................................................................. 25

-i-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OF MAY 29, 2008 RULING OR REQUEST FOR STAY BY THREE-JUDGE COURT, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[217029-1]

1

# <u>TABLE OF AUTHORITIES</u>

2

**<u>Page</u>**

3

## <u>CASES</u>

4

*Ainsworth v. Vasquez,*
   759 F. Supp. 1467 (E.D. Cal.1991) ................................................................ 6

5

6

*Allen v. Woodford,*
   2007 WL 309945 (E.D. Cal. Jan. 30, 2007) ..................................................... 14

7

*Assembly of State of Cal. v. United States Dep't of Commerce,*
   968 F.2d 916 (9th Cir. 1992) ........................................................................... 13

8

9

*Brown v. Wesley's Quaker Maid, Inc.,*
   771 F2d 952 (6th Cir. 1985) ............................................................................. 7

10

*Champagne v. Whitman,*
   2006 WL 2522381 (E.D. Cal. Aug. 28, 2006) .................................................. 7

11

12

*Coastal States Gas Corp. v. Dep't of Energy,*
   617 F.2d 854 (D.C. Cir. 1980) ......................................................................... 18

13

*Coleman v. Schwarzenegger,*
   No. CIV S-90-0520 LKK-JHM .......................................................... 17, 23, 24, 25

14

15

*Dole v. Milonas,*
   889 F.2d 885 (9th Cir. 1989) ........................................................................... 10

16

*EPA v. Mink,*
   410 U.S. 73 (1973) ........................................................................................... 17

17

18

*FTC v. Warner Commc'ns Inc.,*
   742 F.2d 1156 (9th Cir. 1984) .............................................................. 12, 14, 15

19

*Hilton v. Braunskill,*
   481 U.S. 770 (1987) ......................................................................................... 28

20

21

*In re Imperial Corporation of America v. Shield,*
   174 F.R.D. 475 (S.D.Cal. 1997) ............................................................. 8, 9, 10

22

*In re Sealed Case,*
   121 F.3d 729 (D.C. Cir. 1997) ......................................................................... 13

23

24

*In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency,*
   145 F.3d 1422 (D.C. Cir. 1998) ................................................................. 15, 23

25

*L.H. v. Schwarzenegger,*
   2007 WL 2009807 (E.D. Cal. July 6, 2007) ........................................ 14, 15, 25

26

27

*Long v. I.R.S.,*
   742 F.2d 1173 (9th Cir. 1984) ......................................................................... 17

28

[217029-1]

*N. Pacifica, LLC v. City of Pacifica,*
   274 F. Supp. 2d 1118 (N.D. Cal. 2003) ................................................ 13, 15, 27

*Nat'l Wildlife Fed'n v. United States Forest Serv.,*
   861 F.2d 1114 (9th Cir. 1988) ................................................................ 7, 12

NLRB v. Sears, Roebuck & Co.,
   421 U.S. 132 (1975) ................................................................................ 13, 27

*United States v. Gray,*
   876 F.2d 1411 (9th Cir. 1989) ...................................................................... 14

*United States v. Phoenix Union High Sch.,*
   681 F.2d 1235 (9th Cir. 1982) ...................................................................... 26

*United States v. Rozet,*
   183 F.R.D. 662 (N.D. Cal. 1998) .................................................................. 14

*United States v. United States Gypsum Co.,*
   333 U.S. 364 (1948) ........................................................................................ 7

*Weeks v. Bayer,*
   246 F.3d 1231 (9th Cir.2001) .......................................................................... 7

## **STATUTES**

28 U.S.C. § 636(b)(1)(A) ................................................................................ 6

## **RULES**

E.D. Local Rule 72-303(f) ................................................................................ 6

Federal Rule of Civil Procedure 26(a)(5) ........................................................ 3

Federal Rule of Civil Procedure 26(a)(5), 1993 Advisory Committee Note .............................. 9

Federal Rule of Civil Procedure 72(a) ............................................................. 6

[217029-1]

# INTRODUCTION

Through defendants' request for reconsideration, State government leaders continue their crusade to hide relevant documents about the prison overcrowding crisis, and the State's inability to provide constitutional levels of medical and mental health care to prisoners, from plaintiffs and this Court.  In the fall of 2007, the State defendants originally cited the deliberative process privilege and an array of other privileges and protections as alleged justification for withholding more than 50,000 documents from production—more than twice the number of documents actually produced to plaintiffs during that time—in response to plaintiffs' September 5, 2007 discovery request.  *See* Declaration of Lori Rifkin In Support of Plaintiffs' Opposition to Defendants' Request for Reconsideration of May 29, 2008 Ruling Or Request For Stay By Three-Judge Court ("Rifkin Decl.") ¶ 3.  On December 7, 2007, Magistrate Judge Moulds held that defendants had wholly failed to meet their evidentiary burden to establish that the claimed privileges applied to any of the more than 50,000 documents.  This Court, on December 14, 2007, granted defendants approximately six additional weeks to re-review the documents and revise their privilege logs in accordance with the standards required by the Federal Rules of Civil Procedure.  The Magistrate Judge then granted defendants yet another extension of time on January 28, 2008 to complete the re-review and revision, and defendants ultimately produced their "final" privilege logs to plaintiffs on February 15, 2008, two months after this Court's grant of additional time, and almost six months after the request for documents was served.  *See* 4/14/08 Order (*Coleman* Doc. No. 2753) at 2-3; Joint Statement Regarding Discovery Disputes ("Joint Statement") (*Coleman* Doc. No. 2689), filed 2/25/08, at 1-4.

As a result of this extended process and re-review, defendants abandoned their assertions of privilege for approximately 36,000 documents that appeared on the original logs. Defendants continued to claim privilege for 16,788 documents, and asserted the deliberative process privilege as the sole basis for withholding 4,653, or just over one-quarter, of these

[217029-1]

documents.[1] Plaintiffs contested defendants' assertion of the deliberative process privilege as a valid basis for withholding these documents, arguing that defendants did not sufficiently establish the application of the privilege, and that the deliberative process privilege is overcome in this case of grave public importance where defendants—who are all State public officials—have put their deliberative processes at issue.

On May 29, 2008, the Magistrate Judge found that defendants again failed to satisfy the legal requirements for establishing the deliberative process privilege. Now, after this Court granted defendants' request for months of delay in this case solely in order to review and revise their privilege logs, defendants have asked this Court to reconsider the Magistrate Judge's order. Defendants request this reconsideration based on the argument that they did not have enough time to prepare appropriate sworn declarations and privilege logs to establish the factual bases for their assertion of this limited privilege. This Court has provided defendants every possible opportunity to meet their burden and they have again failed. Defendants' request for reconsideration or a stay should be summarily denied.

