PRISON LAW OFFICE
DONALD SPECTER Bar No. 83925
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No. 096891
AMY WHELAN Bar No. 215675
ERNEST GALVAN Bar No. 196065
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No. 158255
LEWIS BOSSING Bar No. 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 17, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Honorable John F. Moulds |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES, NO.: CIV S 90-0520 LKK-JFM

[217802-1]

# TABLE OF CONTENTS

| | Page |
|---|---|
| NOTICE OF MOTION | 1 |
| INTRODUCTION | 1 |
| LEGAL STANDARD | 3 |
| ARGUMENT | 4 |
|    I.  The Issue of Entitlement to Fees and Costs for Work Litigating Overcrowding Issues Has Already Been Litigated and Determined in Favor of the Plaintiff Class | 4 |
|    II.  Work Litigating Overcrowding Issues Before the Three-Judge Panel Is Inextricably Intertwined with the Other Work Necessary to Ensure Compliance with the September 13, 1995 Injunction. | 6 |
| CONCLUSION | 9 |

-i-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

# TABLE OF AUTHORITIES

**Page**

### Cases

*Armstrong v. Davis*,
    318 F.3d 965 (9th Cir. 2003) .................................................................................... 7

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................ 7

*Webb v. Ada County*,
    285 F. 3d 829 (9th Cir. 2002) .................................................................................. 3

-ii-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2008, at 11:00 a.m. or as soon thereafter as the matter may be heard in the United States District Court, 501 I Street, Sacramento, California, before the Honorable John F. Moulds, United States Magistrate Judge, in Courtroom 26, the plaintiff class will and hereby does move this Court for an order determining Plaintiffs' entitlement to disputed attorneys' fees and costs for the fourth quarter of 2007.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities filed herewith, the supporting Declaration of Amy Whelan filed herewith, the exhibits attached thereto, the pleadings and papers on file in this matter, and such other evidence and arguments as may be presented to the Court at or before the time of the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

This motion is necessary because Defendants have unreasonably withheld payment of fees and costs directly and reasonably incurred in enforcing the relief ordered for the constitutional violations found in the district court's September 13, 1995 order.  Defendants have refused to pay for professional fees and costs that they deem related to litigation of the overcrowding issue pending before the Three Judge Court.  Defendants' position is in defiance of this Court's prior ruling that Plaintiffs' counsel's work to address the impact of overcrowding on the delivery of adequate mental health care is directly and reasonably incurred in enforcing the September 13, 1995 Injunction.  (Order, Oct. 5, 2007 (Docket No. 2451), adopting Findings and Recommendations, Sept. 11, 2007 (Docket No. 2397).)

In addition to the professional fees and costs that Defendants deem to be related to the overcrowding issue, Defendants have withheld payment of entire categories of costs, such as copying, legal research, and computer database analysis, that have normally been incurred in monitoring efforts—and paid by Defendants—since long before the overcrowding motions

-1-
NO.: CIV S 90-0520 LKK-JFM  PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

were brought.  (Declaration of Amy Whelan in Support of Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007 (hereinafter "Whelan Decl.") ¶ 8.)   Defendants' withholding of compensation for routine post-judgment monitoring costs such as copying and document processing has required Plaintiffs' counsel to advance and carry substantial out-of-pocket expenses that should have been compensated promptly under the Periodic Fees Order in this case.  Defendants' use of this dispute to impose economic pressure on Plaintiffs' counsel undermines the *Coleman* remedy.  The remedy for the *Coleman* class includes continued involvement by class counsel, made possible by the orderly compensation of reasonable fees and costs under a Periodic Fees Order.  Defendants should not be permitted to take advantage of the three-judge panel proceeding to undermine the overall *Coleman* remedy in this manner.

The Court has already determined that work related to the overcrowding issues is directly and reasonably performed to enforce the September 13, 1995 *Coleman* Injunction.  This is the third motion to compel payment of fees and costs brought since the inception of the overcrowding motions in November 2006.  The first motion to compel addressed fees and costs incurred during the period from July 2006 through December 2006, and was filed on July 25, 2007 (Docket No. 2325).  On October 5, 2007, the district court affirmed the Magistrate Judge's recommendation that the motion be granted, and ruled that the Plaintiffs were entitled to recover for the fees and costs incurred in relation to the overcrowding motions.  (Docket No. 2451.)  The parties were ordered to meet and confer regarding the amount of fees and costs.  With the issue of entitlement resolved by the district court, the parties promptly resolved all issues of amount without further Court intervention.  (*See* Whelan Decl. ¶ 5.)

