PRISON LAW OFFICE
DONALD SPECTER Bar No. 83925
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No. 096891
AMY WHELAN Bar No. 215675
ERNEST GALVAN, Bar No. 196065
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No. 158255
LEWIS BOSSING Bar No. 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>  Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007**<br><br>Date: July 17, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Honorable John F. Moulds |

DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007, NO.: CIV S 90-0520 LKK-JFM

[217690-1]

I, Amy Whelan, do hereby declare under penalty of perjury as follows:

1. I am an attorney admitted to practice law in California and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of "Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007."

2. Attached hereto as **Exhibit A** is a true and correct copy of the March 19, 1996 Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs in the *Coleman* case. Paragraph 4 of this Order provides for a yearly motion to compel payment of disputed items not later than 60 days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. Paragraph 5 of this Order permits plaintiffs to bring a quarterly motion to compel payment of fees in the event that "a significant issue is in dispute."

3. Defendants agreed to pay attorneys' fees and costs for plaintiffs' work in quarters one and two of 2007 without asserting that fees or costs were barred because certain work related to overcrowding issues. No fees or costs remain in dispute from those quarters. Defendants disputed certain fees and costs that they deemed to pertain to the three-judge panel trial for the third quarter of 2007. A motion to compel regarding the third quarter 2007 fees and costs is currently under submission.

4. I conducted the meet and confer sessions regarding disputed attorneys' fees and costs incurred during the fourth quarter of 2007. I had several telephone calls with Michael Stone, an attorney for the California Department of Corrections and Rehabilitation, during which we tried to resolve all of these disputes. After several such phone calls and email correspondence regarding the disputes, we were unable to reach agreement regarding entitlement to any fees and costs for plaintiffs' work on the overcrowding issues currently before the three-judge panel.

5. Defendants previously contested plaintiffs' counsel's right to fees and costs for work on the overcrowding issues during the third and fourth quarters of 2006. Plaintiffs brought a motion to compel regarding those fees and costs and, on September 11, 2007,

Magistrate Judge Moulds issued a Report and Recommendation finding, *inter alia*, that "the fees and costs incurred by plaintiffs in connection with their motion to convene a three-judge panel were 'directly and reasonably incurred in enforcing the relief ordered' ... in the district court's September 13, 1995 order." (Docket No. 2397 at page 6.) Defendants sought reconsideration of those findings and recommendations, but the district Court adopted them on October 5, 2007. Defendants never appealed that Order, and have paid the disputed fees less negotiated reductions of the total amount sought.

6.   I have reviewed the billing records and expenses for plaintiffs' counsel's work on *Coleman* implementation during the fourth quarter of 2007. During that time, plaintiffs' counsel spent approximately 3,700 hours that Defendants are disputing as pertaining only to the three-judge panel trial, incurring approximately $616,000 in attorneys' fees at the PLRA-capped rates, and approximately $154,000 in costs other than expert fees, and approximately $67,000 in expert fees. (Plaintiffs do not here seek compensation for the expert fees.)

7.   In particular, Defendants have disputed Plaintiffs' reasonable fees and costs for the following major categories of work during that time: (1) negotiating and litigating the procedures for disclosure of CDCR documents relating to the impact of overcrowding on the delivery of mental health care, (2) preparing and responding to discovery demands, (3) reviewing, analyzing, and identifying key materials in over 350,000 pages of electronic discovery produced by CDCR, including documents prepared by CDCR institutions for monitoring compliance with the September 13, 1995 Injunction, (4) touring prisons with Plaintiffs' experts, Defendants' experts, and Defendants' representatives, (5) coordinating production of expert reports, (6) preparing for and taking or defending depositions of expert and percipient witnesses, (7) numerous consultations with clients to assist in responding to discovery demands made by Defendants, (8) preparing for trial, and, (9) participating in the extensive settlement negotiation process convened by the Court's settlement referee and consultant.

8.   Among the disputed costs are those that would be directly incurred in overall *Coleman* monitoring and enforcement, regardless of the pendency of the three-judge panel

-2-
DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007, NO.: CIV S 90-0520 LKK-JFM

[217690-1]

overcrowding trial. For example, Defendants have disputed all photocopying, duplication, document management, and document analysis costs incurred during the period from October 1, 2007 through December 31, 2007, even though monitoring activities such as class member correspondence, and the handling of monitoring documents produced by CDCR routinely causes Plaintiffs' counsel to incur thousands of dollars of copying and duplication charges each quarter. Defendants have regularly compensated such charges before the three-judge panel trial. In addition, costs claimed for database and electronic discovery management are inextricably intertwined with general enforcement of the *Coleman* remedy, since many of the documents handled in these processes concern the delivery of mental health care in CDCR, and would have been received in the monitoring process independent of the three-judge panel trial.

9. Plaintiffs' attorneys are compensated at Prison Litigation Reform Act ("PLRA") rates for their work on this case, which are far below market value. Pursuant to the PLRA, all of plaintiffs' attorneys are compensated at a rate of $169.50 per hour regardless of experience. For instance, Michael Bien's 2007 hourly rate was $590, several hundred dollars more than his $169.50 hourly rate in this case.

