IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>         Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>         Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S APRIL 14, 2008 ORDER |

The defendants have moved for reconsideration of the magistrate judge's April 14, 2008 order compelling discovery.  As explained below, the court denies the motion.

## I.  BACKGROUND

By order on April 14, 2008, the magistrate judge granted plaintiffs' motion to compel production of numerous documents that the defendants had claimed were protected by attorney-client or attorney work product privileges.

Discovery disputes on this issue originated with plaintiffs' September 5, 2007 request for production.  Defendants served their first response to this request on October 25, 2007, which contained assertions of privilege for many of the documents.  Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents, October 26, 2007. Subsequently, the parties agreed by stipulation to a schedule for defendants' rolling production of responsive, non-privileged documents and the creation of privilege logs. Nevertheless, on November 30, 2007, the plaintiffs moved to compel production of documents for which plaintiffs claimed defendants' assertions of privilege were inadequate. The magistrate judge granted the motion, which was later stayed by the three-judge court.

On December 14, 2007, the three-judge court ordered the defendants to revise their privilege logs and granted them additional time to do so.  The magistrate judge granted a further extension of time, and defendants served their final, revised privilege logs on February 15, 2008.[1]

Disputes between the parties persisted regarding whether certain documents withheld by the defendants were privileged.  On March 7, 2008, the parties filed a joint statement of disputed documents.  The magistrate judge's April 14, 2008 order resolved the disputes concerning those documents for which the defendants asserted attorney-client or attorney work product privilege, ordering the production of many of the documents.

## II.    STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge.  *See also* Local Rule 72-303(f).  The district judge shall, upon reconsideration, modify or set aside

---

[1] The magistrate judge's order states that the revised privilege logs were filed on February 22, 2008, but the court's review of the docket shows that the logs were actually filed on February 15, 2008, in compliance with the magistrate judge's January 29, 2008 order.  Defendants did, however, file a second copy of their revised privilege logs on February 22, 2008 in the *Coleman* case.

any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." *Id.*; *see also* 28 U.S.C. § 636 (b)(1)(A).

Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982).

## III.    ANALYSIS

The defendants seek reconsideration of the magistrate judge's order compelling production of forty-four documents[2] for which defendants had asserted the attorney-client privilege. The magistrate judge, after conducting an in camera review of all of the withheld documents, concluded that one of these documents could not be withheld because its content was not the type protected by the privilege, that three of these documents were authored or received by an outsider to the attorney-client relationship, and that the remaining forty documents were not privileged although an attorney had been copied in the communication.

For the reasons stated herein, the court denies the motion for reconsideration.

## A.    Legal Framework

Preliminarily, there appears to be no dispute that the magistrate judge employed the correct standard for evaluating the claimed attorney-client privilege. The attorney-client privilege protects communications between the client and his attorney. *Admiral Ins. v.*

---

[2]In their motion, defendants repeatedly state that they are moving for reconsideration of the magistrate judge's order compelling production of forty-five documents, though defendants only list forty-four documents in their motion.

1  *United States Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989).  The privilege

2  attaches "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser

3  in his capacity as such, (3) the communications relating to the purpose, (4) made in

4  confidence (5) by the client, (6) are at this instance permanently protected (7) from disclosure

5  by himself or by the legal adviser, (8) unless the protection be waived." *Id.*  The party

6  asserting the privilege has the burden to show that the privilege applies and the privilege is to

7  be strictly construed.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992);

8  *Dowling v. Am. Hawaii Cruises, Inc.*, 971 F.2d 423, 425 (9th Cir. 1992).  Accordingly, a

9  communication between individuals or clients does not become privileged by virtue of an

10  attorney being copied or forwarded the communication, *see, e.g., In re. Gabapentin Patent*

11  *Litigation*, 214 F.R.D. 178, 186 (D.N.J. 2003), and the privilege is waived when the party

12  attempting to assert the privilege has already voluntarily disclosed the information to a party

13  not covered by the privilege.  *Weil v. Investment/Indicators, Research Mgmt., Inc.*, 647 F.2d

14  18 (9th Cir. 1981).

15

16  **B.      The Forty-Four Documents Ordered Produced**

17         As stated, the magistrate judge identified three categories of documents for which

18  defendants' assertion of privilege failed: those whose content was not protected by the

19  privilege, those authored or received by an outsider to the attorney-client relationship, and

20  those that were not privileged although an attorney had been copied in the communication.

