PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile:   (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**JOINT STATEMENT RE: PLAINTIFFS' REQUEST FOR LEAVE TO TREAT THE UNREDACTED THOMAS REPORT AS CONFIDENTIAL INFORMATION UNDER THE *COLEMAN* AND *PLATA* PROTECTIVE ORDERS** |

JOINT STATEMENT RE: PLAINTIFFS' REQUEST FOR LEAVE TO TREAT THE UNREDACTED THOMAS REPORT AS CONFIDENTIAL INFORMATION UNDER THE COLEMAN AND PLATA PROTECTIVE ORDERS - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[218376-3]

## I. PLAINTIFFS' STATEMENT

### A. INTRODUCTION

Pursuant to this Court's May 27, 2008 Order granting Plaintiffs' motion to compel, the Office of Inspector General ("OIG") produced to Plaintiffs the confidential investigative report regarding the release of Scott Thomas from San Quentin State Prison (hereinafter "Thomas Report"). In the same May 27, 2008 Order, the Court stated that "[n]either plaintiffs' counsel nor any employee of any law firm representing plaintiffs in these proceedings shall disclose or otherwise refer to the unredacted [Thomas Report] to any person outside of said law firms nor shall such information be made part of the record in these proceedings or any other proceedings without further order of this court or the three-judge court." Docket 2799 at 2:14-18.

Plaintiffs have reviewed the Thomas Report and concluded that it is highly relevant to the ongoing Three-Judge Court litigation, as well as to the underlying *Coleman* and *Plata* proceedings.[1] Declaration of Michael W. Bien In Support of Joint Statement Re: Plaintiffs' Request for Leave to Treat the Unredacted Thomas Report as Confidential Information Under the *Coleman* and *Plata* Protective Orders ¶¶ 2-5, 10 ("Bien Decl.").[2]

Because Plaintiffs believe the Thomas Report is probative of key issues before the Three-Judge Court, as well as issues being considered by the *Coleman* Special Master and *Plata* Receiver, Plaintiffs requested that the OIG agree to a joint stipulation permitting the Thomas Report to be protected from disclosure through the existing orders governing other confidential documents in these cases. Bien Decl. ¶ 6, Exh. A. All parties to the litigation -- including the Intervenors -- have already agreed to abide by these existing protective orders. Bien Decl. ¶ 6, Exh. A; *see also* Bien Decl. ¶ 6, Exh. B-C.

---

[1] Plaintiffs are informed that the OIG has provided or is in the process of providing this Court with the Thomas Report separately. Bien Decl. ¶ 2.

[2] The Bien declaration has been filed under seal pursuant to this Court's May 27, 2008 Order because it contains details about the Thomas Report that are not public.

-1-
JOINT STATEMENT RE: PLAINTIFFS' REQUEST FOR LEAVE TO TREAT THE UNREDACTED THOMAS REPORT AS CONFIDENTIAL INFORMATION UNDER THE COLEMAN AND PLATA PROTECTIVE ORDERS - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[218376-3]

While counsel for the OIG did not raise any substantive objection to Plaintiffs' request, she takes the position that the Court's May 27, 2008 Order prohibits the OIG from stipulating to any expanded use of the Thomas Report in the absence of a further court order. Bien Decl. ¶ 7, Exh. D. Accordingly, Plaintiffs and the OIG agreed to file the instant joint statement regarding Plaintiffs' request to treat the Thomas Report like other documents protected by the *Coleman* and *Plata* protective orders in this litigation. Bien Decl. ¶ 8.

### B. ARGUMENT

Plaintiffs hereby seek leave from the Court to use the Thomas Report in the *Coleman* and *Plata* litigation in the same manner and under the same procedures as other confidential information protected under the existing court orders. That is, the Report would only be provided to persons who are covered by the existing protective orders and have agreed to abide by their terms and would not be filed in Court, except under seal.

If leave is granted, Plaintiffs' counsel plans, for example, to make the Thomas Report available to appropriate experts and consultants, the *Coleman* Special Master and the *Plata* Receiver, and to use the Report and its findings and recommendations in various proceedings in *Coleman* and *Plata* to which it directly relates.

#### 1. Plaintiffs Should Be Permitted to Submit The Thomas Report As Evidence Before The Three-Judge Court And Provide It To Experts And Consultants

The Thomas Report contains important information that must be fully available to the triers of fact in this proceeding. In the Report, the OIG identifies

> a series of mistakes, oversights, and failures to follow California Department of Corrections and Rehabilitation policy that resulted in California State Prison, San Quentin staff failing to identify and treat inmate Scott Thomas's mental health needs while incarcerated, as well as improperly releasing inmate Thomas to parole on May 18, 2007. The day after San Quentin staff released Thomas on parole he allegedly entered a San Francisco bakery and stabbed a 14-year-old girl and a man who came to her aid.

Bien Decl. ¶¶ 3-4. The Thomas Report is relevant to various claims and defenses in the proceeding. Bien Decl. ¶¶ 3-4, 10.

Plaintiffs are already in the process of meeting with experts in preparation for submitting initial and supplemental reports. Bien Decl. ¶ 9. The report represents an

-2-
JOINT STATEMENT RE: PLAINTIFFS' REQUEST FOR LEAVE TO TREAT THE UNREDACTED THOMAS REPORT AS CONFIDENTIAL INFORMATION UNDER THE COLEMAN AND PLATA PROTECTIVE ORDERS - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[218376-3]

important source of information that will help Plaintiffs' experts formulate their opinions on the central issues in this case. Bien Decl. ¶ 9.

