| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>E. IVAN TRUJILLO, Bar No. 228790<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br>Facsimile: (510) 280-2704 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LORI RIFKIN, Bar No. 244081<br>SARAH M. LAUBACH, Bar No. 240526<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF, Bar No. 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | KIRKPATRICK & LOCKHART PRESTON<br>GATES ELLIS LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: (415) 882-8200 |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>   Plaintiffs,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   vs.<br>   Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' NOTICE OF FILING SEALED DOCUMENTS** |

To the Defendants, Intervenors, and their attorneys of record, PLEASE TAKE NOTICE, that Plaintiffs are filing the following documents under seal: Declaration of Michael W. Bien, with Exhibits A-D, In Support Of Joint Statement Re: Plaintiffs' Request for Leave to Treat the Unredacted Thomas Report as Confidential Information Under the *Coleman* and *Plata* Protective Orders.  These documents are being filed under seal pursuant to the Court's May 27, 2008 Order because the declaration discusses the contents of the Office of Inspector General's unredacted investigative report regarding the release of Scott Thomas from San Quentin State Prison.  These documents are also being filed under seal pursuant to the *Coleman* and *Plata* protective orders because the declaration contains confidential information regarding Mr. Thomas.  Copies of the Court's May 27, 2008 Order, the *Coleman* protective order, and the *Plata* protective order are attached hereto as Exhibits A, B, and C respectively. A copy of this Notice shall accompany the hard copy of documents to be filed under seal.

Dated:  June 19, 2008                               Respectfully submitted,

                                                    ROSEN, BIEN & GALVAN, LLP

                                                    By: */s/ Lisa Ells*
                                                         Lisa Ells
                                                         Attorneys for *Coleman* Plaintiffs
                                                         and on Behalf of *Plata* Plaintiffs

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. CIV S-90-0520 LKK JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. C01-1351 TEH

**THREE-JUDGE COURT**

ORDER ON MOTION TO COMPEL PRODUCTION OF OFFICE OF INSPECTOR GENERAL'S UNREDACTED REPORT

    Plaintiffs have filed a motion pursuant to Fed. R. Civ. P. 45(c)(2)(B)(ii) to compel production of an unredacted report by the non-party Office of the Inspector General (OIG) concerning the release of Scott Thomas from San Quentin State Prison. The OIG has filed an opposition to the motion.

    At issue is a report sent on October 31, 2007 by the Inspector General to the Secretary of the California Department of Corrections and Rehabilitation (CDCR) "detailing the results of the OIG's investigation into the California State Prison, San Quentin's release of Scott Thomas to parole on May 18, 2007." Plaintiff's Motion to Compel Production of the Office of Inspector General's Unredacted Report Re: Scott Thomas, filed April 18, 2008, at 2. The

OIG created two versions of the report, one of which redacted information concerning Thomas's medical and mental health care while in prison. On April 1, 2008, plaintiffs served a Rule 45 subpoena on the OIG requesting production of the unredacted report.[1] On April 7, 2008, the OIG responded to the subpoena in writing, refusing to produce the unredacted report without a court order. Ex. B to Declaration of Amy Whelan in Support of Plaintiffs' Motion, filed April 18, 2008. The parties were unable to resolve the dispute informally through the meet and confer process, and the instant motion followed.

After review of the papers filed in support of and in opposition to the motion, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiffs' April 18, 2008 motion to compel is granted;

2. Within five days from the date of this order the Office of the Inspector General shall produce to plaintiffs' counsel the unredacted OIG report concerning the release of Scott Thomas from San Quentin State Prison, subject to the following protective order:

Neither plaintiffs' counsel nor any employee of any law firm representing plaintiffs in these proceedings shall disclose or otherwise refer to the unredacted OIG report concerning the release of Scott Thomas from San Quentin State Prison to any person outside of said law firms nor shall such information be made part of the record in these proceedings or any other proceedings without further order of this court or the three-judge court.

Dated: May 23, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
discovery21.o

---

[1] On November 1, 2007, plaintiffs sent a formal written request for the unredacted report to the Inspector General. That request was declined.

