EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST - 183792
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AND THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE THREE-JUDGE COURT OF MAGISTRATE JUDGE'S MAY 29, 2008 RULING OR, ALTERNATIVELY, REQUEST FOR STAY OF ORDER** |

# I.  INTRODUCTION

By Plaintiffs' own calculations, they have received approximately 485,000 pages of documents in response to their request for the production of documents, propounded on Defendants in September of 2007. (Decl. Lori Rifkin Supp. Pls.' Opp'n to Defs.' Req. for Reconsideration (Decl. Rifkin) at ¶ 6.) But according to Plaintiffs, these 485,000 pages of documents are insufficient and Plaintiffs require additional documents to enable them to carry their burden of proof in the underlying proceedings. Specifically, Plaintiffs allege that they need *all* of the documents that Defendants deemed protected by the deliberative process privilege to prove their case. (Pls.' Opp'n to Defs.' Req. for Reconsideration (Pls.' Opp'n) at 19:20-25; 24:1-3.) Plaintiffs, however, fail to prove that these documents are not privileged, and instead continue to seek recovery of every last document within Defendants' possession without regard to privilege.

To that end, Plaintiffs filed a motion to compel the production of all deliberative process privileged documents, which was granted by Magistrate Judge Moulds' May 29, 2008 order. Defendants seek reconsideration of the May 29, 2008 order because it is contrary to law in that it ignores legal precedent that encourages a workable standard when considering the sufficiency of a privilege log. *See Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1147-1148 (9th Cir. 2005); *In re Imperial Corp. of America v. Shield*, 174 F.R.D. 475 (S.D. Cal. 1997). Additionally, the order is clearly erroneous in its finding that Defendants' privilege logs and declarations were insufficient to properly establish the applicability of the deliberative process privilege. Defendants' privilege logs and declarations set forth exactly that information which is required to establish the privilege, doing so despite the overwhelming magnitude of the number of documents that required review. Though applicable Ninth Circuit precedent holds that Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure does not define specifically what information must be provided to assert a claim of privilege, and that requiring detailed information may be "unduly burdensome" in certain circumstances, the May 29, 2008 order ignores this precedent and places

- 2 -

upon Defendants an unworkable standard not contemplated by the Federal Rules of Civil Procedure. *See Burlington Northern*, 408 F.3d at 1147-1148. Because the May 29, 2008 order is both contrary to law and clearly erroneous, and because Plaintiffs fail to demonstrate both the propriety of the order and the inadequacy of Defendants' assertion of the deliberative process privilege, Defendants respectfully request that this Court grant Defendants' request for reconsideration.

## II.   ARGUMENT

### A.   The May 29, 2008 Order Is Clearly Erroneous And Contrary To Law.

In the May 29, 2008 order, the Magistrate Judge determined that "neither the privilege log nor the declarations, separately or in combination, meet the legal requirements for establishing the deliberative process privilege." (May 29, 2008 Order at 8:5-7.) The Magistrate Judge found the document descriptions contained in the log to be "too conclusory" and that the statements in the declarations were not tied to specific documents in the logs. (*Id.* at 8:9-11.) The Magistrate Judge further determined that despite the declarants' statements that the materials described in their declarations are "maintained as privileged and confidential," that nonetheless, "there is no proof that defendants have preserved the confidentiality of each of the specific documents for which a claim of privilege has been made." (*Id.* at 8:12-16.) The order therefore called for the release to Plaintiffs of all documents previously deemed by Defendants as protected by the deliberative process privilege.

The Magistrate Judge's findings, however, are contrary to law in that Defendants are held to a standard not contemplated by Rule 26(b)(5) of the Federal Rules of Civil Procedure. As the Ninth Circuit found in *Burlington Northern*, Rule 26(b)(5)(A) "does not attempt to define for each case what information must be provided when a party asserts a claim of privilege." *Burlington Northern*, 408 F.3d 1147-48. The Ninth Circuit further noted that Rule 26(b)(5)(A) contemplates a malleable framework within which litigants may assert claims of privilege due to various complicating factors that may or may not be present in different cases. Moreover, the Advisory Committee Notes to Rule 26(b)(5)

- 3 -

1  even indicate that requiring a party to provide detailed information in a privilege log "may
2  be appropriate if only a few items are withheld, but may be unduly burdensome when
3  voluminous documents are claimed to be privileged or protected." Fed. R. Civ. P.
4  26(b)(5) advisory committee's notes.

