PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
GEOFFREY THOMAS HOLTZ Bar No.: 191370
KRISTEN A. PALUMBO Bar No.: 215857
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
ERNEST GALVAN Bar No.: 196065
LORI RIFKIN Bar No.: 244081
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No.: 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. Civ S 90-0520 LKK-JFM |
| JERRY VALDIVIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. Civ. S-94-0671 LKK/GGH<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS**<br><br>Hearing Date: July 25, 2008<br>Time:          10:00 a.m.<br>Location:     Courtroom 4<br>Judge:         Hon. Lawrence K. Karlton |

[219378-2]

MEM. OF P. & A. IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

# INTRODUCTION

Plaintiffs move for leave to file in both *Valdivia v. Schwarzenegger* and *Coleman v. Schwarzenegger* a joint, consolidated motion for injunctive relief requiring timely access to inpatient psychiatric hospitalization ("Motion"). Plaintiffs further request amendments to the protective orders in *Valdivia* and *Coleman* for the limited purpose of permitting the court personnel, special masters and their staffs, plaintiffs' counsel, and experts in *Valdivia* to view confidential materials produced in *Coleman* and vice versa. These motions are necessary in order to resolve efficiently the overlapping, intertwined legal and factual issues raised in the underlying substantive Motion filed herewith.

## I. Motion for Leave to File Consolidated Motion

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact," the court may "join for hearing or trial any or all matters at issue in the actions[.]" Fed. R. Civ. P. 42(a). The court may also "issue any other orders to avoid unnecessary cost or delay." *Id.* The decision to join a matter "is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The language of Rule 42(a) permits the joining of **all** matters at issue in the actions, as well as the joining of a **single** matter or motion. *See Hollcroft v. Department of Treasury, I.R.S.*, 687 F. Supp. 510, 511 (E.D. Cal. 1988) (consolidating two cases for the sole purpose of deciding motions to dismiss); *Bella Lewitzky Dance Foundation v. Frohnmayer*, 754 F. Supp. 774, 775 (C.D. Cal. 1991) (consolidating two actions by different nonprofit organizations against the National Endowment for the Arts for the limited purpose of deciding motions for summary judgment, and finding that "[f]acts common to both cases abound as do common questions of law").

The Motion for injunctive relief contains several questions or law or fact common to both *Valdivia* and *Coleman*. Defendants' refusal to provide inpatient psychiatric care to individuals held in CDCR pursuant to parole holds and before revocation hearing violates Court orders in both cases. *See* Motion at 1-2. The Special Master in *Valdivia* has found that the subject matter of this motion is common to both cases. *See* Declaration of Ernest Galvan In Support of Motion

1

MEM. OF P. & A. IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219378-2]

For Injunctive Relief Requiring Timely Access to Inpatient Psychiatric Hospitalization ("Galvan Decl."), ¶ 8(d), <u>Exhibit 6</u> at 73-74.

Moreover, the joint consideration and resolution of this issue in *Valdivia* and in *Coleman* will "avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a). The parties and Special Masters in both cases have already met and conferred jointly with the parties on this issue, and the Court's intervention is now needed. *See* Galvan Decl., ¶¶ 21-22. Joint resolution of the issue in both cases will be the most efficient and effective means of resolving the common issues of law and fact, and will avoid the risk of inconsistent rulings or direction from the Court in this area of overlap between the two class actions. Moreover, Plaintiffs' counsel informed Defendants of Plaintiffs' intent to file this motion as a consolidated motion in both cases, and Defendants did not voice any opposition to this manner of proceeding. Declaration of Michael W. Bien In Support Of Plaintiffs' Motion For Leave To File Consolidated Motion And Request For Modification Of Protective Orders ("Bien Decl."), ¶ 1.

To determine whether to consolidate an issue common to two cases, the Court may also weigh the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-1029 (N.D. Cal. 2003). There is great judicial convenience at issue here, and little or no potential for "delay, confusion, and prejudice." All parties will benefit from the joint resolution of this issue, as demonstrated by the joint meetings already occurring between the parties in both cases and as observed by the *Valdivia* Special Master. *See* Galvan Decl., ¶¶ 8, 21-22.

Because the two actions involve common questions of law and fact, and because the interest in judicial efficiency far outweighs any concerns with prejudice or delay, Plaintiffs hereby request leave to file the motion in both cases, and for an order consolidating the cases for the purpose of resolving the issue of denial of inpatient psychiatric care for this segment of the *Valdivia* and *Coleman* plaintiff classes. *See Hollcroft*, 687 F. Supp. at 511 (consolidating cases for resolution of a single motion). A proposed order requesting such a result is filed herewith.

