PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
ERNEST GALVAN Bar No.: 196065
LORI RIFKIN Bar No.: 244081
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
GEOFFREY THOMAS HOLTZ Bar No.: 191370
KRISTEN A. PALUMBO Bar No.: 215857
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No.: 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | Case No. Civ S 90-0520 LKK-JFM |
| JERRY VALDIVIA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | Case No. Civ. S-94-0671 LKK/GGH<br>**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS**<br><br>Hearing Date:  July 25, 2008<br>Time:  10:00 a.m.<br>Location:  Courtroom 4<br>Judge:  Hon. Lawrence K. Karlton |

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219491-2]

I, Michael W. Bien, do hereby declare as follows:

I am an attorney admitted to practice law in California and a partner in the law firm Rosen, Bien & Galvan, one of the counsel of record for Plaintiff class in both the above-captioned cases. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Motion for Leave to File Consolidated Motion and Request for Modification of Protective Orders.

1. During the meet and confer process, I informed Defendants' counsel that Plaintiffs' counsel intended to file this motion jointly in *Valdivia* and *Coleman*. Defendants' counsel did not voice any opposition to this procedure. Counsel for the parties and the *Valdivia* Special Master have agreed that other pending issues regarding *Valdivia* processes for the mentally ill should be subject to further negotiations facilitated by the *Valdivia* Special Master. Issues other than access to inpatient hospital care are not presented for decision with this motion and are referred to for context only.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Modified Protective Order filed in *Coleman* on January 12, 2007 (Docket 2109). This protective order covers all documents and information obtained in the case that identifies a patient or inmate other than the named plaintiffs. Under the protective order, this confidential information can only be disclosed to plaintiffs' counsel and personnel, court personnel, experts and consultants, and witnesses in *Coleman*, as well as in the prison cases *Clark v. Schwarzenegger*, *Armstrong v. Schwarzenegger*, *Hecker v. Schwarzenegger*, and *Davey v. Gomez*. This list does not include the case *Valdivia v. Schwarzenegger*.

3. On June 20, 2008, Magistrate Judge Moulds issued an order in the *Coleman* Three-Judge Court addressing, *inter alia*, whether Defendants could limit use of material produced during the three-judge proceeding "to said proceeding," and prevent use of those materials in other litigation. *See Coleman* Docket 2833 at 6-7. The Court rejected Defendants' request, finding it "contrary to the law of this circuit," and denied Defendants' motion to the extent that Defendants sought to preclude the use of the material outside the proceeding before the Three-Judge Court. This order slightly expanded the protective order of January 12, 2007, by making

confidential the information produced during the three-judge proceeding that contains personal information such as social security numbers, addresses, or personal email addresses, and making confidential any information about infrastructure, transfer, blueprints, and related prison information.

4. Attached hereto as **Exhibit B** is a true and correct copy of the Stipulated Protective Order filed in *Valdivia* on July 11, 2000 (Docket 519). This protective order covers inmate/parolee addresses, phone numbers, and/or other personal information, and states that such information may be disclosed only to plaintiffs' counsel and support personnel, court personnel, and outside experts or consultants. The protective order does not permit the counsel, court personnel, or experts of any other case to review materials governed by the *Valdivia* protective order, and restricts limits use of materials to "this litigation."

I declare under penalty of perjury under the laws of California and the United States, that the foregoing is true and correct, and that this declaration is executed in San Francisco, California on June 25, 2008.

*/s/ Michael W. Bien*

2

BIEN DEC. ISO PLTFS' MOT'N FOR LEAVE TO FILE CONSOL. MOT'N AND FOR MODIFICATION OF PROTECTIVE ORDER - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219491-2]

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiff,　　　　　　　　　　　　No. CIV S-90-0520 LKK JFM P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendant.　　　　　　　　　　　　<u>MODIFIED PROTECTIVE ORDER</u>

_____/

    In accordance with the order filed concurrently herewith and good cause appearing, IT IS ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective Order") is hereby modified in the following manner:

    IT IS ORDERED THAT the following provisions shall apply to all State of California Department of Health Services' ("DHS") records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

    1. This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

    2. All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred to as "confidential material."

3. The confidential material may be disclosed only to the following persons:

    a. Counsel of record for plaintiffs in this action;

    b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

    c. Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

    d. Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

    e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

    f. Individuals as described in subparts (a) through (e), above, in <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

    g. Individuals as described in subparts (a) through (e), above, in <u>Clark, et al. v. California et al.</u> (C96-146 FMS), and in <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

      h. Individuals as described in subparts (a) through (e), above, in <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order.

