PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
GEOFFREY THOMAS HOLTZ Bar No.: 191370
KRISTEN A. PALUMBO Bar No.: 215857
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
ERNEST GALVAN Bar No.: 196065
LORI RIFKIN Bar No.: 244081
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No.: 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM |
| JERRY VALDIVIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. Civ. S-94-0671 LKK/GGH<br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF REQUIRING TIMELY ACCESS TO INPATIENT HOSPITALIZATION**<br><br>Hearing Date:　July 25, 2008<br>Time:　　　　　10:00 a.m.<br>Location:　　　Courtroom 4<br>Judge:　　　　Hon. Lawrence K. Karlton |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF REQUIRING TIMELY ACCESS TO INPATIENT HOSPITALIZATION - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[219605-2]

The Motion For Injunctive Relief Requiring Timely Access To Inpatient Psychiatric Hospitalization, brought jointly by the plaintiff classes in *Valdivia v. Schwarzenegger* and *Coleman v. Schwarzenegger,* came on regularly for hearing before this Court on July 25, 2008, at 10:00 a.m.  The Court, having considered the arguments and briefs of the parties, and the entire record in the cases *Coleman v. Schwarzenegger* and *Valdivia v. Schwarzenegger*, and good cause appearing, hereby makes the following Findings of Fact and Conclusions of Law, and issues the following Order:

## FINDINGS OF FACT & CONCLUSIONS OF LAW

1. Timely access to psychiatric hospitalization is a crucial part of the provision of constitutionally adequate mental health care to persons incarcerated in the Department of Corrections and Rehabilitation (CDCR).  *See Coleman v. Wilson*, 912 F. Supp. 1282, 1308 (E.D.Cal 1995).

2. This Court has previously entered numerous orders to ensure such timely access to psychiatric hospitalization as part of the overall remedy in the *Coleman* case.[1]

---

[1] *See, e.g.,* 5/22/98 Stipulation and Order [Docket 945] (SVPP facility); 7/26/99 Order ¶ 9 [Docket 1055] (requiring a plan "for expediting the transfers of seriously mentally disordered inmates to programs with the level of care to which they have been referred."); 8/28/00 Order ¶ 1 [Docket 1195] (ordering implementation of Report recommendations by *Coleman* expert, Dr. Koson on improving access to inpatient beds); 4/4/01 Order [Docket 1262] (adopting timelines for transfers to higher levels of care); 6/27/01 Order ¶ 4 ("On or before July 6, 2001, defendants shall submit … the Department of Mental Health inpatient bed usage study and needs assessment,"); 3/4/02, 5/7/02, 10/8/02 and 1/19/04 Orders  (all addressing defendants' inpatient bed studies); 7/9/04 Order [Docket 1594] (setting a deadline by which defendants "with the assistance of the special master's expert(s), shall complete the design for and submit to the special master a plan for the execution of an unmet inpatient bed needs study."); 3/3/06 Order [Docket 1773] (approving the January 2006 Revised Program Guide, including Chapter 6 requiring the provision of inpatient services to patients housed in CDCR prisons.); 5/2/06 Order (addressing aspects of the April 17, 2006 plan for the provision of acute and intermediate beds and MHCBs for all male and females housed within CDCR.); 6/28/06 Order [Docket 1855] (joining DMH as defendant); 2/7/07 Order [Docket 2134] (pay for DMH clinicians.); 3/12/07 Order [Docket 2158] (referrals and transfers to DMH programs); 5/23/07 Order [Docket 2237] (pay parity for all DMH clinicians providing care to CDCR class members); 6/28/07 Order [Docket 2301] (DMH clinician pay, and ASH beds); 8/2/07 Order [Docket 2386] (interim reports on ASH admissions); and 10/18/07 Order [Docket 2461] (treatment and counseling space for the inpatient programs at SVSP and CMF.)

3. Timely access to the appropriate levels of mental health care, including the highest levels of care in an inpatient hospital setting, is also critical to ensuring the due process rights of persons confined by CDCR on accusations of parole violations. The rights of such persons to notice and an opportunity to be heard under the Constitution and under the *Valdivia* Permanent Injunction are not appropriately protected when such persons are denied necessary mental health treatment.

4. Plaintiffs have demonstrated that Defendants in this case have been pursuing and continue to pursue a statewide systemic policy of denying inpatient hospitalization to persons confined by CDCR during the period before their parole violation hearings are complete, and during the period within 35 days of a release on parole.

5. The above-described policy of denying inpatient hospitalization is contrary to the Orders in this case, and to the Revised Program Guide which the Court ordered to be implemented on March 3, 2006 [*Coleman* Docket No. 1773].

6. Denial of inpatient hospitalization care as a matter of policy to the class of persons addressed in this motion creates serious risks of injury or death to members of the *Coleman* and *Valdivia* classes. The Levels of Care in the Revised Program Guide were devised with clinical expertise for the purpose of providing the right level of care based on acuity and need for treatment. A policy, like the one challenged here, that substitutes bureaucratic decision-making for clinical judgment of the Level of Care needed, is inconsistent with the remedies ordered in *Coleman* to bring mental health care up to Constitutional levels.

7. Access to inpatient hospitalization under the Revised Program Guides is governed by clinical judgment of acuity and need for treatment. There is no requirement that the maximum time in one Level of Care be used up or exhausted before a patient is sent to another Level of Care. Specifically as to this motion, there is no requirement that a patient stay in the Mental Health Crisis Bed Level of Care for the maximum allowed ten days before being transferred to an inpatient hospital. On the contrary, clinicians may decide that inpatient hospitalization is necessary on the first day.

8. Patients' due process rights to a hearing on the need for inpatient hospitalization

are already protected by the Revised Program Guide, and present no obstacle to securing the necessary Level of Care for the *Coleman* and *Valdivia* class members at issue in this motion.

9.  The Special Masters in *Coleman* and *Valdivia* have attempted to resolve this issue informally without success.

## ORDER

DEFENDANTS are hereby **ORDERED** as follows:

(1) The Defendant officials in *Coleman* and *Valdivia*, including but not limited to the Defendant officials in charge of the Department of Mental Health, shall immediately take all necessary steps to provide timely access to all levels of inpatient psychiatric hospitalization, including inpatient hospital beds operated by the Department of Mental Health, to persons confined by the California Department of Corrections and Rehabilitation regardless of current parole revocation status or parole date.

(2) The Defendant officials in *Coleman* and *Valdivia*, including but not limited to the Defendant officials in charge of the Department of Mental Health, shall certify to the Special Masters in *Coleman* and *Valdivia*, and to Plaintiffs' counsel in both actions no later than 14 days after entry of this Order that all policies and practices barring persons confined by the California Department of Corrections and Rehabilitation from inpatient hospitalization beds operated by the Department of Mental Health due to parole revocation status or parole date have been modified in a manner consistent with this Court's order and that appropriate instructions have been communicated to CDCR and DMH officials and clinicians.

**IT IS SO ORDERED.**

Dated: _____

Hon. Lawrence K. Karlton
United States District Court