PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone:  (510) 280-2621
Facsimile:   (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
GEOFFREY THOMAS HOLTZ Bar No.: 191370
KRISTEN A. PALUMBO Bar No.: 215857
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
ERNEST GALVAN Bar No.: 196065
LORI RIFKIN Bar No.: 244081
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No.: 99358
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>                Plaintiffs,<br><br>        vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                Defendants. | Case No. Civ S 90-0520 LKK-JFM |
| JERRY VALDIVIA, et al.,<br><br>                Plaintiffs,<br><br>        vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                Defendants. | Case No. Civ. S-94-0671 LKK/GGH<br><br>**PLAINTIFFS' NOTICE OF FILING UNDER SEAL THE RIFKIN AND KAHN DECLARATIONS IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF REQUIRING TIMELY ACCESS TO INPATIENT PSYCHIATRIC HOSPITALIZATION** |

[219547-1]

1   TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE

2   NOTICE that Plaintiffs will file the following documents under seal pursuant to the Protective

3   Orders in the *Coleman* and *Valdivia* cases:

4       Declaration of Lori Rifkin, with Exhibits A-F, in Support of Plaintiffs'
        Motion for Injunctive Relief Requiring Timely Access to Inpatient
5       Psychiatric Hospitalization

6
        Declaration of Jane E. Kahn, with Exhibits A-K, in Support of Plaintiffs'
7       Motion for Injunctive Relief Requiring Timely Access to Inpatient
        Psychiatric Hospitalization
8

9       The Rifkin declaration is being filed under seal pursuant to Paragraphs 2 and 7 of the

10  District Court's January 12, 2007 Modified Protective Order in *Coleman* (*Coleman* Docket

11  2109) and Paragraphs 1 and 6 of the July 11, 2000 Stipulated Protective Order in *Valdivia*

12  because it contains confidential information about specific class members that is barred from

13  public disclosure by those orders.  The Kahn declaration is being filed under seal pursuant to

14  Paragraphs 2 and 7 of the District Court's January 12, 2007 Modified Protective Order in

15  *Coleman* because it contains confidential information about specific class members that is

16  barred from public disclosure by that Order.  Copies of the *Coleman* and *Valdivia* Protective

17  Orders are attached hereto as Appendices A and B.  A copy of this Notice will accompany the

18  hard copies of documents to be filed under seal.

19  Dated:  June 25, 2008                              Respectfully submitted,

20                                                     ROSEN, BIEN & GALVAN, LLP

21
                                                       By: */s/ Ernest Galvan*_____
22                                                         Ernest Galvan
                                                           Attorneys for *Coleman* and
23                                                         *Valdivia* Plaintiffs

24

25

26

27

28

[219547-1]

# APPENDIX A

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    RALPH COLEMAN,

10          Plaintiff,                      No. CIV S-90-0520 LKK JFM P

11          vs.

12   ARNOLD SCHWARZENEGGER, et al.,

13          Defendant.                      <u>MODIFIED PROTECTIVE ORDER</u>

14   _____/

15          In accordance with the order filed concurrently herewith and good cause appearing, IT IS

16   ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective

17   Order") is hereby modified in the following manner:

18          IT IS ORDERED THAT the following provisions shall apply to all State of

19   California Department of Health Services' ("DHS") records which identify any patient or inmate

20   and which are obtained in this action by counsel for plaintiffs:

21          1.  This order covers all documents and information obtained in this action by

22   plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this

23   action.

24          2.  All such documents and information obtained in this action by plaintiffs'

25   counsel shall be regarded as confidential and subject to this Protective Order.  Such material is

26   hereinafter referred to as "confidential material."

                                          1

3.  The confidential material may be disclosed only to the following persons:

a.  Counsel of record for plaintiffs in this action;

b.  Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

c.  Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

d.  Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

e.  Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

f.  Individuals as described in subparts (a) through (e), above, in <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

g.  Individuals as described in subparts (a) through (e), above, in <u>Clark, et al. v. California et al.</u> (C96-146 FMS), and in <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

2

1         h.  Individuals as described in subparts (a) through (e),

2     above, in <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No.

3     2:05-cv-02441 LKK-JFM), currently pending in the United States

4     District Court for the Eastern District of California, who agree to

5     be bound by the terms of this Order.

