JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Law Enforcement
Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT**<br><br>[F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]<br><br>**POSITION STATEMENT OF LAW ENFORCEMENT INTERVENORS** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

-1-
**POSITION STATEMENT OF LAW ENFORCEMENT INTERVENORS**

1   TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

2   The sixty seven Sheriffs, Chief Probation Officers and Police Chiefs known in this action as the "Law Enforcement Intervenors" submit the following brief statement of position regarding the Settlement Referee's Settlement Proposal.

The Law Enforcement Intervenors intervened in this action in order to fully participate in issues raised by such a proceeding, whether a constitutional violation is primarily caused by overcrowding, what alternatives there are to a prison release order, the impacts of a prison release order on the community, and ultimately, whether such a release order should be issued and its scope.  The Law Enforcement Intervenors also sought to participate fully in the litigation so that they could meaningfully participate in the settlement discussions involving all parties.  Regrettably, those discussions have not come to fruition.

These Intervenors agree with others that as yet, the Federal Three-Judge Court has made no determination as to: (1) whether prison overcrowding is the primary cause of inadequate inmate medical and mental healthcare; and (2) in the event that overcrowding is determined to be the primary cause, whether there is any less intrusive remedy than early release of inmates or the imposition of an inmate population cap to improve inmate medical and mental healthcare.

Following several months of work with the parties to the litigation, Settlement Referee Justice Elwood Lui (ret.) and Settlement Consultant Justice Peter Siggins presented the parties with a Proposed Settlement, dated June 2, 2008, and made public by order of the Three-Judge Court.  As noted by the Settlement Referee in his report, this group of Intervenors were strongly supportive of the many of the proposals, and underlying goals, of the Proposed Settlement.  The Law Enforcement Intervenors did not agree with each component of the Proposed Settlement as last circulated, but very much appreciate having the opportunity to work with the Referee and Consultant, to share their concerns and to participate in articulating and fleshing out proposed solutions.

-2-
**POSITION STATEMENT OF LAW ENFORCEMENT INTERVENORS**

The Law Enforcement Intervenors wish to provide to the Court slightly more detail regarding their positions on some of the key points in the Referee's Settlement Proposal. Specifically, as noted, the Law Enforcement Intervenors could not support the concept of Summary Parole since it appears to be simply another name for early release, which does not serve either the community or the convicted felon by giving that person the supervision or programming he or she needs to become a productive citizen and avoid reincarceration. In order to reduce recidivism, and hopefully ultimately result in population reduction without jeopardizing public safety, this group of Intervenors believes that better programming for existing probationers, adoption of an improved risk assessment tool, community re-entry programming for those scheduled to return shortly to their communities and improved parolee programming and supervision can achieve the same goals as a diversion program.

Respectfully submitted,

DATED:   June 26, 2008         JONES & MAYER


By: _____/s/_____
    Kimberly Hall Barlow
    Attorneys for Sheriff, Probation, Police
    Chief, and Corrections Intervenor-
    Defendants

**POSITION STATEMENT OF LAW ENFORCEMENT INTERVENORS**