EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 327-7872
  Fax: (916) 324-5205
  Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | 2:90-cv-00520 LKK JFM P <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** <br><br> Hearing:  July 25, 2008 <br> Time:  8:30 a.m. <br> Courtroom:  Four <br> Judge: The Honorable Lawrence K. Karlton |

I.

INTRODUCTION

Plaintiffs sought consolidation of the *Valdivia* and *Coleman* class actions must be denied. Plaintiffs assert this Court should find the provision of inpatient mental health services to parolees awaiting revocation hearings constitutes a common issue of fact or law permitting consolidation under Rule 42(a). However, the Plaintiffs do not represent the same classes in these two actions. Further, the Department of Mental Health (DMH) is responsible for the provision of inpatient mental health services only to those persons committed to its hospitals under certain statutes. Those *Valdivia* parolees awaiting parole revocation hearings do not fit

Oppo. Motion Consolidate

within any of the statutorily designated persons who can be committed to DMH's care and custody. Because of the distinct class memberships and parties to these two class actions, Plaintiffs' motion for consolidation should be denied.

## II.

## LEGAL STANDARD

**Consolidation Requires a Common Question of Law or Fact.**

The legal standard for determining a motion for consolidation requires a single element: a question of law or fact common to the cases. *Enterprise Bank v. Seattle* (8th Cir. 1994) 21 F.3d 233, 235. The court must state precise findings of the common questions of law or fact that support any consolidation. *In re Repetitive Stress Injury Litig.* 11 F.3d 368, 373 (2nd Cir. 1993).

## III.

## LEGAL ARGUMENT

**A.  The Motion for Consolidation Erroneously Assumes a Common Issue of Law Between the Two Cases.**

By this motion, Plaintiffs improperly stretch the class definitions and claims of both the *Valdivia* and *Coleman* class actions to support consolidation. In actuality, the claims and classes of these two cases are so distinct that the matter at issue -- the inpatient mental health care of parolees awaiting parole revocation hearings -- falls clearly outside the realm of the *Coleman* case.

The *Coleman* certified class consists of those "inmates with serious mental disorders confined within the California Department of Corrections." *Coleman v. Wilson*, 912 F.Supp. 1282, 1285 (E.D. Cal. 1995). The Defendants, the California Department of Corrections and Rehabilitation, the Department of Mental Health (DMH), the Department of Finance, and the Office of the Governor, are required by this Court's order awarding injunctive relief to provide constitutionally adequate mental health care to the certified class. The mental health care system, as expressed by the court-approved Revised Program Guide, provides mental health care for those inmates with serious mental disorders, not for those persons who are unable to

meaningfully participate in a hearing.

In contrast, the *Valdivia* action resulted in a stipulated consent decree requiring the provision of timely revocation hearings. Because DMH does not have any responsibility for parole revocation hearings, only CDCR and the Office of the Governor are named defendants in the action. The limited focus of this action is also evident in the discrete scope of the certified class:

    a. California parolees who are at large;

    b. California parolees who are in custody as alleged parole violators and who are awaiting revocation of their state parole;

    c. California parolees who are in custody, having been found in violation of parole and sentenced to prison custody.

(*Valdivia* Stipulated Order for Injunctive Relief, 3/9/04, ¶ 7.)

To obviate the distinct claims and class definitions of the two cases, Plaintiffs appear to assume that a parolee stands in the same legal stead as an inmate. The United States Supreme Court has ruled that a parolee has a liberty interest subject to due process protection. *Morrisey v. Brewer*, 408 U.S. 481 (1972). The *Valdivia* injunction itself provides only for a "hold" over the parolee of 35 days, not an indeterminate period of confinement. (*Valdivia* Stipulated Order for Injunctive Relief, 3/9/04, ¶ 9 (e).) The only overlap between the *Coleman* and *Valdivia* class definitions thus consists of those parolees falling within subpart (c) of the *Valdivia* class definition: those parolees who have been found both (1) in violation of parole and sentenced to prison custody and (2) to have a serious mental disorder qualifying them for *Coleman*-based care under the Revised Program Guide. Only this subgroup, those parolees who have been revoked and who have a serious mental disorder, are properly members of both the *Coleman* and *Valdivia* classes and able to seek relief on a common factual or legal issue from both courts.

Yet, it is the *Valdivia* parolees who are awaiting revocation and who thus are not *Coleman* class members that seek consolidation on the issue of inpatient care for their needs. To the extent those parolees awaiting revocation are not *Coleman* class members, then this request for consolidation of the two cases on the limited issue of providing inpatient mental health

Oppo. Motion Consolidate

3

services to such parolees must be denied. To the extent the parolees awaiting revocation are seeking care to restore their competency for revocation hearings, the request for consolidation must be denied because the *Coleman*-based mental health services delivery system does not and, under its legal framework, need not provide competency care to non-class members and so no common issue of fact or law exists.

**B.     DMH Cannot Treat Those Parolees Awaiting Revocation Without Falling Afoul of State Law.**

DMH has a statutory mission to treat only certain individuals. Persons are committed to the state hospitals by the courts under specific state statutes. The California Penal Code provides for the commitment of individuals found incompetent to stand trial, determined to be mentally disordered offenders, and determined to be not guilty by reason of insanity. Cal. Penal Code §§ 1370, 2962, 1026. The California Welfare and Institutions Code mandates the commitment of individuals who are found to be sexually violent predators. Cal. Welf. & Inst. Code § 6600. Individuals whose mental illness renders them dangerous to themselves or others must also be committed to the state hospital. *Id.* at § 5358. The California Penal Code permits the transfer of CDCR inmates to DMH for inpatient care, with consent or a proper *Vitek* hearing. Cal. Penal Code § 2684. In essence, DMH cannot refuse or decline to admit patients sent to state hospitals by state courts under these statutory provisions.

No statute provides for DMH to admit parolees awaiting their revocation hearings. Indeed, the *Valdivia* injunction itself limits the CDCR's custody over these parole violators to a "parole hold", with no expression of custody for the purpose of providing mental health care. (*Valdivia* Stipulated Order for Injunctive Relief, 3/9/04, ¶ 9 (e).) Given there is no statute or court order providing a cognizable basis for holding and treating a parole violator in a mental health hospital, DMH must abide by the state law prohibition against involuntary mental health treatment. Cal. Welf. & Inst. Code § 5000. There can be no common issue of fact or law when there is no legal basis for DMH to provide the inpatient services apparently sought by parolees awaiting revocation.

//

## IV.

## CONCLUSION

Defendants respectfully request this Court deny Plaintiffs' motion to consolidate. Plaintiffs' attempt to consolidate these two cases impermissibly blurs the distinct class certification orders, claims, and judgments in these matters. Because DMH must comply with state law prohibitions against the involuntary mental health treatment in state hospitals, any consolidation of these two cases will not afford any relief to those *Valdivia* parolees awaiting revocation hearings who desire inpatient mental health services at a state hospital. The motion must be denied because no common issue of fact or law exists between these two cases.

Dated: July 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

10446925.wpd
CF1997CS0003

Oppo. Motion Consolidate