EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
CHARLES J. ANTONEN, State Bar No. 221207
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 327-7872
  Fax: (916) 324-5205
  Email: Lisa.Tillman@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO.: 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FOURTH QUARTER 2007 ATTORNEY FEES**<br><br>Date: July 24, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 8<br>Judge: Hon. John F. Moulds |

Defs.' Opp. to Plfs.' Mot. Compel Fees

1

# I.

# INTRODUCTION

This is the second motion to compel filed by Plaintiffs within the framework of the *Coleman* fee order to obtain fees generated in preparation for and during the course of the Three-Judge Panel proceeding. Plaintiffs previously brought a motion to compel such fees for the third quarter of 2007; the Court took that motion under submission. As articulated previously by Defendants, this Court does not have jurisdiction to grant Plaintiffs fees incurred during the course of the Three-Judge Panel proceeding. Further, Plaintiffs are not yet the prevailing party in the Three-Judge Panel proceeding and so cannot assert entitlement to these fees. For these reasons, this motion for fourth quarter 2007 fees, like the motion for third quarter 2007 fees, should be denied. Moreover, in the interest of judicial economy, Defendants request the Court stay any future fee application from Plaintiffs pending the conclusion of the Three-Judge Panel proceeding.

# II.

# ARGUMENT

### A. This Court Lacks Jurisdiction to Determine Fees Incurred After the Three-Judge Panel Was Convened.

The proper forum for Plaintiffs' motion to seek their attorneys' fees for work incurred in preparation for and during the course of Three-Judge Panel proceeding is before the Three-Judge Panel itself. The Three-Judge Panel vested this Court with the limited authority to decide discovery disputes. Plaintiffs do not allege that the present motion is a discovery dispute. Moreover, Plaintiffs have not requested the Three-Judge Panel refer any motions for attorneys' fees to this Court. A court must have jurisdiction over the underlying action to award fees. *Zambrano v. I.N.S.*, 282 F.3d 1145, 1150 (9th Cir. 2002). Because this Court lacks jurisdiction to hear Plaintiffs' motion to compel fees, the motion to compel should be denied.

////

////

////

**B.    This Motion is Premature Because Plaintiffs Are Not the Prevailing Party in the Three-Judge Panel Proceeding.**

Plaintiffs do not contend that they are the prevailing party in the Three-Judge Panel proceeding. Unless and until Plaintiffs are determined to be the prevailing party in the Three-Judge Panel proceeding, the requested attorneys' fees and costs are premature.

Customarily, a motion for attorneys' fees must be filed within a certain time frame after entry of judgment and any post-trial motions are filed. Fed. R. Civ. P. 50(b), 52(b), 54(D)(2)(B), 59(b), 59(e). By requiring a post-judgment ruling on incurred attorneys' fees, the court hearing the fee motion benefits from evidence and argument on whether the submitted fee application is truly brought by a prevailing party who "obtained a judicially sanctioned change in the legal relationship of the parties." *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001).

Entitlement to the fourth quarter 2007 fees should be decided only after judgment is rendered on Plaintiffs' request for a prisoner release order. By complying with the statutory requirement for a hearing on motions for attorneys' fees after judgment, the Three-Judge Panel will benefit from evidence and argument on whether Plaintiffs' incurred fees were (A) "directly and reasonably incurred" in proving the elements necessary for a prisoner release order and (B) whether the amount of the fee is "proportionately related to the court ordered relief" or directly and reasonably incurred in enforcing the relief of a prisoner release order. 42 U.S.C. § 1997e(d)(1). Consequently, Plaintiffs' motion to compel is woefully premature.

**C.    In the Interest of Judicial Economy the Court Should Stay Any Future Attorneys' Fee Applications from Plaintiffs Relating to the Three-Judge Panel Proceeding.**

The present motion is Plaintiffs' second attempt to recoup fees incurred during the Three-Judge Panel proceeding. Plaintiffs' prior motion to compel the payment of attorney fees for third quarter 2007 was taken under submission by this Court in April 2008. (Pls.' Mot. to Compel 3:6-8.) To date, no decision on Plaintiffs' previous motion has issued. It is anticipated that Plaintiffs will continue to file quarterly motions to compel the payment of attorneys' fees incurred during the Three-Judge Panel proceeding. Such repeated filings will waste judicial

Defs.' Opp. to Plfs.' Mot. Compel Fees

3

resources and inflate Plaintiffs' fees-on-fees bills. Because Plaintiffs' request for attorneys' fees depends on the outcome of the Three-Judge Panel proceeding, Defendants request this Court enjoin Plaintiffs from filing motions for fees related to their work on the Three-Judge Panel proceeding until that panel issues a final order determining who is the prevailing party. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979) (stay upheld because findings of parallel proceeding may be of valuable assistance to the court in resolving the claims presented); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) (stay sustained where issues before parallel proceeding overlapped factually and legally).

## III.

## CONCLUSION

This Court should dismiss Plaintiffs' motion for want of jurisdiction because only the Three-Judge Panel has jurisdiction to determine entitlement to attorneys' fees related to the Three-Judge Panel proceeding. Moreover, even if this Court does possess jurisdiction, it should deny the motion as unripe and stay any future fee applications from Plaintiffs pending the conclusion of the Three-Judge Panel proceeding.

Dated: July 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

/s/ Charles J. Antonen
CHARLES J. ANTONEN
Deputy Attorney General
Attorneys for Defendants