| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>ALISON HARDY, Bar No. 135966<br>SARA NORMAN, Bar No. 189536<br>REBEKAH EVENSON, Bar No. 207825<br>E. IVAN TRUJILLO, Bar No. 228790<br>1917 Fifth Street<br>Berkeley, CA  94710<br>Telephone:  (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LORI RIFKIN, Bar No. 244081<br>LISA ELLS, Bar No. 243657<br>315 Montgomery Street, 10th Floor<br>San Francisco, California  94104<br>Telephone: (415) 433-6830 |
| KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>55 Second Street, Suite 1700<br>San Francisco, CA  94105-3493<br>Telephone:  (415) 882-8200 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California  94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br> vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.  Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br> vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br>**PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE**<br>Date: July 9, 2008<br>Place: Courtroom 26<br>Judge: Hon. John F. Moulds, Magistrate Judge |

## I. PROCEDURAL BACKGROUND

Plaintiffs are classes of state prisoners with serious medical needs (*Plata v. Schwarzenegger*) and serious mental illness (*Coleman v. Schwarzenegger*) (hereinafter "Plaintiffs"). On November 13, 2006, the Plaintiff classes separately filed motions in the Northern and Eastern Districts of California to convene a three-judge court to limit the prison population in the CDCR, pursuant to 28 U.S.C. § 2284 and 18 U.S.C. § 3626(a)(3). On July 23, 2007, the *Plata* and *Coleman* Courts separately granted Plaintiffs' motions and on July 26, 2007, the Chief Judge of the Ninth Circuit appointed a single three-judge court to consider Plaintiffs' requests in both cases for a prisoner release order, pursuant to 18 U.S.C. § 3626(a)(3). The two cases were consolidated for the limited purpose of proceedings before the three-judge court. 7/31/07 Order at 2:5-12, attached hereto as Exhibit A to Declaration of Alison Hardy In Support Of Joint Statement Regarding Discovery Dispute.

Trial in this action was initially set for February, 2008. In December, 2007, however, the three-judge Court vacated the trial date and stayed further discovery. After lifting the discovery stay as of April 30, 2008, the three-judge Court ordered an additional stay of discovery from May 30 to June 30, 2008. On July 2, 2008, the three-judge Court set the trial date for November 18, 2008.

## II. FACTUAL AND PROCEDURAL BACKGROUND REGARDING PLAINTIFFS' PRISON INSPECTIONS

In October, 2007, plaintiffs served their first notices for inspection of prisons, in which plaintiffs set forth that the experts would, during the inspections, confer with prison medical and custody staff as well as class members. Defendants objected to plaintiffs conferring with CDCR employees during the inspections, and sought a court order barring the plaintiffs' experts from doing so. 10/22/07 Joint Statement Regarding Discovery Disputes at 7-10, attached hereto as Exhibit B to Hardy Decl. The magistrate judge denied their request, ruling that plaintiffs would be permitted to confer with prison staff during the inspections, and that such communications were authorized by the federal rules governing discovery. 10/30/07 Order at 6:18-24, attached hereto as Exhibit C to Hardy Decl. The Order further noted that the Receiver also appeared at the hearing, representing that the Receiver must be present at any prison inspection at which medical records are reviewed, or medical staff are interviewed. *Id.* at 1. Neither party disputed the Receiver's position. *Id.*

-1-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

The parties appeared before the three-judge Court for a status conference on June 27, 2008. In the Joint Status Conference Statement, defendants argued that further site visits were unnecessary, and requested a protective order preventing plaintiffs from conducting any further visits. 6/9/08 Joint Status Conference Statement at 3:9-16, attached hereto as Exhibit D to Hardy Decl. At the status conference, plaintiffs' counsel stated that further prison tours would be unnecessary, provided defendants would not contend that the conditions at the prisons had changed in the period since November, 2007 when the plaintiffs' expert tours were conducted. Judge Karlton then asked defense counsel whether they would so stipulate, and defendants declined to do so. Declaration of Rebekah Evenson, at ¶ 2.

On July 2, 2008, the three-judge Court issued its Order for Pretrial Preparation, setting forth the trial date and the deadlines for the parties' pre-trial activities. Rejecting defendants' request for a protective order barring further site visits, the three-judge Court ordered that the parties may conduct site inspections through and including August 30, 2008. The parties are required to exchange expert reports on or before August 15, 2008, and rebuttal expert disclosures on or before August 27, 2008. The three-judge Court further ordered that no evidence of changed prison conditions after August 30, 2008 shall be admitted at trial. 7/02/08 Order at 3:5-8, attached hereto as Exhibit E to Hardy Decl.

