PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
E. IVAN TRUJILLO, Bar No. 228790
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No.  Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br>**HARDY DECLARATION IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE**<br>Date: July 9, 2008<br>Place: Courtroom 26<br>Judge: Hon. John F. Moulds, Magistrate Judge |

I, Alison Hardy, declare as follows:

1. I am an attorney admitted to practice in this state and before this Court. I am a staff attorney at the Prison Law Office, and one of the attorneys for the plaintiff class in this action.

2. Attached hereto as **Exhibit A** is a true and correct copy of the July 31, 2007 order issued by the three-judge court ("the Court"). The Court consolidated *Plata v. Schwarzenegger* and *Coleman v. Schwarzenegger* for the limited purpose of proceedings before the three-judge court.

3. Attached hereto as **Exhibit B** is a true and correct copy of the October 22, 2007 Joint Statement Regarding Discovery disputes.

4. Attached hereto as **Exhibit C** is a true and correct copy of this Court's October 30, 2007 Order, in which defendants were ordered to permit plaintiffs' expert to informally interview prison staff during prison inspections.

5. Attached hereto as **Exhibit D** is a true and correct copy of June 9, 2008 Joint Status Conference Statement.

6. Attached hereto as **Exhibit E** is a true and correct copy of the three-judge Court's July 2, 2008 Order for Pre-trial Preparation.

7. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiffs' June 30, 2008 Third Request for Inspection. Plaintiffs served this Request on the parties on June 30, 2008, and provided a copy to the Receiver on July 7, 2008.

8. On July 8, 2008, defendants contacted plaintiffs for the first time regarding the Third Request for Inspection. Defendants represented that plaintiffs could not tour during the prisons during the week of July 14, 2008 because (1) defendants did not have sufficient time to obtain gate clearances for the prisons to be visited; (2) plaintiffs had not provided defendants with 21 days notice of the tours, which, defendants assert, is required under the magistrate judge's October 30, 2007 order requiring discovery responses within twenty-one calendar days; (3) since the three-judge Court ordered that no evidence of changed prison conditions

-1-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE HARDY DECLARATION IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

after August 30, 2008 shall be admitted at trial, plaintiffs should delay their tours until the end of August.

9. In response, plaintiffs explained that (1) plaintiffs' counsel have recently visited the prisons to be visited by the expert and had no problems being cleared at those institutions, and that Dr. Shansky, a former consultant for the CDCR should likewise not have problems with a security clearance; (2) that the magistrate judge's October 30, 2007 order regarding twenty-one day responses should not bar the inspections; and (3) delaying the prison visits until the end of August would make it impossible for Dr. Shansky to complete his supplemental expert report by the August 15, 2008 deadline, and in any case is not possible because, between now and the date the expert reports are due, Dr. Shansky is available to do expert tours only during the week of July 14, 2008. Defendants nevertheless maintained that plaintiffs would not be permitted to inspect the noticed prisons during the week of July 14, 2008.

10. Plaintiffs' counsel regularly schedule prison tours, for which gate clearances must be obtained, with just one week's notice or less to the prison. I have recently visited both North Kern State Prison and High Desert State Prison, and believe that my clearances for both institutions are still valid. Zoe Schonfeld, who would accompany the expert to California State Prison, Solano, recently visited that institution and likely has a continuing valid gate clearance for that prison.

11. When plaintiffs' counsel schedule prison tours in *Plata*, we frequently request lists of prisoners who have been treated in hospitals for a defined period. I do not recall being told that the generation of these lists is particularly burdensome.

12 . Dr. Ronald Shansky worked as a medical care consultant to the defendants through 2006. A nationally-known and highly respected correctional medical expert, Dr. Shansky informs me that he has consulting commitments in other jurisdictions, and the only time during which he can perform inspections on California prisons between now and August 15, 2008. Plaintiffs have explained this to defendants.

-2-
JUDGE: HON. JOHN F. MOULDS, MAGISTRATE JUDGE HARDY DECLARATION IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

13. Attached hereto as **Exhibit G** is a true and correct copy of Attorney for the Receiver Martin Dodd's July 8, 2008 letter to Donald Specter, Steven Fama and Alison Hardy stating that the Receiver cannot accommodate plaintiffs' inspections and that local medical staff will be instructed that they are not authorized to cooperate with or participate in plaintiffs' inspections.

14. Attached hereto as **Exhibit H** is a true and correct copy of the June 13, 2002 Stipulation for Injunctive Relief in this action.

15. Attached hereto as **Exhibit I** is a true and correct copy of the *Plata* Court's Order Re (1) Receivers' May 2007 Preliminary Plan of Action, and Motion for Order Modifying Stipulated Injunction and Orders Entered Herein, and (2) Plaintiffs' Motion for Order Directing Receiver to Comply with April 4, 2003 Order, Etc.

16. Attached hereto as **Exhibit J** is a true and correct copy of the three-judge Court's November 29, 2007 Protective Order barring the deposition of the Receiver.

17. Attached hereto as **Exhibit K** is a true and correct copy of June 5, 2008 Order regarding the communications of the Receiver and the *Coleman* Special Master with an advisory group formed to analyze the operational capacity of each California prison.

18. Attached hereto as **Exhibit L** is a true and correct copy of the *Plata* Court's Order Granting Plaintiffs' Motion to Convene Three-Judge Court.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed this ninth day of July 2008 in Berkeley, California.

    /s/ *Alison Hardy*
Alison Hardy