EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Acting Senior Assistant Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
kyle.lewis@doj.ca.gov
lisa.tillman@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AND THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DEFENDANTS' STATEMENT IN OPPOSITION TO PLAINTIFFS' THIRD AND FOURTH REQUESTS FOR INSPECTION** |

## I. INTRODUCTION

During the week of October 29, 2007 to November 2, 2007, the *Coleman* and *Plata* Plaintiffs conducted ten inspections at various California Department of Corrections and Rehabilitation (CDCR) institutions throughout the State. Given the tight schedule and number of institutions Plaintiffs wished to inspect, many inspections overlapped and took place on the same day. These inspections required a tremendous undertaking by Defendants' counsel, counsel at CDCR's Office of Legal Affairs, and most significantly, by the institutions including the wardens, associate wardens, chief deputy wardens, chief medical and mental health officers, directors of nursing, medical staff, administrative staff, and custodial staff. These inspections were conducted in addition to the routine tours that occur in both *Plata* and *Coleman* on a regular basis.

At the status conference held before the Three-Judge Court on June 27, 2008, counsel for Plaintiffs, Michael Bien, indicated his belief that evidence may have changed since the October/November site inspections, and that if Defendants would agree to stipulate that circumstances have not changed since those inspections, then Plaintiffs would not require additional site inspections. Because the Receiver and the Receiver's office and staff are in the best position to determine whether circumstances have changed at various institutions, Defendants explained that they were unable to enter into such a stipulation. The Three-Judge Court therefore issued an order permitting Plaintiffs to conduct additional site inspections through August 30, 2008. (July 2, 2008 Order at 3:5-8.) The Court further held that no evidence of changed circumstances after August 30, 2008 will be admissible at trial. (*Id.*) The Court's July 2, 2008 Order also clarified that the Magistrate Judge's October 30, 2007 order requiring discovery responses within twenty-one calendar days remains in effect. (*Id.* at 2:17-19.)

On July 1, 2008, before the Court's order permitting site inspections was issued, Defendants received *Plata* Plaintiffs' Third Request for Inspection by electronic mail. Defendants were not officially served with Plaintiffs' inspection request until July 2, 2008. *Plata* Plaintiffs' inspection request indicates Plaintiffs' intent to inspect five CDCR

- 2 -

institutions during the week of July 14-18, 2008. Defendants were provided with twelve days' notice of the first inspection, in violation of the Magistrate Judge's October 30, 2007 order permitting twenty-one days for discovery responses. Additionally, three of the institutions noticed for inspection were not originally inspected by Plaintiffs' counsel in October and November, despite Plaintiffs' counsel's representation to the Court that these additional inspections must be conducted to determine whether any *changed circumstances* exist at the institutions previously visited.

Further, the *Coleman* Plaintiffs' inspection request notices inspections at seven institutions; five of which were not previously inspected, and two of which are also noticed for separate inspection by *Plata* Plaintiffs on separate days. Thus, the *Plata* Plaintiffs intend to inspect North Kern State Prison on July 14, 2008, and the *Coleman* Plaintiffs noticed their inspection for North Kern State Prison on July 31, 2008. Similarly, the *Plata* Plaintiffs noticed their inspection of the Substance Abuse Treatment Facility on July 15, 2008, while the *Coleman* Plaintiffs noticed their inspection for that same institution only six days later, on July 21, 2008. Moreover, the *Plata* Plaintiffs' inspection notice indicated Plaintiffs' intent to inspect Pleasant Valley State Prison (PVSP) on July 16, 2007, however Plaintiffs are also currently scheduled to conduct a regular *Plata* tour at PVSP from July 15 to July 16, 2007. Thus Plaintiffs intend to have both an inspection and regular tour held concurrently at PVSP.

Additionally, today, Defendants received by electronic mail *Plata* Plaintiffs' Fourth Request for Inspection, notifying Defendants of three additional site inspections to occur on July 23, 2008, July 24, 2008, and August 5, 2008 at the Correctional Training Facility (CTF), California State Prison - Corcoran (Corcoran), and California State Prison - Lancaster (CSP-Lancaster), respectively. Only CSP-Lancaster was previously inspected by Plaintiffs' counsel during the October/November inspections, and again, Defendants were not afforded proper notice for the CTF and Corcoran inspections.

