FUTTERMAN & DUPREE LLP
MARTIN H. DODD (104363)
JAMIE L. DUPREE (158105)
160 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
martin@dfdlaw.com
jdupree@dfdlaw.com

Attorneys for Receiver
J. Clark Kelso

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATE DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    *Defendants*. | Case No. CIV S-90-0520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    *Defendants*. | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**RECEIVER'S STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Date:         July 10, 2007<br>Time:        11:00 a.m.<br>Courtroom:  12 |

      J. Clark Kelso, Receiver for the California Prison Medical System ("Receiver"), submits this Statement Regarding Discovery Dispute.

# PRELIMINARY STATEMENT[1]

Pursuant to the Order Appointing Receiver ("OAR"), entered in *Plata et al. v. Schwarzenegger et al.*, C01-1351 TEH (Northern District of California) ("*Plata*"), the Receiver exercises "all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the California prison medical health care system. The Secretary's exercise of the above powers is suspended for the duration of the Receivership." Exhibit A to Dodd Decl., p. 4. Among the powers conferred on the Receiver is the "power to hire, fire, suspend, supervise, promote, transfer [and] discipline" medical personnel. Id. As a result of the foregoing provisions, among others, all medical staff in the prisons report to the Receiver and are ultimately directed by the Receiver. They do not report to CDCR custodial staff. The Receiver is not, and never has been, a party to this three-judge Court proceeding.

In carrying out his duties, "the Receiver and his staff . . . have the status of officers and agents of [the Plata] Court, and as such shall be vested with the same immunities as vest with [the] Court." Id., p. 6. Thus, in two orders issued in this proceeding, the Court has prohibited efforts to take discovery from the Receiver on grounds of immunity. *See* Exhibits B and C to Dodd Decl. Nevertheless, the Receiver has cooperated with the parties when they have required information pertinent to discovery. Thus, the Receiver cooperated in the last round of plaintiffs' expert tours of the prisons in the Fall of 2007. Those inspections involved more than a dozen facilities throughout the State and required the Receiver, on extremely short notice, to direct representatives to attend such inspections, sometimes including visits to more than one prison in a single day.

On July 7, 2008, the Receiver received, via facsimile transmission, a copy of Plaintiffs' Third Request for Inspection ("Third Request") in *Plata*. The Third Request had not previously been served on the Receiver. It purports to schedule inspections at the following prisons on the following dates: North Kern State Prison (July 14); SATF (July 15); Pleasant Valley (July 16); CSP-Solano (July 17); High Desert (July 18). Among other things, the Third Request indicates

---

[1] The facts stated herein are based on the Declaration of Martin H. Dodd ("Dodd Decl."), filed herewith.

that plaintiffs' experts will "interview . . . the prison's highest ranking medical and mental health officers, including, when applicable, the Chief Medical Officer, Chief Physician & Surgeon and Director of Nursing; "will confer with . . . medical staff" and will seek to review unit health records for some unspecified number of unidentified patient inmates. There is no dispute that, pursuant to the OAR, the medical personnel at the prisons are neither controlled by, nor answerable to, the defendants. Instead, they report ultimately to the Receiver.

On July 8, 2008, the Receiver sent a letter to plaintiffs' counsel objecting to the Inspections on various grounds. *See* Exhibit D to Dodd Decl.

On July 9, 2008, the Receiver received, via facsimile transmission, a copy of Plaintiffs' Fourth Request for Inspection in *Plata;* the Receiver had previously received a copy of Plaintiffs' Fourth Request for Inspection in *Coleman et al. v. Schwarzenegger et al.*, Civ S 90-0520 LKK-JFM P, (Northern District of California) ("*Coleman*") (collectively "Fourth Requests"). The Fourth Requests purports to schedule inspections in *Plata* and *Coleman* at the following prisons on the following dates: California Substance Abuse Treatment Facility (July 21); California Correctional Institute (July 22); Correctional Training Facility (July 23); Corcoran State Prison (July 24); California State Prison, Los Angeles County, Lancaster (August 5); Salinas Valley State Prison (July 29); California Medical Facility (July 31); North Kern State Prison (July 31); and Mule Creek State Prison (August 1). Like the Third Request, the Fourth Requests call for prison inspections that will entail, in part, proposed interviews with the highest ranking medical officer at each prison including, when applicable, the Chief Medical Officer, Chief Physician and Surgeon or Director of Nursing and conferences with "medical staff."[2]

Plaintiffs already conduct tours, pursuant to prior orders in *Plata*, at every prison in the State, sometimes for as much as two days at each prison. As plaintiffs are acutely aware, the Receiver believes those tours are extremely burdensome, and require local medical staff to produces voluminous information about inmates and their medical care. One of these tours is scheduled for Pleasant Valley State Prison on July 15 and July 16, 2008. Despite these ongoing

---

[2] Plaintiffs state that the Receiver was served with a Third Inspection Request in *Coleman* on July 2, 2008. Not so. The Receiver has never seen it.

tours, plaintiffs have attempted to schedule yet more tours so that their experts can interview medical staff who report to the Receiver.

