PRISON LAW OFFICE
DONALD SPECTER Bar No. 83925
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No. 096891
AMY WHELAN Bar No. 215675
ERNEST GALVAN Bar No. 196065
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.: Civ S 90-0520 LKK-JFM <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007** <br><br> Date: July 24, 2008 <br> Time: 11:00 a.m. <br> Place: Courtroom 26 <br> Judge: Honorable John F. Moulds |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FOURTH QUARTER OF 2007, NO.: CIV S 90-0520 LKK-JFM

[222342-3]

**INTRODUCTION**

Defendants continue to advance an unsupportable distinction between this Court and the three-judge panel it convened, and to argue that Plaintiffs must continually re-"prevail" in order to receive the fees and costs to which they are entitled by order of this Court. Plaintiffs have fully refuted these arguments in their last three briefs on the subject. *See* Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007, filed 3/10/08 (Docket No. 2708) ("Q3 Motion"); Plaintiffs' Reply In Support of Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007, filed 4/3/08 (Docket No. 2742) ("Q3 Reply"); Motion to Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007, filed 6/16/08 (Docket No. 2821) ("Q4 Motion").

The Court has already decided that the Plaintiff class is entitled to attorney's fees for work performed in connection with the overcrowding motion. *See* Findings and Recommendations, filed 9/11/07 (Docket No. 2397); Order, filed 10/5/07 (Docket No. 2451) (adopting Findings and Recommendations on *de novo* review). The *Coleman* class requires continued monitoring and enforcement by class counsel to enforce the remedy for the ongoing Constitutional violations. Defendants' repeated relitigation of this fees and costs issue threatens to obstruct enforcement of the *Coleman* remedy. By interfering with payment of the reasonable fees and costs incurred by Plaintiffs (not by choice, but as a necessary step to enforce the remedy granted by this Court), Defendants force counsel to expend substantial time and resources without compensation. Basic principles of attorneys' fees law have developed precisely to prevent defendants from exerting this kind of illegitimate economic pressure on prevailing plaintiffs.

Yet in their Opposition to Plaintiffs' Motion to Compel Fourth Quarter 2007 Attorney Fees (Docket No. 2865, filed 7/9/08) ("Defs' Opp."), Defendants ask this Court to impose an indefinite stay of the fees process "pending the conclusion of the Three-Judge Panel proceeding." Defs' Opp. at 2:12-13. The three-judge panel proceedings will continue, at a minimum, past the trial (which will not even begin until mid-November 2008), and through post-trial briefings and hearings. They will likely include appeals thereafter, and an ongoing

1  remedial process to address overcrowding. Imposing a stay for the entirety of that period
2  would undermine the remedy granted by this Court for CDCR's constitutional violations of
3  Plaintiffs' rights, and severely hamper class counsel's ability to enforce the remedy.
4        Far from serving "the interest of judicial economy," *id*. at 2:11, staying the process
5  established by this Court for payment of reasonable attorney's fees and unreimbursed costs
6  would subvert the remedies ordered by this Court. The Court should decline to allow such an
7  outcome, and should reaffirm both the process established for submission of Plaintiffs' fees
8  and costs, and its prior holdings that Plaintiffs may recover for their work litigating
9  overcrowding issues.

