PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
GEOFFREY THOMAS HOLTZ Bar No.: 191370
KRISTEN A. PALUMBO Bar No.: 215857
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
ERNEST GALVAN Bar No.: 196065
LORI RIFKIN Bar No.: 244081
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No.: 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM |
| JERRY VALDIVIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. Civ. S-94-0671 LKK/GGH<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION AND REQUEST FOR MODIFICATION OF PROTECTIVE ORDERS**<br><br>Hearing Date: July 25, 2008<br>Time:　　　　10:00 a.m.<br>Location:　　Courtroom 4<br>Judge:　　　Hon. Lawrence K. Karlton |

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

## INTRODUCTION

Plaintiffs seek to consolidate the cases for the limited purpose of deciding the common issue of inpatient psychiatric hospitalization for mentally ill individuals confined in CDCR prisons who are pending parole revocation. For purposes of this single motion, the common issues of law and fact are overwhelming, and involve identical parties – including overlapping class members – and the identical legal issue of whether Defendants may lawfully deny access to inpatient psychiatric hospitalization for these overlapping class members.

Moreover, the Court should grant Plaintiffs' motion to amend the protective orders. Defendants' characterization of Plaintiffs' request as a "sweeping" modification is inaccurate. Implementation of Plaintiffs' request for injunctive relief logically requires that the Special Master and the Court in *Valdivia* be able to examine *Coleman*-related documents, and vice versa. This modest, rational, necessary request should be granted.

## ARGUMENT

### I. The Motion to Consolidate Is Legally and Factually Supported and Should be Granted

#### A. Narrow Scope of What Plaintiffs Seek to Consolidate

Plaintiffs reiterate that they seek a consolidated hearing and order for the very limited purpose of deciding this single motion for injunctive relief requiring access to inpatient psychiatric care. The cases cited in Plaintiffs' opening papers establish that it is proper to join cases for the purpose of deciding a single motion or issue. In *Hollcroft v. Department of Treasury*, 687 F. Supp. 510, 511 (E.D. Cal. 1988), the court consolidated two cases for the purpose of deciding motions to dismiss, and in *Bella Lewitzky Dance Foundation v. Frohnmayer*, 754 F. Supp. 774, 775 (C.D. Cal. 1991), the court consolidated two cases for the purpose of deciding summary judgment motions. *See also* Fed. R. Civ. P. 42(a) (permitting joining of any or all issues in a case). Cases that are consolidated retain their own character as different cases and are not merged for all purposes. *See In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) ("Consolidation does not merge the suits into a single cause, or change the

1

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

rights of the parties . . . ." (internal quotation marks omitted)), *as amended*, 199 F.3d 158 (3d Cir. 2000) (adding unrelated footnote).

Therefore, this motion for consolidation is extremely limited in scope[1] and is brought for the sole purpose of obtaining a consistent, rational determination of the common issues of law and fact inherent in Plaintiffs' underlying motion for injunctive relief. This modest request is in the best interests of the Plaintiff class and also in the interest of judicial efficiency.

**B.     Common Issues of Law and Fact Abound**

Defendants contend that the subject matter of Plaintiffs' motion for injunctive relief "does not" involve "a common issue of fact or law that would permit consolidation." Defs.' *Valdivia* Opp. to Consolidation (*Valdivia* Docket No. 1462) at 2. The crux of Defendants' position appears to be that Defendants' proposal regarding mentally ill parolees "is still being actively negotiated with the assistance of the Mastership" and because, in Defendants' view, the "connection" between the cases is "virtually eliminated" because Defendants have offered a proposal whereby incompetent parolees undergo revocation hearings. *Id.* Defendants' observations have no bearing on the existence of common questions of law or fact. Defendants contend that the statement of the Special Master that "there is a need to house and treat parolees too mentally ill to participate in their hearings," "does not equate to a legal determination that there is a common question of law or fact." Defs.' *Valdivia* Consolidation Opp. at 2. Plaintiffs agree that the statement is not a "legal determination" regarding this commonality; rather, and more important, it is evidence probative of the existence of the common question of law or fact. This Court, not the Special Master, is being asked to make the legal determination.

