MAINTAIN ON PAPER

1  David W. Wilson, K66474
2  CSP-LAC, A4-#102
3  44750 60th Street West
   Lancaster, CA 93536
4      Paralegal In Pro Per
5

**FILED**

JUL 21 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

6
7      IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9   RALPH COLEMAN,                    No. CIV-S-90-0520-LKK-JFM
10  DAVID W. WILSON,                  PLAINTIFFS NOTICE OF MOTION
11     Plaintiff on behalf of himself  AND MOTION FOR TEMPORARY
12     and others similarly situated,  RESTRAINING ORDER AND/OR
13   vs.                              PRELIMINARY INJUNCTION
14  GOVERNOR, ARNOLD SCHWARZENEGGER,
15  F.B. HAWS, Warden California State Prison   The Honorable John F. Moulds,
16  Los Angeles County, et al.,                  Magistrate Judge.
17     Defendants.

18     TO DEFENDANT'S SCHWARZENEGGER, HUBBARD, HAWS, and CSP-LAC.
19     PLEASE TAKE NOTICE in UNITED STATES DISTRICT COURT of
20  Federal Building, located 501 "I" Street, Sacramento, California 95814,
21  before the Honorable John F. Moulds, Magistrate Judge, on or about
22  August 6, 2008, or as soon as possible.
23        Plaintiff DAVID W. WILSON, will move the Court for Temporary
24  Restraining Order and/or Preliminary Injunction to remove Plaintiff and
25  Class inmate's from CSP-LAC Administrative Segregation due to imminent
26  danger of "Heat Conditions" and 'No' cooling measures 'given' ICE, IcE
27  Drinks, Rinse Off showers during Stage II "Heat" above 90 degrees in cells
   and 'not' Dayroom, and "Screen-mesh on Ventilation," violating 8th Amendment.

1  David W. Wilson, K66474
2  CSP-LAC, A4-#/02
3  44750 60th Street West
   Lancaster, CA 93536
4       Paralegal In Pro Per
5

6       IN THE UNITED STATES DISTRICT COURT
7       FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9  RALPH COLEMAN,                            /  No. CIV-S-90-0520-LKK-JFM
10 DAVID W. WILSON,                          /  PLAINTIFFS MOTION FOR
       Plaintiff on behalf of himself        /  TEMPORARY RESTRAINING ORDER
11     and others similarly situated,        /  AND OR PRELIMINARY INJUNCTION
12                                            /
13   vs.                                      /
14 GOVERNOR, ARNOLD SCHWARZENEGGER,          /  The Honorable John F. Moulds,
15 F.B. HAWS, Warden California State Prison /       Magistrate Judge.
16 Los Angeles County, et al.,               /
17       Defendants.                          /

18       Plaintiff, David W. Wilson, pursuant Local Rule 65-231(a) and(b)
19 request this Court to grant temporary restraining order and/or
20 preliminary injunction directing Defendant's schwarzenegger, Hubbard,
21 Haws, CSP-LAC to remove all inmates from Administrative Segregation Unit
22 A4, on "Heat effective medication" for Outdoor temperatures above 100 degrees
23 in Lancaster, Antelope Valley and in Ad-Seg Dayroom 75° to 85° degrees, Yet!
24 cell temperatures" above 90° degrees and "No" temperatures taken, Stage II
25 Heat Alert and "No" cooling measures given ICE, ICE Drinks, Showers to Rinse off,
26 and "screen-mesh on ventilation" impeding Air-circulation, and Air "cuts-off"
27 for hours causing Inmates on Heat medication to be dizzy, headaches, breathing
   Problems, Heat strokes, and only 3 fans work denying Air-to-Breath, 8th Amend. Relief.

2

1    Which the above is "Health Hazard" and until "Screen-mesh" removed

2    as ORDERED by Coleman Court U.S.E.D. No. CIV-S-90-0520-LKK-JFM,

3    June 9, 2005, as Plaintiff sought relief by Attorney's representing class of

4    Inmate's and through Court motions, and Plaintiff having filed Director's

5    appeal previous CSP-LAC for "Cooling measures" where Heat Conditions

6    were prevalent and 'cooling measures' denied and CSP-LAC not being,

7    designed for mentally impaired Inmate's has allowed "Heat Conditions"

8    to excerbate in Ad-Seg to where Plaintiff and Class are in "imminent

9    danger," meeting cruel and unusual punishment of Eighth Amendment

10    and is inhumane treatment of prisoner's, and relief must be granted.

11      This motion is based on records, documents, exhixibit's, as

12    just and right before this Court.

13    Dated; July 14, 2008,          Respectfully submitted

14

15                                   David N. Wilson

16

17

18

19

20

21

22

23

24

25

26

27

1  David W. Wilson, K66474
2  CSP-LAC, A4-#102
   44750 60th Street West
3  Lancaster, CA 93536
4       Paralegal In Pro Per
5

6       IN THE UNITED STATES DISTRICT COURT
7       FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9  RALPH COLEMAN,                    No. CIV-S-90-0520-LKK-JFM
10 DAVID W. WILSON,                  BRIEF IN SUPPORT OF
                                     PLAINTIFFS MOTION FOR
11     Plaintiff on behalf of himself    TEMPORARY RESTRAINING
12     and others similarly situated,    ORDER AND OR PRELIMINARY
                                     INJUNCTION
13     VS.

14 GOVERNOR, ARNOLD SCHWARZENEGGER,   The Honorable John F. Moulds,
15 F.B. HAWS, Warden California State Prison   Magistrate Judge.
16 Los Angeles County, et al.,
17     Defendants.

18              STATEMENT OF CASE

19     This motion seeks a Temporary Restraining Order and/or Preliminary
20 Injuction for Plaintiff WILSON and others similarly situated at
21 (CSP-LAC) California State Prison Los Angeles County (Ad-seg)
22 Administrative Segregation Unit A4, which houses mentally impaired
23 Inmate's who take psychological "Heat effective Medication" and are in
24 "Imminent Danger" for Health Hazard' as Inmate's who "died" do to
25 inadequate cooling measures 1991, of California Medical Facility
26 (CMF), resulting in Court U.S.E.D. Coleman, No. CIV-S-90-0520-LKK-
27 JFM, Plaintiff having been placed Ad-seg 2001, California Men's Colony
   East (CMC-E) over forced double celling and not receiving proper

1  Psychological threopy, and in Ad-Seg become aware "Metal screens" had
2  placed on Windows, Doors, Air- Vents Intake/Exhust" not there 1980
3  Plaintiff having lived CMC-E, and mental prisoner's were not receiving
4  "Cooling measures" and filed appeal, exhausted remedies and filed in
5  State Court all denied. Plaintiff was transferred CSP-LAC, 2002,
6  and filed "Group Class" appeal Given Ice on Heat Alert Days, or Ice
7  Chrono, allowed to Rinse off in shower, and CSP-LAC did not give Ice
8  Drink(s) as Other institutions, which appeal was denied Director's Level,
9  Yet! P. GRANTED 1st Level, 2nd Level, and LAC, failed to comply.
10  Plaintiff was transferred to two other prisons, back to CMC-E,
11  Ad-Seg 2004, and to (CMF) Vacaville November 2004, and filed
12  appeal screened/barred on Heat Conditions July 2005, after contacted
13  Coleman Attorney's to investigate, and after Ad-Seg 2006, resubmits to
14  Warden, Gov't Agencies, Media, "Group Class" appeal and Filed U.S.E.D.
15  Court WILSON v. CDCR, No. CIV-S-06-1391-FCD-EFB, and Coleman
16  Attorney's make aware Court ORDER remove Screen-mesh from Vents
17  Ad-Seg CDCR 2005, which Plaintiff filed 2007, July Restraining Order
18  for (CMF), and Motion Enforcement August 2007, Ad-Seg, and Plaintiff
19  transferred August 29, 2007, to CSP-LAC, in reprisal Court motions,
20  appeals "not" forced double celling unless proper psychological treatment,
21  or sent state Mental Hospital. Where once at CSP-LAC "error" plan
22  Conspiracy found "Point Score" and Plaintiff twice placed for transfer
23  back to CMF/CMC-E, Defendant's refuse transfer or Motions under
24  Coleman, for State Mental Hospital, and Plaintiff becomes aware of
25  food withheld, tampered with by other inmate's Over-Familiar with
26  staff who allow and more, Which Plaintiff is placed Ad-Seg April 2008,
27  as reprisal to appeals on Food Conditions, and become aware of inhumane
   conditions for "Heat Conditions" no cooling measures, imminent danger.

# STATEMENT OF FACTS

1  As set forth in detail in the Affidavit of David W. Wilson
2  attached, Defendant's deny Plaintiff WILSON and Other's adequate
3  protections from "Heat," weather element and "Cooling Measures" Fans,
4  ICE, ICE Drink(s), showers to Rinse off, for cells are over 90° degrees
5  Stage II Heat Alert and 'No' temperatues taken cells that are 8° degrees to
6  12° degrees Hotter than Day Room, with "Screen-mesh" on Air-Intake/
7  Exhust Vents impeding "Air-Circulation," causing "relative Humidity"
8  to be Hotter, and when Air-"cuts off" for hours and in totality is
9  Violation of state Law, and Eighth Amendment Cruel punishment and
10 evolving standards of human decency, which relief can be granted.

11  # ARGUMENT

12  I. PLAINTIFFS ARE ENTITLED TO TEMPORARY RESTRAINING
13     ORDERED DEFENDANTS INSTALL ICE MACHINE UNIT A4
14     AND GIVE ICE & ICE DRINKS, SHOWERS RINSE OFF, 12 FANS,
15     CELL TEPERATURES TAKEN, SCREENS OFF VENTS OR PRISONERS REMOVED

16  A litigant may be granted a temporary restraining order (TRO) by a
17  federal court upon a showing that the Plaintiff is in danger of
18  immediate and irreparable injury, that the adverse party will not
19  be substantially harmed if a TRO is granted, that the TRO is
20  consistent with the public interest, and that the plaintiff has a
21  likelihood of success in the lawsuit, Jones'El v. Berge, 164 F. Supp.
22  2d 1096 (W.D. Wis. 2001); Jones'El v. Berge, 374 F. 3d 541 (7th
23  Cir. 2004).

24      Plaintiffs are entitled to Temporary Order under these standards.

25  A. Irreparable Injury

26      In Gaston v. Coughlin, 249 F. 3d 156 (2d Cir. 2001) Windows Cold
27  Weather Attica prison, Eighth Amendment reinstated, Prison * Keys
    * 17 (1), * 1532, * 207 (1) Actual Knowledge; Reilly v. Grayson,

6

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)

OSP 98 10924

1 | 310 F. 3d 519 (6th Cir. 2002) Michigan Inmate, Air quality and temperature
2 | dangerous to health, second hand smoke; Toussaint v. McCarthy, 597
3 | F. Supp. at 1395-96, Constitutional rights don't come and go with
4 | Weather (N.D. Cal. 1984); Gates v. Deukmejian, CIV-S-87-1636-LKK-
5 | JFM; Coleman v. Schwarzenegger, supra, (Emphasis added).

B.    Some Evidence

7 | CSP-LAC's "HEAT PLAN," Exhibit H, H(1), Defendant's in violat-
8 | ion off, Exhibit I, "HEAT PLAN CARD" 'not' given Inmate's, or
9 | Exhibit J, "Form Inmate's sign of Understanding Heat Medication,"
10 | Exhibit K, weather schedule July 7, 8, 9, 10, 11, 100° degrees or above
11 | for June 17, 18, 19, 20, 21, "Air-cut off" six(6) hours 'No' cooling
12 | measures, Immient Denger, SEE Affidavit Exhibit L.

