| | |
|---|---|
| PRISON LAW OFFICE | ROSEN, BIEN & GALVAN, LLP |
| DONALD SPECTER, Bar No. 83925 | MICHAEL W. BIEN, Bar No. 96891 |
| STEVEN FAMA, Bar No. 99641 | JANE E. KAHN, Bar No. 112239 |
| ALISON HARDY, Bar No. 135966 | AMY WHELAN, Bar No. 215675 |
| SARA NORMAN, Bar No. 189536 | LORI RIFKIN, Bar No. 244081 |
| REBEKAH EVENSON, Bar No. 207825 | LISA ELLS, Bar No. 243657 |
| E. IVAN TRUJILLO, Bar No. 228790 | 315 Montgomery Street, 10th Floor |
| 1917 Fifth Street | San Francisco, California 94104 |
| Berkeley, CA 94710 | Telephone: (415) 433-6830 |
| Telephone: (510) 280-2621 | |
| | |
| KIRKPATRICK & LOCKHART PRESTON | BINGHAM, McCUTCHEN, LLP |
| GATES ELLIS LLP | WARREN E. GEORGE, Bar No. 53588 |
| JEFFREY L. BORNSTEIN, Bar No. 99358 | Three Embarcadero Center |
| EDWARD P. SANGSTER, Bar No. 121041 | San Francisco, California 94111 |
| RAYMOND E. LOUGHREY, Bar No. 194363 | Telephone: (415) 393-2000 |
| 55 Second Street, Suite 1700 | |
| San Francisco, CA 94105-3493 | |
| Telephone: (415) 882-8200 | |

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No. Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA, et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | Date: August 7, 2008 |
| ARNOLD SCHWARZENEGGER, et al., | Place: Courtroom 26 |
| Defendants | Judge: Hon. John F. Moulds, Magistrate Judge |

-1-

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2008, at 11:00 a.m., or as soon thereafter as the matter may be heard, plaintiffs will and hereby do move this Court to compel defendants to produce data and documents responsive to Requests Nos. 40-43 of Plata Plaintiffs' Third Set of Requests for Production of Documents. Plaintiffs make this motion under Federal Rules of Civil Procedure 26 and 34 on the grounds that defendants have improperly made and inadequately supported their objections to these Requests. Plaintiffs seek an order compelling Defendants to produce data and documents responsive to Requests Nos. 40-43 of Plata Plaintiffs' Third Set of Requests for Production of Documents within three calendar days of the Court's order.

This Motion is supported by this Notice of Motion and Motion to Compel Production of Documents, the accompanying Memorandum of Points and Authorities, the Declaration of Rebekah Evenson in Support of Motion to Compel Production of Documents, the exhibits attached thereto, the papers and pleadings on file in this action, and other such pleadings and evidence and arguments as may come before the Court upon the hearing of this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek an order compelling defendants to produce data and documents that are essential to their expert's analysis of the impact of a "prisoner release order" on public safety. The data requested is raw data maintained by defendants and relied on by defendants' own consultant to create a "Risk Assessment Instrument" for analyzing the risk of releasing prisoners.

After settlement talks had failed in late June, 2008, plaintiffs told defendants of their expert's need for the data. Since that time, plaintiffs have been diligently attempting to obtain the necessary data first through informal requests and then through formal discovery. In June, defendants responded to plaintiffs' request for the data by telling plaintiffs they would only

-2-
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

respond to formal discovery. In July, after plaintiffs served document requests asking for the data, defendants responded with boilerplate objections.

For the reasons set forth below, defendants' objections should be rejected, and defendants should be ordered to produce the requested data immediately.

## II. NATURE OF THE CASE

The central allegations in these proceedings are that California's prisons are overcrowded and that the overcrowding is the primary cause of violations of prisoners' constitutional rights to adequate medical and mental health care. Based on these allegations, plaintiffs seek a court order requiring the State to reduce its prison population. Under the Prison Litigation Reform Act (PLRA), in order to obtain a "prisoner release order," plaintiffs must demonstrate to a specially-constituted Three-Judge Panel that "crowding is the primary cause of the violation of a Federal Right" (here, the rights to medical and mental health care), and that "no other relief will remedy the violation of the Federal Right." 18 U.S.C. §§3626(a)(3)(E)(i) and (ii). The PLRA also requires any Three-Judge Panel hearing such a motion to consider whether a "prisoner release order" would have an "adverse impact on public safety." 18 U.S.C. §3626(a)(2).

