PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
E. IVAN TRUJILLO, Bar No. 228790
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>**EVENSON DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>Date:　August 7, 2008<br>Place:　Courtroom 26<br>Judge:　Hon. John F. Moulds, Magistrate Judge |

EVENSON DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

I, Rebekah Evenson, declare as follows:

1. I am an attorney admitted to practice in this state and before this Court. I am a staff attorney at the Prison Law Office, and one of the attorneys for the plaintiff class in this action.

2. This declaration is submitted in support of plaintiffs' Motion to Compel Discovery Responses and Ex Parte Application for an Order Shortening Time to have the Motion heard on an expedited schedule.

3. This is a motion to compel defendants to produce certain data that is essential to plaintiffs' expert and that defendants have refused to produce. Specifically, plaintiffs move to compel production of data and documents responsive to Document Request Nos. 40, 41, 42, and 43 of Plata Plaintiffs' Third Set of Requests for Production of Documents to Defendants.

4. The Three-Judge Panel imposed an August 15, 2008 deadline for production of expert reports, and an August 27, 2008 deadline for production of rebuttal reports in its July 2, 2008 Order. If we do not obtain the relevant data we seek by August 13, 2008, our expert Dr. James Austin will be unable to produce his expert reports by the August 15, 2008 deadline for reports or the August 27, 2008 deadline for rebuttal reports. Without Dr. Austin's report, plaintiffs will suffer substantial prejudice in our ability to present evidence on whether a "prisoner release order" would have an "adverse impact on public safety" pursuant to the Prison Litigation Reform Act. 18 U.S.C. §3626(a)(2).

5. A hearing before this Court on shortened time is therefore necessary because any further delay will prejudice plaintiffs' ability to present expert testimony on whether a "prisoner release order" would have an "adverse impact on public safety," which is a key element of plaintiffs' case.

6. Attached hereto as Exhibit A is a true and correct copy of Plata Plaintiffs' Third Set of Requests for Production of Documents, which were served by mail on June 30, 2008.

7. Attached hereto as Exhibit B is a true and correct copy of Defendants' Response to Plata Plaintiffs' Third Set of Requests for Production of Documents, which was dated July 24, 2008, but not received until July 25, 2008.

-1-
EVENSON DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

8. Plaintiffs intend to identify Dr. James Austin as an expert, and to produce his expert report addressing the question whether a prisoner release order would have an adverse impact on public safety. Before the discovery period re-opened, plaintiffs became aware that Dr. Austin would need certain data to complete his expert report in this matter. Accordingly, on June 24, 2008, I participated in a conference call with defendants in which I told them that Dr. Austin requires certain data in order to complete his expert analysis. I explained what data plaintiffs seek, and also explained that we are aware that such data exists because it has previously been provided to Dr. Austin or other consultants employed by defendants. I suggested informal means for ensuring an exchange of data. Defense counsel stated that they would consider providing the data informally if I would write a letter explaining what data we seek.

9. On June 25, 2008, I wrote a letter to defense counsel explaining precisely what data plaintiffs request for Dr. Austin. Attached hereto as Exhibit C is a true and correct copy of my June 25, 2008 letter, including the attachments included with my letter.

10. On June 27, 2008 defense counsel Renju Jacob responded to my letter (and the letter of my co-counsel Amy Whelan) by stating that "Defendants will not provide this data informally, will not allow Plaintiffs to informally speak with CDCR employees and will not change the form of any data to accommodate Plaintiffs' request. Plaintiffs are free to serve a request for production of documents and Defendants will evaluate and respond to such a request." Attached hereto as Exhibit D is a true and correct copy of an email train including Mr. Jacob's letter. Mr. Jacob did not identify any problems with the document request, or suggest that defendants did not possess responsive data.

11. On July 28, 2008 at approximately 9:30 a.m. I left a telephone message for defense counsel Samantha Tama stating that I need to meet and confer with defense counsel immediately regarding their refusal to produce the data sought in Plaintiffs' Third Set of Requests for Production of Documents. I explained once again that the data is essential to Dr. Austin's expert report, which is due in just over two weeks. I also explained that if I did not hear from defense counsel immediately, preferably on the morning of July 28, I would need to

-2-
EVENSON DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219945-1]

go to the court on an expedited basis to resolve this matter. (I am aware that Ms. Tama intended to be at work on July 28, 2008, as she told me during our telephone conversation on Friday, July 25, 2008, that she would be working on July 28 and July 29 to respond to two discovery motions currently calendared for hearing on August 7, 2008 before this Court.)

12. On the morning of July 28, 2008, I sent an email to all defense counsel requesting that someone call me to discuss their refusal to produce the data. Attached hereto as Exhibit E is a true and correct copy of my July 28, 2008 email to defense counsel in which I request a meeting, and further address each of the objections set forth in defendants' responses to the relevant discovery requests.

13. On the afternoon of July 28, 2008, I spoke by telephone with defense counsel Renju Jacob and Kyle Lewis about my letter of the same date. Mr. Jacob and Mr. Lewis stated that they had not even looked to determine whether defendants possessed responsive electronically-stored data. Mr. Jacob and Mr. Lewis told me that they needed to consult with their clients to determine what data exists, and asked for another meeting to discuss the matter on July 29, 2008.

14. On July 29, 2008, I again spoke with defense counsel by telephone. Mr. Jacob and Mr. Lewis informed me that 1) defendants would stipulate to allowing plaintiffs' expert Dr. Austin to use the data that he obtained through the mediation process in his expert report; 2) they would not produce any additional data in response to the data requests, because some of the data requested is not available, or is kept in separate data files, and in order to produce the data the office of research would need to write computer programs that take time to write, and so producing the data would be burdensome and time consuming; and 3) they would not stipulate to any shortened time for hearing plaintiffs' motion to compel.

15. I explained in the July 29, 2008 phone call with Mr. Jacob and Mr. Lewis that Document Request No. 43 merely aims at obtaining the data used by CDCR's own consultant to analyze CDCR's new risk assessment instrument. Mr. Jacob requested that the parties have another telephone conversation on Thursday, July 31 to discuss the matter further.

16. I spoke with Mr. Jacob by telephone on three separate occasions on July 31, 2008. I suggested that, in place of responding to Request No. 43, defendants could provide plaintiffs with a full set of reasonable data used by CDCR consultant Jesse Jannetta to analyze the Risk Assessment Insturment. During the July 31, 2008 telephone conference, defense counsel stated that defendants had provided certain raw data to their consultants, but still, after nearly a week of meeting and conferring about the matter, would not commit to providing this or any other data to plaintiffs. Defense counsel requested still more time to discuss the matter with their clients. Due to the extremely urgent need for the data, plaintiffs could not continue to wait in the hopes defendants would agree to produce the data. I informed Mr. Jacob that plaintiffs will seek the Court's assistance in resolving the matter. Mr. Jacob refused to file a joint statement or to agree to an expedited briefing schedule on the matter.

17. Plaintiffs seek expedited resolution of this dispute because the data requested in Document Requests Nos. 40 – 43 is essential to the ability of our expert, Dr. Austin, to complete his expert report. I have spoken with Dr. Austin, and Dr. Austin tells me that he will need two weeks to complete his analysis of the data.

18. On behalf of plaintiffs, I respectfully request the Court to set an expedited briefing and hearing schedule. I certify that the Ex Parte Application for Order Shortening Time is made in good faith and for good cause.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed this 31 day of July 2008 in Berkeley, California.

   /s/ *Rebekah Evenson*
Rebekah Evenson

[219945-1]

-4-
EVENSON DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH