EXHIBIT A

1

2  PRISON LAW OFFICE                          ROSEN, BIEN & GALVAN, LLP
   DONALD SPECTER, Bar No. 83925              MICHAEL W. BIEN, Bar No. 96891
3  STEVEN FAMA, Bar No. 99641                 JANE E. KAHN, Bar No. 112239
   SARA NORMAN, Bar No. 189536                AMY WHELAN, Bar No. 215675
   ALISON HARDY, Bar No. 135966               LORI RIFKIN, Bar No. 244081
4  REBEKAH EVENSON, Bar No. 207825            LISA ELLS, Bar No. 243657
   1917 Fifth Street                          315 Montgomery Street, 10th Floor
5  Berkeley, CA 94710                         San Francisco, California 94104
   Telephone: (510) 280-2621                  Telephone: (415) 433-6830
6
   KIRKPATRICK & LOCKHART PRESTON             BINGHAM, McCUTCHEN, LLP
7  GATES ELLIS LLP                            WARREN E. GEORGE, Bar No. 53588
   JEFFREY L. BORNSTEIN, Bar No. 99358        Three Embarcadero Center
8  EDWARD P. SANGSTER, Bar No. 121041         San Francisco, California 94111
   RAYMOND E. LOUGHREY, Bar No. 194363        Telephone: (415) 393-2000
9  55 Second Street, Suite 1700
   San Francisco, CA 94105-3493
10 Telephone: (415) 882-8200

11 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
12 CLAUDIA CENTER, Bar No. 158255
   600 Harrison Street, Suite 120
13 San Francisco, CA 94107
   Telephone: (415) 864-8848
14
   Attorneys for Plaintiffs
15
                   IN THE UNITED STATES DISTRICT COURTS
16
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
17
                 AND THE NORTHERN DISTRICT OF CALIFORNIA
18
           UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
           PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
19

20 | RALPH COLEMAN, et al.,                    ) No. Civ S 90-0520 LKK-JFM P
   |                                           )
21 |           Plaintiffs,                     ) THREE-JUDGE COURT
   |                                           )
22 |      vs.                                  ) PLATA PLAINTIFFS' THIRD SET OF
   |                                           ) REQUESTS FOR PRODUCTION OF
23 | ARNOLD SCHWARZENEGGER, et al.,            ) DOCUMENTS TO DEFENDANTS
   |                                           )
24 |           Defendants                      )
   |                                           )
25 | MARCIANO PLATA, et al.,                   ) No. C01-1351 TEH
   |                                           )
26 |           Plaintiffs,                     ) THREE-JUDGE COURT
   |                                           )
27 |      vs.                                  )
   |                                           )
28 | ARNOLD SCHWARZENEGGER, et al.,            )
   |                                           )
   |           Defendants                      )

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | ) No. Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | ) THREE-JUDGE COURT |
| vs. | ) PLATA PLAINTIFFS' THIRD SET OF |
| ARNOLD SCHWARZENEGGER, et al., | ) REQUESTS FOR PRODUCTION OF |
| Defendants | ) DOCUMENTS TO DEFENDANTS |
| MARCIANO PLATA, et al., | ) No. C01-1351 TEH |
| Plaintiffs, | ) THREE-JUDGE COURT |
| vs. | ) |
| ARNOLD SCHWARZENEGGER, et al., | ) |
| Defendants | ) |

PROPOUNDING PARTIES:    Plaintiffs Marciano Plata, *et al.*

RESPONDING PARTIES:    Defendants Arnold Schwarzenegger, *et al.*

SET NUMBER:    Three

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata, *et al.* request that Defendants Arnold Schwarzenegger, *et al.* ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, the PRISON LAW OFFICE, 1917 Fifth Street, Berkeley, CA 94710-1916. Responses to these Requests shall be due twenty-one (21) days after service pursuant to Judge Moulds' 10/30/07 Order [Docket 2495].

### INSTRUCTIONS

1.    Several of the following Requests seek electronically-stored data, and identify a list of "data fields" for the data sought. The terminology used to identify the data fields in the Requests is the same as the terminology used by the CDCR Office of Research to describe its own data, and the terms in the Request should be interpreted in the same way that the CDCR Office of Research uses those terms.

2.    The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

3.    The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

4.    The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

5.    The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

6.     Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are maintained); or (b) organized and labeled to correspond with the categories of the Requests to which they respond.

