# EXHIBIT F

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>E. IVAN TRUJILLO, Bar No. 228790<br>SARA NORMAN, Bar No. 189536<br>ALISON HARDY, Bar No. 135966<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LORI RIFKIN, Bar No. 244081<br>LISA ELLS, Bar No. 243657<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 |
| KIRKPATRICK & LOCKHART PRESTON<br>GATES ELLIS LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: (415) 882-8200 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    vs.<br>    Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE** |

| | |
|---|---|
| PROPOUNDING PARTIES: | PLAINTIFF RALPH COLEMAN |
| RESPONDING PARTIES: | DEFENDANT CATE |
| SET NUMBER: | ONE |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Ralph Coleman submits the following First Set of Interrogatories to Defendant Cate ("Defendant") to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them, within 21 days after service hereof pursuant to Magistrate Judge Moulds' 10/30/07 Order [Docket 2495].

**DEFINITIONS**

1. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular PERSON, "DOCUMENT" includes any identical copy of the original.

2. "YOU" and "YOURS" as used herein refers to Matthew Cate, his agents, representatives, attorneys, and all other persons or entities acting on his behalf.

3. As used herein, the term "IDENTIFY," when used with respect to a person, means to state the following: name of entity; telephone number; location of its business and nature of its business.

4. As used herein, the term "IDENTIFY," when used with respect to a document, means to state the following, if available, for each document: the name(s) of the author(s) and the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive term); a description of the contents of the document; and its present or last known location and custodian. If you claim that any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when. Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge. To the extent that the answers to the preceding questions are determinable by an examination of the document itself, you may respond by supplying such document as part of your answers to these interrogatories so long as you identify the interrogatory to which such document is responsive.

5. "REFER" or "RELATE TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

6. The terms "and," "or," and "and/or" should be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

7. "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

8. "CDCR PRISON" and "PRISONS" mean any and all facilities in which class members in this litigation are or can be incarcerated, including housing units within DMH facilities that house CDCR prisoners.

9. "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious mental disorders, including but not limited to those CDCR inmate-

patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental health crisis beds, and acute care beds.

10.  "PRISONER RELEASE ORDER" means any order "that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to prison" as set forth in the Prison Litigation Reform Act at 18 U.S.C. §3626(g)(7).

## INSTRUCTIONS

The preceding definitions apply to each interrogatory and are deemed incorporated in each of the following interrogatories and these instructions.

1.  In answering these interrogatories, quote each interrogatory before each answer.

2.  These interrogatories shall be deemed to be continuing interrogatories so as to require proper supplemental answers if further information is obtained or developed by you or your counsel after the time that you serve answers to these interrogatories.

3.  In answering these interrogatories, furnish all information available to you, including information in the possession of your employees, attorneys, or otherwise subject to your possession and/or control, and not merely information known of your own personal knowledge.

4.  If you cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, state whatever knowledge you have concerning the unanswered portion.

5.  If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object and, as to each part to which you do object, set forth the specific basis for you objection.

6.  If any information is within the scope of any interrogatory but is being withheld pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon which the information is being withheld, the nature of the information withheld, the author,

date, recipients, and subject matter of any documents containing such information, and the identity of the person on whose behalf the privilege is asserted.

7. Whenever the information requested by these interrogatories is contained in or may otherwise be derived or ascertained from a document: (a) identify the documents(s) from which the answer may be derived or ascertained and (b) produce the document(s) for inspection and copying or deliver a copy of the document(s) to Plaintiffs' counsel at the time the answers hereto are filed.

8. Some of the following consist of a number of related parts. A complete and separate answer is requested with respect to each such part with the same effect as if it were stated as a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Do YOU contend that imposition of a PRISONER RELEASE ORDER by the Court will have an adverse effect on public safety?

**INTERROGATORY NO. 2:**

If YOUR response to interrogatory number one is affirmative, IDENTIFY what YOU contend to be the adverse effect(s) on public safety of any PRISONER RELEASE ORDER, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 3:**

Do YOU contend that a PRISONER RELEASE ORDER cannot be narrowly drawn so as to have no adverse impact on public safety?

**INTERROGATORY NO. 4:**

If YOUR response to interrogatory number three is affirmative, state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 5:**

Do YOU contend that implementation of programs that divert individuals who are convicted of a probation-eligible offense and have less than 12 months to serve in state prison

at the time of sentencing and into local programs rather than into state prison facilities will have an adverse effect on public safety?

**INTERROGATORY NO. 6:**

If YOUR response to interrogatory number five is affirmative, IDENTIFY what YOU contend to be the adverse effect(s) on public safety of the implementation of such programs, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 7:**

Do YOU contend that implementation of programs that divert individuals who are on probation and commit a new probation-eligible offense that could subject them to revocation into local programs rather than into state prison facilities will have an adverse effect on public safety?

