# EXHIBIT I


EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
   1300 I Street, Suite 125
   P.O. Box 944255
   Sacramento, CA 94244-2550
   Telephone: (916) 327-7872
   Fax: (916) 324-5205
   Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>　　　　　　　　　Defendants. | No. C01-1351<br><br>**THREE JUDGE COURT**<br><br>**DEFENDANT GOVERNOR SCHWARZENEGGER'S RESPONSES TO PLAINTIFF COLEMAN'S FIRST SET OF INTERROGATORIES** |

//

Governor's Responses to Coleman Interrogatories, Set One

1

Propounding Party: Ralph Coleman

Responding Party: Defendant Governor Arnold Schwarzenegger

Set No.: One

## DEFINITIONS

In construing these discovery responses, the following definitions shall apply:

1. "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v. Schwarzenegger*, Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

2. "DEFENDANT" shall mean Governor Arnold Schwarzenegger, a named defendant in the case of *Coleman v. Schwarzenegger*.

3. "DEFENDANTS" shall mean each of the named defendants in the case of *Coleman v. Schwarzenegger*, including James Tilton in his official capacity on behalf of the California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his official capacity on behalf of the Department of Finance (DOF), and the Governor.

4. "PROCEEDING" shall mean the three-judge panel proceeding convened under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

## OVERALL OBJECTIONS TO INTERROGATORIES

1. DEFENDANT objects to Plaintiffs' definition of a California Department of Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units within Department of Mental Health (DMH) facilities that house CDCR prisoners. (Interrogatories, p. 2.) That definition mischaracterizes the role of DMH as a provider of housing for incarcerated inmates. DMH's true role is defined by California Penal Code section 2684 as a provider of inpatient mental health treatment to CDCR inmate-patients. Further, that definition erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed DMH as a provider of housing for incarcerated inmates. DEFENDANT will interpret the terms "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to

California Penal Code section 5054.

2. DEFENDANT objects that the discovery seeks INFORMATION that is neither relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they will be asserting in the PROCEEDING. Consequently, DEFENDANT objects that the discovery requires DEFENDANT to speculate what claims may or may not be asserted by PLAINTIFFS.

3. DEFENDANT objects that the requests are seek information equally available to PLAINTIFFS, and that the requests are overbroad and unduly burdensome. In accordance with the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive a monthly document productions and other discovery from DEFENDANT and the Receiver appointed in *Plata*.

4. DEFENDANT states that PLAINTIFFS are already in possession of DEFENDANTS' filed plans for the provision of mental health care beds, for the recruitment and retention of staffing for those mental health beds, and for the implementation of appropriate mental health care in those beds. DEFENDANT asserts the deliberative process privilege to all information sought or contained in drafts of those *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and intra-Defendant emails concerning those plans.

5. Given the shortened time for DEFENDANT'S responses to these interrogatories, DEFENDANT hereby reserves the right to supplement these responses at a later date.

6. To the extent any request seeks information from documents prepared, created, or generated by the Office of the Inspector General, DEFENDANTS object to the discovery of such information on the basis of the official information privilege and on the basis of the right to privacy in medical, mental health, and personnel matters. Non-privileged reports of the Office of the Inspector General are available on its public web site.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

INTERROGATORY NO. 1:

Do you contend that the state of emergency in the California prison system that you declared, pursuant to your October 4, 2006 overcrowding proclamation, is now over?

//

RESPONSE TO INTERROGATORY NO. 1:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: No, the Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 2:

If your response to interrogatory number one is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 2:

Not applicable. See the objections and response to interrogatory number 1.

INTERROGATORY NO. 3:

Do you contend that the substantial risk to the health and safety of staff and inmates in CDCR prisons caused by severe overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been alleviated?

RESPONSE TO INTERROGATORY NO. 3:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated', as this word is subject to different meanings and is

not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 4:

If your response to interrogatory number three is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 4:

Not applicable. See the objections and response to interrogatory number 3.

INTERROGATORY NO. 5:

Do you contend that the substantial risk of violence in CDCR prisons caused by severe overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been alleviated?

RESPONSE TO INTERROGATORY NO. 5:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated', as this word is subject to different meanings and is not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

//

INTERROGATORY NO. 6:

If your response to interrogatory number five is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 6:

Not applicable. See the objections and response to interrogatory number 5.

INTERROGATORY NO. 7:

Do you contend that the substantial risk of transmission of infectious diseases in CDCR prisons caused by severe overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been alleviated?

RESPONSE TO INTERROGATORY NO. 7:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated' as this word is subject to different meanings and is not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 8:

If your response to interrogatory number seven is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 8:

Not applicable. See the objections and response to interrogatory number 7.

