# EXHIBIT A

| | |
|---|---|
| From: | Amy Whelan <AWhelan@RBG-Law.com> |
| To: | "'Renju P. Jacob'" <RJacob@hansonbridgett.com> |
| CC: | Charles Antonen <Charles.Antonen@doj.ca.gov>, Kyle Lewis <Kyle.Lewis@doj... |
| Date: | 7/1/2008 1:12 PM |
| Subject: | RE: Discovery Meet and Confer, Plata/Coleman |
| Attachments: | Attachment to AW 7-1-08 DiscoveryMeet and Confer Email to Defs.DOC |

Dear Renju,

Thank you for your response to outstanding discovery issues. I am writing specifically to provide you with the list of documents that we would like defendants to supplement as soon as possible (the first item listed in your attached email). Each of the items on our list is both 1) responsive to previously-served document requests, and 2) an update to a document you have already produced in discovery.

Please be aware that we also requested these documents in the Coleman third request for production of documents, which was served yesterday. We believe, however, that defendants are obligated to provide the requested supplemental documents because your earlier document production does not include the most current information, thus rendering it "incomplete" and "inaccurate" within the meaning of Fed. R. Civ. P. 26(e). We request that defendants provide the items on the list on or before July 11, 2008. Please let me know by close of business tomorrow, July 2nd, whether defendants will agree to provide updated copies of these documents.

The attached word document provides the title or description of the documents we would like supplemented as well as the bates number of the older version previously produced during discovery. Unless otherwise indicated, we would like all updated versions of these documents since January 1, 2008.

Thank you again for your response--we look forward to hearing from you by the close of business tomorrow (July 2nd) as to whether defendants will agree to supplement these specific documents.

Sincerely,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
T: 415/433-6830
awhelan@rbg-law.com<mailto:awhelan@rbg-law.com>
www.rbg-law.com<http://www.rbg-law.com/>

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com<mailto:rbg@rbg-law.com> <mailto:rbg@rbg-law.com>

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

From: Renju P. Jacob [mailto:RJacob@hansonbridgett.com]
Sent: Friday, June 27, 2008 2:43 PM
To: Amy Whelan
Cc: Charles Antonen; Kyle Lewis; Misha Igra; Rochelle East; Paul B. Mello; Samantha D. Tama; Alison;

Donald Specter; Rebekah Evenson; Sara Norman; Coleman Team - RBG Only; Lisa Tillman
Subject: Discovery Meet and Confer, Plata/Coleman

Dear Amy,

Defendants write to fully respond to issues raised at our discovery meeting on June 24, and your subsequent letter of June 25. Please note that the Attorney General's Office is currently having issues with power and email access.

Supplemental discovery responses

Plaintiffs propose to provide a list of specific documents that Defendants have already produced, but for which Plaintiffs seek updated documents. Defendants are willing to consider this request and await Plaintiffs list of documents. Defendants, however, cannot agree to supplement any documents until Plaintiffs first provide their list of specific documents.

Supplemental interrogatory responses

Plaintiffs ask whether Defendants will supplement their interrogatory responses. As Defendants have explained previously, we do not recall any discussion of Defendants' interrogatories being incorrect or incomplete. Defendants maintain that they are under a continuing obligation to supplement discovery. During the course of discovery, Defendants will determine whether supplemental responses are required. If supplemental responses are indeed required, Defendants will supplement their interrogatory responses.

Additional Prison Tours

This issue was discussed in detail at today's hearing and it appears likely that the Three-Judge Panel will address this issue in its scheduling order. As was explained at the hearing, Defendants do not stipulate that conditions have not changed. Defendants will meet and confer with Plaintiffs next week to determine a deadline in which to complete any necessary tours. Defendants refer Plaintiffs to the various additional tours and reports that are conducted by OIG, the Special Master and the Receiver to determine the extent to which conditions have changed. If Defendants' experts conduct additional tours of prisons, Defendants will provide Plaintiffs with sufficient notice and allow Plaintiffs and Plaintiffs' experts to also tour simultaneously in accordance with Judge Moulds' prior order.

Status of Defendants' Experts on Case

Plaintiffs ask whether Dr. Packer and Doug McKeever will be experts in these proceedings. Defendants will list any and all of its experts in its expert disclosures when required by the Court's upcoming Scheduling Order.

Coleman 21st Round Tour Binders

Plaintiffs request supplemental production of the 21st round of Coleman tour binders. Defendants will not produce the 21st round of Coleman tour binders.

Authenticating documents

Plaintiffs seek stipulations from Defendants as to the authenticity and foundation of documents. Defendants believe that stipulations as to the authenticity of documents at this juncture is premature. Plaintiffs can serve a Request for Admissions listing the documents they seek for Defendants to admit as to their authenticity. Once served, Defendants will evaluate the documents in Plaintiffs' Request for Admissions and respond.

Depositions of Joan Petersilia and James Tilton

Plaintiffs can notice the depositions of Joan Petersilia and James Tilton. Defendants will attempt to coordinate mutually convenient deposition times.

