# EXHIBIT B

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | ) No.  Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | ) |
| | ) **THREE-JUDGE COURT** |
| vs. | ) |
| | ) **PLAINTIFF RALPH COLEMAN'S THIRD** |
| ARNOLD SCHWARZENEGGER, et al., | ) **REQUEST FOR PRODUCTION OF** |
| | ) **DOCUMENTS TO DEFENDANTS** |
| Defendants | ) **SCHWARZENEGGER, CATE, GENEST, AND** |
| | ) **MAYBERG** |
| MARCIANO PLATA ,et al., | ) No. C01-1351 TEH |
| Plaintiffs, | ) |
| | ) **THREE-JUDGE COURT** |
| vs. | ) |
| ARNOLD SCHWARZENEGGER, et al., | ) |
| | ) |
| Defendants | ) |

[219754-2]

1  **PROPOUNDING PARTIES:**     PLAINTIFF RALPH COLEMAN

2  **RESPONDING PARTIES:**      DEFENDANTS SCHWARZENEGGER, CATE, GENEST,
                                AND MAYBERG
3
   **SET NUMBER:**              THREE
4

5       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

6       PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34,

7  Plaintiff Ralph Coleman requests that Defendants Schwarzenegger, Cate, Genest, and Mayberg

8  ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's

9  counsel, Rosen, Bien & Galvan, LLP at 315 Montgomery Street, 10th Floor, San Francisco,

10 California, 94104.  Responses to these Requests shall be due twenty-one (21) days after service

11 pursuant to Magistrate Judge Moulds' 10/30/07 Order [Docket 2495].

12 **I.    INSTRUCTIONS**

13      1.    The following Requests require the production of all responsive documents within

14 the sole or joint possession, custody, or control of any agents, agencies, boards, departments,

15 employees, servants, representatives, consultants, counsel, and/or other persons or entities acting

16 or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

17      2.    The following Requests are continuing in nature and require prompt supplemental

18 responses for any and all responsive documents that come into any Defendant's sole or joint

19 possession, custody, or control after the service of any initial responses hereto.

20      3.    The following Requests require the production of preliminary drafts, revisions,

21 and/or copies of any such document if the copy is in any way different from the original.

22      4.    The following Requests require the production of all transmittal sheets, cover letters,

23 exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

24      5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are

25 required to be produced either: (a) as they are kept in the usual course of business (together with

26 copies of any file labels or binder covers for the files or binders in which they are maintained); or

27 (b) organized and labeled to correspond with the categories of the Requests to which they respond.

28

[219754-2]

6.    If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

7.    In construing the Requests herein, the singular shall include the plural and the plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other genders, so that the interpretation applied results in the more expansive production. The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit the documents or information sought in any manner.

8.    If any Request demands production of documents that have been lost, discarded, or destroyed, identify such documents as completely as possible. Such identification shall include, but is not limited to, a description of the subject matter of the document, the author of the document, the date of the document's creation, the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

9.    For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, furnish a list identifying each document, or portion thereof, not produced for this reason, together with the following information: (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants of all persons who either prepared or received the document; (e) the number of pages and attachments; (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion thereof that may not properly be redacted or withheld in its entirety, produce each and every portion thereof to which the claimed privilege or exemption does not apply and specify, on the face of each such page or portion, the fact and reason for the redaction or withholding.

PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND MAYBERG - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219754-2]

## II.    DEFINITIONS

1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like.  "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document.  If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2.    "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

3.    "INCLUDING" means "including, but not limited to," and is not to be construed to limit a Request.

4.    "COMMUNICATIONS" means any recorded transfer of information or impression, whether it be by digital, electronic, audio, visual, written or other means.

5.    "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

6.    "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

[219754-2]

7.    "CDCR PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated, including DMH facilities, and any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB 900.

8.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table, or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

9.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), non profit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

10.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

11.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious mental disorders, including but not limited to those CDCR inmate-patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental health crisis beds, and acute care beds.

## III.    RELEVANT TIME PERIOD

1.    The "RELEVANT PERIOD," unless otherwise indicated, shall be from January 1, 2008 to the present, and shall include ALL DOCUMENTS dated, prepared, generated OR received during the RELEVANT PERIOD and ALL DOCUMENTS and information that RELATE in whole OR in part to such period, OR to events OR circumstances during such period, even though dated, prepared, generated OR received prior OR subsequent to the RELEVANT PERIOD.

[219754-2]

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 41:**

All updated versions, including attachments, of the "CDCR Inmate Population, Rehabilitation, and Housing Management Plan" DOCUMENT. *See, e.g.,* CDCR009402.[1]

**REQUEST FOR PRODUCTION NO. 42:**

All updated versions, including attachments, of the "CDCR Inmate Population Management and Bed Utilization Plan" DOCUMENT. *See, e.g.,* E_CDCR_004390.

**REQUEST FOR PRODUCTION NO. 43:**

All updated versions, including attachments, of the "CDCR Master Bed List" DOCUMENT. *See, e.g.,* CDCR016501, CDCR016428.

**REQUEST FOR PRODUCTION NO. 44:**

All updated versions, including attachments, of the "Planned Staffed Capacity Chart" DOCUMENT. *See, e.g.,* CDCR022035.

**REQUEST FOR PRODUCTION NO. 45:**

All updated versions, including attachments, of the "CDCR Emergency Bed Management Short Term Plan—12-18 Months" DOCUMENT. *See, e.g.,* DOF004904.

**REQUEST FOR PRODUCTION NO. 46:**

All updated versions, including attachments, of the "Mens' Bed Tables 718 521pm.xls" DOCUMENT. *See, e.g.,* E_CDCR_013644.

**REQUEST FOR PRODUCTION NO. 47:**

All updated versions, including attachments, of the "Female Bed Table 719 853am.xls" DOCUMENT. *See, e.g.,* E_CDCR_013679.

**REQUEST FOR PRODUCTION NO. 48:**

All updated versions, including attachments, of the "Parolees by County" excel spreadsheet DOCUMENT. *See, e.g.,* E_CDCR_003639.

---

[1] All bates numbers provided in this request refer to only the first page of the referenced document.

[219754-2]

**REQUEST FOR PRODUCTION NO. 49:**

All updated versions, including attachments, of the DOCUMENT showing the status of county participation in reentry projects and the status of parolees by county. *See, e.g.,* CDCR002218.

**REQUEST FOR PRODUCTION NO. 50:**

All updated versions, including attachments, to the "Inmate Activation Schedule (IAS)" document as referenced by DOF004904.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS related to any updated versions of the "California Strategic Growth Plan" since January 10, 2007. *See, e.g.,* E_DOF006857.

