# EXHIBIT C

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
ROCHELLE C. EAST
Supervising Deputy Attorney General
LISA A. TILMAN, State Bar No. 126424
MISHA IGRA, State Bar No. 208711
Deputy Attorneys General
   1300 I Street, Suite 125
   P.O. Box 944255
   Sacramento, CA 94244-2550
   Telephone: (916) 324-5388
   Fax: (916) 324-5205
   Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| MARCIANO PLATA, et al., | No.: C01-1351 THE |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | **DEFENDANTS' RESPONSE TO PLAINTIFF COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| Defendants | |

PROPOUNDING PARTY:   PLAINTIFF RALPH COLEMAN

RESPONDING PARTIES:   DEFENDANTS TILTON, MAYBERG, GENEST,
                                SCHWARZENEGGER

1 | SET NO.:                ONE

## DEFINITIONS

In construing these discovery responses, the following definitions shall apply:

1.  "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

2.  "DEFENDANTS" shall mean each of the named defendants in the case of *Coleman* v. *Schwarzenegger,* including James Tilton in his official capacity on behalf of the California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his official capacity on behalf of the Department of Finance (DOF), and the Governor.

3.  "PROCEEDING" shall mean the three-judge panel proceeding convened under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

## OVERALL OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.  DEFENDANTS objects to Plaintiffs' definition of a California Department of Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units within Department of Mental Health (DMH) facilities that house CDCR prisoners. (Interrogatories, p. 2.) That definition mischaracterizes the role of DMH as a provider of housing for incarcerated inmates. DMH's true role is defined by California Penal Code section 2684 as a provider of inpatient mental health treatment to CDCR inmate-patients. Further, that definition erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed DMH as a provider of housing for incarcerated inmates. DEFENDANTS will interpret the terms "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to California Penal Code section 5054.

2.  DEFENDANTS object that the discovery seeks INFORMATION that is neither relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

2

1. discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they will be asserting in the PROCEEDING. Consequently, DEFENDANTS object that the discovery requires DEFENDANTS to speculate what claims may or may not be asserted by PLAINTIFFS.

3. DEFENDANTS object that the requests seek information equally available to PLAINTIFFS, and are overbroad and unduly burdensome. In accordance with the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive monthly and other regular document productions as well as other discovery from DEFENDANTS and the Receiver appointed in *Plata*.

4. DEFENDANTS state that PLAINTIFFS are already in possession of DEFENDANTS' filed plans for the provision of mental health care beds, for the recruitment and retention of staffing for those mental health beds, and for the implementation of appropriate mental health care in those beds. DEFENDANTS assert the deliberative process privilege to all information sought or contained in drafts of those *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and intra-Defendants' emails concerning those plans.

5. Given the shortened time for DEFENDANTS' responses to this discovery, DEFENDANTS hereby reserve the right to supplement these responses at a later date.

6. DEFENDANTS object that the discovery is unduly burdensome to the extent it requires DEFENDANTS to produce source codes, meta-data, and data in a DII format. DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a DAT Opticon format.

7. DEFENDANTS object that the discovery is unduly burdensome and overbroad to the extent it requires DEFENDANTS to obtain electronic and paper documents from potentially hundreds of individuals. DEFENDANTS have identified a core group of individuals that are likely to possess information most relevant to PLAINTIFFS' requests. Consequently, DEFENDANTS have obtained reasonably accessible electronic and paper documents from these individuals only and will not be subsequently expanding this search. The reasonably accessible electronic and paper documents obtained by DEFENDANTS do not include information contained on backup tapes or legacy data contained on systems that are no longer utilized.

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

3

8. DEFENDANTS object to the place of production specified in the discovery. DEFENDANTS will produce any non-privileged, responsive DOCUMENTS at the California Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California. Additionally, any production shall be in accordance with a rolling production schedule agreed to by the parties and/or ordered by the Court.

9. DEFENDANTS object that the discovery seeks DOCUMENTS outside of DEFENDANTS' custody and control. To the extent the discovery seeks information within the custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct said discovery to the Receiver and not DEFENDANTS.

10. To the extent any request seeks documents prepared, created, or generated by the Office of the Inspector General, DEFENDANTS object to the discovery of such documents on the basis of the official information privilege and on the basis of the right to privacy in medical, mental health, and personnel matters. Non-privileged reports of the Office of the Inspector General are available on its public web site.

**RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION**

REQUEST NO. 1:

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the implementation of the Court-ordered Revised Program Guide.

