1   PRISON LAW OFFICE
    DONALD SPECTER, Bar No. 83925
2   STEVEN FAMA, Bar No. 99641
    E. IVAN TRUJILLO, Bar No. 228790
3   SARA NORMAN, Bar No. 189536
    ALISON HARDY, Bar No. 135966
4   REBEKAH EVENSON, Bar No. 207825
    1917 Fifth Street
5   Berkeley, CA 94710
    Telephone: (510) 280-2621
6
    KIRKPATRICK & LOCKHART PRESTON
7   GATES ELLIS LLP
    JEFFREY L. BORNSTEIN, Bar No. 99358
8   EDWARD P. SANGSTER, Bar No. 121041
    RAYMOND E. LOUGHREY, Bar No. 194363
9   55 Second Street, Suite 1700
    San Francisco, CA 94105-3493
10  Telephone: (415) 882-8200

11  THE LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER
12  CLAUDIA CENTER, Bar No. 158255
    600 Harrison Street, Suite 120
13  San Francisco, CA 94107
    Telephone: (415) 864-8848
14
15  Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

16  IN THE UNITED STATES DISTRICT COURTS

17  FOR THE EASTERN DISTRICT OF CALIFORNIA

    AND THE NORTHERN DISTRICT OF CALIFORNIA

18  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

19  PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

20  RALPH COLEMAN, et al.,                    ) No.: Civ S 90-0520 LKK-JFM P
                                              )
21          Plaintiffs,                       ) **THREE-JUDGE COURT**
                                              )
22      vs.                                   )
                                              )
    ARNOLD SCHWARZENEGGER, et al.,            )
23                                            )
            Defendants                        )
                                              )
24  MARCIANO PLATA, et al.,                   ) No. C01-1351 TEH
                                              )
25          Plaintiffs,                       ) **THREE-JUDGE COURT**
                                              )
        vs.                                   )
26                                            ) **JOINT STATEMENT RE PLAINTIFFS'**
    ARNOLD SCHWARZENEGGER, et al.,            ) **MOTION TO COMPEL**
27                                            ) **SUPPLEMENTAL RESPONSES AND**
        vs.                                   ) **PRODUCTION**
            Defendants                        )
28                                            )

[229539-2]

# TABLE OF CONTENTS

**Page**

PLAINTIFFS' STATEMENT ................................................................. 1

I.    Nature of the Case & Factual Disputes .................................. 1

II.   Meet and Confer ...................................................................... 4

III.  Plaintiffs' Contentions .......................................................... 5

      A.   Legal Standards ......................................................... 5

      B.   Defendants Must Supplement All Incomplete or Inaccurate
           Discovery Responses ................................................. 5

           1.   Defendants' Refusal to Supplement on the Basis of Burden
                Is Specious ......................................................... 8

           2.   Defendants' Refusal to Supplement Because of Subsequent
                Discovery Requests Is Also Unfounded ......................... 9

      C.   Defendants Must Supplement Without Further Delay ............... 10

           1.   Defendants' Claimed Inability to Supplement While
                Responding to New Discovery Is Not a Justification for
                Delay. ............................................................... 12

           2.   Defendants Desire to Wait Until They Have Final Answers
                Should Not Be Countenanced ..................................... 13

      D.   If Defendants Do Not Immediately Supplement, They Should Be
           Precluded From Offering Any Evidence Or Argument That Facts
           or Circumstances Have Changed Since December 2007 ............. 13

IV.   Conclusion ............................................................................. 14

DEFENDANTS' STATEMENT .............................................................. 15

I.    INTRODUCTION .................................................................... 15

II.   STATEMENT OF FACTS ......................................................... 15

III.  LEGAL ARGUMENT ............................................................... 17

      A.   Plaintiffs Misunderstand the Duty to Supplement Under the Federal
           Rules of Civil Procedure. ......................................... 18

      B.   Plaintiffs' Proposed Timeline for Defendants' Supplemental
           Responses is Arbitrary .............................................. 19

      C.   Plaintiffs' Request for Sanctions Is Inappropriate and Unwarranted. ....... 20

IV.   CONCLUSION ........................................................................ 21

[229539-2]

PLAINTIFFS' STATEMENT IN REPLY ........................................................................ 21

    A.    Defendants' Supplements Should Be Made Now and, if Need Be, Later ............................................................................................................. 21

    B.    Defendants' Refusal to Provide Supplemental Responses to Some of the Document Requests Does Not Satisfy their Obligation to Supplement ...................................................................................................... 22

            1.    Defendants' Claim that there Are No New Documents Responsive to Document Requests 22 and 38 Is Not Credible ...................................................................................................... 23

            2.    Defendants' Refusal to Supplement Production for the Additional Document Requests Is Also Not Well Taken ............... 24

    C.    The Request for Sanctions Is Proper ......................................................... 26

    D.    Plaintiffs' Conclusion on Reply .................................................................. 27

JOINT STATEMENT RE PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION,

NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229539-2]

1

<u>**TABLE OF AUTHORITIES**</u>

<u>Page</u>

2

3   <u>**CASES**</u>

4   *AVX Corp. v. Cabot Corp.*,
      ___ F.R.D. ___, 2008 WL 2566778, *8 (D. Mass. June 18, 2008) .................... 10, 11, 12, 13

5

6   *Gathright v. City of Portland*,
      439 F.3d 573 (9th Cir. 2006) ...................................................................................... 6, 8

7   *Hertz v. Luzenac America Inc.*,
      2006 WL 994431, *17 (D.Colo. April 13, 2006) ............................................................ 6

8

9   *Minebea Co. Ltd. v. Papst*,
      231 F.R.D. 3 (D.D.C. 2005) ...................................................................................... 25

10  *Newton v. Standard Candy Co., Inc.*,
      2007 WL 2021825 (D. Neb. July 09, 2007) .............................................................. 10

11

12  *R & R Sails Inc. v. Insurance Co. of State of PA*,
      ___F.R.D. ___, 2008 WL 2232640, *6 (S.D.Cal. April 18, 2008) ............... 5, 10, 11, 12, 13

13  *Reed v. Iowa Marine and Repair Corp.*,
      16 F.3d 82 (5th Cir. 1994) ..................................................................................... 18, 25

14

15  *Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC,*
      2004 WL 3021842, *4-6 (N.D. Ill. 2004) .............................................................. 19

16  *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*,
      982 F.2d 363 (9th Cir. 1992) ................................................................................. 20, 26

17

18  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
      259 F.3d 1101 (9th Cir. 2001) ............................................................................... 5, 26

19  <u>**STATUTES**</u>

20  18 U.S.C. § 3626(a)(1)(A) ............................................................................................ 25

21  Penal Code § 3073........................................................................................................ 23, 24

22  <u>**RULES**</u>

23  Federal Rule of Civil Procedure 26(e) .............................................................. passim

24  Federal Rule of Civil Procedure 26(e)(1) ............................................................... 5, 18

25  Federal Rule of Civil Procedure 26(f)...................................................................... 11

26  Federal Rule of Civil Procedure 37............................................................................ 26

27  Federal Rule of Civil Procedure 37(c) ............................................................... 1, 5, 26

28  Federal Rule of Civil Procedure 37(c)(1)............................................. 5, 10, 13, 14, 20, 21

[229539-2]

1  Federal Rule of Civil Procedure 37(c)(1)(A) ................................................................ 14

2  Federal Rule of Civil Procedure 37(b) ........................................................................ 26

3  Federal Rule of Civil Procedure 37(c) ........................................................................ 13

4  Federal Rule of Civil Procedure 37(c)(1)..................................................................... 20

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[229539-2]

1                             **Plaintiffs' Statement**

2 **I.     NATURE OF THE CASE & FACTUAL DISPUTES**

3         The current dispute is whether Defendants must supplement their discovery responses,

4 including document productions, and if so, when.   Defendants last responded to most of the

5 document requests and interrogatories at issue in December 2007 or earlier. Despite the eight

6 months that have passed since December, defense counsel for *Coleman* have take the position

7 that they will not supplement productions of documents responsive to *any* document requests.

