PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>　　　　Plaintiffs,<br>　vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants | No.: Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>　　　　Plaintiffs,<br>　vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　vs.<br>　　　　Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br>**DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION** |

DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229536-1]

I, Maria V. Morris, declare as follows:

1. I am an attorney at law admitted to practice before the Federal District Court for the Eastern District of California, an associate in the firm Rosen, Bien & Galvan, LLP ("RBG"), and one of the counsel of record for the *Coleman* Plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of Plaintiffs' Request to Expedite Hearing on Plaintiffs' Motion to Compel Supplemental Discovery Responses and Production.

2. I have personal knowledge of the matters set forth herein and if called as a witness I could and would competently so testify.

3. In the fall of 2007, as the parties were preparing for the Phase I trial in February 2008, plaintiffs served certain requests for the production of documents, seeking responsive documents created from the spring of 2006 through the present. Three sets were served, one on September 5, 2007, one on October 17, 2007, and one on November 9, 2007. Each of the sets specified that the Requests were continuing in nature and required prompt supplemental responses. A true and correct copy of each of these requests is attached hereto as Exhibits A, B, and C respectively.

4. Defendants responded over the course of October through December 2007. Documents were produced in response to some of the requests. True and correct copies of Defendants Responses are attached hereto as Exhibits D-G.

5. In the Joint Supplemental Discovery Statement Pursuant to Federal Rule of Civil Procedure 26(f), Defendants acknowledged that they are required to "continue to supplement their production of documents and/or responses to discovery requests that were served on Defendants before December 20, 2007," but asked that the Court waive the requirement. Dkt. 2781 at 15. Plaintiffs opposed this request. *Id.* The Court did not issue any order waiving the requirement.

6. On June 25, 2008, following a meet and confer regarding various discovery issues, Plaintiffs' attorney Amy Whelan sent an e-mail to Defendants detailing the issues discussed. Ms. Whelan noted Defendants' counsel Lisa Tillman's statement that defendants

-1-
DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229536-1]

1   are taking the position that they need not supplement any discovery.  Plaintiffs offered to
2   provide a list of certain specific documents for which they sought updates, as a way of
3   prioritizing the supplementing of responses.  Defendants agreed to state whether they would
4   produce the specifically identified documents by June 26, 2008.  A true and correct copy of
5   this e-mail is attached hereto as Exhibit H.

6         7.   Defense counsel Lisa Tillman responded on June 26, 2008 by e-mail, disputing
7   the description of another part of the discussion detailed in Ms. Whelan's letter.  She did not
8   dispute Ms. Whelan's description of defendants' position on supplementing discovery.  A true
9   and correct copy of Ms. Tillman's e-mail is attached hereto as Exhibit I.

10        8.   On June 26, 2008, during a Case Management Conference, as the Court sought
11  information to determine the length of the new discovery period, the Court inquired as to
12  whether Defendants would stipulate not to testimony presented by Plaintiffs as being out of
13  date.  Defendants refused to stipulate.  A true and correct copy of an excerpt of the transcript of
14  the June 26, 2008 Case Management Conference is attached hereto as Exhibit J.

15        9.   On June 27, 2008, Defense counsel Renju Jacob responded to Ms. Whelan's
16  e-mail of June 25, 2008.  Mr. Jacob stated that defendants "cannot agree to supplement any
17  documents until Plaintiffs first provide their list of specific documents."  In a separate section
18  of the e-mail, specifically relating to supplemental interrogatory responses, Mr. Jacob
19  acknowledged defendants' "continuing obligation to supplement discovery" and stated that
20  "[i]f supplemental responses are indeed required, Defendants will supplement their
21  interrogatory responses." No such representation was made regarding supplemental document
22  productions, nor was any timeline provided for supplementing any responses. A true and
23  correct copy of Mr. Jacob's e-mail is attached hereto as Exhibit K.

24        10.  On June 27, 2008, because of the 10-month delay in the start of the trial,
25  Plaintiffs' counsel Rebekah Evenson sent the Plata Defendants a letter requesting that they
26  supplement responses to certain interrogatories and production of documents responsive to
27  certain of the document requests.  She also requested that defendants meet and confer

28

regarding this issue. A true and correct copy of this letter is attached hereto as Exhibit L. Defendants did not respond.

