# EXHIBIT A

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY–
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>vs.<br><br>Defendants | No. C01-1351 THE<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

1   **PROPOUNDING PARTIES:**    Plaintiffs Marciano Plata et al.

2   **RESPONDING PARTIES:**    Defendants Arnold Schwarzenegger et al.

3   **SET NUMBER:**    One

4       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

5       PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs

6   Marciano Plata et al. request that Defendants Arnold Schwarzenegger et al. ("Defendants") produce all

7   responsive Documents requested herein at the office of Plaintiff's counsel, the PRISON LAW

8   OFFICE, 2173 E. Francisco Blvd., Suite M, San Rafael, CA 94901. The date of production shall be

9   thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

10                           **INSTRUCTIONS**

11       1.    The following Requests require the production of all responsive documents within the

12   sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees,

13   servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to

14   act on Defendants' behalf, or otherwise subject to the control of any Defendants.

15       2.    The following Requests are continuing in nature and require prompt supplemental

16   responses for any and all responsive documents that come into any Defendant's sole or joint

17   possession, custody, or control after the service of any initial responses hereto.

18       3.    The following Requests require the production of preliminary drafts, revisions, and/or

19   copies of any such document if the copy is in any way different from the original.

20       4.    The following Requests require the production of all transmittal sheets, cover letters,

21   exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

22       5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are

23   required to be produced either: (a) as they are kept in the usual course of business (together with copies

24   of any file labels or binder covers for the files or binders in which they are maintained); or (b)

25   organized and labeled to correspond with the categories of the Requests to which they respond.

26       6.    If any responsive document is maintained in a computer-readable form, the document

27   shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business;

28   and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the

1  information into reasonably usable form (including the name and version number of the program used

2  to create or read the data).

3       7.      In construing the Requests herein, the singular shall include the plural and the plural

4  shall include the singular.  A masculine, feminine or neutral pronoun shall not exclude the other

5  genders, so that the interpretation applied results in the more expansive production.  The terms "and"

6  and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit

7  the documents or information sought in any manner.

8       8.      If any Request demands production of documents that have been lost, discarded, or

9  destroyed, identify such documents as completely as possible.  Such identification shall include, but is

10  not limited to, a description of the subject matter of the document, the author of the document, the date

11  of the document's creation, the date of disposal, manner of disposal, reason for disposal, person

12  authorizing the disposal and person disposing of the document.

13       9.      For any responsive document or portion thereof that is either redacted or withheld, in

14  whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery,

15  furnish a list identifying each document, or portion thereof, not produced for this reason, together with

16  the following information: (a) the title or identity of the document; (b) the date of the document; (c) the

17  type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants

18  of all persons who either prepared or received the document; (e) the number of pages and attachments;

19  (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of

20  the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see

21  Fed. R. Civ. P. 26(b)(5)).  For any responsive document or portion thereof that may not properly be

22  redacted or withheld in its entirety, produce each and every portion thereof to which the claimed

23  privilege or exemption does not apply and specify, on the face of each such page or portion, the fact

24  and reason for the redaction or withholding.

25  //

26                          **DEFINITIONS**

27       1.      "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest

28  possible meaning and to include anything coming within the definition of "writings" and "recordings"

Case 2:90-cv-00520-KJM-SCR    Document 2914-1    Filed 08/01/08    Page 5 of 37


1  as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to

2  the product of any method of recording information, whether by writing or otherwise, including

3  without limitation: any written, electronic, or computerized files, data or software; memoranda;

4  correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or

5  notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger

6  entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs;

7  transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and

8  the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there

9  appears any marking or deletion which does not appear on the original or other copies thereof, together

10  with all drafts or notes for the preparation of each document. If the original of a document is not

11  available, "DOCUMENT" includes any identical copy of the original.

12      2.      "RELEVANT TIME PERIOD" for the purpose of these Requests means the time period

13  from April 4, 2006 (six months prior to Governor Schwarzenegger's October 4, 2006 Proclamation of

14  a State of Emergency) until the present.

15      3.      "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining,

16  depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or

17  pertaining to the subject matter of the request in whole or in part, directly or indirectly.

18      4.      "INCLUDING" means "including, but not limited to", and is not to be construed to

19  limit a Request.

20      5.      "COMMUNICATIONS" means any recorded transfer of information or impression,

21  whether it be by digital, electronic, audio, visual, written or other means.

22      6.      "YOU" and "YOUR" refers to all defendants in this litigation, their agents,

23  representatives, attorneys, and all other persons or entities acting on their behalf.

24      7.      "DEPARTMENT" means the California Department of Corrections and Rehabilitation,

25  including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or

26  counsel thereof and any predecessor entities thereof, including the former California Department of

27  Corrections.

28

-4-
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 THE

1    8.    "AB 900" means the Public Safety and Offender Rehabilitation Services Act of 2007,

2    signed into law by Governor Arnold Schwarzenegger on May 2, 2007.

3    9.    "PRISON" and "PRISONS" means any and all facilities in which class members in this

4    litigation are or can be incarcerated, any planned redesigns of, construction to, or renovations of such

5    facilities, and any new such facilities contemplated by AB900.

6    10.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart,

7    table, or any other information that RELATES to the timing for completing any or all phase(s) of the

8    subject matter of the request.

9    11.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of

10    information between two or more natural persons, any units of government, (including governmental

11    agencies or local heads of government), non profit organizations, public interest groups, associations,

12    quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

13    12.    "MAXIMUM CAPACITY" means the maximum number of inmates who can safely be

14    housed in the PRISONS.

15                                **REQUESTS FOR PRODUCTION**

16    **REQUEST NO. 1:** Any and all DOCUMENTS created during the RELEVANT TIME

17    PERIOD that REFER or RELATE TO the implementation of AB 900, INCLUDING but not limited to

18    the PRISONS' capacity for traffic, sewage, water, power and other infrastructure, the presence of

19    valley fever at or in the vicinity of the PRISONS, and staffing levels at PRISONS.

