# EXHIBIT D

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  CHARLES J. ANTONEN, State Bar No. 221207
   SAMANTHA TAMA - State Bar No. 240280
6  Deputy Attorney General
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA  94102-7004
    Telephone:  (415) 703-5711
8   Fax:  (415) 703-5843
    Email:  Rochelle.East@doj.ca.gov
9
   Attorneys for Defendants
10 Schwarzenegger, Genest, and Tilton

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
Email:  pmello@hansonbridgett.com

RECEIVED

OCT 2 9 2007

Rosen, Bien & Galvan

11           IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13        AND THE NORTHERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 16 | |
| 17 RALPH COLEMAN, et al., | 90-0520 LKK JFM |
| 18 Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| 19 ARNOLD SCHWARZENEGGER, et al., | |
| 20 Defendants. | |
| 21 MARCIANO PLATA, et al., | C-01-1351 TEH |
| 22 Plaintiffs, | **THREE-JUDGE COURT** |
| 23 v. | |
| 24 ARNOLD SCHWARZENEGGER, et al., | **DEFENDANTS' RESPONSES TO** |
| 25 Defendants. | **PLAINTIFFS' FIRST SET OF** |
| 26 | **REQUESTS FOR PRODUCTION** |
| | **OF DOCUMENTS** |
| 27 | |
| 28 | |

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

1

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1 **PROPOUNDING PARTY:** Marciano Plata, et al., Plaintiffs

2 **RESPONDING PARTY:**    Arnold Schwarzenegger, et al., Defendants

3 **SET NO.:**                One

4

5 **DEFINITIONS**

6    In construing these discovery responses, the following definitions shall apply:

7    1)    "PLAINTIFFS" shall mean class representatives Marciano Plata (sic), et al. the named

8 plaintiffs in the action *Plata v. Schwarzenegger,* Case No. C-01-1351 TEH (N.D. Cal.) (*Plata*)

9 and class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v.*

10 *Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

11    2)    "DEFENDANTS" shall mean Arnold Schwarzenegger, Michael Genest, and James

12 Tilton the named defendants in *Plata* and Arnold Schwarzenegger, Michael Genest, James Tilton

13 and Stephen Mayberg the named defendants in *Coleman.*

14    3)    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

15 U.S.C. Section 2284 in the cases of *Coleman* and *Plata.*

16

17 **GENERAL OBJECTIONS**

18    1.    DEFENDANTS object that the discovery was propounded prematurely and violates

19 Federal Rule of Civil Procedure 26.  PLAINTIFFS propounded this discovery prior to the initial

20 hearing in the PROCEEDING, which took place on September 24, 2007.  Additionally,

21 PLAINTIFFS failed to meet and confer with DEFENDANTS as required by Federal Rule of

22 Civil Procedure 26.

23    2.    DEFENDANTS object that the discovery is impermissibly propounded by "Marciano

24 Plata, et al., Plaintiffs".  Under Federal Rules of Civil Procedure 34, PLAINTIFFS must identify

25 with specificity the "party" that is propounding discovery.  Additionally, the coordinated nature

26 of the PROCEEDING makes the discovery unduly confusing and ambiguous.  DEFENDANTS

27 were unsure whether the discovery was propounded in *Coleman* or *Plata.*  Consequently,

28 DEFENDANTS met and conferred with PLAINTIFFS in good faith and PLAINTIFFS

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

2

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1   acknowledged that the discovery requests were ambiguous and informed DEFENDANTS that

2   the discovery requests should be interpreted to apply to both *Coleman* and *Plata*.

3       3.    DEFENDANTS object that the discovery is impermissibly propounded to "Arnold

4   Schwarzenegger, et al., Defendants".  Under Federal Rules of Civil Procedure 34, PLAINTIFFS

5   must identify with specificity which "party" discovery is propounded to.

6       4.    DEFENDANTS object that the discovery seeks DOCUMENTS that are neither

7   relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

8   discovery of admissible evidence.  PLAINTIFFS have refused to identify what if any claims they

9   will be asserting in the PROCEEDING.  Consequently, DEFENDANTS object the discovery

10  requires DEFENDANTS to speculate what claims may or may not be asserted by PLAINTIFFS.

11      5.    DEFENDANTS object that the requests are seek information equally available to

12  PLAINTIFFS overbroad and unduly burdensome.  In accordance with the *Coleman* and *Plata*

13  remedial orders, PLAINTIFFS receive a monthly document productions and other discovery

14  from DEFENDANTS and the Receiver appointed in *Plata*.

15      6.    DEFENDANTS object that the discovery is unduly burdensome to the extent it

16  requires DEFENDANTS to produce source codes, meta-data, and data in a DII format.

17  DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a

18  DAT Opticon format.

19      7.    DEFENDANTS object that the discovery is unduly burdensome and overbroad to the

20  extent it requires DEFENDANTS to obtain electronic and paper documents from potentially

21  hundreds of individuals.  DEFENDANTS have identified a core group of individuals that are

22  likely to possess information most relevant to PLAINTIFFS' requests.  Consequently,

23  DEFENDANTS have obtained reasonably accessible electronic and paper documents from these

24  individuals only and will not be subsequently expanding this search.  The reasonably accessible

25  electronic and paper documents obtained by DEFENDANTS do not include information

26  contained on backup tapes or legacy data contained on systems that are no longer utilized.

27      8.    DEFENDANTS object to the date and place of production specified in the discovery.

28  DEFENDANTS will produce any non-privileged, responsive DOCUMENTS at the California

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

3

1   Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California.

2   Additionally, any production shall be in accordance with a rolling production schedule agreed to

3   by the parties and/or ordered by the Court.

4       9.   DEFENDANTS object that the discovery seeks DOCUMENTS outside of

5   DEFENDANTS' custody and control.  To the extent the discovery seeks information within the

6   custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct said

7   discovery to the Receiver and not DEFENDANTS.

8

9                           **DEFENDANTS' RESPONSES**

10  **REQUEST FOR PRODUCTION NO. 1:**

11      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

12  RELATE TO the implementation of AB 900, INCLUDING but not limited to the PRISONS'

13  capacity for traffic, sewage, water, power and other infrastructure, the presence of valley fever at

14  or in the vicinity of the PRISONS, and staffing levels at PRISONS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

16      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

17  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

18  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

19  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

20  object that the inclusion of the phrase "including but not limited to" renders the request

21  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

22  of the request.  DEFENDANTS also object to disclosing detailed information regarding the

23  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

24  points of access, and construction design details because release of this information could

25  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

26  RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing.  As defined by

27  PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services Act of

28  2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007." (Req. for

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

4

1  Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined by PLAINTIFFS as "the

2  time period from April 4, 2006 . . . until the present."  (Req. for Production 4:12-14.)  To resolve

3  this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of

4  this request to mean the time period from May 2, 2007 to the present.

5       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

6  follows:

7       DEFENDANTS state that PLAINTIFFS are already in possession of DEFENDANTS' filed

8  plans for the provision of mental health beds and their plans for staffing those mental health beds

9  in the *Coleman* case.  (*See* Def. Am. Long-Range Bed Plan, filed 12/19/06; Def. Supplement Bed

10 Plan, filed 8/17/07.)  DEFENDANTS assert the deliberative process privilege to all drafts of

11 those *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and intra-

12 Defendant emails concerning those plans.

13      DEFENDANTS will, in accordance with the rolling production described above, produce

14 all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

15 in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of

16 PRISONS' capacity for traffic, sewage, water, power, and other infrastructure, the presence of

17 valley fever, and prison staffing levels to the extent these issues relate to the implementation of

18 AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

19 staff, and/or the public.  Those responsive, nonprivileged documents include the accompanying

20 production of certain documents from the Department of Finance (bates numbered DOF000001-

21 DOF003655).

22

23 **REQUEST FOR PRODUCTION NO. 2:**

24      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

25 RELATE TO any projected change in California's PRISON population.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

27      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

28 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

1  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

2  inclusion of the phrase "any projected change" renders the request ambiguous, overbroad, and

3  unduly burdensome as PLAINTIFFS have not defined the parameters of the request.

4  DEFENDANTS object that population projections are equally available to PLAINTIFFS because

5  these figures are released to the public on a biannual basis by the California Department of

6  Corrections and Rehabilitation (CDCR) and are published on CDCR's website.  OMIT:

7  DEFENDANTS object to this request as seeking records equally available and indeed already

8  provided to PLAINTIFFS, including and not limited to (1) the overall population projections

9  released to the public and published on the CDCR web site and (2) DEFENDANTS' filed plans

10  for the provision of mental health beds and the accompanying mental health population

11  projections provided by John Misener of Navigant in accord with the *Coleman* court order dated

12  September 11, 2006.  (See, Def. Supplemental Bed Plan, filed 8/17/07 in *Coleman*.)  Said

13  documents will not be re-produced.

14       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

15  follows:

16       DEFENDANTS will, in accordance with the rolling production described above, produce

17  all other responsive, non-privileged DOCUMENTS from the core group of individuals that are

18  otherwise unavailable to PLAINTIFFS on the subject of projected population changes in

19  California's PRISON population during the RELEVANT TIME PERIOD.

20

21  **REQUEST FOR PRODUCTION NO. 3:**

22       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

23  RELATE TO the DEPARTMENT'S choice of the ten prisons identified as sites for the

24  construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900,

25  INCLUDING site surveys and Environmental Impact Reports.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

27       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

28  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

6

1  critical analysis privilege, and official information privilege. DEFENDANTS object that the

2  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

3  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

4  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

5  of the request. DEFENDANTS also object to disclosing detailed information regarding the

6  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

7  points of access, and construction design details because release of this information could

8  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

9  request is ambiguous and confusing because while the text of AB 900 references certain sections

10  of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(A).

11  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

12  confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

13  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

14  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

15  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

16  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

17  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

18  present.

19      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20  follows:

21      DEFENDANTS will, in accordance with the rolling production described above, produce

22  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

23  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

24  planned construction of up to 7,484 additional prison beds under the rubric of AB 900, which in

25  DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff, and/or the

26  public.

