# EXHIBIT E

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   ROCHELLE C. EAST
    Supervising Deputy Attorney General
5   LISA A. TILMAN, State Bar No. 126424
    MISHA IGRA, State Bar No. 208711
6   Deputy Attorneys General
        1300 I Street, Suite 125
7       P.O. Box 944255
        Sacramento, CA 94244-2550
8       Telephone: (916) 324-5388
        Fax: (916) 324-5205
9       Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

RECEIVED

NOV 1 3 2007

Rosen, Bien & Galvan

10  Attorneys for Defendants

11              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF CALIFORNIA
12              AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
13          PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

14

15  RALPH COLEMAN, et al.,                    No.: Civ S 90-0520 LKK-JFM P

16          Plaintiffs,                        **THREE-JUDGE COURT**

17          vs.

18  ARNOLD SCHWARZENEGGER, et al.,

19          Defendants.

20  MARCIANO PLATA, et al.,                    No.: C01-1351 THE

21          Plaintiffs,                        **THREE-JUDGE COURT**
            vs.
22
23  ARNOLD SCHWARZENEGGER, et al.,             **DEFENDANTS' RESPONSE TO
                                               PLAINTIFF COLEMAN'S FIRST
24          vs.                                REQUEST FOR PRODUCTION OF
                                               DOCUMENTS**
            Defendants
25

26  PROPOUNDING PARTY:   PLAINTIFF RALPH COLEMAN

27  RESPONDING PARTIES:  DEFENDANTS TILTON, MAYBERG, GENEST,

28                       SCHWARZENEGGER

1   SET NO.:                    ONE

2                    **DEFINITIONS**

3        In construing these discovery responses, the following definitions shall apply:

4        1.      "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named

5   plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.)

6   (*Coleman*).

7        2.      "DEFENDANTS" shall mean each of the named defendants in the case of

8   *Coleman* v. *Schwarzenegger*, including James Tilton in his official capacity on behalf of the

9   California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his

10  official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his

11  official capacity on behalf of the Department of Finance (DOF), and the Governor.

12       3.      "PROCEEDING" shall mean the three-judge panel proceeding convened under 28

13  U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

14  **OVERALL OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS**

15       1.      DEFENDANTS objects to Plaintiffs' definition of a California Department of

16  Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units

17  within Department of Mental Health (DMH) facilities that house CDCR prisoners.

18  (Interrogatories, p. 2.) That definition mischaracterizes the role of DMH as a provider of housing

19  for incarcerated inmates. DMH's true role is defined by California Penal Code section 2684 as a

20  provider of inpatient mental health treatment to CDCR inmate-patients. Further, that definition

21  erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed

22  DMH as a provider of housing for incarcerated inmates. DEFENDANTS will interpret the terms

23  "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the

24  jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to

25  California Penal Code section 5054.

26       2.      DEFENDANTS object that the discovery seeks INFORMATION that is neither

27  relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   discovery of admissible evidence. PLAINTIFFS have refused to identify what if any claims they

2   will be asserting in the PROCEEDING. Consequently, DEFENDANTS object that the discovery

3   requires DEFENDANTS to speculate what claims may or may not be asserted by PLAINTIFFS.

4          3.      DEFENDANTS object that the requests seek information equally available to

5   PLAINTIFFS, and are overbroad and unduly burdensome. In accordance with the *Coleman* and

6   *Plata* remedial orders, PLAINTIFFS receive monthly and other regular document productions as

7   well as other discovery from DEFENDANTS and the Receiver appointed in *Plata*.

8          4.      DEFENDANTS state that PLAINTIFFS are already in possession of

9   DEFENDANTS' filed plans for the provision of mental health care beds, for the recruitment and

10  retention of staffing for those mental health beds, and for the implementation of appropriate

11  mental health care in those beds. DEFENDANTS assert the deliberative process privilege to all

12  information sought or contained in drafts of those *Coleman* plans, all drafts of any budget

13  proposals to fund those plans, and inter- and intra-Defendants' emails concerning those plans.

14         5.      Given the shortened time for DEFENDANTS' responses to this discovery,

15  DEFENDANTS hereby reserve the right to supplement these responses at a later date.

16         6.      DEFENDANTS object that the discovery is unduly burdensome to the extent it

17  requires DEFENDANTS to produce source codes, meta-data, and data in a DII format.

18  DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a

19  DAT Opticon format.

20         7.      DEFENDANTS object that the discovery is unduly burdensome and overbroad to

21  the extent it requires DEFENDANTS to obtain electronic and paper documents from potentially

22  hundreds of individuals. DEFENDANTS have identified a core group of individuals that are

23  likely to possess information most relevant to PLAINTIFFS' requests. Consequently,

24  DEFENDANTS have obtained reasonably accessible electronic and paper documents from these

25  individuals only and will not be subsequently expanding this search. The reasonably accessible

26  electronic and paper documents obtained by DEFENDANTS do not include information

27  contained on backup tapes or legacy data contained on systems that are no longer utilized.

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    8.    DEFENDANTS object to the place of production specified in the discovery.

2  DEFENDANTS will produce any non-privileged, responsive DOCUMENTS at the California

3  Attorney General's Office located at 455 Golden Gate Avenue in San Francisco, California.

4  Additionally, any production shall be in accordance with a rolling production schedule agreed to

5  by the parties and/or ordered by the Court.

6    9.    DEFENDANTS object that the discovery seeks DOCUMENTS outside of

7  DEFENDANTS' custody and control.  To the extent the discovery seeks information within the

8  custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct said

9  discovery to the Receiver and not DEFENDANTS.

10    10.    To the extent any request seeks documents prepared, created, or generated by the

11  Office of the Inspector General, DEFENDANTS object to the discovery of such documents on

12  the basis of the official information privilege and on the basis of the right to privacy in medical,

13  mental health, and personnel matters. Non-privileged reports of the Office of the Inspector

14  General are available on its public web site.

15    **RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION**

16  REQUEST NO. 1:

17    All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

18  implementation of the Court-ordered Revised Program Guide.

19  RESPONSE TO REQUEST NO. 1:

20    DEFENDANTS object that this request seeks information protected from disclosure by

21  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

22  critical analysis privilege, and official information privilege.

23    Subject to and without waiving the foregoing objections, DEFENDANTS respond as

24  follows: PLAINTIFFS have already been provided documents and reports concerning the

25  implementation of the Revised Program Guide, including and not limited to: (a) draft and final

26  budget change proposal and other funding documents held by and released by the Department of

27  Finance in accord with the August 2006 court order; (b) Health Care Services Division's monthly

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  report on staffing, census and recruitment matters related to the implementation of the Revised

2  Program Guide; (c) written and oral reports on the implementation of the Revised Program Guide

3  submitted to Special Master Keating and Plaintiffs' counsel, such as training materials and

4  videos, memos to the field on the Revised Program Guide overall as well as specific subjects

5  within the Revised Program Guide, including cardiopulmonary resuscitation, psychiatrist

6  competency, referral criteria and rates; (d) ongoing monitoring tours of the institutions.

7  Additional responsive and non-privileged materials will be provided.

8  REQUEST NO.2:

9       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to  limitations

10  or modifications of mental health programming, services, or treatment from Revised Program

11  Guide standards at any CDCR PRISON or housing unit for any reason during the RELEVANT

12  TIME PERIOD.

13  RESPONSE TO REQUEST NO. 2:

14       DEFENDANTS object that this request seeks information protected from disclosure by

15  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

16  critical analysis privilege, and official information privilege.  Further, the request is vague and

17  compound regarding modifications and limitations of programs.  The request appears duplicative

18  of request number 1.

19       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

20  follows: PLAINTIFFS have already been provided documents and reports concerning mental

21  health programming, services or treatment under the Revised Program Guide, including and not

22  limited to:  (a) draft and final budget change proposal and other funding documents held by and

23  released by the Department of Finance in accord with the August 2006 court order; (b) Health

24  Care Services Division's monthly report on staffing, census and recruitment matters related to

25  the implementation of the Revised Program Guide; (c) written and oral reports on the

26  implementation of the Revised Program Guide submitted to Special Master Keating and

27  Plaintiffs' counsel, such as training materials and videos, memos to the field on the Revised

28

1  Program Guide overall as well as specific subjects within the Revised Program Guide, including

2  cardiopulmonary resuscitation, psychiatrist competency, referral criteria and rates; (d) ongoing

3  monitoring tours of the institutions. Additional responsive and non-privileged materials will be

4  provided.

5  REQUEST NO. 3:

6       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations

7  or modifications of vocational or educational programming in any CDCR PRISON or housing

8  unit for any reason during the RELEVANT TIME PERIOD.

9  RESPONSE TO REQUEST NO. 3:

10       DEFENDANTS object that this request seeks information protected from disclosure by

11  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12  critical analysis privilege, and official information privilege. Further, this information is equally

13  available to Plaintiffs.  The request is impermissibly duplicative of discovery in *Hecker v.*

14  *Schwarzenegger.*

15       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

16  follows: Plaintiffs have already been provided documents and reports concerning the

17  implementation vocational and education programming, including and not limited to:  (a) draft

18  and final budget change proposal and other funding documents held by and released by the

19  Department of Finance in accord with the August 2006 court order; (b) Health Care Services

20  Division's monthly report on staffing, census and recruitment matters related to the

21  implementation of the Revised Program Guide; (c) written and oral reports on the

22  implementation of vocational and educational programming submitted to Special Master Keating

23  and Plaintiffs' counsel, such as memos to the field; (d) revisions to the Revised Program Guide

24  policies and procedures to address this issue; (e) ongoing monitoring tours of the institutions.

25  Additional responsive and non-privileged materials will be provided.

26  / / /

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 4:

2      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to limitations

3  or modifications of recreation or yard time at any CDCR prison or housing unit for any reason

4  during the RELEVANT TIME PERIOD.

5  RESPONSE TO REQUEST NO. 4:

6      DEFENDANTS object that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

8  critical analysis privilege, and official information privilege. Further, this information is equally

9  available to Plaintiffs.   The request is impermissibly duplicative of discovery in *Hecker v.*

10 *Schwarzenegger*.

11      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

12 follows: Plaintiffs have already been provided documents and reports concerning the limitations

13 or modifications of recreation or yard time, including and not limited to: (a) draft and final

14 budget change proposal and other funding documents held by and released by the Department of

15 Finance in accord with the August 2006 court order; (b) Health Care Services Division's monthly

16 report on staffing, census and recruitment matters related to the implementation of the Revised

17 Program Guide; (c) written and oral reports on the implementation of the Revised Program Guide

18 submitted to Special Master Keating and Plaintiffs' counsel; (d) any documents gathered by

19 Plaintiffs' counsel during ongoing monitoring tours of the institutions; (e) Defendants' filed

20 October 2006 plan to reduce suicide trends in administrative segregation units by increasing yard

21 availability and by allowing electronic appliances, with accompanying memos to the field, and

22 with filed December 2006 supplement to plan and supporting declarations; (f) Defendants' filed

23 request for an extension of time, with supporting declaration of Deborah Hysen, to submit a plan

24 to create additional small management yards and the final filed plan.  Additional responsive and

25 non-privileged materials will be provided.

26 / / /

27 / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 5:

2       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for

3  additional resources (including but not limited to beds, treatment and office space, clinical and

4  custody staff, training, computers, or transportation) necessary to deliver constitutionally

5  adequate mental health care as set forth in the Court-approved Revised Program Guide to

6  PLAINTIFFS.

7  RESPONSE TO REQUEST NO. 5:

8       DEFENDANTS object that this request seeks information protected from disclosure by

9  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege. Further, this information is equally

11  available to Plaintiffs.  This request is overly burdensome and duplicative of request number one.

12       Subject to and without waiving the foregoing objections, DEFENDANTS respond as

13  follows: Plaintiffs have already been provided documents and reports concerning the

14  implementation of the Revised Program Guide, including and not limited to: (a) draft and final

15  budget change proposal and other funding documents held by and released by the Department of

16  Finance in accord with the August 2006 court order; (b) Health Care Services Division's

17  monthly report on staffing, census, and recruitment matters related to the implementation of the

18  Revised Program Guide; (c) written and oral reports on the implementation of the Revised

19  Program Guide submitted to Special Master Keating and Plaintiffs' counsel, such

20  as training materials and videos, memos to the field on the Revised Program Guide overall as

21  well as specific subjects within the Revised Program Guide, including cardiopulmonary

22  resuscitation, psychiatrist competency, referral criteria and rates; (d) any documents gathered by

23  Plaintiffs' counsel during ongoing monitoring tours of the institutions; (e) proposed coordination

24  items submitted to Special Master Lopes and Plaintiffs' counsel; (f) coordination minutes from

25  the *Plata/Coleman* courts.  Additional responsive and non-privileged materials will be provided.

26  ///

27  ///

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 6:

2      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the need for

3  additional treatment space or offices to deliver adequate mental health care to PLAINTIFFS as

4  set forth in the Court-approved Revised Program Guide, including but not limited to evaluations

5  undertaken in connection with the November 13, 2006 memorandum from Peter Farber-

6  Szekrenyi and John Dovey regarding "Mental Health Services Delivery System Program Guide

7  Implementation."

8  RESPONSE TO REQUEST NO. 6:

9      DEFENDANTS object that this request seeks information protected from disclosure by

10  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11  critical analysis privilege, and official information privilege. Further, this information is equally

12  available to Plaintiffs.

13      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

14  follows: Plaintiffs have already been provided documents and reports concerning the additional

15  treatment space or offices necessary to implement the Revised Program Guide, including and not

16  limited to: (a) draft and final budget change proposals and other funding documents held by and

17  released by the Department of Finance in accord with the August 2006 court order; (b) any

18  documents gathered during ongoing attorney-participation monitoring tours of the institutions;

19  (c) written and oral reports on the treatment space or offices necessary to implement the Revised

20  Program Guide which were submitted to Special Master Keating and Plaintiffs' counsel before,

21  during and after Policy Meetings, such as construction charts; (d) proposed coordination items

22  submitted to Special Master Lopes and Plaintiffs' counsel; (e) coordination minutes from the

23  Plata/Coleman courts.  Additional responsive and non-privileged materials will be provided,

24  including the workload study.

25  / / /

26  / . / /

27  / . / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 7:

2        ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

3  RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

4  recommendations for reducing or limiting the prison population summarized by the CDCR

5  Expert Panel on Adult Offender Reentry and Recidivism Reduction Programs in its June 29,

6  2007 Report at Appendix A (page 77).

7  RESPONSE TO REQUEST NO. 7:

8        DEFENDANTS object that this request seeks information protected from disclosure by

9  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege.  Further, this information is equally

11  available to Plaintiffs.  The request is impermissibly duplicative of discovery in *Hecker v.*

12  *Schwarzenegger.*

13        Subject to and without waiving the foregoing objections, DEFENDANTS respond that

14  any non-privileged responsive documents will be produced.

15  REQUEST NO. 8:

16        ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

17  RELEVANT TIME PERIOD that REFER or RELATE to YOUR consideration of the

18  recommendations for reducing or limiting the prison population summarized by the Little Hoover

19  Commission in its January 25, 2007 Report at Appendix D (page 61).

20  RESPONSE TO REQUEST NO. 8:

21        DEFENDANTS object that this request seeks information protected from disclosure by

22  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

23  critical analysis privilege, and official information privilege.

24        Subject to and without waiving the foregoing objections, DEFENDANTS respond any

25  non-privileged responsive documents will be produced.

26  ///

27  ///

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 9:

2      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

3  RELEVANT TIME PERIOD that REFER or RELATE to the staffing, office space or treatment

4  space necessary to provide mental health crisis care to PLAINTIFFS.

