# EXHIBIT K

**Maria Morris**

| | |
|---|---|
| **From:** | Renju P. Jacob [RJacob@hansonbridgett.com] |
| **Sent:** | Friday, June 27, 2008 2:43 PM |
| **To:** | Amy Whelan |
| **Cc:** | Charles Antonen; Kyle Lewis; Misha Igra; Rochelle East; Paul B. Mello; Samantha D. Tama; Alison; Donald Specter; Rebekah Evenson; Sara Norman; Coleman Team - RBG Only; Lisa Tillman |

**Subject:** Discovery Meet and Confer, Plata/Coleman

Dear Amy,

Defendants write to fully respond to issues raised at our discovery meeting on June 24, and your subsequent letter of June 25.   Please note that the Attorney General's Office is currently having issues with power and email access.

Supplemental discovery responses

Plaintiffs propose to provide a list of specific documents that Defendants have already produced, but for which Plaintiffs seek updated documents.  Defendants are willing to consider this request and await Plaintiffs list of documents.  Defendants, however, cannot agree to supplement any documents until Plaintiffs first provide their list of specific documents.

Supplemental interrogatory responses

Plaintiffs ask whether Defendants will supplement their interrogatory responses.  As Defendants have explained previously, we do not recall any discussion of Defendants' interrogatories being incorrect or incomplete.  Defendants maintain that they are under a continuing obligation to supplement discovery.  During the course of discovery, Defendants will determine whether supplemental responses are required.  If supplemental responses are indeed required, Defendants will supplement their interrogatory responses.

Additional Prison Tours

This issue was discussed in detail at today's hearing and it appears likely that the Three-Judge Panel will address this issue in its scheduling order.  As was explained at the hearing, Defendants do not stipulate that conditions have not changed.  Defendants will meet and confer with Plaintiffs next week to determine a deadline in which to complete any necessary tours.  Defendants refer Plaintiffs to the various additional tours and reports that are conducted by OIG, the Special Master and the Receiver to determine the extent  to which conditions have changed.  If Defendants' experts conduct additional tours of prisons, Defendants will provide Plaintiffs with sufficient notice and allow Plaintiffs and Plaintiffs' experts to also tour simultaneously in accordance with Judge Moulds' prior order.

Status of Defendants' Experts on Case

Plaintiffs ask whether  Dr. Packer and Doug McKeever will be experts in these proceedings.

Defendants will list any and all of its experts in its expert disclosures when required by the Court's upcoming Scheduling Order.

### *Coleman* 21st Round Tour Binders

Plaintiffs request supplemental production of the 21st round of *Coleman* tour binders.   Defendants will not produce the 21st round of *Coleman* tour binders.

### Authenticating documents

Plaintiffs seek stipulations from Defendants as to the authenticity and foundation of documents.  Defendants believe that stipulations as to the authenticity of documents at this juncture is premature.  Plaintiffs can serve a Request for Admissions listing the documents they seek for Defendants to admit as to their authenticity.  Once served, Defendants will evaluate the documents in Plaintiffs' Request for Admissions and respond.

### Depositions of Joan Petersilia and James Tilton

Plaintiffs can notice the depositions of Joan Petersilia and James Tilton.  Defendants will attempt to coordinate mutually convenient deposition times.

### Request for data of Plaintiff's expert Jim Austin

Plaintiffs seek data from the CDCR Office of Research, want to directly speak with employees to determine how the data is kept, and ask that CDCR organize and prepare the data in a specified format.

Defendants will not provide this data informally, will not allow Plaintiffs to informally speak with CDCR employees and will not change the form of any data to accommodate Plaintiffs' request.  Plaintiffs are free to serve a request for production of documents and Defendants will evaluate and respond to such a request.

Sincerely,

---

RENJU P. JACOB
Attorney
Hanson Bridgett LLP
(415) 995-5049 Direct
(415) 995-3505 Fax
rjacob@hansonbridgett.com

 **HansonBridgett**

---

 To reduce paper use, we ask that you please consider the environment before printing this e-mail.

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in

this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

---

**From:** Lisa Tillman [mailto:Lisa.Tillman@doj.ca.gov]
**Sent:** Thursday, June 26, 2008 5:16 PM
**To:** Amy Whelan
**Cc:** Charles Antonen; Kyle Lewis; Misha Igra; Rochelle East; Paul B. Mello; Renju P. Jacob; Samantha D. Tama; 'Alison'; Donald Specter; 'Rebekah Evenson'; Sara Norman; Coleman Team - RBG Only
**Subject:** Re: FW: Discovery Meet and Confer, Plata/Coleman

Dear Ms. Whelan,

We certainly hoped to respond to your inquiries by this afternoon. However, that has not been possible. I trust that you will await further word from us.

Please note that your letter incorrectly states that I agreed to let you know by Thursday if Dr. Packer will conduct additional tours. I do not recall making any such statement. Nor do I recall any discussion of any alleged incomplete or incorrect interrogatory responses. Lastly, I do not acquiesce nor understand your belief that "the Attorney General's office does not represent Ms. Petersilia."

I thank you for your patience and look forward to seeing you tomorrow at the hearing.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
Telephone: 916-327-7872

>>> Amy Whelan <AWhelan@RBG-Law.com> 6/26/2008 4:52 PM >>>
Lisa and Kyle,
We have not yet heard from you in response to the meet and confer issues that we discussed on Tuesday. We understood that you would call us today at 2:00 p.m. so that we could have a better understanding of your positions in advance of tomorrow's status conference. Please let us know when we can expect to hear from you about these issues.

Take care,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
T: 415/433-6830
awhelan@rbg-law.com
www.rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com

7/15/2008

# EXHIBIT L



PRISON LAW OFFICE
General Delivery, San Quentin CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Rebekah Evenson
Steven Fama
Penny Godbold
Megan Hagler
Alison Hardy
Kelly Knapp
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

June 27, 2008

Paul Mello
Hanson Bridget Marcus Vlahos & Rudy, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
*via email*

Re: *Plata v. Schwazenegger*, Discovery Meet and Confer

Dear Paul:

In light of the Court's decision to lift the discovery stay in this matter, we would like to set a meeting to discuss the need for supplementing certain discovery responses that your office served in October and November of 2007, as well as a time line for their production. Please let us know at your earliest convenience when we can meet. The particular discovery requests at issue include:

1. Defendants' response to Plaintiffs' Requests for Production Nos. 32 and 33. These requests seek documents that "REFER or RELATE TO any consideration of the effects of" sentencing reform or sentencing commission "on the PRISON population." Your response states, in part, that "the issue" of California's sentencing scheme is not properly before the Three-Judge Panel." This is not correct. The Three Judge Panel has specifically found that measures that indirectly affect population size, including measures to reduce recidivism, are relevant to the remedial phase of the proceedings in this case. *See* 11/09/07 Order (Docket No. 2521) at 4 n.3. Sentencing reform affects the length of sentences, which in turn affect the size of California's prison population; under the Three-Judge Panel's November 9 order, therefore, sentencing reform measures are relevant to the remedial issues before the court.

2. Defendants' response to Plaintiffs' Request for Production No. 39. This request seeks documents and communications referring or relating to "actions, programs, policies, or procedures that YOU have adopted since October 2006 that YOU contend will limit or reduce the number of PLATA CLASS MEMBERS housed in CDCR PRISONS." Your November, 2007 response stated that the request was premature because, at that time, the Panel had divided the trial into two phases, and Request No. 39 related to "Phase II" issues. But as you know, the Panel has since reversed itself, and trial on both Phase I and Phase II issues will be held simultaneously. Accordingly, you must now respond to discovery regarding both Phase I and Phase II issues. [Request No. 39 seeks documents that are directly relevant to the issues to be decided by the Three-Judge Panel, namely, whether under 18 U.S.C. § 3626, it is appropriate to enter a prisoner release order.]

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Paul Mello
June 27, 2008
Page 2

    3. Defendant Tilton's Responses to Interrogatories Nos. 10-11. These interrogatories seek information about actions, programs, or policies that defendants contend "will limit the number of PLATA CLASS MEMBERS housed in CDCR PRISONS," and also request, for each such action, program, policy or procedure, the time frame for implementation, size of anticipated population reduction, and the date by which the population reduction will be effected. Your November, 2007 responses provide substantive information, but also object that the requests were premature because, at that time, the Panel had divided the trial into two phases, and Interrogatory No. 10 related to "Phase II" issues. However, as discussed above, this objection cannot stand in light of the fact that the trial in this matter is no longer phased. Please let us know if you possess any further information not contained in the substantive responses to these Interrogatories.

    4. Defendant Tilton's Responses to Interrogatory No. 12. This interrogatory seeks information about population models relied upon for the response to Interrogatory No. 10. (Please note that there Interrogatory inadvertently requests such information for "YOUR answer to interrogatory fourteen;" it should say "interrogatory number ten."). Your November, 2007 response objects that the request was premature because, at that time, the Panel had divided the trial into two phases, and Interrogatory No. 12 related to "Phase II" issues. However, as discussed above, this objection cannot stand in light of the fact that the trial in this matter is no longer phased.

    5. Supplemental Information. Your discovery responses included information, including data about the prison population, that was current as of the date of response. However, more than six months has passed since you provided your responses. Under Federal Rule of Civil Procedure 26(e), you are required to supplement your responses if they become incomplete or incorrect. Assuming this data has changed since then, supplemental responses will be necessary for, *inter alia*, Interrogatory No. 13 [list of prisons with lockdowns] and RFP Nos. 27-31.

    I look forward to your prompt response.

