1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   ROCHELLE C. EAST
    Supervising Deputy Attorney General
5   LISA A. TILLMAN – 126424
    Deputy Attorney General
6   CHARLES ANTONEN – 221207
    Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
8   Telephone: (415) 703-5443
    Facsimile: (415) 703-5843
9   rochelle.east@doj.ca.gov
    lisa.tillman@doj.ca.gov
10  charles.antonen@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com

11  Attorneys for Defendants

12              UNITED STATES DISTRICT COURT

13        FOR THE NORTHERN DISTRICT OF CALIFORNIA

14        AND THE EASTERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 17 RALPH COLEMAN, et al.,<br><br>18          Plaintiffs,<br><br>19     v.<br><br>20 ARNOLD SCHWARZENEGGER, et al.,<br><br>21          Defendants. | No.  2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| 22 | |
| 23 MARCIANO PLATA, et al.,<br><br>24          Plaintiffs,<br><br>25     v.<br><br>26 ARNOLD SCHWARZENEGGER, et al.,<br><br>27          Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME**<br><br>TO: MAGISTRATE JUDGE MOULDS |

28

- 1 -

## I. INTRODUCTION

Applications to shorten time should not be granted unless counsel shows a "satisfactory explanation for the need for the issuance of such an order." E.D. Local Rule 6-144(e). Plaintiffs cannot make this showing here, because Defendants have continued to meet and confer with Plaintiffs in good faith about this issue, and are still considering a proposal that Plaintiffs' counsel made yesterday. Because the parties may soon resolve this issue without the involvement of the court, there is no "need" to hear Plaintiffs' motion on shortened time.

Plaintiffs assert that that Defendants are "unjustly hindering" the discovery process. (Plaintiffs' Ex Parte Application for Order Shortening Time, 1:12.) On the contrary, Defendants have been cooperative and responsive throughout the meet and confer process on this issue, as indicated below. It is Plaintiffs who have acted unreasonably, by refusing to allow Defendants even one day to consider their most recent proposal before filing this application. Thus, the meet and confer process is still ongoing, and there is no "need" for Plaintiffs' requested order shortening time. The court should therefore deny the application.

## II. FACTUAL BACKGROUND

This dispute concerns the ongoing meet and confer process between Plata Plaintiffs and Defendants regarding three document production requests contained in Plata Plaintiffs' Third Set of Requests for Production of Documents to Defendants. On Thursday July 24, 2008, Defendants timely served their responses to those requests. (See Decl. of Renju P. Jacob in Support of Defendants' Opposition to Plaintiffs' Ex Parte Application for an Order Shortening Time, Ex. A.) Defendants also sent Plaintiffs a courtesy copy of those responses via email on Friday, July 25, 2008. (See Jacob Decl., Ex. B.)

At 9:23 AM the morning of July 28, 2008, Plaintiffs' counsel called Defendants' counsel to ask to meet and confer that day regarding Defendants' responses to Requests 40 through 43 in Plaintiffs' Third Set of Requests for Production. (Jacob Decl.

- 2 -

1   ¶ 3.)  Less than an hour and a half later, at 10:51 AM, Plaintiffs' counsel sent an email to

2   Defendants' counsel repeating this request.  (See Rebekah Evenson Decl. in Support of

3   Plaintiff's Motion to Compel Discovery Responses, Exh. E; Jacob Decl. ¶ 4.)

4   Defendants' counsel complied with the request, calling Plaintiffs' counsel on the

5   afternoon of July 28 to discuss Plaintiffs' concerns.  (Jacob Decl. ¶ 4.)

6       During this July 28 conference, Defendants' counsel reiterated their objections to

7   Plaintiffs' requests.  (Jacob Decl. ¶ 5.)  They further explained that they had explored the

8   feasibility of providing responsive documents, and had learned that the information

9   Plaintiffs were requesting was not readily available in Defendants' computer systems,

10  and that it would be very difficult, if not impossible, to create new documents containing

11  the data Plaintiffs' sought.  ((Id.))  When Plaintiffs' counsel asked Defendants whether

12  some portion of the requested data might be more readily available, Defendants agreed

13  to check whether this might be the case.  (Id.)

14      At about 10:00 AM on July 29, 2008, Defendants' counsel consulted with

15  Defendant CDCR regarding the feasibility of retrieving some portion of the data Plaintiffs

16  sought.  (Jacob Decl. ¶ 6.)  They called Plaintiffs' counsel in the early afternoon of July

17  29, and explained that they could not comply with Plaintiffs' request to produce some

18  portion of the data, because some of the information was unavailable, while the

19  remainder would be extremely burdensome to produce.  (Jacob Decl. ¶ 7.)  They also

20  reiterated their legal objections to Plaintiffs' request.  (Id.)  Defendants' counsel offered

21  to meet and confer again on Thursday, July 31, 2008 in order to explain to Plaintiffs'

22  counsel why Plaintiffs' request was burdensome.  (Jacob Decl. ¶ 8.)  Defendants hoped

23  that the explanation would convince Plaintiffs' counsel that Defendants could not

24  reasonably comply with Plaintiffs' request and would thereby encourage resolution of this

25  dispute.  (Id.)

