EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Acting Senior Assistant Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
kyle.lewis@doj.ca.gov
lisa.tillman@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF RENJU P. JACOB IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME**<br><br>TO: MAGISTRATE JUDGE MOULDS |

I, Renju P. Jacob, declare as follows:

1. I am an attorney with the law offices of Hanson Bridgett LLP, counsel of record for Defendants in the *Plata v. Schwarzenegger*, et. al matter. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Ex Parte Application for Order Shortening Time. I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, would and could competently testify to the matters set forth below.

2. On Thursday July 24, 2008, Defendants timely served their responses to Plata Plaintiffs' Third Set of Requests for Production of Documents to Defendants. I also sent Plaintiffs' counsel a courtesy copy of those responses via email on Friday, July 25, 2008.

3. I am informed and believe that, at 9:23 AM the morning of July 28, 2008, Plaintiffs' counsel, Rebekah Evenson, called Samantha D. Tama, also counsel for Defendants, to ask to meet and confer that day regarding Defendants' responses to Requests 40 through 43 in Plaintiffs' Third Set of Requests for Production.

4. Less than an hour and a half later, at 10:51 AM on July 28, Ms. Evenson sent an email to Defendants' counsel, including Ms. Tama and myself, repeating this request. I complied with the request, calling Ms. Evenson on the afternoon of July 28 to discuss her concerns.

5. During this July 28 conference, I reiterated Defendants' objections to Plaintiffs' requests. I further explained that Defendants had explored the feasibility of providing responsive documents, and had learned that the information Plaintiffs were requesting was not readily available in Defendants' computer systems, and that it would be very difficult, if not impossible, to create new documents containing the data Plaintiffs' sought. Ms. Evenson then asked me whether some portion of the requested data might be more readily available. I agreed to check whether this might be the case.

- 2 -
DECL. OF RENJU JACOB IN SUPPORT OF DEFENDANT'S OPPOSITION TO
MOTION TO SHORTEN TIME (CASE NOS. 01-1351; S-90-0520)

1573684.1

6.  At about 10:00 AM on July 29, 2008, I consulted with Defendant CDCR regarding the feasibility of retrieving some portion of the data Plaintiffs sought.

7.  In the early afternoon of July 29, I called Ms. Evenson and explained that Defendants probably could not comply with Plaintiffs' request to produce some portion of the data sought, because some of the information was unavailable, while the remainder would be extremely burdensome to produce. I also reiterated Defendants' legal objections to Plaintiffs' requests.

8.  During this July 29 conversation with Ms. Evenson, I offered to meet and confer again on Thursday, July 31, 2008 in order to explain to her why Plaintiffs' request was burdensome. I hoped that the explanation would convince her that Defendants could not reasonably comply with Plaintiffs' request and would thereby encourage resolution of this dispute.

9.  Ms. Evenson and I again met and conferred on July 31, 2008 at 11:00 AM. During that conversation, I provided further detail regarding the infeasibility of producing the data Plaintiffs sought. Ms. Evenson then made an alternative proposal, which if accepted by Defendants would have resolved this dispute. I promptly communicated that proposal to Defendants on July 31.

10. In our 11:00 AM conversation on July 31, Ms. Evenson demanded a response to her most recent proposal by 3:00 PM on July 31. In phone conversations later that afternoon, I told Ms. Evenson that Defendants required more than just a few hours to consider her proposal, and requested to be permitted until August 1 to do so. She denied the request. She stated, however, that if Defendants ultimately agreed to her most recent proposal, she would take her motion to compel off calendar.

11. As of this filing on August 1, Defendants are still considering Ms. Evenson's most recent proposal regarding this issue.

12. Attached to this declaration as Exhibit A is a true and correct copy of Defendants' Responses to Plata Plaintiffs' Third Set of Requests for Production of Documents.

- 3 -

13. Attached to this declaration as Exhibit B is a true and correct copy of an email I sent to counsel in this matter on July 25, 2008 attaching a courtesy electronic copy of Defendants' Responses to Plata Plaintiffs' Third Set of Requests for Production of Documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California, on August 1, 2008.

/S/ Renju Jacob
Renju P. Jacob