# Exhibit A

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Acting Senior Assistant Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
kyle.lewis@doj.ca.gov
lisa.tillman@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

MARCIANO PLATA, et al.,

　　　　Plaintiffs,

　　v.

ARNOLD SCHWARZENEGGER, et al.,

　　　　Defendants.

No. C01-1351 TEH

CLASS ACTION

**DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTIES:** Plaintiffs Marciano Plata, et al.

**RESPONDING PARTIES:** Defendants Arnold Schwarzenegger, et al.

**SET NUMBER:** Three

## INTRODUCTION AND DEFINITIONS

1. "PLAINTIFFS" shall mean class representatives Marciano Plata, et al., the named plaintiffs in the action *Plata v. Schwarzenegger*, Case No. C 01-1351 TEH (N.D. Cal.) (*Plata*).

2. "DEFENDANTS" shall mean Arnold Schwarzenegger, Michael Genest, and Matthew Cate, the named Defendants in the *Plata* action.

- 1 -

3. "PROCEEDING" shall mean the three-judge panel proceeding convened under 28 U.S.C. section 2284 in the cases of *Plata* and *Coleman v. Schwarzenegger*, Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

4. DEFENDANTS have not completed their investigation of the facts relating to this case, have not completed their discovery in this action, and have not completed their preparation for trial. To the extent that DEFENDANTS learn that in some material respect that a response below is in any way incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to PLAINTIFFS during the discovery process or in writing, DEFENDANTS will supplement or correct the response and/or produce any additional responsive non-privileged documents and provide updated privilege logs in a timely manner, as required by the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1. DEFENDANTS object that this discovery propounded by PLAINTIFFS is harassing and unduly burdensome in that DEFENDANTS have already produced to PLAINTIFFS over 485,000 pages of documents in response to previous discovery requests propounded during the course of this proceeding.

2. DEFENDANTS object that the discovery is impermissibly propounded by "Marciano Plata, et al." Under Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFFS must identify with specificity the party that is propounding the discovery. Additionally, the coordinated nature of the PROCEEDING makes the discovery unduly confusing and ambiguous.

3. DEFENDANTS object that the discovery is impermissibly propounded to "Arnold Schwarzenegger, et al." Under Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFFS must identify with specificity to which party discovery is propounded.

4. DEFENDANTS object that the discovery seeks DOCUMENTS that are neither relevant to any party's claims or defenses in this PROCEEDING, nor are reasonably calculated to lead to the discovery of admissible evidence.

5. DEFENDANTS object that the requests seek information equally available to PLAINTIFFS and are thus overbroad and unduly burdensome. In accordance with *Plata* remedial orders, PLAINTIFFS receive a monthly document production and other additional discovery from DEFENDANTS and from the Receiver appointed in *Plata*.

6. DEFENDANTS object that the requests are duplicative or redundant in nature as significant portions of the information sought have been made available to PLAINTIFFS through previous discovery, court-ordered document productions, and privileged settlement negotiations.

7. DEFENDANTS object that the discovery seeks DOCUMENTS outside of DEFENDANTS' custody and control. To the extent the discovery seeks information within the custody and control of the Receiver appointed in *Plata*, PLAINTIFFS should direct such discovery to the Receiver and not to DEFENDANTS. DEFENDANTS do not possess any authority to produce documents maintained within the custody and control of the Receiver.

8. DEFENDANTS object that the discovery seeks DOCUMENTS that are public and thus equally available to PLAINTIFFS. DEFENDANTS further object that the discovery seeks information that is in the possession, custody or control of PLAINTIFFS. To the extent responsive information exists that is public and/or in PLAINTIFFS' possession, custody or control, DEFENDANTS will not produce such DOCUMENTS.

**DEFENDANTS' RESPONSES**

**REQUEST FOR PRODUCTION NO. 40:**

An electronic data file that contains the following DATA FIELDS for each individual admitted into custody in a CDCR prison from June 1, 2007 to May 30, 2008:

    a. ID number
    b. Date of birth
    c. Race or ethnicity
    d. gender
    e. CDCR prison admit date

1.     f.    CDCR prison admit status
2.     g.    CDCR prison commitment
3.     h.    jail credits
4.     i.    3rd strike flag
5.     j.    2nd strike flag
6.     k.    serious offender flag
7.     l.    good-time earning class (50%, 80% etc)
8.     m.    primary offense category
9.     n.    primary offense code
10.     o.    current sentence
11.     p.    county of commitment
12.     q.    state of commitment
13.     r.    initial class (839) record - all items
14.     s.    most recent reclass (840) - all items
15.     t.    expected prison release date
16.     u.    mental health code (CCCMS, EOP, etc.)
17.     v.    gang flag

