| | |
|---|---|
| 1  EDMUND G. BROWN JR.<br>   Attorney General of the State of California<br>2  DAVID S. CHANEY<br>   Chief Assistant Attorney General<br>3  ROCHELLE C. EAST<br>   Senior Assistant Attorney General<br>4  KYLE A. LEWIS, SBN 201041<br>   Deputy Attorney General<br>5    455 Golden Gate Avenue, Suite 11000<br>     San Francisco, CA 94102-7004<br>6    Telephone: (415) 703-5677<br>     Fax: (415) 703-5843<br>7    Email: Kyle.Lewis@doj.ca.gov | HANSON BRIDGETT MARCUS<br>VLAHOS & RUDY, LLP<br>JERROLD C. SCHAEFER - 39374<br>PAUL B. MELLO - 179775<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>jschaefer@hansonbridgett.com<br>pmello@hansonbridgett.com |

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                              Plaintiffs,<br><br>       v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                              Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>                              Plaintiffs,<br><br>       v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                              Defendants. | No. C 01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>**DECLARATION OF JAY R. ATKINSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES** |

**DECLARATION OF JAY R. ATKINSON**

Decl. of Jay R. Atkinson

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

1

I, JAY R. ATKINSON, declare as follows:

1. I am the Research Manager II for the Estimates and Statistical Analysis Section, Offender Information Services Branch, of the California Department of Corrections and Rehabilitation. I have been employed in this position for six-and-one-half years and have assisted in gathering data maintained by the Department on numerous occasions. I submit this declaration in support of Defendants' Opposition to Plaintiff Marciano Plata's Motion to Compel Supplemental Responses and Production to Requests for Production Nos. 40, 41, 42, and 43. Unless otherwise indicated, I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify.

2. I have reviewed Requests for Production Numbers 40 through 43 propounded by Plaintiff Marciano Plata and assessed where potentially responsive information could be located as well as the means for capturing this information. Furthermore, I have previously assisted in gathering data for use in this litigation, including data utilized by Dr. James Austin in November 2007 through March 2008.

3. Data gathered by the California Department of Corrections and Rehabilitation (CDCR) is expressly intended and designed for operational use only, making it difficult for use in social science research whose aim is to predict parolee behavior. The data sought by Plaintiffs in Requests for Production Nos. 40 through 42 is contained in several different CDCR databases. The various CDCR databases containing this information are not designed to generate a report or compilation of the kind requested by Plaintiffs. In order to create an output responsive to these individual Requests for Production, employees of the CDCR Offender Information Services Branch will be required to write customized computer programs.

4. A significant amount of the data sought by Plaintiffs for the time period specified in Requests for Production Nos. 40 through 42 does not currently exist in electronic format. Portions of this data do not currently exist in a readable or useable format. Moreover, other data is originally recorded in hard copy format and later manually entered into the various CDCR databases. As a result, portions of the data sought by Plaintiffs from mid-2008 currently exist only in hard copy format, while other data may not be available at all. Therefore, in order to

produce this information in electronic format, CDCR employees first need to identify, locate, compile, and deliver the hard copy files to the Offender Information Services Branch. Personnel from this office would then manually enter the relevant data into the electronic databases.

5. Regarding data previously provided to Dr. Austin, the work performed by the Offender Information Services Branch did not result in the production of one dataset containing all of the fields contained in Requests for Production Nos. 40 through 42. Rather, a collection of specific data was provided to Dr. Austin for his use in constructing analysis reports. As a result, it would be a time-consuming and complicated task for staff in Offender Information Services Branch to replicate the process to produce the data responsive to Requests for Production Nos. 40 through 42, for several reasons.

6. First, the data produced to Dr. Austin in late-2007 and early-2008 encompassed a different set of parameters than the current discovery requests. Dr. Austin's previous data involved a subset of approximately 1700 inmates for a six month period, randomly selected by the computer programs written by CDCR employees. In contrast, Plaintiffs' Requests for Production seek data for all CDCR inmates, without any random selection, for a one year period. The programming required to produce this newest dataset is vastly different from the previously constructed program, such that the most efficient way to produce the new data is to write an entirely new search program.

7. Second, the data previously produced by the Offender Information Services Branch was generated not by a single program, but by a series of programs. This data was delivered to Dr. Austin in a number of different datasets between November 2007 and March 2008. On numerous occasions during that period, Dr. Austin requested additions, modifications, and updates to the data being produced by CDCR, causing repeated modifications of the programs in order to accommodate an ever-changing search model. Therefore, it is unlikely that the original programs used presently exist in the same form as they did when the data was originally generated. Third, as already noted, much of the information Plaintiffs are now requesting is not currently available in electronic format.

Decl. of Jay R. Atkinson

*Coleman v. Schwarzenegger*, Case No. 90-0520
*Plata v. Schwarzenegger*, Case No. 01-1351

8. Creating a program for the purpose of identifying, locating, gathering and producing the data referenced in Requests for Production 40 through 42 would require substantial reorganization of CDCR assets and considerable resources. Foremost, given the size and breadth of the requested data, key personnel in the Offender Information Services Branch would be redirected from all other current projects to assist in this production. Some of these personnel would be required to write several complex and unique computer programs, while others throughout the Department would be tasked with locating and compiling hard copy documents containing responsive data, then manually entering this data into electronic format. After the programs were constructed and tested for quality assurance, personnel would run the data search programs in order to generate the requested fields. Once generated, data from both the hard copy materials and electronic databases would be ready for production. Based on my experience, both with the prior data collection performed for this litigation and other special projects performed while at the Offender Information Services Branch, I estimate that this process would take more than eight weeks to complete.

9. I believe that this eight week projection is a conservative estimate for production, since prior productions focused on cohorts encompassing shorter time frames with fewer information fields. To my knowledge, the Offender Information Services Branch has never generated a response to data requests of the magnitude sought by Plaintiffs' Requests for Production. As such, I am not able to foresee the myriad of complications that may arise during the production process. Given the very complex programming required to ensure the most accurate output possible, it is possible that complications could arise and lengthen the time needed to complete the production.

//
//
//
//
//
//

1  10. Regarding Request for Production No. 43, the Offender Information Services Branch does not possess the data sought by that request. The Offender Information Services Branch can provide all of the CDCR datasets that were delivered to the Center for Evidence Based Corrections, since our office retained a copy of those datasets.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Sacramento, California on August 5, 2008.

JAY R. ATKINSON