| | |
|---|---|
| EDMUND G. BROWN JR.<br>Attorney General of the State of California<br>DAVID S. CHANEY<br>Chief Assistant Attorney General<br>FRANCES T. GRUNDER<br>Senior Assistant Attorney General<br>ROCHELLE C. EAST<br>Supervising Deputy Attorney General<br>LISA A. TILLMAN – 126424<br>Deputy Attorney General<br>CHARLES ANTONEN – 221207<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 703-5443<br>Facsimile: (415) 703-5843<br>rochelle.east@doj.ca.gov<br>lisa.tillman@doj.ca.gov<br>charles.antonen@doj.ca.gov | HANSON BRIDGETT LLP<br>JERROLD C. SCHAEFER - 39374<br>PAUL B. MELLO - 179755<br>SAMANTHA TAMA - 240280<br>RENJU P. JACOB - 242388<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>jschaefer@hansonbridgett.com<br>pmello@hansonbridgett.com<br>stama@hansonbridgett.com |

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | **No. 2:90-cv-00520 LKK JFM P**<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>TO: MAGISTRATE JUDGE MOULDS |

- 1 -

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL

1574815.1

## I. INTRODUCTION

This dispute concerns the ongoing meet and confer process between Plata Plaintiffs and Defendants regarding four document production requests contained in Plata Plaintiffs' Third Set of Requests for Production of Documents to Defendants. As Defendants have consistently maintained throughout that process, Plaintiffs' document requests 40-42 are extremely burdensome to comply with, and request 43 seeks information which is outside of Defendants' possession, custody or control.

Although Defendants initially objected to Plaintiffs' RFPs 40-43 due to the extreme difficulty of complying, they are now considering a proposal Plaintiffs made on the same day they filed this motion. Because of these facts, the court should deny Plaintiffs' motion to compel.

## II. FACTUAL BACKGROUND

### A. Defendants Timely Responded to Plaintiffs' Requests for Production

When discovery reopened in these proceedings at the end of June, Plata Plaintiffs served their Third Set of Requests for Production of Documents on Defendants, and a subpoena on the Center for Evidence-Based Corrections at the University of California at Irvine. (*See* Declaration of Renju P. Jacob in Support of Defendants' Opposition to Motion to Compel ("Suppl. Jacob Decl.") ¶ 2.) Requests 40-43 of the Third Set for Production of Documents sought information that Defendants had previously declined to produce through informal discovery. (Suppl. Jacob Decl. ¶ 3.) Each request sought a single data file containing between twenty-one and twenty-three separate data fields. (Suppl. Jacob Decl. ¶ 2.) Among the items sought in the subpoena were documents that overlapped completely with Request 43 of the Request for Production of Documents. (*Id.*)

On Thursday July 24, 2008, Defendants timely served their responses to Plaintiffs' Third Set of Requests for Production of Documents. (*See* Decl. of Renju P. Jacob in Support of Defendants' Opposition to Plaintiffs' Ex Parte Application for an Order Shortening Time, Ex. A.) Defendants also sent Plaintiffs a courtesy copy of those

DEFENDANTS' OPPOSITION TO MOTION COMPEL                                    1574815.1

responses via email on Friday, July 25, 2008. (*See Id.*, Ex. B.)

### B.   The Burdensome Nature of Plaintiffs' Requests

The data Plaintiffs seek in Requests for Production 40-42 is contained in several different CDCR databases. (Decl. of Jay Atkinson in Support of Defendants' Opposition to Plaintiffs' Motion to Compel Discovery Responses, ¶ 3.) These databases are not designed to be used for social science research or predictive projections of parolee behavior. (*Id.* ¶ 3.) Rather, they are "operational" databases, designed to provide data to be used in managing CDCR's facilities. (*Id.*) Hence, the databases are not designed to generate output of the kind Plaintiffs have requested.  (*Id.*) To create that output, employees of the CDCR Offender Information Services Branch must write a custom computer program to pull from each database whatever responsive data it contains. (*Id.*)

Additionally, much of the data Plaintiffs seek in Requests 40-42 does not currently exist in electronic form for the time frames Plaintiffs specify. (*Id.* ¶ 4.) This data is recorded originally in hard copy format, and later entered into the various databases manually. (*Id.*) Some of the data Plaintiffs are requesting from mid-2008 currently exists only in hard copy.  (*Id.*) Before defendants could produce it electronically, they would have to locate and compile the hard copy files, and then perform large quantities of data entry. (*See id.*)

