1  PRISON LAW OFFICE
   DONALD SPECTER Bar No.: 83925
2  STEVEN FAMA Bar No.: 99641
   E. IVAN TRUJILLO Bar No.: 228790
3  1917 Fifth Street
   Berkeley, California 94710-1916
4  Telephone:  (510) 280-2621
   Facsimile:   (510) 280-2704
5
   ROSEN, BIEN & GALVAN, LLP
6  MICHAEL W. BIEN Bar No.: 096891
   AMY WHELAN Bar No.: 215675
7  ERNEST GALVAN Bar No.: 196065
   315 Montgomery Street, 10th Floor
8  San Francisco, California 94104
   Telephone: (415) 433-6830
9
   THE LEGAL AID SOCIETY –
10 EMPLOYMENT LAW CENTER
   CLAUDIA CENTER Bar No.: 158255
11 LEWIS BOSSING Bar No.: 227402
   600 Harrison Street, Suite 120
12 San Francisco, CA 94107
   Telephone:  (415) 864-8848
13
   Attorneys for Plaintiffs
14

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RALPH COLEMAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL REGARDING CERTAIN DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FIRST QUARTER OF 2008; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Sept. 18, 2008<br>Time: 11:00 a.m.<br>Place:  Courtroom 26<br>Judge:  Honorable John F. Moulds |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE  FIRST
QUARTER OF 2008; MEMORANDUM OF POINTS AND AUTHORITIES, NO.:  CIV S 90-0520 LKK-JFM

[230844-2]

1

## NOTICE OF MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on September 18, 2008, at 11:00 a.m. or as soon thereafter as

4

the matter may be heard in the United States District Court, 501 I Street, Sacramento, California,

5

before the Honorable John F. Moulds, United States Magistrate Judge, in Courtroom 26, the plaintiff

6

class will and hereby does move this Court for an order determining Plaintiffs' entitlement to certain

7

disputed attorneys' fees and costs for the first quarter of 2008.

8

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum

9

of Points and Authorities filed herewith, the pleadings and papers on file in this matter, and such

10

other evidence and arguments as may be presented to the Court at or before the time of the hearing.

11

12

## MEMORANDUM OF POINTS AND AUTHORITIES

13

This motion concerns Defendants' continued withholding of reasonable fees and costs

14

incurred in monitoring and enforcing the *Coleman* remedy, based on Defendants' assertion that

15

certain activities are not compensable because they relate only to the three-judge panel proceedings

16

regarding overcrowding.[1]

17

Plaintiffs have briefed the issue regarding fees and costs that Defendants deem compensable

18

only after conclusion of the three-judge panel proceedings on three prior occasions, which are set

19

forth in the table below.  As noted in the table, this Court granted the first motion on September 11,

20

2007 (affirmed October 5, 2007), and has taken the next two motions under submission.

21

22

23

24

25

26

[1] Defendants have also challenged the 2008 rates of paralegals and other legal assistants. Plaintiffs do not address this dispute here, but reserve the right to brief it within the yearly

27

motion to compel process set forth by the Court's Periodic Fees Order.  *See* Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs, filed 3/19/96, (Ex. A to Decl. of

28

Amy Whelan (Docket No. 2823, pages 6-10) ¶ 4.

1

[230844-2]

| Motion | Status |
|---|---|
| PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD AND FOURTH QUARTERS OF 2006 (Docket No. 2325) Filed July 25, 2007 | GRANTED IN PERTINENT PART Sept. 11, 2007 (Docket No. 2397); Oct. 5, 2007 (Docket No. 2451). |
| PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE THIRD QUARTER OF 2007 (Docket No. 2708), Filed March 10, 2008. | Under Submission Since April 3, 2008 |
| PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FOURTH QUARTER OF 2007 (Docket No. 2821) Filed June 16, 2008 | Under Submission Since July 21, 2008 |

This Court has previously, and unambiguously, ruled that that Plaintiffs need not prove a constitutional violation every time they seek reasonable attorneys' fees and costs, and that work litigating overcrowding issues before the three-judge panel is compensable as directly and reasonably incurred in enforcing the relief ordered for the constitutional violations found by the Court. *See* Order, Oct. 5, 2007 (Docket No. 2451), adopting Findings and Recommendations, Sept. 11, 2007 (Docket No. 2397), at 5:12 – 6:7.

