PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile:   (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112229
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
SARAH M. LAUBACH, Bar No. 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF, Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS FOR IMPROPER WITHHOLDING OF NON-PRIVILEGED DOCUMENTS** |
| MARCIANO PLATA ,et al.,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　vs.<br><br>　　　Defendants | No. C01-1351 TEH<br><br>　　　<u>**HEARING**</u><br><br>Date:　　August 15, 2008<br>Time:　　1:30 pm<br>Location: Courtroom 26<br><br>The Honorable John F. Moulds |

[231366-1]

PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS FOR IMPROPER WITHHOLDING OF NON-PRIVILEGED DOCUMENTS, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

# TABLE OF CONTENTS

**Page**

I.   Introduction ...................................................................................................... 1

II.  Factual and Procedural Background ...................................................................... 2

    A.   Documents Ordered Produced on April 14, 2008 and May 29, 2008.................... 2

    B.   Documents Listed on the June 10, 2008 and August 5, 2008 Privilege
Logs ............................................................................................................ 4

III. Argument ............................................................................................................ 6

    A.   Legal Standard ............................................................................................ 6

    B.   Defendants' Production of the Previously Withheld Documents Was
Untimely and Improper, and Should Be Sanctioned ........................................ 6

        1.   Defendants Improperly Delayed Producing the Previously
Withheld Documents .............................................................................. 6

        2.   The Documents Defendants Finally Produced In A Format Not
Compliant With the Parties' Agreement, Making Review and
Analysis Needlessly Time-Consuming and Costly .................................... 7

    C.   Defendants Have Flagrantly Disregarded the Court's Orders Regarding
Privilege in Their Recent Productions .............................................................. 8

        1.   Legal Standard for the Qualified Deliberative Process Privilege ................ 8

        2.   Defendants' Declarations in Support of the Deliberative Process
Privilege Are Inadequate .......................................................................... 9

            a.   Defendants Have Not Provided Any Declarations to Support
the Assertion of the Privilege over the Documents Withheld
Production on June 10, 2008 ......................................................... 10

            b.   Defendants' Declarations Fail to Address 87 Documents
Withheld from Their Recent Productions........................................ 10

            c.   In Violation of the Law of the Case, Defendants Decided
Not to Provide the Necessary Information About
Confidentiality in the New Declarations ......................................... 11

        3.   Defendants' Privilege Logs Continue to Fail to Meet the
Requirements for Asserting the Privilege ................................................. 13

        4.   Many of the Documents on the Logs Cannot Be Considered
Predecisional ........................................................................................ 15

        5.   The Court Previously Found that, Given the Defenses in this Case,
Documents of the Sort Found in the Current Log Cannot Be
Withheld Under the Deliberative Process Privilege. ................................. 16

[231366-1]

a.    Defendants' Litigation Positions Have Placed These
Documents at the Center of the Litigation.....................................17

b.    Much of the Information Contained in These Documents
Can Be Obtained Only from Defendants.........................................19

c.    The Government Is the Defendant in this Litigation ......................19

d.    Disclosure Cannot Reasonably Be Considered to Hinder
Frank Discussion.............................................................................19

e.    The Interest of the Litigants and Society in Accurate Fact-
Finding and the Seriousness of the Litigation also Weigh in
Favor of Disclosure ........................................................................20

D.    Defendants Also Assert Attorney-Client Privilege Over Non-Privileged
Documents...................................................................................................21

1.    Legal Standard for Attorney-Client and Work Product Privileges...........21

2.    Defendants Have Asserted Attorney-Client Privilege for
Documents that Are Not Privileged .........................................................22

E.    Sanctions Requested...................................................................................24

IV.    Conclusion.................................................................................................................24

[231366-1]

# TABLE OF AUTHORITIES

**Page**

## CASES

*Admiral Ins. v. U.S. Dist. Court for Dist. Of Ariz.*,
  881 F.2d 1486 (9th Cir. 1989) ..................................................................... 21

*Allen v. Woodford*,
  2007 WL 309945 (E.D. Cal. Jan. 30, 2007) ................................................. 9

*Assembly of State of California v. U.S. Department of Commerce*,
  968 F.2d 916 (9th Cir. 1992) ............................................................ 9, 14, 16

*Carter v. U.S. Department of Commerce*,
  307 F.3d 1084 (9th Cir. 2002) ..................................................................... 8

*Clarke v. American Commerce Nat'l Bank*,
  974 F.2d 127 (9th Cir. 1992) ....................................................................... 21

*Coastal States Gas Corp. v. Department of Energy*,
  617 F.2d 854 (D.C. Cir. 1980) ...................................................................... 8

*Department of Interior v. Klamath Water Users Protective Association*,
  532 U.S. 1 (2001) ........................................................................................... 8

*Environmental Protection Agency v. Mink*,
  410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973) ................................... 8, 9

*F.T.C. v. Warner Communications Inc.*,
  742 F.2d 1156 (9th Cir. 1984) ............................................................ 8, 9, 17

*Fisher v. United States*,
  425 U.S. 391 (1976) ...................................................................................... 22

*Griffith v. Davis*,
  161 F.R.D. 687 (C.D. Cal. 1995) .................................................................. 23

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. 1992) ..................................................................... 22

*In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*,
  145 F.3d 1422 (D.C. Cir. 1998) .................................................................... 18

*L.H. v. Schwarzenegger*,
  2007 WL 2009807 (E.D. Cal. July 6, 2007) ................................... 9, 17, 19, 20

*Maness v. Meyers*,
  419 U.S. 449, 95 S.Ct. 584 (1975) ........................................................... 6, 12

*Matter of Fischel*,
  557 F.2d 209 (9th Cir. 1977) ....................................................................... 21

*N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S.132 (1975) ............................... 8

*Nat'l Wildlife Fed'n v. United States Forest Serv.*,
  861 F.2d 1114 (9th Cir. 1988) ............................................................................ 8

*North Pacifica, LLC v. City of Pacifica*,
  274 F. Supp. 2d 1118 (N.D. Cal. 2003) ...................................................... 16, 17

*U.S. v. Chevron Corp.*,
  1996 WL 444597 (N.D. Cal. May 30, 1996) ..................................................... 24

*United States v. Abrahams*,
  905 F.2d 1276 (9th Cir. 1990), *overruled in nonrelevant part by*
  *United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) ................................... 22

*United States v. Armstrong*,
  781 F.2d 700 (9th Cir.1986) .......................................................................... 6, 12

*United States v. Rozet*,
  183 F.R.D. 662 (N.D. Cal. 1998) ...................................................................... 9

## RULES

Fed. R. Civ. P. 37(b)(2) ....................................................................................... 6

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................. 6

Fed. R. Civ. P. 37(b)(2)(A)(vii) ........................................................................... 6

Fed. R. Civ. P. 37(b)(2)(C) .................................................................................. 6

Fed. R. Civ. P. 37(d) ............................................................................................ 6

Fed. R. Civ. P. 37(d)(3) ........................................................................................ 6

[231366-1]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THE ABOVE-ENTITLED ACTION:

PLEASE TAKE NOTICE that on August 15, 2007, at 11:00 a.m., or as soon thereafter as the matter may be heard, Plaintiffs will and hereby do move this Court for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), and (d), and Eastern District Local Rules 11-110 and 37-251(e), for the failure by Defendants to comply with the Court's Orders and for the improper withholding of documents. Plaintiffs make this motion and on the grounds that, in direct violation of this Court's Orders, Defendants unjustifiably delayed in producing all documents they were ordered to produce, finally produced them in a format that causes further delay, and have now asserted privileges over documents that under this Court's Orders and under the law cannot be considered privileged.

