# EXHIBIT J

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST - 183792
   Acting Senior Assistant Attorney General
4  LISA A. TILLMAN - 126424
   Deputy Attorney General
5  KYLE A. LEWIS - 201041
   Deputy Attorney General
6  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
7  Telephone: (415) 703-5677
   Facsimile: (415) 703-5843
8  rochelle.east@doj.ca.gov
   kyle.lewis@doj.ca.gov
9  lisa.tillman@doj.ca.gov

   HANSON BRIDGETT LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179755
   SAMANTHA TAMA - 240280
   RENJU P. JACOB - 242388
   425 Market Street, 26th Floor
   San Francisco, CA  94105
   Telephone: (415) 777-3200
   Facsimile:  (415) 541-9366
   jschaefer@hansonbridgett.com
   pmello@hansonbridgett.com
   stama@hansonbridgett.com
   rjacob@hansonbridgett.com

10  Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13         AND THE EASTERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 16 RALPH COLEMAN, et al.,<br>17　　　Plaintiffs,<br>18　　v.<br>19 ARNOLD SCHWARZENEGGER, et al.,<br>20　　　Defendants. | No.  2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| 22 MARCIANO PLATA, et al.,<br>23　　　Plaintiffs,<br>24　　v.<br>25 ARNOLD SCHWARZENEGGER, et al.,<br>　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**SUPPLEMENTAL DECLARATION OF ROBERT GORE IN SUPPORT OF PRIVILEGE LOG OF AUGUST 5, 2008** |

26
27                                    RECEIVED
28
                       AUG 0 8 2008
                  - 1 -

DECL. GORE SUPP. AUG. 5, 2008 PRIV. LOG
CASE NOS. 01-1351; S:90-0520                Rosen, Bien & Galvan

1      I, Robert Gore, declare:

2          1.      I am the Senior Deputy Cabinet Secretary for the California Governor's

3      Office.  From September 1, 2007, until January 15, 2008, I served as Acting Chief

4      Deputy Cabinet Secretary for the California Governor's Office.

5          2.      I am familiar with the following matters and if called as a witness, I could

6      and would testify competently to them.

7          3.      I have reviewed Plaintiffs' requests for production of documents

8      propounded upon Governor Arnold Schwarzenegger and other named Defendants in

9      this Three-Judge Court proceeding.  I have also reviewed responses to that discovery.

10         4.      In my capacity as Senior Deputy Cabinet Secretary for the California

11     Governor's Office, I am familiar with the Office of the Governor's responsibilities within

12     State government.  The Office of the Governor is the center of decision-making for fiscal

13     and policy issues involving individual state agencies, the overall State budget, and the

14     concerns of the Legislature, the courts, and the citizens of California.

15         5.      I am familiar with the issues presented to the Office of the Governor for

16     discussion and resolution.  Because the Office of the Governor has actively addressed

17     prison litigation and reform issues, I am familiar with AB 900 and other prison reform

18     efforts launched by the Administration, as well as the prison issues presented in the

19     class action lawsuits pending against the California Department of Corrections and

20     Rehabilitation and other state entities, including this Three-Judge Court proceeding as

21     well as *Coleman v. Schwarzenegger*, USDC Eastern District, Case No. 90-0520; *Plata v.*

22     *Schwarzenegger*, USDC Northern District, Case No. 01-1351; *Armstrong v.*

23     *Schwarzenegger*, USDC Northern District, Case No. CV-94-2307; *Madrid v. Gomez*,

24     USDC Northern District, Case No. C 90-3094; and *Perez v. Tilton*, USDC Northern

25     District, Case No. C-05-5241.

26         6.      The Office of the Governor also participates in deliberations with executive-

27     level staff of involved state agencies, often its codefendants, concerning responses to

28     orders issued in the Three-Judge Court proceeding and in the class action suits on

- 2 -

1    behalf of prisoners, such as *Coleman, Plata, Perez, Madrid,* and *Armstrong*. The

2    involved state agencies include, among others, the Department of Finance, CDCR, and

3    the Department of Mental Health. I have participated in communications concerning the

4    interpretation of and proposed responses to multiple sets of court orders addressing

5    overarching correctional issues of staff retention and recruitment, information

6    technology, facilities construction and management, and fiscal resources. Because

7    often identical issues arise in different class action suits, these documents often reveal

8    discussions about an issue in more than one pending class action. These materials are

9    maintained as privileged and confidential by the Office of the Governor.

10        7.        I am also familiar with the Office of the Governor's work with the

11    Legislature on prison litigation and reform issues. Further, I receive and relay

12    communications regarding various legislative proposals to support prison construction,

13    staffing, population, and rehabilitation concerns. These materials are maintained as

14    privileged and confidential by the Office of the Governor.

15        8.        Moreover, the Office of the Governor determines the State's budget. With

16    the assistance of the Department of Finance, the Office of the Governor determines the

17    fiscal resources of individual state agencies and the funding needs stated in budget

18    change proposals. The Office of the Governor prepares and receives reports discussing

19    the ongoing costs of litigation involving State agencies and the present and potential

20    resource needs arising from those matters. The Office of the Governor receives emails,

21    fiscal summaries and reports from the Department of Finance concerning budget items.

22    The Office of the Governor also prepares draft letters responding to budget inquiries

23    from state agencies, Legislative members, and other interested persons. I have

24    routinely reviewed, if not prepared, proposed responses to budget requests and

25    inquiries, and circulated those proposed responses to other executive level staff within

26    the Office of the Governor and the Department of Finance for discussion. These

27    materials are maintained as privileged and confidential by the Office of the Governor.

