# EXHIBIT R

1   EDMUND G. BROWN JR.                         HANSON BRIDGETT LLP
    Attorney General of the State of California   JERROLD C. SCHAEFER - 39374
2   DAVID S. CHANEY                              PAUL B. MELLO - 179755
    Chief Assistant Attorney General             S. ANNE JOHNSON - 197415
3   FRANCES T. GRUNDER                           SAMANTHA TAMA - 240280
    Senior Assistant Attorney General            RENJU P. JACOB - 242388
4   ROCHELLE C. EAST                             425 Market Street, 26th Floor
    Senior Assistant Attorney General            San Francisco, CA  94105
5   LISA A. TILLMAN – 126424                     Telephone: (415) 777-3200
    Deputy Attorney General                      Facsimile:  (415) 541-9366
6   CHARLES ANTONEN – 221207                     jschaefer@hansonbridgett.com
    Deputy Attorney General                      pmello@hansonbridgett.com
7   455 Golden Gate Avenue, Suite 11000          ajohnson@hansonbridgett.com
    San Francisco, CA 94102-7004                 stama@hansonbridgett.com
8   Telephone: (415) 703-5443                    rjacob@hansonbridgett.com
    Facsimile:  (415) 703-5843
9   rochelle.east@doj.ca.gov                     RECEIVED
    lisa.tillman@doj.ca.gov
10  charles.antonen@doj.ca.gov                   AUG 0 8 2008

11  Attorneys for Defendants
                                                 Rosen, Blen & Galvan

12              UNITED STATES DISTRICT COURT

13          FOR THE EASTERN DISTRICT OF CALIFORNIA

14          AND THE NORTHERN DISTRICT OF CALIFORNIA

15      UNITED STATES DISTRICT COURT COMPOSED OF THREE

16      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 17 RALPH COLEMAN, et al., | No.  2:90-CV-00520 LKK JFM P |
| 18 | |
| Plaintiffs, | **THREE-JUDGE COURT** |
| 19 | |
| 20 v. | **DEFENDANT CATE'S RESPONSES TO** |
| | **SECOND SET OF INTERROGATORIES** |
| 21 ARNOLD SCHWARZENEGGER, et al., | **FROM PLAINTIFF COLEMAN** |
| 22 Defendants. | |
| 23 MARCIANO PLATA, et al., | No. C-01-1351 TEH |
| 24 Plaintiffs, | **THREE-JUDGE COURT** |
| 25 | |
| 26 v. | |
| 27 ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| 28 | |

- 1 -

1  PROPOUNDING PARTY:  PLAINTIFFS RALPH COLEMAN, et al.

2  RESPONDING PARTY:    DEFENDANT CATE

3  SET NO.:                TWO

4                           **DEFINITIONS**

5

6       In construing these discovery responses, the following definitions shall apply:

7       1)       "PLAINTIFF" shall mean class representatives Ralph Coleman, et al., the

8  named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM

9  (E.D. Cal.) (*Coleman*).

10      2)       "DEFENDANT" shall mean Matthew Cate, a named defendant in *Coleman*.

11      3)       "PROCEEDING" shall mean the Three-Judge panel proceeding convened

12  under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata.*

13              **DEFENDANT'S RESPONSES AND OBJECTIONS**

14                           **DEFINITIONS**

15

16      In construing these discovery responses, the following definitions shall apply:

17      1.       "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the

18  named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM

19  (E.D. Cal.) (*Coleman*).

20      2.       For purposes of these responses, "DEFENDANT" refers to Matthew Cate,

21  a named defendant in the case of *Coleman* v. *Schwarzenegger*

22

23      3.       "DEFENDANTS" shall mean each of the named defendants in the case of

24  *Coleman* v. *Schwarzenegger*, including Matthew Cate in his official capacity on behalf of

25  the California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg

26  in his official capacity on behalf of the Department of Mental Health (DMH), Michael

27  Genest in his official capacity on behalf of the Department of Finance (DOF), and the

28

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET                                    1556987.2

1   Governor.

2       4.      "PROCEEDING" shall mean the three-judge panel proceeding convened

3   under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

4                    **OVERALL OBJECTIONS TO INTERROGATORIES**

5       1.      DEFENDANT objects to Plaintiffs' definition of a California Department of

6   Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing

7   units within Department of Mental Health (DMH) facilities that house CDCR prisoners.

