1        IN THE UNITED STATES DISTRICT COURTS

2        FOR THE EASTERN DISTRICT OF CALIFORNIA

3        AND THE NORTHERN DISTRICT OF CALIFORNIA

4        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                        Plaintiffs,
                                                     NO. CIV S-90-0520 LKK JFM P
9              v.
                                                     **THREE-JUDGE COURT**
10   ARNOLD SCHWARZENEGGER,
     et al.,
11
                        Defendants.
12

13   MARCIANO PLATA, et al.,

14                      Plaintiffs,                   NO. C01-1351 TEH

15             v.                                     **THREE-JUDGE COURT**

16   ARNOLD SCHWARZENEGGER,                           ORDER
     et al.,
17
                        Defendants.
18

19

20        This matter came on for hearing on August 7, 2008 on three discovery disputes. Maria

21   V. Morris, Esq., appeared as counsel for the Coleman plaintiffs.  Rebekah Evenson, Esq.,

22   appeared as counsel for the Plata plaintiffs.  Lisa Tillman, Deputy Attorney General,

23   appeared as counsel for the Coleman defendants.  S. Anne Johnson, Esq. and Renju Jacobs,

24   Esq. appeared as counsel for the Plata defendants.  Two of the disputes are resolved herein,

25   while the third is resolved pursuant to a stipulation reached by the parties at the time of the

26   hearing and approved by separate order of this court.

27   /////

28   /////

1   I.  Plaintiffs' Motion to Compel Supplemental Responses and Production

2           The first dispute centers on whether defendants should be compelled to provide

3   supplemental responses to requests 22, 28, 30 and 38 of the Coleman plaintiffs' First Request

4   for Production of Documents and to requests 32 and 33 of the Plata plaintiffs' First Request

5   for Production of Documents.[1]  Plaintiffs seek an order compelling supplemental responses

6   to these requests pursuant to Rules 26(e) and 37(c) of the Federal Rules of Civil Procedure.

7           Defendants oppose the motion on two separate grounds.  With respect to requests 22

8   and 38 of the Coleman plaintiffs' First Request for Production of Documents, defendants

9   state that they "do not believe any new documents exist that will be responsive to these

10  requests."  Joint Statement Re Plaintiffs' Motion to Compel Supplemental Responses and

11  Production, at 18.  With respect to the other four requests, defendants assert that they are not

12  obligated to provide supplemental responses because their initial responses to these four

13  requests were "solely objections and Plaintiffs never filed a motion to compel further

14  responses."  Id. at 18-19.

15          Rule 26(e) of the Federal Rules of Civil Procedure provides in relevant part:

16          **(e) Supplementing Disclosures and Responses.**

17                  **(1) In General.** A party who has made a disclosure under Rule
                    26(a)--or who has responded to an interrogatory, request for
18                  production, or request for admission--must supplement or correct
                    its disclosure or response:
19
                            (A) in a timely manner if the party learns that in
20                          some material respect the disclosure or response is
                            incomplete or incorrect, and if the additional or
21                          corrective information has not otherwise been made
                            known to the other parties during the discovery
22                          process or in writing; or

23                          (B) as ordered by the court.

24  Fed. R. Civ. P. 26(e).  Under Rule 26(e), litigants have a continuing duty to supplement their

25  discovery responses at appropriate intervals if the prior responses were "incomplete or

26  _____

27          [1]  All other disputes set forth in the parties' August 1, 2008 Joint Statement Re
    Plaintiffs' Motion to Compel Supplemental Responses and Production have been resolved by
28  the parties either prior to or at the August 7, 2008 hearing on the motion.

2

1  incorrect" and "additional or corrective information has not otherwise been made known to"

2  their opponent during discovery or in writing.  Fed.R.Civ.Proc. 26(e)(1).

