| | |
|---|---|
| ROD PACHECO<br>District Attorney, County of Riverside<br>WILLIAM E. MITCHELL<br>Assistant District Attorney<br>4075 Main Street, First Floor<br>Riverside, California 92501<br>Telephone: (760) 863-8436<br>Fax: (951) 955-0190<br>William E. Mitchell<br>Assistant District Attorney<br>(CSB # 108483)<br><br>Attorneys for District Attorney<br>Defendant Intervenors | JONES & MAYER<br>Martin J. Mayer (SB # 73890)<br>Michael R. Capizzi (SB # 35864)<br>Kimberly Hall Barlow (SB # 149902)<br>Ivy M. Tsai (SB # 223168)<br>3777 North Harbor Boulevard<br>Fullerton, California 92835<br>Telephone: (714) 446-1400<br>Fax: (714) 446-1448<br><br>Attorneys for Law Enforcement<br>Intervenor-Defendants |
| Steven S. Kaufhold<br>Chad A. Stegeman<br>Akin Gump Strauss Hauer & Feld, LLP<br>580 California, Suite 1500<br>San Francisco, CA 94104-1036<br>Telephone: 415-765-9500<br>Facsimile: 415-765-9501<br><br>Attorneys for Republican Senator<br>and Assembly Intervenors | Steven M. Woodside #58684<br>County Counsel<br>Anne L. Keck #136315<br>Deputy County Counsel<br>County of Sonoma<br>575 Administration Drive, Room lOSA<br>Santa Rosa, California 95403-2815<br>Telephone: (707) 565-2421<br>Fad: (707) 565-2624<br><br>Attorneys for Intervenors The<br>County of Sonoma Intervenors |
| Ann Miller Ravel, County Counsel<br>Theresa J. Fuentes, Deputy County Counsel<br>Office of the County Counsel<br>70 West Redding, East Wing, 9`h Floor<br>San Jose, California 95110-1770<br>Telephone: (408) 299-5900<br>Facsimile: (408) 292-7240<br><br>Attorneys for Intervenor<br>County of Santa Clara | Dennis Marshall, County Counsel<br>Kelly Duncan Scott, Deputy<br>County of Santa Barbara<br>105 E. Anapamu St., Suite 201<br>Santa Barbara, CA 93101<br>(805) 568-2950 /FAX: (805) 568-2982<br><br>Attorneys for Intervenors<br>County of Santa Barbara |
| Michael P. Murphy, County Counsel<br>Carol L. Woodward, Deputy County Counsel<br>Office of the County Counsel<br>Hall of Justice and Records<br>400 County Center, 6th Floor<br>Redwood City, CA 94063<br>Telephone: (650) 363-4746<br> Facsimile: (650) 363-4034<br><br><br>Attorneys for Intervenor<br>County of San Mateo | |

-1-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN AND NORTHERN DISTRICTS OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT THEREOF |

TO THE COURTS, TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSELS OF RECORD:

The Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican Senator and Assembly Intervenors, District Attorney Intervenors, County Intervenors and Sonoma County Intervenors (hereinafter referred to collectively as the "Intervenors") hereby jointly and severally submit their Motion for Clarification of this Court's Order for Pretrial Preparation entered on July 2, 2008 (Docket No. 2859)(the "Order").

Specifically, these Intervenors request that the Court clarify its Order to confirm

1 that witnesses who are parties and/or employees of parties who may be called to present
2 evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and who are not
3 experts retained or specially employed to provide expert testimony in the case, are not
4 required to prepare written and signed expert witness reports.

5      This Motion is based on the Motion and Points and Authorities in support thereof,
6 the Declaration of Ivy M. Tsai submitted herewith, other documents, pleadings, and
7 orders on file with the Court, and any subsequent evidence or argument that may be
8 submitted regarding the Motion in the future.

## I.

## GENERAL BACKGROUND

11      The Prison Litigation Reform Act (PRLA), 18 U.S.C. §§ 3626, *et seq*.,
12 specifically provides that, "Any State or local official including a legislator or unit of the
13 government whose jurisdiction or function includes the appropriation of funds for the
14 construction, operation or maintenance of prison facilities, or the prosecution or custody
15 of persons who may be released from, or not admitted to, a prison as a result of a prisoner
16 release order shall have standing to oppose the imposition or continuation in effect of
17 such relief and to seek termination of such relief, and shall have the right to intervene in
18 any proceeding relating to such relief." The Intervenors have been and are intending to
19 submit declaration testimony at trial from a number of the elected and/or appointed
20 officials (as well as high ranking subordinates of these officials) who are authorized to
21 intervene in any proceeding concerning the issuance of a prisoner release order under the
22 PRLA. It is anticipated that they will give testimony, including both factual evidence and
23 opinion evidence, based on their knowledge and expertise as officials who have statutory
24 authority and standing to intervene in these proceedings. Since intervening in this case,
25 the Intervenors have participated actively in discovery, settlement discussions, and
26 hearings before this Court. They intend to participate actively at trial, and have complied
27 with all portions of the Courts Order to date. Intervenors either have already disclosed

themselves and designated employees as witnesses (and the subject matters of their testimony), to all parties on August 1, 2008, or intend to do so by August 15, 2008, pursuant to the provisions of this Court's Order.

