1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST - 183792
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF - 193479
   Supervising Deputy Attorney General
5  LISA A. TILLMAN - 126424
   Deputy Attorney General
6  KYLE A. LEWIS - 201041
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5677
   Facsimile: (415) 703-5843
9  kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

### PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE THREE-JUDGE COURT OF MAGISTRATE JUDGE'S RULING REQUIRING THE GOVERNOR, HIS CHIEF OF STAFF, AND HIS SENIOR DEPUTY CABINET SECRETARY TO SUBMIT TO DEPOSITION; REQUEST FOR STAY OF ORDER (E.D. L.R. 72-303)**<br><br>To: Three-Judge Court |

## I. INTRODUCTION

Ignoring Ninth Circuit precedent and contradicting the very cases he cites, on August 14, 2008, Magistrate Judge Moulds ordered that Governor Arnold Schwarzenegger, Chief of Staff Susan Kennedy, and Senior Deputy Cabinet Secretary Robert Gore submit to deposition by Plaintiffs in this case. (*Plata* Docket No. 1385; *Coleman* Docket No. 2946.)[1] Magistrate Judge Moulds's order defies established law and public policy that protect top executive officials from the burden and intrusion of personal testimony in lawsuits, unless: their personal conduct is at issue, they have "direct factual personal information" on the material issues, and there are no alternative sources of information, such as witnesses or documents, or alternative means to obtain the information, such as written discovery.

According to the Ninth Circuit, "[H]eads of government agencies are not normally subject to deposition." *Kyle Eng. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). This is so even when the official sought to be deposed is a named defendant in the case. *Id.* Magistrate Judge Moulds acknowledges this controlling Ninth Circuit precedent in his opinion, but then ignores its rule. Ordering the Governor, his Chief of Staff, and his Senior Deputy Cabinet Secretary, whose conduct is not at issue in this case, to submit to deposition is clearly erroneous and contrary to the law and should be set aside.

The questions in this case are whether overcrowding is the primary cause of the unconstitutional delivery of medical and mental health care to inmates in the State's prisons, whether anything other than a prisoner release order will remedy the unconstitutional delivery of care, and whether the imposition of a prisoner release order will have an adverse impact on public safety or the operation of the criminal justice system. 18 U.S.C. § 3626(a)(1)(A), (a)(3)(E). Discovery in this case has been allowed to go far beyond the matters at issue in both scope and volume.

---

[1] Magistrate Judge Moulds issued this order in response to Plaintiffs notice of motion to compel filed on July 21, 2008 (*Plata* Docket No. 1327; *Coleman* Docket No. 2885), the parties' Joint Statement Regarding Discovery Dispute About Depositions, filed on August 1, 2008 (*Plata* Docket No. 1349; *Coleman* Docket No. 2906) and the related declarations and exhibits (*Plata* Docket Nos. 1350 - 1351; *Coleman* Docket Nos. 2907 - 2908).

Further, the Governor, through his Cabinet-level staff, runs the State of California—not any single one of the State's numerous departments and agencies. The Governor and his Cabinet staff necessarily rely on the responsible departmental and agency officials to provide them with the factual information underlying executive policy positions and decisions. Neither the Governor nor his Cabinet staff have direct involvement in the daily operations of California's prisons, and they do not have direct personal knowledge of facts regarding the ongoing conditions in California's prisons, the causes or possible remedies of those conditions, or the possible impacts of a prisoner release order on public safety or the operation of the criminal justice system.

In this case, the responsible officials in the California Departments of Corrections and Rehabilitation (CDCR) are scheduled to be deposed, their own executive immunity against deposition having been voluntarily waived. Both the current and former Secretaries of CDCR, Matthew Cate and James Tilton, are scheduled to be deposed, as are Deborah Hysen, CDCR Chief Deputy Secretary for Facility Planning, Construction and Management; Kathy Jett, Undersecretary, Programs, CDCR; and Scott Kernan, Chief Deputy Secretary of Adult Operations for CDCR. In addition, Plaintiffs have, over the past eleven months, propounded to the Governor and CDCR numerous interrogatories, requests for admission, and requests for production of documents. Defendants supplied responses and more recently, supplemental responses, to the discovery requests. In addition, Defendants produced over 515,000 pages of documents, including nearly 4,700 pages of documents previously withheld on the basis of the deliberative process privilege.

Plaintiffs have no legitimate reason for seeking the deposition of the Governor, his Chief of Staff, and his Senior Deputy Cabinet Secretary. The Governor's formal policy statements and ultimate policy decisions are a matter of public record, and his and his Cabinet-level staff's mental processes used in formulating these ultimate policy decisions are not relevant and are not admissible to the determination of whether the standards for issuing a prisoner release order are met. Probing their "reasons for taking

official actions" is not authorized by law in this case. *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985). Plaintiffs are not entitled to use the discovery process as a guise to attempt to call the Governor and his top staff to debate their policy decisions. *See Deukmejian v. Super. Court*, 143 Cal. App. 3d 632, 635 (Cal. App. 1983).

Requiring the Governor, Ms. Kennedy, and Mr. Gore to prepare for and undergo depositions in this case is an undue interference with their performance of their essential public duties, a waste of public resources, sets a dangerous precedent, and is not authorized by law. To subject the Governor and his top aides to deposition in cases where their policy pronouncements and decisions are relevant, but their personal conduct is not at issue, would divert their focus from performing their essential executive functions to spending their time preparing and testifying in the numerous lawsuits in which the Governor is named in his official capacity.

To preserve the general rule of executive immunity from personal testimony, Magistrate Judge Moulds's order must be reconsidered and set aside. To avoid prejudice and interference with their executive functions, Defendants further request that the portion of the order requiring the depositions of the Governor, Ms. Kennedy, and Mr. Gore be stayed pending this Court's determination of this application.

## II.    ARGUMENT

### A.    Standard of Review

The Magistrate Judge's ruling is reviewable by the Three Judge Panel upon the request of either party, so long as that request is filed within 10 days after service of the order. E.D. L.R. 72-303(b). A magistrate judge's order must be modified or set aside with respect to any part of the order shown to be "clearly erroneous or contrary to law." *Id.* Such is the case here, where the Magistrate Judge's order ignores the very limited circumstances in which a high-ranking executive official is permitted to be deposed.

**B.  Magistrate Judge Moulds's Order Authorizing The Depositions Of The Governor, His Chief Of Staff, And His Senior Deputy Cabinet Secretary Is Clearly Erroneous, Contrary To The Law, And Would Set A Dangerous Precedent.**

The Ninth Circuit has clearly stated: "[H]eads of government agencies are not normally subject to deposition." *Kyle Eng. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Magistrate Judge Moulds acknowledges this precedent, but then ignores it. In *Kyle*, the Ninth Circuit upheld the district court's order vacating plaintiff's notice of the deposition of the administrator of the Small Business Administration, who was a named defendant in plaintiff's breach of contract suit, expressly holding that the district court's order directing the SBA administrator to answer interrogatories instead was not unreasonable. *Id.* at 231-32. The Ninth Circuit's decision in *Kyle* has been followed by numerous courts, including to disallow the deposition of the Governor of Wisconsin and the Secretary of the Wisconsin Department of Administration. *See Warzon v. Drew*, 155 F.R.D. 183, 186 (E.D. Wis. 1994). Depositions of state governors have also been disallowed by other Circuits, including in *Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir. 1982).

Applying similar principles under California law, Governor Deukmejian was protected from testifying in a lawsuit, in which he was a named defendant, that sought "to alleviate overcrowding and other harmful conditions at San Quentin State Prison." *Deukmejian*, 143 Cal. App. 3d at 634. The *Deukmejian* court explained:

> Both the papers submitted by real parties and the trial court's comments reveal that Governor Deukmejian was required to testify not because he had unique knowledge of the conditions at San Quentin Prison but because administration policies are alleged to have contributed to the overcrowded and otherwise harmful conditions. This reason was partially cloaked in discussion of the need to discover what the Governor planned to do about the situation. But even then the inquiry would focus upon executive policies, not upon prison conditions.

*Id.* at 634-35.

The *Deukmejian* court continued:

DEFS.' REQ. FOR RECONSIDERATION (case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)    1582601.2

> We note a disturbing undercurrent in the argument presented by real parties and accepted by the court. It is assumed that the court may call the Governor "on the carpet," or at least compel him to work in a committee-like atmosphere with the court in order to solve prison problems. We disapprove such a blurring of the lines separating judicial and executive authority.

*Id.* at 635.

As in *Deukmejian*, in deposing the Governor, his Chief of Staff, and his Senior Deputy Cabinet Secretary in this case, Plaintiffs would impermissibly focus on executive policies and the decision-making process, not on prison conditions or their causes or remedies or the impact of a prisoner release order on the public. The Court must resist this improper and impermissible attempt by Plaintiffs to call the Governor and his top aides to debate their policy decisions.

Indeed, according to authority cited by both Plaintiffs and Magistrate Judge Moulds in his erroneous order, courts have widely recognized that "high public officials 'should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'" *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005) (*quoting In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (in turn *quoting Simplex*, 766 F.2d at 586). This immunity extends to cabinet officers at both the federal and state levels. *See In re United States*, 197 F.3d 310, 314 (8th Cir. 1999) (rev'd on other grounds by *United States v. Lee*, 274 F.3d 485, 491 (8th Cir. 2001)) (federal Attorney General and Deputy Attorney General are high governmental officials); *Simplex*, 766 F.2d at 586; *Warzon*, 155 F.R.D. at 186; *Pension Benefit Guaranty Corp. v. LTV Steel Corp.*, 119 F.R.D. 339, 343 n.1 (S.D.N.Y. 1988) (refusing to allow deposition of Secretary of Labor).

According to *Baca*, an exception to the general rule of immunity "'exists concerning top officials who have direct personal factual information pertaining to material issues in an action . . . [and] where the information to be gained . . . is not available through any other source.'" *Id.* (*quoting Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 12 (D. Mass. 1990)).

DEFS.' REQ. FOR RECONSIDERATION (case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)    1582601.2

The Governor and his Cabinet shape State policy in numerous areas, including the environment, transportation, the economy, education, food and agriculture, and health and human services. The State's prisons are just one of the areas in which the Governor and his Cabinet staff create policy. Of course, the Governor and his Cabinet staff are not involved in the daily operations of the State's prisons—that is the function of the CDCR. Accordingly, neither the Governor nor his top aides, Ms. Kennedy and Mr. Gore, have "direct personal factual information" about the ongoing conditions in California's prisons, the causes or possible remedies of those conditions, or the possible impacts of a prisoner release order on public safety or the operation of the criminal justice system.

As the Eleventh Circuit explained in granting a writ of mandate overturning the district court's order allowing a 30-minute phone deposition of the Commissioner of the Food and Drug Administration:

> The reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses. In this case, the government notes that Commissioner Kessler is responsible for the regulation of all drugs, foods, cosmetics and medical devices as well as overseeing the enforcement of statutes and regulations governing the distribution and sales of these items. Thus, his time is very valuable. This concern about a high official's time constraints is particularly relevant to selective prosecution claims. If the Commissioner was asked to testify in every case which the FDA prosecuted, his time would be monopolized by preparing and testifying in such cases.

(*In re United States*, 985 F.2d at 512.) Similarly, if the Governor and his Cabinet staff were subject to deposition in cases where their policy pronouncements and decisions were relevant, but their personal conduct was not at issue, they would spend much of their time preparing and testifying in lawsuits instead of performing their essential executive functions.

The cases cited by both Plaintiffs and Magistrate Judge Moulds to require the Governor, Ms. Kennedy, and Mr. Gore to submit to deposition are inapposite here. *See Bagley v. Blagojevich*, 486 F. Supp. 2d 786 (C.D. Ill. 2007); *Prisma Zona Exploratoria De*

*Puerto Rico, Inc. v. Calderon*, 154 F. Supp. 2d 245 (D.P.R. 2001). Indeed, they stand for the principle that where a top official's conduct, rather than their involvement in policymaking, is directly at issue the top official may be deposed regarding that conduct.

In *Bagley*, plaintiffs alleged that the Governor of Illinois personally participated in wrongful retaliation against them for attempting to unionize through a competitor of AFSCME, which was a major financial contributor to the Governor's campaign. *Bagley*, 486 F. Supp. 2d at 788. In *Prisma Zona*, the plaintiff Prisma alleged that the Governor "'discriminatorily denied disbursement of PRISMA's operational and capital expenditure funds – earmarked, approved and granted since September 1999 by the previous governmental administration – based on political discriminatory reasons'". *Prisma Zona*, 154 F. Supp. 2d at 246. No similar personal involvement in wrongdoing is alleged against the Governor, Ms. Kennedy, or Mr. Gore here.

Instead, Plaintiffs want to impermissibly probe the Governor and his top aides about their involvement in formulating policy statements and decisions that are a matter of public record, such as the Governor's Prison Overcrowding State of Emergency Proclamation from October 4, 2006 and the Corrections and Rehabilitation portion of the Governor's Budget Summary 2008-09. Since the Governor and his aides relied on department officials for the facts underlying these policy positions, personally examining the Governor and his top aides about these or other executive policies will not produce admissible evidence regarding the standards for issuing a prisoner release order.

Moreover, Plaintiffs have not met their burden to demonstrate that they cannot obtain the information they seek elsewhere. See *Church of Scientology*, 138 F.R.D. at 12 (granting protective order because Plaintiff "ha[d] not satisfactorily demonstrated that the information sought cannot be gained through an alternative source"); *Trunk v. City of San Diego*, 2007 U.S. Dist. LEXIS 24093, * 21 (S.D. Cal. Apr. 2, 2007) (refusing to allow deposition when "Plaintiff ha[d] not demonstrated" that the information is not otherwise available). Alternative sources of information regarding the prison conditions, their causes and possible solutions, and the impact of a prisoner release order on the public

are clearly available. Indeed, the depositions of the top officials at the CDCR are already on calendar. And over the past eleven months, Plaintiffs have propounded multiple sets of discovery requests on the Governor and the other named Defendants, to which Defendants have provided both responses and supplemental responses.

### III.    CONCLUSION

Discovery has been allowed to proceed virtually without any limits. Despite Plaintiffs' repeated assertions made to the Court last Spring, last Fall, this Spring, and again this Summer that they are ready for trial and that this case rests on expert testimony, they have requested unnecessary discovery, culminating in noticing the deposition of the Governor and two of his senior advisors.

The Governor is frequently named as a defendant in lawsuits, often complex class action suits. He and his top Cabinet-level aides cannot be made to personally testify in suits where, as here, they are involved in executive policymaking, but their personal conduct is not at issue, they do not have direct personal factual knowledge about the ultimate issues in the case, other lower-ranking officials have relevant knowledge, and other means of discovery are available. While the Three Judge Panel is an unusual procedure, the law does not authorize the testimony of the Governor and his top Cabinet-level aides in this proceeding. To hold otherwise, as Magistrate Judge Moulds has, is unprecedented.

Magistrate Judge Moulds committed severe and prejudicial error in requiring the Governor, Ms. Kennedy, and Mr. Gore to submit to deposition, and that portion of his August 14, 2008 order must be set aside. To avoid prejudice and interference with executive functions, Defendants further request that that Magistrate Judge Moulds's order be stayed pending this Court's determination of this request for reconsideration.

| | | |
|---|---|---|
| 1 | DATED: August 15, 2008 | HANSON BRIDGETT LLP |
| 2 | | |
| 3 | | By: /s/ Paul Mello |
| 4 | | PAUL MELLO<br>Attorneys for Defendants Arnold Schwarzenegger, et al. |
| 5 | DATED: August 15, 2008 | EDMUND G. BROWN JR. |

By: /s/ Rochelle East
ROCHELLE C. EAST
Senior Assistant Attorney General
Attorneys for Defendants Arnold
Schwarzenegger, et al.