EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Senior Assistant Attorney General
JONATHAN L. WOLFF - 193479
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AND THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DECLARATION OF RENJU P. JACOB IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS CONCERNING FORMAT OF DOCUMENTS** <br><br> **Date and time:** August 15, 2008, 2:00 p.m. <br> **Courtroom:** 26 <br> **Judge:** Magistrate Judge John F. Moulds |

DECL. OF RENJU P. JACOB ISO DEFS.' OPP. TO PLFS.' MOT. FOR DISCOVERY SANCTIONS CONCERNING FORMAT OF DOCUMENTS (CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1584302.1

I, Renju P. Jacob, declare that:

1. I am an associate with the law offices of Hanson Bridgett LLP, counsel of record for Defendants in this action. I make this declaration in support of Defendants' Opposition pertaining to Plaintiffs' Motion for Discovery Sanctions pertaining to the format of documents produced. I have personal knowledge of the matters stated in this declaration and can testify competently as to the matters stated herein

2. On January 29, 2008, this Court held a status conference hearing. Michael Bien and Lori Rifkin appeared on behalf of Plaintiffs and Paul Mello and Rochelle East appeared on behalf of Defendants. I obtained and reviewed a transcript of this hearing. At the hearing, the parties discussed whether redaction of documents would be permissible. The Court asked Mr. Mello whether Defendants would be producing documents with redactions. Mr. Mello informed the Court that Defendants would produce documents with redactions. Mr. Bien agreed and did not object to this type of production. A true and correct copy of the portion of January 29, 2008 transcript pertaining to this discussion is attached as Exhibit A. The portion of the transcript that refers to this discussion can be found at 28:4-29:11.

3. During the course of this litigation, I have reviewed and analyzed documents for privilege, marked redactions on documents, and designated documents to be produced. Based on my experience, I learned that it is possible to mark redactions on TIFF images, but it is not possible to mark redactions on native files. On August 20, 2008, I spoke with Defendants' vendor and confirmed that redactions can only be made on TIFF images.

4. Defendants have maintained a production log of documents produced to Plaintiffs from Hanson Bridgett. Based on my review of this production log and based upon discussions with co-counsel, Defendants produced several productions in TIFF format to Plaintiffs on the following dates: 2/4/08, 2/14/2008, 2/15/2008, 4/2/2008, 4/11/2008, 6/10/2008, 7/24/2008, 8/6/2008, and 8/11/2008. Plaintiffs accepted these productions in TIFF format and did not object to the format until August 11, 2008.

- 2 -

DECL. OF RENJU P. JACOB ISO DEFS.' OPP. TO PLFS.' MOT. FOR DISCOVERY SANCTIONS CONCERNING FORMAT OF DOCUMENTS (case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1584302.1

5. I am informed that Maria Morris met and conferred with Kyle Lewis and Samantha Tama, counsel for Defendants on August 12, 2008. At the end of the conference call, Ms. Morris declared that Plaintiffs will be filing a motion to compel the native format of the documents produced by Defendants. Ms. Morris did not make any attempt to further resolve the issue with Defendants. The parties never explored whether some compromise could be reached to avoid intervention by this Court.

6. I spoke with Defendants' vendor regarding the documents that remain privileged and have never been ordered produced by this Court at 8:41 p.m. on August 13, 2008. Based upon some initial queries, my vendor informed me that there are roughly 10,000 documents that remain privileged and have never been ordered produced by this Court. This estimate does not include documents that are designated as privileged on Defendants' August 5, 2008 privilege log. These documents include documents that are privileged based upon the attorney client, work product, official information and privacy privileges.

7. I discussed the risk of producing all documents in native format that have been ordered produced by the Court with Defendants' vendor on August 13, 2008. The vendor explained that when a cover email is not privileged but it contains a privileged attachment, production of the cover email in native form can result in the production of the privileged attachment. The reason being is that a native document can contain the attachment links on the document itself, so when the native cover email is produced, the links to the privileged attachment may correspondingly be produced. TIFF productions of the same cover email do not result in this problem as the document is produced as an image. While the cover email may make reference to a privileged attachment, the reviewer cannot click on the attachment text to link to the attachment.

8. This Court held a hearing concerning the format of the documents on August 13, 2008. I was present at the hearing. Plaintiffs explained that they have accepted documents in TIFF format and that they have been able to review the documents in TIFF format in the past. A true and correct copy of the excerpt of the

- 3 -

DECL. OF RENJU P. JACOB ISO DEFS.' OPP. TO PLFS.' MOT. FOR DISCOVERY SANCTIONS
CONCERNING FORMAT OF DOCUMENTS (case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1584302.1

August 13, 2008 hearing is attached hereto as Exhibit B. The relevant portion describing Plaintiffs' assertion is 12:22-14:2.

9. During the course of my review of documents, I have evaluated many documents in TIFF format. Based on my review and my discussions with Defendants' vendor, TIFF (Tagged Image File Format) is a format by which images can be stored and is akin to a mirror image of the original document. When one views or prints a TIFF, it can be just as if the original is printed. True and correct copies of a few pages that Defendants produced to Plaintiffs in TIFF format on August 11, 2008 are attached hereto as Exhibit C. These are the first four pages of a larger multi-page TIFF containing other pages that Defendants previously withheld on the basis of the attorney client and deliberative process privileges.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 18th day of August 2008 at San Francisco, California.

//s//
RENJU P. JACOB