PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.: Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS** |

## I. INTRODUCTION

On August 12, 2008, Plaintiffs filed a Motion for Discovery Sanctions for Improper Withholding of Non-Privileged Documents. Coleman Docket No. ("Dkt.") 2937. This Motion is currently scheduled to be heard on August 20, 2008 at 2 p.m. Dkt. 2959. The parties have met and conferred, and the issues raised in the Motion have been narrowed. *See* Declaration of Maria V. Morris in Support of Supplemental Brief ("Supp. Morris Decl."), filed herewith, Exs. 1, 2. This brief sets forth the documents that are no longer in dispute, and addresses the issues that remain.

## II. PLAINTIFFS' REMAINING CHALLENGES TO THE RECENT PRIVILEGE LOGS

For the Court's convenience, Plaintiffs provide the following listing of which documents Defendants have now agreed to produce, and which documents they have not agreed to produce and hence remain at issue. In addition, Plaintiffs address the newly discovered inaccuracy of the August 5, 2008 privilege log and the continuing appropriateness of sanctions for Defendants' improper withholding of documents.

### A. Documents that will be produced:

Defendants have represented to Plaintiffs that the following documents challenged by Plaintiffs will be produced by August 20, 2008:

#### 1. From the June 10, 2008 log:

All documents withheld solely on the basis of the deliberative process privilege; and

Documents bearing the Bates Numbers E0100006, E0100051, E0100052, E0100074, E0100075, E0100143-E0100147, E0100226-E0100228, E0100281, E0100317-E0100318, E0100347-E0100350, and E0100352. Supp. Morris Decl. Ex. 1.

#### 2. From the August 5, 2008 log:

Documents listed on the log as entries 300, 358, 369, 371. Supp. Morris Decl. Ex. 2.

### B. Documents that Are Still Subject to Challenge

Documents challenged in Plaintiffs' Motion for Discovery Sanctions that Defendants have not agreed to produce are as follows:

-1-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[233858-1]

**1.    From the June 10, 2008 log:**

Documents bearing the Bates Numbers E00100148, E00100274-276[1], E00100278, E00100315, E00100316 and E00100346.   Supp. Morris Decl. Ex. 1.

**2.    From the August 5, 2008 log:**

All documents withheld on the basis of the deliberative process privilege.  Each of these assertions is challenged on the grounds that plaintiffs' need for the documents is greater than defendants' interest in withholding the documents, overcoming the qualified privilege.  In addition, Plaintiffs challenge the assertion of deliberative process privilege over all the documents on the log because the declarations submitted contain many of the same deficiencies as the declarations previously held to be inadequate.   Plaintiffs also challenge the assertion of the privilege over documents listed as 73, 78-82, 90, 219-224, and 342-345 because the documents do not appear to be predecisional.

Plaintiffs continue to challenge the assertion of privilege over documents withheld under the attorney client privilege, including documents listed as 4, 364-366[2], 171, 187-190, and 195.

Finally, Plaintiffs challenge the assertions of privilege throughout the log as too conclusory to justify the assertions of privilege.   The descriptions are vague, and many entries list only agencies as either authors or recipients or both.

The arguments regarding the challenges described above are set forth in the original Motion.

---

[1] The Motion erroneously challenged documents E0100277-E0100280.  These documents have not been withheld.  Dkt. 2937 at 22.

[2] Defendants have acknowledged that the author and recipient on the log for these three entries do not include an attorney, but have stated to Plaintiffs that the documents were sent to an attorney.  Supp. Morris Decl. ¶ 2.

### C. Defendants' August 5, 2008 Log Cannot Support Assertions of Privilege Due to Its Apparent Inaccuracy

Over the course of the meet and confer, Plaintiffs have learned that many of the entries on the log are inaccurate. Of the 17 documents on the August 5, 2008 log that the parties specifically individually reviewed over the telephone, 8 – or 47% – have incomplete or inaccurate listings of recipients and/or authors.[3] In light of this high rate of inaccuracy, Plaintiffs have requested that Defendants review the log and the documents and verify the individuals listed for each entry. Defendants have declined to do so. Supp. Morris Decl. Ex. 1.

Plaintiffs tailored the challenges to documents that, on the face of the log, did not appear to meet the requirements of the privileges asserted. One of those challenges already resulted in an agreement that documents should be produced, based in part on information that was not included on the log. The document at entry 358 was listed as having Amy Jarvis as the author and Benjamin Rice as the sole recipient. *See* Morris Decl. Ex. I (Doc. 358). During the meet and confer, it was revealed that the actual author was Michael Genest and the recipient was Robert Sillen, not someone within the asserted privileges. Supp. Morris Decl. ¶ 2. This document is going to be produced in part because of the information that was not challenged but, upon inspection, was incorrect – the author and recipient.

Having a sample with an error rate of 47% on the basic and objective fields of author and recipient casts serious doubt on the entire log. Since compiling the log, it appears that Defendants have not looked at the documents other than ones for which Plaintiffs challenged the attorney-client privilege. Supp. Morris Decl. ¶ 5. It is therefore impossible for Defendants to represent to the Court or to Plaintiffs that the many documents for which Plaintiffs did not challenge the attorney-client designation, and for the documents withheld only under other privileges, that there are no recipients (or authors) that destroy the privilege asserted.

-3-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[233858-1]

### D. Defendants' Agreement to Produce Improperly Withheld Documents Does Not Obviate the Request for Sanctions

Defendants have now agreed that they cannot withhold documents under the deliberative process privilege without having had the documents reviewed at the time the assertions of the privilege were made. Supp. Morris Decl. Ex. 1. However, during the meet and confer prior to the filing of the motion, Defendants would not state whether there were in fact declarations to support the assertion of the privilege in the June 10, 2008 log. Morris Decl. ¶ 8. By refusing to answer the question, or withdraw the assertions of privilege when they realized there were no supporting declarations, Defendants forced Plaintiffs to brief the issue to the Court, spending resources and time.

Similarly, Defendants have now agreed that there is no basis for withholding a document that happens to be attached to a privileged e-mail. Supp. Morris Decl. Ex. 2. However, during the earlier meet and confer, Defendants took the position, apparently without actually looking at the documents involved, that such documents were privileged by virtue of having been attached to a privileged communication. Morris Decl. ¶ 12. Again, by taking an unreasonable position, Defendants have forced Plaintiffs and this Court to spend resources and time on this issue. Further, this adds to Defendants' ongoing delays in producing responsive documents even as the discovery cut-off approaches.

Defendants' unreasonableness prior to the filing of the motion, and the continuing assertion of privileges that cannot reasonably be expected to be upheld, given earlier rulings in this case should be viewed as dilatory and obstructionist. Defendants' should be sanctioned for their improper withholding of documents listed on the June 10, 2008 and August 5, 2008 privilege logs.

### III. DEFENDANTS' PRODUCTION OF TIFF FILES WAS IMPROPER AND SHOULD BE SANCTIONED

#### A. Plaintiffs Have Been Prejudiced by the Production of Documents as TIFF Files

Finally, Plaintiffs are prejudiced by Defendants long delay in production, coupled with the alteration in the format in violation of the Stipulation. Plaintiffs have to pay additional

-4-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[233858-1]

1  costs to have TIFF files loaded into a searchable form.  *See* Dkt. 2939; *see also* Supp. Morris
2  Decl. ¶ 6.  The conversion also takes additional time.  Dkt. 2939.  Because of the timing of the
3  production, and the urgency for starting review of the documents, the documents had to be
4  converted in a manner that lost much of the information that would be valuable to Plaintiffs,
5  had the documents been produced as it had been stipulated they would be, or had they been
6  timely produced following the orders to produce them.  Supp. Morris Decl. ¶ 7.   For example,
7  had the documents been produced in native format, Plaintiffs would be able to sort
8  spreadsheets in a variety of ways, gleaning information from the process.  However, TIFF files
9  – even once converted into searchable forms – cannot support the functions of the original
10 files.  Supp. Morris Decl. ¶ 8.

11       Further, Plaintiffs must spend more time reviewing documents than they would had the
12 documents been produced in the agreed format.   For example, searching for e-mails from Jim
13 Tilton would be an easy, automatic search with native files.  With TIFF files, once converted
14 into a readable format, Plaintiffs can search for Mr. Tilton's name, but the fields for the type of
15 document and the author are less reliable than they would be had the document been produced
16 in native format, requiring more extensive searching by Plaintiffs.   Supp. Morris Decl. ¶ 9.
17 Had the documents been timely produced, Plaintiffs would have been able to go through the
18 time-consuming process of having the codes (author, recipient, type of document, etc.) entered
19 into the database by persons looking at the face of the document.   However, because these
20 documents came so late in the litigation, Plaintiffs have been unable to do this.  Supp. Morris
21 Decl. ¶¶6-7.

22       Moreover, the search function itself is limited with TIFF files.  As noted in the case
23 cited and submitted by Defendants, documents produced in TIFF format and then converted
24 into a searchable form can be searched only "imperfectly."  *In re ATM FEE Antitrust*
25 *Litigation*, 2007 U.S. Dist. LEXIS 47943, *27 (N.D. Cal. June 25, 2007).  Defendants' reliance
26 on this case to show that Plaintiffs are not entitled to the native file documents is misplaced.  In
27 *In re ATM Fee Antitrust Litigation*, the parties had agreed to production of TIFF files.  This is
28 not the case here.  *See infra*, § III.B.

-5-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[233858-1]

Plaintiffs have been prejudiced by the delay in production, the format of production and by the combination of the two. Defendants should be sanctioned for their obstructionist practices.

### B. Defendants Agreed to Produce in Native Format, and that Agreement Never Changed

Defendants admit that they agreed in the November 2, 2007 Stipulation that documents responsive to Plaintiffs' First and Second Requests for Production of Documents would be produced in "native + image" format, and that they have not done so. Dkt. 2955 at 1-2. The documents that were produced on August 11, 2008, were documents responsive to Plaintiffs' Plaintiffs' First and Second Requests for Production of Documents. These were documents that were withheld from the original productions responsive to these requests, and were then ordered produced. *See* Dkt. 2680 at 7 of 43.

Defendants claim that Plaintiffs agreed to production in TIFF format. Dkt. 2955 at 1-2. However, the transcript they have provided as evidence of this shows only that Plaintiffs agreed that documents could be redacted; it says nothing about changing the format of the documents, thereby stripping them of significant amounts of non-privileged information. *See* Dkt. 2956, Ex. A. Moreover, Defendants acknowledge that they only confirmed through a discussion with their vendor on August 20 (sic), 2008 that redactions could be made on TIFF files, but not on native format files. Dkt. 2956, ¶ 3. If Defendants only confirmed this information in the course of this briefing, their assertion that Plaintiffs accepted a change to the format of the production by accepting that documents could be redacted is simply not reasonable.

Defendants further claim that Plaintiffs agreed to production in TIFF format in a December 19, 2007 discovery conference. Dkt. 2957. The Order resulting from this discovery conference makes no mention of redaction or format for production. Dkt. 2621. Further, Plaintiffs' counsel do not recall any such discussion. *See* Declaration of Lori Rifkin In Support of Motion for Discovery Sanctions, ¶¶2-3. To the contrary, the only issue of format discussed

-6-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[233858-1]

was whether Defendants would produce the *privilege log* itself in native format (*i.e.*, excel). *Id*.

There is clear evidence that Defendants did agree to produce these documents that are responsive to the First and Second Requests for Production of Documents in native + image files. There is no evidence that this agreement ever changed. The documents should have been produced as native format files.

### C. Defendants' Concerns About Revealing Additional Privileged Documents Do Not Justify the Alteration of the Documents

Defendants assert that the reason for producing documents in TIFF is to avoid producing other documents that the Court did not order produced. This argument is unpersuasive.

First, during the hearing on August 13, 2008, Defendants represented that they could produce the documents in native format by August 22, 2008. Supp. Morris Decl., Ex. 3. This shows that they can do it, but decided not to. Had they timely produced the documents, or told Plaintiffs that they would when Plaintiffs raised the issue on August 11, 2008, this issue could likely have been resolved without Court intervention.

Second, there is an executed clawback agreement in this case, designed to make the return of inadvertently produced privileged documents an orderly and regulated process. Dkt. 2583, Ex. O. If Defendants produce the documents in the form in which they agreed to produce them, and this results in the production of privileged documents that should not be produced, the clawback agreement provides protection of the document and a mechanism for its retrieval.

//
//
//
//
//

[233858-1]

-7-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

Because Defendants delayed so long in producing the non-privileged documents, and because they then produced them in a format that stripped them of significant functionality and information, Plaintiffs have been prejudiced. Defendants should be sanctioned for their disregard for the Court's Orders and for the Stipulation regarding the format of the production.

Dated: August 19, 2008                    Respectfully submitted,


                                          */s/ Maria V. Morris*
                                          Maria V. Morris
                                          Rosen, Bien & Galvan
                                          Attorneys for *Coleman* Plaintiffs and on
                                          Behalf of *Plata* Plaintiffs

-8-
PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[233858-1]