EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
LISA A. TILLMAN, Bar No. 126424
Deputy Attorney General
DANIELLE F. OBANNON, Bar No. 207096
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5735
Fax: (415) 703)-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov
danielle.obannon@doj.ca.gov

HANSON BRIDGETT, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA AND

THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284,TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. C01-1351 TEH<br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR IMPROPER WITHHOLDING OF NON-PRIVILEGED DOCUMENTS**<br>**HEARING**<br>Date: August 20, 2008<br>Time: 2:00 p.m.<br>Location: Courtroom 26 |

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | ARGUMENT | 4 |
| | A. PLAINTIFFS SHOULD HAVE FOLLOWED LOCAL RULE 37-251 BECAUSE PLAINTIFFS' MOTION FOR SANCTIONS IS ACTUALLY THREE SEPARATE MOTIONS TO COMPEL. | 4 |
| | B. DEFENDANTS HAVE PROPERLY DESIGNATED THE DELIBERATIVE PROCESS PRIVILEGE TO DOCUMENTS IN THEIR AUGUST 5, 2008 PRIVILEGE LOG. | 5 |
| | 1. Defendants' Declarations in Support of the Deliberative Process Privilege are Adequate. | 7 |
| | 2. The Declarations in Support of the August 5, 2008 Privilege Log are Adequate to Preserve Confidentiality of the Documents Over Which Deliberative Process Privilege was Asserted. | 9 |
| | 3. The Declarations in Support of the August 5, 2008 Privilege Log and the Log Itself Can Clearly be Considered Predecisional. | 9 |
| | 4. Plaintiffs' Arguments that the Documents Should be Disclosed Because Plaintiffs' Need for the Documents Overrides the Governmental Interests in Non-Disclosure and that Defendants Have Placed the Documents at the Center of the Litigation Have No Merit. | 10 |
| | C. ANY CONCERNS THAT PLAINTIFFS MAY HAVE REGARDING THE ACCURACY OF THE AUGUST 5, 2008 PRIVILEGE ARE MERITLESS. | 11 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page

## Cases

*Browne v. Ambase Corp.*
150 F.R.D. 465 (S.D.N.Y. 1993) 5

*Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for the Dist. Of Mont.*
408 F.3d 1142 (9th Cir. 1997) 6

*Federal Trade Commission v. Warner Communications, Inc.*
742 F.2d 1156 (9th Cir. 1984) 9

*Imperial Corp. v. Shields*
174 F.R.D. 475 (S.D. Cal. 1997) 6

*In United States v. Rozet*
183 F.R.D. 662 (N.D. Cal. 1998) 7

*NLRB v. Sears, Roebuck & Co.*
421 U.S. 132 (1975) 9

*United States v. Const. Prods. Res., Inc.*
73 F.3d 464 (2d Cir. 1996) 5

## Court Rules

Federal Rule of Civil Procedure
Rule 26(b)(5) 5-7
Rule 26(b)(5)(A) 6

Local Rule 37-251 4, 5

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
LISA A. TILLMAN, Bar No. 126424
Deputy Attorney General
DANIELLE F. OBANNON, Bar No. 207096
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5735
Fax: (415) 703)-5843
rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov
danielle.obannon@doj.ca.gov

HANSON BRIDGETT, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA AND

THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284,TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

No. 2:90-cv-00520 LKK JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

No. C01-1351 TEH

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR IMPROPER WITHHOLDING OF NON-PRIVILEGED DOCUMENTS**

**HEARING**

Date: August 20, 2008
Time: 2:00 p.m.
Location: Courtroom 26

# I.

# INTRODUCTION

This opposition addresses the documents Defendants asserted the deliberative process privilege to in the privilege log dated August 5, 2008.

Defendants have produced over 520,000 pages of documents to Plaintiffs. In addition, Defendants were ordered to produce approximately 4,700 pages of privileged documents. But Plaintiffs have not previously sought to compel production of the documents listed as deliberative process in Defendants' August 5 privilege log, and this Court has not ruled on those documents. Accordingly, there is no basis for sanctions here. Plaintiffs essentially seek to compel production of these documents, but they failed to comply with the local rules for a motion to compel. Moreover, the documents were properly logged as privileged and are clearly deliberative, and Plaintiffs' motion lacks merit.

# II.

# FACTUAL BACKGROUND

Defendants produced additional documents responsive to Plaintiff's prior discovery requests. On June 10, 2008, July 24, 2008, and August 5, 2008, Defendants also produced privilege logs for the additional responsive documents to which Defendants were asserting various privileges, including declarations supporting Defendants' assertion of the deliberative process privilege. (*See* Morris Decl. Exs. A-E, I-L.)

On August 12, 2008. Plaintiffs filed a motion for discovery sanctions for improper withholding of non-privileged documents (Docket No. 2937.) The relief sought by Plaintiff is as follows:

> "In light of Defendants' flagrant violations of this Court's Orders, Plaintiffs respectfully request that the Court order Defendants (1) to produce in native format, no later than August 15, 2008, all documents that were ordered produced in the April 14, 2008 and May 29, 2008 Orders; (2) to produce in native format, no later than August 15, 2008, all documents withheld based on deliberative process privilege that are listed on Defendants' June 10, 2008 privilege log; (3) to produce in native format, no later than August 15, 2008, all documents withheld based on deliberative process privilege that are listed on Defendants' August 5, 2008 privilege log; and (4) to produce, in native format, no later than August 15, 2008, all documents challenged herein on the grounds that attorney-client privilege was not properly asserted. (*Id.* at 24.) Plaintiffs further request that Defendants and their attorneys be ordered to pay all of Plaintiffs' reasonable expenses, including attorneys' fees, incurred in bringing this motion and in

processing for review all documents produced on August 11, 2008 and pursuant to this Order." (*Id.*)

Issue (1) is addressed in Defendants' response filed on August 18. Issues (2) and (4) have been resolved by agreement of the parties.[1] Issue (3) is addressed in this response.

The third issue, and the one remaining in dispute, regarding the claims of privilege raised in the privilege log of August 5, 2008, is addressed in this brief.

///

///

///

///

///

---

1. As to the first issue, the format of the documents in Plaintiff's motion was addressed at a telephonic hearing on August 13, 2008. In the order of August 14, 2008, the Court informed Defendants that they may, but were not required to, file a supplemental response on this issue by Monday, August 18, 2008. (Order, Docket No. 2947 at 4.) Defendants addressed this issue in the separate motion filed on August 18, 2008. Moreover, Defendants have addressed Plaintiffs' request to pay all of Plaintiffs' reasonable expenses for reviewing documents produced on August 11, 2008 in Defendants' August 18 supplemental response.

The second issue regarding producing the deliberative process privilege documents listed on Defendants' June 10, 2008 privilege log has been resolved. On August 18, 2008 during a meet and confer, Defendants agreed to produce all of the documents designated only as deliberative process except those that contained other privileges such as attorney-client or attorney work-product on the June 10, 2008 privilege log. (Decl. O'Bannon Supp. Defs.' Opp'n (Decl. O'Bannon) ¶ 6(e).)

The fourth issue regarding attorney-client privilege assertions in the August 5, 2008 and June 10, 2008 logs were resolved by the parties. On August 15, 2008, during a meet and confer, the parties resolved the attorney-client privileged related issues to the August 5, 2008 log entries. (Decl. O'Bannon ¶ 3.) The parties agreed that log entry numbers 300, 358, 369, and 371 were not privileged and would be produced. (*Id.* ¶ 3(a).) The parties also agreed that log entry numbers 4, 171,187-189, 190, and 364-366 were covered by the attorney-client privilege. (*Id.* ¶ 3(c).) On August 18, 2008 during a meet and confer, the parties resolved the attorney-client privilege related issues to the June 10, 2008 logs. (*Id.* ¶ 6.) The parties agreed that Bate numbers E00100006, E00100050, E00100074, E00100075, E00100143-147, E00100226-228, E00100281, E00100317, E00100318, E00100347-350, and E0010035 were not covered by the attorney-client privilege and would be produced. (*Id.* ¶ 6(a).) The parties also agreed that Bates numbers E00100148, E00100274-276, E00100278, E00100315, E00100316, and E00100346 were covered by the attorney-client privilege. (*Id.* ¶ 6(c).) The parties further agreed that Bate numbers E00100277-E00100280 were inadvertently included in Plaintiffs' motion for sanctions and that these documents were not covered by the attorney-client privilege and had been previously produced by Defendants. (*Id.* ¶ 6(d).)

## III.

## ARGUMENT

### A. PLAINTIFFS SHOULD HAVE FOLLOWED LOCAL RULE 37-251 BECAUSE PLAINTIFFS' MOTION FOR SANCTIONS IS ACTUALLY THREE SEPARATE MOTIONS TO COMPEL.

Plaintiffs essentially seek to compel production of documents that defendants listed as privileged in their August 5 production. This court has never ruled on the privilege for these particular documents, and Defendants are not in violation of any court order in withholding the documents. Hence, there is no basis for sanctions. In essence, Plaintiffs really have made a motion to compel production of the documents. But Plaintiffs failed to follow the procedures set out in Local Rule 37-251. Under Local Rule 37-251 a party dissatisfied after a meet and confer regarding a discovery dispute shall draft with the participation of the other interested parties a Joint Statement regarding the discovery disagreements, which shall specify with particularity the following matters:

> (1) The details of the conference or conferences;
> (2) A statement of the nature of the case and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing;
> (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof. Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full.

Because the parties are clearly in a discovery dispute regarding whether Defendants should produce deliberative process privilege documents contained in their August 5, 2008 and June 10, 2008 privilege logs, Plaintiff should have drafted a joint statement with the participation of the Defendants setting forth the contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof. Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, should have been reproduced in full. *See* Local Rule 37-251.

Instead after a cursory meet and confer process, Plaintiffs filed a motion for sanctions to

compel a number of documents already produced on August 11, 2008, as well as documents contained in Defendants' privilege logs dated August 5, 2008 and June 10, 2008. No joint statement was sought by Plaintiffs and the procedures set forth in Local Rule 37-251 were not followed. No where in Plaintiffs' motion do they set out the specific document or log entries they object to with a full stated objection. Instead, Plaintiffs make general objections to the deliberative process privilege assertion as a whole and do not state a specific problem with any of the documents. (Docket No. 2937 at 8-21.) Because Plaintiffs failed to follow the procedural requirements by attempting to mask their motion to compel as a motion for sanctions, their request should be denied.

**B. DEFENDANTS HAVE PROPERLY DESIGNATED THE DELIBERATIVE PROCESS PRIVILEGE TO DOCUMENTS IN THEIR AUGUST 5, 2008 PRIVILEGE LOG.**

Privilege logs are sufficient if they identify the documents, the individuals who were parties to the communications and provide some level of detail to permit a judgment as to whether the document is at least potentially protected from disclosure. *United States v. Const. Prods. Res., Inc.*, 73 F.3d 464, 473-474 (2d Cir. 1996); *Browne v. Ambase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993).

Plaintiffs argue that the August 5, 2008 privilege log does not include sufficient information to justify the deliberative process privilege and the documents should not be withheld. (Docket No. at 13.) To the contrary, Defendants' privilege log and supporting declarations fully comply with Federal Rule 26(b)(5) and provide sufficient detail notwithstanding the original and subsequent massive productions. Despite Plaintiffs' assertions, Defendants' log clearly establishes the privileged nature of these documents and provide adequate detail to apprise the parties of the privileged nature of the documents without revealing the privileged content. Defendants' privilege log and declarations set forth the information that is required to establish the deliberative process privilege. Further, the documents at issue all contain predecisional, privileged deliberations amongst high-ranking governmental officials of the type contemplated for protection under the deliberative process privilege. Notwithstanding, the magnitude of the number of documents that were reviewed, Defendants continue to prepare updated and detailed

logs. Ninth Circuit precedent holds that Federal Rule of Civil Procedure 26(b)(5)(A) does not define specifically what information must be provided to assert a claim of privilege and that requiring detailed information may be "unduly burdensome," in certain circumstances. *See Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for the Dist. Of Mont.*, 408 F.3d 1142, 1147-1148 (9th Cir. 1997).

As the Ninth Circuit found in *Burlington Northern*, Rule 26(b)(5)(A) "does not attempt to define for each case what information must be provided when a party asserts a claim of privilege." *Burlington Northern*, 408 F.3d 1147-48. The Ninth Circuit further noted that Rule 26(b)(5)(A) contemplates a malleable framework within which litigants may assert claims of privilege due to various complicating factors that may or may not be present in different cases. (*Id.*) Moreover, the Advisory Committee Notes to Rule 26(b)(5) even indicate that requiring a party to provide detailed information in a privilege log "may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected." Fed. R. Civ. P. 26(b)(5) advisory committee's notes.

The Courts have recognized that where document productions are large, as in this case, the federal rules contemplate that privilege requirements can be relaxed or waived completely as it would otherwise be unduly burdensome. *In re Imperial Corp. v. Shields*, 174 F.R.D. 475, 477 (S.D. Cal. 1997). Courts have also interpreted the advisory committee notes to Rule 26(b)(5) to permit categorical summaries of documents withheld when it is apparent that a document-by-document privilege log description would be unduly burdensome. *Id.* at 478. That is all that is required by Rule 26(b)(5), and in this instance Defendants did more than the requirement. Here, Defendants continue to provide a privilege logs containing document-by-document descriptions and these privilege logs contain sufficient detail despite the large productions.

Moreover, not only are the document descriptions contained within the August 5, 2008 privilege log sufficient to enable Plaintiffs to assess the claim of privilege without disclosing the privileged information itself, the document descriptions contained within the privilege log provide adequate detail to apprise Plaintiffs of the privileged nature of the documents. Although

applicable case law provides for lessened requirements when asserting privilege in proceedings with complicating factors, Defendants nonetheless provided detailed document descriptions on a document-by-document basis that enabled the parties to assess the claim of privilege without revealing the privileged nature of the documents. Because Plaintiffs fail to demonstrate the inadequacy of Defendants' assertion of the deliberative process privilege and Defendants detailed privilege logs and declaration in support of those logs, Plaintiffs' request should be denied.

**1. Defendants' Declarations in Support of the Deliberative Process Privilege are Adequate.**

Despite the fact that no requirement exists whereby the declarants must provide specific document numbers that correspond with the categories of privileged documents that are described, Defendants have provided declarations that have satisfied the Court's prior request for Defendants to do so. *See In United States v. Rozet*, 183 F.R.D. 662, 666 (N.D. Cal. 1998) (categorical description of privileged documents is sufficient to claim the deliberative process privilege where it was supported by a declaration that described categories of withheld documents and did not list any document identification numbers). Similarly, the Advisory Committee Notes to Federal Rule of Civil Procedure 26(b)(5) contemplate that "details concerning time, persons, general subject matter, etc., . . . may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Fed. R. Civ. P. 26(b)(5) advisory committee's notes.

Here, Defendants provided three supplemental declarations from the heads of the applicable departments asserting the privilege in support of the August 5, 2008 privilege log. They are: Robert Gore, Deputy Cabinet Secretary for the Governor's Office; David Runnels, Undersecretary of Operations within the California Department of Corrections and Rehabilitation; and Ana Matosantos, Chief Deputy Director for the Department of Finance. (*See* Morris Decl. Exs. J, K, and L.) Each of the three department heads personally considered each privileged document that was within their department's control, identified categories of information, identified each document within the category, and provided a detailed explanation as to why the information falls within the scope of the deliberative process privilege. (*Id.*)

For instance, Robert Gore, Senior Deputy Cabinet Secretary for the Governor's Office, explained that one category of protected documents included those related to prison reform policy issues and discussed "proposed parole reform measures and legal opinions concerning certain facets of proposed prison reform strategies." (Morris Decl. Ex. J, ¶ 12(b).) The declaration further stated that "[t]he persons who sent and/or received these documents were executive-level staff of the Office of the Governor, members of the Governor's Cabinet, executive-level staff at CDCR, executive-level staff at the Department of Mental Health and/or executive level and senior management level staff of the Department of Finance responsible for CDCR and DMH budget planning and fiscal oversight or coordination of responses to various class action orders." (*Id.*) The declaration also states that "these documents often were in the form of email communications, draft talking point memos, notes, and executive summaries and briefings" and that "these documents specifically pertain to the Office of the Governor's discussions and deliberations concerning the legislative, policy and financial means of resolving the issues in the *Coleman*, *Plata*, *Armstrong*, *Madrid*, and *Perez* class actions as well as the Three-Judge Court proceeding" and that "these documents show the Office of the Governor's internal deliberations of matters within the realm of government decision-making." (*Id.*) Lastly the declaration identified each document belonging to this category as follows, "these documents are referenced in the privilege log under log entry nos. 93-108, 114-118, 167-169, 172, 215-218, 239, 244, 249-250, 257-259, 268-270, 289-291, 293, 295-300, 306-309, 315-316, 320, 322-323, 325, 335, 341, 344-345, 348-350, 362, 377-385, 389-393, 401." (*Id.*)

Because each declaration in support of the August 5, 2008 log clearly justifies the privilege by a head of a department with an assertion of the privilege based on personal consideration and provides a detailed explanation of why the documents fall within the scope of the privilege, the Court should deem the declarations in support of the August 5, 2008 log sufficient.

///

///

///

///

**2. The Declarations in Support of the August 5, 2008 Privilege Log are Adequate to Preserve Confidentiality of the Documents Over Which Deliberative Process Privilege was Asserted.**

The supplemental declarations of Robert Gore, David Runnels, and Ana Matosantos in support of Defendants' privilege log of August 5, 2008 also preserve the confidentiality of the documents over which deliberative process privilege has been asserted. (*See* Morris Decl. Ex. J ¶¶ 6-9; Ex. K ¶¶ 7-8, Ex. L ¶¶5-7.) Each declarant discusses what types of documents are considered privileged and confidential and why each department deems those types of documents privileged and confidential. (*Id.*) Moreover, each of the declarations of the declarants swore under penalty of perjury that the documents were maintained as privileged and confidential. (*Id.*) Therefore, Defendants have adequately preserved the confidentiality of the documents over which the deliberative process privilege has was asserted on the August 5, 2008 log.

**3. The Declarations in Support of the August 5, 2008 Privilege Log and the Log Itself Can Clearly be Considered Predecisional.**

Plaintiffs argue that many of the documents listed on the privilege log do not appear to be predecisional in a meaningful way. (Docket No. 2937 at 15.) Defendants have only withheld under the deliberative process privilege documents that reflect advisory opinions, recommendations, and deliberations comprising a part of a process by which government decisions and policies have been formulated. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *Federal Trade Commission v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Defendants have not intentionally claimed the deliberative process privilege over pre-decisional documents that are purely factual summaries. However, Plaintiffs claim Defendants have asserted the privilege to factual information. (Docket No. 2937 at 15.)

For example, Plaintiff argues that documents described as "Report and supporting documents regarding adult population projections," Cumulative Report of various correctional projects for agency review and consideration," "Cumulative Report of various mental health projects for agency review and consideration," "Memorandum analyzing prison capacity at San Quentin," and "Draft CDCR Gap Charts and DOF Summary Capacity Charts for agency review and consideration pertaining to capacity," either appear to be factual information and analysis of

those facts or fail to reflect personal opinions of the writer. (*Id.*)

Despite Plaintiffs' assertions, the documents identified above and withheld based on the deliberative process privilege were withheld because they relate to a proposed advisory opinion, recommendation, or deliberations that are part of a formulated agency decision related to prison population or mental health issues rather than an analysis of factual information related to those subject matters. In order to make certain decisions government agencies are required to prepare reports, charts, and summaries which reflect current discussions regarding implementation of or consideration of plans which may not reflect the ultimate decision reached by Defendants. As a result, these types of documents have been withheld because they are predecisional and fall within the deliberative process privilege. Therefore, Defendants should not be sanctioned for not producing these documents.

**4. Plaintiffs' Arguments that the Documents Should be Disclosed Because Plaintiffs' Need for the Documents Overrides the Governmental Interests in Non-Disclosure and that Defendants Have Placed the Documents at the Center of the Litigation Have No Merit.**

Plaintiffs also assert in their motion that the documents should be disclosed because the documents are relevant and central to Defendants' position in this litigation because they relate to funding requests and budgets related to the prisons. (Docket No. 2937 at 17.) Plaintiffs argue that Defendants have put funding and budget issues at the front and center of this litigation and are central to Defendants' defenses and have been told that these types of documents are not privileged. (*Id.* at 17, 19.) Plaintiffs further request Defendants be sanctioned for withholding these documents. (*Id.* at 19.)

Defendants should not be sanctioned and the documents should be withheld because Defendants do not intend to rely or use any of the withheld privileged documents to support their defenses. Defendants will be relying upon the approximately 520,000 pages of non-privileged documents that have been produced in this case and any subsequently produced supplemental documents to support Defendants' claims or defenses in the underlying proceedings.

Moreover, Plaintiffs fail to explain why access to predecisional discussions among high-ranking governmental officials is necessary to establish that prison overcrowding is the

primary cause of their clients' inability to access constitutionally adequate medical and mental health care. Though Plaintiffs claim that they cannot "fairly evaluate defendants' remedial plans without access to defendants' highly probative discussions about the adequacy of those very plans," it is entirely unclear why Plaintiffs require access to predicisional discussions to enable them to assess the adequacy of the plans. In the absence of more than a mere assertion that the privileged communications are "relevant," Plaintiffs have not and cannot establish that Defendants put their deliberative processes at issue.

Additionally, Plaintiffs claim that their need for the documents outweighs the Government's interest in maintaining the documents as confidential and privileged. Plaintiffs state in conclusory fashion that the Court can consider the interest of the litigant, society in accurate judicial fact finding and the seriousness of litigation and the issues involved and that very single factor weighs strongly in favor of disclosure. (Docket No. 2937 at 17.) However, Plaintiffs fail to explain how disclosure of the documents will lead to accurate judicial fact-finding, and similarly fail to articulate why accurate judicial fact-finding cannot occur unless the privileged documents are disclosed. Plaintiffs also argue, again, that the privileged documents are relevant, and therefore Plaintiffs' need for the documents outweighs the Government's interest in maintaining their confidential and privileged nature. Without more than a broad statement of the documents' relevancy, Plaintiffs cannot establish that their need outweighs the Government's interest, particularly when they fail to explain why the other approximately 520,000 pages of documents produced by Defendants to Plaintiffs are insufficient. Therefore, Defendants should not be sanctioned for properly withholding relevant documents that fall within the deliberative process privilege.

## C. ANY CONCERNS THAT PLAINTIFFS MAY HAVE REGARDING THE ACCURACY OF THE AUGUST 5, 2008 PRIVILEGE ARE MERITLESS.

During the course of the parties meet and confer meetings regarding the attorney-client privilege designated documents that took place on August 15, 2008 and August 18, 2008, it became apparent that Plaintiffs were concerned about the accuracy of the August 5, 2008 log. Although this issue was not raised in Plaintiffs' moving papers, Defendants will address this

issue.

Defendants have reviewed the attorney-client privilege log entries on the August 5, 2008 log. (Decl. O'Bannon ¶ 7.) The recipient/sender information for the attorney-client entries are accurate. (*Id.*) Each attorney-client designated document that is listed on the August 5, 2008 log has an attorney listed in either the recipient or sender column or the cover email attaching the document. (*Id.*) Each attorney-client designated document also clearly identifies that legal advice or analysis was sought or provided. (*Id.*)

## IV.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Court deny Plaintiff's motion to compel the production of documents protected from disclosure by the deliberative process privilege as listed in Defendants' August 5, 2008 privilege log. Defendants also request that the Court deny Plaintiffs' request for sanctions because Defendants have not violated any prior court orders and have withheld documents pursuant to valid claims of privilege.

Dated: August 19, 2008

HANSON BRIDGET, LLP

By: /s/ Paul Mello
PAUL MELLO
RENJU P. JACOB
Attorneys for Defendants Arnold Schwarzenegger, et al.

Dated: August 19, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Rochelle C. East
ROCHELLE C. EAST
Senior Assistant Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.

3-JUDGE-OppositionTOC-TOA-FINAL.wpd
SF2007200670

**DECLARATION OF SERVICE BY OVERNIGHT COURIER**

Case Name: **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
**Coleman, et al. v. Schwarzenegger, et al.**
**USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM**
**Plata, et al. v. Schwarzenegger, et al.**
**USDC, Northern District of California, Case No. C-01-1351 TEH**

Nos.: **C 90-0520 LKK / C 01-01351 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On **August 19, 2008**, I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR IMPROPER WITHHOLDING OF NON-PRIVILEGED DOCUMENTS**

by placing a true copy thereof enclosed in a sealed envelope with the **OnTrac Overnight Courier Service**, addressed as follows:

**Honorable Stephen Reinhardt**
**United States Courthouse**
**312 North Spring Street, Suite 1747**
**Los Angeles, CA 90012**

**Honorable Thelton E. Henderson**
**United States District Court**
**450 Golden Gate Avenue**
**San Francisco, CA 94102**

**Honorable Lawrence K. Karlton**
**Robert T. Matsui United States Courthouse**
**501 I Street**
**Sacramento, CA 95814**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 19, 2008**, at San Francisco, California.

J. Baker
Declarant

[signature]
Signature

ED-POS-Opposition.wpd