IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. CIV S-90-0520 LKK JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

NO. C01-1351 TEH

**THREE-JUDGE COURT**

ORDER

    Pursuant to court order, this matter came on for hearing on August 20, 2008 on plaintiffs' August 12, 2008 motion for discovery sanctions. Maria Morris, Esq. appeared participated as counsel for plaintiffs. Danielle O'Bannon, Deputy Attorney General appeared as counsel for defendants.

    Plaintiffs' motion for discovery sanctions raises two separate issues. The first concerns the format in which documents ordered produced by this court in orders filed April 14, 2008 and May 29, 2008 were produced to plaintiffs. The second concerns claims of

/////

/////

privilege raised in privilege logs served on June 10, 2008 and August 5, 2008. This order resolves the first issue.[1]

On April 14, 2008 and May 29, 2008, this court resolved claims of privilege asserted by defendants over documents responsive to requests for production of documents served by plaintiffs in the fall of 2007.[2] Defendants' requests for reconsideration or, in the alternative, for stay of those orders were denied by the three-judge court by orders filed June 17, 2008 and July 8, 2008, respectively, and defendants' requests for stay of the orders were denied by the United States Court of Appeals for the Ninth Circuit by orders filed on August 7 and 8, 2008. It is undisputed that defendants did not timely comply with the April 14, 2008 and May 29, 2008 orders, and that the documents covered by those orders were not produced to plaintiffs until August 11, 2008 at approximately 11:50 a.m. The documents finally produced to plaintiffs were produced in TIFF format. By the instant motion for sanctions, plaintiffs contend that the parties entered into a stipulation in November 2007 which provided that the documents would be produced in a "native format and image files" and that the production in TIFF format has made review and analysis of the documents "needlessly time-consuming and costly." Plaintiffs' Motion for Discovery Sanctions, filed August 12, 2008, at 2, 7. In opposition to the motion, defendants contend that the parties orally agreed to modify the format for production of documents and that they have made several document productions in TIFF format this year without objection from plaintiffs.

Rule 34 of the Federal Rules of Civil Procedure contains specific guidelines for production of documents in electronic format. The rule provides in relevant part:

(b) Procedure.

(1) Contents of the Request.

---

[1] The order set forth herein was announced to the parties in open court at the conclusion of the August 20, 2008 hearing.

[2] The requests at issue were served by plaintiffs on September 5, 2007 and October 17, 2007. The orders describe the disputes as originating with the request for production of documents served on September 5, 2007. See, e.g., Order filed April 14, 2008, at 2. The disputes encompass both discovery requests and the claims of privilege raised in response thereto. See Joint Statement Regarding Discovery Disputes, filed February 25, 2008, at 1.

2

      The request:

      . . . .

      (C) may specify the form or forms in which electronically stored information is to be produced.

      (2) Responses and Objections.

      . . . .

      (D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form — or if no form was specified in the request — the party must state the form or forms it intends to use.

      (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

      (I) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

      (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

      (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34.

      Paragraph 6 of Plaintiffs' First Request for Production of Documents provides:

      6. If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

      Defendants' response to the request included the following objection:

      DEFENDANTS object that the discovery is unduly burdensome to the extent it requires DEFENDANTS to produce source codes, meta-data, and data in a DII format. DEFENDANTS will produce any relevant, non-privileged DOCUMENTS in native files or a DAT Opticon format.

/////

/////

3

On November 1, 2007, the parties entered into a stipulation to govern rolling production of documents responsive to the first and second requests for production of documents. That stipulation provided in relevant part:

> With respect to this rolling production schedule, Defendants agree to produce to Plaintiffs any documents gathered from an electronic source in a "native + image" format. Additionally, Defendants agree to produce to Plaintiffs any documents gathered from a paper or electronic source in a Summation compatible, "DII" format. The information produced for the electronic documents will contain the following fields: beg doc, end doc, source, custodian, beg attach, and end attach. The information produced for the scanned paper documents will contain the following fields: beg doc, end doc, source, and custodian. Moreover, the parties agree that Defendants shall only be required to serve Rosen, Bien, and Galvan, LLP, on behalf of Plaintiffs with any responsive, non-privileged documents in the above referenced formats.

Stipulation Regarding Defendants' Rolling Production, filed November 2, 2007, at 4.

The parties are in dispute over whether this stipulation was modified orally or by conduct. The record does not support a finding that the parties ever agreed to modify the written stipulation. Under the circumstances of this case, this court finds that the written stipulation controls the production of documents at issue.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that defendants shall produce to plaintiffs in native format the documents listed in Attachments A and C to this court's April 14, 2008 order and the documents ordered produced by this court's May 29, 2008 order. Said production shall be accomplished by close of business on Monday, August 25, 2008. The court will not order any sanctions at this time in connection with the format in which the documents were produced.

Dated: August 21, 2008.

UNITED STATES MAGISTRATE JUDGE

12
discovery29.o