1  PRISON LAW OFFICE
   DONALD SPECTER, Bar No. 83925
2  STEVEN FAMA, Bar No. 99641
   ALISON HARDY, Bar No. 135966
3  SARA NORMAN, Bar No. 189536
   REBEKAH EVENSON, Bar No. 207825
4  1917 Fifth Street
   Berkeley, CA  94710
5  Telephone:  (510) 280-2621

6  KIRKPATRICK & LOCKHART PRESTON
   GATES ELLIS LLP
7  JEFFREY L. BORNSTEIN, Bar No. 99358
   EDWARD P. SANGSTER, Bar No. 121041
8  RAYMOND E. LOUGHREY, Bar No. 194363
   55 Second Street, Suite 1700
9  San Francisco, CA  94105-3493
   Telephone:  (415) 882-8200

10
   THE LEGAL AID SOCIETY –
11 EMPLOYMENT LAW CENTER
   CLAUDIA CENTER, Bar No. 158255
12 600 Harrison Street, Suite 120
   San Francisco, CA  94107
13 Telephone: (415) 864-8848

14 Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

15          IN THE UNITED STATES DISTRICT COURTS
16          FOR THE EASTERN DISTRICT OF CALIFORNIA
            AND THE NORTHERN DISTRICT OF CALIFORNIA
17   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 19 RALPH COLEMAN, et al., | ) No.  Civ S 90-0520 LKK-JFM P |
| 20          Plaintiffs, | ) **THREE-JUDGE COURT** |
| 21    vs. | ) **PLAINTIFFS' CORRECTED OPPOSITION** ) **TO DEFENDANT INTERVENORS' MOTION** |
| 22 ARNOLD SCHWARZENEGGER, et al., | ) **FOR CLARIFICATION OF ORDER FOR** ) **PRE-TRIAL PREPARATION** |
| 23          Defendants | ) |
| 24 MARCIANO PLATA ,et al., | ) No. C01-1351 TEH |
| 25          Plaintiffs, | ) **THREE-JUDGE COURT** |
|    vs. | ) |
| 26 | ) |
| 27 ARNOLD SCHWARZENEGGER, et al., | ) |
|          Defendants | ) |
| 28 | |

## I.    Introduction

Defendant intervenors move to clarify this Court's Order for Pretrial Preparation of July 2, 2008.  They argue that the intervenors and intervenors' employees who have been designated as expert witnesses for this trial need not submit expert reports, since they have not been "retained or specially employed to provide expert testimony in the case" and since their "duties as the party's employee" do not "regularly involve giving expert testimony."  Rule 26(a)(2)(B), Fed. R. Civ. P.  Defendant intervenors are wrong: both this Court's Orders and relevant case law require all of the experts disclosed in this case to file reports.  Since defendant intervenors waited until the eve of the deadline for such reports to file the present motion, and that deadline has since passed, the Court should require that such reports be produced within one calendar week of the date of the order on this motion and should extend plaintiffs' time for filing rebuttal reports and deposing these experts.

## II.    This Court's Order of October 10, 2007, Requires All Experts to Submit Expert Reports

The Federal Rules of Civil Procedure state that witnesses who will give expert testimony at trial must provide reports and other disclosures only if the expert is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Rule 26(a)(2)(B), Fed. R. Civ. P.  However, "[t]he language of the Rule contemplates modification by order of the Court."  *El Dorado Irrigation Dist. v. Taylor Bros., Inc.*, No. Civ.S-03-949 LKK/GGH, 2006 WL 191960 at *3 (E.D. Cal. Jan. 24, 2006).  Specifically, if court orders require expert reports to be submitted, the Rule defers to those orders.  *Id.*

This Court has required expert reports from *all* testifying experts.  In its Order Bifurcating Proceedings and Setting Deadlines for Phase I of October 10, 2007 (October 2007 Order), the Court set forth the following instructions regarding trial:

> Direct testimony from all percipient witnesses will be presented by affidavit and no more than fifteen minutes of live testimony, followed by cross-examination.  Direct testimony from expert witnesses will be presented through their expert reports *and* no more than thirty minutes of live

-1-

testimony, followed by cross-examination. The time limits for live
testimony maybe extended in unusual circumstances by order of the court.

October 2007 Order at 6:20-24 (emphasis added). The use of "and" instead of "or" makes it clear that all expert testimony will be disclosed in writing, with a limited amount additional live testimony. Expert reports are thus explicitly the vehicle for placing direct testimony of all experts before the Court.

Although defendant intervenors sought appellate relief from certain provisions of the October 2007 Order – specifically, seeking fuller participation on all the proceedings, in their Motion for Reconsideration/Clarification of October 23, 2007 (Docket 891) – there was no appeal of or objection to the requirement that all experts submit reports. Indeed, in seeking to participate fully in the proceedings before the Three Judge Court, defendant intervenors willingly assumed the explicit pretrial requirements set forth in the October 2007 Order.

The Court's subsequent Order for Pretrial Preparation of July 2, 2008 (July 2008 Order), sets deadlines for the disclosure of the expert reports described in the October 2007 Order: "Expert disclosures shall be made, and expert reports exchanged, on or before August 15, 2008." July 2008 Order at 3:1-2. It does not alter the prior order; it implements it. All of defendant intervenors' experts were therefore required to have submitted expert reports by August 15, 2008.

## II. Defendant Intervenors' Non-Retained Experts May Not Provide Opinion Evidence Without Disclosing Such Opinions in Expert Reports

Even had the Court not already ordered expert reports from all experts in this case without regard to whether they are retained, case law requires such reports. "Repeatedly, courts that have addressed the issue at bar have concluded that the Rule does require a written report despite the expert being employed by the tendering party in other than a forensic capacity." *El Dorado Irrigation Dist. v. Taylor Bros., Inc.*, 2006 WL 191960 at *2 (E.D. Cal. 2006) (citing *Minnesota Min. and Mfg. Co. v. Signtech, USA, Ltd.*, 177 F.R.D. 459, 460 (D. Minn. 1998); *McCulloch v. Hartford Life & Acc. Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004); *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 688-90 (M.D. Ala. 2000)). *See KW Plastics v.*

1   *U.S. Can Co.*, 199 F.R.D. 687, 688 (M.D. Ala. 2000) ("the court finds that the Federal Rules of

2   Civil Procedure require disclosures from every witness who testifies under Rule 702 of the

3   Federal Rules of Evidence, regardless of whether the expert is an employee of the defendant

4   corporation").

5          Furthermore, "a majority of courts" have determined that non-retained experts who

6   testify outside the scope of their employment are essentially "specially employed to provide

7   expert testimony in the case" or have "duties as an employee of the party regularly involve

8   giving expert testimony" and thus are included in the category of experts required by Rule

9   26(a)(2)(B) to disclose reports. *Funai Elec. Co. v. Daewoo Electronics Corp.*, 2007 WL

10  1089702, *3 (N.D. Cal. 2007) (collecting cases). "Courts impose the report requirement on

11  employees who testify regarding matters outside the scope of their employment, who provide

12  technical evaluations of evidence reviewed solely in preparation for trial, who provide opinion

13  testimony on the merits of the case, or who have no direct and personal knowledge of the facts

14  to which they are testifying." *Id.* at *4. Under *Funai* and similar cases, then, defendant

15  intervenors' non-retained experts are required to provide the Rule 26(a)(2)(B) disclosures to

16  the extent their testimony is not limited to matters of which they have personal knowledge that

17  are entirely within the scope of their employment. *Id.* at *6; see also *Day v. Consolidated Rail

18  Corp.*, 1996 WL 257654 (S.D.N.Y. 1996); *McCulloch v. Hartford Life & Acc. Ins. Co.*, 223

19  F.R.D. 26, 28 (D. Conn. 2004) (finding employee experts "will develop opinions specifically

20  for trial, the basis of which the defendant is entitled to be informed about").

21         Here, although defendant intervenors have all used boilerplate language stating that

22  their non-retained experts' testimony will address matters within the scope of their

23  employment, some of the descriptions provided of their proposed testimony demonstrate that

24  these opinions are instead developed specifically for trial, and not for the ordinary course of

25  employment. For example, Rick Dostal, Executive Director of Special Services for the Orange

26  County Sheriff's Department, will testify about the general public safety impacts of a prisoner

27  release order for Orange County and other counties as well. Law Enforcement Intervenors'

28  List of Expert Witnesses Intended to Testify at Trial, August 15, 2008, attached as Exhibit A to

-3-

1   Declaration of Sara Norman in Opposition to Defendant Intervenors' Motion for Clarification

2   (Norman Decl.), at 3. His scope of employment with Orange County surely does not include

3   assessing impacts of potential court orders on other counties. *See also id.* at 4 (Assistant

4   Sheriff Michael James to testify about public safety impacts of a prisoner release order on

5   other counties; Commander John Ingrassia to testify about "potential impacts to county

6   criminal justice systems and detention facilities of a state prisoner release order for those

7   counties and facilities already operating under population caps"). Karen Dalton, Director of

8   Bureau Operations for the Los Angeles County Sheriff's Department will testify about

9   "impacts of a prisoner release order on public safety." *Id.* at 3. This extremely broad topic is

10  exactly the matter at issue in the present case, but unlikely to be within the scope of

11  employment for a sheriff's department employee.

### III. Plaintiffs Will Face Significant Burdens in Attempting to Depose Experts Without Written Reports

14      Without written reports from defendant intervenors' non-retained experts, plaintiffs will

15  be prejudiced in their attempts to prepare for trial. Experts provide reports in advance of their

16  depositions to allow opposing counsel an opportunity to review and analyze the reports and

17  develop questions relating to the basis for the opinions. That is particularly pressing in a case

18  such as this one, with limited trial preparation time and a very large number of experts:

19  defendant intervenors have designated 17 experts without providing any reports by the Court-

20  ordered deadline. Norman Decl., Exhs. A (Law Enforcement Intervenors' List of Expert

21  Witnesses Intended to Testify at Trial, August 15, 2008, showing 13 expert witnesses), C

22  (District Attorney Intervenors Disclosure of Expert Trial Witnesses, August 15, 2008, showing

23  four expert witnesses).

24      Plaintiffs have provided such reports for all expert witnesses under their control. It is

25  unfair for defendant intervenors to side-step the purpose behind the rules of discovery and

26  avoid such reasonable disclosure, particularly since some of the defendant intervenors did in

27  fact provide reports from their non-retained experts, demonstrating that the task is not overly

28  burdensome.

-4-

Moreover, although plaintiffs informed defendant intervenors of their position on this matter on August 5 (Exhibit B to Declaration of Ivy M. Tsai in Support of Motion for Clarification of Order for Pretrial Preparation, August 14, 2008), defendant intervenors delayed until August 14, the day before expert reports were due, to file the instant motion. They did not request shortened time to have the motion heard. Under the Court's uniform briefing schedule for such matters, the motion would not have been fully submitted until September 4, nearly three weeks after expert reports were due. Order Setting Standard Briefing Schedule for Motions, April 25, 2008 (Docket 1180). Even with the current shortened briefing schedule, defendant intervenors have delayed the process by several weeks, denying plaintiffs the opportunity to fully prepare for expert depositions or rebuttal expert reports.

Fairness and efficiency call for disclosure of reports consistent with this Court's October 2007 Order and applicable case law.

## IV. The Court Should Require Defendant Intervenors to File Expert Reports Within One Week of the Order

Expert testimony introduced at trial following inadequate disclosure may be stricken. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the Rule 26(a)(2)(B)] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"). However, in the present case, the interests of efficiency and fairness call for the Court to allow defendant intervenors one last opportunity to file expert reports for any non-retained expert witnesses who plan to testify. Plaintiffs respectfully request the Court to order all parties to disclose expert reports within one week of the date of the order, and to allow plaintiffs to disclose rebuttal expert reports two weeks after the reports are disclosed. Plaintiffs further request that the close of expert discovery be extended for two weeks only to allow depositions of the experts submitting untimely reports.

///

Dated:  August 25, 2008

By:  /s/ Sara Norman
      Sara Norman

PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA  94710
Telephone: (510) 280-2621

*Attorneys for Plaintiffs*