PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,
Plaintiffs,
vs.
ARNOLD SCHWARZENEGGER, et al.,
Defendants.

No. Civ S 90-0520 LKK-JFM P

**THREE-JUDGE COURT**

**DECLARATION OF EDWARD P. SANGSTER ISO MOTION FOR ORDER COMPELLING DEPOSITIONS OF CERTAIN LEGISLATOR INTERVENORS**

Date:        September 11, 2008
Time:        11:00 a.m.
Courtroom.:  26 - 8th Floor

MARCIANO PLATA ,et al.,

Plaintiffs,
vs.
ARNOLD SCHWARZENEGGER, et al.,
Defendants.

No. C01-1351 TEH

**THREE-JUDGE COURT**

I, Edward P. Sangster, hereby declare and say:

1.    I am one of the attorneys litigating these cases on behalf of the Plaintiffs.  I am admitted to practice before both of these Courts.

2.    Attached hereto as Exhibit A is a true and correct copy of the Notice of Deposition that our office served on July 1, 2008.  It noticed the depositions of Senator Dave Cogdill, Assemblyman Michael Villines, Assemblyman Todd Spitzer, and Senator Ackerman.

3.    On July 9, 2008, I spoke with Teresa Wang, counsel for the witnesses.  She informed me that she had not received the deposition notices, that the witnesses were not available because the Legislature was in session, and that the parties should wait until after August 1st, when witness lists would be served, before taking any depositions.  During that conversation, I told her that the deponents would be designated as witnesses for the Plaintiff.

4.    I wrote to Ms. Wang on July 9, 2008.  I agreed to reschedule the deposition to accommodate her clients.  I requested that they provide alternative deposition dates, which they never did.  The letter also confirmed that the Plaintiffs would be designating the witnesses as witnesses for Plaintiffs.  A true and correct copy of my letter is attached hereto as Exhibit B.

5.    I received a letter from Ms. Wang, dated July 15, 2008, which is attached hereto as Exhibit C.  In it, she requested that the depositions be rescheduled and taken by written question "In light of the ongoing legislative session..."

6.    I subsequently learned that the Legislature adjourned on July 15th for the rest of the month of July.  I am attaching an article from the Sacramento Bee quoting Senator Cogdill, and discussing the fact that the Legislature would be in adjournment until August 4th.  Thus, the legislative session did not prevent the witnesses from being deposed.

7.    On August 1st, the Legislator Intervenors served a list of trial witnesses, which included Senator George Runner and Assemblyman Todd Spitzer.  On the same day, Plaintiffs served their list of trial witnesses, which included hostile witnesses Spitzer, Villines, Ackerman, and Cogdill.

8.    Counsel for the witnesses did not offer dates convenient for the witnesses to be deposed.

2

9.    On August 8, 2008, my office served a notice of the depositions of Senator Cogdill and Villines (for August 18, 2008) and Senator Runner and Assemblyman Spitzer (for August 19, 2008). A copy of the deposition notice is attached hereto as Exhibit E.

10.    On August 13, 2008, I received an email from Steven Kaufhold, one of the attorneys representing the Legislator Intervenors. This email notified me that the witnesses would not be appearing on the dates specified in the deposition notices and informed me that Chad Stegeman would follow-up with the reasons for the refusal to appear.

11.    I called Mr. Stegeman to discuss the dispute, but he was out of the office. I followed up with an email requesting that we attempt to resolve the discovery dispute. Mr. Stegeman later sent me an email outlining the reasons for his clients' refusal to attend the deposition. A copy of both of our emails, dated August 14, 2008, is attached hereto as Exhibit F. Mr. Stegeman and I subsequently spoke by telephone regarding the dispute. Although each of us articulated our respective clients' positions, we were not able to narrow the issues in dispute. I was not able to get Mr. Stegeman to specify a date when Senator Runner or Assemblyman Spitzer would appear for their depositions, and I was not willing to depose them by written questions.

12.    A true and correct copy of the Legislator Intervenors' Responses to Interrogatories is attached hereto as Exhibit G.

13.    I have seen statements made by Senator Cogdill, in which he acknowledged that there was a prison crisis, and stated that "the overcrowded situation" is "the crux of the crisis that we face."

14.    I have seen statements made by Assemblyman Michael Villines, in which he stated that "we know overcrowding and state prisons is unacceptable," and "we know the prisons are overcrowded and they are overcrowded because the Legislator in the past has not had the will to create bed space." I have also seen statements by Assemblyman Villines in which he stated, "this crisis isn't in pending, it's here."

15.    I believe that a deposition by written questions of any of these witnesses would be a total waste of time. Their biographies suggest they are experienced oral advocates, and in at least one case, a former trial attorney. A deposition by written questions would be a totally ineffective and inappropriate way to question the witnesses. It would deprive me of the ability to ask follow-up

3

1   questions, or pin down attempts at evasion.  It would also force me to telegraph all of my questions to

2   the witness and his attorneys, which would allow them to prepare scripted responses.

3         I declare under penalty of perjury under the laws of the United Sates of America that the

4   foregoing is true and correct executed this 26th day of August at San Francisco, California.

5

6

7

8

9                        /s/ Edward P. Sangster

                 EDWARD P. SANGSTER

10

                 K&L Gates LLP

11                 Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

## IN THE UNITED STATES DISTRICT COURTS
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## AND THE NORTHERN DISTRICT OF CALIFORNIA
## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No.  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT**<br><br>**COLEMAN PLAINTIFFS' NOTICE OF DEPOSITION OF CERTAIN LEGISLATOR INTERVENORS** |
| MARCIANO PLATA ,et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

1  TO EACH PARTY AND EACH ATTORNEY OF RECORD:

2  YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF the following persons will

3  be taken on the dates, and at the times and locations, listed below:

| Witness | Date | Time | Location |
|---|---|---|---|
| Dave Cogdill | July 16, 2008 | 9:30 a.m. | Phillips Legal Services 350 University Ave., Ste. 270 Sacramento, CA 95825 (916) 927-3600 |
| Dick Ackerman | July 18, 2008 | 9:30 a.m. | Phillips Legal Services 350 University Ave., Ste. 270 Sacramento, CA 95825 (916) 927-3600 |
| Michael M. Villines | July 25, 2008 | 9:30 a.m. | Phillips Legal Services 350 University Ave., Ste. 270 Sacramento, CA 95825 (916) 927-3600 |
| Todd Spitzer | July 29, 2008 | 9:30 a.m. | Phillips Legal Services 350 University Ave., Ste. 270 Sacramento, CA 95825 (916) 927-3600 |

16  The deponents are parties to this action. Each deponent is required to produce the following

17  documents at their depositions:

18  These depositions will recorded by stenographic means and may be videotaped.

20  Dated: July 1, 2008                          By:

22                                  *Raymond E. Loughrey*

23  JEFFREY L. BORNSTEIN
    EDWARD P. SANGSTER
    RAYMOND E. LOUGHREY

25  K&L Gates LLP
    Attorneys for Plaintiffs

2

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** <br><br> **PROOF OF SERVICE** |
| MARCIANO PLATA ,et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** |

## PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is **Kirkpatrick & Lockhart Preston Gates Ellis LLP, 55 Second Street, Suite 1700, San Francisco, CA 94105.**

On **July 1, 2008,** I served the foregoing document(s):

COLEMAN PLAINTIFFS' NOTICE OF DEPOSITION OF CERTAIN LEGISLATOR INTERVENORS

COLEMAN PLAINTIFFS' SECOND SET OF INTERROGATORIES TO LAW ENFORCEMENT INTERVENORS

COLEMAN PLAINTIFFS' FIRST SET OF INTERROGATORIES TO LEGISLATOR INTERVENORS

COLEMAN PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DISTRICT ATTORNEY INTERVENORS

COLEMAN PLAINTIFFS' FIRST SET OF INTERROGATORIES TO COUNTY OF SONOMA

COLEMAN PLAINTIFFS' FIRST SET OF INTERROGATORIES TO SANTA CLARA COUNTY, SAN MATEO COUNTY, SOLANO COUNTY, AND SANTA BARBARA COUNTY

PLAINTIFFS' FIRST SET OF REQUERSTS FOR PRODUCTION OF DOCUMENTS TO LAW ENFORCEMENT INTERVENORS

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO COUNTY OF SAN MATEO

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO COUNTY OF SANTA BARBARA

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TO COUNTY OF SANTA CLARA

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO COUNTY OF SOLANO

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO COUNTY OF SONOMA

together with an unsigned copy of this declaration, on all interested parties in this action addressed and sent as follows:

1

1   All documents were sent to the following persons in the following manner:

2   Lisa A. Tillman                                    Paul B. Mello, Esq.
3   Deputy Attorney General                            Hanson & Bridgett LLP
    P.O. Box 944255                                    425 Market Street, 26th Floor
4   Sacramento, CA 94244-2550                          San Francisco, CA 94105

5   Lead Counsel for County Intervenors                Republican Assembly and Senate Intervenors
    Ann Miller Ravel                                   Steven S. Kaufhold
6   Theresa Fuentes                                    Akin, Gump Strauss Hauer & Feld, LLP
7   Office of the County Counsel                       580 California Street, 15th Floor
    70 West Hedding, East Wing, 9th Floor              San Francisco, CA 94104
8   San Jose, CA 95110

9   California Correctional Peace Officers'            County of Sonoma Intervenors
    Association (CCPOA) Intervenors                    Anne L. Keck, Deputy County Counsel
10  Natalie Leonard                                    Steven Woodside
11  Gregg MacClean Adam                                575 Administration Drive, Room 105A
    Carroll, Burdick & McDonough, LLP                  Santa Rosa, CA 95403
12  44 Montgomery Street, Suite 400
    San Francisco, CA 94104
13

14  District Attorney Intervenors                      California Sheriff, Probation, Police Chief
    William E. Mitchell                                and Corrections Intervenors
15  Assistant District Attorney                        Jones & Mayer LLP
16  Riverside County District Attorney's Office        Martin J. Mayer
    4075 Main Street, First Floor                      Michael R. Capizzi
17  Riverside, CA 92501                                Kimberly Hall Barlow
                                                       Elizabeth R. Feffer
18                                                     3777 North Harbor Boulevard
                                                       Fullerton, CA 92835
19
20  Rochelle East
    Office of the Attorney General
21  455 Golden Gate, Suite 11000
    San Francisco, CA 94102-7004
22

23
24  [ XX ]  **BY MAIL (By Following Office Business Practice):**  By placing a true copy thereof
            enclosed in a sealed envelope(s).  I am readily familiar with this firm's practice of collection
25          and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on
            that same day in the ordinary course of business.  I placed such envelope(s) for collection and
26          mailing on that date following ordinary business practice.

27  [ ]     **BY FACSIMILE:**  The recipient(s) have confirmed in writing that service by facsimile is
            acceptable to them.  I transmitted the documents listed above by facsimile transmission from
28          a facsimile machine, whose telephone number is (415) 249-1001 to the facsimile number of
            the offices of the addressee(s) as indicated above.  The above-described transmission was
            reported as complete without error by a    transmission report issued by the facsimile

2

transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmission report is attached hereto.

[ ]    **BY FEDERAL EXPRESS**: I deposited such envelope in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as above, with delivery fees paid or provided for, to be transmitted by Federal Express.

[ ]    **BY PERSONAL SERVICE**: I personally delivered such envelope(s) to each addressee(s)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 1, 2008, at San Francisco, California.

_____
Margarita V. Reyes

3

# EXHIBIT B

# K&L | GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA  94105-3493

T  415.882.8200    www.klgates.com

July 9, 2008

Edward P. Sangster
D  415.249.1028
Fax: 415.882.8220
ed.sangster@klgates.com

**VIA FACSIMILE 415.765.9501**

Teresa Wang
Akin, Gump Strauss Hauer & Feld, LLP
580 California Street, 15th Floor
San Francisco, CA 94104

Re:   Plata v. Schwarzenegger, et al.; Coleman v. Schwarzenegger, et al.

Dear Teresa:

This will respond to your July 9, 2008 correspondence. I checked our records, and we correctly served the original deposition notices. Other defendants received the notices. We served the notices on your office a second time yesterday. A third copy is attached to this letter. Thus, the notices have been validly served.

In terms of scheduling, I am certainly willing to try to accommodate your clients, within reason. However, I cannot agree to take depositions off calendar in a vacuum. If your clients have alternative dates to offer during the month of July, we will try to rearrange our schedules to accommodate their schedules. It is not acceptable simply to wait until August to find out when these witnesses are available. They are litigants and must make reasonable adjustments to their schedules to meet the needs of the litigation.

The Court's order does not preclude depositions before August 1st. As I am sure you are aware, the order permits parties to designate trial witnesses prior to August 1st. These Legislators will be called as witnesses by the plaintiffs.

If you are not able or willing to provide alternative dates during July, please advise me and we will make arrangements to bring the matter before the magistrate.

Very truly yours,

Edward P. Sangster

cc:   Rosen, Bien & Galvan, LLP
      Prison Law Office

SF-157441 v1

# EXHIBIT C

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

———————— Attorneys at Law

Teresa Wang
415.765.9510/fax: 415.765.9501
TWang@AkinGump.Com

July 15, 2008

*Via Facsimile*

Edward P. Sangster, Esq.
55 Second Street, Suite 1700
San Francisco, CA 94105

Re:  *Plata v. Schwarzenegger, et al, Coleman v. Schwarzenegger, et al.*

Dear Ed:

I am writing to follow-up on your July 9 letter about depositions noticed in the *Plata/Coleman* proceedings, and our phone conversation yesterday, July 14, 2008, in which I confirmed that our clients were unavailable on the previously scheduled deposition dates.

In your July 9 letter, you stated that Senator Dave Cogdill, Senator Dick Ackerman, Assemblyman Michael Villines, and Assemblyman Todd Spitzer will be deposed and called as trial witnesses by the plaintiffs. The Legislator Intervenors will formally submit our disclosure of trial witnesses on or before August 1, 2008. The Legislator Intervenors anticipate calling, at most, one Senator and one Assemblymember as trial witnesses, and thus, deposing two Senators and two Assemblymembers would be cumulative and burdensome.

Moreover, both houses of the California Legislature are in session until August 31, 2008, and are presently occupied with passing the state budget. Thus, scheduling deposition dates in the upcoming weeks is exceedingly difficult. We are in the process of discussing potential deposition dates with our clients, but have no availability in the month of July. We appreciate your cooperation in taking these depositions off-calendar, and note that Assemblyman Spitzer's deposition, slated for July 29, 2008, should also be taken off-calendar. We will continue to discuss August availability with our clients. In light of the ongoing legislative session, however, we ask you to consider taking the requested depositions by written question, pursuant to Federal Rule of Civil Procedure 31.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━━━━━━ Attorneys at Law

Edward P. Sangster
July 15, 2008
Page 2

    As the close of non-expert discovery is slated for September 8, 2008, I am hopeful that
we can find mutually convenient deposition dates, and, for that matter, a mutually convenient
and method of conducting the depositions efficiently, without bringing this matter before Judge
Moulds.  If you wish to discuss this further, please do not hesitate to contact me.

                                    Sincerely,

                                    Teresa Wang

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

## FAX TRANSMISSION

### July 15, 2008

| To | Company | Fax | Phone |
|---|---|---|---|
| Edward P. Sangster, Esq. | K&L Gates | 415.882.8220 | 415.249.1028 |

**From:** Teresa Wang

**Total Pages:** 2

**Direct Dial:** 415.765.9510

**Re:** Plata v. Schwarzenegger, et al., Coleman v. Schwarzenegger, et al.

**Message:**

| | | |
|---|---|---|
| 880220.0001/015940 | Sender's email: twang@akingump.com | Sender's fax: 415.765.2546 |
| Floor: | Secretary: Nancie Ward | Ext: 49565 |
| ☒ Return fax via Interoffice Mail | ☐ Hold fax for pickup | Fax Operation Verification: _____ |

The information contained in this facsimile message is attorney-client privileged and confidential. and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address below.

580 California, 15th Floor / San Francisco, California 94104-1036 / 415.765.9500 / fax: 415.765.9501 / akingump.com

# EXHIBIT D



*The Web Site of The Sacramento Bee*

This story is taken from <u>Sacbee</u> / <u>Politics</u>.

# Assembly goes on vacation amid California budget deadlock

### Published 12:00 am PDT Wednesday, July 16, 2008

With the state budget far from resolved, the Assembly resumed its summer vacation Tuesday.

Members of the lower house contemplated two dozen bills before joining their Senate counterparts on holiday. Barring a budget breakthrough, both houses are scheduled to be dark until Aug. 4.

Gov. Arnold Schwarzenegger, meanwhile, ramped up his rhetoric over the lack of progress on the state's $101 billion general fund spending plan, which contains a $15.2 billion deficit. The governor admonished the Legislature for not meeting its June 15 constitutional deadline and noted that he has always turned in his spending proposal on time.

"I can only get the horse to the water," Schwarzenegger said, "but I can't make it drink."

Senate Republican leader Dave Cogdill replied: "We're not going to drink any tax increases." The Modesto lawmaker said he believes a vote on the budget can happen by Aug. 1, when the state would begin to encounter cash problems. Lawmakers are on call, so any breathroughs in negotiations could be voted on before Aug. 4.

Also Tuesday:

• Legislative leaders of both parties met together privately for budget negotiations, with no progress reported.

– Judy Lin, Bee Capitol Bureau.

Go to: <u>Sacbee</u> / <u>Back to story</u>

This article is protected by copyright and should not be printed or distributed for anything except personal use.
The Sacramento Bee, 2100 Q St., P.O. Box 15779, Sacramento, CA 95852
Phone: (916) 321-1000

<u>Copyright</u> © <u>The Sacramento Bee</u>

# EXHIBIT E

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** <br><br> **PLAINTIFFS' NOTICE OF DEPOSITION OF CERTAIN INTERVENORS** |
| MARCIANO PLATA ,et al., <br><br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br><br><br> **THREE-JUDGE COURT** |

1

SF-159766 v1 0903375-00001

TO EACH PARTY AND EACH ATTORNEY OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF the following persons will

be taken on the dates, and at the times and locations, listed below:

| Witness | Date | Time | Location |
|---|---|---|---|
| Dave Cogdill | August 18, 2008 | 9:00 a.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| Michael M. Villines | August 18, 2008 | 1:00 p.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| George Runner | August 19, 2008 | 9:00 a.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| Todd Spitzer | August 19, 2008 | 1:00 p.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| Rich Word | August 20, 2008 | 9:00 a.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| Martin Ryan | August 20, 2008 | 1:00 p.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| Mike Harden | August 21, 2008 | 9:00 a.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |
| Roy Wasden | August 21, 2008 | 1:00 p.m. | Phillips Legal Services<br>350 University Ave., Ste. 270<br>Sacramento, CA 95825<br>(916) 927-3600 |

| | | | |
|---|---|---|---|
| Duane Bay | August 21, 2008 | 9:00 a.m. | K&L Gates<br>55 Second Street, 17th Floor<br>San Francisco, CA 94105-3493<br>Phone: 415-882-8200 |
| Greg Munks | August 21, 2008 | 1:00 p.m. | K&L Gates<br>55 Second Street, 17th Floor<br>San Francisco, CA 94105-3493<br>Phone: 415-882-8200 |
| Adam Christianson | August 25, 2008 | 10:00 a.m. | Clair & Bossi<br>2155 W. March Lane<br>Suite 1A<br>Stockton, CA 95207<br>Phone: 209-477-1800 |
| David Boesch | August 26, 2008 | 9:00 a.m. | K&L Gates<br>55 Second Street, 17th Floor<br>San Francisco, CA 94105-3493<br>Phone: 415-882-8200 |
| Beverly Johnson | August 26, 2008 | 1:00 p.m. | K&L Gates<br>55 Second Street, 17th Floor<br>San Francisco, CA 94105-3493<br>Phone: 415-882-8200 |
| Gary Graves | August 28, 2008 | 9:00 a.m. | K&L Gates<br>55 Second Street, 17th Floor<br>San Francisco, CA 94105-3493<br>Phone: 415-882-8200 |

The deponents are parties to this action. These depositions will recorded by stenographic means and may be videotaped.

Dated: August 8, 2008        By:

_Edward P. Sangster_

JEFFREY L. BORNSTEIN
EDWARD P. SANGSTER
RAYMOND E. LOUGHREY

K&L Gates LLP
Attorneys for Plaintiffs

3

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

3      I am employed in the county of San Francisco, State of California.  I am over the age of 18
   and not a party to the within action; my business address is **Kirkpatrick & Lockhart Preston Gates**
4  **Ellis LLP, 55 Second Street, Suite 1700, San Francisco, CA 94105.**

5      On **August 8, 2008**, I served the foregoing document(s):

6      **PLAINTIFFS' NOTICE OF DEPOSITION OF CERTAIN INTERVENORS**

7  together with an unsigned copy of this declaration, on all interested parties in this action addressed
   and sent as follows:

8

   All documents were sent to the following persons in the following manner:

9

10    Edmund G. Brown Jr.                        Paul B. Mello, Esq.
      David S. Chaney                            Hanson & Bridgett LLP
11    Rochelle C. East                           425 Market Street, 26th Floor
      **rochelle.east@doj.ca.gov**               San Francisco, CA  94105
12    Vickie P. Whitney                          **pmello@hansonbridgett.com**
      Deputy Attorney General
13    P.O. Box 944255
      Sacramento, CA 94244-2550
14

15    Lead Counsel for County Intervenors        Republican Assembly and Senate Intervenors
      Ann Miller Ravel                           Steven S. Kaufhold
16    Theresa Fuentes                            **skaufhold@akingump.com**
      **Theresa.fuentes@cco.sccgov.org**         Teresa Wang
17                                               Akin, Gump Strauss Hauer & Feld, LLP
      Office of the County Counsel               580 California Street, 15th Floor
18    70 West Hedding, East Wing, 9th Floor      San Francisco, CA 94104
      San Jose, CA 95110
19

20    California Correctional Peace Officers'     County of Sonoma Intervenors
      Association (CCPOA) Intervenors            Anne L. Keck, Deputy County Counsel
21    Natalie Leonard                            **akeck@sonoma-county.org**
      **nleonard@cbmlaw.com**                    Steven Woodside
22    Gregg MacClean Adam                        575 Administration Drive, Room 105A
      Carroll, Burdick & McDonough, LLP          Santa Rosa, CA 95403
23    44 Montgomery Street, Suite 400
      San Francisco, CA 94104
24

25

26

27

28

District Attorney Intervenors
William E. Mitchell
**wemitchell@rivcoda.org**
Assistant District Attorney
Riverside County District Attorney's Office
4075 Main Street, First Floor
Riverside, CA 92501

California Sheriff, Probation, Police Chief
and Corrections Intervenors
Jones & Mayer LLP
Martin J. Mayer
**mjm@jones-mayer.com**
Michael R. Capizzi
**mrc@jones-mayer.com**
Kimberly Hall Barlow
khb@jones-mayer.com
Elizabeth R. Feffer
**erf@jones-mayer.com**
3777 North Harbor Boulevard
Fullerton, CA 92835

Rochelle East
**rochelle.East@doj.ca.gov**
Office of the Attorney General
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

[ XX ] **BY MAIL (By Following Office Business Practice):** By placing a true copy thereof enclosed in a sealed envelope(s). I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I placed such envelope(s) for collection and mailing on that date following ordinary business practice.

[ ] **BY FACSIMILE:** The recipient(s) have confirmed in writing that service by facsimile is acceptable to them. I transmitted the documents listed above by facsimile transmission from a facsimile machine, whose telephone number is (415) 249-1001 to the facsimile number of the offices of the addressee(s) as indicated above. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmission report is attached hereto.

[ ] **BY FEDERAL EXPRESS:** I deposited such envelope in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as above, with delivery fees paid or provided for, to be transmitted by Federal Express.

[ ] **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to each addressee(s)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 8, 2008, at San Francisco, California.

_____
**Margarita V. Reyes**

2

PROOF OF SERVICE

# EXHIBIT F

**Sangster, Edward P.**

| | |
|---|---|
| From: | Stegeman, Chad [cstegeman@AKINGUMP.com] |
| Sent: | Thursday, August 14, 2008 12:23 PM |
| To: | Sangster, Edward P. |
| Subject: | RE: Coleman and Plata litigation: deposition of legislative intervenors |

Thanks Ed for your voice message of 11:42 a.m. I have been and am still out of the office. I will give you a call shortly. However, I'd like briefly to address a couple of points. Given the budget crisis and the obligations of the legislators at this time during the legislative session, our clients cannot sit for depositions next week. Under the extraordinary circumstances of this particular session, they will likely not be able to sit for a deposition until after the session has closed. Also, we have only listed Assemblyman Spitzer and Senator Runner as trial witnesses. We did not notice Assemblyman Villines or Senator Cogdill as trial witnesses. The testimony of Assemblyman Villines and Senator Cogdill would be cummulative and duplicative in any case, which is why they were not designated. Further, you have not responded to our earlier attempts to meet and confer regarding the depositions of Assemblyman Spitzer and Senator Runner to the extent we requested the depositions be taken by written questions. We believe this to be a reasonable compromise for all parties under that circumstances. Plaintiffs have used this procedure during the course of this discovery and you have not offered a justification why this is not an acceptable. As indicated above, I will call you shortly to discuss this further. Our position is that plaintiffs should take Assemblyman Spitzer's and Senator Runner's deposition by written question and that anything beyond that is unnecessary and improper.

Regards,

Chad Stegeman

---

From: Sangster, Edward P. [mailto:ed.sangster@klgates.com]
Sent: Thu 8/14/2008 1:43 PM
To: Stegeman, Chad
Subject: Coleman and Plata litigation: deposition of legislative intervenors


This follows up on my voicemail of this morning. I am attempting to resolve the discovery dispute concerning the depositions of the legislative intervenors.

Ed Sangster
K&L Gates
55 Second Street
Suite 1700
San Francisco, CA 94105-3493
Phone:  415.249.1028
Fax:  415.882.8220

(Consider the environment. Think before you print!)


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at ed.sangster@klgates.com.

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary

of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT G

STEVEN S. KAUFHOLD (SBN 157195)  skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745)  cstegeman@akingump.com
Akin Gump Strauss Hauer & Feld LLP
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:    415-765-9501
Attorneys for Petitioners Republican Assembly and
Senate Intervenors

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | Case No.: CIV S-90-0520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| MARCIANO PLATA, et al., | Case No.: C01-1351 THE |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | **LEGISLATOR INTERVENORS' RESPONSES TO COLEMAN PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

PROPOUNDING PARTY:    COLEMAN PLAINTIFFS

RESPONDING PARTY:    LEGISLATOR INTERVENORS

SET NO.:    ONE

1

## GENERAL STATEMENTS AND OBJECTIONS

1.  The Legislator Intervenors have not completed discovery, the investigation of the facts, witnesses, or documents, the analysis of available information, or the preparation for trial in this case. The Legislator Intervenors reserve the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently discovered.

2.  These responses are made without prejudice to the Legislator Intervenors' right to introduce facts, documents, witnesses, or other evidence that may be subsequently discovered.

3.  These responses are made without prejudice to the Legislator Intervenors' right to supplement or amend these responses in the event that any information previously available to the Legislator Intervenors may have been omitted by oversight, inadvertence, or good faith error or mistake.

4.  Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

5.  The Legislator Intervenors expressly reserve:

   5.1   All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

   5.2   All objections as to vagueness, ambiguity, unintelligibility and over breadth.

6.  Nothing herein shall be construed as an admission by the Legislator Intervenors' regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in Plaintiffs' interrogatories.

7.  These responses are signed by counsel only as to the objections set forth in the responses. The Legislator Intervenors specifically claim the attorney-client privilege, the attorney-work product privilege and/or other privileges applicable to legislators in the deliberative process of drafting and passing legislation as to each and every response set forth herein.

8.  The fact that part or all of any discovery request has been answered should not be construed to be a waiver of any objection any discovery request.

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

The Legislator Intervenors respond to each and every discovery request subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**INTERROGATORY NO. 1:**

State all facts supporting any contention that there is no present or ongoing violation of *PLATA PLAINTIFFS'* constitutional right to adequate medical care.

**RESPONSE TO INTERROGATORY NO. 1:**

The Legislator Intervenors object to this interrogatory on the following bases: 1) The interrogatory is not directed at any individual legislator; therefore the Legislator Intervenors collectively and through one representative, respond to this interrogatory. 2) The interrogatory is vague and ambiguous as to the term "adequate medical care." 3) The interrogatory is vague, ambiguous and overbroad as to whether the scope of the interrogatory is limited to particular facilities or whether it is system-wide. 4) The interrogatory is overbroad and calls for speculation as the use of the term "any" encompasses the contentions of other parties. The Legislator Intervenors are only able or authorized to respond on their own behalf. 5) The interrogatory calls for proof of the nonexistence of violations and is therefore overbroad. Furthermore, Plaintiffs, not the Legislator Intervenors, have the burden of demonstrating that there are present or ongoing violations of *Plata* Plaintiffs' constitutional right to adequate medical care. 6) The interrogatory calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert disclosures on or before the date designated by the Court.

Subject to and without waiving the foregoing objections, and based upon the Legislator Intervenors' understanding of the interrogatory, the Legislator Intervenors identify and adopt Defendants' contention that many, if not all, of California Department of Corrections and Rehabilitation's ("CDCR") correctional facilities are currently providing constitutionally adequate medical services. *See, e.g.,* Defendants' Response to *Plata* Plaintiffs' Interrogatory No. 1. The Legislator Intervenors reserve the right to supplement their response to this interrogatory, in view of Defendants' continuing discovery efforts and evidence of constitutionally adequate medical health care delivery.

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  **INTERROGATORY NO. 2:**

2      State all facts supporting any contention that there is no present or ongoing violation of

3  *COLEMAN* PLAINTIFFS' constitutional right to adequate mental health care.

4  **RESPONSE TO INTERROGATORY NO. 2:**

5      The Legislator Intervenors object to this interrogatory on the following bases: 1) The

6  interrogatory is not directed at any individual legislator; therefore the Legislator Intervenors

7  collectively and through one representative, respond to this interrogatory. 2) The interrogatory is

8  vague and ambiguous as to the term "adequate medical care." 3) The interrogatory is vague,

9  ambiguous and overbroad as to whether the scope of the interrogatory is limited to particular facilities

10  or whether it is system-wide. 4) The interrogatory is overbroad and calls for speculation as the use of

11  the term "any" encompasses the contentions of other parties. The Legislator Intervenors are only able

12  or authorized to respond on their own behalf. 5) The interrogatory calls for proof of the nonexistence

13  of violations and is therefore overbroad. Furthermore, Plaintiffs, not the Legislator Intervenors, have

14  the burden of demonstrating that there are present or ongoing violations of *Coleman* Plaintiffs'

15  constitutional right to adequate mental health care. 6) The interrogatory calls for premature disclosure

16  of expert opinions. The Legislator Intervenors shall make their expert disclosures on or before the date

17  designated by the Court.

18      Subject to and without waiving the foregoing objections, and based upon the Legislator

19  Intervenors' understanding of the interrogatory, the Legislator Intervenors recognize that the ongoing

20  efforts of *Plata* Receiver and *Coleman* Special Master have achieved substantial success in

21  establishing constitutional levels of mental health care in CDCR's correctional facilities. The Special

22  Master has made significant progress in recruiting and retaining mental health care personnel, and in

23  ensuring the availability of mental health care facilities. Moreover, the Legislator Intervenors adopt

24  and direct Plaintiffs' attention to Defendants' prior interrogatory responses, which indicate that as of

25  November 2007, CDCR was providing constitutionally adequate mental health care in at least one

26  institution and in the process of establishing constitutionally adequate mental health care in all other

27  institutions. See Defendant Tilton's Response to *Coleman* Plaintiffs' Interrogatory No. 4, Nov. 9, 2007.

28

4

**INTERROGATORY NO. 3:**

State all facts supporting any contention that crowding is not the primary cause of the Constitutional violations found to exist by the Court in *Plata v. Schwarzenegger*.

**RESPONSE TO INTERROGATORY NO. 3:**

The Legislator Intervenors object to this interrogatory on the following bases: 1)The interrogatory is not directed at any individual legislator; therefore the Legislator Intervenors collectively and through one representative, respond to this interrogatory. 2) The interrogatory is vague and ambiguous as to the term "primary cause." 3) The interrogatory is overbroad and calls for speculation as the use of the term "any" encompasses the contentions of other parties. The Legislator Intervenors are only able or authorized to respond on their own behalf. 4) The interrogatory is impermissibly vague and overbroad, because the existence of ongoing constitutional violations is still unresolved and in dispute. 5) The interrogatory calls for proof of the nonexistence of violations and is therefore overbroad. Furthermore, Plaintiffs, not the Legislator Intervenors, have the burden of demonstrating that there are present or ongoing violations of *Plata* Plaintiffs' constitutional right to adequate mental health care. 6) The interrogatory calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert disclosures on or before the date designated by the Court.

Subject to and without waiving the foregoing objections, and based upon the Legislator Intervenors' understanding of the interrogatory, the Legislator Intervenors respond as follows: Overcrowding is not the primary cause of the any constitutional violations found to exist by the court in *Plata v. Schwarzenegger*. Many causes other than overcrowding contribute to the current state of medical health care in CDCR's adult institutions. Many of these other causes, one or more of which may or may not be the primary cause, have been identified by Plaintiffs, Plaintiffs' experts, the *Plata* Receiver, and Defendants. These causes include inadequate medical staff recruitment and retention, inadequate medical bed construction, and an inadequate information technology system for record keeping and medication management. The Legislator Intervenors direct Plaintiffs' attention to the deposition of Plaintiffs' expert, Dr. Ronald Shansky, the Receiver's reports, which chronicle the

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    numerous reasons for the difficulties in medical health care delivery, including the need to construct

2    adequate treatment facilities, and Defendants' response to *Plata* Plaintiffs' Interrogatory No. 2.

3    **INTERROGATORY NO. 4:**

4        What do YOU contend is the primary cause of the Constitutional violations found to exist by

5    the Court in *Plata v. Schwarzenegger*?

6    **RESPONSE TO INTERROGATORY NO. 4:**

7        The Legislator Intervenors object to this interrogatory on the following bases: 1) The

8    interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,

9    collectively and through one representative, respond to this interrogatory. 2) The interrogatory seeks

10   information that is equally available to Plaintiffs and is part of the public record, namely, the

11   interrogatory requests information found in a court order. 3) The interrogatory is vague and

12   ambiguous as to the term "primary cause." 4) The interrogatory is impermissibly vague and

13   overbroad, because the existence of ongoing constitutional violations is still unresolved and in dispute.

14   5) The interrogatory calls for premature disclosure of expert opinions. The Legislator Intervenors

15   shall make their expert disclosures on or before the date designated by the Court.

16       Subject to and without waiving the foregoing objections, and based upon the Legislator

17   Intervenors' understanding of the interrogatory, the Legislator Intervenors respond as follows: it is the

18   Legislator Intervenors' understanding that the Court in *Plata v. Schwarzenegger* found that the cause of

19   the Constitutional violation was the inadequate state of medical services provided to prison inmates in

20   California correctional facilities.

21       To the extent Plaintiff seeks to elicit facts and information regarding whether overcrowding is

22   the primary cause of the constitutional violation identified by the Court in *Plata v. Schwarzenegger*,

23   any constitutional violations in the delivery of mental health services can be attributed to numerous

24   causes, one or more of which may or may not be the primary cause. These multiple causes have been

25   identified by Plaintiffs, the *Plata* Receiver, and Defendants. These causes include inadequate medical

26   staff recruitment and retention, inadequate medical bed construction, and an inadequate information

27   technology system for record keeping and medication management. The Legislator Intervenors direct

28   Plaintiffs' attention to the *Plata* Receiver's reports, which chronicle the numerous reasons for the

6

1 difficulties in medical health care delivery, as well as Defendants' Responses to *Plata* Plaintiffs'

2 Interrogatory No. 2.

3 **INTERROGATORY NO. 5:**

4     State all facts supporting any contention that crowding is not the primary cause of the

5 Constitutional violations found to exist by the Court in *Coleman v. Schwarzenegger*.

6 **RESPONSE TO INTERROGATORY NO. 5:**

7     The Legislator Intervenors object to this interrogatory on the following bases: 1)The

8 interrogatory is not directed at any individual legislator; therefore the Legislator Intervenors

9 collectively and through one representative, respond to this interrogatory.  2) The interrogatory is

10 vague and ambiguous as to the term "primary cause."  3)  The interrogatory is overbroad and calls for

11 speculation as the use of the term "any" encompasses the contentions of other parties.  The Legislator

12 Intervenors are only able or authorized to respond on their own behalf.  4) The interrogatory is

13 impermissibly vague and overbroad, because the existence of ongoing constitutional violations is still

14 unresolved and in dispute.  5)  The interrogatory calls for proof of the nonexistence of violations and is

15 therefore overbroad.  Furthermore, Plaintiffs, not the Legislator Intervenors, have the burden of

16 demonstrating that there are present or ongoing violations of *Coleman* Plaintiffs' constitutional right to

17 adequate mental health care.  6)  The interrogatory calls for disclosure of expert opinions.  The

18 Legislator Intervenors shall make their expert disclosures on or before the date designated by the

19 Court.

20     Subject to and without waiving the foregoing objections, and based upon the Legislator

21 Intervenors' understanding of the interrogatory, the Legislator Intervenors respond as follows:

22 Overcrowding is not the primary cause of the any constitutional violations found to exist by the court

23 in *Coleman v. Schwarzenegger*, because many causes other than overcrowding contribute to the current

24 state of mental health care in CDCR's adult institutions.  Many of these other causes, one or more of

25 which may or may not be the primary cause, have been identified by Plaintiffs, Plaintiffs' experts, the

26 *Plata* Receiver, the *Coleman* Special Master, and Defendants.

27

28

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**INTERROGATORY NO. 6:**

What do YOU contend is the primary cause of the Constitutional violations found to exist by the Court in *Coleman v. Schwarzenegger*?

**RESPONSE TO INTERROGATORY NO. 6:**

The Legislator Intervenors object to this interrogatory on the following bases: 1) The interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors, collectively and through one representative, respond to this interrogatory. 2) The interrogatory seeks information that is equally available to Plaintiffs and is part of the public record, namely, the interrogatory requests information found in a court order. 3) The interrogatory is vague and ambiguous as to the term "primary cause." 4) The interrogatory is impermissibly vague and overbroad, because the existence of ongoing constitutional violations is still unresolved and in dispute. 5) The interrogatory calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert disclosures on or before the date designated by the Court.

Subject to and without waiving the foregoing objections, and based upon the Legislator Intervenors' understanding of the interrogatory, the Legislator Intervenors respond as follows: it is the Legislator Intervenors' understanding that the court in *Coleman v. Schwarzenegger* found that the cause of the constitutional violation was the inadequate state of mental health services provided to prison inmates in California correctional facilities.

To the extent Plaintiff seeks to elicit facts and information regarding whether overcrowding is the primary cause of the constitutional violation identified by the Court in *Coleman v. Schwarzenegger*, any constitutional violations in the delivery of mental health services can be attributed to numerous causes, one or more of which may or may not be the primary cause. These multiple causes have been identified by Plaintiffs, Plaintiffs' expert, the *Plata* Receiver, and Defendants. These causes include inadequate staff recruitment and retention, inadequate bed construction, and an inadequate information technology system for record keeping and medication management. The Legislator Intervenors direct Plaintiffs' attention to the *Plata* Receiver and *Coleman* Special Master's reports, which chronicle the myriad reasons for the difficulties in mental health care delivery.

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**INTERROGATORY NO. 7:**

What relief besides a PRISONER RELEASE ORDER do YOU contend will remedy the Constitutional violations found to exist by the Court in *Plata v. Schwarzenegger*?

**RESPONSE TO INTERROGATORY NO. 7:**

The Legislator Intervenors object to this interrogatory on the following bases: 1) The interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors, collectively and through one representative, respond to this interrogatory. 2) The interrogatory is vague and ambiguous as to the term "relief." 3) The interrogatory assumes that constitutional violations of the sort found in *Plata v. Schwarzenegger* are ongoing. Therefore, the interrogatory presents an incomplete hypothetical requiring the Legislator Intervenors to speculate as to the causes of the constitutional violations and to propose methods of correcting the violations. 4) The interrogatory is impermissibly vague and overbroad because the measure of achievement of constitutionally adequate medical care is unresolved and in dispute. 5) The interrogatory calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert disclosures on or before the date designated by the Court.

Subject to and without waiving the foregoing objections, and based upon the Legislator Intervenors' understanding of the interrogatory, the Legislator Intervenors respond as follows: the Court in *Plata v. Schwarzenegger* appointed the Receiver to bring CDCR into constitutional compliance, to the extent the Court had determined that the level of medical care provided to prison inmates fell below standards required by the United States Constitution. The Receiver filed a Plan of Action on November 15, 2007, outlining exactly what he intends to do to effectuate the Court's charge to bring the CDCR into compliance. Allowing the Receiver time to see his Plan of Action through to fruition is an alternative to a Prisoner Release Order.

For example, the Receiver has undertaken to establish a viable information technology system, with recordkeeping and medication management and monitoring functions, as well as a pharmacy system. This is a keystone issue in ensuring constitutional compliance, according to Plaintiffs' own expert, Dr. Ronald Shansky. Implementation of this information technology system will occur in the near term.

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Furthermore, the California State Legislature has dramatically increased medical spending per

2    inmate. In the year 2000, the average medical expenditure per inmate was $4,500. In 2007, the

3    average medical expenditure was approximately $13,889, including staff and administrative costs

4    (amounting to roughly $2000). Continued increases in per inmate medical expenditures have and will

5    aid the provision of constitutionally compliance medical services to inmates.

6    Legislative initiatives such as Assembly Bill 900, subsequent legislation allowing for bonds to

7    issue to fund initiatives outlined by Assembly Bill 900, and legislation otherwise appropriating funding

8    requested by the Receiver, will allow the creation of additional medical facilities within California

9    correctional facilities, refurbishment of existing facilities, increased salaries for medical personnel and

10   staff that will assist in recruitment and retention, and advancement and maintenance of the information

11   technology system outlined by the Receiver.

12   **INTERROGATORY NO. 8:**

13   If YOU contend that relief other than a PRISONER RELEASE ORDER would remedy the

14   Constitutional violations found to exist by the Court in *Plata v. Schwarzenegger*, state the date by

15   which that other relief would remedy the violations.

16   **RESPONSE TO INTERROGATORY NO. 8:**

17   The Legislator Intervenors object to this interrogatory on the following bases: 1) The

18   interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,

19   collectively and through one representative, respond to this interrogatory. 2) The interrogatory is

20   impermissibly vague and overbroad because the measure of achievement of constitutionally adequate

21   medical care is unresolved and in dispute. 3) The interrogatory assumes that constitutional violations

22   of the sort found in *Plata v. Schwarzenegger* are ongoing. Therefore, the interrogatory presents an

23   incomplete hypothetical requiring the Legislator Intervenors to speculate as to the causes of the

24   constitutional violations and to propose methods of correcting the violations. 4) The interrogatory

25   calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert

26   disclosures on or before the date designated by the Court.

27   Subject to and without waiving the foregoing objections, based on the Legislator Intervenors'

28   understanding of the interrogatory, and based upon assumptions made by Plaintiffs, the Legislator

10

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    Intervenors respond as follows: because the number of inmates housed by the CDCR is not the

2    primary cause of any constitutional violation of Plaintiffs' rights, the reduction of prisoners is not a

3    factor in the time frame for providing such care. The Legislator Intervenors direct Plaintiffs' attention

4    to Defendant Tilton's response to the *Plata* Plaintiffs' Interrogatory Nos. 2, 4. The Legislator

5    Intervenors also direct Plaintiffs to the Receiver's Plan of Action, which anticipates full

6    implementation by the year 2012. The Legislator Intervenors believe that many, if not all, correctional

7    facilities are providing constitutionally adequate medical services, therefore, compliance has already

8    been achieved or will be achieved sometime before the date anticipated by the Receiver's Plan of

9    Action.

10   **INTERROGATORY NO. 9:**

11        What relief besides a PRISONER RELEASE ORDER do YOU contend will remedy the

12   Constitutional violations found to exist by the Court in *Coleman v. Schwarzenegger*?

13   **RESPONSE TO INTERROGATORY NO. 9:**

14        The Legislator Intervenors object to this interrogatory on the following bases: 1) The

15   interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,

16   collectively and through one representative, respond to this interrogatory. 2) The interrogatory is

17   vague and ambiguous as to the term "relief." 3) The interrogatory assumes that constitutional

18   violations of the sort found in *Coleman v. Schwarzenegger* are ongoing. Therefore, the interrogatory

19   presents an incomplete hypothetical requiring the Legislator Intervenors to speculate as to the causes of

20   the constitutional violations and to propose methods of correcting the violations. 4) The interrogatory

21   is impermissibly vague and overbroad because the measure of achievement of constitutionally

22   adequate mental health care is unresolved and in dispute. 5) The interrogatory calls for premature

23   disclosure of expert opinions. The Legislator Intervenors shall make their expert disclosures on or

24   before the date designated by the Court.

25        Subject to and without waiving the foregoing objections, and based upon the Legislator

26   Intervenors' understanding of the interrogatory, the Legislator Intervenors respond as follows: the

27   Court in *Coleman v. Schwarzenegger* appointed the Special Master to assist the CDCR in achieving

28   constitutional compliance to the extent the Court had determined that the level of mental health care

1  provided to prison inmates fell below standards required by the United States Constitution. The

2  Special Master has made significant progress over time in recruiting mental health care personnel and

3  staff and ensuring facilities are available for inmates. Allowing the Special Master to continue his

4  efforts alleviates the need for a Prisoner Release Order.

5          In conjunction with the efforts of the Special Master, the Receiver appointed in the *Plata v.*

6  *Schwarzenegger* litigation filed a Plan of Action on November 15, 2007, outlining exactly what he

7  intends to do to effectuate the Court's charge to ensure the provision of constitutionally adequate

8  medical care by the CDCR. The Plan of Action will not only ensure constitutionally compliant

9  medical services, but will enhance the mental health care provided by the CDCR. For example, the

10 Receiver has undertaken to establish a viable information technology system, with recordkeeping and

11 medication management and monitoring functions, as well as a pharmacy system. Implementation of

12 this information technology system will occur in the near term and will necessarily enhance the

13 management, monitoring, and overall care provided by mental health personnel.

14         Furthermore, the California State Legislature has dramatically increased medical spending per

15 inmate. These medical expenditures include expenditures for mental health services. In the year 2000,

16 the average medical expenditure per inmate was $4,500. In 2007, the average medical expenditure was

17 approximately $13,889, including staff and administrative costs (amounting to roughly $2,000).

18 Continued increases in per inmate expenditures have and will aid the provision of constitutionally

19 compliance medical services to inmates.

20         Legislative initiatives such as Assembly Bill 900, subsequent legislation allowing for bonds to

21 issue to fund initiatives outlined by Assembly Bill 900, and legislation otherwise appropriating funding

22 requested by the Receiver and Special Master, will allow the creation of additional medical facilities

23 within California correctional facilities, including mental health facilities, refurbishment of existing

24 facilities, increased salaries for mental health personnel and staff that will assist in recruitment and

25 retention, and advancement and maintenance of the information technology system outlined by the

26 Receiver.

27

28

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1    **INTERROGATORY NO. 10:**

2          If YOU contend that relief other than a PRISONER RELEASE ORDER would remedy the

3    Constitutional violations found to exist by the Court in *Coleman v. Schwarzenegger*, state the date by

4    which that other relief would remedy the violations.

5    **RESPONSE TO INTERROGATORY NO. 10:**

6          The Legislator Intervenors object to this interrogatory on the following bases:  1) The

7    interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,

8    collectively and through one representative, respond to this interrogatory.  2) The interrogatory is

9    impermissibly vague and overbroad because the measure of achievement of constitutionally adequate

10   medical care is unresolved and in dispute.  3) The interrogatory assumes that constitutional violations

11   of the sort found in *Plata v. Schwarzenegger* are ongoing.  Therefore, the interrogatory presents an

12   incomplete hypothetical requiring the Legislator Intervenors to speculate as to the causes of the

13   constitutional violations and to propose methods of correcting the violations.  4) The interrogatory

14   calls for premature disclosure of expert opinions.  The Legislator Intervenors shall make their expert

15   disclosures on or before the date designated by the Court.

16         Subject to and without waiving the foregoing objections, and based on the Legislator

17   Intervenors' understanding of the interrogatory, and based upon assumptions made by Plaintiffs, the

18   Legislator Intervenors respond as follows:  because the number of inmates housed by the CDCR is not

19   the primary cause of any constitutional violation of Plaintiffs' rights, the reduction of prisoners is not a

20   factor in the time frame for providing such care.  The Legislator Intervenors direct Plaintiffs' attention

21   to Defendants' response to *Coleman* Plaintiffs' Interrogatory No. 4.  The Legislator Intervenors believe

22   that many, if not all, correctional facilities are providing constitutionally adequate mental health care

23   services, therefore, compliance has already been achieved or compliance will be achieved sometime

24   before the date anticipated by the Receiver's Plan of Action.

25   **INTERROGATORY NO. 11:**

26         Describe in detail any way in which a PRISONER RELEASE ORDER would adversely affect

27   public safety in the State of California.

28

                                            13

**RESPONSE TO INTERROGATORY NO. 11:**

The Legislator Intervenors object to this interrogatory on the following bases: 1) The interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors, collectively and through one representative, respond to this interrogatory. 2) The Legislator Intervenors also object because the interrogatory is vague and ambiguous with respect to the term "Prison Release Order." As Plaintiffs have not specified the terms and scope of any such prison release order, Defendants cannot speculate as to how an as-yet undetermined order would adversely affect public safety. 3) The Legislator Intervenors object because the interrogatory is vague and ambiguous with respect to the term "detail." 4) The Legislator Intervenors also object because the interrogatory is vague and ambiguous with respect to the terms "adversely affect." 5) The interrogatory calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert disclosures on or before the date designated by the Court.

Subject to and without waiving the foregoing objections, and based on the Legislator Intervenors' understanding of the interrogatory, the Legislator Intervenors anticipate that a prisoner release order that would involve any court-imposed reduction in the CDCR inmate population would have grave effects on public safety, including increased crime stemming from early release of prisoners or failure to incarcerate prisoners who otherwise would have been incarcerated, increased crime due to strain on state and local resources, including law enforcement, criminal justice, and social service providers, increased crime based on an evisceration of the deterrent value of incarceration, and increased risk to the safety and welfare of inmates released by any prisoner release order.

**INTERROGATORY NO. 12:**

Describe in detail any way in which a PRISONER RELEASE ORDER would adversely affect the operation of a criminal justice system in the State of California.

**RESPONSE TO INTERROGATORY NO. 12:**

The Legislator Intervenors object to this interrogatory on the following bases: 1) The interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors, collectively and through one representative, respond to this interrogatory. 2) The Legislator Intervenors also object because the interrogatory is vague and ambiguous with respect to the term

14

1   "Prison Release Order." As Plaintiffs have not specified the terms and scope of any such prison release

2   order, Defendants cannot speculate as to how an as-yet undetermined order would adversely affect

3   public safety. 3) The Legislator Intervenors object because the interrogatory is vague and ambiguous

4   with respect to the term "detail." 4) The Legislator Intervenors also object because the interrogatory is

5   vague and ambiguous with respect to the terms "adversely affect." 5) The Legislator Intervenors also

6   object because the interrogatory is vague and ambiguous with respect to the terms "operation of a

7   criminal justice system." As the Legislator Intervenors are not responsible for the operation of a

8   criminal justice system, their response to this interrogatory calls for speculation. 6) The interrogatory

9   calls for premature disclosure of expert opinions. The Legislator Intervenors shall make their expert

10   disclosures on or before the date designated by the Court.

11        Subject to and without waiving the foregoing objections, and based on the Legislator

12   Intervenors' understanding of the interrogatory, the Legislator Intervenors anticipate that a prisoner

13   release order that would involve any court-imposed reduction in the CDCR inmate population would

14   lead to increased crime levels and an increased number of offenders prematurely returned to their

15   communities, which would strain the resources of the criminal justice system. Moreover, a prisoner

16   release order would likely exacerbate backlogs in the adjudication of criminal cases, impact decisions

17   to prosecute or to charge offenders, and hinder implementation of local diversion programs, re-entry

18   programs, and similar initiatives.

19   **INTERROGATORY NO. 13:**

20        State each assembly bill number and senate bill number introduced each year since 2000 that

21   would have improved prison medical care, if it passed.

22   **RESPONSE TO INTERROGATORY NO. 13:**

23        The Legislator Intervenors object to this interrogatory on the following bases: 1) The

24   interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,

25   collectively and through one representative, respond to this interrogatory. 2) The interrogatory

26   impermissibly presents a hypothetical requiring the Legislator Intervenors to speculate as to the effect

27   of bills that were not passed for several reasons, including reasons unknown to the Legislator

28   Intervenors. 3) This interrogatory is unduly onerous, as it seeks information spanning the past eight

1   years that requires extensive legislative research of information that is largely within the public record
2   and equally accessible to Plaintiffs.

3         Subject to and without waiving the foregoing objections, the Legislator Intervenors respond as
4   follows:  The Legislator Intervenors direct Plaintiffs' attention to the recently-introduced Senate Bill
5   1705, which contains provisions necessary to the total implementation of AB 900.  The status of SB
6   1705 is still pending.

7         The Legislator Intervenors acknowledge that over the past eight years, numerous bills have
8   touched upon medical health care in the prisons.  The Legislator Intervenors do not contend that these
9   bills would have had any effect, positive or negative, on prison medical health care, had they passed, as
10  such a contention would be entirely speculative.

11  **INTERROGATORY NO. 14:**

12        State each assembly bill number and senate bill number that passed since 2000 that YOU
13  contend has improved prison medical care.

14  **RESPONSE TO INTERROGATORY NO. 14:**

15        The Legislator Intervenors object to this interrogatory on the following bases: 1) The
16  interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,
17  collectively and through one representative, respond to this interrogatory.  2) This interrogatory is
18  unduly onerous, as it seeks information spanning the past eight years that requires extensive legislative
19  research of information that is largely within the public record and equally accessible to Plaintiffs.

20        Subject to and without waiving the foregoing objections, the Legislator Intervenors respond as
21  follows:  the Legislator Intervenors recognize that numerous bills have contributed to the improved
22  delivery of medical health care in CDCR's correctional facilities.  The Legislator Intervenors cite the
23  following examples:

24        ▪   AB 1740 (2000): appropriations of $585,080,000 for medical, mental, and dental health
            care for CDCR (CDCR expenditures ultimately totaled $676,603,403)
25
26        ▪   SB 739 (2001): appropriations of $663,783,000 for medical, mental, and dental health care
            for CDCR (CDCR expenditures ultimately totaled $796,773,467).

27        ▪   AB 425 (2002): appropriations of $835,879,000 for medical, mental, and dental health care
            for CDCR (CDCR expenditures ultimately totaled $878,940,830).
28

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

- AB 1765 (2003): appropriations of $907,098,000 for medical, mental, and dental health care for CDCR (CDCR expenditures ultimately totaled $967,821,280).

- SB 1113 (2004): appropriations of $940,763,000 for medical, mental, and dental health care for CDCR (CDCR expenditures ultimately totaled $1,052,375,319).

- SB 77 (2005): appropriations of $1,037,722,000 for medical, mental, and dental health care for CDCR (CDCR expenditures ultimately totaled $1,481,424,818).

- AB 1801 (2006): appropriations of $1,410,447,000 for medical, mental, and dental health care for CDCR.

- SB 77 (2007): appropriations $1,929,070,000 for medical, mental, and dental health care for CDCR.

- AB 296 (Negrete-McLeod/2005-06)

- AB 478 (Lieber/2005-06)

- AB 384 (Leslie/2003-04)

The Legislator Intervenors reserve the right to supplement this list, as discovery is ongoing, and moreover, bills passed by the Legislature may be in different stages of implementation. The following bills were passed within the 2007-2008 year, and have already and/or will improve prison mental health care:

- AB 900 (Solorio/Aghazarian/2007-08)

- SB 99 (Budget & Fiscal Review Committee/2007-08)

- AB 1539 (Kreokorian/2007-08)

**INTERROGATORY NO. 15:**

State each assembly bill number and senate bill number introduced each year since 2000 that would have improved prison mental health care, if it passed.

**RESPONSE TO INTERROGATORY NO. 15:**

The Legislator Intervenors object to this interrogatory on the following bases: 1) The interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors, collectively and through one representative, respond to this interrogatory. 2) The interrogatory impermissibly presents a hypothetical requiring the Legislator Intervenors to speculate as to the effect of bills that were not passed for several reasons, including reasons unknown to the Legislator Intervenors. 3) This interrogatory is unduly onerous, as it seeks information spanning the past eight

17

1  years that requires extensive legislative research of information that is largely within the public record

2  and equally accessible to Plaintiffs.

3      Subject to and without waiving the foregoing objections, the Legislator Intervenors respond as

4  follows: The Legislator Intervenors direct Plaintiffs' attention to the recently-introduced Senate Bill

5  1705, which contains provisions necessary to the total implementation of AB 900. The status of SB

6  1705 is still pending.

7      The Legislator Intervenors acknowledge that over the past eight years, numerous bills have

8  touched upon mental health care in the prisons. The Legislator Intervenors do not contend that these

9  bills would have had any effect, positive or negative, on prison mental health care, had they passed, as

10  such a contention would be entirely speculative.

11  **INTERROGATORY NO. 16:**

12      State each assembly bill number and senate bill number that passed since 2000 that YOU

13  contend has improved prison mental health care

14  **RESPONSE TO INTERROGATORY NO. 16:**

15      The Legislator Intervenors object to this interrogatory on the following bases: 1) The

16  interrogatory is not directed at any individual legislator; therefore, the Legislator Intervenors,

17  collectively and through one representative, respond to this interrogatory. 2) This interrogatory is

18  unduly onerous, as it seeks information spanning the past eight years that requires extensive legislative

19  research of information that is largely within the public record and equally accessible to Plaintiffs.

20      Subject to and without waiving the foregoing objections, the Legislator Intervenors respond as

21  follows: the Legislator Intervenors recognize that numerous bills have contributed to the improved

22  delivery of mental health care in CDCR's correctional facilities. The Legislator Intervenors cite the

23  following examples:

24  · AB 1740 (2000): appropriations of $585,080,000 for medical, mental, and dental health
       care for CDCR (CDCR expenditures ultimately totaled $676,603,403)

25

26  · SB 739 (2001): appropriations of $663,783,000 for medical, mental, and dental health care
       for CDCR (CDCR expenditures ultimately totaled $796,773,467).

27  · AB 425 (2002): appropriations of $835,879,000 for medical, mental, and dental health care
       for CDCR (CDCR expenditures ultimately totaled $878,940,830).

28

- AB 1765 (2003): appropriations of $907,098,000 for medical, mental, and dental health care for CDCR (CDCR expenditures ultimately totaled $967,821,280).

- SB 1113 (2004): appropriations of $940,763,000 for medical, mental, and dental health care for CDCR (CDCR expenditures ultimately totaled $1,052,375,319).

- SB 77 (2005): appropriations of $1,037,722,000 for medical, mental, and dental health care for CDCR (CDCR expenditures ultimately totaled $1,481,424,818).

- AB 1801 (2006): appropriations of $1,410,447,000 for medical, mental, and dental health care for CDCR.

- SB 77 (2007): appropriations of $1,929,070,000 for medical, mental, and dental health care for CDCR.

- AB 296 (Negrete-McLeod/2005-06)

- AB 478 (Lieber/2005-06)

- AB 384 (Leslie/2003-04)

The Legislator Intervenors reserve the right to supplement this list, as discovery is ongoing, and moreover, bills passed by the Legislature may be in different stages of implementation. The following bills were passed within the 2007-2008 year, and have already and/or will improve prison mental health care:

- AB 900 (Solorio/Aghazarian/2007-08)

- SB 99 (Budget & Fiscal Review Committee/2007-08)

- AB 1539 (Kreokorian/2007-08)

DATED: July 25, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Chad A. Stegeman
Attorney for Republican Assembly and Senator
Defendant-Intervenors

19

**VERIFICATION**

I, TODD SPITZER, declare:

    I am a California Assemblymember representing California Assembly District 71, and I am a named Intervenor in this action. I am authorized to make this verification under Federal Rule of Civil Procedure 33 on behalf of the Legislator Intervenors.

    I have read the foregoing LEGISLATOR INTERVENORS' RESPONSES TO COLEMAN PLAINTIFFS' FIRST SET OF INTERROGATORIES, and know the contents thereof. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 24th, 2008 at Sacramento, California.

_(signature)_

TODD SPITZER

20

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On July 25, 2008, I served the foregoing document(s) described as: **Legislator Intervenors' Response to Plaintiffs' First Set of Interrogatories** on the interested party(ies) below, using the following means:

### SEE ATTACHED SERVICE LIST

☐ BY PERSONAL SERVICE I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 25, 2008, at San Francisco, California.

NANCIE R. WARD

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**SERVICE LIST**

Paul B. Mello, Esq.
pmello@hansonbridgett.com
Hanson Bridgett Marcus Vlahos & Rudy
LLP-SF
425 Market Street, 26th Floor
San Francisco, CA 94105

Donald Specter
dspecter@prisonlaw.com
Alison Hardy
ahardy@prisonlaw.com
Prison Law Office
1917 Fifth Street
Berkeley, CA 94710

Michael W. Bien, Esq.
mbien@rbg-law.com
Lori Rifkin
lrifkin@rbg-law.com
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

Jeffrey L. Bornstein
Kirkpatrick & Lockhart
55 Second Street, Suite 1700
San Francisco, CA 94105-3493

Alan Tate
atate@RivCoDA.org
William E. Mitchell
wemitchell@rivcoda.org
District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

California Sheriff, Probation, Police Chief
and Corrections Intervenors
Jones & Mayer LLP
Ivy M. Tsai
imt@jones-mayer.com
Michael R. Capizzi
mrc@jones-mayer.com
Kimberly Hall Barlow
khb@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, CA 92835

California Correctional Peace Officer's
Association (CCPOA) Inventors
Greg MacClean Adam Carroll
gadam@cbmlaw.com
Jennifer Spencer Stoughton
jstoughton@cbmlaw.com
Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Office of the Attorney General
Michelle Devorah Igra
Misha.Igra@doj.ca.gov
Rochelle C. East
Rochelle.east@doj.ca.gov
Charles J. Antonen
Charles.Antonen@doj.ca.gov
1300 I St
Sacramento, CA 95814

County of Santa Clara Intervenors
Theresa Fuentes
theresa.fuentes@cco.sccgov.org
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, CA 94110

Anne L. Keck
akeck@sonoma-county.org
Office of Sonoma County Counsel
575 Administration Drive, Suite 105a
Santa Rosa, CA 95401

Lisa A. Tillman
Lisa.Tillman@doj.ca.gov
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814

Claudia B Center, Legal Aid Society
Employment Law Center
600 Harrison Street, Suite 120
San Francisco, CA 94107

22

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1

2   Warren E. George                    Richard Goff
    Bingham McCutchen                   Heller, Ehrman White & McAuliffe
3   3 Embarcadero Center, 24th Floor    701 Fifth Avenue
    San Francisco, CA 94104             Seattle, WA 98104

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGISLATOR INTERVENORS' RESPONSE TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES