| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>E. IVAN TRUJILLO, Bar No. 228790<br>SARA NORMAN, Bar No. 189536<br>ALISON HARDY, Bar No. 135966<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LORI RIFKIN, Bar No. 244081<br>LISA ELLS, Bar No. 243657<br>MARIA V. MORRIS, Bar No. 223903<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 |
| KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: (415) 882-8200 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　vs.<br>　　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**JOINT STATEMENT PURSUANT TO AUGUST 26, 2008 ORDER** |

On August 26, 2008, the Court requested a joint statement indicating whether the claims of privileges for certain specified documents were in dispute. *Coleman* Docket No. ("Dkt.") 2985.

The privilege assertions for documents listed in paragraphs 1, 2, and 3 of the Court's Order are not in dispute.

The attorney-client privilege and work-product protection assertions listed for the documents listed in paragraphs 4 and 5 of the Order are not in dispute. The deliberative process privilege assertion for these documents remains in dispute, both on procedural grounds related to the privilege logs and supporting declarations, and pursuant to the issue of whether the need for the documents outweighs the privilege.

There are five documents on Defendants' August 5, 2008 privilege log that were challenged on attorney-client grounds for which work-product protection was asserted but was not specifically challenged. These are listed as documents 187-190 and 195 on the privilege log.

Plaintiffs maintain that these documents, on the face of the log, do not appear to meet the requirements of the work-product doctrine, in that the attorneys listed on the log as authors or recipients are not the attorneys engaged in the litigation, and the descriptions of the documents do not suggest that they were created in anticipation of litigation. Although they have not been specifically challenged on work product grounds, Defendants have the burden of proving the applicability of every privilege they assert and an abusive assertion of a privilege should not be permitted. Plaintiffs therefore request that, if the Court reviews these documents *in camera* to determine the applicability of the attorney-client or deliberative process privilege and sees that they clearly do not meet the criteria for the work product doctrine, they should not be protected from disclosure.

The Defendants contend that the only attorney-client privileged documents currently in dispute and before this Court from the August 5, 2008 log are Log entry numbers 4, 171, 187-190, 195 and 364-366. Defendants further contend that Log entry numbers 187-190 that are subject to claims of work product protection in addition to claims of attorney-client privilege

have only been challenged under the attorney-client privilege.  *See* Docket Nos. 2937 & 2962. Moreover, Defendants contend that Log entry number 195 that is subject to claims of work-product protection in addition to claims of attorney-client and deliberative process privileges has only been challenged under the attorney-client and deliberative process privileges.  *Id.*  The parties agree that Plaintiffs' have not challenged these documents on work product grounds. Because Plaintiff failed to challenge any of the documents currently in dispute as to the work product privilege, and there is no record of a dispute in connection with those documents the work product privilege is not before this Court and should not be considered when assessing whether the attorney-client and deliberative process privileges apply.  Should the Court find other privileges inapplicable, these documents cannot be ordered produced because the work product protection still applies.  Should the Court consider the work product assertion for these documents during its *in camera* review, Defendants maintain that these documents satisfy the requirements of the work product protection.

Dated:  August 28, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Maria V. Morris*
    Maria V. Morris
    Attorney for *Coleman* Plaintiffs and on
    Behalf of *Plata* Plaintiffs

Dated: August 28, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California

By: */s/ Danielle F. O'Bannon*
    Danielle F. O'Bannon
    Deputy Attorney General
    Attorneys for Defendants