1  ROD PACHECO
   District Attorney, County of Riverside
2  WILLIAM E. MITCHELL
   Assistant District Attorney
3  4075 Main Street, First Floor
   Riverside, California 92501
4  Telephone: (760) 863-8436
   Fax: (951) 955-0190
5  William E. Mitchell
   Assistant District Attorney
6  (CSB # 108483)

7  Attorneys for District Attorney
   Defendant Intervenors
8
   Steven S. Kaufhold
9  Chad A. Stegeman
   Akin Gump Strauss Hauer & Feld, LLP
10 580 California, Suite 1500
   San Francisco, CA 94104-1036
11 Telephone: 415-765-9500
   Facsimile: 415-765-9501
12
   Attorneys for Republican Senator
13 and Assembly Intervenors

14

15 Ann Miller Ravel, County Counsel
   Theresa J. Fuentes, Deputy County
16 Counsel
   Office of the County Counsel
17 70 West Redding, East Wing, 9`h Floor
   San Jose, California 95110-1770
18 Telephone: (408) 299-5900
   Facsimile: (408) 292-7240
19
   Attorneys for Intervenor
20 County of Santa Clara

21 Michael P. Murphy, County Counsel
   Carol L. Woodward, Deputy County Counsel
22 Office of the County Counsel
   Hall of Justice and Records
23 400 County Center, 6th Floor
   Redwood City, CA 94063
24 Telephone: (650) 363-4746
    Facsimile: (650) 363-4034
25

26 Attorneys for Intervenor
   County of San Mateo
27

   JONES & MAYER
   Martin J. Mayer (SB # 73890)
   Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
   Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
   Fullerton, California 92835
   Telephone: (714) 446-1400
   Fax: (714) 446-1448

   Attorneys for Law Enforcement
   Intervenor-Defendants


   Steven M. Woodside #58684
   County Counsel
   Anne L. Keck #136315
   Deputy County Counsel
   County of Sonoma
   575 Administration Drive, Room lOSA
   Santa Rosa, California 95403-2815
   Telephone: (707) 565-2421
   Fad: (707) 565-2624

   Attorneys for Intervenors The
   County of Sonoma Intervenors


   Dennis Marshall, County Counsel
   Kelly Duncan Scott, Deputy
   County of Santa Barbara
   105 E. Anapamu St., Suite 201
   Santa Barbara, CA 93101
   (805) 568-2950 /FAX: (805) 568-2982

   Attorneys for Intervenors
   County of Santa Barbara

28

-1-

DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR
CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS
AND AUTHORITIES IN SUPPORT

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN AND NORTHERN DISTRICTS OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No.:  C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>DEFENDANT INTERVENORS' REPLY TO OPPOSITION TO MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT THEREOF |

TO THE COURTS, TO ALL PARTIES AND TO THEIR RESPECTIVE

COUNSELS OF RECORD:

The Sheriff, Probation, Police Chief, and Corrections Intervenors; Republican

Senator and Assembly Intervenors, District Attorney Intervenors, County Intervenors and

Sonoma County Intervenors (hereinafter referred to collectively as the "Intervenors")

-2-
DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

1  hereby jointly and severally submit their brief in Reply to Plaintiff's Opposition to

2  Defendant-Intervenors' Motion for Clarification of this Court's Order for Pretrial

3  Preparation entered on July 2, 2008 (Docket No. 2859)(the "Order").

4

5  **I.    The Order Did Not Expressly Address the Treatment of Hybrid Percipient Expert Witnesses**

6

7         Plaintiffs argue that the Order is unambiguous with respect to the treatment of

8  those witnesses who are hybrid percipient experts, and assert that such witnesses are

9  required to provide expert reports.  However, the Order does not expressly address this

10  issue; consequently, the provisions of Federal Rules of Civil Procedure, Rule 26(b)(2)(B)

11  (hereinafter, "Rule 26(b)92)(B)") determine whether expert reports are required.  The

12  parties disagree over the interpretation and application of Rule 26(b)(2)(B) in this regard,

13

14  and the plethora of case law interpreting that rule demonstrate that the answer to this

15  question, contrary to Plaintiffs' bravado, is uncertain.

16         The Court's intent regarding the treatment of percipient expert witnesses does not

17

18  appear on the face of the Order.  Yet, when other courts have intended to require

19  percipient experts to file written reports, they have expressly stated so in their pre-trial

20  orders, as such a requirement appears contrary to the regular provisions of Rule

21  26(b)(2)(B). (See, e.g., *Meridian Project Systems, Inc. v. Hardin Construction Company,*

22  *LLC,* 2006 WL 3147680 (E.D. Cal. 2006); *Vines v. United States of America,* 2008 WL

23  801303 (E.D. Cal. 2008).)  For example, the courts in the two above-referenced cases

24

25  both entered pre-trial orders in which they exercised their discretion under Rule

26  26(b)(2)(B) to require percipient experts to file written reports above and beyond the

27

28

-3-

1  Rule's requirements, by defining the word "experts" differently from the Rule:

> For the purposes of this order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

(*Meridian*, 2006 WL 3147680, slip op. at p. 2 [italics removed]; *Vines*, 2008 WL 801303, slip op, at p. 5 [italics removed].)  Because the Order in the instant case lacks an express definition of the term "experts," the Court's intent with respect to the designation of experts and submission of Rule 26(b)(2)(B) expert reports is uncertain.  As courts have not consistently interpreted the provisions of Rule 26(b)(2)(B) with respect to percipient experts, and due to Plaintiffs' dispute of Intervenors' interpretation of this Rule, Intervenors requested this Court to clarify its Order in this regard.

Equally important are the facts that the named Intervenor and employee expert-percipient witnesses have based their opinions on the data available to them in the course of their duties and their own general experience, have no training or expertise in preparing expert reports to explain such opinions, and are hard pressed to prepare them in short order.  In this sense, these experts are very much like treating physican experts who typically have been exempted from submitting expert reports -- see e.g. *McCloughan v. City of Springfield*, 208 F.R.D. 236, 240-243 (C.D.Ill. 2002) -- they learned the relevant facts which support their expert opinions, and arrived at their expert opinions, during their normal job duties, rather than being selected to review materials which they would not otherwise obtain or review specifically in order to render opinions

-4-

about them.    Clearly, for example, Yolo County Chief Probation Officer Don Meyer did not hire himself to review documents to give his opinions about the impacts a prisoner release order would have in Yolo County.  It is his job to run the Probation Department, assess its needs, prepare its budget, interact with the courts, the District Attorney, local police chiefs and the County Sheriff, as well as with public and private providers of programming and social services.  Part of his job involves his service on the Board of the Chief Probation Officers of California.  His job also involves assessing and dealing with the impacts of legislation and court orders on the operations of his department and the entire criminal justice system of Yolo County.

Intervenors' counsel have made clear through their designations and other communications with Plaintiffs' counsel that the proferred expert witnesses will be testifying based on their own knowledge, experience and observations.[1]  Requiring these parties and their top employees to produce expert reports is not only unnecessary to provide the information that Plaintiffs require to prepare for trial, but is unduly burdensome on parties who by statute are deemed to be critical parties to any proceedings relating to issuance of a prisoner release order.  It would be perverse indeed that the very expertise which renders their participation mandatory not only requires them to issue expert witness reports to effectuate that participation but requires them to waive the

---

[1]  Plaintiffs' opposition to Intervenors' Motion to Clarify focuses solely on some of the designated party employees in claiming that they should be treated as specially retained expert witnesses.  Approximately one-half of the Law Enforcement Intervenors are actually named parties to this case, and not employees.  It cannot reasonably be argued that the parties retained themselves as experts.  Likewise, the District Attorney Intervenors who are named as experts are parties to the case.  As to the County's, as public entities, they of course can only act through their elected and appointment officials, and should not for that reason be held to have "retained" them for purposes of this litigation.

-5-

1   attorney-client privilege afforded all other parties to the case.

2        It is simply unjust and unnecessary to require that Intervenors be required to waive

3   their attorney-client privileges relative to the presentation of their facts and opinions at

4

5   trial – an issue to which Plaintiffs have no reply.  Accordingly, even if Rule 26(b)(2)(B)

6   could be interpreted to require Intervenors and their employees to provide expert reports,

7   Intervenors request that this Court decline to require such expert reports, pursuant to the

8   discretion the Rule provides to the Court.

9

10  **II.    Intervenors' Percipient Expert Witnesses Are Designated to Testify**
        **Regarding Issues Within the Scope of their Duties as Public Officials**

11       Plaintiffs argue that Intervenors and their employees who have been designated to

12  testify in this case do so outside the scope of their normal duties.  Specifically, they argue

13

14  that assessing impacts of potential court orders on counties other than the county in which

15  the public officials are employed is outside the scope of their duties, and thus they are not

16  percipient experts.

17

18       Implicit in Plaintiffs' argument is their agreement that considering the affects of

19  outside influences, such as court orders for prisoner releases, on public safety within a

20  particular jurisdiction is a function within the scope of a public official's duty.  For

21  example, it is indisputable that it is within the purview of the duties of a Sheriff to

22  consider what affects a prisoner release order would have on public safety within his/her

23

24  county of jurisdiction, including but not limited to an increase in crime and an increase in

25  jail population.[2]  The Sheriff has a duty to anticipate such future impacts to properly plan

26

27  _____
    [2] County Sheriffs are part of the executive branch of the State government, over which the Governor is the supreme

28  -6-
    **DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR**
    **CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS**
    **AND AUTHORITIES IN SUPPORT**

1  for their contingency, inform the governing body regarding potential effects on services,

2  and plan for resource allocations and budget needs.  In addition, public officials do not

3  exercise these functions in a vacuum – they also must take into account the operations

4  and effects on other departments in their own counties and the effects on neighboring

5  counties, to consider whether there would be an overlapping affect on the county or

6  

7  whether and how to share resources and provide mutual aid.

8          For these reasons, considering the effects a prisoner release order would have on

9  the public officials' counties and neighboring counties are well within the duties and

10  responsibilities of their offices.  Indeed, the purpose and justification for Intervenors to

11  intervene in this action is itself a public duty function, to provide facts and opinions to the

12  Court to urge it not to enter a prisoner release order that would have a negative impact on

13  public safety, and to urge alternative remedies that would positively impact local

14  

15  jurisdictions.  See The Prison Litigation Reform Act  (PRLA), 18 U.S.C. §§ 3626, *et seq*.

16  When these public officials provide factual and opinion testimony to the Court on such

17  issues, they are acting in their capacity as public officials, and are simply different from

18  

19  retained experts who are paid money to gather data and espouse an opinion.  Such

20  differences in motivation, purposes, and scope of duties justify treating Intervenors and

21  their designated employee witnesses differently from those hired and retained by the

22  

23  parties.

24  

25  

26  executive power. (Cal. Const. Art. V, § 1.)  Sheriffs are duty-bound to preserve the peace (Government Code §26600), prevent and suppress any affrays, breaches of peace, riots and insurrections that come to their knowledge

27  (Government Code §26602), investigate public offenses which have been committed (*Id.*), and keep the county jails and the inmates therein (Government Code §26605; Penal Code §4000).

-7-

28  DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

### III.  Plaintiffs Have Noticed the Depositions of All of the Intervenor and Employee Percipient Expert Witnesses, and Have the Opportunity to Depose Them on Their Opinions and Bases Therefor

Plaintiffs attempt to argue that they would be significantly burdened and "prejudiced" if Intervenors and their employees are not required to provide expert reports under Rule 26(b)(2)(B).  Plaintiffs argue that they want the expert reports in advance of the depositions to allow counsel an opportunity to review and analyze the reports to assist in developing questions.

Plaintiffs' argument may have had some merit if they were without any idea of the substance of the Intervenors' percipient expert testimony: if they did not know the general topic area, they may have had some difficulty in formulating questions ahead of time.  But this is not the case in the proceeding at hand.  Intervenors have disclosed, in quite some detail, the areas in which they and their employees intend to testify.  Some of the Intervenors (Santa Clara and San Mateo Counties) provided detailed reports for their percipient expert witnesses, for the purpose of providing notice to the parties of the substance of their testimony.[3]  Plaintiffs cannot claim that Intervenors are hiding the ball regarding the subject area of their testimony, as they have repeatedly provided general information regarding the general nature of their testimony both orally and in writing even aside from the witness designations (including, but not limited to, settlement discussions pleadings and papers filed with the court, interrogatory responses, and

---

[3]  Plaintiffs fail to note that Santa Clara County provided reports for all three of its disclosed percipient expert witnesses. (See Declaration of Theresa Fuentes in Support of Reply to Plaintiffs' Corrected Opposition to Defendant Intervenors' Motion for Clarification for Pre-Trial Preparation, filed herewith.)  Both Santa Clara and Sonoma Counties also served expert reports for their retained experts. Additionally, the District Attorney and Law Enforcement Intervenors provided very detailed disclosures in their expert designations of both the backgrounds of

DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

responses to document production requests). These disclosures are more than sufficient to enable Plaintiffs to determine the subject areas of the expert opinions Intervenors and their designated employees intend to submit so as to prepare for their depositions.

In addition, it appears that Plaintiffs have not had any difficulty in deposing Intervenor percipient expert witnesses in the absence of expert reports to date, and appear to be satisfied with their understanding of the opinion testimony to be provided by these witnesses as well as the bases for their testimony. See Declaration of Anne L. Keck, regarding the Deposition of Sonoma County Sheriff-Coroner William Cogbill, ¶¶ 4-8; Declaration of Kimberly Hall Barlow regarding the depositions of Law Enforcement Intervenors' designated witnesses, ¶¶ 5 and 7.

Accordingly, any possible difficulty that Plaintiffs could have faced in the absence of receiving expert reports has been ameliorated by the substantial discovery Intervenors provided and their disclosure of witness information. Further, as this Court's Order requires, all such Intervenor and employee percipient expert witnesses will provide direct testimony in the form of declarations, which will allow Plaintiffs ample opportunity to prepare for their cross-examination at trial.

**IV.    Conclusion**

For the reasons set forth in their moving papers and as stated above, Defendant Intervenors respectfully request that this Court clarify its Order entered on July 2, 2008, to provide that Intervenors and their designated employees who are hybrid percipient expert witnesses are not required to file expert reports under the provisions of Rule

the witnesses but also the topics on which they would testify.

-9-

DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS AND AUTHORITIES IN SUPPORT

26(b)(2)(B), or alternatively, to exercise the Court's discretion by determining that such witnesses are not required to file expert reports.  Should the Court determine that such witnesses are required to prepare and disclose expert reports, Intervenors respectfully request that the Court grant them an additional 15 days after entry of that order to prepare and disclose such expert reports.

Respectfully submitted,

DATED:  September 2, 2008          COUNTY OF RIVERSIDE


By:_____/s/_____
WILLIAM E. MITCHELL
Assistant District Attorney
County of Riverside, California
Attorney for District Attorney
Intervenors

DATED:  September 2, 2008          JONES & MAYER


By:_____/s/_____
Kimberly Hall Barlow
Ivy M. Tsai
Attorneys for Sheriff, Probation,
Police Chief, and Corrections
Intervenor- Defendants


DATED:  September 2, 2008          AKIN GUMP STRAUSS HAUER & FELD


By:
Steven S. Kaufhold
Chad A. Stegeman
Attorneys for Republican Senator and
Assembly Intervenors

DEFENDANT INTERVENORS' REPLY BRIEF TO OPPOSITION TO MOTION FOR
CLARIFICATION OF ORDER FOR PRE-TRIAL PREPARATION AND POINTS
AND AUTHORITIES IN SUPPORT

| | |
|---|---|
| 1 | DATED:  September 2, 2008 |
| 2 | |

OFFICE OF THE SANTA CLARA COUNTY
COUNSEL

By: _____/s/_____
THERESA FUENTES_ for
The County Intervenors__

Dated:  September 2, 2008

SONOMA COUNTY INTERVENORS
Steven Woodside, County Counsel

By:_____/s/_____
ANNE L. KECK
Deputy County Counsel, Sonoma County
Attorneys for Sheriff William Cogbill, District
Attorney Passalacqua, Chief Probation Officer
Robert Ochs, and the County of Sonoma

-11-