1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Law Enforcement
8  Intervenor-Defendants

9

10        IN THE UNITED STATES DISTRICT COURTS

11     FOR THE EASTERN DISTRICT OF CALIFORNIA

12      AND THE NORTHERN DISTRICT OF CALIFORNIA

13  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,              Case No:  CIV S-90-0520 LKK JFM P

17        Plaintiffs,                   **THREE-JUDGE COURT**

18     vs.                             [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

19  ARNOLD SCHWARZENEGGER, et
    al.,
20        Defendants.                   **DECLARATION OF KIMBERLY HALL
                                        BARLOW IN SUPPORT OF REPLY TO
21                                      OPPOSITION TO MOTION FOR
                                        CLARIFICATION OF ORDER FOR
22                                      PRETRIAL PREPARATION**

23

24

25                                      Case No.:  C01-1351 TEH

26  MARCIANO PLATA, et al.,             **THREE-JUDGE COURT**

27        Plaintiffs,

28     vs.

                                    -1-

1

2  ARNOLD SCHWARZENEGGER, et al.,

3              Defendants.

4       I, KIMBERLY HALL BARLOW, declare as follows:

5       1.      I am one of the attorneys representing the Sheriff, Police Chief, Chief

6  Probation, and Corrections Chief Intervenors ("Law Enforcement Intervenors") in this

7  action. I have personal knowledge of the following facts and could and would testify

8  competently thereto if called upon.

9       2.      When we had to determine on behalf of the Law Enforcement Intervenors

10 whether we would retain an outside expert or have our clients testify as to opinions and

11 facts within their own knowledge and experience, we determined that the Sheriffs, Police

12 Chiefs and Chief Probation Officers who are parties to this case have direct experience

13 and knowledge that no retained expert could possibly absorb or replicate. Rather than

14 have all 67 of our clients offer testimony on alternatives to a prisoner release order and

15 the impacts of a release order on their local communities, we elected to designate selected

16 persons who could offer direct testimony regarding different size and types of

17 communities based upon their own work experience and observations.   We consciously

18 elected not to retain or specially employ anyone to provide expert testimony in this case

19 because of both the expense involved and because no hired gun could offer as direct and

20 compelling evidence than those who are on the front lines of public safety every day.

21      3.      On August 15, 2008, I prepared and served on all parties a disclosure of

22 expert witnesses as required by the Court's Order for Pretrial Preparation, identifying a

23 number of witnesses who are themselves Intervenors or their employees, specifically

24 indicating that they would be offering testimony on the basis of their own experience and

25 observations, thoroughly describing their qualifications as experts and fully disclosing the

26 topics on which they would testify as experts.  Plaintiffs attached a copy of that

27 designation to the Norman Declaration in support of Opposition to Motion to Clarify Pre-

28

-2-

DECLARATION OF KIMBERLY HALL BARLOW IN SUPPORT OF REPLY TO OPPOSITION TO MOTION
FOR CLARIFICATION OF ORDER FOR PRETRIAL PREPARATION

1    Trial Order as Exhibit A.

2        4.    On August 27, 2008, the Law Enforcement Intervenors served an amended

3    Exhibit Witness Designation which removed one individual as an expert (who is still

4    designated as a percipient witness), and clarified the description of testimony to be given

5    by the Law Enforcement Intervenors' designated experts.  For those witnesses who have

6    been designated to testify about impacts to their own communities and others around the

7    state, their ability to testify about issues outside of their communities are nonetheless

8    directly related to and arise from their job duties and not because they were specifically

9    asked to review documents relating to this litigation.  A true and correct copy of the Law

10   Enforcement Intervenors' amended expert witness designation is attached hereto as

11   Exhibit "A."

12       5.    For example, Plaintiffs have argued that Dr. Karen Dalton, Director of

13   Bureau Operations, who has already given testimony on behalf of the County of Los

14   Angeles Sheriff's Department as a "person most knowledgeable," would not have within

15   the scope of her employment knowledge regarding the impacts of a prisoner release order

16   on public safety.  Apart from the fact that this argument is completely unsupported by

17   any fact, it is completely erroneous.  In fact, at the time the Opposition to Intervenors'

18   Motion to Clarify was filed, Dr. Dalton has already testified about her years of training,

19   experience and background in overseeing programs and services for 20,000 inmates in

20   the Los Angeles County Sheriff's Department.  Los Angeles County is the point of origin

21   for one-third of the State's prison inmates, which means that one-third of those prisoners

22   who are likely to be subject to a prisoner release order will come back to Los Angeles

23   County.  Dr. Dalton works with homeless and mentally ill prisoners and administers a

24   $34 million dollar annual budget specifically to provide a vast range of inmate services.

25   She testified based on her personal knowledge what the impacts of a prisoner release

26   order would be on Los Angeles County and the programs she administers.  There is no

27   question that it is at the core of her position to anticipate and prepare for the impacts of a

28

-3-

1  prison release order on her county, department and inmate programs.  In addition, Dr.

2  Dalton testified that she served on the Little Hoover Commission on parole reform, as

3  well as the committee on Secure Reentry Facility – Community and Program

4  Requirements (AB 900), all long before this three judge panel was convened and the Los

5  Angeles County Sheriff intervened in this matter.

6      6.    Only those designated experts who have personal experience based on

7  employment related service on such committees and commissions, or through service in

8  statewide organizations such as the California State Sheriff's Association, California

9  Police Chief's Association or Chief Probation Officers of California, or through

10  employment with more than one law enforcement agency will be testifying regarding

11  impacts beyond their current employing agency.

12      7.    I have so far attended the depositions of one San Diego County PMK (John

13  Ingrassia), three Los Angeles County PMKs (Dr. Karen Dalton, Chief Alex Yim and Lt.

14  Stephen Smith), two Chief Probation Officers (Jerry Powers and Don Meyer), one Chief

15  of Police (Rich Word, Vacaville Police Chief and former Police Chief of Oakland), and

16  one Sheriff (Martin Ryan, Amador County Sheriff).  Other than Jerry Powers and John

17  Ingrassia, who were deposed by plaintiffs prior to the designation of expert witnesses, all

18  of the witnesses deposed by Plaintiffs have been asked and answered questions regarding

19  their expert backgrounds and experience, their personal knowledge of community

20  impacts likely to occur if a prisoner release order is entered and their opinions regarding

21  impacts to public safety, alternatives to a prisoner release order and the current state of

22  the criminal justice system (jails, probation, courts, etc.) in their communities.   Three

23  different lawyers have taken those depositions, and all that I have attended following the

24  designation of expert witnesses have been declared complete by the attorneys taking the

25  deposition.

26      I declare under penalty of perjury under the laws of the State of California that the

27  foregoing is true and correct.

28

-4-

1    Executed this 2nd day of September, 2008 in Fullerton, California.

2

3

4                                                   /s/
                                          _____
                                          KIMBERLY HALL BARLOW
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

1 | JONES & MAYER
Martin J. Mayer (SB # 73890)
2 | Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
3 | Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
4 | Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
5 | e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
6 | e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com
7
Attorneys for Law Enforcement
8 | Intervenor-Defendants

9

10                  IN THE UNITED STATES DISTRICT COURTS

11           FOR THE EASTERN DISTRICT OF CALIFORNIA

12           AND THE NORTHERN DISTRICT OF CALIFORNIA

13   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15 | RALPH COLEMAN, et al.,          | Case No:  CIV S-90-0520 LKK JFM P

16 |          Plaintiffs,            | **THREE-JUDGE COURT**

17 |
    vs.                             | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]
18 |
    ARNOLD SCHWARZENEGGER, et       | **LAW ENFORCEMENT
19 | al.,                           | INTERVENORS' AMENDED LIST OF
                                     | EXPERT WITNESSES INTENDED TO
20 |          Defendants.            | TESTIFY AT TRIAL**

21

22

23

24                                   | Case No.:  C01-1351 TEH

25 | MARCIANO PLATA, et al.,         | **THREE-JUDGE COURT**

26 |          Plaintiffs,

27 |
    vs.

28 | ARNOLD SCHWARZENEGGER, et

-1-

EXHIBIT

1 | al.,

2 |      Defendants.

3 | TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

4 |      Pursuant to the Three-Judge Court's order dated July 2, 2008 and Rule 26 of the

5 | Federal Rules of Civil Procedure, the Sheriff, Police Chief, Chief Probation, and

6 | Corrections Chief Intervenor-Defendants ("Law Enforcement Intervenors") hereby

7 | disclose the following list of all expert witnesses whom they intend to call to testify at

8 | trial. These witnesses are Law Enforcement Intervenors or their representatives, who are

9 | employees of Law Enforcement Intervenors, who are not specially employed to provide

10 | expert testimony in the case and whose duties do not regularly involve giving expert

11 | testimony. Their designated topics of testimony fall within the ordinary course and scope

12 | of their duties.

13 |      1.      Adam Christianson, Stanislaus County Sheriff. Sheriff Christianson is

14 | expected to testify regarding local facility capacity and court ordered population caps for

15 | Stanislaus County; alternatives to a prisoner release order, impact on public safety of a

16 | prisoner release order, including but not limited to, impacts on local jails of a state

17 | prisoner release order, adequacy of local corrections mental and medical healthcare

18 | system to handle influx of inmate population due to prisoner release order, impact on

19 | local law enforcement due to prisoner release order, and the impact on local criminal

20 | activity due to prisoner release order. A copy of his curriculum vitae is attached hereto.

21 |      2.      Richard Conklin, Chief Mental Health Clinician, San Diego County

22 | Sheriff's Department. Mr. Conklin is expected to testify regarding corrections mental

23 | health program development and administration in San Diego County; alternatives such

24 | as SB 618, and how a prisoner release order could negatively impact the success of SB

25 | 618 and similar programs; the Mentally Ill Offender Crime Reduction Act; and impacts

26 | of a prisoner release order on corrections mental health services for San Diego County.

27 | A copy of his curriculum vitae is attached hereto.

28 |      3.      Karen Dalton, Los Angeles County Sheriff's Department, Director of

LAW ENFORCEMENT INTERVENORS' AMENDED LIST OF EXPERT WITNESSES

1   Bureau Operations.  Ms. Dalton is expected to testify regarding inmate education and

2   services for the Los Angeles County Jail population; current criminal and penal justice

3   reform efforts in Los Angeles County; impacts of reforms on public safety in Los

4   Angeles County; diversion programs in Los Angeles County; impacts of a prisoner

5   release order on public safety; and impacts of a prisoner release order on Los Angeles

6   County's criminal justice system.  A copy of her curriculum vitae is attached hereto.

7        4.     Jerry Dyer, City of Fresno Police Chief.  Chief Dyer is expected to testify

8   regarding the impact of a prisoner release order on cities throughout the state in terms of

9   crime, fear of crime and the local criminal justice system; the impact of parolees in local

10  communities; and alternatives to a prisoner release order.  These topics of testimony are

11  limited to Chief Dyer's knowledge and experience as a Chief of Police and as the current

12  President of the California Police Chiefs Association. Chief Dyer has served as the Chief

13  of Police of the Fresno Police Department for seven years.  He has been a peace officer

14  for nearly thirty years.  He currently serves as the Chair for the California Central Valley

15  "High Intensity Drug Trafficking Area" Board.  He is also an Advisory Board member of

16  the Governor's California Gang Reduction Intervention Program and a voting member of

17  the Sacramento Regional Threat Assessment Center Governance Board.  Chief Dyer has

18  a BS in Criminology from the California State University at Fresno and a Master's

19  Degree in Management from the California Polytechnic University at Pomona.  He is also

20  a graduate of the California Commission on Peace Officer Standards and Training

21  (POST) Command College.

22       5.     John Ingrassia, San Diego County Sheriff's Department Commander,

23  Detention Services Bureau.  Commander Ingrassia is expected to testify regarding San

24  Diego County detention systems, and particularly the potential impacts to San Diego

25  County's criminal justice systems and detention facilities of a state prisoner release order.

26  A copy of his resume is attached hereto.

27       6.     Michael James, Orange County Assistant Sheriff.  Assistant Sheriff James

28  is expected to testify regarding AB 900 implementation at the county level; the Sheriff's

LAW ENFORCEMENT INTERVENORS' AMENDED LIST OF EXPERT WITNESSES

1   Department budget; and public safety impacts of a prisoner release order for Orange
2   County. Assistant Sheriff James has been with the Orange County Sheriff's Department
3   for over twenty-three years. Prior to being promoted to Assistant Sheriff, he served as
4   the Division Commander for the Support Services Division. He also served as the Chief
5   of Police Services for the City of Lake Forest and a Facility Lieutenant in charge of
6   special projects at the Theo Lacy Corrections Facility.

7         7.    Don Meyer, Yolo County Probation Chief. Chief Meyer is expected to
8   testify regarding funding for adult probation services; caseload sizes of adult probation
9   officers; percentage of probationers not supervised or under-supervised; evidence-based
10  and effective treatment programs and their ability to reduce the number of felons sent to
11  prison; the number of prison commitments on probation violations; findings of the
12  Probation Services Task Force; and probation reform, including out-of-state models.
13  His testimony will be based on his experiences and knowledge relating to his position as
14  the Yolo County Chief Probation Officer and also relating to his position as President-
15  elect of the Chief Probation Officers of California. A copy of his resume is attached
16  hereto.

17        8.    Jerry Powers, Stanislaus County Probation Chief. Chief Powers is expected
18  to testify regarding alternatives to a prisoner release order including full and adequate
19  funding of probation services in counties throughout the state as a means of reducing
20  recidivism and ultimately the long term reduction in prison population, as well as
21  risk/needs assessment improvement, programming for probationers and parolees, the
22  impacts of a prisoner release order on the County of Stanislaus, particularly to its
23  Probation Department, and to probation departments throughout the state. His testimony
24  will be based on his experiences and knowledge relating to his being a peace officer, his
25  position as the Stanislaus County Chief Probation Officer, and also relating to his
26  position as President of the Chief Probation Officers of California. Chief Powers has a
27  long career in probation, and was appointed the Chief Probation Officer for Stanislaus
28  County in November of 2002. Prior to joining the Stanislaus Probation Department in

2000, Chief Powers was an officer with the San Diego County Probation Department for a number of years, rising from Corrections Deputy Probation Officer to Supervising Probation Officer. As Chief Probation Officer of Stanislaus County, Chief Powers is responsible for the community supervision of approximately 8,000 adult and juvenile felons in Stanislaus County, as well as other counties in the state. It also operates a 158-bed detention facility for minors and younger adults under the age of twenty. Chief Powers holds state certifications in Adult/Juvenile Corrections Officer, Deputy Probation Officer, Corrections Supervisor, and Corrections Manager/Administrator. He has a BA in Psychology from the University of California at San Diego. He is currently serving his second term as President of the Chief Probation Officers of California. Chief Powers is also a Governor's appointee to the California Council on Criminal Justice and the California Sex Offender Management Board.

9.    Martin Ryan, Amador County Sheriff. Sheriff Ryan is expected to testify regarding the current state of his department's jail operations, facilities, and population, including overcrowding, and impacts of state prisoner releases; resources and funding for his department's operations and impact of state prisoner releases; AB 900 implementation; Amador County parolee population and risk/needs assessment of this population; the current state of county law enforcement and impacts of state prisoner releases; and impacts of state prisoner releases on the criminal justice system in Amador County. Sheriff Ryan has been a California peace officer for thirty-three years and has served at local and state levels. He began his career as the Chief Investigator for the Amador County District Attorney's Office. From 1981 to 2006, he was with California Bureau of Investigations of the California Department of Justice and served as its Chief from 1999 to 2006. He was elected as the Sheriff-Coroner of Amador County in 2006. He holds a BA in history from the University of California at Davis and is a graduate of the FBI National Academy, California Commission on Peace Officer Standards and Training (POST) Command College, and the U.C. Davis Executive Development Program.

10.     Stephen Smith, Los Angeles County Sheriff's Department Lieutenant, Custody Support Services.  Lieutenant Smith is expected to testify regarding impacts of a prisoner release order on public safety in Los Angeles County; impacts of a prisoner release order on Los Angeles County's criminal justice system; and diversion programs to incarceration.  Lieutenant Smith has been with the Los Angeles County Sheriff's Department since 1985.  As part of Custody Support Services, he reviews all custody policies and special projects and runs statistical information for the department.  Previously, he was the administrator for the department's correctional treatment center, which is the only treatment center of its kind licensed by the state at the local level.  He also previously served in the custody medical services bureau.

11.     Rich Word, City of Vacaville Police Chief.  Chief Word is expected to testify regarding impacts of a prisoner release order on public safety at the city level; the condition of current jail facilities; the state of resources for law enforcement at the city level; and crime faced by the local community and the impact of a prisoner release order. Chief Word's testimony will be based upon his experiences and knowledge as a peace officer and Police Chief, and as the immediate past president of the California Police Chiefs Association.  Prior to becoming Chief of the Vacaville Police Department, he was Chief of the Oakland Police Department, where he served as a peace officer beginning in 1984.  He has a BS in Business Administration from John F. Kennedy University and a Master of Public Administration from Golden Gate University.  He is a graduate of the FBI National Academy and the FBI National Executive Institute.

12.     Alexander R. Yim, Los Angeles County Sheriff's Department Chief, Correctional Services Division.  Chief Yim is expected to testify regarding the capacity and population of the department's jail facilities; overpopulation of the department's jails and methods to address it; policies and procedures regarding inmate release, and impacts of a prisoner release order on the County of Los Angeles.   Chief Yim is a 26-year veteran of the Los Angeles County Sheriff's Department.  The Correctional Services Division consists of the Inmate Reception Center, Medical Services Bureau, Transportation Bureau, Bureau of Offender Programs, Food Services Unit, and the

LAW ENFORCEMENT INTERVENORS' AMENDED LIST OF EXPERT WITNESSES

1  Mental Health Liasion Unit.  The Inmate Reception Center processes and releases an

2  average of 180,000 inmates per year, and the County's correctional facilities house an

3  average daily population of over 20,000 inmates.

4       Chief Yim was promoted to the rank of Commander in June 2004, and assumed

5  command of a section of the Correctional Services Division. Chief Yim's law

6  enforcement career began in August of 1982 when he worked at the

7  Personnel/Recruitment Unit of the Los Angeles County Sheriff's Department. He

8  attended and completed the Training Academy in February 1983. Upon graduation, he

9  was assigned to the Hall of Justice Jail, before transferring to Carson Station in October

10 of 1983. He has been assigned to several patrol, detective and administrative assignments

11 before returning to the correctional environment in 2004.  Chief Yim attended California

12 State University, Long Beach, earning a Bachelor of Science Degree in Occupational

13 Science in 2007.

14                                    Respectfully submitted,

15 DATED:   August 27, 2008          JONES & MAYER

16

17                                    By: _____
                                          Ivy M. Tsai
18                                        Attorneys for Law Enforcement
                                          Intervenor-Defendants
19

20

21

22

23

24

25

26

27

28

LAW ENFORCEMENT INTERVENORS' AMENDED LIST OF EXPERT WITNESSES

1

## PROOF OF SERVICE
## (§ 1013a, 2015.5 C.C.P.)

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the

4

within entitled action; my business address is: 3777 N. Harbor Boulevard, Fullerton, California 92835.

5

On **August 28, 2008**, I served the within **LAW ENFORCEMENT INTERVENORS'**

**AMENDED LIST OF EXPERT WITNESSES INTENDED TO TESTIFY AT TRIAL**, on

6

the interested parties in said action by placing [X] a true and correct copy or [ ] the delivered by one or

more of the means set forth below:

7

**SEE ATTACHED SERVICE LIST**

8

[x ]    *[Via Mail]*   By depositing said envelope with postage thereon fully prepaid in the United States

9

mail at La Habra, California. I am "readily familiar" with the firm's practice of collection and

processing correspondence for mailing. Under that practice, it would be deposited with the U.S.

10

Postal Service on that same day with postage thereon fully prepaid at Fullerton, California, in the

ordinary course of business. I am aware that on motion of the party served, service is presumed

11

invalid if postal cancellation date or postage meter date is more than one day after date of deposit

of mailing in affidavit.

12

[ ]    *[Personal Delivery]*   I cause the above referenced document(s) to be delivered to the addressee

13

set forth above.

14

[ ]    *[Overnight Courier]*   I caused the above referenced document(s) to be delivered to an overnight

delivery service, for delivery to the addressee(s) on the attached service list.

15

16

[ ]    *[Via Facsimile Transmission]*   I caused the above referenced document(s) to be transmitted to

the named person(s) to the fax number(s) set forth on the attached Service List.

17

[x]    *[Federal]*   I declare that I am employed in the office of a member of the bar of this court at

whose direction the service was made.

18

19

Executed on **August 28, 2008**, at Fullerton, California.

20

Rita J. Alger

21

22

23

24

25

26

27

28

**SERVICE LIST**

1

2   Prison Law Office                        K&L Gates LLP
    Donald Specter                           Jeffrey L. Bornstein
3   Steven Fama                              Edward P. Sangster
    E. Ivan Trujillo                         Raymond E. Loughrey
    Sara Norman                              55 Second Street, Suite 1700
4                                            San Francisco, CA 94105-3493
    Alison Hardy
5   Rebekah Evenson
    1917 Fifth Street
6   Berkeley, CA 94710

7   The Legal Aid Society–                   Rosen, Bien & Galvan, LLP
    Employment Law Center                    Michael W. Bien
8   Claudia Center                           Jane E. Kahn
    600 Harrison Street, Suite 120           Amy Whelan
9   San Francisco, CA 94107                  Lori Rifkin
                                             Lisa Ells
10                                           315 Montgomery Street, 10th Floor
                                             San Francisco, CA 94104

11  Bingham, McCutchen, LLP                  Natalie Leonard
    Warren E. George                         Gregg MacClean Adam
12  Three Embarcadero Center                 Carroll, Burdick & McDonough, LLP
    San Francisco, CA 94111                  44 Montgomery Street, Suite 400
13                                           San Francisco, CA 94104

14  Lisa A. Tillman                          Paul B. Mello, Esq.
    Deputy Attorney General                  Hanson Bridgett LLP
15  P. O. Box 944255                         425 Market Street, 26th Floor
    Sacramento, CA 94244-2550                San Francisco, CA 94105
16
    Steven S. Kaufhold                       William E. Mitchell
17  Teresa Wang                              Assistant District Attorney
    Akin Gump Strauss Hauer & Feld, LLP      Riverside County District Attorney's Office
18  580 California, Suite 1500               4075 Main Street, First Floor
    San Francisco, CA 94104-1036             Riverside, CA 92501
19
    Anne L. Keck, Deputy County Counsel      Rochelle East
20  Steven Woodside                          Office of Attorney General
    575 Administration Drive, Room 105A      455 Golden Gate, Suite 11000
21  Santa Rosa, CA 95403-2815                San Francisco, CA 94102-7004

22  Ann Miller Ravel
    Theresa Fuentes
23  Office of the County Counsel
    County of Santa Clara
24  70 West Hedding, East Wing, 9th Floor
    San Jose, CA 95110
25

26

27

28