EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Senior Assistant Attorney General
JONATHAN L. WOLFF - 193479
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**AND THE EASTERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | **No. 2:90-cv-00520 LKK JFM P**<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE THREE-JUDGE COURT OF MAGISTRATE JUDGE'S AUGUST 29, 2008 RULING OR, ALTERNATIVELY, REQUEST FOR STAY OF ORDER (E.D. L.R. 72-303)**<br><br>**To: Three-Judge Court** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1
II. ARGUMENT ..........................................................................................................2
    A. Standard of Review ....................................................................................2
    B. Magistrate Judge Moulds' August 29, 2008 Order is Clearly Erroneous and Contrary to Public Policy ......................................................2
        1. Despite That Defendants' Revised Declarations and Logs Sufficiently Support the Assertion of the Deliberative Process Privilege, Magistrate Judge Moulds Found Both the Declarations and Logs Insufficient, Ordering All Deliberative Process Documents to be Produced ...............................................4
        2. Defendants Properly Asserted the Attorney-Client Privilege Over Documents that the Court Ordered Produced in its August 29, 2008 Order ..................................................................9
        3. An Award of Discovery Expenses is not Warranted .......................9
III. CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Admiral Ins. Co. v. U.S. District Court*,
   881 F.2d 1486, 1492 (9th Cir. 1988) ................................................................................9
*Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for the Dist. of Mont.*,
   408 F.3d 1142, 1147-1148 (9th Cir. 2005) ......................................................................5
*Scott Paper Co. v. Ceilcote Co.*,
   103 F.R.D. 591, 598 (D. Me. 1984) ..........................................................................10, 11
*See Environmental Protection Agency v. Mink*,
   410 U.S. 73, 87 (1973)..................................................................................................1, 8
*See In re Imperial Corp. of America v. Shield*,
   174 F.R.D. 475 (S.D. Cal. 1997) ..................................................................................6, 7
*United States v. Rozet*,
   183 F.R.D. 662, 666 (N.D. Cal. 1998) .............................................................................8

**STATUTES**

Fed. R. Civ. P. 26(b)(5)............................................................................................... Passim
Fed. R. Civ. P. 26(b)(5)(A).....................................................................................................4
Fed. R. Civ. P. 37(a)(5)............................................................................................... Passim

## I.     INTRODUCTION

By order dated August 29, 2008, Magistrate Judge Moulds compelled the release of *all* documents deemed by Defendants to be protected by the deliberative process privilege and 12 others for which Defendants claimed another privilege. (*Plata* Docket No. 1435; *Coleman* Docket No. 2997.) This order requires Defendants to produce 325 privileged documents to Plaintiffs, 313 of which are subject to a claim of deliberative process only. (August 29, 2008 Order at 5:6-8; 11:5-17.) The Order also requires Defendants to produce these documents in native format and awards Plaintiffs expenses under Fed. R. Civ. P. 37(a)(5). (*Id.* at 11:5-17.)

Placed in context, Defendants have produced over 520,000 pages of documents to Plaintiffs. In addition, Defendants were ordered to produce approximately 4,700 pages of privileged documents. Defendants have complied with this Court's previous orders by providing the privileged documents to Plaintiffs. Despite the magnitude of Defendants' production, however, Plaintiffs brought a motion to compel, titled a motion for sanctions, seeking the production of *all* deliberative process privileged documents in Defendants' June 10, 2008 and August 5, 2008 privilege logs. Plaintiffs also challenged and the Court ordered produced 12 additional documents for which the Defendants asserted the attorney-client privilege. The recent order fails to take into account the enormity of Defendants' production particularly in the context of Defendants' assertion of the deliberative process privilege. The Magistrate Judge's order imposes unworkable, impractical, and improper standards for the assertion of the deliberative process privilege in a case involving a massive electronic discovery production. The order further fails to accord sufficient deference to the public policy favoring the free exchange of information and ideas between governmental decision makers. *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 87 (1973). Without waiving their rights as to the privileged status of all documents, Defendants ask the Three Judge Court to reconsider 120 documents out of 313 that Magistrate Judge Moulds ordered produced on the basis of the deliberative process privilege and twelve documents for which the attorney client

- 1 -

1 privilege applies.

2 Defendants additionally ask this Court to reconsider the imposition of discovery
3 expenses on Defendants pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiffs should not be
4 awarded expenses because they did not sufficiently meet and confer with Defendants
5 and because Defendants were justified in their refusal to produce privileged documents
6 absent a court order.

7 For these reasons, Defendants seek reconsideration of Magistrate Judge Moulds'
8 August 29, 2008 order. Defendants request that this Court grant this motion for
9 reconsideration regarding the production of 120 deliberative process privileged
10 documents and 12 attorney-client privileged documents, or alternatively, stay the order.
11 Defendants additionally request that this Court deny Plaintiffs' request for expenses.

## II.   ARGUMENT

### A.   Standard of Review

The Magistrate Judge's ruling is reviewable by the Three Judge Court upon the request of either party, so long as that request is filed within 10 days after service of the order. E.D. L.R. 72-303(b). A magistrate judge's order must be modified or set aside with respect to any part of the order shown to be "clearly erroneous or contrary to law." *Id*. Such is the case here, where the Magistrate Judge's order ignores established precedent regarding assertion of privilege and the criteria for which discovery expenses can be awarded.

### B.   Magistrate Judge Moulds' August 29, 2008 Order is Clearly Erroneous and Contrary to Public Policy.

The Magistrate Judge's August 29, 2008 order calls for the wholesale dissemination of all 313 documents deemed deliberative process privileged and 12 documents for which a claim of the attorney-client privilege was raised by Defendants. Without waiving their rights as to all documents as privileged, Defendants nonetheless move for reconsideration on only 120 of 313 documents ordered produced by Magistrate Judge Moulds in his Order. In the August 29, 2008 Order, Judge Moulds recognized

- 2 -

1  that some documents were not deliberative in nature. (8/29/08 Order at 10:3-9.) While
2  Defendants do not dispute Judge Moulds' findings as to these five documents, these
3  findings are not indicative of the 120 documents that are subject to this motion for
4  reconsideration, particularly in light of the enormity of Defendants' document production.

5  Defendants are seeking reconsideration of the following 120 documents for which
6  the only privileged claim was deliberative process. The documents are listed by the log
7  entry number in its August 5, 2008 privilege log: Rows 2,3, 5, 42, 91, 93, 97, 98, 99, 100,
8  101, 102, 110, 111, 112, 113, 119, 122, 124, 126, 127, 128, 130, 131, 134, 136, 138,
9  140, 141, 144, 146, 148, 150, 153, 154, 157, 158, 161, 163, 165, 166, 168, 169, 177,
10 178, 179, 180, 181, 182, 183, 184, 185, 216, 217, 229, 230, 231, 232, 235, 237, 238,
11 239, 241, 242, 243, 246, 247, 251, 252, 253, 254, 255, 256, 257, 258, 259, 272, 276,
12 277, 279, 280, 282, 282, 283, 284, 285, 287, 289, 290, 292, 294, 296, 302, 306, 307,
13 308, 312, 313, 314, 317, 318, 319, 323, 325, 341, 342, 343, 348, 351, 352, 353, 359,
14 373, 374, 382, 394, 395, 396, 397, and 401.

15 Defendants asserted the attorney-client privilege for twelve documents and seek
16 reconsideration of all twelve documents. These documents are identified as
17 E00100148, E00100274, E00100275, E00100276, E00100315, E00100316 and
18 E00100346 from Defendants' June 10, 2008 privilege log and log entries 4, 171, 364-
19 366 from the August 5, 2008 privilege log. Defendants direct the Court to the privilege
20 logs for a description of the documents at issue. (*See* Declaration of Maria V. Morris in
21 Support of Plaintiffs' Motion for Discovery Sanctions and Ex Parte Application for
22 Shortening Time ("Morris Decl.") 8/12/08, *Plata* Doc. No. 1375, *Coleman* Doc. No. 2938,
23 Ex. A - June 10, 2008 Privilege Log, Ex. I - August 5, 2008 Privilege Log) Defendants
24 are prepared to provide the documents at issue for the Court's *in camera* review upon
25 request or by Court order.
26 ////
27 ////
28 ////

- 3 -

1. **Despite That Defendants' Revised Declarations and Logs Sufficiently Support the Assertion of the Deliberative Process Privilege, Magistrate Judge Moulds Found Both the Declarations and Logs Insufficient, Ordering All Deliberative Process Documents to be Produced.**

Magistrate Judge Moulds incorrectly found Defendants' privilege logs and declarations insufficient. As described below, Defendants prepared and submitted adequate logs and declarations to support the assertion of the deliberative process privilege.

In finding the privilege logs inadequate, Magistrate Judge Moulds stated without analysis that "the description of the documents for which a deliberative process privilege is claimed in the privilege log is too vague and conclusory to permit an adequate assessment of the claim of privilege. Cf. Fed. R. Civ. P. 26(b)(5)." (8/29/08 Order at 9:12-14.)

While Defendants' privilege logs did provide document-by-document descriptions advising of the privileged nature of each and every document, this determination by the Magistrate Judge requiring highly detailed descriptions is unsupported by case law and the Federal Rules of Civil Procedure. Further, this detailed approach is entirely unworkable and unrealistic in the context of a massive electronic discovery production, such as the production at hand where now over 520,000 pages of documents have been produced to date.

Generally, the proper assertion of any privilege to support the withholding of otherwise discoverable materials requires that the privilege be expressly made and that the nature of the document be described in such a manner so as to enable the court and other parties to assess the privilege claim. Fed. R. Civ. P. 26(b)(5)(A). This Rule contemplates a workable standard, one which may be reassessed in light of various complicating factors presented in different cases. Thus, the Ninth Circuit recently noted that Rule 26(b)(5) "does not attempt to define for each case what information must be provided when a party asserts a claim of privilege." *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1147-1148 (9th Cir.

- 4 -

2005) (internal quotations omitted).  The Ninth Circuit recognized that "while details may be appropriate under some circumstances, there are circumstances in which they would be unduly burdensome." *Id.* at 1148.  In setting forth factors for the court to consider in the context of determining the sufficiency of a privilege log, the Ninth Circuit noted "the magnitude of the document production" as well as "other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.* at 1149.

There can be no doubt that the document production that Defendants have undertaken in this Three-Judge Court proceeding has been of an enormous magnitude in the face of unusually hard circumstances.  Compounding Defendants' sizable production of over 520,000 pages of documents, Defendants were required to produce these documents within a very limited period of time.  Responding to discovery under these circumstances is "unusually hard" and thus the sufficiency of Defendants' logs and declarations should have been evaluated consistent with the Ninth Circuit's *Burlington Northern* standard in mind.

However, the Magistrate Judge's Order holds Defendants' logs and declarations to a standard only achievable in cases with a lesser magnitude of production.  It is impractical and unworkable to require a party in a massive electronic discovery production with tight timelines to produce the extraordinary level of detail and specificity in the privilege logs and declarations sought by the Magistrate's August 29, 2008 order.  And while Defendants did provide sufficient detailed information in their logs to advise Plaintiffs of the privileged nature of each individual disputed document, the Magistrate Judge's order goes further to require that which the Federal Rules of Civil Procedure do not.

The Magistrate Judge's ruling contravenes clearly established law by establishing an unobtainable standard of specificity for the claiming of privilege.  Indeed, courts have held that where, as here, document productions are large, the federal rules contemplate that privilege log requirements can be relaxed or waived completely as it would

- 5 -

otherwise be unduly burdensome. *See In re Imperial Corp. of America v. Shield*, 174 F.R.D. 475 (S.D. Cal. 1997). Even the Advisory Committee Notes to Rule 26(b)(5) state that details in a privilege log "may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected." Fed. R. Civ. P. 26(b)(5) advisory committee's note. Courts have interpreted this to provision to permit categorical summaries of documents withheld when it is apparent that a document-by-document privilege log description would be unduly burdensome. *In re Imperial Corp. of America*, 174 F.R.D. at 478. *In re Imperial Corp. of America* involved the potential review and production of "hundreds of thousands, if not millions of documents." *Id.* In light of the magnitude of the production, the district court determined that "[t]o force the creation of a document-by-document privilege log of documents of that magnitude is unreasonable and overly burdensome." *Id.* at 479. The court therefore permitted the producing party to provide summaries of the privileged documents by category. *Id.*

Here, despite the magnitude of the production, Defendants nonetheless produced document-by-document privilege logs detailing the privileged nature of the documents at issue. Specifically, the documents stated in detail the: (1) privilege claimed, (2) the document date, (3) the type of the document, (4) the author of the document, (5) the recipient of the document, and (6) a description of a document. The privilege logs were specifically drafted to include as much detail as possible, while still being able to retain the privileged status of the document. The following lists examples of Defendants' revised descriptions and the corresponding August 5, 2008 privilege log entry number for documents that were ordered produced by Magistrate Judge Moulds:

- Document titled "Use of Private Sector Strategies in Project Delivery: Updated Prison Reform Facilities Plan Briefing to Governor Arnold Schwarzenegger" containing advise and recommendations to formulate official policy. This document was prepared by Jim Tilton and sent to Robert Gore. Jim Tilton, was the Secretary of CDCR and Robert Gore is

- 6 -

1    the Senior Deputy Cabinet Secretary for the Governor. (row 2)

2    • Document titled "Integrated Strategy to Address Overcrowding in CDCR's
3    Adult Institutions containing confidential, predecisional strategies pertaining
4    to overcrowding. This document was sent by Matthew Cate and was
5    received by Ben Rice and other members of the Governor's cabinet.
6    Matthew Cate is the Secretary of CDCR and Ben Rice was the Deputy
7    Legal Affairs Secretary, Office of Legal Affairs for the Governor (row 3)

8    • Briefing document concerning AB 900 containing objectives and
9    recommendations to assist in the formulation of policy and directives. This
10   document was sent by Jim Tilton and was received by Susan Kennedy and
11   other members of the Governor's cabinet. Susan Kennedy is the Chief of
12   Staff for the Governor. (row 5)

13   • Document analyzing proposal regarding CDCR construction and
14   Receiver's projects for Agency review and consideration. This document
15   was prepared by Chris Ryan and was received by Robert Gore. Chris
16   Ryan is the Deputy Legislative Secretary for the Governor. (row 323)

17   These descriptions are indicative of other entries in the logs. The logs thus
18   contained sufficient information to advise Plaintiffs and the Court of the privileged nature
19   of each document. Defendants' assertion of privilege went beyond that required by both
20   the district court in *In re Imperial Corp. of America* and the Advisory Committee Notes to
21   Federal Rule of Civil Procedure 26(b)(5).

22   Defendants further supported their assertion of the deliberative process privilege
23   with declarations from high-ranking governmental officials establishing the necessary
24   elements of the privilege. However, in contravention of case law and the Federal Rules
25   of Civil Procedure, the Magistrate Judge ordered the wholesale disclosure of all
26   deliberative process privilege documents.

27   Defendants again revised their declarations in support of the August 5, 2008 to
28   address the Courts' prior concerns addressed in its May 29, 2008 Order. Despite the

- 7 -

1  fact that no requirement exists whereby the declarants must provide specific document
2  numbers that correspond with the categories of privileged documents that are described,
3  Defendants have provided declarations that have satisfied the Court's prior request for
4  Defendants to do so.  *See In United States v. Rozet*, 183 F.R.D. 662, 666 (N.D. Cal.
5  1998) (categorical description of privileged documents is sufficient to claim the
6  deliberative process privilege where it was supported by a declaration that described
7  categories of withheld documents and did not list any document identification numbers).
8  Each of the three department heads personally considered each privileged document
9  that was within their department's control, identified categories of information, identified
10 each document within the category, and provided a detailed explanation as to why the
11 information falls within the scope of the deliberative process privilege.   (*Id.*)

12         Despite these significant and material revisions to the declarations in support of
13 the deliberative process privilege, the Magistrate Judge found these declarations to be
14 insufficient because "there is no showing that defendants have preserved the
15 confidentiality of the *specific* documents for which a claim of privilege has been made."
16 (8/29 Order at  9:16-19) (emphasis added).)  The Court did note that the declarations
17 generally averred that the documents were privileged and confidential, but this was not
18 sufficient for the Court.  (*Id.*)  Requiring a declarant to attest that each and every
19 document was maintained as confidential is overly burdensome, not required by law, and
20 is an unworkable standard.

21         Further, there exists the well-established public policy favoring the preservation of
22 confidential communications between governmental decision makers.  Indeed, the
23 Supreme Court has recognized that "it would be impossible to have any frank discussion
24 of legal or policy matters in writing if all such writings were to be subjected to public
25 scrutiny."  *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 87 (1973).  The August 29, 2008
26 order ignores this public policy consideration and instead requires that all confidential
27 communications between California's high ranking governmental figures be disclosed to
28 Plaintiffs.  Because this ruling ignores public policy as well as Defendants' extensive

efforts to comply with Federal Rule of Civil Procedure 26(b)(5), which were sufficient under the standards applicable to cases involving massive document productions, Defendants respectfully request that this Three-Judge Court reconsider the Magistrate Judge's August 29, 2008 ruling and deny Plaintiffs' motion to compel the production of 120 deliberative process privileged documents.

### 2. Defendants Properly Asserted the Attorney-Client Privilege Over Documents that the Court Ordered Produced in its August 29, 2008 Order.

To be protected from disclosure under the attorney-client privilege, the communication must have the following elements present: (1) legal advice is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communication relates to that purpose, (4) the communication was made in confidence, (5) the communication was made by the client, and (6) the privilege was not waived. *Admiral Ins. Co. v. U.S. District Court*, 881 F.2d 1486, 1492 (9th Cir. 1988). A review of each of the twelve documents at issue will confirm that these documents were properly deemed attorney-client privileged communications, and as such, are protected from disclosure.

Defendants properly applied the attorney- client privilege only in instances in which information was transmitted between Defendants' clients and one or more of their attorneys in the expectation of giving or receiving confidential legal advice in furtherance of that relationship. Such communication is within the bounds of the attorney-client privilege and should be protected from disclosure. *See Admiral Ins. Co.*, 881 F.2d at 1492. The order, however, fails to provide any explanation as to why these certain documents are being ordered produced. (8/29/08 Order at 7:2-7.) Because these documents are in fact attorney-client privileged communications, Defendants respectfully request that this Three-Judge Court reconsider Magistrate Judge Moulds' August 29, 2008 order with respect to the twelve documents and sustain Defendants' assertion of the attorney-client privilege.

### 3. An Award of Discovery Expenses is not Warranted

Magistrate Judge Moulds awarded discovery expenses under Fed. R. Civ. P.

- 9 -

37(a)(5). (8/29/08 Order at 11:1-4.)  The Rule provides in part that the payment of expenses shall not be made if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5).

Plaintiffs sought expenses for several reasons: (1) Defendants' service of documents ordered produced by Judge Moulds' orders on April 14, 2008 and May 29, 2008, (2) Defendants' production of documents in TIFF format only instead of native format, and (3) Defendants' service of logs and declarations for the recent request for production of documents. (Pl.'s Mot. at 24:6-9, 8/12/08 *Plata* Doc. No. 1374, *Coleman* Doc. No. 2937 )

Expenses are not warranted for Defendants' August 11, 2008 service of documents ordered produced by earlier orders of this Court.  The requirement to produce these documents trace back to a motion to compel in February 2008, for which Plaintiffs never sought discovery expenses. (*See* Jt. Statement Regarding Discovery Disputes, 2/25/08 *Plata* Docket No. 1102, *Coleman* Docket No. 2689.)  Defendants sought reconsideration and appealed the Court's April 14, 2008 and May 29, 2008 Orders.  Upon direction by the Court on August 7, 2008, Defendants provided the documents subject to said orders to Plaintiffs on August 11, 2008.  Moreover, challenging a motion on grounds of privileged has been deemed to be substantially justified.  *See Scott Paper Co. v. Ceilcote Co.*, 103 F.R.D. 591, 598 (D. Me. 1984).Thus, Defendants were substantially justified in providing these documents to Plaintiffs due to Plaintiffs' failure to seek expenses earlier, its continued challenge of these documents and its timely production of these documents after directed by this Court.

Expenses are not warranted for Defendants' production of the documents on August 11, 2008 in native format.  Defendants had been producing documents since February 4, 2008 to Plaintiffs in TIFF format, which enabled Defendants to redact documents and produce certain pages of a document where only a few pages where

- 10 -

DEFS.' REQ. FOR RECONSIDERATION
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1598079.1

privileged.  (Declaration of Renju P. Jacob in Support of Opposition to Plaintiffs' Motion for Sanctions Regarding the Format of the Documents, ("Jacob Decl.") 8/18/08, *Plata* Doc. No. 1394, *Coleman* Doc. No. 2956 at ¶¶ 3.)  Given Defendants continued service of documents in TIFF format, it did so in a manner which was consistent with the parties' prior practice.  (*Id.* at ¶ 4.)  Moreover, producing in TIFF format was necessary as producing documents in native created a risk of producing privileged documents.  (*Id.* at ¶¶ 6-7.)  Moreover, Plaintiffs' meet and confer on this topic was not sufficient as Plaintiffs sent a letter demanding the files produced by Defendants earlier that day in native format immediately.  Defendants explained that doing so would be difficult due to its privilege concerns of producing the documents in native format.  Rather than explore this issue further, Plaintiffs filed their motion for reconsideration the very next day that these documents were produced without trying to explore possible solutions.  (*Id.* at ¶ 5.)  As a result, expenses are not warranted for the format by which the documents were produced.

Finally, expenses should not be awarded against Defendants for seeking to protect documents that are privileged.  *See Scott Paper Co*, 103 F.R.D. at 598.  Defendants in good faith asserted privilege over documents that Defendants reviewed in response to Plaintiffs' Requests for Production of Documents.  Defendants took great care and effort to revise privilege logs and prepare new declarations to address the Court's concerns.  Defendants were justified to assert privilege over documents it deemed to be privileged.

### III.   CONCLUSION

The Magistrate Judge's August 29, 2008 order sets a standard for assertion of the deliberative process privilege that is neither required by law nor practical in the context of the massive electronic discovery production that has subsumed this Three-Judge Court proceeding.  The August 29, 2008 order, while clearly erroneous in the context of the law, is also contrary to the firmly established public policy goal of permitting and encouraging open communication between governmental decision makers.  Because

- 11 -

1 | this order would have an impermissible chilling effect on such crucial communications,
2 | Defendants respectfully request that this Court reconsider the Magistrate Judge's August
3 | 29, 2008 order and deny Plaintiffs' motion to compel the production of 120 deliberative
4 | process privileged documents, and 12 documents for which the attorney-client privileged
5 | was claimed. Defendants additionally ask the Court to reconsider the award of discovery
6 | expenses.

7 |     Alternatively, Defendants request a stay of the Magistrate Judge's May 29, 2008
8 | order.

9 | DATED: September 2, 2008            HANSON BRIDGETT LLP

11 |                                     By:   /s/ Paul Mello
12 |                                     PAUL MELLO
                                        Attorneys for Defendants Arnold
13 |                                     Schwarzenegger, et al.

14 | DATED: September 2, 2008            EDMUND G. BROWN JR.

16 |                                     By:   /s/ Rochelle East
17 |                                     ROCHELLE EAST
                                        Senior Assistant Attorney General
                                        Attorneys for Defendants Arnold
18 |                                     Schwarzenegger, et al.