PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING DEPOSITIONS OF CERTAIN LEGISLATOR INVERVENORS AND CROSS-MOTION FOR PROTECTIVE ORDER**<br>Date: September 5, 2008<br>Time: 1:30 p.m.<br>Courtroom.: 26 - 8th Floor |

| | |
|---|---|
| MARCIANO PLATA, et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

2

STIPULATION RE MOTION FOR ORDER COMPELLING DEPOSITIONS OF CERTAIN LEGISLATOR INTERVENORS AND CROSS-MOTION FOR PROTECTIVE ORDER; CASE NOS.: Civ S 90-0520 LKK-JFM, C01-1351 THE

Pursuant to the Court's August 28, 2008 Order, Plaintiffs file the following Memorandum of Points and Authorities in Support of their Motion to Compel the Depositions of Certain Legislators.

### Plaintiffs' summary of issues in dispute

1. Can Plaintiffs take the oral deposition of Intervenor George Runner, a person designated as a trial witness by the intervenors? If so, when?

2. Can Plaintiffs take the oral deposition of Intervenor Todd Spitzer, a person designated as a trial witness by the intervenors? If so, when?

3. Can Plaintiffs take the oral deposition of Intervenor Michael Villines, a person designated as an adverse trial witness by the Plaintiffs? If so, when?

4. Can Plaintiffs take the oral deposition of Intervenor Dave Cogdill, a person designated as an adverse trial witness by the Plaintiffs? If so, when?

### Plaintiffs' description of efforts to resolve discovery dispute

Counsel for the parties, Ed Sangster, and Theresa Wang, spoke on July 9, 2008 regarding scheduling issues and objections to deposing legislators who were not on the Legislator Intervenors' witness list. Counsel for plaintiffs followed up the conversation with a letter, dated July 9, 2008, agreeing to reschedule the depositions, requesting alternative dates convenient for the witnesses, and making clear that Plaintiffs were designating Senator Cogdill and Assemblyman Villines as *Plaintiffs'* trial witnesses. Sangster Decl., Ex. B.

Counsel for the Legislator Intervenors wrote on July 15, 2008, asserting that the witnesses were not available on the scheduled dates because the Legislature was in session. Counsel for the witnesses also objected to taking depositions before the parties served witness lists on August 1. She also requested that Plaintiffs take any depositions by written questions. Sangster Decl., Ex. C.

Counsel for the witnesses sent Plaintiffs' counsel an email on August 13, 2008 stating that the witnesses would not appear for their August 18 and August 19 depositions. On August 14, 2008, Plaintiffs' counsel exchanged emails and spoke by telephone with Chad Stegeman, the attorney designated to handle the dispute on behalf of the witnesses. Mr. Stegeman followed up with an email reiterating his clients' positions.

1  Plaintiffs' counsel insisted on obtaining dates for the depositions of the trial witnesses listed by the Legislator Intervenors, insisted that the depositions be oral depositions, and refused to withdraw the deposition notices for Senator Cogdill and Assemblyman Villines. As a result, this Motion followed.

Plaintiffs' counsel provided a draft of a stipulation pursuant to Local Rule 37-251 on August 23, 2008, and invited further discussion whether the issues could be narrowed. Counsel for the witnesses has not offered to narrow the issues, nor has counsel provided me with any additional information about arguments that the Legislator Intervenors intend to make.

### Plaintiffs Statement of the Case and Pertinent Factual Disputes

On July 1, 2008, Plaintiffs noticed the deposition of four Legislator Intervenors, three of whom are the subject of this motion: Assemblyman Spitzer, Assemblyman Villines, and Senator Cogdill. The depositions were set for July 16, 25 and 29. Sangster Decl., Ex. A.

On July 2, 2008, the Court entered an order permitting that trial witnesses could be deposed. Order, 2:20-23. The Order further directed that discovery of non-expert witnesses be completed by September 8, 2008. Order, 3:9-10.

On July 9, 2008, Counsel for the witnesses notified counsel for the Plaintiffs that she had not received the deposition notices, but that based on her understanding of the schedule, the witnesses were unavailable to attend. Counsel for the witnesses also objected to taking any depositions prior to service of witness lists on August 1, 2008. Counsel for the Plaintiffs responded by letter, dated July 9, 2008, offering to reschedule the depositions to dates convenient for the witnesses. Counsel requested that the witnesses provide dates when they were available to be deposed. Sangster Decl., Ex. B.

By letter, dated July 15, 2008, counsel for the witnesses notified Plaintiffs that the witnesses were not available on the dates set, or any date in July, because the Legislature was in session. A copy of this letter is attached to the Sangster Declaration as Ex C. The witnesses' counsel also requested that the depositions be taken by written questions "In light of the ongoing legislative session…"

4

STIPULATION RE MOTION FOR ORDER COMPELLING DEPOSITIONS OF CERTAIN LEGISLATOR INTERVENORS AND CROSS-MOTION FOR PROTECTIVE ORDER; CASE NOS.: Civ S 90-0520 LKK-JFM, C01-1351 THE

In fact, the Legislature adjourned on July 15 – the same day counsel for the witnesses wrote that the Legislature would be in session on the dates scheduled for the depositions. Sangster Decl., Ex. D. Thus, Legislature was not in session on the dates set for the depositions. Counsel for the witnesses nevertheless failed to correct her earlier statements that the witnesses were unavailable.

On August 1, 2008, the Legislator Intervenors served their list of trial witnesses. This list included Senator George Runner and Assemblyman Todd Spitzer. On the same day, Plaintiffs served their list of trial witnesses, which included hostile witnesses Spitzer, Villines and Cogdill.

On August 8, 2008, Plaintiffs served notices of the depositions of the four trial witnesses who are the subject of this motion.[1] The depositions of Senator Cogdill and Assemblyman Villines were set for August 18, 2008. The depositions of Senator Runner and Assemblyman Spitzer were set for August 19, 2008. Sangster Decl., Ex. E.

On August 13, 2008, counsel for the Legislator Intervenors sent an email stating that the witnesses would not appear for their depositions, for reasons that would be subsequently explained by a different attorney in the firm. On August 14, 2008, the witnesses' counsel sent an email explaining that the witnesses could not be deposed until after the conclusion of the legislative session because of the "budget crisis and the obligations of the legislators at this time during the legislative session…" Counsel stated that their trial witnesses should be deposed by written questions, and that Assembly Villines and Senator Cogdill not be deposed because the Legislator Intervenors had not designated them as trial witnesses. Sangster Decl., Ex. F. This email concluded, "Our position is that plaintiffs should take Assemblyman Spitzer's and Senator Runner's deposition by written question and that anything beyond that is unnecessary and improper."

To this date, the witnesses have refused to offer any dates when they would be available for depositions. Despite claiming that they cannot be deposed while the Legislature is in session, news reports make clear that numerous Democratic Legislators will not be in Sacramento during the week of August 25, but will instead be attending the Democratic National Convention. Similarly, numerous Republican Legislators, including Assemblyman Michael Villines and Senator Dave

---

[1] Plaintiffs had previously noticed the deposition of Mr. Ackerman, but did not pursue a deposition in their August notice.

5

Cogdill are expected to leave Sacramento during the week of September 1, 2008 to attend the Republican National Convention. Supplemental Sangster Decl., ¶2. In any case, there has been no verification from the witnesses, themselves, that they were unavailable to be deposed on the dates set in July and August. No factual showing has been made why they would be unable to sit for a deposition while the Legislature is in session.

### **Plaintiffs' Arguments Regarding the Depositions**

<u>Plaintiffs' arguments regarding deposition of Todd Spitzer</u>

The Legislator Intervenors designated Assemblyman Spitzer as a trial witness. The Court's July 2, 2008 Order permits the depositions of trial witnesses. Plaintiffs are therefore entitled to depose Assemblyman Spitzer.

There are, therefore, only two questions that need to be resolved. First, when will the deposition occur? Assemblyman Spitzer's counsel claimed that he was unavailable for his July 29 deposition because the Legislature was in session. The Legislature was not in session, so he should have been deposed then. There has been no showing by the witness through a sworn declaration why he was unavailable on July 29 or August 19 (the second scheduled date of his deposition). Assemblyman Spitzer's counsel has yet to suggest a date when he would be available, and the suggestion that Assemblyman Spitzer cannot spare the time to be deposed is unsubstantiated.

Assemblyman Spitzer flouted his legal obligation to appear for depositions on July 29 and August 19. Because he has flouted earlier scheduled dates, while failing to offer any dates of his own, the Court can reasonably infer that his claimed unavailability is evasion, rather than true schedule conflict. The Court should order Assemblyman Spitzer to appear for a deposition immediately, at a time convenient to counsel for Plaintiffs.

The second question is whether Plaintiffs must depose Assemblyman Spitzer by written questions. In a deposition by written questions, "[T]here is no opportunity for follow-up questions, so there is no easy way to compel answers from an evasive witness." Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008), 11:1616. As a result, "Depositions on written questions are not suitable for hostile witnesses or those

6

STIPULATION RE MOTION FOR ORDER COMPELLING DEPOSITIONS OF CERTAIN LEGISLATOR INTERVENORS AND CROSS-MOTION FOR PROTECTIVE ORDER; CASE NOS.: Civ S 90-0520 LKK-JFM, C01-1351 THE

1  whose testimony is likely to be controversial; consequently, the procedure is rarely used." Id. at
2  11:1617.
3       Assemblyman Spitzer is a hostile witness, and his testimony is likely to be controversial. As
4  a former prosecutor and career politician, he is likely to be a skilled and wily witness. A deposition
5  by written questions would be a totally ineffective technique for deposing such a witness, and no
6  competent trial lawyer would agree to it.
7  Plaintiffs' arguments regarding the deposition of Senator George Runner
8       The Legislator Intervenors designated Senator Runner as a trial witness. The Court's July 2,
9  2008 Order permits the depositions of trial witnesses. Plaintiffs are therefore entitled to depose
10 Senator Runner.
11      There are, therefore, only two questions that need to be resolved. First, when will the
12 deposition occur? Senator Runner failed to appear for this August 19 deposition, and there has been
13 no substantiation that he was truly unavailable. Senator Runner's counsel has yet to suggest a date
14 when he would be available, and there is no evidence that his schedule is such that he cannot be
15 deposed while the Legislature is session. Numerous Legislators are leaving Sacramento for their
16 national party conventions – so many that the Governor has publicly complained about their
17 absences. The fact that so many are leaving demonstrates that Senator Runner can spare a few hours
18 to fulfill his legal obligations in this case. Secondly, even all of the other Legislators were
19 sufficiently dedicated to remain in Sacramento, there has been no showing that Senator Runner is so
20 impossibly busy that he cannot be submit to a half day deposition. The Court should therefore order
21 Senator Runner to appear for a deposition immediately, at a time convenient to counsel for Plaintiffs.
22      The second question is whether Plaintiffs must depose Senator Runner by written questions.
23 In a deposition by written questions, "[T]here is no opportunity for follow-up questions, so there is no
24 easy way to compel answers from an evasive witness." Schwarzer, Tashima & Wagstaffe, CAL.
25 PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008), 11:1616. As a result,
26 "Depositions on written questions are not suitable for hostile witnesses or those whose testimony is
27 likely to be controversial; consequently, the procedure is rarely used." Id. at 11:1617.
28

1    Senator Runner is a hostile witness, and his testimony is likely to be controversial. He has
2 served in the Legislature for 12 years, so he is likely to be a formidable orator. A deposition by
3 written questions would be a totally ineffective technique for deposing such a witness, and no
4 competent trial lawyer would agree to it.

5 Plaintiffs' arguments regarding the deposition of Senator Dave Cogdill

6    By letter, dated July 9, 2008, Plaintiffs notified counsel for the Legislator Intervenors that
7 they would be designating Senator Cogdill as a trial witness. "These Legislators will be called as
8 witnesses by Plaintiffs." Sangster Decl., Ex. B. Plaintiffs' August 1, 2008 witness list included
9 Senator Cogdill as a witness.

10    The question, therefore, is whether Plaintiffs can call hostile witnesses at trial, and if so,
11 whether they can depose those witnesses in advance.

12    Senator Cogdill has made statements that bear directly on the issues to be decided by the
13 Court. The key issue to be decided by the Court is whether overcrowding is the primary cause of the
14 failure to provide constitutionally adequate medical and mental health care. 18 U.S.C. §3626
15 (a)(3)(E). Senator Cogdill has made numerous statements regarding prison overcrowding and this
16 litigation. He has stated that he recognizes there is a prison crisis, and that "the overcrowded
17 situation" is "the crux of the crisis that we face." This statement – by a party defendant – goes
18 directly to the legal standard to be considered by the Court. Thus, he is a legitimate trial witness, and,
19 therefore, subject to having his deposition taken.

20    Furthermore, Senator Cogdill's statements contradict positions that the Legislator Intervenors
21 have taken. The Legislator Intervenors served interrogatory responses in which they took the
22 position that there is no ongoing Constitutional violation.[2] The Legislator Intervenors have also taken
23 the position that overcrowding is not the primary cause of the Constitutional violations. "[A]ny
24 constitutional violations in the delivery of mental health services can be attributed to numerous
25 causes, one or more of which may or may not be the primary cause. . . . These causes include
26 inadequate medical staff recruitment and retention, inadequate medical bed construction, and an

---

[2] Sangster Decl, Ex. G, Legislator Intervenors' responses to Interrogatory Nos. 1 and 2

inadequate information technology system for record keeping and medication management." Sangster Decl, Ex. G, Legislator Intervenors' responses to Interrogatory No. 4. See also, Legislator Intervenors' responses to Interrogatory No. 5: "Overcrowding is not the primary cause of any constitutional violations found to exist by the court . . . because many causes other than overcrowding contribute to the current state of mental health care in CDCR's adult institutions." Senator Cogdill's admission that there is a crisis, and that overcrowding is the "crux" of the crisis contradicts the interrogatory responses.

Accordingly, Senator Cogdill is a hostile witness whom Plaintiffs intend to call as part of their case in chief. They should be permitted to depose him in advance of trial. As with other witnesses, the deposition should be an oral deposition.

Counsel for the Legislator Intervenors has suggested that Plaintiffs listed Senator Cogdill as a witness simply to circumvent the Court's order limiting depositions to trial witnesses. The fact that Plaintiffs are only attempting to depose two legislators as hostile witnesses is strong evidence that the assertion is meritless. The fact is, this person inserted himself into this litigation as a party. He has made statements that undermine, if not explicitly contradict, the positions being taken by the Legislator Intervenors. These statements go directly relevant to the issues that the Court must decide. This is a witness who needs to be deposed.

Plaintiffs' arguments regarding the deposition of Michael Villines

Assemblyman Villines is the Republican Assembly leader. Like Senator Cogdill, he has made public statements that bear on the issues to be decided by the Court and contradict the Legislator Intervenors' interrogatory responses.

Assemblyman Villines has stated that "California prisons are bursting at the seams," and that "overcrowding in state prisons is unacceptable." He has stated, "We know the prisons are overcrowded, and they are overcrowded because the Legislature in the past has not had the will to create bed space." He has further stated, "This crisis isn't impending, it's here."

Assemblyman Villines' admissions that "we know overcrowding in state prisons is unacceptable," and his belief, as the Republican Assembly Leader, that the Legislature lacks the will to create more bed space go to two issues to be decided by the Court: (1) is overcrowding the

9

primary cause of the Constitutional violation, and (2) whether any other relief (i.e., waiting for the Legislature to solve the problems) will remedy the violations (18 U.S.C. §3626(a)(3)(E)(ii). His statements also undermine the positions taken in the Legislator Intervenor interrogatory responses that "Legislative initiatives" will solve the problems. Sangster Decl., Ex. G, response to Interrogatory No. 9.

      Accordingly, Assemblyman Villines is a hostile witness whom Plaintiffs intend to call as part of their case in chief. They should be permitted to depose him in advance of trial. As with other witnesses, the deposition should be an oral deposition.

Dated: September 3, 2008    By:

                              /s/ Edward P. Sangster
                              EDWARD P. SANGSTER
                              ed.sangster@klgates.com

                              K&L Gates LLP
                              Attorneys for Plaintiffs