1   STEVEN S. KAUFHOLD (SBN 157195)  skaufhold@akingump.com
2   CHAD A. STEGEMAN (SBN 225745)  cstegeman@akingump.com
    GALIT A. KNOTZ (SBN 252962) gknotz@akingump.com
3   AKIN GUMP STRAUSS HAUER & FELD LLP
    580 California, 15th Floor
4   San Francisco, California 94104-1036
    Telephone:    415-765-9500
5   Facsimile:    415-765-9501

6   Attorneys for REPUBLICAN ASSEMBLY and
7   SENATE INTERVENORS

8

9                  IN THE UNITED STATES DISTRICT COURTS

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11              AND THE NORTHERN DISTRICT OF CALIFORNIA

12       UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

13         PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

14   | RALPH COLEMAN, et al., | Case No.: CIV S-90-0520 LKK JFM P |
15   |                 Plaintiffs, | **THREE-JUDGE COURT** |
16   |       vs. | |
17   | ARNOLD SCHWARZENEGGER, et al., | |
18   |                 Defendants. | |
19   | MARCIANO PLATA, et al., | Case No.:  C01-1351 TEH |
20   |                 Plaintiffs, | **THREE-JUDGE COURT** |
21   |       vs. | **LEGISLATOR INTERVENORS'** |
22   | ARNOLD SCHWARZENEGGER, et al., | **MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER** |
23   |                 Defendants. | **Hearing Date:  Sept. 5, 2008** |
24   | | **Time: 1:30 p.m.** |
25   | | **Before the Honorable John F. Moulds** |

26

27

28

LEGISLATOR INTERVENORS' MEMORANDUM OF POINTS OF AUTHORITIES ISO MOTION FOR
A PROTECTIVE ORDER
NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiffs are overreaching by seeking to unilaterally schedule the deposition of two of the Legislator Intervenors that were not designated as trial witnesses—Senator David Cogdill and Assemblyman Michael Villines—and by refusing to conduct the depositions of the two Legislator Interveners that will be trial witnesses—Senator George Runner and Assemblyman Todd Spitzer—either after the State's budget crisis has been resolved or by written question in the mean time.  Accordingly, the Legislator Intervenors oppose Plaintiffs' Motion to Compel and seek an appropriate protective order.

Plaintiffs' motion should be denied and a protective order should issue with respect to Senator Cogdill and Assemblyman Villines for the following reasons:

- Plaintiffs taken and noticed scores of depositions and failed to justify why Senator Cogdill and Assemblyman Villines should be added to an already very lengthy list of deponents.

- The Legislator Intervenors did not list Senator Cogdill and Assemblyman Villines as trial witnesses because their testimony would be cumulative and duplicative of the testimony elicited from Assemblyman Spitzer and Senator Runner, who will testify at trial.

- Plaintiffs have made no showing that Senator Cogdill and Assemblyman Villines possess any discoverable information not available from Senator Runner and Assemblyman Spitzer.

- Senator Cogdill and Assemblyman Villines serve as the Senate minority leader and Assembly minority speaker, respectively, and, in those roles, are particularly occupied with the business of the Legislature generally, and the current budget crisis specifically.

Finally, to be clear, the Legislator Intervenors do not oppose the depositions of Senator Runner and Assemblyman Spitzer.  Instead, they seek only to have the depositions occur in a reasonable time and manner.  Since the middle of July, the Legislator Intervenors have offered to

provide deposition testimony via written question from Senator Runner and Assemblyman Villines.  This solution is particularly appropriate for the following reasons:

- Deposition by written question is a flexible means of discovery that will permit Senator Runner and Assemblyman Spitzer to discharge their legislative duties at this critical time and provide meaningful discovery to Plaintiffs.

- Plaintiffs have already agreed to accept other deposition testimony via written question and there is no good reason that they cannot do so with Senator Runner and Assemblyman Spitzer as well.

- Deposition by written question is consistent with the fact that the vast majority of the direct testimony in this matter will be taken by the Three-Judge Court in written format with extremely limited time for live testimony.

For all of these reasons, Plaintiffs' motion to compel should be denied and a protective order should issue.

## II.    STATEMENT OF FACTS

The proposed deponents, Senators Cogdill and Runner and Assemblymen Villines and Spitzer, are all members of the California legislature and all are active in working to represent their constituents and to solve the State's current budget crisis.  As members of the "Big Five,"[1] Senator Cogdill and Assemblyman Villines have the additional responsibility of participating in budget-related meetings and negotiations.  *See* Declaration of Chad A. Stegeman in Support of the Legislator Intervenors' Motion for Protective Order ("Stegeman Decl.") ¶ 5.  Indeed, both the State Senate and State Assembly will be meeting today on these issues.  *Id.*  ¶ 21; Exh. O.

In an Order dated July 2, 2008, the Three-Judge Court directed all the parties and intervenors to disclose non-expert witnesses by August 1, 2008.  *Id.* Exh. H ("July 2 Order") at

---

[1] The "Big Five" is an informal institution of California state government, consisting of the Governor, the Assembly speaker, the Assembly minority speaker (Assemblyman Villines), the Senate president *pro tempore*, and the Senate minority leader (Senator Cogdill).  Members of the Big Five meet in private to discuss bills pending in the Legislature.  As party leaders, they are the primary negotiators of the State budget.  While Assemblyman Spitzer and Senator Runner are not part of the Big Five, they also hold positions of leadership and are involved in the passage of the budget.  Stegeman Decl. ¶ 5.

2:20-23.  The July 2 Order also stated that, "[a]bsent a showing of <u>very good cause</u>, depositions of non-testifying witnesses shall be prohibited."  *Id*. (emphasis added).

On July 1, 2008, Plaintiffs served a notice of deposition for Senators Dave Cogdill and Dick Ackerman and Assemblymen Michael Villines and Todd Spitzer.  The notice unilaterally listed July deposition dates.  *Id.* Exh. A.  The Legislator Intervenors informed Plaintiffs, by letter, that the individuals listed above were not available to be deposed on the dates noticed, and that the Legislators were open to setting mutually convenient dates in August, once the parties had disclosed their trial witnesses.  *Id*. Exh. C.

Plaintiffs stated their refusal to wait until the Legislator Intervenors disclosed their trial witnesses and insisted on deposing all four of the individuals listed above in July.  *Id.* Exh. D ("It is not acceptable simply to wait until August to find out when these witnesses are available."). In response, the Legislator Intervenors explained that Plaintiffs' request to depose two Senators and two Assemblymen was cumulative and burdensome, especially when both houses of the California Legislature were occupied with passing the State budget.  *Id.* Exh. I.  The Legislator Intervenors suggested that Plaintiffs take the depositions by written questions pursuant to Federal Rule of Civil Procedure 31.  *Id*.  Plaintiffs did not respond to this letter.  *Id.* ¶ 4.

On August 1, 2008, the Legislator Intervenors served their list of trial witnesses, listing Senator Runner and Assemblyman Spitzer as the only legislators to be called to testify.  Again acting unilaterally, Plaintiffs noticed the depositions of Dave Cogdill and George Runner for August 18, 2008, and Michael Villines and Todd Spitzer for August 19, 2008.  *Id.* Exh. B.  Counsel for the Legislator Intervenors received the notice by mail on August 11, 2008.  The Legislator Intervenors made significant efforts to resolve the dispute and come to a compromise that accommodated all parties; however, these efforts did not prove fruitful.  *Id.* ¶ 3.  On August 15, 2008, the Legislator Intervenors served objections to the deposition notices.  *Id*. Exh. M.

Plaintiffs have taken more than ten depositions and forty more are currently noticed or are underway.  *Id*. Exhs. J and K (E-mail from 8/15/08 attaching schedule of depositions and notices of 16 depositions already taken).  In the meantime, the Defendants have also noticed

depositions, including nine expert witnesses and at least five trial witnesses designated by the CCPOA. *Id.* ¶ 16.

## III.    ARGUMENT

Plaintiffs have not, and will not, be able to demonstrate "good cause" for the depositions they seek, much less the "very good" cause required by the Three-Judge Court to justify the depositions of Senators Cogdill and Assemblyman Villines who the Legislator Intervenors will not call as trial witnesses.

Moreover, this Court has broad discretion to issue a protective order where complying with a discovery request would cause embarrassment, annoyance, undue burden, or oppression. *See* FED. R. CIV. P. 26(c) and 26(b)(2).  Upon a showing of good cause, a protective order can be granted to prevent a deposition that seeks irrelevant information or is solely for the purpose of harassing or annoying the deponent.  *See Home Sav. Bank, F.S.B. by Resolution Trust Corp. v. Gillam*, 952 F.2d 1152, 1157 (9th Cir. 1991); *Elvis Presley Enter., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991); *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994).  The Court may also limit discovery if the burden of the proposed discovery outweighs the benefit, taking into account, among other things, "the importance of the issues at stake in the litigation," or if the information sought is attainable from a less burdensome, less expensive and more convenient source.  FED. R. CIV. P. 26(b)(2).

In addition to Plaintiffs' own failure to justify the depositions by demonstrating the requisite "very good" cause, good cause also exists for this Court to enter a protective order given the circumstances of this case.

### A.  Plaintiffs have Grossly Exceeded The Limitation on the Number of Depositions Allowed Under Rule 30(a)(2)(A)(i)

Federal Rule of Civil Procedure 30 requires Plaintiffs to seek leave of court before taking more than ten depositions.  To exceed this number, Plaintiffs must make a "particularized showing" of why extra depositions are necessary.  *See Barrow v. Greenville Independent School Dist.*, 202 F.R.D. 480, 483 (N.D.Tex. 2001).  It is undisputed that Plaintiffs have far surpassed

the ten deposition limit.  Indeed, at the time of filing this motion, Plaintiffs have taken more than ten depositions, with forty more currently noticed or under way.  Stegeman Decl. Exhs. J and K.

Notwithstanding this immense deposition expedition, the Legislator Intervenors are willing to provide deposition testimony by written question for Senator Runner and Assemblyman Spitzer.  However, the proposed depositions of Senator Cogdill and Assemblyman Villines are excessive and should not be permitted.

**B. The Legislator Intervenors did Not List Assemblyman Villines and Senator Cogdill as Trial Witnesses and Plaintiffs Have Not Established "Very Good Cause" Why They Should Be Deposed**

The July 2 Order states that "[a]bsent a showing of <u>very good cause</u>, depositions of non-testifying witnesses shall be prohibited…."  Stegeman Decl. Exh. H (emphasis added).  The Legislator Intervenors have not listed Assemblyman Villines or Senator Cogdill as trial witnesses because their testimony would be cumulative and duplicative of testimony that will be elicited from Assemblyman Spitzer and Senator Runner.  *Id.* ¶ 20.  Plaintiffs were aware that the Legislator Intervenors were only going to call Assemblyman Spitzer and Senator Runner as trial witnesses before the witness disclosure was due.  To circumvent the July 2 Order, Plaintiffs listed Assemblyman Villines and Senator Cogdill as adverse trial witnesses along with Assemblyman Spitzer, Senator Runner, and more than twenty other witnesses.  Allowing Plaintiffs to manipulate the July 2 Order to obtain additional discovery renders the Order meaningless.

Further, Plaintiffs claim that Senator Cogdill and Assemblyman Villines have made various statements relevant to this litigation, but Plaintiffs have failed to ever articulate what information these Legislators possess that cannot be obtained from Senator Runner and Assemblyman Villines.  Finally, as members of the "Big Five," Senator Cogdill and Assemblyman Villines have added responsibilities in negotiating a solutions to the budget problem with the Governor, their caucuses and fellow legislators.  *Id.* ¶ 5.  For these reasons, a protective order should issue limiting Plaintiffs' depositions of the Legislator Intervenors to Assemblyman Spitzer and Senator Runner.

**C. Plaintiffs Unilaterally Noticed the Depositions and Did Not Provide Reasonable Notice; the Legislators Are In Session and the State of California is in Economic Crisis, Accordingly, the Legislators Were Not Available for Deposition as Noticed**

Rule 30(b)(1) of the Federal Rules of Civil Procedure requires the provision of "reasonable notice" of depositions. This is typically understood to be at least ten days of notice. In this case, Plaintiffs unilaterally scheduled the depositions and only provided seven days notice. As Plaintiffs are aware, the Legislator Intervenors are among those working diligently to solve the State's budget crisis.[2] This is clearly a complex case that would require the Legislator Intervenors to examine many documents, testimony, and other evidence in preparation for deposition. Despite these facts, Plaintiffs only provided seven days for deposition dates that they set without any effort to discuss the dates with counsel for the Legislator Intervenors.

Further, Plaintiffs have noticed approximately forty more future depositions, several of which fell on the exact same date and time that Plaintiffs noticed the depositions of Assemblyman Spitzer and Senator Runner. "Obstructive refusal to make reasonable accommodation, such as plaintiff exhibited, not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). Plaintiffs' counsel should be mindful of the various obligations they themselves have imposed on counsel for the Legislator Intervenors. Further, it is important to note that the Defendants have noticed the depositions of nine of Plaintiffs' experts and five witnesses listed to give testimony on behalf of the CCPOA. The multitude of depositions in this short span of time requires the parties and their counsel to focus on meaningful discovery and facilitate the discovery in an efficient manner.

In short, if the depositions of Senator Runner and Assemblyman Spitzer must occur before the current budget crisis is solved, they should occur via written question pursuant to

---

[2] Plaintiffs claim that the California Legislature adjourned on July 15, 2008, for the rest of the month of July. *See* Declaration of Edward Sangster ISO Motion for Order Compelling Deposition of Certain Legislator Intervenors, ¶ 6. However, the California Legislature was actively passing bills during these two weeks, and the Legislator Intervenors were still engaged in budget negotiations during this time: in fact, a newspaper quoted Senator Cogdill and Assemblyman Villines on July 24, 2008, regarding their then-current efforts to pass a budget. *See* Stegeman Decl. Exh. N.

Rule 31. Such a compromise would facilitate discovery in this matter while minimizing the intrusion of depositions during this critical juncture. Plaintiffs have utilized this method in deposing at least one expert witness, Christopher Mumola. Stegeman Decl. Exh. L. Further, this method of discovery is consistent with how direct testimony will be elicited at trial, in the form of a written declaration, yet allows considerable scheduling flexibility.

## IV. CONCLUSION

Plaintiffs have not and will not be able to make the showing necessary to justify all of the depositions they seek to take, particularly given the time and manner that they continue to insist is necessary. On the contrary, good cause exists for the Court to impose reasonable limitations. Accordingly, the Legislator Intervenors respectfully request the Court limit the depositions to Assemblyman Spitzer and Senator Runner. Further, the Legislator Intervenors request that the depositions be taken by written questions.

Respectfully submitted,

Dated: September 3, 2008                    AKIN GUMP STRAUSS HAUER & FELD, LLP


                                            By: _____/s/_____
                                                 Chad A. Stegeman
                                                 Attorney for the Legislator Intervenors

LEGISLATOR INTERVENORS' MOTION FOR A PROTECTIVE ORDER
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH