EXHIBIT B

082908_1ds

```
 1          IN THE UNITED STATES DISTRICT COURTS
          FOR THE EASTERN DISTRICT OF CALIFORNIA
 2         AND THE NORTHERN DISTRICT OF CALIFORNIA
      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
 3     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

 4

 5   RALPH COLEMAN, et al.,

 6              Plaintiffs,
                                Case No. Civ S 90-0520 LKK-JFM P
 7   vs.

 8   ARNOLD SCHWARZENEGGER, et al.,

 9              Defendants.
                                       /
10
     MARCIANO PLATA, et al.,
11
                Plaintiffs,
12                              Case No. C01-1351 TEH
     vs.
13
     ARNOLD SCHWARZENEGGER, et al.,
14
                Defendants.
15   _____/

16

17              DEPOSITION OF TODD JERUE

18

19   DATE:        August 29, 2008

20   TIME:        9:40 a.m.

21   LOCATION:    ROSEN, BIEN & GALVAN, LLP
                  315 Montgomery Street, Tenth Floor
22                San Francisco, California  94104

23   REPORTED BY: Katy Leonard
                  Certified Shorthand Reporter
24                License Number 11599

25
```

1

082908_1ds

```
 1                   A P P E A R A N C E S

 2

 3   For the Plaintiffs, Robert Coleman, et al.:

 4              MARIA V. MORRIS, ESQ.
                ROSEN, BIEN & GALVAN, LLP
 5              315 Montgomery Street
                Tenth Floor
 6              San Francisco, California  94104
                (415)433-6830
 7              mmorris@rbg-law.com

 8

 9
     For the Defendants, Arnold Schwarzeneger, et al.:
10
                KYLE A. LEWIS, DEPUTY ATTORNEY GENERAL
11              STATE OF CALIFORNIA, DEPARTMENT OF JUSTICE
                OFFICE OF THE ATTORNEY GENERAL
12              455 Golden Gate Avenue
                Suite 11000
13              San Francisco, California  94102-7004
                (415)703-5677
14              kyle.lewis@doj.ca.gov

15

16
     For the Defendants, Republican Assembly and Senate
17   Intervenors:

18              TERESA WANG, ESQ.
                AKIN GUMP STRAUSS HAUER & FELD LLP
19              580 California Street
                Suite 1500
20              San Francisco, California  94104-1036
                (415)765-9500
21              twang@akingump.com

22

23

24                          ---oOo---

25
```

2

1

Page 2

082908_1ds

82

```
 1        MR. LEWIS:  Like, a security level, maybe?
 2        THE WITNESS:  No.  Categories of types of
 3   events.  Meaning, they wouldn't look at each individual,
 4   whether it's property or -- they wold say nonserious,
 5   nonviolent, nonsex offender.  They would first look at
 6   that type of category.  Within that, they don't
 7   typically look at every single property crime within
 8   that.
 9        MS. MORRIS:  Okay.
10        THE WITNESS:  And then they might then say,
11   Okay, well, now we're going to include -- so, the first
12   one might have been without prior violence.
13        Then they might then go to a category that
14   includes prior serious or violent.  Then you might throw
15   in people with a second strike.
16        So, that's the categories they typically deal
17   with -- underlying in categories.
18        MS. MORRIS:  Okay.  All right.
19   BY MS. MORRIS:
20        Q.  Was there any discussion of how much time of
21   early release and how that would play into the numbers?
22        A.  They definitely had to mold together these
23   categories of types of crimes and the number of months
24   in order to puzzle together to get to their target.
25   Meaning, you could stop at one category and have it be
```

1  48 months -- I'm making that number up -- to get to the
2  target, or you could have more categories for a shorter
3  time. So, it all depends how the numbers played out.
4  So, I believe they were able to stay in one category for
5  20 months and hit their target by '9-'10.
6      Q. Okay.
7         And was it your understanding that it was a
8  20-month early release for everyone that it was being
9  proposed for?
10     A. Correct.
11     Q. Okay.
12        My understanding is that that Proposal was
13 taken out of the May revise Proposal.
14     A. That's correct.
15     Q. Do you know why that is?
16     A. Do I know why that is?
17     Q. Mm-hm.
18        MR. LEWIS: Objection.
19        Calls for speculation on the part of the
20 witness and assumes information that's not in his
21 control.
22        I don't know.
23 BY MS. MORRIS:
24     Q. Were there any discussions with Department of
25 Finance about taking that piece out of the budget?

082908_1ds

1    A.   Between the Department of Finance and?

2    Q.   Anyone.

3    A.   Um, I think there were discussions between, at
4  that time, the new Secretary and Finance as to what was
5  in his budget, because I think he came on right about
6  that time. And the process is that there were meetings
7  between Finance and executive staff and the Governor's
8  office regarding whether to keep that in the budget or
9  not.

10   Q.   Were you in those meetings?

11   A.   Yes.

12   Q.   And what do you recall about that process?

13        MR. LEWIS: Objection. We will assert the
14 executive privilege as to any discussions that were
15 between a certain executive of the staff and a
16 representative of the agencies at which he might have
17 been present, and I will instruct the witness not to
18 answer.

19        MS. MORRIS: A certain executive.

20        MR. LEWIS: Well, I can establish it further,
21 if you want to, but if it's executive-level staff, it's
22 the Governor or persons like that, we're going to assert
23 the privilege.

24        MS. MORRIS: Okay.

25        You're going to have to be more clear than the

85

082908_1ds

1  "Governor or persons like that," because there's no one
2  else like the Governor in the State.
3           MR. LEWIS:  Okay.
4           At some of these meetings, was the Governor
5  present?
6           THE WITNESS:  Yes.
7           MR. LEWIS:  Was the Chief of Staff present?
8           THE WITNESS:  Yes.
9           MR. LEWIS:  Were Cabinet secretaries that
10 might have charge of this present?
11          THE WITNESS:  Um, I don't know if the Deputy
12 was, but the Cabinet Secretary was.
13          MR. LEWIS:  And who was that?
14          THE WITNESS:  Dan Dunmoyer.
15          MR. LEWIS:  And were they present during some
16 of these conversations?
17          THE WITNESS:  Yes.
18          MR. LEWIS:  As to those conversations, I will
19 assert the deliberative process and -- as to those
20 conversations and will instruct the witness not to
21 answer questions about what he heard with those persons
22 involved.
23 BY MS. MORRIS:
24     Q.  Were you present at any meetings where the
25 people you just described were not present for this

86

1  discussion of the 22,000 -- of the early release?

082908_1ds

2    A.  Regarding taking it out of the budget?

3    Q.  Mm-hm.

4    A.  No.

5    I only recall two meetings, and the Governor
6 was definitely in one, and other one definitely had the
7 Chief of Staff and Cabinet Secretary.

8    MR. LEWIS:  So, then they were present at the
9 meetings?

10    THE WITNESS:  Correct.

11    MR. LEWIS:  Okay.

12 BY MS. MORRIS:

13    Q.  Susan Kennedy is the Chief?

14    A.  Yes.  Yes.

15    Q.  Did you report back to anyone at the
16 Department of Finance regarding the proposals or the
17 decision or discussions of taking the 22,000 people --
18 22,000 inmate or release provision out?

19    A.  I reported back to my staff, because they had
20 to do the technical work.  The Chief Deputy and the
21 Director were with me, and so I had no reason to report
22 up.

23    Q.  Okay.

24    A.  But as far as getting the decision and the
25 processing for the budget, I had to report back to my

87

1 staff.

2    Q.  So, what did you tell your staff to do?

3    A.  I -- I don't recall.  I would have told them

Page 83

082908_1ds

4   that that was the decision, and they know how to then
5   process what we have to do for the budget.
6       Q.  Okay.
7           About how many BCPs for CDCR are there each
8   year?
9       A.  It ranges.  I would say 15 is a low year and
10  40 is a high year, based on my history.
11      Q.  Okay.
12          MR. LEWIS:  And is that in your capacity as
13  operations, or in your --
14          THE WITNESS:  Yeah.  That's what we call
15  "support budgeting."  I don't know how many they get on
16  the capital outlay side.
17          MS. MORRIS:  Okay.
18  BY MS. MORRIS:
19      Q.  Do CDCR BCPs take longer to work with than a
20  lot of other BCPs?
21          I'm asking, because you said you get around
22  400 for the year --
23      A.  Mm-hm.
24      Q.  -- total, and that 25 to 50 percent of your
25  time is spent on the CDCR.

88

1       A.  Um, there are different factors.  Some of them
2   could be more complex.  They're predominantly all
3   general fund.  Whereas, for example, the Department of
4   Consumer Affairs is no general fund.  It's typically all

# EXHIBIT C

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Acting Senior Assistant Attorney General
LISA TILLMAN - 126424
KYLE A. LEWIS - 201041
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
rochelle.east@doj.ca.gov
kyle.lewis@doj.ca.gov
lisa.tillman@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

### PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> ***COLEMAN* DEFENDANTS' SUPPLEMENT TO INITIAL DISCLOSURES** |

In accordance with Federal Rule of Civil Procedure 26(e)(1), *Coleman* Defendants

Coleman Def. Supp. Disclosure — 1 —

1565217.1

1 | provide the following supplement to their initial disclosures as follows:

2 |     Remove **James Tilton** from Defendants' list of individuals likely to have
3 | discoverable information. Mr. Tilton is no longer the Secretary of the California
4 | Department of Corrections and Rehabilitation (CDCR), and will not be providing
5 | testimony in this proceeding.

6 |     Remove **Doug McKeever** from Defendants' list of individuals likely to have
7 | discoverable information. Mr. McKeever is no longer the Director of the Mental Health
8 | Program of the California Department of Corrections and Rehabilitation (CDCR), and will
9 | not be providing testimony in this proceeding.

10 |     Defendants' initial disclosures should be supplemented to include the addition of
11 | **Matthew Cate**, Secretary of CDCR, as an individual likely to have discoverable
12 | information. Secretary Cate is expected to give testimony on the size of the CDCR
13 | population and the means of addressing that population through a combination of
14 | programs, such as reduced recidivism through parole reform, direct release of certain
15 | offenders, and enhanced clerical support to enable timely discharge of parolees.
16 | Secretary Cate can be contacted through defense counsel.
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //

1565217.1

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284
Coleman, et al. v. Schwarzenegger, et al.
USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM
Plata, et al. v. Schwarzenegger, et al.
USDC, Northern District of California, Case No. C-01-1351 TEH

No.:   C 90-0520 LKK / C 01-01351 TEH

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 7, 2008**, I served the attached *Coleman* **Defendants' Supplement to Initial Disclosures** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Donald Specter
Prison Law Office
1917 Fifth Street
Berkeley, CA 94710

Michael W. Bien
Rosen, Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

Jeffrey L. Bornstein
K & L Gates LLP
55 Second Street, Suite 1700
San Francisco, CA 94105-3493

Claudia Center
The Legal Aid Society -
Employment Law Center
600 Harrison Street, Suite 120
San Francisco, CA 94107

Warren E. George
Bingham, McCutchen, LLP
Three Embarcadero Center
San Francisco, CA 94111

Richard Goff
Heller, Ehrman, White & McAuliffe
701 Fifth Avenue
Seattle, WA 98104

| | |
|---|---|
| Lead Counsel for County Intervenors<br>Ann Miller Ravel<br>Theresa Fuentes<br>Office of the County Counsel<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 | California Sheriff, Probation, Police Chief and Corrections Intervenors<br>Jones & Mayer LLP<br>Martin J. Mayer<br>Michael R. Capizzi<br>Kimberly Hall Barlow<br>Elizabeth R. Feffer<br>3777 North Harbor Boulevard<br>Fullerton, CA 92835 |
| California Correctional Peace Officers' Association (CCPOA) Intervenors<br>Natalie Leonard<br>Gregg MacClean Adam<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | Republican Assembly and Senate Intervenors<br>Steven S. Kaufhold<br>Akin, Gump, Strauss, Hauer & Feld, LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94104 |
| District Attorney Intervenors<br>William E. Mitchell<br>Assistant District Attorney<br>Riverside County District Attorney's Office<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | County of Sonoma Intervenors<br>Anne L. Keck, Deputy County Counsel<br>Steven Woodside<br>575 Administration Drive, Room 105A<br>Santa Rosa, CA 95403 |
| Paul B. Mello, Esq.<br>Hanson & Bridgett LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 7, 2008**, at Sacramento, California.

| | |
|---|---|
| T. Treichel | *[signature]* |
| Declarant | Signature |

30521386.wpd

## CERTIFICATION OF DISCLOSURE

I am an attorney with the Office of the Attorney General, attorneys of record for Defendants. My business address is 1300 I Street, 10th Floor, Sacramento, California 94255. Investigation is continuing. I certify to the best of my knowledge, information, and belief, formed after inquiry this disclosure is correct as to the information currently available to counsel.

DATED: August 7, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General

/s/ Lisa A. Tillman

LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants

# EXHIBIT D

## Rebekah Evenson

**From:** Rebekah Evenson [revenson@prisonlaw.com]
**Sent:** Tuesday, September 02, 2008 10:26 AM
**To:** 'Don Specter'; 'Pmello@hansonbridgett.com'; 'Renju P. Jacob'; 'Samantha D. Tama'
**Subject:** RE: Motion to Compel Answers to Deposition Questions

Counsel,

I propose that we get the joint statement on file with the Court by 5:00 on September 8, in time for Judge Moulds' regularly scheduled hearing on September 11, 2008. If that timing doesn't work for you, please give me a call today to discuss alternative dates/ call the court to obtain a different date.

I note that in your email below you agree that the motion can be heard after the September 8, 2008 cutoff. I understand this to mean that, if the court compels Mr. Cate to respond to the questions at issue, you will not object to reopening the deposition on the basis that the discovery cutoff has passed. Please let us know immediately if you disagree.

Thank you,

Rebekah

**From:** Paul B. Mello [mailto:Pmello@hansonbridgett.com]
**Sent:** Monday, September 01, 2008 3:22 PM
**To:** Don Specter; Alison Hardy; Steve Fama
**Cc:** Jon Wolff; Rochelle East; Lisa Tillman; Renju P. Jacob; Samantha D. Tama; S. Anne Johnson; Kyle Lewis; Jerrold C. Schaefer
**Subject:** RE: Motion to Compel Answerrs to Deposition Questions

Don,

As you know, Mr. Cate only refused to answer questions relating to the substance (as opposed to the subjects) of his discussions with the Governor, the Governor's Chief of Staff Ms. Kennedy, and the Governor's Cabinet Secretary Mr. Dunmoyer. Mr. Cate did so on the basis that the executive and deliberative process privileges protect such discussions from disclosure. With that in mind, Defendants will stipulate that Plata plaintiffs' motion to compel Mr. Cate's answers to these questions can be heard after the September 8, 2008 non-expert discovery cut-off.

Paul

-----Original Message-----
From: Don Specter [mailto:dspecter@prisonlaw.com]
Sent: Friday, August 29, 2008 04:55 PM Pacific Standard Time
To: Paul B. Mello; Samantha D. Tama; Renju P. Jacob
Cc: 'Michael W. Bien'; 'Alison Hardy'; 'Sara Norman'; 'Steve Fama'; 'Rebekah Evenson'
Subject: Motion to Compel Answerrs to Deposition Questions

Paul,

As you know, you instructed Mr. Cate not to answer questions relating to his
discussions with members of the Governor's office based on the
deliberative-process privilege, and Mr. Cate did not answer based on your
instruction. Particularly in light of the order issued by Magistrate's
Moulds today, we intend to move to compel those answers. Please let me know
whether you are willing to stipulate to an order shortening time so this
matter can be heard by the close of discovery or whether you are willing to
stipulate that this matter can be heard by the Magistrate-Judge after the
close of discovery.

I would appreciate an answer by 10:00 a.m. on Tuesday so we can prepare the
request for an order shortening time if necessary.

Don

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally
privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use
or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act.
If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

9/4/2008