EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Senior Assistant Attorney General
JONATHAN L. WOLFF - 193479
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AND THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRIVILEGED DEPOSITION TESTIMONY OF MATTHEW CATE** <br><br> To: Magistrate Judge Moulds |

DEFS.' OPP'N TO PLS.' MOT. TO COMPEL PRIVILEGED DEPO. TESTIMONY OF DEF. CATE
(CASE NO. 2:90-CV-00520 LKK JFM P/ C01-1351 TEH)

1601165.1

## I. INTRODUCTION

It is improper to compel the deposition testimony regarding the mental processes of a government decision-maker in reaching a decision. Courts have consistently and universally rejected any effort to compel testimony relating to a government decision-maker's mental processes absent a clear showing of misconduct on that decision-maker's part. Plaintiffs do not allege any misconduct on the part of any Defendant or governmental actor in this proceeding, and "[o]nly where there is a clear showing of misconduct or wrongdoing is any departure from this rule permitted." *Franklin Savings Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991). Therefore any abrogation of this well-established rule prohibiting testimony which probes the mental processes of government decision-makers is impermissible and improper.

Additionally, Defendants contend that the briefing schedule and hearing date assigned by this Court is inappropriate. The parties had agreed to a briefing schedule, with briefing to be completed by Friday, September 12, 2008, and merely requested a hearing date from this Court. (Declaration Tama in Support of Defendants' Opposition to Plaintiffs' Motion to Compel (Decl. Tama), ¶ 3.) This Court unilaterally imposed a hearing date one week before that requested by either party – on Monday, September 8, 2008 – and provided the parties less than twenty-four hours to complete briefing on this highly sensitive and important issue. (*Id.*) Moreover, Defendants are prejudiced by the schedule imposed by this Court in that Defendants are required to submit briefing without knowing specifically what testimony Plaintiffs seek to compel. Further, there is no urgency for resolution of this issue given that Defendants already agreed to stipulate that the close of discovery would not impact Defendant Cate's deposition testimony. (*Id.*)

Despite the prejudice that Defendants suffer in submitting this brief on less than one day's notice, Defendants nonetheless do so to apprise this Court of the impermissible relief which Plaintiffs seek. It has long been held that compelling the testimony regarding the mental processes of government decision-makers is prohibited

- 2 -

DEFS.' OPP'N TO PLS.' MOT. TO COMPEL PRIVILEGED DEPO. TESTIMONY OF DEF. CATE
(case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1601165.1

absent a showing of misconduct. Without any allegations of misconduct, such testimony is strictly forbidden. Just as a judicial officer may not be examined regarding the "elements comprising his decision – indeed, such an examination of a judge would be destructive of judicial responsibility – [] by the same token the integrity of the administrative process must be equally respected." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss* 40 F.R.D. 318, 325-26 (D.D.C. 1966) (internal quotations omitted). Accordingly, out of respect for the administrative process and *stare decisis*, this Court must deny Plaintiffs' impermissible request to compel the deposition testimony of Defendant Matthew Cate, Secretary of the CDCR, regarding his conversations with the top three government decision-makers in the Governor's office, the Governor himself, the Governor's Chief of Staff Ms. Kennedy, and the Governor's Cabinet Secretary Mr. Dunmoyer.

## II. ARGUMENT

During Secretary Cate's deposition, Plaintiffs' counsel improperly asked Secretary Cate questions that invoked the deliberative process privilege. After objection by defense counsel, Plaintiffs' counsel incorrectly stated that he was entitled to know what was said in conversations between Secretary Cate and the Governor's staff. Specifically, Plaintiffs' counsel asked what was said between Secretary Cate and Cabinet Secretary Dan Dunmoyer, Chief of Staff Susan Kennedy, and Governor Schwarzenegger himself. (Decl. Tama, Ex. A at 23:7-11, 20-22; 30:5-9.) For example, Plaintiffs' counsel asked "what did you talk about with Mr. Dunmoyer?" (*Id.* at 21:23-24.) Plaintiffs' counsel also inquired "whether he's had any discussions with . . . Ms. Kennedy about any of these subjects." (*Id.* at 23:20-22.) Additionally, Plaintiffs' counsel wanted to know "what was said during those meetings between Mr. Dunmoyer and Mr. Cate." (*Id.* at 23:8-10.)

Each of those questions by Plaintiffs' counsel is impermissible. The law is clear: "Federal courts have consistently held that, absent 'extraordinary circumstances,' a government decision-maker will not be compelled to testify about his mental processes

- 3 -

DEFS.' OPP'N TO PLS.' MOT. TO COMPEL PRIVILEGED DEPO. TESTIMONY OF DEF. CATE
(case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1601165.1

in reaching a decision, 'including the manner and extent of his study of the record and his consultations with subordinates.'" *Franklin*, 922 F.2d at 211. The "extraordinary circumstances" that may warrant probing of a government decision-maker's mental processes are a "clear showing of misconduct or wrongdoing." *Id.* at 211; *see also Feller v. Bd. of Educ. Of Conn.*, 583 F. Supp. 1526, 1528 (D. Conn. 1984). Where there is no contention of any misconduct or wrongdoing, the rule prohibiting testimony by a government decision-maker regarding mental processes in reaching a decision stands. *See Franklin*, 922 F.2d at 212.

In *Franklin*, the Court there expressly prohibited questions similar to those above inquiring into what information was relied upon in reaching the decision at issue, the sources of the information, who the decision-maker deponent had conversations with, and what information was provided to the deponent that led him to reach a decision. *Id.* at 211. The Court prohibited the testimony because the questions "clearly went to the mental processes . . . and also sought information about the advice given (the deponent) by his subordinates." The Court properly held based on the lines of clearly-established case law that "[s]uch questions, absent extraordinary circumstances, are clearly improper and inadmissible." *Id.* The Court in *Franklin* heeded law holding that the judiciary "is not authorized to probe the mental processes of an executive or administrative officer. This salutary rule forecloses investigation into the methods by which a decision is reached, the matters considered, the contributing influences, or the role played by the work of others." *Id.* Indeed, "it is *not* the proper function of the court to probe the mental processes of the agency or its members . . . such a probing should ordinarily be avoided, and there must be a *strong showing* of bad faith or improper behavior before such inquiry may be made." *Id.* at 212 (emphasis in original). Where in *Franklin*, as here, no allegations of misconduct have been made, inquiry into government decision-makers' mental processes is strictly prohibited. As such, Secretary Cate may not be compelled to testify regarding his conversations with Mr. Dunmoyer, Ms. Kennedy, or the Governor regarding their mental processes in reaching certain

- 4 -

DEFS.' OPP'N TO PLS.' MOT. TO COMPEL PRIVILEGED DEPO. TESTIMONY OF DEF. CATE
(case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1601165.1

decisions.

The seminal case establishing immunity for governmental decision makers was decided nearly seventy years ago by the U.S. Supreme Court in *United States v. Morgan*, 313 U.S. 409 (1941). The Court, in its decision in *Morgan*, compared the decision-making of governmental figures to that of jurists, and determined that "[j]ust as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected." *Id.* at 422. The Court reasoned that to probe the mental processes of a judge would "be destructive of judicial responsibility," and thus so too would it be destructive to inquire into the mental processes of a governmental decision-maker. *Id.* The Court in this Three-Judge Panel proceeding, like the Court in *Morgan*, has respected the impenetrable boundary surrounding the Receiver's decision-making as a quasi-judicial officer. (Protective Order re: Deposition of the California Prison Health Care Receivership Corporation, Nov. 29, 2007.) So too must this Court accord equal respect to the decision-making of high-ranking governmental figures. Just as the Court in *Morgan* held impermissible questions relating to the mental processes of the Secretary of Agriculture, questioning of the Secretary of the CDCR regarding his conversations with the Governor and the Governor's decision-makers is similarly forbidden. Accordingly, this Court must, in the interests of justice and *stare decisis*, uphold the long line of established case law prohibiting inquiries into the mental processes of government decision-makers by denying Plaintiffs' improper motion to compel the deposition testimony of Secretary Cate.

///
///
///
///
///
///
///

- 5 -

DEFS.' OPP'N TO PLS.' MOT. TO COMPEL PRIVILEGED DEPO. TESTIMONY OF DEF. CATE
(case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1601165.1

## III.   CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Court comply with applicable and binding case law and deny Plaintiffs' motion to compel the deposition testimony of Secretary Cate regarding the mental processes of government decision-makers.

DATED: September 5, 2008                                HANSON BRIDGETT LLP


By:   /s/ Paul Mello
      PAUL MELLO
      Attorneys for Defendants Arnold
      Schwarzenegger, et al.


DATED: September 5, 2008                                EDMUND G. BROWN JR.


By:   /s/ Jonathan L. Wolff
      JONATHAN L. WOLFF
      Supervising Deputy Attorney General
      Attorneys for Defendants Arnold
      Schwarzenegger, et al.

DEFS.' OPP'N TO PLS.' MOT. TO COMPEL PRIVILEGED DEPO. TESTIMONY OF DEF. CATE
(case no. 2:90-cv-00520 LKK JFM P/ C01-1351 TEH)

1601165.1

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:  Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284
Coleman, et al. v. Schwarzenegger, et al.
USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM
Plata, et al. v. Schwarzenegger, et al.
USDC, Northern District of California, Case No. C-01-1351 TEH

No.:   C 90-0520 LKK / C 01-01351 TEH

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On **September 5, 2008**, I served the attached

**1) DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRIVILEGED DEPOSITION TESTIMONY OF MATTHEW CATE;**

**2) DECLARATION OF SAMANTHA TAMA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRIVILEGED DEPOSITION TETIMONY OF MATTHEW CATE** by placing a true copy thereof enclosed in a sealed envelope with the **ON TRAC overnight courier service**, addressed as follows:

Honorable Stephen Reinhardt
United States Courthouse
312 North Spring Street, Suite 1747
Los Angeles, CA 90012

Honorable Thelton E. Henderson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Honorable Lawrence K. Karlton
Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 5, 2008, at San Francisco, California.

|           R. Panganiban           |           /S/ R. Panganiban           |
|-----------------------------------|---------------------------------------|
|             Declarant             |               Signature               |

20140687.wpd