1  PRISON LAW OFFICE
   DONALD SPECTER, Bar No. 83925
2  STEVEN FAMA, Bar No. 99641
   E. IVAN TRUJILLO, Bar No. 228790
3  SARA NORMAN, Bar No. 189536
   ALISON HARDY, Bar No. 135966
4  REBEKAH EVENSON, Bar No. 207825
   1917 Fifth Street
5  Berkeley, CA  94710
   Telephone:  (510) 280-2621

6  KIRKPATRICK & LOCKHART PRESTON
   GATES ELLIS LLP
7  JEFFREY L. BORNSTEIN, Bar No. 99358
   EDWARD P. SANGSTER, Bar No. 121041
8  RAYMOND E. LOUGHREY, Bar No. 194363
   55 Second Street, Suite 1700
9  San Francisco, CA  94105-3493
   Telephone:  (415) 882-8200

10 THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
11 CLAUDIA CENTER, Bar No. 158255
   600 Harrison Street, Suite 120
12 San Francisco, CA  94107
   Telephone:  (415) 864-8848

13 Attorneys for Plaintiffs

14

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    vs.<br><br>        Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OR STAY OF MAGISTRATE JUDGE'S AUGUST 29, 2008 ORDER** |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................................ 1

II.  PROCEDURAL BACKGROUND ............................................................................... 1

III. ARGUMENT ................................................................................................................... 4

    A.   Defendants Fail To Satisfy The Legal Standard For Reconsideration ................... 4

    B.   The Magistrate Judge Properly Held That Defendants Did Not
        Adequately Assert the Deliberative Process Privilege ............................................ 5

        1.   This Court Already Held that the Legal Standard Applied by the
            Magistrate Judge Was Correct ...................................................................... 5

        2.   This Court Already Held that Logs and Declarations with the
            Same Deficiencies as the Current Logs and Declarations Did
            Not Meet the Standards of the Deliberative Process Privilege ..................... 7

            a.   The Privilege Log Remains Conclusory and Inadequate
                to Justify the Privilege ....................................................................... 7

            b.   The Declarants Make No Showing that the
                Confidentiality of the Specific Documents Was
                Maintained .......................................................................................... 9

            c.   The Declarants Fail to Tie Any of their Statements to
                 Documents 2 through 91 ................................................................... 11

            d.   Defendants' Arguments Regarding the Magnitude of the
                Production Strain Credulity ............................................................ 12

         3.   Defendants' Public Policy Argument Is Improper ..................................... 13

         4.   In Their Request for Reconsideration, Defendants Have Failed
            to Show that the Documents Are Indeed Privileged .................................. 14

    C.   Defendants Fail to Show Error in the Magistrate Judge's
        Determination that the Challenged Documents Were Not Protected by
        Attorney-Client Privilege ........................................................................................ 16

        1.   This Court Already Held that the Legal Standard Applied by the
            Magistrate Judge Is the Correct Standard ................................................. 17

i

[237237-2]

2.      Defendants Make No Showing Of Error By the Magistrate
        Judge .................................................................................................. 17

D.   Although the Request Is Styled as, in the Alternative, a Request for
     Stay, Defendants Make No Showing of the Need for a Stay ................................ 19

E.   The Award of Sanctions Was Proper .................................................... 20

IV.   CONCLUSION ............................................................................ 23

[237237-2]

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4   *Admiral Ins. v. U.S. Dist. Court for Dist. Of Ariz.*,
5       881 F.2d 1486 (9th Cir. 1989) ................................................................. 17

6   *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*,
        684 F.2d 1316 (9th Cir. 1982) ................................................................... 5
7
8   *Assembly of State of California v. U.S. Department of Commerce*,
        968 F.2d 916 (9th Cir. 1992) ..................................................................... 6
9
10  *Carter v. U.S. Department of Commerce*,
        307 F.3d 1084 (9th Cir. 2002) ................................................................... 6
11
12  *Coastal States Gas Corp. v. Department of Energy*,
        617 F.2d 854 (D.C. Cir. 1980) ................................................................... 6
13
14  *Department of Interior v. Klamath Water Users Protective Association*,
        532 U.S. 1 (2001) ...................................................................................... 6
15
16  *Environmental Protection Agency v. Mink*,
        410 U.S. 73 (1973) .................................................................................... 6
17
18  *F.T.C. v. Warner Communications Inc.*,
        742 F.2d 1156 (9th Cir. 1984) .............................................................. 6, 14
19
20  *Golden Gate Restaurant Ass'n. v. City and County of San Francisco*,
        512 F.3d 1112 (9th Cir. 2008) ................................................................. 19
21
22  *Hilton v. Braunskill*,
        481 U.S. 770 (1987) ................................................................................ 19
23
24  *In re Fischel*,
        557 F.2d 209 (9th Cir. 1977) .................................................................. 17
25
26  *In re Imperial Corporation of America v. Shield*,
        174 F.R.D. 475 (S.D. Cal. 1997) ........................................................ 12, 13
27
28  *L.H. v. Schwarzenegger*,
        2007 WL 2009807 (E.D. Cal. 2007) ......................................................... 14

    *Landry v. F.D.I.C.*,
        204 F.3d 1125 (D.C. Cir. 2000) ................................................................. 6

iii

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OR STAY OF MAGISTRATE JUDGE'S AUGUST 29,
2008 ORDER, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[237237-2]

*Lopez v. Heckler,*
    713 F.2d 1432 (9th Cir. 1983) ........................................................................... 19

*NLRB v. Sears, Roebuck & Co.,*
    421 U.S.132 (1975) ............................................................................................ 6

*North Pacifica LLC v. City of Pacifica,*
    274 F. Supp. 2d 1118 (N.D. Cal. 2003) ........................................................... 14

*Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.,*
    712 F.2d 1324 (9th Cir. 1983) ...................................................................... 5, 13

*United States v. United States Gypsum Co.,*
    333 U.S. 364 (1948) ................................................................................. 2, 5, 19

*Weiner v. F.B.I.,*
    943 F.2d 972 (9th Cir. 1991) .......................................................................... 10

## Statutes

28 U.S.C. § 636 (b)(1)(A) ....................................................................................... 5

## Rules

Federal Rule of Civil Procedure 26 ........................................................................ 12

Federal Rule of Civil Procedure 26(b)(5) ........................................................... 7, 13

Federal Rule of Civil Procedure 72(a) ................................................................ 4, 5

[237237-2]

I.     **INTRODUCTION**

Defendants' actions in the current discovery dispute are sanctionable, and the Magistrate Judge was correct to order that Defendants had failed to meet their burden for asserting privileges to prevent disclosure of certain key documents in this case.

This Court and Magistrate Judge Moulds have previously given Defendants detailed instruction as to how and when to assert the deliberative process privilege and attorney-client privilege. The issues have been litigated extensively. The Magistrate Judge has informed Defendants of the deficiencies in their prior privilege logs and supporting declarations and provided guidance of the factual and legal requirements that must be satisfied. This Court has fully supported the Magistrate Judge's holdings, as has the Ninth Circuit Court of Appeals in their rulings to date.

But Defendants disagreed. So they have persisted in submitting deficient logs and deficient declarations, and in withholding documents that, upon review by the Magistrate Judge, are simply not privileged. Even now, they make the same arguments to this Court that they previously made, without mentioning that they already lost precisely the same dispute before this Court just a few months ago. In so doing, Defendants have delayed and obstructed Plaintiffs' discovery and burdened Plaintiffs and the Court with unnecessary and duplicative discovery motions. Defendants' Request for Reconsideration should be denied.

II.     **PROCEDURAL BACKGROUND**

The procedural background of the current dispute is integrally related to the prior disputes over improperly withheld documents. After extensive litigation regarding Defendants' assertions of privilege and the inadequacy of their privilege logs and declarations supporting the assertions of the deliberative process privilege, Magistrate Judge Moulds ordered that many of the documents for which the attorney-client privilege had been asserted be produced, and that they be produced within five days. *Coleman* Docket No. ("Dkt.") 2753.[1]

---

[1] For simplicity, all docket references are to only one docket, that of *Coleman v. Schwarzenegger.* However, the original motion and this opposition are brought by the
(continued . . .)

[237237-2]

1   The Magistrate Judge subsequently held that Defendants' assertions of deliberative process

2   privilege were insufficient to justify the privilege, and ordered all documents withheld solely

3   on the basis of deliberative process privilege to be produced within five days.  Dkt. 2805.

4   Defendants moved for reconsideration of the orders or, alternatively, stays of the orders.  Dkt.

5   2767 and 2812.  This Court denied both motions for reconsideration or stays, noting that the

6   Magistrate Judge applied the correct standards and that the Court's review of the logs, the

7   declarations, and the documents themselves supported the Magistrate Judge's conclusions.

8   Dkt. 2825 and 2862.  The Court also found that the "absence of detailed discussion does not

9   meet the 'clearly erroneous or contrary to law' standard; instead, the Defendants must show

10  that 'although there is evidence to support [a finding], the reviewing court on the entire

11  evidence is left with the definite and firm conviction that a mistake has been committed.'" Dkt.

12  2825 at 7, quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  This

13  Court held that Defendants failed to make a showing that a stay of either order was warranted.

14  Dkt. 2825 and 2862.

15       Defendants then appealed both of this Court's Orders, and sought writs of mandamus

16  and stays from the Ninth Circuit Court of Appeals.  Dkt. 2879 and 2891.  The Ninth Circuit

17  denied both writ petitions and requests for stay, and has recently required Defendants to show

18  cause why the appeal should not be dismissed.  Dkt. 2938-6, Ex. S; Declaration of Maria V.

19  Morris In Opposition to Defendants' Request for Reconsideration by the Three-Judge Court of

20  Magistrate Judge's August 29, 2008 Ruling or, Alternatively, Request for Stay of Order

21  ("Morris Decl."), filed herewith, Ex. 1.  The documents ordered produced within five days of

22  April 14, 2008 and May 29, 2008 were finally produced on August 11, 2008.

23       The current dispute arose following the production of privilege logs on June 10, 2008,

24  July 24, 2008, and August 5, 2008.  The June 10, 2008 privilege log is a supplemental

25  privilege log showing documents withheld from a new production of documents responsive to

26  _____

27  Plaintiffs in the *Plata v. Schwarzenegger* matter as well.  Further, to avoid lengthy citations, all
    documents previously filed in this case are referred to by Docket Number only.

28

[237237-2]

1    the document requests propounded in the fall of 2007. Because Defendants did not have

2    declarations to support the assertion of the deliberative process privilege at the time the

3    privilege was asserted, Defendants withdrew the assertions of this privilege – but only after

4    Plaintiffs filed their motion for sanctions.

5         On July 24, 2008, Defendants produced a privilege log to Plaintiffs, reflecting 90

6    documents that Defendants had been withheld from the production of documents responsive to

7    Plaintiffs' Third Set of Requests for Production of Documents. Dkt. 2938-2, Ex. A. As

8    Plaintiffs attempted to meet and confer, Defendants informed them that there was another log

9    coming. On August 8, 2008, Defendants produced a privilege log reflecting 397 documents

10    (including the 90 from the earlier log). Dkt. 2938-3, Ex. I.

11         The documents listed in the log are all from December 2007 through July 2008. They

12    are discussions of the issues central to this case – the mental health bed plan, the

13    implementation of AB 900, correctional construction projects, mental health bed construction

14    projects, the Receiver's construction projects, population management, CDCR emergency

15    authority. Dkt. 2938-3, Ex. I. These documents are evidence of what is happening now in the

16    areas that are likely to be central to the trial in November.

17         But Defendants withheld them. Defendants delayed the meet and confer process, and

18    failed to prepare sufficiently to make the process meaningful. Plaintiffs meanwhile reviewed

19    the privilege logs and declarations in detail and found that Defendants had failed to address the

20    deficiencies the Magistrate Judge had found in Defendants' earlier privilege logs in this case.

21    During the meet and confer process, Defendants stated that they would not change the

22    declarations and logs because they believed them to be sufficient, and they believed that the

23    Court was wrong in holding that the earlier declarations and logs were not sufficient. Faced

24    with this disregard for the Court's orders, and the delay in obtaining documents as depositions

25    were starting and the discovery cut off was rapidly approaching, Plaintiffs brought a motion for

26    sanctions. Dkt. 2937.

27         On August 29, 2008, the Magistrate Judge ruled that Defendants had again failed to

28    justify their assertions of the deliberative process privilege, and their failings were the same

-3-

[237237-2]

1  ones that were identified earlier in this litigation.  Dkt. 2997.  He ruled that ***not one*** of the

2  documents Plaintiffs had challenged that Defendants claimed was entitled to attorney-client

3  privilege was actually entitled to the privilege.  *Id.* The Magistrate Judge ordered Defendants to

4  produce the documents for which they had failed to demonstrate that a privilege applied. *Id.*

5  The Magistrate Judge ordered Defendants to produce a total of 12 documents over which they

6  had asserted attorney-client privilege, and 313 documents listed on the August 5, 2008 for

7  which only deliberative process privilege was asserted.[2]  *Id.* Further, following his review of

8  the logs, the declarations, and the documents themselves, the Magistrate Judge found that

9  Defendants' actions were sanctionable.  *Id.*

10       As they did with the Magistrate Judge's prior rulings that they had not justified their

11  assertions of privilege, Defendants seek reconsideration.  Dkt. 3002.  Defendants now move

12  for reconsideration of the Order only as to 120 of the 313 documents withheld under the

13  deliberative process privilege only, and the 12 documents ordered produced over which

14  attorney-client privilege had been asserted.  *Id.*  Defendants do not explain why they have

15  abandoned their claims of deliberative process privilege over 193 documents.  *Id.*

16       They have recycled their prior Requests for Reconsideration, with no mention that the

17  prior Requests were denied.  As before, nothing in Defendants' request for reconsideration

18  suggests that the Magistrate Judge erred.  Further, Defendants' request does not satisfy the

19  legal standards for reconsideration or a stay, and should be rejected for the reasons set forth

20  below.  Their Request should be denied in its entirety.

21  **III.    ARGUMENT**

22       **A.    Defendants Fail To Satisfy The Legal Standard For Reconsideration**

23       Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may

24  be decided by a magistrate judge, subject to reconsideration by the district judge.  The district

25  _____

26  [2] The Magistrate Judge found that none of the 17 documents for which Plaintiffs challenged
   the assertion of attorney-client privilege actually were properly protected by the privilege, but

27  did not order the production of five of the documents because another privilege was asserted

28                                                                          (continued . . .)

[237237-2]

judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982). Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). Defendants' motion does not meet this high standard.

**B.     The Magistrate Judge Properly Held That Defendants Did Not Adequately Assert the Deliberative Process Privilege**

Most of the issues raised in the current dispute have already been ruled upon by this Court. Defendants, in arguing that the Magistrate Judge's ruling was clearly erroneous, are in essence asking this Court to rule that its prior denials of Defendants' prior Requests for Reconsideration were clearly erroneous. Defendants submitted privilege logs and declarations with the same deficiencies that their prior logs and declarations had. They made the same arguments they made to the Magistrate Judge. Now that the Magistrate Judge has ruled consistently with his ruling, Defendants make exactly the same arguments in their current Request for Reconsideration that they made in the prior requests. For the same reasons that Defendants' prior Requests for Reconsideration were denied, so too should this Request for Reconsideration be denied.

**1.     This Court Already Held that the Legal Standard Applied by the Magistrate Judge Was Correct**

The Magistrate Judge, in his August 29, 2008 Order, set out the legal requirements of

but not challenged. Dkt. 2997 at 5, 7.

-5-

[237237-2]

1   the deliberative process privilege by quoting from the May 29, 2008 Order.  Dkt. 2997 at 8-9.

2   The Magistrate Judge set out the standards for the deliberative process privilege as follows:

> The deliberative process privilege "covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Department of Interior v. Klamath Water Users Protective Association*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S.132, 150 (1975)).  It "was developed to promote frank and independent discussion among those responsible for making governmental decisions, *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87, 93 S. Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency policies or decisions." *F.T.C. v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)); *see also NLRB*, 421 U.S. at 150-51.  To qualify for the privilege a document must be both "predecisional" and "deliberative."  *Id.*

> "A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.  A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."

> *Carter v. U.S. Department of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting *Assembly of State of California v. U.S. Department of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (internal citations omitted)).

> "[P]roper invocation of the privilege requires:  (1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation why it properly falls within the scope of the privilege."  *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000).

-6-

[237237-2]

1  Dkt. 2997 at 8 (internal footnotes omitted).  This Court has already held, in ruling on

2  Defendants' Request for Reconsideration of the Magistrate Judge's May 29, 2008 Order, that

3  this legal standard is accurate, and declined to reconsider the Magistrate Judge's explanation of

4  the standard.  Dkt. 2862 at 4.

5         **2.    This Court Already Held that Logs and Declarations with the Same
            Deficiencies as the Current Logs and Declarations Did Not Meet the
6          Standards of the Deliberative Process Privilege**

7         In the May 29, 2008 Order regarding the deliberative process privilege, the Magistrate

8  Judge held:

9              The court finds that neither the privilege log nor the declarations,
              separately or in combination, meet the legal requirements for
10             establishing the deliberative process privilege.  Specifically, the
              description of each document contained in the privilege log is too
11             conclusory to permit an adequate assessment of the claim of
              privilege.  *Cf.* Fed. R. Civ. P. 26(b)(5).  In addition, none of the
12             declarants ties any of the statements in their declarations to
              particular documents for which the deliberative process privilege
13             has been claimed.  Moreover, although the declarants aver
              generally that categories of materials are "maintained as privileged
14             and  confidential," … there is no proof that Defendants have
              preserved the confidentiality of each of the specific documents for
15             which a claim of privilege has been made.  Simply put, Defendants
              have not met their burden of establishing that the deliberative
16             process privilege applies to the documents for which it has been
              asserted.
17

18

19

20  Dkt. 2805 at 8:6-18.  This Court denied the Request to Reconsider the Magistrate Judge's

21  ruling, finding that "it is apparent that the magistrate judge did not err in concluding that

22  Defendants had not met their burden to show that the withheld documents were protected

23  under the deliberative process privilege."  Dkt. 2862 at 6.

24         **a.    The Privilege Log Remains Conclusory and Inadequate to
              Justify the Privilege**

25

26         Here, as in the prior privilege logs, the descriptions of the documents are too conclusory

27  to permit an adequate assessment of the claim of privilege, and Magistrate Judge Moulds so

28  held.  Dkt. 2997 at 9.  For example, of the 120 documents over which Defendants are still

-7-

[237237-2]

1  attempting to assert the deliberative process privilege, 29 are described as simply as

2  "Document submitted concerning CDCR proposals for the upcoming week for agency review

3  and consideration," or some slight variation on this.[3]  *See* Dkt. 2938-3, Ex. I (Docs. 119, 122,

4  124, 126, 127, 128, 130, 131, 134, 136, 138, 140, 141, 144, 146, 148, 150, 153, 154, 157, 158,

5  161, 163, 165, 229-232, 235).  This description provides no insight into whether these

6  documents were in fact intended to assist in the formulation of policy.  Rather they appear to

7  be routine weekly reports.  The lack of justification for the privilege assertion is highlighted by

8  Defendants' recent decision not to continue to assert the privilege for 21 documents with

9  precisely the same description.

10        Many descriptions contain nothing to suggest that the document is related to any

11  decision of any agency.  For example, Defendants assert the privilege over a document

12  described as "AB 900 Briefing Document for agency review and consideration," and another

13  described as "Briefing document concerning prisons for agency review and consideration."

14  *See* Dkt. 2938-3, Ex. I (Doc. 168, 169).  Defendants continue to assert the deliberative process

15  privilege over documents described as "Evaluation of the fiscal impact of Receiver's Project

16  for agency review and comment."  *See* Dkt. 2938-3, Ex. I (Docs. 342-243). These could be

17  informational reports as to progress or decisions already made.   The provide no indication of

18  whether the "agency" that will "review and consider[]" is actually involved in making a

19  decision regarding the issues in the document, or whether it is simply being given information.

20  Such conclusory descriptions do little to show that a document was in fact predecisional or that

21  it was deliberative.

22        Further, Defendants' log does not contain much of the basic information that could help

23  demonstrate the applicability of the privilege.  Many of the first 90 entries have no date or only

24  the year, and many state only the name of the *agency* that authored and/or received the

---

[3] Nearly all of the entries contain some variation on the phrase "for agency review and consideration."  *See* Dkt. 2938-3, Ex. I.  The simple inclusion of this boilerplate phrase does not render the documents at issue privileged.

-8-

1    documents. Nearly all of the entries from 92 onward describe the type of document only as

2    "Email" or "Document," rather than indicating whether the "Document" is a report or a chart

3    or a memorandum – information that could help in the determination of the type of information

4    contained therein.[4]

5         Further, Defendants have admitted that the author and recipient information on the logs

6    is incorrect. Defendants acknowledged that where there is an e-mail with one or more

7    attachments, the author and recipient of the email are listed as the author and recipient of the

8    attachments, regardless of who actually authored the attachment and who, in addition to the

9    recipients of the e-mail, received the attached document. Thus if an e-mail to a single

10   individual attaches a memorandum that was distributed to an entire department, only the name

11   of the single individual appears on the log. Even with regard to e-mails, the log is inaccurate:

12   Of the four e-mails that Plaintiffs specifically challenged, three did not have all the correct

13   names for the authors and recipients listed on the log. Dkt. 2963, ¶ 2.

14        Defendants argue that they are not required to provide information sufficient to justify

15   the withholding of each document because of the magnitude of the document production.

16   However, as discussed in more detail below, the August 5, 2008 privilege log has just under

17   400 entries. Dkt. 2938-3, Ex. I. Given the small number of documents on the log, Defendants'

18   claim that it is "unusually hard" to justify the assertions of privilege over these 400 documents

19   is unpersuasive.

20        Given the lack of detail in the descriptions, the lack of information about the type of

21   document, the many undated documents, and the incompleteness and inaccuracy of the authors

22   and recipients, the privilege log remains too uninformative to support the privilege assertions.

23        **b.    The Declarants Make No Showing that the Confidentiality of
24             the Specific Documents Was Maintained**

25        The language about confidentiality in the recent declarations is exactly the same as the

26   _____

27   [4] Fourteen entries state that the document is a "spreadsheet," all others from entry 92 forward
     are either "Email" or "Document."

28

[237237-2]

language that appeared in the prior declarations and was found to be inadequate.

In the declarations submitted in support of the earlier assertions of the deliberative process privilege, the declarants stated, with regard to various categories of documents and without reference to any specific document: "These materials are maintained as privileged and confidential by [a specified agency]." *See* Dkt. 2685-2 at 4; 2685-3 at 3; 2685-4 at 3.

Absent any evidence that Defendants maintained the confidentiality of the specific documents, the Magistrate Judge found that the general averments of the confidentiality of categories of documents were inadequate to justify the privilege. Dkt. 2805 at 8:6-18. This Court denied the request to reconsider this ruling, and held that the Magistrate Judge did not err in finding that Defendants had not adequately justified withholding the documents. Dkt. 2862 at 5-7.

Despite the clear instructions from the Magistrate Judge, and the affirmation of his order by this Court, Defendants submitted declarations with precisely the same general, categorical averment and a complete absence of any evidence that any specific document has been maintained as confidential.[5] *See* Dkt. 2938-2 at 20-21, 27; 2938-3 at 4-5; 2938-4 at 4-5, 12-13, 19. Such a blanket averment fails to provide the "particularized explanation of why a document is privileged" or allow the opposing party and Court to "evaluate the appropriateness of withholding the documents." *See Weiner v. F.B.I.*, 943 F.2d 972, 977-78 (9th Cir. 1991); *see also* Dkt. 2862 at 5.

Moreover, in the August 5, 2008 declarations, in which the declarants specify that they have reviewed certain documents, even this general averment that some types of documents are maintained as privileged and confidential was made in the portion of the declarations that discussed categories of documents, not the portion of the declarations in which the declarants stated that they had reviewed documents. *See id.* The declarants make no statement at all that

---

[5] When Plaintiffs brought it to Defendants' attention that this formulation did not meet the standards set forth by the Magistrate Judge and upheld by this Court, the response was simply that the Magistrate and this Court were wrong. Dkt. 2938 at 3-4.

[237237-2]

1  the documents they reviewed are kept confidential.

2      The Magistrate Judge correctly held, as he did during the prior dispute, that "although

3  the declarants aver generally that categories of materials are 'maintained as privileged and

4  confidential,' …, there is no showing that Defendants have preserved the confidentiality of the

5  specific documents for which a claim of privilege has been made." Dkt. 2997 at 9. This Court

6  should again deny Defendants' request for reconsideration.

7

8                    **c.      The Declarants Fail to Tie Any of their Statements to
                             Documents 2 through 91.**

9      In the declarations submitted with the August 5, 2008 log, Defendants attempted to

10  address one of the deficiencies listed by the Magistrate Judge in the prior ruling, that the

11  statements in the declarations were not tied to any of the specific documents withheld. *See*

12  Dkt. 2805 at 8. The declarations submitted in support of the August 5, 2008 log identified by

13  number the documents the declarants had reviewed. However, none of the declarants stated

14  that they had reviewed any of the documents referred to in entries 2 through 91 of the log, and

15  their statements were in no way tied to these documents. The declarations submitted in support

16  of the July 24, 2008 log also did not tie any statement to any of the specific documents. When

17  Plaintiffs pointed out to Defendants that there were no statements in any of the declarations

18  tying the discussion of the review of documents to any of the documents in entries 2 through

19  91, Defendants declined to rectify this problem, despite the Magistrate Judge's prior ruling,

20  affirmed by this Court, that such tying was necessary. Dkt. 2938, ¶ 14.

21      Although the declarants have attempted to resolve one deficiency identified by the

22  Magistrate Judge with regard to the declarations, they have inexplicably failed to do so for the

23  first 90 entries on the log. The declarants still have not tied any of their statements to any of

24  the specific documents listed in entries 2 through 91 on the August 5, 2008 privilege log. The

25  failure to do so was one of the reasons given in the earlier dispute as to why the declarations

26  were inadequate. Nothing has changed. This Court should, again, decline to reconsider the

27  Magistrate Judge's ruling.

28

[237237-2]

1

2

### d.    Defendants' Arguments Regarding the Magnitude of the Production Strain Credulity

Defendants' primary argument as to why they should be permitted to withhold documents without providing detail in the logs or declarations to support each assertion is that the magnitude of the production renders such detailed assertions unusually hard.  Defendants rely primarily, as they did during the earlier dispute, on a single district court's decision in *In re Imperial Corporation of America v. Shield*, 174 F.R.D. 475 (S.D. Cal. 1997), for the proposition that the Magistrate Judge's requirement that they justify the withholding of every document withheld was "clearly erroneous" or "contrary to law."  Dkt. 3002 at 8-10.

Defendants' reliance on *In re Imperial Corporation* is misplaced.  First, the party asserting the privilege must always provide enough information to permit the court to review the applicability of the privilege to the documents at issue.  Fed. R. Civ. P. 26 advisory committee's note (1993).  Second, this Court already ruled that *In re Imperial Corporation* does not relieve Defendants of the burden of showing the applicability of the privileges to the documents.  Dkt. 2862 at 6-7.

Further, this Court held that Defendants were required to provide sufficient detail to permit the Court to evaluate the assertions of privilege in the context of a privilege log that contained 16,788 entries, and a production that included hundreds of thousands of documents.  *See* Dkt. 2689 at 10.  Here, Defendants make much of their "massive" production.  Dkt. 3002 at 4, 7, 8; *see also* Dkt. 3002 at 6 (referring to the "enormity of Defendants' document production"), 8 (referring to the "enormous magnitude" of the production in this case and stating that the "document productions are large"), and 9 (referring to the "magnitude of the production").  However, the privilege log at issue contained fewer than 400 entries,[6] and the total production of documents from the time the document requests were served on June 30, 2008 through the time the privilege log was provided was 18,426 documents.  *See* Morris Decl. ¶2.  Including descriptions for each of the documents withheld is a miniscule burden compared

---

[6] The log has entries up to 405, but eight blank but numbered entries.  *See* Dkt. 2938-3, Ex. I.

[237237-2]

to doing so for either the 16,788 documents on Defendants' earlier logs, or to the hundreds of thousands of likely privileged documents discussed in *In re Imperial Corporation*. Given the size of productions in modern complex litigation, permitting a lowered standard of justification of privileges where just 400 documents are being withheld would eviscerate the requirement that the party asserting a privilege bear the burden of showing that the privilege applies.

Moreover, unlike the responding party in *In re Imperial Corporation*, Defendants here made no request, timely or otherwise, to the Court for modification of the requirements to establish privilege. Rather, Defendants simply produced an inadequate privilege log and inadequate declarations. Even when opposing the motion for sanctions, they did not seek a protective order. The only authority besides *In re Imperial Corporation* that Defendants cite to support their argument that a more liberal standard should be applied to their logs is the 1993 Advisory Committee Note to Fed. R. Civ. P. 26(b)(5). However, the Advisory Committee Note directs that if a party anticipates that compliance with the requirement for providing information to establish privilege would be an unreasonable burden, that party should seek relief through a protective order from the court. Fed. R. Civ. P. 26(b)(5), 1993 Advisory Committee Note. Defendants did not do so.

### 3.    Defendants' Public Policy Argument Is Improper

Defendants argue that the Magistrate Judge's ruling ignores the public policy consideration in the deliberative process privilege jurisprudence. This is improper for two reasons. First, the standard for seeking reconsideration is that the order be "clearly erroneous or contrary to law." *Rockwell Intern., Inc.*, 712 F.2d at 1325. Even if the Magistrate Judge had ignored a public policy, which there is no reason to believe he did, this would not render the ruling "clearly erroneous or contrary to law." The standard is not "contrary to public policy."

Secondly, the issue of the existence of the public policy moves into the realm of the qualified nature of the deliberative process privilege. The need to protect the frank discussion of policymakers is weighed against other factors, 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated

-13-

[237237-2]

1  policies and decisions." *FTC*, 742 F.2d at 1161. The court can also consider "(5) the interest of

2  the litigant, and society, in accurate judicial fact finding; and (6) the seriousness of the

3  litigation and the issues involved." *L.H. v. Schwarzenegger*, 2007 WL 2009807 at * 2 (E.D.

4  Cal. 2007) (citing *North Pacifica LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D.

5  Cal. 2003)). In this case, every single factor weighs strongly in favor of disclosure.

6        The Magistrate Judge expressed doubt that Defendants will be able to present evidence

7  on their own behalf at trial without abandoning the deliberative process privilege. Dkt. 2997 at

8  10. However, he determined that he need not reach the analysis of these factors for

9  overcoming the privilege, because Defendants did not meet their burden of justifying their

10  assertion of the deliberative process privilege. *Id*. This Court should not reach the question.

11        Moreover, the very existence of the documents listed on the August 5, 2008 privilege

12  log demonstrates that the possibility that the documents could be disclosed does not discourage

13  frank discussion. The documents listed on this log were nearly all created after the Magistrate

14  Judge's December 6, 2007 Order requiring Defendants to produce all the deliberative process

15  privilege documents on their log. *See* Dkt. 2938-3, Ex. I. Many of the people listed on the

16  August 5, 2008 log were declarants for the earlier deliberative process dispute, or people who

17  work closely with them. Thus, Defendants, and the people creating and receiving the

18  documents on this log, were aware – at the time they were creating the documents on the

19  August 5, 2008 log – of the real possibility that the documents they were creating could be

20  produced. The existence of the documents in the particular circumstances of this case shows

21  that frank discussion was not chilled.

22
23        **4.    In Their Request for Reconsideration, Defendants Have Failed to
              Show that the Documents Are Indeed Privileged**

24        Although *in camera* review was not required in light of the facial inadequacy of

25  Defendants' logs and declarations, the Magistrate Judge conducted an *in camera* review of

26  10% of the documents withheld under the deliberative process privilege. Dkt. 2997 at 9-10.

27  These 31 documents were selected at random. *Id*. The Magistrate Judge stated that what he

28  found in his review "did not inspire confidence in the 'review' asserted by the declarants." *Id.*

-14-

at 10.  He described five of the documents he reviewed, and it is clear from his description that these documents were not predecisional and deliberative.  *Id.*  The Magistrate Judge found that "it is clear from the review of the individual documents that the declarations were not based on an adequate review of the documents."  *Id.*

Defendants do not dispute that the five documents described by the Magistrate Judge – over which they had asserted the deliberative process privilege – were not properly covered by the privilege.  Dkt.  3002 at 5-6.  Instead they argue that other documents were properly withheld.  Their argument, like the documents reviewed by the Magistrate Judge, should not inspire confidence.

First, Defendants are now asking for reconsideration of the order as it relates to just 120 of the 313 documents withheld under the deliberative process privilege.  Dkt. 3002 at 2-3. The fact that Defendants have effectively abandoned their claim of privilege over the majority of the documents they withheld under the deliberative process privilege – and that the declarants stated were deliberative process documents – suggests that the review by the declarants was not a reasonable review and their withholding was an abuse of the privilege.

Of the 313 documents on the log withheld on the basis of the deliberative process privilege, 54 appear to be routine weekly reports discussing the week ahead.  *See* Dkt. 2938-3, Ex. I., Docs. 119-165, 229-235.  Defendants now maintain that 29 of these 54 weekly reports should be withheld.  Although these are the largest single grouping of documents on the log, Defendants do not explain why a routine weekly report is entitled to the protection of this narrow privilege.

Further, even the few documents cherry-picked by Defendants to show the importance of maintaining the confidentiality of the documents give reason to doubt that the documents should be protected from disclosure.  The second document on the log is described as a June 2008 report, without a specific date, titled "Integrated Strategy to Address Overcrowding in CDCR's Adult Institutions."  Dkt. 2938-3, Ex. I., Doc. 3.  This document is not referred to as a draft on the log.  *Id.*  The CDCR website contains a report, dated June 16, 2008, entitled "Integrated Strategy to Address Overcrowding In CDCR's Adult Institutions."  Morris Decl.

-15-

1    Ex. 2.  Given Defendants' failure to provide a specific date for the withheld document, and the

2    lack of any indication that the withheld document was a draft, the circumstances suggest that

3    Defendants may be claiming a privilege over a document that was posted on their website and

4    announced in a press release  and press conference.

5         Finally, as discussed above, the descriptions are generally so vague and conclusory that

6    they fail to justify the assertion of the privilege.  From the descriptions in the log, many of the

7    documents, including those specifically cited in Defendants' Request for Reconsideration,

8    could be reports of what is being done or what has been decided.  The conclusory nature of the

9    descriptions fails to show that there was indeed a decision to be made following each of the

10   documents, whether the people receiving a document were actually going to be the ones

11   making the decision, or whether the documents were simply providing information about

12   decisions that had been made.

13        As with the documents reviewed by the Magistrate Judge, the nature and description of

14   the documents over which Defendants still claim privilege demonstrate that the review by the

15   declarants to determine what truly needed to be maintained as privileged was inadequate.

16   Defendants have not provided any reason to reconsider the Magistrate Judge's ruling on the

17   inadequacy of Defendants' assertion of the deliberative process privilege.

18        **C.    Defendants Fail to Show Error in the Magistrate Judge's Determination
             that the Challenged Documents Were Not Protected by Attorney-Client**
19           **Privilege**

20        The Magistrate Judge reviewed *in camera* 17 documents over which the attorney-client

21   privilege was asserted and found that none of them was in fact protected by the privilege.[7]

22   Dkt. 2997 at 6-7.  Defendants claim that the Magistrate Judge erred.  Defendants point to

23   nothing other than their repeated assertion that the documents are privileged to show that the

24   documents are privileged.  *See* 3002 at 12.

25

26

27   _____

[7] Five of the documents were not ordered to be produced because Defendants had asserted
     another privilege over them that was not challenged.  Dkt. 2997 at 5, 7.

28

-16-

[237237-2]

**1.    This Court Already Held that the Legal Standard Applied by the Magistrate Judge Is the Correct Standard**

The Magistrate Judge, in his August 29, 2008 Order, set out the legal requirements of the attorney-client privilege as follows:

> The privilege has eight essential elements: "(1) [w]here legal advice of any kind is sought (2) from a professional legal advisor in his [or her] capacity as such, (3) the communications relating to the purpose, (4) made in confidence (5) by the client, (6) are at his [or her] instance permanently protected, (7) from disclosure by him [or her] self or by the legal advisor, (8) unless the protection be waived." *Admiral Ins. v. U.S. Dist. Court for Dist. Of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989) (citing *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977)).

Dkt. 2997 at 4.  This is the same standard that this Court applied when considering Defendants' Motion for Reconsideration of the Magistrate Judge's April 14, 2008 Order.  Dkt. 2825 at 4. Defendants do not appear to dispute that the Magistrate Judge applied the correct standards.

**2.    Defendants Make No Showing Of Error By the Magistrate Judge**

Defendants assert, in general terms and without any support, that their assertions of attorney-client privilege are proper.  However, from the privilege logs themselves, the challenged attorney-client assertions appear not to meet the criteria for the privilege.

Of the five documents for which attorney-client privilege was asserted on the August 5, 2008 log that were ordered produced, three of the entries on the log do not list any attorney as an author or recipient.  *See* Dkt. 2938-3, Ex. I., Docs. 364-366.  Defendants have failed to justify these assertions of the privilege.[8]  Based upon the log, the ruling that these documents were not privileged cannot be viewed as clearly erroneous.

The two other entries in this group list one or two attorneys in a list of five recipients, and neither of these entries has a description that suggests that the document sought or provided legal advice as opposed to other forms of advice or input.  *See* Dkt. 2938-3, Ex. I.,

1  Docs.  4, 171.  The entry for document number 4 describes the document as "Briefing

2  document concerning rehabilitation strike teams containing internal deliberations and draft

3  recommendations."  *Id.* at Doc. 4.  The entry for document number 171 describes the document

4  in similarly non-legal terms: "Email regarding CDCR Emergency Authority – AB 900 with

5  recommendations for agency review and consideration."  *Id.* at Doc. 171.  The descriptions of

6  these documents do not suggest that the communications were particularly legal in nature,

7  which is consistent with their having been sent to several people, only a small minority of

8  whom were attorneys.  Again, the log entries support the Magistrate Judge's rulings.

9       The entries on the June 10, 2008 log also do not suggest that the documents challenged

10  and ultimately ordered produced should be protected by the attorney-client privilege.  Three of

11  the documents are listed as having been received by "Various."  *See* Dkt. 2938-3, Ex. A, Docs.

12  E00100274-E00100276.  The other documents have numerous recipients, making it more

13  likely that the purpose of the document was something other than the seeking or giving of legal

14  advice.  Indeed, of the entries for the seven documents challenged and ordered produced, only

15  one (entry for Doc. E00100346) makes any mention that legal advice is sought or provided.

16  *See* Dkt. 2938-3, Ex. A, Doc. E00100346.  This document is described as having been

17  authored by a dentist and sent to a variety of CDCR employees in addition to attorneys.  *Id.*

18       The Magistrate Judge reviewed the entries on the privilege logs, and he conducted an *in*

19  *camera* review of all the challenged documents that were withheld on the grounds of attorney-

20  client privilege.  Dkt. 2997 at 4 and 7.  The Magistrate Judge, upon this review and applying

21  the standards set forth above and previously approved by this Court, held that the documents

22  were not privileged.  *Id.*

23       Defendants argue that all that is needed is that the Court do an *in camera* review.  Dkt.

24  3002 at 12.  However, this has already been done by the Magistrate Judge, and Defendants

25

26  _____
   [8] Defendants stated during the meet and confer after Plaintiffs filed the sanctions motion that
27  an attorney received these documents.  Dkt. 2963, ¶ 2.  However, Defendants have declined to
   revise the log to reflect the additional recipient.  Dkt. 2963, Ex. 1; Morris Decl. Ex. 3.
28

-18-

[237237-2]

1   have presented no reason to believe that the Magistrate Judge's ruling was erroneous.

2          Further, Defendants appear to argue that the holding on the attorney-client privilege is

3   erroneous because the Magistrate Judge did not explain why the documents were ordered

4   produced.  However, the "absence of detailed discussion does not meet the 'clearly erroneous

5   or contrary to law' standard; instead, the Defendants must show that 'although there is

6   evidence to support [a finding], the reviewing court on the entire evidence is left with the

7   definite and firm conviction that a mistake has been committed.'" Dkt. 2825 at 7, quoting

8   *United States v. United States Gypsum Co.*, 333 U.S. at 395.  Defendants have not done so.

9   The Request for Reconsideration as to the documents withheld under the attorney-client

10  privilege should be denied.

11         **D.      Although the Request Is Styled as, in the Alternative, a Request for Stay,**
           **Defendants Make No Showing of the Need for a Stay**

12

13         Defendants have requested, in the alternative, a stay of Magistrate Judge Moulds' order.

14  They have provided no argument whatsoever as to the appropriateness of a stay.

15         A stay of a district court's order may be appropriate based upon consideration of the

16  following: "(1) whether the stay applicant has made a strong showing that he is likely to

17  succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

18  (3) whether issuance of the stay will substantially injure the other parties interested in the

19  proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776

20  (1987)

21         In the Ninth Circuit, this standard is viewed as

22             "two interrelated legal tests" operating along a continuum.  *Lopez*
               *v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).  At one end of the
23             continuum, the moving party may succeed if it shows that there is a
               probability of success on the merits as well as a possibility of
24             irreparable injury.  *Golden Gate Restaurant Ass'n. v. City and*
               *County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).
25             At the other end, the moving party may succeed if it shows that it
               has raised "serious legal questions" and that "the balance of
26             hardships tips sharply in its favor."  *Id.* at 1116 (quoting *Lopez*, 713
               F.2d at 1435).
27

28

[237237-2]

Dkt. 2825 at 8.

Here, Defendants have made no showing that a stay is merited in this case. Defendants have not raised serious legal questions; they have raised the very same questions that this Court already decided in the last round of Requests for Reconsideration. Moreover, Defendants have made no argument about the likelihood of irreparable injury absent a stay, and could not make such an argument. There is already an executed clawback agreement in this case to ensure the orderly retrieval of documents if, at some point, they were to succeed on the merits. *See* Dkt. 2583-3, Ex. O. There is simply no basis for a stay of the August 29, 2008 Order.

Moreover, if Defendants seek a stay for the purpose of appealing the Magistrate Judge's order to the Ninth Circuit, it is unlikely that the Circuit court would conclude that the Magistrate Judge's order is a final, appealable order (*see* case no. 08-15083, Order, April 16, 2006 (denying Defendants' appeal of a discovery order for lack of jurisdiction)). Indeed, Defendants appealed the Magistrate Judge's previous orders to produce improperly withheld documents and the Ninth Circuit has, for both appeals, expressed doubt that it has jurisdiction over the appeals and ordered Defendants to dismiss the appeals or show cause why it should not be dismissed for lack of jurisdiction. *See* Morris Decl. Ex. 1.

Because Defendants have completely failed to make any showing as to the appropriateness of a stay, their request for a stay should be denied.

**E.    The Award of Sanctions Was Proper**

Plaintiffs moved for sanctions based upon two separate discovery disputes: (1) the delay in production and subsequent production in an improper format of the documents ordered produced in April and May of 2008; and (2) the improper assertions of privilege on the June 10, 2008 and August 5, 2008 privilege logs. The August 29, 2008 Order addressed only the second portion of the original sanctions motion, and awarded sanctions only for those issues. Dkt. 2997 at 1, 11.[9]

---
[9] Defendants apparently construed the Order to grant sanctions for both sections of the motion. Dkt. 3002 at 12-14. Plaintiffs do not respond to most of the argument raised regarding the

(continued . . .)

-20-

1    Defendants' improper assertions of privilege, their failure to address the deficiencies

2    already identified by the Magistrate Judge in his earlier orders, and their failure to meet and

3    confer in good faith are indeed sanctionable.

4    Defendants failed to provide any declarations supporting the assertion of the

5    deliberative process privilege in the June 10, 2004 log. Dkt. 2938, ¶ 3. Plaintiffs asked about

6    this prior to bringing the motion for sanctions, and Defendants failed to respond, whether by

7    providing the declarations, confirming their non-existence, or withdrawing the assertions of

8    privilege. Dkt. 2938, ¶ 8. Only after the motion was brought was it acknowledged that there

9    were no declarations and the privilege assertions were withdrawn.

10    With regard to the August 5, 2008 declarations (and the declarations provided on

11    July 24, 2008), Defendants argue that they "took great care and effort to revise privilege logs

12    and prepare new declarations to address the Court's concerns." Dkt. 3002 at 14. However, the

13    new declarations contain precisely the same language about confidentiality that was one of the

14    three things the Magistrate Judge specifically noted was defective, and nothing additional

15    about confidentiality. Compare Dkt. 2938-4, Exs. J-L with Dkt. 2687-3, 2687-4, 2687-5,

16    2687-6. When Plaintiffs pointed out, on two occasions, that the new declarations contained the

17    same formulation regarding confidentiality that had previously been held to be inadequate by

18    the Magistrate Judge, Defendants stated that they thought the Court was wrong. Dkt. 2938,

19    ¶¶ 8, 12.

20    Plaintiffs also pointed out to Defendants that the declarations did not purport to tie

21    statements in the declarations to the documents reflected in entries 2 through 91 of the

22    August 5, 2008 privilege log. Defendants stated that these entries were covered by the

23    declarations provided to Plaintiffs in support of the July 24, 2008 privilege log, which

24    contained no language at all tying the statements to any specific documents. Dkt. 2938-2,

25

26    award of sanctions, because the argument relates to the factual questions around the portion of
the motion that was not addressed in this Order. Only the last paragraph of Defendants'

27    argument about sanctions relates to the sanctions that were imposed by the August 29, 2008

28    (continued . . .)

-21-

[237237-2]

1   Exs. C-E.  Defendants stated their position that the declarations were sufficient, despite this

2   having been another of this specific deficiencies identified by the Magistrate Judge in the

3   earlier orders.  Dkt. 2938, ¶ 14.

4           Contrary to Defendants argument that they took great care and effort to revise the

5   declarations, the August declarations are very nearly identical to the declarations submitted in

6   February that were found to be inadequate.  The single substantive difference is the listing of

7   documents by entry number, for documents other than those listed in entries 2 through 91, of

8   the specific documents the declarants reviewed.  Little else has changed.

9           Plaintiffs had identified specific privilege log entries that appeared not to support the

10  asserted privilege several days prior to a meet and confer regarding the privilege log.  Dkt.

11  2938, ¶ 10, 2938-4, Ex. M.  However, Defendants did not review those documents prior to the

12  meet and confer nor did they have them available during the meet and confer, making the

13  process a futile exercise.

14          Over the course of the meet and confer that followed the filing of the motion for

15  sanctions, it became clear that many of the entries on the August 5, 2008 log were inaccurate.

16  For the majority of the e-mails Plaintiffs challenged and Defendants reviewed in the meet and

17  confer, one or more of the authors and recipients were incorrect.  Dkt. 2963, ¶ 2.  Further, all

18  documents attached to an e-mail were listed as having the same author and recipient as the e-

19  mail, regardless of whether the e-mail sender was actually the author or whether the document

20  may have been distributed in other e-mails or through other avenues.  Morris Decl. Ex.3.

21  Plaintiffs asked Defendants to update or revise the log to show the accurate authors and

22  recipients of each document listed.  Defendants declined to do so.  Dkt. 2963, Ex. 1.

23          Defendants' flagrant disregard of the earlier orders, over similar disputes, in this case is

24  sanctionable.  Rather than addressing the deficiencies that had previously been identified, they

25  simply reiterated them, wasting the time of the Magistrate Judge.  The withholding of

26

27  _____

    Order.

28

-22-

[237237-2]

documents has prejudiced Plaintiffs, as the documents on the log were the most current documents relating to many of the central issues in the litigation, and Plaintiffs were unable to use them as they prepared for depositions.

Indeed, Defendants continue their improper conduct with the current Request for Reconsideration. Defendants' Request appears to be, to a large degree, cut and pasted from their prior Requests for Reconsideration. They rely on the same arguments they relied on previously, with no mention that this Court, in this case, already rejected their arguments. They have provided no reason for the Court to reconsider Magistrate Judge Moulds' award of sanctions.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Request for Reconsideration by the Three-Judge Court of Magistrate Judge's August 29, 2008 Ruling, or, Alternatively, Request for Stay of Order.


Dated:  September 9, 2008                    Respectfully submitted,

                                            ROSEN, BIEN & GALVAN, LLP



                                            By: */s/ Maria V. Morris*
                                                Maria V. Morris
                                                Attorney for *Coleman* Plaintiffs and on
                                                Behalf of *Plata* Plaintiffs

-23-

[237237-2]