PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br>     Plaintiffs, <br> vs. <br> ARNOLD SCHWARZENEGGER, et al., <br>     Defendants | No.: Civ S 90-0520 LKK-JFM P <br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br>     Plaintiffs, <br> vs. <br> ARNOLD SCHWARZENEGGER, et al., <br>     Defendants | No. C01-1351 TEH <br> **THREE-JUDGE COURT** <br> **DECLARATION OF MARIA V. MORRIS IN OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OR STAY OF MAGISTRATE JUDGE'S AUGUST 29, 2008 ORDER** |

I, Maria V. Morris, declare as follows:

I am an attorney at law admitted to practice before the Federal District Court for the Eastern District of California, an associate in the firm Rosen, Bien & Galvan, LLP ("RBG").

1. I make this declaration in Opposition to Defendants' Request for Reconsideration by the Three-Judge Court of Magistrate Judge's August 29, 2008 Ruling or, Alternatively, Request for Stay of Order. I have personal knowledge of the matters set forth herein and if called as a witness I could and would competently so testify.

2. I reviewed the chart Plaintiffs maintain of the productions of documents in this case. Our chart, which is updated as new productions are received, reflects that Defendants produced 18,426 documents between June 30, 2008 (the date the *Coleman* Plaintiffs served the Third Request for Production of Documents), and August 8, 2008 (the date Plaintiffs received the August 5, 2008 privilege log). These 18,426 documents comprise 41,261 pages.

3. Attached hereto are true and correct copies of the following documents:

**Exhibit 1:** Orders of the Ninth Circuit Court of Appeals requiring Defendants to dismiss the appeals of the Three-Judge Court's June 17, 2008 and July 8, 2008 Orders denying Defendants' Requests for Reconsideration of the Magistrate Judge's Orders regarding the improper withholding of documents or show cause as to why the Ninth Circuit should not dismiss the appeals, dated August 20, 2008 and August 26, 2008;

**Exhibit 2:** June 18, 2008 Press Release entitled "CDCR Releases Coordinated Construction Plan to Reduce Overcrowding in State Prison System" showing electronic link to Report "Integrated Strategy to Address Overcrowding in CDCR's Adult Institutions." The press release is available online at http://www.cdcr.ca.gov/News/2008_Press_Releases/June_18.html and report itself is available online at http://www.cdcr.ca.gov/News/docs/2008_06_18_REDUCE_overcr

owding_Docs.pdf; and

**Exhibit 3:**   Excerpt of transcript of August 20, 2008 hearing, showing Defendants' admission that the privilege log did not accurately reflect the author and recipient(s) of documents attached to an e-mail, showing instead only the author and recipients of the e-mail to which they were at some point attached.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 9th day of September, 2008, in San Francisco, California.

>  _/s/ Maria V. Morris_
>  Maria V. Morris

2
DECLARATION OF MARIA V. MORRIS IN OPPOSITION TO DEFENDANTS' REQUEST FOR RECONSIDERATION OR STAY OF MAGISTRATE JUDGE'S AUGUST 29, 2008 ORDER, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[238361-1]

**EXHIBIT 1**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al.,<br><br>　　　　Plaintiffs - Appellees,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER,<br>Governor; et al.,<br><br>　　　　Defendants - Appellants. | No. 08-16717<br><br>D.C. No. 2:90-cv-00520-LKK<br>Northern District of California,<br>San Francisco<br><br>ORDER |

**RECEIVED**

AUG 2 2 2008

Rosen, Bien & Galvan

A review of the record suggests that this court may lack jurisdiction over the appeal because an order granting a motion to compel production of documents is generally not appealable. *See Medhekar v. United States District Court*, 99 F.3d 325, 326 (9th Cir. 1996) (per curiam) (noting that pre-judgment discovery orders are not immediately appealable and granting mandamus relief); *Wilkinson v. FBI*, 922 F.2d 555, 558 (9th Cir. 1991) ("[O]rders *granting* post-judgment discovery are generally not appealable as final judgments . . . [because] the party opposing the motion can refuse to comply and challenge the order on appeal from a contempt citation.") (citations omitted) (emphasis in original), *overruled on other grounds by Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Although appellants

LL/MOATT

state that the collateral order doctrine applies, it is not clear that all three prongs of that doctrine are satisfied here. *Cf. In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1088 (9th Cir. 2007) (deciding a pre-judgment order compelling discovery).

Within 21 days after the date of this order, appellants shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellants elect to show cause, a response may be filed within 8 days after service of the memorandum.

If appellants do not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1.

Briefing is suspended pending further order of the court.

FOR THE COURT:

Molly Dwyer
Clerk of Court

By: Lindy Lucero
Motions Attorney/Deputy Clerk
9th Cir. R. 27-7
General Orders/Appendix A

LL/MOATT

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| RALPH COLEMAN, MARCIANO PLATA; et al., | No. 08-16682 |
| --- | --- |
| Plaintiffs - Appellees, | D.C. Nos. 3:01-cv-01351-THE<br>2:90-cv-00520-LKK<br>Northern District of California,<br>San Francisco |
| v. | |
| ARNOLD SCHWARZENEGGER, Governor; et al., | ORDER |
| Defendants - Appellants. | |

**RECEIVED**

AUG 2 6 2008

Rosen, Bien & Galvan

A review of the record suggests that this court may lack jurisdiction over the appeal because an order granting a motion to compel production of documents is generally not appealable. *See Wilkinson v. FBI*, 922 F.2d 555, 558 (9th Cir. 1991) ("[O]rders *granting* post-judgment discovery are generally not appealable as final judgments . . . [because] the party opposing the motion can refuse to comply and challenge the order on appeal from a contempt citation.") (citations omitted) (emphasis in original), *overruled on other grounds by Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Although appellants state that the collateral order doctrine applies, it is not clear that all three prongs of that doctrine are satisfied

HS/MOATT

here. *Cf. In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1088 (9th Cir. 2007) (deciding a pre-judgment order compelling discovery).

Within 21 days after the date of this order, appellants shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellants elect to show cause, a response may be filed within 8 days after service of the memorandum.

If appellants do not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1.

Briefing is suspended pending further order of the court.

For the Court:

Molly Dwyer
Clerk of Court

By: Helene Silverberg
Motions Attorney/Deputy Clerk
9th Cir. R. 27-7
General Orders/Appendix A

HS/MOATT                                  2

**EXHIBIT 2**



**CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION**

**Office of Public & Employee Communications**

Home » News » 2008 Press Releases » June 18

For Immediate Release
Contact: Seth Unger
(916) 445-4950

June 18, 2008

# CDCR Releases Coordinated Construction Plan to Reduce Overcrowding in State Prison System



Secretary Cate discusses Integrated Strategy to Reduce Overcrowding

 Watch video of Secretary Cate Addressing Media

**NEWS**
- » Communications Home Page
- » Press Releases
- » Press Office Contacts
- » List of Public Information Officers
- » Resources for Media
- » Multi-Media
- » Links Archive
- » Recent RFI

*Plan Coordinates Reform and Construction Efforts*

**SACRAMENTO** - California Department of Corrections and Rehabilitation (CDCR) today released a comprehensive, integrated strategy for prison reform and construction to address inmate overcrowding. In the report, CDCR Secretary Matthew Cate outlined plans for new construction and coordinating reform efforts that will take into account progress on implementing AB 900, the Receiver's building plans, recent population projections, developments in recent court proceedings and other factors.

"This integrated plan is a realistic approach that will allow California to move forward with much-needed prison reforms, even as the courts and other outside entities continue to influence our corrections system. The construction, reform and interim components described as part of this integrated strategy are necessary to reduce overcrowding," said Secretary Cate. "It is imperative that lawmakers, stakeholders and law enforcement partners across the state support this plan, and are able to unite behind a common goal of implementing comprehensive prison reforms that improve public safety."

The report notes that in order to effectively reduce overcrowding, CDCR must implement an integrated strategy that includes:

- Expanded capacity through implementation of AB 900;
- Construction of the Receiver's health-related facilities;
- The Administration's proposed budget and policy reforms;
- Analysis of short and long-term population trends; and,
- Consideration of three judge panel proceedings.

Recognizing that a number of factors have shifted since AB 900 was enacted in May 2007, CDCR has concluded that the following key components of an integrated approach are necessary, and that the state must:

- Immediately begin construction of AB 900 infill beds: 4,800 beds in Phase1/Priority 1 (up to 8,600 total in Phases 1 and 2);
- Support the Receiver's construction of health-related facilities: 10,000 beds;
- Continue acquisition and construction of AB 900 secure community reentry facilities: 3,000 in Phase 1 (up to 11,000 total in Phases 1 and 2); and,
- Implement policy reforms: Summary parole or other effective reform measures.

CDCR proposes to begin implementation of this integrated strategy immediately. Given the uncertainty of future population changes, CDCR proposes to implement Phase I/Priority 1 of the Infill Plan as soon as possible while continuing to evaluate the direction for the remainder of Phase 1 and 2. The total number of infill beds currently proposed is lower than originally anticipated due to a number of factors, including a greater need for high-security beds for level 4 inmates, and increasing construction cost projections.

Expected outcomes as a result of implementing these reforms mean that California will be able to:

Copyright © 2007 State of California

- End its practice of using "temporary" beds in adult prisons;
- Begin to show a significant reduction in overcrowding; and,
- Position itself to demonstrate to external stakeholders, including our partners in local government and the courts, that we are committed to addressing overcrowded institutions, reducing recidivism and enhancing public safety through prison reforms.

CDCR will continue to evaluate the timing and direction for Phase I/Priority 2 and Phase 2 of the construction plans based on changes in the inmate population or direction from the court in the three judge panel proceedings. While the integrated strategy takes into account the potential of a settlement in the three judge panel proceedings, this plan is not dependent upon a settlement. Instead, it will allow the State to be able to take immediate steps to demonstrate a reliable plan and actual progress toward reducing overcrowding irrespective of court proceedings.

**RESOURCES:**

- View the Full Report: "Integrated Strategy to Address Overcrowding in CDCR's Adult Institutions"
- June 17, 2008, Letter from Governor Schwarzenegger to Legislative Leaders on Status of Prison Reforms
- CDCR Spring 2008 Adult Population Projections

###

NOTE TO MEDIA: all images are available in hi-res format.
Please call (916) 445-4950, to request larger file images

**EXHIBIT 3**

```
 1                   UNITED STATES DISTRICT COURT
 2                  EASTERN DISTRICT OF CALIFORNIA
 3                              --o0o--
 4   RALPH COLEMAN, et al.,      ) Case No. 2:90-cv-00520-LKK-JFM
                                 )
 5                Plaintiffs,    )
                                 ) Sacramento, California
 6        vs.                    ) Wednesday, August, 20, 2008
                                 ) 11:37 A.M.
 7   SCHWARZENEGGER, et al.,     )
                                 ) Hearing re: motion for
 8                Defendants.    ) sanctions.
                                 )
 9
                       TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE JOHN F. MOULDS
                  UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For Plaintiffs:              MARIA V. MORRIS
13                                Rosen, Bien & Galvan, LLP
                                  315 Montgomery Street 10th Floor
14                                San Francisco CA    94105
                                  (415) 433-6830
15
     For Defendants:              DANIELLE O'BANNON
16                                Attorney General's Office
                                  455 Golden Gate Avenue
17                                Suite 11000
                                  San Francisco, CA    94102
18                                (415) 703-5500

19   Court Recorder:              (UNMONITORED)
                                  U.S. District Court
20                                501 I Street, Suite 4-200
                                  Sacramento, CA    95814
21                                (916) 930-4193

22   Transcription Service:       Petrilla Reporting &
                                     Transcription
23                                5002 - 61st Street
                                  Sacramento, CA    95820
24                                (916) 455-3887

25   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
```

```
                                                              20
```

1       THE COURT: You mean the August 5th log?
2       MS. MORRIS: Yes. In the August 5th log, the first
3  90 documents or so, which are the documents that were in the
4  July log, are not addressed -- are not tied to specific
5  statements in any way, just as was the case with the earlier
6  declarations.
7       I hope that made sense, because it took me a while to
8  figure out what was going on in these long discussions with
9  defendant. So that --
10      THE COURT: So did that mean you got those documents
11 when you settled the June 10th?
12      MS. MORRIS: No. No. These are documents that
13 remain on the August 5th log, but they were first identified
14 and the declarations were presented in -- on July 24th, and
15 those declarations, which are the only -- which according to
16 defendants are the only declarations that apply to those
17 initial 90 documents on the August 5th log, don't tie any of
18 the statements of the declarants to any specific document,
19 which was one of the concerns that you had had on the prior
20 declaration -- with the prior declarations.
21      THE COURT: Anything further?
22      MS. MORRIS: I would like to raise the issue of the
23 inaccuracies in the privilege log. As we were -- this was not
24 something that was in the original motion, because I had no
25 knowledge of it at that point, but it became clear over the

21

1  course of the meet and confer as defendants looked at the
2  documents, that a lot of the documents had individuals listed
3  on them that are not listed on the logs describing them.
4         Nearly half of all the documents we looked at had
5  some variation between what was listed on the log as author and
6  recipient, and what was listed on the document itself as author
7  and recipient.  Some of them, it was just entirely wrong -- at
8  least one of them, it was entirely wrong, and then on several
9  others there were just numerous people missing -- one or more
10 people missing.
11        That level of inaccuracy makes it seem to me that
12 there can't be any assurance at all that who received the
13 documents, who sent the documents, how -- and if you don't know
14 that, you can't say that they're confidential.  I don't
15 understand how, with that level of inaccuracy, any privilege
16 can really be upheld.
17        THE COURT:  Ms. O'Bannon, anything further?
18        MS. O'BANNON:  Yes.  I would like to touch on quickly
19 the 1 through 90 documents and the inaccuracies in the logs.
20        THE COURT:  Okay.
21        MS. O'BANNON:  Just quickly I was going to say that
22 the first 1 through 90 documents, I -- although the
23 supplemental declarations don't specifically list them as we
24 did the other stuff in the logs, those 1 through 90 do fall
25 into the same category of documents that are contained in these

```
                                                                    28
 1   order remains that those will be produced in native format.
 2          The motion -- I'm not -- the motion for sanctions,
 3   which struck me more as a motion for expenses is not something
 4   I'm going to make any orders on at this time.  I'm sure both
 5   parties have considered the possibility that there's going to
 6   be a resolution at the end of this proceeding concerning
 7   attorney's fees, that's certainly at least a possibility, and
 8   the -- it's perhaps premature to start picking segments out of
 9   that for awards at this time.
10          So that's as far as we can go today.  Ms. Morris and
11   Ms. O'Bannon, thank you for your attendance here today.  These
12   are much better done in person than over the telephone, and
13   thank you.
14          MS. O'BANNON:  Thank you, Your Honor.
15          MS. MORRIS:  Thank you, Your Honor.
16      (Whereupon the hearing in the above-entitled matter was
17   adjourned at 4:13 p.m.)
18                              --oOo--
19                            CERTIFICATE
20      I certify that the foregoing is a correct transcript from
     the electronic sound recording of the proceedings in the above-
21   entitled matter.
22
23   _____        August 21, 2008
     Patricia A. Petrilla, Transcriber
24   AAERT CERT*D-113
25
```