1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST - 183792
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF - 193479
   Supervising Deputy Attorney General
5  LISA A. TILLMAN - 126424
   Deputy Attorney General
6  KYLE A. LEWIS - 201041
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5677
   Facsimile: (415) 703-5843
9  kyle.lewis@doj.ca.gov

                                   HANSON BRIDGETT LLP
                                   JERROLD C. SCHAEFER - 39374
                                   PAUL B. MELLO - 179755
                                   S. ANNE JOHNSON - 197415
                                   SAMANTHA TAMA - 240280
                                   RENJU P. JACOB - 242388
                                   425 Market Street, 26th Floor
                                   San Francisco, CA 94105
                                   Telephone: (415) 777-3200
                                   Facsimile: (415) 541-9366
                                   jschaefer@hansonbridgett.com
                                   pmello@hansonbridgett.com
                                   stama@hansonbridgett.com
                                   rjacob@hansonbridgett.com

10  Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13          AND THE EASTERN DISTRICT OF CALIFORNIA

14    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | **No. 2:90-cv-00520 LKK JFM P**<br><br><u>**THREE-JUDGE COURT**</u> |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br><u>**THREE-JUDGE COURT**</u><br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE THREE-JUDGE COURT OF MAGISTRATE JUDGE'S RULING REQUIRING CDCR SECRETARY CATE TO SUBMIT TO DEPOSITION QUESTIONS OF PRIVILEGED MATTERS; REQUEST FOR STAY OF ORDER (E.D. L.R. 72-303)**<br><br>**To: Three-Judge Court** |

- 1 -

# I.    INTRODUCTION

The law is clear that the testimony of government decision-makers as to their mental processes in reaching a decision is strictly forbidden absent a clear showing of misconduct.  In the absence of misconduct, courts have consistently and universally rejected any effort to compel testimony relating to a government decision-maker's mental processes.  Plaintiffs do not allege any misconduct on the part of any Defendant or governmental actor in this proceeding, and yet, Magistrate Judge Moulds nonetheless held that Plaintiffs may depose the Secretary of the California Department of Corrections and Rehabilitation (CDCR), Matthew Cate, regarding his communications with the Governor and his top aides.  (Sept. 10, 2008 Order at 8:4-6.)  This holding is inappropriate, unsupported by precedent, and clearly erroneous.

The testimony of a government decision-maker's mental processes is safely guarded by courts, and "only where there is a clear showing of misconduct or wrongdoing is any departure from this rule permitted."  *Franklin Savings Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991).  In the proceedings before this Court, Plaintiffs allege that overcrowding is the primary cause of the unconstitutional provision of medical care to inmates with serious medical needs, and that no relief less intrusive than a prisoner release order may remedy that constitutional violation.  Plaintiffs have never alleged personal wrongdoing on behalf of any named Defendant or any governmental actor. Despite the existence of unambiguous precedent holding that there must be a clear showing of misconduct before questioning of a government decision-maker's mental processes may be permitted, and in the absence of any such allegations on the part of Plaintiffs, Magistrate Judge Moulds' order permits Plaintiffs to question Secretary Cate on precisely that which is expressly forbidden by the courts.

Courts have consistently held that government officials may not be questioned about their administrative decisions, reasoning that such questioning would be akin to examining judicial officers regarding their rulings.  *See U.S. v. Morgan*, 313 U.S. 409 (1941).  Just as an "examination of a judge would be destructive of judicial responsibility

1    -- [] by the same token the integrity of the administrative process must be equally

2    respected." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss*, 40 F.R.D. 318, 325-26 (D.D.C.

3    1966).  This Court has noted the importance of upholding judicial and quasi-judicial

4    immunity, and by the same reasoning, must accord similar respect to the immunity

5    enjoyed by government decision-makers.  (*See* Protective Order re: Deposition of the

6    California Prison Helath Care Receivership Corporation, Nov. 29, 2007.)  Magistrate

7    Judge Moulds' failure to do so contravenes clearly-established legal precedent dating

8    back nearly seventy years.  *See Morgan*, 313 U.S. at 422.

9         This Court must therefore reconsider the Magistrate Judge's clearly erroneous

10   ruling and set it aside to preserve the long line of precedent first established by the U.S.

11   Supreme Court forbidding testimony by government decision-makers as to their mental

12   processes absent a clear showing of personal misconduct.  To avoid further prejudice,

13   Defendants also request that this Court stay the Magistrate Judge's ruling to the extent it

14   requires Secretary Cate to submit to further deposition on Friday, September 12, 2008,

15   pending this Court's determination of this application.

16                          **II.    ARGUMENT**

17   **A.    Standard of Review**

18        The Magistrate Judge's ruling is reviewable by the Three Judge Panel upon the

19   request of either party, so long as that request is filed within 10 days after service of the

20   order.  E.D. L.R. 72-303(b).  A magistrate judge's order must be modified or set aside

21   with respect to any part of the order shown to be "clearly erroneous or contrary to law."

22   *Id.*  Such is the case here, where the Magistrate Judge's order ignores the very limited

23   circumstances in which a high-ranking government decision-maker's mental processes

24   may be examined.

25   **B.    Magistrate Judge Moulds's Order Authorizing the Depositions of Secretary
26           Cate Regarding His Privileged Mental Processes Is Clearly Erroneous and
             Contrary to the Law.**

27        There can be no dispute that the information Plaintiffs seek from Secretary Cate is

28   expressly forbidden absent a clear showing of personal misconduct.  Plaintiffs very

1    clearly state that they seek to question Secretary Cate regarding "his conversations with

2    the Governor or the Governor's aides" concerning "matters key to this case," and "what

3    population reduction alternatives the Governor's office and CDCR have considered, and

4    why some alternatives were adopted and others rejected."  (Pls.' Statement Re

5    Discovery Dispute Re Matthew Cate Deposition (Pls.' Stmt), 1:7-8; 2:6-8.)  At Secretary

6    Cate's deposition, Plaintiffs' counsel asked what was said in conversations between

7    Secretary Cate and Cabinet Secretary Dan Dunmoyer, Chief of Staff Susan Kennedy,

8    and Governor Schwarzenegger himself.  (Decl. Tama, Ex. A.)  Plaintiffs' counsel inquired

9    specifically what Secretary Cate discussed with Cabinet Secretary Dan Dunmoyer and

10   wanted to know "what was said during those meetings between Mr. Dunmoyer and Mr.

11   Cate."  (*Id.* at 25:3-5.)  But the Court in *Franklin* held that inquiries into similar matters,

12   including what information was relied upon in reaching the decision at issue, the sources

13   of the information, who the decision-maker had conversations with, and what information

14   was provided to the deponent that led him to reach a decision, were all expressly

15   forbidden.  *Franklin*, 922 F.2d at 211.

16        The *Franklin* Court properly prohibited the testimony at issue because the

17   questions "clearly went to the mental processes . . . and also sought information about

18   the advice given (the deponent) by his subordinates."  *Id.*  The Court's holding was

19   grounded in the line of case law that clearly establishes that "[s]uch questions, absent

20   extraordinary circumstances, are clearly improper and inadmissible."  *Id.*  The Court

21   heeded law holding that the judiciary "is not authorized to probe the mental processes of

22   an executive or administrative officer.  This salutary rule forecloses investigation into the

23   methods by which a decision is reached, the matters considered, the contributing

24   influences, or the role played by the work of others."  *Id.*  Indeed, "it is *not* the proper

25   function of the court to probe the mental processes of the agency or its members . . .

26   such a probing should ordinarily be avoided, and there must be a *strong showing* of bad

27   faith or improper behavior before such inquiry may be made."  *Id.* at 212 (emphasis in

28   original).  Here, as in *Franklin*, Plaintiffs seek to investigate certain matters considered

1   and how a decision was reached, among other inquiries.  Though the Magistrate Judge's

2   order states that Defendants have not "established that the line of inquiry proposed by

3   plaintiffs' counsel would impermissibly intrude on the mental processes of

4   decisionmakers," Plaintiffs' brief compelling Secretary Cate's further questioning

5   indicates to the contrary.  (Sept. 10, 2008 Order at 8, fn. 3.)  Plaintiffs clearly state that

6   they seek to question Secretary Cate as to "what population reduction alternatives the

7   Governor's office and CDCR have considered, and why some alternatives were adopted

8   and others rejected."  (Pls.' Stmt., 2:6-8.)  These questions clearly go to the mental

9   processes of Secretary Cate, the Governor, and the Governor's top aides and are

10   inappropriate because, as the court properly held in *Franklin*, where there is no clear

11   showing of misconduct, much less even allegations of misconduct, any inquiry into

12   government decision-makers' mental processes is strictly prohibited.

13          Indeed, courts of this circuit have applied *Franklin* to uphold the notion that

14   government decision-makers may not be required to testify regarding their mental

15   processes in coming to a decision or regarding their communications and consultations

16   with others.  *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 U.S. Dist. LEXIS

17   11026, at *10 (E.D. Cal. Jan. 30, 2007).  Just as the Supreme Court in *Morgan*

18   determined, a Northern District decision too has held that the deliberative process

19   privilege "applies to the *mental processes* of an executive or administrative decision-

20   maker functioning in a manner akin to a judge arriving at a judicial decision."  *Randolph*

21   *v. City of East Palo Alto*, No. C06-07476 SI, 2007 U.S. Dist. LEXIS 89249, at *5-6 (N.D.

22   Cal. Nov. 20, 2007) (emphasis in original).  The Magistrate Judge has refused to provide

23   the same protection that government decision-makers are entitled to under the

24   reasoning of the Supreme Court in *Morgan* and the district court decision in *Randolph*.

25   Just as the Court in *Morgan* held impermissible questions relating to the mental

26   processes of the Secretary of Agriculture, questioning of the Secretary of the CDCR

27   regarding his conversations with the Governor and his high-ranking decision-makers is

28

1  similarly forbidden.  Magistrate Judge Moulds' ruling ignores such precedent and is

2  therefore clearly erroneous and contrary to the law.

3      Instead of focusing on the long line of established case law specifically prohibiting

4  inquiries into the mental processes of government decision-makers, the Magistrate

5  Judge's order looks generally to the incomplete standard cited by Plaintiffs that is

6  applicable to deliberative process inquiries.  In their "Statement re Discovery Dispute re

7  Matthew Cate Deposition," Plaintiffs cite to the same case law and argument that they

8  have previously relied upon numerous times in disputes with Defendants over

9  deliberative process privileged documents, and fail to identify the proper standard when

10  seeking testimony of government decision-makers.

11      While it is true that to assert the deliberative process privilege, the communication

12  or document must have been predecisional and deliberative, more is required when

13  seeking testimony regarding the mental processes of government decision-makers.

14  Plaintiffs must also make a "*strong showing* of bad faith or improper behavior before

15  such inquiry may be permitted."  *Franklin*, 922 F.2d at 212, *quoting Feller v. Bd. of Educ.*

16  *of Conn.*, 583 F. Supp. 1526, 1528 (D. Conn. 1984) (emphasis in *Franklin*).   But absent

17  from Plaintiffs' brief is any mention of this standard, or any allegation of personal

18  wrongdoing by any Defendant.  Like Plaintiffs, the Magistrate Judge uses the incomplete

19  standard in his order permitting Plaintiffs to inquire into Secretary Cate's mental

20  processes and conversations with the Governor and his high-ranking staff, and fails to

21  mention, much less consider, case law requiring a clear showing of personal

22  misconduct.  Such questioning is strictly prohibited under well-established legal

23  precedent, and therefore the Magistrate Judge's ruling ignoring this precedent is clearly

24  erroneous and contrary to the law.

25  **C.    The Magistrate Judge's Clearly Erroneous Ruling Must Be Stayed Pending Review By this Court to Avoid Undue Prejudice.**

26

27      The Magistrate Judge's improper ruling must be stayed while this Court reviews

28  this matter to avoid the undue prejudice that will result in the interim.  Magistrate Judge

- 6 -

1    Moulds' order requires Secretary Cate to submit to additional deposition questioning

2    regarding his mental processes on Friday, September 12, 2008, at 10:00 a.m.  Absent a

3    stay from this Court, the Secretary must testify and disclose highly privileged and

4    confidential communications and his mental processes to Plaintiffs.

5            All factors that must be considered when granting a stay weigh in Defendants'

6    favor.  First, as discussed above, Defendants have made a very strong showing that

7    Defendants will succeed on the merits of this issue given that the Magistrate Judge's

8    ruling was contrary to the law.  The Magistrate Judge's order ignores well-established

9    legal precedent that expressly forbids that which he permits by way of his order.  Such

10   an order is clearly erroneous, and entitles Defendants to relief.  Second, Defendants will

11   be irreparably injured absent a stay because once the Secretary's privileged

12   communications and mental processes are disclosed to Plaintiffs, Defendants will be

13   unable to overcome the resulting prejudice.  Further, the issuance of the stay will not

14   injure Plaintiffs while the issue is properly decided, given that Defendants have already

15   stipulated that the Secretary's deposition may occur after the close of non-expert

16   discovery.  Defendants have also provided Plaintiffs and Plaintiff-Intervenors CCPOA

17   with limitless discovery including multiple sets of discovery responses to interrogatories,

18   requests for production of documents, and admissions all directed at Secretary Cate,

19   and have produced over 550,000 pages of documents.  Lastly, there is a significant

20   public interest in favoring *stare decisis* by maintaining the confidentiality and privileged

21   nature of the mental processes of government decision-makers in reaching a decision or

22   communicating with others.  *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 87 (1973);

23   *Franklin*, 209 F.2d at 211.  Because all four factors weigh in Defendants' favor, this Court

24   should grant Defendants' request for a stay in the alternative.  *See Hilton v. Braunskill*,

25   481 U.S. 770, 776-77 (1987).

26   / / /

27   / / /

28

1

### III.    CONCLUSION

2      To date, there have been no boundaries within which Plaintiffs must seek

3  discovery.  Plaintiffs have been provided free access to attorney-client communications

4  and deliberative process privileged documents.  Defendants have also produced to

5  Plaintiffs over 550,000 pages of documents.  But Plaintiffs have gone too far in seeking

6  to compel the privileged deposition testimony of Secretary Cate.  The law is unequivocal:

7  the testimony which Plaintiffs seek regarding Secretary Cate's mental processes is

8  prohibited where, as here, no allegations of personal wrongdoing exist.  The Magistrate

9  Judge's ruling to the contrary is clearly erroneous and contrary to a long line of case law

10  dating back nearly seventy years.  The Magistrate Judge failed to accord deference to

11  the proper standard, and therefore, out of respect for the judicial process and *stare*

12  *decisis*, this Court must reconsider the Magistrate Judge's ruling and deny Plaintiffs'

13  motion to compel the privileged deposition testimony of Secretary Cate.  Defendants

14  also respectfully request, in the alternative, that this Court stay the Magistrate Judge's

15  order pending this Court's determination of this request for reconsideration to preserve

16  the status quo and avoid the resultant prejudice.

17  DATED:  September 10, 2008                    HANSON BRIDGETT LLP

18

19                                              By:____/s/ Paul Mello_____
                                                PAUL MELLO
20                                              Attorneys for Defendants Arnold
                                                Schwarzenegger, et al.
21
22  DATED:  September 10, 2008                    EDMUND G. BROWN JR.

23

24                                              By:____/s/ Jonathan L. Wolff_____
                                                JONATHAN L. WOLFF
25                                              Supervising Deputy Attorney General
                                                Attorneys for Defendants Arnold
26                                              Schwarzenegger, et al.

27

28