**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

---oOo---

| | |
|---|---|
| RALPH COLEMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) No. 2:90-CV-00520 |
| | ) LKK JFM P |
| ARNOLD SCHWARZENEGGER, et | ) |
| al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

CERTIFIED COPY

| | |
|---|---|
| MARCIANO PLATA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. C:01 1351 TEH |
| | ) |
| ARNOLD SCHWARZENEGGER, et | ) |
| al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

VIDEOTAPED DEPOSITION OF

MATTHEW L. CATE

FRIDAY, AUGUST 29, 2008

REPORTED BY:  HOLLY THUMAN, CSR No. 6834, RMR, CRR

(1-412303)

M E R R I L L    L E G A L    S O L U T I O N S

135 Main Street, 4th Floor
San Francisco, CA 94105

(415) 357-4300 Tel

www.merrillcorp.com/law

MATTHEW L. CATE        August 29, 2008

1                    I N D E X
2              INDEX OF EXAMINATIONS
3

   EXAMINATION BY:                              PAGE
4
   MR. SPECTER                                    6
5                     --o0o--
6         EXHIBITS MARKED FOR IDENTIFICATION
7   NO.               DESCRIPTION               PAGE
8   Exhibit 1    Document headed "Appendix F.     86
                 Status of Expert Panel
9                Recommendations"
10  Exhibit 2    Office of the Inspector General  102
                 release, February 21, 2007,
11               headed "The state's substance
                 abuse treatment programs for
12               inmates do not reduce
                 recidivism, yet cost the state
13               $143 million per year"
14  Exhibit 3    Email, Joan Petersilia to Matt   123
                 Cate, Elizabeth Siggins, June
15               20, 2008
16  Exhibit 4    Little Hoover Commission         137
                 document headed "Lack of
17               Political Will"
18  Exhibit 5    Transcription of Interview of    139
                 Matthew Cate conducted by
19               Michael Krasny
20  Exhibit 6    Back to the Community:  Safe &   168
                 Sound Parole Policies, Executive
21               Summary, November 2003
22  Exhibit 7    Office of the Inspector General,  173
                 April 18, 2006 press release:
23               "Department of Corrections and
                 Rehabilitation not doing anough
24               to prepare inmates for release,
                 adopt modern technology, or
25               provide inmates with medical
                 care"

2

MATTHEW L. CATE        August 29, 2008

1    (Exhibits, cont'd)

2    Exhibit 8       Defendant Cate's Responses to          178
                     Plaintiff Coleman's First Set of
3                    Interrogatories

4    Exhibit 9       Integrated Strategy to Address         191
                     Overcrowding in CDCR's Adult
5                    Institutions

6    Exhibit 10      California State Senate                204
                     Committee on Budget and Fiscal
7                    Review document headed "June 5,
                     2008 Outcomes"

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                              3

MATTHEW L. CATE        August 29, 2008

```
 1                      --o0o--
 2        Deposition of MATTHEW L. CATE, taken by the
 3   Plaintiffs, at PRISON LAW OFFICE, 1917 Fifth Street,
 4   Berkeley, California 94710, commencing at 9:30 a.m.,
 5   on FRIDAY, AUGUST 29, 2008, before me, HOLLY THUMAN,
 6   CSR, RMR, CRR.
 7                      --o0o--
 8                    APPEARANCES
 9   FOR THE PLAINTIFFS:
10        PRISON LAW OFFICE
          1917 Fifth Street
11        Berkeley, California 94710
          By:  DONALD SPECTER, Attorney at Law
12
13   FOR DEFENDANTS:
14        HANSON BRIDGETT LLP
          425 Market Street, 26th Floor
15        San Francisco, California 94105
          By:  PAUL MELLO, Attorney at Law
16
17        STATE OF CALIFORNIA
          DEPARTMENT OF CORRECTIONS & REHABILITATION
18        Office of Legal Affairs
          1515 S Street, Suite 502
19        By:  BENJAMIN T. RICE, Assistant Secretary
20   FOR DISTRICT ATTORNEY INTERVENORS:
21        DISTRICT ATTORNEY, COUNTY OF RIVERSIDE
          82-675 Highway 111, Fourth Floor
22        Indio, California 92201
          By:  WILLIAM E. MITCHELL, Assistant District
23             Attorney
24   ALSO PRESENT:  PATRICK MURRAY, Videographer.
25
```

MATTHEW L. CATE       August 29, 2008

| | |
|---|---|
| | 1    BERKELEY, CALIFORNIA; FRIDAY, AUGUST 29, 2008 |
| | 2           9:30 a.m. |
| | 3           --o0o-- |
| 09:12:08 | 4           PROCEEDINGS |
| 09:29:37 | 5           THE VIDEO OPERATOR:  Here begins Volume 1, |
| 09:29:38 | 6    Videotape No. 1 in the deposition of Matthew Cate in |
| 09:29:40 | 7    the matter of Coleman versus Schwarzenegger and |
| 09:29:43 | 8    related case in US District Court, Northern and |
| 09:29:47 | 9    Eastern District of California.  The case number is |
| 09:29:50 | 10   2:90-CV-00520.  Today's date is August 29th, 2008. |
| 09:29:58 | 11          The time on the video monitor is 9:30.  The |
| 09:30:03 | 12   video operator today is Patrick Murray, contracted |
| 09:30:07 | 13   by Merrill Legal Solutions, San Francisco, |
| 09:30:09 | 14   California.  This video deposition is taking place |
| 09:30:11 | 15   at 1917 Fifth Ave., Berkeley. |
| 09:30:17 | 16          Counsel, please identify yourselves and |
| 09:30:18 | 17   state whom you represent. |
| 09:30:20 | 18          MR. SPECTER:  Donald Specter for the |
| 09:30:21 | 19   plaintiffs. |
| 09:30:22 | 20          MR. MELLO:  Paul Mello for defendants. |
| 09:30:25 | 21          MR. RICE:  Ben Rice, CDCR Legal. |
| 09:30:27 | 22          MR. MITCHELL:  Bill Mitchell, Riverside |
| 09:30:30 | 23   DA's attorneys, for the District Attorney |
| 09:30:32 | 24   intervenors. |
| 09:30:34 | 25          THE VIDEO OPERATOR:  The court reporter |

5

MATTHEW L. CATE    August 29, 2008

| | | |
|---|---|---|
| 09:30:34 | 1 | today is Holly Thuman of Merrill. |
| 09:30:36 | 2 | Will the court reporter please swear in the |
| 09:30:38 | 3 | witness. |
| 09:30:49 | 4 | --o0o-- |
| 09:30:49 | 5 | MATTHEW L. CATE, |
| 09:30:49 | 6 | |
| 09:30:49 | 7 | called as a witness, having been first duly sworn, |
| 09:30:49 | 8 | was examined and testified as follows: |
| 09:30:49 | 9 | --o0o-- |
| 16:29:58 | 10 | EXAMINATION BY MR. SPECTER. |
| 09:30:50 | 11 | MR. SPECTER:  Q.  Would you please state |
| 09:30:51 | 12 | your name and spell your last name? |
| 09:30:53 | 13 | A.  My name is Matthew Cate, C-A-T-E. |
| 09:30:58 | 14 | Q.  I usually ask whether somebody has been |
| 09:31:00 | 15 | deposed before, but I'm going to ask you whether |
| 09:31:02 | 16 | you've ever taken a deposition before. |
| 09:31:07 | 17 | A.  I've assisted in taking depositions in |
| 09:31:13 | 18 | private practice.  I was too low down the totem pole |
| 09:31:19 | 19 | to be charged with any really important work in my |
| 09:31:24 | 20 | private practice work, but -- |
| 09:31:25 | 21 | Q.  Okay.  So you're familiar with the |
| 09:31:27 | 22 | deposition procedures? |
| 09:31:28 | 23 | A.  I am. |
| 09:31:28 | 24 | Q.  Okay.  And you've had a chance to talk with |
| 09:31:30 | 25 | Mr. Mello about this deposition? |

6

MATTHEW L. CATE        August 29, 2008

| | | |
|---|---|---|
| 09:48:15 | 1 | asking you about the subjects.  Don't go into the |
| 09:48:17 | 2 | details. |
| 09:48:18 | 3 | THE WITNESS:  Parole reform, the budget, |
| 09:48:32 | 4 | personnel.  Vision, mission, goals of the |
| 09:48:47 | 5 | Department. |
| 09:49:00 | 6 | And now I can't recall what the -- was |
| 09:49:04 | 7 | the -- what was the question again? |
| 09:49:08 | 8 | MR. SPECTER:  Q.  That's all right.  You |
| 09:49:08 | 9 | did fine. |
| 09:49:09 | 10 | A.  I mean, I think I've covered the topics. |
| 09:49:11 | 11 | Q.  How about, have you discussed healthcare? |
| 09:49:13 | 12 | A.  Yes. |
| 09:49:20 | 13 | Q.  Have you discussed the three-judge panel |
| 09:49:25 | 14 | proceeding? |
| 09:49:28 | 15 | MR. MELLO:  With Mr. Dunmoyer? |
| 09:49:30 | 16 | MR. SPECTER:  Q.  Yes. |
| 09:49:30 | 17 | A.  In these meetings? |
| 09:49:31 | 18 | Q.  Yes. |
| 09:49:39 | 19 | A.  I don't recall if in our regular meetings |
| 09:49:40 | 20 | we discussed that topic. |
| 09:49:42 | 21 | Q.  Have you discussed the three-judge panel |
| 09:49:45 | 22 | proceedings with Mr. Dunmoyer at times other than in |
| 09:49:48 | 23 | these meetings? |
| 09:49:51 | 24 | A.  Certainly. |
| 09:49:54 | 25 | Q.  Do you know on approximately how many |

19

MATTHEW L. CATE      August 29, 2008

| | | |
|---|---|---|
| 09:49:56 | 1 | occasions?  I'm not going to hold you to every |
| 09:49:58 | 2 | conversation, but ... |
| 09:50:06 | 3 | A.   Ten times.  Again, that's a rough |
| 09:50:10 | 4 | approximation.  You know, 3 months divided by every |
| 09:50:15 | 5 | couple of weeks, you know. |
| 09:50:16 | 6 | Q.   Right.  I understand. |
| 09:50:18 | 7 | And would these typically occur as phone |
| 09:50:20 | 8 | calls? |
| 09:50:22 | 9 | A.   Yes.  Well, I don't -- actually, there was |
| 09:50:29 | 10 | probably a blend of -- |
| 09:50:31 | 11 | Q.   Phone calls and -- |
| 09:50:32 | 12 | A.   -- informal meetings, you know, hallway |
| 09:50:36 | 13 | conversation, a phone call. |
| 09:50:39 | 14 | Q.   Okay.  I'm just looking through my notes to |
| 09:50:47 | 15 | see if there's any other -- |
| 09:50:57 | 16 | Have you discussed with him the legislative |
| 09:51:01 | 17 | proposals that are contained in the Senate |
| 09:51:07 | 18 | Conference -- that the senate passed out in terms of |
| 09:51:09 | 19 | population reduction measures? |
| 09:51:13 | 20 | MR. MELLO:  It's vague, and it's probably |
| 09:51:15 | 21 | just vague to me. |
| 09:51:16 | 22 | MR. SPECTER:  It is.  I think -- |
| 09:51:18 | 23 | MR. MELLO:  But, vague as to time, too.  Do |
| 09:51:19 | 24 | you mean just passed out yesterday, the day before? |
| 09:51:23 | 25 | MR. SPECTER:  Q.  No, I think in June of |

20

MATTHEW L. CATE        August 29, 2008

| | | |
|---|---|---|
| 09:51:25 | 1 | this year, the Senate passed out a bunch of |
| 09:51:30 | 2 | proposals. I have them here if you'd like to -- |
| 09:51:37 | 3 | A. I think I know -- |
| 09:51:38 | 4 | Q. You know what I'm talking about? |
| 09:51:40 | 5 | MR. MELLO: So the question is, have you |
| 09:51:41 | 6 | discussed those proposals that you guys know what |
| 09:51:44 | 7 | you're talking about, yes or no? |
| 09:51:45 | 8 | MR. SPECTER: That's the question. |
| 09:51:47 | 9 | MR. MELLO: Yes or no. |
| 09:51:50 | 10 | MR. SPECTER: Q. Outcomes from the -- |
| 09:51:51 | 11 | MR. MELLO: Without going into the |
| 09:51:52 | 12 | substance of your discussions. |
| 09:51:53 | 13 | MR. SPECTER: Q. There are outcomes of the |
| 09:51:56 | 14 | June 5th meeting of the Senate Budget Committee in |
| 09:52:00 | 15 | which there's an appendix which lists corrections |
| 09:52:03 | 16 | reform packages, which I'm sure you've seen before. |
| 09:52:17 | 17 | A. I have not had a conversation with him |
| 09:52:19 | 18 | where we have gone over each of these and discussed |
| 09:52:25 | 19 | them. They have come up as part of other |
| 09:52:29 | 20 | conversations that I've had with him, though. |
| 09:52:31 | 21 | MR. MELLO: Just for the record, the |
| 09:52:32 | 22 | witness was referring to a document entitled |
| 09:52:35 | 23 | California State Senate Committee on Budget and |
| 09:52:40 | 24 | Fiscal Reform, Senator Denise Moreno -- I can't |
| 09:52:44 | 25 | say Ducheny -- Ducheny, June 5, 2008, Outcomes. |

21

MATTHEW L. CATE    August 29, 2008

| | | |
|---|---|---|
| 09:52:59 | 1 | MR. SPECTER:  It's not that important. |
| 09:53:09 | 2 | MR. MELLO:  Perfect.  Perfect.  What was |
| 09:53:12 | 3 | that? |
| 09:53:13 | 4 | MR. SPECTER:  It's called being inaudible. |
| 09:53:15 | 5 | Okay. |
| 09:53:16 | 6 | MR. MELLO:  We'll have one correction to |
| 09:53:19 | 7 | the transcript for sure to add that back in. |
| 09:53:56 | 8 | MR. SPECTER:  Q.  You mentioned that you |
| 09:53:56 | 9 | discussed healthcare with Mr. Dunmoyer.  Have you -- |
| 09:54:01 | 10 | well, let me ask you what I hope is a simpler |
| 09:54:05 | 11 | question. |
| 09:54:06 | 12 | Have you -- of the subjects that you -- |
| 09:54:12 | 13 | I'll strike that question. |
| 09:54:15 | 14 | You mentioned that you discussed healthcare |
| 09:54:18 | 15 | issues with Mr. Dunmoyer.  Would that include |
| 09:54:20 | 16 | medical and mental healthcare? |
| 09:54:23 | 17 | A.  Yes. |
| 09:54:24 | 18 | Q.  And what were the -- what did you talk |
| 09:54:30 | 19 | about about that with Mr. Dunmoyer? |
| 09:54:33 | 20 | MR. MELLO:  Now I'm going to instruct the |
| 09:54:34 | 21 | witness not to answer on the basis the executive and |
| 09:54:38 | 22 | deliberative process privilege. |
| 09:54:44 | 23 | MR. SPECTER:  Okay.  Are you going to |
| 09:54:49 | 24 | instruct him not to answer on all the -- on all |
| 09:54:53 | 25 | conversations he had with Mr. Dunmoyer about any of |

22

MATTHEW L. CATE    August 29, 2008

| | | |
|---|---|---|
| 09:54:56 | 1 | the topics that he mentioned? |
| 09:54:58 | 2 | MR. MELLO: Any of the deliberative topics |
| 09:54:59 | 3 | that you have just mentioned, yes. |
| 09:55:01 | 4 | MR. SPECTER: And all follow-up questions |
| 09:55:03 | 5 | relating to that? |
| 09:55:04 | 6 | MR. MELLO: Yes. |
| 09:55:04 | 7 | MR. SPECTER: So I don't have to ask him a |
| 09:55:06 | 8 | hundred questions here? |
| 09:55:07 | 9 | MR. MELLO: Right. |
| 09:55:09 | 10 | MR. SPECTER: Okay. |
| 09:55:16 | 11 | MR. MELLO: If you could explain to me how |
| 09:55:17 | 12 | it's relevant to the issues in this case as to why |
| 09:55:20 | 13 | crowding is the primary cause of the |
| 09:55:23 | 14 | unconstitutional delivery of healthcare and why the |
| 09:55:26 | 15 | only fix is a prisoner release order and why -- how |
| 09:55:30 | 16 | it relates to whether there will be an adverse |
| 09:55:32 | 17 | impact on public safety, how those discussions, |
| 09:55:36 | 18 | which are protected by the executive privilege, are |
| 09:55:39 | 19 | relevant, I'm willing to rethink the issue. |
| 09:55:42 | 20 | But I just don't know how -- why we would |
| 09:55:46 | 21 | waste the time talking about those discussions when |
| 09:55:47 | 22 | I'm sure that there are topics he can answer your |
| 09:55:50 | 23 | questions about and you can get the information you |
| 09:55:52 | 24 | need with respect to the actual issues before |
| 09:55:55 | 25 | this -- before this three-judge panel. |

23

MATTHEW L. CATE      August 29, 2008

| | | |
|---|---|---|
| 09:55:58 | 1 | MR. SPECTER: Well, I don't understand you |
| 09:56:02 | 2 | to be making a relevance objection, Paul. I mean -- |
| 09:56:05 | 3 | MR. MELLO: I'm literally just trying to |
| 09:56:07 | 4 | move the ball forward here. The last thing I want |
| 09:56:09 | 5 | to do is instruct my witness not to answer all day |
| 09:56:12 | 6 | long. |
| 09:56:12 | 7 | But what I think I'm going to get, because |
| 09:56:14 | 8 | what I think you're going at is, discussions that |
| 09:56:17 | 9 | are clearly protected. I -- I think a real court |
| 09:56:23 | 10 | would clearly protect the communications with the |
| 09:56:28 | 11 | governor's Chief of Staff and the governor's Cabinet |
| 09:56:32 | 12 | Secretary. Those deliberative communications I |
| 09:56:34 | 13 | think a real court would protect those, and |
| 09:56:37 | 14 | therefore I'm going to instruct the witness not to |
| 09:56:40 | 15 | answer those questions. |
| 09:56:41 | 16 | But as to moving the ball forward and |
| 09:56:42 | 17 | trying to get the discovery that you want, I think |
| 09:56:45 | 18 | that there's other ways you can do it. I just |
| 09:56:48 | 19 | don't -- I mean, probably I just don't understand |
| 09:56:52 | 20 | why those discussions matter. Isn't what matters |
| 09:56:57 | 21 | what actually happens, what they have done, what |
| 09:57:01 | 22 | they haven't done? |
| 09:57:02 | 23 | MR. SPECTER: Well, what -- the things you |
| 09:57:04 | 24 | talk about matter, too. But -- and I know I can ask |
| 09:57:09 | 25 | Mr. Cate questions about some of these issues which |

24

| | | |
|---|---|---|
| 09:57:13 | 1 | don't relate to what was discussed. |
| 09:57:15 | 2 | But I believe I'm also entitled, since |
| 09:57:18 | 3 | Mr. Dunmoyer is Mr. Cate's boss, to know what was |
| 09:57:25 | 4 | said during those meetings by Mr. Dunmoyer and |
| 09:57:28 | 5 | Mr. Cate, and I can't do that if you're going to |
| 09:57:31 | 6 | instruct him not to answer. |
| 09:57:33 | 7 | MR. MELLO:  Understood.  So we're probably |
| 09:57:34 | 8 | at an impasse, is what you're saying. |
| 09:57:36 | 9 | MR. SPECTER:  That's right. |
| 09:57:38 | 10 | MR. MELLO:  Okay. |
| 09:57:40 | 11 | MR. SPECTER:  Q.  So we will take this up |
| 09:57:47 | 12 | with the Court -- |
| 09:57:48 | 13 | MR. MELLO:  I'm sure we will. |
| 09:57:49 | 14 | MR. SPECTER:  -- and see what they say. |
| 09:57:52 | 15 | And would all of the -- I was going to ask |
| 09:57:56 | 16 | him whether he's had any discussions with Mr. -- |
| 09:58:00 | 17 | well, with Ms. Kennedy about any of these subjects. |
| 09:58:03 | 18 | MR. MELLO:  And you'll get the same -- |
| 09:58:05 | 19 | whether he's had those discussions? |
| 09:58:07 | 20 | MR. SPECTER:  Uh-huh. |
| 09:58:08 | 21 | MR. MELLO:  I think I'd allow him to answer |
| 09:58:11 | 22 | the foundation question.  With -- I'll make the |
| 09:58:15 | 23 | objection, but he can answer whether he's had |
| 09:58:18 | 24 | discussions on these topics if you'd like. |
| 09:58:20 | 25 | MR. SPECTER:  That would be helpful. |

| | | |
|---|---|---|
| 09:58:21 | 1 | MR. MELLO:  Okay. |
| 09:58:25 | 2 | MR. SPECTER:  Q.  Mr. Cate, I have a list |
| 09:58:26 | 3 | of the things you mentioned, so why don't you just |
| 09:58:28 | 4 | say "yes" or "no" to whether you've discussed them |
| 09:58:31 | 5 | with Ms. Kennedy. |
| 09:58:33 | 6 | A.  All right. |
| 09:58:33 | 7 | Q.  And then I will ask you if there's anything |
| 09:58:35 | 8 | else after we get done with this. |
| 09:58:37 | 9 | A.  Okay. |
| 09:58:38 | 10 | Q.  Plans for your first hundred days? |
| 09:58:44 | 11 | A.  In part. |
| 09:58:45 | 12 | Q.  Okay.  The integrative strategy on |
| 09:58:48 | 13 | overcrowding? |
| 09:58:53 | 14 | A.  Again, not directly.  To the extent it |
| 09:58:59 | 15 | covers construction -- component parts of it, yes. |
| 09:59:04 | 16 | Q.  Okay.  Parole reform? |
| 09:59:07 | 17 | A.  Yes. |
| 09:59:10 | 18 | Q.  Budget? |
| 09:59:11 | 19 | A.  Yes. |
| 09:59:13 | 20 | Q.  Vision, mission, goals of the Department? |
| 09:59:19 | 21 | A.  In part. |
| 09:59:21 | 22 | Q.  Okay.  Medical and mental healthcare? |
| 09:59:25 | 23 | A.  Yes. |
| 09:59:28 | 24 | Q.  The three-judge panel proceedings? |
| 09:59:31 | 25 | A.  Yes. |

26

MATTHEW L. CATE     August 29, 2008

| | | |
|---|---|---|
| 09:59:37 | 1 | Q.  The legislative proposals that we just |
| 09:59:40 | 2 | referred to? |
| 09:59:43 | 3 | A.  Same answer as with Mr. Dunmoyer. |
| 09:59:47 | 4 | Q.  Okay. |
| 09:59:48 | 5 | A.  In part. |
| 09:59:50 | 6 | MR. SPECTER:  And Paul, as I understand it, |
| 09:59:52 | 7 | you would instruct him not to answer based on the -- |
| 09:59:55 | 8 | well, why don't you make your objection. |
| 09:59:57 | 9 | MR. MELLO:  Based on the deliberative |
| 09:59:59 | 10 | process and executive privileges, as well as, if any |
| 10:00:02 | 11 | of those discussions occurred in the presence of |
| 10:00:04 | 12 | counsel, the attorney-client privilege. |
| 10:00:09 | 13 | MR. SPECTER:  Q.  Did any of the |
| 10:00:10 | 14 | discussions you had with Ms. Kennedy occur within -- |
| 10:00:13 | 15 | with a lawyer present other than yourself? |
| 10:00:15 | 16 | A.  Yes. |
| 10:00:18 | 17 | Q.  And who is the lawyer? |
| 10:00:22 | 18 | MR. MELLO:  Or lawyers? |
| 10:00:25 | 19 | MR. SPECTER:  Q.  Or lawyers? |
| 10:00:26 | 20 | A.  Some of them occurred with Andrea Hoch, the |
| 10:00:30 | 21 | governor's legal affairs secretary, present.  And |
| 10:00:38 | 22 | I'm not sure whether Mr. Rice or any other lawyer |
| 10:00:46 | 23 | might have been present.  I don't believe so, |
| 10:00:48 | 24 | though. |
| 10:00:49 | 25 | Q.  Okay.  During the time that Ms. Hoch was |

27

MATTHEW L. CATE        August 29, 2008

| | | |
|---|---|---|
| 10:00:54 | 1 | present, would she participate in these discussions? |
| 10:00:59 | 2 | A.  Yes. |
| 10:01:00 | 3 | Q.  And was the nature of her participation to |
| 10:01:04 | 4 | provide legal advice? |
| 10:01:11 | 5 | A.  Primarily.  I'd say yes, she -- |
| 10:01:16 | 6 | MR. MELLO:  You've answered. |
| 10:01:18 | 7 | MR. SPECTER:  Q.  But you can't cut him |
| 10:01:20 | 8 | off, Paul. |
| 10:01:20 | 9 | MR. MELLO:  I just did.  Maybe I shouldn't, |
| 10:01:22 | 10 | but I just did.  Okay. |
| 10:01:24 | 11 | MR. SPECTER:  Just let him answer the |
| 10:01:25 | 12 | question. |
| 10:01:26 | 13 | THE WITNESS:  If she -- the only caveat is, |
| 10:01:29 | 14 | she may have commented on her own opinion on a |
| 10:01:33 | 15 | policy during a discussion.  They're informal.  But |
| 10:01:40 | 16 | primarily, she provides counsel. |
| 10:01:44 | 17 | MR. SPECTER:  Q.  So but you discussed |
| 10:01:45 | 18 | other matters beside -- you had discussions on |
| 10:01:50 | 19 | policy issues with Ms. Kennedy.  Correct? |
| 10:01:53 | 20 | A.  Yes. |
| 10:01:54 | 21 | Q.  And while you were discussing those |
| 10:01:57 | 22 | policies issues between you and Ms. Kennedy, there |
| 10:02:02 | 23 | were times when Ms. Hoch wasn't providing legal |
| 10:02:05 | 24 | advice.  Is that correct? |
| 10:02:07 | 25 | MR. MELLO:  I think that misstates his |

28

MATTHEW L. CATE       August 29, 2008

| | | |
|---|---|---|
| 10:02:08 | 1 | testimony. And I think we're getting dangerously |
| 10:02:12 | 2 | close to revealing the substance of the |
| 10:02:14 | 3 | communications. And I don't think you want to do |
| 10:02:17 | 4 | that. Right? |
| 10:02:18 | 5 | MR. SPECTER: Well, I just -- I didn't ask |
| 10:02:20 | 6 | him about substance. I just asked him if -- |
| 10:02:23 | 7 | MR. MELLO: If you understand the question, |
| 10:02:24 | 8 | and if you can provide an answer that doesn't go to |
| 10:02:27 | 9 | the substance of the communication, feel free to |
| 10:02:29 | 10 | answer it. Otherwise, I will instruct you not to |
| 10:02:32 | 11 | answer. |
| 10:02:32 | 12 | THE WITNESS: My understanding is that |
| 10:02:33 | 13 | she's there primarily to provide legal advice. |
| 10:02:39 | 14 | There were policy discussions that took place in her |
| 10:02:42 | 15 | presence. I couldn't say at what moment she was -- |
| 10:02:46 | 16 | I assume she's always acting in her |
| 10:02:48 | 17 | capacity as the governor's lawyer. That's her job. |
| 10:02:53 | 18 | And so I would have to guess as to whether she was |
| 10:02:56 | 19 | at any one moment herself acting -- trying to act in |
| 10:03:01 | 20 | that capacity or not. |
| 10:03:03 | 21 | MR. SPECTER: Q. Right. And what I was |
| 10:03:04 | 22 | getting at, in a meeting with three or four people, |
| 10:03:08 | 23 | often people talk to each other, and some -- on -- |
| 10:03:12 | 24 | the third person is sometimes silent and not |
| 10:03:15 | 25 | providing legal advice. |

29

MATTHEW L. CATE      August 29, 2008

| | | |
|---|---|---|
| 10:03:17 | 1 | Well, let me ask you this other question: |
| 10:03:22 | 2 | Were the nature of these discussions having to do |
| 10:03:25 | 3 | with legal strategies for the defense of the current |
| 10:03:34 | 4 | cases? |
| 10:03:35 | 5 | MR. MELLO: Without going into the |
| 10:03:35 | 6 | substance, if you can answer that question. |
| 10:03:38 | 7 | Otherwise, I'll instruct you not to answer. |
| 10:03:40 | 8 | THE WITNESS: Sometimes. |
| 10:03:41 | 9 | MR. SPECTER: Q. Sometimes. Sometimes |
| 10:03:42 | 10 | not? |
| 10:03:43 | 11 | A. Right. |
| 10:03:48 | 12 | Q. Okay. So have you -- when was the last |
| 10:04:00 | 13 | time you met with the governor? Or let me strike |
| 10:04:09 | 14 | that and rephrase it. |
| 10:04:13 | 15 | When was the last time you spoke to the |
| 10:04:14 | 16 | governor? |
| 10:04:20 | 17 | A. It seems like it would be 3 weeks ago. |
| 10:04:28 | 18 | Q. Okay. And what was the subject of that |
| 10:04:31 | 19 | conversation? |
| 10:04:32 | 20 | MR. MELLO: Objection. Oh, the subject. |
| 10:04:35 | 21 | MR. SPECTER: Yes. |
| 10:04:36 | 22 | MR. MELLO: You can tell him the subject. |
| 10:04:50 | 23 | THE WITNESS: The difficulty is, is that |
| 10:04:51 | 24 | I've seen him and talked with him informally, you |
| 10:04:57 | 25 | know, every week or every other week. And sometimes |

30

MATTHEW L. CATE    August 29, 2008

| | | |
|---|---|---|
| 10:05:01 | 1 | it's a substantive conversation that relates to my |
| 10:05:03 | 2 | subject area of expertise -- or not expertise, but |
| 10:05:07 | 3 | corrections, you know, where I'm reporting to him on |
| 10:05:10 | 4 | an issue related to corrections; and sometimes it's |
| 10:05:13 | 5 | in a bigger format of correctional -- of government |
| 10:05:20 | 6 | officials. |
| 10:05:22 | 7 | I think the last time I talked to him was |
| 10:05:25 | 8 | at the Border Governors' Conference. |
| 10:05:31 | 9 | MR. SPECTER:  Q.  When was the last time |
| 10:05:32 | 10 | you talked to him about issues concerning your job |
| 10:05:35 | 11 | responsibilities, or anything falling within -- |
| 10:05:39 | 12 | under the Department? |
| 10:05:41 | 13 | A.  I think we spoke briefly about this at the |
| 10:05:45 | 14 | Border Governors' Conference, which would have been |
| 10:05:48 | 15 | about 2 weeks ago. |
| 10:05:49 | 16 | Q.  And by "this," you mean -- |
| 10:05:50 | 17 | A.  I mean the Department of Corrections. |
| 10:05:52 | 18 | Q.  I see. |
| 10:05:52 | 19 | A.  But it would have been a 2- or 3-minute |
| 10:05:57 | 20 | conversation. |
| 10:05:58 | 21 | Q.  I see.  Did you -- of all the things that |
| 10:06:01 | 22 | we listed before, the plans for the first hundred |
| 10:06:05 | 23 | days, have you had a discussion with him about that? |
| 10:06:08 | 24 | A.  In part. |
| 10:06:09 | 25 | Q.  Okay.  The integrated strategy for -- about |

31

MATTHEW L. CATE        August 29, 2008

| | | |
|---|---|---|
| 10:06:17 | 1 | crowding? |
| 10:06:18 | 2 | A.   In part. |
| 10:06:19 | 3 | Q.   Parole reform? |
| 10:06:21 | 4 | A.   Yes. |
| 10:06:22 | 5 | Q.   The budget? |
| 10:06:24 | 6 | A.   Yes. |
| 10:06:25 | 7 | Q.   Your vision, mission, goals of the |
| 10:06:28 | 8 | Department? |
| 10:06:32 | 9 | A.   Again, the highlights, yes. |
| 10:06:34 | 10 | Q.   Yes.   Healthcare; medical and mental |
| 10:06:36 | 11 | healthcare? |
| 10:06:36 | 12 | A.   Yes. |
| 10:06:40 | 13 | Q.   The three-judge panel proceeding? |
| 10:06:45 | 14 | A.   I believe so, yes. |
| 10:06:47 | 15 | Q.   And the legislative proposals we've |
| 10:06:50 | 16 | discussed earlier? |
| 10:06:51 | 17 | A.   I don't believe so. |
| 10:06:52 | 18 | Q.   Okay. |
| 10:06:56 | 19 | MR. SPECTER:  Do you -- |
| 10:06:57 | 20 | MR. MELLO:   Same objection if you go into |
| 10:06:59 | 21 | the substance. |
| 10:07:00 | 22 | MR. SPECTER:  So we have an agreement |
| 10:07:01 | 23 | that -- |
| 10:07:01 | 24 | MR. MELLO:   That -- |
| 10:07:02 | 25 | MR. SPECTER:   -- you're going to -- |

32

MATTHEW L. CATE      August 29, 2008

| | | |
|---|---|---|
| 10:07:03 | 1 | MR. MELLO: We've a disagreement. |
| 10:07:05 | 2 | MR. SPECTER: We have an agreement that |
| 10:07:05 | 3 | you're going to invoke the deliberative process |
| 10:07:08 | 4 | privilege -- |
| 10:07:09 | 5 | MR. MELLO: For his substantive |
| 10:07:10 | 6 | conversations with the governor, yes. |
| 10:07:17 | 7 | Don, I assume you're also not asking -- I |
| 10:07:20 | 8 | mean, it seems to me that some of these meetings may |
| 10:07:23 | 9 | relate to settlement discussions in this case, and I |
| 10:07:25 | 10 | assume those are off limits. Right? You're not |
| 10:07:27 | 11 | asking him to testify about any of those things, are |
| 10:07:29 | 12 | you? |
| 10:07:31 | 13 | MR. SPECTER: Well, he hasn't even -- we |
| 10:07:33 | 14 | haven't even established that he has had a |
| 10:07:35 | 15 | discussion with the judge about settlement. So I |
| 10:07:38 | 16 | don't know. |
| 10:07:38 | 17 | MR. MELLO: The judge? |
| 10:07:39 | 18 | MR. SPECTER: I mean, I'm sorry, the |
| 10:07:41 | 19 | governor or any of these other people. |
| 10:07:43 | 20 | MR. MELLO: Okay, that's fine. |
| 10:07:55 | 21 | MR. SPECTER: You know, why don't we do |
| 10:07:56 | 22 | that so we can sort of -- I mean, if they're within |
| 10:07:59 | 23 | the settlement privilege -- |
| 10:08:02 | 24 | MR. MELLO: You're not asking him to speak |
| 10:08:03 | 25 | about any discussions that he had with the |

33

| | | |
|---|---|---|
| 10:08:06 | 1 | governor's office -- those three individuals we've |
| 10:08:08 | 2 | identified regarding settlement discussions. |
| 10:08:10 | 3 | Correct? |
| 10:08:11 | 4 | MR. SPECTER: Well, I have to look at the |
| 10:08:13 | 5 | rule. But anything which comes within the rule, I'm |
| 10:08:15 | 6 | not asking him about, right. I don't have the rule |
| 10:08:19 | 7 | in front of me. |
| 10:08:21 | 8 | Q. Do you know the rule by heart? |
| 10:08:24 | 9 | A. No. |
| 10:08:28 | 10 | Q. Let me just ask you, of the areas we |
| 10:08:32 | 11 | mentioned in terms of the governor, have you had |
| 10:08:34 | 12 | discussions with him apart from the settlement |
| 10:08:43 | 13 | negotiations that were occurring in the spring of |
| 10:08:45 | 14 | this year? |
| 10:08:47 | 15 | A. I'm not sure I understand. |
| 10:08:49 | 16 | MR. MELLO: Yeah, objection. Vague. |
| 10:08:53 | 17 | MR. SPECTER: Q. You were part of |
| 10:08:54 | 18 | settlement negotiations in this case -- |
| 10:08:56 | 19 | A. Right. |
| 10:08:57 | 20 | Q. -- from the time even before you became |
| 10:08:59 | 21 | secretary until the end of June. Correct? |
| 10:09:04 | 22 | A. Correct. |
| 10:09:06 | 23 | Q. During that time period, did you have |
| 10:09:09 | 24 | discussions with the governor about the settlement |
| 10:09:13 | 25 | of this -- the potential for settling this case or |

34

| | | |
|---|---|---|
| 10:09:16 | 1 | anything surrounding that? |
| 10:09:24 | 2 | A.   Yes. |
| 10:09:26 | 3 | Q.   Okay.   Did you have discussions with the |
| 10:09:30 | 4 | governor on the subjects that we just mentioned |
| 10:09:32 | 5 | which weren't involved in the settlement process? |
| 10:09:42 | 6 | A.   It's a difficult question only in this |
| 10:09:44 | 7 | respect:   In that the settlement process involved -- |
| 10:09:51 | 8 | it was so broad, the topics were so broad, I could |
| 10:09:53 | 9 | have conversations that related to a specific area |
| 10:09:56 | 10 | that of course are connected to a potential |
| 10:10:01 | 11 | resolution of this matter. |
| 10:10:02 | 12 | But not in the context -- not in the direct |
| 10:10:06 | 13 | context at that moment of a particular settlement |
| 10:10:08 | 14 | offer. |
| 10:10:10 | 15 | Does that make sense? |
| 10:10:12 | 16 | Q.   Yes.   Perfect sense. |
| 10:10:13 | 17 | MR. MELLO:   So I think what he's saying is, |
| 10:10:14 | 18 | every discussion he had with these three people was |
| 10:10:17 | 19 | part of the settlement process. |
| 10:10:18 | 20 | MR. SPECTER:   You're free to characterize |
| 10:10:19 | 21 | it that way.   But we'll respectfully disagree. |
| 10:10:24 | 22 | MR. MELLO:   That's what I heard. |
| 10:10:27 | 23 | MR. SPECTER:   Huh? |
| 10:10:27 | 24 | MR. MELLO:   That's what I heard. |
| 10:10:28 | 25 | MR. SPECTER:   I know.   You're free to make |

35

MATTHEW L. CATE        August 29, 2008

| 10:10:32 | 1 | your argument. |
| 10:10:35 | 2 | Q.   And the same -- does the same hold true for |
| 10:10:38 | 3 | Susan Kennedy? |
| 10:10:41 | 4 | A.   I think my answers would be slightly |
| 10:10:43 | 5 | different. |
| 10:10:44 | 6 | Q.   And how so?  Why don't you give your |
| 10:10:46 | 7 | answer, then. |
| 10:10:47 | 8 | A.   Can you go over your list? |
| 10:10:49 | 9 | Q.   Yes.  Plans for your first hundred days? |
| 10:10:55 | 10 | A.   In less detail than with Mr. Dunmoyer, and |
| 10:11:00 | 11 | probably in somewhat more detail than with the |
| 10:11:03 | 12 | governor. |
| 10:11:04 | 13 | Q.   Okay.  That seems appropriate. |
| 10:11:06 | 14 |      .  The integrated strategy to discuss |
| 10:11:09 | 15 | overcrowding? |
| 10:11:10 | 16 | MR. MELLO:  Is the question whether he |
| 10:11:11 | 17 | discussed those in -- as part of settlement |
| 10:11:13 | 18 | discussions -- |
| 10:11:16 | 19 | MR. SPECTER:  Well, I think -- |
| 10:11:16 | 20 | MR. MELLO:  -- with those folks? |
| 10:11:18 | 21 | MR. SPECTER:  Did I ask -- can we go off |
| 10:11:19 | 22 | the record for a second? |
| 10:11:21 | 23 | THE VIDEO OPERATOR:  Going off the record, |
| 10:11:22 | 24 | the time is 10:11. |
| 10:11:24 | 25 | (Recess from 10:11 a.m. to 10:19 a.m.) |

36