PRISON LAW OFFICE
DONALD SPECTER Bar No. 83925
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No. 096891
AMY WHELAN Bar No. 215675
ERNEST GALVAN Bar No. 196065
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No. 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants | No.: Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FIRST QUARTER OF 2008**<br><br>Date: September 18, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Honorable John F. Moulds |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FIRST QUARTER OF 2008, NO.: CIV S 90-0520 LKK-JFM

[238455-1]

## INTRODUCTION

Plaintiffs ask this Court to rule on *Coleman* class counsel's entitlement to reasonable fees and costs for work performed during the First Quarter of 2008. This motion is necessary because the Defendants have interposed objections to most of the work and costs performed during the First Quarter of 2008, on the grounds that such work was related to the three-judge panel proceedings regarding overcrowding. All of the work claimed, however, was directly and reasonably performed to enforce the underlying *Coleman* remedy, and thus must be compensated. Plaintiffs do not ask the Court to rule on the precise amount at this time, but rather to rule that Defendants' blanket objection to all work related to overcrowding is not well taken. The Court has already ruled, regarding work performed in 2007, that the overcrowding work was directly and reasonably incurred in enforcing the relief order for the constitutional violations found in the September 13, 1995 order. (Findings and Recommendations, Docket No. 2397; Order, filed 10/5/07, Docket No. 2451.)

Plaintiffs ask the Court to deny Defendants' request for an indefinite stay because the balance of hardships tips sharply against a stay, given the harmful effect that continued non-payment of fees and expenses has on enforcement of the *Coleman* remedy.

## ARGUMENT

Plaintiffs have previously and comprehensively refuted each of the points made by Defendants in their latest effort to obstruct payment of the fees and costs to which Plaintiffs are entitled by order of this Court. *See* Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007, filed 3/10/08 (Docket No. 2708) ("Q3 Motion"); Plaintiffs' Reply in Support of Motion to Compel Disputed Attorneys' Fees and Costs from the Third Quarter of 2007, filed 4/3/08 (Docket No. 2742) ("Q3 Reply"); Motion to Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007, filed 6/16/08 (Docket No. 2821) ("Q4 Motion"); Plaintiffs' Reply in Support of Motion to Compel Disputed Attorneys' Fees and Costs from the Fourth Quarter of 2007, filed 7/17/08 (Docket No. 2878) ("Q4 Reply"); Motion to Compel Disputed Attorneys' Fees and Costs from the First Quarter of 2008, filed 8/8/08 (Docket No. 2932) ("Q1 Motion").

Each and every argument in Defendants' latest Opposition is refuted in Plaintiffs' Q4 Reply. Specifically:

-1-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS FROM THE FIRST QUARTER OF 2008, NO.: CIV S 90-0520 LKK-JFM

[238455-1]

1. This Court has jurisdiction to rule on fees and costs. The convening of the three-judge panel did not strip this Court of jurisdiction over the underlying *Coleman* remedy, which includes the ability of Plaintiffs' counsel to seek fees and costs for work to enforce the remedy. *See* Q4 Reply at 1:2-22, & 4:13-24; *Jacobs v. Tawes*, 250 F.2d 611, 614 (4th Cir. 1957). *See also Hamilton v. Nakai*, 453 F.2d 152, 161 (9th Cir. 1972), *cert. denied*, 406 U.S. 945 (1972) (single district judge has jurisdiction over enforcement, where three-judge panel convened for entry of judgment), *citing Public Service Comm'n v. Brashear Freight Lines, Inc.,* 312 U.S. 621, 625, 61 S.Ct. 784 (1941) (assessment of damages and costs should be considered by district court in exercise of its ordinary jurisdiction and did not require the attention of the full three-judge court).

2. The law does not require the Plaintiff class to re-establish prevailing party status for each issue that arises in the remedial process. Prevailing party status is already established, and the Plaintiff class is entitled to compensation for its counsel for the work directly and reasonably incurred to enforce the *Coleman* remedy. *See* Q4 Reply at 4:24-6:2; *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (absent unreasonably dilatory conduct by prevailing party, a ruling on entitlement "presumptively encompasses all aspects of the civil action"); *Hasbrouk v. Texaco, Inc.,* 879 F.2d 632, 638 (9th Cir. 1989) (all work undertaken to enforce compliance with the Court's order is compensable if, "at the time rendered, [it] would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest"); Findings and Recommendations (Docket No. 2397), at 4 ("[P]laintiffs are entitled to fees and costs directly and reasonably incurred in enforcing the relief ordered for the constitutional violation found in the district court's September 13, 1995 order").

3. A stay of proceedings would harm the plaintiff class by impeding enforcement of the *Coleman* remedy. Defendants seek to preserve the *status quo*, under which they are exerting illegitimate, and ever-intensifying, economic pressure on prevailing plaintiffs. Despite being the recipients of clear and unambiguous rulings entitling them to their fees and costs as the prevailing party, plaintiffs can only perform their obligations under the injunction by continuing to expend substantial time and resources without compensation. Defendants' wholesale re-assertion of their inapposite cases and refuted contentions takes advantage of this situation to undermine the overall *Coleman* remedy.

1  On a motion for stay, the proper test is to weigh the harms faced by the stay applicant against the harms that a stay would impose on the opposing parties. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (failure to weigh competing interests before instituting stay of proceedings constitutes abuse of discretion). "[T]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).  Among the competing interests which the Court must weigh are: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110.

Here, the threatened harm is entirely to the Plaintiff class, on whose behalf the Court has ordered systemic relief that includes monitoring and enforcement by class counsel.

## CONCLUSION

This Court should end this wasteful cycle and protect the integrity of the established remedial process by reaffirming its earlier rulings, and granting the prevailing party Plaintiffs their disputed attorney's fees and costs from the third and fourth quarters of 2007, as well as the first quarter of 2008, as fees and costs reasonably incurred at the time they were rendered. Plaintiffs also restate their requests that the Court order the parties to complete a meet and confer regarding the amounts to be paid within 30 days of the Court's order, and that the Court issue an order reaffirming Plaintiffs' entitlement to reasonable attorney's fees and costs on the overcrowding matter moving forward.

Dated: September 11, 2008              **ROSEN, BIEN & GALVAN, LLP**

By:     */s/ Kenneth Walczak*
        Kenneth M. Walczak
        Attorneys for Plaintiffs

-3-
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISPUTED ATTORNEYS' FEES AND COSTS
FROM THE FIRST QUARTER OF 2008, NO.: CIV S 90-0520 LKK-JFM

[238455-1]