IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S SEPTEMBER 10, 2008 ORDER</u> |

　　　On September 10, 2008, the magistrate judge granted "plaintiffs' September 5, 2008 motion to reopen the deposition of [California Department of Corrections and Rehabilitation Secretary] Matthew Cate and to require Mr. Cate to respond to questions about communications with the Governor and the Governor's aides." Sept. 10, 2008 Order at 8. The magistrate judge further ordered that Mr. Cate's deposition be conducted on September 12, 2008, at 10:00 AM. *Id.*

Defendants move for reconsideration and request a stay of the magistrate judge's order.  The Court now DENIES Defendants' motion for the reasons discussed below.

**I.     Legal Standard**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge.  The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A).

Discovery motions regarding depositions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law" standard of review.  *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

**II.    Analysis**

Having carefully reviewed the record in this case, the Court concludes that the magistrate judge did not clearly err in ruling that:

> The record fails to support Secretary Cate's sweeping assertion of the deliberative process privilege at the start of his deposition. Specifically, there is no suggestion in the record that his assertion of the privilege was limited to 'predecisional' and 'deliberative' communications about governmental decisions or policies, which are the only type of communications to which the privilege may apply.  Nor is there evidence of whether the confidentiality of those communications has been maintained.

Sept. 10, 2008 Order at 5.

Additionally, Defendants erroneously rely on *Franklin Savings Association v. Ryan*, 922 F.2d 209 (4th Cir. 1991), for the proposition that Plaintiffs must make a "*strong showing*

1  of bad faith or improper behavior" before they are permitted to inquire as to Mr. Cate's
2  "mental processes." *Franklin*, 922 F.2d at 212 (quoting *Feller v. Bd. of Educ.*, 583 F. Supp.
3  1526, 1528 (D. Conn. 1984)) (emphasis in *Franklin*).  In *Franklin*, the plaintiffs sought to
4  challenge the decision of an administrative agency by impugning the process that led to that
5  decision.  Here, we face a far different circumstance.  Plaintiffs seek not to challenge the
6  manner in which an administrative agency reached its decision, but to discover what
7  positions Defendants will take at trial and what support they may offer for those positions.  In
8  this circumstance, no showing of bad faith or improper behavior is required.
9        Consequently, the magistrate judge's conclusion that Defendants failed to support
10  their blanket assertion of the deliberative process privilege during the deposition of Mr. Cate
11  is not clearly erroneous.  While it remains possible that the deliberative process privilege
12  may be properly invoked in response to certain questions, the record does not contain any
13  basis for Defendants' blanket assertion.
14
15  **III.   Conclusion**
16        In light of the above discussion, IT IS HEREBY ORDERED that Defendants' motion
17  for reconsideration of the magistrate judge's September 10, 2008 order regarding the
18  deposition of Matthew Cate is DENIED.  The deposition shall proceed as ordered on
19  September 12, 2008, at 10:00 AM.
20        Defendants shall not be permitted to invoke the deliberative process privilege to
21  refuse to answer all questions concerning Mr. Cate's communications with the Governor or
22  the Governor's aides.  If Defendants seek to assert the deliberative process privilege as to any
23  particular question, they must lay a specific foundation on the record.  If necessary, the
24  parties may then seek the further assistance of the magistrate judge, who will then have a
25  more adequate basis for considering whether the deliberative process privilege applies to
26  particular questions, including whether Plaintiffs' "need for the [information] and the need
27  for accurate fact-finding override the government's interest in non-disclosure." *F.T.C. v.*
28  *//*

*Warner Commc'ns. Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The magistrate judge shall resolve any further disputes as early as practicable.

**IT IS SO ORDERED.**

Dated: 09/11/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 09/11/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 09/11/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA