1                  UNITED STATES DISTRICT COURT

2                 EASTERN DISTRICT OF CALIFORNIA

3                            --o0o--

4    RALPH COLEMAN, et al.,        ) Case No. 2:90-cv-00520-LKK-JFM
                                   )
5                  Plaintiffs,     )
                                   ) Sacramento, California
6        vs.                      ) Monday, September 8, 2008
                                   ) 11:00 A.M.
7    SCHWARZENEGGER, et al.,       )
                                   ) Hearing re:  discovery
8                  Defendants.     ) conference.
     _____)

9

10                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOHN F. MOULDS
11                UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For Plaintiffs:              REBECCA EVANSON
                                  Prison Law Office
14                                General Delivery
                                  San Quentin, CA   94964
15                                (415) 457-9144

16   For Defendants:              SAMANTHA D. TAMA
                                  Hanson Bridgett LLP
17                                425 Market Street, 26th Floor
                                  San Francisco, CA   94105
18                                (415) 995-5020

19   Court Recorder:              (UNMONITORED)
                                  U.S. District Court
20                                501 I Street, Suite 4-200
                                  Sacramento, CA   95814
21                                (916) 930-4193

22   Transcription Service:       Petrilla Reporting &
                                     Transcription
23                                5002 - 61st Street
                                  Sacramento, CA   95820
24                                (916) 455-3887

25   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.

1

1    SACRAMENTO, CALIFORNIA, MONDAY, SEPTEMBER 8, 2008, 11:00 A.M.

2

3            THE COURT:  All right.  This is in the matter of

4    Coleman and Plata versus Schwarzenegger.  This matter is being

5    recorded and would counsel please state their appearance?

6            MS. EVANSON:  Rebecca Evanson from the Prison Law

7    Office for plaintiffs.

8            MS. TAMA:  And Samantha Tama from Hanson, Bridget for

9    defendants.

10            THE COURT:  Good morning.

11            MS. TAMA:  Good morning.

12            THE COURT:  You can all hear me all right?

13            MS. EVANSON:  Yes.

14            MS. TAMA:  Just fine.

15            THE COURT:  All right.  The -- did the plaintiffs

16    wish to be heard in this matter?

17            MS. EVANSON:  Well, Your Honor, what we have to say

18    is in our papers.  We believe this is a matter in which the

19    deliberative process privilege should be overcome for two

20    reasons.

21            First, the defendants have put their deliberations at

22    issue in these proceedings by presenting as a defense that

23    they've considered the options and are implementing or will

24    implement in the future plans to remedy the overcrowding and

25    healthcare crises.

1          We also believe this is a circumstance in which the

2    plaintiffs' need for the information seriously outweighs the

3    government's -- any government interest in secrecy.  Our

4    arguments are set forth in our papers.

5          THE COURT:  With which I'm familiar.  Thank you.  Did

6    defendants wish to be heard?

7          MS. TAMA:  Yes, Your Honor.  Just briefly.  Our

8    arguments also are set forth in our papers and I only want to

9    note that we've always said plaintiffs are relying on an

10   improper standard for this specific instance.

11         They're -- the deliberative process that they're

12   asserting is correct, but there's a higher standard when you're

13   talking about personal testimony, especially of governmental

14   decision-makers.

15         And they miss this extra stuff in the inquiry which

16   is that there needs to be an allegation of personal wrongdoing

17   and there isn't any in this case.

18         And so -- and where no allegations of personal

19   wrongdoing are alleged, there are no exigent circumstances and

20   therefore the testimony of a government decision maker

21   regarding their mental process is improper.  And that's all I

22   have today.

23         THE COURT:  I must tell you, counsel -- and I suspect

24   you've seen portions of earlier decisions from this Court on

25   similar matters or matters which I found similar.

3

1        I just can't imagine how you think you're going to

2   present your defense if you handcuff yourself with this

3   privilege because I have yet to see any good argument that the

4   deliberative process privilege can be used as a timing device;

5   that is you'll share your thoughts with us at the time of

6   trial, but you won't allow it to be inquired into during the

7   pretrial discovery process.

8        MS. TAMA:  Well -- oh, sorry.  Go ahead.

9        THE COURT:  No.  That's fine.  You're on.

10        MS. TAMA:  Okay.  Well, I would only say that, you

11   know, defendants are -- you know, plan to present their defense

12   in a certain manner and it's improper for plaintiffs to have

13   access to the mental processes of a government decision maker.

14        The law is perfectly clear on this and, you know,

15   it's irrelevant -- defendant's trial strategy's irrelevant.

16   The fact of the matter is they cannot inquire into the mental

17   processes of a government decision maker.

18        THE COURT:  And if you decide at trial to indicate

19   that the plaintiffs' proposals for resolving the overcrowding

20   in the state prisons is in error and the plaintiffs ask your

21   witness how did you come to this conclusion, you want to be

22   able to claim a privilege; right?

23        MS. TAMA:  Well, I mean I can't speak to that because

24   I'm not exactly sure what the context would be, but the

25   plaintiffs aren't -- cannot inquire into what went into the

4

1    decision.  They can only inquire into the decision itself.

2         THE COURT:  Thank you, counsel.  Anything further for

3    plaintiffs?

4         MS. EVANSON:  No, Your Honor.

5         THE COURT:  All right.  Well, when is this gentleman

6    available to resume his deposition?

7         MS. TAMA:  I'm not sure, Your Honor.  I'd have to

8    coordinate with CCR.

9         THE COURT:  All right.  The deposition will happen

10   Friday this week at 10:00 o'clock unless counsel jointly

11   stipulate in writing that it shall be set at some other date.

12        MS. TAMA:  So then you're ruling that they can ask

13   questions about his mental processes?

14        THE COURT:  I am ruling that he is not entitled in

15   this circumstance to claim the deliberative process privilege.

16        MS. TAMA:  Okay.

17        MS. EVANSON:  Your Honor --

18        THE COURT:  Well, okay or not, counsel, that's the

19   ruling.

20        MS. TAMA:  I understand.

21        MS. EVANSON:  Your Honor, to be clear, are you

22   intending to issue a written order as well?

23        THE COURT:  Yes, ma'am.

24        MS. EVANSON:  Thank you, Your Honor.

25        THE COURT:  Thank you very much.

5

1          MS. EVANSON:  Thank you.

2          MS. TAMA:  Thank you.

3      (Whereupon, the hearing in the above-entitled matter was

4  adjourned.)

5                          --o0o--

6                        <u>CERTIFICATE</u>

7      I certify that the foregoing is a correct transcript from

8  the electronic sound recording of the proceedings in the above-

9  entitled matter.

10

11  _____          September 12, 2008

12  Mary C. Clark, Transcriber
    AAERT CERT*D-214

13

14

15

16

17

18

19

20

21

22

23

24

25