EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST - 183792
Senior Assistant Attorney General
JONATHAN L. WOLFF - 193479
Supervising Deputy Attorney General
LISA A. TILLMAN - 126424
Deputy Attorney General
KYLE A. LEWIS - 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**AND THE EASTERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

RALPH COLEMAN, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

**No. 2:90-cv-00520 LKK JFM P**

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

No. C01-1351 TEH

**THREE-JUDGE COURT**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**To: Three-Judge Panel**

I, N. GRANNIS, declare as follows:

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as the Chief of the Inmate Appeals Branch. In this position, my responsibilities include overseeing staff who receive, screen, log, route, and assign Director's Level appeals that are submitted by prisoners. My duties also include monitoring the disposition of these inmate appeals. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could testify. I submit this declaration in support of Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

2. I am familiar with the sections of Title 15 of the California Code of Regulations that govern an inmate appeal. Section 3084.5 describes the levels of appeal that are available to a prisoner. Specifically, Section 3084.5(e)(2) provides that "[t]hird level review constitutes the director's decision on an appeal, and shall be conducted by a designated representative of the Director under supervision of the chief, inmate appeals."

3. The director's decision generally exhausts the administrative remedy available to a prisoner within the CDCR. The director's decision usually advises a prisoner that the decision constitutes the exhaustion of administrative remedies available to the prisoner within the CDCR.

4. The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has proceeded through the final level of review, the Director's Level. When an inmate appeal is received by the Inmate Appeals Branch and is accepted for review, it is given a Director's Level log number and entered into the computer system. The computer system was commenced in 1993. The following information is kept in the

electronic record: inmate appeal log number, the category (nature/subject) of the appeal, institutional log numbers, prisoner's name and CDCR number, the institution where the appeal arose, the date that the inmate appeal is received and closed, and final disposition of the inmate appeal.

5. The inmate appeal records are made at or near the time that the inmate grievances are investigated and decided, and they are made by a person with knowledge of the matters addressed, or according to information provided by a person with knowledge of those matters. These inmate appeal records are made and kept in the course of regularly conducted activity, as a regular practice. Except for medical staff complaints, as of August 2008, the Inmate Appeals Branch no longer handles medical appeals. They are now handled by the Receiver's health care staff.

6. A search of the computerized system has been conducted under the following prisoners' names: Marciano Plata (aka Marcial Plata), Glibert Aviles, Steve Bautista, Paul Decasas, Raymond Johns, Joseph Long, Clifford Myelle, Leslie Rhoades, Raymond Stoderd, Otis Shaw, and Ralph Coleman. Attached as Exhibits A through K are true and correct copies of the computerized inmate appeal printouts for these prisoners.

7. I understand that this three-judge proceeding concerns the issue of whether overcrowding is the primary cause of alleged unconstitutional medical or mental health care and whether to issue a prisoner release order. I reviewed the computerized printouts for the above-named prisoners for these types of issues. If these issues were exhausted, they would be categorized by the Inmate Appeals Branch as either a "Living Conditions," "Staff Complaints," "Medical," "Program," or "ADA" issue. As discussed in detail below, I reviewed each of the prisoner's inmate appeals that exhausted any of

these categories.

8. **Marciano Plata (aka Marcial Plata), CDCR # K51848.** Plaintiff Plata exhausted one inmate appeal through the final level of review – a "Medical" inmate appeal. (*See* Ex. A.) That appeal is Institutional Inmate Appeal No. PVSP-03-00548. (*Id.*) This inmate appeal grieved whether Plaintiff Plata could have a renewed medical chrono for a lower bunk, a knee brace, and athletic shoes. This inmate appeal was denied and closed at the final level of review on September 29, 2003. (*Id.*)

9. **Gilbert Aviles, CDCR # P13932.** Plaintiff Aviles exhausted multiple inmate appeals through the final level of review, including one "Program" inmate appeal, two "ADA" inmate appeals, one "Staff Complaints" inmate appeal concerning medical staff, and one "Living Conditions" inmate appeal. (*See* Ex. B.) They are described as follows:

a. Institutional Inmate Appeal No. SATF-04-04167: This group "Program" inmate appeal grieved the issue of closed-circuit cable television. At the Director's level, the prisoners changed the appeal to an ADA issue claiming that their vision was affected by the cable television and that they should be given antennas. This inmate appeal was denied and closed at the final level of review on June 7, 2005. (*Id.*)

b. Institutional Inmate Appeal No. SATF-06-00163: This "ADA" inmate appeal grieved Plaintiff Avilia's medical refills, length of prescription changes, re-ducating for doctor's line, special medical diets, access to an optometrist, single cell status, medical supplies, shower chair, "A-1/A" unassigned status, no receipt of medical chronos, inmate appeal responses, CDC 1824 responses, dental issues, and no retaliation. This inmate appeal was denied and closed at the final level of review on May 23, 2006. (*Id.*)

c. Institutional Inmate Appeal No. SATF-05-05013: This "ADA" inmate appeal grieved Plaintiff Avila's wheelchair and requests an eggcrate mattress. This inmate appeal was denied and closed at the final level of review on May 24, 2005. (*Id.*)

d. Institutional Inmate Appeal No. SATF-06-00315: This "Staff Complaints" inmate appeal grieved access to medical care and treatment by medical staff, specifically by a registered nurse. This inmate appeal was denied and closed at the final level of review on August 21, 2006.

e. Institutional Inmate Appeal No. SATF-07-01975: This "Living Conditions" group inmate appeal grieved the air temperature and air flow issues in the prisoners' housing unit. This inmate appeal was denied and closed at the final level of review on November 16, 2007. (*Id.*)

10. **Steve Bautista, CDCR # C88581**. Plaintiff Bautista exhausted two "Medical" inmate appeals through the final level of review. (*See* Ex. C.) They are described as follows:

a. Institutional Inmate Appeal No. LAC-01-01377: This "Medical" inmate appeal grieved the medication prescriptions Plaintiff Bautista had been receiving. This inmate appeal was denied and closed at the final level of review on January 25, 2002. (*Id.*)

b. Institutional Inmate Appeal No. LAC-01-01610: This "Medical" inmate appeal grieved the alleged refusal to transport Plaintiff Bautista to a medical specialist for pain evaluation. This inmate appeal was denied and closed at the final level of review on January 25, 2002. (*Id.*)

11. **Paul Decasas, CDCR # N72078 and V49166**. Plaintiff Decasas has two CDCR numbers; he did not exhaust any inmate appeals while incarcerated under CDCR

# N72078. However, under CDCR # V49166, Plaintiff Decasas exhausted one "Medical" inmate appeal and one "Staff Complaints" inmate appeal regarding a medical issue through the final level of review. (*See* Ex. D.) They are described as follows:

a. Institutional Inmate Appeal No. WSP-04-01283: This "Medical" inmate appeal grieved Plaintiff Decasas's pain medication and sleep apnea. This inmate appeal was denied and closed at the final level of review on May 13, 2005. (*Id.*)

b. Institutional Inmate Appeal No. WSP-04-1136: This "Staff Complaints" inmate appeal grieved Plaintiff Decasas's interaction with an MTA and his ability to see the physician. This inmate appeal was denied and closed at the final level of review on February 25, 2005. (*Id.*)

12. **Raymond Johns, CDCR # J51101**. Plaintiff Johns exhausted no inmate appeals through the final level of review. (*See* Ex. E.)

13. **Joseph Long, CDCR # P84828**. Plaintiff Long exhausted two "ADA" inmate appeals through the final level of review. (*See* Ex. F.) They are described as follows:

a. Institutional Inmate Appeal No. PVSP-01-00846: This "ADA" inmate appeal grieved whether Plaintiff Long could have three catheters a week following bladder surgery. This inmate appeal was denied and closed at the final level of review on July 30, 2001. (*Id.*)

b. Institutional Inmate Appeal No. PVSP-01-01259: This "ADA" inmate appeal grieved whether Plaintiff Long can work because of his disability. This inmate appeal was denied and closed at the final level of review on December 7, 2001. (*Id.*)

14. **Clifford Myelle, CDCR # H05254**. Plaintiff Myelle exhausted two "Medical" inmate appeals through the final level of review. (*See* Ex. G.) They are

described as follows:

a. Institutional Inmate Appeal No. FSP-01-00287: This "Medical" inmate appeal grieved Plaintiff Myelle's progressive degenerative disc disease and whether he was receiving proper medical care. This inmate appeal was denied and closed at the final level of review on December 26, 2001. (*Id.*)

b. Institutional Inmate Appeal No. SOL-08-01067: This group "Medical" inmate appeal grieved that many prisoners who have job assignments are not receiving their Direct Observation Therapy (DOT) medication in time, causing workers to be late when reporting to their assignment, and they want a different time for the medication line. This inmate appeal was denied and closed at the final level of review on August 8, 2008. (*Id.*)

15. **Leslie Rhoades, CDCR # C42491**. Plaintiff Rhoades exhausted one inmate appeal through the final level of review – a "Medical" inmate appeal. (*See* Ex. H.) That appeal is Institutional Inmate Appeal No. CMF-08-00485. (*Id.*) This inmate appeal grieved Plaintiff Rhoades's alleged problems with his left knee, hips, and right biceps. This inmate appeal was denied and closed at the final level of review on August 1, 2008. (*Id.*)

16. **Otis Shaw, CDCR # P75229**. Plaintiff Shaw exhausted no inmate appeals through the final level of review. (*See* Ex. I.)

17. **Raymond Stoderd, CDCR # D29694**. Plaintiff Stoderd exhausted three "Medical" inmate appeals and one "Staff Complaints" inmate appeal concerning a medical issue through the final level of review. (*See* Ex. J.) They are described as follows:

a. Institutional Inmate Appeal No. COR-98-01225: This "Medical"

inmate appeal grieved that Plaintiff Stoderd was denied his prescription medication. This inmate appeal was denied and closed at the final level of review on December 18, 1998. (*Id.*)

b. Institutional Inmate Appeal No. COR-99-02159: This "Medical" inmate appeal grieved that Plaintiff Stoderd need pain medication. This inmate appeal was denied and closed at the final level of review on February 7, 2000. (*Id.*)

c. Institutional Inmate Appeal Nos. COR-03-03045 and COR-03-03807: These two "Medical" inmate appeals were combined as they both grieved that a medical chrono was inadequate and that doctors improperly detoxified Plaintiff Stoderd off Methadone. Institutional Inmate Appeal No. COR-03-03045 was cancelled and closed on February 6, 2004, and Institutional Inmate Appeal No. COR-03-03807 was granted in part and closed on January 21, 2004. (*Id.*)

d. Institutional Inmate Appeal No. COR-03-3701: This "Staff Complaints" inmate appeal grieved that Plaintiff Stoderd was mistreated by medical staff. This inmate appeal was denied and closed on March 19, 2004. (*Id.*)

18. **Ralph Coleman, CDCR # C09970**. Plaintiff Coleman exhausted five inmate appeals through the final level of review, including one "Living Conditions" group inmate appeal and one "Program" group inmate appeal. (*See* Ex. K.) They are described as follows:

a. Institutional Inmate Appeal No. SOL-07-03241. This "Living Conditions" group inmate appeal grieved the prisoners' inability to flush their toilets after the installation of flush-o-meters and timers, and their lack of cleaning supplies. This inmate appeal was denied and closed at the final level of review on April 25, 2008. (*Id.*)

b. Institutional Inmate Appeal No. SOL-07-00482. This "Program"

group inmate appeal grieved a lockdown at the prison and the rights of uninvolved black inmates during the lockdown. This inmate appeal was denied and closed at the final level of review on August 22, 2007. (*Id.*)

19. Based on the above, none of the Plaintiffs exhausted the issue of whether overcrowding is the primary cause of alleged unconstitutional medical or mental health care or whether to issue a prisoner release order.

I declare under penalty of perjury that the forgoing is true and correct. Executed at Sacramento, California, on September 11, 2008.

N. Grannis
Chief, Inmate Appeals Branch