IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S AUGUST 29, 2008 ORDER</u> |

    Pending before the court is defendants' motion for reconsideration of or, alternatively, to stay the magistrate judge's August 29, 2008 order compelling the production of documents for which the defendants had asserted the deliberative process or attorney-client privileges. For the reasons stated herein, the court DENIES the motion.

//

//

//

**I.     Background and Procedural History[1]**

The discovery dispute at issue here originated with a request for production of documents, served by plaintiffs on September 5, 2007. Defendants responded on October 25, 2007, asserting various privileges in response to several of the requests. The magistrate judge ordered many of these documents produced and this court twice denied defendants' motions for reconsideration of these orders. *See* Order, June 17, 2008; Order, July 8, 2008.

During that time and since, defendants have been producing documents and privilege logs on a rolling basis, in response to plaintiffs' September 2007 request. The instant motion concerns privileges defendants asserted in their June 10, 2008 and August 5, 2008 privilege logs.

On August 12, 2008, plaintiffs moved the magistrate judge to sanction defendants for failing to produce documents that were not privileged. After reviewing the privilege logs and many of the documents *in camera*, the magistrate judge granted the motion. He ordered defendants to produce seven documents listed in the June 10, 2008 log and five documents in the August 5, 2008 log for which the attorney-client privilege had been asserted, and 313 documents listed in the August 5, 2008 log for which the deliberative process privilege had been asserted. The magistrate judge also awarded plaintiffs expenses incurred in bringing their motion. It is that order of which defendants now seek reconsideration

**II.    Standard**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. The district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A).

---

[1] Much of the facts described herein derive from the magistrate judge's August 29, 2008 order.

2

1 Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a)
2 and 28 U.S.C. § 636(b)(1)(A), and thus subject to the "clearly erroneous or contrary to law"
3 standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Industries, Inc.*, 712 F.2d 1324,
4 1325 (9th Cir. 1983) (per curiam). "A finding is 'clearly erroneous' when although there is
5 evidence to support it, the reviewing court on the entire evidence is left with the definite and
6 firm conviction that a mistake has been committed." *United States v. U. S. Gypsum Co.*, 333
7 U.S. 364, 395 (1948); *Anti-Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316,
8 1318 (9th Cir. 1982).

## III. Analysis

Defendants move the court to reconsider 120 documents for which the deliberative process had been asserted and the twelve documents for which the attorney-client privilege had been asserted. Defendants contend that the magistrate judge "impose[d] unworkable, impractical, and improper standards" for the deliberative process privilege and erred in concluding that the attorney-client privilege did not apply to the documents for which it was asserted. Mot. at 1. Defendants also contend that an award of costs to plaintiffs was not merited and that the court should issue a stay. The court considers each of these arguments in turn.

### A. Deliberative Process Privilege

As explained in a previous order, the magistrate judge has employed the correct standard in evaluating defendants' assertion of the deliberative process privilege. *See* Order, July 8, 2008. The deliberative process privilege protects from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). A document is protected under the privilege if it is both "predecisional" and "deliberative." *F.T.C. v. Warner Commc'n, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). A document is predecisional if it was "prepared in

3

1  order to assist an agency decisionmaker in arriving at his decision" and it is deliberative if
2  "the disclosure of [the] materials would expose an agency's decisionmaking process in such
3  a way as to discourage candid discussion within the agency and thereby undermine the
4  agency's ability to perform its functions." *Assembly of State of Cal. v. United States Dep't of*
5  *Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).

6  The party that asserts the deliberative process privilege must explain why a document
7  is privileged, providing enough information to enable the opposing party and court to
8  evaluate the appropriateness of withholding the documents. *Wiener v. F.B.I.*, 943 F.2d 972
9  (9th Cir. 1991). Where there is a large volume of documents at issue, the explanation offered
10 may in some circumstances be less detailed than it would be otherwise. *See* Fed. R. Civ. P.
11 26 advisory committee's note (1993); *Burlington N. & Santa Fe Railway Co. v. U.S. District*
12 *Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Nevertheless, the party
13 asserting the privilege must always provide enough information to permit the court to
14 determine the applicability of the privilege to the documents at issue. Fed. R. Civ. P. 26
15 advisory committee's note (1993); *Burlington N.*, 408 F.3d at 1147 & n. 2 (citations omitted).

16 Here, the magistrate judge did not clearly err or act contrary to law in concluding that
17 the defendants' August 5, 2008 privilege log and accompanying declaration were inadequate
18 to support defendants' assertion of the deliberative process privilege for the 120 documents
19 at issue.[2] The privilege logs exhibit the same deficiencies the court noted in its review of the
20 February 15, 2008 log. *See* Order, July 8, 2008, at 6-7. The logs describe each document by
21 date, general type (e.g., "report," "memorandum," or "document"), author, recipient, and
22 description. *See* Declaration of Maria V. Morris In Support of Plaintiff's Motion for
23 Discovery Sanctions ("Morris Decl."), Ex. I. Many of the document descriptions are short
24 and vague, so as to provide the reader with minimal information with which to evaluate the

---

25  [2]These are documents identified in the August 5, 2008 privilege log at rows 2, 3, 5,
26  42, 93, 97-102, 110-113, 119, 122, 124, 126-128, 130, 131, 134, 136, 138, 140, 141, 144,
146, 148, 150, 153, 154, 157, 158, 161, 163, 165, 166, 168, 169, 177-185, 216, 217, 229-232,
27  235, 237-239, 241-243, 246-247, 251-259, 272, 276, 277, 279, 280-285, 287, 289, 290, 292,
294, 296, 302, 306-308, 312-314, 317-319, 323, 325, 341-343, 348, 351-353, 359, 373, 374,
28  382, 394-397, and 401. *See* Declaration of Maria V. Morris In Support of Plaintiff's Motion
for Discovery Sanctions, Ex. I-L.

claim of privilege. *See*, *e.g.*, *id.* at rows 126-31, 134, 136, 138, 140-41, 144, 146, 148, 150, 153-54, 157-58, 161, 163, 165 (documents described as "concerning CDCR proposals for the upcoming week for agency review and consideration); row 169 (document described as "briefing document concerning prisons for agency review and consideration").

      Defendants attempted to remedy this deficiency with declarations that describe the documents with more detail and in general categories. *See* Morris Decl., Ex. J-L. The magistrate judge found, however, that the declarations provided inadequate support for defendants' assertion that the confidentiality of each document had been preserved. Each declarant stated that the documents referenced in the declaration had been "maintained as privileged and confidential." Morris Decl. Ex. J (Supplemental Declaration of Robert Gore In Support of Privilege Log of August 5, 2008, ¶¶ 6-9); Ex. K (Supplemental Declaration of Ana Matosantos In Support of Privilege Log of August 5, 2008, ¶¶ 7-9); Ex. L (Supplemental Declaration of David Runnels In Support of Privilege Log of August 5, 2008, ¶¶ 5-7). Although it may be unworkable to require the defendants to detail extensively how confidentiality was maintained for each document, there is certainly ample support in this circuit for the magistrate judge's conclusion that because the declarants' assertions were conclusory and were not supported by any facts, those assertions were insufficient to establish confidentiality. *See*, *e.g.*, *In re. Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992); *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989). The magistrate judge did not clearly err or act contrary to law in this ruling.

      Finally, the magistrate judge did not err in his conclusion that defendants' assertion of the deliberative process privilege was not supported by an *in camera* review of the 313 documents for which it was raised. Defendants do not address this aspect of the magistrate judge's ruling, but appear to suggest that a different result might be reached were the court to consider only the 120 documents for which they seek reconsideration. The magistrate judge's method of considering the assertion of privilege by reviewing a randomly-drawn sample of the documents is an appropriate one that has been approved by the Ninth Circuit. *Doyle v. F.B.I.*, 722 F.2d 554 (9th Cir. 1983) (citing *Stephenson v. I.R.S.*, 629 F.2d 1140,

5

1144-46 (5th Cir. 1980); *see also N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) (holding, in the FOIA context, that although the court has discretion to review *in camera* documents for which a privilege is asserted, "it . . . does not mandate that the documents be individually examined").  Although the defendants might believe the magistrate judge would have reached a different conclusion had it drawn a different sample of documents, that does not persuade us that the magistrate judge acted clearly erroneously or contrary to law in holding that defendants had not met their burden.

**B.     Attorney-Client Privilege**

The defendants also seek reconsideration of the magistrate judge's order that defendants must produce twelve documents for which the attorney-client privilege had been asserted.  These are documents E00100148, E00100274, E00100275, E00100276, E00100315, E00100316 and E00100346 from the defendants' June 10, 2008 privilege log and documents in rows 4, 171, and 364-366 from the August 5, 2008 privilege log.  The magistrate judge reviewed the relevant entries in the privilege logs and read *in camera* all twelve documents.  *See* Order, August 29, 2008, at 4-5, 7.  The court concluded that defendants had failed to establish that the attorney-client privilege applied to the documents. *Id.* at 5, 7.

As the court has explained previously, the magistrate judge's ruling does not merit reversal simply because it fails to extensively detail its reasoning.  *See* Order, June 17, 2008. Instead, reversal is only warranted when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *U. S. Gypsum Co.*, 333 U.S. at 395.  A review of the privilege logs and supporting declarations alone causes the court to conclude that the magistrate judge's determination was proper.

The attorney-client privilege attaches "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at this instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be

6

waived." *Admiral Ins. v. United States Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989). The privilege logs and the supporting declarations[3] do not provide adequate information to permit a court to conclude that this standard was met for each document. The log entries for most of the documents do not indicate that the communication was made for the purpose of seeking legal advice. This includes documents E00100148, E00100274, E00100275, E00100276, E00100315 and E00100316 of the June 10, 2008 logs and documents 4 and 171 of the August 5, 2008 log. The declarations supporting the August 5, 2008 log do not address this. *See* Morris Decl. Ex. J-L. Additionally, it appears that the recipient of documents 364-366 of the August 5, 2008 log is not an attorney and therefore the privilege, as asserted for these documents, fails. *See* Morris Decl. ¶ 12. Finally, there is no indication from the June 10, 2008 log that any of the documents at issue have been kept confidential. Taken together, these deficiencies demonstrate that the magistrate judge did not clearly err or act contrary to law in ruling that these twelve documents must be disclosed.

## C.   **Award of Discovery Expenses**

Defendants also contend that the magistrate judge acted clearly erroneously or contrary to law in awarding discovery expenses to the plaintiffs. The court does not agree.

As the magistrate judge explained, Federal Rule of Civil Procedure 37(a)(5) allows expenses to be awarded to a successful movant, so long as the movant acted in good faith to obtain the disclosure without court action, the opposing party's nondisclosure was not substantially justified, and the award of expenses would be just. Here, there was evidence to support the conclusion that plaintiffs attempted in good faith to seek the disclosures at issue prior to filing their motion for sanctions. Morris Decl. ¶¶ 5-17. There is also evidence to support the magistrate judge's determination that defendants were not substantially justified in their non-disclosure of the documents at issue. As explained above, the defendants failed to offer adequate detail in their June 10, 2008 and August 8, 2008 logs to permit the court to

---

[3] It appears that there were no declarations submitted in support of the June 10, 2008 privilege log. *See* Morris Decl. ¶¶ 3, 8.

7

assess the privilege claim.  This is the same deficiency that the court has observed with regard to defendants' earlier assertions of privilege.[4]  *See* Order, June 17, 2008 at 6; Order, July 8, 2008 at 6-7.  The magistrate judge's award of expenses was not improper.

**D.     Motion to Stay**

Finally, although the defendants titled their motion a motion for reconsideration or, alternatively, a stay of the magistrate judge's order, they did not address the factors guiding the court in determining whether a stay is proper nor made any showing in this regard.  A district court has discretion to stay its order, pending appeal, upon consideration of, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Here, at a minimum, defendants have not made a strong showing that they would succeed on the merits of a review of the magistrate judge's order.  *See Golden Gate Restaurant Ass'n. v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).  The motion to stay is denied.

//
//
//
//
//
//
//
//

---

[4] Defendants' citation to *Scott Paper Co. v. Ceilcote Co.*, 103 F.R.D. 591, 598 (D. Me. 1984) is unpersuasive because in that case the circuit had no definitive rule for showing that the work product privilege applied.  Here, the rules of the Ninth Circuit are clear as to the deliberative process issue and have been described to the defendants in several prior orders.

8

## IV. Conclusion

For the reasons stated herein, defendants' request for reconsideration of the magistrate judge's August 29, 2008 ruling or, alternatively, request for a stay of that order is DENIED.

**IT IS SO ORDERED.**

Dated: 09/25/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 09/25/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 09/25/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA