EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO MOTIONS FOR DISMISSAL OR, ALTERNATIVELY, SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>**To:  Three-Judge Panel** |

1    Defendants Arnold Schwarzenegger, et al., submit the following written objections to

2    Plaintiffs' evidence submitted in opposition to Defendants' motions for dismissal or,

3    alternatively, for summary judgment or summary adjudication.

4
**I.    OBJECTIONS TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPARATE**
**STATEMENT OF UNDISPUTED FACTS**
5

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: |
|---|---|
| 1. "Defendants waived any exhaustion defense.  Specter Decl., Exh. A (Tolling Agreement, 12/16/99)."  (Pls.' Response to Defs.' Sep. Stmt. of Undisputed Facts (Pls.' Response), ¶ 1.) | Defendants object to this evidence on the ground that it is irrelevant.  *See* Fed. R. Evid. 402.  The Tolling Agreement was superseded by a subsequent agreement by the parties in the Stipulation for Injunctive Relief, approved by this Court on June 13, 2002, which states in pertinent part "This Stipulation reflects the entire agreement of the parties and supersedes any prior written or oral agreements between them.  No extrinsic evidence whatsoever may be introduced in any judicial proceeding to provide the meaning or construction of this Stipulation."  (6/13/02 Stipulation for Injunctive Relief at ¶ 33 (RJN-15, *Plata* Docket No. 68).) |
| 2. "Defendants figures are incorrect.  *See* Reingold Declaration ¶ 2, Exh. A (8/27/08 Reingold Report) at ¶ 9 and Exh. C."  (Pls.' Response, ¶¶ 7, 8.) | Defendants object to Plaintiffs' statement that "Defendants figures are incorrect" on the ground that it misstates Dr. Reingold's testimony.  Paragraph 9 of Dr. Reingold's report states "According to the data provided with the letter of December 18, 2007, from Jeffrey L. Sedgwick to S. Anne Johnson (attached as Exhibit C), California's average annual illness mortality death rate per 100,000 state prisoners between 2001 and 2005 was 172 per 100,000.  During that same period, the average annual illness mortality death rate for prisoners in all states was 224 per 100,000." |
| 3. "Defendants have paraphrased and compounded the statements of the Receiver and Dr. Shansky in a way that is neither complete nor accurate.  *See, e.g.,* Shansky Decl. ¶ 3, Exh. A at ¶¶ 6, 9-139 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at ¶ 1-2 (12/7/07 Shansky Supp. Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 8, 12-118 (9/10/08 Second Supp. | Defendants object to Plaintiffs' reliance on the 11/9/07 Shansky Report, 12/6/07 Shansky Supplemental Report, and 9/10/08 Second Supplemental Shansky Report to the extent that these reports contain references to any statements or documents.  Such statements or documents are inadmissible hearsay and may not be relied upon for the truth of the matter |

- 1 -

| | |
|---|---|
| Shansky Report); 6/6/08 Receiver's Turnaround Plan of Action at 4-29 (Plata Docket # 1229)." (Pls.' Response, ¶ 9.) | asserted. Fed. R. Civ. Evid. 802. |
| 4. "Dr. Shansky stated that overcrowding is the primary cause of the violations. *See, e.g.,* Shansky Decl. ¶ 3, Exh. A at ¶ 6 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at 1 (12/6/07 Shansky Supp. Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 7, 8 (9/10/08 Second Supp. Shansky Report); Ells Decl. ¶ 35, Exh. HH at 53:1-9, 161:6-18 (Shansky Deposition)." (Pls.' Response, ¶ 12.) | Defendants object to Plaintiffs' statement that "Dr. Shansky stated that overcrowding is the primary cause of the violations" on the ground that it lacks foundation and is irrelevant and inadmissible. Expert testimony is not admissible on questions of law; instead, the role of experts is to interpret and analyze factual evidence and not to testify about the law. *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451 (9th Cir. 1999). Additionally, expert declarations containing merely conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *In re Segerstrom* (5th Cir. 2001) 247 F.3d 218, 227; *M & M Med. Supplies and Servs., Inc. v. Pleasant Valley Hosp.*, 981 F.2d 160, 164 (4th Cir. 1992); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).<br><br>Defendants also object to Plaintiffs' reliance on the 11/9/07 Shansky Report, 12/6/07 Shansky Supplemental Report, and 9/10/08 Second Supplemental Shansky Report to the extent that these reports contain references to any statements or documents. Such statements or documents are inadmissible hearsay and may not be relied upon for the truth of the matter asserted. Fed. R. Evid. 802.<br><br>Defendants also object to Exhibit HH to the Ells Declaration on the ground that it lacks foundation and is inadmissible. Exhibit HH appears to be an excerpt of a deposition transcript, and a portion of a deposition transcript is properly authenticated when it shows the deponent's name and includes the court reporter's certification that the transcript is a true and correct record. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002). Counsel's declaration is insufficient. *Id.* |
| 5. "Dr. Shansky stated that relief from | Plaintiffs' statement that "Dr. Shansky stated |

| | |
|---|---|
| overcrowding is a necessary precursor to remedying the violations. *See, e.g.,* Shansky Decl. ¶ 3, Exh. A at ¶ 6 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at 1 (12/6/07 Shansky Supp. Report); Shansky Decl. ¶ 5 Exh. C at ¶¶ 7, 8 (9/10/08 Second Supp. Shansky Report); Ells Decl. ¶ 35, Exh. HH at 53:1-9, 161:6-18 (Shansky Deposition)." (Pls.' Response, ¶ 14.) | that relief from overcrowding is a necessary precursor to remedy the violations" misstates Dr. Shansky's testimony and is misleading and incomplete. Further, Dr. Shansky's statements upon which Plaintiffs rely that overcrowding is the primary cause is an inadmissible legal conclusion, lacks foundation, and is irrelevant. Expert testimony is not admissible on questions of law; instead, the role of experts is to interpret and analyze factual evidence and not to testify about the law. *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451 (9th Cir. 1999). Additionally, expert declarations containing merely conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *In re Segerstrom*, 247 F.3d at 227; *M & M Med. Supplies and Servs., Inc*, 981 F.2d at 164; *Evers*, 770 F.2d at 986. |
| | Defendants also object to Plaintiffs' reliance on the 11/9/07 Shansky Report, 12/6/07 Shansky Supplemental Report, and 9/10/08 Second Supplemental Shansky Report to the extent that these reports contain references to any statements or documents. Such statements or documents are inadmissible hearsay and may not be relied upon for the truth of the matter asserted. Fed. R. Evid. 802. |
| | Further, Exhibit HH attached to the Ells Declaration lacks foundation and is inadmissible. Exhibit HH appears to be an excerpt of a deposition transcript, and a portion of a deposition transcript is properly authenticated only when it shows the deponent's name and includes the court reporter's certification that the transcript is a true and correct record. *Orr*, 285 F.3d at 774. Counsel's declaration is insufficient. *Id.* |
| 6. "Dr. Shansky's paraphrased testimony concerned transferring medically needy prisoners out of some prisons to other facilities so that CDCR might 'match the intensity of the clinical resources with the intensity of the pathology' so long as there are difficulties in bringing in sufficient numbers of qualified | Defendants object to Exhibit HH attached to the Ells Declaration on the ground that it lacks foundation and is inadmissible. Exhibit HH appears to be an excerpt of a deposition transcript, and a portion of a deposition transcript is only properly authenticated when it shows the deponent's name and includes the |

- 3 -

| | |
|---|---|
| clinicians. Ells Decl. ¶ 35, Exh. HH at 112:20-113:25 (Shansky Deposition)." (Pls.' Response, ¶ 21.) | court reporter's certification that the transcript is a true and correct record. *Orr*, 285 F.3d at 774. Counsel's declaration is insufficient. *Id.* |
| 7. "While Dr. Shansky testified that it was 'not impossible' to provide constitutional care to 172,000 prisoners, he also testified that it [sic] 'population pressures over which the receiver has no control will continue to sabotage' Court-ordered remedies in the case, and absent such remedies, remediation 'could be a very long time' coming. Ells Decl. ¶ 35, Exh. HH at 144:24-145:13-19 (Shansky Deposition). *See also* Shansky Decl. ¶ 3 Exh. A at ¶ 6 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at 1 (12/6/07 Shansky Supp. Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 7, 8 (9/10/08 Second Supp. Shansky Report); Ells Decl. ¶ 35, Exh. HH at 53:1-9, 144:24-145:3, 161:6-18 (Shansky Deposition)." (Pls.' Response, ¶ 24.) | Defendants object to Exhibit HH attached to the Ells Declaration on the ground that it lacks foundation and is inadmissible. Exhibit HH appears to be an excerpt of a deposition transcript, and a portion of a deposition transcript is only properly authenticated when it shows the deponent's name and includes the court reporter's certification that the transcript is a true and correct record. *Orr*, 285 F.3d at 774. Counsel's declaration is insufficient. *Id.*<br><br>Defendants also object to Plaintiffs' reliance on the 11/9/07 Shansky Report, 12/6/07 Shansky Supplemental Report, and 9/10/08 Second Supplemental Shansky Report to the extent that these reports contain references to any statements or documents. Such statements or documents are inadmissible hearsay and may not be relied upon for the truth of the matter asserted. Fed. R. Civ. Evid. 802. |
| 8. "Judge Karlton found on July 23, 2007 that in addition to the Special Master's monitoring reports, the Special Master issued 'fifty-five other reports' since February of 1996. *See* Docket 2320 at 4:20-21." (Pls.' Response, ¶ 26.) | Defendants object to this evidence on the ground that it is inadmissible hearsay offered for the truth of what it asserts. Fed. R. Evid. 802. |
| 9. "Overcrowding is the primary cause of constitutional violations. *See, e.g.,* . . . | |
| "Ells Decl., ¶ 4, Exh. C at 1 (10/4/06 Governor's Emergency Proclamation); | Defendants object to this evidence on the ground that it is irrelevant. Fed. R. Evid. 402. |
| "Ells Decl., ¶ 10, Exh. I at 4 (6/26/08 Video of Republican Senator Dave Cogdill, 'Senator Cogdill Discusses GOP's Solution to California's Prison Overcrowding'); | Defendants object to this evidence on the ground that it is irrelevant and contains inadmissible hearsay offered for the truth of what it asserts. Fed. R. Evid. 802. |
| "Ells Decl., ¶ 21, Exh. T at CDCR009404 (CDCR July 2006 Report 'Inmate Population, Rehabilitation, and Housing Management | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is |

- 4 -

| | |
|---|---|
| Plan'); | insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. It is also irrelevant. |
| "Ells Decl., ¶ 25, Exh. X at Vol. I, at 141:23-142:8 (Cate Deposition); | Defendants object to this evidence on the ground that it is not properly authenticated and is an "uncertified rough draft transcript." This document is not properly authenticated as it does not include the court reporter's certification. *Orr*, 285 F.3d at 774. The "certification" attached by Plaintiffs was not provided by the court report in conjunction with the rough transcript, and the title page of the rough transcript clearly states "uncertified rough draft transcript." |
| "Ells Decl., ¶ 25, Exh. X at Vol. I, at 175:22:176:4 (Cate Deposition); | Defendants object to this evidence on the ground that it is not properly authenticated and is an "uncertified rough draft transcript." This document is not properly authenticated as it does not include the court reporter's certification. *Orr*, 285 F.3d at 774. The "certification" attached by Plaintiffs was not provided by the court reporter in conjunction with the rough transcript, and the title page of the rough transcript clearly states "uncertified rough draft transcript." Counsel's declaration attesting that the transcript is a "true and correct copy" is insufficient without the reporter's certification that the transcript is a true and correct record. *Id.* |
| "Ells Decl., ¶ 29, Exh. BB at 2 ('Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility'); | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. It is also irrelevant. |
| "Woodford Decl., ¶ 3, Exh. A at ¶¶ 1, 6 and Appx. A (11/9/07 Woodford Report); | Defendants object to paragraph 6 of the 11/9/07 Woodford Report as it contains an inadmissible legal conclusion ("My opinion is that overcrowding is the primary cause of the constitutional violations . . ."). Expert testimony is not admissible on questions of law; instead, the role of experts is to interpret |

- 5 -

| | |
|---|---|
| | and analyze factual evidence and not to testify about the law. *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451 (9th Cir. 1999). Additionally, expert declarations containing merely conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *In re Segerstrom*, 247 F.3d at 227; *M & M Med. Supplies and Servs., Inc*, 981 F.2d at 164; *Evers*, 770 F.2d at 986. |
| "Woodford Decl., ¶ 4, Exh. B at ¶¶ 3, 31 (8/15/08 Woodford Supp. Report); | Defendants object to paragraph 3 of the 8/15/08 Woodford Supplemental Report as it contains an inadmissible legal conclusion ("it is still my opinion that the CDCR remains severely overcrowded, that this overcrowding is the primary cause of the constitutional violations and that the prison population must be substantially reduced to alleviate the unconstitutional conditions."). Expert testimony is not admissible on questions of law; instead, the role of experts is to interpret and analyze factual evidence and not to testify about the law. *McHugh*, 164 F.3d 451. Additionally, expert declarations containing merely conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *In re Segerstrom*, 247 F.3d at 227; *M & M Med. Supplies and Servs., Inc*, 981 F.2d at 164; *Evers*, 770 F.2d at 986.

Defendants further object to paragraph 3 of the 8/15/08 Woodford Supplemental Report on the ground that it contains inadmissible hearsay evidence offered for the truth of what it asserts ("I have read that the strike team appointed by the Governor to implement AB 900 has concluded that CDCR should not exceed 130% of design bed capacity in the long term, and should establish measures to ensure that this crowding level is not exceeded in the future."). Fed. R. Evid. 802.

Defendants object to paragraph 31 of the 8/15/08 Woodford Supplemental Report in that it lacks foundation ("Overcrowding in the CDCR is extreme, its effects are pervasive and it is preventing the Department from providing |

DEFS' REPLY BRIEF ISO MOTIONS FOR DISMISSAL OR, ALTERNATIVELY, SUMMARY JUDGMENT OR SUMMARY ADJUDICATION  (2:90-CV-00520 LKK JFM P)(C01-1351 TEH)

| | |
|---|---|
| | adequate mental and medical health care to prisoners."). Ms. Woodford is not an expert in correctional medical or mental health care as she does not have any degrees in medical or mental health nor does she have any experience in providing medical or mental health care, including in a correctional setting. Fed. R. Evid. 702; *Thomas J. Kline, Inc. v. Lorillard, Inc.,* 878 F.2d 791, 799-800 (4th Cir. 1989) (an expert's opinion may be excluded where the expert does not have knowledge, skill, experience, training or education to qualify them has having specialized knowledge regarding the subject upon which they propose to testify). |
| "Scott Decl., ¶ 3, Exh. A at ¶¶ 3, 80 (11/9/07 Report of Wayne Scott)[;] | Defendants object to paragraph 80 of the 11/9/07 Report of Wayne Scott in that it contains an inadmissible legal conclusion ("Based on the above, my opinion is that overcrowding is the primary cause of the medical and mental health constitutional violations caused by deficiencies in the support role played by non-health care staff."). Expert testimony is not admissible on questions of law; instead, the role of experts is to interpret and analyze factual evidence and not to testify about the law. *McHugh,* 164 F.3d 451. Additionally, expert declarations containing merely conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment. *In re Segerstrom,* 247 F.3d at 227; *M & M Med. Supplies and Servs., Inc,* 981 F.2d at 164; *Evers,* 770 F.2d at 986.

Defendants further object to paragraph 80 on the ground that it lacks foundation. Mr. Scott is not an expert in correctional medical or mental health care as he does not have any degrees in medical or mental health nor does he have any experience in providing medical or mental health care, including in a correctional setting. Fed. R. Evid. 702; *Thomas J. Kline, Inc.,* 878 F.2d at 799-800 (an expert's opinion may be excluded where the expert does not have knowledge, skill, experience, training or education to qualify them has having |

- 7 -

| | |
|---|---|
| | specialized knowledge regarding the subject upon which they propose to testify).

Defendants further object to paragraph 80 on the ground that it contains inadmissible hearsay offered for the truth of what it asserts ("I agree with the Governor's blue-ribbon panel of experts that '[t]he key to reforming the system lies in reducing the numbers'"; "I also agree with the *Plata* Receiver, when he reports that '[m]ost California prisons operate at 200% of capacity, with no effective relief in sight. Unless and until the living conditions of some prisons and the overpopulation experienced system-wide is effectively addressed, the Receiver will be impeded in applying systemic and even some ad hoc remedies to the medical care system'"; "I further agree with the California State Auditor that '[m]eeting the constitutional rights of inmates to receive minimum standards of treatment' is a problem that 'emerge[s]' from overcrowding"; "I also agree with the Office of the Inspector General that efforts to solve the medical care failures 'are severely hampered by inmate population pressures that have prisons straining at nearly twice design capacity, spreading staff resources thin and leaving little facility space available for programming and other purposes. Developing sustainable solutions will require the [CDCR], state policymakers, and the public to collectively address the available options' to reduce overcrowding."). Fed. R. Evid. 802. |
| "Scott Decl., ¶ 4, Exh. B at ¶¶ 4, 21 (8/15/08 Scott Supp. Report);" | Defendants object to paragraph 4 of the 8/15/08 Scott Supplemental Report on the ground that it contains inadmissible hearsay offered for the truth of what it asserts ("I agree with former CDCR Secretary Jim Tilton, that the overcrowding - and the use of dayrooms, gymnasiums, hallways, and other inappropriate places for housing prisoners - 'has reduced the availability of program and recreation space that is essential for positive inmate programming. There is widespread agreement among correctional experts that chronic idleness produces negative psychological and |

| | | |
|---|---|---|
| 1 | | behavioral effects in prison'"; "I further agree with Mr. Tilton that [i]dleness-related frustration increases the probability of interpersonal conflict and assaults in prison. Overcrowding simultaneously reduces the opportunities for staff to effectively monitor inmate behavior and drastically limits the options to reduce animosities between inmates by separating them or sending them to different facilities. Thus, there is less for inmates to do, fewer outlets to release the resulting tension, a decreased staff capacity to identify inmate problems, and fewer options to solve them if and when they do'"; "Moreover, my assessment of the prison situation in California's prisons comports with Mr. Tilton's in 2006: 'the risk of catastrophic failure in a system strained from severe overcrowding is a constant threat . . . [I]t is my professional opinion this level of overcrowding is unsafe and we are operating on borrowed time.'"). Fed. R. Evid. 802. |
| | | Defendants further object to paragraph 21 on the grounds that it contains inadmissible hearsay offered for the truth of what it asserts ("The bottom line was stated properly by Mr. Tilton . . . '[t]he Department of Corrections owns the responsibility to assist inmates who are willing to change their ways with basic tools of education, life skills, drug treatment and mental health, so they can get better when they leave Corrections -- not worse. But until I get overcrowding reduced -- then I don't have the opportunity to provide the program that I believe is my charge.'"). Fed. R. Evid. 802. |
| | "Ells Decl. ¶ 7, Exh. F (6/26/06 Speech by Governor Schwarzenegger)[;] | Defendants object to this evidence on the ground that it is irrelevant [and inadmissible hearsay offered for the truth of what it asserts. Fed. R. Evid. 802]. |
| | "Lack of Office / Treatment Space, *See, e.g.,* . . . | |
| | "Ells Decl. ¶ 22, Exh. U at 80:11-15 (Tilton Deposition); | Defendants object to this evidence on the ground that it is not properly authenticated in |

- 9 -

| | | |
|---|---|---|
| 1 | | that it does not include the court reporter's certification. *Orr*, 285 F.3d at 774. Counsel's declaration attesting that the transcript is a "true and correct copy" is insufficient without the reporter's certification that the transcript is a true and correct record. *Id.* |
| 5 | "Ells Decl. ¶ 27, Exh. Z at E_PRIV_161333 ('From Custody to Community: Building the Bridge for California's Prisoners Returning Home'); | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. Defendants also object to this evidence on the ground that it lacks foundation and is in an incomplete, draft format. Further, the document constitutes hearsay. |
| 13 | "Ells Decl. ¶ 9, Exh. H at 31:15-19, 23:10-15 (Hysen Deposition); | Defendants object to this evidence on the ground that it is not properly authenticated in that it does not include the court reporter's certification. *Orr*, 285 F.3d at 774. Counsel's declaration attesting that the transcript is a "true and correct copy" is insufficient without the reporter's certification that the transcript is a true and correct record. *Id.* |
| 18 | "Ells Decl. ¶ 6, Exh. E at 126:12-17 (Kernan Deposition."  (Pls.' Response, ¶ 27.) | Defendants object to this evidence on the ground that it is not properly authenticated in that it does not include the court reporter's certification. *Orr*, 285 F.3d at 774. Counsel's declaration attesting that the transcript is a "true and correct copy" is insufficient without the reporter's certification that the transcript is a true and correct record. *Id.* |

- 10 -

## II.    OBJECTIONS TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| | |
|---|---|
| 10.  "Declaration of Lisa Ells in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss And/Or Motion for Summary Judgment/Adjudication ('Ells Decl.') ¶ 2, Exh. A at 2:14-16, 3:9-11 (Transcript of 4/26/06 Evidentiary Hearing before Judge Karlton)."  (Pls.' Opp'n to Defs.' Mot. to Dismiss and/or Mot. for Summ. J./Adjudication (Pls.' Opp'n) at 5:4-6.) | Defendants object to this evidence on the ground that Exhibit A is not properly authenticated in the Ells Declaration.  A stenographic transcript must be certified by the court reporter, and no such certification is included in the Ells Declaration.  Counsel cannot authenticate the uncertified transcript by attesting that it is a true and correct copy.  *Orr*, 285 F.3d at 776.

Defendants further object to this evidence on the ground that it is inadmissible hearsay offered for the truth of what it asserts.  Fed. R. Evid. 802. |
| 11.  "Ells Decl. ¶ 3, Exh. B at 20:4-10 (Transcript of 6/26/08 Case Management Conference before Three-Judge Court)."  (Pls.' Opp'n at 6:2-3.) | Defendants object to this evidence on the ground that it is inadmissible hearsay offered for the truth of what it asserts.  Fed. R. Evid. 802. |
| 12.  "Ells Decl. ¶ 5, Exh. D (CDCR photographs)."  (Pls.' Opp'n at 6:20 and n. 1.) | Defendants object to this evidence on the ground that it is not properly authenticated.  An exhibit is not properly authenticated by merely attaching it to an affidavit.  *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990) (attorney's summary of a registration statement insufficient authentication). |
| 13.  "Ells Decl. ¶ 12, Exh. K at 3 (10/8/06 Sillen Sacramento Bee Article) (stating that overcrowding is 'at the root' of health care problems in CDCR)."  (Pls.' Opp'n at 8:21-23; 9:17; 38:27-39:1.) | Defendants object to this evidence on the ground that it is inadmissible hearsay offered for the truth of what it asserts.  Fed. R. Evid. 802. |
| 14.  "Ells Decl. ¶ 13, Exh. L at 62:14-64:10 (Mumola Deposition)."  (Pls.' Opp'n at 9, fn. 3.) | Defendants object to this evidence on the ground that it is not properly authenticated in that it does not include the court reporter's certification.  *Orr*, 285 F.3d at 774.  Counsel's declaration attesting that the transcript is a "true and correct copy" is insufficient without the reporter's certification that the transcript is a |

| | |
|---|---|
| | true and correct record. *Id.* |
| 15. "Ells Decl. ¶ 14, Ex. M at 2 (CDCR BCP re: SAC EOP)." (Pls.' Opp'n at 11-12 n. 4.) | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. |
| 16. "Ells Decl. ¶ 16, Exh. O at DEFS014447 (CDCR Finance Letter)." (Pls.' Opp'n at 13:26-27.) | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. |
| 17. "Ells Decl. ¶ 26, Exh. Y (3/16/07 Sacramento Bee Article)." (Pls.' Opp'n at 18:22-23.) | Defendants object to this evidence on the ground that it is inadmissible hearsay offered for the truth of what it asserts. Fed. R. Evid. 802. |
| 18. "Ells Decl. ¶ 28, Exh. AA at 2 (CDCR Budget Change Proposal re: STWD Infill Housing and Program Space)." (Pls.' Opp'n at 19:8-9.) | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. |
| 19. "Ells Decl. ¶ 30, Exh. CC at 1." (Pls.' Opp'n at 19:19.) | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. |
| 20. "Ells Decl. ¶ 31, Exh. DD at 9 (Expert Panel Report)." (Pls.' Opp'n at 19:25-26.) | Defendants object to this evidence on the ground that it is not properly authenticated and is therefore inadmissible. Counsel's affidavit is insufficient to authenticate documents obtained through discovery from Defendants. *Orr*, 285 F.3d at 776. |

| | |
|---|---|
| 21. "Ells Decl. ¶ 26, Exh. Y at 1 (3/16/07 Sacramento Bee Article (quoting Bud Prunty as saying, 'We just have a real major problem with overcrowding.  It's impacting everything we do')[)].."  (Pls.' Opp'n at 41:27-42:2.) | Defendants object to this evidence on the ground that it is inadmissible hearsay offered for the truth of what it asserts.  Fed. R. Evid. 802. |

DATED:  October 6, 2008                          HANSON BRIDGETT LLP


                                          By: /s/  Paul B. Mello
                                              PAUL B. MELLO
                                          Attorneys for Defendants
                                          Arnold Schwarzenegger, et al.

DATED:  October 6, 2008                      EDMUND G. BROWN JR.
                                          Attorney General of the State of
                                                California


                                          By: /s/  Rochelle C. East
                                              ROCHELLE C. EAST
                                          Senior Assistant Attorney General
                                          Attorneys for Defendants
                                          Arnold Schwarzenegger, et al.

- 13 -