1  EDMUND G. BROWN JR.                    HANSON BRIDGETT LLP
   Attorney General of the State of California   JERROLD C. SCHAEFER - 39374
2  DAVID S. CHANEY                        PAUL B. MELLO – 179755
   Chief Assistant Attorney General       S. ANNE JOHNSON – 197415
3  ROCHELLE C. EAST                       SAMANTHA D. TAMA – 240280
   Senior Assistant Attorney General      RENJU P. JACOB - 242388
4  JONATHAN L. WOLFF                      425 Market Street, 26th Floor
   Supervising Deputy Attorney General    San Francisco, CA  94105
5  LISA A. TILLMAN – State Bar No. 126424  Telephone: (415) 777-3200
   Deputy Attorney General                Facsimile:  (415) 541-9366
6  KYLE A. LEWIS – State Bar No. 201041   jschaefer@hansonbridgett.com
   Deputy Attorney General                pmello@hansonbridgett.com
7  455 Golden Gate Avenue, Suite 11000    ajohnson@hansonbridgett.com
   San Francisco, CA 94102-7004           stama@hansonbridgett.com
8  Telephone: (415) 703-5708              rjacob@hansonbridgett.com
   Facsimile:  (415) 703-5843
9  lisa.tillman@doj.ca.gov
   kyle.lewis@doj.ca.gov
10
   Attorneys for Defendants
11

12                 **UNITED STATES DISTRICT COURT**

13           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14           **AND THE NORTHERN DISTRICT OF CALIFORNIA**

15      **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

16         **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

17  RALPH COLEMAN, et al.,                 No. 2:90-cv-00520 LKK JFM P

18              Plaintiffs,                **THREE-JUDGE COURT**

19          v.

20  ARNOLD SCHWARZENEGGER, et al.,

              Defendants.
21  _____

22  MARCIANO PLATA, et al.,               No. C01-1351 TEH

23              Plaintiffs,                **THREE-JUDGE COURT**

24          v.                             **DEFENDANTS' STATUS STATEMENT
                                           REGARDING STATEMENT OF**
25  ARNOLD SCHWARZENEGGER, et al.,         **UNDISPUTED FACTS IN SUPPORT OF
                                           MOTIONS FOR DISMISSAL OR,**
              Defendants.                  **ALTERNATIVELY, SUMMARY
26                                         JUDGMENT OR SUMMARY
                                           ADJUDICATION**
27
                                           **To:  Three-Judge Court**
28

_____
DEFS.' STATUS STATEMENT RE: STMT. OF UNDISPUTED FACTS SUPP. MOT. TO DISMISS, OR
ALT., MOT. SUMM. J. OR SUMM. ADJ. (CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

Defendants submit their Status Statement Regarding Statement of Undisputed Facts which demonstrates that Plaintiffs fail to dispute any of Defendants' material facts effectively or substantially.  Because Plaintiffs have failed to create disputes as to the material facts upon which Defendants' motion is based, the facts must be deemed to be undisputed.  Consequently, summary judgment or adjudication is appropriate on the following issues.

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| **A.** | **Plaintiffs Did Not Comply with the PLRA's Exhaustion Requirement** | |
| 1. | Before filing the *Plata* lawsuit, on April 5, 2001, none of the named class representatives—Marciano Plata (aka Marcial Plata), Gilbert Aviles, Steve Bautista, Paul Decasas, Raymond Johns, Joseph Long, Clifford Myelle, Leslie Rhoades, Raymond Stoderd, and Otis Shaw)[1]—exhausted their administrative remedies for the issues raised in this three-judge panel proceeding.  Specifically, they did not exhaust whether overcrowding is the primary cause of the alleged unconstitutional medical care or request the remedy of a prisoner release order. **Supporting Evidence** Pls.' Compl. (Request for Judicial Notice (RJN)-2); Pls.' Am. Compl. (RJN-3); Decl. of N. Grannis Supp. Defs.' Mot. Dismiss, Alt., Summ J. ¶¶ 8-17 & 19. | Deny. **Supporting Evidence** Specter Decl., Exh. A (Tolling Agreement, 12/16/99).[2] **Defendants' Status** **No genuine issue of material fact exists.** Defendants have objected to the admission of Plaintiffs' cited evidence.  (*See* Defs.' Objections to Pls.' Evidence in Opposition to Mot. for Summary Judgment.  (Defs.' Objections.))  Plaintiffs' contention that Plaintiffs are not required to exhaust is a legal argument, not fact.  Plaintiffs do not and cannot cite to any evidence that any of the *Plata* class representatives exhausted their administrative remedies as to whether overcrowding is the primary cause of the alleged unconstitutional medical care or requested the remedy of a prisoner release order. |
| 2. | Before filing the motion to convene the three-judge panel, the sole remaining | Deny. |

---

[1] Plaintiffs Decasas, Long, and Shaw are no longer incarcerated.
[2] Plaintiffs also cite to Plaintiffs' Opposition to Defendants' Motion to Dismiss and/or Motion for Summary Judgment/Adjudication at 26-28.  Plaintiffs refer the Court not to facts, but to their legal argument - that no exhaustion requirement exists.  Because this citation is not evidence and does not contain a citation to particular evidence that supports their denial of the disputed fact, it cannot be considered.

DEFS.' STATUS STATEMENT RE: STMT. OF UNDISPUTED FACTS SUPP. MOT. DISMISS, OR ALT.,
MOT. SUMM. J. OR SUMM. ADJ. (CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | incarcerated *Coleman* class representative, Ralph Coleman, failed to exhaust the issue of overcrowding as the primary cause of alleged unconstitutional mental health care or a prisoner release order.<br><br>**Supporting Evidence**<br><br>Grannis Decl. ¶¶ 18-19. | **Supporting Evidence**<br><br>None. *See* footnote 2.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs cite to no specific evidence to create a dispute of material fact. Plaintiffs' contention that Plaintiffs are not required to exhaust is a legal argument, not fact. Plaintiffs do not and cannot cite to any evidence that Ralph Coleman exhausted his administrative remedies as to whether overcrowding is the primary cause of the alleged unconstitutional mental health care or requested the remedy of a prisoner release order. |
| **B.** | **The Three-Judge Panel Lacks Jurisdiction to Consider a Prisoner Release Order.** | |
| 3. | Since the filing of these lawsuits, Plaintiffs have never sought and no court has ever ordered any relief directed at overcrowding.<br><br>**Supporting Evidence**<br><br>*See Plata* Court Docket (CD) and *Coleman* CD (Request for Judicial Notice ("RJN")-1.) | Deny.<br><br>**Supporting Evidence**<br><br>Notice Of Motion And Motion To Convene A Three Judge Panel To Limit Prison Population, Nov. 13, 2006 (Plata Docket # 561; Plaintiffs' Notice Of Motion And Motion To Convene A Three Judge Panel To Limit Prison Population, Nov. 13, 2006 (Coleman Docket # 2036); 7/23/07 Plata Order (Plata Docket # 780); 7/23/07 Coleman Order (Coleman Docket # 2320).)<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** The only evidence that Plaintiffs cite are their motions and the Order convening this |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | instant Three-Judge Panel proceeding. Plaintiffs' failure to cite to any other evidence demonstrates that Plaintiffs have not sought relief and that the Court has not ordered relief pertaining to overcrowding. Plaintiffs' cited evidence is not material because it does not affect the issue of whether the Three-Judge Panel lacks jurisdiction to consider a prisoner release order. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Moreover, any factual dispute is not genuine as the evidence is not of the character that the Three-Judge Panel could return a verdict for the non-moving party on this issue. *Id.* at 248. Further, Plaintiffs' generalized citations to these docket entries to dispute this fact are improper and insufficient to defeat summary judgment. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001) (plaintiff must point to specific facts in opposition to summary judgment). |
| 4. | The *Plata* class consists of inmates with serious medical needs.<br><br>**Supporting Evidence**<br><br>Stipulation and Order for Injunctive Relief, approved by the *Plata* Court on June 13, 2002, 1:22-23. (Defs.' Suppl. RJN-1.) | Admit.<br><br>**Defendants' Status**<br><br>**Undisputed.** |
| 5. | The *Coleman* class consists of inmates with serious mental disorders. | Admit. |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | **Supporting Evidence**<br><br>Stipulation and Order Amending Plaintiff Class and Application of Remedy in Coleman, approved by the *Coleman* Court on July 23, 1999, 2:24-27. | **Defendants' Status**<br><br>**Undisputed.** |
| **C.** | **Overcrowding Is Not the Primary Cause of, Nor Remedy for, the Alleged Constitutionally Inadequate Delivery of Medical Care.** | |
| 6. | According to the Receiver, the overall goals of a constitutionally adequate prison medical care system are to reduce unnecessary morbidity and mortality, improve inmates' health status and functioning, coordinate care with mental health and dental, and protect public health.<br><br>**Supporting Evidence**<br><br>Former Receiver's Plan Of Action ("POA"), Intro, p. 3 (*see* RJN-4); accord Shansky Depo., 78:24-79:13 (Exhibit A to Declaration of Paul Mello ("Mello Decl."); Current Receiver's Turnaround Plan Of Action ("TPOA") (*see* RJN-5), p. 2: "Mission: "Reduce avoidable morbidity and mortality and protect public health by providing patient-inmates timely access to safe, effective and efficient medical care, and integrate the delivery of medical care with mental health, dental and disability programs." | Deny.<br><br>**Supporting Evidence**<br><br>6/6/08 Receiver's Turnaround Plan of Action (Plata Docket # 1229) at 2.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs are incorrect in their assertion that Defendants quote the Receiver inaccurately. Defendants' have accurately quoted the language from the Former Receiver's Plan of Action. Plaintiffs also have cited to the same evidence that Defendants did, namely the Current Receiver's Turnaround Plan of Action. The two Receivers are in substantial agreement as to the Receivership's mission. Even if a factual dispute existed (which it does not), it would not be a genuine dispute regarding a material fact as the evidence is not of the character that the Three Judge Panel could return a verdict for the non-moving party on this issue. *Anderson,* 477 U.S. at 248. |
| 7. | California's average annual mortality rate of State prison inmates, per 100,000 inmates, from leading causes of illness | Deny.<br><br>**Supporting Evidence** |

- 4 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | deaths between 2001 and 2004 was 170.<br><br>**Supporting Evidence**<br><br>Medical Causes of Death in State Prisons, 2001-2004 (Exhibit B to Mello Decl. Supp. Defs.' Mot. Dismiss, Alt., Mot. Summ J.). | Reingold Declaration ¶ 2, Exh. A (8/27/08 Reingold Report) at ¶ 9 and Exh. C.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants have objected to the admission of Plaintiffs' cited evidence. (*See* Defs.' Objections.) Defendants' figures are drawn directly from the report. Plaintiffs' expert Reingold never states that the numbers in the report are incorrect. Defendants' figures are based upon the date range from 2001-2004, while Plaintiffs figure is based upon the larger date range from 2001-2005. Plaintiffs do not and cannot genuinely dispute that the Defendants figures are correct. |
| 8. | The national average for annual mortality of State prison inmates during the same period was 223 and the West's average was 181.<br><br>**Supporting Evidence**<br><br>*Id.* | Deny.<br><br>**Supporting Evidence**<br><br>Reingold Declaration ¶ 2, Exh. A (8/27/08 Reingold Report) at ¶ 9 and Exh. C.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants have objected to the admission of Plaintiffs' cited evidence. (*See* Defs.' Objections.) Defendants' figures are drawn directly from the report. Plaintiffs' expert Reingold never states that the numbers in the report are incorrect. Defendants' figures are based upon the date range from 2001-2004, while Plaintiffs figure is based upon the larger date range from 2001-2005. Plaintiffs do not and cannot genuinely dispute that the Defendants figures are correct. |

- 5 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| 9. | According to Plaintiffs' medical expert and the Receiver, there are multiple, interrelated components of a constitutionally adequate correctional healthcare system, including (i) adequate numbers of appropriately trained and credentialed professional staff; (ii) an adequate environment within which to work including appropriate equipment and conditions which ensure an environment that is conducive to a professional assessment including privacy; (iii) a system of documenting the healthcare interactions including assessments, plans, orders, results of tests, etc.; (iv) a system of tracking to ensure continuity with regard to all elements of professionally created plans, including medications, lab, x-ray, other ancillary services, follow up visits, specialty referrals, etc.; (v) a system that allows for the movement of patients to appropriate levels of care based on the complexity of their medical problems, including both inpatient and outpatient; (vi) a system of self-monitoring in order to identify patterns of breakdowns in the system for which improvement strategies can then be implemented in order to mitigate the breakdowns; (vii) the ability to ensure access regardless of custody level or housing situation, meaning sufficient officers to both ensure access onsite and ensure access to offsite services; (viii) sufficient resources in the community either through offsite encounters or some sort of tele-medicine arrangement so that specialized care can be provided when ordered by the clinician; and (ix) a system of ensuring that credentialing is done on entry-based standards related to the type of practice the clinician is going to be engaged in and that the credentialing process | Deny.

**Supporting Evidence**

Shansky Decl. ¶ 3, Exh. A at ¶¶ 6, 9-139 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at ¶ 1-2 (12/6/07 Shansky Supp. Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 8, 12-118 (9/10/08 Second Supp. Shansky Report); 6/6/08 Receiver's Turnaround Plan of Action at 4-29 (Plata Docket # 1229).

**Defendants' Status**

**No genuine issue of material fact exists.** With the exception of the 6/6/08 Receiver's Turnaround Plan of Action, Defendants have objected to the admission of Plaintiffs' cited evidence.  (*See* Defs.' Objections.)  None of the evidence that Plaintiffs cite contradicts the undisputed fact, namely the components of a constitutionally adequate medical system.

Further, Plaintiffs' generalized citations to dispute this fact are improper and insufficient to defeat summary judgment. *See Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1029-31 (9th Cir. 2001) (plaintiff must point to specific facts in opposition to summary judgment). Specifically, Shansky Decl. ¶ 3, Exh. A at ¶¶ 6, 9-139 (11/9/07 Shansky Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 8, 12-118 (9/10/08 Second Supp. Shansky Report) and 6/6/08 Receiver's Turnaround Plan of Action at 4-29 (Plata Docket # 1229), are not sufficiently specific to defeat summary judgment. "A district court is not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen,* 237 F.3d at |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | mirrors what happens in the community at an HMO or a hospital in terms of the processes used.<br><br>**Supporting Evidence**<br><br>Shansky Depo., 7:24-9:13; accord TPOA, p.4, identifying six strategic goals: 1. Ensure Timely Access to Care, 2. Improve the Medical Program, 3. Strengthen the Health Care Workforce, 4. Implement Quality Assurance and Continuous Improvement, 5. Establish Medical Support Infrastructure, and 6. Provide Health Care and Health Care-Related Facilities. | 1029 (internal quotations omitted).<br><br>To the extent Dr. Shansky makes a statement somewhere within the large volume of pages that Plaintiffs cite that contradicts his statements made at his sworn deposition, it cannot defeat summary judgment.  Plaintiffs cannot create a genuine issue of material fact to survive summary judgment by contradicting Dr. Shansky's deposition testimony.  *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *Block v. L.A.,* 253 F.3d 410, 419, n.2 (9th Cir. 2001). |
| 10. | It is very difficult to rank these interrelated components in terms of importance and very hard to single out a most important component.<br><br>**Supporting Evidence**<br><br>Shansky Depo., 12:17-13:7, 160:19-161:2. | Deny.<br><br>**Supporting Evidence**<br><br>See Plaintiffs' Supporting Evidence to Number 9, above.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants incorporate by reference Defendants' Status of Undisputed Material Fact No. 9, *supra*. |
| 11. | The *Plata* Court itself acknowledged that the problem with the delivery of constitutionally adequate medical care in California Department of Corrections and Rehabilitation (CDCR) facilities is a polycentric problem, involving an historical lack of leadership, planning, and vision by the State's highest officials during a period of exponential growth of the prison population. | Deny.<br><br>**Supporting Evidence**<br><br>10/3/05 Plata Findings of Fact (Docket # 371), at 1 ("By all accounts, the California prison medical care system is broken beyond repair….The Court has given defendants every reasonable opportunity to bring its prison medical system up to constitutional standards, and it is beyond reasonable dispute that the State has |

- 7 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | **Supporting Evidence**<br><br>Findings of Fact Conclusions of Law Re Receiver, filed October 3, 2005 ("FOF"), 38:1-18, 43:11-15 (*see* RJN-6); accord Shansky Depo., 62:2-63:24; 88:2-24. | failed"), 37-38 ("The task of running the CDCR medical system is a complex and difficult one, especially given the number of prisoners …the extreme state of overcrowding, and the failures of past administrations to take medical care seriously"); 41 (Court "also could consider closing some institutions or ordering the release of some prisoners (perhaps those who are at highest risk of receiving inadequate medial care, or those who post the security risk as a means of general population reduction.)")<br><br>7/23/07 Plata Order at 8 (Plata Doc. # 780): "It is clear to the Court that the crowded conditions of California's prisons, which are now packed well beyond their intended capacity, are having - and in the absence of any intervening remedial action, will continue to have - a serious impact on the Receiver's ability to complete the job for which he was appointed: namely, to eliminate the unconstitutional conditions surrounding delivery of inmate medical health care."<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs additional citations are inapposite.  Plaintiffs do not and cannot dispute the fact that the Court has acknowledged that the problem of delivering constitutionally adequate medical care is a polycentric problem. |
| 12. | According to Plaintiffs' medical expert, one of the most important factors to remedy CDCR's failed medical care delivery | Deny.<br><br>**Supporting Evidence** |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | system is changing the culture.<br><br>**Supporting Evidence**<br><br>Shansky Depo., 143:18-21; accord TPOA, p. 13, 15, advocating "establishing a culture of organizational quality in a health care program" and asserting that development of a continuous quality improvement program requires "a fundamental culture change" and advocating the development of "a culture of accountability." | Shansky Decl. ¶ 3, Exh. A at ¶ 6 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at 1 (12/6/07 Shansky Supp. Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 7, 8 (9/10/08 Second Supp. Shansky Report); Ells Decl. ¶ 35, Exh. HH at 53:1-9, 161:6-18 (Shansky Deposition).<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants have objected to the admission of Plaintiffs' cited evidence. (*See* Defs.' Objections.)  Plaintiffs' cites to Dr. Shansky's conclusion of law - that overcrowding is the primary cause of the violations is inapposite, as it does not contradict this material fact.  Plaintiffs do not and cannot dispute this material fact, namely that changing the culture is one of the most important factors in providing constitutionally adequate medical care. |
| 13. | Operating a constitutionally adequate medical system in California also requires, among other things, providing oversight to clinical personnel as well as overhauling dysfunctional business and financial systems.<br><br>**Supporting Evidence**<br><br>POA, Intro, P. 8; Shansky Depo., 87:17-88:1; Accord TPOA, pp. 15-24, Detailing Key Goals Of Implementing Quality Improvement Programs And Establishing Medical Support Infrastructure | Admit.<br><br>**Defendants' Status**<br><br>**Undisputed** |
| 14. | Plaintiffs' own expert testifies that simply reducing the prison population will not by itself cure the problems with specialty | Deny.<br><br>**Supporting Evidence** |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | medical care.<br><br>**Supporting Evidence**<br><br>Shansky Depo., 132:6-9. | Shansky Decl. ¶ 3, Exh. A at ¶ 6 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at 1 (12/6/07 Shansky Supp. Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 7, 8 (9/10/08 Second Supp. Shansky Report); Ells Decl. ¶ 35, Exh. HH at 53:1-9, 161:6-18 (Shansky Deposition).<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants have objected to the admission of Plaintiffs' cited evidence. (*See* Defs.' Objections.) Plaintiffs' cites to Dr. Shansky's reports and deposition testimony for the assertion that relief from overcrowding is a necessary precursor to remedying the violations is inapposite as it does not contradict this material fact. Plaintiffs do not and cannot dispute this material fact - that reducing the prison population will not by itself cure problems with specialty medical care. To the contrary, their cited evidence further supports it. *See* Shansky Decl. ¶ 5, Exh. C at ¶ 9 (9/10/08 Second Supp. Shansky Report) (stating that reducing the population alone will not produce a constitutionally adequate medical delivery system). |
| 15. | A prisoner reduction will only impact the volume of the use of a paper-based medical scheduling system, not solve the problems caused by such a system | Deny.<br><br>**Supporting Evidence**<br><br>None.[3] |

---

[3] Plaintiffs cite to 20 pages in their Opposition which is almost their entire statement of facts. (Pls.' Opp'n to Defs.' Mot. Dismiss and/or Mot. Summ. J./Adj. at 7-26.) Their Opposition is not evidence and should not be considered as such. Even if the Court were to construe the cites cited within those 20 pages to be evidence, it does not defeat Defendants' Motion for Summary Judgment or Adjudication. *See Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1029-31 (9th Cir. 2001) (plaintiff must point to specific facts in opposition to summary judgment).

DEFS.' STATUS STATEMENT RE: STMT. OF UNDISPUTED FACTS SUPP. MOT. TO DISMISS, OR ALT., MOT. SUMM. J. OR SUMM. ADJ. (CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | **Supporting Evidence**<br><br>*Id.* at 139:24-140:9. | **Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs cite to no evidence that contradicts the testimony of their expert, Dr. Shansky. |
| 16. | Likewise, a reduction in the prison population would not solve the problems caused by CDCR's storage of unit health records for returning prisoners at a southern regional facility.<br><br>**Supporting Evidence**<br><br>*Id.* at 135:17-136:12. | Deny.<br><br>**Supporting Evidence**<br><br>None. *See* Footnote 3.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs cite to no evidence that contradicts the testimony of their expert, Dr. Shansky. |
| 17. | A reduction in the prisoner population will not result in an effective computer network, which is essential to providing adequate medical care.<br><br>**Supporting Evidence**<br><br>*Id.* at 134:18-135:8. | Deny.<br><br>**Supporting Evidence**<br><br>None. *See* Footnote 3.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs cite to no evidence that contradicts the testimony of their expert, Dr. Shansky. |
| 18. | A decrease in the prisoner population of up to 40,000 inmates by itself would not result in a constitutionally adequate medical care delivery system. | Plaintiffs can neither admit nor deny this is undisputed. |

- 11 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | **Supporting Evidence** <br><br> *Id.* at 61:14-24. | **Supporting Evidence** <br><br> None. *See* Footnote 3. <br><br> **Defendants' Status** <br><br> **Undisputed.** Plaintiffs are required to admit or deny the material fact. E.D. L.R. 56-260(b). Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56 (e)(2). Plaintiffs cite to no evidence that contradicts the testimony of their expert, Dr. Shansky. |
| 19. | There have been improvements in the delivery of medical care since the Receiver was appointed, including responsiveness to inmate appeals, timeliness of appointments, and staffing. <br><br> **Supporting Evidence** <br><br> *Id.* at 70:18-71:9. | Plaintiffs can neither admit nor deny this is undisputed. <br><br> **Supporting Evidence** <br><br> None. <br><br> **Defendants' Status** <br><br> **Undisputed.** Plaintiffs are required to admit or deny the material fact. E.D. L.R. 56-260(b). Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs cite to no evidence that contradicts the testimony of their expert, Dr. Shansky |
| 20. | The number of board-certified and board-eligible physicians has increased dramatically in part due to improvements by the Receiver in compensation. <br><br> **Supporting Evidence** <br><br> *Id.* at 108:1-16. | Admit in part. <br><br> **Supporting Evidence** <br><br> None.[4] <br><br> **Defendants' Status** <br><br> **Undisputed.** Plaintiffs must cite to |

---

[4] Plaintiffs cite to Plaintiffs' Opposition to Defendants' Motion to Dismiss and/or Motion for Summary Judgment/Adjudication at 12-15. Their Opposition is not evidence and should not be considered as such.

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
|  |  | "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  Plaintiffs are required to admit or deny the material fact.  E.D. L.R. 56-260(b).  Plaintiffs' statement that the material fact does not completely characterize Plaintiffs' position is inapposite and is not evidence.  Plaintiffs cite to no evidence that contradicts the testimony of their expert, Dr. Shansky.  To the contrary they admit Dr. Shansky's statement. |
| 21. | An adjustment of the medical classification system is a possible solution to the staffing issues at some of the remotely located prisons, such as California State Prison, Avenal or High Desert State Prison.<br><br>**Supporting Evidence**<br><br>*Id.* at 112:20-113:25. | Deny.<br><br>**Supporting Evidence**<br><br>Ells Decl. ¶ 35, Exh. HH at 112:20 - 113:25 (Shansky Deposition); 6/6/08 Receiver's Turnaround Plan of Action (Plata Docket # 1229) at 28; 9/15/08 Receiver's Ninth Quarterly Report at 65 (Plata Docket # 1472).<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.**  Defendants have objected to the introduction of Exhibit HH of Lisa Ells' Declaration and Exhibit HH does not have the pages cited by Plaintiffs as supporting evidence.  (*See* Defs.' Objections.)  Plaintiffs' reference to the Shansky deposition for additional and superfluous details of the adjustment of medical classification system does not contradict the material fact.  Plaintiffs then cite to the Turnaround Plan of Action and the Receiver's Ninth Quarterly Report for the assertion that construction of new facilities must occur before medical classification adjustments can result in a possible solution to staffing problems. However, Plaintiffs' cites do not support this |

- 13 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | assertion. Even if they did, it does not contradict the material fact that an adjustment of the medical classification system is a possible solution to staffing issues. |
| 22. | The Receiver's November 15, 2007 Plan of Action addressed many of the important issues impacting medical care in California's prisons that are potentially within the Receiver's purview.<br><br>**Supporting Evidence**<br><br>*Id.* at 64:13-65:1. | Deny.<br><br>**Supporting Evidence**<br><br>Order Appointing New Receiver, January 23, 2008 (Docket No. 1063), at 3:18 - 4:9.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs' response admits this material fact as Plaintiffs concede that the November 15, 2007 Plan discussed many important issues impacting medical care in California's prisons. Plaintiffs' denial is based upon the meaning of the meaning of the term "addressed." Defendants' material fact did not seek to assert that all of these important issues had been approved or implemented, but rather that the Plan of Action discussed those issues.<br><br>The distinction raises no genuine issue of material fact. Plaintiffs' cited evidence is not material because it does not affect the issue of whether overcrowding is the primary cause of, or the remedy for, the alleged constitutionally inadequate delivery of medical care. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | will not be counted."). Moreover, any factual dispute is not genuine as the evidence is not of the character that the Three-Judge Panel could return a verdict for the non-moving party on this issue. *Id.* at 248. |
| 23. | Neither the Receiver's November 15, 2007 Plan of Action, nor the Receiver's June 2, 2008 Turnaround Plan of Action, state that overcrowding would prohibit the Receiver and CDCR from developing a constitutionally adequate medical care delivery system.<br><br>**Supporting Evidence**<br><br>POA; Shansky Depo., 65:20-24; TPOA, pp. iii and iv of enclosure letter: "[T]he Receiver's job is to establish constitutionally adequate prison medical care as quickly as practicable and in a way which will be sustainable after the Receiver winds down operations and the responsibility for prison medical care reverts to the State" and "even if some of the early actions are not as comprehensively planned or executed as would be desirable if we had the luxury of more time, these early steps will undoubtedly improve CDCR's health care system." | Admit that those reports do not use the words set forth in defendants' "fact," but at the *Plata* Court's request, the Receiver set forth his position on overcrowding in a separate report.<br><br>**Supporting Evidence**<br><br>Receiver's Report Re Overcrowding, filed 5/15/2007 (Plata Docket # 673).<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs admit Defendants' material fact. While the contents of the Receiver's Report Regarding Overcrowding is not at issue in this material fact, that Report also does not state that overcrowding would prohibit the Receiver and CDCR from developing a constitutionally adequate medical care delivery system. To the contrary, the Receiver notes that his Plan of Action will work even without population controls. (Receiver's Report Re Overcrowding at 41:13-25.) Further, Plaintiffs' generalized citations to the entire 53 page Receiver's Report Regarding Overcrowding to dispute this fact are improper and insufficient to defeat summary judgment. *See Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1029-31 (9th Cir. 2001) (plaintiff must point to specific facts in opposition to summary judgment). |

- 15 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| 24. | According to Plaintiff's own medical expert, it is possible for the Receiver and CDCR to ultimately provide constitutionally adequate medical care to 172,000 plus inmates. **Supporting Evidence** Shansky Depo., 144:3-12. | Deny. **Supporting Evidence** Ells Decl. ¶ 35, Exh. HH at 144:24-145:3, 145:13-19 (Shansky Deposition). *See also* Shansky Decl. ¶ 3, Exh. A at ¶ 6 (11/9/07 Shansky Report); Shansky Decl. ¶ 4, Exh. B at 1 (12/6/07 Shansky Supp.Report); Shansky Decl. ¶ 5, Exh. C at ¶¶ 7, 8 (9/10/08 Second Supp. Shansky Report); Ells Decl. ¶ 35, Exh. HH at 53:1-9, 144:24-145:3, 161:6-18 (Shansky Deposition). **Defendants' Status** **No genuine issue of material fact exists.** Defendants have objected to Plaintiffs' cited evidence. (Defs.' Objections.) Plaintiffs' cite to Dr. Shansky's deposition testimony and reports concerning the difficulties and timeframe for providing constitutionally adequate medical care is inapposite. Plaintiffs acknowledge that Dr. Shansky testified that it was not impossible to provide constitutionally adequate medical care to 172,000 prisoners and cannot dispute this material fact. To the extent Dr. Shansky makes a statement in Plaintiffs' supporting evidence that contradicts his statements made at his sworn deposition, it cannot defeat summary judgment. Plaintiffs cannot create a genuine issue of material fact to survive summary judgment by contradicting Dr. Shansky's deposition testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *Block v. L.A.*, 253 F.3d 410, 419, n.2 (9th Cir. 2001). |

- 16 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | **D.    Overcrowding Is Not the Primary Cause of, Nor Remedy for, the Alleged Constitutionally Inadequate Delivery of Mental Health Care.** | |
| 25. | Whether the delivery of mental health care to inmates is constitutionally adequate depends upon six basic components: (1) a systematic program for screening and evaluating inmates to identify those in need of mental health care; (2) a treatment program that involves more than segregation and close supervision of mentally ill inmates; (3) employment of a sufficient number of trained mental health professionals; (4) maintenance of accurate, complete and confidential mental health treatment records; (5) administration of psychotropic medication only with appropriate supervision and periodic evaluation; and (6) a basic program to identify, treat, and supervise inmates at risk for suicide.<br><br>**Supporting Evidence**<br><br>*Coleman v. Wilson*, 912 F. Supp. 1282, 1298 n.10 (E.D. Cal. 1995) (RJN-7.). | Deny. Plaintiffs also object that this is not a material fact and is instead a mixed question of law and fact. The precise features of a theoretical, constitutionally adequate mental health delivery system are not at issue in this motion.<br><br>**Supporting Evidence**<br><br>None.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  Plaintiffs do not and cannot cite to any evidence that contradicts this material fact.  Plaintiffs' position that this fact is not material affirmatively demonstrates that Plaintiffs cannot establish a genuine issue of material fact with regard to this fact. |
| 26. | Since 1998, the Special Master has prepared twenty reports on the status of the delivery of mental health care to California's adult inmates.<br><br>**Supporting Evidence**<br><br>The *Coleman* Special Master's 20 monitoring reports submitted to the *Coleman* court between April 1998 and September 2008 (RJN-8.). | Deny.<br><br>**Supporting Evidence**<br><br>5/31/07 Response to Court's May 17, 2007 Request for Information (Docket 2253), Reports on Suicides (Docket 3030), Reports on Defendants' Bed Plans (Docket 2432), and Reports on defendants' ability to implement EOP care for inmates in reception centers (Docket 2369). Docket 2320 at 4:20-21. |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | **Defendants' Status** <br><br> **No genuine issue of material fact exists.** Plaintiffs acknowledge that the Special Master has issued 20 monitoring reports. Plaintiffs' cited evidence of additional reports drafted by the Special Master is not material because it does not affect the issue of whether overcrowding is the primary cause of, or remedy for the alleged constitutionally inadequate delivery of mental health care. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").  Moreover, any factual dispute is not genuine as the evidence is not of the character that the Three-Judge Panel could return a verdict for the non-moving party on this issue. *Id.* at 248.  Additionally, Defendants have objected to the admission of Plaintiffs' cited evidence, specifically *Coleman* Docket 2320 at 4:20-21.  (*See* Defs.' Objections.) |
| 27. | None of the Special Master's reports has identified overcrowding as the primary cause of the alleged constitutional inadequacies. <br><br> **Supporting Evidence** <br><br> *Id.* | Deny. Plaintiffs also object that this is an incomplete and misleading statement and not a discrete material fact as required by E.D. Local Rule 56- 260. <br><br> **Supporting Evidence** <br><br> <u>Evidence offered to support that Overcrowding is the Primary Cause of Constitutional Violations</u> <br><br> 5/31/07 Special Master's Response to Court's May 17, 2007; Request for Information at 12, 17 (Docket 2253); |

- 18 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | 9/12/08 Special Master's 20th Report at 12, 356 (Docket 3029-8 and 3029- 9); 7/23/07 Coleman Order at 7-8, 13 (Docket 2320); Ells Decl,, ¶ 4, Exh. C at 1 (10/4/06 Governor's Emergency Proclamation); Ells Decl. ¶ 10, Exh. I at 4 (6/26/08 Video of Republican Senator Dave Cogdill, "Senator Cogdill Discusses GOP's Solution to California's Prison Overcrowding"); Ells Decl. ¶ 21, Exh. T at CDCR009404 (CDCR July 2006 Report "Inmate Population, Rehabilitation, and Housing Management Plan"); Ells Decl. ¶ 25, Exh. X at Vol. I, at 141:23-142:8 (Cate Deposition); Ells Decl. ¶ 25, Exh. X at Vol. I, at 175:22-176:4 (Cate Deposition); Ells Decl. ¶ 29, Exh. BB at 2 ("Overview and Planning Guide for Northern California Women's Facility Conversion to a Secure Reentry Program Facility"); Ells Decl. ¶ 33, Exh. FF at 20, 23 (12/10/07 Packer Report) Ells Decl. ¶ 34, Exh. GG at 6, 9 (8/15/08 Packer Report); Stewart Decl. ¶ 4, Exh. C at ¶¶ 112, 146 (8/15/08 Stewart Report) Haney Decl. ¶ 2, Exh. B at ¶¶ 16, 37 (8/15/08 Haney Report) Woodford Decl., ¶ 3, Exh. A at ¶¶ 1, 6 and Appx. A (11/9/07 Woodford Report); Woodford Decl., ¶ 4, Exh. B at ¶¶ 3, 31 (8/15/08 Woodford Supp. Report); Scott Decl., ¶ 3, Exh. A at ¶¶ 3, 80 (11/9/07 Report of Wayne Scott) Scott Decl., ¶ 4, Exh. B at ¶¶ 4, 21 (8/15/08 Scott Supp. Report); Lehman Decl., ¶ 2, Exh. A at ¶ 10 (8/15/08 Lehman Report); Ells Decl. ¶ 7, Exh. F (6/26/06 Speech by Governor Schwarzenegger). <br><br>Evidence to Support that Severe Staffing Shortages is the Primary Cause of Constitutional Violations. |

- 19 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | 5/31/07 Special Master's Response to Court's May 17, 2007 Request for Information at 15 (Docket 2253); 9/12/08 Special Master's 20th Report at 329 (Docket 3029-8); 5/15/07 Receiver's Overcrowding Report at 29, 30 (Plata Docket 673); 9/15/08 Receiver's Ninth Report at 10, 29 (Plata Docket 1472); Ells Decl. ¶ 17, Exh. P at 10, 12 (7/12/08 Lopes Letter); Ells Decl. ¶ 15, Exh. N at 7 (CDCR Staffing Statistics)

Evidence that Poor Access to Higher Levels of Care is the Primary Cause of Constitutional Violations.


5/31/07 Special Master's Response to Court's May 17, 2007; Request for Information at 8, 9(Docket 2253); 9/12/08 Special Master's 20th Report at 351, 357-358 (Docket 3029-9); 9/15/08 Receiver's Ninth Report at 62, 65 (Plata Docket 1472); Ells Decl. ¶ 19, Exh. R at p. R1-5; Ells Decl. ¶ 20, Exh. S at 1-2.

Evidence that Lack of Office/Treatment Space is the Primary Cause of Constitutional Violations


5/31/07 Special Master's Response to Court's May 17, 2007 Request for Information at 5, 7 (Docket 2253); 9/12/08 Special Master's 20th Report at 356 (Docket 3029-9); 3/26/08 Three-Judge Court Order at 4 (Coleman Docket # 2696); Ells Decl. ¶ 22, Exh. U at 80:11-15 (Tilton Deposition); Ells Decl. ¶ 27, Exh. Z at E_PRIV_161333 ("From Custody to Community: Building the Bridge for California's Prisoners Returning Home"); Ells Decl. ¶ 9, Exh. H at 31:15-19, 23:10- |

- 20 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | 15 (Hysen Deposition); Ells Decl., ¶ 6, Exh. E at 126:12-17 (Kernan Deposition). **Defendants' Status** **No genuine issue of material fact exists.** Defendants object to the admission of the following documents: Ells Decl. ¶ 4, Exh. C at 1; *Id.* at ¶ 10, Exh. I; *Id.* at ¶ 21, Exh. T; *Id.* at ¶ 29, Exh. BB; Woodford Decl. ¶ 3, Exh. A; *Id.* at ¶ 4, Exh. B; Scott Decl. ¶ 3, Exh. A; *Id.* at ¶ 4, Exh. B; Ells Decl. ¶ 7, Exh. F; *Id.* at ¶ 22, Exh. U; *Id.* at ¶ 27, Exh. Z; *Id.* at ¶ 9, Exh. H; *Id.* at ¶ 6, Exh. E; *Id.* at ¶ 25, Exh. X (Defs.' Objections). Plaintiffs' attempt to create a genuine issue of material fact by citing to hundreds of pages of documents cannot defeat summary judgment or adjudication. Plaintiffs lose focus of the material fact at issue here. In order to create a genuine issue of material fact, Plaintiffs must introduce evidence of a report of the Special Master which states that overcrowding is the primary cause for unconstitutional conditions, namely the delivery of mental health care. Plaintiffs do not and cannot introduce such evidence. From Plaintiffs' evidence, only two documents can possibly be construed as reports by the Special Master for the proposition that overcrowding is the primary cause of constitutional violations. 5/31/07 Special Master's Response to Court's May 17, 2007; Request for Information at 12, 17 (Docket 2253); 9/12/08 Special Master's 20th Report at 12, 356 (Docket 3029-8 and 3029-9).) These two documents do not identify overcrowding as the primary cause for the |

DEFS.' STATUS STATEMENT RE: STMT. OF UNDISPUTED FACTS SUPP. MOT. TO DISMISS, OR
ALT., MOT. SUMM. J. OR SUMM. ADJ. (CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | alleged constitutional deficiencies. |
| | | Plaintiffs also cite to other pages of these Special Master's documents for the proposition that severe staffing shortages, poor access to higher levels of care, and lack of office/treatment space are the primary cause for the alleged constitutional deficiencies. (5/31/07 Special Master's Response to Court's May 17, 2007 Request for Information at 5, 7, 8-9, 15 (Docket 2253); 9/12/08 Special Master's 20th Report at 329, 351, 356-58 (Docket 3029-8).) These cites also do not identify overcrowding as the primary cause for the alleged constitutional deficiencies. |
| | | The documents that Plaintiffs cite for the proposition that severe staffing shortages, poor access to higher levels of care, and lack of office/treatment space are the primary cause for the alleged constitutional deficiencies do not contradict this material fact, but rather they support it. Specifically, the evidence purports to demonstrate that factors other than overcrowding are the primary cause of the alleged constitutional deficiencies. |
| | | The rest of the cited evidence by Plaintiffs is inapposite as they do not identify reports by the Special Master that identify overcrowding as the primary cause for the alleged constitutional deficiencies. |
| 28. | None of the Special Master's reports has recommended or asked for any orders on population control. | Deny. **Supporting Evidence** 7/23/07 Coleman Order at 7-8 (Coleman |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | **Supporting Evidence**<br><br>*Id.* | Docket 2320); 5/31/07 Special Master's Response to Court's Request for Information (Coleman Docket # 2253).[5]<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs acknowledge that the Special Master's reports did not include any language recommending or asking for any orders on population control.  Plaintiffs other cites are inapposite as they do not provide evidence to the contrary. |
| 29. | According to Special Master Keating, clinicians cannot be spread out evenly over the Mental Health Care Services Delivery System because staffing ratios are much more intensive in inpatient setting (intermediate care, acute care, and mental health crisis beds), as opposed to outpatient care (Enhanced Outpatient Program and Correctional Clinical Case Management System).<br><br>**Supporting Evidence**<br><br>Special Master's Response to Court's May 17, 2007 Request for Information, filed on May 31, 2007 (RJN-9), p. 15. | Deny. Plaintiffs also object that this is not a discrete fact as required by E.D. Local Rule 56-260. Defendants improperly paraphrased the Special Master's comments in one report and excluded necessary text required to understand those comments.<br><br>**Supporting Evidence**<br><br>Plaintiffs' Supporting Evidence to Number 27, above.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants incorporate by reference herein Defendants' Status of Undisputed Material Fact No. 27, *supra*.  Plaintiffs do not and cannot cite to any specific evidence which disputes this material fact. |

---

[5]  Plaintiffs cite to 9 pages in their Opposition which is a large portion in their statement of facts. (Pls.' Opp'n to Defs.' Mot. to Dismiss and/or Mot. Summ. J./Adj. at 9-17.)  Their Opposition is not evidence and should not be considered as such.  Even if the Court were to construe the numerous cites cited within those 9 pages to be evidence, it does not defeat Defendants' Motion for Summary Judgment or Adjudication.  *See Carmen,* 237 F.3d at 1029-31 (plaintiff must point to specific facts in opposition to summary judgment).

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| 30. | A reduction in the overall inmate population would not enable any increase in this specialized clinical staffing and licensed beds necessary to serve the needs of the mental health caseload.<br><br>**Supporting Evidence**<br><br>*Id.* | Deny. Plaintiffs also object that defendants improperly paraphrased the Special Master's comments in one report and excluded necessary text required to understand those comments.<br><br>**Supporting Evidence**<br><br>None. *See* Footnote 3, *supra*.<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs do not and cannot cite to any evidence that contradicts the Special Master's comments. |
| 31. | Even a release of 100,000 inmates would still not resolve the need to provide sufficient clinical staffing and licensed mental health beds to serve this population.<br><br>**Supporting Evidence**<br><br>*Id.* | Deny. Plaintiffs also object that defendants improperly paraphrased the Special Master's comments and excluded necessary text required to understand those comments.<br><br>**Supporting Evidence**<br><br>Plaintiffs' Supporting Evidence to Number 27, above<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants incorporate by reference herein Defendants' Status of Undisputed Material Fact No. 27, *supra*. With regard to Undisputed Material Fact No. 27, Plaintiffs offer evidence to demonstrate the primary cause(s) of the constitutional violation and did not present evidence to dispute this specific material fact. Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. |

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
| | | Civ. P. 56(e)(2). Plaintiffs do not and cannot cite to any specific evidence which disputes this material fact. |
| 32. | Defendants have submitted a detailed plan to provide such beds and have already engaged in implementing increased pay to recruit and retain the necessary staff to enable care in those beds.<br><br>**Supporting Evidence**<br><br>Defs.' July 08 mental health bed plan (Exh. A to L. Tillman Supp. Defs.' Mot. Dismiss, Alt., Summ J ("Tillman Decl.")); Jan. 31, 2007 Special Master's Report on Pls.' Response to the Sixteenth Report on Compliance Seeking Salary Enhancements for Department of Mental Health Clinicians (RJN-13); June 14, 2007 Department of Mental Health Pay Parity Plan (RJN-14). | Deny.<br><br>**Supporting Evidence**<br><br>Plaintiffs' Supporting Evidence to Number 27, above<br><br>**Defendants' Status**<br><br>**No genuine issue of material fact exists.** Defendants incorporate by reference herein Defendants' Status of Undisputed Material Fact No. 27, *supra*. With regard to Undisputed Material Fact No. 27, Plaintiffs offer evidence to demonstrate the primary cause(s) of the constitutional violation and did not present evidence to dispute this specific material fact. Plaintiffs must cite to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiffs do not and<br><br>/ / /<br><br>/ / / |

- 25 -

| NO. | DEFENDANTS' UNDISPUTED FACTS AND SUPPORTING EVIDENCE (From Defendants' Moving Papers) | PLAINTIFFS' RESPONSE, PLAINTIFFS' SUPPORTING EVIDENCE, AND DEFENDANTS' STATUS |
|---|---|---|
|  |  | cannot cite to any specific evidence which disputes this material fact. |

DATED:  October 6, 2008                                       HANSON BRIDGETT LLP


                                                             By: /s/  Paul B. Mello
                                                             PAUL B. MELLO
                                                             Attorneys for Defendants
                                                             Arnold Schwarzenegger, et al.

DATED:  October 6, 2008                                       EDMUND G. BROWN JR.
                                                             Attorney General of the State of California


                                                             By: /s/  Rochelle C. East
                                                             ROCHELLE C. EAST
                                                             Senior Assistant Attorney General
                                                             Attorneys for Defendants
                                                             Arnold Schwarzenegger, et al.

DEFS.' STATUS STATEMENT RE: STMT. OF UNDISPUTED FACTS SUPP. MOT. TO DISMISS, OR
ALT., MOT. SUMM. J. OR SUMM. ADJ. (CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)