PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.:  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    vs.<br>    Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**SUPPLEMENTAL DECLARATION OF REBEKAH EVENSON IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT / ADJUDICATION** |

SUPPLEMENTAL DECLARATION OF REBEKAH EVENSON IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR MOTION
FOR SUMMARY JUDGMENT / ADJUDICATION, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

241979-3]

I, Rebekah Evenson, declare:

1.    I am a member of the Bar of this Court and an attorney at the Prison Law Office, one of the counsel of record for the Plaintiff classes.  I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify.  I make this declaration in support of Plaintiffs' Opposition to Defendants' Motions for Dismissal Or, Alternatively, For Summary Judgment or Summary Adjudication.

2.    Attached hereto as Exhibit A is a true and correct copy of relevant excerpts of the final transcript of the August 29, 2008 deposition of CDCR Secretary Matthew Cate, cited in plaintiffs' opposition brief.  This replaces the copy of excerpts from the rough transcript that had been attached as Exhibit X to the declaration of Lisa Ells (*Plata* Docket No. 1533-5).

3.    Attached hereto as Exhibit B is a true and correct copy of the court reporter's certification of the final transcript of the September 3, 2008 deposition of former CDCR Secretary James Tilton.  This certification was inadvertently omitted from the excerpts of Mr. Tilton's deposition transcript, which was filed as Exhibit U to the declaration of Lisa Ells (*Plata* Docket No. 1533-4).

4.    Plaintiffs previously emailed to the Court full copies of all deposition transcripts referenced in their Opposition papers in accordance with Eastern District Local Rule 5-133(j).  Plaintiffs will email a full copy of the Cate deposition transcript concurrently with filing this supplemental declaration.  Each of the deposition transcripts emailed to the Court contain signed certifications from the court reporters.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct, and that this declaration is executed this 7th day of October 2008 in Berkeley, California.

_/s/Rebekah Evenson_
Rebekah Evenson

EXHIBIT A

1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

---oOo---

RALPH COLEMAN, et al.,           )
                                 )
            Plaintiffs,           )
                                 )
       vs.                        )
                                 ) No. 2:90-CV-00520
                                 )    LKK JFM P
ARNOLD SCHWARZENEGGER, et         )
al.,                              )
                                 )
            Defendants.           )
_____ )
MARCIANO PLATA, et al.,           )
                                 )
            Plaintiffs,           )
                                 )
       vs.                        ) No. C:01 1351 TEH
                                 )
ARNOLD SCHWARZENEGGER, et         )
al.,                              )
                                 )
            Defendants.           )
_____ )


VIDEOTAPED DEPOSITION OF

MATTHEW L. CATE

_____

FRIDAY, AUGUST 29, 2008

REPORTED BY:  HOLLY THUMAN, CSR No. 6834, RMR, CRR

(1-412303)

140

| | | |
|---|---|---|
| 1 | 13:51:36 | occasions that I've had. |
| 2 | 13:51:39 | So you gave an interview a few weeks -- |
| 3 | 13:51:42 | about a month or so ago with KQED.   Correct? |
| 4 | 13:51:47 | A.   I did. |
| 5 | 13:51:47 | Q.   And that was on the Forum show by Michael |
| 6 | 13:51:50 | Krasny.   Correct? |
| 7 | 13:51:51 | A.   Yes. |
| 8 | 13:51:52 | Q.   And what we've done, the exhibit I've given |
| 9 | 13:51:55 | you, is a transcript of that interview.   And I will |
| 10 | 13:52:04 | ask you -- I will point you to particular pages |
| 11 | 13:52:08 | to -- you know, that I want to talk about. |
| 12 | 13:52:13 | But in general, when you answered |
| 13 | 13:52:17 | Mr. Krasny's questions, you were trying to be as |
| 14 | 13:52:21 | truthful and honest as you could be.   Correct? |
| 15 | 13:52:24 | A.   Yes. |
| 16 | 13:52:24 | Q.   Okay.   So first, we wrote the page numbers |
| 17 | 13:52:32 | down at the bottom.   So if you go to page 5, and |
| 18 | 13:52:38 | line 22, do you see where Mr. Krasny asks you that |
| 19 | 13:52:42 | question? |
| 20 | 13:52:43 | A.   Yes. |
| 21 | 13:52:49 | Q.   And this is in the context of the |
| 22 | 13:52:57 | Receiver's request for $7 billion. |
| 23 | 13:53:01 | Mr. Krasny says, quote: |
| 24 | 13:53:02 | "The real problem seems to be |
| 25 | 13:53:04 | overcrowding, to a great degree.   You need |

141

| 1 | 13:53:08 | more beds, you need more medical facilities, |
|---|----------|-----|

```
 1   13:53:08        more beds, you need more medical facilities,

 2   13:53:10        you've got too many people in cells.  In

 3   13:53:12        fact, the numbers are running well over 100

 4   13:53:16        percent now, I think, in terms of what the

 5   13:53:20        capacity is supposed to hold, aren't they?"

 6   13:53:23            And your answer was, "That's right."

 7   13:53:26            Correct?

 8   13:53:27        A.  Yes.

 9   13:53:27        Q.  And you believe that to be true?

10   13:53:29        A.  Well, I think that my answer here speaks

11   13:53:33   for itself.  I wasn't necessarily saying that's

12   13:53:37   right to everything he said above, but I agree that

13   13:53:43   overcrowding makes everything more difficult in the

14   13:53:47   institutions.  I mean, I think that's a common --

15   13:53:51   that's a common-sense, non-expert view.  But when it

16   13:53:56   comes to providing program, we need space to provide

17   13:54:04   program, and the same thing is true for provision of

18   13:54:07   medical care.  You've got to transport inmates and

19   13:54:11   provide space for them and so forth.

20   13:54:13            And so crowding, if you're overcrowded,

21   13:54:16   that's a challenge that has to be overcome in order

22   13:54:19   to do those things.  That's what I was tying to get

23   13:54:21   across.

24   13:54:22        Q.  I see.  So you said:  It's a challenge for

25   13:54:24   mental and medical healthcare because, again, of the
```

175

```
 1   14:43:07          That was true then.  Correct?

 2   14:43:09     A.   It was true then.

 3   14:43:10     Q.   It's still true now?

 4   14:43:12     A.   Yes.  It's being overhauled now, but it's

 5   14:43:15  not there yet.

 6   14:43:17     Q.   And providing inmates with adequate medical

 7   14:43:20  care in a fiscally sound manner.

 8   14:43:24          That was true then.  Correct?

 9   14:43:25     A.   That was true then.

10   14:43:27     Q.   It's still true now?

11   14:43:29     A.   I don't know.

12   14:43:29     Q.   Okay.  Can you turn to the next page,

13   14:43:34  please?  Second paragraph, it says:

14   14:43:40          Severely hampering the department's

15   14:43:42          ability to address its problems, the

16   14:43:44          Inspector General noted, is an inmate

17   14:43:46          population that has prisons straining at

18   14:43:49          almost double design capacity.

19   14:43:55          Was that true then?

20   14:43:56     A.   Yes.

21   14:43:56     Q.   Is that true now?

22   14:43:57     A.   Yes.

23   14:43:57     Q.   As the inmate population increases, the

24   14:44:00  inspector said -- I'm sorry, the Inspector General

25   14:44:04  said, the Department's problems -- controlling
```

176

| 1 | 14:44:06 | violence, offering education, delivering healthcare, |
| 2 | 14:44:08 | managing overcrowding and controlling costs -- |
| 3 | 14:44:10 | become more difficult. |
| 4 | 14:44:12 | Is that true? |
| 5 | 14:44:13 | A.  Yes. |
| 6 | 14:44:14 | Q.  And is that true now? |
| 7 | 14:44:16 | A.  Yes. |
| 8 | 14:44:16 | Q.  And in the next paragraph you say:  The |
| 9 | 14:44:19 | department can't solve these problems alone. |
| 10 | 14:44:23 | And you go on to talk about how it requires |
| 11 | 14:44:26 | policymakers and the public to address available |
| 12 | 14:44:29 | options. |
| 13 | 14:44:30 | Do you see that? |
| 14 | 14:44:30 | A.  Yes. |
| 15 | 14:44:31 | Q.  And you believed that then.  Right? |
| 16 | 14:44:33 | A.  Yes. |
| 17 | 14:44:33 | Q.  And one of those options was increasing |
| 18 | 14:44:36 | prison capacity.  Correct? |
| 19 | 14:44:38 | A.  Right. |
| 20 | 14:44:38 | Q.  And they have addressed that in your mind |
| 21 | 14:44:40 | by AB 900.  Correct? |
| 22 | 14:44:44 | A.  And the out-of-state prison -- well, I |
| 23 | 14:44:48 | guess that's a temporary -- it provides additional |
| 24 | 14:44:51 | capacity to send inmates out of state.  But that and |
| 25 | 14:44:54 | AB 900, yes. |

```
 1                    CERTIFICATE OF REPORTER

 2            I, HOLLY THUMAN, a Certified Shorthand

 3    Reporter, hereby certify that the witness in the

 4    foregoing deposition was by me duly sworn to tell the

 5    truth, the whole truth, and nothing but the truth in the

 6    within-entitled cause; that said deposition was taken

 7    down in shorthand by me, a disinterested person, at the

 8    time and place therein stated, and that the testimony of

 9    the said witness was thereafter reduced to typewriting,

10    by computer, under my direction and supervision;

11            That before completion of the deposition,

12    review of the transcript [ ] was [X] was not requested.

13    If requested, any changes made by the deponent (and

14    provided to the reporter) during the period allowed are

15    appended hereto.

16            I further certify that I am not of counsel or

17    attorney for either or any of the parties to the said

18    deposition, nor in any way interested in the event of

19    this cause, and that I am not related to any of the

20    parties thereto.

21

22    DATED  September 8, 2008.

23

24    _____

25    HOLLY THUMAN, CSR No. 6834
```

EXHIBIT B

1        CERTIFICATION OF DEPOSITION OFFICER

2

3        I, CARI L. WATERS-DREWRY, duly authorized to

4   administer oaths pursuant to Section 2093 (b) of the

5   California Code of Civil Procedure, hereby certify that

6   the witness in the foregoing deposition was by me sworn

7   to testify to the truth, the whole truth and nothing but

8   the truth in the within-entitled cause; that said

9   deposition was taken at the time and place therein

10  stated; that the testimony of the said witness was

11  thereafter transcribed by means of computer-aided

12  transcription; that the foregoing is a full, complete

13  and true record of said testimony; and that the witness

14  was given an opportunity to read and correct said

15  deposition and to subscribe the same.

16      I further certify that I am not of counsel or

17  attorney for either or any of the parties in the

18  foregoing deposition and caption named, or in any way

19  interested in the outcome of this cause named in said

20  caption.

21

22

23                    _____
                       CARI L. WATERS-DREWRY, CSR 12401
24

25