```
 1                  UNITED STATES DISTRICT COURT
 2                 EASTERN DISTRICT OF CALIFORNIA
 3                           --o0o--
 4  RALPH COLEMAN, et al.,      ) Case No. 2:90-cv-00520-LKK-JFM
                                )
 5            Plaintiffs,       )
                                ) Sacramento, California
 6      vs.                     ) Friday, September 5, 2008
                                ) 1:35 P.M.
 7  SCHWARZENEGGER, et al.,     )
                                ) Hearing re:  motion for order
 8            Defendants.       ) compelling depositions; and
                                ) for protective order.
 9
                     TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HONORABLE JOHN F. MOULDS
                 UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For Plaintiffs:             EDWARD P. SANGSTER
13                              Kirkpatrick & Lockhart, Preston
                                  Gates Ellis LLP
14                              55 Second Street, Suite 1700
                                San Francisco CA   94105
15                              (415) 882-8200 X1028

16  For Intervener Defendants:  GALIT KNOTZ
                                CHAD ALLEN STEGEMAN
17                              580 California Street Suite 1500
                                San Francisco, CA   94104
18                              (415) 765-9500

19  Court Recorder:             (UNMONITORED)
                                U.S. District Court
20                              501 I Street, Suite 4-200
                                Sacramento, CA   95814
21                              (916) 930-4193

22  Transcription Service:      Petrilla Reporting &
                                   Transcription
23                              5002 - 61st Street
                                Sacramento, CA   95820
24                              (916) 455-3887

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
```

1

SACRAMENTO, CALIFORNIA, FRIDAY, SEPTEMBER 5, 2008, 1:35 P.M.

THE CLERK: Calling Civil 90-0520-LKK, Coleman, et al. v. Schwarzenegger, et al. Your Honor, this is on calendar for a motion for order compelling depositions and motion for protective order.

MR. SANGSTER: Good afternoon, Your Honor. Ed Sangster for the plaintiffs.

THE COURT: Good afternoon.

MS. KNOTZ: Galit Knotz for the defendant interveners.

MR. STEGEMAN: Good afternoon, Your Honor. Chad Stegeman on behalf of the legislator interveners.

THE COURT: Mr. Stegeman, did you wish to be heard in this matter?

MR. STEGEMAN: I would like to defer to Ms. Knotz who's prepared for the argument.

THE COURT: Ms. Knotz, you announced for the defendants.

MS. KNOTZ: The defendant interveners, Your Honor. The legislator interveners.

THE COURT: All right. Thank you. Certainly. Did you wish to be heard?

MS. KNOTZ: Yes, please.

THE COURT: All right.

1    MS. KNOTZ:  Well, Your Honor, the first issue here is
2 whether the plaintiffs should be allowed to depose Senator
3 Cogdill and Assemblyman Villines.  There's two reasons why this
4 should not occur, and the first reason is that the plaintiffs
5 have already noticed over 40 depositions in this matter and
6 have taken at least two dozen depositions here, and have not
7 provided good cause for why these two additional depositions of
8 two witnesses that the defendant interveners did not designate
9 as witnesses should be taken.
10   Furthermore Senator Cogdill and Assemblyman Villines
11 will not provide any testimony that is unique.  The defendant
12 -- pardon me, the legislator interveners designated two
13 legislators as witnesses, Senator Runner and Assemblyman --
14 pardon me, Assemblyman Spitzer.  These are the two witnesses
15 who are ready to represent the legislators in this matter and
16 present their issues.
17   In fact, the plaintiffs have failed to show why the
18 two additional legislators will have any new testimony, and in
19 fact, that testimony will be duplicative and cumulative of the
20 testimony of the two designated witnesses.
21   The other major issue here is that these two
22 legislators, that is, Assemblyman Villines and Senator Cogdill
23 are the leaders in their minority party, and are particularly
24 busy during this crisis time in the California Legislature,
25 given the budget crisis.  They have been working day-in and

3

1   day-out to negotiate a resolution to that conflict, and they in
2   fact therefore weren't going to their party's national
3   convention in order to help resolve this issue.  They're
4   working this week, they're working today.  And their testimony
5   would not be --
6            THE COURT:  Counsel, I've got to tell you I've
7   been -- spent the last two weeks watching very large chunks of
8   both conventions, and it wouldn't take anything as big as
9   something you call a budget crisis to keep me home if I had to
10  go.  The -- but since you did mention cumulative, I would
11  mention that I have read your documents in this case, and you
12  can presume that in your argument.
13           MS. KNOTZ:  Thank you, Your Honor.  So those are the
14  points with regard to Senator Cogdill and Assemblyman Villines,
15  and the legislator interveners would ask that plaintiffs wold
16  not be allowed to depose these two witnesses for that reason.
17           As to Assemblyman Spitzer and Senator Runner, we have
18  been trying to work a reasonable solution with the plaintiffs
19  in order to come up with a compromise because these two
20  legislators are very -- also very busy with regards to coming
21  up with a compromise for the budget crisis, and that is why my
22  client's offered to be deposed by written questions -- by
23  written deposition, pardon me.  And our position is that the
24  written questions would be a very flexible manner.  It's a
25  manner that is consistent with how this trial is going to be

4

1  run in front of the three-judge court, and it's also a manner
2  which the plaintiffs have used in the past with a witness that
3  was designated by the defendants, and show the plaintiffs have
4  shown that they're amenable to this manner.
5            THE COURT:  Which witnesses were taken by written
6  depositions?
7            MS. KNOTZ:  That would be Christopher Lumala
8  (phonetic), he was a witness that was designated by the
9  defendants.
10           THE COURT:  And what's his role in the case?
11           MS. KNOTZ:  He works for the -- I believe the
12 Department of Justice and he -- his testimony was with regards
13 to statistical analysis, I believe mortality rates in prisons
14 and in California generally.  So the plaintiffs have shown that
15 they're amenable to this type of discovery, and especially
16 given the crisis here, these two legislators wish to be part of
17 the discovery and have asked that the plaintiffs be reasonable
18 in the manner in which discovery is taken until the budget is
19 passed.
20           THE COURT:  Thank you, counsel.
21           MR. SANGSTER:  Your Honor, a couple of points.  One
22 thing that's not apparent from the papers is that I provided my
23 arguments to the interveners on August 23rd.  So they knew
24 roughly -- oh, nearly two weeks what positions we were taking.
25 I filed my declaration well in advance of the date they

5

1   prepared their papers, and frankly, the things that they
2   omitted in their arguments are pretty notable.  They've simply
3   said that the testimony of Senator Cogdill and Assemblyman
4   Villines is cumulative, but they haven't responded to the
5   points in my declaration about the specific statements they
6   made, and the specific way, and the explicit way in which those
7   statements contradict the interrogatory responses.  They simply
8   ignored it.
9            Secondly, they have claimed to be unavailable, and
10  yet here we are on a motion for a protective order and a motion
11  to compel, and the witnesses themselves have not provided any
12  declarations to the Court showing that the, in fact, are
13  unavailable.  All we've got is counsel's statements that it
14  would be inconvenient.
15           These depositions were scheduled for a half day each.
16  The notion that they can't pull away from the Legislature to be
17  deposed is just completely unsupported by any admissible
18  evidence.  It's just counsel throwing something up at the wall.
19           In term of the one deposition -- the one deposition
20  in this entire case that's been taken on written questions,
21  that's a non-party witness, not expected to appear at trial and
22  testify.  There's nothing particularly controversial from the
23  plaintiff's standpoint, and that's vastly different than a
24  legislator who's going to show up and testify as a live
25  witness.  So I think a deposition on written questions would

6

1   be, as I said, a complete waste of time, and frankly, I would
2   forego it.  I'd rather just cross-examine him cold at trial.
3   I'm not going to give them -- I'm not going to give these
4   people a list of my questions, and I don't think that would
5   expedite the trial of this proceeding either.
6           THE COURT:  Of course you can do that with regard to
7   the two persons that you listed as your own witnesses.  You can
8   do the same thing with their statements that you've just
9   referenced with regard to these two witnesses that
10  they -- interveners intend to produce at trial, can't you?
11          MR. SANGSTER:  I could.  If that was all I was going
12  to ask them, I could.  But the statements themselves, Your
13  Honor, call for follow-up explanation or questioning, witness
14  states that -- both of the witnesses state that the prison
15  system is in a crisis  Well, that begs for a lot of follow-up
16  and examination.  There's no way to follow-up in a deposition
17  by written questions.  I mean, I could have them authenticate
18  the statement, but that's it, and you know, that it's -- you
19  know, what I'll get is counsel's prepared scripted answers.
20          THE COURT:  That's not the question I was asking,
21  counsel, but that's all right.
22          MR. SANGSTER:  I'm sorry, I misunderstood, then.
23          THE COURT:  Yeah.  I assume you'll probably end up
24  putting these witnesses' public statements as part of your
25  cross-examination, and then two witnesses that the interveners

7

1 intend to offer at trial.
2       MR. SANGSTER: I'm not sure if I would or not.
3       THE COURT: Okay.
4       MR. SANGSTER: That would not be -- that would
5 not -- if I have their statements in at trial as I intend to,
6 then I'm not sure if I would ask Assemblyman Spitzer to explain
7 away the statement of somebody else. That doesn't seem
8 particularly productive to me. I'm going to impeach this guy,
9 and I don't necessarily have to give him an opportunity to
10 explain away the impeachment.
11       In terms of scheduling, you know, I've offered --
12 I've been trying to get a date since July, but I can't schedule
13 it on a date that's convenient for witnesses and opposing
14 counsel if they don't give me any dates. So, I'm happy to work
15 with schedules, Your Honor. I immediately took these things
16 off calendar in July when I took it on faith that he
17 Legislature was going to be in session. It turned out it
18 wasn't in session.
19       But you know, if they're not going to give us dates,
20 then I've got to set the dates, and the Court set a deadline.
21 The deadline is Monday. I can't simply let that deadline pass
22 by and you know, ignore it just for the convenience of
23 somebody. And by the way, they still -- they won't even give
24 me a commitment to be deposed during the month of September.
25       So I'm happy to work with people on dates, but I got

8

1  stiff armed in this case.  I got hoodwinked in July, and so now
2  I just need some dates to go ahead and depose them.
3          THE COURT:  Anything further, counsel?
4          MR. SANGSTER:  Pardon me?
5          THE COURT:  Anything further?
6          MR. SANGSTER:  No, I don't, Your Honor.
7          THE COURT:  Thank you.  Anything further for the
8  interveners?
9          MS. KNOTZ:  Yes, Your Honor.  With regards to
10 counsel's statement that we haven't offered any dates, the
11 issue remains the same, that he legislators are still in
12 session, and they are still negotiating.
13         THE COURT:  Well, you have no idea when if ever
14 they're going to be out, do you?
15         MS. KNOTZ:  No.
16         THE COURT:  This budget crisis you talk about, I've
17 noticed the State of California seems to still be running.  The
18 plaintiffs might have a view about how effectively they're
19 running with regard to the prison system, but nonetheless, it
20 would appear the taxes are getting collected and people are
21 being paid to do their jobs, and even the attempt to reduce the
22 state workers' pay seems to have passed beyond us, although I
23 don't know what the status of that is.
24         So, it would appear that the only thing that the
25 state budget seems to be needed for is to change a few things

9

1  perhaps from what went on month before last, or last May, and I
2  assume you're not giving me any indication that the budget's
3  going to be adopted any time in the reasonably near future.
4              MS. KNOTZ:  I have no reason to believe that.  But
5  what we do know is that we stayed true to our offer in terms of
6  written deposition and --
7              THE COURT:  I understand counsel.
8              MS. KNOTZ:  Okay.  The other issue, the statements
9  that counsel has mentioned in this declaration and here today,
10 the plaintiffs have never substantiated these statements and
11 have never been able to see where they came from and what
12 context they were made in.
13             I'd be happy to go through statement by statement if
14 Your Honor wishes and explain why these are not statements that
15 are controversial.  They're not statements that contradict the
16 legislators' position, and they're not statements that make
17 these two legislators' statements -- I'm sorry, their
18 depositions necessary, or their positions unique or
19 controversial.
20             THE COURT:  Is the matter submitted?
21             MR. SANGSTER:  Submitted, Your Honor.
22             THE COURT:  All right.
23             MS. KNOTZ:  The reason that we didn't go through
24 statement by statement in our papers --
25             THE COURT:  The matter was submitted, I believe,

1   counsel.
2           MS. KNOTZ:  Okay.
3       (Pause.)
4           THE COURT:  With regard to the motion for a
5   protective order, the depositions of Senator David Cogdill and
6   Assemblyman Michael Villines will not be taken and a protective
7   order will issue to that effect.
8           With regard to the motion to compel depositions, the
9   depositions of Senator George Runner and Assemblyman Todd
10  Spitzer will be taken.  They will be limited to four hours, and
11  in making this order, it is this Court's view that those
12  depositions will be taken.
13          Now, I'd like to take a break for a few minutes while
14  the three of you talk, and you get your choice, I'll pick the
15  date for all of you after hearing briefly from you in argument,
16  and that will be brief, or I'll just pick a date if that's
17  necessary, and a time, or you have a chance to reach some sort
18  of agreement about when those depositions are going to be
19  taken, and they need to have some relationship of the
20  scheduling of this case.
21          There is perhaps a degree of flexibility, but all I
22  can do is intuit that there might be a degree of flexibility
23  because there is still pending a motion to reconsider on the
24  question of the Governor's deposition.  But I know -- I know
25  the mind of the three judges whose case this is, with exactly

11

1   the same precision that the three of you do.  So I'm guessing
2   about their position with regard to the discovery order also.
3            Now, do you want a few minutes to talk?  All right.
4   Let's do that.  I'll see you back here.
5        (Recess from 1:51 p.m. until 1:59 p.m.)
6            THE CLERK:  Remain seated, the Court is again in
7   session.
8            THE COURT:  We are back in session in the three-judge
9   case involving Coleman v. Schwarzenegger and Plata v.
10  Schwarzenegger, et al., and everybody who was here is still
11  here.
12           Where are we, folks?
13           MR. SANGSTER:  Your Honor, I think where we are is
14  that we've agreed the Court -- and I'd like counsel to confirm
15  this, that the Court enter an order directing that the
16  depositions be taken on September 24th, subject to if the
17  parties mutually agree to move the date in advance of that
18  date, they can do so, in other words, but that will be the
19  outside -- that will be the date of the depositions in the
20  absence of some mutual agreement.  I think that --
21           THE COURT:  In writing?
22           MR. SANGSTER:  Pardon me?
23           THE COURT:  In writing?
24           MR. SANGSTER:  In writing, Your Honor.
25           MR. STEGEMAN:  We're agreeable to that, Your Honor.

12

1        MR. SANGSTER:  The first deposition will be at 9:00
2   a.m., the second one will be 1:30.
3        THE COURT:  Who will be deposed at 9:00 a.m.?
4        MR. STEGEMAN:  We would ask, Your Honor, for some
5   flexibility there, if we could work out some sort of agreement
6   amongst each other who would go first, who would last, accord
7   us a little bit of flexibility with our clients.
8        MR. SANGSTER:  Well, if I can suggest we just put the
9   date -- put the order in here, and then if, you know, if
10  somebody wants to flip the witnesses, that's easy to do.  But
11  as long as we've got it in an order, we won't have to return to
12  court.  So I would suggest Assemblyman Spitzer at 9:00 a.m. --
13       THE COURT:  I was going to do it the other way, which
14  is assume that the upper house is entitled to some deference in
15  that the Senate should go first in the morning, and the
16  Assembly in the afternoon.  But I'm perfectly willing to do it
17  either way, because the point is I think it should be set at
18  this point, and if you choose to modify it, I trust you are all
19  reasonable enough to sort that out.
20       MR. STEGEMAN:  Thank you, Your Honor.
21       THE COURT:  So tell me which.
22       MR. SANGSTER:  9:00 a.m. -- I forgot now, I guess
23  it's Senator Runner first.
24       THE COURT:  Well, just a minute.
25       MR. STEGEMAN:  Yeah, 9:00 a.m. Senator Runner, we

13

1  will accord that house a little more deference, and then
2  Spitzer at 1:30.
3         THE COURT:  At 1:30?
4         MR. STEGEMAN:  Yes.
5         THE COURT:  I am going to assume that all of you know
6  what a four-hour deposition is, and you won't need an appointed
7  time keeper.
8         MR. STEGEMAN:  You can assume that, Your Honor.
9         THE COURT:  I assume both of you also have enough
10 experience to know perfectly well how to do a sit-in and a
11 filibuster, so that if a time keeper is necessary, the Court
12 will be happy to provide one to you at a breath of a
13 suggestion, all right?
14        Charging you for it, of course, but that's another
15 story.
16        Thank you all for your attendance today.
17        MR. SANGSTER:  Thank you, Your Honor.
18        MS. KNOTZ:  Thank you, Your Honor.
19        THE COURT:  I'll send you an order very shortly.
20        MR. STEGEMAN:  Thank you, Your Honor.
21        THE COURT:  Thank you.
22    (Whereupon the hearing in the above-entitled matter was
23 adjourned at 2:04 p.m.)
24                          --o0o--
25

14

## CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____        October 8, 2008
Patricia A. Petrilla, Transcriber
AAERT CERT*D-113