EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile:  (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE  RE: DESERT INSTITUTIONS**<br><br>**To:  Three-Judge Panel** |

TO PLAINTIFFS RALPH COLEMAN AND MARCIANO PLATA AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move the Three-Judge Panel for an in limine order to exclude any and all evidence, reference to evidence, testimony, or argument of alleged noncompliance at five institutions within the California Department of Corrections and Rehabilitation for the purpose of showing that overcrowding is the primary cause of the alleged unconstitutional inadequacies in the delivery of medical or mental heath in California's prisons. This motion is based on this notice, the points and authorities, the Court's file in this case, and any further argument presented to the Three-Judge Panel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

A prisoner release order is an extreme remedy that should not issue unless it will cure the constitutional violation in question and the violation cannot be fixed any other way. Here, the alleged constitutional violations at issue are the delivery of medical and mental health care in California's prisons, not overcrowding, housing, or other environmental conditions affecting the general population. Defendants are not deliberately indifferent to the medical and mental health needs of Plata and Coleman class-members, and overcrowding is not the "primary cause" of those alleged constitutional violations. Therefore, a prisoner release order is not the proper remedy.

Defendants move in limine to request that this Court find that certain facilities within the California Department of Corrections and Rehabilitation (CDCR) have such a nominal population of *Coleman* class members that any and all evidence, reference to evidence, testimony, or argument concerning their alleged non-compliance with *Coleman* court orders should be excluded from this proceeding. Five CDCR institutions do not maintain a constant or statistically significant population of *Coleman* caseload inmates -- California Correctional Center, Calipatria State Prison, Centinela State Prison, Chuckawalla Valley State Prison, and Ironwood State Prison -- because the desert

locations of these institutions can have a detrimental effect on the psychotropic medications used by mentally ill patients.  As a result, these institutions simply provide the necessary mental health staffing to enable temporary care pending an inmate's expedited transfer to an institution with a full mental health services delivery system.  By this motion, Defendants request this Court find the nominal population of *Coleman* class members at these five institutions at any given time renders any and all evidence, reference to evidence, testimony, or argument concerning their alleged non-compliance with *Coleman* court orders improper and unduly prejudicial.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

While the certified *Coleman* class consists of those CDCR inmates "with serious mental disorders" confined within any facility of CDCR, the *Coleman* class members themselves are not permanently housed in certain CDCR institutions.  *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (E.D. Cal. 1995).  In accord with court mandate, the following CDCR institutions do not maintain, on a permanent basis, a population of certified *Coleman* class members: California Correctional Center, Calipatria State Prison, Centinela State Prison, Chuckawalla Valley State Prison, and Ironwood State Prison.  (Decl. Johnson Supp. Defs.' Mot. In Limine (Decl. Johnson), ¶ 6; *Coleman* Order, 1/31/01; *Coleman* Special Master's 17th Monitoring Report, Part C, filed 6/11/07, p. 2.)  These CDCR institutions, due to the high summer temperatures of their climates, do not provide permanent housing or a full range of mental health services to *Coleman* class members.  (*Id.*)  These institutions instead expedite the transfer of any *Coleman* class member to an appropriate institution for care.  (*Id.* ¶¶ 6, 7.)  The expedited transfer must occur, per court-approved transfer timelines, within 90 days.  (*Id.* ¶ 7.)

To the extent these five institutions have inmates in need of mental health care, that mental health population at any one time is relatively small and generally requires the lowest levels of (outpatient) care, Correctional Clinical Case Management System (CCCMS) and Enhanced Outpatient Program (EOP).  (Decl. Johnson, ¶¶ 5, 8-10.)  For example, on October 6, 2008, the *Coleman* populations were as follows at the five

institutions:

| CDCR INSTITUTION | *COLEMAN* POPULATION |
|---|---|
| California Correctional Center<br>Location: Susanville, CA | 1 Total<br>(1 CCCMS only) |
| Calipatria State Prison<br>Location: Calipatria, CA | 21 Total<br>(13 CCCMS, 8 EOP) |
| Centinela State Prison<br>Location: Imperial, CA | 35 Total<br>(30 CCCMS, 5 EOP) |
| Chuckawalla Valley State Prison<br>Location: Blythe, CA | 14 Total<br>(12 CCCMS, 2 EOP) |
| Ironwood State Prison<br>Location: Blythe, CA | 25 Total<br>(25 CCCMS) |

(Decl. Johnson, ¶¶ 8-10.)

### III.   LEGAL ARGUMENT

**A.  Because the Desert Institutions' Small and Temporary Mental Health Population is Transferred to Other Institutions with Mandated Services, Any Proffered Evidence of these Institutions' Alleged Non-Compliance with *Coleman* Orders is Not Relevant to the Issue of Crowding.**

This Court has been convened to address whether the overall population of CDCR is the primary cause of Defendants' failure to provide a constitutionally adequate level of mental health care for *Coleman* class members. The overwhelming majority of *Coleman* class members are not housed, even on a temporary basis, at the "desert" institutions. (Decl. Johnson ¶ 6.) Such institutions do not provide the range of mental health care mandated by the *Coleman* court. (*Id.*) Rather, due to geographical features, these institutions are mandated by the *Coleman* court to triage, and provide short-term care of mentally ill patients during the pendency of their transfer to an institution with the fully array of services required. (*Coleman* Order, filed 1/31/01; Decl. Mello Supp. Defs.' Mots. In Limine (Decl. Mello), Ex. MM (CDCR 3/2/2001 Memo).) Because the mental health care provided at these "desert" institutions is truncated in nature and time, and their mental health population is temporary and very small, the compliance record of these institutions regarding *Coleman* orders is irrelevant to the issue before this Court. Therefore, any and all evidence, reference to evidence, testimony, or argument of these desert institutions' mental health care should be precluded as irrelevant under Rule 401

of the Federal Rules of Evidence.

## IV.   CONCLUSION

Defendants respectfully request this Court preclude any and all evidence, reference to evidence, testimony, or argument concerning the desert institutions' alleged noncompliance with *Coleman* mandates concerning the provision of mental health care to inmates.

DATED:  October 20, 2008                    HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL MELLO
Attorneys for Defendants Arnold Schwarzenegger, et al.

DATED:  October 20, 2008                    EDMUND G. BROWN JR.
Attorney General for the State of California

By: /s/ Lisa A. Tillman
LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.