1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Senior Assistant Attorney General
5  LISA A. TILLMAN – State Bar No. 126424
   Deputy Attorney General
6  KYLE A. LEWIS – State Bar No. 201041
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5708
   Facsimile: (415) 703-5843
9  lisa.tillman@doj.ca.gov
   kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# AND THE NORTHERN DISTRICT OF CALIFORNIA
# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 14 RE: EVIDENCE OF ALLEGED NONCOMPLIANCE BY THE DEPARTMENT OF MENTAL HEALTH**<br><br>**To: Three-Judge Panel** |

TO PLAINTIFFS RALPH COLEMAN AND MARCIANO PLATA AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move the Three-Judge Panel for an in limine order to exclude any and all evidence, reference to evidence, testimony, or argument of any alleged failure to comply with outstanding court orders by Stephen Mayberg, Director of the Department of Mental Health (DMH), in providing inpatient mental health care to inmates of the California Department of Corrections and Rehabilitation.  Such evidence is not relevant to the issue of whether overcrowding within California's prisons is the primary cause of the alleged unconstitutional inadequacies in the delivery of medical or mental heath by Defendants.  This motion is based on this notice, the points and authorities, the Court's file in this case, and any further argument presented to the Three-Judge Panel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

A prisoner release order is an extreme remedy that should not issue unless it will cure the constitutional violation in question and the violation cannot be fixed any other way.  Here, the alleged constitutional violations at issue are the delivery of medical and mental health care in California's prisons, not overcrowding, housing, or other environmental conditions affecting the general population.  Defendants are not deliberately indifferent to the medical and mental health needs of Plata and Coleman class-members, and overcrowding is not the "primary cause" of those alleged constitutional violations.  Therefore, a prisoner release order is not the proper remedy.

Defendants move in limine to request that this Court exclude any and all evidence, reference to evidence, testimony, or argument concerning the alleged non-compliance of Defendant Stephen Mayberg, Director of the Department of Mental Health (DMH), as irrelevant and unduly prejudicial.  Director Mayberg is a named defendant in his official capacity in the underlying *Coleman* class action because DMH provides inpatient mental health care to inmates within the custody of the California Department of

1  Corrections and Rehabilitation (CDCR).  However, Director Mayberg has no control or
2  custody over the population of CDCR.  Because the issue before this Court is whether
3  CDCR's overcrowding is the primary cause of the alleged failure to provide
4  constitutionally adequate care, any and all evidence, reference to evidence, testimony,
5  or argument of DMH's alleged non-compliance with outstanding court orders is irrelevant
6  and should be excluded.

## II.   FACTUAL BACKGROUND

The *Coleman* plaintiffs initially sought and obtained injunctive relief against CDCR and the Governor.  *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995).  The complaint named the following individual defendants: the Secretary of the Youth and Corrections Agency, the Director of the California Department of Corrections and the Chief of Psychiatric Services.[1]  No officer or employee of DMH was named as a Defendant in the complaint or even in the 1995 entry of judgment.  *Id.* at 1293.

Since 1995, CDCR has created a mental health services delivery system with both outpatient and inpatient care.  The outpatient programs, consisting of the Coordinated Clinical Case Management Services (CCCMS), the Enhanced Outpatient Program (EOP), and Psychiatric Services Unit (PSU) levels of care, are provided by CDCR mental health staffs within CDCR facilities.  The inpatient programs consist of intermediate care facilities (ICF), mental health crisis beds (MHCBs), and acute psychiatric program (APP) levels of care.  (*Coleman* Special Master's Report on 12/06 Bed Plan, filed 2/4/07, pp. 5-6 of 20.)  By interagency agreement, DMH staffs the inpatient ICF and APP programs at CDCR sites (Vacaville Psychiatric Program at California Medical Facility, Vacaville and Salinas Valley Psychiatric Program at Salinas Valley State Prison) and the inpatient ICF and APP programs at DMH sites (Coalinga State Hospital and Atascadero State Hospital for male inmates, Patton State Hospital for

---

[1] At the time, YACA consisted of the California Department of Corrections, the California Youth Authority, the Board of Prison Terms, the Board of Corrections, and the Youth Authority Board.  In 2006, the California Department of Corrections and Rehabilitation was formed and subsumed YACA and its components.

Women inmates). (*Id.*)

Over 85% of *Coleman* caseload members are in the CCCMS outpatient program, as the below matrix shows:

| LEVEL OF CARE | POPULATION |
|---|---|
| Correctional Clinical Case Management System (CCCMS) housed in CDCR general population | 28,154 |
| Enhanced Outpatient Program housed in CDCR separate units | 4,054 |
| Psychiatric Service Unit housed in CDCR | 301 |
| Department of Mental Health, Intermediate and Acute Psychiatric Program | 449 |

(*Coleman* Special Master's Response to Request for Information, filed 5/31/07, pp. 2-3.)

In light of DMH's role in providing inpatient mental health care to CDCR inmates, the *Coleman* court named Stephen Mayberg in his official capacity as a defendant. (*Coleman* Order, 6/28/06.) The *Coleman* Plaintiffs' motion and supplemental brief requesting referral to this panel for a prisoner release order did not identify DMH as the source of any alleged constitutional violations warranting a prisoner release order. (*Coleman* Pls.' Mot. to Convene, filed 11/13/06; Pls.' Supp. Mot. to Convene, filed 5/18/07.) Further, the *Coleman* Special Master's own report stated that the release of CDCR inmates would not impact the availability of care within DMH-run facilities and hospitals. (*Coleman* Special Master's Response to Request for Information, filed 5/31/07, pp. 15-17.)

### III.   LEGAL STANDARD

The Prison Litigation Reform Act limits relief to that "necessary to correct the violation of the federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). In accord, the relief of a prisoner release order may only issue upon clear and convincing evidence that "crowding is the primary cause of the violation of a Federal

- 4 -

right" held by a plaintiff. 18 U.S.C. § 3626(a)(3)(c). The *Coleman* Plaintiffs cannot establish Defendant Mayberg, in his official capacity as the Director of DMH, violated the constitutional rights of Plaintiff Ralph Coleman or any other *Coleman* class member because of any alleged crowding of the CDCR population. Therefore, any evidence of DMH's alleged noncompliance with court orders is not relevant to this proceeding.

## IV.   LEGAL ARGUMENT

### A.   Because Only CDCR Has Authority Over the Size of the CDCR Population, Any Evidence Concerning DMH's Non-Compliance with Court Orders is Not Relevant.

DMH has no control over the size of the CDCR population. Indeed, those convicted under state criminal statutes must be incarcerated within the custody of CDCR. *See* Cal. Penal Code, §§ 18, 2900, 2901. The "supervision, management and control of state prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein" rests solely with the Director of CDCR. *Id.* at § 5054. In contrast, the Director of DMH is vested with authority over the operation and management of the state hospitals. Cal. Welf & Inst. Code § 4100. Plaintiffs have not sought a prisoner release order to address any alleged overcrowding at the DMH hospitals. Indeed, this proceeding only addresses the alleged overcrowding of CDCR facilities. Therefore, any and all evidence, reference to evidence, testimony, or argument concerning the alleged noncompliance of DMH with court orders should be excluded as irrelevant.

/ / /

/ / /

DEFS.' MIL NO. 14 TO EXCLUDE EVIDENCE RE: DMH
(CASE NOS. 90-00520 AND 01-1351)

1649855.1
1649855.1

**V.   CONCLUSION**

Defendant Stephen Mayberg, as Director of the Department of Mental Health, has no control over the size of the CDCR population.  DMH's care of CDCR patients is inapposite to the issue of whether the size of the CDCR population is the primary cause of any alleged violation of Plaintiffs' constitutional right to mental health care by CDCR. Therefore, any and all evidence, reference to evidence, testimony, or argument of DMH's alleged noncompliance with *Coleman* court orders should be excluded.

DATED:  October 20, 2008                HANSON BRIDGETT LLP

                                        By: /s/ Paul B. Mello
                                           PAUL MELLO
                                           Attorneys for Defendants Arnold
                                           Schwarzenegger, et al.

DATED:  October 20, 2008                EDMUND G. BROWN JR.
                                        Attorney General of the State of California


                                        By: /s/ Lisa A. Tillman
                                           LISA A TILLMAN
                                           Deputy Attorney General
                                           Attorneys for DEFENDANTS