| | |
|---|---|
| EDMUND G. BROWN JR.<br>Attorney General of the State of California<br>DAVID S. CHANEY<br>Chief Assistant Attorney General<br>ROCHELLE C. EAST<br>Senior Assistant Attorney General<br>JONATHAN L. WOLFF<br>Senior Assistant Attorney General<br>LISA A. TILLMAN – State Bar No. 126424<br>Deputy Attorney General<br>KYLE A. LEWIS – State Bar No. 201041<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 703-5708<br>Facsimile:  (415) 703-5843<br>lisa.tillman@doj.ca.gov<br>kyle.lewis@doj.ca.gov | HANSON BRIDGETT LLP<br>JERROLD C. SCHAEFER - 39374<br>PAUL B. MELLO – 179755<br>S. ANNE JOHNSON – 197415<br>SAMANTHA D. TAMA – 240280<br>RENJU P. JACOB - 242388<br>425 Market Street, 26th Floor<br>San Francisco, CA  94105<br>Telephone: (415) 777-3200<br>Facsimile:  (415) 541-9366<br>jschaefer@hansonbridgett.com<br>pmello@hansonbridgett.com<br>ajohnson@hansonbridgett.com<br>stama@hansonbridgett.com<br>rjacob@hansonbridgett.com |

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE (a) CCPOA WITNESSES AND (b) CCPOA TESTIMONY ABOUT HOUSING, VIOLENCE, DANGER, SECURITY**<br><br>**To:  Three-Judge Panel** |

- 1 -

DEFS.' MIL NO. 2 TO EXCLUDE (A) CCPOA WITNESSES AND (B) CCPOA TESTIMONY ABOUT HOUSING, VIOLENCE, DANGER, SECURITY (CASE NOS. 90-00520 AND 01-1351)

1646721.1

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS MARCIANO PLATA, RALPH COLEMAN, INTERVENORS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move this Court in limine for an order to exclude CCPOA witnesses and their testimony pertaining to housing, violence, danger and security. This motion is based on this notice, the points and authorities, the Court's file in this case, the declarations and exhibits filed in support of Defendants' motions in limine, and any oral argument presented to the Three-Judge Panel regarding this motion. It is primarily made on the grounds that such evidence is inadmissible as these witnesses lack foundation and the matters for which they seek to testify are not proper lay witness testimony.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

A prisoner release order is an extreme remedy that should not issue unless it will cure the constitutional violation in question and the violation cannot be fixed any other way. Here, the alleged constitutional violations at issue are the delivery of medical and mental health care in California's prisons, not overcrowding, housing, or other environmental conditions affecting the general population. Defendants are not deliberately indifferent to the medical and mental health needs of *Plata* and *Coleman* class-members, and overcrowding is not the "primary cause" of those alleged constitutional violations. Therefore, a prisoner release order is not the proper remedy.

All of CCPOA's witness should be excluded as the subject of their testimony is not proper lay witness testimony. CCPOA listed six witnesses on their witness list and described the topic of each witness. (CCPOA Witness List, 8/1/2008, *Plata* Docket No. 1352; *Coleman* Docket No. 2909.) CCPOA listed their witnesses and their proposed testimony as shown below:

1. Deborah Rowlett, Correctional Officer, Solano State Prison (served as a medical professional and a correctional officer in the prisons and will discuss her

- 2 -

observations in both roles at her workplace).

2.  Gary L. Benson, Correctional Officer, Folsom State Prison (will discuss observations regarding prisons and communicable diseases at his workplace).

3.  Eric Adelman, Correctional Officer, California Medical Facility (will discuss observations regarding delivery of care in an overcrowded environment versus a less crowded environment).

4.  Ruben Leija, Correctional Officer, Chuckawalla Valley State Prison (will discuss observations related to the spread of communicable diseases at his workplace).

5.  Brenda Gibbons, Correctional Officer, Salinas Valley State Prison (will discuss observations regarding assisting in the delivery of medical care to inmates in an overcrowded environment).

6.  Kevin L. Raymond, Correctional Officer (will discuss observations regarding staffing and logistics issues, as well as authentication of video footage).

As discussed fully below, these witnesses should be excluded from testifying and in the alternative should be precluded from testifying about topics that are not proper subjects for lay witness opinions and which are irrelevant to these proceedings.

## II.    ARGUMENT

**A.    CCPOA's Witnesses Should be Precluded from Testifying Because their Intended Topics of Testimony Go Beyond what is Permissible Lay Witness Testimony.**

A non-expert witness can only opine on matters that are: (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (3) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Witnesses cannot opine on matters that are not rationally based on their perception. *Id.*; *United States v. Oaxaca*, 569 F.2d 518, 526 (9th Cir. 1978) (examining whether a witness who opined on whether he could identify a fleeing suspect was rationally based on the perception of the witness). When testimony requires specialized knowledge, it must meet the requirements of expert testimony under Rule 702 because

- 3 -

1  a holding to the contrary would encourage a party to "offer all kinds specialized opinions
2  without pausing first properly to establish the required qualifications of their witnesses."
3  *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997).

4  CCPOA's witnesses seek to testify and opine at trial on subjects that go beyond
5  the scope for a lay witness.  Deborah Rowlett plans to testify as to her opinion regarding
6  the delivery of health care.  Ms. Rowlett explained during her deposition that medical
7  services provided to inmates, medical equipment, staff training and the number of staff
8  are inadequate.  (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello), Ex. W
9  (Dep. Debra Rowlett) at 37:11-39:22.)  Ms. Rowlett cannot testify as to these issues -
10 namely the adequacy of medical care in CDCR because the adequacy of medical care is
11 not a topic that is rationally based on her perception and such an opinion requires
12 specialized medical knowledge within the scope of Rule 702.

13 Gary Benson plans to testify at trial about his observations about prisons and
14 communicable diseases at his workplace.  At his deposition, Mr. Benson explained that
15 he will testify about the spread and treatment of staph infections.  (Decl. Mello, Ex. X
16 (Dep. Benson) at 23:22-26:5, 32:10-33:2.)  Mr. Benson cannot opine on these issues
17 because it is not rationally based on his perception.  He has no educational or
18 professional experience regarding the delivery of medical care.  (*Id.* at 10:4-11:10.)
19 Moreover, his opinion regarding the delivery of medical care and specifically the spread
20 of disease is not proper lay witness opinion as it requires specialized medical knowledge
21 within the scope of Rule 702.

22 Likewise, Eric Adelman's testimony is also not proper lay opinion testimony.  As
23 stated in CCPOA's non-expert witness list, Mr. Adelman will testify at trial regarding
24 delivery of care in an overcrowded environment versus a less crowded environment.  His
25 testimony is not rationally based on his perception because he has no specific medical
26 background from which to base such an opinion.  (Decl. Mello, Ex. Y (Dep. Adelman) at
27 9:6-10:4.)  His testimony also requires specialized medical knowledge within the scope
28 of Rule 702.

- 4 -

1    Ruben Leija also cannot opine on the matters for which he is called to testify. He
2 is called to testify at trial regarding the spread of communicable diseases at his
3 workplace. Mr. Leija cannot testify as to the spread of communicable disease as it is not
4 rationally based on his perception. Specifically, with respect to staph infections, his
5 testimony is based on hearsay, namely that other inmates told him that they had staph
6 infections. (Decl. Mello, Ex. Z (Dep. Leija) at 32:18-34:21.) He has no educational or
7 professional background in the medical field. (*Id.* at 9:9-11:25.) Moreover, the spread of
8 communicable disease is a topic which requires specialized medical knowledge under
9 Rule 702.

10    Brenda Gibbons plans to testify at trial regarding assisting in the delivery of
11 medical care to inmates in an overcrowded environment. She cannot opine on the
12 delivery of medical care and mental health care because it is not rationally based on her
13 perception. While she intends to testify regarding the overcrowded environment in
14 prisons, she explained during her deposition that she does not know if facilities are
15 indeed overcrowded. (Decl. Mello, Ex. AA (Dep. Gibbons) at 31:21-33:2.) She has no
16 educational or professional background in medical or mental health care. (*Id.* at 13:3-
17 14:17.) Further, the delivery of medical and mental health care is a topic which requires
18 specialized medical knowledge and is within the scope of Rule 702.

19    Kevin Raymond is being called to testify at trial regarding staffing and logistics
20 issues, as well as authentication of video footage. Mr. Raymond works as liason
21 between CCPOA and the Office of Facilities Management, where he reviews staffing
22 packages and new proposals on new construction. (Decl. Mello, Ex. BB (Dep.
23 Raymond) at 17:23-19:5.) His testimony should be excluded as he has no knowledge of
24 any videotape that he is being asked to authenticate. (*Id.* at 12:1-17:22.) Further, to the
25 extent such videotapes are of prison institutions he does not have sufficient personal
26 knowledge to authenticate them as he has been working at CDCR headquarters and
27 does not have any direct observations of prisons or the inmates held within. (*Id.* at
28 15:16-16:4.) His opinions on staffing also require specialized knowledge pursuant to

1  Rule 702.

2  In sum, the subject matter of the testimony of CCPOA's non-expert witnesses
3  calls for lay opinion testimony that is either not rationally based on the perception of the
4  witness or requires specialized expert knowledge. For these reasons, the Court should
5  exclude all of the CCPOA witnesses from testifying at trial as demonstrated above.

**B.  Evidence Regarding Uncomfortable, Inadequate, or Inappropriate Housing or Other Environmental Conditions, Safety Risks, or Rehabilitative Programming is Irrelevant and Should be Excluded.**

8  Only relevant evidence is admissible. Fed. R. Evid. 402. Further, relevant
9  evidence may be excluded when "its probative value is substantially outweighed by the
10 danger of unfair prejudice, confusion of the issues . . . or by considerations of undue
11 delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid.
12 403.

13 The proposed testimony of CCPOA's witnesses do not have any bearing to the
14 ultimate issues in this case and will detract this Courts' attention as the proffered
15 evidence is irrelevant. Moreover, to the extent that any probative value exists with their
16 testimony, it is outweighed "by considerations of undue delay, waste of time, and
17 needless presentation of cumulative evidence." *Id.*

18 The fundamental questions in this proceeding are whether overcrowding is the
19 primary cause of the allegedly inadequate delivery of medical care and mental health
20 care in California's prisons and whether any measures other than a prisoner release
21 order can solve those alleged inadequacies. *See* 18 U.S.C. § 3626. Whether
22 overcrowding has resulted in uncomfortable, inadequate, or inappropriate housing or
23 other environmental conditions, safety risks, or rehabilitative programming is not relevant
24 to whether a prisoner release order should issue to resolve the alleged violations with
25 respect to medical and mental health care.

26 CCPOA witnesses will offer evidence that is not relevant or probative to these
27 proceedings. For instance, Ms. Rowlett explains that housing conditions are unsafe and
28 unsanitary. (Decl. Mello, Ex. W at 37:11-39:22.) Mr. Benson testified as to issues

1  regarding safety.  (*Id.* at Ex. X at 45:13-46:14.)  Mr. Leija testified as to the difficulty in
2  keeping housing units clean, the difficulty in maintaining security, and the increased risk
3  of violence in housing units.  (*Id.* at Ex. Z at 55:14-60:8.)  Ms. Gibbons testified to
4  housing conditions such as canteen, receiving packages, and the laundry service.  (*Id.* at
5  Ex. AA at  49:22-53:16.)  All of CCPOA's' evidence on those points should be excluded
6  as they are not relevant or probative.

### III.   CONCLUSION

For the reasons stated fully above, the Court should exclude any and all evidence, reference to evidence, testimony, or argument regarding any of the topics for which CCPOA witnesses plan to testify at trial.  Specifically, all of the CCPOA witnesses seek to opine on topics which are not proper lay witness testimony.  In addition, they seek to testify regarding topics that are not relevant or probative to these proceedings. Defendants request that the Court grant this motion in limine in its entirety.

DATED:  October 20, 2008                HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED:  October 20, 2008                EDMUND G. BROWN JR.
Attorney General of the State of California


By: /s/ Kyle Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.

- 7 -
DEFS.' MIL NO. 2 TO EXCLUDE (A) CCPOA WITNESSES AND (B) CCPOA TESTIMONY ABOUT HOUSING, VIOLENCE, DANGER, SECURITY (CASE NOS. 90-00520 AND 01-1351)

1646721.1