1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   ROCHELLE C. EAST
    Senior Assistant Attorney General
4   JONATHAN L. WOLFF
    Senior Assistant Attorney General
5   LISA A. TILLMAN – State Bar No. 126424
    Deputy Attorney General
6   KYLE A. LEWIS – State Bar No. 201041
    Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
8   Telephone: (415) 703-5708
    Facsimile:  (415) 703-5843
9   lisa.tillman@doj.ca.gov
    kyle.lewis@doj.ca.gov
10
    Attorneys for Defendants
11

    HANSON BRIDGETT LLP
    JERROLD C. SCHAEFER – 39374
    PAUL B. MELLO – 179755
    S. ANNE JOHNSON – 197415
    SAMANTHA D. TAMA – 240280
    RENJU P. JACOB – 242388
    425 Market Street, 26th Floor
    San Francisco, CA  94105
    Telephone: (415) 777-3200
    Facsimile:  (415) 541-9366
    jschaefer@hansonbridgett.com
    pmello@hansonbridgett.com
    ajohnson@hansonbridgett.com
    stama@hansonbridgett.com
    rjacob@hansonbridgett.com

12                     **UNITED STATES DISTRICT COURT**

13              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14               **AND THE NORTHERN DISTRICT OF CALIFORNIA**

15        **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

16            **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

17

| | |
|---|---|
| 18  RALPH COLEMAN, et al., | No. 2:90-cv-00520 LKK JFM P |
| 19              Plaintiffs, | **THREE-JUDGE COURT** |
| 20      v. | |
| 21  ARNOLD SCHWARZENEGGER, et al., | |
|              Defendants. | |
| 22  MARCIANO PLATA, et al., | No. C01-1351 TEH |
| 23              Plaintiffs, | **THREE-JUDGE COURT** |
| 24      v. | **DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE RE:** |
| 25  ARNOLD SCHWARZENEGGER, et al., | **SETTLEMENT** |
| 26              Defendants. | **To:  Three-Judge Panel** |
| 27 | |

28

- 1 -

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS MARCIANO PLATA, RALPH COLEMAN, INTERVENORS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., moves this Court in limine for an order preventing any party through their attorneys or any witness from introducing evidence, making reference to, testifying about, or arguing about any evidence of statements or materials relating to settlement discussions or negotiations between any party in these proceedings to date. This motion is based on this notice, the points and authorities, the Court's file in this case, the declarations and exhibits filed in support of Defendants' motion in limine, and any oral argument presented to the Three-Judge Panel regarding this motion. It is primarily made on the grounds that such evidence is inadmissible under Federal Rule of Evidence 408.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

A prisoner release order is an extreme remedy that should not issue unless it will cure the constitutional violation in question and the violation cannot be fixed any other way. Here, the alleged constitutional violations at issue are the delivery of medical and mental health care in California's prisons, not overcrowding, housing, or other environmental conditions affecting the general population. Defendants are not deliberately indifferent to the medical and mental health needs of *Plata* and *Coleman* class-members, and overcrowding is not the "primary cause" of those alleged constitutional violations. Therefore, a prisoner release order is not the proper remedy.

As ordered by the Court, the parties engaged in substantial settlement negotiations during the course of this litigation. On November 1, 2007, the Court appointed the Honorable Elwood Lui as settlement referee and the Honorable Peter Siggins as the consultant to the settlement referee. (Order, 11/1/2007, *Plata* Docket No. 907, *Coleman* Docket No. 2499 at 1:20-23.) The Court stated the role of the referee and his consultant and ordered parties to engage in settlement discussions with them: "The

1  referee and his consultant shall have authority to convene the parties, including

2  intervenors, and confer with them separately and ex parte and require confidential

3  written submissions from them. The parties, including intervenors, shall cooperate fully

4  with the settlement referee and his consultant." (*Id.* at 1:23-26.)  The parties engaged in

5  numerous settlement discussions.  (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Dec.

6  Mello) at ¶ 37.)   Further, Defendants and Plaintiffs agreed that all information provided

7  and obtained during this settlement process is confidential and cannot be used by the

8  parties in the Three-Judge Panel proceedings or any other proceeding.  (*Id.* at ¶ 37, Ex.

9  II.)

10      The Court and the parties have agreed to the limited release of certain settlement

11  documents.  Specifically, the Court ordered that a confidential settlement status report

12  and the referee's proposal for settlement be made public.  (Order, 5/30/2008 and

13  6/2/2008, *Plata* Docket No. 1218, *Coleman* Docket No. 2806.)  Additionally, under a

14  stipulation and order Defendants provided a limited waiver of the mediation privilege for

15  all data that the CDCR Office of Research previously provided to Dr. James Austin

16  during the prior mediation process in this Three-Judge Panel proceeding.  (Stipulation

17  and Order, 8/13/08, *Plata* Docket No. 1378, *Coleman* Docket No. 2941.)  Defendants do

18  not include the data referenced in the August 13, 2008 Stipulation and Order as part of

19  this motion in limine, but reserve the right to object to the admissibility of this evidence

20  on grounds other than Rule 408 of the Federal Rules of Evidence.  Defendants also do

21  not include in this motion in limine the Court's ordered release of the Referee's reports.

22              **II.    ARGUMENT**

23      Evidence of the parties' settlement discussions or negotiations is inadmissible

24  under Federal Rule of Evidence 408.  Rule 408 provides that evidence of compromise

25  and offers to compromise are inadmissible "when offered to prove liability for, invalidity

26  of, or amount of a claim that was disputed as to validity or amount, or to impeach

27  through a prior inconsistent statement or contradiction."  Fed. R. Evid. 408.  Such

28  evidence is permissible when offered for another purpose.  *Id.*  Two principles underlie

1  Rule 408: (1) "the evidence [of compromise] is irrelevant, since the offer may be

2  motivated by desire for peace rather than from any concession of weakness of position;"

3  and (2) "[a] more consistently impressive ground is promotion of the public policy

4  favoring the compromise and settlement of disputes."  *Hudspeth v. Commissioner*, 914

5  F.2d 1207, 1213-14 (9th Cir. 1990).

6         As a result, documents, data, and conversations made during the course of or in

7  furtherance of settlement cannot be admitted for any purpose specifically prohibited by

8  Rule 408.  Furthermore, there are no permissible circumstances that exist here for the

9  introduction of any such evidence.

10        To the extent that any party seeks to introduce evidence obtained in settlement

11  negotiations for any other purpose not prohibited by Rule 408, the Court should exclude

12  the admission of such documents under the parties' agreement.  Defendants and

13  Plaintiffs expressly agreed that all information provided and obtained during this

14  settlement process is confidential and cannot be used by the parties in the Three-Judge

15  Panel proceedings or any other proceeding.  By such an agreement, the parties

16  extended the reach of Rule 408 to prohibit the introduction of settlement communications

17  for all purposes, not only those specifically listed in the Rule.

18        Accordingly, all evidence concerning any settlement discussions or negotiations

19  between the parties should be excluded from the trial of this matter under Federal Rule

20  of Evidence 408 and the parties' agreement.

21  / / /

22  / / /

23

24

25

26

27

28

- 4 -

1

### III.    CONCLUSION

2
    Based on the foregoing, Defendants respectfully request that the Court enter an

3
order to exclude from trial any evidence, reference to evidence, testimony, or argument

4
regarding settlement discussions and negotiations between the parties.  Plaintiffs and

5
Intervenors, their attorneys, and their witnesses should be ordered not to offer into

6
evidence, refer to, or to make any argument to the Court regarding same.

7
DATED:  October 20, 2008                    HANSON BRIDGETT LLP

8

9
                                            By: /s/ Paul B. Mello

10
                                            PAUL B. MELLO
                                            Attorneys for Defendants
11                                          Arnold Schwarzenegger, et al.

12
DATED:  October 20, 2008                    EDMUND G. BROWN JR.
                                            Attorney General of the State of California

13

14
                                            By: /s/ Kyle A. Lewis

15
                                            KYLE LEWIS
                                            Deputy Attorney General
16                                          Attorneys for Defendants
                                            Arnold Schwarzenegger, et al.

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

DEFS.' MIL NO. 6 TO EXCLUDE EVIDENCE RE: SETTLEMENT (CASE
NOS. 90-00520 AND 01-1351)

1646742.1