EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　Plaintiffs,<br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　Plaintiffs,<br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE WITNESSES AND EVIDENCE NOT DISCLOSED DURING DISCOVERY, INCLUDING POSTDATING DISCOVERY RESPONSES**<br><br>**To:  Three-Judge Panel** |

- 1 -
DEFS.' MIL NO. 4 TO EXCLUDE WITNESSES AND EVID. NOT DISCLOSED DURING DISC., INCLUDING POSTDATING DISC. RESPONSES (CASE NOS. 90-00520 AND 01-1351)

1649909.1

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS MARCIANO PLATA, RALPH COLEMAN, INTERVENORS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move this Court in limine for an order preventing Plaintiffs from introducing evidence or making reference to any evidence not disclosed during discovery including post-dated discovery. This motion is based on this notice, the points and authorities, the Court's file in this case, the declarations and exhibits thereto filed in support of Defendants' motions in limine, and any oral argument presented to the Three-Judge Panel regarding this motion. It is primarily made on the grounds that such evidence is inadmissible under Federal Rules of Civil Procedure 26(e)(1) and 37(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

A prisoner release order is an extreme remedy that should not issue unless it will cure the constitutional violation in question and the violation cannot be fixed any other way. Here, the alleged constitutional violations at issue are the delivery of medical and mental health care in California's prisons, not overcrowding, housing, or other environmental conditions affecting the general population. Defendants are not deliberately indifferent to the medical and mental health needs of *Plata* and *Coleman* class-members, and overcrowding is not the "primary cause" of those alleged constitutional violations. Therefore, a prisoner release order is not the proper remedy.

Plaintiffs have deliberately and intentionally refused to supplement their discovery responses and disclosures to the extent required by the Federal Rules of Civil Procedure. Despite multiple requests and extensions from Defendants' counsel to provide such necessary supplementation, Plaintiffs refused to adequately do so. Plaintiffs' refusal is disingenuous in that Plaintiffs filed a motion to compel supplemental discovery from Defendants, but then refused to comply with the same rules they previously sought to enforce. Plaintiffs' failure to supplement discovery cannot be

- 2 -

1  tolerated. They are barred from introducing evidence at trial under Rule 37(c) of the
2  Federal Rules of Civil Procedure.
3      Plaintiffs filed a motion to compel supplemental discovery from Defendants on
4  July 21, 2008, which was denied. (Mot. to Compel Supplemental Responses and
5  Production, *Plata* Docket No. 1328, *Coleman* Docket No. 2886; Order, 8/14/08, *Plata*
6  Docket No. 1385, *Coleman* Docket No. 2946 at 3:21-24.) Defendants in responding to
7  the motion agreed to supplement discovery responses by August 15, 2008, which they
8  did. (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello) at ¶ 31.)
9      During the week that Defendants supplemented their discovery responses,
10 Defendants' counsel requested that Plaintiffs also supplement discovery. Specifically,
11 Mr. Lewis, counsel for Defendants, wrote Plaintiffs' counsel requesting that Plaintiffs'
12 counsel comply with Federal Rule of Civil Procedure 26(e)(1)(A) by supplementing and
13 correcting incomplete and incorrect responses to interrogatories, requests for
14 admissions, and requests for production of documents previously served on Plaintiffs by
15 the *Plata* and *Coleman* Defendants, and to provide Defendants with a privilege log.
16 (Mello Decl. at ¶ 32, Ex. DD (Lewis Email dated 8/15/08).)
17     Although Defendants requested a response from Plaintiffs by August 18, Plaintiffs
18 provided no response. (*Id.* at ¶ 33, Ex. EE (Tama Email chain dated August 19 -20,
19 2008).) Ms. Morris, Plaintiffs' counsel, responded on August 19, 2008 explaining that
20 Plaintiffs are currently reviewing the need to supplement discovery responses and
21 refused to commit to supplementing discovery at that time. (*Id.*) Plaintiffs also
22 requested that Defendants identify specific responses from Plaintiffs that may no longer
23 be complete or accurate. (*Id.*) Ms. Tama, counsel for Defendants, responded on August
24 20, 2008 listing specific discovery that Defendants' counsel previously identified to
25 Plaintiffs along with additional discovery that required supplementation by September 1,
26 2008. (*Id.*) In that email, Ms. Tama noted that the failure to properly supplement
27 discovery requests will result in exclusion at trial of all evidence that postdates Plaintiffs'
28 responses to Defendants' discovery requests. (*Id.*)

1  Plaintiffs did not respond nor did they supplement their discovery by September 1,
2  2008 as Defendants requested.  Defendants notified Plaintiffs of their failure to
3  supplement on September 4, 2008.  (Decl. Mello ¶ 34, Ex. FF (Tama email chain,
4  9/4/2008).)  Plaintiffs disagreed.  (*Id.*)  To date, Plaintiffs have not adequately
5  supplemented their responses, but did supplement some responses on September 8,
6  2008.  (*Id.* at ¶ 34. )

## II. ARGUMENT

A party has a continuing obligation to supplement or correct its Rule 26(a) disclosures and discovery responses in a timely manner when the party learns that the disclosure or response is incomplete or incorrect.  Fed. R. Civ. P. 26(e).  The failure to comply with this continuing obligation prohibits the introduction of such evidence at trial, on a motion, or at a hearing unless the failure is substantially justified or is harmless.  Fed. R. Civ. P. 37(c).  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001) (affirming district court's exclusion of expert testimony where expert report was untimely submitted).

Rule 26(e) provides that it is the responding parties' obligation to identify responses that are incorrect or incomplete and supplement at timely intervals.  Nevertheless, Defendants provided a non-exhaustive list of specific discovery that Defendants identified in their meet and confer correspondence between Plaintiffs.  The following are two examples:

- **Plaintiffs' response to Interrogatory No. 4 in Defendant Tilton's First Set of Interrogatories** - This interrogatory required Plaintiffs to contend whether the "plans of the Office of the Receiver, as set forth in the Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail to result in DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?"  Since Plaintiffs' response of November 14, 2007, the Receiver issued several reports, but Plaintiffs have failed to supplement their discovery to reflect their contentions as to these new reports.  (Mello

- 4 -

1   Decl., ¶ 35, Ex. GG (Plaintiffs' Third Supplemental Response to Defendant
2   Tilton's First Set of Interrogatories, 9/8/08 at 7-8.)

3   - ***Plata* Plaintiffs' Response to Defendant Schwarzenegger's First
4     Request for Production of Documents, Nos. 1, 3, 4, and 11 -** At the time
5     that trial was bifurcated, Plaintiffs objected to each of these discovery
6     requests on the grounds that they were not relevant to Phase I of the
7     proceeding. Despite the fact that trial is no longer bifurcated, Plaintiffs
8     nevertheless refused to supplement these responses.

9   Plaintiffs did supplement portions of discovery that Defendants identified on
10  September 8, 2008. However, as the Ninth Circuit has held, untimely service of
11  discovery can also bar the introduction of evidence at trial. *Yeti by Molly, Ltd.,* 259 F.3d
12  at 1107 (finding the untimely disclosure of expert reports barred the testimony of a
13  party's expert.) Here, Plaintiffs' delay was not substantially justified and was not
14  harmless. Here, Plaintiffs were aware of their obligation to supplement and the deadline
15  that Defendants set for Plaintiffs to respond, and Plaintiffs' delay significantly shortened
16  the time that Defendants could review the discovery responses and prepare for trial.

17  This is exacerbated by the fact that Plaintiffs completely failed to supplement
18  other discovery that was inaccurate or incomplete. For instance, Plaintiffs have
19  produced a minimal amount of documents responsive to Defendants' Requests for
20  Production of Documents and have failed to produce a privilege log responsive to
21  Defendants' Request for Production of Documents. (Decl. Mello at ¶ 35.)

22  Plaintiffs failure to adequately supplement their discovery responses, document
23  production and privilege logs bars Plaintiffs from introducing new evidence which post-
24  dates their discovery responses.

25  / / /
26  / / /
27
28

### III. CONCLUSION

Based on the foregoing, the Court should exclude any and all evidence, reference to evidence, testimony, or argument from which Plaintiffs failed to supplement their discovery under the Federal Rules of Civil Procedure.

DATED: October 20, 2008          HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
   PAUL B. MELLO
   Attorneys for Defendants
   Arnold Schwarzenegger, et al.

DATED: October 20, 2008          EDMUND G. BROWN JR.
   Attorney General of the State of California


By: /s/ Kyle Lewis
   KYLE LEWIS
   Deputy Attorney General
   Attorneys for Defendants
   Arnold Schwarzenegger, et al.