EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile:  (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 13 TO EXCLUDE TESTIMONY OF NON-RETAINED THIRD-PARTY WITNESSES**<br><br>**To:  Three-Judge Panel** |

- 1 -

1  TO PLAINTIFFS MARCIANO PLATA AND RALPH COLEMAN AND THEIR
2  ATTORNEYS OF RECORD:
3      PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move
4  the Three-Judge Panel for an in limine order to exclude and/or limit any and all testimony
5  of Plaintiffs' non-retained third-party witnesses and argument by Plaintiffs' counsels
6  relating to Plaintiffs' non-retained third-party witnesses.  This motion is based on this
7  notice, the points and authorities, the supporting declaration and attached exhibits, the
8  Court's file in this case, and any argument presented to the Three-Judge Panel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

11      A prisoner release order is an extreme remedy that should not issue unless it will
12  cure the constitutional violation in question and the violation cannot be fixed in any other
13  way.  Here, the alleged constitutional violations at issue are the delivery of medical and
14  mental health care in California's prisons, not overcrowding, housing, or other
15  environmental conditions affecting the general population.  Defendants are not
16  deliberately indifferent to the medical and mental health needs of *Plata* and *Coleman*
17  class-members, and overcrowding is not the "primary cause" of those alleged
18  constitutional violations.  Therefore, a prisoner release order is not the proper remedy.
19      In the course of these proceedings, this Court issued an Order for Pretrial
20  Preparation requiring the parties to disclose experts and exchange all expert reports on
21  or before August 15, 2008.  (7/2/08 Order for Pretrial Preparation, *Plata* Docket No.
22  1294, at ¶ 2(c).)  This Court's July 2, 2008 Order establishing this deadline did not
23  distinguish between retained and non-retained experts.  Defendant Intervenors therefore
24  sought clarification of the July 2, 2008 order, and asked the Court to confirm that
25  witnesses who are parties and/or employees of parties and will be called to testify as
26  non-retained experts need not disclose written and signed expert witness reports.  (Def.
27  Intervenors' Mot. for Clarification at 1:27-2:4, *Plata* Docket No. 1387.)   In opposition to
28  the Defendant Intervenors' August 14, 2008 motion for clarification, Plaintiffs

- 2 -

emphatically stated that "Defendant intervenors are wrong: both this Court's Orders and relevant case law require all of the experts disclosed in this case to file reports," and that "[t]his Court has required expert reports from *all* testifying experts." (Pls.' Opp'n to Def. Intervenors' Mot. for Clarification (Pls.' Opp'n) at 1:7-8; 1:23, *Plata* Docket No. 1418 (emphasis in original).)

Though this Court ultimately found Plaintiffs' arguments unpersuasive because the Court did not contemplate the role of non-retained expert witnesses in drafting its July 2, 2008 Order for Pretrial Preparation, the Court did determine that where a non-retained expert witness testifies outside the course of his or her employment, the Court would "ordinarily be inclined to require expert reports regarding such testimony." (9/5/08 Order re: Defendant-Intervenors' Mot. for Clarification at 4:1-2, *Plata* Docket No. 1449.) The Court stated that where non-retained experts will provide testimony "'beyond their current employing agency,'" and hence not based on their day-to-day responsibilities, such testimony is "indistinguishable from expert testimony." (*Id.* at 3:22, 25.) The Court's ruling was focused on Defendant-Intervenors' specific witnesses, but inferred that non-retained expert witnesses must produce expert reports in advance of their depositions or, in the event that they are deposed but do not provide an expert report, their testimony at trial must be limited to the scope of their deposition testimony. (9/5/08 Order at 4:26-5:2.)

While the Defendant-Intervenors and Plaintiffs heeded the Court's September 5, 2008 order with respect to the Defendant-Intervenors' witnesses, Plaintiffs failed to do so with respect to their own non-retained expert witnesses. Specifically, Plaintiffs disclosed a list of non-retained expert witnesses on August 3, 2008, but neither provided reports nor conducted depositions of the following individuals: Madeline Carter, David Farabee, Michael Hennessy, Michael Jacobson, Richard Stroker, Susan Turner, and Dee Wilson. (*Plata* and *Coleman* Pls.' Expert Witness Disclosure at 3.) Plaintiffs are therefore barred from introducing any and all testimony at trial by any of these experts and/or argument by Plaintiffs' counsel under their own reasoning ("both this Court's Orders and relevant

- 3 -

1  case law require all of the experts disclosed in this case to file reports," (Pls.' Opp'n at
2  1:7-8), and in accordance with Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1)
3  and this Court's September 5, 2008 Order.  Additionally, Plaintiffs disclosed Jeff Beard
4  as a non-retained expert, and noticed and took Mr. Beard's deposition without ever
5  disclosing an expert report.  Plaintiffs are therefore prohibited from introducing any and
6  all testimony by Mr. Beard or argument relating to Mr. Beard at trial that exceeds the
7  scope of his deposition.

## II.   ARGUMENT

### A.   Plaintiffs' Non-Retained Expert Witnesses Who Neither Provided Reports Nor Were Subject to Deposition Are Barred from Testifying at Trial.

As this Court noted in its September 5, 2008 order, "'the reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources.'" (9/5/08 Order re Pretrial Preparation at 4:3-4, *quoting Elgas v. Colo. Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998).)  To that end, Federal Rule of Civil Procedure 26(a)(2)(B) requires all experts to prepare a written report if the witness is retained or specially employed to provide expert testimony.  To the extent a party's expert witness is not retained, that expert may nonetheless be required to provide a report where the scope of his or her testimony includes expert opinion not based on his or her day-to-day employment duties.  *Ordon v. Karpie*, 223 F.R.D. 33, 35 (D. Ct. 2004).  Such a result ensures fairness since such testimony, "if elicited from another party, would be subject to Rule 26."  *Id.*  Requiring a non-retained expert to provide a report in such an instance also comports with the intent of Rule 26 which is to "provide the opposing party with the scope of the opinion that will be provided at trial, to allow for an effective cross examination of the witness, and to limit the total number of depositions."  *Id.* at 36.  This Court's September 5, 2008 Order similarly stated that "to the extent that the designated witnesses 'testify regarding impacts beyond their current employing agency,' they do so based not on their day-to-day employment responsibilities but, rather, based on specialized knowledge," and that "[s]uch testimony is therefore

- 4 -

1  indistinguishable from expert testimony that would be obtained from a retained expert."
2  (9/5/08 Order at 3:21-4:1.)  This Court stated that in such a situation, the Court would
3  ordinarily require an expert report regarding such testimony.  (*Id.* at 4:1-2.)
4        Plaintiffs too acknowledged the significance and importance of requiring non-
5  retained experts to provide expert reports, stating that "[e]xpert reports are thus explicitly
6  the vehicle for placing direct testimony of all experts before the Court," and that "a
7  majority of courts have determined that non-retained experts who testify outside the
8  scope of their employment are essentially specially employed to provide expert
9  testimony in the case or have duties as an employee of the party regularly involve giving
10 expert testimony and thus are included in the category of experts required by Rule
11 26(a)(2)(B) to disclose reports."  (Pls.' Opp'n at 2:5-6; 3:5-9 (internal quotations
12 omitted).)
13       Despite Plaintiffs' stated understanding of this rule and its purpose, Plaintiffs
14 nonetheless neglected to provide expert reports for the following non-retained expert
15 witnesses: Madeline Carter, David Farabee, Michael Hennessy, Michael Jacobson,
16 Richard Stroker, Susan Turner, Dee Wilson, and Jeff Beard.  And with the exception of
17 Jeff Beard, Plaintiffs did not depose any of these witnesses.  Although Plaintiffs have
18 never identified what topics to which these witnesses will testify, it is clear that any
19 testimony relative to this case will be outside the scope of these witnesses' day-to-day
20 employment responsibilities.  Dee Wilson, for instance, as the Director of the Texas
21 Correctional Office on Offenders with Medical or Mental Impairments, undeniably does
22 not in the course of her daily employment duties opine on proceedings in California
23 related to the release of inmates.  Similarly, it is unlikely that Michael Jacobsen of the
24 Vera Institute of Justice located in New York regularly provides opinion testimony relative
25 to this instant proceeding.
26       Further, Plaintiffs did not seek the deposition testimony of any of these experts
27 with the exception of Jeff Beard.  And in the absence of a report, or any information for
28 that matter which discloses the subjects of these witnesses' anticipated testimony, it is

impossible for "defendants [to] intelligently decide whether to depose the expert and otherwise prepare a defense." *Ordon*, 223 F.R.D. at 36.  Without any deposition testimony or a report by any of these experts providing Defendants with advance notice of the subject of their anticipated testimony at trial, Plaintiffs are barred from calling these witnesses at trial to testify.  Fed. R. Civ. P. 37(c).

Indeed, the sanction for failure to make a disclosure required by Rule 26(a) is the automatic and mandatory exclusion of such witnesses or evidence, unless the opposing party can demonstrate that the violation was either justified or harmless.  Fed. R. Civ. P. 37(c)(1).  Such is not the case here where there was no justification for Plaintiffs' failure to comply with Rule 26(a), especially where Plaintiffs emphatically argued to this Court that "both this Court's Orders and relevant case law require all of the experts disclosed in this case to file reports."  (Pls.' Opp'n at 1:7-8.)  Neither is Plaintiffs' violation harmless where Defendants have not been provided *any* information regarding the anticipated subjects of these witnesses' testimony.  Thus, where, as here, the Plaintiffs have ignored the disclosure requirement of Rule 26(a)(2)(B), Plaintiffs must be barred from calling to testify at trial the following individuals: Madeline Carter, David Farabee, Michael Hennessy, Michael Jacobson, Richard Stroker, Susan Turner, and Dee Wilson.

**B.    The Testimony at Trial of Plaintiffs' Non-Retained Expert Jeff Beard Is Limited to his Deposition Testimony Due to his Failure to Prepare an Expert Report.**

Unlike the above non-retained experts who were disclosed by Plaintiffs but neither produced reports nor were subjected to deposition, Plaintiffs did take the deposition of non-retained expert Jeff Beard.  Mr. Beard testified, in part, as to the effects of overcrowding in California's prison system, and recently research population levels in California prisons.  (*See, e.g.,* Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello), Ex. K (Dep. Jeff Beard) at 29:17-30:12; 41:1-42:6; 42:20-25; 56:20-57:20.)  Such testimony coming from the Secretary of the Pennsylvania Department of Corrections is clearly outside the scope of his day-to-day employment duties, and he was therefore required, under Federal Rule of Civil Procedure 26(a)(2)(B), to provide an expert report

- 6 -

1  regarding his opinions. But Plaintiffs never provided Defendants with an expert report
2  drafted by Mr. Beard and instead deposed Mr. Beard.
3  　　　　Rule 26(a)(2) explicitly states that the rule may be modified by order of the court
4  ("Unless otherwise stipulated or ordered by the court . . ."). As is contemplated by the
5  Federal Rules, this Court's September 5, 2008 Order regarding Defendant-Intervenors'
6  motion for clarification modified and clarified Rule 26 as it applies to the proceedings at
7  hand. This Court held that for all non-retained expert witnesses disclosed by Defendant-
8  Intervenors but who had neither produced an expert report nor had been deposed as of
9  the date the order was issued, Defendant-Intervenors were required to either produce an
10 expert report before the non-retained expert's deposition or "have the witness's expert
11 testimony at trial be limited to the scope of the witness's deposition testimony." (9/5/08
12 Order at 4:26-5:2.) Though the September 5, 2008 Order specifically addresses those
13 non-retained expert witnesses disclosed by Defendant-Intervenors, it is equally
14 applicable to Plaintiffs who similarly disclosed non-retained expert witnesses and failed
15 to produce an expert report before Mr. Beard's deposition. Under the Court's ruling,
16 because Plaintiffs did not submit to Defendants an expert report drafted by Mr. Beard
17 before his deposition occurred on September 25, 2008, Plaintiffs elected to limit Mr.
18 Beard's testimony at trial to the scope of his deposition testimony. Accordingly, this
19 Court must exclude at trial any and all testimony by Mr. Beard or argument by Plaintiffs'
20 counsel which exceeds the scope of his deposition testimony.

### III.　CONCLUSION

22 　　　　Plaintiffs' failure to provide expert reports or subject to deposition their non-
23 retained expert witnesses must result in their exclusion from trial. Fed. R. Civ. P. 37(c).
24 As Plaintiffs aptly noted in opposition to Defendant-Intervenors' request to this Court that
25 Defendant-Intervenors not be required to provide expert reports on behalf of their non-
26 retained expert witnesses, "[i]t is unfair for defendant intervenors to side-step the
27 purpose behind the rulesof discovery and avoid such reasonable disclosure." (Pls.'
28 Opp'n at 4:25-27.) Defendants agree. Both the Federal Rules of Civil Procedure and

- 7 -

DEFS.' MIL NO. 13 TO EXCLUDE TESTIMONY OF NON-RETAINED
THIRD-PARTY WITNESSES (CASE NOS. 90-00520 AND 01-1351)

1646755.1

this Court's prior rulings do not permit the trial testimony of Plaintiffs' non-retained expert witnesses who presumably will testify outside the scope of their day-to-day employment duties and in the absence of providing an expert report or being subject to deposition. Therefore, the following witnesses must be precluded from testifying at trial: Madeline Carter, David Farabee, Michael Hennessy, Michael Jacobson, Richard Stroker, Susan Turner, and Dee Wilson.  Additionally, Plaintiffs' non-retained expert, Jeff Beard, who was deposed by Plaintiffs but did not provide Defendants with an expert report, must be limited at trial to testimony previously provided during deposition and may not be permitted to exceed the scope of his deposition testimony.  *See* Fed. R. Civ. P. 26(a)(2)(B); 9/5/08 Order re Defendant-Intervenors' Motion for Clarification at 5:1-2.

DATED: October 20, 2008          HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: October 20, 2008          EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle A. Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.