EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NUMBER 9 TO EXCLUDE EXPERT REPORTS DRAFTED BY PLAINTIFFS' ATTORNEYS**<br><br>**To: Three-Judge Panel** |

- 1 -

TO PLAINTIFFS MARCIANO PLATA AND RALPH COLEMAN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move the Three-Judge Panel for an in limine order to exclude any and all written reports by Plaintiffs' experts which were drafted by Plaintiffs' counsel.  This motion is based on this notice, the points and authorities, the supporting declaration and attached exhibits, the Court's file in this case, and any argument presented to the Three-Judge Panel.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

A prisoner release order is an extreme remedy that should not issue unless it will cure the constitutional violation in question and the violation cannot be fixed in any other way.  Here, the alleged constitutional violations at issue are the delivery of medical and mental health care in California's prisons, not overcrowding, housing, or other environmental conditions affecting the general population.  Defendants are not deliberately indifferent to the medical and mental health needs of *Plata* and *Coleman* class-members, and overcrowding is not the "primary cause" of those alleged constitutional violations.  Therefore, a prisoner release order is not the proper remedy.

Under Federal Rule of Civil Procedure 26(a)(2)(B), retained experts must prepare a written report disclosing their opinion.  Here, however, Plaintiffs' retained experts -- Dr. Ronald Shansky, Jeanne Woodford, Doyle Wayne Scott, Joseph Lehman, and Dr. Pablo Stewart -- all admitted during deposition that they did not draft their own expert reports.  Rather, each of Plaintiffs' experts stated that Plaintiffs' counsel drafted the reports on their behalf, in most instances with minimal input or revisions.  Such conduct is impermissible under the Federal Rules, and therefore the expert reports of Dr. Shansky, Ms. Woodford, Mr. Scott, Mr. Lehman, and Dr. Steward must all be excluded from evidence at trial.

Defendants therefore move under Federal Rule of Civil Procedure 37(c)(1) to exclude all expert reports submitted on behalf of Plaintiffs' experts Dr. Shansky, Ms.

Woodford, Mr. Scott, Mr. Lehman, and Dr. Stewart which were prepared by Plaintiffs' counsel in contravention of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

## II.    ARGUMENT

**A.    Dr. Shansky, Ms. Woodford, Mr. Scott, Mr. Lehman, and Dr. Stewart's Expert Reports Were All Improperly Drafted by Plaintiffs' Counsel and Must Therefore Be Excluded.**

Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert disclosure must be accompanied by a written report which is "prepared and signed *by the witness* . . ." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Indeed, the Advisory Committee notes to the 1993 Amendments to Rule 26(a)(2)(B) contemplate a limited role, if any, of counsel in preparing an expert's report:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Further, federal courts have limited the permissible level of involvement by counsel. Compliance with the expert report requirement of Rule 26 "implies involvement [by the expert] other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement." *Manning v. Crockett*, 1999 U.S. Dist. LEXIS 7966 at *8, No. 95-C3117 (N.D. Ill. May 18, 1999). When an expert admits to having no substantial role in the preparation of the affidavit prepared by counsel, the court may properly find that Rule 26 has not been met and so exclude the expert's opinion. *Stein v. Foamex Int'l Inc.,* 2001 U.S. Dist. LEXIS 12211, No. Civ.A.00-2356 (E.D. Pa. Aug. 15, 2001).

Here, Plaintiffs' experts did little more than peruse the reports drafted by Plaintiffs' counsel and affix their signature to the bottom of the report. During Mr. Scott's first deposition on December 14, 2007, the following exchange made clear that he had no substantial role in preparing his report:

> Q.    Did you type up the first draft of your report.

1        A.    No.

2  (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello), Ex. E (12/14/07 Dep. Doyle

3  Wayne Scott) at 50:11-13.)  Mr. Scott went on to clarify:

4        Q.    It's true that you did not draft the first report, correct?

5        A.    No, I did not prepare the document.

6  (*Id.* at 52:1-3.)  Again, Mr. Scott answered:

7        Q.    And, again, you did not actually type in that draft, correct?

8        A.    I did not prepare the document, no.

9  (*Id.* at 114:14-16.)  And at Mr. Scott's second deposition following Plaintiffs' production of

10  a supplemental report allegedly drafted by Mr. Scott, he admitted that Plaintiffs' counsel,

11  Sara Norman, in fact drafted his supplemental report.  (Decl. Mello, Ex. F (10/1/08 Dep.

12  Doyle Wayne Scott) at 10:23-25.)

13      Similarly, Ms. Woodford admitted at both of her depositions that she played a very

14  limited role in drafting her expert report and her supplemental expert report.  During her

15  first deposition, Ms. Woodford explained that she did not create her report, but instead

16  Plaintiffs' counsel drafted it for her and then made it accessible to her via the internet for

17  her review:

18        Q:    And just so I'm clear, you didn't actually type up the first draft of your

19  expert report, correct?

20        A.    No, I did not.

21        Q.    That's correct?

22        A.    That's correct.

23        Q.    And the first draft of your report was available via the internet,

24  correct?

25        A.    Via a program utilizing the internet.

26  (Decl. Mello, Ex. A (12/18/07 Dep. Jeanne Woodford) at 47:5-12.)

27      Again at her subsequent deposition, Ms. Woodford admitted that she did not draft

28  her expert report:

- 4 -

1  Q. Can you tell me who prepared the first draft of your supplemental
2  report?
3  A. Well, I -- when you mean prepare, tell me what you mean by that.
4  Q. Okay, did you write out a copy of the report that's been marked as
5  Exhibit 2?
6  A. No, I did not.
7  Q. Did you type out what has been marked as Exhibit 2?
8  A. No, I did not.
9  Q. Did you dictate Exhibit 2 into a Dictaphone or some other machine?
10 A. No, I did not.
11 (Decl. Mello, Ex. B (9/15/08 Dep. Jeanne Woodford) at 26:20-27:7.)
12     At Dr. Lehman's deposition, he too admitted that he did not draft his expert report,
13 but that rather Plaintiffs' counsel drafted it for him. He was asked:
14 Q. Who prepared the first draft of this report?
15 A. I had conversations with Don Specter. We had a conversation
16 about my perceptions of the system, and he drafted the report, and then, over the course
17 of several conversations, telephone conversations, the final draft was created.
18 (Decl. Mello, Ex. N (9/16/08 Dep. Joseph Lehman) at 42:16-21.)
19     Further, Plaintiffs' correctional health care expert, Dr. Shansky, like Plaintiffs'
20 other experts, unambiguously admitted that Plaintiffs' counsel drafted his expert report
21 for him:
22 Q. Dr. Shansky, just so I'm clear, you did not prepare the first draft of
23 your report in this case?
24 A. Correct.
25 Q. Did you add any substantive text to the report that was provided to
26 you that first time?
27 A. I changed some stuff. I don't know if I really added.
28 (Decl. Mello, Ex. I (12/10/07 Dep. Dr. Ronald Shansky) at 51:9-11; 52:12-15.)

- 5 -

And at his subsequent deposition after Plaintiffs' counsel submitted his supplemental expert report, Dr. Shansky again stated that Plaintiffs' counsel drafted his report for him:

> Q. Who prepared the first draft of that report?
>
> A. Well, the way we did it was we had a meeting, an all-day meeting the day after my tours. And I summarized the relevant findings and recommendations of the relevant areas that I wanted to talk about in my report, and went over some of the data that I had. And then had the lawyers for the Prison Law Office research within those areas of relevant information.
>
> Q. So when the report cites to specific statements of the Receiver in reports, et cetera, was that information provided by the Prison Law Office?
>
> A. Most of the specific quotes, yes.

(Decl. Mello, Ex. J (10/4/08 Dep. Dr. Ronald Shansky) at 95:25-96:9; 97:9-13.)

Lastly, Dr. Pablo Stewart admitted that he dictated his notes and observations to Plaintiffs' counsel which were then recorded into Plaintiffs' counsel's laptop. (Decl. Mello, Ex. S (12/11/07 Dep. Pablo Stewart) at 29:14-30:4.) Those initial notes and observations were never saved but written over by Plaintiffs' counsel into the expert report that was produced on November 9, 2007. An excerpt from Dr. Stewart's deposition is revealing on this point:

> Q. Did you have any assistance in preparing this report?
>
> A. Yes.
>
> Q. Who helped you?
>
> A. Mr. Nolan.
>
> Q. Who did the first draft?
>
> A. Well, by that question you are implying that there's a second draft or a third draft. There was one working document that was created in a variety of ways, by my dictating, by my discussion with Mr. -- dictating to Mr. Nolan, by my discussion with Mr. Nolan. And then *Mr. Nolan prepared certain sections of it which I reviewed.*

- 6 -

1  (*Id.* at 27:25-28:12 (emphasis added).)

2  Despite the clear intent of Rule 26(a)(2)(B) for experts to prepare their own written
3  reports for disclosure, Plaintiffs' counsel nonetheless drafted each of their experts'
4  reports with minimal, if any, input from the experts.  Such tactics are clearly
5  impermissible under the Federal Rules of Civil Procedure.  In a case involving
6  circumstances similar to those described above, the court was confronted with an expert
7  report that the expert admitted was drafted by plaintiffs' counsel.  The court stated that
8  "[w]e are disturbed that Plaintiff's counsel's compliance with Rule 26 disclosure
9  requirements was non-chalant, if not half-hearted," and further clarified that
10 "[u]nquestionably, Rule 26 requires an expert witness to prepare his own Rule 26
11 Report."  *Indiana Ins. Co. v. Hussey Seating Co.*, 176 F.R.D. 291, 293 (S.D. Ind. 1997).
12 Though the Federal Rules permit counsel's assistance in the preparation of expert
13 reports, they do not contemplate, as was the case here with each of Plaintiffs' experts,
14 that counsel would wholly draft the reports with minimal input or revision from their
15 experts, especially where, as here, Plaintiffs' experts are more than able to draft the
16 reports themselves.  It is unlikely, for instance, that the Advisory Committee note which
17 suggests the permissibility of counsel's assistance in drafting a report for an automobile
18 mechanic would similarly contemplate counsel's assistance in drafting a doctor's expert
19 report.

20 Under Rule 37(c)(1), a party's failure to comply with Rule 26(a) results in the
21 exclusion from evidence at trial unless the party's error was "justified or is harmless."
22 Here, there can be no justification for Plaintiffs' counsels' disregard of Rule 26(a)(2)(B)
23 which unequivocally requires experts to prepare their own reports, especially where as
24 here, they are capable of doing so.  This contravention of the Federal Rules of Civil
25 Procedure is not harmless when *all* of *Plata* Plaintiffs' experts and *Coleman* expert Dr.
26 Stewart admitted that they did not draft their expert reports.  In light of Plaintiffs' abuse of
27 the Federal Rules, each of the reports drafted by *Plata* Plaintiffs' counsel as well as Dr.
28 Stewart's expert report must be excluded from evidence, testimony, and/or argument at

- 7 -

trial.

## III.   CONCLUSION

The proffered expert reports of *Plata* Plaintiffs' experts and *Coleman* expert Dr. Stewart must be struck for a violation of Federal Rule of Civil Procedure 26(a)(2)(B). Each of *Plata* Plaintiffs' experts admitted that Plaintiffs' counsel drafted the reports on their behalf, with limited input or revision from the experts, and Dr. Stewart admitted to Plaintiffs' counsel drafted entire sections of his report.  Plaintiffs must therefore be sanctioned in accordance with Rule 37(c)(1), and Plaintiffs' experts' reports must be excluded from evidence, testimony, and/or argument at trial in this proceeding.

DATED:  October 20, 2008                           HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL MELLO
Attorneys for Defendants Arnold Schwarzenegger, et al.

DATED:  October 20, 2008                           EDMUND G. BROWN JR.
Attorney General for the State of California

By: /s/ Kyle A. Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.