| | |
|---|---|
| 1 | EDMUND G. BROWN JR. |
| | Attorney General of the State of California |
| 2 | DAVID S. CHANEY |
| | Chief Assistant Attorney General |
| 3 | ROCHELLE C. EAST |
| | Senior Assistant Attorney General |
| 4 | JONATHAN L. WOLFF |
| | Senior Assistant Attorney General |
| 5 | LISA A. TILLMAN – State Bar No. 126424 |
| | Deputy Attorney General |
| 6 | KYLE A. LEWIS – State Bar No. 201041 |
| | Deputy Attorney General |
| 7 | 455 Golden Gate Avenue, Suite 11000 |
| | San Francisco, CA 94102-7004 |
| 8 | Telephone: (415) 703-5708 |
| | Facsimile: (415) 703-5843 |
| 9 | lisa.tillman@doj.ca.gov |
| | kyle.lewis@doj.ca.gov |

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants. | No.  2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>     Plaintiffs,<br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL**<br><br>**To: Three-Judge Panel** |

- 1 -

1    TO PLAINTIFFS MARCIANO PLATA AND RALPH COLEMAN AND THEIR

2    ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move

4    the Three-Judge Panel for an in limine order to exclude any and all hearsay statements,

5    references to, testimony, or argument regarding the hearsay statements contained in

6    Plaintiffs' expert's reports from introduction into evidence at trial.  This motion is based

7    on this notice, the points and authorities, the supporting declaration and attached

8    exhibits the Court's file in this case, and any argument presented to the Three-Judge

9    Panel.

10                    **MEMORANDUM OF POINTS AND AUTHORITIES**

11                         **I.    INTRODUCTION**

12    A prisoner release order is an extreme remedy that should not issue unless it will

13    cure the constitutional violation in question and the violation cannot be fixed in any other

14    way.  Here, the alleged constitutional violations at issue are the delivery of medical and

15    mental health care in California's prisons, not overcrowding, housing, or other

16    environmental conditions affecting the general population.  Defendants are not

17    deliberately indifferent to the medical and mental health needs of *Plata* and *Coleman*

18    class-members, and overcrowding is not the "primary cause" of those alleged

19    constitutional violations.  Therefore, a prisoner release order is not the proper remedy.

20    Each of Plaintiffs' retained experts have provided reports and supplemental

21    reports in support of Plaintiffs' contentions in this proceeding.  These expert reports

22    contain hearsay statements which the experts rely upon in support of their opinions.

23    Though experts may typically rely on any evidence, even hearsay evidence, to support

24    their opinions, where as here, the expert reports are being submitted into evidence as

25    direct testimony at trial, such hearsay evidence is not admissible.  Indeed, it is a legal

26    maxim that absent an exception to the hearsay rule, an out-of-court statement may not

27    be offered into evidence to establish the truth of what it asserts.  Fed. R. Evid. 802.

28    Defendants therefore move in limine to exclude any and all hearsay statements or

DEFS.' MIL # 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS
(CASE NOS. 90-00520; 01-1351)                                                  1649120.1

1    references and argument regarding the hearsay statements contained in Plaintiffs'

2    experts' reports from introduction into evidence at trial.  Defendants only seek to exclude

3    these hearsay statements contained within Plaintiffs' experts' reports to the extent

4    Plaintiffs attempt to introduce such hearsay statements into evidence for the truth of

5    what they assert.  To the extent such hearsay statements are only being offered to

6    demonstrate the effect on the hearer, i.e. the experts, and not to establish as fact the

7    validity of the statements, such statements may be admissible.  *See* Fed. R. Evid. 801.

8                           **II.    ARGUMENT**

9          The facts or data relied upon by an expert in forming his or her opinion need not

10    be admissible into evidence for the opinion to otherwise be admissible.  Fed. R. Evid.

11    703 ("If of a type reasonably relied upon by experts in the particular field in forming

12    opinions or inferences upon the subject, the facts or data need not be admissible in

13    evidence in order for the opinion or inference to be admitted.").  But during testimony at

14    trial, such evidence is not independently admissible absent a proper foundation.  *See*

15    Fed. R. Evid. 703; *see also* Fed. R. Evid. 802.  An expert may discuss the information

16    relied upon in reaching his or her opinion, but that evidence is not admissible for the

17    truth of what it asserts unless a proper foundation is laid for each individual piece of

18    evidence sought to be admitted.

19          Here, the rules of evidence regarding expert testimony are compounded by the

20    fact that Plaintiffs' experts' reports, which ordinarily may contain hearsay, will be wholly

21    admitted into evidence at trial as direct testimony.  (*See* 10/10/07 Order Bifurcating

22    Proceedings and Setting Deadlines for Phase I, *Plata* Docket No. 880, at 6 ("Direct

23    testimony from expert witnesses will be presented through their expert reports and no

24    more than thirty minutes of live testimony, followed by cross-examination."); *see also*

25    7/2/08 Order for Pretrial Preparation, *Plata* Docket No. 1294, at 3:28-4:2.)  Because

26    many, if not all, of Plaintiffs' experts' reports contain hearsay statements in support of

27    Plaintiffs' experts' opinions, Defendants seek to exclude from evidence at trial any and

28    all hearsay statements, as well as argument and testimony relating to such hearsay

- 3 -

DEFS.' MIL # 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS
(CASE NOS. 90-00520; 01-1351)

1649120.1

1  statements, to the extent Plaintiffs seek to offer into evidence those statements for the

2  truth of what they assert.

3         By way of example, in Plaintiffs' expert Jeanne Woodford's supplemental report,

4  she states: "I have read that the strike team appointed by the Governor to implement AB

5  900 has concluded that CDCR should not exceed 130% of design bed capacity in the

6  long term, and should establish measures to ensure that this crowding level is not

7  exceeded in the future."  (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello), Ex.

8  D (8/15/08 Supp. Expert Report of Jeanne Woodford) at ¶ 3.)  While such a statement in

9  an expert report is typically not objectionable, its introduction into evidence is

10  objectionable on the ground that it contains hearsay.  Fed. R. Evid. 802.  Plaintiffs may

11  not establish as fact that the strike time concluded that CDCR should not exceed 130%

12  of design bed capacity absent a proper foundation, which cannot be laid by their own

13  expert.  Thus, this statement and countless others may not come into evidence at trial.

14         Similarly, Plaintiffs' expert Doyle Wayne Scott relies extensively on hearsay in

15  support of his opinions contained within his expert report.  For instance, Mr. Scott quotes

16  to various individuals throughout his report as the basis for his opinion:

17
18              I agree with the Governor's blue-ribbon panel of experts that
                '[t]he key to reforming the system lies in reducing the
                numbers . . .'

19              I also agree with the *Plata* Receiver, when he reports that
20              '[m]ost of California prisons operate at 200% of capacity, with
                no effective relief in sight.  Unless and until the living
21              conditions of some prison and the overpopulation
                experienced system-wide is effectively addressed, the
22              Receiver will be impeded in applying systemic and even
                some ad hoc remedies to the medical care system . . .'

23              I further agree with the California State Auditor that '[m]eeting
24              the constitutional rights of inmates to receive minimum
                standards of treatment' is a problem that 'emerge[s]' from
25              overcrowding . . .

26              I also agree with the Office of the Inspector General that
                efforts to solve the medical care failures 'are severely
27              hampered by inmate population pressures that have prisons
                straining at nearly twice design capacity, spreading staff
28              resources thin and leaving little facility space available for
                programming and other purposes.  Developing sustainable

- 4 -

DEFS.' MIL # 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS
(CASE NOS. 90-00520; 01-1351)

solutions will require the [CDCR], state policymakers, and the
public to collectively address the available options' to reduce
overcrowding.

(Decl. Mello, Ex. G (11/9/07 Expert Report of Doyle Wayne Scott) at ¶ 80.)  Each of

these statements contains hearsay, and is inadmissible at trial.  Plaintiffs may not

establish as fact any of the above statements to which Mr. Scott cites since his reliance

on these statements does not somehow alter their admissibility.  Fed. R. Evid. 703

("Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the

proponent of the opinion or inferences unless the court determines that their probative

value in assisting the jury to evaluate the expert's opinion substantially outweighs their

prejudicial effect.").

The examples cited above are in no way an exhaustive list of the hearsay

evidence relied upon by Plaintiffs' experts in their reports.  The examples are merely

referenced to demonstrate the inequity in permitting Plaintiffs' experts' reports to be

admitted into evidence as direct testimony without regard to the Rules of Evidence

regarding inadmissibility of hearsay.  Defendants do not dispute that Plaintiffs' experts

may rely on hearsay to form their opinions; Defendants do, however, dispute that such

hearsay statements may be admissible into evidence at trial to establish the truth of what

they assert.  Defendants therefore seek to exclude from evidence at trial, either by way

of Plaintiffs' experts' testimony or reports or Plaintiffs' counsels' argument at trial, any

and all hearsay relied upon by Plaintiffs' experts in forming their opinions to the extent

such statements are offered for the truth of what they assert.

/ / /

/ / /

DEFS.' MIL # 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS
(CASE NOS. 90-00520; 01-1351)

1649120.1

1

### III.    CONCLUSION

2      Plaintiffs' experts' reports, as well as any reference to, testimony by Plaintiffs'

3  experts, or argument by Plaintiffs' counsel, must be excluded at trial to the extent the

4  reports, testimony, or argument refer to hearsay statements and are offered for the truth

5  of what they assert.  Fed. R. Evid. 802.

6  DATED:  October 20, 2008                    HANSON BRIDGETT LLP

7
                                             By: /s/ Paul B. Mello
8                                                PAUL MELLO
                                                 Attorneys for Defendants Arnold
9                                                Schwarzenegger, et al.

10 DATED:  October 20, 2008                    EDMUND G. BROWN JR.
                                             Attorney General for the State of California
11

12                                           By: /s/ Kyle A. Lewis
                                                 KYLE LEWIS
13                                               Deputy Attorney General
                                                 Attorneys for Defendants Arnold
14                                               Schwarzenegger, et al.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MIL # 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS
(CASE NOS. 90-00520; 01-1351)

1649120.1