EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile:  (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE RE: SUBSEQUENT REMEDIAL MEASURES**<br><br>**To:  Three-Judge Panel** |

TO PLAINTIFFS MARCIANO PLATA AND RALPH COLEMAN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arnold Schwarzenegger, et al., move the Three-Judge Panel for an in limine order to exclude evidence of, testimony about, or argument about CDCR's measures to remedy overcrowding for the purpose of showing that overcrowding is the primary cause of the alleged unconstitutional inadequacies in the delivery of medical or mental heath in California's prisons. This motion is based on this notice, the points and authorities, the Court's file in this case, and any further argument presented to the Three-Judge Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Under Federal Rule of Evidence 407, evidence of subsequent remedial measures is not admissible to prove culpable conduct. In the *Plata* and *Coleman* cases, Defendants are alleged to have committed violations of the Eighth Amendment by providing inadequate delivery of medical and mental health care, respectively, with deliberate indifference. In seeking a prisoner release order, Plaintiffs now claim that overcrowding is the primary cause of these alleged constitutional violations and they attempt to use Defendants' subsequent remedial conduct to address overcrowding, such as the Governor's Prison Overcrowding State of Emergency Proclamation issued on October 4, 2006, the passage of Assembly Bill 900, and the convening of the Expert Panel on Adult Offender and Recidivism Reduction Programming and similar efforts, to prove that the overcrowding conditions in Defendants' facilities are responsible for the alleged inadequacies in the delivery of medical and mental health care.

First, the measures Defendants have implemented to address overcrowding are directed at reducing non-traditional beds and related general overcrowding conditions. Except for Assembly Bill 900's authorization to construct new facilities to provide medical, dental, and mental health treatment or housing, the measures were not directed at improving the delivery of medical or mental health care. Nonetheless, Plaintiffs

contend that Defendants' subsequent remedial measures to address overcrowding are evidence that the overcrowded conditions of Defendants' facilities are primarily responsible for the alleged constitutional violations with respect to the delivery of medical and mental health care. Plaintiffs should not be permitted to use evidence of Defendants' subsequent remedial measures regarding overcrowding for this purpose or to prove that the alleged constitutional violations do in fact exist.

## II.   ARGUMENT

Federal Rule of Evidence 407 prohibits use of evidence of subsequent remedial measures to prove culpable conduct. Rule 407 has been used to exclude evidence of subsequent policy changes in prisoner rights cases. *See Ford v. Schmidt*, 577 F.2d 408, 410-411 (7th Cir. 1978). Here, in their effort to obtain a prisoner release order, Plaintiffs now claim that overcrowding is the primary cause of the alleged constitutional inadequacies in the delivery of medical and mental health care. Plaintiffs seek to use evidence of Defendants' subsequent measures to address and remedy overcrowding to prove Plaintiffs' claim. Under Rule 407, they should be prohibited from doing so.

First, Defendants' subsequent remedial measures have been principally directed at general overcrowding conditions, and not the alleged unconstitutional delivery of medical or mental health care. The Governor's Prison Overcrowding State of Emergency Proclamation issued on October 4, 2006 expressly addressed the fact that 29 of California Department of Corrections and Rehabilitation's (CDCR) adult institutions "house more than 15,000 inmates in conditions that pose substantial safety risks, namely, prison areas never designed or intended for inmate housing, including, but not limited to, common areas such as prison gymnasiums, dayrooms, and program rooms, with approximately 1,500 inmates sleeping in triple-bunks." (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello), Ex. KK (Prison Overcrowding State of Emergency Proclamation). The Governor's Emergency Proclamation was not directed at the alleged unconstitutional delivery of medical and mental health care.

Assembly Bill 900, the "Public Safety and Offender Rehabilitation Services Act of

- 3 -

2007" was passed in Spring 2007, and was directed at authorizing new housing, programming space, reentry facilities, and local jail facilities; establishing pilot programs that provide training and counseling for parolees to assist in their successful reintegration into the community; implementing a system of incentives to increase inmate participation in, and completion of, academic and vocational education, consistent with the inmate's educational needs; implementing a plan to obtain additional rehabilitation and treatment services for prison inmates and parolees; expanding substance abuse treatment services in prison; conducting assessments of inmates for placement in programs; and it established the California Rehabilitation Oversight Board (C-ROB) in the Office of the Inspector General to regularly examine and report to the Legislature and Governor on the various mental health, substance abuse, and educational and employment programs for inmates and parolees operated by the CDCR.  (Decl. Paul Mello Supp. Defs.' Mots. in Limine (Decl. Mello), Ex. LL (Text of Assembly Bill 900).)  It also authorized new facilities to provide medical, dental, and mental health treatment or housing.  The clear thrust of AB 900 was general overcrowding conditions and prisoner rehabilitation—not delivery of medical or mental health care.

The CDCR created the Expert Panel on Adult Offender Reentry and Recidivism Reduction Programs (the Expert Panel) in response to authorization language placed in the Budget Act of 2006-2007. The Legislature directed the CDCR to contract with correctional program experts to complete an assessment of California's adult prison and parole programs designed to reduce recidivism. Additionally, the CDCR tasked the Panel to provide it with recommendations for improving the programming in California's prison and parole system.  The Expert Panel did not address the alleged inadequacies in medical or mental health care.

These and other similar subsequent efforts by Defendants to address and remedy overcrowding are not admissions by Defendants that overcrowding is the primary cause of the alleged constitutional violations regarding medical and mental health care in prisons.  Indeed, except for AB 900's authorization to construct new facilities to provide

medical, dental, and mental health treatment or housing, the measures were not directed at improving the delivery of medical or mental health care.

Moreover, under Rule 407, Defendants' subsequent remedial efforts directed at overcrowding are prohibited from being construed as admissions or otherwise used as evidence that the alleged constitutional violations in medical and mental health care do in fact currently exist or that overcrowding is the primary cause of the alleged violations.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs should be prohibited from introducing Defendants' subsequent remedial efforts directed at overcrowding such as the Governor's Prison Overcrowding State of Emergency Proclamation issued on October 4, 2006, the passage of Assembly Bill 900, and the convening of the Expert Panel on Adult Offender and Recidivism Reduction Programming and similar efforts, to prove that the alleged constitutional violations in medical and mental health care do in fact currently exist or that overcrowding is the primary cause of the alleged violations.

DATED: October 20, 2008                HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: October 20, 2008                EDMUND G. BROWN JR.
Attorney General of the State of California


By: /s/ Kyle A. Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.