PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
MARIA MORRIS, Bar No. 223903
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br>     Plaintiffs, <br>   vs. <br> ARNOLD SCHWARZENEGGER, et al., <br>     Defendants. | No. Civ S 90-0520 LKK-JFM P <br> **THREE-JUDGE COURT** <br><br> **PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF FISCAL OR HUMAN SERVICES IMPACTS OF PRISONER RELEASE ORDER** |
| MARCIANO PLATA, et al., <br><br>     Plaintiffs, <br>   vs. <br> ARNOLD SCHWARZENEGGER, et al., <br>     Defendants. | No. C01-1351 TEH <br><br><br> **THREE-JUDGE COURT** |

1

PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FISCAL OR HUMAN SERVICES IMPACTS
Nos.: Civ S 90-0520 LKK-JFM, C01-1351 THE

SF-165674 v1 0903375-00001

Plaintiffs move to exclude evidence of the financial costs that might incurred by California county governments if the Court issues a prisoner release order pursuant to this proceeding. Plaintiffs further move to exclude evidence of the cost to expand human services programs funded by county governments in order to meet additional demand for services.

## Introduction

County Intervenors have designated numerous witnesses to testify about the costs that a prisoner release order in this proceeding would impose on county governments, and in particular, the costs to expand county human services programs, such as welfare, public housing, drug treatment programs, to serve additional parolees. The purpose of this evidence is to show that releasing additional parolees would shift the costs of providing certain care from the State to county governments.

This evidence should be excluded because it is irrelevant. It is irrelevant because it does not have any tendency to make any fact of consequence in this proceeding more or less probable.

Even though this is a bench trial, the Court should exclude the irrelevant testimony in advance of trial because an early ruling will eliminate some witnesses altogether, and shorten the testimony of other witnesses.

## Witnesses Testifying About Fiscal and Human Services Impacts

County Intervenors have designated the following witnesses to testify about the impact on human services provided by counties, and the costs of expanding those services to cope with an influx of additional parolees:

1. <u>Duane Bay</u>. Mr. Bay is the San Mateo County Director of Housing. Santa Clara's witness disclosure stated that Mr. Bay would testify about the impact of a prisoner release order on the County's provision of housing assistance. San Mateo County's Disclosure of Non-Retained Experts for Trial, 3:4-6. Exhibit 1 to the Declaration of Edward P. Sangster In Support of Motions in Limine Nos. 6 and 7 (hereafter, "Sangster Decl."). During his deposition, Mr. Bay admitted that he had no opinions concerning the impact that a prisoner release order would have on public safety. Bay Depo., 51:2-8. Sangster Decl.Ex. 2.

2

PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FISCAL OR HUMAN SERVICES IMPACTS
Nos.: Civ S 90-0520 LKK-JFM, C01-1351 THE

2. <u>David Boesch</u>. Mr. Boesch is the Assistant County Manager for San Mateo County. San Mateo County designated Mr. Boesch to testify about impacts of a prisoner release order on the County budget and the services the county provides to the community, as well as county efforts to relieve jail overcrowding. San Mateo County's Disclosure of Non-Retained Experts for Trial, 3:7-9. Sangster Decl. Ex. 1. He opined regarding the cost to San Mateo County of providing to services if the Court ordered the immediate release of 40,000 inmates.[1]

3. <u>Robert Garner</u>. Mr. Garner is the Director of Alcohol and Drug Services for Santa Clara County. Santa Clara County designated Mr. Garner to testify regarding Santa Clara County's substance abuse treatment programs and services, the cost of providing substance abuse treatment and treatment to the mentally ill in the County, and the adverse impact of a prisoner release order on County substance abuse treatment services. County of Santa Clara's Disclosure of Witnesses, 3:8-14. Sangster Decl. Ex. 3. His expert report expressed two opinions:

> "Opinion #1: The release of State prisoners into Santa Clara County will have a severe negative impact on the Santa Clara County drug treatment system."
>
> "Opinion #2: The County would need significant funding to provide alcohol and drug services to State prisoners released into Santa Clara County."

4. <u>Gary Graves</u>. Mr. Graves is the Assistant County Executive of Santa Clara County. Santa Clara County designated Mr. Graves to testify regarding the County's budget and fiscal status, County programs, services and operations, the cost of and resources needed for County programs, services and operations, and the adverse impact of a prisoner release order on those programs, services and operations. County of Santa Clara's Disclosure of Witnesses, 2:21-27. Sangster Decl. Ex. 3. Mr. Graves offered five opinions in connection with his testimony:

> Opinion #1: A prisoner release order would "create jail overcrowding conditions in our systems and significant budgetary impacts."

---

[1] Mr. Boesch may attempt to testify about impacts other than financial impacts, but Plaintiffs believe that he will fail to qualify to testify regarding those subjects.

3

PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FISCAL OR HUMAN SERVICES IMPACTS
Nos.: Civ S 90-0520 LKK-JFM, C01-1351 THE

1
2
3
4
5
6
7
8
9
10
11

        Opinion #2: Santa Clara's "Drug and Alcohol system including inpatient and outpatient services would not be able to support the addition of new clients without resources."

        Opinion #3: Santa Clara's "local Mental Health system including inpatient and outpatient services would not be able to support the addition of new clients without resources."

        Opinion #4: A prisoner release order would "further exacerbate the homeless problem in Santa Clara County as there is currently an insufficient supply of affordable housing units."

        Opinion #5: A prisoner release order would "put an additional burden on public health care facilities in Santa Clara County."

5. <u>Beverly Beasley-Johnson</u>. Ms. Beasley-Johnson is the Director of the San Mateo Human Services Agency. San Mateo County designated Ms. Beasley-Johnson to testify regarding the impact of a prisoner release order on human services provided by the County, including children and family services, employment and financial assistance services, and health insurance eligibility services. San Mateo County's Disclosure of Non-Retained Experts for Trial, 3:13-16. Sangster Decl. Ex. 1.

6. <u>Paul McIntosh</u>. Mr. McIntosh is the Executive Director of the California State Association of Counties, an organization that lobbies on behalf of California county governments. Santa Clara County designated him to testify concerning the impact of a prisoner release order on California counties. Mr. McIntosh testified during his deposition, "I'm not testifying on the impacts on the public safety or criminal justice system." McIntosh Depo., 134:18-20, Sangster Decl. Ex. 4. "My intervention [sic] was based upon the impact to the social welfare system." <u>Id</u>., 134:25-135:1, Sangster Decl. Ex. 4. "My report is predicated upon the impact of the social welfare fabric due to the potential release of parolees, not to the criminal justice or public safety. Other intervenors are dealing with that issue." <u>Id</u>. at 139:25-140:3. Sangster Decl. Ex. 4.

7. <u>Charlene Silva</u>. Ms. Silva is the San Mateo County Health Director. San Mateo County designated her to testify regarding "the impact of a prisoner release order on the County's health services, including aging and adult services, behavioral health and recovery services, correctional

4

PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF FISCAL OR HUMAN SERVICES IMPACTS
Nos.: Civ S 90-0520 LKK-JFM, C01-1351 THE

health services, emergency medical services, environmental health services, family health and public health, and publicly funded medical services." County of San Mateo's Disclosure of Witnesses, 3:21-25. Sangster Decl. Ex. 1.

### Argument

The question presented by this motion *in limine* is whether evidence of the financial cost to California counties, and the impact on human services programs, is relevant.

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence of financial or programmatic impact is not relevant because is it not one of the factors to be considered pursuant to the Prison Litigation Reform Act.

The Courts in both *Plata* and *Coleman* have already determined that existing conditions in the California prison system subject inmates to cruel and unusual punishment in violation of the United States Constitution. The questions in this proceeding are, therefore, whether overcrowding is the primary cause of the Constitutional violations, and whether any other relief will remedy the violations. 18 U.S.C. §3626(a)(3)(E). In addition, when deciding whether to grant a prisoner release order as a form of prospective relief, "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. §2626(a)(1).

The evidence to which this motion is addressed obviously does not concern the questions of whether overcrowding is the primary cause of the Constitutional violation, or whether any other relief will remedy the violations. With two limited exceptions, none of the testimony summarized above addresses the impact on public safety or a criminal justice system.[2] Because the evidence does not make any "fact of consequence" in the proceeding more or less probable, it is irrelevant.

---

[2] Providing that the witnesses can qualify as experts or percipient witnesses, the opinions of Mr. Boesch and Mr. Graves about the impact on overcrowding in local jails arguably falls within the statutory criteria to be considered. These are relatively minor portions of their opinion testimony.

The County Intervenors apparently contend that the Court must consider any and every type of impact that would flow from a prisoner release order, including, primarily, the monetary impact. The statute does not require that, however. Indeed, its narrow wording suggests that an unbridled evaluation of all conceivable impacts would be inappropriate when evaluating remedies for Constitutional violations. If Congress intended for courts to consider "all impacts," Congress would have said so.

The Court should bear in mind that the evidence being proffered by the County Intervenors does not tend to show that human services will be unavailable to parolees. Instead, the evidence is being offered to show that the services cannot be provided without counties spending more money. In short, it is all about the money. More particularly, it is about which governmental budget will fund the care: the State, while people are incarcerated, or the counties, while people are on parole.

The Prison Litigation Reform Act does not require the Court to consider the cost of providing human services to parolees, nor does it require the Court to consider whether a prisoner release would shift such costs from one political subdivision of the State to one or more other subdivisions. The evidence is not, therefore, relevant.

**Conclusion**

The County Intervenors in effect ask this Court to prolong the infliction of cruel and unusual punishment on California prison inmates because the counties are either unwilling to fund programs for parolees or are short on the cash necessary to do so. Evidence of the costs to be incurred by counties, as opposed to the State, is irrelevant to the issues raised by this proceeding. It should, therefore, be excluded.

Dated: October 20, 2008      By:

    /s/ Edward P. Sangster
    EDWARD P. SANGSTER
    ed.sangster@klgates.com

    K&L Gates LLP
    Attorneys for Plaintiffs