| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99461<br>SARA NORMAN, Bar No. 189536<br>ALISON HARDY, Bar No. 135966<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 | ROSEN BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LISA ELLS, Bar No. 243657<br>MARIA V. MORRIS, Bar No. 223903<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 433-6830 |
| K & L GATES LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: (415) 882-8200 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY -<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br>No. C01-1351 THE<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants | **PLAINTIFFS' MOTION IN LIMINE NO. 8 TO EXCLUDE HEARSAY IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL** |

1

TO DEFENDANTS AND INTERVENORS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs' Marciano Plata, et al., and Ralph Coleman, et al., move the Three-Judge Panel for an in limine order to exclude any and all hearsay statements, references to, testimony, or argument regarding the hearsay statements contained in Defendants' and Intervenors' experts' reports from introduction into evidence at trial. This motion is based on this notice, the points and authorities below, the supporting declaration and attached exhibits, the Court's file in this case, and any argument presented to the Three-Judge Panel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Each of Defendants' and Intervenors' experts have provided reports that contain hearsay statements which the experts rely on in support of their opinions. Though experts may typically rely on any evidence, even hearsay evidence, to support their opinions, where as here the expert repots are being submitted into evidence as direct testimony at trial, such hearsay evidence is not admissible. Absent an exception to the hearsay rule, an out-of-court statement may not be offered to establish the truth of what it asserts. Fed.R.Evid. 802. Plaintiffs therefore move in limine to exclude any and all hearsay statements and references and argument regarding the hearsay statements contained in Defendants' and Defendant-Intervenors' experts' reports from introduction into evidence at rail. Plaintiffs only seek to exclude these hearsay statements to the extent defendants or intervenors attempt to introduce such statements into evidence for the truth of what they assert. To the extent such hearsay statements are only being offered to demonstrate the effect on the hearer, i.e. the experts, and not to establish as fact the validity of the statements, such statements may be admissible. See Fed.R. Evid. 801.

### ARGUMENT

The facts or data relied upon by an expert in forming his or her opinion need not be admissible into evidence for the opinion to otherwise be admissible. Fed.R.Evid. 703 ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts

Pltffs' MIL No. 8
Re Expert Report Hearsay
Case Nos. 90-00520; 01-1351

2

1  or date need not be admissible in evidence in order for the opinion or inference to be admitted."). But
2  during testimony at trial, such evidence is not independently admissible absent a proper foundations.
3  See Fed.R.Evid. 703; see also Fed.R.Evid 802. An expert may discuss the information relied upon in
4  reaching an opinion, but that evidence is not admissible for the truth of what it asserts unless a proper
5  foundation is laid for each individual piece of evidence sought to be admitted.

6  Here, the rules of evidence regarding expert testimony are compounded since Defendants' and
7  Defendant-Intervenors' experts' reports, which ordinarily may contain hearsay, will be wholly admitted
8  into evidence at trial as direct testimony. See Order Bifurcating Proceedings and Setting Deadlines for
9  Phase 1, October 10, 2007 (Plata Docket No. 880), at 6 ("direct testimony from expert witnesses will be
10 presented through their expert reports and no more than thirty minutes of live testimony, followed by
11 cross-examination."); see also Order for Pretrial Preparation, July 2, 2008 (Plata Docket No. 1294), at
12 3:28-4:2. Because many if not all of Defendants' and Defendant-Intervenors' experts' reports contain
13 hearsay statements in support of those experts' opinions, plaintiffs seek to exclude from evidence at trial
14 any and all hearsay statements, as well as argument and testimony relating to such hearsay statements, to
15 the extent that defendants or defendant-intervenors seek to offer into evidence those statements for the
16 truth of what they assert.

17 By way of example, the Expert Report of Intervenor Expert Jerry Dyer, City of Fresno Chief of
18 Police, states, "According to Parole Agent, Daniel Renteria, the majority of these commitments [for
19 parolees in Fresno County] are not the result of a first time conviction. Most of these offenders have
20 multiple arrests preceding their commitment to prison. In most cases, the first two or three convictions
21 result in diversion or probation commitments." See Declaration of Michael W. Bien In Support Of
22 Coleman and Plata Plaintiffs Motions In Limine (Bien Decl.), Exhibit I at at 4 (third full paragraph from
23 bottom). Similarly, the Chief's report states that a superior court judge said certain things. *Id*. at 6
24 (second paragraph from bottom). The introduction of these statement into evidence, for the truth of the
25 matters asserted, is prohibited because what a parole agent or judge said is hearsay for which an
26 independent foundation has not been established.

27 Pltffs' MIL No. 8
   Re Expert Report Hearsay
28 Case Nos. 90-00520; 01-1351                    3

Similarly, the Rebuttal Report of Gail Bataille, MSW, makes broad assertions about the imminent abandonment of the Medi-Cal system by certain California counties, sourced only to a personal email from a non-party in this case: "8/26 personal e mail communication from Pat Ryan, Executive Director of CMHDA regarding county notification to State Department of Mental Health that counties are considering opting out of the mental health Medi-Cal program." Bien Decl., Exhibit M at 9, 11. Ms. Bataille relies on things she heard in conference calls with county officials for factual assertions in her reports: "8/25 conference call communication with Patricia Ryan, Executive Director- CMHDA, Don Kingdon, Ph.D, Assistant Director-CMHDA, Karen Baylor, Ph.D, San Luis Obisbo, Behavioral Health Director and Co-Chair, CMHDA Forensic Committee and Nancy Pena, Ph.D, President of CMHDA and Mental Health Director, Santa Clara County." *Id*. In her initial report, Ms. Bataille makes various general assertions about the possibly impacts of a prisoner release based on written analyses by the California State Association of Counties and the California Mental Health Directors Association regarding certain state budget proposals. Bien Decl., Exhibit L at 1, 10, 16, 23-24.

The examples cited above are not an exhaustive list of the hearsay evidence relied upon by defendants' and intervenors' experts in their reports. The examples are referenced to demonstrate the problem of permitting those reports to be admitted into evidence as direct testimony without regard to evidentiary rules regarding the inadmissability of hearsay. Plaintiffs concede that experts may rely on hearsay to form opinions but dispute that such hearsay is admissible into evidence at trial to establish the truth of what it (the hearsay) asserts. Plaintiffs therefore seek to exclude from evidence at trial any and all hearsay relied upon by defendants' and intervenors' experts in forming their opinions to the extent such statements are offered for the truth of what they assert.[1]

///
///
///

---

[1]. Hearsay may be admissible for the truth of the matter asserted if it falls within an exception to the hearsay prohibition.

## **CONCLUSION**

Defendants' and Intervenors' experts' reports, as well as any reference to the reports or contents, and testimony regarding those reports, and argument based thereon, must be excluded at trial to the extent the reports, testimony, or argument refer to hearsay statements are offered for the truth of what the statements assert.

DATED: October 20, 2008

                                                Respectfully submitted,

                                                By: */s/ Steven Fama*

Steven Fama
Prison Law Office
Attorney for Plaintiffs in
*Plata v. Schwarzenegger*
and
*Coleman v. Schwarzenegger*