EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**EXHIBITS DD TO EXHIBIT OO TO DECLARATION OF PAUL MELLO IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE**<br><br>**To: Three-Judge Panel** |

# EXHIBITS DD - FF

**EXHIBIT DD**

## Alessandra Moore

**From:** Kyle Lewis [Kyle.Lewis@doj.ca.gov]
**Sent:** Friday, August 15, 2008 3:27 PM
**To:** ahardy@prisonlaw.com; dspecter@prisonlaw.com; mbien@rbg-law.com
**Cc:** Jon Wolff; Lisa Tillman; Paul B. Mello; Renju P. Jacob; Samantha D. Tama
**Subject:** 3-Judge Panel -- Supplemental Responses to Defendants' Discovery

Dear Counsel,

As Plaintiffs are aware, the Federal Rules of Civil Procedure impose a duty to supplement or correct responses to interrogatories, requests for production, and requests for admissions "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." (Fed. R. Civ. P. 26(e)(1)(A).) Most, if not all, of Plaintiffs' previous responses to Plata and Coleman Defendants' discovery requests contain outdated, incomplete, and incorrect information and therefore must be updated in accordance with the federal rules. For instance, in Defendant Tilton's First Set of Interrogatories, Interrogatory no. 4 asks if Plaintiffs contend that the "plans of the Office of the Receiver, as set forth in the Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail to result in DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?" Plaintiffs provided a supplemental response to this interrogatory on November 14, 2007. Since that time, the Receiver has issued two subsequent quarterly reports -- on March 14, 2008, and June 17, 2008. Plaintiffs must update their response to indicate whether they continue to contend that the plans of the Office of the Receiver will fail to result in Defendants providing constitutionally adequate medical care to Plaintiffs in light of the Receiver's two recent reports.

Given the fact that none of Plaintiffs' discovery responses have been updated since November 2007, Plaintiffs must provide Defendants with supplemental responses immediately. Plaintiffs must also provide Defendants with corresponding privilege logs to the extent that documents are withheld from production in response to requests for production of documents. Defendants will expect to receive supplemental responses and privilege logs to all previously propounded discovery requests no later than September 1, 2008. Please inform us by noon on Monday August 18th if Plaintiffs do not agree to produce supplemental responses and privilege logs on or before September 1, 2008 so that we may take immediate and appropriate action with the Court.

We look forward to your prompt response.

Sincerely,

Kyle Lewis

Kyle A. Lewis
Office of the Attorney General
Department of Justice, State of California

10/17/2008

455 Golden Gate Avenue, Suite 11000
San Francisco, CA   94102
Telephone:  (415) 703-5677
Facsimile:  (415) 703-5843
E-mail:  Kyle.Lewis@doj.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

10/17/2008

**EXHIBIT EE**

## Alessandra Moore

| | |
|---|---|
| **From:** | Samantha D. Tama |
| **Sent:** | Wednesday, August 20, 2008 4:01 PM |
| **To:** | 'Maria Morris' |
| **Cc:** | Paul B. Mello; 'rochelle.east@doj.ca.gov'; 'kyle.lewis@doj.ca.gov'; Renju P. Jacob; Charles Antonen; 'Lisa Tillman'; Coleman Team - RBG Only; Sara Norman; Hardy, Alison (EXTERNAL); Donald Specter; 'Jon Wolff' |
| **Subject:** | RE: Plata/Coleman - Supplementing Discovery Responses |

Maria,

Thank you for your response. While I agree with your statement that under Rule 26(e) and Magistrate Judge Moulds' August 14, 2008 order, Plaintiffs are required to supplement discovery responses "when and if [you] learn that a response or responses are incomplete or inaccurate," I disagree that Plaintiffs have complied with this obligation.

As Kyle Lewis pointed out by way of example in his August 15, 2008 email, Plaintiffs' response to Interrogatory No. 4 in Defendant Tilton's First Set of Interrogatories was provided on November 14, 2007, and contains outdated and incomplete information. The interrogatory asks if Plaintiffs contend that the "plans of the Office of the Receiver, as set forth in the Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail to result in DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?" Since Plaintiffs' November 14, 2007 response, the Receiver has issued two quarterly reports -- on March 14, 2008 and on June 17, 2008. Given that over two months have passed since the Receiver's most recent quarterly report issued (and over 5 months since the Receiver's previous quarterly report issued), Plaintiffs are not supplementing discovery in a timely fashion in compliance with the Federal Rules of Civil Procedure.

Moreover, your statement that Plaintiffs will supplement "when and if" Plaintiffs learn that a response is incorrect directly contradicts statements contained in Plaintiffs' motion to compel Defendants to supplement discovery responses, in which you state: "There can be no question that the circumstances have changed with the passage of time, rendering last year's productions and responses incomplete and inaccurate." (Joint Statement re Plaintiffs' Motion to Compel Supplemental Responses and Production at 6:16-17; *Plata* Docket No. 1358.) You went on to state that "there is direct evidence of changes and discussions that have occurred in the last eight months that demonstrate that the productions and other responses from December 2007 are no longer complete or accurate." (*Id.* at 7:8-10.)

To that end, Defendants highlight as follows certain discovery responses that should be prioritized for supplementation immediately. This list is by no means exhaustive of the responses that Defendants believe require supplementation.

1. Plata Plaintiffs' Response to Defendant Schwarzenegger's First Request for Production of Documents, Nos. 1, 3, 4, and 11. Plaintiffs objected to each of these requests on the grounds that they were not relevant to Phase I of the proceeding. Because the trial is no longer bifurcated (and hasn't been since the Court's February 8, 2008 order), these requests require immediate responses.

10/17/2008

2. Plata Plaintiffs' Response to Defendant Schwarzenegger's First Set of Interrogatories, Nos. 2, 3, 4, 5, 6, 8, 9, 11, 12, 13, and 14. Similar to the above responses, numbers 2, 3, 8, 9, 11, 12, 13 and 14 are objected to on the grounds that they are not relevant to Phase I of the proceeding. Number 4 seeks a response "as of the date of PLAINTIFFS' response" whether Plaintiffs contend that Defendants are failing to provide constitutionally adequate medical care, and therefore must be updated to the present. Numbers 5 and 6 follow up on number 4.

3. Plata Plaintiffs' Response to Defendant Tilton's First Set of Interrogatories, Nos. 7, 8, and 9. As with above, all three interrogatories are objected to on the grounds that they are not relevant to Phase I of the proceeding.

4. Each of the individually-named class members' responses to Defendant Michael Genest's First Set of Interrogatories, nos. 3, 4, 6, 7, 12, and 13, and the corresponding document requests.

Defendants will anticipate service of Plaintiffs' supplemental responses to the above requests no later than **Monday, September 1, 2008**. Defendants will also anticipate service of a corresponding privilege log, as presumably, Plaintiffs have been in contact with their clients. To the extent you have not been in contact with your clients, a privilege log will nonetheless be necessary as Plaintiffs undoubtedly have work product responsive to the above requests.

Defendants also note that although they identify which discovery requests require immediate supplementation, it is not the propounding party's responsibility to do so. Rather, it is Plaintiffs' obligation as the responding party to identify those disclosures or responses that are incomplete or incorrect, and supplement accordingly. (See Fed. R. Civ. P. 26(e)(1)(A).) Defendants will therefore also anticipate service of Plaintiffs' supplemental responses to all other discovery requests that require supplementation, but were not prioritized in the above list. Plaintiffs' failure to properly supplement discovery requests will result in exclusion at trial of all evidence that postdates your responses to Defendants' discovery requests. (See August 14, 2008 Order at 3:15-20; see also Fed. R. Civ. P. 37(c).)

Sincerely,

Samantha Tama

---

**From:** Maria Morris [mailto:MMorris@rbg-law.com]
**Sent:** Tuesday, August 19, 2008 5:13 PM
**To:** Samantha D. Tama
**Cc:** Paul B. Mello; 'rochelle.east@doj.ca.gov'; 'kyle.lewis@doj.ca.gov'; Renju P. Jacob; Charles Antonen; 'Lisa Tillman'; Coleman Team - RBG Only; Sara Norman; Hardy, Alison (EXTERNAL); Donald Specter
**Subject:** RE: Plata/Coleman - Supplementing Discovery Responses

Ms. Tama,

Per the Court's Order and Rule 26(e), we will supplement discovery responses when and if we learn that a response or responses are incomplete or inaccurate in a material respect and the information has not otherwise been made known to Defendants. We are reviewing our responses and will continue to do so. If there are any particular responses that you believe may no longer be complete or accurate that you would like us to prioritize as we review responses, please let us know.

Regards,
Maria V. Morris

Maria V. Morris
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
415-433-6830
fax: 415-433-7104

mmorris@rbg-law.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com <mailto:rbg@rbg-law.com>. IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Samantha D. Tama [mailto:STama@hansonbridgett.com]
**Sent:** Tuesday, August 19, 2008 3:53 PM
**To:** Hardy, Alison (EXTERNAL); Michael W. Bien; Donald Specter
**Cc:** Paul B. Mello; Rochelle East; Jon Wolff; Kyle Lewis; Renju P. Jacob; Charles Antonen; Lisa Tillman
**Subject:** Plata/Coleman - Supplementing Discovery Responses

Dear Counsel,

I write this email on behalf of Kyle Lewis from the AG's Office, who is out of the office today.

Last week Kyle sent you an e-mail requesting that Plaintiffs comply with Federal Rule of Civil Procedure 26(e)(1)(A) by supplementing/correcting your incomplete and incorrect responses to interrogatories, requests for admissions, and requests for production of documents previously served on Plaintiffs by the *Plata* and *Coleman* Defendants. Kyle requested that you inform us by noon on Monday, August 18, 2008, if you did not agree to produce supplemental responses and a privilege log. To date, we have not received a response. Accordingly, Defendants assume that Plaintiffs agree to supplement all incomplete and incorrect discovery responses and provide a privilege log, if necessary, by September 1, 2008. If this is not accurate, please inform me no later than noon tomorrow, Wednesday, August 20, 2008.

If Plaintiffs do not agree to supplement all incorrect and incomplete previous discovery responses and provide a privilege log where necessary, Defendants will file a motion to exclude all evidence Plaintiffs intend to introduce at trial that postdates your responses to Defendants' discovery requests. This is in accordance with Magistrate Judge Moulds' August 14, 2008 Order.

Sincerely,

Samantha Tama

---

10/17/2008

SAMANTHA D. TAMA
Attorney
stama@hansonbridgett.com
(415) 995-5020 Direct
(415) 995-3547 Fax



Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
San Francisco | Sacramento | North Bay | Silicon Valley

 To reduce paper use, we ask that you please consider the environment before printing this e-mail.

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

10/17/2008

**EXHIBIT FF**

**Samantha D. Tama**

| | |
|---|---|
| **From:** | Samantha D. Tama |
| **Sent:** | Thursday, September 04, 2008 9:47 AM |
| **To:** | Maria Morris |
| **Cc:** | 'Donald Specter'; 'Michael W. Bien'; Paul B. Mello; Jon Wolff; 'Lisa Tillman' |
| **Subject:** | Plata- Discovery Supplementation |

Maria-

This email is to follow-up on our communications two weeks ago regarding Plaintiffs' obligation to supplement their outdated and inaccurate discovery responses from last year. You asked Defendants to advise you of any discovery responses that we believed required immediate supplementation. Though the Federal Rules of Civil Procedure specifically place that burden on the responding party (in this case Plaintiffs), Defendants nonetheless went to the effort of providing Plaintiffs with a list of responses that required immediate supplementation. Defendants requested that such supplemental responses be provided by September 1, 2008. I never received a response to my email below informing me that Plaintiffs would be unable to comply with this request. Nor did Defendants receive from Plaintiffs any privilege logs, documents, or supplemental responses to the previously-propounded discovery on or before September 1, 2008.

Please be informed that because Plaintiffs have refused to comply with the Federal Rules of Civil Procedure in supplementing their outdated and inaccurate discovery responses, Plaintiffs are precluded from introducing at trial any evidence postdating Plaintiffs' November responses to Defendants' discovery requests. (*See* August 14, 2008 Order at 3:15-20; *see also* Fed. R. Civ. P. 37 (c).)

Sincerely,

Samantha

---

SAMANTHA D. TAMA
Attorney
stama@hansonbridgett.com
(415) 995-5020 Direct
(415) 995-3547 Fax

 HansonBridgett

Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
San Francisco | Sacramento | North Bay | Silicon Valley

---

 To reduce paper use, we ask that you please consider the environment before printing this e-mail.

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

10/20/2008