**EXHIBIT GG**

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LORI RIFKIN, Bar No. 244081
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | ) No. Civ S 90-0520 LKK-JFM P |
| | ) |
| Plaintiffs, | ) **THREE-JUDGE COURT** |
| | ) |
| vs. | ) |
| | ) |
| ARNOLD SCHWARZENEGGER, et al., | ) |
| | ) |
| Defendants | ) |
| | |
| MARCIANO PLATA ,et al., | ) No. C01-1351 THE |
| | ) |
| Plaintiffs, | ) **THREE-JUDGE COURT** |
| vs. | ) |
| | ) **PLATA PLAINTIFFS' THIRD SUPPLEMENTAL** |
| ARNOLD SCHWARZENEGGER, et al., | ) **RESPONSE TO DEFENDANT TILTON'S FIRST** |
| | ) **SET OF INTERROGATORIES** |
| Defendants | ) |

235219-4]

1  **PROPOUNDING PARTIES:**    DEFENDANT TILTON

2  **RESPONDING PARTIES:**    *PLATA* PLAINTIFFS

3  **SET NUMBER:**    ONE

4      Pursuant to Federal Rule of Civil Procedure 33 and the general rules governing discovery,

5  Plaintiffs hereby submit the following Third Supplemental Response to Defendant Tilton's First Set of

6  Interrogatories to Plaintiff Plata:

7                **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

8      1.    Plaintiffs have not completed their investigation of the facts relating to this case, have

9  not completed their discovery in this action and have not completed their preparation for trial. As of

10  the date of Plaintiffs' response, Defendants continue to wrongfully withhold responsive and material

11  documents that both the Magistrate Judge and the Three Judge Courts have ordered be produced.

12  Therefore, these responses, while based on diligent factual exploration, reflect only Plaintiffs' current

13  state of knowledge, understanding, and belief with regard to the matters about which inquiry has been

14  made. Plaintiffs reserve the right to supplement these responses with subsequently obtained or

15  discovered information. With regard to each interrogatory, Plaintiffs reserve the right, notwithstanding

16  these answers and responses, to employ at trial or in any pretrial proceeding herein information

17  subsequently obtained or discovered, information the materiality of which is not presently ascertained,

18  or information Plaintiffs do not regard as coming within the scope of the Interrogatories as Plaintiffs

19  understand them.

20      2.    These responses are made solely for the purpose of this action. Each answer is subject

21  to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege,

22  and any and all other objections that would require exclusion of any statement contained herein if any

23  such Interrogatories were asked of, or any statement contained herein were made by, a witness present

24  and testifying in court, all of which objections and grounds are reserved and may be interposed at the

25  time of trial.

26      3.    Except for explicit facts admitted herein, no incidental or implied admissions are

27  intended hereby. Plaintiffs' answers or objections to any interrogatory are not an admission of any fact

28  set forth or assumed by that interrogatory. In addition, each of Plaintiffs' answers to an interrogatory

-1-

235219-4]

1    or part of any interrogatory is not a waiver of part or all of any objection she might make to that form

2    of interrogatory, or an admission that such answer or objection constitutes admissible evidence.

3    Plaintiffs assert these objections without waiving or intending to waive any objections as to

4    competency, relevancy, materiality or privilege.

5        4.      Plaintiffs object to each and every interrogatory to the extent that Defendants are

6    requesting information that is privileged pursuant to the attorney-client privilege, the work product

7    doctrine, the right to privacy, or any other applicable privilege or doctrine. Plaintiffs object to the

8    Definition of "PLAINTIFFS" which specifically includes "attorneys" and therefore by definition seeks

9    information in violation of the attorney-client privilege and the work product doctrine. Plaintiffs

10    object to the Instructions provided by Defendants insofar as they specifically call for information

11    protected by the attorney-client privilege and work-product doctrine, such as requiring Plaintiffs to

12    "furnish all information available to you, including information in the possession of

13    your…attorneys…" and asking for information that is "obtained or developed by you or your counsel."

14        5.      Plaintiffs object to each and every interrogatory to the extent that Defendants are

15    requesting information that is neither relevant to the subject matter of this action or reasonably

16    calculated to lead to the discovery of admissible evidence.

17        6.      Plaintiffs object to the Interrogatories to the extent that they seek information available

18    to Defendants through public sources or records, and on the grounds that they subject Plaintiffs to

19    unreasonable and undue annoyance, oppression, burden and expense. Plaintiffs further object to the

20    Requests to the extent that such Requests are unduly burdensome because much or all of the

21    information requested in the Interrogatories is in the possession of Defendants, has been filed with

22    Court, or is otherwise equally or more available to Defendants than to Plaintiffs.

23        7.      Plaintiffs object to the Interrogatories to the extent that they are vague and ambiguous

24    and do not include adequate definition, specificity, or limiting factors.

25        8.      Plaintiffs object generally to each interrogatory to the extent that it seeks information

26    prepared by expert consultants. Plaintiffs' retained experts completed reports on November 9, 2007,

27    August 15 and 27, 2008, and will be providing at least two additional expert reports in September, as

28

235219-4]

1  required by the Three-Judge Court's orders.  Many of Defendants' Interrogatories request information

2  that was or will be provided in whole or in part through expert testimony.

3       9.       Plaintiffs object generally to each interrogatory that involves an opinion or contention

4  that relates to fact or the application of law to fact upon the ground that such Interrogatories are

5  premature and inappropriate until after discovery has been completed.  Plaintiffs moreover object to

6  Interrogatories requesting "each and every" and/or "any and all" fact(s) or piece(s) of evidence on a

7  particular topic, as such contention Interrogatories are unduly burdensome, oppressive, and

8  inappropriate.

9       Subject to and without waiving the foregoing objections, and incorporating them by reference

10  into each of the responses provided below, Plaintiffs hereby respond as follows:

11                       **RESPONSES TO INTERROGATORIES**

12  **INTERROGATORY NO. 1:**

13       Do PLAINTIFFS contend that no other relief, other than a PRISONER RELEASE ORDER

14  *("mean[ing] any order, including a temporary restraining order or preliminary injunctive relief, that*

15  *has the purpose or effect of reducing or limiting the prison population, or that directs the release from*

16  *or nonadmission of prisoners to a prison ass et forth in the Prison Litigation Reform Act (PLRA) at 18*

17  *U.S.C. section 3626(g)(4)."),* will remedy the failure of the Office of the Receiver to provide

18  constitutionally adequate medical care to Plaintiffs?

19  **RESPONSE TO INTERROGATORY NO. 1:**

20       In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

21  grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant

22  to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. It is also

23  vague and ambiguous to the extent that it suggests that the failure to provide constitutionally adequate

24  medical care to Plaintiffs is the sole responsibility of the Office of the Receiver.  Further, Plaintiffs

25  object to the terms "remedy" and "constitutionally adequate" as vague and ambiguous.  Plaintiffs also

26  object to the extent that it would require disclosure of information protected by the attorney-client

27  privilege, work-product doctrine, or any other applicable privilege.

28

235219-4]

1    Without waiving and subject to its objections, Plaintiffs respond that they do contend that no

2    other relief, other than a PRISONER RELEASE ORDER (as defined in Defendant's Tilton's First set

3    of Interrogatories) will remedy the Defendants' and the Office of the Receiver's inability to provide

4    constitutionally adequate medical care to Plaintiffs.

5    **INTERROGATORY NO. 2:**

6    State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory

7    number 1.

8    **RESPONSE TO INTERROGATORY NO. 2:**

9    In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

10   grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant

11   to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. It is vague

12   and ambiguous to the extent that it suggests that the failure to provide constitutionally adequate

13   medical care to Plaintiffs is the sole responsibility of the Office of the Receiver. Further, Plaintiffs

14   object to the terms "remedy" and "constitutionally adequate" as vague and ambiguous. Plaintiffs also

15   object to the extent that it would require disclosure of information protected by the attorney-client

16   privilege, work-product doctrine, or any other applicable privilege. Plaintiffs further object on the

17   grounds that this interrogatory is premature: Discovery is still on going, Defendants have still not

18   produced all documents requested and depositions have not yet been taken. This premature discovery

19   will result

20   Without waiving and subject to its objections, Plaintiffs respond as follows: All facts set forth

21   in Plaintiffs' Notice of Motion and Motion to Convene a Three Judge Panel to Limit Prison

22   Population, filed on November 13, 2006 in Plata v. Schwarzenegger; All facts referenced in Plaintiffs'

23   expert report due on November 9, 2007.

24   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

25   Incorporating and without waiving all objections and General Objections stated above, Plaintiff

26   responds as follows: all facts set forth or referenced in Plaintiffs' Expert reports that have and will be

27   submitted to Defendants according to the expert discovery schedule, including in all exhibits and

28

-4-

235219-4]

1  documents relied on and listed in those reports; and all facts set forth or referenced in depositions taken

2  to date including in the exhibits for all depositions taken to date.

3  **INTERROGATORY NO.3:**

4      Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to

5  interrogatory number 1.

6  **RESPONSE TO INTERROGATORY NO. 3:**

7      In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

8  grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant

9  to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. It is vague

10  and ambiguous to the extent that it suggests that the failure to provide constitutionally adequate

11  medical care to Plaintiffs is the sole responsibility of the Office of the Receiver.  Plaintiffs also object

12  to the extent that it would require disclosure of information protected by the attorney-client privilege,

13  work-product doctrine, or any other applicable privilege.  Plaintiffs further object on the grounds that

14  this interrogatory is premature: Discovery is still on going, Defendants have still not produced all

15  documents requested and depositions have not yet been taken.  This premature discovery will result in

16  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

17      Without waiving and subject to its objections, Plaintiffs respond as follows: Governor

18  Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;   Publicly

19  available articles and photographs; CDCR's Inmate Population, Rehabilitation, and Housing

20  Management Plan; Relevant portions of the Record Transcript from the October 5, 2006 Hearing in

21  *Madrid v. Tilton*, Case No. 90-3094 TEH; Findings of Fact and Conclusions of Law Re Appointment

22  of Receiver, entered October 3, 2005; Corrections Independent Review Panel, "Reforming

23  Corrections," June 2004, Chapter 7, Inmate/Parolee Population Management; CDCR Population

24  Statistics, dated November 1, 2006;  Relevant portions of the Record Transcript from the April 26 and

25  27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-0520 LKK; Memorandum written by John

26  Dovey, entitled "Memorandum Re: Modification to Correctional Operations Due to Compelling

27  Operational Need," dated October 25, 2006; Dr. Peter Farber-Szekrenyi's Letter to Robert Sillen and J.

28  Michael Keating, Jr., dated September 1, 2006; Governor Schwarzenegger's Proclamation to convene a

235219-4]

1  special session of the Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James

2  Tilton on the Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1,

3  2006; Office of the Inspector General, "Accountability Audit, Review of the Audits of the California

4  Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-2004,"

5  April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring 2007 Adult

6  Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate, Injunction and

7  Declaratory Relief, *California Correctional Peace Officers' Association v. Schwarzenegger*, No.

8  06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate Budget and Fiscal Review

9  Committee Subcommittee No. 4, Agenda of April 12, 2007;  Draft Seventeenth Monitoring Report on

10  the Defendants' Compliance with Provisionally Approved Plans, Policies, and Protocols, issued by the

11  Special Master on or about May 4, 2007, in *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK;

12  Senate Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of May 9, 2007;  Dr. Joan

13  Petersilia, "Understanding California Corrections, "May 29, 2007; Declaration of Scott Kernan in

14  Opposition to Writ of Mandate, *California Correctional Peace Officers' Organization v.*

15  *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata

16  Defendants' Report in Response to the Court's February 15, 2007 Order, May 16, 2007;  California

17  State Sheriffs' Association, "Do the Crime, Do the Time?  Maybe Not, in California: Jail Cell Shortage

18  is Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to

19  Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office of the

20  Receiver; any additional documents referenced in our expert report due on November 9, 2007;

21  pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*

22  *Schwarzenegger.*

23  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

24      Incorporating all objections and General Objections stated above, Plaintiff responds as follows:

25  All documents, articles and photographs referenced in *Coleman* and *Plata* Plaintiffs' expert reports

26  filed on November 9, 2007:  (1) Report of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3)

27  Report of Ronald Shansky; (4) Report of James Austin; (5) Report of Pablo Stewart; (6) Report of

28  Craig Haney; photographs from the CDCR website, www.cdcr.ca.gov.

235219-4]

1  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

2  Incorporating and without waiving all objections and General Objections stated above, Plaintiff

3  responds as follows: Plaintiffs' Expert reports that have and will be submitted to Defendants according

4  to the expert discovery schedule, including all exhibits and documents relied on and listed in those

5  reports; and all depositions taken to date including the exhibits for all depositions taken to date.

6  **INTERROGATORY NO. 4:**

7  Do PLAINTIFFS contend that the plans of the Office of the Receiver, as set forth in the

8  Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail to result in DEFENDANTS

9  providing constitutionally adequate medical care to PLAINTIFFS?

10  **RESPONSE TO INTERROGATORY NO. 4:**

11  In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

12  grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant

13  to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further,

14  Plaintiffs object to the term "constitutionally adequate" as vague and ambiguous. Plaintiffs also object

15  to the extent that it would require disclosure of information protected by the attorney-client privilege,

16  work-product doctrine, or any other applicable privilege.

17  Without waiving and subject to its objections, plaintiff responds that this interrogatory is so

18  ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It asks whether

19  Plaintiffs contend that the plans of the Office of the Receiver will fail to result in Defendants providing

20  constitutionally adequate medical care to Plaintiffs without specifying a time period. Further, it asks

21  whether Plaintiffs contend that a broad plan which is "subject to revision…as it is developed" and

22  which merely sets forth an "overall direction", "articulates high level steps" and requires that "a

23  number of time-phased inter-related remedial programs" be instituted", see plan at page 3, will fail to

24  result in Defendants providing constitutionally adequate care to Plaintiffs.

25  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.4**

26  Incorporating all objections and General Objections stated above, Plaintiff responds as follows:

27  Plaintiffs do contend that the preliminary plans set forth in the Receiver's Quarterly Reports filed on

28  June 20, 2007 (5th Quarterly Report) and September 25, 2005 (6th Quarterly Report) (the "Quarterly

235219-4]

1   Reports") and Plan of Action dated May 2007 will fail to result in Defendants providing

2   constitutionally adequate medical care to Plaintiffs .

3   **INTERROGATORY NO.5**

4       State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory

5   number 4.

6   **RESPONSE TO INTERROGATORY NO. 5:**

7       In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

8   grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks information not

9   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10  Further, Plaintiffs object to the term "constitutionally adequate" as vague and ambiguous.  Plaintiffs

11  also object to the extent that it would require disclosure of information protected by the attorney-client

12  privilege, work-product doctrine, or any other applicable privilege.  Plaintiffs further object on the

13  grounds that this interrogatory is premature: Discovery is still on going, Defendants have still not

14  produced all documents requested and depositions have not yet been taken.  This premature discovery

15  will result in piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

16      Without waiving and subject to its objections, Plaintiffs respond that this interrogatory is so

17  ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It asks whether

18  Plaintiffs contend that the plans of the Office of the Receiver will fail to result in Defendants providing

19  constitutionally adequate medical care to Plaintiffs without specifying a time period.  Further, it is

20  unintelligibly vague, ambiguous and overboard in that it asks whether Plaintiffs contend that a broad

21  plan which is "subject to revision…as it is developed" and which merely sets forth an "overall

22  direction", "articulates high level steps" and requires that "a number of time-phased inter-related

23  remedial programs" be instituted", see plan at page 3,  will fail to result in Defendants providing

24  constitutionally adequate care to Plaintiffs.

25  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

26      Incorporating all objections and General Objections stated above, Plaintiff responds as follows:

27  All facts referenced in *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007:  (1)

28  Report of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky; (4)

235219-4]

1   Report of James Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney; all facts referenced in

2   Plaintiffs' Response to Receiver's Plan of Action, filed June 29, 2007 in this action.

3   **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

4      Incorporating and without waiving all objections and General Objections stated above, Plaintiff

5   responds as follows: all facts set forth or referenced in Plaintiffs' Expert reports that have and will be

6   submitted to Defendants according to the expert discovery schedule, including in all exhibits and

7   documents relied on and listed in those reports; and all facts set forth or referenced in depositions taken

8   to date including in the exhibits for all depositions taken to date.

9   **INTERROGATORY NO. 6:**

10     Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to

11  interrogatory number 4.

12  **RESPONSE TO INTERROGATORY NO. 6:**

13     In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

14  grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks information not

15  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16  Plaintiffs object to the term "constitutionally adequate" as vague and ambiguous.  Plaintiffs also object

17  to the extent that it would require disclosure of information protected by the attorney-client privilege,

18  work-product doctrine, or any other applicable privilege.  Plaintiffs further object on the grounds that

19  this interrogatory is premature: Discovery is still on going, Defendants have still not produced all

20  documents requested and depositions have not yet been taken.  This premature discovery will result in

21  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs

22     Without waiving and subject to its objections, Plaintiffs respond that this interrogatory is so

23  ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It asks whether

24  Plaintiffs contend that the plans of the Office of the Receiver will fail to result in Defendants providing

25  constitutionally adequate medical care to Plaintiffs without specifying a time period.  Further, it is

26  unintelligibly vague, ambiguous and overbroad in that it asks whether Plaintiffs contend that a broad

27  plan which is "subject to revision…as it is developed" and which merely sets forth an "overall

28  direction", "articulates high level steps" and requires that "a number of time-phased inter-related

-9-

[235219-4]

1  remedial programs" be instituted", see plan at page 3, will fail to result in Defendants providing

2  constitutionally adequate care to Plaintiffs.

3  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

4       Incorporating all objections and General Objections stated above, Plaintiff responds as follows:

5  *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007: (1) Report of Jeanne

6  Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky; (4) Report of James

7  Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney; all documents, articles and

8  photographs referenced therein; the Receiver's Report re Overcrowding, filed on May 15, 2007 in this

9  action; Plaintiffs' Response to Receiver's Plan of Action, filed June 29, 2007 in this action; Receiver's

10  Quarterly Reports filed on June 20, 2007 (5th Quarterly) and September 25, 2005 (6th quarterly report)

11  and Plan of Action dated May 2007.

12  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

13       Incorporating and without waiving all objections and General Objections stated above, Plaintiff

14  responds as follows: Plaintiffs' Expert reports that have and will be submitted to Defendants according

15  to the expert discovery schedule, including all exhibits and documents relied on and listed in those

16  reports; and all depositions taken to date including the exhibits for all depositions taken to date.

17  **INTERROGATORY NO. 7**

18       Do PLAINTIFFS contend that a PRISONER RELEASE ORDER will not adversely affect

19  public safety?

20  **RESPONSE TO INTERROGATORY NO. 7:**

21       In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

22  grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks information not

23  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24  Plaintiffs object to the term "adversely affect" as it is vague and ambiguous.  Plaintiffs also object to

25  the extent that it would require disclosure of information protected by the attorney-client privilege,

26  work-product doctrine, or any other applicable privilege.

27       Without waiving and subject to its objections, Plaintiffs respond that this interrogatory is

28  premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October 10, 2007

[235219-4]

1    Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds' October 30,

2    2007 order. This premature discovery seeks to avoid the orderly plan set forth in those orders, and thus

3    imposes an undue burden on Plaintiffs. Plaintiffs reserve the right to raise additional objections when

4    and if a response to this interrogatory is needed.

5    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

6          Incorporating herein all General Objections and other objections stated above, Plaintiffs

7    respond as follows: Plaintiffs do contend that a PRISONER RELEASE ORDER need not adversely

8    affect public safety.

9    **INTERROGATORY NO. 8:**

10          State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory

11   number 7.

12   **RESPONSE TO INTERROGATORY NO. 8:**

13          In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

14   grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks information not

15   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16   Plaintiffs object to the term "adversely affect" as it is vague and ambiguous. Plaintiffs also object to

17   the extent that it would require disclosure of information protected by the attorney-client privilege,

18   work-product doctrine, or any other applicable privilege. Plaintiffs further object on the grounds that

19   this interrogatory as premature: Discovery is still ongoing, defendants have still not produced all

20   documents requested and depositions have not yet been taken. This premature discovery will result in

21   piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

22          Without waiving and subject to its objections, Plaintiffs respond that this interrogatory is

23   premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October 10, 2007

24   Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds' October 30,

25   2007 order. This premature discovery seeks to avoid the orderly plan set forth in those orders, and thus

26   imposes an undue burden on Plaintiffs.

27   **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

28

PLATA PLAINTIFFS' THIRD SUPPLEMENTAL RESPONSE TO DEFENDANT TILTON'S FIRST SET OF INTERROGATORIES, NOS.: CIV S
90-0520 LKK-JFM, C01-1351 TEH

235219-4]

1  Incorporating herein all General Objections and other objections stated above, Plaintiffs

2  respond as follows: facts as set forth in Governor Schwarzenegger's 2008-09 budget proposal, reports

3  such as *Accelerated Release: A Literature Review*, January 2008, available at http://www.nccd-crc.org,

4  and all reports cited therein; Expert Panel on Adult Offender and Recidivism Reduction Programming,

5  Report to the State Legislature, *A Roadmap for Effective Offender Programming in California* (June

6  29, 2007); Little Hoover Commission, *Solving California's Corrections Crisis: Time is Running Out*

7  (January 2007); *Reforming Corrections: Report of the Corrections Independent Review Panel*, June

8  30, 2004 (Former Gov. Deukmejian, Chairman); Petersilia, Joan, *Understanding California*

9  *Corrections*, California Policy Research Center, University of California (May 2006)

10  (http://www.ucop.edu/cprc/documents/understand_ca_corrections.pdf); Final Report and

11  Recommendations, Feb. 2008, Blue Ribbon Commission on Jail Overcrowding, County of Santa

12  Barbara, (http://www.sbsheriff.org/documents/FullFinalBRCReport.pdf); Governor's Rehabilitation

13  Strike Team Report, *Meeting the Challenges of Rehabilitation in California's Prison and Parole*

14  *System*, December 2007

15  (http://www.cdcr.ca.gov/news/docs/GovRehabilitationStrikeTeamRpt_012308.pdf).

16  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

17  Incorporating and without waiving all objections and General Objections stated above,

18  Plaintiffs further object on the basis that this interrogatory calls for an expert opinion. Plaintiffs'

19  experts have submitted expert reports and will submit additional reports, according to the expert report

20  discovery schedule.

21  Without waiving and subject to all the objections stated above, Plaintiffs respond as follows:

22  further responsive facts are set forth in Plaintiffs' Expert reports; were raised in the depositions that

23  were taken to date; and are contained in documents in the custody and control of Defendants.

24  **INTERROGATORY NO. 9:**

25  Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to

26  interrogatory number 7.

27  **RESPONSE TO INTERROGATORY NO. 9:**

28

235219-4]

1    In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the

2    grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks information not

3    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4    Plaintiffs object to the term "adversely affect" as it is vague and ambiguous.  Plaintiffs also object to

5    the extent that it would require disclosure of information protected by the attorney-client privilege,

6    work-product doctrine, or any other applicable privilege.  Plaintiffs further object on the grounds that

7    this interrogatory as premature: Discovery is still ongoing, defendants have still not produced all

8    documents requested and depositions have not yet been taken.  This premature discovery will result in

9    piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

10    Without waiving and subject to its objections, Plaintiffs respond that this interrogatory is

11    premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October 10, 2007

12    Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds' October 30,

13    2007 order.  This premature discovery seeks to avoid the orderly plan set forth in those orders, and thus

14    imposes an undue burden on Plaintiffs.

15    **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.9:**

16    Incorporating herein all General Objections and other objections stated above, Plaintiffs

17    respond as follows:  the Governor Schwarzenegger's 2008-09 budget proposal,  reports such as

18    *Accelerated Release: A Literature Review*, January 2008, available at http://www.nccd-crc.org, and all

19    reports cited therein, Expert Panel on Adult Offender and Recidivism Reduction Programming, Report

20    to the State Legislature, *A Roadmap for Effective Offender Programming in California* (June 29,

21    2007); Little Hoover Commission, *Solving California's Corrections Crisis: Time is Running Out*

22    (January 2007); Reforming Corrections:  Report of the Corrections Independent Review Panel, June

23    30, 2004 (Former Gov. Deukmejian, Chairman); Petersilia, Joan, *Understanding California*

24    *Corrections*, California Policy Research Center, University of California (May 2006)

25    (http://www.ucop.edu/cprc/documents/understand_ca_corrections.pdf); Final Report and

26    Recommendations, Feb. 2008, Blue Ribbon Commission on Jail Overcrowding, County of Santa

27    Barbara, (http://www.sbsheriff.org/documents/FullFinalBRCReport.pdf); Governor's Rehabilitation

28    Strike Team Report, *Meeting the Challenges of Rehabilitation in California's Prison and Parole*

-13-

235219-4]

1 | *System*, December 2007

2 | (http://www.cdcr.ca.gov/news/docs/GovRehabilitationStrikeTeamRpt_012308.pdf).

3 | **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

4 |      Incorporating and without waiving all objections and General Objections stated above,

5 | Plaintiffs respond as follows: Plaintiffs' Expert reports that have and will be submitted to Defendants

6 | according to the expert discovery schedule, including all exhibits and documents relied on and listed in

7 | those reports; all depositions and exhibits from depositions taken to date; and other documents that are

8 | in the custody and control of Defendants.

9 |

10 | Dated:  September 8, 2008                  PRISON LAW OFFICE

11 |

12 |                                      By:_____

13 |                                          Zoe Schonfeld

14 |                                        Attorneys for Plaintiffs

                                       MARCIANO PLATA, ET AL.

235219-4)