# EXHIBITS HH - II

**EXHIBIT HH**

```
 1  PRISON LAW OFFICE                         ROSEN, BIEN & GALVAN, LLP
    DONALD SPECTER Bar No.: 83925             MICHAEL W. BIEN Bar No.: 096891
 2  STEVEN FAMA Bar No.: 99641                JANE E. KAHN Bar No.: 112239
    ALISON HARDY Bar No.: 135966              AMY WHELAN Bar No.: 215675
 3  VIBEKE NORGAARD Bar No.: 209499           LORI RIFKIN Bar No.: 244081
    E. IVAN TRUJILLO Bar No.: 228790          SARAH M. LAUBACH Bar No.: 240526
 4  RACHEL FARBIARZ Bar No.: 237896           315 Montgomery Street, 10th Floor
    General Delivery                          San Francisco, California 94104
 5  San Quentin, California 94964             Telephone: (415) 433-6830
    Telephone: (415) 457-9144
 6
    BINGHAM, McCUTCHEN, LLP                   HELLER, EHRMAN, WHITE &
 7  WARREN E. GEORGE Bar No.: 53588           McAULIFFE
    Three Embarcadero Center                  RICHARD L. GOFF Bar No.: 36377
 8  San Francisco, California 94111           701 Fifth Avenue
    Telephone: (415) 393-2000                 Seattle, Washington 98104
 9                                            Telephone: (206) 447-0900
    THE LEGAL AID SOCIETY–
10  EMPLOYMENT LAW CENTER
    CLAUDIA CENTER Bar No.: 158255
11  LEWIS BOSSING Bar No.: 227402
    600 Harrison Street, Suite 120
12  San Francisco, CA 94107
    Telephone: (415) 864-8848
13
    Attorneys for Plaintiffs
14
                IN THE UNITED STATES DISTRICT COURTS
15              FOR THE EASTERN DISTRICT OF CALIFORNIA
16              AND THE NORTHERN DISTRICT OF CALIFORNIA
           UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
17           PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
18  RALPH COLEMAN, et al.,              )  No.: Civ S 90-0520 LKK-JFM P
19                                      )
         Plaintiffs,                    )  THREE-JUDGE COURT
20                                      )
       vs.                              )
21                                      )
    ARNOLD SCHWARZENEGGER, et al.,      )
22                                      )
         Defendants                     )
23  _____)
    MARCIANO PLATA, et al.,             )  No. C01-1351 THE
24                                      )
         Plaintiffs,                    )  THREE-JUDGE COURT
25     vs.                              )
                                        )
26  ARNOLD SCHWARZENEGGER, et al.,      )  PLAINTIFFS' FIRST REQUESTS FOR
                                        )  PRODUCTION OF DOCUMENTS TO
27     vs.                              )  DEFENDANTS
         Defendants                     )
28
```

-1-
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 THE

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Plaintiffs Marciano Plata et al. |
| 2 | RESPONDING PARTIES: | Defendants Arnold Schwarzenegger et al. |
| 3 | SET NUMBER: | One |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata et al. request that Defendants Arnold Schwarzenegger et al. ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, the PRISON LAW OFFICE, 2173 E. Francisco Blvd., Suite M, San Rafael, CA 94901. The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

**INSTRUCTIONS**

1. The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2. The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3. The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4. The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5. Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are maintained); or (b) organized and labeled to correspond with the categories of the Requests to which they respond.

6. If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the

information into reasonably usable form (including the name and version number of the program used to create or read the data).

7. In construing the Requests herein, the singular shall include the plural and the plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other genders, so that the interpretation applied results in the more expansive production. The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit the documents or information sought in any manner.

8. If any Request demands production of documents that have been lost, discarded, or destroyed, identify such documents as completely as possible. Such identification shall include, but is not limited to, a description of the subject matter of the document, the author of the document, the date of the document's creation, the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

9. For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, furnish a list identifying each document, or portion thereof, not produced for this reason, together with the following information: (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants of all persons who either prepared or received the document; (e) the number of pages and attachments; (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion thereof that may not properly be redacted or withheld in its entirety, produce each and every portion thereof to which the claimed privilege or exemption does not apply and specify, on the face of each such page or portion, the fact and reason for the redaction or withholding.

//

## DEFINITIONS

1. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings"

as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2. "RELEVANT TIME PERIOD" for the purpose of these Requests means the time period from April 4, 2006 (six months prior to Governor Schwarzenegger's October 4, 2006 Proclamation of a State of Emergency) until the present.

3. "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

4. "INCLUDING" means "including, but not limited to", and is not to be construed to limit a Request.

5. "COMMUNICATIONS" means any recorded transfer of information or impression, whether it be by digital, electronic, audio, visual, written or other means.

6. "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

7. "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

8. "AB 900" means the Public Safety and Offender Rehabilitation Services Act of 2007, signed into law by Governor Arnold Schwarzenegger on May 2, 2007.

9. "PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated, any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB900.

10. "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table, or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

11. "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), non profit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

12. "MAXIMUM CAPACITY" means the maximum number of inmates who can safely be housed in the PRISONS.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the implementation of AB 900, INCLUDING but not limited to the PRISONS' capacity for traffic, sewage, water, power and other infrastructure, the presence of valley fever at or in the vicinity of the PRISONS, and staffing levels at PRISONS.

**REQUEST NO. 2:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any projected change in California's PRISON population.

**REQUEST NO. 3:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING site surveys and Environmental Impact Reports.

**REQUEST NO. 4:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATIONS regarding the DEPARTMENT'S choice of the ten prisons identified as sites for the construction of up to 7,484 additional prison beds

under § 15819.40(a)(1)(A) of AB 900, INCLUDING any such COMMUNICATIONS from or to any local community group and/or local government officials.

**REQUEST NO. 5:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 7,484 additional prison beds under § 15819.40(a)(1)(A) of AB 900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 6:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of the possible sites for the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

**REQUEST NO. 7:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900.

**REQUEST NO. 8:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the construction of up to 4,516 additional prison beds under § 15819.40(a)(1)(B) of AB 900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 9:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to construct 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

**REQUEST NO. 10:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for the construction of up to 6,000 additional prison beds under § 15819.40(b) of AB 900 (reentry facilities).

**REQUEST NO. 11:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to acquire land, design, construct and renovate in order to construct 6,000 additional prison beds, under § 15819.40(b)

of AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 12:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S consideration of possible sites for the construction of new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

**REQUEST NO. 13:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for construction of new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900.

**REQUEST NO. 14:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct new buildings to treat or house 6,000 inmates under § 15819.40(c) of AB 900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 15:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the identification of appropriate sites to add up to 4,000 additional prison beds, under §15819.41(a) of AB900.

**REQUEST NO. 16:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites to add up to 4,000 additional prison beds, under §15819.41(a) of AB900.

**REQUEST NO. 17:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct, and renovate existing facilities in order to add up to 4,000 additional beds under §15819.41(a) of AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 18:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to construct new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

**REQUEST NO. 19:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for the construction of new buildings to treat or house up to 2,000 inmates under § 15819.41(b) of AB 900.

**REQUEST NO. 20:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to design, construct, and establish new buildings to treat or house 2,000 inmates under § 15819.41(b) of AB 900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 21:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S identification of appropriate sites to construct, establish and operate reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of AB 900.

**REQUEST NO. 22:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any COMMUNICATION from any local entity, INCLUDING any local community group and/or local government officials, regarding the sites for the construction, establishment and/or operation of reentry program facilities to house 10,000 inmates, under § 15819.41(c) of AB 900.

**REQUEST NO. 23:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the DEPARTMENT to construct, establish and operate reentry program facilities that will house 10,000 inmates, under § 15819.41(c) of AB 900 (reentry facilities), INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 24:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for the transfers of inmates out of state under §11191 of AB900, INCLUDING any DOCUMENTS RELATING TO the DEPARTMENT'S progress in meeting such a TIMETABLE.

**REQUEST NO. 25:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO the DEPARTMENT'S ability or lack of ability to hire and/or retain medical and mental health staff in PRISONS, INCLUDING but not limited to any studies or analyses of the effect of AB900 on medical and mental health staffing levels.

**REQUEST NO. 26:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any studies or analyses of the effect of AB900 on medical and mental health care at the PRISONS.

**REQUEST NO. 27:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE to any measure(s) that YOU have initiated or considered in order to reduce prison populations, other than the measures set forth in AB900.

**REQUEST NO. 28:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD, that RELATE TO any contingency plans, other than population reducing measures, that YOU have considered initiating when, in YOUR estimation, the PRISONS reach their MAXIMUM CAPACITY.

**REQUEST NO. 29:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that RELATE TO YOUR or the DEPARTMENT'S determination of the MAXIMUM CAPACITY of any PRISON or the prison system as a whole.

**REQUEST NO. 30:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any TIMETABLE for obtaining the funding to implement AB 900, INCLUDING any DOCUMENTS RELATING TO YOUR progress in meeting such a TIMETABLE.

**REQUEST NO. 31:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of placing limitations on the Prison population.

**REQUEST NO. 32:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of the effects of sentencing reform on the PRISON population.

**REQUEST NO. 33:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of the effects of a sentencing commission on the PRISON population.

**REQUEST NO. 34:** Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that REFER or RELATE TO any consideration of the effects of any changes in parole policies on the PRISON population.

**REQUEST NO. 35:** Any and all DOCUMENTS that REFER or RELATE TO the comprehensive analysis of existing CDCR beds, programming space, clinical/mental health space, infrastructure capacities, and projected mitigation referenced at 2:6-8 of the Declaration Of Scott Kernan In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

**REQUEST NO. 36:** Any and all DOCUMENTS that REFER or RELATE TO the analysis of additional capacity available within the state referenced at 2:8-12 of the Declaration Of Scott Kernan In Support Of Defendant's Supplemental Brief In Opposition To Plaintiffs' Motion For Referral To A Three Judge Panel, filed on May 24, 2007 in *Coleman v. Schwarzenegger*.

**REQUEST NO. 37:** Any and all memoranda and/or other COMMUNICATIONS that REFER or RELATE TO any changes or clarifications of parole discharge policies.

**REQUEST NO. 38:** Any and all memoranda and/or other COMMUNICATIONS that REFER or RELATE TO any changes and/or clarifications of parole revocation policies.

Dated: September 5, 2007

Respectfully submitted,

Vibeke Norgaard Martin
Prison Law Office
Attorneys for Plaintiffs

DECLARATION OF SERVICE BY MAIL

Case Name: Coleman v. Schwarzenegger
United States District Court
Eastern District of California    No. 2:90-cv-00520 LKK JFM P

Plata v. Schwarzenegger
United States District Court
Northern District of California    No. C-01-1351 T.E.H.

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin, California 94964.

On September 5, 2007 attached

**THREE JUDGE COURT**

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

LISA A. TILLMAN
SAMATHA TAMA
Deputy Attorney Generals
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Rafael, California on September 5, 2007.

Edie DeGraff

# EXHIBIT II

**Alessandra Moore**

Redacted<br>Attorney-Client Privilege

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Friday, June 06, 2008 3:32 PM
**To:** Andrea Hoch
**Cc:** 'Michael W. Bien'; 'Elwood Lui'; Peter.Siggins@jud.ca.gov; 'Cate, Matt'
**Subject:** RE: Mental Health Data

Andrea,

We agree.

Don

**From:** Andrea Hoch [mailto:Andrea.Hoch@GOV.CA.GOV]
**Sent:** Friday, June 06, 2008 12:34 PM
**To:** Don Specter
**Cc:** Michael W. Bien; Elwood Lui; Peter.Siggins@jud.ca.gov; Cate, Matt; Andrea Hoch
**Subject:** RE: Mental Health Data

Don,

Thank you for your response. With regard to plaintiffs right to obtain any information through discovery, I understand this position. As a corollary to plaintiffs position, the State's agreement to share and provide information to plaintiffs and parties/intervenors during the settlement process is without prejudice to the State's right to assert privileges during discovery. Specifically, the State has not waived any privileges that it may assert during discovery, and the State's sharing of information during the settlement process shall not constitute a waiver of any privileges.

If this is acceptable, please let me know. Thanks.

Andrea

**From:** Don Specter [mailto:dspecter@prisonlaw.com]

10/17/2008

**Sent:** Friday, June 06, 2008 10:06 AM
**To:** Andrea Hoch
**Cc:** 'Michael W. Bien'; 'Elwood Lui'; Peter.Siggins@jud.ca.gov; 'Cate, Matt'
**Subject:** RE: Mental Health Data

Andrea,

Thanks for expediting the CDCR information. I learned that the Receiver's office is shipping us information today that we will have on Monday, and with the information provided by the CDCR we should enough to get started with the analysis.

Plaintiffs' counsel agree not to use the information provided by the state during the settlement process in the three judge panel or any other proceeding, with the exception of the physical observations made by Wayne Scott during his prison tours. This is without prejudice to Plaintiffs right to obtain any information through discovery.

Don

---

**From:** Andrea Hoch [mailto:Andrea.Hoch@GOV.CA.GOV]
**Sent:** Thursday, June 05, 2008 6:45 PM
**To:** Don Specter
**Cc:** Michael W. Bien; Andrea Hoch; Elwood Lui; Peter.Siggins@jud.ca.gov; Cate, Matt
**Subject:** RE: Mental Health Data

Don,

CDCR is working on this information request and it looks like most of the information will be available soon (maybe as soon as close of business tomorrow). As this information is being provided to you and your expert and CDCR's expert as part of the settlement process (and at the request or suggestion of the Coleman Special Master), I need to confirm plaintiffs' counsel's continuing commitment that all information provided and obtained during this settlement process is confidential and cannot be used by the parties in the three-judge panel proceedings or any other proceeding.

This commitment has been in effect during all of the settlement discussions and processes to date.

Thank you in advance for confirming your commitment. I look forward to the experts' work on the population levels.

Andrea

---

**From:** Don Specter [mailto:dspecter@prisonlaw.com]
**Sent:** Thursday, June 05, 2008 3:19 PM
**To:** Andrea Hoch
**Cc:** 'Michael W. Bien'
**Subject:** Mental Health Data

Andrea,

It looks like we'll be able to get some good data from Clark pretty quickly. However, Matt Lopes indicated that most, if not all, of the information we are requesting (especially staffing) is available from CDCR and not from him. It probably would be helpful if you could ask Robin Dezember at CDCR to supply us with whatever data he has that is responsive to the requests made to the Special Master.

Thanks

Don

10/17/2008