**EXHIBIT LL**

**Assembly Bill No. 900**

CHAPTER 7

An act to add Chapter 3.2.1 (commencing with Section 15819.40), Chapter 3.2.2 (commencing with Section 15819.41), Chapter 3.11 (commencing with Section 15820.90), and Chapter 3.12 (commencing with Section 15820.91), to Part 10b of Division 3 of Title 2 of the Government Code, to amend Sections 7000, 7003, and 7003.5 of, to amend, repeal, and add Section 11191 of, to add Sections 2054.2, 2061, 2062, 2713.2, 3073, 6140, 6141, 7004.5, 7021, 10007, and 13602.1 to, to add Article 5 (commencing with Section 2694) to Chapter 4 of, and Article 2.5 (commencing with Section 3020) to Chapter 8 of, Title 1 of Part 3 of, to add Chapter 9 (commencing with Section 3105) to Title 1 of, and Chapter 9.8 (commencing with Section 6270) to Title 7 of, and to repeal Section 7014 of, the Penal Code relating to prisons, making an appropriation therefor, and declaring the urgency thereof, to take effect immediately.

[Approved by Governor May 3, 2007. Filed with Secretary of State May 3, 2007.]

LEGISLATIVE COUNSEL'S DIGEST

AB 900, Solorio. Prisons: construction.

Existing law authorizes the financing and construction of state prison facilities using lease-purchase financing arrangements by means of the issuance of state revenue bonds, as specified.

This bill, the Public Safety and Offender Rehabilitation Services Act of 2007 would authorize the Department of Corrections and Rehabilitation to design, construct, or renovate prison housing units, prison support buildings, and programming space in order to add up to 7,484 beds, to acquire land, design, construct, and renovate reentry program facilities, and to construct and establish new buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for 6,000, as specified. This bill would also authorize the State Public Works Board to issue revenue bonds, negotiable notes, or negotiable bond anticipation notes pursuant to this part to finance the design, construction, and the costs of interim financing of these projects and would appropriate those funds for that purpose.

In addition, this bill would authorize the department to design, construct, or renovate prison housing units, prison support buildings, and programming space in order to add 4,000 beds at existing prison facilities, to design, construct, and establish new buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for 2,000 inmates and to construct, establish, and operate reentry program facilities throughout the state that will house up to an additional

96

10,000 inmates. This bill would also authorize the State Public Works Board to issue revenue bonds, negotiable notes, or negotiable bond anticipation notes pursuant to this part to finance the design, construction, and the costs of interim financing of these projects and would appropriate those funds for that purpose, however, the board may not release these funds until a 3-member panel has certified that specified requirements have been met. This bill would provide that the authority provided by these provisions shall expire on January 1, 2014, and no project shall be commenced after that date, but projects already commenced may be completed.

This bill would authorize the Department of Corrections and Rehabilitation, a participating county, as defined, and the State Public Works Board to enter into a construction agreement in order to acquire, design, and construct a local jail facility approved by the Corrections Standards Authority, as specified. This bill would authorize the board to issue up to $750,000,000 in revenue bonds, notes, or bond anticipation notes to finance the acquisition, design, or construction of approved local jail facilities and would appropriate those funds for that purpose. This bill would provide that these provisions would become inoperative on June 30, 2017.

In addition, this bill would authorize the Department of Corrections and Rehabilitation, a participating county, as defined, and the State Public Works Board to enter into a construction agreement in order to acquire, design, and construct a local jail facility approved by the Corrections Standards Authority, as specified. This bill would authorize the board to issue up to $470,000,000 in revenue bonds, notes, or bond anticipation notes to finance the acquisition, design, or construction of approved local jail facilities and would appropriate those funds for that purpose. This bill would provide that the department and the Corrections Standards Authority may not award funds under these provisions unless a 3-member panel has certified that certain conditions have been met, as specified.

Existing law authorizes the Department of Corrections and Rehabilitation to establish pilot programs that provide training and counseling for parolees to assist in their successful reintegration into the community.

This bill would require the department to determine and implement a system of incentives to increase inmate participation in, and completion of, academic and vocational education, consistent with the inmate's educational needs, as specified.

This bill would require the department to develop and implement a plan to obtain additional rehabilitation and treatment services for prison inmates and parolees, as specified.

This bill would require the department to examine and report to the Legislature on whether the provisions of existing law related to payments to inmates released from prison are hindering the success of parolees and resulting in their rapid return to prison for parole violations, as specified.

This bill would require the department to expand substance abuse treatment services in prisons to accommodate at least 4,000 additional inmates who have histories of substance abuse, as specified.

This bill would require the department to conduct assessments of all inmates that include, but are not limited to, data regarding the inmate's history of substance abuse, medical and mental health, education, family background, criminal activity, and social functioning which shall be used to place inmates in programs that will aid in their reentry to society and that will most likely reduce the inmate's chances of reoffending.

This bill would authorize the department to obtain day treatment, and to contract for crisis care services, for parolees with mental health problems, as specified.

This bill would require the department to develop an Inmate Treatment and Prison-to-Employment Plan that should evaluate and recommend changes to the Governor and the Legislature regarding current inmate education, treatment, and rehabilitation programs to determine whether the programs provide sufficient skills to inmates that will likely result in their successful employment in the community, and reduce their chances of returning to prison after release to parole.

This bill would state various findings and declarations regarding improvements of a parolee's opportunity for successful reintegration into society due to continuity of services provided both before and after an inmate's release on parole. This bill would authorize the Department of Corrections and Rehabilitation to construct, establish, and operate reentry program facilities throughout the state that will house up to 6,000 inmates and facilities that will house up to an additional 10,000 inmates within one year of being released or rereleased from custody, as specified. This bill would require that reentry program facilities provide programming to inmates and parole violators tailored to the specific problems faced by this population when reintegrating into society. This bill would require the department to develop a collaborative partnership with the local government, local law enforcement, and community service providers in the communities where reentry program facilities are operated.

This bill would require the department to develop and implement, by January 15, 2008, a plan to address management deficiencies within the department, as specified.

This bill would create the California Rehabilitation Oversight Board (C-ROB) in the Office of the Inspector General to regularly examine and report to the Legislature and Governor on the various mental health, substance abuse, and educational and employment programs for inmates and parolees operated by the Department of Corrections and Rehabilitation. This bill would also provide that the board shall make recommendations with respect to modifications, additions, and eliminations of rehabilitation and treatment programs.

This bill would create a 3-member panel charged with verifying whether certain conditions have been met before the State Board of Public Works may release funds to the Department of Corrections and Rehabilitation for the construction of housing and other facilities, as specified.

Existing law provides that the Department of Corrections and Rehabilitation shall prepare plans for, and construct facilities and renovations

included within, its master plan for which funds have been appropriated by the Legislature.

This bill would expand provisions defining "master plan" to include the department's plans to activate or remove temporary beds in dayrooms, gyms, and other areas.

Existing law requires the department to submit a site plan and projected planning guide to the Joint Legislative Committee on Prison Construction and Operation for each facility included in the master plan.

This bill would instead require the board to submit various plans to the Joint Legislative Budget Committee, as specified, and to provide quarterly reports to the committee on the progress of funded projects.

This bill would require the department to meet with representatives of cities or counties whenever the Legislature authorizes the planning, design, or construction of new permanent housing units to describe the scope of the project and the project schedule, and to consider comments from the city or county representatives regarding the project's impact.

Existing law provides that the Joint Legislative Prison Committee shall be reimbursed, from funds appropriated to the Department of Corrections and Rehabilitation for support, for costs, as agreed to by the Department of Corrections and Rehabilitation, incurred by the committee in reviewing environmental assessment studies, as specified.

This bill would repeal those provisions.

This bill would also authorize the department to use portable or temporary buildings to provide rehabilitation, treatment, and educational services to inmates within its custody or to house inmates, as long a that housing does not jeopardize safety.

This bill would state various findings and declarations regarding staff vacancies at the Department of Corrections and Rehabilitation.

Existing law provides that any court or other agency or officer of this state having power to commit or transfer an inmate to any institution for confinement may commit or transfer that inmate to any institution outside this state if this state has entered into a contract or contracts for the confinement of inmates in that institution and the inmate, if he or she was sentenced under California law, has executed a written consent to the transfer.

This bill would, until a specified date, eliminate the consent requirement, except in certain circumstances.

This bill would authorize the department to establish a training academy for correctional officers in southern California.

This bill would appropriate the sum of $350,000,000 from the General Fund to the Department of Corrections and Rehabilitation for capital outlay to renovate, improve, or expand infrastructure capacity at existing prison facilities and to supplement funds for rehabilitation and treatment of prison inmates and parolees, as specified.

This bill would declare that it is to take effect immediately as an urgency statute.

Appropriation: yes.

96

*The people of the State of California do enact as follows:*

SECTION 1.  This act shall be known, and may be cited, as the Public Safety and Offender Rehabilitation Services Act of 2007.

SEC. 2.  Chapter 3.2.1 (commencing with Section 15819.40) is added to Part 10b of Division 3 of Title 2 of the Government Code, to read:

CHAPTER 3.2.1.  REVENUE BOND FINANCING OF PRISON CONSTRUCTION
— PHASE I

15819.40.  (a) (1) (A)  The Department of Corrections and Rehabilitation shall design, construct, or renovate prison housing units, prison support buildings, and programming space in order to add up to 7,484 beds at the following prison facilities:

(i) Pleasant Valley State Prison.
(ii) Pelican Bay State Prison.
(iii) California State Prison, Los Angeles County.
(iv) Calipatria State Prison.
(v) Centinela State Prison.
(vi) Salinas Valley State Prison.
(vii) Kern Valley State Prison.
(viii) Wasco State Prison.
(ix) North Kern State Prison.
(x) Mule Creek State Prison.

(B)  After reporting to the Joint Legislative Budget Committee that site assessments are complete at other prison facilities, the department shall design, construct, or renovate prison housing units, prison support buildings, and programming space in order to add up to 4,516 beds. The reporting requirements set forth in Sections 7000 to 7003.5, inclusive, of the Penal Code shall apply to each project constructed or renovated pursuant to this section.

(2)  Any new beds constructed pursuant to this section shall be supported by rehabilitative programming for inmates, including, but not limited to, education, vocational programs, substance abuse treatment programs, employment programs, and prerelease planning.

(3)  The purpose of beds constructed pursuant to this section is to replace the temporary beds currently in use, and they are not intended to house additional inmates. For the purposes of this section, "temporary beds" shall be defined as those that are placed in gymnasiums, classrooms, hallways, or other public spaces that were not constructed for the purpose of housing inmates.

(b)  The Department of Corrections and Rehabilitation may acquire land, design, construct, and renovate reentry program facilities to provide housing for 6,000 inmates as authorized in Chapter 9.8 (commencing with Section 6271) of the Penal Code.

96

(c) The Department of Corrections and Rehabilitation is authorized to construct and establish new buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for 6,000 inmates.

15819.401.  The scope and costs of the projects authorized by this chapter shall be subject to approval and administrative oversight by the State Public Works Board, including augmentations, pursuant to Sections 13332.11 and 13332.19.

15819.402.  For all projects approved for financing by the board pursuant to Section 15819.40, the board may borrow funds for project costs, including studies, preliminary plans and working drawings, construction, and construction-related costs from the Pooled Money Investment Account pursuant to Sections 16312 and 16313. Project funds expended prior to project approval by the board shall not be reimbursable from the proceeds of the bonds.

15819.403.  (a) The board may issue revenue bonds, negotiable notes, or negotiable bond anticipation notes pursuant to this part to finance the design, construction, and the costs of interim financing of the projects authorized in Section 15819.40. Authorized costs for design, construction, and construction-related costs for all projects approved for financing by the board shall not exceed one billion eight hundred million dollars ($1,800,000,000) for subdivision (a) of Section 15819.40, nine hundred seventy-five million dollars ($975,000,000) for subdivision (b) of Section 15819.40, and eight hundred fifty-seven million one hundred thousand dollars ($857,100,000) for subdivision (c) of Section 15819.40.

(b) Notwithstanding Section 13340, funds derived from interim financing, revenue bonds, negotiable notes, or negotiable bond anticipation notes issued pursuant to this chapter are hereby continuously appropriated to the board on behalf of the Department of Corrections and Rehabilitation for the purposes specified in Section 15819.40.

(c) For the purposes of this section, "construction-related costs" shall include mitigation costs of local government and school districts and shall be made available pursuant to subdivisions (c) and (d) of Section 7005.5 of the Penal Code. It is the intent of the Legislature that any payments made for mitigation shall be made in a timely manner.

15819.404.  Notwithstanding Section 15819.403, the amount of revenue bonds, negotiable notes, or negotiable bond anticipation notes to be sold shall equal the following:

(a) The cost of design, construction or construction management and supervision, and other costs related to the design and construction of the facilities, including augmentations.

(b) Sums necessary to pay interim financing.

(c) In addition to the amount authorized by Section 15819.403, any additional amount as may be authorized by the board to establish a reasonable construction reserve and to pay the costs of financing, including the payment of interest during acquisition or construction of the project, the cost of financing a debt-service reserve fund, and the cost of issuance of

permanent financing for the project. This additional amount may include interest payable on any interim loan for the facility from the General Fund or the Pooled Money Investment Account pursuant to Sections 16312 and 16313.

SEC. 3.   Chapter 3.2.2 (commencing with Section 15819.41) is added to Part 10b of Division 3 of Title 2 of the Government Code, to read:

CHAPTER 3.2.2.  REVENUE BOND FINANCING OF PRISON CONSTRUCTION — PHASE II

15819.41.   (a) The Department of Corrections and Rehabilitation is authorized to design, construct, or renovate prison housing units, prison support buildings, and programming space in order to add 4,000 beds at existing prison facilities. This authorization is in addition to the authorization in subdivision (a) of Section 15819.40. Any new beds constructed shall be supported by rehabilitative programming for inmates, including, but not limited to, education, vocational programs, substance abuse treatment programs, employment programs, and prerelease planning.

(b) The Department of Corrections and Rehabilitation is authorized to design, construct, and establish new buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for 2,000 inmates. This authorization is in addition to the authorization in subdivision (c) of Section 15819.40.

(c) The Department of Corrections and Rehabilitation is authorized to construct, establish, and operate reentry program facilities throughout the state that will house up to an additional 10,000 inmates pursuant to Section 6271.1 of the Penal Code.

15819.411.   The scope and costs of the projects authorized by this chapter shall be subject to approval and administrative oversight by the State Public Works Board, including augmentations, pursuant to Sections 13332.11 and 13332.19.

15819.412.   For all projects approved for financing by the board pursuant to Section 15819.41, the board may borrow funds for project costs, including studies, preliminary plans and working drawings, construction, and construction-related costs from the Pooled Money Investment Account pursuant to Sections 16312 and 16313. Project funds expended prior to project approval by the board shall not be reimbursable from the proceeds of the bonds.

15819.413.   (a) The board may issue revenue bonds, negotiable notes, or negotiable bond anticipation notes pursuant to this part to finance the design, construction, and the costs of interim financing of the projects authorized in Section 15819.41. Authorized costs for design, construction, and construction-related costs, for all projects approved for financing by the board shall not exceed six hundred million dollars ($600,000,000) for subdivision (a) of Section 15819.41, two hundred eighty-five million seven hundred thousand dollars ($285,700,000) for subdivision (b) of Section

15819.41, and one billion six hundred twenty-five million dollars ($1,625,000,000) for subdivision (c) of Section 15819.41.

(b) Notwithstanding Section 13340, funds derived from interim financing, revenue bonds, negotiable notes, or negotiable bond anticipation notes issued pursuant to this chapter are hereby continuously appropriated to the board on behalf of the Department of Corrections and Rehabilitation for the purposes specified in Section 15819.41.

(c) For the purposes of this section, "construction-related costs" shall include mitigation costs of local government and school districts and shall be made available pursuant to subdivisions (c) and (d) of Section 7005.5 of the Penal Code. It is the intent of the Legislature that any payments made for mitigation shall be made in a timely manner.

15819.414.  Notwithstanding Section 15819.413, the amount of revenue bonds, negotiable notes, or negotiable bond anticipation notes to be sold shall equal the following:

(a) The cost of design, construction or construction management and supervision, and other costs related to the design and construction of the facilities, including augmentations.

(b) Sums necessary to pay interim financing.

(c) In addition to the amount authorized by Section 15819.413, any additional amount as may be authorized by the board to establish a reasonable construction reserve and to pay the costs of financing, including the payment of interest during acquisition or construction of the project, the cost of financing a debt-service reserve fund, and the cost of issuance of permanent financing for the project. This additional amount may include interest payable on any interim loan for the facility from the General Fund or the Pooled Money Investment Account pursuant to Sections 16312 and 16313.

15819.417.  The State Public Works Board may not release any funds pursuant to this chapter until the panel created pursuant to Section 7021 of the Penal Code has certified that conditions listed in that section have been met. The authority provided by this chapter shall expire on January 1, 2014, and no project shall be commenced after that date, but projects already commenced may be completed.

SEC. 4.   Chapter 3.11 (commencing with Section 15820.90) is added to Part 10b of Division 3 of Title 2 of the Government Code, to read:

CHAPTER 3.11. FINANCING OF COUNTY JAIL FACILITIES

15820.90.  For the purposes of this chapter, "participating county" means any county, or regional consortium of counties, within the state that has been certified to the State Public Works Board (SPWB) by the Department of Corrections and Rehabilitation (CDCR) as having satisfied all of the requirements set forth in Section 15820.906 for financing a local jail facility pursuant to this chapter.

15820.901.  (a)  The CDCR, a participating county, and the SPWB are authorized to acquire, design, and construct, a local jail facility approved by the Corrections Standards Authority (CSA) pursuant to Section 15820.906, or a site or sites owned by, or subject to a lease or option to purchase held by a participating county. The ownership interest of a participating county in the site or sites for a local jail facility must be determined by the SPWB to be adequate for purposes of its financing in order to be eligible under this chapter.

(b)  Notwithstanding Section 15815 of the Government Code, a participating county may acquire, design, or construct the local jail facility in accordance with its local contracting authority. Notwithstanding Section 14951, the participating county may assign an inspector during the construction of the project.

(c)  The CDCR, a participating county and the SPWB shall enter into a construction agreement for these projects that shall provide, at a minimum, performance expectations of the parties related to the acquisition, design, construction, or renovation of the local jail facility, guidelines and criteria for use and application of the proceeds of revenue bonds, notes, or bond anticipation notes issued by the SPWB to pay for the cost of the approved local jail facility project and ongoing maintenance and staffing responsibilities for the term of the financing.

(d)  The construction agreement shall include a provision that the participating county agrees to indemnify, defend, and save harmless the State of California for any and all claims and losses arising out of the acquisition, design, and construction of the project. The construction agreement may also contain additional terms and conditions that facilitate the financing by the SPWB.

(e)  The scope and cost of these approved local jail facility projects shall be subject to approval and administrative oversight by the SPWB.

(f)  For purposes of compliance with the California Environmental Quality Act (Division 13 of the Public Resources Code (commencing with Section 210000)), neither the SPWB nor the CDCR shall be deemed a lead or responsible agency; the participating county is the lead agency.

15820.902.  Upon a participating county's receipt of responsive construction bids, the SPWB and the CDCR may borrow funds for project costs after the project has been certified pursuant to Section 15820.90 from the Pooled Money Investment Account pursuant to Sections 16312 and 16313, or from any other appropriate source. In the event any of the revenue bonds, notes or bond anticipation notes authorized by this chapter are not sold, the CDCR shall commit a sufficient amount of its support appropriation to repay any loans made for an approved project.

15820.903.  (a)  The SPWB may issue up to seven hundred fifty million dollars ($750,000,000) in revenue bonds, notes, or bond anticipation notes, pursuant to Chapter 5 of Part 10b of Division 3 of Title 2 (commencing with Section 15830) to finance the acquisition, design, or construction, and a reasonable construction reserve, of approved local jail facilities described in Section 15820.901.

(b)  Proceeds from the revenue bonds, notes, or bond anticipation notes may be utilized to reimburse a participating county for the costs of acquisition, preliminary plans, working drawings, and construction for approved projects.

(c)  Notwithstanding Section 13340, funds derived pursuant to this section and Section 15820.902 are continuously appropriated for purposes of this chapter.

(d)  This section shall become inoperative on June 30, 2017.

15820.905.  With the consent of the SPWB, the CDCR, and a participating county are authorized to enter into leases or subleases, as lessor or lessee, for any property or approved project and are further authorized to enter into contracts or other agreements for the use, maintenance, and operation of the local jail facility in order to facilitate the financing authorized by this chapter. In those leases, subleases, or other agreements, the participating county shall agree to indemnify, defend, and hold harmless the State of California for any and all claims and losses accruing and resulting from or arising out of the participating county's use and occupancy of the local jail facility.

15820.906.  (a)  The CSA shall adhere to its duly adopted regulations for the approval or disapproval of local jail facilities. The CSA shall also consider cost-effectiveness in determining approval or disapproval. No state moneys shall be encumbered in contracts let by a participating county until final architectural plans and specifications have been approved by the CSA, and subsequent construction bids have been received. The review and approval of plans, specifications, or other documents by the CSA are for the purpose of ensuring proper administration of moneys and determination of whether the project specifications comply with law and regulation. The CSA may require changes in construction materials to enhance safety and security if materials proposed at the time of final plans and specifications are not essential and customary as used statewide for facilities of the same security level. Participating counties are responsible for the acquisition, design, construction, staffing, operation, repair, and maintenance of the project.

(b)  The CSA shall establish minimum standards, funding schedules and procedures, which shall take into consideration, but not be limited to, the following:

(1)  Certification by a participating county of project site control through either fee simple ownership of the site or comparable long-term possession of the site, and right of access to the projects sufficient to assure undisturbed use and possession.

(2)  Documentation of need for the project.

(3)  A written project proposal.

(4)  Submittal of a staffing plan for the project, including operational cost projections and documentation that the local jail facility will be able to be safety staffed and operated within 90 days of completion.

(5)  Submittal of architectural drawings, which shall be approved by the CSA for compliance with minimum adult detention facility standards and

which shall also be approved by the State Fire Marshal for compliance with fire safety and life safety requirements.

(6) Documentation evidencing the filing by a participating county of a final notice of determination on its environmental impact report.

(7) Provisions intended to maintain the tax-exempt status of the bonds, notes, or bond anticipation notes issued by the SPWB.

15820.907. (a) Participating county matching funds for projects funded under this chapter shall be a minimum of 25 percent of the total project costs. The CSA may reduce matching fund requirements for participating counties with a general population below 200,000 upon petition by a participating county to the CSA requesting a lower level of matching funds.

(b) The CDCR and CSA shall give funding preference to counties that assist the state in siting reentry facilities, pursuant to Section 6270.

(c) The CDCR and CSA shall give funding preference to counties that assist the state in siting mental health day treatment and crisis care, pursuant to Section 3073 of the Penal Code, and to counties who provide a continuum of care so that parolees with mental health and substance abuse needs can continue to receive services at the conclusion of their period of parole.

SEC. 5.  Chapter 3.12 (commencing with Section 15820.91) is added to Part 10b of Division 3 of Title 2 of the Government Code, to read:

### Chapter 3.12. Financing of County Jail Facilities

15820.91.  For the purposes of this chapter, "participating county" means any county, or regional consortium of counties, within the state that has been certified to the State Public Works Board (SPWB) by the Department of Corrections and Rehabilitation (CDCR) as having satisfied all of the requirements set forth in Section 15820.916 for financing a local jail facility pursuant to this chapter.

15820.911.  (a) The CDCR, a participating county, and the SPWB are authorized to acquire, design, and construct, a local jail facility approved by the Corrections Standards Authority (CSA) pursuant to Section 15820.906, or a site or sites owned by, or subject to a lease or option to purchase held by a participating county. The ownership interest of a participating county in the site or sites for a local jail facility must be determined by the SPWB to be adequate for purposes of its financing in order to be eligible under this chapter.

(b) Notwithstanding Section 15815, a participating county may acquire, design, or construct the local jail facility in accordance with its local contracting authority. Notwithstanding Section 14951, the participating county may assign an inspector during the construction of the project.

(c) The CDCR, a participating county and the SPWB shall enter into a construction agreement for these projects that shall provide, at a minimum, performance expectations of the parties related to the acquisition, design, construction, or renovation of the local jail facility, guidelines and criteria for use and application of the proceeds of revenue bonds, notes, or bond

anticipation notes issued by the SPWB to pay for the cost of the approved local jail facility project and ongoing maintenance and staffing responsibilities for the term of the financing.

(d) The construction agreement shall include a provision that the participating county agrees to indemnify, defend, and save harmless the State of California for any and all claims and losses arising out of the acquisition, design, and construction of the project. The construction agreement may also contain additional terms and conditions that facilitate the financing by the SPWB.

(e) The scope and cost of these approved local jail facility projects shall be subject to approval and administrative oversight by the SPWB.

(f) For purposes of compliance with the California Environmental Quality Act (Division 13 of the Public Resources Code (commencing at Section 210000)), neither the SPWB nor the CDCR shall be deemed a lead or responsible agency; the participating county is the lead agency.

15820.912.  Upon a participating county's receipt of responsive construction bids, the SPWB and the CDCR may borrow funds for project costs after the project has been certified pursuant to Section 15820.91 from the Pooled Money Investment Account pursuant to Sections 16312 and 16313, or from any other appropriate source. In the event any of the revenue bonds, notes, or bond anticipation notes authorized by this chapter are not sold, the CDCR shall commit a sufficient amount of its support appropriation to repay any loans made for an approved project.

15820.913.  (a) The SPWB may issue up to four hundred seventy million dollars ($470,000,000) in revenue bonds, notes, or bond anticipation notes, pursuant to Chapter 5 of Part 10b of Division 3 of Title 2 (commencing with Section 15830) to finance the acquisition, design, or construction, and a reasonable construction reserve, of approved local jail facilities described in Section 15820.911.

(b) Proceeds from the revenue bonds, notes, or bond anticipation notes may be used to reimburse a participating county for the costs of acquisition, preliminary plans, working drawings, and construction for approved projects.

(c) Notwithstanding Section 13340, funds derived pursuant to this section and Section 15820.902 are continuously appropriated for purposes of this chapter.

15820.915.  With the consent of the SPWB, the CDCR, and a participating county are authorized to enter into leases or subleases, as lessor or lessee, for any property or approved project and are further authorized to enter into contracts or other agreements for the use, maintenance, and operation of the local jail facility in order to facilitate the financing authorized by this chapter. In those leases, subleases, or other agreements, the participating county shall agree to indemnify, defend and hold harmless the State of California for any and all claims and losses accruing and resulting from or arising out of the participating county's use and occupancy of the local jail facility.

15820.916.  (a) The CSA shall adhere to its duly adopted regulations for the approval or disapproval of local jail facilities. The CSA shall also

96

consider cost-effectiveness in determining approval or disapproval. No state moneys shall be encumbered in contracts let by a participating county until final architectural plans and specifications have been approved by the CSA, and subsequent construction bids have been received. The review and approval of plans, specifications, or other documents by the CSA are for the purpose of ensuring proper administration of moneys and determination of whether the project specifications comply with law and regulation. The CSA may require changes in construction materials to enhance safety and security if materials proposed at the time of final plans and specifications are not essential and customary as used statewide for facilities of the same security level. Participating counties are responsible for the acquisition, design, construction, staffing, operation, repair, and maintenance of the project.

(b)  The CSA shall establish minimum standards, funding schedules, and procedures, which shall take into consideration, but not be limited to, the following:

(1)  Certification by a participating county of project site control through either fee simple ownership of the site or comparable long-term possession of the site, and right of access to the projects sufficient to assure undisturbed use and possession.

(2)  Documentation of need for the project.

(3)  A written project proposal.

(4)  Submittal of a staffing plan for the project, including operational cost projections and documentation that the local jail facility will be able to be safety staffed and operated within 90 days of completion.

(5)  Submittal of architectural drawings, which shall be approved by the CSA for compliance with minimum adult detention facility standards and which shall also be approved by the State Fire Marshal for compliance with fire safety and life safety requirements.

(6)  Documentation evidencing the filing by a participating county of a final notice of determination on its environmental impact report.

(7)  Provisions intended to maintain the tax-exempt status of the bonds, notes, or bond anticipation notes issued by the SPWB.

15820.917.  (a)  Participating county matching funds for projects funded under this chapter shall be a minimum of 25 percent of the total project costs. The CSA may reduce matching fund requirements for participating counties with a general population below 200,000 upon petition by a participating county to the CSA requesting a lower level of matching funds.

(b)  The CDCR and CSA shall give funding preference to counties that assist the state in siting reentry facilities, pursuant to Section 6270.

(c)  The department shall give funding preference to counties that assist the state in siting mental health day treatment and crisis care, pursuant to Section 3073 of the Penal Code, and to counties who provide a continuum of care so that parolees with mental health and substance abuse needs can continue to receive services at the conclusion of their period of parole.

96

15820.918.  The CDCR and CSA may not award funds under this chapter until the panel created pursuant to Section 7021 of the Penal Code has certified that all of the following conditions have been met:

(a)  At least 4,000 of the local jail beds from Chapter 3.11 (commencing with Section 15820.90) are under construction or sited.

(b)  At least 2,000 of the original reentry beds are under construction or sited.

SEC. 6.  Section 2054.2 is added to the Penal Code, to read:

2054.2.  The Department of Corrections and Rehabilitation shall determine and implement a system of incentives to increase inmate participation in, and completion of, academic and vocational education, consistent with the inmate's educational needs as identified in the assessment performed pursuant to Section 3020, including, but not limited to, a literacy level specified in Section 2053.1, a high school diploma or equivalent, or a particular vocational job skill. These incentives may be consistent with other incentives provided to inmates who participate in work programs.

SEC. 7.  Section 2061 is added to the Penal Code, to read:

2061.  (a) The Department of Corrections and Rehabilitation shall develop and implement, by January 15, 2008, a plan to address management deficiencies within the department. The plan should, at a minimum, address all of the following:

(1)  Filling vacancies in management positions within the department.

(2)  Improving lines of accountability within the department.

(3)  Standardizing processes to improve management.

(4)  Improving communication within headquarters, between headquarters, institutions and parole offices, and between institutions and parole offices.

(5)  Developing and implementing more comprehensive plans for management of the prison inmate and parole populations.

(b)  The department may contract with an outside entity that has expertise in management of complex public and law enforcement organizations to assist in identifying and addressing deficiencies.

SEC. 8.  Section 2062 is added to the Penal Code, to read:

2062.  (a) The Department of Corrections and Rehabilitation shall develop and implement a plan to obtain additional rehabilitation and treatment services for prison inmates and parolees. The plan shall include, but is not limited to, all of the following:

(1)  Plans to fill vacant state staff positions that provide direct and indirect rehabilitation and treatment services to inmates and parolees.

(2)  Plans to fill vacant staff positions that provide custody and supervision services for inmates and parolees.

(3)  Plans to obtain from local governments and contractors services for parolees needing treatment while in the community and services that can be brought to inmates within prisons.

(4)  Plans to enter into agreements with community colleges to accelerate training and education of rehabilitation and treatment personnel, and modifications to the licensing and certification requirements of state licensing

96

agencies that can accelerate the availability and hiring of rehabilitation and treatment personnel.

(b) The department shall submit the plan and a schedule for implementation of its provisions to the Legislature by January 15, 2008.

SEC. 9.    Section 2713.2 is added to the Penal Code, to read:

2713.2.    The Department of Corrections and Rehabilitation shall examine and report to the Legislature on whether the provisions of existing law related to payments to inmates released from prison are hindering the success of parolees and resulting in their rapid return to prison for parole violations. The report shall specifically examine whether the costs of transportation of the inmate from prison to the parole location should be paid from the amounts specified in Section 2713.1 or whether it should be paid separately by the department. The department shall submit its findings and recommendations to the Legislature on or before January 15, 2008.

SEC. 10.    Article 5 (commencing with Section 2694) is added to Chapter 4 of Title 1 of Part 3 of the Penal Code, to read:

Article 5.  Substance Abuse Treatment

2694.    The Department of Corrections and Rehabilitation shall expand substance abuse treatment services in prisons to accommodate at least 4,000 additional inmates who have histories of substance abuse. In determining the prisons in which these additional treatment services will be located, the department may consider efficiency and efficacy of treatment, availability of staff resources, availability of physical space, and availability of additional resources in surrounding communities to supplement the treatment. In addition, the department shall expand followup treatment services in the community in order to ensure that offenders who participate in substance abuse treatment while incarcerated in prison shall receive necessary followup treatment while on parole.

SEC. 11.    Article 2.5 (commencing with Section 3020) is added to Chapter 8 of Title 1 of Part 3 of the Penal Code, to read:

Article 2.5.  Interdisciplinary Assessment of Inmates

3020.    The Department of Corrections and Rehabilitation shall conduct assessments of all inmates that include, but are not limited to, data regarding the inmate's history of substance abuse, medical and mental health, education, family background, criminal activity, and social functioning. The assessments shall be used to place inmates in programs that will aid in their reentry to society and that will most likely reduce the inmate's chances of reoffending.

SEC. 12.    Section 3073 is added to the Penal Code, to read:

3073.    The Department of Corrections and Rehabilitation is hereby authorized to obtain day treatment, and to contract for crisis care services, for parolees with mental health problems. Day treatment and crisis care

services should be designed to reduce parolee recidivism and the chances that a parolee will return to prison. The department shall work with counties to obtain day treatment and crisis care services for parolees with the goal of extending the services upon completion of the offender's period of parole, if needed.

SEC. 13.   Chapter 9 (commencing with Section 3105) is added to Title 1 of Part 3 of the Penal Code, to read:

### CHAPTER 9.  PRISON TO EMPLOYMENT

3105.   The Department of Corrections and Rehabilitation shall develop an Inmate Treatment and Prison-to-Employment Plan. The plan should evaluate and recommend changes to the Governor and the Legislature regarding current inmate education, treatment, and rehabilitation programs to determine whether the programs provide sufficient skills to inmates that will likely result in their successful employment in the community, and reduce their chances of returning to prison after release to parole. The department shall report the status of the development of the plan on or before October 1, 2007, again on or before January 15, 2008, and shall submit the final plan by April 1, 2008. The department may use resources of other state or local agencies, academic institutions, and other research organizations as necessary to develop the plan.

SEC. 14.   Section 6140 is added to the Penal Code, to read:

6140.   There is in the Office of the Inspector General the California Rehabilitation Oversight Board (C-ROB). The board shall consist of the 11 members as follows:

(a)  The Inspector General, who shall serve as chair.

(b)  The Secretary of the Department of Corrections and Rehabilitation.

(c)  The Superintendent of Public Instruction, or his or her designee.

(d)  The Chancellor of the California Community Colleges, or his or her designee.

(e)  The Director of the State Department of Alcohol and Drug Programs, or his or her designee.

(f)  The Director of Mental Health, or his or her designee.

(g)  A faculty member of the University of California who has expertise in rehabilitation of criminal offenders, appointed by the President of the University of California.

(h)  A faculty member of the California State University, who has expertise in rehabilitation of criminal offenders, appointed by the Chancellor of the California State University.

(i)  A county sheriff, appointed by the Governor.

(j)  A county chief probation officer, appointed by the Senate Committee on Rules.

(k)  A local government official who provides mental health, substance abuse, or educational services to criminal offenders, appointed by the Speaker of the Assembly.

SEC. 15.  Section 6141 is added to the Penal Code, to read:

6141.  The California Rehabilitation Oversight Board shall meet at least quarterly, and shall regularly examine the various mental health, substance abuse, educational, and employment programs for inmates and parolees operated by the Department of Corrections and Rehabilitation. The board shall report to the Governor and the Legislature biannually, on January 15 and July 15, and may submit other reports during the year if it finds they are necessary. The reports shall include, but are not limited to, findings on the effectiveness of treatment efforts, rehabilitation needs of offenders, gaps in rehabilitation services in the department, and levels of offender participation and success in the programs. The board shall also make recommendations to the Governor and Legislature with respect to modifications, additions, and eliminations of rehabilitation and treatment programs. In performing its duties, the board shall use the work products developed for the department as a result of the provisions of the 2006 Budget Act, including Provision 18 of Item 5225-001-0001.

SEC. 16.  Chapter 9.8 (commencing with Section 6270) is added to Title 7 of Part 3 of the Penal Code, to read:

CHAPTER 9.8.  REENTRY PROGRAM FACILITIES

6270.  The Legislature finds and declares the following:

(a) The continuity of services provided both before and after an inmate's release on parole will improve the parolee's opportunity for successful reintegration into society.

(b) Placing an inmate in a secure correctional facility within the community prior to parole into that community provides the opportunity for both parole officers and local law enforcement personnel to better coordinate supervision of that parolee.

6271.  (a)  The Department of Corrections and Rehabilitation is authorized to construct, establish, and operate reentry program facilities throughout the state that will house up to 6,000 inmates. These facilities shall be secure facilities of up to 500 beds each, house inmates within one year of being released or rereleased from custody, and, to the extent possible, be sited in urban locations.

(b) Reentry program facilities shall only be established in a city, county, or city and county that requests a reentry program facility, and the proposed location of the facility shall be identified by the city, county, or city and county.

6271.1.  (a) The Department of Corrections and Rehabilitation is authorized to construct, establish, and operate reentry program facilities throughout the state that will house up to an additional 10,000 inmates, as provided for in subdivision (c) of Section 15819.41 of the Government Code. These facilities shall be secure facilities of up to 500 beds each, be for inmates within one year of being released or rereleased from custody,

and, to the extent possible, be located in urban locations. This authorization
is in addition to the authorization in Section 6271.

(b) Sections 6272 and 6273 shall also apply to this authorization.

6272.  Reentry program facilities shall provide programming to inmates
and parole violators tailored to the specific problems faced by this population
when reintegrating into society. Persons housed in these facilities shall
receive risk and needs assessments, case management services, and
wraparound services that provide a continuity of support services between
custody and parole.

6273.  In the locations where a reentry program facility is established,
the Department of Corrections and Rehabilitation shall develop a
collaborative partnership with local government, local law enforcement,
and community service providers.

SEC. 17.  Section 7000 of the Penal Code is amended to read:

7000.  (a)  The Department of Corrections and Rehabilitation shall prepare
plans for, and construct facilities and renovations included within, its master
plan for which funds have been appropriated by the Legislature.

(b) "Master plan" means the department's "Facility Requirements Plan,"
dated April 7, 1980, and any subsequent revisions. The plan shall include
the department's plans to remove temporary beds in dayrooms, gyms, and
other areas.

SEC. 18.  Section 7003 of the Penal Code is amended to read:

7003.  For each facility or project included within its master plan, at least
30 days prior to submission of preliminary plans to the State Public Works
Board, the department shall submit to the Joint Legislative Budget
Committee all of the following:

(a) A preliminary plan submittal package, as defined by the State
Administrative Manual.

(b) An estimate of the annual operating costs of the facility.

(c) A staffing plan for the operation of the facility.

(d) A plan for providing medical, mental health, and dental care to
inmates.

(e) A plan for inmate programming at the facility, including education,
work, and substance abuse programming.

If the committee fails to take any action with respect to the submitted
plans within 45 days after submittal, this inaction shall be deemed to be
approval for purposes of this section.

SEC. 19.  Section 7003.5 of the Penal Code is amended to read:

7003.5.  (a)  The department shall provide the Joint Legislative Budget
Committee with quarterly reports on the progress of funded projects
consistent with the requirements outlined in the State Administrative Manual.
This report shall include new prisons, projects to construct inmate housing
and other buildings at, or within, existing prison facilities, prison medical,
mental health, and dental facilities, reentry facilities, and infrastructure
projects at existing prison facilities.

(b) On January 10 of each year, the department shall provide a report to
the Joint Legislative Budget Committee that includes the status of each

96

project that is part of the master plan, including projects planned, projects in preliminary planning, working, drawing and construction phases, and projects that have been completed. The report shall include new prisons; projects to construct inmate housing and other buildings at or within existing prison facilities; prison medical, mental health, and dental facilities; reentry facilities; and infrastructure projects at existing prison facilities.

(c) This section applies to regular prison facilities; projects to expand existing prison facilities; prison medical, mental health, and dental facilities; reentry facilities; and infrastructure projects at existing prison facilities, whether or not built or operated exclusively by the department.

SEC. 20.   Section 7004.5 is added to the Penal Code, to read:

7004.5.   The Department of Corrections and Rehabilitation shall meet with representatives of cities or, if the prison is located in an unincorporated location, counties, whenever the Legislature authorizes the planning, design, or construction of new permanent housing units. The meeting shall take place prior to the completion of the review required by Division 13 (commencing with Section 21000) of the Public Resources Code. The department shall describe the scope of the project and the project schedule, and shall consider comments from the city or county representatives regarding the project's impact.

SEC. 21.   Section 7014 of the Penal Code is repealed.

SEC. 22.   Section 7021 is added to the Penal Code, to read:

7021.   (a) The State Public Works Board may not release any funds provided for projects in Section 15819.41 of the Government Code or Section 6271.1, until a three-member panel, composed of the State Auditor, the Inspector General, and an appointee of the Judicial Council of California, verifies that the conditions outlined in paragraphs (1) to (13), inclusive, have been met. The Legislative Analyst shall provide information and input to the three-member panel as it considers whether the conditions have been met.

(1) At least 4,000 beds authorized in subdivision (a) of Section 15819.40 of the Government Code are under construction.

(2) The first 4,000 beds authorized in subdivision (a) of Section 15819.40 of the Government Code include space and will provide opportunities for rehabilitation services for inmates.

(3) At least 2,000 of the beds authorized in subdivision (a) of Section 6271 are under construction or sited.

(4) At least 2,000 substance abuse treatment slots established in Section 2694 have been established, with aftercare in the community.

(5) Prison institutional drug treatment slots have averaged at least 75 percent participation over the previous six months.

(6) The Department of Corrections and Rehabilitation has implemented an inmate assessment at reception centers, pursuant to Section 3020, and has used the assessment to assign inmates to rehabilitation programs for at least six consecutive months.

(7)  The Department of Corrections and Rehabilitation has completed the Inmate Treatment and Prison-to-Employment Plan, pursuant to Section 3105.

(8)  At least 300 parolees are being served in day treatment or crisis care services, pursuant to Section 3073.

(9)  The California Rehabilitation Oversight Board (C-ROB), created pursuant to Section 6140, has been in operation for at least one year, and is regularly reviewing the Department of Corrections and Rehabilitation's programs. This condition may be waived if the appointments to the C-ROB have not been made by the Legislature.

(10)  The Department of Corrections and Rehabilitation has implemented a plan to address management deficiencies, pursuant to Section 2061, and at least 75 percent of management positions have been filled for at least six months.

(11)  The Department of Corrections and Rehabilitation has increased full-time participation in inmate academic and vocation education programs by 10 percent from the levels of participation on April 1, 2007.

(12)  The Department of Corrections and Rehabilitation has developed and implemented a plan to obtain additional rehabilitation services, pursuant to Section 2062, and the vacancy rate for positions dedicated to rehabilitation and treatment services in prisons and parole offices is no greater than the statewide average vacancy rate for all state positions.

(13)  The Department of Corrections and Rehabilitation has reviewed existing parole procedures.

(b)  The provisions of Section 15819.41 of the Government Code and Section 6271.1 shall not authorize construction of facilities until the three-member panel specified in subdivision (a) has certified that the requirements of that subdivision has not been meet. Those sections shall become inoperative on January 1, 2014. Any projects already underway may continue, and funding for those projects shall remain.

(c)  The requirements set forth in Section 7021 are contingent upon the Legislature making funds available for the rehabilitation programs set forth in the Public Safety and Offender Rehabilitation Services Act of 2007.

SEC. 23.  Section 10007 is added to the Penal Code, to read:

10007.  The Department of Corrections and Rehabilitation may use portable or temporary buildings to provide rehabilitation, treatment, and educational services to inmates within its custody, or to house inmates, as long as that housing does not jeopardize inmate or staff safety.

SEC. 24.  The Legislature finds and declares all of the following:

(a)  Between 16,000 and 17,000 inmates in California state prisons are sleeping in gymnasiums, dayrooms, classrooms, and hallways.

(b)  These conditions create an unsafe environment for both staff and inmates.

(c)  There are over 2,400 correctional staff vacancies at the Department of Corrections and Rehabilitation that result in significant overtime hours for correctional officers and costs to the state.

SEC. 25.  Section 11191 of the Penal Code is amended to read:

96

11191. (a) Any court or other agency or officer of this state having power to commit or transfer an inmate (as defined in Article II (d) of the Interstate Corrections Compact or of the Western Interstate Corrections Compact) to any institution for confinement may commit or transfer that inmate to any institution within or without this state if this state has entered into a contract or contracts for the confinement of inmates in that institution pursuant to Article III of the Interstate Corrections Compact or of the Western Interstate Corrections Compact. The inmate shall have the right to a private consultation with an attorney of his choice, or with a public defender if the inmate cannot afford counsel, concerning his rights and obligations under this section, and shall be informed of those rights prior to executing the written consent. At any time more than five years after the transfer, the inmate shall be entitled to revoke his consent and to transfer to an institution in this state. In which case, the transfer shall occur within the next 30 days.

(b) Notwithstanding subdivision (a), no inmate with serious medical or mental health conditions, as determined by the Plata Receiver, or an inmate in the mental health delivery system at the Enhanced Outpatient Program level of care or higher may be committed or transferred to an institution outside of this state unless he has executed a written consent to the transfer.

(c) This section shall remain in effect only until July 1, 2011, or until such time as the Department of Corrections and Rehabilitation has replaced "temporary beds," as defined in paragraph (3) of subdivision (a) of Section 15819.34 of the Government Code, whichever is sooner, and as of January 1, 2012, shall be repealed, unless a later enacted statute deletes or extends that date.

SEC. 26. Section 11191 is added to the Penal Code, to read:

11191. (a) Any court or other agency or officer of this state having power to commit or transfer an inmate (as defined in Article II (d) of the Interstate Corrections Compact or of the Western Interstate Corrections Compact) to any institution for confinement may commit or transfer that inmate to any institution within or without this state if this state has entered into a contract or contracts for the confinement of inmates in that institution pursuant to Article III of the Interstate Corrections Compact or of the Western Interstate Corrections Compact, but no inmate sentenced under California law may be committed or transferred to an institution outside of this state, unless he or she has executed a written consent to the transfer. The inmate shall have the right to a private consultation with an attorney of his choice, or with a public defender if the inmate cannot afford counsel, concerning his rights and obligations under this section, and shall be informed of those rights prior to executing the written consent. At any time more than five years after the transfer, the inmate shall be entitled to revoke his consent and to transfer to an institution in this state. In such cases, the transfer shall occur within the next 30 days.

(b) This section shall become operative on July 1, 2011, or at such time as the Department of Corrections and Rehabilitation has replaced "temporary

beds," as defined in paragraph (3) of subdivision (a) of Section 15819.34 of the Government Code, whichever is sooner.

SEC. 27.   Section 13602.1 is added to the Penal Code, to read:

13602.1.   The Department of Corrections and Rehabilitation may establish a training academy for correctional officers in southern California.

SEC. 28.   The sum of three hundred fifty million dollars ($350,000,000) is hereby appropriated from the General Fund to the Department of Corrections and Rehabilitation for the following purposes:

(a)  Three hundred million dollars ($300,000,000) for capital outlay to renovate, improve, or expand infrastructure capacity at existing prison facilities. The funds appropriated by this section may be used for land acquisition, environmental services, architectural programming, engineering assessments, schematic design, preliminary plans, working drawings, and construction.

(b)  Fifty million dollars ($50,000,000) to supplement funds for rehabilitation and treatment of prison inmates and parolees. These funds may be expended for staffing, contracts, and other services for rehabilitation and treatment services that include academic and vocational services, substance abuse treatment, and mental health treatment.

SEC. 29.   This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

As of April 2007, the prison inmate population totaled nearly 172,000. More than 16,000 inmates are being housed in buildings that were not designed as housing units, and all capacity in these nontraditional spaces will be exhausted during June 2007. In order to provide prison capacity beyond 2007, it is necessary that this act take effect immediately.

O