EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN - State Bar No. 126424
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
Lisa.Tillman@doj.ca.gov
Kyle.Lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA D. TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2**<br><br>**TO: Three-Judge Panel** |

Defs.' Opp. To Pls.'
Mot. In Limine No. 2

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

I.

# INTRODUCTION

Plaintiffs' Motion in Limine No. 2 does not seek to exclude Dr. James Marquart as an expert witness or to prevent him from testifying on any topic. Plaintiffs' motion merely seeks to exclude Dr. Marquart's September 22, 2008 Supplemental Report. Plaintiffs' motion should be denied because (1) Dr. Marquart's Supplemental Report is permitted under the Federal Rules of Civil Procedure, (2) substantial justification exists for any alleged delay in the production of Dr. Marquart's Supplemental Report, and (3) Plaintiffs were not harmed by any alleged delay in the production of Dr. Marquart's Supplemental Report.

II.

# ARGUMENT

**A. Dr. Marquart's Supplemental Report is Permitted Under the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 26(e)(2) permits an expert witness to supplement his or her reports and/or deposition testimony at any time before pre-trial disclosures are due. In this matter, the parties' pre-trial filings are due on October 30, 2008. Since Dr. Marquart's Supplemental Report was produced on September 22, 2008, over a month before the parties' pre-trial filings were due, Dr. Marquart's Supplemental Report is timely and permitted under the Federal Rules of Civil Procedure.

The caselaw cited in Plaintiffs' motion is inapposite. In *Schweizer*, the affidavit at issue, which was characterized as a supplemental report, was submitted two and a half months after the parties' pre-trial disclosures were due. *Schweizer v. DEKALB Swine Breeders, Inc.*, 954 F. Supp. 1495, 1510 (D. Kan. 1997). Here, Dr. Marquart's Supplemental Report was submitted over a month in advance of the parties' pre-trial filing deadline. While in *Metro Ford Truck Sales, Inc.*, the expert did not submit *any* written report until three months after the applicable due date. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Here, Dr. Marquart complied with the Three-Judge Panel's scheduling order by submitting an initial report

1

Defs.' Opp. To Pls.'
Mot. In Limine No. 2

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

on August 15, 2008 and a rebuttal report on August 27, 2008. Consequently, Dr. Marquart's Supplemental Report is timely under the Federal Rules of Civil Procedure.

Plaintiffs next take issue that Dr. Marquart's Supplemental Report is not a supplemental report but is merely a rebuttal report masquerading as a supplemental report. (Pls.' Mot. In Limine at 1:23-26.) Plaintiffs are again mistaken. Supplementation under Rule 26(e)(1) means "correcting inaccuracies, or filling in the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D.Mont. 1998). Here, Dr. Marquart testifies that his Supplemental Report "filled in gaps and helped [him] clarify the pertinent issues related to this case with information that [he] did not possess at the time [he] drafted [his] previous reports." (Marquart Decl. ¶ 2.) Plaintiffs may be correct that the documents relied upon by Dr. Marquart physically existed at the time he drafted his initial and rebuttal reports. Dr. Marquart, however, did not possess these documents at the time he drafted his initial and rebuttal reports. (Marquart Decl. ¶ 2.) Moreover, it is a "fact that experts frequently make minor revisions or refinements within the scope of their basic opinions after submitting a Rule 26 report without running afoul of the disclosure obligations." *Thales Avionic, Inc. v. Matsushita Avionics Systems, Corp.*, No. 04-454, 2006 WL 5105561 (C.D. Cal. 2006). Consequently, Dr. Marquart's Supplemental Report is the type of supplemental report permitted under the Federal Rules of Civil Procedure and Plaintiffs' motion should be denied.

**B.    Dr. Marquart's Supplemental Report Should Not Be Excluded Under Federal Rule of Civil Procedure 37(c)(1).**

Plaintiffs next contend that Dr. Marquart's Supplemental Report should be excluded under Federal Rule of Civil Procedure 37(c)(1). Federal Rule of Civil Procedure 37(c)(1) permits the exclusion of evidence unless "the failure was substantially justified or is harmless." *Yeti by Molly LTD, v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Moreover, in making this determination the Court should consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Defs.' Opp. To Pls.'
Mot. In Limine No. 2

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Here, Dr. Marquart's Supplemental Report should not be excluded because substantial justification exists and Plaintiffs were not harmed by any alleged delay in the production of Dr. Marquart's Supplemental Report.

    1.    **Substantial Justification Exists for Any Alleged Delay in the Production of Dr. Marquart's Supplemental Report.**

As explained above, Dr. Marquart's Supplemental Report relied on information that he did not possess at the time he drafted his previous reports. (Marquart Decl. ¶ 2.) Moreover, Hurricane Ike severely impacted Dr. Marquart and his family, which contributed to any alleged delay in the production of Dr. Marquart's Supplemental Report. (Marquart Decl. ¶ 3.) Consequently, due to the expedited discovery schedule in this matter, an unforeseen natural disaster, and the unprecedented relief sought by Plaintiffs, substantial justification exists to excuse any alleged delay in the production of Dr. Marquart's Supplemental Report.

    2.    **Plaintiffs Were Not Harmed by Any Alleged Delay in the Production of Dr. Marquart's Supplemental Report.**

Additionally, Plaintiffs were not harmed by any alleged delay in the production of Dr. Marquart's Supplemental Report. Dr. Marquart's Supplemental Report was produced almost two weeks before his deposition and approximately two months before the trial date in this matter. Plaintiffs' counsel extensively questioned Dr. Marquart about his Supplemental Report at his deposition. (Decl. Lewis Supp. Defs.' Opp'n to Pls' Mot. In Limine No. 2, Ex. A.) Additionally, on September 25, 2008, Plaintiffs' expert James Austin produced a Supplemental Report that rebutted Dr. Marquart's Supplemental Report. (Decl. Lewis Ex. B.) Consequently, Defendants do not possess an unfair advantage by being able to introduce Dr. Marquart's Supplemental Report at the time of trial.

The cases cited by Plaintiffs are again inapposite. In *Yeti by Molly LTD*, the plaintiff failed to provide its expert report for two and a half years and disclosed the report less than a month before trial. *Yeti by Molly LTD*, 259 F.3d at 1107. While in *Quevedo*, the expert witness report was produced for the first time in response to the defendant's motion for summary judgment. *Quevedo v. Trans-Pac Shipping, Inc.*, 143 F.3d 1255 1258, (9th Cir. 1998). A more

3

Defs.' Opp. To Pls.'
Mot. In Limine No. 2

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

analogous situation is where a supplemental report is produced two weeks before the expert witness's deposition or two months before the trial date and the opposing party is permitted the opportunity to take the expert witness's deposition. *See Figueroa v. Smith,* No. 06-2628, 2007 WL 1342485 (N.D. Cal. 2007); *Carver v. Audio Products International Corp.,* No. 00-1477, 2003 WL 25673996 (W.D. Wash. 2003). In both these situations, the delay in the production of the supplemental report was found to be "relatively harmless" and the supplemental report was not excluded.

Additionally, in light of the extraordinary and unprecedented relief sought by Plaintiffs, the Court should consider all information regarding how a prison release order threatens public safety. Therefore, it is in the public interest that Dr. Marquart's Supplemental Report should not be excluded.

### III.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion in limine to exclude Dr. Marquart's Supplemental Report be denied.

DATED: October 30, 2008

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

By: /s/ Paul. B. Mello
PAUL B. MELLO
Attorneys for DEFENDANTS

DATED: October 30, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle A. Lewis
KYLE A. LEWIS
Deputy Attorney General
Attorneys for DEFENDANTS

4

Defs.' Opp. To Pls.'
Mot. In Limine No. 2

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH