EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile:  (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>            Plaintiffs,<br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>            Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>            Plaintiffs,<br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>            Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE NON-PARTY WITNESSES FROM THE COURTROOM AT TRIAL**<br><br>**To:  Three-Judge Panel** |

- 1 -

## I. INTRODUCTION

Plaintiffs seek by way of their two sentence Motion in Limine No. 1 to exclude all non-party witnesses from the courtroom during trial to prevent them from hearing the testimony of other witnesses. (Pls.' Mot. in Limine No. 1 (Pls.' Mot.) at 1:7-8.) Plaintiffs also request that Defendants' counsel be prohibited from providing transcripts to witnesses who have not yet testified, and also request an order barring witnesses from discussing their testimony with other witnesses before the end of trial. (*Id.* at 1:-10-12.)

Defendants do not oppose Plaintiffs' request under Federal Rule of Evidence 615 to exclude all non-party witnesses from the courtroom (including Plaintiffs, Intervenors, and Defendants' non-party witnesses) so that they cannot hear the testimony of others. Nor do Defendants oppose Plaintiffs' request for an order instructing witnesses not to discuss their testimony with other witnesses before the end of trial. (*See* Pls.' Mot. at 1:12.) Defendants only request that this order extend equally to all non-party witnesses to this matter, including Plaintiffs' non-party witnesses.

Defendants do, however, oppose Plaintiffs' request for an order barring Defendants' counsel from providing transcripts to witnesses who have not yet testified. An order prohibiting counsel from conferring with their witnesses throughout trial and preparing their witnesses to testify is improper. *United States v. Rhynes*, 218 F.3d 310, 316-17 (4th Cir. 2000). Additionally, it is important to the fair adjudication of this matter that Defendants' experts be permitted to review the trial testimony of each witness to the extent such testimony becomes relevant to Defendants' experts' opinions. It is equally important that Defendants' rebuttal witnesses be permitted to review any transcripts necessary to their testimony. Lastly, such an order would be inconsistent with this Court's previous orders which call for the public filing of each witness' and expert's direct testimony. Accordingly, Defendants should be permitted to provide transcripts to witnesses who have not yet testified.

/ / /

/ / /

## II.    ARGUMENT

When requested, a court must exclude witnesses from the courtroom so that they are not tainted by the testimony of other witnesses. *See* Fed. R. Evid. 615. Such an exclusionary rule is to ensure that a witness' testimony is not improperly influenced by the testimony of others. *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994). Indeed, the Ninth Circuit has held that "when a court fails to comply with Rule 615, prejudice is presumed and reversal is required unless it is manifestly clear from the record that the error was harmless . . . " *United States v. Ell*, 718 F.2d 291, 293-94 (9th Cir. 1983). Defendants therefore do not oppose Plaintiffs' request under Federal Rule of Evidence 615, and seek to ensure that this Court applies Rule 615 to all of the parties equally by excluding *all* non-party witnesses from the courtroom during trial, including those of Plaintiffs.

Defendants further do not oppose Plaintiffs' request that this Court issue an order precluding witnesses from discussing their testimony with other witnesses before the end of trial. Defendants do, however, request that any such order apply equally to each party's witnesses, and not to Defendants and Intervenors' witnesses only.

Plaintiffs also request by way of Motion in Limine No. 1 an order barring counsel for Defendants and the Intervenors from providing transcripts to witnesses who have not yet testified. (Pls.' Mot. at 1:10-11.) This request is improper and illogical, and therefore must be denied. Plaintiffs cite no authority in support of this motion, and though Federal Rule of Evidence 615 permits the exclusion of witnesses from trial, it stops short of prohibiting witnesses from reading trial transcripts. Rule 615 authorizes only the exclusion of witnesses from the courtroom and does not extend to witnesses' conduct outside of the courtroom. *See United States v. Sepulveda*, 15 F.3d 1161, 1176 (1st Cir. 1993). In the absence of any authority to the contrary, Plaintiffs may not seek to preclude Defendants' witnesses from reviewing the trial testimony of other witnesses.

Additionally, Plaintiffs' request is illogical in light of the fact that all direct testimony is being provided by affidavit and expert reports. (7/2/08 Order for Pretrial Preparation,

- 3 -

*Plata* Docket No. 1294, at ¶ 6 ("direct testimony from all percipient witnesses will be presented by affidavit and no more than fifteen minutes of live testimony . . . [d]irect testimony from expert witnesses will be presented through their expert reports and no more than thirty minutes of live testimony . . . "; *see also* 10/10/07 Order Bifurcating Proceedings and Setting Deadlines for Phase 1, *Plata* Docket No. 880, at 6.)  The subject of each witness' testimony is not discreet, as each witness' trial affidavit will be publicly filed with the Court in advance of trial.  It is therefore inconsistent to preclude witnesses from reviewing the testimony of other witnesses at trial, while simultaneously requiring the parties to file with the Court each witnesses' direct testimony by affidavit or report.

       Plaintiffs' request is further baseless in that counsel is absolutely permitted to discuss the case, including prior trial testimony, with his or her witnesses who have not yet testified.  *United States v. Rhynes*, 218 F.3d 310, 316-17 (4th Cir. 2000) (en banc).  The court in *Rhynes* determined that "[i]t is clear from the plain and unambiguous language of Rule 615 that lawyers are simply not subject to the Rule," and that "the relevant authorities interpreting Rule 615, including court decisions and the leading commentators, agree that sequestration orders prohibiting discussions between witnesses should, and do, permit witnesses to discuss the case with counsel for either party . . ." *Id.* at 316-17.  The court reasoned that competent lawyers have a duty to thoroughly prepare witnesses for before they testify, and that the court must enable counsel to do so without being constrained by overbroad sequestration orders.  *Id.* at 318-19.  The court further stated that "[n]o competent lawyer would call a witness without appropriate and thorough pre-trial interviews and discussion," and concluded that "the policies and spirit of sequestration must yield to the constitutional and ethical duties" that attorneys owe to their clients.  *Id.* at 319 & 318.  Thus, Defendants' counsel should not be handicapped in preparing their witnesses for trial in any respect, especially where courts have noted that Rule 615 yields to an attorney's obligation to prepare his or her witnesses for testimony at trial.

- 4 -

1     Further, Plaintiffs' motion would prohibit Defendants' experts from reviewing the
2 testimony of any and all witnesses during trial.  It is essential to the fair presentation of
3 this matter that Defendants' experts be permitted to acquaint themselves with the entire
4 testimony of all of the witnesses as it may be necessary for the experts to comment on
5 and discuss any such testimony.  Indeed, experts are permitted to rely on any facts or
6 data necessary to form their opinion.  *See* Fed. R. Evid. 703.  The testimony of other trial
7 witnesses is among the type of evidence that an expert may rely upon.  Moreover, the
8 purpose of Rule 615 -- which is to prevent a witness' recollection from being influenced
9 by the testimony of others -- is inapplicable to experts who do not testify as to the facts of
10 the case, but rather as to their opinion.  *See United States v. Seschillie*, 310 F.3d 1208,
11 1213 (9th Cir. 2002) ("an expert witness does not normally testify to facts, thereby
12 nullifying the need for sequestration . . .").
13     It is equally important that Defendants' rebuttal witnesses be permitted to review
14 any trial transcripts necessary to their testimony.  Because all non-party witnesses will
15 be excluded from the courtroom, it is absolutely essential to the fair adjudication of this
16 proceeding that rebuttal witnesses, like experts and other witnesses, be permitted to
17 review any applicable trial testimony of previous witnesses whose testimony they will be
18 called to rebut.  Accordingly, Defendants respectfully request that this Court deny
19 Plaintiffs' motion to the extent it seeks to preclude witnesses from reviewing trial
20 transcripts before they are called to testify.

### III.    CONCLUSION

22     Defendants do not oppose Plaintiffs' motion to exclude all non-party witnesses
23 from the courtroom during trial except when they provide testimony.  Nor do Defendants
24 oppose Plaintiffs' request for an order preventing witnesses from discussing their
25 testimony with other witnesses before the end of trial.  However, Plaintiffs' request that
26 this Court issue an order barring Defendants' counsel from providing transcripts to
27 witnesses before they testify is baseless and impermissible.  Defendants therefore
28 respectfully request that this Court deny Plaintiffs' motion in that regard.  To the extent

this Court grants Plaintiffs' motion in full, Defendants request that it apply equally to all parties, and that Plaintiffs likewise be prevented from providing transcripts to witnesses who have not yet testified.

DATED: October 30, 2008                    HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: October 30, 2008                    EDMUND G. BROWN JR.
Attorney General of the State of California


By: /s/ Kyle A. Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.