EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN - State Bar No. 126424
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5677
Facsimile: (415) 703-5843
Lisa.Tillman@doj.ca.gov
Kyle.Lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
S. ANNE JOHNSON - 197415
SAMANTHA D. TAMA - 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**<br><br>**TO:** Three-Judge Panel |

Defs.' Opp'n Pls.' Mot. In Limine No. 3

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

## I. INTRODUCTION

Plaintiffs' Motion in Limine number 3 seeks to exclude Dr. Ira Packer's October 1, 2008 Supplemental Report and prevent Dr. Packer from testifying that a prison release order will threaten public safety. Plaintiffs' motion should be denied because (1) Dr. Packer's Supplemental Report is permitted under the Federal Rules of Civil Procedure, (2) substantial justification exists for any alleged delay in the production of Dr. Packer's Supplemental Report, (3) Plaintiffs were not harmed by any alleged delay in the production of Dr. Packer's Supplemental Report, and (4) Dr. Packer's Supplemental Report will be helpful to the trier of fact.

## II. FACTUAL BACKGROUND

Defendants' counsel provided Plaintiffs' counsel with Dr. Packer's preliminary report on November 9, 2007. (Decl. Tillman Supp. Defs.' Opp'n to Pls.' Mot. In Limine No. 3, ¶ 3.) After Dr. Packer toured certain CDCR institutions, Defendants provided Plaintiffs' counsel with Dr. Packer's final report on December 10, 2007. (*Id.* at ¶ 4.) The December 10, 2007 report states the intent to provide testimony on whether no other relief will address the issues of alleged overcrowding and addressed the potential impact of release. His report addresses, in part, the "revolving door" phenomenon of mentally ill inmates returning to prison after parole. (*Id.* at ¶ 4, Ex. A at 21.) He states, "As more inmates are released, even if recidivism rates remained steady (although it is reasonable to believe that an increase in releases might increase recidivism rates), this would likely result in an increase in admissions at the Reception Centers. Thus, a more reasonable solution to this issue would be to focus on better discharge planning and improved services to inmates (particularly mentally ill inmates) who are paroled into the community." (*Id.* at 21.) His preliminary expert report indicates various means of providing such community support for mentally ill offenders. (*Id.* at 21-22.)

Dr. Packer's deposition was noticed for December 17, 2007. (Decl. Tillman ¶ 5.) On December 14, 2007, this Court issued an order staying discovery and Dr. Packer's deposition was taken off-calendar. (*Id.*)

1

Defs.' Opp'n Pls.' Mot. In Limine No. 3    Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

On August 7, 2008, Plaintiffs' motion to compel Defendants to provide supplemental discovery responses was heard by Magistrate Moulds. (Decl. Tillman ¶ 6.) In the course of that hearing, Magistrate Moulds confirmed Defendants' understanding that expert reports were subject to supplementation under federal rules of discovery. (*Id.* at ¶ 6, Ex. B at 11-12.)

On August 15, 2008, Defendants' counsel provided Plaintiffs' counsel with Dr. Packer's second expert report in this matter. (Decl. Tillman ¶ 7.) Dr. Packer was designated on both Phase I and Phase II issues. (*Id.*)

On October 1, 2008, Defendants' counsel provided Plaintiffs' counsel with Dr. Packer's supplemental report via email. (Decl. Tillman ¶ 8.) That report revisits the issue of the potential impact of the release of inmates. (*Id.*; *see also id* at Ex. C.)

On October 3, 2008, Plaintiffs' counsel deposed Dr. Packer for seven hours. (Decl. Tillman ¶ 9.) During that deposition, Plaintiff counsel questioned Dr. Packer about the October 1, 2008 report. (*Id.*)

### III. ARGUMENT

**A. Dr. Packer's Supplemental Report is Permitted Under the Federal Rules of Civil Procedure.**

**1. Dr. Packer's Supplemental Report was Timely Exchanged.**

Federal Rule of Civil Procedure 26(e)(2) permits an expert witness to supplement his or her reports and/or deposition testimony at any time before pre-trial disclosures are due. In this matter, the parties' pre-trial filings are due on October 30, 2008. Since Dr. Packer's Supplemental Report was produced on October 1, 2008, almost a month before the parties' pre-trial filings were due, Dr. Packer's Supplemental Report is timely and permitted under the Federal Rules of Civil Procedure.

The caselaw cited in Plaintiffs' motion is inapposite. In *Schweizer,* the affidavit at issue, which was characterized as a supplemental report, was submitted two and a half months after the parties' pre-trial disclosures were due. *Schweizer v. DEKALB Swine Breeders, Inc.,* 954 F. Supp. 1495, 1510 (D. Kan. 1997). Here, Dr. Packer's Supplemental Report was submitted almost a month in advance of the parties' pre-trial

2

Defs.' Opp'n Pls.' Mot. In Limine No. 3

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

filing deadline. In *Metro Ford Truck Sales, Inc.,* the expert did not submit *any* written report until three months *after* the applicable due date. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir. 1998). Here, Dr. Packer complied with the Three-Judge Panel's scheduling orders by submitting an initial report on November 9, 2007 and supplemental reports on December 10, 2007 and August 15, 2008. Consequently, Dr. Packer's October 1, 2008 Supplemental Report is timely under the Federal Rules of Civil Procedure.

### 2. Because the Supplemental Report Expanded Upon Opinions Stated In Earlier Reports, the Report is Proper Under Federal Rules.

Plaintiffs next take issue that Dr. Packer's Supplemental Report is not a supplemental report but is a rebuttal report masquerading as a supplemental report, which also seeks to introduce a completely new opinion. (Pls.' Mot. In Limine at 5:12-21.) Plaintiffs are again mistaken. Supplementation under Rule 26(e)(1) means "correcting inaccuracies, or filling in the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998). Because Dr. Packer testifies that his Supplemental Report "allowed [him] to expand upon the public safety concerns expressed in [his] December 10, 2007 report." (Packer Decl. Supp. Defs.' Opp'n to Pls.' Mot. In Limine No. 3, ¶ 2.)

Specifically, in his December 10, 2007 report, Dr. Packer noted that "the ability to develop appropriate community plans for [mentally ill inmates] is limited, thus creating a vicious cycle, as they decompensate in the community and quickly return ("revolving door" phenomenon)." (Decl. Tillman, Ex. A at 20-21.) Dr. Packer opined that a prisoner release order would not remedy this situation but "would likely exacerbate the problem." (*Id.* at 21.) Dr. Packer felt that "a more reasonable solution to this issue would be to focus on better discharge planning and improved services to inmates (particularly mentally ill inmates) who are paroled into the community." (*Id.* at 21.) The bulk of Dr. Packer's October 1, 2008 Supplemental Report discusses the importance of discharge

3

Defs.' Opp'n Pls.' Mot. In Limine No. 3

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

planning for mentally ill inmates. (*Id.* at Ex. C p. 2-3.) Consequently, contrary to Plaintiffs' assertions, Dr. Packer's October 1, 2008 Supplemental Report does not address new topics but merely fills in the interstices of his December 10, 2007 report.

Additionally, Dr. Packer explains that his Supplemental Report relied on information "that [he] did not possess at the time [he] drafted [his] previous reports." (Decl. Packer ¶ 2.) Plaintiffs may be correct that some of the documents relied upon by Dr. Packer physically existed at the time he drafted his August 15, 2008 report. Dr. Packer, however, did not possess these documents at the time he drafted his August 15, 2008 report. (Decl. Packer ¶ 2.) Moreover, it is a "fact that experts frequently make minor revisions or refinements within the scope of their basic opinions after submitting a Rule 26 report without running afoul of the disclosure obligations." *Thales Avionic, Inc. v. Matsushita Avionics Systems, Corp.*, No. 04-454, 2006 WL 5105561 (C.D. Cal. 2006). Consequently, Dr. Packer's Supplemental Report is the type of supplemental report permitted under the Federal Rules of Civil Procedure and Plaintiffs' motion should be denied.

**B.    Dr. Packer's Supplemental Report Should Not Be Excluded Under Federal Rule of Civil Procedure 37(c)(1).**

Plaintiffs next contend that Dr. Packer's Supplemental Report should be excluded under Federal Rule of Civil Procedure 37(c)(1). Federal Rule of Civil Procedure 37(c)(1) permits the exclusion of evidence unless "the failure was substantially justified or is harmless." *Yeti by Molly LTD, v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Moreover, in making this determination the Court should consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Here, Dr. Packer's Supplemental Report should not be excluded because substantial justification exists and Plaintiffs were not harmed by any alleged delay in the production of Dr. Packer's Supplemental Report.

4

Defs.' Opp'n Pls.' Mot. In Limine No. 3

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

1. **Substantial Justification Exists for Any Alleged Delay in the Production of Dr. Packer's Supplemental Report.**

As explained above, Dr. Packer's Supplemental Report relied on information that he did not possess at the time he drafted his previous reports. (Decl. Packer ¶ 2.) Moreover, Dr. Packer was on vacation during the week of August 25, 2008. (*Id.* at ¶ 3.) Consequently, due to the expedited discovery schedule in this matter and the unprecedented relief sought by Plaintiffs, substantial justification exists to excuse any alleged delay in the production of Dr. Packer's Supplemental Report.

2. **Plaintiffs Were Not Harmed by Any Alleged Delay in the Production of Dr. Packer's Supplemental Report.**

Plaintiffs were not harmed by any alleged delay in the production of Dr. Packer's Supplemental Report. Dr. Packer's Supplemental Report was produced in advance of his deposition and almost two months before the trial date in this matter. During a seven-hour, all-day deposition, Plaintiffs' counsel extensively questioned Dr. Packer about his Supplemental Report. (Decl. Tillman ¶ 9.) Consequently, Defendants do not possess an unfair advantage by being able to introduce Dr. Packer's Supplemental Report at the time of trial.

The cases cited by Plaintiffs are again inapposite. In *Yeti by Molly LTD,* the plaintiff failed to provide its expert report for two and a half years and disclosed the report less than a month before trial. *Yeti by Molly LTD,* 259 F.3d at 1107. While in *Quevedo,* the expert witness report was produced for the first time in response to the defendant's motion for summary judgment. *Quevedo v. Trans-Pac Shipping, Inc.,* 143 F.3d 1255 1258 (9th Cir. 1998). A more analogous situation is where a supplemental report is produced prior to the expert witness's deposition or two months before the trial date and the opposing party is permitted the opportunity to take the expert witness's deposition. *See Figueroa v. Smith,* No. 06-2628, 2007 WL 1342485 (N.D. Cal. 2007); *Carver v. Audio Products Int'l Corp.,* No. 00-1477, 2003 WL 25673996 (W.D. Wash. 2003). In both these situations, the delay in the production of the supplemental report was found to be "relatively harmless" and the supplemental report was not excluded.

5

Defs.' Opp'n Pls.' Mot. In Limine No. 3

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

1    Additionally, in light of the extraordinary and unprecedented relief sought by
2 Plaintiffs, the Court should consider all information regarding how a prison release order
3 threatens public safety. Therefore, it is in the public interest that Dr. Packer's
4 Supplemental Report should not be excluded.

**C.    Dr. Packer's Supplemental Report Will Be Helpful to the Trier of Fact.**

6    Plaintiffs next take issue with Dr. Packer's concern about the lack of community
7 mental health services for parolees and Dr. Packer's concern for the individuals that may
8 be released through a prison release order. Plaintiffs contend that these concerns are
9 so equivocal that they will not be useful to the trier of fact. Plaintiffs are again mistaken.

10    Plaintiffs' concern regarding a "fully functional" community mental health system
11 can be attributed to a too literal reading of Dr. Packer's Supplemental Report. As Dr.
12 Packer explains, in his Supplemental Report he was seeking to describe the general
13 problem of the current discharge planning process. (Decl. Packer ¶ 4.) Dr. Packer was
14 merely making the point that the system's current discharge planning process is already
15 stressed and for many inmates inadequate. Discharging additional inmates will only
16 further exacerbate this problem. (Decl. Packer ¶ 4.)

17    Similarly, with respect to Dr. Packer's concerns regarding individual inmates
18 subject to a prison release order, Dr. Packer explains that the "lack of adequate services
19 would lead to increased risk." (Decl. Packer ¶ 5.) Dr. Packer further explains that during
20 his deposition, he tried to explain to Plaintiffs' counsel that "the increased risk is per
21 individual. Thus, each individual released without adequate resources is at increased
22 risk, and the magnitude of risk is then fully proportional to the number of individuals
23 released." (Decl. Packer ¶ 5.) This statement is not generic or vague, but rather a way
24 of explaining how to go about understanding the increased risk to public safety of a
25 prisoner release order.

26 ///
27 ///
28

6

Defs.' Opp'n Pls.' Mot. In Limine No. 3    Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion in limine to exclude Dr. Packer's Supplemental Report be denied.

DATED: October 30, 2008

                                              HANSON BRIDGETT LLP

By: /s/ Paul. B. Mello
PAUL B. MELLO
Attorneys for DEFENDANTS

DATED: October 30, 2008

                                              EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle A. Lewis
KYLE A. LEWIS
Deputy Attorney General
Attorneys for DEFENDANTS

7

Defs.' Opp'n Pls.' Mot. In Limine No. 3

Case No. 90-00520 LKK JFM
Case No. C01-01351 TEH