(2) Filings

The graphic shows the disposition for all the felony cases.

## Felony Filings



**123 (5%)**
**337 (14%)**
**2333**
**422 (18%)**
**1451 (62%)**

| | |
|---|---|
| Pending | |
| Dismissed | |
| Misdemeanor Conviction | |
| Felony Conviction | |

Five percent of the felony case filings are still pending. Fourteen percent of the felony filings were dismissed; 18 percent were convicted of misdemeanors and the remaining 62 percent were convicted of felony charges.

(3) National Comparison

The final graphic in this summary section compares the disposition of felony arrests in Sonoma County with national averages. The national data is taken from the Bureau of Justice Statistics 2006 publication of Felony Defendants in Large Urban Areas in 2002.



The national average of felony bookings resolved within a year resulting in a felony conviction is 57 percent as compared with 30 percent in Sonoma County. The national average of felony bookings resolved within a year resulting in a misdemeanor conviction is 11 percent as compared to 9 percent in Sonoma County.

6. Failure-to-Appear

a. Overall

The next graphic details the failure-to-appear rate. The rate is calculated by examining all the cases where the defendant was released from jail prior to trial and determining if they had one or more failures-to-appear.



*Failure-to-Appear?*

Twenty-eight percent of the misdemeanants and 21 percent of the felons failed to appear.

b. Number

The next graphic displays the number of failures to appear for each defendant.



Eighty-eight percent of the misdemeanants who failed to appear did so only once as did 93 percent of the felons. Eight percent of the misdemeanants and 5 percent of the felons failed to appear twice. Four percent of the misdemeanants and 2 percent of the felons failed to appear 3 times or more.

The average number of times that a person who failed to appear did so was 1.4 for the misdemeanants and 1.3 for the felons.

c. Time

The next graphic shows the length of time between release from custody to the defendant failing-to-appear.

# Time From Release to Failure-to-Appear



The overall time from release to the failure to appear was 56.2 days. Misdemeanant's average time was 52 days and felon's were 79.7 days.

d.  Type of Release

The next graphic shows the failure to appear rates by type of release.



## Failure-to-Appear Rates by Type of Release

The overall failure-to-appear rate was 31 percent for the misdemeanants and 26 percent for the felons.  Misdemeanants released on a surety bond failed-to-appear at a rate of 22 percent and felons at a rate of 28 percent; cash bond released misdemeanants failed-to-appear at a rate of 10 percent and felons 16 percent; citation released misdemeanants and felons failed-to-appear at a 43 percent rate; and recognizance released misdemeanants failed-to-appear at a 40 percent rate and felons 33 percent.   Supervised recognizance released misdemeanant's failed-to-appear at a 17 percent rate and felons 12 percent.

Sonoma County Corrections Master Plan

e. Prior Arrests

The next graphic details the number of prior arrests for persons who ultimately failed to appear.

## Number of Prior Arrests by Release Type and Failure-to-Appear



The average number of prior arrests was 5. Persons who failed-to-appear averaged 6.8 prior arrests as compared with defendants who did not fail to appear averaged 4.3 prior arrests. Defendants released on citation averaged 5.9 prior arrests. Citation released defendants who failed to appear averaged 6.8 prior arrests while those who did not fail to appear averaged 5.1 prior arrests. Defendants released on recognizance averaged 4.8 prior arrests. Recognizance released defendants who failed to appear averaged 4.1 prior arrests while those who did not fail to appear averaged 5.2 prior arrests. Defendants released on supervised release averaged 4.1 prior arrests. Supervised released defendants who failed to appear averaged 14.2 prior arrests while those who did not fail to appear averaged 2.9 prior arrests. Defendants released on cash bail averaged 1

prior arrests. Cash bail released defendants who failed to appear averaged no prior arrests while those who did not fail to appear averaged 1.2 prior arrests. Defendants released on surety bond averaged 4.7 prior arrests. Surety bond released defendants who failed to appear averaged 6.7 prior arrests while those who did not fail to appear averaged 4.3 prior arrests.

7. Re-Arrest

a. Overall

The next graphic shows whether the defendants were re-arrested. The rate is calculated by examining all defendants released from custody prior to trial and determining if they were re-arrested, *prior to the case being disposed.*



Twenty-three percent of the misdemeanants and 31 percent of the felons were re-arrested.

### b. Number

The next graphic displays the number of times that the defendant was re-arrested prior to disposition.



Sixty-four percent of the misdemeanants and 63 percent of the felons were re-arrested once. Twenty-two percent of both the misdemeanants and the felons were re-arrested twice. The remaining 14 percent of the misdemeanants and 15 percent of the felons were arrested three or more times.

The average number of re-arrests was 1.6 for both the misdemeanants and the felons.

c. Type of Release

The next graphic shows the re-arrest rates by type of release.



The overall re-arrest rate was 23 percent for the misdemeanants and 31 percent for the felons. Misdemeanants released on a surety bond re-arrested at a rate of 17 percent and felons at a rate of 34 percent; cash bond released misdemeanants re-arrested at a rate of 9 percent and felons 5 percent; citation released misdemeanants were re-arrested at a 29 percent rate and felons re-arrested at a 50 percent rate; and recognizance released misdemeanants re-arrested at a 22 percent rate and felons 17 percent. Supervised recognizance released misdemeanant's re-arrested at a 27 percent rate and felons 28 percent.

d. Prior Arrests

The next graphic details the number of prior arrests for persons who ultimately re-arrested.

# Number of Prior Arrests by Release Type and Re-Arrest



The average number of prior arrests was 4.8. Persons who re-arrested an averaged 8.6 prior arrests as compared with defendants who did not fail to appear who had an average 3.6 prior arrests. Defendants released on citation averaged 5.8 prior arrests. Citation released defendants who re-arrested averaged 11.6 prior arrests while those who did not fail to appear averaged 3.2 prior arrests. Defendants released on recognizance averaged 4.8 prior arrests. Recognizance released defendants who re-arrested averaged 5.4 prior arrests while those who did not fail to appear averaged 4.5 prior arrests. Defendants released on supervised release averaged 4.1 prior arrests. Supervised released defendants who re-arrested averaged 7.9 prior arrests while those who did not fail to appear averaged 2.7 prior arrests. Defendants released on cash bail averaged 1.1 prior arrests. There were no cash bail released defendants who

were re-arrested while those who did not fail to appear averaged 1.1 prior arrests. Defendants released on surety bond averaged 4.4 prior arrests. Surety bond released defendants who re-arrested averaged 6.9 prior arrests while those who did not fail to appear averaged 3.9 prior arrests.

8. Sentencing

a. Type

The next graphic shows the sentence type. Each convicted defendant is shown by the most significant sentence received. Many defendants received multiple sentence sanctions, for example jail and probation but are only counted once; in this example they are counted as a jail sentence.



A quarter of the sentenced felons received a prison sentence. Fifty-one percent of the misdemeanants and 53 percent of the felons received a jail sentence. A quarter of the misdemeanants and 5 percent of the felons are sentenced to the Work Program. Twenty-three percent of the misdemeanants and 16 percent of the felons were placed on probation. The remaining 1 percent of the misdemeanants had to pay a fine.

b. Credit for Time Served

(1) Overall

The next graphic shows whether the defendant was ordered to serve additional time or simply was sentenced to credit for the time served and released.



Thirty-six percent of the misdemeanants and 8 percent of the felons received a jail sentence were given credit for time served and released at the time of sentencing.

(2) Charge Category

(a) Overall

The next graphic shows the charge category for the defendants given credit for time served and released at sentencing.



Thirty percent of the misdemeanants and 20 percent of the felons were convicted of a crime against persons. Seven percent of the misdemeanants and 22 percent of the felons were convicted of a property offense; 8 percent of the misdemeanants and 30 percent of the felons were convicted of a narcotics offense; 8 percent of the misdemeanants and 2 percent of the felons were convicted of drunk driving; and 41 percent of the misdemeanants and 26 percent of the felons were convicted of a public order offense. The remaining 6 percent of the misdemeanants were convicted of a traffic offense.

(b)  Person Crimes

The next graphic shows the persons crimes whether they were domestic violence or other person crime for the persons given credit for time served and released at sentencing.



Seventy-eight percent of the misdemeanants and 27 percent of the felons were convicted of domestic violence.

(3) Average Jail Days

 (a) Overall

  The next graphic shows the average jail days served for the prisoners given credit for time served and released at sentencing.



## Credit For Time Served
## Average Jail Days

  The overall length of time served was 14.5 days for misdemeanants and 52.2 days for felons. Misdemeanants convicted of persons crimes served an average 11.6 days and felons 60.4 days; misdemeanants convicted of property crimes served an average 23.7 days and felons 40.2 days; misdemeanants convicted of narcotics offenses served an average 20.8 days and felons 40.6 days; misdemeanants convicted of drunk driving served an average 6.4 days and felons 2 days; and misdemeanants convicted of property crimes served an average 15 days and felons 72.9 days. Defendants convicted of misdemeanor traffic offenses served an average 17.3 days.

(2) Person Crimes

The next graphic shows the average jail days served the prisoners convicted of person crimes.



Domestic violence misdemeanants served an average 10.2 days and felons 62.7 days. Other person crime misdemeanants served an average 17 days and felons 59.5 days.

c. Jail Sentence Length

The next graphic shows the jail sentence length for all offenders sentenced to jail.



Thirty percent of the misdemeanants and 1 percent of the felons received a sentence of 10 days or less. Twenty-nine percent of the misdemeanants and 5 percent of the felons received a sentence between 11 and 30 days; twenty-four percent of the misdemeanants received a sentence between 31 and 90 days; and thirteen percent of the misdemeanants and 27 percent of the felons received a jail sentence between 91 and 180 days. The remaining 5 percent of the misdemeanants and 67 percent of the felons received a jail sentence of 181 days or more.

The average jail sentence for the misdemeanants was 59 days and for the felons 255 days.

d. Prison Sentence Length

The next graphic shows the length of sentence for defendants sentenced to prison.

## Prison Sentence Length



Twenty percent of the prison sentences were for 16 months or less. Nineteen percent of the prison sentences were for 17 to 24 month; 24 percent were for 25 to 36 months; 27 percent were for 37 to 72 months; and 9 percent were for 73 to 120 months. The remaining 1 percent received a life prison sentence.

e. Project Intercept

The last graphic in the sentencing section displays the charge category for the 531 prisoners sentenced to Project Intercept.

# Project Intercept Referrals



Twelve percent of the Project Intercept referrals were for defendants charged with person crimes. Nineteen percent of the referrals were for property offenses; 43 percent for narcotics offenses; 1 percent for drunk driving; and 24 percent for public order offenses. The remaining 1 percent was for traffic offenses.

9. Process Times

a. Misdemeanors

The next graphic displays the overall processing times for misdemeanants.



## Misdemeanor Process Times

The overall length of time between booking and arraignment was 21.6 days. Defendants who remained in custody took an average 7.9 days and out of custody cases took 30 days.

The overall length of time between arraignment and disposition was 60.4 days. Defendants who remained in custody took an average 10.1 days and out of custody cases took 82 days.

The overall length of time between booking and sentencing was 67.2 days. Defendants who remained in custody took an average 14.7 days and out of custody cases took 77 days.

b. Felonies

(1) One

The next graphic displays the overall processing times for felons in the initial phases of the case.



The overall length of time between booking and arraignment was 9.7 days. Defendants who remained in custody took an average 3.9 days and out of custody cases took 16 days.

The overall length of time between arraignment and preliminary examination was 40.7 days. Defendants who remained in custody took an average 25.9 days and out of custody cases took 58 days.

The overall length of time between arraignment and information filing was 54.6 days. Defendants who remained in custody took an average 38.2 days and out of custody cases took 72 days.

(2) Two

The next graphic displays the overall processing times for felons in the concluding phases of the case.



## Felony Process Times Two

The overall length of time between arraignment and disposition was 98.4 days. Defendants who remained in custody took an average 53.6 days and out of custody cases took 128 days.

The overall length of time between disposition and sentencing was 45.6 days. Defendants who remained in custody took an average 42.8 days and out of custody cases took 46 days.

The overall length of time between booking and sentencing was 142.2 days. Defendants who remained in custody took an average 101.1 days and out of custody cases took 172 days.

c. Booking to Sentencing

(1) In-Custody

The next graphic shows the length of time between booking and sentencing for in-custody defendants.



Seventy-two percent of the misdemeanants and 13 percent of the felons took 15 days or less between booking and sentencing. Fifteen percent of the misdemeanants and 5 percent of the felons took between 16 and 30 days; eleven percent of the misdemeanants and 40 percent of the felons took between 31 and 90 days; and two percent of the misdemeanants and 28 percent of the felons took between 91 and 180 days. The remaining 1 percent of the misdemeanants and 15 percent of the felons took longer than 180 days.

The average length of time was 14.7 days for the misdemeanants and 101 days for the felons.

(2) Out of Custody

The next graphic shows the length of time between booking and sentencing for out of custody defendants.



One percent of the misdemeanants and 2 percent of the felons took 15 days or less between booking and sentencing. Twenty-eight percent of the misdemeanants and 3 percent of the felons took between 16 and 30 days; 35 percent of the misdemeanants and 17 percent of the felons took between 31 and 90 days; and 22 percent of the misdemeanants and 33 percent of the felons took between 91 and 180 days. The remaining 14 percent of the misdemeanants and 43 percent of the felons took longer than 180 days.

The average length of time was 77.1 days for the misdemeanants and 170 days for the felons.

### (3) Failure-to-Appear

The final graphic examines the length of time between booking and sentencing by whether the defendant failed-to-appear.



The overall average length of time between booking and sentencing was 67.2 for the misdemeanants and 142.2 days for the felons. Defendants that had no failures to appear took an average 51.4 days for the misdemeanants and 130.7 days for the felons. Defendants who failed-to-appear took an average 164.5 days for the misdemeanants and 229.8 days for the felons.