PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> vs. <br><br> Defendants | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 16 RE: LODGING OF UNALTERED TRANSCRIPT OF DEPOSITION OF PLAINTIFF RALPH COLEMAN** |

OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 16 RE: LODGING OF UNALTERED TRANSCRIPT OF DEPOSITION OF PLAINTIFF RALPH COLEMAN, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[247998-4]

1  Plaintiffs oppose Defendants' motion for an in limine order "permit the lodging of the
2  unaltered transcript of the deposition of Ralph Coleman," i.e., to exclude from the record
3  Plaintiff Coleman's changes to his deposition transcript.  *Coleman* Docket 3089 at 2
4  ("Motion").  The Motion should be denied, as it elevates form over substance, because Plaintiff
5  Coleman has since cured any technical deficiency, and because Plaintiff Coleman will suffer
6  prejudice if his authorized changes are excluded from the record.

## MEMORANUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Ralph Coleman is the named plaintiff and class representative in the *Coleman v. Schwarzenegger* litigation.  Jane Kahn, first as an attorney at the Prison Law Office and now with the law firm Rosen, Bien & Galvan, along with other attorneys at these offices, has represented Plaintiff Coleman and maintained a personal and confidential professional attorney-client relationship for more than 15 years.  Declaration of Jane E. Kahn in Support of Plaintiffs' Opposition to Defendants' Motions in Limine Nos. 3, 10-12, and 14-16, Plaintiffs' Opposition to Defendants' Motion to File Exhibit JJ Under Seal, and Plaintiffs' Motion to Strike ("Kahn Decl.") ¶ 10.  In the instant Motion, Defendants ask the Court to "permit the lodging of the unaltered transcript of Plaintiff Ralph Coleman" because Plaintiff Coleman submitted his corrections to the deposition transcript in the form of a letter that he authorized his personal attorney, Jane Kahn, to sign on his behalf.  Motion at 2; *see also* Kahn Decl. ¶ 11, Exh. G (1/2/08 Kahn letter).  Plaintiff Coleman personally reviewed his deposition transcript with Ms. Kahn and made the changes submitted to the court reporter in Ms. Kahn's letter.  Additionally, any technical failure to comply with Rule 30(e)'s literal requirement is cured by Plaintiff Coleman's subsequent personally signed acknowledgement of the deposition transcript incorporating his changes.  Finally, the Motion should be denied because Defendants have not been prejudiced by the delay in receipt of Plaintiff Coleman's acknowledgment, whereas Plaintiff Coleman will be seriously prejudiced if his changes are excluded.

-1-
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 16 RE: LODGING OF UNALTERED TRANSCRIPT OF DEPOSITION OF PLAINTIFF RALPH COLEMAN, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[247998-4]

### A. Plaintiff Coleman Complied With Rule 30(e)

The provisions in Rule 30(e) ensure deponents the right to review and correct the contents of their deposition testimony. *See* Fed. R. Civ. P. 30(e) advisory committee's notes (noting subsection (e) was adopted in order to permit deponent "to require the officer to make changes in the deposition if the deponent is not satisfied with it"); *see also* Fed. R. Civ. P. 30(e) 2000 amendment notes (recognizing deponent is permitted "to review the transcript . . . and to indicate any changes in form or substance"). Plaintiff Ralph Coleman personally reviewed the court reporter's transcript on December 28, 2007 during a legal visit with his counsel, Jane Kahn, at CSP-Solano, where Plaintiff Coleman is currently incarcerated. Kahn Decl. ¶ 11. During the meeting, Plaintiff Coleman authorized and approved each and every change to the transcript that Ms. Kahn later memorialized for the court reporter in letter form. Kahn Decl. ¶ 11, Exh. G (1/2/08 Kahn letter).[1] In addition, Ralph Coleman authorized Ms. Kahn to submit the changes to the court reporter on his behalf, which she did, pursuant to his instructions. Kahn Decl. ¶ 12; *cf. Comer v. Stewart*, 215 F.3d 910, 914 (9th Cir. 2000) (recognizing "general presumption that an attorney is authorized to act on his client's behalf"). As such, Plaintiff Coleman's changes comply with Rule 30(e), even though he did not personally sign the letter memorializing those changes. Defendants' Motion should therefore be denied, and Plaintiff Coleman's changes to his deposition transcript should stand.

### B. Any Technical Noncompliance Is Cured By Plaintiff Coleman's Signed Acknowledgment of the Previously Submitted Changes

Moreover, any technical failure to comply with Rule 30(e) is cured by the fact that, pursuant to Ms. Kahn's request, Plaintiff Coleman re-reviewed the changes to his deposition transcript they had agreed upon during the December 28, 2007 legal visit and executed his acknowledgment of the deposition transcript including those changes. Kahn Decl. ¶ 15, Exh. I

-2-
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 16 RE: LODGING OF UNALTERED TRANSCRIPT OF DEPOSITION OF PLAINTIFF RALPH COLEMAN, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[247998-4]

(Coleman acknowledgment). While Plaintiff Coleman's signed acknowledgement may have been executed outside of the thirty day window normally permitted for review under Rule 30(e),[2] it confirms that the changes to the deposition sent in the Kahn letter are indeed Plaintiff Coleman's own, and cures the technical deficiency identified by Defendants.

### C. Defendants Have Suffered No Prejudice, But Plaintiff Coleman Will Be Severely Prejudiced If His Changes To The Deposition Transcript Are Excluded

Notably, Defendants have never objected to the form of the changes to the Coleman deposition transcript, which were submitted to the court reporter and the parties almost 11 months ago, until this Motion. Kahn Decl. ¶ 12. In fact, the court reporting service notified Defendants on January 7, 2008 that Plaintiff Coleman's changes had been received and incorporated into the original transcript, a fact which Defendants chose to simply ignore in the many months since. *See* Kahn Decl. ¶ 16, Exh. J (1/7/08 Vine, McKinnon & Hall Letter). Defendants chose instead to wait until the eve of trial to raise any objection to Plaintiff Coleman's changes whatsoever. Defendants have suffered absolutely no prejudice as a result of the delay in receiving Plaintiff Coleman's executed acknowledgement of the transcript incorporating the changes outlined in the Kahn letter.

By contrast, Plaintiff Coleman will be seriously prejudiced if the instant Motion is granted, as Defendants have indicated that they plan to lodge Plaintiff Coleman's deposition transcript in lieu of calling him to appear at trial. Kahn Decl. ¶ 17. Accordingly, clarifications and corrections that Plaintiff Coleman has a right to make to his deposition testimony under Rule 30(e), and did in fact make through the Kahn letter, will not appear in the record, and

---

[1] Plaintiffs' counsel is not permitted to use a computer or typewriter in the prison. Kahn Decl. ¶ 13. Thus, typing up Plaintiff Coleman's changes in letter form for his signature would have required either a second trip to the prison or a major delay of mailing back and forth with Plaintiff Coleman through prison mail. Kahn Decl. ¶ 13.

[2] Notably, the court reporter recognized the difficulty Plaintiff Coleman may encounter in reviewing the transcript in a timely fashion, as she specifically requested that he be granted unlimited time to do so. *See* Kahn Decl. ¶ 14, Exh. H (12/18/07 Vine, McKinnon & Hall Letter).

Plaintiff Coleman will have no chance to explain the errors in the transcript from the witness stand. Plaintiffs therefore request that this Court decline to enforce a technicality where Plaintiff Coleman timely complied with the dictates of Rule 30(e) and will be prejudiced if the changes to his deposition testimony that he authorized are excluded from the record.

## II.     CONCLUSION

Defendants motion to lodge the deposition transcript of Plaintiff Ralph Coleman without Plaintiff Coleman's changes should be denied. Plaintiff Coleman timely complied with Rule 30(e) in personally reviewing his transcript and authorizing necessary changes and corrections. These changes were memorialized in a letter he authorized his counsel to send on his behalf to the court reporter and parties almost 11 months ago. As Defendants have known since January 7, 2008, Plaintiff Coleman's changes have in fact already been incorporated into the original deposition transcript by the court reporting service. In addition, Plaintiff Coleman has subsequently personally signed the acknowledgement of the deposition transcript incorporating his changes. Moreover, Defendants have suffered no prejudice from the delay, whereas Plaintiff Coleman will suffer a clear and tangible prejudice if his corrections to his deposition testimony are excluded, as Defendants intend to submit Plaintiff Coleman's deposition transcript rather than calling him to testify at trial. Because Plaintiff Coleman timely complied with Rule 30(e) and will suffer prejudice if his changes are excluded from the record, Defendants' Motion should be denied.

Dated:  October 30, 2008                    Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP


By: */s/ Jane Kahn*
    Jane Kahn
    Attorney for *Coleman* Plaintiffs and on
    Behalf of *Plata* Plaintiffs

-4-
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 16 RE: LODGING OF UNALTERED TRANSCRIPT OF DEPOSITION OF PLAINTIFF RALPH COLEMAN, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[247998-4]