PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL** |

OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249272-4]

1  Plaintiffs oppose Defendants' motion for an in limine order "to exclude any and all
2  hearsay statements, references to, testimony, or argument regarding the hearsay statements
3  contained in Plaintiffs' expert's reports from introduction into evidence at trial." *Coleman*
4  Docket 3098 at 2 ("Motion").  The Motion should be denied.  Plaintiffs do not dispute the
5  general proposition that, while Federal Rule of Evidence 703 permits experts to rely on
6  inadmissible evidence in forming their opinions, hearsay statements within expert reports are
7  not admissible as evidence in their own right.  However, the Motion is a thinly veiled attempt
8  to skirt Defendants' obligation under Federal Rule of Evidence 103(a) to identify each
9  purported hearsay statement so that Plaintiffs may respond to the objection and the Court may
10 issue a particularized ruling.  Moreover, as to the five specific examples of alleged hearsay
11 Defendants do identify, the Motion should be denied because all are independently admissible
12 and/or subject to judicial notice.

**MEMORANUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

15 In the instant Motion, Defendants ask the Court to issue an in limine order excluding
16 from evidence any hearsay statements in Plaintiffs' expert reports.  Motion at 2.  Plaintiffs
17 agree with Defendants that Rule 703 permits experts to rely on otherwise inadmissible
18 evidence in formulating their opinions.  Motion at 3; *see also* Pls' Motion in Limine 8
19 (*Coleman* Docket # 3115).  Plaintiffs also agree that hearsay statements in expert reports are
20 not independently admissible evidence.  *See* Fed. R. Evid. 802.  None of this obviates
21 Defendants' obligation under Federal Rule of Evidence 103(a) to specifically identify all
22 instances of purported hearsay in the expert reports so the Court may rule as to whether they
23 are indeed hearsay.  This point is borne out by the fact that all five examples of "hearsay"
24 identified by Defendants in the Motion are, in fact, admissible evidence and/or judicially
25 noticeable.  Plaintiffs therefore request that this Court deny the Motion and declare that each of
26 the statements Defendants label as "hearsay" in their Motion is independently admissible and/
27 or judicially noticeable, notwithstanding their use in the expert reports.

28

### A. Defendants Should Be Required To Specifically Object To Any Purported Hearsay Statements In Plaintiffs' Expert Reports

With this Motion, Defendants seek a broad ruling that, while Plaintiffs' experts may rely on inadmissible evidence in formulating their opinions, hearsay statements within Plaintiffs' expert reports are not separately admissible as evidence. Plaintiffs agree with this general legal proposition, but oppose the Motion to the extent that Defendants seek an order preemptively relieving them of their obligation under Federal Rule of Evidence 103(a)(1) to timely and specifically state an objection to any purported hearsay within the reports. "If the administration of the exclusionary rules of evidence is to be fair and workable, the judge must be informed promptly of contentions that evidence should be rejected, and the reasons supporting the contentions." 1 McCormick on Evidence § 52 (6th ed. 2006). Rule 103 "serves to ensure that 'the nature of the error [is] called to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take corrective measures.'" *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (quoting Advisory Committees Note to Rule 103(a)); *see also Evans v. Williams*, 238 F.R.D. 1, 2 (D.D.C. 2006) (requiring defendants to identify the specific portions of plaintiffs' expert reports that defendants objected to, and not merely object to the reports as a whole; the court would not guess as to which portions of the reports the defendants objected).

Defendants cannot, by way of this Motion, avoid their obligation to state specific objections to Plaintiffs' evidence, including statements in Plaintiffs' experts' reports. Defendants must instead specifically identify each purported hearsay statement so that Plaintiffs can argue the statement's admissibility and the Court can issue an individualized ruling on the evidence in question. Indeed, Defendants' Motion perfectly illustrates the purpose and importance of Rule 103(a)(1)'s requirements, as all five of Defendants' examples of purported hearsay are, in fact, admissible evidence and/or judicially noticeable.

### B. This Court Should Rule That Each Statement Identified In Defendants' Motion Is Admissible Or Judicially Noticeable

In an attempt to illustrate their point that there is hearsay in Plaintiffs' expert reports,

-2-

OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249272-4]

1  Defendants identify five examples of specific statements that they claim are inadmissible
2  hearsay.  Upon closer evaluation, however, it is clear that each and every example cited by
3  Defendants is admissible evidence and/or judicially noticeable.  As such, Plaintiffs ask that this
4  Court declare all five statements, and the documents upon which they are based, admissible
5  evidence.

### 1.    Strike Team Memo

Defendants first object that a statement in Plaintiffs' expert Joanne Woodford's August 15, 2008 supplemental report relaying findings and recommendations of the Governor's Facilities Strike Team is inadmissible hearsay.  Motion at 4:4-7; *see also* Mello Decl. Exh. D (*Coleman* Docket # 3114-6) at ¶ 3 (8/15/08 Woodford supplemental report).  The memo in question ("Strike Team memo"), and Ms. Woodford's discussion of it, is admissible because it is a party admission and, in the alternative, because it is exempt from the hearsay rule under the public record exception.  Declaration of Jane E. Kahn in Support of Plaintiffs' Opposition to Defendants' Motions in Limine Nos. 3, 10-12, and 14-16, Plaintiffs' Opposition to Defendants' Motion to File Exhibit JJ Under Seal, and Plaintiffs' Motion to Strike ("Kahn Decl.") ¶ 23, Exh. P (Strike Team memo).[1]

First, the statement is non-hearsay as a party admission under Rule 801(d)(2)(C).  According to the Governor's own press release, Defendant Schwarzenegger created the Facilities Strike Team to investigate, evaluate, and implement various construction-related aspects of AB 900 and to "provide direction" to CDCR senior managers.  *See* Press Release: Gov. Schwarzenegger Creates Strike Teams to Implement Historic Prison Reform Plan, May 11, 2007, available at http://gov.ca.gov/press-release/6197/ (last visited 10/28/08).  The Facilities Strike Team reports directly to the Governor's Cabinet Secretary and Deputy Cabinet Secretary, and Strike Team members are compensated for their work by the state.  *Id.*

The Strike Team memo in question was prepared for the CDCR Executive Cabinet by

---

[1] The Strike Team memo is also Joint Plaintiffs' Trial Exhibit 74.

-3-
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249272-4]

1  Deborah Hysen, who is both Chair of the Facilities Strike Team and Chief Deputy Secretary of
2  Facilities for the CDCR. Kahn Decl. ¶ 23, Exh. P at 1 (8/2/07 Strike Team memo). The memo
3  analyzes the history of AB 900's infill bed plans in terms of the type of beds needed and the
4  level of overcrowding that is acceptable to the CDCR. *Id.* at 1-2. It addresses shortcomings in
5  current plans, evaluates multiple alternate solutions, and ultimately recommends building a
6  specific mix of infill beds to be maintained at 145% of Design Bed Capacity. *Id.* at 2-12.

7  The Strike Team memo, and Ms. Woodford's discussion of it, is admissible as a party
8  admission under Rule 801(d)(2)(C) because it is "a statement by a person authorized by
9  [Defendants] to make a statement concerning the subject." Additionally, the evidence is
10 admissible under the public reports exception to the hearsay rule because it concerns "matters
11 observed pursuant to duty imposed by law as to which matters there was a duty to report." Fed.
12 R. Evid. 803(8)(B). Defendants' hearsay objection to the findings from the Strike Team
13 memo, as restated in Ms. Woodford's supplemental expert report, therefore fails.

### 2. **Deukmejian Report**

15 Next, Defendants argue that Plaintiffs' expert Doyle Wayne Scott's quotation of the
16 Deukmejian Report in his November 9, 2007 report is inadmissible hearsay. Motion at 4:17-
17 18; *see also* Mello Decl. Exh. G (*Coleman* Docket # 3117) ¶ 80 (11/9/07 Scott report).
18 Defendants' argument is unsubstantiated. Much like the Strike Team memo discussed above,
19 the Deukmejian Report, and therefore Mr. Scott's quotation of the source, is properly admitted
20 as evidence on the basis that it is non-hearsay, or, in the alternative, because it is a public
21 report under Federal Rule of Evidence 803(8). *See* Kahn Decl. ¶ 24, Exh. Q (6/30/04
22 Deukmejian Report).[2]

23 According to the Governor's own press release, the Deukmejian Report was issued by a
24 panel specially commissioned by Governor Schwarzenegger to "investigate and make
25 recommendations on ways to improve practices within the adult … corrections system." *See*

---

[2] The Deukmejian Report is also Joint Plaintiffs' Trial Exhibit 4.

-4-
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249272-4]

Press Release: Governor Schwarzenegger Announces Governor Deukmejian will Lead an Independent Review Panel for Corrections Reform, Mar. 5, 2004, available at http://www.gov.ca.gov/press-release/3196/ (last visited 10/30/08). The panel, which reported directly to Governor Schwarzenegger, was tasked with "produc[ing] a series of near and long-term action steps to increase accountability, make better use of scarce resources, and reduce risks to employees, inmates, and the public." *Id.*

The Deukmejian Report (and Mr. Scott's quotation of it) is therefore admissible as a party admission under Rule 801(d)(2)(C) because it is "a statement by a person authorized by [the Governor] to make a statement concerning the subject." Alternatively, the evidence is admissible under the public reports exception to the hearsay rule because it concerns "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Fed. R. Evid. 803(8)(B). Defendants' hearsay objection to statements from the Deukmejian Report contained in the Scott report therefore fails, and the statements should be admitted as evidence.

### 3. *Plata* Receiver's Report

Defendants next object that the statement in the Scott report quoting the *Plata* Receiver's First Bi-Monthly Report is inadmissible hearsay. Motion at 4:19-22; *see also* Mello Decl. Exh. G (*Coleman* Docket # 3117) ¶ 80 (11/9/07 Scott report); 7/5/06 First Bi-Monthly Report (*Plata* Docket # 524-525).[3]

Defendants' assertion that this statement is inadmissible is unfounded. First, the Receiver's reports, like all of the Receiver's public filings with the *Plata* court, are judicially noticeable under Federal Rule of Evidence 201. Defendants themselves have essentially conceded this point by requesting that this Court take judicial notice of the Receiver's November 15, 2007 Plan of Action (*Plata* Docket # 929-949) and June 6, 2008 Turnaround Plan of Action (*Plata* Docket # 1229). *See* Defs.' Req. for Judicial Notice ISO Motions for Summary Judgment and/or Dismissal (*Coleman* Docket # 3039).

---

[3] The Receiver's First Bi-Monthly Report is also Joint Plaintiffs' Trial Exhibit 53.

1    Second, the Receiver's quoted statement, and the underlying report from whence it
2 came, is admissible under Federal Rule of Evidence 803(8) as an exception to the hearsay rule.
3 Rule 803(8) provides for an exception to the hearsay rule for "[r]eports … of public offices or
4 agencies, setting forth … (B) matters observed pursuant to duty imposed by law as to which
5 matters there was a duty to report … or (C) in civil actions and proceedings …, factual findings
6 resulting from an investigation made pursuant to authority granted by law, unless the sources
7 of information or other circumstances indicate lack of trustworthiness."

8    The statement in question, and the underlying report it quotes, is admissible under
9 subsection B of Rule 803(8).  The Receiver is an officer of the *Plata* Court.  *See* 2/14/06 Order
10 Appointing Receiver (*Plata* Docket # 473) at 5-6 ("The Receiver and his staff shall have the
11 status of officers and agents of this Court …."); *see also Atlantic Trust Co. v. Chapman*, 208
12 U.S. 360, 371 (1908) (noting that receiver is an officer of the court).  The Receiver is obligated
13 by the *Plata* Court to draft and file progress reports.  2/14/06 Order Appointing Receiver
14 (*Plata* Docket # 473) at 3.  The statement in the Scott report to which Defendants raise a
15 hearsay objection quotes directly from one of the reports the Receiver is legally required to
16 submit.  There is no question that the statement in question concerns "matters observed
17 pursuant to duty imposed by law as to which matters there was a duty to report," and is
18 therefore admissible under Rule 803(8)(B).

19    Alternatively, the statement in question is admissible under subsection C of Rule
20 803(8).  Fed. R. Evid. 803(8)(C) (exempting from the hearsay rule reports "in civil actions and
21 proceedings … , factual findings resulting from an investigation made pursuant to authority
22 granted by law, unless the sources of information or other circumstances indicate lack of
23 trustworthiness").  As noted above, the Receiver is charged and vested with the authority of the
24 *Plata* Court to bring the CDCR's medical system into constitutional compliance, and as part of
25 that effort is required to provide reports containing factual findings, including whether any
26 obstacles exist to constitutional compliance.  2/14/06 Order Appointing Receiver (*Plata*
27 Docket # 473) at 3.  The statement Defendants object to addresses this requirement directly:
28 As a result of his investigation into the existing medical system within California prisons, the

Receiver made a factual finding that overcrowding impedes his ability to bring the system into constitutional compliance. This type of statement falls squarely within Rule 803(8)(C)'s exception to the hearsay rule. *Cf. Hill v. Marshal*, 962 F.2d 1209, 1215 & n.2 (6th Cir. 1992) (concluding report commissioned by state legislature concluding prison demonstrated a "pervasive pattern of failing to provide proper medication for inmates" was admissible under FRE 803(8)).

Accordingly, this statement should be judicially noticed or, alternatively, admitted into evidence under the exception to the hearsay rule for public reports and records.

### 4. California State Auditor's Report

Next, Defendants' objection that Mr. Scott's quotation of a California State Auditor's report is inadmissible hearsay lacks merit. *See* Motion at 4:23-25; *see also* Mello Decl. Exh. G (*Coleman* Docket # 3117) ¶ 80 (11/9/07 Scott report). The report is both judicially noticeable and exempted from the hearsay rule. *See* Kahn Decl. ¶ 25, Exh. R (5/31/07 California State Auditor's report).[4]

First, the report in question, which is posted on the Bureau of State Auditor's ("Bureau") public website at http://bsa.ca.gov/pdfs/reports/2006-601.pdf, is judicially noticeable. Courts routinely take judicial notice of government documents, particularly where they are posted on the government agency's official website. *See, e.g.*, *Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999) (taking judicial notice of document posted on agency's website and "readily accessible through the Internet"); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, * 5 (N.D. Cal. Sept. 9, 2008) (noting that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web. This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice," and collecting cases (citation omitted)); *In re Agribiotech Secur. Litig.*, 2000 WL 35595963, *2 (D. Nev.

---

[4] The California State Auditor's report in question is also Joint Plaintiffs' Trial Exhibit 6.

-7-
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 3 TO EXCLUDE HEARSAY STATEMENTS IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249272-4]

1  Mar. 2, 2000) ("In this new technological age, official government or company documents may
2  be judicially noticed insofar as they are available via the worldwide web."); *see also Lee v.*
3  *City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *United States v. S. Cal. Edison Co.*, 300 F.
4  Supp. 2d 964, 974 (E.D. Cal. 2004) (recognizing that court make take judicial notice of public
5  documents).

6  Alternatively, the State Auditor's report is admissible under the exception to the hearsay
7  rule for public records. The Bureau is a statutorily created governmental agency whose stated
8  mission is to "promote[] the efficient and effective management of public funds and programs
9  by providing to citizens and government independent, objective, accurate, and timely
10 evaluations of state and local governments' activities." *See* California State Auditor, Mission
11 and Philosophy, available at http://bsa.ca.gov/aboutus/mission.php (last visited 10/27/08); *see*
12 *also* Cal. Gov't Code §§ 8521.5, 8543 (establishing Bureau of State Audits); California State
13 Auditor, Statutorial Establishment, available at http://bsa.ca.gov/aboutus/statute.php (last
14 visited 10/27/08) (discussing statutorily imposed duties and responsibilities of Bureau).
15 Section 8546.5 of the Government Code authorizes the Bureau assess and report on
16 departments and issues identified as presenting a high risk to the state. Additionally, California
17 law requires that all Bureau reports be provided to the Legislature, the Governor, and the
18 public. *Id.* § 8546.1.

19 As discussed above, Rule 803(8) subsections B and C exempt from the hearsay rule
20 public reports that set forth "matters observed pursuant to duty imposed by law as to which
21 matters there was a duty to report," and, in civil cases such as this, "factual findings resulting
22 from an investigation made pursuant to authority granted by law." Both of these subsections
23 clearly apply because the report quoted in the Scott report was issued by the Bureau pursuant
24 to its statutory duty to investigate and report on high risk matters affecting the state. See Kahn
25 Decl. ¶ 25, Exh. R at 1; *see also* Cal. Gov't Code § 8546.5. The Bureau is tasked with
26 reporting on such issues by statute and according to its own mission statement. The report, and
27 therefore the statement quoting the Bureau's report in the Scott report, is admissible under the
28 public records exception to the hearsay rule.

### 5. Office of the Inspector General's Report

Finally, like the California State Auditor's report discussed above, the report of the Office of the Inspector General ("OIG") quoted in the Scott report is judicially noticeable and, in the alternative, is admissible under Rule 803(8)'s hearsay exception for public reports. *See* Motion at 4:26-5:2; Mello Decl. Exh. G (*Coleman* Docket # 3117) ¶ 80 (11/9/07 Scott report); *see also* Kahn Decl. ¶ 26, Exh. R (4/18/06 OIG report).[5]

Primarily, the OIG's report, posted on the OIG's official website at http://www.oig.ca.gov/reports/pdf/accountability_audit_corr_volume_I.pdf, is judicially noticeable. As discussed above, courts routinely take judicial notice of government documents found on public agencies' websites. *See, e.g.*, *Modesto Irrigation Dist.*, 61 F. Supp. 2d at 1066; *Paralyzed Veterans of Am.*, 2008 WL 4183981, at * 5; *In re Agribiotech Secur. Litig.*, 2000 WL 35595963, at *2; *see also Lee*, 250 F.3d at 688; *S. Cal. Edison Co.*, 300 F. Supp. 2d at 974.

Alternatively, the OIG's report is admissible under the exception to the hearsay rule for public records. Fed. R. Evid. 803(8). The OIG is a statutorily created governmental agency whose stated mission is to "act as the eyes and ears of the public in overseeing the state's prisons and correctional programs." *See* Office of Inspector General, A Message From Inspector General David R. Shaw, available at http://www.oig.ca.gov/ (last visited 10/27/08); *see also* Cal. Penal Code §§ 6125-6126.5 (establishing OIG and defining duties). To carry out its mission, the OIG "rigorously investigat[es] and audit[s] the California Department of Corrections and Rehabilitation" for poor management, wrongdoing, and other abuses and publishes its findings on its public website in order "[t]o bring public transparency into the operation of the state's correctional system." Office of Inspector General, A Message From Inspector General David R. Shaw, available at http://www.oig.ca.gov/ (last visited 10/27/08).

As discussed above, Rule 803(8) subsections B and C exempt from the hearsay rule

---

[5] The OIG report in question is also Joint Plaintiffs' Trial Exhibit 46.

1  public reports that set forth "matters observed pursuant to duty imposed by law as to which
2  matters there was a duty to report," and, in civil cases such as this, "factual findings resulting
3  from an investigation made pursuant to authority granted by law."  Both of these subsections
4  clearly apply because the report quoted in the Scott report is an assessment of CDCR's
5  progress in implementing the OIG's suggestions, identified in previous investigative reports, to
6  address problems within the prison system, including inadequate health care.  See Kahn Decl.
7  ¶ 26, Exh. S at ES-1 (4/18/06 OIG report).  The OIG is tasked with reporting on such issues by
8  statute and according to its own mission statement.  The report, and therefore the statement
9  quoting the OIG's report in Mr. Scott's report, is admissible under the public records exception
10 to the hearsay rule.

## II.  CONCLUSION

Plaintiffs do not dispute the fact that, while experts are permitted to rely on inadmissible evidence in formulating their opinions, hearsay statements in expert reports may not be admitted as evidence in their own right.  However, Defendants' request for a broad order excluding such statements does not obviate their obligation to specifically and individually identify purportedly objectionable evidence under Federal Rule of Evidence 103(a).  Indeed, each example Defendants offer for the proposition that Plaintiffs' expert reports contain inadmissible hearsay is faulty, as all of the cited statements are either admissible or judicially noticeable.  As such, Plaintiffs request that this Court deny the Motion.

Dated:  October 30, 2008              Respectfully submitted,

                                      ROSEN, BIEN & GALVAN, LLP

                                      By: */s/ Jane Kahn*
                                          Jane Kahn
                                          Attorney for *Coleman* Plaintiffs and on
                                          Behalf of *Plata* Plaintiffs