```
PRISON LAW OFFICE                              ROSEN, BIEN & GALVAN, LLP
DONALD SPECTER, Bar No. 83925                  MICHAEL W. BIEN, Bar No. 96891
STEVEN FAMA, Bar No. 99641                     JANE E. KAHN, Bar No. 112239
E. IVAN TRUJILLO, Bar No. 228790               AMY WHELAN, Bar No. 215675
SARA NORMAN, Bar No. 189536                    LISA ELLS, Bar No. 243657
ALISON HARDY, Bar No. 135966                   MARIA V. MORRIS, Bar No. 223903
REBEKAH EVENSON, Bar No. 207825                315 Montgomery Street, 10th Floor
1917 Fifth Street                              San Francisco, California 94104
Berkeley, CA 94710                             Telephone: (415) 433-6830
Telephone: (510) 280-2621

K&L GATES LLP                                  BINGHAM, McCUTCHEN, LLP
JEFFREY L. BORNSTEIN, Bar No. 99358            WARREN E. GEORGE, Bar No. 53588
EDWARD P. SANGSTER, Bar No. 121041             Three Embarcadero Center
RAYMOND E. LOUGHREY, Bar No. 194363            San Francisco, California 94111
55 Second Street, Suite 1700                   Telephone: (415) 393-2000
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
```

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>vs.<br><br>Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBIT JJ OF DECLARATION OF PAUL MELLO SUPPORTING DEFENDANTS' MOTIONS IN LIMINE** |

OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBIT JJ OF DECLARATION OF PAUL MELLO SUPPORTING DEFENDANTS' MOTIONS IN LIMINE, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249237-1]

1  Plaintiffs oppose Defendants' Motion to File Under Seal Exhibit JJ of Declaration of
2  Paul Mello Supporting Defendants' Motion in Limine, concerning excerpts from the
3  September 26, 2008 deposition of Craig Haney. *Coleman* Docket # 3109 ("Motion"). The
4  Motion should be denied. Despite Defendants' claim to the contrary, Plaintiffs never agreed to
5  seal the deposition of Mr. Haney. Moreover, there is no basis in case law or under the
6  protective orders in this case to limit the public's access to Mr. Haney's deposition, and
7  Plaintiffs therefore request that the Court unseal the deposition. In the alternative, if the Court
8  determines that any portions of the Haney deposition should in fact be sealed, it should deem
9  confidential only pages 119-122 – i.e., those pages referring to, without naming, a confidential
10 document produced by the Office of Inspector General's ("OIG").[1]

**MEMORANUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In the instant Motion, Defendants request a court order "directing that Exhibit JJ to Declaration of Paul Mello Supporting Defendants' Motions in Limine be filed under seal" on the basis that it includes excerpts from the "confidential" deposition of Craig Haney. Motion at 2. In their Motion and supporting declaration, Defendants claim that the parties agreed to designate the entire Haney deposition "Confidential." *See id.*; Declaration of Danielle F. O'Bannon in Support of Defendants' Motion to File Exhibit JJ Under Seal ("O'Bannon Decl.") ¶ 5 (*Coleman* Docket # 3110). That is simply not the case—Plaintiffs have never agreed that the Haney deposition transcript should be sealed. Moreover, there is no basis in law or under the protective orders in this case to seal the Haney deposition. Plaintiffs therefore request that Defendants' Motion be denied and that the Court rule that the Haney deposition be unsealed. In the alternative, if the Court determines that any portion of the Haney deposition transcript should be deemed confidential, Plaintiffs request that the Court seal only pages 119-122 – the

---

[1] Plaintiffs assume for the purposes of this Opposition that Defendants complied with their obligation under E.D. Cal. Local Rule 5-133(j) to provide the Court with the entire Haney deposition.

-1-
OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBIT JJ OF DECLARATION OF PAUL MELLO SUPPORTING DEFENDANTS' MOTIONS IN LIMINE, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249237-1]

1  portion of the deposition which refers to, without specifically naming, the confidential OIG
2  document.

### A.    Plaintiffs Did Not Agree To Seal The Haney Deposition

Defendants claim, in both their Motion and the supporting O'Bannon declaration, that Exhibit JJ, containing excerpts from the deposition of Craig Haney, should be sealed because Plaintiffs agreed to designate the Haney deposition "Confidential."[2]  *See* Motion at 2; O'Bannon Decl. ¶ 5.  The O'Bannon declaration cites to Exhibit JJ itself as support for this proposition.  *Id.*  The excerpted pages contain no mention whatsoever of any discussion regarding sealing the entire Haney deposition transcript, much less a statement of Plaintiffs' assent to such an extreme proposal.  In fact, in a separate and uncited portion of the deposition, Defendants did propose temporarily sealing the deposition transcript "out of an abundance of caution" to confer with counsel for the OIG about the fact that the OIG document was obliquely discussed during the course of the deposition.  Declaration of Jane E. Kahn in Support of Plaintiffs' Opposition to Defendants' Motions in Limine Nos. 3, 10-12, and 14-16, Plaintiffs' Opposition to Defendants' Motion to File Exhibit JJ Under Seal, and Plaintiffs' Motion to Strike ("Kahn Decl.") ¶ 9; Haney Depo. at 135:21-136:2.  Plaintiffs objected to this proposition, as the parties (and the deponent) had very consciously avoided referencing any prisoners by name and the OIG document was not introduced as an exhibit to the deposition due to its confidentiality.  Kahn Decl. ¶ 9; Haney Depo. at 136:3-4; *see also id.* at 119:2-19, 119:23-120:3.  Ultimately, counsel for Defendants and Plaintiffs agreed to further discuss whether to seal the deposition transcript off the record.  Kahn Decl. ¶ 9; Haney Depo. at 136:11-17.  Defendants never raised the subject again, and Plaintiffs never told Defendants that they would agree to seal the deposition transcript.  Kahn Decl. ¶ 9.

---

[2] A cursory review of Exhibit JJ makes clear that the excerpted text would not, in its own right, be subject to the protective orders in this case, as it contains no discussion of any individual class members.

-2-
OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBIT JJ OF DECLARATION OF PAUL MELLO SUPPORTING DEFENDANTS' MOTIONS IN LIMINE, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249237-1]

### B. The Haney Deposition Is Presumptively Public And Is Not Covered By Any Protective Order

Nor is there reason to seal the Haney deposition under case law or the protective orders governing this case. Primarily, there is a well-established presumption that pre-trial litigation documents such as deposition transcripts are public. *See, e.g.*, *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public."); *see also Phillips ex rel. Estates of Byrd v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).

While the Court has approved protective orders in this case, those orders do not apply here. Defendants cite two protective orders as the basis for filing the Haney transcript under seal: (1) the January 12, 2007 *Coleman* protective order (*Coleman* Docket # 2109), and (2) the Court's May 27, 2008 ruling compelling production of the confidential OIG document and imposing restrictions on its use (*Coleman* Docket # 2799). *See* O'Bannon Decl. ¶¶ 2-5. By its very terms, the January 12, 2007 protective order covers only "documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action." 1/12/07 Protective Order (*Coleman* Docket # 2109) ¶ 1. No identifying information of any individual was discussed during Mr. Haney's deposition— indeed, the parties were cautious to avoid mentioning any such information, as discussed above.[3]  Kahn Decl. ¶ 8.

As to the May 27, 2008 order regarding the use of the confidential OIG document, while the Court did initially limit Plaintiffs' use of the document, *see* 5/27/08 Order (*Coleman* Docket # 2799) at 2, Plaintiffs challenged this restriction and requested that they be permitted

---

[3] This is consistent with the parties' conduct in other depositions in this case. Kahn Decl. ¶ 8. For instance, in both the Johnson and Chaiken depositions, conducted on September 3, 2008 and August 29, 2008 respectively, specific class members were discussed without naming their names, and the depositions were not sealed. Kahn Decl. ¶ 8.

to utilize the document to the same extent as any other confidential information in the case. *See generally* 6/19/08 Joint Statement (*Coleman* Docket # 2828). Notably, Defendants stated on the record that they did not object to Plaintiffs' request. 6/27/08 Order (*Coleman* Docket # 2851) at 2. In its June 27, 2008 ruling granting Plaintiffs' request, the Court modified its prior ruling and specifically stated that the document in question "shall be subject to the *Coleman* and *Plata* protective orders" and granted Plaintiffs the right to utilize the document "during the pretrial process in the same manner and under the same procedures as they do other confidential materials in these cases." *Id.* at 2. Accordingly, the OIG document is to receive the same protection as any information covered by the protective orders – no more, no less.

Accordingly, because no prisoner was ever identified or referred to by name during the Haney deposition, there is no basis under the existing protective orders to limit the public's right to access the information in Mr. Haney's deposition. Plaintiffs therefore request that Defendants' Motion be denied, and that the Haney deposition be unsealed. In the alternative, Plaintiffs request that only the portion of the Haney deposition that references, albeit not by name, the OIG's confidential document be sealed, i.e., pages 119-122.

## II. CONCLUSION

In sum, Defendants Motion should be denied and the Haney deposition declared unsealed. Plaintiffs did not agree to seal the transcript and the deposition's contents are not subject to any protective order.

Dated: October 30, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Jane Kahn*
    Jane Kahn
    Attorney for *Coleman* Plaintiffs and on
    Behalf of *Plata* Plaintiffs

-4-
OPPOSITION TO DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBIT JJ OF DECLARATION OF PAUL MELLO SUPPORTING DEFENDANTS' MOTIONS IN LIMINE, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[249237-1]