1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   THERESA J. FUENTES, Deputy County Counsel (S.B. #208588)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California  95110-1770
   Telephone:  (408) 299-5900
4  Facsimile:  (408) 292-7240

5  Attorneys for Intervenor
   COUNTY OF SANTA CLARA

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10        AND THE NORTHERN DISTRICT OF CALIFORNIA

11    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

12      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

13

14  RALPH COLEMAN, et al.,            )    No.  CIV S-90-0520 LKK JFM P
                                      )
15          Plaintiffs,               )    THREE-JUDGE COURT
                                      )
16  v.                                )
                                      )
17  ARNOLD SCHWARZENEGGER, et al., )
                                      )
18          Defendants.               )
                                      )
19  _____ )
                                      )    No.  C01-1351 TEH
20  MARCIANO PLATA, et al.,           )
                                      )    THREE-JUDGE COURT
21          Plaintiffs,               )
                                      )    **INTERVENOR COUNTY OF SANTA
22  v.                                )    CLARA'S MEMORANDUM OF POINTS
                                      )    AND AUTHORITIES IN OPPOSITION TO
23  ARNOLD SCHWARZENEGGER, et al., )    PLAINTIFFS' MOTION IN LIMINE NO. 7
                                      )    TO EXCLUDE PORTIONS OF MCINTOSH
24          Defendants.               )    OPINION TESTIMONY**
                                      )
25                                    )    Trial Date:  November 18, 2008
                                      )    Time:        1:30 p.m.
26  _____ )    Location:   U.S.D.C. Ceremonial Courtroom

27  //

28  //

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh          1          CIV S-90-0520 LKK JFM / C01-1351 TEH

# I.

## INTRODUCTION

Plaintiffs' motion in limine to exclude (1) specific opinions of expert witness Paul McIntosh pertaining to the "rate of disease" of California prisoners set forth in his expert report, (2) survey responses referred to in Mr. McIntosh's supplemental expert report, and (3) Mr. McIntosh's supplemental expert report should be denied.  First, Mr. McIntosh's opinion pertaining to the "rate of disease" was based on a public report, the reliability of which has not been challenged.  It is appropriate for someone with Mr. McIntosh's expertise to rely on such reports in forming opinions and making decisions.  Second, the survey responses are admissible either as non-hearsay or pursuant to the state of mind or residual exception to the hearsay rule. Moreover, the survey is reliable because it is of the type that Mr. McIntosh and the California State Association of Counties ("CSAC") typically conduct and rely upon in the ordinary course of business.  Third, the supplemental report was not inexcusably delayed because the federal rules allow for supplementation and plaintiffs were not harmed by any alleged delay.

# II.

## ARGUMENT

### A.   MR. MCINTOSH'S OPINIONS REGARDING THE "RATE OF DISEASE OF CALIFORNIA PRISONERS  SHOULD NOT BE EXCLUDED

In his expert report, Paul McIntosh stated: "Of equal importance is the rate of disease in California's prisons that will likely result in most, if not all, inmates requiring some form of medical care.  And, if they do not receive that medical care, greater costs will be incurred by counties and private health providers due to the spread of infection because of parolees' untreated medical conditions." Expert Report of Paul McIntosh ("McIntosh Report"), Sangster Decl. (submitted with Plaintiffs' motion in limine)., Exh. 5, p. 7.

Plaintiffs seek an order excluding these statements based upon the argument that Mr. McIntosh is not qualified to offer an opinion regarding disease prevalence in California prisons, the spread of infectious diseases, or California parolees' medical conditions.  This statement is included in Mr. McIntosh's discussion of the negative impact that a prisoner release order

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh          2          CIV S-90-0520 LKK JFM / C01-1351 TEH

1  would have on county health departments. *Id.*

2      A witness may qualify as an expert based on his or her knowledge, skill, training,

3  experience or education in the field in question.  Federal Rules of Evidence, Rule 702.  Neither

4  a formal education nor a professional degree is a prerequisite for expert qualification. Expertise

5  is relative to the subject and any person who has special knowledge, skill, training, education or

6  experience in any occupation, trade or craft may be qualified as an expert in his or her field.

7  *United States v. Crandon*, 173 F. 3d 122, 126 (3rd Cir. 1999).  Mr. McIntosh has extensive

8  experience as an executive manager in the public sector with responsibilities for conduct and

9  operation of county functions and activities, including responsibility for planning to meet

10  changing circumstances affecting all county departments including those involved in

11  administration of criminal justice systems and health and human services systems.  McIntosh

12  Report, pp. 1, 10-16.

13      A public entity manager or executive routinely makes planning decisions to meet

14  changing circumstances that will impact the public's health, safety and welfare.  In making

15  these decisions, he or she will rely upon data, surveys and reports to provide a foundation to

16  exercise expertise to shape plans and policies to best address problems, taking into

17  consideration available resources, timing and other factors.  Mr. McIntosh cited and relied upon

18  a report prepared by the Public Policy Institute of California addressing the demographics of

19  California prisons ("PPIC Report").   McIntosh Report, p. 7 and fn. 5.   This report was

20  provided to plaintiffs on September 24, 2008.   Declaration of Theresa Fuentes ("Fuentes

21  Decl."), ¶ 2, Exh. A.   The PPIC Report included statistics concerning inmates with infectious

22  diseases such as hepatitis, tuberculosis and HIV.  *Id.*, p. 23.  The PPIC is a reputable non-

23  partisan, non-profit research organization.  The Plaintiffs' motion in limine does not challenge

24  the reliability of the report or the authoring entity.

25      Hepatitis, TB and HIV are widely known to be infectious and contagious diseases. Mr.

26  McIntosh used the statistical information in the PPIC Report to support his opinion that a

27  prisoner release order will impose added burdens on county health departments that will be

28  forced to treat parolees with these diseases.  McIntosh Report, p. 7.  Mr. McIntosh further

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh          3          CIV S-90-0520 LKK JFM / C01-1351 TEH

1    opines that there will be public safety consequences to the extent those added burdens cannot be

2    effectively addressed. *Id.* This is exactly the kind of professional reasoning that a county

3    executive would be expected to employ in the course of his or her duties.

4    Through cross-examination, Plaintiffs can test the adequacy of Mr. McIntosh's

5    qualifications in terms of the opinions they seek to exclude. The alleged deficiencies of Mr.

6    McIntosh's qualifications may affect the weight given to his opinion but does not justify

7    exclusion of that opinion. As a result, Plaintiffs' motion to exclude Mr. McIntosh's opinions

8    concerning the impact upon counties due to the rate of disease of California prisoners should be

9    denied.

10   **B.    THE SURVEY RESPONSES SHOULD NOT BE EXCLUDED**

11   Paul McIntosh prepared a survey questionnaire that was provided to a sampling of

12   California counties. The questionnaire requested information from counties concerning the

13   estimated effect of a prisoner release order upon their mental health departments, alcohol and

14   drug programs, health systems and other relevant services and programs (the "Survey").

15   Survey, Fuentes Decl., Exh. B. Fourteen counties responded to the survey and those responses

16   were attached to Mr. McIntosh's supplemental expert report ("Survey Responses"). Fuentes

17   Decl., Exh. C. Although Plaintiffs have characterized the Survey Responses as a "compilation

18   of survey responses," the documentation consists of the entirety of the survey responses and

19   reflects the state of mind of representatives of the fourteen responding counties.

20   Plaintiffs contend that the Survey Responses should be excluded as inadmissible hearsay.

21   However, surveys are recognized as admissible, if relevant, either as non-hearsay or through a

22   hearsay exception. *Prudential Insurance Company of America v. Gibraltar Financial*

23   *Corporation of California*, 694 F. 2d 1150, 1156 (9th Cir. 1983). "The weight of case authority,

24   the consensus of legal writers, and reasoned policy considerations all indicate that the hearsay

25   rule should not bar the admission of properly conducted public surveys." *Zippo Manufacturing*

26   *Company v. Rogers Imports, Inc.,* 216 F. Supp. 670, 682 (S.D. N.Y. 1963) (surveying cases and

27   noting that surveys are generally admitted over the hearsay objection either because they are not

28   hearsay, or because they are within the recognized exception to the hearsay rule for present state

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh          4          CIV S-90-0520 LKK JFM / C01-1351 TEH

1  of mind, attitude or belief).

2      Some courts recognize the state of mind exception or residual exception to the hearsay

3  rule as a basis for admitting surveys over hearsay objections. *Schering Corporation v. Pfizer,*

4  *Inc.,* 189 F. 3d 218, 224-238 (2nd Cir. 1999). Here, the Survey Responses provide valuable

5  evidence in the form of the current organizational state of mind of California counties with

6  respect to their abilities to meet the circumstances of a prisoner release order. The information

7  is relevant to the impact and public safety issues in this matter and, like in a trademark

8  infringement case, it comes from the best source available in terms of assessing the impact of a

9  prisoner release order upon California counties and the ability of those counties to provide

10  programs and services to parolees.

11      Plaintiffs incorrectly argue that the Survey Responses are unreliable and should be

12  excluded as hearsay because "there is no evidence that experts like Mr. McIntosh typically rely

13  on surveys of their members to form their opinions." Plaintiffs' Motion at p. 6:26-27.

14  However, the Survey is exactly the type of survey that is routinely conducted by CSAC and Mr.

15  McIntosh in the course of their business as representatives of the California counties, and upon

16  which they and others consistently rely to determine impacts to and issues among the counties.

17  Declaration of Elizabeth Howard ("Howard Decl.), ¶¶ 3-6.

18      Plaintiffs reliance on *In re Agent Orange Litigation*, 611 F. Supp. 1223 (E.D.N.Y. 1985), a

19  mass toxic tort case, is misplaced. In *Agent Orange*, the trial court, while recognizing that

20  expert witnesses could properly rely on hearsay, found that plaintiff's experts' opinions were

21  inadmissible because the opinions were based entirely upon unreliable evidence. In assessing

22  whether a myriad of alleged symptoms ranging from baldness to serious cancers allegedly

23  experienced by Vietnam war veterans were causally related to battlefield exposure to agent

24  orange, the experts relied almost exclusively on surveys consisting of patient responses to

25  questionnaires and checklists. The experts did not base their conclusions, even in part, on

26  observation or examination of the plaintiffs. The court excluded the surveys and checklists

27  because there was no evidence that the medical experts in that case would typically rely on such

28  information. *Id.* At 1243-47 ("No case . . . has gone so far as to allow a doctor to rely on such

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh                 5         CIV S-90-0520 LKK JFM / C01-1351 TEH

1   self-serving laypersons' general affidavits and checklists prepared in gross for a complex

2   litigation.").

3       By contrast, the survey information utilized by Mr. McIntosh was the best form of

4   evidence realistically available for the issues in question.  Unlike a doctor who typically would

5   examine a patient instead of relying solely on a checklist prepared by a patient, Mr. McIntosh

6   relied on survey results prepared by the very persons who are qualified to provide that

7   information.  Mr. McIntosh and CSAC routinely use surveys to gather information from

8   counties because the counties themselves are the best source of the information sought.

9   Moreover, the survey information is merely a component, and not the entire basis, of Mr.

10  McIntosh's opinions.  Deposition of Paul McIntosh ("McIntosh Depo."), Fuentes Decl., Exh. D,

11  pp. 150:16-21 ("[The survey was] just to back up our assumptions and opinions in here with

12  more current data to support those assumptions, and there is nothing in the surveys that doesn't

13  support what was already in the original report.  I think it just strengthens the assumptions that

14  are in there.").

15      Finally, Plaintiffs' argument that the survey responses should be excluded because Mr.

16  McIntosh does not have sufficient information about how the responses were formed is

17  misplaced.  Plaintiffs' Motion at 6-7.  Any challenge to the reliability of the survey responses

18  goes to the weight of the evidence, not its admissibility.  *Prudential Insurance Company of*

19  *America,* 694 F. 2d at 1156; *Adidas America, Inc. v. Payless Shoesource, Inc.*, 529 F. Supp. 2d

20  1215, 1227 (D. Oregon 2007).  Therefore, Plaintiffs motion to exclude the Survey Responses

21  included in Paul McIntosh's supplemental expert report should be denied.

22  **C.    MR. MCINTOSH'S SUPPLEMENTAL REPORT SHOULD NOT BE EXCLUDED**

23      Plaintiffs claim that Mr. McIntosh's supplemental expert report should be excluded on

24  two grounds.  First, they claim that the expert report was "inexcusably served" after the August

25  15, 2008 deadline for serving expert reports.  Plaintiffs' Motion at 5.  This argument should be

26  rejected.  An expert may supplement his expert report at any time before pre-trial disclosures

27  are due if the expert learns that in some material respect the information disclosed in the expert

28  report or in the expert deposition is incomplete or incorrect.  Federal Rule of Civil Procedure

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh          6          CIV S-90-0520 LKK JFM / C01-1351 TEH

1  26(e).  McIntosh submitted an initial expert report on August 15, 2008.  In that report, he

2  specifically stated that he would be supplementing his opinions "by surveying individual

3  counties regarding their opinions, estimates and experience with parolees that could augment

4  our statements regarding expected impacts" of a prisoner release order.  McIntosh Report,

5  Sangster Decl., Exh. 5, at p. 4.

6       Mr. McIntosh conducted the survey in a timely fashion given the length of time it takes to

7  prepare a survey and allow time for response from numerous busy counties.  Documentation of

8  the survey and the survey results were mailed by overnight delivery to Plaintiffs on September

9  24, 2008 for receipt on September 25, 2008, the date requested by plaintiffs for production of

10  Mr. McIntosh's documents.   Fuentes Decl., Exh. E; Declaration of Sandy Baker ("Baker

11  Decl."), Exh. A ¶ 2.  Mr. McIntosh's supplemental expert report was e-mailed to Plaintiff's

12  Counsel, Jeffrey Bornstein, and Defendants' Counsel, Kyle Lewis, at 1:29 p.m. on September

13  26, 2008, three days before the deposition  Id., ¶ 3.[1]  A hard copy of the supplemental expert

14  report was hand-delivered to Plaintiffs' counsel on the morning of the deposition.  Fuentes

15  Decl., ¶ 6.  The supplemental report itself is two pages long (plus signature page) and contains

16  no substantive information other than to explain the survey, highlight some broad common

17  themes, and indicate that the Survey Results reinforce the expert opinions expressed in his

18  August 15, 2008 expert report.  McIntosh Supplemental Expert Report, Fuentes Decl., Exh. C.

19       There has been no prejudice to Plaintiffs as they were provided access to all of the

20  materials necessary to cross-examine Mr. McIntosh on the supplemental report and survey well

21  in advance of his deposition.  In fact, Plaintiffs' counsel did spend a significant amount of time

22  questioning Mr. McIntosh about the survey and supplemental report.  *See, e.g.,* McIntosh Depo.

23  pp. 139:15-148:12., Fuentes Decl., Exh. D.  Furthermore, Plaintiffs concluded Mr. McIntosh's

24  deposition at 3:09 in the afternoon after less than 4 hours of testimony (the deposition started at

25  10:02 a.m. with several breaks, including a lunch break), and did not ask for additional

26

27       [1]Mr. McIntosh did not complete the supplemental report and send it to counsel for
28  Santa Clara County until the morning of September 26, 2008. (McIntosh Depo. pp.
155:22-156:11.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh    7    CIV S-90-0520 LKK JFM / C01-1351 TEH

1   deposition time.  Fuentes Decl., ¶ 7, McIntosh Depo, pp. 6:2, 157:6.  For all of these reasons,

2   exclusion of Mr. McIntosh's supplemental expert report because of delay in its provision is

3   unwarranted.

4        The second basis asserted by Plaintiffs for exclusion of Mr. McIntosh's supplemental

5   expert report is that it is based upon inadmissible hearsay.  Plaintiffs acknowledge that experts

6   may rely on inadmissible evidence including hearsay under Rule 703 of the Federal Rules of

7   Evidence.  Yet they still argue for exclusion of Mr. McIntosh's supplemental expert report

8   because it relies on the aforementioned survey, which Plaintiffs believe constitutes inadmissible

9   hearsay.  However, for all of the reasons stated in Section II.B of this Memorandum, surveys of

10  the type performed by Mr. McIntosh are routinely admitted into evidence, and any issues of

11  reliability or methodology are addressed in terms of the weight accorded to the survey or

12  opinion that it supports.   Accordingly, plaintiffs argument that the supplemental report should

13  be excluded because the survey is either inadmissible or unreliable should be rejected.

14                                          **III.**

15                                     **CONCLUSION**

16        For all of the foregoing reasons, The County respectfully requests that the Court deny

17  Plaintiffs' Motion in Limine No. 7 to Exclude Portions of McIntosh Opinion Testimony.

18

19  Dated: October 30, 2008                       Respectfully submitted,

20                                                ANN MILLER RAVEL
                                                  County Counsel
21

22                                          By:   _____/S/_____
                                                  THERESA J. FUENTES
23                                                Deputy County Counsel

24                                                Attorneys for Intervenor
                                                  COUNTY OF SANTA CLARA
25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Intervenor Co. of Santa Clara's Memo of
P&A's in Opp to MIL No. 7 re McIntosh              8         CIV S-90-0520 LKK JFM / C01-1351 TEH