STEVEN M. WOODSIDE #58684
County Counsel
ANNE L. KECK #136315
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Fax: (707) 565-2624
swoodsid@sonoma-county.org
akeck@sonoma-county.org

Attorneys for Intervenors THE
COUNTY OF SONOMA, SONOMA
COUNTY SHERIFF/CORONER
WILLIAM COGBILL, SONOMA
COUNTY DISTRICT ATTORNEY
STEPHAN PASSALACQUA,
and SONOMA COUNTY CHIEF
PROBATION OFFICER ROBERT OCHS

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants.<br>_____ /<br><br>MARCIANO PLATA, et al.,<br>    Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants.<br>_____ / | No.   CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT**<br><br>No. C-01-1351 TEH<br><br>THREE-JUDGE COURT<br><br>**SONOMA COUNTY INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RE: REFERENCES TO SENTENCING COMMISSION AND REFORM**<br><br>Trial Date:   November 18, 2008<br>Time:           1:30 p.m.<br>Ctrm:           USDC Ceremonial Courtroom |

Sonoma County Intervenors' Opposition to Defendants'
Motion In Limine No. 5 to Exclude Evidence re:
References to Sentencing Commission and Reform

Intervenors the County of Sonoma, Sonoma County Sheriff William Cogbill, Sonoma County District Attorney Stephan Passalacqua, and Sonoma County Chief Probation Officer Robert Ochs (collectively, "Sonoma County Intervenors") hereby oppose Defendants' Motion in Limine No. 5 to Exclude Evidence Re: References to Sentencing Commission and Reform (the "Motion"). The gravamen of the Motion is Defendants' claim that information relating to sentencing commissions and reform are irrelevant to this case, as such information does not have a tendency to prove or disprove a material fact. Sonoma County Intervenors oppose the Motion on the ground that such evidence is relevant and material in this proceeding pursuant to the provisions of Title 18 of the United States Codes, Section 3626, subsections (a)(1) and (a)(3)(E)(ii), as discussed below.

## I.

## ARGUMENT

Sonoma County Intervenors proffer two expert reports to be admitted into evidence in this proceeding prepared by its retained expert witness, David M. Bennett (original report dated August 15, 2008, and supplemental report dated October 16, 2008). In his report dated August 15, 2008, Mr. Bennett opines that there are several types of alternative remedies to address violations of prisoners' federal rights (and prison overcrowding) aside from a prison population cap: one if his recommended alternative reforms is the development of a sentencing commission to evaluate current sentencing laws and address related issues (see August 15, 2008 Bennett report, p. 26).

This proffered expert testimony is relevant to address two issues raised in Title 18 of the United States Codes, Section 3626 ("Section 3626"). First, Section 3626(a)(3)(E)(ii) provides that the three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that, *inter alia*, "no other relief will remedy the violation of the Federal right." (18 U.S.C. §3626(a)(3)(E)(ii).) Sonoma County Intervenors, through their expert Mr. Bennett, contend that one of the forms of alternate relief that would remedy the violation of prisoners' federal rights is a sentencing commission, to effectuate sentencing reform, making the proffered evidence relevant and material.

Sonoma County Intervenors' Opposition to Defendants'
Motion In Limine No. 5 to Exclude Evidence re:
References to Sentencing Commission and Reform

2

Second, Section 3626(a)(1) provides that the court shall not grant any prospective relief, "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." (18 U.S.C. §3626(a)(1).) Accordingly, evidence relating to sentencing reform is relevant to determine available remedies, and can be used by the Court to fashion a narrowly-tailored prisoner release order, rather than a prison population cap.

While Defendants argue that evidence relating to sentencing commissions and reform should not be admitted because, "they are not the type of relief that this Court can issue as a prisoner release order under the Prison Litigation Act [Motion, p. 3]," Sonoma County Intervenors have not been able to find authority directly on point on this issue, and Defendants have not cited to any such authority. As this is a legal issue that remains unresolved in this proceeding at this time, Sonoma County Intervenors request to be able to submit the expert report and testimony of their expert witness regarding sentencing reform issues, unless and until the Court has determined that those issues are not legally relevant to this proceeding.

## II.
## CONCLUSION

For the foregoing reasons, the Sonoma County Intervenors respectfully request that the Court deny Defendants' Motion in Limine No. 5 to Exclude Evidence Re: References to Sentencing Commission and Reform, and for such other and further relief as this Court deems just and proper.

Dated: October 30, 2008    STEVEN M. WOODSIDE, County Counsel

By: _____
ANNE L. KECK
Deputy County Counsel
Attorneys for Intervenors the County of Sonoma, the Sonoma County Sheriff-Coroner William Cogbill, the Sonoma County District Attorney Stephan Passalacqua, and Sonoma County Chief Probation Officer Robert Ochs

Sonoma County Intervenors' Opposition to Defendants'
Motion In Limine No. 5 to Exclude Evidence re:
References to Sentencing Commission and Reform

3