EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8 TO EXCLUDE HEARSAY IN EXPERT REPORTS FROM INTRODUCTION INTO EVIDENCE AT TRIAL**<br><br>**To: Three-Judge Panel** |

- 1 -

## I.   INTRODUCTION

Plaintiffs' Motion in Limine No. 8, which is almost entirely a verbatim recitation of Defendants' Motion in Limine No. 3 (filed earlier in the day), seeks to exclude hearsay statements in Defendants' experts' reports from introduction into evidence at trial. Plaintiffs assert, just as Defendants reasoned in Defendants' identical motion in limine, that while hearsay is typically permissible in an expert report, because the expert reports in this proceeding will be admitted into evidence at trial as the experts' direct testimony, such hearsay evidence is not admissible. (Pls.' Mot. in Limine No. 8 (Pls.' Mot.) at 2:12-14; Defs.' Mot. in Limine No. 3 (Defs.' Mot.) at 2:23-25.) Plaintiffs therefore seek to exclude from evidence at trial "any and all hearsay statements, as well as argument and testimony relating to such hearsay statements, to the extent that defendants or defendant-intervenors seek to offer into evidence those statements for the truth of what they assert." (Pls.' Mot. at 3:14-16; *see also* Defs.' Mot. at 3:2-5.)

Defendants do not dispute that hearsay statements contained within the expert reports, absent an exception to the hearsay rule, are not admissible into evidence at trial. Defendants stated as much in their motion in limine no. 3. (*See, e.g.,* Defs.' Mot. at 6:2-5.) However, to the extent Defendants' experts' reports contain hearsay for which an exception exists, such statements are admissible. In an effort to lend clarity to the Court and each of the parties as to precisely the statements at issue in Defendants' experts' reports, Defendants attach to their opposition a chart referencing each potential hearsay statement in their experts' reports, and the admissibility of each such statement. (*See* Attach. to Defs.' Opp'n to Pls.' Mot. in Limine No. 8 (Defs.' Attach.).) To the extent an exception to the hearsay rule applies to alleged hearsay contained in Defendants' experts' reports, such a statement may be admissible into evidence at trial.

## II.   ARGUMENT

As Defendants' explained in their Motion in Limine No. 3, the facts or data relied upon by an expert in forming his or her opinion need not be admissible into evidence for that expert's opinion to be otherwise admissible. Fed. R. Evid. 703. However, for the

- 2 -

1  underlying facts to be admissible into evidence at trial for the truth of what it asserts, a
2  proper foundation must be laid and if applicable, an exception to the hearsay rule must
3  apply.  Where as here, the expert reports are being introduced into evidence as the
4  experts' direct testimony, an exception to the hearsay rule must apply for each potential
5  hearsay statement contained in the expert reports to be entered into evidence at trial.
6       Defendants attach to this opposition a chart referencing each possible hearsay
7  statement contained within Defendants' experts' reports and indicate the admissibility of
8  each potential hearsay statement.  Defendants respectfully request that this Three-
9  Judge Court review the attachment to this opposition and rule on the admissibility of
10 each potential hearsay statement included within Defendants' experts' reports.  To the
11 extent an exception to the hearsay rule applies, or where a statement is only offered for
12 the effect on the hearer and is not offered for the truth of what it asserts, such
13 statements may be entered into evidence at trial.  *See* Fed. R. Evid. 803.
14 / / /
15 / / /

### III. CONCLUSION

Defendants agree with Plaintiffs' contention that the hearsay statements contained in the parties' experts' reports may not be admissible into evidence at trial absent an exception to the hearsay rule. Indeed, it was Defendants who first filed a motion in limine seeking to exclude hearsay statements contained in Plaintiffs' experts' reports, and it is Plaintiffs who essentially re-filed the exact motion in limine. Defendants do, however, request that this Court rule on the admissibility of each potential hearsay statement contained in Defendants' experts' reports, as is highlighted by the attachment to this opposition, rather than issue a wholesale ruling excluding hearsay without taking into account an applicable exception to the hearsay rule.

DATED: October 30, 2008             HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: October 30, 2008             EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle A. Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.