PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99461
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
MARIA V. MORRIS, Bar No. 223903
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

K & L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY -
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,
Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants

No. Civ S 90-0520 LKK-JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,
Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,
Defendants

No. C01-1351 TEH

**THREE-JUDGE COURT**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER 9 TO EXCLUDE EXPERT REPORTS DRAFTED BY PLAINTIFFS' ATTORNEYS**

## INTRODUCTION

Defendants move to exclude all expert reports submitted on behalf of plaintiffs' experts Ronald Shansky, M.D., Jeanne Woodford, Doyle Wayne Scott, Joseph Lehman, and Pablo Stewart, M.D., on the grounds the reports were not prepared by the experts as required by Fed.R.Civ.P. 26(a)(2)(B). Defendants' Motion In Limine Number 9 To Exclude Expert Reports Drafted By Plaintiffs' Attorneys (Defendants' MIL 9), at 2:18-3:2. Defendants' motion is predicated on an assertion that all such reports were "prepared" by plaintiffs' counsel and thus must be excluded. *Id*.

The Court should deny defendants' motion. As explained below, and as indeed defendants concede (see Defendants' MIL 9 at 7:12-13), assistance by counsel with preparation of expert reports is permitted. The key is whether an expert report sets forth opinions that are the expert's own, freely authorized and adopted by her or him. This is true of all the reports at issue. As shown below, defendants' motion unfairly focuses on fragments of deposition testimony regarding preparation of the reports. In fact, the reports at issue were prepared by the experts as required by the federal rule. The reports are signed by the experts, the experts had direct controlling involvement in the preparation of the reports, and the opinions in the reports are those of the experts who signed the reports.

## STATEMENT OF FACTS

All the expert reports that defendants challenge have been filed with the Court simultaneously with the filing of this opposition, pursuant to the Court's pre-trial Order. Each report is signed by the expert. Defendants make no claim that the reports were not signed when they first received them.

Nor do defendants assert that any opinion in any of the experts' reports is not that of the testifying expert. In fact, each expert when questioned at a deposition – if defendants bothered to ask – stated that the opinions expressed in the reports were theirs, that they had not been asked by counsel to change their opinions, and/or that they would not have done so even if asked. See

Deposition of Ronald Shansky, M.D., December 10, 2007, attached as Exhibit A to Declaration of Steven Fama in Support of Plaintiff's Opposition to Defendants Motions in Limine Number 9 (Fama MIL 9 Oppo Dec) at 56:19 - 57:8 (wasn't asked by plaintiffs' counsel to change his opinion, and any such request would be a waste of time with him because, "[y]ou get what you get when you hire me . . . you may like it and you may not like it but that's what it is"); Deposition of Jeanne Woodford, December 18, 2007, attached as Exhibit B to Fama MIL 9 Oppo Dec at 53:17-22 (wasn't asked by counsel to change her opinions in this case); Deposition of Jeanne Woodford, September 15, 2008, attached as Exhibit C to Fama MIL 9 Oppo Dec at 115:8-10 (wasn't asked by plaintiffs' counsel to change her opinions in supplemental report); Deposition of Doyle Wayne Scott, October 1, 2008, attached as Exhibit D to Fama MIL 9 Oppo Dec at 11:4-8 (counsel did not ask him to change or modify his opinions) and 12:9 - 13:4 (supplemental report contains all his opinions since first report); Deposition of Pablo Stewart, M.D., December 11, 2007, attached as Exhibit E to Fama MIL 9 Oppo Dec at 28:13-15 (states that he approves of entire report) and Deposition of Pablo Stewart, M.D., September 18, 2008, attached as Exhibit F to Fama MIL 9 Oppo Dec at 178:11-16 (was not told by counsel what to put in his second report) 180:10-20 (entire second report his is work). Defendants did not even bother to ask plaintiffs' expert Mr. Lehman at deposition whether his report opinions were his or whether he had been asked to change his opinions. However, Mr. Lehman's answers to other questions make clear that the reports contain his opinions. Deposition of Joseph Lehman, September 16, 2008, attached as Exhibit G to Fama MIL 9 Oppo Dec at 45:12-20 (describing certain changes he made in the report).

Defendants also either ignore or perfunctorily gloss over the deposition testimony they elicited showing precisely how the reports at issue were prepared by each expert whose reports are challenged. Dr. Shansky, for his first report, first completed inspection visits at five CDCR prisons and reviewed numerous documents. See Report of Ronald Shansky, M.D., (Shansky Report), filed herewith, November 9, 2007 at ¶¶ 6-7 and attachment thereto (three page typed list of documents reviewed). He then met with plaintiffs' counsel and detailed his opinions,

including by specifying the problems caused by crowding and his understanding of the documentation regarding those matters. Fama MIL 9 Oppo Dec, Ex A at 48:21-49:9. Based on those directives by Dr. Shansky, counsel then typed up the opinions Dr. Shansky had conveyed. *Id*. Thereafter, Dr. Shansky reviewed and adjusted the draft until he was comfortable with all of it. *Id*. With respect to his second supplemental report, dated September 10, 2008, Dr. Shansky the day after another set of prison site visits, had an all-day meeting with counsel at which he described in detail what he had observed during the site visits, the data he had gathered, and the matters he wanted to address in his report. Deposition of Ronald Shansky, M.D., October 4, 2008, attached as Exhibit H to Fama MIL 9 Oppo Dec at 95:25-96:19. Dr. Shansky thereafter had multiple discussions with counsel about the report, including concerning additions he believed important and he directed that certain specific changes be made to the text so that it was in exact accord with his opinions. *Id* at 95:25-96:19, 97:14-24 (directed counsel to make changes) and 98:4-21 (directed changes regarding opinions on crowding).

Ms. Woodford prepared her report by first sitting down with counsel and discussing her opinions, then providing typed notes. Fama MIL 9 Oppo Dec, Ex B at 46:5-18, 47:13-18, and 53:1-11. She then made changes to the draft report that was prepared. *Id*. at 50:15-17. For her supplement report, Ms. Woodford had “lots of conversations” with counsel about what she wanted to be put into the report based on her observations touring the prisons and what she had read, and she recalled numerous specific items she had talked to counsel about with regard to what should be in the report. Fama MIL 9 Oppo Dec, Ex C at 27:8-29:13. The initial draft then provided to her reflected what she wanted in the report. *Id*. at 117:5-12. She requested certain changes in the report, and made some directly herself. *Id*. at 115:11-116:15 and 117:2-4. She signed the supplemental report when final. *Id*. at 21:17-22:2.

Mr. Scott provided observations and information to counsel that became the first draft of his first report. Deposition of Doyle Wayne Scott, December 14, 2007, attached as Exhibit I to Fama MIL 9 Oppo Dec at 50:14 - 51:23. He then edited every line of the first draft and added verbiage in a number of places in the report. *Id*. at 52:4-9. Mr. Scott also prepared his

supplemental report. Fama MIL 9 Oppo Dec, Ex D at 8:22-25. He made changes to the draft of that report before he signed it. *Id*. at 11:1-3.

Mr. Lehman's preparation of his report began with a conversations with an attorney for plaintiffs, to whom Mr. Lehman talked about crowding, its impact within the prison system, and his perceptions regarding those matters. Fama MIL 9 Oppo Dec, Ex G at 41:22-42:21. Because Mr. Lehman was working, he asked counsel to draft his report, based on the matters that Mr. Lehman had discussed with counsel. *Id*. at 46:2-6. Mr. Lehman then reviewed the draft directed pursuant to his directive and directed that certain changes be made, including matters related to crowding in the prisons. *Id*. at 45:12-20 and 152:17-25.

Dr. Stewart's first report was prepared by him dictating, following his prison tours, his observations to counsel. Fama MIL 9 Oppo Dec, Ex E at 29:22-30:1. Dr. Stewart thereafter created each and every sentence of the report, in conjunction with a lawyer, and he continuously updated the report as he worked on it. *Id*. at 28:24-29:13. As stated above, Dr. Stewart approved the final report. *Id*. at 28:13-15. Also, Dr. Stewart wrote his second report. Fama MIL 9 Oppo Dec, Ex F at 176:13-14. He dictated it, both immediately after his prison tour or while sitting in counsel's office, and personally reviewed references to certain documents that were added *Id*. at 178:17-25 and 179:5-19. The entire supplemental report is thus a product of Dr. Stewart's work. *Id*. at 180:10-20.

## ARGUMENT

### THE COURT SHOULD DENY DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORTS BECAUSE THOSE REPORTS WERE PREPARED IN ACCORD WITH THE REQUIREMENTS OF FED. R. CIV. P. 26(a)(2)(B).

Expert reports must be "prepared and signed" by the expert witness. Fed. R. Civ. P. 26(a)(2)(B). The term "prepared" though, does not mean that others, including counsel, cannot assist the expert. The Advisory Committee note explains:

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the

> substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed. R. Civ. P. Rule 26(a)(2)(B) 1993 Advisory Committee's Note.

The case law is an accord. The preparation and signing requirement is designed to ensure that expert reports express "what the expert has freely authorized and adopted as his own and not merely for appeasement or because of intimidation or some undue influence by the party or counsel that has retained him." *Marek v. Moore*, 171 F.R.D. 298, 302 (D.Kan. 1997). Thus, where the attorney has typed or written the report, the requirements of the rule are met, so long as the opinions expressed are those of the expert. *Indiana Ins. Co. v. Hussey Seating Co.,* 176 F.R.D. 291, 293 (S.D. Ind. 1997).[1] Ultimately, "the final report must be that of the expert." Coquillette, Daniel R. et. al., *Moore's Federal Practice 3d* § 26.23.

The *Marek* case explains that trial counsel may well have "legitimate cause" to help an expert witness with preparation of the report, given that Rule 26(a)(2)(B):

> sets exacting requirements for its content: It shall contain a "complete" statement of "all opinions to be expressed." It shall contain "the basis and reasons" for those opinions. It shall include the "data or other information" considered by the witness and any supporting exhibits. A litigating attorney knows that, upon objection or request by opposing counsel, the Court could well exclude expert testimony which has not been adequately disclosed, pursuant to these requirements.

*Marek v. Moore*, 171 F.R.D. at 301. As that court explained, "[u]nlike the attorney, the expert witness more likely preoccupies himself with his profession or field of expertise" and thus have little if any understanding of the rule's "exacting requirements." *Id*.

In the present case, and as detailed in the Statement of Facts, each expert witness report

---

[1]. Defendants cite *Indiana Ins. Co.*, asserting that the court there stated that it was "disturbed" by counsel's "non-chalant, if not half-hearted" compliance with Rule 26's disclosure requirements. Defendants' MIL 9 at 7:7-11. The court there did use the quoted language, but in the context of counsel's turning over an expert report "which was neither signed nor a version naturally embraced by [the expert]." *Indiana Ins. Co. v. Hussey Seating Co.*, 176 F.R.D. at 293. Neither of those facts is applicable to any of the reports at issue in the present case. Further, the court in that case, in the very sentence that follows its characterization and specific description of counsel's actions, held that the discrepancies did not warrant an order prohibiting the expert from testifying. *Id*.

challenged herein by defendants was prepared the testifying expert, each of whom first provided counsel with their opinions, extensive information about the opinions they had formed, and directed counsel as to what information must go in the report. Each expert then reviewed and made changes to their draft reports. Defendants themselves established, when they explored the matter in deposition, that no expert was asked by counsel to change their opinions. Each expert approved their final report (or reports, if more than one was prepared). Finally, each expert signed their report. Given these facts, and that the applicable federal rule, for good reasons, permits help to be provided in the preparation of expert reports, the Court should deny defendants' motion to exclude the reports.[2]

**CONCLUSION**

For the reasons stated above, Defendants' Motion In Limine number 9 to exclude expert reports should be denied.

Dated: October 30, 2008

Respectfully submitted

PRISON LAW OFFICE

By: */s/ Steven Fama*

Steven Fama
Attorney for Plaintiffs

---

[2]. The motion should also be denied on the grounds that defendants will have the opportunity to cross-examine the expert witnesses at trial, and in that way explore their apparent theory that the experts' opinions result from the influence of counsel. See *Marek v. Moore*, 171 F.R.D. at 302 (disqualification of witness generally not appropriate; instead counsel has recourse to cross examination to, *inter alia*, develop the extent to which a witness has been influenced by counsel to make changes to report).