Gregg McLean Adam, No. 203436
Natalie Leonard, No. 236634
James W. Henderson, Jr., No. 071170
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:  415.989.5900
Facsimile:   415.989.0932
Email:        gadam@cbmlaw.com
                  jstoughton@cbmlaw.com

Daniel M. Lindsay, No. 142895
**CALIFORNIA CORRECTIONAL
PEACE OFFICERS' ASSOCIATION**
755 Riverpoint Drive, Suite 200
West Sacramento, CA 95605-1634
Telephone:  916.372.6060
Facsimile:   916.372.9805
E-Mail:       dan.lindsay@ccpoa.org

Attorneys for Intervenor California Correctional Peace Officers' Association

IN THE UNITED STATES DISTRICT COURTS

FOR THE NORTHERN AND EASTERN DISTRICTS OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| MARCIANO PLATA, *et al.*,<br><br>　　　　　　Plaintiffs,<br>　　　v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>　　　　　　Defendants. | No. Civ C01-1351 TEH (N.D. Cal.) *and*<br><br>No. Civ S90-0520 LKK-JFM (E.D. Cal.)<br><br>**THREE-JUDGE COURT** |
| RALPH COLEMAN, *et al.*,<br><br>　　　　　　Plaintiffs,<br>　　　v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br><br>　　　　　　Defendants. | **DIRECT TESTIMONY DECLARATION OF KEVIN RAYMOND**<br><br>**TRIAL DATE: NOVEMBER 18, 2008** |

CBM-SAC\SA067556.2　　　　　　-1-

**DIRECT TESTIMONY DECLARATION OF KEVIN RAYMOND**

I, Kevin Raymond, state as follows:

1. I am currently employed as a correctional officer by the California Department of Corrections and Rehabilitation ("CDCR") and have been so employed since September 1990. Based upon my work as a correctional officer, I have personal knowledge of the matters stated herein and, if called upon to do so, could and would testify competently to them.

2. I began my career as a correctional officer at Folsom State Prison ("FSP") as a permanent intermittent employee ("PIE"). As a PIE, I was assigned to different positions and different shifts at FSP and California State Prison, Sacramento. .

3. In December 1991, I transferred to the Northern California Women's Facility ("NCWF") in Stockton, California, where I worked until March 2003. My first post there was a PIE position. Then my time base changed to permanent full-time and I became a vacation relief officer and later a holiday relief officer. Next, in approximately 1993, I became a search and escort officer. My duties in that position included escorting inmates to and from medical appointments inside and outside the prison.

4. My next position at NCWF was a post in the prison kitchen. Thereafter, I was assigned to Visiting and finally was a yard officer until NCWF closed in 2003.

5. Thereafter, from March 2003 to October 2006, I was formally assigned as a correctional officer to FSP, but I actually performed a series of assignments for the California Correctional Peace Officers' Association ("CCPOA"), the exclusive bargaining agent for California State Bargaining Unit 6, that involved negotiations with the CDCR. One of these activities involved touring the State with two CDCR lieutenants to update each correctional institution regarding changes in the formula for funding correctional officer custody staff at those facilities. During these assignments I continued to be paid as a correctional officer by the CDCR.

6. After that, in October 2006, I remained assigned to FSP as a correctional officer but from that point up to the present, I am on detached duty to the CDCR Office of Facilities Management ("OFM"). I have been on detached duty to the OFM for the past

1  two years, with the exception of two months in the summer of 2007, when I was doing an
2  assignment for the CCPOA.

3       7.    In my current position at the OFM, I serve as a liaison between the rank
4  and file correctional officers and the OFM with regard to the construction of new
5  correctional facilities and the staffing of those facilities.  By new correctional facilities, I
6  mean those facilities that are being built outside the walls of any existing institutions.
7  This can, in some situations, involve the building of an additional housing facility that is
8  actually immediately adjacent to an existing facility and is intended to be a part of that
9  facility, but is physically outside of the walls of the existing facility.

10       8.    Because of my position at OFM, I am familiar with the procedures
11  utilized by the CDCR to determine the amount of staff to be allocated to both existing and
12  new correctional facilities.

13       9.    The national standard established for designating correctional staff for
14  facilities was one correctional officer for every sixty four inmates based on design
15  capacity.  However, the design capacity was based on one inmate per cell.  When the
16  number of inmates per cell increases or other areas have converted into housing units, the
17  ratio of inmates to correctional officers will increase.  The prisons do have other methods
18  for obtaining additional correctional staff when the inmate population increases beyond
19  design capacity.  For one thing, there are packages known as overcrowding packages
20  which provide funds for the hiring of additional correctional staff to deal with
21  overcrowding conditions; note that some institutions use some of these positions to
22  address not only overcrowding, but also other needs within the facility, which should
23  actually be addressed in the base staffing package.  In addition, at some prisons,
24  management will utilize general funds to provide for non-budgeted staffing needs.  In
25  theory, these positions are intended to be temporary and such needs should be included as
26  permanent positions in the next fiscal year budget.  However, in reality many of these
27  temporary positions are carried over as non-budgeted positions into the next fiscal year.
28  //

CBM-SAC\SA067556.2     -3-

**DIRECT TESTIMONY DECLARATION OF KEVIN RAYMOND**

10. It should also be noted that with respect to new facilities, CDCR proposes custody staffing levels related to medical care, but these suggestions may or may not match the recommendations of the Healthcare Receiver; I am not aware of any procedure to share the proposed custody staffing packages with the Receiver for comment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this ___ day of October, 2008 at _____, California.

KEVIN RAYMOND

CBM-SAC\SA067556.2        -4-

**DIRECT TESTIMONY DECLARATION OF KEVIN RAYMOND**