PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  vs.<br><br>  Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #5 RE REFERENCES TO SENTENCING COMMISSION AND REFORM** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The *Plata* and *Coleman* plaintiff classes are unable to obtain constitutionally adequate medical and mental health care in the CDCR. The primary cause for the constitutionally inadequate care is that the system has too many prisoners and too few resources to care for them. Accordingly, plaintiffs seek an order requiring defendants to reduce the population in California's overcrowded prison system.

When a party seeks a population reduction order, a three-judge court may order such relief if it finds that "(i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the right." 18 U.S.C. § 3626(a)(3)(E). In addition, in considering prospective relief, the three-judge court must "give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1).

At trial, plaintiffs will prove that crowding is the primary case of the medical and mental health care deficiencies, and no relief other than a reduction in the prison population will result in a constitutional level of care. Additionally, plaintiffs will prove that population reduction can be achieved without an adverse impact on public safety or the operation of the criminal justice system, using a variety of programs, and those programs include a sentencing commission and sentencing reform. Many of these programs, including a sentencing commission and sentencing reform, have been proposed by the defendants themselves, including Governor Schwarzenegger. Thus, sentencing commissions and sentencing reform are relevant to this action.

# ARGUMENT

In order to be admissible at trial, evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "To be 'relevant,' evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. All that is required is a 'tendency' to establish the fact at issue. *U.S. v. Curtin,* 489 F.3d 935, 943 (9th Cir. 2007). The Advisory Committee Notes to the 1972 Proposed Rules explain "[t]he fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action." *Id.*

Defendants have claimed that evidence regarding sentencing commissions and sentencing reform is not relevant to this action, because it does not make more or less probable that overcrowding is the primary cause of the constitutional violations, or that no other relief will remedy the constitutional violations. Defendants ignore, however, that the three-judge Court must also evaluate the likely impact of any order limiting the prison population on public safety and the operation of the criminal justice system.

Should three-judge Court find that overcrowding is the primary cause of the constitutional violations, and that no other relief will remedy the violation, it will consider the possible impacts of all strategies available to defendants to achieve population reduction. Among the strategies for population that numerous expert reports, developed for and by the defendants, have recommended are sentencing reform and a sentencing commission. Indeed, defendant Governor Schwarzenegger himself proposed a sentencing commission as one of

three elements in his "Comprehensive Prison Reform Proposal" to address a prison system that he described as "dangerously overcrowded, poorly managed, and totally out of control." Declaration of Alison Hardy, ¶ 2, Exh. A. Whether or not the three-judge Court can order defendants to reform sentencing, sentence reform is plainly one of the options defendants and intervenors will have should they be ordered to reduce the prison population. Accordingly, sentence reform is relevant to this action and evidence regarding sentencing reform must be admitted at trial.

## CONCLUSION

Plaintiffs respectfully request that the Court deny defendants' motion to exclude at trial evidence regarding sentencing commissions and sentencing reform.

Dated: October 30, 2008                                 PRISON LAW OFFICE


/s/ Alison Hardy
Alison Hardy
Prison Law Office
Attorneys for *Plata* Plaintiffs and *Coleman* Plaintiffs