EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br>**DECLARATION OF GALE BATAILLE IN SUPPORT OF EXPERT OPINIONS AND IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5**<br>**To: Three-Judge Panel** |

I, GALE BATAILLE, declare:

1. I am an expert retained by the *Plata* and *Coleman* Defendants. I make this declaration to provide further detail regarding my qualifications and the foundations for my opinions in opposition to Plaintiffs' Motion in Limine No. 5 to exclude portions of my reports and testimony. I have personal knowledge of the facts stated in this declaration and if called to testify about those facts could and would do so competently.

**I. Experience in Corrections Policy and Operations**

2. The following information was contained in my resume and cited in my Preliminary Expert Report dated August 15, 2008. I have provided additional details about my involvement with designing, managing, and evaluating correctional mental health programs as Deputy Director for Contra Costa County and as Mental Health Director for Solano and San Mateo Counties as well as in a leadership capacity within the California Mental Health Directors Association.

3. I held high-level administrative positions in three Bay Area County mental health departments for 28 years (1981-2008). In these leadership positions, I planned, administered and evaluated jail-based and community-based mental health services that served forensically involved youth and adults with mental illness as follows:

--Contra Costa County (1981-1990): Oversight of mental health and substance abuse outpatient clinics and agencies that served criminal justice involved individuals. Secured and supervised a three-year federal grant in 1987 that provided residential treatment services to individuals with co-occurring substance abuse and mental illness—most of whom had a history of criminal justice involvement.

--Solano County (1990-2000): As County Mental Health Director my administrative/leadership responsibilities included services to criminal justice populations including jail mental health services and the Conditional Release Program (CONREP). CONREP funded through a State DMH contract serves judicially committed persons found by the courts to be Not Guilty by Reason of Insanity, Incompetent to Stand Trial, Mentally Disordered Offenders, Prison inmates required to receive mental health

treatment as a condition of parole, and Civilly committed Mentally Disordered Offenders - MDO parolees in CONREP who have completed their sentence but remain severely mentally ill. In addition, I was responsible for the development of a Forensic Assertive Community Treatment Team (FACT) that provided intensive community treatment services to individuals released from the jail or at significant risk of criminal justice involvement.

--San Mateo County (2000-2008) as Deputy Director-10/2000-5/2001, and Mental Health Director until January 2008: Secured, administered, and evaluated two Mentally Ill Offender Crime Reduction Grants-one intensive community case management program for mentally ill offenders and a gender responsive jail re-entry program for women; secured and administered a grant program for integrated services to homeless mentally ill individuals—many of whom had criminal justice histories-both in local corrections systems and state prison; in collaboration with the Sheriff, Chief Probation Officer and the Superior Court designed and implemented a Mental Health Court; provided psychiatric services to the San Mateo correctional facility and coordinated community linkage and follow up to individuals exiting the jail; served on local corrections related committees and task forces including: Superior Court of San Mateo's Mental Health Court Oversight Committee; represented the County Health Services Department on the Board of Supervisors' Criminal Justice Committee, Jail Overcrowding Taskforce and Re-entry Sub-committees; served on the Juvenile Justice Crime Prevention Act Steering Committee and the Children's System of Care Executive Committee that provided oversight of integrated services to youth involved in Juvenile Justice, Child Welfare, and Mental Health Services.

4. I have been active in leadership roles in the California Mental Health Directors Association (CMHDA) and the California Institute for Mental Health, including serving as President and on the California Mental Health Directors Association's Executive Committee and Governing Board and most recently as Chair of its Mental Health Services Act Allocation Formula Work Group and Chair of the Forensic

- 3 -

DECLARATION OF GALE BATAILLE IN SUPPORT OF OPINIONS AND IN OPP'N TO PLS.' MIL NO. 5
(CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

1657490.1

Committee from 2006-2008. Since retiring as the San Mateo County Mental Health/Behavioral Health Director in January 2008, I served as a consultant to California Mental Health Directors Association on corrections policy and community corrections issues. This has included developing legislative opinions and testimony regarding AB 900 implementation issues and the Legislative Analyst Office's Parole Realignment Proposal. I am the principal author of a California Mental Health Directors Association white paper, "Mental Health and Criminal Justice: Principles, Policy and Practice In Designing Effective Services for Justice-Involved Adults and Transition-Age Youth with Mental Illness" that was adopted by California Mental Health Directors Association in September 2008.

5. I currently represent California Mental Health Directors Association on various task forces and committees related to mental health corrections issues and corrections reform including:

- CA Judicial Counsel: Judicial Task Force on Criminal Justice Collaboration on Mental Health Issues and serve on two sub-committees—Adult Re-entry Services and Co-occurring Mental Health and Substance Abuse Disorders.
- CMHDA Forensic Committee and Forensic Executive Committee that monitors and addresses state and county level corrections policy and program implementation issues.
- CA State Association of Counties (CSAC) Corrections Issues and Implementation Work Group as well as the CSAC Administration of Justice Parole Realignment Task Force that was formed to analyze and respond to the Legislative Analyst Office's 2008 budget proposal to release non-violent offenders and realign significant State Parole functions to County Probation Departments.
- CDCR External Stakeholders Workgroup, which provides input into CDCR program development initiatives—primarily, AB 900 focused.

6. I have been a presenter at numerous workshops and conferences including recent presentations on corrections and community corrections and mental

- 4 -

DECLARATION OF GALE BATAILLE IN SUPPORT OF OPINIONS AND IN OPP'N TO PLS.' MIL NO. 5
(CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

1657490.1

health including:

- The Stanford Executive Sessions on Sentencing and Corrections sponsored by Stanford Criminal Justice Center, Stanford Law School, "California Corrections Reform: State/Local Partnerships." Invited participant and presenter on AB 900 implementation issues and corrections reform (6/2007)
- From Words to Deeds IV: Changing the Paradigm for Criminal Justice and Mental Health, sponsored by the Council on Mentally Ill Offenders—an annual workshop that brings together leaders of government and criminal justice agencies to develop practical tools and solutions to "change the paradigm that criminalizes mental illness and burdens our justice system" Workgroup Moderator (6/2007)
- California Mental Health Policy Forum; "Mental Health and Criminal Justice: Serving our Communities Together" Presenter on AB 900 Implementation Issues (9/2007)
- California State Association of Counties: Annual Conference, Workshop on AB 900 Implementation, presenter (11/2007)
- California Mental Health Directors Association—Statewide Directors Meeting; organized workshop and presented as panelist on "Community Corrections: Politics, Policy and Practice" -6/2008

## II. FACTS ABOUT SIZE AND CAPACITY OF CALIFORNIA'S COMMUNITY MENTAL HEALTH SYSTEM

7. Plaintiffs state that I do not provide any "examination of the facts regarding the size and capacity of California's community mental health system. Nowhere in her opinion does she acknowledge the official state statistics showing that California's community mental health system has an annual budget of approximately $6 billion and serves over 650,000 persons per year, over 40,000 of them with 24-hour services . . . Only by avoiding the actual numbers on the overall size of the community mental health system in comparison with the numbers of prisoners with mental illness likely to be

released could Ms. Bataille arrive at the speculative conclusions that characterize her report."

8. I am familiar with the State "Client and Service Information System Data Report" that is produced by the State Department of Mental Health—the most recent of which is for Fiscal Year 2005-06 (Citation: http://www.dmh.cahwnet.gov/Statistics_and_Data_Analysis/docs/Statewide_Production_Rpt/CSI_annualreport_FY0506_FINAL_1.pdf), which is the source of the Plaintiffs' statistics regarding the number of individuals served in California's Mental Health System. However, citing aggregate data regarding the overall size of the community mental health system does not give a true picture of the capacity of the community mental health system to serve additional seriously mentally ill parolees through a Coleman Class prisoner release nor does such high level statewide data address the level of unmet need.

9. In addition, Plaintiffs inaccurately state that California has a $6 billion dollar mental health budget to serve over 650,000 current clients. The California State Department of Mental Health adopted Budget for 2008-09 is actually closer to $5.1 billion dollars of which $1.3 is allocated to state hospital/long term care and is not available for community based services. $3.840 Billion is budgeted for "Community Services Funding" of which approximately $1.5 billion is Mental Health Services Act revenue—funding which by statute excludes direct criminal justice system costs and specifically precludes services to State Parolees. Therefore, the funding level cited by Plaintiffs is not an accurate depiction of the actual funding level of the community mental health system. In addition, citing the figure of 650,000 clients served in California's mental health system does not provide information about how many individuals are served at a moderate to intensive level of care. Many of the 650,000 served have single or very limited contacts. *Coleman* class prisoners are assessed as those who have serious psychiatric disorders and it should be assumed that most of these individuals would require ongoing mental health services. It should also be noted that 37% of the

- 6 -
DECLARATION OF GALE BATAILLE IN SUPPORT OF OPINIONS AND IN OPP'N TO PLS.' MIL NO. 5
(CASE NOS. 2:90-CV-00520 LKK JFM P AND C01-1351 TEH)

1657490.1

individuals served by county mental health systems in 2005-06 were children/youth under the age of 20 years.

10. I addressed the unmet need in California's community mental health system in both my Preliminary Expert Report and my Rebuttal Expert Report dated August 27, 2008. Since I prepared these reports, the California State Association of Counties conducted a survey on behalf of the Intervenor Counties that was completed by 14 counties regarding their capacity to meet parolee needs in the event of a prisoner release order. This more recent survey confirms the concerns cited in my expert reports.

11. In addition, a release of up to 40,000 prisoners over time with mental health treatment needs estimated at the level of 20% of the released population (the percentage cited by the Special Master) would amount to 8,000 additional *Coleman* class parolees requiring mental health care in the community. Fifteen percent, or 1,200, of these prisoners have been found by CDCR to be assessed at the Enhanced Outpatient Level of Care, which would equate to an intensive level of community treatment. As stated in my reports, it is my opinion on the basis of my specific experience directing County Mental Health Departments and my experience and leadership within the County Mental Health Directors Association that Counties do not have the financial resources or capacity to rapidly expand services to appropriately treat the mental health needs of up to 8,000 prisoners under a *Coleman* class release.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California on October 29, 2008

[signature]

GALE BATAILLE