PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No.: Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al., <br><br> Plaintiffs, <br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> vs. <br><br> Defendants | No. C01-1351 TEH <br> **THREE-JUDGE COURT** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND WITNESSES ALLEGEDLY NOT DISCLOSED DURING DISCOVERY** |

[242908-1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendants' motion in limine to exclude witnesses and evidence allegedly not disclosed during discovery should be denied. Plaintiffs responded to defendants' extensive discovery request timely, and provided multiple supplemental responses, thus defendants' claim that plaintiffs refused to supplement their discovery responses and disclosures to the extent required by the Federal Rules of Civil Procedure is unfounded. To the extent that any specific discovery requests were not supplemented, any error is harmless because information responsive to the requests was set forth in the plaintiffs' expert reports.

### ARGUMENT

**A.    Plaintiffs Complied with the Obligation to Supplement Discovery Responses in a Timely Manner.**

Under Federal Rule of Civil Procedure 26(e)(1)(A), a party who responds to an interrogatory, request for production, or request for admission must supplement the response "in a timely manner" if the party learns that the response is incomplete or incorrect "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process."

Plaintiffs have provided defendants with timely supplemental discovery responses, as required by the Federal Rules. On October 3, 2007, defendants Schwarzenegger and Tilton served plaintiffs with their first sets of interrogatories, and defendant Schwarzenegger served his first document production. Declaration of Alison Hardy at ¶¶ 2-4, Exhs. A-C. Plaintiffs served responses to all three on November 1, 2007. *Id.* at ¶5. Plaintiffs served supplemental responses to defendant Tilton's interrogatories and the document production request on November 14, 2007. *Id.* at ¶¶ 6-7, Exhs. D-E. On April 11, 2008, plaintiffs served additional supplemental responses to both sets of interrogatories; on September 8, 2008, plaintiffs served their third supplemental responses to the two

[242908-1]

1   sets of interrogatories and supplemental responses to defendant Schwarzenegger's document

2   production request. *Id.* at ¶¶ 8-12,  Exhs. F-J.

3       On October 23, 2007, defendants served their first sets of interrogatories and first request for

4   production of documents on each of the named *Plata* plaintiffs. *Id.* at ¶ 13.  Plaintiffs served

5   responses on November 13, 2007, with supplemental responses served December 11, 2007, and again

6   on September 16, 2008. *Id.*

7

8       Defendants complain that plaintiffs "refused to supplement their discovery responses and

9   disclosures to the extent required" by the Federal Rules, but defendants admit that plaintiffs *did*

10  provide supplemental responses.  Defendants' Motion in Limine No. 4, at 4. Their complaint, however,

11  is that plaintiffs produced them on a schedule different from the schedule proposed by defendants.

12  Specifically, defendants state they requested plaintiffs' supplemental responses by September 1, 2008.

13  They admit that plaintiffs produced supplemental responses one week later, and more than ten weeks

14  before the start of trial.

15

16      **1.     Review of Examples Proffered by Defendants Shows Plaintiffs Have
               Complied with their Discovery Duties.**

17

18      Defendants raise two examples which they claim demonstrate plaintiffs' failure to adequately

19  supplement.  In fact, in each case, plaintiffs' responses comply fully and timely with their obligations

20  under the Rules.  First, defendants complain that plaintiffs' response to Interrogatory No. 4 in

21  Defendant Tilton's First Set of Interrogatories, served October 3, 2007, should have been

22  supplemented.  In that interrogatory, defendants asked plaintiffs to contend whether "the plans of the

23  Receiver, as set forth in the Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail

24  to result in DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?"

25  Hardy Dec., at ¶ 2,  Exh. A.   In their initial response, served November 1, 2007, plaintiffs objected to

26  the interrogatory and provided no substantive response.  *Id.* at ¶ 5.  Two weeks later, plaintiffs served

27  a supplemental response, stating that plaintiffs do contend that the plans as set forth in the Receiver's

28

-3-

1   Fifth and Sixth Quarterly Reports and the Plan of Action would fail to result in the provision of

2   constitutionally adequate medical care to Plaintiffs. *Id.* at ¶ 6, Exh. D. Plaintiffs' position has not

3   changed – plaintiffs continue to contend that the Receiver's plans as set forth in the Quarterly Reports

4   and the Plan of Action dated May 2007 will fail to result in constitutional medical care for the

5   plaintiffs. Thus, plaintiffs were under no obligation to supplement.

6

7        If it is defendants' position that plaintiffs had a duty to supplement their response following the

8   release of Receiver's Turnaround Plan of Action, filed on June 6, 2008 -- more than seven months after

9   defendants' served their interrogatories, and following the filing of the Receiver's Seventh and Eighth

10  Quarterly Reports (dated March 19 and July 1, 2008, respectively) then any failure to supplement

11  would be harmless. Plaintiffs' medical expert, Dr. Ronald M. Shansky, plainly stated that he had

12  reviewed all three documents, and had concluded that the Receiver's plans would not timely remedy

13  the unconstitutional conditions, absent a reduction in prisoner population. *Id.* at ¶ 14, Exh. K

14  (Shansky Report at 2, 4, 6, 7, 9, 15, 16, 29, 31, 32, 34, 35, 36.). Plaintiffs' position is clear, and

15

16  defendants have suffered no harm.

17       The second example defendants raise is plaintiffs' alleged failure to supplement their responses

18  to defendant Schwarzenegger's First Request for Production of Documents, Nos. 1, 3, 4 and 11.

19  However, after asserting that plaintiffs refused to supplement their responses, defendants admit that

20  plaintiffs *did* supplement the responses, but argue that the responses were untimely. Def's Motion at 5.

21  Plaintiffs supplemented their responses on September 8, 2008. Hardy Dec., at ¶ 12, Exh. J. In

22  response to each request, plaintiffs advised that they had already produced responsive documents, that

23

24  additional responsive documents were in the custody and control of defendants, and that further

25  documents would be provided in response to the document requests related to the findings from the

26  expert reports. *Id.* These responses were served *one week* after the deadline that defendants had

27  arbitrarily set for plaintiffs. Before the October 6, 2008 expert discovery deadline, plaintiffs served

28

-4-

[242908-1]

defendants with the documents related to the expert report findings, some of which may have been responsive to the defendants' initial document request.

### 2.    Plaintiffs Have Withheld No Documents Based on Privilege

Defendants complain that plaintiffs have failed to produce a privilege log responsive to their request for production of documents. Under Federal Rule of Civil Procedure 26(b)(5), a party that withholds information by claiming privilege must (1) expressly make the claim, and (2) describe the information to enable other parties to assess the claim.

The source for the vast majority of documents responsive to defendants' document production requests was defendants themselves. Hardy Dec., at ¶ 15. Plaintiffs did not withhold information responsive to defendants' document production request. Accordingly, plaintiffs were not required to, and did not produce, a privilege log for responses to defendants' request for production.[1]

### B.    Even if Plaintiffs' Responses Were Late, the Week's Delay Caused Defendants No Harm.

Defendants cite just one case, *Yeti by Molly, Ltd. v. Deckers Outdoor Corporation*, 259 F.3d 1101 (9th Cir. 2001) in support of their argument that plaintiffs' evidence should be excluded based on the allegedly delayed supplemental response. The case is inapposite. In *Yeti by Molly*, the Ninth Circuit upheld the exclusion of expert testimony where a defendant produced their expert report *two years* after the close of discovery and just four weeks before trial, concluding that the extreme delay made it difficult for the opposing party to schedule a deposition of the expert. *Id.* at 1105.

Here, plaintiffs' response one week after the defendants' deadline still left defendants two and a half months before trial to raise and address any problems defendants identified with the responses. After serving the responses, plaintiffs received no communication from defendants that the responses

---

[1] Plaintiffs did withhold documents in response to the request for production served with the deposition notice for plaintiffs' expert James Austin and, accordingly, provided defendants with a privilege log describing those documents.

[242908-1]

were deficient.  Moreover, had defendants decided that plaintiffs' discovery responses were

incomplete, defendants had ample time to move to reopen the discovery period, pursuant to Federal

Rule of Civil Procedure 16(b)(4).  They did not.  Defendants have suffered no harm that would support

the exclusion of plaintiffs' evidence in this action.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this three-judge Court deny

defendants' motion in limine to exclude plaintiffs' evidence from trial.

Dated:  October 30, 2008                    PRISON LAW OFFICE


                                            */s/ Alison Hardy*
                                            Alison Hardy
                                            Prison Law Office
                                            Attorneys for *Plata* Plaintiffs and *Coleman*
                                            Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND WITNESSES, NOS.:  CIV S 90-
0520 LKK-JFM, C01-1351 TEH

[242908-1]