# EXHIBIT A

ᴅD G. BROWN JR.
ᴄney General of the State of California
ᴀVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
4   ROCHELLE C. EAST
Supervising Deputy Attorney General
5   LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
6   SAMANTHA TAMA – State Bar No. 240280
Deputy Attorney General
7   455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
8   Telephone: (415) 703-5708
Facsimile: (415) 703-5843
9   rochelle.east@doj.ca.gov
lisa.tillman@doj.ca.gov
10  samantha.tama@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

11  Attorneys for Defendants

12  ## UNITED STATES DISTRICT COURT

13  ## FOR THE EASTERN DISTRICT OF CALIFORNIA

14  ## AND THE NORTHERN DISTRICT OF CALIFORNIA

15  ## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16  ## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17  RALPH COLEMAN, et al.,

No.  2:90-cv-00520 LKK JFM P

18      Plaintiffs,

**THREE-JUDGE COURT**

19      v.

20  ARNOLD SCHWARZENEGGER, et al.,

21      Defendants.

22  MARCIANO PLATA, et al.,

No. C01-1351 TEH

23      Plaintiffs,

**THREE-JUDGE COURT**

24      v.

25  ARNOLD SCHWARZENEGGER, et al.,

**DEFENDANT JAMES TILTON'S FIRST
SET OF INTERROGATORIES TO
PLAINTIFFS**

26      Defendants.

27

28

- 1 -

DEF. TILTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (CASE NOS. 90-00520
LKK JFM P AND 01-01351 TEH)

1360759.1

PROPOUNDING PARTY:    Defendant James Tilton

RESPONDING PARTIES:    Plaintiff Marciano et al. (Plaintiffs)

SET NUMBER:    ONE

Per Rule 33 of the Federal Rules of Civil Procedure Defendant James Tilton (Defendant) submits the following First Set of Interrogatories to Plaintiffs Marciano Plata et al. (Plaintiffs) to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them within thirty (30) days.

## DEFINITIONS

1.    "PLAINTIFFS" "YOU" or "YOUR" refers to Marciano Plata, other representatives of the class, any other members of the class, and their agents, representatives, attorneys and any person or entity acting, or purporting to act, on their behalf.  Interrogatories directed to "PLAINTIFFS" seek information and, where appropriate, identification of documents within the possession of any and all of these persons or entities.

2.    "DEFENDANTS" refers to Defendants in the Plata case.

3.    "PRISONER RELEASE ORDER" means "any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison" as set forth in the Prison Litigation Reform Act (PLRA) at 18 U.S.C. § 3626(g)(4).

4.    "PROCEEDINGS" mean the matters assigned to this three-judge court pursuant to the PLRA at 18 U.S.C. § 3626(a)(3)(B).

5.    "DOCUMENT" or "DOCUMENTS" is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence.  This term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies; analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting

DEF. TILTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)    1360759.1

1   minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions;

2   electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or

3   part of a document on which there appears any marking or deletion which does not appear on the

4   original or other copies thereof, together with all drafts or notes for the preparation of each

5   document. If the original of a document is not available or was not reviewed or received by a

6   particular PERSON, "DOCUMENT" includes any identical copy of the original. .

7         6.     "PERSON" means natural persons, corporations, partnerships, governments (or

8   governmental agencies), units of government, quasi-public entities, and all other forms of legal

9   entities.

10        7.     The term "identify," when used with respect to a person, means to state the

11  following: name of person or entity; telephone number; location of person or business and nature

12  of business. The term "identify," when used with respect to a document, means to state the

13  following, if available, for each document: the name(s) of the author(s) and the recipient(s); the

14  date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive

15  term); a description of the contents of the document; and its present or last known location and

16  custodian. If you claim that any such document was, but is no longer, in your possession or

17  subject to your control, state what disposition was made of such document and when.  Documents

18  to be identified shall include both documents in your possession, custody and control, and all

19  other documents of which you have knowledge.  To the extent that the answers to the preceding

20  questions are determinable by an examination of the document itself, you may respond by

21  supplying such document as part of your answers to these interrogatories so long as you identify

22  the interrogatory to which such document is responsive.

23        8.     "Refer" or "relate to" means constituting, representing, defining, depicting,

24  concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to

25  the subject matter of the request, directly or indirectly, in whole or in part.

26        9.     The terms "and," "or," and "and/or" should be construed disjunctively or

27  conjunctively as necessary to make the request inclusive rather than exclusive.

28
---
- 3 -

DEF. TILTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (CASE NOS. 90-00520
LKK JFM P AND 01-01351 TEH)

1360759.1

## INSTRUCTIONS

The preceding definitions apply to each interrogatory and are deemed incorporated in each of the following interrogatories and these instructions.

1.    In answering these interrogatories, quote each interrogatory before each answer.

2.    These interrogatories shall be deemed to be continuing interrogatories so as to require proper supplemental answers if further information is obtained or developed by you or your counsel after the time that you serve answers to these interrogatories.

3.    In answering these interrogatories, furnish all information available to you, including information in the possession of your employees, attorneys, or otherwise subject to your possession and/or control, and not merely information known of your own personal knowledge.

4.    If you cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, state whatever knowledge you have concerning the unanswered portion.

5.    If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object and, as to each part to which you do object, set forth the specific basis for you objection.

6.    If any information is within the scope of any interrogatory but is being withheld pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon which the information is being withheld, the nature of the information withheld, the author, date, recipients, and subject matter of any documents containing such information, and the identity of the person on whose behalf the privilege is asserted.

7.    Whenever the information requested by these interrogatories is contained in or may otherwise be derived or ascertained from a document: (a) identify the documents(s) from which the answer may be derived or ascertained and (b) produce the document(s) for inspection and copying or deliver a copy of the document(s) to Defendants' counsel at the time the answers hereto are served.

- 4 -

DEF. TILTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)    1360759.1

1    8.    Some of the following consist of a number of related parts. A complete and

2  separate answer is requested with respect to each such part with the same effect as if it were

3  stated as a separate interrogatory.

4                              **INTERROGATORIES**

5  **INTERROGATORY NO. 1:**

6    Do PLAINTIFFS contend that no other relief, other than a PRISONER RELEASE

7  ORDER, will remedy the failure of the Office of the Receiver to provide constitutionally

8  adequate medical care to PLAINTIFFS?

9  **INTERROGATORY NO. 2:**

10    State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory

11  number 1.

12  **INTERROGATORY NO. 3:**

13    Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to

14  interrogatory number 1.

15  **INTERROGATORY NO. 4:**

16    Do PLAINTIFFS contend that the plans of the Office of the Receiver, as set forth in the

17  Receiver's Quarterly Reports and Plan of Action dated May 2007, will fail to result in

18  DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?

19  **INTERROGATORY NO. 5:**

20    State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory

21  number 4.

22  **INTERROGATORY NO. 6:**

23    Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to

24  interrogatory number 4.

25  **INTERROGATORY NO. 7:**

26    Do PLAINTIFFS contend that a PRISONER RELEASE ORDER will not adversely affect

27  public safety?

28

- 5 -

1    <u>INTERROGATORY NO. 8:</u>

2         State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory

3    number 7.

4    <u>INTERROGATORY NO. 9:</u>

5         Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to

6    interrogatory number 7.

7    DATED:  October 2, 2007                          HANSON BRIDGETT MARCUS
                                                       VLAHOS & RUDY, LLP
8

9                                              By:_____

10                                                      PAUL B. MELLO
                                                     Attorneys for Defendants
11

12   DATED:  October 2, 2007                       EDMUND G. BROWN JR.
                                                Attorney General of the State of California
13

14                                             By:_____

15                                                    ROCHELLE C. EAST
                                                Supervising Deputy Attorney General
16                                                   Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28
                                           - 6 -
─────────────────────────────────────────────────────────────────────
DEF. TILTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (CASE NOS. 90-00520       1360759.1
LKK JFM P AND 01-01351 TEH)

# PROOF OF SERVICE BY MAIL

## Coleman v. Schwarzenegger - Case No 2:90- cv00520 LKK JFM P

## Plata v. Schwarzenegger - Case No. C01-1351 TEH

I, Hillary Plymate, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Coleman v. Schwarzenegger/Plata v. Schwarzenegger*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On October 3, 2007, I served a true and accurate copy of the document(s) entitled:

## DEFENDANT JAMES TILTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

| | |
|---|---|
| MARTIN J. MAYER<br>Jones & Mayer<br>3777 North Harbor Boulevard<br>Fullerton, CA 92835 | STEVEN S. KAUFHOLD<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94102 |
| RONALD YANK<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | ROD PACHECO<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 |
| ANN MILLER RAVEL<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 | STEVEN WOODSIDE<br>Office of County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| MICHAEL BIEN<br>Rosen Bien & Galvan, LLP<br>315 Montgomery St., 10th Fl.<br>San Francisco, CA 94104 | |

☒    (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

- 1 -

PROOF OF SERVICE

1361154.1

1

2
☐   (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

3

4
☐   (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practice for processing of documents via Telefax.

5
Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing

6
prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the

7
Telefax equipment, until a report is provided by that equipment indicating that the

8
Telefax operation was successful. A copy of the Telefax report indicating successful transmission is attached hereto.

9

10
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

11

12

13
Hillary Plymate

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PROOF OF SERVICE

1361154.1

1

## PROOF OF SERVICE BY PERSONAL DELIVERY

2

### Coleman v. Schwarzenegger - Case No 2:90- cv00520 LKK JFM P

3

### Plata v. Schwarzenegger - Case No. C01-1351 TEH

4

      I, the undersigned, declare that I am a resident of the State of California; I am over the age of 18 years and not a party to the above-entitled actions; that my business address is

5

Western Messenger Service, 75 Columbia Square, San Francisco, CA, San Francisco, CA 94105. On October 3, 2007, I served a true and accurate copy of the document(s) entitled:

6

7

**DEFENDANT JAMES TILTON'S FIRST SET OF
INTERROGATORIES TO PLAINTIFFS**

8

on the party(ies) in said action by delivering a true copy thereof to the person(s) indicated below.

9

      PRISON LAW OFFICE
      DONALD SPECTER

10

      2173 E. Francisco Boulevard, Suite M
      San Rafael, CA 94964

11

      Executed on October 3, 2007 at San Francisco, California. I declare under penalty

12

of perjury that the foregoing is true and correct.

13

14

15

16

17

ANITA BENNETT

18

Print Name

19

20

21

22

23

24

25

26

27

28

-1-

1361165.1

EXHIBIT B

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN – State Bar No. 126424
   Deputy Attorney General
6  SAMANTHA TAMA – State Bar No. 240280
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5708
   Facsimile: (415) 703-5843
9  rochelle.east@doj.ca.gov
   lisa.tillman@doj.ca.gov
10 samantha.tama@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

11  Attorneys for Defendants

12              UNITED STATES DISTRICT COURT

13        FOR THE EASTERN DISTRICT OF CALIFORNIA

14       AND THE NORTHERN DISTRICT OF CALIFORNIA

15  UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 17  RALPH COLEMAN, et al., | No.  2:90-cv-00520 LKK JFM P |
| 18              Plaintiffs, | **THREE-JUDGE COURT** |
| 19      v. | |
| 20  ARNOLD SCHWARZENEGGER, et al., | |
| 21              Defendants. | |
| 22  MARCIANO PLATA, et al., | No. C01-1351 TEH |
| 23              Plaintiffs, | **THREE-JUDGE COURT** |
| 24      v. | |
| 25  ARNOLD SCHWARZENEGGER, et al., | **DEFENDANT ARNOLD SCHWARZENEGGER'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |
| 26              Defendants. | |

27

28

- 1 -

1   PROPOUNDING PARTY:    Defendant Arnold Schwarzenegger

2   RESPONDING PARTIES:    Plaintiff Marciano et al. (Plaintiffs)

3   SET NUMBER:                    ONE

4          Per Rule 33 of the Federal Rules of Civil Procedure Defendant Arnold Schwarzenegger

5   (Defendant) submits the following First Set of Interrogatories to Plaintiffs Marciano Plata et al.

6   (Plaintiffs) to be answered separately and fully in writing, under oath, based upon all knowledge

7   reasonably available to them within thirty (30) days.

8                                    **DEFINITIONS**

9          1.    "PLAINTIFFS" "YOU" or "YOUR" refers to Marciano Plata, other

10  representatives of the class, any other member of the class, and their agents, representatives,

11  attorneys and any person or entity acting, or purporting to act, on their behalf.  Interrogatories

12  directed to "PLAINTIFFS" seek information and, where appropriate, identification of documents

13  within the possession of any and all of these persons or entities.

14         2.    "DEFENDANTS" refers to Defendants in the Plata case.

15         3.    "PRISONER RELEASE ORDER" means "any order, including a temporary

16  restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or

17  limiting the prison population, or that directs the release from or nonadmission of prisoners to a

18  prison" as set forth in the Prison Litigation Reform Act (PLRA) at 18 U.S.C. § 3626(g)(4).

19         4.    "PROCEEDINGS" mean the matters assigned to this three-judge court pursuant to

20  the PLRA at 18 U.S.C. § 3626(a)(3)(B).

21         5.    "DOCUMENT" or "DOCUMENTS" is intended to have the broadest possible

22  meaning and to include anything coming within the definition of "writings" and "recordings" as

23  set forth in Rule 1001(1) of the Federal Rules of Evidence.  This term refers to but is not limited

24  to the product of any method of recording information, whether by writing or otherwise,

25  including without limitation: any written, electronic, or computerized files, data or software;

26  memoranda; correspondence; communications; reports; summaries; studies; analyses;

27  evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or

28  diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting

- 2 -

1  minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions;

2  electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or

3  part of a document on which there appears any marking or deletion which does not appear on the

4  original or other copies thereof, together with all drafts or notes for the preparation of each

5  document. If the original of a document is not available or was not reviewed or received by a

6  particular PERSON, "DOCUMENT" includes any identical copy of the original.

7      6.     "PERSON" means natural persons, corporations, partnerships, governments (or

8  governmental agencies), units of government, quasi-public entities, and all other forms of legal

9  entities.

10      7.     The term "identify," when used with respect to a person, means to state the

11  following: name of person or entity; telephone number; location of person or business and nature

12  of business. The term "identify," when used with respect to a document, means to state the

13  following, if available, for each document: the name(s) of the author(s) and the recipient(s); the

14  date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive

15  term); a description of the contents of the document; and its present or last known location and

16  custodian. If you claim that any such document was, but is no longer, in your possession or

17  subject to your control, state what disposition was made of such document and when. Documents

18  to be identified shall include both documents in your possession, custody and control, and all

19  other documents of which you have knowledge. To the extent that the answers to the preceding

20  questions are determinable by an examination of the document itself, you may respond by

21  supplying such document as part of your answers to these interrogatories so long as you identify

22  the interrogatory to which such document is responsive.

23      8.     "Refer" or "relate to" means constituting, representing, defining, depicting,

24  concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to

25  the subject matter of the request, directly or indirectly, in whole or in part.

26      9.     The terms "and," "or," and "and/or" should be construed disjunctively or

27  conjunctively as necessary to make the request inclusive rather than exclusive.

28

- 3 -

## INSTRUCTIONS

The preceding definitions apply to each interrogatory and are deemed incorporated in each of the following interrogatories and these instructions.

1.    In answering these interrogatories, quote each interrogatory before each answer.

2.    These interrogatories shall be deemed to be continuing interrogatories so as to require proper supplemental answers if further information is obtained or developed by you or your counsel after the time that you serve answers to these interrogatories.

3.    In answering these interrogatories, furnish all information available to you, including information in the possession of your employees, attorneys, or otherwise subject to your possession and/or control, and not merely information known of your own personal knowledge.

4.    If you cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, state whatever knowledge you have concerning the unanswered portion.

5.    If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object and, as to each part to which you do object, set forth the specific basis for you objection.

6.    If any information is within the scope of any interrogatory but is being withheld pursuant to any claim of privilege, identify the relevant interrogatories, the grounds upon which the information is being withheld, the nature of the information withheld, the author, date, recipients, and subject matter of any documents containing such information, and the identity of the person on whose behalf the privilege is asserted.

7.    Whenever the information requested by these interrogatories is contained in or may otherwise be derived or ascertained from a document: (a) identify the documents(s) from which the answer may be derived or ascertained and (b) produce the document(s) for inspection and copying or deliver a copy of the document(s) to Defendants' counsel at the time the answers hereto are served.

- 4 -

8.  Some of the following consist of a number of related parts. A complete and separate answer is requested with respect to each such part with the same effect as if it were stated as a separate interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Do PLAINTIFFS seek a PRISONER RELEASE ORDER in this matter?

**INTERROGATORY NO. 2:**

If PLAINTIFFS' response to interrogatory number 1 is affirmative, describe with specificity the PRISONER RELEASE ORDER that PLAINTIFFS seek in this matter.

**INTERROGATORY NO. 3:**

Identify all DOCUMENTS that describe the PRISONER RELEASE ORDER that PLAINTIFFS seek in this matter.

**INTERROGATORY NO. 4:**

Do PLAINTIFFS contend that DEFENDANTS are failing, as of the date PLAINTIFFS' response, to provide constitutionally adequate medical care to PLAINTIFFS?

**INTERROGATORY NO. 5:**

If PLAINTIFFS' response to interrogatory number 4 is affirmative, state all facts that relate to YOUR contention that DEFENDANTS are failing to provide constitutionally adequate medical care to PLAINTIFFS.

**INTERROGATORY NO. 6:**

Identify all DOCUMENTS that relate to PLAINTIFFS' contention that DEFENDANTS are failing to provide constitutionally adequate medical care to PLAINTIFFS.

**INTERROGATORY NO. 7:**

Do PLAINTIFFS contend that a reduction in the California Department of Corrections and Rehabilitations' (CDCR's) adult inmate population will enable DEFENDANTS to provide constitutionally adequate medical care to PLAINTIFFS?

- 5 -

**INTERROGATORY NO. 8:**

If PLAINTIFFS' response to interrogatory number 7 is affirmative, state with specificity the amount of that population reduction.

**INTERROGATORY NO. 9:**

Identify all DOCUMENTS that describe or explain the reduction identified in response to interrogatory number 8.

**INTERROGATORY NO. 10:**

Do PLAINTIFFS contend that a reduction in the CDCR's adult inmate population will enable the Office of the Receiver to provide constitutionally adequate medical care to PLAINTIFFS?

**INTERROGATORY NO. 11:**

If PLAINTIFFS' response to interrogatory number 10 is affirmative, state with specificity the amount of that population reduction.

**INTERROGATORY NO. 12:**

Identity all DOCUMENTS that describe or explain the reduction identified in response to interrogatory number 11.

**INTERROGATORY NO. 13:**

State each and every policy that you contend DEFENDANTS must adopt to achieve the population reduction set forth in response to interrogatory numbers 8 and 11.

**INTERROGATORY NO. 14:**

Identify all DOCUMENTS that describe or explain the policies identified in response to interrogatory number 13.

**INTERROGATORY NO. 15:**

Do PLAINTIFFS contend that crowding is the primary cause of the failure of DEFENDANTS to provide constitutionally adequate medical care to PLAINTIFFS?

**INTERROGATORY NO. 16:**

State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory number 15.

- 6 -

**INTERROGATORY NO. 17:**

Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to interrogatory number 15.

**INTERROGATORY NO. 18:**

Do PLAINTIFFS contend that crowding is the primary cause of the failure of the Office of the Receiver to provide constitutionally adequate medical care to PLAINTIFFS?

**INTERROGATORY NO. 19:**

State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory number 18.

**INTERROGATORY NO. 20:**

Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to interrogatory number 18.

**INTERROGATORY NO. 21:**

Do PLAINTIFFS contend that no other relief, other than a PRISONER RELEASE ORDER, will remedy the failure of DEFENDANTS to provide constitutionally adequate medical care to PLAINTIFFS?

**INTERROGATORY NO. 22:**

State all facts that relate to PLAINTIFFS' contention set forth in response to interrogatory number 21.

**INTERROGATORY NO. 23:**

Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response to interrogatory number 21.

- 7 -

1    DATED: October 2, 2007                    HANSON BRIDGETT MARCUS
                                                   VLAHOS & RUDY, LLP
2

3                                             By: _____
4                                                    PAUL B. MELLO
                                                   Attorneys for Defendants
5

6    DATED: October 2, 2007                    EDMUND G. BROWN JR.
                                               Attorney General of the State of California
7

8                                             By: _____
9                                                    ROCHELLE C. EAST
                                               Supervising Deputy Attorney General
10                                                 Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              - 8 -

DEF. SCHWARZENEGGER'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (CASE          1358491.4
NOS. 90-00520 LKK JFM P AND 01-01351 TEH)

**PROOF OF SERVICE BY MAIL**

**Coleman v. Schwarzenegger - Case No 2:90- cv00520 LKK JFM P**

**Plata v. Schwarzenegger - Case No. C01-1351 TEH**

I, Hillary Plymate, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Coleman v. Schwarzenegger/Plata v. Schwarzenegger*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On October 3, 2007, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT ARNOLD SCHWARZENEGGER'S FIRST
SET OF INTERROGATORIES TO PLAINTIFF**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

| | |
|---|---|
| MARTIN J. MAYER<br>Jones & Mayer<br>3777 North Harbor Boulevard<br>Fullerton, CA 92835 | STEVEN S. KAUFHOLD<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94102 |
| RONALD YANK<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | ROD PACHECO<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 |
| ANN MILLER RAVEL<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 | STEVEN WOODSIDE<br>Office of County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| MICHAEL BIEN<br>Rosen Bien & Galvan, LLP<br>315 Montgomery St., 10th Fl.<br>San Francisco, CA 94104 | |

☒    (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

- 1 -

PROOF OF SERVICE

1361154.1

1    ☐   (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited

2       each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

3

4    ☐   (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practice for processing of documents via Telefax.

5       Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing

6       prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the

7       Telefax equipment, until a report is provided by that equipment indicating that the

8       Telefax operation was successful. A copy of the Telefax report indicating successful transmission is attached hereto.

9

10       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

11

12

13       Hillary Plymate

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

PROOF OF SERVICE

1361154.1

## PROOF OF SERVICE BY PERSONAL DELIVERY

### Coleman v. Schwarzenegger - Case No 2:90- cv00520 LKK JFM P

### Plata v. Schwarzenegger - Case No. C01-1351 TEH

I, the undersigned, declare that I am a resident of the State of California; I am over the age of 18 years and not a party to the above-entitled actions; that my business address is Western Messenger Service, 75 Columbia Square, San Francisco, CA, San Francisco, CA 94105. On October 3, 2007, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT ARNOLD SCHWARZENNEGER'S FIRST
SET OF INTERROGATORIES TO PLAINTIFFS**

on the party(ies) in said action by delivering a true copy thereof to the person(s) indicated below.

PRISON LAW OFFICE
DONALD SPECTER
2173 E. Francisco Boulevard, Suite M
San Rafael, CA 94964

Executed on October 3, 2007 at San Francisco, California. I declare under penalty of perjury that the foregoing is true and correct.

_Anita Bennett_
Print Name

- 1 -

PROOF OF SERVICE

1361165.1

EXHIBIT C

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Supervising Deputy Attorney General
5  LISA A. TILLMAN -- State Bar No. 126424
   Deputy Attorney General
6  SAMANTHA TAMA – State Bar No. 240280
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5708
   Facsimile: (415) 703-5843
9  rochelle.east@doj.ca.gov
   lisa.tillman@doj.ca.gov
10 samantha.tama@doj.ca.gov

   HANSON BRIDGETT MARCUS
   VLAHOS & RUDY, LLP
   JERROLD C. SCHAEFFER - 39374
   PAUL B. MELLO - 179755
   425 Market Street, 26th Floor
   San Francisco, CA 94105
   Telephone:    (415) 777-3200
   Facsimile:    (415) 541-9366
   jschaefer@hansonbridgett.com
   pmello@hansonbridgett.com

11  Attorneys for Defendants

12              UNITED STATES DISTRICT COURT

13        FOR THE EASTERN DISTRICT OF CALIFORNIA

14      AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17

18  RALPH COLEMAN, et al.,                    No. No. 2:90-cv-00520 LKK JFM P

19           Plaintiff,                       **THREE-JUDGE COURT**

20       v.

21  ARNOLD SCHWARZENEGGER, et al.,

22           Defendant.

23  MARCIANO PLATA, et al.                    No. C01-1351 TEH

24           Plaintiffs,                      **THREE-JUDGE COURT**

25       v.                                   **DEFENDANT ARNOLD
                                              SCHWARZENEGGER'S FIRST REQUEST**
26  ARNOLD SCHWARZENEGGER, et al.,            **FOR PRODUCTION OF DOCUMENTS TO
                                              PLAINTIFFS**
27           Defendants.

28
                                    - 1 -

1  **PROPOUNDING PARTY**: Defendant Arnold Schwarzenegger

2  **RESPONDING PARTIES**: Plaintiff Marciano Plata et al. (Plaintiffs)

3  **SET NUMBER**:       One

4  TO PLAINTIFF MARCIANO PLATA AND HIS ATTORNEYS OF RECORD HEREIN:

5         Defendant Arnold Schwarzenegger ("Defendant"), pursuant to Rule 34 of the Federal

6  Rules of Civil Procedure, hereby requests that Plaintiff Marciano Plata et al (Plaintiffs) produce

7  and permit inspection and copying of the documents described below.  The place of inspection

8  shall be the law offices of Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP, 425 Market Street,

9  26th Floor, San Francisco, California 94105 within (30) days of service of this Request.  In lieu

10  thereof, legible and complete copies of the requested documents may be produced earlier by mail

11  transmission to Defendant's attorneys.

12                              **DEFINITIONS**

13         1.       "PLAINTIFFS" "YOU" or "YOUR" refers to Marciano Plata, other

14  representatives of the class, any other members of the class, and their agents, representatives,

15  attorneys and any person or entity acting, or purporting to act, on their behalf.

16         2.       "DEFENDANTS" refers to Defendants in the Plata case.

17         3.       "PRISONER RELEASE ORDER" means "any order, including a temporary

18  restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or

19  limiting the prison population, or that directs the release from or nonadmission of prisoners to a

20  prison" as set forth in the Prison Litigation Reform Act (PLRA) at 18 U.S.C. § 3626(g)(4).

21         4.       "DOCUMENT" or "DOCUMENTS" is intended to have the broadest possible

22  meaning and to include anything coming within the definition of "writings" and "recordings" as

23  set forth in Rule 1001(1) of the Federal Rules of Evidence.  This term refers to but is not limited

24  to the product of any method of recording information, whether by writing or otherwise,

25  including without limitation: any written, electronic, or computerized files, data or software;

26  memoranda; correspondence; communications; reports; summaries; studies; analyses;

27  evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or

28  diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting

1    minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions;

2    electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or

3    part of a document on which there appears any marking or deletion which does not appear on the

4    original or other copies thereof, together with all drafts or notes for the preparation of each

5    document. If the original of a document is not available or was not reviewed or received by a

6    particular PERSON, "DOCUMENT" includes any identical copy of the original. .

7       5.     "PERSON" means natural persons, corporations, partnerships, governments (or

8    governmental agencies), units of government, quasi-public entities, and all other forms of legal

9    entities.

10      6.     The term "identified" means any DOCUMENT or DOCUMENTS produced,

11    listed, or otherwise described by Plaintiffs in response to Defendant Arnold Schwarzenegger's

12    First Set of Interrogatories to Plaintiffs.

13      7.     "Refer" or "relate to" means constituting, representing, defining, depicting,

14    concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to

15    the subject matter of the request, directly or indirectly, in whole or in part.

16      8.     The terms "and," "or," and "and/or" should be construed disjunctively or

17    conjunctively as necessary to make the request inclusive rather than exclusive.

18                               **INSTRUCTIONS**

19      The preceding definitions apply to each request and are deemed incorporated in each of

20    the following requests and these instructions.

21      1.     The following Requests require the production of all responsive documents within

22    the sole or joint possession, custody, or control of Plaintiffs. Plaintiffs shall furnish all documents

23    that are available, including documents in the possession of their attorneys, investigators, agents,

24    representatives, and all persons acting on their behalves, or otherwise subject to their control, and

25    not merely such documents as are in their possession. If after exercising due diligence, Plaintiffs

26    cannot produce any portion of the documents requested, they must produce all other documents

27    and further respond to the extent possible by (a) specifying and explaining their inability to satisfy

28

DEF. SCHWARZENEGGER'S FIRST SET OF REQ. FOR PROD. OF DOCS.
(CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)           1360435 2

1  fully the request, and (b) stating whatever information or knowledge they have with respect to

2  each unproduced document.

3        2.     The following Requests shall be deemed to be continuing requests so as to require

4  proper supplemental responses for any and all responsive documents that come into Plaintiffs sole

5  or joint possession, custody, or control after the service of any initial responses.

6        3.     The following Requests require production of preliminary drafts, revisions, and/or

7  copies of any such document if the copy is in any way different form the origination.

8        4.     The following Requests require the production of all transmittal sheets, cover

9  letters, exhibits, enclosures and attachments to documents, in addition to the documents

10  themselves.

11       5.     In compliance with Federal Rule of Civil Procedure 34(b), all responsive

12  documents are required to be produced either: (a) as they are kept in the usual course of business

13  (together with copies of any file labels or binder covers for the files or binders in which they are

14  maintained); or (b) organized an labeled to correspond with the categories of the Requests to

15  which they respond.

16       6.     If any responsive document is maintained in a computer-readable form, the

17  document shall be produced:  (a) in hard copy form, in a format generally used in the ordinary

18  course of business; and (b) on disk, tape, or other form of computer storage, with instructions

19  necessary to convert the information into reasonably usable form (including the name and version

20  number of the program used to create or read the data).

21       7.     In construing the following Requests, the singular shall include the plural and the

22  plural shall include the singular.  A masculine, feminine or neutral pronoun shall not exclude the

23  other genders, so that the interpretation applied results in the more expansive production.  The

24  terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be

25  construed to limit the documents or information sought in any manner.

26       8.     If any Request demands production of documents that have been lost, discarded, or

27  destroyed, identify such documents as completely as possible.  Such identification shall include,

28  but is not limited to, a description of the subject matter of the document, the author of the

- 4 -

1   document, the date of the document's creation, the date of disposal, manner of disposal, reason

2   for disposal, person authorizing the disposal and person disposing of the document.

3       9.    For any responsive document or portion thereof that is either redacted or withheld,

4   in whole or in part, on the basis of any assertion of privilege or other asserted exemption from

5   discovery, furnish a list identifying each document, or portion thereof, not produced for this

6   reason, together with the following information: (a) the title or identity of the document; (b) the

7   date of the document; (c) the type or nature of the document; (d) the identity, title, or

8   responsibilities, and relationship to Plaintiffs of all persons who either prepared or received the

9   document; (e) the number of pages and attachments; (e) the type and nature of the privilege or

10  exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail

11  to explain the basis for the privilege or exemption asserted (see Fed. R. Civ. P. 26(b)(5)). For any

12  responsive document or portion thereof that may not property be redacted or withheld in its

13  entirety, produce each and every portion thereof to which the claimed privilege or exemption does

14  not apply and specify, on the face of each such page or portion, the fact and reason for the

15  redaction or withholding.

16  **DOCUMENTS TO BE PRODUCED**

17  **REQUEST FOR PRODUCTION NO. 1:**

18      Any and all DOCUMENTS that YOU identified in response to interrogatory no. 3 of

19  Defendant Arnold Schwarzenegger's First Set of Interrogatories to Plaintiffs.

20  **REQUEST FOR PRODUCTION NO. 2:**

21      Any and all DOCUMENTS that YOU identified in response to interrogatory no. 6 of

22  Defendant Arnold Schwarzenegger's First Set of Interrogatories to Plaintiffs.

23  **REQUEST FOR PRODUCTION NO. 3:**

24      Any and all DOCUMENTS that YOU identified in response to interrogatory no. 9 of

25  Defendant Arnold Schwarzenegger's First Set of Interrogatories to Plaintiffs.

26  **REQUEST FOR PRODUCTION NO. 4:**

27      Any and all DOCUMENTS that YOU identified in response to interrogatory no. 12 of

28  Defendant Arnold Schwarzenegger's First Set of Interrogatories to Plaintiffs.

1 | DATED: October 2, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By: _____
PAUL B. MELLO
Attorneys for Defendants

DATED: October 2, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

By: _____
ROCHELLE C. EAST
Supervising Deputy Attorney General
Attorneys for Defendants

- 7 -

DEF. SCHWARZENEGGER'S FIRST SET OF REQ. FOR PROD. OF DOCS.
(CASE NOS. 90-00520 LKK JFM P AND 01-01351 TEH)

1360435.2

## PROOF OF SERVICE BY MAIL

### Coleman v. Schwarzenegger - Case No 2:90- cv00520 LKK JFM P

### Plata v. Schwarzenegger - Case No. C01-1351 TEH

I, Hillary Plymate, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Coleman v. Schwarzenegger/Plata v. Schwarzenegger*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On October 3, 2007, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT ARNOLD SCHWARZENEGGER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

| | |
|---|---|
| MARTIN J. MAYER<br>Jones & Mayer<br>3777 North Harbor Boulevard<br>Fullerton, CA 92835 | STEVEN S. KAUFHOLD<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA 94102 |
| RONALD YANK<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA 94104 | ROD PACHECO<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 |
| ANN MILLER RAVEL<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA 95110 | STEVEN WOODSIDE<br>Office of County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| MICHAEL BIEN<br>Rosen Bien & Galvan, LLP<br>315 Montgomery St., 10th Fl.<br>San Francisco, CA 94104 | |

[X]   (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

- 1 -

1361154.1

1  ☐  (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited
2     each sealed envelope, with the postage prepaid, to be delivered via _____ to
      the party(ies) so designated on the service list.
3
4  ☐  (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.) I am readily
      familiar with (firm name)'s practice for processing of documents via Telefax.
5     Following these ordinary business practices, I directed that the above referenced
      documents(s) be placed in the Telefax machine, with all costs of Telefaxing
6     prepaid, directed to each of the party(ies) listed on the attached service list using
      the last Telefax numbers(s) given by the party(ies), and processed through the
7     Telefax equipment, until a report is provided by that equipment indicating that the
      Telefax operation was successful. A copy of the Telefax report indicating
8     successful transmission is attached hereto.
9
10        I declare that I am employed in the office of a member of the bar of this court at
   whose direction the service was made.
11
12
13                    Hillary Plymale
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE                                                    1361154.1

1                 **PROOF OF SERVICE BY PERSONAL DELIVERY**

2        **Coleman v. Schwarzenegger - Case No 2:90- cv00520 LKK JFM P**

3           **Plata v. Schwarzenegger - Case No. C01-1351 TEH**

4          I, the undersigned, declare that I am a resident of the State of California; I am over the age of 18 years and not a party to the above-entitled actions; that my business address is

5 Western Messenger Service, 75 Columbia Square, San Francisco, CA, San Francisco, CA 94105. On October 3, 2007, I served a true and accurate copy of the document(s) entitled:

6

7 **DEFENDANT ARNOLD SCHWARZENNEGER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

8 on the party(ies) in said action by delivering a true copy thereof to the person(s) indicated below.

9

10 PRISON LAW OFFICE
DONALD SPECTER
2173 E. Francisco Boulevard, Suite M

11 San Rafael, CA 94964

12          Executed on October 3, 2007 at San Francisco, California. I declare under penalty of perjury that the foregoing is true and correct.

13

14

15

16

17

18 Print Name

19

20

21

22

23

24

25

26

27

28

- 1 -

EXHIBIT D

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD MARTIN  Bar No.:
209499
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA ,et al., | No. C01-1351 THE |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | **PLATA PLAINTIFFS'** |
| ARNOLD SCHWARZENEGGER, et al., | **SUPPLEMENTAL RESPONSE TO** |
| vs. | **DEFENDANT TILTON'S FIRST SET OF** |
| Defendants | **INTERROGATORIES** |

**PROPOUNDING PARTIES:**    DEFENDANT TILTON

**RESPONDING PARTIES:**    PLAINTIFF MARCIANO PLATA ET.AL.

**SET NUMBER:**    ONE

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs Marciano Plata et al. ("Plaintiffs") submit the following supplemental responses to Defendant Tilton's First Set of Interrogatories to Plaintiff Plata:

<u>Preliminary Statement and General Objections</u>

1.    Plaintiffs have not completed their investigation of the facts relating to this case, have not completed their discovery in this action and have not completed their preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only plaintiffs' current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Plaintiffs reserve the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, plaintiff reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information plaintiff does not regard as coming within the scope of the interrogatories as plaintiff understands them.

2.    These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3.    Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. Plaintiffs' answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of plaintiffs' answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection she might make to that form interrogatory, or an admission that such answer or objection

1  constitutes admissible evidence.   Plaintiffs assert these objections without waiving or

2  intending to waive any objections as to competency, relevancy, materiality or privilege.

3      4.      To the extent Plaintiffs respond to these interrogatories, their responses will not

4  include information protected by the right of privacy.  All objections on the grounds of

5  constitutional and common law privacy rights are expressly preserved.

6      5.      Plaintiffs object to each and every Interrogatory to the extent that Defendants are

7  requesting information that is privileged or protected from production pursuant to the attorney-

8  client privilege, the work product doctrine, the right to privacy, or any other applicable

9  privilege or doctrine.  Plaintiffs object to the definition of "PLAINTIFFS" which specifically

10 includes "attorneys" and therefore by definition seeks information in violation of the attorney-

11 client privilege and the work product doctrine.

12     6.      Plaintiffs object to each and every Interrogatory to the extent that Defendants are

13 requesting information that is neither relevant to the subject matter of this action nor

14 reasonably calculated to lead to the discovery of admissible evidence.

15     7.      Plaintiffs object to the Interrogatories to the extent that they seek information

16 available to Defendants through public sources or records, and on the grounds that they subject

17 Plaintiffs to unreasonable and undue annoyance, oppression, burden and expense.  Plaintiffs

18 further object to the Requests to the extent that such Requests are unduly burdensome because

19 much or all of the information requested in the Interrogatories is in the possession of

20 Defendants, has been filed with Court, or is otherwise equally or more available to Defendants

21 than to Plaintiffs.

22     8.      Plaintiffs object to the Interrogatories to the extent that they are vague and

23 ambiguous and do not include adequate definition, specificity, or limiting factors.

24     9.      Plaintiffs object generally to each interrogatory that involves an opinion or

25 contention that relates to fact or the application of law to fact upon the ground that such

26 interrogatories are premature and inappropriate until after discovery has been completed.

27 Plaintiffs moreover object to interrogatories requesting "each and every" fact or piece of

28

1  evidence on a particular topic, as such contention interrogatories are especially inappropriate at
2  this early stage in the discovery process.
3      10.    Plaintiffs object to the Instructions provided by Defendants insofar as they
4  specifically call for information protected by the attorney-client privilege and work-product
5  doctrine, such as requiring Plaintiffs to "furnish all information available to you, including
6  information in the possession of your . . . attorneys . . ." and asking for information that is
7  "obtained or developed by you or your counsel."
8      Subject to and without waiving the foregoing objections, and incorporating them by
9  reference into each of the responses provided below, plaintiff hereby responds as follows:
10  **INTERROGATORY NO.3:**
11      Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response
12  to interrogatory number 1.
13  **RESPONSE TO INTERROGATORY NO. 3:**
14      In addition to the General Objections stated above, Plaintiffs object to this interrogatory
15  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks
16  information not relevant to this litigation nor reasonably calculated to lead to the discovery of
17  admissible evidence. It is vague and ambiguous to the extent that it suggests that the failure to
18  provide constitutionally adequate medical care to Plaintiffs is the sole responsibility of the
19  Office of the Receiver. Plaintiffs also object to the extent that it would require disclosure of
20  information protected by the attorney-client privilege, work-product doctrine, or any other
21  applicable privilege. Plaintiffs further object no the grounds that this interrogatory is
22  premature: Discovery is still on going, Defendants have still not produced all documents
23  requested and depositions have not yet been taken. This premature discovery will result in
24  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.
25      Without waiving and subject to its objections, Plaintiffs respond as follows: Governor
26  Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;
27  Publicly available articles and photographs; CDCR's Inmate Population, Rehabilitation, and
28  Housing Management Plan; Relevant portions of the Record Transcript from the October 5,

1   2006 Hearing in *Madrid v. Tilton*, Case No. 90-3094 TEH: Findings of Fact and Conclusions

2   of Law Re Appointment of Receiver, entered October 3, 2005; Corrections Independent

3   Review Panel, "Reforming Corrections," June 2004, Chapter 7, Inmate/Parolee Population

4   Management; CDCR Population Statistics, dated November 1, 2006; Relevant portions of the

5   Record Transcript from the April 26 and 27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-

6   0520 LKK; Memorandum written by John Dovey, entitled "Memorandum Re: Modification to

7   Correctional Operations Due to Compelling Operational Need," dated October 25, 2006; Dr.

8   Peter Farber-Szekrenyi's Letter to Robert Sillen and J. Michael Keating, Jr., dated September

9   1, 2006; Governor Schwarzenegger's Proclamation to convene a special session of the

10  Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James Tilton on the

11  Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1, 2006;

12  Office of the Inspector General, "Accountability Audit, Review of the Audits of the California

13  Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-

14  2004," April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring

15  2007 Adult Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate,

16  Injunction and Declaratory Relief, *California Correctional Peace Officers' Association v.*

17  *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate

18  Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of April 12, 2007; Draft

19  Seventeenth Monitoring Report on the Defendants' Compliance with Provisionally Approved

20  Plans, Policies, and Protocols, issued by the Special Master on or about May 4, 2007, in

21  *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK; Senate Budget and Fiscal Review

22  Committee Subcommittee No. 4, Agenda of May 9, 2007; Dr. Joan Petersilia, "Understanding

23  California Corrections, "May 29, 2007; Declaration of Scott Kernan in Opposition to Writ of

24  Mandate, *California Correctional Peace Officers' Organization v. Schwarzenegger*, No.

25  06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata Defendants' Report in

26  Response to the Court's February 15, 2007 Order, May 16, 2007; California State Sheriffs'

27  Association, "Do the Crime, Do the Time? Maybe Not, in California: Jail Cell Shortage is

28  Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to

-4-

1 | Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office

2 | of the Receiver; any additional documents referenced in our expert report due on November 9,

3 | 2007; pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*

4 | *Schwarzenegger.*

5 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

6 | Incorporating all objections and General Objections stated above, Plaintiff responds as

7 | follows: All documents. articles and photographs referenced in *Coleman* and *Plata* Plaintiffs'

8 | expert reports filed on November 9, 2007:  (1) Report of Jeanne Woodford; (2) Report of

9 | Doyle Wayne Scott; (3) Report of Ronald Shansky; (4) Report of James Austin; (5) Report of

10 | Pablo Stewart; (6) Report of Craig Haney; photographs from the CDCR website,

11 | www.cdcr.ca.gov.

12 | **INTERROGATORY NO. 4:**

13 | Do PLAINTIFFS contend that the plans of the Office of the Receiver, as set forth in the

14 | Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail to result in

15 | DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?

16 | **RESPONSE TO INTERROGATORY NO. 4:**

17 | In addition to the General Objections stated above, Plaintiffs object to this interrogatory

18 | on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

19 | information not relevant to this litigation nor reasonably calculated to lead to the discovery of

20 | admissible evidence.  Further, Plaintiffs object to the term "constitutionally adequate" as vague

21 | and ambiguous.  Plaintiffs also object to the extent that it would require disclosure of

22 | information protected by the attorney-client privilege, work-product doctrine, or any other

23 | applicable privilege.

24 | Without waiving and subject to its objections, plaintiff responds that this interrogatory

25 | is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It

26 | asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in

27 | Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a

28 | time period.  Further, it asks whether Plaintiffs contend that a broad plan which is "subject to

1  revision...as it is developed" and which merely sets forth an "overall direction", "articulates

2  high level steps" and requires that "a number of time-phased inter-related remedial programs"

3  be instituted", see plan at page 3, will fail to result in Defendants providing constitutionally

4  adequate care to Plaintiffs.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.4**

6      Incorporating all objections and General Objections stated above, Plaintiff responds as

7  follows:  Plaintiffs do contend that the preliminary plans set forth in the Receiver's Quarterly

8  Reports filed on June 20, 2007 (5th Quarterly Report) and September 25, 2005 (6th Quarterly

9  Report) (the "Quarterly Reports") and Plan of Action dated May 2007 will fail to result in

10 Defendants providing constitutionally adequate medical care to Plaintiffs .

11 **INTERROGATORY NO.5**

12     State all facts that relate to PLAINTIFFS' contention set forth in response to

13 interrogatory number 4.

14 **RESPONSE TO INTERROGATORY NO. 5:**

15     In addition to the General Objections stated above, Plaintiffs object to this interrogatory

16 on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

17 information not relevant to this litigation nor reasonably calculated to lead to the discovery of

18 admissible evidence.  Further, Plaintiffs object to the term "constitutionally adequate" as vague

19 and ambiguous.  Plaintiffs also object to the extent that it would require disclosure of

20 information protected by the attorney-client privilege, work-product doctrine, or any other

21 applicable privilege.  Plaintiffs further object on the grounds that this interrogatory is

22 premature: Discovery is still on going, Defendants have still not produced all documents

23 requested and depositions have not yet been taken.  This premature discovery will result in

24 piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

25     Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

26 is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It

27 asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in

28 Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a

-6-

1  time period. Further, it is unintelligibly vague, ambiguous and overboard in that it asks

2  whether Plaintiffs contend that a broad plan which is "subject to revision…as it is developed"

3  and which merely sets forth an "overall direction", "articulates high level steps" and requires

4  that "a number of time-phased inter-related remedial programs" be instituted", see plan at page

5  3, will fail to result in Defendants providing constitutionally adequate care to Plaintiffs.

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

7      Incorporating all objections and General Objections stated above, Plaintiff responds as

8  follows: All facts referenced in *Coleman* and *Plata* Plaintiffs' expert reports filed on

9  November 9, 2007: (1) Report of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3)

10  Report of Ronald Shansky; (4) Report of James Austin; (5) Report of Pablo Stewart; (6) Report

11  of Craig Haney; all facts referenced in Plaintiffs' Response to Receiver's Plan of Action, filed

12  June 29, 2007 in this action.

13  **INTERROGATORY NO. 6:**

14      Identify all DOCUMENTS  that relate to PLAINTIFFS' contention set forth in response

15  to interrogatory number 4.

16  **RESPONSE TO INTERROGATORY NO. 6:**

17      In addition to the General Objections stated above, Plaintiffs object to this interrogatory

18  on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

19  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

20  admissible evidence. Plaintiffs object to the term "constitutionally adequate" as vague and

21  ambiguous. Plaintiffs also object to the extent that it would require disclosure of information

22  protected by the attorney-client privilege, work-product doctrine, or any other applicable

23  privilege. Plaintiffs further object on the grounds that this interrogatory is premature:

24  Discovery is still on going, Defendants have still not produced all documents requested and

25  depositions have not yet been taken. This premature discovery will result in piecemeal

26  disclosure of information thereby imposing an undue burden on Plaintiffs

27      Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

28  is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It

1  asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in

2  Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a

3  time period. Further, it is unintelligibly vague, ambiguous and overbroad in that it asks

4  whether Plaintiffs contend that a broad plan which is "subject to revision…as it is developed"

5  and which merely sets forth an "overall direction", "articulates high level steps" and requires

6  that "a number of time-phased inter-related remedial programs" be instituted", see plan at page

7  3, will fail to result in Defendants providing constitutionally adequate care to Plaintiffs.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

9      Incorporating all objections and General Objections stated above, Plaintiff responds as

10  follows: *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007: (1) Report

11  of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky; (4)

12  Report of James Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney; all

13  documents, articles and photographs referenced therein; the Receiver's Report re

14  Overcrowding, filed on May 15, 2007 in this action; Plaintiffs' Response to Receiver's Plan of

15  Action, filed June 29, 2007 in this action; Receiver's Quarterly Reports filed on June 20, 2007

16  (5th Quarterly) and September 25, 2005 (6th quarterly report) and Plan of Action dated May

17  2007.

18

19                                                     **VERIFICATION**

20      As per the agreement with Defendants' counsel, a verification of these supplemental

21  interrogatory responses is forthcoming.

22

23        Submitted November 14, 2007

24                                        Vibeke Norgaard Martin
                                      Attorneys for Plaintiffs

25

26

27

28

DECLARATION OF SERVICE BY MAIL

Case Name: Coleman v. Schwarzenegger
United States District Court
Eastern District of California          No. CIV S-90-0520 LKK JFM P

Plata v. Schwarzenegger
United States District Court
Northern District of California          No. C-01-1351 T.E.H.

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin. California 94964.

On November 14, 2007 I served the attached

**PLATA PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANT TILTON'S FIRST SET OF INTERROGATORIES**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

Rochelle East, DAG
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

STEVEN S. KAUFHOLD
Akin Gump Straus Hauer & Feld LLP
580 California St., 15th Floor
San Francisco, CA 94104-1036

ROD PACHECO
Office of the District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

ANN MILLER RAVEL
Office of the County Counsel
County of Santa Clara
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

California Sherriff, Probation, Police Chief
Martin J. Mayer
Jones & Mayer
3777 North Harbor Blvd.
Fullerton, CA 92835

RONALD YANK
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

BENJAMIN C. SYBESMA
California Correctional Peace Officers'
Association Legal Department
755 Riverpoint Drive, Suite 200
W. Sacramento, CA 95605

STEVEN WOODSIDE
Office of the County Counsel
County of Sonoma
575 Administration Dr., Room 105A
Santa Rosa, CA 95403

1   STEPHEN SHANE STARK                    DENNIS BUNTING
    Office of the County Counsel           Office of the County Counsel
2   County of Santa Barbara                County of Solano
    105 E. Anapamu Street, Room 201        675 Texas Street, Suite 6600
3   Santa Barbara, CA 93101                Fairfield, CA 94533

4   MICHAEL MURPHY                         SILVANO B. MARCHESI
    Office of the County Counsel           Office of the County Counsel
5   County of San Mateo                    County of Contra Costa
    Hall of Justice and Records            651 Pine Street, 9th Floor
6   400 County Center, 6th Floor           Martinez, CA 94553
    Redwood City, CA 94063
7
    Paul B. Mello                          Charles Antonen, DAG
8   Hanson and Bridgett Marcus Vlahos      Office of the Attorney General
    & Rudy                                 455 Golden Gate, Suite 11000
9   333 Market Street, 21st Floor          San Francisco, CA 94102-3664
    San Jose, CA 95110
10
    I declare under penalty of perjury under the laws of the State of California that the
11  foregoing is true and correct, and that this declaration was executed at San Rafael,
    California on November 14, 2007.
12
13                                    _____
                                          Ashley Fewell
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

1 | PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
2 | ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD MARTIN  Bar No.:
3 | 209499
General Delivery
4 | San Quentin. California  94964
Telephone: (415) 457-9144
5

6 | ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
7 | JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
8 | SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
9 | San Francisco, California  94104
Telephone: (415) 433-6830

10

11 | THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
12 | CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
13 | 600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

14

15 | Attorneys for Plaintiffs

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| 19  RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| 20        Plaintiffs, | **THREE-JUDGE COURT** |
| 21        vs. | |
| 22  ARNOLD SCHWARZENEGGER, et al., | |
| 23        Defendants | |
| 24  MARCIANO PLATA ,et al., | No. C01-1351 THE |
| 25        Plaintiffs, | **THREE-JUDGE COURT** |
| 26        vs. | **PLATA PLAINTIFFS'** |
| 27  ARNOLD SCHWARZENEGGER, et al., | **SUPPLEMENTAL RESPONSE TO DEFENDANT SCHWARZENEGGER'S FIRST REQUEST FOR PRODUCTION** |
| 28        vs.   Defendants | **OF DOCUMENTS** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | DEFENDANT SCHWARZENEGGER |
| **RESPONDING PARTIES:** | PLAINTIFF MARCIANO PLATA ET.AL. |
| **SET NUMBER:** | ONE |

Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Marciano Plata et al. ("Plaintiffs") submit the following supplemental responses to Defendant Schwarzenegger's First Request for Production of Documents to Plaintiffs.

## PRELIMINARY STATEMENT

Plaintiffs have not completed its investigation or discovery in this action. All responses to the following requests and any documents identified in those responses by Plaintiffs herein are based upon the information disclosed during preliminary investigation as of the date of these responses. Discovery is still ongoing, Defendants have still not produced all documents requested and depositions have not yet been taken. In the event that Plaintiffs discover or become aware of other information or documents, after further investigation or discovery, they reserve the right to use such information and documents in prosecution of this action. By this reservation, however, Plaintiffs do not assume any continuing responsibility to update their responses that would exceed the requirements of the Federal Rules of Civil Procedure, and Plaintiffs object to these requests to the extent they seek to impose any such responsibility.

## REQUEST FOR PRODUCTION NO. 10:

Any and all DOCUMENTS that YOU identified in response to interrogatory no. 6 of Defendant James Tilton's First Set of Interrogatories to Plaintiffs.

## RESPONSE TO PRODUCTION NO. 10:

Plaintiffs object to this request on the grounds that its defined terms render it vague and ambiguous. Plaintiffs further object to this request to the extent that it is overbroad both in time and scope, and as a consequence, unduly burdensome and harassing; to the extent that it seeks documents that are not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence; to the extent that it seeks information that is in the possession, custody or control of Defendant; and to the extent that it would require disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any

other applicable privilege. Plaintiffs further object on the grounds that this request is premature: Discovery is still ongoing, Defendants have still not produced all documents requested and depositions have not yet been taken. This premature discovery will result in piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs respond that interrogatory no. 6 of Defendant James Tilton's First Set of Interrogatories to Plaintiffs is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a time period. Further, it is unintelligibly vague ambiguous and over broad in that asks whether Plaintiffs contend that a broad plan which is "subject to revision…as it is developed" and which merely sets forth an "overall direction", "articulates high level steps" and requires that "a number of time-phased inter-related remedial programs" be instituted", see plan at page 3, will fail to result in Defendants providing constitutionally adequate care to Plaintiffs. Therefore no documents were identified in response to interrogatory no. 6 of Defendant James Tilton's First Set of Interrogatories.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Incorporating all objections and General Objections stated above, Plaintiff responds that all documents identified are equally available to Defendants.

### VERIFICATION

As per the agreement with Defendants' counsel, a verification of these supplemental interrogatory responses is forthcoming.

Submitted November 14, 2007

Vibeke Norgaard Martin
Attorneys for Plaintiffs

DECLARATION OF SERVICE BY MAIL

Case Name: Coleman v. Schwarzenegger
United States District Court
Eastern District of California     No. CIV S-90-0520 LKK JFM P

Plata v. Schwarzenegger
United States District Court
Northern District of California    No. C-01-1351 T.E.H.

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin, California 94964.

On November 14, 2007 I served the attached

**PLATA PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANT SCHWARZENEGGER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

Rochelle East, DAG
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

California Sherriff, Probation, Police Chief
Martin J. Mayer
Jones & Mayer
3777 North Harbor Blvd.
Fullerton, CA 92835

STEVEN S. KAUFHOLD
Akin Gump Straus Hauer & Feld LLP
580 California St., 15th Floor
San Francisco, CA 94104-1036

RONALD YANK
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

ROD PACHECO
Office of the District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

BENJAMIN C. SYBESMA
California Correctional Peace Officers'
Association Legal Department
755 Riverpoint Drive, Suite 200
W. Sacramento, CA 95605

ANN MILLER RAVEL
Office of the County Counsel
County of Santa Clara
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

STEVEN WOODSIDE
Office of the County Counsel
County of Sonoma
575 Administration Dr., Room 105A
Santa Rosa, CA 95403

1    STEPHEN SHANE STARK                    DENNIS BUNTING
     Office of the County Counsel           Office of the County Counsel
2    County of Santa Barbara                County of Solano
     105 E. Anapamu Street, Room 201        675 Texas Street, Suite 6600
3    Santa Barbara, CA 93101                Fairfield, CA 94533

4    MICHAEL MURPHY                         SILVANO B. MARCHESI
     Office of the County Counsel           Office of the County Counsel
5    County of San Mateo                    County of Contra Costa
     Hall of Justice and Records            651 Pine Street, 9th Floor
6    400 County Center, 6th Floor           Martinez, CA 94553
     Redwood City, CA 94063
7
     Paul B. Mello                          Charles Antonen, DAG
8    Hanson and Bridgett Marcus Vlahos      Office of the Attorney General
     & Rudy                                 455 Golden Gate, Suite 11000
9    333 Market Street, 21st Floor          San Francisco, CA 94102-3664
     San Jose, CA 95110
10
     I declare under penalty of perjury under the laws of the State of California that the
11   foregoing is true and correct, and that this declaration was executed at San Rafael,
     California on November 14, 2007.
12
13                                          _____
                                                     Ashley Fewell
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT F

1   PRISON LAW OFFICE
    DONALD SPECTER Bar No.: 83925
2   ALISON HARDY Bar No.: 135966
    VIBEKE NORGAARD MARTIN  Bar No.:
3   209499
    General Delivery
4   San Quentin, California  94964
    Telephone: (415) 457-9144
5
    ROSEN, BIEN & GALVAN, LLP
6   MICHAEL W. BIEN Bar No.: 096891
    JANE E. KAHN Bar No.: 112239
7   AMY WHELAN Bar No.: 215675
    LORI RIFKIN Bar No.: 244081
8   SARAH M. LAUBACH Bar No.: 240526
    315 Montgomery Street, 10th Floor
9   San Francisco, California 94104
    Telephone: (415) 433-6830
10
    THE LEGAL AID SOCIETY –
11  EMPLOYMENT LAW CENTER
    CLAUDIA CENTER Bar No.: 158255
12  LEWIS BOSSING Bar No.: 227402
    600 Harrison Street, Suite 120
13  San Francisco, CA  94107
    Telephone:  (415) 864-8848
14
    Attorneys for Plaintiffs

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

15          IN THE UNITED STATES DISTRICT COURTS
16      FOR THE EASTERN DISTRICT OF CALIFORNIA
        AND THE NORTHERN DISTRICT OF CALIFORNIA
17   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
18     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19  RALPH COLEMAN, et al.,                ) No.: Civ S 90-0520 LKK-JFM P
                                          )
20          Plaintiffs,                   ) **THREE-JUDGE COURT**
                                          )
21      vs.                               )
                                          )
22  ARNOLD SCHWARZENEGGER, et al.,        )
                                          )
23          Defendants                    )
                                          )
24  MARCIANO PLATA ,et al.,               ) No. C01-1351 TEH
                                          )
25          Plaintiffs,                   ) **THREE-JUDGE COURT**
        vs.                               )
26                                        ) **PLATA PLAINTIFFS'**
    ARNOLD SCHWARZENEGGER, et al.,        ) **SUPPLEMENTAL RESPONSE TO**
27                                        ) **DEFENDANT SCHWARZENEGGER'S**
        vs.                               ) **FIRST SET OF INTERROGATORIES**
28          Defendants                    ) **NO. 2, 3, 8, 9, 11, 12, 13,14.**

**PROPOUNDING PARTIES:**    DEFENDANT SCHWARZENEGGER

**RESPONDING PARTIES:**    PLAINTIFF MARCIANO PLATA ET.AL.

**SET NUMBER:**    ONE

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs Marciano Plata et al. submit the following Second Supplemental Response to Defendant Schwarzenegger's First Set of Interrogatories to Plaintiff Plata:

### Preliminary Statement and General Objections

1.    Plaintiffs have not completed their investigation of the facts relating to this case, have not completed their discovery in this action and have not completed their preparation for trial. Furthermore, Defendants have still not produced all documents requested and depositions have not yet been taken. Therefore, these responses, while based on diligent factual exploration, reflect only Plaintiffs' current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Plaintiffs reserve the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Plaintiffs reserve the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Plaintiffs do not regard as coming within the scope of the interrogatories as Plaintiffs understand them.

2.    These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3.    Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. Plaintiffs' answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Plaintiffs' answers to

-1-

1  an interrogatory or part of any interrogatory is not a waiver of part or all of any objection she

2  might make to that form interrogatory, or an admission that such answer or objection

3  constitutes admissible evidence.  Plaintiffs assert these objections without waiving or

4  intending to waive any objections as to competency, relevancy, materiality or privilege.

5      4.    To the extent Plaintiffs respond to these interrogatories, their responses will not

6  include information protected by the right of privacy.  All objections on the grounds of

7  constitutional and common law privacy rights are expressly preserved.

8      5.    Plaintiffs object to each and every Interrogatory to the extent that Defendants are

9  requesting information that is privileged or protected from production pursuant to the attorney-

10  client privilege, the work product doctrine, the right to privacy, or any other applicable

11  privilege or doctrine.  Plaintiffs object to the definition of "PLAINTIFFS" which specifically

12  includes "attorneys" and therefore by definition seeks information in violation of the attorney-

13  client privilege and the work product doctrine.

14      6.    Plaintiffs object to each and every Interrogatory to the extent that Defendants are

15  requesting information that is neither relevant to the subject matter of this action nor

16  reasonably calculated to lead to the discovery of admissible evidence.

17      7.    Plaintiffs object to the Interrogatories to the extent that they seek information

18  available to Defendants through public sources or records, and on the grounds that they subject

19  Plaintiffs to unreasonable and undue annoyance, oppression, burden and expense.  Plaintiffs

20  further object to the Requests to the extent that such Requests are unduly burdensome because

21  much or all of the information requested in the Interrogatories is in the possession of

22  Defendants, has been filed with Court, or is otherwise equally or more available to Defendants

23  than to Plaintiffs.

24      8.    Plaintiffs object to the Interrogatories to the extent that they are vague and

25  ambiguous and do not include adequate definition, specificity, or limiting factors.

26      9.    Plaintiffs object generally to each interrogatory to the extent that it seeks

27  information prepared by expert consultants.  Plaintiffs will disclose their experts and serve the

28  reports of experts on or before November 9, 2007, as required by the Three-Judge Court's

-2-

October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines for Phase I.  Many of Defendants' interrogatories request information that is unavailable from Plaintiffs and can be provided only by experts.

10.    Plaintiffs object generally to each interrogatory that involves an opinion or contention that relates to fact or the application of law to fact upon the ground that such interrogatories are premature and inappropriate until after discovery has been completed. Plaintiffs moreover object to interrogatories requesting "each and every" fact or piece of evidence on a particular topic, as such contention interrogatories are especially inappropriate at this early stage in the discovery process.

11.    Plaintiffs object to the Instructions provided by Defendants insofar as they specifically call for information protected by the attorney-client privilege and work-product doctrine, such as requiring Plaintiffs to "furnish all information available to you, including information in the possession of your . . . attorneys . . ." and asking for information that is "obtained or developed by you or your counsel."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, plaintiff hereby responds as follows

**INTERROGATORY NO. 1:**

Do PLAINTIFFS seek a PRISONER RELEASE ORDER *("mean[ing] any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison as set forth in the Prison Litigation Reform Act (PLRA) at 18 U.S.C. section 3626(g)(4). ")*, in this matter?

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs also object to the extent that it would require disclosure of

1 | information protected by the attorney-client privilege, work-product doctrine, or any other
2 | applicable privilege.

3 | Without waiving and subject to its objections, Plaintiffs respond that they seek a
4 | PRISONER RELEASE ORDER (as defined in Defendant's Schwarzenegger's First set of
5 | Interrogatories).

6 | **INTERROGATORY NO. 2:**

7 | If PLAINTIFFS' response to interrogatory number 1 is affirmative, describe with
8 | specificity the PRISONER RELEASE ORDER that PLAINTIFFS seek in this matter.

9 | **RESPONSE TO INTERROGATORY NO. 2:**

10 | In addition to the General Objections stated above, Plaintiffs object to this interrogatory
11 | on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks
12 | information not relevant to this litigation nor reasonably calculated to lead to the discovery of
13 | admissible evidence.   Plaintiffs also object to the extent that it would require disclosure of
14 | information protected by the attorney-client privilege, work-product doctrine, or any other
15 | applicable privilege.

16 | Without waiving and subject to its objections, Plaintiffs respond that this interrogatory
17 | is premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October
18 | 10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds'
19 | October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in
20 | those orders, and thus imposes an undue burden on Plaintiffs.  Plaintiffs reserve the right to
21 | raise additional objections when and if a response to this interrogatory is needed.

22 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

23 | Incorporating herein all General Objections and other objections stated above, Plaintiffs
24 | respond as follows:  A PRISONER RELEASE ORDER that would require that Defendants
25 | develop a plan (within 30 days of the date of such an order) to immediately reduce the
26 | population by 15,000 prisoners so that no prisoners are housed in what are commonly referred
27 | to as "ugly" or "bad" beds, *i.e.*, those in gymnasiums, dayrooms, triple-bunks, and other
28 | locations not intended for housing, and to reduce the prison population in each CDCR prison to

1 | each facilities' design capacity over a three year period, with most of the reduction in the first

2 | two years.

3 | **INTERROGATORY NO. 3:**

4 | Identify all DOCUMENTS that describe the PRISONER RELEASE ORDER that

5 | PLAINTIFFS seek in this matter.

6 | **RESPONSE TO INTERROGATORY NO. 3:**

7 | In addition to the General Objections stated above, Plaintiffs object to this interrogatory

8 | on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

9 | information not relevant to this litigation nor reasonably calculated to lead to the discovery of

10 | admissible evidence.   Plaintiffs also object to the extent that it would require disclosure of

11 | information protected by the attorney-client privilege, work-product doctrine, or any other

12 | applicable privilege. Plaintiffs further object on the grounds that this interrogatory is

13 | premature: Discovery is still ongoing, Defendants have still not produced all documents

14 | requested and depositions have not yet been taken.  This premature discovery will result in

15 | piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

16 | Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

17 | is premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October

18 | 10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds'

19 | October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in

20 | those orders, and thus imposes an undue burden on Plaintiffs.  Plaintiffs reserve the right to

21 | raise additional objections when and if a response to this interrogatory is needed.

22 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

23 | Incorporating herein all General Objections and other objections stated above, Plaintiffs

24 | respond as follows:  Plaintiffs are unaware of any such documents. .

25 | **INTERROGATORY NO. 4:**

26 | Do PLAINTIFFS contend that DEFENDANTS are failing, as of the date PLAINTIFFS'

27 | response, to provide constitutionally adequate medical care to PLAINTIFFS?

28 | **RESPONSE TO INTERROGATORY NO. 4:**

1  In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

3  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Plaintiffs also object to the term "failing" and "constitutionally

5  adequate" as vague and ambiguous.  Plaintiffs further object to the extent that it would require

6  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

7  any other applicable privilege.

8  Without waiving and subject to its objections, Plaintiffs respond that they do contend

9  that DEFENDANTS are failing, as of the date PLAINTIFFS' response, to provide

10  constitutionally adequate medical care to PLAINTIFFS.

11  **INTERROGATORY NO. 5:**

12  If PLAINTIFFS' response to interrogatory number 4 is affirmative, state all facts that

13  relate to YOUR contention that DEFENDANTS are failing to provide constitutionally

14  adequate medical care to PLAINTIFFS.

15  **RESPONSE TO INTERROGATORY NO. 5:**

16  In addition to the general objections stated above, Plaintiffs object to this interrogatory

17  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

18  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

19  admissible evidence.  Plaintiffs also object to the term "failing" and "constitutionally

20  adequate" as vague and ambiguous.  Plaintiffs further object to the extent that it would require

21  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

22  any other applicable privilege.  Plaintiffs further object on the grounds that this interrogatory is

23  premature: Discovery is still ongoing, Defendants have still not produced all documents

24  requested and depositions have not yet been taken.  This premature discovery will result in

25  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

26  Without waiving and subject to its objections, Plaintiffs respond as follows: All facts set

27  forth in Plaintiffs' Notice of Motion and Motion to Convene a Three Judge Panel to Limit

28

1   Prison Population, filed on November 13, 2006 in *Plata v. Schwarzenegger*; All facts

2   referenced in Plaintiffs' expert report due on November 9, 2007.

3   **INTERROGATORY NO. 6:**

4       Identify all DOCUMENTS that relate to PLAINTIFFS' contention that

5   DEFENDANTS are failing to provide constitutionally adequate medical care to PLAINTIFFS.

6   **RESPONSE TO INTERROGATORY NO. 6:**

7       In addition to the general objections stated above, Plaintiffs object to this interrogatory

8   on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

9   information not relevant to this litigation nor reasonably calculated to lead to the discovery of

10  admissible evidence. Plaintiffs also object to the term "failing" and "constitutionally

11  adequate" as vague and ambiguous . Plaintiffs further object to the extent that it would require

12  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

13  any other applicable privilege. Plaintiffs further object on the grounds that this interrogatory is

14  premature: Discovery is still ongoing, Defendants have still not produced all documents

15  requested and depositions have not yet been taken. This premature discovery will result in

16  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

17      Without waiving and subject to its objections, Plaintiffs respond as follows: Governor

18  Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;

19  Publicly available articles and photographs; CDCR's Inmate Population, Rehabilitation, and

20  Housing Management Plan; Relevant portions of the Record Transcript from the October 5,

21  2006 Hearing in *Madrid v. Tilton*, Case No. 90-3094 TEH; Findings of Fact and Conclusions

22  of Law Re Appointment of Receiver, entered October 3, 2005; Corrections Independent

23  Review Panel, "Reforming Corrections," June 2004, Chapter 7, Inmate/Parolee Population

24  Management; CDCR Population Statistics, dated November 1, 2006;  Relevant portions of the

25  Record Transcript from the April 26 and 27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-

26  0520 LKK; Memorandum written by John Dovey, entitled "Memorandum Re: Modification to

27  Correctional Operations Due to Compelling Operational Need," dated October 25, 2006; Dr.

28  Peter Farber-Szekrenyi's Letter to Robert Sillen and J. Michael Keating, Jr., dated September

1    1, 2006; Governor Schwarzenegger's Proclamation to convene a special session of the

2    Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James Tilton on the

3    Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1, 2006;

4    Office of the Inspector General, "Accountability Audit, Review of the Audits of the California

5    Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-

6    2004," April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring

7    2007 Adult Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate,

8    Injunction and Declaratory Relief, *California Correctional Peace Officers' Association v.*

9    *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate

10   Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of April 12, 2007; Draft

11   Seventeenth Monitoring Report on the Defendants' Compliance with Provisionally Approved

12   Plans, Policies, and Protocols, issued by the Special Master on or about May 4, 2007, in

13   *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK; Senate Budget and Fiscal Review

14   Committee Subcommittee No. 4, Agenda of May 9, 2007; Dr. Joan Petersilia, "Understanding

15   California Corrections," May 29, 2007; Declaration of Scott Kernan in Opposition to Writ of

16   Mandate, *California Correctional Peace Officers' Organization v. Schwarzenegger*, No.

17   06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata Defendants' Report in

18   Response to the Court's February 15, 2007 Order, May 16, 2007; California State Sheriffs'

19   Association, "Do the Crime, Do the Time? Maybe Not, in California: Jail Cell Shortage is

20   Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to

21   Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office

22   of the Receiver; any additional documents referenced in our expert report due on November 9,

23   2007; pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*

24   *Schwarzenegger*.

25   **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

26          Incorporating all objections and General Objections stated above, Plaintiff responds as

27   follows: *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007: (1) Report

28   of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky; (4)

1  Report of James Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney; all

2  documents, articles and photographs references therein.; photographs from the CDCR website,

3  www.cdcr.ca.gov.

4

5  **INTERROGATORY NO. 7:**

6        Do PLAINTIFFS contend that a reduction in the California Department of Corrections

7  and Rehabilitations (CDCR's) adult inmate population will enable DEFENDANTS to provide

8  constitutionally adequate medical care to PLAINTIFFS?

9  **RESPONSE TO INTERROGATORY NO. 7:**

10        In addition to the General Objections stated above, Plaintiffs object to this interrogatory

11  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

12  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Plaintiffs also object to the extent that it would require disclosure of

14  information protected by the attorney-client privilege, work-product doctrine, or any other

15  applicable privilege.

16        Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

17  is extremely vague, overly broad and unintelligible: it does not specify any time period.

18  Further, the term "reduction" is nowhere defined, making the interrogatory unintelligibly

19  vague and ambiguous.

20  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

21        Incorporating all objections and General Objections stated above, Plaintiff responds as

22  follows:  Plaintiffs do contend that if the overcrowding issues identified by Plaintiffs' experts

23  were addressed, that will enable Defendants to provide constitutionally adequate medical care

24  to Plaintiffs. See *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007:  (1)

25  Report of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky;

26  (4) Report of James Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney

27  **INTERROGATORY NO. 8:**

28

1    If PLAINITFFS' response to interrogatory number 7 is affirmative, state with

2    specificity the amount of that population reduction.

3    **RESPONSE TO INTERROGATORY NO. 8:**

4    In addition to the General Objections stated above, Plaintiffs object to this interrogatory

5    on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

6    information not relevant to this litigation nor reasonably calculated to lead to the discovery of

7    admissible evidence.   Plaintiffs also object to the extent that it would require disclosure of

8    information protected by the attorney-client privilege, work-product doctrine, or any other

9    applicable privilege.

10    Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

11    is extremely vague, overly broad and unintelligible: it does not specify any time period.

12    Further, the term "reduction" is nowhere defined, making the interrogatory unintelligibly

13    vague and ambiguous. Plaintiffs further respond that this interrogatory is premature as it is not

14    relevant to Phase 1 of this litigation, as set forth in the Judges' October 10, 2007 Order

15    Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds' October 30,

16    2007 order.  This premature discovery seeks to avoid the orderly plan set forth in those orders,

17    and thus imposes an undue burden on Plaintiffs.  Plaintiffs reserve the right to raise additional

18    objections when and if a response to this interrogatory is needed.

19    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

20    Incorporating herein all General Objections and other objections stated above, Plaintiffs

21    respond as follows: the amount of such a population reduction should be calculated by

22    subtracting the cumulative design capacity of all CDCR prisons from the entire prison

23    population at the time of a PRISONER RELEASE ORDER.

24    **INTERROGATORY NO. 9:**

25    Identify all DOCUMENTS that describe or explain the reduction identified in response

26    to interrogatory number 8.

27    **RESPONSE TO INTERROGATORY NO. 9:**

28

PLATA PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANT SCHWARZENEGGER'S FIRST SET OF INTERROGATORIES NO. 2, 3, 8, 9, 11, 12, 13,14., NOS.: CIV S 90-0520 LKK-JFM P, C01-1351 THE

1    In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2    on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

3    information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4    admissible evidence.   Plaintiffs also object to the extent that it would require disclosure of

5    information protected by the attorney-client privilege, work-product doctrine, or any other

6    applicable privilege. Plaintiffs further object on the grounds that this interrogatory is

7    premature: Discovery is still ongoing, Defendants have still not produced all documents

8    requested and depositions have not yet been taken. This premature discovery will result in

9    piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

10    Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

11    is extremely vague, overly broad and unintelligible: it does not specify any time period.

12    Further, the term "reduction" is nowhere defined, making the interrogatory unintelligibly

13    vague and ambiguous. Plaintiffs further respond that this interrogatory is premature as it is not

14    relevant to Phase 1 of this litigation, as set forth in the Judges' October 10, 2007 Order

15    Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds' October 30,

16    2007 order. This premature discovery seeks to avoid the orderly plan set forth in those orders,

17    and thus imposes an undue burden on Plaintiffs. Plaintiffs reserve the right to raise additional

18    objections when and if a response to this interrogatory is needed.

19    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

20    Incorporating herein all General Objections and other objections stated above, Plaintiffs

21    respond as follows: Plaintiffs are aware of no such document. Population reports and design

22    capacity can be found on the California Department of Corrections' website, at

23    www.cdcr.ca.gov.

24    **INTERROGATORY NO. 10:**

25    Do PLAINTIFFS contend that a reduction in the CDCR's adult inmate population will

26    enable the Office of the Receiver to provide constitutionally adequate medical care to

27    PLAINTIFFS?

28    **RESPONSE TO INTERROGATORY NO 10:**

1    In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

3  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4  admissible evidence.   Plaintiffs also object to the terms 'reduction" and "constitutionally

5  adequate" as vague and ambiguous.  Plaintiffs also object to the extent that it would require

6  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

7  any other applicable privilege.

8    Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

9  is extremely vague, overly broad and unintelligible: it does not specify any time period, and

10  further that the term "reduction" is nowhere defined in the interrogatories making the

11  interrogatory unintelligibly vague.

12  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

13    Incorporating all objections and General Objections stated above, Plaintiff responds as

14  follows:  Plaintiffs do contend that if the overcrowding issues identified by Plaintiffs' experts

15  were addressed, that will enable the Receiver to provide constitutionally adequate medical care

16  to Plaintiffs.  See *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007:  (1)

17  Report of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky;

18  (4) Report of James Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney.

19  **INTERROGATORY NO. 11:**

20    If PLAINTIFFS' response to interrogatory number 10 is affirmative, state with

21  specificity the amount of that population reduction.

22  **RESPONSE TO INTERROGATORY NO. 11:**

23    In addition to the General Objections stated above, plaintiffs object to this interrogatory

24  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

25  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

26  admissible evidence.  Plaintiffs also object to the terms 'reduction" and "constitutionally

27  adequate" as vague and ambiguous.  Plaintiffs also object to the extent that it would require

28

1  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

2  any other applicable privilege.

3      Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

4  is extremely vague, overly broad and unintelligible: it does not specify any time period, and

5  further that the term "reduction" is nowhere defined in the interrogatories making the

6  interrogatory unintelligibly vague.  Without waiving and subject to its objections, Plaintiffs

7  respond that this interrogatory is premature as it is not relevant to Phase 1 of this litigation, as

8  set forth in the Judges' October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines

9  For Phase 1 and Judge Moulds' October 30, 2007 order.  This premature discovery seeks to

10  avoid the orderly plan set forth in those orders, and thus imposes an undue burden on Plaintiffs.

11  Plaintiffs reserve the right to raise additional objections when and if a response to this

12  interrogatory is needed.

13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

14      Incorporating herein all General Objections and other objections stated above, Plaintiffs

15  respond as follows: the amount of such a population reduction should be calculated by

16  subtracting the cumulative design capacity of all CDCR prisons from the entire prison

17  population at the time of a PRISONER RELEASE ORDER.

18  **INTERROGATORY NO. 12:**

19      Identify all DOCUMENTS that describe or explain the reduction identified in response

20  to interrogatory number 11.

21  **RESPONSE TO INTERROGATORY NO. 12:**

22      In addition to the General Objections stated above, plaintiffs object to this interrogatory

23  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

24  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

25  admissible evidence.  Plaintiffs also object to the terms 'reduction" and "constitutionally

26  adequate" as vague and ambiguous.  Plaintiffs also object to the extent that it would require

27  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

28  any other applicable privilege.  Plaintiffs further object on the grounds that this interrogatory is

1   premature: Discovery is still ongoing, Defendants have still not produced all documents

2   requested and depositions have not yet been taken. This premature discovery will result in

3   piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

4        Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

5   is extremely vague, overly broad and unintelligible: it does not specify any time period, and

6   further that the term "reduction" is nowhere defined in the interrogatories making the

7   interrogatory unintelligibly vague. Without waiving and subject to its objections, Plaintiffs

8   respond that this interrogatory is premature as it is not relevant to Phase 1 of this litigation, as

9   set forth in the Judges' October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines

10  For Phase 1 and Judge Moulds' October 30, 2007 order. This premature discovery seeks to

11  avoid the orderly plan set forth in those orders, and thus imposes an undue burden on Plaintiffs.

12  Plaintiffs reserve the right to raise additional objections when and if a response to this

13  interrogatory is needed.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

15       Incorporating herein all General Objections and other objections stated above, Plaintiffs

16  respond as follows: Plaintiffs are aware of no such document. Population reports and design

17  capacity can be found on the California Department of Corrections' website, at

18  www.cdcr.ca.gov.

19  **INTERROGATORY NO. 13:**

20       State each and every policy that you contend DEFENDANTS must adopt to achieve the

21  population reduction set forth in response to interrogatory numbers 8 and 11.

22  **RESPONSE TO INTERROGATORY NO. 13:**

23       In addition to the General Objections stated above, Plaintiffs object to this interrogatory

24  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

25  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

26  admissible evidence. Plaintiffs also object to the extent that it would require disclosure of

27  information protected by the attorney-client privilege, work-product doctrine, or any other

28  applicable privilege.

Without waiving and subject to its objections, Plaintiffs respond that this interrogatory is extremely vague, overly broad and unintelligible: it does not specify any time period, and further that the term "reduction" is nowhere defined in the interrogatories making the interrogatory unintelligibly vague.  Plaintiffs further respond that this interrogatory is premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October 10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds' October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in those orders, and thus imposes an undue burden on Plaintiffs.  Plaintiffs reserve the right to raise additional objections when and if a response to this interrogatory is needed.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Incorporating herein all General Objections and other objections stated above, plaintiffs respond as follows:  Plaintiffs reiterate their objection that this interrogatory is vague and overly broad. A large number of different policies and/or combination of different policies could achieve the population reduction set forth in response to interrogatories number 8 and 11. It is defendants' responsibility, not plaintiffs' responsibility, to determine which specific policies or combination thereof will achieve the necessary population reduction.  Furthermore, plaintiffs do not have access to all data necessary to make such a determination.

Defendants can achieve the population reduction by limiting the number of prisoners entering CDCR prisons and by reducing the time prisoners spend in CDCR custody. Specifically, defendants could consider policies which include, but are not limited to: funding community corrections programs to divert prisoners with sentences of fewer than 24 months; providing intensive probation supervision for 18-25 year old offenders;  replacing discretionary day for day earned time with statutory day for day credits, with provisions that only disciplinary conduct can result in lost days;  providing supplemental program credits for prisoners complying with case management plan and for prisoners who complete rehabilitative programs; transferring low-risk prisoners with fewer than 12 months to serve to parole; discharging low-risk offenders from parole if arrest-free for 12 months;  using a validated risk assessment procedure to release non-violent, non-sex offenders from prison without parole;

-15-

1  developing a parole sanctions matrix based on the risk to re-offend level of the offender and

2  the seriousness of the violation (the matrix should preclude low-risk parolees from being

3  returned to prison for technical violations or misdemeanors);  implementing a validated risk

4  assessment instrument throughout CDCR;  immediately hiring sufficient staff to calculate

5  credits and to process outgoing prisoners;  greatly expand the availability of alternative

6  sanctions as recommended by the parole sanctions matrix; diverting new court commitments

7  with county subsidy grants; automatically restoring good-time credits for all prisoners with

8  non-serious misconduct (classes d, e, and f);  expanding pre-release planning services for

9  mentally ill, developmentally disabled, and other special needs inmates to include benefits

10  applications with the social security and veterans' administrations;  redirecting funds to

11  counties to manage parolees with mental illness, including, for example: (a) increasing mental

12  health services on parole to include placement in appropriate housing to reduce recidivism,  (b)

13  funding community-based alternatives to returns to custody for parole violations that are

14  caused by symptoms of mental illness,  (c) expanding mental health courts in the counties to

15  reduce prison commitments for mentally ill offenders; enacting legislation to create a

16  sentencing commission;  releasing specified non-violent offenders earlier than their original

17  release date, as recently proposed by the Governor; diverting low-risk parolees who have

18  violated the terms of their parole supervision requirements; providing more rehabilitation

19  programs in prison; reducing time served through the addition or increase of good conduct,

20  work and program participation credits for prisoners with retroactive application; enacting

21  legislation to adjust length of parole supervision; instituting the recommendations as set forth

22  in Governor Schwarzenegger's 2008-09 budget proposal,  reports such as *Accelerated Release:*

23  *A Literature Review,* January 2008, available at http://www.nccd-crc.org, and all reports cited

24  therein, Expert Panel on Adult Offender and Recidivism Reduction Programming, Report to

25  the State Legislature, *A Roadmap for Effective Offender Programming in California* (June 29,

26  2007); Little Hoover Commission, *Solving California's Corrections Crisis: Time is Running*

27  *Out* (January 2007); *Reforming Corrections:  Report of the Corrections Independent Review*

28  *Panel,* June 30, 2004 (Former Gov. Deukmejian, Chairman); Petersilia, Joan, *Understanding*

1  *California Corrections*, California Policy Research Center, University of California (May

2  2006) (http://www.ucop.edu/cprc/documents/understand_ca_corrections.pdf); Final Report and

3  Recommendations, Feb. 2008, Blue Ribbon Commission on Jail Overcrowding, County of

4  Santa Barbara, (http://www.sbsheriff.org/documents/FullFinalBRCReport.pdf); Governor's

5  Rehabilitation Strike Team Report, *Meeting the Challenges of Rehabilitation in California's*

6  *Prison and Parole System*, December 2007

7  (http://www.cdcr.ca.gov/news/docs/GovRehabilitationStrikeTeamRpt_012308.pdf).

8  **INTERROGATORY NO. 14:**

9      Identify all DOCUMENTS that describe or explain the policies identified in response to

10  interrogatory number 13.

11  **RESPONSE TO INTERROGATORY NO. 14:**

12      In addition to the General Objections stated above, Plaintiffs object to this interrogatory

13  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

14  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

15  admissible evidence.   Plaintiffs also object to the extent that it would require disclosure of

16  information protected by the attorney-client privilege, work-product doctrine, or any other

17  applicable privilege.  Plaintiffs further object on the grounds that this interrogatory is

18  premature: Discovery is still ongoing, Defendants have still not produced all documents

19  requested and depositions have not yet been taken.  This premature discovery will result in

20  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

21      Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

22  is extremely vague, overly broad and unintelligible: it does not specify any time period, and

23  further that the term "reduction" is nowhere defined in the interrogatories making the

24  interrogatory unintelligibly vague.  Plaintiffs further respond that this interrogatory is

25  premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October

26  10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds'

27  October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in

28

1 | those orders, and thus imposes an undue burden on Plaintiffs.  Plaintiffs reserve the right to
2 | raise additional objections when and if a response to this interrogatory is needed.
3 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**
4 |       Incorporating herein all General Objections and other objections stated above, Plaintiffs
5 | respond as follows: Publicly available reports including: Governor Schwarzenegger's 2008-09
6 | budget proposal, *Accelerated Release: A Literature Review*, January 2008, available at
7 | http://www.nccd-crc.org, and all reports cited therein, Expert Panel on Adult Offender and
8 | Recidivism Reduction Programming, Report to the State Legislature, *A Roadmap for Effective*
9 | *Offender Programming in California* (June 29, 2007); Little Hoover Commission, *Solving*
10 | *California's Corrections Crisis: Time is Running Out* (January 2007); *Reforming Corrections:*
11 | *Report of the Corrections Independent Review Panel*, June 30, 2004 (Former Gov.
12 | Deukmejian, Chairman); Petersilia, Joan, *Understanding California Corrections*, California
13 | Policy Research Center, University of California (May 2006).
14 | (http://www.ucop.edu/cprc/documents/understand_ca_corrections.pdf); Final Report and
15 | Recommendations, Feb. 2008, Blue Ribbon Commission on Jail Overcrowding, County of
16 | Santa Barbara, (http://www.sbsheriff.org/documents/FullFinalBRCReport.pdf); Governor's
17 | Rehabilitation Strike Team Report, *Meeting the Challenges of Rehabilitation in California's*
18 | *Prison and Parole System*, December 2007
19 | (http://www.cdcr.ca.gov/news/docs/GovRehabilitationStrikeTeamRpt_012308.pdf).
20 | **INTERROGATORY NO. 15:**
21 |       Do PLAINTIFFS contend that crowding in the primary cause of the failure of
22 | DEFENDANTS  to provide constitutionally adequate medical care to PLAINTIFFS?
23 | **RESPONSE TO INTERROGATORY NO. 15:**
24 |       In addition to the General Objections stated above, plaintiffs object to this interrogatory
25 | on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks
26 | information not relevant to this litigation nor reasonably calculated to lead to the discovery of
27 | admissible evidence.   Further, the term "constitutionally adequate" is vague and ambiguous.
28 |

1  Plaintiffs also object to the extent that it would require disclosure of information protected by

2  the attorney-client privilege, work-product doctrine, or any other applicable privilege.

3       Without waiving and subject to its objections, Plaintiffs respond that they do contend

4  that crowding in the primary cause of the failure of DEFENDANTS  to provide

5  constitutionally adequate medical care to PLAINTIFFS.

6  **INTERROGATORY NO. 16:**

7       State all the facts that relate to PLAINTIFFS' contentions set forth in response to

8  interrogatory number 15.

9  **RESPONSE TO INTERROGATORY NO. 16:**

10       In addition to the General Objections stated above, Plaintiffs object to this interrogatory

11  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

12  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Further, the term "constitutionally adequate" is vague and ambiguous.

14  Plaintiffs also object to the extent that it would require disclosure of information protected by

15  the attorney-client privilege, work-product doctrine, or any other applicable privilege.

16  Plaintiffs further object on the grounds that this interrogatory is premature: Discovery is still

17  ongoing, Defendants have still not produced all documents requested and depositions have not

18  yet been taken.  This premature discovery will result in piecemeal disclosure of information

19  thereby imposing an undue burden on Plaintiffs.

20       Without waiving and subject to its objections, Plaintiffs respond as follows: All facts set

21  forth in Plaintiffs' Notice of Motion and Motion to Convene a Three Judge Panel to Limit

22  Prison Population, filed on November 13, 2006 in *Plata v. Schwarzenegger*; All facts

23  referenced in Plaintiffs' expert report due on November 9, 2007.

24  **INTERROGATORY NO. 17:**

25       Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response

26  to interrogatory number 15.

27  **RESPONSE TO INTERROGATORY NO 17:**

28

1    In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2    on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

3    information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4    admissible evidence.  Further, the term "constitutionally adequate" is vague and ambiguous.

5    Plaintiffs also object to the extent that it would require disclosure of information protected by

6    the attorney-client privilege, work-product doctrine, or any other applicable privilege.

7    Plaintiffs further object on the grounds that this interrogatory is premature: Discovery is still

8    ongoing, Defendants have still not produced all documents requested and depositions have not

9    yet been taken.  This premature discovery will result in piecemeal disclosure of information

10    thereby imposing an undue burden on Plaintiffs.

11    Without waiving and subject to its objections, Plaintiffs respond as follows: Governor

12    Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;

13    Publicly available articles and photographs; CDCR's Inmate Population, Rehabilitation, and

14    Housing Management Plan; Relevant portions of the Record Transcript from the October 5,

15    2006 Hearing in *Madrid v. Tilton*, Case No. 90-3094 TEH; Findings of Fact and Conclusions

16    of Law Re Appointment of Receiver, entered October 3, 2005; Corrections Independent

17    Review Panel, "Reforming Corrections," June 2004, Chapter 7, Inmate/Parolee Population

18    Management; CDCR Population Statistics, dated November 1, 2006;  Relevant portions of the

19    Record Transcript from the April 26 and 27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-

20    0520 LKK; Memorandum written by John Dovey, entitled "Memorandum Re: Modification to

21    Correctional Operations Due to Compelling Operational Need," dated October 25, 2006; Dr.

22    Peter Farber-Szekrenyi's Letter to Robert Sillen and J. Michael Keating, Jr., dated September

23    1, 2006; Governor Schwarzenegger's Proclamation to convene a special session of the

24    Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James Tilton on the

25    Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1, 2006;

26    Office of the Inspector General, "Accountability Audit, Review of the Audits of the California

27    Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-

28    2004," April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring

1 | 2007 Adult Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate,
2 | Injunction and Declaratory Relief, *California Correctional Peace Officers' Association v.*
3 | *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate
4 | Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of April 12, 2007; Draft
5 | Seventeenth Monitoring Report on the Defendants' Compliance with Provisionally Approved
6 | Plans, Policies, and Protocols, issued by the Special Master on or about May 4, 2007, in
7 | *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK; Senate Budget and Fiscal Review
8 | Committee Subcommittee No. 4, Agenda of May 9, 2007; Dr. Joan Petersilia, "Understanding
9 | California Corrections," May 29, 2007; Declaration of Scott Kernan in Opposition to Writ of
10 | Mandate, *California Correctional Peace Officers' Organization v. Schwarzenegger*, No.
11 | 06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata Defendants' Report in
12 | Response to the Court's February 15, 2007 Order, May 16, 2007; California State Sheriffs'
13 | Association, "Do the Crime, Do the Time? Maybe Not, in California: Jail Cell Shortage is
14 | Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to
15 | Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office
16 | of the Receiver; any additional documents referenced in our expert report due on November 9,
17 | 2007; pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*
18 | *Schwarzenegger.*

19 | **INTERROGATORY NO. 18:**

20 | Do PLAINTIFFS contend that crowding is the primary cause of the failure of the Office
21 | of the Receiver to provide constitutionally adequate medical care to PLAINTIFFS?

22 | **RESPONSE TO INTERROGATORY NO. 18:**

23 | In addition to the General Objections stated above, Plaintiffs object to this interrogatory
24 | on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks
25 | information not relevant to this litigation nor reasonably calculated to lead to the discovery of
26 | admissible evidence. Further, the terms "crowding" and "constitutionally adequate" are vague
27 | and ambiguous. This interrogatory is also vague and ambiguous to the extent that it suggests
28 | that the failure to provide constitutionally adequate medical care to Plaintiffs is the sole

1  responsibility of the Office of the Receiver. Plaintiffs also object to the extent that it would

2  require disclosure of information protected by the attorney-client privilege, work-product

3  doctrine, or any other applicable privilege.

4      Without waiving and subject to its objections, Plaintiffs respond that they do contend

5  that crowding is the primary cause of the inability of the Office of the Receiver and Defendants

6  to provide constitutionally adequate medical care to Plaintiffs.

7  **INTERROGATORY NO. 19:**

8      State all the facts that relate to PLAINTIFFS' contention set forth in response to

9  interrogatory number 18.

10  **RESPONSE TO INTERROGATORY NO. 19:**

11      In addition to the General Objections stated above, Plaintiffs object to this interrogatory

12  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

13  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

14  admissible evidence. Further, the terms "crowding" and "constitutionally adequate" are vague

15  and ambiguous. This interrogatory is also vague and ambiguous to the extent that it suggests

16  that the failure to provide constitutionally adequate medical care to Plaintiffs is the sole

17  responsibility of the Office of the Receiver. Plaintiffs also object to the extent that it would

18  require disclosure of information protected by the attorney-client privilege, work-product

19  doctrine, or any other applicable privilege. Plaintiffs further object on the grounds that this

20  interrogatory is premature: Discovery is still ongoing, Defendants have still not produced all

21  documents requested and depositions have not yet been taken. This premature discovery will

22  result in piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

23      Without waiving and subject to its objections, Plaintiffs respond as follows: All facts set

24  forth in Plaintiffs' Notice of Motion and Motion to Convene a Three Judge Panel to Limit

25  Prison Population, filed on November 13, 2006 in *Plata v. Schwarzenegger*; All facts

26  referenced in Plaintiffs' expert report due on November 9, 2007.

27  **INTERROGATORY NO. 20:**

28

1    Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response

2    to interrogatory number 18.

3    **RESPONSE TO INTERROGATORY NO 20:**

4    In addition to the General Objections stated above, Plaintiffs object to this interrogatory

5    on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

6    information not relevant to this litigation nor reasonably calculated to lead to the discovery of

7    admissible evidence. This interrogatory is also vague and ambiguous to the extent that it

8    suggests that the failure to provide constitutionally adequate medical care to Plaintiffs is the

9    sole responsibility of the Office of the Receiver. Plaintiffs also object to the extent that it

10    would require disclosure of information protected by the attorney-client privilege, work-

11    product doctrine, or any other applicable privilege. Plaintiffs further object on the grounds that

12    this interrogatory is premature: Discovery is still ongoing, Defendants have still not produced

13    all documents requested and depositions have not yet been taken. This premature discovery

14    will result in piecemeal disclosure of information thereby imposing an undue burden on

15    Plaintiffs.

16    Without waiving and subject to its objections, Plaintiffs respond as follows: Governor

17    Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;

18    Publicly available articles and photographs; CDCR's Inmate Population, Rehabilitation, and

19    Housing Management Plan; Relevant portions of the Record Transcript from the October 5,

20    2006 Hearing in *Madrid v. Tilton*, Case No. 90-3094 TEH; Findings of Fact and Conclusions

21    of Law Re Appointment of Receiver, entered October 3, 2005; Corrections Independent

22    Review Panel, "Reforming Corrections," June 2004, Chapter 7, Inmate/Parolee Population

23    Management; CDCR Population Statistics, dated November 1, 2006; Relevant portions of the

24    Record Transcript from the April 26 and 27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-

25    0520 LKK; Memorandum written by John Dovey, entitled "Memorandum Re: Modification to

26    Correctional Operations Due to Compelling Operational Need," dated October 25, 2006; Dr.

27    Peter Farber-Szekrenyi's Letter to Robert Sillen and J. Michael Keating, Jr., dated September

28    1, 2006; Governor Schwarzenegger's Proclamation to convene a special session of the

-23-

1  Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James Tilton on the

2  Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1, 2006;

3  Office of the Inspector General, "Accountability Audit, Review of the Audits of the California

4  Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-

5  2004," April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring

6  2007 Adult Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate,

7  Injunction and Declaratory Relief, *California Correctional Peace Officers' Association v.*

8  *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate

9  Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of April 12, 2007; Draft

10  Seventeenth Monitoring Report on the Defendants' Compliance with Provisionally Approved

11  Plans, Policies, and Protocols, issued by the Special Master on or about May 4, 2007, in

12  *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK; Senate Budget and Fiscal Review

13  Committee Subcommittee No. 4, Agenda of May 9, 2007; Dr. Joan Petersilia, "Understanding

14  California Corrections," May 29, 2007; Declaration of Scott Kernan in Opposition to Writ of

15  Mandate, *California Correctional Peace Officers' Organization v. Schwarzenegger*, No.

16  06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata Defendants' Report in

17  Response to the Court's February 15, 2007 Order, May 16, 2007; California State Sheriffs'

18  Association, "Do the Crime, Do the Time? Maybe Not, in California: Jail Cell Shortage is

19  Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to

20  Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office

21  of the Receiver; any additional documents referenced in our expert report due on November 9,

22  2007; pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*

23  *Schwarzenegger.*

24  **INTERROGATORY NO. 21:**

25      Do PLAINTIFFS contend that no other relief, other than a PRISONER RELEASE

26  ORDER, will remedy the failure of DEFENDANTS to provide constitutionally adequate

27  medical care the PLAINTIFFS?

28  **RESPONSE TO INTERROGATORY NO. 21:**

-24-

1  In addition to the General Objections stated above, plaintiffs object to this interrogatory
2  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks
3  information not relevant to this litigation nor reasonably calculated to lead to the discovery of
4  admissible evidence.  Further, the term "constitutionally adequate" is vague and ambiguous.
5  Plaintiffs also object to the extent that it would require disclosure of information protected by
6  the attorney-client privilege, work-product doctrine, or any other applicable privilege.

7  Without waiving and subject to its objections, Plaintiffs respond that they do contend
8  that no other relief, other than a PRISONER RELEASE ORDER (as defined in Defendant's
9  Tilton's First set of Interrogatories) will remedy the failure of Defendants  to provide
10  constitutionally adequate medical care to Plaintiffs.

11  **INTERROGATORY NO. 22:**

12  State all facts that relate to PLAINTIFFS' contention set forth in response to
13  interrogatory number 21.

14  **RESPONSE TO INTERROGATORY NO. 22:**

15  In addition to the General Objections stated above, Plaintiffs object to this interrogatory
16  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks
17  information not relevant to this litigation nor reasonably calculated to lead to the discovery of
18  admissible evidence.  Further, the term "constitutionally adequate" is vague and ambiguous.
19  Plaintiffs also object to the extent that it would require disclosure of information protected by
20  the attorney-client privilege, work-product doctrine, or any other applicable privilege.
21  Plaintiffs further object on the grounds that this interrogatory is premature: Discovery is still
22  ongoing, Defendants have still not produced all documents requested and depositions have not
23  yet been taken.  This premature discovery will result in piecemeal disclosure of information
24  thereby imposing an undue burden on Plaintiffs.

25  Without waiving and subject to its objections, Plaintiffs respond as follows: All facts set
26  forth in Plaintiffs' Notice of Motion and Motion to Convene a Three Judge Panel to Limit
27  Prison Population, filed on November 13, 2006 in *Plata v. Schwarzenegger*; All facts
28  referenced in Plaintiffs' expert report due on November 9, 2007.

1  **INTERROGATORY NO. 23:**

2      Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response

3  to interrogatory number 21.

4  **RESPONSE TO INTERROGATORY NO. 23:**

5      In addition to the General Objections stated above, Plaintiffs object to this interrogatory

6  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

7  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

8  admissible evidence.  Plaintiffs also object to the extent that it would require disclosure of

9  information protected by the attorney-client privilege, work-product doctrine, or any other

10  applicable privilege.  Further, the term "constitutionally adequate" is vague and ambiguous.

11  Plaintiffs further object on the grounds that this interrogatory is premature: Discovery is still

12  ongoing, Defendants have still not produced all documents requested and depositions have not

13  yet been taken.  This premature discovery will result in piecemeal disclosure of information

14  thereby imposing an undue burden on Plaintiffs.

15      Without waiving and subject to its objections, Plaintiffs respond as follows: Governor

16  Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;

17  Publicly available articles and photographs; CDCR's Inmate Population, Rehabilitation, and

18  Housing Management Plan; Relevant portions of the Record Transcript from the October 5,

19  2006 Hearing in *Madrid v. Tilton*, Case No. 90-3094 TEH; Findings of Fact and Conclusions

20  of Law Re Appointment of Receiver, entered October 3, 2005; Corrections Independent

21  Review Panel, "Reforming Corrections," June 2004, Chapter 7, Inmate/Parolee Population

22  Management; CDCR Population Statistics, dated November 1, 2006;  Relevant portions of the

23  Record Transcript from the April 26 and 27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-

24  0520 LKK; Memorandum written by John Dovey, entitled "Memorandum Re: Modification to

25  Correctional Operations Due to Compelling Operational Need," dated October 25, 2006; Dr.

26  Peter Farber-Szekrenyi's Letter to Robert Sillen and J. Michael Keating, Jr., dated September

27  1, 2006; Governor Schwarzenegger's Proclamation to convene a special session of the

28  Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James Tilton on the

1  Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1, 2006;
2  Office of the Inspector General, "Accountability Audit, Review of the Audits of the California
3  Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-
4  2004," April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring
5  2007 Adult Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate,
6  Injunction and Declaratory Relief, *California Correctional Peace Officers' Association v.*
7  *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate
8  Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of April 12, 2007; Draft
9  Seventeenth Monitoring Report on the Defendants' Compliance with Provisionally Approved
10 Plans, Policies, and Protocols, issued by the Special Master on or about May 4, 2007, in
11 *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK; Senate Budget and Fiscal Review
12 Committee Subcommittee No. 4, Agenda of May 9, 2007; Dr. Joan Petersilia, "Understanding
13 California Corrections," May 29, 2007; Declaration of Scott Kernan in Opposition to Writ of
14 Mandate, *California Correctional Peace Officers' Organization v. Schwarzenegger*, No.
15 06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata Defendants' Report in
16 Response to the Court's February 15, 2007 Order, May 16, 2007; California State Sheriffs'
17 Association, "Do the Crime, Do the Time? Maybe Not, in California: Jail Cell Shortage is
18 Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to
19 Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office
20 of the Receiver; any additional documents referenced in our expert report due on November 9,
21 2007; pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*
22 *Schwarzenegger*.
23  Dated: April 4, 2008    Respectfully submitted,
24
25
26  Alison Hardy
27  Prison Law Office
    Attorneys for Plaintiffs
28

## VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing Plata Plaintiffs' Second Supplemental Response to Defendant Schwarzenegger's First Set of Interrogatories and know the contents thereof.

I, _____, class representative in this action, am authorized to make this verification for and on behalf of plaintiffs, and I make this verification for that reason. The responses are not all within my personal knowledge. I am informed and believe that there is no single person who has full personal knowledge of all of the matters set forth therein and that the responses were prepared with the advice and assistance of counsel. Subject to inadvertent or undiscovered errors and reserving the right to make changes in the responses if it appears that there were errors or omissions, I allege that the matters stated are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at _____, California on _____ __, 2008.

_____

DECLARATION OF SERVICE BY MAIL

Case Name: Coleman v. Schwarzenegger
United States District Court
Eastern District of California    No. CIV S-90-0520 LKK JFM P

Plata v. Schwarzenegger
United States District Court
Northern District of California    No. C-01-1351 T.E.H.

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin, California 94964.

On April 11, 2008 I served the attached

1. **Plata Plaintiffs' Supplemental Response to Defendant Schwarzenegger's First Set of Interrogatories No. 2, 3, 8, 9, 11, 12, 13, 14**

2. **Plata Plaintiffs' Supplemental Response to Defendant Tilton's First Set of Interrogatories, 7, 8, and 9**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid by Unites States Postal Service at San Rafael, California, addressed as follows:

Rochelle East, DAG
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Martin J. Mayer
Kimberly Hall Barlow
Jones & Mayer
3777 North Harbor Blvd.
Fullerton, CA 92835

Steven S. Kaufhold
Akin Gump Straus Hauer & Feld LLP
580 California St., 15th Floor
San Francisco, CA 94104-1036

Steven Woodside
Office of the County Counsel
County of Sonoma
575 Administration Dr., Room 105A
Santa Rosa, CA 95403

Rod Pacheco
Office of the District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

Gregg MacClean Adam
Natalie Leonard
Carroll, Burdick & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

Ann Miller Ravel
Office of the County Counsel
County of Santa Clara
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

Lisa Tillman
Deputy Attorney General
Office of the Attorney General
PO Box 944255
Sacramento, CA 94244

1  Paul B. Mello
   Hanson Bridgett
2  425 Market Street, 26th Floor
   San Francisco, CA 94105

3

4  I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct, and that this declaration was executed at San Rafael,
5  California on April 11, 2008.

6

7                                    Ashley Fewell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT G

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD MARTIN  Bar No.: 209499
General Delivery
San Quentin, California  94964
Telephone: (415) 457-9144

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington  98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA ,et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | **PLATA PLAINTIFFS'** |
| ARNOLD SCHWARZENEGGER, et al., | **SUPPLEMENTAL RESPONSE TO** |
| | **DEFENDANT TILTON'S FIRST SET OF** |
| vs. | **INTERROGATORIES, 7, 8, AND 9** |
| Defendants | |

1  **PROPOUNDING PARTIES:**    DEFENDANT TILTON

2  **RESPONDING PARTIES:**    PLAINTIFF MARCIANO PLATA ET.AL.

3  **SET NUMBER:**    ONE

4      Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs Marciano Plata et al.

5  ("Plaintiffs") submit the following Supplemental Response to Defendant Tilton's First Set of

6  Interrogatories to Plaintiff Plata, Interrogatories No. 7, 8, and 9:

7  <u>**Preliminary Statement and General Objections**</u>

8      1.    Plaintiffs have not completed their investigation of the facts relating to this case,

9  have not completed their discovery in this action and have not completed their preparation for

10  trial. Therefore, these responses, while based on diligent factual exploration, reflect only

11  plaintiffs' current state of knowledge, understanding, and belief with regard to the matters

12  about which inquiry has been made. Plaintiffs reserve the right to supplement these responses

13  with subsequently obtained or discovered information. With regard to each interrogatory,

14  plaintiff reserves the right, notwithstanding these answers and responses, to employ at trial or

15  in any pretrial proceeding herein information subsequently obtained or discovered, information

16  the materiality of which is not presently ascertained, or information plaintiff does not regard as

17  coming within the scope of the interrogatories as plaintiff understands them.

18      2.    These responses are made solely for the purpose of this action. Each answer is

19  subject to all objections as to competence, relevance, materiality, propriety, admissibility,

20  privacy, privilege, and any and all other objections that would require exclusion of any

21  statement contained herein if any such interrogatories were asked of, or any statement

22  contained herein were made by, a witness present and testifying in court, all of which

23  objections and grounds are reserved and may be interposed at the time of trial.

24      3.    Except for explicit facts admitted herein, no incidental or implied admissions are

25  intended hereby. Plaintiffs' answers or objections to any interrogatory are not an admission of

26  any fact set forth or assumed by that interrogatory. In addition, each of plaintiffs' answers to

27  an interrogatory or part of any interrogatory is not a waiver of part or all of any objection she

28  might make to that form interrogatory, or an admission that such answer or objection

1  constitutes admissible evidence.  Plaintiffs assert these objections without waiving or

2  intending to waive any objections as to competency, relevancy, materiality or privilege.

3      4.      To the extent Plaintiffs respond to these interrogatories, their responses will not

4  include information protected by the right of privacy.  All objections on the grounds of

5  constitutional and common law privacy rights are expressly preserved.

6      5.      Plaintiffs object to each and every Interrogatory to the extent that Defendants are

7  requesting information that is privileged or protected from production pursuant to the attorney-

8  client privilege, the work product doctrine, the right to privacy, or any other applicable

9  privilege or doctrine.  Plaintiffs object to the definition of "PLAINTIFFS" which specifically

10 includes "attorneys" and therefore by definition seeks information in violation of the attorney-

11 client privilege and the work product doctrine.

12     6.      Plaintiffs object to each and every Interrogatory to the extent that Defendants are

13 requesting information that is neither relevant to the subject matter of this action nor

14 reasonably calculated to lead to the discovery of admissible evidence.

15     7.      Plaintiffs object to the Interrogatories to the extent that they seek information

16 available to Defendants through public sources or records, and on the grounds that they subject

17 Plaintiffs to unreasonable and undue annoyance, oppression, burden and expense.  Plaintiffs

18 further object to the Requests to the extent that such Requests are unduly burdensome because

19 much or all of the information requested in the Interrogatories is in the possession of

20 Defendants, has been filed with Court, or is otherwise equally or more available to Defendants

21 than to Plaintiffs.

22     8.      Plaintiffs object to the Interrogatories to the extent that they are vague and

23 ambiguous and do not include adequate definition, specificity, or limiting factors.

24     9.      Plaintiffs object generally to each interrogatory that involves an opinion or

25 contention that relates to fact or the application of law to fact upon the ground that such

26 interrogatories are premature and inappropriate until after discovery has been completed.

27 Plaintiffs moreover object to interrogatories requesting "each and every" fact or piece of

28

1  evidence on a particular topic, as such contention interrogatories are especially inappropriate at

2  this early stage in the discovery process.

3      10.    Plaintiffs object to the Instructions provided by Defendants insofar as they

4  specifically call for information protected by the attorney-client privilege and work-product

5  doctrine, such as requiring Plaintiffs to "furnish all information available to you, including

6  information in the possession of your . . . attorneys . . ." and asking for information that is

7  "obtained or developed by you or your counsel."

8      Subject to and without waiving the foregoing objections, and incorporating them by

9  reference into each of the responses provided below, plaintiff hereby responds as follows:

10 **INTERROGATORY NO. 1:**

11     Do PLAINTIFFS contend that no other relief, other than a PRISONER RELEASE

12 ORDER *("mean[ing] any order, including a temporary restraining order or preliminary*

13 *injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or*

14 *that directs the release from or nonadmission of prisoners to a prison ass et forth in the Prison*

15 *Litigation Reform Act (PLRA) at 18 U.S.C. section 3626(g)(4). "),* will remedy the failure of the

16 Office of the Receiver to provide constitutionally adequate medical care to Plaintiffs?

17 **RESPONSE TO INTERROGATORY NO. 1:**

18     In addition to the General Objections stated above, Plaintiffs object to this interrogatory

19 on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

20 information not relevant to this litigation nor reasonably calculated to lead to the discovery of

21 admissible evidence. It is also vague and ambiguous to the extent that it suggests that the

22 failure to provide constitutionally adequate medical care to Plaintiffs is the sole responsibility

23 of the Office of the Receiver.  Further, Plaintiffs object to the terms "remedy" and

24 "constitutionally adequate" as vague and ambiguous.  Plaintiffs also object to the extent that it

25 would require disclosure of information protected by the attorney-client privilege, work-

26 product doctrine, or any other applicable privilege.

27     Without waiving and subject to its objections, Plaintiffs respond that they do contend

28 that no other relief, other than a PRISONER RELEASE ORDER (as defined in Defendant's

1  Tilton's First set of Interrogatories) will remedy the Defendants' and the Office of the

2  Receiver's inability to provide constitutionally adequate medical care to Plaintiffs.

3  **INTERROGATORY NO. 2:**

4        State all facts that relate to PLAINTIFFS' contention set forth in response to

5  interrogatory number 1.

6  **RESPONSE TO INTERROGATORY NO. 2:**

7        In addition to the General Objections stated above, Plaintiffs object to this interrogatory

8  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

9  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

10  admissible evidence. It is vague and ambiguous to the extent that it suggests that the failure to

11  provide constitutionally adequate medical care to Plaintiffs is the sole responsibility of the

12  Office of the Receiver. Further, Plaintiffs object to the terms "remedy" and "constitutionally

13  adequate" as vague and ambiguous. Plaintiffs also object to the extent that it would require

14  disclosure of information protected by the attorney-client privilege, work-product doctrine, or

15  any other applicable privilege. Plaintiffs further object on the grounds that this interrogatory is

16  premature: Discovery is still on going, Defendants have still not produced all documents

17  requested and depositions have not yet been taken. This premature discovery will result

18        Without waiving and subject to its objections, Plaintiffs respond as follows: All facts set

19  forth in Plaintiffs' Notice of Motion and Motion to Convene a Three Judge Panel to Limit

20  Prison Population, filed on November 13, 2006 in Plata v. Schwarzenegger; All facts

21  referenced in Plaintiffs' expert report due on November 9, 2007.

22  **INTERROGATORY NO.3:**

23        Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response

24  to interrogatory number 1.

25  **RESPONSE TO INTERROGATORY NO. 3:**

26        In addition to the General Objections stated above, Plaintiffs object to this interrogatory

27  on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

28  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

-4-

1  admissible evidence. It is vague and ambiguous to the extent that it suggests that the failure to

2  provide constitutionally adequate medical care to Plaintiffs is the sole responsibility of the

3  Office of the Receiver. Plaintiffs also object to the extent that it would require disclosure of

4  information protected by the attorney-client privilege, work-product doctrine, or any other

5  applicable privilege. Plaintiffs further object on the grounds that this interrogatory is

6  premature: Discovery is still on going, Defendants have still not produced all documents

7  requested and depositions have not yet been taken. This premature discovery will result in

8  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

9       Without waiving and subject to its objections, Plaintiffs respond as follows: Governor

10  Schwarzenegger's Proclamation of a State of Emergency regarding prison overcrowding;

11  Publicly available articles and photographs; CDCR's Inmate Population, Rehabilitation, and

12  Housing Management Plan; Relevant portions of the Record Transcript from the October 5,

13  2006 Hearing in *Madrid v. Tilton*, Case No. 90-3094 TEH; Findings of Fact and Conclusions

14  of Law Re Appointment of Receiver, entered October 3, 2005; Corrections Independent

15  Review Panel, "Reforming Corrections," June 2004, Chapter 7, Inmate/Parolee Population

16  Management; CDCR Population Statistics, dated November 1, 2006; Relevant portions of the

17  Record Transcript from the April 26 and 27, 2006 Hearing in *Coleman v. Schwarzenegger*, 90-

18  0520 LKK; Memorandum written by John Dovey, entitled "Memorandum Re: Modification to

19  Correctional Operations Due to Compelling Operational Need," dated October 25, 2006; Dr.

20  Peter Farber-Szekrenyi's Letter to Robert Sillen and J. Michael Keating, Jr., dated September

21  1, 2006; Governor Schwarzenegger's Proclamation to convene a special session of the

22  Legislature, issued June 26, 2006; Statement of CDCR Acting Secretary James Tilton on the

23  Legislature's Failure to Act on Critical Prison Reform Legislation, issued September 1, 2006;

24  Office of the Inspector General, "Accountability Audit, Review of the Audits of the California

25  Department of Corrections and Rehabilitation Adult Operations and Adult Programs, 2000-

26  2004," April 2006, Exec. Summary; California Department of Corrections (CDCR) Spring

27  2007 Adult Population Projections; Ruling on Submitted Matter: Petition for Writ of Mandate,

28  Injunction and Declaratory Relief, *California Correctional Peace Officers' Association v.*

1   *Schwarzenegger*, No. 06CS01568 (Sacramento Superior Ct.), filed Feb. 20, 2007; Senate

2   Budget and Fiscal Review Committee Subcommittee No. 4, Agenda of April 12, 2007; Draft

3   Seventeenth Monitoring Report on the Defendants' Compliance with Provisionally Approved

4   Plans, Policies, and Protocols, issued by the Special Master on or about May 4, 2007, in

5   *Coleman v. Schwarzenegger*, No. Civ S 90-0520 LKK; Senate Budget and Fiscal Review

6   Committee Subcommittee No. 4, Agenda of May 9, 2007; Dr. Joan Petersilia, "Understanding

7   California Corrections, "May 29, 2007; Declaration of Scott Kernan in Opposition to Writ of

8   Mandate, *California Correctional Peace Officers' Organization v. Schwarzenegger*, No.

9   06CS01568 (Sacramento Superior Ct.), filed January 19, 2007; Plata Defendants' Report in

10   Response to the Court's February 15, 2007 Order, May 16, 2007; California State Sheriffs'

11   Association, "Do the Crime, Do the Time? Maybe Not, in California: Jail Cell Shortage is

12   Upsetting the Balance," June 2006; all monitoring reports prepared by Plaintiffs and sent to

13   Defendants in *Plata v. Schwarzenegger*; all reports commissioned by or prepared by the Office

14   of the Receiver; any additional documents referenced in our expert report due on November 9,

15   2007; pleadings, orders and documents filed in this *Plata v. Schwarzenegger* and *Coleman v.*

16   *Schwarzenegger*.

17 **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

18         Incorporating all objections and General Objections stated above, Plaintiff responds as

19   follows: All documents, articles and photographs referenced in *Coleman* and *Plata* Plaintiffs'

20   expert reports filed on November 9, 2007: (1) Report of Jeanne Woodford; (2) Report of

21   Doyle Wayne Scott; (3) Report of Ronald Shansky; (4) Report of James Austin; (5) Report of

22   Pablo Stewart; (6) Report of Craig Haney; photographs from the CDCR website,

23   www.cdcr.ca.gov.

24 **INTERROGATORY NO. 4:**

25         Do PLAINTIFFS contend that the plans of the Office of the Receiver, as set forth in the

26   Receiver's Quarterly Reports and Plan of Action dated May 2007 will fail to result in

27   DEFENDANTS providing constitutionally adequate medical care to PLAINTIFFS?

28 **RESPONSE TO INTERROGATORY NO. 4:**

1     In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2 on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks

3 information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4 admissible evidence.  Further, Plaintiffs object to the term "constitutionally adequate" as vague

5 and ambiguous.  Plaintiffs also object to the extent that it would require disclosure of

6 information protected by the attorney-client privilege, work-product doctrine, or any other

7 applicable privilege.

8     Without waiving and subject to its objections, plaintiff responds that this interrogatory

9 is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It

10 asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in

11 Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a

12 time period.  Further, it asks whether Plaintiffs contend that a broad plan which is "subject to

13 revision…as it is developed" and which merely sets forth an "overall direction", "articulates

14 high level steps" and requires that "a number of time-phased inter-related remedial programs"

15 be instituted", see plan at page 3,  will fail to result in Defendants providing constitutionally

16 adequate care to Plaintiffs.

17 **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.4**

18     Incorporating all objections and General Objections stated above, Plaintiff responds as

19 follows:  Plaintiffs do contend that the preliminary plans set forth in the Receiver's Quarterly

20 Reports filed on June 20, 2007 (5th Quarterly Report) and September 25, 2005 (6th Quarterly

21 Report) (the "Quarterly Reports") and Plan of Action dated May 2007 will fail to result in

22 Defendants providing constitutionally adequate medical care to Plaintiffs .

23 **INTERROGATORY NO.5**

24     State all facts that relate to PLAINTIFFS' contention set forth in response to

25 interrogatory number 4.

26 **RESPONSE TO INTERROGATORY NO. 5:**

27     In addition to the General Objections stated above, Plaintiffs object to this interrogatory

28 on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

1  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

2  admissible evidence. Further, Plaintiffs object to the term "constitutionally adequate" as vague

3  and ambiguous. Plaintiffs also object to the extent that it would require disclosure of

4  information protected by the attorney-client privilege, work-product doctrine, or any other

5  applicable privilege. Plaintiffs further object on the grounds that this interrogatory is

6  premature: Discovery is still on going, Defendants have still not produced all documents

7  requested and depositions have not yet been taken. This premature discovery will result in

8  piecemeal disclosure of information thereby imposing an undue burden on Plaintiffs.

9  Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

10  is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It

11  asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in

12  Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a

13  time period. Further, it is unintelligibly vague, ambiguous and overboard in that it asks

14  whether Plaintiffs contend that a broad plan which is "subject to revision...as it is developed"

15  and which merely sets forth an "overall direction", "articulates high level steps" and requires

16  that "a number of time-phased inter-related remedial programs" be instituted", see plan at page

17  3, will fail to result in Defendants providing constitutionally adequate care to Plaintiffs.

18  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

19  Incorporating all objections and General Objections stated above, Plaintiff responds as

20  follows: All facts referenced in *Coleman* and *Plata* Plaintiffs' expert reports filed on

21  November 9, 2007: (1) Report of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3)

22  Report of Ronald Shansky; (4) Report of James Austin; (5) Report of Pablo Stewart; (6) Report

23  of Craig Haney; all facts referenced in Plaintiffs' Response to Receiver's Plan of Action, filed

24  June 29, 2007 in this action.

25  **INTERROGATORY NO. 6:**

26  Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response

27  to interrogatory number 4.

28  **RESPONSE TO INTERROGATORY NO. 6:**

1    In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2  on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

3  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4  admissible evidence. Plaintiffs object to the term "constitutionally adequate" as vague and

5  ambiguous. Plaintiffs also object to the extent that it would require disclosure of information

6  protected by the attorney-client privilege, work-product doctrine, or any other applicable

7  privilege. Plaintiffs further object on the grounds that this interrogatory is premature:

8  Discovery is still on going, Defendants have still not produced all documents requested and

9  depositions have not yet been taken. This premature discovery will result in piecemeal

10  disclosure of information thereby imposing an undue burden on Plaintiffs

11    Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

12  is so ambiguous, vague as to time and overbroad that it cannot be answered by Plaintiffs: It

13  asks whether Plaintiffs contend that the plans of the Office of the Receiver will fail to result in

14  Defendants providing constitutionally adequate medical care to Plaintiffs without specifying a

15  time period. Further, it is unintelligibly vague, ambiguous and overbroad in that it asks

16  whether Plaintiffs contend that a broad plan which is "subject to revision…as it is developed"

17  and which merely sets forth an "overall direction", "articulates high level steps" and requires

18  that "a number of time-phased inter-related remedial programs" be instituted", see plan at page

19  3, will fail to result in Defendants providing constitutionally adequate care to Plaintiffs.

20  **PRIOR SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

21    Incorporating all objections and General Objections stated above, Plaintiff responds as

22  follows: *Coleman* and *Plata* Plaintiffs' expert reports filed on November 9, 2007: (1) Report

23  of Jeanne Woodford; (2) Report of Doyle Wayne Scott; (3) Report of Ronald Shansky; (4)

24  Report of James Austin; (5) Report of Pablo Stewart; (6) Report of Craig Haney; all

25  documents, articles and photographs referenced therein; the Receiver's Report re

26  Overcrowding, filed on May 15, 2007 in this action; Plaintiffs' Response to Receiver's Plan of

27  Action, filed June 29, 2007 in this action; Receiver's Quarterly Reports filed on June 20, 2007

28

1  (5th Quarterly) and September 25, 2005 (6th quarterly report) and Plan of Action dated May

2  2007.

3  **INTERROGATORY NO. 7**

4       Do PLAINTIFFS contend that a PRISONER RELEASE ORDER will not adversely

5  affect public safety?

6  **RESPONSE TO INTERROGATORY NO. 7:**

7       In addition to the General Objections stated above, Plaintiffs object to this interrogatory

8  on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

9  information not relevant to this litigation nor reasonably calculated to lead to the discovery of

10  admissible evidence.  Plaintiffs object to the term "adversely affect" as it is vague and

11  ambiguous.   Plaintiffs also object to the extent that it would require disclosure of information

12  protected by the attorney-client privilege, work-product doctrine, or any other applicable

13  privilege.

14       Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

15  is premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October

16  10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds'

17  October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in

18  those orders, and thus imposes an undue burden on Plaintiffs.  Plaintiffs reserve the right to

19  raise additional objections when and if a response to this interrogatory is needed.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

21       Incorporating herein all General Objections and other objections stated above, Plaintiffs

22  respond as follows: Plaintiffs do contend that a PRISONER RELEASE ORDER need not

23  adversely affect public safety.

24  **INTERROGATORY NO. 8:**

25       State all facts that relate to PLAINTIFFS' contention set forth in response to

26  interrogatory number 7.

27  **RESPONSE TO INTERROGATORY NO. 8:**

28

1   In addition to the General Objections stated above, Plaintiffs object to this interrogatory

2   on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

3   information not relevant to this litigation nor reasonably calculated to lead to the discovery of

4   admissible evidence.   Plaintiffs object to the term "adversely affect" as it is vague and

5   ambiguous. Plaintiffs also object to the extent that it would require disclosure of information

6   protected by the attorney-client privilege, work-product doctrine, or any other applicable

7   privilege.  Plaintiffs further object on the grounds that this interrogatory as premature:

8   Discovery is still ongoing, defendants have still not produced all documents requested and

9   depositions have not yet been taken.  This premature discovery will result in piecemeal

10   disclosure of information thereby imposing an undue burden on Plaintiffs.

11   Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

12   is premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October

13   10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds'

14   October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in

15   those orders, and thus imposes an undue burden on Plaintiffs.

16   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

17   Incorporating herein all General Objections and other objections stated above, Plaintiffs

18   respond as follows: facts as set forth in Governor Schwarzenegger's 2008-09 budget proposal,

19   reports such as *Accelerated Release: A Literature Review*, January 2008, available at

20   http://www.nccd-crc.org, and all reports cited therein; Expert Panel on Adult Offender and

21   Recidivism Reduction Programming, Report to the State Legislature, *A Roadmap for Effective*

22   *Offender Programming in California* (June 29, 2007); Little Hoover Commission, *Solving*

23   *California's Corrections Crisis: Time is Running Out* (January 2007); *Reforming Corrections:*

24   *Report of the Corrections Independent Review Panel*, June 30, 2004 (Former Gov.

25   Deukmejian, Chairman); Petersilia, Joan, *Understanding California Corrections*, California

26   Policy Research Center, University of California (May 2006)

27   (http://www.ucop.edu/cprc/documents/understand_ca_corrections.pdf); Final Report and

28   Recommendations, Feb. 2008, Blue Ribbon Commission on Jail Overcrowding, County of

1  Santa Barbara, (http://www.sbsheriff.org/documents/FullFinalBRCReport.pdf); Governor's

2  Rehabilitation Strike Team Report, *Meeting the Challenges of Rehabilitation in California's*

3  *Prison and Parole System*, December 2007

4  (http://www.cdcr.ca.gov/news/docs/GovRehabilitationStrikeTeamRpt_012308.pdf).

5  **INTERROGATORY NO. 9:**

6       Identify all DOCUMENTS that relate to PLAINTIFFS' contention set forth in response

7  to interrogatory number 7.

8  **RESPONSE TO INTERROGATORY NO. 9:**

9       In addition to the General Objections stated above, Plaintiffs object to this interrogatory

10 on the grounds that it is vague, ambiguous and overbroad; and to the extent that it seeks

11 information not relevant to this litigation nor reasonably calculated to lead to the discovery of

12 admissible evidence.   Plaintiffs object to the term "adversely affect" as it is vague and

13 ambiguous.  Plaintiffs also object to the extent that it would require disclosure of information

14 protected by the attorney-client privilege, work-product doctrine, or any other applicable

15 privilege.  Plaintiffs further object on the grounds that this interrogatory as premature:

16 Discovery is still ongoing, defendants have still not produced all documents requested and

17 depositions have not yet been taken.  This premature discovery will result in piecemeal

18 disclosure of information thereby imposing an undue burden on Plaintiffs.

19       Without waiving and subject to its objections, Plaintiffs respond that this interrogatory

20 is premature as it is not relevant to Phase 1 of this litigation, as set forth in the Judges' October

21 10, 2007 Order Bifurcating Proceedings and Setting Deadlines For Phase 1 and Judge Moulds'

22 October 30, 2007 order.  This premature discovery seeks to avoid the orderly plan set forth in

23 those orders, and thus imposes an undue burden on Plaintiffs.

24 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO.9:**

25       Incorporating herein all General Objections and other objections stated above, Plaintiffs

26 respond as follows: the Governor Schwarzenegger's 2008-09 budget proposal,  reports such as

27 *Accelerated Release: A Literature Review*, January 2008, available at http://www.nccd-crc.org,

28 and all reports cited therein, Expert Panel on Adult Offender and Recidivism Reduction

1    Programming, Report to the State Legislature, *A Roadmap for Effective Offender*

2    *Programming in California* (June 29, 2007); Little Hoover Commission, *Solving California's*

3    *Corrections Crisis: Time is Running Out* (January 2007); Reforming Corrections:  Report of

4    the Corrections Independent Review Panel, June 30, 2004 (Former Gov. Deukmejian,

5    Chairman); Petersilia, Joan, *Understanding California Corrections*, California Policy Research

6    Center, University of California (May 2006)

7    (http://www.ucop.edu/cprc/documents/understand_ca_corrections.pdf); Final Report and

8    Recommendations, Feb. 2008, Blue Ribbon Commission on Jail Overcrowding, County of

9    Santa Barbara, (http://www.sbsheriff.org/documents/FullFinalBRCReport.pdf); Governor's

10   Rehabilitation Strike Team Report, *Meeting the Challenges of Rehabilitation in California's*

11   *Prison and Parole System*, December 2007

12   (http://www.cdcr.ca.gov/news/docs/GovRehabilitationStrikeTeamRpt_012308.pdf).

13

14          Dated:  April 11, 2008                    Respectfully submitted,

15

16

17

18                                                    Alison Hardy
                                                      Prison Law Office
19                                                    Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing Plata Plaintiffs' Second Supplemental Response to Defendant Tilton's First Set of Interrogatories and know the contents thereof.

I, _____, class representative in this action, am authorized to make this verification for and on behalf of plaintiffs, and I make this verification for that reason. The responses are not all within my personal knowledge. I am informed and believe that there is no single person who has full personal knowledge of all of the matters set forth therein and that the responses were prepared with the advice and assistance of counsel. Subject to inadvertent or undiscovered errors and reserving the right to make changes in the responses if it appears that there were errors or omissions, I allege that the matters stated are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at _____, California on _____ __, 2008.

_____

1                         DECLARATION OF SERVICE BY MAIL

2     Case Name: Coleman v. Schwarzenegger
                 United States District Court
3                Eastern District of California    No. CIV S-90-0520 LKK JFM P

4                Plata v. Schwarzenegger
                 United States District Court
5                Northern District of California   No. C-01-1351 T.E.H.

6     I am employed in the County of Marin, California. I am over the age of 18 years and not
      a party to the within entitled cause: my business address is Prison Law Office, General
7     Delivery, San Quentin, California 94964.

8
      On April 11, 2008 I served the attached
9
      **1. Plata Plaintiffs' Supplemental Response to Defendant Schwarzenegger's First Set**
10    **of Interrogatories No. 2, 3, 8, 9, 11, 12, 13, 14**

11    **2. Plata Plaintiffs' Supplemental Response to Defendant Tilton's First Set of**
      **Interrogatories, 7, 8, and 9**
12
      in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed
13    envelope with postage thereon fully prepaid by Unites States Postal Service at San Rafael,
      California, addressed as follows:
14

15    Rochelle East, DAG                         Martin J. Mayer
      Deputy Attorney General                    Kimberly Hall Barlow
16    Office of the Attorney General             Jones & Mayer
      455 Golden Gate Avenue, Suite 11000        3777 North Harbor Blvd.
17    San Francisco, CA 94102                    Fullerton, CA 92835

18
      Steven S. Kaufhold                         Steven Woodside
19    Akin Gump Straus Hauer & Feld LLP          Office of the County Counsel
      580 California St., 15th Floor             County of Sonoma
20    San Francisco, CA 94104-1036               575 Administration Dr., Room 105A
                                                  Santa Rosa, CA 95403
21
      Rod Pacheco                                Gregg MacClean Adam
22    Office of the District Attorney            Natalie Leonard
      County of Riverside                        Carroll, Burdick & McDonough, LLP
23    4075 Main Street, First Floor              44 Montgomery Street, Suite 400
      Riverside, CA 92501                        San Francisco, CA 94104
24

25    Ann Miller Ravel                           Lisa Tillman
      Office of the County Counsel               Deputy Attorney General
26    County of Santa Clara                      Office of the Attorney General
      70 West Hedding, East Wing, 9th Floor      PO Box 944255
27    San Jose, CA 95110                         Sacramento, CA 94244

28

1  Paul B. Mello
   Hanson Bridgett
2  425 Market Street, 26th Floor
   San Francisco, CA 94105
3
4  I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct, and that this declaration was executed at San Rafael,
5  California on April 11, 2008.

6

7                                    Ashley Fewell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28