| | |
|---|---|
| PRISON LAW OFFICE | ROSEN BIEN & GALVAN, LLP |
| DONALD SPECTER, Bar No. 83925 | MICHAEL W. BIEN, Bar No. 96891 |
| STEVEN FAMA, Bar No. 99461 | JANE E. KAHN, Bar No. 112239 |
| SARA NORMAN, Bar No. 189536 | AMY WHELAN, Bar No. 215675 |
| ALISON HARDY, Bar No. 135966 | LISA ELLS, Bar No. 243657 |
| REBEKAH EVENSON, Bar No. 207825 | MARIA V. MORRIS, Bar No. 223903 |
| 1917 Fifth Street | 315 Montgomery Street, 10th Floor |
| Berkeley, CA 94710 | San Francisco, CA 94104 |
| Telephone: (510) 280-2621 | Telephone: (415) 433-6830 |
| | |
| K & L GATES LLP | BINGHAM, McCUTCHEN, LLP |
| JEFFREY L. BORNSTEIN, Bar No. 99358 | WARREN E. GEORGE, Bar No. 53588 |
| EDWARD P. SANGSTER, Bar No. 121041 | Three Embarcadero Center |
| RAYMOND E. LOUGHREY, Bar No. 194363 | San Francisco, CA 94111 |
| 55 Second Street, Suite 1700 | Telephone: (415) 393-2000 |
| San Francisco, CA 94105-3493 | |
| Telephone: (415) 882-8200 | |

THE LEGAL AID SOCIETY -
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT**<br><br>No. C01-1351 THE<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE RE SETTLEMENT** |

1

## INTRODUCTION

Defendants move in limine under Federal Rule of Evidence 408 to prevent any party from introducing evidence about any statements or materials relating to settlement discussions or negotiations between the parties. Defendants do not move to exclude offender data provided to Dr. Austin during the settlement negotiations (see Stipulation and Order, filed August 13, 2008, *Plata* Dkt. No. 1378), or reports and proposals filed by the Settlement Referee, Justice Lui.

Plaintiffs agree with Defendants that any statements and materials relating to settlement discussions or negotiations should be excluded under Rule 408 and the parties' agreement, with the exception of the data provided to Dr. Austin.[1] However, the reports and proposals submitted by the Settlement Referee should be excluded as well. The Referee's report contains a compromise proposal that was made public but should not be admitted into evidence.

## ARGUMENT

**A. The Referee's Report and Proposal is Irrelevant to the Issues in this Case.**

In order to be admissible at trial, evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Here, the Referee's Report and Proposal are irrelevant to any of the issues before this Court. The Report and Proposal do not tend to prove or disprove a fact that is at issue in this proceeding. First, the Report and Proposal are not actions taken by any party in this case. They are not at all related to whether overcrowding is the primary cause of the constitutional violations, whether other remedies would effectively cure the constitutional violations or the impact of any prisoner release order on public

---

1. Defendants previously stipulated to the disclosure of the data provided to Dr. Austin during the settlement negotiations. Stipulation and Order, filed August 13, 2008, *Plata* Docket No. 1378, *Coleman* Docket No. 2941; Defs. MIL No. 6 at 3.

Pltfs' Resp. To Defs. MIL No.6
Re Settlement Evidence
Case Nos. 90-00520; 01-1351

2

safety or the criminal justice system.

In addition, the proposal does not represent anything more than a non-party's opinion about how the case might be resolved voluntarily. And, since no party agreed to the proposal, the document says nothing about whether any party believed that any of its provisions would be effective in resolving the constitutional violations, or whether any of those measures would have an adverse impact on public safety or the criminal justice system. Even if a party had agreed to the proposal, proof of the act of agreement would be an offer to compromise that would be barred from consideration by Rule 408.

### B. The Referee's Report and Proposal Should Be Excluded Under Rule 408 and the Parties' Agreement

Rule 408 prohibits the admission into evidence of offers to compromise and statements made during negotiations:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim. . . .

"[T]he question under the rule is 'whether the statements or conduct were intended to be part of the negotiations toward compromise.' 2 J. Weinstein & M. Berger, Weinstein's Evidence P 408(03), at 408-20 to -21 (1980)." *Ramada Development Company v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981). In *Baltimore Therapeutic Equipment Company v. Loredan Biomedical, Inc.*, 1993 WL 129781 *36 (E.D. Cal. 1993), this Court held that a mediator's letter setting forth findings and opinions on the substantive issues should not have been admitted into evidence because it was intended to be part of the negotiations. The Court reasoned that admitting the letter, even for another relevant purpose, would "undercut the Rule's policy of encouraging settlement." *Id*. Here, the Settlement Referees' report and proposal were part of the settlement process and were intended to foster agreement between the parties. As such, they clearly come within the ambit of Rule 408 and must be excluded. *See also*, *Ramada*

Pltfs' Resp. To Defs. MIL No.6
Re Settlement Evidence
Case Nos. 90-00520; 01-1351

3

*Development Co.,* 644 F.2d 1097 (report by expert as part of unsuccessful attempt to settle case ruled inadmissible); *Blu-J Inc. v. Kemper C.P.A. Group*, 916 F.2d 637, 642 (11th Cir. 1990) (same).

Finally, Defendants and Plaintiffs agreed that all information provided and obtained during the settlement process could not be admitted into evidence. Defs. MIL No. 6, at 4. Defendants cannot enforce this agreement selectively. Therefore, the Referees' report and proposal must be excluded.

### III.  CONCLUSION

For the foregoing reasons, the Court should prohibit the introduction of evidence of statements or material relating to settlement discussions or negotiations, including the Settlement Referees' report and proposal.

DATED: October 30, 2008

Respectfully submitted,

*/s/*

Donald Specter
Prison Law Office
Attorney for Plaintiffs in
*Plata v. Schwarzenegger*
and
*Coleman v. Schwarzenegger*

Pltfs' Resp. To Defs. MIL No.6
Re Settlement Evidence
Case Nos. 90-00520; 01-1351

4