| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99461<br>ALISON HARDY, Bar No. 135966<br>SARA NORMAN, Bar No. 189536<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 | ROSEN BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LISA ELLS, Bar No. 243657<br>MARIA V. MORRIS, Bar No. 223903<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 433-6830 |
| K & L GATES LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: (415) 882-8200 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY -<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>No. C01-1351 THE<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>    Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MIL NO. 13 (TO EXCLUDE TESTIMONY OF NON-RETAINED THIRD-PARTY WITNESSES)** |

## I. Introduction

Defendants argue that plaintiffs' non-retained third-party experts should be excluded because plaintiffs neither produced reports from them nor deposed them. Defendants ignore Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure as well as this Court's Order Re: Defendant-Intervenors' Motion for Clarification of September 5, 2008 (September 5 Order), both of which make it clear that reports are not required for such experts. They further ignore the fact that they had the opportunity to depose the experts and declined to do so. Defendants' argument has no basis in fact or law and should therefore be rejected.

As a preliminary matter, plaintiffs intend to call only two of the non-retained third-party experts on their August 15 witness list: Michael Hennessey and Jeffrey Beard. Defendants do not move to exclude Dr. Beard's trial testimony but instead seek to limit it to the scope of his deposition testimony. Defs' Mtn in Limine No. 13 at 7. Plaintiffs agree that Dr. Beard's trial testimony will be limited to the scope of his deposition. This opposition will thus address only Michael Hennessey.

## II. Argument

### A. Neither Rule 26(a)(2)(B) nor the Court's prior Orders require plaintiffs' non-retained third-party experts to submit reports

Rule 26(a)(2)B) of the Federal Rules of Civil Procedure requires expert reports only from a witness "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." Michael Hennessey has not been retained or specially employed by plaintiffs' counsel to testify at trial, and is not an employee of plaintiffs. Thus, he is not required by Rule 26(a)(2)(B) to submit an expert report.

Further, as the Sheriff of San Francisco County, Mr. Hennessey is in exactly the same position as many defendant-intervenors. He is "a city or county employee" who "may, within the regular scope of his or her employment, develop opinions as to the impact of a prisoner release order on his or her city or county." September 5 Order at 3. As such, he need not prepare an expert report. *Ibid*; *see also* Federal Rules of Civil Procedure, Rule 26(a)(2)(B).

Defendants appear to argue that plaintiffs are bound by their position taken in response to

defendant-intervenors' motion for clarification, and must therefore submit reports for all experts, regardless of whether those reports are required under Rule 26(a)(2)(B). Defendants ignore the Court's ruling on the motion for clarification. In that ruling, the Court noted that its prior orders requiring all experts to submit reports "did not consider the sort of non-retained percipient-expert witnesses" that were the subject of defendant-intervenors' motion. September 5 Order at 2. Thus, the Court modified its report-writing rule, holding that non-retained experts need not necessarily submit expert reports. *Ibid.* As defendants themselves recognize, the September 5 Order "is equally applicable to Plaintiffs who similarly disclosed non-retained expert witnesses. . . ." Defs' Mtn in Limine No. 13 at 7. Thus plaintiffs' non-retained experts, like defendant-intervenors' non-retained experts, are not automatically required to submit reports based on the Court's prior orders.

**B.    Defendants' argument that plaintiffs' non-retained expert should be excluded from testifying at trial fails because defendants, who declined to depose him, have waived any claim involving ignorance as to the nature of his testimony**

"The reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources." September 5 Order at 4, quoting *Elgas v. Colo. Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998). Michael Hennessey should be allowed to testify at trial because defendants have waived any claim as to prejudice or unfair surprise from the lack of an expert report from this witness.

The Court found no undue prejudice in allowing defendant-intervenors' experts to testify without submitting expert reports so long as plaintiffs had the opportunity to depose them. September 5 Order at 4. Thus, the Court ordered that defendant-intervenors either (a) produce expert reports from their non-retained experts and allow them to be deposed or (b) allow depositions regarding their expert testimony and limit trial testimony to the scope of the deposition. *Id.* at 4-5.

Defendants had nearly two months to depose plaintiffs' non-retained experts, who were disclosed pursuant to the Court's scheduling orders on August 15, 2008. Expert discovery did not close until October 6, 2008. Defendants chose not to do so, however. Had they deposed Mr. Hennessey,

defendants could have inquired into the nature of his testimony.[1]  It would be manifestly unfair to excluded him because defendants declined to ask him about his opinions.

## CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine No. 13 should be denied.

DATED: October 30, 2008

                              Respectfully submitted,

                              */s/ Sara Norman*

Sara Norman
Prison Law Office
Attorney for Plaintiffs in
*Plata v. Schwarzenegger*
and
*Coleman v. Schwarzenegger*

---

[1] In a conference call on October 21, 2008, plaintiffs agreed to produce with their pretrial conference statement draft on October 29 a statement of the subject matter of these witnesses' testimony.

Pltfs' Opp to Defs' MIL No. 13 Re Testimony of Non-Retained Experts
Case Nos. 90-00520; 01-1351               4