# EXHIBIT K

1   EDMUND G. BROWN JR.
Attorney General of the State of California

2   DAVID S. CHANEY
Chief Assistant Attorney General

3   ROCHELLE C. EAST
Senior Assistant Attorney General

4   JONATHAN L. WOLFF
Senior Assistant Attorney General

5   LISA A. TILLMAN
Deputy Attorney General

6   KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General

7   455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

8   Telephone: (415) 703-5708
Facsimile: (415) 703-5843

9   kyle.lewis@doj.ca.gov

10   Attorneys for Defendants

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

RECEIVED

OCT 2 1 2008

Rosen, Bien & Galvan

11   

12   UNITED STATES DISTRICT COURT

13   FOR THE EASTERN DISTRICT OF CALIFORNIA

14   AND THE NORTHERN DISTRICT OF CALIFORNIA

15   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

16   PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17   

18   RALPH COLEMAN, et al.,

          Plaintiffs,

19            v.

20   ARNOLD SCHWARZENEGGER, et al.,

21            Defendants.

22   MARCIANO PLATA, et al.,

          Plaintiffs,

23            v.

24   ARNOLD SCHWARZENEGGER, et al.,

25            Defendants.

26   

27   

28   

No. 2:90-cv-00520 LKK JFM P

**THREE-JUDGE COURT**

No. C01-1351 TEH

**THREE-JUDGE COURT**

**DEFENDANT ARNOLD
SCHWARZENEGGER'S RESPONSE TO
PLAINTIFF COLEMAN'S SECOND SET
OF REQUESTS FOR ADMISSIONS**

- 1 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1637825.1

1   PROPOUNDING PARTIES:      Plaintiff Ralph Coleman

2   RESPONDING PARTY:         Defendant Arnold Schwarzenegger

3   SET:                      Two

4                          **DEFINITIONS**

5       In construing these discovery responses, the following definitions shall apply:

6       1.    "Plaintiff" shall mean the Propounding Party Ralph Coleman, the named

7   PLAINTIFF in the action *Coleman v. Schwarzenegger*, Case No. Civ S 90-0520 LKK-

8   JFM P (E.D. Cal.) (*Coleman*).

9       2.    "Defendant" shall mean Governor Arnold Schwarzenegger, a named

10  Defendant in *Coleman*, in his official capacity as Governor of the State of California.

11      3.    "Defendants" shall mean each of the named Defendants in the *Coleman*

12  action.

13      4.    "Proceeding" shall mean the Three-Judge Panel proceeding convened

14  under 28 U.S.C. Section 2284 in the cases of *Plata v. Schwarzenegger*, Case No. C 01

15  1351 TEH (N.D. Cal.) (*Plata*) and *Coleman*.

16                    **PRELIMINARY STATEMENT**

17      1.    All of the following responses are based solely upon information and

18  documents which are presently available to, and specifically known by Defendant and

19  disclose only those contentions which presently occur to Defendant.  Additional

20  investigation, legal research and analysis may supply additional facts and lead to

21  additions, changes, and variations from these responses.

22      2.    The following responses are given without prejudice to Defendant's right to

23  produce subsequently discovered documents or to add, modify, or otherwise change or

24  amend the responses.  The information set forth is true and correct to the best

25  knowledge of the Defendant as of this date, and is subject to correction for omissions,

26  errors, or mistakes.  These responses are based on records and information presently

27  available to Defendant.

28      3.    Defendant objects to these requests to the extent that they identify

- 2 -

1   Defendant Schwarzenegger as the responding party but appear to seek admissions from

2   numerous persons, including other Defendants in this proceeding. Federal Rule of Civil

3   Procedure 36 anticipates that a written request for admissions may be served on only

4   one party at a time. The extent Plaintiff's requests seek responses from other

5   Defendants, those requests must be directed to those other Defendants, and not to

6   Defendant Schwarzenegger on their behalf.

7          4.    Defendant objects to these requests to the extent that they seek

8   information protected from disclosure by the attorney-client privilege, deliberative

9   process privilege, and official information privilege.

10         5.    Defendant objects that the discovery seeks information that is neither

11  relevant to the claims or defenses in this proceeding nor reasonably calculated to lead to

12  the discovery of admissible evidence.

13         6.    Defendant objects to the requests to the extent that they seek information

14  equally available to Plaintiff through public sources or records, and on the grounds that

15  they subject Defendant to unreasonable and undue annoyance, oppression, burden, and

16  expense. Defendant further objects to the requests to the extent that such requests are

17  unduly burdensome because much or all of the information requested is otherwise

18  equally or more available to Plaintiff than to Defendant.

19         7.    Defendant objects that the discovery seeks information outside of

20  Defendant's control. To the extent the discovery seeks information known only to the

21  other Defendants, parties, or persons, Plaintiff should direct said discovery to those

22  individuals, not Defendant.

23         8.    Given the shortened time for Defendant's responses to this discovery,

24  Defendant reserves the right to supplement these responses at a later date, including

25  after the issuance and/or receipt of further expert reports and witness declarations in this

26  matter. With regard to each request, Defendant reserves the right, notwithstanding

27  these answers and responses, to employ at trial or in any pretrial proceeding information

28  subsequently obtained or discovered, information the materiality of which is not presently

- 3 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1  ascertained, or information Defendant does not regard as coming within the scope of the

2  requests as Defendant understands them.

3       9.    These responses are made solely for the purpose of this action. Each

4  answer is subject to all objections to competence, relevance, materiality, propriety,

5  admissibility, privacy, privilege, and any and all other objections that would require

6  exclusion of any statement contained herein if any such requests were asked of, or any

7  statement contained herein were made by, a witness present and testifying in court, all

8  of which objections and grounds are reserved and may be interposed at the time of trial.

9                **RESPONSES TO REQUESTS FOR ADMISSION**

10  **REQUEST FOR ADMISSION NO. 1:**

11       Admit that the document excerpt attached as Exhibit A is a true and correct copy

12  of page 178 of YOUR January 10, 2008 Governor's Budget Summary 2008-2009.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

14       Defendant objects to this request because it seeks information that is not relevant

15  to a claim or defense at issue in this proceeding. Additionally, this request requires a

16  response that is more properly sought from parties or persons other than this responding

17  Defendant.

18       Subject to, and without waiving the above objections, Defendant responds to this

19  request as follows: Defendant admits upon information and belief that the Exhibit

20  contains an excerpt of the identified document.

21  **REQUEST FOR ADMISSION NO. 2:**

22       Admit that YOUR proposal set forth in Exhibit A was to release specified non-

23  violent, non-serious, non-sex offenders without prior serious or violent offenses or

24  strikes, 20 months earlier than their original release date.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

26       Defendant objects to this request because it seeks information that is not relevant

27  to a claim or defense at issue in this proceeding. Additionally, this request requires a

28  response that is more properly sought from parties or persons other than this responding

-4-

1  Defendant. Furthermore, this request misstates the scope of and multiple subparts

2  contained within the referenced document. Moreover, Defendant objects to this request

3  on the grounds that it seeks information protected from disclosure by the attorney-client

4  privilege, deliberative process privilege, and official information privilege.

5       Subject to, and without waiving the above objections, Defendant responds to this

6  request as follows: Defendant admits upon information and belief that the Exhibit

7  contained a proposal for the release of specified prisoners as noted in the request. This

8  proposal was the result of a budget reduction directive issued to all State agencies and

9  departments to determine possible means of reducing the overall budget in response to

10  projected shortfalls.

11  **REQUEST FOR ADMISSION NO. 3:**

12       Admit that your proposal set forth in Exhibit A was not intended to cause an

13  ADVERSE IMPACT ON PUBLIC SAFETY in California.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

15       Defendant objects to this request because it seeks information that is not relevant

16  to a claim or defense at issue in this proceeding. Additionally, this request requires a

17  response that is more properly sought from parties or persons other than this responding

18  Defendant. Furthermore, this request is vague and ambiguous as to the terms "your

19  proposal," "intended to cause" and "ADVERSE IMPACT ON PUBLIC SAFETY."

20  Moreover, this request misstates the scope of and multiple subparts contained within the

21  referenced document. Additionally, Defendant objects to this request on the grounds

22  that it seeks information protected from disclosure by the attorney-client privilege,

23  deliberative process privilege, and official information privilege.

24       Subject to, and without waiving the above objections, Defendant responds to this

25  request as follows: Defendant admits upon information and belief that the proposal

26  contained in the Exhibit was part of the annual State budget process was not included in

27  the May revision, was not adopted in the final budget, and was not intended to cause an

28  adverse impact in the State of California.

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   **REQUEST FOR ADMISSION NO. 4:**

2        Admit that YOUR proposal in Exhibit A was not intended to cause an ADVERSE

3   IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5        Defendant objects to this request because it seeks information that is not relevant

6   to a claim or defense at issue in this proceeding. Additionally, this request requires a

7   response that is more properly sought from parties or persons other than this responding

8   Defendant. Furthermore, this request is vague and ambiguous as to the terms "your

9   proposal," "intended to cause" and "ADVERSE IMPACT ON THE CRIMINAL JUSTICE

10  SYSTEM." Moreover, this request misstates the scope of and multiple subparts

11  contained within the referenced document. Additionally, Defendant objects to this

12  request on the grounds that it seeks information protected from disclosure by the

13  attorney-client privilege, deliberative process privilege, and official information privilege.

14       Subject to, and without waiving the above objections, Defendant responds to this

15  request as follows: Defendant admits upon information and belief that the proposal

16  contained in the Exhibit was part of the annual State budget process, was not adopted,

17  and was not intended to cause an adverse impact the criminal justice system in the State

18  of California.

19  **REQUEST FOR ADMISSION NO. 5:**

20       Admit that the document attached as Exhibit B is a true and correct copy of a

21  transcript of YOUR December 21, 2006 press conference at which YOU unveiled YOUR

22  Comprehensive Prison Reform Proposal.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

24       Defendant objects to this request because it seeks information that is not relevant

25  to a claim or defense at issue in this proceeding. Additionally, this request requires a

26  response that is more properly sought from parties or persons other than this responding

27  Defendant.

28

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    Subject to, and without waiving the above objections, Defendant responds to this

2    request as follows:  Defendant admits upon information and belief that the Exhibit

3    appears to contain a transcript of the identified press conference.

4    **REQUEST FOR ADMISSION NO. 6:**

5    Admit that YOUR December 21, 2006 proposal for a sentencing commission was

6    not intended to cause an ADVERSE IMPACT ON PUBLIC SAFETY in California.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

8    Defendant objects to this request because it seeks information that is not relevant

9    to a claim or defense at issue in this proceeding.  Additionally, this request requires a

10    response that is more properly sought from parties or persons other than this responding

11    Defendant.  Furthermore, this request is vague and ambiguous as to the terms "proposal

12    for a sentencing commission," "intended to cause" and "ADVERSE IMPACT ON PUBLIC

13    SAFETY."  Moreover, this request misstates the scope of and multiple subparts

14    contained within the referenced document.  Additionally, Defendant objects to this

15    request on the grounds that it seeks information protected from disclosure by the

16    attorney-client privilege, deliberative process privilege, and official information privilege.

17    Subject to, and without waiving the above objections, Defendant responds to this

18    request as follows:  Defendant admits upon information and belief that the proposal

19    contained in the Exhibit was not intended to cause an adverse impact on public safety in

20    California.

21    **REQUEST FOR ADMISSION NO. 7:**

22    Admit that YOUR December 21, 2006 proposal for a sentencing commission was

23    not intended to cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

24    California.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

26    Defendant objects to this request because it seeks information that is not relevant

27    to a claim or defense at issue in this proceeding.  Additionally, this request requires a

28    response that is more properly sought from parties or persons other than this responding

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   Defendant.  Furthermore, this request is vague and ambiguous as to the terms "proposal

2   for a sentencing commission," "intended to cause" and "ADVERSE IMPACT ON THE

3   CRIMINAL JUSTICE SYSTEM."  Moreover, this request misstates the scope of and

4   multiple subparts contained within the referenced document.  Additionally, Defendant

5   objects to this request on the grounds that it seeks information protected from disclosure

6   by the attorney-client privilege, deliberative process privilege, and official information

7   privilege.

8        Subject to, and without waiving the above objections, Defendant responds to this

9   request as follows:  Defendant admits upon information and belief that the proposal

10  contained in the Exhibit was not intended to cause an adverse impact on the criminal

11  justice system in California.

12  **REQUEST FOR ADMISSION NO. 8:**

13       Admit that YOUR December 21, 2006 proposal for parole reform (see Exhibit B,

14  attached) was not intended to cause an ADVERSE IMPACT ON PUBLIC SAFETY in

15  California.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

17       Defendant objects to this request because it seeks information that is not relevant

18  to a claim or defense at issue in this proceeding.  Additionally, this request requires a

19  response that is more properly sought from parties or persons other than this responding

20  Defendant.  Furthermore, this request is vague and ambiguous as to the terms "proposal

21  for parole reform" and "ADVERSE IMPACT ON PUBLIC SAFETY."  Moreover, this

22  request misstates the scope of and multiple subparts contained within the referenced

23  document.  Additionally, Defendant objects to this request on the grounds that it seeks

24  information protected from disclosure by the attorney-client privilege, deliberative

25  process privilege, and official information privilege.

26       Subject to, and without waiving the above objections, Defendant responds to this

27  request as follows:  Defendant admits upon information and belief that the proposal

28  contained in the Exhibit was not intended to cause an adverse impact on public safety in

- 8 -

1  California.

2  **REQUEST FOR ADMISSION NO. 9:**

3      Admit that YOUR December 21, 2006 proposal for parole reform was not

4  intended to cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

5  California.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

7      Defendant objects to this request because it seeks information that is not relevant

8  to a claim or defense at issue in this proceeding. Additionally, this request requires a

9  response that is more properly sought from parties or persons other than this responding

10  Defendant. Furthermore, this request is vague and ambiguous as to the terms "proposal

11  for parole reform" and "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

12  Moreover, this request misstates the scope of and multiple subparts contained within the

13  referenced document. Additionally, Defendant objects to this request on the grounds

14  that it seeks information protected from disclosure by the attorney-client privilege,

15  deliberative process privilege, and official information privilege.

16      Subject to, and without waiving the above objections, Defendant responds to this

17  request as follows: Defendant admits upon information and belief that the proposal

18  contained in the Exhibit was not intended to cause an adverse impact on public safety in

19  California.

20  **REQUEST FOR ADMISSION NO. 10:**

21      Admit that 15 CCR, section 3040.2 requires each prison to establish "Bridging

22  Education Programs as work/training incentive assignments to provide education

23  programming."

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

25      Defendant objects to this request because it seeks information that is not relevant

26  to a claim or defense at issue in this proceeding. Additionally, this request requires a

27  response that is more properly sought from parties or persons other than this responding

28  Defendant. Moreover, this request calls assumes information beyond the knowledge of

- 9 -

1   this responding Defendant and seeks a legal conclusion.  Additionally, assuming that the

2   request regards section 3040.2 of Title 15 of the California Code of Regulations, this

3   request misstates the scope of and multiple subparts contained within the referenced

4   section.

5           Subject to, and without waiving the above objections, Defendant responds to this

6   request as follows:  Defendant admits upon information and belief that a portion of the

7   referenced section contained within Title 15 of the California Code of Regulations states:

8   "Each prison shall establish Bridging Education Programs as work/training incentive

9   assignments to provide education programming."

10  **REQUEST FOR ADMISSION NO. 11:**

11          Admit that 15 CCR, section 3040.2 provides that prisoners who are undergoing

12  reception center processing, and are day-for-day credit eligible under Penal Code

13  section 2933, are assigned to the Bridging Program upon arrival at the reception

14  centers.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

16          Defendant objects to this request on the grounds that it seeks information that is

17  not relevant to a claim or defense at issue in this proceeding.  Additionally, this request

18  requires a response that is more properly sought from parties or persons other than this

19  responding Defendant.  Moreover, this request calls for information beyond the

20  knowledge of this responding Defendant and seeks a legal conclusion.  Additionally,

21  assuming that the request regards section 3040.2 of Title 15 of the California Code of

22  Regulations, this request misstates the scope of and multiple subparts contained within

23  the referenced section.

24          Subject to, and without waiving the above objections, Defendant responds to this

25  request as follows:  Defendant admits upon information and belief that a portion of the

26  referenced section contained within Title 15 of the California Code of Regulations states:

27  "Inmates who are undergoing reception center processing, and are day-for-say credit

28  eligible under Penal code section 2933, are assigned to the Bridging Program upon

- 10 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1  arrival at the reception centers."

2  **REQUEST FOR ADMISSION NO. 12:**

3      Admit that, under 15 CCR section 3040.2, assignment to an approved Bridging

4  Education Program qualified as a full-time assignment in Work Group A-1, entitling the

5  prisoner to day-for-day credit.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

7      Defendant objects to this request because it seeks information that is not relevant

8  to a claim or defense at issue in this proceeding.  Additionally, this request requires a

9  response that is more properly sought from parties or persons other than this responding

10  Defendant.  Moreover, this request calls for information beyond the knowledge of this

11  responding Defendant and seeks a legal conclusion.  Additionally, assuming that the

12  request regards section 3040.2 of Title 15 of the California Code of Regulations, this

13  request misstates the scope of and multiple subparts contained within the referenced

14  section.

15      Subject to, and without waiving the above objections, Defendant responds to this

16  request as follows:  Defendant admits upon information and belief that a portion of the

17  referenced section contained within Title 15 of the California Code of Regulations states:

18  "Assignment to an approved Bridging Education Program qualified as a full-time

19  assignment in Work Group A-1, entitling the prisoner to day-for-day credit."

20  **REQUEST FOR ADMISSION NO. 13:**

21      Admit that the Bridging Program does not cause an ADVERSE IMPACT ON

22  PUBLIC SAFETY in California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24      Defendant objects to this request on the grounds that it seeks information that is

25  not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

26  to this request on the grounds that it requires a response that is more properly sought

27  from parties or persons other than this responding Defendant.  Defendant further objects

28  to this request on the grounds that it is vague and ambiguous as to the term "Bridging

- 11 -

1  Program". and "ADVERSE IMPACT ON PUBLIC SAFETY."  Defendant further objects to

2  this request on the grounds that it seeks information protected from disclosure by the

3  attorney-client privilege, deliberative process privilege, and official information privilege.

4  Defendant further objects to this request on the grounds that it assumes information

5  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

6  Defendant further objects to this request on the grounds that it requires this responding

7  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

8  request on the grounds that it is burdensome and oppressive in that in order to

9  appropriately respond, Defendant would have to review thousands of records of

10  prisoners and/or parolees enrolled in the referenced program.  Defendant further

11  objects to this request on the grounds that it is overbroad, unduly burdensome, vague,

12  and ambiguous as to time in that it fails to specify any period of time, and is therefore not

13  reasonably calculated to lead to the discovery of admissible evidence.

14       Subject to, and without waiving the above objections, Defendant responds to this

15  request as follows:  Defendant lacks sufficient information to admit or deny the matter

16  stated in the request based on the objections noted above.  While the Bridging Program

17  itself does not have direct impact on public safety, it does result in the release of inmates

18  before they have served the entirety of their sentenced time, and Defendant does not

19  know the full extent of the impact on public safety.

20  **REQUEST FOR ADMISSION NO. 14:**

21       Admit that the Bridging Program does not cause an ADVERSE IMPACT ON THE

22  CRIMINAL JUSTICE SYSTEM in California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

24       Defendant objects to this request on the grounds that it seeks information that is

25  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

26  further objects to this request on the grounds that it requires a response that is more

27  properly sought from parties or persons other than this responding Defendant.

28  Defendant further objects to this request on the grounds that it is vague and ambiguous

- 12 -

1    as to the term "Bridging Program" and "ADVERSE IMPACT ON THE CRIMINAL

2    JUSTICE SYSTEM." Defendant further objects to this request on the grounds that it

3    seeks information protected from disclosure by the attorney-client privilege, deliberative

4    process privilege, and official information privilege. Defendant further objects to this

5    request on the grounds that it assumes information beyond the knowledge of this

6    responding Defendant and seeks a legal conclusion. Defendant further objects to this

7    request on the grounds that it requires this responding Defendant to assume an

8    incomplete hypothetical. Defendant further objects to this request on the grounds that it

9    is burdensome and oppressive in that in order to appropriately respond, Defendant

10   would have to review thousands of records of prisoners and/or parolees enrolled in the

11   referenced program.   Defendant further objects to this request on the grounds that it is

12   overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

13   specify any period of time, and is therefore not reasonably calculated to lead to the

14   discovery of admissible evidence.

15        Subject to, and without waiving the above objections, Defendant responds to this

16   request as follows: Defendant lacks sufficient information to admit or deny the matter

17   stated in the request based on the objections noted above. While the Bridging Program

18   itself does not have direct impact on the criminal justice system, it does result in the

19   release of inmates before they have served the entirety of their sentenced time, and

20   Defendant does not know the full extent of the impact on the criminal justice system.

21   **REQUEST FOR ADMISSION NO. 15:**

22        Admit that some prisoners receive pre-sentence conduct credits, under Penal

23   Code section 4019, for time periods spent in jail or in a residential treatment program.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

25        Defendant objects to this request on the grounds that it seeks information that is

26   not relevant to any party's claim or defense at issue in this proceeding. Defendant

27   further objects to this request on the grounds that it requires a response that is more

28   properly sought from parties or persons other than this responding Defendant.

- 13 -

1    Defendant further objects to this request on the grounds that it is vague and ambiguous

2    as to the term "pre-sentence conduct credits."  Additionally, assuming that the request

3    regards Section 4019 of the California Penal Code, this request misstates the scope of

4    and multiple subparts contained within the referenced section. Defendant further objects

5    to this request on the grounds that it seeks information protected from disclosure by the

6    attorney-client privilege, deliberative process privilege, and official information privilege.

7    Defendant further objects to this request on the grounds that it assumes information

8    beyond the knowledge of this responding Defendant and seeks a legal conclusion.

9    Defendant further objects to this request on the grounds that it requires this responding

10    Defendant to assume an incomplete hypothetical.  Defendant further objects to this

11    request on the grounds that it is burdensome and oppressive in that in order to

12    appropriately respond, Defendant would have to review thousands of records of

13    prisoners and/or parolees enrolled in the referenced program.   Defendant further

14    objects to this request on the grounds that it is overbroad, unduly burdensome, vague,

15    and ambiguous as to time in that it fails to specify any period of time, and is therefore not

16    reasonably calculated to lead to the discovery of admissible evidence.

17        Subject to, and without waiving the above objections, Defendant responds to this

18    request as follows:  Defendant admits upon information and belief that Penal Code

19    section 4019 provides for pre-sentence credits based on satisfactory performance and

20    behavior.  Defendant is unable to admit or deny that prisoners have received the credits

21    as detailed in California Penal Code section 4019 because such independent

22    investigation is not possible within the time parameters dictated for a response to this

23    request.

24    **REQUEST FOR ADMISSION NO. 16:**

25        Admit that the pre-sentence conduct credits under Penal Code Section 4019, for

26    time periods spent in jail do not cause an ADVERSE IMPACT ON PUBLIC SAFETY in

27    California.

28    ///

- 14 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2    Defendant objects to this request on the grounds that it seeks information that is

3    not relevant to any party's claim or defense at issue in this proceeding. Defendant

4    further objects to this request on the grounds that it requires a response that is more

5    properly sought from parties or persons other than this responding Defendant.

6    Defendant further objects to this request on the grounds that it is vague and ambiguous

7    as to the terms "pre-sentence credits" and "ADVERSE IMPACT ON PUBLIC SAFETY."

8    Additionally, assuming that the request regards Section 4019 of the California Penal

9    Code, this request misstates the scope of and multiple subparts contained within the

10   referenced section. Defendant further objects to this request on the grounds that it seeks

11   information protected from disclosure by the attorney-client privilege, deliberative

12   process privilege, and official information privilege. Defendant further objects to this

13   request on the grounds that it assumes information beyond the knowledge of this

14   responding Defendant and seeks a legal conclusion. Defendant further objects to this

15   request on the grounds that it requires this responding Defendant to assume an

16   incomplete hypothetical. Defendant further objects to this request on the grounds that it

17   is burdensome and oppressive in that in order to appropriately respond, Defendant

18   would have to review thousands of records of prisoners and/or parolees granted these

19   credits. Defendant further objects to this request on the grounds that it is overbroad,

20   unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

21   period of time, and is therefore not reasonably calculated to lead to the discovery of

22   admissible evidence.

23   Subject to, and without waiving the above objections, Defendant responds to this

24   request as follows: Defendant lacks sufficient information to admit or deny the matter

25   stated in the request based on the objections noted above. While the good behavior

26   time credits themselves do not have direct impact on public safety, they do result in the

27   release of inmates before they have served the entirety of their sentenced time, and

28   Defendant does not know the full extent of the impact on public safety.

- 15 -

1    **REQUEST FOR ADMISSION NO. 17:**

2         Admit that pre-sentence conduct credits under Penal Code section 4019 do not

3    cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

5         Defendant objects to this request on the grounds that it seeks information that is

6    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

7    further objects to this request on the grounds that it requires a response that is more

8    properly sought from parties or persons other than this responding Defendant.

9    Defendant further objects to this request on the grounds that it is vague and ambiguous

10   as to the terms "pre-sentence credits" and "ADVERSE IMPACT ON THE CRIMINAL

11   JUSTICE SYSTEM."  Additionally, assuming that the request regards Section 4019 of

12   the California Penal Code, this request misstates the scope of and multiple subparts

13   contained within the referenced section. Defendant further objects to this request on the

14   grounds that it seeks information protected from disclosure by the attorney-client

15   privilege, deliberative process privilege, and official information privilege.  Defendant

16   further objects to this request on the grounds that it assumes information beyond the

17   knowledge of this responding Defendant and seeks a legal conclusion.  Defendant

18   further objects to this request on the grounds that it requires this responding Defendant

19   to assume an incomplete hypothetical.  Defendant further objects to this request on the

20   grounds that it is burdensome and oppressive in that in order to appropriately respond,

21   Defendant would have to review thousands of records of prisoners and/or parolees

22   granted these credits.   Defendant further objects to this request on the grounds that it is

23   overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

24   specify any period of time, and is therefore not reasonably calculated to lead to the

25   discovery of admissible evidence.

26         Subject to, and without waiving the above objections, Defendant responds to this

27   request as follows:  Defendant lacks sufficient information to admit or deny the matter

28   stated in the request based on the objections noted above.  While the good behavior

- 16 -

1    time credits themselves do not have direct impact on the criminal justice system, they do

2    result in the release of inmates before they have served the entirety of their sentenced

3    time, and Defendant does not know the full extent of the impact on the criminal justice

4    system.

5    **REQUEST FOR ADMISSION NO. 18:**

6         Admit that some prisoners receive post-sentence, pre-prison conduct credits,

7    under Penal Code section 4019, for time periods spent in jail.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

9         Defendant objects to this request on the grounds that it seeks information that is

10   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

11   further objects to this request on the grounds that it requires a response that is more

12   properly sought from parties or persons other than this responding Defendant.

13   Defendant further objects to this request on the grounds that it is vague and ambiguous

14   as to the term "post-sentence, pre-sentence credits."  Additionally, assuming that the

15   request regards Section 4019 of the California Penal Code, this request misstates the

16   scope of and multiple subparts contained within the referenced section. Defendant

17   further objects to this request on the grounds that it seeks information protected from

18   disclosure by the attorney-client privilege, deliberative process privilege, and official

19   information privilege.  Defendant further objects to this request on the grounds that it

20   assumes information beyond the knowledge of this responding Defendant and seeks a

21   legal conclusion.  Defendant further objects to this request on the grounds that it

22   requires this responding Defendant to assume an incomplete hypothetical.  Defendant

23   further objects to this request on the grounds that it is burdensome and oppressive in

24   that in order to appropriately respond, Defendant would have to review thousands of

25   records of prisoners and/or parolees granted these credits.   Defendant further objects to

26   this request on the grounds that it is overbroad, unduly burdensome, vague, and

27   ambiguous as to time in that it fails to specify any period of time, and is therefore not

28   reasonably calculated to lead to the discovery of admissible evidence.

- 17 -

1    Subject to, and without waiving the above objections, Defendant responds to this

2 request as follows:  Defendant admits upon information and belief that the period of

3 confinement for some prisoners are reduced for satisfactory performance and behavior

4 as detailed in California Penal Code section 4019.

5 **REQUEST FOR ADMISSION NO. 19:**

6    Admit that post-sentence, pre-prison conduct credits under Penal Code section

7 4019 for time periods spent in jail do not cause an ADVERSE IMPACT ON PUBLIC

8 SAFETY in California.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

10    Defendant objects to this request on the grounds that it seeks information that is

11 not relevant to any party's claim or defense at issue in this proceeding.  Defendant

12 further objects to this request on the grounds that it requires a response that is more

13 properly sought from parties or persons other than this responding Defendant.

14 Defendant further objects to this request on the grounds that it is vague and ambiguous

15 as to the terms "post-sentence, pre-sentence credits" and "ADVERSE IMPACT ON

16 PUBLIC SAFETY."  Additionally, assuming that the request regards Section 4019 of the

17 California Penal Code, this request misstates the scope of and multiple subparts

18 contained within the referenced section.  Defendant further objects to this request on the

19 grounds that it seeks information protected from disclosure by the attorney-client

20 privilege, deliberative process privilege, and official information privilege.  Defendant

21 further objects to this request on the grounds that it assumes information beyond the

22 knowledge of this responding Defendant and seeks a legal conclusion.  Defendant

23 further objects to this request on the grounds that it requires this responding Defendant

24 to assume an incomplete hypothetical.  Defendant further objects to this request on the

25 grounds that it is burdensome and oppressive in that in order to appropriately respond,

26 Defendant would have to review thousands of records of prisoners and/or parolees

27 granted these credits.   Defendant further objects to this request on the grounds that it is

28 overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

- 18 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   specify any period of time, and is therefore not reasonably calculated to lead to the

2   discovery of admissible evidence.

3          Subject to, and without waiving the above objections, Defendant responds to this

4   request as follows:  Defendant lacks sufficient information to admit or deny the matter

5   stated in the request based on the objections noted above.  While the good behavior

6   time credits themselves do not have direct impact on public safety, they do result in the

7   release of inmates before they have served the entirety of their sentenced time, and

8   Defendant does not know the full extent of the impact on public safety.

9   **REQUEST FOR ADMISSION NO. 20:**

10          Admit that post-sentence, pre-prison conduct credits under Penal Code section

11   4019, for time periods spent in jail do not cause an ADVERSE IMPACT ON THE

12   CRIMINAL JUSTICE SYSTEM in California.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

14          Defendant objects to this request on the grounds that it seeks information that is

15   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

16   further objects to this request on the grounds that it requires a response that is more

17   properly sought from parties or persons other than this responding Defendant.

18   Defendant further objects to this request on the grounds that it is vague and ambiguous

19   as to the terms "post-sentence, pre-sentence credits" and "ADVERSE IMPACT ON THE

20   CRIMINAL JUSTICE SYSTEM."  Additionally, assuming that the request regards Section

21   4019 of the California Penal Code, this request misstates the scope of and multiple

22   subparts contained within the referenced section.  Defendant further objects to this

23   request on the grounds that it seeks information protected from disclosure by the

24   attorney-client privilege, deliberative process privilege, and official information privilege.

25   Defendant further objects to this request on the grounds that it assumes information

26   beyond the knowledge of this responding Defendant and seeks a legal conclusion.

27   Defendant further objects to this request on the grounds that it requires this responding

28   Defendant to assume an incomplete hypothetical.  Defendant further objects to this

- 19 -

1    request on the grounds that it is burdensome and oppressive in that in order to

2    appropriately respond, Defendant would have to review thousands of records of

3    prisoners and/or parolees granted these credits.  Defendant further objects to this

4    request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

5    as to time in that it fails to specify any period of time, and is therefore not reasonably

6    calculated to lead to the discovery of admissible evidence.

7        Subject to, and without waiving the above objections, Defendant responds to this

8    request as follows:  Defendant lacks sufficient information to admit or deny the matter

9    stated in the request based on the objections noted above.  While the good behavior

10   time credits themselves do not have a direct impact on the criminal justice system, they

11   do result in the release of inmates before they have served the entirety of their

12   sentenced time, and Defendant does not know the full extent of the impact on the

13   criminal justice system.

14   **REQUEST FOR ADMISSION NO. 21:**

15       Admit that some prisoners receive worktime credits under Penal Code section

16   2933.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

18       Defendant objects to this request on the grounds that it seeks information that is

19   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

20   further objects to this request on the grounds that it requires a response that is more

21   properly sought from parties or persons other than this responding Defendant.

22   Additionally, assuming that the request regards Section 2933 of the California Penal

23   Code, this request misstates the scope of and multiple subparts contained within the

24   referenced section. Defendant further objects to this request on the grounds that it seeks

25   information protected from disclosure by the attorney-client privilege, deliberative

26   process privilege, and official information privilege.  Defendant further objects to this

27   request on the grounds that it assumes information beyond the knowledge of this

28   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

- 20 -

1  request on the grounds that it requires this responding Defendant to assume an

2  incomplete hypothetical.  Defendant further objects to this request on the grounds that it

3  is burdensome and oppressive in that in order to appropriately respond, Defendant

4  would have to review thousands of records of prisoners and/or parolees granted these

5  credits.   Defendant further objects to this request on the grounds that it is overbroad,

6  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

7  period of time, and is therefore not reasonably calculated to lead to the discovery of

8  admissible evidence.

9       Subject to, and without waiving the above objections, Defendant responds to this

10  request as follows:  Defendant admits upon information and belief that the period of

11  confinement for some prisoners are reduced for satisfactory performance in work,

12  training, or education programs as detailed in California Penal Code section 2933.

13  **REQUEST FOR ADMISSION NO. 22:**

14       Admit the worktime credits under Penal Code section 2933 do not cause an

15  ADVERSE IMPACT ON PUBLIC SAFETY in California.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

17       Defendant objects to this request on the grounds that it seeks information that is

18  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

19  further objects to this request on the grounds that it requires a response that is more

20  properly sought from parties or persons other than this responding Defendant.

21  Defendant further objects to this request on the grounds that it is vague and ambiguous

22  as to the term "ADVERSE IMPACT ON PUBLIC SAFETY."  Additionally, assuming that

23  the request regards Section 2933 of the California Penal Code, this request misstates

24  the scope of and multiple subparts contained within the referenced section. Defendant

25  further objects to this request on the grounds that it seeks information protected from

26  disclosure by the attorney-client privilege, deliberative process privilege, and official

27  information privilege.  Defendant further objects to this request on the grounds that it

28  assumes information beyond the knowledge of this responding Defendant and seeks a

- 21 -

1  legal conclusion. Defendant further objects to this request on the grounds that it

2  requires this responding Defendant to assume an incomplete hypothetical. Defendant

3  further objects to this request on the grounds that it is burdensome and oppressive in

4  that in order to appropriately respond, Defendant would have to review thousands of

5  records of prisoners and/or parolees granted these credits.  Defendant further objects to

6  this request on the grounds that it is overbroad, unduly burdensome, vague, and

7  ambiguous as to time in that it fails to specify any period of time, and is therefore not

8  reasonably calculated to lead to the discovery of admissible evidence.

9        Subject to, and without waiving the above objections, Defendant responds to this

10  request as follows:  Defendant lacks sufficient information to admit or deny the matter

11  stated in the request based on the objections noted above. While the worktime credits

12  themselves do not have a direct impact on public safety, they do result in the release of

13  inmates before they have served the entirety of their sentenced time, and Defendant

14  does not know the full extent of the impact on public safety.

15  **REQUEST FOR ADMISSION NO. 23:**

16        Admit that worktime credits under Penal Code section 2933 do not cause an

17  ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

19        Defendant objects to this request on the grounds that it seeks information that is

20  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

21  further objects to this request on the grounds that it requires a response that is more

22  properly sought from parties or persons other than this responding Defendant.

23  Defendant further objects to this request on the grounds that it is vague and ambiguous

24  as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

25  Additionally, assuming that the request regards Section 2933 of the California Penal

26  Code, this request misstates the scope of and multiple subparts contained within the

27  referenced section. Defendant further objects to this request on the grounds that it seeks

28  information protected from disclosure by the attorney-client privilege, deliberative

- 22 -

1  process privilege, and official information privilege. Defendant further objects to this

2  request on the grounds that it assumes information beyond the knowledge of this

3  responding Defendant and seeks a legal conclusion. Defendant further objects to this

4  request on the grounds that it requires this responding Defendant to assume an

5  incomplete hypothetical. Defendant further objects to this request on the grounds that it

6  is burdensome and oppressive in that in order to appropriately respond, Defendant

7  would have to review thousands of records of prisoners and/or parolees granted these

8  credits. Defendant further objects to this request on the grounds that it is overbroad,

9  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

10  period of time, and is therefore not reasonably calculated to lead to the discovery of

11  admissible evidence.

12      Subject to, and without waiving the above objections, Defendant responds to this

13  request as follows: Defendant lacks sufficient information to admit or deny the matter

14  stated in the request based on the objections noted above. While the worktime credits

15  themselves do not have a direct impact on the criminal justice system, they do result in

16  the release of inmates before they have served the entirety of their sentenced time, and

17  Defendant does not know the full extent of the impact on the criminal justice system.

18  **REQUEST FOR ADMISSION NO. 24:**

19      Admit that some prisoners receive "S-time" credits under 15 CCR section 3045.3.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

21      Defendant objects to this request on the grounds that it seeks information that is

22  not relevant to any party's claim or defense at issue in this proceeding. Defendant

23  further objects to this request on the grounds that it requires a response that is more

24  properly sought from parties or persons other than this responding Defendant.

25  Additionally, assuming that the request regards section 3045.3 of Title 15 of the

26  California Code of Regulations, this request misstates the scope of and multiple subparts

27  contained within the referenced section. Defendant further objects to this request on the

28  grounds that it seeks information protected from disclosure by the attorney-client

- 23 -

1   privilege, deliberative process privilege, and official information privilege. Defendant

2   further objects to this request on the grounds that it assumes information beyond the

3   knowledge of this responding Defendant and seeks a legal conclusion. Defendant

4   further objects to this request on the grounds that it requires this responding Defendant

5   to assume an incomplete hypothetical. Defendant further objects to this request on the

6   grounds that it is burdensome and oppressive in that in order to appropriately respond,

7   Defendant would have to review thousands of records of prisoners and/or parolees

8   granted these credits. Defendant further objects to this request on the grounds that it is

9   overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

10  specify any period of time, and is therefore not reasonably calculated to lead to the

11  discovery of admissible evidence.

12      Subject to, and without waiving the above objections, Defendant responds to this

13  request as follows: Defendant admits upon information and belief that some prisoners

14  receive "S" time credit commensurate with their designated work group as detailed in

15  Title 15 of the California Code of Regulations section 3045.3.

16  **REQUEST FOR ADMISSION NO. 25:**

17      Admit that "S-time" credits do not cause an ADVERSE IMPACT ON PUBLIC

18  SAFETY in California.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

20      Defendant objects to this request on the grounds that it seeks information that is

21  not relevant to any party's claim or defense at issue in this proceeding. Defendant

22  further objects to this request on the grounds that it requires a response that is more

23  properly sought from parties or persons other than this responding Defendant.

24  Defendant further objects to this request on the grounds that it is vague and ambiguous

25  as to the term "ADVERSE IMPACT ON PUBLIC SAFETY." Additionally, assuming that

26  the request regards section 3045.3 of Title 15 of the California Code of Regulations, this

27  request misstates the scope of and multiple subparts contained within the referenced

28  section. Defendant further objects to this request on the grounds that it seeks

- 24 -

1    information protected from disclosure by the attorney-client privilege, deliberative

2    process privilege, and official information privilege. Defendant further objects to this

3    request on the grounds that it assumes information beyond the knowledge of this

4    responding Defendant and seeks a legal conclusion. Defendant further objects to this

5    request on the grounds that it requires this responding Defendant to assume an

6    incomplete hypothetical. Defendant further objects to this request on the grounds that it

7    is burdensome and oppressive in that in order to appropriately respond, Defendant

8    would have to review thousands of records of prisoners and/or parolees granted these

9    credits.  Defendant further objects to this request on the grounds that it is overbroad,

10   unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

11   period of time, and is therefore not reasonably calculated to lead to the discovery of

12   admissible evidence.

13          Subject to, and without waiving the above objections, Defendant responds to this

14   request as follows:  Defendant lacks sufficient information to admit or deny the matter

15   stated in the request based on the objections noted above. While the "S" time credits

16   themselves do not have a direct impact on public safety, they do result in the release of

17   inmates before they have served the entirety of their sentenced time, and Defendant

18   does not know the full extent of the impact on public safety.

19   **REQUEST FOR ADMISSION NO. 26:**

20          Admit that "S-time" credits do not cause an ADVERSE IMPACT ON THE

21   CRIMINAL JUSTICE SYSTEM in California.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

23          Defendant objects to this request on the grounds that it seeks information that is

24   not relevant to any party's claim or defense at issue in this proceeding. Defendant

25   further objects to this request on the grounds that it requires a response that is more

26   properly sought from parties or persons other than this responding Defendant.

27   Defendant further objects to this request on the grounds that it is vague and ambiguous

28   as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

- 25 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    Additionally, assuming that the request regards Title 15 of the California Code of

2    Regulations, this request misstates the scope of and multiple subparts contained within

3    the referenced section. Defendant further objects to this request on the grounds that it

4    seeks information protected from disclosure by the attorney-client privilege, deliberative

5    process privilege, and official information privilege. Defendant further objects to this

6    request on the grounds that it assumes information beyond the knowledge of this

7    responding Defendant and seeks a legal conclusion. Defendant further objects to this

8    request on the grounds that it requires this responding Defendant to assume an

9    incomplete hypothetical. Defendant further objects to this request on the grounds that it

10   is burdensome and oppressive in that in order to appropriately respond, Defendant

11   would have to review thousands of records of prisoners and/or parolees granted these

12   credits.  Defendant further objects to this request on the grounds that it is overbroad,

13   unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

14   period of time, and is therefore not reasonably calculated to lead to the discovery of

15   admissible evidence.

16       Subject to, and without waiving the above objections, Defendant responds to this

17   request as follows: Defendant lacks sufficient information to admit or deny the matter

18   stated in the request based on the objections noted above. While the "S" time credits

19   themselves do not have a direct impact on the criminal justice system, they do result in

20   the release of inmates before they have served the entirety of their sentenced time, and

21   Defendant does not know the full extent of the impact on the criminal justice system.

22   **REQUEST FOR ADMISSION NO. 27:**

23       Admit that prisoners who are transferred to the Department of Mental Health

24   receive credits under 15 CCR section 3043.6(b).

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

26       Defendant objects to this request on the grounds that it seeks information that is

27   not relevant to any party's claim or defense at issue in this proceeding. Defendant

28   further objects to this request on the grounds that it requires a response that is more

1  properly sought from parties or persons other than this responding Defendant.

2  Additionally, assuming that the request regards section 3043.6(b) of Title 15 of the

3  California Code of Regulations, this request misstates the scope of and multiple subparts

4  contained within the referenced section. Defendant further objects to this request on the

5  grounds that it seeks information protected from disclosure by the attorney-client

6  privilege, deliberative process privilege, and official information privilege. Defendant

7  further objects to this request on the grounds that it assumes information beyond the

8  knowledge of this responding Defendant and seeks a legal conclusion. Defendant

9  further objects to this request on the grounds that it requires this responding Defendant

10 to assume an incomplete hypothetical. Defendant further objects to this request on the

11 grounds that it is burdensome and oppressive in that in order to appropriately respond,

12 Defendant would have to review thousands of records of prisoners and/or parolees

13 granted these credits.  Defendant further objects to this request on the grounds that it is

14 overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

15 specify any period of time, and is therefore not reasonably calculated to lead to the

16 discovery of admissible evidence.

17        Subject to, and without waiving the above objections, Defendant responds to this

18 request as follows:  Defendant admits upon information and belief that prisoners

19 transferred to the Department of Mental Health receive credits as detailed in Title 15 of

20 the California Code of Regulations section 3043.6(b).

21 **REQUEST FOR ADMISSION NO. 28:**

22        Admit that credits for prisoners who are transferred to the Department of Mental

23 Health do not cause an ADVERSE IMPACT ON PUBLIC SAFETY in California.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

25        Defendant objects to this request on the grounds that it seeks information that is

26 not relevant to any party's claim or defense at issue in this proceeding. Defendant

27 further objects to this request on the grounds that it requires a response that is more

28 properly sought from parties or persons other than this responding Defendant.

- 27 -

1   Defendant further objects to this request on the grounds that it is vague and ambiguous

2   as to the terms "transferred to the Department of Mental Health" and "ADVERSE

3   IMPACT ON PUBLIC SAFETY." Defendant further objects to this request on the

4   grounds that it seeks information protected from disclosure by the attorney-client

5   privilege, deliberative process privilege, and official information privilege. Defendant

6   further objects to this request on the grounds that it assumes information beyond the

7   knowledge of this responding Defendant and seeks a legal conclusion. Defendant

8   further objects to this request on the grounds that it requires this responding Defendant

9   to assume an incomplete hypothetical. Defendant further objects to this request on the

10  grounds that it is burdensome and oppressive in that in order to appropriately respond,

11  Defendant would have to review thousands of records of prisoners and/or parolees

12  granted these credits. Defendant further objects to this request on the grounds that it is

13  overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

14  specify any period of time, and is therefore not reasonably calculated to lead to the

15  discovery of admissible evidence.

16       Subject to, and without waiving the above objections, Defendant responds to this

17  request as follows: Defendant lacks sufficient information to admit or deny the matter

18  stated in the request based on the objections noted above. While the credits received

19  by prisoners who are transferred to the Department of Mental Health do not have a direct

20  impact on public safety, they do result in the release of inmates before they have served

21  the entirety of their sentenced time, and Defendant does not know the full extent of the

22  impact on public safety.

23  **REQUEST FOR ADMISSION NO. 29:**

24       Admit that credits for prisoners who are transferred to the Department of Mental

25  health do not cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

26  California.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

28       Defendant objects to this request on the grounds that it seeks information that is

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

2   further objects to this request on the grounds that it requires a response that is more

3   properly sought from parties or persons other than this responding Defendant.

4   Defendant further objects to this request on the grounds that it is vague and ambiguous

5   as to the terms "transferred to the Department of Mental Health" and "ADVERSE

6   IMPACT ON THE CRIMINAL JUSTICE SYSTEM."  Defendant further objects to this

7   request on the grounds that it seeks information protected from disclosure by the

8   attorney-client privilege, deliberative process privilege, and official information privilege.

9   Defendant further objects to this request on the grounds that it assumes information

10   beyond the knowledge of this responding Defendant and seeks a legal conclusion.

11   Defendant further objects to this request on the grounds that it requires this responding

12   Defendant to assume an incomplete hypothetical.  Defendant further objects to this

13   request on the grounds that it is burdensome and oppressive in that in order to

14   appropriately respond, Defendant would have to review thousands of records of

15   prisoners and/or parolees granted these credits.   Defendant further objects to this

16   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

17   as to time in that it fails to specify any period of time, and is therefore not reasonably

18   calculated to lead to the discovery of admissible evidence.

19        Subject to, and without waiving the above objections, Defendant responds to this

20   request as follows:  Defendant lacks sufficient information to admit or deny the matter

21   stated in the request based on the objections noted above.  While the credits received

22   by prisoners who are transferred to the Department of Mental Health do not have a direct

23   impact on the criminal justice system, they do result in the release of inmates before they

24   have served the entirety of their sentenced time, and Defendant does not know the full

25   extent of the impact on the criminal justice system.

26   **REQUEST FOR ADMISSION NO. 30:**

27        Admit that some prisoners who are diagnosed by a physician or psychiatrist is

28   totally medically disabled receive credits under Title 15 CCR section 3044(b)(2)(E).

- 29 -

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

2       Defendant objects to this request on the grounds that it seeks information that is

3  not relevant to any party's claim or defense at issue in this proceeding. Defendant

4  further objects to this request on the grounds that it requires a response that is more

5  properly sought from parties or persons other than this responding Defendant.

6  Additionally, assuming that the request regards section 3044(b)(2)(E) of Title 15 of the

7  California Code of Regulations, this request misstates the scope of the referenced

8  section. Defendant further objects to this request on the grounds that it seeks

9  information protected from disclosure by the attorney-client privilege, deliberative

10  process privilege, and official information privilege. Defendant further objects to this

11  request on the grounds that it assumes information beyond the knowledge of this

12  responding Defendant and seeks a legal conclusion. Defendant further objects to this

13  request on the grounds that it requires this responding Defendant to assume an

14  incomplete hypothetical. Defendant further objects to this request on the grounds that it

15  is burdensome and oppressive in that in order to appropriately respond, Defendant

16  would have to review thousands of records of prisoners and/or parolees granted these

17  credits.  Defendant further objects to this request on the grounds that it is overbroad,

18  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

19  period of time, and is therefore not reasonably calculated to lead to the discovery of

20  admissible evidence.

21       Subject to, and without waiving the above objections, Defendant responds to this

22  request as follows:  Defendant admits that prisoners diagnosed by a physician and/or

23  psychiatrist as totally disabled receive worktime credits as detailed in Title 15 of the

24  California Code of Regulations section 3044(b)(2)(E) during the duration of their total

25  disability.

26  **REQUEST FOR ADMISSION NO. 31:**

27       Admit that credits for prisoners who are diagnosed by a physician or psychiatrist

28  as totally mentally disabled under Title 15 CCR section 3044(b)(2)(E) do not cause an

- 30 -

1   ADVERSE IMPACT ON PUBLIC SAFETY in California.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

3       Defendant objects to this request on the grounds that it seeks information that is

4   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

5   further objects to this request on the grounds that it requires a response that is more

6   properly sought from parties or persons other than this responding Defendant.

7   Defendant further objects to this request on the grounds that it is vague and ambiguous

8   as to the term "ADVERSE IMPACT ON PUBLIC SAFETY."  Additionally, assuming that

9   the request regards section 3044(b)(2)(E) of Title 15 of the California Code of

10  Regulations, this request misstates the scope of the referenced section.  Defendant

11  further objects to this request on the grounds that it seeks information protected from

12  disclosure by the attorney-client privilege, deliberative process privilege, and official

13  information privilege.  Defendant further objects to this request on the grounds that it

14  assumes information beyond the knowledge of this responding Defendant and seeks a

15  legal conclusion.  Defendant further objects to this request on the grounds that it

16  requires this responding Defendant to assume an incomplete hypothetical.  Defendant

17  further objects to this request on the grounds that it is burdensome and oppressive in

18  that in order to appropriately respond, Defendant would have to review thousands of

19  records of prisoners and/or parolees granted these credits.  Defendant further objects to

20  this request on the grounds that it is overbroad, unduly burdensome, vague, and

21  ambiguous as to time in that it fails to specify any period of time, and is therefore not

22  reasonably calculated to lead to the discovery of admissible evidence.

23      Subject to, and without waiving the above objections, Defendant responds to this

24  request as follows:  Defendant lacks sufficient information to admit or deny the matter

25  stated in the request based on the objections noted above.  While the credits received

26  by prisoners who are diagnosed as totally disabled under Title 15 of the California Code

27  of Regulations section 3044(b)(2)(E) do not have a direct impact on public safety, they

28  do result in the release of inmates before they have served the entirety of their

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1  sentenced time, and Defendant does not know the full extent of the impact on public

2  safety.

**REQUEST FOR ADMISSION NO. 32:**

4      Admit that credits for prisoners who are diagnosed by a physician or psychiatrist

5  as totally mentally disabled under Title 15 CCR section 3044(b)(2)(E) do not cause an

6  ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

8      Defendant objects to this request on the grounds that it seeks information that is

9  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

10  further objects to this request on the grounds that it requires a response that is more

11  properly sought from parties or persons other than this responding Defendant.

12  Defendant further objects to this request on the grounds that it is vague and ambiguous

13  as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

14  Additionally, assuming that the request regards section 3044(b)(2)(E) of Title 15 of the

15  California Code of Regulations, this request misstates the scope of the referenced

16  section.  Defendant further objects to this request on the grounds that it seeks

17  information protected from disclosure by the attorney-client privilege, deliberative

18  process privilege, and official information privilege.  Defendant further objects to this

19  request on the grounds that it assumes information beyond the knowledge of this

20  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

21  request on the grounds that it requires this responding Defendant to assume an

22  incomplete hypothetical.  Defendant further objects to this request on the grounds that it

23  is burdensome and oppressive in that in order to appropriately respond, Defendant

24  would have to review thousands of records of prisoners and/or parolees granted these

25  credits.  Defendant further objects to this request on the grounds that it is overbroad,

26  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

27  period of time, and is therefore not reasonably calculated to lead to the discovery of

28  admissible evidence.

1    Subject to, and without waiving the above objections, Defendant responds to this

2    request as follows: Defendant lacks sufficient information to admit or deny the matter

3    stated in the request based on the objections noted above. While the credits received

4    by prisoners who are diagnosed as totally disabled under Title 15 of the California Code

5    of Regulations section 3044(b)(2)(E) do not have a direct impact on the criminal justice

6    system, they do result in the release of inmates before they have served the entirety of

7    their sentenced time, and Defendant does not know the full extent of the impact on the

8    criminal justice system.

9    **REQUEST FOR ADMISSION NO. 33:**

10    Admit that prisoners who perform heroic acts in a file-threatening situation or who

11    provide exceptional assistance in maintaining the safety and security of a prison are

12    eligible for a grant of up to twelve months credit under Penal Code section 2935.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14    Defendant objects to this request on the grounds that it seeks information that is

15    not relevant to any party's claim or defense at issue in this proceeding. Defendant

16    further objects to this request on the grounds that it requires a response that is more

17    properly sought from parties or persons other than this responding Defendant.

18    Additionally, assuming that the request regards section 2935 of the California Penal

19    Code, this request misstates the referenced section. Defendant further objects to this

20    request on the grounds that it seeks information protected from disclosure by the

21    attorney-client privilege, deliberative process privilege, and official information privilege.

22    Defendant further objects to this request on the grounds that it assumes information

23    beyond the knowledge of this responding Defendant and seeks a legal conclusion.

24    Defendant further objects to this request on the grounds that it requires this responding

25    Defendant to assume an incomplete hypothetical. Defendant further objects to this

26    request on the grounds that it is burdensome and oppressive in that in order to

27    appropriately respond, Defendant would have to review thousands of records of

28    prisoners and/or parolees granted these credits. Defendant further objects to this

- 33 -

1  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

2  as to time in that it fails to specify any period of time, and is therefore not reasonably

3  calculated to lead to the discovery of admissible evidence.

4      Subject to, and without waiving the above objections, Defendant responds to this

5  request as follows:  Defendant admits upon information and belief that under California

6  Penal Code section 2935, the Director of Corrections may grant up to 12 additional

7  months of reduction of the sentence to a prisoner who has performed a heroic act in a

8  life-threatening situation, or who has provided exceptional assistance in maintaining the

9  safety and security of a prison.

10  **REQUEST FOR ADMISSION NO. 34:**

11      Admit that credits for prisoners who perform heroic acts in a life-threatening

12  situation or who provide exceptional assistance in maintaining the safety and security of

13  a prison do not cause an ADVERSE IMPACT ON PUBLIC SAFETY in California.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

15      Defendant objects to this request on the grounds that it seeks information that is

16  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

17  further objects to this request on the grounds that it requires a response that is more

18  properly sought from parties or persons other than this responding Defendant.

19  Defendant further objects to this request on the grounds that it is vague and ambiguous

20  as to the term "ADVERSE IMPACT ON PUBLIC SAFETY."  Additionally, assuming that

21  the request regards section 2935 of the California Penal Code, this request misstates

22  the referenced section.  Defendant further objects to this request on the grounds that it

23  seeks information protected from disclosure by the attorney-client privilege, deliberative

24  process privilege, and official information privilege.  Defendant further objects to this

25  request on the grounds that it assumes information beyond the knowledge of this

26  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

27  request on the grounds that it requires this responding Defendant to assume an

28  incomplete hypothetical.  Defendant further objects to this request on the grounds that it

- 34 -

1   is burdensome and oppressive in that in order to appropriately respond, Defendant

2   would have to review thousands of records of prisoners and/or parolees granted these

3   credits.   Defendant further objects to this request on the grounds that it is overbroad,

4   unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

5   period of time, and is therefore not reasonably calculated to lead to the discovery of

6   admissible evidence.

7        Subject to, and without waiving the above objections, Defendant responds to this

8   request as follows:  Defendant lacks sufficient information to admit or deny the matter

9   stated in the request based on the objections noted above.  While the credits received

10  by prisoners who are diagnosed as totally disabled under California Penal Code section

11  2935 do not have a direct impact on public safety, they do result in the release of

12  inmates before they have served the entirety of their sentenced time, and Defendant

13  does not know the full extent of the impact on public safety.

14  **REQUEST FOR ADMISSION NO. 35:**

15       Admit that credits for prisoners who perform heroic acts in a life-threatening

16  situation or who provide exceptional assistance in maintaining the safety and security of

17  a prison do not cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

18  California.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

20       Defendant objects to this request on the grounds that it seeks information that is

21  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

22  further objects to this request on the grounds that it requires a response that is more

23  properly sought from parties or persons other than this responding Defendant.

24  Defendant further objects to this request on the grounds that it is vague and ambiguous

25  as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

26  Additionally, assuming that the request regards section 2935 of the California Penal

27  Code, this request misstates the referenced section.  Defendant further objects to this

28  request on the grounds that it seeks information protected from disclosure by the

- 35 -

1  attorney-client privilege, deliberative process privilege, and official information privilege.

2  Defendant further objects to this request on the grounds that it assumes information

3  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

4  Defendant further objects to this request on the grounds that it requires this responding

5  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

6  request on the grounds that it is burdensome and oppressive in that in order to

7  appropriately respond, Defendant would have to review thousands of records of

8  prisoners and/or parolees granted these credits.   Defendant further objects to this

9  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

10  as to time in that it fails to specify any period of time, and is therefore not reasonably

11  calculated to lead to the discovery of admissible evidence.

12        Subject to, and without waiving the above objections, Defendant responds to this

13  request as follows:  Defendant lacks sufficient information to admit or deny the matter

14  stated in the request based on the objections noted above.  While the credits received

15  by prisoners who are diagnosed as totally disabled under California Penal Code section

16  2935 do not have a direct impact on the criminal justice system, they do result in the

17  release of inmates before they have served the entirety of their sentenced time, and

18  Defendant does not know the full extent of the impact on the criminal justice system.

19  **REQUEST FOR ADMISSION NO. 36:**

20        Admit that YOU have proposed no legislation to eliminate statutory credits for

21  prisoners during YOUR tenure as governor.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

23        Defendant objects to this request on the grounds that it seeks information that is

24  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

25  further objects to this request on the grounds that it requires a response that is more

26  properly sought from parties or persons other than this responding Defendant.

27  Defendant further objects to this request on the grounds that it is vague and ambiguous

28  as to the terms "eliminate,"  "statutory credits," and "tenure as governor."  Additionally,

- 36 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   Defendant objects to this request on the grounds that it is vague and ambiguous as to

2   the terms "proposed no legislation," as it is the proper role of the Legislature, and not

3   Defendant, to introduce legislation.  Defendant further objects to this request on the

4   grounds that it seeks information protected from disclosure by the attorney-client

5   privilege, deliberative process privilege, and official information privilege.  Defendant

6   further objects to this request on the grounds that it is overbroad, unduly burdensome,

7   vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

8   therefore not reasonably calculated to lead to the discovery of admissible evidence.

9         Subject to, and without waiving the above objections, Defendant responds to this

10  request as follows:  Defendant admits upon information and belief that he has proposed

11  no legislation to eliminate statutory credits for prisoners during Defendant's service as

12  Governor of the State of California.

13  **REQUEST FOR ADMISSION NO. 37:**

14        Admit that YOU have proposed no legislation to reduce statutory credits for

15  prisoners during YOUR tenure as governor.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

17        Defendant objects to this request on the grounds that it seeks information that is

18  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

19  further objects to this request on the grounds that it requires a response that is more

20  properly sought from parties or persons other than this responding Defendant.

21  Defendant further objects to this request on the grounds that it is vague and ambiguous

22  as to the terms "reduce," "statutory credits," and "tenure as governor."  Additionally,

23  Defendant objects to this request on the grounds that it is vague and ambiguous as to

24  the terms "proposed no legislation," as it is the proper role of the Legislature, and not

25  Defendant, to introduce legislation.  Defendant further objects to this request on the

26  grounds that it seeks information protected from disclosure by the attorney-client

27  privilege, deliberative process privilege, and official information privilege.  Defendant

28  further objects to this request on the grounds that it is overbroad, unduly burdensome,

1    vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

2    therefore not reasonably calculated to lead to the discovery of admissible evidence.

3        Subject to, and without waiving the above objections, Defendant responds to this

4    request as follows:  Defendant admits upon information and belief that he has proposed

5    no legislation to reduce statutory credits for prisoners during Defendant's service as

6    Governor of the State of California.

7    **REQUEST FOR ADMISSION NO. 38:**

8        Admit that YOU have proposed no legislation to eliminate regulatory credits for

9    prisoners during YOUR tenure as governor.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

11       Defendant objects to this request on the grounds that it seeks information that is

12   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

13   further objects to this request on the grounds that it requires a response that is more

14   properly sought from parties or persons other than this responding Defendant.

15   Defendant further objects to this request on the grounds that it is vague and ambiguous

16   as to the terms "eliminate," "regulatory credits," and "tenure as governor."  Additionally,

17   Defendant objects to this request on the grounds that it is vague and ambiguous as to

18   the terms "proposed no legislation," as it is the proper role of the Legislature, and not

19   Defendant, to introduce legislation.  Defendant further objects to this request on the

20   grounds that it seeks information protected from disclosure by the attorney-client

21   privilege, deliberative process privilege, and official information privilege.  Defendant

22   further objects to this request on the grounds that it is overbroad, unduly burdensome,

23   vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

24   therefore not reasonably calculated to lead to the discovery of admissible evidence.

25       Subject to, and without waiving the above objections, Defendant responds to this

26   request as follows:  Defendant admits upon information and belief that he has proposed

27   no legislation to eliminate regulatory credits for prisoners during Defendant's service as

28   Governor of the State of California.

- 38 -

1    **REQUEST FOR ADMISSION NO. 39:**

2        Admit that YOU have proposed no legislation to reduce regulatory credits for

3    prisoners during YOUR tenure as governor.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

5        Defendant objects to this request on the grounds that it seeks information that is

6    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

7    further objects to this request on the grounds that it requires a response that is more

8    properly sought from parties or persons other than this responding Defendant.

9    Defendant further objects to this request on the grounds that it is vague and ambiguous

10    as to the terms "reduce," "regulatory credits," and "tenure as governor."  Additionally,

11    Defendant objects to this request on the grounds that it is vague and ambiguous as to

12    the terms "proposed no legislation," as it is the proper role of the Legislature, and not

13    Defendant, to introduce legislation.  Defendant further objects to this request on the

14    grounds that it seeks information protected from disclosure by the attorney-client

15    privilege, deliberative process privilege, and official information privilege.  Defendant

16    further objects to this request on the grounds that it is overbroad, unduly burdensome,

17    vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

18    therefore not reasonably calculated to lead to the discovery of admissible evidence.

19        Subject to, and without waiving the above objections, Defendant responds to this

20    request as follows:  Defendant admits upon information and belief that he has proposed

21    no legislation to reduce regulatory credits for prisoners during Defendant's service as

22    Governor of the State of California.

23    **REQUEST FOR ADMISSION NO. 40:**

24        Admit that the document excerpt attached as Exhibit C is a true and correct copy

25    of YOUR September 23, 2008, Veto Message, as found on the Internet at

26    http://www.ebudget.ca.gov/pdfIEnactedIBudgetSummary1FullBudgetSummary.pdf, at

27    pages 77-87 of the PDF.

28    ///

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

2    Defendant objects to this request on the ground that it seeks information that is

3    not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

4    to this request on the grounds that it requires a response that is more properly sought

5    from parties or persons other than this responding Defendant.

6    Subject to, and without waiving the above objections, Defendant responds to this

7    request as follows:  Defendant admits upon information and belief that Exhibit C is a

8    copy of Defendant's September 23, 2008 objections, deletions, revisions, reductions,

9    and subsequent approval of Assembly Bill 88.

10   **REQUEST FOR ADMISSION NO. 41:**

11   Admit that YOUR direction contained in the language quoted below from page 5

12   of Exhibit C is intended to reduce adult inmate population levels:

13           I am directing the Secretary of the California Department of
             Corrections and Rehabilitation to implement a Parole
14           Decision-Making Instrument (PDMI) that provides guidelines
             on how to respond to technical parole violations based on the
15           risk-to-reoffend level of the offender and the seriousness of
             the violation. I believe that the use of the PDMI by parole
16           agents will facilitate the reintegration into society of low-risk
             parolees by providing community-based sanctions and
17           programs. By providing alternatives to incarceration for
             parolees who commit minor technical parole violations, the
18           Department will be able to reduce prison overcrowding.
             Consistent with this direction, I am reducing $22,000,000 from
19           this item to reflect lower adult inmate population levels.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

21   Defendant objects to this request on the grounds that it seeks information that is

22   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

23   further objects to this request on the grounds that it requires a response that is more

24   properly sought from parties or persons other than this responding Defendant.

25   Defendant further objects to this request on the grounds that it is vague and ambiguous

26   as to the terms ""YOUR direction" and "intended to reduce adult inmate population

27   levels."  Defendant further objects to this request on the grounds that it seeks information

28   protected from disclosure by the attorney-client privilege, deliberative process privilege,

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1  and official information privilege. Defendant further objects to this request on the

2  grounds that it is compound could require multiple conflicting responses.

3        Subject to, and without waiving the above objections, Defendant responds to this

4  request as follows: Defendant denies that directing the Secretary of the California

5  Department of Corrections and Rehabilitation to implement a Parole Decision-Making

6  Instrument is intended to reduce adult inmate population levels. The Parole Decision

7  Making Instrument was developed to enable parole staff to uniformly determine,

8  recommend, and impose proportionate and consistent sanctions for parole violations

9  based upon the risk of the individual offender, as well as the severity of the violation. It

10  is anticipated that the implementation of this instrument will also reduce the prison

11  population, and therefore, the budget item was reduced.

12  **REQUEST FOR ADMISSION NO. 42:**

13        Admit that YOUR direction quoted above from Exhibit C in REQUEST FOR

14  ADMISSION 41 was not intended to cause an ADVERSE IMPACT ON PUBLIC

15  SAFETY.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

17        Defendant objects to this request on the grounds that it seeks information that is

18  not relevant to any party's claim or defense at issue in this proceeding. Defendant

19  further objects to this request on the grounds that it requires a response that is more

20  properly sought from parties or persons other than this responding Defendant.

21  Defendant further objects to this request on the grounds that it is vague and ambiguous

22  as to the terms ""YOUR direction" and "ADVERSE IMPACT ON PUBLIC SAFETY."

23  Defendant further objects to this request on the grounds that it seeks information

24  protected from disclosure by the attorney-client privilege, deliberative process privilege,

25  and official information privilege. Defendant further objects to this request on the

26  grounds that it is compound could require multiple conflicting responses. Defendant

27  further objects to this request on the grounds that it assumes information beyond the

28  knowledge of this responding Defendant and seeks a legal conclusion. Defendant

- 41 -

1  further objects to this request on the grounds that it requires this responding Defendant

2  to assume an incomplete hypothetical.

3      Subject to, and without waiving the above objections, Defendant responds to this

4  request as follows: Defendant admits upon information and belief that his direction to

5  implement a Parole Decision-Making Instrument was not intended to cause an adverse

6  impact on public safety in California.

7  **REQUEST FOR ADMISSION NO. 43:**

8      Admit that YOUR direction quoted above from Exhibit C in REQUEST FOR

9  ADMISSION 41 was not intended to cause an ADVERSE IMPACT ON THE CRIMINAL

10  JUSTICE SYSTEM.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

12      Defendant objects to this request on the grounds that it seeks information that is

13  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

14  further objects to this request on the grounds that it requires a response that is more

15  properly sought from parties or persons other than this responding Defendant.

16  Defendant further objects to this request on the grounds that it is vague and ambiguous

17  as to the terms ""YOUR direction" and "ADVERSE IMPACT ON THE CRIMINAL

18  JUSTICE SYSTEM."  Defendant further objects to this request on the grounds that it

19  seeks information protected from disclosure by the attorney-client privilege, deliberative

20  process privilege, and official information privilege.  Defendant further objects to this

21  request on the grounds that it is compound could require multiple conflicting responses.

22  Defendant further objects to this request on the grounds that it assumes information

23  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

24  Defendant further objects to this request on the grounds that it requires this responding

25  Defendant to assume an incomplete hypothetical.

26      Subject to, and without waiving the above objections, Defendant responds to this

27  request as follows: Defendant admits upon information and belief that his direction to

28  implement a Parole Decision-Making Instrument was not intended to cause an adverse

1   impact on criminal justice system in California.

2   **REQUEST FOR ADMISSION NO. 44:**

3       Admit that the state of emergency in the California prison system that you

4   declared, pursuant to your October 4, 2006 overcrowding proclamation, is not over.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

6       Defendant objects to this request on the grounds that it seeks information that is

7   not relevant to any party's claim or defense at issue in this proceeding. Defendant

8   further objects to this request on the grounds that it is vague and ambiguous as to the

9   terms ""overcrowding proclamation" and "is not over." Additionally, Defendant objects to

10  this request on the grounds that it inaccurately suggests that the state of emergency

11  proclamation encompasses the entire "California prison system," when only a limited

12  number of state prisons are identified in the proclamation. Defendant further objects to

13  this request on the grounds that it seeks information protected from disclosure by the

14  attorney-client privilege, deliberative process privilege, and official information privilege.

15  Defendant further objects to this request on the grounds that it is compound could

16  require multiple conflicting responses. Defendant further objects to this request on the

17  grounds that it assumes information beyond the knowledge of this responding Defendant

18  and seeks a legal conclusion.

19      Subject to, and without waiving the above objections, Defendant responds to this

20  request as follows: Defendant admits upon information and belief that the state of

21  emergency in the California prison system is not over. There are conditions which exist

22  in the California prison system, including aging infrastructure and facilities, inefficient

23  administrative processes, and fluctuating population needs, that responding Defendant

24  continues to address by use of the emergency proclamation dated October 4, 2006. The

25  emergency proclamation did not find, and Defendant does not admit, that the provision

26  of medical and mental health care to California prison inmates was or is negatively

27  impacted by the crowded conditions.

28  ///

- 43 -

1  <u>REQUEST FOR ADMISSION NO. 45:</u>

2       Admit that the substantial risk to the health and safety of staff and inmates in

3  CDCR prisons caused by the severe overcrowding in CDCR prisons that you cited in

4  your October 4, 2006 overcrowding proclamation is still present.

5  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 45:</u>

6       Defendant objects to this request on the grounds that it seeks information that is

7  not relevant to any party's claim or defense at issue in this proceeding. Defendant

8  further objects to this request on the grounds that it is vague and ambiguous as to the

9  terms "in CDCR prisons," ""overcrowding proclamation" and "is still present." Defendant

10  further objects to this request on the grounds that it seeks information protected from

11  disclosure by the attorney-client privilege, deliberative process privilege, and official

12  information privilege. Defendant further objects to this request on the grounds that it is

13  compound could require multiple conflicting responses. Defendant further objects to this

14  request on the grounds that it assumes information beyond the knowledge of this

15  responding Defendant and seeks a legal conclusion. Defendant further objects to this

16  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

17  in that it fails to specify a specific period of time or specific location, and is therefore not

18  reasonably calculated to lead to the discovery of admissible evidence.

19       Subject to, and without waiving the above objections, Defendant responds to this

20  request as follows: Defendant denies that the exact same factual circumstances exist

21  today. Some circumstances have improved. Nonetheless, Defendant admits that

22  emergency conditions still exist, and the emergency proclamation has not been

23  terminated.

24  <u>REQUEST FOR ADMISSION NO. 46:</u>

25       Admit that the substantial risk of violence in CDCR prisons caused by the severe

26  overcrowding in CDCR prisons that you cited in your October 4, 2006 overcrowding

27  proclamation is still present.

28  ///

- 44 -

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

2        Defendant objects to this request on the grounds that it seeks information that is

3    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

4    further objects to this request on the grounds that it is vague and ambiguous as to the

5    terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

6    further objects to this request on the grounds that it seeks information protected from

7    disclosure by the attorney-client privilege, deliberative process privilege, and official

8    information privilege.  Defendant further objects to this request on the grounds that it is

9    compound could require multiple conflicting responses.  Defendant further objects to this

10   request on the grounds that it assumes information beyond the knowledge of this

11   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

12   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

13   in that it fails to specify a specific period of time or specific location, and is therefore not

14   reasonably calculated to lead to the discovery of admissible evidence.

15       Subject to, and without waiving the above objections, Defendant responds to this

16   request as follows:  Defendant denies that the exact same factual circumstances exist

17   today.  Some circumstances have improved.  Nonetheless, Defendant admits that

18   emergency conditions still exist, and the emergency proclamation has not been

19   terminated.

20   **REQUEST FOR ADMISSION NO. 47:**

21       Admit that the substantial risk of transmission of infectious diseases in CDCR

22   prisons caused by the severe overcrowding in CDCR prisons that you cited in your

23   October 4, 2006 overcrowding proclamation is still present.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

25       Defendant objects to this request on the grounds that it seeks information that is

26   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

27   further objects to this request on the grounds that it is vague and ambiguous as to the

28   terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

- 45 -

1     further objects to this request on the grounds that it seeks information protected from

2     disclosure by the attorney-client privilege, deliberative process privilege, and official

3     information privilege. Defendant further objects to this request on the grounds that it is

4     compound could require multiple conflicting responses. Defendant further objects to this

5     request on the grounds that it assumes information beyond the knowledge of this

6     responding Defendant and seeks a legal conclusion. Defendant further objects to this

7     request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

8     in that it fails to specify a specific period of time or specific location, and is therefore not

9     reasonably calculated to lead to the discovery of admissible evidence.

10         Subject to, and without waiving the above objections, Defendant responds to this

11     request as follows: Defendant denies that the exact same factual circumstances exist

12     today. Some circumstances have improved. Nonetheless, Defendant admits that

13     emergency conditions still exist, and the emergency proclamation has not been

14     terminated.

15     **REQUEST FOR ADMISSION NO. 48:**

16         Admit that the substantial security risk in CDCR prisons caused by the severe

17     overcrowding in CDCR prisons that you cited in your October 4, 2006 overcrowding

18     proclamation is still present.

19     **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

20         Defendant objects to this request on the grounds that it seeks information that is

21     not relevant to any party's claim or defense at issue in this proceeding. Defendant

22     further objects to this request on the grounds that it is vague and ambiguous as to the

23     terms "in CDCR prisons," ""overcrowding proclamation" and "is still present." Defendant

24     further objects to this request on the grounds that it seeks information protected from

25     disclosure by the attorney-client privilege, deliberative process privilege, and official

26     information privilege. Defendant further objects to this request on the grounds that it

27     assumes information beyond the knowledge of this responding Defendant and seeks a

28     legal conclusion. Defendant further objects to this request on the grounds that it is

1    overbroad, unduly burdensome, vague, and ambiguous in that it fails to specify a

2    specific period of time or specific location, and is therefore not reasonably calculated to

3    lead to the discovery of admissible evidence.

4          Subject to, and without waiving the above objections, Defendant responds to this

5    request as follows:  Defendant denies that the exact same factual circumstances exist

6    today.  Some circumstances have improved.  Nonetheless, Defendant admits that

7    emergency conditions still exist, and the emergency proclamation has not been

8    terminated.

9    **REQUEST FOR ADMISSION NO. 49:**

10         Admit that the burdens on infrastructure (electrical systems and/or

11   wastewater/sewer systems) caused by the severe overcrowding in CDCR prisons that

12   you cited in your October 4, 2006 overcrowding proclamation are still present.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

14         Defendant objects to this request on the grounds that it seeks information that is

15   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

16   further objects to this request on the grounds that it is vague and ambiguous as to the

17   terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

18   further objects to this request on the grounds that it seeks information protected from

19   disclosure by the attorney-client privilege, deliberative process privilege, and official

20   information privilege.  Defendant further objects to this request on the grounds that it is

21   compound could require multiple conflicting responses.  Defendant further objects to this

22   request on the grounds that it assumes information beyond the knowledge of this

23   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

24   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

25   in that it fails to specify a specific period of time or specific location, and is therefore not

26   reasonably calculated to lead to the discovery of admissible evidence.

27         Subject to, and without waiving the above objections, Defendant responds to this

28   request as follows:  Defendant denies that the exact same factual circumstances exist

- 47 -

1  today. Some circumstances have improved. Nonetheless, Defendant admits that

2  emergency conditions still exist, and the emergency proclamation has not been

3  terminated.

4  **REQUEST FOR ADMISSION NO. 50:**

5      Admit that the effects of overcrowding that you described in your October 4, 2006

6  overcrowding proclamation as harm to people and property, inmate unrest and

7  misconduct, reduction or elimination of programs, and increased recidivism are still

8  present.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

10      Defendant objects to this request on the grounds that it seeks information that is

11  not relevant to any party's claim or defense at issue in this proceeding. Defendant

12  further objects to this request on the grounds that it is vague and ambiguous as to the

13  terms "in CDCR prisons," ""overcrowding proclamation" and "is still present." Defendant

14  further objects to this request on the grounds that it seeks information protected from

15  disclosure by the attorney-client privilege, deliberative process privilege, and official

16  information privilege. Defendant further objects to this request on the grounds that it is

17  compound could require multiple conflicting responses. Defendant further objects to this

18  request on the grounds that it assumes information beyond the knowledge of this

19  responding Defendant and seeks a legal conclusion. Defendant further objects to this

20  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

21  in that it fails to specify a specific period of time or specific location, and is therefore not

22  reasonably calculated to lead to the discovery of admissible evidence.

23      Subject to, and without waiving the above objections, Defendant responds to this

24  request as follows: Defendant denies that the exact same factual circumstances exist

25  today. Some circumstances have improved. Nonetheless, Defendant admits that

26  emergency conditions still exist, and the emergency proclamation has not been

27  terminated.

28  ///

1    **REQUEST FOR ADMISSION NO. 51:**

2         Admit that the use of non-traditional beds for inmate housing that you cited in your

3    October 4, 2006 overcrowding proclamation has not been eliminated from CDCR

4    prisons.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

6         Defendant objects to this request on the grounds that it seeks information that is

7    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

8    further objects to this request on the grounds that it is vague and ambiguous as to the

9    terms "non-traditional beds" and "overcrowding proclamation."  Defendant further objects

10   to this request on the grounds that it seeks information protected from disclosure by the

11   attorney-client privilege, deliberative process privilege, and official information privilege.

12   Defendant further objects to this request on the grounds that it is compound could

13   require multiple conflicting responses.  Defendant further objects to this request on the

14   grounds that it assumes information beyond the knowledge of this responding Defendant

15   and seeks a legal conclusion.  Defendant further objects to this request on the grounds

16   that it is overbroad, unduly burdensome, vague, and ambiguous in that it fails to specify

17   a specific period of time or specific location, and is therefore not reasonably calculated to

18   lead to the discovery of admissible evidence.

19        Subject to, and without waiving the above objections, Defendant responds to this

20   request as follows:  Defendant admits upon information and belief that non-traditional

21   beds have not been eliminated from CDCR facilities.  However, the ability to transfer

22   approximately 5,000 inmates to out-of-state contract facilities has allowed CDCR to

23   reduce the number of non-traditional beds.

24   **REQUEST FOR ADMISSION NO. 52:**

25        Admit that the severe overcrowding in CDCR prisons that you cited in your

26   October 4, 2006 overcrowding proclamation is still causing reduced inmate participation

27   in academic, vocational, and rehabilitation programs.

28   ///

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

2    Defendant objects to this request on the grounds that it seeks information that is

3    not relevant to any party's claim or defense at issue in this proceeding. Defendant

4    further objects to this request on the grounds that it is vague and ambiguous as to the

5    terms "severe," "non-traditional beds" and "overcrowding proclamation." Defendant

6    further objects to this request on the grounds that it seeks information protected from

7    disclosure by the attorney-client privilege, deliberative process privilege, and official

8    information privilege. Defendant further objects to this request on the grounds that it is

9    compound could require multiple conflicting responses. Defendant further objects to this

10   request on the grounds that it assumes information beyond the knowledge of this

11   responding Defendant and seeks a legal conclusion. Defendant further objects to this

12   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

13   in that it fails to specify a specific period of time or specific location, and is therefore not

14   reasonably calculated to lead to the discovery of admissible evidence.

15   Subject to, and without waiving the above objections, Defendant responds to this

16   request as follows: Defendant admits upon information and belief that overcrowding

17   conditions are causing continued reduced inmate participation in academic, vocational,

18   and rehabilitation programs.

19   **REQUEST FOR ADMISSION NO. 53:**

20   Admit that the document attached hereto as Exhibit D is a true and correct copy of

21   a transcript of your remarks on or about June 26, 2006, as posted on YOUR website at

22   http://gov.ca.gov/speech/1088/, under the title "Schwarzenegger Calls Special Session

23   to Address Prison Crowding, Recidivism."

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

25   Defendant objects to this request on the ground that it seeks information that is

26   not relevant to a claim or defense at issue in this proceeding. Defendant further objects

27   to this request on the grounds that it requires a response that is more properly sought

28   from parties or persons other than this responding Defendant.

- 50 -

1       Subject to, and without waiving the above objections, Defendant responds to this

2  request as follows:  Defendant admits upon information and belief that Exhibit D is a

3  transcript of remarks made by the responding Defendant on or about June 26, 2006, and

4  posted at the indicated website address.

5  **REQUEST FOR ADMISSION NO. 54:**

6       Admit that the video filed named "Exhibit E.mpg" and starting with a title frame

7  "Prison Overcrowding/KGO, Ch. 7/6:00 PM News/9/24/07/LENGTH 2:23" on the

8  attached optical disk labeled "PL TF 2D SET RF AS TO DEFENDANT

9  SCHWARZENEGGER, Exhibits E & F 9/29/08" includes comments made by YOU

10  regarding California prisons starting after the statement: "It could take years for the new

11  facilities to be built."

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

13       Defendant objects to this request on the ground that it seeks information that is

14  not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

15  to this request on the grounds that it requires a response that is more properly sought

16  from parties or persons other than this responding Defendant.  Defendant further objects

17  to this request on the grounds that it is vague and ambiguous as to the terms ""starting

18  after the statement."  Defendant further objects to this request on the grounds that it is

19  compound could require multiple conflicting responses.

20       Subject to, and without waiving the above objections, Defendant responds to this

21  request as follows:  Defendant admits upon information and belief that the video file titled

22  "Exhibit E.mpg" includes comments made by the Defendant regarding California prisons.

23  **REQUEST FOR ADMISSION NO. 55:**

24       Admit that the video filed named "Exhibit F .mpg" on the attached optical disk

25  labeled "PL TF 2D SET RF AS TO DEFENDANT SCHW ARZENEGGER, Exhibits E & F

26  9/29/08" includes YOUR speech delivered at California Rehabilitation Center at Norco,

27  California, on or about March 6, 2007, as posted on YOUR website at

28  http://www.gov.ca.gov/speech/5568/.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

2         Defendant objects to this request on the ground that it seeks information that is

3  not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

4  to this request on the grounds that it requires a response that is more properly sought

5  from parties or persons other than this responding Defendant.  Defendant further objects

6  to this request on the grounds that it is compound could require multiple conflicting

7  responses.

8         Subject to, and without waiving the above objections, Defendant responds to this

9  request as follows:  Defendant admits upon information and belief that the video file titled

10  "Exhibit F.mpg" includes a speech delivered by Defendant at California Rehabilitation

11  Center at Norco on or about March 6, 2007, and is posted at the indicated website

12  address.

13  **REQUEST FOR ADMISSION NO. 56:**

14         Admit that the document attached hereto as Exhibit G is a true and correct copy

15  of the text of your speech delivered at California Rehabilitation Center at Norco,

16  California, on or about March 6, 2007, as posted on YOUR website at

17  http://www.gov.ca.gov/speech/5568/.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

19         Defendant objects to this request on the ground that it seeks information that is

20  not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

21  to this request on the grounds that it requires a response that is more properly sought

22  from parties or persons other than this responding Defendant.

23         Subject to, and without waiving the above objections, Defendant responds to this

24  request as follows:  Defendant admits upon information and belief that Exhibit G is a

25  transcript of remarks made by the responding Defendant on or about March 6, 2007, and

26  ///

27  ///

28  ///

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    is posted at the indicated website address.

2

3

4

5    DATED:  October 20, 2008            HANSON BRIDGETT LLP

6

7                                    By: //s//

8                                     PAUL B. MELLO
                                     Attorneys for Defendants
9                                      Arnold Schwarzenegger, et al.

10    DATED:  October 20, 2008            EDMUND G. BROWN JR.
                                     Attorney General of the State of
11                                      California

12

13                                    By: //s//

14                                    KYLE LEWIS
                                   Deputy Attorney General
15                                    Attorneys for Defendants
                                   Arnold Schwarzenegger, et al.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS



## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
              **Coleman, et al. v. Schwarzenegger, et al.**
              **USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM**
              **Plata, et al. v. Schwarzenegger, et al.**
              **USDC, Northern District of California, Case No. C-01-1351 TEH**

No.:    **C 90-0520 LKK / C 01-01351 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **October 20, 2008**, I served the attached

**RESPONSES TO PLAINTIFF COLEMAN'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT ARNOLD SCHWARZENEGGER;**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

KIMBERLY HALL BARLOW
Jones & Mayer
3777 North Harbor Boulevard
Fullerton, CA 92835

LORI RIFKIN
MICHAEL BIEN
Rosen Bien & Galvan, LLP
315 Montgomery St., 10th Floor
San Francisco, CA 94104

ANN MILLER RAVEL
THERESA FUENTES
Office of the County Counsel
County of Santa Clara
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

MARTIN H. DODD
FUTTERMAN & DUPREE
160 Sansome Street, 17TH Floor
San Francisco, CA 94109

1

ROD PACHECO
WILLIAM MITCHELL
Office of the District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

MICHAEL P. MURPHY
CAROL L. WOODWARD
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063

STEVEN S. KAUFHOLD
CHAD A. STEGEMAN
TERESA WANG
Akin Gump Straus Hauer & Feld LLP
580 California Street, 15th Floor
San Francisco, CA 94102

STEVEN WOODSIDE
ANNE L. KECK
Office of the Counsel
575 Administration Drive., Room 105A
Santa Rosa, CA 95403

PRISON LAW OFFICE
DONALD SPECTER
1917 Fifth Street
Berkeley, CA 94710-1916

PAUL B. MELLO, ESQ.
HANSON & BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

JOHN HAGAR
LAW OFFICE OF JOHN HAGAR
PMB 314
1819 Polk Street
San Francisco, CA 94109

GREGG ADAM
NATALIE LEONARD
Carroll, Burdick, & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

DENNIS BUNTING
ALAN COHEN
Office of County Counsel
County of Solano
675 Texas Street, Suite 6600
Fairfield, CA 94533

DANIEL J. WALLACE
KELLY DUNCAN SCOTT
County of Santa Barbara
105 E. Anapamu Street, Suite 201
Santa Barbara, CA 93101

LISA TILLMAN
Office of the Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 20, 2008**, at San Francisco, California.

| J. Baker | | |
|---|---|---|
| Declarant | | Signature |

40277966.wpd

2