JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Law Enforcement
Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT**<br><br>[F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**LAW ENFORCEMENT INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4** |

# I.
# INTRODUCTION

In their fourth motion in limine, Plaintiffs seek to exclude the testimony of Jerry Dyer, Chief of Police of the City of Fresno, with respect to the economic impact of a prisoner release order in Fresno, and the impacts of a prisoner release order on the Fresno County Jail, the local District Attorney's office, the Fresno Superior Court, and other Central Valley cities. Plaintiffs argue that Chief Dyer, a mere chief of police, is insufficiently qualified to give his opinions on these topics. As set forth below, Plaintiffs arguments are without merit because Chief Dyer's knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years qualifies him to provide this testimony pursuant to Rule 702 of the Federal Rules of Evidence. Additionally, he is qualified as an expert to provide these opinions as a member and current President of the California Police Chiefs Association, and as Chair of the California Central Valley "High Density Drug Trafficking Area" Board, among other qualifications, which Plaintiffs wholly ignore in their motion.

# II.
# CHIEF DYER QUALIFIES AS AN EXPERT TO TESTIFY AS TO THE MATTERS DISPUTED BY PLAINTIFFS

Aside from citations to the language of Rules 701 and 702 of the Federal Rules of Evidence, and to case law setting forth the general application of law relating to expert testimony, Plaintiffs fail to cite to any authority in support of their position that Chief Dyer is not qualified to testify as to the matters set forth in Plaintiffs' motion. Plaintiffs have no basis for arguing that the matters of testimony are far-removed from his knowledge, skill, experience, training, or education.

///
///
///
///

A. **Chief Dyer's extensive law enforcement experience and knowledge qualify him to provide expert testimony on Fresno's economy as impacted by crime.**

Plaintiffs argue that Chief Dyer is not qualified to provide the testimony contained in his expert report relating to increase in crime rates causing fear in the community, leading to a negative impact on sales tax revenues and new businesses; the relationship between property crimes offenders, methamphetamine use, and unemployment; and the implications of Fresno County's unemployment rate on a released inmate's chance of obtaining employment. They claim that these are complex matters reserved to the field of economists and social scientists. However, these matters directly relate to Chief Dyer's law enforcement experience and knowledge.

As set forth in his expert report, attached as Exhibit I to the Declaration of Michael W. Bien in support of Plaintiffs' motion, Chief Dyer has been a peace officer for nearly thirty years (I., Qualifications, ¶ 6). As such, he supervised patrol tactical teams and teams working street crime issues (I., Qual., ¶ 8). As Commander of the Southeast Policing District, he extensively analyzed crime trends and data (I., Qual., ¶ 9). As Chief of Police, he has caused the development and implementation of "Crime View," as part of the department's Smart Policing philosophy. Crime View analyzes crime trends to rapidly identify and respond to criminal activity, using near real time data to allow the department to quickly identify emerging crime trends, develop strategies, and deploy resources more effectively and efficiently (I., Qual., ¶ 12). In light of his background, experiences, and position, it is disingenuous of Plaintiffs to argue that Chief Dyer is unqualified to offer opinions relating to the impact of crime on the local economy.

"Rule 702 contemplates a *broad conception* of expert qualifications. Moreover, the advisory committee notes emphasize that Rule 702 is broadly phrased and intended to embrace more than a narrow definition of a qualified expert." Hangarter v. Provident Life and Accident Ins. Co. et al., 373 F. 3d 998, 1015 (9th Cir. 2004), citing Thomas v. Newton Int'l Enters., 42 F. 3d 1266, 1269 (9th Cir. 1994) (internal quotations omitted) and Rule 702 advisory committee's note ("In certain fields, experience is the

predominant, if not sole, basis for a great deal of reliable expert testimony.")

During his law enforcement tenure, Chief Dyer has witnessed, observed and had first-hand experience of how crime impacts local business. Chief Dyer is qualified to offer an expert opinion, based on this experience, on what impact fear of crime has on the local citizenry and their economic habits; the relationship between property crime offenders, illegal drugs, and unemployment; and the likelihood of released prisoners obtaining employment when there is a high unemployment rate.

In United States v. Valencia, No. 91-10054, 91-10155, and 91-10269, 1992 U.S. App. LEXIS 14591, at *4 (9th Cir. 1992), the Court of Appeals for the Ninth Circuit determined that the district court properly found that a police officer possessed specialized knowledge and practical experience regarding records maintained by drug traffickers, and that his testimony would assist the jury in analyzing and understanding drug records. Just as a police officer does not have to be a drug trafficker to understand drug records, a chief of police does not have to be an economist or social scientist to understand the impacts of crime in his community, including economic impacts. The proffered opinion testimony of Chief Dyer is not one concerned with exact statistics which are the realm of economists or social scientists. Rather, the practical experience and knowledge which Chief Dyer has acquired in his almost three decades in law enforcement have generated a specialized knowledge concerning how crime, law enforcement and local businesses interact.

Additionally, Plaintiffs argue that Chief Dyer's opinions relating to economic impacts are improperly based on his review or memory of two reports, as stated in his deposition transcript attached to the Declaration of Michael W. Bien as Exhibit J (104:6-105:4). The portion of the transcript related to this matter reveals that Chief Dyer's review of these reports was performed as part of his regular duties as chief of police ("[A] Yeah, the study was done for us out of the University of Pacific of Stockton. I can get you the research on that. And the purpose was to demonstrate the impact crime could have on a community in terms of financial impact.")

Nevertheless, pursuant to Rule 703 of the Federal Rules of Evidence, Chief Dyer may, as an expert from the field of law enforcement on the general causal impact of crime on the economy, rely upon reports concerning the local economy as a valid basis for his expert opinions on the causal relationship between crime and the local economy. "We do not require an expert to base his or her opinions on independent data collection or field research…." Jaasma v. Shell Oil Co., 412 F.3d 501, 514 (3d Cir. N.J. 2005).

Furthermore, Chief Dyer's direct experiences that qualify him as an expert on said matters also meet the standard set forth in Rule 701, which states in part, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are…rationally based on the perception of the witness." Chief Dyer is qualified to testify as a lay witness to his direct observations and direct experiences as a career law enforcement officer as they relate to the impact of crime on the local economy.

**B.    Chief Dyer has established that he is qualified to offer testimony relating to the impact of a prisoner release order on Fresno County Superior Court Operations, County Jail Operations, and District Attorney Operations.**

Plaintiffs' basic argument to exclude Chief Dyers' testimony relating to the impact of a prisoner release order on Fresno County Superior Court operations, county jail operations, and District Attorney operations, is that he does not know anything about these operations as the Chief of Police of the City of Fresno. In support of this argument, Plaintiffs point to operational aspects of which Chief Dyer has admitted he lacks knowledge. It is undisputed that Chief Dyer is not familiar with all aspects of Fresno County Superior Court operations, county jail operations, and District Attorney operations. However, as Chief of Police of the City of Fresno, he is familiar with the local Superior Court and his department necessarily interacts with the Court in handling criminal matters. Plaintiffs argue that his testimony relating to court impacts is based on hearsay, but as Chief of Police, Chief Dyer directed a deputy chief to gather information from the court, and the information was obtained from a judge. This is the type of factual

information gathering typically performed by law enforcement officials in their interactions with other local government agencies, and Rule 703 states that such facts or data need not be admissible in evidence to be the basis of an opinion.

Similarly, as Chief of Police, Chief Dyer regularly interacts with the local Sheriff's Department and District Attorney's office, in order to conduct law enforcement operations specifically relating to the transfer of prisoners to county jail from his own jail, and the prosecution of crimes committed in his jurisdiction. Therefore, Chief Dyer is familiar with certain operations of these agencies and has collected data to base his opinions on impacts to these agencies in a manner that would be reasonably relied upon by experts in his field.

**C.   Chief Dyer has established that he is qualified to offer testimony relating to the impact of a prisoner release order on other Central Valley cities.**

Plaintiffs argue that Chief Dyer is not qualified to offer testimony relating to the impact of a prisoner release order on other Central Valley cities because he neither lives nor works in those cities, and to the extent that he is not qualified to offer the same opinions about his own city. As explained above, Chief Dyer is qualified to offer opinions of impacts based on his law enforcement experience and knowledge. Additionally, Plaintiffs ignore Chief Dyer's qualifications as President of the California Police Chiefs Association, through which he interacts with police chiefs throughout the state, and his positions as Chair of the Central Valley "High Density Drug Trafficking Area" Board, member of the Advisory Board of the Governor's California Gang Reduction Intervention Program, and voting member of the Sacramento Regional Threat Assessment Center Governance Board, which are stated in his expert report (I., Qual., ¶¶ 2-4).

///
///
///
///

# III.

# CONCLUSION

For all the foregoing reasons, the Law Enforcement Intervenors respectfully request that Plaintiffs' motion in limine to exclude testimony of Chief of Police Jerry Dyer be denied.

Respectfully submitted,

DATED:  October 30, 2008        JONES & MAYER


By: _____/s/_____
    Ivy M. Tsai
    Attorneys for Sheriff, Probation, Police
    Chief, and Corrections Intervenor-
    Defendants