IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>ORDER DENYING DEFENDANTS' MOTION FOR DISMISSAL OR, ALTERNATIVELY, SUMMARY JUDGMENT |

This three-judge proceeding arises from two cases in their remedial phases, *Plata v. Schwarzenegger*, No. C01-1351 TEH, and *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, in which courts have found constitutionally inadequate levels of medical and mental health care in California's prisons. In 2007, this court was convened pursuant to the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(3)(B), to determine whether to issue a "prisoner release order" directed at alleviating those unconstitutional conditions. Before issuing such an order, we must determine that crowding of California prisons is the primary cause of the violation of Plaintiffs' constitutional rights, and that no other relief will remedy the violation. 18 U.S.C. §§ 3626(a)(3)(E)(i), (ii).

Pending before the Court is Defendants' September 15, 2008, motion for dismissal or, alternatively, summary judgment. Defendants seek dismissal for failure to exhaust and lack of jurisdiction. In the alternative, Defendants contend that there is no genuine issue of material fact as to whether overcrowding is the "primary cause" of the violation of Plaintiffs' right to adequate medical and mental health care. We deny the motion.

**I.      Defendants' Motion for Dismissal for Failure to Exhaust**

Defendants first contend that this proceeding must be dismissed because Plaintiffs failed to "exhaust[] their current complaints of overcrowding as the primary cause of the alleged unconstitutional medical care or request the remedy of a prisoner release order in an administrative grievance." Defs.' Mot. to Dismiss at 12. Plaintiffs argue that exhaustion is not required, and we agree.

The PLRA provides, in part, that "*[n]o action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Here, we have two preexisting lawsuits in which the constitutionality of the prison conditions has already been determined adversely to Defendants. Defendants do not contend that those preexisting actions, *Plata* and *Coleman*, should be dismissed for failure to exhaust. Instead, they argue that additional exhaustion is required because Plaintiffs assert before this three-judge court "that overcrowding is the primary reason for the alleged unconstitutional conditions" and because Plaintiffs "request . . . a prisoner release order." In essence, Defendants argue that the three-judge court proceeding is a new "action" for purposes of § 1997e(a), and that the issue as to "primary cause" and the request as to the remedy of a prisoner release order must accordingly be exhausted. However, proceedings before a three-judge court convened to consider a request for a particular form of relief in cases in which prison conditions have already been found to be unconstitutional are not new "action[s]" under § 1997e(a), and accordingly that section is not applicable to such proceedings. Instead, a three-judge court is

2

convened under the PLRA only for the purpose of considering whether overcrowding is the primary cause of the constitutional violation and whether the requested relief is warranted under that act.

In this proceeding, Plaintiffs seek to implement orders obtained in the preexisting actions. The *Coleman* Plaintiffs seek to implement a judgment entered against the state of California in 1995 (before the enactment of the PLRA). *See Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995). The *Plata* Plaintiffs seek to implement a Stipulation for Injunctive Relief, which provides that, if the state "does not provide a level of medical care sufficient to meet the minimum requirements of the Eighth Amendment of the United States Constitution, the Court may grant relief as authorized under the [PLRA]." Stipulation for Injunctive Relief, *Plata v. Davis*, No. C-01-1351 (TEH) (N.D. Cal. June 13, 2002) at 14.[1] Plaintiffs merely seek to implement these prior orders with additional forms of relief.[2]

The PLRA itself squarely refutes Defendants' argument that this proceeding is a new action. The PLRA provisions governing three-judge court proceedings clearly demonstrate that these proceedings are a part of preexisting civil actions, not a new action. *See* 18 U.S.C. § 3626(a)(3)(B) ("In *any* civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court . . . ." (emphasis added)). Most notably, the PLRA permits "a Federal judge *before whom a civil action with respect to prison conditions is pending*" to "sua sponte request the convening of a three-judge court . . . ." 18 U.S.C. § 3626(a)(3)(D) (emphasis added). Furthermore, a plaintiff seeking a prisoner release order need not prepare an amended complaint, but must simply "file . . . a request for such relief" along with "a request for a three-judge court and material sufficient to

---

[1] The Stipulation also states that the court "shall have the power to enforce the Stipulation through specific performance *and all other remedies permitted by law*." *Id.* (emphasis added).

[2] In this regard, the present proceeding is functionally identical to *Clarkson v. Coughlin*, No. 91-CIV-1792 (RWS), 2006 WL 587345 (S.D.N.Y. Mar. 10, 2006), in which the district court rejected the defendant's argument that exhaustion was required before the plaintiffs could file a motion "that exclusively [sought] the enforcement of the terms of" a consent decree. *Id.* at *3.

demonstrate that the requirements of [18 U.S.C. § 3626(a)(3)(A)] have been met." 18 U.S.C. § 3626(a)(3)(C). If three-judge court proceedings involved new "actions," it would be impossible for a federal judge to initiate such proceedings sua sponte or for a plaintiff to initiate such proceedings without amending the complaint. Because the proceeding now before us is not a new action but rather a part of a preexisting civil action, the exhaustion requirement is not applicable. 42 U.S.C. § 1997e(a).

Alternatively, when we examine separately the issues Defendants contend must be exhausted, we conclude that exhaustion would not be required even if a new action were before us rather than the proceeding at issue.

As to Defendants' assertion that Plaintiffs must exhaust their "claim" that overcrowding is the primary cause of the constitutional violations, the PLRA requires exhaustion of claims only "with respect to prison conditions." 42 U.S.C. § 1997e(a). The prison conditions underlying this proceeding are constitutionally inadequate medical and mental health care; those claims have already been adjudicated in the *Plata* and *Coleman* lawsuits. The primary cause of the failure to provide the constitutionally required care is not in itself a "prison condition." It is simply a legal relationship that the courts must determine with respect to the reasons the unconstitutional condition exists in order to order a particular form of relief.

The PLRA provides that a prisoner release order cannot be issued absent clear and convincing evidence that "crowding is the primary cause of the violation." 18 U.S.C. §§ 3626(a)(3)(E)(i). The text of the PLRA demonstrates that this requirement is not an element of the claim regarding unconstitutional prison conditions but a limitation on the court's remedial authority. Section 3626 as a whole is titled "Appropriate *remedies* with respect to prison conditions," and § 3626(a) enumerates the "[r]equirements for *relief*" in a civil action regarding prison conditions. The PLRA is explicit in limiting *the court's* authority rather than altering the elements of the underlying claim. *See* 18 U.S.C. § 3626(a)(1)(A) ("The court shall not grant or approve any prospective relief unless . . . ."); 18 U.S.C. § 3626(a)(3)(A) ("[N]o court shall enter a prisoner release order unless . . . ."). The

4

specific provision at issue in this proceeding provides that "[t]he three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that (i) crowding is the primary cause of the violation. . . ." 18 U.S.C. § 3626(a)(3)(E). Because the factual findings required by the PLRA are not elements of the claim of unconstitutional prison conditions but are pre-conditions to the exercise of the Court's remedial authority, Plaintiffs' contentions regarding "primary cause" need not be exhausted.

We reach the same conclusion as to Plaintiffs' request for relief in the form of a prisoner release order. First, like the "primary cause" issue, the particular form of relief requested in litigation is not a "prison condition." Second, *Booth v. Churner*, 532 U.S. 731 (2001), suggests that the form of relief a prisoner seeks in court is irrelevant to the exhaustion inquiry. *Id.* at 739. Following *Booth*, the Seventh Circuit held that "no administrative system may demand that the prisoner specify each remedy later sought in litigation. . . ." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (citing *Booth*, 532 U.S. 732). Finally, "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007). California's regulations require that prisoner grievances "describe the problem and action requested." Cal. Code Reg., tit. 15, § 3084.2. Here, the "problem" is the denial of constitutionally adequate medical and mental health care, and the "action requested" is the provision of adequate medical and mental health care. The prisoner release order is simply one of numerous *means* to that end, and nothing in the regulations suggests that the prisoner must describe all of the possible means by which a requested action could be accomplished by the state in the exercise of its discretion. What means will best help remedy the constitutional violation – for example, building additional facilities, hiring additional doctors, implementing new quality control mechanisms, or releasing prisoners – is a question the prisoner is in no position to evaluate.[3] Accordingly, under the California regulations that define proper exhaustion in the present

---

[3] We note that our interpretation of the PLRA and the California regulations as not requiring exhaustion of mere means to a requested end accords with and promotes the PLRA's purpose of increasing the state's freedom to manage its prisons by choosing how to address prisoner complaints.

5

proceeding, Plaintiffs are not required to specify a request for a prisoner release order when exhausting the administrative process under 42 U.S.C. § 1997e(a).[4]

Because the present proceeding is not a new action and because neither of the issues before the Court in this proceeding would require exhaustion in any event, Plaintiffs are not required to exhaust their contentions regarding the relationship between overcrowding and inadequate medical and mental health care in California's prisons or their request for a prisoner release order before seeking such an order from this Court.[5]

## II.    Defendants' Motion for Dismissal for Lack of Jurisdiction

Defendants next raise two jurisdictional arguments. First, they argue that the three-judge court was improperly convened because "no federal judge has ordered less intrusive relief directed at addressing prison overcrowding." Defs.' Mot. to Dismiss at 15. Even if the Defendants could properly raise this argument now, over a year after the motion to convene the court was granted, Defendants' argument is contrary to the PLRA's plain language. The PLRA permits a three-judge court to be convened if "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order," 18 U.S.C. § 3626(a)(3)(A)(i), and if Defendants have had a reasonable amount of time to comply with that order, *id.* § 3626(a)(3)(A)(ii). Here, both parties agree that the federal right sought to be remedied is

---

[4] Because we do not believe exhaustion of either the primary cause issue or the request for relief is required as a general matter, we need not address whether the particular circumstances of *Coleman* and *Plata* – in particular, the fact that *Coleman* proceeded to judgment prior to the passage of the PLRA and that, in *Plata*, the state entered into an agreement that "irrevocably waive[d]" its exhaustion defense in any civil lawsuit brought by Plaintiffs and their lawyers seeking injunctive relief on the basis of inadequate medical care in California's prisons – render exhaustion unnecessary here.

[5] We reject Defendants' argument that we have "indicated [our] view of this proceeding as akin to a new action through [our] handling of the issues." Our reliance on the adjudicatory procedures established by the Federal Rules of Civil Procedure reflects nothing more than our judgment about the best method for determining whether to issue a prisoner release order.

6

the Plaintiffs' right to constitutionally adequate medical and mental health care.[6] Defendants do not dispute that the *Plata* and *Coleman* courts have entered orders for less intrusive relief directed at remedying the deprivation of that right. *See* Order Granting Plaintiffs' Motion to Convene Three-Judge Court, *Plata v. Schwarzenegger*, 2007 WL 2122657, *3 (N.D. Cal. July 23, 2007); Order, *Coleman v. Schwarzenegger*, 2007 WL 2122636, *2 (E.D. Cal. July 23, 2007) ("Since February of 1996, this court has issued at least seventy-seven substantive orders to defendants in an effort to bring the CDCR's mental health care delivery system into compliance with the requirements of the Eighth Amendment."). Defendants' first jurisdictional challenge thus fails.

Second, Defendants cite to *Lewis v. Casey*, 518 U.S. 343 (1996), and argue that Plaintiffs lack standing to seek a prisoner release order directed at the general prison population. But *Lewis* held that systemwide relief for prison inmates was inappropriate in that case not because of a lack of standing but because remedies must be "limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Id.* at 357, 360 n.7. Here, both the *Coleman* and *Plata* courts have found systemic constitutional injury. *See* Findings of Fact and Conclusions of Law re Appointment of Receiver, *Plata v. Schwarzenegger*, 2005 WL 2932253, *34 (N.D. Cal. Oct. 3, 2005); Order, *Coleman v. Schwarzenegger*, 912 F. Supp. 1282 (E.D. Cal. 1995). Broad relief that affects individuals other than the plaintiffs may be appropriate in cases of systemwide injury. *See Columbus Bd. of Ed. v. Penick*, 443 U.S. 449, 463-65 (1979) (holding that the record supported the district court's order requiring defendants to submit a systemwide desegregation plan). In any event, the appropriateness of the prisoner release order and its scope are questions to be addressed by the Court when formulating an order granting relief, and do not affect Plaintiffs' standing. We therefore deny Defendants' motion to dismiss the case for lack of jurisdiction.

---

[6] *Roberts v. County of Mahoning*, 495 F. Supp. 2d 694 (N.D. Ohio 2006), cited by Defendants, is distinguishable because the court in that case found that overcrowding itself was a "component of the unconstitutional conditions in the jail." *Id.* at 696. Here, Plaintiffs do not argue that overcrowding itself is unconstitutional.

7

### III. Defendants' Motion for Summary Judgment

The PLRA requires that before entering a prisoner release order the three-judge court must find by clear and convincing evidence that "crowding is the primary cause of the violation of a Federal right," 18 U.S.C. § 3626(a)(3)(E)(i) – in this instance the right to a constitutionally adequate level of medical and mental health care in California's prisons. Defendants contend that they are entitled to summary judgment as a matter of law because there is no genuine issue of material fact as to whether crowding is the primary cause of the violation of that right. *See* Fed. R. Civ. Pro. 56(c). Defendants, being the moving party, have the initial responsibility of informing this court of the basis for its belief that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants may meet this burden by "produc[ing] evidence negating an essential element of the nonmoving party's claim," or by "show[ing] that the nonmoving party does not have evidence of an essential element to carry its ultimate burden of persuasion at trial." *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

In moving for summary judgment, Defendants misconstrue the "primary cause" standard. They make much of statements by a Plaintiffs' expert, Dr. Ronald Shansky, by the *Coleman* Special Master, and in the Findings of Fact and Conclusions of Law regarding the Appointment of a Receiver in *Plata*, to the effect that the problems underlying the constitutional delivery of medical care are "interrelated" and "polycentric," and that population reduction alone may not bring the level of care to a constitutionally acceptable level. Mello Decl. Ex. A, Shansky Dep. 12:22-13:7, 88:20-24, 132: 6-9, 61:14-24, Dec. 10, 2007; Special Master's Response to Court's May 17, 2007 Request for Information at 15, May 31, 2007 (*Coleman* Docket #2253); Findings of Fact Conclusions of Law re Receiver, *Plata v. Schwarzenegger*, 2005 WL 2932253, *25 (N.D. Cal. Oct. 3, 2005). But "[p]robably it cannot be said of any event that it has a single causal antecedent; usually there are many." 4 Harper, James and Gray on Torts § 20.2 (3d ed. 2007). The "primary cause" standard does not require that crowding be the exclusive cause of the unconstitutional prison conditions – it requires only that it be the "primary" one. Accepting, *arguendo*, Defendants' definition of

1  "primary" as "first or highest in rank or importance; chief; principal," Defs.' Mot. to Dismiss
2  at 18 (citing *Random House Webster's Unabridged Dictionary* 1537 (2d ed. 1998)), that there
3  are multiple, interrelated causes of inadequate care does not mean that one cause cannot be
4  the most important.

5  Similarly, Defendants misunderstand the inquiry in arguing that crowding is not the
6  "primary cause" because the Receiver's remedial efforts have led to some improvement in the
7  delivery of medical care. *See* Defs.' Mot. to Dismiss at 19; Reply at 12. As the *Plata* and
8  *Coleman* courts found in granting the motion to convene this three-judge court, prior remedial
9  efforts not directed at reducing the prison population level have failed to bring the delivery of
10  medical and mental health care to constitutionally acceptable levels. *See Plata*, 2007 WL
11  2122657 at *3; *Coleman*, 2007 WL 2122636 at *3. This may be some evidence that
12  overcrowding *is* the primary cause of the violation at issue here. Moreover, "crowding" refers
13  to population density: it does not mean only that the prison population is large, but that it is
14  large in relation to the available resources and facilities. Therefore, evidence that an increase
15  in resources has improved or will improve conditions could even indicate that crowding *is* the
16  primary cause of the constitutional violation. And Defendants' suggestion that "population-
17  related problems" could be addressed through measures other than a prisoner release order,
18  Defs.' Mot. to Dismiss at 19, confuses the "primary cause" issue with the appropriateness and
19  the proper scope of a prisoner release order.

20  Defendants also make the peculiar argument that overcrowding is not the primary
21  cause of the constitutional violations because the *Plata* court stated, and Plaintiffs' expert
22  agreed, that "a single root cause of this crisis" is the "historical lack of leadership, planning,
23  and vision by the State's highest officials *during a period of exponential growth of the prison*
24  *population*." Findings of Fact and Conclusions of Law re Receiver, *Plata*, 2005 WL 2932253
25  at *25 (emphasis added); *see* Defs.' Mot. to Dismiss at 18-19. Defendants' inability or
26  unwillingness to tackle the problem of the increasing prison population does not support the
27  contention that overcrowding is not the primary cause of the unconstitutional delivery of
28

9

1  medical or mental health care. It simply helps explain why overcrowding exists and has now
2  become a problem that may be the primary cause of the constitutional violation.

3  Finally, Defendants assert that Plaintiffs have no evidence to show that crowding is the
4  primary cause of the constitutional violation. Plaintiffs have, however, presented sufficient
5  evidence to create a genuine issue of material fact as to whether crowding is the primary
6  cause of inadequate care. *See, e.g.*, RJN Ex. A at 1, Letter from the Receiver, July 24, 2006
7  ("[T]he overcrowding and medical crises are integrally related . . . [and] [i]t will not be
8  possible to raise access to, and quality of, medical care to constitutional levels with
9  overpopulation at its current levels."); RJN Ex. B at 1, Letter from the Receiver, Vol. 1,
10 Number 4, Oct. 27, 2006 ("[I]t is clear that overcrowding is at the root of many of the
11 difficulties that afflict medical care."); Special Master's Response to Court's May 17, 2007
12 Request for Information, *supra*, at 7 ("The struggle for acquisition of a meaningful portion of
13 healthcare clinical space, already able to meet just half the medical demand, escalates
14 relentlessly. . . . Excessive population, thus, results in a reduction of programming space now
15 occupied by inmate bunks, greater competition for use of the diminishing available space;
16 fewer escorting correctional officers to permit access to the diminishing space; and,
17 ultimately, the increasing frustration and demoralization of clinicians trying to provide the
18 treatment."); *id.* at 14 ("It is easy to conclude that defendants' ability to provide required
19 mental health services would be enhanced considerably by a reduction in the overall census of
20 CDCR."). From this evidence alone, inferences can be drawn that create a genuine issue of
21 fact as to whether overcrowding is the primary cause of the constitutional violation.

22 In addition, Dr. Shansky's reports set forth specific facts that lead him to conclude that,
23 factually, "overcrowding is the primary cause of the current status of medical crisis in the
24 CDCR." Shansky Decl., Ex. A at 50 (Nov. 9, 2007); *see also id.*, Ex. C at 36 (Sept. 9, 2008).
25 Although the primary cause issue is ultimately a question of law for the three-judge court to
26 decide, the Federal Rules of Evidence allow experts to express opinions that embrace the
27 ultimate issue in a case. Fed. R. Evid. 704(a). Dr. Shanksy's statement is thus admissible to
28 the extent that it is his opinion on the factual cause of the constitutional violation. *See*

10

3 Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 7:20 (3d ed. 2007) ("Fed. R. Evid. 704 removes an obstacle that might otherwise block expert testimony on issues of cause . . . ."); *Miksis v. Howard*, 106 F.3d 754, 762 (7th Cir. 1997) (holding that expert testimony on whether the driver's sleep deprivation was the primary cause of the accident was properly admitted because "there was a factual dispute as to whether the driver was fatigued, and whether that fatigue could have caused the driver to hit [the] construction bucket"); *Davis v. Mason County*, 927 F.2d 1473, 1484-1486 (9th Cir. 1991) (holding that the district court properly allowed expert testimony that there was a causal link between the reckless failure to adequately train police officers and plaintiffs' injuries), *overruled on other grounds by Davis v. City and County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992). Defendants also raise a hearsay objection to Dr. Shansky's reports, but "experts are entitled to rely on hearsay in forming their opinions." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 873 (9th Cir. 2001); Fed. R. Evid. 703 ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data [on which the expert relies for his opinion] need not be admissible in evidence in order for the opinion to be admitted."). Defendants' objections based on relevance and lack of foundation also fail: Dr. Shansky's opinion regarding the cause of the inadequate medical care in California prisons is clearly relevant and has an adequate foundation – the factual bases disclosed in the reports. In sum, whether we consider only the facts upon which Dr. Shansky based his expert opinion as to the primary cause of the constitutional violation and draw from them the inferences most favorable to Plaintiffs, or we consider the conclusion that he himself drew, as an expert, Dr. Shansky's reports provide sufficient admissible evidence to create a genuine issue of material fact.

Viewing the evidence in the light most favorable to Plaintiffs and drawing all justifiable inferences in their favor, as we are required to do for the non-moving party on summary judgment, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), we conclude that there is sufficient evidence to raise a genuine issue of fact as to whether Plaintiffs can prove by clear and convincing evidence that crowding is the primary cause of

the constitutional violations found in *Coleman* and *Plata*. For the foregoing reasons, we deny Defendants' motion for summary judgment.

## IV. Conclusion

The motion for dismissal or for summary judgment is DENIED. Plaintiffs' and Defendants' Requests for Judicial Notice are GRANTED. To the extent that we rely in the above order on Dr. Shansky's reports, Defendants' objections to those reports are OVERRULED. We find no need to reach the balance of Defendants' evidentiary objections at this time and will not resolve them for the purposes of this summary judgment motion.

**IT IS SO ORDERED.**

Dated: 11/03/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated: 11/03/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated: 11/03/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA