IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | NO. CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | NO. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br><u>ORDER BIFURCATING TRIAL</u> |

In its July 2, 2008 Order for Pretrial Preparation, the Court explicitly stated that whether the trial should be bifurcated remains under submission, and that the trial would not be bifurcated unless otherwise ordered by the Court. After carefully considering the extent of the parties' remaining disputes regarding multiple evidentiary matters and methods of presentation as set forth at today's pretrial conference, and after re-evaluating the length of trial in light of the parties' presentations, the Court finds good cause to bifurcate the trial into two phases, as discussed below.

During Phase I, the Court will determine whether, by clear and convincing evidence, "crowding is the primary cause of the violation" of the constitutional rights at issue in *Plata* and *Coleman*. 18 U.S.C. § 3626(a)(3)(E)(i). The Court will then issue its findings of fact and conclusions of law on that issue. If necessary, the Court will then schedule Phase II proceedings to address whether any other relief besides a prisoner release order will remedy the constitutional violations, 18 U.S.C. § 3626(a)(3)(E)(ii), and, if not, what type of relief is appropriate under the Prison Litigation Reform Act.

In light of this bifurcation of trial, the November 13, 2008 deadlines ordered at the pretrial conference are VACATED. Instead, IT IS HEREBY ORDERED that:

1. Phase I of the trial will begin as scheduled on November 18, 2008, at 9:15 AM. It shall conclude no later than 4:30 PM on December 19, 2008.

2. The parties and intervenors shall meet and confer regarding the evidence that will be presented during Phase I of the trial. No evidence regarding the effect of a prisoner release order on Defendant-Intervenors will be received during Phase I.

3. The parties and intervenors shall file a joint statement on or before **November 17, 2008, at 10:00 AM,** that includes:

   a. A statement of undisputed facts. As discussed at the pretrial conference, only statements of fact that are undisputed by all parties and intervenors should be included. The Court is not interested in reading any statements of disputed facts.

   b. The names of all witnesses who will testify during Phase I, including a brief summary of their proposed testimony.

   c. Proposed time limits such that Phase I will conclude by December 19, 2008. As a reminder, there will be no trial on Mondays, November 25 through 28, December 16, or December 17. In addition, trial will conclude at 1:30 PM on December 5. As guidance for the parties and intervenors, they should anticipate that each full trial day shall only include 5.5 to 6 hours of testimony to allow for a lunch break and two brief recesses each trial day.

//
//

2

d.  A list of all exhibits and deposition excerpts that the parties seek to introduce during Phase I, accompanied by any objections thereto and responses to any objections.[1]

**IT IS SO ORDERED.**

Dated:   11/10/08

/s/
STEPHEN REINHARDT
UNITED STATES CIRCUIT JUDGE
NINTH CIRCUIT COURT OF APPEALS

Dated:   11/10/08

LAWRENCE K. KARLTON
SENIOR UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF CALIFORNIA

Dated:   11/10/08

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

---

[1] The Court may, in its discretion, issue a subsequent order regarding deposition excerpts.