PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99461
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

K & L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY -
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br>　　Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>　　Plaintiffs,<br><br>　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br>　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER BIFURCATING TRIAL** |

## I. INTRODUCTION

Plaintiffs respectfully seek reconsideration of the Court's November 10, 2008 Order Bifurcating Trial. First, bifurcation is not necessary, and will cause extreme prejudice to plaintiffs. Following the November 10 pretrial conference, the parties discussed reaching an agreement with respect to time limits on testimony, and other matters that would have enabled presentation of both "Phase I" and "Phase II" issues to be completed by December 19, 2008. Dividing the trial into two phases will prolong the resolution of this matter, causing grave hardship to the *Coleman* and *Plata* class members.

In the alternative, if the Court bifurcates the trial, Phase I should include both whether "crowding is the primary cause" of the constitution violations (18 U.S.C. § 3626(a)(3)(E)(i)) and also whether "no other relief will remedy the violation of the Federal right" (18 U.S.C. § 3626(a)(3)(E)(ii)). The matters are intertwined, and both need to be decided before the Court considers the scope of any remedy. Moreover, the same plaintiff and defense witnesses who will testify about "primary cause" will also testify about whether any relief other than a prison population reduction "will remedy the violation" of the constitutional rights to adequate health care. Including the "no other relief" evidence in Phase I will ensure that witnesses testify only once, which is more efficient, and will not significantly prolong Phase I of the trial.

## II. ARGUMENT

**A.    Bifurcation Is Unnecessary and Will Prejudice Plaintiffs**

The parties can complete both Phase I and Phase II of the trial by December 19, 2008, without bifurcating the trial. Following the November 10, 2008 pretrial conference, the parties conferred, and plaintiffs' counsel conferred among themselves. As a result, plaintiffs are confident they can cut the number of trial exhibits by hundreds, and can drastically reduce the number of deposition designations offered by plaintiffs. In addition, many documents appear on both plaintiffs' and defendants' exhibit lists, and reducing duplication will further reduce the number of exhibits. Plaintiffs will be able to submit a revised trial exhibit list, and revised deposition designations, this week.

The parties also discussed imposing limits on testimony and cross examination that would enable all parties and intervenors to rest on both Phase I and Phase II issues by December 19, 2008. A

significant amount of trial time can be saved by reaching stipulations with the intervenors about basic undisputed facts, limiting both direct and cross examinations. Moreover, plaintiffs included certain matters in their deposition designations in order to avoid having to ask certain questions during cross examination during trial. After defense witnesses have completed their testimony, plaintiffs may be able to cut the deposition designations even further. The parties had intended to continue conferring about these matters, but ceased this process upon receipt of the Court's Order Bifurcating Trial. Plaintiffs are confident that if the Court reverses its order, the parties will be able to come to an agreement that will enable the full trial to concluding before the Christmas holidays.

Bifurcating the trial, on the other hand, will severely prejudice plaintiffs. Phase I of the trial will stretch through December, and there is no schedule for completing Phase II of the trial. This means possible delays of months before the trial is completed, and any relief can be afforded. In the meantime, *Plata* and *Coleman* class members are suffering and even dying. As the *Plata* Court recently found:

> As noted in prior orders of this Court, Defendants' failure to develop and maintain a constitutionally adequate system of delivering medical care to California's prisoners results in needless suffering and death. While the Receiver's efforts have undoubtedly improved the California prison health care system, those improvements are only the beginning of curing the constitutional violations at issue in this case. The Receiver has recently released an analysis of inmate deaths in 2007, which found that three deaths were preventable and sixty-five deaths were possibly preventable, and that there were nearly 300 extreme departures from the standard of care. This means that, in 2007, a preventable or possibly preventable inmate death occurred, on average, every five or six days. Thus, even small delays in implementing the remedial plan in this case have the potential to result in additional needless suffering and loss of life.

*Plata* Order Denying Defendants' Motion to Stay at 7-8 (*Plata* Docket No. 1778). While the Ninth Circuit ultimately stayed the Receiver's contempt motion without analysis, the *Plata* Court's findings about the prejudice suffered by plaintiffs as a result of any delay in remedying the unconstitutional conditions remains uncontroverted. The *Coleman* class would similarly suffer serious harm as a result of any delay.

Because of the extreme prejudice that plaintiffs will suffer, and the practicalities of completing both Phase I and Phase II by December 19, plaintiffs respectfully request that the Court reconsider and reverse its Order Bifurcating Trial.

Plaintiffs' Mot for Reconsideration of Order Bifurcating Trial
Case Nos. 90-00520; 01-1351                          2

**B.    In the Alternative, Phase I Should Be Expanded to Include whether "no other relief" will remedy the constitutional violations.**

If the matter remains bifurcated, Phase I should also include resolution of the question whether "no other relief" will remedy the constitutional violations.

The PLRA requires plaintiffs seeking a "prisoner release order" to demonstrate first that "crowding is the primary cause" of the constitutional violations (in this case, the rights to constitutionally adequate medical and mental health care) and that "no other relief" will remedy the violations. 18 U.S.C. § 3626(a)(3)(E). Following findings that crowding is the primary cause of the violations and that no other relief will remedy the violations, the three judge court's next step will be to fashion a "prisoner release order" to remedy the violations. It is only after plaintiffs have established the "primary cause" and "no other relief" elements that the Court considers the appropriate scope of the remedy (including giving substantial weight to whether any remedy would adversely impact public safety or the administration of a criminal justice system). 18 U.S.C. §§ 3626(a)(3)(A), (a)(1)(A).

Although it might appear on first reading that the "no other relief" question is one properly directed to the *scope* of the remedy, it is in fact a *precondition* to granting the remedy. It therefore should properly be addressed during the first phase of the trial.

It also makes logistical sense to include "no other relief" in the first phase of the trial, because *all* of plaintiffs' witnesses about "primary cause" are also witnesses about the "no other relief" element. The witnesses will testify that crowding is the primary cause of the unconstitutional healthcare, and that if defendants do not reduce crowding they cannot resolve the constitutional violations. Similarly, defendants' expert witness disclosures state that both of their experts about primary cause – Dr. Ira Packer and Dr. David Thomas – will also testify about the "no other relief" element. And because the issues are so intertwined, including the testimony about "no other relief" will not significantly prolong Phase I. On the other hand, it would be duplicative and time-consuming to have the same witnesses first testify about the primary cause matter in Phase I, and then return to the stand in Phase II, and lay the same (or similar) groundwork to testify about the "no other relief" element. This is especially so for the numerous witnesses who live out of state and will fly to California to participate in the trial.

Moreover, including the "no other relief" element would not materially expand the participation of intervenor witnesses. The vast majority of intervenor witnesses will provide testimony solely on the

issues whether a population reduction would adversely impact public safety or local criminal justice systems, matters not included within the "no other relief" element of the PLRA.

Accordingly, if the Court maintains a bifurcated trial schedule, plaintiffs propose that Phase I include evidence on both the "primary cause" and "no other relief" elements of the PLRA. At the conclusion of Phase I, plaintiffs will request that the court find that plaintiffs have demonstrated by clear and convincing evidence that 1) crowding is the primary cause of the unconstitutional medical and mental health care; 2) no relief other than a prisoner release order will remedy the violations; and 3) in order to comport with constitutional mandates, the State must reduce its institution population to 130% of design capacity.

Under this scenario, Phase II will be focused solely on the appropriate scope of the remedy (including giving substantial weight to whether any remedy would adversely impact public safety or the administration of a criminal justice system), and the parties' "primary cause" witnesses will not have to testify twice.

## II. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court reconsider and reverse its Order Bifurcating Trial, or, in the alternative, include within Phase I of the trial evidence regarding whether "no other relief will remedy the violation of the Federal right," 18 U.S.C. §3626(a)(3)(E)(ii).

DATED: November 11, 2008

Respectfully submitted,

By: /s/ Rebekah Evenson

Rebekah Evenson
Prison Law Office
Attorney for Plaintiffs in
*Plata v. Schwarzenegger*
and
*Coleman v. Schwarzenegger*

Plaintiffs' Mot for Reconsideration of Order Bifurcating Trial
Case Nos. 90-00520; 01-1351                              4