EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

### PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER NOVEMBER 10, 2008 ORDER BIFURCATING TRIAL**<br><br>To: Three-Judge Court |

DEFS.' OPP'N TO MOT. TO RECONSIDER (CASE NOS. 90-00520 AND 01-1351)                    1670112.2

## I. INTRODUCTION

On November 10, 2008 this Court issued an order bifurcating the proceedings after "carefully considering the extent of the parties' remaining disputes regarding multiple evidentiary matters and methods of presentation . . . and after re-evaluating the length of trial in light of the parties' presentations" at the pretrial conference. Plaintiffs filed a motion to reconsider that bifurcation order. Defendants oppose Plaintiffs' motion.

## II. ARGUMENT

Plaintiffs' motion to reconsider seeks (1) that the matter be un-bifurcated completely, or alternatively (2) that Phase I consist of both a determination of whether "crowding is the primary cause" of the constitution violations (18 U.S.C. § 3626(a)(3)(E)(i)) and also whether "no other relief will remedy the violation of the Federal right" (18 U.S.C. § 3626(a)(3)(E)(ii)). In favor of un-bifurcating the proceedings Plaintiffs suggest, without any support, that an un-bifurcated trial can be completed by December 19, 2008. In fact, even the most conservative of estimates of an un-bifurcated trial indicates that trial will last well into January 2009, accounting for the Court's schedule and the upcoming holidays. For this reason, because the Court's rationale for bifurcating the proceeding is sound, and because the parties have worked continuously since the order bifurcating the proceeding to prepare for the Phase I trial, the Court should not reconsider its order of bifurcation. To do so now would prejudice the parties just days before trial.

Similarly, Defendants do not believe that the Court should expand the Phase I trial. First, Defendants are skeptical that such a reconfigured Phase I trial can be completed by December 19, 2008 with the full participation of Defendant-Intervenors. Second, to the extent that Plaintiffs are asking the Court to conduct a new Phase I trial that adjudicates both the "primary cause" and "no other relief" issues without participation of the Defendant-Intervenors, Defendants believe that is improper.

## III. CONCLUSION

This Court properly bifurcated these proceedings on November 10, 2008.

DEFS.' OPP'N TO MOT. TO RECONSIDER (CASE NOS. 90-00520 AND 01-1351)    1670112.2

1  Bifurcation ensures the Phase I trial will be completed by December 19, 2008. It also
2  focuses the legal and evidentiary issues, thereby conserving Judicial and party
3  resources. In fact, a ruling in Defendants favor in Phase I would eliminate the need for a
4  Phase II trial.

5  Following the order bifurcating, the parties moved quickly to revamp their
6  evidence and presentations to address the issues presented in the Phase I trial. This
7  motion to reconsider should be denied because the parties cannot reasonably be
8  expected to change courses again four or five days before trial and prepare for either an
9  un-bifurcated or reconfigured Phase I trial. Moreover, Plaintiffs' motion to reconsider
10 should be denied because neither an un-bifurcated trial nor a reconfigured Phase I trial
11 will be completed by December 19, 2008.

DATED: November 12, 2008                HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: November 12, 2008                EDMUND G. BROWN JR.
                                        Attorney General of the State of California


By: /s/ Lisa Tillman
LISA TILLMAN
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.