JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Law Enforcement
Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT**<br><br>[F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]<br><br>**DEFENDANT INTERVENORS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER BIFURCATING TRIAL** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

-1-

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Defendant Intervenors, Sheriffs, Police Chiefs, Chief Corrections Officer and Chief Probation Officers (Law Enforcement Intervenors), District Attorneys (District Attorney Intervenors), Republican Senators and Assemblymembers (Legislative Intervenors), the Counties of San Mateo, Santa Barbara, Santa Clara (County Intervenors) and the Sonoma County Intervenors, respectfully submit the following opposition to Plaintiffs' Motion for Reconsideration of Order Bifurcating Trial, filed on or about November 11, 2008. This opposition is based upon the points and authorities set forth herein, the attached declaration of Kimberly Hall Barlow, and such other evidence and argument as may be made at any hearing on Plaintiffs' motion.

### I.   *Introduction and background.*

Following the parties' Pretrial Conference on November 10, 2008, this Court issued an order bifurcating the trial in this matter to establish a Phase I relating solely to the issue of whether overcrowding is the primary cause of the constitutional violations alleged to be occurring in the provision of mental health care and medical care in the State's prisons. Previously scheduled deadlines for meeting and conferring regarding issues of deposition excerpt designation and objection, witness declaration and expert report objections and responses, submission of stipulated facts, and exhibits were vacated as part of that order. Phase I is scheduled to commence on November 18, 2008, and conclude by December 19, 2008. Given the bifurcation, a new schedule was established by the Court for the parties to meet and confer regarding Phase I undisputed facts, witnesses, exhibits and deposition excerpts and proposed time limits, requiring submission of a joint statement by November 17, 2008 at 10:00 a.m. as to these Phase I issues. On November 12, 2008, portions of this order were modified to require submission of certain documents by the parties by Sunday November 16, 2008.

Plaintiffs, in the Joint Pretrial Statement and at the Pretrial Conference, having identified 1,200 proposed exhibits, 11 expert witnesses and 44 depositions from which

excerpts would be introduced or read into the record, now contend they will be prejudiced by the bifurcation order because of a delay in obtaining relief in this matter. Previous efforts by Defendant Intervenors to obtain agreements from Plaintiffs to stipulate to undisputed facts and to forego demanding the appearance of certain witnesses at trial have met with no success to date. Plaintiffs' about-face regarding the scope of their case and their ability to limit it should be disregarded and their motion denied.

## II. *The Court should not reconsider its order bifurcating trial issued on November 10, 2008.*

The Court has authority to bifurcate the trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. Proc. 42(b).

Plaintiffs claim in their motion that all phases of this trial can be completed by December 19, but their motion fails to give any specifics of how they intend to accomplish this. It is not supported by a declaration to establish that anything whatever changed between the Pretrial Conference and the filing of the Motion for Reconsideration. Since the bifurcation order, the parties have designated 24 witnesses to testify on Phase I issues. Only one of these witnesses (a legislator) has been designated by any of the Defendant Intervenors. Given the Court's statement in its bifurcation order that there will only be 5.5-6 hours for testimony each day, and there are 13.5 available trial days in the allotted period, this leaves about 74-81 hours total for testimony, which equates to about 3-3.25 hours total testimony per witness. These figures do not take into account time needed during trial for resolution of any disputes regarding exhibits, testimony offered by way of declaration or expert report, deposition designations, opening statements, closing statements (if any), or responding to questions from the Court. There is simply no room in this schedule for the parties to present evidence and testimony regarding Phase II issues.

The Court's Bifurcation Order has separated out the core of Defendant

-3-

Intervenors' cases to be presented in Phase II. By doing so, the Court will be able to forego in Phase I the testimony of a total of 29 Defendant Intervenor witnesses, including 13 Law Enforcement Intervenor witnesses, 3 District Attorney Intervenor witnesses, 10 County Intervenor witnesses, 1 Legislator Intervenor witness, and 2 Sonoma County Intervenor witnesses. In addition, hundreds of exhibits identified by Defendant Intervenors will not be introduced until Phase II of the trial – which will also hold in abeyance Plaintiffs' objections to those exhibits and resolution thereof.

While it is true that the parties conferred following the pretrial conference on ways in which they might be able to streamline presentation of witnesses and evidence, no agreements were reached during that process which actually reduces the amount of documents, witnesses or testimony time for any of the issues in the case. Instead, each of the parties agreed to take steps to try to limit the number of exhibits to be offered, stipulate to as many facts as possible, and attempt to limit the time needed for live testimony. However, since the Court's order bifurcating the trial was issued prior to any of those steps actually occurring, there is in fact no agreement which reduces the amount of time necessary to try all issues in this case. See Declaration of Kimberly Hall Barlow ("Barlow Decl."), ¶ 2.[1] Instead, the parties immediately began revamping their cases to comply with the bifurcation order. Barlow Decl. ¶ 4.

Plaintiffs also fail to make any offer to forego live testimony from or cross-examination of any of the Defendant Intervenors' witnesses, whether on the subject of impacts or alternatives to a prisoner release order. No stipulations of fact designed to reduce the need for testimony, documentary evidence or cross-examination of any of the Defendant Intervenors' witnesses have been proffered or agreed to by Plaintiffs' counsel.

---

[1]  Plaintiffs do not dispute this, stating in their motion: "The parties had intended to continue conferring about these matters, but ceased this process upon receipt of the Court's Order Bifurcating Trial." Mot. for Recon. Filed 11-11-08, p. 3, ll. 5-6. Unfortunately, Plaintiffs compounded the problem by failing to communicate with any of the other parties following the issuance of the bifurcation order that they objected to the bifurcation, considered it prejudicial, or even that they wished to resolve the issues which led to the bifurcation. No call or e-mail was sent to the other parties to meet and confer or express objection; instead, Plaintiffs waited nearly 24 hours after issuance of the Order Bifurcating Trial and then simply filed the motion for reconsideration without even consulting the other parties or warning them that their revised preparation schedules might be altered yet again. See Barlow Decl. ¶ 5.

-4-

Thus, absent bifurcation, it is likely that Defendant Intervenors will not have adequate time to present their evidence.

With only two business days left until commencement of trial, reversing or modifying the bifurcation order now would severely prejudice Defendant Intervenors. They have focused on reviewing exhibits, proposed stipulated facts, witness lists and deposition excerpts related only to Phase I, to the exclusion of the issues to be addressed in Phase II, if there is one. They have already notified their clients of the bifurcation order, and have even altered travel and housing arrangements associated with the trial. Barlow Decl. ¶¶ 4-5. Both judicial economy and the resources of the many public entities and officials represented in these proceedings (which are daily becoming more scarce due to the state-wide fiscal crisis) will be preserved by leaving the existing bifurcation order in place.

### III. *Altering the issues to be tried in Phase I will not result in significant time savings or reduction in exhibits and testimony.*

Plaintiffs contend that, in the alternative, the Court should alter its bifurcation order to include in Phase I the issue of whether there is no relief other than a prisoner release order which will remedy constitutional violations. 18 U.S.C. § 3626(a)(3)(E)(ii). Plaintiffs contend that many of the same witnesses who will testify on the issue of crowding as the primary cause of violations will also offer testimony on whether no relief other than a prisoner release order will remedy the violations. While this may be true, re-bifurcating the issues as proposed by Plaintiffs will not result in any significant time savings in presentation of evidence or narrow the issues sufficiently to accomplish completion of Phase I by December 19th as required by the Court.

First, and most importantly, evidence regarding "no relief other than a prisoner release order" will not be required at all if Plaintiffs do not meet their high burden of proof in Phase I. Defendants have informed the parties and the Court that they intend to introduce a substantial amount of evidence to rebut Plaintiffs' claim in this regard,

-5-
DEFENDANT INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR
RECONSIDERATION OF ORDER BIFURCATING TRIAL

making it a hotly contested issue. Counsel for all Defendant Intervenors have conferred and believe that they will have a very limited role in Phase I proceedings as they are currently constituted. The Legislative Intervenors will have one witness and a small number of exhibits, and one attorney for all of the Defendant Intervenors will, if necessary, conduct extremely limited cross-examination of Plaintiffs' and Plaintiff Intervenors' witnesses. Except for the single Legislator noted above, none of the Defendant Intervenors intend to offer written or live testimony of their own witnesses on the Phase I issue. Barlow Decl. ¶ 6.

However, if the scope of Phase I proceedings were to be expanded as Plaintiffs request to include the issue of whether alternative relief would remedy the asserted violations, then all Defendant Intervenors would be required to fully participate in Phase I. Because the issue of alternative relief is closely tied to the issue of the appropriate scope of any prisoner release order entered in this case, Defendant Intervenors would be required to submit a substantial portion of their cases – including deposition excerpts, exhibits, and direct/cross-examination testimony of witnesses exhibits – in the initial phase of the trial. Barlow Decl. ¶ 7. The purpose of the Birfucation Order – to streamline and limit the scope of evidence submitted and objections thereto in the initial stage of trial – will thus be thwarted.

Defendant Intervenors believe that the Court's Bifurcation Order appropriately limited the scope of the initial phase of trial to the first hurdle that Plaintiffs must cross before addressing all issues regarding existing or potential remedies in the case. The Bifurcation Order not only enables the first phase of trial proceedings to be completed by December 19th, but also conserves the resources of the Court and the parties by proceeding to trial on the initial issue that Plaintiffs must prove to be entitled to relief herein.

### IV.  Conclusion.

For all the foregoing reasons, the Law Enforcement, County, District Attorney, Legislator, and Sonoma County Intervenors respectfully request that the Court deny Plaintiffs' motion for reconsideration.

Respectfully submitted,

DATED: November 13, 2008           JONES & MAYER

By: _____/s/_____
    Kimberly Hall Barlow
    Attorneys for Sheriff, Probation, Police
    Chief, and Corrections Intervenor-
    Defendants

ROD PACHECO, DISTRICT ATTORNEY
COUNTY OF RIVERSIDE

By: _____/s/_____
    William E. Mitchell
    Attorneys for District Attorney Intervenors


AKIN GUMP STRAUSS HAUER & FELD, LLP


By: _____/s/_____
    Steven S. Kaufhold
    Attorneys for Legislator Intervenors

ANN MILLER RAVEL
County Counsel


By: _____/S/_____
    THERESA J. FUENTES
    Deputy County Counsel
    Lead Attorneys for Intervenors
    COUNTY OF SANTA CLARA, COUNTY
    OF SAN MATEO,
    COUNTY OF SANTA BARBARA

-7-
DEFENDANT INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR
RECONSIDERATION OF ORDER BIFURCATING TRIAL

STEVEN M. WOODSIDE
County Counsel

By: _____/S/_____
ANNE L. KECK
Deputy County Counsel
Attorneys for Intervenor,
COUNTY OF SONOMA,
SONOMA COUNTY SHERIFF,
SONOMA COUNTY CHIEF
PROBATION OFFICER