JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Law Enforcement
Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** <br><br> [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DECLARATION OF KIMBERLY HALL BARLOW IN SUPPORT OF INTERVENORS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER BIFURCATING TRIAL** |

-1-

I, KIMBERLY HALL BARLOW, declare as follows:

1. I am an attorney licensed to practice before all the courts of the State of California. I am admitted to practice before the United States District Courts for the Eastern and Northern Districts of California. I am a partner with the law firm of Jones & Mayer, which represents the Sheriff, Police Chief, Chief Probation, and Chief Corrections Intervener-Defendants (collectively, the "Law Enforcement Intervenors") in this action. I have personal knowledge of the facts stated in this declaration and could and would competently testify thereto.

2. Following the Pretrial Conference, the Defendant Intervenors' and Plaintiffs' counsel briefly met and conferred on ways in which they might be able to streamline presentation of witnesses and evidence. However, due to the need to review specific documents and convey specific objections or proposals respecting them, no agreements were reached during the brief exchange post-conference which actually reduce the amount of documents, witnesses or testimony time for all issues, or even one issue, in the case. Instead, each of the parties agreed to take steps to try to limit the number of exhibits to be offered, stipulate to as many facts as possible, and attempt to limit the time needed for live testimony. However, prior to the time when I returned to my office on the day of the Pretrial Conference, the Court issued its Order Bifurcating Trial.

3. Pursuant to agreement of the parties, three Defendant Intervenors disseminated proposed Stipulations of Undisputed Fact (See Exhibits "A" and "B" to the Joint Pre-Trial Conference Statement filed on October 30, 2008, and the Law Enforcement Intervenors' proposed stipulated facts contained in the Joint Pre-Trial Conference Statement). Though the parties had agreed to review and provide any objections to those Stipulations in the Joint Pre-Trial Conference Statement, Plaintiffs did not provide a substantive response to them. Nor have any responses been received to date as to any of those proposed stipulations of fact. Plaintiffs also have consistently refused Defendant Intervenors' request to forego cross-examination of at least some of

their witnesses who submitted declarations or reports, and have demanded each of those persons attend trial to be cross-examined.

4. Immediately after receiving the Court's bifurcation order, I began to notify my testifying witnesses and other clients of the Court's order and began to focus almost exclusively on revamping my clients' case to comply with the bifurcation order. I have conferred with counsel for all other Defendant Intervenors and am authorized to speak for them in making this declaration in support of this Opposition to the Motion for Reconsideration. Other counsel for the Defendant Intervenors have, like my firm, focused almost exclusively on addressing the necessary evidence, witnesses, stipulated facts and depositions relating to Phase I issues since the bifurcation order was issued.

5. At no time between issuance of the Order Bifurcating Trial and the filing of the Plaintiffs' motion for reconsideration nearly 24 hours later did I receive a phone call or e-mail message from any attorney representing Plaintiffs indicating any concern or objection regarding the bifurcation order, any attempt to meet and confer regarding a motion to reconsider or modify the bifurcation order, or even any attempt to reach agreement on narrowing of issues, witnesses, deposition testimony or exhibits unrelated to the issue of crowding as the primary cause of the violations. Instead, I received and replied to several e-mails from Plaintiffs' various attorneys seeking agreement as to the fact that my clients would not offer testimony on the Phase I issues, agreeing that the proposed stipulated facts which we should review and confer on related only to Phase I, and identifying Plaintiffs' proposed witnesses for Phase I so that I could determine whether and when I even needed to attend the first few phase of trial on behalf of my clients. Given the Court's bifurcation order, I anticipated that I would likely attend only the first day of trial during the first week and have already lost the opportunity to obtain hotel arrangements for the first week of trial at half the usual cost and have altered my travel arrangements to account for the bifurcation.

6. Counsel for all Defendant Intervenors have conferred and believe that they will have a very limited role in Phase I proceedings as they are currently constituted,

consisting primarily of limited cross-examination of Plaintiffs' and Plaintiff Intervenors' witnesses. Except for one Legislator to be offered as witnesses by Legislative Intervenors, none of the Defendant Intervenors intend to offer written or live testimony of their own witnesses on the Phase I issue.

7. However, if Phase I is to include the issue of whether alternative relief would remedy the asserted violations, Defendant Intervenors will not only require additional time to cross-examine plaintiffs' expert witnesses, but will also be forced to call many of their own witnesses to testify on the issue of alternative remedies. Additionally, as Plaintiffs' acknowledge, additional testimony will be required from both Plaintiffs and Defendants expert witnesses on the issue of alternatives. The Law Enforcement, District Attorney, Legislative, County and Sonoma County Intervenors specifically have always sought to introduce evidence of alternatives to a prisoner release order, as well as evidence relating to the public safety impact of a prisoner release order.

8. I am informed and believe that all of the facts contained in the Opposition (including but not limited to issues respecting evidence to be submitted at trial) is true and correct to the best of my information and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th of November, 2008 in Fullerton, California.

*/s/ Kimberly Hall Barlow*
KIMBERLY HALL BARLOW

BARLOW DECL. IN SUPPORT OF OPP. TO PLS.' MOTION FOR RECONSID. OF BIFURCATION ORDER