PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99461
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

K & L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY -
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,
Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,
Defendants

No. Civ S 90-0520 LKK-JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA, et al.,
Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,
Defendants

No. C01-1351 TEH

**THREE-JUDGE COURT**

**PLAINTIFFS' RESPONSE TO ORDER RE DEPOSITION EXCERPTS AT TRIAL**

Plaintiffs submit this response to the Court's November 12, 2008 Order re Deposition Excerpts at Trial, which requires the parties to file statements setting forth 1) justification and authority for tendering depositions of witnesses who will be called to testify in Phase I of the trial; 2) objections and counter-designations for deposition testimony of witnesses who will not be called to testify in Phase I of the trial.[1]

In response to this Court's orders and direction provided at the pretrial conference, plaintiffs have cut by more than half the number of deposition designations, reduced the number of pages designated in the remaining depositions, cut by more than half the number of trial exhibits, and reached tentative stipulations and agreements with defendants and intervenors about a number of undisputed facts that should significantly shorten the trial time. Plaintiffs have also agreed to consider further stipulations with respect to the testimony of intervenor-defendant witnesses (regardless of whether the trial remains bifurcated, these witnesses will not be scheduled to testify until December at the earliest). Plaintiffs' responses to the specific questions posed by the Court are set forth below.

## I. Plaintiffs' deposition designations

### A. Testifying witnesses

Plaintiffs have withdrawn all but one deposition designation for those witnesses who we understand will provide live testimony during Phase I of the trial. The defendant deposition designations that plaintiffs have withdrawn are: Matthew Cate, Todd Jerue, Scott Kernan, Ira Packer, Cynthia Radavsky, and George Runner. Plaintiffs reserve their right to re-tender deposition designations for those witnesses if any witness does not actually appear to testify in person, if the deposition transcript contains appropriate impeachment material, or if for some other reason we are prevented from asking the relevant questions of the witness on the stand.[2] Plaintiffs have also withdrawn the designation of the

[1] The Court also requested CCPOA to address another matter related to CCPOA deposition designations. Plaintiffs do not address that issue.

[2] Plaintiffs are entitled to introduce deposition testimony of defendants and their managing agents for any purpose. Fed. R. Civ. P 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)"). Plaintiffs initially designated deposition testimony of certain defendants and

transcript of the deposition of Jeffrey Beard (who resides out of state), on the understanding that Mr. Beard will travel to California to testify at the trial.

The only Phase I trial witness for whom plaintiffs submit a deposition designation is Robin Dezember, the chief deputy secretary, Correctional Healthcare Services, CDCR. Plaintiffs have significantly cut the Dezember deposition designation, and now intend to offer only a single 6-page designation from Mr. Dezember's deposition transcript. The reason that plaintiffs maintain this designation is that the deposition testimony concerns a subject – the operable capacity of the prisons – that Mr. Dezember will not address during his live testimony. Mr. Dezember's trial affidavit sets forth the subject matter about which he will testify, and accordingly proscribes the subject of his direct and cross examination. Since the subject about which Mr. Dezember testified during the designated pages of his deposition falls outside the expected scope of Mr. Dezember's trial testimony, plaintiffs will present that testimony via deposition pursuant to Federal Rule of Civil Procedure 32. The deposition testimony is admissible pursuant to Rule 32, and also Federal Rule of Evidence 801 because it contains deposition testimony of a managing agent of a party.

**B. Non-testifying witnesses**

Plaintiffs have also reduced the number of deposition designations for non-testifying witnesses. Attached hereto as Appendix A are revised Phase I deposition designations for the 15 witnesses who will not be providing live testimony during this phase of the trial. Each such designation has been significantly cut.[3]

---

managing agents of defendants in lieu of calling those individuals as live adverse witnesses during plaintiffs' case in chief. However, because defendants themselves opted to call these same individuals as live witnesses during defendants' case in chief, in light of this Court's Order re Deposition Designations, and in the interests of judicial economy, plaintiffs have modified and cut their designations as noted.

[3] The revised deposition designations include testimony relevant to both 1) whether "crowding is the primary cause" of the constitutional violations and 2) whether"no other relief" will remedy the violations (18 U.S.C. § 3626(a)(3)(E)). Plaintiffs will further revise the designations if the court precludes testimony about "no other relief" during Phase I of the trial.

## II. Objections and Counter-designations to Defendant Deposition Designations

### A. Coleman and Stoderd

Plaintiffs object to defendants' designation of deposition testimony from individual plaintiffs Ralph Coleman and Ray Stoderd. The designated testimony concerns the individual prisoners' personal experiences with the prison medical and mental health care. But individual experiences of two prisoners out of more than 170,000 is irrelevant to any issue in the three judge court proceedings. The only issues that this Court will decide are 1) whether crowding is the primary cause of the constitutional violations; 2) whether "no other relief" will remedy the constitutional violations; and 3) if plaintiffs have established these elements, what is the appropriate scope of the remedy. 18 U.S.C. §§ 3626(a)(3)(A), (a)(1)(A). The testimony of Mr. Coleman and Mr. Stoderd does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Indeed, this Court has already determined that prisoners are in no position to evaluate what means will help remedy the constitutional violations in this action. Order Denying Defendants' Motion for Dismissal, Plata Docket # 1757, at 5. Accordingly, the designated deposition transcripts are irrelevant and inadmissible. Fed. R. Evid. 402.

If this Court determines that the Coleman and Stoderd depositions are relevant, however, plaintiffs counter-designate the following deposition testimony:

Ray Stoderd
29:10-30:6
31:24-32:9
33:22-34:8
35:11-36:12
36:17-22
53:21-25
57:1-10
84:20-23
86:16-18
86:24-87:7
91:7-15

Ralph Coleman
15:2-15
36:22-36:24
37:9-37:18
38:4-38:22
39:13-39:17
49:21-49:23
50:14-51:4
51:25-52:21

53:10-53:17
56:21-57:6
59:12-60:12
64:7-65:18
71:4-71:24
72:1-73:21
74:6-76:14
77:15-77:24
80:20-81:10
81:19-81:22
84:21-84:25

**B. Christopher Mumola**

Defendants also tendered designations for Mr. Mumola's deposition. Mr. Mumola resides more than 100 miles from the place of trial, and it is therefore appropriate to tender his deposition in lieu of live testimony pursuant to Fed. R. Civ. Proc. 32(a)(4)(B). Accordingly, plaintiffs do not object to defendants' designations, but make the following counter-designations, which are necessary to provide context to the transcript sections designated by defendants:

102:10-14
102:17-103:2
107:7-9
107:11
107:13-14
107:16
107:18-20
107:22

DATED: November 13, 2008

Respectfully submitted,

By: */s/ Rebekah Evenson*

Rebekah Evenson
Prison Law Office
Attorney for Plaintiffs in
*Plata v. Schwarzenegger*
and
*Coleman v. Schwarzenegger*