EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

Attorneys for Defendants

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' RESPONSE TO ORDER RE: DEPOSITION EXCERPTS AT TRIAL**<br><br>**To: Three-Judge Panel** |

- 1 -

## I. INTRODUCTION

This Three-Judge Panel, in its Order Re: Deposition Excerpts at Trial, required the parties to explain what justification there is for using deposition testimony at trial for purposes other than impeachment. (11/12/08 Order Re: Deposition Excerpts at Trial (11/12/08 Order) at ¶ 1.) This Court further required the parties to submit objections and counter designations to deposition excerpts for those individuals who are "not otherwise identified as witnesses for trial." (*Id.* at ¶ 2.) Defendants submit the following briefing in response to this Court's order.

## II. DEFENDANTS' RESPONSE

### A. Deposition Testimony Is Admissible at Trial In Lieu of Live Testimony Where the Witness is Unavailable or Where the Witness' Testimony Constitutes an Admission by a Party-Opponent.

In this Court's order regarding deposition excerpts at trial, the Court stated that Plaintiffs identified deposition excerpts of a number of individuals who are not identified as witnesses for trial, and that "defendants propose two or three witnesses in the same manner." (11/12/08 Order at ¶ 2.) The order is mistaken, however, in that Defendants do not offer the deposition excerpts of any witnesses who have not previously been identified as trial witnesses. Rather, all three of the witnesses for whom Defendants designated deposition excerpts were listed on Defendants' trial witness list – Christopher Mumola, Ralph Coleman, and Raymond Stoderd. Because all three individuals identified by Defendants are unavailable to testify during trial, and because the deposition testimony of two named Plaintiffs designated by Defendants constitute party admissions, the deposition testimony identified by Defendants is admissible in lieu of live testimony at trial.

This Court noted in its November 12, 2008 order that the standard rule regarding use of deposition testimony at trial is that such testimony may only be admissible for impeachment purposes. (*Id.* at 2:2-3.) While it is true that deposition testimony is generally considered hearsay, and thus inadmissible at trial except for impeachment purposes, the Federal Rules of Civil Procedure permit the use of deposition excerpts at

trial in two additional instances: (1) where the witness is unavailable; or (2) where the deposition testimony constitutes an admission by a party-opponent. *See* Fed. R. Civ. P. 32(a). Here, each of the three witnesses whose deposition excerpts were identified by Defendants is unavailable to testify at trial, and therefore all three deposition excerpts are admissible into evidence under Federal Rule of Civil Procedure 32(a)(4). Further, two of the three witnesses are named members of the Plaintiff classes and their testimony therefore constitutes admissions by party-opponents. Fed. R. Civ. P. 32(a)(3).

Defendants identified deposition excerpts for three individuals: Christopher Mumola, inmate Ralph Coleman, and inmate Raymond Stoderd. Christopher Mumola is employed by the United States Department of Justice, Bureau of Justice Statistics, in Washington, D.C. Because Mr. Mumola resides more than 100 miles from the place of trial, he is considered "unavailable" for purposes of testifying and may therefore testify via deposition excerpts. Fed. R. Civ. P. 32(a)(4)(B). Plaintiffs too agree that Mr. Mumola is unavailable to testify and do not object to Defendants' designation of Mr. Mumola's deposition testimony. (Pls.' Resp. to Order re Deposition Excerpts at Trial (Pls.' Resp.) at 4:8-11 ("Mr. Mumola resides more than 100 miles from the place of trial and it is therefore appropriate to tender his deposition in lieu of live testimony . . . Accordingly plaintiffs do not object to defendants' designations . . .".)

The other two deposition excerpts identified by Defendants are from the deposition testimony of Plaintiff class representatives Ralph Coleman and Raymond Stoderd. Both Mr. Coleman and Mr. Stoderd are currently incarcerated. Due to the high cost and security risk involved in transporting either of these Plaintiffs to court for live testimony, the parties stipulated to the use of their deposition testimony at trial in lieu of live testimony. (Decl. Mello Supp. Defs.' Resp. to Order re Deposition Excerpts at Trial (Defs.' Response), Ex. A.) Accordingly, because these inmate witnesses are both unavailable to testify at trial, their deposition testimony is admissible under Rule 32(a)(4) of the Federal Rules of Civil Procedure. Moreover, as Plaintiff class representatives, the deposition testimony of both Mr. Coleman and Mr. Stoderd constitutes admissions by

- 3 -

1  party-opponents under Rule 32(a)(3), and accordingly their deposition testimony may be
2  used for any purpose.
3      Therefore, because all three witnesses are unavailable, and because Mr.
4  Coleman and Mr. Stoderd's deposition testimony constitutes admissions by party-
5  opponents, each of these three individuals' deposition excerpts is admissible at trial.
6  *See* Fed. R. Civ. P. 32(a)(3) and (a)(4).

7  **B.   Defendants Submit Objections and Counter Designations to Plaintiffs' Deposition Designations.**
8

9      Paragraph 2 of this Court's order re deposition excerpts at trial requires the
10 parties to submit objections and counter designations to the excerpts of non-testifying
11 witnesses identified by the opposing party.  Defendants therefore submit Attachment A in
12 compliance with this order, which lists Defendants' objections and counter designations
13 to Plaintiffs' deposition designations.

14 DATED:  November 16, 2008        HANSON BRIDGETT LLP
15
16                                        By: /s/ Paul B. Mello
17                                           PAUL B. MELLO
                                          Attorneys for Defendants
18                                           Arnold Schwarzenegger, et al.

19 DATED:  November 16, 2008        EDMUND G. BROWN JR.
20                                           Attorney General of the State of California
21
22                                        By: /s/ Kyle A. Lewis
                                          KYLE A. LEWIS
23                                           Deputy Attorney General
                                          Attorneys for Defendants
24                                           Arnold Schwarzenegger, et al.
25
26
27
28

DEFS.' RESPONSE TO ORDER RE: DEPOSITION EXCERPTS AT TRIAL
(2:90-CV-00520 LKK JFM )(C01-1351 TEH)      1670755.1