EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. 2:90-cv-00520 LKK JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br>**JOINT STATEMENT**<br>**To: Three-Judge Panel** |

## I. STATEMENT OF UNDISPUTED FACTS REGARDING PHASE I ISSUES

In accordance with the Three-Judge Panel's November 10, 2008 order bifurcating trial, Plaintiffs, Defendants, Defendant-Intervenors, and CCPOA-Intervenors (the parties) submit the following joint statement of undisputed facts:

1. The *Plata* class consists of inmates with serious medical needs.

2. The *Coleman* class consists of inmates with serious mental disorders.

3. In the *Plata* case, the parties negotiated a settlement of the litigation which is encompassed in the Stipulation and Order for Injunctive Relief (Stipulation) which was approved by the Court on June 13, 2002.

4. The Court ordered the appointment of a Receiver to take control of CDCR's medical care system. This appointment became effective April 17, 2006.

5. In the *Coleman* case, the Court entered a judgment of injunctive relief and appointed a Special Master to oversee the development of a constitutionally compliant mental health care system.

6. On November 13, 2006, Plaintiffs filed their motion to convene a Three-Judge Panel. Over Defendants' objections, the *Plata* and *Coleman* Courts held a joint hearing on June 27, 2007 in Sacramento. On July 23, 2007, the Court granted Plaintiffs' motion to convene this Three-Judge Panel.

7. Operating a constitutionally adequate medical system in California requires, among other things, providing oversight to clinical personnel as well as overhauling dysfunctional business and financial systems.

8. CDCR's Offender Information Services Branch produces and publishes Total Population reports on a weekly and monthly basis on its website: http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/Population_Reports.asp.

9. Based on the monthly total population reports, the total inmate population housed in in-state institutions (excluding camps, Community Correction Centers, and DMH state hospitals) was: 151,463 (October 2003), 155,216 (October 2004), 153,252

(May 2005), 156,972 (October 2005), 160,353 (April 2006), 162,735 (October 2006), 161,736 (May 2007), 159,499 (November 2007), 157,649 (January 2008), and 155,855 (June 2008).

10. According to CDCR's weekly report of population as of midnight, August 27, 2008:

a. The total CDCR prisoner population was 172,057.

b. The total CDCR prisoner population housed in in-state institutions (excluding camps, Community Correction Centers, and DMH state hospitals) was 156,352.

c. The total CDCR prisoner population house in out-of-state institutions was 4,788.

11. Based on the weekly total population report, the total number of inmates housed in out-of-state institutions was 2,055 on December 19, 2007.

12. Governor's Schwarzenegger's October 4, 2006 "Prison Overcrowding State of Emergency Proclamation" remains in effect.

13. Over 14,000 prisoners were housed "nontraditional" beds in CDCR gyms and dayrooms as of August 30, 2008.

14. As of August 29, 2008, there were 34,831 prisoners identified by CDCR as receiving services in the Mental Health Delivery System. There are certain levels and places of care: Correctional Clinical Case Management with 28,957 patients; Enhanced Outpatient Program with 4,664 patients; Psychiatric Services Unit with 359 patients; Mental Health Crisis Bed with 266 patients; Day Treatment Program with 39 patients; Inpatient (intermediate care facility and acute psychiatric program) with 546 patients (not including 39 Day Treatment Program patients and including 17 Patton State Hospital patients).

15. As of August 2008, additional treatment and office space for the Enhanced Outpatient Programs at CMF, SVSP, MCSP and SAC had not been constructed.

16. As of August 2008, additional office and treatment space for the DMH

inpatient psychiatric ICF program at SVSP in the D-5 and D-6 units had not been constructed.

17. As of August 2008, the 50-bed permanent MHCB unit planned by CDCR at CMC had not been constructed.

## II. NAMES OF WITNESSES WHO WILL TESTIFY DURING PHASE I, INCLUDING A BRIEF SUMMARY OF THEIR PROPOSED TESTIMONY

### A. Plaintiffs

Plaintiffs previously filed the names of witnesses who will testify during phase I, including a brief summary of their proposed testimony on November 11, 2008. (Plaintiffs' Witness List for Phase I, *Plata* Dock. No. 1785, *Coleman* Dock. No. 3274.)

### B. CCPOA

CCPOA will present six percipient witnesses via live testimony and withdraws deposition excerpts of their witnesses. Each will present his or her personal observations.

Eric Adelman: Mr. Adelman will testify about observations of inmates at the California Medical Facility both in his posts and during his overtime shifts in overcrowded housing units and other locations.

Gary Benson: Mr. Benson will testify about observations of health care delivery areas as well as communicable disease in the prisons and his own experience with methicillin resistant Staphylococcus aureus.

Brenda Gibbons: Ms. Gibbons will testify about her observations of inmates and daily operations at Salinas Valley State Prison.

Ruben Leija: Mr. Leija will testify about observations related to daily life and conditions and his observations of the way that they affect care, as well as his observations of the spread of disease.

Kevin Raymond: Mr. Raymond will testify about his observations of staffing at the prisons and staffing for new facilities, as related to overcrowding and its effects of medical and mental health care.

Debbra Rowlett: Ms. Rowlett will testify about her observations of the effects of crowding during her time as a licensed vocational nurse, an MTA, and a correctional officer.

**C. Defendants**

1. Matthew Cate**,** Secretary of the California Department of Corrections and Rehabilitation (CDCR).

Mr. Cate will testify that the delivery of adequate health care to inmates involves many interrelated components. Mr. Cate will testify about several of the important components.

2. Ralph Coleman (via deposition)

Ralph Coleman is the only remaining class-representative Plaintiff in *Coleman v. Schwarzenegger*. He is a mental health care patient within the California Department of Corrections and Rehabilitation. His deposition testimony is offered on the issues of the quality and status of the delivery of mental health care to him, individually and as a representative of the *Coleman* class. His deposition testimony is also offered on the existence of any alleged constitutional violations in the delivery of such mental heath care, and whether crowding is the primary cause of such alleged constitutional violations.

3. Robin Dezember, Chief Deputy Secretary, Correctional Health Care Services, California Department of Corrections and Rehabilitation (CDCR).

Mr. Dezember is expected to give testimony relevant to the issues to be determined in Phase 1 of this matter, including, but not limited to the delivery of mental health care to inmates at CDCR's adult institutions and whether crowding is the primary cause of alleged constitutional violations in the delivery of mental health care to inmates.

His testimony is expected to address efforts to address the mental health system, including retention and recruitment of staff, the availability and construction of beds, treatment and office space for the care of *Coleman* members, implementation and training on the applicable policies and procedures for mental health care, and efforts to

reduce suicide events within the inmate population.

4. Todd Jerue, Program Budget Manager in the Department of Finance for the State of California.

Mr. Jerue is responsible for overseeing the preparation and submission of the annual operations and support budget of numerous State agencies and departments, including the California Department of Corrections and Rehabilitation (CDCR). Mr. Jerue will testify regarding the increased expenditure of State funds for CDCR health care services.

5. Scott Kernan, Undersecretary of Operations, CDCR

Mr. Kernan will testify that the delivery of adequate health care to inmates involves many interrelated components. Mr. Kernan will testify about several of the important components.

6. Christopher Mumola (via deposition), Policy Analyst and Program Manager in Custody Reporting Program, Bureau of Justice Statistics, U.S. Department of Justice.

Mr. Mumola will testify, via deposition testimony, that the death rate in California prisons is below both the national and regional averages. This evidences that crowding is not the primary cause of the alleged unconstitutional delivery of health care in California's prisons.

7. Ira Packer, PhD

Defendants have designated Ira Packer, PhD., as an expert witness. He is a licensed psychologist. Dr. Packer is expected to give testimony relevant to the issues to be determined in the first phase of this matter, including, but not limited to the delivery of mental health care to inmates at CDCR’s adult institutions and whether crowding is the primary cause of alleged constitutional violations in the delivery of mental health care to inmates. Dr. Packer may also rebut expert testimony offered by other parties in this matter.

8. Cindy Radavsky, Deputy Director of Long-Term Care Services, Department of Mental Health (DMH), 1600 Ninth Street, Room 250, Sacramento, CA 95814

Ms. Radavsky is expected to give testimony relevant to the issues to be determined in this matter including, but not limited to, the delivery of mental health care to those *Coleman* caseload members who are referred by CDCR and accepted for inpatient care at DMH facilities (Salinas Valley Psychiatric Program, Vacaville Psychiatric Program, Coalinga State Hospital, Napa State Hospital, Atascadero State Hospital, and Patton State Hospital); whether crowding of the *Coleman* population within CDCR is the primary cause of any alleged constitutional violations in the delivery of DMH's mental health care to *Coleman* class members; and the requirements of and compliance efforts of DMH with the CRIPA consent decree as related to the delivery of mental health care to *Coleman* class members.

Her testimony is expected to address efforts to address the mental health care provided by DMH to CDCR inmates, including retention and recruitment of staff, the availability and construction of beds, treatment and office space for the care of *Coleman* class members, implementation and training on the applicable policies, and procedures for mental health care.

9. Raymond Stoderd (via deposition)

Mr. Stoderd will testify, via deposition testimony, that overcrowding is not a barrier to his receipt of adequate medical care.

10. David Thomas M.D, Professor and Chairman, Department of Surgery, Professor and Chairman, Division of Correctional Medicine, Nova Southeastern University.

Dr. Thomas will testify that the delivery of adequate health care to inmates involves many interrelated components. Dr. Thomas will testify that overcrowding is not the primary cause of the alleged unconstitutional delivery of medical care in CDCR's prisons.

**D. Legislative Intervenors**

The Legislator Intervenors' Phase I witness list is as follows:

Senator George Runner: Senator Runner will be testifying on the issue of

whether current constitutional violations exist in California prisons, in light of the ongoing progress made by CDCR and the Receiver, and if so, whether overcrowding is the primary cause of any constitutional violations that exist.

### E. Other Defendant Intervenors

The District Attorney Intervenors, Law Enforcement Intervenors, County Intervenors, and Sonoma County Intervenors do not intend to call any witnesses during phase I of this trial.

## III. PROPOSED TIME LIMITS FOR PHASE I WITNESSES

The following chart provides the times, in minutes, estimated by the parties to conduct direct examination, cross examination and redirect examination of witnesses.

| **PLAINTIFFS' WITNESSES** | | | | |
|---|---|---|---|---|
| **Witness** | **Direct** | **Cross** | **Defendant Intervenor Cross** | **Redirect** |
| Dr. Pablo Stewart | 30 | 90 | 30 | 30 |
| Doyle Wayne Scott | 30 | 120 | 30 | 30 |
| Dr. Craig Haney | 30 | 90 | 30 | 30 |
| Jeffrey Beard[1] | 30 | 90 | 30 | 30 |
| Joseph Lehman | 30 | 90 | 30 | 30 |
| Jeanne Woodford | 30 | 120 | 30 | 30 |
| Dr. Ronald Shansky | 30 | 150 | 30 | 30 |
| Dr. Rheingold (rebuttal) | 15 | 60 | 30 | 30 |

[1] Plaintiffs assert that Jeffrey Beard is a non-retained expert and pursuant to stipulation will testify on direct for one hour, not 30 minutes. Defendants disagree and are unaware of any such stipulation.

**CCPOA'S WITNESSES**

| Witness | Direct | Cross[2] | Opposing Intervenor Cross | Redirect |
|---|---|---|---|---|
| Eric Adelman | 15 | 60 | 15 | 30 |
| Gary L. Benson | 15 | 60 | 15 | 30 |
| Brenda Gibbons | 15 | 60 | 15 | 30 |
| Ruben Leija | 15 | 60 | 15 | 30 |
| Kevin L. Raymond | 15 | 60 | 15 | 30 |
| Debra Rowlett | 15 | 60 | 15 | 30 |

**DEFENDANTS' WITNESSES**

| Witness | Direct | Cross | CCPOA Intervenor Cross | Redirect |
|---|---|---|---|---|
| Matthew Cate | 15 | 15 | 30 | 30 |
| Ralph Coleman (by deposition) | 15 | 0 | 0 | 0 |
| Robin Dezember | 15 | 120 | 30 | 60 |
| Todd Jerue | 15 | 15 | 30 | 60 |
| Scott Kernan | 15 | 15 | 30 | 60 |
| Christopher Mumola (by | 30 | 0 | 0 | 0 |

[2] As argued by Plaintiffs, Plaintiffs' estimate of cross-examination of Defendants' witnesses was based on Defendants' trial declarations. Plaintiffs assert that Defendants have changed the topics of Matthew Cate and Scott Kernan's declarations. Plaintiffs assert that they will seek to exclude this testimony. In the event the Court allows such testimony, Plaintiffs are unable to provide an estimate at this time. Defendants disagree with Plaintiffs' assertions and will be prepared to address the Court on this issue at the Court's request.

| | | | | |
|---|---|---|---|---|
| deposition) | | | | |
| Ira Packer | 30 | 120 | 30 | 45 |
| Cynthia Radavsky | 15 | 75 | 30 | 45 |
| Raymond Stoderd (via deposition) | 15 | 0 | 0 | 0 |
| David Thomas | 30 | 90 | 30 | 45 |

**LEGISLATIVE INTERVENORS' WITNESSES**

| Witness | Direct | Cross | CCPOA Intervenor Cross | Redirect |
|---|---|---|---|---|
| George Runner | 15 | 45 | 30 | 30 |

Based on these estimates[3], it will take 25.25 hours for Plaintiffs' case, 12 hours for CCPOA's case, 20 hours for Defendants' case and 2.0 hours for the Legislative Intervenors' case. The total amount of time for testimony is estimated to take 59.25 hours. Estimating 5.5 hours of testimony per court day, testimony will be complete in 11 full court days. As there will be a total of 13.5 trial days up to and including December 19, 2008, the parties anticipate completing phase one of this trial on or before December 19, 2008.

## IV. A LIST OF ALL EXHIBITS WITH OBJECTIONS AND RESPONSES

During phase I Plaintiffs, Defendants and the Legislative Intervenors will mark and introduce exhibits at trial. Attached as Exhibit A is Plaintiffs' Exhibit List with objections and responses. Attached as Exhibit B is Plaintiffs' Revised Exhibit List with Defendants' objections. Attached as Exhibit C is Defendants' Exhibit List with objections and responses. Attached as Exhibit D is the Legislative Intervenors' Exhibit List with objections and responses.

[3] These estimates are based on the numbers presented in the chart and does not include Plaintiffs' assertions in footnotes one and two, which are in dispute.

Plaintiffs' Revised Exhibit List (Exhibit B) contains Defendants' objections but does not contain Plaintiffs' responses. Plaintiffs submitted these revisions to their exhibit list on November 16, 2008 at 10:30 p.m. Defendants added objections as shown in Ex. B, which Defendants completed just before filing. As a result, Ex. B does not contain Plaintiffs' responses to Defendants' objections. Defendants' refer the Court to Ex. A which includes Plaintiffs' responses to Defendants' objections as of November 17, 2008 at 9:28 a.m.

In Plaintiffs' objections to Defendants' Exhibits, please note the following: (1) "A" means no objection and that Plaintiffs stipulate to authenticity and admissibility; (2) "phase 2" means that Defendants' have stated the exhibit is for phase 2 only and as result Plaintiffs do not address evidentiary issues, if any, as to such documents in this phase of the trial, (3) for all exhibits defendants' have designated for phase 1 and 2 ("I /II") - which Plaintiffs believe is everything other than the phase 2 only exhibits --Plaintiffs reserve the right to make additional objections with regard to admissibility for phase 2, if and when that day comes.

CCPOA does not plan to present any exhibits, though CCPOA reserves the right to refer to the exhibits of other parties, or to present documents for impeachment purposes. CCPOA has submitted a trial declaration for each of its six witnesses, and may refer to those declarations during trial. CCPOA joins in the Plaintiffs' objections to exhibits, but does not file additional objections.

DATED: November 17, 2008

HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: November 17, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle A. Lewis
KYLE A. LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: November 17, 2008

PRISON LAW OFFICE

By: /s/ Donald Specter
DONALD SPECTER
Attorneys for *Plata* Plaintiffs.

DATED: November 17, 2008

ROSEN BIEN & GALVAN

By: /s/ Michael Bien
MICHAEL BIEN
Attorneys for *Coleman* Plaintiffs.

DATED: November 17, 2008

CARROLL, BURDICK & MCDONOUGH

By: /s/ Natalie Leonard
NATALIE LEONARD
Attorneys for CCPOA Intervenors.

DATED: November 17, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Steven Kaufhold
STEVEN KAUFHOLD
Attorneys for Republican Assembly and Senate Intervenors

DATED: November 17, 2008

JONES & MAYER

By: /s/ Kimberly Hall Barlow
KIMBERLY HALL BARLOW
Attorneys for Law Enforcement Intervenors

DATED: November 17, 2008

ROD PACHECO, DISTRICT ATTORNEY, COUNTY OF RIVERSIDE

By: /s/ William E. Mitchell
WILLIAM E. MITCHELL
Attorneys for District Attorney Intervenors

DATED: November 17, 2008

ANN MILLER RAVEL, COUNTY COUNSEL, SANTA CLARA COUNTY

By: /s/ Theresa J. Fuentes
THERESA J. FUENTES
Attorneys for County Intervenors.

DATED: November 17, 2008

STEVEN M. WOODSIDE, COUNTY COUNSEL, COUNTY OF SONOMA

By: /s/ Anne L. Keck
ANNE L. KECK
Attorneys for the County of Sonoma, Sonoma County Sheriff/Coroner William Cogbill, Sonoma County District Attorney Stephan Passalacqua and Sonoma County Chief Probation Officer Robert OCHS.