STEVEN M. WOODSIDE #58684
County Counsel
ANNE L. KECK #136315
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403-2815
Telephone: (707) 565-2421
Fax: (707) 565-2624
swoodsid@sonoma-county.org
akeck@sonoma-county.org

Attorneys for Intervenors THE
COUNTY OF SONOMA, SONOMA
COUNTY SHERIFF/CORONER
WILLIAM COGBILL, SONOMA
COUNTY DISTRICT ATTORNEY
STEPHAN PASSALACQUA,
and SONOMA COUNTY CHIEF
PROBATION OFFICER ROBERT OCHS

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No.   CIV S-90-0520 LKK JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. C-01-1351 TEH<br><br>**SONOMA COUNTY INTERVENORS' OBJECTIONS TO: PLAINTIFFS' RESPONSE TO ORDER RE DEPOSITION EXCERPTS AT TRIAL**<br><br>Trial Date:  November 18, 2008<br>Time:          9:15 a.m.<br>Ctrm:          USDC Ceremonial Courtroom |

Intervenors the County of Sonoma, Sonoma County Sheriff William Cogbill, Sonoma County District Attorney Stephan Passalacqua, and Sonoma County Chief Probation Officer Robert Ochs (collectively, "Sonoma County Intervenors") hereby submit their Objections to Plaintiffs' Response to Order re Deposition Excerpts at Trial, filed on November 13, 2008, with respect to Plaintiffs' designation of deposition excerpts of David Bennett, as follows.

Sonoma County Intervenors have engaged David Bennett (a Utah resident) as an outside, third-party consultant to assist it in reforming its criminal justice system, as well as providing expert testimony in this case on issues that have now been relegated to Phase II (alternative remedies and impacts).[1] Sonoma County Intervenors are the only parties in this proceeding to have designated David Bennett as a witness, and he will testify only as to matters relevant to Phase II.

Nevertheless, Plaintiffs have designated several excerpts from David Bennett's deposition to be introduced into evidence as part of their case in chief in Phase I. (See revised Appendix A to Plaintiffs' Response to Order re Deposition Experts at Trial, filed 11/14/08.) While this Court has required Plaintiffs to justify their request to introduce deposition excerpts as direct evidence rather than using them as cross-examination material,[2] Plaintiffs' Response contains no such justification or legal authority with respect to David Bennett's deposition excerpts.

Sonoma County Intervenors request that the Court exclude any and all David Bennett deposition excerpts from being admitted into evidence as part of Plaintiffs' case in chief in Phase I pursuant to Federal Rule of Evidence 802 requiring exclusion of hearsay evidence, for three reasons:

---

[1] Sonoma County Intervenors submitted two expert reports prepared by David Bennett to be admitted into evidence in this proceeding, filed on October 30, 2008 (reports dated 8/15/08 and 10/16/08).

[2] Specifically, this Court's Order Re: Deposition Excerpts at Trial, filed on 11/12/08, noted that deposition transcripts are ordinarily used for cross-examination, and required all parties to "inform the court in writing what justification there is, if any, for departure from the standard practice and what authority, if any, there is for proceeding in the manner proposed by plaintiffs." (11/12/08 Order, p. 2)

1. David Bennett is a third-party expert consultant engaged under contract by the County of Sonoma, and has never been an employee, agent, or designee of Sonoma County Intervenors – thus, the statements made in his deposition cannot be considered an admission of a party under Federal Rule of Civil Procedure 32(a)(3);

2. Plaintiffs did not name David Bennett as one of their witnesses in Phase I, and therefore cannot avail themselves of the hearsay exception provided for unavailable witnesses under Federal Rule of Civil Procedure 32(a)(4)((B) so as to introduce his deposition excerpts as part of their case in chief – as he is simply not one of their witnesses, whether available or not;

3. The David Bennett deposition excerpts do not address the causation question that is the sole issue in Phase I (i.e., whether overcrowding is the primary cause of the federal violations), nor do they relate to any matter that is not duplicative and cumulative of information provided by other witnesses Plaintiffs intend to present at trial – warranting exclusion of such deposition excerpts pursuant to Federal Rules of Evidence 402, 403.

WHEREFORE, Sonoma County Intervenors request that the Court exclude from Phase I all deposition excerpts of David Bennett designated by any party. Alternatively, should the Court decide to consider Plaintiffs' designated excerpts from David Bennett's deposition in Phase I, Sonoma County Intervenors would join with Defendants in objecting to the specific page and line designations (and do not object to Defendants' counter-designations) contained in Defendant's Response to Order Re: Deposition Excerpts at Trial, filed on November 16, 2008.

Respectfully submitted,

Dated: November 17, 2008

STEVEN M. WOODSIDE, County Counsel

By: _____
ANNE L. KECK
Deputy County Counsel
Attorneys for Intervenors the County of Sonoma, the Sonoma County Sheriff-Coroner William Cogbill, the Sonoma County District Attorney Stephan Passalacqua, and Sonoma County Chief Probation Officer Robert Ochs