FUTTERMAN & DUPREE LLP
MARTIN H. DODD (104363)
JAMIE L. DUPREE (158105)
160 Sansome Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 399-3840
Facsimile:  (415) 399-3838
martin@dfdlaw.com
jdupree@dfdlaw.com

*Attorneys for Receiver*
J. Clark Kelso

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, et al.,<br>*Plaintiffs*,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>*Defendants.* | Case No. C01-1351 TEH |
| RALPH COLEMAN, et al.,<br>*Plaintiffs*,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>*Defendants.* | Case No. CIV S-90-0520 LKK JFM P |
| CARLOS PEREZ, et al.,<br>*Plaintiffs*,<br>v.<br>JAMES TILTON, et al.,<br>*Defendants.* | Case No. C 05-05241 JSW |

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br>    *Plaintiffs*,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    *Defendants*. | Case No. C94-2307 CW<br><br>**RESPONSE OF RECEIVER J. CLARK KELSO TO DEFENDANTS' RESPONSE TO OSC RE: TRANSITION, ACTIVATION, AND MANAGEMENT OF RECEIVER'S 10,000 BED PROJECT COORDINATION AGREEMENT** |

Pursuant to the Courts' Order, dated October 30, 2008 (*Plata* Docket # 1622), Receiver J. Clark Kelso (the "Receiver") submits this response to Defendants' Response To OSC Re: Transition, Activation, and Management of Receiver's 10,000 Bed Project, filed November 10, 2008 (*Plata* Docket # 1780).

## INTRODUCTION

Given the opportunity to "show cause" why the Courts should not adopt the Coordination Agreement pertaining to the transition, activation and management of the anticipated 10,000 bed project, Defendants chose merely to interpose objections, unsupported by any evidence. The Receiver submits that, for the reasons discussed below, those objections are without merit. Nevertheless, the Receiver suggests that the Courts refrain from approving the Coordination Agreement until the Receiver has conducted additional meetings with stakeholders regarding his plans and has had an opportunity to report to the Courts following those meetings.

## RESPONSES TO OBJECTIONS

The Receiver is surprised that the Defendants have objected on the grounds that the 10,000 bed project is unnecessary. That objection effectively ignores the approvals for the project provided by State officials, ignores two years of planning pertaining to the project in which State representatives actively participated and ignores the many meetings between the Receiver's senior staff and high level State officials to discuss and report on the progress of the project. Those meetings have included officials from various State agencies, including specifically the Department of Mental Health ("DMH") and the California Department of

1 Corrections and Rehabilitation ("CDCR") and at no time has anyone suggested that the project
2 was either unnecessary or an inappropriate response to the crisis in the prison medical health care
3 delivery system.

4 Similarly, Defendants' objection that there has been a lack of coordination between the
5 Receiver's office, DMH, CDCR and Department of Finance completely overlooks the months of
6 planning and cooperation between the Receiver's office, DMH, CDCR and others to develop the
7 very lengthy and detailed Facility Program Statement for the project. That document alone, when
8 it is released to the public, will demonstrate the careful planning, cooperation and coordination of
9 the Receiver and the various State agencies involved.

10 Defendants object that the agreement is unclear with respect to the role that DMH and
11 CDCR will play in recruitment and hiring. The agreement was reviewed in draft by Robin
12 Dezember, Chief Deputy Secretary of Correctional Health Care Services. He proposed certain
13 modifications to the draft to clarify that Correctional Health Care Services would be responsible
14 for hiring, as distinct from recruiting, and managing mental health and dental employees at the
15 new facilities. The agreement in the form submitted to the Courts reflects his proposed
16 modifications. Similarly, Elaine Bush, Chief Deputy at DMH reviewed the agreement and was
17 comfortable with its terms. Finally, the agreement is clear that CDCR and DMH will be
18 involved "with the selection of upper-level facility management."

### CONCLUSION AND SUGGESTION FOR HOW TO PROCEED

20 While the Receiver believes Defendants' objections lack merit and are being driven by
21 Defendants' recently-adopted litigation posture rather than by any real concern with the
22 Coordination Agreement, the Receiver nevertheless wishes to assure the Courts that he is
23 committed to transparency and cooperation with State agencies. Accordingly, the Receiver
24 proposes that he institute a series of meetings commencing in the near future to which relevant
25 stakeholders will be invited for the purpose of discussing the 10,000 bed project and the
26 Receiver's plans for managing the facilities to be constructed. The Receiver will then report

1. back to the Courts following those meetings, at which time the Courts can decide whether to
2. approve the Coordination Agreement.

Dated: November 17, 2008

/s/ Martin H. Dodd
Martin H. Dodd
Attorneys for Receiver J. Clark Kelso

4

RESPONSE OF RECEIVER TO DEFENDANTS' RESPONSE RE TRANSISITION, ACTIVATION AND MANAGEMENT OF 10,000 BED PROJECT

FUTTERMAN & DUPREE LLP