1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    DAVID S. CHANEY
     Chief Assistant Attorney General
3    ROCHELLE C. EAST
     Senior Assistant Attorney General
4    JONATHAN L. WOLFF
     Senior Assistant Attorney General
5    LISA A. TILLMAN - 126424
     Deputy Attorney General
6    KYLE A. LEWIS - 201041
     Deputy Attorney General
7    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
8    Telephone: (415) 703-5677
     Facsimile: (415) 703-5843
9    lisa.tillman@doj.ca.gov
     kyle.lewis@doj.ca.gov
10

     HANSON BRIDGETT LLP
     JERROLD C. SCHAEFER - 39374
     PAUL B. MELLO - 179755
     S. ANNE JOHNSON - 197415
     SAMANTHA TAMA - 240280
     RENJU P. JACOB - 242388
     425 Market Street, 26th Floor
     San Francisco, CA  94105
     Telephone: (415) 777-3200
     Facsimile:  (415) 541-9366
     jschaefer@hansonbridgett.com
     pmello@hansonbridgett.com
     stama@hansonbridgett.com
     rjacob@hansonbridgett.com

     Attorneys for Defendants

11

# UNITED STATES DISTRICT COURT

12

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

## AND THE EASTERN DISTRICT OF CALIFORNIA

14

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

15

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  RALPH COLEMAN, et al., | No.  2:90-cv-00520 LKK JFM P |
| 18        Plaintiffs, | THREE-JUDGE COURT |
| 19        v. | |
| 20  ARNOLD SCHWARZENEGGER, et al., | |
| 21        Defendants. | |
| 22  MARCIANO PLATA, et al., | No. C01-1351 TEH |
| 23        Plaintiffs, | THREE-JUDGE COURT |
| 24        v. | DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT |
| 25  ARNOLD SCHWARZENEGGER, et al., | |
| 26        Defendants. | |
| 27 | To:  Three-Judge Panel |
| 28 | |

- 1 -

1    TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that, in accordance with Eastern District Local Rule 78-

3    230, the *Plata* and *Coleman* Defendants move the Three-Judge Panel to reconsider its

4    November 3, 2008 Order Denying Defendants' Motion for Dismissal or Alternatively,

5    Motion for Summary Judgment or Summary Adjudication. This motion is based on this

6    Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court file in

7    this case, and any other evidence the Court may consider at the hearing on this Motion.

8    The Three-Judge Panel should reconsider its November 3, 2008 Order on the

9    following grounds:

10    A. This Court erred as a matter of law in holding that Plaintiffs did not need to

11    exhaust any claims when Plaintiffs requested this new proceeding to obtain a

12    prisoner release order.

13    1. Although this Court erroneously held that Plaintiffs merely seek to

14    implement prior orders in the underlying *Plata* and *Coleman* actions, those

15    actions did not assert or involve prison overcrowding, and Plaintiffs now

16    seek completely different relief in the form of a prisoner release order.

17    2. Moreover, this Court's narrow interpretation of an "action" is inconsistent

18    with precedent from the United States Supreme Court, which held that

19    individual "claims" within an action must be exhausted, and that the Prison

20    Litigation Reform Act (PLRA) created an "invigorated" general rule

21    requiring exhaustion.

22    3. In addition, this Court erred in holding that Defendants waived the

23    exhaustion requirement, because this Court did not address Defendants'

24    arguments or objections pertaining to this issue.

25    B. This Court erred in denying Defendants' motion to dismiss for lack of

26    jurisdiction. Although this Court rejected Defendants' argument that Plaintiffs

27    lack standing to request a prisoner release order for the general prison

28    population, holding that relief impacting individuals outside the plaintiff class

- 2 -

1 may be appropriate where there is system-wide injury, this holding is

2 inconsistent with the PLRA, which mandates that relief shall extend no further

3 than necessary to correct the violation against the Plaintiffs.

4 C. This Court incorrectly denied Defendants' motion for summary judgment or

5 summary adjudication, because it relied on inadmissible evidence in finding a

6 genuine issue of material fact.

7 **MEMORANDUM OF POINTS AND AUTHORITIES**

8 **I. Introduction**

9  The Three-Judge Panel erred in denying Defendants' Motion to Dismiss, or in the

10 Alterative Motion for Summary Judgment or Summary Adjudication.  First, this Court

11 erred as a matter of law in holding that Plaintiffs did not need to exhaust any claims

12 when Plaintiffs requested this new proceeding to obtain a prisoner release order.

13 Although this Court erroneously held that Plaintiffs merely seek to implement prior orders

14 in the underlying *Plata* and *Coleman* actions, those actions did not assert or involve

15 prison overcrowding, and Plaintiffs now seek completely different relief in the form of a

16 prisoner release order.  Moreover, this Court's narrow interpretation of an "action" is

17 inconsistent with precedent from the United States Supreme Court, which held that

18 individual "claims" within an action must be exhausted, and that the Prison Litigation

19 Reform Act (PLRA) created an "invigorated" general rule requiring exhaustion.  In

20 addition, this Court erred in holding that Defendants waived the exhaustion requirement,

21 because this Court did not address Defendants' arguments or objections pertaining to

22 this issue.

23  This Court also erred in denying Defendants' motion to dismiss for lack of

24 jurisdiction.  Although this Court rejected Defendants' argument that Plaintiffs lack

25 standing to request a prisoner release order for the general prison population, holding

26 that relief impacting individuals outside the plaintiff class may be appropriate where there

27 is system-wide injury, this holding is inconsistent with the PLRA, which mandates that

28 relief shall extend no further than necessary to correct the violation against the Plaintiffs.

- 3 -

1    Finally, this Court incorrectly denied Defendants' motion for summary judgment

2    and/or summary adjudication, because it relied on inadmissible evidence in finding a

3    genuine issue of material fact.

4

5    **II.    Argument**

6    **A.    The Three-Judge Panel Erred in Denying Dismissal of These Proceedings,**

7    **Because Under Supreme Court Precedent and the PLRA, Plaintiffs Were**

8    **Required To Exhaust Administrative Remedies.**

9    The Three-Judge Panel erred in denying dismissal for failure to exhaust.  As

10   Defendants pointed out in their motion for dismissal, the PLRA requires that prisoners

11   exhaust administrative remedies before bringing an action in court.  42 U.S.C. §

12   1997e(a).  In rejecting Defendants' exhaustion argument, the Court took a narrow view

13   of the exhaustion requirement.  This runs counter to Supreme Court precedent, which

14   mandates that the exhaustion requirement be viewed broadly.  Moreover, the Three-

15   Judge Panel's denial of Defendants' motion to dismiss simply assumed that a waiver of

16   exhaustion occurred without discussing Defendants' counter argument, analyzing

17   whether in fact there was a waiver, and without ruling on Defendants' evidentiary

18   objections to Plaintiffs' exhibits in this regard.  Thus, the Court's order overlooked key

19   points of law and fact.

20   **1.    The Court Erred in Ruling that Exhaustion Is Not Required, Because**

21   **Plaintiffs Now Seek Completely Different Relief, and the PLRA**

22   **Imposes an "Invigorated" Exhaustion Requirement.**

23   First, in its order, the Three-Judge Panel held that "proceedings before a three-

24   judge court convened to consider a request for a particular form of relief in cases in

25   which prison conditions have already been found unconstitutional are not new 'actions'

26   under § 1997e(a), and accordingly that section is not applicable to such proceedings."

27   (Order at 2.)  The Three-Judge Panel ruled that in these proceedings "Plaintiffs seek to

28   implement orders obtained in the preexisting actions."  (*Id.* at 3.)  However, this narrow

- 4 -

1   definition of "action" and the Three-Judge Panel's concomitant refusal to apply the

2   PLRA's mandatory exhaustion requirement runs counter to the interpretation of these

3   provisions set forth by the Supreme Court.

4       In *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), the Supreme Court

5   analyzed the distinction between an "action" and a "claim," for purposes of the PLRA. In

6   rejecting the "total exhaustion" rule, the Supreme Court held that an "action" containing

7   both exhausted and non-exhausted claims need not be dismissed *in toto*. Instead, a

8   court should dismiss only those claims within an action that have not been exhausted.

9   Thus, the Supreme Court recognized that it is individual *claims* within a civil action that

10  must be exhausted. *Id.* at 924. The Three-Judge Panel's conclusion that these

11  proceedings are not a new "action" therefore overlooks this interpretation of the statutory

12  term. Instead, the term "action," and by extension the application of the exhaustion

13  requirement, applies to claims within an action. *Id.* at 924-25.

14      The Three-Judge Panel also concluded that in these proceedings, "Plaintiffs seek

15  to implement orders obtained in the preexisting action." (Order at 3.) But these

16  proceedings do not involve the implementation of either the *Plata* stipulation or the

17  *Coleman* judgment; instead, these proceedings seek a new relief that has never been

18  requested or that formed a part of either of these documents, namely a prisoner release

19  order. Thus, these proceedings are fundamentally different from those at issue in

20  *Clarkson v. Coughlin*, in which plaintiffs merely sought to give the plaintiff class notice of

21  changes to a complaint procedure that was part of the underlying judgment. 2006 WL

22  587345 at *2 (S.D.N.Y. Mar. 10, 2006) (noting that the order at issue "is directed purely

23  at motions for contempt or enforcement of the Consent Decree" and thus is not subject

24  to the PLRA exhaustion requirement).

25      This Court further determined, as an alternative basis, that, even if the exhaustion

26  requirement does apply to these proceedings, the *issues* in dispute before the Three-

27  Judge Panel need not be exhausted. (Order at 4.) Specifically, this Court held that the

28  "prison conditions" at issue in these proceedings–which the Court stated are allegedly

- 5 -

1    inadequate medical and mental health care–have already been determined. (*Id.*) This

2    Court distinguished these "prison conditions" from the issue of whether "the primary

3    cause" of these prison conditions is overcrowding, which, the Court determined, need

4    not be exhausted. This interpretation of the statutory term "prison conditions" runs

5    counter to both the spirit and the letter of the PLRA, as amply defined by Supreme Court

6    precedent.

7         Although the exhaustion provision, 42 U.S.C. § 1997e(a), does not define the

8    term "prison conditions," the Supreme Court has made clear that this term should be

9    construed broadly. *Porter v. Nussle*, 534 U.S. 516, 530 (2002) (noting Congress' intent

10   in the PLRA to include a "firm exhaustion requirement" and expressing doubt that

11   Congress intended to leave a plaintiff an option to exhaust). In rejecting the Second

12   Circuit's determination that statutory exceptions should be construed narrowly in the

13   context of the PLRA exhaustion requirement, the Supreme Court in *Porter* emphasized

14   that "the PLRA establishes a different regime. For litigation within § 1997e(a)'s

15   compass, Congress has replaced the 'general rule of non-exhaustion' with a general rule

16   of exhaustion." *Id.* at 525 n.4. In fact, the Court in *Porter* ultimately held that "the

17   PLRA's exhaustion requirement applies to *all inmate suits about prison life*, whether they

18   involve general circumstances or particular episodes, and whether they allege excessive

19   force or some other wrong." *Id.* at 532 (emphasis added). More recently, in *Woodford v.*

20   *Ngo*, 548 U.S. 81 (2006), the Supreme Court noted that the PLRA's "invigorated"

21   exhaustion provision is a centerpiece of Congress' attempt to reduce prisoner suits. *Id.*

22   at 84-85. "Prisoners must now exhaust all 'available' remedies, not just those that meet

23   federal standards." *Id.* at 85. Further, this term is separately defined elsewhere within

24   the PLRA: 18 U.S.C. § 3626(g)(2) defines the term "civil action with respect to prison

25   conditions" as "any civil proceeding arising under Federal law *with respect to conditions*

26   *of confinement* or the effects of actions by government officials on the lives of persons

27   confined in prison. . . ." (emphasis added).

28        The Three-Judge Panel also determined that Plaintiffs' request for relief, a

- 6 -

1    prisoner release order, need not be exhausted. (Order at 5.) In so doing, the Three-

2    Judge Panel parsed out the California regulations regarding exhaustion, and determined

3    that the issue of whether crowding is the "primary cause" of the denial of a constitutional

4    right is not a "prison condition." (*Id.*) But the line of cases from *Porter* to *Ngo* indicates

5    that "prison condition" refers to "all inmate suits about prison life," whether these involve

6    general circumstances or specific instances. *Porter*, 534 U.S. at 532. Whether crowding

7    is the main reason for the alleged denial of a constitutional right is the type of inmate suit

8    about prison life for which the PLRA requires exhaustion.

9        For these reasons, the Three-Judge Panel should reconsider its denial of

10    Defendants' motion to dismiss.

11        **2.    The Three-Judge Panel Erred in Holding that Defendants Waived the**

12            **Exhaustion Requirement.**

13        In denying Defendants' motion to dismiss, the Three-Judge Panel also appeared

14    to rule that Defendants waived the exhaustion defense in the *Plata* action. (Order at 6

15    n.4.) However, the Three-Judge Panel made this determination without addressing

16    Defendants' arguments as to why the waiver did not occur or was not valid, and without

17    addressing Defendants' evidentiary objections in this regard. For these reasons, the

18    Court should reconsider its order denying Defendants' motion.

19        Initially, the Three-Judge Panel erred by apparently holding that Defendants

20    waived the exhaustion argument without even addressing Defendants' reasons why

21    waiver did not occur. As Defendants pointed out in their reply in support of the motion to

22    dismiss, the purported waiver (which was never filed with the district court) was never

23    effective because the Stipulation for Injunctive Relief, filed with the *Plata* court on June

24    13, 2002, became the controlling document. (Reply at 3-4.) In fact, the Stipulation itself

25    indicated that use of the inmate grievance procedure was required for all complaints

26    regarding medical care "except those requiring urgent medical care." (*Id.*) Moreover,

27    even if the purported waiver was of any effect, by its own terms it does not apply to the

28    claims at issue in these three-judge proceedings because the waiver does not

1   encompass claims that overcrowding is the "primary cause" of allegedly inadequate

2   medical care, or that no remedy other than a prisoner release order will alleviate such

3   violations.

4           Similarly, the Three-Judge Panel erred in assuming the truth of Plaintiffs'

5   allegations that Defendants waived the exhaustion defense without addressing

6   Defendants' evidentiary objections to evidence of such waiver.  On October 6, 2008,

7   Defendants filed objections to Plaintiffs' evidence opposing the motion to dismiss, and

8   alternatively for summary judgment.  Specifically, Defendants objected to Plaintiffs'

9   evidence regarding waiver on the grounds of relevance:  because the Tolling Agreement

10  was never filed, and because the Stipulation for Injunctive Relief became the controlling

11  document, any extrinsic evidence regarding the Tolling Agreement was not relevant.

12  (Defs.' Objections to Pls.' Evid. in Opp'n to Mot. for Dismissal or Alt. for Summ. J. at 1.)

13  Accordingly, the Three-Judge Panel erred in apparently holding that waiver occurred

14  without addressing these arguments.  *See Hollinger v. U.S.*, 651 F.2d 636, 640 (9th Cir.

15  1981) (noting that the district court erred in not ruling on evidentiary objections).  For

16  these reasons, the Court should reconsider its order.[1]

17  **B.      The Three-Judge Panel Erred in Denying Defendants' Motion to Dismiss for**

18          **Lack of Jurisdiction Because Plaintiffs Lack Standing to Seek a Prisoner**

19          **Release Order Directed at the General Population.**

20          The Three-Judge Panel rejected Defendants' argument that Plaintiffs lack

21  standing to seek a prisoner release order directed at the general population, holding that

22  broad relief that affects individuals other than Plaintiffs may be appropriate where there

23  is a showing of a systemwide injury.  (Order at 7.)  However, the PLRA clearly provides

24  that any prospective relief must be limited to address the injury of the particular plaintiff:

25  "Prospective relief in any civil action with respect to prison conditions shall extend no

26  further than necessary to correct the violation of the Federal right of a particular plaintiff

27  _____
    [1]At a minimum, the Three-Judge Panel should strike the offending language in footnote
    4 as unnecessary to its ruling.

28

- 8 -

1   or plaintiffs." 18 U.S.C. § 3626(a)(1). In denying Defendants' motion to dismiss for lack

2   of jurisdiction, the Three-Judge Panel relied on case law predating the PLRA, such as

3   *Columbus Board of Education v. Penick*, 443 U.S. 449 (1979). In light of Congress'

4   stated intention to curtail excessive court intervention in prison systems, the Court

5   should look to the PLRA rather than case law in the school desegregation context.

6   **C.    The Three-Judge Panel Should Reconsider Its Denial of Summary Judgment**

7   **Because It Relied on Inadmissible Evidence In Finding that There Is a**

8   **Genuine Issue of Material Fact that Overcrowding is the Primary Cause of**

9   **the Denial of a Constitutional Right in this Case.**

10  The Three-Judge Panel erred in denying Defendants' motion for summary

11  judgment because the Court relied on inadmissible evidence in finding that there is a

12  genuine issue of material fact. Specifically, the Court relied, in part, on the expert report

13  of Dr. Shansky and Dr. Shansky's expert opinion. (Order at 10.) But Dr. Shansky's

14  expert report is inadmissible hearsay, and thus cannot defeat summary judgment.

15  Accordingly, the Court committed clear error by considering the report.

16  In ruling on a motion for summary judgment, the Court can only consider

17  admissible evidence. *Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006).

18  More specifically, all affidavits in support or against summary judgment "must be made

19  on personal knowledge, set out facts that would be admissible in evidence, and show

20  that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).

21  The testimony of Dr. Shansky presents evidentiary problems. As the Court

22  pointed out, Dr. Shansky can rely on hearsay in deriving his expert opinion, and his

23  expert opinion is not inadmissible because it embraces the ultimate issues in the case.

24  (Order at 10.) However, the Court did not simply rely on Dr. Shansky's expert opinion,

25  but instead appears to have considered the evidence relied on by Dr. Shansky in finding

26  a genuine issue of material fact. For example, the Court stated "whether we consider

27  only the facts upon which Dr. Shansky based his expert opinion as to the primary cause

28  of the constitutional violation and draw from them the inferences most favorable to

- 9 -

1  Plaintiffs . . . Dr. Shansky's reports provide sufficient admissible evidence to create a

2  genuine issue of material fact." (Order at 11.)  But the fact that Dr. Shansky may rely on

3  hearsay does not make the evidence on which he relies admissible.  In *Paddack v. Dave*

4  *Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984), the Ninth Circuit made clear this

5  distinction: while Rule 703 allows an expert to disclose the bases for his opinion, "It does

6  not allow the admission of the [expert's] reports to establish the truth of what they

7  assert."  *Id.* at 1262.  Accordingly, the Three-Judge Panel erred to the extent it relied on

8  the "facts" that Dr. Shansky relied on in reaching his expert opinion.

9                                            **III.    Conclusion**

10         In denying Defendants' motion to dismiss and, in the alternative, for summary

11  judgment or summary adjudication, the Three-Judge Panel erroneously took a narrow

12  view of the mandatory exhaustion requirement, and relied on inadmissible evidence.

13  The court also erred in denying the motion to dismiss for lack of jurisdiction.  For these

14  reasons, Defendants respectfully request that the Three-Judge Panel reconsider its

15  order denying Defendants' motion to dismiss, or alternatively for summary judgment or

16  summary adjudication.

17

18  DATED:  November 13, 2008                    HANSON BRIDGETT LLP

19

20                                                      By: /s/ Paul B. Mello
                                                            PAUL B. MELLO
21                                                          Attorneys for Defendants
                                                            Arnold Schwarzenegger, et al.

22  DATED:  November 13, 2008                    EDMUND G. BROWN JR.
                                                            Attorney General of the State of California
23

24

25                                                      By: /s/ Lisa A. Tillman
                                                            LISA A. TILLMAN
26                                                          Deputy Attorney General
                                                            Attorneys for Defendants
27                                                          Arnold Schwarzenegger, et al.

28

                                            - 10 -

## DECLARATION OF SERVICE BY OVERNIGHT COURIER & DOJ MESSENGER

Case Name:    **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
  **Coleman, et al. v. Schwarzenegger, et al.**
  **USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM**
  **Plata, et al. v. Schwarzenegger, et al.**
  **USDC, Northern District of California, Case No. C-01-1351 TEH**

Case Nos.:    **C 90-0520 LKK / C 01-01351 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On **November 17, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE MOTION  FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with the **OnTrac Overnight Courier Service**, addressed as follows:

**Honorable Stephen Reinhardt**          **Honorable Thelton E. Henderson**
**United States Courthouse**              **United States District Court**
**450 Golden Gate Avenue, Room 19-5398**  **450 Golden Gate Avenue**
**San Francisco, CA 94102**               **San Francisco, CA 94102**
*by DOJ Messenger*                        *by DOJ Messenger*

**Honorable Lawrence K. Karlton**
**Robert T. Matsui United States Courthouse**
**501 I Street**
**Sacramento, CA 95814**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 17, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | /s/ J. Palomino |
| Declarant | Signature |

20160414.wpd