| | |
|---|---|
| EDMUND G. BROWN JR.<br>Attorney General of the State of California<br>DAVID S. CHANEY<br>Chief Assistant Attorney General<br>ROCHELLE C. EAST<br>Senior Assistant Attorney General<br>JONATHAN L. WOLFF<br>Senior Assistant Attorney General<br>LISA A. TILLMAN – State Bar No. 126424<br>Deputy Attorney General<br>KYLE A. LEWIS – State Bar No. 201041<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 703-5708<br>Facsimile: (415) 703-5843<br>lisa.tillman@doj.ca.gov<br>kyle.lewis@doj.ca.gov | HANSON BRIDGETT LLP<br>JERROLD C. SCHAEFER - 39374<br>PAUL B. MELLO – 179755<br>S. ANNE JOHNSON – 197415<br>SAMANTHA D. TAMA – 240280<br>RENJU P. JACOB - 242388<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 777-3200<br>Facsimile: (415) 541-9366<br>jschaefer@hansonbridgett.com<br>pmello@hansonbridgett.com<br>ajohnson@hansonbridgett.com<br>stama@hansonbridgett.com<br>rjacob@hansonbridgett.com |

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## AND THE EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REQUEST FOR RECONSIDERATION OF ORAL RULING PROHIBITING EVIDENCE RE CONSTITUTIONAL COMPLIANCE AT TRIAL**<br><br>**To: Three-Judge Panel** |

- 1 -

DEFS.' REQ. RECONSID. RE EVIDENCE OF CONST'L COMPLIANCE
(2:90-CV-00520 LKK JFM)(C01-1351 TEH)

1672713.1

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, in accordance with Eastern District Local Rule 78-230(k), the *Plata* and *Coleman* Defendants move this Three-Judge Panel to reconsider its November 10, 2008 oral ruling prohibiting Defendants from presenting evidence at trial as to whether Defendants are in Constitutional compliance in the underlying proceedings. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court file in this case, and any other evidence the Court may consider at the hearing on this Motion.

The Three-Judge Panel should reconsider its November 10, 2008 oral ruling because it ignores essential points of law and fact. (*See* Transcript 11/10/08 Hearing at 28:25-29:2.)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

In this Phase I trial the Court must determine whether Plaintiffs can show, by clear and convincing evidence, that "crowding is the primary cause of the violation of a Federal right." 18 U.S.C. § 3626(a)(3)(E)(i). Thus, the Prison Litigation Reform Act (PLRA) requires the Court to find a violation of a Federal right in order to find for Plaintiffs on the Phase I issue. Any order prohibiting Defendants from introducing evidence that negates the predicate finding of a violation of a Federal right constitutes prejudicial error.

### II.   ARGUMENT

**A.   This Court Erred in Prohibiting the Parties from Presenting Evidence Relating to Constitutional Compliance.**

At the pretrial conference, this Court ruled that Defendants cannot present any evidence of Constitutional compliance. The Court stated that the presentation of evidence relating to Constitutional compliance is

> . . . simply not for this Court to consider, and would instead be properly presented to the individual Plata and Coleman courts.

- 2 -

DEFS.' REQ. RECONSID. RE EVIDENCE OF CONST'L COMPLIANCE
(2:90-CV-00520 LKK JFM)(C01-1351 TEH)

1672713.1

> The role of this Court is to determine first whether overcrowding is a primary cause of the Constitutional violations at issue in both Plata and Coleman; and secondly, if so, whether a prisoner release order is appropriate. **So we will not be hearing any evidence on whether defendants are in Constitutional compliance.**

(Transcript of 11/10/08 Hearing at 28:18-29:2) (emphasis added). While it may be true that Defendants could present evidence demonstrating that Constitutional violations do not exist to the *Plata* and *Coleman* Courts, Defendants may also present such evidence to this Court in this Three-Judge Panel proceeding. The language of 18 U.S.C. § 3626(a)(3)(E)(i) makes that clear, as does more general language of the PLRA. *See* 18 U.S.C. § 3626(a)(1)(A) ("The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.").

Not since 2002 in *Plata*, and 1995 in *Coleman*, have Plaintiffs demonstrated that Defendants are deliberately indifferent to Plaintiffs' serious medical and mental health care needs on a systemic level in violation of the Eighth Amendment. Indeed, it is doubtful that Plaintiffs will be able to meet such a standard today given the vast improvements to both the medical and mental health care delivery systems at CDCR. Additionally, Defendants cannot be deliberately indifferent in light of the Receiver being the entity fully responsible for medical care since 2006, and also responsible for key components of mental health care. Absent a finding of deliberate indifference, this Court may not issue an order for any relief related to prison conditions, let alone a prisoner release order. *See* 18 U.S.C. §§ 3626(a)(1)(B)(ii) & 3626(a)(3)(E)(i). It is therefore essential to the integrity of these proceedings that Defendants be permitted to introduce evidence relating to Constitutional compliance.

/ / /

/ / /

### III.   CONCLUSION

In refusing to entertain any evidence relating to the existence or non-existence of alleged violations of the Federal rights at issue, this Court ignored the stated intent of the PLRA.  The PLRA unequivocally requires that a violation of a Federal right must exist before any relief may be issued.  No court may issue any relief absent such a finding.  Because the findings of the existence of violations of Plaintiffs' Federal rights are so outdated as to be unreliable and uncertain, Defendants respectfully request that this Three-Judge Panel reconsider its order denying Defendants the opportunity to present evidence regarding whether they are in constitutional compliance.  Should this Court deny Defendants' request, Defendants seek by way of this request to clarify for the record that Defendants' representation at trial that overcrowding is not the primary cause of the alleged Federal violations at issue in no way constitutes an admission by Defendants that Federal violations persist.

DATED: November 17, 2008            HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: November 17, 2008            EDMUND G. BROWN JR.
Attorney General of the State of California


By: /s/ Lisa A. Tillman
LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.