1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DAVID S. CHANEY
Chief Assistant Attorney General
3  ROCHELLE C. EAST
Senior Assistant Attorney General
4  JONATHAN L. WOLFF
Senior Assistant Attorney General
5  LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
6  KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
8  Telephone: (415) 703-5708
Facsimile: (415) 703-5843
9  lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov
10
Attorneys for Defendants
11

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

12  **UNITED STATES DISTRICT COURT**

13  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14  **AND THE NORTHERN DISTRICT OF CALIFORNIA**

15  **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

16  **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

17

18  RALPH COLEMAN, et al.,

19           Plaintiffs,

20      v.

21  ARNOLD SCHWARZENEGGER, et al.,

             Defendants.

22  ─────────────────────────────

23  MARCIANO PLATA, et al.,

             Plaintiffs,

24      v.

25  ARNOLD SCHWARZENEGGER, et al.,

26           Defendants.

27

28

No. 2:90-cv-00520 LKK JFM P

**THREE-JUDGE COURT**

No. C01-1351 TEH

**THREE-JUDGE COURT**

**DEFENDANTS' OBJECTIONS TO TRIAL AFFIDAVITS OF CCPOA-INTERVENOR WITNESSES AND CCPOA RESPONSES**

**To: Three-Judge Panel**

DEFENDANTS' OBJECTIONS TO TRIAL AFFIDAVITS OF CCPOA-
INTERVENOR WITNESSES (2:90-CV-00520 LKK JFM )(C01-1351 TEH)

1674989.1

1    **DEFENDANTS' INTRODUCTORY STATEMENT**

2    **AND GENERAL OBJECTION**

3    Defendants submit the following objections in response to Intervenor-California

4    Correctional Peace Officer's Association (CCPOA) trial affidavits.  Defendants note their

5    general objection to each of the six affidavits as cumulative evidence.

6    **PLAINTIFFS' INTRODUCTORY STATEMENT**

7    Plaintiff Intervenor California Correctional Peace Officers' Association (CCPOA)

8    submits the following responses to Defendants' objections in response to CCPOA trial

9    affidavits.

10    These objections were the basis of Defendants Motion in Limine No. 2, which was

11    denied in its entirety.

12

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| **I.** | **DEFENDANTS' OBJECTIONS TO DIRECT TESTIMONY DECLARATION OF ERIC ADELMAN** | | |
| 1. | "Based on my observations of these units, it is my belief that some units are overcrowded.  Some inmates are confined to twelve-man dormitories and that creates an overcrowded condition." (Direct Testimony Decl. of Eric Adelman (Decl. Adelman), 3:13-15). | **Objections:** Lack of Foundation, Relevance | Foundation is established in the Direct Testimony Declaration of this witness.  (Fed. R. Evid. 602.)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 2. | "The crowded conditions also create more tension and the potential for violence among the inmates."  (Decl. Adelman, 3:17-18.) | **Objection:** Relevance | Testimony is relevant: medical and mental health is at issue; violence is a threat to health.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 3. | "There have been occasions where I have escorted inmates for medical | **Objection:** Lack of Foundation | Foundation is established in the Direct Testimony Declaration of this |

-1-

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | appointments but they have not been seen due to the number of other inmates being seen on that day." (Decl. Adelman, 3:19-21.) | | witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) |
| 4. | "I have become aware that certain inmates have come down with infectious diseases including tuberculosis and methicillin-resistant Staphylococcus aureus ('MRSA') which I understand is a staph infection that is not responsive to antibiotics. Correctional officers such as myself are not told by the medical staff which, if any, of the inmates had infections conditions nor, to my knowledge, are the inmates with infectious conditions isolated from either the inmate population or correctional staff." (Decl. Adelman, 4:1-6.) | **Objections:** Lack of Foundation, Relevance, Improper Expert Opinion, Hearsay | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) Not expert opinion; direct knowledge of CDCR practices. (Fed. R. Evid. 602 & 701.) Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) Also offered for non-truth purpose of showing notice to institution of impact of overcrowding on inmate health and care. (Fed. R. Evid. 801(c).) |

## II. DEFENDANTS' OBJECTIONS TO DIRECT TESTIMONY DECLARATION OF GARY BENSON

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| 5. | "Based on my observations at FSP since arriving there in 2004, I believe that inmate overcrowding has had several detrimental impacts on the health of inmates and staff and the ability to provide medical care to the inmate population at FSP." (Direct Testimony Decl. of Gary Benson (Decl. Benson), 3:1-3.) | **Objections:** Lack of Foundation, Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) Proper lay witness opinion testimony. (Fed. R. Evid. 602 & 701.) Goes to the weight of the evidence, not its |

- 2 -

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | | | admissibility.  (Fed. R. Evid. 401 & 402.) |
| 6. | "With respect to the TTA clinic, there are simply too many inmates for that clinic to function effectively." (Decl. Benson, 3:4-5.) | **Objection:** Lack of Foundation; Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness.  (Fed. R. Evid. 602.)  Proper lay witness opinion testimony.  (Fed. R. Evid. 602 & 701.)  Goes to the weight of the evidence, not its admissibility.  .  (Fed. R. Evid. 401 & 402.) |
| 7. | "I have had inmates come and tell me that they would rather go back to their cell than to be locked up in the cage for hours while waiting for medical treatment." (Decl. Benson, 3:9-11.) | **Objections:** Hearsay, Relevance | Offered to show state of mind.  (Fed. R. Evid. 803(3).)  Offered for non-truth purpose of showing notice to institution of impact of overcrowding on inmate health and care.  (Fed. R. Evid. 801(c).)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 8. | "The treatment room of the clinic, where services are provided, is grossly inadequate for the inmates who need it.  This room itself is small and actually can only accommodate two gurney-confined patients at a time.  I recall one situation this past August in which two inmates confined to gurneys were already being treated in the clinic when a third inmate arrived on a gurney.  Since there was no room to treat him, he was placed, bleeding, on a Stokes Litter in the hallway, where he was surrounded by approximately fifteen to twenty other inmates waiting for services." | **Objections:** Improper Expert Opinion, Relevance | Proper lay witness opinion.  (Fed. R. Evid. 602 & 701.)  Relevant to adequacy of medical services.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |

- 3 -

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | (Decl. Benson, 3:12-18.) | | |
| 9. | "This puts a tremendous stress on my ability to do my job since I have to keep watch, not only on the inmates but the numerous locations where narcotics and surgical instruments are kept within that room." (Decl. Benson, 3:22-24.) | **Objection:** Relevance | Relevant to health and safety issues: inmate access to drugs and instruments (potential weapons) due to overcrowding. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 10. | "In addition, because of overcrowding, there are inadequate facilities to provide treatment to inmates with contagious staph infections. During the time that I have been at FSP (and prior to that at Pelican Bay State Prison (there have been no facilities available to isolate inmates who had contagious staph infections." (Decl. Benson, 3:25-28.) | **Objections:** Lack of Foundation, Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) Proper lay witness, percipient and opinion testimony. (Fed. R. Evid. 602 & 701.) Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 11. | "These inmates are given antibiotics and then sent back to their housing units. They are not isolated and remain in contact with other inmates as well as staff. These inmates continue to use the same housing facilities as non-infected inmates including showers and toilets." (Decl. Benson, 4:2-5.) | **Objections:** Relevance, Lack of Foundation | Relevant to health issues due to overcrowding. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) Foundation is established in the Direct Testimony Declaration of this witness. (Fed. R. Evid. 602.) |
| 12. | "I believe that I contracted my MRSA from coming in contact with inmates in the FTTF who had the MRSA condition at that time. I did not have contact with anyone | **Objection:** Lack of Foundation, Relevance | Foundation is established in the Direct Testimony Declaration of this witness. (Fed. R. Evid. 602.) Relevant to health and safety issues. Goes |

- 4 -

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | else whom I knew or believed to have MRSA at that time, other than inmates." (Decl. Benson, 4:11-14.) | | to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 13. | "My MRSA condition was such that I was required to be hospitalized on two different occasions and underwent two surgical procedures. At the time that I was hospitalized with MRSA, I was placed in an isolation room and a large sign was posted outside my door indicating that I had MRSA. I have never seen any such procedures utilized for any inmates who had MRSA at FSP." (Decl. Benson, 4:15-19.) | **Objection:** Relevance | Relevant due to effect on health related to overcrowding issue. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |

### III.    DIRECT TESTIMONY DECLARATION OF RUBEN LEIJA, JR.

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| 14. | "The D-10 Unit houses three hundred and forty inmates. Based on my observations, this is more inmates than should be housed there." (Direct Testimony Decl. of Ruben Leija, Jr. (Decl. Leija), 2:12-13.) | **Objections:** Lack of Foundation, Relevance, Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) Proper lay witness percipient and opinion testimony. (Fed. R. Evid. 602 & 701.) |
| 15. | "This living arrangement creates safety concerns, as it is difficult to monitor the activities that are going on in these units because of the number of bunks and | **Objection:** Relevance | Relevant to health issue. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |

- 5 -

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|-----|-----------|------------|----------------|
| | inmates." (Decl. Leija, 2:15-17.) | | |
| 16. | "This limited number of facilities has proven, from my observations, to be inadequate from the standpoint of personal hygiene and health of the inmates.  In addition, the inmates have to wait in line to use these facilities creating tensions between the inmates and I have seen numerous fights break out among inmates waiting in line to use these facilities.  I have also observed that there is a sanitation problem as it is difficult for the porters to keep the toilets clean given their heavy and constant use." (Decl. Leija, 2:19-25.) | **Objection:** Relevance | Relevant to effect of overcrowding on health of inmates and ability to receive medical care.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 17. | "In addition, I have observed outbreaks of gastrointestinal ailment and the flu among the inmates in the housing units where I have served." (Decl. Leija, 2:26-27.) | **Objection:** Relevance | Relevant to health issues, resulting from overcrowding, which taxes medical care for inmates.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 18. | "There are no means available to isolate those inmates who first contract these illnesses and the illnesses quickly spread to many of the other inmates within those units.  This also creates problems with the delivery of medical services to treat these ailments." (Decl. Leija, 2:27-3:2.) | **Objections:** Lack of Foundation, Relevance, Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness.  Alternatively, any deficiencies in foundation can be rectified in direct testimony.  (Fed. R. Evid. 602.)  Proper lay opinion testimony relevant to health issues which tax medical care system.  (Fed. R. Evid. 401 & 402; |

OBJECTIONS TO CCPOA TRIAL AFFIDAVITS
(2:90-CV-00520 LKK JFM )(C01-1351 TEH)

1674989.1

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | | | Fed. R. Evid. 701.)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 19. | "In addition, I have had inmates advise me that they have been told they have contagious staph infections."  (Decl. Leija, 3:3-4.) | **Objection:** Hearsay | State of mind of declarant as to health risks.  (Fed. R. Evid. 803(3).)  Offered for non-truth purpose of showing notice to institution of impact of overcrowding on inmate health and care.  (Fed. R. Evid. 801(c).)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 20. | "I have also had situations where inmates will come back from scheduled medical appointments upset and angry, and they tell me that they were not seen by any medical personnel for their condition."  (Decl. Leija, 3:6-8.) | **Objection:** Hearsay | Observation of witness testimony goes to state of mind.  (Fed. R. Evid. 803(3).)  Offered for non-truth purpose of showing notice to institution of impact of overcrowding on inmate health and care.  (Fed. R. Evid. 801(c).)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 21. | "The overcrowding also has the effect of discouraging some inmates from seeking medical care even when it is available.  Inmates are sometimes hesitant to report infections to the doctor for fear that they will be shunned by the other inmates in their Housing Unit."  (Decl. Leija, 3:9-12.) | **Objection:** Lack of Foundation | Foundation is established in the Direct Testimony Declaration of this witness.  Alternatively, any deficiencies in foundation can be rectified in direct testimony.  (Fed. R. Evid. 602.)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 22. | "For example, I witnesses | **Objection:** | Relevant to effect of |

OBJECTIONS TO CCPOA TRIAL AFFIDAVITS
(2:90-CV-00520 LKK JFM )(C01-1351 TEH)

1674989.1

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | one inmate who, rather than seek medical care, chose to have a friend scrape the staph infection on his back with a spoon each night." (Decl. Leija, 3:12-13.) | Relevance | overcrowding on availability and delivery of medical care.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |

**IV.    DIRECT TESTIMONY DECLARATION OF BRENDA M. GIBBONS**

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| 23. | "Inmates in this program are housed separately from the general population and are supposed to receive structured treatment activities and mental health services." (Direct Testimony Decl. of Brenda Gibbons (Decl. Gibbons), 2:19-21.) | **Objections:** Lack of Foundation, Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness.  Alternatively, any deficiencies in foundation can be rectified in direct testimony.  (Fed. R. Evid. 602.)  Proper lay witness percipient and opinion testimony.  (Fed. R. Evid. 602 & 701.)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 24. | "Based on my observations, including my familiarity with the inmate population at SVSP since 1996, I believe that there is significant overcrowding of inmates at SVSP generally.  This has had adverse consequences on the delivery of medical services to the EOP inmates in D-4."  (Decl. Gibbons, 2:22-25.) | **Objection:** Improper Expert Opinion | Proper lay witness opinion testimony.  (Fed. R. Evid. 602 & 701.)  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |
| 25. | "For example, I have observed shortages of emergency vehicles, correctional officer escorts to take inmates to receive medical treatment, holding cells and safety cells.  I have also observed situations | **Objections:** Lack of Foundation, Relevance | Foundation is established in the Direct Testimony Declaration of this witness.  Alternatively, any deficiencies in foundation can be rectified in direct testimony.  (Fed. R. Evid. |

- 8 -

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | where prescribed medical equipment such as special pillows and mattresses for specific inmate medical conditions were not available." (Decl. Gibbons, 2:25-3:1.) | | 602.) Relevant to effect of overcrowding on delivery of medical care. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 26. | "There have been occasions where there have been more ADA EOP inmates than could be accommodated in these two cells. On some occasions, such inmates have had to remain in the Ad-Seg Unit, which houses general population inmates, until there is an available cell. I have also witnessed situations where a wheelchair bound inmate's status has been changed from DPW, which means a wheelchair is required, to DPO or DPM which indicates only that the inmate has a mobility impairment and does not require a wheelchair. Such reclassified inmates have been put into regular cells and the wheelchairs are left outside the cells." (Decl. Gibbons, 3:3-10.) | **Objection:** Relevance | Relevant to effect of overcrowding on mental health care. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 27. | "In my observation, when there are two inmates to a cell, particularly in a mental health unit, there is a higher potential for violence involving the inmates than if they are single-celled (e.g. one inmate per cell)." (Decl. Gibbons, 3:11-14.) | **Objection:** Relevance | Relevant to overcrowding. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 28. | "For example, clean laundry is frequently unavailable for the inmates and I have | **Objections:** Relevance, Lack of Foundation, | Relevant to effect of overcrowding on health of inmates and taxing of |

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|-----|-----------|------------|----------------|
| | observed situations where inmates have done their own laundry either in the sinks used for the service of food or in the toilets.  Based on my training and duties as a correctional officer, such conduct presents a specific problem with respect to the spread of infectious diseases in the institution because laundering in the sinks or toilets does not adequately clean soiled laundry." (Decl. Gibbons, 3:17-22.) | Improper Expert Opinion | medical and mental health services.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.)  Foundation is established in the Direct Testimony Declaration of this witness.  Alternatively, any deficiencies in foundation can be rectified in direct testimony.  (Fed. R. Evid. 602.)  Lay witness percipient and opinion testimony.  (Fed. R. Evid. 602 & 701.) |
| 29. | "With respect to canteen privileges, I have seen situations where the inmates have had emotional outbursts when they learned that the canteen services had been delayed or cancelled due to the inability of the canteen to accommodate all of the inmates." (Decl. Gibbons, 3:23-26.) | **Objection:** Relevance | Relevant as to effect of overcrowding on mental health of inmates, which in turn taxes mental health delivery.  system.  Goes to the weight of the evidence, not its admissibility. |
| 30. | "In addition, there are too many inmates housed Floor 1 of D-4 for the staff assigned, especially during the night watch (10:00 p.m. to 6:00 a.m.).  The fact that there are too many inmates to be adequately monitored let to one self-help remedy of which I observed involving an inmate who suffered from seizures.  This inmate devised a warning system in which he wore a helmet with a string attached to bottles in | **Objection:** Relevance | Relevant as to effect of overcrowding on ability of inmates to receive proper medical assistance.  Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.) |

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
|  | an adjacent cell.  If he had a seizure, the inmate in the adjacent cell could see or hear the bottles shake and could then summon help." (Decl. Gibbons, 3:26-4:4.) |  |  |

**V.     DIRECT TESTIMONY DECLARATION OF KEVIN RAYMOND**

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| 31. | "The national standard established for designating correctional staff for facilities was one correctional officer for every sixty four inmates based on design capacity.  However, the design capacity was based on one inmate per cell.  When the number of inmates per cell increases or other areas have converted into housing units, the ratio of inmates to correctional officers will increase.  The prisons do have other methods for obtaining additional correctional staff when the inmate population increases beyond design capacity.  For one thing, there are packages known as overcrowding packages which provide funds for the hiring of additional correctional staff to deal with overcrowding conditions; not that some institutions use some of these positions to address not only overcrowding, but also other needs within the facility, which should actually be addressed in the base staffing package."  (Direct Testimony Decl. of Kevin | **Objections:** Relevance, Improper Expert Opinion; Lack of Foundation | Inadequate correctional staffing is relevant to inability to deliver proper medical care to inmates. Goes to the weight of the evidence, not its admissibility.  (Fed. R. Evid. 401 & 402.)  Proper lay witness percipient and opinion testimony based on personal knowledge. (Fed. R. Evid. 602 & 701.) Foundation is established in the Direct Testimony Declaration of this witness.  Alternatively, any deficiencies in foundation can be rectified in direct testimony.  (Fed. R. Evid. 602.) |

OBJECTIONS TO CCPOA TRIAL AFFIDAVITS
(2:90-CV-00520 LKK JFM )(C01-1351 TEH)

1674989.1

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| | Raymond (Decl. Raymond), 3:13-23.) | | |
| 32. | "It should also be noted that with respect to new facilities, CDCR proposes custody staffing levels related to medical care, but these suggestions may or may not match the recommendations of the Healthcare Receiver; I am not aware of any procedure to share the proposed custody staffing packages with the Receiver for comment." (Decl. Raymond, 4:1-4.) | **Objection:** Relevance | Relevant to lack of staffing. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |

**VI.    DIRECT TESTIMONY DECLARATION OF DEBBRA ROWLETT**

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
| 33. | "Overcrowding staff positions are created because of the overcrowding within the institutions." (Direct Testimony Decl. of Debbra Rowlett (Decl. Rowlett), 3:2-3.) | **Objection:** Lack of Foundation | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) |
| 34. | "There are numerous conditions at CSP Solano that I have observed and that I feel have created significant problems relating to the health of the inmates and the delivery of such care, and I believe these are due, at least in part, to the overcrowding of the inmates incarcerated in that facility." (Decl. Rowlett, 3:14-17.) | **Objections:** Lack of Foundation, Improper Expert Opinion | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) Proper lay witness percipient and opinion testimony based on observations. (Fed. R. Evid. 602 & 701.) Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 35. | "For one thing, the living | **Objections:** Lack | Foundation is established |

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|---|---|---|---|
|  | conditions in the dorms are unsanitary and unhealthy." (Decl. Rowlett, 3:18-19.) | of Foundation, Improper Expert Opinion | in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) Proper lay witness percipient and opinion testimony. (Fed. R. Evid. 602 & 701.) Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 36. | "These birds tend to congregate at the ceiling and they peck away at the ceiling materials causing pieces of those materials to come down into the areas where the inmates and staff are located and where they eat their meals. In addition, the birds defecate while in the building." (Decl. Rowlett, 3:28-4:3.) | **Objection:** Relevance | Relevant to health issues due to overcrowding. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 37. | "This situation creates the potential for the transmission of communicable diseases through the common use of such buckets." (Decl. Rowlett, 4:8-9.) | **Objection:** Improper Expert Opinion | Proper permissible lay witness opinion testimony. (Fed. R. Evid. 602 & 701.) Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 401 & 402.) |
| 38. | "The number of inmates who are receiving drugs and medications has increased significantly from when I first started working at CDCR. The number of inmates currently receiving medications precludes staff from following through to verify that inmates are in fact taking the medications that | **Objection:** Lack of Foundation | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) |

- 13 -

| NO. | TESTIMONY | OBJECTIONS | CCPOA RESPONSE |
|-----|-----------|------------|----------------|
| | has been prescribed to them." (Decl. Rowlett, 4:11-14 | | |
| 39. | "There have been several occasions where I have found pills in the ground in the prison yard which indicates to me that some inmates are not taking the medications that have been prescribed to them." (Decl. Rowlett, 4:16-19.) | **Objection:** Relevance | Relevant to overcrowding adversely effecting medical and mental health of inmates. Goes to the weight of the evidence, not its admissibility. (Fed. R. Evid. 402.) |
| 40. | "I have had situations where inmates have come up to me and stated that they had put in a request for a medical appointment days before and had still not received an appointment, but that it was no longer necessary as their symptoms were no longer present." (Decl. Rowlett, 4:24-27.) | **Objection:** Hearsay | Offered for non-truth purpose of showing notice to institution of impact of overcrowding on inmate health and care. (Fed. R. Evid. 801(c).) |
| 41. | "The ventilation in that area is also inadequate given the large number of inmates present." (Decl. Rowlett, 5:6-7.) | **Objection:** Lack of Foundation | Foundation is established in the Direct Testimony Declaration of this witness. Alternatively, any deficiencies in foundation can be rectified in direct testimony. (Fed. R. Evid. 602.) |

OBJECTIONS TO CCPOA TRIAL AFFIDAVITS
(2:90-CV-00520 LKK JFM )(C01-1351 TEH)

1674989.1

1  DATED:  November 18, 2008          HANSON BRIDGETT LLP

2

3                                     By: /s/ Paul B. Mello
                                      PAUL B. MELLO
4                                     Attorneys for Defendants
                                      Arnold Schwarzenegger, et al.
5

6  DATED:  November 18, 2008          EDMUND G. BROWN JR.
                                      Attorney General of the State of California
7

8

9                                     By: /s/ Kyle A. Lewis
                                      KYLE A. LEWIS
10                                    Deputy Attorney General
                                      Attorneys for Defendants
11                                    Arnold Schwarzenegger, et al.

12 DATED:  November 18, 2008
                                      CARROLL, BURDICK, & MCDONOUGH LLP
13

14                                    By: /s/ Natalie Leonard
                                      Greg McLean Adam
15                                    Natalie Leonard
                                      James W. Henderson, Jr.
16                                    Attorneys for Plaintiff Intervenor California
                                      Correctional Peace Officer Association.
17

18

19

20

21

22

23

24

25

26

27

28
                                   - 15 -
OBJECTIONS TO CCPOA TRIAL AFFIDAVITS                          1674989.1
(2:90-CV-00520 LKK JFM )(C01-1351 TEH)