PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA  94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No.  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD JERUE AND DEFENDANTS' RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD JERUE AND DEFENDANTS' RESPONSES THERETO,
NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[255624-1]

During the morning trial session on Wednesday, November 19, 2008, Defendants informed the Court and counsel that they intend to call Mr. Jerue as their second witness. This may occur as early as November 21, 2008. Because of the lack of prior notice, Plaintiffs could not have filed these objections within the required three court days. Plaintiffs are filing the objections at the earliest possible time, on the day after we received notice.

Plaintiffs' submit the following objections to Defendants' Trial Affidavit of Todd Jerue:

**Defendants' response:** Defendants provided Plaintiffs with notice of their intended witness order as soon as it became evident that trial was moving quicker than anticipated and that defense witnesses could testify as early as November 21, 2008.

**General Objection: Relevance**

The Trial Affidavit of Todd Jerue provides no testimony relevant to the proceedings before the Three-Judge Court. Mr. Jerue provides testimony about the purported increase from 1994 to the present in spending by the California Department of Corrections and Rehabilitation ("CDCR"), including the purported increase in health care spending by CDCR, both in total and per inmate. Any increase in spending does not tend to prove or disprove the existence or impact of overcrowding or the cause of the constitutional violations. The only potential relevance is to the question whether relief other than a population reduction order may remedy the constitutional violations, a question to be addressed in Phase II of these proceedings. The entire affidavit of Mr. Jerue should be excluded from Phase I as irrelevant

**Defendants' Response**

The Trial Affidavit of Todd Jerue provides testimony relevant to the Phase I proceedings before the Three-Judge Panel. Mr. Jerue provides testimony about the increase from 1994 to the present in the total and per inmate health care services program expenditures of the California Department of Corrections and Rehabilitation. These expenditures reflect the growth of the health care (medical and mental health care services) system in accord with constitutional mandates. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems. This

-1-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD JERUE AND DEFENDANTS' RESPONSES THERETO,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[255624-1]

evidence is particularly relevant to any proffered evidence of any alleged failure to fund any particular health care service. Therefore, the entire affidavit of Mr. Jerue is relevant.

**Specific Objections**

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 4, Page 3, Lines 10-12 | **Relevance** (FRE 402): growth in spending on healthcare is not relevant to whether overcrowding is the primary cause of constitutional violations in the delivery of medical and mental health care.<br><br>**Foundation**: Mr. Jerue did not begin working for the Department of Finance until 1997 and he states in paragraph 6 of his affidavit that he does not know what aspects of CDCR healthcare costs are included in the expenditures he reports for CDCR in FY1994-1995 | **Relevance**: These expenditures reflect the growth of the health care (medical and mental care services) system in accord with constitutional mandates and the issue of "primary cause" of alleged constitutional conditions. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems.<br><br>**Foundation:** Because of his work with the Department of Finance since 1997, Mr. Jerue is familiar with DOF's preparation and maintenance of records of the funding provided to state agencies each fiscal year. If necessary, his testimony can be supplemented to provide further foundation for these business records. | | |
| ¶ 6, Page 3, line 25 – Page 4, line 5 | **Relevance** (FRE 401) – level of healthcare spending not relevant to whether overcrowding is primary cause of | **Relevance**: These expenditures reflect the growth of the health care (medical and mental care services) system in accord | | |

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
|  | constitutional violations; **Foundation** - Mr. Jerue did not begin working for the Department of Finance until 1997 and he states in paragraph 6 of his affidavit that he does not know what aspects of CDCR healthcare costs are included in the expenditures he reports for CDCR in FY1994-1995. | with constitutional mandates and the issue of "primary cause" of alleged constitutional conditions. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems. **Foundation:** Because of his work with the Department of Finance since 1997, Mr. Jerue is familiar with DOF's preparation and maintenance of records of the funding provided to state agencies each fiscal year. If necessary, his testimony can be supplemented to provide further foundation for these business records. |  |  |
| ¶¶ 7-8, Page 4, lines 6-17 | **Relevance** (FRE 401) – level of healthcare spending not relevant to whether overcrowding is primary cause of constitutional violations; | **Relevance**: These expenditures reflect the growth of the health care (medical and mental care services) system in accord with constitutional mandates and the issue of "primary cause" of alleged constitutional conditions. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems. |  |  |

-3-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD JERUE AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[255624-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| ¶ 9, Page 4, Lines 18-27 | **Relevance** (FRE 401) – level and growth of healthcare spending not relevant to whether overcrowding is primary cause of constitutional violations; **Foundation** - Mr. Jerue did not begin working for the Department of Finance until 1997 and he states in paragraph 6 of his affidavit that he does not know what aspects of CDCR healthcare costs are included in the expenditures he reports for CDCR in FY1994-1995 | **Relevance**: These expenditures reflect the growth of the health care (medical and mental care services) system in accord with constitutional mandates and the issue of "primary cause" of alleged constitutional conditions. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems. | | |
| ¶ 10, page 5, Lines 1-9 | **Relevance** (FRE 401) – level of healthcare spending not relevant to whether overcrowding is primary cause of constitutional violations; | **Relevance**: These expenditures reflect the growth of the health care (medical and mental care services) system in accord with constitutional mandates and the issue of "primary cause" of alleged constitutional conditions. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems. | | |

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| ¶11, Page 5, Lines 11-18 | **Relevance** (FRE 401) – level and growth of healthcare spending not relevant to whether overcrowding is primary cause of constitutional violations; | **Relevance**:  These expenditures reflect the growth of the health care (medical and mental care services) system in accord with constitutional mandates and the issue of "primary cause" of alleged constitutional conditions. Thus, CDCR's health care expenditures are relevant to the issue of the cause of any alleged deficiencies in the medical and mental health delivery systems. | | |

| | | |
|---|---|---|
| 1 | Dated: November 20, 2008 | Respectfully submitted, |
| 2 | | ROSEN, BIEN & GALVAN, LLP |

By: */s/ Maria V. Morris*
   Maria V. Morris
   Attorney for *Coleman* Plaintiffs and on
   Behalf of *Plata* Plaintiffs

DATED: November 20, 2008

HANSON BRIDGETT LLP

By: */s/ Paul B. Mello*
   PAUL B. MELLO
   Attorneys for Defendants
   Arnold Schwarzenegger, et al.

DATED: November 20, 2008

EDMUND G. BROWN JR.
Attorney General of the State of California

By: */s/ Kyle A. Lewis*
   KYLE A. LEWIS
   Deputy Attorney General
   Attorneys for Defendants
   Arnold Schwarzenegger, et al.

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD JERUE AND DEFENDANTS' RESPONSES THERETO,
NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[255624-1]