PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. Civ S 90-0520 LKK-JFM P <br> **THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al., <br> Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br> **THREE-JUDGE COURT** <br><br> **PLAINTIFFS OBJECTIONS TO TRIAL AFFIDAVIT OF CYNTHIA A. RADAVSKY AND DEFENDANTS' RESPONSES THERETO** |

PLAINTIFFS OBJECTIONS TO TRIAL AFFIDAVIT OF CYNTHIA A. RADAVSKY AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

During the morning trial session on Wednesday, November 19, 2008, Defendants informed the Court and counsel that they intend to call Ms. Radavsky on Friday, November 21, 2008. Because of the lack of prior notice, Plaintiffs could not have filed these objections within the required three court days.

**Defendants' response:** Defendants provided Plaintiffs with notice of their intended witness order as soon as it became evident that trial was moving quicker than anticipated and that defense witnesses could testify as early as November 21, 2008.

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 4, Page 2, Lines 22-24 | Improper lay opinion regarding nature of *Coleman* orders. (FRE 701.) Inadmissible legal conclusions regarding *Coleman* orders. Document (*Coleman* Court order) speaks for itself. | Proper statement of lay witness responsible for responding on behalf of named party to *Coleman* court orders. No legal conclusion is proffered. | | |
| ¶ 5, Page 2, Lines 26-27 | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) Documents (bed plans) speak for themselves. | The described plans are relevant to the pending issue of the cause(s) of alleged deficiencies in care. These are not future plans. These plans have already been submitted to the *Coleman* court. Some of the plans have been implemented in accord with that Court's orders. | | |

-1-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]   [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 5, Page 2, Line 27 to Page 3, Line 2. | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | The described plans are relevant to the pending issue of the cause(s) of alleged deficiencies in care. These are not future plans. These plans have already been submitted to the *Coleman* court. Some of the plans have been implemented in accord with that Court's orders. | | |
| ¶ 7, Page 4, Lines 1 to 4. | Document (Memorandum of Understanding) speaks for itself. FRE 1004 requirements not met for submitting evidence regarding the document other than the document or a copy thereof. | No document is proffered. Witness' testimony describes the relationship between Department of Mental Health (DMH) and the California Department of Corrections and Rehabilitation (CDCR) in the provision of mental health care to inmates. Should this Court so desire, Defendants will provide a copy of the operable memorandum of understanding. | | |
| ¶ 8 in its entirety, Page 4. | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | Evidence of the provision of mental health care to those CDCR inmates who are in-custody parolees is relevant to the size of the mental health population and to alleged deficiencies in providing inpatient care to CDCR inmates. | | |

-2-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]    [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| ¶ 10, Page 4, Lines 19-20. | Improper lay opinion re legal limits of DMH role in the above-captioned matter. (FRE 701.) Inadmissible legal conclusion re same. | A lay witness is competent to provide (lay) testimony regarding the geographic location of persons and places, including the location of mental health care beds serving CDCR patients. | | |
| ¶ 10, Page4, Lines 20-22. | Not qualified as expert on impacts of overcrowding on mentally ill DMH patients during the time they were at CDCR. (FRE 702.) | A lay witness is competent to provide (lay) testimony regarding the geographic location of persons and places, including the location of mental health care beds serving CDCR patients.<br><br>As Deputy Director of DMH with mental health clinical expertise, this witness is capable of describing the separate housing and programming provided to CDCR inmate-patients at DMH facilities within CDCR premises and at DMH hospitals outside of CDCR premises and the resulting lack of any impact from the alleged overcrowding within CDCR. | | |

-3-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]     [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 11, Page 5, Lines 3-4. | Improper lay opinion re "state law" limits of responsibility for care of CDCR inmates. (FRE 701.)  Inadmissible legal conclusion re same. | As Deputy Director DMH, this witness is familiar with and responsible for implementing the mission of DMH in accord with state statutes. This witness is also familiar with and responsible for addressing the referral of CDCR inmates to DMH, in accord with the referral procedures stated in certain California Penal statutes and with federal due process rights. This witness is familiar with and responsible for ensuring patient's right to liberty is not violated, in accord with the Lanterman-Petris-Short Act. | | |
| ¶ 12, Page 5, Lines 5-7. | Misstates facts offered in evidence regarding Coleman Findings and Recommendations (D-1273), which do not use the words "cooperative relationship" regarding pre 1995 CDCR/DMH relationship. | The *Coleman* Findings and Recommendations are referenced to simply show that DMH provided inpatient hospital care to CDCR inmates. The witness is competent to describe the nature of the relationship. | | |

-4-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]    [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 14, Page 5, Lines 24-26 ("These beds are consistently utilized at capacity as DMH makes the necessary accommodations to ensurè that there is not a wait list for these beds."). | Misstates facts offered in evidence regarding wait lists for MHCBs. D-1292 at page 3 (Special Master Report of 5/31/07): "the number of inmates/patients referred to a MHCB level of care has regularly exceeded the number of MHCBs available in CDCR." | This witness is referencing DMH's 2008 data and not referencing the Special Master's report of May 2007, so this witness is not misstating any evidence in that report. This witness provides monthly reports to the Special Master on the utilization of DMH inpatient acute beds by CDCR patients. This witness is competent to provide testimony concerning the mental health crisis beds within those acute beds at CMF, including any 2008 wait list for those beds. | | |
| ¶ 16, Page 6, line 27 to Page 7, line 1. ("This level of commitment to the care of mentally ill inmate-patients demonstrates the continued engagement of DMH in the goal of providing mental health care to CDCR inmates.") | Improper lay opinion. (FRE 701.) No foundation. Irrelevant. The witness's opinion regarding "commitment to care" and "continued engagement" do not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. (FRE 401.) | The testimony has proper foundation. This witness is a Deputy Director within DMH responsible for providing mental health care to CDCR inmates. She is familiar with the working relationship between DMH and CDCR to provide such care.<br>Because Plaintiffs have put at issue the alleged failure of DMH to provide mental health care beds to CDCR inmates, the testimony is relevant to the issue of the cause of alleged deficiencies in mental health care. | | |

-5-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]    [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| ¶ 17, Page 7, lines 14-16. | Not qualified as expert on impacts of overcrowding on mentally ill DMH patients during the time they were at CDCR. (FRE 702.) | A lay witness is competent to provide (lay) testimony regarding the geographic location of persons and places, including the location of mental health care beds serving CDCR patients.<br><br>As Deputy Director of DMH with mental health clinical expertise, this witness is capable of describing the separate housing and programming provided to CDCR inmate-patients at DMH facilities within CDCR premises and at DMH hospitals outside of CDCR premises and the resulting lack of any impact from the alleged overcrowding within CDCR. | | |

-6-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]         [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 21 in its entirety, Page 8. | Not qualified as expert on design standards for "high custody inmates." (FRE 702.)<br><br>No personal knowledge regarding "high custody inmate" housing standards.<br><br>Hearsay as to statements regarding the nature of the walls at Coalinga State Hospital. | As Deputy Director within DMH, this witness is responsible for and familiar with security of state mental health hospitals, including design features.<br><br>This witness has knowledge of and is familiar with the design of Coalinga State Hospital to meet the security risks posed by sexually violent predators and to meet the concerns of local community. She is responsible for the safe operation of Coalinga State Hospital. The feasibility studies conducted and filed with the *Coleman* court by Defendants which evaluate the conversion of a part of Coalinga State Hospital for CDCR inmate care, and the findings in those studies that the hospital walls are not sufficient for CDCR inmate security, are not offered for the truth of the matter of asserted but rather to show the effect on the listener. | | |

-7-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]    [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| ¶ 23, Page 9, Lines 17-19 ("As Coleman Special Master Keating noted in his May 2007 and August 2007 reports to the *Coleman* Court, Defendants have submitted plans in compliance with these orders . . . .") | Document (Special Masters May 2007 and August 2007) speak for themselves.<br>FRE 1004 requirements not met for submitting evidence regarding the document other than the document or a copy thereof.<br>Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | The Special Master's reports are documents filed with the Coleman court and so subject to judicial notice.<br><br>These documents are not present, court-approved plans relevant to the issue of the causation of alleged deficiencies in Defendants' mental health care system. The plans are not hearsay as they fall under the public records and business records exceptions. | | |
| ¶ 24, Page 9, Lines 20-22 ("These bed plans have consistently addressed the critical area of need identified by the *Coleman* Special Master: the paucity of available inpatient beds for high-custody patients.") | Misstates facts in evidence. This is not "the" critical area of need but one of many critical areas.<br>Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | This witness is qualified to speak to the inpatient mental health bed needs of *Coleman* inmates. No facts are misstated as the Special Master has issued reports on the need for inpatient beds, particularly to serve high custody inmates. The plans are relevant to the issue of the primary cause of alleged deficiencies in Defendants' mental health care delivery system. | | |
| ¶ 24, Page 9, lines 24-26. | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | The plans are relevant to the issue of the primary cause of alleged deficiencies in Defendants' mental health care delivery system. | | |

-8-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]    [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| ¶ 25, Page 10, Lines 1-7. | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | The plans are relevant to the issue of the primary cause of alleged deficiencies in Defendants' mental health care delivery system. | | |
| ¶ 26, Page 10, Lines 11-17. | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | The plans are relevant to the issue of the primary cause of alleged deficiencies in Defendants' mental health care delivery system. | | |
| ¶ 28, Page 11, lines 14-16. | Relevance; future plans are Phase 2 "other relief," not primary cause. (FRE 401.) | The plans are relevant to the issue of the primary cause of alleged deficiencies in Defendants' mental health care delivery system. | | |
| ¶ 29, Page 11, lines 18-20. | Misstates facts in evidence regarding *Coleman* Special Master finding that care at DMH is "constitutionally adequate." | Neither this Court nor the Special Master have found the DMH care to be in violation of the constitution. The Special Master's February 7, 2007 report contrasts DMH's therapeutic milieu with the 1994 finding the CDCR's mental health services delivery system was constitutionally inadequate. (*Coleman* Docket No. 2133.) Further, the Special Master's September 24, 2007 report recommended any CDCR-operated inpatient programs obtain the same licensure and accreditation already obtained by the DMH inpatient programs. (*Coleman* Docket 2432.) | | |

-9-

PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]   [255647-1]

| Affidavit Paragraph/Page/Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| ¶ 29, Page 11, lines 22-24. | Not qualified as expert on impacts of overcrowding on mentally ill DMH patients during the time they were at CDCR. (FRE 702.) | A lay witness is competent to provide (lay) testimony regarding the geographic location of persons and places, including the location of mental health care beds serving CDCR patients.<br><br>As Deputy Director of DMH with mental health clinical expertise, this witness is capable of describing the separate housing and programming provided to CDCR inmate-patients at DMH facilities within CDCR premises and at DMH hospitals outside of CDCR premises and the resulting lack of any impact from the alleged overcrowding within CDCR. | | |
| ¶ 29, Page 11, line 24 – Page 12, line 3. | Relevance; future plans ("anticipated construction") are Phase 2 "other relief," not primary cause. (FRE 401.) | The plans are relevant to the issue of the primary cause of alleged deficiencies in Defendants' mental health care delivery system. | | |

-10-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]          [255647-1]

Dated: Nov. 19, 2008                      Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP


By: */s/ Ernest Galvan*
    Ernest Galvan
    Attorney for *Coleman* Plaintiffs and on
    Behalf of *Plata* Plaintiffs

DATED: November __, 2008                  HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
    PAUL B. MELLO
    Attorneys for Defendants
    Arnold Schwarzenegger, et al.

DATED: November __, 2008                  EDMUND G. BROWN JR.
                                          Attorney General of the State of California


By: /s/ Kyle A. Lewis
    KYLE A. LEWIS
    Deputy Attorney General
    Attorneys for Defendants
    Arnold Schwarzenegger, et al.

-11-
PLAINTIFFS' OBJECTIONS TO TRIAL TESTIMONY OF CYNTHIA RADAVSKY, WITH DEFENDANTS' RESPONSES
CASE NOS. CIV S 90-0520 LKK JFM P, C01-1351 TEH

[255647-1]    [255647-1]