EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br>   v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OBJECTIONS AND COUNTER DESIGNATIONS TO PLAINTIFFS' DESIGNATIONS FOR MATTHEW L. CATE**<br><br>**To: Three-Judge Panel** |

- 1 -

**Deposition of Matthew L. Cate, August 29, 2008; September 12, 2008**

| DEPOSITION DESIGNATIONS | DEFENDANTS' OBJECTIONS | DEFENDANTS' COUNTER DESIGNATIONS |
|---|---|---|
| 90:14-92:5 | **90:14-91:4 -- Objections: As Stated in Transcript: Vague, Ambiguous, Calls for Speculation, Lack of Foundation.**<br>Q: What level of overcrowding do you believe would be necessary to fulfill this recommendation?<br>MR. MELLO: The recommendation is to reduce overcrowding.<br>Q: You could reduce it -- is it to reduce it by -- do you believe to reduce the number of people by one prisoner would fulfill the recommendation of the Expert Panel?<br>MR. MELLO: Objection. It's vague, ambiguous, it calls for speculation as to what the Expert Panel was thinking. It lacks foundation.<br>    You can answer it if you understand.<br>THE WITNESS: Reducing it by one inmate would meet the literal recommendation.<br><br>**91:10-22 -- Objections: As Stated in Transcript: Lack of Foundation, Calls for Speculation, Incomplete Hypothetical.**<br>MR. SPECTER: Q. Okay. So what's your goal in terms of the level of population that you want to reduce it to so that you can accomplish the things that you just mentioned?<br>MR. MELLO: That misstates his testimony, lacks foundation, and calls for speculation. It's an incomplete hypothetical.<br>THE WITNESS: I don't have -- my correctional experts have not provided me with a certain percentage that they think is absolutely necessary to -- in order to reach -- to reduce overcrowding to the extent that you could accomplish these. | 92:6-8; 93:3-18 |
| 93:3-7 | | 93:1-2; 93:7-19; 94:24-95:17 |
| 95:10-15 | | 94:11-95:9; 95:16-17 |
| 141:13-22 | ` | 140:21-141:23 |
| 142:4-15 | | |
| 161:2-9 | | |
| 161:16-18 | | |
| 162:23-163:1 | **162:12-163:1 -- Objections: Improper Lay Testimony; As stated in transcript -- Lack of Foundation, Calls for Speculation,** | 162:12-22; 163:2-8 |

- 2 -

| | DEPOSITION DESIGNATIONS | DEFENDANTS' OBJECTIONS | DEFENDANTS' COUNTER DESIGNATIONS |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | **Incomplete Hypothetical, Vague.** Q. Right. So is it your position as the secretary that the -- the population shouldn't be reduced to provide care in the interim between the time -- between now and the time he completes his turnaround plan? MR. MELLO: It lacks foundation, it calls for speculation. He's not an expert, so it's an incomplete hypothetical. I think it's vague as to what you're getting at. If you understand the question, go ahead and answer it. THE WITNESS: I think we need to reduce overcrowding, because it makes everything easier to do in a prison. It'll have the impact, I assume, of easing somewhat the Receiver's job. | |
| 4 | 174:4-6 | | |
| 5 | 174:10-16 | | 174:4-10; 174:17-175:11 |
| 6 | 174:21-175:11 | | |
| 7 | 175:14-176:19 | | 176:20-25 |
| 8 | 219:13-220:23 | | |
| 9 | 220:25-221:3 | | 220:24; 221:4-11 |
| 10 | 221:8-15 | | 221:15-18 |
| 11 | 250:14-251:22 | **250:14-251:10 -- Objection: Relevance -- Irrelevant to Phase I** Q. Okay. In terms of the level of crowding that exists today, did you discuss that with him at any point? MR. MELLO: Vague as to time. MR. SPECTER: I said, "at any time." That is not vague as to time. MR. MELLO: But today -- he is not speaking to Mr. Dunmoyer today. He can answer the question. MR. SPECTER: I understand. THE DEPONENT: Yes. BY MR. SPECTER: Q. And what were the nature of those discussions? A. We talked about the fact that the prison population had gone down slightly since the governor's emergency proclamation was issued, that the administration was concerned about the level of crowding and that it impacted our ability to provide, you know, effective -- to effectively administrate the prisons. It made everything more difficult. Q. Did that include -- did you discuss delivery of health care? | |

- 3 -

DEFS.' OBJECTIONS AND COUNTER DESIGNATIONS FOR MATTHEW CATE
(2:90-CV-00520 LKK JFM)(C01-1351 TEH)

1675897.3

| DEPOSITION DESIGNATIONS | DEFENDANTS' OBJECTIONS | DEFENDANTS' COUNTER DESIGNATIONS |
|---|---|---|
| | A. We didn't specifically.<br><br>**251:17-22 -- Objections: Relevance -- Irrelevant to Phase I; As stated in transcript -- asked and answered.**<br>Q. Okay. Did you ever tell Mr. Dunmoyer that -- did you ever express to him a level of overcrowding that you would like to reduce the population to?<br>MR. MELLO: Asked and answered.<br>THE DEPONENT: I did not give him a specific percentage that I wanted to reduce it to, no. | |
| 255:20-256:25 | | |
| 272:12-22 | **272:12-22 -- Objection: Relevance -- Irrelevant to Phase I**<br>Q. So has Susan Kennedy ever given you any direction about reducing the level of overcrowding?<br>A. Not that I recall.<br>Q. Have you ever expressed to her concern about the level of overcrowding?<br>A. Yes.<br>Q. What was -- and was that similar to what you said to Mr. Dunmoyer?<br>A. Before and after taking the job I have expressed my concern and she agreed with my -- that it is a concern, that it is something we have to work on. | |

1  DATED: November __, 2008              HANSON BRIDGETT LLP
2
3
                                         By: /s/ Paul B. Mello
4                                            PAUL B. MELLO
                                             Attorneys for Defendants
5                                            Arnold Schwarzenegger, et al.

6  DATED: November __, 2008              EDMUND G. BROWN JR.
                                         Attorney General of the State of California
7
8
                                         By: /s/ Kyle A. Lewis
9                                            KYLE A. LEWIS
                                             Deputy Attorney General
10                                           Attorneys for Defendants
                                             Arnold Schwarzenegger, et al.
11