| | |
|---|---|
| PRISON LAW OFFICE | ROSEN, BIEN & GALVAN, LLP |
| DONALD SPECTER, Bar No. 83925 | MICHAEL W. BIEN, Bar No. 96891 |
| STEVEN FAMA, Bar No. 99641 | JANE E. KAHN, Bar No. 112239 |
| ALISON HARDY, Bar No. 135966 | AMY WHELAN, Bar No. 215675 |
| SARA NORMAN, Bar No. 189536 | LORI RIFKIN, Bar No. 244081 |
| REBEKAH EVENSON, Bar No. 207825 | LISA ELLS, Bar No. 243657 |
| 1917 Fifth Street | 315 Montgomery Street, 10th Floor |
| Berkeley, CA  94710 | San Francisco, California  94104 |
| Telephone:  (510) 280-2621 | Telephone: (415) 433-6830 |
| | |
| KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP | BINGHAM, McCUTCHEN, LLP |
| JEFFREY L. BORNSTEIN, Bar No. 99358 | WARREN E. GEORGE, Bar No. 53588 |
| EDWARD P. SANGSTER, Bar No. 121041 | Three Embarcadero Center |
| RAYMOND E. LOUGHREY, Bar No. 194363 | San Francisco, California  94111 |
| 55 Second Street, Suite 1700 | Telephone: (415) 393-2000 |
| San Francisco, CA  94105-3493 | |
| Telephone:  (415) 882-8200 | |

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No.  Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' AMENDED WITNESS LIST FOR PHASE II** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

1    Pursuant to the Court's request at the Pretrial Conference, the following are plaintiffs'
2 witnesses for the week of December 2 in trial order, followed by short summaries of their
3 testimony. Because some of the witnesses are traveling from out of state, minor modifications
4 to the witness order might be necessary depending on the length of cross examinations;
5 plaintiffs will notify the Court and the parties as soon as possible if any modifications are
6 needed.

7    Plaintiffs have informed the intervenors and defendants that there will likely be open
8 time slots for testimony on Tuesday afternoon, December 2nd, after Dr. Haney's testimony,
9 and possibly on Wednesday afternoon, December 3rd, after the Phase I closing arguments. To
10 date, neither the intervenors nor defendants have responded that they will utilize that time.
11 Plaintiffs have done everything possible to attempt to fill the trial days and several witnesses,
12 including Dr. Haney, were able to cancel or change plans in order to fill the Court's available
13 trial days next week. The Court should require all parties to make best efforts to use the
14 available trial days next week. There is no reason, given the Court's direction, that parties
15 should wait to put on witnesses in any particular order.

<u>Tuesday December 2</u>
Dr. Craig Haney will be recalled for Phase II direct and cross examination.

<u>Wednesday December 3</u>
Defendants have requested that Doyle Wayne Scott be recalled for Phase II direct and cross examination. Plaintiffs disagree that he should be subject to recall. Should the Court determine that he will be heard, he will testify on Wednesday December 3.

<u>Thursday December 4</u>
Dr. James Austin
Dr. Barry Krisberg
Dr. Pablo Stewart will be recalled for Phase II direct and cross examination.

1 Ms. Jeanne Woodford will be recalled for Phase II direct and cross examination.

Friday December 5

Dr. James Gilligan

Dr. Jeffrey Beard will be recalled for Phase II direct and cross examination.

**Dr. Craig Haney**

Expert Report of August 15, 2007, Coleman Docket No. 3201, filed October 30, 2008.

    Dr. Haney will testify that no other relief will remedy the constitutional violations other than a reduction in the prison population.

**Dr. James Austin**

Expert reports of August 15, August 27, and September 25, 2008, filed on October 30, 2008 (Plata Docket Nos. 1714-2, 1714-3, and 1714-4). Dr. Austin does not expect to testify about the matters in his report of November 2007. However, his resume and qualifications are set forth in that November 2007 report, and so plaintiffs have provided the November 2007 report (Plata Docket No. 1714-5) for the court's convenience.

    Dr. Austin is a nationally-recognized criminologist who specializes in prison population issues. He will testify about methods by which California can reduce its prison population without adversely impacting public safety or the administration of criminal justice systems.

**Dr. Barry Krisberg**

Expert Report of August 15, 2008, Plata Docket No. 1700, filed October 30, 2008.

    Dr. Krisberg will testify that a population reduction can be accomplished in California prisons without an adverse effect on public safety. His testimony is based on his review of extensive data and research from numerous jurisdictions.

**Dr. Pablo Stewart**

Expert Report of November 9, 2007, Coleman Docket No. 3217, filed October 30, 2008. Supplemental Expert Report of August 15, 2007, Coleman Docket Nos. 3221 through 3221-2, filed October 30, 2008.

> Dr. Stewart will testify that no other relief will remedy the constitutional violations other than a reduction in the prison population. He will also testify that any reduction in the prison population must include at least a proportionate reduction in the mental health caseload in order to remedy constitutional violations, that such reductions can be done safely, and that the state would actually improve public safety if it provided additional resources for community services.

**Ms. Jeanne Woodford**

Expert Report of November 9, 2007, Plata Docket No. 1714-16, filed October 30, 2008.
Expert Report of August 15, 2008, Plata Docket No. 1714-15, filed October 30, 2008.

> Ms. Woodford is a former director of the California Department of Corrections and the former Chief Probation Officer of San Francisco. Ms. Woodford will testify based upon (a) her experience running the California prison system; (b) her 27 years of work in the California prison system, including serving as a warden of San Quentin; (c) her inspections of numerous California prisons; and (d) her review of extensive documentation regarding California prison conditions that no other relief will remedy the constitutional violations other than a reduction in the prison population and that the population can be reduced safely.

**Dr. James Gilligan**

Expert report of August 15, 2008, Plata Docket No. 1662, filed October 30, 2008, and Rebuttal Expert Report of August 27, 2008, Plata Docket No. 1663, filed October 30, 2008.

> Dr. Gilligan will testify that a prisoner release order that includes an incremental decrease in the length of stay and/or diversion of mentally ill offenders would not adversely impact public safety, but may improve public safety by ending the current churning of such

persons through short-term incarcerations from which they are released sicker than when they went in. Dr. Gilligan's testimony is based on (a) his 40 years of experience in correctional clinical psychiatry; (b) his extensive scientific research into the causes of violence and effective means of preventing violence in correctional and community settings; (c) his prior work in violence reduction among California correctional populations; (d) the scientific literature on the relationships between violence and mental illness; (e) his review of extensive documentary evidence, research, specialized studies by experts, and other materials regarding the California correctional, parole, and community mental health systems.

**Jeffrey Beard**

Jeffrey Beard, Ph.D is the Secretary of the Pennsylvania Department of Corrections. He is testifying as a non-retained expert. Based on over 30 years of correctional experience, Dr. Beard will testify that (1) reducing the prison population is essential to providing adequate health care, (2) the operable capacity of the state prisons is at or near 130% of design capacity, (3) the mortality rates of California prisoners do not prove whether the CDCR is providing adequate health care, and (4) the state cannot build its way out of the overcrowding crisis.

Dated: November 26, 2008

Respectfully submitted,

*/s/ Amy Whelan*
Amy Whelan
Rosen, Bien & Galvan
Attorneys for *Coleman* Plaintiffs and on
Behalf of *Plata* Plaintiffs