| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>E. IVAN TRUJILLO, Bar No. 228790<br>SARA NORMAN, Bar No. 189536<br>ALISON HARDY, Bar No. 135966<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>LISA ELLS, Bar No. 243657<br>MARIA V. MORRIS, Bar No. 223903<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 |
| K&L GATES LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111-5994<br>Phone - (415) 882-8200<br>Fax - (415) 882-8220 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>    Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

Plaintiffs submit the following objections to the trial affidavit of Robin Dezember, the Chief Deputy Secretary of Health Care Services at the California Department of Corrections and Rehabilitation, and defendants submit the following responses. In general, however, plaintiffs object that Mr. Dezember offers opinion testimony, as noted below, in violation of Fed. R. Evid. 701 since he has not been designated as an expert witness and, in any event, is not qualified to offer expert opinion testimony.

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| ¶ 11, Page 5, Lines 4-15. | Improper lay opinion re "fundamental requirements of an adequate mental healthcare service delivery system." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].").<br><br>Inadmissible legal conclusion re same. | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to the elements of an adequate health care system based upon his experience and education. | | |

-1-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| ¶ 18, Page 7, Lines 1-7. | Impermissible hearsay with respect to statements the Special Master allegedly made.<br><br>Improper lay opinion that "the Program Guide provides for the care of mentally ill inmates in a manner that comports with, if not exceeds, the Eighth Amendment and the care seen in correctional institutions in other states." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].").<br><br>Relevance. This Court has already ruled, twice, that any evidence offered for the purpose of proving that defendants' medical or mental healthcare systems are constitutionally adequate is irrelevant to these proceedings and must be presented to the underlying single judge in either the *Coleman* or *Plata* case. *See* 11/10/08 Pre-Trial Transcript at 28- | **Not Hearsay:** This statement is not offered to prove any truth.<br><br>**Proper Lay Opinion**: Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to the elements of an adequate health care system based upon his experience and education. In addition, the Coleman court has approved the Program Guide.<br><br>**Relevant:** This matter is relevant to the issue of whether the primary cause of any deficiencies in the mental health care system is overcrowding or another matter (such as management, uniform policies and procedures). | | |

[256764-1]

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

-2-

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| ¶ 26, Page 10, Lines 8-10. | Improper lay opinion re "CDCR has accomplished the establishment of an adequate mental health care delivery system by preparing, distributing, training, and implementing the approved Program Guide since 2006." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].").<br><br>Inadmissible legal conclusion re same.<br><br>Relevance. This Court has already ruled, twice, that any evidence offered for the purpose of proving that defendants' medical or mental healthcare systems are constitutionally adequate is irrelevant to these proceedings and must be presented to the underlying single judge in either the *Coleman* or *Plata* | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to the adequacy of the Program Guide and its implementation based upon his experience and education.<br><br>**Relevant:** This matter is relevant to the issue of whether the primary cause of any deficiencies in the mental health care system is overcrowding or another matter (e.g. training of clinicians). | | |

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| | case. *See* 11/10/08 Pre-Trial Transcript at 28-29:16-2; 11/18/08 Trial Transcript at 6-7:24-9. | | | |
| ¶ 31, Page 11, Lines 23-26. | Improper lay opinion that defendants have "obtained sufficient staffing to enable [] full implementation [of the Suicide Prevention Program]." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].". | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to the elements of an adequate health care system based upon his experience and education. | | |
| ¶ 43, Page 16, Lines 6-10. | Improper lay opinion that "the efficacy of this multi-disciplinary approach to suicide prevention is best evaluated over the course of years." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to the CDCR's approach to suicide prevention system based upon his experience and education. | | |

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| | Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].").  | | | |
| ¶ 47, Page 17, Lines 21-22. | Improper lay opinion that "CDCR has acted since 1990 and continues to act to present day with deliberation and care to reduce the suicide rate among the inmate population." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[]."). <br><br>Lack of personal knowledge as to the many years within this period when he was not employed by the CDCR. | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to occurrence of suicide within CDCR and the actions taken by CDCR to address the occurrence of suicide based upon his personal knowledge and upon his review of any records maintained by CDCR. | | |
| ¶ 49, Page 18, Lines 10-15. | Plaintiffs object to the statistics regarding mental health positions because the source is not provided and is not verifiable. <br><br>Lack of personal knowledge | Defendants offer to provide Plaintiffs with the source (State Controller's Office, CDCR Health Care) of those statistics. <br><br>**Proper Lay Opinion:** Mr. | | |

-5-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| | as to the many years within this period when he was not employed by the CDCR. | Dezember has many years of experience as a health care administrator within CDCR and is presently the head of the CDCR Correctional Health Care Division. As an administrator of Health Care, Mr. Dezember is qualified to speak to the number of mental health clinicians previously and presently employed by CDCR based upon his knowledge and his review of appropriate records. | | |
| ¶ 65, Page 22, Lines 3-11. | Improper lay opinion that the workload study "establishes accurate a formula [sic] for determining, at each prison site, the staffing levels needed for the delivery of mental health care services necessary to comport with the Program Guide" FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[]."). | **Proper Lay Opinion**: Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember oversaw the development of the workload study. He and his staff have worked closely with the Coleman Special Master on the workload study. | | |

-6-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| ¶ 66, Page 22, Lines 22-24. | Improper lay opinion that "additional headquarters staffing has made possible centralized oversight, direction and responsibility for a mental health care services [sic] delivered at each of the 33 CDCR institutions." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].").  | **Proper Lay Opinion**: Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to testify to the positive results of additional headquarters staffing under his leadership. | | |
| ¶ 67, Page 23-24, Lines 28-3. | Improper lay opinion that "the mental health services delivery system is now at a point at which its succession as well as success can be sustained." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of | **Proper Lay Opinion**: Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is qualified to speak to the elements of and longevity of an adequate health care system based upon his experience and education. | | |

-7-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| | which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[].").  | | | |
| ¶ 69, Page 23, Lines 11-15. | Improper lay opinion that the CDCR's "staffing actions reflect the kind of management attention to the issues of staffing the mental health services delivery system that shows deliberate interest in the care of the mentally ill inmate and in complying with the Program Guide standards."  FRE 701.  Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement.  *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[]."). | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems.  He is presently the head of the CDCR Correctional Health Care Division.  Mr. Dezember is qualified to speak to the staffing of the mental health care system to ensure compliance with the Program Guide standards based upon his experience and education. | | |
| ¶ 76, Page 26, Lines 24-28. | Improper lay opinion that the CDCR's EOP patients "are not housed within triple bunked gymnasiums or dayrooms…[and] are thus insulated from the impact, if any, of the overall crowding of CDCR housing facilities."  FRE 701.  Defendants also have not | **Proper Lay Opinion:** Mr. Dezember has many years of experience as an administrator within CDCR.  He is presently the head of the CDCR Correctional Health Care Division.  He has knowledge of the physical location of the housing and | | |

-8-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sus- tained | Over- ruled |
|---|---|---|---|---|
| | designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[]."). | treatment spaces for EOP patients. He may testify based upon that foundation. | | |
| ¶ 77, Page 27, Lines 1-4. | Improper lay opinion that "mentally ill inmates requiring inpatient care within a mental health crisis bed or an intermediate care bed are in mental health units separated from the general population of inmates and, due to licensure requirements, immune from triple bunking seen in gymnasiums and dayrooms." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert | **Proper Lay Opinion:** It is proper for a lay person to testify concerning matters within their perception and knowledge, such as the physical location of beds. Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is familiar with the physical location and licensure of mental health care beds within CDCR. | | |

-9-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]

| Affidavit Paragraph/Page/ Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| | testifying witness[].").  | | | |
| ¶ 104, Page 33-34, Lines 28-3. | Improper lay opinion as to whether the CDCR will "achieve full compliance with the Program Guides whether or not population growth continues." FRE 701. Defendants have not designated Mr. Dezember as an expert pursuant to FRE 702 and he is not qualified to make this statement. *See* 7/2/08 Court Order, *Plata* Docket 1294 (requiring disclosure of non-expert witnesses by 8/1/08); Defs' 8/1/08 Trial Witness List, a copy of which is attached hereto (disclosing Mr. Dezember as a "non-expert testifying witness[]."). | **Proper Lay Opinion:** Mr. Dezember has many years of experience as a health care administrator within CDCR and as a consultant to other correctional health care systems. He is presently the head of the CDCR Correctional Health Care Division. Mr. Dezember is responsible for CDCR Health Care's compliance with the Program Guide and is familiar with CDCR population trends. He may testify based upon that foundation. | | |

Dated: November 24, 2008                                    Respectfully submitted,


                                                                            */s/ Amy Whelan*
                                                                            Amy Whelan
                                                                            Rosen, Bien & Galvan
                                                                            Attorneys for *Coleman* Plaintiffs and on
                                                                            Behalf of *Plata* Plaintiffs

Dated: November 26, 2008                                    Respectfully submitted,


                                                                            */s/ Lisa Tillman*
                                                                            Lisa Tillman
                                                                            Deputy Attorney General
                                                                            Attorneys for *Coleman* Defendants

-10-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF ROBIN DEZEMBER AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256764-1]