PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO REPORTS OF DR. IRA PACKER, AND DEFENDANTS' RESPONSES THERETO** |

NO. CIV S 90-0520 LKK-JFM PPLAINTIFFS' OBJECTIONS TO REPORTS OF DR. IRA PACKER, AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256779-1]

The Parties submit the following statement of objections and responses to three of the four reports of Defendants' expert, Dr. Ira Packer, dated: December 10, 2007 (Exhibit D-1019); August 15, 2008 (Exhibit D-1020); and October 1, 2008(Exhibit D-1021).

**Expert Report of Dr. Ira K. Packer, December 10, 2007**

| Disputed Language | Objection | Response |
|---|---|---|
| p. 16, lines 18-24[1]: reliance on the percent of persons in Reception Centers in need of mental health care in comparison with persons in the prison system | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation: This reliance on a comparison without other considerations is inherently unreliable. No reliable foundation established for the data used in the comparison. | Statements are made based upon professional evaluation and personal observations of the expert witness and are the appropriate bases of opinion testimony by experts. (Fed. R. Evid. 703.) Further investigation regarding the supporting methodology or statistics, if desired, can be performed during examination of the witness at trial. |
| p. 16, lines 24-27: "This is also consistent with my experiences in the reception facilities . . . that the inmates entering the prison system are likely to have a higher prevalence of acute mental illness." | Improper methodology and insufficient facts or data (F.R.E.702),Mischaracterization of evidence, lack of foundation: Dr. Packer is equating requiring mental health services with "acute mental illness," without information regarding whether the statements regarding persons requiring mental health services are limited to persons with acute mental illness. | Statements are made based upon professional evaluation and personal observations of the expert witness and are the appropriate bases of opinion testimony by experts. (Fed. R. Evid. 703.) Further investigation regarding the supporting methodology or statistics, if desired, can be performed during examination of the witness at trial. |
| p. 17, lines 2-11: There is a category called "medical necessity" which refers to individuals who do not meet | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value: Dr. | Statements are made based upon personal observations of the expert witness and are the appropriate bases of |

---

[1] All line numbers refer to lines of text, including headings. Blank lines are not included in the count.

-1-
PLAINTIFFS' OBJECTIONS TO REPORTS OF DR. IRA PACKER, AND DEFENDANTS' RESPONSES THERETO, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256779-1]

| Disputed Language | Objection | Response |
|---|---|---|
| the diagnostic criteria for CCCMS or EOP but who require mental health services. This includes individuals who experience symptoms in response to the stressors in their environment (e.g., adjustment disorders). Over the course of all of my tours, I asked staff about this issue and was repeatedly told that although there are some individuals in all the caseloads who fit in this category. . ., this is a small percentage of the caseload. Thus, although for certain individuals the stresses of overcrowding lead to need for mental health services, this is not the primary factor impacting on the size of the *Coleman* class. | Packer states that "a small percentage" of the mental health caseload are people who experience symptoms in response to environmental stressors, but provides no information about what this percentage is, whether it differs from institution to institution, or how the staff making these statements determine this. There is no basis for Dr. Packer to use this unquantified statement to make the assertion that the stresses of overcrowding are not the primary factor impacting the size of the Coleman class. | opinion testimony by experts. (Fed. R. Evid. 703.) Further investigation regarding the supporting methodology, statistics or assertions made in the expert report, if desired, can be performed during examination of the witness at trial. |
| p.21, lines 25-26, re reception centers: "it is reasonable to believe that an increase in releases might increase recidivism rates" | Lack of foundation, improper expert opinion (F.R.E. 702): Dr. Packer provides no basis for this assertion, and it is not within his expertise. | The rates of recidivism among convicted felons released from prison are types of information commonly relied upon by experts in the correctional field. (Fed. R. Evid. 703.) Further investigation regarding the supporting methodology, statistics or assertions made in the expert report, if desired, can be performed during examination of the witness at trial. |

-2-
PLAINTIFFS' OBJECTIONS TO REPORTS OF DR. IRA PACKER, AND DEFENDANTS' RESPONSES THERETO, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256779-1]

**Addendum to Expert Report of Dr. Ira K. Packer, August 15, 2008**

| Disputed Language | Objection | Response |
| --- | --- | --- |
| p. 8, lines 21-24, re Adequate numbers of clinical staff: "it appears that most contractor staff were not transient, but stayed for a significant period of time.  Indeed, the Chief Psychiatrist at that facility is a contractor himself, has been there for a while, and explained that there is often no difference in quality or commitment between state employees and contract staff . . . ." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation:<br>Dr. Packer does not indicate the source of his information, other than the statements of a contract psychiatrist.  None of the documents reviewed by Dr. Packer provide the information in Dr. Packer's report.<br><br>A statement by a contract psychiatrist that contract employees are just as good as state employees is inherently unreliable. | Statements are made based upon the professional evaluation and perceptions of the expert witness and are the appropriate bases of opinion testimony by experts.  (Fed. R. Evid. 703.)  Further investigation regarding the supporting methodology, statistics or assertions made in the expert report, if desired, can be performed during examination of the witness at trial. |

**Addendum to Expert Report of Dr. Ira K. Packer, October 1, 2008**

Plaintiffs re-assert their objection to this untimely report.  Expert reports were due on August 15, 2008, and rebuttal reports were due on August 27, 2008.  Dr. Packer's October 1, 2008 report was produced 5 weeks late.

**Defendants' Response Regarding Timeliness of the October 1, 2008 Report**

The Three Judge Court has already overruled this objection.  Dr. Packer's October 1, 2008 report relied upon information that was not in his possession at the time he drafted the report and was timely produced under the Federal Rules of Civil Procedure.  Plaintiffs were

///
///
///
///
///
///

-3-
PLAINTIFFS' OBJECTIONS TO REPORTS OF DR. IRA PACKER, AND DEFENDANTS' RESPONSES THERETO, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256779-1]

permitted to question Dr. Packer regarding his rebuttal report at deposition and have not suffered prejudice as a result of the October 1, 2008 production date.

Dated:  November 25, 2008 Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Maria V. Morris*
Maria V. Morris
Attorney for *Coleman* Plaintiffs

Dated:  November 26, 2008 By: */s/ Kyle Lewis*
Kyle Lewis
Deputy Attorney General
Attorney for *Coleman* Defendants

-4-
PLAINTIFFS' OBJECTIONS TO REPORTS OF DR. IRA PACKER, AND DEFENDANTS' RESPONSES THERETO, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256779-1]