PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants

No. Civ S 90-0520 LKK-JFM P
**THREE-JUDGE COURT**

MARCIANO PLATA ,et al.,
Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

No. C01-1351 TEH
**THREE-JUDGE COURT**

**PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO**

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

Dr. David Thomas has submitted three expert reports in this action, as follows:

- Report of David L. Thomas, MD JD, November 9, 2007 ("Report One")
- Report of David L. Thomas, MD JD, Addendum to Statement of Opinions and of the Bases and Reasons Therefor (Undated) ("Report Two")
- Report of David L. Thomas, MD JD, Addendum II to Statement of Opinions and of the Bases and Reasons Therefor (Undated) ("Report Three")

Plaintiffs submit the following objections to the three expert reports submitted by defendants' expert David Thomas, M.D., and defendants submit the following responses.[1]

## REPORT ONE

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Pages 7, line 16 18, page 8, line 1<br><br>"Many institutions in very fine systems use a concept known as "hot bunking". In those facilities, inmates have use of their bunk for a specified period of each day and then must relinquish them to another prisoner." | Lacks foundation. Dr. Thomas's expertise in correctional medicine does not qualify him to opine on the housing practices of unnamed correctional systems. | Adequate foundation exists. Dr. Thomas has held numerous executive level positions within the Florida Department of Corrections, is also a Professor and Chairman of the Division of Correctional Medicine for Nova Southeastern University, and has held positions with national correctional organizations, such as the National Commission of Correctional Health | | |

[1] All line numbers refer to lines of text, including headings. Blank lines are not included in the count.

-1-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | Care, for which he was a surveyor. Through his extensive experience, he is able to speak to general housing practices in correctional systems. (See Report 1, page 2) | | |

## REPORT TWO

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 9, lines 19 -20, Page 10 lines 1-2<br><br>"All providers felt their interactions with inmates were as good or better than in the community and with the recent increase in resources the follow-up by individual providers is better than in most correctional systems." | Lacks foundation. Dr. Thomas provides no basis for his assertion that "all" CDCR providers felt their interactions with inmates were as good or better than in the community, and that they believed their follow-up by individual providers is better than in most correctional systems. | Adequate foundation exists. Dr. Thomas' assertion is based, among other things, on his observations from his site visits. (See Report 2, page 1, paragraph 1.) | | |

## REPORT THREE

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 3, lines 12-15<br><br>"That is, one hundred per cent of all personnel felt there was adequate commitment adequate resources, and adequate ability to provide a | Lacks foundation. Dr. Thomas provides no basis for his assertion that "one hundred per cent of all personnel" felt that there was | Adequate foundation exists. Dr. Thomas' assertion is based, among other things, on his observations and interviews from his site visits. (See | | |

-2-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Constitutional level of health care." | adequate commitment, adequate resources, and adequate ability to provide a constitutional level of care. | Report 3, page 3 at paragraph 5.) | | |
| Page 4, lines 17-20<br><br>"Each and every officer in all housing areas of every institution visited knew immediately where the requests were, how the inmates accessed them and where they were distributed." | Lacks foundation.<br>Dr. Thomas provides no basis for his conclusion that "each and every officer" in all housing areas of every institution visited knew where health care requests were, how inmates accessed them, and how they were distributed. | Adequate foundation exists. Dr. Thomas' assertion is based, among other things, on his observations and interviews from his site visits. (See Report 3, page 4 at paragraph 7.) | | |
| Page 6, lines 15-19<br>Page 7, lines 1-2<br><br>"When I was responsible for health care delivery in Florida (the fourth largest system in the country) a quality management study was undertaken at my behest. It indicated that more than sixty per cent of our inmates received their first significant health care services in an incarcerated setting. (A "Significant health care service" was defined as any surgical procedure or a prescription that was filled (not necessarily taken)). | Lacks foundation.<br>Dr. Thomas's experience in Florida does not qualify him to compare the relative health of California state prisoners to prisoners in all other prison systems throughout the country. | Adequate foundation exists. Dr. Thomas has held numerous executive level positions within the Florida Department of Corrections, is also a Professor and Chairman of the Division of Correctional Medicine for Nova Southeastern University, and has held positions with national correctional organizations, such as the National Commission of | | |

-3-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| California inmates are no more ill than inmates throughout the country's prison system." | | Correctional Health Care, for which he was a surveyor. Through his extensive experience, he is able to speak to the conditions in the Florida correctional system. (Report 1, page 2). He has specific knowledge of California's system through site visits and his review of numerous documents, including the Receiver's reports and the site visit reports prepared by Plaintiffs' counsel. (Report 1, pages 3-5 at paragraph 5.) Through his knowledge and expertise, he can compare and opine on California's and other correctional systems. | | |
| Page 7, lines 18-20<br><br>"There were economic incentives of the employees not to become state personnel because of their "registry" contract permits the reimbursement of housing and transportation expenses." | Lacks foundation. Dr. Thomas offers no testimony that he reviewed the registry contracts at issue, or had any other basis for the information stated. | Adequate foundation exists. Dr. Thomas has reviewed many documents which provides basis for his knowledge regarding registry contracts. (See e.g. Report 1, pages 3-5 at paragraph 5). | | |

-4-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 9, lines 3-5<br><br>"This sort of dedication to the medical mission was unheard of in California (except in very isolated areas) prior to three years ago." | Lacks foundation. Dr. Thomas was engaged as an expert in this action in October 2007, and offers no basis for drawing conclusions about the dedication of CDCR staff more than three years ago. | Adequate foundation exists. Dr. Thomas has reviewed many documents which provides basis for his knowledge regarding CDCR's delivery of medical care and CDCR medical staff prior to October 2007. (See e.g. Report 1, pages 3-5 at paragraph 5). | | |
| Page 10, lines 10-14<br><br>"Other physician providers complained that as nurses were trained they would be moved to another area of the facility. This caused the physician to have to retrain a new set of nurses. While this provider complained of several other issues like this, none of them were related to prisoner population." | Cumulative. This passage reproduces verbatim the Dr. Thomas's testimony in his first Addendum at page 3, lines 15-19. | Not cumulative. While similar language exists in both reports, both reports cover separate and distinct site visits. Therefore, the evidence is not cumulative. (See e.g. Report 3, Page 1, paragraph 1 and Report 2, page 1, paragraph 1.) | | |
| Page 10, lines 19-20<br>Page 11, lines 1-11<br><br>"Many nurses were asked their opinion concerning the medical care in the California Department of Corrections and Rehabilitation. They ranged from nurses who had been there for a year to nurses who had been employed for the majority of their career. No nursing provider pointed | Cumulative; misleading. This passage should be stricken as it is virtually identical to Dr. Thomas's first Addendum at page 4, lines 1-14.<br>The passage is misleading in that it suggests that Dr. Thomas had this same conversation | While similar language exists in both reports, both reports cover separate and distinct site visits. Therefore, the evidence is not cumulative. (See e.g. Report 3, Page 1, paragraph 1 and Report 2, page 1, paragraph 1.) | | |

-5-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| to overcrowding as an issue in the delivery of medical care. Indeed most of the comments were typified by one nurse who stated: "these inmates are very lucky. I don't get are [sic] as good as they get." She went on to describe some of her problems in accessing care and some of the advantages of the incarcerated population. Another stated that the care was ". . . . good and getting better." She went on to claim that she had practiced in the Department for more than two decades and there had been significant problems, but she felt that in the last year it was clear that medical had undergone significant changes and " . . . was moving in the right direction." | with several nurses. | | | |
| Page 12, lines 1-10<br><br>"in the past security services dominated the prison system and program services existed only at the whim of security services. This unbalanced condition led to the "learned helplessness" of all program staff. Indeed another expert who ran the system commented that there was a lack of leadership and a lack of organization that came | Cumulative. This passage reproduces verbatim the Dr. Thomas's testimony in his first Addendum at page 5, lines 3-12. | While similar language exists in both reports, both reports cover separate and distinct site visits. Therefore, the evidence is not cumulative. (See e.g. Report 3, Page 1, paragraph 1 and Report 2, page 1, paragraph 1.) | | |

-6-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| about because of the culture of the system. The Receiver has been able to cut through this learned helplessness and empower the health care staff outside the traditional correctional organization. This empowerment of staff is the crux of having a constitutional level of health care in the California Department of Corrections and Rehabilitation. | | | | |
| Page 12, lines 11-19<br><br>is important to address the opinion of others who feel the problem will resolve by reducing the number of inmates in the system. It is intuitively obvious that if there are only one inmate per prison then the tasks of the staff are easier than if there are thousands. However, one must recall that program services, and medical services, had been denigrated for years by a distant subservience to security staff and the learned helplessness of repeated frustration. Given this unbalanced culture, no assurance can be made that without a change in the culture there would be a constitutional level of care even in the absurd situation of one inmate per facility. | Cumulative. This passage reproduces verbatim the Dr. Thomas's testimony in his first Addendum at page 5, lines 13-19 and page 6, lines 1-2. | While similar language exists in both reports, both reports cover separate and distinct site visits. Therefore, the evidence is not cumulative. (See e.g. Report 3, Page 1, paragraph 1 and Report 2, page 1, paragraph 1.) | | |

-7-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 13, lines 15-18<br><br>"Although the thrust of the current case is not psychological health, it appeared as though access to mental health care was readily available throughout the course of this site visit as an incidental observation and during chart reviews." | Lacks foundation; beyond the expertise of the witness. Dr. Thomas is not offered as an expert in the area of mental health. | | | |
| Page 15, lines 8-12<br><br>"In my experience in both Viet Nam and in Residency training at a powerful American university program space was as difficult and medical accommodations were as challenging as the California Department of Corrections and Rehabilitations, yet superb care was delivered." | Irrelevant. Dr. Thomas's experiences in non-correctional settings is irrelevant to whether overcrowding causes unconstitutional medical care in California state prisons. | Relevant. Dr. Thomas' experience in non-correctional settings are relevant to demonstrate that adequate, if not superb care can be delivered even with space constraints. (Report 3, page 15, paragraph 28). | | |
| Page 16, lines 3-12<br><br>From my six year service on the Commission on Accreditation for Corrections of the American Correctional Association, as Chairman of that body for two years, and my service as a surveyor for the National Commission of Correctional Health Care, I have personally witnessed | Cumulative. This passage reproduces verbatim the Dr. Thomas's testimony in his first Addendum at page 8, lines 1-9. | Not cumulative. While this language is similar in both reports, it is included for necessary context without requiring reference to the previous report. | | |

-8-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| health services delivered in extremely overcrowded conditions that comports to all standards of constitutional correctional care. These overcrowded conditions existed both in individual prison sites as well as system wid. In spite of the overcrowded conditions, quality, timely, appropriate, Constitutional medical services were provided. | | | | |
| Page 20, lines 4-5<br><br>"All providers felt their interactions with inmates were as good as or better than in the community." | Lacks foundation. Dr. Thomas provides no basis for concluding that "all" providers felt a certain way about their interactions with inmates. | Adequate foundation exists. Dr. Thomas' assertion is based on his observations and interviews from his site visits. (See Report 3, page 20 at paragraph 36 and page 1, paragraph 1.) | | |
| Page 20, line 19,<br>Page 21, lines 1-2<br><br>"The large numbers of resources and personnel the Receivers and their teams has added have permitted real continuity of care with individual providers, an unusual situation in most correctional systems." | Lacks foundation. Dr. Thomas provides no basis for his conclusion that CDCR's resources permit "real continuity of care with individual providers." | Adequate foundation exists. Dr. Thomas conclusion is based upon his direct observations and expertise. Specifically, he observed and noted specifics regarding certain institutions during his site visits. (See Report 3, page 20, paragraph 37). | | |

-9-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

Dated: November 25, 2008

Respectfully submitted,

*/s/ Alison Hardy*

Alison Hardy
Attorneys for *Coleman* Plaintiffs and on Behalf of *Plata* Plaintiffs

Dated: November 26, 2008

Respectfully submitted,

*/s/ Paul Mello*

Paul Mello
Hanson Bridgett
Attorneys for Defendants

-10-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DAVID THOMAS, M.D., AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]