PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1776636.1
12/3/08

Matthew Cate has submitted a trial affidavit, dated September 15, 2008. Plaintiffs submit the following objections to this affidavit, and defendants submit the following responses.

| Affidavit Page and location | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 3:23-24:<br><br>"CDCR has made significant improvements in the delivery of mental health care to its inmates" | Vague as to time. Foundation. | Not vague as to time or foundation. Mr. Cate has been the Secretary of CDCR since May 16, 2008 and has responsibility and oversight for CDCR's overall operations. (Cate affidavit, 2:6-7.) CDCR is responsible for the provision of mental health care to inmates. (*Id.* at 3:21-22.) | | |

| Affidavit Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 12:12-14:<br><br>"As Secretary of the CDCR, my understanding is that the delivery of medical care to inmates has improved significantly." | Foundation. Hearsay. Expert opinion from percipient witness. The witness' understanding is irrelevant. | There is adequate foundation. Mr. Cate has been the Secretary of CDCR since May 16, 2008 and has responsibility and oversight for CDCR's overall operations. (Cate affidavit, 2:6-7.) CDCR has the responsibility to coordinate and cooperate with the Receiver's efforts to deliver medical care | | |

-1-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1776636.1
12/3/08

[256285-1]

| Affidavit Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | to inmates. (*Id.* at 12:8-12.) | | |
| | | The statement is not hearsay. In his capacity as Secretary, Mr. Cate has direct understanding of these matters. To the extent he receives updates from his staff to form this understanding, it is not offered for the truth of the matter asserted but to demonstrate the Secretary's knowledge and state of mind. | | |
| | | The testimony is not expert opinion testimony. This testimony is rationally based on his understanding and perception as Secretary of CDCR. As a result, it is proper lay witness testimony. | | |
| | | The testimony is relevant to show that in light of the present state of the inmate population, medical care has improved. Due to such progress, overcrowding is not | | |

-2-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1776636.1
12/3/08

[256285-1]

| Affidavit Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | the primary cause of the violations at issue in the *Plata* case.  It is also offered to show that there are alternatives to a prisoner release order which can result in adequate medical care. | | |

-3-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1776636.1
12/3/08
[256285-1]

| Affidavit Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 12:18-22:<br><br>"In the past 13 years, CDCR has made tremendous improvements in the provision of [mental]health care to inmates.[1] The include developing and implementing a uniform set of system-wide policies and procedures, hiring qualified clinicians and other staff, and providing segregated housing to mentally ill inmates who need enhanced outpatient care or higher." | Foundation in that Mr. Cate has been Secretary on since May 15, 2008. Hearsay. Expert opinion from percipient witness. | There is adequate foundation. Mr. Cate has been the Secretary of CDCR since May 16, 2008 and has responsibility and oversight for CDCR's overall operations. (Cate affidavit, 2:6-7.) CDCR is responsible for the provision of mental health care to inmates. (*Id.* at 3:21-22.) Despite being Secretary since May 2008, he has independently obtained requisite knowledge to compare the state of CDCR's delivery of care prior to his appointment as Secretary. As explained in the preceding sentence, Secretary Cate has become familiar with the improvements and milestones met by CDCR. (*Id.* at 12:16-18.)<br><br>The statement is not hearsay. In his | | |

---

[1] Defendants added the bracketed language to insert an omitted word from the quoted portion of Secretary Cate's trial affidavit.

-4-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1776636.1
12/3/08
[256285-1]

| Affidavit Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| | | capacity as Secretary, Mr. Cate has direct understanding of these matters. To the extent he receives updates from his staff to form this understanding, it is not offered for the truth of the matter asserted but to demonstrate the Secretary's knowledge and state of mind.<br><br>The testimony is not expert opinion testimony. This testimony is rationally based on his understanding and perception as Secretary of CDCR. As a result, it is proper lay witness testimony. | | |

-5-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1776636.1
12/3/08

[256285-1]

| Affidavit Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 12:26-13:2:<br><br>"Through my participation in [the] Association [of State Correctional Administrators] I have learned that many state's correctional directors have experienced crowding problems, which they have attempted to address with various tools from additional capacity to out-of-state transfers." | Hearsay. | The statement is not hearsay. In his capacity as Secretary, Mr. Cate has learned these matters. To the extent he receives updates from fellow state correctional directors to form this understanding, it is not offered for the truth of the matter asserted but to demonstrate the Secretary's knowledge and state of mind. | | |

Dated:  December 5, 2008              Respectfully submitted,

  */s/ Steven Fama*
  Steven Fama
  Attorneys for *Coleman* Plaintiffs and on
  Behalf of *Plata* Plaintiffs

Dated:  December 5, 2008              Respectfully submitted,

  */s/ Paul Mello*
  Attorney for Defendants

-6-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF MATTHEW CATE, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH