PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]    1778038.1    12/4/08

Dr. James Marquart has submitted three expert reports in this action, dated August 15, 2008, August 27, 2008 and September 22, 2008. Plaintiffs submit the following objections to the three expert reports submitted by defendants' expert Dr. James Marquart, and defendants submit the following responses.

**I. September 22, 2008 Report**

Plaintiffs' Objection

Plaintiffs object to Dr. Marquart's September 22, 2008 Report. Pursuant to this Court's order, expert reports were due on August 15, 2008, and rebuttal reports were due on August 27, 2008. July 2, 2008 Scheduling Order (*Plata* Docket No. 1294) at 3. Dr. Marquart submitted a timely August 15 expert report, and on August 27, 2008, he submitted a timely rebuttal report which sought to rebut the reports of plaintiffs' experts. Then, on September 22, 2008, Dr. Marquart submitted yet another report purporting to rebut the August 15 reports of plaintiffs' experts, but called this second rebuttal report a "supplemental" report. Every topic that Dr. Marquart addresses in his September 22, 2008 report was a topic addressed in plaintiffs' experts' August 15, 2008 reports, as described in detail in Plaintiffs' Motion in Limine No. 2 (*Plata* Docket No. 1590 at 2).

Dr. Marquart did not obtain any new evidence that would justify labeling his September 22nd report as "supplemental" pursuant to Fed. R. Civ. P. 26(e). Every document that Dr. Marquart reviewed for his September 22 report (with the exception of one newspaper article) predates his August 27, 2008 rebuttal report.

Supplemental reports are proper as a means of "correcting inaccuracies, or filling in the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Paugh v. Ottman, et al.,* No. 07-39, 2008 WL 2704561, at *2 (D. Idaho 2008) *quoting Keener v. United States*, 181 F.R.D. 639, 640 (D.Mont.1998). But supplemental disclosures "are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th

-1-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1778038.1
12/4/08

[256285-1]

Cir. 1998) (excluding late report). "There is not a true supplementation when there is a 'dramatic, pointed variation' between the supplementation and the original, and the information relied on in the supplementation was available at the time of the original report. *Paugh*, *supra*. Expert reports should be excluded where , as here, "[t]here is no reason the opinions stated in the supplemental report could not have been stated in the original report in compliance with Court established deadlines and Rule 26." *Brown v. Coleman Co., Inc.,* No. 06-403, 2007 WL 4707072, at *2  (D.N.M. 2007) (excluding expert report). *See also Schweizer v. DEKALB Swine Breeders, Inc.,* 954 F. Supp. 1495, 1510 (D. Kan. 1997) (excluding report where "there is no reason the opinions expressed in the [untimely report] could not have been stated earlier, at a time in compliance with the revised scheduling order and Fed. R. Civ. P. 26.")

Defendants do not contend that the September 22, 2008 report  was necessary to correct inaccuracies in the August 15 or 27 reports, nor do they contend that the August 15 and 27 reports were incomplete because of some information not available at the time.  Instead, they rationalize the production of the September 22, 2008 report in two ways, neither of which justifies the late report:

1) Defendants contend that the September 22 Report is proper because it "fill[s] gaps" and "clarif[ies]" information in Dr. Marquart's August 15 and 27 reports.  Def Opp to MIL No. 2, *Plata* Docket No. 1619 at 3.  But the September 22, 2008 report sets forth 20 pages of new analysis and charts, all of which purports to rebut plaintiffs' August 15, 2008 reports, and all of which are based on information in the possession of Defendants and available to Dr. Marquart at the time of his August 27 rebuttal report.  The September 22, 2008 report is not a supplement, it is an unauthorized late report.  Allowing the introduction of this report renders meaningless any deadlines for filing expert reports.

2) Defendants also argue that the tardiness of the September 22 report should be excused because Dr. Marquart lives in Texas, and was impacted by Hurricane Ike. Marquart Dec. ISO Def Opp to MIL No. 2, *Plata* Docket No. 1620 at 2.  But Hurricane Ike made landfall in Texas on September 13, 2008.  *See* http://coastal.er.usgs.gov/hurricanes/ike/index.html (U.S.

-2-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1778038.1
12/4/08

[256285-1]

Geological Service) (site last visited Dec. 12, 2008).  The hurricane could not possibly have impacted Dr. Marquart's ability to provide a complete and timely rebuttal report on August 27, 2008, two weeks before the hurricane actually hit Texas.

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  This particular subsection of Rule 37, which was implemented in 1993, "is a recognized broadening of the sanctioning power [citation omitted]" in the prior rule.  *Yeti by Molly LTD, et al. v. Deckers Outdoor Corp., et al.,* 259 F.3d 1101, 1106 (9th Cir. 2001).  Bad faith or willfulness is not required for expert testimony to be excluded pursuant to Rule 37(c)(1).  *Id.*  Moreover, the Rule 37(c)(1) sanction is "self-executing" and "automatic," and the burden to prove substantial justification or harmlessness is on the party facing sanctions.  *Id.* at 1106-07.

The only way to ensure fairness and consistency in a complicated, multi-party case such as this one is to bind all of the parties to the exact same deadlines and standards.  Any other rule would invite chaos, and prejudice plaintiffs, who have followed the court's scheduling order.  The late report should be excluded.

Defendants' Response

This matter has been fully briefed and this Court has denied Plaintiffs' request to exclude Dr. Marquart's September 22, 2008 report.  The Court should affirm its ruling.

Plaintiffs' filed their Motion in Limine no. 2 concerning this precise topic and containing the same arguments expressed in Plaintiffs' objections noted above.  (*See Coleman* and *Plata* Plaintiffs' Motions in Limine 1-5, *Plata* Dock. No. 1590, filed 10/20/08 at 1:13-4:25.)  Defendants filed an Opposition to Plaintiffs' Motion in Limine no. 2.  (*See* Defendants' Opposition to Plaintiffs' Motion in Limine No. 2, *Plata* Dock. No. 1619, filed 10/30/08.)  The Court held a pretrial conference on November 10, 2008 and denied Plaintiffs' Motion in Limine No. 2.  (*See* Decl. of Paul B. Mello In Support of Defendants' Responses to Plaintiffs'

-3-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1778038.1
12/4/08
[256285-1]

Objections to Marquart Reports at ¶ 2, Ex. A.)

The Court should affirm its ruling and overrule Plaintiffs' objection. Defendants' incorporate its Opposition to Plaintiffs' Motion in Limine No. 2 in full for this response.

**August 15 and 27, 2008 Reports**

Plaintiffs' Objections

Plaintiffs object to Heading A, pages 6-12, of Dr. Marquart's August 15, 2008 Expert Report, and Page 1, ¶3(a) of Dr. Marquart's August 27, 2008 Rebuttal Report. Those sections of his reports relate solely to the Phase I issue of whether crowding is the primary cause of the constitutional violations, and are irrelevant to Phase II issues. Since Dr. Marquart was not offered during Phase I of the trial, and was not cross examined about these matters, the identified sections of his reports should be stricken. Defendants have made the same argument to strike portions of Dr. Austin's expert reports that relate to Phase I issues, and the rule should be applied uniformly to all parties. *See* Def's Mot. To Strike, Dec. 1, 2008 (*Plata* Docket No. 1865).

Defendants' Response

Plaintiffs object to Heading A, pages 6-12 of Dr. Marquart's August 15, 2008 Expert Report and Page 1, ¶3(a) of Dr. Marquart's August 27, 2008 Rebuttal Report ("challenged portions"). Plaintiffs filed a motion to strike these same challenged portions on December 4, 2008 on the same grounds expressed above in these objections. (*See* Mot. to Strike Portions of Expert Reports of James Marquart, *Plata* Dock. No. 1882.) Defendants will be filing an opposition to this motion today.

Defendants do not offer any of the challenged portions as part of their case-in chief for phase I of these proceedings. Defendants offer the challenged portions from these reports for phase II rebuttal purposes. Several of Plaintiffs' witnesses, including Dr. Austin, have testified in their reports or on examination essentially that crowding causes violence and violence impedes the delivery of medical and mental health care. This line of facts and reasoning might

-4-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

be argued to support the concept that no relief other than a prisoner release order can solve the alleged deficiencies in prison medical and mental health care. Dr. Marquart's report breaks an essential link in that argument.

Because the challenged portions are relevant to phase II, Defendants request that this Court overrule Plaintiff's objections concerning these challenged portions.

Dated:  December 5, 2008                                Respectfully submitted,

                                                        */s/ Rebekah Evenson*
                                                        Rebekah Evenson
                                                        Attorneys for *Coleman* Plaintiffs and on
                                                        Behalf of *Plata* Plaintiffs


Dated:  December 5, 2008                                Respectfully submitted,

                                                        */s/  Paul B. Mello*
                                                        Paul B. Mello
                                                        Hanson Bridgett, LLP
                                                        Attorney for Defendants

-5-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORTS OF DR. JAMES MARQUART, AND DEFENDANTS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1778038.1
12/4/08

[256285-1]