PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA  94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' AND DEFENDANTS' JOINT FILING REGARDING PHASE I TRIAL EXHIBITS** |

Pursuant to this Court's oral ruling at trial on November 21, 2008 to file a joint statement regarding remaining disputes as to Plaintiffs' and Defendants' Phase I trial exhibits, the parties submit the following joint statement. The parties conducted additional meet and confer sessions and this filing contains only the remaining disputes. Section I of this statement addresses remaining disputes as to Plaintiffs' trial exhibits and Section II contains remaining disputes as to Defendants' trial exhibits. The parties will meet and confer regarding Phase II exhibits soon and will submit a joint filing regarding remaining disputes, if any, in the near future.

## I.    REMAINING DISPUTES REGARDING PLAINTIFFS' TRIAL EXHIBITS

The parties were unable to resolve Defendants' objections to 77 of Plaintiffs' Phase I trial exhibits. Attached hereto as **Appendix A** is a true and correct copy of a spreadsheet which describes each disputed exhibit along with Defendants' objections, Plaintiffs' responses and Defendants' replies.

### A.    PLAINTIFFS' LEGAL ARGUMENTS

#### 1.    Defendants' Continuing Assertions of Relevance Flatly Ignore This Court's Ruling

Despite the fact that this Court clearly denied all pending relevance objections with prejudice on November 21, 2008, Defendants continue to assert relevance objections with respect to the majority of the disputed trial exhibits. See 11/21/08 Trial Transcript at 651:18-21 ("Objections based on relevance, as well as those based on cumulativeness, are denied with prejudice."). Many of these documents are monitoring documents submitted by Defendants to Plaintiffs and the Special Master that directly address the connection between overcrowding and the ongoing violations of Plaintiffs' rights. *See, e.g.*, P-509, P-511, P-522. Others are Senate Committee Agendas recognizing the overcrowded conditions and documenting Defendants' many failed plans to resolve the problems. *See, e.g.*, P-13, P-14. There is no question, as the Court has already concluded, that all these documents are relevant to the instant proceedings. Defendants' objections are frivolous and an abuse of the process. The Court should reaffirm its ruling that all of Plaintiffs' trial exhibits are relevant and reject

[259236-1]

1  Defendants' improper relevance objections.

2  **2.    Defendants' Hearsay Objections Are Unwarranted**

3  Defendants have continued to maintain hearsay objections for a number of exhibits

4  which are party admissions, or for which a hearsay exception applies.  The documents

5  generally fall into a series of categories, each of which is discussed below.

6  **3.    Memoranda and Emails by Defendants' Employees Constitute Party Admissions**

7

8  Defendants also maintain the untenable position that trial exhibits P-106, P-127, P-157,

9  P-176, P-182, P-215, P-249, P-251, P-252, are P-501 are inadmissible hearsay.  These

10  documents are memoranda and emails authored by Defendants' employees.  In numerous

11  cases, the authors are high-ranking employees whose statements are binding on Defendants

12  under Fed. R. Evid. 801(d)(2)(A).  *See, e.g.*, P-157 (briefing document by Victor Brewer,

13  DMH Executive Director); P-252 (email from Shama Chaiken, Chief Psychologist of CDCR's

    Mental Health Program).

14  Even those documents which contain the statements of relatively low-ranking

15  employees and agents are admissible because the statements concern matters within the scope

16  of those individuals' employment, bringing them within the ambit of Fed. R. Evid.

17  801(d)(2)(D).  *See, e.g.*, P-106 (memorandum by Robert Denkin, Senior Supervising

18  Psychologist at Folsom State Prison discussing sudden increase in CCCMS population at

19  Folsom State Prison); P-215 (memorandum by Richard Berkson, M.D, Chief Psychiatrist at

20  SATF regarding the MHCB census at SATF), *see* Robert E. Jones et al., Federal Civil Trials

21  and Evidence § 8:2143 (2008) ("No matter how menial the level of employment, *any*

22  employee's statement may be a vicarious admission by the employer if made in the course of

23  employment and concerning matters related to the employment."); *Wilkinson*, 920 F.2d at

24  1565 ("Nothing in Rule 801(d)(2)(D) prevents the out-of-court statements of low-level

25  employees from coming into evidence as non-hearsay admissions of a party-opponent in

26  appropriate factual scenarios."); *cf., Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1045-46

27  (9th Cir. 1999) (holding statements from low-level crewmembers were admissible

28

-2-

[259236-1]

against cruise ship company). This is true even if Defendants failed to authorize or ratify the statements in question. *See, e.g., In re Sunset Bay Assocs.*, 944 F.2d 1503, 1519 (9th Cir. 1991) ("[T]he statements need only *concern* matters within the scope of the agency; they need not be made within the scope of the agency."); *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) ("We recognize, as suggested in the Notes of the Advisory Committee, that Rule 801(d)(2)(D) broadened the traditional view so that it is no longer necessary to show that an employee or agent declarant possesses 'speaking authority,' tested by the usual standards of agency law, before a statement can be admitted against the principal.").

Accordingly, Defendants' memoranda and emails are admissible as party admissions.

### 4. Defendants' Studies, Reports and Requests for Financing Are Admissible as Party Admissions, Public Records, and Business Records

Similarly, Defendants' hearsay objections to P-110, P-117, P-147, P-177, P-227, P-229, P-230, P-231, P-232, P-233, P-234, P-235, P-390, and P-397, should be denied because these documents are studies, reports, and requests for financing created by Defendants and produced to Plaintiffs during discovery. For the reasons articulated in the preceding subsection, these documents are admissible against Defendants as party admissions under Fed. R. Evid. 801(d)(2).

Additionally, most of these documents are admissible as public records under Rule 803(8)(A). For example, exhibits like P-147, P-177, P-229, P-230, P-231, P-232, P-233, and P-234, which are Capital Outlay Budget Change Proposals, and P-235, which is a CDCR finance letter, document the activities of Defendant state agencies as budget expenditures are proposed and evaluated. These documents are also business records under Rule 803(6), as the creation and submission of budget change proposals and finance letters are the normal method by which state agencies request and receive funding for projects in the regular course of state business.

### 5. Senate Subcommittee Agendas are Admissible as Public Records

Defendants also raise hearsay objections to P-13, P-14, P-64, P-109, P-120, and P-191,

-3-

which are all Agendas of the Senate Committee on Budget and Fiscal Review, Subcommittee No. 4. These documents are admissible under the hearsay exception for public records. The Agendas describe the activities of the subcommittee and are therefore admissible under Fed. R. Evid. 803(8)(A). Additionally, the documents themselves reveal that subcommittee staff conducted an investigation into the CDCR's activities and accordingly issued the specific findings and recommendations stated in the report. *See, e.g.*, P-64 at E_CDCR_023477 (see section entitled "Staff Findings"). The Subcommittee Agendas are therefore also admissible under Fed. R. Evid. 803(8)(B) as public records.

### 6. Court Transcripts Are Admissible and Judicially Noticeable

Next, Defendants object to trial exhibits P-41, P-42, and P-455 on hearsay grounds.[1] These documents are transcripts of hearings in *Madrid v. Tilton* (P-41 and P-42) and *Coleman v. Schwarzenegger* (P-455). Each is replete with admissions made by Defendants' authorized agents—their attorneys—and should be admitted on that ground. *See* Fed. R. Evid. 801(d)(2)(C). Moreover, the transcripts are admissible as public records under Rule 803(8)(A), as they document the activities of the court during the hearing.

In addition, the *Coleman* transcript is part of the record of this case and need not be separately admitted into evidence. The *Madrid* transcripts, by contrast, are judicially noticeable under Federal Rule of Evidence 201 because they contain relevant proceedings from another court. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (recognizing that courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue").

---

[1] As reflected in Appendix A, Defendants have indicated that they would review the hearsay objection to P-455 and consider dropping it if Plaintiffs would provide the transcript they seek to admit for Defendants' review. Plaintiffs did so weeks ago, and, accordingly, requested on December 7, 2008 that Defendants reconsider their objection. Defendants did not respond, and did not withdraw their objection.

[259236-1]

**7.    Documents by the Receiver and His Staff Are Admissible and Judicially Noticeable**

Defendants next object on hearsay grounds to a series of documents authored by the Receiver and his staff:  P-55, P-99, P-100, P-101, P-394, P-419, P-422, P-322, P-323, P-412, P-413, P-414, P-415, P-416, and P-417.  The documents in question are admissible under Federal Rule of Evidence 803(8).  Rule 803(8) provides for an exception to the hearsay rule for "[r]eports…of public offices or agencies, setting forth…(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report…or (C) in civil actions and proceedings…, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

The Receiver is an officer of the *Plata* Court.  *See* 2/14/06 Order Appointing Receiver (*Plata* Docket # 473) at 5-6 ("The Receiver and his staff shall have the status of officers and agents of this Court …."); *see also Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 371 (1908) (noting that receiver is an officer of the court).  The Receiver is tasked with bringing the prison health care system into constitutional compliance, and is obligated by the *Plata* Court to draft reports on the status of medical care in the prisons.  *See* 2/14/06 Order Appointing Receiver (*Plata* Docket No. 473) at 3.  The trial exhibits in question constitute "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," and are therefore admissible under Rule 803(8)(B).

Alternatively, the documents in question are admissible under Fed. R. Evid. 803(8)(C), which exempts from the hearsay rule reports "in civil actions and proceedings…, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."  As noted above, the Receiver is charged and vested with the authority of the *Plata* Court, and the *Coleman* Court through various "coordination orders," to bring the CDCR's medical system into constitutional compliance and, as part of that effort, is required to provide reports containing factual findings, including whether any obstacles exist to constitutional compliance.

[259236-1]

2/14/06 Order Appointing Receiver (*Plata* Docket # 473) at 3. The Receiver's documents that Plaintiffs seek to introduce as trial exhibits all discuss issues falling within this description and therefore fall squarely within Rule 803(8)(C)'s exception to the hearsay rule. *See also Hill v. Marshal*, 962 F.2d 1209, 1215 & n.2 (6th Cir. 1992) (concluding report commissioned by state legislature that prison demonstrated a "pervasive pattern of failing to provide proper medication for inmates" was admissible under Fed. R. Evid. 803(8)).

Moreover, a number of the Receiver documents are admissible as business records under Rule 803(6) because they were created in the regular course of the Receiver's business. For example, P-99, P-100, and P-101 are all operational assessments of California prisons, which the Receiver is in the course of conducting for all prisons pursuant to his duties with the *Plata* Court.

Finally, as to P-412, P-413, P-414, P-415, P-416, and P-417, Plaintiffs request that these documents be admitted into evidence for the sake of completeness under Federal Rule of Evidence 106 because Defendants have introduced related writings by the Receiver.

In the alternative and because all of the Receiver's documents were filed with the *Plata* court or published on the Receiver's official website, they are judicially noticeable under Federal Rule of Evidence 201. *E.g.*, P-322, P-323, P-412, P-413, P-414, P-415, P-416, P-417; *see Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, * 5 (N.D. Cal. Sept. 9, 2008); *In re Agribiotech Secur. Litig.*, 2000 WL 35595963, *2 (D. Nev. Mar. 2, 2000); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (recognizing that court make take judicial notice of public documents). Defendants themselves have essentially conceded this point by requesting that this Court take judicial notice of the Receiver's November 15, 2007 Plan of Action (*Plata* Docket No. 929-949) and June 6, 2008 Turnaround Plan of Action (*Plata* Docket No. 1229). *See* Defs.' Req. for Judicial Notice ISO Motions for Summary Judgment and/or Dismissal (*Coleman* Docket No. 3039). Indeed, the Court has already taken judicial notice of P-55 in its order denying Defendants' motion for summary judgment and/or dismissal. 11/3/08 Order

(Coleman Docket # 3260) at 12:5-6.

Accordingly, trial exhibits P-55, P-99, P-100, P-101, P-394, P-419, P-422, P-322, P-323, P-412, P-413, P-414, P-415, P-416, and P-417 are admissible and, in the alternative, should be judicially noticed.

**8.    Documents from Business Advantage Consulting Are Admissible As Party Admissions**

Defendants also object to trial exhibits P-167, P-168 and P-169.  These documents were created by Business Advantage Consulting, whom Defendants hired to conduct a workload study regarding CDCR's need for mental health clinicians.  The documents in question all relate to that workload study, were created during the scope of the agency relationship and are therefore admissible under Rule 801(d)(2)(D).  Additionally, CDCR authorized Business Advantage Consulting to make the statements in question by hiring them to conduct the study.  *See* Fed. R. Evid. 801(d)(2)(C).  The documents are therefore admissible against Defendants as party admissions.

**9.    Newspaper Articles Containing Party Admissions Are Admissible**

Defendants object that P-44, P-325, and P-335—all newspaper articles—are inadmissible hearsay.  P-325 and P-335 are admissible because they contain party admissions.  P-335 is a July 24, 2008 article written by Defendant-Intervenors George Runner and Todd Spitzer.  P-325 is a July 23, 2006 San Francisco Chronicle article that contains multiple direct quotations from Susan Kennedy and then-Secretary James Tilton.  P-44, a Sacramento Bee article from November 1, 2007, describes how CDCR was fined by the California's Department of Occupational Safety and Health due to bacterial infections at Folsom State Prison and contains numerous quotations from a CDCR spokeswoman.  In the alternative, these documents may be judicially noticed because the facts in the articles are "capable of sufficiently accurate and ready determination."  *Ritter v. Hughes Aircraft Co.,* 58 F.3d 454, 458-59 (9th Cir. 1995).

**10.    Plaintiffs' Demonstrative Trial Exhibits Are Admissible**

Defendants have maintained objections to three of Plaintiffs' demonstrative trial

exhibits – P-263, P-264, and P-265 – on the grounds that they have not yet been able to verify the information contained in and depicted by those charts.  However, Plaintiffs complied with their obligations under Federal Rule of Evidence 1006 by providing Defendants with all of the underlying data used to create those charts many weeks ago.  Moreover, all of the data used in the creation of the charts was from Defendants' own documents and therefore presumably unobjectionable.  Plaintiffs should not be prejudiced by Defendants' inability to complete their review of Plaintiffs' charts in a timely fashion.  Because Defendants have not identified any substantive reason why P-263, P-264 and P-265 are objectionable, and indeed have conceded that Defendants have not yet reviewed them in detail, Defendants' objections to these exhibits should be deemed waived.

### 11. Defendants' Objections to P-270, P-12, and P-134 Are Unwarranted

Finally, Defendants have raised hearsay objections to P-270, P-12, and P-134.  These objections should be denied.  P-270 is a court filing containing former-Special Master Keating's resume.  It is being submitted to show that the Special Master is qualified, not for the truth of the matter asserted.  As such, it is not hearsay.  P-12 is an affidavit from an *Armstrong* class member filed in that case.  It contains the class member's experiences as a person with a disability in the CDCR, and therefore is admissible under Federal Rules of Evidence 803(1) and 803(3).  In the alternative, P-12 should be judicially noticed.  *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).  Finally, P-134 should be admitted because it contains numerous party admissions and because it is a business record under Rule 803(6).  For instance, P-134 contains numerous admissions from then-CDCR Secretary Roderick Hickman.  *E.g.*, P-134 at 23 (noting that, in his testimony at a Commission hearing, Mr. Hickman listed overcrowding first among the factors contributing to violence in prison).  This is a party admission under Rule 801(d)(2)(A), (D).  Moreover, P-134 is a business record.  The Commission on Safety and Abuse in America's Prisons, which authored P-134, a report entitled "Confronting Confinement," conducted a series of public hearings over the course of a year studying health and safety in America's prisons pursuant to grants it had received to study and issue a public report on the subject.  *See* Commission on

-8-

Safety and Abuse in America's Prisons, *available at* http://www.prisoncommission.org/ (last visited Dec. 8, 2008). Accordingly, it was part of the Commission's regular practice to issue the report in question and it is therefore a business record. In the alternative, P-134 is judicially noticeable, as courts routinely take judicial notice of information that appears on commercial or non-profit websites. *See, e.g., Coalition for Icann Transparency Inc. v. Verisign, Inc.*, 464 F. Supp. 2d 948, 953 n.1 (N.D. Cal. 2006); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006); *College of the Sequoias Farm v. White Gold Assoc., Inc.*, 2007 WL 2022040, *11 (E.D. Cal. 2007).

### 12.   Defendants' Remaining Objections Based on Authenticity and Foundation Are Unwarranted

Defendants also continue to assert objections to a number of Plaintiffs' trial exhibits on authenticity and foundation grounds, including Exhibits P-127, P-147, P-157, P-177, P-182, P-183, P-184, P-227, P-229, P-230, P-231, P-232, P-233, P-234, P-235, P-390, and P-501. Such objections are misplaced, as each and every one of these documents was produced by Defendants in response to discovery requests in this action. Where a document is produced in discovery, and then offered into evidence by the party-opponent in the same litigation, the document is adequately authenticated. *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir.1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); 31 Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as…production of items in response to…[a] discovery request."). The only exception to this is P-501, which is authenticated by the fact that it was emailed directly to Plaintiffs by Defendants and is on CDCR letterhead.

Additionally, P-157 and P-182 have been authenticated through depositions of Defendants' employees having personal knowledge of the documents, as contemplated by Fed. R. Evid. 901(b)(1). *See* Deposition of Victor Brewer, 9/4/08, 19:12 - 21:13 (authenticating P-157); Deposition of Todd Jerue, 8/29/08, 219:17 - 226:7 (authenticating P-182). Defendants have provided no information to rebut the presumptive authenticity of these documents, and

their objections should be denied.

In addition to the authentication objections discussed above, Defendants have raised a separate objection based on foundation for the above-listed documents as well as P-181, P-124, P-16, and P-17.[2]  With the exception of P-124, [3] Defendants have failed to specify what foundational elements beyond authenticity are allegedly lacking in these documents, all of which were produced to Plaintiffs by Defendants.  If necessary, however, and as Plaintiffs have repeatedly advised Defendants, Plaintiffs stand ready to call Defendants' custodian of records to lay the foundation for these documents.  As such, this Court should reject Defendants' remaining foundation and authenticity objections.

### 13.    Defendants' Privilege Objections are Invalid

Finally, Defendants continue to assert privilege with respect to the following trial exhibits, but these objections are invalid:  P-16, P-17, P-123, P-147, P-182, P-183, P-184, P-227, P-229, P-230, P-231, P-232, P-233, P-234, P-235, and P-390.  As to P-16, P-147, P-183, P-227, P-229, P-230, P-231, P-232, P-233, P-234, P-235 and P-390, Defendants produced all of these documents in discovery, yet never listed a single one of them on any of their numerous privilege logs.  Therefore, any privilege assertion has been waived.

Additionally, Defendants initially included P-182 on their November 9, 2007 privilege log.  However, this Court granted Defendants' request for additional time to review and revise their privilege logs on December 14, 2007.  12/14/07 Order (Coleman Docket # 2620). Defendants have never included P-182 on privilege log post-dating the December 14, 2007 order.  Any possible assertion of privilege is therefore waived and Defendants' objection to the admissibility of P-182 on privilege grounds must be rejected.

Finally, Defendants' assertions of privilege fail with respect to P-17, P-184, P-123, and

---

[2] Defendants do not contest the authenticity of P-181, P-124, P-16, and P-17.

[3] With respect to P-124, Defendants object that the document, produced by Defendants during discovery, is "an incomplete and unauthorized draft by [Deborah] Hysen."  Defendants cite no authority for the notion that a document lacks foundation purely because it is in draft form and not officially ratified.

[259236-1]

P-177 because these documents were all produced by Defendants on August 11, 2008 in response to Judge Mould's August 7, 2008 order requiring production of documents already rejected as privileged by both Judge Moulds and the Three Judge Court. *See* 8/7/08 Order (Coleman Docket # 2927). Moreover, Defendants' appeals of the underlying orders requiring production have been dismissed by the Ninth Circuit. *See* 11/5/08 Ninth Circuit Order (dismissing appeal No. 08-16717); 11/6/08 Ninth Circuit Order (dismissing appeal No. 08-16682). As such, Defendants' privilege assertions for these documents must fail.

**B.    DEFENDANTS' LEGAL ARGUMENTS**

**1.    Defendants' Hearsay Objections Are Appropriate.**

Defendants only maintain hearsay objections to exhibits that do not fall within a hearsay exception or are considered non-hearsay. These hearsay objections asserted by Defendants are appropriate because they concern statements offered against Defendants made by individuals who are not authorized to make such statements nor are they proper agents of Defendants. Fed. R. Evid. 801(d)(2)(C) & (D). For instance, only high-ranking employees of CDCR are authorized to made statements on behalf of Defendants. Further, Plaintiffs have failed to establish, as is required of the proponent, that the statements were made concerning matters within the scope of the declarants' employment and were made during the existence of the employment relationship. *United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000). Indeed, the provision under Rule 801 that a party's own admission is not hearsay does not eliminate the requirement under Rule 602 that the witness have personal knowledge of the subject matter of the testimony. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531 (10th Cir. 1995). On the other hand, all exhibits that fall within Rule 801(d)(2) as a party admission have been withdrawn. (Please see the specific objections listed in Appendix A.)

**2.    Memoranda and Emails by Defendants' Employees Do Not Constitute Party Admissions.**

Defendants only maintain hearsay objections to exhibits that do not fall within a hearsay exception or are considered non-hearsay. These hearsay objections asserted by Defendants are appropriate because they concern statements offered against Defendants made by individuals

who are not authorized to make such statements nor are they proper agents of Defendants. Fed. R. Evid. 801(d)(2)(C) & (D). For instance, only high-ranking employees of CDCR are authorized to made statements on behalf of Defendants. Further, Plaintiffs have failed to establish, as is required of the proponent, that the statements were made concerning matters within the scope of the declarants' employment and were made during the existence of the employment relationship. *United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000). Indeed, the provision under Rule 801 that a party's own admission is not hearsay does not eliminate the requirement under Rule 602 that the witness have personal knowledge of the subject matter of the testimony. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531 (10th Cir. 1995). On the other hand, all exhibits that fall within Rule 801(d)(2) as a party admission have been withdrawn. (Please see the specific objections listed in Appendix A.)

### 3. Defendants' Studies, Reports, and Requests for Financing Are Not Admissible as Party Admissions, Public Records, and Business Records.

Many of the exhibits Plaintiffs intend to introduce under this category are documents that are not in final form. Defendants maintain that non-final studies, reports, and budget change proposals that have not been produced as part of a budget request are privileged, inadmissible hearsay, and not relevant to this action. Defendants, however, do not object to and will stipulate to any final document that has been made part of any budget request. (Please see the specific objections listed in Appendix A.)

### 4. Defendants' Monitoring Documents are Not Admissible Because of Relevance.

Defendants have withdrawn all objections to this category of documents other than the relevance objections. Defendants maintain that Plaintiffs' exhibits P-143, P-439, P-481, P-482, P-500, P-509, P-511, P-522, and P-524 are not relevant to the Phase I issues as outlined by the Three-Judge Panel and are not admissible under Fed. R. Evid. 402.

### 5. Senate Subcommittee Agendas are Not Admissible.

Defendants continue to assert hearsay objections to this category of exhibits. Plaintiffs' exhibits P-13, P-14, P-64, P-109, P-120, and P-191 are offered for the truth of the information

contained in the exhibits.  Additionally, even if these exhibits fall within one of the hearsay exceptions, the exhibits are not relevant to any Phase I issue as identified by the Three-Judge Panel and are not admissible under Fed. R. Evid. 402.

### 6.    Certain Court Transcripts Are Not Admissible.

Defendants maintain their hearsay and relevance objections to Plaintiffs' exhibits P-41, P-42, and P-455.  The transcripts of these proceedings are hearsay.  The statements made by Defendants' counsel are not party admissions.  Fed. R. Evid. 801(d)(2).  Moreover, the hearings are not relevant to any Phase I issue as outlined by the Three-Judge Panel and are not admissible under Fed. R. Evid. 402.

### 7.    Documents by the Receiver and His Staff Are Hearsay.

Defendants maintain their hearsay objections for Plaintiffs' exhibits P-55, P-99, P-100, P-101, P-394, P-419, P-422, P-322, P-323, P412, P-413, P-414, P-415, P-416, and P-417.  These are all exhibits prepared by the Receiver.  The statements contained in the reports themselves are hearsay because Plaintiffs are offering them for the truth of the statements contained in them.

### 8.    Documents from Business Advantage Consulting Are Inadmissible As Party Admissions.

Defendants maintain their hearsay objections to Plaintiffs' exhibits P-167, P-168, and P-169.  These documents were not created by Defendants; they were created by Business Advantage Consulting.  The statements contained therein if offered for their truth are hearsay and are not considered a party admission because the statement was not made by Defendants.  Fed. R. Evid. 801(d)(2).

### 9.    Newspaper Articles Are Inadmissible.

Defendants object to Plaintiffs' exhibits P-44, P-325, and P-335.  The statements contained in these newspaper articles are inadmissible hearsay.  Moreover, the articles are not relevant to any Phase I issue as identified by the Three-Judge Panel and thus is not admissible under Fed. R. Evid. 402.

**10.    Defendants' Privilege Objections are Valid.**

Defendants continue to maintain their privilege objections to documents that clearly fall within the attorney-client privilege, attorney-work product privilege, and deliberative process privilege.  To the extent that the Three-Judge Panel has ordered these documents to be produced in discovery, Defendants never waived their rights to assert these valid privileges.

**II.    REMAINING DISPUTES REGARDING DEFENDANTS' TRIAL EXHIBITS**

Attached hereto as **Appendix B** is a list of Defendants' Phase I exhibits annotated with Plaintiffs' Objections, Defendants' Reponses, and Plaintiffs' Replies.

**A.    DEFENDANTS' LEGAL ARGUMENTS**

**1.    Plaintiffs' Post Tour Letters Are Admissible Party Admissions Against Plaintiffs.**

The post-tour letters prepared by Plaintiffs' counsel identified in Defendants' exhibits 1073 through 1084 are admissible as party admissions against Plaintiffs under Fed. R. Evid. 801(d).  Additionally, Plaintiffs are attempting to dictate which party admissions Defendants should use in their case.  Defendants only intend to introduce into evidence the exhibits as identified and in their present form in exhibits 1073 through 1084.

**2.    Defendants' Rule 1006 Exhibits Are Admissible.**

Plaintiffs continue to challenge a few remaining demonstrative exhibits submitted by Defendants.  They are discussed as follows:

Defendants are offering exhibit 1190 for the limited purpose to show that Defendants have developed and are using a risk and needs assessment tool.  The exhibit is not being offered for the truth of the actual data from the Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) Report.

And exhibits 1248 and 1249 are examples of the type of information that can be derived from the COMPAS Report.  They too are not being offered for the truth of the actual data that has been derived from COMPAS.  These types of charts are regularly created to assist the Defendants in the management of their population and are regularly used in the regular course of business. Also, Defendants' Exhibit 1300 is another monitoring tool that is used to verify

1   information.  This exhibit is additionally not being offered for the truth of the actual data

2   derived from COMPSTAT.

3         Next, Defendants' exhibits 1235, 1236, and 1246 depict appropriate charts of

4   population, location, and other statistical information that is based on information that was

5   equally available to all parties to this litigation.  Plaintiffs have either deposed or had the

6   opportunity to depose all individuals who have had access to this information.  The charts are

7   relevant under Fed. R. Evid. 402 as identified by the Three-Judge Panel's definition of Phase I.

8   Moreover, these exhibits are admissible under the business records exception under Fed. R.

9   Evid. 803(6).

10        Finally, Defendants have identified or provided the source information for these

11  exhibits.

12        **B.    PLAINTIFFS' LEGAL ARGUMENTS**

13             **1.    Plaintiffs Object to Defendants' Summaries of Documents Because
                      Defendants Failed to Produce the Underlying Data as Required by**

14                    **Fed. R. Evid. 1006.**

15        The following exhibits are graphs or summaries of data for which defendants have

16  failed to produce the underlying data as required by Fed. R. Evid. 1006:  D-1190 (Correctional

17  Offender Management Profiling for Alternative Sanctions (COMPAS) Report)[4]; (Mental

18  Health Staffing); 1236 (Suicides); D-1246 (Staffing Chart); D-1248 (Sacramento Risk and

19  Needs)[5]; D-1249 (San Diego Risk and Needs)[6], D-1290 (Waitlist Trends) D-1308 (Mentally Ill

20  Parolee Population Report.[7]

21        As a prerequisite to the admission of summaries of voluminous data, Fed. R. Evid. 1006

22  requires that the underlying data "shall be made available for examination or copying, or both,

---

[4] As noted below, Plaintiffs do not object to admission of this report if Defendants seek only to
show that the COMPAS program is in use and do not seek to establish the truth of any of the
risk and needs figures stated therein.

[5] As noted below, Plaintiffs do not object to admission of this exhibit for a limited purpose.

[6] As noted below, Plaintiffs do not object to admission of this exhibit for a limited purpose.

[259236-1]

by other parties at reasonable time or place."  No such originals or copies have been made

available to this day.  For the above-listed exhibits, Defendants have not made the underlying

data available. Fed. R. Evid. 1006 requires that the underlying data be made available timely

"to give the opposing party an opportunity to verify the reliability and accuracy of the

summary prior to trial." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996).  The time

during which such verification could take place is long past.  The Court is well within its

discretion to exclude these summaries on the grounds that the underlying "raw data" cannot be

tested for reliability if it is produced now with the trial well underway. *Amarel*, 102 F.3d at

1517.

The same failure to produce the raw data fatally undermines defendants' assertion of the

business records exception, Fed. R. Evid. 803(6), for these summaries.  Even if the data

summarized in these chart were collected in the course of regularly conducted business and

could themselves be inadmissible, Fed. R. Evid. 1006 does not permit admission of summaries

without advance production of the underlying business records.

For D-1235, the series of graphs purports to show staffing trends for medical and mental

health positions over various periods.  For the medical staffing trends collection of 7 charts (D-

1235, Part 2), the only underlying materials that have been provided consist of another

summary marked as D-1263.  D-1263 is clearly a summary prepared for litigation, as each

table has headings keyed to events in this case, such as "Date Established by Three-Judge

Court in July 2, 2008 Order 1 Month Later."  Thus, D-1263 is clearly not a business record

covered by Fed. R. Evid. 803(6), and cannot satisfy the Fed. R. Evid. 1006 requirement of

underlying data for D-1235 Part 2.  The same basis for exclusion applies to D-1235, Part 1, a

graph and table purporting to show a change in mental health staffing from 1994 to 2008.  The

graph and tables in D-1235, Part 1 purport to include staffing up through 2008; yet the only

source material provided to Plaintiffs consists of position counts for 1994 and 1995.  Even that

---

[7] As noted below, Plaintiffs do not object to admission of this exhibit for a limited purpose.

[259236-1]

1    was only provided after the exhibit was offered and after trial had commenced, not within a

2    "reasonable time" as required by Fed. R. Evid. 1006.

3          For D-1236, Defendants' assertion of the business record exception, Fed. R. Evid.

4    803(6), is beside the point.  This bar chart purports to summarize voluminous records of

5    suicides, and must therefore meet the Fed. R. Evid. 1006 requirement that the data used to

6    compile the chart be made available at a "reasonable time," in order "to give the opposing

7    party an opportunity to verify the reliability and accuracy of the summary prior to trial."

8    *Amarel,* 102 F.3d at 1516.  The proponent of a summary has an affirmative obligation to make

9    the raw data available even if it is not demanded in discovery.  *Air Safety, Inc. v. Roman*

10   *Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996).  In the meet and confer process,

11   Plaintiffs demanded the raw data, and received only a single sheet of paper with no data at all,

12   but just with the formulas used to calculate the moving average line in the chart.

13         For D-1246, Defendants' assertion of the business record exception, Fed. R. Evid.

14   803(6), is again beside the point.  This bar graph purports to summarize systemwide

15   "established" and "filled" positions.  Defendants have not provided the source data, and in an

16   email on December 4, 2008, stated that they would provide it at some future date.  Providing

17   the information as some future date after trial has commenced is not consistent with Fed. R.

18   Evid. 1006.  *See Davis & Cox v. Summa Corp*., 751 F.2d 1507, 1516 (9th Cir. 1985),

19   *superseded by statute on other ground*.

20         For D-1290, this series of bar graphs purports to show changes in wait lists for higher

21   levels of care in the Mental Health Services Delivery System.  Fed. R. Evid. 1006 requires that

22   the materials being summarized "shall be made available for examination or copying, or both,

23   by other parties at reasonable time or place."  The underlying data has not been made available

24   for verification by Plaintiffs counsel as late as December 8, 2008.

25         For D-1308, the purported "Recidivism Rates of Mentally Ill Parolees" table at page 4 is

26   an improper summary that fails to meet the requirements of Fed. R. Evid. 1006 that the

27   underlying data be made available.  The underlying data has not been made available.

28   Moreover, the author of this document, Robert Storms, testified in deposition that the

information from this chart came from an outside research organization and thus was not collected in the ordinary course of business. In addition, Mr. Storms was unable to account for the manner in which the purported recidivism calculations were made. (Depo. of Robert Storms, 79:3-15; 84:8-87:25.)

>    **2.  Pursuant to Fed. R. Evid. 106, *Plata* Monitoring Letters Should Not Be Admitted Piecemeal, but Together with The Entire Body of Monitoring Letters that "Ought in Fairness" to Be Considered with Them.**

For D-1073-1084, Plaintiffs sought an agreement that if these *Plata* monitoring letters are received into evidence, they should be received along with other letters written by Plaintiffs' counsel after visits to prisons to check on the status of medical care delivery. The other letters that Plaintiffs seek to admit for this purpose have been identified as Plaintiffs' Exhibits P-831 through 837. It is unfair for Defendants to argue that the letters constitute party admissions while also arguing that Plaintiffs never, for example, asserted in post-tour letters that there was a lack of adequate clinical or other medical space or mentioned crowding related problems, when other letters did all those things. The additional letters specified by plaintiffs are "other writings" which the Court in fairness must consider together with the letters selected by defendants. Defendants' response fails to address this key point of plaintiffs' objections.

>    **3.  Exhibits for Which Admission Should Have a Limited Purpose.**

Plaintiffs request that the following exhibits, as noted in the Reply section of Appendix B, be received only for the purpose of showing that Defendants have proposed plans to address various issues arising from the development of mental health or medical services, and not for the truth or accuracy of any statements regarding population forecasts, or whether the plan has or will be implemented. These include Exhibits D-1139-1146, D-1152-1154, D-1156-1160, D-1162, D-1175, D-1177-1182, D-1184, D-1193, D-1288, D-1312.

For, D-1190, Plaintiffs' objected to this summary under Fed. R. Evid. 1006 because the raw data (over 70,000 individual risk and needs assessments) has not been made available and cannot be reasonably verified if it is made available this late. The parties have agreed, however, that it may be admitted for the limited purpose of showing that Defendants have

1    implemented the COMPAS risk and needs assessment.

2        Consistent with this agreement, Plaintiffs request that the Court issue an order stating

3    that D-1190 is admitted only for the purpose of showing that "CDCR has implemented the

4    Correctional Offender Management Profiling for Alternative Sanctions (COMPAS)

5    instrument."  (The quoted language is from the Trial Affidavit of Thomas Hoffman at page

6    8:23-25, which sponsors D-1190 as evidence of the truth of the quote.)  Therefore, Plaintiffs

7    request that the Court not admit this exhibit for the truth of the risk and need evaluations in the

8    charts, but only for the purpose of showing that CDCR has a risk and needs program

9    underway, as stated in the Trial Affidavit of Thomas Hoffman at pages 8:23 to 9:19 (Coleman

10    Docket No. 3148).

11        Similarly, for D-1380, a background paper by the Department of Adult Parole

12    Operations on Mentally Ill Parolees, Defendants have now stated that this exhibit is offered

13    only for the purpose "to show identification of projects occurred."  (Appendix B hereto,

14    Defendants' Responses, D-1308.)  Plaintiffs do not object to its admission for this limited

15    purpose.  The background paper, however, contains a chart at page 4 purporting to list

16    recidivism rates of mentally ill parolees.  The underlying data for this chart was never made

17    available to Plaintiffs as required by Fed. R. Evid. 1006.  Moreover, the author of the

18    background paper testified in deposition that the information for this chart came from an

19    outside research organization.  (Depo. of Robert Storms, 79:3-15.)  Thus, it was not collected

20    in the ordinary course of business, making the business records rule inapplicable.  In addition,

21    the author of the document was unable to account for the manner in which the purported

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1   recidivism calculations were made. (*Id*. 79:3-15; 84:8-87:25.) Plaintiffs therefore request that

2   Court order D-1380 admitted only for the limited purpose of showing that Defendants

3   identified certain projects to meet the needs of mentally ill parolees, but that the chart on page

4   4 is excluded as hearsay and as an improper summary under Fed. R. Evid. 1006.

5

6   Dated: December 8, 2008            Respectfully submitted,

7                                      ROSEN, BIEN & GALVAN LLP

8

9                                      */s/ Amy Whelan*

                                     Amy Whelan

10                                    Attorneys for *Coleman* Plaintiffs and on

11                                    Behalf of *Plata* Plaintiffs

12

  Dated: December 8, 2008            Respectfully submitted,

13                                      ATTORNEY GENERAL'S OFFICE

14

15                                      */s/ Danielle OBannon*

                                     Danielle OBannon

16                                    Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28