# APPENDIX B

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1073 | Plaintiffs' Counsel's Post-Tour Letter re California Rehabilitation Center, dated June 6, 2007. | [DEFS 052924-DEFS0 52935] | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | Even if non-hearsay, these reports should not be admitted unless the Court also admits, pursuant to Fed.R.Evid 106, other letters written by plaintiffs' counsel after visits to prisons to check on the status of medical care delivery.  The other letters that Plaintiffs seek to admit for this purpose have been identified as Plaintiffs' Exhibits P-831 through 837.  It is unfair for defendants to assert that the letters by plaintiffs' counsel that they offer constitute party admissions, and then argue based on those selected letters that plaintiffs never, for example, asserted post-tour letters that there was a lack of adequate clinical or other medical related space or did not mention crowding related problems, when other letters did all those things.  The additional letters specified by plaintiffs are "other writings" which the Court in fairness must consider together with the letters selected by defendants.  Defendants' response fails to address this key point of plaintiffs' objections. |
| I./II. | 1074 | Plaintiffs' Counsel's Post-Tour Letter re CCWF, dated February 7, 2007. | [DEFS 052755-DEFS0 52765] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1075 | Plaintiffs' Counsel's Post-Tour Letter re California Institute for Women, dated May 7, 2007. | [DEFS 052864 DEFS0 52870] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed.R.Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1076 | Plaintiffs' Counsel's Post-Tour Letter re San Quentin, dated March 7, 2007. | [DEFS 052804 DEFS0 52812] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1077 | Plaintiffs' Counsel's Post-Tour Letter re CSP-Sacramento, dated March 8, 2006 [sic]. | [DEFS 052813 DEFS0 52826] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1078 | Plaintiffs' Counsel's Post-Tour Letter re California Institute for Men, dated April 26, 2007. | [DEFS 05238-DEFS0 52851] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed.R.Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1079 | Plaintiffs' Counsel's Post-Tour Letter re Correctional Medical Facility, dated May 7, 2007. | [DEFS 052864-DEFS0 52870] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1080 | Plaintiffs' Counsel's Post-Tour Letter re California Men's Colony, dated August 3, 2007. | [DEFS 052992-DEFS0 53001] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1081 | Plaintiffs' Counsel's Post-Tour Letter re Kern Valley State Prison, dated August 15, 2007. | [DEFS 053002 - DEFS0 53014] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1082 | Plaintiffs' Counsel's Post-Tour Letter re Deuel Vocational Institution, dated September 24, 2007. | [DEFS 053015 - DEFS0 53028] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1083 | Plaintiffs' Counsel's Post-Tour Letter re Mule Creek State Prison, dated October 9, 2007. | [DEFS 053029 - DEFS0 53043] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiffs' counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d).  On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1084 | Plaintiffs' Counsel's Post-Tour Letter re Mule Creek State Prison, dated March 2008. | [DEFS 054147- DEFS0 54160] | Hearsay -- Fed.R.Evid. 802; In the alternative, if admitted, the following other plaintiff's counsel post-tour letters must be admitted as well (Fed.R.Evid. 106): October 12, 2006 (PVSP), May 1, 2007 (SATF), May 30, 2007 (ASP), October 10, 2007 (VSPW), October 4, 2007 (SVSP), October 18, 2007 (FOL), October 18, 2007 (CCC), May 12, 2008 (COR), April 28, 2008 (SATF). | The post-tour letters prepared by Plaintiffs' counsel, and identified by Defendants, constitute party admissions and are admissible pursuant to Fed. R. Evid. 801(d). On the other hand, the post-tour letters Plaintiffs request to be admitted are not subject to any hearsay exception including party admissions. | See statement above regarding D-1073. |
| I./II. | 1139 | *Coleman* Defendants' August 2007 Mental Health Bed Plan, with attached population forecast report of John Misener/Navigant | DEFS0 04609- DEFS0 04642 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan and population forecast; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1140 | Defendants' Small Management Yard Plan, filed October 29, 2007, with supplemental statements and declarations, filed December 4, 2007. | Col Docket No. 2492 and 2590 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1141 | Defendants' Plan to Reduce Suicide Trends in Administrative Segregation, filed October 2, 2006, with Response to Plaintiff Objections, filed December 1, 2006. | Col. Docket No. 2061 and 1990 with Ex. A as 1990-2 | Stipulate as to authenticity and for purpose of showing Defendants submitted response; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1142 | Defendants' Plan to Provide Enhanced Outpatient Program (EOP) care in Reception Centers, filed July 31, 2006, with Revised Reception EOP Plan, sent December 3, 2007. | Col. Docket No. 1928, +.pdf | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1143 | Defendants' Response to Court Order to Address Staffing Vacancies Within DMH, filed May 16, 2007. | Col. Docket No. 2219 | Hearsay -- Fed.R.Evid. 802; Relevance -- Fed.R.Evid. 402; Stipulate as to authenticity and for purpose of showing Defendants submitted response; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1144 | Defendants' Response to Special Master Keating's Recommendations in 16th Round Report Concerning CDCR Mental Health Clinician's Salaries, filed December 7, 2006. | Col. Docket No. 2067 | A; Stipulate as to authenticity and for purpose of showing Defendants submitted response; Hearsay under FRE 802 to the extent offered to show the described responses has been implemented and as to truth/accuracy of statements in document; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that  address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1145 | Department of Mental Health's May 2007 plan to increase mental health clinician salaries, with June 2007 court order approving plan. | Col. Docket Nos. 2222, 2301 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that  address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1146 | *Coleman* Order of October, 2004 and Defendants' Plan to Provide Regionalized Care to Exhibitionists, sent July 2007, with amending memoranda and form, dated August 31, 2007. (Subject to Protective Order and Under Seal) | Col. Docket No. 1598 and DESF0 58661- DEFS0 58675 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1152 | Filed compliance statement concerning implementation of plan to train and implement policy for correctional officers to provide cardiopulmonary resuscitation to inmates. | Col. Docket No. 2346 | Stipulate as to authenticity and for purpose of showing Defendants submitted compliance statement; Hearsay under FRE 802 to the extent offered to show the truth of statements therein; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1153 | Filed compliance statements concerning implementation of plans to provide televisions and other appliances to administrative segregation inmates, dated March 12, 2007. | Col. Docket No. 2363 | Stipulate as to authenticity and for purpose of showing Defendants submitted compliance statement; Hearsay under FRE 802 to the extent offered to show the truth of statements therein; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1154 | Filed compliance statements concerning implementation of plans to evaluate non-board eligible psychiatrists for competency. | Col. Docket No. 2748 | Stipulate as to authenticity and for purpose of showing Defendants submitted compliance statement; Hearsay under FRE 802 to the extent offered to show the truth of statements therein; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1156 | *Coleman* Defendant DMH plan to activate 231 beds at Atascadero State Hospital. | Col. Docket No. 2580 | Hearsay -- Fed.R.Evid. 802; Relevance -- Fed.R.Evid. 402; tipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Defendants contend that the plan to activate beds is relevant to receiving care and is relevant to Phase I. Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1157 | *Coleman* Defendants' Supplemental Report Regarding Television and Radio Accessibility in Administrative Segregation unit, filed August 21, 2007. | Col. Docket No. 2382 | Stipulate as to authenticity and for purpose of showing Defendants submitted report; Hearsay under FRE 802 to the extent offered to show the truth of the matters asserted; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1158 | *Coleman* Defendants' feasibility reports on Coalinga State Hospital, filed November 2006 and Coalinga State Hospital amended feasibility report, filed December 4, 2006. | Col. Docket No. 2014, 2092 | Hearsay -- Fed.R.Evid. 802; Relevance -- Fed.R.Evid. 402 | Feasibility reports are submitted to show fact that analysis occurred and it is not offered for the truth.  Fed. R. Evid. 801(d). | Withdraw Objection If Offered Only for Purpose Stated Here. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1159 | *Coleman*/CDCR Defendants' response to court order for plan to address mental health assessment needs of CCCMS inmates subject to discipline, filed October 1, 2007. | Col. Docket No. 2440 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1160 | *Coleman*/CDCR Defendants' response to court order for plan to address recruitment, filed October 1, 2007. | Col. Docket No. 1807 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1162 | Misener/Navigant mental health and overall CDCR population forecast, annual report of July 2007, report of August 2007 (and any ongoing reports), and contract, report of June 2008. | DEFS0 04609- DEFS0 04642 | Hearsay -- Fed.R.Evid. 802; Lack of Foundation -- Fed.R.Evid. 901 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show fact occurred in conformance with Court order to hire Navigant and to do forecasts and to do bed plans in conformance with the forecasts. | Withdraw Objection If Offered Only for Purpose Stated Here. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1175 | *Coleman* Defendants' Mental Health Bed Plan of July 2008 (produced on July 16, 2008) and its attached projections of the mental health population prepared by Navigant consulting group. | DEFS0 58748- DEFS0 58777 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan and population forecast; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that  address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1177 | Defendants' May 1, 2008 enhanced referral strategy to provide mental health assessments for CCCMS inmates within the disciplinary process | DEFS0 58740- DEFS0 58743 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that  address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1178 | Defendants' May 1, 2008 further plan to enhance referral strategy for intermediate care beds at Atascadero State Hospital. | DEFS0 58884- DEFS0 58891 | Hearsay -- Fed.R.Evid. 802; Relevance -- Fed.R.Evid. 402 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that  address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

**COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P**
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1179 | Defendants' May 1, 2008 further plan to provide EOP care in Reception Centers. | DEFS0 58892-DEFS0 58896 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1180 | Defendants' May 1, 2008 further plan to provide EOP care in administrative segregation centers. | DEFS0 58897-DEFS0 059013 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1181 | Defendants' May 1, 2008 further plan to enhance recruitment efforts and strategies. | DEFS0 59014-DEFS0 59041 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Stated Here. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1182 | Correspondence of the Department of Finance to the Legislature, dated May 13, 2008 and May 14, 2008, seeking funds for third watch staffing of exercise yards in certain prisons as well as to obtain budgetary approval of certain positions identified in the mental health workload study. | DEFS0 59042- DEFS0 59065 | Hearsay -- Fed.R.Evid. 802; Relevance -- Fed.R.Evid. 402 | Not offered to show truth, offered to show act therefore admissible. Defendants contend that this is relevant to Phase I. | Withdraw Objection If Offered Only for Purpose Stated Here. |
| I./II. | 1184 | CDCR Adult Programs Rehabilitative Programming Reform Project Work Plan | DSUP P0047 98- DSUP P0050 12 | Hearsay if offered to show that any implementation steps took place on the dates indicated in the project plannnig charts -- Fed.R.Evid. 802 | Offered to show implementation steps have been taking place. | Withdraw Objection If Offered Only for Purpose Stated Here. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1190 | Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) Report, dated September 2008. | DEFS0 58191- DEFS0 58230 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance. This is a spreadsheet first produced 11/14/08, with what appears to by *several dozen sub-parts*, with acrononyms that are not known or explained, numbers etc. that are not referenced to any source data, compiled by who knows who, etc. | The Defendants are offering Exhibit 1190 (COMPAS) for the limited purpose to show that CDCR has developed and is using a risk and needs tool. This exhibit is not being offered for the truth of the actual data that has been derived from COMPAS. | Consistent with Defendants' response, Plaintiffs request that the Court issue an order stating that D-1190 is admitted only for the purpose of showing that "CDCR has implemented the Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) instrument." The quoted language is from the Trial Affidavit of Thomas Hoffman at page 8:23-25, which sponsors D-1190 as evidence of the truth of the quote. The underlying risk and needs numbers were never made available to Plaintiffs for verification as required by FRE 1006. Therefore, Plaintiffs request that the Court not admit this exhibit for the truth of the risk and need evaluations in the charts, but only for the purpose of showing that CDCR has a risk and needs program underway, as stated in the Trial Affidavit of Thomas Hoffman at pages 8:23 to 9:19 (Coleman Docket No. 3148). |
| I./II. | 1193 | *Coleman* Defendants submitted plan to provide mental health care to *Valdivia* members, dated September 2008. | DEFS0 59096- DEFS0 590182 | Inadmissible evidence of changes in prison conditions after August 30, 2008 -- July 2, 2008 Order at 3:6-7; Hearsay, to the extent it is offered to show that any plan stated therein is actually being implemented -- Fed.R.Evid. 802. Foundation, as this is a draft plan, and still being negotiated. It cannot be presented as if it were a final plan -- Fed.R.Evid. 901 | Draft plan is pending approval of the Special Master and was negotiated through August with Plaintiffs. Offered to show that a plan memoralizng those August negotiations was proffered. The implementation of the mental health portion of the plan is shown on the exhibit regarding referral of CDCR parolees to higher level of care. | Withdraw Objection If Offered Only for Purpose Stated Here. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| II. | 1212 | Jack Leonard, Megan Garvey and Doug Smith, *Releasing Inmates Early Has a Costly Human Toll*, Los Angeles Times, May 14, 2006. | MAR00 2538 | Hearsay -- Fed.R.Evid. 802; also extent offered for the summary of data, improper compilation -- Fed.R.Evid. . . FRE 1006. | Defendants will withdraw this exhibit | On 12/4/2008, Deputy Attorney General Danielle O'Bannon informed Plaintiffs that Defendants will withdraw this exhibit. |
| I./II. | 1235 | Demonstrative Exhibit - Staffing Progress for Medical and Mental Health | Produc ed 11/06 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance. This chart is created for litigation; souce is identified as Defs' Trial Exh. No. 1263, but this document was not provided; no identification of who compiled, etc.; produced after individuals who could discuss chart's contents had already been deposed; | This exhibit depicts an appropriate chart or summary of relevant populations, locations, and/or statistics of the subject matter identified at the time(s) indicated.  It is based on information equally available to Plaintiffs, and was gathered from entities or persons that Plaintiffs have either previously deposed or had the opportunity to depose.  The subject matter addressed is relevant to issues before the Court in Phase I of trial in this matter.  Admissible under the business records exception. Fed. R. Evid. 803 (6). | Please see main body of the joint statement for full Reply.  The underlying data identified by Defendants, D-1263 is itself a litigation summary, not a business record.  Thus, this summary cannot be admissible under either Rule 803(6) or Rule 1006. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1236 | Demonstrative Exhibit -- Summary of Trends and Suicide Trends (Robert Canning). | Produced 11/06 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance. This chart is created for litigation; no source for underlying data identifed; no identification of who compiled, etc.; produced after individuals who could discuss chart's contents had already been deposed; Objection for reasons articulated in Plaintiffs' motion to strike in connection with Defendants' MIL 10 | This exhibit depicts an appropriate chart or summary of relevant populations, locations, and/or statistics of the subject matter identified at the time(s) indicated. It is based on information equally available to Plaintiffs, and was gathered from entities or persons that Plaintiffs have either previously deposed or had the opportunity to depose. The subject matter addressed is relevant to issues before the Court in Phase I of trial in this matter. Admissible under the business records exception. Fed. R. Evid. 803 (6). Defendants have provided Plaintiffs with the source information for this exhibit. | Defendants' assertion of the business record exception, FRE 803(6), is beside the point. This bar chart purports to summarize voluminous records of suicides, and must therefore meet the FRE 1006 requirement that the data used to compile the chart be made available at a "reasonable time," "to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial." Amarel v. Connell, 102 F.3d 1494, 1516 (9th Cir. 1996). The proponent of a summary has an affirmative obligation to make the raw data available even if it is not demanded in discovery. Air Safety, Inc. v. Roman Catholic Archbishop of Boston, 94 F.3d 1, 8 (1st Cir. 1996). In the meet and confer process, Plaintiffs demanded the raw data, and received only a single sheet of paper with no data at all, but just with the formulas used to calculated the moving average line in the chart. |
| II. | 1241 | Demonstrative Exhibit -- Summary of State Sevices Available to Parolees. | | phase 2 | Defendants have omitted this exhibit. | As of 12/6/08, Plaintiffs have received no copy of D-1241 from Defendants. |
| II. | 1242 | Demonstrative Exhibit -- Summary of CDCR Parolee Assistance Programs. | Produced 11/06 | phase 2 | Defendants have updated its Exhibit List to provide the appropriate name for this Exhibit. | The chart produced as Ex. 1242 is titled "Mental Health Programs at CDCR Institutions." It is a map with MHSDS programs and capacities. It does not appear to match the title given here. Plaintiffs have no objection to the map. No "Summary of CDCR Parolee Assistance Programs" has been produced to Plaintiffs. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1245 | Demonstrative Exhibit -- Hiring Progress Report- Six Month Vacancy Summary | Produced 11/06 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance. This chart does not identify with any specificity underlying source data; no identification of who compiled, etc.; Produced after individuals who could discuss chart's contents had already been deposed | This exhibit depicts an appropriate chart or summary of relevant populations, locations, and/or statistics of the subject matter identified at the time(s) indicated. It is based on information equally available to Plaintiffs, and was gathered from entities or persons that Plaintiffs have either previously deposed or had the opportunity to depose. The subject matter addressed is relevant to issues before the Court in Phase I of trial in this matter. Admissible under the business records exception. Fed. R. Evid. 803 (6). The source data for this chart was obtained from the State Controllers Office database. | Defendants' assertion of the business record exception, FRE 803(6), is beside the point. This table purports to summarize systemwide "established" and "filled" positions. Defendants have not provided the source data, and in an email on December 4, 2008, stated that they would provide it at some future date. FRE 1006 requirement that the data used to compile the chart be made available at a "reasonable time," "to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial." Amarel v. Connell, 102 F.3d 1494, 1516 (9th Cir. 1996). |
| I./II. | 1246 | Demonstrative Exhibit -- AllNumbers_BasedOnSCO2_revised_10-15-08 | Produced 11/06 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance. This chart appears created for litigation; does not identify with any specificity underlying source data; no identification of who compiled, etc.; Produced after individuals who could discuss chart's contents had already been deposed | This exhibit depicts an appropriate chart and is based on information equally available to Plaintiffs, and was gathered from entities or persons that Plaintiffs have either previously deposed or had the opportunity to depose. The subject matter addressed is relevant to issues before the Court in Phase I of trial in this matter. Admissible under the business records exception. Fed. R. Evid. 803 (6). The source data for this chart was obtained from the State Controllers Office database. | Defendants' assertion of the business record exception, FRE 803(6), is beside the point. This bar graph purports to summarize systemwide "established" and "filled" positions. Defendants have not provided the source data, and in an email on December 4, 2008, stated that they would provide it at some future date. FRE 1006 requirement that the data used to compile the chart be made available at a "reasonable time," "to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial." Amarel v. Connell, 102 F.3d 1494, 1516 (9th Cir. 1996). |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P
*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*
**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| II. | 1248 | Demonstrative Exhibit -- August 2008 Risk - Need Sacramento | Produced 11/06 | FRE 1006, summary of voluminous data that has not been made available to Plaintiffs within a reasonable time to allow verification of the data, or deposition of persons who complied it. | The Defendants are offering Exhibit 1248 (COMPAS) exhibit as identified in Mr. Hoffman's declaration. The information is offered to show that Defendants have developed a risk and need tool. The exhibit will not be offered to show any truth of the actual data that has been derived from COMPAS. COMPAS charts are regularly created to assist DAPO and CDCR in the management of its population. COMPAS data is regularly put into chart format. Ms. Carrie Daves operates the COMPAS software as part of her regularly performed duties. | Plaintiffs request that the Court accept this exhibit into evidence only for the limited purpose of showing that Defendants have developed a risk and needs tool and not for the truth of the risk data summarized in the map and charts. |
| II. | 1249 | Demonstrative Exhibit -- August 2008 Risk - Need San Diego | Produced 11/06 | FRE 1006, summary of voluminous data that has not been made available to Plaintiffs within a reasonable time to allow verification of the data, or deposition of persons who complied it. | The Defendants are offering Exhibit 1249 (COMPAS) as identified in Mr. Hoffman's declaration. The information is offered to show that Defendants have developed a risk and need tool. The exhibit will not be offered to show any truth of the actual data that has been derived from COMPAS. COMPAS charts are regularly created to assist DAPO and CDCR in the management of its population. COMPAS data is regularly put into chart format. Ms. Carrie Daves operates the COMPAS software as part of her regularly performed duties. | Plaintiffs request that the Court accept this exhibit into evidence only for the limited purpose of showing that Defendants have developed a risk and needs tool and not for the truth of the risk data summarized in the map and charts. |
| II. | 1263 | Staffing Reports from SCO's Established Position File | DEFS0 056436-DEFS0 57544 | FRE 1006, summary of voluminous data that has not been made available to Plaintiffs within a reasonable time to allow verification of the data, or deposition of persons who complied it. | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Please see main body of the joint statement for full Reply regarding this exhibit and D-1235. The data identified by Defendants, D-1263 is a litigation summary, not a business record. Thus, this summary cannot be admissible under either Rule 803(6) or Rule 1006. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1288 | California Department of Corrections and Rehabilitation's Recruitment Plan, dated November 2007. | Col. Docket No. 2442 | Stipulate as to authenticity and for purpose of showing Defendants submitted plan; Hearsay under FRE 802 to the extent offered to show the described plan has been implemented and as to truth/accuracy of statements in plan; also hearsay within hearsay under FRE 805 | Admissible under the business records exception. Fed. R. Evid. 803 (6). Offered to show Defendants have proposed plans based upon relevant data that address various issues arising from the development of a mental health services delivery system in California prisons. | Withdraw Objection If Offered Only for Purpose Statedd Here. |
| I./II. | 1290 | Demonstrative Exhibit - CDCR Waitlist Trends | DEFS0 59247- DEFS0 59253 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance. This chart is created for litigation; no source for data identified; provides no identification of who compiled, etc.; produced after individuals who could discuss chart's contents had already been deposed | This exhibit depicts an appropriate chart or summary of relevant populations, locations, and/or statistics of the subject matter identified at the time(s) indicated. It is based on information equally available to Plaintiffs, and was gathered from entities or persons that Plaintiffs have either previously deposed or had the opportunity to depose. The subject matter addressed is relevant to issues before the Court in Phase I of trial in this matter. Admissible under the business records exception. Fed. R. Evid. 803 (6). | This series of bar graphs purports to show changes in wait lists for higher levels of care in the Mental Health Services Delivery System. FRE 1006 requires that the materials being summarized "shall be made available for examination or copying, or both, by other parties at reasonable time or place." The underlying data has not been made available for verification by Plaintiffs counsel as late as December 6, 2008. |
| II. | 1300 | COMPSTAT Monitoring of Program Utilization | DEFS0 55104- DEFS5 5107 | FRE 1006, summary of voluminous data that has not been made available to Plaintiffs within a reasonable time to allow verification of the data, or deposition of persons who complied it. | COMPSTAT is monitoring tool used to verify information. COMPSTAT is not being offered for the truth for the truth of the actual data that has been derived from COMPSTAT. It is used in the regular course of business. | Plaintiffs request that the Court accept this exhibit into evidence only for the limited purpose of showing that Defendants are using COMPSTATE and not for the truth of the data summarized in the exhibit. |

COLEMAN/PLATA - 3-JUDGE COURT/USDC, ND, C01-1351 TEH/USDC, ED, 90-CV-0520 LKK JFM P

*Phase I Exhibits Still In Dispute on 12/8/08 After Meet and Confer*

**Defendants' Joint Trial Exhibits, Plaintiffs' Objections and Defendants' Responses**

| Phase I / II | Exh. No. | Exhibit Name | Bate # / ID | Plaintiffs' Objections | Defendants' Responses | Plaintiffs' Reply |
|---|---|---|---|---|---|---|
| I./II. | 1308 | Mentally Ill Parolee Population Report. | DEFS0 55890- DEFS0 55897 | Stipulate to authenticity and admissibility except as to the purported "Recidivism Rates of Mentally Ill Parolees" table at page 4 as hearsay and an improper summary that fails to meet the requirements of FRE 1006 that the underlying data be made available. The underlying data has not been made available. the author of this document, Robert Storms, testified in deposition that the information for this chart came from an outside research organization and thus was not collected in the ordinary course of business. In addition, Mr. Storms was unable to account for the manner in which the purported recidivism calculations were made. (Depo. of Robert Storms, 79:3-15; 84:8-87:25.) | Offered to show identification of projects occurred. Relevant to Phase I issues. | Consistent with Defendants' Response, Plaintiffs request that the Court accept this exhibit into evidence only for the limited purpose of showing that "identification of projects occurred" regarding meeting the needs of parolees with mental illness. Plaintiffs request that the exhibit not be accepted for the truth of the matters asserted in the purported recidivism table at page 4 because Defendants have not disputed that the numbers reported in the table are hearsay, and are an improper summary under FRE 1006. |
| I./II. | 1312 | Assignment to identify HSCD projects. | DEFS0 57617- DEFS0 57619 | Improper summary or compilation -- Fed.R.Evid. 1006; also foundation, authenticity, relevance; Heasary, Fed.R.Evid. 802. This is a spreadsheet first produced 11/14/08, no information provided regarding source of data, method of compilation, compiler, etc.; from exhibit description, it appears to be unsworn out-of-court testimony offered for the truth of the matters asserted. | Offered to show identification of projects occurred. Relevant to Phase I issues. | Withdraw Objection If Offered Only for Purpose Statedd Here. |