PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>  Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>  Defendants. | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>  Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>  Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

Plaintiffs submit the following objections to the trial affidavit of Todd Spitzer, a Republican State Assembly member who represents the 71st Assembly District, and Defendant Legislator Intervenors submit the following responses.

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 4:5-6 ("California has a 70% recidivism rate, which means 70% of released offenders go on to commit new crimes.") | Lacks foundation. Mistakes evidence. The 70% recidivism rate does not refer to "new crimes." | The Legislator Intervenors adopt the definition of recidivism used by the California Department of Corrections and Rehabilitation.<br><br>There is adequate foundation. As a former state legislator and former Chair of the Select Committee on Prison Construction and Operations, Mr. Spitzer has personal knowledge of California's recidivism rate. | | |
| Page 5:19-22 ("Consistent with statements made by the Receiver appointed by Judge Henderson in *Plata v. Schwarzenegger*, Clark Kelso, I believe that overcrowding is not the primary cause of any constitutional inadequacies in the delivery of medical or mental healthcare. Rather, issues such as funding and staffing are the primary hindrances to CDCR's provision of health care.") | Hearsay as to Kelso statements. Lacks foundation. Improper lay opinion pursuant to FRE 701. Defendant intervenors have not designated Mr. Spitzer as an expert pursuant to FRE 702 and he is not qualified to make these statements. Nor was he designated to testify on Phase I issues. Inadmissible legal conclusion. | Mr. Spitzer, as a former California State Assemblyman, has particularized knowledge that is admissible under FRE 701, based on, *inter alia*, his personal knowledge of the Receiver's discussions with the Legislature, public statements about the Receiver's progress, and Mr. Spitzer's interactions with CDCR administrators in his capacity as a state legislator.<br><br>Moreover, although the Legislator Intervenors offer Mr. Spitzer's opinion as lay | | |

-1-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | testimony, we are willing to lay foundation for his expert knowledge of California corrections if the court desires or requires.<br><br>The public records exception to the hearsay rule applies to the statements made by the Receiver, Clark Kelso, referred to by Assemblyman Spitzer. FRE 803(8). The Receiver is an officer of the *Plata* court, and his statements about his ability to provide health care in overcrowded conditions were made as part of investigations he made pursuant to authority granted by law and at the direction of the *Plata* Court.<br><br>In the alternative, FRE 807 applies to the Receiver's statements. The Receiver's statements at public press briefings and in documents filed with the *Plata* Court were made under circumstances guaranteeing trustworthiness. Receiver Kelso is describing the state of the prison health care system. The interests of justice will best be served by admission of the statements into evidence. | | |

-2-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | Plaintiffs are also estopped from objecting to statements made by the Receiver as they have offered such statements and reports from the Receiver throughout these proceedings and continue to advocate that the documents and statements are admissible under FRE 106, 803(6), 803(8) and are otherwise judicially noticeable pursuant to FRE 201.  *See Plata* Dkt # 1914; *Coleman* Dkt # 3375.  Further, FRE 106 and the Doctrine of Completeness allows the Legislator Intervenors to introduce statements made by the Receiver and omitted by the Plaintiffs to afford a more complete view of the evidence related to the Receiver presented to the Court.<br><br>Finally, as the Receiver was appointed by the *Plata* Court (*Plata* Dkt # 473), and, as an arm of that Court, he has been directed to bring the provision of medical services by the California Department of Corrections and Rehabilitation into constitutional compliance (*id.*), the Legislator Intervenors | | |

-3-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | request that documents, filings, and public statements made by the Receiver be accorded judicial notice pursuant to FRE 201. | | |
| Page 6:6-7 ("It is the Receiver's efforts, rather than an early release order or prison cap, that are the most effective way to address the underlying issues in these law suits—health care delivery in CDCR institutions.") | Improper lay opinion pursuant to FRE 701. Defendant intervenors have not designated Mr. Spitzer as an expert pursuant to FRE 702 and he is not qualified to make this statement. Inadmissible legal conclusion. | Mr. Spitzer, as a former California State Assemblyman, has particularized knowledge that is admissible under FRE 701, based on, *inter alia*, Mr. Spitzer's personal knowledge of the Receiver's discussions with the Legislature, public statements about the Receiver's progress, and Mr. Spitzer's interactions with CDCR administrators in his capacity as a state legislator.<br><br>Moreover, although the Legislator Intervenors offer Mr. Spitzer's opinion as lay testimony, we are willing to lay foundation for his expert knowledge of California corrections if the court desires or requires. | | |
| Page 6:9-10 ("Attached hereto as Exhibit D is a true and correct copy of a DVD of an August 13, 2008 press briefing held by Clark Kelso at the Sacramento Press Club.") | Hearsay as to Exhibit D. | The public records exception to the hearsay rule applies. FRE 803(8). The Receiver is an officer of the *Plata* court, and his statements about his ability to provide health care in overcrowded conditions were made as part of | | |

-4-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | investigations he made pursuant to authority granted by law and at the direction of the *Plata* Court. <br><br> In the alternative, FRE 807 applies. The Receiver's statements at a public press briefing were made under circumstances guaranteeing trustworthiness. Receiver Kelso is describing the state of the prison health care system at the time of the press briefing. The interests of justice will best be served by admission of the statement into evidence. The Plaintiffs have had notice that this exhibit will be offered into evidence since the week of October 30, 2008. <br><br> FRE 803(3): The exhibit is also being offered to show the Receiver's state of mind. <br><br> Plaintiffs are also estopped from objecting to statements made by the Receiver as they have offered such statements and reports from the Receiver throughout these proceedings and continue to advocate that the documents and statements are | | |

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | admissible under FRE 106, 803(6), 803(8) and are otherwise judicially noticeable pursuant to FRE 201. *See Plata* Dkt # 1914; *Coleman* Dkt # 3375. Further, FRE 106 and the Doctrine of Completeness allows the Legislator Intervenors to introduce statements made by the Receiver and omitted by the Plaintiffs to afford a more complete view of the evidence related to the Receiver presented to the Court.<br><br>Finally, as the Receiver was appointed by the *Plata* Court (*Plata* Dkt # 473), and, as an arm of that Court, he has been directed to bring the provision of medical services by the California Department of Corrections and Rehabilitation into constitutional compliance (*id.*), the Legislator Intervenors request that documents, filings, and public statements made by the Receiver be accorded judicial notice pursuant to FRE 201. | | |
| Page 6:11-12 ("Consistent with Mr. Kelso's statements during that briefing, CDCR's provision of health care delivery does not primarily hinge on | Hearsay. Improper lay opinion pursuant to FRE 701. Defendant intervenors have not designated Mr. Spitzer as an expert pursuant to | The public records exception to the hearsay rule applies. FRE 803(8). The Receiver is an officer of the *Plata* court, and his statements | | |

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| population level.") | FRE 702 and he is not qualified to make this statement. Inadmissible legal conclusion. | about his ability to provide health care in overcrowded conditions were made as part of investigations he made pursuant to authority granted by law and at the direction of the *Plata* Court.<br><br>FRE 807: The Receiver's statements at a public press briefing were made under circumstances guaranteeing trustworthiness. Receiver Kelso is describing the state of the prison health care system at the time of the press briefing. The interests of justice will best be served by admission of the statement into evidence.<br><br>FRE 803(3): The statements referred to by Assemblyman Spitzer show the Receiver's state of mind.<br><br>Plaintiffs are also estopped from objecting to statements made by the Receiver as they have offered such statements and reports from the Receiver throughout these proceedings and continue to advocate that the documents and statements are admissible under FRE | | |

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | 106, 803(6), 803(8) and are otherwise judicially noticeable pursuant to FRE 201.  *See Plata* Dkt # 1914; *Coleman* Dkt # 3375.  Further, FRE 106 and the Doctrine of Completeness allows the Legislator Intervenors to introduce statements made by the Receiver and omitted by the Plaintiffs to afford a more complete view of the evidence related to the Receiver presented to the Court.<br><br>Furthermore, as the Receiver was appointed by the *Plata* Court (*Plata* Dkt # 473), and, as an arm of that Court, he has been directed to bring the provision of medical services by the California Department of Corrections and Rehabilitation into constitutional compliance (*id.*), the Legislator Intervenors request that documents, filings, and public statements made by the Receiver be accorded judicial notice pursuant to FRE 201.<br><br>Moreover, this is proper lay opinion under FRE 701.  Mr. Spitzer is a former California State Assemblyman who has particularized knowledge, and this | | |

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | statement is admissible under FRE 701, based on, *inter alia*, Mr. Spitzer's personal knowledge of the Receiver's discussions with the Legislature, public statements about the Receiver's progress, and Mr. Spitzer's interactions with CDCR administrators in his capacity as a state legislator.<br><br>Mr. Spitzer is not offering expert testimony or legal conclusions in this statement. Rather, he is basing his lay opinions on particularized personal knowledge gathered during his service as a California State Assemblyman.<br><br>Although the Legislator Intervenors offer Mr. Spitzer's opinion as lay testimony, we are willing to lay foundation for his expert knowledge of California corrections if the court desires or requires. | | |
| Page 6:14-21 ("During that briefing, Mr. Kelso, stated, in response to a question regarding the effects of overcrowding on health care provision, "I'm just not seeing difficulty in providing medical services no matter what the population is." Exhibit D at | Hearsay. | The public records exception to the hearsay rule applies. FRE 803(8). The Receiver is an officer of the *Plata* court, and his statements about his ability to provide health care in overcrowded conditions were made as part of | | |

-9-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| 30:00 minutes. Thus, according to the Receiver, the Receivership can provide constitutional healthcare in CDCR institutions, regardless of the size of the inmate population. Id.. As Mr Kelso continued, "it's a question of how much you're willing to spend for it." Id. Mr. Kelso also stated, "I think we've discovered that you actually can provide care and certainly our plan and turnaround plan – we believe we can provide constitutional levels of care no matter what the population is." Id. at 31:20 minutes.") | | investigations he made pursuant to authority granted by law and at the direction of the *Plata* Court.<br><br>FRE 807: The Receiver's statements at a public press briefing were made under circumstances guaranteeing trustworthiness. Receiver Kelso is describing the state of the prison health care system at the time of his press briefing. The interests of justice will best be served by admission of the statement into evidence.<br><br>FRE 803(3): The briefing referred to by Assemblyman Spitzer establishes the Receiver's state of mind.<br><br>Plaintiffs are also estopped from objecting to statements made by the Receiver as they have offered such statements and reports from the Receiver throughout these proceedings and continue to advocate that the documents and statements are admissible under FRE 106, 803(6), 803(8) and are otherwise judicially noticeable pursuant to | | |

-10-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | FRE 201.  *See Plata* Dkt # 1914; *Coleman* Dkt # 3375.  Further, FRE 106 and the Doctrine of Completeness allows the Legislator Intervenors to introduce statements made by the Receiver and omitted by the Plaintiffs to afford a more complete view of the evidence related to the Receiver presented to the Court.<br><br>Finally, as the Receiver was appointed by the *Plata* Court (*Plata* Dkt # 473), and, as an arm of that Court, he has been directed to bring the provision of medical services by the California Department of Corrections and Rehabilitation into constitutional compliance (*id.*), the Legislator Intervenors request that documents, filings, and public statements made by the Receiver be accorded judicial notice pursuant to FRE 201. | | |
| Page 7:4-6 ("Attached hereto as Exhibit E is a true an correct copy of an article by Jack Leonard et al. titled "Releasing Inmates Early Has a Costly Human Toll," published by the Los Angeles Times on May 14, 2006 ("L.A. Times Early Release Study").) | Hearsay as to Exhibit E.  Lacks foundation.  Also mischaracterizes the document, which is a newspaper article, not an "Early release Study." | FRE 803(6); FRE 803(8); FRE 807: The Los Angeles Times Study contains information provided by the Los Angeles County Sheriff's Department and the L.A. Superior Court; this information was collected in the normal course of | | |

-11-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | business activity and it consists of public records of early release and recidivism rates.<br><br>The newspaper article is correctly characterized as a "study," as it contains the Los Angeles Times' independent analysis of statistics provided by the Los Angeles Sheriff's Department, as well as results from an independent investigation of crimes resulting from early release. | | |
| Page 7:7-13 ("The L.A. Times Early Release Study makes evidence precisely how dangerous early release is, even at the county jail level. Exhibit E. Nearly 16,000 inmates who were rearrested and charged with new crimes when they were supposed to be serving jail time [sic], and sixteen of those men were charged with homicides. *Id.* Moreover, more than a fourth of those rearrested were charged with violent or life-endangering crimes. These are the effects of a population cap in one county jail system. County jails generally house lower level offenders than state prisons. Imposing a population cap statewide, at the state prison level, would likely have far more drastic consequences.") | Hearsay. Lacks foundation. Improper lay opinion pursuant to FRE 701. Defendant intervenors have not designated Mr. Spitzer as an expert pursuant to FRE 702 and he is not qualified to make these statements. Inadmissible legal conclusion that "[i]mposing a population cap statewide, at the state prison level, would likely have far more drastic consequences." | FRE 803(6); FRE 803(8); FRE 807: The Los Angeles Times Study contains information provided by the Los Angeles County Sheriff's Department and the L.A. Superior Court; this information was collected in the normal course of business activity and it consists of public records of early release and recidivism rates.<br><br>Moreover, this is proper lay opinion under FRE 701. Mr. Spitzer is a former California State Assemblyman who has particularized knowledge, and this statement is admissible under FRE 701, based on, *inter alia*, Mr. Spitzer's personal | | |

-12-

PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | knowledge of the Receiver's discussions with the Legislature, public statements about the Receiver's progress, and Mr. Spitzer's interactions with CDCR administrators in his capacity as a state legislator.<br><br>Mr. Spitzer is not offering expert testimony or legal conclusions in this statement. Rather, he is basing his lay opinions on particularized personal knowledge gathered during his service as a California State Assemblyman.<br><br>Moreover, although the Legislator Intervenors offer Mr. Spitzer's opinion as lay testimony, we are willing to lay foundation for his expert knowledge of California corrections if the court desires or requires. | | |
| Page 7:14-17 ("The inmates who would be released early have not had the opportunity to spend time in reentry facilities or rehabilitative programming, because AB900 has not been carried out as promised, and because of overcrowding. Thus, there is a high likelihood that they will reenter their communities and commit | Lacks foundation. Improper lay opinion pursuant to FRE 701. Defendant intervenors have not designated Mr. Spitzer as an expert pursuant to FRE 702 and he is not qualified to make these statements. Inadmissible legal conclusion. | As a former California State Assemblyman, Mr. Spitzer has particularized knowledge that is admissible under FRE 701, based on, *inter alia*, Mr. Spitzer's interactions with CDCR administrators in his capacity as a state legislator, his responsibilities as | | |

-13-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

| Affidavit Page/ Line No. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| new crimes.") | | former chair of the Special Select Committee on Prison Construction and Operations, and his role as a participant in legislative hearings and debate surrounding the passage of AB 900 in his capacity as a legislator.<br><br>Mr. Spitzer is not offering expert testimony or legal conclusions in this statement. Rather, he is basing his lay opinions on particularized personal knowledge gathered during his service as a California State Assemblyman.<br><br>Moreover, although the Legislator Intervenors offer Mr. Spitzer's opinion as lay testimony, we are willing to lay foundation for his expert knowledge of California corrections if the court desires or requires. | | |

Dated:  December 9, 2008

Respectfully submitted,

*/s/ Amy Whelan*
Amy Whelan
Rosen, Bien & Galvan
Attorneys for *Coleman* Plaintiffs and on Behalf of *Plata* Plaintiffs

-14-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]

Dated: December 9, 2008                     Respectfully submitted,

*/s/ Steven S. Kaufhold*
Steven S. Kaufhold
Akin Gump Strauss Hauer and Feld LLP
Attorneys for Republican Senator and
Assembly Member Intervenors

-15-
PLAINTIFFS' OBJECTIONS TO TRIAL AFFIDAVIT OF TODD SPITZER AND DEFENDANT LEGISLATOR INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[259926-1]