PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

Jerry Dyer has submitted one expert report in this action, dated September 15, 2008. Plaintiffs submit the following objections to this report; plaintiffs have not received defendant-intervenor's responses by the date and time of this filing.

| Report Page and location | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 5, second and third full paragraphs:<br><br>stating the number of parolees currently residing within the County of Fresno, the number in the City of Fresno, the number paroled each month to Fresno, the commitment offenses for parolees in the County of Fresno, and stating (in third paragraph) that:<br><br>"According to Parole Agent Daniel Renteria, the majority of the listed commitment offenses are not the result of a first time conviction. Most of these offenders have multiple arrests preceding their commitment to prison. In most cases, the first two or three convictions result in diversion or probation commitments." | Lack of personal knowledge. Fed.R.Evid. 602.<br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's statements, statistics, and data appear to rely entirely on what he was told by the named parole agent. | | | |

-1-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 5, fourth full paragraph:<br><br>"Those offenders who are convicted and sentenced to prison can clearly be described as career criminals. Conviction data alone does not describe the harm these offenders do in a community. They are responsible for committing scores of crimes, in addition to the one they are arrested for. Statistics bear out that 10% of these offenders commit over 80% of all crime. Studies indicate the average inmate has committed twelve crimes before being arrested for their commitment offense. | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701.<br><br>If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony is based entirely on, in his words, "statistics" and "studies" that are out-of-court statements presented for the truth of the matters they apparently assert. | | | |

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 5, fifth full paragraph:<br><br>"Of those released from prison, approximately 70% will reoffend within 3 years. However, those convicted of property crimes, to include auto theft, drug offenses, burglary and larcenies, have even higher rates of recidivism." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701.<br><br>If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is in fact an out-of-court statement presented for the truth of the matter. | | | |

[256285-1]    1681060.1    11/26/08

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 6, second full paragraph:<br><br>"Our detectives conservatively estimate that 65% of all identity theft cases involve suspects who are addicted to methamphetamine. These cases can easily involve tens of thousands of dollars in loss. Methamphetamine addicts are involved in approximately 90% of our auto thefts, and 15% of the suspects in domestic violence cases are addicted to Methamphetamine." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, is on its face based on what he was told or information that he read from others. | | | |

-4-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 6, fourth full paragraph:<br><br>"Fresno has the greatest concentration of urban poverty in the nation. Unemployment is 2.5 times greater in Fresno than in any other city of comparable size in California. Our current unemployment hovers around 10 percent." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on these matters, for which expertise in economics, sociology, and statistics is required.<br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 6, fourth full paragraph:<br><br>"This high unemployment rate severely reduces the chance of a released prisoner obtaining employment, | Improper Expert Opinion, or Improper Lay Opinion | | | |

-5-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| making it likely released prisoners will be involved in criminal activity to support their lifestyles." | Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on these matters, for which expertise in criminology and related disciplines, including those regarding employment opportunities. | | | |
| Page 6, fifth full paragraph:<br><br>"Without employment and with continued drug addiction, released prisoners will quickly return to a life of crime. Property crimes, including auto theft, identity theft, burglary and larceny are the most likely crimes these released prisoners will be involved in." | Lacks foundation. Mr. Dyer presents no testimony or evidence that released prisoners, or even some of them, will continue drug addiction or not have employment. Mr. Dyer also provides no testimony or evidence that the particular crimes he lists "are the most likely" to be committed by released prisoners. | | | |

-6-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 6, sixth full paragraph (final paragraph on page):<br><br>"It is expected that crime rates in Fresno will increase dramatically if 1,920 prisoners are released into the community . . . these prisoners represent 10% of the offenders who are committing 80% of the crime . . . Within three years, we can expect that 1,344 released prisoners will commit a crime for which they will be arrested, and that each one of these offenders will have committed at least 12 crimes preceding their re-arrest. These 1,920 released prisoners can be expected to commit over 16,000 felony crimes, the majority of which they will never be held responsible." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on this matters, for which expertise in criminology and related disciplines.<br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 7, first paragraph:<br><br>"All parts of the criminal justice system expect to be | Improper Expert Opinion, or Improper | | | |

-7-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| seriously challenged by the release of these prisoners." | Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what is expected by "all parts" of the criminal justice system. His experience is with police work only. | | | |
| Page 7, third full paragraph:<br><br>The Fresno County District Attorney's Office faces serious resource challenges. Their ability to process cases this year is reduced from last year and they are overwhelmed. The District Attorney's Office would be unable to accept an increased work load and would be faced with the difficult task of prioritizing cases, with the knowledge they will not be able to pursue many serious cases. Priority would be given to violent crimes, and those cases with the most sentencing exposure, thus, it is doubtful that the property crimes that we expect these released prisoners to commit, will receive aggressive | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on these matters, for which expertise prosecution and the management of a prosecutor's office is necessary.<br><br>Alternatively, if offered for the truth | | | |

- 8 -
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| prosecution." | of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 7, fourth full paragraph:<br><br>"Any increased levels of arrests requiring booking would pose a severe challenge for the [Fresno County] jail, and property offenders would be the first to be released or refused in the face of overcrowding." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what the county jail – which his report establishes is run by the County Sheriff -- would do if there were an increase in arrests. | | | |

-9-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| | Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, it is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 7, fifth full paragraph:<br><br>"The Fresno Superior Court will face challenges similar to those of the jail and the District Attorney's Office. Superior Court Judge Gary Hoff, who oversees the felony courts, said the release of 1,920 inmates would burden the courts because of the high recidivism rates of property offenders and that each case would require multiple appearances and court dates. The court services manager conservatively estimates that the workload would increase by 10% and put a drain on court services." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what the impact would be on the superior court of the release of a certain number of inmates.<br><br>Alternatively, and in addition, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's | | | |

-10-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | testimony is largely based on what others (a judge and manager) told him, and those matters are out-of-court statements presented for the truth of the matters asserted. | | | |
| Page 7, sixth full paragraph (final paragraph on page):<br><br>"With little or no accountability, due to the overburdening of the criminal justice system, crime rates will increase." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what the impact would be on crime rates of any asserted lack of accountability due to overburdening. | | | |
| Page 7, sixth full paragraph (final paragraph on page):<br><br>"As crime rates increase, so does the fear in the community. When people become fearful, the tendency is for them to stay in their homes and limit visits to shopping and entertainment venues to avoid being a crime | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, | | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

11

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| victim.  This will have a negative impact on sales tax revenues and businesses already struggling with the lagging economy.  Additionally, new businesses will be hesitant to open in Fresno if crime increases.  This will exacerbate the already high unemployment rates in our city." | experience, training, or education does not qualify him to opine on community fear as it relates to crime rates, the impact of fear on shopping and entertainment, tax revenues, business operations, and unemployment, and the relationship between crime and unemployment. These are complex matters reserved to the field of economists and social scientists.<br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802.  To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or study, it is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 8, first paragraph on page:<br><br>"Currently, parolees in Fresno receive very little supervision.  There is one | Improper Expert Opinion, or Improper Lay Opinion Testimony. | | | |

-12-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| parole agent assigned to one hundred parolees, with the exception of 'third strikers' who are supervised at a ratio of one to 40 and sex offenders who are supervised at a ratio of one to 20. This is an overwhelming caseload, and as a result, a great deal of crime committed in Fresno is committed by offenders on parole." | Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on the level of supervision provided by an agency – the CDCR – that he does not and has not worked for, on whether such caseloads are overwhelming, and whether as a consequence of alleged overwhelming caseload a great deal of crime is committed in Fresno by offenders on parole. Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or study, it is an out-of-court statement presented for the truth of the matter asserted. | | | |

-13-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 8, second full paragraph on page (comprising "Incident #1):<br><br>"On June 9, 2008 . . . – [through and including the final sentence, which ends] -- . . . are methamphetamine users." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or document, it is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 8, third full paragraph on page (comprising "Incident #2):<br><br>"On April 18, 2008 . . . – [through and including the final sentence, which ends] -- . . . likely face additional charges." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or document, it is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 8, last line of page, and Page 9, first five paragraphs of page (comprising "Incident | If offered for the truth of the matters | | | |

-14-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]    1681060.1
11/26/08

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| #3"):<br><br>"Incident #3 [page break] In January 20, 2006 . . . – [through next five paragraphs, to sentence that concludes] . . . of property belonging to the victim." | asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or document, it is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 9, second to last full sentence on the page:<br><br>"In summarizing the impact the premature release of these prisoners will have in the City of Fresno, it is safe to say, the impact will be extremely detrimental to public safety." | Foundation: Mr. Dyer's "summary" is based on the various matters he previously stated in his report, many of which are inadmissible because those matters are improper expert opinion. | | | |
| Page 9, last full sentence on that page:<br><br>"The relationship between property crimes offenders, methamphetamine use, and unemployment cannot be overstated." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine | | | |

-15-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | on the relationships between unemployment, crime and drug use. | | | |
| Page 10 (final paragraph of report):<br><br>"Based on my knowledge of cities within the central valley and their demographics, as well as conversations I have had with police chiefs from these cities, it is my belief that central valley cities such as Stockton, Modesto, Merced, Visalia, etc. will experience the same impact as Fresno in terms of crime should the premature release of inmates occur. These cities have officer to population ratios that are very similar to that of the Fresno Police department, similar unemployment rates to that of the city of Fresno, and a population ratio of methamphetamine addicts that is also similar to ours." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer opines here that the impacts he described on his own county, including those involving the district attorney, county jail, the superior court, sales tax revenues, business activities, and unemployment, would be "the same" in other central valley cities. However, since Mr. Dyer lacks expertise to opine regarding such matters in his own county, he cannot opine on the impact in other counties.<br><br>If offered for the truth of the matters asserted, Hearsay. | | | |

-10-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08
[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him – and he states it is -- it is an out-of-court statement presented for the truth of the matter asserted. | | | |

Dated:  December 9, 2008                            Respectfully submitted,

/s/ Steven Fama
Steven Fama
Attorneys for *Coleman* Plaintiffs and on
Behalf of *Plata* Plaintiffs

-17-
PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENOR'S RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]