PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br> Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, et al., <br> Defendants | No. Civ S 90-0520 LKK-JFM P <br> **THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al., <br> Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, et al., <br> Defendants. | No. C01-1351 TEH <br> **THREE-JUDGE COURT** <br> **PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF DAVID S. BOESCH** |

Plaintiffs submit the following objections to the report of Defendant Intervenor San Mateo County's expert, David S. Boesch, Jr. (*Coleman* Docket 3246, Filed on 10/31/08).[1] Defendant Intervenor San Mateo County has represented that it will respond to the objections at a later date.

## I. PLAINTIFFS' GENERAL OBJECTIONS

Under Federal Rules of Evidence 702, David S. Boesch is not qualified to make many of the opinions and assertions contained in his Expert Report. His comments are not based upon sufficient facts or data, nor are they product of reliable principles and methods. Further, his opinions go beyond his expertise.

## II. DEFENDANT INTERVENOR SAN MATEO COUNTY'S RESPONSE TO PLAINTIFFS' GENERAL OBJECTIONS

[INSERT]

## III. SPECIFIC OBJECTIONS

| Page / Line | Objection | Response |
|---|---|---|
| Page 7:1-3 ("Finally, a number of the comments that follow are a reflection of and embody the policy positions that the California Association of Counties (CSAC) and affiliated local government associations have consistently expressed to the Governor and Legislature.") | Hearsay. Lacks foundation. Not based on personal knowledge. | |
| Page 7:15-17 ("An historic lack of funding for pre- and post-release services has resulted in extraordinarily high recidivism rates, with 70% returning to prison within 24 months of release.") | Hearsay. Lacks foundation. Improper basis for opinion (FRE 703). Improper expert opinion (FRE 702). | |
| Page 7:24-8:2 ("We expect that | Hearsay. Lacks foundation. | |

---

[1] Mr. Boesch also submitted an expert report on August 15, 2008. Plaintiffs do not object separately to that report because Mr. Boesch's trial affidavit (*Coleman* Docket 3246) subsumes the majority of information contained in the expert report. Plaintiffs' objections to the trial affidavit apply equally, however, to similar sections in Mr. Boesch's expert report.

| Page / Line | Objection | Response |
|---|---|---|
| such an order would result in increased crime, an overwhelmed probation and parole service, an exacerbation of our already overcrowded jails, increased rates of recidivism, overloaded court dockets and significant adverse impacts on our ability to provide health, mental health and alcohol and drug addiction services. Effectively, such an action by the Court would serve to give the State carte blanche to devolve its problem to the counties without a corresponding obligation to compensate or the ability of counties to absorb the financial consequences.") | Improper basis for opinion (FRE 703). Improper expert opinion (FRE 702). Assumes facts not in evidence. | |
| Page 8:15-17 ("Any reasonable discussion about early release or a prison population cap cannot be undertaken without also acknowledging and addressing the likely release of elderly and sick inmates who require two or three times greater costs to incarcerate and treat.") | Lacks foundation. Improper basis for opinion (FRE 703). Improper expert opinion (FRE 702). | |
| Page 9:15-17 ("The reality is that counties are not adequately prepared to provide services that will be needed and this potential influx of released prisoners will have a serious, significant and unavoidable adverse ripple effect upon this County's service delivery system.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). | |
| Page 9:22-24 ("If significant numbers of prison inmates are released into our communities— communities that in many cases are already ill equipped to deal with existing service demands— numerous counties' programs and | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Hearsay. | |

| Page / Line | Objection | Response |
|---|---|---|
| services will be stretched beyond the breaking point.") | | |
| Page 10:9-13 ("A release with a population cap will presumably impose a freeze on the transfer of county inmates to state prison, requiring county mental health departments to provide care to a growing number of inmates who are awaiting transfer to state prison as well as their routine county jail patient population.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Assumes facts not in evidence. | |
| Page 10:19-20 ("There already exists a lack of services and treatment capacity for parolees, with 30-50% homeless at any given point in time.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). | |
| Page 10:24-25 ("To prevent adverse impacts on critical services for non-criminal justice clients, treatment capacity must be increased and separately funded in advance of any increased demand.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Vague as to "critical services" and "treatment capacity." | |
| Page 11:3-7 ("Counties throughout California provide numerous essential services to many underserved residents. Currently, however, demand for such county services exceeds available capacity. There are substantial waiting lists for services—services that many state prison inmates will require were they to return to our communities." | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Vague as to "essential services" and "underserved residents." | |
| Page 11:8-19 (regarding San Mateo's share of released parolees, his opinions that programs are already oversubscribed, and that programs would be "overwhelmed and unable to function | Lacks foundation. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). | |

| Page / Line | Objection | Response |
|---|---|---|
| successfully" if population reduction occurs.) | | |
| Page 11:5-14 (regarding his belief that "without a doubt, a prisoner release order will increase local crime" and his beliefs that there will be "workload impacts on the courts, district attorneys, public defenders, correctional health and probation.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Hearsay. | |
| Page 12:22-23 ("In addition, much of the effort currently invested in addressing local jail and reentry challenges and systemic reform will be diverted to dealing with this imminent crisis.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Hearsay. | |
| Page 13:12-14 ("Turning tens of thousands of inmates loose into our communities without sufficient resources to support the multiple service delivery systems that will be impacted will have a disastrous result.") | Lacks foundation, particularly as to other counties. Improper expert opinion (FRE 702). Improper basis for opinion (FRE 703). Hearsay. | |

Dated: December 10, 2008

Respectfully submitted,

*/s/ Amy Whelan*
Amy Whelan
Rosen, Bien & Galvan
Attorneys for *Coleman* Plaintiffs and on Behalf of *Plata* Plaintiffs

Dated: December __, 2008

Respectfully submitted,

Carol Woodward
Deputy County Counsel, San Mateo
Attorneys for Defendant Intervenor, San Mateo County