PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br>Plaintiffs,<br>v.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 THE<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO** |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

Jerry Dyer has submitted one expert report in this action, dated September 15, 2008. A copy of that report is attached hereto as Exhibit A. Plaintiffs submit the following objections to this report, and defendant-intervenor submits the following responses.[1]

| Report Page and location | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 5, second and third full paragraphs:<br><br>stating the number of parolees currently residing within the County of Fresno, the number in the City of Fresno, the number paroled each month to Fresno, the commitment offenses for parolees in the County of Fresno, and stating (in third paragraph) that:<br><br>"According to Parole Agent Daniel Renteria, the majority of the listed commitment offenses are not the result of a first time conviction. Most of these offenders have multiple arrests preceding their commitment to prison. In most cases, the first two or three convictions result in diversion or probation commitments." | Lack of personal knowledge. Fed.R.Evid. 602.<br><br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's statements, statistics, and data appear to rely entirely on what he was told by the named parole agent. | The data is foundational to the expert opinions of Chief Dyer. Admissible under FRE 702 & 703. Chief Dyer has established his knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. As Chief, he regularly interacts with and obtains information from parole, and the information was gathered from parole in a manner reasonably relied upon by experts in his field. Pursuant to his report, he has | | |

---

[1] Mr. Dyer's Report was not paginated and some of the paragraphs, except for the first thirteen, are not numbered. For ease of reference, plaintiffs have inserted page numbers on Mr. Dyer's report. Plaintiffs also provide the location on the page of some paragraph references. Page numbers were determined by designating the Dyer Report's first page of text (i.e., the page that follows the cover or title page) as page 1, and then counting sequentially to the final (tenth) page of text. Paragraph location on a particular page was determined by counting the number of paragraphs from the top or bottom of the page, as applicable.

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

| Report Page and location | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | worked extensively with both parolees and parole agents over 30 years. His department gathers data on parolees specifically in order to both orient them to the community for re-entry and to monitor their behavior in the City of Fresno. Report, paragraphs 6-9, 11-12, deposition transcript p. 22, ll. 3-22 | | |
| | | The hearsay exception in FRE 803(8) applies because this data is obtained from official records and reports of CDCR that are also public. Records. | | |

[256285-1]

1681060.1
11/26/08

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 5, fourth full paragraph:<br><br>"Those offenders who are convicted and sentenced to prison can clearly be described as career criminals. Conviction data alone does not describe the harm these offenders do in a community. They are responsible for committing scores of crimes, in addition to the one they are arrested for. Statistics bear out that 10% of these offenders commit over 80% of all crime. Studies indicate the average inmate has committed twelve crimes before being arrested for their commitment offense. | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701.<br><br>If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony is based entirely on, in his words, "statistics" and "studies" that are out-of-court statements presented for the truth of the matters they apparently assert. | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. The statistics he cites would be reasonably relied upon by experts in his field.<br><br>They are the basis of his expert opinions and are not hearsay. | | |

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | | | |

[256285-1]

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 5, fifth full paragraph:<br><br>"Of those released from prison, approximately 70% will reoffend within 3 years. However, those convicted of property crimes, to include auto theft, drug offenses, burglary and larcenies, have even higher rates of recidivism." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701.<br><br>If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is in fact an out-of-court statement presented for the truth of the matter. | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. The CDCR data is both an official record and a public record, and has been widely cited and verified by multiple experts in this case, including Plaintiffs' own experts.  To the extent the information is not from personal knowledge, the statistics he cites would be  reasonably relied upon by experts in his field.<br><br>The citation of a 70% recidivism rate is the definition of recidivism offered by CDCR. | | |

-4-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

| Report Page and Line Nos. | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| Page 6, second full paragraph:<br><br>"Our detectives conservatively estimate that 65% of all identity theft cases involve suspects who are addicted to methamphetamine. These cases can easily involve tens of thousands of dollars in loss. Methamphetamine addicts are involved in approximately 90% of our auto thefts, and 15% of the suspects in domestic violence cases are addicted to Methamphetamine." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, is on its face based on what he was told or information that he read from others. | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. The information provided is based on a review of department records and experiences of Chief Dyer's subordinate officers who have a duty to report accurately and do so in the normal course of their business. To the extent the information is not from personal knowledge, the statistics he cites would be reasonably relied upon by experts in his field. They are within his personal knowledge as a chief of police and head of his department.<br><br>Additionally, this information is obtained from police reports that are regularly made and kept within the | | |

-5-

[256285-1]

1681060.1
11/26/08

| Report Page and Line Nos. | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | | ordinary course of business and meet the hearsay exception in FRE 803(6). | | |

| Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| Page 6, fourth full paragraph:<br><br>"Fresno has the greatest concentration of urban poverty in the nation. Unemployment is 2.5 times greater in Fresno than in any other city of comparable size in California. Our current unemployment hovers around 10 percent." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on these matters, for | This is simply a rehash of Plaintiff's motion in limine number 4 to exclude testimony from Chief Dyer which was already denied by this Court. Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]

| Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | which expertise in economics, sociology, and statistics is required.<br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is an out-of-court statement presented for the truth of the matter asserted. | of police and a peace officer for nearly thirty years. To the extent the information is not from personal knowledge, the statistics he cites would be reasonably relied upon by experts in his field. Chief Dyer's expertise stems from his law enforcement background, from which he has specialized knowledge concerning how crime, law enforcement and unemployment interact. A chief of police does not have to be an economist or social scientist to understand the impacts of crime in his community, including economic impacts. See United States v. Valencia, No. 91-10054, 91-10155, and 91-10269, 1992 U.S. App. LEXIS 14591, at *4 (9th Cir. 1992) | | |
| Page 6, fourth full paragraph:<br><br>"This high unemployment rate severely reduces the chance of a released prisoner | Improper Expert Opinion, or Improper | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

-7-

[256285-1]

1681060.1
11/26/08

| | Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|---|
| | obtaining employment, making it likely released prisoners will be involved in criminal activity to support their lifestyles." | Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on these matters, for which expertise in criminology and related disciplines, including those regarding employment opportunities. | skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. Chief Dyer's expertise stems from his law enforcement background, from which he has specialized knowledge concerning how crime, law enforcement and unemployment interact. A chief of police does not have to be an economist or social scientist to understand the impacts of crime in his community, including economic impacts. See <u>United States v. Valencia</u>, No. 91-10054, 91-10155, and 91-10269, 1992 U.S. App. LEXIS 14591, at *4 (9th Cir. 1992). | | |
| | Page 6, fifth full paragraph: "Without employment and with continued drug addiction, released prisoners will quickly return to a life of crime. Property crimes, including auto theft, identity theft, burglary and larceny are the most likely crimes these | Lacks foundation. Mr. Dyer presents no testimony or evidence that released prisoners, or even some of them, | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

| | Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|---|
| | released prisoners will be involved in." | will continue drug addiction or not have employment. Mr. Dyer also provides no testimony or evidence that the particular crimes he lists "are the most likely" to be committed by released prisoners. | thirty years. As Chief, he has personal knowledge relating to the state of the local economy, employment, and impacts on crime.<br><br>The types of crime identified as being the most likely to be committed by these released prisoners is both based on personal knowledge and CDCR statistics which are public records and have repeatedly been referred to by experts in this case. | | |
| | Page 6, sixth full paragraph (final paragraph on page):<br><br>"It is expected that crime rates in Fresno will increase dramatically if 1,920 prisoners are released into the community . . . these prisoners represent 10% of the offenders who are committing 80% of the crime . . . Within three years, we can expect that 1,344 released prisoners will commit a crime for which they will be arrested, and that each one of these offenders will have committed at least 12 crimes preceding their re-arrest. These 1,920 released prisoners can be expected to | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on this matters, for which expertise in criminology and related disciplines.<br><br>Alternatively, if | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. Chief Dyer's expertise stems from his law enforcement background, from which he has specialized knowledge concerning how crime, law enforcement and | | |

-9-

[256285-1]

1681060.1
11/26/08

| | Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | commit over 16,000 felony crimes, the majority of which they will never be held responsible." | offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is an out-of-court statement presented for the truth of the matter asserted. | unemployment interact. A chief of police does not have to be an economist or social scientist to understand the impacts of crime in his community, including economic impacts. See United States v. Valencia, No. 91-10054, 91-10155, and 91-10269, 1992 U.S. App. LEXIS 14591, at *4 (9th Cir. 1992). | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | Additionally, the statistics are based upon CDCR published release statistics, so the hearsay exception for public records applies. FRE 803(8). Chief Dyer also has produced an excerpt from a study which was relied upon by him in forming his opinions, which will be offered into evidence purely as support for his opinions. | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | Page 7, first paragraph: | | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and | | |
| 25 | "All parts of the criminal justice system expect to be seriously challenged by the release of these prisoners." | Improper Expert Opinion, or Improper Lay Opinion Testimony. | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |

-10-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV
S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

| Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what is expected by "all parts" of the criminal justice system. His experience is with police work only. | education as a chief of police and a peace officer for nearly thirty years. As Chief, he has and will testify that he necessarily interacts with other branches of the local criminal justice system and obtains information from them that would be reasonably relied upon by experts in his field. | | |
| Page 7, third full paragraph:

The Fresno County District Attorney's Office faces serious resource challenges. Their ability to process cases this year is reduced from last year and they are overwhelmed. The District Attorney's Office would be unable to accept an increased work load and would be faced with the difficult task of prioritizing cases, with the knowledge they will not be able to pursue many serious cases. Priority would be given to violent crimes, and those cases with the most sentencing exposure, thus, it is doubtful that the property crimes that we expect these released prisoners to commit, will receive aggressive prosecution." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on these matters, for which expertise prosecution and the management of a prosecutor's office is necessary.

Alternatively, if offered for the truth of the matters asserted, Hearsay, | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. As Chief, he necessarily interacts with other branches of the local criminal justice system and obtains information from them that would be reasonably relied upon by experts in his field.

Also, the hearsay exception in FRE 803(6) applies for the reasons stated above. | | |

1681060.1
11/26/08

-11-

| Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | Fed.R.Evid. 802. Mr. Dyer's testimony, to the extent it is based on what others have told him, or what some paper stated, is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 7, fourth full paragraph:<br><br>"Any increased levels of arrests requiring booking would pose a severe challenge for the [Fresno County] jail, and property offenders would be the first to be released or refused in the face of overcrowding." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what the county jail – which his report establishes is run by the County Sheriff -- would do if there were an increase in arrests.<br><br>Alternatively, if | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. As Chief, it is important for him to have knowledge of county jail operations, which affect his own operations. The information obtained would be reasonably relied upon by experts in his field.<br><br>Also, the hearsay exception in FRE 803(6) applies for the reasons stated above. | | |

-12-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

| Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, it is an out-of-court statement presented for the truth of the matter asserted. | | | |
| Page 7, fifth full paragraph:<br><br>"The Fresno Superior Court will face challenges similar to those of the jail and the District Attorney's Office. Superior Court Judge Gary Hoff, who oversees the felony courts, said the release of 1,920 inmates would burden the courts because of the high recidivism rates of property offenders and that each case would require multiple appearances and court dates. The court services manager conservatively estimates that the workload would increase by 10% and put a drain on court services." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what the impact would be on the superior court of the release of a certain number of inmates.<br><br>Alternatively, and in addition, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. Mr. Dyer's testimony is largely based on what others | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. As Chief, he necessarily interacts with other branches of the local criminal justice system and obtains information from them that would be reasonably relied upon by experts in his field. | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

[256285-1]

1681060.1
11/26/08

| | Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|---|
| | | (a judge and manager) told him, and those matters are out-of-court statements presented for the truth of the matters asserted. | | | |
| | Page 7, sixth full paragraph (final paragraph on page):<br><br>"With little or no accountability, due to the overburdening of the criminal justice system, crime rates will increase." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on what the impact would be on crime rates of any asserted lack of accountability due to overburdening. | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. As Chief, he necessarily interacts with other branches of the local criminal justice system and obtains information from them that would be reasonably relied upon by experts in his field. His opinion about crime rates is based on his personal knowledge as a law enforcement official. | | |
| | Page 7, sixth full paragraph (final paragraph on page):<br><br>"As crime rates increase, so does the fear in the community. When people become fearful, the tendency | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and | | |

| | Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|---|
| | is for them to stay in their homes and limit visits to shopping and entertainment venues to avoid being a crime victim. This will have a negative impact on sales tax revenues and businesses already struggling with the lagging economy. Additionally, new businesses will be hesitant to open in Fresno if crime increases. This will exacerbate the already high unemployment rates in our city." | 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on community fear as it relates to crime rates, the impact of fear on shopping and entertainment, tax revenues, business operations, and unemployment, and the relationship between crime and unemployment. These are complex matters reserved to the field of economists and social scientists.<br><br>Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or study, it is an out-of-court statement presented for the truth of the matter asserted. | education as a chief of police and a peace officer for nearly thirty years. Chief Dyer's expertise stems from his law enforcement background. A chief of police does not have to be an economist or social scientist to understand the impacts of crime in his community, including economic impacts. See <u>United States v. Valencia</u>, No. 91-10054, 91-10155, and 91-10269, 1992 U.S. App. LEXIS 14591, at *4 (9th Cir. 1992).<br><br>To the extent he relies on reports or other information gathered from outside sources, this information would be reasonably relied upon by experts in his field.<br><br>The hearsay exception in FRE 803(6) applies for the reasons stated above. | | |
| | Page 8, first paragraph on page: | | Admissible under FRE 702 & 703. Chief Dyer has | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

| | Report Page and Line Numbers | Objection | Response | Sustained | Over-ruled |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | "Currently, parolees in Fresno receive very little supervision. There is one parole agent assigned to one hundred parolees, with the exception of 'third strikers' who are supervised at a ratio of one to 40 and sex offenders who are supervised at a ratio of one to 20. This is an overwhelming caseload, and as a result, a great deal of crime committed in Fresno is committed by offenders on parole." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on the level of supervision provided by an agency – the CDCR – that he does not and has not worked for, on whether such caseloads are overwhelming, and whether as a consequence of alleged overwhelming caseload a great deal of crime is committed in Fresno by offenders on parole.  Alternatively, if offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or study, it is an out-of-court | established his knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. As Chief, he regularly interacts with and obtains information from parole, and the information was gathered in a manner reasonably relied upon by experts in his field. This report is also based on Chief Dyer's personal knowledge and observations about the number of parolees arrested by his department and the crimes they are committing, compared to those committed by non-parolees. | | |

-16-

| Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|
| | statement presented for the truth of the matter asserted. | Also, the hearsay exception in FRE 803(6) applies for the reasons stated above. | | |
| Page 8, second full paragraph on page (comprising "Incident #1):<br><br>"On June 9, 2008 . . . – [through and including the final sentence, which ends] -- . . . are methamphetamine users." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or document, it is an out-of-court statement presented for the truth of the matter asserted. | Admissible under FRE 702, 703 and 803(6). Chief Dyer necessarily obtains such information from his department as Chief, and the information presented comes from a record made by a person with knowledge, which is kept in the ordinary course of business, to which Chief Dyer can attest.<br><br>The official record of this incident will be introduced into evidence. | | |
| Page 8, third full paragraph on page (comprising "Incident #2):<br><br>"On April 18, 2008 . . . – [through and including the final sentence, which ends] -- . . . likely face additional charges." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or document, it is an out-of-court statement presented for the truth of the matter asserted. | Admissible under FRE 702, 703 and 803(6). Chief Dyer necessarily obtains such information from his department as Chief, and the information presented comes from a record made by a person with knowledge, which is kept in the ordinary course of business, to which Chief Dyer can attest. | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

17-

[256285-1]

1681060.1
11/26/08

| | Report Page and Line Numbers | Objection | Response | Sustained | Over-ruled |
|---|---|---|---|---|---|
| | | | The official record of this incident will be offered into evidence. | | |
| | Page 8, last line of page, and Page 9, first five paragraphs of page (comprising "Incident #3"):<br><br>"Incident #3 [page break] In January 20, 2006 . . . – [through next five paragraphs, to sentence that concludes] . . . of property belonging to the victim." | If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him, or what he read in some paper or document, it is an out-of-court statement presented for the truth of the matter asserted. | Admissible under FRE 702, 703 and 803(6). Chief Dyer necessarily obtains such information from his department as Chief, and the information presented comes from a record made by a person with knowledge, which is kept in the ordinary course of business, to which Chief Dyer can attest.<br><br>The official record of this incident will be offered into evidence. | | |
| | Page 9, second to last full sentence on the page:<br><br>"In summarizing the impact the premature release of these prisoners will have in the City of Fresno, it is safe to say, the impact will be extremely detrimental to public safety." | Foundation: Mr. Dyer's "summary" is based on the various matters he previously stated in his report, many of which are inadmissible because those matters are improper expert opinion. | Admissible under FRE 702 & 703. Chief Dyer has established his knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. Admissible for the reasons set forth above with respect to specific opinions. | | |
| | Page 9, last full sentence on that page: | | Admissible under FRE 701, 702 & 703. Chief Dyer has | | |

| | Report Page and Line Numbers | Objection | Response | Sus-tained | Over-ruled |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | "The relationship between property crimes offenders, methamphetamine use, and unemployment cannot be overstated." | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer's background, knowledge, skill, experience, training, or education does not qualify him to opine on the relationships between unemployment, crime and drug use. | established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. Chief Dyer's expertise stems from his law enforcement background. A chief of police does not have to be an economist or social scientist to understand the impacts of crime and drugs in his community, including economic impacts. See United States v. Valencia, No. 91-10054, 91-10155, and 91-10269, 1992 U.S. App. LEXIS 14591, at *4 (9th Cir. 1992). | | |
| 20 | Page 10 (final paragraph of report):<br><br>"Based on my knowledge of cities within the central valley and their demographics, as well as conversations I have had with police chiefs from these cities, it is my belief that central valley cities such as Stockton, Modesto, Merced, Visalia, etc. will experience the same impact as Fresno in terms of crime | Improper Expert Opinion, or Improper Lay Opinion Testimony. Fed.R.Evid. 702 and 701. Mr. Dyer opines here that the impacts he described on his own county, including those involving the district | Admissible under FRE 701, 702 & 703. Chief Dyer has established his personal knowledge, skill, experience, training, and education as a chief of police and a peace officer for nearly thirty years. Chief Dyer is current President of the California Police | | |

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

-19-

[256285-1]

1681060.1
11/26/08

| Report Page and Line Numbers | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|
| should the premature release of inmates occur. These cities have officer to population ratios that are very similar to that of the Fresno Police department, similar unemployment rates to that of the city of Fresno, and a population ratio of methamphetamine addicts that is also similar to ours." | attorney, county jail, the superior court, sales tax revenues, business activities, and unemployment, would be "the same" in other central valley cities. However, since Mr. Dyer lacks expertise to opine regarding such matters in his own county, he cannot opine on the impact in other counties.<br><br>If offered for the truth of the matters asserted, Hearsay, Fed.R.Evid. 802. To the extent Mr. Dyer's testimony is based on what others told him – and he states it is -- it is an out-of-court statement presented for the truth of the matter asserted. | Chiefs' Association and interacts with other California Police Chiefs and has gathered information that would be reasonably relied upon by experts in his field. | | |

Dated: December 8, 2008

Respectfully submitted,

/s/ Steven Fama
Steven Fama
Attorneys for *Coleman* Plaintiffs and on
Behalf of *Plata* Plaintiffs

-20-

1    Dated: December 8, 2008                    Respectfully submitted,

2
                                                */s/ Kimberly Hall Barlow*
3                                               Kimberly Hall Barlow
                                                Attorney for Law Enforcement Defendant-
4                                               Intervenors

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

PLAINTIFFS' OBJECTIONS TO EXPERT REPORT OF JERRY DYER, AND DEFENDANT-INTERVENORS' RESPONSES THERETO, NOS. CIV
S 90-0520 LKK-JFM, C01-1351 TEH

1681060.1
11/26/08

[256285-1]