PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' OBJECTIONS TO REPORTS OF GALE BATAILLE AND DEFENDANTS' RESPONSES THERETO** |

[261202-1]

NO. CIV S 90-0520 LKK-JFM PPLAINTIFFS' OBJECTIONS TO REPORTS OF GALE BATAILLE AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

The Parties submit the following statement of objections and responses to the two reports of Defendants' expert, Gale Bataille, dated: August 15, 2008 (Exhibit D-1025) and August 27, 2008 (Exhibit D-1026).

| **Expert Report of Gale Bataille, Aug. 15, 2008** | | |
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 3. "Of the 19-20 percent of prisoners who have diagnosed psychiatric disorders, 80-90 percent can be projected to have a history of co-occurring substance abuse." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation. No basis is stated for this estimate. | The information presented is statistical information regarding general characteristics of the population of mentally ill incarcerated offenders and is reasonably relied upon by persons in the field of mental health. (F.R.E. 703.) |
| p.10. "At this time there are several California counties that may not have sufficient funds to provide federally mandated Medicaid services and have notified the State- or are considering notifying the State, that they intend to opt out and return the program to the State to administer." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. This vague assertion, bordering on mere rumor regarding what some counties might do in the future, is not the proper basis for expert opinion, and does not assist the court. | The statement supports other points raised in the report and is part of the bases of the expert's opinion. The statement is asserted as a fact, not rumor. |
| p. 12. "These individuals will typically not have SSI-linked Medi-Cal and will become the indigent care responsibility of the counties." | Lack of foundation, improper expert opinion (F.R.E. 702). Ms. Bataille provides no basis for the assertion that persons with severe mental illness do not or cannot receive SSI-linked Medi-Cal upon release from prison. | The information presented is information regarding general characteristics of the population of mentally ill incarcerated offenders and is reasonably relied upon by persons in the field of mental health. (F.R.E. 703.) |

-1-
PLAINTIFFS' OBJECTIONS TO REPORTS OF GALE BATAILLE AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[261202-1]

| **Expert Report of Gale Bataille, Aug. 15, 2008** | | |
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 13 "a *disturbed and sometime disturbing* justice involved mental health population" (emphasis added). | This is not "scientific, technical, or other specialized knowledge will assist the trier of fact." (FRE 702), but instead the invocation of unsupported prejudices and stereotypes regarding persons with mental illness. | When included in the sentence from which it was excerpted, the statement describes the effects on mentally ill offenders if their needs are not met in the community. As such, it is the permissible basis upon which an expert may base an opinion. (F.R.E. 703.) |
| p. 15, As the CSAC response to the 2008 LAO Parole Realignment Proposal, risk assessment must also focus on more than the most recent violation and incarceration since prisoner whose current offense is low-risk may have committed very serious prior offenses that must be acknowledged in designing community services." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille has no expertise in parole risk assessment tools, as demonstrated here by her fundamental mischaracterization of CDCR's risk tool, which is based on criminal history, not current offense. (*See* D-1005 at 8:12-21.) | The statement supports other points raised in the report and is part of the bases of the expert's opinion. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |

| **Expert Report of Gale Bataille, Aug. 15, 2008** |||
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 16, entire paragraph that begins "CSAC and its affiliates . . ." and ends ". . . in our communities." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value.  This entire section is simply a recitation of the policy positions taken by California State Association of Counties (CSAC) and the California Mental Health Directors Association (CMHDA) in last year's budget disputes with the state government.  The self-serving statements of these organizations in the budget battle are not expert opinion; and their repetition here does not make them expert opinion. | The statement supports other points raised in the report and is part of the bases of the expert's opinion.  The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |

| Expert Report of Gale Bataille, Aug. 15, 2008 | | |
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 18. "An accelerated release of prisoners who meet Coleman class criteria can be anticipated to have adverse-- and potentially serious consequences for the released prisoners; community mental health systems and the (non-offender status) mentally ill children, adults and older adults they serve; a potentially negative impact on community safety if adequate supervision, treatment services and programs are not in place at the time of the prisoner release; and potentially long-term negative consequences to community acceptance and the development of public mental health services in the future." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value.  Ms. Bataille's report contains no support for the dire predictions that county mental health will stop serving children and the elderly. | The statement is a summary of the witness' opinion.  The information and analysis supporting the opinion is contained later in the report.  The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |

-4-
PLAINTIFFS' OBJECTIONS TO REPORTS OF GALE BATAILLE AND DEFENDANTS' RESPONSES THERETO, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

[261202-1]

| Rebuttal Report of Gale Bataille, Aug. 27, 2008 |||
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 2. "Even if we accept the general conclusion of Dr. Gilligan that there is no greater risk of violence in the seriously mentally ill parolee population than among other parolees, any episodes of violence committed by mentally ill parolees will be magnified by the press and can be expected to lead to disproportionate fear and discriminatory responses by the public." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille claims no expertise in public relations. This speculation is not "scientific, technical, or other specialized knowledge will assist the trier of fact." (FRE 702.) | Taken as a whole, the paragraph from which the statement was excerpted assists in describing the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |
| p. 5. "These conditions in CDCR operated prisons, as disturbing as they are, raise very serious questions about who might be released in a prisoner release program and whether CDCR-POC or other contracted providers would be prepared to offer the necessary treatment and supervision need to insure both parolee safety and access to appropriate care-*and potentially community safety*." (emphasis added). | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille is not an expert on public safety. | The statement describes the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |
| p. 6. "Marquet [sic] discusses the Texas experience with prison caps and prisoner releases detailing the negative impacts on local jails, communities and community safety. Does California want to emulate the failed Texas program?" | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille is not an expert on Texas correctional history. | Taken as a whole, the paragraph from which the statement was excerpted assists in describing the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |

-5-

PLAINTIFFS' OBJECTIONS TO REPORTS OF GALE BATAILLE AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[261202-1]

| Rebuttal Report of Gale Bataille, Aug. 27, 2008 | | |
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 7. "The filing of an LPS conservatorship and the resulting institution of a public or private guardianship process is really not appropriate or necessary in a circumstance where the custodial responsibility is established through the criminal courts and parole. County mental health systems and the LPS civil commitment door is the wrong "door number one" to knock on for services to seriously mentally ill parolees." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille offers no basis for her legal opinion that conservatorships under the Lanterman-Petris-Short Act cannot be undertaken for parolees. Ms. Bataille is not qualified to offer this legal opinion. Moreover, it is contrary to the evidence in this case regarding use of LPS conservatorships for parolees. (*See, e.g.*, D-1148, page 12-2-9.) | Taken as a whole, the paragraph from which the statement was excerpted assists in describing the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |
| p. 7. "County mental health systems are not bound by conditions of parole unless they are providing services 10 parolees under a contract with COCR." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille has no expertise regarding parole operations, as demonstrated by her seeming belief that county mental health systems could ever be "bound by conditions of parole." | Taken as a whole, the paragraph from which the statement was excerpted assists in describing the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |

-6-
PLAINTIFFS' OBJECTIONS TO REPORTS OF GALE BATAILLE AND DEFENDANTS' RESPONSES THERETO, NOS.: CIV S 90-0520 LKK-JFM, C01-1351 TEH

[261202-1]

| Rebuttal Report of Gale Bataille, Aug. 27, 2008 | | |
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 8. "Those questions remain but it is not simply a matter of whether CDCR POC and counties understand and comply with this guidance-it is equally a matter of whether it is actually even possible to provide timely access to 5150 acute psychiatric admissions of mentally ill parolees." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. Ms. Bataille offers no basis for this implication that it is not possible for parolees to access 5150 acute psychiatric admissions. | Taken as a whole, the paragraph from which the statement was excerpted assists in describing the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |
| p. 9. "I do not have data regarding the numbers or percentage of CCCMH and EOP parolees would be Medi-Cal beneficiaries under a Coleman release but it is reasonable to assume that there would be a high percentage of these individuals who do not qualify for SSI-linked Medicaid." | Improper methodology and insufficient facts or data (F.R.E.702), lack of foundation, lack of probative value. No basis is offered for the "assumption" that a high percentage of *Coleman* clients, who are severely mentally ill by definition, do not qualify for SSI-linked Medicaid. Ms. Bataille admits in this very sentence that she does "not have the data." Assumptions about data that she did not look at do not meet the definition of "scientific, technical, or other specialized knowledge will assist the trier of fact." (FRE 702.) | Taken as a whole, the paragraph from which the statement was excerpted assists in describing the detrimental effects of failing to address the needs of a mentally ill offender population released from prison. The statement is made based on the personal specialized knowledge of the witness. (F.R.E. 702, 703.) |

| Rebuttal Report of Gale Bataille, Aug. 27, 2008 |||
|---|---|---|
| **Disputed Language** | **Objection** | **Response** |
| p. 10. "The UCLA Final Report on the Mental Health Services Continuum Program of the California Department of Corrections and Rehabilitation-Parole Division dated June 30, 2006 documents a significant rate of parolee failure to follow through on outpatient services and a correlation between decreased CDCR-POC contacts and recidivism and reoffense." | Misstates the evidence. The report documents the significant rate of failure of *CDCR* to provide the pre-release planning meetings to make the initial appointments. (D-1205, Final Report at DEFS055782.) | The excerpted sentence is accurate. When examined in its entirety, the paragraph from which it was taken illustrates the potential impacts of failure to provide for the needs of a mentally ill offender population. |

Dated: December 16, 2008

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Ernest Galvan*
 Ernest Galvan
 Attorney for *Coleman* Plaintiffs

Dated: December 16, 2008

By: */s/ Kyle Lewis*
 Kyle Lewis
 Deputy Attorney General
 Attorney for *Coleman* Defendants