| | |
|---|---|
| PRISON LAW OFFICE | ROSEN, BIEN & GALVAN, LLP |
| DONALD SPECTER, Bar No. 83925 | MICHAEL W. BIEN, Bar No. 96891 |
| STEVEN FAMA, Bar No. 99641 | JANE E. KAHN, Bar No. 112239 |
| E. IVAN TRUJILLO, Bar No. 228790 | AMY WHELAN, Bar No. 215675 |
| SARA NORMAN, Bar No. 189536 | MARIA MORRIS, Bar No. 223903 |
| ALISON HARDY, Bar No. 135966 | LISA ELLS, Bar No. 243657 |
| REBEKAH EVENSON, Bar No. 207825 | 315 Montgomery Street, 10th Floor |
| 1917 Fifth Street | San Francisco, California 94104 |
| Berkeley, CA 94710 | Telephone: (415) 433-6830 |
| Telephone: (510) 280-2621 | |
| K&L Gates LLP | BINGHAM, McCUTCHEN, LLP |
| JEFFREY L. BORNSTEIN, Bar No. 99358 | WARREN E. GEORGE, Bar No. 53588 |
| EDWARD P. SANGSTER, Bar No. 121041 | Three Embarcadero Center |
| RAYMOND E. LOUGHREY, Bar No. 194363 | San Francisco, California 94111 |
| 55 Second Street, Suite 1700 | Telephone: (415) 393-2000 |
| San Francisco, CA 94105-3493 | |
| Telephone: (415) 882-8200 | |

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT**<br><br>**OBJECTIONS TO TRIAL DECLARATION OF MARTIN RYAN** |
| MARCIANO PLATA, et al.,<br><br>Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

1
OBJECTIONS TO DECLARATION OF MARTIN RYAN
Nos.: Civ S 90-0520 LKK-JFM, C01-1351 THE

SF-169899 v1 0903375-00001

1  Plaintiffs submit their objections and Defendants submit their responses to Plaintiffs' objections to
2  the trial declaration of Martin Ryan.

## I.

## SPECIFIC OBJECTIONS

| Statement | Plaintiffs' Objections | Defendant Intervenors' Responses |
|---|---|---|
| Paragraph 12 | Hearsay and best evidence. Sheriff Ryan is quoting from, and summarizing, a grand jury report concerning Amador County Jails. | The grand jury report is an official record and a public record and can be viewed by accessing the Amador County Grand Jury website: http://www.amadorcourt.org/grandjury/2007-2008-FinalReport.pdf

The quoted sentences appear on page 24 of the Grand Jury's report under Findings. The hearsay exception in FRE 803(8) applies because this data is obtained from public reports of the grand jury, which is a public body. The grand jury's findings are among the type upon which an expert can reasonably rely. FRE, Rule 703. |
| Paragraph 14 | Hearsay; best evidence, FRE Rule 1006. In this paragraph, Sheriff Ryan appears to quote from, or summarize, risk assessment statistics provided to Sheriff Ryan by an unidentified person within CDCR. Sheriff Ryan's summary of the risk assessment statistics violates the best evidence rule. Even if the summary of risk assessment statistics had been submitted, the summary would not meet any exception to the hearsay rule. There is no foundation that the risk assessment reports meet the hearsay exception for public records (FRE Rule 803(8)). The statistics do not set forth activities of the agency; | The data underlying this analysis are marked as exhibits 647 – 650. The data from August 2007 was in fact provided to Plaintiffs immediately after Sheriff Ryan's deposition, and he testified extensively about the data and how it related to his opinions. The April 2008 and September 2008 data have also been provided to Plaintiffs. These reports are official records of CDCR, prepared by CDCR from its own records and submitted to Sheriff Ryan as part of the discussions concerning an AB 900 re-entry facility proposed to be sited for joint use of Calaveras, Amador and San Joaquin Counties for purposes of assessing the impacts of such a re-entry facility. As both official records and data compiled by CDCR under a duty to advise Counties of the proposed impacts of siting reentry facilities, they are an exception to the Hearsay rule. FRE, Rule 803(6) and (8). The summary of this data contained in the declaration was prepared by Sheriff Ryan and is admissible |

| Statement | Plaintiffs' Objections | Defendant Intervenors' Responses |
|---|---|---|
| | therefore, they do not meet the exception provided by Rule 803(8)(A). The statistics do not reflect "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Therefore, the statistics do meet the exception provided by FRE Rule 803(8)(B). Finally, the data underlying these statistics has never been made available to Plaintiffs. Therefore, the summary is not admissible. FRE Rule 1006 | as a summary of voluminous documents under FRE, Rule 1006. In addition, the reports issued by CDCR are the type of information upon which an expert can reasonably rely in forming his opinions, in this case about the type of offenders likely to be released into Amador County. FRE, Rule 703. |

Dated: December 17, 2008        By:

    /s/ Edward P. Sangster
EDWARD P. SANGSTER
ed.sangster@klgates.com

K&L Gates LLP
Attorneys for Plaintiffs

Dated: December 17, 2008        By:

    /s/   Kimberly Hall Barlow
Kimberly Hall Barlow
khb@jones-mayer.com

Jones & Mayer LLP
Attorneys for Law Enforcement Intervenors