| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>E. IVAN TRUJILLO, Bar No. 228790<br>SARA NORMAN, Bar No. 189536<br>ALISON HARDY, Bar No. 135966<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA  94710<br>Telephone:  (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>MARIA MORRIS, Bar No. 223903<br>LISA ELLS, Bar No. 243657<br>315 Montgomery Street, 10th Floor<br>San Francisco, California  94104<br>Telephone: (415) 433-6830 |
| K&L Gates LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>EDWARD P. SANGSTER, Bar No. 121041<br>RAYMOND E. LOUGHREY, Bar No. 194363<br>55 Second Street, Suite 1700<br>San Francisco, CA  94105-3493<br>Telephone:  (415) 882-8200 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California  94111<br>Telephone: (415) 393-2000 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107<br>Telephone: (415) 864-8848 | |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>  vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants. | No.  Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br>**OBJECTIONS TO TRIAL DECLARATION OF MICHAEL JAMES** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br>  vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>    Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT** |

1

OBJECTIONS TO DECLARATION OF MICHAEL JAMES
Nos.: Civ S 90-0520 LKK-JFM, C01-1351 THE

LA-288632 v1 0903375-00001

1  Plaintiffs submit their objections and Defendants submit their responses to Plaintiffs' objections to
2  the trial declaration of Michael James.

## I.

## SPECIFIC OBJECTIONS

| Statement | Plaintiffs' Objections | Defendant Intervenors' Responses |
|---|---|---|
| Paragraph 22 | Lack of foundation and speculative. There are no facts to substantiate or put in context the alleged prior negative impacts on public safety from early releases and it is speculation to presume the impact of "an influx of new parolees early into our community". | Underlying facts or data not required to be testified to by expert. FRE, Rule 705. Foundation for this opinion is provided in part by the percipient witness testimony of Rick Dostal, also employed by the Orange County Sheriff's Department, paragraph 11 and exhibit 1 to that declaration, marked as DI 628, regarding "early release" crimes committed by those early released from Orange County jails during the period of 1994-1996 due to court imposed caps on Orange County Jail facilities. The exhibit is a public record, prepared by employees of the Orange County Sheriff's department in the course and scope of their job duties. FRE, Rule 1005. This is the type of information upon which experts reasonably rely in forming their opinions. FRE 703. In addition, the witness has been an employee of the OC Sheriff's Department for 23 years and is the Assistant Chief in charge of all County Jail Operations. This is a proper matter for expert opinion and is not speculative, being based on both historical fact and expertise. The witness will qualify as an expert. FRE, Rule 702. See additional testimony in Stipulation re: testimony of Michael James. |
| Paragraph 23 | Lack of foundation and speculation regarding the expectations of | Witness is competent to testify to his understanding of what the |

| Statement | Plaintiffs' Objections | Defendant Intervenors' Responses |
|---|---|---|
|  | Orange County "citizens and tax payers". | public expects with respect to the jail operations he runs, and goes to his state of mind in rendering his opinions. This is purely foundational to other opinions offered by the witness, and is not offered for the truth of the matter asserted. FRE, Rule 703. |
| Paragraph 25 | Lack of foundation and speculation as to the number of prisoners returning to Orange County as a result of a Court Ordered state-wide early release and the number of such individuals who would commit new crimes resulting in time in County jails. | This testimony is based on an early version of plaintiffs' proposal regarding early release of prisoners applying an estimated percentage of inmates from Orange County at the time. It is entirely appropriate for a witness to make estimates of this nature based on assumed facts to arrive at expert opinions regarding impacts. The testimony is not being offered for the truth of how many inmates will actually return to Orange County if an order is issued. FRE, Rule 703. See additional testimony in Stipulation re: testimony of Michael James. |
| Paragraph 26 | Lack of foundation and speculation as to the number of crimes that would be committed by persons released early from state prison. | Witness qualified as an expert. Underlying facts or data not required to be testified to by expert. FRE, Rule 705. This testimony does not offer a specific number of crimes that would be committed by early releasees; it simply indicates that a large number of them will recidivate and many may commit multiple crimes. This is well within the personal knowledge of an Assistant Sheriff with 23 years of service. In addition, both the literature and all the experts who have testified in this case agree that not all criminals are caught the first time they offend or re- |

| Statement | Plaintiffs' Objections | Defendant Intervenors' Responses |
|---|---|---|
| | | offend, the only question is how many times they may commit crimes before being caught. The assumption that many offenders will commit multiple crimes is appropriate for an expert to make and upon which to base an expert opinion that these are crimes and victims which would not exist if the inmates remained incarcerated. FRE 702, 703. See additional testimony in Stipulation re: testimony of Michael James. |
| Paragraph 27 | Lack of foundation and speculation as to the age range of those to be released early and the nature of crimes they may commit. | There has been undisputed testimony in this case that the highest rate of incarceration currently is for men in the 18-25 year old range. This is appropriate information for an expert witness to rely upon in formulating opinions about impacts. FRE, Rule 703. Plaintiffs misconstrue the testimony offered. The witness is not saying that these are the prisoners who will be released early, but rather that more offenders are from this age group currently, they are likely to reoffend more often and have less self-control, and as this group continues offends, there will be greater pressures put on the entire jail and prison system, which will in turn increase the pressure for early releases to occur at both the state and local level. See additional testimony in Stipulation re: testimony of Michael James. |

1  Dated: December 17, 2008        By:

3                                  /s/ Fred D. Heather
                                   FRED D. HEATHER
4                                  fred.heather@klgates.com

5                                  K&L Gates LLP
                                   Attorneys for Plaintiffs

7  Dated: December 17, 2008        By:

9                                  /s/ Kimberly Hall Barlow
                                   Kimberly Hall Barlow
10                                 khb@jones-mayer.com

11                                 Jones & Mayer LLP
                                   Attorneys for Law Enforcement Intervenors