MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: CAROL L. WOODWARD, DEPUTY (SBN 084197)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4746
Facsimile: (650) 363-4034
E-mail: cwoodward@co.sanmateo.ca.us

Attorneys for Intervenors
COUNTY OF SAN MATEO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.<br><br>Defendants. | Case No. CIV S-90-0520 LKK JFM P<br><br>THREE-JUDGE COURT |
| MARCIANO PLATA, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.<br><br>Defendants. | Case No. C01-1351 THE<br><br>THREE-JUDGE COURT<br><br>**DECLARATION OF DUANE BAY FOR TRIAL** |

DUANE BAY declares as follows:

1. I am and have been since September, 2005 the Director of County of San Mateo Department of Housing. As Director of the Department of Housing, I have actively participated in the development and implementation of the County of San Mateo's Plan to End Homelessness

Case No. CIV S-90-0520 LKK JFM P

DECLARATION OF DUANE BAY FOR TRIAL

(known as Housing Our People Effectively) for three years from 2006 through the present. Following is an assessment of the probable substantial public safety impact of an early prisoner release order. This assessment is based on my experience as Director of County of San Mateo Department of Housing. coincident to my active participation in the development of the County of San Mateo Plan to End Homelessness I engaged in formal and informal, written and oral communications with housing and criminal justice professionals, and reviewed numerous reports, among them: the 2007 San Mateo County Homeless Census and Survey, the San Mateo County Roadmap for Alcohol and Drug Prevention, Housing Our People Effectively—Ending Homelessness in San Mateo County (2006), and meeting packets for the San Mateo County Community Re-entry [from County jail] Planning Committee (2008).

2. I believe the early release of prisoner, absent commitment of adequate funding to provide housing subsidies, would increase crime and decrease public safety. My reasoning is as follows, step by step:

- I believe that most early release prisoners will not be able to compete effectively for housing in the open housing market due to low income, lack of positive credit history, and the tendency of most landlords to discriminate against prospective tenants with criminal records.
- Released prisoners who do not compete effectively for open-market housing will find shelter with relatives or acquaintances, in transitional treatment facilities, in homeless shelters, or will remain unsheltered.
- Because transitional treatment facilities and emergency shelters for the homeless are chronically overbooked in our County, many, perhaps most, early release prisoners will remain unsheltered. According to 2007 San Mateo County Homeless Census and Survey, average demand for approximately 2,064 beds nightly exceeded average supply of less than 1,094 beds by a factor of almost 2:1. The supply to demand ratio is even less favorable for treatment facilities.
- Lack of stable housing is among factors that are positively correlated to recidivism. Most of the criminal acts leading to recidivism are threats to public safety directly or indirectly.
- This effect—lack of stable housing contributing to recidivism—is likely to be even more pronounced for persons with one of more of the additional challenges of serious ill-health,

physical disability, illiteracy or drug/alcohol addiction.  As a point of reference, County staff estimates 10% to 20% of parolees will qualify for social services related to mental health and 70% will qualify for social services related to drug or alcohol problems.

Based on research and anecdotal evidence reported during meetings of the County Jail Re-Entry Task Force, and the direct recent empirical evidence from a pilot prisoner release program in San Mateo County, I would estimate that at least 40% of early release prisoners would be homeless the majority of their first year our of prison.  Applying a recidivism rate of 65%, the San Mateo County Sheriff's estimate of general recidivism among parolees, which is therefore a conservative figure for unsheltered parolees, and assuming only one crime per recidivist (again a very conservative assumption) suggests that at least 260 crimes would be committed by homeless parolees during the first year after parolee release.  These crimes would probably be concentrated in certain communities (e.g., East Palo Alto) that have historically received parolees disproportionately, which would render the local crime rate (i.e., crimes per thousand residents) even higher.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Redwood City , California, on October 29, 2008.

_____
DUANE BAY

L:\LITIGATE\C_CASES\Coleman\TRIAL\Decl. of Duane Bay for Trial.doc