PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
MARIA MORRIS, Bar No. 223903
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

K&L Gates LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
Telephone:  (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No.  Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>**OBJECTIONS TO TRIAL DECLARATION OF GEORGE RUNNER AND THE LEGISLATOR INTERVENORS' RESPONSES THERETO** |
| MARCIANO PLATA ,et al.,<br><br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. C01-1351 TEH<br><br><br>**THREE-JUDGE COURT** |

LA-288634 v1 0903375-00001

1     Plaintiffs submit their objections and the Legislator Intervenors submit their responses to

2  Plaintiffs' objections to the trial declaration of George Runner.

3                                          I.

4                            SPECIFIC OBJECTIONS

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| Paragraph 5 | Statistics about incarceration in California and other states lack foundation. | The statistics are based upon Senator Runner's understanding and due diligence as a legislator, which statistics derived from publicly available information offered by the Federal Bureau of Investigation, the California Department of Corrections and Rehabilitation, Bureau of Justice Statistics and/or Federal Government Accountability Office reports, as indicated in Paragraph 7 of Senator Runner's Trial Declaration. |
| Paragraph 6 | Statistics regarding illegal alien prison populations lack foundation. | The statistics are based upon Senator Runner's understanding and due diligence as a legislator, which statistics derived from publicly available information offered by the Federal Bureau of Investigation, the California Department of Corrections and Rehabilitation, Bureau of Justice Statistics and/or Federal Government Accountability Office reports, as indicated in Paragraph 7 of Senator Runner's Trial Declaration. |
| Paragraph 7 | Reliance on Exhibit B is improper as Exhibit B itself is the best evidence of its contents, and is otherwise inadmissible because it lacks foundation and is hearsay. | There is no reliance on Exhibit B in Paragraph 7, rather, Senator Runner merely testifies that he attaches a true and correct copy of the referenced material as an exhibit to his declaration. Plaintiffs have specifically objected to the underlying exhibit below and the Legislator |

2

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | Intervenors have addressed the merits of those objections. |
| Paragraph 9 | Inadmissible because it is improper expert opinion testimony for which the declarant is not competent, and otherwise lacks foundation and is speculative. | The objection is vague and ambiguous, as well as unclear as to what portion of Paragraph 9 Plaintiffs object. Senator Runner, as a former California State Assemblyman and current State Senator, has particularized knowledge that is admissible under FRE 701, based on, *inter alia*, his personal knowledge through interactions with CDCR administrators, law enforcement groups, victims' advocates and staff research of public databases, and in research and due diligence related to AB 900. Moreover, although the Legislator Intervenors offer Senator Runner's opinion as lay testimony, we are willing to lay foundation for his expert knowledge of California corrections if the Court desires or requires it. |
| Paragraph 10 | Lacks foundation. | The objection is vague and ambiguous, as well as unclear as to what portion of Paragraph 10 Plaintiffs object. The statistics are based upon Senator Runner's personal knowledge, due diligence and understanding as a legislator, which statistics derived from publicly available information offered by the California Department of Corrections and Rehabilitation (referenced as Exhibit C to Senator Runner's Trial Declaration which assists |

3

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | Senator Runner with the formulation of opinions necessary for informed legislative action), and Senator Runner's familiarity with the State budget. |
| Paragraph 11 | Lacks foundation. | The objection is vague and ambiguous, as well as unclear as to what portion of Paragraph 11 Plaintiffs object.

The statistics are based upon Senator Runner's understanding and due diligence as a legislator, which statistics derived from publicly available information offered by the Federal Bureau of Investigation, the California Department of Corrections and Rehabilitation, Bureau of Justice Statistics and/or Federal Government Accountability Office reports. These statistics are verified in Paragraph 12 and Exhibit D and assist with the formulation of opinions necessary for informed legislative action. |
| Paragraph 12 | Reliance on Exhibit D is improper as Exhibit D is the best evidence of its contents, however it lacks foundation and is hearsay. | There is no reliance on Exhibit D in Paragraph 12, rather, Senator Runner merely testifies that he attaches a true and correct copy of the referenced material as an exhibit to his declaration. Plaintiffs have specifically objected to the underlying exhibit below and the Legislator Intervenors have addressed the merits of those objections. |
| Paragraph 13 | Lacks foundation. | The objection is vague and ambiguous, as well as unclear as to what portion of Paragraph 13 Plaintiffs object.

The statistics are based upon |

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | Senator Runner's understanding and due diligence as a legislator, which statistics derived from publicly available information offered by the Federal Bureau of Investigation, the California Department of Corrections and Rehabilitation, Bureau of Justice Statistics and/or Federal Government Accountability Office reports. These statistics are verified in Paragraph 14 and Exhibit E, and assist with the formulation of opinions necessary for informed legislative action. |
| Paragraph 14 | Exhibit E is the best evidence of its contents, lacks foundation and is hearsay. | There is no reliance on Exhibit E in Paragraph 14, rather, Senator Runner merely testifies that he attaches a true and correct copy of the referenced material as an exhibit to his declaration. Plaintiffs have specifically objected to the underlying exhibit below and the Legislator Intervenors have addressed the merits of those objections. |
| Paragraph 20 | Lacks foundation. | The objection is vague and ambiguous, as well as unclear as to what portion of Paragraph 20 Plaintiffs object. The statistic regarding a 30% drop in inmate mortality is based upon Senator Runner's understanding and due diligence as a legislator. These statistics are verified in Paragraph 21 and Exhibit G, and assist with the formulation of opinions necessary for informed legislative action. |
| Paragraph 21 | Hearsay. | There is no hearsay as Senator Runner merely testifies that he attaches a true and correct copy of |

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | the referenced material as an exhibit to his declaration. Plaintiffs have specifically objected to the underlying exhibit below and the Legislator Intervenors have addressed the merits of those objections. |
| Paragraph 22 | Lacks foundation. | The objection is vague and ambiguous, as well as unclear as to what portion of Paragraph 22 Plaintiffs object.<br><br>The statistic regarding the rearrest of prisoners released early in Los Angeles County jails is based upon Senator Runner's understanding and due diligence as a legislator, particularly given his representation of a portion of Los Angeles County in the Senate. These statistics are verified in Paragraph 23 and Exhibit H, and assist with the formulation of opinions necessary for informed legislative action. |
| Paragraph 23 | Hearsay. | There is no hearsay as Senator Runner merely testifies that he attaches a true and correct copy of the referenced material as an exhibit to his declaration. Plaintiffs have specifically objected to the underlying exhibit below and the Legislator Intervenors have addressed the merits of those objections. |
| Exhibit B | Hearsay and lacks foundation. | Non-hearsay as it is not utilized for the truth of the matter asserted, rather it is utilized to formulate opinions necessary for informed legislative action.<br><br>FRE 803(6); FRE 803(8); FRE |

6

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | 807.<br><br>Exhibit B is a memorandum produced by Senator Runner's staff in the regular course of their business activity and the memorandum assists Senator Runner with the formulation of opinions necessary for informed legislative action. If necessary, the Legislator Intervenors can provide the testimony of a legislative staff member who compiled and produced this memorandum. Also, the memorandum is a summary of public records, as it consists of a compilation of Bureau of Justice Statistics' charts, statistics from the Department of Justice, and/or similar publicly available data produced by government agencies. |
| Exhibit C | Hearsay and lacks foundation. | Non-hearsay as it is not utilized for the truth of the matter asserted, rather it is utilized to formulate opinions necessary for informed legislative action.<br><br>FRE 803(6); FRE 803(8); FRE 807.<br><br>Exhibit C was produced by Senator Runner's staff in the regular course of their business activity and the memorandum assists Senator Runner with the formulation of opinions necessary for informed legislative action. If necessary, the Legislator Intervenors can provide the testimony of a legislative staff member who compiled and produced this memorandum. Also, the memorandum is a summary of public records, as it |

7

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | consists of a compilation of Bureau of Justice Statistics' charts, statistics from the Department of Justice, and/or similar publicly available data produced by government agencies. |
| Exhibit D | Lacks foundation and hearsay. | Non-hearsay as it is not utilized for the truth of the matter asserted, rather it is utilized to formulate opinions necessary for informed legislative action.

FRE 803(6); FRE 803(8); FRE 807.

Exhibit D was produced by Senator Runner's staff in the regular course of their business activity and the memorandum assists Senator Runner with the formulation of opinions necessary for informed legislative action.  If necessary, the Legislator Intervenors can provide the testimony of a legislative staff member who compiled and produced this memorandum. Also, the memorandum is a summary of public records, as it consists of a compilation of Bureau of Justice Statistics' charts, statistics from the Department of Justice, and/or similar publicly available data produced by government agencies. |
| Exhibit E | Lacks foundation and hearsay. | Non-hearsay as it is not utilized for the truth of the matter asserted, rather it is utilized to formulate opinions necessary for informed legislative action.

FRE 803(6); FRE 803(8); FRE 807. |

8

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
| | | Exhibit E is a memorandum produced by Senator Runner's staff in the regular course of their business activity and the memorandum assists Senator Runner with the formulation of opinions necessary for informed legislative action.  If necessary, the Legislator Intervenors can provide the testimony of a legislative staff member who compiled and produced this memorandum.  Also, the memorandum is a summary of public records, as it consists of a compilation of Bureau of Justice Statistics' charts, statistics from the Department of Justice, and/or similar publicly available data produced by government agencies. |
| Exhibit G | Hearsay. | Non-hearsay as it is not utilized for the truth of the matter asserted, rather it is utilized to formulate opinions necessary for informed legislative action.<br><br>Business records exception to the hearsay rule-- FRE 803(6); underlying data is public record-- FRE 803(8); FRE 807. |
| Exhibit H | Hearsay. | Non-hearsay as it is not utilized for the truth of the matter asserted, rather it is utilized to formulate opinions necessary for informed legislative action.  FRE 803(6); FRE 803(8); FRE 807: Exhibit H contains information provided by the Los Angeles County Sheriff's Department and the L.A. Superior Court; this information was collected in the normal course of business activity and it consists of public records of early release and |

9

| Statement | Plaintiffs' Objections | Legislator Intervenors' Responses |
|---|---|---|
|  |  | recidivism rates. |

Dated:  December 18, 2008          By:


                              /s/ Edward P. Sangster
                              Edward P. Sangster
                              ed.sangster@klgates.com

                              K&L Gates LLP
                              Attorneys for Plaintiffs

Dated:  December 18, 2008          By:


                              /s/ Chad A. Stegeman
                              Chad A. Stegeman
                              Cstegeman@akingump.com

                              Akin, Gump Strauss Hauer & Feld, LLP
                              Attorneys for the Legislator Intervenors

OBJECTIONS TO DECLARATION OF GEORGE RUNNER AND RESPONSES THERETO
Nos.:  Civ S 90-0520 LKK-JFM, C01-1351 TEH