PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' DISCOVERY DESIGNATIONS** |

1    Plaintiffs hereby submit true and correct copies of the Discovery Responses designated

2    by Plaintiffs in the Joint Pre-Trial Statement, *Coleman* Docket 3234.

3    For completeness, Plaintiffs include, for each set of discovery responses, the pages from

4    the relevant discovery requests that set forth the definitions used in the discovery requests.

5    Plaintiffs include Defendants' general objections, as well as all objections and responses to for

6    each of the designated discovery responses.

7    **Exhibit A:**    Excerpt of Plaintiff Coleman's First Set of Interrogatories to Defendant

8                      Governor Schwarzenegger;

9    **Exhibit B:**    Excerpt of Defendant Governor Schwarzenegger's Responses to Plaintiff

10                     Coleman's First Set of Interrogatories (November 9, 2007): Responses to
                       Interrogatories 1, 3, 5, 7, 9, 11, 13, 15, 19, and 24;

11   **Exhibit C:**    Excerpt of Plaintiff Coleman's First Set of Interrogatories to Defendant

12                     Tilton;

13   **Exhibit D:**    Excerpt of Defendant Tilton's Response to Plaintiff Coleman's
                       Interrogatories (November 9, 2007): Responses to Interrogatories 13, 14, 15,

14                     16 (and Exhibit A to Interrogatory 16), 17, 18, 19, 23, and 24;

15   **Exhibit E:**    Excerpt of Plaintiff Coleman's First Set of Interrogatories to Defendant Cate;

16   **Exhibit F:**    Excerpt of Defendant Cate's Responses to Plaintiff Coleman's First Set of

17                     Interrogatories (July 25, 2008): Responses to Interrogatories 9, 11, 12, 13,
                       14, 17, 18, 19, and 20; Documents identified in response to Interrogatories

18                     17, 18, 19, and 20;

19   **Exhibit G:**    Excerpt of Plaintiff Coleman's Second Set of Interrogatories to Defendant

20                     Cate;

21   **Exhibit H:**    Excerpt of Defendant Cate's Responses to Second Set of Interrogatories

22                     from Plaintiff Coleman (August 8, 2008): Response to Interrogatory Number
                       5;

23
     **Exhibit I:**    Excerpt of Defendant Cate's Supplemental Responses to Then-Secretary

24                     Tilton November 2007 Responses to Plaintiff Coleman's Interrogatories, Set
                       One (August 15, 2008): Responses to Interrogatories 13, 14, 15, 19, 20, and

25                     24;

26   **Exhibit J:**    Plaintiff Coleman's First Set of Requests for Admission to Defendant Cate;

27

28

-1-

**Exhibit K:**  Excerpt of Responses to Plaintiff Coleman's First Set of Requests for Admission to Defendant Cate (September 4, 2008): Responses to Requests for Admission 1, 2, 3, 6, 7, 8, 11, 12, 13, 16, 17, 18, 21, 22, 23, and 30;

**Exhibit L:**  Plaintiff Coleman's First Set of Requests for Admission to Defendant Schwarzenegger;

**Exhibit M:**  Excerpt of Responses to Plaintiff Coleman's First Set of Requests for Admission to Defendant Schwarzenegger (September 5, 2008): Responses to Requests for Admission 1, 2, 3, 4, and 6;

**Exhibit N:**  Excerpt of Plaintiff Coleman's Second Set of Requests for Admissions to Defendant Arnold Schwarzenegger;

**Exhibit O:**  Defendant Arnold Schwarzenegger's Response to Plaintiff Coleman's Second Set of Requests for Admissions (October 20, 2008): Responses to Requests for Admission 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56;

**Exhibit P:**  Excerpt of Plata Plaintiffs' First Set of Interrogatories to Defendant Tilton;

**Exhibit Q:**  Excerpt of Defendant Tilton's Response to Plata Plaintiffs' First Set of Interrogatories (November 9, 2007): Response to Interrogatory 10;

**Exhibit R:**  Excerpt of Defendant Cate's Supplemental Responses to Plata Plaintiffs' First Set of Interrogatories to Former Defendant Tilton (August 15, 2008): Supplemental Response to Interrogatory 10;

**Exhibit S:**  Plaintiffs' First Set of Interrogatories to Sheriff and Probation Intervenor-Defendants;

**Exhibit T:**  Intervenor-Defendant Amador County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit U:**  Intervenor-Defendant Butte County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit V:**  Intervenor-Defendant Calaveras County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit W:**  Intervenor-Defendant Eldorado County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit X:**  Intervenor-Defendant Fresno County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit Y:**    Intervenor-Defendant Humboldt County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit Z:**    Intervenor-Defendant Inyo County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit AA:**    Intervenor-Defendant Kern County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit BB:**    Intervenor-Defendant Los Angeles County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit CC:**    Intervenor-Defendant Merced County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit DD:**    Intervenor-Defendant Orange County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit EE:**    Intervenor-Defendant Placer County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit FF:**    Intervenor-Defendant San Benito County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit GG:**    Intervenor-Defendant San Diego County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit HH:**    Intervenor-Defendant San Joaquin County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit II:**    Intervenor-Defendant San Mateo County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit JJ:**    Intervenor-Defendant Santa Barbara County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit KK:**    Intervenor-Defendant Shasta County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit LL:**    Intervenor-Defendant Solano County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit MM:**    Intervenor-Defendant Stanislaus County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit NN:**    Intervenor-Defendant Tehama County Sheriff's Responses to Plaintiffs' First

Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit OO:**   Intervenor-Defendant Tuolumne County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4;

**Exhibit PP:**   Intervenor-Defendant Ventura County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4; and

**Exhibit QQ:**   Intervenor-Defendant Yolo County Sheriff's Responses to Plaintiffs' First Set of Interrogatories, Responses to Interrogatories Numbers 1, 3 and 4.


Dated:  December 23, 2008                          Respectfully submitted,

                                                                   ROSEN, BIEN & GALVAN LLP


                                                                   */s/ Maria V. Morris*
                                                                   Maria V. Morris
                                                                   Attorneys for *Coleman* Plaintiffs and on
                                                                   Behalf of *Plata* Plaintiffs

# EXHIBIT A

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
E. IVAN TRUJILLO Bar No.: 228790
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE &
McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., | No.: Civ S 90-0520 LKK-JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants | |
| MARCIANO PLATA ,et al., | No. C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| vs. | **PLAINTIFF RALPH COLEMAN'S** |
| Defendants | **FIRST SET OF INTERROGATORIES TO DEFENDANT SCHWARZENEGGER** |

**PROPOUNDING PARTIES:**    PLAINTIFFS RALPH COLEMAN

**RESPONDING PARTIES:**    DEFENDANT SCHWARZENEGGER

**SET NUMBER:**    ONE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Ralph Coleman submits the following First Set of Interrogatories to Defendant Schwarzenegger ("Defendant") to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them, within 30 days after service hereof.

## DEFINITIONS

1.    "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies; analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular PERSON, "DOCUMENT" includes any identical copy of the original.

2.    "PERSON" as used herein means natural persons, corporations, partnerships, governments (or governmental agencies), units of government, quasi-public entities, and all other forms of legal entities.

3.    "YOU" and "YOURS" as used herein refers to Governor Arnold Schwarzenegger, his agents, representatives, attorneys, and all other persons or entities acting on his behalf.

4.    As used herein, the term "IDENTIFY," when used with respect to a person, means to state the following: name of entity; telephone number; location of its business and nature of its business.

5.    As used herein, the term "IDENTIFY," when used with respect to a document, means to state the following, if available, for each document:  the name(s) of the author(s) and the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive term); a description of the contents of the document; and its present or last known location and custodian.  If you claim that any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when.  Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge.  To the extent that the answers to the preceding questions are determinable by an examination of the document itself, you may respond by supplying such document as part of your answers to these interrogatories so long as you identify the interrogatory to which such document is responsive.

6.    "REFER" or "RELATE TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

7.    The terms "and," "or," and "and/or" should be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

8.    "NON-TRADITIONAL HOUSING" or "NON-TRADITIONAL BEDS" means beds in gyms, dayrooms, or other locations not intended to house inmates and includes those beds commonly referred to as "bad beds" by Defendants, inclusive of triple-bunks.

9.    "CDCR PRISON" and "PRISONS" mean any and all facilities in which class members in this litigation are or can be incarcerated, including housing units within DMH facilities that house CDCR prisoners.

10.    "*COLEMAN* CLASS MEMBERS" or "PLAINTIFFS" means the class of state prisoners with serious mental disorders, including but not limited to those CDCR inmate-patients within the Correctional Clinical Case Management System (CCCMS), the Enhanced Outpatient Program (EOP), Day Treatment Program (DTP), intermediate care beds, mental health crisis beds, and acute care beds.

11.    "OVERCROWDING PROCLAMATION" means the Prison Overcrowding State of Emergency Proclamation issued by Governor Schwarzenegger on October 4, 2006.

## INSTRUCTIONS

The preceding definitions apply to each interrogatory and are deemed incorporated in each of the following interrogatories and these instructions.

1.    In answering these interrogatories, quote each interrogatory before each answer.

2.    These interrogatories shall be deemed to be continuing interrogatories so as to require proper supplemental answers if further information is obtained or developed by you or your counsel after the time that you serve answers to these interrogatories.

3.    In answering these interrogatories, furnish all information available to you, including information in the possession of your employees, attorneys, or otherwise subject to your possession and/or control, and not merely information known of your own personal knowledge.

4.    If you cannot answer a particular interrogatory in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, state whatever knowledge you have concerning the unanswered portion.

5.    If you object to any part of an interrogatory, answer all parts of such interrogatory to which you do not object and, as to each part to which you do object, set forth the specific basis for you objection.

**INTERROGATORY NO. 22:**

If YOUR response to interrogatory number twenty-one is affirmative, state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

**INTERROGATORY NO. 23:**

What is the current projected time period when YOU or CDCR expect to run out of all common area space to house prisoners, previously described by YOU in YOUR OVERCROWDING PROCLAMATION as mid-2007?

**INTERROGATORY NO. 24:**

Do YOU contend that the magnitude of the circumstances due to severe overcrowding that YOU stated in YOU OVERCROWDING PROCLAMATION to exceed the capabilities of services, personnel, equipment, and facilities of any geographical area in California, have been reduced or alleviated?

**INTERROGATORY NO. 25:**

If YOUR response to interrogatory number twenty-four is affirmative, state all facts and IDENTIFY all DOCUMENTS and witnesses in support of YOUR contention.

Dated:  10/17/07                          Respectfully submitted,

Lori Rifkin
Rosen, Bien & Galvan
Attorneys for Plaintiffs

# EXHIBIT B

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   FRANCES T. GRUNDER
    Senior Assistant Attorney General
4   ROCHELLE C. EAST
    Supervising Deputy Attorney General
5   LISA A. TILLMAN, State Bar No. 126424
    Deputy Attorney General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 327-7872
8   Fax: (916) 324-5205
    Email: Lisa.Tillman@doj.ca.gov

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179775
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com

9

10   Attorneys for Defendants

RECEIVED

NOV 1 3 2007

Rosen, Bien & Galvan

11

12

13           IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF CALIFORNIA
14            AND THE NORTHERN DISTRICT OF CALIFORNIA
       UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
15       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

16

| | |
|---|---|
| 17  **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| 18                                    Plaintiffs, | |
| 19         v. | **THREE-JUDGE COURT** |
| 20 | |
| 21  **ARNOLD SCHWARZENEGGER, et al.,** | |
| 22                                    Defendants. | No. C01-1351 |
| 23  **MARCIANO PLATA,** | |
| 24                                    Plaintiffs, | **THREE JUDGE COURT** |
| 25         v. | |
| 26  **ARNOLD SCHWARZENEGGER,** | **DEFENDANT GOVERNOR SCHWARZENEGGER'S RESPONSES TO PLAINTIFF** |
| 27                                    Defendants. | **COLEMAN'S FIRST SET OF INTERROGATORIES** |

28   //

1 | Propounding Party: Ralph Coleman

2 | Responding Party: Defendant Governor Arnold Schwarzenegger

3 | Set No.:        One

**DEFINITIONS**

In construing these discovery responses, the following definitions shall apply:

1.    "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

2.    "DEFENDANT" shall mean Governor Arnold Schwarzenegger, a named defendant in the case of *Coleman* v. *Schwarzenegger*.

3.    "DEFENDANTS" shall mean each of the named defendants in the case of *Coleman* v. *Schwarzenegger*, including James Tilton in his official capacity on behalf of the California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his official capacity on behalf of the Department of Finance (DOF), and the Governor.

4.    "PROCEEDING" shall mean the three-judge panel proceeding convened under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

**OVERALL OBJECTIONS TO INTERROGATORIES**

1.    DEFENDANT objects to Plaintiffs' definition of a California Department of Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing units within Department of Mental Health (DMH) facilities that house CDCR prisoners. (Interrogatories, p. 2.) That definition mischaracterizes the role of DMH as a provider of housing for incarcerated inmates. DMH's true role is defined by California Penal Code section 2684 as a provider of inpatient mental health treatment to CDCR inmate-patients. Further, that definition erroneously assumes the Governor's Emergency Proclamation of October 4, 2006 addressed DMH as a provider of housing for incarcerated inmates. DEFENDANT will interpret the terms "CDCR prison" and "prison" for the purposes of this request to mean those prisons within the jurisdiction of the California Department of Corrections and Rehabilitation, pursuant to

1   California Penal Code section 5054.

2       2.    DEFENDANT objects that the discovery seeks INFORMATION that is neither

3   relevant PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead to the

4   discovery of admissible evidence.  PLAINTIFFS have refused to identify what if any claims they

5   will be asserting in the PROCEEDING.  Consequently, DEFENDANT objects that the discovery

6   requires DEFENDANT to speculate what claims may or may not be asserted by PLAINTIFFS.

7       3.    DEFENDANT objects that the requests are seek information equally available to

8   PLAINTIFFS, and that the requests are overbroad and unduly burdensome.  In accordance with

9   the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive a monthly document productions

10  and other discovery from DEFENDANT and the Receiver appointed in *Plata*.

11      4.    DEFENDANT states that PLAINTIFFS are already in possession of DEFENDANTS'

12  filed plans for the provision of mental health care beds, for the recruitment and retention of

13  staffing for those mental health beds, and for the implementation of appropriate mental health

14  care in those beds. DEFENDANT asserts the deliberative process privilege to all information

15  sought or contained in drafts of those *Coleman* plans, all drafts of any budget proposals to fund

16  those plans, and inter- and intra-Defendant emails concerning those plans.

17      5.    Given the shortened time for DEFENDANT'S responses to these interrogatories,

18  DEFENDANT hereby reserves the right to supplement these responses at a later date.

19      6.    To the extent any request seeks information from documents prepared, created, or

20  generated by the Office of the Inspector General, DEFENDANTS object to the discovery of such

21  information on the basis of the official information privilege and on the basis of the right to

22  privacy in medical, mental health, and personnel matters.  Non-privileged reports of the Office of

23  the Inspector General are available on its public web site.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

25  INTERROGATORY NO. 1:

26      Do you contend that the state of emergency in the California prison system that you

27  declared, pursuant to your October 4, 2006 overcrowding proclamation, is now over?

28  //

Governor's Responses to Coleman Interrogatories, Set One

3

1    RESPONSE TO INTERROGATORY NO. 1:

2        DEFENDANT objects that this request seeks information protected from disclosure by

3    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

4    critical analysis privilege, and official information privilege.  DEFENDANT objects that this

5    interrogatory seeks information concerning the overall population of CDCR and so exceeds

6    Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

7    disordered inmates and exceeds the jurisdiction of the *Coleman* case.

8        Subject to and without waiving the foregoing objections, DEFENDANT responds as

9    follows: No, the Governor has not terminated the Emergency Proclamation, and his

10   administration continues to aggressively use the emergency authority to address overcrowding in

11   ways that are less intrusive than a prisoner release order.

12   INTERROGATORY NO. 2:

13       If your response to interrogatory number one is affirmative, state all facts and identify all

14   documents and witnesses in support of your contention.

15   RESPONSE TO INTERROGATORY NO. 2:

16       Not applicable.  See the objections and response to interrogatory number 1.

17   INTERROGATORY NO. 3:

18       Do you contend that the substantial risk to the health and safety of staff and inmates in

19   CDCR prisons caused by severe overcrowding in CDCR prisons that you cited in your

20   overcrowding proclamation has been alleviated?

21   RESPONSE TO INTERROGATORY NO. 3:

22       DEFENDANT objects that this request seeks information protected from disclosure by

23   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

24   critical analysis privilege, and official information privilege.  DEFENDANT objects that this

25   interrogatory seeks information concerning the overall population of CDCR and so exceeds

26   Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

27   disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

28   is vague in the use of the word 'alleviated', as this word is subject to different meanings and is

1  not defined in the interrogatories.

2      Subject to and without waiving the foregoing objections, DEFENDANT responds as

3  follows: The Governor has not terminated the Emergency Proclamation, and his

4  administration continues to aggressively use the emergency authority to address overcrowding in

5  ways that are less intrusive than a prisoner release order.

6  INTERROGATORY NO. 4:

7      If your response to interrogatory number three is affirmative, state all facts and identify all

8  documents and witnesses in support of your contention.

9  RESPONSE TO INTERROGATORY NO. 4:

10      Not applicable.  See the objections and response to interrogatory number 3.

11  INTERROGATORY NO. 5:

12      Do you contend that the substantial risk of violence in CDCR prisons caused by severe

13  overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been

14  alleviated?

15  RESPONSE TO INTERROGATORY NO. 5:

16      DEFENDANT objects that this request seeks information protected from disclosure by

17  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

18  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

19  interrogatory seeks information concerning the overall population of CDCR and so exceeds

20  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

21  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

22  is vague in the use of the word 'alleviated', as this word is subject to different meanings and is

23  not defined in the interrogatories.

24      Subject to and without waiving the foregoing objections, DEFENDANT responds as

25  follows:  The Governor has not terminated the Emergency Proclamation, and his

26  administration continues to aggressively use the emergency authority to address overcrowding in

27  ways that are less intrusive than a prisoner release order.

28  //

1    INTERROGATORY NO. 6:

2          If your response to interrogatory number five is affirmative, state all facts and identify all

3    documents and witnesses in support of your contention.

4    RESPONSE TO INTERROGATORY NO. 6:

5          Not applicable.  See the objections and response to interrogatory number 5.

6    INTERROGATORY NO. 7:

7          Do you contend that the substantial risk of transmission of infectious diseases in CDCR

8    prisons caused by severe overcrowding in CDCR prisons that you cited in your overcrowding

9    proclamation has been alleviated?

10   RESPONSE TO INTERROGATORY NO. 7:

11         DEFENDANT objects that this request seeks information protected from disclosure by

12   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

13   critical analysis privilege, and official information privilege.  DEFENDANT objects that this

14   interrogatory seeks information concerning the overall population of CDCR and so exceeds

15   Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

16   disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

17   is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

18   not defined in the interrogatories.

19         Subject to and without waiving the foregoing objections, DEFENDANT responds as

20   follows:  The Governor has not terminated the Emergency Proclamation, and his

21   administration continues to aggressively use the emergency authority to address overcrowding in

22   ways that are less intrusive than a prisoner release order.

23   INTERROGATORY NO. 8:

24         If your response to interrogatory number seven is affirmative, state all facts and identify

25   all documents and witnesses in support of your contention.

26   RESPONSE TO INTERROGATORY NO. 8:

27         Not applicable.  See the objections and response to interrogatory number 7.

28   //

Governor's Responses to Coleman Interrogatories, Set One

1  INTERROGATORY NO. 9:

2      Do you contend that the substantial security risk in CDCR prisons caused by severe

3  overcrowding in CDCR prisons that you cited in your overcrowding proclamation has been

4  alleviated?

5  RESPONSE TO INTERROGATORY NO. 9:

6      DEFENDANT objects that this request seeks information protected from disclosure by

7  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

8  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

9  interrogatory seeks information concerning the overall population of CDCR and so exceeds

10 Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

11 disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

12 is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

13 not defined in the interrogatories.

14      Subject to and without waiving the foregoing objections, DEFENDANT responds as

15 follows: The Governor has not terminated the Emergency Proclamation, and his administration

16 continues to aggressively use the emergency authority to address overcrowding in ways that are

17 less intrusive than a prisoner release order.

18 INTERROGATORY NO. 10:

19      If your response to interrogatory number nine is affirmative, state all facts and identify all

20 documents and witnesses in support of your contention.

21 RESPONSE TO INTERROGATORY NO. 10:

22      Not applicable.  See the objections and response to interrogatory number 9.

23 INTERROGATORY NO. 11:

24      Do you contend that the burdens on infrastructure (electrical systems and/or

25 wastewater/sewer systems) caused by severe overcrowding in CDCR prisons that you cited in

26 your overcrowding proclamation has been alleviated?

27 RESPONSE TO INTERROGATORY NO. 11:

28      DEFENDANT objects that this request seeks information protected from disclosure by

1    the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

2    critical analysis privilege, and official information privilege.  DEFENDANT objects that this

3    interrogatory seeks information concerning the overall population of CDCR and so exceeds

4    Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

5    disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

6    is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

7    not defined in the interrogatories.

8           Subject to and without waiving the foregoing objections, DEFENDANT responds as

9    follows: The Governor has not terminated the Emergency Proclamation, and his

10   administration continues to aggressively use the emergency authority to address overcrowding in

11   ways that are less intrusive than a prisoner release order.

12   INTERROGATORY NO. 12:

13          If your response to interrogatory number eleven is affirmative, state all facts and identify

14   all documents and witnesses in support of your contention.

15   RESPONSE TO INTERROGATORY NO. 12:

16          Not applicable.  See the objections and response to interrogatory number 11.

17   INTERROGATORY NO. 13:

18          Do you contend that the effects of overcrowding that you described in your overcrowding

19   proclamation as harm to people and property, inmate unrest and misconduct, reduc[tion] or

20   eliminat[ion] of programs, and increase[d] recidivism have been alleviated?

21   RESPONSE TO INTERROGATORY NO. 13:

22          DEFENDANT objects that this request seeks information protected from disclosure by

23   the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

24   critical analysis privilege, and official information privilege.  DEFENDANT objects that this

25   interrogatory seeks information concerning the overall population of CDCR and so exceeds

26   Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

27   disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, the interrogatory

28   is vague in the use of the word 'alleviated' as this word is subject to different meanings and is

1  not defined in the interrogatories.

2          Subject to and without waiving the foregoing objections, DEFENDANT responds as

3  follows: The Governor has not terminated the Emergency Proclamation, and his

4  administration continues to aggressively use the emergency authority to address overcrowding in

5  ways that are less intrusive than a prisoner release order.

6  INTERROGATORY NO. 14:

7          If your response to interrogatory number thirteen is affirmative, state all facts and identify

8  all documents and witnesses in support of your contention.

9  RESPONSE TO INTERROGATORY NO. 14:

10          Not applicable. See the objections and response to interrogatory number 13.

11  INTERROGATORY NO. 15:

12          Do you contend that the severe overcrowding at any of the 29 CDCR prisons that you

13  cited in your overcrowding proclamation has been alleviated?

14  RESPONSE TO INTERROGATORY NO.15:

15          DEFENDANT objects that this request seeks information protected from disclosure by

16  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

17  critical analysis privilege, and official information privilege. DEFENDANT objects that this

18  interrogatory seeks information concerning the overall population of CDCR and so exceeds

19  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

20  disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory

21  is vague in the use of the word 'alleviated' is subject to different meanings and is not defined in

22  the interrogatories.

23          Subject to and without waiving the foregoing objections, DEFENDANT responds as

24  follows: The Governor has not terminated the Emergency Proclamation, and his

25  administration continues to aggressively use the emergency authority to address overcrowding in

26  ways that are less intrusive than a prisoner release order.

27  INTERROGATORY NO. 16:

28          If your response to interrogatory number fifteen is affirmative, for each prison at which

1  RESPONSE TO INTERROGATORY NO. 18:

2      DEFENDANT objects to this interrogatory as compound and as phrased in the

3  conjunctive.

4      Subject to and without waiving the foregoing objections, DEFENDANT responds as

5  follows:  Not applicable. See the objections and response to interrogatory number 17.

6  INTERROGATORY NO. 19:

7      Do you contend that the severe overcrowding is no longer causing reduction in inmate

8  participation in academic, vocational, and rehabilitation programs that you described in your

9  overcrowding proclamation?

10  RESPONSE TO INTERROGATORY NO. 19:

11      DEFENDANT objects that this request seeks information protected from disclosure by

12  the attorney-client privilege, attorney work product privilege, deliberative process privilege, self

13  critical analysis privilege, and official information privilege.  DEFENDANT objects that this

14  interrogatory seeks information concerning the overall population of CDCR and so exceeds

15  Plaintiff Coleman's standing as a representative of the certified class of seriously mentally

16  disordered inmates and exceeds the jurisdiction of the *Coleman* case.  Further, DEFENDANT

17  objects to this interrogatory as compound and as phrased in the disjunctive.

18      Subject to and without waiving the foregoing objections, DEFENDANT responds as

19  follows: No, the Governor has not terminated the Emergency Proclamation, and his

20  administration continues to aggressively use the emergency authority to address overcrowding in

21  ways that are less intrusive than a prisoner release order.

22  INTERROGATORY NO. 20:

23      If your response to interrogatory number nineteen is affirmative, state all facts and

24  identify all documents and witnesses in support of your contention.

25  RESPONSE TO INTERROGATORY NO. 20:

26      Not applicable. See the objections and response to interrogatory number 19.

27  INTERROGATORY NO. 21:

28      Do you contend that the deficiency of appropriate beds and space for the *Coleman* class

INTERROGATORY NO. 23:

What is the current projected time period when you or CDCR expect to run out of all common area space to house prisoners, previously described by you in your overcrowding proclamation as mid-2007?

RESPONSE TO INTERROGATORY NO. 23:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, DEFENDANT objects that this interrogatory is argumentative and assumes facts not in evidence.

Subject to and without waiving the foregoing objections, DEFENDANT responds as follows: The Administration's less intrusive efforts to address overcrowding are having a positive effect. CDCR is currently reducing the number of non-traditional beds.

INTERROGATORY NO. 24:

Do you contend that the magnitude of the circumstances due to severe overcrowding that you stated in your overcrowding proclamation to exceed the capabilities of services, personnel, equipment, and facilities of any geographical area in California, have been reduced or alleviated?

RESPONSE TO INTERROGATORY NO. 24:

DEFENDANT objects that this request seeks information protected from disclosure by the attorney-client privilege, attorney work product privilege, deliberative process privilege, self critical analysis privilege, and official information privilege. DEFENDANT objects that this interrogatory seeks information concerning the overall population of CDCR and so exceeds Plaintiff Coleman's standing as a representative of the certified class of seriously mentally disordered inmates and exceeds the jurisdiction of the *Coleman* case. Further, the interrogatory is vague in the use of the word 'alleviated', as this word is subject to different meanings and is not defined in the interrogatories.

1    Subject to and without waiving the foregoing objections, DEFENDANT responds as

2    follows: The Governor has not terminated the Emergency Proclamation, and his administration

3    continues to aggressively use the emergency authority to address overcrowding in ways that are

4    less intrusive than a prisoner release order.

5    INTERROGATORY NO. 25:

6          If your response to interrogatory number twenty-four is affirmative, state all facts and

7    identify all documents and witnesses in support of your contention.

8    RESPONSE TO INTERROGATORY NO. 25:

9          Not applicable. See the objections and response to interrogatory number 24.

10         Dated: November 9, 2007

11                          Respectfully submitted,

12                          EDMUND G. BROWN JR.
                             Attorney General of the State of California

13                          DAVID S. CHANEY
                             Chief Assistant Attorney General

14                          FRANCES T. GRUNDER
                             Senior Assistant Attorney General

15                          ROCHELLE C. EAST
                             Supervising Deputy Attorney General

16

17

18

19                          LISA A. TILLMAN
                             Deputy Attorney General

20                          Attorneys for Defendants

21    response.gov.colemanrogs1.wpd

22    CF1997CS0003

23

24

25

26

27

28

## VERIFICATION

I, ROBERT GORE, declare:

I am the Acting Chief Deputy Cabinet Secretary for the California Governor's Office. Prior to serving in this role, I was the Deputy Cabinet Secretary. In these roles, I am actively involved with, and review, budgets and corrections issues for the Office of the Governor, a defendant in his official capacity in this pending action entitled *Coleman v. Schwarzenegger*. I have read the foregoing responses to the First Request for Production propounded by Plaintiff Ralph Coleman, and the foregoing responses to the First Set of Interrogatories propounded by Plaintiff Ralph Coleman, and state upon my information and belief that they are true and correct.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ 9th day of November, 2007.

ROBERT GORE

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Coleman v. Schwarzenegger, et al.*; *Plata v. Schwarzenegger, et al.*
Nos.:    **01-1351 & 90-0520**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 07, 2007**, I served the attached : **DEFENDANT GOVERNOR SCHWAREZENEGGER'S RESPONSES TO PLAINTIFF COLEMAN'S FIRST SET OF INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Sacramento, California 94244, addressed as follows:

| | |
|---|---|
| Claudia Center<br>The Legal Aid Society<br>Employment law Center<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107 | Richard Goff<br>Heller, Ehrman White & McAuliffe<br>701 Fifth Avenue<br>Seattle, WA  98104 |
| Warren E. George<br>Bingham McCutchen<br>3 Embarcadero Ctr., Fl. 24<br>San Francisco, CA  94111 | Martin H. Dodd<br>Futterman & Dupree<br>160 Sansome Street, 17th Street<br>San Francisco, CA  94109 |
| Ronald Yank<br>Carroll, Burdick & McDonough, LLP<br>44 Montgomery Street, Suite 400<br>San Francisco, CA  94104 | Ann Miller Ravel<br>Office of the County Counsel<br>County of Santa Clara<br>70 West Hedding, East Wing, 9th Floor<br>San Jose, CA  95110 |
| Jared Goldman<br>California Prison Healthcare Receivership<br>1731 Technology Dr., Suite 700<br>San Jose, CA  95110 | Steven s. Kaufhold<br>Akin Gump Straus Hauer & Feld LLP<br>580 California Street, 15th Floor<br>San Francisco, CA  94102 |

| | |
|---|---|
| Rod Pacheco<br>Chuck Hughes<br>Office of the District Attorney<br>County of Riverside<br>4075 Main Street, First Floor<br>Riverside, CA 92501 | Steven Woodside<br>Office of the County Counsel<br>575 Administration Dr., Room 105A<br>Santa Rosa, CA 95403 |
| Donald Specter<br>Prison Law Office<br>2173 'E' Francisco Blvd., Suite M<br>San Rafael, CA 94901 | Michael Bien<br>Rosen, Bien and Galvan<br>315 Montgomery Street, 10th Floor<br>San Francisco, CA 94104 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 07, 2007**, at Sacramento, California.

_____
S. Burke
Declarant

_____
Signature