# EXHIBIT H

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ROCHELLE C. EAST
   Senior Assistant Attorney General
5  LISA A. TILLMAN – 126424
   Deputy Attorney General
6  CHARLES ANTONEN – 221207
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5443
   Facsimile: (415) 703-5843
9  rochelle.east@doj.ca.gov
   lisa.tillman@doj.ca.gov
10 charles.antonen@doj.ca.gov

   HANSON BRIDGETT LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO - 179755
   S. ANNE JOHNSON - 197415
   SAMANTHA TAMA - 240280
   RENJU P. JACOB - 242388
   425 Market Street, 26th Floor
   San Francisco, CA  94105
   Telephone: (415) 777-3200
   Facsimile:  (415) 541-9366
   jschaefer@hansonbridgett.com
   pmello@hansonbridgett.com
   ajohnson@hansonbridgett.com
   stama@hansonbridgett.com
   rjacob@hansonbridgett.com

RECEIVED

AUG 0 8 2008

Rosen, Bien & Galvan

11  Attorneys for Defendants

12              UNITED STATES DISTRICT COURT

13          FOR THE EASTERN DISTRICT OF CALIFORNIA

14          AND THE NORTHERN DISTRICT OF CALIFORNIA

15       UNITED STATES DISTRICT COURT COMPOSED OF THREE

16       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

17  RALPH COLEMAN, et al.,                No.  2:90-CV-00520 LKK JFM P

18              Plaintiffs,                **THREE-JUDGE COURT**

19       v.                               **DEFENDANT CATE'S RESPONSES TO
                                          SECOND SET OF INTERROGATORIES
20  ARNOLD SCHWARZENEGGER, et al.,        FROM PLAINTIFF COLEMAN**

21              Defendants.

22

23  MARCIANO PLATA, et al.,               No. C-01-1351 TEH

24              Plaintiffs,               **THREE-JUDGE COURT**

25       v.

26  ARNOLD SCHWARZENEGGER, et al.,

27              Defendants.

28

- 1 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SET TWO

1556987.2

**PROPOUNDING PARTY:  PLAINTIFFS RALPH COLEMAN, et al.**

**RESPONDING PARTY:    DEFENDANT CATE**

**SET NO.:               TWO**

## DEFINITIONS

In construing these discovery responses, the following definitions shall apply:

1)      "PLAINTIFF" shall mean class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

2)      "DEFENDANT" shall mean Matthew Cate, a named defendant in *Coleman*.

3)      "PROCEEDING" shall mean the Three-Judge panel proceeding convened under 28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

## DEFENDANT'S RESPONSES AND OBJECTIONS

## DEFINITIONS

In construing these discovery responses, the following definitions shall apply:

1.      "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM (E.D. Cal.) (*Coleman*).

2.      For purposes of these responses, "DEFENDANT" refers to Matthew Cate, a named defendant in the case of *Coleman* v. *Schwarzenegger*

3.      "DEFENDANTS" shall mean each of the named defendants in the case of *Coleman* v. *Schwarzenegger*, including Matthew Cate in his official capacity on behalf of the California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg in his official capacity on behalf of the Department of Mental Health (DMH), Michael Genest in his official capacity on behalf of the Department of Finance (DOF), and the

- 2 -

1    Governor.

2        4.    "PROCEEDING" shall mean the three-judge panel proceeding convened

3    under 28 U.S.C. Section 2284 in the cases of Coleman and Plata.

### OVERALL OBJECTIONS TO INTERROGATORIES

5

6        1.    DEFENDANT objects to Plaintiffs' definition of a California Department of

7    Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing

8    units within Department of Mental Health (DMH) facilities that house CDCR prisoners.

9    That definition mischaracterizes the role of DMH as a provider of housing for

10   incarcerated inmates. DMH's true role is defined by California Penal Code section 2684

11   as a provider of inpatient mental health treatment to CDCR inmate-patients. Further,

12   that definition erroneously assumes the Governor's Emergency Proclamation of October

13   4, 2006 addressed DMH as a provider of housing for incarcerated inmates.

14   DEFENDANT will interpret the terms "CDCR prison" and "prison" for the purposes of this

16   request to mean those prisons within the jurisdiction of the California Department of

17   Corrections and Rehabilitation, pursuant to California Penal Code section 5054.

18       2.    DEFENDANT objects that the discovery seeks INFORMATION that is

19   neither relevant to PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated

20   to lead to the discovery of admissible evidence. PLAINTIFFS have refused to identify

21   what if any claims they will be asserting in the PROCEEDING. Consequently,

23   DEFENDANT objects that the discovery requires DEFENDANT to speculate what claims

24   may or may not be asserted by PLAINTIFFS.

25       3.    DEFENDANT objects that the requests are seek information equally

26   available to PLAINTIFFS, and that the requests are overbroad and unduly burdensome.

27   In accordance with the Coleman and Plata remedial orders, PLAINTIFFS receive

28

- 3 -

1   monthly document productions and other discovery from DEFENDANT and the Receiver

2   appointed in *Plata*.

3       4.    DEFENDANT states that PLAINTIFFS are already in possession of

4   DEFENDANTS' filed plans for the provision of mental health care beds, for the

5   recruitment and retention of staffing for those mental health beds, and for the

6   implementation of appropriate mental health care in those beds. DEFENDANT asserts

7   the deliberative process privilege to all information sought or contained in drafts of those

8   *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and

9   intra-Defendant emails concerning those plans.

10      5.    Given the shortened time for DEFENDANT'S responses to these

11  interrogatories, DEFENDANT hereby reserves the right to supplement these responses

12  at a later date.

13      6.    To the extent any request seeks information from documents prepared,

14  created, or generated by the Office of the Inspector General, DEFENDANTS object to

15  the discovery of such information on the basis of the official information privilege and on

16  the basis of the right to privacy in medical, mental health, and personnel matters.  Non-

17  privileged reports of the Office of the Inspector General are available on its public web

18  site.

19      7.    DEFENDANT objects to the stated definition of "MATERIAL" as "having

20  some significance to the information requests OR relevance to the issues in dispute in

21  these proceedings" as vague, ambiguous, and erroneous.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

If you contend that there have been any material changes to the ability of

- 4 -

1    class members as follows:

2        DEFENDANT states that the implementation of Defendants' May 2008 revised

3    plan to provide Enhanced Outpatient Program (EOP) care to class members in

4    administrative segregation units (ASU) has positively impacted the provision of mental

5    health care.  Specifically, the May 1, 2008 revised plan resulted in a twenty-two percent

6    decrease in the number of ASU /EOP inmate-patients in the hub institutions for more

7    than ninety days.  In addition, DEFENDANT identifies other positive material changes to

8

9    the mental health care provided to *Coleman* class members as follows:

10   • In February 2008, CDCR standardized therapeutic materials, video libraries and in-cell

11   activity resources utilized in Administrative Segregation Units within Enhanced

12   Outpatient Program hubs.  The materials are in use at each such Administrative

13   Segregation Units within Enhanced Outpatient Program hubs.

14

15   • The Psychiatric Services Unit bed increase referred to in the above response to

16   interrogatory number one resulted in the decrease of the number of Enhanced

17   Outpatient Program inmates waiting in an administrative segregation unit bed for a

18   psychiatric services unit bed.

19   **INTERROGATORY NO. 5:**

20

21       If YOU contend that there has been ANY MATERIAL change in the ability to move

22   COLEMAN CLASS MEMBERS to higher LEVELS OF CARE in ANY PRISON, PRISON

23   housing unit OR PRISON treatment program since October 1, 2007, please state all

24   facts supporting your contention.

25   **RESPONSE TO INTERROGATORY NO. 5:**

26       DEFENDANT objects that this request seeks information protected from

27   disclosure by the attorney-client privilege, attorney work product privilege, deliberative

28

- 12 -

1   process privilege, self-critical analysis privilege, and official information privilege.

2         Without waiving and subject to the stated objections, DEFENDANT identifies the

3   following:

4   •The May 1, 2008 update to the Administrative Segregation Unit (ASU) Enhanced

5   Outpatient (EOP) plan submitted to the *Coleman* court, which resulted in a twenty-two

6   percent decrease in the number of ASU EOP inmate-patients in the hub institutions for

7   more than ninety days.

8   •California State Prison-Sacramento (SAC) Psychiatric Services Unit (PSU) activated an

9   additional sixty-four PSU beds on January 1, 2008, increasing state-wide capacity from

10  320 PSU beds to 384. The waitlist for PSU beds decreased from 79 on January 1, 2008

11  to 22 on July 18, 2008.

12  •California Medical Facility (CMF) fifty bed mental health crisis bed (MHCB) unit opened

13  on June 16, 2008. On October 1, 2007, the MHCB census was 215 and the waiting list

14  was 33. As of July 21, 2008, the MHCB census was 301 and the waiting list was at 16.

15  •The Atascadero State Hospital (ASH) Intermediate Care Facility (ICF) referral strategy

16  is working. On October 3, 2007, the ASH-ICF census was at 83. When Phase I of the

17  ASH referral strategy was implemented on April 21, 2008, the census was 111. As of

18  July 30, 2008, the ASH-ICF census is at 136 with a waiting list of 17. This is a significant

19  increase of 70 from the October 3, 2007 date, and 42 from Phase 1 implementation.

20  •Kern Valley State Prison (KVSP) is opening 96 Sensitive Needs Yard (SNY) EOP

21  beds. This is an addition of 96 EOP beds to the CDCR mental health system. As a

22  result of this addition, many EOP inmate-patients who were waiting in an ASU EOP hub

23  bed for safety reasons can be moved to a general population EOP bed at KVSP.

24  • Defendants' July 18, 2008 mental health bed plan.

- 13 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET

1556987.2

1    • The Receiver is in charge of the delivery of medications and related treatment to

2    inmates and, therefore, Defendant believes that relevant information is available in the

3    Receiver's November 2007 Plan of Action; the Receiver's 7th Quarterly Report dated

4    March 14, 2008; the Receiver's Turnaround Plan of Action dated June 6, 2008; and the

5    Receiver's 8th Quarterly Report dated June 17, 2008.

6

7    Dated: August 8, 2008

Respectfully submitted,

8

9    EDMUND G. BROWN JR.
     Attorney General of the State of California
     DAVID S. CHANEY

10   Chief Assistant Attorney General
     ROCHELLE C. EAST

11   Senior Assistant Attorney General

12

13

14   LISA A. TILLMAN

15   Deputy Attorney General
     Attorneys for Defendants

16
     30506934.wpd
17   CF1997CS0003

18

19

20

21

22

23

24

25

26

27

28

- 14 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET

1556987.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, MATTHEW CATE, declare:

I am the Secretary of the California Department of Corrections and Rehabilitation and in that official capacity am a party in the pending action entitled *Coleman v. Schwarzenegger*. I have read the foregoing Responses to the Second Set of Interrogatories propounded by Plaintiff Ralph Coleman, and state upon my information and belief that they are true and correct.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _8th_ day of August 2008.

MATTHEW CATE

10446494.wpd

SF2007200670

- 15 -

DEFENDANT CATE'S RESPONSES TO COLEMAN PLAINTIFFS'
INTERROGATORIES, SECOND SET

1556987.2

# EXHIBIT I

1  EDMUND G. BROWN JR.                        HANSON BRIDGETT LLP
   Attorney General of the State of California   JERROLD C. SCHAEFER - 39374
2  DAVID S. CHANEY                            PAUL B. MELLO - 179755
   Chief Assistant Attorney General          SAMANTHA TAMA - 240280
3  ROCHELLE C. EAST - 183792                  RENJU P. JACOB - 242388
   Senior Assistant Attorney General         425 Market Street, 26th Floor
4  KYLE A. LEWIS - 201041                     San Francisco, CA  94105
   Deputy Attorney General                   Telephone: (415) 777-3200
5  455 Golden Gate Avenue, Suite 11000        Facsimile:  (415) 541-9366
   San Francisco, CA 94102-7004              jschaefer@hansonbridgett.com
6  Telephone: (415) 703-5677                  pmello@hansonbridgett.com
   Facsimile:  (415) 703-5843                 stama@hansonbridgett.com
7  rochelle.east@doj.ca.gov                   rjacob@hansonbridgett.com
   kyle.lewis@doj.ca.gov
8  lisa.tillman@doj.ca.gov

9  Attorneys for Defendants

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12         **AND THE NORTHERN DISTRICT OF CALIFORNIA**

13   **UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

14       **PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

15

16   RALPH COLEMAN, et al.,              No.  2:90-cv-00520 LKK JFM P

17            Plaintiffs,                **THREE-JUDGE COURT**

18       v.

19   ARNOLD SCHWARZENEGGER, et al.,      RECEIVED

20            Defendants.                AUG 1 8 2008

21

22   MARCIANO PLATA, et al.,             No. C01-1351 TEH  Rosen, Bien & Galvan

23            Plaintiffs,                **THREE-JUDGE COURT**

24       v.

25   ARNOLD SCHWARZENEGGER, et al.,      **DEFENDANT SECRETARY CATE'S
                                         SUPPLEMENTAL RESPONSES TO THEN-**
26            Defendants.                **SECRETARY TILTON NOVEMBER 2007
                                         RESPONSES TO PLAINTIFF COLEMAN'S**
27                                       **INTERROGATORIES, SET ONE**

28

- 1 -

1   Propounding Party:  Ralph Coleman

2   Responding Party:   Defendant CDCR Secretary

3   Set No.:            One

4

**DEFINITIONS**

5

6       In construing these discovery responses, the following definitions shall apply:

7       1.  "PLAINTIFFS" shall mean class representatives Ralph Coleman, et al., the

8   named plaintiffs in the action *Coleman v. Schwarzenegger,* Case No. 90-0520 LKK JFM

9   (E.D. Cal.) (*Coleman*).

10      2.  At the time of these first set of interrogatories were propounded and provided a

11  written response, "DEFENDANT" identified James Tilton, a named defendant in the case

12  of *Coleman* v. *Schwarzenegger*.  Mr. Tilton is no longer Secretary of CDCR and so no

13  longer a named defendant in this matter.  Matthew Cate has now assumed the position

14  of Secretary of CDCR and so is a named defendant in this matter.  For purposes of

15  these responses, "DEFENDANT" refers to Matthew Cate, a named defendant in the

16  case of *Coleman* v. *Schwarzenegger*

17      3.  "DEFENDANTS" shall mean each of the named defendants in the case of

18  *Coleman* v. *Schwarzenegger*, including Matthew Cate in his official capacity on behalf of

19  the California Department of Corrections and Rehabilitation (CDCR), Stephen Mayberg

20  in his official capacity on behalf of the Department of Mental Health (DMH), Michael

21  Genest in his official capacity on behalf of the Department of Finance (DOF), and the

22  Governor.

23      4.  "PROCEEDING" shall mean the three-judge panel proceeding convened under

24  28 U.S.C. Section 2284 in the cases of *Coleman* and *Plata*.

25      **OVERALL OBJECTIONS TO INTERROGATORIES**

26      1.  DEFENDANT objects to Plaintiffs' definition of a California Department of

27  Corrections and Rehabilitation (CDCR) prison and a "prison" to include those housing

28  units within Department of Mental Health (DMH) facilities that house CDCR prisoners.

- 2 -

1    (Interrogatories, p. 2.)  That definition mischaracterizes the role of DMH as a provider of

2    housing for incarcerated inmates.  DMH's true role is defined by California Penal Code

3    section 2684 as a provider of inpatient mental health treatment to CDCR inmate-

4    patients.    Further, that definition erroneously assumes the Governor's Emergency

5    Proclamation of October 4, 2006 addressed DMH as a provider of housing for

6    incarcerated inmates.  DEFENDANT will interpret the terms "CDCR prison" and "prison"

7    for the purposes of this request to mean those prisons within the jurisdiction of the

8    California Department of Corrections and Rehabilitation, pursuant to California Penal

9    Code section 5054.

10        2.    DEFENDANT objects that the discovery seeks INFORMATION that is neither

11    relevant to PLAINTIFFS' claims in this PROCEEDING nor reasonably calculated to lead

12    to the discovery of admissible evidence.  PLAINTIFFS have refused to identify what if

13    any claims they will be asserting in the PROCEEDING.  Consequently, DEFENDANT

14    objects that the discovery requires DEFENDANT to speculate what claims may or may

15    not be asserted by PLAINTIFFS.

16        3.    DEFENDANT objects that the requests are seek information equally available

17    to PLAINTIFFS, and that the requests are overbroad and unduly burdensome.    In

18    accordance with the *Coleman* and *Plata* remedial orders, PLAINTIFFS receive monthly

19    document productions and other discovery from DEFENDANT and the Receiver

20    appointed in *Plata*.

21        4.    DEFENDANT states that PLAINTIFFS are already in possession of

22    DEFENDANTS' filed plans for the provision of mental health care beds, for the

23    recruitment and retention of staffing for those mental health beds, and for the

24    implementation of appropriate mental health care in those beds. DEFENDANT asserts

25    the deliberative process privilege to all information sought or contained in drafts of those

26    *Coleman* plans, all drafts of any budget proposals to fund those plans, and inter- and

27    intra-Defendant emails concerning those plans.

28        5.    Given the shortened time for DEFENDANT'S responses to these

- 3 -

1    interrogatories, DEFENDANT hereby reserves the right to supplement these responses

2    at a later date.

3        6.    To the extent any request seeks information from documents prepared,

4    created, or generated by the Office of the Inspector General, DEFENDANTS object to

5    the discovery of such information on the basis of the official information privilege and on

6    the basis of the right to privacy in medical, mental health, and personnel matters.  Non-

7    privileged reports of the Office of the Inspector General are available on its public web

8    site.

9    <strong>RESPONSES AND OBJECTIONS TO INTERROGATORIES</strong>

10   **INTERROGATORY NO. 1:**

11       Do you contend that some cause other than overcrowding is the primary cause of

12   your ongoing violations of PLAINTIFFS' rights to constitutionally adequate mental health

13   care as set forth in the Court-approved Revised Program Guide?

14   **RESPONSE TO INTERROGATORY NO. 1:**

15       DEFENDANT objects that this request is argumentative, assumes facts not in

16   evidence, and is vague as to any ongoing violations of Plaintiffs' right to constitutionally

17   adequate mental health care.  DEFENDANT further objects to this request to the extent

18   it seeks information protected from disclosure by the attorney-client privilege, attorney

19   work product privilege, deliberative process privilege, self-critical analysis privilege, and

20   official information privilege.

21       Subject to and without waiving the foregoing objections, DEFENDANT responds

22   as follows:  The size of the population was not and is not the primary cause of any

23   violation of Plaintiffs' Eighth Amendment right to a constitutionally adequate mental

24   health care system.

25   **INTERROGATORY NO. 2:**

26       If your response to interrogatory number 1 is affirmative, identify what you

27   contend to be the primary cause of your violation of Plaintiffs' rights to constitutionally

28   adequate mental health care as set forth in the court-approved Revised Program Guide

- 4 -

1    Please see the document titled "Reform Project Work Team Report" as Exhibit A for

2    timeframes for implementation of some of the programs listed in response to

3    Interrogatory No. 11.

4    **INTERROGATORY NO. 12:**

5         Identify each and every population model relied upon for your answer to

6    interrogatory number 11 by its source, including but not limited to author, entity, and

7    publication.

8    **RESPONSE TO INTERROGATORY NO. 12:**

9         DEFENDANT objects that this request seeks information protected from

10   disclosure by the attorney-client privilege, attorney work product privilege, deliberative

11   process privilege, self-critical analysis privilege, and official information privilege.

12        Subject to and without waiving the foregoing objections, DEFENDANT responds

13   as follows: Such model(s) are identified in the declarations of Joan Petersilia and Kathy

14   Jett.

15   **INTERROGATORY NO. 13:**

16        Identify each action, program, policy or procedure that you have adopted since

17   October 2006 that you contend will limit or reduce the number of *Coleman* class

18   members housed in CDCR prisons.

19   **RESPONSE TO INTERROGATORY NO. 13:**

20        DEFENDANT objects that this request seeks information protected from

21   disclosure by the attorney-client privilege, attorney work product privilege, deliberative

22   process privilege, self-critical analysis privilege, and official information privilege.

23        Subject to and without waiving the foregoing objections, DEFENDANT restates its

24   November 2007 response as follows:   DEFENDANT has approved, in concept, the

25   proposed policy to transfer certain *Coleman* class members to out-of-state facilities upon

26   proof of their eligibility under criteria approved by the *Coleman* court for such transfer.

27   Further, Defendant has, as part of the *Valdivia* v. *Schwarzenegger* case, provided for In

28   Custody Drug Treatment Program beds in each region of the State, which includes 20

- 17 -

1  beds per region for parolees with dual diagnoses of mental illness and substance abuse,

2  as part of remedial sanctions in lieu of revocation and return to custody.

3           DEFENDANT supplements this response by stating the following plans

4  have been prepared and/or adopted since the initial response to this interrogatory: The

5  Governor's Rehabilitation Strike Team December 2007 report made numerous

6  recommendations intended to reduce the inmate population in CDCR.  The C-ROB

7  Report issued on July 15, 2008, outlines the measures that CDCR has taken to

8  implement programs intended to reduce the inmate population. CDCR has made

9  significant progress in the area of risk and needs assessment.  The COMPAS

10  assessment instrument has been implemented for both male and female parolees.

11  CDCR is also utilizing assessments to determine the number of inmates who are high

12  risk to reoffend for the purposes of identifying future inmate programming resource

13  needs.  In February 2008, CDCR began using COMPAS in classification at Reception

14  Centers to assign inmates to specific institutions based on programming offered at those

15  specific institutions.  CDCR is also implementing the Inmate Treatment and Prison-to-

16  Employment Plan, as authorized by Assembly Bill 900, is intended to reduce the

17  population.

18           CDCR over the past year has made some significant changes in parole policy.

19  The ground work included an emphasis on paroles as parolees are in immediate need of

20  programming in order to prevent a return to custody. In September 2007, CDCR finalized

21  its 13 month discharge policy, which has assisted in lowering the prison population.

22  CDCR also emphasized increasing the ability to place parolees into community-based

23  programs like the In-Custody Drug Treatment Program and use of intermediate

24  sanctions instead of complete parole revocation. Currently, the emphasis is on placing

25  parolees with mental health and substance abuse needs into these programs. However,

26  the integrated plan will eventually include intermediate sanctions for all parolees.

27  **INTERROGATORY NO. 14:**

28           For each such action, program, policy or procedure identified in our response to

- 18 -

1   interrogatory number 13, state the timeframe for implementation, the size of the

2   anticipated population reduction, and the date by which the population reduction will be

3   effected.

4   **RESPONSE TO INTERROGATORY NO. 14:**

5   DEFENDANT objects that this request seeks information protected from

6   disclosure by the attorney-client privilege, attorney work product privilege, deliberative

7   process privilege, self-critical analysis privilege, and official information privilege.

8   Subject to and without waiving the foregoing objections, DEFENDANT responds

9   as follows: Defendant states that it is presently developing and deliberating over the

10  criteria for determining a *Coleman* class member's eligibility for out-of-state transfer and

11  so cannot state with any certainty at this time the potential number of impacted inmates

12  nor the time line for implementation and impact on the mental health population. Further,

13  Defendant has, as part of the *Valdivia* case, provided for In Custody Drug Treatment

14  Program beds in each region of the State, which includes 20 beds per region for

15  parolees with dual diagnoses of mental illness and substance abuse, as part of remedial

16  sanctions in lieu of revocation and return to custody.   The timeframes for these In

17  Custody Drug Treatment Program beds were provided to Plaintiffs and, at this time, the

18  anticipated effect on the mental health population has not been determined with

19  certainty.

20  DEFENDANT supplements this response by stating the following plans have been

21  prepared and/or adopted since the initial response to this interrogatory:

22  Please see the document titled "Reform Project Work Team Report" as Exhibit A for

23  timeframes for implementation of some of the programs listed in response to

24  Interrogatory No. 11.

25  **INTERROGATORY NO. 15:**

26  Identify each and every population model relied upon for your answer to

27  interrogatory 14 by its source, including but not limited to author, entity, and publication.

28  //

- 19 -

1    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

2        DEFENDANT objects that this request seeks information protected from

3    disclosure by the attorney-client privilege, attorney work product privilege, deliberative

4    process privilege, self-critical analysis privilege, and official information privilege.

5        Subject to and without waiving the foregoing objections, DEFENDANT responds

6    as follows:  No such models were relied upon for the policies or programs indicated in

7    response to interrogatory 14.

8    **INTERROGATORY NO. 16:**

9        Identify the number of prisoners housed in each CDCR prison on October 17,

10   2007, by housing unit, security level (I-IV), MHSDS membership (CCCMS or EOP), and

11   other administrative placement factors and categories (SNY, administrative segregation,

12   OHU, CTC, MHCB, reception, Security Housing Unit (SHU), Department of Mental

13   Health (DMH).

14   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

15       DEFENDANT objects that this request seeks information protected from

16   disclosure by the attorney-client privilege, attorney work product privilege, deliberative

17   process privilege, self-critical analysis privilege, and official information privilege.

18       Subject to and without waiving the foregoing objections, DEFENDANT responded

19   in November 2007 as follows: The CDCR database printout provides for the number of

20   prisoners housed in each CDCR prison on October 17, 2007 (see Exhibit A).

21       DEFENDANT now supplements this response by directing Plaintiffs to Defendant

22   Cate's response to Plaintiffs' first set of interrogatories directed to Defendant Cate,

23   interrogatory number 16, served July 25, 2008.

24   **INTERROGATORY NO. 17:**

25       For each CDCR prison, identify the number of prisoners housed in non-traditional

26   housing (defined as beds in gyms, dayrooms, or other locations not intended to house

27   inmates and including those beds referred to as "bad beds" and triple bunks) and the

28   location of such housing as of October 17, 2007.

- 20 -

1  **RESPONSE TO INTERROGATORY NO. 17:**

2      Objections: DEFENDANT objects that this request seeks information protected

3  from disclosure by the attorney-client privilege, attorney work product privilege,

4  deliberative process privilege, self-critical analysis privilege, and official information

5  privilege. To the extent this supplemental response was sought by Plaintiffs, the request

6  for a supplemental response is duplicative of other discovery.

7      Subject to and without waiving the foregoing objections, DEFENDANT

8  supplements its November 2007 responses as follows: Please see Defendant Cate's

9  Response to Plaintiff Coleman's First Set of Interrogatories to Cate, interrogatory

10  numbers 17 and 18, served on July 25, 2008.

11  **INTERROGATORY NO. 18:**

12      For each such non-traditional housing location, identify the number of prisoners in

13  the mental health services delivery system (EOP, CCCMS) and security level (I-IV) as

14  well as other administrative placement factors (SNY, administrative segregation, CTC,

15  MHCB, OHU, reception center, security housing unit (SHU) or Department of Mental

16  Health program as of October 17, 2007.

17  **RESPONSE TO INTERROGATORY NO. 18**

18      DEFENDANT objects that this request seeks information protected from

19  disclosure by the attorney-client privilege, attorney work product privilege, deliberative

20  process privilege, self-critical analysis privilege, and official information privilege. To the

21  extent this supplemental response was sought by Plaintiffs, the request for a

22  supplemental response is duplicative of other discovery.

23      Subject to and without waiving the foregoing objections, DEFENDANT

24  supplements its November 2007 responses as follows: Please see Defendant Cate's

25  Response to Plaintiff Coleman's First Set of Interrogatories to Cate, interrogatory

26  numbers 17 and 18, served on July 25, 2008.

27  **INTERROGATORY NO. 19:**

28  Describe any restrictions you place on the housing of *Coleman* class members in

- 21 -

1    non-traditional housing beds identified in response to interrogatory seventeen.

2    **RESPONSE TO INTERROGATORY NO. 19:**

3    DEFENDANT objects that this request seeks information protected from

4    disclosure by the attorney-client privilege, attorney work product privilege, deliberative

5    process privilege, self-critical analysis privilege, and official information privilege.

6    Subject to and without waiving the foregoing objections, DEFENDANT responds

7    as follows:  The housing of *Coleman* class members is determined in accord with the

8    standards stated in the published decision of *Coleman v. Wilson*, 912 F. Supp. 1282,

9    1293 (1995) and the Revised Program Guide, with those *Coleman* class members

10   receiving Enhanced Outpatient Program Care, Psychiatric Services Unit, and DMH-

11   based inpatient care housed separately from general population of CDCR inmates.

12   **INTERROGATORY NO. 20:**

13   For each CDCR prison housing unit that houses or has housed *Coleman* class

14   members in the past five years, identify the original stated capacity for housing *Coleman*

15   class members, and any adjustments you have made to the stated capacity, including

16   the size and date of the adjustment.

17   **RESPONSE TO INTERROGATORY NO. 20:**

18   DEFENDANT objects that this request seeks information protected from

19   disclosure by the attorney-client privilege, attorney work product privilege, deliberative

20   process privilege, self-critical analysis privilege, and official information privilege.

21   Further, the interrogatory is impermissibly vague and overbroad by failing to properly

22   define certain phrases, such as 'housing unit' and 'stated capacity'.  Indeed, certain

23   prisons were built before the commencement of and/or rendering of judgment in the

24   *Coleman* lawsuit and so the phrase 'original stated capacity' for housing *Coleman*

25   inmates is vague, ambiguous and essentially inapplicable to those prisons.  Lastly, the

26   interrogatory is overbroad in terms of time and so unduly burdensome.  This information

27   may already have been produced to Plaintiffs in the course (a) inspection tours

28   undertaken prior to trial, (b) the monitoring tours provided since the inception of the

- 22 -

1    remedial process and continuing to date, (c) the CDCR Health Care Services Division's
2    monthly reports to the Special Master, (d) the staffing, construction and funding reports
3    provided at semi-annual meetings with the Special Master and Plaintiffs (known as All
4    Parties and/or Policy Meetings).

5        Subject to and without waiving the foregoing objections, DEFENDANT responds
6    as follows:  DEFENDANT does not maintain such data by housing unit.

7    **INTERROGATORY NO. 21:**

8        For each housing unit identified in response to interrogatory 20, identify any
9    changes in the number of staff, treatment space, office space, or other resources related
10    to adjustments in capacity, including, when applicable, the dates those changes were
11    allocated, funded and filled.

12    **RESPONSE TO INTERROGATORY NO. 21:**

13        DEFENDANT objects that this request seeks information protected from
14    disclosure by the attorney-client privilege, attorney work product privilege, deliberative
15    process privilege, self-critical analysis privilege, and official information privilege.
16    Further, the interrogatory is impermissibly vague and overbroad by failing to properly
17    define certain phrases, such as 'resources related to adjustments in capacity', 'housing
18    unit' and 'stated capacity'.  Lastly, the interrogatory is overbroad in terms of time and so
19    unduly burdensome.

20        Subject to and without waiving the foregoing objections, DEFENDANT responds
21    as follows:  DEFENDANT does not have such data by housing unit. This information
22    may already have been produced to Plaintiffs in the course (a) inspection tours
23    undertaken prior to trial, (b) the monitoring tours provided since the inception of the
24    remedial process and continuing to date, (c) the CDCR Health Care Services Division's
25    monthly reports to the Special Master, (d) the staffing, construction and funding reports
26    provided at semi-annual meetings with the Special Master and Plaintiffs (known as All
27    Parties and/or Policy Meetings), (e) the Governor's Budget and the May Revise, (f) the
28    Department of Finance budgetary documents released in the *Coleman* case to Plaintiffs

- 23 -

1  **INTERROGATORY NO. 24:**

2       Identify and all lockdowns or partial lockdowns, including dates and duration, that

3  affected housing units housing *Coleman* class members at CDCR prisons since March

4  3, 2006.

5  **RESPONSE TO INTERROGATORY NO. 24:**

6       DEFENDANT objects that this request seeks information protected from

7  disclosure by the attorney-client privilege, attorney work product privilege, deliberative

8  process privilege, self-critical analysis privilege, and official information privilege.

9  Further, the interrogatory is vague as to the terms 'lockdown' and 'partial lockdown'. To

10  the extent Plaintiffs request a supplemental response to this interrogatory, the request

11  constitutes improperly duplicative discovery.   Please note Plaintiff Coleman's Third

12  Request for Production, request number 73 seeks, "All updated versions, including

13  attachments, of the "Mission Program Status Reports," "Division of Adult Institutions All

14  Modified/Lockdown Programs by Institution," and "Division of Adult Institutions

15  Lockdowns/Modified Programs" DOCUMENTS, all of which were previously attached as

16  Exhibit A to the Responses of James E. Tilton to the Plata Plaintiffs' First Set of

17  Interrogatories."

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

28

- 25 -

CATE SUPP TILTON RESPONSES TO PLF COLEMAN ROGS, SET ONE
CASE NOS. 01-1351 TEH; 2:90-CV-0520 LKK JFM

1569903.1

1    Subject to and without waiving the foregoing objections, DEFENDANT provides

2   the following supplemental response:    DEFENDANT hereby incorporates by reference

3   its response to request number 73 of the Plaintiffs' Third Request for Production of

4   Documents.

5    Dated:  August 15, 2008
                              Respectfully submitted,

6
                              EDMUND G. BROWN JR.
7                             Attorney General of the State of California
                              DAVID S. CHANEY
8                             Chief Assistant Attorney General
                              ROCHELLE C. EAST
9                             Senior Assistant Attorney General

10

11

12                            LISA A. TILLMAN
                              Deputy Attorney General
13                            Attorneys for Defendants

    30506971.wpd
14  CF1997CS0003

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           - 26 -