**EXHIBIT O Part 1**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Senior Assistant Attorney General
5  LISA A. TILLMAN
   Deputy Attorney General
6  KYLE A. LEWIS – State Bar No. 201041
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5708
   Facsimile: (415) 703-5843
9  kyle.lewis@doj.ca.gov

   HANSON BRIDGETT LLP
   JERROLD C. SCHAEFER - 39374
   PAUL B. MELLO – 179755
   S. ANNE JOHNSON – 197415
   SAMANTHA D. TAMA – 240280
   RENJU P. JACOB - 242388
   425 Market Street, 26th Floor
   San Francisco, CA 94105
   Telephone: (415) 777-3200
   Facsimile: (415) 541-9366
   jschaefer@hansonbridgett.com
   pmello@hansonbridgett.com
   ajohnson@hansonbridgett.com
   stama@hansonbridgett.com
   rjacob@hansonbridgett.com

RECEIVED

OCT 21 2008

Rosen, Bien & Galvan

10  Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>     Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S SECOND SET OF REQUESTS FOR ADMISSIONS** |

- 1 -

1    PROPOUNDING PARTIES:    Plaintiff Ralph Coleman

2    RESPONDING PARTY:    Defendant Arnold Schwarzenegger

3    SET:    Two

**DEFINITIONS**

4

5    In construing these discovery responses, the following definitions shall apply:

6    1.    "Plaintiff" shall mean the Propounding Party Ralph Coleman, the named

7    PLAINTIFF in the action *Coleman v. Schwarzenegger*, Case No. Civ S 90-0520 LKK-

8    JFM P (E.D. Cal.) (*Coleman*).

9    2.    "Defendant" shall mean Governor Arnold Schwarzenegger, a named

10    Defendant in *Coleman*, in his official capacity as Governor of the State of California.

11    3.    "Defendants" shall mean each of the named Defendants in the *Coleman*

12    action.

13    4.    "Proceeding" shall mean the Three-Judge Panel proceeding convened

14    under 28 U.S.C. Section 2284 in the cases of *Plata v. Schwarzenegger*, Case No. C 01

15    1351 TEH (N.D. Cal.) (*Plata*) and *Coleman*.

**PRELIMINARY STATEMENT**

16

17    1.    All of the following responses are based solely upon information and

18    documents which are presently available to, and specifically known by Defendant and

19    disclose only those contentions which presently occur to Defendant.  Additional

20    investigation, legal research and analysis may supply additional facts and lead to

21    additions, changes, and variations from these responses.

22    2.    The following responses are given without prejudice to Defendant's right to

23    produce subsequently discovered documents or to add, modify, or otherwise change or

24    amend the responses.  The information set forth is true and correct to the best

25    knowledge of the Defendant as of this date, and is subject to correction for omissions,

26    errors, or mistakes.  These responses are based on records and information presently

27    available to Defendant.

28    3.    Defendant objects to these requests to the extent that they identify

- 2 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   Defendant Schwarzenegger as the responding party but appear to seek admissions from

2   numerous persons, including other Defendants in this proceeding.  Federal Rule of Civil

3   Procedure 36 anticipates that a written request for admissions may be served on only

4   one party at a time.  The extent Plaintiff's requests seek responses from other

5   Defendants, those requests must be directed to those other Defendants, and not to

6   Defendant Schwarzenegger on their behalf.

7       4.      Defendant objects to these requests to the extent that they seek

8   information protected from disclosure by the attorney-client privilege, deliberative

9   process privilege, and official information privilege.

10      5.      Defendant objects that the discovery seeks information that is neither

11  relevant to the claims or defenses in this proceeding nor reasonably calculated to lead to

12  the discovery of admissible evidence.

13      6.      Defendant objects to the requests to the extent that they seek information

14  equally available to Plaintiff through public sources or records, and on the grounds that

15  they subject Defendant to unreasonable and undue annoyance, oppression, burden, and

16  expense.  Defendant further objects to the requests to the extent that such requests are

17  unduly burdensome because much or all of the information requested is otherwise

18  equally or more available to Plaintiff than to Defendant.

19      7.      Defendant objects that the discovery seeks information outside of

20  Defendant's control.  To the extent the discovery seeks information known only to the

21  other Defendants, parties, or persons, Plaintiff should direct said discovery to those

22  individuals, not Defendant.

23      8.      Given the shortened time for Defendant's responses to this discovery,

24  Defendant reserves the right to supplement these responses at a later date, including

25  after the issuance and/or receipt of further expert reports and witness declarations in this

26  matter.  With regard to each request, Defendant reserves the right, notwithstanding

27  these answers and responses, to employ at trial or in any pretrial proceeding information

28  subsequently obtained or discovered, information the materiality of which is not presently

- 3 -

1    ascertained, or information Defendant does not regard as coming within the scope of the

2    requests as Defendant understands them.

3        9.    These responses are made solely for the purpose of this action.  Each

4    answer is subject to all objections to competence, relevance, materiality, propriety,

5    admissibility, privacy, privilege, and any and all other objections that would require

6    exclusion of any statement contained herein if any such requests were asked of, or any

7    statement contained herein were made by, a witness present and testifying in court, all

8    of which objections and grounds are reserved and may be interposed at the time of trial.

9                    **RESPONSES TO REQUESTS FOR ADMISSION**

10    **REQUEST FOR ADMISSION NO. 1:**

11        Admit that the document excerpt attached as Exhibit A is a true and correct copy

12    of page 178 of YOUR January 10, 2008 Governor's Budget Summary 2008-2009.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

14        Defendant objects to this request because it seeks information that is not relevant

15    to a claim or defense at issue in this proceeding.  Additionally, this request requires a

16    response that is more properly sought from parties or persons other than this responding

17    Defendant.

18        Subject to, and without waiving the above objections, Defendant responds to this

19    request as follows:  Defendant admits upon information and belief that the Exhibit

20    contains an excerpt of the identified document.

21    **REQUEST FOR ADMISSION NO. 2:**

22        Admit that YOUR proposal set forth in Exhibit A was to release specified non-

23    violent, non-serious, non-sex offenders without prior serious or violent offenses or

24    strikes, 20 months earlier than their original release date.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

26        Defendant objects to this request because it seeks information that is not relevant

27    to a claim or defense at issue in this proceeding.  Additionally, this request requires a

28    response that is more properly sought from parties or persons other than this responding

- 4 -

1  Defendant.  Furthermore, this request misstates the scope of and multiple subparts

2  contained within the referenced document.   Moreover, Defendant objects to this request

3  on the grounds that it seeks information protected from disclosure by the attorney-client

4  privilege, deliberative process privilege, and official information privilege.

5       Subject to, and without waiving the above objections, Defendant responds to this

6  request as follows:  Defendant admits upon information and belief that the Exhibit

7  contained a proposal for the release of specified prisoners as noted in the request.  This

8  proposal was the result of a budget reduction directive issued to all State agencies and

9  departments to determine possible means of reducing the overall budget in response to

10  projected shortfalls.

11  **REQUEST FOR ADMISSION NO. 3:**

12       Admit that your proposal set forth in Exhibit A was not intended to cause an

13  ADVERSE IMPACT ON PUBLIC SAFETY in California.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

15       Defendant objects to this request because it seeks information that is not relevant

16  to a claim or defense at issue in this proceeding.  Additionally, this request requires a

17  response that is more properly sought from parties or persons other than this responding

18  Defendant.  Furthermore, this request is vague and ambiguous as to the terms "your

19  proposal," "intended to cause" and "ADVERSE IMPACT ON PUBLIC SAFETY."

20  Moreover, this request misstates the scope of and multiple subparts contained within the

21  referenced document.  Additionally, Defendant objects to this request on the grounds

22  that it seeks information protected from disclosure by the attorney-client privilege,

23  deliberative process privilege, and official information privilege.

24       Subject to, and without waiving the above objections, Defendant responds to this

25  request as follows:  Defendant admits upon information and belief that the proposal

26  contained in the Exhibit was part of the annual State budget process was not included in

27  the May revision, was not adopted in the final budget, and was not intended to cause an

28  adverse impact in the State of California.

- 5 -

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOUR proposal in Exhibit A was not intended to cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant objects to this request because it seeks information that is not relevant to a claim or defense at issue in this proceeding. Additionally, this request requires a response that is more properly sought from parties or persons other than this responding Defendant. Furthermore, this request is vague and ambiguous as to the terms "your proposal," "intended to cause" and "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM." Moreover, this request misstates the scope of and multiple subparts contained within the referenced document. Additionally, Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, and official information privilege.

Subject to, and without waiving the above objections, Defendant responds to this request as follows: Defendant admits upon information and belief that the proposal contained in the Exhibit was part of the annual State budget process, was not adopted, and was not intended to cause an adverse impact the criminal justice system in the State of California.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the document attached as Exhibit B is a true and correct copy of a transcript of YOUR December 21, 2006 press conference at which YOU unveiled YOUR Comprehensive Prison Reform Proposal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant objects to this request because it seeks information that is not relevant to a claim or defense at issue in this proceeding. Additionally, this request requires a response that is more properly sought from parties or persons other than this responding Defendant.

- 6 -

1    Subject to, and without waiving the above objections, Defendant responds to this

2    request as follows:  Defendant admits upon information and belief that the Exhibit

3    appears to contain a transcript of the identified press conference.

4    **REQUEST FOR ADMISSION NO. 6:**

5    Admit that YOUR December 21, 2006 proposal for a sentencing commission was

6    not intended to cause an ADVERSE IMPACT ON PUBLIC SAFETY in California.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

8    Defendant objects to this request because it seeks information that is not relevant

9    to a claim or defense at issue in this proceeding.  Additionally, this request requires a

10    response that is more properly sought from parties or persons other than this responding

11    Defendant.  Furthermore, this request is vague and ambiguous as to the terms "proposal

12    for a sentencing commission," "intended to cause" and "ADVERSE IMPACT ON PUBLIC

13    SAFETY."  Moreover, this request misstates the scope of and multiple subparts

14    contained within the referenced document.  Additionally, Defendant objects to this

15    request on the grounds that it seeks information protected from disclosure by the

16    attorney-client privilege, deliberative process privilege, and official information privilege.

17    Subject to, and without waiving the above objections, Defendant responds to this

18    request as follows:  Defendant admits upon information and belief that the proposal

19    contained in the Exhibit was not intended to cause an adverse impact on public safety in

20    California.

21    **REQUEST FOR ADMISSION NO. 7:**

22    Admit that YOUR December 21, 2006 proposal for a sentencing commission was

23    not intended to cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

24    California.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

26    Defendant objects to this request because it seeks information that is not relevant

27    to a claim or defense at issue in this proceeding.  Additionally, this request requires a

28    response that is more properly sought from parties or persons other than this responding

1  Defendant.  Furthermore, this request is vague and ambiguous as to the terms "proposal

2  for a sentencing commission," "intended to cause" and "ADVERSE IMPACT ON THE

3  CRIMINAL JUSTICE SYSTEM."  Moreover, this request misstates the scope of and

4  multiple subparts contained within the referenced document.  Additionally, Defendant

5  objects to this request on the grounds that it seeks information protected from disclosure

6  by the attorney-client privilege, deliberative process privilege, and official information

7  privilege.

8         Subject to, and without waiving the above objections, Defendant responds to this

9  request as follows:  Defendant admits upon information and belief that the proposal

10  contained in the Exhibit was not intended to cause an adverse impact on the criminal

11  justice system in California.

12  **REQUEST FOR ADMISSION NO. 8:**

13         Admit that YOUR December 21, 2006 proposal for parole reform (see Exhibit B,

14  attached) was not intended to cause an ADVERSE IMPACT ON PUBLIC SAFETY in

15  California.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

17         Defendant objects to this request because it seeks information that is not relevant

18  to a claim or defense at issue in this proceeding.  Additionally, this request requires a

19  response that is more properly sought from parties or persons other than this responding

20  Defendant.  Furthermore, this request is vague and ambiguous as to the terms "proposal

21  for parole reform" and "ADVERSE IMPACT ON PUBLIC SAFETY."  Moreover, this

22  request misstates the scope of and multiple subparts contained within the referenced

23  document.  Additionally, Defendant objects to this request on the grounds that it seeks

24  information protected from disclosure by the attorney-client privilege, deliberative

25  process privilege, and official information privilege.

26         Subject to, and without waiving the above objections, Defendant responds to this

27  request as follows:  Defendant admits upon information and belief that the proposal

28  contained in the Exhibit was not intended to cause an adverse impact on public safety in

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1    California.

2    **REQUEST FOR ADMISSION NO. 9:**

3    Admit that YOUR December 21, 2006 proposal for parole reform was not

4    intended to cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

5    California.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

7    Defendant objects to this request because it seeks information that is not relevant

8    to a claim or defense at issue in this proceeding. Additionally, this request requires a

9    response that is more properly sought from parties or persons other than this responding

10    Defendant. Furthermore, this request is vague and ambiguous as to the terms "proposal

11    for parole reform" and "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

12    Moreover, this request misstates the scope of and multiple subparts contained within the

13    referenced document. Additionally, Defendant objects to this request on the grounds

14    that it seeks information protected from disclosure by the attorney-client privilege,

15    deliberative process privilege, and official information privilege.

16    Subject to, and without waiving the above objections, Defendant responds to this

17    request as follows: Defendant admits upon information and belief that the proposal

18    contained in the Exhibit was not intended to cause an adverse impact on public safety in

19    California.

20    **REQUEST FOR ADMISSION NO. 10:**

21    Admit that 15 CCR, section 3040.2 requires each prison to establish "Bridging

22    Education Programs as work/training incentive assignments to provide education

23    programming."

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

25    Defendant objects to this request because it seeks information that is not relevant

26    to a claim or defense at issue in this proceeding. Additionally, this request requires a

27    response that is more properly sought from parties or persons other than this responding

28    Defendant. Moreover, this request calls assumes information beyond the knowledge of

- 9 -

1    this responding Defendant and seeks a legal conclusion.  Additionally, assuming that the

2    request regards section 3040.2 of Title 15 of the California Code of Regulations, this

3    request misstates the scope of and multiple subparts contained within the referenced

4    section.

5         Subject to, and without waiving the above objections, Defendant responds to this

6    request as follows:  Defendant admits upon information and belief that a portion of the

7    referenced section contained within Title 15 of the California Code of Regulations states:

8    "Each prison shall establish Bridging Education Programs as work/training incentive

9    assignments to provide education programming."

10   **REQUEST FOR ADMISSION NO. 11:**

11        Admit that 15 CCR, section 3040.2 provides that prisoners who are undergoing

12   reception center processing, and are day-for-day credit eligible under Penal Code

13   section 2933, are assigned to the Bridging Program upon arrival at the reception

14   centers.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

16        Defendant objects to this request on the grounds that it seeks information that is

17   not relevant to a claim or defense at issue in this proceeding.  Additionally, this request

18   requires a response that is more properly sought from parties or persons other than this

19   responding Defendant.  Moreover, this request calls for information beyond the

20   knowledge of this responding Defendant and seeks a legal conclusion.  Additionally,

21   assuming that the request regards section 3040.2 of Title 15 of the California Code of

22   Regulations, this request misstates the scope of and multiple subparts contained within

23   the referenced section.

24        Subject to, and without waiving the above objections, Defendant responds to this

25   request as follows:  Defendant admits upon information and belief that a portion of the

26   referenced section contained within Title 15 of the California Code of Regulations states:

27   "Inmates who are undergoing reception center processing, and are day-for-say credit

28   eligible under Penal code section 2933, are assigned to the Bridging Program upon

- 10 -

1  arrival at the reception centers."

2  **REQUEST FOR ADMISSION NO. 12:**

3      Admit that, under 15 CCR section 3040.2, assignment to an approved Bridging

4  Education Program qualified as a full-time assignment in Work Group A-1, entitling the

5  prisoner to day-for-day credit.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

7      Defendant objects to this request because it seeks information that is not relevant

8  to a claim or defense at issue in this proceeding.  Additionally, this request requires a

9  response that is more properly sought from parties or persons other than this responding

10  Defendant.  Moreover, this request calls for information beyond the knowledge of this

11  responding Defendant and seeks a legal conclusion.  Additionally, assuming that the

12  request regards section 3040.2 of Title 15 of the California Code of Regulations, this

13  request misstates the scope of and multiple subparts contained within the referenced

14  section.

15      Subject to, and without waiving the above objections, Defendant responds to this

16  request as follows:  Defendant admits upon information and belief that a portion of the

17  referenced section contained within Title 15 of the California Code of Regulations states:

18  "Assignment to an approved Bridging Education Program qualified as a full-time

19  assignment in Work Group A-1, entitling the prisoner to day-for-day credit."

20  **REQUEST FOR ADMISSION NO. 13:**

21      Admit that the Bridging Program does not cause an ADVERSE IMPACT ON

22  PUBLIC SAFETY in California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24      Defendant objects to this request on the grounds that it seeks information that is

25  not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

26  to this request on the grounds that it requires a response that is more properly sought

27  from parties or persons other than this responding Defendant.  Defendant further objects

28  to this request on the grounds that it is vague and ambiguous as to the term "Bridging

- 11 -

1  Program". and "ADVERSE IMPACT ON PUBLIC SAFETY."  Defendant further objects to

2  this request on the grounds that it seeks information protected from disclosure by the

3  attorney-client privilege, deliberative process privilege, and official information privilege.

4  Defendant further objects to this request on the grounds that it assumes information

5  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

6  Defendant further objects to this request on the grounds that it requires this responding

7  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

8  request on the grounds that it is burdensome and oppressive in that in order to

9  appropriately respond, Defendant would have to review thousands of records of

10  prisoners and/or parolees enrolled in the referenced program.   Defendant further

11  objects to this request on the grounds that it is overbroad, unduly burdensome, vague,

12  and ambiguous as to time in that it fails to specify any period of time, and is therefore not

13  reasonably calculated to lead to the discovery of admissible evidence.

14       Subject to, and without waiving the above objections, Defendant responds to this

15  request as follows:  Defendant lacks sufficient information to admit or deny the matter

16  stated in the request based on the objections noted above.  While the Bridging Program

17  itself does not have direct impact on public safety, it does result in the release of inmates

18  before they have served the entirety of their sentenced time, and Defendant does not

19  know the full extent of the impact on public safety.

20  **REQUEST FOR ADMISSION NO. 14:**

21       Admit that the Bridging Program does not cause an ADVERSE IMPACT ON THE

22  CRIMINAL JUSTICE SYSTEM in California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

24       Defendant objects to this request on the grounds that it seeks information that is

25  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

26  further objects to this request on the grounds that it requires a response that is more

27  properly sought from parties or persons other than this responding Defendant.

28  Defendant further objects to this request on the grounds that it is vague and ambiguous

1   as to the term "Bridging Program" and "ADVERSE IMPACT ON THE CRIMINAL

2   JUSTICE SYSTEM."  Defendant further objects to this request on the grounds that it

3   seeks information protected from disclosure by the attorney-client privilege, deliberative

4   process privilege, and official information privilege.  Defendant further objects to this

5   request on the grounds that it assumes information beyond the knowledge of this

6   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

7   request on the grounds that it requires this responding Defendant to assume an

8   incomplete hypothetical.  Defendant further objects to this request on the grounds that it

9   is burdensome and oppressive in that in order to appropriately respond, Defendant

10  would have to review thousands of records of prisoners and/or parolees enrolled in the

11  referenced program.  Defendant further objects to this request on the grounds that it is

12  overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

13  specify any period of time, and is therefore not reasonably calculated to lead to the

14  discovery of admissible evidence.

15          Subject to, and without waiving the above objections, Defendant responds to this

16  request as follows:  Defendant lacks sufficient information to admit or deny the matter

17  stated in the request based on the objections noted above.  While the Bridging Program

18  itself does not have direct impact on the criminal justice system, it does result in the

19  release of inmates before they have served the entirety of their sentenced time, and

20  Defendant does not know the full extent of the impact on the criminal justice system.

21  **REQUEST FOR ADMISSION NO. 15:**

22          Admit that some prisoners receive pre-sentence conduct credits, under Penal

23  Code section 4019, for time periods spent in jail or in a residential treatment program.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

25          Defendant objects to this request on the grounds that it seeks information that is

26  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

27  further objects to this request on the grounds that it requires a response that is more

28  properly sought from parties or persons other than this responding Defendant.

- 13 -

1  Defendant further objects to this request on the grounds that it is vague and ambiguous

2  as to the term "pre-sentence conduct credits."  Additionally, assuming that the request

3  regards Section 4019 of the California Penal Code, this request misstates the scope of

4  and multiple subparts contained within the referenced section. Defendant further objects

5  to this request on the grounds that it seeks information protected from disclosure by the

6  attorney-client privilege, deliberative process privilege, and official information privilege.

7  Defendant further objects to this request on the grounds that it assumes information

8  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

9  Defendant further objects to this request on the grounds that it requires this responding

10  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

11  request on the grounds that it is burdensome and oppressive in that in order to

12  appropriately respond, Defendant would have to review thousands of records of

13  prisoners and/or parolees enrolled in the referenced program.   Defendant further

14  objects to this request on the grounds that it is overbroad, unduly burdensome, vague,

15  and ambiguous as to time in that it fails to specify any period of time, and is therefore not

16  reasonably calculated to lead to the discovery of admissible evidence.

17       Subject to, and without waiving the above objections, Defendant responds to this

18  request as follows:  Defendant admits upon information and belief that Penal Code

19  section 4019 provides for pre-sentence credits based on satisfactory performance and

20  behavior.  Defendant is unable to admit or deny that prisoners have received the credits

21  as detailed in California Penal Code section 4019 because such independent

22  investigation is not possible within the time parameters dictated for a response to this

23  request.

24  **REQUEST FOR ADMISSION NO. 16:**

25       Admit that the pre-sentence conduct credits under Penal Code Section 4019, for

26  time periods spent in jail do not cause an ADVERSE IMPACT ON PUBLIC SAFETY in

27  California.

28  ///

- 14 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

1 
2        Defendant objects to this request on the grounds that it seeks information that is
3  not relevant to any party's claim or defense at issue in this proceeding.  Defendant
4  further objects to this request on the grounds that it requires a response that is more
5  properly sought from parties or persons other than this responding Defendant.
6  Defendant further objects to this request on the grounds that it is vague and ambiguous
7  as to the terms "pre-sentence credits" and "ADVERSE IMPACT ON PUBLIC SAFETY."
8  Additionally, assuming that the request regards Section 4019 of the California Penal
9  Code, this request misstates the scope of and multiple subparts contained within the
10  referenced section. Defendant further objects to this request on the grounds that it seeks
11  information protected from disclosure by the attorney-client privilege, deliberative
12  process privilege, and official information privilege.  Defendant further objects to this
13  request on the grounds that it assumes information beyond the knowledge of this
14  responding Defendant and seeks a legal conclusion.  Defendant further objects to this
15  request on the grounds that it requires this responding Defendant to assume an
16  incomplete hypothetical.  Defendant further objects to this request on the grounds that it
17  is burdensome and oppressive in that in order to appropriately respond, Defendant
18  would have to review thousands of records of prisoners and/or parolees granted these
19  credits.   Defendant further objects to this request on the grounds that it is overbroad,
20  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any
21  period of time, and is therefore not reasonably calculated to lead to the discovery of
22  admissible evidence.
23        Subject to, and without waiving the above objections, Defendant responds to this
24  request as follows:  Defendant lacks sufficient information to admit or deny the matter
25  stated in the request based on the objections noted above.  While the good behavior
26  time credits themselves do not have direct impact on public safety, they do result in the
27  release of inmates before they have served the entirety of their sentenced time, and
28  Defendant does not know the full extent of the impact on public safety.

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 17:**

Admit that pre-sentence conduct credits under Penal Code section 4019 do not cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense at issue in this proceeding. Defendant further objects to this request on the grounds that it requires a response that is more properly sought from parties or persons other than this responding Defendant. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms "pre-sentence credits" and "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM." Additionally, assuming that the request regards Section 4019 of the California Penal Code, this request misstates the scope of and multiple subparts contained within the referenced section. Defendant further objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, and official information privilege. Defendant further objects to this request on the grounds that it assumes information beyond the knowledge of this responding Defendant and seeks a legal conclusion. Defendant further objects to this request on the grounds that it requires this responding Defendant to assume an incomplete hypothetical. Defendant further objects to this request on the grounds that it is burdensome and oppressive in that in order to appropriately respond, Defendant would have to review thousands of records of prisoners and/or parolees granted these credits. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to specify any period of time, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the above objections, Defendant responds to this request as follows: Defendant lacks sufficient information to admit or deny the matter stated in the request based on the objections noted above. While the good behavior

1    time credits themselves do not have direct impact on the criminal justice system, they do

2    result in the release of inmates before they have served the entirety of their sentenced

3    time, and Defendant does not know the full extent of the impact on the criminal justice

4    system.

5    **REQUEST FOR ADMISSION NO. 18:**

6         Admit that some prisoners receive post-sentence, pre-prison conduct credits,

7    under Penal Code section 4019, for time periods spent in jail.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

9         Defendant objects to this request on the grounds that it seeks information that is

10   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

11   further objects to this request on the grounds that it requires a response that is more

12   properly sought from parties or persons other than this responding Defendant.

13   Defendant further objects to this request on the grounds that it is vague and ambiguous

14   as to the term "post-sentence, pre-sentence credits."  Additionally, assuming that the

15   request regards Section 4019 of the California Penal Code, this request misstates the

16   scope of and multiple subparts contained within the referenced section. Defendant

17   further objects to this request on the grounds that it seeks information protected from

18   disclosure by the attorney-client privilege, deliberative process privilege, and official

19   information privilege.  Defendant further objects to this request on the grounds that it

20   assumes information beyond the knowledge of this responding Defendant and seeks a

21   legal conclusion.  Defendant further objects to this request on the grounds that it

22   requires this responding Defendant to assume an incomplete hypothetical.  Defendant

23   further objects to this request on the grounds that it is burdensome and oppressive in

24   that in order to appropriately respond, Defendant would have to review thousands of

25   records of prisoners and/or parolees granted these credits.   Defendant further objects to

26   this request on the grounds that it is overbroad, unduly burdensome, vague, and

27   ambiguous as to time in that it fails to specify any period of time, and is therefore not

28   reasonably calculated to lead to the discovery of admissible evidence.

- 17 -

1   Subject to, and without waiving the above objections, Defendant responds to this

2   request as follows: Defendant admits upon information and belief that the period of

3   confinement for some prisoners are reduced for satisfactory performance and behavior

4   as detailed in California Penal Code section 4019.

5   **REQUEST FOR ADMISSION NO. 19:**

6   Admit that post-sentence, pre-prison conduct credits under Penal Code section

7   4019 for time periods spent in jail do not cause an ADVERSE IMPACT ON PUBLIC

8   SAFETY in California.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

10   Defendant objects to this request on the grounds that it seeks information that is

11   not relevant to any party's claim or defense at issue in this proceeding. Defendant

12   further objects to this request on the grounds that it requires a response that is more

13   properly sought from parties or persons other than this responding Defendant.

14   Defendant further objects to this request on the grounds that it is vague and ambiguous

15   as to the terms "post-sentence, pre-sentence credits" and "ADVERSE IMPACT ON

16   PUBLIC SAFETY." Additionally, assuming that the request regards Section 4019 of the

17   California Penal Code, this request misstates the scope of and multiple subparts

18   contained within the referenced section. Defendant further objects to this request on the

19   grounds that it seeks information protected from disclosure by the attorney-client

20   privilege, deliberative process privilege, and official information privilege. Defendant

21   further objects to this request on the grounds that it assumes information beyond the

22   knowledge of this responding Defendant and seeks a legal conclusion. Defendant

23   further objects to this request on the grounds that it requires this responding Defendant

24   to assume an incomplete hypothetical. Defendant further objects to this request on the

25   grounds that it is burdensome and oppressive in that in order to appropriately respond,

26   Defendant would have to review thousands of records of prisoners and/or parolees

27   granted these credits. Defendant further objects to this request on the grounds that it is

28   overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

- 18 -

1  specify any period of time, and is therefore not reasonably calculated to lead to the

2  discovery of admissible evidence.

3       Subject to, and without waiving the above objections, Defendant responds to this

4  request as follows:  Defendant lacks sufficient information to admit or deny the matter

5  stated in the request based on the objections noted above.  While the good behavior

6  time credits themselves do not have direct impact on public safety, they do result in the

7  release of inmates before they have served the entirety of their sentenced time, and

8  Defendant does not know the full extent of the impact on public safety.

9  **REQUEST FOR ADMISSION NO. 20:**

10      Admit that post-sentence, pre-prison conduct credits under Penal Code section

11  4019, for time periods spent in jail do not cause an ADVERSE IMPACT ON THE

12  CRIMINAL JUSTICE SYSTEM in California.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

14      Defendant objects to this request on the grounds that it seeks information that is

15  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

16  further objects to this request on the grounds that it requires a response that is more

17  properly sought from parties or persons other than this responding Defendant.

18  Defendant further objects to this request on the grounds that it is vague and ambiguous

19  as to the terms "post-sentence, pre-sentence credits" and "ADVERSE IMPACT ON THE

20  CRIMINAL JUSTICE SYSTEM."  Additionally, assuming that the request regards Section

21  4019 of the California Penal Code, this request misstates the scope of and multiple

22  subparts contained within the referenced section.  Defendant further objects to this

23  request on the grounds that it seeks information protected from disclosure by the

24  attorney-client privilege, deliberative process privilege, and official information privilege.

25  Defendant further objects to this request on the grounds that it assumes information

26  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

27  Defendant further objects to this request on the grounds that it requires this responding

28  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

- 19 -

1    request on the grounds that it is burdensome and oppressive in that in order to

2    appropriately respond, Defendant would have to review thousands of records of

3    prisoners and/or parolees granted these credits.  Defendant further objects to this

4    request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

5    as to time in that it fails to specify any period of time, and is therefore not reasonably

6    calculated to lead to the discovery of admissible evidence.

7         Subject to, and without waiving the above objections, Defendant responds to this

8    request as follows:  Defendant lacks sufficient information to admit or deny the matter

9    stated in the request based on the objections noted above.  While the good behavior

10   time credits themselves do not have a direct impact on the criminal justice system, they

11   do result in the release of inmates before they have served the entirety of their

12   sentenced time, and Defendant does not know the full extent of the impact on the

13   criminal justice system.

14   **REQUEST FOR ADMISSION NO. 21:**

15        Admit that some prisoners receive worktime credits under Penal Code section

16   2933.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

18        Defendant objects to this request on the grounds that it seeks information that is

19   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

20   further objects to this request on the grounds that it requires a response that is more

21   properly sought from parties or persons other than this responding Defendant.

22   Additionally, assuming that the request regards Section 2933 of the California Penal

23   Code, this request misstates the scope of and multiple subparts contained within the

24   referenced section. Defendant further objects to this request on the grounds that it seeks

25   information protected from disclosure by the attorney-client privilege, deliberative

26   process privilege, and official information privilege.  Defendant further objects to this

27   request on the grounds that it assumes information beyond the knowledge of this

28   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

- 20 -

1   request on the grounds that it requires this responding Defendant to assume an

2   incomplete hypothetical. Defendant further objects to this request on the grounds that it

3   is burdensome and oppressive in that in order to appropriately respond, Defendant

4   would have to review thousands of records of prisoners and/or parolees granted these

5   credits. Defendant further objects to this request on the grounds that it is overbroad,

6   unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

7   period of time, and is therefore not reasonably calculated to lead to the discovery of

8   admissible evidence.

9          Subject to, and without waiving the above objections, Defendant responds to this

10  request as follows: Defendant admits upon information and belief that the period of

11  confinement for some prisoners are reduced for satisfactory performance in work,

12  training, or education programs as detailed in California Penal Code section 2933.

13  **REQUEST FOR ADMISSION NO. 22:**

14         Admit the worktime credits under Penal Code section 2933 do not cause an

15  ADVERSE IMPACT ON PUBLIC SAFETY in California.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

17         Defendant objects to this request on the grounds that it seeks information that is

18  not relevant to any party's claim or defense at issue in this proceeding. Defendant

19  further objects to this request on the grounds that it requires a response that is more

20  properly sought from parties or persons other than this responding Defendant.

21  Defendant further objects to this request on the grounds that it is vague and ambiguous

22  as to the term "ADVERSE IMPACT ON PUBLIC SAFETY." Additionally, assuming that

23  the request regards Section 2933 of the California Penal Code, this request misstates

24  the scope of and multiple subparts contained within the referenced section. Defendant

25  further objects to this request on the grounds that it seeks information protected from

26  disclosure by the attorney-client privilege, deliberative process privilege, and official

27  information privilege. Defendant further objects to this request on the grounds that it

28  assumes information beyond the knowledge of this responding Defendant and seeks a

- 21 -

1  legal conclusion.  Defendant further objects to this request on the grounds that it

2  requires this responding Defendant to assume an incomplete hypothetical.  Defendant

3  further objects to this request on the grounds that it is burdensome and oppressive in

4  that in order to appropriately respond, Defendant would have to review thousands of

5  records of prisoners and/or parolees granted these credits.   Defendant further objects to

6  this request on the grounds that it is overbroad, unduly burdensome, vague, and

7  ambiguous as to time in that it fails to specify any period of time, and is therefore not

8  reasonably calculated to lead to the discovery of admissible evidence.

9       Subject to, and without waiving the above objections, Defendant responds to this

10  request as follows:  Defendant lacks sufficient information to admit or deny the matter

11  stated in the request based on the objections noted above.  While the worktime credits

12  themselves do not have a direct impact on public safety, they do result in the release of

13  inmates before they have served the entirety of their sentenced time, and Defendant

14  does not know the full extent of the impact on public safety.

15  **REQUEST FOR ADMISSION NO. 23:**

16       Admit that worktime credits under Penal Code section 2933 do not cause an

17  ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

19       Defendant objects to this request on the grounds that it seeks information that is

20  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

21  further objects to this request on the grounds that it requires a response that is more

22  properly sought from parties or persons other than this responding Defendant.

23  Defendant further objects to this request on the grounds that it is vague and ambiguous

24  as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

25  Additionally, assuming that the request regards Section 2933 of the California Penal

26  Code, this request misstates the scope of and multiple subparts contained within the

27  referenced section. Defendant further objects to this request on the grounds that it seeks

28  information protected from disclosure by the attorney-client privilege, deliberative

- 22 -

1  process privilege, and official information privilege.  Defendant further objects to this

2  request on the grounds that it assumes information beyond the knowledge of this

3  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

4  request on the grounds that it requires this responding Defendant to assume an

5  incomplete hypothetical.  Defendant further objects to this request on the grounds that it

6  is burdensome and oppressive in that in order to appropriately respond, Defendant

7  would have to review thousands of records of prisoners and/or parolees granted these

8  credits.  Defendant further objects to this request on the grounds that it is overbroad,

9  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

10  period of time, and is therefore not reasonably calculated to lead to the discovery of

11  admissible evidence.

12      Subject to, and without waiving the above objections, Defendant responds to this

13  request as follows:  Defendant lacks sufficient information to admit or deny the matter

14  stated in the request based on the objections noted above.  While the worktime credits

15  themselves do not have a direct impact on the criminal justice system, they do result in

16  the release of inmates before they have served the entirety of their sentenced time, and

17  Defendant does not know the full extent of the impact on the criminal justice system.

18  **REQUEST FOR ADMISSION NO. 24:**

19      Admit that some prisoners receive "S-time" credits under 15 CCR section 3045.3.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

21      Defendant objects to this request on the grounds that it seeks information that is

22  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

23  further objects to this request on the grounds that it requires a response that is more

24  properly sought from parties or persons other than this responding Defendant.

25  Additionally, assuming that the request regards section 3045.3 of Title 15 of the

26  California Code of Regulations, this request misstates the scope of and multiple subparts

27  contained within the referenced section.  Defendant further objects to this request on the

28  grounds that it seeks information protected from disclosure by the attorney-client

- 23 -

1  privilege, deliberative process privilege, and official information privilege.  Defendant
2  further objects to this request on the grounds that it assumes information beyond the
3  knowledge of this responding Defendant and seeks a legal conclusion.  Defendant
4  further objects to this request on the grounds that it requires this responding Defendant
5  to assume an incomplete hypothetical.  Defendant further objects to this request on the
6  grounds that it is burdensome and oppressive in that in order to appropriately respond,
7  Defendant would have to review thousands of records of prisoners and/or parolees
8  granted these credits.   Defendant further objects to this request on the grounds that it is
9  overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to
10 specify any period of time, and is therefore not reasonably calculated to lead to the
11 discovery of admissible evidence.
12       Subject to, and without waiving the above objections, Defendant responds to this
13 request as follows:  Defendant admits upon information and belief that some prisoners
14 receive "S" time credit commensurate with their designated work group as detailed in
15 Title 15 of the California Code of Regulations section 3045.3.
16 **REQUEST FOR ADMISSION NO. 25:**
17       Admit that "S-time" credits do not cause an ADVERSE IMPACT ON PUBLIC
18 SAFETY in California.
19 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**
20       Defendant objects to this request on the grounds that it seeks information that is
21 not relevant to any party's claim or defense at issue in this proceeding.  Defendant
22 further objects to this request on the grounds that it requires a response that is more
23 properly sought from parties or persons other than this responding Defendant.
24 Defendant further objects to this request on the grounds that it is vague and ambiguous
25 as to the term "ADVERSE IMPACT ON PUBLIC SAFETY."  Additionally, assuming that
26 the request regards section 3045.3 of Title 15 of the California Code of Regulations, this
27 request misstates the scope of and multiple subparts contained within the referenced
28 section.  Defendant further objects to this request on the grounds that it seeks

- 24 -

1  information protected from disclosure by the attorney-client privilege, deliberative

2  process privilege, and official information privilege.  Defendant further objects to this

3  request on the grounds that it assumes information beyond the knowledge of this

4  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

5  request on the grounds that it requires this responding Defendant to assume an

6  incomplete hypothetical.  Defendant further objects to this request on the grounds that it

7  is burdensome and oppressive in that in order to appropriately respond, Defendant

8  would have to review thousands of records of prisoners and/or parolees granted these

9  credits.   Defendant further objects to this request on the grounds that it is overbroad,

10  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

11  period of time, and is therefore not reasonably calculated to lead to the discovery of

12  admissible evidence.

13        Subject to, and without waiving the above objections, Defendant responds to this

14  request as follows:  Defendant lacks sufficient information to admit or deny the matter

15  stated in the request based on the objections noted above.  While the "S" time credits

16  themselves do not have a direct impact on public safety, they do result in the release of

17  inmates before they have served the entirety of their sentenced time, and Defendant

18  does not know the full extent of the impact on public safety.

19  **REQUEST FOR ADMISSION NO. 26:**

20        Admit that "S-time" credits do not cause an ADVERSE IMPACT ON THE

21  CRIMINAL JUSTICE SYSTEM in California.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

23        Defendant objects to this request on the grounds that it seeks information that is

24  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

25  further objects to this request on the grounds that it requires a response that is more

26  properly sought from parties or persons other than this responding Defendant.

27  Defendant further objects to this request on the grounds that it is vague and ambiguous

28  as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

- 25 -

1    Additionally, assuming that the request regards Title 15 of the California Code of

2    Regulations, this request misstates the scope of and multiple subparts contained within

3    the referenced section.  Defendant further objects to this request on the grounds that it

4    seeks information protected from disclosure by the attorney-client privilege, deliberative

5    process privilege, and official information privilege.  Defendant further objects to this

6    request on the grounds that it assumes information beyond the knowledge of this

7    responding Defendant and seeks a legal conclusion.  Defendant further objects to this

8    request on the grounds that it requires this responding Defendant to assume an

9    incomplete hypothetical.  Defendant further objects to this request on the grounds that it

10   is burdensome and oppressive in that in order to appropriately respond, Defendant

11   would have to review thousands of records of prisoners and/or parolees granted these

12   credits.   Defendant further objects to this request on the grounds that it is overbroad,

13   unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

14   period of time, and is therefore not reasonably calculated to lead to the discovery of

15   admissible evidence.

16        Subject to, and without waiving the above objections, Defendant responds to this

17   request as follows:  Defendant lacks sufficient information to admit or deny the matter

18   stated in the request based on the objections noted above.  While the "S" time credits

19   themselves do not have a direct impact on the criminal justice system, they do result in

20   the release of inmates before they have served the entirety of their sentenced time, and

21   Defendant does not know the full extent of the impact on the criminal justice system.

22   **REQUEST FOR ADMISSION NO. 27:**

23        Admit that prisoners who are transferred to the Department of Mental Health

24   receive credits under 15 CCR section 3043.6(b).

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

26        Defendant objects to this request on the grounds that it seeks information that is

27   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

28   further objects to this request on the grounds that it requires a response that is more

- 26 -

1    properly sought from parties or persons other than this responding Defendant.

2    Additionally, assuming that the request regards section 3043.6(b) of Title 15 of the

3    California Code of Regulations, this request misstates the scope of and multiple subparts

4    contained within the referenced section.  Defendant further objects to this request on the

5    grounds that it seeks information protected from disclosure by the attorney-client

6    privilege, deliberative process privilege, and official information privilege.  Defendant

7    further objects to this request on the grounds that it assumes information beyond the

8    knowledge of this responding Defendant and seeks a legal conclusion.  Defendant

9    further objects to this request on the grounds that it requires this responding Defendant

10   to assume an incomplete hypothetical.  Defendant further objects to this request on the

11   grounds that it is burdensome and oppressive in that in order to appropriately respond,

12   Defendant would have to review thousands of records of prisoners and/or parolees

13   granted these credits.   Defendant further objects to this request on the grounds that it is

14   overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to

15   specify any period of time, and is therefore not reasonably calculated to lead to the

16   discovery of admissible evidence.

17          Subject to, and without waiving the above objections, Defendant responds to this

18   request as follows:  Defendant admits upon information and belief that prisoners

19   transferred to the Department of Mental Health receive credits as detailed in Title 15 of

20   the California Code of Regulations section 3043.6(b).

21   **REQUEST FOR ADMISSION NO. 28:**

22          Admit that credits for prisoners who are transferred to the Department of Mental

23   Health do not cause an ADVERSE IMPACT ON PUBLIC SAFETY in California.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

25          Defendant objects to this request on the grounds that it seeks information that is

26   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

27   further objects to this request on the grounds that it requires a response that is more

28   properly sought from parties or persons other than this responding Defendant.

- 27 -

1  Defendant further objects to this request on the grounds that it is vague and ambiguous
2  as to the terms "transferred to the Department of Mental Health" and "ADVERSE
3  IMPACT ON PUBLIC SAFETY."  Defendant further objects to this request on the
4  grounds that it seeks information protected from disclosure by the attorney-client
5  privilege, deliberative process privilege, and official information privilege.  Defendant
6  further objects to this request on the grounds that it assumes information beyond the
7  knowledge of this responding Defendant and seeks a legal conclusion.  Defendant
8  further objects to this request on the grounds that it requires this responding Defendant
9  to assume an incomplete hypothetical.  Defendant further objects to this request on the
10  grounds that it is burdensome and oppressive in that in order to appropriately respond,
11  Defendant would have to review thousands of records of prisoners and/or parolees
12  granted these credits.  Defendant further objects to this request on the grounds that it is
13  overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to
14  specify any period of time, and is therefore not reasonably calculated to lead to the
15  discovery of admissible evidence.
16         Subject to, and without waiving the above objections, Defendant responds to this
17  request as follows:  Defendant lacks sufficient information to admit or deny the matter
18  stated in the request based on the objections noted above.  While the credits received
19  by prisoners who are transferred to the Department of Mental Health do not have a direct
20  impact on public safety, they do result in the release of inmates before they have served
21  the entirety of their sentenced time, and Defendant does not know the full extent of the
22  impact on public safety.
23  **REQUEST FOR ADMISSION NO. 29:**
24         Admit that credits for prisoners who are transferred to the Department of Mental
25  health do not cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in
26  California.
27  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**
28         Defendant objects to this request on the grounds that it seeks information that is

- 28 -

1   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

2   further objects to this request on the grounds that it requires a response that is more

3   properly sought from parties or persons other than this responding Defendant.

4   Defendant further objects to this request on the grounds that it is vague and ambiguous

5   as to the terms "transferred to the Department of Mental Health" and "ADVERSE

6   IMPACT ON THE CRIMINAL JUSTICE SYSTEM."  Defendant further objects to this

7   request on the grounds that it seeks information protected from disclosure by the

8   attorney-client privilege, deliberative process privilege, and official information privilege.

9   Defendant further objects to this request on the grounds that it assumes information

10  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

11  Defendant further objects to this request on the grounds that it requires this responding

12  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

13  request on the grounds that it is burdensome and oppressive in that in order to

14  appropriately respond, Defendant would have to review thousands of records of

15  prisoners and/or parolees granted these credits.   Defendant further objects to this

16  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

17  as to time in that it fails to specify any period of time, and is therefore not reasonably

18  calculated to lead to the discovery of admissible evidence.

19         Subject to, and without waiving the above objections, Defendant responds to this

20  request as follows:  Defendant lacks sufficient information to admit or deny the matter

21  stated in the request based on the objections noted above.  While the credits received

22  by prisoners who are transferred to the Department of Mental Health do not have a direct

23  impact on the criminal justice system, they do result in the release of inmates before they

24  have served the entirety of their sentenced time, and Defendant does not know the full

25  extent of the impact on the criminal justice system.

26  **REQUEST FOR ADMISSION NO. 30:**

27         Admit that some prisoners who are diagnosed by a physician or psychiatrist is

28  totally medically disabled receive credits under Title 15 CCR section 3044(b)(2)(E).

- 29 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense at issue in this proceeding. Defendant further objects to this request on the grounds that it requires a response that is more properly sought from parties or persons other than this responding Defendant. Additionally, assuming that the request regards section 3044(b)(2)(E) of Title 15 of the California Code of Regulations, this request misstates the scope of the referenced section. Defendant further objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, and official information privilege. Defendant further objects to this request on the grounds that it assumes information beyond the knowledge of this responding Defendant and seeks a legal conclusion. Defendant further objects to this request on the grounds that it requires this responding Defendant to assume an incomplete hypothetical. Defendant further objects to this request on the grounds that it is burdensome and oppressive in that in order to appropriately respond, Defendant would have to review thousands of records of prisoners and/or parolees granted these credits. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous as to time in that it fails to specify any period of time, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the above objections, Defendant responds to this request as follows: Defendant admits that prisoners diagnosed by a physician and/or psychiatrist as totally disabled receive worktime credits as detailed in Title 15 of the California Code of Regulations section 3044(b)(2)(E) during the duration of their total disability.

**REQUEST FOR ADMISSION NO. 31:**

Admit that credits for prisoners who are diagnosed by a physician or psychiatrist as totally mentally disabled under Title 15 CCR section 3044(b)(2)(E) do not cause an

1   ADVERSE IMPACT ON PUBLIC SAFETY in California.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

3          Defendant objects to this request on the grounds that it seeks information that is

4   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

5   further objects to this request on the grounds that it requires a response that is more

6   properly sought from parties or persons other than this responding Defendant.

7   Defendant further objects to this request on the grounds that it is vague and ambiguous

8   as to the term "ADVERSE IMPACT ON PUBLIC SAFETY."  Additionally, assuming that

9   the request regards section 3044(b)(2)(E) of Title 15 of the California Code of

10  Regulations, this request misstates the scope of the referenced section.  Defendant

11  further objects to this request on the grounds that it seeks information protected from

12  disclosure by the attorney-client privilege, deliberative process privilege, and official

13  information privilege.  Defendant further objects to this request on the grounds that it

14  assumes information beyond the knowledge of this responding Defendant and seeks a

15  legal conclusion.  Defendant further objects to this request on the grounds that it

16  requires this responding Defendant to assume an incomplete hypothetical.  Defendant

17  further objects to this request on the grounds that it is burdensome and oppressive in

18  that in order to appropriately respond, Defendant would have to review thousands of

19  records of prisoners and/or parolees granted these credits.   Defendant further objects to

20  this request on the grounds that it is overbroad, unduly burdensome, vague, and

21  ambiguous as to time in that it fails to specify any period of time, and is therefore not

22  reasonably calculated to lead to the discovery of admissible evidence.

23          Subject to, and without waiving the above objections, Defendant responds to this

24  request as follows:  Defendant lacks sufficient information to admit or deny the matter

25  stated in the request based on the objections noted above.  While the credits received

26  by prisoners who are diagnosed as totally disabled under Title 15 of the California Code

27  of Regulations section 3044(b)(2)(E) do not have a direct impact on public safety, they

28  do result in the release of inmates before they have served the entirety of their

- 31 -

1  sentenced time, and Defendant does not know the full extent of the impact on public

2  safety.

3  **REQUEST FOR ADMISSION NO. 32:**

4      Admit that credits for prisoners who are diagnosed by a physician or psychiatrist

5  as totally mentally disabled under Title 15 CCR section 3044(b)(2)(E) do not cause an

6  ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in California.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

8      Defendant objects to this request on the grounds that it seeks information that is

9  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

10  further objects to this request on the grounds that it requires a response that is more

11  properly sought from parties or persons other than this responding Defendant.

12  Defendant further objects to this request on the grounds that it is vague and ambiguous

13  as to the term "ADVERSE IMPACT ON  THE CRIMINAL JUSTICE SYSTEM."

14  Additionally, assuming that the request regards section 3044(b)(2)(E) of Title 15 of the

15  California Code of Regulations, this request misstates the scope of the referenced

16  section.  Defendant further objects to this request on the grounds that it seeks

17  information protected from disclosure by the attorney-client privilege, deliberative

18  process privilege, and official information privilege.  Defendant further objects to this

19  request on the grounds that it assumes information beyond the knowledge of this

20  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

21  request on the grounds that it requires this responding Defendant to assume an

22  incomplete hypothetical.  Defendant further objects to this request on the grounds that it

23  is burdensome and oppressive in that in order to appropriately respond, Defendant

24  would have to review thousands of records of prisoners and/or parolees granted these

25  credits.  Defendant further objects to this request on the grounds that it is overbroad,

26  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

27  period of time, and is therefore not reasonably calculated to lead to the discovery of

28  admissible evidence.

- 32 -