# EXHIBIT O Part 2

1    Subject to, and without waiving the above objections, Defendant responds to this

2    request as follows:  Defendant lacks sufficient information to admit or deny the matter

3    stated in the request based on the objections noted above.  While the credits received

4    by prisoners who are diagnosed as totally disabled under Title 15 of the California Code

5    of Regulations section 3044(b)(2)(E) do not have a direct impact on the criminal justice

6    system, they do result in the release of inmates before they have served the entirety of

7    their sentenced time, and Defendant does not know the full extent of the impact on the

8    criminal justice system.

9    **REQUEST FOR ADMISSION NO. 33:**

10    Admit that prisoners who perform heroic acts in a file-threatening situation or who

11    provide exceptional assistance in maintaining the safety and security of a prison are

12    eligible for a grant of up to twelve months credit under Penal Code section 2935.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14    Defendant objects to this request on the grounds that it seeks information that is

15    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

16    further objects to this request on the grounds that it requires a response that is more

17    properly sought from parties or persons other than this responding Defendant.

18    Additionally, assuming that the request regards section 2935 of the California Penal

19    Code, this request misstates the referenced section.  Defendant further objects to this

20    request on the grounds that it seeks information protected from disclosure by the

21    attorney-client privilege, deliberative process privilege, and official information privilege.

22    Defendant further objects to this request on the grounds that it assumes information

23    beyond the knowledge of this responding Defendant and seeks a legal conclusion.

24    Defendant further objects to this request on the grounds that it requires this responding

25    Defendant to assume an incomplete hypothetical.  Defendant further objects to this

26    request on the grounds that it is burdensome and oppressive in that in order to

27    appropriately respond, Defendant would have to review thousands of records of

28    prisoners and/or parolees granted these credits.   Defendant further objects to this

- 33 -

1    request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

2    as to time in that it fails to specify any period of time, and is therefore not reasonably

3    calculated to lead to the discovery of admissible evidence.

4         Subject to, and without waiving the above objections, Defendant responds to this

5    request as follows:  Defendant admits upon information and belief that under California

6    Penal Code section 2935, the Director of Corrections may grant up to 12 additional

7    months of reduction of the sentence to a prisoner who has performed a heroic act in a

8    life-threatening situation, or who has provided exceptional assistance in maintaining the

9    safety and security of a prison.

10   **REQUEST FOR ADMISSION NO. 34:**

11        Admit that credits for prisoners who perform heroic acts in a life-threatening

12   situation or who provide exceptional assistance in maintaining the safety and security of

13   a prison do not cause an ADVERSE IMPACT ON PUBLIC SAFETY in California.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

15        Defendant objects to this request on the grounds that it seeks information that is

16   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

17   further objects to this request on the grounds that it requires a response that is more

18   properly sought from parties or persons other than this responding Defendant.

19   Defendant further objects to this request on the grounds that it is vague and ambiguous

20   as to the term "ADVERSE IMPACT ON PUBLIC SAFETY."  Additionally, assuming that

21   the request regards section 2935 of the California Penal Code, this request misstates

22   the referenced section.  Defendant further objects to this request on the grounds that it

23   seeks information protected from disclosure by the attorney-client privilege, deliberative

24   process privilege, and official information privilege.  Defendant further objects to this

25   request on the grounds that it assumes information beyond the knowledge of this

26   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

27   request on the grounds that it requires this responding Defendant to assume an

28   incomplete hypothetical.  Defendant further objects to this request on the grounds that it

1  is burdensome and oppressive in that in order to appropriately respond, Defendant

2  would have to review thousands of records of prisoners and/or parolees granted these

3  credits.   Defendant further objects to this request on the grounds that it is overbroad,

4  unduly burdensome, vague, and ambiguous as to time in that it fails to specify any

5  period of time, and is therefore not reasonably calculated to lead to the discovery of

6  admissible evidence.

7          Subject to, and without waiving the above objections, Defendant responds to this

8  request as follows:  Defendant lacks sufficient information to admit or deny the matter

9  stated in the request based on the objections noted above.  While the credits received

10  by prisoners who are diagnosed as totally disabled under California Penal Code section

11  2935 do not have a direct impact on public safety, they do result in the release of

12  inmates before they have served the entirety of their sentenced time, and Defendant

13  does not know the full extent of the impact on public safety.

14  **REQUEST FOR ADMISSION NO. 35:**

15          Admit that credits for prisoners who perform heroic acts in a life-threatening

16  situation or who provide exceptional assistance in maintaining the safety and security of

17  a prison do not cause an ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM in

18  California.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

20          Defendant objects to this request on the grounds that it seeks information that is

21  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

22  further objects to this request on the grounds that it requires a response that is more

23  properly sought from parties or persons other than this responding Defendant.

24  Defendant further objects to this request on the grounds that it is vague and ambiguous

25  as to the term "ADVERSE IMPACT ON THE CRIMINAL JUSTICE SYSTEM."

26  Additionally, assuming that the request regards section 2935 of the California Penal

27  Code, this request misstates the referenced section.  Defendant further objects to this

28  request on the grounds that it seeks information protected from disclosure by the

- 35 -

1  attorney-client privilege, deliberative process privilege, and official information privilege.

2  Defendant further objects to this request on the grounds that it assumes information

3  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

4  Defendant further objects to this request on the grounds that it requires this responding

5  Defendant to assume an incomplete hypothetical.  Defendant further objects to this

6  request on the grounds that it is burdensome and oppressive in that in order to

7  appropriately respond, Defendant would have to review thousands of records of

8  prisoners and/or parolees granted these credits.   Defendant further objects to this

9  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

10  as to time in that it fails to specify any period of time, and is therefore not reasonably

11  calculated to lead to the discovery of admissible evidence.

12        Subject to, and without waiving the above objections, Defendant responds to this

13  request as follows:  Defendant lacks sufficient information to admit or deny the matter

14  stated in the request based on the objections noted above.  While the credits received

15  by prisoners who are diagnosed as totally disabled under California Penal Code section

16  2935 do not have a direct impact on the criminal justice system, they do result in the

17  release of inmates before they have served the entirety of their sentenced time, and

18  Defendant does not know the full extent of the impact on the criminal justice system.

19  **REQUEST FOR ADMISSION NO. 36:**

20        Admit that YOU have proposed no legislation to eliminate statutory credits for

21  prisoners during YOUR tenure as governor.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

23        Defendant objects to this request on the grounds that it seeks information that is

24  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

25  further objects to this request on the grounds that it requires a response that is more

26  properly sought from parties or persons other than this responding Defendant.

27  Defendant further objects to this request on the grounds that it is vague and ambiguous

28  as to the terms "eliminate," "statutory credits," and "tenure as governor."  Additionally,

1   Defendant objects to this request on the grounds that it is vague and ambiguous as to

2   the terms "proposed no legislation," as it is the proper role of the Legislature, and not

3   Defendant, to introduce legislation.  Defendant further objects to this request on the

4   grounds that it seeks information protected from disclosure by the attorney-client

5   privilege, deliberative process privilege, and official information privilege.  Defendant

6   further objects to this request on the grounds that it is overbroad, unduly burdensome,

7   vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

8   therefore not reasonably calculated to lead to the discovery of admissible evidence.

9        Subject to, and without waiving the above objections, Defendant responds to this

10   request as follows:  Defendant admits upon information and belief that he has proposed

11   no legislation to eliminate statutory credits for prisoners during Defendant's service as

12   Governor of the State of California.

13   **REQUEST FOR ADMISSION NO. 37:**

14        Admit that YOU have proposed no legislation to reduce statutory credits for

15   prisoners during YOUR tenure as governor.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

17        Defendant objects to this request on the grounds that it seeks information that is

18   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

19   further objects to this request on the grounds that it requires a response that is more

20   properly sought from parties or persons other than this responding Defendant.

21   Defendant further objects to this request on the grounds that it is vague and ambiguous

22   as to the terms "reduce," "statutory credits," and "tenure as governor."  Additionally,

23   Defendant objects to this request on the grounds that it is vague and ambiguous as to

24   the terms "proposed no legislation," as it is the proper role of the Legislature, and not

25   Defendant, to introduce legislation.  Defendant further objects to this request on the

26   grounds that it seeks information protected from disclosure by the attorney-client

27   privilege, deliberative process privilege, and official information privilege.  Defendant

28   further objects to this request on the grounds that it is overbroad, unduly burdensome,

- 37 -

1  vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

2  therefore not reasonably calculated to lead to the discovery of admissible evidence.

3      Subject to, and without waiving the above objections, Defendant responds to this

4  request as follows:  Defendant admits upon information and belief that he has proposed

5  no legislation to reduce statutory credits for prisoners during Defendant's service as

6  Governor of the State of California.

7  **REQUEST FOR ADMISSION NO. 38:**

8      Admit that YOU have proposed no legislation to eliminate regulatory credits for

9  prisoners during YOUR tenure as governor.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

11      Defendant objects to this request on the grounds that it seeks information that is

12  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

13  further objects to this request on the grounds that it requires a response that is more

14  properly sought from parties or persons other than this responding Defendant.

15  Defendant further objects to this request on the grounds that it is vague and ambiguous

16  as to the terms "eliminate," "regulatory credits," and "tenure as governor."  Additionally,

17  Defendant objects to this request on the grounds that it is vague and ambiguous as to

18  the terms "proposed no legislation," as it is the proper role of the Legislature, and not

19  Defendant, to introduce legislation.  Defendant further objects to this request on the

20  grounds that it seeks information protected from disclosure by the attorney-client

21  privilege, deliberative process privilege, and official information privilege.  Defendant

22  further objects to this request on the grounds that it is overbroad, unduly burdensome,

23  vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

24  therefore not reasonably calculated to lead to the discovery of admissible evidence.

25      Subject to, and without waiving the above objections, Defendant responds to this

26  request as follows:  Defendant admits upon information and belief that he has proposed

27  no legislation to eliminate regulatory credits for prisoners during Defendant's service as

28  Governor of the State of California.

- 38 -

1  **REQUEST FOR ADMISSION NO. 39:**

2       Admit that YOU have proposed no legislation to reduce regulatory credits for

3  prisoners during YOUR tenure as governor.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

5       Defendant objects to this request on the grounds that it seeks information that is

6  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

7  further objects to this request on the grounds that it requires a response that is more

8  properly sought from parties or persons other than this responding Defendant.

9  Defendant further objects to this request on the grounds that it is vague and ambiguous

10  as to the terms "reduce," "regulatory credits," and "tenure as governor."  Additionally,

11  Defendant objects to this request on the grounds that it is vague and ambiguous as to

12  the terms "proposed no legislation," as it is the proper role of the Legislature, and not

13  Defendant, to introduce legislation.  Defendant further objects to this request on the

14  grounds that it seeks information protected from disclosure by the attorney-client

15  privilege, deliberative process privilege, and official information privilege.  Defendant

16  further objects to this request on the grounds that it is overbroad, unduly burdensome,

17  vague, and ambiguous as to time in that it fails to specify a specific period of time, and is

18  therefore not reasonably calculated to lead to the discovery of admissible evidence.

19       Subject to, and without waiving the above objections, Defendant responds to this

20  request as follows:  Defendant admits upon information and belief that he has proposed

21  no legislation to reduce regulatory credits for prisoners during Defendant's service as

22  Governor of the State of California.

23  **REQUEST FOR ADMISSION NO. 40:**

24       Admit that the document excerpt attached as Exhibit C is a true and correct copy

25  of YOUR September 23, 2008, Veto Message, as found on the Internet at

26  http://www.ebudget.ca.gov/pdflEnactedlBudgetSummary1FullBudgetSummary.pdf, at

27  pages 77-87 of the PDF.

28  ///

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendant objects to this request on the ground that it seeks information that is not relevant to a claim or defense at issue in this proceeding. Defendant further objects to this request on the grounds that it requires a response that is more properly sought from parties or persons other than this responding Defendant.

Subject to, and without waiving the above objections, Defendant responds to this request as follows: Defendant admits upon information and belief that Exhibit C is a copy of Defendant's September 23, 2008 objections, deletions, revisions, reductions, and subsequent approval of Assembly Bill 88.

**REQUEST FOR ADMISSION NO. 41:**

Admit that YOUR direction contained in the language quoted below from page 5 of Exhibit C is intended to reduce adult inmate population levels:

> I am directing the Secretary of the California Department of Corrections and Rehabilitation to implement a Parole Decision-Making Instrument (PDMI) that provides guidelines on how to respond to technical parole violations based on the risk-to-reoffend level of the offender and the seriousness of the violation. I believe that the use of the PDMI by parole agents will facilitate the reintegration into society of low-risk parolees by providing community-based sanctions and programs. By providing alternatives to incarceration for parolees who commit minor technical parole violations, the Department will be able to reduce prison overcrowding. Consistent with this direction, I am reducing $22,000,000 from this item to reflect lower adult inmate population levels.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Defendant objects to this request on the grounds that it seeks information that is not relevant to any party's claim or defense at issue in this proceeding. Defendant further objects to this request on the grounds that it requires a response that is more properly sought from parties or persons other than this responding Defendant. Defendant further objects to this request on the grounds that it is vague and ambiguous as to the terms ""YOUR direction" and "intended to reduce adult inmate population levels." Defendant further objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege,

1    and official information privilege.  Defendant further objects to this request on the

2    grounds that it is compound could require multiple conflicting responses.

3         Subject to, and without waiving the above objections, Defendant responds to this

4    request as follows:  Defendant denies that directing the Secretary of the California

5    Department of Corrections and Rehabilitation to implement a Parole Decision-Making

6    Instrument is intended to reduce adult inmate population levels.  The Parole Decision

7    Making Instrument was developed to enable parole staff to uniformly determine,

8    recommend, and impose proportionate and consistent sanctions for parole violations

9    based upon the risk of the individual offender, as well as the severity of the violation.  It

10   is anticipated that the implementation of this instrument will also reduce the prison

11   population, and therefore, the budget item was reduced.

12   **REQUEST FOR ADMISSION NO. 42:**

13        Admit that YOUR direction quoted above from Exhibit C in REQUEST FOR

14   ADMISSION 41 was not intended to cause an ADVERSE IMPACT ON PUBLIC

15   SAFETY.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

17        Defendant objects to this request on the grounds that it seeks information that is

18   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

19   further objects to this request on the grounds that it requires a response that is more

20   properly sought from parties or persons other than this responding Defendant.

21   Defendant further objects to this request on the grounds that it is vague and ambiguous

22   as to the terms ""YOUR direction" and "ADVERSE IMPACT ON PUBLIC SAFETY."

23   Defendant further objects to this request on the grounds that it seeks information

24   protected from disclosure by the attorney-client privilege, deliberative process privilege,

25   and official information privilege.  Defendant further objects to this request on the

26   grounds that it is compound could require multiple conflicting responses.  Defendant

27   further objects to this request on the grounds that it assumes information beyond the

28   knowledge of this responding Defendant and seeks a legal conclusion.  Defendant

- 41 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1  further objects to this request on the grounds that it requires this responding Defendant

2  to assume an incomplete hypothetical.

3      Subject to, and without waiving the above objections, Defendant responds to this

4  request as follows: Defendant admits upon information and belief that his direction to

5  implement a Parole Decision-Making Instrument was not intended to cause an adverse

6  impact on public safety in California.

7  **REQUEST FOR ADMISSION NO. 43:**

8      Admit that YOUR direction quoted above from Exhibit C in REQUEST FOR

9  ADMISSION 41 was not intended to cause an ADVERSE IMPACT ON THE CRIMINAL

10  JUSTICE SYSTEM.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

12      Defendant objects to this request on the grounds that it seeks information that is

13  not relevant to any party's claim or defense at issue in this proceeding. Defendant

14  further objects to this request on the grounds that it requires a response that is more

15  properly sought from parties or persons other than this responding Defendant.

16  Defendant further objects to this request on the grounds that it is vague and ambiguous

17  as to the terms ""YOUR direction" and "ADVERSE IMPACT ON THE CRIMINAL

18  JUSTICE SYSTEM." Defendant further objects to this request on the grounds that it

19  seeks information protected from disclosure by the attorney-client privilege, deliberative

20  process privilege, and official information privilege. Defendant further objects to this

21  request on the grounds that it is compound could require multiple conflicting responses.

22  Defendant further objects to this request on the grounds that it assumes information

23  beyond the knowledge of this responding Defendant and seeks a legal conclusion.

24  Defendant further objects to this request on the grounds that it requires this responding

25  Defendant to assume an incomplete hypothetical.

26      Subject to, and without waiving the above objections, Defendant responds to this

27  request as follows: Defendant admits upon information and belief that his direction to

28  implement a Parole Decision-Making Instrument was not intended to cause an adverse

1    impact on criminal justice system in California.

2    **REQUEST FOR ADMISSION NO. 44:**

3        Admit that the state of emergency in the California prison system that you

4    declared, pursuant to your October 4, 2006 overcrowding proclamation, is not over.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

6        Defendant objects to this request on the grounds that it seeks information that is

7    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

8    further objects to this request on the grounds that it is vague and ambiguous as to the

9    terms ""overcrowding proclamation" and "is not over."  Additionally, Defendant objects to

10    this request on the grounds that it inaccurately suggests that the state of emergency

11    proclamation encompasses the entire "California prison system," when only a limited

12    number of state prisons are identified in the proclamation.  Defendant further objects to

13    this request on the grounds that it seeks information protected from disclosure by the

14    attorney-client privilege, deliberative process privilege, and official information privilege.

15    Defendant further objects to this request on the grounds that it is compound could

16    require multiple conflicting responses.  Defendant further objects to this request on the

17    grounds that it assumes information beyond the knowledge of this responding Defendant

18    and seeks a legal conclusion.

19        Subject to, and without waiving the above objections, Defendant responds to this

20    request as follows:  Defendant admits upon information and belief that the state of

21    emergency in the California prison system is not over.  There are conditions which exist

22    in the California prison system, including aging infrastructure and facilities, inefficient

23    administrative processes, and fluctuating population needs, that responding Defendant

24    continues to address by use of the emergency proclamation dated October 4, 2006.  The

25    emergency proclamation did not find, and Defendant does not admit, that the provision

26    of medical and mental health care to California prison inmates was or is negatively

27    impacted by the crowded conditions.

28    ///

1  **REQUEST FOR ADMISSION NO. 45:**

2        Admit that the substantial risk to the health and safety of staff and inmates in

3  CDCR prisons caused by the severe overcrowding in CDCR prisons that you cited in

4  your October 4, 2006 overcrowding proclamation is still present.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

6        Defendant objects to this request on the grounds that it seeks information that is

7  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

8  further objects to this request on the grounds that it is vague and ambiguous as to the

9  terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

10  further objects to this request on the grounds that it seeks information protected from

11  disclosure by the attorney-client privilege, deliberative process privilege, and official

12  information privilege.  Defendant further objects to this request on the grounds that it is

13  compound could require multiple conflicting responses.  Defendant further objects to this

14  request on the grounds that it assumes information beyond the knowledge of this

15  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

16  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

17  in that it fails to specify a specific period of time or specific location, and is therefore not

18  reasonably calculated to lead to the discovery of admissible evidence.

19        Subject to, and without waiving the above objections, Defendant responds to this

20  request as follows:  Defendant denies that the exact same factual circumstances exist

21  today.  Some circumstances have improved.  Nonetheless, Defendant admits that

22  emergency conditions still exist, and the emergency proclamation has not been

23  terminated.

24  **REQUEST FOR ADMISSION NO. 46:**

25        Admit that the substantial risk of violence in CDCR prisons caused by the severe

26  overcrowding in CDCR prisons that you cited in your October 4, 2006 overcrowding

27  proclamation is still present.

28  ///

- 44 -

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

2           Defendant objects to this request on the grounds that it seeks information that is

3    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

4    further objects to this request on the grounds that it is vague and ambiguous as to the

5    terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

6    further objects to this request on the grounds that it seeks information protected from

7    disclosure by the attorney-client privilege, deliberative process privilege, and official

8    information privilege.  Defendant further objects to this request on the grounds that it is

9    compound could require multiple conflicting responses.  Defendant further objects to this

10   request on the grounds that it assumes information beyond the knowledge of this

11   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

12   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

13   in that it fails to specify a specific period of time or specific location, and is therefore not

14   reasonably calculated to lead to the discovery of admissible evidence.

15          Subject to, and without waiving the above objections, Defendant responds to this

16   request as follows:  Defendant denies that the exact same factual circumstances exist

17   today.  Some circumstances have improved.  Nonetheless, Defendant admits that

18   emergency conditions still exist, and the emergency proclamation has not been

19   terminated.

20   **REQUEST FOR ADMISSION NO. 47:**

21          Admit that the substantial risk of transmission of infectious diseases in CDCR

22   prisons caused by the severe overcrowding in CDCR prisons that you cited in your

23   October 4, 2006 overcrowding proclamation is still present.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

25          Defendant objects to this request on the grounds that it seeks information that is

26   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

27   further objects to this request on the grounds that it is vague and ambiguous as to the

28   terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

- 45 -

1   further objects to this request on the grounds that it seeks information protected from

2   disclosure by the attorney-client privilege, deliberative process privilege, and official

3   information privilege.  Defendant further objects to this request on the grounds that it is

4   compound could require multiple conflicting responses.  Defendant further objects to this

5   request on the grounds that it assumes information beyond the knowledge of this

6   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

7   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

8   in that it fails to specify a specific period of time or specific location, and is therefore not

9   reasonably calculated to lead to the discovery of admissible evidence.

10        Subject to, and without waiving the above objections, Defendant responds to this

11   request as follows:  Defendant denies that the exact same factual circumstances exist

12   today.  Some circumstances have improved.  Nonetheless, Defendant admits that

13   emergency conditions still exist, and the emergency proclamation has not been

14   terminated.

15   **REQUEST FOR ADMISSION NO. 48:**

16        Admit that the substantial security risk in CDCR prisons caused by the severe

17   overcrowding in CDCR prisons that you cited in your October 4, 2006 overcrowding

18   proclamation is still present.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

20        Defendant objects to this request on the grounds that it seeks information that is

21   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

22   further objects to this request on the grounds that it is vague and ambiguous as to the

23   terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

24   further objects to this request on the grounds that it seeks information protected from

25   disclosure by the attorney-client privilege, deliberative process privilege, and official

26   information privilege.  Defendant further objects to this request on the grounds that it

27   assumes information beyond the knowledge of this responding Defendant and seeks a

28   legal conclusion.  Defendant further objects to this request on the grounds that it is

- 46 -

1    overbroad, unduly burdensome, vague, and ambiguous in that it fails to specify a

2    specific period of time or specific location, and is therefore not reasonably calculated to

3    lead to the discovery of admissible evidence.

4        Subject to, and without waiving the above objections, Defendant responds to this

5    request as follows:  Defendant denies that the exact same factual circumstances exist

6    today.  Some circumstances have improved.  Nonetheless, Defendant admits that

7    emergency conditions still exist, and the emergency proclamation has not been

8    terminated.

9    **REQUEST FOR ADMISSION NO. 49:**

10        Admit that the burdens on infrastructure (electrical systems and/or

11    wastewater/sewer systems) caused by the severe overcrowding in CDCR prisons that

12    you cited in your October 4, 2006 overcrowding proclamation are still present.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

14        Defendant objects to this request on the grounds that it seeks information that is

15    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

16    further objects to this request on the grounds that it is vague and ambiguous as to the

17    terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

18    further objects to this request on the grounds that it seeks information protected from

19    disclosure by the attorney-client privilege, deliberative process privilege, and official

20    information privilege.  Defendant further objects to this request on the grounds that it is

21    compound could require multiple conflicting responses.  Defendant further objects to this

22    request on the grounds that it assumes information beyond the knowledge of this

23    responding Defendant and seeks a legal conclusion.  Defendant further objects to this

24    request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

25    in that it fails to specify a specific period of time or specific location, and is therefore not

26    reasonably calculated to lead to the discovery of admissible evidence.

27        Subject to, and without waiving the above objections, Defendant responds to this

28    request as follows:  Defendant denies that the exact same factual circumstances exist

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1   today.  Some circumstances have improved.  Nonetheless, Defendant admits that

2   emergency conditions still exist, and the emergency proclamation has not been

3   terminated.

4   **REQUEST FOR ADMISSION NO. 50:**

5        Admit that the effects of overcrowding that you described in your October 4, 2006

6   overcrowding proclamation as harm to people and property, inmate unrest and

7   misconduct, reduction or elimination of programs, and increased recidivism are still

8   present.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

10       Defendant objects to this request on the grounds that it seeks information that is

11  not relevant to any party's claim or defense at issue in this proceeding.  Defendant

12  further objects to this request on the grounds that it is vague and ambiguous as to the

13  terms "in CDCR prisons," ""overcrowding proclamation" and "is still present."  Defendant

14  further objects to this request on the grounds that it seeks information protected from

15  disclosure by the attorney-client privilege, deliberative process privilege, and official

16  information privilege.  Defendant further objects to this request on the grounds that it is

17  compound could require multiple conflicting responses.  Defendant further objects to this

18  request on the grounds that it assumes information beyond the knowledge of this

19  responding Defendant and seeks a legal conclusion.  Defendant further objects to this

20  request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

21  in that it fails to specify a specific period of time or specific location, and is therefore not

22  reasonably calculated to lead to the discovery of admissible evidence.

23       Subject to, and without waiving the above objections, Defendant responds to this

24  request as follows:  Defendant denies that the exact same factual circumstances exist

25  today.  Some circumstances have improved.  Nonetheless, Defendant admits that

26  emergency conditions still exist, and the emergency proclamation has not been

27  terminated.

28  ///

- 48 -

1   **REQUEST FOR ADMISSION NO. 51:**

2        Admit that the use of non-traditional beds for inmate housing that you cited in your

3   October 4, 2006 overcrowding proclamation has not been eliminated from CDCR

4   prisons.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

6        Defendant objects to this request on the grounds that it seeks information that is

7   not relevant to any party's claim or defense at issue in this proceeding.  Defendant

8   further objects to this request on the grounds that it is vague and ambiguous as to the

9   terms "non-traditional beds" and "overcrowding proclamation."  Defendant further objects

10  to this request on the grounds that it seeks information protected from disclosure by the

11  attorney-client privilege, deliberative process privilege, and official information privilege.

12  Defendant further objects to this request on the grounds that it is compound could

13  require multiple conflicting responses.  Defendant further objects to this request on the

14  grounds that it assumes information beyond the knowledge of this responding Defendant

15  and seeks a legal conclusion.  Defendant further objects to this request on the grounds

16  that it is overbroad, unduly burdensome, vague, and ambiguous in that it fails to specify

17  a specific period of time or specific location, and is therefore not reasonably calculated to

18  lead to the discovery of admissible evidence.

19        Subject to, and without waiving the above objections, Defendant responds to this

20  request as follows:  Defendant admits upon information and belief that non-traditional

21  beds have not been eliminated from CDCR facilities.  However, the ability to transfer

22  approximately 5,000 inmates to out-of-state contract facilities has allowed CDCR to

23  reduce the number of non-traditional beds.

24  **REQUEST FOR ADMISSION NO. 52:**

25        Admit that the severe overcrowding in CDCR prisons that you cited in your

26  October 4, 2006 overcrowding proclamation is still causing reduced inmate participation

27  in academic, vocational, and rehabilitation programs.

28  ///

- 49 -

1    RESPONSE TO REQUEST FOR ADMISSION NO. 52:

2          Defendant objects to this request on the grounds that it seeks information that is

3    not relevant to any party's claim or defense at issue in this proceeding.  Defendant

4    further objects to this request on the grounds that it is vague and ambiguous as to the

5    terms "severe," "non-traditional beds" and "overcrowding proclamation."  Defendant

6    further objects to this request on the grounds that it seeks information protected from

7    disclosure by the attorney-client privilege, deliberative process privilege, and official

8    information privilege.  Defendant further objects to this request on the grounds that it is

9    compound could require multiple conflicting responses.  Defendant further objects to this

10   request on the grounds that it assumes information beyond the knowledge of this

11   responding Defendant and seeks a legal conclusion.  Defendant further objects to this

12   request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous

13   in that it fails to specify a specific period of time or specific location, and is therefore not

14   reasonably calculated to lead to the discovery of admissible evidence.

15          Subject to, and without waiving the above objections, Defendant responds to this

16   request as follows:  Defendant admits upon information and belief that overcrowding

17   conditions are causing continued reduced inmate participation in academic, vocational,

18   and rehabilitation programs.

19   REQUEST FOR ADMISSION NO. 53:

20          Admit that the document attached hereto as Exhibit D is a true and correct copy of

21   a transcript of your remarks on or about June 26, 2006, as posted on YOUR website at

22   http://gov.ca.gov/speech/1088/, under the title "Schwarzenegger Calls Special Session

23   to Address Prison Crowding, Recidivism."

24   RESPONSE TO REQUEST FOR ADMISSION NO. 53:

25          Defendant objects to this request on the ground that it seeks information that is

26   not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

27   to this request on the grounds that it requires a response that is more properly sought

28   from parties or persons other than this responding Defendant.

- 50 -

1    Subject to, and without waiving the above objections, Defendant responds to this

2  request as follows:  Defendant admits upon information and belief that Exhibit D is a

3  transcript of remarks made by the responding Defendant on or about June 26, 2006, and

4  posted at the indicated website address.

5  **REQUEST FOR ADMISSION NO. 54:**

6    Admit that the video filed named "Exhibit E.mpg" and starting with a title frame

7  "Prison Overcrowding/KGO, Ch. 7/6:00 PM News/9/24/07/LENGTH 2:23" on the

8  attached optical disk labeled "PL TF 2D SET RF AS TO DEFENDANT

9  SCHWARZENEGGER, Exhibits E & F 9/29/08" includes comments made by YOU

10  regarding California prisons starting after the statement: "It could take years for the new

11  facilities to be built."

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

13    Defendant objects to this request on the ground that it seeks information that is

14  not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

15  to this request on the grounds that it requires a response that is more properly sought

16  from parties or persons other than this responding Defendant.  Defendant further objects

17  to this request on the grounds that it is vague and ambiguous as to the terms ""starting

18  after the statement."  Defendant further objects to this request on the grounds that it is

19  compound could require multiple conflicting responses.

20    Subject to, and without waiving the above objections, Defendant responds to this

21  request as follows:  Defendant admits upon information and belief that the video file titled

22  "Exhibit E.mpg" includes comments made by the Defendant regarding California prisons.

23  **REQUEST FOR ADMISSION NO. 55:**

24    Admit that the video filed named "Exhibit F .mpg" on the attached optical disk

25  labeled "PL TF 2D SET RF AS TO DEFENDANT SCHW ARZENEGGER, Exhibits E & F

26  9/29/08" includes YOUR speech delivered at California Rehabilitation Center at Norco,

27  California, on or about March 6, 2007, as posted on YOUR website at

28  http://www.gov.ca.gov/speech/5568/.

- 51 -

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

2          Defendant objects to this request on the ground that it seeks information that is

3    not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

4    to this request on the grounds that it requires a response that is more properly sought

5    from parties or persons other than this responding Defendant.  Defendant further objects

6    to this request on the grounds that it is compound could require multiple conflicting

7    responses.

8          Subject to, and without waiving the above objections, Defendant responds to this

9    request as follows:  Defendant admits upon information and belief that the video file titled

10   "Exhibit F.mpg" includes a speech delivered by Defendant at California Rehabilitation

11   Center at Norco on or about March 6, 2007, and is posted at the indicated website

12   address.

13   **REQUEST FOR ADMISSION NO. 56:**

14         Admit that the document attached hereto as Exhibit G is a true and correct copy

15   of the text of your speech delivered at California Rehabilitation Center at Norco,

16   California, on or about March 6, 2007, as posted on YOUR website at

17   http://www.gov.ca.gov/speech/5568/.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

19         Defendant objects to this request on the ground that it seeks information that is

20   not relevant to a claim or defense at issue in this proceeding.  Defendant further objects

21   to this request on the grounds that it requires a response that is more properly sought

22   from parties or persons other than this responding Defendant.

23         Subject to, and without waiving the above objections, Defendant responds to this

24   request as follows:  Defendant admits upon information and belief that Exhibit G is a

25   transcript of remarks made by the responding Defendant on or about March 6, 2007, and

26   ///

27   ///

28   ///

- 52 -

1    is posted at the indicated website address.

2

3

4

5    DATED:  October 20, 2008                HANSON BRIDGETT LLP

6

7                                            By: //s//
                                             _____
8                                            PAUL B. MELLO
                                             Attorneys for Defendants
9                                            Arnold Schwarzenegger, et al.

10   DATED:  October 20, 2008                EDMUND G. BROWN JR.
                                             Attorney General of the State of
11                                           California

12

13                                           By: //s//
                                             _____
14                                           KYLE LEWIS
                                             Deputy Attorney General
15                                           Attorneys for Defendants
                                             Arnold Schwarzenegger, et al.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 53 -

DEFENDANT ARNOLD SCHWARZENEGGER'S RESPONSE TO PLAINTIFF COLEMAN'S
SECOND SET OF REQUESTS FOR ADMISSIONS

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Three-Judge Panel Proceeding Pursuant to 28 U.S.C. § 2284**
**Coleman, et al. v. Schwarzenegger, et al.**
**USDC, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM**
**Plata, et al. v. Schwarzenegger, et al.**
**USDC, Northern District of California, Case No. C-01-1351 TEH**

No.:   **C 90-0520 LKK / C 01-01351 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **October 20, 2008**, I served the attached

**RESPONSES TO PLAINTIFF COLEMAN'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT ARNOLD SCHWARZENEGGER;**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

KIMBERLY HALL BARLOW
Jones & Mayer
3777 North Harbor Boulevard
Fullerton, CA 92835

LORI RIFKIN
MICHAEL BIEN
Rosen Bien & Galvan, LLP
315 Montgomery St., 10th Floor
San Francisco, CA 94104

ANN MILLER RAVEL
THERESA FUENTES
Office of the County Counsel
County of Santa Clara
70 West Hedding, East Wing, 9th Floor
San Jose, CA 95110

MARTIN H. DODD
FUTTERMAN & DUPREE
160 Sansome Street, 17TH Floor
San Francisco, CA 94109

1

ROD PACHECO
WILLIAM MITCHELL
Office of the District Attorney
County of Riverside
4075 Main Street, First Floor
Riverside, CA 92501

MICHAEL P. MURPHY
CAROL L. WOODWARD
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063

STEVEN S. KAUFHOLD
CHAD A. STEGEMAN
TERESA WANG
Akin Gump Straus Hauer & Feld LLP
580 California Street, 15th Floor
San Francisco, CA 94102

STEVEN WOODSIDE
ANNE L. KECK
Office of the Counsel
575 Administration Drive., Room 105A
Santa Rosa, CA 95403

PRISON LAW OFFICE
DONALD SPECTER
1917 Fifth Street
Berkeley, CA 94710-1916

PAUL B. MELLO, ESQ.
HANSON & BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

JOHN HAGAR
LAW OFFICE OF JOHN HAGAR
PMB 314
1819 Polk Street
San Francisco, CA 94109

GREGG ADAM
NATALIE LEONARD
Carroll, Burdick, & McDonough, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104

DENNIS BUNTING
ALAN COHEN
Office of County Counsel
County of Solano
675 Texas Street, Suite 6600
Fairfield, CA 94533

DANIEL J. WALLACE
KELLY DUNCAN SCOTT
County of Santa Barbara
105 E. Anapamu Street, Suite 201
Santa Barbara, CA 93101

LISA TILLMAN
Office of the Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 20, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Baker | *[signature]* |
| Declarant | Signature |

40277966.wpd

2