# EXHIBIT S

PRISON LAW OFFICE
DONALD SPECTER Bar No.: 83925
STEVEN FAMA Bar No.: 99641
ALISON HARDY Bar No.: 135966
VIBEKE NORGAARD Bar No.: 209499
E. IVAN TRUJILLO Bar No.: 228790
RACHEL FARBIARZ Bar No.: 237896
General Delivery
San Quentin, California 94964
Telephone: (415) 457-9144

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN Bar No.: 096891
JANE E. KAHN Bar No.: 112239
AMY WHELAN Bar No.: 215675
LORI RIFKIN Bar No.: 244081
SARAH M. LAUBACH Bar No.: 240526
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE Bar No.: 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

HELLER, EHRMAN, WHITE & McAULIFFE
RICHARD L. GOFF Bar No.: 36377
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 447-0900

THE LEGAL AID SOCIETY–
EMPLOYMENT LAW CENTER
CLAUDIA CENTER Bar No.: 158255
LEWIS BOSSING Bar No.: 227402
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants

No.: Civ S 90-0520 LKK-JFM P

**THREE-JUDGE COURT**

MARCIANO PLATA ,et al.,

Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

vs.

Defendants

No. C01-1351 THE

**THREE-JUDGE COURT**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO SHERIFF AND PROBATION INTERVENOR-DEFENDANTS**

**PROPOUNDING PARTIES:** Plaintiffs Marciano Plata et al.

**RESPONDING PARTIES:** Sheriff and Probation Intervenor-Defendants

**SET NUMBER:** One

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs Marciano Plata et al. submit the following First Set of Interrogatories to Intervenor-Defendants William B. Kolender et al. (combined, the "Sheriff and Probation Intervenor-Defendants") to be answered separately and fully in writing, under oath, based upon all knowledge reasonably available to them, within 30 days after service hereof.

**DEFINITIONS**

1. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available or was not reviewed or received by a particular PERSON, "DOCUMENT" includes any identical copy of the original.

2. "PERSON" as used herein means natural persons, corporations, partnerships, governments (or governmental agencies), units of government, quasi-public entities, and all other forms of legal entities.

3.  "YOU" and "YOURS" as used herein means any and all of Sheriff and Probation Intervenor-Defendants, their agents, representatives, attorneys, and all other PERSONS acting on their behalf.

4.  As used herein, the terms "identify," when used with respect to a person, mean to state the following: name of entity; telephone number; location of its business and nature of its business.

8.  As used herein, the terms "identify," when used with respect to a document, mean to state the following, if available, for each document: the name(s) of the author(s) and the recipient(s); the date; the title; the form of document (e.g. letter, memorandum, report, chart or other descriptive term); a description of the contents of the document; and its present or last known location and custodian. If you claim that any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of such document and when. Documents to be identified shall include both documents in your possession, custody and control, and all other documents of which you have knowledge. To the extent that the answers to the preceding questions are determinable by an examination of the document itself, you may respond by supplying such document as part of your answers to these interrogatories so long as you identify the interrogatory to which such document is responsive.

3.  "Refer" or "relate to" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request, directly or indirectly, in whole or in part.

4.  The terms "and," "or," and "and/or" should be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

5.  "ALTERNATIVE PLACEMENT PROGRAMS" means any program provided for persons released or diverted from jail, including but not limited to any treatment programs for persons with mental illnesses, community aftercare programs, substance abuse programs, work furlough programs, electronic monitoring, home detention, or supervised release.

//
//
//

Dated: September 5, 2007

Respectfully submitted,

[signature]

Vibeke Norgaard Martin
Prison Law Office
Attorneys for Plaintiffs

# EXHIBIT T

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Police Chief, and
Chief Probation Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

Case No: CIV S-90-0520 LKK JFM P

**THREE-JUDGE COURT**

[F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

MARCIANO PLATA, et al.,

Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

Case No.: C01-1351 TEH

**THREE-JUDGE COURT**

**INTERVENOR-DEFENDANT AMADOR COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTIES: Plaintiffs, MARCIANO PLATA, et al.

RESPONDING PARTY: Intervenor-Defendant, AMADOR COUNTY SHERIFF

SET NUMBER: One (1)

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Amador County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

**Preliminary Statement and General Objections**

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4. To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5. Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7. Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a) State the name, date and case number of every case which resulted in

any such limit(s).

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, no limits have been in place on the number of people that can be housed in any jail operated and/or maintained by Intervenor-Defendant.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

(a) Identify all DOCUMENTS which relate to YOUR answer.

(b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that it has utilized the accelerated release mechanism pursuant to Penal Code section 4024.1. Additionally, pursuant to Penal Code section 3081, wherein successful candidates are released from jail prior to their actual release date. Applicants must have served half of their sentence, less any credit for time served, before then can apply for parole. This early release enables them to return home to their families, to seek employment or continue their education.

(a) Penal Code sections 3081 and 4024.1; applications and Orders pursuant to Penal Code Section 4024.1 for Accelerated Release of Certain County Jail Inmates to Relieve Overcrowding.

(b) Lt. Vickie Stephens

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

(a) Identify all DOCUMENTS which relate to YOUR answer.

(b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds as follows: 365

(a) Jail Profile Survey Early Release Recap 2003/2004/2005

(b) Lt. Vickie Stephens

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

(a) For each such program, describe the mission and/or purpose of the placement program.

(b) For each such program, identify what criteria are used to decide who may enter the program.

   (c) Identify all DOCUMENTS which relate to YOUR answer.

   (d) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds as follows:

Home Electronic Monitoring; Jail Work Program, Penal Code section 4024.2; Jail Work Program, Penal Code section 1208/1208(b).

(a) Each program is designed to allow low level/low risk offenders to live in their homes instead of the jail. This allows them contact with their children and spouses and gives them the ability to continue employment and provide for their families. Program participants attend court-ordered counseling sessions.

(b) Eligibility is based on the nature of offenses, criminal history, drug/alcohol history, mental health history, probation history, work history, and other data. Applicants must score 24 points or lower on the National Institute of Corrections Risk Assessment Survey Instrument.

(c) Amador County Office of Sheriff-Coroner – Home Electronic Monitoring – What Does It Take to Qualify for This Program?; Amador Sheriff's Office Home Electronic Monitoring H.E.M. Risk Assessment Instrument; Amador County Office of Sheriff-Coroner – Jail Work Program (4024 PC) worksheet; and Amador County Office of Sheriff-Coroner – Jail Work Program (1208/1208(b) PC) worksheet.

(d) Lt. Vickie Stephens

///

DATED: April 11, 2008

Respectfully submitted,
JONES & MAYER

By: ______________________
Ivy M. Tsai
Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants