# EXHIBIT U

```
 1  JONES & MAYER
    Martin J. Mayer (SB # 73890)
 2  Michael R. Capizzi (SB # 35864)
    Kimberly Hall Barlow (SB # 149902)
 3  Ivy M. Tsai (SB # 223168)
    3777 North Harbor Boulevard
 4  Fullerton, California 92835
    (714) 446-1400; Fax (714) 446-1448
 5  e-mail: mjm@jones-mayer.com
    e-mail: mrc@jones-mayer.com
 6  e-mail: khb@jones-mayer.com
    e-mail: imt@jones-mayer.com
 7
    Attorneys for Sheriff, Police Chief, and
 8  Chief Probation Intervenor-Defendants
```

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | [F.R.C.P. 24, 18 U.S.C. § 3626(a)(3)(F)] <br><br> Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **INTERVENOR-DEFENDANT BUTTE COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

| | |
|---|---|
| PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| RESPONDING PARTY: | Intervenor-Defendant, BUTTE COUNTY SHERIFF |
| SET NUMBER: | One (1) |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Butte County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

### Preliminary Statement and General Objections

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied

-2-

admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4.  To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5.  Intervenor-Defendant objects to each and every interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.  Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7.  Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a) State the name, date and case number of every case which resulted in any such limit(s).

1  **RESPONSE TO INTERROGATORY NO. 1:**

2  In addition to the General Objections stated above, Intervenor-Defendant objects
3  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the
4  extent that it seeks information not relevant to this litigation nor reasonably calculated to
5  lead to the discovery of admissible evidence.

6  Without waiving and subject to the objections, Intervenor-Defendant responds that
7  from January 1, 1995 until present, limits have been in place as a result of a stipulation
8  order in Floyd E. Jones et al. v. Hal Brooks, as the Sheriff of the County of Butte et al.
9  NO. 84429 December 23, 1985.

10 **INTERROGATORY NO. 2:**

11 In any instance, from January 1, 1995 until the present, in which any limit(s) have
12 been in place on the number of people that can be housed in any jail operated and/or
13 maintained by YOU, what mechanisms were used to comply with those limits?

14     (a)    Identify all DOCUMENTS which relate to YOUR answer.

15     (b)    Identify all PERSONS whom YOU believe or suspect have
16 information to support YOUR answer.

17 **RESPONSE TO INTERROGATORY NO. 2:**

18 In addition to the General Objections stated above, Intervenor-Defendant objects
19 to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the
20 extent that it seeks information not relevant to this litigation nor reasonably calculated to
21 lead to the discovery of admissible evidence.

22 Without waiving and subject to the objections, Intervenor-Defendant responds that
23 from January 1, 1995 until present, Butte County utilizes Accelerated Release, Cite and
24 Release, and Custody Alternative Programs.

25     (a)    Stipulation Order in Floyd E. Jones et al. v. Hal Brooks, as the Sheriff of
26 the County of Butte et al. 84429 December 23, 1985; Butte County Sheriff's Office
27 Corrections Division: *Jail Information Handbook*.

28     (b)    Captain Jerry Jones.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, 2,501 people have been release based on the population cap limits.

    (a)    Stipulation order in <u>Floyd E. Jones et al. v. Hal Brooks, as the Sheriff of the County of Butte et al.</u> 84429 December 23, 1985; computer printout titled Early Release Summary; Butte County Sheriff's Office Corrections Division: *Jail Information Handbook*.

    (b)    Captain Jerry Jones.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

    (a)    For each such program, describe the mission and/or purpose of the placement program.

    (b)    For each such program, identify what criteria are used to decide who may enter the program.

1       (c)     Identify all DOCUMENTS which relate to YOUR answer.

2       (d)     Identify all PERSONS whom YOU believe or suspect have
3   information to support YOUR answer.

4   **RESPONSE TO INTERROGATORY NO. 4:**

5       In addition to the General Objections stated above, Intervenor-Defendant objects
6   to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the
7   extent that it seeks information not relevant to this litigation nor reasonably calculated to
8   lead to the discovery of admissible evidence.

9       Without waiving and subject to the objections, Intervenor-Defendant responds that
10  from January 1, 1995 until present, Butte County utilizes Home Electronic Monitoring
11  and a Work Alternative Program.

12      (a)     Pursuant to Federal Rules of Civil Procedure 33 (d) see Stipulation Order in
13  *Floyd E. Jones et al. v. Hal Brooks, as the Sheriff of the County of Butte et al.* 84429
14  December 23, 1985, Board of Supervisors Resolution No. 84-184, and Butte County
15  Sheriff's Office Corrections Division: *Jail Information Handbook*, which are produced in
16  response to Plaintiff's First Request for Production of Documents. Pursuant to Federal
17  Rules of Civil Procedure 33 (d) see also Butte County Board of Supervisors Resolution
18  No. 84-184.

19      (b)     Pursuant to Federal Rules of Civil Procedure 33 (d) see Stipulation Order
20  in *Floyd E. Jones et al. v. Hal Brooks, as the Sheriff of the County of Butte et al.* 84429
21  December 23, 1985, Board of Supervisors Resolution No. 84-184, Butte County Sheriff's
22  Office Corrections Division: *Jail Information Handbook* which are produced in response
23  to Plaintiff's First Request for Production of Documents. Pursuant to Federal Rules of
24  Civil Procedure 33 (d) see also Butte County Board of Supervisors Resolution No. 84-
25  184.

26      (c)     Stipulation order in *Floyd E. Jones et al. v. Hal Brooks, as the Sheriff of the*
27  *County of Butte et al.* No. 84429 dated December 23, 1985; Butte County Sheriff's
28  Office Corrections Division: *Jail Information Handbook*; and Butte County Board of

```
1  Supervisors Resolution No. 84-184.
2      (d)    Captain Jerry Jones.
3
4
5
6  DATED:    April 11, 2008              Respectfully submitted,
                                          JONES & MAYER
7
8
                                          By: _____
9                                             Ivy M. Tsai
                                              Attorneys for Sheriff, Probation, Police
10                                            Chief, and Corrections Intervenor-
                                              Defendants
11
```