# EXHIBIT Y

1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Police Chief, and
8  Chief Probation Intervenor-Defendants

9

10         IN THE UNITED STATES DISTRICT COURTS

11         FOR THE EASTERN DISTRICT OF CALIFORNIA

12         AND THE NORTHERN DISTRICT OF CALIFORNIA

13   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,                Case No:  CIV S-90-0520 LKK JFM P

17             Plaintiffs,                **THREE-JUDGE COURT**

18      vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,

20             Defendants.

21

22                                        [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

23  MARCIANO PLATA, et al.,               Case No.:  C01-1351 TEH

24             Plaintiffs,                **THREE-JUDGE COURT**

25      vs.                               **INTERVENOR-DEFENDANT
                                          HUMBOLDT COUNTY SHERIFF'S
26  ARNOLD SCHWARZENEGGER, et             RESPONSES TO PLAINTIFFS' FIRST
    al.,                                  SET OF INTERROGATORIES**

27
               Defendants.
28

-1-

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| 2 | RESPONDING PARTY: | Intervenor-Defendant, HUMBOLDT COUNTY |
| 3 | | SHERIFF |
| 4 | SET NUMBER: | One (1) |

5  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

6  Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant

7  Humboldt County Sheriff separately and fully responds to Plaintiffs' First Set of

8  Interrogatories as follows:

9  ## Preliminary Statement and General Objections

10  1. Intervenor-Defendant has not completed investigation of the facts relating

11  to this case, has not completed discovery in this action and has not completed preparation

12  for trial. Therefore, these responses, while based on diligent factual exploration, reflect

13  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

14  regard to the matters about which inquiry has been made. Intervenor-Defendant reserves

15  the right to supplement these responses with subsequently obtained or discovered

16  information. With regard to each interrogatory, Intervenor-Defendant reserves the right,

17  notwithstanding these answers and responses, to employ at trial or in any pretrial

18  proceeding herein information subsequently obtained or discovered, information the

19  materiality of which is not presently ascertained, or information Intervenor-Defendant

20  does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

21  understands them.

22  2. These responses are made solely for the purpose of this action. Each

23  answer is subject to all objections as to competence, relevance, materiality, propriety,

24  admissibility, privacy, privilege, and any and all other objections that would require

25  exclusion of any statement contained herein if any such interrogatories were asked of, or

26  any statement contained herein if any such interrogatories were asked of, or any

27  statement contained herein were made by, a witness present and testifying in court, all of

28  which objections and grounds are reserved and may be interposed at the time of trial.

1    3.    Except for explicit facts admitted herein, no incidental or implied

2    admissions are intended hereby. Intervenor-Defendant's answers or objections to any

3    interrogatory are not an admission of any fact set forth or assumed by that interrogatory.

4    In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any

5    interrogatory is not a waiver of part or all of any objection he might make to that

6    interrogatory, or an admission that such answer or objection constitutes admissible

7    evidence. Intervenor-Defendant asserts these objections without waiving or intending to

8    waive any objections as to competency, relevancy, materiality or privilege.

9    4.    To the extent Intervenor-Defendant responds to these interrogatories, the

10   responses will not include information protected by the right of privacy. All objections

11   on the grounds of constitutional and common law privacy rights are expressly preserved.

12   5.    Intervenor-Defendant objects to each and every Interrogatory to the extent

13   that Plaintiffs are requesting information that is neither relevant to the subject matter of

14   this action nor reasonably calculated to lead to the discovery of admissible evidence.

15   6.    Intervenor-Defendant objects to the Interrogatories to the extent that they

16   are vague and ambiguous and do not include adequate definition, specificity, or limiting

17   factors.

18   7.    Intervenor-Defendant objects to the Definitions provided by Plaintiffs and

19   the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these

20   Interrogatories.

21   Subject to and without waiving the foregoing objections, and incorporating them

22   by reference into each of the responses provided below, Intervenor-Defendant hereby

23   responds as follows:

24   **INTERROGATORY NO. 1:**

25   From January 1, 1995 until the present, have any limit(s) been in place, as the

26   result of any lawsuit, on the number of people that can be housed in any jail operated

27   and/or maintained by YOU? If so:

28   (a)    State the name, date and case number of every case which resulted in

-3-

1  any such limit(s).

2  **RESPONSE TO INTERROGATORY NO. 1:**

3      In addition to the General Objections stated above, Intervenor-Defendant objects

4  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

5  extent that it seeks information not relevant to this litigation nor reasonably calculated to

6  lead to the discovery of admissible evidence.

7      Without waiving and subject to the objections, Intervenor-Defendant responds: In

8  re Inmates of Humboldt County Jail, No. 81205 and Consolidated Cases, Partial Ruling

9  on Writ of Habeas Corpus filed May 16, 1988.

10  **INTERROGATORY NO. 2:**

11      In any instance, from January 1, 1995 until the present, in which any limit(s) have

12  been in place on the number of people that can be housed in any jail operated and/or

13  maintained by YOU, what mechanisms were used to comply with those limits?

14          (a)     Identify all DOCUMENTS which relate to YOUR answer.

15          (b)     Identify all PERSONS whom YOU believe or suspect have

16  information to support YOUR answer.

17  **RESPONSE TO INTERROGATORY NO. 2:**

18      In addition to the General Objections stated above, Intervenor-Defendant objects

19  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

20  extent that it seeks information not relevant to this litigation nor reasonably calculated to

21  lead to the discovery of admissible evidence.

22      Without waiving and subject to the objections, Intervenor-Defendant responds:

23  Compliance with Special Matter Order re: Early Release of Inmates Who Complete

24  Certain Educational or Substance Abuse Classes at the Humboldt County Correctional

25  Facility; utilization of Penal Code section 4024.1 authorizing accelerated release to

26  County jail inmates due to inmate count exceeding bed capacity; Jail Booking Matrix

27  (a) Special Matter Order re: Early Release of Inmates Who Complete Certain

28      Educational or Substance Abuse Classes at the Humboldt County Correctional

INTERVENOR-DEFENDANT HUMBOLDT COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    Facility; Penal Code section 4024.1, Jail Booking Matrix

2    (b) Captain Melinda Ciarabellini; Captain Ed Wilkinson; Jail Compliance Officer

3    Karen Lovie; Deputy County Counsel Karen Roebuck

4    **INTERROGATORY NO. 3**:

5    From January 1, 1995 until present, how many people have had their releases from

6    any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

7    on the number of people that can be housed in that jail?

8    (a)    Identify all DOCUMENTS which relate to YOUR answer.

9    (b)    Identify all PERSONS whom YOU believe or suspect have

10    information to support YOUR answer.

11    **RESPONSE TO INTERROGATORY NO. 3**:

12    In addition to the General Objections stated above, Intervenor-Defendant objects

13    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

14    extent that it seeks information not relevant to this litigation nor reasonably calculated to

15    lead to the discovery of admissible evidence.

16    Without waiving and subject to the objections, Intervenor-Defendant responds:

17    263 inmates released pursuant to Penal Code section 4024.1 from 2004 to August

18    2007.

19    (a) Electronic data

20    (b) Jail Compliance Officer Karen Lovie

21    **INTERROGATORY NO. 4**:

22    What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

23    January 1, 1995 until present, in any county in which YOU operate and/or maintain a

24    jail?

25    (a)    For each such program, describe the mission and/or purpose of the

26    placement program.

27    (b)    For each such program, identify what criteria are used to decide who

28    may enter the program.

-5-

1          (c)    Identify all DOCUMENTS which relate to YOUR answer.

2          (d)    Identify all PERSONS whom YOU believe or suspect have

3   information to support YOUR answer.

4   **RESPONSE TO INTERROGATORY NO. 4:**

5       In addition to the General Objections stated above, Intervenor-Defendant objects

6   to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

7   extent that it seeks information not relevant to this litigation nor reasonably calculated to

8   lead to the discovery of admissible evidence.

9       Without waiving and subject to the objections, Intervenor-Defendant responds:

10  (a) County Parole – A voluntary program authorized by the Penal Code beginning

11      with Section 3074 whereby qualified inmates may be considered for release from

12      jail to serve the remainder of their sentence in home detention, which may include

13      electronic monitoring, drug testing and other conditions imposed by the County

14      Board of Parole Commissioners and under the supervision of the County

15      Probation Department.

16         School or Work Furlough – A voluntary program authorized under Penal

17      Code section 1208 whereby persons committed to the Humboldt County

18      Correctional Facility maintain employment or education by serving their sentence

19      on Home Detention, which may include electronic monitoring and drug testing, as

20      required under the terms and supervision of the County Probation Department.

21         SWAP (Sheriff's Work Alternative Program) – A voluntary work release

22      program authorized by Penal Code section 4024.2 whereby qualified persons

23      committed to the Humboldt County Correctional Facility remain out of custody

24      and report on a scheduled basis to a work crew or fixed work site. These persons

25      may perform manual labor under the supervision of a correctional officer or other

26      authorized supervisor.

27  (b) See response to (a) above.

28  (c) Humboldt County Correctional Facility Policy and Procedure M-011 Alternatives

-6-

1       to Incarceration

2       (d) Correctional Supervisor Robert Peterson; Captain Melinda Ciarabellini; Captain

3       Ed Wilkinson

4    DATED:     April 11, 2008                  Respectfully submitted,
                                                JONES & MAYER
5

6
                                                By: _____
7                                                   Ivy M. Tsai
                                                    Attorneys for Sheriff, Probation, Police
8                                                   Chief, and Corrections Intervenor-
                                                    Defendants
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28