# EXHIBIT Z

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Police Chief, and
Chief Probation Intervenor-Defendants

**RECEIVED**

MAY 0 8 2008

Rosen, Bien & Galvan

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No: CIV S-90-0520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]<br><br>Case No.: C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**INTERVENOR-DEFENDANT INYO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

| | |
|---|---|
| PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| RESPONDING PARTY: | Intervenor-Defendant, INYO COUNTY SHERIFF |
| SET NUMBER: | One (1) |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Inyo County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

### Preliminary Statement and General Objections

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied

1  admissions are intended hereby. Intervenor-Defendant's answers or objections to any
2  interrogatory are not an admission of any fact set forth or assumed by that interrogatory.
3  In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any
4  interrogatory is not a waiver of part or all of any objection he might make to that
5  interrogatory, or an admission that such answer or objection constitutes admissible
6  evidence. Intervenor-Defendant asserts these objections without waiving or intending to
7  waive any objections as to competency, relevancy, materiality or privilege.

   4.  To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

   5.  Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

   6.  Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

   7.  Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

   Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

   (a)  State the name, date and case number of every case which resulted in any such limit(s).

-3-
INTERVENOR-DEFENDANT INYO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, no limits have been in place on the number of people that can be housed in any jail operated and/or maintained by Intervenor-Defendant as the result of a lawsuit.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that the jail sergeant monitors the daily inmate population and submits requests for the early release of inmates to the court pursuant to Penal Code sections 4024 *et seq.* in order to comply with its Board-rated capacity.

(a) Penal Code sections 4024 *et seq.*, accelerated release form and Section 4024.2 work release application and petition.

(b)    Lieutenant Randy Geiger, Undersheriff John Eropkin and Sergeant Paul Bedell.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

  (a) Identify all DOCUMENTS which relate to YOUR answer.

  (b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds: Approximately 134.

(a) Booking/release reports, jail ledgers, logs and available Section 4024 applications.

(b) Lieutenant Geiger and Sergeant Bedell.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

  (a) For each such program, describe the mission and/or purpose of the placement program.

  (b) For each such program, identify what criteria are used to decide who may enter the program.

  (c) Identify all DOCUMENTS which relate to YOUR answer.

  (d) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

///

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds: The "Work Release Alternative Program" was implemented in 2008 and is the first program of this nature to be used in Inyo County.

(a) The program was introduced to offer non-violent, low risk persons an alternative to a jail commitment and keep the average daily inmate population at or below the designed bed capacity.

(b) (1) An individual must be able to follow the conditions, restrictions and rules of the Program.

(2) An individual must be sentenced to confinement in the Inyo County Jail on all arrest warrants and have no outstanding criminal charges or holds.

3) The facts of the committed offense will be evaluated during the review of the application. Past criminal history will also be considered. Placement in the program may be denied if the investigation discloses that individuals have been convicted of, have admitted to, or have a history of any of the following:

  i. Sex crimes(s) against minor(s)
  ii. Felony and misdemeanor sex crime(s)
  iii. Arson
  iv. Acts of violence against police or emergency personnel
  v. Violent felony crimes per PC 667.5(c)
  vi. Violent misdemeanor crimes
  vii. Stalking crime(s)
  viii. Manufacturing of illegal drugs
  ix. Sales of illegal drugs or possession of large quantities of illegal

|   |   |       |                                              |
|---|---|-------|----------------------------------------------|
| 1 |   |       | drugs                                        |
| 2 |   | x.    | Addiction to drugs/alcohol                   |
| 3 |   | xi.   | Failure to appear in court                   |
| 4 |   | xii.  | Mental health problems                       |
| 5 |   | xiii. | Serious medical problems                     |
| 6 |   | xiv.  | Prior escape from jail or prison             |
| 7 |   | xv.   | History of rule violations while in custody  |

(c) Policy and procedure booklet; application and instructions; Notice to Appear (Penal Code sections 4024.2 & 4024.3 Court Referral).

(d) Undersheriff John Eropkin, Lt. Jim Jones, Lt. Randy Geiger, Sergeant Keith Hardcastle and Carma Roper, Administrative Analyst.

DATED: May 2, 2008

Respectfully submitted,
JONES & MAYER

By: _____
Ivy M. Tsai
Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants