# EXHIBIT AA

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Police Chief, and Chief Probation Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

RALPH COLEMAN, et al.,

Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

Case No: CIV S-90-0520 LKK JFM P

**THREE-JUDGE COURT**

[F.R.C.P 24; 18 U.S.C. § 3626(a)(3)(F)]

MARCIANO PLATA, et al.,

Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

Case No.: C01-1351 TEH

**THREE-JUDGE COURT**

**INTERVENOR-DEFENDANT KERN COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTIES: Plaintiffs, MARCIANO PLATA, et al.
RESPONDING PARTY: Intervenor-Defendant, KERN COUNTY SHERIFF
SET NUMBER: One (1)

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Kern County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

**Preliminary Statement and General Objections**

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied

admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4. To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5. Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7. Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a) State the name, date and case number of every case which resulted in any such limit(s).

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, limits have been in place on the number of people that can be housed in Kern County jails operated and/or maintained by Intervenor-Defendant as a result of Anderson, et al. v. County of Kern, et al., Case No. CIV F900205 JFM P dated October 1992.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

(a) Identify all DOCUMENTS which relate to YOUR answer.

(b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, as a result of Anderson, et al. v. County of Kern, et al., Case No. CIV F900205 JFM P dated October 1992 Intervenor-Defendant may release inmates when total prison population reaches 90% capacity and he shall release inmates when the total population reaches 100% capacity. The County utilizes a classification system to identify which inmates are to be released when the percentages are met.

(a) *Detentions Bureau Policy and Procedures Manual: Section K-320 – Inmate Population Management; Detentions Bureau Policy and Procedures Manual: Release Citation – Misdemeanor Charges;* and *Classification Training Objectives: Lerdo Support Services, Classification Unit.*

(b) Sergeant Greg Gonzales.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

(a) Identify all DOCUMENTS which relate to YOUR answer.

(b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, 47,065 inmates have had their release accelerated as a result of limits placed on the number of people that can be housed in Kern County jails.

(a) Records recorded in Kern County's Criminal Justice Information System, a computerized inmate management system.

(b) Dennis Martin.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

(a) For each such program, describe the mission and/or purpose of the

placement program.

(b) For each such program, identify what criteria are used to decide who may enter the program.

(c) Identify all DOCUMENTS which relate to YOUR answer.

(d) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Kern County utilizes a Electronic Monitoring Program.

(a) This program, operated by Kern County Probation Department, offers an Electronic Monitoring Program that may allow persons to live at home and work at their place of employment while receiving credit for Court ordered incarceration as part of their sentence.

(b) The program is limited to minimum security or low-risk offenders committed to the County Jail or granted probation. All minimum security and low risk offenders in the custody of the Intervenor-Defendant are eleigle to apply for Electronic Monitoring Program if they have less than one year but more than ten days of their sentence to serve. The applicant must reside in Kern County and have a working telephone.

(c) All documents relating to this program are maintained by the Kern County Probation Department.

(d) Kern County Probation Department.

Without waiving and subject to the objections, Intervenor-Defendant responds that

from January 1, 1995 until present, Kern County utilizes a Sheriff's Parole.

(a) In accordance with Penal Code section 3074 through 3089, sentenced inmates remanded to the Kern County Jail may be eligible for County Parole. The purpose of which is the successful reintegration of the offender into society and to positive citizenship.

(b) All county sentenced inmates are eligible unless they are serving time for escape, failure of another program, been a significant disciplinary problem or have an out of county USBP or state parole hold. Inmates must have completed 20% of their sentence and finished any court ordered classes.

(c) *Detentions Bureau Policy and Procedures Manual: Section L-100 – County Parole;* Memorandum dated February 2, 2005 titled *County Parole Summary.*

(d) Sergeant Kelli Lewis.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Kern County utilizes a Work Release Program.

(a) On 8/18/87 the Kern County Board of Supervisors created the Sheriff's Work Release Program under statute authority of Penal Code section 4024.2. The program was established to promote the successful reintegration of offenders into society, and reduce jail population, by providing a work program. This benefits the community by providing labor to government agencies. Additionally, the program provides the Intervenor-Defendant with an alternative to incarceration. This in turn assists in reducing the jail population.

(b) Inmates are eligible for the program through either Court Referral or Release from Custody. The criteria for Court Referral includes ability to perform manual labor, able to provide own transportation, and no mental or physical health history that indicates applicant may be unsuitable.

The criteria Release from Custody includes that the applicant must have served 10% of their sentence in custody, be within 150 days of release, completed all court ordered classes, cannot have lost 15 days or more of good time or been a significant

disciplinary problem, and mental and physical health history indicates applicant is suitable.

(c) *Work Release Policy and Procedure Manual: Section A-100 – Program Authority and Organization; Work Release Policy and Procedure Manual: Section B-100 – Eligibility Criteria.*

(d) Sergeant Kelli Lewis.

DATED: April 11, 2008

Respectfully submitted,
JONES & MAYER

By: ______________________
Ivy M. Tsai
Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants