**EXHIBIT DD**

1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Police Chief, and
8  Chief Probation Intervenor-Defendants

RECEIVED

MAY 2 9 2008

Rosen, Bien & Galvan

9

10          IN THE UNITED STATES DISTRICT COURTS

11         FOR THE EASTERN DISTRICT OF CALIFORNIA

12        AND THE NORTHERN DISTRICT OF CALIFORNIA

13   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,                 Case No:  CIV S-90-0520 LKK JFM P

17          Plaintiffs,                    **THREE-JUDGE COURT**

18      vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,

20          Defendants.

21
                                           [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]
22
                                           Case No.:  C01-1351 TEH
23  MARCIANO PLATA, et al.,
                                           **THREE-JUDGE COURT**
24          Plaintiffs,
                                           **INTERVENOR-DEFENDANT ORANGE
25      vs.                                COUNTY SHERIFF'S RESPONSES TO
                                           PLAINTIFFS' FIRST SET OF
26  ARNOLD SCHWARZENEGGER, et              INTERROGATORIES**
    al.,
27
            Defendants.
28

-1-

1   PROPOUNDING PARTIES:      Plaintiffs, MARCIANO PLATA, et al.

2   RESPONDING PARTY:         Intervenor-Defendant, ORANGE COUNTY SHERIFF

3   SET NUMBER:               One (1)

4        TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

5        Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant

6   Orange County Sheriff separately and fully responds to Plaintiffs' First Set of

7   Interrogatories as follows:

8                  **Preliminary Statement and General Objections**

9        1.    Intervenor-Defendant has not completed investigation of the facts relating

10  to this case, has not completed discovery in this action and has not completed preparation

11  for trial.  Therefore, these responses, while based on diligent factual exploration, reflect

12  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

13  regard to the matters about which inquiry has been made.  Intervenor-Defendant reserves

14  the right to supplement these responses with subsequently obtained or discovered

15  information.  With regard to each interrogatory, Intervenor-Defendant reserves the right,

16  notwithstanding these answers and responses, to employ at trial or in any pretrial

17  proceeding herein information subsequently obtained or discovered, information the

18  materiality of which is not presently ascertained, or information Intervenor-Defendant

19  does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

20  understands them.

21       2.    These responses are made solely for the purpose of this action.  Each

22  answer is subject to all objections as to competence, relevance, materiality, propriety,

23  admissibility, privacy, privilege, and any and all other objections that would require

24  exclusion of any statement contained herein if any such interrogatories were asked of, or

25  any statement contained herein if any such interrogatories were asked of, or any

26  statement contained herein were made by, a witness present and testifying in court, all of

27  which objections and grounds are reserved and may be interposed at the time of trial.

28       3.    Except for explicit facts admitted herein, no incidental or implied

1    admissions are intended hereby.  Intervenor-Defendant's answers or objections to any

2    interrogatory are not an admission of any fact set forth or assumed by that interrogatory.

3    In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any

4    interrogatory is not a waiver of part or all of any objection he might make to that

5    interrogatory, or an admission that such answer or objection constitutes admissible

6    evidence.  Intervenor-Defendant asserts these objections without waiving or intending to

7    waive any objections as to competency, relevancy, materiality or privilege.

8         4.    To the extent Intervenor-Defendant responds to these interrogatories, the

9    responses will not include information protected by the right of privacy.  All objections

10   on the grounds of constitutional and common law privacy rights are expressly preserved.

11        5.    Intervenor-Defendant objects to each and every Interrogatory to the extent

12   that Plaintiffs are requesting information that is neither relevant to the subject matter of

13   this action nor reasonably calculated to lead to the discovery of admissible evidence.

14        6.    Intervenor-Defendant objects to the Interrogatories to the extent that they

15   are vague and ambiguous and do not include adequate definition, specificity, or limiting

16   factors.

17        7.    Intervenor-Defendant objects to the Definitions provided by Plaintiffs and

18   the term "PERSON."  The definition is vague, ambiguous, and overbroad as used in these

19   Interrogatories.

20        Subject to and without waiving the foregoing objections, and incorporating them

21   by reference into each of the responses provided below, Intervenor-Defendant hereby

22   responds as follows:

23   **INTERROGATORY NO. 1**:

24        From January 1, 1995 until the present, have any limit(s) been in place, as the

25   result of any lawsuit, on the number of people that can be housed in any jail operated

26   and/or maintained by YOU?  If so:

27             (a)    State the name, date and case number of every case which resulted in

28   any such limit(s).

INTERVENOR-DEFENDANT ORANGE COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    **RESPONSE TO INTERROGATORY NO. 1**:

2        In addition to the General Objections stated above, Intervenor-Defendant objects

3    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

4    extent that it seeks information not relevant to this litigation nor reasonably calculated to

5    lead to the discovery of admissible evidence.

6        Without waiving and subject to the objections, Intervenor-Defendant responds as

7    follows:

8        Yes.  Stewart v. Gates, No. CV 75-3075-WPG, May 3, 1978.

9    **INTERROGATORY NO. 2**:

10        In any instance, from January 1, 1995 until the present, in which any limit(s) have

11    been in place on the number of people that can be housed in any jail operated and/or

12    maintained by YOU, what mechanisms were used to comply with those limits?

13        (a)    Identify all DOCUMENTS which relate to YOUR answer.

14        (b)    Identify all PERSONS whom YOU believe or suspect have

15    information to support YOUR answer.

16    **RESPONSE TO INTERROGATORY NO. 2**:

17        In addition to the General Objections stated above, Intervenor-Defendant objects

18    to this interrogatory on the grounds that it is vague, ambiguous and overbroad in that it

19    fails to state with reasonable particularity the information being requested and seeks

20    information not relevant to this litigation nor reasonably calculated to lead to the

21    discovery of admissible evidence.

22    **INTERROGATORY NO. 3**:

23        From January 1, 1995 until present, how many people have had their releases from

24    any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

25    on the number of people that can be housed in that jail?

26        (a)    Identify all DOCUMENTS which relate to YOUR answer.

27        (b)    Identify all PERSONS whom YOU believe or suspect have

28    information to support YOUR answer.

1    **RESPONSE TO INTERROGATORY NO. 3:**

2        In addition to the General Objections stated above, Intervenor-Defendant objects

3 to this interrogatory on the grounds that it is vague, ambiguous and overbroad in that it

4 fails to state with reasonable particularity the information being requested and seeks

5 information not relevant to this litigation nor reasonably calculated to lead to the

6 discovery of admissible evidence.

7    **INTERROGATORY NO. 4:**

8        What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

9 January 1, 1995 until present, in any county in which YOU operate and/or maintain a

10 jail?

11        (a)     For each such program, describe the mission and/or purpose of the

12 placement program.

13        (b)     For each such program, identify what criteria are used to decide who

14 may enter the program.

15        (c)     Identify all DOCUMENTS which relate to YOUR answer.

16        (d)     Identify all PERSONS whom YOU believe or suspect have

17 information to support YOUR answer.

18    **RESPONSE TO INTERROGATORY NO. 4:**

19        In addition to the General Objections stated above, Intervenor-Defendant objects

20 to this interrogatory on the grounds that it is vague, ambiguous and overbroad in that it

21 fails to state with reasonable particularity the information being requested and seeks

22 information not relevant to this litigation nor reasonably calculated to lead to the

23 discovery of admissible evidence.

24 DATED:   May 27, 2008        Respectfully submitted,

25                        JONES & MAYER

26                        By:

27                        Ivy M. Tsai

                         Attorneys for Sheriff, Probation, Police

28                        Chief, and Corrections Intervenor-

                       Defendants

**EXHIBIT EE**

1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Police Chief, and
8  Chief Probation Intervenor-Defendants

9

10            IN THE UNITED STATES DISTRICT COURTS

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND THE NORTHERN DISTRICT OF CALIFORNIA

13    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,              Case No:  CIV S-90-0520 LKK JFM P

17            Plaintiffs,               **THREE-JUDGE COURT**

18        vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,
20            Defendants.

21

22                                      [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

23  MARCIANO PLATA, et al.,             Case No.·  C01-1351 TEH

24            Plaintiffs,               **THREE-JUDGE COURT**

25        vs.                           **INTERVENOR-DEFENDANT PLACER
                                        COUNTY SHERIFF'S RESPONSES TO
26  ARNOLD SCHWARZENEGGER, et           PLAINTIFFS' FIRST SET OF
    al.,                                REQUESTS FOR PRODUCTION OF
27                                      DOCUMENTS**
              Defendants.
28
                                   -1-
    INTERVENOR-DEFENDANT PLACER COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
                                   PRODUCTION OF DOCUMENTS

1  PROPOUNDING PARTIES:     Plaintiffs, MARCIANO PLATA, et al.

2  RESPONDING PARTY:     Intervenor-Defendant, PLACER COUNTY SHERIFF

3  SET NUMBER:     One (1)

4      TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

5      Pursuant to Federal Rules of Civil Procedure Rule 34, Intervenor-Defendant

6  Placer County Sheriff separately and fully responds to Plaintiffs' First Requests for

7  Production of Documents as follows:

8                          **GENERAL OBJECTIONS**

9      1.     Intervenor-Defendant has not completed investigation of the facts relating

10  to this case, has not completed discovery in this action and has not completed preparation

11  for trial.  Therefore, these responses, while based on diligent factual exploration, reflect

12  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

13  regard to the documents which have been requested.  Intervenor-Defendant reserves the

14  right to supplement these responses with subsequently discovered documents.  With

15  regard to each Request for Production, Intervenor-Defendant reserves the right,

16  notwithstanding the production of these documents, to produce at trial or in any pretrial

17  proceeding herein documents subsequently discovered, documents the materiality of

18  which is not presently ascertained, or documents Intervenor-Defendant does not regard as

19  coming within the scope of the Request for Production of Documents as Intervenor-

20  Defendant understands them.

21      2.     These documents are produced solely for the purpose of this action.  Each

22  document is subject to all objections as to competence, relevance, materiality, propriety,

23  admissibility, privacy, privilege, and any and all other objections that would require

24  exclusion if any such document were produced by a witness present and testifying in

25  court, all of which objections and grounds are reserved and may be interposed at the time

26  of trial.

27      3.     To the extent Intervenor-Defendant responds to these Requests for

28

-2-

INTERVENOR-DEFENDANT PLACER COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1    Production of Documents, the responses will not include information protected by the

2    right of privacy.  All objections on the grounds of constitutional and common law privacy

3    rights are expressly preserved.

4         4.    Intervenor-Defendant objects to each and every Request for Production of

5    Documents to the extent that Plaintiffs are requesting information that is neither relevant

6    to the subject matter of this action nor reasonably calculated to lead to the discovery of

7    admissible evidence.

8         5.    Intervenor-Defendant objects to the Request for Production of Documents

9    to the extent that they are vague and ambiguous and do not include adequate definition,

10   specificity, or limiting factors.

11        Subject to and without waiving the foregoing objections, and incorporating them

12   by reference into each of the responses provided below, Intervenor-Defendant hereby

13   responds as follows:

14                    **INTERVENOR-DEFENDANT'S RESPONSES**

15   **REQUEST FOR PRODUCTION NO. 1:**

16        Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that

17   REFERENCE or RELATE TO any limits, placed as the result of any lawsuit (including

18   any lawsuit filed prior to the RELEVANT TIME PERIOD), on the number of people that

19   can be housed in any jail operated and/or maintained by any Sheriff Intervenor-

20   Defendant.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO 1:**

22        In addition to the General Objections stated above, Intervenor-Defendant objects

23   to this Request for Production of Documents on the grounds that it is vague, ambiguous

24   and overbroad; to the extent that it seeks information not relevant to this litigation nor

25   reasonably calculated to lead to the discovery of admissible evidence.

26        Without waiving and subject to the objections, Intervenor-Defendant will produce

27   the requested documents.  See Michael Harris, et al., v County of Placer, et al. Case No.

28

-3-

1   CIVS 90-394 LKK-JFM, (Bates-stamped 000000-000017).

2   **REQUEST FOR PRODUCTION NO. 2:**

3       Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that

4   REFERENCE or RELATE TO any impact on public safety as a result of any limits,

5   placed as a result of any lawsuit and/or court order, on the number of people that can be

6   housed in any jail operated and/or maintained by any Sheriff Intervenor-Defendant.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO 2:**

8       In addition to the General Objections stated above, Intervenor-Defendant objects

9   to this Request for Production of Documents on the grounds that it is vague, ambiguous

10  and overbroad; to the extent that it seeks information not relevant to this litigation nor

11  reasonably calculated to lead to the discovery of admissible evidence.

12      Without waiving and subject to the objections, Intervenor-Defendant will produce

13  the requested documents.  See Final R.E.W.A.R.D. Grant Application, 6/18/97 (000018-

14  000061); Violent Offender Incarceration Grant, 10/21/97 (000124-000251); Adult

15  Detention Facility Construction Grant Application: Housing Unit Four, 3/11/99 (000314-

16  000349); Report to the Grand Jury, 1/21/97 (000379-000403); Corrections Division 1996

17  Year End Report, 1/31/97 (000404-000419); Criminal Justice Master Plan:

18  Recommendations, 2/9/98  (000420-000432); Placer County DUI Symposium: Statistical

19  Summaries. 4/24/06 (000433-000434); REALITIES (Program Proposal) (000492-

20  000502); Providing Contract Services, Roseville Police Department Jail: Sentenced

21  Prisoner Program, 2007 (000503-000506); Supplemental Budget Request, 2/28/05

22  (000642-000647); Inmate Needs and Assessment Survey, 1998 (000648-000701); Mark

23  Morris Associates, background papers, 9/23/97 (000702-000717).

24  **REQUEST FOR PRODUCTION NO. 3:**

25      Any and all policies and procedures developed during the RELEVANT TIME

26  PERIOD that RELATE TO any limits, placed as the result of any lawsuit (including any

27  lawsuit filed prior to the RELEVANT TIME PERIOD), on the number of people that can

28

-4-

1  be housed in any jail operated and/or maintained by any Sheriff Intervenor-Defendant.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO 3:**

3      In addition to the General Objections stated above, Intervenor-Defendant objects

4  to this Request for Production of Documents on the grounds that it is vague, ambiguous

5  and overbroad; to the extent that it seeks information not relevant to this litigation nor

6  reasonably calculated to lead to the discovery of admissible evidence.

7      Without waiving and subject to the objections, Intervenor-Defendant will produce

8  the requested documents.  See Policy 2-1: Corrections Commander, Policy 2-7:

9  Classification, Policy 3-7: Inmate Release, Policy 6-9: County Parole Program, BOC

10  Letter authorizing use of additional beds, 4/19/1999.  These documents are Bates-

11  stamped 000718-000743 and 000490-000491.

12  **REQUEST FOR PRODUCTION NO. 4:**

13      Any and all DOCUMENTS created during the RELEVANT TIME PERIOD that

14  REFERENCE or RELATE TO any method for determining the release of prisoners in

15  any of the counties in which any Sheriff Intervenor-Defendant operates and/or maintains

16  a jail, INCLUDING any classification scheme.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO 4:**

18      In addition to the General Objections stated above, Intervenor-Defendant objects

19  to this Request for Production of Documents on the grounds that it is vague, ambiguous

20  and overbroad; to the extent that it seeks information not relevant to this litigation nor

21  reasonably calculated to lead to the discovery of admissible evidence.

22      Without waiving and subject to the objections, Intervenor-Defendant will produce

23  the requested documents.  See Trends and Comparisons by Mark Morris, 2003 (000360-

24  000378); Order of Release  (000435-000435); Classification Manual, Captain Keyes

25  (000436-000455); Inmate Classification Manual, Captain Reader (000456-000469); Own

26  Recognizance Report (000470-000470); Classification Interview Questions and Decision

27  Tree (000471-000473); Classification Unit Manual, Captain FitzGerald (note: numbered

28

1  by accident in reverse order; 000489 is page one of this document) (000474-000489);

2  Request for Technical Assistance for Discharge Planning Policies and Implementation (to

3  US Dept of Housing and Urban Development), 10/10/06 (000507-000614); Substance

4  Abuse Program Overview, and Misc. papers, 3/2/07 (000615-000641).

5  **REQUEST FOR PRODUCTION NO. 5:**

6      Any and all DOCUMENT created during the RELEVANT TIME PERIOD that

7  REFERENCE or RELATE TO any programs implemented to reduce the number of

8  mentally ill people in any jail operated and/or maintained by any Sheriff Intervenor-

9  Defendant.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO 5:**

11      In addition to the General Objections stated above, Intervenor-Defendant objects

12  to this Request for Production of Documents on the grounds that it is vague, ambiguous

13  and overbroad; to the extent that it seeks information not relevant to this litigation nor

14  reasonably calculated to lead to the discovery of admissible evidence.

15      Without waiving and subject to the objections, Intervenor-Defendant will produce

16  the requested documents.  See Mentally Ill Offender Crime Reduction Grant Application,

17  3/4/99 (000062-000093); Mentally Ill Offender Crime Reduction Grant Application,

18  11/6/06 (000094-000123); Mentally Ill Offender Crime Local Plan Model, Placer County

19  CARE Program, March 1999 (000252-000313).

20  DATED:    April 11, 2008            Respectfully submitted,
                                        JONES & MAYER

21

22

23                          By: _____
                                 Ivy M. Tsai
24                               Attorneys for Sheriff, Probation, Police
                                 Chief, and Corrections Intervenor-
25                               Defendants

26

27

28

-6-