# EXHIBIT FF

1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Police Chief, and
8  Chief Probation Intervenor-Defendants

9

10              IN THE UNITED STATES DISTRICT COURTS

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND THE NORTHERN DISTRICT OF CALIFORNIA

13    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14      PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15
   RALPH COLEMAN, et al.,              Case No:  CIV S-90-0520 LKK JFM P
16
            Plaintiffs,                **THREE-JUDGE COURT**
17
        vs.
18
   ARNOLD SCHWARZENEGGER, et
19 al.,
20          Defendants.
21
                                       [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]
22
23 MARCIANO PLATA, et al.,             Case No.:  C01-1351 TEH

24          Plaintiffs,                **THREE-JUDGE COURT**

25      vs.                            **INTERVENOR-DEFENDANT SAN
                                       BENITO COUNTY SHERIFF'S
26 ARNOLD SCHWARZENEGGER, et           RESPONSES TO PLAINTIFFS' FIRST
   al.,                                SET OF INTERROGATORIES**
27
            Defendants.
28

-1-

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| 2 | RESPONDING PARTY: | Intervenor-Defendant, SAN BENITO COUNTY |
| 3 | | SHERIFF |
| 4 | SET NUMBER: | One (1) |

5    TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

6    Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant San

7    Benito County Sheriff separately and fully responds to Plaintiffs' First Set of

8    Interrogatories as follows:

9    **Preliminary Statement and General Objections**

10    1.    Intervenor-Defendant has not completed investigation of the facts relating

11    to this case, has not completed discovery in this action and has not completed preparation

12    for trial. Therefore, these responses, while based on diligent factual exploration, reflect

13    only Intervenor-Defendant's current state of knowledge, understanding, and belief with

14    regard to the matters about which inquiry has been made. Intervenor-Defendant reserves

15    the right to supplement these responses with subsequently obtained or discovered

16    information. With regard to each interrogatory, Intervenor-Defendant reserves the right,

17    notwithstanding these answers and responses, to employ at trial or in any pretrial

18    proceeding herein information subsequently obtained or discovered, information the

19    materiality of which is not presently ascertained, or information Intervenor-Defendant

20    does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

21    understands them.

22    2.    These responses are made solely for the purpose of this action. Each

23    answer is subject to all objections as to competence, relevance, materiality, propriety,

24    admissibility, privacy, privilege, and any and all other objections that would require

25    exclusion of any statement contained herein if any such interrogatories were asked of, or

26    any statement contained herein if any such interrogatories were asked of, or any

27    statement contained herein were made by, a witness present and testifying in court, all of

28    which objections and grounds are reserved and may be interposed at the time of trial.

3.    Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4.    To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5.    Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7.    Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a)    State the name, date and case number of every case which resulted in

-3-

1  any such limit(s).

2  **RESPONSE TO INTERROGATORY NO. 1:**

3      In addition to the General Objections stated above, Intervenor-Defendant objects

4  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

5  extent that it seeks information not relevant to this litigation nor reasonably calculated to

6  lead to the discovery of admissible evidence.

7      Without waiving and subject to the objections, Intervenor-Defendant responds that

8  from January 1, 1995 until present, no limits have been in place on the number of people

9  that can be housed in any jail operated and/or maintained by Intervenor-Defendant.

10  **INTERROGATORY NO. 2:**

11      In any instance, from January 1, 1995 until the present, in which any limit(s) have

12  been in place on the number of people that can be housed in any jail operated and/or

13  maintained by YOU, what mechanisms were used to comply with those limits?

14          (a)    Identify all DOCUMENTS which relate to YOUR answer.

15          (b)    Identify all PERSONS whom YOU believe or suspect have

16  information to support YOUR answer.

17  **RESPONSE TO INTERROGATORY NO. 2:**

18      In addition to the General Objections stated above, Intervenor-Defendant objects

19  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

20  extent that it seeks information not relevant to this litigation nor reasonably calculated to

21  lead to the discovery of admissible evidence.

22      Without waiving and subject to the objections, Intervenor-Defendant responds that

23  from January 1, 1995 until present, the San Benito jail is mandated by the Corrections

24  Standards Authority to maintain a board rated capacity of 142 inmates.

25      (a)    Synopsis of the Biannual Board of Corrections review dated February 4,

26  2008 and the San Benito County Jail Manual (Revision 2002) section 317.

27      (b)    Barbara Fenton.

28

INTERVENOR-DEFENDANT SAN BENITO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  **INTERROGATORY NO. 3**:

2      From January 1, 1995 until present, how many people have had their releases from

3  any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

4  on the number of people that can be housed in that jail?

5          (a)    Identify all DOCUMENTS which relate to YOUR answer.

6          (b)    Identify all PERSONS whom YOU believe or suspect have

7  information to support YOUR answer.

8  **RESPONSE TO INTERROGATORY NO. 3**:

9      In addition to the General Objections stated above, Intervenor-Defendant objects

10 to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

11 extent that it seeks information not relevant to this litigation nor reasonably calculated to

12 lead to the discovery of admissible evidence.

13     Without waiving and subject to the objections, Intervenor-Defendant responds that

14 from January 1, 1995 until present, 1620 inmates have had their release accelerated as a

15 result of exceeding the board rated capacity.

16     (a)    Synopsis of the CSA Monthly Jail Profile Survey.

17     (b)    Peg Symonik.

18 **INTERROGATORY NO. 4**:

19     What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

20 January 1, 1995 until present, in any county in which YOU operate and/or maintain a

21 jail?

22          (a)    For each such program, describe the mission and/or purpose of the

23 placement program.

24          (b)    For each such program, identify what criteria are used to decide who

25 may enter the program.

26          (c)    Identify all DOCUMENTS which relate to YOUR answer.

27          (d)    Identify all PERSONS whom YOU believe or suspect have

28 information to support YOUR answer.

1   **RESPONSE TO INTERROGATORY NO. 4**:

2        In addition to the General Objections stated above, Intervenor-Defendant objects

3   to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

4   extent that it seeks information not relevant to this litigation nor reasonably calculated to

5   lead to the discovery of admissible evidence.

6        Without waiving and subject to the objections, Intervenor-Defendant responds that

7   from January 1, 1995 until present, the county has utilized a Work Alternative Program.

8        (a)    The Work Alternative Program allows inmates to complete their

9   commitment outside the jail facility.

10       (b)    Participants pay for the administrative costs of the program.  Eligibility

11  requirements include a maximum 30 day sentence, recommendation by the sentencing

12  court, and a misdemeanor conviction.

13       (c)    San Benito County Sheriff's Office Jail Manual section 725.

14       (d)    Lieutenant Edward Escamilla.

15

16  DATED:    April 11, 2008

Respectfully submitted,
JONES & MAYER

18

19  By: _____
        Ivy M. Tsai
20      Attorneys for Sheriff, Probation, Police
        Chief, and Corrections Intervenor-
21      Defendants