# EXHIBIT GG

1   JONES & MAYER
    Martin J. Mayer (SB # 73890)
2   Michael R. Capizzi (SB # 35864)
    Kimberly Hall Barlow (SB # 149902)
3   Ivy M. Tsai (SB # 223168)
    3777 North Harbor Boulevard
4   Fullerton, California 92835
    (714) 446-1400; Fax (714) 446-1448
5   e-mail: mjm@jones-mayer.com
    e-mail: mrc@jones-mayer.com
6   e-mail: khb@jones-mayer.com
    e-mail: imt@jones-mayer.com
7
    Attorneys for Sheriff, Police Chief, and
8   Chief Probation Intervenor-Defendants

9

10              IN THE UNITED STATES DISTRICT COURTS

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND THE NORTHERN DISTRICT OF CALIFORNIA

13      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,                  Case No:  CIV S-90-0520 LKK JFM P

17              Plaintiffs,                 **THREE-JUDGE COURT**

18      vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,

20              Defendants.

21
                                            [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]
22

23  MARCIANO PLATA, et al.,                 Case No.:  C01-1351 TEH

24              Plaintiffs,                 **THREE-JUDGE COURT**

25      vs.                                 **INTERVENOR-DEFENDANT SAN
                                            DIEGO COUNTY SHERIFF'S
26  ARNOLD SCHWARZENEGGER, et               RESPONSES TO PLAINTIFFS' FIRST
    al.,                                    SET OF INTERROGATORIES**

27              Defendants.

28
                                    -1-

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| 2 | RESPONDING PARTY: | Intervenor-Defendant, SAN DIEGO COUNTY |
| 3 | | SHERIFF |
| 4 | SET NUMBER: | One (1) |

5   TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

6   Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant San

7   Diego County Sheriff separately and fully responds to Plaintiffs' First Set of

8   Interrogatories as follows:

9   <u>**Preliminary Statement and General Objections**</u>

10   1.   Intervenor-Defendant has not completed investigation of the facts relating

11   to this case, has not completed discovery in this action and has not completed preparation

12   for trial. Therefore, these responses, while based on diligent factual exploration, reflect

13   only Intervenor-Defendant's current state of knowledge, understanding, and belief with

14   regard to the matters about which inquiry has been made. Intervenor-Defendant reserves

15   the right to supplement these responses with subsequently obtained or discovered

16   information. With regard to each interrogatory, Intervenor-Defendant reserves the right,

17   notwithstanding these answers and responses, to employ at trial or in any pretrial

18   proceeding herein information subsequently obtained or discovered, information the

19   materiality of which is not presently ascertained, or information Intervenor-Defendant

20   does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

21   understands them.

22   2.   These responses are made solely for the purpose of this action. Each

23   answer is subject to all objections as to competence, relevance, materiality, propriety,

24   admissibility, privacy, privilege, and any and all other objections that would require

25   exclusion of any statement contained herein if any such interrogatories were asked of, or

26   any statement contained herein if any such interrogatories were asked of, or any

27   statement contained herein were made by, a witness present and testifying in court, all of

28   which objections and grounds are reserved and may be interposed at the time of trial.

-2-

3.      Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence.  Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4.      To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy.  All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5.      Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7.      Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU?  If so:

(a)      State the name, date and case number of every case which resulted in

-3-

1    any such limit(s).

2    **RESPONSE TO INTERROGATORY NO. 1:**

3    In addition to the General Objections stated above, Intervenor-Defendant objects

4    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

5    extent that it seeks information not relevant to this litigation nor reasonably calculated to

6    lead to the discovery of admissible evidence.

7    Without waiving and subject to the objections, Intervenor-Defendant responds:

8    Hudler v. Duffy, May 12, 1980, No. 404148 and Armstrong v. San Diego County Board

9    of Supervisors, November 8, 1990; No. 588349; cases consolidated October 13, 1993.

10   **INTERROGATORY NO. 2:**

11   In any instance, from January 1, 1995 until the present, in which any limit(s) have

12   been in place on the number of people that can be housed in any jail operated and/or

13   maintained by YOU, what mechanisms were used to comply with those limits?

14   (a)    Identify all DOCUMENTS which relate to YOUR answer.

15   (b)    Identify all PERSONS whom YOU believe or suspect have

16   information to support YOUR answer.

17   **RESPONSE TO INTERROGATORY NO. 2:**

18   In addition to the General Objections stated above, Intervenor-Defendant objects

19   to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

20   extent that it seeks information not relevant to this litigation nor reasonably calculated to

21   lead to the discovery of admissible evidence.

22   Without waiving and subject to the objections, Intervenor-Defendant responds:

23   Penal Code sections 4018.6, 4019, and 4024.1.

24   (a) Penal Code sections 4018.6, 4019, and 4024.1; Sentence Calculation Record,

25   Sentence Calculation Manual, Detentions Policies and Procedures T.13.

26   (b) Jacqueline Agsten, Manager, Inmate Processing Division; John Ingrassia, Captain,

27   Detention Services Bureau.

28   ///

1   **INTERROGATORY NO. 3**:

2         From January 1, 1995 until present, how many people have had their releases from

3   any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

4   on the number of people that can be housed in that jail?

5               (a)    Identify all DOCUMENTS which relate to YOUR answer.

6               (b)    Identify all PERSONS whom YOU believe or suspect have

7   information to support YOUR answer.

8   **RESPONSE TO INTERROGATORY NO. 3**:

9         In addition to the General Objections stated above, Intervenor-Defendant objects

10  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

11  extent that it seeks information not relevant to this litigation nor reasonably calculated to

12  lead to the discovery of admissible evidence.

13        Without waiving and subject to the objections, Intervenor-Defendant responds that

14  from 1999-2007, approximately 62,640 inmates have had accelerated releases.

15  Information for releases prior to 1999 is unavailable.

16  (a) Releases by Type reports for calendar years 1999 and 2000; JIMS' Released

17       Inmate Summary reports for fiscal years 2001/2002 through 2006/2007.

18  (b) John Ingrassia, Captain, Detention Services Bureau

19  **INTERROGATORY NO. 4**:

20        What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

21  January 1, 1995 until present, in any county in which YOU operate and/or maintain a

22  jail?

23              (a)    For each such program, describe the mission and/or purpose of the

24  placement program.

25              (b)    For each such program, identify what criteria are used to decide who

26  may enter the program.

27              (c)    Identify all DOCUMENTS which relate to YOUR answer.

28              (d)    Identify all PERSONS whom YOU believe or suspect have

-5-

1    information to support YOUR answer.

2    **RESPONSE TO INTERROGATORY NO. 4**:

3          In addition to the General Objections stated above, Intervenor-Defendant objects

4    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

5    extent that it seeks information not relevant to this litigation nor reasonably calculated to

6    lead to the discovery of admissible evidence.

7          Without waiving and subject to the objections, Intervenor-Defendant responds:

8    The Connections Program and Connections II Program.

9    (a) The purpose of the Connections Program (1998-2003) was to identify persons in

10         local jail custody with serious mental illnesses and transition them to the

11         community in order to reduce crowding, costs, and crime associated with seriously

12         mentally ill inmates; the purpose of the Connections II Program (2007) is the

13         same, with a greater degree of fidelity to the Assertive Community Treatment

14         principles.

15   (b) The Connections Program (1998-2003) – (1) DSM-IV (Diagnosis and Statistical

16         Manual of Mental Health Disorders) Axis I Psychiatric Diagnosis and a Global

17         Assessment of Function (GAF) Axis V score equal to less than 50, (2) currently in

18         custody, and (3) under parole supervision.

19         The Connections II Program – (1) primary diagnosis of mental disorder as

20         identified in the most recent Diagnostic and Statistical Manual of Mental

21         Disorders, (2) booked into jail since July 1, 2006, and (3) on formal probation.

22   (c) San Diego County's Connections Program Board of Corrections Final Report

23         (June 2004); Connections II Mentally Ill Offender Crime Reduction Program

24   (d) Richard M. Conklin, LCSW-Medical Services Division

25   ///

26   ///

27   ///

28   ///

1   DATED:   April 11, 2008          Respectfully submitted,

2                                           JONES & MAYER

3

4                                  By: _____

5                                      Ivy M. Tsai

                                        Attorneys for Sheriff, Probation, Police

6                                         Chief, and Corrections Intervenor-

                                        Defendants