# EXHIBIT HH

1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Police Chief, and
8  Chief Probation Intervenor-Defendants

9

10              IN THE UNITED STATES DISTRICT COURTS

11           FOR THE EASTERN DISTRICT OF CALIFORNIA

12            AND THE NORTHERN DISTRICT OF CALIFORNIA

13    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,              Case No:  CIV S-90-0520 LKK JFM P

17          Plaintiffs,                 **THREE-JUDGE COURT**

18      vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,

20          Defendants.

21
                                        [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]
22
                                        Case No.: C01-1351 TEH
23  MARCIANO PLATA, et al.,
                                        **THREE-JUDGE COURT**
24          Plaintiffs,
                                        **INTERVENOR-DEFENDANT SAN
25      vs.                             JOAQUIN COUNTY SHERIFF'S
                                        RESPONSES TO PLAINTIFFS' FIRST
26  ARNOLD SCHWARZENEGGER, et           SET OF INTERROGATORIES**
    al.,
27
            Defendants.
28
                                     -1-
    INTERVENOR-DEFENDANT SAN JOAQUIN COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF
                                    INTERROGATORIES

1  PROPOUNDING PARTIES:      Plaintiffs, MARCIANO PLATA, et al.

2  RESPONDING PARTY:         Intervenor-Defendant, SAN JOAQUIN COUNTY

3                            SHERIFF

4  SET NUMBER:               One (1)

5      TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

6      Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant San

7  Joaquin County Sheriff separately and fully responds to Plaintiffs' First Set of

8  Interrogatories as follows:

9                    **Preliminary Statement and General Objections**

10      1.      Intervenor-Defendant has not completed investigation of the facts relating

11  to this case, has not completed discovery in this action and has not completed preparation

12  for trial. Therefore, these responses, while based on diligent factual exploration, reflect

13  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

14  regard to the matters about which inquiry has been made. Intervenor-Defendant reserves

15  the right to supplement these responses with subsequently obtained or discovered

16  information. With regard to each interrogatory, Intervenor-Defendant reserves the right,

17  notwithstanding these answers and responses, to employ at trial or in any pretrial

18  proceeding herein information subsequently obtained or discovered, information the

19  materiality of which is not presently ascertained, or information Intervenor-Defendant

20  does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

21  understands them.

22      2.      These responses are made solely for the purpose of this action. Each

23  answer is subject to all objections as to competence, relevance, materiality, propriety,

24  admissibility, privacy, privilege, and any and all other objections that would require

25  exclusion of any statement contained herein if any such interrogatories were asked of, or

26  any statement contained herein if any such interrogatories were asked of, or any

27  statement contained herein were made by, a witness present and testifying in court, all of

28

-2-

1  which objections and grounds are reserved and may be interposed at the time of trial.

2       3.      Except for explicit facts admitted herein, no incidental or implied

3  admissions are intended hereby. Intervenor-Defendant's answers or objections to any

4  interrogatory are not an admission of any fact set forth or assumed by that interrogatory

5  In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any

6  interrogatory is not a waiver of part or all of any objection he might make to that

7  interrogatory, or an admission that such answer or objection constitutes admissible

8  evidence. Intervenor-Defendant asserts these objections without waiving or intending to

9  waive any objections as to competency, relevancy, materiality or privilege.

10      4.      To the extent Intervenor-Defendant responds to these interrogatories, the

11 responses will not include information protected by the right of privacy. All objections

12 on the grounds of constitutional and common law privacy rights are expressly preserved.

13      5.      Intervenor-Defendant objects to each and every Interrogatory to the extent

14 that Plaintiffs are requesting information that is neither relevant to the subject matter of

15 this action nor reasonably calculated to lead to the discovery of admissible evidence.

16      6.      Intervenor-Defendant objects to the Interrogatories to the extent that they

17 are vague and ambiguous and do not include adequate definition, specificity, or limiting

18 factors.

19      7.      Intervenor-Defendant objects to the Definitions provided by Plaintiffs and

20 the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these

21 Interrogatories.

22      Subject to and without waiving the foregoing objections, and incorporating them

23 by reference into each of the responses provided below, Intervenor-Defendant hereby

24 responds as follows:

25 **INTERROGATORY NO. 1**:

26      From January 1, 1995 until the present, have any limit(s) been in place, as the

27 result of any lawsuit, on the number of people that can be housed in any jail operated

28

-3-

1  and/or maintained by YOU? If so:

2          (a)    State the name, date and case number of every case which resulted in

3  any such limit(s).

4  **RESPONSE TO INTERROGATORY NO. 1:**

5      In addition to the General Objections stated above, Intervenor-Defendant objects

6  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

7  extent that it seeks information not relevant to this litigation nor reasonably calculated to

8  lead to the discovery of admissible evidence.

9          Without waiving and subject to the objections, Intervenor-Defendant responds as

10  follows:

11  (a)    In the Matters of Johnnie S. Smith, et al., Case No. 43450 and Daniel S. Gonzales,

12  et al., Case No. 44255, Interim Order filed May 8, 1989, Superior Court, County of San

13  Joaquin, Agreement and Consent Decree filed December 17, 1990 and amendments

14  thereto, which are produced in response to Plaintiffs' request for production.

15  **INTERROGATORY NO. 2:**

16      In any instance, from January 1, 1995 until the present, in which any limit(s) have

17  been in place on the number of people that can be housed in any jail operated and/or

18  maintained by YOU, what mechanisms were used to comply with those limits?

19          (a)    Identify all DOCUMENTS which relate to YOUR answer.

20          (b)    Identify all PERSONS whom YOU believe or suspect have

21  information to support YOUR answer.

22  **RESPONSE TO INTERROGATORY NO. 2:**

23      In addition to the General Objections stated above, Intervenor-Defendant objects

24  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

25  extent that it seeks information not relevant to this litigation nor reasonably calculated to

26  lead to the discovery of admissible evidence.

27          Without waiving and subject to the objections, Intervenor-Defendant responds as

28

-4-

1  follows:

2        In accordance with the Agreement and Consent Decree, In the Matters of Johnnie

3  S. Smith, et al., Case No. 43450 and Daniel S. Gonzales, et al., Case No. 44255, inmates

4  have been released early serving as little as 25% of their sentences.  Alternatives to

5  incarceration have been utilized, including the Alternative Work Program, Electronic

6  Monitoring Program (Home Detention), Alternative Drug and Alcohol Program (ADAP),

7  as well as other methods such as Cite and Releases, Felony Own Recognizance Releases,

8  Book and Releases, as determined by Pretrial Services and described in the Agreement

9  and Consent Decree, as amended.

10      (a)    In the Matters of Johnnie S. Smith, et al., Case No. 43450 and Daniel S.

11              Gonzales, et al., Case No. 44255, Interim Order and Agreement and Consent

12              Decree, amendments thereto, San Joaquin County Sheriff's Custody Division

13              Policies and Procedures sections 1.4.2, 3.2.4, and 8.7.3.

14      (b)    Lt. Monica Serros and Sgt. Steve VanMeter.

15  **INTERROGATORY NO. 3**:

16      From January 1, 1995 until present, how many people have had their releases from

17  any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

18  on the number of people that can be housed in that jail?

19        (a)    Identify all DOCUMENTS which relate to YOUR answer.

20        (b)    Identify all PERSONS whom YOU believe or suspect have

21  information to support YOUR answer.

22  **RESPONSE TO INTERROGATORY NO. 3**:

23      In addition to the General Objections stated above, Intervenor-Defendant objects

24  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

25  extent that it seeks information not relevant to this litigation nor reasonably calculated to

26  lead to the discovery of admissible evidence.

27      Without waiving and subject to the objections, Intervenor-Defendant responds that

28

-5-

1    from January 1, 1995 until present, approximately 49,271 inmates have had their releases

2    accelerated as a result of the Consent Decree.

3        (a) Statistical data maintained by the Population Management Unit of the Custody

4            Division.

5        (b) Lt. Monica Serros; Tisha Modesto; Lori Moreno.

6    **INTERROGATORY NO. 4**:

7        What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

8    January 1, 1995 until present, in any county in which YOU operate and/or maintain a

9    jail?

10           (a)    For each such program, describe the mission and/or purpose of the

11   placement program.

12           (b)    For each such program, identify what criteria are used to decide who

13   may enter the program.

14           (c)    Identify all DOCUMENTS which relate to YOUR answer.

15           (d)    Identify all PERSONS whom YOU believe or suspect have

16   information to support YOUR answer.

17   **RESPONSE TO INTERROGATORY NO. 4**:

18       In addition to the General Objections stated above, Intervenor-Defendant objects

19   to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

20   extent that it seeks information not relevant to this litigation nor reasonably calculated to

21   lead to the discovery of admissible evidence.

22       Without waiving and subject to the objections, Intervenor-Defendant responds as

23   follows:

24       The San Joaquin County Sheriff's Office has utilized several alternative placement

25   programs since January 1, 1995, including the Alternative Work Program, Electronic

26   Monitoring Program (Home Detention), Alternative Drug and the Alcohol Program

27   (ADAP).

28

-6-

INTERVENOR-DEFENDANT SAN JOAQUIN COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1     (a) Pursuant to Federal Rules of Civil Procedure 33(d), see San Joaquin County

2         Sheriff's Custody Division Policies and Procedures section 3.2.4 produced in

3         response to Plaintiffs' request for production.

4     (b) Individuals must be sentenced by a court that does not oppose participation in the

5         program for which application is requested.  Clients can still be considered with

6         open infractions.  They are reviewed on a case-by-case basis and monitored by a

7         case manager to make sure the cases are adjudicated.

8     (c) San Joaquin County Sheriff's Custody Division Policies and Procedures section

9         8.7.3.

10    (d) Sgt. Steve VanMeter.

11 DATED:    April 11, 2008

                              Respectfully submitted,
JONES & MAYER

By: _____
                  Ivy M. Tsai
                  Attorneys for Sheriff, Probation, Police
                  Chief, and Corrections Intervenor-
                  Defendants

INTERVENOR-DEFENDANT SAN JOAQUIN COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES