# EXHIBIT II Part 1

1 | JONES & MAYER
Martin J. Mayer (SB # 73890)
2 | Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
3 | Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
4 | Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
5 | e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
6 | e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com
7
Attorneys for Sheriff, Police Chief, and
8 | Chief Probation Intervenor-Defendants

9

10                IN THE UNITED STATES DISTRICT COURTS

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12           AND THE NORTHERN DISTRICT OF CALIFORNIA

13      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

| | |
|---|---|
| 16  RALPH COLEMAN, et al., | Case No: CIV S-90-0520 LKK JFM P |
| 17         Plaintiffs, | **THREE-JUDGE COURT** |
| 18     vs. | |
| 19  ARNOLD SCHWARZENEGGER, et al., | |
| 20         Defendants. | |
| 21 | |
| 22 | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] |
| 23  MARCIANO PLATA, et al., | Case No.: C01-1351 TEH |
| 24         Plaintiffs, | **THREE-JUDGE COURT** |
| 25     vs. | **INTERVENOR-DEFENDANT SAN MATEO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| 26  ARNOLD SCHWARZENEGGER, et al., | |
| 27         Defendants. | |
| 28 | |

-1-

1  PROPOUNDING PARTIES:    Plaintiffs, MARCIANO PLATA, et al.

2  RESPONDING PARTY:    Intervenor-Defendant, SAN MATEO COUNTY

3    SHERIFF

4  SET NUMBER:    One (1)

5    TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

6    Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant San

7  Mateo County Sheriff separately and fully responds to Plaintiffs' First Set of

8  Interrogatories as follows:

9    **Preliminary Statement and General Objections**

10    1.    Intervenor-Defendant has not completed investigation of the facts relating

11  to this case, has not completed discovery in this action and has not completed preparation

12  for trial.  Therefore, these responses, while based on diligent factual exploration, reflect

13  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

14  regard to the matters about which inquiry has been made.  Intervenor-Defendant reserves

15  the right to supplement these responses with subsequently obtained or discovered

16  information.  With regard to each interrogatory, Intervenor-Defendant reserves the right,

17  notwithstanding these answers and responses, to employ at trial or in any pretrial

18  proceeding herein information subsequently obtained or discovered, information the

19  materiality of which is not presently ascertained, or information Intervenor-Defendant

20  does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

21  understands them.

22    2.    These responses are made solely for the purpose of this action.  Each

23  answer is subject to all objections as to competence, relevance, materiality, propriety,

24  admissibility, privacy, privilege, and any and all other objections that would require

25  exclusion of any statement contained herein if any such interrogatories were asked of, or

26  any statement contained herein if any such interrogatories were asked of, or any

27  statement contained herein were made by, a witness present and testifying in court, all of

28  which objections and grounds are reserved and may be interposed at the time of trial.

-2-

1    3.    Except for explicit facts admitted herein, no incidental or implied

2   admissions are intended hereby. Intervenor-Defendant's answers or objections to any

3   interrogatory are not an admission of any fact set forth or assumed by that interrogatory.

4   In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any

5   interrogatory is not a waiver of part or all of any objection he might make to that

6   interrogatory, or an admission that such answer or objection constitutes admissible

7   evidence. Intervenor-Defendant asserts these objections without waiving or intending to

8   waive any objections as to competency, relevancy, materiality or privilege.

9    4.    To the extent Intervenor-Defendant responds to these interrogatories, the

10   responses will not include information protected by the right of privacy. All objections

11   on the grounds of constitutional and common law privacy rights are expressly preserved.

12    5.    Intervenor-Defendant objects to each and every Interrogatory to the extent

13   that Plaintiffs are requesting information that is neither relevant to the subject matter of

14   this action nor reasonably calculated to lead to the discovery of admissible evidence.

15    6.    Intervenor-Defendant objects to the Interrogatories to the extent that they

16   are vague and ambiguous and do not include adequate definition, specificity, or limiting

17   factors.

18    7.    Intervenor-Defendant objects to the Definitions provided by Plaintiffs and

19   the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these

20   Interrogatories.

21    Subject to and without waiving the foregoing objections, and incorporating them

22   by reference into each of the responses provided below, Intervenor-Defendant hereby

23   responds as follows:

24   **INTERROGATORY NO. 1:**

25   From January 1, 1995 until the present, have any limit(s) been in place, as the

26   result of any lawsuit, on the number of people that can be housed in any jail operated

27   and/or maintained by YOU? If so:

28    (a)    State the name, date and case number of every case which resulted in

-3-

INTERVENOR-DEFENDANT SAN MATEO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  any such limit(s).

2  RESPONSE TO INTERROGATORY NO. 1:

3       In addition to the General Objections stated above, Intervenor-Defendant objects

4  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

5  extent that it seeks information not relevant to this litigation nor reasonably calculated to

6  lead to the discovery of admissible evidence.

7       Without waiving and subject to the objections, Intervenor-Defendant responds that

8  from January 1, 1995 until present, no limits have been in place on the number of people

9  that can be housed in any jail operated and/or maintained by Intervenor-Defendant.

10  INTERROGATORY NO. 2:

11       In any instance, from January 1, 1995 until the present, in which any limit(s) have

12  been in place on the number of people that can be housed in any jail operated and/or

13  maintained by YOU, what mechanisms were used to comply with those limits?

14           (a)    Identify all DOCUMENTS which relate to YOUR answer.

15           (b)    Identify all PERSONS whom YOU believe or suspect have

16  information to support YOUR answer.

17  RESPONSE TO INTERROGATORY NO. 2:

18       In addition to the General Objections stated above, Intervenor-Defendant objects

19  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

20  extent that it seeks information not relevant to this litigation nor reasonably calculated to

21  lead to the discovery of admissible evidence.

22       Without waiving and subject to the objections, Intervenor-Defendant responds that

23  from January 1, 1995 until present, there have been no mechanisms in place to comply

24  with any limits on the number of people that can be housed in any jail operated and/or

25  maintained by Intervenor-Defendant.

26  INTERROGATORY NO. 3:

27       From January 1, 1995 until present, how many people have had their releases from

28  any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

-4-