# EXHIBIT II Part 2

1    on the number of people that can be housed in that jail?

2             (a)     Identify all DOCUMENTS which relate to YOUR answer.

3             (b)     Identify all PERSONS whom YOU believe or suspect have

4    information to support YOUR answer.

5    **RESPONSE TO INTERROGATORY NO. 3:**

6       In addition to the General Objections stated above, Intervenor-Defendant objects

7    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

8    extent that it seeks information not relevant to this litigation nor reasonably calculated to

9    lead to the discovery of admissible evidence.

10       Without waiving and subject to the objections, Intervenor-Defendant responds that

11    from January 1, 1995 until present, no one has had their release from any jail operated

12    and/or maintained by Intervenor-Defendant accelerated as a result of any limit(s) placed

13    on the number of people that can be housed in that jail.

14    **INTERROGATORY NO. 4:**

15       What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

16    January 1, 1995 until present, in any county in which YOU operate and/or maintain a

17    jail?

18             (a)     For each such program, describe the mission and/or purpose of the

19    placement program.

20             (b)     For each such program, identify what criteria are used to decide who

21    may enter the program.

22             (c)     Identify all DOCUMENTS which relate to YOUR answer.

23             (d)     Identify all PERSONS whom YOU believe or suspect have

24    information to support YOUR answer.

25    **RESPONSE TO INTERROGATORY NO. 4:**

26       In addition to the General Objections stated above, Intervenor-Defendant objects

27    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

28    extent that it seeks information not relevant to this litigation nor reasonably calculated to

1    lead to the discovery of admissible evidence.

2        Without waiving and subject to the objections, Intervenor-Defendant responds that

3    from January 1, 1995 until present, the County utilizes an Electronic Monitoring System.

4        (a)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

5    *Electronic Monitoring Program (EMP) Candidate Cheat Sheet* and *San Mateo County*

6    *Sheriff's Office Electronic Monitoring Program Policy and Procedures Manual.*

7        (b)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

8    *Electronic Monitoring Program (EMP) Candidate Cheat Sheet* and *San Mateo County*

9    *Sheriff's Office Electronic Monitoring Program Policy and Procedures Manual.*

10        (c)    See documents titled *Electronic Monitoring Program (EMP) Candidate*

11    *Cheat Sheet* and *San Mateo County Sheriff's Office Electronic Monitoring Program*

12    *Policy and Procedures Manual.*

13        (d)    Greg Trindle.

14        Without waiving and subject to the objections, Intervenor-Defendant responds that

15    from January 1, 1995 until present, the County utilizes the Sherriff's Work Program.

16        (a)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

17    *Sheriff's Work Program (SWP) Candidate Cheat Sheet* and *Sheriff's Work Program*

18    *Policy and Procedures Manual.*

19        (b)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

20    *Sheriff's Work Program (SWP) Candidate Cheat Sheet* and *Sheriff's Work Program*

21    *Policy and Procedures Manual.*

22        (c)    See documents titled *Sheriff's Work Program (SWP) Candidate Cheat*

23    *Sheet* and *Sheriff's Work Program Policy and Procedures Manual.*

24        (d)    Greg Trindle.

25        Without waiving and subject to the objections, Intervenor-Defendant responds that

26    from January 1, 1995 until present, the County utilizes a Work Furlough Program.

27        (a)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

28    *Work Furlough (WF) Candidate Cheat Sheet* and *Work Furlough Program Policy and*

INTERVENOR-DEFENDANT SAN MATEO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    *Procedures Manual.*

2        (b)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

3    *Work Furlough (WF) Candidate Cheat Sheet* and *Work Furlough Program Policy and*

4    *Procedures Manual.*

5        (c)    See documents titled *Work Furlough (WF) Candidate Cheat Sheet* and

6    *Work Furlough Program Policy and Procedures Manual.*

7        (d)    Greg Trindle.

8        Without waiving and subject to the objections, Intervenor-Defendant responds that

9    between 1997 and 2003 the County utilized Sheriff's Parole.

10       (a)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

11   *San Mateo County Parole* and its attachments.

12       (b)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

13   *San Mateo County Parole* and its attachments.

14       (c)    See documents titled *San Mateo County Parole* and its attachments.

15       (d)    Greg Trindle.

16       Without waiving and subject to the objections, Intervenor-Defendant responds that

17   from January 1, 1995 until present, the County utilizes a Re-Entry Program.

18       (a)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

19   *Inmates Services & Case Management for Re-Entry.*

20       (b)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

21   *Inmates Services & Case Management for Re-Entry.*

22       (c)    See documents titled *Inmates Services & Case Management for Re-Entry.*

23       (d)    Greg Trindle.

24       Without waiving and subject to the objections, Intervenor-Defendant responds that

25   from January 1, 1995 until present, the County utilizes a Mentally Ill Offender Crime

26   Reduction Grant (MIOCR) Program.

27       (a)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

28   *Resolution Accepting the Mentally Ill Offender Crime Reduction Grant from the State*

1    *Board of Corrections* and memo from Sheriff Greg Munks to County Board of

2    Supervisors dated May 21, 2007.

3       (b)    Pursuant to Federal Rules of Civil Procedure 33 (d) see documents titled

4    *Resolution Accepting the Mentally Ill Offender Crime Reduction Grant from the State*

5    *Board of Corrections* and memo from Sheriff Greg Munks to County Board of

6    Supervisors dated May 21, 2007.

7       (c)    See documents titled *Resolution Accepting the Mentally Ill Offender Crime*

8    *Reduction Grant from the State Board of Corrections* and memo from Sheriff Greg

9    Munks to County Board of Supervisors dated May 21, 2007.

10      (d)    Greg Trindle.

11

12   DATED:   April 11, 2008         Respectfully submitted,
                                   JONES & MAYER

13

14

15                                 By:

16                                 Ivy M. Tsai
                                   Attorneys for Sheriff, Probation, Police

17                                 Chief, and Corrections Intervenor-
                                   Defendants

18

19

20

21

22

23

24

25

26

27

28

INTERVENOR-DEFENDANT SAN MATEO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES