# EXHIBIT KK

```
 1  JONES & MAYER
    Martin J. Mayer (SB # 73890)
 2  Michael R. Capizzi (SB # 35864)
    Kimberly Hall Barlow (SB # 149902)
 3  Ivy M. Tsai (SB # 223168)
    3777 North Harbor Boulevard
 4  Fullerton, California 92835
    (714) 446-1400; Fax (714) 446-1448
 5  e-mail: mjm@jones-mayer.com
    e-mail: mrc@jones-mayer.com
 6  e-mail: khb@jones-mayer.com
    e-mail: imt@jones-mayer.com
 7
    Attorneys for Sheriff, Police Chief, and
 8  Chief Probation Intervenor-Defendants
 9
```

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** <br><br><br> [F.R.C.P 24; 18 U.S.C. § 3626(a)(3)(F)] <br><br> Case No.: C01-1351 TEH |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | **THREE-JUDGE COURT** <br><br> **INTERVENOR-DEFENDANT SHASTA COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

-1-

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| 2 | RESPONDING PARTY: | Intervenor-Defendant, SHASTA COUNTY SHERIFF |
| 3 | SET NUMBER: | One (1) |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Shasta County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

### Preliminary Statement and General Objections

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied

admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4. To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5. Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7. Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a) State the name, date and case number of every case which resulted in any such limit(s).

-3-

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, limits have been in place as a result of County of Shasta v. Jim Pope, Stipulation and Proposed Order No. 115258.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

(a) Identify all DOCUMENTS which relate to YOUR answer.

(b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, mechanisms used to comply with limits arespecified in the County of Shasta v. Jim Pope, Stipulation and Proposed Order No. 115258, in addition to internal policies and procedures and the California Penal Code.

(a) Memo to all Custody Division Sergeants and Classification Officers and County of Shasta v. Jim Pope, Stipulation and Proposed Order No. 115258.

(b) Sheriff Tom Bosenko and Captain Don Van Buskirk.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, 14371 inmates have been released as a result of limits placed on the number of people that can be housed.

    (a)    Shasta County Main Jail Superior Court Cap Report form; Shasta County Main Jail Superior Court Cap Quarterly Report and letter to Presiding Judge; Quarterly Capacity Releases since 1993 recap.

    (b)    Sheriff Tom Bosenko and Captain Don Van Buskirk.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

    (a)    For each such program, describe the mission and/or purpose of the placement program.

    (b)    For each such program, identify what criteria are used to decide who may enter the program.

    (c)    Identify all DOCUMENTS which relate to YOUR answer.

INTERVENOR-DEFENDANT SHASTA COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

  (d) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, the County utilizes a Work Release Program.

  (a) The purpose of the Sheriff's Work Release Program is to ensure an accountability of minimum to medium security offenders (misdemeanor and felony) and to provide an opportunity to complete their court imposed sentence.

  (b) Criteria considered includes criminal history, county jail history, state prison history, and the inmates ability to follow Work Release rule and refrain from violating any laws.

  (c) Shasta County Sheriff's Office Work Release Program Application and Agreement.

  (d) Sheriff Tom Bosenko, Captain Don Van Buskirk and Chief Probation Officer Brian Richart.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, the County utilizes a Home Electronic Confinement Program.

  (a) The purpose of the Sheriff's Home Electronic Confinement Program is to ensure an accountability of minimum to medium security offenders (misdemeanor and felony) and to provide an opportunity to complete their court imposed sentence.

  (b) Criteria considered includes criminal history, county jail history, state prison history, and the inmates ability to follow Work Release rule and refrain from violating any laws.

1     (c)   Shasta County Probation Department Home Electronic Confinement
Program Application.

    (d)   Sheriff Tom Bosenko, Captain Don Van Buskirk and Chief Probation Officer Brian Richart.

DATED: April 11, 2008

Respectfully submitted,
JONES & MAYER

By: _____
Ivy M. Tsai
Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants