# EXHIBIT LL

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Police Chief, and Chief Probation Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | [F.R.C.P. 24, 18 U.S.C. § 3626(a)(3)(F)] <br><br> Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **INTERVENOR-DEFENDANT SOLANO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

-1-

| | |
|---|---|
| PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| RESPONDING PARTY: | Intervenor-Defendant, SOLANO COUNTY SHERIFF |
| SET NUMBER: | One (1) |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Solano County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

### Preliminary Statement and General Objections

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied

admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4. To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5. Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7. Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a) State the name, date and case number of every case which resulted in any such limit(s).

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, no limits have been in place on the number of people that can be housed in any jail operated and/or maintained by Intervenor-Defendant.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, when the actual inmate count exceeds the actual bed count of the Solano County jails, the Solano County Sheriff's Office utilizes the authority provided by California Penal Code section 4024.1 to accelerate the release of sentenced inmates.

    (a)    Solano County Superior Court order granting authority to accelerate release.

    (b)    Lieutenant Mitchell Mashburn.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, 4,754 inmates have had their release accelerated due to exceeding limits.

    (a)    *Solano County Sheriff's Office Inmate Policy 1.20.3* and *Solano County Sheriff's Office Inmate Policy 2.20.3*.

    (b)    Lieutenant Mitchell Mashburn.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

    (a)    For each such program, describe the mission and/or purpose of the placement program.

    (b)    For each such program, identify what criteria are used to decide who may enter the program.

    (c)    Identify all DOCUMENTS which relate to YOUR answer.

    (d)    Identify all PERSONS whom YOU believe or suspect have

information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, the county utilizes an Alternative Sentencing Program consisting of Work Furlough, Work Release and Electronic Monitoring.

(a) Pursuant to Federal Rules of Civil Procedure 33(d) see documents titled *Alternative Sentencing: Policies and Procedures, Alternative Sentencing: Applications, Alternative Sentencing: Statistics, Alternative Sentencing: Reciprocal Agreement, Alternative Sentencing: Annual Report Summary 2004, Alternative Sentencing: Annual Report Summary 2005, and Alternative Sentencing: Annual Report Summary 2006.*

(b) Pursuant to Federal Rules of Civil Procedure 33(d) see documents titled *Alternative Sentencing: Policies and Procedures, Alternative Sentencing: Applications, Alternative Sentencing: Statistics, Alternative Sentencing: Reciprocal Agreement, Alternative Sentencing: Annual Report Summary 2004, Alternative Sentencing: Annual Report Summary 2005, and Alternative Sentencing: Annual Report Summary 2006.*

(c) Documents titled *Alternative Sentencing: Policies and Procedures, Alternative Sentencing: Applications, Alternative Sentencing: Statistics, Alternative Sentencing: Reciprocal Agreement, Alternative Sentencing: Annual Report Summary 2004, Alternative Sentencing: Annual Report Summary 2005, and Alternative Sentencing: Annual Report Summary 2006.*

(d) Lieutenant Margaret Rourk and Sergeant Cathy Raymos.

| | |
|---|---|
| DATED: April 11, 2008 | Respectfully submitted,<br>JONES & MAYER<br><br>By: _____<br>Ivy M. Tsai<br>Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants |