**EXHIBIT MM**

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Police Chief, and Chief Probation Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** <br><br><br> [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] <br><br> Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **INTERVENOR-DEFENDANT STANISLAUS COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| 2 | RESPONDING PARTY: | Intervenor-Defendant, STANISLAUS COUNTY |
| 3 | | SHERIFF |
| 4 | SET NUMBER: | One (1) |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Stanlislaus County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

### Preliminary Statement and General Objections

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4. To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5. Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7. Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

(a) State the name, date and case number of every case which resulted in

-3-

any such limit(s).

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, limits have been in place as a result of Rodriguez v. County of Stanislaus, case no. CIV F-90-0601 REC JFM P dated May 4, 1992.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, the Stanislaus County has utilized a classification and early release procedures.

    (a)    Adult Detention Policies and Procedures.

    (b)    Lieutenant Gregg Clifton and Lieutenant Brenda Suarez.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from

any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, 24,761 inmates have had their release accelerated as a result limit(s) placed on the number of people that can be housed the county jail.

    (a)    Stanislaus County Sheriff Early Release list from ICJIS.

    (b)    Lieutenant Gregg Clifton and Lieutenant Brenda Suarez.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

    (a)    For each such program, describe the mission and/or purpose of the placement program.

    (b)    For each such program, identify what criteria are used to decide who may enter the program.

    (c)    Identify all DOCUMENTS which relate to YOUR answer.

    (d)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects

to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Stanislaus County has utilized an Alternative Work Program.

    (a)    The Alternative Work Program is a fee supported process that allows persons sentenced to 45 days or less in the county jail to perform community improvements projects and manual labor in support of non-profit organizations. The program was started in October 1987 pursuant to California Penal Code section 4024.2 and with the authorization of the Board of Supervisors. Pursuant to Penal Code section 1209, a sign-up fee is charged to those who apply to the program.

    (b)    The program is open to sentenced, low-risk offenders and minimum security inmates in conjunction with classification criteria. This is to ensure public safety. Other considerations include the participant's continued ties to the community, their employment, ability to provide financial stability to their family, ability to obtain substance abuse treatment and enhancing or furthering their education and/or job training skills.

    (c)    Adult Detention Polices and Procedures.

    (d)    Lieutenant Gregg Clifton and Lieutenant Brenda Suarez.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Stanislaus County has utilized a Work Furlough/School Furlough/Job Training Program.

    (a)    The Work Furlough/School Furlough/Job Training Program is a fee supported process where length of commitment is not an issue. The program was started in February 1996 pursuant to California Penal Code section 1208 and with the authorization of the Board of Supervisors. Pursuant to Penal Code section 1208.2, a sign-up fee is charged to those who apply to the program. After acceptance the participant is

1 charged a daily fee for work, school or training.

2   (b)   The program is open to sentenced, low-risk offenders and minimum security inmates in conjunction with classification criteria. This is to ensure public safety. Other considerations include the participant's continued ties to the community, their employment, ability to provide financial stability to their family, ability to obtain substance abuse treatment and enhancing or furthering their education and/or job training skills.

   (c)   Adult Detention Polices and Procedures.

   (d)   Lieutenant Gregg Clifton and Lieutenant Brenda Suarez.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Stanislaus County has utilized Sheriff's Parole.

   (a)   Sheriff's Parole is not supported by any fee process. The program was started pursuant to California Penal Code section 3074. Sheriff's Parole is open to any sentenced inmate who has completed one-third of their commitment. Applications are reviewed by the three members of the Parole Board. If parole is granted, terms and conditions may be set by the Parole Board. In this program the participant may rejoin the community but will continue to be monitored by staff until parole expires.

   (b)   The program is open to sentenced, low-risk offenders and minimum security inmates in conjunction with classification criteria. This is to ensure public safety. Other considerations include the participant's continued ties to the community, their employment, ability to provide financial stability to their family, ability to obtain substance abuse treatment and enhancing or furthering their education and/or job training skills.

   (c)   Adult Detention Polices and Procedures.

   (d)   Lieutenant Gregg Clifton and Lieutenant Brenda Suarez.

| | | |
|---|---|---|
| 1 | DATED: April 11, 2008 | Respectfully submitted,<br>JONES & MAYER |
| | | By: _____<br>Ivy M. Tsai<br>Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants |