# EXHIBIT NN Part 1

1  JONES & MAYER
   Martin J. Mayer (SB # 73890)
2  Michael R. Capizzi (SB # 35864)
   Kimberly Hall Barlow (SB # 149902)
3  Ivy M. Tsai (SB # 223168)
   3777 North Harbor Boulevard
4  Fullerton, California 92835
   (714) 446-1400; Fax (714) 446-1448
5  e-mail: mjm@jones-mayer.com
   e-mail: mrc@jones-mayer.com
6  e-mail: khb@jones-mayer.com
   e-mail: imt@jones-mayer.com
7
   Attorneys for Sheriff, Police Chief, and
8  Chief Probation Intervenor-Defendants

9

10           IN THE UNITED STATES DISTRICT COURTS

11         FOR THE EASTERN DISTRICT OF CALIFORNIA

12       AND THE NORTHERN DISTRICT OF CALIFORNIA

13   UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14     PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,              Case No:  CIV S-90-0520 LKK JFM P

17           Plaintiffs,                **THREE-JUDGE COURT**

18        vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,

20           Defendants.

21

22                                      [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

23  MARCIANO PLATA, et al.,             Case No.:  C01-1351 TEH

24           Plaintiffs,                **THREE-JUDGE COURT**

25        vs.                           **INTERVENOR-DEFENDANT TEHAMA
                                        COUNTY SHERIFF'S RESPONSES TO**
26  ARNOLD SCHWARZENEGGER, et           **PLAINTIFFS' FIRST SET OF**
    al.,                                **INTERROGATORIES**
27
             Defendants.
28

-1-

1  PROPOUNDING PARTIES:        Plaintiffs, MARCIANO PLATA, et al.

2  RESPONDING PARTY:           Intervenor-Defendant, TEHAMA COUNTY SHERIFF

3  SET NUMBER:                 One (1)

4        TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

5        Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant

6  Tehama County Sheriff separately and fully responds to Plaintiffs' First Set of

7  Interrogatories as follows:

8                    **Preliminary Statement and General Objections**

9        1.      Intervenor-Defendant has not completed investigation of the facts relating

10  to this case, has not completed discovery in this action and has not completed preparation

11  for trial.  Therefore, these responses, while based on diligent factual exploration, reflect

12  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

13  regard to the matters about which inquiry has been made.  Intervenor-Defendant reserves

14  the right to supplement these responses with subsequently obtained or discovered

15  information.  With regard to each interrogatory, Intervenor-Defendant reserves the right,

16  notwithstanding these answers and responses, to employ at trial or in any pretrial

17  proceeding herein information subsequently obtained or discovered, information the

18  materiality of which is not presently ascertained, or information Intervenor-Defendant

19  does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

20  understands them.

21        2.      These responses are made solely for the purpose of this action.  Each

22  answer is subject to all objections as to competence, relevance, materiality, propriety,

23  admissibility, privacy, privilege, and any and all other objections that would require

24  exclusion of any statement contained herein if any such interrogatories were asked of, or

25  any statement contained herein if any such interrogatories were asked of, or any

26  statement contained herein were made by, a witness present and testifying in court, all of

27  which objections and grounds are reserved and may be interposed at the time of trial.

28        3.      Except for explicit facts admitted herein, no incidental or implied

-2-

1  admissions are intended hereby. Intervenor-Defendant's answers or objections to any

2  interrogatory are not an admission of any fact set forth or assumed by that interrogatory.

3  In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any

4  interrogatory is not a waiver of part or all of any objection he might make to that

5  interrogatory, or an admission that such answer or objection constitutes admissible

6  evidence. Intervenor-Defendant asserts these objections without waiving or intending to

7  waive any objections as to competency, relevancy, materiality or privilege.

8      4.    To the extent Intervenor-Defendant responds to these interrogatories, the

9  responses will not include information protected by the right of privacy. All objections

10 on the grounds of constitutional and common law privacy rights are expressly preserved.

11     5.    Intervenor-Defendant objects to each and every Interrogatory to the extent

12 that Plaintiffs are requesting information that is neither relevant to the subject matter of

13 this action nor reasonably calculated to lead to the discovery of admissible evidence.

14     6.    Intervenor-Defendant objects to the Interrogatories to the extent that they

15 are vague and ambiguous and do not include adequate definition, specificity, or limiting

16 factors.

17     7.    Intervenor-Defendant objects to the Definitions provided by Plaintiffs and

18 the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these

19 Interrogatories.

20     Subject to and without waiving the foregoing objections, and incorporating them

21 by reference into each of the responses provided below, Intervenor-Defendant hereby

22 responds as follows:

23 **INTERROGATORY NO. 1:**

24 From January 1, 1995 until the present, have any limit(s) been in place, as the

25 result of any lawsuit, on the number of people that can be housed in any jail operated

26 and/or maintained by YOU? If so:

27     (a)    State the name, date and case number of every case which resulted in

28 any such limit(s).

-3-

INTERVENOR-DEFENDANT TEHAMA COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES