**EXHIBIT NN Part 2**

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, limits have been in place on the number of people that can be housed at the Tehama County Jail.

(a) Dennis Wyckoff, et al. v. The County of Tehama, et al., No. CIV-S 92 1472 GEB JFM, dated April 21, 1998.

**INTERROGATORY NO. 2:**

In any instance, from January 1, 1995 until the present, in which any limit(s) have been in place on the number of people that can be housed in any jail operated and/or maintained by YOU, what mechanisms were used to comply with those limits?

(a) Identify all DOCUMENTS which relate to YOUR answer.

(b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that in January 1995 there was an addition the Tehama County jail which added three housing units. A female dormitory was added on May 18, 2004. In addition, the jail uses accelerated release pursuant to Penal Code section 4024.1

(a) Tehama County Jail ground floor map; map of Women's Dormitory; Memorandum of Completion for Women's Dormitory; Board of Corrections Notice

1 | regarding full compliance with Title 24; and Jail Division Policy No. 6001. Also see
2 | California Penal Code section 4024.1.
3 |     (b) Captain Ron Dodd and Lieutenant Jeff Martin.

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

    (a) Identify all DOCUMENTS which relate to YOUR answer.

    (b) Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, 30 inmates have had their release accelerated as a result of any limits placed on the number of people that can be housed in Tehama County Jail.

    (a) Letters from Captain Ronald Dodd to Judge Dennis Murray requesting accelerated release pursuant to Penal Code section 4024.1; Judge Dennis Murray's Minute Orders granting accelerated release pursuant to Penal Code section 4024.1; and letters from Captain Dennis Murray to Judge Dennis Murray informing him of any accelerated releases.

    (b) Captain Ron Dodd, Lieutenant Jeff Martin, and Lieutenant Yvette Clay.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a

-5-

1  jail?

2      (a)    For each such program, describe the mission and/or purpose of the placement program.

4      (b)    For each such program, identify what criteria are used to decide who may enter the program.

6      (c)    Identify all DOCUMENTS which relate to YOUR answer.

7      (d)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Tehama County utilizes a Work Furlough Program, Weekend Work Program, and House Arrest.

    (a)    The purpose for each of these programs is to alleviate overcrowding and to allow inmates to continue to support their families while in custody.

    (b)    Pursuant to Federal Rules of Civil Procedure 33(d) see the *Tehama County Probation Department Work Furlough Application* which is used for all three programs.

    (c)    Pursuant to Federal Rules of Civil Procedure 33(d) see the *Tehama County Probation Department Work Furlough Application* which is used for all three programs.

    (d)    Probation Officer Alfred Bianchi.

Without waiving and subject to the objections, Intervenor-Defendant responds that from January 1, 1995 until present, Tehama County utilizes Tehama County Parole.

    (a)    The purpose for each of this programs is to alleviate overcrowding and to allow inmates to continue to support their families while in custody.

    (b)    Pursuant to Federal Rules of Civil Procedure 33(d) see Tehama County

1  Board of Parole Commissioners document titled *County Parole Information* and the
2  *Application for Parole.*
3     (c)   Pursuant to Federal Rules of Civil Procedure 33(d) see Tehama County
4  Board of Parole Commissioners document titled *County Parole Information* and the
5  *Application for Parole.*
6     (d)   Sheriff Clay Parker and Chief Probation Officer Dan Emry.

8  DATED:  April 11, 2008

Respectfully submitted,
JONES & MAYER

By: _____
Ivy M. Tsai
Attorneys for Sheriff, Probation, Police Chief, and Corrections Intervenor-Defendants