**EXHIBIT PP**

1   JONES & MAYER
    Martin J. Mayer (SB # 73890)
2   Michael R. Capizzi (SB # 35864)
    Kimberly Hall Barlow (SB # 149902)
3   Ivy M. Tsai (SB # 223168)
    3777 North Harbor Boulevard
4   Fullerton, California 92835
    (714) 446-1400; Fax (714) 446-1448
5   e-mail: mjm@jones-mayer.com
    e-mail: mrc@jones-mayer.com
6   e-mail: khb@jones-mayer.com
    e-mail: imt@jones-mayer.com
7
    Attorneys for Sheriff, Police Chief, and
8   Chief Probation Intervenor-Defendants

9

10              IN THE UNITED STATES DISTRICT COURTS

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND THE NORTHERN DISTRICT OF CALIFORNIA

13      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

14        PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15

16  RALPH COLEMAN, et al.,                    Case No:  CIV S-90-0520 LKK JFM P

17            Plaintiffs,                      **THREE-JUDGE COURT**

18        vs.

19  ARNOLD SCHWARZENEGGER, et
    al.,

20            Defendants.

21

22                                            [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)]

23  MARCIANO PLATA, et al.,                   Case No.:  C01-1351 TEH

24            Plaintiffs,                      **THREE-JUDGE COURT**

25        vs.                                  **INTERVENOR-DEFENDANT
                                               VENTURA COUNTY SHERIFF'S
26  ARNOLD SCHWARZENEGGER, et                  RESPONSES TO PLAINTIFFS' FIRST
    al.,                                       SET OF INTERROGATORIES**

27

28            Defendants.

-1-

1   PROPOUNDING PARTIES:     Plaintiffs, MARCIANO PLATA, et al.

2   RESPONDING PARTY:        Intervenor-Defendant, VENTURA COUNTY

3                            SHERIFF

4   SET NUMBER:              One (1)

5          TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

6          Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant

7   Ventura County Sheriff separately and fully responds to Plaintiffs' First Set of

8   Interrogatories as follows:

9                  **Preliminary Statement and General Objections**

10         1.     Intervenor-Defendant has not completed investigation of the facts relating

11  to this case, has not completed discovery in this action and has not completed preparation

12  for trial.  Therefore, these responses, while based on diligent factual exploration, reflect

13  only Intervenor-Defendant's current state of knowledge, understanding, and belief with

14  regard to the matters about which inquiry has been made.  Intervenor-Defendant reserves

15  the right to supplement these responses with subsequently obtained or discovered

16  information.  With regard to each interrogatory, Intervenor-Defendant reserves the right,

17  notwithstanding these answers and responses, to employ at trial or in any pretrial

18  proceeding herein information subsequently obtained or discovered, information the

19  materiality of which is not presently ascertained, or information Intervenor-Defendant

20  does not regard as coming within the scope of the interrogatories as Intervenor-Defendant

21  understands them.

22         2.     These responses are made solely for the purpose of this action.  Each

23  answer is subject to all objections as to competence, relevance, materiality, propriety,

24  admissibility, privacy, privilege, and any and all other objections that would require

25  exclusion of any statement contained herein if any such interrogatories were asked of, or

26  any statement contained herein if any such interrogatories were asked of, or any

27  statement contained herein were made by, a witness present and testifying in court, all of

28  which objections and grounds are reserved and may be interposed at the time of trial.

1    3.    Except for explicit facts admitted herein, no incidental or implied

2  admissions are intended hereby. Intervenor-Defendant's answers or objections to any

3  interrogatory are not an admission of any fact set forth or assumed by that interrogatory.

4  In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any

5  interrogatory is not a waiver of part or all of any objection he might make to that

6  interrogatory, or an admission that such answer or objection constitutes admissible

7  evidence. Intervenor-Defendant asserts these objections without waiving or intending to

8  waive any objections as to competency, relevancy, materiality or privilege.

9    4.    To the extent Intervenor-Defendant responds to these interrogatories, the

10  responses will not include information protected by the right of privacy. All objections

11  on the grounds of constitutional and common law privacy rights are expressly preserved.

12    5,    Intervenor-Defendant objects to each and every Interrogatory to the extent

13  that Plaintiffs are requesting information that is neither relevant to the subject matter of

14  this action nor reasonably calculated to lead to the discovery of admissible evidence.

15    6.    Intervenor-Defendant objects to the Interrogatories to the extent that they

16  are vague and ambiguous and do not include adequate definition, specificity, or limiting

17  factors.

18    7.    Intervenor-Defendant objects to the Definitions provided by Plaintiffs and

19  the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these

20  Interrogatories.

21    Subject to and without waiving the foregoing objections, and incorporating them

22  by reference into each of the responses provided below, Intervenor-Defendant hereby

23  responds as follows:

24  **INTERROGATORY NO. 1**:

25    From January 1, 1995 until the present, have any limit(s) been in place, as the

26  result of any lawsuit, on the number of people that can be housed in any jail operated

27  and/or maintained by YOU? If so:

28    (a)    State the name, date and case number of every case which resulted in

-3-

1  any such limit(s).

2  **RESPONSE TO INTERROGATORY NO. 1**:

3       In addition to the General Objections stated above, Intervenor-Defendant objects

4  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

5  extent that it seeks information not relevant to this litigation nor reasonably calculated to

6  lead to the discovery of admissible evidence.

7       Without waiving and subject to the objections, Intervenor-Defendant responds that

8  from January 1, 1995 until present, no limits have been in place on the number of people

9  that can be housed in any jail operated and/or maintained by Intervenor-Defendant.

10  **INTERROGATORY NO. 2**:

11       In any instance, from January 1, 1995 until the present, in which any limit(s) have

12  been in place on the number of people that can be housed in any jail operated and/or

13  maintained by YOU, what mechanisms were used to comply with those limits?

14            (a)    Identify all DOCUMENTS which relate to YOUR answer.

15            (b)    Identify all PERSONS whom YOU believe or suspect have

16  information to support YOUR answer.

17  **RESPONSE TO INTERROGATORY NO. 2**:

18       In addition to the General Objections stated above, Intervenor-Defendant objects

19  to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

20  extent that it seeks information not relevant to this litigation nor reasonably calculated to

21  lead to the discovery of admissible evidence.

22       Without waiving and subject to the objections, Intervenor-Defendant responds that

23  from January 1, 1995 until present, the County utilizes the accelerated release mechanism

24  pursuant to Penal Code section 4024.1.

25       (a)    Declarations, all dated in approximately 30 day increments, to the Presiding

26  Judge of the Ventura County Superior Court requesting authorization to implement the

27  provisions of Penal Code section 4024.1; Signed authorization documents from the

28  Presiding Judge of the Ventura County Superior Court, allowing the accelerated release.

INTERVENOR-DEFENDANT VENTURA COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    (b)    Sergeant Renee Ferguson.

2    **INTERROGATORY NO. 3**:

3    From January 1, 1995 until present, how many people have had their releases from

4    any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed

5    on the number of people that can be housed in that jail?

6    (a)    Identify all DOCUMENTS which relate to YOUR answer.

7    (b)    Identify all PERSONS whom YOU believe or suspect have

8    information to support YOUR answer.

9    **RESPONSE TO INTERROGATORY NO. 3**:

10    In addition to the General Objections stated above, Intervenor-Defendant objects

11    to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

12    extent that it seeks information not relevant to this litigation nor reasonably calculated to

13    lead to the discovery of admissible evidence.

14    Without waiving and subject to the objections, Intervenor-Defendant responds that

15    from January 1, 1995 until present, 13,685 inmates have been released from jails operated

16    and/or maintained by Intervenor-Defendant as a result limits on the number of inmates

17    that can be housed.

18    (a)    Computer spread sheets identifying monthly release statistics for 2004

19    through present.

20    (b)    Sergeant Renee Ferguson.

21    **INTERROGATORY NO. 4**:

22    What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from

23    January 1, 1995 until present, in any county in which YOU operate and/or maintain a

24    jail?

25    (a)    For each such program, describe the mission and/or purpose of the

26    placement program.

27    (b)    For each such program, identify what criteria are used to decide who

28    may enter the program.

-5-

1    (c)    Identify all DOCUMENTS which relate to YOUR answer.

2    (d)    Identify all PERSONS whom YOU believe or suspect have

3 information to support YOUR answer.

4 **RESPONSE TO INTERROGATORY NO. 4**:

5    In addition to the General Objections stated above, Intervenor-Defendant objects

6 to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the

7 extent that it seeks information not relevant to this litigation nor reasonably calculated to

8 lead to the discovery of admissible evidence.

9    Without waiving and subject to the objections, Intervenor-Defendant responds that

10 from January 1, 1995 until present, the County utilizes ALTERNATIVE PLACEMENT

11 PROGRAMS, but the Ventura County Probation Agency manages all such programs.

12    (a)    The Ventura County Probation Agency manages all programs that are

13 alternative to jail sentences.

14    (b)    The Ventura County Probation Agency manages all programs that are

15 alternative to jail sentences.

16    (c)    The Ventura County Probation Agency manages all programs that are

17 alternative to jail sentences.

18    (d)    Karen Staples, Director/County Probation Officer.

19

20

21 DATED:    April 11, 2008          Respectfully submitted,
                                    JONES & MAYER
22

23

24    By: _____
                                    Ivy M. Tsai
25                                  Attorneys for Sheriff, Probation, Police
                                    Chief, and Corrections Intervenor-
26                                  Defendants

27

28

-6-