**EXHIBIT QQ Part 1**

JONES & MAYER
Martin J. Mayer (SB # 73890)
Michael R. Capizzi (SB # 35864)
Kimberly Hall Barlow (SB # 149902)
Ivy M. Tsai (SB # 223168)
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448
e-mail: mjm@jones-mayer.com
e-mail: mrc@jones-mayer.com
e-mail: khb@jones-mayer.com
e-mail: imt@jones-mayer.com

Attorneys for Sheriff, Police Chief, and Chief Probation Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | [F.R.C.P. 24; 18 U.S.C. § 3626(a)(3)(F)] <br><br> Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **INTERVENOR-DEFENDANT YOLO COUNTY SHERIFF'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

-1-

| | |
|---|---|
| PROPOUNDING PARTIES: | Plaintiffs, MARCIANO PLATA, et al. |
| RESPONDING PARTY: | Intervenor-Defendant, YOLO COUNTY SHERIFF |
| SET NUMBER: | One (1) |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 33, Intervenor-Defendant Yolo County Sheriff separately and fully responds to Plaintiffs' First Set of Interrogatories as follows:

### Preliminary Statement and General Objections

1. Intervenor-Defendant has not completed investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation for trial. Therefore, these responses, while based on diligent factual exploration, reflect only Intervenor-Defendant's current state of knowledge, understanding, and belief with regard to the matters about which inquiry has been made. Intervenor-Defendant reserves the right to supplement these responses with subsequently obtained or discovered information. With regard to each interrogatory, Intervenor-Defendant reserves the right, notwithstanding these answers and responses, to employ at trial or in any pretrial proceeding herein information subsequently obtained or discovered, information the materiality of which is not presently ascertained, or information Intervenor-Defendant does not regard as coming within the scope of the interrogatories as Intervenor-Defendant understands them.

2. These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that would require exclusion of any statement contained herein if any such interrogatories were asked of, or any statement contained herein if any such interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3. Except for explicit facts admitted herein, no incidental or implied

admissions are intended hereby. Intervenor-Defendant's answers or objections to any interrogatory are not an admission of any fact set forth or assumed by that interrogatory. In addition, each of Intervenor-Defendant's answers to an interrogatory or part of any interrogatory is not a waiver of part or all of any objection he might make to that interrogatory, or an admission that such answer or objection constitutes admissible evidence. Intervenor-Defendant asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality or privilege.

4. To the extent Intervenor-Defendant responds to these interrogatories, the responses will not include information protected by the right of privacy. All objections on the grounds of constitutional and common law privacy rights are expressly preserved.

5. Intervenor-Defendant objects to each and every Interrogatory to the extent that Plaintiffs are requesting information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Intervenor-Defendant objects to the Interrogatories to the extent that they are vague and ambiguous and do not include adequate definition, specificity, or limiting factors.

7. Intervenor-Defendant objects to the Definitions provided by Plaintiffs and the term "PERSON." The definition is vague, ambiguous, and overbroad as used in these Interrogatories.

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Intervenor-Defendant hereby responds as follows:

**INTERROGATORY NO. 1:**

From January 1, 1995 until the present, have any limit(s) been in place, as the result of any lawsuit, on the number of people that can be housed in any jail operated and/or maintained by YOU? If so:

    (a) State the name, date and case number of every case which resulted in any such limit(s).

1 **RESPONSE TO INTERROGATORY NO. 1:**

2 In addition to the General Objections stated above, Intervenor-Defendant objects
3 to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the
4 extent that it seeks information not relevant to this litigation nor reasonably calculated to
5 lead to the discovery of admissible evidence.

6 Without waiving and subject to the objections, Intervenor-Defendant responds:
7 Roy et al. v. County of Yolo et al., United States District Court, Eastern District of
8 California, Order Modifying Consent Decree filed August 25, 1997, NO. CIV S-90-
9 0393, DFL-JFM P.

10 **INTERROGATORY NO. 2:**

11 In any instance, from January 1, 1995 until the present, in which any limit(s) have
12 been in place on the number of people that can be housed in any jail operated and/or
13 maintained by YOU, what mechanisms were used to comply with those limits?

14   (a)   Identify all DOCUMENTS which relate to YOUR answer.
15   (b)   Identify all PERSONS whom YOU believe or suspect have
16 information to support YOUR answer.

17 **RESPONSE TO INTERROGATORY NO. 2:**

18 In addition to the General Objections stated above, Intervenor-Defendant objects
19 to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the
20 extent that it seeks information not relevant to this litigation nor reasonably calculated to
21 lead to the discovery of admissible evidence.

22 Without waiving and subject to the objections, Intervenor-Defendant responds:
23 Constant monitoring of consent decree mandates, including release criteria and inmate
24 population. Inmates released when population meets release threshold.

25   (a) Roy et al. v. County of Yolo et al., Consent Decree and Order Modifying.
26   (b) Undersheriff Tom Lopez, Captain Larry Cecchettini, Captain Rich Williams,
27     Lieutenant Dave Rademaker, Lieutenant Tina Day; attorneys Paul W. Comiskey,
28     Richard P. Herman, Paul T. Persons, and Dan Stormer; and Plaintiff Jesse Roy

**INTERROGATORY NO. 3:**

From January 1, 1995 until present, how many people have had their releases from any jail operated and/or maintained by YOU accelerated as a result of any limit(s) placed on the number of people that can be housed in that jail?

    (a)    Identify all DOCUMENTS which relate to YOUR answer.

    (b)    Identify all PERSONS whom YOU believe or suspect have information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds that approximately 2,551 inmates have been released. Data for 1997 could not be located.

(a) Consent Decree Releases internal tracking log.

(b) Undersheriff Tom Lopez; Captain Larry Cecchettini; Captain Rich Williams; Lieutenant Dave Rademaker; and Lieutenant Tina Day.

**INTERROGATORY NO. 4:**

What ALTERNATIVE PLACEMENT PROGRAMS have been in existence, from January 1, 1995 until present, in any county in which YOU operate and/or maintain a jail?

    (a)    For each such program, describe the mission and/or purpose of the placement program.

    (b)    For each such program, identify what criteria are used to decide who may enter the program.

    (c)    Identify all DOCUMENTS which relate to YOUR answer.

    (d)    Identify all PERSONS whom YOU believe or suspect have

information to support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections stated above, Intervenor-Defendant objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad; to the extent that it seeks information not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the objections, Intervenor-Defendant responds:

(a) Electronic Surveillance Program – its purpose is too offer an alternative to incarceration for minimum security inmates and low-risk offenders who are sentenced to serve time in the county jail.

(b) Eligibility for and participation in the Electronic Surveillance Program is evaluated on a case-by-case basis. Applicants shall be sentenced on all charges with no warrants or failures to appear in any jurisdictions. Participants must have a verifiable residence in Yolo County or a contiguous County with Working single dedicated telephone line and electrical power to support the monitoring equipment. Features such as call waiting, call forwarding, voice mail, answering machines, modems and fax machines are prohibited. Cordless telephones are not compatible with the system.

- Participants must be employed in Yolo County or a contiguous county.
- Participants shall not have been precluded from program participation by the Sentencing Judge.
- Participants are usually on a voluntary basis.
- Participants shall agree to all conditions and rules of the program in writing.
- All participants shall be interviewed prior to acceptance on the program.
- Participants shall have a clean drug test at the time of placement onto the program.
- Persons residing with the participant shall meet the standards of the

electronic surveillance program.

- Participants shall provide documentation of current insurance and registration of any and all vehicles the participant may drive or ride in, including written permission of the legal owner if applicable, as well as current valid driver license of any driver to be used.
- Participant's employer must be willing to accept the conditions applicable to the program and submit proof of worker's compensations insurance. In cases that the participant will not be working during the time on the program the employer need not be notified or involved.
- The employer shall provide adequate supervision at the work location within a 50-mile radius of the work programs office located in Woodland.
- The rate of pay shall be equal to or greater than the federal minimum wage and the participant must be paid the prevailing wage for the area.
- Self-employment will be considered on a case-by-case basis.
- Participants who are students shall maintain a C average or better and remain in good standing with the school.
- Employment and/or school shall lend itself to periodic, unannounced supervision by the Sheriff's Department of the participant.
- Applicants shall agree to remove any weapons (firearms, martial arts weapons, explosives, etc) from the residence and or the vehicle prior to placement on the program.
- Participants who are not on the program for medical reasons should meet the guidelines for the work furlough participants outlined in 1208 (c) P.C. with definitions outlined in 1208(j) 1-4 P.C. exceptions to these standards may be made by the work program staff on a case-by-case basis. These standards apply only to participants sentenced to more than 30 days.

**ADDITIONAL FACTORS:**

Electronic Surveillance Staff will review the following relevant information in