PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
E. IVAN TRUJILLO, Bar No. 228790
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' UPDATED STATEMENT REGARDING PHASE I AND II TRIAL EXHIBIT DISPUTES** |

Pursuant to this Court's oral ruling at trial on November 21, 2008 to file a joint statement regarding remaining disputes as to Plaintiffs' and Defendants' Phase I trial exhibits, the parties submitted their joint statement on December 8, 2008. Following the Court's decision to join Phases I and II, the parties conducted additional meet and confer sessions on Phase I and II trial exhibits. This filing contains only the remaining disputes for both phases. To the extent that this statement concerns Phase I exhibits, the statement supersedes Plaintiffs' portion of the December 8, 2008 statement.

Plaintiffs intended to file a joint statement with Defendants to update the Court. However, following the parties' meet and confer, without consulting Plaintiffs, Defendants filed a separate statement on December 18, 2008. *See Plata* Docket # 1962, *Coleman* Docket # 3421. Defendants then updated that filing on December 23, 2008. *See* Plata Docket # 1973, *Coleman* Docket # 3431).

## I.    REMAINING DISPUTES REGARDING PLAINTIFFS' TRIAL EXHIBITS

Defendants have maintained relevance objections to scores of Plaintiffs' Phase I and II exhibits, despite this Court's ruling on November 21, 2008 overruling all relevance objections with prejudice. RT November 21, 2008, 651:17-20. In addition to those exhibits, the parties were unable to resolve Defendants' objections to numerous other Plaintiffs' Phase I and of Plaintiffs' Phase II trial exhibits. Attached hereto as **Appendix A** is a true and correct copy of a spreadsheet which describes each disputed exhibit along with Defendants' objections, Plaintiffs' responses and Defendants' replies.

### A.    PLAINTIFFS' LEGAL ARGUMENTS

#### 1.    Defendants' Continuing Assertions of Relevance Flatly Ignore This Court's Ruling

Despite the fact that this Court clearly denied all pending relevance objections with prejudice on November 21, 2008, Defendants continue to assert relevance objections with respect to scores of disputed trial exhibits. *See* 11/21/08 Trial Transcript at 651:18-21 ("Objections based on relevance, as well as those based on cumulativeness, are denied with prejudice."). Many of these documents are monitoring documents submitted by Defendants to

Plaintiffs and the Special Master that directly address the connection between overcrowding and the ongoing violations of Plaintiffs' rights. *See, e.g.*, P-509, P-511, P-522, P-737. Others are Senate Committee Agendas recognizing the overcrowded conditions and documenting Defendants' many failed plans to resolve the problems. *See, e.g.*, P-13, P-14, P-744. There is no question, as the Court has already concluded, that all these documents are relevant to the instant proceedings. Defendants' objections are frivolous and an abuse of the process. The Court should reaffirm its ruling that all of Plaintiffs' trial exhibits are relevant and reject Defendants' improper relevance objections. If the Court is inclined to change its ruling with respect to relevance, however, Plaintiffs request the opportunity to state with more specificity why particular documents are relevant to these proceedings.

### 2. Defendants' Hearsay Objections Are Unwarranted

Defendants have continued to maintain hearsay objections for a number of exhibits which are party admissions, or for which a hearsay exception applies, including P-12 through P-14, P-16, P-41, P-42, P-44, P-55, P-64, P-106, P-109, P-117, P-120, P-123, P-124, P-127, P-134, P-143, P-147, P-157, P-177, P-181, P-197, P-227, P-229 through P-233, P-249, P-251, P-270, P-322, P-325, P-335, P-394, P-397, P-412, P-415, P-417, P-419, P-455, P-501, P-529, P-613, , P-617, P-618, P-620, P-714, P-724, P-726, P-729, P-734, P-735, P-744, P-762, P-767, P-768, P-775, P-777, P-806, and P-810. The documents generally fall into a series of categories, each of which is discussed below.

### 3. Memoranda and Emails by Defendants' Employees Constitute Party Admissions

Defendants also maintain the untenable position that trial exhibits P-106, P-123, P-124, P-127, P-143, P-147, P-157, P-197, P-249, P-251, P-397, P-501, P-618, P-724, P-726, P-729, P-734, P-735, P-767, and P-775 are inadmissible hearsay. These documents include memoranda and emails authored by Defendants' employees, public California Senate Subcommittee documents, California budget documents, official transcripts and other documents that qualify as hearsay exceptions. In numerous cases, the authors are high-ranking employees whose statements are binding on Defendants under Fed. R. Evid. 801(d)(2)(A).

*See, e.g.*, P-157 (briefing document by Victor Brewer, DMH Executive Director); P-197 (letter from Joe McGrath, Director of CDCR Custody Support Services); P-249 (email from Marion Chiurazzi, Deputy Director of CDCR Mental Health Clinical Services); and P-251 (email from Shama Chaiken, CDCR Chief Psychologist).

Even those documents which contain the statements of relatively low-ranking employees and agents are admissible because the statements concern matters within the scope of those individuals' employment, bringing them within the ambit of Fed. R. Evid. 801(d)(2)(D). *See, e.g.*, P-106 (memorandum by Robert Denkin, Senior Supervising Psychologist at Folsom State Prison discussing sudden increase in CCCMS population at Folsom State Prison); P-215 (memorandum by Richard Berkson, M.D, Chief Psychiatrist at SATF regarding the MHCB census at SATF); P-734 (memorandum by Jeff Fagot, Parole Regional Administrator, regarding AB 900 Management projects); P-767 (email by Suzanne Streater, Deputy Director for Mental Health, regarding Population Subcommittee meeting); *see* Robert E. Jones et al., Federal Civil Trials and Evidence § 8:2143 (2008) ("No matter how menial the level of employment, *any* employee's statement may be a vicarious admission by the employer if made in the course of employment and concerning matters related to the employment."); *Wilkinson*, 920 F.2d at 1565 ("Nothing in Rule 801(d)(2)(D) prevents the out-of-court statements of low-level employees from coming into evidence as non-hearsay admissions of a party-opponent in appropriate factual scenarios."); *cf., Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1045-46 (9th Cir. 1999) (holding statements from low-level crewmembers were admissible against cruise ship company). This is true even if Defendants failed to authorize or ratify the statements in question. *See, e.g., In re Sunset Bay Assocs.*, 944 F.2d 1503, 1519 (9th Cir. 1991) ("[T]he statements need only *concern* matters within the scope of the agency; they need not be made within the scope of the agency"); *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) ("We recognize, as suggested in the Notes of the Advisory Committee, that Rule 801(d)(2)(D) broadened the traditional view so that it is no longer necessary to show that an employee or agent declarant possesses 'speaking authority,' tested by the usual standards of agency law, before a statement can be admitted

against the principal.").

Accordingly, Defendants' memoranda and emails are admissible as party admissions.

### 4. Defendants' Studies, Reports and Requests for Financing Are Admissible as Party Admissions, Public Records, and Business Records

Similarly, Defendants' hearsay objections to documents such as P-117, P-147, P-177, P-227, P-229, P-230, P-231, P-232, P-233, P-397, and P-768 should be denied because these documents are studies, reports, and requests for financing created by Defendants and produced to Plaintiffs during discovery. For the reasons articulated in the preceding subsection, these documents are admissible against Defendants as party admissions under Fed. R. Evid. 801(d)(2).

Additionally, most of these documents are admissible as public records under Rule 803(8)(A). For example, exhibits like P-147, P-177, P-229, P-230, P-231, P-232, P-233, and P-768, which are Capital Outlay Budget Change Proposals, document the activities of Defendant state agencies as budget expenditures are proposed and evaluated. These documents are also business records under Rule 803(6), as the creation and submission of budget change proposals and finance letters are the normal method by which state agencies request and receive funding for projects in the regular course of state business.

### 5. Senate Subcommittee Agendas are Admissible as Public Records

Defendants also raise hearsay objections to documents such as P-13, P-14, P-64, P-109, P-120, and P-744 which are all Agendas of the Senate Committee on Budget and Fiscal Review, Subcommittee No. 4. These documents are admissible under the hearsay exception for public records. The Agendas describe the activities of the subcommittee and are therefore admissible under Fed. R. Evid. 803(8)(A). Additionally, the documents themselves reveal that subcommittee staff conducted an investigation into the CDCR's activities and accordingly issued the specific findings and recommendations stated in the report. *See, e.g.*, P-64 at E_CDCR_023477 (see section entitled "Staff Findings"). The Subcommittee Agendas are therefore also admissible under Fed. R. Evid. 803(8)(B) as public records.

### 6. Court Transcripts Are Admissible and Judicially Noticeable

Next, Defendants object to trial exhibits P-41, P-42, P-455 and P-777 on hearsay grounds. These documents are transcripts of hearings in *Madrid v. Tilton* (P-41 and P-42), *Coleman v. Schwarzenegger* (P-455), and *Plata v. Schwarzenegger* (P-777). Each is replete with admissions made by Defendants' authorized agents—their attorneys and, in the case of P-455, executive staff members—and should be admitted on that ground. *See* Fed. R. Evid. 801(d)(2)(C). Additionally, statements made by *Plata* Receiver Clark Kelso in the *Plata* hearing are admissible under the public records exception. *See* Fed. R. Evid. 903(8). Moreover, the transcripts are admissible as public records under Rule 803(8)(A), as they document the activities of the court during the hearing.

In addition, the *Coleman* and *Plata* transcripts are part of the record of this case and need not be separately admitted into evidence. The *Madrid* transcripts, by contrast, are judicially noticeable under Federal Rule of Evidence 201 because they contain relevant proceedings from another court. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (recognizing that courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue").

### 7. Documents by the Receiver and His Staff Are Admissible and Judicially Noticeable

Defendants next object on hearsay grounds to a series of documents authored by the Receiver and his staff including for instance: P-55, P-322, P-394, P-412, P-415, P-417 and P-419. The documents in question are admissible under Federal Rule of Evidence 803(8). Rule 803(8) provides for an exception to the hearsay rule for "[r]eports…of public offices or agencies, setting forth…(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report…or (C) in civil actions and proceedings…, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

The Receiver is an officer of the *Plata* Court. *See* 2/14/06 Order Appointing Receiver

(*Plata* Docket # 473) at 5-6 ("The Receiver and his staff shall have the status of officers and agents of this Court …."); *see also Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 371 (1908) (noting that receiver is an officer of the court).  The Receiver is tasked with bringing the prison health care system into constitutional compliance, and is obligated by the *Plata* Court to draft reports on the status of medical care in the prisons.  *See* 2/14/06 Order Appointing Receiver (*Plata* Docket No. 473) at 3.  The trial exhibits in question constitute "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," and are therefore admissible under Rule 803(8)(B).

Alternatively, the documents in question are admissible under Fed. R. Evid. 803(8)(C), which exempts from the hearsay rule reports "in civil actions and proceedings…, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."  As noted above, the Receiver is charged and vested with the authority of the *Plata* Court, and the *Coleman* Court through various "coordination orders," to bring the CDCR's medical system into constitutional compliance and, as part of that effort, is required to provide reports containing factual findings, including whether any obstacles exist to constitutional compliance. 2/14/06 Order Appointing Receiver (*Plata* Docket # 473) at 3.  The Receiver's documents that Plaintiffs seek to introduce as trial exhibits all discuss issues falling within this description and therefore fall squarely within Rule 803(8)(C)'s exception to the hearsay rule.  *See also Hill v. Marshal*, 962 F.2d 1209, 1215 & n.2 (6th Cir. 1992) (concluding report commissioned by state legislature that prison demonstrated a "pervasive pattern of failing to provide proper medication for inmates" was admissible under Fed. R. Evid. 803(8)).

Finally, as to P-412, P-413, P-414, P-415, P-416, and P-417, Plaintiffs request that these documents be admitted into evidence for the sake of completeness under Federal Rule of Evidence 106 because Defendants have introduced related writings by the Receiver.[1]

---

[1] Defendants do not object to P-323, P-413, P-414 and P-416 as hearsay, but do object to these exhibits on relevance grounds.

In the alternative and because all of the Receiver's documents were filed with the *Plata* court or published on the Receiver's official website, they are judicially noticeable under Federal Rule of Evidence 201. *E.g.*, P-322, P-323, P-412, P-413, P-414, P-415, P-416, P-417; *see Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, * 5 (N.D. Cal. Sept. 9, 2008); *In re Agribiotech Secur. Litig.*, 2000 WL 35595963, *2 (D. Nev. Mar. 2, 2000); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (recognizing that court make take judicial notice of public documents). Defendants themselves have essentially conceded this point by requesting that this Court take judicial notice of the Receiver's November 15, 2007 Plan of Action (*Plata* Docket No. 929-949) and June 6, 2008 Turnaround Plan of Action (*Plata* Docket No. 1229). *See* Defs.' Req. for Judicial Notice ISO Motions for Summary Judgment and/or Dismissal (*Coleman* Docket No. 3039). Indeed, the Court has already taken judicial notice of P-55 in its order denying Defendants' motion for summary judgment and/or dismissal. 11/3/08 Order (Coleman Docket # 3260) at 12:5-6.

Accordingly, these trial exhibits are admissible and, in the alternative, should be judicially noticed.

**8.     Newspaper Articles Containing Party Admissions Are Admissible**

Defendants object that P-44, P-325, P-335 and P-613—all newspaper articles—are inadmissible hearsay. P-325 and P-335 are admissible because they contain party admissions. P-335 is a July 24, 2008 article written by Defendant-Intervenors George Runner and Todd Spitzer. P-325 is a July 23, 2006 San Francisco Chronicle article that contains multiple direct quotations from Susan Kennedy and then-Secretary James Tilton. P-44, a Sacramento Bee article from November 1, 2007, describes how CDCR was fined by the California's Department of Occupational Safety and Health due to bacterial infections at Folsom State Prison and contains numerous quotations from a CDCR spokeswoman. P-613 was written by Joan Petersilia, an agent of the Defendants, on a matter within the scope of her agency, and during the existence of her agency relationship, so the article as a whole constitutes an

-7-

1  admission. In the alternative, these documents may be judicially noticed because the facts in
2  the articles are "capable of sufficiently accurate and ready determination." *Ritter v. Hughes*
3  *Aircraft Co.,* 58 F.3d 454, 458-59 (9th Cir. 1995).

### 9. Defendants' Objections to P-12, P-134 and P-270 Are Unwarranted

Finally, Defendants have raised hearsay objections to P-12, P-134 and P-270. These objections should be denied. P-270 is a court filing containing former-Special Master Keating's resume. It is being submitted to show that the Special Master is qualified, not for the truth of the matter asserted. As such, it is not hearsay. P-12 is an affidavit from an *Armstrong* class member filed in that case. It contains the class member's experiences as a person with a disability in the CDCR, and therefore is admissible under Federal Rules of Evidence 803(1) and 803(3). In the alternative, P-12 should be judicially noticed. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). Finally, P-134 should be admitted because it contains numerous party admissions and because it is a business record under Rule 803(6). For instance, P-134 contains numerous admissions from then-CDCR Secretary Roderick Hickman. *E.g.*, P-134 at 23 (noting that, in his testimony at a Commission hearing, Mr. Hickman listed overcrowding first among the factors contributing to violence in prison). This is a party admission under Rule 801(d)(2)(A), (D). Moreover, P-134 is a business record. The Commission on Safety and Abuse in America's Prisons, which authored P-134, a report entitled "Confronting Confinement," conducted a series of public hearings over the course of a year studying health and safety in America's prisons pursuant to grants it had received to study and issue a public report on the subject. *See* Commission on Safety and Abuse in America's Prisons, *available at* http://www.prisoncommission.org/ (last visited Dec. 8, 2008). Accordingly, it was part of the Commission's regular practice to issue the report in question and it is therefore a business record. In the alternative, P-134 is judicially noticeable, as courts routinely take judicial notice of information that appears on commercial or non-profit websites. *See, e.g., Coalition for Icann Transparency Inc. v. Verisign, Inc.*, 464 F. Supp. 2d 948, 953 n.1 (N.D. Cal. 2006); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006); *College of the Sequoias Farm v. White Gold Assoc.,*

-8-
PLAINTIFFS' UPDATED STATEMENT REGARDING PHASE I AND II TRIAL EXHIBIT DISPUTES, NOS. CIV 90-0520 LKK-JFM, 01-1351 TEH

[262422-1]

*Inc.*, 2007 WL 2022040, *11 (E.D. Cal. 2007).

### 10. Defendants' Remaining Objections Based on Authenticity and Foundation Are Unwarranted

Defendants also continue to assert objections to a number of Plaintiffs' trial exhibits on authenticity and foundation grounds, including Exhibits P-16, P-117, P-123, P-124, P-147, P-157, P-177, P-181, P-227, P-229, P-230, P-231, P-232, P-233, P-501, P-620, P-714, P-729, P-762 and P-768. Such objections are misplaced, as the majority of these documents were produced by Defendants in response to discovery requests in this action. Where a document is produced in discovery, and then offered into evidence by the party-opponent in the same litigation, the document is adequately authenticated. *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir.1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); 31 Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as…production of items in response to…[a] discovery request."). The only exception to this is P-501, which is authenticated by the fact that it was emailed directly to Plaintiffs by Defendants and is on CDCR letterhead.

Additionally, P-157 was authenticated through a deposition of Defendants' employee having personal knowledge of the document, as contemplated by Fed. R. Evid. 901(b)(1). *See* Deposition of Victor Brewer, 9/4/08, 19:12 - 21:13 (authenticating P-157). Defendants have provided no information to rebut the presumptive authenticity of this document, and their objection should be denied.

In addition to the authentication objections discussed above, Defendants have raised a separate objection based on foundation for the above-listed documents as well as P-181, P-124, P-16 and P-775.[2] For P-16 and P-181,[3] Defendants have failed to specify what foundational

---

[2] Defendants do not contest the authenticity of P-181 and P-124.

elements beyond authenticity are allegedly lacking in these documents, all of which were produced to Plaintiffs by Defendants. If necessary, however, and as Plaintiffs have repeatedly advised Defendants, Plaintiffs stand ready to call Defendants' custodian of records to lay the foundation for these documents. For P-124, Defendants object that the document, produced by Defendants during discovery, is "an incomplete and unauthorized draft by [Deborah] Hysen." For P-775, Defendants also claim that the letter was a draft that was not sent. Defendants cite no authority for the notion that a document lacks foundation purely because it is in draft form and not officially ratified or sent. As such, this Court should reject Defendants' remaining foundation and authenticity objections.

### 11. Defendants' Privilege Objections are Invalid

Finally, Defendants continue to assert privilege with respect to the following trial exhibits, but these objections are invalid: P-16, P-123, P-147, P-177, P-182, P-227, P-229, P-230, P-231, P-232, P-233, P-598, P-599, P-718, P-739, P-768 and P-817. As to documents like P-16, P-147, P-227, P-229, P-230, P-231, P-232, P-233, P-768, and P-817, Defendants produced all of these documents in discovery, yet never listed a single one of them on any of their numerous privilege logs, nor did they seek the return of these documents under the parties "clawback" agreement. Therefore, any privilege assertion has been waived.

Additionally, Defendants initially included P-182 on their November 9, 2007 privilege log. However, this Court granted Defendants' request for additional time to review and revise their privilege logs on December 14, 2007. 12/14/07 Order (Coleman Docket # 2620). Defendants have never included P-182 on privilege log post-dating the December 14, 2007 order. Any possible assertion of privilege is therefore waived and Defendants' objection to the admissibility of P-182 on privilege grounds must be rejected.

Finally, Defendants' assertions of privilege fail with respect to documents like P-598

---

[3] With respect to P-124, Defendants object that the document, produced by Defendants during discovery, is "an incomplete and unauthorized draft by [Deborah] Hysen." Defendants cite no authority for the notion that a document lacks foundation purely because it is in draft form and
(continued . . .)

and P-718 because they were produced by Defendants on February 4, 2008 pursuant to Judge Moulds's January 30, 2008 order to do so. *See* 1/30/08 Order (Coleman Docket # 2662). Similarly, the privilege claims fails with respect to P-123 and P-177 because these documents were produced by Defendants on August 11, 2008 in response to Judge Moulds's August 7, 2008 order requiring production of documents already rejected as privileged by both Judge Moulds and the Three Judge Court. *See* 8/7/08 Order (Coleman Docket # 2927). Defendants' claim that P-599 is privileged is invalid because the document was produced by Defendants on August 25, 2008 pursuant to Judge Moulds's August 21, 2008 order to produce all documents listed on Exhibit A to the February 25, 2008 Rifkin declaration, which included P-599. *See* 8/21/08 Order (Coleman Docket # 2970). Moreover, Defendants' appeals of the underlying orders requiring production have been dismissed by the Ninth Circuit. *See* 11/5/08 Ninth Circuit Order (dismissing appeal No. 08-16717); 11/6/08 Ninth Circuit Order (dismissing appeal No. 08-16682). As such, Defendants' privilege assertions for these documents must fail.

## II.    REMAINING DISPUTES REGARDING DEFENDANTS' TRIAL EXHIBITS

Attached hereto as **Appendix B** is a list of Defendants' Phase I exhibits annotated with Plaintiffs' Objections, Defendants' Reponses, and Plaintiffs' Replies. Again, Defendants would not agree to submit a filing jointly and only Plaintiffs' legal arguments are therefore included below.

### A.    PLAINTIFFS' LEGAL ARGUMENTS

#### 1.    Plaintiffs Object to Defendants' Summaries of Documents Because Defendants Failed to Produce the Underlying Data as Required by Fed. R. Evid. 1006.

The following exhibits are graphs or summaries of data for which defendants have failed to produce the underlying data as required by Fed. R. Evid. 1006: D-1190 (Correctional

---

not officially ratified.

-11-
PLAINTIFFS' UPDATED STATEMENT REGARDING PHASE I AND II TRIAL EXHIBIT DISPUTES, NOS. CIV 90-0520 LKK-JFM, 01-1351 TEH
[262422-1]

Offender Management Profiling for Alternative Sanctions (COMPAS) Report)[4]; D-1235 (Staffing Progress for Medical and Mental Health); D-1236 (Suicides); D-1245 (Hiring Progress Report Summary); D-1246 (Staffing Charts); D-1248 (Sacramento Risk and Needs)[5]; D-1249 (San Diego Risk and Needs)[6]; D-1290 (Waitlist Trends); D-1308 (Mentally Ill Parolee Population Report.[7]

As a prerequisite to the admission of summaries of voluminous data, Fed. R. Evid. 1006 requires that the underlying data "shall be made available for examination or copying, or both, by other parties at reasonable time or place." No such originals or copies have been made available to this day. For the above-listed exhibits, Defendants have not made the underlying data available. Fed. R. Evid. 1006 requires that the underlying data be made available timely "to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996). The time during which such verification could take place is long past. The Court is well within its discretion to exclude these summaries on the grounds that the underlying "raw data" cannot be tested for reliability if it is produced now with the trial well underway. *Amarel*, 102 F.3d at 1517.

The same failure to produce the raw data fatally undermines Defendants' assertion of the business records exception, Fed. R. Evid. 803(6), for these summaries. Even if the data summarized in these chart were collected in the course of regularly conducted business and could themselves be inadmissible, Fed. R. Evid. 1006 does not permit admission of summaries without advance production of the underlying business records.

For example, D-1235 is a series of graphs that purports to show staffing trends for

---

[4] As noted below, Plaintiffs do not object to admission of this report if Defendants seek only to show that the COMPAS program is in use and do not seek to establish the truth of any of the risk and needs figures stated therein.

[5] As noted below, Plaintiffs do not object to admission of this exhibit for a limited purpose.

[6] As noted below, Plaintiffs do not object to admission of this exhibit for a limited purpose.

medical and mental health positions over various periods.  For the medical staffing trends collection of 7 charts (D-1235, Part 2), the only underlying materials that have been provided consist of another summary marked as D-1263.  D-1263 is clearly a summary prepared for litigation, as each table has headings keyed to events in this case, such as "Date Established by Three-Judge Court in July 2, 2008 Order 1 Month Later."  Thus, D-1263 is clearly not a business record covered by Fed. R. Evid. 803(6), and cannot satisfy the Fed. R. Evid. 1006 requirement of underlying data for D-1235 Part 2.  The same basis for exclusion applies to D-1235, Part 1, a graph and table purporting to show a change in mental health staffing from 1994 to 2008.  Despite repeated requests from Plaintiffs' counsel, Defendants failed to provide the underlying data regarding 2008 staffing until December 23, 2008.  That data, similar to the data provided regarding 1994 and 1995, was not provided within a "reasonable time" as required by Fed. R. Evid. 1006.

For D-1236, Defendants' assertion of the business record exception, Fed. R. Evid. 803(6), is beside the point.  This bar chart purports to summarize voluminous records of suicides, and must therefore meet the Fed. R. Evid. 1006 requirement that the data used to compile the chart be made available at a "reasonable time," in order "to give the opposing party an opportunity to verify the reliability and accuracy of the summary prior to trial." *Amarel,* 102 F.3d at 1516.  The proponent of a summary has an affirmative obligation to make the raw data available even if it is not demanded in discovery.  *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996).  In the meet and confer process, Plaintiffs demanded the raw data, and received only a single sheet of paper with no data at all, but just with the formulas used to calculate the moving average line in the chart.  The remaining data has not been provided to date.

For D-1246, Defendants' assertion of the business record exception, Fed. R. Evid. 803(6), is again beside the point.  This bar graph purports to summarize systemwide

---

[7] As noted below, Plaintiffs do not object to admission of this exhibit for a limited purpose.

1   "established" and "filled" positions.  Defendants have not provided the source data, and in an

2   email on December 4, 2008, stated that they would provide it at some future date.  Providing

3   the information as some future date after trial has commenced is not consistent with Fed. R.

4   Evid. 1006.  *See Davis & Cox v. Summa Corp*., 751 F.2d 1507, 1516 (9th Cir. 1985),

5   *superseded by statute on other ground*.  The data has not been provided to date.

6   For D-1290, this series of bar graphs purports to show changes in wait lists for higher

7   levels of care in the Mental Health Services Delivery System.  Fed. R. Evid. 1006 requires that

8   the materials being summarized "shall be made available for examination or copying, or both,

9   by other parties at reasonable time or place."  The underlying data has not been made available

10  for verification by Plaintiffs counsel as late as December 23, 2008.

11  For D-1308, the purported "Recidivism Rates of Mentally Ill Parolees" table at page 4 is

12  an improper summary that fails to meet the requirements of Fed. R. Evid. 1006 that the

13  underlying data be made available.  The underlying data has not been made available to date.

14  Moreover, the author of this document, Robert Storms, testified in deposition that the

15  information from this chart came from an outside research organization and thus was not

16  collected in the ordinary course of business.  In addition, Mr. Storms was unable to account for

17  the manner in which the purported recidivism calculations were made.  (Depo. of Robert

18  Storms, 79:3-15; 84:8-87:25.)

**2.     Pursuant to Fed. R. Evid. 106, *Plata* Monitoring Letters Should Not Be Admitted Piecemeal, but Together with The Entire Body of Monitoring Letters that "Ought in Fairness" to Be Considered with Them.**

For D-1073-1084, Plaintiffs sought an agreement that if these *Plata* monitoring letters are received into evidence, they should be received along with other letters written by Plaintiffs' counsel after visits to prisons to check on the status of medical care delivery.  The other letters that Plaintiffs seek to admit for this purpose have been identified as Plaintiffs' Exhibits P-831 through P-837.  It is unfair for Defendants to argue that the letters constitute party admissions while also arguing that Plaintiffs never, for example, asserted in post-tour letters that there was a lack of adequate clinical or other medical space or mentioned crowding

related problems, when other letters did all of those things. The additional letters specified by plaintiffs are "other writings" which the Court in fairness must consider together with the letters selected by defendants. Defendants' response fails to address this key point of plaintiffs' objections.

### 3. Certain Exhibits Should Be Admitted Only For A Limited Purpose, Pursuant to the Parties' Agreement.

Plaintiffs request that the following exhibits, as noted in the Reply section of Appendix B, be received only for the purpose of showing that Defendants have proposed plans to address various issues arising from the development of mental health or medical services, and not for the truth or accuracy of any statements regarding population forecasts, or whether the plan has or will be implemented. These include Exhibits D-1139-1146, D-1152-1154, D-1156-1160, D-1162, D-1175, D-1177-1182, D-1184, D-1193, D-1288, D-1312.

For D-1190, Plaintiffs objected to this summary under Fed. R. Evid. 1006 because the raw data (over 70,000 individual risk and needs assessments) has not been made available and cannot be reasonably verified if it is made available this late. The parties have agreed, however, that it may be admitted for the limited purpose of showing that Defendants have implemented the COMPAS risk and needs assessment.

Consistent with this agreement, Plaintiffs request that the Court issue an order stating that D-1190 is admitted only for the purpose of showing that "CDCR has implemented the Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) instrument." (The quoted language is from the Trial Affidavit of Thomas Hoffman at page 8:23-25, which sponsors D-1190 as evidence of the truth of the quote.) Therefore, Plaintiffs request that the Court not admit this exhibit for the truth of the risk and need evaluations in the charts, but only for the parties' agreed-upon purpose of showing that CDCR has a risk and needs program underway, as stated in the Trial Affidavit of Thomas Hoffman at pages 8:23 to 9:19 (Coleman Docket No. 3148).

Similarly, for D-1308, a background paper by the Department of Adult Parole Operations on Mentally Ill Parolees, Defendants have now stated that this exhibit is offered

1  only for the purpose "to show identification of projects occurred." (Appendix B hereto,
2  Defendants' Responses, D-1308.) Plaintiffs do not object to its admission for this limited
3  purpose. The background paper, however, contains a chart at page 4 purporting to list
4  recidivism rates of mentally ill parolees. The underlying data for this chart was never made
5  available to Plaintiffs as required by Fed. R. Evid. 1006. Moreover, the author of the
6  background paper testified in his deposition that the information for this chart came from an
7  outside research organization. (Depo. of Robert Storms, 79:3-15.) Thus, it was not collected
8  in the ordinary course of business, making the business records rule inapplicable. In addition,
9  the author of the document was unable to account for the manner in which the purported
10 recidivism calculations were made. (*Id*. 79:3-15; 84:8-87:25.) Plaintiffs therefore request that
11 the Court order D-1308 admitted only for the limited purpose of showing that Defendants
12 identified certain projects to meet the needs of mentally ill parolees, but that the chart on page
13 4 is excluded as hearsay and as an improper summary under Fed. R. Evid. 1006.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

[262422-1]

### 4. Defendants' Exhibit D-1209 Should Be Excluded As Hearsay Because It Is Not Subject to Any Exception

Finally, Plaintiffs object to D-1209, an article by Joan Petersilia entitled "When Prisoners Return to the Community." The article should be excluded as hearsay, as it is an out of court statement apparently offered for the truth of the matter and is not subject to any applicable exception. Defendants contend that this article is a hearsay exception pursuant to Fed. R. Evid. 803(18) as a learned treatise. *See* Appendix B hereto, Defendants' Exhibit D-1209. Federal Rule of Evidence 803(18), however, specifically states that if something is admitted as a learned treatise, "the statements may be read into evidence *but may not be received as exhibits*." Defendants failed to read this article into the record and the Court should now reject is as a trial exhibit pursuant to Fed. R. Evid. 803(18). In addition, Defendants failed to use this exhibit with an expert, which is also required for admission. Fed. R. Evid. 803(18)("To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises…established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice.").

Dated: December 23, 2008              Respectfully submitted,

                                      ROSEN, BIEN & GALVAN LLP

                                      */s/ Amy Whelan*
                                      Amy Whelan
                                      Attorneys for *Coleman* Plaintiffs and on
                                      Behalf of *Plata* Plaintiffs