| | |
|---|---|
| EDMUND G. BROWN JR. <br> Attorney General of the State of California <br> DAVID S. CHANEY <br> Chief Assistant Attorney General <br> JONATHAN L. WOLFF <br> Senior Assistant Attorney General <br> KYLE A. LEWIS – State Bar No. 201041 <br> Deputy Attorney General <br> 455 Golden Gate Avenue, Suite 11000 <br> San Francisco, CA 94102-7004 <br> Telephone: (415) 703-5677 <br> Facsimile: (415) 703-5843 <br> kyle.lewis@doj.ca.gov <br><br> Attorneys for Defendants | HANSON BRIDGETT LLP <br> JERROLD C. SCHAEFER – 39374 <br> PAUL B. MELLO – 179755 <br> S. ANNE JOHNSON – 197415 <br> SAMANTHA D. TAMA – 240280 <br> RENJU P. JACOB – 242388 <br> 425 Market Street, 26th Floor <br> San Francisco, CA 94105 <br> Telephone: (415) 777-3200 <br> Facsimile: (415) 541-9366 <br> jschaefer@hansonbridgett.com <br> pmello@hansonbridgett.com <br> ajohnson@hansonbridgett.com <br> stama@hansonbridgett.com <br> rjacob@hansonbridgett.com |

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. CIV S-90-0520 LKK JFM P (E.D. Cal.) |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C 01-1351 TEH (N.D. Cal.) |

DEFS.' RESP. TO ORDER RE STIP. RE APPROVAL OF OIG INSPECTION PROGRAM
(CASE NO. 01-1351 TEH)

1821305.1

| | | |
|---|---|---|
| 1 | CARLOS PEREZ, et al., | No. C 05-5241 JSW (N.D. Cal.) |
| 2 | Plaintiffs, | |
| 3 | v. | |
| 4 | MATTHEW CATE, et al., | |
| 5 | Defendants. | |
| 6 | | |
| 7 | JOHN ARMSTRONG, et al., | No. C 94-2307 CW (N.D. Cal.) |
| 8 | Plaintiffs, | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE RE: HEALTH CARE ADMINISTRATIVE APPEALS COORDINATION AGREEMENT** |
| 9 | v. | |
| 10 | ARNOLD SCHWARZENEGGER, et al., | |
| 11 | Defendants. | |

On January 15, 2009, the Courts in the above matters ordered Defendants to show cause why the agreement regarding development of a new statewide health care appeals program under the responsibility and control of the Receiver, which was reached by the Receiver in *Plata*, the Special Master in *Coleman*, and the Court Representatives in *Perez* and *Armstrong*, should not be adopted as an order of the Courts. Accordingly, Defendants submit the following statement in response to the Courts' order.

In light of Defendants' recent motion to replace the Receiver with a special master, the coordination agreement to cede all control to the Receiver with regard to the inmate appeals system may become moot. At a minimum, the Courts should not approve this agreement and transfer additional responsibilities to the Receiver until Defendants' recent motion is resolved. To the extent that the Receivership continues to exist, Defendants object to the agreement in so far as it calls for the Receiver to control inmate appeal responses to issues outside the purview and expertise of the Receiver, including custodial issues. Defendants do agree that a new single inmate appeal response system should be developed to respond to all inmate concerns which would delineate the various responsibilities between the Receiver and the California

- 2 -

Department of Corrections and Rehabilitation, but the State should be the entity in charge of such a system and not the Receiver.

Only the California Department of Corrections and Rehabilitation (CDCR) is in the position to respond to inmate appeals regarding custodial concerns. The Receivership, unlike the State, has neither the expertise to respond to such inmate appeals, nor the authority to take action. Additionally, the Receivership has not subjected itself to the current Title 15 regulations governing responses to inmate appeals, including timelines within which to respond. Accordingly, the State is in the better position to timely address all inmate concerns and should therefore be responsible for responding to all inmate appeals regardless of topic.

The State is willing to meet with all stakeholders to work towards the development of a system integrating inmate appeal responses to all issues -- including medical care, mental health care, dental, ADA, and custodial. The State is also willing to entertain any proposed plan by the Receiver to integrate the inmate appeals systems, though it does not appear from the coordination agreement that such a plan has been developed to date.

Defendants believe that because the State is currently in the best position to respond to all inmate concerns, the Receiver should not be permitted to take control over the entire inmate appeal response system, particularly where the Receivership has neither the knowledge nor the ability to respond to custodial concerns. Indeed, this coordination agreement lends further credence to Defendants' ongoing concern regarding the seemingly limitless expansion of the scope of the Receivership. Further, given the *Plata* Court's stated goal of eventually effecting a transition of control

//
//
//
//
//

from the Receiver back to the State, the transition process will be much more seamless if certain systems, such as the inmate appeal response system, are developed and maintained by the State at their inception.

DATED: January 30, 2009

HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants Arnold Schwarzenegger, Matt Cate, et al.

DATED: January 30, 2009

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Cynthia Fritz
CYNTHIA FRITZ
Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.

DATED: January 30, 2009

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.

DATED: January 30, 2009

EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Charles Antonen
CHARLES ANTONEN
Deputy Attorney General
Attorneys for Defendants Arnold Schwarzenegger, et al.

- 4 -
DEFS.' RESP. TO OSC RE INMATE APPEALS SYSTEM
(CASE NOS. 90-00520 LKK JFM; 01-1351 TEH; 05-5241 JSW; 94-2307 CW)    1821305.1