1

2

3

4

5 IN THE UNITED STATES DISTRICT COURTS

6 FOR THE EASTERN DISTRICT OF CALIFORNIA

7 AND THE NORTHERN DISTRICT OF CALIFORNIA

8

9 RALPH COLEMAN, et al.,

10                Plaintiffs,                    No. CIV S-90-0520 LKK JFM P (E.D. Cal.)

11        v.

12 ARNOLD SCHWARZENEGGER,
   et al.,
13
                Defendants.
14 _____/

15 MARCIANO PLATA, et al.,

16                Plaintiffs,                    No. C 01-1351 TEH (N.D. Cal.)

17        v.

18 ARNOLD SCHWARZENEGGER,
   et al.,
19
                Defendants.
20 _____/

21 CARLOS PEREZ, et al.,

22                Plaintiffs,                    No. C 05-5241 JSW (N.D. Cal.)

23        v.

24 MATTHEW CATE, et al.,

25                Defendants.

26 _____/

JOHN ARMSTRONG, et al.,

         Plaintiffs,             No. C 94-2307 CW (N.D. Cal.)

     v.

ARNOLD SCHWARZENEGGER,     ORDER TO SHOW CAUSE
et al.,

         Defendants.

_____/


      The Receiver in <u>Plata</u>, the Special Master in <u>Coleman</u>, and the Court Representatives in <u>Perez</u> and <u>Armstrong</u> have presented to the judges in the above-captioned cases an agreement that they have reached during the coordination meetings that they have held to date. The agreement, which is attached to this order, is presented to the undersigned for review and approval.

      Good cause appearing, IT IS HEREBY ORDERED that the parties in the above-captioned cases are granted until January 30, 2009, to show cause why the attached agreement should not be adopted as an order of the court. Any response to this order to show cause shall be filed in each of the above-captioned cases and served on all of the parties to all of the cases and on the Receiver, the Special Master, and the Court Representatives. Thereafter, the request for approval of the agreement will be taken under submission for individual and joint consideration by the undersigned.


**IT IS SO ORDERED.**


Dated:  01/15/09

                        _____
                        LAWRENCE K. KARLTON
                        SENIOR UNITED STATES DISTRICT JUDGE
                        EASTERN DISTRICT OF CALIFORNIA

1

2

3    Dated:  01/15/09

THELTON E. HENDERSON
4                                         SENIOR UNITED STATES DISTRICT JUDGE
5                                         NORTHERN DISTRICT OF CALIFORNIA

6

7    Dated:  01/15/09

JEFFREY S. WHITE
8                                         UNITED STATES DISTRICT JUDGE
9                                         NORTHERN DISTRICT OF CALIFORNIA

10

11   Dated:  01/15/09

CLAUDIA WILKEN
12                                        UNITED STATES DISTRICT JUDGE
13                                        NORTHERN DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

Health Care Administrative Appeals
Coordination Agreement

In May 2007, the Receiver filed his first Plan of Action.  One of the objectives of the plan of action was to "[r]edesign, pilot and implement a credible complaint and appeal process that is efficient, responsive and effective in achieving rapid resolutions."  To achieve this objective a plan of action was developed which included: 1) conducting a statewide analysis of the current appeals process, 2) conducting stakeholder meetings, 3) drafting new policies and procedures, and 4) developing a new process map that outlined the proposed Health Care Appeals, Correspondence and Patient Advocacy (HCACPA) Program.  This objective was incorporated into the Receiver's Turnaround Plan of Action which was filed with the *Plata* court on June 6, 2008.  The Court approved the Receiver's Turnaround Plan of Action on June 16, 2008.

A statewide analysis of the current appeals process was completed and a series of four stakeholder meetings and two focus group meetings were conducted.  Participants in the stakeholder meetings included representatives from the Prison Law Office, Rosen, Bien, and Galvan, the *Perez* Court Experts, and representatives of the Coleman Special Master, Inmate Appeals Branch (IAB), Office of the Attorney General, CDCR Office of Court Compliance, CDCR Office of Legal Affairs, CDCR Division of Correctional Health Care Services and California Prison Health Care Services (CPHCS) staff.  As a result of the stakeholder and focus group meetings, a list of recommended revisions to the current health care appeals process was submitted and approved by the stakeholders.  Once approved, the recommended revisions were submitted to the Receiver's Chief of Staff for approval.  The recommended revisions were approved on June 16, 2008, and have been rolled out as a pilot program at four institutions (Central California Women's Facility, Mule Creek State Prison, Pelican Bay State Prison and San Quentin State Prison), beginning on November 1, 2008.  Once the pilot program has been completed and assessed, recommendations will be submitted to the Receiver and the court representatives for the *Armstrong*, *Coleman* and *Perez* cases for statewide implementation.

To determine whether to complete the transition of all health care appeals from custody to the California Prison Health Care Services (CPHCS), staff is currently conducting an analysis of the Americans with Disabilities Act (ADA) appeals process including a review of the current *Armstrong* Remedial Plan, forms and past appeal responses.  Once the analysis is completed, CPHCS staff will reconvene the task force, comprised of the stakeholders listed above and the *Armstrong* Court Expert, to discuss issues and possible changes to the current ADA Health Care Appeals process.  The task force recommendations will also address all current *Armstrong* court orders and will be submitted to the Class Action Coordination group (also known as the coordinating group or the coordinating parties) for comment.

The Receiver will assume responsibility for the new statewide health care appeals program.  To accomplish the initiatives described above, the Receiver has determined a need to request a waiver of state law regarding the governance and process of administrative appeals related to health care concerns.  The request for waiver will only address those regulations which fall under Title 15, California Code of Regulations, section 3084, et seq.