## PROCEDURAL BACKGROUND

The extensive procedural background of the present dispute was outlined in plaintiffs' opposition to defendants' request for reconsideration now pending before this Court, and will be summarized here. *See* Pls.' Opposition to Defs.' Request for Reconsideration of April 14, 2008 Order, Or, Alternatively, Request for Stay (*Coleman* Doc. No. 2787), filed 5/9/08, at 2-6. Both the April 14, 2008 and the May 29, 2008 orders of the Magistrate Judge resolved disputes concerning defendants' assertions of privilege that were outlined in the parties' February 25, 2008 joint statement filed with the court. *See* Joint Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2689). In that statement, plaintiffs contested defendants' assertions of

---

[1] Defendants asserted attorney-client privilege and/or attorney work-product protection as the basis for withholding more than 7,500 of the total 16,788 documents, and official information and/or privacy protections as the basis for withholding the remainder in the group of 16,788. In the same motion that formed the basis for the present dispute, plaintiffs moved to compel only 402 of these approximately 12,135 non-deliberative process documents, and the Magistrate Judge found that 293 of these challenged documents were not, in fact, privileged. *See* 4/14/08 Order.

[217029-1]

1  attorney-client privilege and/or attorney work-product protection for 402 documents and

2  defendants' assertions of deliberative process privilege for approximately 4,653 documents.

3  The Magistrate Judge decided these disputes separately in his April 14, 2008 and May 29,

4  2008 orders, respectively, and defendants have requested reconsideration by this Court of both

5  orders.

6      These disputes regarding defendants' refusal to produce responsive documents on the

7  basis of broad assertions of privilege arose in connection to requests for production of

8  documents served on defendants by plaintiffs on September 5, 2007.  Defendants withheld

9  more than 50,000 documents pursuant to claims of various privileges including deliberative

10 process, official information, attorney-client, attorney work-product, and privacy rights.  *See*

11 Declaration of Andrea Lynn Hoch (*Coleman* Doc. No. 2653-2), filed January 28, 2008, at ¶ 6.

12 Defendants withheld more than twice the number of documents they actually produced to

13 plaintiffs during that period.  *See* Rifkin Decl. ¶ 3.  Pursuant to court orders, defendants also

14 submitted the privilege logs and the documents referenced therein to the Magistrate Judge for

15 *in camera* review.  Plaintiffs objected to the sufficiency of defendants' privilege logs, as well

16 as their assertions of privilege, and moved to compel production of the documents identified in

17 the logs.

18      On December 7, 2007, the Magistrate Judge issued a written order finding that

19 defendants failed to meet their Rule 26(a)(5) obligations to describe the documents in

20 sufficient detail to enable plaintiffs and the court to assess the privilege:  "The deficient entries

21 [in the logs] are obvious and they are numerous…[I]t is obvious to this court that defendants

22 have failed to meet their burden of establishing the privileges asserted in these proceedings."

23 12/7/07 Order at 10:10-21.  Specifically, Magistrate Judge Moulds held that defendants failed

24 to meet the legal requirements for establishing the deliberative process privilege and the

25 official information privilege; raised defenses in the proceedings that constituted a waiver of

26 the deliberative process privilege; failed to establish essential elements of the attorney-client

27 privilege and its applicability to the documents for which the attorney-client privilege was

28 claimed; failed to establish that the materials for which they claimed attorney work product

1    protection were entitled to that protection; and failed to offer an adequate basis for withholding

2    documents based on privacy rights.  12/7/07 Order.  The order also directed the parties to file

3    any motion for reconsideration with the Three-Judge Court.  *Id.*

4        On December 14, 2007, this Court denied defendants' motion for reconsideration in

5    part, but granted defendants' request for additional time to review and revise their clearly

6    inadequate privilege logs.  This Court referred the matter back to the Magistrate Judge for

7    further proceedings in connection with defendants' re-review and revisions, and stayed all

8    other discovery proceedings in this matter.  12/14/07 Order.

9        On December 19, 2007, following a conference with the parties, the Magistrate Judge

10   ordered defendants to serve their revised privilege logs on plaintiffs on or before January 28,

11   2008, together with any documents for which the claim of privilege was withdrawn.  On

12   January 28, 2008, defendants moved *ex parte* for an extension of this deadline, citing their

13   need to complete yet an additional level of review of the documents in the logs, as well as to

14   review and correct errors in the revised privilege logs.  *See* 1/29/08 Order at 2:5-7; Declaration

15   of Andrea Lynn Hoch (*Coleman* Doc. No. 2653-2), filed January 28, 2008, ¶¶ 11-12. The

16   Magistrate Judge granted the extension and ordered defendants to serve their final revised logs

17   by February 15, 2008 together with a list identifying the government positions held by all

18   individuals appearing on the logs.  1/29/08 Order at 3:7-9; 1/29/08 Hearing Transcript at 20:4-

19   19.  On February 15, 2008, defendants served their final privilege logs and list of individuals in

20   the logs, identifying approximately 16,788 documents that continued to be withheld based on

21   assertions of privilege, and abandoning their previous assertions of privilege for approximately

22   36,000 documents.  *See* Rifkin Decl ¶¶ 2-3.  Defendants asserted deliberative process privilege

23   as the sole privilege for approximately 4,653, or just over one-quarter, of these documents. *See*

24   Joint Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2689) at 10:22-23.

25        In a February 25, 2008 joint statement to the Magistrate Judge, the parties identified the

26   remaining disputes concerning defendants' assertions of privilege.  Plaintiffs continued to

27

28

[217029-1]

1  contest defendants' assertions of deliberative process privilege for all documents,[2] but did not

2  contest defendants' claims of attorney-client privilege for the vast majority of the remaining

3  approximately 12,135 documents which defendants withheld.  Joint Statement Regarding

4  Discovery Disputes (*Coleman* Doc. No. 2689) at 6:7-9.  On February 27, 2008, the Magistrate

5  Judge deferred resolution of the dispute concerning deliberative process privilege until further

6  order of the court.[3]

7       On May 29, 2008, the Magistrate Judge ruled that "neither the privilege log nor the

8  declarations, separately or in combination, meet the legal requirements for establishing the

9  deliberative process privilege."  He found that "the description of each document contained in

10  the privilege log is too conclusory to permit an adequate assessment of the claim of privilege,"

11  "none of the declarants ties any of the statements in their declarations to particular documents

12  for which the deliberative process privilege has been claimed," and "there is no proof that

13  defendants have preserved the confidentiality of each of the specific documents for which a

14  claim of privilege has been made."  5/29/08 Order at 8:6-18.  Accordingly, the Magistrate

15  Judge ordered defendants to produce to plaintiffs all documents for which they claimed solely

16  deliberative process, as well as the sixty-nine documents listed in the Magistrate Judge's April

17  14, 2008 Order, Attachment C, for which defendants had claimed both attorney-client and

18  deliberative process privilege but which were found by the Magistrate Judge not to be covered

19

20

21

22  [2] Plaintiffs also contested defendants' privilege claims for a limited group of documents for which defendants claimed both attorney-client privilege and deliberative process privilege.  The Magistrate Judge ordered that sixty-nine of those documents be produced after *in camera* review showed that attorney-client privilege did not apply and after finding that defendants did not sufficiently establish the application of deliberative process privilege.  *See* 4/14/08 Order, Attachment C and 5/29/08 Order.

23

24  [3] The Magistrate Judge also ordered the parties to further meet and confer concerning the disputes over defendants' assertions of privilege other than deliberative process privilege.  2/27/08 Order.  On March 7, 2008 the parties filed a joint list of the remaining 402 disputed documents, containing only documents for which defendants asserted attorney-client privilege and/or attorney work-product doctrine.  *Id.*  On April 14, 2008 Magistrate Judge Moulds granted in part and denied in part plaintiffs' motion to compel production of these documents.  Defendants requested reconsideration by this Court of the Magistrate Judge's order.  The matter is now pending before this Court.

25

26

27

28

[217029-1]

by attorney-client privilege.[4]  In violation of this order, defendants did not produce these

documents to plaintiffs within five business days of the order.  Rather, on June 4, 2008,

defendants filed a request for reconsideration by this Court of the Magistrate Judge's order, or,

in the alternative, request for stay.  Defs.' Request for Reconsideration by the Three-Judge

Court of Magistrate Judge's May 29, 2008 Ruling Or, Alternatively, Request for Stay of Order

("Defs.' Request for Reconsideration") (*Coleman* Doc. No. 2812).

Defendants' request does not satisfy the legal standards for reconsideration or a stay,

and should be rejected for the reasons set forth below.

## ARGUMENT

## I.     Defendants Fail To Satisfy The Legal Standard For Reconsideration

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pre-trial matters

may be decided by a magistrate judge.  The standard for review by the district judge is whether

the decision of the magistrate judge was "clearly erroneous" or "contrary to law." *See* 28

U.S.C. § 636(b)(1)(A); E.D. Local Rule 72-303(f); *Ainsworth v. Vasquez*, 759 F. Supp. 1467,

1469 (E.D. Cal.1991).  Discovery motions are non-dispositive pretrial motions within the

scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or

contrary to law" standard of review.  *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952,

954 (6th Cir. 1985).  A finding is "clearly erroneous" only when the reviewing Court

considering the entire evidence is left with the definite and firm conviction that a mistake has

been committed.  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Nat'l

Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988); *Champagne

v. Whitman,* 2006 WL 2522381, at *1 (E.D. Cal. Aug. 28, 2006) (noting that "[m]otions to

reconsider [a magistrate's ruling] are committed to the discretion of the trial court" and that

---

[4] Defendants' privilege log entries for these sixty-nine documents are reproduced for the Court's
reference in Exhibit A to the Declaration of Lori Rifkin filed herewith.  Rifkin Decl. ¶ 3, Exh. A.
Defendants' privilege log entries for the other 4,653 documents in dispute are reproduced in the chart
attached as Exhibit A to the Rifkin Declaration In Support of Pls.' Statement Regarding Discovery
Disputes (*Coleman* Doc. No. 2690).

1  "[t]o succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly

2  convincing nature to induce the court to reverse its prior decision"); *cf. Weeks v. Bayer,* 246

3  F.3d 1231, 1236 (9th Cir.2001) (warning that reconsideration standard presents "high hurdle").

4        Defendants' motion does not meet this high standard.  Defendants misapply case law

5  and ignore the history and circumstances of the dispute in this case.  Defendants repeatedly

6  assert that they "were required to produce [] documents within a very limited period of time,"

7  and that this time pressure constitutes "unusually hard circumstances" that exempt them from

8  the standard requirements for establishing privilege in this circuit.  *See, e.g.,* Defs.' Request

9  for Reconsideration at 4:14-15 and 4:13.  However, defendants neglect to acknowledge or even

10  mention the fact that this Court and the Magistrate Judge granted defendants more than two

11  months *after* production of documents was completed and during which time the case was

12  stayed—in other words, a time when no additional activity such as discovery or motion

13  practice was occurring—for the *sole* purpose of enabling defendants to review and correct their

14  privilege logs to meet the standards set forth by the Magistrate Judge in his December 7, 2007

15  Order.[5]  Defendants' request for reconsideration now rests on the argument that the magnitude

16  of their production and limited time exempts them from producing a sufficient and adequate

17  privilege log.  This is the same argument defendants made in December 2007, when it was

18  soundly rejected by the Magistrate Judge:  "Neither the press of time nor the volume of

19  documents" explain the failure of defendants to meet their burden of establishing the privileges

20  asserted.  12/7/07 Order at 10:17-22.  While the argument failed then, it certainly has no

21  applicability now, when defendants were provided two months of additional time to do the

22  very thing they are now claiming not to have had time to do.

23        Indeed, defendants rely primarily on a single district court's decision in *In re Imperial*

24  *Corporation of America v. Shield*, 174 F.R.D. 475 (S.D.Cal. 1997), for the proposition that the

25

26  _____

27  [5] In fact, during this review, defendants impliedly recognized the vast overreaching and inaccuracies in
their previous logs, dropping assertions of privilege for approximately 36,000 of the documents that
they previously withheld.  Rifkin Decl. ¶ 3.

28

[217029-1]

1  privilege log requirements described by the Magistrate Judge in both his December 7, 2007

2  and May 29, 2008 Orders do not apply to these public officers of the State of California and

3  therefore the Magistrate Judge's decision was "clearly erroneous" or "contrary to law."  In *In*

4  *re Imperial*, the day after the court ruled that a party must respond to the propounding party's

5  subpoenas, the responding party timely requested that the court allow them to modify the usual

6  requirements for claiming attorney-client privilege and work product.  The court in that case

7  granted the party's request for an exemption from producing a document-by-document

8  privilege log because "hundreds of thousands, if not millions, of documents" were subject to

9  the subpoenas and there was "little dispute that most of the documents sought through the

10 [subpoenas] were created during the course of this and related litigation, or…when the

11 subpoenaed firms were representing plaintiffs in anticipation of this and related litigation."

12 174 F.R.D. at 478.  Moreover, the court concluded that "it would be foolish to believe that very

13 many of [the documents subject to subpoena] would be other than protected by the attorney-

14 client privilege or work product."  *Id.* at 479.

15       In the instant case, on the other hand, not only are the numbers of documents not in the

16 same magnitude,[6] but there are also no similar indicia of reliability as to defendants' assertions

17 of privilege.  Rather, defendants in this case have a history of making non-colorable assertions

18 of privilege as the bases for illegitimately withholding tens of thousands of documents.  There

19 can be no dispute that these defendants have established a pattern of severely overreaching on

20 their claims of privilege.  Defendants have claimed privileges for documents ranging from

21 court orders to memos and letters written by plaintiffs' counsel to reports authored by the

22 Special Master and Receiver.  *See, e.g.,* Pls.' Memorandum In Support of Motion to Compel

23 Production of Documents (*Coleman* Doc. No. 2582), filed 11/30/07, at 3:fn 1.  Even after the

24

25 [6] As of June 9, 2008, defendants have produced to plaintiffs a total number of approximately 68,000
   documents corresponding to approximately 485,000 pages.  These numbers include all documents
26 produced by defendants in response to *all* of plaintiffs' requests for production from September 2007
   to present, including documents for which defendants previously claimed and have now abandoned
27 claims of privilege and documents which defendants produced pursuant to the Magistrate Judge's
   April 14, 2008 order.  Rifkin Decl. ¶ 6.

28

[217029-1]

1   additional two month period of alleged painstaking re-review of their logs and documents, the

2   Magistrate Judge's *in camera* review found that defendants continued to make remarkably

3   overbroad assertions of privilege.  For example, even after this re-review, the Magistrate Judge

4   found that defendants continued to claim attorney-client privilege for a chaptered copy of AB

5   900 passed by the legislature and signed by the Governor.  3/12/08 Hearing Transcript at 6-8.

6   As detailed in Section II(B) *infra*, defendants continue to assert deliberative process privilege

7   over factual documents, graphs and charts, and "attachments" to allegedly privileged

8   documents for which no independent assertion of privilege is made.  In this context, the

9   Magistrate Judge's determination that defendants did not provide sufficient evidentiary

10  information regarding the documents for which they claim privilege—either in the log itself or

11  in the supporting declarations—is not merely an observation that defendants cannot produce a

12  proper privilege log.  Rather, the fact that this information is missing is of crucial importance

13  because, yet again, defendants did not provide the court with sufficient information to fairly

14  evaluate their claim that these documents are actually a part of what are legally considered to

15  be defendants' deliberative processes.  *See, e.g., Dole v. Milonas*, 889 F.2d 885, 888 n.3, 890

16  (9th Cir. 1989)(an adequate privilege log contains information sufficient to establish the

17  elements of the asserted privilege).

18          Moreover, unlike the responding party in *In re Imperial*, defendants here made no

19  request, timely or otherwise, to the court for modification of the requirements to establish

20  privilege.  Rather, defendants produced a series of inadequate privilege logs in November

21  2007, were afforded two additional months in response to their "request for additional time to

22  review and revise their privilege logs" (12/14/07 Order at 2:5-6), and again produced

23  inadequate logs in February 2008.  The only other authority defendants cite to support their

24  argument that a more liberal standard should be applied to their logs, the 1993 Advisory

25  Committee Note to Fed. R. Civ. P. 26(b)(5), directs that if a party anticipates that compliance

26  with the requirement for providing information to establish privilege would be an unreasonable

27  burden, that party should seek relief through a protective order from the court.  Fed. R. Civ. P.

28  26(b)(5), 1993 Advisory Committee Note.  Defendants in the instant case have never done so.

1    Defendants' own description of their review and revisions to the privilege logs during

2   December, January, and February belies their assertion that they did not have ample time to

3   produce privilege logs sufficient to establish the elements of the deliberative process privilege.

4   In fact, defendants represented that their "final" privilege logs, produced on February 15, 2008,

5   more than five months after plaintiffs' request for production, were the result of a multi-tiered

6   review process which began with the review of documents that resulted in the first series of

7   privilege logs in November and December 2007, continued with an intensive re-review of

8   documents in January 2008, and, for some documents, continued with yet another review in

9   February 2008. *See, e.g.,* Declaration of Andrea Lynn Hoch (*Coleman* Doc. No. 2653-2), filed

10  1/28/08, at ¶¶ 6-13.

11    Finally, defendants do not offer any response whatsoever as to the Magistrate Judge's

12  finding that the declarations offered by defendants in support of their privilege logs fail to

13  provide the evidence necessary to establish the deliberative process privilege.  The Magistrate

14  Judge found that "none of the declarants ties any of the statements in their declarations to

15  particular documents," and that the declarants' general averments that categories of materials

16  are generally maintained as privileged and confidential do not constitute sufficient proof that

17  defendants have preserved the confidentiality of the documents at issue.  5/29/08 Order at 8:5-

18  17.  The Magistrate Judge made the same findings regarding defendants' declarations in his

19  December 7, 2007 Order, and defendants have now again failed to provide the additional

20  information and statements of proof required.

21    For these reasons, as well as the additional legal arguments set forth below, defendants'

22  motion should be denied.

23  **II.    Defendants' Motion For Reconsideration Should Be Denied And The Court**
    **Should Order Immediate Production Of The Withheld Documents Because**
24  **Defendants Failed To Establish That The Deliberative Process Privilege Applies**

25    Defendants are now withholding 4,741 documents pursuant to assertions of the

26

27

28

[217029-1]

1  deliberative process privilege.[7]  As the Magistrate Judge found, defendants have not

2  sufficiently established the deliberative process privilege for the documents for which they

3  claim the privilege.  Specifically, as the Magistrate Judge first stated in his December 7, 2007

4  Order, and again held in his May 29, 2008 Order, defendants' conclusory use of the phrase

5  "pre-decisional" as the basis for asserting that a document is covered by the deliberative

6  process privilege is not sufficient to permit an adequate assessment of the claim of privilege.

7  *See* 12/7/07 Order at 13:17-25; 5/29/08 Order at 8:8-10.   Defendants also continue to assert

8  deliberative process privilege for documents of types that fall outside the scope of the

9  privilege, and to documents that are described merely as "attachments" to privileged

10  documents without establishing that the privilege applies independently to those documents.

11      **A.    The Deliberative Process Privilege Is A Narrow Conditional Privilege That**
         **May Be Overcome**
12

13      The deliberative process privilege is a narrow, conditional federal common law

14  privilege that protects materials created by governmental departments or agencies during the

15  decision-making process.  *Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114,

16  1117 (9th Cir. 1988).  The purpose of the privilege is "to promote frank and independent

17  discussion among those responsible for making governmental decisions and also to protect

18  against premature disclosure of proposed agency policies or decisions."  *FTC v. Warner*

19  *Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citations omitted); *see also NLRB v.*

20  *Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975).

21      The deliberative process privilege is "strictly confined within the narrowest possible

22  limits consistent with the logic of its principles."  *N. Pacifica, LLC v. City of Pacifica*, 274 F.

23  Supp. 2d 1118, 1122 (N.D. Cal. 2003) (internal quotation marks omitted).  To qualify for the

24  deliberative process privilege, the materials in question must be predecisional in nature and

25

26  [7] This number includes both the 4,653 documents for which defendants asserted solely deliberative
     process privilege and the 69 documents for which the Magistrate Judge already held that the additional
27  claim of attorney-client privilege does not apply.  A list of these documents is attached for the Court's
     reference as Exhibit A to the Declaration of Lori Rifkin filed herewith.
28

[217029-1]

1    must also be part of the agency's deliberative process.  *Assembly of State of Cal. v. United*

2    *States Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (as amended).  "A

3    'predecisional' document is one prepared in order to assist an agency decisionmaker in arriving

4    at his decision, and may include recommendations, draft documents, proposals, suggestions,

5    and other subjective documents which reflect the personal opinions of the writer rather than the

6    policy of the agency."  *Id.* (internal quotation marks and citations omitted).

7         A predecisional document is part of the deliberative process if the "disclosure of [the]

8    materials would expose an agency's decision-making process in such a way as to discourage

9    candid discussion within the agency and thereby undermine the agency's ability to perform its

10   functions."  *Id.* (alteration in original) (internal quotation marks omitted).  "The deliberative

11   process privilege does not shield documents that simply state or explain a decision the

12   government has already made or protect material that is purely factual . . . ."  *In re Sealed*

13   *Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (per curiam).

14        The party asserting the deliberative process privilege has the burden to demonstrate that

15   the privilege applies to the information in question.  *United States v. Gray*, 876 F.2d 1411,

16   1415 (9th Cir. 1989).  Additionally, assertion of the privilege requires:

17        -a formal claim of privilege by the "head of the department" having control over the
              requested information;
18        -assertion of the privilege based on actual personal consideration by that official; and
          -a detailed specification of the information for which the privilege is claimed, with an
19           explanation of why it properly falls within the scope of the privilege.

20   *Allen v. Woodford,* 2007 WL 309945 at *4 (E.D. Cal. Jan. 30, 2007); *see also L.H. v.*

21   *Schwarzenegger*, 2007 WL 2009807, at *2 (E.D. Cal. July 6, 2007); *United States v. Rozet*,

22   183 F.R.D. 662, 665 (N.D. Cal. 1998) (noting that the deliberative process privilege may be

23   invoked only "by the head of the department after actual personal consideration" of the

24   allegedly privileged information).

25        Even if established, "[t]he deliberative process privilege is a qualified one."  *FTC*, 742

26   F.2d at 1161.  "A litigant may obtain deliberative materials if his or her need for the materials

27   and the need for accurate fact-finding override the government's interest in non-disclosure."

28   *Id.*; *see also Rozet*, 183 F.R.D. at 665 (holding that "privilege "may be overcome by a strong

-12-

1   showing of need on the part of the party seeking discovery").  First, if the government's

2   deliberative processes are the issue being litigated, the government may not use the

3   deliberative process privilege to avoid scrutiny of its actions and decisions.  "The [deliberative

4   process] privilege was fashioned in cases where the governmental decisionmaking process is

5   collateral to the plaintiff's suit."  *In re Subpoena Duces Tecum Served on the Office of the*

6   *Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998).  "If the plaintiff's cause of

7   action is directed at the government's intent, however, it makes no sense to permit the

8   government to use the privilege as a shield."  *Id.*  Second, a litigant "may obtain deliberative

9   materials [or information] if his or her need for the materials [or information] and the need for

10  accurate fact-finding override the government's interest in non-disclosure."  *N. Pacifica*, 274 F.

11  Supp. 2d at 1122 (alterations in original) (internal quotation marks omitted).  "Among the

12  factors to be considered in making this determination are: 1) the relevance of the evidence; 2)

13  the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to

14  which disclosure would hinder frank and independent discussion regarding contemplated

15  policies and decisions."  *FTC*, 742 F.2d at 1161.  The court should also consider "(5) the

16  interest of the litigant, and society, in accurate judicial fact finding; and (6) the seriousness of

17  the litigation and the issues involved."  *L.H.*, 2007 WL 2009807 at * 2 (citations omitted).

18  **B. Defendants Have Failed To Meet Their Burden Of Establishing That The Documents For Which The Deliberative Process Privilege Has Been Asserted Are, In Fact, Predecisional And Deliberative**

19

20  Defendants have failed to establish the elements of the deliberative process privilege for

21  the documents for which they claim the privilege.  The Magistrate Judge found in his

22  December 7, 2007 Order that "conclusory" descriptions of documents "as 'pre-decisional'

23  were not sufficient to establish that those documents are covered by the deliberative process

24  privilege."  The Magistrate Judge found in his May 29, 2008 Order that defendants had not

25  improved on these conclusory claims in their revised log.  Defendants' continued conclusory

26  use of "pre-decisional" is pervasive throughout the log, inserted in the descriptions of three-

27  quarters (approximately 3,450) of the entries.  *See* Rifkin Decl. In Support of Pls.' Statement

28  Regarding Discovery Disputes (*Coleman* Doc. No. 2690), Exh. B.  Although defendants'

-13-

agency declarants now aver that they have personally reviewed all of the documents being

withheld, the only justification for withholding the documents as privileged appears to be these

declarants' generalized descriptions of their internal agency processes as part of government

decision-making and their generalized statements that the documents being withheld are part of

that decision-making.  Such statements do not satisfy the requirement that the privilege must

be claimed in a specific, precise and certain manner.  *See L.H.*, 2007 WL 2009807 at *2.

For many of the actual entries in the log, it is doubtful whether they were in fact both

"predecisional" and "deliberative" in the legal sense.  Many of these documents appear to be

documents that are presumptively not covered by the deliberative process privilege, such as

reports, graphs or charts, financial statements, and budget change proposals.  For example,

defendants' electronic log contains approximately 300 documents described as graphs or

charts, and approximately 100 documents that are described as financial, and appear to be

reports or lists describing underlying facts, not decision-making deliberations.  A list of these

documents is attached as Exhibit C to Rifkin Declaration In Support of Plaintiffs' Statement

Regarding Discovery Disputes (*Coleman* Doc. No. 2690).  Inserting the conclusory phrase

"pre-decisional" or "draft" in the "Summary" field of these logs does not automatically

transform the documents into those covered by the deliberative process privilege.  For

example, E00097787 and E00097791 are documents of the type "Graph/Chart" that are

described as "Pre-decisional chart summarizing facility projects and costs."  E0001160 is a

document of type "Financial" and is described a "Pre-decisional spreadsheet titled Current

Year 00/00/2006-00/00/2007 Bed Per Diem Cost."  E00002934 is a document of the type

"Graph/Chart" that is described as a "Pre-decisional chart detailing county backlogs resulting

from deactivation of all non-traditional beds.  E00017510  is a document of type "Report" that

is described as "Project cost summary for construction project."  All of these documents appear

to contain only or primarily factual information, yet factual reports are not covered by the

deliberative process privilege.  *See EPA v. Mink*, 410 U.S. 73, 87-88 (1973) (explaining that

"compiled factual material or purely factual material contained in deliberative memoranda and

severable from its context would generally be available for discovery" notwithstanding the

-14-

1  assertion of privilege), *superseded by statute in nonrelevant part as recognized in Long v.*

2  *I.R.S.*, 742 F.2d 1173 (9th Cir. 1984).  Moreover, a large number of documents on defendants'

3  log relate to budget change proposals (BCPs) and finance letters, documents this Court has

4  indicated are presumptively not covered by the deliberative process privilege.[8]  *See* Rifkin

5  Decl. In Support of Pls.' Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2690) ¶

6  11, Exh. F.

7        For those documents that do not appear to be strictly factual or finance requests,

8  defendants have not met their burden of establishing that they were actually part of the

9  deliberative process antecedent to the relevant agency decision, as required to trigger

10  protection by the privilege.  For example, defendants describe document E00006644 as "Pre-

11  decisional report pertaining to significant events and occurrences for CDCR".  This description

12  does not clearly implicate a discussion nor forward-looking deliberations relevant to an

13  identifiable decision.  Even where the title of the document indicates that it may have been part

14  of a discussion, it is not clear that these discussions are tied to or antecedent to the decision-

15  making process.  For example, E00001887 is described as "Pre-decisional email thread

16  discussing questions about AB 900" and is dated 6/1/2007.  AB 900 was passed in May 2007.

17  This email is not pre-decisional to an agency decision in the narrow sense of the privilege.  For

18  documents discussing AB 900 that are dated after the Legislature enacted the bill, defendants

19  do not identify a subsequent agency decision for which the documents would or could be

20  considered "pre-decisional."  Other similar examples include E00003401 and E00003402, both

21  titled "Pre-decisional draft of AB 900 Word/Term Definition List" dated 9/24/2007;

22  E00007259, titled "Email thread discussing AB 900 updates and attaching Week Ahead

23  Report" dated 7/17/2007; E00033810 and E00033811, both titled "Pre-decisional draft of AB

24

25  _____

[8] The fact that defendants allege that many of these BCPs or finance letters are "drafts" does not

26  automatically qualify them for protection by the deliberative process privilege.  Defendants have

27  indicated that they consider the budget requests sent by an agency to the Department of Finance for
    approval to be "drafts" even though they represent the final determinations by an agency of their
    budget requests to the Department of Finance or the Governor's Office.  *See* Declaration of David
    Runnels In Support January 28, 2008 Revised Privilege Log, *Coleman* Doc. No. 1076, at 3:12-23.

28

[217029-1]

900 Concept Paper Template" dated 9/21/2007.  Defendants establish no basis for showing that these emails were either pre-decisional or deliberative.  It is not reasonable to assert that these documents would pass the test that "the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Furthermore, it cannot be the case that what has been consistently construed as a "narrow" privilege automatically applies to all documents or communications between agency employees that discuss issues overseen by the agency.  If that were the case, the deliberative process privilege would hide every government agency document.

Finally, defendants assert the deliberative process privilege for 325 documents that are described as attachments to privileged documents.  A list of these documents is attached as Exhibit D to Rifkin Declaration In Support of Plaintiffs' Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2690).  Attachments must independently qualify for the privilege, and are not automatically privileged by virtue of being attached to other documents.  For example, E00004389-E00004392 are described as "attached to privileged BCP" but do not appear to be covered by the deliberative process privilege and defendants have not provided any independent information as to why they are covered by the privilege.  Defendants have failed to establish that the deliberative process privilege applies to these documents and they should be produced in this litigation.

**III.    Defendants' Motion For Reconsideration Should Be Denied And The Court Should Order Immediate Production Of The Withheld Documents Because Defendants Have Put Their Deliberative Processes At Issue And Because Plaintiffs' Need For The Documents Overrides The Government's Interest In Hiding Them**

Even if the Magistrate Judge had found that defendants' privilege log and declarations were adequate, the qualified deliberative process privilege is overcome in this case where almost all of the documents defendants have withheld pursuant to assertions of the deliberative process privilege are directly related to the defenses defendants have raised in this case.

/ / /

/ / /

[217029-1]

**A. Defendants Have Put Their Deliberative Processes At Issue In This Case And The Documents They Have Withheld Are Highly Relevant To These Proceedings**

In his December 7, 2007 order regarding privilege disputes, the Magistrate Judge found that "it is evident from the record before this court that the manner in which these proceedings are being defended involves presentation of material which will constitute a waiver of deliberative process privilege. The Governor has responded to interrogatories from plaintiffs that his administration 'continues to aggressively use the [October 4, 2006 overcrowding] Emergency Proclamation to address overcrowding in ways that are less intrusive than a prisoner release order.' Moreover, there is ample evidence in the record that the provisions of Assembly Bill 900 (AB 900) will play a substantial part in defendants' defense in these proceedings, a fact acknowledged by defendants at the September 24, 2007 hearing before the three-judge court when defendants stated that they 'would certainly like the opportunity to fully present to the court how AB 900 is rolling out and how it will roll out in the near future, so you have a better understanding—everybody at the table has a better understanding of what it can and can't do.'" Order at 13:26-14:12. (Citation omitted).

Indeed, in briefing before the district courts, and in their answers to plaintiffs' discovery requests, defendants have thus far contended that the size of the overall CDCR inmate population is not the primary cause of these violations, and that there are "[m]ultiple causes at play." In response to *Coleman* plaintiffs' interrogatories, defendants have identified some of these causes as defendants' administrative and systemic failures to recruit and retain staff, employ a viable information technology system, pay staff adequately, plan for and provide mental health beds at appropriate treatment and custody levels, and appropriately forecast the mental health population. *See* Decl. of Lori Rifkin In Support of Pls.' Motion to Compel (*Coleman* Docket No. 2583) at ¶ 3, Exh. C at 5:1-8; *see also* Defs.' Suppl. Brief in Opp. to Pls.' Motion for Referral to Three-Judge Panel ("Defs.' Suppl. Brief") (*Coleman* Doc. No. 2238) at 18:2-4 ("Plaintiffs cannot meet their burden because the evidence establishes that the problems with the mental health care system are primarily administrative problems."). Defendants have argued in these proceedings that they are currently engaged in efforts that will

-17-

1    provide relief for the constitutional violations such as the implementation of appropriate mental

2    health care policies and procedures, recruitment of qualified clinicians, and planning for and

3    construction of appropriate medical and mental health beds.  Defs.' Suppl. Brief at 4-8.

4            Defendants also contend, as illustrated by the Governor's response quoted above, that

5    they are currently implementing policies that address overcrowding, and therefore, a prisoner

6    release order should not be issued.  In the parties' Joint Discovery Statement submitted to the

7    Court on April 28, 2008, defendants stated that they "contend that relief less intrusive than that

8    of a prisoner release order may be fashioned without an adverse impact to public safety."

9    *Coleman* Doc. No. 2781 at 10:5-6.  In previous briefing, defendants have identified their

10   efforts to address overcrowding including the AB 900 prison construction plan, out of state

11   transfers, and administrative parole changes constitute relief other than a prisoner release order.

12   Defs.' Suppl. Brief at 10-19.  The initial disclosures by *Coleman* and *Plata* defendants that

13   plaintiffs received on March 17, 2008 confirm that defendants continue to anticipate raising

14   these efforts to reduce overcrowding as their defenses at trial.  Rifkin Decl. ¶ 5.

15           Indeed, the declarations of the State agency heads submitted with defendants' privilege

16   logs on February 15, 2008 explicitly acknowledge that the documents withheld based on the

17   deliberative process privilege fall into categories having to do with the exact defenses

18   defendants have raised and anticipate raising in this case.  *See* Declarations of Vincent P.

19   Brown, Robert Gore, Cynthia A. Radavsky, and David Runnels Regarding Privileged

20   Documents Identified On February 15, 2008 Privilege Log, filed 2/15/08.  The agency

21   declarants identify the following categories of documents that have been withheld pursuant to

22   claims of deliberative process privilege:

23        •   "Issues pending in the underlying class action cases and Three-Judge Panel

24            proceeding" (Gore, Radavsky, Brown) including defendants' ability to

25            implement court orders concerning, among others, bed plans, out-of-state bed

26            plan, staffing, and facility management organizational structures, as well as

27            issues relating to prison reform;

28

[217029-1]

- "Prison reform policy issues" (Runnels, Gore, Brown) including "the Administration's response to the CDCR population issue," "issues related to the Governor's Rehabilitation Strike Team, parole reform options, sentencing commission proposals, AB 900 funding mechanisms and missions, and costs and savings involved in reducing recidivism";

- "Budget Issues" (Runnels, Gore, Brown) including individual budget requests and the overall status of the State budget, including proposed mid-year cuts, appropriation language to address court orders issued in the class action cases against CDCR, and proposed language regarding AB 900;

- "CDCR Week Ahead Reports" (Runnels, Gore) including implementation of court orders issued in class action cases against CDCR, budget measures and mechanisms impacting CDCR, and issues relating to inmate population controls and housing agreements;

- "Analyses of Agency Functions and Responsibilities" (Radavsky) including a draft of the California Health and Human Services Agency Action Plan Update.

In the instant case—in which defendants maintain that their decision-making and administrative capabilities (or incapabilities) are the cause of the underlying Constitutional violations, and that they will plan and implement adequate remedies so that a prisoner release order is not warranted—the categories of documents described by the agency declarants are highly and indisputably relevant. Without access to the documents reflecting the State's decision-making, this Court cannot meaningfully address the State's argument that its failures in this area are the real primary cause of the violations rather than the population pressures resulting from overcrowding. Nor can plaintiffs or this Court fairly evaluate defendants' remedial plans without access to defendants' highly probative discussions about the adequacy of those very plans.

Plaintiffs' review of the privilege logs estimates that more than eighty percent of the documents defendants have withheld pursuant to assertions of the deliberative process privilege are facially related to the defenses raised in this case. Attached as Exhibit E to the

-19-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OF MAY 29, 2008 RULING OR REQUEST FOR STAY BY THREE-JUDGE COURT, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[217029-1]

Rifkin Declaration In Support of Plaintiffs' Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2690) is a table showing the number of documents defendants claim to be privileged, but for which defendants' description facially references defendants' defenses in this case.  Plaintiffs estimated these numbers by identifying the terms that are clearly relevant to defendants' defenses and then counting the number of documents described in the "Summary" of each entry as related to those defenses.  *Id.* at ¶ 10.  For example, plaintiffs used the terms, "AB 900," "Reentry," "Rehabilitation," "Strike Team," "Construction," "Capacity," and "Infill."  *Id.*  These terms appear in entries such as E00000179 ("Pre-decisional draft of proposed changes to AB 900"), E00000947 ("Pre-decisional email thread discussing implementation of AB 900"), E00000973 ("Pre-decisional email thread discussing AB 900 funding for rehabilitation programs"), E00000920 ("Pre-decisional report titled Short, Medium and Long Term Capacity Alternatives"), E00007429 ("Pre-decisional Significant Issue Report on AB 900 funding), and E00007484 ("Pre-decisional Assessment of the Capacity of the Office of Facilities Management to Meet the Requirements of AB 900").  Approximately 3,853 out of 4,653 documents withheld pursuant to assertions of the deliberative process privilege can be identified as relevant to defendants' defenses by this method alone.  *Id.*  Still more documents do not contain these terms in their descriptions, but appear to be related to defendants' defenses.  For example, E00005152, titled "Pre-decisional Implementation Barriers Report" would not be identified by the keyword search, but is immediately preceded in the log by E00005151, titled "Pre-decision AB 900 Barriers Report," and shares some of the same bates numbers, indicating it is also about AB 900.  Documents E00001307 and E00001308 are titled "Pre-decisional email thread discussing use of wastewater treatment plant for SVSP and Soledad."  These are most likely related to defendants' ability to house overflow population at these institutions because of the infrastructure problems this raises.  Other documents have descriptions that are so vague that it is impossible to tell what their subject matter is.  For example, E00000632 titled "Email discussing and attaching pre-decisional draft reports," E00001361 titled "Image file attached to privileged report," and E00006953 titled "Email attaching documents pertaining to definitions."  Ultimately—as defendants' agency

1    declarants state—the documents defendants have withheld pursuant to assertions of the

2    deliberative process privilege are directly relevant to defendants' defenses in this case.[9]  As

3    such, defendants should not be permitted to hide the documents from public view.  *See, e.g., In*

4    *re Subpoena Duces Tecum,* 145 F.3d at 1424; *see also Coleman v. Schwarzenegger*, No. CIV

5    S-90-0520 LKK-JHM, June 14, 2006 Order, Doc. No. 1840**.**

6         **B. The Deliberative Process Privilege Is Overcome For Defendants' Budget Change**
          **Proposals And Financial Documents Because Of Their Particular Relevance To**
7         **Defendants' Claims To Be Able To Comply With Court Orders**

8         Approximately 808 documents on defendants' log are or discuss defendants' budget

9    change proposals (BCPs) or finance letters.  *See* Exhibit F to Rifkin Decl. In Support of Pls.'

10   Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2690).  In addition to the

11   Magistrate Judge's December 7, 2007 order, the *Coleman* Court has previously ordered

12   defendants to produce budget change proposals and draft budget change proposals to plaintiffs,

13   despite defendants' claim of deliberative process and official information privileges.  *See*

14   *Coleman v. Schwarzenegger,* No. CIV S-90-0520 LKK-JFM, June 14, 2006 Order, Doc. No.

15   1840.  In 2006, a dispute arose between the parties because defendants maintained that they

16   had obtained the staffing necessary to comply with the Court's March 3, 2006 Order to

17   implement the Revised Program Guide despite indications that the State's request to the

18   Legislature was inconsistent with and greatly reduced from the CDCR's original request for

19   staffing deemed necessary to comply with the Court's order.  This information was relevant to

20   the determination of whether defendants were capable of complying with the Court's order:

21   "Put directly, the court requires the BCPs in part to determine whether the state's deliberative

22   process is frustrating the ability of the state to comply with the courts' orders."  *See Coleman v.*

23

24   _____

25   [9] In fact, defendants informed plaintiffs as part of the parties' meeting and conferring on this issue that
     "defendants can clearly assert the deliberative process privilege for pre-decisional or draft documents

26   or communications relating to potential defenses in the case, like AB 900."  Rifkin Decl. In Support of
     Pls.' Statement Regarding Discovery Disputes (*Coleman* Doc. No. 2690). ¶ 12, Exh. G (2-20-08

27   Mello-Rifkin email).  Defendants' position blatantly repudiates the Magistrate Judge's December 7,
     2007 order holding that defendants cannot withhold documents relevant to the defenses they

28   themselves have put at issue in this case.

[217029-1]

1   *Schwarzenegger,* No. CIV S-90-0520 LKK-JFM, June 14, 2006 Order, Doc. No. 1840.  The

2   Ninth Circuit rejected defendants' challenge to that order.

3         The issues in the current proceedings raise the stakes even higher:  They concern the

4   State's ability to provide *both* constitutionally adequate medical and mental health care to the

5   174,000 individuals currently incarcerated in California prisons.  Defendants have maintained

6   that their own administrative failings, rather than systemic overcrowding, are the cause of the

7   violations; and yet defendants simultaneously maintain that the State's ability to implement

8   bed plans, staffing recruitment, prison construction, and rehabilitation programs, among others,

9   will provide sufficient and timely relief such that a prisoner release order is unnecessary.  By

10  wielding the shield of deliberative process privilege, defendants are attempting to withhold

11  what appear to be crucially relevant documents about the validity of their defense.  These

12  documents—if in fact, they do actually contain pre-decisional deliberative material—are

13  highly likely to shed light on the reliability and meaningfulness of defendants' plans,

14  defendants' ability to actually fund and implement these plans, and what timeframes are

15  accurate for expected implementation and relief.

16        Defendants' current privilege logs reveal that they have continued to withhold budget

17  change proposals and finance statements throughout their productions.  For government

18  agencies, the allocation of funds appears to be the most crucial factor to determine what actions

19  the government actually takes and whether those actions will be effective (because

20  effectiveness generally requires appropriate financing).  As the Court found in *L.H. v.*

21  *Schwarzenegger*, 2007 WL 2009807 (E.D. Cal. July 6, 2007), a case involving similar claims

22  of deliberative process privilege by these same defendants, these documents "contain in-depth

23  analysis of the need for budget adjustment, and analyze the costs and burdens associated with"

24  providing various resources within certain amounts of time.  *Id.* at *7.  As the *Coleman* Court

25  concluded in June of 2006, budget change proposals and finance documents are highly

26  probative of defendants' decisions and actions.  In this case, where the Attorneys General

27  assigned as lead counsel for the State on the various health care related class action lawsuits

28  have collectively issued an opinion that AB 900—the State's "number one" solution to

-22-

[217029-1]

1  overcrowding—is improperly funded, the financial documents defendants have withheld must

2  be produced.  *See* Report of the Receiver, filed 11/15/07, *Plata* Document No. 930, at 3-4.

3  **C. Even If The Documents Were To Satisfy The Deliberative And Predecisional**
   **Requirements, Plaintiffs' Need For The Materials Greatly Outweighs The**

4  **Government's Minimal Interest In Non-Disclosure**

5  Plaintiffs' need for the documents far exceeds any interest defendants may have in

6  withholding the responsive documents.  The factors the courts consider in balancing plaintiffs'

7  need against the government's interest in non-disclosure tip heavily in favor of the plaintiffs in

8  this case.  For example, "the interest of the litigant, and ultimately society, in accurate judicial

9  fact finding, and the seriousness of the litigation and the issues involved" are factors that weigh

10  heavily in favor of disclosure.  *See L.H.,* 2007 WL 2009807 at * 8 (citations omitted).

11  "[W]hen the issues involved are alleged violations of federally-protected civil rights, courts

12  have consistently found that this need is heightened and the privilege is outweighed."  *Id.*

13  (citing *United States v. Phoenix Union High Sch.*, 681 F.2d 1235 (9th Cir. 1982), and other

14  cases).  Defendants offer the briefest of conclusory statements that "well-established public

15  policy favor[s] the preservation of confidential communications between governmental

16  decisionmakers."  Defs.' Request for Reconsideration at 6:4-5.  Defendants do not engage in

17  the balancing test that is the legal standard for making this determination and do not offer any

18  reason beyond the "existence" of "well-established" public policy against disclosure of the

19  documents at issue here.  Moreover, as the Magistrate Judge noted, defendants have not

20  offered any proof that the confidentiality has been preserved for each of the documents for

21  which a claim of privilege has been made.  5/29/08 Order at 8:12-17.

22  The issues in this case are the most serious possible:  indeed, they are matters of life

23  and death, as inmates are daily denied the minimal level of medical and mental health

24  treatment required by the Constitution.  Society has a common interest in enforcing these rights

25  and in ensuring accurate judicial fact-finding in a case of such sweeping political and

26  humanitarian consequence.  Accordingly, this factor weighs in favor of disclosure of the

27  documents.

28

[217029-1]

1    Moreover, the withheld documents are highly relevant; indeed, they go to the heart of

2 plaintiffs' claim and defendants' defenses, as to whether overcrowding is the primary cause of

3 the constitutional violations.  Even the privilege log's cursory descriptions of withheld

4 documents reveal the compelling relevance of these documents.  As outlined in the previous

5 section, these documents address defendants' obstacles to implementing AB 900, defendants'

6 plans to remedy the constitutional violations, and the central question of causation of the

7 constitutional violations.  Moreover, these documents are not available from any other source.

8    The government's role in this litigation is a central factor that also weighs in favor of

9 disclosure.  Not only is the government the defendant in this case, but the decision-making

10 process itself is at issue in the case.  *See N. Pacifica*, 274 F. Supp. 2d at 1124.  As discussed,

11 defendants have put their decision-making at issue in this case by raising it as a defense, and

12 they cannot now be allowed to withhold evidence of that process.

13    The Court should also examine the extent to which government discussions would be

14 impeded by the disclosure of these documents.  The ultimate purpose of the deliberative-

15 process privilege is to "prevent injury to the quality of agency decisions."  *Sears, Roebuck &*

16 *Co.*, 421 U.S. at 151.  There is no evidence that agency decisions would be hindered by the

17 disclosure of these documents.  Defendants' agency declarants do not allege any harm,

18 speculative or specific, that disclosure of these documents will cause.  Any speculative risk to

19 the government of embarrassment is not enough to outweigh the interests of the class members

20 whose rights are being gravely violated, the interest of the Court in accurate fact-finding, and

21 the interest of the public in ensuring that the significant public policy matters involved in this

22 case are considered with all relevant information at hand.

23    In sum, these factors all weigh heavily in favor of disclosure.  Plaintiffs respectfully

24 request that this Court reject defendants' request for reconsideration and order immediate

25 production of the documents at issue.

26 **IV.    This Court Should Deny Defendants' Request For A Stay**

27    Although defendants nominally requested a stay of the Magistrate Judge's order in the

28 caption and conclusion of their request, they made no attempt to articulate or meet the standard

-24-

1  for issuance of a stay.  In fact, they made no argument or statement whatsoever about their

2  request for a stay.  Defendants have not thus far produced these 4,741 documents to plaintiffs,

3  essentially granting themselves their own *ipso facto* stay of the Magistrate Judge's order.

4  Defendants ask for a stay in the alternative to reconsideration, presumably so that they may

5  appeal any order to produce these documents in the event the Three-Judge Court denies their

6  request for reconsideration. A district court has discretion to stay its order, pending appeal,

7  upon consideration of, "(1) whether the stay applicant has made a strong showing that he is

8  likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a

9  stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

10 proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776

11 (1987).  Defendants have made no showing as to any of these factors, nor have defendants

12 established that the discovery order is an appealable order in the first place.  In fact, the Ninth

13 Circuit dismissed defendants' previous appeal of the discovery orders by the Magistrate Judge

14 and this Court concerning issues of privilege for lack of jurisdiction. *See* 4/16/08 Order, Case

15 No. 08-15063**.**  This Court should deny defendants' request for a stay and order production of

16 these documents to plaintiffs forthwith.

**CONCLUSION**

18      Plaintiffs request that the Court deny defendants' request for reconsideration, or,

19 alternatively, request for stay, and order immediate production of these documents to plaintiffs.

20 Dated:  June 11, 2008          Respectfully submitted,

21             */s/ Lori E. Rifkin*

22             Lori E. Rifkin
Rosen, Bien & Galvan

23             Attorneys for *Coleman* Plaintiffs and on
Behalf of *Plata* Plaintiffs

[217029-1]