Plaintiffs' counsel continued work on the overcrowding issues after December 2006, and Defendants did not dispute Plaintiffs' legal entitlement to have their counsel recover fees and costs for the work performed from January 1, 2007 through June 30, 2007.  The parties resolved Defendants' objections as to the amount of fees and costs for the first half of 2007 without need to seek intervention by the Court.  (Whelan Decl. ¶ 5.)

-2-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

In spite of the above-described resolution of the issue by this Court, and Defendants' prior compliance with this Court's resolution of the issue for the first half of 2007, Defendants renewed their categorical objection to any fees and costs that they deem related to the overcrowding motion for all work performed on or after July 1, 2007. On March 10, 2008, Plaintiffs filed a motion to compel payment of fees and costs for the period from July 1, 2007 through September 30, 2007. (Docket No. 2708.) The motion has been under submission since Plaintiffs' Reply was filed on April 3, 2008. (Docket No. 2742; *see* Docket No. 2741 (ordering the matter to be submitted on the papers without oral argument).)

The instant motion concerns fees and costs incurred from October 1, 2007 through December 31, 2007. Plaintiffs do not in this motion ask for an order directing compensation of these fees, but rather a ruling on entitlement only and a direction that the parties meet and confer regarding the amounts. Because a ruling is sought only on entitlement and not on the amounts, Plaintiffs have not attached detailed summaries and time records to this motion.

## LEGAL STANDARD

In an action for systemic injunctive relief, it is well within the district court's authority to authorize monitoring and enforcement by plaintiffs' counsel. The entitlement of a civil rights plaintiff to prevailing party attorney fees and costs necessarily includes compensation to counsel for post-judgment monitoring and enforcement necessary to ensure compliance with the injunctive relief obtained. *See Webb v. Ada County*, 285 F. 3d 829, 834-835 (9th Cir. 2002).

Here, the judgment ordering systemic relief is the Court's September 13, 1995 injunction after trial regarding constitutionally inadequate levels of mental health care. The September 13, 1995 decision establishes that Plaintiffs are the prevailing party and thereby also establishes Plaintiffs' right to seek an award of reasonable compensation for work performed in monitoring and enforcing Defendants' compliance. An order of March 19, 1996 ("Periodic Fees Order"), established a periodic fees process for orderly claims and negotiations of post-judgment fees. (Whelan Decl. Exh. A.) The Periodic Fees Order provides for motions to compel payment of fees and costs, when the parties cannot agree on entitlement or amount.

-3-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

The Periodic Fees Order provided for a standard of usefulness and reasonableness, consistent with case law, to resolve disputes regarding entitlement to compensation under which fees and costs are compensable if they are "useful and necessary to ensure compliance with the Decision and Order dated September 13, 1995." (Whelan Decl. Exh. A, Periodic Fees Order at 4.)

This Court's September 11, 2007 Findings and Recommendations restated this standard with a modification arising from a 1998 stipulation regarding application of the Prison Litigation Reform Act. The Court held that the standard had changed so that "plaintiffs are entitled to fees and costs directly and reasonably incurred in enforcing the relief ordered for the constitutional violation found in the district court's September 13, 1995 order." (*See* Docket 2397 (9/11/07 Order) at 4 (internal quotation marks omitted).) The Court then applied this standard to Plaintiffs' motion to compel payment of fees and costs for work related to the overcrowding issues from July 1, 2006 to December 31, 2006. The Court found that "the fees and costs incurred by plaintiffs in connection with their motion to convene a three-judge panel were 'directly and reasonably incurred in enforcing the relief ordered'…in the district court's September 13, 1995 order." (Docket No. 2397 at 6.) Defendants objected to the Findings and Recommendations on September 28, 2007. (Docket No. 2438.) The District Court's Order of October 5, 2007 adopted the Findings and Recommendations on *de novo* review, after consideration of defendants' objections and legal argument. (Docket No. 2451 at 2.)

## ARGUMENT

**I.    The Issue of Entitlement to Fees and Costs for Work Litigating Overcrowding Issues Has Already Been Litigated and Determined in Favor of the Plaintiff Class.**

This Court has considered and rejected Defendants' challenges to Plaintiffs' entitlement to fees and costs for their efforts to address overcrowding in this case. Defendants previously contested Plaintiffs' work on the overcrowding crisis, arguing, among other things, that the overcrowding work was unrelated to the September 13, 1995 order and that Plaintiffs' counsel must prove a constitutional violation every time they seek reasonable attorneys' fees and costs in this matter. With respect to the latter point, the Magistrate Judge found: "Defendants'

-4-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

argument that plaintiffs must separately prove a violation of prisoners' rights in order to collect fees during the compliance phase of this litigation [is] without merit." (Docket No. 2397 at 4, n. 2.) Regarding the former point, the Court settled the issue that Plaintiffs' work litigating overcrowding before the three-judge panel is compensable because it directly relates to the Court's September 13, 1995 order. (Docket No. 2397 at 6.) Indeed, when this Court granted Plaintiffs' underlying motion to convene a three-judge panel in July of 2007, it found that overcrowding is directly responsible for the failure of the Court's orders "'to remedy the constitutionally inadequate delivery of mental health care to CDCR inmates,'" *id*. at 5, and that "'the overcrowding crisis in the CDCR is preventing the delivery of constitutionally adequate mental health care to the plaintiff class and, therefore, that some form of limitation on the inmate population must be considered.'" *Id*. at 5-6. Magistrate Judge Moulds appropriately referenced these findings when determining Defendants' prior challenge to Plaintiffs' work on the overcrowding issues:

> Given these findings, it is quite clear that the fees and costs incurred by plaintiffs in connection with their motion to convene a three-judge panel were "directly and reasonably incurred in enforcing the relief ordered" for the sweeping Eighth Amendment violation found in the district court's September 13, 1995 order.

(Docket 2397 at 6; *see also* Docket 2451 at 2 (findings adopted in full after *de novo* review) (Magistrate Judge's "findings and recommendations [are] supported by the record and by proper analysis.").)

There is nothing ambiguous about the Court's rulings. The Court found that overcrowding impedes the delivery of constitutionally adequate mental health care, and that overcrowding hampers the Court's own efforts to issue Orders remedying the constitutional violations shown by Plaintiffs. Plaintiffs instituted proceedings before the three-judge panel to address overcrowding. The Court adopted the findings that these efforts were directly and reasonably incurred in enforcing the relief ordered in September 1995, and that Plaintiffs need not prove a constitutional violation anew each time they seek reasonable attorneys' fees and

-5-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

costs.[1]  In light of this history and the Court's findings, Defendants' continued objections to Plaintiffs' work on the overcrowding crisis should be rejected.

## II. Work Litigating Overcrowding Issues Before the Three-Judge Panel Is Inextricably Intertwined with the Other Work Necessary to Ensure Compliance with the September 13, 1995 Injunction.

Plaintiffs did not bring the overcrowding motions by choice.  Plaintiffs brought the overcrowding motions because, as the district court has already ruled, "the overcrowding crisis in the CDCR is preventing the delivery of constitutionally adequate mental health care to the plaintiff class and, therefore, that some form of limitation on the inmate population must be considered."  (Order, July 23, 2007, Docket No. 2320 at 13.)  Defendants cannot dispute that work performed to address overcrowding is directly and reasonably incurred to enforce the September 1995 Injunction in this case.

In opposing the motion to compel regarding fees and costs for July through September 2007, Defendants asserted that the litigation arising from the overcrowding motion is somehow a separate proceeding, unrelated to enforcement of the September 13, 1995 Order.  Plaintiffs' addressed this argument in their Reply filed April 3, 2008 (Docket No. 2742.)  Plaintiffs' counsel has an obligation to enforce the September 13, 1995 Order by addressing and attempting to remove obstacles to the delivery of constitutionally adequate mental health care.  Efforts in this litigation to remove overcrowding as an obstacle are no different than efforts directed at other obstacles, whose compensability Defendants do not dispute.  Plaintiffs' counsel incurs fees and costs for monitoring and enforcement activities directed at obstacles

---

[1] Defendants agreed to pay attorneys' fees and costs for Plaintiffs' work before the three-judge panel in quarters one and two of 2007 and no fees or costs remain in dispute from those quarters.  (*See* Whelan Decl., ¶ 3.)  This is as it should be; the time spent litigating overcrowding issues during those quarters was clearly compensable under the terms of the Magistrate Judge's September 11, 2007 Findings and Recommendations, and the Court's Order of October 5, 2007 adopting those Findings and Recommendations.  There is no valid distinction between the work Plaintiffs' counsel performed on overcrowding issues between the first two quarters of 2007 and quarter three of that same year.  Plaintiffs undertook similar steps to litigate overcrowding issues in all three quarters.

-6-
NO.:  CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

1  such as understaffing, poorly conceived policies and procedures, and systemic failures to
2  respond to class member requests for care.  Overcrowding is distinct from these other obstacles
3  only in that it is more pervasive, more harmful and more difficult to address.  These
4  distinctions do not make the overcrowding issues any less important to enforcement of the
5  September 13, 1995 Injunction.

6  Defendants cannot dispute that the work performed in relation to the overcrowding
7  issues is inextricably intertwined with many aspects of compliance with the September 13,
8  1995 Injunction.  For example, some of the work performed and costs incurred during the
9  period covered by this motion involved negotiating the production of documents in discovery
10 that are directly related to compliance with the September 13, 1995 Injunction.  (Whelan Decl.
11 ¶ 7.)  The bulk of the discovery produced in preparation for the three-judge panel is focused on
12 obstacles to the delivery of mental health and medical care.  Included in Plaintiffs' counsel's
13 obligation to enforce the September 13, 1995 remedy, is a pre-existing obligation to analyze
14 and react to this information as part of the overall *Coleman* remedy, independent of the three-
15 judge panel trial.  This activity would be directly and reasonably undertaken to enforce the
16 *Coleman* remedy even if the three-judge panel process were to terminate.   *See Hensley v.*
17 *Eckerhart*, 461 U.S. 424, 435 (1983); *Armstrong v. Davis*, 318 F.3d 965, 975 (9th Cir. 2003)
18 (overlapping claims that are intertwined based on common core of facts and related legal
19 theories do not require allocation or division where some claims support and fee award and
20 some do not).

21 In support of the motion to compel third quarter 2007 fees and costs currently under
22 submission, Plaintiffs' counsel submitted the Declaration of Jane Kahn to show the direct
23 connection between the overcrowding issues and compliance with the September 13, 1995
24 Injunction, providing several examples of recent evidence that overcrowding continues to
25 impede compliance.  (Whelan Decl. Exh. B.)

26 The intertwined nature of overall enforcement and the three-judge panel proceeding is
27 illustrated by Defendants' overbroad objections to specific costs incurred in the fourth quarter
28 of 2007.  Defendants have disputed every dollar of the substantial costs forwarded by

1  Plaintiffs' counsel for document processing (copying, duplication, database services), even
2  though such costs have routinely been incurred as part of the handling of monitoring
3  documents and class member correspondence during *Coleman* enforcement, since well before
4  the inception of the three judge panel proceeding.  (Whelan Dec. ¶ 8.)  By painting their
5  objections with such a broad brush, Defendants are imposing undue economic pressure on
6  Plaintiffs' counsel, who must now advance and carry substantial out-of-pocket expenses that
7  should have been compensated promptly under the Periodic Fees Order.
8      The work for which Defendants are withholding compensation is described at paragraph
9  7 of the Whelan Declaration, and comprises the following basic activities:  (1) negotiating and
10 litigating the procedures for disclosure of CDCR documents relating to the impact of
11 overcrowding on the delivery of mental health care, (2) preparing and responding to discovery
12 demands, (3) reviewing, analyzing, and identifying key materials in over 350,000 pages of
13 electronic discovery produced by CDCR, (4) touring prisons with Plaintiffs' experts,
14 Defendants' experts, and Defendants' representatives, (5) coordinating production of expert
15 reports, (6)  preparing for and taking or defending depositions of expert and percipient
16 witnesses, (7) numerous consultations with clients to assist in responding to discovery
17 demands made by Defendants, (8) preparing for trial, and, (9) participating in the extensive
18 settlement negotiation process convened by the Court's settlement referee and consultant.
19 (Whelan Decl., ¶ 7.)
20     During the fourth quarter of 2007, Plaintiffs' counsel spent approximately 3,700 hours
21 prosecuting the overcrowding crisis, incurring approximately $616,000 in attorneys' fees at the
22 highly discounted PLRA-capped rates, and approximately $154,000 in costs other than expert
23 fees, and approximately $67,000 in expert fees.  (Whelan Decl. ¶ 6.)  (Plaintiffs do not here
24 seek compensation for the expert fees.)  Plaintiffs do not in this motion ask for an order
25 directing payment of any particular amount, but seek a ruling that Defendants' categorical
26 objection is improper and a direction that the parties meet and confer on the specific amounts
27 to be paid for this work.
28

-8-
NO.: CIV S 90-0520 LKK-JFM   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]

# CONCLUSION

For all of the reasons stated above, Plaintiffs seek compensation for the reasonable attorneys' fees and costs that Defendants have withheld for the fourth quarter of 2007. Plaintiffs request that the Court find that the above-described disputed professional services and costs are compensable under the applicable legal standard, in that the work performed and the costs incurred were directly and reasonably incurred in enforcing the relief ordered for the constitutional violations found in the Court's September 13, 1995 Order. Plaintiffs further request that the Court order the parties to complete a meet-and-confer process regarding the amounts to be paid within 30 days of the Court's order. Finally, Plaintiffs request an order from this Court reaffirming Plaintiffs' entitlement to reasonable attorneys' fees and costs on the overcrowding matter moving forward.

Dated:  June 16, 2008                           Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　  */s/ Ernest Galvan*
　　　　　　　　　　　　　　　　　　　　　　　  Ernest Galvan
　　　　　　　　　　　　　　　　　　　　　　　  Rosen, Bien & Galvan
　　　　　　　　　　　　　　　　　　　　　　　  Attorneys for Plaintiffs

-9-
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007; MEMORANDUM OF POINTS AND AUTHORITIES

[217802-1]