10. Attached hereto as **Exhibit B** is a true and correct copy of the Declaration Of Jane E. Kahn In Support Of Motion To Compel Disputed Attorneys' Fees And Costs From The Third Quarter Of 2007, filed on April 3, 2008, at Docket No. 2743, providing examples of the continuing harmful impact of overcrowding on implementation of the September 13, 1995 *Coleman* remedy.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and that this declaration is executed in San Francisco, California on June 16, 2008.

/s/ Amy Whelan
Amy Whelan

# Exhibit A

ORIGINAL




LODGED
MAR 7 1996
JACK L. WAGNER, CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ORIGINAL FILED
MAR 19 1996
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES GOMEZ, et al.,<br><br>    Defendants. | No. CIV S-90-0520 LKK JFM<br><br>STIPULATION AND ORDER<br>FOR PERIODIC COLLECTION OF<br>ATTORNEYS' FEES AND COSTS |

    This matter comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically. The parties by their undersigned counsel do stipulate and the Court having considered the matter hereby Orders as follows:

    1.  Plaintiffs' counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the Court's decision and order of

Stip & Order for
Attys Fees & Costs

1

1  September 13, 1995. The statements will itemize the time spent,
2  subject activity, applicable attorney and other personnel billing
3  rates, and costs and expenses with sufficient particularity to
4  allow the defendants and the Court to identify which efforts were
5  or were not useful and necessary to ensure compliance with the
6  court's order. The first quarterly statement of each year will
7  identify the billing rates plaintiffs' counsel seeks for that year.
8  Unless and until defendants dispute any of the fees or costs
9  requested, the billing statements submitted by plaintiffs' counsel
10 shall not include declarations or other supporting pleadings. Such
11 declarations or other supporting pleadings shall be prepared only
12 for and at the time of filing any Motion to Compel.
13       2.   Upon receipt of plaintiffs' statement each quarter,
14 defendants will have thirty days in which to respond with their
15 objections and the bases therefore. As to disputed items,
16 including the proposed billing rates in the first quarterly
17 statement, plaintiffs' and defendants' counsel are required to meet
18 and confer within thirty (30) days after defendants have notified
19 plaintiffs of any disputed item(s). If the parties are able
20 promptly to resolve any part or all of the fee disputes, counsel
21 shall immediately prepare a stipulated order for payment of the
22 fees not subject to defendants' objections. Both sides shall sign
23 the Order and present it to the court for entry. Defendants shall
24 have forty-five days from the entry of the Order to pay the
25 undisputed fees. Interest on these fees and costs will run from
26 the thirty-first day following defendants' receipt of plaintiffs'
27 statement, accruing at the rate provided by 28 U.S.C. §1961.
28

Stip & Order for
Attys Fees & Costs                    2

3. If Defendants refuse to sign any Stipulated Payment Order, or unreasonably delay the process described in Paragraph 2, above, plaintiffs' counsel may submit directly to the Court an unstipulated form of Order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within five court days of receipt of the proposed Order and certification. Plaintiffs' counsel may reply within two court days after receipt of defendants' response, if any. The Court will rule on plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue plaintiffs' proposed Order or another appropriate Order unless defendants show a reasonable basis for disputing the fees and expenses plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by noticed motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

4. Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. If defendants opposed any billing rates plaintiffs' counsel will bring a motion to compel on this issue following the first quarterly statement of each year.

5. In the event that an unusually large number of hours or a significant issue is in dispute, plaintiffs may bring

Stip & Order for
Attys Fees & Costs                      3.

1  a quarterly motion to compel on those issues alone. Any such
2  quarterly motion to compel will be filed no later than thirty (30)
3  days after the parties have met and conferred on the quarterly
4  statement at issue. Such motions will be briefed and heard on the
5  usual schedule provided by the local rules.
6          6.   Interest on any disputed amount, will accrue at the
7  rate provided by 28 U.S.C. §1961 from the thirty-first (31st) day
8  following defendants' receipt of the billing in which the items in
9  question appear.
10         7.   The standard of review to be applied to disputed
11 billing items will be whether the services were useful and
12 necessary to ensure compliance with the Decision and Order dated
13 September 13, 1995.
14         8.   So long as the plaintiffs' counsel submit quarterly
15 billing statements to the defendants in a timely fashion in
16 accordance with paragraph one of this Order, all compensation
17 requested by the plaintiffs for monitoring compliance with the
18 decision and order will be awarded, now and in the future, at the
19 rates current at the time the billing statements are submitted to
20 the defendants instead of at historic rates.

Stip & Order for
Attys Fees & Costs                          4

9. Defendants shall pay the full amounts ordered paid, with any legal interest owing, no later than forty five (45) days after the date each payment Order is entered by the Court. If payment is not voluntarily made by the 45th day, counsel for plaintiffs may obtain said amount by writ of execution upon state funds and/or other appropriate accounts by certification under penalty of perjury that voluntary payment has not been made.

We do so stipulate.

Dated: 2/29/96

Donald Specter
Counsel for Plaintiffs

Dated: 3/6/96

William Jenkins
Deputy Attorney General
Counsel for Defendants

IT IS SO ORDERED.

Dated: 3/19/96

Lawrence K. Karlton, Chief Judge
United States District Court

Stip & Order for
Attys Fees & Costs                        5

# Exhibit B

| | |
|---|---|
| 1  PRISON LAW OFFICE<br>   DONALD SPECTER Bar No.: 83925<br>2  STEVEN FAMA Bar No.: 99641<br>   E. IVAN TRUJILLO Bar No.: 228790<br>3  General Delivery<br>   San Quentin, California 94964<br>4  Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| 5  ROSEN, BIEN & GALVAN, LLP<br>   MICHAEL W. BIEN Bar No.: 096891<br>6  JANE E. KAHN Bar No.: 112239<br>   LORI RIFKIN Bar No.: 244081<br>7  315 Montgomery Street, 10th Floor<br>   San Francisco, California 94104<br>8  Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE &<br>McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| 9  THE LEGAL AID SOCIETY –<br>   EMPLOYMENT LAW CENTER<br>10 CLAUDIA CENTER Bar No.: 158255<br>   600 Harrison Street, Suite 120<br>11 San Francisco, CA 94107<br>   Telephone: (415) 864-8848 | KIRKPATRICK & LOCKHART PRESTON<br>GATES ELLIS LLP<br>JEFFREY L. BORNSTEIN Bar No. 99358<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: (415) 882-8200 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF JANE E. KAHN IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD QUARTER OF 2007**<br><br>No Hearing Scheduled<br><br>The Honorable John F. Moulds |

I, Jane E. Kahn, do hereby declare:

1. I am an attorney admitted to practice law in California and of counsel in the law firm Rosen, Bien & Galvan, one of the counsel of record for plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Motion to Compel Third Quarter 2007 Fees and Expenses.

2. In my role as class counsel for *Coleman* plaintiffs, I have primary responsibility for reviewing the status of defendants' implementation of the Revised Program Guide and other court-ordered plans and remedies. In this capacity I review all population reports, staffing reports, mental health crisis bed and inpatient bed waiting list reports, suicide reports, and other information regularly provided by defendants to the Special Master and to *Coleman* counsel. In addition, I or another attorney from my office or our co-counsel, Prison Law Office, accompany the Special Master and his monitoring team on tours of at least seven prisons every year. Prior to each of the Special Master's monitoring tours, we draft a monitoring memo highlighting our concerns based on a review of documents provided by defendants, previous reviews by the Special Master, and prisoner correspondence received from the institution to be toured. I have also participated in four institutional tours with the *Coleman* monitors since January 2007, including a tour of the Department of Mental Health facilities where *Coleman* class members requiring inpatient levels of care are treated.

3. In support of Plaintiffs' motion for an order appointing a three-judge panel under 18 U.S.C. § 3626 (a)(3)(A), I provided two declarations describing the direct and extremely harmful impact of overcrowding on implementation of the *Coleman* remedy. These declarations are filed with the Court at Docket Nos. 2039 & 2245.

4. Overcrowding continues to have a harmful impact on the *Coleman* remedy and the *Coleman* class. During a *Coleman* policy meeting held on June 7, 2007 in Sacramento, representatives from the CDCR Division of Health Care Services and the Department of Mental Health reported to the Special Master and his experts, plaintiffs' counsel, the Department of Finance, other CDCR divisions, and representatives from the Governor's

Office, about the persistent use of waiting lists for in-patient and mental health crisis beds. At that time, staff reported there were 93 prisoners on the intermediate care waitlist, 41 prisoners on the acute care waitlist and 29 prisoners waiting for a mental health crisis bed. Ten months later, at a policy meeting on March 11, 2008, defendants reported even higher numbers of prisoners waiting for these inpatient levels of care, including 99 prisoners on the intermediate care waitlist, 53 prisoners on the acute care waitlist, and 43 prisoners on the mental health crisis beds waitlist. During questioning, it was clarified that these numbers did not include the many prisoners who are currently housed in Outpatient Housing units, or unlicensed infirmaries, for excessive lengths of stay, whom staff simply do not refer to "unavailable" mental health crisis beds. In addition to the backlog of prisoners waiting for inpatient level of care, there are many prisoners requiring enhanced outpatient ("EOP") care who remain in the reception centers because of current EOP bed shortages. At the June 2007 policy meeting it was reported that there were 463 EOP patients housed in the reception centers. More recently, in the January 2008 monthly statistical documents provided by defendants to the Special Master and plaintiffs, defendants list 597 EOP patients housed in the reception centers. Until some relief from overcrowding is ordered, responsible class counsel must continue to litigate the issue.

5.  I declare under penalty of perjury, that the foregoing is true and correct, and that this declaration is executed in San Francisco, California on April 3, 2008.

*Jane E. Kahn*

Jane E. Kahn