21  The court considers each of these in turn.

22         **1.      Documents the Content of Which Was Not the Type Protected by the**
                 **Attorney-Client Privilege**

23         Defendants challenge the magistrate judge's determination that document E00028654

24  must be produced because the content of the document was not the type of legal advice

25  protected by the privilege.[3]  This document is an e-mail send by Jim Martone, Department of

26  _____

27         [3]The magistrate judge noted that in the privilege logs, an attorney was listed as neither
    the author nor the recipient of the document, but in camera review of the document revealed
28  that this was an error.

4

Finance Program Budget Manager, to Karen Finn, Department of Finance Budget Analyst.[4] The subject of the document is the costs and financing for the 50-bed facility.  There is nothing in the email to suggest that the magistrate judge acted clearly erroneously or contrary to law in concluding that the contents of the email are not "legal advice" of the type for which the privilege attaches, although an attorney had been included in the communication.

**2.    Documents Authored or Received by an Outsider to the Attorney-Client Relationship**

Defendants also challenge the magistrate judge's conclusion that three documents are not privileged because they were authored or received by an outsider to the attorney-client relationship.  These documents are E00045948, E00082860, and E00083812.

Document E00045948 was described in defendants' privilege log as having been authored by Deputy Attorney General Lisa Tillman and received by, among others, Susan Turner of the organization Center for Evidence-Based Corrections.  Ms. Turner has never been shown to be a client of Ms. Tillman's nor does it appear that defendants assert that she was.  Instead, defendants appear to argue in their motion for reconsideration that the privilege log was inaccurate, and that the document was actually received by a CDCR employee.

Be that as it may, it does not establish that the magistrate judge's order was clearly erroneous or contrary to law.  Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented.  *See Costello v. United States Government*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling.  *See Fay Corp. v. BAT Holdings One, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987), *aff'd*, 896 F.2d 1227 (9th Cir. 1990).  This is particularly true in this case, where defendants asserted an attorney-client privilege for over two hundred documents (and the deliberative process privilege for over 4,000 documents).  Given the volume of documents for which the privilege is asserted, the magistrate judge's reliance on the accuracy of the privilege logs was unavoidable.  That

---

[4]It appears, based on review of the document, that messages to and from attorney Ben Rice are included in an email string within the document.

1   the defendants failed to create accurate entries in that log in the first instance does not imply

2   that the magistrate judge's order was clearly erroneous or contrary to law.

3       Similarly, the court cannot conclude that the magistrate judge's order was clearly

4   erroneous or contrary to law with regard to documents E00082860 and E00083812.  These

5   documents were authored by Joan Petersilia and sent to attorney Ben Rice.  The magistrate

6   judge concluded that the defendants had not shown that Mr. Rice had an attorney-client

7   relationship with Dr. Petersilia, as the evidence tendered to the court showed that the latter

8   was an independent contractor of the defendants and employed by the University of

9   California, Irvine.  While defendants are correct in noting that privilege logs need not be so

10   detailed as to create an undue burden on the party creating them, the party asserting a

11   privilege must provide at a minimum adequate information to assess the applicability of the

12   privilege.  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408

13   F.3d 1142, 1147-48 (9th Cir. 2005).  Here, the defendants had the opportunity to show that

14   an attorney-client relationship existed between Mr. Rice and Dr. Petersilia.  Their failure to

15   do so does not render the magistrate judge's order clearly erroneous or contrary to law.

16       **3.    Documents Not Privileged But Copied to an Attorney**

17       Because of the narrowness of the attorney-client privilege, it is axiomatic that a

18   communication between individuals is not transformed into a privileged one simply by virtue

19   of an attorney being copied on the communication.  *See, e.g., In re Gabapentin Patent Litig.*,

20   214 F.R.D. at 186; *see generally Admiral Ins.*, 881 F.2d at 1492 (the privilege only applies to

21   those communications made for the purpose of seeking legal advice).  The magistrate judge

22   concluded that forty documents[5] did not contain the type of communications protected by the

23   privilege, notwithstanding that the communication was copied to an attorney.  In their motion

24

25   _____

26       [5]These are documents E00011245, E00028650, E00028651, E00028979, E00030571, E00030572, E00030573, E00030574, E00030575, E00030576, E00030577, E00030578,

27   E00030579, E00044272, E00044626, E00045983, E00046148, E00047253, E00047256, E00047271, E00047453, E00047456, E00047489, E00047512, E00047820, E00048579,

28   E00082874, E00084308, E00084449, E00084450, E00084453, E00084455, E00084456, E00084574, E00084575, E00084576, E00084577, E00085393, E00097579, E00097584.

6

1   for reconsideration, defendants assert that the magistrate judge's determination was in error,

2   because he did not state specifically why the privilege did not apply to each document.

3        An absence of detailed discussion does not meet the "clearly erroneous or contrary to

4   law" standard; instead, the defendants must show that "although there is evidence to support

5   [a finding], the reviewing court on the entire evidence is left with the definite and firm

6   conviction that a mistake has been committed." *United States v. United States Gypsum Co.*,

7   333 U.S. at 395.  Here, the court's review of the privilege logs and in camera inspection of

8   the documents at issue supports the magistrate judge's determination.

9

10  **C.    Deliberative Process Privilege**

11       For nineteen of the documents covered by the magistrate judge's order, the defendants

12  contend that reconsideration is appropriate because "Defendants previously asserted

13  application of the deliberative process privilege" for these documents.[6]  *See* Defendants'

14  Request for Reconsideration at 5-9.  In fact, in their privilege log, defendants asserted the

15  deliberative process privilege for none of these documents.  *See* Privilege Log, February 15,

16  2008.  Although defendants apparently corrected this in a March 2008 email to the plaintiffs,

17  defendants did not assert the deliberative process privilege for these documents before the

18  magistrate judge.  As explained *supra*, a party's failure to assert in a timely manner facts or

19  argument that were available to it in the first instance does not meet the standard for

20  reconsideration. *See Fay Corp.*, 651 F. Supp. at 309; *see also Burlington N. & Sante Fe Ry.*

21  *Co.*, 408 F.3d at 1149-50 (a party waives a privilege when, inter alia, it does not assert the

22  privilege in a timely manner).  Moreover, in their motion for reconsideration, defendants fail

23  to make even a prima facie showing that the deliberative process applies to the nineteen

24  documents.  As such, the court cannot conclude that the magistrate judge's order compelling

25  their production was clearly erroneous or contrary to law.

26

27       [6]These are documents E00082874, E00030578, E00030579, E00030577, E00030576,
    E00030575, E00030574, E00030573, E00030572, E00030571, E00084449, E00084450,
28  E00084453, E00084455, E00084456, E00084574, E00084575, E00084576, E00084577.

**D.      Motion to Stay**

Defendants alternatively move to stay the magistrate judge's order.  A district court has discretion to stay its order, pending appeal, upon consideration of, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The Ninth Circuit conceives this standard as "two interrelated legal tests" operating along a continuum. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).  At one end of the continuum, the moving party may succeed if it shows that there is a probability of success on the merits as well as a possibility of irreparable injury.  *Golden Gate Restaurant Ass'n. v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).  At the other end, the moving party may succeed if it shows that it has raised "serious legal questions" and that "the balance of hardships tips sharply in its favor."  *Id.* at 1116 (quoting *Lopez*, 713 F.2d at 1435).  Finally, the district court must consider the public interest implicated by the grant of the stay; this consideration is distinct from the harm to the parties in the court's grant or denial of a stay.  *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 863-64 (9th Cir. 2007).

Defendants have made no showing that a stay is merited in this case.  Indeed, if defendants seek a stay for the purpose of appealing the magistrate judge's order to the Ninth Circuit, it is unlikely that the Circuit court would conclude that the magistrate judge's order is a final, appealable order (*see* case no. 08-15083, Order, April 16, 2006 (denying defendants' appeal of a discovery order for lack of jurisdiction)).

//
//
//
//
//
//

1  **IV.    CONCLUSION**

2          For the reasons stated herein, the defendants' motion for reconsideration or,

3  alternatively, for a stay of the magistrate judge's April 14, 2008 order is DENIED.

4

5  **IT IS SO ORDERED.**

6

7  Dated:   06/17/08                              /s/
                                          _____
8                                          STEPHEN REINHARDT
                                          UNITED STATES CIRCUIT JUDGE
9                                          NINTH CIRCUIT COURT OF APPEALS

10

11 Dated:   06/17/08
                                          _____
12                                         LAWRENCE K. KARLTON
                                          SENIOR UNITED STATES DISTRICT JUDGE
13                                         EASTERN DISTRICT OF CALIFORNIA

14

15 Dated:   06/17/08
                                          _____
16                                         THELTON E. HENDERSON
                                          SENIOR UNITED STATES DISTRICT JUDGE
17                                         NORTHERN DISTRICT OF CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28