### 2. Plaintiffs Must Be Permitted To Share The Thomas Report With Defendants, Intervenors, And Their Experts

The restriction imposed by the May 27, 2008 Order currently prohibits Plaintiffs from even discussing the Thomas Report with Defendants and Intervenors, as well as their counsel and experts. Because the Thomas Report is highly probative of numerous issues in the overcrowding litigation, as discussed above, Plaintiffs anticipate needing to use and discuss the report in depositions and meetings. Plaintiffs hereby request permission to use the Thomas Report in such a manner.

### 3. Plaintiffs Should Be Permitted To Share The Thomas Report With The *Coleman* Court And Special Master And *Plata* Court And Receiver

Moreover, evidence of current breakdowns in the mental and medical health system should be available to the *Coleman* Court and Special Master, as well as the *Plata* Court and Receiver, all of whom continue to struggle to resolve the constitutional violations in the underlying proceedings. For example, the Thomas Report makes 21 substantive recommendations, many of which suggest revamping aspects of CDCR processes already being evaluated in the underlying *Coleman* and *Plata* cases. Bien Decl. ¶ 5. Many of these recommendations directly implicate the work of the *Plata* Receiver and *Coleman* Special Master. Bien Decl. ¶ 5. To keep these recommendations from those trying to guide the CDCR into compliance would be highly inefficient, and can only serve to further delay much needed relief to *Coleman* and *Plata* class members. Plaintiffs therefore request that this Court permit Plaintiffs to provide the *Coleman* Court and Special Master and the *Plata* Court and Receiver with the Thomas Report, and to fully make use of the Report in those proceedings.

### 4. For All Proposed Uses, Plaintiffs Agree That The Thomas Report Will Be Subject To The *Coleman* And *Plata* Protective Orders

Finally, Plaintiffs' willingness to subject the confidential report to the *Coleman* and *Plata* protective orders for all of the above proposed uses obviates any concern that sensitive information in the report will be widely disseminated or used in an inappropriate manner. Plaintiffs routinely receive sensitive information from Defendants regarding *Coleman* and *Plata* class members such as Mr. Thomas, and agree — in fact, insist — that details of prisoner-patients' medical and mental health records are the proper subject of protective orders.

As previously articulated in the briefing opposing Defendants' motion for a revised protective order, *see* Docket 2734, 2778, the existing *Coleman* and *Plata* protective orders govern the overcrowding case and provide sufficient protection against the inappropriate use of prisoner-patients' sensitive information. All parties to the overcrowding litigation – including all of the Intervenors – have agreed to be bound by the *Coleman* and *Plata* protective orders. Bien Decl. ¶ 6. The *Coleman* protective order "covers all documents and information obtained in his action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action," and deems such documents "confidential material." Bien Decl. ¶ 6, Exh. B at 1:21-26. It limits the individuals who may review the confidential documents and requires that said documents be filed under seal. *Id.* at 2:1-3:5; 4:4-10. Similarly, the *Plata* protective order covers prisoners' personal information, deems such information "confidential material," limits the people who may review that material, and requires confidential documents to be filed under seal. Bien Decl. ¶ 6, Exh. C at 1:1-20; 3:8-14. These orders provide adequate protection to ensure the important information in the Thomas Report may be considered by the parties, experts, and fact finders in this litigation while maintaining the security of Mr. Thomas's privacy.

### C. CONCLUSION

The Thomas Report contains information that is highly relevant to the proceedings before the Three-Judge Court, as well as to the underlying proceedings before the *Coleman*

Court and Special Master and the *Plata* Court and Receiver. Moreover, the OIG has not expressed any substantive objection to Plaintiffs' proposed expanded use of the Thomas Report, which would be subject to the *Coleman* and *Plata* protective orders at all times. Plaintiffs therefore request that they be permitted to use the Thomas Report in the *Coleman* and *Plata* litigation in the same manner and under the same procedures as other confidential information protected under the existing court orders.

## II.   OIG'S STATEMENT

On May 27, 2008, Magistrate Judge John Moulds ordered the Office of the Inspector General (OIG) to produce to plaintiffs' law firm the unredacted version of the OIG's October 2007 "Special Review into California Department of Corrections and Rehabilitation's Release of Inmate Scott Thomas." The disclosure was subject to the following protective order:

> Neither plaintiffs' counsel nor any employee of any law firm representing plaintiffs in these proceedings shall disclose or otherwise refer to the unredacted OIG report concerning the release of Scott Thomas from San Quentin State Prison to any person outside of said law firms nor shall such information be made part of the record in these proceedings or any other proceedings *without further order of this court or the three-judge court.* (Emphasis added.)

Michael Bien, plaintiffs' attorney requested that the OIG stipulate that he could provide a copy of the unredacted report to "plaintiffs' expert witnesses and consultants, to the Special Master and the Receiver, to the three-judge court as well as Judge Henderson and Judge Karlton. [He] also wanted to be able to discuss the Confidential Report with opposing counsel and CDCR officials and their experts (for example, in a deposition or a meeting)."

Because the court specifically ordered that no other use of the report could be made without further order of the court, the OIG had no authority to expand, override or otherwise circumvent the order of the court. Accordingly, the position of the OIG is that plaintiffs'

counsel must seek leave of court to use the unredacted report other than as specified by the court in the May 27, 2008 order.

Dated:  June 19, 2008               Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Lisa Ells*
    Lisa Ells
    Attorneys for *Coleman* Plaintiffs
    and on Behalf of *Plata* Plaintiffs

Dated:  June 19, 2008               By: */s/ Barbara L. Sheldon*
                                        Barbara L. Sheldon
                                        Chief Counsel for the Office of
                                        Inspector General

-6-
JOINT STATEMENT RE: PLAINTIFFS' REQUEST FOR LEAVE TO TREAT THE UNREDACTED THOMAS REPORT AS CONFIDENTIAL INFORMATION UNDER THE COLEMAN AND PLATA PROTECTIVE ORDERS - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[218376-3]