2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiff,                               No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendant.                           MODIFIED PROTECTIVE ORDER

                                      /

        In accordance with the order filed concurrently herewith and good cause appearing, IT IS ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective Order") is hereby modified in the following manner:

        IT IS ORDERED THAT the following provisions shall apply to all State of California Department of Health Services' ("DHS") records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

        1. This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

        2. All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred to as "confidential material."

1

3. The confidential material may be disclosed only to the following persons:

    a. Counsel of record for plaintiffs in this action;

    b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

    c. Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

    d. Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

    e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

    f. Individuals as described in subparts (a) through (e), above, in <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

    g. Individuals as described in subparts (a) through (e), above, in <u>Clark, et al. v. California et al.</u> (C96-146 FMS), and in <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

    h. Individuals as described in subparts (a) through (e), above, in <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order.

    4. Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this litigation, or until otherwise ordered by the Court.  A copy of each such agreement will be furnished to defendants' counsel upon order of the Court.

    5. At the conclusion of the trial and any appeal, or upon other termination of this litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

    6. All confidential material obtained by counsel for plaintiffs shall be used solely in connection with this litigation or in connection with the following cases:

    a. <u>Clark, et al. v. California et al.</u> (C96-146 FMS) or <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307CW), currently pending in the United States District Court for the Northern District of California;

    b. <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), or <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending

1   in the United States District Court for the Eastern District of California; or for

2   related appellate proceedings, and not for any other purpose, including any other

3   litigation.

4       7. Any documents filed with the Court that reveal confidential material shall be

5   filed under seal, labeled with cover sheet bearing the case name and number and the statement:

6   "This document is subject to a protective order issued by the Court and shall not be copied or

7   examined except in compliance with that order." Documents so labeled shall be kept by the

8   Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon

9   failure of the filing party to so file a document under seal, any party may request that the Court

10  place the filing under seal.

11      8. Nothing in this Order shall preclude a party from showing or disclosing to any

12  person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs

13  containing confidential material if the document containing such material has been masked or

14  deleted so that no disclosure of confidential material occurs.

15      9. With the exception of documents contained in the confidential portions of

16  patients' or inmates' central files, all documents produced under this Protective Order may be

17  reviewed in a complete and unredacted form. The location of the file review shall be determined

18  on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those

19  documents they find relevant to their conduct of this litigation.

20      10. DHS may review the documents in the confidential portions of patients' or

21  inmates' central files, and may review the other confidential material produced for initial review

22  in complete and unredacted form, for the purpose of determining if there is any information

23  which DHS contends should not further be disclosed because to do so would endanger the safety

24  and security of an institution, or of any persons, including present or former patients, inmates or

25  staff. If DHS determines that there are any documents containing such information, DHS may

26  redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

4

1  of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted
2  information.  If, in the judgment of plaintiffs' attorneys, such information as has been redacted is
3  necessary for the conduct of this litigation, such documents will be expeditiously presented to the
4  Court for in camera review to determine whether and to what extent they must be produced.
5  Insofar as the court determines that any such information is subject to exclusion from production,
6  the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the
7  information to any person for any purpose.

8        11.  Attorneys for plaintiffs and their legal assistants and consultants shall not
9  make copies of the confidential material obtained by them except as necessary for purposes of
10 this litigation.  Counsel for plaintiffs will maintain control over all copies obtained by them.  All
11 confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets.  Only
12 attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the
13 keys to these file cabinets.  Counsel for plaintiffs shall maintain a record of all persons to whom
14 they have afforded access to confidential material.  Upon order of the Court, DHS may inspect
15 the record.

16       12.  Each person who has been afforded access to confidential material shall not
17 disclose or discuss the confidential material, including the identification, the location, or mental
18 health status of a patient or inmate, to or with any person except as is necessary to this case, and
19 then only in accordance with paragraphs 3 and 4 of this Order.

20       13.  Confidential material respecting one patient or inmate shall not be disclosed
21 to or discussed with any other patient or inmate or former patient or inmate.

22       14.  Plaintiffs' counsel shall consult with a mental health professional to determine
23 the necessity of having a mental health professional present at a file review conducted in the
24 presence of a patient.

25  /////
26  /////

1    15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

2    16. The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

3    17. The provisions of this Protective Order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

4    18. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: January 11, 2007.

*(signature)*
UNITED STATES MAGISTRATE JUDGE

/coleman.modpo2

# EXHIBIT C

RECEIVED
03 MAR 28 PM 12:35

FILED
APR 3 2003
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PRISON LAW OFFICE
DONALD SPECTER #83925
STEVEN FAMA #99641
ALISON HARDY #135966
General Delivery
San Quentin, CA 94964
Telephone: (415) 457-9144
Facsimile: (415) 457-9151

PILLSBURY WINTHROP
SHAWN HANSON #109321
CAROLINE MITCHELL #143124
50 Fremont Street
San Francisco, CA 94105
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

BINGHAM McCUTCHEN
WARREN E. GEORGE #53588
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

BINGHAM McCUTCHEN
JOHN MORRISEY #122194
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al. | No. C01 1351 T.E.H. |
| Plaintiffs, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| GRAY DAVIS, et al. | |
| Defendants. | |

Stipulated Protective Order
*Plata v. Davis*, No. C-01-1351 T.E.H.

IT IS ORDERED that the following provisions shall apply to all Department of Corrections' ("CDC") records that identify any inmate or parolee ("personal information") or that are designated by defendants as threatening prison safety and/or security if disclosed without protective conditions ("security information"), and which are produced by defendants in informal and/or formal discovery in this action:

1. All such personal or security information produced by defendants in discovery in this action shall be regarded as confidential and subject to the Protective Order. Such material is hereinafter referred to as "confidential material."

2. The confidential material may be disclosed only to the following persons:

   a. Counsel of record in the action;

   b. Paralegal, clerical and other personnel regularly employed by counsel of record;

   c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to proceedings in this action;

   d. Any outside expert or consultant retained by either party or the Court for purposes of this action;

   e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of the Order.

3. Each person described in paragraph 2(d) and (e), above, to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read the Order, understand it, and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of the Order,

Stipulated Protective Order
*Plata v. Davis*, No. C-01-1351 T.E.H.

2

including, without limitation, any proceeding for contempt.

4. At the conclusion of this action, all confidential material, including all copies, will be destroyed or returned to the defendants as directed by defendants' counsel.

5. All confidential material shall be used solely in connection with the above-captioned action and not for any other purpose, including other litigation, without agreement between the parties and order of the Court, except that personal information may be used without limitation with the consent of the inmate or parolee concerned.

6. Any confidential material filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case caption and title of the document being filed and the following statement: "This document is subject to a Protective Order issued by the Court and shall not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file personal or security information under seal, any party may request that the Court place the document under seal.

7. Plaintiffs' counsel, and their staff, experts and consultants shall not make copies of confidential material except as necessary for purpose of this action. Plaintiffs' counsel shall maintain a record of all persons to whom they have afforded access to confidential material. Defendants may inspect the record upon order of the court. All confidential material shall be stored in a secure location.

8. No person who has been afforded access to confidential material shall disclose or discuss the material, including without limitation the identification, location or health status of an inmate, with any person except in connection with their work on the above-captioned action, except that personal information may be disclosed with the consent of the inmate or parolee concerned.

9. Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to personal or security information to which they have access in the normal course of their official duties.

Stipulated Protective Order
*Plata v. Davis*, No. C-01-1351 T.E.H.                3

10. The provisions of this Order are without prejudice to the right of any party to (1) apply to the Court for a further protective order relating to any confidential material or discovery in this action; (2) to apply to the Court for an order removing the confidential material designation from any document; or (3) to apply to the Court for an order compelling modifications of the Order or for any order permitting disclosure of confidential material beyond the terms of the Order.

11. The provisions of the Order shall remain in full force and effect until this Court orders otherwise.

AGREED TO BY THE PARTIES:

Date: march 24, 2003

John Appelbaum
Supervising Deputy Attorney General
Counsel for Defendants

Date: March 27, 2003

Alison Hardy
Counsel for Plaintiffs

IT IS SO ORDERED.

Date: 3/31, 2003

Honorable Thelton E. Henderson
United States District Court Judge

4