5  Despite this malleable framework articulated by the Ninth Circuit and supported
6  by the Advisory Committee Notes to Rule 26(b)(5), the Magistrate Judge held that
7  Defendants' privilege logs did not contain a sufficient level of detail. The order found the
8  document descriptions to be "too conclusory." (May 29, 2008 Order at 8:8.) However,
9  not only are the document descriptions contained within the privilege logs sufficient to
10 enable Plaintiffs to assess the claim of privilege without disclosing the privileged
11 information itself, but it is difficult to imagine that each of the 4,653 privilege log entries
12 challenged by Plaintiffs are "too conclusory" to establish the privilege. Fed. R. Civ. P.
13 26(b)(5)(A)(ii); *see* Pls.' Opp'n at 1:25-26; May 29, 2008 Order at 8:8. To the contrary,
14 the document descriptions contained within the privilege logs provide adequate detail to
15 apprise Plaintiffs of the privileged nature of the documents. For instance, the log entry
16 for document no. E00000156 describes the document as a "Draft letter discussing Valley
17 Fever and its potential impact on Assembly Bill 900 implementation." (Feb. 15, 2008
18 Privilege Log, p. 2, *Plata* Docket No. 1097.) Similarly, the log entry for document no.
19 E00000229 describes the document as "Draft pre-decisional letter discussing conversion
20 of Northern California Women's Facility into a Secure Reentry Facility." (Feb. 15, 2008
21 Privilege Log, p. 3, *Plata* Docket No. 1097.) These descriptions provide sufficient detail
22 despite the fact that the Ninth Circuit and the Advisory Committee Notes acknowledge
23 that a lesser amount of detail in a privilege log is appropriate in massive document
24 productions. But despite Defendants' detailed descriptions, and in contravention of the
25 applicable law acknowledging that such detailed descriptions may be unduly
26 burdensome, the Magistrate Judge nonetheless determined that Defendants' privilege
27 logs as a whole were insufficient, without pinpointing so much as a single inadequate
28 document description. This finding was contrary to the law and as such, must be

reconsidered by this Court.

In opposition, Plaintiffs attempt to draw this Court's attention away from the law by creating a dispute between the parties on an insignificant and irrelevant matter. Noticeably absent from Plaintiffs' attack on the adequacy of Defendants' privilege logs was even the mere mention of the Ninth Circuit's controlling decision in *Burlington Northern*. Instead, Plaintiffs' opposition seizes on Defendants' assertion that the document production occurred within a relatively limited timeframe, which Defendants contend compounded the difficulty of creating sufficient privilege logs. Plaintiffs argue that Defendants had ample time to produce privilege logs that could have sufficiently established the necessary elements of the deliberative process privilege. Plaintiffs attempt to support this assertion by arguing that Defendants were provided additional time to review and revise the privilege logs. (Pl.'s Opp'n at 7:9-22.) Although this argument is of no consequence given that the privilege logs are indeed sufficient, Plaintiffs are in no position to determine how much time is enough time to produce sufficient privilege logs. Plaintiffs have not produced a single privilege log in the course of this litigation, and have no context within which to adjudge what a sufficient period of time is to create a privilege log for a massive document production. Plaintiffs further fail to mention that they refused to permit Defendants additional time to review and revise Defendants' privilege logs at the outset of the document production, and that Defendants therefore had to seek extensions of time from the Court due to Plaintiffs' refusals.

Whether or not Defendants had ample time to produce adequate privilege logs is ultimately irrelevant to this inquiry, given that the privilege logs did in fact provide sufficient information to assert the deliberative process privilege. And although applicable case law provides for lessened requirements when asserting privilege in proceedings with complicating factors, Defendants nonetheless provided detailed document descriptions on a document-by-document basis that enabled the parties to assess the claim of privilege without revealing the privileged nature of the documents. That is all that is required by Rule 26(b)(5), and therefore Defendants' assertion of the

1  deliberative process privilege must be upheld.

2  Further, Defendants provided adequate declarations to support their claim of the
3  deliberative process privilege. Defendants provided four declarations (and later provided
4  supplemental declarations to accompany Defendants' supplemental privilege logs) from
5  the heads of the applicable departments asserting the privilege: Vincent Brown, Chief
6  Deputy Director of the California Department of Finance; Robert Gore, Deputy Cabinet
7  Secretary for the California Governor's Office; Cynthia Radavsky, Deputy Director of
8  Long-Term Care Services with the Department of Mental Health of the Health and
9  Human Services Agency; and David Runnels, Undersecretary of Operations within the
10 California Department of Corrections and Rehabilitation. (*See Plata* Docket Nos. 1073,
11 1074, 1075, 1076.)

12 Each of the four department heads personally considered each privileged
13 document that was within their department's control and provided a detailed explanation
14 as to why the information falls within the scope of the deliberative process privilege. For
15 instance, Robert Gore, Senior Deputy Cabinet Secretary for the California Governor's
16 Office, explained that one category of protected documents included those related to
17 prison reform policy issues and discussed "proposed parole reform and recidivism
18 reduction strategies, proposed sentencing commission concepts, AB 900 funding
19 mechanisms, legal opinions concerning certain facets of proposed prison reform
20 strategies, partnerships with private and public sector organizations for parole reform."
21 (Decl. Robert Gore Supp. Revised Privilege Logs of Jan. 28, 2008 (Decl. Gore) at ¶
22 14(b), *Plata* Docket No. 1074.) The declaration further stated that "[t]he persons who
23 sent and/or received these documents were executive-level staff," and that the
24 documents "specifically pertain to the Office of the Governor's discussions and
25 deliberations concerning the legislative, policy and financial means of resolving the
26 issues in the *Coleman, Plata, Armstrong, Madrid,* and *Perez* class action cases as well
27 as the Three-Judge Panel proceeding. These documents show the Office of the
28 Governor's internal deliberations of matters within the realm of government

- 6 -

decisionmaking." (*Id.* at 5:25; 6:7-11.)  Additionally, each declarant stated that the documents "are maintained as privileged and confidential." (*See, e.g.,* Decl. Gore at 3:15.)

Despite these detailed declarations, the Magistrate Judge determined that the declarants' statements regarding the privileged nature of the documents that they reviewed were insufficient in that each declarant did not specifically list the document identification numbers applicable to each category of documents described. (May 29, 2008 Order at 8:9-11.)  However, no such requirement exists whereby the declarants must provide specific document numbers that correspond with the categories of privileged documents that are described.  To the contrary, case law suggests that a categorical description of privileged documents is in fact sufficient to claim the deliberative process privilege.  In *United States v. Rozet*, 183 F.R.D. 662, 666 (N.D. Cal. 1998), the Court upheld Plaintiffs' assertion of the deliberative process privilege where it was supported by a declaration that described categories of withheld documents and did not list any document identification numbers.  Similarly, the Advisory Committee Notes to Federal Rule of Civil Procedure 26(b)(5) contemplate that "details concerning time, persons, general subject matter, etc., . . . may be unduly burdensome when voluminous documents are claimed to be privileged or protected, *particularly if the items can be described by categories.*"  Fed. R. Civ. P. 26(b)(5) advisory committee's notes (emphasis added).  The Magistrate Judge's requirement that deliberative process declarations include document identification numbers in addition to a description of the documents protected from disclosure is unsupported by case law and must be reconsidered.

The Magistrate Judge further found the declarations insufficient in that although each declarant swore under penalty of perjury that the documents were maintained as privileged and confidential, regardless, "there is no proof that defendants have preserved the confidentiality of each of the specific documents." (*Id.* at 8:14-16.)  Aside from each declarant's sworn statement under penalty of perjury that the documents they reviewed are "maintained as privileged and confidential," it is unclear what more can be said to

- 7 -

assure the Court that the confidential nature of the specific documents has indeed been preserved, especially given the absence of any evidence indicating to the contrary. Because these findings by the Magistrate Judge are clearly erroneous and contrary to law, Defendants' request for reconsideration must be granted.

**B.  Plaintiffs' Argument That The Documents Should Be Disclosed Because Defendants Put Their Deliberative Processes At Issue and Because Plaintiffs' Need For the Documents Outweighs The Government's Interest In Protecting Them Is Both Misleading And Misplaced.**

Plaintiffs assert as an alternative argument in their opposition that the documents should be disclosed because Defendants have allegedly put their deliberative processes at issue and because Plaintiffs' need for the documents overrides Defendants' interest in maintaining these documents as privileged and confidential. (Pls.' Opp'n at 16-24.) Plaintiffs argue that "the documents withheld based on the deliberative process privilege fall into categories having to do with the exact defenses defendants have raised and anticipate raising in this case." (Pls.' Opp'n at 18:16-18.)

Plaintiffs' argument is misleading and deceptive in that Defendants have never stated that Defendants intend to rely on the withheld documents in support of their defense. Indeed, in the course of supplying Plaintiffs with their initial disclosures, Defendants provided Plaintiffs with a list of all documents that Defendants may use to support Defendants' claims or defenses in the underlying proceedings. None of the documents listed by Defendants were privileged, and the majority of those documents listed are publicly available documents such as reports by the Receiver and *Plata* Court orders.

Further, Plaintiffs fail to explain why access to predecisional discussions among high-ranking governmental officials is necessary to establish that prison overcrowding is the primary cause of their clients' inability to access constitutionally adequate medical and mental health care. Though Plaintiffs claim that they cannot "fairly evaluate defendants' remedial plans without access to defendants' highly probative discussions about the adequacy of those very plans," it is entirely unclear why Plaintiffs require

- 8 -

access to predicisional discussions to enable them to assess the adequacy of the plans. In the absence of more than a mere assertion that the privileged communications are "relevant," Plaintiffs have not and cannot establish that Defendants put their deliberative processes at issue.

Additionally, Plaintiffs claim that their need for the documents outweighs the Government's interest in maintaining the documents as confidential and privileged. Plaintiffs state in conclusory fashion that society has an interest in "ensuring accurate judicial fact-finding" and that therefore that factor weighs in Plaintiffs' favor. (Pls.' Opp'n at 23:24-25.) Plaintiffs fail to explain how disclosure of the documents will lead to accurate judicial fact-finding, and similarly fail to articulate why accurate judicial fact-finding cannot occur unless the privileged documents are disclosed. Plaintiffs also argue, again, that the privileged documents are relevant, and therefore Plaintiffs' need for the documents outweighs the Government's interest in maintaining their confidential and privileged nature. Without more than a broad statement of the documents' relevancy, Plaintiffs cannot establish that their need outweighs the Government's interest, particularly when they fail to explain why the other 485,000 pages of relevant documents produced by Defendants to Plaintiffs are insufficient.

Lastly, and perhaps most importantly, the Magistrate Judge's May 29, 2008 order never considered any of the above alternative arguments set forth in Plaintiffs' opposition. Defendants' request for reconsideration of the Magistrate Judge's order never raised Plaintiffs' alternative arguments, and therefore it is inappropriate to consider Plaintiffs' alternative arguments.

### C.     Defendants' Request For A Stay Should Likewise Be Granted.

Defendants requested a stay in the alternative in Defendants' moving papers, and while Plaintiffs assert that Defendants made no showing that a stay would be appropriate, Plaintiffs similarly made no showing that Defendants are not entitled to a stay. In fact, all factors to be considered when granting a stay support the issuance of a stay in this matter. First, as discussed above, Defendants have made a strong showing

that Defendants will likely succeed on the merits of this issue given that the Magistrate Judge's ruling was contrary to the law.  Second, Defendants will be irreparably injured absent a stay because once the privileged documents are produced to Plaintiffs, Defendants will be unable to overcome the resulting prejudice.  Further, the issuance of the stay will not injure Plaintiffs while the issue is properly decided, given that Defendants have already produced to Plaintiffs approximately 485,000 pages of documents.  Lastly, there is a significant public interest in favoring the preservation of confidential communications between governmental decision makers. *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87 (1973).  Because all four factors weigh in Defendants' favor, this Court should grant Defendants' request for a stay in the alternative.  *See Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987).

### III.   CONCLUSION

For the reasons discussed above and in Defendants' moving papers, Defendants respectfully request that this Three-Judge Court reconsider the Magistrate Judge's May 29, 2008 order and deny Plaintiffs' motion to compel the production of all documents protected from disclosure by the deliberative process privilege, or in the alternative, issue a stay of the order.

DATED:  June 25, 2008                                   HANSON BRIDGETT LLP


By:   /s/ Paul Mello
PAUL MELLO
Attorneys for Defendants Arnold Schwarzenegger, et al.


DATED:  June 25, 2008                                   EDMUND G. BROWN JR.


By:   /s/ Rochelle East
ROCHELLE EAST
Supervising Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.

- 10 -
DEFS.' REPLY TO PLS.' OPP'N TO DEFS.' REQUEST FOR RECONSIDERATION
CASE NOS. 2:90-CV-00520 LKK JFM; 01-1351 TEH

1535377.1