2

MEM. OF P. & A. IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219378-2]

## II. Request For Modification Of Protective Orders

Plaintiffs further request that this Court amend the protective orders in both cases for the limited purpose of permitting the court personnel, special masters and their staff, counsel, and experts in both cases access to confidential materials covered by the protective orders in each case. Such an order would be proper under Rule 42(a)(3), which authorizes the Court to "issue any other orders to avoid unnecessary cost or delay" when managing actions that "involve a common question of law or fact."

The protective orders in these cases cover only a narrow range of confidential information. The *Coleman* protective order covers documents and information that identifies a patient or inmate other than the named plaintiffs. *See* Bien Decl. Ex. A (*Coleman* Modified Protective Order, filed January 12, 2007) at ¶ 1. The *Valdivia* protective order covers information that identifies an inmate/parolee, residential addresses, or other personal information. *See* Bien Decl. Ex. B (*Valdivia* Protective Order, filed July 11, 2000) at 2:5-7.

As the current protective orders are worded, the Court or Special Master in *Coleman* are not permitted to view confidential documents filed in *Valdivia*, or vice versa. *See* Bien Decl. Exs. A and B. The *Coleman* protective order, for instance, specifically permits for review of confidential *Coleman* materials by the court personnel, plaintiffs' counsel, and experts in **other** prison litigation, including *Armstrong v. Schwarzenegger*, *Clark v. Schwarzenegger*, *Hecker v. Schwarzenegger*, and *Davey v. Gomez*. *See* Bien Decl., Ex. A (January 12, 2007 *Coleman* Protective Order) at ¶ 6. However, the current protective order in *Coleman* does not permit review of materials by the parties, experts, or court personnel in *Valdivia*. The *Valdivia* protective order, which has not been revised since the year 2000, does not specifically permit the counsel, court personnel, or experts of any other case to review materials governed by the *Valdivia* protective order, and restricts limits use of materials to "this litigation." *See* Bien Decl., Ex. B at ¶ 5 ("All such information shall be used solely in connection with this litigation and not for any other purpose, including other litigation or interests").

As this Court noted in its decision to permit the *Hecker* plaintiff class to use materials governed by the protective order in *Coleman*, the Ninth Circuit "strongly favors access to

3

MEM. OF P. & A. IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219378-2]

1 discovery materials to meet the needs of parties engaged in collateral litigation." *Coleman*
2 Docket 2108 at 4 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir.
3 2003)). As the Court stated in that Order, "allowing the fruits of one litigation to facilitate
4 preparation in the other cases advances the interests of judicial economy by avoiding the wasteful
5 duplication of discovery." *Id.* (citing *Foltz*).

6      This modification of the protective orders to permit the court personnel, counsel, and
7 special masters in both *Valdivia* and *Coleman* to view material governed by the protective order
8 in either case will advance judicial economy. The issue of psychiatric care for parolees requires
9 consideration of materials collected in both cases. *See, e.g.*, Declaration of Lori Rifkin In
10 Support Of Motion for Injunctive Relief Requiring Timely Access to Inpatient Psychiatric
11 Hospitalization, filed under seal herewith (containing overlapping and interrelated information
12 that was produced in both cases). Without such a modification, information produced in *Valdivia*
13 that is relevant to *Coleman* but which includes the names or other identifying information for
14 *Valdivia* parolees could not be examined by the *Coleman* Special Master. Such a result would
15 undermine judicial efficiency and defy logic.

16      Defendants have in the past unsuccessfully sought to limit Plaintiffs' use of relevant
17 material, claiming that material produced in one case cannot be used in another case, even if that
18 other case has been brought on behalf of the same Plaintiff class against the same Defendants.
19 *See, e.g.*, *Coleman* Docket 2833 at 6 n.5 (summarizing Defendants' contention). Such arguments
20 have consistently been rejected by this Court. *See Coleman* Docket 2108 at 4; *see also* Docket
21 2833 at 6 (ruling by Magistrate Moulds denying Defendants' request to forbid Plaintiffs' use of
22 material produced during three-judge court proceedings in proceedings before the regular
23 *Coleman* court). The Court should once again reject this argument.

## CONCLUSION

25      For the reasons articulated above and in the interest of judicial efficiency, the Court
26 should grant Plaintiffs' motion for leave to file jointly in *Valdivia* and *Coleman* their Motion for
27 injunctive relief regarding access to inpatient psychiatric hospitalization. The Court should
28 moreover grant Plaintiffs' request for an order modifying the protective orders to permit review

4

MEM. OF P. & A. IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219378-2]

of confidential materials by the court personnel, special masters and their staffs, counsel, experts, witnesses, and related staff in either case.

Dated: June 25, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Michael W. Bien*
    Michael W. Bien
    Attorneys for Plaintiffs

5

MEM. OF P. & A. IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219378-2]