    4. Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this litigation, or until otherwise ordered by the Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the Court.

    5. At the conclusion of the trial and any appeal, or upon other termination of this litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

    6. All confidential material obtained by counsel for plaintiffs shall be used solely in connection with this litigation or in connection with the following cases:

      a. <u>Clark, et al. v. California et al.</u> (C96-146 FMS) or <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307CW), currently pending in the United States District Court for the Northern District of California;

      b. <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), or <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending

3

1  in the United States District Court for the Eastern District of California; or for
2  related appellate proceedings, and not for any other purpose, including any other
3  litigation.
4      7. Any documents filed with the Court that reveal confidential material shall be
5  filed under seal, labeled with cover sheet bearing the case name and number and the statement:
6  "This document is subject to a protective order issued by the Court and shall not be copied or
7  examined except in compliance with that order."  Documents so labeled shall be kept by the
8  Clerk of this Court under seal and shall be made available only to the Court or counsel.  Upon
9  failure of the filing party to so file a document under seal, any party may request that the Court
10 place the filing under seal.
11     8. Nothing in this Order shall preclude a party from showing or disclosing to any
12 person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs
13 containing confidential material if the document containing such material has been masked or
14 deleted so that no disclosure of confidential material occurs.
15     9. With the exception of documents contained in the confidential portions of
16 patients' or inmates' central files, all documents produced under this Protective Order may be
17 reviewed in a complete and unredacted form.  The location of the file review shall be determined
18 on a case-by-case basis.  After such review, plaintiffs' attorneys may request copies of those
19 documents they find relevant to their conduct of this litigation.
20     10. DHS may review the documents in the confidential portions of patients' or
21 inmates' central files, and may review the other confidential material produced for initial review
22 in complete and unredacted form, for the purpose of determining if there is any information
23 which DHS contends should not further be disclosed because to do so would endanger the safety
24 and security of an institution, or of any persons, including present or former patients, inmates or
25 staff.  If DHS determines that there are any documents containing such information, DHS may
26 redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

1  of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted
2  information.  If, in the judgment of plaintiffs' attorneys, such information as has been redacted is
3  necessary for the conduct of this litigation, such documents will be expeditiously presented to the
4  Court for in camera review to determine whether and to what extent they must be produced.
5  Insofar as the court determines that any such information is subject to exclusion from production,
6  the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the
7  information to any person for any purpose.
8           11.  Attorneys for plaintiffs and their legal assistants and consultants shall not
9  make copies of the confidential material obtained by them except as necessary for purposes of
10 this litigation.  Counsel for plaintiffs will maintain control over all copies obtained by them.  All
11 confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets.  Only
12 attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the
13 keys to these file cabinets.  Counsel for plaintiffs shall maintain a record of all persons to whom
14 they have afforded access to confidential material.  Upon order of the Court, DHS may inspect
15 the record.
16          12.  Each person who has been afforded access to confidential material shall not
17 disclose or discuss the confidential material, including the identification, the location, or mental
18 health status of a patient or inmate, to or with any person except as is necessary to this case, and
19 then only in accordance with paragraphs 3 and 4 of this Order.
20          13.  Confidential material respecting one patient or inmate shall not be disclosed
21 to or discussed with any other patient or inmate or former patient or inmate.
22          14.  Plaintiffs' counsel shall consult with a mental health professional to determine
23 the necessity of having a mental health professional present at a file review conducted in the
24 presence of a patient.
25 /////
26 /////

5

15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

16. The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

18. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: January 11, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/coleman.modpo2

6

# EXHIBIT B

1  BILL LOCKYER, Attorney General
     of the State of California
2  DAVID DRULINER, Chief
     Assistant Attorney General
3  PAUL GIFFORD, Senior
     Assistant Attorney General
4  MICHAEL G. LEE (SBN 88956)
     Supervising Deputy Attorney General
5  WILLIAM V. CASHDOLLAR (SBN 117482)
     Deputy Attorney General
6  1300 "I" Street, Suite 125
   Post Office Box 944255
7  Sacramento, California 94244-2550
   Telephone: (916) 327-5596
8

9  Attorneys for Defendants
   Gray Davis, Robert Presley, Cal Terhune,
10 Regina Stevens, James Nielsen, Carol
   J. Bentley, Thomas J. Gianquinto, John
11 W. Gillis, Manuel C. Guaderrama, Ron
   E. Koenig, Arthur F. Van Court, Michael
12 Connolly, Edward McNair

FILED
JUL 11 2000
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

LODGED
JUN 29 2000
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF CALIFORNIA

16 JERRY VALDIVIA, ALFRED YANCY,     )  No. CIV S 94-0671 LKK GGH
   and HOSSIE WELCH, et al.          )
17                                   )
            Plaintiffs,              )  STIPULATED PROTECTIVE ORDER
18                                   )
       v.                            )
19                                   )
   STATE OF CALIFORNIA, et al.,      )
20                                   )
            Defendants.              )
21                                   )

519

1

1   This Stipulated Protective Order is entered into by and between Plaintiffs, on
2   their own behalf and on behalf of all persons similarly situated ("Plaintiffs") and
3   Defendants Gray Davis, et al. ("Defendants") (collectively, the "Parties"), by and through
4   their respective counsel of record.
5   The Parties agree, and the Court hereby orders, that the following provisions
6   shall apply to all inmate/parolee addresses, phone numbers and/or other personal
7   information released to Plaintiffs by Defendants.
8      1.   All identified information, made a subject of this stipulation, shall, as
9   to Plaintiffs, be regarded as confidential and subject to this protective order.[1]
10      2.   All inmate/parolee personal information (i.e., residential addresses,
11   residential phone numbers, or other such personal information), may be disclosed only to
12   the following persons:
13      a.   Plaintiff's Counsel of record;
14      b.   Plaintiff's Paralegal, stenographic, clerical and secretarial personnel
15   employed by counsel of record;
16      c.   Court personnel[2] and stenographic reporters engaged in such
17   proceedings that are incidental to preparation for the trial in this
18   action; and
19      d.   Any outside Plaintiffs' expert or consultant retained by Plaintiff.
20      3.   Each person, as above-described, to whom disclosure of this
21   information is made shall, prior to the time of disclosure, be provided with a copy of this
22   order and shall agree that they have read this order, understand and agree to be bound by its
23   provisions, and consent to be subject to the jurisdiction of the United States District Court
24   for the Eastern District of California with respect to any proceedings relating to the

---

26   [1] It is acknowledged and understood that such information is not confidential as to Defendants, who supervise or who are otherwise responsible for knowing the whereabouts of these parolees/inmates.

28   [2] Court personnel shall not be required to obtain a Court order to examine such confidential information should it be filed with the Court.

1  enforcement of this order, including, without limitation, any contempt proceeding.

2      4.     At the conclusion of this litigation, all such information, including
3  copies, both hard copy and electronic, shall be destroyed by Plaintiffs or otherwise returned
4  to Defendants. Plaintiffs shall memorialize this fact by letter to Defendants' counsel.

5      5.     All such information shall be used solely in connection with this
6  litigation and not for any other purpose, including other litigation or interests.

7      6.     Any such information which is filed with the Court for whatever
8  purpose, shall be filed under seal, by placing the information in sealed envelopes bearing
9  the caption of this action and attaching a copy of the order permitting the documents to be
10 filed under seal pursuant to Eastern District Local Rule 39-138(b). The sealed envelope
11 should also bear the following legend: "CONFIDENTIAL. This envelope is sealed
12 pursuant to order of the Court, contains Confidential information, and is not to be opened
13 or the contents revealed except by order of the Court." Upon failure of the filing party to
14 file such information under seal, any Party may request that the Court place the information
15 under seal.

16     7.     Plaintiffs' counsel and their legal representatives, shall not make
17 copies of such information, except for purposes of this litigation.

18     8.     Plaintiffs' counsel and their representatives shall not reveal this
19 information in any manner to any parolee/inmate or to any other person actually or
20 ostensibly representing any interest of the parolee/inmate.

21     9.     Plaintiffs' counsel shall store this information in a secure location.

22     10.     Nothing in this order is intended to prevent officials or employees of
23 the State of California, or any other authorized government officials, from using this
24 information pursuant to their official duties.

25     11.     The provisions of this Order are without prejudice to the right of any
26 Party to: (1) apply to the Court for a further protective order relating to such information; or
27 (2) to apply to the Court for an order modifying this order, or for any order related to such
28 information.

12. Nothing herein shall obligate Defendants to release personal information of inmates or parolees who are not class members.

13. This Stipulated Protective Order shall be binding on the Parties as of the date it is fully executed, regardless of whether or not it has been entered by the Court as of that time. The provisions of this Order shall remain in full force and effect until further order of the Court.

IT IS SO STIPULATED.

DATED: June 29, 2000

Respectfully submitted,

BILL LOCKYER, Attorney General
of the State of California
DAVID DRULINER, Chief
Assistant Attorney General
PAUL D. GIFFORD, Senior
Assistant Attorney General
MICHAEL G. LEE, Supervising Deputy
Attorney General

WILLIAM V. CASHDOLLAR
Deputy Attorney General

Attorneys for Defendants

DATED: June 29, 2000.

McCutchen, Doyle, Brown & Enersen LLP

By: _____
Karen Kennard    Jennifer Jonak
Attorneys for Plaintiffs

IT IS SO ORDERED.

DATED: July __, 2000.

_____
The Honorable Lawrence K. Karlton
United States District Judge

4

## DECLARATION OF SERVICE

Case Name:  **JERRY VALDIVIA, et al. v. STATE OF CALIFORNIA, et al.**

Court No.:  **USDC-ED, CIV S-94-0671 LKK GGH P**

I declare:

I am employed in the County of Sacramento, California. I am 18 years of age or older and not a party to the within entitled cause; my business address is 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550.

On **June 29, 2000**, I served the attached:

**STIPULATED PROTECTIVE ORDER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 29, 2000**, at Sacramento, California.

__T. COOPER__                                    _____
                                                          Signature

JERRY VALDIVIA, et al. v. STATE OF CALIFORNIA, et al.
USDC-ED, CIV S-94-0671 LKK GGH P

## ATTACHMENT TO
## DECLARATION OF SERVICE

STEPHEN J. PERRELLO, JR., ESQ.
LAW OFFICES OF STEPHEN J. PERRELLO
POST OFFICE BOX 880738
SAN DIEGO, CA 92168

ALEXANDER L. LANDON, ESQ.
LAW OFFICES OF ALEXANDER LANDON
2442 FOURTH AVENUE
SAN DIEGO, CA 92101

KAREN KENNARD, ESQ.
McCUTCHEN, DOYLE, BROWN & ENERSEN
THREE EMBARCADERO CENTER, SUITE 1800
SAN FRANCISCO, CA 94111

MICHAEL W. BIEN, ESQ.
ROSEN, BIEN & ASARO
155 MONTGOMERY STREET, EIGHTH FLOOR
SAN FRANCISCO, CA 94104

DONALD SPECTER, ESQ.
PRISON LAW OFFICE
GENERAL DELIVERY
SAN QUENTIN, CA 94964

Case 2:94-cv-00671-LKK-GGH   Document 519   Filed 07/11/2000   Page 7 of 8
Case 2:90-cv-00520-KJM-SCR   Document 2843   Filed 06/25/08   Page 18 of 19
ljr

United States District Court
for the
Eastern District of California
July 11, 2000


* * CERTIFICATE OF SERVICE * *


2:94-cv-00671


Valdivias

v.

Wilson et al

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on July 11, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.


William Vernon Cashdollar                SJ/LKK
Attorney General's Office of the State of California
PO Box 944255
1300 I Street
Suite 125
Sacramento, CA  94244-2550

Stephen J Perrello Jr
Law Office of Stephen J Perrello
P O Box 880738
San Diego, CA  92168

Alexander L Landon
Law Offices of Alex Landon
2442 Fourth Avenue
San Diego, CA  92101

Karen Kennard
McCutchen Doyle Brown and Enersen
Three Embarcadero Center
Suite 1800
San Francisco, CA  94111

Michael W Bien
Rosen Bien and Asaro
155 Montgomery Street

San Francisco, CA  94104

Donald Specter
Prison Law Office
General Delivery
San Quentin, CA  94964

                                                  Jack L. Wagner, Clerk

BY: _____
        Deputy Clerk