6         4.  Each person to whom disclosure of confidential material is made shall, prior to

7 the time of disclosure, be provided by the person furnishing such confidential material a copy of

8 this Order, and shall agree on the record or in writing that they have read this Protective Order

9 and understand and agree to be bound by its provisions. Such persons must also consent to be

10 subject to the jurisdiction of the United States District Court for the Eastern District of California

11 with respect to any proceeding relating to enforcement of this Order, including, without

12 limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in

13 court or during a deposition, the person making the disclosure shall retain the original of an

14 executed written agreement until termination of this litigation, or until otherwise ordered by the

15 Court.  A copy of each such agreement will be furnished to defendants' counsel upon order of the

16 Court.

17         5.  At the conclusion of the trial and any appeal, or upon other termination of this

18 litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such

19 material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

20         6.  All confidential material obtained by counsel for plaintiffs shall be used solely

21 in connection with this litigation or in connection with the following cases:

22         a.  <u>Clark, et al. v. California et al.</u> (C96-146 FMS) or <u>Armstrong, et al. v.</u>

23     <u>Schwarzenegger, et al.</u> (C94-2307CW), currently pending in the United States

24     District Court for the Northern District of California;

25         b.  <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), or <u>Hecker,</u>

26     <u>et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending

in the United States District Court for the Eastern District of California; or for related appellate proceedings, and not for any other purpose, including any other litigation.

7.  Any documents filed with the Court that reveal confidential material shall be filed under seal, labeled with cover sheet bearing the case name and number and the statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order."  Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel.  Upon failure of the filing party to so file a document under seal, any party may request that the Court place the filing under seal.

8.  Nothing in this Order shall preclude a party from showing or disclosing to any person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs containing confidential material if the document containing such material has been masked or deleted so that no disclosure of confidential material occurs.

9.  With the exception of documents contained in the confidential portions of patients' or inmates' central files, all documents produced under this Protective Order may be reviewed in a complete and unredacted form.  The location of the file review shall be determined on a case-by-case basis.  After such review, plaintiffs' attorneys may request copies of those documents they find relevant to their conduct of this litigation.

10.  DHS may review the documents in the confidential portions of patients' or inmates' central files, and may review the other confidential material produced for initial review in complete and unredacted form, for the purpose of determining if there is any information which DHS contends should not further be disclosed because to do so would endanger the safety and security of an institution, or of any persons, including present or former patients, inmates or staff.  If DHS determines that there are any documents containing such information, DHS may redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

4

of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is necessary for the conduct of this litigation, such documents will be expeditiously presented to the Court for in camera review to determine whether and to what extent they must be produced. Insofar as the court determines that any such information is subject to exclusion from production, the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the information to any person for any purpose.

11. Attorneys for plaintiffs and their legal assistants and consultants shall not make copies of the confidential material obtained by them except as necessary for purposes of this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom they have afforded access to confidential material. Upon order of the Court, DHS may inspect the record.

12. Each person who has been afforded access to confidential material shall not disclose or discuss the confidential material, including the identification, the location, or mental health status of a patient or inmate, to or with any person except as is necessary to this case, and then only in accordance with paragraphs 3 and 4 of this Order.

13. Confidential material respecting one patient or inmate shall not be disclosed to or discussed with any other patient or inmate or former patient or inmate.

14. Plaintiffs' counsel shall consult with a mental health professional to determine the necessity of having a mental health professional present at a file review conducted in the presence of a patient.

/////

/////

15.  If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

16.  The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants.  Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

17.  The provisions of this Protective Order are without prejudice to the right of any party:  (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

18.  The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED:  January 11, 2007.


UNITED STATES MAGISTRATE JUDGE

/coleman.modpo2

6

# APPENDIX B

1  BILL LOCKYER, Attorney General
   of the State of California
2  DAVID DRULINER, Chief
   Assistant Attorney General
3  PAUL GIFFORD, Senior
   Assistant Attorney General
4  MICHAEL G. LEE  (SBN 88956)
   Supervising Deputy Attorney  General
5  WILLIAM V. CASHDOLLAR (SBN 117482)
   Deputy Attorney General
6  1300 "I" Street, Suite 125
   Post Office Box 944255
7  Sacramento, California  94244-2550
   Telephone: (916) 327-5596
8

9  Attorneys for Defendants
   Gray Davis, Robert Presley, Cal Terhune,
10  Regina Stevens, James Nielsen, Carol
   J. Bentley, Thomas J. Gianquinto, John
11  W. Gillis, Manuel C. Guaderrama, Ron
   E. Koenig, Arthur F. Van Court, Michael
12  Connolly, Edward McNair

**FILED**

**JUL 1 1 2000**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

**LODGED**

14  **JUN 2 9 2000**

15  CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

16  JERRY VALDIVIA, ALFRED YANCY,
   and HOSSIE WELCH, et al.,

17      Plaintiffs,

18

19      v.

20  STATE OF CALIFORNIA, et al.,

21      Defendants.

No. CIV S 94-0671 LKK GGH

STIPULATED PROTECTIVE ORDER

22

23

24

25

26

27  519

28

1

1    This Stipulated Protective Order is entered into by and between Plaintiffs, on

2    their own behalf and on behalf of all persons similarly situated ("Plaintiffs") and

3    Defendants Gray Davis, et al. ("Defendants") (collectively, the "Parties"), by and through

4    their respective counsel of record.

5    The Parties agree, and the Court hereby orders, that the following provisions

6    shall apply to all inmate/parolee addresses, phone numbers and/or other personal

7    information released to Plaintiffs by Defendants.

8    1.    All identified information, made a subject of this stipulation, shall, as

9    to Plaintiffs, be regarded as confidential and subject to this protective order.[1]

10    2.    All inmate/parolee personal information (i.e., residential addresses,

11    residential phone numbers, or other such personal information), may be disclosed only to

12    the following persons:

13    a.    Plaintiff's Counsel of record;

14    b.    Plaintiff's Paralegal, stenographic, clerical and secretarial personnel

15    employed by counsel of record;

16    c.    Court personnel[2] and stenographic reporters engaged in such

17    proceedings that are incidental to preparation for the trial in this

18    action; and

19    d.    Any outside Plaintiffs' expert or consultant retained by Plaintiff.

20    3.    Each person, as above-described, to whom disclosure of this

21    information is made shall, prior to the time of disclosure, be provided with a copy of this

22    order and shall agree that they have read this order, understand and agree to be bound by its

23    provisions, and consent to be subject to the jurisdiction of the United States District Court

24    for the Eastern District of California with respect to any proceedings relating to the

25

26    [1]It is acknowledged and understood that such information is not confidential as to
Defendants, who supervise or who are otherwise responsible for knowing the whereabouts
27    of these parolees/inmates.

28    [2]Court personnel shall not be required to obtain a Court order to examine such
confidential information should it be filed with the Court.

2

1  enforcement of this order, including, without limitation, any contempt proceeding.

2      4.    At the conclusion of this litigation, all such information, including

3  copies, both hard copy and electronic, shall be destroyed by Plaintiffs or otherwise returned

4  to Defendants. Plaintiffs shall memorialize this fact by letter to Defendants' counsel.

5      5.    All such information shall be used solely in connection with this

6  litigation and not for any other purpose, including other litigation or interests.

7      6.    Any such information which is filed with the Court for whatever

8  purpose, shall be filed under seal, by placing the information in sealed envelopes bearing

9  the caption of this action and attaching a copy of the order permitting the documents to be

10  filed under seal pursuant to Eastern District Local Rule 39-138(b). The sealed envelope

11  should also bear the following legend: "CONFIDENTIAL. This envelope is sealed

12  pursuant to order of the Court, contains Confidential information, and is not to be opened

13  or the contents revealed except by order of the Court." Upon failure of the filing party to

14  file such information under seal, any Party may request that the Court place the information

15  under seal.

16      7.    Plaintiffs' counsel and their legal representatives, shall not make

17  copies of such information, except for purposes of this litigation.

18      8.    Plaintiffs' counsel and their representatives shall not reveal this

19  information in any manner to any parolee/inmate or to any other person actually or

20  ostensibly representing any interest of the parolee/inmate.

21      9.    Plaintiffs' counsel shall store this information in a secure location.

22      10.   Nothing in this order is intended to prevent officials or employees of

23  the State of California, or any other authorized government officials, from using this

24  information pursuant to their official duties.

25      11.   The provisions of this Order are without prejudice to the right of any

26  Party to: (1) apply to the Court for a further protective order relating to such information; or

27  (2) to apply to the Court for an order modifying this order, or for any order related to such

28  information.

12. Nothing herein shall obligate Defendants to release personal

information of inmates or parolees who are not class members.

13. This Stipulated Protective Order shall be binding on the Parties as of

the date it is fully executed, regardless of whether or not it has been entered by the Court as

of that time. The provisions of this Order shall remain in full force and effect until further

order of the Court.

IT IS SO STIPULATED.

DATED: June 29, 2000

Respectfully submitted,

BILL LOCKYER, Attorney General
  of the State of California
DAVID DRULINER, Chief
  Assistant Attorney General
PAUL D. GIFFORD, Senior
  Assistant Attorney General
MICHAEL G. LEE, Supervising Deputy
  Attorney General

WILLIAM V. CASHDOLLAR
Deputy Attorney General

Attorneys for Defendants

DATED: June 29, 2000.

McCutchen, Doyle, Brown & Enersen LLP

By: _____
Karen Kennard        Jennifer Jorak
Attorneys for Plaintiffs

IT IS SO ORDERED.

DATED: June ___, 2000.

The Honorable Lawrence K. Karlton
United States District Judge

28  C:\Data\CASES\CURRENT\CIRVAN\FINAL\Stipulation\Stipulation&Protective Order.wpd

4

## DECLARATION OF SERVICE

Case Name:   **JERRY VALDIVIA, et al. v. STATE OF CALIFORNIA, et al.**

Court No.:   **USDC-ED, CIV S-94-0671 LKK GGH P**

I declare:

I am employed in the County of Sacramento, California.  I am 18 years of age or older and not a party to the within entitled cause; my business address is 1300 I Street, P.O. Box 944255, Sacramento, California 94244-2550.

On **June 29, 2000,** I served the attached:

### STIPULATED PROTECTIVE ORDER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 29, 2000,** at Sacramento, California.

   T. COOPER   

                           Signature

**JERRY VALDIVIA, et al. v. STATE OF CALIFORNIA, et al.**
**USDC-ED, CIV S-94-0671 LKK GGH P**

## ATTACHMENT
## TO
## DECLARATION OF SERVICE

STEPHEN J. PERRELLO, JR., ESQ.
LAW OFFICES OF STEPHEN J. PERRELLO
POST OFFICE BOX 880738
SAN DIEGO, CA 92168

ALEXANDER L. LANDON, ESQ.
LAW OFFICES OF ALEXANDER LANDON
2442 FOURTH AVENUE
SAN DIEGO, CA 92101

KAREN KENNARD, ESQ.
McCUTCHEN, DOYLE, BROWN & ENERSEN
THREE EMBARCADERO CENTER, SUITE 1800
SAN FRANCISCO, CA 94111

MICHAEL W. BIEN, ESQ.
ROSEN, BIEN & ASARO
155 MONTGOMERY STREET, EIGHTH FLOOR
SAN FRANCISCO, CA 94104

DONALD SPECTER, ESQ.
PRISON LAW OFFICE
GENERAL DELIVERY
SAN QUENTIN, CA 94964

United States District Court
for the
Eastern District of California
July 11, 2000


\* \* CERTIFICATE OF SERVICE \* \*


2:94-cv-00671


Valdivias

   v.

Wilson et al

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  July 11, 2000, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


     William Vernon Cashdollar        SJ/LKK
     Attorney General's Office of the State of California
     PO Box 944255
     1300 I Street
     Suite 125
     Sacramento, CA  94244-2550

     Stephen J Perrello Jr
     Law Office of Stephen J Perrello
     P O Box 880738
     San Diego, CA  92168

     Alexander L Landon
     Law Offices of Alex Landon
     2442 Fourth Avenue
     San Diego, CA  92101

     Karen Kennard
     McCutchen Doyle Brown and Enersen
     Three Embarcadero Center
     Suite 1800
     San Francisco, CA  94111

     Michael W Bien
     Rosen Bien and Asaro
     155 Montgomery Street

Eighth Floor
San Francisco, CA  94104

Donald Specter
Prison Law Office
General Delivery
San Quentin, CA  94964

                                        Jack L. Wagner, Clerk

                                    BY: _____
                                        Deputy Clerk