## II.   CURRENT DISPUTE RE PLAINTIFFS' THIRD REQUEST FOR INSPECTION

Plaintiffs served the parties with Plaintiffs' Third Request for Inspection on June 30, 2008, the day the three-judge Court ordered that the discovery stay be lifted. Plaintiffs' Third Request for Inspection dated 6/30/08, attached hereto as Exhibit F to Hardy Decl. The Request lists five prisons to be visited by plaintiffs' expert Dr. Ronald Shansky during the week of July 14, 2008. *Id.* Plaintiffs provided a copy of the Plaintiffs' Third Request for Inspection to the Receiver on July 7, 2008. Hardy Decl. at ¶ 8.[1]

###   A.   Plaintiffs' Meet and Confer with Defendants

---

[1] *Plata* Plaintiffs are serving a Fourth Request for Inspection on the parties and the Receiver today for Expert Jeanne Woodford to inspect three additional prisons. *Coleman* plaintiffs served a Third Request for Inspection on the parties and the Receiver on July 2, 2008 for seven prisons. Neither the Receiver nor the defendants have objected to the *Coleman* inspections.

-2-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

1    On July 8, 2008, defendants contacted plaintiffs for the first time regarding the Third Request for Inspection. Defendants represented that plaintiffs could not tour during the prisons during the week of July 14, 2008 because (1) defendants did not have sufficient time to obtain gate clearances for the prisons to be visited; (2) plaintiffs had not provided defendants with 21 days notice of the tours, which, defendants assert, is required under the magistrate judge's October 30, 2007 order requiring discovery responses within twenty-one calendar days; (3) since the three-judge Court ordered that no evidence of changed prison conditions after August 30, 2008 shall be admitted at trial, plaintiffs should delay their tours until the end of August. Hardy Decl. at ¶ 9.

Plaintiffs explained that (1) plaintiffs' counsel have recently visited the prisons to be visited by the expert and had no problems being cleared at those institutions, and that Dr. Shansky, a former consultant for the CDCR should likewise not have problems with a security clearance; (2) that the magistrate judge's October 30, 2007 order regarding twenty-one day responses should not bar the inspections; and (3) delaying the prison visits until the end of August would make it impossible for Dr. Shansky to complete his supplemental expert report by the August 15, 2008 deadline, and in any case is not possible because, between now and the date the expert reports are due, Dr. Shansky is available to do expert tours only during the week of July 14, 2008. Hardy Decl. at ¶10. Defendants nevertheless maintained that plaintiffs would not be permitted to inspect the noticed prisons during the week of July 14, 2008.

### B.   Plaintiffs Meet and Confer with the Receiver

On July 8, 2008, plaintiffs also received a letter from the Receiver stating that the Receiver would be unable to accommodate the Inspection request. 7/8/08 Letter from Martin Dodd to Donald Specter et al. attached hereto as Exhibit G to Declaration of Alison Hardy In Support Of Joint Statement Regarding Discovery Dispute. The Receiver claims that (1) the three-judge Court has barred testimonial discovery from the Receiver and his staff and that informal interviews with the senior medical staff at the toured prisons constitute testimony; (2) discovery notices to defendants are not effective to require the Receiver to provide information; (3) a weeks notice of the tours was not sufficient; and (4) the Receiver permitted tours nine months ago. *Id.*

### III.   ARGUMENT

**A.     Defendants' Reasons for Opposing the Timing of the Tours Are Specious**

Defendants have asked plaintiffs to delay the prison inspections. Their three reasons cited for opposing the scheduling of plaintiffs' tours next week, *i.e.* insufficient time for obtaining gate clearances, a lack of 21 days notice for the tours, and the perceived need to schedule inspections on the last day on which the three-judge Court will admit evidence of changes, are specious. In light of the tightly orchestrated scheduling Order for Pre-trial Preparation issued by the three-judge Court on July 2, 2008, their position is obstructive and frivolous.

First, having received the notice eight days earlier, defendants asserted for the first time on Tuesday, July 8, without even asking who will be accompanying Dr. Shansky, that it will be impossible to obtain gate clearances at each of the five prisons within the time allotted. In fact, plaintiffs' counsel regularly schedule prison tours, for which gate clearances must be obtained, with just one week's notice or less to the prison. Hardy Decl. at ¶ 10. Indeed, plaintiffs' counsel have visited several of the prisons for which notice has been given within the last several months, and thus very likely still have valid gate clearances for those prisons. *Id.* Any concerns that defendants might express over their ability to clear Dr. Ronald Shansky would not be credible, as defendants employed Dr. Shansky for several years through 2006, during which period he had access to prisons throughout the state. Hardy Decl. at ¶ 11.

Second, defendants rely on the Magistrate Judge's October 30, 2007 for the proposition that plaintiffs should have provided twenty-one days notice for the inspections. The October 30 Order does state that "responses to any discovery requests served on or after October 25, 2007 shall be due twenty-one days from the date of service." Order at 7:14-14, Exh. C to Hardy Decl.

The order shortening time to twenty-one days came in response to plaintiffs request that certain written discovery responses be expedited, and in context, it is clear that the intent of the Magistrate Judge was to ensure that discovery responses were provided as quickly, in light of the early trial date. Most recently, the three-judge Court ordered that the twenty-one day rule for discovery responses would continue. 7/2/08 Order at 2:17-19, Exhibit E to Hardy Decl. Again, in the context of the latest order, which sets a rigorous pre-trial schedule, it is clear that the court intended the rule to expedite discovery. Defendants' attempts to use this order to delay necessary discovery that the three-judge

-4-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

Court has already ruled may proceed should be rejected. Plaintiffs respectfully request that this Court shorten time for plaintiffs' notice of inspection.

Third, defendants' claim that plaintiffs should delay their tours until the end of August, because the three-judge Court ordered that no evidence of changed prison conditions after August 30, 2008 shall be admitted at trial, is silly. The three-judge Court ordered the parties to submit their expert reports by August 15, 2008. Plaintiffs' expert must tour in advance of that date in order to have sufficient time to draft his report. Moreover, Dr. Shansky is a highly respected nationally-known correctional medical expert who has numerous consulting commitments around the country, in addition to his involvement as plaintiffs' expert in this action. Plaintiffs have explained to defendants that the only period that Dr. Shansky is available between now and the date the expert reports are due is the week of July 14, 2008. Hardy Decl. at ¶ 12.

**B.    Plaintiffs Are Entitled to Conduct Inspections Because the Three-Judge Court Has Already Ruled on this Matter, and Because the Inspections Are Authorized Under the *Plata* Stipulation and Fed. R. Civ. P. 34.**

The three-judge Court ordered that prison inspections may be conducted through August 30, 2008. The Receiver cites no authority that would permit him to flout the three-judge Court's explicit order on this issue. Additionally, plaintiffs have the right to conduct inspections, with experts, under the provisions of the *Plata* Stipulated Injunction (6/13/02 Stipulation for Injunctive Relief, attached hereto as Exhibit H to Hardy Decl.), as well as under Fed. R. Civ. P. 34. The Receiver's position that plaintiffs may not conduct prison inspections with Dr. Shansky is simply unsupportable.

**1.    *Plata* Stipulated Injunction Authorizes Tours With Experts**

Under the Stipulated Injunction, plaintiffs counsel *and their medical consultants* are entitled to tour CDCR prison facilities. (Emphasis added.) *Id.* at ¶ 12. During such tours, "[d]efendants shall make reasonable efforts to make available for interview departmental, custodial, clinical and program staff that have direct or indirect responsibility for providing medical services to class members." *Id.* at ¶13. Additionally, defendants must "direct institution staff to reasonably cooperate with plaintiffs' counsel and the experts in obtaining the necessary information." *Id.* The Receiver moved to modify the Stipulated Injunction to eliminate these provisions of the Stipulated Injunction in 2007. On

-5-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

September 6, 2007, the Court denied the Receiver's motion, thus the provision remains in force. (9/6/07 Order Re (1) Receivers' May 2007 Preliminary Plan of Action, and Motion for Order Modifying Stipulated Injunction and Orders Entered Herein, and (2) Plaintiffs' Motion for Order Directing Receiver to Comply with April 4, 2003 Order, Etc., at 16:25, attached hereto as Exhibit I to Hardy Decl.)

### 2. Court Orders Barring Depositions of the Receiver Do Not Bar Informal Interviews During Inspections

The Receiver asserts that the three-judge Court has issued "two orders that make it unmistakably clear that testimonial discovery from the Receiver and his staff will not be permitted in this matter," and that if plaintiffs were to interview medical staff at this prison, this would contravene the court's prohibition against testimonial discovery. Dodd Letter at 1, Exhibit G to Hardy Decl. The Receiver cites in support two orders from the three-judge Court, dated November 29, 2007 and June 5, 2008. *Id.* The orders cited, however, are far narrower than the Receiver would have this court believe. On November 29, the three-judge Court issued a protective order barring a "person most knowledgeable" deposition on a variety of expansive topics. The court found good cause to bar the deposition based on immunity. 11/29/07 Order at 2:11-14, attached hereto as Exhibit J to Hardy Decl. The court explained that the Receiver, an officer of the Court, had filed numerous reports in this action, that the reports speak for themselves, and that testimony about the reports would impermissibly intrude on the Receiver's mental processes. *Id.* at 3:20-28. The June 5 Order merely states that the Receiver is authorized to communicate with an advisory group formed to perform a detailed analysis of the operational capacity of each California prison, and that such participation could not be construed to permit a party to request "formal testimony" from the Receiver. 6/5/08 Order at 2:1-10, attached hereto as Exhibit K to Hardy Decl. This rationale for barring deposition of the Receiver, *i.e.*, protecting the mental processes of an officer of the court, cannot be stretched to bar plaintiffs' experts from conducting informal conversations with all medical staff charged with providing care to prisoners at individual prisons.

### 3. Informal Interviews Are Permitted Under Federal Rule of Civil Procedure 34

-6-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

1   Defendants attempted to prevent plaintiffs' counsel from conducting informal interviews with
2   prison staff before plaintiffs' first round of tours in October, 2007. Defendants argued that, under Fed.
3   R. Civ. Pro. 34, plaintiffs were permitted only to view the prison facilities, but not to speak to prison
4   staff. 10/22/07 Joint Statement Regarding Discovery Dispute at 8:25-28, Exhibit B to Hardy Decl.

5   Plaintiffs responded that prison inspections that include informal conferences with prison staff
6   fall squarely within Rule 34's ambit. In *Morales v. Turman*, 59 F.R.D. 157 (E.D. Tex. 1972), Plaintiffs
7   alleged systemic constitutional violations in Texas's juvenile detention facilities. Recognizing there, as
8   here, that "[w]hen important civil rights are in issue in complex litigation of widespread concern, a
9   court must make every effort to enhance the fact-finding process available to counsel for both sides,"
10  *id.* at 159, the *Morales* court found that Rule 34 authorized Plaintiffs' experts to not only speak
11  informally with juvenile inmates and staff on an unrestricted basis, but to actually live in two detention
12  centers for a period of thirty days in order to observe and document all aspects of the center's
13  operations "for the purpose of
14  determining the quality of life under the[] particular conditions of confinement," *id.* at 158-60.

15  Moreover, in other cases similar to the one at bar, courts have repeatedly held that such
16  communication is proper even outside the presence of Defendants' attorneys. *See, e.g.*, *N.Y. State*
17  *Ass'n for Retarded Children Inc. v. Carey*, 706 F.2d 956, 960-61 (2d Cir. 1983) (upholding district
18  court order permitting Plaintiffs' counsel and experts to interview institutional Defendants' employees
19  during tours while defense counsel was not present); *Lizotte v. N.Y.C. Health & Hosps. Corp.*, 1990
20  WL 267421, *5 (S.D.N.Y. Mar. 13, 1990) (holding that "plaintiffs' counsel and expert may
21  communicate with any staff member of the HHC psychiatric emergency rooms if that employee is
22  willing or desires to talk to them," and that defense counsel need not be present for such interviews).

23  As the *Morales* court recognized, in cases raising serious constitutional questions of great
24  public concern, "[t]he trial court's discretion must be guided by considerations of policy and of
25  necessity, propriety and expediency in the particular case at hand." 59 F.R.D. at 159 (internal quotation
26  marks omitted). Given the caselaw supporting broad access to institutional employees in similar cases,
27  Plaintiffs' modest request that their experts be permitted short, informal conversations with CDCR
28  employees in the presence of Defendants' attorneys and the Receiver's representative during the prison

-7-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

tours is the most expeditious method of ensuring that the expert reports are comprehensive and is amply supported by the caselaw.

Thus, in October, 2007, this court rejected defendants' argument, finding that plaintiffs' experts were entitled to confer informally with prison staff while conducting inspections, explaining:

> Rule 34, like the other rules relating to discovery, is to be liberally construed. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961). The proceedings before the three-judge court are directed to the impact of overcrowding on the delivery of constitutionally adequate medical and mental health care to inmates in California's prisons. *In the context of these proceedings, questions by experts directed to prison employees and to class members concerning those matters identified in plaintiffs' inspection requests are properly included as part of an inspection of "any operation" on the prison facilities to be inspected.*

(Emphasis added.) 10/30/07 Order at 3:8-15, Exhibit C to Hardy Decl. The Receiver's argument that plaintiffs should be barred from conducting interviews with medical staff is no more valid now than when it was advanced by defendants. The rules of discovery permit the inspection and the interviews.

### 4. Receiver Fails to Persuade that He Received Insufficient Notice

The Receiver objects that a week's notice of the tours is insufficient, yet fails to set forth how greater notice would change the burden on the prison staffs. The Receiver is charged with overseeing the medical care delivery system for prisoners at thirty-three prisons statewide. Plaintiffs' expert seeks to spend a single day each at five of those prisons on regular work days, during regular work hours, when medical staff are presumably on-site. 6/30/08 Plaintiffs' Third Notice of Inspection, Exhibit F to Hardy Decl. At each of the five prisons, plaintiffs request that the medical staff provide a list of patients who received medical care at hospitals or emergency rooms for a specified period. These types of lists are routinely provided to plaintiffs' counsel when they conduct prison visits, and plaintiffs' counsel can recall no instances when staff members have reported that producing such lists constituted an undue burden. Hardy Decl. at ¶ 11. The Receiver's claim that the one-day inspection of five out of thirty-three institutions is unreasonably disruptive to his medical program is simply not credible. Moreover, the three-judge Court's need for accurate information about the current medical care conditions within the prison system far outweigh any claim of momentary inconvenience put forth by the Receiver.

### 5. Tours Are Necessary Because Defendants Will Not Stipulate that Conditions are Unchanged Since Tours Nine Months Ago

The Receiver asserts that he fails to understand the purpose of these inspections and the need to involve local medical staff. Dodd Letter at 2, Exhibit G to Hardy Decl. The defendants raised a very similar argument in the parties' Joint Status Conference Statement. ("No further site inspections are necessary as all inspections were previously completed as to Phase I issues, and any inspection with regard to Phase II issues would be irrelevant." 6/9/08 Joint Status Conference Statement at 3:11-13, Exhibit D to Hardy Decl.) After ascertaining that defendants are not willing to stipulate that prison conditions remain unchanged since the last round of tours nine months ago, the three-judge Court ordered that site inspections may be conducted through August 30, 2008. Whether or not the Receiver understands the necessity for additional tours, the three-judge panel has made it clear that the inspections are appropriate.

>    6.    **Any Disruption to Prison Management During the Five Days of Tours is De Minimus, When Weighed Against Necessity for Obtaining Current Information Regarding Constitutional Violations**

Finally, the Receiver complains that the last time the parties toured, the Receiver did cooperate and the inspections were intrusive and disruptive, and that his staff "cannot be expected to continue to accommodate these burdensome inspections in the face of the many other competing, *and significantly more critical*, demands they must address each day. (Emphasis added.) Dodd letter at 2, Exhibit G to Hardy Decl.

The Receiver apparently misapprehends what is at stake. The *Plata* court ordered the convening of a three-judge Court to consider whether a prisoner release order is warranted. In doing so, the court determined that the record is "clear that the Receiver will be unable to eliminate the constitutional deficiencies at issue in this case in a reasonable amount of time unless something is done to address the crowded conditions in California's prisons." 7/23/07 Order Granting Plaintiffs' Motion to Convene Three-Judge Court at 10:11-14, attached hereto as Exhibit L to Hardy Decl. The three-judge Court must determine whether "crowding is the primary cause" of the deprivation of constitutionally adequate medical health care and that "no other relief will remedy" that deprivation. 18 U.S.C. § 3626(a)(3)(E). It is unfortunate that, during preparation for this trial, some medical staff members at five prisons will be inconvenienced for one day each. Nevertheless, the three-judge Court

-9-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE   PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

1  must have an accurate record from which to determine whether a population cap is necessary to reduce
2  the ongoing pain and suffering caused by the constitutionally inadequate medical care provided to the
3  plaintiff class.  Any inconvenience caused by the brief visits by plaintiffs' experts is far outweighed by
4  the value of accurate and current information regarding the prisons' medical care delivery systems.

5  Date:  _____

7                                      Respectfully submitted,

9                                       /s/ Alison Hardy
                                        Alison Hardy

-10-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE  PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]