Moreover, given this Court's deadline of August 30, 2008, after which no new evidence of changed circumstances will be admissible at trial, it seems most prudent to

- 3 -

conduct inspections at a date closer to the August 30, 2008 cut-off. If the purpose of these inspections is truly to update the evidence gleaned from the October/November inspections, then it is unclear why Plaintiffs desire to conduct these inspections a month-and-a-half before the August 30, 2008 deadline regarding changed circumstances. Evidence from site inspections conducted during July 14-18, 2008 may be outdated by August 30, 2008, and Plaintiffs may again be faced with the same predicament they face now with their outdated evidence from the October/November site inspections.

Lastly, Defendants are unable to comply with Plaintiffs' inspection requests due to the undue burden these will place on the fifteen institutions currently slated for inspection. It takes a tremendous amount of coordination and planning to facilitate these inspections, given the number of participants who must attend. High-ranking medical staff and administrative staff are displaced from their daily duties as they make themselves available for questioning by Plaintiffs' counsel. Additional custodial staff must be available to escort the parties during the course of the inspection and to also escort any inmates that Plaintiffs' counsel wishes to speak with. Administrative staff must also work to obtain gate clearances for a number of individuals and to provide records, lists, and printouts that Plaintiffs seek in the course of their inspection. Additionally, Plaintiffs' inspection requests unfairly burden North Kern State Prison and the Substance Abuse Treatment Facility specifically, as these two prisons are currently scheduled to be inspected on different dates by *Plata* and *Coleman* counsel. Pleasant Valley State Prison is similarly unfairly burdened as the *Plata* Plaintiffs intend to conduct a regular *Plata* tour and an inspection at the facility simultaneously. The *Plata* and *Coleman* Plaintiffs' attempt to inspect fifteen prisons collectively presents an undue hardship to CDCR and an abuse of this Court's permission granting Plaintiffs the ability to inspect institutions for *changed circumstances*. Counsel for the Receiver has similarly indicated his belief that Plaintiffs' inspection requests are unduly burdensome on the Receiver's staff, and that the Receiver will likewise be unable to comply with Plaintiffs' request. Accordingly, Defendants request that this Court limit Plaintiffs' inspections to

- 4 -

1  only those institutions previously inspected by Plaintiffs' counsel in October and
2  November of 2007.  Defendants further request that Plaintiffs be required to comply with
3  this Court's October 30, 2007 order which affords the parties twenty-one days within
4  which to respond to discovery requests.  Lastly, Defendants request that *Plata* and
5  *Coleman* Plaintiffs' counsel be required to coordinate their inspections and tours of the
6  previously-inspected facilities such that no one institution is inspected and/or toured by
7  Plaintiffs' counsel for *Plata* and *Coleman* on different days.

8  **II.     ARGUMENT**

9          Plaintiffs' inspection requests place a tremendous burden and strain on CDCR's
10  limited resources.  With only twelve days' notice (including the July 4th holiday), *Plata*
11  Plaintiffs' counsel notified Defendants of their demand to inspect five facilities, interview
12  the staff at the prisons including the Warden, Associate Warden for Health Care, the
13  prison's highest ranking medical and mental health officers including the Chief Medical
14  Officer, Chief Physician and Surgeon, and Director of Nursing, confer with CDCR staff
15  including the correctional staff, administrative staff, and medical staff, and review various
16  class members' unit health records.  Further, Plaintiffs' inspection notice requires
17  Defendants to create a list of all class members at each institution who "were, during the
18  previous three months, treated as in-patients and discharged from an off-site hospital or
19  were treated at an off-site hospital Emergency Room," and request that the list state the
20  reason for the hospitalization or Emergency Room visit.  The inspection notice also
21  requires Defendants to make custody arrangements for Plaintiffs to confidentially
22  interview between five to ten as-yet-to-be-identified class members.  Plaintiffs state that
23  they will provide only three days' notice as to the identities of these five to ten class
24  members, and that these class members must be made available for interview
25  regardless of the short notice.
26          Arranging such inspections requires an enormous amount of coordination on the
27  part of the institution -- both in terms of logistics such as obtaining the gate clearances
28  for all Plaintiffs' counsel, Intervenors' counsel, Defendants' counsel, and Plaintiffs'

expert(s), as well as in terms of arranging for and paying additional custodial staff to provide escort during the day-long inspections.  Moreover, these inspections disrupt the daily functions of the institutions, and Plaintiffs make no attempt to minimize these disruptions by scheduling inspections at the same institutions on different days (North Kern State Prison and the Substance Abuse Treatment Facility, above), and by scheduling a regular *Plata* tour to occur on the same day as a *Plata* inspection (Pleasant Valley State Prison).

Additionally, Plaintiffs' various inspection requests are at odds with Plaintiffs' stated purpose for this round of inspections.  Plaintiffs' counsel informed the Three-Judge Court that these inspections were necessary given Defendants' counsel's inability to stipulate that improvements had not been made to the institutions that were previously inspected.  Because of Plaintiffs' counsel's representation to the Court, Plaintiffs were permitted the ability to re-inspect the institutions to ensure that their evidence was current.  However, Plaintiffs' requests for inspection take full advantage of the Court's order by noticing fifteen inspections (to date) at nine institutions that were not previously inspected.[1]

Most importantly, however, Plaintiffs fail provide Defendants with sufficient notice. Rule 34 of the Federal Rules of Civil Procedure afford the party to whom the inspection request is directed thirty days to respond after being served unless a shorter time has been ordered by the court.  Fed. R. Civ. P. 34(b)(2)(A).  Here, this Court has a standing order in effect which permits the parties twenty-one days' notice to respond to discovery requests.  (Oct. 30, 2007 Order.)  Rule 34 makes clear that discovery requests include requests for inspection, and permits the party in receipt of the inspection request time to object in writing.  *See also Peyton v. Burdick*, 2008 WL 880573 (E.D. Cal. 2008).  The Federal Rules anticipate a party's potential need to object to an inspection request, and

---

[1] The nine institutions not previously inspected are as follows: North Kern State Prison (to be inspected twice in both *Plata* and *Coleman*), the Substance Abuse Treatment Facility (also to be inspected twice), Pleasant Valley State Prison, the Correctional Training Facility, California State Prison - Corcoran, the Correctional Medical Facility, and California State Prison - Wasco.

- 6 -

1 further permit sufficient time within which to do so. And although this Court shortened
2 the time within which to respond to discovery, Plaintiffs nonetheless fail to provide even
3 the requisite twenty-one days' notice. Rather, Defendants were afforded twelve days'
4 notice, including the July 4th holiday, before the inspections are scheduled to occur.
5 Regardless of Plaintiffs' failure to comply with this Court's October 30, 2007 order,
6 Plaintiffs simply do not provide Defendants with adequate time to arrange for the noticed
7 inspections. Arrangements must be made at the institutional level and cannot be done
8 on such shortened notice.

9 It is not insignificant that counsel for the Receiver similarly advised Plaintiffs that
10 their request was inappropriate in that it seeks to circumvent standing court orders, is
11 "unduly disruptive," and is also burdensome "in the face of the many other competing,
12 and significantly more critical, demands" that the Receiver and his staff face on a daily
13 basis. (Letter from Martin Dodd to the Prison Law Office, dated July 8, 2008.) Given the
14 inadequacies of Plaintiffs' request and its burdensome nature, counsel for the Receiver
15 informed Plaintiffs that the Receiver's staff will be instructed that they are neither
16 authorized nor expected to cooperate or participate in Plaintiffs' inspections.

17 / / /
18 / / /

- 7 -

### III. CONCLUSION

Defendants do not dispute that Plaintiffs should be provided the opportunity to re-inspect those institutions previously inspected to determine whether there has been any change in circumstances. Defendants do not, however, believe that inspection for changed circumstances requires that Plaintiffs be permitted to tour institutions not previously inspected. Defendants further object to Plaintiffs' inadequate notice to the extent Defendants are not afforded twenty-one days to respond to Plaintiffs' requests. Defendants additionally object to Plaintiffs' request that Defendants compile a list of inmates who were treated at an off-site hospital or Emergency Room complete with the explanation for the treatment. This request is burdensome and is more properly brought as an interrogatory. Defendants therefore request that this Court require Plaintiffs to provide twenty-one days notice prior to any inspections, and that Plaintiffs be prohibited from inspecting institutions not previously inspected in October or November. Lastly, in an effort to minimize the immense burden and disruption to each institution, Defendants request that the inspections be coordinated such that no institution is noticed for inspection by *Plata* and *Coleman* Plaintiffs on separate days.

DATED: July 9, 2008                         HANSON BRIDGETT LLP

                                            By:   /s/ Paul Mello
                                            PAUL MELLO
                                            Attorneys for Defendants Arnold
                                            Schwarzenegger, et al.

DATED: July 9, 2008                         EDMUND G. BROWN JR.
                                            Attorney General for the State of California

                                            By:   /s/ Rochelle East
                                            ROCHELLE EAST
                                            Acting Senior Assistant Attorney General
                                            Attorneys for Defendants Arnold
                                            Schwarzenegger, et al.