For the following reasons, the Receiver opposes the all of Plaintiffs' Requests for Inspection and respectfully requests that this Court not permit the inspections as proposed to proceed.

**ARGUMENT**

**A.  Testimonial Discovery Is Not Permitted From The Receiver And His Staff.**

The three-judge Court has issued two orders which make it abundantly clear that testimonial discovery from the Receiver and his staff will not be permitted in this matter. On November 29, 2007, this Court issued a protective order barring the deposition of the Receiver based on immunity. Exhibit B to Dodd Decl. p. 2:11-12. Further, the three-judge Court's June 5, 2008, Order specifically states that no party to these proceedings is permitted "to request formal testimony from the Receiver . . . or any of their staff members at any stage of these proceedings." Exhibit C to Dodd Decl. p. 2:6-10.

Notwithstanding the clear intent of the three-judge Court to preclude discovery from the Receiver and his staff, plaintiffs seek interviews with senior medical staff at the prisons, and seek to confer with medical staff generally. The purportedly informal "interviews" with the senior medical staff at each prison is effectively an end run on the prohibition against testimonial discovery. If formal discovery from the Receiver is not permitted, then surely plaintiffs should not be permitted to conduct informal discovery from the Receiver's staff that may form the basis for expert opinions.[3]

**B.  Discovery Served By Plaintiffs On The Receiver Is Not Effective As The Receiver Is Not A Party To This Action.**

Leaving aside the immunity of the Receiver and his staff, a close reading of Plaintiffs' Statement Regarding Discovery reveals a fundamental flaw in plaintiffs' reasoning. When arguing that the interviews are not only necessary, but effectively required, they repeatedly refer to "defendants" and "defendants'" discovery obligations. See Pltffs. Statement, pp. 7-8. The

---

[3] The plaintiffs can visit the prisons, but they should not be permitted to take discovery from the Receiver's staff.

short answer to this is that the Receiver is not a defendant in this or any other matter and has no discovery obligation to plaintiffs as a party. The Receiver is not a party to the three-judge Court proceeding and never has been. The local medical staff report to the Receiver – not to defendants. Accordingly, discovery served on the defendants is not effective to require the Receiver or his staff, including medical personnel, to provide the requested information or otherwise to respond to the discovery. Discovery directed at the defendants, and mailed to the Receiver as a non-party, is ineffective to compel the Receiver's compliance.

**C.   The Receiver Should Not Be Expected To Accommodate Plaintiffs' Burdensome Inspection Requests.**

   **1.   Plaintiffs have failed to justify the need interfere with the Receiver's staff.**

The Receiver complies with the many tours plaintiffs conduct pursuant to *Plata* compliance monitoring. Several months ago, Plaintiffs conducted quite a few (also hastily arranged) inspections by Plaintiffs' experts. The Receiver cooperated at that time, despite the fact that the inspections were intrusive, disruptive and required sending Receiver's representatives to prisons throughout the state, and sometimes to more than one prison in one day. The Receiver and his staff cannot be expected to continue to accommodate these burdensome inspections in the face of the many other competing, and significantly more critical, demands they must address each day. Plaintiffs may believe that the inspections are of supreme importance, but the Receiver and his staff have a job to do and that job is to bring the medical care system up to constitutional standards. They ought not be distracted from that job by depositions disguised as informal interviews.

   **2.   Even if the requested inspections are permitted, adequate notice must be provided to the Receiver.**

The Receiver first received the Inspection Request on July 7, 2008, barely a week before the inspections are scheduled to begin.[4] The proposed "interviews" of senior medical staff,

---

[4] Alison Hardy called counsel for the Receiver on July 7, 2008 to discuss this Inspection Request and acknowledged that the failure to serve the Receiver was "a fairly significant screw up" (or words to that effect). While the Receiver appreciates the recognition that the failure to provide adequate notice was unjustifiable, it does nothing to relieve the extreme and unnecessary burden on the local medical staff.

conferences with other medical staff on an ad hoc basis, and demands that staff locate and retrieve medical records for an unspecified number of inmates will interfere with the important work in which local medical staff are engaged on a daily basis. In addition to the ongoing delivery of care, the Receiver has commenced several initiatives to improve care at the local level, which initiatives are themselves making extraordinary demands on prison medical personnel. It will be unduly disruptive to conduct the proposed inspections, with their attendant demands on local medical staff, particularly on such short notice. Local medical staff cannot be expected to drop everything else that they are doing to comply with such improper discovery requests.

## CONCLUSION

For all the foregoing reasons, this Court should deny all of Plaintiffs' Requests for Inspection in both *Plata* and *Coleman*, at least insofar as they seek interviews or consultation with, or demands for assistance by, prison medical staff.

Dated: July 9, 2008                    FUTTERMAN & DUPREE LLP

                                       By: /s/ Martin H. Dodd
                                           Martin H. Dodd
                                           Attorneys for Receiver J. Clark Kelso

# CERTIFICATE OF SERVICE

The undersigned hereby certifies as follows:

I am an employee of the law firm of Futterman & Dupree LLP, 160 Sansome Street, 17th Floor, San Francisco, CA 94104. I am over the age of 18 and not a party to the within action.

I am readily familiar with the business practice of Futterman & Dupree, LLP for the collection and processing of correspondence.

On July 9, 2008, I served a copy of the following document(s):

**RECEIVER'S STATEMENT REGARDING DISCOVERY DISPUTE**

by placing true copies thereof enclosed in sealed envelopes, for collection and service pursuant to the ordinary business practice of this office in the manner and/or manners described below to each of the parties herein and addressed as follows:

___ BY FACSIMILE: I caused said document(s) to be transmitted to the telephone number(s) of the addressee(s) designated.

_X_ BY MAIL: I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated below. I am readily familiar with Futterman & Dupree's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

| | |
|---|---|
| Andrea Lynn Hoch<br>Benjamin T. Rice<br>Legal Affairs Secretary<br>Office of the Governor<br>Capitol Building<br>Sacramento, CA 95814 | Robin Dezember, Director (A)<br>Division of Correctional<br>Health Care Services<br>CDCR<br>P.O. Box 942883<br>Sacramento, CA 94283-0001 |
| Molly Arnold<br>Chief Counsel, Dept. of Finance<br>State Capitol, Room 1145<br>Sacramento, CA 95814 | Matthew J. Lopes<br>Pannone, Lopes & Devereaux, LLC<br>317 Iron Horse Way, Suite 301<br>Providence, RI 02908 |
| Warren C. (Curt) Stracener<br>Paul M. Starkey<br>Dana Brown<br>Labor Relations Counsel<br>Depart. of Personnel Admin. Legal Division<br>1515 "S" St., North Building, Ste. 400<br>Sacramento, CA 95814-7243 | Donald Currier<br>Alberto Roldan<br>Bruce Slavin<br>Legal Counsel<br>CDCR, Legal Division<br>P.O. Box 942883<br>Sacramento, CA 94283-0001 |
| Laurie Giberson<br>Staff Counsel<br>Department of General Services<br>707 Third St., 7th Fl., Ste. 7-330<br>West Sacramento, CA 95605 | David Shaw<br>Inspector General<br>Office of the Inspector General<br>P.O. Box 348780<br>Sacramento, CA 95834-8780 |

FUTTERMAN &
DUPREE LLP

RECEIVER'S STATEMENT RE DISCOVERY DISPUTE
C01-1351 TEH

| | |
|---|---|
| Donna Neville<br>Senior Staff Counsel<br>Bureau of State Audits<br>555 Capitol Mall, Suite 300<br>Sacramento, CA 95814 | Peter Mixon<br>Chief Counsel<br>California Public Employees Retirement System<br>400 Q Street, Lincoln Plaza<br>Sacramento, CA 95814 |
| Al Groh<br>Executive Director<br>UAPD<br>1330 Broadway Blvd., Ste. 730<br>Oakland, CA 94612 | Yvonne Walker<br>Vice President for Bargaining<br>SEIU Local 1000<br>1108 "O" Street<br>Sacramento, CA 95814 |
| Pam Manwiller<br>Director of State Programs<br>AFSME<br>555 Capitol Mall, Suite 1225<br>Sacramento, CA 95814 | Richard Tatum<br>CSSO State President<br>CSSO<br>1461 Ullrey Avenue<br>Escalon, CA 95320 |
| Tim Behrens<br>President<br>Association of California State Supervisors<br>1108 "O" Street<br>Sacramento, CA 95814 | Elise Rose<br>Counsel<br>State Personnel Board<br>801 Capitol Mall<br>Sacramento, CA 95814 |
| Professor Jay D. Shulman, DMD, MA, MSPH<br>9647 Hilldale Drive<br>Dallas, TX 75231 | Joseph D. Schalzo, DDS, CCHP<br>3785 N. 156th Lane<br>Goodyear, AZ 85395 |
| Stuart Drown<br>Executive Director<br>Little Hoover Commission<br>925 L Street, Suite 805<br>Sacramento, CA 95814 | John Chiang<br>Richard J. Chivaro<br>State Controller<br>300 Capitol Mall, Suite 518<br>Sacramento, CA 95814 |

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury, under the laws of the united State of America, that the above is true and correct.

Executed on July 9, 2008 at San Francisco, California.

_____
Lori Dotson