## ARGUMENT

### I. A Stay Is Unwarranted By Applicable Law, and Unsupported By Public Policy.

12        Defendants cite two inapposite cases in which the Ninth Circuit upheld stays under facts
13  that have nothing in common with the instant motion. Defs' Opp. at 4:4-9, *citing Leyva v.*
14  *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *Mediterranean*
15  *Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). *Levya* concerned a
16  stay in deference to arbitration under a collective bargaining arrangement. *Mediterranean*
17  *Enterprises* concerned a stay in deference to a contractual arbitration. Neither case had
18  anything to do with the awarding of civil rights attorney's fees for enforcement of a systemic
19  injunction.
20        Defendants' citation to these inapposite cases demonstrates the error of their assertion
21  that the three-judge panel is a "different forum," or a court of independent jurisdiction. As
22  Plaintiffs have previously established, the three-judge panel is nothing of the kind, but rather a
23  statutory mechanism for determining issues of enforcement of the Court's September 13, 1995
24  Order, and subsequent orders. *See, e.g.*, Q3 Reply, at 2:2-4:17; Q4 Motion, at 6:12-7:20.
25  Defendants have offered no opposition to the law or argument contained in these pleadings.
26        Defendants also fail to cite the applicable legal standard for a request to stay
27  proceedings before this Court. On a motion for stay, the proper test is to weigh the harms
28  faced by the stay applicant against the harms that a stay would impose on the opposing parties.

1  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also McKnight v.*
2  *Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (failure to weigh competing interests before
3  instituting stay of proceedings constitutes abuse of discretion).  "[T]he supplicant for a stay
4  must make out a clear case of hardship or inequity in being required to go forward, if there is
5  even a fair possibility that the stay for which he prays will work damage to someone else."
6  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  Among the competing interests
7  which the Court must weigh are: "the possible damage which may result from the granting of a
8  stay, the hardship or inequity which a party may suffer in being required to go forward, and the
9  orderly course of justice measured in terms of the simplifying or complicating of issues, proof,
10 and questions of law which could be expected to result from a stay."  *Lockyer*, 398 F.3d at
11 1110.

12     Here, the threatened harm is entirely to the Plaintiff class, on whose behalf the Court
13 has ordered systemic relief that includes monitoring and enforcement by class counsel.  This
14 harm – the withholding of funding for enforcement by class counsel – is, as noted, likely the
15 desired outcome for Defendants.

16     In the terms set forth by *Landis*: there is substantially more than a "fair possibility" that
17 the stay for which defendants pray will work damage to the Plaintiff class.  The expense of
18 "repeated filings" that Defendants complain of is entirely of their own making, due to their
19 continued interposition of baseless objections to work that this Court has already ruled to be
20 directly and necessarily performed to enforce the September 1995 Injunction.[1]

---

[1] Nor could a stay be expected to simplify issues, proof, [or] questions of law.  The sole legal issue raised by this motion – whether Plaintiffs' efforts to address overcrowding are compensable as measures reasonably undertaken to enforce the *Coleman* remedy – has been settled by the Court.  *See* Section II, below.  The Court can obviate the need for any further argument on the subject by simply reaffirming its prior rulings.  In place of this simple solution, Defendants propose a lengthy stay of proceedings, at the conclusion of which the Court would re-evaluate the degree to which Plaintiffs "prevailed," and establish a new fees process specifically tied to the issuance of any potential prisoner release order.  Such a course of events could only complicate the relevant issues, proof, and questions of law.

-3-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FOURTH QUARTER OF 2007  NO.: CIV S 90-0520 LKK-JFM

[222342-3]

1   Judicial economy is best served by resolution of the motions properly submitted within
2   the quarterly fees process established by this Court in its March 19, 1996 Order.  This process
3   has functioned smoothly to date, operating to protect Plaintiffs' ability to enforce the relief
4   ordered for the constitutional violation found in the District Court's September 13, 1995 Order,
5   and protecting Defendants from liability for any work that might be deemed duplicative,
6   excessive or inefficient.  *See* Findings and Recommendations, Docket No. 2397, at 4:19.  As
7   the Ninth Circuit has recognized, resolution of disputed matters via quarterly fee applications
8   properly enables "the court to control, on a current basis, the amount of fees being incurred by
9   one party at the expense of another."  *Keith v. Volpe*, 833 F.2d 850, 860 n. 6 (9th Cir. 1987).
10  Replacing this process with an indefinite stay would not promote, but substantially diminish,
11  judicial economy.

12  No stay of the proceedings is justified.

## II.     Defendants' Jurisdiction and "Prevailing Party" Arguments Are Still Meritless.

Besides the request to stay "any future fee applications from Plaintiffs," Defs' Opp. at 4:15, Defendants' Opposition contains little (if any) new material.  Defendants have not engaged with the law of three-judge panels cited by Plaintiffs, which provides that "[t]he court of three judges is not a different court from the District Court, but is the District Court composed of two additional judges sitting with the single District Judge[.]" *Jacobs v. Tawes*, 250 F.2d 611, 614 (4th Cir. 1957). *See also Hamilton v. Nakai*, 453 F.2d 152, 161 (9th Cir. 1972), *cert. denied*, 406 U.S. 945 (1972) (single district judge has jurisdiction over enforcement, where three-judge panel convened for entry of judgment), *citing Public Service Comm'n v. Brashear Freight Lines, Inc.,* 312 U.S. 621, 625, 61 S.Ct. 784 (1941) (assessment of damages and costs should be considered by district court in exercise of its ordinary jurisdiction, did not require the attention of the full three-judge court).

Nor have Defendants offered anything new in support of their request that the Court implement a piecemeal approach to the "prevailing party" determination, requiring that Plaintiffs show some new victory each time they seek reimbursement for the fees and costs they expend to enforce the relief ordered by the Court.  Neither the law of attorney's fees nor

-4-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FOURTH QUARTER OF 2007  NO.: CIV S 90-0520 LKK-JFM

[222342-3]

1   the well-established law of this case supports the enactment of such a cumbersome and
2   inequitable requirement. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (absent
3   unreasonably dilatory conduct by prevailing party, a ruling on entitlement "presumptively
4   encompasses all aspects of the civil action"); *Hasbrouk v. Texaco, Inc.,* 879 F.2d 632, 638 (9th
5   Cir. 1989) (all work undertaken to enforce compliance with the Court's order is compensable
6   if, "at the time rendered, [it] would have been undertaken by a reasonable and prudent lawyer
7   to advance or protect his client's interest"); Findings and Recommendations (Docket No. 2397)
8   at 4 ( "[P]laintiffs are entitled to fees and costs directly and reasonably incurred in enforcing
9   the relief ordered for the constitutional violation found in the district court's September 13,
10  1995 order"); *see also* Q3 Reply at 6:1-10:13.

11          Judge Alsup of the United States District Court for the Northern District of California
12  recently rejected CDCR's efforts to impose a re-prevailing requirement in prison litigation,
13  holding that plaintiffs who had obtained a favorable consent decree retained their "prevailing
14  party" status through all phases of the litigation, including efforts to defend against a
15  termination motion filed by the defendants. *See Lancaster v. Cate*, No. 3:79-cv-01630-WHA,
16  Docket No. 1555 (filed 7/14/08), attached hereto as **Appendix A**, pursuant to Local Rule 5-
17  133(i).  "'[W]ork done to defend a remedy for a constitutional violation is inextricably
18  intertwined with the litigation that yielded that remedy.  The fact that plaintiffs did not prevail
19  before the District Court in this phase of litigation does not deprive them of fees.'"  *Id*. at 7:1-
20  4, *quoting Cody v. Hillard*, 304 F.3d 767, 774-75 (8th Cir. 2002).

21          The Ninth Circuit has likewise considered, and specifically rejected, the contention that
22  prevailing plaintiffs must prove a constitutional violation every time they seek reasonable
23  attorneys' fees and costs for compliance work.  *Webb v. Ada County*, 285 F.3d 829, 834-835
24  (9th Cir. 2002).  This Court has found that "[d]efendants' argument that plaintiffs must
25  separately prove a violation of prisoners' rights in order to collect fees during the compliance
26  phase of this litigation [is] without merit,"  Findings and Recommendations (Docket No. 2397)
27  at 4, n. 2, and the Court adopted the Magistrate Judge's findings in full, following *de novo*
28

-5-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FOURTH QUARTER OF 2007  NO.: CIV S 90-0520 LKK-JFM

[222342-3]

1 review.  Docket No. 2451 at 2 (Magistrate Judge's "findings and recommendations [are] supported by the record and by proper analysis.").

### III. Defendants' Repeated Re-Litigation of These Issues Unduly Inflates Their Liability for Fees-on-Fees, and Imposes Undue Economic Hardship on Plaintiffs' Counsel.

Defendants' repeated assertion of the same rejected arguments requires Plaintiffs' counsel to perform additional work to prosecute these motions to compel fees.  This increases Defendants' liability to pay fees-on-fees.  It also imposes a hardship on Plaintiffs' counsel by increasing the amount of work that Plaintiffs' counsel must perform at the highly depressed PLRA rates.[2]  Plaintiffs' counsel is already bound by statute and case law to accept highly depressed rates for the merits work on behalf of the class.  Defendants' abuse of the fees process, by interposing the same meritless objections over and over again, inflates the amount of work necessary to collect these already depressed fees. This fees-on-fees work itself must be performed at the same inadequate PLRA-capped rates.  Anything that increases the amount of work Plaintiffs' counsel must perform to collect fees in the case increases the economic impact of the PLRA fees cap on Plaintiffs' counsel.  Courts have recognized that compensation for fees work is required in order to effectuate the purposes of civil rights laws:  "[U]nless the efforts of successful plaintiffs to obtain fees are includable in a fee award, the award will be subject to potential dilution from the necessary engagement in extensive and uncompensated litigation to defend it, thus undermining the incentive system established in the Act." *Bond v. Stanton*, 630 F.2d 1231, 1236 (7th Cir. 1980).  Defendants' tactic here of inflating fees-for-fees time dilutes civil rights attorney's fee compensation, increasing the overall amount of work that must be performed at depressed PLRA-capped rates.

---

[2] Plaintiffs' attorneys are compensated at PLRA rates for their work on this case, which are far below market value.  Pursuant to the PLRA, all of plaintiffs' attorneys are compensated at a rate of $169.50 per hour regardless of experience.  For instance, Michael Bien's 2007 hourly rate was $590, several hundred dollars more than his hourly rate in this case.  *See* Decl. of Amy Whelan in Support of Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs From the Fourth Quarter of 2007 (Docket No. 2823), ¶ 9.

-6-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FOURTH QUARTER OF 2007  NO.: CIV S 90-0520 LKK-JFM

[222342-3]

Granting Plaintiffs' outstanding motions to compel would prevent the accrual of additional "fees-for-fees" as feared by Defendants, and protect the Court's rulings that "the fees and costs incurred by plaintiffs in connection with their motion to convene a three-judge panel were directly and reasonably incurred in enforcing the relief ordered for the sweeping Eighth Amendment violation found in the district court's September 13, 1995 order." Docket No. 2397 at 6 (quotation omitted); Docket No. 2451 at 2 (findings adopted in full after de novo review).

## CONCLUSION

The Court has ruled that Plaintiffs are entitled to compensation for reasonable attorney's fees and unreimbursed costs incurred in enforcing the remedy ordered by the Court for constitutional violations in this case. The remedy for the *Coleman* class includes continued involvement by class counsel, made possible by the orderly compensation of reasonable fees and costs under a Periodic Fees Order. Defendants should not be permitted to take advantage of the three-judge panel proceeding to undermine the overall *Coleman* remedy.

This Court should reaffirm its earlier rulings, protect the integrity of the established fees process, and grant the prevailing party Plaintiffs their disputed attorney's fees and costs from the third and fourth quarters of 2007, as fees and costs reasonably incurred at the time they were rendered. Plaintiffs also restate their requests that the Court order the parties to complete a meet and confer regarding the amounts to be paid within 30 days of the Court's order, and that the Court issue an order reaffirming Plaintiffs' entitlement to reasonable attorney's fees and costs on the overcrowding matter moving forward.

Dated: July 17, 2008              **ROSEN, BIEN & GALVAN, LLP**

By: */s/*
Ernest Galvan
Attorneys for Plaintiffs

-7-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007  NO.: CIV S 90-0520 LKK-JFM

[222342-3]