The existence of a common issue of law or fact is sufficient to justify consolidation of two cases. For example, in *United States v. New York City Board of Education*, 448 F. Supp. 2d 397, 422 (E.D.N.Y. 2006), *as amended*, 487 F. Supp. 2d 220 (E.D.N.Y. 2007), the court

---

[1] Plaintiffs move for consolidation of this single issue, while reserving the right to move for consolidation of overlapping issues that arise in *Coleman*/*Valdivia* cases in the future. *See* Fed. R. Civ. P. 42(a)(1) (permitting the consolidation of "any or all matters at issue in the actions").

2

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

1  held that it was proper to consolidate two cases that both challenged the legality of the same
2  affirmative action policy.  In *Paxonet Communications, Inc. v. Transwitch Corp.*, 303 F. Supp.
3  2d 1027, 1029 (N.D. Cal. 2003), cited in Plaintiffs' opening papers, the court granted a party's
4  motion to consolidate two actions when both lawsuits required the court to construe the terms
5  and validity of three identical patents.  Even though not all issues between the cases were
6  identical, the common question of the three patents was sufficient to support consolidation.  *Id.*

7        Here, the motion Plaintiffs seek to consolidate involves the common legal issue of
8  whether Defendants' refusal to provide inpatient psychiatric hospitalization to mentally ill
9  individuals confined in CDCR prisons is unlawful.  *See* Plfs' Mem. Pts & Auth In Support of
10  Motion for Leave to File Consolidated Motion (*Coleman* Docket No. 2841) at 1-2; Plfs' Mem.
11  In Support of Motion for Injunctive Relief (*Coleman* Docket No. 2845) at 1-3.  Common
12  questions of fact abound, including whether there are clinical or legal reasons for Defendants'
13  failure to provide inpatient psychiatric care, and whether Mental Health Crisis Beds
14  ("MHCBs") and other CDCR services can provide equivalent treatment.  Common questions
15  of law include whether there is any basis in state law or constitutional law that justifies
16  Defendants' refusal to provide this treatment.  *See Coleman* Injunctive Relief Opp. (*Coleman*
17  Docket No. 2863) at 9-11.  If, for instance, the Court concludes there are no valid reasons for
18  Defendants to bar these individuals' access to DMH, this finding is relevant both to *Coleman*
19  (because it determines that type of mental health treatment available to inmates being held
20  pending revocation proceedings) and to *Valdivia* (because such treatment would be available to
21  meet the requirements of the Court's January 15, 2008 Order).

22        Despite their protestations to the contrary, Defense counsel themselves acknowledge the
23  overlap between the cases.  For example, in their opposition to the Motion for Injunctive
24  Relief, *Coleman* Defendants argue that relief should be postponed "[i]n deference to the
25  Special Masters' separate and joint work to address inpatient mental health care and prerelease
26  parole planning."  *See Coleman* Injunctive Relief Opp. at 8.  This statement of the Special
27  Masters' "separate and joint work" on the common issue of inpatient mental health care
28

3

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION
OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

essentially concedes the existence of a common question of law or fact.

Elsewhere in their opposition brief, Defense counsel for *Coleman* describe *Valdivia* Defendants' plan as a "plan to provide due process <u>and mental health care</u>" to parolees. *See Coleman* Injunctive Relief Opp. at 7:25 (emphasis added). Thus, Defendants themselves understand that the scope of the *Valdivia* case includes mental health care for parolees pending revocation incarcerated in CDCR institutions, which is also a *Coleman* issue. *See also* Reply Mem. In Support of Pls.' Mtn. for Injunctive Relief, filed herewith, at Section II(A) (demonstrating that, for purposes of *Coleman*, a parolee incarcerated in a CDCR institution is functionally an "inmate").

The identity of parties is also a factor that weighs in favor of consolidation; as one court held, "[a]ctions that involve the same parties are apt candidates for consolidation." *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007). In this instance, several of the same Defendants are involved, the same counsel are involved, the same Court is involved, and the issue affects an overlapping group of *Valdivia* and *Coleman* class members. *See* Pls.' Mem. In Support of Motion for Injunctive Relief at 5.

The language of Rule 42(a) requires merely the existence of "a common question of law or fact" between the cases. The Rule does not require complete identity of parties or even multiple common questions of law or fact. *Cf.* Fed. R. Civ. P. 23(a)(2) (requiring, *inter alia*, that there be "questions of law or fact common to the class" in order to meet the class certification requirements). In light of the numerous common questions here, as well as overlapping parties, the requirement of Rule 42(a) are amply satisfied.

### C. Interests of Efficiency and Consistency Support Plaintiffs' Motion for Consolidation

The Court may also consider whether consolidation furthers judicial convenience, and whether consolidating the matters would "expedite trial and eliminate unnecessary repetition and confusion." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). The record in the cases shows that it would "eliminate unnecessary repetition and confusion" for the Court to resolve the issue jointly in both cases. The harms to class members addressed

4

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

by this motion are in part the result of buck-passing between the *Coleman* and *Valdivia* cases. The record Plaintiffs have already filed with Plaintiffs' Motion for Injunctive Relief Requiring Timely Access to Inpatient Psychiatric Hospitalization demonstrates several examples:

- Defendants reported to the *Valdivia* Special Master in September 2007 that CDCR had overcome DMH's resistance to treating prisoners pending revocation proceedings, and that a new Memorandum of Understanding "has been updated to reflect the direction that parolees who are deemed unable to meaningfully participate in the revocation process are within the legal custody of CDCR and that DMH will accept such parolees for treatment, where possible, giving them the same priority/status as other CDCR inmates are given. The updated Memorandum of Understanding is currently being approved by all necessary parties." Galvan Decl. (Docket No. 2847-2) Exh. 4 at 70. This is Defendants' own assertion that a *Valdivia* due process requirement was being met through a change in a *Coleman* policy. Neither the *Coleman* nor *Valdivia* Defendants ever delivered on the promised removal of DMH resistance to accepting these patients, hence the need for this Motion.

- Defendants' response to inquiries regarding their compliance with the part of the *Valdivia* Court's order of January 15, 2008 that requires a plan to "expedite treatment," (Galvan Decl. (Docket No. 2847-2) Exh. 1 at 2:11), has been to pass the buck to *Coleman*. For example, at Exhibit 12 to the Galvan Decl. (Docket No. 2847-3), Defendants respond in writing to a query about compliance with the January 15, 2008 order with the flat and uninformative statement that "the adequacy of mental health treatment is a *Coleman* issue and not included in *Valdivia*."

Defendants have employed a similar strategy during the parties' meetings and negotiations regarding the issue posed in the Plaintiffs' Motion for Injunctive Relief. For example, during a *Coleman* "all-parties" meeting on March 11, 2008, when plaintiffs' counsel

5

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

asked about access to DMH for individuals in CDCR custody pending revocation, defendants' counsel deflected by saying the issue is for a *Valdivia* meeting. Reply Declaration of Lori Rifkin In Support of Pls.' Motions for Injunctive Relief & Leave to File Consolidated Motion ¶ 5. Now, *Valdivia* defendants state in their opposition to plaintiffs' motion that "mental health treatment for mental illness…is not properly a part of *Valdivia*" because *Valdivia* "concerns due process." *Valdivia* Defs.' Injunctive Opp. (Docket No. 1461) at 2:7-10.

As a final note, Plaintiffs call the Court's attention to the fact that Defendants burdened the Court with four separate opposition filings in connection with Plaintiffs' two motions. *See Valdivia* Docket 1461-62; *Coleman* Docket 2863-64. Only two filings were needed. *See* E.D. Cal. L.R. 78-230(c) (permitting one opposition to be filed per motion). Defendants' arbitrary decision to oppose each motion in both cases and burden the Court with duplicative and contradictory filings is an insult to judicial economy.

**D.    Issue of Parties' Consent is Inaccurate and Irrelevant**

"The consent of the parties is not required by [Rule 42(a)] to accomplish the consolidation." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (2008). "Rather, it is for the district court to weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." *Id.*

Defendants attempt to dispute Plaintiffs' statement that Defendants did not voice any opposition to joint filing during the meet and confer process. As explained above, consent of the parties is not required under Rule 42. Plaintiffs pointed out the absence of any objection by Defendants in their opening papers not because it is a legal prerequisite, but merely because they wished to call the Court's attention to the fact that Defense counsel had indeed been notified. *See* Declaration of Michael W. Bien In Support of Plaintiffs' Motion for Leave to File Consolidated Motion and Request for Modification of Protective Orders, *Valdivia* Docket 1453 ¶ 1; *Coleman* Docket 2843 ¶ 1.

Plaintiffs' counsel did, in fact, inform *Coleman* defense counsel of the nature of the

6

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

relief sought and that Plaintiffs would seek a July 25, 2008 hearing date, contrary to the assertion in Ms. Whitney's declaration. *See* Whitney Decl., *Valdivia* Docket No. 1462-2, ¶¶ 3-5. Plaintiffs' counsel informed Defendants' counsel for both cases *two months in advance of the hearing date* that Plaintiffs planned to notice the motion for July 25.[2] *See* Declaration of Ernest Galvan In Support of Plaintiffs' Motion for Injunctive Relief Requiring Timely Access to Inpatient Psychiatric Hospitalization, Ex. 15 (email chain notifying Ms. Tillman of planned hearing date).

Ms. Whitney's statement that "Mr. Galvan had not and <u>I am informed that he did not contact *Coleman* counsel</u> to confirm the amenability of the date we had agreed upon," Whitney Decl. ¶ 4 (*Valdivia* Docket No. 1462-2) (emphasis added), is misleading. The emails already filed with this Court as Exhibit 15 of the Galvan Declaration demonstrate that Plaintiffs provided notice of the hearing date and the issues approximately one month earlier than required by the Eastern District Local Rule. *See* E.D. Cal. L.R. 78-230 (requiring 28 days notice by personal service and 31 days by mail).

## II.  Plaintiffs' Request for Modification of the Protective Orders Should Be Granted

Plaintiffs seek a minor modification of the protective orders in both cases that would permit, for example, the *Valdivia* Special Master to review confidential documents from *Coleman* and vice versa. Plaintiffs do not ask for confidential documents to be made public, or for any other "broad sweeping modification and information sharing." *Cf. Valdivia* Opp. to Consolidation (Docket 1462) at 4. The two cases involve the same counsel, Court, and in this instance, an overlapping subset of the two classes, and hence much of the information between the cases is already shared. Plaintiffs' proposed modifications to the protective orders would further judicial efficiency by permitting the Court and the Special Masters to review

---

[2] With the moving papers, Plaintiffs filed as Exhibit 15 to the Declaration of Ernest Galvan (Docket 2847), an email string that starts on May 27, 2008, sent to both *Coleman* and *Valdivia* counsel for Defendants, informing that Plaintiffs intended to seek a July 25 hearing on the DMH access issue, and asking for a final meet and confer to determine whether such a motion was absolutely necessary.

7

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]

information pertaining to this issues affecting both the *Coleman* and *Valdivia* classes. The relevant test for modification of a protective order – "whether modifying the order will eliminate the potential for duplicative discovery," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (cited in *Coleman* Docket 2108 and 2833) – is satisfied here. The Special Master in *Valdivia* could seek to obtain through discovery documents relevant to *Valdivia* but which are covered by the *Coleman* protective order (such as psychiatric treatment for *Valdivia* class members awaiting revocation hearings), but such effort would be highly inefficient, as this information is already available through the *Coleman* case. Any information relevant to the both *Coleman* and *Valdivia* should be reviewable by either Special Master and made available to this Court without restriction. Plaintiffs seek to modify the protective orders for this limited, rational purpose.

Defendants in *Coleman* failed to raise any objection to the motion for modification of the protective orders (*see Coleman* Docket 2864). Thus, the only objection raised by Defendants is the *Valdivia* opposition (*see Valdivia* Docket 1462), which merely reiterates Defendants' position that there is no common issue of law or fact between the cases, and suggests that it there is no efficiency gained from the Special Masters in the cases being able to review information relevant to the overlapping subset of the classes. This contention is unsupported and illogical, as the very exhibits filed with Plaintiffs' opening papers contained information produced in both cases, which would not be reviewable by both Special Masters.

## CONCLUSION

For the reasons articulated above and in the interest of judicial efficiency, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file consolidated motion and for modification of protective orders.

Dated: July 18, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Michael W. Bien*
    Michael W. Bien
    Attorneys for Plaintiffs

8

REPLY MEM. ISO PLS.' MOT. FOR LEAVE TO FILE CONSOLIDATED MOTION & REQ. FOR MODIFICATION OF PROTECTIVE ORDERS - Case Nos. Civ S 90-0520 LKK-JFM; Civ S-94-0671 LKK/GGH

[222990-2]