13 | In Hoptowit v. Ray, 682 F. 2d 1237 (9th Cir. 1982) conditions and
14 | "Ventilation in cells" did not meet public health standard, causing
15 | Health Hazard. Prison *Keys at 49. Federal Courts *855
16 | Conditions in isolation, segregation were intolerable, were not clearly
17 | erroneous, 51. Criminal Law *1213 inherent sanitary problems in
18 | isolation cells when doors and its windows closed were Constitutued
19 | cruel and unusual punishment, 52. Prisons *17 Prison officials may
20 | not deprive prisoners of basic necessities of life protected by Eighth
21 | Amendment by placing them in different froms of detention, since
22 | prison officials must provide all prisoners with food, clothing,
23 | Shelter, sanitation, medical care and personal safety;
24 | Jones'El v. Berge, 164 F. Supp. 2d 1096, Supra at Prison *Keys
25 | 1. Injunction *132,*147 a Preliminary Injunction is an extra-
26 | Ordinary and drastic remedy that should not be granted unless the
27 | movant carries the burden of persuasion by a clear showing,
   | 4. Sentencing and Punishment *1536 a prison official may be

COURT PAPER

1  he liable under Eighth Amendment for acting with "deliberate
2  indifference" to inmate health or safety only if he knows the inmate
3  face substantial risk by failing to take reasonable measures to
4  reduce that harm; plaintiff must show that the condition to which
5  they are subject are sufficiently serious (Objective component) and
6  that defendants are deliberate indifference to inmate' health or safety
7  (subjective Component), **5.** Sentencing and Punishment *1532
8  Conditions of confinement that deprive prisoners of the minimal
9  civilized measures of lifes necessities satisfy the objective
10 component of the Eighth Amendment inquiry, **6.** Sentencing and
11 Punishment *1547 Eighth Amendment protects the mental health of
12 prisoners no less than their physical health. U.S.C.A. Const. Amend. 8,
13 **7.** Civil Rights *268 credible evidence indicated that facility was not
14 appropriate for seriously mentally ill inmates because isolation
15 resulting from the physical layout,

16           California Penal Code §673. Cruel, Corporal or unusual
17           Punishments; treatment impairing health:

18 It shall be unlawful to use institutions, jails, state, county institutions
19 to inflict any cruel, corporal or unusual punishment, treatment, or allow
20 lack of care whatever which would injure or impair the health of prisoner,
21           California Penal Code § 7011. Environmental assessment study
22           acquistion of real property for prison facilities; approval of
23           study; inaction; public hearing; notice:
        (a) The Department of Corrections shall subit to the Joint Legislative
24 Prison Committee, . ., County Board of Supervisors, and State Public
25 Works Board, 30 days prior to acquistion of real property for a prison
26 facility, an assessment study, which shall include discussion of impacts,
27 mitigation measures, if necessary, following areas: (5) Air quality [.]

8

1  CSP-LAC has violated above and caused detriment to Plaintiff
2  Wilson and Others similarly situated for cooling measures during Hot
3  Days and Heat Alert, and "not designed Facility for mental prisoner's
4  On Heat effective Medication and effective Air quality, placing
5  Plaintiff, Others in "jeopardy and imminent danger."

6  **C. Absence of Harm to the Adverse Party**

7       The Defendants have no legitimate interest in denying Air-to-
8  Breath, cooling measures, "relief from Health Hazard," other then claimed
9  Weapons of mass destruction as safety & security, to contunie pain and
10  suffering to Plaintiff's as physical harm, emotional stress, mental anguish,
11  detriment, future detriment, as imminent danger, Thus, no harm.

12  **D. Public Interest**

13       The public Interest is best served when all persons, prisoners
14  enjoy "minial civilized measures of lifes necessities," Air-to-
15  Breath, relief from Heath Hazards, Jones'El v. Berge, 164 Prison Key
16  Injunction \* 138.1, at (1) more than a negligible chance of success of
17  their claim, (2) No adequate legal remedy and irreparable harm if denied
18  (3) the balance of hardship between plaintiff the defendants
19  adjusting the hardships for the proability of success on the merits
20  and (4) the public interest; SEE Casey v. Lewis, 518 U.S. 343, 135
21  L. Ed. 2d 606 S.ct. 2174 (1996) [Emphasis added].

22       **E.** Plaintiffs likelihood of winning a final judgment on the
23  "Heath Hazard," "Heat Conditions," "Air-quality," "Facility not designed
24  for Mental prisoner's on Heat Medication(s)," "Actual Knowledge," to
25  deliberate indifference, to cause detriment, imminent danger, is so
26  well established to be unquestionable, Jones'El v. Berge; Casey
27  v. Lewis, supra; SEE Laube v. Haley, 234 F. Supp. 2d 1227(M.D.
   Ala. 2002) Court determines heat inmates are exposed to Hot

9

1  temperatures, Prison defendants failed to respond to the heat.

2  **F.   Ineffective Assistance**

3  Plaintiff sent Coleman Attorney's letter 11-20-2003, with copy
4  of Director's appeal requesting Help! concerning cooling measures not
5  taken at CSP-LAC, and medication, Exhibit F(3), who responded at
6  Exhibit F(4), "only" to medication after dinner issue, and not issue
7  appeal, "Heat Conditions," which fell below objective standard, as in
8  Exhibit AS, requested inquiry improper "Group Therapy" response Exhibit
9  AS(1), generality, Yet! Affidavit inmate's prove issue, Exhibit AS(4)
10  as, Exhibit M, denial of Low Library, Library, Yet! bottom paragraph
11  speaks of "Heat Conditions" and why Motion needed including closing
12  CSP-LAC EOP.

13  In Strikland v. Washington, 466 U.S. 688(1984) the Court adopted
14  a two-part standard for evaluating claims of ineffective assistance of
15  Counsel. There citing McMann we reiterated that "[when] a convicted
16  defendant complains of ineffectiveness of counsel's assistance, the
17  defendant must show that counsel's representation fell below an
18  objective standard of reasonableness." 466 U.S. at 687-688. We also
19  held, however, that "[the] defendant must show that there is a reasonable
20  probability that, but Counsel's unprofessional errors the results of
21  the proceeding would have been different." Id., at 694.

22  Plaintiff states counsel's representation fell below objective standard
23  of reasonableness to let Defendant's continue to deny "Group Class" as
24  appeal denied "Cooling measures" and Air to breath by not taking action
25  in 2003, 2004, or by not "Enforcing" Court ORDER 2005, remove Screen-
26  Mesh on Air Ventilation" in Ad-Seg(S), as Plaintiff requested June 13,
27  2007, Exhibit W(A)3, at CMF, response W(A) 4, generality. Plaintiff
has utmost respect for Counsel, Yet! reasonableness would Help! on "Heat."

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)
OSP 98 16924

10

1  Local Rule 65-231, requires an applicant for TRO to certify to
2  Court the effort that have been made to given notice to the adverse
3  party and/or the reasons why notice or efforts to given notice
4  should not be required. Plaintiffs efforts to give notice are
5  in Affadavit attached described in paragraph's 5, 6, 7, 16, 17.
6     The Restraining Order should be granted without further
7  delay for notice purpose because the imminent danger and physical
8  suffering Plaintiff(s) are having, which is causing atypical hardship
9  significant in day to day living. Sandin v. Conner, 515 U.S. 472, 132
10  L.Ed 2d 418, 115 S. ct. 2293 (1995) [Emphasis added].
11     Even if the Court finds that plaintiff(s) are not entitled
12  to a temporary restraining order, it should grant plaintiff(s) a
13  Preliminary injunction after notice to defendants.
14     A preliminary injunction may be granted upon notice based
15  on consideration of the same six factors discussed in Point I.
16  Supra, Jones'El v. Berge, 164 F. Supp. 2d 1096 (W.D. Wis. 2001).
17     Plaintiff incorporates that discussion by reference in this point.
18     Wherefore, the Court should grant a temporary restraining
19  Order or, in the alternative a preliminary injunction, directing
20  defendant's install Ice Machine unit A4, and temperature check
21  "cells" in hottest point, give ICE, ICE Drink(s) more than Water, give
22  Kool-Aid, Getoraide, Showers to Rinse off, When above 90°degrees in
23  cells or when cell air "cuts-off" 30 minutes and longer from May to
24  October 31, or Hot days Stage I Heat Alert, 12 Fans "New" placed in
25  Unit five upstairs. & five downstairs pointed at cells & 2 Day Room for
26  Guards, Psy. Staff, With Plastic frozen Ice bags for Staffs Safety Vest,
27  Screens-Mesh on Air-Ventilation replaced same as general population,
   or Electrical fans given & electrical outlets in cells & inmates sign

1 | liability release, or transfer/remove Plaintiff Wilson all others on
2 | Heat medication to State Hospitals, CMF, CMC-E, R.J.Donovan, Over-
3 | ride or CSP-Sacramento as space available.
4 | Dated: July 14, 2008.

5

Respectfully submitted

6

David N. Wilson

7

Plaintiff

8

Paralegal In Pro Per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# Affidavit In Support

1    David W. Wilson states under penalty of perjury:

2    1. I am the plaintiff in the above-entitled case. I make this

3    affidavit in support of my motion for temporary restraining Order or,

4    in the alternative, for preliminary injunction.

5    2. On March 23, 2001, I was placed in Ad-seg CMC-E, over forced.

6    double-cell living and not receiving proper psychological threapy.

7    3. On April 29, 2001, I filed appeal on Heat Conditions, Vent and

8    Window, door covering impeding Air-Flow, "No" Cooling measures,

9    Exhibit 1, 1 (A), contacted Coleman Attorney's, and filed in Superior

10   Court, and received Director's Review denied, Court, Director.

11   4. On January 13, 2002, I was transferred to CSP-LAC.

12   5. On June 9, 2002, I filed appeal Exhibit A, for "cooling

13   measures" Ice, Ice Drink(s), to Rinse off in Shower, stage I or II

14   Heat Alert, PARTIALLY GRANTED, Exhibit B,B(1)given cooling measures,

15   6. On August 14, 2002, I responded Heat Conditions CSP-LAC are

16   amplified during Heat Alert, for analog thermometer is out in huge

17   open area and does not give temperature of "cells" which are

18   usually (10) ten degrees Hotter, exacerbating air-flow in "cells"

19   cut off from 5 to 30 minutes at a time and as long as 6 to 8 hours,

20   and 1st level Exhibit B,B(1), speaks of cooling measures, Not so

21   Exhibit D, signatures contrary, which was PARTIALLY GRANTED

22   Exhibit E,Esecond Level, yet! relief not given "cooling measures,"

23   7. On November 11, 2002, I sent appeal for Director's Review. at

24   Exhibit 1, section H., reiterating above, and Third Level Reviewer to

25   forward copy to Coleman Attorney's, Exhibit F(2), and wrote Coleman

26   Attorney's Exhibit F(3), response F(4), which Director denied

27   January 2, 2003, Exhibit's G, G(2), and I filed to Superior Court.

8. On September 23, 2003, I was transferred to CSP-SOLANO,



COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)

OSP 98 10924

13

1  given "Single cell status" and made Eop and transferred to R.J. Donovan,
2  on December 23, 2003,
3      9. On April 15, 2004, I was placed in R.J. Donovan Ad-Seg which
4  Vent air-screens "were not" screen mesh, for reprisals appeals Yard, jobs,
5  school, Newspaper's interviews.
6      10. On October 8, 2004, I was transferred to CMC-E, and then
7  November 4, transferred to CMF-Vacaville.
8      11. On July 18, 2005, I filed "Group Class" appeal for Heat Conditions
9  Exhibits 7(F)8, 7(F)8A, screened/barred by staff, Appeals Coordinator,
10  12. on January 31, 2006, I was placed in Ad-Seg for reprisal to appeals,
11  Court actions, and June 9, 2006, resubmitted appeal to Warden, attach Ad-Seg
12  Affidavit, and contacted Health Agencies, Newspapers, Media, Gov't agencies,
13      13. On June 20, 2006, I Filed on Heat Conditions U.S. E.D. Court,
14  WILSON V. CDCR, CIV-S-06-/391-FCD-EFB, contacted Coleman
15  Attorney's who respond Exhibit 7(F)21, letter and 7(F)22, 7(F)22a, Court
16  Order Coleman to remove Screen-mesh ventilation, and released from
17  Ad-Seg August 4, 2006, and "single Cell" taken in reprisal First Amend.
18      14. On April 21, 2007, I was placed in Ad-Seg Court motion Single
19  cell" and reprisal by CMF Sgt, had points increased in conspiracy to
20  transfer, Wrote Coleman Attorney's on "Heat" Exhibit W(A)3, response W(A)4.
21      15. On August 29, 2007, I was transferred to CSP-LAC, and
22  "error" conspiracy found, and placed to transferr back to CMF/
23  CMC-E, October 17, 2007, and February 26, 2008, Defendant's denied.
24      16. On April 30, 2008, I was placed CSP-LAC Ad-Seg for reprisals
25  to appeals, Court filing, and "Food Conditions" where Guards allowed
26  inmate's to With hold Food, temper with Food for Over-Familiarity to do
27  Guards job, and Psy. Dr's allow for Over-Familiarity as inmate who
   alleged threat and Guard to Plaintiff, inmate caught cellphone, Dr. quits job.

⊕
JURT PAPER

1   17. Once in Ad-Seg I discover not only is there inadeque Group
2   threapy" and "Law Library, Library" EOP's are not given 3 days notice for
3   Committees or Chrono's of Icc actions, But! Air cuts off in cells
4   routienly and Heat is so severe that it detrimental to Health, and No
5   Cooling measures given at all.
6       18. I have placed a copy of these papers in institutional mail to
7   Defendant HAWS, and Chief Psychologist, C. KOTTROBA, senior
8   Psychologist, J. WALSH, Unit AY, and I serve the Attorney Generals
9   Office. Because of the urgency of the situation, set forth in
10  paragraph's 5, 6, 7, 16, 17, supre no further efforts at not
11  should be required.
12      19. One prior application for relief has been sought in this
13  case before Court, at another prison facility.
14          Wherefore, the Court should grant a temporary restraining
15  Order or, in the alternative, a preliminary injunction requiring
16  defendant's install Ice Machine Unit AY; and temperature taken in cells
17  in hottest point; give Ice, Ice Drink(s) Kool-Aid, Gatoraide; Showers
18  to Rinse off; when above 90° degrees in cells or when Air cuts off in
19  cells 30 minutes or longer from May to October 31, or Hot days stage I,
20  II Heat Alert; 12 "New" Fans placed in Unit 5 upphertier, 5 lower
21  tier. pointed at cells, 2 for DayRoom; Guards, Psy. staff given Plastic
22  frozen bags for pouch in safety Vest; Screen-Mesh on Air-Ventilation
23  replaced same as general population; or Electrical fans given out
24  inmate's property/Order and Electrical outlets in cells, and inmate's
25  sign liability release; or transfer/remove Plaintiff Wilson all others
26  on Heat medications to state Hospitals, CMF, CMC-E, R.J. Donovan,
27  Override or CSP-Sacramento as space available. Dated: July 14, 2008.

David W. Wilson

15.

1    I declare under the penalty of perjury that the
2    foregoing is true and correct, and was executed this day
3    at California State Prison Los Angeles County.
4    Signed this ___14___ day of July 2008
5

6

7                                        David W. Wilson
8                                        David W. Wilson
9                                        Plaintiff
10                                       Paralegal In Pro Per
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

1

2 ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER
3 No. CIV-S-90-0520-LKK-JFM

4 Plaintiff has moved for a TRO pursuant Rule 65, FRCP, and Local Rule 65-
5 231, for Ice Machine Unit A4; temperature taken in cells in hottest point; give
6 Ice, Ice Drink(s) Kool-Aid, Gatoraide; Showers to Rinse off, when 90 degrees
7 in cells or cell air cuts off 30 minutes or longer from May 1 to October 31,
8 or Hot days Stage I, II Heat Alert; 12 new Fans placed in Unit 10 upper,
9 lower tier for cells, 2 for Day Room; Guards, Psy. Staff given plastic frozen
10 bags for pouch in Safety Vest; Screen-Mesh on Air-Ventilation replaced
11 same as general population; Eletrical fans given out inmates property/Order
12 and Electrical outlets in cells, inmates sign liability release; or transfer/
13 remove plaintiff, Others on Heat medication to State Hospitals, CMF, CMC-E,
14 R.J. Donovan, override or CSP-Sacramento as space available.

15 Because of risk, imminent danger plaintiff, Others cannot be Keep Unit A4

16 It is therefore ORDERED that defendant Haws and CDCR comply with
17 Cooling measures above or transfer plaintiff, Other from CSP-LAC, and no
18 reprisals by defendant's Kottroba, Walsh, Psy. Treatment Team to remove only Wilson

19 It is further ORDERED that this TRO shall continue until_____

20 It is further ORDERED that a hearing on plaintiff motion for a preliminary

21 injunction should be held on _____, and that plaintiff

22 shall be prepared to proceed with his motion at that time.

23 It is further ORDERED that no security shall be required by Plaintiff

24 because it appears that he is an indigent prisoner and because this order does

25 not appear to threaten defendants with serious pecuniary loss, Rule 65-231(e)(8).

26 Dated : _____,

27

⊕
COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

_____
UNITED STATES COURT JUDGE
FOR THE EASTERN DISTRICT OF CALIFORNIA

1   David W. Wilson, K66474
2   CSP-LAC, AY-#102
3   44750 60th Street West
    Lancaster, CA 93536
4       Paralegal In Pro Per
5

6
7       IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9   RALPH COLEMAN,          / No. CIV-S-90-0520-LKK-JFM
10   DAVID W. WILSON,        / [PURPOSED] ORDER
11     Plaintiff on behalf of himself  / Hearing: August 6, 2008
12     and others similarly situated,  / Time: 9:30 A.M.
                             / Courtroom
13   VS.                        /
14   GOVERNOR, ARNOLD SCHWARZENEGGER,  / The Honorable John F. Moulds,
15   F.B. HAWS, Warden California State Prison /         Magistrate Judge.
16   Los Angeles County, et al.,      /
17     Defendants.           /

18     The motion of Plaintiff David W. Wilson for Temporary Restraining Order
19   and or Preliminary Injunction came before this Court for hearing on
20   August 6, 2008, Attorney General representing defendants SCHWARZENEGGER.
21   and HAWS, and plaintiff WILSON representing himself and others
22   Similarly situated in Exhibit's, Documents, Affidavits, Court papers.
23     After considering the moving papers and all other matter presented,
24   to the Court,
25     IT IS HEREBY ORDERED that the motion is GRANTED.
26   Dated:_____,
27

                                UNITED STATES COURT JUDGE
                            FOR THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

David W. Wilson

V.

GOVERNOR, ARNOLD SCHWARZENEGGER,
F.B. HAWS, Worden CSP-LAC, et al.,

**Case Number:** CIV-S-90-0520-LKK-JFM

**PROOF OF SERVICE**

I hereby certify that on _____ July 14, 2008 _____, I served a copy
PLAINTIFFS NOTICE OF MOTION AND MOTION FOR TEMPORARY
of the attached _____ RESTRAINING ORDER AND OR PRELIMINARY INJUNCTION

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

California State Prison L.A. County

**(List Name and Address of Each
Defendant or Attorney Served)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
CLERK OF COURT
501 "I" Street, Rm. 4-200
Sacramento, CA 95814

OFFICE OF ATTORNEY GENERAL
1300 'I' St., Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

Warden, F.B. HAWS,
Chief Psychologist, C. KOTTROBA,
Senior Psychologist, J. WALSH,
California State Prison L.A. County
44750 60th St. West
Lancaster, CA 93536

I declare under penalty of perjury that the foregoing is true and correct.

David W. Wilson

**(Signature of Person Completing Service)**



Angeles County
**OPERATIONAL**
**PROCEDURE**

March 1999

REVISED:
June 2002

# VI. HEAT PLAN GUIDELINES

Inmates who are under certain medication may be susceptible to heat related medical problems wi temperatures reach or exceed 90 degrees, the Uniform Heat Trigger (UHT). These inmates will be listed the "heat risk" list, which is attached to the D.M.S. The housing unit officer will need to identify these inm.a on their bed card.

## A. STAGE I - HEAT ALERT

1. Central Control monitors the outside temperature. When the outside temperature reaches 90 degre (UHT), they will notify the entire institution utilizing the public address system.

2. All heat risk inmates are required to return back to their housing unit unless they are in an a conditioned building or at a location where the temperature is not expected to reach 90 degrees.

3. The floor officers in the affected buildings will account for all of their heat risk inmates. The flo. officers will check on the heat risk inmates that return to the building and look for signs of heat relate pathology (described later) and allow them access to cooling drinks and/or showers or encourage us of water in cells.

4. When the outside temperature falls below 90 degrees for one (1) hour, Central Control staff wi. announce that the Stage I Heat Alert is deactivated.

## B. STAGE II - HEAT ALERT

1. Control booth officers in all designated housing units are responsible to observe and log th: temperature inside the housing unit every three (3) hours, twenty-four (24) hours per day. When th: inside temperature reaches 90 degrees the control booth officer will notify their supervisor and the Watch Commander.

2. The floor officers will begin monitoring the inmates identified as heat risk every hour. Those identified inmates ... given access to showers or cooling liquids. If an inmate displays any heat-related pathology, notify medical staff immediately. A facility S&E officer will obtain ice from the dining hall and take it to the housing unit. All heat risk inmates will be given access to the ice.

3. When the inside temperature falls below 90 degrees for one (1) hour, the control booth officer will notify the facility supervisor. The facility supervisor will notify the Watch Commander, who will notify the Warden, who will reduce the current alert stage.

Exhibit H(1)

**Angeles County
OPERATIONAL
PROCEDURE**

**March 1999**

Exhibit H (1)

**REVISED:
June 2002**

## C. STAGE III HEAT ALERT

1. When the inside temperature reaches 95 degrees the control booth officer will again notify a fac: supervisor and the Watch Commander. Medical staff will be notified and will begin making round: the unit to assess the heat risk inmates every two (2) hours. The unit staff will continue :: observation and cooling measures.

2. When the inside temperature falls below 95 degrees for one (1) hour, the control booth officer : notify the facility supervisor. The facility supervisor will notify the Watch Commander, who : notify the Warden, who will reduce the current alert stage.

## D. SYMPTOMS OF HEAT RELATED PATHOLOGY

1. The symptoms to watch for are: red, flushed skin; bluish skin; mental confusion; convulsive behavi fainting; fatigue; nausea/dizziness; and headaches. In some cases heat stroke may occur in as little 30 minutes.

2. Six (6) ways in which cooling may be prompted are drink liquids; shower or misting; avoid strenuc activity; wear loose, lightweight clothing; ice; stay in a cool area. Ventilation will be improved : keeping cell vents clear.

## VII. MATERIAL SAFETY

Many common cleaning items stored in the housing units are in fact dangerous, caustic, chemicals. Whe certain chemicals are mixed, it creates a toxic gas. Breathing this gas can be fatal. Unit officers must be awar of this danger and are responsible to ensure that inmates using these substances are trained properly and ar aware of the danger.

## A. MSDS INFORMATION  The Federal Hazard Communications Act states, "all persons handling, usin or exposed to hazardous materials have the Right-To-Know of all hazardous material they are exposed :: or come into contact with in the work place".

1. All areas where chemicals are stored will have a Material Safety Data Sheet (MSDS) book that list: the chemicals and hazardous materials found in their work area. If you have a product without a MSDS, the Warehouse Manager will provide it for you. The MSDS's must be in a visible location for both staff and inmates.

2. Inmate porters will sign that they have been properly trained by the housing unit officer about chemical safety and that they know where the MSDS book is located. A copy of this sheet will be kept in the MSDS book and the original placed in the Inmate Time Card Book.

## THINGS TO DO WHEN IT IS 90°F & ABOVE

1. TAKE YOUR PRESCRIBED MEDICATION UNLESS TOLD NOT TO
   BY THE DOCTOR.
2. DON'T TAKE ASPRIN, TYLENOL, EXCEDRIN OR BUFFERIN.
3. DRINK MORE LIQUIDS (WATER,JUICE).
4. DO NOT DRINK COFFEE, TEA OR COLAS.
5. DO NOT DO HARD EXERCISE.
6. STAY OUT OF THE SUN.
7. SHOWER OR WASH OFTEN.
8. STAY IN CONTACT WITH OTHERS.
9. IF YOU ARE IN THE SUN WEAR LOOSE LIGHT-WEIGHT
   CLOTHING AND PROTECT YOUR HEAD.
10. STAY AWAY FROM AREAS WITH POOR AIR FLOW.

Exhibit J

**NAME and NUMBER** _____

I HAVE BEEN INFORMED I AM PRESCRIBED A MEDICATION THAT MAY CAUSE MY BODY TO BE
SENSITIVE TO HEAT. THE ACTIONS TO BE TAKEN HAVE BEEN REVIEWED WITH ME BY MEDICAL
STAFF AND I UNDERSTAND THEM.

_David N. Miller_

**PATIENT SIGNATURE**

_K66474_    4-13-2007

**CDC NUMBER**    _4/13/07_
                  **DATE**

_____    _4/13/07_

**STAFF SIGNATURE**        **DATE**

**DATE**

                          **MEDICAL-PSYCHIATRIC-DENTAL**

Original - Pharmacy Medical Records (Blue)
Copy - Central File (Pink)
Copy - Inmate (Pink)

                          **CDC-128c**

Case 2:90-cv-00520-KJM-SCR   Document 2888   Filed 07/21/2008   Page 24 of 52



# Your Birthday

## Monday, July 7, 2008

Whenever you are confronted with serious challenges in the year ahead, you will solve them by using your ingenuity and resourcefulness, along with collected knowledge. By combining these things, you will amaze others as well as yourself.

**CANCER (June 21-July 22)** -- Be sharp and alert enough to recognize what will be a volatile issue to a friend and remain mum on the subject when your pal brings it up. Emotion will jeopardize all logic as well as your relationship.

**LEO (July 23-Aug. 22)** -- It's good to be friendly to everyone you encounter, but there is a strong possibility that you will suffer some form of loss from misplaced trust. Be particularly watchful so the possibility is minimized.

**VIRGO (Aug. 23-Sept. 22)** -- Even if you feel comfortable about making a snap decision, think twice before acting on anything important. There is a strong indication that a hasty assessment will be erroneous.

**LIBRA (Sept. 23-Oct. 23)** -- Precious time you've allocated just for yourself is apt to be usurped by someone who drops in on you. Find a polite way to show this person the door as soon as it's feasible, or it'll be your loss.

**SCORPIO (Oct. 24-Nov. 22)** -- Don't get downhearted should a recent acquaintance suddenly make a quick exit from your life. Be grateful -- the relationship would only cause you much heartache.

**SAGITTARIUS (Nov. 23-Dec. 21)** -- As long as you steadily work on interesting things, you will be successful. However, you cannot work in fits and starts and expect progress. Define your objectives and proceed in a methodical manner.

**CAPRICORN (Dec. 22-Jan. 19)** -- Make sure that an important project doesn't actually need a lot more work at the drawing board before you impose it on others. If you launch prematurely and it fails, it'll be fatally shot down.

**AQUARIUS (Jan. 20-Feb. 19)** -- If you are not aware that an arrangement with another favors him or her, you might agree to advance it prematurely. Hold back until you are certain inequities won't surface.

**PISCES (Feb. 20-March 20)** -- It might be far easier to make commitments or promises than it will be to fulfill them. Don't obligate yourself before you understand what you are getting into.

**ARIES (March 21-April 19)** -- You possess some confidential information that is quite valuable, and someone who would like to use it for his or her own interest will try to get it out of you. Be on guard so you don't slip.

**TAURUS (April 20-May 20)** -- Although you might not mean to, in order to show a new acquaintance that he or she is accepted, you could slight a good friend by favoring the newcomer and disregarding your pal's presence.

**GEMINI (May 21-June 20)** -- Be careful not to make any sudden, impulsive changes on an important situation that you've been so careful to handle correctly. One wrong move will defeat all the progress you've made so far.

Know where to look for romance and you'll find it. The Astro-Graph Matchmaker instantly reveals which signs are romantically perfect for you. Mail $3 to Astro-Graph, P.O. Box 167, Wickliffe, OH 44092-0167.

## CALIFORNIA CITIES

| City | Today Hi/Lo/W | Tue. Hi/Lo/W | | Today Hi/Lo/W | Tue. Hi/Lo/W |
|---|---|---|---|---|---|
| Anaheim | 88/67/s | 90/66/s | Oceanside | 80/63/pc | 76/64/pc |
| Bakersfield | 107/74/s | 107/76/s | Oxnard | 77/62/pc | 72/61/s |
| Barstow | 109/77/s | 111/79/s | Palm Springs | 111/81/s | 111/83/s |
| Beaumont | 95/62/s | 97/64/s | Pasadena | 90/69/s | 92/68/s |
| Big Bear | 86/49/s | 87/51/s | Paso Robles | 108/55/s | 108/56/s |
| Bishop | 108/59/s | 105/60/s | Pomona | 93/62/s | 96/63/s |
| Burbank | 94/67/s | 95/66/s | Redding | 108/70/s | 112/70/s |
| Camarillo | 80/60/pc | 77/62/s | Riverside | 96/64/s | 98/65/s |
| Death Valley | 127/86/s | 121/86/s | Sacramento | 105/62/s | 108/64/s |
| El Centro | 109/81/s | 110/81/s | San Bernardino | 95/64/s | 94/65/s |
| Escondido | 87/63/s | 92/63/pc | San Clemente | 81/64/pc | 74/57/pc |
| Eureka | 64/50/s | 62/52/s | San Diego | 74/66/pc | 75/67/pc |
| Fresno | 108/74/s | 108/74/s | San Francisco | 64/56/pc | 88/55/s |
| Hesperia | 99/61/s | 100/65/s | San Jose | 98/61/s | 97/61/s |
| Irvine | 82/66/pc | 78/66/pc | San Luis Obispo | 98/56/pc | 100/56/s |
| Long Beach | 84/65/pc | 82/66/pc | Santa Barbara | 77/59/pc | 72/58/s |
| Los Angeles | 84/65/pc | 86/65/s | Santa Clarita | 90/66/s | 93/66/s |
| Mammoth Lakes | 85/46/s | 82/46/t | Santa Monica | 78/64/pc | 80/65/pc |
| Modesto | 108/66/s | 111/67/s | S. Lake Tahoe | 90/45/s | 89/44/t |
| Monterey | 84/53/s | 85/53/s | Temecula | 94/64/s | 94/65/s |
| Needles | 111/85/s | 112/87/pc | Ventura | 77/62/pc | 72/61/s |
| Newport Beach | 79/66/pc | 76/67/pc | Woodland Hills | 97/60/s | 100/61/s |
| Northridge | 90/65/s | 95/66/s | Wrightwood | 93/64/s | 94/65/s |
| Oakland | 92/57/s | 92/58/s | Yosemite | 108/59/s | 105/60/t |

## UNIVERSAL Sudoku Puzzle

Complete the grid so that every row, column, and 3x3 box contains every digit from 1 to 9 inclusively.

© 2008 Kojen Puzzles/distributed by Universal Press Syndicate

DIFFICULTY RATING: ★★☆☆☆

**Solution to Saturday's Puzzle**



*...like emerging from a long dark tunnel.*

TM Reg. U.S. Pat. Off. -- all rights reserved
© 2008 Tribune Media Services, Inc.

## AccuWeather.com®

# WEATHER

### DAILY ALMANAC
Through 6 p.m. Sunday

**Palmdale**

| Temperature | |
|---|---|
| High/Low | 99°/64° |
| Normal High/Low | 97°/85° |
| Record High | 107° (2007) |
| Record Low | 43° (1948) |
| Peak wind speed | 17 mph |

| Precipitation (in inches) | |
|---|---|
| 24 hours through 6 p.m. Sunday | 0.00 |
| Month to date | 0.00 |
| Normal month to date | 0.01 |
| Season to date | 0.00 |
| Normal season to date | 0.01 |

**Lancaster**

| Temperature | |
|---|---|
| High/Low | 99°/68° |
| Normal High/Low | 95°/65° |
| Record High | 110° (1989) |
| Record Low | 52° (1982) |
| Peak wind speed | 20 mph |

| Precipitation (in inches) | |
|---|---|
| 24 hours through 6 p.m. Sunday | 0.00 |
| Month to date | 0.00 |
| Normal month to date | 0.02 |
| Season to date | 0.00 |
| Normal season to date | 0.02 |

## FIVE-DAY FORECAST FOR THE ANTELOPE VALLEY

| TODAY | TONIGHT | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| Hot with a full day of sunshine | Clear | Very hot | The temperature near the record of 107° | Sunny to partly cloudy and hot | Mostly sunny |
| High: 102° | Low: 69° | 105° 71° | 106° 71° | 104° 71° | 101° 69° |



Exhibit L

# Affidavit Of Statement

THE FOLLOWING INMATES, CONVICTS, MEN STATE AS TRUE & CORRECT THAT
CSP-LAC Ad-sed "CELLS" ARE MUCH HOTTER THAN DAYROOM & THE CELL AIR
CUTS OFF 30 MINUTES TO 6 HOURS & WE ARE NOT GIVEN ICE, ICE DRINK(S)
RINSE OFF SHOWERS DURING EXTREME HEAT & ONLY 2 FANS & NOT DIRECTED CELLS

| Printed Name | CDC# | cell # | Date | Signature |
|---|---|---|---|---|
| David W. Wilson | K66474 | # 102 | 7-13-08 | David W. Wilson |
| Liosey, Roderick | T28756 | #132 | 7-13-08 | Roderick |
| Mooring George | F66407 | #203L | 7-13-08 | Mooring George |
| Eddie Streeter | N17183 | 126 (AS) | 7-13-08 | Eddie Streeter |
| Kevin Spears | F21143 | 127 up | 7-13-08 | Kevin Spears |
| Ben | V14714 | 107 A5 | 7-13-08 | WALTER BROWN |
| J. Hillman | C-59453 | 207-4A | 7-13-08 | Tracy Hillman |
| Charles W. Brady | A-46786 | 103 A4 | 7-13-08 | Charles W. Brady |
| Julius Edwards | F-83075 | 104-M | 7-13-08 | Julius Edwards |
| ARZAGA JESUS | T82899 | 105-A4 | 7-13-08 | Arzaga |
| Russell Drake | D47241 | 107-24 | 7-13-08 | Drake |
| Merrilo Raymond | V57917 | 24-108 | 7-13-08 | Raymond |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Rosen, Bien & Asaro, LLP

I am sending you Copy of a Third Level Appeal concerning Heat Medication and cooling measures not taken here at CSP LAC, your input requested and Help! needed.

Also here is a issue attached where Medication is forced to be taken before dinner meal therefore does not do purpose prescibed for, can you give input on psy. Medications taken after dinner on the effect.

Can you tell when Special Masters Team will come to CSP LAC, can I be seen or contacted.    Thank you

Wilson, K66474
CSP LAC
44750 60 th st. West, B4'
Lancaster, CA 93536-76.

. SANFORD JAY ROSEN
MICHAEL W. BIEN
ANDREA G. ASARO

MARJORIE K. ALLARD **
ERNEST GALVAN
JANE KAHN
THOMAS NOLAN
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN ***

Case 2:90-cv-00520-KJM-SCR     Document 2888     Filed 07/21/08     Page 27 of 52

*Exhibit F(4)*        *Exhibit F(4)*

ROSEN, BIEN & ASARO, LLP

ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

$i2-4-2002$
$received$

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

November 26, 2002

CONFIDENTIAL - LEGAL MAIL
Mr. David Wilson, K66474
CSP-LAC, B4
44750 60th St West
Lancaster, CA 93536-7620

      Re:   Coleman v. Davis
            Our File No. 489-3

Dear Mr. Wilson:

     I am writing in regard to your recent letter. Thank you for the information you
provided. Hour of Sleep medication has been an issue which we have been focusing on
for the last few months. Do you know if you prescription actually says "Hour of Sleep"
or if it just medication that you feel is more effective after dinner? The Coleman
Monitoring Team, Special Master and our firm have made it clear that CDC must find a
way to administer HS meds at the appropriate hour. Defendants (CDC) are supposed to
be currently creating a plan to address this problem. We have a series of meetings set-up
in the next few months at which we will discuss their plan. If you do not have an actual
"HS" prescription then it may be harder to get the institution to hand out the pills after
dinner. At the moment, though, it seems to be a staffing issue which CDC is trying to
address. I hope this information is helpful.

                         Sincerely yours,

                         ROSEN, BIEN & ASARO, LLP

                         By: Shira J. Gans
                         Paralegal

originals
SJG:pj

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** MEMBER OF THE ALASKA AS WELL AS THE CALIFORNIA BAR
*** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

David W. Wilson, K66474    **Exhibit AS**
CSP-LAC, A4-#102
44750 60th Street West
Lancaster, CA 93536

"Response" 5-30-2008, date received 6-5-2008
go to Questions Frequently Asked Questions (FAQ)
handout

May 22, 2008

To: Mr. Michael W. Bien, Esq.
ROSEN, BIEN & GALVAN, LLP
P.o. Box 390, San Francisco, CA 94104-0390

Re: Request Inquiry Investigation Non-Theraputic Groups CSP-LAC Inmates Not Given
Group Listing & Facilitators Names As D-Facility In Ad-Seg & ALL Groups TV Groups
Where Video Turned On & No Discussion At End Same Video 7 days & Psy staff Not Presen

Mr. Bien, sir! I Know you are not a panacea for all <u>Coleman Class</u> problems, But! where
there is a lack of psychological treatment causing detriment to Group, as Ad-seg
EoP CSP-LAC, Which is the Worst in Calif., for all Groups are 99% Television
institutional channel Video's (2) shown over & over, Where were left in cages around Video &
"no" Group discussion 5, 10, minutes before Group over on how Video relates to our psyches
Where depression & other mental illnesses surface Where Psy. Dr's could help resolve
by interreacting With Patients, instead of leaving after turning on TV Video.

This is causing cell confrontations With Guards & Psy. Personnel, for Inmate's 'da not'
Know When, date, time, Weekday, any pictular Group given or Name/Type of Group, or
Who is Psy. Facilitator, as done at D-Facility where this is given to EoP's.
In Ad-seg "No" type of Depression Groups, Anger Management, Families Matters/Manageme.
Current Events, Copping Skills, ect, ect, and which "Group Therapy" Would benefit the
inmate's. There is No interaction With Psy. Dr's for one Who runs TV Group disappears
& others come through, Yet! there getting paid for Mental Wellness of Inmates and this
is not happening at Ad-seg EoP, so the lack of Psy. Care is resulting in disrespect
of all, inmate's, guards, Psy. & Medical staff for Inmates, Convicts, prisoner's, Know
When there is "lack of Psy. Care,"

Therefore "I request investigation, inquiry, & if necessary removing Psy. staff
or modification program Ad-Seg EoP,

C.C. Calif. Psychiatric Association,
Psychological Shield,
Media,
Appeal 602,
Courts

Thank You David W. Wilson

**ROSEN, BIEN & GALVAN, LLP**
ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104

*Exhibit AS (1)*



May 30, 2008

*received 6-5-2009*

## CONFIDENTIAL - LEGAL MAIL

David Wilson, K-66474
California State Prison, Lancaster
44750 60th Street West
Lancaster, CA 93536

> Re: *Coleman v. Schwarzenegger*
> Our File No. 489-3

Dear Mr. Wilson:

This is in response to your letter dated May 22, 2008, which we received on May 27, 2008. If we need more information from you, or if we have additional information to give you, we will write back to you. **If not, this is the only response you will receive.** We are returning any original documents you may have sent to our office.

You wrote about mental health care in the CDCR. We are sending this form letter response either because your letter provided information only and does not require a personalized response, or because we are unable to take action at this time to address the concerns raised in your letter. Please refer to the Frequently Asked Questions (FAQ) handout that we previously sent you, since a wide range of mental health related topics are covered in that packet.

We apologize for this impersonal response. We regret that this is the only way we are able to address the hundreds of letters that we receive from prisoners each week. The information you provide about problems in the prisons is very useful in our efforts to improve the CDCR's mental health treatment programs. We encourage you to continue to inform us of any new problems with the CDCR's mental health treatment programs.

Please be assured that we have read your letter carefully to see if what you wrote about is part of one of our cases against the prison system. Thank you for writing, and good luck.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

By: Kathleen Johnson-Silk
Paralegal

KJS:kjs

[215117-1]

Affidavit OF Statement                                    Exhibit As(4)

The Following Prisoner's state As True And Correct Under Penalty of Perjury That
EOP's A4 Ad-Seg Are Not Given Day, Time, Type of Group, Who Group Facilitator
Is And That Psy. Facilitator's Leave Groups for Hours Denying 10 Hours Mental Treatment

| Printed Name | CDC # | Cell # | Date | Signature |
|---|---|---|---|---|
| DAVID W. WILSON | K66474 | A4-102 | 6-23-08 | David W. Wilson |
| Tommie Baker | T50169 | A4-121 | 6/23/08 | Tommie Baker |
|  |  |  |  |  |
| Theron Clayton | 788310 | A4-102 | 6/23/08 |  |
| Brian Dunagan | G01415 | A4/105 L | 6/23/08 | B |
| Julius Edwards | F83075 | A4-104 | 6/23/08 | Edwards |
|  |  |  |  |  |
| John Moss | F-15898 | A-4/117 | 6/30/08 | F Moss |
| AARON JOHNSON | E08573 | A-4/212 | 7-7-08 | aaron |
| Alejandro Villanvera | V05297 | A-4 106 | 7/7/08 | alejandro vellanvera |
| PENA | 508658 | A-4-140 | 7-11-08 | Jorge Padilla |
| Buford, JAMES | F-02437 | A-4-131 | 7-11-08 | James H Buford |
|  |  |  |  |  |
| Charles W. Brady | N46786 | A4-103 | 7-11-08 | Charles W. Brady |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

David W. Nelson
CSP-LAC, A4- #702
44750 60th Street West
Lancaster, CA 93536

June 30, 2008

To: Mr. Michael W. Bien, Esq.
Rosen, Bien & Galvan, LLP
P.O. Box 390, San Francisco, CA 94104-0390

Re: Request Motion Filed CSP-LAC Compliance & Modify Law Library, Library In 30 Days For EOP Library Access/Equality To STOP Discrimination & If Combined <u>Inadequate Group Theary & No Cooling Measures That Sanctions Including Close EOP</u>

Dear <u>Coleman</u> Attorney Sir! as EOP representative hereto attached is 602 filed today to Warden, Haws, & Director, Hubbard, Exhibit ASU, ASU(1), and I on behalf EOP CSP-LAC, request MOTION to <u>Coleman</u> Court, for un-equal Law Library access as J.P., & mainline EOP's. For in Segregation "I am given only' 1 day a week Law Library access & if Holiday 'No' Library on Monday to meet Court DEADLINE DATES" now J.P. & D-Facility EOP's go to Law Library '3' days a week, & there are Library Supplies, & "Photocoping" done same day. Photocoping for Courts Ad-Seg A4 takes a week or longer making miss/late "DEADLINES." Also there are 'No' ("Catalogs") give & Trust Forms to "check out" Recreational Books of mystery, adventure, etc, etc, & GED Learning & Educational, & A4 has 'No' Photocoppier in Library & white out & staplers.

Also there is 'No' full time Librarian in A4 Ad-Seg & A-Facility Librarian absent. This is denal of Law Library access, & program activities, & discrimination.

I respectly request <u>Motion filed</u> to comply with Law Library, Library access/ equality EOP's A4 in 30 days or modification.

Also if combined with [Inadequate] Group Threarpy under Coleman & Psy. care & CSP-LAC A4, in violation of Coleman & LAC HEAT PLAN e.g. 'No' cooling measures IcE, IcE Drink(s), for Stage II Heat Alert <u>in cells</u> above 90 degrees & not in Day Room when 100 degrees or more. & 2 Fans for officer's only & EOP's suffering 'No' cell Temperature's take when Power/Air Conditioning cuts off hours & above 100 & screen mesh on Air Vents, which I have separate U.S.E.D. Court case Heat Conditions including CSP-LAC & Director's Review Group Class appeal #LAC-B-02-01162, sent your Office 2002, attached letter's Exhibit's F(2), (3), (4), Heat issue Not addressed Coleman Attorney's.

Therefore all above shows why Motion need Library & in totality why SANCTION if non-compliance including closing CSP-LAC EOP.

Respectfully,
<u>David W. Nelson</u>

Hereto attached Short Format for Court.

Exhibit 1



**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. CMC-E
2.

Log No.
1. 01-01007
2.

Category
# 9

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| David Wilson | K66474 | Unassigned | 4204 |

**A. Describe Problem:** On extremely Hot days" even rather Warm days the air in (Ad-Seg) Administrative Segregation housing cell units" has litte if not no air circulation due to screens of medtal placed on exhust an intake air vents A metal screen is also placed on outside Window to impead air-flow and cirqulation. To exasperate the cruel an unusual punisment of (Ad-Seg) a four inch metal band is placed on outside of cell doors to stop Air flow and circulation. The cells in B-Quad (Ad-Seg) Units were not originally designed for segregation purposes. I Was in CMC East in 1980 there was no (Ad-Seg) here

If you need more space, attach one additional sheet.                    continued page 1 of 2 Additional Sheet

**B. Action Requested:** To stop indecent and inhumane conditions for as Air-flow an Circulation" I request Plastic electrical fans, by approved Vendors or Metal screens and door band metal be removed If not let any and all be accountable to CCurts for degradation as for CCR Title 15 # 3343 (a)(b), an 8th amendment U.S. const' Will seek damages for Exemplory Liability, Obligations Detriments Future Detriment at Individual and offical Capacities    **Date Submitted:** 4-29-2001

**Inmate/Parolee Signature:** David M. Wilson

**C. INFORMAL LEVEL (Date Received:** 05.24.2001 )

**Staff Response:** I informed you that this appeal is denied at the informal level based on the fact that my level of authority is inappropriate to authorize the extensive modifications you are requesting to the physical plant of the building, fixtures and /or the use of a personal fans written while housed in the Administrative Segregation Unit at the California Mens Colony

**Staff Signature:** A. Wiruski.    **Date Returned to Inmate:** 05-27-2001

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

The (4) four different reasons in this appeal combined can be detrimental for others as Well as myself especially Inmates on psychological Hot medication" air-flow not given on extremely hot days can cause physical deterioration completely. Therefore Screens on 1 intake, 2 exhust vent, 3 window or 4 metal band betton door be removed or allowed Plastic fans for air circulation.

**Signature:** David M. Wilson    **Date Submitted:** 5-27-2001

Note: Property/Funds appeals must be accompanied by a completed    **CDC Appeal Number:**
Board of Control form BC-1E, Inmate Claim

JUN 27 2001

APR 30 2001
CL.    ...LS OFFICE

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __MAY 3 0 2001__ Due Date: __JUL 1 2 2001__

Interviewed by: _T X Cook/H_

Refer to attached memorandum

Staff Signature: _T X Cook_  Title: _Corr Lt._  Date Completed: _June 8 2001_

Division Head Approved:
Signature: _VA_  Title: _AWPS_  Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. Band of metal bottom of door does not stop fishing (passing contraband cell to cell) legal papers other items still passed by fishing" metal band bottom of door impede Air-flow circulation, Band of metal side of door cannot stop prevent batteries on stuff thrown by liquids spittle ect, Each inmate held accountable own actions "metal band side of door impede Air-flow circulation, Screens on Window along with dirt, grime, garbage stops Air-flow circulation, Screens on intake, exhust air-vents really impead Air-flow circulation, One xtreme hot days no Air-flow in Ad-Seg cells "fans are of litth use with bends blocking doors, And on xtreme hot days their are no regular serving et Ice and Water only done twice Myself and othe inmates suffer..............Fans and hands on bottom of Door, side of door renoved som... ... ... ... removed.

Signature: _A_  Date Submitted: _6-25-2001_

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _D. 3- Finlay Hetog_  Date Completed: _7-20-01_
Warden/Superintendent Signature: _W Duncan_  Date Returned to Inmate: _JUL 2 5 2001_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. On extreemly hot days being on heart medication the cells in CMC East Ad-Seg make it hard to breave air and sometimes inhabitable because air-flow circulation is reduced so much by metal barriers placed that do not all serve security/panacea of justification for safety. All manner of air restricting metal bands at bottom and side of door. prevent normal air-flow this housing unit was not designed for, also metal screens on air intake and exhust and Window closed screen this housing unit was not designed for impeds normal Air-flow circulation that can prove determinal to psy. patients on hot medication as in case of Coleman V Wilson, For this reason I request fans in cells or metal barriers the black Air-flow circulation be removed "for this housing unit was not originally designed for Ad-Seg or Metal Barriers.

Signature: _Darrell W. Wilson_  Date Submitted: _8-3-2001_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____  FEB 2 2 2002
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

602 Appeal   Exhibit 1(A)   David W Wilson
Additional Sheet                    4-29-2001
                                    11:30 AM.

continued

Because of penalogical justification and the panaceq of
safety and security." I myself and other prisoners are being
denied air to breave and common decency of a quality of
Air-flow and Circulation that is a standard of most prisons.
Almost half of C.M.C. East is on some Kind psychological
medication of which many are so called Hot medications" such
as myself on Haldol. These Hot meds can be effected by weather
and temperture extremes " so on extremely warm days and
Hot days Air-flow and Circulation plays a part in Keeping cool.
In 1994 some prisoners died in C.M.F. Vacaville Which besides
C.M.C. East house's some of more severe psychological prisoners.
This resulted in a court case of Gates VColeman,
Of which certain requirements were made of all CDC prisons
Which housed psy. Inmates, such as fans in Hallways" cold
drinks with ice, However the fans in hallways at C.M.C.(Ad-seg)
cannot do whats reqired of them" because metal band blocKing
bottom of doorways. Also 103 cubic feet of Air coming from exhust
air vent is impedded"Dohner VMc Carthy (C.D. Cal. 1985) 635 F.Supp 401
Judges statement Without screens over Vent, Also screens over
windows have ⅓ of screens cover by dirt, grime, garbage, stoping
air-flow and circulation.
Because of screens of intake an exhust air vents and screens on
Windows and metal bands on bottom of doors" all four which
Contribute to stop air-flow and circulation." I request that plastic
fans be allowed for air-flow and circulation "seeing that there are
ollready electrical outlets in cells. I request plastic eletrical that is
e'ectrical Fans or metal screens and metal band bottom of door be
removed. And C.M.C East come in compliance with CCR Title 15 #
3343(a)(b) Living Conditions of Segregated Housing (b) Restrictions

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. CAC-B
2.

Log No.

Category

1.

2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| D. Wilson | K66474 | Voc Oper. | B2 # 250 |

A. Describe Problem: I am on Heat medication haloperidol decanoate (Haldol-D) twice daily to Keep me normal for severe Psy. problems, This medication Works best for me years now. Yet at CSP LAC when Stage I or Stage II Heat alert is in effect, I am not given Ice to cool down with as other institutions or Ice Drinks Gatorade, Ice for Water and I am not allowed to rinse off in shower to cool down. For this reason I request Ice on Heat Alert days or Ice Chrono and to be allowed to Rinse off in evening to cool Down. Informing Warden, Roe and HCM, Dr. Bragga, told it Appeal not loged in or Appeals Assignment Notice not given or not assigned for weeks, Reviewer not answer in constraints, I will file Injunction Restraing Order.

If you need more space, attach one additional sheet.

B. Action Requested: Given Ice on Heat Alert Days, or Ice Chrono, allowed to Rinse off in shower once a day, if not let any and all be held accountable to Courts for degredation of CCR# 3360(a), #3361(a)(b), c), #3004 (c), will seek damages for Liability, Obligation, Detriment, Future Detriment of individual and Offical capacities.

Inmate/Parolee Signature: David N. Wilson            Date Submitted: 6-19-2002

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

BYPASS

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

AUG 9 7 2002

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __6/10/02__ Due Date: __7/31/02__

Interviewed by: _____

_See attachment_

Staff Signature: _____ Title: _____ Date Completed: __8/1/02__

Division Head Approval Signature: _____ Title: __CAPT. CA__ Returned Date to Inmate: __AUG 1 2 2002__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. Dissatisfied the Heat Conditions at CSP LAC are amplified durning Heat alert, for analog thermometer is out in huge open area and does not give temperature of cells" which are usually (10)ten degrees Hotter, this is exacerahated by air-flow in cells" cut off from (5)five to (30)thirty minutes at a time and as long as (6)six to (8)eight hours for air is on automatic when anyone smokes or burns something in cells. Also 1st level Exhibi Reviewer Response speaks of cooling measures, not so Exhibits C, C(4) and attached signatures contrar
Signature: __David N. Allison__ Date Submitted: __8-14-2002__

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __8/21/02__ Due Date: __9/18/02__
☐ See Attached Letter

Signature: _____ __ov 11 16 02__ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate __NOV 1 8 2002__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. Dissatisfied at stage 1 in CSP LAC 90° and above numerous times Petitioner and Signed petitioner's when walking in stage 1 and 2 heat conditions to dinner Petitioner's ar allowed (4) one (8)eight ounce cup of water to cool off with and no more for walking back to buildings, see Exhibit C, C(4). Also during lock-down Petitioner's are not allowed to rinse off for 3 days at a time where cells reach 90° stage II for analog thermometer gave temperature in out open dayroom area and not temperature in cells, which is exacerbated by air cut off in whole building if any inmate smoker. Request Ice on Heat Alert days and or Ice Chrono, more than (1) one cup of Water at Dinner.
Signature: __David N. Allison__ Date Submitted: __11-21-2002__

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter
Date: _____
CDC 602 (12/87)

## CALIFORNIA DEPARTMENT OF CORRECTIONS
## CALIFORNIA STATE PRISON - LOS ANGELES COUNTY

### SUPPLEMENTAL PAGE

**RE:    APPEAL LOG #    LAC-B-02-01162**

**First Level Response**

**Name: Wilson**

**CDC#: K-66474**

**APPEAL DECISION:    Partially Granted**

**APPEAL ISSUE:    Medical**

In your appeal you stated that you are a heat risk inmate and that during both Stage I and II heat alerts, you are not being given ice or cooling measures (i.e., shower, Gatorade).

You requested that you be given an ice chrono and be allowed to rinse off in the shower once a day.

### APPEAL RESPONSE:

On June 24, 2002, Correctional Sergeant W. Reaume interviewed you, in person to provide you the opportunity to fully explain your appeal, and for you to provide supporting information or documents. You did not provide additional information.

An investigation of your appeal was conducted, which included your interview, a review of this appeal with attachments, Institutional Heat Plan, and California Code of Regulations, Title 15, Division 3.

  The result of this inquiry revealed that the policy pertaining to heat risk inmates states in part, "When the outside temperature reaches 90 degrees, cool water or iced water will be given, as well as cooling measures (i.e., cool showers, or cool water in their cell to cool off with). To date, California State Prison-Los Angeles County has not had any Stage II heat alerts.

Based on the above, your appeal is partially granted in that during a Stage II heat alert, you will be given iced water and be afforded the opportunity to cool off either in the shower or with water from your assigned cell. Your request for an ice chrono is denied. It does not state anywhere in the policy that ice will be given, only iced water.

K. LEWIS

Facility "A" Captain (A)

8/1/02

DATE

More than [1] one cup cool water at dinner, Ice, Cooling shower's Inmate's on Heat Medication.

| Signature | CDC# | Date | Cell# |
|---|---|---|---|
| Michael Meredith | #D-84587 | 8-19-02 | Meredith M. B2 115 |
| Willie Weaver | J-91389 | 8-19-02 | Weaver B-2-11 |
| Leo Thomas Herron | C-47943 | 8-19-02 | B2-102-L- |
| Knight Fred | C04464 | 8-19-02 | B2-106 |
| Bell Ricd | H39468 | 8-19.02 | B2-125 |
| Elmund Matthew | D16165 | 8-20-02 | B2-117 |
| C. A cave | 425663 | 8-20-02 | BS-2CU |
| ... | K-73997 | 8-20-02 | BS 114 |
| Billy M... | 410476 | 8-20-02 | 65-204 |
| Victor | 2-7c0759 | 8-20-02 | B4-124 Heat Me. |
| ... | K-22981 | 8-20-02 | B-4-139 |
| ... | 2-70657 | 7-20-02 | B-4-104 |
| ... | 4-22050 | 7-20-02 | B-3-130 |
| ... | P-17834 | 8-20-02 | B-3-222L |
| ... | P-5497 | 08-20-02 | T-3-... |
| L. 2... | C-35474 | 5-20-02 | B4-242 |
| ... | 8-67056 | 5-20-02 | B4-16 |
| ... | K45863 | 8-20-02 | B4-150 U |
| ... | -4.8.7.). | 2/20/02 | 55-513 |
| ... | D-1177 | 8/20/02 | B4 |
| ... | H80050 | 8/20/02 | B5/1 |
| Tim McNiw | K-13218 | 8/20/02 | B4-230 |
| Padgett | K-45050 | 8-20-02 | B5-110 |
| Starks | J-86875 | 8/20/02 | B5 119 |
| Hayes | J-30-67 | 8/20/02 | B4-296 |
| Ronnie Dansby | K-4-120 | 11-19-02 | Ronnie Dansby |
| Lester Thurman | H-27771 | 11-19-02 | Lester Thurman |
| Linichi, W. | C-12072 | 11-24-02 | ... |

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIFORNIA STATE PRISON - LOS ANGELES COUNTY

## SUPPLEMENTAL PAGE

RE:    APPEAL LOG #LAC-B-02-01162
       SECOND LEVEL REVIEWER'S RESPONSE

       WILSON,        K-66474

APPEAL DECISION:       PARTIALLY GRANTED

APPEAL ISSUE:       MEDICAL

In your appeal you stated that you are a heat risk inmate and that during both State I and Stage II Heat Alerts, you are not given ice or other cooling measures.

You requested that you be given an ice chrono and be allowed to rinse off in the shower once a day.

### APPEAL RESPONSE:

On June 24, 2002, Correctional Sergeant (Sgt.) Reaume interviewed you in person to provide you the opportunity to fully explain your appeal and for you to provide supporting information or documents.    You did not provide any additional information.

An investigation of your appeal was conducted, which included your interview, review of your appeal with attachments, Central file, and California Code of Regulations, Title 15, Division 3.

The result of this inquiry revealed that a State II heat alert is activated when the inside temperature reaches 90°.  To date, there has not been any State II heat alerts this year as of October 30, 2002. You further stated that your cell reaches 90° because when the fire alarm system is activated the unit air conditioning is cut off and the cells in the section effected become hot. You were asked if you had notified maintenance and had the temperature monitored inside the cell to verify your allegation.  You indicated that you had informed the unit staff. Facility B Maintenance stated they would do a 24-hour temperature monitor of the cell had you reported it.

Based on the above, your appeal is partially granted in that during a State II heat alert, heat risk inmates will be given access to showers or cooling liquids.

Case 2888    Filed 02/21/08    Page 41 of 52    EXHIBIT E    NOV 0 7 2002

Furthermore, if you feel the temperature in your cell exceeds 90 ° you are encouraged to document it on the posted unit maintenance list and to inform your assigned housing unit staff so a work order can be submitted.

11/12/12

**M. P. MONTEIRO**                                            **Date**
**Chief Deputy Warden**

Exhibit E (2)

Louis N. Wilson, K66474
11-20-2002
1:20 PM

Exhibit F(2)

Third Level Reviewer

I am a Plaintiff in Coleman v. Wilson, there fore will you
Fax or Send Copy of This Third Level Response to Law Office's
Of Rosen, Bien & Asaro, LLP
    Eight Floor
    155 Montgomery St.
    San Francisco, CA 94104

Please ! also no Delays, extentions of this Appeal, Request
response in time constraints of CCR #3084. 6 (b) (4),  60 day
Working.

                              Thank You
                                   Wilson, K66474
                                   CSP LAC
                                   FB-B4-#124

*Exhibit G*

*Exhibit 6*

received 1-7-2003

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JAN   2 2003

In re:    Wilson, K-66474
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

IAB Case No.: 0206120        Local Log No.: LAC 02-1162

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that his prescribed psychotropic medications designate him for the heat alert program. He contends that he is not being provided ice, Gatorade or cold water when the temperature reaches Stage I or Stage II status. He states that other institutions have provided him with the heat relief liquids or allowed him to take a cold shower for relief. He claims that his appeals are not being responded to within time constraints and he will file an injunction for relief in the form of damages for liability, detriment and any future detriment by officials in their capacity. At the Director's Level of Review he has modified his appeal claiming that inmates are not being provided a cold drink when returning from the dining hall, one is drink is provided when going to the dining hall.

He requests that he be given ice or an ice chrono, be allowed to rinse off in the shower once a day on heat alert days.

**II    SECOND LEVEL'S ARGUMENT:** It is staff's position that a Stage II alert is activated when temperatures reach 90 degrees inside a building. To date there had not been any Stage II heat alerts at California State Prison, Los Angeles County (LAC) as of October 30, 2002. The appellant claimed the temperature in his cell reached 90 degrees when the fire alarm system was activated the unit air conditioning was cut off and the cell in his section became hot. The appellant claimed that he had notified staff of this occurrence. Building maintenance was contacted and stated that had they been notified or received a repair request they would have conducted a 24-hour temperature monitor of the cell. The appellant was informed that he would receive the mandated access to showers and cooling liquids when the heat alert reached Stage II. The institution directed the appellant to inform the unit staff when the temperature reaches 90 degrees in his cell so that it can be posted on the maintenance list and a work order can be submitted. The appeal was granted in part by the Second Level of Review.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** The institution has noted that a cooling liquid and shower access is to be provided when the temperature reaches 90 degrees in a unit setting into motion a Stage II heat alert. The institution has stated that a Stage II heat alert has not been reached thus far this year at LAC. The temperature has not reached the mandated high to require issuing inmates on psychotropic medication cooling liquids and shower access in their assigned units. The appellant then claims that his cell reaches above 90 degrees when the fire alarm system is shut off. The appellant has not provided any evidence or documentation to substantiate his claim that he has notified staff of the cell conditions requiring repairs. The institution has informed the appellant to notify building staff when his cell reaches 90 degrees or more so that a maintenance repair request can be filled out. The institution has appropriately granted the appellant's request for cooling liquids and shower access when the institution is placed on a Stage II heat alert.

    The appellant has added new matter to the appeal when presenting it for a Director's Level Review. This must be submitted to the institution for review on a separate appeal in order to allow institutional staff the opportunity to respond and possibly, provide the appellant with a satisfactory response.

Exhibit G (2)

WILSON, K-66474
CASE NO. 0206120
PAGE 2

- **BASIS FOR THE DECISION:**

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, LAC
       Health Care Manager, LAC
       Appeals Coordinator, LAC
       Medical Appeals Analyst, LAC

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**          Location: Institution/Parole Region       Log No.            Category
**APPEAL FORM**                    1. _____            1. _____
CDC 602 (12/87)
                                   2. _____            2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME DAVID W. WILSON | NUMBER K60474 | ASSIGNMENT EOP | UNIT/ROOM NUMBER M-3-#336 |

A. Describe Problem: ___SEE ATTACHED SHEET___

If you need more space, attach one additional sheet.

B. Action Requested: Metal Screens removed from Windows or Reflective paper put on Windows, & Air Conditioners replace Swamp Collers & slots in all doors for cooling & AC in Library, Stats open 90°(EOPs) Showers 7 days 7:30am - 8:45p.m. If not any an all be held accountable to Court for degredation of CCR#3044(c), #3040#3061, P.C. 5 7009 5147, §2600 5102; 8th Amend. Seeking Damages at Liability, Obligation, Future Detriment, Emotional Stress, Mental Anguish, at individual & Official Capacities, Cell winters 12 hour & hour & any reprisal TRO & No Ad-seg double Screen cell

Inmate/Parolee Signature: _David W. Wilson_     Date Submitted: 7-18-2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

A. Describe Problem: On extremely "Hot" days, even rather Warm d in (CMF) California Medical Facility cell unit (EOP's) Enhanced Out Patients on ("Heat Medication") are suffering unusual Punishment by little if not "No" Air-Circulation in cells due to Metal Screens placed on Windows in mid 1990's, Which before when I lived in CMF in 1970's, 1980's Inmate's could OPEN Windows Out horizontal receive Air-Circulation, Which Metal Screens allowed ⅛ of Windows to Open thereby impeading Air-Flow Circulation to almost "NONE" Which with temperature's of above 100° degree's all week many of Us (EOP's) are dizzy, headaches, and breathing problems which can lead to Heat stroke due to Metal Screens on Windows, was placed on Windows for penological justification of panacea Safety & Security.

I myself and other EOP prisoner's are being denied air to breath and common decency of quality of Air-Flow Circulation per cubic feet of Air to Circulate from cell Air-Exhaust vent thur Windows for Air-Exhaust is old and "Not" producing amount of Air design to Flow thur Open Cell Windows. Which Cell unit's L-3, and Segregat Unit P-3, has mesh screen also on Inside of Windows impeading Air Flow Worst and causing Black & Green mold inside Metal screens & Window

Which none of above meets Penol Code § 7000.(a)(b): Masters Plan of Construction, Which there are Fans in Cell Hallways and Swamp Cooker o The end of each cell unit, Yet! Cell door's are ⅛ inch from floor and Metal Screens on Outside & inside Windows "do not" allow Air-Flow for cool; Which unit's M-3, L-3, N-3, P-3, has Food Tray Slot that can be Open, wh help Air-Flow But! administration will not allow open, and other EOP un have "No" way to receive decent Air-Flow for cooling M-2, M-1, L-2, L-1, N N-1,

Also in M-3, we are not allowed to shower until 2:00 - 3:90 p.m. Monday Friday and Saturday until 9:00 or 10:00 a.m., and "NO" showers on Sunday for Memorandum of May 3, 2003, Claiming Water Conservation by the city. So Officer's use this reason as in Community Meeting 7-14-2005, C/o Brinkh Uses this reason to shower only one side of tier housing and Psy. Dr. Tyler Confirms this at meeting and will not listen to Patient's request for exempti to shower before different Church Services and Dr. Tyler takes administration point of view of any (EOP's) relief of administration degredation, as C/o Brinkhaus belligerent voice modulation an inflection tonal qualities of screa & yelling at Patient's in all vicissitudes of living in unit which this disgruntle propensity & procilivity of yelling at patient's to attend Groups Causes patien to not go refusing CCR# 3363, and telling Inmate's to get out the shower Inmate Phil Fer dan who C/o Brinkhaus turned water off while I/m Ferdan still Soaped up, which later I/m Ferdan busted out office Windows on about 7-3∎ for being denied a shower & I/m Ferdan placed in segregation.

Which Shiwer's are not given even at CMF, or Inmate's encouraged t Shower as hereto attached Exhibit's 7(F)9, 7(F)91, CMF Heat Plan∎

OVER →

at Exhibit 7(F)3, #2, STAGE I, which Ice is not "given out STAGE II, #1.
Which many (EOP's) are (DDP) Developmentally Disabled Program as DD1, DD2, DD3,
Remedial Plan, Clark v. California (N.D.Col.) C96-1486 FMS; also Patients with
Physical disiabilities Wheelchairs, Walking Canes, Hearing & seeing Disabilities,
Leg & Back Braces, meeting Armstrong V. Scharzenegger (N.D. CJ) C94-2037-CW,
Remedial Plan, which I wrote Coleman V. Scharzenegger, Attorney's of this
6-6-05, here to attached Exhibit 7(F)1, at lines #2 ~ #4, Officer's CMF
denying on Caprice & arbitarey (EOP's) Showers on Heat Alert days stage I, as
today Showers until 2:00 p.m., see Exhibit 7(F)4.

Also showers not given in M-3, for Officer's "do not" give cell unlocks at
half past hour of 5 minutes before till 5 minutes after the hour as general
population, which is Discrimination as general population Shower's from 7:00 a.m,
to 8:45 p.m. and showers on Sunday and 9.P., not on Heat Medication.

Which inadequate ventilation violates the Eight Amendment or contributes to
an unconstitutional combination of conditions, e.g. ("Shower's"), Inadequate
or excessive heating also violates the Eight Amendment, although mere variations
in temperature or occasional breakdowns do not, as M-3, Officer's Office
Microwave Oven "shorting" out dayroom, TV & Swampcooler 10 times a day and
Complete power failure 7-15-2005, for over 2 hours and No backup generators

This violates Title 15, CCR# 3069 Means, for CCR# 3061 Personal Hygiene, also
Violates Penal Code §147, Inhumanely or Oppressively Treating Prisoner's, for Penal
Code § 6102(a) Mentally disorded (b) Developmentally disabled, for Penal Code § 2600
Retention of Rights, CCR #3004(c), for atypical significant hardship on
Ordinary incidents of prison life, Sandlin V. Conner (1995) 515 U.S. 472, 483, 115
S.ct. 2293, 32 L. Ed. 2d 418.

THE FOLLOWING EOP PRISONER'S SIGN AS TRUE & CORRECT UNDER PENALTY
OF PERJURY AIR-FLOW CIRCULATION IN CELLS IS DENIED BY WINDOWS NOT
OPENING COMPLETELY & FANS, SWAMP COOLER NOT COOLING CELLS; AND NOT
GIVEN ICE & COOL DRINKS HEAT ALERT STAGE II, & SHOWERS DENIED 90° &
7:30 - 8:45 p.m. TO ONE SIDE TIER & CELL UNLOCKS DENIED TO SHOWER &
C/O BRINKHAUS WILL CREATE MORE INCIDENTS IF ALLOWED REMAIN IN
UNIT YELLING AT EOP'S & WE SEEK ANOTHER PSY. SUPERVISOR THAN
Dr. TYLER FOR EMOTIONAL STRESS MENTAL ANGUISH FROM STAFF

| Print Name | CDC # | Date | Signature |
|---|---|---|---|
| David W. Wilson | K66474 | 7-16-2005 | Daniel W. Wilson |
| Smith R. Ear | V43217 | 7-16 05 | Smith E |
| Peterson, Thomas | T79052 | 7-16 05 | Thomas Peterson |
| LIEFFE, Derek | F-63151 | 7-17-05 | Derek W. Zulls |
| | | | |
| M. Modie | P-11314 | 7-17-05 | Doug M. Modie |
| J. Keen | 182547 | 7-11-05 | Britney Jackson |
| N. Green | H47230 | 7-17-05 | Nathan Green |
| STALLWORTH MARK | C-6551 | 7-17-05 | C. Paul worth |
| S. Fel Ted | Skelme J | 7-17-05 | Skelmy |
| | E-86605 | | |
| Lee Ellis | TP4F-87 | 7-17-05 | |
| Jesse Ford | P2581 | 7-17-05 | Jesse Ford |
| Perry Harrison | 64728 | 7-3-05 | Perry Harrison |
| | | | |
| JOHN EUZEY | 71310 | 7 05 | |
| ESWALL, JUSTIN | T5951 | 7-17-05 | |
| WALTON, NORRIS | E-85702 | 7-17-05 | |
| Lonnie Tolan-Mill | 274-01 | 7-17-05 | |

Exhibit 7(F)21

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO **
ERNEST GALVAN

HOLLY BALDWIN
GAY C. GRUNFELD
JANE KAHN
MEGHAN LANG
ANNE MANIA
THOMAS NOLAN
LORI RIFKIN ***
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN ****

ROSEN, BIEN & ASARO, LLP
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE
(415) 433-6830

FAX
(415) 433-9104

EMAIL
rba@rbalaw.com

received 7-21-2006

July 12, 2006

CONFIDENTIAL – LEGAL MAIL
David Wilson, K-66474
CMF
PO Box 2000
Vacaville, CA 95696

Re:    *Coleman v. Schwarzenegger*
       Our File No. 935-1

Dear Mr. Wilson:

I am writing to you in response to your our office received May 5, 2006. I apologize for the delay in getting back to you. In your letter you wrote that you would like a copy of the court order in *Coleman* that requires the CDCR to remove the mesh ventilation in the administrative segregation units. I have enclosed a copy of the order for your review.

You also wrote that you are seeking legal assistance in this matter. Unfortunately, due to the amount of work required for class action lawsuits, we do not have the resources to represent you in your case. If you are interested in retaining a lawyer for your case, you should contact the state bar lawyer referral service. The following is their contact information:

Lawyer Referral Services Program (LRS)
The State Bar of California
180 Howard Street
San Francisco, CA 94105
1-866-442-2529

Thank you and good luck.

ROSEN, BIEN & ASARO, LLP

By: Kathleen Johnson-Silk
Paralegal

KJ:kjs
Encl: Legal research, originals (exhibits)

* MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
** OF COUNSEL
*** MEMBER OF THE CONNECTICUT AND NEW YORK BAR
**** MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11              Plaintiffs,              No. CIV S-90-0520 LKK-JFM P

12        vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,
14
              Defendants.               **ORDER**
15   _____/

16        On April 28, 2005, the special master filed a report on suicides completed in the

17   California Department of Corrections (CDC) in calendar year 2003. The report contains five

18   recommendations for specific action by defendants. Neither party has filed objections to the

19   report or its recommendations. Good cause appearing, the special master's recommendations

20   will be the order of the court.

21        In accordance with the above, IT IS HEREBY ORDERED that:

22        1. Within thirty days from the date of this order defendants shall submit to the

23   special master a plan for dealing with the hazard of large-mesh ventilation screens in

24   administrative segregation cells in which mental health caseload inmates are housed.

25        2. Within sixty days from the date of this order defendants shall develop and

26   implement a policy that establishes clearly and unequivocally a requirement for custody staff to

                                           1

1  provide immediate life support, if trained to do so, until medical staff arrive to initiate or

2  continue life support measures, irrespective of whether the obligation to do so is part of the

3  particular custody staff member's duty statement.

4          3. The defendants shall provide the special master with a summary description of

5  the methods and outcomes of all investigations whenever the Suicide Report or suicide review

6  process refers any member of the mental health, medical or custody staff, initially judged to have

7  been responsible for some act of incompetence, malfeasance or negligence, to another

8  investigatory and/or disciplinary channel.

9          4. Within ninety days from the date of this order the Health Care Services

10 division of the CDC shall develop as part of the suicide review process a procedure to ensure the

11 implementation of remedies described or promised in institutional responses to the

12 recommendations for corrective action in individual Suicide Reports.

13          5. Within sixty days from the date of this order defendants shall develop a plan

14 for the initiation of a process for tracking the suicidal history of inmates in CDC's mental health

15 caseload in the Mental Health Tracking System and/or any successor management information

16 system used by the department

17 DATED:  June 9, 2005.

18                                   /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
19                                   SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
20 /suicide2003.mr

21

22

23

24

25

26

                                        2

CMF, M-3 - #315
P.0. Box 2000
Vacaville, CA 95696

June 13, 2007                    C. C.

To: Michael Bien, Attorney
        Rosen, Bien & Galvan, 315 Montgomery St, 10th Fl., S.F., CA 94th

Re: Request CDCR Compliance Court ORDER 2005, Remove Screen Mesh Over Air Vents Ad-seg
EoP & All Prisons? CMF & Request Windows "Opened" CMF For Air To Breath Pursuant
__Wardens ORDER & Court Case No. 2:06-CV-01391-FCD-PAN-(JFM) WILSON V CDCR__

Dear Mr. Bien, "I have not talked to you since August 8, 2005, here at CMF, and I
Want you to Know I am aware of all you Rosen, Galvan & Paralegals do for us
Inmate's above and beyond your duties as Coleman Attorney's. Thank You

Therefore will you have the court have CDCR comply ORDERS of 2005, to remove
Screen/Mesh from Air-Vents, Your Office sent me copy 2006, and I filed this in 7-1
TRO in above case. To which the Court after First Amended Complaint 3-9-07,
ORDERED page 2, it appears that plaintiff is seeking enforcement of the Coleman injun
If so, the appropriate procedure is to seek relief in that ongoing litigation
Sir! the reason I am seeking relief of Screen/Mesh on Air-Vents placed in "New" EoP Ad,
4-2007, Unit M-3, I am now in & Violation of Court Order Coleman case.
I Typed, second Amended Complaint Wilson V. CDCR on 4-3-07, & this was requested, a
Windows to be put in working Opening & closing condition. Here at CMF New "Eop Ad-
Windows have been sealed closed & Not either Ad-segs CMF, which is Discrimination ADA ?
Which if you will review attached Request Exhibit W(A), to Sgt. he responds this is consi
With Court Orders. yet! Wardens letter proves false Exhibit W(A)1, W(A)1b at 1b, Wh.
Request to Warden Exhibit W(A)2, Explains & No response.

I Know Guards act as God in CMF & control our Air & Right to Air," So would you inter-
on this is sue also to prison Union & CMF Gods for Courts have No Control of CMF & Guen
& it's 100 degrees today for We in M-3 have No Air Conditioning as old EoP Ad-seg P-3, DI
Now has air-conditioning, & We receive "No" Ice Drinks as EoP mainline & General Population.
Please! mention this to Union & CMF Gods For Satan & Warden, HUBBARD Keeps it hot in HE

P.S. Can you forward copy this & documents              Thank You   Daniel W. Wilson
    to Joseph Michael Keating or
    jmichaelkeatingjr @ yahoo. com

**ROSEN, BIEN & GALVAN, LLP**

ATTORNEYS AT LAW

POST OFFICE BOX 390

SAN FRANCISCO, CALIFORNIA  94104

received 6-28-2007

June 26, 2007

**CONFIDENTIAL - LEGAL MAIL** Heat Condition/Windows & Single Cell Lawsuit

David Wilson, K-66474

California Medical Facility

P .O. Box 2000

Vacaville, CA  95696

Re:    *Coleman v. Schwarzenegger*
       Our File No. 489-3

Dear Mr. Wilson:

This is in response to your letters dated June 13 and June 18, 2007, which we received on June 15 and June 22, 2007. We are not able to respond to all letters individually. If we need more information from you, or if we have important information to give you, we will write back to you. **If not, this is the only response you will receive.** We are returning any original documents you may have sent to our office.

You wrote about mental health care in the CDCR. We are sending this form letter response either because your letter was providing information only and does not require a personalized response, or because we are unable to take action at this time to address the concerns raised in your letter. Please refer to the Frequently Asked Questions (FAQ) handout that we previously sent you, since a wide range of mental health related topics are covered in that packet.

We apologize for this impersonal response. We regret that this is the only way we are able to address the hundreds of letters that we receive from prisoners each week. Please know that we read and summarize every single letter that we receive from class members, whether or not we are able to send back a personal response. The information you provide about problems in the prisons is very useful in our efforts to improve the CDCR's mental health treatment programs. We encourage you to continue to inform us of any new problems with the CDCR's mental health treatment programs.

Thank you for writing, and good luck.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

By: Kathleen Johnson-Silk
    Paralegal

JK:kjs

Encl. Orig.