In its July 2, 2008 Order, the Three-Judge Panel imposed an August 15, 2008 deadline for production of expert reports and an August 27, 2008 deadline for rebuttal reports. July 2, 2008 Order at 3. Plaintiffs intend to identify Dr. James Austin as an expert, and to produce his expert report addressing the question whether a prisoner release order would have an adverse impact on public safety. Evenson Decl., ¶8. In order to complete his report, Dr. Austin needs data about the characteristics of the prison population that would enable him to assess what portion of the prison population would be appropriate targets for early release (e.g., data showing the numbers and percentage of prisoners incarcerated for serious crimes versus less-serious offenses or parole violations.) Evenson Decl., ¶¶8-9, Exh. C. Dr. Austin has identified a detailed list of all of the data he needs to complete his assessment. Evenson Decl., Exh. C.

-3-
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

Discovery was stayed in this matter until June 30, 2007, pending mediation talks. On June 24, before discovery had reopened, plaintiffs initiated a telephone conference with defense counsel to discuss, among other things, Dr. Austin's data needs, and to request that the parties negotiate an informal means for identifying available data and exchanging the requested information. *See* Evenson Decl., ¶8. Defense counsel would not agree to such an exchange during the telephone call, but requested that plaintiffs put the request in writing. *Id.*

In a June 25, 2008, letter to defense counsel, plaintiffs described with particularity the two categories of data from CDCR needed by Dr. Austin. *Id*. ¶9, Exh. C. The first category is the most recent version of data that had been previously provided to Dr. Austin by the CDCR Office of Research, and the second category is data that had been used by Dr. Jesse Jannetta, the CDCR consultant who developed the California Static Risk Assessment. *Id*. Finally, plaintiffs also proposed an informal information exchange. *Id*.

By letter of June 27, 2008, defense counsel refused to cooperate in providing the data, stating that plaintiffs would have to file formal discovery requests in order to obtain the data. Evenson Decl, Exh. D. Defendants never identified any problems with their ability to produce the requested data. *Id.* On June 30, 2008, the first day that discovery in this matter reopened, Plaintiffs served their Third Set of Requests for Production of Documents. *See* Evenson Decl,. Exh. A. Requests Nos. 40-43 contain the relevant data requests. *Id.*

Although responses were due on July 24, 2007, defendants served their responses by mail on that date, and plaintiffs did not receive them until the following day, Friday, July 25, 2008. Evenson Decl, ¶7, Exh. B. In their responses, defendants interposed a number of objections and refused to produce *any* data. *Id*.

### III. THE PARTIES MET AND CONFERRED

Plaintiffs' counsel left a message for defense counsel first thing on Monday, July 28, 2008, asking to discuss the discovery responses, emphasizing the urgent nature of the issue. Evenson Decl. ¶11. Hearing no response, plaintiffs' counsel wrote and sent an email letter to defense counsel requesting a meeting and outlining plaintiffs' position. Evenson Decl. ¶¶ 11-

-4-
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, III. THE PARTIES MET AND CONFERREDNOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

12, Exh. E.  When defense counsel called at the end of the day, defendants' counsel stated that -- to that day -- they had not even researched what type of data defendants possessed that might be responsive to the request.  *Id.* ¶13.  Defense counsel requested more time to determine what data they have.  *Id.*  In two additional telephone conferences on July 29, 2008, defendants agreed to waive the mediation privilege so that Dr. Austin could use certain data defendants had provided to him (for an earlier time period) during the mediation process.  Evenson Dec., ¶14.  However, they refused to provide the most current data, and refused to provide *any* data responsive to plaintiffs' requests No. 43, on the grounds that 1) they do not have some of the data requested, and 2) some of the data would be difficult to compile.  *Id.* ¶¶13-15.

Also on July 29, 2008, defense counsel requested that the parties confer again on July 31, 2008.  *Id.* ¶15.  During one of the three telephone conferences on July 31, 2008, defense counsel stated that defendants had provided certain raw data to their consultants, but still, after nearly a week of meeting and conferring about the matter, would not commit to providing this or any other data to plaintiffs.  *Id.* ¶16.  Defense counsel requested still more time to discuss the matter with their clients.  Due to the extremely urgent need for the data, plaintiffs could not continue to wait in the hopes defendants would agree to produce the data.  *Id.*  Plaintiffs' counsel informed defendants that they will seek the court assistance in resolving the matter.  *Id.*  Defense counsel refused to file a joint statement or to agree to a briefing schedule on the matter. *Id.*

**IV. ARGUMENT**

    **A.    The Data Sought is Necessary to Demonstrate the Impact of a Prisoner Release Order on Public Safety**

Under the Prison Litigation Reform Act, one of the essential elements that must be decided by the Three-Judge Panel before issuing a "prisoner release order" is whether such an order would have an "adverse impact on public safety." 18 U.S.C. §3626(a)(2). Consequently, plaintiffs have retained an expert, Dr. James Austin, to analyze and submit a report on this question.

Dr. Austin requires data regarding the current prison population to make his assessment. The data he needs is 1) the most current data regarding the prison population (Requests Nos. 40-42),[1] and 2) a copy of the raw data from CDCR used by their own consultant Dr. Jesse Jannetta (Request No. 43). Both types of data are under the exclusive control of the CDCR and its consultants. Without this essential population data, plaintiffs' expert will not be able to complete his report. Accordingly, the data is relevant and should be produced pursuant to Federal Rules of Civil Procedure 26 and 34.

### B. Defendants' Objections Lack Merit

Defendants' main objection is that it would be burdensome to produce the data plaintiffs seek because defendants do not have some of the data for certain time periods requested. But defendants should be required to produce the responsive data that *does* exist, and, where the data does not exist for the time periods requested, to confer with plaintiffs to amend the time periods for which the data could be produced. Instead of meeting and conferring in good faith, defendants stalled for more than a month and then flatly refused to produce *any* data. Any burden incurred by defendants' delay and failure to even confer about narrowing the request is the fault of defendants.

Defendants also contend that some of the requested data is kept in different databases and so they would need to write a computer program to gather together the responsive data. What defendants characterize as a computer program is actually only a query to the database, something that is very commonly used by defendants' researchers to generate meaningful information from the database. Moreover, plaintiffs believe that the query is identical to the one defendants used during the mediation period, and that defendants' consultants used to gather the data necessary to analyze the risk assessment instrument. To the extent that the data is kept in more than one data file, the data can be produced as more than one data file. The burden argument should be rejected.

---

[1] If defendants contend that the data already provided during the mediation process is sufficient, then they should be barred from challenging the accuracy or timeliness of that data. If defendants refuse to so stipulate, plaintiff is entitled to obtain the most current data.

-6-

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, III. THE PARTIES MET AND CONFERREDNOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

During the meet and confer process, defendants abandoned the other objections they had interposed in their response to the request for production of documents. In any event, those objections are meritless.

Defendants objected to certain requests because they allege that some data has already been provided to plaintiffs. But while plaintiffs received some data during the mediation process, they did not obtain the current data that they now seek. Defendants objected that the request was overbroad, and sought information (such as mental health data) not relevant to the *Plata* plaintiffs' claims. But all of the data – including data relating to the number of inmates who have mental health problems – is relevant to Dr. Austin's analysis of whether a prisoner release order would adversely affect public safety. Defendants objected that the data will contain private information about inmates, but the Protective Order entered in this matter will resolve any such privacy concerns. Defendants objected that the terminology used to describe the "data fields" was vague and ambiguous, but plaintiffs defined those terms by reference to terminology used by CDCR's Office of Research. Evenson Decl., Exh. A at 1,3 (Instructions and Definitions). Finally, although defendants asserted a number of privilege objections (including attorney-client privilege, work product privilege, "self-critical analysis" privilege, and others), there can be no serious contention that the raw data requested fits within any of these categories; in response to plaintiffs' letter inquiring about these asserted privileges, defendants have provided no justification for asserting that the data is privileged. Evenson Dec., Exh. E.

Because defendants have no valid objection to producing the requested, relevant data, they should be compelled to produce it.

### C. Further Delay Will Prejudice Plaintiffs

Dr. Austin's report will be an important part of plaintiffs' evidence demonstrating that a prisoner release order will not adversely impact public safety. And a key element of Dr. Austin's testimony will be his analysis of how California's current prison population can be reduced without a significant impact on public safety. Plaintiffs will be severely prejudiced if

-7-

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, III. THE PARTIES MET AND CONFERREDNOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

they are unable to obtain the necessary data in time for Dr. Austin to complete this analysis. Accordingly, plaintiffs respectfully request that the Court order defendants to produce the data on an expedited basis so that Dr. Austin can complete the necessary analysis as soon as possible.

## V. CONCLUSION

For the foregoing reasons, plaintiffs request that the Court issue an Order compelling defendants to produce data and documents responsive to Document Requests Nos. 40-43 within three calendar days of the Order.

Dated: July 31, 2008

Respectfully submitted,

/s/ *Rebekah Evenson*

Rebekah Evenson
PRISON LAW OFFICE
Attorneys for Plaintiffs

-8-
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO COMPEL DISCOVERY RESPONSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, III. THE PARTIES MET AND CONFERREDNOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]