7.     If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

8.     In construing the Requests herein, the singular shall include the plural and the plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other genders, so that the interpretation applied results in the more expansive production. The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit the documents or information sought in any manner.

9.     If any Request demands production of documents that have been lost, discarded, or destroyed, identify such documents as completely as possible. Such identification shall include, but is not limited to, a description of the subject matter of the document, the author of the document, the date of the document's creation, the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

10.    For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, furnish a list identifying each document, or portion thereof, not produced for this reason, together with the following information: (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants of all persons who either prepared or received the document; (e) the number of pages and attachments; (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion thereof that may not properly be

redacted or withheld in its entirety, produce each and every portion thereof to which the claimed

privilege or exemption does not apply and specify, on the face of each such page or portion, the fact

and reason for the redaction or withholding.

## DEFINITIONS

1. CDCR means the California Department of Corrections and Rehabilitation.

2. CDCR PRISONS means a California Department of Corrections and Rehabilitation facility

in which class members in this litigation are or can be incarcerated.

3. "DATA" shall mean any and all information stored on media that may be accessed by a

Computer. "DATA" shall include information belonging to an organization which resides on portable

media and non-local devices such as remote offices, home computers, laptop computers, personal

digital assistants ("PDAs"), wireless communication devices (e.g., Blackberry) and Internet

repositories (including E-mail hosted by Internet service providers or portals and Web sites). "DATA"

also includes information belonging to an organization that is held by third parties such as application

service providers and business partners.

4. "DATA FIELDS" or FIELDS." Several of the following Requests seek electronically-

stored data, and identify a list of "DATA FIELDS" or "FIELDS" for the data sought. The terminology

used to identify the data fields in the Requests is the same as the terminology used by the CDCR

Office of Research to describe its own data, and the terms in the Request should be interpreted in the

same way that the CDCR Office of Research uses those terms.

5. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible

meaning and to include anything coming within the definition of "writings" and "recordings" as set

forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the

product of any method of recording information, whether by writing or otherwise, including without

limitation: any written, electronic, or computerized files, data or software; memoranda;

correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or

notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger

entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs;

transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and

the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

6. STOCK PRISONER POPULATION means a snapshot of the current prison population as of a particular date.

REQUESTS FOR PRODUCTION

DOCUMENT REQUEST NO. 40

An electronic data file that contains the following DATA FIELDS for each individual admitted into custody in a CDCR prison from June 1, 2007 to May 30, 2008:

    a. ID number

    b. Date of birth

    c. Race or ethnicity

    d. gender

    e. CDCR prison admit date

    f. CDCR prison admit status

    g. CDCR prison commitment

    h. jail credits

    i. 3rd strike flag

    j. 2nd strike flag

    k. serious offender flag

    l. good-time earning class (50%, 80% etc)

    m. primary offense category

    n. primary offense code

    o. current sentence

    p. county of commitment

    q. state of commitment

    r. initial class (839) record - all items

s. most recent reclass (840) - all items

t. expected prison release date

u. mental health code (CCCMS, EOP, etc.)

v. gang flag


DOCUMENT REQUEST NO. 41

An electronic data file that contains the following DATA FIELDS for each individual released from custody from a CDCR PRISON from June 1, 2007 to May 30, 2008:

    a. ID number

    b. Date of birth

    c. Race or ethnicity

    d. gender

    e. CDCR prison admit date

    f. CDCR prison admit status

    g. CDCR prison commitment

    h. jail credits

    i. 3rd strike flag

    j. 2nd strike flag

    k. serious offender flag

    l. good-time earning class (50%, 80% etc)

    m. primary offense category

    n. primary offense code

    o. current sentence

    p. county of commitment

    q. state of commitment

    r. initial class (839) record - all items

    s. most recent reclass (840) - all items

    t. facility location (at release)

u. mental health code (CCCMS, EOP, etc.)

v. release date

w. release type

x. gang flag

## DOCUMENT REQUEST NO. 42

An electronic data file that contains the following DATA FIELDS for the STOCK PRISONER POPULATION on June 1, 2008:

a. ID number

b. Date of birth

c. Race or ethnicity

d. gender

e. CDCR prison admit date

f. CDCR prison admit status

g. CDCR prison commitment

h. jail credits

i. 3rd strike flag

j. 2nd strike flag

k. serious offender flag

l. good-time earning class (50%, 80% etc)

m. primary offense category

n. primary offense code

o. current sentence

p. county of commitment

q. state of commitment

r. initial class (839) record - all items

s. most recent reclass (840) - all items

t. expected prison release date

u. facility location (current)

v. mental health code (CCCMS, EOP, etc.)

w. gang flag

## DOCUMENT REQUEST NO. 43

The electronic data file used by CDCR and/or its employees, agents or contractors to construct and validate the "California Static Risk Assessment" instrument (as identified on page 5 of the April 2, 2008 Power Point presentation by Jesse Janetta, attached hereto as Appendix A), which includes data from approximately 100,000 "releasees" from CDCR in fiscal year 2002-2003, and identifies which data were used as a "construction sample" and which were used as a "validation sample," and includes the following FIELDS:

a. ID number

b. Date of birth

c. Race or ethnicity

d. CDCR prison admit date

e. CDCR prison admit status

f. CDCR prison commitment

g. jail credits

h. 3rd strike flag

i. 2nd strike flag

j. serious offender flag

k. good-time earning class (50%, 80% etc)

l. primary offense category

m. primary offense code

n. current sentence

o. county of commitment

p. state of commitment

q. initial class (839) record - all items

r. most recent reclass (840) - all items

s. expected prison release date

t. facility location at release

u. mental health code (CCCMS, EOP, etc.)

v. gang flag

w. CDCR static risk factors

**DOCUMENT REQUEST NO. 44**

Any and all videotaped presentations by CDCR Secretary Matthew Cate that were addressed to CDCR employees.

**DOCUMENT REQUEST NO. 45**

The Aging Report for Onsite Specialty Care for January 1, 2008 and July 1, 2008 for each CDCR PRISON.

**DOCUMENT REQUEST NO. 46**

The Aging Report for Offsite Specialty Care for January 1, 2008 and July 1, 2008 for each CDCR PRISON.

Dated: June 30, 2008                                          Respectfully submitted,

_Rebekah Evenson_

Rebekah Evenson
Prison Law Office
Attorneys for Plaintiffs

EXHIBIT B

1  EDMUND G. BROWN JR.                        HANSON BRIDGETT LLP
   Attorney General of the State of California   JERROLD C. SCHAEFER - 39374
2  DAVID S. CHANEY                            PAUL B. MELLO - 179755
   Chief Assistant Attorney General           SAMANTHA TAMA - 240280
3  ROCHELLE C. EAST - 183792                  RENJU P. JACOB - 242388
   Acting Senior Assistant Attorney General   425 Market Street, 26th Floor
4  KYLE A. LEWIS - 201041                     San Francisco, CA  94105
   Deputy Attorney General                    Telephone: (415) 777-3200
5  455 Golden Gate Avenue, Suite 11000        Facsimile:  (415) 541-9366
   San Francisco, CA 94102-7004               jschaefer@hansonbridgett.com
6  Telephone: (415) 703-5677                  pmello@hansonbridgett.com
   Facsimile:  (415) 703-5843                 stama@hansonbridgett.com
7  rochelle.east@doj.ca.gov                   rjacob@hansonbridgett.com
   kyle.lewis@doj.ca.gov
8  lisa.tillman@doj.ca.gov

9  Attorneys for Defendants

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  MARCIANO PLATA, et al.,           No. C01-1351 TEH

15              Plaintiffs,           CLASS ACTION

16       v.                           DEFENDANTS' RESPONSE TO
                                      PLAINTIFFS' THIRD SET OF REQUESTS
17  ARNOLD SCHWARZENEGGER, et al.,    FOR PRODUCTION OF DOCUMENTS

18              Defendants.

19

20  **PROPOUNDING PARTIES:**   Plaintiffs Marciano Plata, *et al.*

21  **RESPONDING PARTIES:**    Defendants Arnold Schwarzenegger, *et al.*

22  **SET NUMBER:**            Three

23              INTRODUCTION AND DEFINITIONS

24       1.    "PLAINTIFFS" shall mean class representatives Marciano Plata, et al., the

25  named plaintiffs in the action *Plata v. Schwarzenegger*, Case No. C 01-1351 TEH (N.D.

26  Cal.) (*Plata*).

27       2.    "DEFENDANTS" shall mean Arnold Schwarzenegger, Michael Genest, and

28  Matthew Cate, the named Defendants in the *Plata* action.

- 1 -

3.    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28 U.S.C. section 2284 in the cases of *Plata* and *Coleman v. Schwarzenegger*, Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

4.    DEFENDANTS have not completed their investigation of the facts relating to this case, have not completed their discovery in this action, and have not completed their preparation for trial. To the extent that DEFENDANTS learn that in some material respect that a response below is in any way incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to PLAINTIFFS during the discovery process or in writing, DEFENDANTS will supplement or correct the response and/or produce any additional responsive non-privileged documents and provide updated privilege logs in a timely manner, as required by the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1.    DEFENDANTS object that this discovery propounded by PLAINTIFFS is harassing and unduly burdensome in that DEFENDANTS have already produced to PLAINTIFFS over 485,000 pages of documents in response to previous discovery requests propounded during the course of this proceeding.

2.    DEFENDANTS object that the discovery is impermissibly propounded by "Marciano Plata, et al." Under Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFFS must identify with specificity the party that is propounding the discovery. Additionally, the coordinated nature of the PROCEEDING makes the discovery unduly confusing and ambiguous.

3.    DEFENDANTS object that the discovery is impermissibly propounded to "Arnold Schwarzenegger, et al." Under Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFFS must identify with specificity to which party discovery is propounded.

4.    DEFENDANTS object that the discovery seeks DOCUMENTS that are neither relevant to any party's claims or defenses in this PROCEEDING, nor are reasonably calculated to lead to the discovery of admissible evidence.

- 2 -

1    5.    DEFENDANTS object that the requests seek information equally available

2  to PLAINTIFFS and are thus overbroad and unduly burdensome.  In accordance with

3  *Plata* remedial orders, PLAINTIFFS receive a monthly document production and other

4  additional discovery from DEFENDANTS and from the Receiver appointed in *Plata*.

5    6.    DEFENDANTS object that the requests are duplicative or redundant in

6  nature as significant portions of the information sought have been made available to

7  PLAINTIFFS through previous discovery, court-ordered document productions, and

8  privileged settlement negotiations.

9    7.    DEFENDANTS object that the discovery seeks DOCUMENTS outside of

10  DEFENDANTS' custody and control.  To the extent the discovery seeks information

11  within the custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should

12  direct such discovery to the Receiver and not to DEFENDANTS.  DEFENDANTS do not

13  possess any authority to produce documents maintained within the custody and control

14  of the Receiver.

15    8.    DEFENDANTS object that the discovery seeks DOCUMENTS that are

16  public and thus equally available to PLAINTIFFS.  DEFENDANTS further object that the

17  discovery seeks information that is in the possession, custody or control of PLAINTIFFS.

18  To the extent responsive information exists that is public and/or in PLAINTIFFS'

19  possession, custody or control, DEFENDANTS will not produce such DOCUMENTS.

20                    **DEFENDANTS' RESPONSES**

21  **REQUEST FOR PRODUCTION NO. 40:**

22    An electronic data file that contains the following DATA FIELDS for each

23  individual admitted into custody in a CDCR prison from June 1, 2007 to May 30, 2008:

24    a.    ID number

25    b.    Date of birth

26    c.    Race or ethnicity

27    d.    gender

28    e.    CDCR prison admit date

- 3 -

1  f.    CDCR prison admit status

2  g.    CDCR prison commitment

3  h.    jail credits

4  i.    3rd strike flag

5  j.    2nd strike flag

6  k.    serious offender flag

7  l.    good-time earning class (50%, 80% etc)

8  m.    primary offense category

9  n.    primary offense code

10  o.    current sentence

11  p.    county of commitment

12  q.    state of commitment

13  r.    initial class (839) record - all items

14  s.    most recent reclass (840) - all items

15  t.    expected prison release date

16  u.    mental health code (CCCMS, EOP, etc.)

17  v.    gang flag

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

19       DEFENDANTS object to this request to the extent it seeks documents protected

20  from disclosure by the attorney-client privilege, attorney work product privilege,

21  deliberative process privilege, self-critical analysis privilege, and official information

22  privilege. DEFENDANTS further object to this request to the extent it seeks information

23  that implicates the privacy rights of third parties. DEFENDANTS further object on the

24  grounds that the request is without reasonable limitation as to time and thus seeks

25  information that is irrelevant to the claim or defense of any party. DEFENDANTS further

26  object to this request on the grounds that it is overbroad and unduly burdensome in that

27  it seeks detailed information for all individuals admitted into CDCR custody for one year's

28  time and thus seeks information that is irrelevant to the claim or defense of any party.

- 4 -

1   DEFENDANTS further object to this request on the grounds that it seeks information that

2   is irrelevant to the claim or defense of any party to the extent that the request seeks

3   detailed information of non-class members.

4           DEFENDANTS further object to this request to the extent that documents related

5   to those requested have previously been provided to PLAINTIFFS in the course of this

6   PROCEEDING.

7           DEFENDANTS further object to this request on the grounds that it is vague and

8   ambiguous as to the meaning of the words "electronic data file," "each individual,"

9   "admitted into custody," "ID number," "CDCR prison admit date," "CDCR prison admit

10  status," "CDCR prison commitment," "jail credits," "3rd strike flag," "2nd strike flag,"

11  "serious offender flag," "good-time earning class (50%, 80% etc)," "primary offense

12  category," "primary offense code," "current sentence," "county of commitment," "state of

13  commitment," "initial class (839 record)," "most recent reclass (840) - all items,"

14  "expected prison release date," "mental health code (CCMS, EOP, etc.)," and "gang

15  flag."

16          DEFENDANTS further object to this request to the extent it seeks information

17  regarding the mental health status of inmates, as such information is irrelevant to the

18  claim or defense of any party in the *Plata* litigation given that *Plata* concerns the

19  provision of medical care, not mental health care.

20          Without waiving the foregoing objections, DEFENDANTS respond as follows:

21          The specific data sets requested do not exist within a single database for each

22  individual admitted into CDCR custody from June 1, 2007 to May 30, 2008.  Accordingly,

23  no documents will be produced in response to this request.

24  <u>REQUEST FOR PRODUCTION NO. 41:</u>

25          An electronic data file that contains the following DATA FIELDS for each

26  individual released from custody from a CDCR prison from June 1, 2007 to May 30,

27  2008:

28          a.      ID number

- 5 -

1        b.     Date of birth

2        c.     Race or ethnicity

3        d.     gender

4        e.     CDCR prison admit date

5        f.     CDCR prison admit status

6        g.     CDCR prison commitment

7        h.     jail credits

8        i.     3rd strike flag

9        j.     2nd strike flag

10       k.     serious offender flag

11       l.     good-time earning class (50%, 80% etc)

12       m.     primary offense category

13       n.     primary offense code

14       o.     current sentence

15       p.     county of commitment

16       q.     state of commitment

17       r.     initial class (839) record - all items

18       s.     most recent reclass (840) - all items

19       t.     facility location (at release)

20       u.     mental health code (CCCMS, EOP, etc.)

21       v.     release date

22       w.     release type

23       x.     gang flag

24   **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 41</u>:**

25          DEFENDANTS object to this request to the extent it seeks documents protected

26   from disclosure by the attorney-client privilege, attorney work product privilege,

27   deliberative process privilege, self-critical analysis privilege, and official information

28   privilege.  DEFENDANTS further object to this request to the extent it seeks information

1    that implicates the privacy rights of third parties. DEFENDANTS further object on the

2    grounds that the request is without reasonable limitation as to time and thus seeks

3    information that is irrelevant to the claim or defense of any party. DEFENDANTS further

4    object to this request on the grounds that it is overbroad and unduly burdensome in that

5    it seeks detailed information for all individuals released from a CDCR PRISON for one

6    year's time and thus seeks information that is irrelevant to the claim or defense of any

7    party. DEFENDANTS further object to this request on the grounds that it seeks

8    information that is irrelevant to the claim or defense of any party to the extent that the

9    request seeks detailed information of non-class members.

10       DEFENDANTS further object to this request on the grounds that it is vague and

11   ambiguous as to the meaning of the words "a CDCR PRISON," "electronic data file,"

12   "each individual," "released from custody," "ID number," "CDCR prison admit date,"

13   "CDCR prison admit status," "CDCR prison commitment," "jail credits," "3rd strike flag,"

14   "2nd strike flag," "serious offender flag," "good-time earning class (50%, 80% etc),"

15   "primary offense category," "primary offense code," "current sentence," "county of

16   commitment," "state of commitment," "initial class (839 record)," "most recent reclass

17   (840) - all items," "facility location (at release)," "mental health code (CCMS, EOP, etc.),"

18   "release date," "release type," and "gang flag."

19       DEFENDANTS further object to this request to the extent that documents related

20   to those requested have previously been provided to PLAINTIFFS in the course of this

21   PROCEEDING.

22       DEFENDANTS further object to this request to the extent it seeks information

23   regarding the mental health status of inmates, as such information is irrelevant to the

24   claim or defense of any party in the *Plata* litigation given that *Plata* concerns the

25   provision of medical care, not mental health care.

26       Without waiving the foregoing objections, DEFENDANTS respond as follows:

27       The specific data sets requested do not exist within a single database for each

28   individual released from CDCR custody from June 1, 2007 to May 30, 2008.

- 7 -

1    Accordingly, no documents will be produced in response to this request.

2    **REQUEST FOR PRODUCTION NO. 42:**

3        An electronic data file that contains the following DATA FIELDS for the STOCK

4    PRISONER POPULATION ON June 1, 2008:

5        a.    ID number

6        b.    Date of birth

7        c.    Race or ethnicity

8        d.    gender

9        e.    CDCR prison admit date

10       f.    CDCR prison admit status

11       g.    CDCR prison commitment

12       h.    jail credits

13       i.    3rd strike flag

14       j.    2nd strike flag

15       k.    serious offender flag

16       l.    good-time earning class (50%, 80% etc)

17       m.    primary offense category

18       n.    primary offense code

19       o.    current sentence

20       p.    county of commitment

21       q.    state of commitment

22       r.    initial class (839) record - all items

23       s.    most recent reclass (840) - all items

24       t.    expected prison release date

25       u.    facility location (current)

26       v.    mental health code (CCCMS, EOP, etc.)

27       w.    gang flag

28

- 8 -

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

2    DEFENDANTS object to this request to the extent it seeks documents protected

3  from disclosure by the attorney-client privilege, attorney work product privilege,

4  deliberative process privilege, self-critical analysis privilege, and official information

5  privilege.  DEFENDANTS further object to this request to the extent it seeks information

6  that implicates the privacy rights of third parties.  DEFENDANTS further object to this

7  request on the grounds that it seeks information that is irrelevant to the claim or defense

8  of any party to the extent that the request seeks detailed information of non-class

9  members.

10    DEFENDANTS further object to this request on the grounds that it is vague and

11  ambiguous as to the meaning of the words "electronic data file," "ID number," "CDCR

12  prison admit date," "CDCR prison admit status," "CDCR prison commitment," "jail

13  credits," "3rd strike flag," "2nd strike flag," "serious offender flag," "good-time earning

14  class (50%, 80% etc)," "primary offense category," "primary offense code," "current

15  sentence," "county of commitment," "state of commitment," "initial class (839 record,"

16  "most recent reclass (840) - all items," "expected prison release date," "facility location

17  (current)," "mental health code (CCMS, EOP, etc.)," and "gang flag."

18    DEFENDANTS further object to this request to the extent that documents related

19  to those requested have previously been provided to PLAINTIFFS in the course of this

20  PROCEEDING.

21    DEFENDANTS further object to this request to the extent it seeks information

22  regarding the mental health status of inmates, as such information is irrelevant to the

23  claim or defense of any party in the *Plata* litigation given that *Plata* concerns the

24  provision of medical care, not mental health care.

25    Without waiving the foregoing objections, DEFENDANTS respond as follows:

26    The specific data sets requested do not exist within a single database and do not

27  contain the DATA FIELDS requested by PLAINTIFFS for the STOCK PRISONER

28  POPULATION on June 1, 2008.  Accordingly, no documents will be produced in

- 9 -

1  response to this request.

2  REQUEST FOR PRODUCTION NO. 43:

3      The electronic data file used by CDCR and/or its employees, agents or

4  contractors to construct and validate the "California Static Risk Assessment" instrument

5  (as identified on page 5 of the April 2, 2008 Power Point presentation by Jesse Janetta,

6  attached hereto as Appendix A), which includes data from approximately 100,000

7  "releasees" from CDCR in fiscal year 2002-2003, and identifies which data were used as

8  a "construction sample" and which were used as a "validation sample," and includes the

9  following FIELDS:

10      a.    ID number

11      b.    Date of birth

12      c.    Race or ethnicity

13      d.    CDCR prison admit date

14      e.    CDCR prison admit status

15      f.    CDCR prison commitment

16      g.    jail credits

17      h.    3rd strike flag

18      i.    2nd strike flag

19      j.    serious offender flag

20      k.    good-time earning class (50%, 80% etc)

21      l.    primary offense category

22      m.    primary offense code

23      n.    current sentence

24      o.    county of commitment

25      p.    state of commitment

26      q.    initial class (839) record - all items

27      r.    most recent reclass (840) - all items

28      s.    expected prison release date

- 10 -

1  t.  facility location at release

2  u.  mental health code (CCCMS, EOP, etc.)

3  v.  gang flag

4  w.  CDCR statis risk factors

5 **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 43</u>:**

6   DEFENDANTS object to this request to the extent it seeks documents protected

7 from disclosure by the attorney-client privilege, attorney work product privilege,

8 deliberative process privilege, self-critical analysis privilege, and official information

9 privilege. DEFENDANTS further object to this request to the extent it seeks information

10 that implicates the privacy rights of third parties. DEFENDANTS further object on the

11 grounds that the request is without reasonable limitation as to time and thus seeks

12 information that is irrelevant to the claim or defense of any party. DEFENDANTS further

13 object to this request on the grounds that it is overbroad and unduly burdensome in that

14 it seeks detailed information for "approximately" 100,000 individuals released from

15 CDCR custody for one year's time and thus seeks information that is irrelevant to the

16 claim or defense of any party. DEFENDANTS further object to this request on the

17 grounds that the timeframe identified by PLAINTIFFS (fiscal year 2002-2003) is prior to

18 PLAINTIFFS' commencement of the underlying PROCEEDINGS and thus seeks

19 information that is irrelevant to the claim or defense of any party. DEFENDANTS further

20 object to this request on the grounds that it seeks information that is irrelevant to the

21 claim or defense of any party to the extent that the request seeks detailed information of

22 non-class members.

23   DEFENDANTS further object to this request on the grounds that it is vague and

24 ambiguous as to the meaning of the words "electronic data file," "CDCR and/or its

25 employees, agents or contractors," "construct and validate the 'California Static Risk

26 Assessment' instrument," "'releasees' from CDCR," "'construction sample,'" "'validation

27 sample,'" "ID number," "CDCR prison admit date," "CDCR prison admit status," "CDCR

28 prison commitment," "jail credits," "3rd strike flag," "2nd strike flag," "serious offender

- 11 -

1   flag," "good-time earning class (50%, 80% etc)," "primary offense category," "primary

2   offense code," "current sentence," "county of commitment," "state of commitment," "initial

3   class (839 record," "most recent reclass (840) - all items," "expected prison release

4   date," "mental health code (CCMS, EOP, etc.)," "gang flag," and "CDCR static risk

5   factors."

6        DEFENDANTS further object to this request to the extent that documents related

7   to those requested have previously been provided to PLAINTIFFS in the course of this

8   PROCEEDING.

9        DEFENDANTS further object to this request to the extent it seeks information

10  regarding the mental health status of inmates, as such information is irrelevant to the

11  claim or defense of any party in the *Plata* litigation given that *Plata* concerns the

12  provision of medical care, not mental health care.

13       Without waiving the foregoing objections, DEFENDANTS respond as follows:

14       The specific data sets requested do not exist within a single database.

15  Accordingly, no documents will be produced in response to this request.

16  **REQUEST FOR PRODUCTION NO. 44:**

17       Any and all videotaped presentations by CDCR Secretary Matthew Cate that were

18  addressed to CDCR employees.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

20       DEFENDANTS object to this request to the extent it seeks documents and/or

21  communications protected from disclosure by the attorney-client privilege, attorney work

22  product privilege, deliberative process privilege, self-critical analysis privilege, and official

23  information privilege.  DEFENDANTS further object on the grounds that the request is

24  overbroad and unduly burdensome and without reasonable limitation as to time and thus

25  seeks information that is irrelevant to the claim or defense of any party.  Defendants

26  further object to this request on the grounds that it is vague and ambiguous as to subject

27  matter and simply seeks all videotaped presentations by Secretary Cate without regard

28  to subject matter, and is therefore overbroad, unduly burdensome, and seeks

- 12 -

1    information that is irrelevant to the claim or defense of any party.

2    DEFENDANTS further object to this request on the grounds that it is vague and

3    ambiguous as to the meaning of the words "videotaped presentations" and "addressed

4    to CDCR employees."

5    Without waiving the foregoing objections, DEFENDANTS respond as follows:

6    DEFENDANTS were unable to locate any videotaped presentations by CDCR

7    Secretary Cate addressed to CDCR employees. Accordingly, no documents or

8    videotapes will be produced in response to this request.

9    <u>REQUEST FOR PRODUCTION NO. 45</u>:

10    The Aging Report for Onsite Specialty Care for January 1, 2008 and July 1, 2008

11    for each CDCR PRISON.

12    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45</u>:

13    DEFENDANTS object to this request to the extent it seeks documents protected

14    from disclosure by the attorney-client privilege, attorney work product privilege,

15    deliberative process privilege, self-critical analysis privilege, and official information

16    privilege. DEFENDANTS further object to this request to the extent it seeks information

17    that implicates the privacy rights of third parties. Defendants further object to this

18    request on the grounds that it seeks information that is irrelevant to the claim or defense

19    of any party to the extent that the request seeks detailed information of non-class

20    members.

21    DEFENDANTS further object to this request on the grounds that it is vague and

22    ambiguous as to the meaning of the words "Aging Report for Onsite Specialty Care."

23    DEFENDANTS further object to this request on the grounds that it seeks

24    information under the custody and control of the Receiver. Because this Court has

25    prohibited discovery from the Receiver, it is impermissible for PLAINTIFFS to seek

26    discovery from DEFENDANTS that is under the Receiver's custody and control.

27    Additionally, it is improper for DEFENDANTS to produce documents within the

28    Receiver's sole custody and control.

1    Without waiving the foregoing objections, DEFENDANTS respond as follows:

2    No documents responsive to this request exist within DEFENDANTS' custody and

3    control. However, DEFENDANTS are working with the Office of the Receiver to obtain

4    documents responsive to this request, and to the extent the Office of the Receiver

5    provides such documents to DEFENDANTS, DEFENDANTS will produce these

6    documents to PLAINTIFFS.

7    <u>REQUEST FOR PRODUCTION NO. 46:</u>

8    The Aging Report for Offsite Specialty Care for January 1, 2008 and July 1, 2008

9    for each CDCR PRISON.

10    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 46:</u>

11    DEFENDANTS object to this request to the extent it seeks documents protected

12    from disclosure by the attorney-client privilege, attorney work product privilege,

13    deliberative process privilege, self-critical analysis privilege, and official information

14    privilege. DEFENDANTS further object to this request to the extent it seeks information

15    that implicates the privacy rights of third parties. Defendants further object to this

16    request on the grounds that it seeks information that is irrelevant to the claim or defense

17    of any party to the extent that the request seeks detailed information of non-class

18    members.

19    DEFENDANTS further object to this request on the grounds that it is vague and

20    ambiguous as to the meaning of the words "Aging Report for Offsite Specialty Care."

21    DEFENDANTS further object to this request on the grounds that it seeks

22    information under the custody and control of the Receiver. Because this Court has

23    prohibited discovery from the Receiver, it is impermissible for PLAINTIFFS to seek

24    discovery from DEFENDANTS that is under the Receiver's custody and control.

25    Additionally, it is improper for DEFENDANTS to produce documents within the

26    Receiver's sole custody and control.

27    Without waiving the foregoing objections, DEFENDANTS respond as follows:

28    No documents responsive to this request exist within DEFENDANTS' custody and

- 14 -

1  control. However, DEFENDANTS are working with the Office of the Receiver to obtain

2  documents responsive to this request, and to the extent the Office of the Receiver

3  provides such documents to DEFENDANTS, DEFENDANTS will produce these

4  documents to PLAINTIFFS.

5  DATED:  July 24, 2008                    HANSON BRIDGETT LLP

6

7                                            By: _____

8                                            PAUL MELLO
                                             Attorneys for Petitioners
9                                            Arnold Schwarzenegger, et al.

10  DATED:  July 24, 2008                    EDMUND G. BROWN JR.
                                             Attorney General of the State of California
11

12

13                                            By:  /s/ Rochelle East
                                             ROCHELLE EAST
14                                            Acting Senior Assistant Attorney General
                                             Attorneys for Petitioners
15                                            Arnold Schwarzenegger, et al.

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         - 15 -