**INTERROGATORY NO. 8:**

If YOUR response to interrogatory number seven is affirmative, IDENTIFY what YOU contend to be the adverse effect(s) on public safety of the implementation of such programs, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 9:**

Do YOU contend that implementation of a program by which parole agents are directed to use a range of sanctions other than return to CDCR PRISON for parole violators based on the use of a validated risk assessment tool will have an adverse effect on public safety?

**INTERROGATORY NO. 10:**

If YOUR response to interrogatory number nine is affirmative, IDENTIFY what YOU contend to be the adverse effect(s) on public safety of the implementation of such alternative sanctions, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 11:**

Do YOU contend that amending the current credit earning system for inmates in CDCR PRISONS to the system outlined by the CDCR Expert Panel on Adult Offender Reentry and Receidivsm Reduction Programs in its June 29, 2007 "Report to the California Legislature: A Roadmap for Effective Offender Programming in California" at Appendix E, pages 92-94" would have an adverse effect on public safety?

**INTERROGATORY NO. 12:**

If YOUR response to interrogatory number eleven is affirmative, IDENTIFY what YOU contend to be the adverse effect(s) on public safety of such an amendment to the current credit earning system, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 13:**

Do YOU contend that the proposal to release 22,159 inmates contained in the Governor's January 10, 2008 2008-2009 budget proposal, if implemented, would have an adverse effect on public safety?

**INTERROGATORY NO. 14:**

If YOUR response to interrogatory number thirteen is affirmative, IDENTIFY what YOU contend to be the adverse effect(s) on public safety of the implementation of the Governor's proposal, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 15:**

If YOUR response to interrogatory number thirteen is other than affirmative, state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 16:**

IDENTIFY the number of prisoners housed in each CDCR PRISON on July 1, 2008, by housing unit, security level (I-IV), MHSDS membership (CCCMS, EOP, or "medical necessity"), and other administrative placement factors and categories (SNY, administrative

segregation, OHU, CTC, MHCB, reception, Security Housing Unit (SHU), Psychiatric Services Unit (PSU), Department of Mental Health (DMH)).

**INTERROGATORY NO. 17:**

For each CDCR PRISON, IDENTIFY the number of prisoners housed in NON-TRADITIONAL HOUSING and the location of such housing as of July 1, 2008.

**INTERROGATORY NO. 18:**

For each such NON-TRADITIONAL HOUSING location, IDENTIFY the number of prisoners in the MHSDS (EOP, CCCMS, or "medical necessity") and security level (I-IV), as well as other administrative placement factors (SNY administrative segregation, CTC, MHCB, OHU, Reception Center, Security Housing Unit (SHU), Psychiatric Services Unit (PSU), or Department of Mental Health program (DMH)), as of July 1, 2008.

**INTERROGATORY NO. 19:**

IDENTIFY the number of CDCR prisoners housed outside of their classification level (classification overrides) as of July 1, 2008, including the reasons for any such overrides or out-of-level placements.

**INTERROGATORY NO. 20:**

IDENTIFY the number of vacancies in custodial staff positions in the DEPARTMENT including each CDCR PRISON as of July 1, 2008.

Dated: July 1, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: _____
Lori Rifkin
Attorneys for Plaintiffs

# PROOF OF SERVICE

I, Sofia Millham, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On July 1, 2008, I served the following document:

**PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [X] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

-8-
PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-0520 LKK-JFM P, C01-1351 TEH

[220105-2]

1.  **All documents were sent to the following persons:**

Lisa A. Tillman
Deputy Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Rochelle East
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

Lead Counsel for County Intervenors
Ann Miller Ravel
Theresa Fuentes
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

California Correctional Peace Officers'
Association (CCPOA) Intervenors
Natalie Leonard
Gregg MacClean Adam
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Republican Assembly and Senate Intervenors
Steven S. Kaufhold
Akin, Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

District Attorney Intervenors
William E. Mitchell
Assistant District Attorney
Riverside County District Attorney's Office
4075 Main Street, First Floor
Riverside, CA 92501

County of Sonoma Intervenors
Anne L. Keck, Deputy County Counsel
Steven Woodside
575 Administration Drive, Room 105A
Santa Rosa, CA 95403

California Sheriff, Probation, Police
Chief and Corrections Intervenors
Jones & Mayer LLP
Martin J. Mayer
Michael R. Capizzi
Kimberly Hall Barlow
Elizabeth R. Feffer
3777 North Harbor Boulevard
Fullerton, CA 92835

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 1st day of July, 2008, at San Francisco, California.

_____
Sofia Millham