//

INTERROGATORY NO. 9:

Do you contend that the substantial security risk in CDCR prisons caused by severe overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been alleviated?

RESPONSE TO INTERROGATORY NO. 9:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated' as this word is subject to different meanings and is not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 10:

If your response to interrogatory number nine is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 10:

Not applicable. See the objections and response to interrogatory number 9.

INTERROGATORY NO. 11:

Do you contend that the burdens on infrastructure (electrical systems and/or wastewater/sewer systems) caused by severe overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been alleviated?

RESPONSE TO INTERROGATORY NO. 11:

DEFENDANT objects that this request seeks information protected from disclosure by

the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated' as this word is subject to different meanings and is not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 12:

If your response to interrogatory number eleven is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 12:

Not applicable. See the objections and response to interrogatory number 11.

INTERROGATORY NO. 13:

Do you contend that the effects of overcrowding that you described in your overcrowding proclamation as harm to people and property, inmate unrest and misconduct, reduc[tion] or eliminat[ion] of programs, and increase[d] recidivism have been alleviated?

RESPONSE TO INTERROGATORY NO. 13:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 14:

If your response to interrogatory number thirteen is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 14:

Not applicable. See the objections and response to interrogatory number 13.

INTERROGATORY NO. 15:

Do you contend that the severe overcrowding at any of the 29 CDCR prisons that you cited in your overcrowding proclamation has been alleviated?

RESPONSE TO INTERROGATORY NO.15:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated' is subject to different meanings and is not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 16:

If your response to interrogatory number fifteen is affirmative, for each prison at which

you contend that severe overcrowding has been alleviated, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 16:

Not applicable. See the objections and response to interrogatory number 15.

INTERROGATORY NO. 17:

Do you contend that the use of non-traditional beds for inmate housing that you cited in your overcrowding proclamation has been reduced or eliminated in any CDCR prison?

RESPONSE TO INTERROGATORY NO. 17:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT objects to this interrogatory as compound and as phrased in the disjunctive.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order. For example, more than a thousand inmates have been moved to out-of-state prisons since October 2006, and thousands more will be transferred. These out-of-state transfers have already resulted in the removal of hundreds of non-traditional beds, and the plan is to remove thousands of non-traditional beds as further efforts to address overcrowding are implemented.

INTERROGATORY NO. 18:

If your response to interrogatory number seventeen is affirmative, identify each CDCR prison in which the use of non-traditional beds for inmate housing has been reduced or eliminated, the specific location(s) in the prison where the use of non-traditional beds has been reduced or eliminated.

RESPONSE TO INTERROGATORY NO. 18:

DEFENDANT objects to this interrogatory as compound and as phrased in the conjunctive.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: Not applicable. See the objections and response to interrogatory number 17.

INTERROGATORY NO. 19:

Do you contend that the severe overcrowding is no longer causing reduction in inmate participation in academic, vocational, and rehabilitation programs that you described in your overcrowding proclamation?

RESPONSE TO INTERROGATORY NO. 19:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT objects to this interrogatory as compound and as phrased in the disjunctive.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: No, the Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

INTERROGATORY NO. 20:

If your response to interrogatory number nineteen is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 20:

Not applicable. See the objections and response to interrogatory number 19.

INTERROGATORY NO. 21:

Do you contend that the deficiency of appropriate beds and space for the *Coleman* class

Governor's Responses to Coleman Interrogatories, Set One
11

members that you cited in your overcrowding proclamation has been remedied or reduced?

RESPONSE TO INTERROGATORY NO. 21:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT objects to this interrogatory as compound and as phrased in the conjunctive.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order. Indeed, in the past few months, Coleman class members have been provided a significant increase in mental health beds to enable appropriate care in the following institutions: California Medical Facility, Vacaville increased intermediate care beds by 30, with additional 50 mental health crisis care beds to activate in 2008; Salinas Valley State Prison activated 112 additional intermediate care beds; California State Prison, Sacramento activated 192 more Enhanced Outpatient Program beds; Mule Creek State Prison provided an additional 295 beds to meet the needs of Level III and Level IV inmates requiring Sensitive Needs Yard placement within the Enhanced Outpatient Program. In the next few months, the Administration will provide additional treatment space at Mule Creek State Prison, and will prepare a plan for additional bed and treatment space at California Medical Facility, Vacaville for mental health care patients.

The issues cited in the Emergency Proclamation will be alleviated upon further implementation of the reforms and plans stated in (a) DEFENDANT'S filed briefs in opposition to Plaintiffs' motion to convene a three-judge panel in the *Coleman* and *Plata* cases, (b) DEFENDANT'S plans filed with the *Coleman* court to provide mental health beds (the Mental Health Bed Plan of August 2007), to enhance recruitment of mental health clinicians (filed

October 1, 2007), to increase the pay of mental health clinicians within the California Department of Corrections and Rehabilitation and the Department of Mental Health (filed June 28, 2007), and to increase small management yards (filed October 29, 2007). In addition, DEFENDANT awaits the Receiver's Plan of Action, due on November 15, 2007. With the *Coleman* court's approval of DEFENDANT'S plan to create consolidated care centers for mental health care patients, the Administration will move forward on those plans to develop appropriate mental health beds for the present and forecasted *Coleman* population.

INTERROGATORY NO. 22:

If your response to interrogatory number twenty-one is affirmative, state all facts and identify all documents and witnesses in support of your contention.

RESPONSE TO INTERROGATORY NO. 22:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT objects that this interrogatory seeks information equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: Plaintiffs have already been provided with the non-privileged documents that are responsive to this request. Those documents have been filed with the *Coleman* court by DEFENDANT in the course of the *Coleman* case and include: Defendant's August 2007 mental health bed, Defendant's response to Special Master Keating's report on the August 2007 bed plan. In addition, DEFENDANT has provided status reports on the construction, staffing and licensure of mental health beds at the regularly scheduled meetings with the Special Master and Plaintiffs, known as Policy Meetings.

The witnesses to this contention include and are not limited to: Doug McKeever of CDCR, Cindy Radavsky of DMH, Deborah Hysen of CDCR.

Governor's Responses to Coleman Interrogatories, Set One

13

INTERROGATORY NO. 23:

What is the current projected time period when you or CDCR expect to run out of all common area space to house prisoners, previously described by you in your overcrowding proclamation as mid-2007?

RESPONSE TO INTERROGATORY NO. 23:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT objects that this interrogatory is argumentative and assumes facts not in evidence.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Administration's less intrusive efforts to address overcrowding are having a positive effect. CDCR is currently reducing the number of non-traditional beds.

INTERROGATORY NO. 24:

Do you contend that the magnitude of the circumstances due to severe overcrowding that you stated in your overcrowding proclamation to exceed the capabilities of services, personnel, equipment, and facilities of any geographical area in California, have been reduced or alleviated?

RESPONSE TO INTERROGATORY NO. 24:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated', as this word is subject to different meanings and is not defined in the interrogatories.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Governor has not terminated the Emergency Proclamation, and his administration continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order.

**INTERROGATORY NO. 25:**

If your response to interrogatory number twenty-four is affirmative, state all facts and identify all documents and witnesses in support of your contention.

**RESPONSE TO INTERROGATORY NO. 25:**

Not applicable. See the objections and response to interrogatory number 24.

Dated: November 9, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

*/s/ Lisa Tillman*

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

response.gov.colemanrogs1.wpd
CF1997CS0003

Governor's Responses to Coleman Interrogatories, Set One

## **VERIFICATION**

I, ROBERT GORE, declare:

I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office. Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively involved with, and review, budgets and corrections issues for the Office of the Governor, a defendant in his official capacity in this pending action entitled *Coleman v. Schwarzenegger*. I have read the foregoing responses to the First Request for Production propounded by Plaintiff Ralph Coleman, and the foregoing responses to the First Set of Interrogatories propounded by Plaintiff Ralph Coleman, and state upon my information and belief that they are true and correct.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 9th day of November, 2007.

ROBERT GORE

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:   **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 07, 2007**, I served the attached : **DEFENDANT GOVERNOR SCHWAREZENEGGER'S RESPONSES TO PLAINTIFF COLEMAN'S FIRST SET OF INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Sacramento, California 94244, addressed as follows:

| | |
|---|---|
| Claudia Center<br>The Legal Aid Society<br>Employment law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107 | Richard Goff<br>Heller, Ehrman White & McAuliffe<br>701 Fifth Avenue<br>Seattle, WA 98104 |
| Warren E. George<br>Bingham McCutchen<br>3 Embarcadero Ctr., Fl. 24<br>San Francisco, CA 94111 | Martin H. Dodd<br>Futterman & Dupree<br>160 Sansome Street, 17th Street<br>San Francisco, CA 94109 |
| Ronald Yank<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | Ann Miller Ravel<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 |
| Jared Goldman<br>California Prison Healthcare Receivership<br>1731 Technology Dr., Suite 700<br>San Jose, CA 95110 | Steven s. Kaufhold<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94102 |

| | |
|---|---|
| Rod Pacheco<br>Chuck Hughes<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | Steven Woodside<br>Office of the County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| Donald Specter<br>Prison Law Office<br>2173 'E' Francisco Blvd., Suite M<br>San Rafael, CA 94901 | Michael Bien<br>Rosen, Bien and Galvan<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 07, 2007**, at Sacramento, California.

_____
S. Burke
Declarant

_____
Signature