Request for data of Plaintiff's expert Jim Austin

Plaintiffs seek data from the CDCR Office of Research, want to directly speak with employees to determine how the data is kept, and ask that CDCR organize and prepare the data in a specified format.

Defendants will not provide this data informally, will not allow Plaintiffs to informally speak with CDCR employees and will not change the form of any data to accommodate Plaintiffs' request. Plaintiffs are free to serve a request for production of documents and Defendants will evaluate and respond to such a request.

Sincerely,

Renju P. Jacob
Attorney
Hanson Bridgett LLP
(415) 995-5049 Direct
(415) 995-3505 Fax
rjacob@hansonbridgett.com<mailto:rjacob@hansonbridgett.com>
   [http://remote.hbmvr.com/images/email/HB-logo-signature.gif]  <http://www.hansonbridgett.com/>

[http://remote.hbmvr.com/images/email/leaf.gif]To reduce paper use, we ask that you please consider the environment before printing this e-mail.

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

From: Lisa Tillman [mailto:Lisa.Tillman@doj.ca.gov]
Sent: Thursday, June 26, 2008 5:16 PM
To: Amy Whelan
Cc: Charles Antonen; Kyle Lewis; Misha Igra; Rochelle East; Paul B. Mello; Renju P. Jacob; Samantha D. Tama; 'Alison'; Donald Specter; 'Rebekah Evenson'; Sara Norman; Coleman Team - RBG Only
Subject: Re: FW: Discovery Meet and Confer, Plata/Coleman

Dear Ms. Whelan,

We certainly hoped to respond to your inquiries by this afternoon. However, that has not been possible. I trust that you will await further word from us.

Please note that your letter incorrectly states that I agreed to let you know by Thursday if Dr. Packer will conduct additional tours. I do not recall making any such statement. Nor do I recall any discussion of any alleged incomplete or incorrect interrogatory responses. Lastly, I do not acquiesce nor understand your belief that "the Attorney General's office does not represent Ms. Petersilia."

I thank you for your patience and look forward to seeing you tomorrow at the hearing.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
Telephone: 916-327-7872


>>> Amy Whelan <AWhelan@RBG-Law.com> 6/26/2008 4:52 PM >>>
Lisa and Kyle,
We have not yet heard from you in response to the meet and confer issues that we discussed on Tuesday. We understood that you would call us today at 2:00 p.m. so that we could have a better understanding of your positions in advance of tomorrow's status conference. Please let us know when we can expect to hear from you about these issues.

Take care,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
T: 415/433-6830
awhelan@rbg-law.com<mailto:awhelan@rbg-law.com>
www.rbg-law.com<http://www.rbg-law.com/>

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com<mailto:rbg@rbg-law.com> <mailto:rbg@rbg-law.com>

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


_____

From: Amy Whelan
Sent: Wednesday, June 25, 2008 11:42 AM
To: 'Lisa Tillman'; Kyle Lewis
Cc: 'Rochelle East'; 'Misha Igra'; Charles Antonen; 'Samantha D. Tama'; 'Paul B. Mello'; Coleman Team - RBG Only; 'Rebekah Evenson'; Sara Norman; 'Alison'
Subject: Discovery Meet and Confer, Plata/Coleman

June 25, 2008

Dear Lisa and Kyle,

Thank you for meeting with me and Rebekah Evenson yesterday afternoon about ongoing Coleman/Plata discovery issues. We are writing to confirm the agreements we reached during the call in the hope of moving forward efficiently with discovery for the Three-Judge trial.

First, we discussed supplemental discovery responses. Lisa conveyed your clients' view that they are not required to supplement any discovery in light of the volume of documents that have already been produced. We disagree with this position, which we believe to be contrary to Rule 26(e). In order to focus those efforts, however, we offered to identify a list of documents that you previously produced, for which we seek updates. We can provide a list of those documents by the end of this week. Lisa agreed to let us know by Thursday of this week whether your clients will agree to provide updates of the documents that we specifically identify. Lisa also agreed to tell us by Thursday whether defendants will supplement incomplete or incorrect interrogatory responses.

Second, we informed you that we intend to tour with our experts unless you will stipulate that conditions have not changed since the last round of tours. Lisa agreed to let us know by Thursday of this week whether defendants will oppose the proposed tours and whether they would be amenable to a stipulation stating that conditions remain unchanged since the last round of tours.

Third, we explained our position that, per Judge Moulds' order, Plaintiffs' counsel are entitled to accompany defense experts on any prison tours they conduct. Lisa explained that she was unaware of any scheduled tours, but agreed to let us know by Thursday if Dr. Packer will conduct additional tours. We discussed Judge Moulds' existing order requiring defendants to provide reasonable notice of any defense expert tours and Lisa said that she would abide by this order. We also said that we would be amenable to having plaintiff and defense experts tour facilities together.

Fourth, we asked about the status of Dr. Packer's and Doug McKeever's expert involvement in the case. Lisa confirmed that Dr. Packer is still a defense expert, but she was not sure about Doug McKeever's ongoing involvement. In any event, Lisa said that defendants would file an amended disclosure if experts change.

Fifth, we discussed defendants' production of Coleman tour binders. Lisa said that she intends to produce the remaining 20th round binders within the next two weeks, but refused to produce the 21st round on the grounds that defendants do not believe they are required to supplement their discovery responses. Lisa agreed to take this issue to your clients, however, and will let us know by this Thursday whether defendants will produce the relevant portions of the 21st round binders.

Sixth, we discussed authenticating documents for trial, and preliminarily agreed that we would attempt to reach stipulations regarding the authenticity (and foundation) of documents once the parties have a better sense of trial exhibits and deadlines for the case.

Seventh, we let you know that we are likely to depose James Tilton and Joan Petersilia in early to mid-July. Lisa agreed to determine whether she represents Mr. Tilton. It is our understanding that the Attorney General's office does not represent Ms. Petersilia, but we hope to coordinate her deposition, and Mr. Tilton's, as appropriate.

Finally, Rebekah explained that Plaintiffs need certain data for Dr. James Austin to complete his expert analysis. As you requested, Rebekah will send a letter later today explaining some of the data we seek, and suggesting an informal method for requesting/producing this data.

Thank you again for meeting with us. As we agreed during the call, Rebekah and I will be available Thursday at 2:00 p.m. to follow-up on all of these matters.

Sincerely,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
T: 415/433-6830
awhelan@rbg-law.com<mailto:awhelan@rbg-law.com>
www.rbg-law.com<http://www.rbg-law.com/>

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com<mailto:rbg@rbg-law.com> <mailto:rbg@rbg-law.com>

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

## Plaintiffs' Request for Updated Documents

1. "CDCR Inmate Population, Rehabilitation, and Housing Management Plan." *See, e.g.,* CDCR009402.[1]
2. "CDCR Inmate Population Management and Bed Utilization Plan." *See, e.g.,* E_CDCR_004390.
3. "CDCR Master Bed List." *See, e.g.,* CDCR016501, CDCR016428.
4. "Planned Staffed Capacity Chart." *See, e.g.,* CDCR022035.
5. "CDCR Emergency Bed Management Short Term Plan—12-18 Months." *See, e.g.,* DOF004904.
6. "Mens' Bed Tables 718 521pm.xls." *See, e.g.,* E_CDCR_013644.
7. "Female Bed Table 719 853am.xls." *See, e.g.,* E_CDCR_013679.
8. "Parolees by County" excel spreadsheet. *See, e.g.,* E_CDCR_003639.
9. Document showing the status of county participation in reentry projects and the status of parolees by county. *See, e.g.,* CDCR002218.
10. "Inmate Activation Schedule (IAS)" document as referenced by DOF004904.
11. "California Strategic Growth Plan" documents since January 10, 2007. *See, e.g.,* E_DOF006857.
12. "CDCR County Backlogs Resulting from Deactivation on [sic] Nontraditional Beds." *See, e.g.,* E_CDCR_014829.0002.
13. "Non-traditional OC.xls." *See, e.g.,* E_CDCR_014830.
14. "Non-Traditional Overcrowding Beds Activated through [date], Deactivation Priority." *See, e.g.,* E_CDCR_014829.0001.
15. "GAP Analysis Mental Health Bed Needs." *See, e.g.,* DOF008374.
16. "CCCMS Potential Additional Intake to 130%." *See, e.g.,* CDCR010591.
17. "Mental Health Population – Placement Per Institution" documents since April of 2008. *See, e.g.,* CDCR010397.
18. Documents regarding Assembly Bill 900 "Population Management." *See, e.g.,* E_PRIV_021536.
19. Documents regarding Assembly Bill 900 "Reentry." *See, e.g.,* E_PRIV_021540.
20. Documents regarding Assembly Bill 900 "Management Projects." *See, e.g.,* E_PRIV_021525.

---

[1] All bates numbers provided refer to only the first page of the referenced document.

[220494-1]

21. Documents regarding Assembly Bill 900 "Rehabilitation." *See, e.g.,* E_PRIV_021516.
22. Documents regarding Assembly Bill 900 "Jail Bonds." *See, e.g.,* E_PRIV_021514.
23. "Project Listing Priority Sort [date].xls." *See, e.g.,* E_PRIV_012854.
24. "SRO_7_version_1.xls." *See, e.g.,* E_PRIV_177784.
25. "Sum7Aver.xls." *See, e.g.,* E_PRIV_177773.
26. "May Revise Table 1 (v.9) 5-YR (Bed Activation Projections)." *See, e.g.,* DOF004925.
27. "Preliminary & Final Reports/Comments on Site Assessments at Institutions re: AB 900 projects" (related to infrastructure assessments, infill, and construction). *See, e.g.,* E_CDCR_013273.
28. "CDCR Estimated Construction Schedule for Infill Bed Plan." *See, e.g.,* E_CDCR_019201.
29. "AB 900 Construction Briefing Backup.xls." *See, e.g.,* E_PRIV_083740.
30. "AB 900 Construction Schedule." *See, e.g.,* E_CDCR_003507.0001.
31. "AB 900 Barriers Report." *See, e.g.,* DOF008162.
32. "CDCR AB 900 Implementation Barriers." *See, e.g.,* E_CDCR_003423.

[220494-1]