**REQUEST FOR PRODUCTION NO. 52:**

All updated versions, including attachments, of the "CDCR County Backlogs Resulting From Deactivation on [sic] Nontraditional Beds" DOCUMENT. *See, e.g.,* E_CDCR_014829.0002.

**REQUEST FOR PRODUCTION NO. 53:**

All updated versions, including attachments, of the "Non-traditional OC.xls" DOCUMENT. *See, e.g.,* E_CDCR_014830.

**REQUEST FOR PRODUCTION NO. 54:**

All updated versions, including attachments, of the "Non-Traditional Overcrowding Beds Activated through June 2007, Deactivation Priority" DOCUMENT. *See, e.g.,* E_CDCR_014829.0001.

**REQUEST FOR PRODUCTION NO. 55:**

All updated versions, including attachments, of the "GAP Analysis Mental Health Bed Needs" DOCUMENT. *See, e.g.,* DOF008374.

**REQUEST FOR PRODUCTION NO. 56:**

All updated versions, including attachments, of the "CCCMS Potential Additional Intake to 130%" DOCUMENT. *See, e.g.,* CDCR010591.

[219754-2]

**REQUEST FOR PRODUCTION NO. 57:**

All updated versions, including attachments, of the "Mental Health Population – Placement Per Institution" DOCUMENT since April of 2008. *See, e.g.,* CDCR010397.

**REQUEST FOR PRODUCTION NO. 58:**

All updated versions, including attachments, of the Assembly Bill 900 "Population Management" DOCUMENT. *See, e.g.,* E_PRIV_021536.

**REQUEST FOR PRODUCTION NO. 59:**

All updated versions, including attachments, of the Assembly Bill 900 "Reentry" DOCUMENT. *See, e.g.,* E_PRIV_021540.

**REQUEST FOR PRODUCTION NO. 60:**

All updated versions, including attachments, of the Assembly Bill 900 "Management Projects" DOCUMENT. *See, e.g.,* E_PRIV_021525.

**REQUEST FOR PRODUCTION NO. 61:**

All updated versions, including attachments, of the Assembly Bill 900 "Rehabilitation" DOCUMENT. *See, e.g.,* E_PRIV_021516.

**REQUEST FOR PRODUCTION NO. 62:**

All updated versions, including attachments, of the Assembly Bill 900 "Jail Bonds" DOCUMENT. *See, e.g.,* E_PRIV_ 021514.

**REQUEST FOR PRODUCTION NO. 63:**

All updated versions, including attachments, of the "Project Listing Priority Sort [date].xls" DOCUMENT. *See, e.g.,* E_PRIV_012854.

**REQUEST FOR PRODUCTION NO. 64:**

All updated versions, including attachments, of the "SRO_7_version_1.xls" DOCUMENT. *See, e.g.,* E_PRIV_177784.

**REQUEST FOR PRODUCTION NO. 65:**

All updated versions, including attachments, of the "Sum7Aver.xls" DOCUMENT. *See, e.g.,* E_PRIV_177773.

1 **REQUEST FOR PRODUCTION NO. 66:**

2    All updated versions, including attachments, of the "May Revise Table 1 (v.9) 5-YR (Bed

3 Activation Projections)" DOCUMENT. *See, e.g.,* DOF004925.

4 **REQUEST FOR PRODUCTION NO. 67:**

5    All updated versions, including attachments, of the "Preliminary & Final

6 Reports/Comments on Site Assessments at Institutions re: AB 900 projects" DOCUMENT

7 (related to infrastructure assessments, infill, and construction). *See, e.g.,* E_CDCR_013273.

8 **REQUEST FOR PRODUCTION NO. 68:**

9    All updated versions, including attachments, of the "CDCR Estimated Construction

10 Schedule for Infill Bed Plan" DOCUMENT. *See, e.g.,* E_CDCR_019201.

11 **REQUEST FOR PRODUCTION NO. 69:**

12    All updated versions, including attachments, of the "AB 900 Construction Briefing

13 Backup.xls" DOCUMENT. *See, e.g.,* E_PRIV_083740.

14 **REQUEST FOR PRODUCTION NO. 70:**

15    All updated versions, including attachments, of the "AB 900 Construction Schedule"

16 DOCUMENT. *See, e.g.,* E_CDCR_003507.0001.

17 **REQUEST FOR PRODUCTION NO. 71:**

18    All updated versions, including attachments, of the "AB 900 Barriers Report"

19 DOCUMENT. *See, e.g.,* DOF008162.

20 **REQUEST FOR PRODUCTION NO. 72:**

21    All updated versions, including attachments, to the "CDCR AB 900 Implementation

22 Barriers" DOCUMENT. *See, e.g.,* E_CDCR_003423.

23 **REQUEST FOR PRODUCTION NO. 73:**

24    All updated versions, including attachments, of the "Mission Program Status Reports,"

25 "Division of Adult Institutions All Modified/Lockdown Programs by Institution," and "Division of

26 Adult Institutions Lockdowns/Modified Programs" DOCUMENTS, all of which were previously

27 attached as Exhibit A to the Responses of James E. Tilton to the *Plata* Plaintiffs' First Set of

28 Interrogatories.

[219754-2]

1  **REQUEST FOR PRODUCTION NO. 74:**

2      All DOCUMENTS related to any presentations, testimony, or speeches made by YOU to

3  the following legislative committees since January 1, 2007: Senate Committee on Public Safety;

4  Senate Rules Committee; Senate Budget and Fiscal Review Committee, Subcommittee #4 (State

5  Administration); Senate Budget and Fiscal Review Committee, Subcommittee #3 (Health); Senate

6  Prison Population Mgmt & Capacity; Assembly Select Committee on Prison Construction and

7  Operations; Assembly Committee on Public Safety; Assembly Committee on Budget,

8  Subcommittee #4 (State Administration).

9  **REQUEST FOR PRODUCTION NO. 75:**

10      All Budget Concept Statements, Budget Change Proposals (BCPs), Capital Outlay Budget

11  Change Proposals (COBCPs) and Finance Letters that REFER OR RELATE to AB 900 projects or

12  programs, recidivism reduction programs, out-of-state transfers, *Coleman* bed plan projects,

13  staffing requests, *Coleman* orders, and *Coleman* staffing.

14  **REQUEST FOR PRODUCTION NO. 76:**

15      All contracts YOU have entered into with counties related to AB 900 projects, construction

16  or funding, including but not limited to Re-entry facilities or jail construction.

17  **REQUEST FOR PRODUCTION NO. 77:**

18      All contracts YOU have entered into with counties and other entities regarding mental

19  health day treatment programs or parole continuum care for mental health treatment.

20  **REQUEST FOR PRODUCTION NO. 78:**

21      All DOCUMENTS that REFER OR RELATE to or are reports, memorandums or status

22  updates produced by the Facilities and Rehabilitation Strike Teams since December of 2007.

23  **REQUEST FOR PRODUCTION NO. 79:**

24      All updated versions of the "CDCR Annual Report on Suicides" since 2006.

25  **REQUEST FOR PRODUCTION NO. 80:**

26      All updated versions of the Mental Health Bed Need Study prepared by McManis

27  Consulting and/or Navigant Consulting since August of 2007.

28

[219754-2]

1    **REQUEST FOR PRODUCTION NO. 81:**

2          All May Revise Proposals (FY 2008/09) prepared by YOU for the 2008/2009 budget.

3    **REQUEST FOR PRODUCTION NO. 82:**

4          All May Revise DOCUMENTS prepared by YOU related to inmate or parolee bed

5    activations or deactivations.

6    **REQUEST FOR PRODUCTION NO. 83:**

7          ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

8    RELEVANT TIME PERIOD that REFER or RELATE to the "Runner Initiative" (AG

9    Identification Number 07-0094).

10   **REQUEST FOR PRODUCTION NO. 84:**

11         ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

12   RELEVANT TIME PERIOD that REFER or RELATE to "Marsy's Law" (AG Identification

13   Number 07-0100).

14   **REQUEST FOR PRODUCTION NO. 85:**

15         All DOCUMENTS produced by YOU to the *Coleman* Special Master's team in connection

16   with the 21st round of on-site and off-site monitoring tours.

17   **REQUEST FOR PRODUCTION NO. 86:**

18         ALL missing monthly data and reports, from January 1, 2008 to the present, as required by

19   the *Coleman* Court's January 19, 1999 Order (monthly statistics).

20   **REQUEST FOR PRODUCTION NO. 87:**

21         All updated versions, including attachments, of the "Division of Correctional Health Care

22   Services Mental Health Institution Vacancies By Institution By Classification" DOCUMENT.

23   **REQUEST FOR PRODUCTION NO. 88:**

24         All updated versions, including attachments, of the "California Department of

25   Corrections and Rehabilitation Division of Correctional Health Care Services Mental Health

26   Services Delivery System 2006 Revised Program Guide *Coleman* Court Approved Standard

27   Staffing Guidelines" DOCUMENT.

28

[219754-2]

**REQUEST FOR PRODUCTION NO. 89:**

All updated versions, including attachments, of the "EOP ASU Length of Stay Report" DOCUMENT for stays longer than thirty, sixty and ninety days.

**REQUEST FOR PRODUCTION NO. 90:**

All updated versions, including attachments, of the "Mental Health Construction Projects" DOCUMENT.

**REQUEST FOR PRODUCTION NO. 91:**

All updated versions, including attachments, of the "MHSDS Weekly MIS Summary Report" DOCUMENT.

**REQUEST FOR PRODUCTION NO. 92:**

All updated versions, including attachments, of the "MHCB Waiting List" DOCUMENT.

**REQUEST FOR PRODUCTION NO. 93:**

ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to the Governor's January 10, 2008, 2008-2009 budget proposal to release 22,159 inmates.

**REQUEST FOR PRODUCTION NO. 94:**

ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to the Governor's decision to withdraw his January 10, 2008, 2008-2009 budget proposal to release 22,159 inmates.

Dated: June 30, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: _____
Amy Whelan
Attorneys for Plaintiffs

-11-

[219754-2]

1

**PROOF OF SERVICE**

2

I, Sofia Millham, declare that I am a resident of the State of California, am over the age of

3

eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan

4

LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On

5

June 30, 2008, I served the following document:

6

**PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND
MAYBERG**

7

8

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery**. I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

[219754:2]

1  **All documents were sent to the following persons:**

2  Lisa A. Tillman                             Rochelle East
   Deputy Attorney General                     Office of the Attorney General
3  P.O. Box 944255                             455 Golden Gate, Suite 11000
   Sacramento, CA 94244-2550                   San Francisco, CA 94102-7004
4

5  Lead Counsel for County Intervenors         Paul B. Mello, Esq.
   Ann Miller Ravel                            Hanson & Bridgett LLP
6  Theresa Fuentes                             425 Market Street, 26th Floor
   Office of the County Counsel                San Francisco, CA 94105
7  70 West Hedding, East Wing, 9th Floor
   San Jose, CA 95110

8
   California Correctional Peace Officers'      Republican Assembly and Senate Intervenors
9  Association (CCPOA) Intervenors              Steven S. Kaufhold
   Natalie Leonard                             Akin, Gump Strauss Hauer & Feld, LLP
10 Gregg MacClean Adam                         580 California Street, 15th Floor
   Carroll, Burdick & McDonough, LLP           San Francisco, CA 94104
11 44 Montgomery Street, Suite 400
   San Francisco, CA 94104

12
   District Attorney Intervenors               County of Sonoma Intervenors
13 William E. Mitchell                         Anne L. Keck, Deputy County Counsel
   Assistant District Attorney                 Steven Woodside
14 Riverside County District Attorney's        575 Administration Drive, Room 105A
   Office                                      Santa Rosa, CA 95403
15 4075 Main Street, First Floor
   Riverside, CA 92501

16
   California Sheriff, Probation, Police
17 Chief and Corrections Intervenors
   Jones & Mayer LLP
18 Martin J. Mayer
   Michael R. Capizzi
19 Kimberly Hall Barlow
   Elizabeth R. Feffer
20 3777 North Harbor Boulevard
   Fullerton, CA 92835

21

22      I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct, and that this Proof of Service was executed on this 30th day of June,

24 2008, at San Francisco, California.

25                                          _____
                                            Sofia Millham
26

27

28

[219754-2]

PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, CATE,
GENEST, AND MAYBERG - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1  PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
2  STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
3  SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
4  REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
5  Berkeley, CA  94710
Telephone:  (510) 280-2621
6
KIRKPATRICK & LOCKHART PRESTON
7  GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
8  EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
9  55 Second Street, Suite 1700
San Francisco, CA  94105-3493
10  Telephone:  (415) 882-8200

11  THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
12  CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
13  San Francisco, CA  94107
Telephone:  (415) 864-8848
14
15  Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    vs.<br><br>        Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFF RALPH COLEMAN'S<br>FIRST SET OF INTERROGATORIES<br>TO DEFENDANT CATE** |

[220105-2]

| | |
|---|---|
| PROPOUNDING PARTIES: | PLAINTIFF RALPH COLEMAN |
| RESPONDING PARTIES: | DEFENDANT CATE |
| SET NUMBER: | ONE |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Ralph Coleman submits the following First Set of Interrogatories to Defendant Cate ("Defendant") to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them, within 21 days after service hereof pursuant to Magistrate Judge Moulds' 10/30/07 Order [Docket 2495].

## DEFINITIONS

1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular PERSON, "DOCUMENT" includes any identical copy of the original.

2.    "YOU" and "YOURS" as used herein refers to Matthew Cate, his agents, representatives, attorneys, and all other persons or entities acting on his behalf.

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-0520 LKK-JFM P, C01-1351 TEH

[220105-2]

1    3.    As used herein, the term "IDENTIFY," when used with respect to a person,

2  means to state the following: name of entity; telephone number; location of its business and

3  nature of its business.

4    4.    As used herein, the term "IDENTIFY," when used with respect to a document,

5  means to state the following, if available, for each document:  the name(s) of the author(s) and

6  the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report,

7  chart or other descriptive term); a description of the contents of the document; and its present

8  or last known location and custodian.  If you claim that any such document was, but is no

9  longer, in your possession or subject to your control, state what disposition was made of such

10  document and when.  Documents to be identified shall include both documents in your

11  possession, custody and control, and all other documents of which you have knowledge.  To

12  the extent that the answers to the preceding questions are determinable by an examination of

13  the document itself, you may respond by supplying such document as part of your answers to

14  these interrogatories so long as you identify the interrogatory to which such document is

15  responsive.

16    5.    "REFER" or "RELATE TO" means constituting, representing, defining,

17  depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or

18  pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

19    6.    The terms "and," "or," and "and/or" should be construed disjunctively or

20  conjunctively as necessary to make the request inclusive rather than exclusive.

21    7.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means

22  beds in gyms, dayrooms, or other locations not intended to house inmates and includes those

23  beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

24    8.    "CDCR PRISON" and "PRISONS" mean any and all facilities in which class members

25  in this litigation are or can be incarcerated, including housing units within DMH facilities that

26  house CDCR prisoners.

27    9.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state

28  prisoners with serious mental disorders, including but not limited to those CDCR inmate-

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-
0520 LKK-JFM P, C01-1351 TEH

[220105-2]

1   patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced

2   Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental

3   health crisis beds, and acute care beds.

4         10.    "PRISONER RELEASE ORDER" means any order "that has the purpose or

5   effect of reducing or limiting the prison population, or that directs the release from or

6   nonadmission of prisoners to prison" as set forth in the Prison Litigation Reform Act at 18

7   U.S.C. §3626(g)(7).

8                             **INSTRUCTIONS**

9        The preceding definitions apply to each interrogatory and are deemed incorporated in

10   each of the following interrogatories and these instructions.

11         1.    In answering these interrogatories, quote each interrogatory before each answer.

12         2.    These interrogatories shall be deemed to be continuing interrogatories so as to

13   require proper supplemental answers if further information is obtained or developed by you or

14   your counsel after the time that you serve answers to these interrogatories.

15         3.    In answering these interrogatories, furnish all information available to you,

16   including information in the possession of your employees, attorneys, or otherwise subject to

17   your possession and/or control, and not merely information known of your own personal

18   knowledge.

19         4.    If you cannot answer a particular interrogatory in full after exercising due

20   diligence to secure the information to do so, answer to the extent possible, specify your

21   inability to answer the remainder, state whatever knowledge you have concerning the

22   unanswered portion.

23         5.    If you object to any part of an interrogatory, answer all parts of such

24   interrogatory to which you do not object and, as to each part to which you do object, set forth

25   the specific basis for you objection.

26         6.    If any information is within the scope of any interrogatory but is being withheld

27   pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon

28   which the information is being withheld, the nature of the information withheld, the author,

[220105-2]

1  date, recipients, and subject matter of any documents containing such information, and the

2  identity of the person on whose behalf the privilege is asserted.

3        7.     Whenever the information requested by these interrogatories is contained in or

4  may otherwise be derived or ascertained from a document:  (a) identify the documents(s) from

5  which the answer may be derived or ascertained and (b) produce the document(s) for

6  inspection and copying or deliver a copy of the document(s) to Plaintiffs' counsel at the time

7  the answers hereto are filed.

8        8.     Some of the following consist of a number of related parts.  A complete and

9  separate answer is requested with respect to each such part with the same effect as if it were

10  stated as a separate interrogatory.

## INTERROGATORIES

11

12  **INTERROGATORY NO. 1:**

13       Do YOU contend that imposition of a PRISONER RELEASE ORDER by the Court

14  will have an adverse effect on public safety?

15  **INTERROGATORY NO. 2:**

16       If YOUR response to interrogatory number one is affirmative, IDENTIFY what YOU

17  contend to be the adverse effect(s) on public safety of any PRISONER RELEASE ORDER,

18  and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR

19  contention.

20  **INTERROGATORY NO. 3:**

21       Do YOU contend that a PRISONER RELEASE ORDER cannot be narrowly drawn so

22  as to have no adverse impact on public safety?

23  **INTERROGATORY NO. 4:**

24       If YOUR response to interrogatory number three is affirmative, state all facts and

25  IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

26  **INTERROGATORY NO. 5:**

27       Do YOU contend that implementation of programs that divert individuals who are

28  convicted of a probation-eligible offense and have less than 12 months to serve in state prison

-4-

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-
0520 LKK-JFM P, C01-1351 TEH

[220105-2]

1    at the time of sentencing and into local programs rather than into state prison facilities will

2    have an adverse effect on public safety?

3    **INTERROGATORY NO. 6:**

4        If YOUR response to interrogatory number five is affirmative, IDENTIFY what YOU

5    contend to be the adverse effect(s) on public safety of the implementation of such programs,

6    and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR

7    contention.

8    **INTERROGATORY NO. 7:**

9        Do YOU contend that implementation of programs that divert individuals who are on

10   probation and commit a new probation-eligible offense that could subject them to revocation

11   into local programs rather than into state prison facilities will have an adverse effect on public

12   safety?

13   **INTERROGATORY NO. 8:**

14       If YOUR response to interrogatory number seven is affirmative, IDENTIFY what YOU

15   contend to be the adverse effect(s) on public safety of the implementation of such programs,

16   and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR

17   contention.

18   **INTERROGATORY NO. 9:**

19       Do YOU contend that implementation of a program by which parole agents are directed

20   to use a range of sanctions other than return to CDCR PRISON for parole violators based on

21   the use of a validated risk assessment tool will have an adverse effect on public safety?

22   **INTERROGATORY NO. 10:**

23       If YOUR response to interrogatory number nine is affirmative, IDENTIFY what YOU

24   contend to be the adverse effect(s) on public safety of the implementation of such alternative

25   sanctions, and state all facts and IDENTIFY all DOCUMENTS and witnesses in support of

26   YOUR contention.

27

28

[220105-2]

1  **INTERROGATORY NO. 11:**

2      Do YOU contend that amending the current credit earning system for inmates in CDCR

3  PRISONS to the system outlined by the CDCR Expert Panel on Adult Offender Reentry and

4  Receidivsm Reduction Programs in its June 29, 2007 "Report to the California Legislature: A

5  Roadmap for Effective Offender Programming in California" at Appendix E, pages 92-94"

6  would have an adverse effect on public safety?

7  **INTERROGATORY NO. 12:**

8      If YOUR response to interrogatory number eleven is affirmative, IDENTIFY what

9  YOU contend to be the adverse effect(s) on public safety of such an amendment to the current

10  credit earning system, and state all facts and IDENTIFY all DOCUMENTS and witnesses in

11  support of YOUR contention.

12  **INTERROGATORY NO. 13:**

13      Do YOU contend that the proposal to release 22,159 inmates contained in the

14  Governor's January 10, 2008 2008-2009 budget proposal, if implemented, would have an

15  adverse effect on public safety?

16  **INTERROGATORY NO. 14:**

17      If YOUR response to interrogatory number thirteen is affirmative, IDENTIFY what

18  YOU contend to be the adverse effect(s) on public safety of the implementation of the

19  Governor's proposal, and state all facts and IDENTIFY all DOCUMENTS and witnesses in

20  support of YOUR contention.

21  **INTERROGATORY NO. 15:**

22      If YOUR response to interrogatory number thirteen is other than affirmative, state all

23  facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

24  **INTERROGATORY NO. 16:**

25      IDENTIFY the number of prisoners housed in each CDCR PRISON on July 1, 2008, by

26  housing unit, security level (I-IV), MHSDS membership (CCCMS, EOP, or "medical

27  necessity"), and other administrative placement factors and categories (SNY, administrative

28

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-
0520 LKK-JFM P, C01-1351 TEH

[220105-2]

1 segregation, OHU, CTC, MHCB, reception, Security Housing Unit (SHU), Psychiatric

2 Services Unit (PSU), Department of Mental Health (DMH)).

3 **INTERROGATORY NO. 17:**

4      For each CDCR PRISON, IDENTIFY the number of prisoners housed in NON-

5 TRADITIONAL HOUSING and the location of such housing as of July 1, 2008.

6 **INTERROGATORY NO. 18:**

7      For each such NON-TRADITIONAL HOUSING location, IDENTIFY the number of

8 prisoners in the MHSDS (EOP, CCCMS, or "medical necessity") and security level (I-IV), as

9 well as other administrative placement factors (SNY administrative segregation, CTC, MHCB,

10 OHU, Reception Center, Security Housing Unit (SHU), Psychiatric Services Unit (PSU), or

11 Department of Mental Health program (DMH)), as of July 1, 2008.

12 **INTERROGATORY NO. 19:**

13      IDENTIFY the number of CDCR prisoners housed outside of their classification level

14 (classification overrides) as of July 1, 2008, including the reasons for any such overrides or

15 out-of-level placements.

16 **INTERROGATORY NO. 20:**

17      IDENTIFY the number of vacancies in custodial staff positions in the DEPARTMENT

18 including each CDCR PRISON as of July 1, 2008.

19

20

21 Dated: July 1, 2008                 Respectfully submitted,

22                                      ROSEN, BIEN & GALVAN, LLP

23

24                                By: _____
                                  Lori Rifkin

25                                     Attorneys for Plaintiffs

26

27

28

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-0520 LKK-JFM P, C01-1351 TEH

[220105-2]

**PROOF OF SERVICE**

I, Sofia Millham, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On July 1, 2008, I served the following document:

**PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery**. I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-0520 LKK-JFM P, C01-1351 TEH

[220105-2]

1      **1.    All documents were sent to the following persons:**

2      Lisa A. Tillman                                    Rochelle East
       Deputy Attorney General                            Office of the Attorney General
3      P.O. Box 944255                                    455 Golden Gate, Suite 11000
       Sacramento, CA 94244-2550                          San Francisco, CA 94102-7004
4

5      Lead Counsel for County Intervenors                Paul B. Mello, Esq.
       Ann Miller Ravel                                   Hanson & Bridgett LLP
6      Theresa Fuentes                                    425 Market Street, 26th Floor
       Office of the County Counsel                       San Francisco, CA  94105
7      70 West Hedding, East Wing, 9th Floor
       San Jose, CA 95110
8
       California Correctional Peace Officers'            Republican Assembly and Senate Intervenors
9      Association (CCPOA) Intervenors                    Steven S. Kaufhold
       Natalie Leonard                                    Akin, Gump Strauss Hauer & Feld, LLP
10     Gregg MacClean Adam                                580 California Street, 15th Floor
       Carroll, Burdick & McDonough, LLP                  San Francisco, CA 94104
11     44 Montgomery Street, Suite 400
       San Francisco, CA 94104
12
       District Attorney Intervenors                      County of Sonoma Intervenors
13     William E. Mitchell                                Anne L. Keck, Deputy County Counsel
       Assistant District Attorney                        Steven Woodside
14     Riverside County District Attorney's               575 Administration Drive, Room 105A
       Office                                             Santa Rosa, CA 95403
15     4075 Main Street, First Floor
       Riverside, CA 92501
16
       California Sheriff, Probation, Police
17     Chief and Corrections Intervenors
       Jones & Mayer LLP
18     Martin J. Mayer
       Michael R. Capizzi
19     Kimberly Hall Barlow
       Elizabeth R. Feffer
20     3777 North Harbor Boulevard
       Fullerton, CA 92835
21

22          I declare under penalty of perjury under the laws of the State of California that the

23     foregoing is true and correct, and that this Proof of Service was executed on this 1st day of July,

24     2008, at San Francisco, California.

25                                                     _____
                                                       Sofia Millham
26

27

28

PLAINTIFF RALPH COLEMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT CATE - Nos. Civ S 90-
0520 LKK-JFM P, C01-1351 TEH

[220105-2]

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | ) No. Civ S 90-0520 LKK-JFM P <br> ) <br> ) **THREE-JUDGE COURT** <br> ) <br> ) **PLAINTIFF COLEMAN'S SECOND SET OF** <br> ) **INTERROGATORIES TO DEFENDANT** <br> ) **CATE** <br> ) <br> ) <br> ) |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | ) No. C01-1351 TEH <br> ) <br> ) **THREE-JUDGE COURT** <br> ) <br> ) <br> ) <br> ) <br> ) |

1 | **PROPOUNDING PARTIES:**    Plaintiff Ralph Coleman

2 | **RESPONDING PARTIES:**    Defendant Matthew Cate

3 | **SET NUMBER:**    **TWO**

4 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

5 |     PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33,

6 | Plaintiff Ralph Coleman requests that Defendant Cate is hereby requested to answer the

7 | following interrogatories separately and fully in writing under oath within twenty-one (21)

8 | days after service pursuant to Magistrate Judge Moulds' 10/30/07 Order [Docket 2495].

9 | **DEFINITIONS**

10 |     1.    "INCLUDING" means "including, but not limited to," and is not to be construed

11 | to limit a Request.

12 |     2.    "OR" shall be construed as disjunctive and conjunctive and, as used herein, shall

13 | include "and."

14 |     3.    "ANY" as used herein, shall include "each" and "every."

15 |     4.    "YOU" and "YOUR" refers to all defendants in this litigation, their agents,

16 | representatives, attorneys, and all other persons or entities acting on their behalf.

17 |     5.    "PRISON" means any and all facilities in which class members in this litigation

18 | are or can be incarcerated,  including DMH facilities, and any planned redesigns of,

19 | construction to, or renovations of such facilities, and any new such facilities contemplated by

20 | AB 900.

21 |     6.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state

22 | prisoners with serious mental disorders, including but not limited to those CDCR inmate-

23 | patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced

24 | Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental

25 | health crisis beds, and acute care beds.

26 |     7.    "LEVEL OF CARE" means the designated placement of a *COLEMAN* CLASS

27 | MEMBER into the clinically appropriate mental health program.

28 |

[225170-1]

1       8.      "APPROPRIATE HOUSING" means housing in a unit that meets the

2    requirements and standards of the Program Guide for a given *COLEMAN* CLASS MEMBER,

3    according to the *COLEMAN* CLASS MEMBER's LEVEL OF CARE.

4       9.      "MATERIAL" means having some significance to the information requested

5    OR relevance to the issues in dispute in these proceedings.

6       10.     "TREATMENT SPACE" means a place designated for medical or mental health

7    treatment.

8                                    **INTERROGATORIES**

9    **INTERROGATORY NO. 1:**     If YOU contend that that there have been ANY MATERIAL

10   changes to the ability of California Department of Corrections and Rehabilitation to timely

11   place *COLEMAN* CLASS MEMBERS in APPROPRIATE HOUSING in ANY PRISON,

12   PRISON housing unit OR PRISON treatment program since October 1, 2007, please state all

13   facts supporting your contention.

14   **INTERROGATORY NO. 2:**     If YOU contend that there have been ANY MATERIAL

15   changes in the amount OR quality of office space available for medical professionals OR

16   mental health professionals in ANY PRISON, PRISON housing unit OR PRISON treatment

17   program since October 1, 2007, please state all facts supporting your contention.

18   **INTERROGATORY NO. 3:**     If YOU contend that there have been ANY MATERIAL

19   changes in the amount OR quality of TREATMENT SPACE in ANY PRISON, PRISON

20   housing unit OR PRISON treatment program since October 1, 2007, please state all facts

21   supporting your contention.

22   **INTERROGATORY NO. 4:**     If YOU contend that there have been ANY MATERIAL

23   changes in the mental health treatment provided to *COLEMAN* CLASS MEMBERS housed in

24   Administrative Segregation Units in ANY PRISON, PRISON housing unit OR PRISON

25   treatment program since October 1, 2007, please state all facts supporting your contention.

26   //

27   //

28   //

1 **INTERROGATORY NO. 5:**    If YOU contend that there has been ANY MATERIAL

2 change in the ability to move *COLEMAN* CLASS MEMBERS to higher LEVELS OF CARE

3 in ANY PRISON, PRISON housing unit OR PRISON treatment program since October 1,

4 2007, please state all facts supporting your contention.

5

6 Dated:  July 17, 2008                              Respectfully submitted,

7                                                    ROSEN BIEN & GALVAN, LLP

8                                      By: _____

9                                                    Maria V. Morris
                                                     Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, Sofia Millham, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On July 18, 2008, I served the following document:

**PLAINTIFF COLEMAN'S SECOND SET OF INTERROGATORIES TO DEFENDANT CATE**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ X ] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service on July 17, 2008 for service on July 18, 2008. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

1 | **All documents were sent to the following persons in the following manner:**

2 | **VIA MESSENGER**
3 | Lisa A. Tillman
Deputy Attorney General
1300 I Street
4 | Sacramento, CA 95814

**VIA MESSENGER**
Rochelle East
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

5 |

6 | **VIA US MAIL**
Lead Counsel for County Intervenors
Ann Miller Ravel
7 | Theresa Fuentes
Office of the County Counsel
8 | 70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

**VIA MESSENGER**
Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

9 |

10 | **VIA US MAIL**
California Correctional Peace Officers'
Association (CCPOA) Intervenors
11 | Natalie Leonard
Gregg MacClean Adam
12 | Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
13 | San Francisco, CA 94104

**VIA US MAIL**
Republican Assembly and Senate Intervenors
Steven S. Kaufhold
Akin, Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

14 | **VIA US MAIL**
District Attorney Intervenors
15 | William E. Mitchell
Assistant District Attorney
16 | Riverside County District Attorney's
Office
17 | 4075 Main Street, First Floor
Riverside, CA 92501

**VIA US MAIL**
County of Sonoma Intervenors
Anne L. Keck, Deputy County Counsel
Steven Woodside
575 Administration Drive, Room 105A
Santa Rosa, CA 95403

18 |

19 | **VIA US MAIL**
California Sheriff, Probation, Police
20 | Chief and Corrections Intervenors
Jones & Mayer LLP
21 | Martin J. Mayer
Michael R. Capizzi
22 | Kimberly Hall Barlow
Elizabeth R. Feffer
23 | 3777 North Harbor Boulevard
Fullerton, CA 92835

24 |

25 | Courtesy copies were also sent via email on July 18, 2008. I declare under penalty of
perjury under the laws of the State of California that the foregoing is true and correct, and that this
26 | Proof of Service was executed on this 18th day of July, 2008, at San Francisco, California.

27 |

28 | Sofia Millham

[225279-1]

PLAINTIFF COLEMAN'S SECOND SET OF INTERROGATORIES TO DEFENDANT CATE - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1  PRISON LAW OFFICE
   DONALD SPECTER, Bar No. 83925
2  STEVEN FAMA, Bar No. 99641
   E. IVAN TRUJILLO, Bar No. 228790
3  SARA NORMAN, Bar No. 189536
   ALISON HARDY, Bar No. 135966
4  REBEKAH EVENSON, Bar No. 207825
   1917 Fifth Street
5  Berkeley, CA  94710
   Telephone:  (510) 280-2621
6
   KIRKPATRICK & LOCKHART PRESTON
7  GATES ELLIS LLP
   JEFFREY L. BORNSTEIN, Bar No. 99358
8  EDWARD P. SANGSTER, Bar No. 121041
   RAYMOND E. LOUGHREY, Bar No. 194363
9  55 Second Street, Suite 1700
   San Francisco, CA  94105-3493
10 Telephone:  (415) 882-8200

11 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
12 CLAUDIA CENTER, Bar No. 158255
   600 Harrison Street, Suite 120
13 San Francisco, CA  94107
   Telephone:  (415) 864-8848
14
15 Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830


BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

16              IN THE UNITED STATES DISTRICT COURTS

17            FOR THE EASTERN DISTRICT OF CALIFORNIA

18           AND THE NORTHERN DISTRICT OF CALIFORNIA

    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

19    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

20 RALPH COLEMAN, et al.,              ) No.  Civ S 90-0520 LKK-JFM P
                                       )
21        Plaintiffs,                  ) **THREE-JUDGE COURT**
                                       )
22    vs.                              ) **PLAINTIFF RALPH COLEMAN'S FIRST**
                                       ) **REQUEST FOR PRODUCTION OF**
23 ARNOLD SCHWARZENEGGER, et al.,      ) **DOCUMENTS TO DEFENDANT CATE**
                                       )
24        Defendants                   )
                                       )
25 MARCIANO PLATA ,et al.,             ) No. C01-1351 TEH
                                       )
26        Plaintiffs,                  ) **THREE-JUDGE COURT**
   vs.                                 )
27                                     )
   ARNOLD SCHWARZENEGGER, et al.,      )
28                                     )
          Defendants                   )

[220447-1]

1  **PROPOUNDING PARTIES:**      PLAINTIFF RALPH COLEMAN

2  **RESPONDING PARTIES:**       DEFENDANT CATE

3  **SET NUMBER:**               ONE

4

5      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

6          PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34,

7  Plaintiff Ralph Coleman requests that Defendant Cate ("Defendant") produce all responsive

8  Documents requested herein at the office of Plaintiff's counsel, Rosen, Bien & Galvan, LLP at 315

9  Montgomery Street, 10th Floor, San Francisco, California, 94104.  Responses to these Requests

10  shall be due twenty-one (21) days after service pursuant to Magistrate Judge Moulds' 10/30/07

11  Order [Docket 2495].

**I.    INSTRUCTIONS**

12          1.      The following Requests require the production of all responsive documents within

13  the sole or joint possession, custody, or control of any agents, agencies, boards, departments,

14  employees, servants, representatives, consultants, counsel, and/or other persons or entities acting

15  or purporting to act on Defendant's behalf, or otherwise subject to the control of Defendant.

16          2.      The following Requests are continuing in nature and require prompt supplemental

17  responses for any and all responsive documents that come into Defendant's sole or joint

18  possession, custody, or control after the service of any initial responses hereto.

19          3.      The following Requests require the production of preliminary drafts, revisions,

20  and/or copies of any such document if the copy is in any way different from the original.

21          4.      The following Requests require the production of all transmittal sheets, cover letters,

22  exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

23          5.      Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are

24  required to be produced either: (a) as they are kept in the usual course of business (together with

25  copies of any file labels or binder covers for the files or binders in which they are maintained); or

26  (b) organized and labeled to correspond with the categories of the Requests to which they respond.

27

28

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CATE - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[220447-1]

1    6.    If any responsive document is maintained in a computer-readable form, the

2    document shall be produced:  (a) in hard copy form, in a format generally used in the ordinary

3    course of business; and (b) on disk, tape, or other form of computer storage, with instructions

4    necessary to convert the information into reasonably usable form (including the name and version

5    number of the program used to create or read the data).

6    7.    In construing the Requests herein, the singular shall include the plural and the plural

7    shall include the singular.  A masculine, feminine or neutral pronoun shall not exclude the other

8    genders, so that the interpretation applied results in the more expansive production.  The terms

9    "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be construed

10    to limit the documents or information sought in any manner.

11    8.    If any Request demands production of documents that have been lost, discarded, or

12    destroyed, identify such documents as completely as possible.  Such identification shall include,

13    but is not limited to, a description of the subject matter of the document, the author of the

14    document, the date of the document's creation, the date of disposal, manner of disposal, reason for

15    disposal, person authorizing the disposal and person disposing of the document.

16    9.    For any responsive document or portion thereof that is either redacted or withheld,

17    in whole or in part, on the basis of any assertion of privilege or other asserted exemption from

18    discovery, furnish a list identifying each document, or portion thereof, not produced for this

19    reason, together with the following information: (a) the title or identity of the document; (b) the

20    date of the document; (c) the type or nature of the document; (d) the identity, title, or

21    responsibilities, and relationship to Defendant of all persons who either prepared or received the

22    document; (e) the number of pages and attachments; (e) the type and nature of the privilege or

23    exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail to

24    explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)).  For any

25    responsive document or portion thereof that may not properly be redacted or withheld in its

26    entirety, produce each and every portion thereof to which the claimed privilege or exemption does

27    not apply and specify, on the face of each such page or portion, the fact and reason for the

28    redaction or withholding.

[220447-1]

## II.    DEFINITIONS

1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like.  "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document.  If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2.    "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

3.    The term "IDENTIFY," when used with respect to a document, means to state the following, if available, for each document:  the name(s) of the author(s) and the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive term); a description of the contents of the document; and its present or last known location and custodian.  If you claim that any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when.  Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge.  To the extent that the answers to the preceding questions are determinable by an examination of the document

[220447-1]

1    itself, you may respond by supplying such document as part of your answers to these

2    interrogatories so long as you identify the interrogatory to which such document is responsive.

3        4.    "INCLUDING" means "including, but not limited to," and is not to be construed to

4    limit a Request.

5        5.    "COMMUNICATIONS" means any recorded transfer of information or impression,

6    whether it be by digital, electronic, audio, visual, written or other means.

7        6.    "YOU" and "YOUR" refers to all defendants in this litigation, their agents,

8    representatives, attorneys, and all other persons or entities acting on their behalf.

9        7.    "DEPARTMENT" means the California Department of Corrections and

10    Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives,

11    consultants, or counsel thereof and any predecessor entities thereof, including the former

12    California Department of Corrections.

13        8.    "CDCR PRISON" and "PRISONS" means any and all facilities in which class

14    members in this litigation are or can be incarcerated,  including DMH facilities, and any planned

15    redesigns of, construction to, or renovations of such facilities, and any new such facilities

16    contemplated by AB 900.

17        9.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart,

18    table, or any other information that RELATES to the timing for completing any or all phase(s) of

19    the subject matter of the request.

20        10.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or

21    transfer of information between two or more natural persons, any units of government, (including

22    governmental agencies or local heads of government), non profit organizations, public interest

23    groups, associations, quasi-public entities, and all other forms of legal entities, whether written,

24    oral, or in any other form.

25        11.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means

26    beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds

27    commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

28

[220447-1]

1           12.     "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state

2   prisoners with serious mental disorders, including but not limited to those CDCR inmate-patients

3   within the Correctional Clinical Case Management System (CCCMS), the Enhanced Outpatient

4   Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental health crisis beds,

5   and acute care beds.

6   **III.**     **RELEVANT TIME PERIOD**

7           1.     The "RELEVANT PERIOD," unless otherwise indicated, shall be from January 1,

8   2008 to the present, and shall include ALL DOCUMENTS dated, prepared, generated OR received

9   during the RELEVANT PERIOD and ALL DOCUMENTS and information that RELATE in

10   whole OR in part to such period, OR to events OR circumstances during such period, even though

11   dated, prepared, generated OR received prior OR subsequent to the RELEVANT PERIOD.

12

13                                     **REQUESTS FOR PRODUCTION**

14   **REQUEST FOR PRODUCTION NO. 1:**

15       All DOCUMENTS IDENTIFIED in response to interrogatory number 2 of Plaintiff Ralph

16   Coleman's First Set of Interrogatories to Defendant Cate.

17   **REQUEST FOR PRODUCTION NO. 2:**

18       All DOCUMENTS IDENTIFIED in response to interrogatory number 4 of Plaintiff Ralph

19   Coleman's First Set of Interrogatories to Defendant Cate.

20   **REQUEST FOR PRODUCTION NO. 3:**

21       All DOCUMENTS IDENTIFIED in response to interrogatory number 6 of Plaintiff Ralph

22   Coleman's First Set of Interrogatories to Defendant Cate.

23   **REQUEST FOR PRODUCTION NO. 4:**

24       All DOCUMENTS IDENTIFIED in response to interrogatory number 8 of Plaintiff Ralph

25   Coleman's First Set of Interrogatories to Defendant Cate.

26   **REQUEST FOR PRODUCTION NO. 5:**

27       All DOCUMENTS IDENTIFIED in response to interrogatory number 10 of Plaintiff Ralph

28   Coleman's First Set of Interrogatories to Defendant Cate.

[220447-1]

1  **REQUEST FOR PRODUCTION NO. 6:**

2          All DOCUMENTS IDENTIFIED in response to interrogatory number 12 of Plaintiff Ralph

3  Coleman's First Set of Interrogatories to Defendant Cate.

4  **REQUEST FOR PRODUCTION NO. 7:**

5          All DOCUMENTS IDENTIFIED in response to interrogatory number 14 of Plaintiff Ralph

6  Coleman's First Set of Interrogatories to Defendant Cate.

7  **REQUEST FOR PRODUCTION NO. 8:**

8          All DOCUMENTS IDENTIFIED in response to interrogatory number 15 of Plaintiff Ralph

9  Coleman's First Set of Interrogatories to Defendant Cate.

10  **REQUEST FOR PRODUCTION NO. 9:**

11          All "Program Status Reports" (CDCR forms 3022-B, INCLUDING any prior or newer

12  versions thereof, regardless of the form number) completed, signed or issued by each of

13  the CDCR PRISONS during the RELEVANT TIME PERIOD.

14

15

16

17

18  Dated:  July 1, 2008                              Respectfully submitted,

19                                                    ROSEN, BIEN & GALVAN, LLP

20                                                    By
21                                                        Lori Rifkin
22                                                        Attorneys for Plaintiffs

23

24

25

26

27

28

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CATE - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[220447-1]

1

**PROOF OF SERVICE**

2    I, Sofia Millham, declare that I am a resident of the State of California, am over the age of

3 eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan

4 LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On

5 July 1, 2008, I served the following document:

6    **PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF
     DOCUMENTS TO DEFENDANT CATE**

7

8    I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery.** I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

27

28

PLAINTIFF RALPH COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CATE - NOS. CIV S 90-0520 LKK-
JFM, C01-1351 TEH

[220447-1]

**All documents were sent to the following persons:**

Lisa A. Tillman
Deputy Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Rochelle East
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

Lead Counsel for County Intervenors
Ann Miller Ravel
Theresa Fuentes
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

California Correctional Peace Officers'
Association (CCPOA) Intervenors
Natalie Leonard
Gregg MacClean Adam
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Republican Assembly and Senate Intervenors
Steven S. Kaufhold
Akin, Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

District Attorney Intervenors
William E. Mitchell
Assistant District Attorney
Riverside County District Attorney's
Office
4075 Main Street, First Floor
Riverside, CA 92501

County of Sonoma Intervenors
Anne L. Keck, Deputy County Counsel
Steven Woodside
575 Administration Drive, Room 105A
Santa Rosa, CA 95403

California Sheriff, Probation, Police
Chief and Corrections Intervenors
Jones & Mayer LLP
Martin J. Mayer
Michael R. Capizzi
Kimberly Hall Barlow
Elizabeth R. Feffer
3777 North Harbor Boulevard
Fullerton, CA 92835

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this Proof of Service was executed on this 1st day of July,

2008, at San Francisco, California.

_____
Sofia Millham

[220447-1]