RESPONSE TO REQUEST NO. 1:

DEFENDANTS object that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: PLAINTIFFS have already been provided documents and reports concerning the implementation of the Revised Program Guide, including and not limited to: (a) draft and final budget change proposal and other funding documents held by and released by the Department of Finance in accord with the August 2006 court order; (b) Health Care Services Division's monthly

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 22:

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of alternative sites to licensed mental health crisis beds for prisoners in need of crisis beds or suicide precautions, including but not limited to outpatient housing units (OHUs), mental health outpatient housing units (MOHUs) and holding cells, during the RELEVANT TIME PERIOD.

RESPONSE TO REQUEST NO. 22:

DEFENDANTS object that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: Responsive and non-privileged materials concerning the use of alternative sites to licensed mental health crisis beds have already been provided, including certain Division of Health Care Services Division memoranda to the field, Defendants' plan to reduce suicide trends in administrative segregation units, Defendants' bed plans and Special Master Keating's reports on those plans. Any additional non-privileged and responsive documents will be provided.

REQUEST NO. 23:

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of or referral to mental health crisis beds for inmates not previously identified on the MHSDS caseload during the RELEVANT TIME PERIOD.

RESPONSE TO REQUEST NO. 23:

DEFENDANTS object that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. Further, this information is equally available to Plaintiffs. The request violates non-caseload members' right to privacy.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: Responsive and non-privileged materials concerning the use of alternative sites to licensed mental health crisis beds have already been provided, including Defendants' plan to

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
2  critical analysis privilege, and official information privilege.
3        Subject to and without waiving the foregoing objections, DEFENDANTS respond as
4  follows: Any responsive, non-privileged documents will be produced.
5  REQUEST NO. 28:
6        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the
7  original determination of MHSDS (EOP, CCCMS, MHCB) housing capacity for each CDCR
8  PRISON housing unit at the time when the MHSDS housing capacity was first created.
9  RESPONSE TO REQUEST NO. 28:
10       DEFENDANTS object that this request seeks information protected from disclosure by
11 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
12 critical analysis privilege, and official information privilege. This request is overbroad by
13 seeking documents since the creation of Mental Health Services Delivery System housing. The
14 request is vague as to the terms 'housing unit' and 'original stated capacity' for *Coleman* class
15 members. Indeed, certain prisons were built before the commencement and/or completion of the
16 *Coleman* lawsuit and so the term original stated capacity for housing *Coleman* inmates is vague,
17 ambiguous and essentially inapplicable to those prisons. Further, the information responsive to
18 this interrogatory is equally available to Plaintiffs from the (a) inspection tours undertaken prior
19 to trial, (b) the monitoring tours provided since the inception of the remedial process and
20 continuing to date, (c) the Health Care Services Division's monthly reports to the Special Master,
21 (d) the staffing, construction and funding reports provided at semi-annual meetings with the
22 Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).
23 REQUEST NO. 29:
24       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the
25 CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each
26 CDCR PRISON housing unit over the past five years.
27 //
28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  RESPONSE TO REQUEST NO. 29:

2     DEFENDANTS object that this request seeks information protected from disclosure by the
3  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical
4  analysis privilege, and official information privilege. This request is overbroad by providing a five-
5  year time period for production. Certain prisons were built before the commencement and/or
6  completion of the *Coleman* lawsuit and so the term 'stated capacity' for housing *Coleman* inmates
7  is vague, ambiguous and essentially inapplicable to those prisons. Further, the information
8  responsive to this interrogatory is equally available to Plaintiffs from the (a) inspection tours
9  undertaken prior to trial, (b) the monitoring tours provided since the inception of the remedial
10 process and continuing to date, (c) the Health Care Services Division's monthly reports to the
11 Special Master, (d) the staffing, construction and funding reports provided at semi-annual meetings
12 with the Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).

13 REQUEST NO. 30:

14    ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the
15 CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each
16 CDCR PRISON housing unit over the past five years.

17 RESPONSE TO REQUEST NO. 30:

18    DEFENDANTS object that this request seeks information protected from disclosure by the
19 attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical
20 analysis privilege, and official information privilege. This request is overbroad by providing a five-
21 year time period for production. The term 'stated capacity' for housing *Coleman* inmates is vague,
22 ambiguous. The non-privileged information responsive to this interrogatory is equally available to
23 Plaintiffs from the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided
24 since the inception of the remedial process and continuing to date, (c) the Health Care Services
25 Division's monthly reports to the Special Master, (d) the staffing, construction and funding reports
26 provided at semi-annual meetings with the Special Master and Plaintiffs (known as All Parties and/or
27 Policy Meetings), (e) the Governor's Budget and May Revise, (f) the budget documents produced
28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

in response to the *Coleman* court's June 2006 order.

REQUEST NO. 31:

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to mental health staffing studies, including workload studies, undertaken or commissioned by YOU that analyze the number and types of staff (clinical, custody, and support) required to implement the Court-ordered Revised Program Guide.

RESPONSE TO REQUEST NO. 31:

DEFENDANTS object that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: The final workload study commissioned by CDCR Health Care Services Division and sought by Plaintiff Coleman at the last *Coleman* Policy Meeting will be produced.

REQUEST NO. 32:

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to workload studies undertaken or commissioned by YOU that analyze treatment and office space needed to implement the Court-ordered Revised Program Guide.

RESPONSE TO REQUEST NO. 32:

DEFENDANTS object that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: Any non-privileged and responsive documents will be produced.

REQUEST NO. 33:

ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to requests for additional resources or staff (clinical, custody, and support) for the provision of mental health treatment, including but not

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 38:

2       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to standards,
3  guidelines, protocols, or procedures for the provision of mental health care during the RELEVANT
4  TIME PERIOD to *COLEMAN* CLASS MEMBERS by community based housing programs,
5  including but not limited to Community Correctional Facilities.

6  RESPONSE TO REQUEST NO. 38:

7       DEFENDANTS object that this request seeks information protected from disclosure by the
8  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical
9  analysis privilege, and official information privilege. DEFENDANTS further object that the term
10 community correctional facilities is vague and so interpret that term to not include Family
11 Foundation facilities.

12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

28

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows: By policy and procedure, *Coleman* class members are excluded from Community Correctional Facilities and so this inquiry is inapposite. DEFENDANTS will produce any protocols concerning the exclusionary criteria and concerning the response to any emergency mental health care needs of those inmates housed in Community Correctional Facilities.

Dated: November 9, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

ROCHELLE C. EAST
Supervising Deputy Attorney General

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

SF2007200670
responseALLDEFColemanRFP1.11.8wpd.wpd

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

29

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  CHARLES J. ANTONEN, State Bar No. 221207
   SAMANTHA TAMA - State Bar No. 240280
6  Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5711
8    Fax: (415) 703-5843
     Email: Rochelle.East@doj.ca.gov
9
   Attorneys for Defendants
10 Schwarzenegger, Genest, and Tilton

   HANSON BRIDGETT MARCUS
   VLAHOS & RUDY, LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179755
   425 Market Street, 26th Floor
   San Francisco, CA 94105
   Telephone: (415) 777-3200
   Facsimile: (415) 541-9366
   Email: pmello@hansonbridgett.com

**FILED**

OCT 26 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13              AND THE NORTHERN DISTRICT OF CALIFORNIA

14      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | 90-0520 LKK JFM <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | C-01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

Coleman v. Schwarzenegger, Case No. 90-0520
Plata v. Schwarzenegger, Case No. 01-1351

1

1 | PROPOUNDING PARTY: Marciano Plata, et al., Plaintiffs
2 | RESPONDING PARTY: Arnold Schwarzenegger, et al., Defendants
3 | SET NO.: One

## DEFINITIONS

In construing these discovery responses, the following definitions shall apply:

1) "PLAINTIFFS" shall mean class representatives Marciano Plata (sic), et al. the named plaintiffs in the action *Plata v. Schwarzenegger,* Case No. C-01-1351 TEH (N.D. Cal.) (*Plata*) and class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

2) "DEFENDANTS" shall mean Arnold Schwarzenegger, Michael Genest, and James Tilton the named defendants in *Plata* and Arnold Schwarzenegger, Michael Genest, James Tilton and Stephen Mayberg the named defendants in *Coleman*.

3) "PROCEEDING" shall mean the three-judge panel proceeding convened under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

## GENERAL OBJECTIONS

1. DEFENDANTS object that the discovery was propounded prematurely and violates Federal Rule of Civil Procedure 26. PLAINTIFFS propounded this discovery prior to the initial hearing in the PROCEEDING, which took place on September 24, 2007. Additionally, PLAINTIFFS failed to meet and confer with DEFENDANTS as required by Federal Rule of Civil Procedure 26.

2. DEFENDANTS object that the discovery is impermissibly propounded by "Marciano Plata, et al., Plaintiffs". Under Federal Rules of Civil Procedure 34, PLAINTIFFS must identify with specificity the "party" that is propounding discovery. Additionally, the coordinated nature of the PROCEEDING makes the discovery unduly confusing and ambiguous. DEFENDANTS were unsure whether the discovery was propounded in *Coleman* or *Plata*. Consequently, DEFENDANTS met and conferred with PLAINTIFFS in good faith and PLAINTIFFS

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

2

1 acknowledged that the discovery requests were ambiguous and informed DEFENDANTS that
2 the discovery requests should be interpreted to apply to both *Coleman* and *Plata*.
3     3. DEFENDANTS object that the discovery is impermissibly propounded to "Arnold
4 Schwarzenegger, et al., Defendants". Under Federal Rules of Civil Procedure 34, PLAINTIFFS
5 must identify with specificity which "party" discovery is propounded to.
6     4. DEFENDANTS object that the discovery seeks DOCUMENTS that are neither
7 relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the
8 discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they
9 will be asserting in the PROCEEDING. Consequently, DEFENDANTS object the discovery
10 requires DEFENDANTS to speculate what claims may or may not be asserted by PLAINTIFFS.
11     5. DEFENDANTS object that the requests are seek information equally available to
12 PLAINTIFFS overbroad and unduly burdensome. In accordance with the *Coleman* and *Plata*
13 remedial orders, PLAINTIFFS receive a monthly document productions and other discovery
14 from DEFENDANTS and the Receiver appointed in *Plata*.
15     6. DEFENDANTS object that the discovery is unduly burdensome to the extent it
16 requires DEFENDANTS to produce source codes, meta-data, and data in a DII format.
17 DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a
18 DAT Opticon format.
19     7. DEFENDANTS object that the discovery is unduly burdensome and overbroad to the
20 extent it requires DEFENDANTS to obtain electronic and paper documents from potentially
21 hundreds of individuals. DEFENDANTS have identified a core group of individuals that are
22 likely to possess information most relevant to PLAINTIFFS' requests. Consequently,
23 DEFENDANTS have obtained reasonably accessible electronic and paper documents from these
24 individuals only and will not be subsequently expanding this search. The reasonably accessible
25 electronic and paper documents obtained by DEFENDANTS do not include information
26 contained on backup tapes or legacy data contained on systems that are no longer utilized.
27     8. DEFENDANTS object to the date and place of production specified in the discovery.
28 DEFENDANTS will produce any non-privileged, responsive DOCUMENTS at the California

Defs.' Resp. to Pls.'  
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520  
*Plata v. Schwarzenegger*, Case No. 01-1351

3

1 | Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California.
2 | Additionally, any production shall be in accordance with a rolling production schedule agreed to
3 | by the parties and/or ordered by the Court.
4 | 9. DEFENDANTS object that the discovery seeks DOCUMENTS outside of
5 | DEFENDANTS' custody and control. To the extent the discovery seeks information within the
6 | custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct said
7 | discovery to the Receiver and not DEFENDANTS.

## DEFENDANTS' RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the implementation of AB 900, INCLUDING but not limited to the PRISONS' capacity for traffic, sewage, water, power and other infrastructure, the presence of valley fever at or in the vicinity of the PRISONS, and staffing levels at PRISONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS object that the request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS object that the inclusion of the phrase "including but not limited to" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the request. DEFENDANTS also object to disclosing detailed information regarding the architectural specifications, renderings, blueprints, infrastructure layout, building footprints, points of access, and construction design details because release of this information could jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007." (Req. for

Defs.' Resp. to Pls.' Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

4

1 | actually initiated or adopted are equally available to PLAINTIFFS as these measures have already
2 | been disclosed in both *Plata* and *Coleman*.
3 |     Subject to and without waiving the foregoing objections, DEFENDANTS respond as
4 | follows:
5 |     DEFENDANTS will, in accordance with the rolling production described above, produce
6 | all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
7 | RELEVANT TIME PERIOD which reflect measures actually initiated or adopted to address the
8 | size of CDCR's prison population.
9 |
10 | **REQUEST FOR PRODUCTION NO. 32:**
11 |     Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
12 | RELATE TO any consideration of the effects of sentencing reform on the PRISON population.
13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**
14 |     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
15 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
16 | critical analysis privilege, and official information privilege. DEFENDANTS object that the
17 | request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
18 | object that the inclusion of the phrases "any consideration" and "sentencing reform" renders the
19 | request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the
20 | parameters of the request. DEFENDANTS object to this request which encompasses measures
21 | considered, but not adopted, which are subject to the deliberative process privilege.
22 | DEFENDANTS object that the request is neither relevant to any claim or defense asserted in the
23 | PROCEEDING nor reasonably calculated to lead to the discovery of admissible evidence. The
24 | Three-Judge Panel does not possess the authority to order the State of California to adopt
25 | sentencing reform under the doctrine of separation of powers, as well as precepts of federalism.
26 | Moreover, although the Three-Judge Panel has jurisdiction over the parties in the
27 | PROCEEDING, PLAINTIFFS in this matter have already been sentenced and are incarcerated.
28 | The Three-Judge Panel's jurisdiction does not extend to those individuals who may possibly be

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

41

1  sentenced in the future. Moreover, neither PLAINTIFFS nor the *Coleman* class members have
2  pleaded a cause of action challenging the constitutionality of California's sentencing scheme.
3  Therefore, the issue is not properly before the Three-Judge Panel. Unless there is an actual case
4  or controversy regarding California's sentencing statutes, neither the Three-Judge Panel nor the
5  Federal Courts possess jurisdiction to consider the matter.
6
7  **REQUEST FOR PRODUCTION NO. 33:**
8  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
9  RELATE TO any consideration of the effects of sentencing commission on the PRISON
10 population.
11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**
12 DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
13 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
14 critical analysis privilege, and official information privilege. DEFENDANTS object that the
15 request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
16 object that the inclusion of the phrases "any consideration" and "effects of sentencing
17 commission" renders the request ambiguous, overbroad, and unduly burdensome as
18 PLAINTIFFS have not defined the parameters of the request. DEFENDANTS object to this
19 request which encompasses measures considered, but not adopted, which are subject to the
20 deliberative process privilege. DEFENDANTS object that the request is neither relevant to any
21 claim or defense asserted in the PROCEEDING nor reasonably calculated to lead to the
22 discovery of admissible evidence. The Three-Judge Panel does not possess the authority to order
23 the State of California to empanel a sentencing commission under the doctrine of separation of
24 powers, as well as precepts of federalism. Moreover, although the Three-Judge Panel has
25 jurisdiction over the parties in the PROCEEDING, PLAINTIFFS in this matter have already been
26 sentenced and are incarcerated. The Three-Judge Panel's jurisdiction does not extend to those
27 individuals who may possibly be sentenced in the future. Moreover, neither PLAINTIFFS nor
28 the *Coleman* class members have pleaded a cause of action challenging the constitutionality of

1  California's sentencing scheme. Therefore, the issue is not properly before the Three-Judge
2  Panel. Unless there is an actual case or controversy regarding California's sentencing statutes,
3  neither the Three-Judge Panel nor the Federal Courts possess jurisdiction to consider the matter.

5  **REQUEST FOR PRODUCTION NO. 34:**
6  Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or
7  RELATE TO any consideration of the effects of any changes in parole policies on the PRISON
8  population.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**
10  DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by
11  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-
12  critical analysis privilege, and official information privilege. DEFENDANTS object that the
13  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS
14  object that the inclusion of the phrases "any consideration," "effects of any changes," and "parole
15  policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS
16  have not defined the parameters of the request. DEFENDANTS object to this request which
17  encompasses measures considered, but not adopted, which are subject to the deliberative process
18  privilege.

19  Subject to and without waiving the foregoing objections, DEFENDANTS respond as
20  follows:

21  DEFENDANTS will, in accordance with the rolling production described above, produce
22  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
23  RELEVANT TIME PERIOD which relate to the effect changes in parole policies actually
24  initiated or adopted will have on the PRISON population.

26  **REQUEST FOR PRODUCTION NO. 35:**
27  Any and all DOCUMENTS that REFER or RELATE TO the comprehensive analysis of
28  existing CDCR beds, programming space, clinical/mental health space, infrastructure capacities,

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

43

1  it is not specific as to time. In accordance with DEFENDANTS' Responses to Requests for
2  Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,
3  26, 30, 35, 36, and 37, DEFENDANTS interpret the request to include a RELEVANT TIME
4  PERIOD limitation consisting of the time period from May 2, 2007 to the present.
5      Subject to and without waiving the foregoing objections, DEFENDANTS respond as
6  follows:
7      DEFENDANTS will, in accordance with the rolling production described above, produce
8  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the
9  RELEVANT TIME PERIOD as understood by DEFENDANTS which relate to actually initiated
10 or adopted changes or clarifications of parole revocation policies.

Dated: October 25, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

By: _____
CHARLES J. ANTONEN
Deputy Attorney General
Attorneys for Defendants

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

Coleman v. Schwarzenegger, Case No. 90-0520
Plata v. Schwarzenegger, Case No. 01-1351

47