8 Defense counsel in *Plata* have agreed to limited supplementing of document productions, and

9 all defense counsel have agreed to provide supplements for interrogatory responses.  However

10 Defendants refuse to provide any timeframe for when supplements will be made, proffering

11 excuses rather than the critically needed discovery supplements.  Plaintiffs seek an Order,

12 pursuant to Fed. R. Civ. P. 26(e) and 37(c) compelling supplemental responses and production

13 without further delay.

14         In September 2007, the three-judge panel ordered that discovery was open.  Docket No.

15 ("Dkt.") 2456[1]  On October 10, 2007, the Three-Judge Court ordered that the case would be

16 bifurcated into two Phases, discovery for Phase I would close on December 20, 2007, and

17 Phase I would proceed to trial on February 6, 2008.   *Id.* at 4.

18         In the fall of 2007, as the parties were preparing for the Phase I trial in February 2008,

19 Plaintiffs served certain requests for the production of documents, seeking responsive

20 documents created from the spring of 2006 through the present.  *See* Declaration of Maria V.

21 Morris ("Morris Decl."), Exs. A-C.  Defendants responded over the course of October through

22 December 2007.  Morris Decl., Exhs. D-G.  Documents were produced in response to some of

---

[1] For simplicity, all Docket cites will be to a single docket, *Coleman v. Schwarzenegger*, unless otherwise indicated.

[229539-2]

1  the requests during November and December 2007.  Few additional documents have been

2  produced since.[2]

3        On December 14, 2007, the Court stayed discovery and vacated the trial date.  Dkt.

4  2616.  On February 8, 2008, the Court ordered that the case would proceed to trial in a single

5  proceeding, rather than in bifurcated proceedings.  Dkt. 2673.  On June 2, 2008, the Court set

6  the trial for November 18, 2008, and ordered that the discovery stay would remain in effect

7  until June 30, 2008.  Dkt. 2808.

8        Defendants have admitted that they are required to "continue to supplement their

9  production of documents and/or responses to discovery requests that were served on

10  Defendants before December 20, 2007," but asked that the Court waive the requirement.  Dkt.

11  2781 at 15.  Plaintiffs opposed this request.  *Id.*  The Court did not issue any order waiving the

12  requirement or otherwise relieving Defendants of their obligations under Rule 26(e).  Further,

13  Defendants refused to stipulate not to attack Plaintiffs' evidence as out of date, thereby

14  requiring Plaintiffs to seek to receive the most current information and documents that

15  Defendants have.  Morris Decl., Ex. J.  Nonetheless, *Coleman* defense counsel took the

16  position that they did not need to supplement any productions responsive to document

17  requests.  Since being provided with the opening portions of the argument in this brief,

18  Coleman defense counsel have agreed to supplement some, but not all of the document

19  productions, and defendants have refused to agree to produce supplemental responses by any

20  particular date.[3]

21

22

23

24
_____

25  [2] The additional documents produced since were primarily documents identified by Defendants
    in October through December 2007 but withheld pursuant to now-abandoned assertions of
26  privilege.

27  [3] The parties agreed to an internal briefing schedule for exchanging portions of this Joint
    Statement.
28

[229539-2]

1   The document requests Defendants have been asked to supplement and have refused are

2   as follows:  Plaintiff Coleman's First Request for Production Nos. 22, 28, 30, and 38; and

3   Plaintiffs' First Request for Production Nos. 32 and 33.[4]

4   The document requests for which Defendants have agreed to supplement, but have not

5   provided a date by when they will supplement are as follows: Plaintiff Coleman's First Request

6   for Production Nos. 7, 20, 24-27, 29, 31-32, 34-35; Plaintiffs' First Request for Production

7   Nos. 27-31, and 34; and Plaintiff Plata's Second Request for Production No. 39.

8   Plaintiffs have requested supplemental responses to the following Interrogatories:

9   Plaintiff Plata's First Set of Interrogatories to Defendant Tilton Nos. 10-13; Plaintiff Ralph

10  Coleman's First Set of Interrogatories to Defendant Tilton Nos. 1-15, 23, and 24.  After

11  reviewing Plaintiffs' portion of the Joint Statement, Defendants have stated that they will

12  supplement the interrogatory responses by August 15, 2008.

13  Each of the sets specified that they were continuing in nature and required prompt

14  supplemental responses.  Morris Decl. Exs. A-C, W-X.  For the document requests, the

15  Relevant Time Period is defined as running from a specified date in the spring of 2006 until the

16  present. Morris Decl. Exs. A-C.

---

[4] The Document Requests at issue seek documents and communications relating to the following topics:

- Coleman No. 22: Defendants' use of alternative sites for Mental Health Crisis Beds, including Outpatient Housing Units, Mental health Outpatient Housing Units and holding cells;
- Coleman Nos. 28 and 30: Defendants' determinations about capacity levels for class members at the prisons both at the time the Mental Health Services Delivery System was created, and changes in staffing, space or resources related to capacity levels;
- Coleman No. 38: standards, guidelines, protocols, or procedures for the provision of mental health care in community-based housing programs; and
- Plaintiffs' Nos. 32-33: consideration of the effects of sentencing reform or a sentencing commission on prison population.

These topics are central to this litigation, and there is ample evidence that there have been important communications and documents created in some of these areas since Defendants last produced documents.

[229539-2]

## II.    MEET AND CONFER

On June 24, 2008, the parties met and conferred regarding various discovery issues, including the need for Defendants to supplement prior responses and productions.   Morris Decl. Ex. H.  Defendants took the position that they need not supplement any discovery because of the volume of discovery that had already taken place.  *Id.*  Plaintiffs made suggestions of ways to focus the supplements, including offering to provide a list of certain documents Plaintiffs believed should be updated.  *Id.*  Defendants did not agree to produce anything at that point. *Id.*

On June 26, 2008, during a Case Management Conference, as the Court sought information to determine the length of the new discovery period, the Court inquired as to whether Defendants would stipulate not to testimony presented by Plaintiffs as being out of date.  Defendants refused to stipulate.  Morris Decl. Ex. J.

Over the following weeks, Plaintiffs repeatedly requested that Defendants supplement their responses to specified document requests and interrogatories.   Morris Decl. Exs. L, M, O, S, T.  Defendants provided no concrete answers as to whether or when they would supplement. Morris Decl. Exs. I, K.

Only when Plaintiffs informed Defendants that they would be bringing a motion did Defendants finally reply as to what they would supplement and what they would not.  Morris Decl. Exs. P-R.  Defense counsel in *Coleman* stated that they would not supplement production of documents responsive to any prior document requests, but that they would supplement responses to interrogatories.  Morris Decl. Ex. R.  Defense counsel in *Plata* responded that they would supplement the responses to most, though not all, of the document requests and interrogatories for which supplements had been specifically requested.  Morris Decl. Ex. Q. Defendants did not state when supplements would be made.  Morris Decl. Exs. Q-R.

When Defendants provided their portion of this Joint Statement to Plaintiffs on July 30, 2008, the brief stated that Defendants had committed to supplement their interrogatory responses by August 15, 2008, and that they would supplement the documents responsive to all document requests except Plaintiff Coleman's First Request for Production Nos. 22, 28-30,

1  and 38, and Plaintiffs' First Request for Production Nos. 32 and 33.  They did not provide any

2  timeframe for making supplemental document productions.

3      The parties spoke on July 31, 2008.  Defendants reiterated the statement in the brief

4  about timing of interrogatory response supplements and the supplementing of some but not all

5  of the document productions.

6      On August 1, 2008, Defendants stated that they would also supplement documents

7  produced in response to Plaintiff Coleman's First Request for Production No. 29.

8  **III.    PLAINTIFFS' CONTENTIONS**

9      **A.    Legal Standards**

10     Under Federal Rule of Civil Procedure 26(e), a party must supplement its disclosures

11 and responses in a timely manner if it learns that "in some material respect the disclosure or

12 response is incomplete or inaccurate."  Fed. R. Civ. P. 26(e)(1); *see also R & R Sails Inc. v.*

13 *Insurance Co. of State of PA*, ___F.R.D. ___, 2008 WL 2232640, *6 (S.D.Cal. April 18, 2008)

14 (imposing monetary and non-monetary sanctions for failure to timely supplement). The duty to

15 supplement is automatic.  *Id*.

16     Under Rule 37(c), where a party fails to provide information as required by Rule 26(e),

17 the party is precluded from using that information to supply evidence, unless the failure is

18 substantially justified or harmless.  Fed. R. Civ. Proc. 37(c)(1).   The burden of showing

19 harmlessness or substantial justification is on the party failing to meet its ongoing discovery

20 obligations.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.

21 2001).

22     Under Rule 37(c)(1), the Court also has the authority to order payment of attorneys'

23 fees and other expenses caused by the failure, and to impose various other sanctions, including

24 prohibiting the disobedient party from supporting or opposing designated claims or defenses.

25     **B.    Defendants Must Supplement All Incomplete or Inaccurate Discovery**

26         **Responses**

27     Defense counsel in *Coleman* have simply refused to provide any supplemental

28 responses to document requests.  Yet they acknowledge that the prison overcrowding situation

1  is "dynamic" and told the Court that "the Receiver, for example, is doing things every single

2  month."  Morris Decl. ¶ 24 and Ex. J.  Indeed, they flatly refused to stipulate to not attack

3  Plaintiffs' evidence as out of date on this basis – thereby necessitating production of more

4  recent information.  Morris Decl. Ex. J.  Because Plaintiffs seek injunctive relief in this

5  litigation, it is crucial that the evidence presented at trial (and thus the discovery responses

6  given to plaintiffs) reflect the current circumstances.  *See Gathright v. City of Portland*, 439

7  F.3d 573, 581-82 (9th Cir. 2006) (remanding to determine appropriateness of breadth of

8  injunction addressing constitutional violations in light of evidence of changed circumstances).

9          The Interrogatories and Document Requests were responded to long ago.  Defendants

10  responded to the Document Requests in October and November 2007.  Documents were

11  produced starting at the end of October and continuing through December 2007.  For the

12  requests Plaintiffs for which now seek to have supplemental productions, the only production

13  since December 2007 was in March 2008 – a production of just three documents, responsive to

14  *Coleman* Request No. 7.  For all the others, the last production was in December 2007, eight

15  months ago and almost a year before the scheduled trial date.  Morris Decl. Exs. D-G.

16          There can be no question that the circumstances have changed with the passage of time,

17  rendering last year's productions and responses incomplete and inaccurate.  First, as discussed

18  above, Defendants have admitted that there have been changes in the circumstances.

19          Second, at and before the time of production in December 2007, Defendants have made

20  representations about what they are doing to attempt resolve some of their ongoing

21  constitutional violations.  What happens and does not happen, as time passes, is material in this

22  litigation, and necessitates production.  *See, e.g.*, *Hertz v. Luzenac America Inc.*, 2006 WL

23  994431, *17 (D.Colo. April 13, 2006) (finding that facts and understanding of those facts

24  change with passage of time, thereby requiring supplements).   For example, Defendants'

25  December 3, 2007 Revised Reception Center Enhanced Outpatient Program Plan states

26  numerous specific things that Defendants were doing or intended to do at reception centers to

27  resolve some of the constitutional violations against *Coleman* class members.  *See* Morris

28  Decl. Ex. Y.  The Plan discusses obstacles, status of progress, and certain planned actions.  *Id.*

[229539-2]

1   In the eight months since Defendants made this Plan, the obstacles have been resolved or not,

2   there has been progress or there has not, actions have been taken or they have not.  What has

3   happened and what has not happened with regard to the housing, treatment and transfer of

4   *Coleman* class members in reception centers is highly relevant to the issues in the case, and

5   responsive to Coleman Request Nos. 24-26.  Without the information about what Defendants

6   have done and not done since December 2007, the responses are inherently incomplete, and

7   likely inaccurate.

8       Further, there is direct evidence of changes and discussions that have occurred in the

9   last eight months that demonstrate that the productions and other responses from December

10  2007 are no longer complete or accurate.  For example, on July 15, 2008, the California

11  Rehabilitation Oversight Board released its biannual report in which it discussed certain

12  actions taken by CDCR to implement the recommendations made in the June 29, 2007 report

13  by the CDCR Expert Panel on Adult Offender Reentry and Recidivism Reduction Programs.

14  Morris Decl. Ex. Z.  Information about these actions is directly responsive to Coleman Request

15  No. 7.  *See supra* note 3.

16      Similarly, CDCR's recent Mental Health Bed Plan of July 16, 2008 (the "Bed Plan"),

17  demonstrates that Defendants believe that there have been significant developments relevant to

18  many of the topics for which information was sought through the document requests set forth

19  above.  Morris Decl. Ex. AA.  For example, the Bed Plan states that an agreement was made

20  that DMH will continue to manage and provide inpatient acute and intermediate mental health

21  services.  Morris Decl. Ex. AA at 3.  This suggests that there would be documents and

22  communications discussing the decision to make this agreement – information that would

23  likely be responsive to Coleman Request Nos. 24-26 (regarding *Coleman* class members in

24  Reception Centers), 27 (regarding actions taken to reduce or limit the number of *Coleman*

25  Class members in CDCR prisons), 28-30 (regarding capacity and resources for *Coleman* class

26  members in CDCR prisons), 31-32 (regarding any studies of staffing and resources needed to

27  implement the Revised Program Guide), and 35 (regarding the ability to place *Coleman* Class

28  members at each level of care).

-7-

[229539-2]

1    These documents provide a summary glimpse into the actions taken.  However, they do

2  not provide the detailed information that is sought – and to which Plaintiffs are entitled.

3  Plaintiffs are entitled to the documents that discuss what new programs are and are not, why

4  they are being implemented, and what the obstacles are.  These changes in the circumstances

5  are responsive to the document requests, appear to have evolved in the last eight months, and

6  render the prior productions inaccurate and incomplete.  When determining what to do about

7  Defendants' ongoing constitutional violations, the Court must have, and Plaintiffs must be able

8  to present, evidence of the situation that is as current as possible.  *See Gathright*, 439 F.3d at

9  581-82.

10    Moreover, even if some of the circumstances for which information was sought through

11  the document requests have not actually changed, it is highly likely that a there have been

12  communications and documents generated regarding those circumstances.  Chances are good

13  that people have sent e-mails or written memos or reports detailing what they believe needs to

14  change or does not need to change, what the effects of current conditions are, and/or what the

15  obstacles to change may be.  Without the documents from the last six months, Defendants'

16  production is incomplete.

17    Defendants' prior productions are certainly incomplete, given the passage of time.  They

18  are likely materially inaccurate as well, as is shown by the documents that Plaintiffs have

19  secured outside of discovery that discuss changes to some of the very circumstances addressed

20  in the document requests.  Defendants must supplement their production so that Plaintiffs and

21  the Court can examine and assess evidence of current circumstances as this litigation moves

22  forward.  If they do not, they should be precluded from making any arguments or introducing

23  any evidence that anything has changed since December 2007.

24    **1.  Defendants' Refusal to Supplement on the Basis of Burden Is Specious**

25    One of the two bases put forward in the meet and confer process for refusing to

26  supplement is that it would be burdensome.  *See* Morris Decl. ¶ 25.  There are two distinct

27  reasons why this argument fails.  First, such production should not be particularly burdensome.

28  There are a limited number of requests Plaintiffs have specifically asked Defendants to

-8-

[229539-2]

supplement.[5]   Assuming production was complete when made, the supplements would need to cover only the time since December 2007, approximately an eight month period.  Defendants have already gone through the process of gathering the information requested for the original production, so they have presumably learned which avenues of inquiry are  most likely to yield information.[6]   Finally, Defendants were fully aware of the likelihood of a need to supplement, once discovery was stayed and the trial delayed:  In addition to the requirements of Rule 26(e), Plaintiffs indicated in the Document Requests that these were continuing Document Requests and there was a duty to supplement, and Defendants reserved the right to supplement in their responses.  They have no justification for now claiming that it is too hard to do.

Secondly, there is no legal support whatsoever for the proposition that a party need not supplement because it is too burdensome.  Neither Rule 26(e), nor the cases analyzing supplemental discovery obligations provide for such an objection at this stage in the proceedings.

### 2.  Defendants' Refusal to Supplement Because of Subsequent Discovery Requests Is Also Unfounded

Defense counsel in *Coleman* took the position during the meet and confer that there is no need to supplement because Plaintiffs served a Third Set of Requests for Production of Documents.  This argument also fails, both on law and on the facts of the dispute.

First, Rule 26(e) and the caselaw do not support Defendants' position.  Rule 26(e) requires that Defendants must supplement if the prior responses are "incomplete or incorrect, and if the additional or corrective information has not otherwise *been made known* to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(emphasis added).

---

[5] Plaintiff requested supplements to these specific document requests because of a belief that the prior responses and productions may have become inaccurate.  However, to the extent that Defendants learn, absent a specific request from Plaintiffs, that other responses are inaccurate or incomplete, they are under a continuing duty to supplement. Fed. R. Civ. P. 26(e).

[6] Plaintiffs are available to meet and confer with Defendants regarding ways to simplify the process and make it more efficient.

[229539-2]

1  Thus, the issue is whether the party seeking discovery has received the information that

2  corrects or completes the earlier responses, not whether it has requested the information in

3  another discovery request.

4         The cases that address the requirement of supplements also show Defendants' position

5  to be wrong.  For example, in *Newton v. Standard Candy Co., Inc.*, 2007 WL 2021825 (D.

6  Neb. July 09, 2007), the court held that although subsequent requests were duplicative of

7  earlier discovery requests, the party resisting discovery was under a continuing duty to

8  supplement.  *Id.* at \*4.  This does not require repetitive disclosure because the duty to

9  supplement is satisfied if the necessary information is provided, regardless of whether it is

10  responsive to the later requests or a supplement to the earlier requests.  However, Defendants

11  cannot evade the requirement to supplement by relying on the mere fact of additional discovery

12  requests being served.

13         **C.        Defendants Must Supplement Without Further Delay**

14         Rule 26(e) imposes a duty to supplement in a timely manner.  Fed. R. Civ. P. 26(e); *R &*

15  *R Sails Inc.*, ___ F.R.D. ___, 2008 WL 2232640 at \*6.  Supplements "should be made at

16  appropriate intervals *during the discovery period*."  *AVX Corp. v. Cabot Corp.*, ___ F.R.D.

17  ___, 2008 WL 2566778, \*8 (D. Mass. June 18, 2008) (emphasis in the original), quoting Fed.

18  R. Civ. P. 26(e), Advisory Committee Note, 1993 Amendments.  As further explained in the

19  Advisory Committee Note to the 1993 Amendments, supplements should be made "with

20  special promptness as the trial dates approaches."[7]

21         Here, it is critical that supplements to interrogatory responses and document productions

22  be made without further delay.  The period for discovery is short.  Discovery will close on

23  September 8, 2008, just 32 days after the hearing on this motion.  Dkt. 2859.  Expert reports

24  are due on August 15, 2008, and rebuttal reports are due on August 27, 2008.  Plaintiffs will be

25

_____

26  [7] Rule 26(e) was amended as of January 1, 2008 to require that supplements be made in a
"timely" manner, rather than "seasonally."  The Advisory Committee Note to the 2007

27  Amendments makes it clear that the intent of this amendment was not to change the meaning,
but to harmonize practice for supplementing with the language of the Rule.

28

[229539-2]

taking depositions throughout August, and every deposition taken prior the supplementing of

prior discovery responses carries the risk that the deposing attorney will be asking questions

based upon representations about facts and circumstances that are no longer true. *See, e.g.*, *R*

*& R Sails Inc.*, ___ F.R.D. ___, 2008 WL 2232640 at *6 (imposing sanctions for failure to

make necessary supplements prior to deposition).  Trial, too, is fast approaching, now just 3½

months away. Defendants must not be allowed to prejudice Plaintiffs' ability to prepare by

delaying responses and production relating to changed circumstances.

       Moreover, Defendants have long known that they have an obligation to supplement, and

so should be ready to do so.  When the discovery requests were served last fall, they each

stated that the requests were continuing and required prompt supplements.  When Defendants

responded, they explicitly reserved their right to supplement.  On April 28, 2008, Defendants

acknowledged in the Joint Supplemental Discovery Statement Pursuant to Federal Rule of

Civil Procedure 26(f) that they have a duty to "continue to supplement their production of

documents and/or responses to discovery requests that were served on Defendants before

December 20, 2007." Dkt. 2781 at 15.[8]   Further, Plaintiffs and Defendants have been

engaged in an active meet and confer process about supplementing prior responses since at

least June 24, 2008.  On June 26, 2008, Defendants admitted in Court at a Case Management

Conference that some of the facts underlying the case may have changed, and thus they refused

to stipulate to not attacking Plaintiffs' evidence as out of date, effectively establishing that

supplements would be necessary. Morris Decl. Ex. J.

       Plaintiffs ask the Court to order Defendants to supplement their interrogatory responses

and document productions, as required by Rule 26(e), without further delay.

---

[8] In that Joint Statement, Defendants asked the Court to waive the requirement of
supplementing.  The Court has not done so.  Defendants' improper refusal to supplement is
merely an attempt to secure a waiver without bringing a formal motion.  Putting the burden on
Plaintiffs to seek supplements, rather than simply providing them as required by the rule  is
improper and sanctionable.  *See AVX Corp.*, ___ F.R.D. ___, 2008 WL 2566778 at *8

[229539-2]

**1.  Defendants' Claimed Inability to Supplement While Responding to New Discovery Is Not a Justification for Delay.**

Plaintiffs remain willing to agree to a schedule for supplementing that is reasonable in light of the pending discovery cut-off and trial.  However, even where Defendants have agreed to supplement responses and production, they have refused to provide any timetable for responding.  Instead they have offered excuses for additional delay.

*Plata* defense counsel have stated that they are unable to supplement now because they "are currently engaged in responding to Plaintiffs' recently propounded discovery requests."[9] Morris Decl. Ex. Q.   This excuse is improper.  As noted above, the Advisory Committee Notes make clear that supplements should be made during the discovery period.  *AVX Corp.*, ___ F.R.D. ___, 2008 WL 2566778 at *8.   Moreover, failing to supplement in a timely manner, even when discovery is ongoing and time-consuming, is sanctionable.  *See, e.g.*, *R & R Sails Inc.*, ___ F.R.D. ___, 2008 WL 2232640 at *6 (imposing sanctions for failure to supplement while parties were engaged in discovery).

In addition, Defendants have been aware since the discovery stay was imposed on December 14, 2007, that they would need to supplement their responses, including their document productions.  *See, e.g.*, Morris Decl. Exs. D-G; Dkt. 2781.  Discovery was stayed from December 2007 until the end of June 2008, but Defendants did very little in the way of supplementing during this period.  If Defendants did not supplement prior to the reopening of discovery, and do not supplement during discovery, it is unclear when exactly they believe they should supplement, other than after discovery closes – when Plaintiffs will be harmed in their ability to prepare for trial and  to explore the meaning of the supplemental information in depositions.

Finally, as discussed above, allowing Defendants to delay supplementing because they are engaged in discovery risks serious prejudice to Plaintiffs.  Plaintiffs are about to embark on

---

[9] *Plata* defense counsel have agreed to supplement certain interrogatory responses and the production of documents responsive to certain document requests.

[229539-2]

1  taking numerous depositions – the value of which will be diminished if not eliminated by

2  subsequent supplements showing that the facts upon which Plaintiffs' questions are based are

3  no longer accurate.  Plaintiffs will not be able to recall deponents, nor can Plaintiffs wait to

4  take the depositions, in light of the discovery cut-off and trial schedule.

5        **2.  Defendants Desire to Wait Until They Have Final Answers Should Not Be**

6          **Countenanced**

7        Defense counsel in *Coleman* have offered another reason for delaying supplementing

8  their interrogatory responses.[10]   According to defense counsel in *Coleman*, some of their

9  supplements must wait until the budget is signed.  Morris Decl. ¶ 24.

10        This argument, too, must be rejected.  The Rule does not provide for a single

11  supplement once all responses can be deemed final.  Once Defendants are aware that their

12  responses are inaccurate or incomplete, they must timely supplement.  Fed. R. Civ. P. 26(e).

13  Supplements are to be made at appropriate *intervals*.  *AVX Corp.*, ___ F.R.D. ___, 2008 WL

14  2566778 at *8.  There is simply no basis for waiting to supplement because the situation will

15  change at some point in the future.  If subsequent supplements are needed, they should be

16  made.  It is not a reason for delay.   Indeed, the fact that situations change is the point of Rule

17  26(e).

18      **D.  If Defendants Do Not Immediately Supplement, They Should Be Precluded**

19         **From Offering Any Evidence Or Argument That Facts or Circumstances**

20         **Have Changed Since December 2007.**

21        Federal Rule of Civil Procedure 37(c) requires courts to impose sanctions for violations

22  of Rule 26(e), unless the violation was substantially justified or harmless.  Fed. R. Civ. P.

23  37(c)(1); *see also R & R Sails Inc.*, ___ F.R.D. ___, 2008 WL 2232640 at *6.

24        Defendants' refusal cannot be justified and is not harmless.  The issues in this case are

25  important.  Defendants have been found to violate some of the most basic constitutional rights

26

27    [10] *Coleman* defense counsel have agreed to supplement certain interrogatory responses, but not
document productions.

28

[229539-2]

1  of many thousands of people in their custody.  They have been unable to fix these violations

2  for years.  As a result, *Plata* and *Coleman* class members continue to suffer needlessly and, on

3  a sadly regular basis, to die.  All parties and the Court having an accurate understanding of

4  what the actual situation in the prisons is, what the obstacles to fixing the constitutional

5  violations are, and why Defendants have failed for so long to resolve these issues, is essential

6  to the prospect of putting an end to these violations.

7         Additionally, on a purely logistical level, there is no justification for the refusal to

8  timely supplement.  As discussed above, Defendants have long known that they needed to

9  supplement.   Plaintiffs have attempted to help them prioritize what needs to be supplemented.

10  Defendants were offered the opportunity to stipulate to not attack Plaintiffs' evidence as out of

11  date – which would have eliminated the need to supplement – but they refused to do so.

12        Plaintiffs ask that Defendants be sanctioned, if all required supplemental responses and

13  document production are not produced within 5 business days of this Court's Order, by

14  precluding Defendants from introducing evidence or argument that facts or circumstances have

15  changed  since December 20, 2007 with regard to any subject addressed in Plaintiffs'

16  discovery requests propounded prior to that date.  *See* Fed. R. Civ. P. 37(c)(1).

17        Further, Plaintiffs request that the Court order Defendants' to pay all of Plaintiffs'

18  reasonable expenses, including attorneys' fees, incurred in bringing this motion and in meeting

19  and conferring with Defendants over the issue of supplementing discovery.  *See* Fed. R. Civ. P.

20  37(c)(1)(A).

21  **IV.    CONCLUSION**

22        For the foregoing reasons, Plaintiffs respectfully request that this Court Order: (1) that

23  Defendants make all required supplements to prior discovery responses and document

24  production within 5 business days; (2) that any supplemental response or production made later

25  shall be excluded, unless Defendants demonstrate that it is, in fact, new information or a newly

26  created document; (3) that if no supplemental response or production is made, Defendants shall

27  be precluded from introducing evidence or argument at trial that any facts or circumstances

28  have changed  since December 20, 2007 with regard to any subject addressed in Plaintiffs'

-14-

[229539-2]

discovery requests propounded prior to that date; and (4) that Defendants pay all of Plaintiffs'

reasonable expenses, including attorneys' fees, incurred in bringing this motion and in meeting

and conferring with Defendants over the issue of supplementing discovery.

**Defendants' Statement**

## I.    INTRODUCTION

Plaintiffs' motion to compel supplemental responses and production is ill-founded.

Defendants recognize their duty under the Federal Rules of Civil Procedure and, even before

the filing of this motion, have been working diligently to supplement, where appropriate, their

previous discovery responses.  The Federal Rules of Civil Procedure, however, do not require

Defendants to supplement every discovery response.  Moreover, the artificial deadlines and

sanctions requested by Plaintiffs are wholly inappropriate and not supported by the case law.

Therefore, Defendants respectfully request Plaintiffs' motion to compel supplemental

responses and production be denied.

## II.    STATEMENT OF FACTS

Defendants note that Plaintiffs' portion of this joint statement contains various

inaccuracies and misstatements.  In the interest of efficiency, Defendants recite only the facts

most pertinent to the present discovery dispute.

The parties have engaged in extensive discovery in this proceeding.  To date,

Defendants have produced over 500,000 pages of documents to Plaintiffs, with some of those

documents produced as supplemental responses.  (Antonen Decl. ¶ 2.)  Indeed, Defendants

have demonstrated good faith by already supplementing their Fall 2007 responses on an

ongoing basis.[11]

Moreover, since December 2007, the Coleman Defendants have produced to Plaintiffs

_____

[11] For example, in December 2007, Defendants provided supplemental responses to Plaintiff
Coleman's First Request for Production to Defendants Schwarzenegger, et al. Nos. 1, 23, 24,
25, 29, 35, and 36.  Moreover, in March 2008, Defendants provided supplemental responses to
Plaintiff Coleman's First Request for Production to Defendants Schwarzenegger, et al. Nos. 5
and 7.  Additionally, in April 2008, Defendants provided supplemental responses to institution
specific request for production issued by Plaintiffs.  (Antonen Decl. ¶ 2.)

[229539-2]

1    various documents in the course of compliance efforts.[12]  (Antonen Decl. ¶ 3.)  These

2    documents candidly discuss the barriers to and means of achieving successful resolution of

3    integral mental health care issues.  Moreover, Plaintiffs have received the Coleman Special

4    Master's 19th and 20th monitoring reports concerning his monitoring findings and

5    recommendations for the period of 2007 to date.[13]  (Antonen Decl. ¶ 4.)  Put simply,

6    Defendants' own compliance efforts, combined with the Coleman Special Master's reports,

7    have yielded such a storehouse of information for Plaintiffs' use in the Three-Judge Panel

8    proceeding that Plaintiffs cannot say Defendants have failed to inform them of any material

9    changes in the provision of mental health care.

10           Even with the receipt of a wealth of information produced from the Fall 2007 discovery

11   responses, Defendants' supplemental responses, as well as documents from Defendants'

12   ongoing compliance efforts, Plaintiffs have recently issued additional discovery requests to

13   Defendants.  A large portion of these discovery requests seek "updates" for documents

---

[12]  As much as Plaintiffs complain that they do not have information concerning the 2007 plan
to provide Enhanced Outpatient Care in Reception Centers, Plaintiffs received a May 1, 2008
revised plan to provide such care.  Likewise, Defendants provided Plaintiffs with the May 1,
2008 revisions of other court-mandated mental health care plans, including the plans to provide
mental health assessments for CCCMS inmates within the disciplinary process; to enhance
referrals to intermediate care beds at Atascadero State Hospital; to provide EOP care in
administrative segregation centers, and to enhance recruitment efforts.  Furthermore,
Defendants sent Plaintiffs a copy of the Mental Health Bed Plan of July 16, 2008, with its
attached projections of the mental health population and, again, this plan includes a discussion
of the challenges faced by Defendants in providing mental health care to inmates.  These bed
plans were and will continue to be discussed with Plaintiffs at joint meetings held periodically
under the sponsorship of the Receiver at the Bovis Consulting offices.  Defendants have
continued to provide Plaintiffs with monthly statistical packages on the mental health
population, clinical staffing, and bed utilization since January 2008.  (Antonen Decl. ¶ 3.)

[13]  These monitoring reports include Special Master Lopes' annual report on Suicides
Committed in California Department of Corrections and Rehabilitation in Calendar for Year
2006.  (Antonen Decl. ¶ 4.)

[229539-2]

previously produced by Defendants.[14]  (Antonen Decl. Ex. B.)  Defendants have responded or are in the process of responding to this discovery propounded by Plaintiffs.[15]  (Antonen Decl. ¶ 7.)  Consequently, since Plaintiffs have sought "updated" information in their July 2008 discovery requests and Defendants have responded to those requests, any motion seeking further and immediate supplementation of those same requests should be mooted by Plaintiffs' own actions.

In any event, since the drafting of Plaintiffs' portion of this joint statement, the parties have been able to further narrow the disputed discovery requests to Plaintiff Coleman's First Request for Production to Defendants Schwarzenegger, et al. Nos. 22, 28, 30, and 38 and Plaintiff Plata's First Request for Production to Defendants Schwarzenegger, et al. Nos. 32 and 33.  (Antonen Decl. ¶ 8.)  Defendants have otherwise agreed to provide supplemental responses, if warranted, for the specific discovery requests identified by Plaintiffs.  (Antonen Decl. ¶ 8.)  Additionally, Defendants have committed to provide the agreed-upon supplemental interrogatory responses to Plaintiffs no later than August 15, 2008.  (Antonen Decl. ¶ 8.)

## III.    LEGAL ARGUMENT

The parties and the Court have recognized that the time for further voluminous discovery has passed.  Specifically, Plaintiffs represented to this Court that "[b]ecause of the urgency of the overcrowding crisis, Plaintiffs will limit further discovery to the bare minimum

---

[14]  In fact, Plaintiffs initially stated that only certain responses would need to be updated, and sought such updates on an informal basis. (Antonen Decl. ¶ 5.)  However, that request for informal updates was followed by Plaintiff Coleman's Third Request for Production to Defendants Schwarzenegger, et al. and two sets of interrogatories and a request for production to the Secretary of CDCR.  (Antonen Decl. ¶ 6.)  Of the fifty-two requests for production in Plaintiff Coleman's Third Request for Production to Defendants Schwarzenegger, et al., forty-five specifically seek "updated" information and one particular request seeks the 21st round tour binders.  (Antonen Decl. ¶ 6.)  In the same fashion, Plaintiff Coleman's first and second set of interrogatories to Secretary Cate seek "updated" information on the interrogatories issued against then-Secretary Tilton in Fall 2007.  (Antonen Decl. ¶ 6.)

[15]  Defendants responded to Plaintiff Coleman's Third Request for Production to Defendants Schwarzenegger, et al. on July 24, 2008 and have already produced approximately 15,000 pages of documents responsive to these requests for "updated' information.  (Antonen Decl. ¶ 7.)  Additionally, the Coleman tour binders from the 20th and 21st monitoring rounds have been produced or are in the process of being produced to Plaintiffs.  (Antonen Decl. ¶ 7.)

[229539-2]

1  necessary to prepare for trial and update information previously obtained . . . ." (Joint Supp.

2  Discovery Statement 3:17-18.) Plaintiffs own stated willingness to limit discovery to the bare

3  minimum should now be enforced.

4        A.      **Plaintiffs Misunderstand the Duty to Supplement Under the Federal Rules**

5                **of Civil Procedure.**

6        Under the Federal Rules of Civil Procedure, a party is obliged to supplement its

7  discovery responses in a timely manner if the party learns that "in some material respect the

8  disclosure or response is incomplete or inaccurate, and if the additional or corrective

9  information has not otherwise been made to the parties during the discovery process or in

10 writing." Fed. R. Civ. P. 26(e)(1). Defendants decline to provide supplemental responses to

11 Plaintiff Coleman's First Request for Production to Defendants Schwarzenegger, et al. Nos. 22,

12 28, 30, and 38 and Plaintiff Plata's First Request for Production to Defendants

13 Schwarzenegger, et al. Nos. 32 and 33 because Defendants do not believe that their original

14 responses are incomplete or inaccurate in a material way. (Antonen Decl. Ex. C.)

15       With respect to Plaintiff Coleman's First Request for Production to Defendants

16 Schwarzenegger, et al. Nos. 22 and 38, Defendants do not believe that any new documents

17 exist that will be responsive to these requests. The duty to supplement these discovery

18 responses under Federal Rule of Civil Procedure 26(e) lies with Defendants, not Plaintiffs. *See*

19 *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994). While Plaintiffs may

20 speculate that additional responsive documents could have been created since Defendants' last

21 document production, this conjecture does not trigger a duty to supplement by Defendants.

22       With respect to Plaintiff Coleman's First Request for Production to Defendants

23 Schwarzenegger, et al. Nos. 28 and 30 and Plaintiff Plata's First Request for Production to

24 Defendants Schwarzenegger, et al. Nos. 32 and 33, Defendants decline to provide

25 supplemental responses because Defendants' original responses were solely objections and

26

27

28

-18-

[229539-2]

1   Plaintiffs never filed a motion to compel further responses.[16]  (Antonen Decl. ¶ 9.)

2   Consequently, since Defendants' underlying objections to the above-referenced discovery still

3   stand unchallenged, there is simply nothing for Defendants to supplement.

4       **B.      Plaintiffs' Proposed Timeline for Defendants' Supplemental Responses is**

5              **Arbitrary**

6       Defendants have agreed to provide Plaintiffs with various supplemental responses in a

7   timely manner.[17]  In fact, Defendants have committed to provide the agreed-upon supplemental

8   interrogatory responses to Plaintiffs no later than August 15, 2008.  (Antonen Decl. ¶ 8.)

9   Plaintiffs, however, appear to be frustrated because Defendants will not commit to a date

10  certain to provide all supplemental document productions.  Defendants respectfully submit that

11  picking an arbitrary date for all supplemental productions to be completed would be futile and

12  contravene the purpose of the rule to allow supplemental productions upon a material change

13  in the stated response.

14      Plaintiffs concede that the duty to supplement is an ongoing, continuing obligation.

15  Consequently, picking an arbitrary date in advance of the discovery cutoff to provide

16  supplemental responses will only deprive the Court and the parties of potentially useful

17  information for the Three-Judge Panel proceeding.  For example, the *Coleman* Special Master,

18  _____

19  [16]  Defendants sincerely hope that Plaintiffs will refrain from filing a motion to compel further
    responses to these discovery requests.  These discovery responses pertain to tertiary issues that
20  are irrelevant to issues before the Three-Judge Panel and cannot be considered part of the "bare
    minimum" of discovery necessary for Plaintiffs to prepare for trial.  For example, Plaintiff
21  Plata's First Request for Production to Defendants Schwarzenegger, et al. Nos. 32 and 33
    request various documents regarding sentencing reform.  (Antonen Decl. Ex. C.)  These
22  discovery requests are not relevant to the Three-Judge Panel proceeding because sentencing
    reform is not the type of relief that the Three-Judge Panel can issue as a "prisoner release
23  order" under the PLRA.  Defendants submit that only the California legislature can enact
    sentencing reform.  Moreover, with the passage of over ten months since Defendants'
24  responses were served, Plaintiffs have likely waived any motion to compel further responses
    for these specific discovery requests.  *See Ridge Chrysler Jeep, LLC v. Daimler Chrysler*
25  *Services North America, LLC,* 2004 WL 3021842, *4-6 (N.D. Ill. 2004).

26  [17]  Plaintiffs, on the other hand, have not indicated when, if ever, they will be supplementing
    their previous discovery responses or the approximately 104 pages of documents Plaintiffs
27  have produced to Defendants in the Three-Judge Panel proceeding.  To the extent the Court
                                                                    (continued . . .)

28

[229539-2]

1  *Plata* Receiver, and Plaintiffs' counsel continue to work to improve conditions for the

2  *Coleman* and *Plata* class members.  To the extent these efforts bear fruit after Plaintiffs'

3  arbitrary supplementation date, the parties and the Court should be able to introduce and

4  consider this important information.

5        Defendants are committed to producing documents responsive to Plaintiffs' recent

6  discovery requests, which overlap substantially with the discovery requests Plaintiffs seek

7  supplemental responses, and to supplement previous document productions with all deliberate

8  speed.  To the extent Plaintiffs believe that certain future document productions by Defendants

9  are untimely, Plaintiffs can seek to exclude the offending specific documents in accordance

10  with Federal Rule of Civil Procedure 37(c)(1).  Each document should be considered on its

11  own merits.  The blanket prohibition of the production of documents past a certain date sought

12  by Plaintiffs would appear to only deny the Court and the parties potentially material

13  information relevant to the Three-Judge Panel proceeding.

14        **C.**    **Plaintiffs' Request for Sanctions Is Inappropriate and Unwarranted.**

15        Plaintiffs' request for sanctions is inappropriate.  Typically, an award of sanctions can

16  only be made after a party has violated a court order.  *Unigard Security Ins. Co. v. Lakewood*

17  *Eng. & Mfg. Corp.,* 982 F.2d 363, 367 (9th Cir. 1992).  Here, Plaintiffs do not contend that

18  Defendants have violated a court order, so the requested discovery sanctions are inappropriate.

19        Further, the requested sanctions are unwarranted.  Plaintiffs' sanctions request appears

20  to be premised on Federal Rule of Civil Procedure 37(c)(1).  Under this rule, sanctions can

21  only be imposed upon the failure of a party to properly supplement under Federal Rule of Civil

22  Procedure 26(e).  Fed. R. Civ. P. 37(c)(1).  Yet, Defendants have already supplemented certain

23  discovery responses through their April 2008 supplemental productions, through documents

24  produced in the ongoing compliance efforts, and through their production in response to the

25  "update" requests of Plaintiff Coleman's Third Request for Production to Defendants

26

27  imposes a deadline to supplement discovery responses, fundamental fairness requires that any
such limitation apply to all parties and not just Defendants.

28

-20-

JOINT STATEMENT RE PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION,
NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229539-2]

1   Schwarzenegger, et al. (Antonen Decl. ¶¶ 2-4, 6-7.) Moreover, Defendants are currently in the

2   process of supplementing the vast majority of discovery responses identified by Plaintiffs.

3   (Antonen Decl. ¶ 8.) Therefore, Rule 37(c)(1) does not apply because Defendants have not

4   failed to supplement their discovery responses.

5           Plaintiffs' request for sanctions is not ripe for determination because it is erroneously

6   premised on assumptions about Defendants' possible future conduct. Essentially, Plaintiffs

7   contend that Defendants should be sanctioned now because Defendants may not provide

8   supplemental responses in the future. This request is woefully premature because Defendants

9   intend to provide and have said they will provide Plaintiffs with supplemental responses. To

10  the extent Defendants do not provide supplemental responses or Plaintiffs believe any of

11  Defendants' future supplemental responses are untimely, Plaintiffs must then file a motion

12  with this Court seeking sanctions. Moreover, the type of preclusive sanctions sought by

13  Plaintiffs can only be imposed via a separate, properly noticed motion. Fed. R. Civ. P.

14  37(c)(1). Consequently, the sanctions requested by Plaintiffs are unwarranted and improperly

15  sought.

16  **IV.    CONCLUSION**

17          Defendants are aware of their obligation to supplement their various discovery

18  responses and, where necessary, have supplemented or are currently supplementing these

19  responses in a timely manner. The Court should decline to impose the arbitrary

20  supplementation deadline sought by Plaintiffs because such a deadline is futile and contravenes

21  the purpose of the duty to supplement. Additionally, discovery sanctions are neither

22  appropriate nor warranted. For these reasons, Defendants request Plaintiffs' motion be denied.

23                          **Plaintiffs' Statement in Reply**

24      **A.    Defendants' Supplements Should Be Made Now and, if Need Be, Later**

25          The parties remain in dispute about how quickly Defendants should supplement.

26  Because there was little in the way of supplementing since December 2007, and because

27  Defendants told the Court and Plaintiffs that they wanted to have the requirement of

28  supplementing waived, Plaintiffs requested supplements in June 2008. Plaintiffs have

[229539-2]

continued to ask now for over a month.  Defendants have finally stated when they intend to supplement the interrogatory responses – August 15, 2008, the day that expert reports are due. No reason for the delay has been proffered.

Defendants claim to have supplemented some of the document requests on July 24, 2008, in their production of documents responsive the Plaintiff Coleman's Third Request for Production of Documents, however they have provided no information as to which requests have been supplemented through this production.  Defendants continue to refuse to say when they will supplement document productions, instead providing evasive answers.  Morris Decl. ¶ 28.   The time for saying they will do it in the future has ended.  Discovery closes one month after the hearing on this motion.  Depositions are moving forward, putting Plaintiffs at a disadvantage, as they may not have the most current, accurate information when they prepare for a deposition.  Similarly, Plaintiffs' experts are preparing their reports, and they too should have the most current, accurate information possible.  Defendants must be ordered to supplement without further delay.

In their section of the brief, and in discussions with Plaintiffs, defendants argue that producing prompt supplements, or supplements by any given date, would itself contravene the purpose of the rule because more documents may be created after that date.  *See supra*, Defs. § III.B.  This argument is nothing but a straw man.   It will always be true that information created after the date of production will not be included in the production.  That is why Rule 26(e) creates an ongoing duty to supplement.  Defendants should produce the documents they have without further delay, and should thereafter supplement if there are additional documents that are created later.

## B.    Defendants' Refusal to Provide Supplemental Responses to Some of the Document Requests Does Not Satisfy their Obligation to Supplement

Having abandoned their burden arguments, Defendants nonetheless continue to refuse to produce supplemental documents responsive to seven document requests for reasons not raised with plaintiffs in the meet and confer process.

[229539-2]

Defendants now refuse to provide supplemental documents responsive to Plaintiff Coleman's First Request for Production Nos. 22 and 38 on the grounds that they "do not believe that any new documents exist that will be responsive to these requests." *See supra*, Defs. § III.A.  Defendants refuse to supplement their responses to the other requests, Plaintiff Coleman's First Request for Production Nos. 28 and 30, and Plaintiffs' First Request for Production Nos. 32 and 33 on the grounds that they did not produce responsive documents in the first place.  Neither of these reasons is persuasive.

### 1.  Defendants' Claim that there Are No New Documents Responsive to Document Requests 22 and 38 Is Not Credible

Defendants' assertion that there are no new documents responsive to Plaintiff Coleman's First Request for Production Nos. 22 and 38 is simply not believable.  Request No. 22 seeks documents relating to Defendants' use of alternative sites for Mental Health Crisis Beds, including Outpatient Housing Units, Mental health Outpatient Housing Units and holding cells.  On June 16, 2008, Defendants opened a new 50-bed Mental Health Crisis Bed unit, which has been filling up progressively since.  Morris Decl. ¶29.  Presumably, there has been discussion regarding moving some of the individuals who would otherwise be housed in alternative sites, such as Outpatient Housing Units, Mental health Outpatient Housing Units and holding cells, into these new Mental Health Crisis Beds.  Responsive documents that would not have existed in December, but likely do exist now, would include documents about prioritizing patients for the new beds, changing protocols for getting patients to the new beds, and documents about individuals who are being moved or considered for the new beds and whether they can go to the new beds or whether they must go to or stay in alternative sites.

Request No. 38 seeks documents related to the standards, guidelines, protocols and procedures for the provision of mental health care to *Coleman* class members in community based housing programs.  Morris Decl. Ex. A .  Defendants claim that nothing has changed since December 2007.  However, Penal Code § 3073 (part of A.B. 900, which came into effect May 3, 2007) provides for the provision of day treatment and crisis care services in the community for *Coleman* class members, specifically stating: "The department shall work with

-23-

[229539-2]

counties to obtain day treatment and crisis care services for parolees with the goal of extending the services upon completion of the offender's period of parole, if needed." P.C. § 3073. The recent enactment of such a statute during the pendency of this litigation strongly suggests that there would have been some discussion of the issue of how to provide community-based health care to parolees during the last eight months. Moreover, in January 2008, CDCR created a document answering certain questions from counties about, among other things, providing mental health services for parolees pursuant to A.B. 900. *See* Morris Decl. Ex. BB. This document encouraged interested counties to contact CDCR with further questions. Id. It also noted that proposals for projects to be funded under A.B. 900 would be due in March 2008, and County presentations regarding their proposals would be made in April 2008. Questions about such programs, proposals for such programs, presentations about such programs would all be responsive to the document request, and, as evidence of either the likelihood of having such programs or of not having such programs, ought to be considered material, thereby requiring supplemental production.

Defendants' assertion that there are no new documents responsive to Requests 22 and 38 cannot be credited. Moreover, it demonstrates just how lightly Defendants' take their obligation to supplement.

## 2. Defendants' Refusal to Supplement Production for the Additional Document Requests Is Also Not Well Taken

Defendants assert that they need not supplement the responses to five additional requests because they did not produce responsive documents in the first place, and that plaintiffs should move to compel. The document requests at issue are: Plaintiff Coleman's First Request for Production Nos. 28 and 30 (which relate to Defendants' determinations about capacity levels for class members at the prisons at the time the Mental Health Services Delivery System was created, and changes in staffing, space or resources related to capacity levels), and Plaintiffs' First Request for Production Nos. 32 and 33 (which relate to the consideration of the impact of sentencing reform or sentencing commissions on the prison population).

-24-

[229539-2]

1    Defendants originally declined to produce documents responsive to Plaintiff Coleman's

2    First Request for Production Nos. 28 and 30 on the basis that "information responsive to

3    [these] interrogator[ies] is equally available to plaintiffs," and citing the specific documents in

4    which responsive information could be located.  Morris Decl. Ex. E.

5    Defendants claim that because they did not produce documents responsive to these

6    requests, they need not supplement.  However, this appears to circumvent the purpose of Rule

7    26(e).  The purpose of the rule is to prevent prejudice and surprise, including by correcting

8    inaccuracies and adding information that was previously unknown.  *See Reed v. Iowa Marine*

9    *and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994); *see also Minebea Co. Ltd. v. Papst*, 231

10   F.R.D. 3, 6 (D.D.C. 2005).  In November and December 2007, Defendants identified the set of

11   documents which they stated were responsive to these two document requests at that time.  If

12   the documents they identified no longer represent, in some material respect, a complete and

13   accurate set of documents responsive to the Requests, the inaccuracies and gaps in information

14   should be rectified through supplemental responses or productions.

15   With regard to Plaintiffs' First Request for Production Nos. 32 and 33 (regarding

16   consideration of the impact of sentencing reform and a sentencing commission on the prison

17   population), Defendants assert that because they refused to produce in October 2007, stating

18   that the Three-Judge Panel did not have jurisdiction over these issues, they need not

19   supplement their responses.   However, after Defendants objected to these requests, the Three-

20   Judge Court held that issues relating to programs and procedures to reduce the prison

21   population now and in the future are indeed within its purview as it reaches the question

22   whether a "prisoner release order is 'narrowly drawn, extends no further than necessary . . . and

23   is the least intrusive means necessary to correct the violation of the Federal right.'" Dkt. 2521

24   at 4, quoting 18 U.S.C. § 3626(a)(1)(A).  Defendants' have not produced the documents

25   responsive to these requests, and should be required to do so now or precluded from using any

26   such evidence at trial.

27

28

[229539-2]

1      Defendants have no reasonable basis for their continued refusal to supplement the

2 production of responsive documents.  They should be ordered to make complete supplements

3 without further delay, and in the future if further supplements are needed.

4      **C.    The Request for Sanctions Is Proper**

5      Plaintiffs' request for sanctions in the event that Defendants continue to refuse to

6 supplement their responses in a timely manner is proper.  Contrary to defendants' assertion,

7 there is no need for a violation of a prior order prior to an order imposing sanctions under Rule

8 37(c).   Unlike Federal Rule of Civil Procedure 37(b), which provides for sanctions for

9 "Failure to Comply with a Court Order," section (c) of Rule 37 provides for sanctions for

10 "Failure to Disclose, to Supplement an Earlier Response, or to Admit."  Fed. R. Civ. P. 37.  As

11 recognized by the Ninth Circuit, sanctions pursuant to Rule 37(c) are "self-executing" and

12 "automatic."  *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (quoting the Advisory Committee Notes to

13 the 1993 Amendment to Rule 37, which created the provisions of 37(c)).   In *Yeti by Molly*, the

14 Ninth Circuit upheld district court's imposition of sanctions under Rule 37(c) without there

15 having been a violation of a prior order.  *Id.*

16      The case defendants rely to show that usually there must be a violation of a prior order

17 before sanctions are imposed is unpersuasive.  First, the case involved issues of spoliation, not

18 a failure to supplement, and so was not brought under Rule 37(c).  *See Unigard Security Ins.*

19 *Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992).  Second, the case was

20 decided in 1992, at a time when Rule 37 did not address the duty to supplement.  Rule 37(c)

21 addressed only failure to admit.  See Morris Decl. Ex. CC.

22      Finally, Defendants object that there should be a separate motion for sanctions and a

23 chance to be heard.  Plaintiffs' motion specifically stated that Plaintiffs were moving pursuant

24 to Fed. R. Civ. P. 26(e) and 37(c).  The motion was briefed above and defendants have had the

25 opportunity to respond, and have done so.  *See supra*, Defs. § III.C. Defendants' objections are

26 unfounded.

27

28

[229539-2]

1    If Defendants do not timely supplement, sanctions are automatic unless they show that

2    their failure is harmless or substantially justified. Fed. R. Civ. P. 37(c)(1). They have not even

3    attempted to make such a showing. *See supra*, Defs. § III.C.

4    **D.    Plaintiffs' Conclusion on Reply**

5    For all the foregoing reasons, Plaintiffs respectfully request that this Court Order: (1)

6    that Defendants make all required supplements to prior discovery responses and document

7    production without further delay, by a date certain; (2) that any supplemental response or

8    production made later shall be excluded, unless Defendants demonstrate that it is, in fact, new

9    information or a newly created document; (3) that if no supplemental response or production is

10   made for a particular request or interrogatory, Defendants shall be precluded from introducing

11   evidence or argument at trial that any facts or circumstances have changed since December 20,

12   2007 with regard to the subject of the request or interrogatory; and (4) that Defendants pay all

13   of Plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing this motion

14   and in meeting and conferring with Defendants over the issue of supplementing discovery.

15   Dated: August 1, 2008                    Respectfully submitted,

16

17

18                                            */s/ Maria V. Morris*
                                              Maria V. Morris
19                                            Rosen, Bien & Galvan
                                              Attorneys for *Coleman* Plaintiffs and on
20                                            Behalf of *Plata* Plaintiffs

21

22

23

24

25

26

27

28

JOINT STATEMENT RE PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229539-2]