11. On July 1, 2008, Plaintiffs' counsel Amy Whelan e-mailed defendants a list of 32 previously produced documents, identified by Bates Number, that Plaintiffs sought to have updated as quickly as possible. A true and correct copy of the e-mail sending the list, and the attached list, are attached hereto as Exhibit M. In light of defendants' resistance to supplementing, Plaintiffs also served a Third Request for Production of Documents on June 30, 2008, seeking updates of these documents. A true and correct copy of Plaintiff Ralph Coleman's Third Request for Production of Documents is attached hereto as Exhibit N.

12. In the July 1 e-mail, Ms. Whelan asked Defendants to indicate by July 2, 2008 whether they would agree to supplement the specified documents. See Exhibit M. Defendants did not respond.

13. On July 9, 2008, Ms. Whelan requested that the Coleman Defendants supplement production of documents responsive to certain other document requests. A true and correct copy of this e-mail is attached hereto as Exhibit O. Plaintiffs requested that defendants state whether they intended to supplement by no later than July 11, 2008, at noon. Defendants did not respond.

14. On July 14 and 15, 2008, I informed Defendants by e-mail that Plaintiffs intended to bring a motion to compel supplemental responses and production. I requested that defendants call the Court with me to set up a briefing schedule, and informed them of when I would call the Court. A true and correct copy of the e-mails is attached hereto as Exhibit P.

15. Having not heard back from Defendants, I called the Court on July 15, 2008 to try to set up a briefing schedule. I spoke with Carla Wright, who, to my understanding, contacted Haven Gracie, who called me back. I explained that I wanted to set a briefing schedule for an expedited motion, but that defendants had not responded to my request to be on the call. Ms. Gracie told me that I could call her back with defendants.

16. I e-mailed defense counsel, asking that they be on a call with the Court at 4:00 on July 15.

1      17.    Prior to 4:00, Samantha Tama, counsel for the Plata Defendants, responded in an e-mail that they would supplement the responses to most, though not all, of the requests and interrogatories listed in Ms. Evenson's June 27, 2008 letter. Ms. Tama's e-mail gave no indication of when the supplemental responses and production would be made. The e-mail stated that counsel for the Plata Defendants were not available for the call. A true and correct copy of Ms. Tama's e-mail is attached hereto as Exhibit Q.

       18.    Lisa Tillman, counsel for the Coleman Defendants responded that they believed that the request to supplement had been superseded by Plaintiff Coleman's Third Request for the Production of Documents served on June 30, 2008. Ms. Tillman stated in the e-mail that, for this reason, she saw no need to contact the Court. Ms. Tillman's e-mail did not address the request for supplementing contained in Ms. Whelan's July 9, 2008 letter. A true and correct copy of Ms. Tillman's e-mail is attached hereto as Exhibit R.

       19.    On July 16, 2008, Ms. Evenson sent an e-mail requesting that the Plata Defendants, who had agreed to supplement certain interrogatory responses and document requests, indicate when they would do so. A true and correct copy of Ms. Evenson's e-mail is attached hereto as Exhibit S.

       20.    Late in the day on July 16, 2008, I sent an e-mail to Ms. Tillman, again asking her to supplement the document production and responses, stating again the document requests for which Ms. Whelan had requested supplements in the July 9, 2008 letter. I also stated that the service of a new set of document requests did not relieve her of the obligation to supplement prior responses and production. I asked her to let me know by the end of the following day whether and when such supplements would be made, stating that if I did not receive confirmation that the supplements would be forthcoming, I would again call the Court on Friday morning, July 18, 2008. *Plata* defense counsel were also copied on the e-mail. A true and correct copy of my e-mail is attached hereto as Exhibit T.

       21.    Ms. Tillman e-mailed me on the evening of July 17, 2008, stating that defendants were aware of their obligations to supplement and were responding to Plaintiffs' third request for production of documents, but giving no assurance as to if and when supplements would be

-4-
DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229536-1]

1  made. I responded that I believed we needed to bring the matter to the Court. A true and
2  correct copy of this e-mail exchange is attached hereto as Exhibit U.

3      22.    I e-mailed defense counsel that I would call the Court on Friday morning at 9:15
4  and provided them with call in information. On Friday morning, July 18, 2008, the only
5  person to call into the conference call with me was Ms. Evenson. Ms. Evenson and I waited
6  until 9:20 and then called the Court. Ms. Gracie asked us to call back in about 10 minutes. I
7  e-mailed defense counsel again asking them to be on the call, stating that Ms. Gracie was
8  waiting for the call and that I would call her at 9:40. A true and correct copy of these e-mails
9  is attached hereto as Exhibit V. Again, defense counsel did not respond. Ms. Evenson and I
10 again called the Court. Because defense counsel chose not to participate in the call, we were
11 unable to set up a briefing schedule.

12     23.    On Monday morning, July 21, 2008, I spoke with Samantha Tama, who indicated
13 that someone would call me to discuss details, but that we could probably arrange for a
14 briefing schedule with the motion to be heard on August 7, 2008. Later in the day, Lisa
15 Tillman and Charles Antonen called me.

16     24.    On the phone call, Ms. Tillman explained that defendants would supplement
17 interrogatory responses, but that she could not say precisely when, noting that some of the
18 responses might change, once the California budget was enacted. Ms. Tillman and I agreed
19 that the situation was "dynamic" and thus supplements were necessary. I informed her that,
20 while there might be some responses that would change in the future, plaintiffs needed to start
21 receiving supplemental responses, thereby limiting the amount of information that would
22 change as we approached the end of discovery and trial. While we had general agreement on
23 the need to supplement interrogatory responses, there was no agreement as to when that would
24 occur.

25     25.    I asked Ms. Tillman if defendants were going to supplement the production of
26 documents. Ms. Tillman reiterated her position that all the documents that had been requested
27 to be supplemented were covered by the Third Request for the Production of Documents. She
28 also stated that it would be difficult to supplement production and that the prior production had

-5-
DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229536-1]

taken months.  I explained that the request for supplement was broader than the specified documents requested in the Third Request.  She stated that there would not be any updates to production other than the documents responsive to the Third Request.

26.   I stated that we could not agree to this, and suggested that we arrange a briefing and hearing schedule to mirror that of another discovery motion that had been arranged that morning.  Ms. Tillman agreed, and we called the Court to set up the schedule.  Shortly thereafter, we filed a stipulation and proposed order to that effect.

27.   Pursuant to our agreement, I provided a draft of Plaintiffs' portion of the Joint Statement to Defendants on July 25, 2008.  Defendants provided their portion to me on July 30, 2008, also pursuant to our agreement.  In Defendants' portion, they stated that they had committed to provide supplemental responses to the interrogatories at issue by August 15, 2008, and they stated that they would supplement some but not all of the document request productions.  They pointed out that documents responsive to the third request for production had been produced. They did not say when supplemental documents would be produced.

28.   I spoke with Charles Antonen on July 31 and August 1, 2008.  The representations made in the Defendants' portion of the brief were reiterated.  Defendants were not able to state if the documents produced were actually supplements to prior requests or when further supplements would be made.

29.   On July 30, 2008, I toured the new Mental Health Crisis Bed unit at California Medical Facility.  I was informed by the person leading the tour that the unit had opened on June 16, 2008, and had filled progressively.

30.   Attached hereto are true and correct copies of the following documents:

- Exhibit W: Plaintiff Plata's First Set of Interrogatories to Defendant Tilton;
- Exhibit X: Plaintiff Ralph Coleman's First Set of Interrogatories to Defendant Tilton;
- Exhibit Y: Memorandum dated December 3, 2007, entitled: Revised Reception Center Enhanced Outpatient Program Plan;
- Exhibit Z: California Rehabilitation Oversight Board, Biannual Report, July 15, 2008;

- Exhibit AA: Mental Health Bed Plan, July 16, 2008;
- Exhibit BB: Document entitled: Questions from the AB 900 Jail Construction Request for Proposals Bidders' Conference, January 8, 2008, Sacramento, CA; and
- Exhibit CC: Fed. R. Civ. P. 37, as it read in 1992.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 1st day of August, 2008, in San Francisco, California.

*/s/ Maria V. Morris*
Maria V. Morris

-7-
DECLARATION OF MARIA V. MORRIS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[229536-1]