20    **REQUEST NO. 2:** Any and all DOCUMENTS created during the RELEVANT TIME

21    PERIOD that REFER or RELATE TO any projected change in California's PRISON population.

22    **REQUEST NO. 3:** Any and all DOCUMENTS created during the RELEVANT TIME

23    PERIOD that REFER or RELATE TO the DEPARTMENT'S choice of the ten prisons identified as

24    sites for the construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900,

25    INCLUDING site surveys and Environmental Impact Reports.

26    **REQUEST NO. 4:**    Any and all DOCUMENTS created during the RELEVANT TIME

27    PERIOD that REFER or RELATE TO any COMMUNICATIONS regarding the DEPARTMENT'S

28    choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds

1  under § 15819.40(a)(1)(A) of AB 900, INCLUDING any such COMMUNICATIONS from or to any

2  local community group and/or local government officials.

3       **REQUEST NO. 5:**    Any and all DOCUMENTS created during the RELEVANT TIME

4  PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 7,484 additional

5  prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING any DOCUMENTS RELATING TO

6  the DEPARTMENT'S progress in meeting such a TIMETABLE.

7       **REQUEST NO. 6:**  Any and all DOCUMENTS created during the RELEVANT TIME

8  PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of the possible sites for

9  the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

10      **REQUEST NO. 7:**  Any and all DOCUMENTS created during the RELEVANT TIME

11 PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

12 any local community group and/or local government officials, regarding the sites for the construction

13 of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

14      **REQUEST NO. 8:**    Any and all DOCUMENTS created during the RELEVANT TIME

15 PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 4,516 additional

16 prison beds under § 15819.40(a)(1)(B) of AB 900, INCLUDING any DOCUMENTS RELATING TO

17 the DEPARTMENT'S progress in meeting such a TIMETABLE.

18      **REQUEST NO. 9:**  Any and all DOCUMENTS created during the RELEVANT TIME

19 PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

20 construct 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

21      **REQUEST NO. 10:**  Any and all DOCUMENTS created during the RELEVANT TIME

22 PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

23 any local community group and/or local government officials, regarding the sites for the construction

24 of up to 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

25      **REQUEST NO. 11:**  Any and all DOCUMENTS created during the RELEVANT TIME

26 PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to acquire land,

27 design, construct and renovate in order to construct 6,000 additional prison beds, under § 15819.40(b)

28

1    of AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the

2    DEPARTMENT'S progress in meeting such a TIMETABLE.

3         **REQUEST NO. 12:**  Any and all DOCUMENTS created during the RELEVANT TIME

4    PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of possible sites for the

5    construction of new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

6         **REQUEST NO. 13:**  Any and all DOCUMENTS created during the RELEVANT TIME

7    PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

8    any local community group and/or local government officials, regarding the sites for construction of

9    new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

10        **REQUEST NO. 14:**  Any and all DOCUMENTS created during the RELEVANT TIME

11   PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct new

12   buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900, INCLUDING any

13   DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

14        **REQUEST NO. 15:**  Any and all DOCUMENTS created during the RELEVANT TIME

15   PERIOD that REFER or RELATE TO the identification of appropriate sites to add up to 4,000

16   additional prison beds, under §15819.41(a) of AB900.

17        **REQUEST NO. 16:**  Any and all DOCUMENTS created during the RELEVANT TIME

18   PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

19   any local community group and/or local government officials, regarding the sites to add up to 4,000

20   additional prison beds, under §15819.41(a) of AB900.

21        **REQUEST NO. 17:**  Any and all DOCUMENTS created during the RELEVANT TIME

22   PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct,

23   and renovate existing facilities in order to add up to 4,000 additional beds under §15819.41(a) of

24   AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in

25   meeting such a TIMETABLE.

26        **REQUEST NO. 18:**  Any and all DOCUMENTS created during the RELEVANT TIME

27   PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

28   construct new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

1    **REQUEST NO. 19:** Any and all DOCUMENTS created during the RELEVANT TIME

2    PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

3    any local community group and/or local government officials, regarding the sites for the construction

4    of new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

5    **REQUEST NO. 20:** Any and all DOCUMENTS created during the RELEVANT TIME

6    PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct,

7    and establish new buildings to treat or house 2,000 inmates under § 15819.41(b) of AB 900,

8    INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a

9    TIMETABLE.

10    **REQUEST NO. 21:** Any and all DOCUMENTS created during the RELEVANT TIME

11    PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to

12    construct, establish and operate reentry program facilities that will house 10,000 inmates, under §

13    15819.41(c) of AB 900.

14    **REQUEST NO. 22:** Any and all DOCUMENTS created during the RELEVANT TIME

15    PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING

16    any local community group and/or local government officials, regarding the sites for the construction,

17    establishment and/or operation of reentry program facilities to house 10,000 inmates, under §

18    15819.41(c) of AB 900.

19    **REQUEST NO. 23:** Any and all DOCUMENTS created during the RELEVANT TIME

20    PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct,

21    establish and operate reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of

22    AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S

23    progress in meeting such a TIMETABLE.

24    **REQUEST NO. 24:** Any and all DOCUMENTS created during the RELEVANT TIME

25    PERIOD that REFER or RELATE TO any TIMETABLE for the transfers of inmates out of state under

26    §11191 of AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress

27    in meeting such a TIMETABLE.

28

1  **REQUEST NO. 25:**  Any and all DOCUMENTS created during the RELEVANT TIME

2  PERIOD that REFER or RELATE TO the DEPARTMENT'S ability or lack of ability to hire and/or

3  retain medical and mental health staff in PRISONS, INCLUDING but not limited to any studies or

4  analyses of the effect of AB900 on medical and mental health staffing levels.

5  **REQUEST NO. 26:**  Any and all DOCUMENTS created during the RELEVANT TIME

6  PERIOD that REFER or RELATE TO any studies or analyses of the effect of AB900 on medical and

7  mental health care at the PRISONS.

8  **REQUEST NO. 27:**  Any and all DOCUMENTS created during the RELEVANT TIME

9  PERIOD that REFER or RELATE to any measure(s) that YOU have initiated or considered in order to

10  reduce prison populations, other than the measures set forth in AB900.

11  **REQUEST NO. 28:**  Any and all DOCUMENTS created during the RELEVANT TIME

12  PERIOD, that RELATE TO any contingency plans, other than population reducing measures, that

13  YOU have considered initiating when, in YOUR estimation, the PRISONS reach their MAXIMUM

14  CAPACITY.

15  **REQUEST NO. 29:**  Any and all DOCUMENTS created during the RELEVANT TIME

16  PERIOD that RELATE TO YOUR or the DEPARTMENT'S determination of the MAXIMUM

17  CAPACITY of any PRISON or the prison system as a whole.

18  **REQUEST NO. 30:**  Any and all DOCUMENTS created during the RELEVANT TIME

19  PERIOD that REFER or RELATE TO any TIMETABLE for obtaining the funding to implement AB

20  900, INCLUDING any DOCUMENTS RELATING TO YOUR progress in meeting such a

21  TIMETABLE.

22  **REQUEST NO. 31:**  Any and all DOCUMENTS created during the RELEVANT TIME

23  PERIOD that REFER or RELATE TO any consideration of placing limitations on the Prison

24  population.

25  **REQUEST NO. 32:**  Any and all DOCUMENTS created during the RELEVANT TIME

26  PERIOD that REFER or RELATE TO any consideration of the effects of sentencing reform on the

27  PRISON population.

28

1       **REQUEST NO. 33:**  Any and all DOCUMENTS created during the RELEVANT TIME

2   PERIOD that REFER or RELATE TO any consideration of the effects of a sentencing commission on

3   the PRISON population.

4       **REQUEST NO. 34:**  Any and all DOCUMENTS created during the RELEVANT TIME

5   PERIOD that REFER or RELATE TO any consideration of the effects of any changes in parole

6   policies on the PRISON population.

7       **REQUEST NO. 35:**  Any and all DOCUMENTS that REFER or RELATE TO the

8   comprehensive analysis of existing CDCR beds, programming space, clinical/mental health space,

9   infrastructure capacities, and projected mitigation referenced at 2:6-8 of the Declaration Of Scott

10  Kernan In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For

11  Referral To A Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

12      **REQUEST NO. 36:**  Any and all DOCUMENTS that REFER or RELATE TO the analysis of

13  additional capacity available within the state referenced at 2:8-12 of the Declaration Of Scott Kernan

14  In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A

15  Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

16      **REQUEST NO. 37:**  Any and all memoranda and/or other COMMUNICATIONS that

17  REFER or RELATE TO any changes or clarifications of parole discharge policies.

18      **REQUEST NO. 38:**  Any and all memoranda and/or other COMMUNICATIONS that

19  REFER or RELATE TO any changes and/or clarifications of parole revocation policies.

20

21

22  Dated: *September 5, 2007*             Respectfully submitted,

23

24

25                       Vibeke Norgaard Martin

26                       Prison Law Office

27                       Attorneys for Plaintiffs

28

DECLARATION OF SERVICE BY MAIL

Case Name: Coleman v. Schwarzenegger
United States District Court
Eastern District of California          No. 2:90-cv-00520 LKK JFM P

Plata v.      Schwarzenegger
United States District Court
Northern District of California    No. C-01-1351 T.E.H.

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin, California 94964.

On September 5, 2007 attached

**THREE JUDGE COURT**

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

LISA A. TILLMAN
SAMATHA TAMA
Deputy Attorney Generals
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Rafael, California on September 5, 2007.

Edie DeGraff

# EXHIBIT B

1  PRISON LAW OFFICE
   DONALD SPECTER Bar No.: 83925
2  STEVEN FAMA Bar No.: 99641
   E. IVAN TRUJILLO Bar No.: 228790
3  General Delivery
   San Quentin, California  94964
4  Telephone: (415) 457-9144

5  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 096891
6  JANE E. KAHN Bar No.: 112239
   AMY WHELAN Bar No.: 215675
7  LORI RIFKIN Bar No.: 244081
   SARAH M. LAUBACH Bar No.: 240526
8  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
9  Telephone: (415) 433-6830

10 THE LEGAL AID SOCIETY–
   EMPLOYMENT LAW CENTER
11 CLAUDIA CENTER Bar No.: 158255
   LEWIS BOSSING Bar No.: 227402
12 600 Harrison Street, Suite 120
   San Francisco, CA  94107
13 Telephone:  (415) 864-8848

   BINGHAM, McCUTCHEN, LLP
   WARREN E. GEORGE Bar No.: 53588
   Three Embarcadero Center
   San Francisco, California  94111
   Telephone: (415) 393-2000

   HELLER, EHRMAN, WHITE &
   McAULIFFE
   RICHARD L. GOFF Bar No.: 36377
   701 Fifth Avenue
   Seattle, Washington  98104
   Telephone: (206) 447-0900

13 Attorneys for Plaintiffs

14                IN THE UNITED STATES DISTRICT COURTS
15           FOR THE EASTERN DISTRICT OF CALIFORNIA
             AND THE NORTHERN DISTRICT OF CALIFORNIA
16    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
17        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

18 RALPH COLEMAN, et al.,                    )  No.: Civ S 90-0520 LKK-JFM P
19            Plaintiffs,                     )  **THREE-JUDGE COURT**
                                              )
20      vs.                                   )
                                              )
21 ARNOLD SCHWARZENEGGER, et al.,             )
                                              )
22      Defendants                            )
                                              )
23 MARCIANO PLATA ,et al.,                    )  No. C01-1351 TEH
                                              )
24            Plaintiffs,                     )  **THREE-JUDGE COURT**
        vs.                                   )
25                                            )
   ARNOLD SCHWARZENEGGER, et al.,             )
26                                            )  **PLAINTIFF RALPH COLEMAN'S
        vs.                                   )  FIRST REQUEST FOR PRODUCTION
27                                            )  OF DOCUMENTS TO DEFENDANTS
        Defendants                            )  SCHWARZENEGGER, TILTON,
28                                            )  GENEST, AND MAYBERG**

**PROPOUNDING PARTIES:**    PLAINTIFF RALPH COLEMAN

**RESPONDING PARTIES:**    DEFENDANTS SCHWARZENEGGER, TILTON, GENEST, AND MAYBERG

**SET NUMBER:**    ONE

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Ralph Coleman requests that Defendants Schwarzenegger, Tilton, Genest, and Mayberg (Defendants) produce all responsive Documents requested herein at the office of Plaintiff's counsel, Rosen, Bien & Galvan, LLP at 315 Montgomery Street, 10th Floor, San Francisco, California, 94104. The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

### INSTRUCTIONS

1.    The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2.    The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3.    The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.    The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are

-1-

1  maintained); or (b) organized and labeled to correspond with the categories of the Requests to

2  which they respond.

3        6.    If any responsive document is maintained in a computer-readable form, the

4  document shall be produced:  (a) in hard copy form, in a format generally used in the ordinary

5  course of business; and (b) on disk, tape, or other form of computer storage, with instructions

6  necessary to convert the information into reasonably usable form (including the name and

7  version number of the program used to create or read the data).

8        7.    In construing the Requests herein, the singular shall include the plural and the

9  plural shall include the singular.  A masculine, feminine or neutral pronoun shall not exclude

10  the other genders, so that the interpretation applied results in the more expansive production.

11  The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be

12  construed to limit the documents or information sought in any manner.

13        8.    If any Request demands production of documents that have been lost, discarded,

14  or destroyed, identify such documents as completely as possible.  Such identification shall

15  include, but is not limited to, a description of the subject matter of the document, the author of

16  the document, the date of the document's creation, the date of disposal, manner of disposal,

17  reason for disposal, person authorizing the disposal and person disposing of the document.

18        9.    For any responsive document or portion thereof that is either redacted or

19  withheld, in whole or in part, on the basis of any assertion of privilege or other asserted

20  exemption from discovery, furnish a list identifying each document, or portion thereof, not

21  produced for this reason, together with the following information: (a) the title or identity of the

22  document; (b) the date of the document; (c) the type or nature of the document; (d) the identity,

23  title, or responsibilities, and relationship to Defendants of all persons who either prepared or

24  received the document; (e) the number of pages and attachments; (e) the type and nature of the

25  privilege or exemption asserted; and (f) the contents or subject matter of the document, with

26  sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P.

27  26(b)(5)).  For any responsive document or portion thereof that may not properly be redacted

28  or withheld in its entirety, produce each and every portion thereof to which the claimed

1 | privilege or exemption does not apply and specify, on the face of each such page or portion,
2 | the fact and reason for the redaction or withholding.

### DEFINITIONS

3 |

4 | 1.    'DOCUMENT' or 'DOCUMENTS' as used herein is intended to have the broadest

5 | possible meaning and to include anything coming within the definition of 'writings' and

6 | 'recordings' as set forth in Rule 1001(1) of the Federal Rules of Evidence.  The term refers to

7 | but is not limited to the product of any method of recording information, whether by writing or

8 | otherwise, including without limitation: any written, electronic, or computerized files, data or

9 | software; memoranda; correspondence; communications; reports; summaries; studies,

10 | analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets;

11 | calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps;

12 | meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile

13 | transmissions; electronic mail messages; and the like.  'DOCUMENT' shall include each copy

14 | of any whole or part of a document on which there appears any marking or deletion which does

15 | not appear on the original or other copies thereof, together with all drafts or notes for the

16 | preparation of each document.  If the original of a document is not available, 'DOCUMENT'

17 | includes any identical copy of the original.

18 | 2.    Unless otherwise indicated, 'RELEVANT TIME PERIOD' for the purpose of

19 | these Requests means the time period from March 3, 2006 (the date the Court gave final

20 | approval to the undisputed portions of the Revised Program Guide) until the present.

21 | 3.    'REFER(S) TO' or 'RELATE(S) TO' means constituting, representing, defining,

22 | depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or

23 | pertaining to the subject matter of the request in whole or in part, directly or indirectly.

24 | 4.    'INCLUDING' means 'including, but not limited to,' and is not to be construed to

25 | limit a Request.

26 | 5.    'COMMUNICATIONS' means any recorded transfer of information or

27 | impression, whether it be by digital, electronic, audio, visual, written or other means.

28 |

1    6.    'YOU' and 'YOUR' refers to all defendants in this litigation, their agents,

2 representatives, attorneys, and all other persons or entities acting on their behalf.

3    7.    'DEPARTMENT' means the California Department of Corrections and

4 Rehabilitation, including any boards, divisions, units, agencies, agents, servants,

5 representatives, consultants, or counsel thereof and any predecessor entities thereof, including

6 the former California Department of Corrections.

7    9.    'CDCR PRISON' and 'PRISONS' means any and all facilities in which class

8 members in this litigation are or can be incarcerated,  including DMH facilities, and any

9 planned redesigns of, construction to, or renovations of such facilities, and any new such

10 facilities contemplated by AB 900.

11    10.    'TIMETABLE' means any DOCUMENT setting forth a calendar, schedule, chart,

12 table, or any other information that RELATES to the timing for completing any or all phase(s)

13 of the subject matter of the request.

14    11.    'COMMUNICATION' or 'COMMUNICATIONS' means any exchange or transfer

15 of information between two or more natural persons, any units of government, (including

16 governmental agencies or local heads of government), non profit organizations, public interest

17 groups, associations, quasi-public entities, and all other forms of legal entities, whether written,

18 oral, or in any other form.

19    12. 'NON-TRADITIONAL HOUSING' or 'NON-TRADITIONAL BEDS' means beds in

20 gyms, dayrooms, or other locations not intended to house inmates and includes those beds

21 commonly referred to as 'bad beds' by Defendants, inclusive of triple-bunks.

22    13.    '*COLEMAN* CLASS MEMBERS' or 'PLAINTIFFS' means the class of state

23 prisoners with serious mental disorders, including but not limited to those CDCR inmate-

24 patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced

25 Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental

26 health crisis beds, and acute care beds.

27 //

28 //

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the implementation of the Court-ordered Revised Program Guide.

**REQUEST FOR PRODUCTION NO. 2:**

     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of mental health programming, services or treatment from Revised Program Guide standards at any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 3:**

     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of vocational or educational programming in any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 4:**

     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations or modifications of recreation or yard time at any CDCR PRISON or housing unit for any reason during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 5:**

     All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for additional resources (including but not limited to beds, treatment and office space, clinical and custody staff, training, computers, or transportation) necessary to deliver constitutionally adequate mental health care as set forth in the Court-approved Revised Program Guide to PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 6:**

     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for additional treatment space or offices to deliver adequate mental health care to PLAINTIFFS as set forth in the Court-approved Revised Program Guide, including but not limited to evaluations undertaken in connection with the November 13, 2006 memorandum

1  from Peter Farber-Szekrenyi and John Dovey regarding "Mental Health Services Delivery

2  System Program Guide Implementation."

3  **REQUEST FOR PRODUCTION NO. 7:**

4        ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

5  the RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

6  recommendations for reducing or limiting the prison population summarized by the CDCR

7  Expert Panel on Adult Offender Reentry and Recidivism Reduction Programs in its June 29,

8  2007 Report at Appendix A (page 77).

9  **REQUEST FOR PRODUCTION NO. 8:**

10        ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

11  the RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

12  recommendations for reducing or limiting the prison population summarized by the Little

13  Hoover Commission in its January 25, 2007 Report at Appendix D (page 61).

14  **REQUEST FOR PRODUCTION NO. 9:**

15        ALL DOCUMENTS and COMMUNICATIONS created, exchanged or made during the

16  RELEVANT TIME PERIOD that REFER or RELATE to the staffing, office space or

17  treatment space necessary to provide mental health crisis care to PLAINTIFFS.

18  **REQUEST FOR PRODUCTION NO. 10:**

19        ALL DOCUMENTS OR COMMUNICATIONS created, exchanged or made during the

20  RELEVANT TIME PERIOD that REFER or RELATE to the placement or existence of

21  prisoners on the MHSDS caseload in NON-TRADITIONAL BEDS.

22  **REQUEST FOR PRODUCTION NO. 11:**

23        ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

24  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

25  the capacities of CDCR PRISONS and housing units, including but not limited to permanent

26  housing capacity, NON-TRADITIONAL HOUSING capacity, and budgeted capacity.

27  **REQUEST FOR PRODUCTION NO. 12:**

28

1    ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

2    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

3    the populations of CDCR PRISONS and housing units, including but not limited to the number

4    of inmates by custody level, reception center, general population, administrative segregation

5    units, behavior management units, CCCMS, EOP, and psychiatric services units.

6    **REQUEST FOR PRODUCTION NO. 13:**

7    ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

8    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

9    the number of lockdown/modified programs during the reporting periods.

10    **REQUEST FOR PRODUCTION NO. 14:**

11    ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

12    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

13    attempted suicides and suicides.

14    **REQUEST FOR PRODUCTION NO. 15:**

15    ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

16    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

17    inmate appeals, including total appeals, overdue appeals, appeals per 100 inmates, and inmate

18    appeals broken down by category.

19    **REQUEST FOR PRODUCTION NO. 16:**

20    ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

21    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

22    educational programs, vocational programs, and inmate work assignments. including capacity,

23    enrollment, and waitlist.

24    **REQUEST FOR PRODUCTION NO. 17:**

25    ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

26    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

27    personnel vacancies, including budgeted positions, filled positions, and true vacancy totals for

28    custody, education, medical and mental health, support staff, and management.

1  **REQUEST FOR PRODUCTION NO. 18:**

2      All DOCUMENTS that REFER or RELATE to the counting and/or business rules for

3  COMPSTAT reports for the CDCR Division of Adult Institutions.

4  **REQUEST FOR PRODUCTION NO. 19:**

5      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

6  the RELEVANT TIME PERIOD that REFER or RELATE to studies performed or

7  commissioned by YOU regarding the effects of crowding or overcrowding on PLAINTIFFS or

8  prisoners with mental illness.

9  **REQUEST FOR PRODUCTION NO. 20:**

10      ALL DOCUMENTS and COMMUNICATIONS created, exchanged or made during the

11  RELEVANT TIME PERIOD that REFER or RELATE to community treatment or community

12  beds for prisoners or parole violators with mental illness.

13  **REQUEST FOR PRODUCTION NO. 21:**

14      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

15  provision of yard or exercise time to *COLEMAN* CLASS MEMBERS during the RELEVANT

16  TIME PERIOD.

17  **REQUEST FOR PRODUCTION NO. 22:**

18      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of

19  alternative sites to licensed mental health crisis beds for prisoners in need of crisis beds or

20  suicide precautions, including but not limited to outpatient housing units ('OHUs'), mental

21  health outpatient housing units ('MHOHUs'), and holding cells, during the RELEVANT TIME

22  PERIOD.

23  **REQUEST FOR PRODUCTION NO. 23:**

24      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of

25  or referral to mental health crisis beds for inmates not previously identified on the MHSDS

26  caseload during the RELEVANT TIME PERIOD.

27  **REQUEST FOR PRODUCTION NO. 24:**

28

1       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

2 number of CCCMS, EOP or other *COLEMAN* CLASS MEMBERS housed in Reception

3 Centers during the RELEVANT TIME PERIOD.

4 **REQUEST FOR PRODUCTION NO. 25:**

5       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR or

6 the CDCR's ability to transfer CCCMS and EOP inmates out of Reception Centers according to

7 the timeframes established in the Revised Program Guide (60 days for EOP and 90 days for

8 CCCMS).

9 **REQUEST FOR PRODUCTION NO. 26:**

10       All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

11 implementation of Court-ordered mental health care programs in Reception Centers during the

12 RELEVANT TIME PERIOD.

13 **REQUEST FOR PRODUCTION NO. 27:**

14       All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

15 programs, policies, or procedures that YOU have adopted since October 2006 that YOU

16 contend will limit or reduce the number of *COLEMAN* CLASS MEMBERS housed in CDCR

17 PRISONS.

18 **REQUEST FOR PRODUCTION NO. 28:**

19       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

20 original determination of MHSDS (EOP, CCCMS, MHCB) housing capacity for each CDCR

21 PRISON housing unit at the time when the MHSDS housing capacity was first created.

22 **REQUEST FOR PRODUCTION NO. 29:**

23       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

24 CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

25 CDCR PRISON housing unit over the past five years.

26 **REQUEST FOR PRODUCTION NO. 30:**

27       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to any

28 changes in the number of staff, treatment space, office space, or other resources related to

1   adjustments in capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

2   CDCR PRISON housing unit over the past five years.

3   **REQUEST FOR PRODUCTION NO. 31:**

4       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to mental

5   health staffing studies, including workload studies, undertaken or commissioned by YOU that

6   analyze the number and types of staff (clinical, custody, and support) required to implement

7   the Court-ordered Revised Program Guide.

8   **REQUEST FOR PRODUCTION NO. 32:**

9       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to workload

10  studies undertaken or commissioned by YOU that analyze treatment and office space needed to

11  implement the Court-ordered Revised Program Guide.

12  **REQUEST FOR PRODUCTION NO. 33:**

13      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

14  the RELEVANT TIME PERIOD that REFER or RELATE to requests for additional resources

15  or staff (clinical, custody, and support) for the provision of mental health treatment, including

16  but not limited to budget change proposals and draft budget change proposals.

17  **REQUEST FOR PRODUCTION NO. 34:**      .

18      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

19  the RELEVANT TIME PERIOD that REFER or RELATE to overcrowding.

20  **REQUEST FOR PRODUCTION NO. 35:**

21      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made from

22  January 1, 2005 to present that REFER or RELATE to YOUR ability to timely place

23  *COLEMAN* CLASS MEMBERS in MHSDS beds at each level of care (CCCMS, EOP,

24  MHCB, DMH), including delays in referral, endorsement and transfer.

25  **REQUEST FOR PRODUCTION NO. 36:**

26      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR

27  ability to transfer *COLEMAN* CLASS MEMBERS housed in administrative segregation or

28

1    administrative segregation overflow housing units for non-disciplinary reasons from October

2    17, 2006 to present.

3    **REQUEST FOR PRODUCTION NO. 37:**

4          ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

5    number or percentage of CDCR prisoners enrolled in or on waitlists for educational programs,

6    vocational programs, and inmate work assignments during the RELEVANT TIME PERIOD.

7    **REQUEST FOR PRODUCTION NO. 38:**

8          ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to standards,

9    guidelines, protocols, or procedures for the provision of mental health care during the

10    RELEVANT TIME PERIOD to *COLEMAN* CLASS MEMBERS by community based

11    housing programs, including but not limited to Community Correctional Facilities.

16    Dated:  _10/17/07_                             Respectfully submitted,

19                              Lori Rifkin

20                              Rosen, Bien & Galvan

                                Attorneys for Plaintiffs

# EXHIBIT C

1  PRISON LAW OFFICE
   DONALD SPECTER Bar No.: 83925
2  STEVEN FAMA Bar No.: 99641
   ALISON HARDY Bar No.: 135966
3  VIBEKE NORGAARD MARTIN Bar No.:
   209499
4  General Delivery
   San Quentin, California  94964
5  Telephone: (415) 457-9144

6  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 096891
7  JANE E. KAHN Bar No.: 112239
   AMY WHELAN Bar No.: 215675
8  LORI RIFKIN Bar No.: 244081
   SARAH M. LAUBACH Bar No.: 240526
9  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
10 Telephone: (415) 433-6830

11

12 Attorneys for Plaintiffs

13         IN THE UNITED STATES DISTRICT COURTS

14     FOR THE EASTERN DISTRICT OF CALIFORNIA

15      AND THE NORTHERN DISTRICT OF CALIFORNIA

16   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17 RALPH COLEMAN, et al.,              )  No.: Civ S 90-0520 LKK-JFM P
                                       )
18        Plaintiffs,                  )  **THREE-JUDGE COURT**
                                       )
19     vs.                             )
                                       )
20 ARNOLD SCHWARZENEGGER, et al.,      )
                                       )
21        Defendants                   )
                                       )
22 MARCIANO PLATA ,et al.,             )  No. C01-1351 THE
                                       )
23        Plaintiffs,                  )  **THREE-JUDGE COURT**
       vs.                             )
24 ARNOLD SCHWARZENEGGER, et al.,      )
                                       )
25     vs.                             )  **PLAINTIFF PLATA'S SECOND SET OF**
          Defendants                   )  **REQUESTS FOR PRODUCTION OF**
26                                     )  **DOCUMENTS TO DEFENDANTS**

27

28

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

| | |
|---|---|
| **PROPOUNDING PARTIES:** | PLAINTIFFS MARCIANO PLATA ET AL. |
| **RESPONDING PARTIES:** | DEFENDANTS SCHWARZENEGGER, TILTON |
| **SET NUMBER:** | TWO |

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata, et al. request that Defendants Schwarzenegger and Tilton ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, Prison Law Office, 2173 East Francisco Blvd, San Quentin, California 94901. The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

### INSTRUCTIONS

1.    The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2.    The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3.    The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.    The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are

-1-
PLAINTIFF PLATA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, NOS.: CIV S 90-0520 LKK-JFM
P, C01-1351 THE

1  maintained); or (b) organized and labeled to correspond with the categories of the Requests to
2  which they respond.

3          6.      If any responsive document is maintained in a computer-readable form, the
4  document shall be produced: (a) in hard copy form, in a format generally used in the ordinary
5  course of business; and (b) on disk, tape, or other form of computer storage, with instructions
6  necessary to convert the information into reasonably usable form (including the name and
7  version number of the program used to create or read the data).

8          7.      In construing the Requests herein, the singular shall include the plural and the
9  plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude
10 the other genders, so that the interpretation applied results in the more expansive production.
11 The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not
12 be construed to limit the documents or information sought in any manner.

13         8.      If any Request demands production of documents that have been lost, discarded,
14 or destroyed, identify such documents as completely as possible. Such identification shall
15 include, but is not limited to, a description of the subject matter of the document, the author of
16 the document, the date of the document's creation, the date of disposal, manner of disposal,
17 reason for disposal, person authorizing the disposal and person disposing of the document.

18         9.      For any responsive document or portion thereof that is either redacted or
19 withheld, in whole or in part, on the basis of any assertion of privilege or other asserted
20 exemption from discovery, furnish a list identifying each document, or portion thereof, not
21 produced for this reason, together with the following information: (a) the title or identity of the
22 document; (b) the date of the document; (c) the type or nature of the document; (d) the identity,
23 title, or responsibilities, and relationship to Defendants of all persons who either prepared or
24 received the document; (e) the number of pages and attachments; (e) the type and nature of the
25 privilege or exemption asserted; and (f) the contents or subject matter of the document, with
26 sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P.
27 26(b)(5)). For any responsive document or portion thereof that may not properly be redacted
28 or withheld in its entirety, produce each and every portion thereof to which the claimed

1  privilege or exemption does not apply and specify, on the face of each such page or portion,

2  the fact and reason for the redaction or withholding.

3  **DEFINITIONS**

4  1.     "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the

5  broadest possible meaning and to include anything coming within the definition of "writings"

6  and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  The term

7  refers to but is not limited to the product of any method of recording information, whether by

8  writing or otherwise, including without limitation: any written, electronic, or computerized

9  files, data or software; memoranda; correspondence; communications; reports; summaries;

10  studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders;

11  pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts;

12  drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes;

13  facsimile transmissions; electronic mail messages; and the like.  "DOCUMENT" shall include

14  each copy of any whole or part of a document on which there appears any marking or deletion

15  which does not appear on the original or other copies thereof, together with all drafts or notes

16  for the preparation of each document.  If the original of a document is not available,

17  "DOCUMENT" includes any identical copy of the original.

18  2.     "REFER(S) TO" or "RELATE(S) TO" means constituting, representing,

19  defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning,

20  addressing, or pertaining to the subject matter of the request in whole or in part, directly or

21  indirectly.

22  3.     "YOU" and "YOUR" refers to all defendants in this litigation, their agents,

23  representatives, attorneys, and all other persons or entities acting on their behalf.

24  4.     "CDCR PRISON" and "PRISONS" means any and all facilities in which class

25  members in this litigation are or can be incarcerated.

26  10.     "COMMUNICATION" or "COMMUNICATIONS" means any exchange or

27  transfer of information between two or more natural persons, any units of government,

28  (including governmental agencies or local heads of government), non profit organizations,

-3-

1  public interest groups, associations, quasi-public entities, and all other forms of legal entities,

2  whether written, oral, or in any other form.

3       11.    "*PLATA* CLASS MEMBERS" or "PLAINTIFFS" means the class of state

4  prisoners with serious medical illness.

5  **REQUESTS FOR PRODUCTION**

6  **REQUEST FOR PRODUCTION NO. 39:**

7      All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

8  programs, policies, or procedures that YOU have adopted since October 2006 that YOU

9  contend will limit or reduce the number of *PLATA* CLASS MEMBERS housed in CDCR

10  PRISONS.

11

12

13  Dated: _10/15/07_

14

15

16  _Don[ld] Specter_

    Don Specter

17      Prison Law Office

    Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

1 │ EDMUND G. BROWN JR.
Attorney General of the State of California
2 │ DAVID S. CHANEY
Chief Assistant Attorney General
3 │ FRANCES T. GRUNDER
Senior Assistant Attorney General
4 │ ROCHELLE C. EAST
Supervising Deputy Attorney General
5 │ CHARLES J. ANTONEN, State Bar No. 221207
SAMANTHA TAMA - State Bar No. 240280
6 │ Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
7 │ San Francisco, CA  94102-7004
   Telephone:  (415) 703-5711
8 │ Fax:  (415) 703-5843
   Email:  Rochelle.East@doj.ca.gov
9 │
   Attorneys for Defendants
10 │ Schwarzenegger, Genest, and Tilton

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Email:  pmello@hansonbridgett.com

RECEIVED

NOV 1 3 2007

Rosen, Bien & Galvan

11 │ IN THE UNITED STATES DISTRICT COURT

12 │ FOR THE EASTERN DISTRICT OF CALIFORNIA

13 │ AND THE NORTHERN DISTRICT OF CALIFORNIA

14 │ UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 │ PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 90-0520 LKK JFM<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | C-01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set Two

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1

**PROPOUNDING PARTY:** Marciano Plata, et al., Plaintiffs

**RESPONDING PARTY:** Arnold Schwarzenegger and James Tilton, Defendants

**SET NO.:** Two

## GENERAL OBJECTIONS

1. Defendants object that the discovery is impermissibly propounded by "Marciano Plata, et al., Plaintiffs". Under Federal Rules of Civil Procedure 34, Plaintiffs must identify with specificity the "party" that is propounding discovery.

2. Defendants object that the discovery seeks documents that are neither relevant Plaintiffs' claims in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have refused to identify what if any claims they will be asserting in the proceeding. Consequently, Defendants object the discovery requires Defendants to speculate what claims may or may not be asserted by Plaintiffs.

3. Defendants object that the request is overly broad and unduly burdensome because the it duplicates and is redundant to various request in Plaintiffs' Request for Production, Set One.

4. Defendants object that the discovery is unduly burdensome and overbroad to the extent it requires Defendants to obtain electronic and paper documents from potentially hundreds of individuals. Defendants have identified a core group of individuals that are likely to possess information most relevant to Plaintiffs' requests. Consequently, Defendants have obtained reasonably accessible electronic and paper documents from these individuals only and will not be subsequently expanding this search. The reasonably accessible electronic and paper documents obtained by Defendants do not include information contained on backup tapes or legacy data contained on systems that are no longer utilized.

5. Defendants object to the date and place of production specified in the discovery. Defendants will produce any non-privileged, responsive documents at the California Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California. Additionally, any production shall be in accordance with a rolling production schedule agreed to by the parties and/or ordered by the Court.

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set Two

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

2

1          **DEFENDANTS' RESPONSES**

2  **REQUEST FOR PRODUCTION NO. 39:**

3          All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

4  programs, policies, or procedures that YOU have adopted since October 2006 that YOU contend

5  will limit or reduce the number of *PLATA* CLASS MEMBERS housed in CDCR PRISONS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

7          Defendants object to this request on the ground that it is vague, ambiguous, and overbroad

8  in that it seeks information that is irrelevant to the claim or defense of any party, and is not

9  reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object

10  to this request on the ground that it seeks the disclosure of information that is protected by the

11  attorney-client privilege, work-product doctrine, deliberative process privilege, official

12  information privilege, and violates the privacy rights of third-party persons.  Defendants further

13  object to this request on the ground that it is duplicative of Plaintiffs' Request for Production of

14  Documents, Set One, No. 2, 24, 27, 34, 37, and 38, and is thus, redundant, unduly burdensome,

15  and harassing.  Defendants further object to this request on the ground that it is premature in that

16  it seeks information that is irrelevant to Phase I of this litigation per the Court's October 10, 2007

17  Order Bifurcating Proceedings and Setting Deadlines for Phase I, as well as Judge Moulds'

18  October 30, 2007 order.  Defendants further object to this prematurely propounded request on the

19  ground that discovery is still ongoing, Plaintiffs have failed to produce any documents requested

20  in Defendant Schwarzenegger's First Request for Production of Documents, and depositions

21  have not yet been taken.  Requiring Defendants to respond to this prematurely propounded

22  discovery request, which seeks to circumvent the Courts' discovery orders by requiring a

23  response to a Phase II request, will result in an undue burden to Defendants and improper

24  ////

25  ////

26  ////

27  ////

28  ////

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set Two

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

3

1  disclosure of information.  Defendants expressly reserve the right to raise additional objections to

2  this request if a response to this request is required.

3

4  Dated:  November 9, 2007                                    EDMUND G. BROWN JR.
                                                              Attorney General of the State of California

5

6                                                      By: _____

7                                                              CHARLES J. ANTONEN
                                                              Deputy Attorney General
                                                              Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set Two                        *Plata v. Schwarzenegger*, Case No. 01-1351

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Ralph Coleman, et al v. Arnold Schwarzenegger, et al, 90-0520 LKK JFM**
**Marciano Plata, et al v. Arnold Schwarzenegger, et al, C 01-1351 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102

On **November 9, 2007**, I served the attached **DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

**Donald Specter**
**Prison Law Office**
**2173 'E' Francisco Blvd., Suite M**
**San Rafael, CA 94901**

**Michael Bien**
**Rosen, Bien and Galvan**
**315 MONTGOMERY STREET, 10TH FLOOR**
**SAN FRANCISCO, CALIFORNIA 94104**

**Claudia Center**
**The Legal Aid Society - Employment Law Center**
**600 Harrison Street, Suite 120**
**San Francisco, CA 94107**

**Richard Goff**
**Heller, Ehrman White & McAuliffe**
**701 Fifth Avenue**
**Seattle, WA 98104**

**Warren E. George**
**Bingham McCutchen**
**3 Embarcadero Ctr., Fl. 24**
**San Francisco, CA 94111**

**Martin H. Dodd**
**Futterman & Dupree**
**160 Sansome Street, 17th Floor**
**San Francisco, CA 94109**

**MARTIN J. MAYER**
**Jones & Mayer**
**3777 North Harbor Boulevard**
**Fullerton, CA 92835**

**RONALD YANK**
**Carroll, Burdick & McDonough, LLP**
**44 Montgomery Street, Suite 400**
**San Francisco, CA 94104**

**ANN MILLER RAVEL**
**Office of the County Counsel**
**County of Santa Clara**
**70 West Hedding, East Wing, 9th Floor**
**San Jose, CA 95110**

1

Jared Goldman
**California Prison Healthcare Receivership**
1731 Technology Dr., Suite 700
San Jose, CA 95110

John Hagar
**Law Office of John Hagar**
PMB 314
1819 Polk Street
San Francisco, CA 94109

STEVEN S. KAUFHOLD
**Akin Gump Straus Hauer & Feld LLP**
580 California Street, 15th Floor
San Francisco, CA 94102

**ROD PACHECO**
**CHUCK HUGHES**
**Office of the District Attorney**
**County of Riverside**
4075 Main Street, First Floor
Riverside, CA 92501

**STEVEN WOODSIDE**
**Office of the County Counsel**
575 Administration Dr., Room 105A
Santa Rosa, CA 95403

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 9, 2007**, at San Francisco, California.

_____
J. Baker
Declarant

20113154.wpd

_____
Signature