27

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

7

1  **REQUEST FOR PRODUCTION NO. 4:**

2       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

3  RELATE TO any COMMUNICATIONS regarding the DEPARTMENT'S choice of the ten

4  prisons identified as sites for the construction of up to 7,484 additional prison beds under §

5  15819.40(a)(1)(A) of AB 900, INCLUDING any such COMMUNICATIONS from or to any

6  local community group and/or local government officials.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

9  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

11  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

12  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

13  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

14  request.  DEFENDANTS also object to disclosing detailed information regarding the

15  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

16  points of access, and construction design details because release of this information could

17  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

18  request is ambiguous and confusing because while the text of AB 900 references certain sections

19  of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(A).

20  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

21  confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

22  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

23  May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

24  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

25  Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

26  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

27  present.  DEFENDANTS object to this request as redundant and therefore unduly burdensome

28  because Request for Production No. 3 seeks "any and all DOCUMENTS" that refer or relate to

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

8

1  CDCR's consideration of possible sites for the construction of up to 7,484 additional prison beds

2  under the rubric of AB 900.  Consequently, DEFENDANTS' response to Request for Production

3  No. 3 already encompasses the requested category of DOCUMENTS.

4

5  **REQUEST FOR PRODUCTION NO. 5:**

6       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7  RELATE TO any TIMETABLE for the construction of up to 7,484 additional prison beds under

8  § 15819.40(a)(1)(A) of AB 900, INCLUDING any DOCUMENTS RELATING TO the

9  DEPARTMENT'S progress in meeting such a TIMETABLE.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

12 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

13 critical analysis privilege, and official information privilege.  DEFENDANTS object that the

14 request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

15 object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

16 overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

17 request.  DEFENDANTS also object to disclosing detailed information regarding the

18 architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

19 points of access, and construction design details because release of this information could

20 jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

21 request is ambiguous and confusing because while the text of AB 900 references certain sections

22 of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(A).

23 DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

24 confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

25 Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

26 May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

27 by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

28 Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

1  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

2  present.

3      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4  follows:

5      DEFENDANTS will, in accordance with the rolling production described above, produce

6  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

7  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

8  CDCR's planned construction of up to 7,484 additional prison beds under the rubric of AB 900,

9  which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

10  and/or the public.

11

12  **REQUEST FOR PRODUCTION NO. 6:**

13      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

14  RELATE TO the DEPARTMENT'S consideration of the possible sites for the construction of up

15  to 4,516 prison beds under § 15819.40(a)(1)(B) of AB 900.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

17      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

18  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

20  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

21  object that the inclusion of the phrase "consideration of possible sites" renders the request

22  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

23  of the request.  DEFENDANTS also object to disclosing detailed information regarding the

24  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

25  points of access, and construction design details because release of this information could

26  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

27  request is ambiguous and confusing because while the text of AB 900 references certain sections

28  of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(B).

1 | DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

2 | confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

3 | Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

4 | May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

5 | by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

6 | Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

7 | TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

8 | present.

9 |     Subject to and without waiving the foregoing objections, DEFENDANTS respond as

10 | follows:

11 |     DEFENDANTS will, in accordance with the rolling production described above, produce

12 | all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

13 | RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

14 | consideration of sites for the construction of up to 4,516 additional prison beds under the rubric

15 | of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

16 | custody staff, and/or the public.

17 |

18 | **REQUEST FOR PRODUCTION NO. 7:**

19 |     Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

20 | RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

21 | community group and/or local government officials, regarding the sites for the construction of up

22 | to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24 |     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

25 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

26 | critical analysis privilege, and official information privilege. DEFENDANTS object that the

27 | request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

28 | object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1   overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

2   request. DEFENDANTS also object to disclosing detailed information regarding the

3   architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

4   points of access, and construction design details because release of this information could

5   jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

6   request is ambiguous and confusing because while the text of AB 900 references certain sections

7   of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(B).

8   DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

9   confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

10  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

11  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

12  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

13  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

14  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

15  present. DEFENDANTS object to this request as redundant and therefore unduly burdensome

16  because Request for Production No. 6 seeks "any and all DOCUMENTS" that refer or relate to

17  CDCR's consideration of possible sites for the construction of up to 4,516 additional prison beds

18  under the rubric of AB 900. Consequently, DEFENDANTS' response to Request for Production

19  No. 6 already encompasses the requested category of DOCUMENTS.

20

21  **REQUEST FOR PRODUCTION NO. 8:**

22      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

23  RELATE TO any TIMETABLE for the construction of up to 4,516 additional prison beds under

24  § 15819.40(a)(1)(B) of AB 900, INCLUDING any DOCUMENTS RELATING TO the

25  DEPARTMENT'S progress in meeting such a TIMETABLE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

27      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

28  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

12

1   critical analysis privilege, and official information privilege. DEFENDANTS object that the

2   request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

3   object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

4   overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

5   request. DEFENDANTS also object to disclosing detailed information regarding the

6   architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

7   points of access, and construction design details because release of this information could

8   jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

9   request is ambiguous and confusing because while the text of AB 900 references certain sections

10   of the California Government Code, AB 900 does not contain a section 15819.40(a)(1)(B).

11   DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

12   confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

13   Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

14   May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

15   by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

16   Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

17   TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

18   present.

19       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20   follows:

21       DEFENDANTS will, in accordance with the rolling production described above, produce

22   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

23   RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

24   CDCR's planned construction of up to 4,516 additional prison beds under the rubric of AB 900,

25   which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

26   and/or the public.

27

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

13

1  **REQUEST FOR PRODUCTION NO. 9:**

2      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

3  RELATE TO the DEPARTMENT'S identification of appropriate sites to construct 6,000

4  additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

8  critical analysis privilege, and official information privilege. DEFENDANTS object that the

9  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

10  object that the inclusion of the phrase "identification of appropriate sites" renders the request

11  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

12  of the request. DEFENDANTS also object to disclosing detailed information regarding the

13  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

14  points of access, and construction design details because release of this information could

15  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

16  request is ambiguous and confusing because while the text of AB 900 references certain sections

17  of the California Government Code, AB 900 does not contain a section 15819.40(b).

18  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

19  confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

20  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

21  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

22  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

23  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

24  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

25  present.

26      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

27  follows:

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger*, Case No. 01-1351

1    DEFENDANTS will, in accordance with the rolling production described above, produce

2    all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

3    RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

4    identification of sites for the construction of up to 6,000 reentry beds under the rubric of AB 900,

5    which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

6    and/or the public.

7

8    **REQUEST FOR PRODUCTION NO. 10:**

9    Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

10   RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

11   community group and/or local government officials, regarding the sites for the construction of up

12   to 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14   DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

15   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

16   critical analysis privilege, and official information privilege.  DEFENDANTS object that the

17   request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

18   object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

19   overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

20   request.  DEFENDANTS also object to disclosing detailed information regarding the

21   architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

22   points of access, and construction design details because release of this information could

23   jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

24   request is ambiguous and confusing because while the text of AB 900 references certain sections

25   of the California Government Code, AB 900 does not contain a section 15819.40(b).

26   DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

27   confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

28   Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

---

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

15

1  May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD, however, is defined

2  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

3  Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret RELEVANT

4  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

5  present. DEFENDANTS object to this request as redundant and therefore unduly burdensome

6  because Request for Production No. 9 seeks "any and all DOCUMENTS" that refer or relate to

7  CDCR's identification of appropriate sites for the construction of up to 6,000 reentry beds under

8  the rubric of AB 900. Consequently, DEFENDANTS' response to Request for Production No. 9

9  already encompasses the requested category of DOCUMENTS.

10

11  **REQUEST FOR PRODUCTION NO. 11:**

12      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

13  RELATE TO any TIMETABLE for the DEPARTMENT to acquire land, design, construct and

14  renovate in order to construct 6,000 additional prison beds, under § 15819.40(b) of AB 900

15  (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S

16  progress in meeting such a TIMETABLE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

19  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

20  critical analysis privilege, and official information privilege. DEFENDANTS object that the

21  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

22  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

23  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

24  request. DEFENDANTS also object to disclosing detailed information regarding the

25  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

26  points of access, and construction design details because release of this information could

27  jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

28  request is ambiguous and confusing because while the text of AB 900 references certain sections

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

16

1    of the California Government Code, AB 900 does not contain a section 15819.40(b).

2    DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

3    confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

4    Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

5    May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

6    by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

7    Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

8    TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

9    present.

10      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11    follows:

12      DEFENDANTS will, in accordance with the rolling production described above, produce

13    all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

14    RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

15    CDCR's planned construction of up to 6,000 reentry beds under the rubric of AB 900, which in

16    DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff, and/or the

17    public.

18

19    **REQUEST FOR PRODUCTION NO. 12:**

20      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

21    RELATE TO the DEPARTMENT'S consideration of possible sites for the construction of new

22    buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

25    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

26    critical analysis privilege, and official information privilege.  DEFENDANTS object that the

27    request seeks DOCUMENTS that infringe on the privacy rights of third parties.

28    DEFENDANTS object that the inclusion of the phrase "consideration of possible sites" renders

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

17

1  the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the

2  parameters of the request. DEFENDANTS also object to disclosing detailed information

3  regarding the architectural specifications, renderings, blueprints, infrastructure layout, building

4  footprints, points of access, and construction design details because release of this information

5  could jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object

6  that the request seeks DOCUMENTS outside of DEFENDANTS' custody and control.

7  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

8  900 references certain sections of the California Government Code, AB 900 does not contain a

9  section 15819.40(c). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

10  are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

11  and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

12  Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

13  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

14  present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret

15  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

16  2, 2007 to the present.

17     Subject to and without waiving the foregoing objections, DEFENDANTS respond as

18  follows:

19     DEFENDANTS state that this request addresses additional beds or treatment space that are

20  within documents equally available to PLAINTIFFS, namely the mental health consolidated care

21  center or other mental health beds described in Defendants submitted mental health bed plans

22  (see response to request number 1) in the *Coleman* case.

23     DEFENDANTS will, in accordance with the rolling production described above, produce

24  all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

25  in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

26  consideration of sites for the construction of buildings to treat or house 6,000 inmates under the

27  rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

28  custody staff, and/or the public.

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

18

1  **REQUEST FOR PRODUCTION NO. 13:**

2      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

3  RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

4  community group and/or local government officials, regarding the sites for construction of new

5  buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

10  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

11  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

12  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

13  of the request.  DEFENDANTS object that the request seeks DOCUMENTS outside of

14  DEFENDANTS' custody and control.  DEFENDANTS also object to disclosing detailed

15  information regarding the architectural specifications, renderings, blueprints, infrastructure

16  layout, building footprints, points of access, and construction design details because release of

17  this information could jeopardize the safety of inmates, custody staff, and/or the public.

18  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

19  900 references certain sections of the California Government Code, AB 900 does not contain a

20  section 15819.40(c).  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

21  are inconsistent and confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety

22  and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

23  Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD,

24  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

25  present." (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

26  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

27  2, 2007 to the present.  DEFENDANTS object to this request as redundant and therefore unduly

28  burdensome because Request for Production No. 12 seeks "any and all DOCUMENTS" that refer

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1 | or relate to CDCR's consideration of possible sites for the construction of buildings to treat or

2 | house 6,000 inmates under the rubric of AB 900. Consequently, DEFENDANTS' response to

3 | Request for Production No. 12 already encompasses the requested category of DOCUMENTS.

4

5 | **REQUEST FOR PRODUCTION NO. 14:**

6 |     Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7 | RELATE TO any TIMETABLE for the DEPARTMENT to construct new buildings to treat or

8 | house 6,000 inmates under § 15819.40(c) of AB 900, INCLUDING any DOCUMENTS

9 | RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

11 |     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

12 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

13 | critical analysis privilege, and official information privilege. DEFENDANTS object that the

14 | request seeks DOCUMENTS that infringe on the privacy rights of third parties.

15 | DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

16 | ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

17 | of the request. DEFENDANTS object that the request seeks DOCUMENTS outside of

18 | DEFENDANTS' custody and control. DEFENDANTS also object to disclosing detailed

19 | information regarding the architectural specifications, renderings, blueprints, infrastructure

20 | layout, building footprints, points of access, and construction design details because release of

21 | this information could jeopardize the safety of inmates, custody staff, and/or the public.

22 | DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

23 | 900 references certain sections of the California Government Code, AB 900 does not contain a

24 | section 15819.40(c). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

25 | are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

26 | and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

27 | Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

28 | however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

1  present." (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

2  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

3  2, 2007 to the present.

4       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

5  follows:

6       DEFENDANTS will, in accordance with the rolling production described above, produce

7  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

8  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

9  CDCR's planned construction of buildings to treat or house 6,000 inmates under the rubric of AB

10  900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

11  staff, and/or the public.

12

13  **REQUEST FOR PRODUCTION NO. 15:**

14       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

15  RELATE TO the identification of appropriate sites to add up to 4,000 additional prison beds,

16  under §15819.41(a) of AB900.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

18       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

19  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

20  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

21  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

22  DEFENDANTS object that the inclusion of the phrase "identification of appropriate sites"

23  renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not

24  defined the parameters of the request.  DEFENDANTS also object to disclosing detailed

25  information regarding the architectural specifications, renderings, blueprints, infrastructure

26  layout, building footprints, points of access, and construction design details because release of

27  this information could jeopardize the safety of inmates, custody staff, and/or the public.

28  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger*, Case No. 01-1351

1   900 references certain sections of the California Government Code, AB 900 does not contain a

2   section 15819.41(a). DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

3   are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the Public Safety

4   and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

5   Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME PERIOD,

6   however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

7   present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS interpret

8   RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

9   2, 2007 to the present.

10       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11  follows:

12       DEFENDANTS will, in accordance with the rolling production described above, produce

13  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

14  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

15  identification of sites for the construction of up to 4,000 additional prison beds under the rubric

16  of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

17  custody staff, and/or the public.

18

19  **REQUEST FOR PRODUCTION NO. 16:**

20       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

21  RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

22  community group and/or local government officials, regarding the sites to add up to 4,000

23  additional prison beds, under §15819.41(a) of AB900.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

26  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

27  critical analysis privilege, and official information privilege. DEFENDANTS object that the

28  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

22

1  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

2  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

3  of the request.  DEFENDANTS also object to disclosing detailed information regarding the

4  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

5  points of access, and construction design details because release of this information could

6  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

7  request is ambiguous and confusing because while the text of AB 900 references certain sections

8  of the California Government Code, AB 900 does not contain a section 15819.41(a).

9  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

10  confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

11  Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

12  May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

13  by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present."  (Req. for

14  Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

15  TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

16  present.  DEFENDANTS object to this request as redundant and therefore unduly burdensome

17  because Request for Production No. 15 seeks "any and all DOCUMENTS" that refer or relate to

18  CDCR's identification of appropriate sites for the construction of up to 4,000 additional prison

19  beds under the rubric of AB 900.  Consequently, DEFENDANTS' response to Request for

20  Production No. 15 already encompasses the requested category of DOCUMENTS.

21

22  **REQUEST FOR PRODUCTION NO. 17:**

23      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

24  RELATE TO any TIMETABLE for the DEPARTMENT to design, construct, and renovate

25  existing facilities in order to add up to 4,000 additional beds under §15819.41(a) of AB900,

26  INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting

27  such a TIMETABLE.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

5  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

6  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

7  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

8  of the request.  DEFENDANTS also object to disclosing detailed information regarding the

9  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

10 points of access, and construction design details because release of this information could

11 jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

12 request is ambiguous and confusing because while the text of AB 900 references certain sections

13 of the California Government Code, AB 900 does not contain a section 15819.41(a).

14 DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

15 confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

16 Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

17 May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

18 by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present."  (Req. for

19 Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

20 TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

21 present.

22      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

23 follows:

24      DEFENDANTS will, in accordance with the rolling production described above, produce

25 all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

26 RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

27 CDCR's planned construction of up to 4,000 additional prison beds under the rubric of AB 900,

28

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                       *Plata v. Schwarzenegger*, Case No. 01-1351

1  which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

2  and/or the public.

3

4  **REQUEST FOR PRODUCTION NO. 18:**

5      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

6  RELATE TO the DEPARTMENT'S identification of appropriate sites to construct new

7  buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB900.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

9      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

10  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11  critical analysis privilege, and official information privilege. DEFENDANTS object that the

12  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

13  DEFENDANTS object that the inclusion of the phrase "identification of appropriate sites"

14  renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not

15  defined the parameters of the request. DEFENDANTS object that the request seeks

16  DOCUMENTS outside of DEFENDANTS' custody and control. DEFENDANTS also object to

17  disclosing detailed information regarding the architectural specifications, renderings, blueprints,

18  infrastructure layout, building footprints, points of access, and construction design details

19  because release of this information could jeopardize the safety of inmates, custody staff, and/or

20  the public. DEFENDANTS object that the request is ambiguous and confusing because while

21  the text of AB 900 references certain sections of the California Government Code, AB 900 does

22  not contain a section 15819.41(b). DEFENDANTS object that the RELEVANT TIME PERIOD

23  and AB 900 are inconsistent and confusing. As defined by PLAINTIFFS, AB 900 "means the

24  Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor

25  Arnold Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.) RELEVANT TIME

26  PERIOD, however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until

27  the present." (Req. for Production 4:12-14.) To resolve this inconsistency, DEFENDANTS

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

25

1 | interpret RELEVANT TIME PERIOD for the purposes of this request to mean the time period

2 | from May 2, 2007 to the present.

3 |     Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4 | follows:

5 |     DEFENDANTS will, in accordance with the rolling production described above, produce

6 | all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

7 | RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

8 | identification of sites for the construction of up to 2,000 additional prison beds under the rubric

9 | of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates,

10 | custody staff, and/or the public.

11 |

12 | **REQUEST FOR PRODUCTION NO. 19:**

13 |     Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

14 | RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

15 | community group and/or local government officials, regarding the sites for the construction of

16 | new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

18 |     DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

19 | the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

20 | critical analysis privilege, and official information privilege. DEFENDANTS object that the

21 | request seeks DOCUMENTS that infringe on the privacy rights of third parties.

22 | DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

23 | ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

24 | of the request. DEFENDANTS also object to disclosing detailed information regarding the

25 | architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

26 | points of access, and construction design details because release of this information could

27 | jeopardize the safety of inmates, custody staff, and/or the public. DEFENDANTS object that the

28 | request seeks DOCUMENTS outside of DEFENDANTS' custody and control. DEFENDANTS

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

26

1   object that the request is ambiguous and confusing because while the text of AB 900 references

2   certain sections of the California Government Code, AB 900 does not contain a section

3   15819.41(b).  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are

4   inconsistent and confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and

5   Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

6   Schwarzenegger on May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD,

7   however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

8   present."  (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

9   RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

10  2, 2007 to the present.  DEFENDANTS object to this request as redundant and therefore unduly

11  burdensome because Request for Production No. 18 seeks "any and all DOCUMENTS" that refer

12  or relate to CDCR's identification of appropriate sites for the construction of up to 2,000

13  additional prison beds under the rubric of AB 900.  Consequently, DEFENDANTS' response to

14  Request for Production No. 18 already encompasses the requested category of DOCUMENTS.

15

16  **REQUEST FOR PRODUCTION NO. 20:**

17      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

18  RELATE TO any TIMETABLE for the DEPARTMENT to design, construct, and establish new

19  buildings to treat or house 2,000 inmates under § 15819.41(b) of AB 900, INCLUDING any

20  DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a

21  TIMETABLE.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

23      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

26  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

27  DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

28  ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

1  of the request.  DEFENDANTS object that the request seeks DOCUMENTS outside of

2  DEFENDANTS' custody and control.  DEFENDANTS also object to disclosing detailed

3  information regarding the architectural specifications, renderings, blueprints, infrastructure

4  layout, building footprints, points of access, and construction design details because release of

5  this information could jeopardize the safety of inmates, custody staff, and/or the public.

6  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

7  900 references certain sections of the California Government Code, AB 900 does not contain a

8  section 15819.41(b).  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

9  are inconsistent and confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety

10  and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

11  Schwarzenegger on May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD,

12  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

13  present."  (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

14  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

15  2, 2007 to the present.

16       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

17  follows:

18       DEFENDANTS will, in accordance with the rolling production described above, produce

19  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

20  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

21  CDCR's planned construction of up to 2,000 additional prison beds under the rubric of AB 900,

22  which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

23  and/or the public.

24

25  **REQUEST FOR PRODUCTION NO. 21:**

26       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

27  RELATE TO any TIMETABLE for the DEPARTMENT'S identification of appropriate sites to

28

Defs.' Resp. to Pls.'                          *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One             *Plata v. Schwarzenegger*, Case No. 01-1351
                              28

1  construct, establish and operate reentry program facilities that will house 10,000 inmates, under §

2  15819.41(c) of AB 900.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

4      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

5  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

6  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

7  request seeks DOCUMENTS that infringe on the privacy rights of third parties.

8  DEFENDANTS object that the inclusion of the phrase "identification of appropriate sites"

9  renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not

10  defined the parameters of the request.  DEFENDANTS also object to disclosing detailed

11  information regarding the architectural specifications, renderings, blueprints, infrastructure

12  layout, building footprints, points of access, and construction design details because release of

13  this information could jeopardize the safety of inmates, custody staff, and/or the public.

14  DEFENDANTS object that the request is ambiguous and confusing because while the text of AB

15  900 references certain sections of the California Government Code, AB 900 does not contain a

16  section 15819.41(c).  DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900

17  are inconsistent and confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety

18  and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

19  Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD,

20  however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

21  present." (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

22  RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

23  2, 2007 to the present.

24      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

25  follows:

26      DEFENDANTS will, in accordance with the rolling production described above, produce

27  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

28  RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's

1    identification of sites for the construction of reentry program facilities that will house 10,000

2    inmates under the rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the

3    safety of inmates, custody staff, and/or the public.

4

5    **REQUEST FOR PRODUCTION NO. 22:**

6        Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7    RELATE TO any COMMUNICATION from any local entity, INCLUDING any local

8    community group and/or local government officials, regarding the sites for the construction,

9    establishment and/or operation of reentry program facilities to house 10,000 inmates, under §

10    15819.41(c) of AB 900.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12        DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

13    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

14    critical analysis privilege, and official information privilege.  DEFENDANTS object that the

15    request seeks DOCUMENTS that infringe on the privacy rights of third parties.

16    DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

17    ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

18    of the request.  DEFENDANTS also object to disclosing detailed information regarding the

19    architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

20    points of access, and construction design details because release of this information could

21    jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

22    request is ambiguous and confusing because while the text of AB 900 references certain sections

23    of the California Government Code, AB 900 does not contain a section 15819.41(c).

24    DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

25    confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

26    Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

27    May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

28    by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present." (Req. for

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

30

1   Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

2   TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

3   present.  DEFENDANTS object to this request as redundant and therefore unduly burdensome

4   because Request for Production No. 21 seeks "any and all DOCUMENTS" that refer or relate to

5   CDCR's identification of appropriate sites for the construction of reentry program facilities that

6   will house 10,000 inmates under the rubric of AB 900.  Consequently, DEFENDANTS' response

7   to Request for Production No. 21 already encompasses the requested category of DOCUMENTS.

8

9   **REQUEST FOR PRODUCTION NO. 23:**

10       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

11   RELATE TO any TIMETABLE for the DEPARTMENT to construct, establish and operate

12   reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of AB 900

13   (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S

14   progress in meeting such a TIMETABLE.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

16       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

17   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

18   critical analysis privilege, and official information privilege.  DEFENDANTS object that the

19   request seeks DOCUMENTS that infringe on the privacy rights of third parties.

20   DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

21   ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

22   of the request.  DEFENDANTS also object to disclosing detailed information regarding the

23   architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

24   points of access, and construction design details because release of this information could

25   jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object that the

26   request is ambiguous and confusing because while the text of AB 900 references certain sections

27   of the California Government Code, AB 900 does not contain a section 15819.41(c).

28   DEFENDANTS object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

31

1    confusing.  As defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender

2    Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on

3    May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined

4    by PLAINTIFFS as "the time period from April 4, 2006 . . . until the present."  (Req. for

5    Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret RELEVANT

6    TIME PERIOD for the purposes of this request to mean the time period from May 2, 2007 to the

7    present.

8        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

9    follows:

10        DEFENDANTS will, in accordance with the rolling production described above, produce

11    all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

12    RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of timetables for

13    CDCR's planned construction of reentry program facilities that will house 10,000 inmates under

14    the rubric of AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of

15    inmates, custody staff, and/or the public.

16

17    **REQUEST FOR PRODUCTION NO. 24:**

18        Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

19    RELATE TO any TIMETABLE for the transfers of inmates out of state under §11191 of AB900,

20    INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting

21    such a TIMETABLE.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23        DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

24    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25    critical analysis privilege, and official information privilege.  DEFENDANTS object that the

26    request seeks DOCUMENTS that infringe on the privacy rights of third parties.

27    DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

28    ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

Defs.' Resp. to Pls.'                                    *Coleman v. Schwarzenegger*, Case No. 90-0520
Req. for Produc. of Docs., Set One                      *Plata v. Schwarzenegger*, Case No. 01-1351

32

1  of the request.  DEFENDANTS object to the request as unduly burdensome as responsive

2  DOCUMENTS have already been disclosed in the course of the *Coleman* litigation and

3  information regarding out-of-state transfers is equally available on CDCR's website.

4  DEFENDANTS also object to disclosing detailed information regarding inmate movement,

5  transport, and transfer because release of this information could jeopardize the safety of inmates,

6  custody staff, and/or the public.  DEFENDANTS object that the request is ambiguous and

7  confusing because while the text of AB 900 references certain sections of the California

8  Government Code, AB 900 does not contain a section 11191.  DEFENDANTS object that the

9  RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing.  As defined by

10  PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services Act of

11  2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007."  (Req. for

12  Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined by PLAINTIFFS as "the

13  time period from April 4, 2006 . . . until the present."  (Req. for Production 4:12-14.)  To resolve

14  this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of

15  this request to mean the time period from May 2, 2007 to the present.

16      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

17  follows:

18      DEFENDANTS state that this request addresses out-of-state transfer timetables that are

19  within documents equally available to PLAINTIFFS, namely the already-produced activation

20  schedules and the Governor's Emergency Proclamation of October 2006 providing certain

21  criteria for out-of-state transfer.

22      DEFENDANTS will, in accordance with the rolling production described above, produce

23  all other responsive, non-privileged DOCUMENTS from the core group of individuals generated

24  in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of

25  timetables for CDCR's planned transfers of inmates to out-of-state facilities under the rubric of

26  AB 900, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

27  staff, and/or the public.

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

33

1   **REQUEST FOR PRODUCTION NO. 25:**

2       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

3   RELATE TO the DEPARTMENT'S ability or lack of ability to hire and/or retain medical and

4   mental health staff in PRISONS, INCLUDING but not limited to any studies or analyses of the

5   effect of AB900 on medical and mental health staffing levels.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

8   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9   critical analysis privilege, and official information privilege.  DEFENDANTS object that the

10   request seeks DOCUMENTS that infringe on the privacy rights of third parties.

11   DEFENDANTS object that the inclusion of the defined word "INCLUDING" renders the request

12   ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

13   of the request.  DEFENDANTS object that the request seeks DOCUMENTS outside of

14   DEFENDANTS' custody and control.  DEFENDANTS object to the request as unduly

15   burdensome as responsive DOCUMENTS have already been provided to PLAINTIFFS in the

16   course of the *Plata* litigation.  DEFENDANTS object that the RELEVANT TIME PERIOD and

17   AB 900 are inconsistent and confusing.  As defined by PLAINTIFFS, AB 900 "means the Public

18   Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold

19   Schwarzenegger on May 2, 2007." (Req. for Production 5:1-2.)  RELEVANT TIME PERIOD,

20   however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . . until the

21   present." (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS interpret

22   RELEVANT TIME PERIOD for the purposes of this request to mean the time period from May

23   2, 2007 to the present.

24       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

25   follows:

26       DEFENDANTS state that this request addresses recruitment and hiring issues that are

27   already detailed within documents equally available to Plaintiffs, namely:

28         1.    The *Coleman* monthly report submitted to Special Master Keating and Plaintiffs;

2.   The DMH pay parity plan, filed with the *Coleman* court in June 2007;

3.   The CDCR recruitment plan, filed with the *Coleman* court in October 2007.

4.   The DMH plan to open 125 beds at Atascadero State Hospital for *Coleman* class members, filed with the *Coleman* court in August 2007.

5.   The CDCR proposed resolution to the State Personnel Board to compress hiring ranks for certain *Coleman* clinical positions, and the resulting State Personnel Board resolution issued in June 2007.

6.   Defendants' plan to address pay parity with DMH clinicians, filed with the *Coleman* court on April 2, 2007, with attached letter requesting the Legislature to authorize $1 million in funding to support the recruitment of psychiatric and medical services staff within state institutions.

7.   Defendants' response to the court order to address staffing vacancies within DMH, filed with the *Coleman* court on May 16, 2007.

DEFENDANTS will, in accordance with the rolling production described above, produce all other responsive, non-privileged DOCUMENTS from the core group of individuals generated in the RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of CDCR's ability to hire or retain medical and mental health staff in PRISONS.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any studies or analyses of the effect of AB900 on medical and mental health care at the PRISONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege.  DEFENDANTS object that the request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS object that the inclusion of the phrase "studies or analyses" renders the request

1    ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters

2    of the request.  DEFENDANTS object that the request seeks DOCUMENTS outside of

3    DEFENDANTS' custody and control.  DEFENDANTS object that the RELEVANT TIME

4    PERIOD and AB 900 are inconsistent and confusing.  As defined by PLAINTIFFS, AB 900

5    "means the Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by

6    Governor Arnold Schwarzenegger on May 2, 2007."  (Req. for Production 5:1-2.)  RELEVANT

7    TIME PERIOD, however, is defined by PLAINTIFFS as "the time period from April 4, 2006 . . .

8    until the present."  (Req. for Production 4:12-14.)  To resolve this inconsistency, DEFENDANTS

9    interpret RELEVANT TIME PERIOD for the purposes of this request to mean the time period

10   from May 2, 2007 to the present.

11        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

12   follows:

13        DEFENDANTS will, in accordance with the rolling production described above, produce

14   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

15   RELEVANT TIME PERIOD as understood by DEFENDANTS on the subject of studies or

16   analyses of the effect of AB900 on medical and mental health care in PRISONS.

17

18   **REQUEST FOR PRODUCTION NO. 27:**

19        Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

20   RELATE TO any measure(s) that YOU have initiated or considered in order to reduce prison

21   populations, other than the measures set forth in AB900.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

23        DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

24   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25   critical analysis privilege, and official information privilege.  DEFENDANTS object that the

26   request seeks DOCUMENTS that infringe on the privacy rights of third parties.

27   DEFENDANTS object that the inclusion of the phrases "initiated or considered" and "any

28   measure(s)" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

36

1    have not defined the parameters of the request. DEFENDANTS object to this request which

2    encompasses plans considered, but not adopted, which are subject to the deliberative process

3    privilege. DEFENDANTS object that the requested DOCUMENTS to the extent they relate to

4    measures already initiated to address California's prison population are equally available to

5    PLAINTIFFS as these measures have already been disclosed in both *Plata* and *Coleman.*

6        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

7    follows:

8        DEFENDANTS will, in accordance with the rolling production described above, produce

9    all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

10   RELEVANT TIME PERIOD regarding measures already initiated to address California's prison

11   population.

12

13   **REQUEST FOR PRODUCTION NO. 28:**

14       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE

15   TO any contingency plans, other than population reducing measures, that YOU have considered

16   initiating when, in YOUR estimation, the PRISONS reach their MAXIMUM CAPACITY.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

18       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

19   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

20   critical analysis privilege, and official information privilege. DEFENDANTS object that the

21   request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

22   object that the inclusion of the phrases "contingency plans," "population reducing measures," and

23   "considered initiating" renders the request ambiguous, overbroad, and unduly burdensome as

24   PLAINTIFFS have not defined the parameters of the request. DEFENDANTS also object to

25   disclosing detailed information regarding the architectural specifications, renderings, blueprints,

26   infrastructure layout, building footprints, points of access, and construction design details

27   because release of this information could jeopardize the safety of inmates, custody staff, and/or

28   the public. DEFENDANTS object to this request which encompasses plans considered, but not

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

1  adopted, which are subject to the deliberative process privilege.  DEFENDANTS object that the

2  requested DOCUMENTS to the extent they relate to measures actually initiated or adopted to

3  address prison capacity are equally available to PLAINTIFFS as these measures have already

4  been disclosed in both *Plata* and *Coleman*.  DEFENDANTS object that the term MAXIMUM

5  CAPACITY is argumentative, speculative, and improperly calls for expert testimony.

6       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

7  follows:

8       DEFENDANTS will, in accordance with the rolling production described above, produce

9  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

10  RELEVANT TIME PERIOD regarding measures actually initiated or adopted to address prison

11  capacity, which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody

12  staff, and/or the public.

13

14  **REQUEST FOR PRODUCTION NO. 29:**

15       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE

16  TO YOUR or the DEPARTMENT'S determination of the MAXIMUM CAPACITY of any

17  PRISON or the prison system as a whole.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

19       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

20  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

21  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

22  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

23  object that the inclusion of the undefined word "determination" renders the request ambiguous,

24  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

25  request.  DEFENDANTS also object to disclosing detailed information regarding the

26  architectural specifications, renderings, blueprints, infrastructure layout, building footprints,

27  points of access, and construction design details because release of this information could

28  jeopardize the safety of inmates, custody staff, and/or the public.  DEFENDANTS object to this

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

38

1  request which encompasses positions considered, but not adopted, which are subject to the

2  deliberative process privilege. DEFENDANTS object that the requested DOCUMENTS to the

3  extent they relate to CDCR's final determination regarding prison capacity are equally available

4  to PLAINTIFFS as this determination has already been disclosed in both *Plata* and *Coleman*.

5  DEFENDANTS object that the term MAXIMUM CAPACITY is argumentative, speculative, and

6  improperly calls for expert testimony.

7      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

8  follows:

9      DEFENDANTS will, in accordance with the rolling production described above, produce

10  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

11  RELEVANT TIME PERIOD regarding CDCR's final determination regarding prison capacity,

12  which in DEFENDANTS' estimation will not jeopardize the safety of inmates, custody staff,

13  and/or the public.

14

15  **REQUEST FOR PRODUCTION NO. 30:**

16      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that refer or

17  RELATE TO any TIMETABLE for obtaining the funding to implement AB 900, INCLUDING

18  any DOCUMENTS RELATING TO YOUR progress in meeting such a TIMETABLE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

20      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

21  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22  critical analysis privilege, and official information privilege. DEFENDANTS object that the

23  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

24  object that the inclusion of the defined word "INCLUDING" renders the request ambiguous,

25  overbroad, and unduly burdensome as PLAINTIFFS have not defined the parameters of the

26  request. DEFENDANTS object to this request because it is the subject of pending litigation

27  brought by Taxpayers for Improving Public Safety (TIPS). DEFENDANTS object that the

28  request seeks DOCUMENTS outside of DEFENDANTS' custody and control. DEFENDANTS

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

39

1   object that the RELEVANT TIME PERIOD and AB 900 are inconsistent and confusing.  As

2   defined by PLAINTIFFS, AB 900 "means the Public Safety and Offender Rehabilitation Services

3   Act of 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007." (Req. for

4   Production 5:1-2.)  RELEVANT TIME PERIOD, however, is defined by PLAINTIFFS as "the

5   time period from April 4, 2006 . . . until the present." (Req. for Production 4:12-14.)  To resolve

6   this inconsistency, DEFENDANTS interpret RELEVANT TIME PERIOD for the purposes of

7   this request to mean the time period from May 2, 2007 to the present.

8       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

9   follows:

10      DEFENDANTS will, in accordance with the rolling production described above, produce

11  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

12  RELEVANT TIME PERIOD as understood by DEFENDANTS which reflect the timetable for

13  obtaining funding to implement AB 900.

14

15  **REQUEST FOR PRODUCTION NO. 31:**

16      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

17  RELATE TO any consideration of placing limitations on the Prison population.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

19      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

20  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

21  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

22  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

23  object that the inclusion of the phrases "any consideration" and "placing limitations" renders the

24  request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the

25  parameters of the request.  DEFENDANTS object to this request which encompasses measures

26  considered, but not adopted, which are subject to the deliberative process privilege.

27  DEFENDANTS object that the requested DOCUMENTS to the extent they relate to measures

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

40

1  actually initiated or adopted are equally available to PLAINTIFFS as these measures have already

2  been disclosed in both *Plata* and *Coleman*.

3      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4  follows:

5      DEFENDANTS will, in accordance with the rolling production described above, produce

6  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

7  RELEVANT TIME PERIOD which reflect measures actually initiated or adopted to address the

8  size of CDCR's prison population.

9

10  **REQUEST FOR PRODUCTION NO. 32:**

11      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

12  RELATE TO any consideration of the effects of sentencing reform on the PRISON population.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

15  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

16  critical analysis privilege, and official information privilege. DEFENDANTS object that the

17  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

18  object that the inclusion of the phrases "any consideration" and "sentencing reform" renders the

19  request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS have not defined the

20  parameters of the request. DEFENDANTS object to this request which encompasses measures

21  considered, but not adopted, which are subject to the deliberative process privilege.

22  DEFENDANTS object that the request is neither relevant to any claim or defense asserted in the

23  PROCEEDING nor reasonably calculated to lead to the discovery of admissible evidence. The

24  Three-Judge Panel does not possess the authority to order the State of California to adopt

25  sentencing reform under the doctrine of separation of powers, as well as precepts of federalism.

26  Moreover, although the Three-Judge Panel has jurisdiction over the parties in the

27  PROCEEDING, PLAINTIFFS in this matter have already been sentenced and are incarcerated.

28  The Three-Judge Panel's jurisdiction does not extend to those individuals who may possibly be

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

41

1  sentenced in the future. Moreover, neither PLAINTIFFS nor the *Coleman* class members have

2  pleaded a cause of action challenging the constitutionality of California's sentencing scheme.

3  Therefore, the issue is not properly before the Three-Judge Panel. Unless there is an actual case

4  or controversy regarding California's sentencing statutes, neither the Three-Judge Panel nor the

5  Federal Courts possess jurisdiction to consider the matter.

6

7  **REQUEST FOR PRODUCTION NO. 33:**

8      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

9  RELATE TO any consideration of the effects of sentencing commission on the PRISON

10  population.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

12      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

13  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

14  critical analysis privilege, and official information privilege. DEFENDANTS object that the

15  request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

16  object that the inclusion of the phrases "any consideration" and "effects of sentencing

17  commission" renders the request ambiguous, overbroad, and unduly burdensome as

18  PLAINTIFFS have not defined the parameters of the request. DEFENDANTS object to this

19  request which encompasses measures considered, but not adopted, which are subject to the

20  deliberative process privilege. DEFENDANTS object that the request is neither relevant to any

21  claim or defense asserted in the PROCEEDING nor reasonably calculated to lead to the

22  discovery of admissible evidence. The Three-Judge Panel does not possess the authority to order

23  the State of California to empanel a sentencing commission under the doctrine of separation of

24  powers, as well as precepts of federalism. Moreover, although the Three-Judge Panel has

25  jurisdiction over the parties in the PROCEEDING, PLAINTIFFS in this matter have already been

26  sentenced and are incarcerated. The Three-Judge Panel's jurisdiction does not extend to those

27  individuals who may possibly be sentenced in the future. Moreover, neither PLAINTIFFS nor

28  the *Coleman* class members have pleaded a cause of action challenging the constitutionality of

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

42

1   California's sentencing scheme. Therefore, the issue is not properly before the Three-Judge

2   Panel. Unless there is an actual case or controversy regarding California's sentencing statutes,

3   neither the Three-Judge Panel nor the Federal Courts possess jurisdiction to consider the matter.

4

5   **REQUEST FOR PRODUCTION NO. 34:**

6      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or

7   RELATE TO any consideration of the effects of any changes in parole policies on the PRISON

8   population.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

11   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12   critical analysis privilege, and official information privilege. DEFENDANTS object that the

13   request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS

14   object that the inclusion of the phrases "any consideration," "effects of any changes," and "parole

15   policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

16   have not defined the parameters of the request. DEFENDANTS object to this request which

17   encompasses measures considered, but not adopted, which are subject to the deliberative process

18   privilege.

19      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20   follows:

21      DEFENDANTS will, in accordance with the rolling production described above, produce

22   all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

23   RELEVANT TIME PERIOD which relate to the effect changes in parole policies actually

24   initiated or adopted will have on the PRISON population.

25

26   **REQUEST FOR PRODUCTION NO. 35:**

27      Any and all DOCUMENTS that REFER or RELATE TO the comprehensive analysis of

28   existing CDCR beds, programming space, clinical/mental health space, infrastructure capacities,

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

43

1   and projected mitigation referenced at 2:6-8 of the Declaration Of Scott Kernan In Support Of

2   Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A Three

3   Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger.*

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

5       DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

6   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

7   critical analysis privilege, and official information privilege.  DEFENDANTS object that the

8   request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

9   object that the request is overbroad and unduly burdensome because it is not specific as to time.

10  In accordance with DEFENDANTS' Responses to Requests for Production No. 1, 3, 4, 5, 6, 7, 8,

11  9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 30, DEFENDANTS

12  interpret the request to include a RELEVANT TIME PERIOD limitation consisting of the time

13  period from May 2, 2007 to the present.  DEFENDANTS object that the requested

14  DOCUMENTS are equally available to PLAINTIFFS as these DOCUMENTS have already been

15  produced to PLAINTIFFS in *Coleman.*

16      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

17  follows:

18      DEFENDANTS will, in accordance with the rolling production described above, produce

19  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

20  RELEVANT TIME PERIOD as understood by DEFENDANTS which reflect existing CDCR

21  beds, programming space, clinical/mental health space, and infrastructure capacities.

22

23  **REQUEST FOR PRODUCTION NO. 36:**

24      Any and all DOCUMENTS that REFER or RELATE TO the analysis of additional capacity

25  available within the state referenced at 2:8-12 of the Declaration Of Scott Kernan In Support Of

26  Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A Three

27  Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger.*

28

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger,* Case No. 90-0520
*Plata v. Schwarzenegger,* Case No. 01-1351

44

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS object that the request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS object that the request is overbroad and unduly burdensome because it is not specific as to time. In accordance with DEFENDANTS' Responses to Requests for Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, and 35, DEFENDANTS interpret the request to include a RELEVANT TIME PERIOD limitation consisting of the time period from May 2, 2007 to the present. DEFENDANTS object that the requested DOCUMENTS are equally available to PLAINTIFFS as these DOCUMENTS have already been produced to PLAINTIFFS in *Coleman*.

Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

DEFENDANTS will, in accordance with the rolling production described above, produce all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the RELEVANT TIME PERIOD as understood by DEFENDANTS which reflect California's prison capacity.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all memoranda and/or other COMMUNICATIONS that REFER or RELATE TO any changes or clarifications of parole discharge policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS object that the request seeks DOCUMENTS that infringe on the privacy rights of third parties. DEFENDANTS object that the inclusion of the phrases "any changes or clarifications" and "parole discharge

Defs.' Resp. to Pls.'
Req. for Produc. of Docs., Set One

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

45

1  policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

2  have not defined the parameters of the request.  DEFENDANTS object to this request which

3  encompasses measures considered, but not adopted, which are subject to the deliberative process

4  privilege.  DEFENDANTS object that the request is overbroad and unduly burdensome because

5  it is not specific as to time.  In accordance with DEFENDANTS' Responses to Requests for

6  Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,

7  26, 30, 35, and 36, DEFENDANTS interpret the request to include a RELEVANT TIME

8  PERIOD limitation consisting of the time period from May 2, 2007 to the present.

9      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

10  follows:

11      DEFENDANTS will, in accordance with the rolling production described above, produce

12  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

13  RELEVANT TIME PERIOD as understood by DEFENDANTS which relate to actually initiated

14  or adopted changes or clarifications of parole discharge policies.

15

16  **REQUEST FOR PRODUCTION NO. 38:**

17      Any and all memoranda and/or other COMMUNICATIONS that REFER or RELATE TO

18  any changes and/or clarifications of parole revocation policies.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

20      DEFENDANTS object that the request seeks DOCUMENTS protected from disclosure by

21  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22  critical analysis privilege, and official information privilege.  DEFENDANTS object that the

23  request seeks DOCUMENTS that infringe on the privacy rights of third parties.  DEFENDANTS

24  object that the inclusion of the phrases "changes and/or clarifications" and "parole revocation

25  policies" renders the request ambiguous, overbroad, and unduly burdensome as PLAINTIFFS

26  have not defined the parameters of the request.  DEFENDANTS object to this request which

27  encompasses measures considered, but not adopted, which are subject to the deliberative process

28  privilege.  DEFENDANTS object that the request is overbroad and unduly burdensome because

1  it is not specific as to time.  In accordance with DEFENDANTS' Responses to Requests for

2  Production No. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25,

3  26, 30, 35, 36, and 37, DEFENDANTS interpret the request to include a RELEVANT TIME

4  PERIOD limitation consisting of the time period from May 2, 2007 to the present.

5      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

6  follows:

7      DEFENDANTS will, in accordance with the rolling production described above, produce

8  all responsive, non-privileged DOCUMENTS from the core group of individuals generated in the

9  RELEVANT TIME PERIOD as understood by DEFENDANTS which relate to actually initiated

10  or adopted changes or clarifications of parole revocation policies.

11

12

13  Dated:  October 25, 2007                    EDMUND G. BROWN JR.
                                                Attorney General of the State of California

14

15                                    By: _____
                                              CHARLES J. ANTONEN
16                                            Deputy Attorney General
                                              Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 324-5388
8    Fax: (916) 324-5205
     Email: Misha.Igra@doj.ca.gov
9
   Attorneys for Defendants
10

11          IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  RALPH COLEMAN, et al.,                    2:90-cv-00520 LKK JFM P

18                        Plaintiffs,         THREE JUDGE COURT

19            v.

20  ARNOLD SCHWARZENEGGER, et al.,

21                        Defendants.

22
    MARCIANO PLATA, et al.,                   No. C 01-1351 TEH
23
                          Plaintiffs,         THREE JUDGE COURT
24            v.
                                              DECLARATION OF
25  ARNOLD SCHWARZENEGGER, et al.,            CYNTHIA A. RADAVSKY
                                              REGARDING PRIVILEGED
26                        Defendants.         DOCUMENTS

27          I, Cynthia A. Radavsky, declare:

28          1. I am employed in the position of Deputy Director of Long-Term Care Services with

Decl. of Cindy Radavsky Re: Privileged Documents

RECEIVED

OCT 2 9 2007

Rosen, Bien & Galvan

1  the Department of Mental Health (DMH) of the Health and Human Services Agency. I have

2  been employed by the Department of Mental Health since October 1995 and have held the

3  following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant

4  Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long

5  Term Care Services from 2006 to present.

6        2. I have personal knowledge of the facts stated in this declaration and if called to testify

7  upon those facts would do so competently.

8        3. In my position with DMH, I am familiar with the missions, policies, staffing, and

9  operations of each of the state hospitals. I am responsible for overseeing the inpatient care

10 provided to CDCR inmate-patients at Atascadero State Hospital, Coalinga State Hospital and

11 Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of

12 DMH programs within California Department of Correction and Rehabilitation (CDCR)

13 facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas

14 Valley Psychiatric Program at Salinas Valley State Prison.

15        4. I am responsible for ensuring DMH provides appropriate responses to and complies

16 with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in

17 preparing and developing Defendants' August 2007 mental health bed plan. I also participated in

18 the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range

19 Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of

20 December 2006. I am participated in the development of the pay parity plans approved by this

21 Court for DMH clinicians. I also participated in developing the DMH response to court orders

22 for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan

23 for Coalinga State Hospital. Each of these referenced documents have been filed with the

24 *Coleman* court and provided to counsel. I oversee the preparation and implementation of the

25 operating interagency agreements and memoranda of understanding between DMH and CDCR

26 to provide acute and intermediate care inpatient beds to CDCR inmates. Those interagency

27 documents and memoranda of understanding have been submitted to Special Master Keating and

28 Plaintiffs' counsel for review.

Decl. of Cindy Radavsky Re: Privileged Documents

2

1        5. I am also responsible for DMH's responses to other litigation matters, ranging from

2    habeas petitions filed by patients to the action brought by the United States Department of

3    Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the

4    CRIPA case).    6. I have reviewed Plaintiffs' Request for Production of Documents, Set

5    One, propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*,

6    Case No. CIV S90-0520 LKK JFM P, and *Plata v. Schwarzenegger*, Case No. C01-1351 TEH. I

7    am familiar with the documents generated by the Department of Mental Health which may be

8    responsive to Plaintiffs' requests. Certain items within those categories of documents are

9    privileged.

10        7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am

11    familiar with this agency's analysis, regulations, policies, practices, and procedures concerning

12    its involvement with prisons of the California Department of Corrections and Rehabilitation. In

13    addition, I am familiar with, and an instrumental participant in, development of such analysis,

14    policies and procedures. I am also familiar with the process associated with the derivation of

15    the budget and the development of draft budget change proposals for internal review and

16    revision and for ultimate submission to the Office of the Governor for final approval.

17        8. Policy, planning and procedural documents are drafted, revised, discussed, debated

18    and redrafted before finalization. Although the final product will be produced, DMH maintains

19    as privileged those drafts or other documents reflecting internal analysis, deliberation and

20    discussion prior to adoption of the final product. Such documents include patient planning

21    committee notes, draft budget change proposals, legal opinions prepared by in-house counsel for

22    DMH staff, legal memoranda prepared relative to ongoing litigation (such as this case and the

23    CRIPA case), position papers and draft cost summaries.

24        9. When requested, DMH takes an advisory role relative to treatment of CDCR inmate-

25    patients in advance of adoption of plans, policies and procedures. These functions are performed

26    on a continuing basis. In addition, modifications to policies and procedures may be developed

27    through self-evaluations conducted internally. Information gathered and derived for purposes of

28    policy planning and analysis is considered confidential and is maintained in a confidential

Decl. of Cindy Radavsky Re: Privileged Documents

1   manner. Finally, many of DMH's policies and procedures are derived based upon budgetary and

2   fiscal information for which the Governor has final approval.

3       10.  I have caused documents in the possession of DMH to be provided to counsel for the

4   Defendants in response to Plaintiffs' Request for Production of Documents, Set One.  These

5   documents include draft unadopted planning documents, budget change proposal packages,

6   associated e-mails, documents developed to activate internal debate and analysis, official

7   information which is not made available to the public, and communications with DMH's staff

8   attorneys and the Attorney General's Office regarding pending and anticipated litigation.

9       11.  Many documents provided to counsel for Defendants are pre-decisional and bear on

10  the formulation or exercise of DMH's judgment.  These materials were part of the deliberative

11  policy-making process which led to a final decision, or are leading to a future final decision,

12  regarding DMH's budget, policies, procedures and treatment of CDCR inmate-patients.  Such

13  documents include recommendations, draft documents, proposals, legal comments, and other

14  documents which reflect the personal opinion of the individual writers rather than the policy of

15  DMH.

16      12.  Many potentially responsive documents were derived from a complex set of

17  treatment considerations, judgments, projections, other rules and regulations, and the assessment

18  of possible solutions and recommendations.  As such, these documents are pre-decisional,

19  deliberative, and should be shielded from discovery because disclosure of the documents may

20  chill future beneficial discourse, self-evaluation and debate.  Furthermore, if individuals

21  working with or for DMH fear that deliberative materials will be made public, the release may

22  deter discussion and development of theories and ideas of benefit to the public.

23      I declare under penalty of perjury the foregoing is true and correct.

24      Executed on _____, 2007, in Sacramento, California.

25

26                        CYNTHIA A. RADAVSKY
                      Deputy Director, Long-Term Care Services
27                        Department of Mental Health

28  30046134.wpd
    SF2007200670

Decl. of Cindy Radavsky Re: Privileged Documents

4

1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    DAVID S. CHANEY
     Chief Assistant Attorney General
3    FRANCES T. GRUNDER
     Senior Assistant Attorney General
4    ROCHELLE C. EAST
     Supervising Deputy Attorney General
5    MISHA D. IGRA, State Bar No. 208711
     Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 324-5388
8    Fax: (916) 324-5205
     Email: Misha.Igra@doj.ca.gov
9

10    Attorneys for Defendants

**RECEIVED**

**OCT 2 9 2007**

**Rosen, Bien & Galvan**

11          IN THE UNITED STATES DISTRICT COURT

12         FOR THE EASTERN DISTRICT OF CALIFORNIA

13        AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17   RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
| 18                 Plaintiffs, | **THREE JUDGE COURT** |
| 19       v. | |
| 20   ARNOLD SCHWARZENEGGER, et al., | |
| 21               Defendants. | |
| 22   MARCIANO PLATA, et al., | No. C 01-1351 TEH |
| 23              Plaintiffs, | **THREE JUDGE COURT** |
| 24       v. | **DECLARATION OF** |
| 25   ARNOLD SCHWARZENEGGER, et al., | **VINCENT P. BROWN** |
| 26              Defendants. | **REGARDING PRIVILEGED DOCUMENTS** |

27      I, Vincent P. Brown, declare:

28        1.     I am the Chief Deputy Director of the California Department of Finance.

Decl. of Vincent P. Brown Re: Privileged Documents

1

1  In this role, my responsibilities include reviewing the Governor's Budget before its presentation

2  to the Legislature.

3      2. As delegated to me by the Director of Finance, I act for the Director as a member of

4  the Public Works Board and the Pooled Money Investment Board. The Department of Finance

5  also provides staff for both Boards. However, such entities are not parties to this litigation and,

6  therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy

7  Director of the California Department of Finance.

8      3. I have personal knowledge of the facts stated in this declaration and if called to testify

9  upon those facts would do so competently.

10     4. I have reviewed Plaintiffs' Request for Production of Documents, Set One,

11 propounded in the Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV

12 S90-0520 LKK JFM P, and *Plata v. Schwarzenegger,* C01-1351 TEH. I am familiar with the

13 documents generated by the Department of Finance which may be responsive to Plaintiffs'

14 requests. Certain items within those categories of documents are privileged.

15     5. In my capacity as Chief Deputy Director of the California Department of Finance, I

16 am familiar with the Department of Finance's analysis, policies, practices, and procedures

17 concerning its involvement with the State budget process. In addition, I am familiar with, and an

18 instrumental participant in, development of such analysis, policies, practices and procedures. I

19 am also familiar with the process associated with the development of the budget and the

20 development of draft budget change proposals by State agencies through an internal review

21 process, the review and analysis of those documents by the Department of Finance, and

22 subsequent revisions for ultimate submission to the Office of the Governor for final approval.

23     6. Policy, planning and procedural budget documents are drafted, revised, discussed,

24 debated and redrafted before finalization. Final budget documents have been produced in these

25 cases and will be provided in response to the Request for Production of Documents. In addition,

26 final budget documents are published on Defendants' website and so are equally available to

27 Plaintiffs. The Department of Finance maintains as privileged those documents reflecting

28 internal analysis, deliberation and discussion prior to adoption of the Governor's budget

Decl. of Vincent P. Brown Re: Privileged Documents

2

1  proposal, including: draft budget change proposals, forms containing internal analysis and

2  summation of submitted draft budget change proposals, conference committee notes, position

3  papers, internal communications and draft cost summaries.

4      7. The Department of Finance takes an advisory role relative to the budget in advance of

5  the appropriation of funds by the Legislature which supports the activities of, and the adoption

6  of, policies, procedures and practices for State agencies. The Department of Finance's activities

7  are performed on a continuing basis. Modifications to Department of Finance policies, practices

8  and procedures are developed through self-evaluations conducted internally. Information

9  gathered and derived for purposes of this process is considered confidential and is maintained in

10  a confidential manner. Finally, many of the Department of Finance's policies and procedures are

11  derived from budgetary and fiscal information for which the Governor has final approval.

12      8. Those privileged and non-privileged documents in the possession of the Department

13  of Finance that are responsive to Plaintiffs' Request for Production of Documents, have been

14  provided to Defendants' counsel. Those documents include briefing documents, agendas, draft

15  plans, draft budget change proposals, forms reflecting analysis of budget change proposals,

16  associated e-mails, official information which is not made available to the public,

17  communications with the Office of the Governor and with other Defendants' executive levels,

18  and communications with attorneys regarding pending and anticipated litigation.

19      9. Many documents provided to counsel for Defendants are pre-decisional and bear on

20  the formulation or exercise of the Department of Finance's fiscal policy-oriented judgment.

21  These materials were part of the deliberative policy-making process which led to a final

22  decision, or are leading to a future final decision, regarding budgetary policies which are the

23  basis for all governmental activities, procedures, regulations, and amendments. Such documents

24  include draft budget change proposals; analysis of such proposals; draft planning documents;

25  attorney work-product; communications with the Office of the Governor, other Defendants'

26  executive levels, and the Department of Finance's attorneys; and other documents which reflect

27  the professional opinions and suggestions of individuals rather than the policy of a particular

28  agency.

Decl. of Vincent P. Brown Re: Privileged Documents

1    10.  Many potentially responsive documents reflect complex calculations, judgments,

2    projections, the application of existing laws and regulations, and the assessment of possible

3    solutions and recommendations.  As such, these documents are pre-decisional, deliberative, and

4    should be shielded from discovery because disclosure of the documents may chill future

5    discourse, self-evaluation and critical analysis.   Furthermore, if individuals fear that deliberative

6    materials will be made public, it may deter discussion and development of theories and ideas of

7    benefit to the public.

8        I declare under penalty of perjury the foregoing is true and correct.

9        Executed on  October 25 , 2007, in Sacramento, California.

10

11        VINCENT P. BROWN
          Chief Deputy Director
12        California Department of Finance

13    30346053.wpd

14    SF2007200670

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Vincent P. Brown Re: Privileged Documents

4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 324-5388
8   Fax: (916) 324-5205
    Email: Misha.Igra@doj.ca.gov
9
   Attorneys for Defendants
10

**RECEIVED**

OCT 2 9 2007

Rosen, Bien & Galvan

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                      Plaintiffs, | **THREE JUDGE COURT** |
| 19        v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                      Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 23                      Plaintiffs, | **THREE JUDGE COURT** |
| 24        v. | **DECLARATION OF SCOTT** |
| 25  **ARNOLD SCHWARZENEGGER, et al.,** | **KERNAN REGARDING PRIVILEGED DOCUMENTS** |
| 26                      Defendants. | |

27      I, Scott Kernan, declare:

28      1. I am the Chief Deputy Secretary of Adult Operations for the California Department of

1  Corrections and Rehabilitation (CDCR). I have been employed by CDCR since 1983.

2         2. I declare the following of my own knowledge and, if called as a witness, would

3  competently testify to the following.

4         3. In my capacity as Chief Deputy Secretary of Adult Operations, I am responsible for

5  overseeing the management and operation of the adult correctional facilities within CDCR. I am

6  familiar with CDCR's regulations, policies, practices, and procedures concerning out-of-state

7  transfers, prison site selection, prison capacity and bed planning as well as rules, regulations,

8  policies and procedures regarding re-entry facilities and the prison parole system. In addition, I

9  am familiar with, and an instrumental participant in, development of such policies and

10  procedures.

11        4. I have reviewed Plaintiffs' Requests for Production of Documents propounded in the

12  Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM

13  P, and *Plata v. Schwarzenegger*, C01-1351 TEH. I am familiar with the documents generated by

14  this agency which may be responsive to Plaintiffs' requests. Certain items within those

15  categories of documents are privileged.

16        5. Plaintiffs' request for production number 24 seeks any all documents which refer or

17  relate to timetables for out of state transfers. I am familiar with those documents which were

18  prepared by a multidisciplinary team of attorneys, clinicians and correctional administrators

19  within CDCR. Defendants have already produced to Plaintiffs the activation schedules for out-

20  of-state transfers indicating dates and numbers of inmates to be transferred. Additional

21  information is available on CDCR's website. However, the disclosure of specific information

22  regarding from where, when and by what means individual inmates will be transferred out-of-

23  state raises grave security concerns for CDCR. As inmates are at times transported on public

24  roadways, the release of detailed information regarding these transports may place the inmates,

25  CDCR escort staff and the public at risk. Publication of security sensitive materials will threaten

26  the defendant's strong interest in preventing disclosure of information regarding security

27  procedures. For these reasons, some documents reflecting out-of-state transfer information will

28  not be disclosed. Defendants will provide descriptions of these privileged documents on

1 | Defendants' privilege log.

2        6. Documents reflecting architectural specifications, renderings, blueprints,

3 | infrastructure layout, building footprints, points of access and construction design details also

4 | implicate security concerns. Disclosure of such information would compromise prison security

5 | and could endanger staff, inmates and the public. For these reasons, these documents will not be

6 | disclosed. Defendants will provide descriptions of these privileged documents on Defendants'

7 | privilege log.

8        7. CDCR's policy, planning and procedural documents are drafted, revised, discussed,

9 | debated and redrafted before finalization. Finalized documents may address AB 900, sites, out-

10 | of-state transfers, beds, re-entry, parole and/or intake policies. Although the final product will

11 | be produced, many final documents have already been provided to Court and counsel in these

12 | cases and are equally available to Plaintiffs on CDCR's online website. However, CDCR

13 | maintains as privileged drafts or other documents reflecting internal analysis, deliberation and

14 | discussion prior to adoption of the final product.

15        8. CDCR's policies and procedures are derived and amended by committees of

16 | individuals who are assigned to evaluate or modify existing policies and procedures or derive

17 | new policies and procedures for this agency. Such policies address a wide array of issues,

18 | including security, housing, transfers and population management. Committees function on a

19 | continuing basis. In addition, policies and procedures and modifications thereto are developed

20 | through self-evaluations and audits conducted internally and in conjunction with other

21 | institutions. Information gathered and derived for purposes of policy planning and analysis is

22 | considered confidential and is maintained in a confidential manner. Finally, many of CDCR's

23 | policies and procedures are derived based upon budgetary and fiscal information for which the

24 | Governor and the Legislature have final approval.

25        9. I am also familiar with the process associated with the derivation of the budget and

26 | the development of draft budget change proposals for CDCR's internal review and revision

27 | which are submitted to the Department of Finance and ultimately submitted to the Office of the

28 | Governor for final approval.

Decl. of Scott Kernan re Privileged Documents

3

1  10. I have provided documents in the possession of CDCR to counsel for the Defendants

2  in response to Plaintiffs' Requests for Production of Documents. These documents include

3  Budget Change Proposal packages, associated e-mails, documents developed to prompt internal

4  debate and analysis, official information which is not made available to the public,

5  communications with the Office of the Governor and with other Defendants' executive levels,

6  and communications with CDCR's attorneys regarding proposed courses of action as well as

7  pending and anticipated litigation.

8  11. Many documents provided to counsel for Defendants are pre-decisional and bear on

9  the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of

10  the deliberative policy-making process which led to a final decision, or are leading to a future

11  final decision, regarding CDCR's policies, procedures, regulations, or amendments. Such

12  documents include recommendations, draft documents, proposals, analysis, legal comments, and

13  other documents which reflect the personal opinion of the individual writers rather than the

14  policy of CDCR.

15  12. Many potentially responsive documents were developed through complex analysis of

16  projections, rules and regulations, other State's endeavors, recommendations from staff and the

17  assessment of possible solutions and barriers. As such, these documents are pre-decisional,

18  deliberative, and should be shielded from discovery because disclosure of the documents may

19  chill future discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that

20  deliberative materials will be made public, it may deter discussion and development of beneficial

21  theories and ideas.

22  I declare under penalty of perjury the foregoing is true and correct.

23  Executed on ___10-25___, 2007, in Sacramento, California.

24

25  SCOTT KERNAN
   Chief Deputy Secretary of Adult Operations

26  California Department of Corrections and Rehabilitation

27  30346480.wpd

28  SF2007200670

Decl. of Scott Kernan re Privileged Documents

4

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ROCHELLE C. EAST
Supervising Deputy Attorney General
5 | MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6 | 1300 I Street, Suite 125
P.O. Box 944255
7 | Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8 | Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov
9 |
Attorneys for Defendants

**RECEIVED**

OCT 2 9 2007

*Rosen, Bien & Galvan*

10 |

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | AND THE NORTHERN DISTRICT OF CALIFORNIA

14 | UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15 | PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16 |

17 | **RALPH COLEMAN, et al.,**

18 |                                    Plaintiffs,

19 |          v.

20 | **ARNOLD SCHWARZENEGGER, et al.,**

21 |                                    Defendants.

2:90-cv-00520 LKK JFM P

**THREE JUDGE COURT**

22 | **MARCIANO PLATA, et al.,**

23 |                                    Plaintiffs,

24 |          v.

25 | **ARNOLD SCHWARZENEGGER, et al.,**

26 |                                    Defendants.

No. C 01-1351 TEH

**THREE JUDGE COURT**

**DECLARATION OF DOUG MCKEEVER REGARDING PRIVILEGED DOCUMENTS**

27 |      I, Doug McKeever, declare:

28 |      1. I am employed by the Division of Correctional Health Care Services for

1   the California Department of Corrections and Rehabilitation (CDCR).  From January 2005 to

2   October 2006,  I held the position of Project Director, and was responsible for the development

3   and preparation of projects arising from the Coleman v. Schwarzenegger litigation.  Since

4   October 2006, I have held the position of Director of Mental Health Services, with direct

5   oversight over the program and responsibility for policy development and implementation for the

6   statewide mental health program of the Division of Correctional Health Care Services.  In both

7   positions, I led a multi-agency work group dedicated to creating and implementing short-term,

8   interim, and long-range mental health bed plans.

9          2.  I have personal knowledge of the facts stated in this declaration and if called to testify

10  upon those facts would do so competently.

11         3.  In my capacity as Director of Mental Health Services, I am responsible for overseeing

12  the management and operation of the mental health services delivery system in California's

13  prisons.  I am familiar with CDCR's regulations, policies, practices, and procedures concerning

14  mental health bed plans, treatment and housing options; mental health services staff recruitment

15  and retention; and population projections for mentally ill inmates.  In addition, I am familiar

16  with, and an instrumental participant in, development of such policies and procedures.

17         4.  I have reviewed Plaintiffs' Requests for Production of Documents propounded in the

18  Three Judge Court proceeding involving *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM

19  P, and *Plata v. Schwarzenegger*, C01-1351 TEH.  I am familiar with the documents generated by

20  this agency which may be responsive to Plaintiffs' requests.  Certain items within those

21  categories of documents are privileged.

22         5.  Policy, planning and procedural documents for the mental health services delivery

23  system are drafted, revised, discussed, debated and redrafted before finalization.  Once finalized,

24  copies of many documents reflecting policies and procedures are routinely provided to Special

25  Master Keating, his staff and Plaintiffs' counsel.  Although final products will be produced,

26  CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation

27  and discussion prior to adoption of a final product.

28         6.  I participate in many committees which meet to develop ideas, evaluate options,

Decl. of Doug McKeever re Privileged Documents

2

1   analyze courses of action, review past performance, and provide feedback in the development of

2   policies and procedures affecting all aspects of the mental health services delivery system

3   including design, construction, programming, and clinical and custodial staffing.  These

4   functions are performed on a continuing basis.  Information gathered and derived for purposes of

5   policy planning and analysis is considered confidential and is maintained in a confidential

6   manner.  Finally, many policies and procedures affecting prison mental health services are

7   derived based upon budgetary and fiscal information for which the Governor and the Legislature

8   have final approval.

9       7.  I am also familiar with the process associated with the derivation of the budget and

10  the development of draft budget change proposals for CDCR's internal review and revision

11  which are submitted to the Department of Finance and ultimately submitted to the Office of the

12  Governor for final approval.

13      8.  I have provided documents in the possession of CDCR to counsel for the Defendants

14  in response to Plaintiffs' Requests for Production of Documents.  These documents include draft

15  bed plans, mental health population projections prepared by a litigation consultant, associated e-

16  mails, documents developed to activate creative brainstorming, internal debate and analysis,

17  official information which is not made available to the public, and communications with

18  CDCR's attorneys regarding proposed courses of action as well as pending and anticipated

19  litigation.  Such documents include recommendations, proposals, analysis, legal comments, and

20  other documents which reflect the personal opinion of the individual writers rather than the

21  policy of CDCR.

22      9.  Many documents provided to counsel for Defendants are pre-decisional and bear on

23  the formulation or exercise of CDCR's policy-oriented judgment.  These materials were part of

24  the deliberative policy-making process which led to a final decision, or are leading to a future

25  final decision, regarding CDCR's policies, procedures, regulations, or amendments

26      10.  Many potentially responsive documents were derived from a complex set of

27  judgments, projections, the study and evaluation of mental health treatment options, creative

28  recommendations and the assessment of possible solutions and barriers.  As such, these

Decl. of Doug McKeever re Privileged Documents

3

1 | documents are pre-decisional, deliberative, and should be shielded from discovery because

2 | disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

3 | analysis.   Furthermore, if individuals fear that deliberative materials will be made public, it may

4 | deter discussion and development of beneficial theories and ideas.

5 |     I declare under penalty of perjury the foregoing is true and correct.

6 | Executed on *October 25*, 2007, in Sacramento, California.

7 |

8 | DOUG MCKEEVER
Director of Mental Health Services
9 | California Department of Corrections and Rehabilitation

10 | 30347419.wpd

11 | SF2007200670

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Decl. of Doug McKeever re Privileged Documents

4