5  RESPONSE TO REQUEST NO. 9:

6      DEFENDANTS object that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

8  critical analysis privilege, and official information privilege. Further, this information is equally

9  available to Plaintiffs and duplicative of request number one.

10      Subject to and without waiving the foregoing objections, DEFENDANTS respond that

11  any non-privileged, responsive documents will be produced.

12  REQUEST NO. 10:

13      ALL DOCUMENTS OR COMMUNICATIONS created, exchanged or made during the

14  RELEVANT TIME PERIOD that REFER or RELATE to the placement or existence of prisoners

15  on the MHSDS caseload in NON-TRADITIONAL BEDS.

16  RESPONSE TO REQUEST NO. 10:

17      DEFENDANTS object that this request seeks information protected from disclosure by

18  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19  critical analysis privilege, and official information privilege. Further, this information is equally

20  available to Plaintiffs and duplicative of request for production number one.

21      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

22  follows: Plaintiffs have already been provided documents and reports concerning the housing of

23  Mental Health Services Delivery System members, including and not limited to: (a) draft and

24  final budget change proposal and other funding documents held by and released by the

25  Department of Finance in accord with the August 2006 court order; (b) Health Care Services

26  Division's monthly report on staffing, census and recruitment matters related to the

27  implementation of the Revised Program Guide; (c) written and oral reports on the

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

11

1    implementation of the Revised Program Guide submitted to Special Master Keating and

2    Plaintiffs' counsel, including census, staffing, utilization and referral data on mental health crisis

3    beds and any memos to the field on such beds; (d) any documents obtained by Plaintiffs during

4    their ongoing monitoring tours of the institutions; (e) Defendants filed intermediate and long-

5    term bed plans filed since March 2006.  Any additional responsive and non-privileged materials

6    will be provided.

7    REQUEST NO. 11:

8          ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

9    with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the

10   capacities of CDCR PRISONS and housing units, including but not limited to permanent housing

11   capacity, NON-TRADITIONAL HOUSING capacity, and budgeted capacity.

12   RESPONSE TO REQUEST NO. 11:

13         DEFENDANTS object that this request seeks information protected from disclosure by

14   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

15   critical analysis privilege, and official information privilege. Further, this information is equally

16   available to Plaintiffs.  Because this request is not limited to *Coleman* caseload members, the

17   request exceeds Plaintiffs' standing as class representatives, violates the non-caseload members'

18   right to privacy, and is not likely to lead to admissible evidence.  Further, the request is overly

19   burdensome.  Without waiving said objections, Defendants state those documents addressing

20   *Coleman* inmate-patients that are responsive and non-privileged materials will be provided.

21   REQUEST NO. 12:

22         ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

23   with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the

24   populations of CDCR PRISONS and housing units, including but not limited to the number of

25   inmates by custody level, reception center, general population, administrative segregation units,

26   behavior management units, CCCMS, EOP, and psychiatric services units.

27   / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  RESPONSE TO REQUEST NO. 12:

2      DEFENDANTS object that this request seeks information protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4  critical analysis privilege, and official information privilege. Because this request is not limited

5  to *Coleman* caseload members, the request exceeds Plaintiffs' standing as class representatives,

6  violates the non-caseload members' right to privacy, and is not likely to lead to admissible

7  evidence. Further, the request is overly burdensome. Without waiving said objections,

8  Defendants state those responsive and non-privileged COMPSTAT documents addressing

9  *Coleman* inmate-patients will be provided.

10 REQUEST NO. 13:

11     ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

12 with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to the

13 number of lockdown/modified programs during the reporting periods.

14 RESPONSE TO REQUEST NO. 13:

15     DEFENDANTS object that this request seeks information protected from disclosure by

16 the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

17 critical analysis privilege, and official information privilege. Because this request is not limited

18 to *Coleman* caseload members, the request exceeds Plaintiffs' standing as class representatives,

19 violates the non-caseload members' right to privacy, and is not likely to lead to admissible

20 evidence. Further, the request is overly burdensome. Without waiving said objections,

21 Defendants state those responsive and non-privileged COMPSTAT documents addressing

22 *Coleman* inmate-patients will be provided.

23 REQUEST NO. 14:

24     ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

25 with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

26 attempted suicides and suicides.

27 ///

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  RESPONSE TO REQUEST NO. 14:

2      DEFENDANTS object that this request seeks information protected from disclosure by

3  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

4  critical analysis privilege, and official information privilege. Further, this information is equally

5  available to Plaintiffs. Because this request is not limited to completed suicides, the request is

6  overbroad and exceeds the jurisdiction of this case. The request exceeds Plaintiffs' standing as a

7  representative of the certified *Coleman* class and so violates the non-caseload members' right to

8  privacy. The request seeks data on attempted suicides, and so is not likely to lead to admissible

9  evidence. Further, the request is overly burdensome.

10     Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11  follows: Defendants state those COMPSTAT documents addressing completed suicides that are

12  responsive and non-privileged materials will be provided.

13  REQUEST NO. 15:

14     ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

15  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

16  inmate appeals, including total appeals, overdue appeals, appeals per 100 inmates, and inmate

17  appeals broken down by category.

18  RESPONSE TO REQUEST NO. 15:

19     DEFENDANTS object that this request seeks information protected from disclosure by

20  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

21  critical analysis privilege, and official information privilege. To the extent this request is not

22  limited to the appeals of *Coleman* caseload members regarding their mental health care, the

23  request exceeds Plaintiff's standing as a representative of a certified class of Coleman caseload

24  members, violates the non-caseload members' right to privacy, and is not likely to lead to

25  admissible evidence. The request exceeds the jurisdiction of this case. Further, the request is

26  overly burdensome. Without waiving said objections, Defendants state responsive and non-

27  privileged COMPSTAT materials concerning *Coleman* class members and their appeals of

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   mental health care, if any, will be provided.

2   REQUEST NO. 16:

3       ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

4   with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

5   educational programs, vocational programs, and inmate work assignments, including capacity,

6   enrollment, and waitlist.

7   RESPONSE TO REQUEST NO. 16:

8       DEFENDANTS object that this request seeks information protected from disclosure by

9   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

10  critical analysis privilege, and official information privilege. Further, this information is equally

11  available to Plaintiffs.  The request is duplicative of discovery in *Hecker v.*

12  *Schwarzenegger.* To the extent this request is not limited to the educational programs, vocational

13  programs and inmate work assignments of *Coleman* caseload members, the request exceeds

14  Plaintiff's standing as a representative representative of a certified class of *Coleman* caseload

15  members, violates the non-caseload members' right to privacy, and is not likely to lead to

16  admissible evidence.  The request exceeds the jurisdiction of this case.  Further, the request is

17  overly burdensome.   Without waiving said objections, Defendants state responsive and non-

18  privileged COMPSTAT materials concerning *Coleman* class members and their educational

19  programs, vocational programs and inmate work assignments, if any, will be provided.

20  REQUEST NO. 17:

21      ALL DOCUMENTS that are periodic or monthly reports produced for, in conjunction

22  with, or by COMPSTAT during the RELEVANT TIME PERIOD that REFER or RELATE to

23  personnel vacancies, including budgeted positions, filled positions, and true vacancy totals for

24  custody, education, medical and mental health, support staff, and management.

25  RESPONSE TO REQUEST NO. 17:

26      DEFENDANTS object that this request seeks information protected from disclosure by

27  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  critical analysis privilege, and official information privilege. Further, this information is equally

2  available to Plaintiffs.  This request is not limited to documents concerning the staffing necessary

3  to provide constitutionally adequate mental health care. Because the request seeks documents

4  relating to personnel vacancies for the staffing of medical, custody, education, support and

5  management positions across CDCR, the request exceeds Plaintiff's standing as a representative

6  of the certified *Coleman* class and is not likely to lead to admissible evidence.  The request

7  exceeds the jurisdiction of this case.  Further, the request is overly burdensome.

8        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

9  follows: Responsive and non-privileged COMPSTAT materials concerning the personnel

10  vacancies for the provision of constitutionally adequate mental health care to *Coleman* class

11  members, if any, will be provided

12  REQUEST NO. 18:

13        All DOCUMENTS that REFER or RELATE TO the counting and/or business rules for

14  COMPSTAT reports for the CDCR Division of Adult Institutions.

15  RESPONSE TO REQUEST NO. 18:

16        DEFENDANTS object that this request seeks information protected from disclosure by

17  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

18  critical analysis privilege, and official information privilege.  This request is not limited to

19  documents concerning the provision of constitutionally adequate mental health care and so

20  exceeds Plaintiff's standing as a representative of the certified *Coleman* class and is not likely to

21  lead to admissible evidence.  The request exceeds the jurisdiction of this case.  Further, the

22  request is overly burdensome.

23        Subject to and without waiving the foregoing objections, DEFENDANTS respond as

24  follows: Responsive and non-privileged COMPSTAT materials concerning the counting and/or

25  business rules for COMPSTAT report involving the provision of constitutionally adequate

26  mental health care to *Coleman* class members, if any, will be provided.

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 19:

2      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

3  RELEVANT TIME PERIOD that REFER or RELATE to studies performed or commissioned by

4  YOU regarding the effects of crowding or overcrowding on PLAINTIFFS or prisoners with

5  mental illness.

6  RESPONSE TO REQUEST NO. 19:

7      DEFENDANTS object that this request seeks information protected from disclosure by

8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9  critical analysis privilege, and official information privilege.  This request is not limited to

10  documents concerning the impact of population on *Coleman* class members and so exceeds

11  Plaintiff's standing as a representative of the certified class of *Coleman* caseload members and is

12  not likely to lead to admissible evidence.  The request exceeds the jurisdiction of this case.

13  Further, the request is overly burdensome.  The request is vague as to the term crowding and so

14  Defendants will interpret the term to address the overall CDCR population.

15      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

16  follows:  Responsive and non-privileged materials concerning the impact of the overall

17  population of CDCR on *Coleman* class members, if any, will be provided.

18  REQUEST NO. 20:

19      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

20  RELEVANT TIME PERIOD that REFER or RELATE to community treatment or community

21  beds for prisoners or parole violators with mental illness.

22  RESPONSE TO REQUEST NO. 20:

23      DEFENDANTS object that this request seeks information protected from disclosure by

24  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

25  critical analysis privilege, and official information privilege. Further, this information is equally

26  available to Plaintiffs in that any contracts for such beds are public records. To the extent

27  Plaintiffs' counsel in *Valdivia v. Schwarzenegger* were provided with documentation in in the

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   context of that case concerning Defendants obtaining community based treatment beds as part of

2   remedial sanctions, those same Plaintiffs' counsel here already have such documentation. This

3   request impermissibly seeks discovery concerning community treatment beds for both inmates

4   and parolees. Because this request is not limited to documents concerning community treatment

5   beds or community beds for *Coleman* class members who are inmates of CDCR, the request

6   exceeds Plaintiff's standing as a representative of the certified class of *Coleman* caseload

7   members who are inmates of CDCR and is not likely to lead to admissible evidence. The request

8   exceeds the scope/jurisdiction of this case. Further, the request is overly burdensome.

9           Subject to and without waiving the foregoing objections, DEFENDANTS respond as

10  follows: Responsive and non-privileged materials concerning community treatment beds for

11  *Coleman* class members who are inmates of CDCR, if any, will be provided.

12  REQUEST NO. 21:

13          ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to

14  the provision of yard or exercise time to *COLEMAN* CLASS MEMBERS during the

15  RELEVANT TIME PERIOD.

16  RESPONSE TO REQUEST NO. 21:

17          DEFENDANTS object that this request seeks information protected from disclosure by

18  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

19  critical analysis privilege, and official information privilege. Further, this information is equally

20  available to Plaintiffs.

21          Subject to and without waiving the foregoing objections, DEFENDANTS respond as

22  follows: Responsive and non-privileged documents concerning the provision of yard or exercise

23  time to *Coleman* class members have already been provided, including Defendants' plan to

24  reduce suicide trends in administrative segregation units, Defendants' small management yard

25  plan, and Special Master Keating's reports on both plans.  Any additional non-privileged and

26  responsive documents will be provided.

27  //

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 22:

2      ALL DOCUMENTS and COMMUNICATIONS  that REFER or RELATE to the use of

3  alternative sites to licensed mental health crisis beds for prisoners in need of crisis beds or

4  suicide precautions, including but not limited to outpatient housing units (OHUs), mental health

5  outpatient housing units (MOHUs) and holding cells, during the RELEVANT TIME PERIOD.

6  RESPONSE TO REQUEST NO. 22:

7      DEFENDANTS object that this request seeks information protected from disclosure by

8  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

9  critical analysis privilege, and official information privilege.

10      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

11  follows: Responsive and non-privileged materials concerning the use of alternative sites to

12  licensed mental health crisis beds have already been provided, including certain Division of

13  Health Care Services Division memoranda to the field, Defendants' plan to reduce suicide trends

14  in administrative segregation units, Defendants' bed plans and Special Master Keating's reports

15  on those plans.  Any additional non-privileged and responsive documents will be provided.

16  REQUEST NO. 23:

17      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE  to the use of

18  or referral to mental health crisis beds for inmates not previously identified on the MHSDS

19  caseload during the RELEVANT TIME PERIOD.

20  RESPONSE TO REQUEST NO. 23:

21      DEFENDANTS object that this request seeks information protected from disclosure by

22  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

23  critical analysis privilege, and official information privilege. Further, this information is equally

24  available to Plaintiffs.  The request violates non-caseload members' right to privacy.

25      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

26  follows: Responsive and non-privileged materials concerning the use of alternative sites to

27  licensed mental health crisis beds have already been provided, including Defendants' plan to

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  reduce suicide trends in administrative segregation units, Defendants' monthly reports to Special

2  Master Keating and Plaintiffs' counsels,  Defendants' bed plans and Special Master Keating's

3  reports on those plans.

4  REQUEST NO. 24:

5      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the number

6  of CCCMS, EOP or other COLEMAN CLASS MEMBERS housed in Reception Centers during

7  the RELEVANT TIME PERIOD.

8  RESPONSE TO REQUEST NO. 24:

9      DEFENDANTS object that this request seeks information protected from disclosure by

10  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

11  critical analysis privilege, and official information privilege.

12      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

13  follows: Defendants state that any non-privileged and responsive documents showing that sought

14  data will be provided.

15  REQUEST NO. 25:

16      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR or

17  the CDCR's ability to transfer CCCMS and EOP inmates out of Reception Centers according to

18  the timeframes established in the Revised Program Guide (60 days for EOP and 90 days for

19  CCCMS).

20  RESPONSE TO REQUEST NO. 25:

21      DEFENDANTS object that this request seeks information protected from disclosure by

22  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

23  critical analysis privilege, and official information privilege. Further, this information is equally

24  available to Plaintiffs.

25      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

26  follows: Documents showing that sought data has already been provided in the form of

27  Defendants' plan to provide Enhanced Outpatient Program care in Reception (EOP in

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Reception Plan) and in the form of the CDCR-HCSD monthly reports. To the extent Defendants

2    are preparing an enhancement of the EOP in Reception Plan in response to the *Coleman* court's

3    October 3, 2007 recent order, that pending work is subject to the deliberative process privilege

4    and the drafts, if any, of the original plan are subject to the same privilege. Any responsive, non-

5    privileged documents will be produced.

6    REQUEST NO. 26:

7         All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

8    implementation of Court-ordered mental health care programs in Reception Centers during the

9    RELEVANT TIME PERIOD.

10   RESPONSE TO REQUEST NO. 26:

11        DEFENDANTS object that this request seeks information protected from disclosure by

12   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

13   critical analysis privilege, and official information privilege. Further, this information is equally

14   available to Plaintiffs.

15        Documents showing that sought data has already been provided in the form of Defendants

16   plan to provide Enhanced Outpatient Program care in Reception (EOP in Reception Plan) and in

17   the form of the CDCR-HCSD monthly reports. To the extent Defendants are preparing an

18   enhancement of the EOP in Reception Plan in response to the *Coleman* court's October 3, 2007

19   order, that pending work is subject to the deliberative process privilege and the drafts, if any, of

20   the original plan are subject to the same privilege. Any responsive, non-privileged documents

21   will be produced.

22   REQUEST NO. 27:

23        All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to actions,

24   programs, policies, or procedures that YOU have adopted since October 2006 that YOU contend

25   will limit or reduce the number of *COLEMAN* CLASS MEMBERS housed in CDCR PRISONS.

26   RESPONSE TO REQUEST NO. 27:

27        DEFENDANTS object that this request seeks information protected from disclosure by

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

2  critical analysis privilege, and official information privilege.

3      Subject to and without waiving the foregoing objections, DEFENDANTS respond as

4  follows: Any responsive, non-privileged documents will be produced.

5  REQUEST NO. 28:

6      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

7  original determination of MHSDS (EOP, CCCMS, MHCB) housing capacity for each CDCR

8  PRISON housing unit at the time when the MHSDS housing capacity was first created.

9  RESPONSE TO REQUEST NO. 28:

10      DEFENDANTS object that this request seeks information protected from disclosure by

11  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-

12  critical analysis privilege, and official information privilege. This request is overbroad by

13  seeking documents since the creation of Mental Health Services Delivery System housing. The

14  request is vague as to the terms 'housing unit' and 'original stated capacity' for *Coleman* class

15  members. Indeed, certain prisons were built before the commencement and/or completion of the

16  *Coleman* lawsuit and so the term original stated capacity for housing *Coleman* inmates is vague,

17  ambiguous and essentially inapplicable to those prisons. Further, the information responsive to

18  this interrogatory is equally available to Plaintiffs from the (a) inspection tours undertaken prior

19  to trial, (b) the monitoring tours provided since the inception of the remedial process and

20  continuing to date, (c) the Health Care Services Division's monthly reports to the Special Master,

21  (d) the staffing, construction and funding reports provided at semi-annual meetings with the

22  Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).

23  REQUEST NO. 29:

24      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

25  CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

26  CDCR PRISON housing unit over the past five years.

27  //

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    RESPONSE TO REQUEST NO. 29:

2         DEFENDANTS object that this request seeks information protected from disclosure by the

3    attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

4    analysis privilege, and official information privilege.  This request is overbroad by providing a five-

5    year time period for production. Certain prisons were built before the commencement and/or

6    completion of the *Coleman* lawsuit and so the term 'stated capacity' for housing *Coleman* inmates

7    is vague, ambiguous and essentially inapplicable to those prisons.   Further, the information

8    responsive to this interrogatory is equally available to Plaintiffs from the (a) inspection tours

9    undertaken prior to trial, (b) the monitoring tours provided since the inception of the remedial

10   process and continuing to date, (c) the Health Care Services Division's monthly reports to the

11   Special Master, (d) the staffing, construction and funding reports provided at semi-annual meetings

12   with the Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).

13   REQUEST NO. 30:

14        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

15   CDCR's stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each

16   CDCR PRISON housing unit over the past five years.

17   RESPONSE TO REQUEST NO. 30:

18        DEFENDANTS object that this request seeks information protected from disclosure by the

19   attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

20   analysis privilege, and official information privilege.  This request is overbroad by providing a five-

21   year time period for production. The term 'stated capacity' for housing *Coleman* inmates is vague,

22   ambiguous. The non-privileged information responsive to this interrogatory is equally available to

23   Plaintiffs from the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided

24   since the inception of the remedial process and continuing to date, (c) the Health Care Services

25   Division's monthly reports to the Special Master, (d) the staffing, construction and funding reports

26   provided at semi-annual meetings with the Special Master and Plaintiffs (known as All Parties and/or

27   Policy Meetings), (e) the Governor's Budget and May Revise, (f) the budget documents produced

28

1    in response to the *Coleman* court's June 2006 order.

2    REQUEST NO. 31:

3        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to mental

4    health staffing studies, including workload studies, undertaken or commissioned by YOU that

5    analyze the number and types of staff (clinical, custody, and support) required to implement the

6    Court-ordered Revised Program Guide.

7    RESPONSE TO REQUEST NO. 31:

8        DEFENDANTS object that this request seeks information protected from disclosure by the

9    attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

10    analysis privilege, and official information privilege.  Subject to and without waiving the foregoing

11    objections, DEFENDANTS respond as follows: The final workload study commissioned by CDCR

12    Health Care Services Division and sought by Plaintiff Coleman at the last *Coleman* Policy Meeting

13    will be produced.

14    REQUEST NO. 32:

15        ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to workload

16    studies undertaken or commissioned by YOU that analyze treatment and office space needed to

17    implement the Court-ordered Revised Program Guide.

18    RESPONSE TO REQUEST NO. 32:

19        DEFENDANTS object that this request seeks information protected from disclosure by the

20    attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

21    analysis privilege, and official information privilege.

22        Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

23    Any non-privileged and responsive documents will be produced.

24    REQUEST NO. 33:

25        ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during

26    the RELEVANT TIME PERIOD that REFER or RELATE to requests for additional resources or

27    staff (clinical, custody, and support) for the provision of mental health treatment, including but not

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  limited to budget change proposals and draft budget change proposals.

2  RESPONSE TO REQUEST NO. 33:

3          DEFENDANTS object that this request seeks information protected from disclosure by the

4  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

5  analysis privilege, and official information privilege. This request is overbroad by providing a five-

6  year time period for production. Te term 'stated capacity' for housing *Coleman* inmates is vague,

7  ambiguous. The non-privileged information responsive to this interrogatory is equally available to

8  Plaintiffs from the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided

9  since the inception of the remedial process and continuing to date, (c) the Health Care Services

10  Division's monthly reports to the Special Master, (d) the staffing, construction and funding reports

11  provided at semi-annual meetings with the Special Master and Plaintiffs (known as All Parties and/or

12  Policy Meetings), (e) the Governor's Budget and May Revise, (f) the budget documents produced

13  in response to the *Coleman* court's June 2006 order.

14  REQUEST NO. 34:

15          ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

16  RELEVANT TIME PERIOD that REFER or RELATE to overcrowding.

17  RESPONSE TO REQUEST NO. 34:

18          DEFENDANTS object that this request seeks information protected from disclosure by the

19  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

20  analysis privilege, and official information privilege. This request is impermissibly vague and

21  overbroad by failing to properly define the word 'overcrowding' in terms of any indicated population

22  or number.

23          Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

24  Any non-privileged and responsive documents will be produced.

25  / / /

26  / / /

27  / / /

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  REQUEST NO. 35:

2          ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made from

3  January 1, 2005 to present that REFER or RELATE to YOUR ability to timely place

4  *COLEMAN* CLASS MEMBERS in MHSDS beds at each level of care (CCCMS, EOP,

5  MHCB, DMH), including delays in referral, endorsement and transfer.

6  RESPONSE TO REQUEST NO. 35:

7          DEFENDANTS object that this request seeks information protected from disclosure by the

8  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

9  analysis privilege, and official information privilege. Further, this information is equally available

10  to Plaintiffs.

11          Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

12  The non-privileged information responsive to this interrogatory is equally available to Plaintiffs from

13  the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided since the

14  inception of the remedial process and continuing to date, (c) the Health Care Services Division's

15  monthly reports to the Special Master, (d) the reports provided at semi-annual meetings with the

16  Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).  Any additional

17  responsive and non-privileged information will be provided.

18  REQUEST NO. 36:

19          ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR

20  ability to transfer *COLEMAN* CLASS MEMBERS housed in administrative segregation or

21  administrative segregation overflow housing units for non-disciplinary reasons from October

22  17, 2006 to present.

23  RESPONSE TO REQUEST NO. 36:

24          DEFENDANTS object that this request seeks information protected from disclosure by the

25  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

26  analysis privilege, and official information privilege. Further, this information is equally available

27  to Plaintiffs.

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

2    The non-privileged information responsive to this interrogatory is equally available to Plaintiffs from

3    the (a) inspection tours undertaken prior to trial, (b) the monitoring tours provided since the

4    inception of the remedial process and continuing to date, (c) the Health Care Services Division's

5    monthly reports to the Special Master, (d) the reports provided at semi-annual meetings with the

6    Special Master and Plaintiffs (known as All Parties and/or Policy Meetings).   Any additional

7    responsive and non-privileged information will be provided.

8    REQUEST NO. 37:

9    ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

10   number or percentage of CDCR prisoners enrolled in or on waitlists for educational programs,

11   vocational programs, and inmate work assignments during the RELEVANT TIME PERIOD.

12   RESPONSE TO REQUEST NO. 37:

13   DEFENDANT objects that this request seeks information protected from disclosure by the

14   attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

15   analysis privilege, and official information privilege. Further, this information is equally available

16   to Plaintiffs. The request is duplicative of discovery in *Hecker v. Schwarzenegger* as well as request

17   number 16 in this set of requests.   To the extent this request is not limited to the educational

18   programs, vocational programs and inmate work assignments of *Coleman* caseload members, the

19   request exceeds Plaintiff's standing as a representative of a certified class of *Coleman* caseload

20   members, violates the non-caseload members' right to privacy, and is not likely to lead to admissible

21   evidence.   The request exceeds the jurisdiction of this case.   Further, the request is overly

22   burdensome.   Without waiving said objections, Defendants state responsive and non-privileged

23   materials concerning *Coleman* class members and their enrollment in or watilist status for

24   educational programs, vocational programs, and inmate work assignments during the RELEVANT

25   TIME PERIOD.

26   ///

27   ///

28

1  REQUEST NO. 38:

2      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to standards,

3  guidelines, protocols, or procedures for the provision of mental health care during the RELEVANT

4  TIME PERIOD to *COLEMAN* CLASS MEMBERS by community based housing programs,

5  including but not limited to Community Correctional Facilities.

6  RESPONSE TO REQUEST NO. 38:

7      DEFENDANTS object that this request seeks information protected from disclosure by the

8  attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical

9  analysis privilege, and official information privilege.  DEFENDANTS further object that the term

10  community correctional facilities is vague and so interpret that term to not include Family

11  Foundation facilities.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Subject to and without waiving the foregoing objections, DEFENDANTS respond as follows:

2  By policy and procedure, *Coleman* class members are excluded from Community Correctional

3  Facilities and so this inquiry is inapposite. DEFENDANTS will produce any protocols concerning

4  the exclusionary criteria and concerning the response to any emergency mental health care needs of

5  those inmates housed in Community Correctional Facilities.

6

7    Dated:  November 9, 2007

8                                     Respectfully submitted,

9                                     EDMUND G. BROWN JR.
                                      Attorney General of the State of California

10                                    DAVID S. CHANEY
                                      Chief Assistant Attorney General

11                                    FRANCES T. GRUNDER
                                      Senior Assistant Attorney General

12                                    ROCHELLE C. EAST
                                      Supervising Deputy Attorney General

13

14

15                                    LISA A. TILLMAN
                                      Deputy Attorney General

16

17                                    Attorneys for Defendants

18  SF2007200670
    responseALLDEFColemanRFP1.11.8wpd.wpd

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: (916) 324-5205
     Email: Lisa.Tillman@doj.ca.gov
9

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

10  Attorneys for Defendants

11          IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13        AND THE NORTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15   PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  **RALPH COLEMAN, et al.,**                2:90-cv-00520 LKK JFM P

18                          Plaintiffs,       **THREE JUDGE COURT**

19          v.

20  **ARNOLD SCHWARZENEGGER, et al.,**

21                          Defendants.

22  **MARCIANO PLATA, et al.,**               No. C 01-1351 TEH

23                          Plaintiffs,       **THREE JUDGE COURT**

24          v.                                **DEFENDANTS' RESPONSE
                                              TO RALPH COLEMAN'S**
25  **ARNOLD SCHWARZENEGGER, et al.,**        **INTERROGATORIES AND
                                              REQUEST FOR**
26                          Defendants.       **PRODUCTION,
                                              DECLARATION OF ROBERT
27                                            GORE REGARDING
                                              PRIVILEGED DOCUMENTS**
28

Decl. of Robert Gore Re: Privileged Documents

1

I, Robert Gore, declare:

1. I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office. Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively involved with, and review, budgets and corrections issues for the Office of the Governor.

2. I have personal knowledge of the facts stated in this declaration and if called to testify upon those facts would do so competently.

3. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set One, propounded upon Governor Schwarzenegger and other named defendants as well as Plaintiff Ralph Coleman's First Set of Interrogatories to Governor Schwarzenegger, in the case of *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.

4. In my capacity as Acting Chief Deputy Cabinet Secretary for the California Governor's Office, I am familiar with the Governor's Office's analysis, policies, practices, and procedures concerning its involvement with the California Legislature, State budget process, AB 900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity and bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities, and the prison parole system. In addition, I am familiar with, and an instrumental participant in, development of such policies and procedures. I am also familiar with the process associated with the development of legislation, the budget and the development of draft budget change proposals by State agencies through an internal review process, which are ultimately submitted to the Office of the Governor for final approval. I am also familiar with the October 2006 Emergency Proclamation and the process of its development and preparation.

5. Policy, plans and procedures for the budget, AB 900, out-of-state transfers, prison site selection, prison capacity and bed planning documents are drafted, revised, discussed, debated and redrafted before finalization. The final documents have been produced in these cases and will be provided in response to Plaintiff Coleman's Request for Production of Documents. The Governor's Office maintains as privileged those documents reflecting internal analysis, deliberation and discussion prior to adoption of the Governor's budget proposal, AB 900, population reduction strategies, out-of-state transfers, prison site selection, prison capacity and

Decl. of Robert Gore Re: Privileged Documents

1     bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities,

2     and the prison parole system.

3        6. From October 2006 to the present, the Governor's Office has explored numerous

4     strategies for addressing population in CDCR. These include but are not limited to out-of-state

5     transfers, parole reform, and prison construction. These also include the Emergency

6     Proclamation of October 2006. Documents reflecting analysis of these issues prior to adoption of

7     a final strategy are pre-decisional, deliberative and therefore privileged.

8        7. Those privileged and non-privileged documents in the possession of the Office of the

9     Governor that are responsive to Plaintiffs' Request for Production of Documents, will be

10     provided to Defendants' counsel. Those documents include briefing documents, critiques, self-

11     evaluations, agendas, draft plans, budget change proposals, associated e-mails, legal analyses,

12     official information which is not made available to the public, communications within the Office

13     of the Governor and with other Defendants' executive levels, and communications with attorneys

14     regarding pending and anticipated litigation.

15        8. Many documents provided to counsel for Defendants are pre-decisional and bear on

16     the formulation or exercise of the Governor's Office's policy-oriented judgment. These

17     materials were part of the deliberative policy-making process which led to a final decision, or are

18     leading to a future final decision, regarding budgetary policies which are the basis for all

19     governmental activities, procedures, regulations, and amendments. Such documents include

20     draft legislation; draft proclamations; draft executive orders; analysis of proposals; draft planning

21     documents; attorney work-product; communications within the Office of the Governor, other

22     Defendants' executive levels, and attorneys; and other documents which reflect the opinions and

23     suggestions of individuals rather than the policy of a particular agency.

24        9. Many potentially responsive documents reflect complex calculations, judgments,

25     projections, the application of existing laws and regulations, and the assessment of possible

26     solutions and recommendations. As such, these documents are pre-decisional, deliberative, and

27     should be shielded from discovery because disclosure of the documents may chill future

28     discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that deliberative

1  materials will be made public, it may deter discussion and development of theories and ideas of

2  benefit to the public.

3       I declare under penalty of perjury the foregoing is true and correct.

4       Executed on November 9, 2007, in Sacramento, California.

5

6                                              _____
                                               ROBERT GORE
7                                              Acting Chief Deputy Cabinet Secretary
                                               California Office of the Governor
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Robert Gore Re: Privileged Documents

4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 327-7872
8   Fax: (916) 324-5205
    Email: Lisa.Tillman@doj.ca.gov
9

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777–3200
Facsimile: (415) 541- 9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

10  Attorneys for Defendants

11           IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13        AND THE NORTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  **RALPH COLEMAN, et al.,**

18                                    Plaintiffs,

19        v.

20  **ARNOLD SCHWARZENEGGER, et al.,**

21                                    Defendants.

22  **MARCIANO PLATA, et al.,**

23                                    Plaintiffs,

24        v.

25  **ARNOLD SCHWARZENEGGER, et al.,**

26                                    Defendants.

27

28

2:90-cv-00520 LKK JFM P

**THREE JUDGE COURT**

No. C 01-1351 TEH

**THREE JUDGE COURT**

**DEFENDANTS' RESPONSE
TO RALPH COLEMAN'S
REQUEST FOR
PRODUCTION,
DECLARATION OF
VINCENT P. BROWN
REGARDING PRIVILEGED
DOCUMENTS**

1    I, Vincent P. Brown, declare:

2    1. I am the Chief Deputy Director of the California Department of Finance.

3  In this role, my responsibilities include reviewing the Governor's Budget before its presentation

4  to the Legislature.

5    2. As delegated to me by the Director of Finance, I act for the Director as a member of

6  the Public Works Board and the Pooled Money Investment Board. The Department of Finance

7  also provides staff for both Boards. However, such entities are not parties to this litigation and,

8  therefore, this declaration addresses only privileges pertinent to my role as Chief Deputy Director

9  of the California Department of Finance.

10    3. I have personal knowledge of the facts stated in this declaration and if called to testify

11  upon those facts would do so competently.

12    4. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set

13  One, propounded upon Defendant Michael Genest and other named Defendants in the case

14  entitled *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the

15  documents generated by the Department of Finance which may be responsive to Plaintiffs'

16  requests. Certain items within those categories of documents are privileged.

17    5. In my capacity as Chief Deputy Director of the California Department of Finance, I

18  am familiar with the Department of Finance's analysis, policies, practices, and procedures

19  concerning its involvement with the State budget process. In addition, I am familiar with, and an

20  instrumental participant in, development of such analysis, policies, practices and procedures. I

21  am also familiar with the process associated with the development of the budget and the

22  development of draft budget change proposals by State agencies through an internal review

23  process, the review and analysis of those documents by the Department of Finance, and

24  subsequent revisions for ultimate submission to the Office of the Governor for final approval.

25    6. Policy, planning and procedural budget documents are drafted, revised, discussed,

26  debated and redrafted before finalization. Final budget documents have been produced in these

27  cases and will be provided in response to the Request for Production of Documents. In addition,

28  final budget documents are published on Defendants' website and so are equally available to

Decl. of Vincent P. Brown Re: Privileged Documents

2

1    Plaintiffs. The Department of Finance maintains as privileged those documents reflecting

2    internal analysis, deliberation and discussion prior to adoption of the Governor's budget

3    proposal, including: draft budget change proposals, forms containing internal analysis and

4    summation of submitted draft budget change proposals, conference committee notes, position

5    papers, internal communications and draft cost summaries.

6         7. The Department of Finance takes an advisory role relative to the budget in advance of

7    the appropriation of funds by the Legislature which supports the activities of, and the adoption

8    of, policies, procedures and practices for State agencies. The Department of Finance's activities

9    are performed on a continuing basis. Modifications to Department of Finance policies, practices

10    and procedures are developed through self-evaluations conducted internally. Information

11    gathered and derived for purposes of this process is considered confidential and is maintained in

12    a confidential manner. Finally, many of the Department of Finance's policies and procedures are

13    derived from budgetary and fiscal information for which the Governor has final approval.

14         8. Those privileged and non-privileged documents in the possession of the Department of

15    Finance that are responsive to Plaintiff Ralph Coleman's Request for Production of Documents,

16    will be provided to Defendants' counsel. Those documents include briefing documents, agendas,

17    draft plans, draft budget change proposals, forms reflecting analysis of budget change proposals,

18    associated e-mails, official information which is not made available to the public,

19    communications with the Office of the Governor and with other Defendants' executive levels,

20    and communications with attorneys regarding pending and anticipated litigation.

21         9. Many documents provided to counsel for Defendants are pre-decisional and bear on

22    the formulation or exercise of the Department of Finance's fiscal policy-oriented judgment.

23    These materials were part of the deliberative policy-making process which led to a final decision,

24    or are leading to a future final decision, regarding budgetary policies which are the basis for all

25    governmental activities, procedures, regulations, and amendments. Such documents include

26    draft budget change proposals; analysis of such proposals; draft planning documents; attorney

27    / / /

28    / / /

Decl. of Vincent P. Brown Re: Privileged Documents

1  work-product; communications with the Office of the Governor, other Defendants' executive

2  levels, and the Department of Finance's attorneys; and other documents which reflect the

3  professional opinions and suggestions of individuals rather than the policy of a particular agency.

4      10.  Many potentially responsive documents reflect complex calculations, judgments,

5  projections, the application of existing laws and regulations, and the assessment of possible

6  solutions and recommendations.  As such, these documents are pre-decisional, deliberative, and

7  should be shielded from discovery because disclosure of the documents may chill future

8  discourse, self-evaluation and critical analysis.  Furthermore, if individuals fear that deliberative

9  materials will be made public, it may deter discussion and development of theories and ideas of

10  benefit to the public.

11      I declare under penalty of perjury the foregoing is true and correct.

12  Executed on _November    9_ , 2007, in Sacramento, California.

13

14                                    _Vincent P. Brown_
                                      VINCENT P. BROWN
15                                    Chief Deputy Director
                                      California Department of Finance
16  browndelibdec.wpd
    SF2007200670
17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Vincent P. Brown Re: Privileged Documents

4

1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DAVID S. CHANEY
Chief Assistant Attorney General
3  FRANCES T. GRUNDER
Senior Assistant Attorney General
4  ROCHELLE C. EAST
Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6   1300 I Street, Suite 125
P.O. Box 944255
7  Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8  Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov
9
Attorneys for Defendants

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

10

11             IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17  RALPH COLEMAN, et al.,                    2:90-cv-00520 LKK JFM P

18                          Plaintiffs,        **THREE JUDGE COURT**

19          v.

20  ARNOLD SCHWARZENEGGER, et al.,

21                          Defendants.

22  MARCIANO PLATA, et al.,                   No. C 01-1351 TEH

23                          Plaintiffs,        **THREE JUDGE COURT**

24          v.                                 **DECLARATION OF DOUG MCKEEVER REGARDING PRIVILEGED DOCUMENTS**

25  ARNOLD SCHWARZENEGGER, et al.,

26                          Defendants.

27      I, Doug McKeever, declare:

28      1. I am employed by the Division of Correctional Health Care Services for

Decl. of Doug McKeever re Privileged Documents

1

1   the California Department of Corrections and Rehabilitation (CDCR).  From January 2005 to

2   October 2006, I held the position of Project Director, and was responsible for the development

3   and preparation of projects arising from the Coleman v. Schwarzenegger litigation.  Since

4   October 2006, I have held the position of Director of Mental Health Services, with direct

5   oversight over the program and responsibility for policy development and implementation for the

6   statewide mental health program of the Division of Correctional Health Care Services.  In both

7   positions, I led a multi-agency work group dedicated to creating and implementing short-term,

8   interim, and long-range mental health bed plans.

9         2.  I have personal knowledge of the facts stated in this declaration and if called to testify

10  upon those facts would do so competently.

11        3.  In my capacity as Director of Mental Health Services, I am responsible for overseeing

12  the management and operation of the mental health services delivery system in California's

13  prisons.  I am familiar with CDCR's regulations, policies, practices, and procedures concerning

14  mental health bed plans, treatment and housing options; mental health services staff recruitment

15  and retention; and population projections for mentally ill inmates.  In addition, I am familiar

16  with, and an instrumental participant in, development of such policies and procedures.

17        4.  I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents

18  issued upon Defendant Tilton in *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.  I

19  have also reviewed Plaintiff Ralph Coleman's First Set of Interrogatories issued upon Defendant

20  Tilton in *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P.  I am familiar with the

21  documents generated by Mental Health Services of CDCR Correctional Health Care Services

22  Division which may be responsive to Plaintiffs' requests.  Certain items within those categories

23  of documents are privileged.

24        5.  Policy, planning and procedural documents for the mental health services delivery

25  system are drafted, revised, discussed, debated and redrafted before finalization.  Once finalized,

26  copies of many documents reflecting policies and procedures are routinely provided to Special

27  Master Keating, his staff and Plaintiffs' counsel.  Although final products will be produced,

28  CDCR maintains as privileged drafts or other documents reflecting internal analysis, deliberation

Decl. of Doug McKeever re Privileged Documents

1    and discussion prior to adoption of a final product.

2        6. I participate in many committees which meet to develop ideas, evaluate options,

3    analyze courses of action, review past performance, and provide feedback in the development of

4    policies and procedures affecting all aspects of the mental health services delivery system

5    including design, construction, programming, and clinical and custodial staffing. These

6    functions are performed on a continuing basis. Information gathered and derived for purposes of

7    policy planning and analysis is considered confidential and is maintained in a confidential

8    manner. Finally, many policies and procedures affecting prison mental health services are

9    derived based upon budgetary and fiscal information for which the Governor and the Legislature

10    have final approval.

11        7. I am also familiar with the process associated with the derivation of the budget and

12    the development of draft budget change proposals for CDCR's internal review and revision

13    which are submitted to the Department of Finance and ultimately submitted to the Office of the

14    Governor for final approval.

15        8. I have provided documents in the possession of CDCR to counsel for the Defendants

16    in response to Plaintiffs' Requests for Production of Documents. These documents include draft

17    bed plans, mental health population projections prepared by a litigation consultant, associated e-

18    mails, documents developed to activate creative brainstorming, internal debate and analysis,

19    official information which is not made available to the public, and communications with

20    CDCR's attorneys regarding proposed courses of action as well as pending and anticipated

21    litigation. Such documents include recommendations, proposals, analysis, legal comments, and

22    other documents which reflect the personal opinion of the individual writers rather than the

23    policy of CDCR.

24        9. Many documents provided to counsel for Defendants are pre-decisional and bear on

25    the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of

26    the deliberative policy-making process which led to a final decision, or are leading to a future

27    final decision, regarding CDCR's policies, procedures, regulations, or amendments.

28        10. Many potentially responsive documents were derived from a complex set of

Decl. of Doug McKeever re Privileged Documents

3

1  judgments, projections, the study and evaluation of mental health treatment options, creative

2  recommendations and the assessment of possible solutions and barriers.  As such, these

3  documents are pre-decisional, deliberative, and should be shielded from discovery because

4  disclosure of the documents may chill future discourse, collaboration, self-evaluation and critical

5  analysis.   Furthermore, if individuals fear that deliberative materials will be made public, it may

6  deter discussion and development of beneficial theories and ideas.

7          I declare under penalty of perjury the foregoing is true and correct.

8  Executed on _NOVEMBER  9_____, 2007, in Sacramento, California.

9

10                           DOUG McKEEVER
                            Director of Mental Health Services
11                           California Department of Corrections and Rehabilitation

12  mckeeverdeclindoc.wpd

13  SF2007200670

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Doug McKeever re Privileged Documents

4

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7  Sacramento, CA 94244-2550
   Telephone: (916) 327-7872
8  Fax: (916) 324-5205
   Email: Lisa.Tillman@doj.ca.gov
9

10  Attorneys for Defendants

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                          Plaintiffs, | **THREE JUDGE COURT** |
| 19          v. | |
| 20  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21                          Defendants. | |
| 22  **MARCIANO PLATA, et al.,** | No. C 01-1351 THE |
| 23                          Plaintiffs. | **THREE JUDGE COURT** |
| 24          v. | **DEFENDANTS' RESPONSE TO RALPH COLEMAN'S** |
| 25 | **INTERROGATORIES AND REQUST FOR PRODUCTION,** |
| 26  **ARNOLD SCHWARZENEGGER, et al.,** | **DECLARATION OF CYNTHIA A. RADAVSKY** |
| 27                          Defendants. | **REGARDING PRIVILEGED** |
| 28 | **DOCUMENTS** |

Decl. of Cindy Radavsky Re: Privileged Documents

1

1        I, Cynthia A. Radavsky, declare:

2        1. I am employed in the position of Deputy Director of Long-Term Care Services with

3    the Department of Mental Health (DMH) of the Health and Human Services Agency. I have

4    been employed by the Department of Mental Health since October 1995 and have held the

5    following positions: Program Director at Napa State Hospital from 1995 to 1998, Assistant

6    Deputy Director of Long Term Care Services from 1998 to 2006, and Deputy Director of Long

7    Term Care Services from 2006 to present.

8        2. I have personal knowledge of the facts stated in this declaration and if called to testify

9    upon those facts would do so competently.

10       3. In my position with DMH, I am familiar with the missions, policies, staffing, and

11   operations of each of the state hospitals. I am responsible for overseeing the inpatient care

12   provided to CDCR inmate-patients at Atascadero State Hospital, Coalinga State Hospital and

13   Patton State Hospital. I am also familiar with the missions, policies, staffing and operations of

14   DMH programs within California Department of Correction and Rehabilitation (CDCR)

15   facilities, such as Vacaville Psychiatric Program at California Medical Facility and Salinas

16   Valley Psychiatric Program at Salinas Valley State Prison.

17       4. I am responsible for ensuring DMH provides appropriate responses to and complies

18   with those *Coleman* court orders applicable to DMH. I worked with a multi-agency task force in

19   preparing and developing Defendants' August 2007 mental health bed plan. I also participated in

20   the development of Defendants' Interim Mental Health Bed Plan, Defendants Long-Range

21   Mental Health Bed Plan of October 2006, and Amended Long-Range Mental Health Plan of

22   December 2006. I am participated in the development of the pay parity plans approved by this

23   Court for DMH clinicians. I also participated in developing the DMH response to court orders

24   for a staff recruitment plan, an activation plan for Atascadero State Hospital, a feasibility plan

25   for Coalinga State Hospital. Each of these referenced documents have been filed with the

26   *Coleman* court and provided to counsel. I oversee the preparation and implementation of the

27   operating interagency agreements and memoranda of understanding between DMH and CDCR

28   to provide acute and intermediate care inpatient beds to CDCR inmates. Those interagency

Decl. of Cindy Radavsky Re: Privileged Documents

2

1   documents and memoranda of understanding have been submitted to Special Master Keating and

2   Plaintiffs' counsel for review.

3        5. I am also responsible for DMH's responses to other litigation matters, ranging from

4   habeas petitions filed by patients to the action brought by the United States Department of

5   Justice against DMH under the Civil Rights of Institutionalized Persons Act (known as the

6   CRIPA case).        6. I have reviewed Plaintiff Ralph Coleman's Request for Production of

7   Documents, Set One, propounded upon Defendant Stephen Mayberg and other named

8   Defendants in the case entitled *Coleman v. Schwarzenegger*, Case No. CIV S90-0520 LKK JFM

9   P, and *Plata v. Schwarzenegger*, Case No. C01-1351 THE. I understand Plaintiffs sought to

10  obtain documents from Mr. Mayberg, in his capacity as the Director of the Department of Mental

11  Health, by defining the terms "CDCR prison" and "prison" to include any and settings in which

12  the Department of Mental Health houses CDCR inmates. Defendants' counsel has objected to

13  that definition as inappropriate under the jurisdictional parameters of the certified class within

14  the *Coleman* case. Further, the proposed definition is inappropriate because only CDCR, not

15  DMH, has statutory responsibility for the custody and control of CDCR prisoners under

16  California Penal Code section 5054. To the extent, however, any of the documents sought in this

17  Request for Production were prepared in whole or part by DMH personnel in conjunction with or

18  shared with other Defendants' personnel, this declaration elucidates the privileges applicable to

19  some of those responsive documents.

20       7. In my capacity as Deputy Director of Long-Term Care Services for DMH, I am

21  familiar with this agency's analysis, regulations, policies, practices, and procedures concerning

22  its involvement with prisons of the California Department of Corrections and Rehabilitation. In

23  addition, I am familiar with, and an instrumental participant in, development of such analysis,

24  policies and procedures. I am also familiar with the process associated with the derivation of

25  the budget and the development of draft budget change proposals for internal review and

26  revision and for ultimate submission to the Office of the Governor for final approval.

27       8. Policy, planning and procedural documents are drafted, revised, discussed, debated

28  and redrafted before finalization. Although the final product will be produced, DMH maintains

Decl. of Cindy Radavsky Re: Privileged Documents

3

1   as privileged those drafts or other documents reflecting internal analysis, deliberation  and

2   discussion prior to adoption of the final product.  Such documents include patient planning

3   committee notes, draft budget change proposals, legal opinions prepared by in-house counsel for

4   DMH staff, legal memoranda prepared relative to ongoing litigation (such as this case and the

5   CRIPA case), position papers and draft cost summaries.

6          9.  When requested, DMH takes an advisory role relative to treatment of CDCR inmate-

7   patients in advance of adoption of plans, policies and procedures.  These functions are performed

8   on a continuing basis.  In addition, modifications to policies and procedures may be developed

9   through self-evaluations conducted internally.  Information gathered and derived for purposes of

10  policy planning and analysis is considered confidential and is maintained in a confidential

11  manner. Finally, many of DMH's policies and procedures are derived based upon budgetary and

12  fiscal information for which the Governor has final approval.

13         10.  I have caused documents in the possession of DMH to be provided to counsel for the

14  Defendants in response to Plaintiffs' Request for Production of Documents, Set One.  These

15  documents include draft unadopted planning documents, budget change proposal packages,

16  associated e-mails, documents developed to activate internal debate and analysis, official

17  information which is not made available to the public, and communications with DMH's staff

18  attorneys and the Attorney General's Office regarding pending and anticipated litigation.

19         11.  Many documents provided to counsel for Defendants are pre-decisional and bear on

20  the formulation or exercise of DMH's judgment.  These materials were part of the deliberative

21  policy-making process which led to a final decision, or are leading to a future final decision,

22  regarding DMH's budget, policies, procedures and treatment of CDCR inmate-patients.  Such

23  documents include recommendations, draft documents, proposals, legal comments, and other

24  documents which reflect the personal opinion of the individual writers rather than the policy of

25  DMH.

26         12.  Many potentially responsive documents were derived from a complex set of

27  treatment considerations, judgments, projections, other rules and regulations, and the assessment

28  of possible solutions and recommendations.  As such, these documents are pre-decisional,

Decl. of Cindy Radavsky Re: Privileged Documents

4

1   deliberative, and should be shielded from discovery because disclosure of the documents may

2   chill future beneficial discourse, self-evaluation and debate.   Furthermore, if individuals

3   working with or for DMH fear that deliberative materials will be made public, the release may

4   deter discussion and development of theories and ideas of benefit to the public.

5          I declare under penalty of perjury the foregoing is true and correct.

6   Executed on _November 9_____, 2007, in Sacramento, California.

7

8                                                   CYNTHIA A. RADAVSKY
                                                    Deputy Director, Long-Term Care Services
                                                    Department of Mental Health

9

10  radavskydelibdec.wpd
    SF2007200670

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. of Cindy Radavsky Re: Privileged Documents

5

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 327-7872
8   Fax: (916) 324-5205
    Email: Lisa.Tillman@doj.ca.gov
9

10  Attorneys for Defendants

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13          AND THE NORTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| 17 | **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18 | Plaintiffs, | **THREE JUDGE COURT** |
| 19 | v. | |
| 20 | **ARNOLD SCHWARZENEGGER, et al.,** | |
| 21 | Defendants. | |
| 22 | | |
| 23 | **MARCIANO PLATA, et al.,** | No. C 01-1351 TEH |
| 24 | Plaintiffs, | **THREE JUDGE COURT** |
| 25 | v. | **DEFENDANTS' RESPONSE TO RALPH COLEMAN'S INTERROGATORIES AND REQUST FOR PRODUCTION, DECLARATION OF SCOTT KERNAN REGARDING PRIVILEGED DOCUMENTS** |
| 26 | **ARNOLD SCHWARZENEGGER, et al.,** | |
| 27 | Defendants. | |
| 28 | | |

Decl. of Scott Kernan re Privileged Documents

1

I, Scott Kernan, declare:

1. I am the Chief Deputy Secretary of Adult Operations for the California Department of Corrections and Rehabilitation (CDCR). I have been employed by CDCR since 1983.

2. I declare the following of my own knowledge and, if called as a witness, would competently testify to the following.

3. In my capacity as Chief Deputy Secretary of Adult Operations, I am responsible for overseeing the management and operation of the adult correctional facilities within CDCR. I am familiar with CDCR's regulations, policies, practices, and procedures concerning out-of-state transfers, prison site selection, prison capacity and bed planning as well as rules, regulations, policies and procedures regarding re-entry facilities and the prison parole system. In addition, I am familiar with, and an instrumental participant in, development of such policies and procedures.

4. I have reviewed Plaintiff Ralph Coleman's Request for Production of Documents, Set One, issued upon Defendant James Tilton and other named Defendants. I have also reviewed well as Plaintiff Ralph Coleman's First Set of Interrogatories issued upon Defendant James Tilton in the case entitled *Coleman v. Schwarzenegger*, CIV S90-0520 LKK JFM P. I am familiar with the documents generated by this agency which may be responsive to Plaintiff's requests. Certain items within those categories of documents are privileged.

5. To the extent Plaintiff's discovery seeks documents which refer or relate to timetables for out-of-state transfers, those documents are privileged. I am familiar with those documents which were prepared by a multidisciplinary team of attorneys, clinicians and correctional administrators within CDCR. Defendants have already produced to Plaintiffs the activation schedules for out-of-state transfers indicating dates and numbers of inmates to be transferred. Additional information is available on CDCR's website. However, the disclosure of specific information regarding from where, when and by what means individual inmates will be transferred out-of-state raises grave security concerns for CDCR. As inmates are at times transported on public roadways, the release of detailed information regarding these transports may place the inmates, CDCR escort staff and the public at risk. Publication of security

Decl. of Scott Kernan re Privileged Documents

2

1  sensitive materials will threaten the defendant's strong interest in preventing disclosure of

2  information regarding security procedures. For these reasons, some documents reflecting out-of-

3  state transfer information will not be disclosed. Defendants will provide descriptions of these

4  privileged documents on Defendants' privilege log.

5        6. Documents reflecting transportation, housing of particular inmates, architectural

6  specifications, renderings, blueprints, infrastructure layout, building footprints, points of access

7  and construction design details also implicate security concerns. Disclosure of such information

8  would compromise prison security and could endanger staff, inmates and the public. For these

9  reasons, these documents will not be disclosed. Defendants will provide descriptions of these

10 privileged documents on Defendants' privilege log.

11       7. CDCR's policy, planning and procedural documents are drafted, revised, discussed,

12 debated and redrafted before finalization. Finalized documents may address AB 900, sites, out-

13 of-state transfers, beds, re-entry, parole and/or intake policies. Although the final product will

14 be produced, many final documents have already been provided to Court and counsel in these

15 cases and are equally available to Plaintiffs on CDCR's online website. However, CDCR

16 maintains as privileged drafts or other documents reflecting internal analysis, deliberation and

17 discussion prior to adoption of the final product.

18       8. CDCR's policies and procedures are derived and amended by committees of

19 individuals who are assigned to evaluate or modify existing policies and procedures or derive

20 new policies and procedures for this agency. Such policies address a wide array of issues,

21 including security, housing, transfers and population management. Committees function on a

22 continuing basis. In addition, policies and procedures and modifications thereto are developed

23 through self-evaluations and audits conducted internally and in conjunction with other

24 institutions. Information gathered and derived for purposes of policy planning and analysis is

25 considered confidential and is maintained in a confidential manner. Finally, many of CDCR's

26 policies and procedures are derived based upon budgetary and fiscal information for which the

27 Governor and the Legislature have final approval.

28       9. I am also familiar with the process associated with the derivation of the budget and

Decl. of Scott Kernan re Privileged Documents

3

1    the development of draft budget change proposals for CDCR's internal review and revision

2    which are submitted to the Department of Finance and ultimately submitted to the Office of the

3    Governor for final approval.

4        10. I have provided documents in the possession of CDCR to counsel for the Defendants

5    in response to Plaintiffs' Requests for Production of Documents. These documents include

6    Budget Change Proposal packages, draft plans and procedures, associated e-mails, documents

7    developed to prompt internal debate and analysis, official information which is not made

8    available to the public, communications with the Office of the Governor and with other

9    Defendants' executive levels, and communications with CDCR's attorneys regarding proposed

10    courses of action as well as pending and anticipated litigation.

11        11. Many documents provided to counsel for Defendants are pre-decisional and bear on

12    the formulation or exercise of CDCR's policy-oriented judgment. These materials were part of

13    the deliberative policy-making process which led to a final decision, or are leading to a future

14    final decision, regarding CDCR's policies, procedures, regulations, or amendments. Such

15    documents include recommendations, draft documents, proposals, analysis, legal comments, and

16    other documents which reflect the personal opinion of the individual writers rather than the

17    policy of CDCR.

18        12. Many potentially responsive documents were developed through complex analysis of

19    projections, rules and regulations, other State's endeavors, recommendations from staff and the

20    assessment of possible solutions and barriers. As such, these documents are pre-decisional,

21    deliberative, and should be shielded from discovery because disclosure of the documents may

22    chill future discourse, self-evaluation and critical analysis. Furthermore, if individuals fear that

23    //

24    //

25    //

26    //

27

28

1
2  deliberative materials will be made public, it may deter discussion and development of beneficial
3  theories and ideas.
4          I declare under penalty of perjury the foregoing is true and correct.
5.         Executed on *November 8* , 2007, in Sacramento, California.
6
7                                    SCOTT KERNAN
8                                    Chief Deputy Secretary of Adult Operations
                                     California Department of Corrections and Rehabilitation
9  kernandeclibdec wpd
   SF2007200670
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Decl. of Scott Kernan re Privileged Documents

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:  **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On **November 07, 2007**, I served the attached : **DEFENDANT RESPONSE TO PLAINTIFF
COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by placing a
true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal
mail collection system at the Office of the Attorney General at 1300 I Street, Sacramento,
California 94244, addressed as follows:

| | |
|---|---|
| Claudia Center<br>The Legal Aid Society<br>Employment law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107 | Richard Goff<br>Heller, Ehrman White & McAuliffe<br>701 Fifth Avenue<br>Seattle, WA 98104 |
| Warren E. George<br>Bingham McCutchen<br>3 Embarcadero Ctr., Fl. 24<br>San Francisco, CA 94111 | Martin H. Dodd<br>Futterman & Dupree<br>160 Sansome Street, 17th Street<br>San Francisco, CA 94109 |
| Ronald Yank<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | Ann Miller Ravel<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 |
| Jared Goldman<br>California Prison Healthcare Receivership<br>1731 Technology Dr., Suite 700<br>San Jose, CA 95110 | Steven s. Kaufhold<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94102 |

| | |
|---|---|
| Rod Pacheco<br>Chuck Hughes<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | Steven Woodside<br>Office of the County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| Donald Specter<br>Prison Law Office<br>2173 'E' Francisco Blvd., Suite M<br>San Rafael, CA 94901 | Michael Bien<br>Rosen, Bien and Galvan<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 07, 2007**, at Sacramento, California.

_____
S. Burke
Declarant

_____
Signature

# EXHIBIT F

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN, State Bar No. 126424
   MISHA IGRA, State Bar No. 208711
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8    Fax: Email: Lisa.Tillman@doj.ca.gov

9  Attorneys for Defendants

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 19775
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

RECEIVED

DEC 1 0 2007

Rosen, Bien & Galvan

10              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF CALIFORNIA
11           AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
          UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
12           PURSUANT TO SECTION 2282, TITLE 28 UNITED STATES CODE

13

14  RALPH COLEMAN, et al.,                   No. Civ S 2:90-cv-0520 LKK-JFM P

15           Plaintiffs,                      **THREE JUDGE COURT**

16     vs.

17  ARNOLD SCHWARZENEGGER, et al.,

18           Defendants.

19

20  MARCIANO PLATA, et al.,                   No. C01-1351 TEH

21           Plaintiffs,                      **THREE JUDGE COURT**

22     vs.                                    **DEFENDANTS' SUPPLEMENTAL
                                             RESPONSE TO PLAINTIFF
23  ARNOLD SCHWARZENEGGER, et al.,            COLEMAN'S FIRST REQUEST FOR
                                             PRODUCTION OF DOCUMENTS**
24           Defendants..

25

26  ///

27  ///

28  ///

1 | PROPOUNDING PARTY:  PLAINTIFF RALPH COLEMAN

2 | RESPONDING PARTY:    DEFENDANTS TILTON, MAYBERG, GENEST,

3 | SCHWARZENEGGER

4 | SET NO:    ONE

5 |     Defendants served their response to Plaintiff Ralph Coleman's First Request For

6 | Production of Documents on November 9, 2007, and hereby supplement their response to

7 | Request numbers 1, 23, 24, 25, 29, 35, and 36.

8 | REQUEST FOR PRODUCTION NO. 1:

9 |     All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the

10 | implementation of the Court-ordered Revised Program Guide.

11 | RESPONSE TO REQUEST NO. 1:

12 |     Defendants incorporate each and every objection stated in their November 9, 2007, response

13 | to this particular request as well as their overall objections to this set of requests propounded by

14 | Plaintiff Coleman.  To the extent the produced documents identify caseload members,

15 | Defendants produce these documents subject to any and all protective orders in this matter.

16 |     Without waiving these objections, Defendants provide the following supplemental response

17 | (which will also be provided in electronic format on or about December 7, 2007 with the same

18 | bates numbers): See the attached Correctional Action Plans, bates numbered CDCR 012266

19 | through CDCR 12354, and CDCR 017923 through CDCR 018145.  Please also see the attached

20 | prison tour binders from Deuel Vocational Institution, California Institution For Men, California

21 | State Prison, Sacramento and Valley State Prison For Women, bates numbered CDCR 020625

22 | through CDCR 022517.

23 | REQUEST FOR PRODUCTION NO. 23:

24 |     ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the use of or

25 | referral to mental health crisis beds for inmates not previously identified on the MHSDS caseload

26 | during the RELEVANT TIME PERIOD.

27 | ///

28 | ///

1   SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:

2       Defendants incorporate each and every objection stated in their November 9, 2007, response

3   to this particular request as well as their overall objections to this set of requests propounded by

4   Plaintiff Coleman.  To the extent the produced documents identify caseload members,

5   Defendants produce these documents subject to any and all protective orders in this matter.

6       Without waiving these objections, Defendants provide the following supplemental response

7   (which will also be provided in electronic format on or about December 7, 2007 with the same

8   bates numbers):  See the attached  Summary, Transferred And Rescinded MHCB Referrals By

9   Institution and Prior Level Of Care, bates numbered CDCR 01036 through CDCR 017875.

10   REQUEST FOR PRODUCTION NO. 24:

11      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the number

12   of CCCMS, EOP or other COLEMAN CLASS MEMBERS housed in Reception Centers during

13   the RELEVANT TIME PERIOD.

14   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

15       Defendants incorporate each and every objection stated in their November 9, 2007,

16   response to this particular request as well as their overall objections to this set of requests

17   propounded by Plaintiff Coleman.  To the extent the produced documents identify caseload

18   members, Defendants produce these documents subject to any and all protective orders in this

19   matter.

20       Without waiving these objections, Defendants provide the following supplemental response

21   (which will also be provided in electronic format on or about December 7, 2007 with the same

22   bates numbers):  See the attached Mental Health Population - Placement Per Institution dated

23   2005, 2006, and 2007, bates numbered CDCR 010361 through CDCR 017911.

24   REQUEST FOR PRODUCTION NO. 25:

25      ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR or the

26   CDCR's ability to transfer CCMS and EOP inmates out of Reception Centers according to the

27   time frames established in the Revised Program Guide (60 days for EOP and 90 days for

28   CCCMS.)

1    SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:

2        Defendants incorporate each and every objection stated in their November 9, 2007, response

3    to this particular request as well as their overall objections to this set of requests propounded by

4    Plaintiff Coleman.  To the extent the produced documents identify caseload members,

5    Defendants produce these documents subject to any and all protective orders in this matter.

6        Without waiving these objections, Defendants provide the following supplemental response

7    (which will also be provided in electronic format on or about December 7, 2007 with the same

8    bates numbers):  See the attached CCCMS Potential Additional Intake to 130% and Weekly EOP

9    Population Reports for 2007, and EOP Bus Seat Analysis dated 2007, bates numbered CDCR

10   010591 through CDCR 010637.

11   REQUEST FOR PRODUCTION NO. 29:

12       ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to the CDCR's

13   stated capacity for housing MHSDS (EOP, CCCMS, or MHCB) inmates for each CDCR

14   PRISON housing unit over the past five years.

15   SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:

16       Defendants incorporate each and every objection stated in their November 9, 2007 response

17   to this particular request as well as their overall objections to this set of requests propounded by

18   Plaintiff Coleman.  To the extent the produced documents identify caseload members,

19   Defendants produce these documents subject to any and all protective orders in this matter.

20       Without waiving these objections, Defendants provide the following supplemental response

21   (which will also be provided in electronic format on or about December 7, 2007 with the same

22   bates numbers):  See the attached Mental Health Population - Placement Per Institution for 2006,

23   bates numbered CDCR 010416  through CDCR 010506.

24   REQUEST FOR PRODUCTION NO. 35:

25       ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made from

26   January 1, 2005 to present that REFER or RELATE to YOUR ability to timely place *COLEMAN*

27   *CLASS MEMBERS* in MHSDS beds at each level of care (CCCMS, EOP, MHCB, DMH)

28   including delays in referral, endorsement and transfer.

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 35

2      Defendants incorporate each and every objection stated in their November 9, 2007, response

3  to this particular request as well as their overall objections to this set of requests propounded by

4  Plaintiff Coleman.  To the extent the produced documents identify caseload members,

5  Defendants produce these documents subject to any and all protective orders in this matter.

6      Without waiving these objections, Defendants provide the following supplemental response

7  (which will also be provided in electronic format on or about December 7, 2007 with the same

8  bates numbers):  See the attached  EOP Population in AdSeg Hubs bates numbered  CDCR

9  010517 through CDCR 010520, Weekly EOP Population Reports for 2005, 2006, and 2007,

10  bates numbered CDCR 010521 through CDCR 010532, CDCR 010545 through CDCR 010556,

11  and CDCR 010569 through CDCR 010579, CCCMS cases for 2005, 2006, and 2007, bates

12  numbered CDCR 010533 through CDCR 010544, CDCR 010557 through CDCR 010556, and

13  CDCR 010580 through CDCR 010590, and Mental Health Related Memos re Participation in

14  Mental Health Delivery System (MHDS);  Removal of CCCMS Inmates from MHDS Housing

15  Policy For Adult Male Inmates Diagnosed With Exhibitionism; Process for Inmate Classification

16  Score System Point Due to Participation in MHDS; Case Management System Level Of Care

17  Inmates Housed in Correctional Training Facility - South Level I;  Housing Policy For Inmates

18  Approved For Placement in MHDS;  Instructions For Awarding Favorable Behavior Points For

19  Inmates Assigned To An EOP in General Population; Placement Of Inmates At The CCCMS

20  Level Of Care Into A Minimum Support Facility; Psychiatric Services Unit Bed Utilization

21  Review; CSP SAC Will No Longer House Level IV Sensitive Needs Yard EOP Inmate

22  Population; General Population EOP Level Of Care Inmates Housed Out Of Level; Housing,

23  Programs and Work Assignments For Inmates Designated At the CCCMS Level of Care;

24  Amended Housing Policy For Adult Male Inmates Referred For Treatment of Exhibitionism;

25  Conversion Of One Building Of Level IV EOP To A Level IV Sensitive Needs Yard EOP at CSP

26  SAC; Coleman Corrective Action Plan, Centinela State Prison; Bed Utilization Review Of The

27  Psychiatric Service Unit At CSP SAC; Bed Utilization Review Of Pelican Bay Prison's

28  Psychiatric Service Unit; Proposed Changes To The Department Operations Manual

1  Section 62050.12 Psychiatric Management Unit; Level IV EOP Beds; Consideration To Issue A

2  Notice To CCPOA Concerning The Housing And Program Accessibility For Inmates Designated

3  As CCCMS Level Of Care; A Review Of Housing Designated Close Custody Inmates In A

4  Dormitory Setting In The Day Treatment Program And The Intermediate Care Facility at CMF;

5  The Department Of Mentla Health's Criteria To Reduce The Number Of Parole Violators Re-

6  Referals For Evaluation As A Potentially Sexually Violent Predator; The Placement Of Inmates

7  At the CCCMS Level Of Care Into A Minimum Support Facility; Discharging/Tracking the

8  CCCMS From the Mental Health Services Delivery System After Meeting The Six-Month

9  Continuous Remission Period; Consideration To Issue A Notice To Meet And Discuss With

10  CCPOA Regarding Housing, Programs, And Work Assignments For Inmates Designated At The

11  CCCMS Level Of Care; and  Recommendation For Intermediate Care Facility Housing, bates

12  numbered CDCR 015846 through CDCR 015938.

13  REQUEST FOR PRODUCTION NO. 36:

14         ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR

15  ability to transfer *COLEMAN* CLASS MEMBERS housed in administrative segregation or

16  administrative segregation overflow housing units for non-disciplinary reasons from October 17,

17  2006 to present.

18  SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:

19         Defendants incorporate each and every objection stated in their November 9, 2007,

20  response to this particular request as well as their overall objections to this set of requests

21  propounded by Plaintiff Coleman.  To the extent the produced documents identify caseload

22  members, Defendants produce these documents subject to any and all protective orders in this

23  matter.

24         Without waiving these objections, Defendants provide the following supplemental response

25  (which will also be provided in electronic format on or about December 7, 2007 with the same

26  bates numbers): See the attached Spreadsheets of EOP Population In ASU Hubs for January

27  2007 through September 2008 bates numbered CDCR 010507 through CDCR 010513, Average

28  ///

1   Monthly EOP Population In ASU Hubs for January 2007 through September 2008, bates

2   numbered CDCR 010513 through CDCR 010516.

3   Dated: December 7, 2007

4                          Respectfully submitted,

5

6                          EDMUND G. BROWN JR.
                           Attorney General of the State of California
7
                           DAVID S. CHANEY
8                          Chief Assistant Attorney General

                           FRANCES T. GRUNDER
9                          Senior Assistant Attorney General

10                         ROCHELLE C. EAST
                           Supervising Deputy Attorney General
11

12

13

                           LISA A. TILLMAN
14                         Deputy Attorney General
                           Attorneys for Defendants
15

16

17

18      30358310.wpd
        SF2007200670
19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

**Case Name:** *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
**Case Nos:**   Civ S 2:90-cv-0520 LKK-JFM P / C01-1351 THE

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On **December 7, 2007,** I served the attached **DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF COLEMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by placing a true copy thereof enclosed in a sealed envelope with **Golden State Overnight,** addressed as follows:

Donald Specter
Prison Law Office
2173 'E' Francisco Blvd., Suite M
San Rafael, CA 94901

Michael Bien
Rosen, Bien and Galvan
315 Montgomery Street, 10th Floor
San Francisco, California 94104

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 7, 2007,** at Sacramento, California.

D. Kulczyk
Declarant                              Signature

30362692.wpd

# EXHIBIT G

1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DAVID S. CHANEY
Chief Assistant Attorney General
3  FRANCES T. GRUNDER
Senior Assistant Attorney General
4  ROCHELLE C. EAST
Supervising Deputy Attorney General
5  MISHA D. IGRA, State Bar No. 208711
Deputy Attorney General
6    1300 I Street, Suite 125
P.O. Box 944255
7    Sacramento, CA 94244-2550
Telephone: (916) 324-5388
8    Fax: (916) 324-5205
Email: Misha.Igra@doj.ca.gov
9
10  Attorneys for Defendant

**RECEIVED**

**DEC 0 6 2007**

**Rosen, Bien & Galvan**

11  IN THE UNITED STATES DISTRICT COURT

12  FOR THE EASTERN DISTRICT OF CALIFORNIA

13  AND THE NORTHERN DISTRICT OF CALIFORNIA

14  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 15  **RALPH COLEMAN, et al.** | No.: Civ S 90-0520 LKK-JFM P |
| 16      Plaintiffs, | |
| 17          v. | |
| 18  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 19      Defendants | |
| 20  **MARCIANO PLATA, et al.,** | No. C01-1351 THE |
| 21      Plaintiffs, | |
| 22          v. | **DEFENDANTS' RESPONSE TO PLAINTIFF COLEMAN'S ~~SECOND REQUEST FOR~~ PRODUCTION OF DOCUMENTS** |
| 23  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 24      Defendants | |

25  **PROPOUNDING PARTY:**    PLAINTIFF RALPH COLEMAN

26  **RESPONDING PARTY:**    DEFENDANTS SCHWARZENEGGER, TILTON,
27                          GENEST, AND MAYBERG

28  **SET NUMBER:**    TWO

1    **REQUEST FOR PRODUCTION NO. 39:**

2    　　　"ALL MEDICAL RECORDS created, maintained and/or in the possession of the

3    DEPARTMENT for the RELEVANT PERSONS."

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

5    　　　Defendants object to this request as overbroad by failing to discriminate between

6    mental health and physical health records.  Physical health records are not relevant to the issues

7    in this proceeding, including whether the inmate is receiving constitutionally adequate mental

8    health care as defined in the court-approved Revised Program Guide, nor whether overcrowding

9    is the primary cause of Defendants' historical failure to provide constitutionally adequate mental

10   health care to inmates with serious mental disorders.

11   　　　Defendants further object on the grounds that Bruce Dickerson is not a member of the

12   certified Coleman class.  As a result, his records are not relevant to the issues in this proceeding.

13   Because he is not a class member, his medical records are protected under HIPAA and do not fall

14   within the protections of the protective order entered in *Coleman v. Schwarzenegger*.

15   　　　Defendants further object on the grounds that Roman Valdez has been paroled, is no

16   longer an inmate, and therefore is not a member of the certified *Coleman* class.  Because Mr.

17   Valdez is not a member of the certified *Coleman* class, his records are not relevant to the issues

18   in this proceeding.

19   　　　Defendants further object on the grounds that the requested records have already been

20   made available to Plaintiffs' counsel in accordance with an agreement between counsel.  Such

21   agreement is memorialized in the emails attached as Exhibit A to these responses.  The

22   agreement was reached before Plaintiffs propounded discovery for the very same documents they

23   have already obtained.  Requiring Defendants to provide Plaintiffs with a second set of the very

24   same documents they have already copied would impose an undue expense and burden upon

25   Defendants which is not outweighed by Plaintiffs' desire to obtain two sets of the same

26   documents.

27   **REQUEST FOR PRODUCTION NO. 40:**

28   　　　"ALL CENTRAL FILES created, maintained and/or in the possession of the

Defendants' Response to Plaintiff's Second Request for Production of Documents

1  DEPARTMENT for the RELEVANT PERSONS."

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

3       Defendants object to this request on the basis of the official information privilege. The

4  request seeks records in the listed inmates' central files, including those which contain

5  confidential gang and witness information, records of investigations. Further, the request is

6  overbroad by seeking documents which are not relevant to the issues in this proceeding.

7       Defendants further object on the grounds that Bruce Dickerson is not a member of the

8  certified Coleman class. As a result, his records are not relevant to the issues in this proceeding.

9  Because he is not a class member, his medical records are protected under HIPAA and do not fall

10  within the protections of the protective order entered in *Coleman v. Schwarzenegger*.

11       Defendants further object on the grounds that Roman Valdez has been paroled, is no

12  longer an inmate, and therefore is not a member of the certified *Coleman* class. Because Mr.

13  Valdez is not a member of the certified *Coleman* class, his records are not relevant to the issues

14  in this proceeding.

15       Defendants further object on the grounds that the requested records have already been

16  made available to Plaintiffs' counsel in accordance with an agreement between counsel. Such

17  agreement is memorialized in the emails attached as Exhibit A to these responses. The

18  agreement was reached before Plaintiffs propounded discovery for the very same documents they

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

1  have already obtained.  Requiring Defendants to provide Plaintiffs with a second set of the very

2  same documents they have already copied would impose an undue expense and burden upon

3  Defendants which is not outweighed by Plaintiffs' desire to obtain two sets of the same

4  documents.

5        Dated:  December 5, 2007

6                                                    Respectfully submitted,

7                                                    EDMUND G. BROWN JR.
                                                     Attorney General of the State of California
8
                                                     DAVID S. CHANEY
9                                                    Chief Assistant Attorney General

10                                                   FRANCES T. GRUNDER
                                                     Senior Assistant Attorney General
11                                                   ROCHELLE C. EAST
                                                     Supervising Deputy Attorney General
12

13

14

15                                                   MISHA D. IGRA
                                                     Deputy Attorney General
16                                                   Attorneys for *Coleman* Defendants

17   ColemanResponseREcords_1.wpd
     SF2007200670
18

19

20

21

22

23

24

25

26

27

28

Defendants' Response to Plaintiff's Second Request for Production of Documents

**EXHIBIT A**

**COLEMAN DEFENDANTS' RESPONSE TO
PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

# Misha Igra - Re: List of Records For Copying by Plaintiffs" Counsel

| | |
|---|---|
| **From:** | Lisa Tillman |
| **To:** | Jane E. Kahn |
| **Date:** | 11/14/2007 4:50 PM |
| **Subject:** | Re: List of Records For Copying by Plaintiffs" Counsel |
| **CC:** | itrujillo@prisonlaw.com.; michael.stone2@cdcr.ca.gov; Misha Igra; sfama@prisonlaw.com |

November 13, 2007

Dear Jane,

As discussed today, my client is willing to have you send a copy service to obtain the UHR and C-file (minus and "confidential" records) on the indicated *Coleman* caseload members for forwarding to your expert, Mr. Haney. Mr. Stone asks only that you (1) provide him with advance notice of the date the copy service will be sent to each site so the litigation coordinator will can have sufficient time to obtain the documents and (2) provide a disk of the information collected.

I also indicated that I am presently determining whether my expert, Dr. Packer, can conduct tours of certain institutions (e.g. CSP-Sacramento, CMF Vacaville, RJD, CIM, SVPP, and possibly others) starting Monday, November 26 (the week following Thanksgiving).

I also indicated I am open to any further discussion concerning the timing of any supplemental reports from the Plaintiffs' and Defendants' experts.

Thanks very much.

Best,
Lisa

>>> "Jane E. Kahn" <jkahn@RBG-Law.com> 11/6/2007 11:00 AM >>>
November 6, 2007

Dear Lisa:

Below are a list of inmate-patients that Dr. Haney interviewed during his expert tours at CIM, SVSP, VSPW and Mule Creek State Prison. We would like to arrange a copy service to go into the prisons to copy the Unit Health Records and Central Files for each of the inmates listed below. We will provide a copy of each file. Please confirm whether we can proceed with this process.

Thank you very much for your consideration of this request.

file://C:\Documents and Settings\IgraM\Local Settings\Temp\GW}00006.HTM            12/5/2007

Sincerely,

Jane Kahn

| Adam Pilger | F-16537 | CIM | |
| R. Valdez | V-94194 | CIM | |
| Sanchez | V-74858 | CIM | |
| McDaniel | V-95501 | CIM | |
| Aguirre | V-13076 | CIM | |
| Pellum | V-29309 | CIM | |
| Helena Marie Marquez aka Selina Sanchez | X-11652 | VSPW | |
| Strain | W-55583 | VSPW | |
| Kimberly Jeffrey | X-17813 | VSPW | |
| Shuma Smith | W-97393 | VSPW | |
| Sophia Winslow | W-56392 | VSPW | |
| Tameka Williams | W-91887 | VSPW | |
| Deed | T-85587 | SVSP | |
| Hall | T-52491 | SVSP | |
| Dickerson | V-42525 | SVSP | |
| Maresca | D-11566 | SVSP | |
| Paul Garcia | J-17311 | SVSP | |
| Armen Yapundzhyan | T-67180 | SVSP | |
| Cota | J-71004 | MCSP | |
| West | V-52033 | MCSP | |
| Cartles Hernandez | V-19323 | MCSP | |
| Sean Newton | F-64950 | MCSP | |
| Cory Schrieber | C-65114 | MCSP | |
| Frank Adams | E-67632 | MCSP | |
| DeShone Smith | T-02831 | MCSP | |
| Myron Hughes | J-91350 | MCSP | |

Jane Kahn

ROSEN, BIEN & GALVAN
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
Telephone:  415/433-6830
Fax:  415/433-7104
jkahn@rbg-law.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited.  If you think you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# EXHIBIT H

## Maria Morris

| | |
|---|---|
| **From:** | Amy Whelan [AWhelan@RBG-Law.com] |
| **Sent:** | Wednesday, June 25, 2008 11:42 AM |
| **To:** | 'Lisa Tillman'; Kyle Lewis |
| **Cc:** | 'Rochelle East'; 'Misha Igra'; Charles Antonen; 'Samantha D. Tama'; 'Paul B. Mello'; Coleman Team - RBG Only; 'Rebekah Evenson'; Sara Norman; 'Alison' |

**Subject:** Discovery Meet and Confer, Plata/Coleman

June 25, 2008

Dear Lisa and Kyle,

Thank you for meeting with me and Rebekah Evenson yesterday afternoon about ongoing Coleman/Plata discovery issues. We are writing to confirm the agreements we reached during the call in the hope of moving forward efficiently with discovery for the Three-Judge trial.

First, we discussed supplemental discovery responses. Lisa conveyed your clients' view that they are not required to supplement any discovery in light of the volume of documents that have already been produced. We disagree with this position, which we believe to be contrary to Rule 26(e). In order to focus those efforts, however, we offered to identify a list of documents that you previously produced, for which we seek updates. We can provide a list of those documents by the end of this week. Lisa agreed to let us know by Thursday of this week whether your clients will agree to provide updates of the documents that we specifically identify. Lisa also agreed to tell us by Thursday whether defendants will supplement incomplete or incorrect interrogatory responses.

Second, we informed you that we intend to tour with our experts unless you will stipulate that conditions have not changed since the last round of tours. Lisa agreed to let us know by Thursday of this week whether defendants will oppose the proposed tours and whether they would be amenable to a stipulation stating that conditions remain unchanged since the last round of tours.

Third, we explained our position that, per Judge Moulds' order, Plaintiffs' counsel are entitled to accompany defense experts on any prison tours they conduct. Lisa explained that she was unaware of any scheduled tours, but agreed to let us know by Thursday if Dr. Packer will conduct additional tours. We discussed Judge Moulds' existing order requiring defendants to provide reasonable notice of any defense expert tours and Lisa said that she would abide by this order. We also said that we would be amenable to having plaintiff and defense experts tour facilities together.

Fourth, we asked about the status of Dr. Packer's and Doug McKeever's expert involvement in the case. Lisa confirmed that Dr. Packer is still a defense expert, but she was not sure about Doug McKeever's ongoing involvement. In any event, Lisa said that defendants would file an amended disclosure if experts change.

Fifth, we discussed defendants' production of *Coleman* tour binders. Lisa said that she intends to produce the remaining 20th round binders within the next two weeks, but refused to produce the 21st round on the grounds that defendants do not believe they are required to supplement their discovery responses. Lisa agreed to take this issue to your clients, however, and will let us know by this Thursday whether defendants will produce the relevant portions of the 21st round binders.

Sixth, we discussed authenticating documents for trial, and preliminarily agreed that we would attempt to reach stipulations regarding the authenticity (and foundation) of documents once the parties have a better sense of trial exhibits and deadlines for the case.

Seventh, we let you know that we are likely to depose James Tilton and Joan Petersilia in early to mid-July. Lisa agreed to determine whether she represents Mr. Tilton. It is our understanding that the Attorney General's office does not represent Ms. Petersilia, but we hope to coordinate her deposition, and Mr. Tilton's, as appropriate.

Finally, Rebekah explained that Plaintiffs need certain data for Dr. James Austin to complete his expert analysis. As you requested, Rebekah will send a letter later today explaining some of the data we seek, and suggesting an informal method for requesting/producing this data.

Thank you again for meeting with us. As we agreed during the call, Rebekah and I will be available Thursday at 2:00 p.m. to follow-up on all of these matters.

Sincerely,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA  94104
T:  415/433-6830
awhelan@rbg-law.com
www.rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

7/15/2008

# EXHIBIT I

**Maria Morris**

| | |
|---|---|
| **From:** | Lisa Tillman [Lisa.Tillman@doj.ca.gov] |
| **Sent:** | Thursday, June 26, 2008 5:16 PM |
| **To:** | Amy Whelan |
| **Cc:** | Charles Antonen; Kyle Lewis; Misha Igra; Rochelle East; 'Paul B. Mello'; Renju P. Jacob; 'Samantha D. Tama'; 'Alison'; Donald Specter; 'Rebekah Evenson'; Sara Norman; Coleman Team - RBG Only |

**Subject:** Re: Discovery Meet and Confer, Plata/Coleman

Dear Ms. Whelan,

We certainly hoped to respond to your inquiries by this afternoon. However, that has not been possible. I trust that you will await further word from us.

Please note that your letter incorrectly states that I agreed to let you know by Thursday if Dr. Packer will conduct additional tours. I do not recall making any such statement. Nor do I recall any discussion of any alleged incomplete or incorrect interrogatory responses. Lastly, I do not acquiesce nor understand your belief that "the Attorney General's office does not represent Ms. Petersilia."

I thank you for your patience and look forward to seeing you tomorrow at the hearing.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
Telephone: 916-327-7872

>>> Amy Whelan <AWhelan@RBG-Law.com> 6/26/2008 4:52 PM >>>
Lisa and Kyle,
We have not yet heard from you in response to the meet and confer issues that we discussed on Tuesday. We understood that you would call us today at 2:00 p.m. so that we could have a better understanding of your positions in advance of tomorrow's status conference. Please let us know when we can expect to hear from you about these issues.

Take care,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA. 94104
T: 415/433-6830
awhelan@rbg-law.com
www.rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>

# EXHIBIT J

PAGES 1 - 43

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES PURSUANT

TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, ET AL., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| VS. | ) NO. CIV LS-90-0520 LKK JFM P |
| | ) |
| ARNOLD SCHWARZENEGGER, ET AL. | ) |
| | ) THREE-JUDGE COURT |
| DEFENDANTS. | ) |
| | ) |

| | |
|---|---|
| MARCIANO PLATA, ET AL., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| VS. | ) NO. C 01-1351 TEH |
| | ) |
| ARNOLD SCHWARZENEGGER, ET AL. | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

**TRANSCRIPT OF PROCEEDINGS**

SAN FRANCISCO, CALIFORNIA
FRIDAY, JUNE 26, 2008

(APPEARANCES ON FOLLOWING PAGES)

***REPORTED BY:***   JOAN MARIE COLUMBINI, CSR 5435, RPR
OFFICIAL COURT REPORTER, U.S. DISTRICT COURT

1  EXPERTS' GOT ENOUGH OF A SENSE OF THE PRISONS AT THAT TIME TO

2  GIVE THE COURT -- THEY'VE ALL WRITTEN THEIR REPORTS.  I DON'T

3  THINK THEY'VE BEEN FILED, BUT THEY HAVE BEEN GIVEN TO THE OTHER

4  SIDE WHICH PROVIDE ALL THE EVIDENCE.  IF WE DO THE SITE

5  INSPECTIONS, WE WILL HAVE TO REDO THOSE OVER AGAIN, AND IT WILL

6  BE A FAIR AMOUNT OF WORK.

7          SO OUR PREFERENCE WOULD BE NOT TO DUPLICATE IT,

8  BECAUSE IT'S EXPENSIVE AND IT'S ALREADY BEEN DONE, BUT WE DON'T

9  WANT TO GET SANDBAGGED LATER.  THAT'S ALL.

10         **JUDGE HENDERSON:**  MR. BIEN.

11         **MR. BIEN:**  I'LL ADDRESS THE OTHER TWO QUESTIONS.

12         IN TERMS OF THE IDEA OF DISCLOSING THE NAMES OF OUR

13  EXPERTS AND THEIR IDENTITIES AND THEN HAVING A PERIOD OF TIME

14  BEFORE THEY FILE THEIR REPORTS, I THINK THE IDEA, AND WE

15  THOUGHT THAT WAS A GOOD IDEA, IN TERMS OF LETTING EVERYONE GET

16  EXPERTS TOGETHER AND KNOW WHAT TOPICS ARE AT ISSUE SO WE DON'T

17  HAVE -- LESS OF A NEED FOR REBUTTAL KIND OF EXPERTS, SORT OF

18  YOU KNOW WHO THE EXPERTS ARE AND THE REPORTS ARE COMING BEFORE

19  THEIR DEPOSITIONS.  IT'S MORE JUST A MATTER OF CONVENIENCE AND

20  EFFICIENCY RATHER THAN ANY DIRE NECESSITY.

21         IN TERMS OF THE DISCOVERY CUTOFFS, WE FEEL THAT THE

22  DATES SUGGESTED BY BOTH THE INTERVENORS AND DEFENDANTS ARE

23  EXTREMELY LIMITING, ESPECIALLY IN LIGHT OF THE STAY THAT WAS IN

24  EFFECT FOR THE LAST THIRTY DAYS.  WE SERVED LITTLE OR NO

25  DISCOVERY SINCE FEBRUARY.  THERE'S BEEN JUST SOME CLEAN-UP ON

1  MATTERS THAT WERE HANGING, AND WE HAVE DONE NO DISCOVERY OF THE

2  INTERVENORS, OTHER THAN SOMETHING THAT WAS FILED WELL BEFORE

3  THE FIRST STAY.  AND THE ODDS OF US BEING ABLE TO SERVE

4  DISCOVERY ON MONDAY AND GET ANSWERS AND FINISH EVERYTHING IN 45

5  DAYS IS VERY LIMITED.

6         WE, OF COURSE, WILL EXPEDITE EVERYTHING, BUT OUR

7  EXPERIENCE IS THERE IS GOING TO NEED TO BE MORE TIME THAN THAT,

8  GIVEN THE KINDS OF OBJECTIONS AND NORMAL KIND OF PROCESS THAT

9  HAPPENS.

10        VERY LITTLE PHASE TWO DISCOVERY WAS DONE, AS YOU

11  RECALL, AND WE REALLY, IN THE INTEREST OF THE SETTLEMENT

12  PROCESS, HELD BACK AND DIDN'T DO DISCOVERY DURING THAT PERIOD,

13  EVEN WHILE DISCOVERY WAS OPEN.  WE DID SOME CLEAN UP OF THINGS

14  THAT WERE HANGING AND FINISHED SOME OF THE MOTIONS THAT WERE

15  PENDING BEFORE MAGISTRATE JUDGE MOULDS.

16        **JUDGE HENDERSON:**  THANK YOU.  COUNSEL FOR CCPOA.

17        **MS. LEONARD:**  YES, THANK YOU, YOUR HONORS.

18        WE TOOK NO POSITION AS TO YOUR QUESTIONS RELATING TO

19  EXPERT DISCOVERY, BUT WE WOULD STAND WITH PLAINTIFFS IN STATING

20  THAT IT WOULD BE A CONVENIENCE TO ALL OF THE PARTIES IN TERMS

21  OF SCHEDULING ON THIS EXPEDITED SCHEDULE TO DO -- TO IDENTIFY

22  TRIAL WITNESSES IN ADVANCE.  WE DO HAVE A LIMITED TIME.  WE

23  WANT TO KEEP THE LIMITED TIME.  WE ALL WANT TO GET TO TRIAL ON

24  THE 17TH.  I THINK IT WOULD BE A MATTER OF EXTREME EFFICIENCY.

25        WITH RESPECT TO SITE VISITS, OF COURSE, EVERY DAY IS

1  A SITE VISIT FOR US, AND WE WOULD TAKE NO POSITION.

2          **JUDGE HENDERSON:**  LET ME MAKE SURE I UNDERSTOOD YOU.

3  IT WOULD BE AN INCONVENIENCE TO DISCLOSE WITNESSES IN ADVANCE?

4          **MS. LEONARD:**  NO, NO, YOUR HONOR.  ON THE CONTRARY,

5  IT WOULD BE A CONVENIENCE TO DISCLOSE THEM TO EXPEDITE THE

6  DISCOVERY SCHEDULE AND DEPOSITION.

7          **MS. EAST:**  YOUR HONOR, DEFENDANTS' POSITION IN

8  PARTICULAR IS THAT THE PERCIPIENT AND PAPER DISCOVERY, THAT

9  THAT CUTOFF BE SOONER, IDEALLY, VERSUS THE DATE WE PROPOSED,

10  WHICH I BELIEVE IS AUGUST 15TH.  THE REASON FOR THAT IS, LIKE

11  PLAINTIFFS, WE, TOO, ARE REALLY GEARING UP AND GOING INTO A

12  PRETRIAL MODE.  OUR FEELING IS THAT, ESPECIALLY WITH THAT

13  TWENTY-DAY DISCOVERY TURNAROUND, THAT SIX WEEKS OF FURTHER

14  DISCOVERY -- AND, AS YOU KNOW, A GREAT DEAL HAS ALREADY TAKEN

15  PLACE -- THAT SHOULD BE ENOUGH TO GET US TO WHERE WE NEED TO

16  GO.

17          WE BELIEVE THE TIME SPENT AFTER THE CLOSE OF THAT

18  KIND OF DISCOVERY IS BETTER SPENT PREPARING THE TESTIMONY BY

19  AFFIDAVIT, PREPARING THE COURT'S BINDERS, AUTHENTICATING

20  DOCUMENTS, FOR EXAMPLE, THOSE SORTS OF THINGS.  SO WHILE

21  CERTAINLY WE BELIEVE THAT SCHEDULE THE DEFENDANTS PROPOSED IS

22  CERTAINLY ONE THAT WE'D OFFER.  THE DATE IN PARTICULAR, WE

23  FEEL, IS APPROPRIATE IS TO HAVE THAT DISCOVERY CUTOFF IN THE

24  MIDDLE OF AUGUST RATHER THAN LATER.

25          AS FAR AS THE EXPERT TESTIMONY -- AGAIN, THERE'S

1   PROBABLY SOME ROOM, AND WE'RE PROBABLY CLOSER TO PLAINTIFFS,

2   AND CERTAINLY -- WE WOULD CERTAINLY BE WILLING TO GIVE THERE.

3   THAT'S NOT OUR ISSUE, NOT LIKE THE PRIOR ONE.

4           AGAIN, THE TRIAL WITNESSES, WE ARE HAPPY TO DISCLOSE

5   THOSE.  BUT, AGAIN, OUR POSITION IS THAT THE DEPOSITIONS BE

6   LIMITED TO THOSE WHO -- THAT WE DEPOSE THE TRIAL WITNESSES AND

7   START REALLY FOCUSING THIS DISCOVERY.  OUR POSITION IS

8   CONDUCTING DISCOVERY IN ORDER TO GET POTENTIALLY MORE

9   DISCOVERY, THAT THAT TIME HAS PROBABLY COME AND GONE, AND,

10  CERTAINLY, WE'VE PRODUCED A GREAT DEAL OF DISCOVERY TO THAT

11  END.

12          **JUDGE KARLTON:**  MAY I INQUIRE?

13          THE PLAINTIFFS SAY THAT THEY'VE GOT TO DO

14  VISITATIONS, BECAUSE THEY FEAR THAT THE DEFENDANTS ARE GOING TO

15  ARGUE THAT ANY POSITION THAT THEY TAKE IS OUT OF -- IS NO

16  LONGER -- THINGS HAVE CHANGED.  ARE YOUR CLIENTS WILLING TO

17  STIPULATE THAT THE TESTIMONY PRESENTED BY THE PLAINTIFFS WILL

18  NOT BE ATTACKED AS BEING OUT OF DATE?  DO YOU UNDERSTAND MY

19  QUESTION?

20          **MS. EAST:**  I DO, YOUR HONOR.  THE PROBLEM IS THAT

21  THE RECEIVER IS OUT THERE, AND THE COLEMAN MASTER IS OUT THERE.

22  TO THE EXTENT THE RECEIVER, FOR EXAMPLE, IS DOING THINGS EVERY

23  SINGLE MONTH --

24          **JUDGE KARLTON:**  SO THE ANSWER IS NO?

25          **MS. EAST:**  I THINK THE ANSWER IS NO.

1       **JUDGE KARLTON:**  SO THEN WHAT WE HAVE TO DO IN ORDER

2  TO ENSURE WE HAVE CURRENT TESTIMONY -- I ASK YOU, NOT TELL

3  YOU -- I'M SORT OF ASKING YOU, ANYWAY -- IS LET THEM GO,

4  BECAUSE OTHERWISE THEY'RE OUT OF DATE?

5       **JUDGE HENDERSON:**  IF THEY LEAVE THAT TRAP OPEN AND

6  DON'T COME IN PREPARED --

7       **MS. EAST:**  IT IS.  IT'S -- CERTAINLY, PLAINTIFFS ARE

8  OBVIOUSLY ENTITLED TO BE PREPARED.  THERE'S NO QUESTION ABOUT

9  THAT.

10      ON THE OTHER HAND, WHAT WE HAVE DONE ARE NUMEROUS

11  SITE INSPECTIONS.  AND, FOR EXAMPLE, PLAINTIFFS' EXPERT WAS OUT

12  JUST THIS PAST MONTH IN CONJUNCTION WITH THE SETTLEMENT

13  PROCEDURES.  AT SOME POINT THERE MUST BE SOME CUTOFF WITH THE

14  SITE INSPECTIONS.

15       **JUDGE REINHARDT:**  WHAT IS THE DATE YOU STOP

16  INTRODUCING CHANGES?

17       **MS. EAST:**  I THINK WE CAN COME TO A DATE SUCH AS

18  THAT, YOUR HONOR, NO QUESTION, BECAUSE, ABSOLUTELY, OTHERWISE,

19  IT'S JUST ALWAYS CHANGING.

20       **JUDGE REINHARDT:**  SO THE ORDER WOULD NOT BE NO

21  FURTHER SITE INSPECTIONS, IT WOULD BE AFTER THE DATE ON WHICH

22  YOU AGREE THAT'S THE LAST TIME THAT YOU WOULD SAY THAT THE

23  EVIDENCE IS RELEVANT?

24       **MS. EAST:**  AGREED.

25       **JUDGE REINHARDT:**  I THINK THAT, RATHER THAN JUST

1    HAVE AN ORDER NOW, YOU AND THE PLAINTIFFS SHOULD GET TOGETHER

2    ON A DATE.

3            **MS. EAST:**  I THINK THAT'S REASONABLE.  YES, YOUR

4    HONOR.

5            **JUDGE HENDERSON:**  ANYTHING FURTHER?

6            **MS. EAST:**  NOT FROM ME, UNLESS THERE'S ANY

7    QUESTIONS.

8            **JUDGE HENDERSON:**  THANK YOU.

9            ANYONE ELSE FROM DEFENDANTS OR INTERVENORS?

10           **MR. KAUFHOLD:**  YOUR HONOR, STEVE KAUFHOLD FOR THE

11   LEGISLATOR INTERVENORS.

12           I JUST WANT TO UNDERSCORE THE POINT THAT WAS MADE

13   ABOUT THE NEED TO HAVE, OBVIOUSLY, A DATE CERTAIN, AS YOU

14   POINTED OUT, JUDGE REINHARDT, BUT WE NEED TO BASE WHATEVER

15   DECISION THE COURT MAKES ON CURRENT OR AS-CLOSE-TO-CURRENT

16   INFORMATION AS WE CAN, IN OUR OPINION.

17           WE THINK IT WOULDN'T DO THE COURT, THE PARTIES, OR

18   THE PUBLIC ANY SERVICE TO BE TALKING ABOUT MAKING A DECISION OF

19   THE IMPORTANCE AND MAGNITUDE THAT YOU ARE BASED ON WHAT THE

20   STATE OF PLAY WAS A YEAR AGO OR MONTHS AGO.

21           SO, WE THINK IT'S IMPORTANT, AND IF THAT MEANS

22   LEAVING OPEN SOME AVENUES OF DISCOVERY TO THE PLAINTIFFS, THEN

23   THAT'S WHAT NEEDS TO BE DONE.

24           **JUDGE REINHARDT:**  IT'S A PROPOSAL BY THE STATE TO

25   CUT IT OFF.  SO IF YOU WANT TO LEAVE IT OPEN THE WHOLE TIME --

1              **MR. KAUFHOLD:**  WELL --

2              **JUDGE REINHARDT:**  WE ARE NOT TALKING ABOUT DATES YOU

3    ARE TALKING ABOUT, THAT THE LEGISLATURE DECIDES TO SOLVE THE

4    PROBLEM IN THE NEXT THREE WEEKS.  I DON'T MEAN PASS A BILL.

5    THEY SAY HERE'S MONEY, WE WOULD RATHER YOU BUILD A MILLION MORE

6    BEDS, NO PROBLEM.  I'M NOT TALKING ABOUT THAT.

7              I'M TALKING ABOUT WHEN CONDITIONS WILL ACTUALLY

8    CHANGE.

9              **MR. KAUFHOLD:**  I UNDERSTAND THAT, YOUR HONOR.

10             WE ARE ALSO OF THE OPINION, FROM WHAT WE'VE READ AND

11   WHAT WE UNDERSTAND, CONDITIONS ARE IMPROVING WITH RESPECT TO

12   THE CONDITIONS IN BOTH CASES.  AND WE THINK THE INFORMATION

13   CONSIDERED BY THIS COURT AT TRIAL NEEDS TO BE CURRENT, AND IT

14   WOULDN'T SERVE ANYONE TO HAVE OUTDATED TESTIMONY, EXPERT

15   REPORTS, AND SO FORTH FOR YOUR CONSIDERATION.  SO TO THE EXTENT

16   THAT THERE WOULD BE A REQUEST THAT THERE BE NO MORE EVIDENCE

17   BEYOND WHAT HAPPENED SIX MONTHS AGO OR SOMETHING LIKE THAT,

18   THEN WE WOULD PART WAYS WITH THE DEFENDANTS ON THAT.

19             **JUDGE KARLTON:**  ASSUMING THAT'S A PERSUASIVE

20   ARGUMENT, AND IT'S CERTAINLY NOT AN UNPERSUASIVE ARGUMENT, AT

21   SOME POINT WE'VE GOT TO SAY -- OTHERWISE, WHAT'S GOING TO

22   HAPPEN IS IN THE MIDDLE OF TRIAL WE ARE GOING TO HAVE TO STOP

23   WHILE EXPERTS GO OUT AND LOOK AT A PRISON THAT'S SUDDENLY

24   BECOME THE MODEL OF THE WORLD.

25             DO YOU AGREE THAT SOMEDAY, WHATEVER IT IS, BECOME

```
 1   THE CUTOFF DATE AFTER WHICH NO EVIDENCE ABOUT SUBSEQUENT
 2   CHANGES WOULD BE APPROPRIATE?
 3            MR. KAUFHOLD:  YES, YOUR HONOR.  OUR POINT IS THAT
 4   SHOULD BE A DATE CLOSER IN TIME TO OUR TRIAL DATE, NUMBER ONE.
 5   AND THEN NUMBER TWO, IN THE MEANTIME, THERE SHOULD BE
 6   REASONABLE LIMITATIONS ON THE SITE VISITS, THE SAME WAY THERE
 7   WOULD BE ON ANY DISCOVERY, WITH THE UNDERSTANDING THAT IT WOULD
 8   BE EXPENSIVE AND INTRUSIVE.  OUR POINT IS JUST THERE SHOULDN'T
 9   BE A DEADLINE SET IN THE PAST FOR STALE EVIDENCE PRESENTED TO
10   THE COURT.
11            JUDGE REINHARDT:  I'M GOING TO ASK YOU A QUESTION
12   YOU MAY NOT HAVE THOUGHT OF.  WHAT SHOULD THAT DATE BE, FROM
13   YOUR POINT OF VIEW?  IF YOU ARE PREPARED TO SAY, "I'M NOT
14   PREPARED," THAT'S FAIR ENOUGH.
15            MR. KAUFHOLD:  I'M NOT PREPARED, BUT I'M GOING TO
16   ANSWER YOU ANYWAY.  I WOULD THINK SOMETHING MORE TOWARD THE END
17   OF THE SUMMER WOULD BE APPROPRIATE, AS OPPOSED TO FREEZING THE
18   STATE OF THE RECORD NOW.
19            JUDGE KARLTON:  THE END OF AUGUST?
20            MR. KAUFHOLD:  SOMETHING MORE LIKE THAT.  THANK YOU,
21   YOUR HONORS.
22            JUDGE HENDERSON:  THANK YOU, COUNSEL.
23            ANY OTHER COMMENTS ON THAT TOPIC?  OKAY.  I'VE COME
24   TO THE END OF MY QUESTIONS.  DO EITHER OF YOU HAVE ANY
25   QUESTIONS YOU WANT TO PUT TO COUNSEL?
```

1          **JUDGE KARLTON:**  I WANT TO TAKE UP A DIFFERENT

2    QUESTION, PERHAPS, WITH THE ATTORNEY FOR THE STATE, IF I MAY.

3          THE SUGGESTION HAS JUST BEEN MADE THAT WHAT WE DO IS

4    SELECT A DATE AT THE END OF THE SUMMER AND THAT THAT BE THE

5    CUTOFF DATE.  DO YOU HAVE A FEELING IN RESPONSE TO THAT?

6          **MS. EAST:**  OFF THE TOP OF MY HEAD, I THINK PROBABLY

7    THE END OF THE SUMMER SOUNDS ABOUT RIGHT.  IF I MAY

8    DOUBLE-CHECK WITH COLEMAN JUST TO MAKE SURE?

9          **JUDGE KARLTON:**  SURE.  WHILE YOU ARE DOING THAT,

10   PLAINTIFFS RESPOND.  GO AHEAD.  PLAINTIFFS RESPOND.

11         **MR. BIEN:**  YOUR HONOR, WE WOULD AGREE WITH THAT.  I

12   MEAN, I THINK THERE'S A NEED TO HAVE SOME DATE WHERE THE

13   PARTIES AGREE THAT THAT'S THE END OF DISCOVERY AND WE ARE GOING

14   TO PRESENT EVIDENCE AS OF THAT TIME.

15         **JUDGE KARLTON:**  ALL RIGHT.

16         **MS. EAST:**  THE END OF AUGUST, I THINK, YOUR HONOR,

17   SOUNDS REASONABLE TO US.

18         **JUDGE KARLTON:**  THANK YOU.

19         **JUDGE HENDERSON:**  SO WE WILL EXPECT COUNSEL TO MEET

20   AND CONFER AND, HOPEFULLY, COME UP WITH A DATE THAT SATISFIES

21   EVERYONE.

22         **JUDGE KARLTON:**  BUT THAT'S GOING TO HAVE TO BE

23   PROMPT.  WE ARE GOING TO START ISSUING ORDERS.  THANK YOU.

24         **JUDGE HENDERSON:**  OKAY.  THANK YOU, COUNSEL.  AND

25   YOUR COMMENTS HAVE BEEN VERY HELPFUL, AND WE APPRECIATE THEM.

```
1    WE'LL GET OUT A SCHEDULING ORDER AS SOON AS WE POSSIBLY CAN.

2              AND LET ME ASK MR. LUI, IS THERE ANY RESPONSES TO

3    ANY OF THIS THAT YOU WOULD LIKE TO MAKE?

4              MR. LIU:  NO, YOUR HONOR.  I MADE MY REMARKS, THANK

5    YOU.

6              JUDGE HENDERSON:  LET ME THANK YOU AND JUSTICE

7    SIGGINS AGAIN.  YOU HAVE DONE A REMARKABLE JOB.

8              MR. LIU:  I'LL RELAY YOUR COMMENTS TO HIM.

9              JUDGE KARLTON:  MAY I ASK MY SPECIAL MASTER WHO

10   HAPPENS TO BE HERE.  MATTY, IS THERE ANYTHING WE SHOULD BE

11   DISCUSSING, THAT YOU'VE HEARD THAT'S GOT YOU...

12             JUDGE HENDERSON:  OKAY.  COURT IS ADJOURNED.  THANK

13   YOU VERY MUCH.

14             (PROCEEDINGS ADJOURNED.)

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3                    **<u>CERTIFICATE OF REPORTER</u>**

4        I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE

5   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

6   CERTIFY THAT THE FOREGOING PROCEEDINGS IN LS-90-0520 LKK,

7   COLEMAN V. SCHWARZENEGGER, AND C 01-1351 TEH, PLATA V.

8   SCHWARZENEGGER, WERE REPORTED BY ME, A CERTIFIED SHORTHAND

9   REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION

10  INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND

11  TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF

12  FILING.

13        THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID

14  TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE

15  COURT FILE.

16

17                    /S/ JOAN MARIE COLUMBINI

18             JOAN MARIE COLUMBINI, CSR 5435, RPR

19                   FRIDAY, JULY 11, 2008

20

21

22

23

24

25