                Sincerely,

                /s/

                Rebekah Evenson

cc:    Rochelle East
       Renju Jacob
       RBG Co-Counsel
       *via email*

# EXHIBIT M

## Maria Morris

| | |
|---|---|
| **From:** | Amy Whelan |
| **Sent:** | Tuesday, July 01, 2008 1:12 PM |
| **To:** | 'Renju P. Jacob' |
| **Cc:** | Charles Antonen; Kyle Lewis; Misha Igra; Rochelle East; Paul B. Mello; Samantha D. Tama; Alison; Donald Specter; Rebekah Evenson; Sara Norman; Coleman Team - RBG Only; Lisa Tillman; Coleman KL Gates |
| **Subject:** | RE: Discovery Meet and Confer, Plata/Coleman |
| **Attachments:** | Attachment to AW 7-1-08 Discovery Meet and Confer Email to Defs.DOC |

Dear Renju,

Thank you for your response to outstanding discovery issues. I am writing specifically to provide you with the list of documents that we would like defendants to supplement as soon as possible (the first item listed in your attached email). Each of the items on our list is both 1) responsive to previously-served document requests, and 2) an update to a document you have already produced in discovery.

Please be aware that we also requested these documents in the *Coleman* third request for production of documents, which was served yesterday. We believe, however, that defendants are obligated to provide the requested supplemental documents because your earlier document production does not include the most current information, thus rendering it "incomplete" and "inaccurate" within the meaning of Fed. R. Civ. P. 26(e). We request that defendants provide the items on the list on or before July 11, 2008. Please let me know by close of business tomorrow, July 2nd, whether defendants will agree to provide updated copies of these documents.

The attached word document provides the title or description of the documents we would like supplemented as well as the bates number of the older version previously produced during discovery. Unless otherwise indicated, we would like all updated versions of these documents since January 1, 2008.

Thank you again for your response--we look forward to hearing from you by the close of business tomorrow (July 2nd) as to whether defendants will agree to supplement these specific documents.

Sincerely,

Amy Whelan, Esq.
Rosen, Bien & Galvan LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
T: 415/433-6830
awhelan@rbg-law.com
www.rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this

# Plaintiffs' Request for Updated Documents

1.  "CDCR Inmate Population, Rehabilitation, and Housing Management Plan." *See, e.g.,* CDCR009402.[1]

2.  "CDCR Inmate Population Management and Bed Utilization Plan." *See, e.g.,* E_CDCR_004390.

3.  "CDCR Master Bed List." *See, e.g.,* CDCR016501, CDCR016428.

4.  "Planned Staffed Capacity Chart." *See, e.g.,* CDCR022035.

5.  "CDCR Emergency Bed Management Short Term Plan—12-18 Months." *See, e.g.,* DOF004904.

6.  "Mens' Bed Tables 718 521pm.xls." *See, e.g.,* E_CDCR_013644.

7.  "Female Bed Table 719 853am.xls." *See, e.g.,* E_CDCR_013679.

8.  "Parolees by County" excel spreadsheet. *See, e.g.,* E_CDCR_003639.

9.  Document showing the status of county participation in reentry projects and the status of parolees by county. *See, e.g.,* CDCR002218.

10. "Inmate Activation Schedule (IAS)" document as referenced by DOF004904.

11. "California Strategic Growth Plan" documents since January 10, 2007. *See, e.g.,* E_DOF006857.

12. "CDCR County Backlogs Resulting from Deactivation on [sic] Nontraditional Beds." *See, e.g.,* E_CDCR_014829.0002.

13. "Non-traditional OC.xls." *See, e.g.,* E_CDCR_014830.

14. "Non-Traditional Overcrowding Beds Activated through [date], Deactivation Priority." *See, e.g.,* E_CDCR_014829.0001.

15. "GAP Analysis Mental Health Bed Needs." *See, e.g.,* DOF008374.

16. "CCCMS Potential Additional Intake to 130%." *See, e.g.,* CDCR010591.

17. "Mental Health Population – Placement Per Institution" documents since April of 2008. *See, e.g.,* CDCR010397.

18. Documents regarding Assembly Bill 900 "Population Management." *See, e.g.,* E_PRIV_021536.

19. Documents regarding Assembly Bill 900 "Reentry." *See, e.g.,* E_PRIV_021540.

20. Documents regarding Assembly Bill 900 "Management Projects." *See, e.g.,* E_PRIV_021525.

---

[1] All bates numbers provided refer to only the first page of the referenced document.

21.　Documents regarding Assembly Bill 900 "Rehabilitation." *See, e.g.,* E_PRIV_021516.

22.　Documents regarding Assembly Bill 900 "Jail Bonds." *See, e.g.,* E_PRIV_ 021514.

23.　"Project Listing Priority Sort [date].xls." *See, e.g.,* E_PRIV_012854.

24.　"SRO_7_version_1.xls." *See, e.g.,* E_PRIV_177784.

25.　"Sum7Aver.xls." *See, e.g.,* E_PRIV_177773.

26.　"May Revise Table 1 (v.9) 5-YR (Bed Activation Projections)." *See, e.g.,* DOF004925.

27.　"Preliminary & Final Reports/Comments on Site Assessments at Institutions re: AB 900 projects" (related to infrastructure assessments, infill, and construction). *See, e.g.,* E_CDCR_013273.

28.　"CDCR Estimated Construction Schedule for Infill Bed Plan." *See, e.g.,* E_CDCR_019201.

29.　"AB 900 Construction Briefing Backup.xls." *See, e.g.*, E_PRIV_083740.

30.　"AB 900 Construction Schedule." *See, e.g.,* E_CDCR_003507.0001.

31.　"AB 900 Barriers Report." *See, e.g.,* DOF008162.

32.　"CDCR AB 900 Implementation Barriers." *See, e.g.,* E_CDCR_003423.

# EXHIBIT N

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | ) No.  Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | ) |
| | ) **THREE-JUDGE COURT** |
| vs. | ) |
| | ) **PLAINTIFF RALPH COLEMAN'S THIRD** |
| | ) **REQUEST FOR PRODUCTION OF** |
| ARNOLD SCHWARZENEGGER, et al., | ) **DOCUMENTS TO DEFENDANTS** |
| | ) **SCHWARZENEGGER, CATE, GENEST, AND** |
| Defendants | ) **MAYBERG** |
| MARCIANO PLATA ,et al., | ) No. C01-1351 TEH |
| Plaintiffs, | ) |
| | ) **THREE-JUDGE COURT** |
| vs. | ) |
| | ) |
| ARNOLD SCHWARZENEGGER, et al., | ) |
| | ) |
| Defendants | ) |

[219754-2]

**PROPOUNDING PARTIES:**   PLAINTIFF RALPH COLEMAN

**RESPONDING PARTIES:**   DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND MAYBERG

**SET NUMBER:**   THREE

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Ralph Coleman requests that Defendants Schwarzenegger, Cate, Genest, and Mayberg ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, Rosen, Bien & Galvan, LLP at 315 Montgomery Street, 10th Floor, San Francisco, California, 94104. Responses to these Requests shall be due twenty-one (21) days after service pursuant to Magistrate Judge Moulds' 10/30/07 Order [Docket 2495].

**I.    INSTRUCTIONS**

1.    The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2.    The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3.    The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4.    The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5.    Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are maintained); or (b) organized and labeled to correspond with the categories of the Requests to which they respond.

[219754-2]

6.      If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

7.      In construing the Requests herein, the singular shall include the plural and the plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other genders, so that the interpretation applied results in the more expansive production. The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit the documents or information sought in any manner.

8.      If any Request demands production of documents that have been lost, discarded, or destroyed, identify such documents as completely as possible. Such identification shall include, but is not limited to, a description of the subject matter of the document, the author of the document, the date of the document's creation, the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

9.      For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, furnish a list identifying each document, or portion thereof, not produced for this reason, together with the following information: (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, and responsibilities, and relationship to Defendants of all persons who either prepared or received the document; (e) the number of pages and attachments; (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion thereof that may not properly be redacted or withheld in its entirety, produce each and every portion thereof to which the claimed privilege or exemption does not apply and specify, on the face of each such page or portion, the fact and reason for the redaction or withholding.

[219754-2]

## II.    DEFINITIONS

1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2.    "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

3.    "INCLUDING" means "including, but not limited to," and is not to be construed to limit a Request.

4.    "COMMUNICATIONS" means any recorded transfer of information or impression, whether it be by digital, electronic, audio, visual, written or other means.

5.    "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

6.    "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

[219754-2]

7.    "CDCR PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated, including DMH facilities, and any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB 900.

8.    "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table, or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

9.    "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), non profit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

10.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

11.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious mental disorders, including but not limited to those CDCR inmate-patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental health crisis beds, and acute care beds.

III.    **RELEVANT TIME PERIOD**

1.    The "RELEVANT PERIOD," unless otherwise indicated, shall be from January 1, 2008 to the present, and shall include ALL DOCUMENTS dated, prepared, generated OR received during the RELEVANT PERIOD and ALL DOCUMENTS and information that RELATE in whole OR in part to such period, OR to events OR circumstances during such period, even though dated, prepared, generated OR received prior OR subsequent to the RELEVANT PERIOD.

[219754-2]

1

## REQUESTS FOR PRODUCTION

2    **REQUEST FOR PRODUCTION NO. 41:**

3        All updated versions, including attachments, of the "CDCR Inmate Population,

4    Rehabilitation, and Housing Management Plan" DOCUMENT. *See, e.g.,* CDCR009402.[1]

5    **REQUEST FOR PRODUCTION NO. 42:**

6        All updated versions, including attachments, of the "CDCR Inmate Population

7    Management and Bed Utilization Plan" DOCUMENT. *See, e.g.,* E_CDCR_004390.

8    **REQUEST FOR PRODUCTION NO. 43:**

9        All updated versions, including attachments, of the "CDCR Master Bed List"

10   DOCUMENT. *See, e.g.,* CDCR016501, CDCR016428.

11   **REQUEST FOR PRODUCTION NO. 44:**

12       All updated versions, including attachments, of the "Planned Staffed Capacity Chart"

13   DOCUMENT. *See, e.g.,* CDCR022035.

14   **REQUEST FOR PRODUCTION NO. 45:**

15       All updated versions, including attachments, of the "CDCR Emergency Bed Management

16   Short Term Plan—12-18 Months" DOCUMENT. *See, e.g.,* DOF004904.

17   **REQUEST FOR PRODUCTION NO. 46:**

18       All updated versions, including attachments, of the "Mens' Bed Tables 718 521pm.xls"

19   DOCUMENT. *See, e.g.,* E_CDCR_013644.

20   **REQUEST FOR PRODUCTION NO. 47:**

21       All updated versions, including attachments, of the "Female Bed Table 719 853am.xls"

22   DOCUMENT. *See, e.g.,* E_CDCR_013679.

23   **REQUEST FOR PRODUCTION NO. 48:**

24       All updated versions, including attachments, of the "Parolees by County" excel spreadsheet

25   DOCUMENT. *See, e.g.,* E_CDCR_003639.

26

27   [1] All bates numbers provided in this request refer to only the first page of the referenced
     document.

28

[219754-2]

**REQUEST FOR PRODUCTION NO. 49:**

All updated versions, including attachments, of the DOCUMENT showing the status of county participation in reentry projects and the status of parolees by county. *See, e.g.,* CDCR002218.

**REQUEST FOR PRODUCTION NO. 50:**

All updated versions, including attachments, to the "Inmate Activation Schedule (IAS)" document as referenced by DOF004904.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS related to any updated versions of the "California Strategic Growth Plan" since January 10, 2007. *See, e.g.,* E_DOF006857.

**REQUEST FOR PRODUCTION NO. 52:**

All updated versions, including attachments, of the "CDCR County Backlogs Resulting From Deactivation on [sic] Nontraditional Beds" DOCUMENT. *See, e.g.,* E_CDCR_014829.0002.

**REQUEST FOR PRODUCTION NO. 53:**

All updated versions, including attachments, of the "Non-traditional OC.xls" DOCUMENT. *See, e.g.,* E_CDCR_014830.

**REQUEST FOR PRODUCTION NO. 54:**

All updated versions, including attachments, of the "Non-Traditional Overcrowding Beds Activated through June 2007, Deactivation Priority" DOCUMENT. *See, e.g.,* E_CDCR_014829.0001.

**REQUEST FOR PRODUCTION NO. 55:**

All updated versions, including attachments, of the "GAP Analysis Mental Health Bed Needs" DOCUMENT. *See, e.g.,* DOF008374.

**REQUEST FOR PRODUCTION NO. 56:**

All updated versions, including attachments, of the "CCCMS Potential Additional Intake to 130%" DOCUMENT. *See, e.g.,* CDCR010591.

[219754-2]

**REQUEST FOR PRODUCTION NO. 57:**

All updated versions, including attachments, of the "Mental Health Population – Placement Per Institution" DOCUMENT since April of 2008. *See, e.g.,* CDCR010397.

**REQUEST FOR PRODUCTION NO. 58:**

All updated versions, including attachments, of the Assembly Bill 900 "Population Management" DOCUMENT. *See, e.g.,* E_PRIV_021536.

**REQUEST FOR PRODUCTION NO. 59:**

All updated versions, including attachments, of the Assembly Bill 900 "Reentry" DOCUMENT. *See, e.g.,* E_PRIV_021540.

**REQUEST FOR PRODUCTION NO. 60:**

All updated versions, including attachments, of the Assembly Bill 900 "Management Projects" DOCUMENT. *See, e.g.,* E_PRIV_021525.

**REQUEST FOR PRODUCTION NO. 61:**

All updated versions, including attachments, of the Assembly Bill 900 "Rehabilitation" DOCUMENT. *See, e.g.,* E_PRIV_021516.

**REQUEST FOR PRODUCTION NO. 62:**

All updated versions, including attachments, of the Assembly Bill 900 "Jail Bonds" DOCUMENT. *See, e.g.,* E_PRIV_ 021514.

**REQUEST FOR PRODUCTION NO. 63:**

All updated versions, including attachments, of the "Project Listing Priority Sort [date].xls" DOCUMENT. *See, e.g.,* E_PRIV_012854.

**REQUEST FOR PRODUCTION NO. 64:**

All updated versions, including attachments, of the "SRO_7_version_1.xls" DOCUMENT. *See, e.g.,* E_PRIV_177784.

**REQUEST FOR PRODUCTION NO. 65:**

All updated versions, including attachments, of the "Sum7Aver.xls" DOCUMENT. *See, e.g.,* E_PRIV_177773.

[219754-2]

**REQUEST FOR PRODUCTION NO. 66:**

All updated versions, including attachments, of the "May Revise Table 1 (v.9) 5-YR (Bed Activation Projections)" DOCUMENT. *See, e.g.,* DOF004925.

**REQUEST FOR PRODUCTION NO. 67:**

All updated versions, including attachments, of the "Preliminary & Final Reports/Comments on Site Assessments at Institutions re: AB 900 projects" DOCUMENT (related to infrastructure assessments, infill, and construction). *See, e.g.,* E_CDCR_013273.

**REQUEST FOR PRODUCTION NO. 68:**

All updated versions, including attachments, of the "CDCR Estimated Construction Schedule for Infill Bed Plan" DOCUMENT. *See, e.g.,* E_CDCR_019201.

**REQUEST FOR PRODUCTION NO. 69:**

All updated versions, including attachments, of the "AB 900 Construction Briefing Backup.xls" DOCUMENT. *See, e.g.,* E_PRIV_083740.

**REQUEST FOR PRODUCTION NO. 70:**

All updated versions, including attachments, of the "AB 900 Construction Schedule" DOCUMENT. *See, e.g.,* E_CDCR_003507.0001.

**REQUEST FOR PRODUCTION NO. 71:**

All updated versions, including attachments, of the "AB 900 Barriers Report" DOCUMENT. *See, e.g.,* DOF008162.

**REQUEST FOR PRODUCTION NO. 72:**

All updated versions, including attachments, to the "CDCR AB 900 Implementation Barriers" DOCUMENT. *See, e.g.,* E_CDCR_003423.

**REQUEST FOR PRODUCTION NO. 73:**

All updated versions, including attachments, of the "Mission Program Status Reports," "Division of Adult Institutions All Modified/Lockdown Programs by Institution," and "Division of Adult Institutions Lockdowns/Modified Programs" DOCUMENTS, all of which were previously attached as Exhibit A to the Responses of James E. Tilton to the *Plata* Plaintiffs' First Set of Interrogatories.

[219754-2]

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS related to any presentations, testimony, or speeches made by YOU to the following legislative committees since January 1, 2007:  Senate Committee on Public Safety; Senate Rules Committee; Senate Budget and Fiscal Review Committee, Subcommittee #4 (State Administration); Senate Budget and Fiscal Review Committee, Subcommittee #3 (Health); Senate Prison Population Mgmt & Capacity; Assembly Select Committee on Prison Construction and Operations; Assembly Committee on Public Safety; Assembly Committee on Budget, Subcommittee #4 (State Administration).

**REQUEST FOR PRODUCTION NO. 75:**

All Budget Concept Statements, Budget Change Proposals (BCPs), Capital Outlay Budget Change Proposals (COBCPs) and Finance Letters that REFER OR RELATE to AB 900 projects or programs, recidivism reduction programs, out-of-state transfers, *Coleman* bed plan projects, staffing requests, *Coleman* orders, and *Coleman* staffing.

**REQUEST FOR PRODUCTION NO. 76:**

All contracts YOU have entered into with counties related to AB 900 projects, construction or funding, including but not limited to Re-entry facilities or jail construction.

**REQUEST FOR PRODUCTION NO. 77:**

All contracts YOU have entered into with counties and other entities regarding mental health day treatment programs or parole continuum care for mental health treatment.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS that REFER OR RELATE to or are reports, memorandums or status updates produced by the Facilities and Rehabilitation Strike Teams since December of 2007.

**REQUEST FOR PRODUCTION NO. 79:**

All updated versions of the "CDCR Annual Report on Suicides" since 2006.

**REQUEST FOR PRODUCTION NO. 80:**

All updated versions of the Mental Health Bed Need Study prepared by McManis Consulting and/or Navigant Consulting since August of 2007.

[219754-2]

**REQUEST FOR PRODUCTION NO. 81:**

All May Revise Proposals (FY 2008/09) prepared by YOU for the 2008/2009 budget.

**REQUEST FOR PRODUCTION NO. 82:**

All May Revise DOCUMENTS prepared by YOU related to inmate or parolee bed activations or deactivations.

**REQUEST FOR PRODUCTION NO. 83:**

ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to the "Runner Initiative" (AG Identification Number 07-0094).

**REQUEST FOR PRODUCTION NO. 84:**

ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE to "Marsy's Law" (AG Identification Number 07-0100).

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS produced by YOU to the *Coleman* Special Master's team in connection with the 21st round of on-site and off-site monitoring tours.

**REQUEST FOR PRODUCTION NO. 86:**

ALL missing monthly data and reports, from January 1, 2008 to the present, as required by the *Coleman* Court's January 19, 1999 Order (monthly statistics).

**REQUEST FOR PRODUCTION NO. 87:**

All updated versions, including attachments, of the "Division of Correctional Health Care Services Mental Health Institution Vacancies By Institution By Classification" DOCUMENT.

**REQUEST FOR PRODUCTION NO. 88:**

All updated versions, including attachments, of the "California Department of Corrections and Rehabilitation Division of Correctional Health Care Services Mental Health Services Delivery System 2006 Revised Program Guide *Coleman* Court Approved Standard Staffing Guidelines" DOCUMENT.

1  **REQUEST FOR PRODUCTION NO. 89:**

2      All updated versions, including attachments, of the "EOP ASU Length of Stay Report"

3  DOCUMENT for stays longer than thirty, sixty and ninety days.

4  **REQUEST FOR PRODUCTION NO. 90:**

5      All updated versions, including attachments, of the "Mental Health Construction Projects"

6  DOCUMENT.

7  **REQUEST FOR PRODUCTION NO. 91:**

8      All updated versions, including attachments, of the "MHSDS Weekly MIS Summary

9  Report" DOCUMENT.

10  **REQUEST FOR PRODUCTION NO. 92:**

11      All updated versions, including attachments, of the "MHCB Waiting List" DOCUMENT.

12  **REQUEST FOR PRODUCTION NO. 93:**

13      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

14  RELEVANT TIME PERIOD that REFER or RELATE to the Governor's January 10, 2008, 2008-

15  2009 budget proposal to release 22,159 inmates.

16  **REQUEST FOR PRODUCTION NO. 94:**

17      ALL DOCUMENTS and COMMUNICATIONS created, exchanged, or made during the

18  RELEVANT TIME PERIOD that REFER or RELATE to the Governor's decision to withdraw his

19  January 10, 2008, 2008-2009 budget proposal to release 22,159 inmates.

20

21  Dated:  June 30, 2008                              Respectfully submitted,

22                                                     ROSEN, BIEN & GALVAN, LLP

23

24                                                     By: _____

25                                                         Amy Whelan
                                                           Attorneys for Plaintiffs

26

27

28

PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND MAYBERG - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219754-2]

# PROOF OF SERVICE

I, Sofia Millham, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, Tenth Floor, San Francisco, California 94104. On June 30, 2008, I served the following document:

**PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND MAYBERG**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [ X ] | **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | **By overnight delivery**. I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Galvan's facsimile transmission telephone number, (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

[219754-2]

**All documents were sent to the following persons:**

Lisa A. Tillman
Deputy Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Rochelle East
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

Lead Counsel for County Intervenors
Ann Miller Ravel
Theresa Fuentes
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

California Correctional Peace Officers'
Association (CCPOA) Intervenors
Natalie Leonard
Gregg MacClean Adam
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Republican Assembly and Senate Intervenors
Steven S. Kaufhold
Akin, Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

District Attorney Intervenors
William E. Mitchell
Assistant District Attorney
Riverside County District Attorney's
Office
4075 Main Street, First Floor
Riverside, CA 92501

County of Sonoma Intervenors
Anne L. Keck, Deputy County Counsel
Steven Woodside
575 Administration Drive, Room 105A
Santa Rosa, CA 95403

California Sheriff, Probation, Police
Chief and Corrections Intervenors
Jones & Mayer LLP
Martin J. Mayer
Michael R. Capizzi
Kimberly Hall Barlow
Elizabeth R. Feffer
3777 North Harbor Boulevard
Fullerton, CA 92835

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 30th day of June, 2008, at San Francisco, California.

Sofia Millham

PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND MAYBERG - NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[219754-2]

# EXHIBIT O

SANFORD JAY ROSEN[1]
MICHAEL W. BIEN
ERNEST GALVAN
GAY C. GRUNFELD

JANE KAHN[2]

# ROSEN, BIEN & GALVAN, LLP

ATTORNEYS AT LAW
315 MONTGOMERY STREET, TENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 433-6830
FAX: (415) 433-7104
EMAIL: rbg@rbg-law.com
www.rbg-law.com

HOLLY BALDWIN
LISA ELLS
SHIRLEY HUEY[3]
MEGHAN LANG
SARAH LAUBACH
ANNE MANIA
NURA MAZNAVI
MARIA MORRIS[4]
THOMAS NOLAN
LORI RIFKIN[5]
LOREN STEWART
KENNETH WALCZAK[6]
AMY WHELAN
SARAH O. ZIMMERMAN[6]

July 9, 2008

<u>VIA U.S. MAIL AND EMAIL</u>

Lisa A. Tillman, Esq.
Deputy Attorney General
Office of the Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

> Re:   *Coleman / Plata* Overcrowding Discovery Meet and Confer
> <u>Our File No. 0489-3</u>

Dear Ms. Tillman:

Plaintiffs write to request supplemental answers by defendants to previously served discovery requests as specified below. We are providing specific interrogatories and requests for production in an effort to streamline the discovery and to ensure that only targeted documents and answers are produced. Under Federal Rule of Civil Procedure 26(e), you are required to supplement your responses if they become incomplete or incorrect.

In order to keep discovery moving in accordance with the Court deadlines, we need to know by noon on Friday, July 11th if defendants will provide supplemental responses and, if defendants agree to do so, the timeframe for providing them. You previously represented during a meet and confer phone call on June 24, 2008 that defendants will not provide supplemental responses to discovery requests due to the large volume of documents already produced. As we informed you during and after that phone call, we disagree. If we do not hear from you by noon on June 11th, we will assume defendants maintain this position with respect to the discovery requests identified in this letter, and we will bring this matter before Magistrate Judge Moulds. The particular requests for which we request supplemental answers are as follows:

## I.   INTERROGATORIES

<u>Defendant Tilton's Responses to Ralph Coleman's Interrogatory Nos. 1-9.</u> These interrogatories deal with key issues in this case, including the causes for the constitutional violations that plaintiffs allege exist, any obstacles or barriers defendants face in

[1]MEMBER OF THE CONNECTICUT AND THE CALIFORNIA BAR
[2]OF COUNSEL
[3]MEMBER OF THE WASHINGTON, D.C. AND THE CALIFORNIA BAR
[4]MEMBER OF THE NEW YORK AND THE CALIFORNIA BAR
[5]MEMBER OF THE CONNECTICUT, NEW YORK AND THE CALIFORNIA BAR
[6]MEMBER OF THE ILLINOIS AND THE CALIFORNIA BAR

Lisa Tillman
July 9, 2008
Page 2

providing adequate mental health care, the date by which adequate mental health care will be provided, all steps that defendants must take to provide constitutionally adequate care and any action defendants contend the court could take to relieve the problems with the mental healthcare system. Defendants responded to these interrogatories on November 9, 2007. If they have any additional responsive information for the period from January 1, 2008 to the present, or if the original responses are incomplete or inaccurate for any reason (including the passage of time), please provide a supplemental response.

Defendant Tilton's Responses to Ralph Coleman's Interrogatory Nos. 10-15. These interrogatories specifically target defendants' efforts to limit or reduce both the general and the *Coleman* populations in the prisons, the timeframes for those limitations or reductions and any models defendants intend to use for those efforts. Defendants responded to these interrogatories on November 9, 2007. If they have any additional responsive information for the period from January 1, 2008 to the present, or if the original responses are incomplete or inaccurate for any reason (including the passage of time), please provide a supplemental response.

Defendant Tilton's Responses to Ralph Coleman's Interrogatory Nos. 23-24. These interrogatories seek data regarding all 3CMS and EOP prisoners who paroled directly from Reception Centers and the numbers of 3CMS and EOP prisoners who have remained in Reception Centers beyond the transfer timelines set forth in the Program Guide. Specifically, we request that defendants supplement this information from March 1, 2008 to the present. Defendants responded to these interrogatories on November 9, 2007. If they have any additional responsive information for the period from January 1, 2008 to the present, or if the original responses are incomplete or inaccurate for any reason (including the passage of time), please provide a supplemental response.

## II.     REQUESTS FOR PRODUCTION OF DOCUMENTS

We also request that defendants update their document production for the time period January 1, 2008 to the present for the following requests for production:

Defendants' Response to Coleman's First Request for Production No. 7. This requests targets defendants' efforts to limit or reduce the prison population according to recommendations made in the Expert Panel report. We request all documents regarding such efforts, including but not limited to documents from the Rehabilitation and Facilities Strike Teams and other persons or entities working on these issues.

Defendants' Response to Coleman's First Request for Production No. 20. This request targets all documents and communications regarding community treatment or the use of community beds for *Coleman* class members and parolees with mental illness.

[221737-1]

Lisa Tillman
July 9, 2008
Page 3

     <u>Defendants' Response to Coleman's First Request for Production No. 22</u>.  This request targets defendants' use of alternative sites for MHCBs, including OHUs, MOHUs and holding cells.

     <u>Defendants' Responses to Coleman's First Request for Production Nos. 24-26</u>. These requests target defendants' tracking of *Coleman* class members in Reception Centers, the ability to transfer class members out of Reception Centers and defendants' ongoing efforts to provide mental healthcare in the Reception Centers.

     <u>Defendants' Responses to Coleman's First Request for Production Nos. 27-30</u>. These requests target defendants' efforts, if any, to reduce or limit the *Coleman* population as well as defendants' determinations about capacity levels for class members at the prisons both at the time the MHSDS was created and for the last five years. Request 30 also asks for documents regarding any staffing, space or other resource changes related to those changed capacities.  We note that while defendants agreed to produce documents in response to Request No. 27, they failed to do so for Requests 28-30 because of defendants' contention that plaintiffs know this information from prior expert inspections, monitoring tours conducted by the Special Master, monthly reports provided to the Special Master and other information provided at "semi-annual meetings."  As you know, however, we are permitted to attend very few Special Master tours and there have been very large gaps in the monthly statistics provided to plaintiffs. In fact, we have not received monthly data since March of 2008 and even that data was missing several of the required enclosures.

     <u>Defendants' Responses to Coleman's First Request for Production Nos. 31-32</u>. These requests have to do with defendants' commission of a workload study to determine adequate staffing and program / treatment space for the *Coleman* class.

     <u>Defendants' Responses to Coleman's First Request for Production No. 34-35</u>. These requests target defendants' communications and documents regarding overcrowding (the key focus of this litigation) and defendants ability to place class members at appropriate mental health levels of care based on their diagnoses.  With respect to Request No. 35, you previously agreed to ask individual institutions for that information in addition to headquarters staff.

     <u>Defendants' Response to Coleman's First Request for Production No. 38</u>.  This request targets documents related to standards, guidelines, protocols, or procedures for the provision of mental health care in community-based housing programs, including, but not limited to CCFs.

     <u>Defendants' Responses to Plaintiffs' First Request for Production No. 34</u>. Rebekah Evenson from the Prison Law Office sent a letter to Paul Mello on June 27, 2008 requesting supplemental responses to various requests served on September 5, 2007.  In addition to the requests mentioned in Ms. Evenson's letter, plaintiffs also

[221737-1]

Lisa Tillman
July 9, 2008
Page 4

request a supplemental response to request No. 34, which targets documents that refer or relate to any consideration of the effects of changes to parole policies on the prison population.

During the prior round of discovery regarding these requests, you asked specified staff members in the Healthcare Services Division, the Health Care Placement Unit, the Facilities Management Division, the Division of Adult Institutions, the CDCR Budget office, the Office of Strategic Planning, and the Division of Adult Parole Operations for this information. *See* **Appendix A** (11/20/07 email from you specifying these staff members). We would be amenable to you limiting the requests to these sorts of key staff members again as long as you update the list with appropriate divisions and staff members. We know, for instance, that Doug McKeever has moved to the Department of Juvenile Justice. We would like to discuss the list with you, however, so that we can reach agreement about the appropriate people. We also note that these requests are addressed to all defendants in this matter, which means that appropriate staff in the Governor's office, the Department of Finance and the Department of Mental Health should also be included.

Finally, we also reached agreement in November of 2007 that you would distribute institution-specific questions to appropriate staff members at the institutions in addition to requesting information from headquarter staff members. Attached to this letter as **Appendix B** are the specific questions that you distributed to institutions at that time. Plaintiffs request that you resend all 9 questions to appropriate institutional staff for the time period of January 1, 2008 to the present.

I look forward to hearing from you by noon on July 11, 2008.

Yours truly,

ROSEN, BIEN & GALVAN, LLP

*/s/ Amy Whelan*

By: Amy Whelan

AW:aw

cc:    Rochelle East (via email)
       Paul Mello (via email)
       Renju Jacob (via email)
       Samantha Tama (via email)
       Charles Antonen (via email)
       Misha Igra (via email)
       Co-counsel

[221737-1]

# APPENDIX A

## Amy Whelan

| | |
|---|---|
| **From:** | Lisa Tillman [Lisa.Tillman@doj.ca.gov] |
| **Sent:** | Tuesday, November 20, 2007 1:47 AM |
| **To:** | Ivan Trujillo; Steve Fama; Jane E. Kahn; Lori E. Rifkin; Michael W. Bien |
| **Cc:** | Charles Antonen; Misha Igra; Samantha Tama; pmello@hanson.bridgett.com |
| **Subject:** | Response to Request for Production |

November 20, 2007

Re: Coleman v. Schwarzenegger

Dear Ms. Rifkin,

At the November 19, 2007 hearing before Magistrate Moulds, we agreed to provide Plaintiffs' counsel with a list of the CDCR persons who responded to the Coleman request for production of documents and the departments that employ them. Please be informed of the following:

From the CDCR Health Care Services Division 1.  Doug McKeever 2.  Shama Chaiken 3.  Helen Steenman 4.  Robert Canning 5.  Andrew Swanson 6.  Sharon Riegel

From the CDCR Health Care Placement Unit 1.  Rick Johnson

From the CDCR Facilities Management Division 1.  Deborah Hysen 2.  Keith Beland 3.  Corey Cummings 4.  Dennis Dunne 5.  David Espinoza 6.  Gary Pierce 7.  Andy Morgan 8.  Michelle Weaver 9.  Dean Borg 10.  Dave Podesto 11.  Ali Kazemi

From the CDCR Division of Adult Institutions 1.  Scott Kernan 2.  Nancy Hardy

From the CDCR Budget Shop
1.  Nancy Leonard

From the CDCR Office of Strategic Planning 1. Martha Esmael

From the CDCR Division of Adult Parole Operations 1. Marilyn Kalvelage

I will continue to try to contact Ms. Margaret McAloon on this issue. I believe she is on vacation.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
Telephone: 916-327-7872
Facsimile: 916-324-5205

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# APPENDIX B

**Amy Whelan**

| | |
|---|---|
| **From:** | Lori E. Rifkin |
| **Sent:** | Wednesday, November 21, 2007 11:54 AM |
| **To:** | 'Lisa Tillman'; Ivan Trujillo; Jane E. Kahn; Michael W. Bien |
| **Cc:** | 'Charles Antonen'; 'Misha Igra'; Coleman Team - RBG Only |
| **Subject:** | RE: RFPS |

Dear Lisa,

These look fine to us.  We agree to have these sent to the field.  One note - they came through to us slightly garbled with some punctuation marks.

Thank you for a productive meet and confer.

Best,

Lori Rifkin
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA  94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com


CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address.

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


-----Original Message-----
From: Lisa Tillman [mailto:Lisa.Tillman@doj.ca.gov]
Sent: Wednesday, November 21, 2007 11:23 AM
To: Ivan Trujillo; Jane E. Kahn; Lori E. Rifkin; Michael W. Bien
Cc: Charles Antonen; Misha Igra
Subject: RFPS

Lori,

Pleae find below the proposed institution-specific requests to the wardens and chief mental health officers.  Please inform me by noon today if these meet with your approval so they may be immediately sent to the field.  I understand that the documents are due on December 7,2007, with any privilege log due December 14, 2007.

The institution-specific requests are as follows:
ï»¿
Plaintiffs in the Coleman case seek the production of documents from each institutionâ s warden and chief mental health officer.

As you read these document please be aware of the following:
1.  The term â  internal CDCR memoâ  includes any writings to CDCR staff and/or to CDCR inmates,

1

2.  The time period encompassed in these requests is from March 2006 to present.

The requests are as follows:

1.  Have you received or written any internal CDCR memoranda regarding your inability to provide Coleman-mandated mental health services due to overcrowding? If so, please produce these documents.  If not, please so indicate.

2.  Have you received or written any internal CDCR memoranda regarding your inability to provide Coleman class members with mandated recreational and yard time due to overcrowding?  If any memoranda exist that discuss this issue as it applies to the entire population of your facility or as it applies only to the Coleman class population, please produce.  If not, please so indicate.

4.  Have you received or written any internal CDCR memoranda regarding your inability to provide Coleman class members with mandated vocational and educational programming due to overcrowding?  If any memoranda exist that discuss this issue as it applies to the entire population of your facility or as it applies only to the Coleman class population, please produce them.  If not, please so indicate.

5.  Have you received or written any internal CDCR memoranda regarding the placement or housing of Coleman class members in non-traditional housing, such as â bad bedsâ ugly beds, dayroom beds, or gym beds?  If so, please produce them. If not, please so indicate.

6.  Do you have you any logs showing the use of alternative sites to licensed mental health crisis beds for inmates in need of crisis beds or suicide precautions, including but not limited to OHUS, MOHUs, holding cells and ZZ cells?  If so, please produce them. If not, please so indicate.

7.  Please produce any internal CDCR memos regarding the use of alternative sites to licensed mental health crisis beds for inmates in need of crisis beds or suicide precautions, including but not limited to OHUS, MOHUs, holding cells and ZZ cells?  If so, please produce them.  If not, please so indicate.

8.  Have you received or written any reports or letters concerning your ability to place Coleman class members in appropriate beds or housing, including any delays in transfer or referral.  If so, please produce them.  If not, please so indicate.

9.  Have you received or written any reports or letters concerning any changes in your institutionâ s stated capacity for housing EOP and/or CCCMS inmates?  If so, please produce them.

Thank you for your assistance in this matter.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
Telephone: 916-327-7872

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT P

## Maria Morris

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Tuesday, July 15, 2008 7:23 AM |
| **To:** | 'lisa.tillman@doj.ca.gov'; 'Misha.Igra@doj.ca.gov'; 'Paul.Mello@doj.ca.gov'; 'samantha.tama@doj.ca.gov'; 'charles.antonen@doj.ca.gov' |
| **Cc:** | Coleman Team - RBG Only; 'Rebekah Evenson'; ahardy@prisonlaw.com |
| **Subject:** | 0489-3 Coleman-Plata - Supplementing Document Production |

Dear Counsel,
Plaintiffs in Plata and Coleman have sent letters requesting the supplementing of production of documents responsive to a limited number of document requests, and asking for you to state you position on this issue. We have received no response. In light of the short period for discovery, we would like to present this issue to the Court for resolution as rapidly as possible.

I am proposing that we present this issue for both cases in a joint statement, that would be due on Thursday, July 17, 2008, and that the Court hear the matter on Tuesday, July 22, 2008.

I would like to call the Court with you this morning. Would you be available to speak with the Court at 10:30? If not, please propose another time to speak with the Court today. If I do not hear back by 11:00, I will call the Court on my own to set up a briefing schedule.

Thank you,

Maria V. Morris

Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

## Maria Morris

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Tuesday, July 15, 2008 10:41 AM |
| **To:** | 'pmello@hansonbridgett.com'; 'stama@hansonbridgett.com' |
| **Cc:** | Coleman Team - RBG Only; 'Rebekah Evenson'; ahardy@prisonlaw.com |
| **Subject:** | 0489-3 Coleman-Plata supplemental document production |

Dear Counsel,
Plaintiffs in Plata and Coleman have sent letters requesting the supplementing of production of documents responsive to a limited number of document requests, and asking for you to state you position on this issue. Rebekah Evenson sent you a letter regarding this issue on June 27, 2008. We have received no response. In light of the short period for discovery, we would like to present this issue to the Court for resolution as rapidly as possible.

I am proposing that we present this issue for both cases in a joint statement, that would be due on Thursday, July 17, 2008, and that the Court hear the matter on Tuesday, July 22, 2008.

I would like to call the Court with you today. I sent an e-mail to Charles Antonen earlier this morning, as well as defense counsel on the Coleman matter, but I have not heard back from Mr. Antonen. Would you be available to speak with the Court at 2:00? If not, please propose another time to speak with the Court today. If I do not hear back by 2:00, I will call the Court on my own to set up a briefing schedule.

Thank you,

Maria V. Morris
Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# EXHIBIT Q

## Maria Morris

| | |
|---|---|
| **From:** | Samantha D. Tama [STama@hansonbridgett.com] |
| **Sent:** | Tuesday, July 15, 2008 3:28 PM |
| **To:** | Maria Morris; Paul B. Mello; lisa.tillman@doj.ca.gov; charles.antonen@doj.ca.gov |
| **Cc:** | Coleman Team - RBG Only; Rebekah Evenson; ahardy@prisonlaw.com; Kyle Lewis; Rochelle East; Renju P. Jacob |

**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

Dear Ms. Morris,

As set forth in Mr. Jacob's June 27, 2008 e-mail to Amy Whelan, Defendants agree to supplement Plaintiffs' previous discovery requests in accordance with Federal Rule of Civil Procedure 26(e).  Specifically, Mr. Jacob stated: Defendants maintain that they are under a continuing obligation to supplement discovery.  During the course of discovery, Defendants will determine whether supplemental responses are required.  If supplemental responses are indeed required, Defendants will supplement their interrogatory responses.

With that in mind, *Plata* Defendants agree to supplement their responses to Plaintiffs' interrogatories nos. 10, 11, 12, 13; RFP nos. 27-31, 34, and 39.

As a result, Defendants believe it is unnecessary to speak with Ms. Gracey to set up a briefing schedule.  Defendants will assume that you will inform Ms. Gracey that a call on this issue is no longer necessary.  If you believe otherwise, please let us know, but be informed that we are not available for a call at 4:00 p.m. today.

The *Coleman* Defendants have a similar position with regard to supplementing discovery but will respond separately by e-mail today.

Sincerely,

Samantha Tama

**From:** Maria Morris [mailto:MMorris@rbg-law.com]
**Sent:** Tuesday, July 15, 2008 2:50 PM
**To:** Maria Morris; Paul B. Mello; Samantha D. Tama; 'lisa.tillman@doj.ca.gov'; 'charles.antonen@doj.ca.gov'
**Cc:** Coleman Team - RBG Only; 'Rebekah Evenson'; ahardy@prisonlaw.com
**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

Dear Counsel,
I received a voicemail from Ms. Tillman, asking for clarification of the issues.  I called her back and left a voicemail, but have not heard back.  I have not heard back from anyone else regarding your position on supplementing the document productions as requested in Rebekah Evenson's June 27, 2008 letter and Amy Whelan's July 9, 2008 letter, nor have you responded regarding availability to call the Court to set up a briefing schedule.

I spoke with Haven Gracey a few moments ago.  She said she is available this afternoon for a call with all parties to set up a briefing schedule.  I am setting up a conference call for 4:00.  I will send a call-in number shortly.  Please confirm that you will be able to participate.

Thank you,

Maria V. Morris

Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Maria Morris
**Sent:** Tuesday, July 15, 2008 10:41 AM
**To:** 'pmello@hansonbridgett.com'; 'stama@hansonbridgett.com'
**Cc:** Coleman Team - RBG Only; 'Rebekah Evenson'; ahardy@prisonlaw.com
**Subject:** 0489-3 Coleman-Plata supplemental document production

Dear Counsel,
Plaintiffs in Plata and Coleman have sent letters requesting the supplementing of production of documents responsive to a limited number of document requests, and asking for you to state you position on this issue. Rebekah Evenson sent you a letter regarding this issue on June 27, 2008. We have received no response. In light of the short period for discovery, we would like to present this issue to the Court for resolution as rapidly as possible.

I am proposing that we present this issue for both cases in a joint statement, that would be due on Thursday, July 17, 2008, and that the Court hear the matter on Tuesday, July 22, 2008.

I would like to call the Court with you today. I sent an e-mail to Charles Antonen earlier this morning, as well as defense counsel on the Coleman matter, but I have not heard back from Mr. Antonen. Would you be available to speak with the Court at 2:00? If not, please propose another time to speak with the Court today. If I do not hear back by 2:00, I will call the Court on my own to set up a briefing schedule.

Thank you,

Maria V. Morris
Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

# EXHIBIT R

## Maria Morris

| | |
|---|---|
| **From:** | Lisa Tillman [Lisa.Tillman@doj.ca.gov] |
| **Sent:** | Tuesday, July 15, 2008 3:48 PM |
| **To:** | 'pmello@hansonbridgett.com'; 'stama@hansonbridgett.com'; Maria Morris |
| **Cc:** | Charles Antonen; Kyle Lewis; ahardy@prisonlaw.com; 'Rebekah Evenson'; Coleman Team - RBG Only |

**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

July 14, 2008

Re: Three Judge Panel Proceeding

Dear Ms. Morris:

I believe your request for Defendants to state their intent to supplement certain *Coleman* responses to the *Coleman* request for production is superseded, under the Federal Rules of Civil Procedure, by your issuance of a Third Request for Production of Documents seeking the same items.

In an email of June 25, 2007, your colleague, Amy Whelan, stated, "In order to focus those efforts [under Rule 26(e) to supplement], however, we agree to provide a list of documents that you previously produced, for which we seek updates." The list was provided via email on July 1, 2008. The July 1, 2008 email stated, "Please be aware that we also requested these documents in the *Coleman* third request for production of documents, which was served yesterday." The email then demanded, "We request defendants provide the items on the list on or before July 11, 2008."

Defendants have now had the opportunity to compare the items on the list provided in your office's email on July 1, 2008 with those documents sought in the third request for production served on June 30, 2008. The list contains the same items sought in the third request for production. Pursuant to orders by Judge Moulds and by the Three-Judge Court, Defendants are entitled to 21 days (plus three additional days due to your service by mail under FRCP 6(d)) to respond to Plaintiffs' third request for production of documents.

I do not believe any court intervention is necessary to address this matter. I thank you for your attention.

Sincerely,

Lisa Tillman
Deputy Attorney General
Office of the Attorney General


>>> Maria Morris <MMorris@rbg-law.com> 7/15/2008 2:49 PM >>>
Dear Counsel,
I received a voicemail from Ms. Tillman, asking for clarification of the issues. I called her back and left a voicemail, but have not heard back. I have not heard back from anyone else regarding your position on supplementing the document productions as requested in Rebekah Evenson's June 27, 2008 letter and Amy Whelan's July 9, 2008 letter, nor have you responded regarding availability to call the Court to set up a briefing schedule.

I spoke with Haven Gracey a few moments ago. She said she is available this afternoon for a call with all parties to set up a briefing schedule. I am setting up a conference call for 4:00. I will send a call-in number shortly. Please confirm that you will be able to participate.

Thank you,

Maria V. Morris

Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from
disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly
prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at
rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE:  As required by
United States Treasury Regulations, you should be aware that this communication is not intended by
the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States
federal tax laws.

---

**From:** Maria Morris
**Sent:** Tuesday, July 15, 2008 10:41 AM
**To:** 'pmello@hansonbridgett.com'; 'stama@hansonbridgett.com'
**Cc:** Coleman Team - RBG Only; 'Rebekah Evenson'; ahardy@prisonlaw.com
**Subject:** 0489-3 Coleman-Plata supplemental document production

Dear Counsel,
Plaintiffs in Plata and Coleman have sent letters requesting the supplementing of production of documents
responsive to a limited number of document requests, and asking for you to state you position on this
issue.  Rebekah Evenson sent you a letter regarding this issue on June 27, 2008.  We have received no
response.  In light of the short period for discovery, we would like to present this issue to the Court for resolution
as rapidly as possible.

I am proposing that we present this issue for both cases in a joint statement, that would be due on Thursday,
July 17, 2008, and that the Court hear the matter on Tuesday, July 22, 2008.

I would like to call the Court with you today.  I sent an e-mail to Charles Antonen earlier this morning, as well as
defense counsel on the Coleman matter, but I have not heard back from Mr. Antonen.  Would you be available
to speak with the Court at 2:00?  If not, please propose another time to speak with the Court today.  If I do not
hear back by 2:00, I will call the Court on my own to set up a briefing schedule.

Thank you,

Maria V. Morris
Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

# EXHIBIT S

## Maria Morris

| | |
|---|---|
| **From:** | Rebekah Evenson [revenson@prisonlaw.com] |
| **Sent:** | Wednesday, July 16, 2008 10:44 AM |
| **To:** | 'Samantha D. Tama'; Maria Morris; 'Paul B. Mello'; lisa.tillman@doj.ca.gov; charles.antonen@doj.ca.gov |
| **Cc:** | Coleman Team - RBG Only; ahardy@prisonlaw.com; 'Kyle Lewis'; 'Rochelle East'; 'Renju P. Jacob'; Donald Specter; Sara Norman |
| **Subject:** | RE: 0489-3 Coleman-Plata supplemental document production |

Counsel,

Thank you for your letter (below). We request that you supplement your responses to Plaintiffs' Interrogatories Nos. 10, 11, 12, 13 and RFP Nos. 27-31, 34, and 39 by the end of the day on Friday, July 18, 2008. Since the Plata Plaintiffs requested that you supplement these specific responses more than three weeks ago, you have had ample time to complete your review of the information and supplement your responses. Please let me know as soon as possible if this is not possible. If you cannot supplement your responses in a timely manner, we will need to seek court intervention.

We note that your letter does not include reference to RFPs No. 32 and 33, which were also included in my June 27, 2008 letter regarding supplemental discovery responses. Please confirm whether that was an omission, or whether you are refusing to supplement your responses to those requests.

Thank you,

Rebekah Evenson
*Staff Attorney*
PRISON LAW OFFICE
Telephone (510) 280-2621
Fax (510) 280-2704
www.prisonlaw.com

---

*This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

---

**From:** Samantha D. Tama [mailto:STama@hansonbridgett.com]
**Sent:** Tuesday, July 15, 2008 3:28 PM
**To:** Maria Morris; Paul B. Mello; lisa.tillman@doj.ca.gov; charles.antonen@doj.ca.gov
**Cc:** Coleman Team - RBG Only; Rebekah Evenson; ahardy@prisonlaw.com; Kyle Lewis; Rochelle East; Renju P. Jacob
**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

Dear Ms. Morris,

As set forth in Mr. Jacob's June 27, 2008 e-mail to Amy Whelan, Defendants agree to supplement Plaintiffs' previous discovery requests in accordance with Federal Rule of Civil

**EXHIBIT T**

## Maria Morris

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Wednesday, July 16, 2008 6:56 PM |
| **To:** | 'Lisa Tillman' |
| **Cc:** | Charles Antonen; 'pmello@hansonbridgett.com'; 'stama@hansonbridgett.com'; Kyle Lewis; ahardy@prisonlaw.com; 'Rebekah Evenson'; Coleman Team - RBG Only; 'Misha.Igra@doj.ca.gov'; Rochelle East |
| **Subject:** | RE: 0489-3 Coleman-Plata supplemental document production |

Dear Ms. Tillman:

Plaintiffs have requested, pursuant to Federal Rule of Civil Procedure 26(e), that Defendants supplement certain of their discovery responses.   Under Rule 26(e), parties are obligated to do so as responses become or are determined to be inaccurate or incomplete.  In light of the delay in the trial schedule following service of and responses to the discovery requests last fall, most if not all of the responses and productions are now incomplete, as they do not include information learned or discovered since the responses were made, nor do the the document productions include communications created since the productions were made.

During discussions between the parties over the past several months, plaintiffs have requested that defendants supplement their discovery reponses in accordance with the Federal Rules.  Defendants have represented their unwillingness to do so.  On June 24, 2008 Defendants stated their position that they need not subpplement their document production, and Plaintiffs reiterated that this was contrary to Rule 26(e).

Following Defendants' representations to the Court  on June 27, 2008 that they do not intend to stipulate that conditions in the prisons have not changed since 2007, the parties engaged continued to engage in a meet and confer process  regarding supplementing discovery responses to update the information provided in 2007. In an effort to move the process forward, Plaintiffs agreed to provide a list of  known specific documents for which we sought updates.  Defendants made no representation as to whether they would in fact supplement their production with these specific updated documents.  Defendants also stated that they were under a continuing obligation to supplement discovery, but gave no indication of any specific intent to do so at any particualr time.  In response to Defendants' request to provide a specific list of documents to be updated, Plaintiffs  provided this list both in a July 1, 2008 e-mail to Defendants' counsel and in an additional set of document requests served on June 30, 2008 (Coleman Plaintiffs' Third RFPs).

On July 9, 2008, Plaintiffs stated in a  separate letter from Amy Whelan to you that Plaintiffs sought supplements of (1) Defendant Tilton's Responses to Ralph Coleman's Interrogatory Nos. 1-15 and 23-24; (2) Defendants' Response to Coleman's First Request for Production of Documents Nos. 7, 20, 22, 24-32, 34-35, 38 and Defendants' Response to Plaintiffs' First Request for Production of Documents No. 34; and (3) Defendants' responses to the 9 questions that were sent to appropriate staff members at institutions.  These responses  are not identical to the list of specific documents included in the July 1, 2008 letter and Coleman Plaintiffs' Third RFPs and should be supplemented because, due to the passage of time, the responses and productions are no longer complete, and may be inaccurate as well.   Ms. Whelan asked that you let us know by July 11, 2008 whether you would be producing such updated responses and documents, and, if so, what the timeframe would be.  There was no response to the letter, and your e-mail of yesterday does not address this request to supplement.

The propounding of document requests on June 30, 2008 does not relieve you of the obligation to supplement prior responses and productions to ensure that they are accurate and complete.  Please let us know by 4:00 p.m. tomorrow, July 17, whether you will be providing supplements to these responses and document productions to cover the time period from when you first responded to the present, and, if so, when.   If you are not planning to supplement these responses and productions and do so in a timely manner, then we do need to present the issue to the Court as quickly as possible.

If we do not receive a response from you by tomorrow at 4, or if you do not intend to supplement the responses or indicate a date certain in the very near future by which the supplements will be done, I will set up a conference call with the Court for early Friday morning, so that we can resolve this matter expeditiously.

Thank you,
Maria V. Morris

Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>.  IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Lisa Tillman [mailto:Lisa.Tillman@doj.ca.gov]
**Sent:** Tuesday, July 15, 2008 3:48 PM
**To:** 'pmello@hansonbridgett.com'; 'stama@hansonbridgett.com'; Maria Morris
**Cc:** Charles Antonen; Kyle Lewis; ahardy@prisonlaw.com; 'Rebekah Evenson'; Coleman Team - RBG Only
**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

July 14, 2008

Re: Three Judge Panel Proceeding

Dear Ms. Morris:

I believe your request for Defendants to state their intent to supplement certain *Coleman* responses to the *Coleman* request for production is superseded, under the Federal Rules of Civil Procedure, by your issuance of a Third Request for Production of Documents seeking the same items.

In an email of June 25, 2007, your colleague, Amy Whelan, stated, "In order to focus those efforts [under Rule 26(e) to supplement], however, we agree to provide a list of documents that you previously produced, for which we seek updates." The list was provided via email on July 1, 2008. The July 1, 2008 email stated, "Please be aware that we also requested these documents in the *Coleman* third request for production of documents, which was served yesterday." The email then demanded, "We request defendants provide the items on the list on or before July 11, 2008."

Defendants have now had the opportunity to compare the items on the list provided in your office's email on July 1, 2008 with those documents sought in the third request for production served on June 30, 2008. The list contains the same items sought in the third request for production.  Pursuant to orders by Judge Moulds and by

# EXHIBIT U

**Maria Morris**

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Thursday, July 17, 2008 6:29 PM |
| **To:** | Lisa Tillman; Amy Whelan; Michael W. Bien; Maria Morris |
| **Cc:** | Charles Antonen; Kyle Lewis; Paul B. Mello; Renju P. Jacob; stama@hansonbridgett.com |
| **Subject:** | RE: Supplemental Response |

Ms. Tillman,
We need to know when we wiil receive supplemental responses and production.  Please provide a date that the
supplements will happen, and then we will assess whether we should reconsider bringing a motion.  Until we have a
date certain, we need to move forward.  I plan to call the Court tomorrow morning unless we have a date.  We will be
happy to not bring the motion, or to take it off calendar if we resolve the dispute after setting the schedule.

Thank you,
Maria Morris

-----Original Message-----
From: "Lisa Tillman" <Lisa.Tillman@doj.ca.gov>
To: "Amy Whelan" <AWhelan@RBG-Law.com>; "Michael W. Bien" <mbien@RBG-Law.com>; "Maria Morris"
<MMorris@rbg-law.com>
Cc: "Charles Antonen" <Charles.Antonen@doj.ca.gov>; "Kyle Lewis" <Kyle.Lewis@doj.ca.gov>; "Paul B. Mello"
<Pmello@hansonbridgett.com>; "Renju P. Jacob" <rjacob@hansonbridgett.com>; "stama@hansonbridgett.com"
<stama@hansonbridgett.com>
Sent: 7/17/08 5:01 PM
Subject: Supplemental Response


PRIVILEGED ATTORNEY CLIENT COMMUNICATION

July 17, 2008

Re: Three Judge Panel Proceeding
    Coleman v. Schwarzenegger

Dear Ms. Morris:

I understand your clients' interest in obtaining supplemental responses to the discovery
propounded this past fall.   Defendants recognize that they are under a continuing obligation to supplement
discovery.  Defendants are presently very occupied preparing responses to Plaintiff Coleman's Third Request for
Production and Plaintiff Coleman's interrogatories to the Secretary of CDCR, particularly those seeking updates of
documents and data provided by Defendants in response to previous discovery.  During the course of discovery,
Defendants will determine whether supplemental responses are required.  If supplemental responses are indeed
required, Defendants will supplement their discovery responses.
I hope this email resolves your outstanding concerns and so avoids the need for any judicial intervention.

Sincerely,

Lisa Tillman
Deputy Attorney General

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged
information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is
prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the
intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT V

## Maria Morris

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Friday, July 18, 2008 9:30 AM |
| **To:** | Maria Morris; 'Samantha D. Tama'; Paul B. Mello; lisa.tillman@doj.ca.gov; charles.antonen@doj.ca.gov |
| **Cc:** | Coleman Team - RBG Only; ahardy@prisonlaw.com; Kyle Lewis; Rochelle East; Renju P. Jacob; Donald Specter; Sara Norman; Rebekah Evenson |

**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

Counsel,
I was on the conference call line. No counsel from defendants was on the line. I called the Court, and Ms. Gracey asked me to call back in 10 minutes. I will call her at 9:40. Please call in to the conference line, same call-in information as below. Thank you,
Maria Morris

---

**From:** Maria Morris
**Sent:** Thursday, July 17, 2008 6:37 PM
**To:** Maria Morris; 'Samantha D. Tama'; Paul B. Mello; lisa.tillman@doj.ca.gov; charles.antonen@doj.ca.gov
**Cc:** Coleman Team - RBG Only; ahardy@prisonlaw.com; Kyle Lewis; Rochelle East; Renju P. Jacob; Donald Specter; Sara Norman; Rebekah Evenson
**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

Counsel,
The call in number is 888-622-5357.
The code is 246128.

Thank you.
Maria Morris

-----Original Message-----
From: "Maria Morris" <MMorris@rbg-law.com>
To: "'Samantha D. Tama'" <STama@hansonbridgett.com>; "Paul B. Mello"
<pmello@hansonbridgett.com>; "lisa.tillman@doj.ca.gov"
<lisa.tillman@doj.ca.gov>; "charles.antonen@doj.ca.gov" <charles.antonen@doj.ca.gov>
Cc: "Coleman Team - RBG Only" <ColemanTeam-RBGOnly@rbg-law.com>; "ahardy@prisonlaw.com"
<ahardy@prisonlaw.com>; "Kyle Lewis" <Kyle.Lewis@doj.ca.gov>; "Rochelle East"
<Rochelle.East@doj.ca.gov>; "Renju P. Jacob" <rjacob@hansonbridgett.com>; "Donald Specter"
<dspecter@prisonlaw.com>; "Sara Norman" <snorman@prisonlaw.com>; "Rebekah Evenson"
<revenson@prisonlaw.com>
Sent: 7/17/08 4:35 PM
Subject: RE: 0489-3 Coleman-Plata supplemental document production


Counsel,
As per my e-mail of yesterday, to which I have not received a response, and Rebekah Evenson's e-mail below, Plaintiffs believe that the failure to provide timely supplements to prior discovery requests and to provide any indication when such supplements will be made requires Court intervention.

I will call the Court tomorrow morning at 9:15 to set up a briefing schedule regarding the Coleman Defendants' failure to agree to supplement, the Plata Defendants' failure to provide a date by which supplements will be made, and the Plata Defendants' failure to agree to supplement two of the responses for which supplements have been requested. I will send the call-in information shortly.

Thank you,
Maria V. Morris

Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from
disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly
prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at
rbg@rbg-law.com <mailto:rbg@rbg-law.com>.  IRS CIRCULAR 230 NOTICE:  As required by United
States Treasury Regulations, you should be aware that this communication is not intended by the sender
to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax
laws.

---

**From:** Samantha D. Tama [mailto:STama@hansonbridgett.com]
**Sent:** Thursday, July 17, 2008 4:17 PM
**To:** Rebekah Evenson; Maria Morris; Paul B. Mello; lisa.tillman@doj.ca.gov; charles.antonen@doj.ca.gov
**Cc:** Coleman Team - RBG Only; ahardy@prisonlaw.com; Kyle Lewis; Rochelle East; Renju P. Jacob; Donald
Specter; Sara Norman
**Subject:** RE: 0489-3 Coleman-Plata supplemental document production

Dear Rebekah,

This email is to follow up on your previous email and voicemail from this afternoon.

It is not possible to supplement the *Plata* Defendants' response to Plaintiffs' Interrogatories
Nos. 10, 11, 12, 13 and RFP Nos. 27-31, 34, and 39 by Friday, July 18, 2008.  Defendants
continue to work toward obtaining the necessary information supplement these responses,
however, Defendants are currently engaged in responding to Plaintiffs' recently propounded
discovery requests and are unable to comply with your unreasonable demand to provide
supplemental responses by tomorrow.  While the Federal Rules of Civil Procedure require
Defendants to supplement discovery responses when necessary, the Rules do not support the
arbitrary and unreasonable deadline that you now seek.  Consequently, the *Plata* Defendants
maintain that there is no need for court intervention as Plaintiffs have no authority to impose
such a deadline.

With regard to RFP Nos. 32 and 33, Defendants will not be supplementing those responses.

Sincerely,

Samantha

---

# EXHIBIT W

1  PRISON LAW OFFICE                          BINGHAM, McCUTCHEN, LLP
   DONALD SPECTER Bar No.: 83925              WARREN E. GEORGE Bar No.: 53588
2  STEVEN FAMA Bar No.: 99641                 Three Embarcadero Center
   ALISON HARDY Bar No.: 135966               San Francisco, California  94111
3  VIBEKE NORGAARD MARTIN Bar No.:            Telephone: (415) 393-2000
   209499
4  General Delivery
   San Quentin, California  94964
5  Telephone: (415) 457-9144

6  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN Bar No.: 096891
7  JANE E. KAHN Bar No.: 112239
   AMY WHELAN Bar No.: 215675
8  LORI RIFKIN Bar No.: 244081
   SARAH M. LAUBACH Bar No.: 240526
9  315 Montgomery Street, 10th Floor
   San Francisco, California  94104
10 Telephone: (415) 433-6830

11
   Attorneys for Plaintiffs
12
                 IN THE UNITED STATES DISTRICT COURTS
13
              FOR THE EASTERN DISTRICT OF CALIFORNIA
14
             AND THE NORTHERN DISTRICT OF CALIFORNIA
15
       UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
          PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
16
17 RALPH COLEMAN, et al.,                )  No.:  Civ S 90-0520 LKK-JFM P
                                          )
18      Plaintiffs,                       )  **THREE-JUDGE COURT**
                                          )
19      vs.                               )
                                          )
20 ARNOLD SCHWARZENEGGER, et al.,         )
                                          )
21      Defendants                        )
                                          )
22 MARCIANO PLATA, et al.,                )  No. C01-1351 T.E.H
                                          )
23      Plaintiffs,                       )  **THREE-JUDGE COURT**
        vs.                               )
24 ARNOLD SCHWARZENEGGER, et al.,         )
                                          )
25      vs.                               )  **PLAINTIFF PLATA'S FIRST SET OF**
                                          )  **INTERROGATORIES TO DEFENDANT**
26      Defendants                        )  **TILTON**

27

28

**PROPOUNDING PARTIES:**    PLAINTIFF MARCIANO PLATA

**RESPONDING PARTIES:**    DEFENDANT TILTON

**SET NUMBER:**    ONE

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Marciano Plata submits the following Set of Interrogatories to all Defendants ("Defendants") to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them, within 30 days after service hereof.

### DEFINITIONS

1.    "YOU" and "YOURS" as used herein refers to Defendant Tilton, and any agents, representatives, attorneys, and all other persons or entities acting on his behalf.

2.    As used herein, the term "IDENTIFY," when used with respect to a person, means to state the following: name of entity; telephone number; location of its business and nature of its business.

3.    As used herein, the term "IDENTIFY," when used with respect to a document, means to state the following, if available, for each document:  the name(s) of the author(s) and the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive term); a description of the contents of the document; and its present or last known location and custodian.  If you claim that any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when.  Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge.  To the extent that the answers to the preceding questions are determinable by an examination of the document itself, you may respond by supplying such document as part of your answers to these interrogatories so long as you identify the interrogatory to which such document is responsive.

4.     "REFER" or "RELATE TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

5.     The terms "and," "or," and "and/or" should be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

6.     "CDCR PRISON" and "PRISONS" mean any and all facilities in which class members in this litigation are or can be incarcerated.

7.     "PLATA CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious medical illness.

8.     The term PRISONER RELEASE ORDER means any order "that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to prison" as set forth in the Prison Litigation Reform Act at 18 U.S.C. §3626(g)(7).

### INSTRUCTIONS

The preceding definitions apply to each interrogatory and are deemed incorporated in each of the following interrogatories and these instructions.

1.     In answering these interrogatories, quote each interrogatory before each answer.

2.     These interrogatories shall be deemed to be continuing interrogatories so as to require proper supplemental answers if further information is obtained or developed by you or your counsel after the time that you serve answers to these interrogatories.

3.     In answering these interrogatories, furnish all information available to you, including information in the possession of your employees, attorneys, or otherwise subject to your possession and/or control, and not merely information known of your own personal knowledge.

4.     If you cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, state whatever knowledge you have concerning the unanswered portion.

5.    If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object and, as to each part to which you do object, set forth the specific basis for you objection.

6.    If any information is within the scope of any interrogatory but is being withheld pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon which the information is being withheld, the nature of the information withheld, the author, date, recipients, and subject matter of any documents containing such information, and the identity of the person on whose behalf the privilege is asserted.

7.    Whenever the information requested by these interrogatories is contained in or may otherwise be derived or ascertained from a document:  (a) identify the documents(s) from which the answer may be derived or ascertained and (b) produce the document(s) for inspection and copying or deliver a copy of the document(s) to Plaintiffs' counsel at the time the answers hereto are filed.

8.    Some of the following consist of a number of related parts.  A complete and separate answer is requested with respect to each such part with the same effect as if it were stated as a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Do YOU contend that some cause other than overcrowding is the primary cause of YOUR ongoing violations of PLAINTIFFS' rights to constitutionally adequate medical care?

**INTERROGATORY NO. 2:**

If YOUR response to interrogatory number one is affirmative, identify what YOU contend to be the primary cause(s) of the violation of PLAINTIFFS' rights to constitutionally adequate medical care, and state all facts and identify all documents and witnesses in support of YOUR contention.

**INTERROGATORY NO. 3:**

IDENTIFY all obstacles and barriers preventing YOU from delivering constitutionally adequate medical care.

1    **INTERROGATORY NO. 4:**

2      By what date do YOU contend that the Receiver can provide constitutionally adequate

3 medical care to PLAINTIFFS without a reduction in the number of prisoners housed in CDCR

4 PRISONS?

5    **INTERROGATORY NO. 5:**

6      IDENTIFY all steps necessary for YOU to take to provide constitutionally adequate

7 medical care to PLAINTIFFS without a reduction in number of prisoners housed in CDCR

8 PRISONS by the date YOU specified in YOUR answer to interrogatory number four.

9    **INTERROGATORY NO. 6:**

10      Do YOU contend that the Court could enter an order or orders that will provide

11 effective relief for the ongoing violations of PLAINTIFFS' rights to constitutionally adequate

12 medical care without the issuance of a PRISONER RELEASE ORDER?

13    **INTERROGATORY NO. 7:**

14      If YOUR response to interrogatory number six is affirmative, please IDENTIFY each

15 such order/remedy that the Court should issue in lieu of a PRISONER RELEASE ORDER.

16    **INTERROGATORY NO. 8:**

17      For each order/remedy IDENTIFIED in YOUR response to interrogatory number seven,

18 please state the date by which YOU contend that the ongoing constitutional violations will be

19 remedied by YOUR compliance with the order.

20    **INTERROGATORY NO. 9:**

21      For each order IDENTIFIED in YOUR response to interrogatory number seven,

22 IDENTIFY any known obstacles and barriers to YOUR compliance with the order by the date

23 IDENTIFIED in response to interrogatory number eight.

24    **INTERROGATORY NO. 10:**

25      IDENTIFY each action, program, policy or procedure that YOU have adopted since

26 October 2006 that YOU contend will limit or reduce the number of *PLATA* CLASS

27 MEMBERS housed in CDCR PRISONS.

28    **INTERROGATORY NO. 11:**

For each such action, program, policy or procedure IDENTIFIED in YOUR response to interrogatory number thirteen, state the time frame for implementation, the size of the anticipated population reduction, and the date by which the population reduction will be effected.

**INTERROGATORY NO. 12:**

IDENTIFY each and every population model relied upon for YOUR answer to interrogatory fourteen by its source, including but not limited to author, entity, and publication.

**INTERROGATORY NO. 13:**

IDENTIFY any and all lockdowns or partial lockdowns, including dates and duration, that affected housing units housing PLATA CLASS MEMBERS at CDCR PRISONS since March 3, 2006.

Dated: _____ 10/16/07                                    Respectfully submitted,



                                                           Don Specter
                                                           Prison Law Office
                                                           Attorneys for Plaintiffs