26      Counsel again met and conferred on July 31, 2008 at 11:00 AM.  (Jacob Decl. ¶

27  9.)  During that conversation, Defendants provided further detail regarding the

28  infeasibility of producing the data Plaintiffs sought.  (Id.)  Plaintiffs' counsel then made an

- 3 -

1 │ alternative proposal, which if accepted by Defendants would resolve this dispute. (*Id.*)

2 │ She demanded a response to that proposal by 3:00 PM on July 31. (Jacob Decl. ¶ 10.)

3 │       Defendants' counsel promptly communicated Plaintiffs proposal to Defendants on

4 │ July 31. (Jacob Decl. ¶ 9.) But Defendants' counsel indicated to Plaintiffs' counsel in

5 │ phone conversations on the afternoon of July 31 that their clients required more than just

6 │ a few hours to consider Plaintiffs' proposal, and requested to be permitted until August 1

7 │ to do so. (Jacob Decl. ¶ 10.) Plaintiffs' counsel denied the request. (*Id.*) She stated,

8 │ however, that if Defendants ultimately agreed to her most recent proposal, she would

9 │ take the motion to compel off calendar. (*Id.*) Plaintiffs then filed their motion to compel

10 │ and application for shortening time later in the afternoon of July 31. As of this filing on

11 │ August 1, Defendants are still considering Plaintiffs' most recent proposal to resolve this

12 │ issue. (Jacob Decl. ¶ 11.)

13 │ **III. ARGUMENT**

14 │       This motion for shortening time is unnecessary and premature. Under Eastern

15 │ District Local Rule 6-144(e), before this application may be granted, Plaintiffs must

16 │ satisfactorily demonstrate their "need" for an order shortening time and "justify" the order.

17 │ They cannot do so here, because the meet and confer process is still ongoing with

18 │ regards to this issue.

19 │       As the foregoing facts indicate, Plaintiffs made a proposal to settle this dispute on

20 │ July 31, and that proposal is still outstanding. Defendants' counsel communicated that

21 │ proposal to their clients, who are still considering it. Meet and confer efforts are

22 │ therefore still ongoing, and this dispute may be resolved without the need for intervention

23 │ by the court. As a result, there may soon be nothing for the court to decide on this issue.

24 │ There is no clear impasse, and hence no compelling need for Plaintiffs to be heard

25 │ sooner.

26 │       Plaintiffs' counsel's impatience does not justify an order shortening time. Plaintiffs

27 │ have not allowed Defendants a reasonable period of time to consider their most recent

28 │ proposal before filing this application. Defendants requested a single day to consider

- 4 -

1    that proposal, but Plaintiffs' counsel denied the request.  Defendants understand

2    Plaintiffs' desire to resolve this issue quickly.  But they have been cooperating with

3    Plaintiffs in a good faith attempt to do so.  Thus far, Defendants: (1) timely responded to

4    Plaintiffs' initial document production requests; (2) complied with Plaintiffs' request to

5    meet and confer on short notice on July 28; (3) offered to meet and confer again on July

6    31 to provide additional support for their position, and in fact did so; and (4) are currently

7    considering Plaintiffs' counterproposal.  Defendants have not delayed this process, and

8    the process is not over.  Rather, there is a chance that the parties can reach agreement

9    soon without the assistance of the court.  This court should set a normal hearing

10    schedule on Plaintiffs' motion to compel and allow time for the meet and confer process

11    to work.

12       Moreover, a shortened hearing schedule would unfairly burden Defendants by

13    requiring Defendants' counsel to prepare for a hearing on this issue instead of working

14    with their clients and Plaintiffs' counsel to reach a mutually agreeable solution to the

15    dispute.  Defendants must already prepare for two other motions set to be heard on

16    August 7, 2008, and are in the midst of producing thousands of documents in response

17    to Plaintiffs' document requests, in addition to other written discovery.

18    **IV.  CONCLUSION**

19       This application is an improper attempt to short-circuit the meet and confer

20    process.  This court should deny Plaintiffs' application for an order shortening time and

21    allow that process to go forward.

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION TO SHORTEN TIME        1573701.1

1    DATED:  August ___1___, 2008          HANSON BRIDGETT LLP

2

3                                          By: /S/ Renju Jacob
                                               RENJU P. JACOB
4                                              PAUL MELLO
                                               Attorneys for Defendants Arnold
5                                              Schwarzenegger, et al.

6

7    DATED:  August ___1___, 2008          EDMUND G. BROWN JR.
                                            Attorney General of the State of California
8

9                                          By: /S/ Rochelle East
                                               ROCHELLE C. EAST
10                                             Supervising Deputy Attorney General
                                               Attorneys for Defendants Arnold
11                                             Schwarzenegger, et al.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

DEFENDANTS' OPPOSITION TO MOTION TO SHORTEN TIME

1573701.1