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

DEFENDANTS object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object to this request to the extent it seeks information that implicates the privacy rights of third parties. DEFENDANTS further object on the grounds that the request is without reasonable limitation as to time and thus seeks information that is irrelevant to the claim or defense of any party. DEFENDANTS further object to this request on the grounds that it is overbroad and unduly burdensome in that it seeks detailed information for all individuals admitted into CDCR custody for one year's time and thus seeks information that is irrelevant to the claim or defense of any party.

- 4 -

1  DEFENDANTS further object to this request on the grounds that it seeks information that
2  is irrelevant to the claim or defense of any party to the extent that the request seeks
3  detailed information of non-class members.
4      DEFENDANTS further object to this request to the extent that documents related
5  to those requested have previously been provided to PLAINTIFFS in the course of this
6  PROCEEDING.
7      DEFENDANTS further object to this request on the grounds that it is vague and
8  ambiguous as to the meaning of the words "electronic data file," "each individual,"
9  "admitted into custody," "ID number," "CDCR prison admit date," "CDCR prison admit
10 status," "CDCR prison commitment," "jail credits," "3rd strike flag," "2nd strike flag,"
11 "serious offender flag," "good-time earning class (50%, 80% etc)," "primary offense
12 category," "primary offense code," "current sentence," "county of commitment," "state of
13 commitment," "initial class (839 record)," "most recent reclass (840) - all items,"
14 "expected prison release date," "mental health code (CCMS, EOP, etc.)," and "gang
15 flag."
16     DEFENDANTS further object to this request to the extent it seeks information
17 regarding the mental health status of inmates, as such information is irrelevant to the
18 claim or defense of any party in the *Plata* litigation given that *Plata* concerns the
19 provision of medical care, not mental health care.
20     Without waiving the foregoing objections, DEFENDANTS respond as follows:
21     The specific data sets requested do not exist within a single database for each
22 individual admitted into CDCR custody from June 1, 2007 to May 30, 2008. Accordingly,
23 no documents will be produced in response to this request.
24 **REQUEST FOR PRODUCTION NO. 41:**
25     An electronic data file that contains the following DATA FIELDS for each
26 individual released from custody from a CDCR prison from June 1, 2007 to May 30,
27 2008:
28     a.    ID number

- 5 -
DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

1559475.1

1      b.     Date of birth

2      c.     Race or ethnicity

3      d.     gender

4      e.     CDCR prison admit date

5      f.     CDCR prison admit status

6      g.     CDCR prison commitment

7      h.     jail credits

8      i.     3rd strike flag

9      j.     2nd strike flag

10     k.     serious offender flag

11     l.     good-time earning class (50%, 80% etc)

12     m.     primary offense category

13     n.     primary offense code

14     o.     current sentence

15     p.     county of commitment

16     q.     state of commitment

17     r.     initial class (839) record - all items

18     s.     most recent reclass (840) - all items

19     t.     facility location (at release)

20     u.     mental health code (CCCMS, EOP, etc.)

21     v.     release date

22     w.     release type

23     x.     gang flag

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

DEFENDANTS object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object to this request to the extent it seeks information

- 6 -

DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

1559475.1

that implicates the privacy rights of third parties. DEFENDANTS further object on the grounds that the request is without reasonable limitation as to time and thus seeks information that is irrelevant to the claim or defense of any party. DEFENDANTS further object to this request on the grounds that it is overbroad and unduly burdensome in that it seeks detailed information for all individuals released from a CDCR PRISON for one year's time and thus seeks information that is irrelevant to the claim or defense of any party. DEFENDANTS further object to this request on the grounds that it seeks information that is irrelevant to the claim or defense of any party to the extent that the request seeks detailed information of non-class members.

DEFENDANTS further object to this request on the grounds that it is vague and ambiguous as to the meaning of the words "a CDCR PRISON," "electronic data file," "each individual," "released from custody," "ID number," "CDCR prison admit date," "CDCR prison admit status," "CDCR prison commitment," "jail credits," "3rd strike flag," "2nd strike flag," "serious offender flag," "good-time earning class (50%, 80% etc)," "primary offense category," "primary offense code," "current sentence," "county of commitment," "state of commitment," "initial class (839 record)," "most recent reclass (840) - all items," "facility location (at release)," "mental health code (CCMS, EOP, etc.)," "release date," "release type," and "gang flag."

DEFENDANTS further object to this request to the extent that documents related to those requested have previously been provided to PLAINTIFFS in the course of this PROCEEDING.

DEFENDANTS further object to this request to the extent it seeks information regarding the mental health status of inmates, as such information is irrelevant to the claim or defense of any party in the *Plata* litigation given that *Plata* concerns the provision of medical care, not mental health care.

Without waiving the foregoing objections, DEFENDANTS respond as follows:

The specific data sets requested do not exist within a single database for each individual released from CDCR custody from June 1, 2007 to May 30, 2008.

Accordingly, no documents will be produced in response to this request.

**REQUEST FOR PRODUCTION NO. 42:**

An electronic data file that contains the following DATA FIELDS for the STOCK PRISONER POPULATION ON June 1, 2008:

a.  ID number
b.  Date of birth
c.  Race or ethnicity
d.  gender
e.  CDCR prison admit date
f.  CDCR prison admit status
g.  CDCR prison commitment
h.  jail credits
i.  3rd strike flag
j.  2nd strike flag
k.  serious offender flag
l.  good-time earning class (50%, 80% etc)
m.  primary offense category
n.  primary offense code
o.  current sentence
p.  county of commitment
q.  state of commitment
r.  initial class (839) record - all items
s.  most recent reclass (840) - all items
t.  expected prison release date
u.  facility location (current)
v.  mental health code (CCCMS, EOP, etc.)
w.  gang flag

- 8 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

DEFENDANTS object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object to this request to the extent it seeks information that implicates the privacy rights of third parties. DEFENDANTS further object to this request on the grounds that it seeks information that is irrelevant to the claim or defense of any party to the extent that the request seeks detailed information of non-class members.

DEFENDANTS further object to this request on the grounds that it is vague and ambiguous as to the meaning of the words "electronic data file," "ID number," "CDCR prison admit date," "CDCR prison admit status," "CDCR prison commitment," "jail credits," "3rd strike flag," "2nd strike flag," "serious offender flag," "good-time earning class (50%, 80% etc)," "primary offense category," "primary offense code," "current sentence," "county of commitment," "state of commitment," "initial class (839 record," "most recent reclass (840) - all items," "expected prison release date," "facility location (current)," "mental health code (CCMS, EOP, etc.)," and "gang flag."

DEFENDANTS further object to this request to the extent that documents related to those requested have previously been provided to PLAINTIFFS in the course of this PROCEEDING.

DEFENDANTS further object to this request to the extent it seeks information regarding the mental health status of inmates, as such information is irrelevant to the claim or defense of any party in the *Plata* litigation given that *Plata* concerns the provision of medical care, not mental health care.

Without waiving the foregoing objections, DEFENDANTS respond as follows:

The specific data sets requested do not exist within a single database and do not contain the DATA FIELDS requested by PLAINTIFFS for the STOCK PRISONER POPULATION on June 1, 2008. Accordingly, no documents will be produced in

response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

The electronic data file used by CDCR and/or its employees, agents or contractors to construct and validate the "California Static Risk Assessment" instrument (as identified on page 5 of the April 2, 2008 Power Point presentation by Jesse Janetta, attached hereto as Appendix A), which includes data from approximately 100,000 "releasees" from CDCR in fiscal year 2002-2003, and identifies which data were used as a "construction sample" and which were used as a "validation sample," and includes the following FIELDS:

    a. ID number
    b. Date of birth
    c. Race or ethnicity
    d. CDCR prison admit date
    e. CDCR prison admit status
    f. CDCR prison commitment
    g. jail credits
    h. 3rd strike flag
    i. 2nd strike flag
    j. serious offender flag
    k. good-time earning class (50%, 80% etc)
    l. primary offense category
    m. primary offense code
    n. current sentence
    o. county of commitment
    p. state of commitment
    q. initial class (839) record - all items
    r. most recent reclass (840) - all items
    s. expected prison release date

    t.    facility location at release

    u.    mental health code (CCCMS, EOP, etc.)

    v.    gang flag

    w.    CDCR statis risk factors

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

DEFENDANTS object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object to this request to the extent it seeks information that implicates the privacy rights of third parties. DEFENDANTS further object on the grounds that the request is without reasonable limitation as to time and thus seeks information that is irrelevant to the claim or defense of any party. DEFENDANTS further object to this request on the grounds that it is overbroad and unduly burdensome in that it seeks detailed information for "approximately" 100,000 individuals released from CDCR custody for one year's time and thus seeks information that is irrelevant to the claim or defense of any party. DEFENDANTS further object to this request on the grounds that the timeframe identified by PLAINTIFFS (fiscal year 2002-2003) is prior to PLAINTIFFS' commencement of the underlying PROCEEDINGS and thus seeks information that is irrelevant to the claim or defense of any party. DEFENDANTS further object to this request on the grounds that it seeks information that is irrelevant to the claim or defense of any party to the extent that the request seeks detailed information of non-class members.

DEFENDANTS further object to this request on the grounds that it is vague and ambiguous as to the meaning of the words "electronic data file," "CDCR and/or its employees, agents or contractors," "construct and validate the 'California Static Risk Assessment' instrument," "'releasees' from CDCR," "'construction sample,'" "'validation sample,'" "ID number," "CDCR prison admit date," "CDCR prison admit status," "CDCR prison commitment," "jail credits," "3rd strike flag," "2nd strike flag," "serious offender

- 11 -

flag," "good-time earning class (50%, 80% etc)," "primary offense category," "primary offense code," "current sentence," "county of commitment," "state of commitment," "initial class (839 record)," "most recent reclass (840) - all items," "expected prison release date," "mental health code (CCMS, EOP, etc.)," "gang flag," and "CDCR static risk factors."

DEFENDANTS further object to this request to the extent that documents related to those requested have previously been provided to PLAINTIFFS in the course of this PROCEEDING.

DEFENDANTS further object to this request to the extent it seeks information regarding the mental health status of inmates, as such information is irrelevant to the claim or defense of any party in the *Plata* litigation given that *Plata* concerns the provision of medical care, not mental health care.

Without waiving the foregoing objections, DEFENDANTS respond as follows:

The specific data sets requested do not exist within a single database. Accordingly, no documents will be produced in response to this request.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all videotaped presentations by CDCR Secretary Matthew Cate that were addressed to CDCR employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

DEFENDANTS object to this request to the extent it seeks documents and/or communications protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object on the grounds that the request is overbroad and unduly burdensome and without reasonable limitation as to time and thus seeks information that is irrelevant to the claim or defense of any party. Defendants further object to this request on the grounds that it is vague and ambiguous as to subject matter and simply seeks all videotaped presentations by Secretary Cate without regard to subject matter, and is therefore overbroad, unduly burdensome, and seeks

information that is irrelevant to the claim or defense of any party.

DEFENDANTS further object to this request on the grounds that it is vague and ambiguous as to the meaning of the words "videotaped presentations" and "addressed to CDCR employees."

Without waiving the foregoing objections, DEFENDANTS respond as follows:

DEFENDANTS were unable to locate any videotaped presentations by CDCR Secretary Cate addressed to CDCR employees. Accordingly, no documents or videotapes will be produced in response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

The Aging Report for Onsite Specialty Care for January 1, 2008 and July 1, 2008 for each CDCR PRISON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

DEFENDANTS object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object to this request to the extent it seeks information that implicates the privacy rights of third parties. Defendants further object to this request on the grounds that it seeks information that is irrelevant to the claim or defense of any party to the extent that the request seeks detailed information of non-class members.

DEFENDANTS further object to this request on the grounds that it is vague and ambiguous as to the meaning of the words "Aging Report for Onsite Specialty Care."

DEFENDANTS further object to this request on the grounds that it seeks information under the custody and control of the Receiver. Because this Court has prohibited discovery from the Receiver, it is impermissible for PLAINTIFFS to seek discovery from DEFENDANTS that is under the Receiver's custody and control. Additionally, it is improper for DEFENDANTS to produce documents within the Receiver's sole custody and control.

1 | Without waiving the foregoing objections, DEFENDANTS respond as follows:

2 | No documents responsive to this request exist within DEFENDANTS' custody and control. However, DEFENDANTS are working with the Office of the Receiver to obtain documents responsive to this request, and to the extent the Office of the Receiver provides such documents to DEFENDANTS, DEFENDANTS will produce these documents to PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 46:**

The Aging Report for Offsite Specialty Care for January 1, 2008 and July 1, 2008 for each CDCR PRISON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

DEFENDANTS object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege. DEFENDANTS further object to this request to the extent it seeks information that implicates the privacy rights of third parties. Defendants further object to this request on the grounds that it seeks information that is irrelevant to the claim or defense of any party to the extent that the request seeks detailed information of non-class members.

DEFENDANTS further object to this request on the grounds that it is vague and ambiguous as to the meaning of the words "Aging Report for Offsite Specialty Care."

DEFENDANTS further object to this request on the grounds that it seeks information under the custody and control of the Receiver. Because this Court has prohibited discovery from the Receiver, it is impermissible for PLAINTIFFS to seek discovery from DEFENDANTS that is under the Receiver's custody and control. Additionally, it is improper for DEFENDANTS to produce documents within the Receiver's sole custody and control.

Without waiving the foregoing objections, DEFENDANTS respond as follows:

No documents responsive to this request exist within DEFENDANTS' custody and

- 14 -

1  control. However, DEFENDANTS are working with the Office of the Receiver to obtain
2  documents responsive to this request, and to the extent the Office of the Receiver
3  provides such documents to DEFENDANTS, DEFENDANTS will produce these
4  documents to PLAINTIFFS.

5  DATED: July 24, 2008                    HANSON BRIDGETT LLP

7                                          By: /s/ Paul Mello
8                                          PAUL MELLO
                                           Attorneys for Petitioners
                                           Arnold Schwarzenegger, et al.

10 DATED: July 24, 2008                    EDMUND G. BROWN JR.
                                           Attorney General of the State of California

13                                         By: /s/ Rochelle East
                                           ROCHELLE EAST
14                                         Acting Senior Assistant Attorney General
                                           Attorneys for Petitioners
                                           Arnold Schwarzenegger, et al.

# Exhibit B

**Subject:** FW: Coleman/Plata - Defendants' Responses to Plaintiffs' Requests for Production of Documents and related documents

**Attachments:** 7-24-08 PROOF OF SERVICE OF DOCUMENTS ON DONAL SPECTER.PDF; 7-24-08 DECLARATION OF ANA MATOSANTOS IN SUPPORT OF PRIVILEGE LOG OF 7-24-08.PDF; 7-24-08 DEFENDANTS SCHWARZENEGGER, CATE, GENEST, AND MAYBERG'S RESPONSE TO PLAINTIFF RALPH COLEMAN'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS.PDF; 7-24-08 DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS.PDF; 7-24-08 DECLARATION OF DAVID RUNNELS IN SUPPORT OF PRIVILEGE LOG OF 7-24-08.PDF; 7-24-08 DECLARATION OF ROBERT GORE IN SUPPORT OF PRIVILEGE LOG OF 7-24-08.PDF; 7-24-08 DEFENDANTS' PRIVILEGE LOG.PDF; 7-24-08 PROOF OF SERVICE OF DOCUMENT AND DVD ON BARLOW, RIFKIN, STEGEMAN AND STEPHENSON.PDF

**From:** Renju P. Jacob
**Sent:** Friday, July 25, 2008 4:43 PM
**To:** 'Donald Specter'; 'Sara Norman'; 'Alison Hardy'; 'Michael W. Bien'; 'Amy Whelan'; 'Theresa.fuentes@cco.sccgov.org'; 'skaufhold@akingump.com'; 'nleonard@cbmlaw.com'; 'gadam@cbmlaw.com'; 'akeck@sonoma-county.org'; 'wemitchell@rivcoda.org'; 'mjm@jones-mayer.com'; 'mrc@jones-mayer.com'; 'khb@jones-mayer.com'; 'erf@jones-mayer.com'
**Cc:** 'rochelle.east@doj.ca.gov'; 'lisa.tillman@doj.ca.gov'; Paul B. Mello; Samantha D. Tama; 'charles.antonen@doj.ca.gov'; 'Kyle Lewis'
**Subject:** Coleman/Plata - Defendants' Responses to Plaintiffs' Requests for Production of Documents and related documents

All,

Please find Defendants' responses to Plaintiffs' requests for production of documents, along with associated documents which was served by mail yesterday.

Sincerely,

RENJU P. JACOB
Attorney
Hanson Bridgett LLP
(415) 995-5049 Direct
(415) 995-3505 Fax
rjacob@hansonbridgett.com

 HansonBridgett

 To reduce paper use, we ask that you please consider the environment before printing this e-mail.

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for