Defendants cannot simply replicate the process by which they produced data to Dr. Austin during settlement negotiations to produce the data responsive to Requests for Production 40-42, for several reasons. (*See id.* ¶ 5.) First, the data produced to Dr. Austin during that period involved a different set of parameters. (*Id.* ¶ 6.) That data involved a subset of 1000 inmates, randomly selected, for statistical reasons, by the computer programs CDCR's programmers wrote, for a six month period. (*Id.*) Here, Plaintiffs seek data for all inmates, without any random selection, for a one year period. (*Id.*) The programming required to produce the initial dataset is so different from the programming required to produce the data Plaintiffs now seek that the most efficient way

- 3 -

DEFENDANTS' OPPOSITION TO MOTION COMPEL                              1574815.1

1  to produce the new data would involve simply rewriting the programs from scratch. (*Id.*)
2  Second, the data Defendants produced during mediation was generated by a series of
3  programs, not a single program. (*Id.* ¶ 7.) Defendants produced this data to Dr. Austin
4  in a number of different datasets between November 2007 and March 2008. (*Id.*)
5  During that period, Dr. Austin requested additions, modifications, and updates to the
6  data being produced numerous times, and the programs were modified repeatedly in
7  order to accommodate these successive requests. (*Id.*) Therefore, the original
8  programs used no longer exist in the same form as they did when the data was originally
9  generated. (*Id.*) Third, as already noted, much of the information Plaintiffs are now
10  requesting is not currently available electronically. (*Id.*)

11  As a result, creating a program to produce the data Plaintiffs request in Requests
12  40-42 would involve redirecting all Offender Information Services Branch personnel from
13  all other projects, writing several complex new computer programs from scratch, locating
14  and compiling hard copy documents containing responsive data, data entry for the data
15  from the hard copies, running the programs, combining the data from the hard copies
16  and the data from the databases, and producing the data. (*Id.* ¶ 8.) This process would
17  likely take more than eight weeks. (*Id.*)

18  Defendants do not have the data sought by Request for Production 43. The
19  Request seeks the data used to create the Center's risk assessment tool. However,
20  Defendants did not provide all of that data to the Center. Instead, they provided only a
21  100,000 releasee match containing arrest data. The Center used additional information
22  to compile its risk assessment, but did not provide that information to Defendants in raw
23  form.

24  For all of these reasons, Defendants initially objected to Requests 40-43 and
25  declined to produce the requested data.

26  **C.     The Parties Continue to Meet and Confer**

27  Nevertheless, Defendants have engaged in extensive meet and confer
28  discussions with Plaintiffs. At 9:23 AM the morning of July 28, 2008, Plaintiffs' counsel

- 4 -

DEFENDANTS' OPPOSITION TO MOTION COMPEL                                       1574815.1

1  called Defendants' counsel to ask to meet and confer that day regarding Defendants'
2  responses to Requests 40 through 43 in Plaintiffs' Third Set of Requests for Production.
3  (*See* Decl. of Renju P. Jacob in Support of Defendants' Opposition to Plaintiffs' Ex Parte
4  Application for an Order Shortening Time, ¶ 3.)  Less than an hour and a half later, at
5  10:51 AM, Plaintiffs' counsel sent an email to Defendants' counsel repeating this
6  request.  (See Rebekah Evenson Decl. in Support of Plaintiff's Motion to Compel
7  Discovery Responses, Exh. E; Decl. of Renju P. Jacob in Support of Defendants'
8  Opposition to Plaintiffs' Ex Parte Application for an Order Shortening Time ¶ 4.)
9  Defendants' counsel complied with the request, calling Plaintiffs' counsel on the
10 afternoon of July 28 to discuss Plaintiffs' concerns.  (Decl. of Renju P. Jacob in Support
11 of Defendants' Opposition to Plaintiffs' Ex Parte Application for an Order Shortening
12 Time ¶ 4.)
13         During this July 28 conference, Defendants' counsel reiterated their objections to
14 Plaintiffs' requests.  (*Id.* ¶ 5.)  They further explained that they had explored the
15 feasibility of providing responsive documents, and had learned that the information
16 Plaintiffs were requesting was not readily available in Defendants' computer systems,
17 and that it would be very difficult, if not impossible, to create new documents containing
18 the data Plaintiffs' sought.  (*Id.*)  When Plaintiffs' counsel asked Defendants whether
19 some portion of the requested data might be more readily available, Defendants agreed
20 to check whether this might be the case.  (*Id.*)
21         At about 10:00 AM on July 29, 2008, Defendants' counsel consulted with Jay
22 Atkinson, a Research Manager at CDCR's Offender Information Services Branch,
23 regarding the feasibility of retrieving some portion of the data Plaintiffs sought.  (*Id.* ¶ 6.)
24 Mr. Atkinson provided further detail regarding the difficulty of responding to Plaintiffs'
25 requests.  Defendants' counsel then called Plaintiffs' counsel in the early afternoon of
26 July 29, and explained these problems to Plaintiffs.  (*Id.* ¶ 7.)  They also reiterated their
27 legal objections to Plaintiffs' requests.  (*Id.*)
28         Defendants' counsel offered to meet and confer again on Thursday, July 31,

- 5 -

DEFENDANTS' OPPOSITION TO MOTION COMPEL                                        1574815.1

2008, with Mr. Atkinson participating, so that he could explain to Plaintiffs in greater detail why Plaintiffs' request was burdensome. (*Id.* ¶ 8.) Defendants hoped that the explanation would convince Plaintiffs' counsel that Defendants could not reasonably comply with Plaintiffs' request and would thereby encourage resolution of this dispute. (*Id.*)

Counsel again met and conferred on July 31, 2008 at 11:00 AM. (*Id.* ¶ 9.) During that conversation, Mr. Atkinson provided further detail regarding the infeasibility of producing the data Plaintiffs sought. (*Id.*) This proposal would have required Defendants to: (1) waive the mediation/settlement privilege under Federal Rule of Evidence 408(a) as to documents and data produced to Jim Austin during the settlement process between December 2007 and January 2008; (2) obtain from the Center for Evidence-Based Corrections the data requested in RFP 43 (even though Plaintiffs had separately requested this information directly from the Center by subpoena). (See Suppl. Jacob Decl. ¶ 4, Exh. A) If Defendants accepted this proposal, Ms. Evenson agreed not to file this motion to compel. (*Id.*) Ms. Evenson demanded a response to the proposal by 3:00 PM on July 31. (Decl. of Renju P. Jacob in Support of Defendants' Opposition to Plaintiffs' Ex Parte Application for an Order Shortening Time ¶ 10.)

Defendants' counsel promptly communicated the proposal to Defendants on July 31. (*Id.* ¶ 9.) But Defendants' counsel indicated to Plaintiffs' counsel on the afternoon of July 31 that their clients required more than just a few hours to consider Plaintiffs' proposal, and requested to be permitted until August 1 to do so. (*Id.* ¶ 10.) Plaintiffs' counsel denied the request. (*Id.*) She stated, however, that if Defendants ultimately agreed to her most recent proposal, she would take the motion to compel off calendar. (*Id.*) Plaintiffs then filed their motion to compel and application for shortening time later in the afternoon of July 31. (*See* Motion to Compel, Coleman Doc. No. 2903).

Defendants are still considering Ms. Evenson's July 31 proposal. Additionally, despite Plaintiffs' insistence on pressing this motion, Defendants have continued to consider other potential options to resolve this dispute. (Suppl. Jacob Decl. at ¶4.) One

- 6 -

DEFENDANTS' OPPOSITION TO MOTION COMPEL

1574815.1

1  such option is described in Part III.D below.

## III.  ARGUMENT

### A.  The Data Plaintiffs Seek in Requests 40-42 Would Be Extremely Burdensome to Produce

Due to their unfamiliarity with CDCR information systems, Plaintiffs' counsel severely underestimate the difficulty of producing the information outlined in Requests 40-42.  For example, Plaintiffs assert that Defendants can simply "query" the databases to obtain the necessary data.  (Plaintiffs' Motion for Order to Compel Discovery Responses, 6:19.)  They suggest that the search is not unlike queries "commonly used by defendants' researchers to generate meaningful information from the database."  (Id. at 6:20-21.)  But the CDCR databases are not designed to be used for this type of research.  Hence, the task is not typical of the Offender Information Services Branch's everyday activities.  To generate the data Plaintiffs request here, Defendants must write new computer code.  Moreover, because the data is in several different databases, Defendants must do so multiple times, and then compile the data into a form usable by Plaintiffs.  Additionally, because much of the information is not currently available in electronic form, these requests would require CDCR personnel to speed up the data entry process for that information significantly from the norm before the information could be compiled in electronic form.  Completing this process would require an estimated eight weeks.

Furthermore, Plaintiffs are mistaken when they state that Defendants need only use a "query…identical to the one defendants used during the mediation period…"  (Id. at 6:21-22.)  This argument is based on a false premise.  Defendants did not use a single query to provide the information they gave to Dr. Austin during settlement negotiations.  Rather, they provided the information piecemeal over a period of several months.  Doing so required significant programming time and analysis, and the programs required to generate the data were modified repeatedly throughout this process. Moreover, Plaintiffs seek different data here.  Rather than requesting data on a random

- 7 -

subsample of the inmate population, Plaintiffs seek data for all inmates, and during a longer time period. Defendants must therefore create new programs to generate this data. And because not all of the information is currently in electronic form, new data entry must occur before Defendants can fully respond to these requests.

**B.     Defendants Cannot Produce the Data Plaintiffs Seek in Request 43, Because It Is Not In Their Possession, Custody or Control**

Request 43 seeks information that Defendants simply do not have. Defendants hired the Center for Evidence-Based Corrections to create a risk assessment tool. As an input into this tool, Defendants provided arrest data, without personally identifying information, for 100,000 prison releasees. However, the Center then used additional data to generate the risk assessment tool, and did not separately provide that information to Defendants.

Thus, although Defendants contracted with the Center for the purposes of producing this report, the data used in the report is not under Defendants' control for all purposes. The Center is a third party, and is affiliated with the University of California at Irvine, not CDCR. Indeed, Plaintiffs tacitly recognized that Defendants might not be able to produce the information they seek by separately serving a subpoena on the Center at the same time as these document requests, requesting the same information. Thus, the proper course for Defendants to obtain the complete set of data used in the report is their subpoena served on the Center, not this motion to compel.

**C.     Defendants Have Acted Reasonably and in Good Faith Throughout the Meet and Confer Process**

Throughout this meet and confer process, Defendants have fully complied with all of their obligations under the Federal Rules of Civil Procedure. Defendants timely responded to Plaintiffs' document production requests, promptly responded to Plaintiffs' request to meet and confer, and did so in good faith, and continue to seriously consider Plaintiffs' offer to take this motion off calendar in exchange for waiving an evidentiary privilege at trial and attempting to obtain information from the Center that is not under

DEFENDANTS' OPPOSITION TO MOTION COMPEL                              1574815.1

1  Defendants' control.

2  Plaintiffs nonetheless insinuate that Defendants "stalled for more than a month"
3  by failing to engage in informal discovery. (Id. at 6:14.) But Defendants are not
4  obligated to produce documents via informal discovery, nor are they obligated to meet
5  and confer during informal discovery. It was entirely within Defendants' rights to seek
6  the procedural safeguards of the formal discovery process before responding to
7  Plaintiffs' requests to produce documents. To be maligned for exercising their rights
8  under the rules of this court is improper.

### D. Defendants Are Willing to Offer An Additional Alternative Proposal to Resolve This Dispute

Plaintiffs made an offer to settle this discovery dispute, but then refused to give Defendants more than one afternoon to consider that proposal before filing this motion. Even so, Defendants have continued to explore possible resolutions to this dispute. After considering their technical capabilities in detail, Defendants are now willing to offer the following counterproposal to Ms. Evenson's July 31 proposal.

As to Requests 40-42, Defendants are prepared to pull the data requested from the various CDCR databases and send the raw information to Plaintiffs. Defendants cannot promise to compile the data into a single data file. Further, Defendants cannot commit to adding any information currently existing only in hard copy form to these data files. Thus, Defendants would produce one or more datasets containing whatever information sought by Requests 40-42 that is currently available in CDCR databases without additional inputs. Because Defendants would still have to write new programs in order to supply these datasets, Defendants will need at least three weeks to produce this data.

With regards to Request 43, Defendants now offer to provide to Plaintiffs the exact same set of data they provided to the Center for Evidence-Based Corrections for

DEFENDANTS' OPPOSITION TO MOTION COMPEL                                   1574815.1

the purpose of preparing the Center's risk assessment tool.  Defendants are able to produce this information in no less than two weeks.  Defendants are not able to produce all of the information used in creating the risk assessment tool, because they do not have all of that data in their possession.  Defendants again note that Plaintiffs have an outstanding subpoena to the Center that covers the entirety of the data requested in Request 43.  Defendants believe that the Center is going to provide the data in their possession that is responsive to the subpoena to Plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, Defendants request that the court deny Plaintiffs' motion to compel.  As an alternative, the court may wish to order that Defendants produce responsive data in accordance with the parameters and time frames outlined in Part III.D, supra.

DATED:  August 5, 2008                     HANSON BRIDGETT LLP


By: /S/ Renju Jacob
RENJU P. JACOB
PAUL MELLO
Attorneys for Defendants Arnold Schwarzenegger, et al.

DATED:  August 5, 2008                     EDMUND G. BROWN JR.
Attorney General of the State of California


By: /S/ Rochelle East
ROCHELLE C. EAST
Supervising Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.

DEFENDANTS' OPPOSITION TO MOTION COMPEL                                     1574815.1