Plaintiffs have now briefed their entitlement to compensation for this work, and rebutted Defendants' arguments to the contrary, in the six previous filings related to the above-listed motions to compel. Plaintiffs restate and incorporate those documents in full. *See* Plaintiffs' Motion To Compel Disputed Attorneys' Fees And Costs From The Third And Fourth Quarters Of 2006 (Docket No. 2325), filed 7/25/07; Reply ISO Motion To Compel Disputed Attorneys' Fees And Costs From The Third And Fourth Quarters Of 2006 (Docket No. 2378), filed 8/21/07; Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007, filed 3/10/08 (Docket No. 2708); Reply ISO Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007, filed 4/3/08 (Docket No. 2742); Plaintiffs' Motion to Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007, filed 6/16/08 (Docket No. 2821); Reply ISO Motion to

2

[230844-2]

1    Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007, filed 7/17/08 (Docket

2    No. 2878).

3        For the reasons stated in these eight documents – the Court's two previous Orders on the

4    subject, and Plaintiffs' six pleadings seeking application of those principles to this single ongoing

5    dispute – Plaintiffs are entitled to compensation for the reasonable attorneys' fees and costs that

6    Defendants have withheld for the first quarter of 2008 on the grounds that the work was related to the

7    three-judge panel proceedings.  As stated in the previous filings, the fact that the work was related to

8    the three-judge panel proceedings does not mean that it was unrelated to enforcement of the overall

9    remedy in the *Coleman* case.  To the contrary, this Court has already found that such work is directly

10   and reasonably incurred to enforce the September 13, 1995 Injunction, and this quarter is no

11   exception.  Findings and Recommendations, Docket No. 2397, 9/11/07, at 5:12 – 6:7.

12       Defendants' contention that work related to the three-judge panel proceeding and

13   enforcement of the underlying remedy is not compensable until Plaintiffs' "re-establish" prevailing

14   party status in the three-judge panel part of the case is contrary to controlling authority.  *Webb v. Ada*

15   *County*, 285 F.3d 829, 833-35 (9th Cir. 2002).  The Plaintiff class has already prevailed in the

16   *Coleman* action, and has secured a remedy that includes continued involvement by class counsel to

17   monitor and enforce the Injunction, including the prevailing party attorneys' fees and costs that make

18   such continued involvement possible.  Requiring the class to "re-prevail" on each item of effort

19   expended to enforce the Injunction would effectively make monitoring and enforcement by class

20   counsel impossible.  Defendants' repeated interposition of this already rejected standard is

21   undermining the *Coleman* remedy.

22       During the first quarter of 2008, covering January through March 2008, Defendants withheld

23   payment for approximately 1,668 hours of professional services that Defendants deem to be related

24   only to the three-judge panel trial, despite the fact that such services were necessary to enforce the

25   underlying *Coleman* remedy.  (*See* Exhibit A to Stipulation Confirming Undisputed Attorneys' Fees

26   and Costs for the 1st Quarter of 2008, Docket No. 2899, Page 5 of 7.)  At the rates the Defendants

27   have agreed to pay pending resolution of certain disputes regarding paralegal rates, this amounts to

28   approximately $260,000 in fees. (Defendants have also disputed approximately $9,500 in work

3

[230844-2]

1   performed from January to March 2008 on this fee dispute.)

2       In addition, Defendants have withheld payment of approximately $107,000 in costs that

3   Plaintiffs' counsel was required to advance on behalf of the class between January and March of

4   2008. *Id.*, at Page 7 of 7.  As in the previous quarters, these withheld costs include very broad

5   categories of expenses, such as all copying costs, despite the fact that such costs are regularly

6   incurred in work on the underlying *Coleman* remedy.  *See id.*; Decl. of Amy Whelan (Docket No.

7   2823), at ¶ 8.

8       As in the previous two motions to compel, Plaintiffs do not in this motion ask for an order

9   directing payment of any particular amount, but seek a ruling that Defendants' categorical objection

10  is improper and a direction that the parties meet and confer within a reasonable time to resolve any

11  objections to the specific amounts of time expended or the specific cost amounts.

12                           **CONCLUSION**

13      For all of the reasons stated above and in the prior briefs on this same issue, Plaintiffs seek

14  compensation for the reasonable attorneys' fees and costs that Defendants have withheld for the

15  first quarter of 2008.  Plaintiffs request that the Court find that the above-described disputed

16  professional services and costs are compensable under the applicable legal standard, in that the

17  work performed and the costs incurred were directly and reasonably incurred in enforcing the

18  relief ordered for the constitutional violations found in the Court's September 13, 1995 Order.

19  Plaintiffs further request that the Court order the parties to complete a meet-and-confer process

20  regarding the amounts to be paid within 30 days of the Court's order.  Finally, Plaintiffs request

21  an order from this Court reaffirming Plaintiffs' entitlement to reasonable attorneys' fees and

22  costs directly and reasonably incurred in relation to the *Coleman* remedy without regard to

23  whether such fees and costs are also related to the three-judge panel proceedings.

24  Dated:  August 8, 2008               Respectfully submitted,

25                          ROSEN, BIEN & GALVAN, LLP

26

27                          By: */s/*_____
                              Ernest Galvan

28                            Attorney for Plaintiffs

[230844-2]