The Motion is supported by this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Maria V. Morris in Support of Plaintiffs' Motion for Discovery Sanctions ("Morris Decl."), the exhibits attached thereto, the Declaration of Ernest Galvan in Support of Plaintiffs' Motion for Discovery Sanctions ("Galvan Decl."), all filed herewith, the papers and pleadings on file in this action, and other such pleadings, and evidence and arguments as may come before the Court upon the hearing of this matter.

# I.    Introduction

Plaintiffs in the Coleman and Plata cases continue to suffer from unnecessary pain and injury, and continue to die, as a result of Defendants' failure to fix their unconstitutional mental and medical health care systems, years after they were found to be in violation of their constitutional obligations.

The Three-Judge Court convened to address the issue of how to resolve the ongoing and severe constitutional violations. Defendants, however, continue to stall and abuse the discovery process by withholding essential information. They have continually and repeatedly misused the deliberative process and attorney-client privileges. They have withheld many thousands without bothering to take the steps required by the law and by this Court to justify refusing to produce documents that are critically important to accurate fact-finding. Moreover,

1  even had they asserted the privileges properly, many of the documents Defendants have
2  withheld are simply not covered by the privileges.

3      After the Court repeatedly found that the privilege logs and supporting declarations
4  were inadequate and ordered documents produced, Defendants refused to comply with the
5  Court's Orders for months.  Defendants have offered no legal authority for this decision, and
6  cannot do so, because the law is clear – absent a stay, Defendants were required to comply.

7      When required to offer authority for their refusal, Defendants produced the documents –
8  but only after converting them – in direct violation of the parties' November 2, 2007
9  stipulation – into a form that would make it unnecessarily costly and time-consuming for
10 Plaintiffs to review the documents, creating still more delay.

11     Moreover, even while Defendants were failing to comply with the Court's Orders, they
12 were putting together new privilege logs and supporting declarations that had many of the
13 same deficiencies as the logs and declarations the Court had previously found to be inadequate
14 to justify the privileges.  When the problems were pointed out, Defendants simply stated that
15 they disagreed with the Court's Orders.

16     Defendants' continual stalling and flagrant disregard for the Court's Orders should not
17 be tolerated.  Defendants should be sanctioned for their abuse of the discovery process.

18 **II.    Factual and Procedural Background**

19     This motion concerns two sets of documents over which Defendants have improperly
20 asserted privileges:  (1) those the Court ordered to be produced on April 14, 2008 and May 29,
21 2008; and (2) those referred to in the deficient privilege logs of June 10, 2008 and August 5,
22 2008.

23     **A.    Documents Ordered Produced on April 14, 2008 and May 29, 2008**

24     In the fall of 2007, Plaintiffs propounded document requests on Defendants.  After
25 meeting and conferring regarding how the production would proceed, the parties brought the
26 issue to the Court.  In a stipulation entered into by the parties, Defendants agreed that they
27 would produce documents in native format and image files, and, as requested by the Court, that
28 all documents withheld on the basis of privilege would be provided to the Court for in camera

[231366-1]

review on the same day that the privilege logs were provided to Plaintiffs.  *See Coleman* Docket No. ("Dkt.") 2500, 2600.[1]  Defendants thereafter began production, producing logs claiming privilege over some 10,000 documents in November of 2007.  Dkt. 2582, 2689.

Plaintiffs challenged some of the assertions of privilege in November 2007.  Dkt. 2582. On December 7, 2007, the Court found that Defendants' assertions of privilege were improper, and ordered the documents produced on that day.  Dkt. 2600.  The matter was then stayed, and Defendants were given the opportunity to revise their log.

In February 2008, Defendants gave Plaintiffs a log covering nearly 17,000 documents. Plaintiffs again challenged many of the assertions of privilege.  The Court again held that Defendants' privilege assertions were improper.  On April 14, 2008, this Court ordered Defendants to produce within 5 business days certain documents over which attorney-client privilege had been improperly asserted.  Dkt. 2753.  The documents should have been produced by April 21, 2008.  They were not.  Instead, on April 21, 2008, Defendants moved for reconsideration and a stay.  Dkt. 2767.

On May 29, 2008, this Court ordered Defendants to produce within 5 business days the documents over which the deliberative process privilege had been improperly asserted.  Dkt. 2805.  The documents should have been produced by June 5, 2008.  They were not. Again, Defendants moved for reconsideration and a stay on the day they were required to produce, rather than producing.  Dkt. 2812.

The Three-Judge Court denied both motions for reconsideration and stay on June 17, 2008 and July 8, 2008, respectively.  Dkt. 2825, 2862.  Defendants still did not produce the documents.  Instead, Defendants filed appeals, petitions for writs of mandamus, and requests for stays of both orders.  The writ petitions and requests for stay were denied on August 7 and 8, 2008.  Morris Decl. Ex. S.  The appeals remain pending.

---

[1] For simplicity, all docket references are to the *Coleman v. Schwarzenegger* docket only. However this motion is brought on behalf of the *Coleman* and *Plata* Plaintiffs.

On August 7, 2008, during a hearing on other discovery disputes in this matter, the Court ordered that by noon on August 11, 2008, Defendants were to produce the documents and file a statement saying they had done so, or to file a statement laying out the authority for not having complied with the Court's order.  Dkt. 2927.  On August 11, 2008, shortly before noon, Defendants filed a statement that they documents had been produced, and produced a disk containing the documents to Plaintiffs.  Galvan Decl. ¶ 2.

The disk contained 4,429 TIFF files constituting 40,689 pages.  Galvan  Decl. ¶2.  The disk contained no native or image file documents, in violation of the November 2, 2007 stipulation.  *Id.*; *see also* Dkt. 2500.  The vendor stated that it would cost approximately $11,600 more to process the documents than if they had been produced in native format.  Galvan Decl. ¶ 4.  Further, it would take approximately 10 days to have the documents ready to review, whereas, had the documents been produced in native format, the documents would be ready for review in under a day.  *Id.* at ¶ 4.

Plaintiffs asked that the documents be produced in native format immediately.  Defendants informed Plaintiffs that they could not produce the documents in the format in which they were created.  Morris Decl. Ex. O.

Because of the delay in the production of the documents and the improper production of TIFF files instead of native format files, thereby causing additional unnecessary expenses and delay, Plaintiffs request that Defendants be sanctioned for their failure to comply with this Court's Orders.

**B.     Documents Listed on the June 10, 2008 and August 5, 2008 Privilege Logs**

On June 10, 2008, Defendants produced additional documents responsive to the document requests propounded last fall.  Defendants also withheld some of the documents, asserting a variety of privileges, including deliberative process.  *See* Morris Decl. Ex. A.  Defendants did not provide declarations supporting the assertion of deliberative process privilege.  *Id.* and ¶ 3.

On July 24, 2008, Defendants produced documents responsive to Plaintiff Coleman's Third Request for Production of Documents, a new privilege log, and three declarations

1  purportedly supporting the assertion of the deliberative process privilege.  Morris Decl. Exs. B-

2  E.  Following Plaintiffs' repeated attempts to meet and confer regarding the document

3  production, privilege log, and the declarations, Defendants informed Plaintiffs that there would

4  be a further production, privilege log, and new declarations produced.

5      Additional documents, a new privilege log, and new declarations regarding the

6  deliberative process privilege for the newly added log entries were received by Plaintiffs on

7  August 8, 2008.  Morris Decl. Exs. I-L.  The privilege log is dated August 5, 2008.

8      Defendants' declarations fail to rectify the problems found by the Court in the earlier

9  declarations.  For example, none of the new declarations state anything more about

10  confidentiality and preservation of privilege than that categories of documents are maintained

11  as privileged and confidential.  The Court held that this was inadequate when ruling on the

12  earlier privilege log and declarations.  Dkt. 2805 at 8.  Further, the declarations for the

13  documents provided on the July 24, 2008 log did nothing to tie any statements in the

14  declarations to any specific documents.  Morris Decl. Exs. C-E. This too was one of the

15  inadequacies found by the Court when ruling on the earlier declarations.  Dkt. 2805.

16  Moreover, Defendants did not even bother providing declarations about the documents referred

17  to on the June 10, 2008 privilege log.  Morris Decl. ¶3. Further, the Court has already held that

18  Defendants' defenses will require waiver of the deliberative process privilege over the type of

19  documents now list again on their logs.  Dkt. 2600.

20      Similarly, the privilege logs manifest the very same problems as the Court found in the

21  earlier logs.  The descriptions of documents are frequently vague to the point of being

22  meaningless.  Morris Decl. Exs. A, I; *see also* Dkt. 2805.  They lack basic information, such as

23  author, recipient and date.  The attorney client privilege appears to be asserted over documents

24  that are not properly within the privilege – also a problem with the earlier logs.  Morris Decl.

25  Exs. A, I; *see also* Dkt. Dkt. 2573.

26      Because these issues have already been decided in this litigation, Plaintiffs seek

27  sanctions for Defendants' frivolous assertions of the same privileges, with the same problems,

28  requiring briefing and decision on the same issues.

1    **III.    Argument**

2        **A.    Legal Standard**

3            If, following a court order to provide discovery, the party upon whom the discovery

4    requests were served fails to obey the order, the court may issue "further just orders," including

5    sanctions.  Fed. R. Civ. P. 37(b)(2)(A); *see also* E.D. Local Rule 11-110.  Such sanctions may

6    include issue or evidentiary sanctions, such as preclusion from presenting defenses or

7    evidence, or the rendering of a judgment by default against the disobedient party.  Fed. R. Civ.

8    P. 37(b)(2).  The party may also be found to be in contempt.  Fed. R. Civ. P. 37(b)(2)(A)(vii).

9            Similarly, if a party fails to produce responsive documents, it may be subject to issue or

10   evidentiary sanctions.  Fed. R. Civ. P. 37(d).

11           Further, the Court can order the payment of reasonable expenses, including attorneys'

12   fees for a party found in violation of a court order, or for a party that has improperly failed to

13   produce responsive documents.  Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

14       **B.    Defendants' Production of the Previously Withheld Documents Was
             Untimely and Improper, and Should Be Sanctioned**

15           **1.    Defendants Improperly Delayed Producing the Previously Withheld
                  Documents**

16

17           Defendants' disagreement with this Court's Orders does not relieve them of the

18   obligation to comply.  Where a party disagrees with an order, the proper course is to file an

19   appeal and comply with the order in the meantime.  *Maness v. Meyers*, 419 U.S. 449, 458, 95

20   S.Ct. 584, 591 (1975) ("If a person to whom a court directs an order believes that order is

21   incorrect the remedy is to appeal, but, absent a stay, to comply promptly with the order

22   pending appeal.  Persons who make private determinations of the law and refuse to obey a

23   court order generally risk criminal contempt even if the order is ultimately ruled incorrect.");

24   *United States v. Armstrong*, 781 F.2d 700, 707 (9th Cir.1986) (holding that a party's

25   disagreement with a court order does not relieve them of their obligation to comply with the

26   order because "[a]s the Supreme Court has directed, the proper course of action, unless and

27   until the court's order is invalidated by an appellate court, [is] for appellants to comply. . . .").

28

1  Defendants sought stays on four separate occasions and had their request denied each time.

2  Dkt. 2825, 2862; Morris Decl. Ex. S.  They had no justification for failing to comply.

3       On August 11, 2008, Defendants finally produced the documents ordered to be

4  produced by April 21, 2008 and June 5, 2008.  Galvan Decl. ¶4.  This delay has prejudiced

5  Plaintiffs in their ability to prepare for trial, and particularly in their ability to craft discovery to

6  explore facts and circumstances that are discussed in the documents.

7       **2.    The Documents Defendants Finally Produced In A Format Not Compliant With the Parties' Agreement, Making Review and Analysis Needlessly Time-Consuming and Costly**

8

9       Following the Court's August 7, 2008 Order to produce the documents on August 11,

10  2008 or explain why they had not, Defendants finally produced a disk containing the

11  documents.  However, it immediately became apparent that Defendants had altered the

12  documents, converting them from their searchable native format into TIFF files, which are not

13  easily searchable.

14       Defendants' production in TIFF files rather than native format violates the stipulation

15  entered by the parties in this case that documents responsive to the first sets of document

16  requests would be produced in native format and image files.  *See* Dkt. 2500.

17       Additionally, Defendants produced redacted versions of some of the documents.

18  Plaintiffs immediately informed Defendants of the few redacted documents that they were able

19  to view.  *See* Morris Decl. Ex. O.  Defendants then produced non-redacted versions of the

20  documents identified by Plaintiffs, but did not indicate whether there were additional

21  documents that had been improperly redacted.  Given the format of the documents produced,

22  Plaintiffs  will not know whether there are other documents that were redacted for at least 10

23  days.

24       Defendants' failure to produce the previously withheld documents for months is a direct

25  violation of this Court's April 14, 2008 and May 29, 2008 Orders that the documents be

26  produced within 5 business days.  Given the importance of these documents, the pending

27  discovery cut-off and trial, Defendants' bad faith in failing to produce these documents without

28

[231366-1]

1    the Court's further intervention, and the ultimate production in a form that builds in additional,

2    unnecessary cost and delay, Plaintiffs request that the Court sanction Defendants' conduct.

3    **C.    Defendants Have Flagrantly Disregarded the Court's Orders Regarding Privilege in Their Recent Productions**

4

5            **1.    Legal Standard for the Qualified Deliberative Process Privilege**

6            The deliberative process privilege is a narrow, qualified federal common law privilege

7    that protects materials created by governmental departments or agencies during the decision-

8    making process.  *Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1117 (9th

9    Cir. 1988).  The deliberative process privilege "covers 'documents' reflecting advisory

10   opinions, recommendations and deliberations comprising part of a process by which

11   governmental decisions and policies are formulated.'"  *Department of Interior v. Klamath*

12   *Water Users Protective Association*, 532 U.S. 1, 8 (2001) (quoting *N.L.R.B. v. Sears, Roebuck*

13   *& Co.*, 421 U.S.132, 150 (1975)).  It "was developed to promote frank and independent

14   discussion among those responsible for making governmental decisions, *Environmental*

15   *Protection Agency v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and to

16   protect against premature disclosure of proposed agency policies or decisions."  *F.T.C. v.*

17   *Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *Coastal States Gas*

18   *Corp. v. Department of Energy*, 617 F.2d 854, at 866 (D.C. Cir. 1980)); *see also N.L.R.B.*, 421

19   U.S. at 150-51.

20           To qualify for the privilege a document must be both "predecisional" and

21   "deliberative."  *Id.*  To be predecisional, a document must be "prepared in order to assist an

22   agency decisionmaker in arriving at his decision."  It may include "recommendations, draft

23   documents, proposals, suggestions, and other subjective documents which reflect the personal

24   opinions of the writer rather than the policy of the agency. A predecisional document is a part

25   of the 'deliberative process,' if 'the disclosure of [the] materials would expose an agency's

26   decisionmaking process in such a way as to discourage candid discussion within the agency

27   and thereby undermine the agency's ability to perform its functions.'"  *Carter v. U.S.*

28   *Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting *Assembly of State of*

[231366-1]

1  *California v. U.S. Department of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (internal

2  citations omitted)).

3       The agency asserting the privilege bears the burden of justifying it.  *Mink*, 410 U.S. at

4  93.

5       Additionally, assertion of the deliberative process privileges requires:

6   • a formal claim of privilege by the "head of the department" having control over the requested information;

7

8   • assertion of the privilege based on actual personal consideration by that official; and

9   • a detailed specification of the information for which the privilege is claimed, with an explanation of why it properly falls within the scope of the privilege.

10  *Allen v. Woodford,* 2007 WL 309945 at *4 (E.D. Cal. Jan. 30, 2007); *see also L.H. v.*

11  *Schwarzenegger*, 2007 WL 2009807, at *2 (E.D. Cal. July 6, 2007); *United States v. Rozet*,

12  183 F.R.D. 662, 665 (N.D. Cal. 1998) (noting that the deliberative process privilege may be

13  invoked only "by the head of the department after actual personal consideration" of the

14  allegedly privileged information).

15       Even if the procedural requirements are met, "[t]he deliberative process privilege is a

16  qualified one."  *FTC*, 742 F.2d at 1161.  "A litigant may obtain deliberative materials if his or

17  her need for the materials and the need for accurate fact-finding override government's interest

18  in nondisclosure."  *Id.*; *see also Rozet*, 183 F.R.D. at 665 (holding that privilege "may be

19  overcome by a strong showing of need on the part of the party seeking discovery").

20
            **2.    Defendants' Declarations in Support of the Deliberative Process**
21                  **Privilege Are Inadequate**

22       Despite repeated Court Orders finding their declarations supporting the deliberative

23  process privilege inadequate, Defendants have yet again failed to provide adequate declarations

24  to support the privilege.  Withholding documents without meeting the most basic requirements

25  of the privilege can only be viewed as a dilatory abuse of the privilege.

26

27

28

### a.    Defendants Have Not Provided Any Declarations to Support the Assertion of the Privilege over the Documents Withheld Production on June 10, 2008

On June 10, 2008, Defendants produced documents responsive to Plaintiffs' initial discovery requests from five hard drives they had only just located. Morris Decl. Ex. A. They also withheld more than 200 additional documents. *Id.* More than half of the documents were withheld under an assertion of deliberative process privilege. *Id.* When Defendants produced this privilege log stating that they were withholding documents, they did not provide any declarations at all supporting the assertion of the privilege. Morris Decl. Ex. A and ¶3. The prior declarations had already been declared fatally inadequate by this Court and could not have applied anyway, given that the documents had not been located when the declarations were drafted.

Plaintiffs have twice requested identification of the supporting declarations, but Defendants have failed to provide any information as to who, if anyone, reviewed these documents and authorized their withholding and when this might have occurred. Morris Decl. ¶8 and Ex. G.

Because Defendants failed to provide any declaration, let alone that of the head of any agency, to justify the withholding of these documents, all documents listed in the June 10, 2008 log as being withheld solely on the grounds of deliberative process should be ordered produced immediately.

### b.    Defendants' Declarations Fail to Address 87 Documents Withheld from Their Recent Productions.

When Defendants produced their August 5, 2008 log, they did provide new declarations addressing the documents that were newly withheld at that time. Morris Decl. Exs. J-L. The primary difference between August 5, 2008 declarations on the one hand, and the declarations the Court previously determined to be inadequate and the July 24, 2008 declarations on the other hand, is that in the new declarations, the declarants state that they have reviewed specified documents. *Id.* at Ex. L at ¶ 9, Ex. J at ¶11, Ex. K at ¶11. Each of the declarations

1   sets forth a numerical listing of the documents the declarant states he or she has reviewed.  *Id.*

2   at Ex. L at ¶ 10, Ex. J at ¶12, Ex. K at ¶12.

3       However, 87 documents – nearly a quarter of the documents over which Defendants

4   claim deliberative process privilege – are not included in the listing of documents the

5   declarants claim to have reviewed.  The documents that are not listed in the declarations are

6   documents numbered 2-5, 7-9, and 12-91.

7       Defendants have stated that the August 5, 2008 declarations that tie the description of

8   documents and aver that the documents were in fact reviewed by the declarants do not address

9   the documents that were listed on the July 24, 2008 log.  Morris Decl. ¶14.  Entries for

10  Documents numbered 2-5, 7-9, and 12-91 make up most of the July 24, 2008 log. Morris Decl.

11  Exs. A,I.  The July 24, 2008 declarations do not state actually state that the specific documents

12  were reviewed, nor do they tie any of the statements in the declarations to any specific

13  document.  Morris Decl. Exs. C-E.  These were the some of the flaws found by the Court in the

14  earlier declarations.  Dkt. 2805.

15      These 87 documents should not be considered to be in any way covered by the

16  deliberative process privilege as there is no evidence that they were reviewed by high level

17  officials prior to the assertion of the privilege.  They should be ordered produced immediately.

18          **c.   In Violation of the Law of the Case, Defendants Decided Not to
                    Provide the Necessary Information About Confidentiality in**

19          **the New Declarations**

20      This Court held that Defendants' earlier declarations did not adequately demonstrate

21  that the documents withheld had been kept confidential.  Dkt. 2600, 2805.  The new

22  declarations produced in support of the August 5, 2008 privilege log state that categories of

23  "materials are maintained as privileged and confidential," without any proof that the

24  confidentiality of each specific document withheld has actually been preserved.  Morris Decl.

25  Ex. L at ¶¶ 5-7, Ex. J at ¶¶6-9, Ex. K at ¶¶7-9.  This is precisely the same averment that this

26  Court has twice found to be inadequate.  Dkt. 2600, 2805.  As with the prior declarations that

27  the Court found to be inadequate on the issue of demonstrating that confidentiality of the

28  specific documents was maintained, there is no additional information beyond that statements

1    that the categories of material are maintained as privileged.  *Compare* Morris Decl. Exs. J-L

2    *with* Dkt. 2685.

3           When discussing the declarations in the meet and confer, Plaintiffs raised the similarity

4    on the issue of maintaining confidentiality of the current declarations and the prior declarations

5    that have already been held to be inadequate.  Morris Decl. ¶ 8.  Defendants' response was that

6    they believed the Court was incorrect in finding the declarations to be inadequate.  Morris

7    Decl. ¶¶ 8, 12.

8           Regardless of whether Defendants disagree with the Magistrate's Order regarding the

9    inadequacy of the declarations and the Three-Judge Court's Order denying reconsideration of

10   the Magistrate's Order, they are bound by them until and unless the decisions are overturned

11   on appeal.  *Maness*, 419 U.S. at 458 ("[I]f a person to whom a court directs an order believes

12   that order is incorrect the remedy is to appeal, but, absent a stay, to comply promptly with the

13   order pending appeal.  Persons who make private determinations of the law and refuse to obey

14   a court order generally risk criminal contempt even if the order is ultimately ruled incorrect.");

15   *United States v. Armstrong*, 781 F.2d at 707 (holding that a party's disagreement with a court

16   order does not relieve them of their obligation to comply with the order because "[a]s the

17   Supreme Court has directed, the proper course of action, unless and until the court's order is

18   invalidated by an appellate court, [is] for appellants to comply. . . .").  While Defendants'

19   current declarations have not themselves been ruled to be inadequate, the exact language used

20   in them to purportedly demonstrate that the documents have been kept confidential has,

21   repeatedly, been invalidated in this case.  Defendants' decision to continue to submit

22   declarations with the inadequate language should be deemed the equivalent of failing to

23   provide a declaration at all.

24          Moreover, given that Defendants have been informed that the naked averment that

25   categories of documents are maintained as privileged and confidential is inadequate, the failure

26   to provide more information suggests that Defendants do not have further information about

27   how the confidentiality of these documents has been preserved.

28

1    Because Defendants' declarations do not show that they have preserved the

2    confidentiality of the documents over which they have asserted the deliberative process

3    privilege, the declarations should be found to be inadequate.  Moreover, because Defendants

4    have been informed that the language used in the declarations is inadequate and have

5    nonetheless persisted in using the same formulation, the Court should find that allowing yet

6    another attempt to fix the declarations is futile.  Defendants should be ordered to produce all

7    documents withheld on the basis of the deliberative process privilege at once.

8
              **3.      Defendants' Privilege Logs Continue to Fail to Meet the**
9                       **Requirements for Asserting the Privilege**

10   The Court previously held that the descriptions on Defendants' privilege logs are too

11   conclusory to support the deliberative process privilege.  Dkt. 2600, 2805.

12   On Defendants newest log, there are 397 entries.[2]  Defendants assert the deliberative

13   process privilege over 371 of the documents listed on the log.  Morris Decl. Ex. I.  The

14   document descriptions remain too conclusory, making it impossible to determine whether the

15   withheld documents are properly considered to be protected from disclosure.  For example, the

16   description of one document withheld under the deliberative process privilege reads simply

17   "Policy discussion of CDCR Emergency Authority of AB 900."  Morris Decl. Ex. I at Doc.

18   341.  There is no way to determine from this description if there was a decision to which this

19   was predecisional or whether this is a discussion of what the policy already is.  More than one-

20   tenth of the entries on the August 5, 2008 log describe the withheld documents as "Document

21   submitted concerning CDCR proposals for the upcoming week for agency review and

22   consideration."   Morris Decl. Ex. I at Doc. 121-165.  From this description, it is impossible to

23   determine whether the "document submitted" actually had anything to do with any particular

24   decision-making process.  It is also impossible to determine what sort of "proposals" were at

25   issue, whether they are reasonably considered part of the deliberative process (and if so, of

26
_____

27   [2] The entries are numbered 1 to 405.  However, there are 7 blank entries, and the first
     numbered entry is actually the column headings.
28

1   what agency), and whether they rose to the level that there is any reasonable concern that

2   disclosure would somehow discourage candid discussion. *Assembly of State of Cal.*, 968 F.2d

3   at 920.

4          Other descriptions are so vague that they can, and likely do, describe many documents

5   created by and for CDCR. For example, Defendants have withheld undated documents,

6   created by CDCR, Division of Adult Parole Operations, for Jim Tilton, described as "Report

7   and supporting documents regarding adult population projections." Morris Decl. Ex. I, Doc.

8   73. Reports regarding adult population projections are presumably created with some

9   regularity at the Division of Adult Parole Operations. Another document is an e-mail

10  described as "document discussing prison policy proposal for agency review and

11  consideration." *Id.* at Doc. 239. This description is so vague that it could conceivably cover

12  nearly every document on the log, as well as many documents that have been produced.

13         Many of the entries on Defendants' June 10, 2008 log are similarly uninformative. For

14  example, one reads simply "Draft quarterly report." Morris Decl. Ex. A at E00099845.

15  Another slightly more enlightening entry reads "Draft quarterly report for 01/01/2006 through

16  03/31/2006." *Id.* at E00099846. There is no obvious reason why a draft quarterly report,

17  which presumably describes events and data about a past quarter, would be part of the

18  deliberation of agency decisions and policies. Several others state "Report related to pandemic

19  planning efforts" or "Draft documents discussing influenza planning efforts." *Id.* at

20  E00099828-E00099835, E00099809-E00099816. These are similarly inadequate descriptions

21  to assert the privilege.

22         Further, as with earlier logs, some entries on the Defendants' August 5, 2008 log lack

23  the most basic information, such as the name of the author and/or the recipient, and many lack

24  dates. *See, e.g.*, Morris Decl. Ex. I (Docs. 52, 59-60, 62, 64-68, and 74-90, listing the author as

25  CDCR and the recipient as DOF; numerous of these entries are also undated).

26         Finally, the Court requested in the fall of 2007 that Defendants submit all withheld

27  documents to the Court for in camera review on the same day the privilege log is produced to

28  plaintiffs. Dkt. 2600 at 4; *see also* Dkt. 2573. Plaintiffs have twice asked whether the

1    documents recently withheld have been provided to the Court, but have not received an

2    answer.  Thus it appears that Defendants have also failed  to comply with the Court's request

3    and the stipulated agreement to provide the withheld documents to the Court.

4           Without reasonable descriptions, and without complete information about authors,

5    recipients and dates, the validity of the assertion of privilege cannot be determined from the

6    log.  There is no way to determine from the log how many people received a document,

7    whether it was indeed prior to some decision, and what the document actually concerns.  The

8    Court cannot determine, based on these vague logs, and without the documents themselves to

9    review, whether the privilege claims are justified.  Defendants have failed to meet their burden

10   of demonstrating that the documents are protected by the privilege.

### 4.     Many of the Documents on the Logs Cannot Be Considered Predecisional

13          Many of the documents listed on the logs do not appear to be predecisional in any

14   meaningful way.  For example, Defendants have withheld a document described as "Report

15   and supporting documents regarding adult population projections."  Morris Decl. Ex. I at Doc.

16   73.  These documents appear, from the description, to be data – which may or may not be used

17   in decisions moving forward.  Defendants also assert the privilege over charts described as

18   "Cumulative Report of various correctional projects for agency review and consideration,"

19   "Cumulative Report of various mental health projects for agency review and consideration,"

20   and "Report of various mental health projects for agency review and consideration."  Morris

21   Decl. Ex. I at Docs. 78-82.  Nothing in this description suggests that the charts of projects are

22   somehow predecisional.  Defendants claim the privilege over a "Memorandum analyzing

23   prison capacity at San Quentin."  Id. at Doc. 90.  Again, there does not appear to be any

24   connection to any decision.  Defendants withhold several spreadsheets described as "Draft

25   CDCR Gap Charts and DOF Summary Capacity Charts for agency review and consideration

26   pertaining to capacity."  Id. at Docs 219-224.  Such documents appear to be factual information

27   and analysis of those facts; they do not appear to be "subjective documents which reflect the

28   personal opinions of the writer rather than the policy of the agency."  Assembly of State of Cal.,

[231366-1]

968 F.2d at 920.  To permit Defendants to assert the deliberative process privilege over documents of these kinds – charts and reports describing the actual state of affairs – would be an enormous and unwarranted expansion of this privilege that is supposed to be strictly and narrowly construed.  *North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

Similarly, Defendants have withheld documents described as "Evaluation of jail re-entry policy for agency review and analysis" and "Evaluation of the fiscal impact of Receiver's Project for agency review and comment."  Morris Decl. Ex. I at Doc. 342-345.  Such documents appear, from the brief description, to "simply state or explain a decision the government has already made," and thus are not entitled to protection under the deliberative process privilege.  *See In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).

Nearly all of the entries have some variation of the phrase "for executive review and consideration" tacked on at the end of the document description.[3]  *See* Morris Decl. Ex. I.  The simple addition of this phrase, like addition of the words "predecisional" or "deliberative" in the document descriptions in earlier logs, does nothing to show that the documents were created or used for the deliberative process.  Rather, it appears to be a meaningless mechanism used to bolster the assertion of the privilege.  Many of the documents do not appear to be predecisional.

**5.    The Court Previously Found that, Given the Defenses in this Case, Documents of the Sort Found in the Current Log Cannot Be Withheld Under the Deliberative Process Privilege.**

The deliberative process privilege is a qualified privilege that can be overcome if the need for the documents overrides the governmental interests in non-disclosure.  To determine whether the privilege applies, the court considers: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to

---

[3] The phrase may refer to agency review or attorney review, and the documents may be described as being for "review and determination," "review and consideration," "review and deliberation," "review and analysis," "review and evaluation," "review and approval," or "consideration and approval." Morris Decl. Ex. I.

which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *FTC*, 742 F.2d at 1161. The court can also consider "(5) the interest of the litigant, and society, in accurate judicial fact finding; and (6) the seriousness of the litigation and the issues involved." *L.H. v. Schwarzenegger*, 2007 WL 2009807 at * 2 (E.D. Cal. 2007) (citing *North Pacifica*, 274 F. Supp. 2d at 1122). In this case, every single factor weighs strongly in favor of disclosure. Indeed, this Court already held that documents very similar to the documents listed in the August 5, 2008 privilege log cannot be withheld, given the manner in which these proceedings are being defended. Dkt. 2600 at 13-14.

> **a.    Defendants' Litigation Positions Have Placed These Documents at the Center of the Litigation**

The evidence contained in the documents withheld appears to be not just relevant, but central to Defendants' positions in this litigation. Many of the documents relate to funding requests and budgets related to the prisons including requests for funding for staffing, programming, and construction. *See, e.g.*, Morris Decl. Ex. I , Docs.19-41, 58-60, 62-67, 69-72, 75-77, 89, 260, 373-376, 394-399, 402-405. There are also documents that apparently relate to funding needs relating to the "Draft CDCR Gap Charts and DOF Summary Capacity Charts" sent by an individual at the Department of Finance. Morris Decl. Ex. I at Docs. 219-224. Defendants have put these issues front and center in this litigation. For example, in James Tilton's Responses to Plaintiff Marciano Plata's First Set of Interrogatories, the first cause of Defendants' inability to provide constitutionally adequate medical care was the "[f]ailure of past state executives and legislators to allocate sufficient resources to CDCR." Morris Decl. Ex. P at 6.

Defendants have withheld an e-mail regarding CDCR Emergency Authority, yet Governor Schwarzenegger stated in response to nearly every interrogatory to which he responded, that the administration "continues to aggressively use the emergency authority to address overcrowding in ways that are less intrusive than a prisoner release order." Morris Decl. Ex. I, Doc. 171; Ex. Q.

1    Defendants have withheld several documents specifically related to the Governor's

2    2008-2009 budget proposals. *See, e.g.,* Morris Decl. Ex. I, Docs. 13, 59, 69.  However, on

3    August 8, 2008, Defendant Cate responded to interrogatories listing "certain projects [that]

4    have been included in the Governor's 2008-2009 budget proposals," only portions of which are

5    addressed in the budget proposals. *See* Morris Decl. Ex. R, Response Nos. 2, 3.

6    Numerous of the documents withheld relate to implementation of AB 900.  *See, e.g.,*

7    Morris Decl. Ex. I, Docs. 5, 7-9, 25-26, 30-31, 40-41, 85-87, 97-100, 166-168, 171, 177-185,

8    187-190, 205, 241-242, 248-249, 261, 275-285, 288, 317-319, 326-330, 334, 340-341, 346-

9    348, 351-353, 364-366, 385-387.  Again, Defendants have used "the passage and

10   implementation of AB 900" as a defense in this litigation.  Morris Decl. Ex. P, Response No. 3,

11   10, 11.  Defendants represented to the Court that the implementation of AB 900 will be an

12   important aspect of their defense, noting that they "would certainly like the opportunity to fully

13   present to the court how AB 900 is rolling out and how it will roll out in the near future, so you

14   have a better understanding -- everybody at the table has a better understanding of what it can

15   and can't do."  Dkt. 2600.  Indeed, the Court already held, with regard to documents relating to

16   the implementation of AB 900, that the deliberative process privilege could not apply, given

17   the defenses being mounted in this litigation.  Dkt. 2600 at 13-14.  Yet Defendants persist in

18   asserting the privilege over the same category of documents.

19   As was the case with the documents Defendants withheld last fall and have only just

20   produced, the way Defendants have chosen to defend themselves in this proceeding will result

21   a waiver of any the qualified deliberative process privilege that could have been asserted over

22   the documents. The privilege "was fashioned in cases where the governmental decisionmaking

23   process is collateral to the plaintiff's suit." *In re Subpoena Duces Tecum Served on the Office*

24   *of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998).  "If the plaintiff's

25   cause of action is directed at the government's intent, however, it makes no sense to permit the

26   government to use the privilege as a shield." *Id.*  Defendants' continued assertion of the

27   deliberative process privilege over documents relating to issues that are clearly central to their

28

[231366-1]

1  defenses, and that they have been told are not privileged, can only be seen as abuse of the

2  privilege and should be sanctioned.

### b. Much of the Information Contained in These Documents Can Be Obtained Only from Defendants

5     The documents withheld pursuant to the August 5, 2008 privilege log are likely to be

6  the only source of much of the information contained therein.  These documents show whether

7  various projects may be funded and, where projects are not being funded, the point at which

8  the project lost the chance of implementation.  It is highly unlikely that other sources of such

9  information exist.

10     Defendants have delayed in ways that make it impossible for Plaintiffs to seek out other

11  sources of the documents in the time remaining for discovery.  Defendants produced a much

12  shorter privilege log on July 24, 2008, covering only 90 documents.  Morris Decl. Ex. B. There

13  was no mention that there were additional documents and an additional privilege log coming.

14  Defendants delayed meeting and conferring  Morris Decl. Exs. F-H, M, N.  Defendants put off

15  the meet and confer process, and only informed Plaintiffs on August 6, 2008 that there would

16  be an additional production and an additional log produced that day or the next.  Plaintiffs did

17  not receive the new log until August 8, 2008.  Morris Decl. Ex. I.  It was only at this time,

18  exactly one month before the end of discovery, that Plaintiffs knew of the existence of most of

19  these documents, or that they were being withheld.

### c. The Government Is the Defendant in this Litigation

21     Here the government agencies that are withholding the documents are Defendants in the

22  litigation.  They have been found to violate the constitution, and they have been unable to fix

23  the constitutional violations.  They are central to this litigation.  Their role in the litigation

24  weighs in favor of disclosure.  *See L.H.*, 2007 WL 2009807 at * 7.

### d. Disclosure Cannot Reasonably Be Considered to Hinder Frank Discussion

27     Nearly all of the documents listed on the August 5, 2008 privilege log were created in

28  2008, after the Court ordered on December 7, 2007 that all previously withheld documents be

1  produced.  Morris Decl. Ex. I; Dkt. 2600.  It would be remarkable if, in the wake of such an

2  order, Defendants were unaware that their documents might be disclosed.  Further, the very

3  existence of these documents following the Court's December 7, 2007 Order suggests that the

4  creators of the documents on the logs are not discouraged from having candid discussions.

5      Additionally, Defendants have been required to turn over Budget Change Proposals and

6  drafts thereof in numerous cases, including *L.H. v. Schwarzenegger*, *Valdivia v.*

7  *Schwarzenegger*, and in *Coleman* itself.  There is no reasonable argument that they do not

8  know, when creating these documents, that they may ultimately be disclosed in litigation.  *See*,

9  e.g., *L.H.*, 2007 WL 2009807 at * 7.

10      The documents listed on the August 5, 2008 privilege log were created following the

11  repeated orders in various cases that Budget Change Proposals be disclosed, and the

12  December 7, 2007 Order in this case that all withheld documents be produced.  Their existence

13  shows that there is no validity to claims that disclosure will discourage candid discussion of the

14  matters contained in them.  This factor, too, weighs in favor of disclosure.

### e.  The Interest of the Litigants and Society in Accurate Fact-Finding and the Seriousness of the Litigation also Weigh in Favor of Disclosure

17      The last two factors that are sometimes considered in deciding whether the privilege

18  should be waived weigh strongly in favor of disclosure.  Here, Defendants have been in

19  violation of the constitutional rights of Plaintiffs for years.  The continued violations cost

20  Plaintiffs untold amounts of pain and suffering and result in long-term physical and mental

21  injuries, as well as many deaths each year.

22      Moreover, society has a strong interest in accurate fact-finding. Defendants fund the

23  prisons with taxpayer dollars and govern in the society's name.  The public should have

24  confidence that the decisions were based on an accurate accounting of the facts.

25      Finally, there is no doubt that this litigation is serious.  The injuries suffered by class

26  members are serious.  The many federal court orders finding Defendants to have violated and

27  to continue to violate the constitution are serious.  The orders referring the Plata and Coleman

28  cases to the Three-Judge Court further demonstrate that the case is serious.

Every one of the six factors considered in the determination of whether to order disclosure weighs heavily in favor of Plaintiffs.  The documents withheld under the qualified deliberative process privilege should be ordered produced immediately.

Defendants have persisted in asserting the deliberative process privilege, without bothering to support each assertion with a declaration, using declarations that they know violate the Court's Orders, and without any reasonable hope that the documents actually are privileged.  The continued assertion of the privilege must be viewed as abusive.  Defendants should face sanctions for their dilatory and wasteful conduct.

### D.    Defendants Also Assert Attorney-Client Privilege Over Non-Privileged Documents

Defendants' assertions of attorney-client privileges are less egregiously improper than their deliberative process assertions.  Nonetheless, there remain numerous instances where it appears that the documents withheld do not meet the criteria for the privileges asserted.

### 1.    Legal Standard for Attorney-Client and Work Product Privileges

The attorney client privilege protects what a client tells a lawyer. The privilege encourages full disclosure between lawyer and client, so that the lawyer may give informed legal advice.  *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  The privilege has eight essential elements:  "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his [or her] capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at this instance permanently protected, (7) from disclosure by him [or her] self or by the legal adviser, (8) unless the protection be waived."  *Admiral Ins. v. U.S. Dist. Court for Dist. Of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989) (citing *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir. 1977)); *see also* Dkt. 2573 at 6.

At a minimum, in order to assert the privilege, the communication must be between a client and an attorney.  However, even where the communications are between an attorney and a client, Defendants must show that these were communications intended to be, and in fact were, kept confidential between an attorney and client for the purpose of obtaining legal

1  advice.  *See Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Abrahams*, 905

2  F.2d 1276, 1283 (9th Cir. 1990), *overruled in nonrelevant part by United States v. Jose*, 131

3  F.3d 1325 (9th Cir. 1997).

4       As with the deliberative process privilege, the party resisting disclosure bears the

5  burden of demonstrating that the privilege applies.  *See In re Grand Jury Investigation*, 974

6  F.2d 1068, 1071 (9th Cir. 1992).

7
8       **2.       Defendants Have Asserted Attorney-Client Privilege for Documents
                 that Are Not Privileged**

9       On the August 5, 2008 log, Defendants have asserted attorney-client privilege over three

10  documents that do not include a single attorney as author or recipient.  Morris Decl. Ex.I,

11  Docs. 364-366.  On the June 10, 2008 log, there are two documents that do not list any attorney

12  as an author or recipient. Morris Decl. Ex. A , E00100226-E00100227.  These documents are

13  not entitled to attorney-client privilege, and should be produced.

14       On the June 10, 2008 privilege log, Defendants have asserted attorney-client privilege

15  over three documents received by an attorney, Lisa Tillman, and "Various."  Morris Decl.

16  Ex. A, E00100274- E00100281. Defendants cannot contend that this supports an assertion that

17  documents were maintained as confidential.

18       Defendants appear to assert attorney client privilege over numerous documents solely

19  because they were attached to privileged communications.  For example, on the June 10, 2008

20  log, Defendants describe two separate reports that do not claim to be documents including or

21  seeking legal advice as being "attached to privileged e-mail."  Morris Decl. Ex. A, E00100316-

22  E00100318, E00100348.  The second of these emails was sent to five people, of whom two are

23  attorneys. *Id.* at E00100348.

24       Most documents that appear on the logs apparently because they were sent to an

25  attorney are not quite as clear as those above.  Four other non-legal documents appear to have

26  been attached to one of the "privileged e-mails" mentioned above, a "discussion re population

27  projections" and a "Dental Services Report," "Dental Services Survey Report," and "Chart of

28  health program staff requests."   Morris Decl. Ex. A, E00100347, E00100349-E00100350,

[231366-1]

E00100352.  One report appears to be on the log for the same reason, although not described as attached to a privileged e-mail.  E00100006 is described as "Policies and procedures related to heat precautions during inclement weather."  Morris Decl. Ex. A.  There is no suggestion that this document is itself privileged, though it appears to be one of several attachments to a privileged e-mail.  Similarly, a report "Report on Recommendations to CDCR" appears to be on the log because it was attached to a privileged e-mail with Bruce Slavin. Morris Decl. Ex. A, E00100051.  The same is true for E00100074-E00100075, which appear to be later versions of the same report, and a set of documents attached to an e-mail to counsel, E00100143-E00100148.  Morris Decl. Ex. A.

The same problem is evident in the August 5, 2008 privilege log.  In at least three instances, there is a document authored on one day that does not contain or seek legal analysis, but it is sent to an attorney a could days later as an attachment to what likely is a privileged e-mail and thus, according to Defendants, the underlying documents becomes privileged.  *See* Morris Decl. Ex. I, Docs. 357 and 358, 368 and 369, 370 and 371.

Defendants also have claimed attorney client privilege over various documents that, from the description provided, neither seek nor provide legal advice.  Morris Decl. Ex. I.  The documents are described as "Email regarding CDCR Emergency Authority – AB 900 with recommendations  for agency review and consideration," sent to five people, including two attorneys (*Id.* at Doc. 171),  "Document analyzing AB 900 and fiscal impacts for agency review and consideration" (*Id.* at Docs. 187-190), "Document providing analysis on fiscal impacts of CDCR litigation (*Id.* at Doc. 195) and "Discussion regarding prison policy for agency review and consideration" (*Id.* at Doc. 300).

Non-privileged documents do not become privileged simply by the fact of being sent to an attorney.  No privilege attaches to a document that would have been created "because of a business purpose, even if there had been no perceived additional interest in securing legal advice."  *Griffith v. Davis*, 161 F.R.D. 687, 697 (C.D. Cal. 1995).  Even within documents, the privilege should be asserted only over the portions of a documents that are actually for the purpose of legal advice.  *See, e.g.*, *U.S. v. Chevron Corp.*, 1996 WL 444597, *2-3 (N.D. Cal.

1    May 30, 1996).  With regard to these documents, separating the privileged communication

2    with the attorney (the e-mail) from the non-privileged attachments is a simple exercise, but

3    Defendants have refused to recognize that where document a document is transmitted to an

4    attorney, the document does not itself become privileged.

5           **E.     Sanctions Requested**

6           Plaintiffs request that Defendants be sanctioned for their failure to timely produce all

7    documents ordered produced by the Court, to produce electronic documents in native format in

8    compliance with the negotiated Stipulation and Federal Rule of Civil Procedure 34, and to

9    provide privilege logs and declarations that meet the requirements of this Court.

10          By delaying production, Defendants prejudice Plaintiffs in their ability to prepare for

11   depositions, to craft discovery requests, and to prepare for trial.  Further, the delays force

12   Plaintiffs to incur large expenses as they rush to deal with the late productions.  Defendants'

13   continued stalling tactics should be sanctioned.

14          In light of Defendants' flagrant violations of this Court's Orders, Plaintiffs respectfully

15   request that the Court order Defendants (1) to produce in native format, no later than

16   August 15, 2008, all documents that were ordered produced in the April 14, 2008 and May 29,

17   2008 Orders; (2) to produce in native format, no later than August 15, 2008, all documents

18   withheld based on deliberative process privilege that are listed on Defendants' June 10, 2008

19   privilege log; (3) to produce in native format, no later than August 15, 2008, all documents

20   withheld based on deliberative process privilege that are listed on Defendants' August 5, 2008

21   privilege log; and (4) to produce, in native format, no later than August 15, 2008, all

22   documents challenged herein on the grounds that attorney-client privilege was not properly

23   asserted.  Plaintiffs further request that Defendants and their attorneys be ordered to pay all of

24   Plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing this motion and

25   in processing for review all documents produced on August 11, 2008 and pursuant to this

26   Order.

27   **IV.   Conclusion**

28          For the foregoing reasons, Plaintiffs respectfully request that this Court sanction

[231366-1]

1   Defendants for their instant and repeated violations of this Court's Orders and of the Federal

2   Rules of Civil Procedures by issuing such sanctions orders as it sees just.

3

4   Dated:  August 12, 2008                    Respectfully submitted,

5                                              /s/ *Maria V. Morris*
                                               Maria V. Morris
6                                              Rosen, Bien & Galvan
                                               Attorneys for *Coleman* Plaintiffs and on
7                                              Behalf of *Plata* Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28