28        9.        The Office of the Governor routinely receives the Department of Finance's

- 3 -

1    analyses of constitutional and statutory spending mandates. These analyses may be

2    part of draft responses to budget change proposals, proposed responses to court orders,

3    and draft letters to state agencies and Legislative members and their staff. I have

4    routinely reviewed such analyses of constitutional and statutory mandates for fiscal

5    resources and circulated those analyses to other executive level staff within the Office of

6    the Governor for review and discussion. These materials are maintained as privileged

7    and confidential by the Office of the Governor.

8         10.    Those privileged and non-privileged documents in the possession of the

9    Office of the Governor that are responsive to Plaintiffs' requests for production of

10    documents propounded upon Governor Arnold Schwarzenegger and other named

11    Defendants in this Three-Judge Court proceeding have been located and continue to be

12    searched for by Defendants. Moreover, responsive documents have been provided to

13    Defendants' counsel, and additional responsive documents will be provided if any are

14    located.

15         11.    I understand Defendants' counsel has reviewed the privileged and non-

16    privileged documents provided by the Office of the Governor in response to these

17    requests for production. I have reviewed all deliberative process privileged documents

18    identified in Paragraphs 12(a), (b), and (c) of this declaration.

19         12.    In reviewing documents marked as protected under the deliberative

20    process privilege, I found the following categories of information revealed in those

21    documents:

22         (a) Briefings: This category involves documents found to be responsive but

23    deemed privileged, and identified in the privilege log as documents produced by Susan

24    Kennedy, Andrea Hoch, Robert Gore, Chris Kahn, Chris Ryan, and/or Ben Rice. This

25    category consists of documents providing detailed analyses of issues and events

26    currently pending and anticipated at CDCR and other state agencies. This category

27    consists of documents discussing the significance, analysis and implementation of

28    policies and proposed policies, budget measures and proposed budget measures, and

- 4 -

1   other information used in pre-decisional analysis of matters affecting the operation and

2   funding of CDCR and other state agencies.  The documents include, among other

3   things, internal Governor's Briefings and internal briefings prepared in preparation for

4   legislative hearings.  I have personal knowledge of these documents.  These documents

5   are deliberative because they include frank discussion, recommendation on

6   deliberations, on a pre-decision basis, regarding governmental decisions and policies.

7           The persons who sent and/or received these documents were executive-level

8   staff of the Office of the Governor, members of the Governor's Cabinet, executive-level

9   staff at CDCR, executive-level staff at the Department of Mental Health, and/or

10  executive-level and senior management level staff of the Department of Finance

11  responsible for CDCR and DMH budget planning and fiscal oversight or coordination of

12  responses to the various class action court orders.

13          These documents often were in the form of email communications, draft talking

14  point memos, notes, and executive summaries and briefings.

15          These documents specifically pertain to the Office of the Governor's discussions

16  and deliberations concerning the legislative, policy and financial means of resolving the

17  issues in the *Coleman, Plata, Armstrong, Madrid,* and *Perez* class actions as well as the

18  Three-Judge Court proceeding.  These documents show the Office of the Governor's

19  internal deliberations of matters within the realm of government decision-making.

20          These documents are referenced in the privilege log under entry nos. 109-113,

21  119-165, 171, 219-238, 246-249, 251-256, 271-272, 301-303, 333, 368-371.

22          (b) Prison Reform Policy Issues: This category involves documents found to be

23  responsive but deemed privileged, and identified in the privilege log as documents

24  produced by Susan Kennedy, Andrea Hoch, Robert Gore, Chris Kahn, Chris Ryan,

25  and/or Ben Rice.  This category consists of documents discussing the Administration's

26  response to the CDCR population and other operational issues.  These documents

27  discuss, among other things, proposed reform measures, and legal opinions concerning

28  certain facets of proposed prison reform strategies.  In addition, the draft reports and

- 5 -

DECL. GORE SUPP. AUG. 5, 2008 PRIV. LOG
CASE NOS. 01-1351; S:90-0520

1574473.1

1    deliberations of the Governor's Facilities Strike Team and Rehabilitation Strike Team are

2    discussed. I have personal knowledge of these documents. These documents are

3    deliberative because they include frank discussion, recommendation and deliberations,

4    on a pre-decisional basis, regarding governmental decisions and policies.

5        The persons who send and/or received these documents were executive-level

6    staff of the Office of the Governor, members of the Governors' Cabinet, executive-level

7    staff of CDCR, executive-level staff of the Department of Mental Health and/or executive-

8    level and senior management level staff of the Department of Finance responsible for

9    CDCR and DMH budget planning and fiscal oversight or coordination of responses to the

10   various class action orders.

11       These documents often were in the form of email communications, draft talking

12   point memos, notes, and executive summaries and briefings.

13       These documents specifically pertain to the Office of the Governor's discussions

14   and deliberations concerning the legislative, policy and financial means of resolving the

15   issues in the *Coleman, Plata, Armstrong, Madrid*, and *Perez* class actions as well as the

16   Three-Judge Court proceeding. These documents show the Office of the Governor's

17   internal deliberations of matters within the realm of government decision-making.

18       These documents are referenced in the privilege log under log entry nos. 93-108,

19   114-118, 167-169, 172, 215-218, 239, 244, 249-250, 257-259, 268-270, 289-291, 293,

20   295-300, 306-309, 315-316, 320, 322-323, 325, 335, 341, 344-345, 348-350, 362, 377-

21   385, 389-393, 401.

22       (c) Budget Issues: This category involves documents found to be responsive but

23   deemed privileged, and identified in the privilege log as documents produced by Susan

24   Kennedy, Andrea Hoch, Robert Gore, Chris Kahn, Chris Ryan, and/or Ben Rice. This

25   category consists of documents discussing individual budget requests and the overall

26   status of the State budget, including proposed mid-year cuts, appropriation language to

27   address court orders issued in the class action cases against CDCR, proposed language

28   regarding AB 900, draft agendas and discussion points with legislative leaders regarding

- 6 -

1  pending or proposed legislation impacting CDCR.  The documents include, among other

2  things, non-final BCPs, non-final COBCPs, draft finance letters, and proposed budget

3  proposals by CDCR and other state agencies.  I have personal knowledge of these

4  documents.  These documents are deliberative because they include frank discussion,

5  recommendation and deliberations, on a pre-decisional basis, regarding governmental

6  decisions and policies.

7        The persons who sent and/or received these documents were executive-level

8  staff of the Office of the Governor, members of the Governor's Cabinet, executive-level

9  staff of CDCR, executive-level staff of the Department of Mental Health and/or executive-

10  level and senior management level staff of the Department of Finance responsible for

11  CDCR and DMH budget planning and fiscal oversight or coordination of responses to the

12  various class action court orders.

13        These documents often were in the form of email communications, draft talking

14  point memos, notes, and executive summaries and briefings.

15        These documents specifically pertain to the Office of the Governor's discussions

16  and deliberations concerning the legislative, policy and financial means of resolving the

17  issues in the *Coleman, Plata, Armstrong, Madrid,* and *Perez* class actions as well as the

18  Three-Judge Court proceeding.  These documents show the Office of the Governor's

19  internal deliberations of matters within the realm of government decision-making.

20        These documents are referenced in the privilege log under log entry nos. 177-

21  185, 190, 201, 240-243, 260-262, 273-288, 292, 294, 304-305, 310-314, 317-319, 321,

22  329, 334, 336-337, 342-343, 346-347, 351-361, 363-367, 372-376, 394-400, 404-405.

23        I declare under penalty of perjury that the foregoing is true and correct.  Executed

24  on August 6, 2008, in Sacramento, California.

25

26                                          Robert Gore

27

28
                                        - 7 -

# EXHIBIT K

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   ROCHELLE C. EAST - 183792
    Acting Senior Assistant Attorney General
4   LISA A. TILLMAN - 126424
    Deputy Attorney General
5   KYLE A. LEWIS - 201041
    Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5677
    Facsimile:  (415) 703-5843
8   rochelle.east@doj.ca.gov
    kyle.lewis@doj.ca.gov
9   lisa.tillman@doj.ca.gov

    HANSON BRIDGETT LLP
    JERROLD C. SCHAEFER - 39374
    PAUL B. MELLO - 179755
    SAMANTHA TAMA - 240280
    RENJU P. JACOB - 242388
    425 Market Street, 26th Floor
    San Francisco, CA  94105
    Telephone: (415) 777-3200
    Facsimile:  (415) 541-9366
    jschaefer@hansonbridgett.com
    pmello@hansonbridgett.com
    stama@hansonbridgett.com
    rjacob@hansonbridgett.com

10  Attorneys for Defendants

RECEIVED

AUG 0 8 2008

Rosen, Bien & Galvan

11          UNITED STATES DISTRICT COURT

12      FOR THE NORTHERN DISTRICT OF CALIFORNIA

13      AND THE EASTERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

17   RALPH COLEMAN, et al.,

              Plaintiffs,
18

19          v.

20   ARNOLD SCHWARZENEGGER, et al.,

              Defendants.
21

22   MARCIANO PLATA, et al.,

              Plaintiffs,
23
            v.
24
     ARNOLD SCHWARZENEGGER, et al.,
25
              Defendants
26

27

28

No.  2:90-cv-00520 LKK JFM P

**THREE-JUDGE COURT**

No. C01-1351 TEH

**THREE-JUDGE COURT**

**SUPPLEMENTAL DECLARATION OF
ANA MATOSANTOS IN SUPPORT OF
PRIVILEGE LOG OF AUGUST 5, 2008**

- 1 -

1    I, Ana Matosantos, declare:

2        1.    I am the Chief Deputy Director, Budget, Department of Finance.  In this

3    role, my responsibilities include reviewing the Governor's Budget before its presentation

4    to the legislature.

5        2.    I am familiar with the following matters and if called as a witness, I could

6    and would testify competently to them.

7        3.    I have reviewed Plaintiffs' requests for production of documents

8    propounded upon named Defendants in this Three-Judge Court proceeding, including

9    Michael C. Genest, in his official capacity as Director of Finance.  I have also reviewed

10   responses to that discovery.

11       4.    In my capacity as Chief Deputy Director, Budget, of the Department of

12   Finance, I am familiar with the Department's responsibilities within State government.

13   The Department of Finance serves in an advisory role to the Office of the Governor.  The

14   Department advises the Office of the Governor on specific budget requests from state

15   agencies each fiscal year as well as the overall condition of the State budget.  The

16   Department of Finance provides the fiscal analyses integral to developing the State

17   budget each year.  Further, the Department of Finance is responsible for overseeing the

18   constitutional, statutory, and court-ordered mandates for and limitations upon fiscal

19   expenditures are followed.  The Department also provides input on the drafting,

20   development, and/or implementation of specific legislation pertaining to government

21   expenditures.

22       5.    I am familiar with the Department of Finance's processes for reviewing

23   budget change proposals and other fiscal requests submitted by State agencies for

24   presentation to the Office of the Governor for final approval.  Within the timeframe of the

25   sought discovery propounded on the Director of Finance in this matter, the Department

26   of Finance has received budget change proposals reflecting analyses of the resources

27   needed to enable compliance with court orders in class action lawsuits pending against

28   CDCR and other state entities.  Those class actions include *Coleman v.*

- 2 -

1    *Schwarzenegger*, USDC Eastern District, Case No. 90-0520; *Plata v. Schwarzenegger*,

2    USDC Northern District, Case No. 01-1351; *Armstrong v. Schwarzenegger*, USDC

3    Northern District, Case No. CV-94-2307; and *Perez v. Tilton*, USDC Northern District,

4    Case No. C-05-5241.

5         6.      Even before submitting a budget change proposal to support compliance

6    efforts, the departments that are named Defendants in the indicated class action suits

7    will routinely provide the Department of Finance with proposed responses to the court

8    orders issued in those cases.  The Department of Finance evaluates the fiscal viability

9    and likely resources for the proposed plan.  Given Michael Genest's status as a

10   Defendant, in his official capacity as Director of Finance, in the *Coleman* and *Plata* class

11   actions, the Department of Finance is attuned to the courts' orders in these class actions

12   and the proposed responses and resource needs of the departments that are named

13   Defendants.

14        7.      Moreover, through executive level reports from the Office of the Governor

15   and state agencies, the Department of Finance is apprized of and analyzes the ongoing

16   costs of litigation involving State agencies and, in particular, of the present and potential

17   resource needs arising from those matters.  For instance, within the timeframe of the

18   sought discovery propounded on the Secretary of the CDCR in this matter, the

19   Department of Finance has received and generated reports concerning the means and

20   costs of complying with specific court orders from the above-referenced class action

21   suits, including orders enhance information technology capabilities, provide a uniform

22   pharmaceutical service, construct healthcare beds, construct other beds for adult

23   offenders, enable disability access to prison facilities, and, more generally, provide

24   constitutionally adequate mental, medical, and dental health care.  Because these class

25   action suits have similar, overarching issues, these documents often reveal discussions

26   about an issue in more than one pending class action.  These materials are maintained

27   as privileged and confidential by the Department of Finance.

28        8.      Department of Finance staff analyze the budget change proposals on their

- 3 -

1    individual merits and within the larger context of overall State budget planning.  The
2    Department of Finance's deliberations are communicated in emails, fiscal summaries,
3    and reports to the Office of the Governor.  The Department of Finance also prepares
4    draft letters responding to budget inquiries from state agencies, Legislative members,
5    and other interested persons.  I have routinely reviewed, if not prepared, proposed
6    responses to those budget requests and inquiries, and circulated those proposed
7    responses to other executive level staff within the Department of Finance and the Office
8    of the Governor for discussion.  These materials are maintained as privileged and
9    confidential by the Department of Finance.
10            9.      The Department of Finance's own internal analyses of constitutional and
11    statutory spending mandates may be part of draft responses to budget change
12    proposals, proposed responses to court orders, and draft letters to state agencies and
13    Legislative members and their staff.  I have routinely reviewed, if not prepared, such
14    analyses of constitutional and statutory mandates for fiscal resources and circulated
15    those analyses to other executive level staff within the Department of Finance and the
16    Office of the Governor for review and discussion.  These materials are maintained as
17    privileged and confidential by the Department of Finance.
18            10.     Those privileged and non-privileged documents in the possession of the
19    Department of Finance that are responsive to Plaintiffs' requests for production of
20    documents propounded upon Governor Arnold Schwarzenegger and other named
21    Defendants in this Three-Judge Court proceeding have been located and continue to be
22    searched for by Defendants.  Moreover, responsive documents have been, and will be if
23    additional are responsive documents are located, provided to Defendants' counsel.
24            11.     I understand Defendants' counsel has reviewed the privileged and non-
25    privileged documents provided by the Department of Finance in response to these
26    requests for production.  I have reviewed all deliberative process privileged documents
27    identified in Paragraphs 12(a) and (b) of this declaration.
28            12.     In reviewing the documents provided to me that were marked as protected

- 4 -

1  under the deliberative process privilege, I found the following categories of information

2  revealed in those documents:

3      (a) Issues pending in the *Coleman, Plata,* and *Perez* class action cases, and the

4  Three-Judge Panel proceeding: This category consists of documents discussing the

5  significance, analysis, and implementation of court orders issued in class action cases

6  against CDCR and other state entities, such as the *Coleman, Plata,* and *Perez* orders

7  (including the pharmaceutical services plan, adult offender bed needs and plans, and

8  state hospital bed needs and plans), budget measures and mechanisms to support

9  those responses to court orders, proposed bill language to enable certain responses to

10  court orders, corollary lawsuits impacting compliance with court orders, and writings

11  discussing the fiscal impact of ongoing and proposed responses to court orders in these

12  cases.

13      These documents are referenced in the privilege log under log entry nos. 114-

14  115, 191-194, 214, 333, 368-371, 389-393.

15      (b) Budget Issues: This category consists of documents discussing individual

16  budget requests and the overall status of the State budget, including proposed mid-year

17  cuts, appropriation language to address court orders issued in the class action cases

18  against CDCR, proposed language regarding AB 900, draft agendas and discussion

19  points with legislative leaders regarding pending or proposed legislation impacting

20  CDCR. The documents include, among other things, non-final BCPs, non-final

21  COBCPs, draft finance letters, and proposed budget proposals by CDCR and other state

22  agencies.

23      These documents are referenced in the privilege log under log entry nos. 186-

24  190, 201, 203-205, 326-327, 329-332, 334-367, 372-388, 394-405.

25      13.    The persons who were sent and received these documents were

26  executive-level staff of the Department of Finance, senior management level staff of the

27  Department of Finance (Program Budget Managers or Assistant Program Budget

28  Managers) that are responsible for CDCR and DMH budget planning, or the capital

- 5 -

1    outlay budget-planning for CDCR and DMH, persons responsible for fiscal oversight or

2    coordination of responses to the various class action court orders, and in-house counsel

3    of the Department of Finance.

4        14.    These documents often were in the form of email communications, draft

5    talking point memos, notes, and executive summaries and briefings.

6        15.    These documents specifically pertain to the Department of Finance's

7    discussions and deliberations concerning the fiscal impact and possible means of

8    resolving the issues in the *Coleman, Plata, Armstrong,* and *Perez* class action cases as

9    well as the Three-Judge Court proceeding. These documents therefore demonstrate the

10   Department of Finance's internal deliberation of matters within the realm of government

11   decision-making.

12       I declare under penalty of perjury that the foregoing is true and correct. Executed

13   on August 5, 2008, in Sacramento, California.

14

.15

16                              Ana Matosantos

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

# EXHIBIT L

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST - 183792
   Acting Senior Assistant Attorney General
4  LISA A. TILLMAN - 126424
   Deputy Attorney General
5  KYLE A. LEWIS - 201041
   Deputy Attorney General
6  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
7  Telephone: (415) 703-5677
   Facsimile: (415) 703-5843
8  rochelle.east@doj.ca.gov
   kyle.lewis@doj.ca.gov
9  lisa.tillman@doj.ca.gov

   HANSON BRIDGETT LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179755
   SAMANTHA TAMA - 240280
   RENJU P. JACOB - 242388
   425 Market Street, 26th Floor
   San Francisco, CA 94105
   Telephone: (415) 777-3200
   Facsimile: (415) 541-9366
   jschaefer@hansonbridgett.com
   pmello@hansonbridgett.com
   stama@hansonbridgett.com
   rjacob@hansonbridgett.com

   RECEIVED

   AUG 0 8 2008

   Rosen, Bien & Galvan

10 Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13        AND THE EASTERN DISTRICT OF CALIFORNIA

14   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 16  RALPH COLEMAN, et al., | No. 2:90-cv-00520 LKK JFM P |
| 17         Plaintiffs, | **THREE-JUDGE COURT** |
| 18      v. | |
| 19  ARNOLD SCHWARZENEGGER, et al., | |
| 20         Defendants. | |
| 21 | |
| 22  MARCIANO PLATA, et al., | No. C01-1351 TEH |
| 23         Plaintiffs, | **THREE-JUDGE COURT** |
| 24      v. | **SUPPLEMENTAL DECLARATION OF** |
| 25  ARNOLD SCHWARZENEGGER, et al., | **DAVID RUNNELS IN SUPPORT OF PRIVILEGE LOG OF AUGUST 5, 2008** |
|     Defendants | |
| 26 | |
| 27 | |
| 28 | |

                            - 1 -
DECL. RUNNELS SUPP. DEFS.' AUG. 5, 2008 PRIV. LOG
CASE NOS. 01-1351; S:90-0520

1574568.1

1    I, David Runnels, declare:

2    　　1.　　I am the Undersecretary of Operations within the California Department of

3    Corrections and Rehabilitation (CDCR).  I am responsible for overseeing the

4    management and operation of the juvenile and adult correctional facilities within CDCR.

5    I am familiar with and am an instrumental participant in the development of CDCR's

6    policies and procedures for ensuring the care and custody of inmates.  I am also familiar

7    with CDCR's role as a state agency responsive to the directives of the Office of the

8    Governor and the orders of the federal courts.

9    　　2.　　I am familiar with the following matters and if called as a witness, I could

10   and would testify competently to them.

11   　　3.　　I have reviewed Plaintiffs' requests for production of documents

12   propounded upon Governor Arnold Schwarzenegger and other named Defendants in

13   this Three-Judge Court proceeding.  I have also reviewed responses to that discovery.

14   　　4.　　In my capacity as Chief Deputy Secretary of the Division of Adult

15   Institutions for CDCR, I am familiar with CDCR's responsibilities within State government

16   and with CDCR's responses to a wide range of inmate care and custody issues arising

17   within CDCR.  More specifically, I am familiar with this agency's responses to those

18   issues arising from its provision of constitutionally adequate mental, medical, and dental

19   health to inmates within the California Department of Corrections and Rehabilitation in

20   *Coleman v. Schwarzenegger*, USDC Eastern District, Case No. 90-0520; *Plata v.*

21   *Schwarzenegger*, USDC Northern District, Case No. 01-1351; and *Perez v. Tilton*,

22   USDC Northern District, Case No. C-05-5241.  Many of those issues have arisen in the

23   course of the individual class actions underlying this Three-Judge Court proceeding,

24   such as the selection and components of new prison sites, the recruitment and retention

25   of staff, the utilization of medical and mental health beds by CDCR inmates, the

26   construction and/or renovation of facilities within CDCR to provide inpatient care, the

27   licensure of CDCR health care facilities, the reduction of recidivism, parole reform and

28   reentry strategies, and the out-of-state transfer of inmates.  I oversee securing of

- 2 -

1    resources to enable compliance with court orders.

2        5.    Because I am an instrumental participant in the development of this

3    agency's responses to those referenced class action and Three-Judge Court proceeding

4    issues, I have received and reviewed numerous documents discussing these issues and

5    potential responses to these issues. The documents reflect internal analysis,

6    deliberation, and discussion of these issues. I have commonly reviewed, if not prepared,

7    draft or proposed responses to these issues and circulated those drafts to other

8    executive level staff and to attorneys for review and discussion. This agency maintains

9    such documents as privileged and confidential.

10       6.    I am also familiar with and participate in the state government processes

11   for the development of this agency's budget, including the preparation of draft budget

12   change proposals for internal review, the submission of those draft budget change

13   proposals to the Department of Finance and the Office of the Governor, and ultimately

14   the presentation of certain budget proposals to the Legislature during hearings. The

15   Department's fiscal deliberations are communicated in emails, fiscal summaries, and

16   reports to the Office of the Governor. The Department also prepares draft letters

17   responding to budget inquiries from the Department of Finance, Legislative members,

18   and other interested persons. I have routinely reviewed, if not prepared, proposed

19   responses to those budget requests and inquiries, and circulate those proposed

20   responses to other executive level staff within CDCR, the Department of Finance, and

21   the Office of the Governor for discussion. These materials are maintained as privileged

22   and confidential by CDCR.

23       7.    I receive on a routine basis various documents containing or discussing

24   legal opinions prepared by in-house counsel as well as outside counsel. These legal

25   opinions address ongoing and anticipated litigation, including the pending class actions

26   underlying this Three-Judge Court proceeding, the costs of such litigation, and the

27   means of resolving such litigation. These materials are maintained as privileged and

28   confidential.

- 3 -

DECL. RUNNELS SUPP. DEFS.' AUG. 5, 2008 PRIV. LOG
CASE NOS. 01-1351; S:90-0520

1574568.1

1      8.    Those privileged and non-privileged documents in the possession of CDCR

2    that are responsive to Plaintiffs' requests for production of documents propounded upon

3    Governor Arnold Schwarzenegger and other named Defendants in this Three-Judge

4    Court proceeding have been located and continue to be searched for by Defendants.

5    Moreover, responsive documents have been, and will be if additional are responsive

6    documents are located, provided to Defendants' counsel.

7      9.    I understand Defendants' counsel has reviewed the privileged and non-

8    privileged documents provided by CDCR in response to these requests for production.  I

9    have reviewed all deliberative process privileged documents identified in Paragraphs

10    10(a), (b), and (c) of this declaration.

11      10.    In reviewing documents marked as protected under the deliberative

12    process privilege, I found the following categories of information revealed in those

13    documents:

14    (a) Analyses of issues pending in the *Coleman, Plata, Armstrong, Perez,* and

15    Three-Judge Court cases: This category included documents discussing the

16    significance, analysis, and implementation of these courts' orders, draft plans responsive

17    to those court orders (including the recruitment and retention plans, pay parity plans, bed

18    space studies and plans, custody staff needs, suicide reduction strategies), budget

19    measures and mechanisms to support those responses to court orders, proposed bill

20    language to enable certain responses to court orders, statutory and regulatory

21    impediments to proposed responses to court orders, corollary lawsuits impacting

22    compliance with court orders, and writings discussing the fiscal impact of ongoing and

23    proposed responses.

24    The persons who sent and/or received these documents were executive-level

25    staff of the Office of the Governor, members of the Governors' Cabinet, executive-level

26    staff of CDCR, executive-level staff of the Department of Mental Health and/or executive-

27    level and senior management level staff of the Department of Finance responsible for

28    CDCR and DMH budget planning and fiscal oversight or coordination of responses to the

- 4 -

1   various class action court orders.

2          These documents often were in the form of email communications, draft talking

3   point memos, notes, and executive summaries and briefings.

4          These documents specifically pertain to CDCR's discussions and deliberations

5   concerning the legislative, policy and financial means of resolving the issues in the

6   *Coleman, Plata, Armstrong, Madrid*, and *Perez* class actions as well as the Three-Judge

7   Court proceeding.  These documents show CDCR's internal deliberations of matters

8   within the realm of government decision-making.

9          These documents are referenced in the privilege log under log entry nos. 119-

10  165, 229-235.

11         (b) Prison Reform Policy Issues: This category consists of documents discussing

12  proposed responses to the CDCR population and other operational issues.  These

13  documents discuss, among other things, proposed reform measures, and legal opinions

14  concerning certain facets of proposed prison reform strategies.

15         The persons who sent and/or received these documents were executive-level

16  staff of the Office of the Governor, members of the Governors' Cabinet, executive-level

17  staff of CDCR, executive-level staff of the Department of Mental Health and/or executive-

18  level and senior management level staff of the Department of Finance responsible for

19  CDCR and DMH budget planning and fiscal oversight or coordination of responses to the

20  various class action court orders.

21         These documents often were in the form of email communications, draft talking

22  point memos, notes, and executive summaries and briefings.

23         These documents specifically pertain to CDCR's discussions and deliberations

24  concerning the legislative, policy and financial means of resolving the issues in the

25  *Coleman, Plata, Armstrong, Madrid*, and *Perez* class actions as well as the Three-Judge

26  Court proceeding.  These documents show CDCR's internal deliberations of matters

27  within the realm of government decision-making.

28         These documents are referenced in the privilege log under log entry nos. 110-

- 5 -

1    113, 166-171, 215-217, 248-249, 289-293, 309, 315-316, 325, 341, 344-345, 348-350,

2    377.

3         (c) Budget Issues: This category consists of documents discussing individual

4    budget requests and the overall status of the State budget, including proposed mid-year

5    cuts, appropriation language to address court orders issued in the class action cases

6    against CDCR, proposed language regarding AB 900, draft agendas and discussion

7    points with legislative leaders regarding pending or proposed legislation impacting

8    CDCR.  The documents include, among other things, non-final BCPs, non-final

9    COBCPs, draft finance letters, and proposed budget proposals by CDCR.

10        The persons who sent and/or received these documents were executive-level

11    staff of the Office of the Governor, members of the Governors' Cabinet, executive-level

12    staff of CDCR, executive-level staff of the Department of Mental Health and/or executive-

13    level and senior management level staff of the Department of Finance responsible for

14    CDCR and DMH budget planning and fiscal oversight or coordination of responses to the

15    various class action court orders.

16        These documents often were in the form of email communications, draft talking

17    point memos, notes, and executive summaries and briefings.

18        These documents specifically pertain to CDCR's discussions and deliberations

19    concerning the legislative, policy and financial means of resolving the issues in the

20    *Coleman, Plata, Armstrong, Madrid*, and *Perez* class actions as well as the Three-Judge

21    Court proceeding.  These documents show CDCR's internal deliberations of matters

22    within the realm of government decision-making.

23    / / /

24    / / /

25

26

27

28

- 6 -

1  These documents are referenced in the privilege log under log entry nos. 183-

2  185, 190, 243, 273-288, 310-314, 346-347, 351-353.

3

4  I declare under penalty of perjury that the foregoing is true and correct.  Executed

5  on August 5, 2008, in Sacramento, California.

6

7  _____
   David Runnels

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

# EXHIBIT M

**Maria Morris**

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Friday, August 08, 2008 6:59 PM |
| **To:** | 'STama@hansonbridgett.com'; 'Kyle Lewis' |
| **Cc:** | Coleman Team - RBG Only |
| **Subject:** | RE: 489-ovr - M&C re latest production and privilege log |

Kyle and Samantha,

One other thing. I assume that, pursuant to the Court's orders in this case, all documents listed on the privilege log have been provided to the Court for *in camera* review. Please confirm this.

Thanks,
Maria

**From:** Maria Morris
**Sent:** Friday, August 08, 2008 6:14 PM
**To:** STama@hansonbridgett.com; Kyle Lewis
**Cc:** Coleman Team - RBG Only
**Subject:** 489-ovr - M&C re latest production and privilege log

Kyle and Samantha,

I would like to meet and confer regarding defendants privilege log and the issues related to the document production that were raised during the meet and confer on Wednesday and in Mr. Bien's e-mail of July 30.

The remaining problems are as follows:

**General deficiencies of the log:**
There are documents with no individual authors, or recipients, or dates. See, e.g., 59, 64, 65.
There is no indication whether recipient includes cc's.
The descriptions of documents are too conclusory to demonstrate that the assertion of privilege is justified.

**Attorney client privilege:**
A few of the documents listed do not have attorneys named as authors or recipients. See, e.g., 364-366.

Certain of the documents over which Attorney-Client privilege has been asserted are not represented to be documents in which legal advice is provided or sought, although an attorney is included in the list of recipients. See, e.g., 4, 171, 187-190, 195, 300.

Some of the documents listed appear to be documents sent to an attorney for review. The fact that the document was sent to an attorney does not make it privileged, even if the communication sending it is privileged. See, e.g., 358, 369, 371.

**Deliberative Process Privilege:**
We do not believe that the declarations meet the requirements set forth in the orders in this case to justify the privilege.

Numerous of the documents over which you have asserted deliberative process privilege are not covered by the declarations.

Beyond the procedural questions about the assertion of privilege, we do not believe most of the documents listed are privileged, given the qualified nature of the deliberative process privilege and the weight of all the factors in support of disclosure.

With regard to the production itself, we reiterate our request that you provide us with details about the searches that were performed.

As I indicated on Wednesday, we would like to meet and confer on Monday morning. I am proposing 11:00. If another time would work better, please let me know. If we can work through these issues, we'll be able to move on. However, at least some of these issues are sufficiently contentious that I doubt we will be able to come to agreement on all of them. If we cannot, we can call the Court to set up a briefing schedule to move this matter along promptly.

Thank you,
Maria V. Morris


Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# EXHIBIT N

**Maria Morris**

| | |
|---|---|
| **From:** | Maria Morris |
| **Sent:** | Monday, August 11, 2008 10:48 AM |
| **To:** | 'Kyle Lewis' |
| **Cc:** | STama@hansonbridgett.com; Coleman Team - RBG Only |
| **Subject:** | RE: 489-ovr - M&C re latest production and privilege log |

Good morning,

Please call me at 10:00 tomorrow.

Thanks,
Maria

**From:** Kyle Lewis [mailto:Kyle.Lewis@doj.ca.gov]
**Sent:** Monday, August 11, 2008 9:17 AM
**To:** Maria Morris
**Cc:** STama@hansonbridgett.com
**Subject:** Re: 489-ovr - M&C re latest production and privilege log

Good morning, Maria.

Both Samantha and I are unavailable to discuss these issues today, but welcome the opportunity to discuss them further on Tuesday morning.  Please let us know when is a good time to contact you tomorrow.

Sincerely,
Kyle

Kyle A. Lewis
Office of the Attorney General
Department of Justice, State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102
Telephone:  (415) 703-5677
Facsimile:  (415) 703-5843
E-mail:  Kyle.Lewis@doj.ca.gov

>>> Maria Morris <MMorris@rbg-law.com> 8/8/2008 6:14 PM >>>
Kyle and Samantha,

I would like to meet and confer regarding defendants privilege log and the issues related to the document production that were raised during the meet and confer on Wednesday and in Mr. Bien's e-mail of July 30.

The remaining problems are as follows:

**General deficiencies of the log:**
There are documents with no individual authors, or recipients, or dates.  See, e.g., 59, 64, 65.
There is no indication whether recipient includes cc's.
The descriptions of documents are too conclusory to demonstrate that the assertion of privilege is justified.

**Attorney client privilege:**
A few of the documents listed do not have attorneys named as authors or recipients.  See, e.g., 364-366.

8/12/2008

Certain of the documents over which Attorney-Client privilege has been asserted are not represented to be documents in which legal advice is provided or sought, although an attorney is included in the list of recipients. See, e.g., 4, 171, 187-190, 195, 300.

Some of the documents listed appear to be documents sent to an attorney for review. The fact that the document was sent to an attorney does not make it privileged, even if the communication sending it is privileged. See, e.g., 358, 369, 371.

**Deliberative Process Privilege:**
We do not believe that the declarations meet the requirements set forth in the orders in this case to justify the privilege.

Numerous of the documents over which you have asserted deliberative process privilege are not covered by the declarations.

Beyond the procedural questions about the assertion of privilege, we do not believe most of the documents listed are privileged, given the qualified nature of the deliberative process privilege and the weight of all the factors in support of disclosure.

With regard to the production itself, we reiterate our request that you provide us with details about the searches that were performed.

As I indicated on Wednesday, we would like to meet and confer on Monday morning. I am proposing 11:00. If another time would work better, please let me know. If we can work through these issues, we'll be able to move on. However, at least some of these issues are sufficiently contentious that I doubt we will be able to come to agreement on all of them. If we cannot, we can call the Court to set up a briefing schedule to move this matter along promptly.

Thank you,
Maria V. Morris


Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

8/12/2008

# EXHIBIT O

**Maria Morris**

| | |
|---|---|
| **From:** | Kyle Lewis [Kyle.Lewis@doj.ca.gov] |
| **Sent:** | Tuesday, August 12, 2008 12:09 PM |
| **To:** | Lori E. Rifkin |
| **Cc:** | Charles Antonen; Jon Wolff; Lisa Tillman; Paul B. Mello; rjacob@hansonbridgett.com; Samantha D. Tama |
| **Subject:** | RE: Coleman/Plata production of documents today |

Good afternoon, Ms. Rifkin.

Paul Mello and Lisa Tillman were unavailable yesterday and I write in response to your email below.

Redacted documents

Defendants are aware of only one range of documents that have been redacted. In April, Defendants and Plaintiffs met and conferred on this issue. Defendants clawed back a range of pages that was loaded as one document in the electronic database. That page range was GOVPRIV001683-001863. Plaintiffs agreed to permanently delete the documents for which Defendants claimed attorney client privilege. *See* attached the April 28, 2008 email from Amy Whelan confirming this deletion and describing the dispute at issue. In short, these pages were redacted because they were never ordered produced by a court order and Plaintiffs chose to not challenge them. The pages that Amy did contest as part of the additional discovery dispute pertaining to the deliberative process motion were unredacted and produced by noon yesterday.

Nevertheless, Defendants have produced all pages unredacted in the page range GOVPRIV001683-001863. It should have been delivered to you before 5:00 p.m. yesterday. It will replace the current disk labeled PRD016. If Plaintiffs identify any other documents that are redacted in the production today, please let us know so Defendants can properly evaluate those documents.

TIFF and native files

Defendants did produce and have produced documents in TIFF format only. This was necessary to allow Defendants to produce portions of a document family (meaning emails and attachments) where part of a document is privileged, but the remainder could be produced.

Defendants point out that many documents remain privileged as they have not been ordered produced by the Court. Specifically, for documents produced before discovery reopened, there are documents that remain privileged under the attorney client, work product, official information, and privacy privileges. As a result, Defendants will not be able to produce the documents in native format because some will be tied to another document family for which a privilege still stands. It is simply not technically possible to provide a portion of an e-document, where a privilege applies to a portion of the document. Defendants also maintain that Plaintiffs can conduct a sufficient review with the documents in TIFF format. Further, requiring Defendants to search through individual document families to determine whether a privilege would apply to part of that family would be unduly burdensome and unnecessary. Therefore, Defendants will not be providing the documents provided in native format.

Defendants do not believe a hearing is necessary on either of these issues.

I will be out of the office and will not have access to this email account over the next few days. In the event that you have further questions, kindly reply to all persons on this message.

Sincerely,
Kyle Lewis

**From:** Lori E. Rifkin [mailto:LRifkin@rbg-law.com]
**Sent:** Monday, August 11, 2008 1:52 PM
**To:** Paul B. Mello; Lisa Tillman; Rochelle East; Samantha D. Tama; Renju P. Jacob
**Cc:** Coleman Team - RBG Only; Donald Specter; Sara Norman; 'Alison Hardy'
**Subject:** Coleman/Plata production of documents today
**Importance:** High

Dear Mr. Mello and Ms. Tillman:

We received the disks containing the documents the Court ordered produced in its April 14, 2008 and May 29, 2008 orders at approximately 11:50 a.m. today.

Defendants' production does not comply with the Court orders.

1. Our initial review of the disks shows that, in violation of the Court orders, at least some of the documents have been produced in redacted format. For example, the pages bates stamped GOVPRIV001692-1718 are all completely redacted. The Court orders directing production of these documents do not permit any redactions.

Please confirm either that unredacted versions of each and every document ordered produced under the Court orders are included in the production of disks we received today or that unredacted versions will be produced before the close of business today.

2. Defendants also produced the electronic documents only in non-native "tiff" format. This is in violation of our agreements and the orders in this case which require that document productions for electronic documents include native files . No native files were produced for any of the 4,429 electronic documents produced today. The failure to produce native files interferes with our ability to review and search these files and improperly delays discovery and increases our costs. Please confirm that native files will be produced to us by close of business today.

Please confirm that both of these issues will be resolved today. Otherwise, please make yourself available for a telephonic hearing with Magistrate Judge Moulds this afternoon.

Sincerely,

**Lori Rifkin**
Associate
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830 (tel)
415-433-7104 (fax)
lrifkin@rbg-law.com

CONFIDENTIALITY NOTICE

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above address

IRS CIRCULAR 230 NOTICE

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and

it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

Kyle A. Lewis
Office of the Attorney General
Department of Justice, State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA   94102
Telephone:  (415) 703-5677
Facsimile:  (415) 703-5843
E-mail:  Kyle.Lewis@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

8/12/2008