8   That definition mischaracterizes the role of DMH as a provider of housing for

9   incarcerated inmates.  DMH's true role is defined by California Penal Code section 2684

10  as a provider of inpatient mental health treatment to CDCR inmate-patients.  Further,

11  that definition erroneously assumes the Governor's Emergency Proclamation of October

12  4, 2006 addressed DMH as a provider of housing for incarcerated inmates.

13  DEFENDANT will interpret the terms "CDCR prison" and "prison" for the purposes of this

14  request to mean those prisons within the jurisdiction of the California Department of

15  Corrections and Rehabilitation, pursuant to California Penal Code section 5054.

16      2.      DEFENDANT objects that the discovery seeks INFORMATION that is

17  neither relevant to PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated

18  to lead to the discovery of admissible evidence.  PLAINTIFFS have refused to identify

19  what if any claims they will be asserting in the PROCEEDING.  Consequently,

20  DEFENDANT objects that the discovery requires DEFENDANT to speculate what claims

21  may or may not be asserted by PLAINTIFFS.

22      3.      DEFENDANT objects that the requests are seek information equally

23  available to PLAINTIFFS, and that the requests are overbroad and unduly burdensome.

24  In accordance with the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive

- 3 -

1   monthly document productions and other discovery from DEFENDANT and the Receiver

2   appointed in *Plata*.

3       4.      DEFENDANT states that PLAINTIFFS are already in possession of

4   DEFENDANTS' filed plans for the provision of mental health care beds, for the

5   recruitment and retention of staffing for those mental health beds, and for the

6

7   implementation of appropriate mental health care in those beds. DEFENDANT asserts

8   the deliberative process privilege to all information sought or contained in drafts of those

9   *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and

10  intra-Defendant emails concerning those plans.

11      5.      Given the shortened time for DEFENDANT'S responses to these

12  interrogatories, DEFENDANT hereby reserves the right to supplement these responses

13

14  at a later date.

15      6.      To the extent any request seeks information from documents prepared,

16  created, or generated by the Office of the Inspector General, DEFENDANTS object to

17  the discovery of such information on the basis of the official information privilege and on

18  the basis of the right to privacy in medical, mental health, and personnel matters.  Non-

19  privileged reports of the Office of the Inspector General are available on its public web

20  site.

21

22      7.      DEFENDANT objects to the stated definition of "MATERIAL" as "having

23  some significance to the information requests OR relevance to the issues in dispute in

24  these proceedings" as vague, ambiguous, and erroneous.

25          **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

26  **INTERROGATORY NO. 1:**

27      If you contend that there have been any material changes to the ability of

28

- 4 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET                                      1556987.2

California Department of Corrections and Rehabilitation to timely place *Coleman* class members in APPROPRIATE HOUSING in ANY PRISON, PRISON, housing unit OR PRISON treatment program SINCE October 1, 2007, please state all facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 1:**

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege.

Without waiving and subject to the stated objections, DEFENDANT identifies the following material changes:

•The May 1, 2008 update to the Administrative Segregation Unit (ASU) Enhanced Outpatient (EOP) plan submitted in Coleman, resulted in a twenty-two percent decrease in the number of ASU EOP inmate-patients in the hub institutions for more than ninety days.

•California State Prison-Sacramento (SAC) Psychiatric Services Unit (PSU) activated an additional sixty-four PSU beds on January 1, 2008, increasing state-wide capacity from 320 PSU beds to 384. The waitlist for PSU beds decreased from 79 on January 1, 2008 to 22 on July 18, 2008.

•California Medical Facility (CMF) fifty bed mental health crisis bed (MHCB) unit opened on June 16, 2008. On October 1, 2007, the MHCB census was 215 and the waiting list was 33. As of July 21, 2008, the MHCB census was 301 and the waiting list was at 16.

•The Atascadero State Hospital (ASH) Intermediate Care Facility (ICF) referral strategy is working. On October 3, 2007, the ASH-ICF census was at 83. When Phase I of the ASH referral strategy was implemented on April 21, 2008, the census was 111. As of

- 5 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET                                    1556987.2

1    July 30, 2008, the ASH-ICF census is at 136 with a waiting list of 17.  This is a significant

2    increase of 70 from the October 3, 2007 date, and 42 from Phase 1 implementation.

3    •Kern Valley State Prison (KVSP) is opening 96 Sensitive Needs Yard (SNY) EOP

4    beds.  This is an addition of 96 EOP beds to the CDCR mental health system.  As a

5    result of this addition, many EOP inmate-patients who were waiting in an ASU EOP hub

6    bed for safety reasons can be moved to a general population EOP bed at KVSP.

7

8    •  Defendants' July 18, 2008 mental health bed plan.

9    •  The Receiver is in charge of the delivery of medications and related treatment to

10    inmates and, therefore, Defendant believes that relevant information is available in the

11    Receiver's November 2007 Plan of Action; the Receiver's 7th Quarterly Report dated

12    March 14, 2008; the Receiver's Turnaround Plan of Action dated June 6, 2008; and the

13    Receiver's 8th Quarterly Report dated June 17, 2008.

14

15    **INTERROGATORY NO. 2:**

16        If YOU contend that there have been ANY MATERIAL changes in the amount OR

17    quality of office space available for medical professionals or mental health professionals

18    in ANY PRISON, PRISON housing unit OR PRISON treatment PROGRAM SINCE

19    October 1, 2007, please state all facts supporting your contention.

20    **RESPONSE TO INTERROGATORY NO. 2:**

21

22        DEFENDANT objects that this request seeks information protected from

23    disclosure by the attorney-client privilege, attorney work product privilege, deliberative

24    process privilege, self-critical analysis privilege, and official information privilege.

25    Further, to the extent this interrogatory seeks information about medical space, the

26    interrogatory exceeds the scope of the jurisdiction *Coleman* case.

27

28        Without waiving and subject to the stated objections, DEFENDANT identifies the

- 6 -

1  following material changes:  Defendant identifies the projects stated in the July 16, 2008

2  mental health bed plan.

3       Defendant further identifies the following projects that are underway or completed:

4  • California Men's Colony: Retrofitting of the Locked Observation Unit (LOU);

5

6  • Salinas Valley State Prison: Completion of 64 new single celled intermediate care

7  facility beds, office space, and treatment space by November 2008;

8  •Mule Creek State Prison: Installation of temporary Enhanced Outpatient Program

9  treatment space at Mule Creek State Prison by October 2008.

10       Defendant also identifies certain medical and mental health office and treatment

11  space projects at individual sites:

12

13  • California Institution for Women: Pill cage renovation, additional pill line, pill line

14  distribution site, clinic pill line awning.

15  • California Men's Colony: Hospital awning, relocation of pharmacy department.

16  • California Training Facility: North facility A and B pill line.

17  • Chuckawalla Valley State Prison: Minimum security facility nurses station and

18  Administrative Segregation Unit exam room.

19  • Deuel Vocational Institution: Medical office.

20

21  • California State Prison, Los Angeles County: Installation of 9 therapeutic modules

22  • North Kern State Prison: Pharmacy expansion and modification.

23  • Pelican Bay State Prison: Correctional treatment center medical exam room and

24  modifications.

25  • California Substance Abuse and Treatment Facility: Pill window modification.

26  • Salinas Valley State Prison: Telemedicine office and facility B medical clinic window.

27  • Valley State Prison for Women: Conversion of offices into exam rooms.

28

-7-

1    • Wasco State Prison: Modification of building 701K for telemedicine and installation of

2    holding cells in corridor of medical offices.

3    Defendant further states that certain projects have been included in the

4    Governor's 2008/09 budget proposals, and, if approved by the Legislature, will be funded

5    as of the date of the adoption of the budget.  The budgeted project phase (preliminary

6    plans, working drawings, and/or construction) can proceed once funding is authorized.

7    Those projects are:

8    •Construction of 476 small management yards at 26 institutions;

9    •California Institution for Women: Preliminary plans and working drawings for the 20-bed

10    Psychiatric Service Unit project;

11    •California State Prison, Sacramento: Preliminary plans for the 192 general population

12    Enhanced Outpatient Program office and treatment space project;

13    •San Quentin State Prison: Construction of the Condemned Inmate Complex project

14    (New Correctional Training Center - stand alone);

15    •Salinas Valley State Prison: Preliminary Plans for the 96 general population Enhanced

16    Outpatient Program office and treatment space (renovation & new stand alone) project;

17    •Salinas Valley State Prison: Preliminary plans and working drawings for the D5/D6 unit

18    and temporary Intermediate Care Facility treatment and counseling space project;

19    •California Medical Facility:  Construction of administration segregation unit doors;

20    •California Training Facility: Working drawings for administration segregation doors.

21    Defendant will supplement this response should any approval and funding of the

22    Defendants' July 2008 mental health bed plan and the Receiver's California Health Care

23    Facilities projects result in the superseding of the above-listed projects which are in

24    the preliminary plans or working drawings phase.

- 8 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET

1556987.2

**INTERROGATORY NO. 3:**

If YOU contend that there have been ANY MATERIAL changes in the amount OR quality of TREATMENT SPACE in ANY PRISON, PRISON housing unit OR PRISON treatment program since October 1, 2007, please state all facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 3:**

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self-critical analysis privilege, and official information privilege.

Without waiving and subject to the stated objections, DEFENDANT identifies the following material changes:  Defendant identifies the projects stated in the July 16, 2008 mental health bed plan.   Defendant further identifies the following projects that are underway or completed:

• California Men's Colony: Retrofitting of the Locked Observation Unit (LOU);

• Salinas Valley State Prison: Completion of 64 new single celled intermediate care facility beds, office space, and treatment space by November 2008;

•Mule Creek State Prison: Installation of temporary Enhanced Outpatient Program treatment space at Mule Creek State Prison by October 2008.

Defendant also identifies certain medical and mental health office and treatment space projects at individual sites:

• California Institution for Women: Pill cage renovation, additional pill line, pill line distribution site, clinic pill line awning.

• California Men's Colony: Hospital awning, relocation of pharmacy department.

• California Training Facility: North facility A and B pill line.

- 9 -

1   • Chuckawalla Valley State Prison: Minimum security facility nurses station and

2   Administrative Segregation Unit exam room.

3   • Deuel Vocational Institution: Medical office.

4
5   • California State Prison, Los Angeles County: Installation of 9 therapeutic modules

6   • North Kern State Prison: Pharmacy expansion and modification.

7   • Pelican Bay State Prison: Correctional treatment center medical exam room and

8   modifications.

9   • California Substance Abuse and Treatment Facility: Pill window modification.

10  • Salinas Valley State Prison: Telemedicine office and facility B medical clinic window.

11
12  • Valley State Prison for Women: Conversion of offices into exam rooms.

13  • Wasco State Prison: Modification of building 701K for telemedicine and installation of

14  holding cells in corridor of medical offices.

15      Defendant further states that certain projects have been included in the

16  Governor's 2008/09 budget proposals, and, if approved by the Legislature, will be funded

17  as of the date of the adoption of the budget.  The budgeted project phase (preliminary

18  plans, working drawings, and/or construction) can proceed once funding is authorized.

19  Those projects are:

20
21  •Construction of 476 small management yards at 26 institutions;

22  •California Institution for Women: Preliminary plans and working drawings for the 20-bed

23  Psychiatric Service Unit project;

24  •California State Prison, Sacramento: Preliminary plans for the 192 general population

25  Enhanced Outpatient Program office and treatment space project;

26  •San Quentin State Prison: Construction of the Condemned Inmate Complex project

27  (New Correctional Training Center - stand alone);

28

- 10 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES; SECOND SET

1556987.2

1 • Salinas Valley State Prison: Preliminary Plans for the 96 general population Enhanced

2 Outpatient Program office and treatment space (renovation & new stand alone) project;

3 • Salinas Valley State Prison: Preliminary plans and working drawings for the D5/D6 unit

4 and temporary Intermediate Care Facility treatment and counseling space project;

5

6 • California Medical Facility: Construction of administration segregation unit doors;

7 • California Training Facility: Working drawings for administration segregation doors.

8      Defendant will supplement this response should any approval and funding of the

9 Defendants' July 2008 mental health bed plan and the Receiver's California Health

10 Care Facilities projects result in the superseding of the above-listed projects which are

11 in the preliminary plans or working drawings phase.

12

13 **INTERROGATORY NO. 4:**

14      If YOU contend that there have been ANY MATERIAL changes in the mental

15 health treatment provided to COLEMAN CLASS MEMBERS housed in Administrative

16 Segregation Units in ANY PRISON, PRISON housing unit OR PRISON treatment

17 program since October 1, 2007, please state all facts supporting your contention.

18 **RESPONSE TO INTERROGATORY NO. 4:**

19

20      DEFENDANT objects that this request seeks information protected from

21 disclosure by the attorney-client privilege, attorney work product privilege, deliberative

22 process privilege, self-critical analysis privilege, and official information privilege.

23      Without waiving and subject to the stated objections, DEFENDANT states that the

24 implementation of DEFENDANTS' May 2008 revised plan to provide Enhanced

25 Outpatient Program care to class members in administrative segregation units has

26 positively impacted the provision of mental health care. In addition, DEFENDANT

27 identifies other positive material changes to the mental health care provided to *Coleman*

28

- 11 -

1  class members as follows:

2     DEFENDANT states that the implementation of Defendants' May 2008 revised

3  plan to provide Enhanced Outpatient Program (EOP) care to class members in

4  administrative segregation units (ASU) has positively impacted the provision of mental

5  health care.  Specifically, the May 1, 2008 revised plan resulted in a twenty-two percent

6  decrease in the number of ASU /EOP inmate-patients in the hub institutions for more

7  than ninety days.  In addition, DEFENDANT identifies other positive material changes to

8  the mental health care provided to *Coleman* class members as follows:

9

10  • In February 2008, CDCR standardized therapeutic materials, video libraries and in-cell

11  activity resources utilized in Administrative Segregation Units within Enhanced

12  Outpatient Program hubs.  The materials are in use at each such Administrative

13  Segregation Units within Enhanced Outpatient Program hubs.

14

15  • The Psychiatric Services Unit bed increase referred to in the above response to

16  interrogatory number one resulted in the decrease of the number of Enhanced

17  Outpatient Program inmates waiting in an administrative segregation unit bed for a

18  psychiatric services unit bed.

19  **INTERROGATORY NO. 5:**

20

21     If YOU contend that there has been ANY MATERIAL change in the ability to move

22  COLEMAN CLASS MEMBERS to higher LEVELS OF CARE in ANY PRISON, PRISON

23  housing unit OR PRISON treatment program since October 1, 2007, please state all

24  facts supporting your contention.

25  **RESPONSE TO INTERROGATORY NO. 5:**

26     DEFENDANT objects that this request seeks information protected from

27  disclosure by the attorney-client privilege, attorney work product privilege, deliberative

28

- 12 -

1  process privilege, self-critical analysis privilege, and official information privilege.

2     Without waiving and subject to the stated objections, DEFENDANT identifies the

3  following:

4  •The May 1, 2008 update to the Administrative Segregation Unit (ASU) Enhanced

5  Outpatient (EOP) plan submitted to the *Coleman* court, which resulted in a twenty-two

6  percent decrease in the number of ASU EOP inmate-patients in the hub institutions for

7

8  more than ninety days.

9  •California State Prison-Sacramento (SAC) Psychiatric Services Unit (PSU) activated an

10  additional sixty-four PSU beds on January 1, 2008, increasing state-wide capacity from

11  320 PSU beds to 384.  The waitlist for PSU beds decreased from 79 on January 1, 2008

12  to 22 on July 18, 2008.

13

14  •California Medical Facility (CMF) fifty bed mental health crisis bed (MHCB) unit opened

15  on June 16, 2008.  On October 1, 2007, the MHCB census was 215 and the waiting list

16  was 33.  As of July 21, 2008, the MHCB census was 301 and the waiting list was at 16.

17  •The Atascadero State Hospital (ASH) Intermediate Care Facility (ICF) referral strategy

18  is working.  On October 3, 2007, the ASH-ICF census was at 83.  When Phase I of the

19  ASH referral strategy was implemented on April 21, 2008, the census was 111.  As of

20

21  July 30, 2008, the ASH-ICF census is at 136 with a waiting list of 17.  This is a significant

22  increase of 70 from the October 3, 2007 date, and 42 from Phase 1 implementation.

23  •Kern Valley State Prison (KVSP) is opening 96 Sensitive Needs Yard (SNY) EOP

24  beds.  This is an addition of 96 EOP beds to the CDCR mental health system.  As a

25  result of this addition, many EOP inmate-patients who were waiting in an ASU EOP hub

26  bed for safety reasons can be moved to a general population EOP bed at KVSP.

27  • Defendants' July 18, 2008 mental health bed plan.

28

- 13 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET                                    1556987.2

1    • The Receiver is in charge of the delivery of medications and related treatment to

2    inmates and, therefore, Defendant believes that relevant information is available in the

3    Receiver's November 2007 Plan of Action; the Receiver's 7th Quarterly Report dated

4    March 14, 2008; the Receiver's Turnaround Plan of Action dated June 6, 2008; and the

5    Receiver's 8th Quarterly Report dated June 17, 2008.

6

7    Dated: August 8, 2008

        Respectfully submitted,

8

9    EDMUND G. BROWN JR.
     Attorney General of the State of California
10   DAVID S. CHANEY
     Chief Assistant Attorney General
11   ROCHELLE C. EAST
     Senior Assistant Attorney General

12

13

14   LISA A. TILLMAN
15   Deputy Attorney General
     Attorneys for Defendants

16

17   30506934.wpd
     CF1997CS0003

18

19

20

21

22

23

24

25

26

27

28

- 14 -

## VERIFICATION

I, MATTHEW CATE, declare:

I am the Secretary of the California Department of Corrections and Rehabilitation and in that official capacity am a party in the pending action entitled *Coleman v. Schwarzenegger*. I have read the foregoing Responses to the Second Set of Interrogatories propounded by Plaintiff Ralph Coleman, and state upon my information and belief that they are true and correct.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this ___8th___ day of August 2008.

_____
MATTHEW CATE

10446494.wpd

SF2007200870

- 15 -

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
              **Coleman, et al. v. Schwarzenegger, et al.**
              **USDC, Eastern District of California, Case No. 2:90-cv-0520 LKK JFM**
              **Plata, et al. v. Schwarzenegger, et al.**
              **USDC, Northern District of California, Case No. C-01-1351 TEH**

No.:          **C 90-0520 LKK / C 01-01351 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 8, 2008**, I served the attached **Defendant Cate's Responses to Second Set of Interrogatories from Plaintiff Coleman** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Donald Specter                          Claudia Center
Prison Law Office                       The Legal Aid Society -
1917 Fifth Street                       Employment Law Center
Berkeley, CA  94710                     600 Harrison Street, Suite 120
                                        San Francisco, CA  94107
Michael W. Bien
Rosen, Bien & Galvan, LLP               Warren E. George
315 Montgomery Street, 10th Floor       Bingham, McCutchen, LLP
San Francisco, CA  94104               Three Embarcadero Center
                                        San Francisco, CA  94111
Jeffrey L. Bornstein
K & L Gates LLP                         Richard Goff
55 Second Street, Suite 1700            Heller, Ehrman, White & McAuliffe
San Francisco, CA  94105-3493           701 Fifth Avenue
                                        Seattle, WA  98104

1

Lead Counsel for County Intervenors

2  Ann Miller Ravel
   Theresa Fuentes

3  Office of the County Counsel
   70 West Hedding, East Wing, 9th Floor

4  San Jose, CA 95110

5  California Correctional Peace Officers'
   Association (CCPOA) Intervenors

6  Natalie Leonard
   Gregg MacClean Adam

7  Carroll, Burdick & McDonough, LLP
   44 Montgomery Street, Suite 400

8  San Francisco, CA 94104

9  District Attorney Intervenors
   William E. Mitchell

10 Assistant District Attorney
   Riverside County District Attorney's Office

11 4075 Main Street, First Floor
   Riverside, CA 92501

12
   Paul B. Mello, Esq.

13 Hanson & Bridgett LLP
   425 Market Street, 26th Floor

14 San Francisco, CA 94105

California Sheriff, Probation, Police Chief and
Corrections Intervenors

Jones & Mayer LLP
Martin J. Mayer
Michael R. Capizzi
Kimberly Hall Barlow
Elizabeth R. Feffer
3777 North Harbor Boulevard
Fullerton, CA 92835

Republican Assembly and Senate
Intervenors

Steven S. Kaufhold
Akin, Gump, Strauss, Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

County of Sonoma Intervenors
Anne L. Keck, Deputy County Counsel
Steven Woodside
575 Administration Drive, Room 105A
Santa Rosa, CA 95403

15

16      I declare under penalty of perjury under the laws of the State of California the foregoing is

17 true and correct and that this declaration was executed on **August 8, 2008**, at Sacramento, California.

18

19 _____        _____
        T. Treichel

20         Declarant                        Signature

21 30522667.wpd

22

23

24

25

26

27

28

# EXHIBIT S

FILED

UNITED STATES COURT OF APPEALS

AUG 07 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ARNOLD SCHWARZENEGGER. | No. 08-73124 |
| ARNOLD SCHWARZENEGGER, | D.C. Nos. 3:01-cv-01351-TEH<br>2:90-cv-00520-LKK-JFM |
| Petitioner, | Northern District of California, San Francisco |
| v. | Eastern District of California, Sacramento |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; et al., | |
| Respondents, | ORDER |
| RALPH COLEMAN; et al., | |
| Real Parties in Interest. | |

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Accordingly, the petition is denied.

Petitioner's emergency motion for a stay is denied as moot.

KS/MOATT

FILED

UNITED STATES COURT OF APPEALS

AUG 08 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ARNOLD SCHWARZENEGGER. | No. 08-73291 |
| ARNOLD SCHWARZENEGGER,<br><br>       Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>CALIFORNIA; et al.,<br><br>       Respondents,<br><br>RALPH COLEMAN; et al.,<br><br>       Real Parties in Interest. | D.C. Nos. 3:01-cv-01351-TEH<br>          2:90-cv-00520-LKK-<br>          JFM<br>Northern District of California,<br>San Francisco<br>Eastern District of California,<br>Sacramento<br><br>ORDER |

Before:  CANBY, LEAVY and KLEINFELD, Circuit Judges.

Petitioner has not demonstrated that this case warrants the intervention of

this court by means of the extraordinary remedy of mandamus. *See Bauman v.*

*United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977).  Accordingly, the petition

is denied.

Petitioner's emergency motion for a stay is denied as moot.

KS/MOATT