3       The sanction for failing to comply with Rule 26(e) is set forth in Rule 37(c), which

4  provides:

5       **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

6            **(1) Failure to Disclose or Supplement.** If a party fails to provide
             information or identify a witness as required by Rule 26(a) or (e),
7            the party is not allowed to use that information or witness to
             supply evidence on a motion, at a hearing, or at a trial, unless the
8            failure was substantially justified or is harmless. In addition to or
             instead of this sanction, the court, on motion and after giving an
9            opportunity to be heard:

10                 (A) may order payment of the reasonable expenses,
                   including attorney's fees, caused by the failure;
11
                   (B) may inform the jury of the party's failure; and
12
                   (C) may impose other appropriate sanctions,
13                 including any of the orders listed in Rule
                   37(b)(2)(A)(i)-(vi).
14

15 Fed. R. Civ. P. 37(c).  Rule 37(c) "gives teeth" to the requirements of Rule 26(e) "by

16 forbidding the use on a motion or at trial of any information required to be disclosed by" that

17 rule, unless the parties' failure to disclose the required information is substantially justified

18 or harmless.  See Yetti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th

19 Cir.2001)   Rule 37(c) was promulgated to be "self-executing" in order to provide "a strong

20 inducement for disclosure."  Fed.R.Civ.P. 37(c), advisory comm. Note (1993).

21      Defendants have not attempted to tender into evidence information responsive to these

22 requests that has not been produced to plaintiffs during discovery.  To the extent that

23 plaintiffs seek an order precluding defendants from using on a substantive motion or at trial

24 information responsive to the six requests at issue in this dispute, the Rule 37(c) motion is

25 premature.  Plaintiffs' motion to compel will therefore be denied.

26 /////

27 /////

28

3

1   II.  Depositions

2          The second dispute arises from three deposition notices served by plaintiffs for the

3   depositions of three individuals that plaintiffs have identified as witnesses for trial:  Susan

4   Kennedy, Chief of Staff to Governor Arnold Schwarzenegger; Governor Arnold

5   Schwarzenegger, who is a named defendant in this action; and Deputy Cabinet Secretary

6   Robert Gore.  The depositions are noticed for September 2, 3 and 4, 2008, respectively.

7   Defendants contend that these three individuals are entitled to the limited immunity from

8   depositions afforded to high-ranking government officials.[2]

9          The immunity on which defendants rely originated in United States v. Morgan, 313

10  U.S. 409 (1941).  In Morgan, "the district court allowed plaintiffs to take the deposition of

11  the Secretary of Agriculture regarding decisions made in his official capacity, and

12  subsequently to call him to testify at trial."  Green v. Baca, 226 F.R.D. 624, 648 (C.D.Cal.

13  2005).  The Court held that it was error to permit inquiry into the mental process of the

14  Secretary of Agriculture in making an order fixing maximum rates to be charged by market

15  agencies at the Kansas City Stockyards.  Morgan, 313 U.S. at 421-22.  The Court reasoned

16  that the administrative proceeding at issue was similar to a judicial proceeding and that "just

17  as a judge cannot be subjected to such a scrutiny . . . so the integrity of the administrative

18  process must be equally respected."  Id. at 422.

19  /////

20  _____

21         [2]  Defendants also contend that plaintiffs only identified these individuals as trial
    witnesses to evade the requirement of the three-judge court's July 2, 2008 order prohibiting,
22  absent a showing of very good cause, the depositions of witnesses who will not be called to
    testify at trial, see Order filed July 2, 2008, at 2, and that plaintiffs have not shown "very
23  good cause" for these three depositions.  Plaintiffs note that they identified all defendants as
    potential witnesses in their initial disclosures, and that the proposed deponents were
24  specifically identified identified as potential witnesses by the legislative intervenors in their
    initial disclosures.  See Ex. S. to Evenson Declaration in Support of Joint Statement Re
25  Discovery Disputed About Depositions, filed August 1, 2008.  Defendants now represent that
    only plaintiffs have identified the three proposed deponents as trial witnesses in the August 1,
26  2008 disclosures of non-expert trial witnesses, and that they will object to these three being
    called as trial witnesses.  Defendants' Statement in Response to Court's Inquiries, filed
27  August 11, 2008, at 2.  This court finds no purpose of evasion in the manner in which these
    individuals were named as trial witnesses by plaintiffs and, in any event, as discussed infra
28  that "very good cause" appears in the record for each of the proposed depositions.

4

1    Since <u>Morgan</u>, other courts have held that high public officials """"should not, absent

2  extraordinary circumstances, be called to testify regarding their reasons for taking official

3  actions.""""  <u>Green</u>, 226 F.R.D. at 648 (quoting <u>In re United States</u>, 985 F.2d 510, 512 (11th

4  Cir.1993) (in turn quoting <u>Simplex Time Recorder Co. v. Secretary of Labor</u>, 766 F.2d 575,

5  586 (D.C.Cir.1985)).  In addition, courts have recognized that high-ranking public officials

6  "'should not have to spend their time giving depositions in cases arising out of the

7  performance of their official duties unless there is some reason to believe that the deposition

8  will produce or lead to admissible evidence.'"  <u>Stagman v. Ryan</u>, 176 F.3d 986, 994-95 (7th

9  Cir. 1999) (quoting <u>Olivieri v. Rodriguez</u>, 122 F.3d 406, 409-10 (7th Cir. 1997), <u>cert.</u> <u>denied</u>,

10  522 U.S. 1110 (1998)); <u>see</u> <u>also</u> <u>Kyle Eng. Co. v. Kleppe</u>, 600 F.2d 226, 231-32 (9th

11  Cir.1979) ( "Heads of government agencies are not normally subject to deposition and the

12  district court's order directing [the Administrator of the Small Business Administration] to

13  answer interrogations in lieu of a deposition does not appear unreasonable." (internal citation

14  omitted)).

15    The immunity from testifying at a deposition afforded to high-ranking officials is not

16  absolute.  Courts have permitted depositions of high-ranking government officials on a

17  showing that the officials had "'direct personal factual information pertaining to material

18  issues in an action . . . [that] is not available through any other source.'"  <u>Green</u>, 226 F.R.D.

19  at 648 (quoting <u>Church of Scientology of Boston v. I.R.S.</u>, 138 F.R.D. 9, 12 (D.Mall. 1990).

20  Courts have also permitted depositions of high-ranking government officials on a showing

21  that the officials approved or were personally involved in matters at issue in the litigation.

22  <u>See</u>, <u>e.g.</u>, <u>Bagley v. Blagojevich</u>, 486 F.Supp.2d 786, 789 (C.D.Ill. 2007); <u>see</u> <u>also</u> <u>Prisma</u>

23  <u>Zona Exploratoria De Puerto Rico, Inc. v. Calderon</u>, 154 F.Supp.2d 245 (D.P.R. 2001).

24  /////

25  /////

26  /////

27  /////

28

1      The record before the court shows that all three of the proposed deponents have

2 personal knowledge of facts related to, or direct involvement in, matters related to issues at

3 bar.[3]  The instant proceedings originated with motions by the Coleman and Plata plaintiffs to

4 convene a three-judge panel to limit the prison population in California.  In its July 23, 2007

5 order granting plaintiffs' motion in the Coleman case, the Coleman court found, inter alia,

6 that "[t]here is no dispute that prisons in California are seriously and dangerously

7 overcrowded [and] [t]he Governor of California has repeatedly and eloquently noted the

8 public emergency caused by overcrowded prison conditions."  Order filed July 23, 2007, at 8.

9 In addition, plaintiffs have made a persuasive showing: that the Governor has made a number

10 of public pronouncements on matters that will be at issue at the trial of this matter, that the

11 Governor has been personally involved in meetings and strategy sessions with state

12 legislative leaders and others concerning prison overcrowding, and that the Governor has

13 personal information relevant to several defenses tendered in these proceedings.  See, e.g.,

14 Joint Statement Regarding Discovery Dispute About Depositions, filed August 1, 2008, at 6-

15 9, 22, and documents cited therein.  Similarly, plaintiffs have made a persuasive evidentiary

16 showing of the personal involvement of Deputy Cabinet Secretary Gore and Chief of Staff

17 Kennedy in matters of critical importance to the proceedings at bar.  Id. at 9-11, 22 and

18 documents cited therein.  Plaintiffs are entitled to inquire about these matters directly of the

19 Governor, his deputy cabinet secretary and his chief of staff.

20      Defendants contend that the information plaintiffs seek through these three

21 depositions is equally available to plaintiffs through depositions of other state officials or

22 serving written discovery requests on the Governor, or through documents produced by

23

24

_____

25      [3] The parties have not squarely addressed the question of which party has the burden
of proof on the instant motion.  The motion has been framed as a request for depositions,
26 rather than as a motion for a protective order, and the parties apparently agree that plaintiffs
have the burden of making the showing required to establish that the deponents are not
27 entitled to immunity from being deposed.  This is in accord with the decisions of at least two
district courts in the Seventh Circuit.  See Bagley, 486 F.Supp.2d at 789 (quoting Hobley v.
28 Burge, 2007 WL 551569, at 2 (N.D.Ill. Feb. 22, 2007).

1  defendants during the course of these proceedings.[4]  In fact, plaintiffs have made a sufficient

2  showing that the information they seek from the three proposed deponents is uniquely

3  possessed by those three individuals, and that depositions are the most appropriate way to

4  elicit that information.

5       For the foregoing reasons, plaintiffs' request for a court order allowing them to depose

6  Governor Arnold Schwarzenegger, Deputy Cabinet Secretary Robert Gore, and Chief of

7  Staff Susan Kennedy will be granted.  The deposition of the Governor shall take place at the

8  time and place identified in Plaintiffs' July 10, 2008 Notice of Deposition and Revised

9  Notice of Deposition of Defendant Witnesses, and shall not exceed four hours.  The

10  depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy

11  shall take place at the times identified in Plaintiffs' July 10, 2008 Notice of Deposition and

12  Revised Notice of Deposition of Defendant Witnesses.  Within five days from the date of this

13  order, Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy may request

14  of plaintiffs, orally or in writing, that the depositions be conducted at their regular place of

15  business, which requests if made shall be honored by plaintiffs.  The depositions of Deputy

16  Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy shall not exceed six hours

17  each.

18       In accordance with the above, IT IS HEREBY ORDERED that:

19       1.  Plaintiffs' July 21, 2008 motion to compel supplemental responses and production

20  is denied on this record.

21

22       [4]  In a footnote in their part of the joint statement filed in connection with this dispute,
plaintiffs noted that defendants had failed to produce documents in accordance with orders of
23  this court filed April 14, 2008 and May 29, 2008, despite the fact that the three-judge court
had denied requests for reconsideration or for stay of both orders.  At the August 7, 2008
24  hearing of this matter, the court directed defendants to file by noon on August 11, 2008, a
statement of the authority on which they were relying for their continued non-compliance
25  with this court's orders or a statement that the documents had been delivered.  On August 11,
2008, defendants filed a statement that the documents would be delivered to plaintiffs by
26  noon that day.  In the statement, defendants assert that the documents so produced "provid[e]
Plaintiffs with yet another source of the information they seek."  Defendants' Statement in
27  Response to Court's Inquiries, filed August 11, 2008, at 2.  To put it mildly, even if
defendants had endeavored to actually make an evidentiary showing to support this assertion,
28  which they have not, it comes too late.

1      2. Plaintiffs' July 21, 2008 motion to compel the depositions of Governor Arnold

2 Schwarzenegger, Deputy Cabinet Secretary Robert Gore, and Chief of Staff Susan Kennedy

3 is granted, as follows:

4      a. The deposition of Governor Arnold Schwarzenegger shall take place at the

5 time and place identified in Plaintiffs' July 10, 2008 Notice of Deposition and Revised

6 Notice of Deposition of Defendant Witnesses, and shall not exceed four hours.

7      b. The depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff

8 Susan Kennedy shall take place at the times identified in Plaintiffs' July 10, 2008 Notice of

9 Deposition and Revised Notice of Deposition of Defendant Witnesses.  Within five days

10 from the date of this order, Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan

11 Kennedy may request of plaintiffs, orally or in writing, that the depositions be conducted at

12 their regular place of business, which requests if made shall be honored by plaintiffs.  The

13 depositions of Deputy Cabinet Secretary Robert Gore and Chief of Staff Susan Kennedy

14 shall not exceed six hours each.

15 DATED:  August 14, 2008.

16

17

18 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28