In its Order, the Court expressly established witness disclosure requirements, including disclosure of both "non-expert" and expert witnesses. Specifically, Paragraph 2(b) of the Order provides in relevant part that, "on or before August 1, 2008, the parties and Intervenors shall disclose lists of all non-expert witnesses whom they intend to call to testify at trial)." The Order goes on to provide that expert witness disclosures are to be exchanged on or before August 15, 2008. Order, Paragraph 2(c). Paragraph 6(a) of the Order confirms the Court's previous order entered on June 27, 2008, that, "direct testimony from all percipient witnesses will be presented by affidavit and no more than fifteen minutes of live testimony, followed by cross-examination. Direct testimony from expert witnesses will be presented through their expert reports and no more than thirty minutes of live testimony, followed by cross-examination."

A dispute has arisen between Intervenors and Plaintiffs regarding the interpretation of Paragraphs 2(b), 2(c) and 6(a) of the Order and their effect upon the application of Federal Rule of Civil Procedure 26(a)(2)(B) ("FRCP 26(a)(2)(B)"). Specifically, pursuant to the terms of Paragraph 2(b) of the Order, all Intervenors except the District Attorney Intervenors,[1] disclosed witnesses (Intervenors themselves and/or their employees) on August 1, 2008, who intend to present trial declarations and testify regarding matters within their knowledge, including percipient facts as well as opinion testimony, addressing core issues raised by Title 18 of the United States Codes, Section 3626, *et seq*. Some of these Intervenors disclosed these witnesses as "hybrid" witnesses who are non-retained, percipient experts, to be treated as ordinary witnesses. In fact, several of the Intervenors' disclosures stated that, as these witnesses were not retained, do not usually testify as part of their job duties, and would testify regarding matters

---

[1] District Attorney intervenors intend to disclose expert witnesses as required on August 15, 2008.

-4-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

1  generally within the scope of their duties, such witnesses were not required to provide
2  expert reports under the provisions of FRCP 26(a)(2)(B) or the Order.  See, e.g., Sonoma
3  County Intervenors' Disclosure of Non-Retained Percipient Expert Witness, Exhibit "C"
4  to Declaration of Ivy M. Tsai submitted in support of Motion for Clarification (hereafter,
5  "Tsai Decl.").  Other Intervenors identified the witnesses as parties or employees of
6  parties whose testimony would be based on their own experience and observations, and
7  specifically reserved the right to designate such witnesses as experts as well as percipient
8  witnesses.  See e.g., Law Enforcement Intervenors' List of Non-Expert Witnesses,
9  Exhibit "A" to Tsai Decl.[2]  The party and employee witnesses for Defendant Intervenors
10 intend to testify regarding relevant facts (e.g., current status of local detention facilities,
11 crime and recidivism, probation resources, local mental and medical services, and the
12 availability of other local resources), as well as the impacts that a prisoner release order
13 would have on the local communities (i.e., opinions regarding the effects of a
14 hypothetical order based on extrapolation of existing facts and available data).

15    Upon receipt of the percipient witness disclosures, counsel for Plaintiffs objected
16 to the designation of such witnesses as "non-experts" via the following e-mail statement:

17 > "Our position is as follows:  If you exert control over your "non-retained
18 > experts," (e.g. if the "non retained experts" are parties, or are employees
19 > of or contractors of parties) they must submit reports by the August 15,
20 > 2008 deadline.  To the extent your non-retained experts plan to testify
21 > about matters outside their personal knowledge or outside the scope of
22 > their employment (e.g. the effects a prisoner release order might have),
23 > they also must submit Rule 26(a)(2)(B) disclosures.  *See, e.g.,* Funai Elec.
24 > Co. v. Daewoo Electronics Corp., 2007 WL 1089702, *6 (N.D. Cal.
25 > 2007).  If your witnesses do not submit reports, we will move to exclude

---

[2] As set forth in Paragraph 6 of the Tsai Declaration, the Law Enforcement Intervenors intend to submit an expert designation on August 15, 2008 which identifies all witnesses intended to give expert testimony and to fully disclose the specific topics of testimony that each non-retained experts will give.

-5-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

1     their testimony in its entirety."

2 (E-mail from Amy Whelan, sent August 05, 2008 4:35pm.) See Tsai Decl., Exhibit "B."

3     Intervenors believe that Plaintiffs' position is not supported by the language of the
4 Order, FRCP 26(a)(2)(B), nor any of its supporting authority. However, to prevent from
5 being prejudiced and surprised after close of discovery by Plaintiffs' motion to exclude
6 the declarations and testimony of Intervenors and their designated employee witnesses,
7 Intervenors submit this motion for clarification to confirm that the Court's intent in
8 issuing the Order was not to modify the provisions of FRCP 26, and that the Order allows
9 Intervenors to disclose themselves and their employees as non-retained percipient experts
10 who are outside the definition of "experts" required to submit reports per FRCP
11 26(a)(2)(B).

## II.

## LEGAL DISCUSSION

14     Paragraph 2(b) of the Order requires disclosure of "non-expert" witnesses be made
15 by August 1, 2008, but it does not define such a term, nor is it clear whether the Court
16 intended to modify the provisions of FRCP 26(a)(2)(B) with respect to "hybrid" non-
17 retained percipient witnesses who are also experts. Likewise, nothing in paragraph 2(c),
18 which deals with expert disclosures and reports, indicates any intent to modify the affect
19 of FRCP 26(a)(2)(B) in this case.

20     Federal Rules of Civil Procedure, Rule 26(a)(2)(A) requires the disclosure of all
21 experts. However, written reports are only required of those experts "who (are) retained
22 or specially employed to provide expert testimony in the case or whose duties as an
23 employee of the party regularly involve giving expert testimony. . . ." Fed. R. Civ. P.
24 26(a)(2)(B). "The structure of Rule 26(a)(2) provides a clear distinction between the
25 "retained" class of experts and the unretained class of experts. While all experts must be
26 disclosed under Rule 26(a)(2)(A), only "retained" experts must provide Rule 26(a)(2)(B)
27 reports." *(Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H.,1998.))* The plain

28

-6-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

language of Rule 26(a)(2) provides that each person who may be called to provide expert testimony must be disclosed to the opposing party. In addition, subsection (a)(2)(B) of the Rule clarifies that those experts that are "retained or specially employed to provide expert testimony in the case," need to provide a written report.  The statutory intervenors and their employees have clearly not "retained" themselves for purposes of this case or for giving of expert testimony generally.  Thus, no written reports are or should be required.

While the Intervenors are prepared to comply with Rule 26(a)(2)(A) disclosure requirements for all non-retained experts, and Rule 26(a)(2)(B) requirements for all retained experts, the Intervenors generally have not directed the aforementioned party/non-retained expert witnesses to prepare expert reports[3].  The Intervenors are informed and believe that counsel for Defendants are in agreement with the position taken by the Intervenors on this issue.

The unpublished case cited in Plaintiff's counsel's e-mail (*Funai Elec. Co. v. Daewoo Electronics Corp.*, 2007 WL 1089702, *6 (N.D. Cal. 2007)) does not compel a different conclusion.  In that case, the Court concluded that the employee witness was acting like a retained expert because he was testifying regarding matters outside the scope of his employment, provided technical evaluations of evidence reviewed solely in preparation for trial, provided opinion testimony on the merits of the case, and had no direct or personal knowledge of the facts to which he was testifying.  (See similarly, *Prieto v. Malgor*, 361 F.3d 1313, 1318-1319 (11th Cir. 2004).)  Yet, even so, the Court did not require the witness to comply with all of the terms of FRCP 26(a)(2)(B), but instead required only that he provide a report limited to identification of the subjects on which he intended to provide expert testimony.  These facts are so divergent from the

---

[3]  While the County Intervenors join this motion, some of the counties, out of an abundance of caution, may submit reports subject to the constraints addressed in this motion.  The County Intervenors reserve the right to withdraw or supplement such reports based on the court's ruling herein.

-7-
DEFENDANT INTERVENORS' MOTION FOR  CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

1  proposed Intervenor witnesses as to make *Funai* inapplicable, as Intervenor witnesses
2  have direct knowledge of the facts and are responsible for anticipating and addressing the
3  effects of any prisoner release order as part of their job duties.  Further, they have either
4  already satisfied the requirement in *Funai* of identifying the general subject matter of
5  their testimony, pursuant to the August 1, 2008 disclosures, or they will do so in the
6  disclosures required to be exchanged on August 15, 2008.

7        Case authority analyzing discovery requirements for non-retained percipient
8  experts under FRCP 26 are far from uniform, and primarily address the scope of
9  testimony of treating physicians, which is at least analogous to the instant proceeding.
10 Many of these cases (including the one referenced in Plaintiffs' e-mail, above) are
11 unpublished.  Of the published cases, the majority view appears to be that a percipient
12 expert is not required to submit an expert report under FRCP 26(a)(2)(B) if the witness
13 meets the express requirements of the rule and developed his/her opinions based on facts
14 actually viewed and/or on the witnesses' own expert training.  See *Kirkham v. Societe Air*
15 *France*, 236 F.R.D. 9 (Dist. of Col. 2006); *McCloughan v. City of Springfield*, 208 F.R.D.
16 236, 240-243 (C.D.Ill. 2002); *Baran v. Presbyterian University Hospital*, 102 F.R.D. 272
17 (D.C. Pa. 1984).

18       Intervenors and their designated employee witnesses meet all of the requirements
19 to be considered percipient expert witnesses who are outside the definition of "experts"
20 required to issue reports under FRCP 26(a)(2)(B):
21     (a)    They have not been retained or specially employed to provide expert
22           testimony in this case;
23     (b)    Their duties do not regularly involve giving expert testimony;
24     (c)    They will testify both as to facts they perceived as well as opinions
25           acquired as part of their duties as elected or appointed public officials; and
26     (d)    Plaintiffs will not be unfairly surprised by these witnesses' testimony, as
27           the subjects of their testimony have already been disclosed, and Plaintiffs
28

-8-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

have an opportunity to conduct full discovery at the noticed depositions to occur in the next few weeks.

These factors weigh heavily in favor of Intervenors' conclusion that they and their employee witnesses are not required to comply with the expert report requirements of FRCP 26(a)(2)(B). Further, the goal of FRCP 26(a)(2)(B) – to expedite discovery and avoid unnecessary depositions – is not furthered by requiring Intervenors and their designated employee witnesses to prepare and submit expert reports at this time.

Conversely, if the disclosed Intervenor witnesses were categorized as retained experts and required to meet the provisions of FRCP 26(a)(2)(B), not only would they be required to present expert reports before completion of discovery and the date ordinary witness declarations are due pursuant to the terms of the Order, but they would also be required to waive the attorney-client privilege with respect to the issues about which they intend to testify. This would unfairly prejudice Intervenors without due cause, by interfering with the confidentiality of their attorney-client communications in this matter, affecting discussion of the issues, trial preparation and strategy. Moreover, while it is clear that the witnesses at issue are experts in their fields, they are not "expert" at preparing the types of reports which are required of retained experts. Ordering them to prepare such reports will substantially interfere with their ability to prepare for their depositions and for trial. This is completely unnecessary, as Plaintiffs have already noticed the depositions of all or virtually all of the witnesses previously identified and can learn all of the opinions of these witnesses through their depositions.

## III.

## CONCLUSION

Intervenors respectfully request, to avoid Intervenors from being prejudiced through Plaintiffs' possible motion in limine to exclude Intervenors and their designated employee witnesses from submitting evidence, that the Court clarify its Order as to whether non-retained percipient expert witnesses are required to submit expert reports

1  pursuant to FRCP 26(a)(2)(B), and to issue an order that such witnesses are <u>not</u> required
2  to submit expert reports pursuant to FRCP 26(a)(2)(B). Should the Court determine that
3  such witnesses are required to prepare and disclose such expert reports, Intervenors
4  respectfully request that the Court grant them an additional 15 days after entry of that
5  order to prepare and disclose such expert reports.

Respectfully submitted,

DATED: August 14, 2008          COUNTY OF RIVERSIDE


By: _____/s/_____
    WILLIAM E. MITCHELL
    Assistant District Attorney
    County of Riverside, California
    Attorney for District Attorney
    Intervenors


DATED: August 14, 2008          JONES & MAYER


By: _____/s/_____
    Kimberly Hall Barlow
    Ivy M. Tsai
    Attorneys for Sheriff, Probation,
    Police Chief, and Corrections
    Intervenor- Defendants


DATED: August 14, 2008          AKIN GUMP STRAUSS HAUER & FELD


By:
    Steven S. Kaufhold
    Chad A. Stegeman
    Attorneys for Republican Senator and
    Assembly Intervenors

DATED: August 14, 2008          OFFICE OF THE SANTA CLARA COUNTY
                                COUNSEL


By: _____/s/_____
    THERESA FUENTES_for

-10-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

1                                                              The County Intervenors__

-11-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR
PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

1 | Dated: August 14, 2008

SONOMA COUNTY INTERVENORS
Steven Woodside, County Counsel

By: _____/s/_____
ANNE L. KECK
Deputy County Counsel, Sonoma County
Attorneys for Sheriff William Cogbill, District Attorney Passalacqua, Chief Probation Officer Robert Ochs, and the County of Sonoma

-12-
DEFENDANT INTERVENORS' MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT