EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
LISA A. TILLMAN – State Bar No. 126424
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5708
Facsimile: (415) 703-5843
lisa.tillman@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>**To: Three-Judge Panel** |

- 1 -
DEFS.' OBJECTIONS TO PLS.' REQUEST FOR JUDICIAL NOTICE
(2:90-CV-00520 LKK JFM)(C01-1351 TEH)

1821836.3

Defendants submit their objections to Plaintiffs' Request for Judicial Notice filed in connection with Plaintiffs' Proposed Findings of Fact and Conclusions of Law. (RJN, 1/23/2009, *Plata* Dock. No. 2027.)[1] This Court should decline to take judicial notice of the eleven documents offered by Plaintiffs because: (1) it would prejudice Defendants and Defendant-Intervenors, (2) the proposed evidence is barred by this Court's prior rulings, and (3) judicial notice is not proper under Rule 201 of the Federal Rules of Evidence.

## I. THE COURT SHOULD DECLINE TO ADMIT THE ELEVEN DOCUMENTS CONTAINED IN PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AS IT WOULD PREJUDICE DEFENDANTS AND DEFENDANT-INTERVENORS.

It is manifestly unfair to allow Plaintiffs to introduce evidence after the close of evidence and after the close of discovery. The Federal Rules of Evidence do not permit this Court to grant judicial notice because it was requested after the close of evidence and will result in prejudice to the parties. While Rule 201(f) states that "judicial notice may be taken at any stage of the proceeding," this rule is not without limitation. Specifically, it cannot be taken after the close of evidence when it would result in prejudice to a party. *See Colonial Leasing Co. v. Logistics Control Group Int'l*, 762 F.2d 454, 461 (5th Cir. 1985) (finding judicial notice after the close of evidence was prejudicial where party did not have the opportunity to present evidence to the contrary).

In *Colonial Leasing Co.,* plaintiff Colonial Leasing requested judicial notice after the close of evidence and the trial court granted the request. *Id.* at 457. The Fifth Circuit noted the prejudice that defendant Logistics Group International suffered as a result of the trial court's acceptance of this post-trial request:

> the court's taking judicial notice after trial prejudiced Logistics' presentation of its own case. Because Logistics believed, correctly, that Colonial had not made out its prima facie case, Logistics rested on its motion for directed verdict without producing any evidence. As we have noted, had Colonial successfully introduced the Oregon judgment in its case-in-

---

[1] For Three-Judge Panel docket entries, Defendants include the associated *Plata* docket number only.

- 2 -

       chief, Logistics would have been entitled to produce evidence that it was procured fraudulently or with the collusion of Old Gulf Ports.

*Id.* at 460-61.

  Like *Colonial Leasing Co.,* judicial notice is being improperly sought after the close of evidence.  Plaintiffs seek judicial notice of eleven documents totaling 327 pages after they closed their case.  (RJN, 1/23/2009, *Plata* Dock. No. 2027.)  Defendants and Defendant-Intervenors have not had the opportunity to conduct relevant discovery or to present contrary evidence.  (*See* RJN, ¶¶ 1, 3, 6-7, 9-11.)  Much of this proposed evidence could have been introduced during trial, affording Defendants and Defendant-Intervenors the opportunity to respond.  Other documents were in existence before the close of discovery.  (*Id.* at ¶¶ 7, 10-11.)  Other documents are inadmissible because they are in direct violation of this Court's order.  (*See* Argument, Section II, *infra*.)  Rather than timely seeking to introduce this proposed evidence at trial or disclose this proposed evidence during discovery, Plaintiffs now ask the Court to take judicial notice of these documents after the close of evidence and after Plaintiffs have rested their case.

  Plaintiffs' litigation tactic thereby deprived Defendants and Defendant-Intervenors the opportunity to respond in an evidentiary fashion.  Further, Defendants could have conducted discovery against Plaintiffs and their experts regarding the documents Plaintiffs now seek to admit.  Instead, Plaintiffs now seek the wholesale introduction of 327 pages of complex facts into the record.  Such a request is wholly improper.  (*See also,* Argument, Section III.A., *infra*) (explaining the impropriety of seeking judicial notice of entire documents rather than specific facts.)  Had Plaintiffs sought introduction of this proposed evidence during trial, Defendants could have probed the admissibility of the proposed evidence through cross examination or could have called witnesses to rebut it.  Similarly, while some proposed evidence came into existence after Plaintiffs rested their case, the Court should also disregard that evidence because the parties also do not have the opportunity to respond in an evidentiary manner.

  Like *Colonial Leasing Co.,* Plaintiffs seek judicial notice of evidence which would

- 3 -

fill in gaps or establish elements of their case-in-chief. Specifically, some of the documents that Plaintiffs seek to introduce contain statements that if judicially noticed would result in Plaintiffs establishing a required element of their burden under the PLRA. For example, Exhibit G (Letter from Receiver Sillen, October 27, 2006) and Exhibit H (Receiver's Tenth Tri-Annual Report) contain language regarding whether overcrowding is the root or cause of health care problems in CDCR institutions. While evidence already existing in the record supports the contrary conclusion, it would manifestly unfair to take notice of such "facts" without allowing Defendants and Defendant-Intervenors to present contrary evidence through the parties' witnesses on direct and cross examination. (*See, e.g.*, Ex. 1092 - Receiver's Overcrowding Report, May 15, 2007, *Plata* Dock. No. 673 at 41:13-25; 42:11-43:1.)

As a result, the Court should deny Plaintiffs' request and decline to admit this evidence for any purpose on the grounds that it would prejudice Defendants and Defendant-Intervenors.

## II. THE COURT SHOULD NOT CONSIDER ANY OF PLAINTIFFS' PROPOSED EVIDENCE WHICH IS BARRED PURSUANT TO COURT ORDER.

On July 2, 2008, this Court ruled that it would not admit any evidence of changed prison conditions after August 30, 2008 at trial. (Order for Pretrial Preparation, 7/2/08, *Plata* Dock. No. 1294, 3:5-8.) The Court later exempted the Receiver's Ninth Quarterly Report, and its accompanying exhibits, which was filed on September 15, 2008. (Order Re: Defs.' Request for Evidence from the Cal. Prison Health Care Receivership Corp., 9/5/2008, *Plata* Dock. No. 1450, 3:15-22; Receiver's Ninth Quarterly Report, 9/15/08, *Plata* Dock. No. 1472.) Plaintiffs, however, through their Request for Judicial Notice, seek to circumvent these Court imposed deadlines.

### A. The Receiver's Tenth Tri-Annual Report is Barred by the Court's July 2, 2008 Order.

Plaintiffs seek to admit the Receiver's Tenth Tri-Annual Report, which was filed on January 20, 2009. (RJN, 3:13-18.) This document is not proper for the Court's

- 4 -

consideration because it is in direct violation of this Court's order. (Order for Pretrial Preparation, 3:5-8.) The Receiver's Tenth Tri-Annual Report is evidence of changed prison conditions, which occurred after August 30, 2008. The Court specifically ruled that the Ninth Quarterly report which was filed September 15, 2008 could be admitted, thereby establishing the general applicability of the August 30, 2008 deadline to the Receiver's reports and documents. (Order Re: Defs.' Request for Evidence, 3:15-22.) The Court has made no such exception for the Receiver's Tenth Tri-Annual Report, and as a result, it must not be admitted into evidence.

### B. The Court Should Also Decline to Consider Other Untimely Documents.

Plaintiffs also seek to admit other evidence that was dated after August 30, 2008 in violation of the Court's July 2, 2008 Order. Specifically, Plaintiffs seek to admit: (1) Assembly Bill 8 (December 18, 2008), (2) veto message for Assembly Bill 8 (January 6, 2009), (3) Assembly Bill 10 (December 18, 2008), (4) veto message for Assembly Bill 10 (January 6, 2009), and (5) 2009-2010 Governor's Budget General Fund Proposals. All of this proposed evidence came into existence after August 30, 2008. While the Court exempted legislative changes from this deadline, none of this proposed evidence is a legislative change because they are all proposals or legislative bills that ultimately were not enacted. (Order for Pretrial Preparation, 3:5-8). Thus, the Court should not consider these five documents as they fall outside this Court's August 30, 2008 deadline.

### III. PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IS IMPROPER.

The Court should reject Plaintiffs' Request for Judicial Notice in accordance with Rule 201 of the Federal Rules of Evidence and associated case law. Rule 201 provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs bear the burden of persuading this Court that their proposed evidence is proper for judicial notice. *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006). Defendants are entitled to an

- 5 -

opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matters noticed. Fed. R. Evid. 201(e).

### A. Plaintiffs Fail to Establish Their Burden as They Do not Set Forth Specific Facts for the Court to Take Judicial Notice.

Plaintiffs bear the burden of persuading this Court that a judicially noticeable fact is proper for judicial notice. Fed. R. Evid. 201(b); *Hurd,* 454 F. Supp. 2d at 1055. Plaintiffs seek judicial notice for eleven documents, but do not state any specific facts or assertions within these documents for which they seek judicial notice. In doing so, Plaintiffs fail to satisfy their burden. Rule 201(b) requires Plaintiffs to establish their burden for a "judicially noticed fact." It does not contemplate courts judicially noticing entire documents. The Fifth Circuit, in *Colonial Leasing* explained:

> The identity of the adjudicative fact of which the court intends to take notice is, of course, the threshold issue in examining the propriety of judicial notice. Fed.R.Evid. 201(a); 21 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5104 at 483 (hereinafter, Wright: Evidence). Care should be taken by the court to identify the fact it is noticing, and its justification for doing so. This is particularly necessary when a document, such as a court judgment, from which any number of distinct facts might be drawn, is the object of the notice. See 21 Wright: Evidence § 5106 (Supp.1984).

*Colonial Leasing Co.,* 762 F.2d at 459; *see also Consejo de Desarrollo Economico de Mexicali v. United States,* 438 F. Supp. 2d 1207, 1223 (D. Nev. 2006) ("absent Plaintiffs identifying to specific facts within the documents that are appropriate for judicial notice, the Court will not take judicial notice of any facts or information contained within those documents").

The eleven documents contain a vast amount of information. In sum, Plaintiffs request judicial notice of the contents of 327 pages. In particular, included within Plaintiffs' request are detailed legislative bills, budget proposals, statistical analysis, and the Receiver's Tenth Tri-Annual Report. Many assertions and data is contained within these pages. It is not this Court's responsibility, nor Defendants' responsibility to comb through hundreds of pages of documents and guess at the possible facts for which

Plaintiffs seek judicial notice. That was the burden of Plaintiffs, a burden which they clearly failed to meet.

By failing to even identify the facts for which they seek judicial notice, Plaintiffs consequently cannot demonstrate how these facts are "generally known" or "capable of accurate and ready determination." Fed. R. Evid. 201(b). As a result, the Court should deny Plaintiffs' Request for Judicial Notice in its entirety.

**B.     It is Not Proper to Take Judicial Notice of the Contents of Entire Documents.**

Should the Court decide to take judicial notice of any court filing or publicly available document that Plaintiffs propose, the scope of the judicial notice should be limited to the fact that the document was filed or was created. It is not proper to take judicial notice of a court-filed document or publicly available document for the truth of the matters described within. *See Wyatt v. Terhune,* 315 F.3d 1108, 1114 (9th Cir. 2003) (reversing district court where magistrate judge took judicial notice of contents of court filing) (overruled on other grounds); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (finding district court erred in taking judicial notice of facts contained within public records).

*Lee* addressed whether judicial notice could be taken of two documents, which were matters of public record, namely a Waiver of Extradition form and an extradition hearing transcript. *Id.* at 689. The defendant sought to introduce the truth of matters contained within these documents in support of its motion for summary judgment. The Ninth Circuit found that to be improper. The Ninth Circuit recognized that a court may take judicial notice of a public record, but could not take judicial notice of the assertions stated within those public records as fact. *Id.* at 689-90.

Plaintiffs cite to several citations for the general proposition that documents from the government, court dockets, or the internet are judicially noticeable. However, this general proposition does not take into account the case law which demonstrates that the content of these documents are not proper for judicial notice. In fact, the cases to which Plaintiffs cite represent that judicial notice is not proper for the truth of the assertions

- 7 -

made within these types of documents. *See, e.g., Lee,* 250 F.3d at 690 (specifically refusing to take judicial notice of contents of documents); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974, 976 (E.D. Cal. 2004) (taking judicial notice only of the existence and authenticity of a court order) ("a court can only take judicial notice of the existence of those matters of public record [the existence of a motion or of representations having been made therein] but not of the veracity of the arguments and disputed facts contained therein").

Applying this principle, the Court must not take judicial notice of the contents of the publicly available documents and court filed documents for which Plaintiffs seek judicial notice. Each of the eleven documents for which Plaintiffs seek judicial notice are government documents, court-filed documents, or documents available on the internet. Should the Court choose to exercise its discretion for judicial notice, it should be limited to the fact that these documents exist, but not the truth of the contents within. *See Lee,* 250 F.3d at 689-90.

**C.     Disputed Facts are not Judicially Noticeable.**

A disputed fact must not be subject to "reasonable dispute." Fed. R. Evid. 201(b). The Ninth Circuit has refused to take judicial notice of facts where a "reasonable dispute" exists in several instances. *See Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110-11 (9th Cir. 2006) (refusing to take judicial notice of disputed fact that women are burdened more than men with company grooming policy); *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002) (disputed fact concerning traffic at a particular street and time is not subject to judicial notice); *Lee,* 250 F.3d at 690 (finding district court erred in taking judicial notice of disputed facts contained within public records); *Mora v. Vasquez (In re Mora),* 199 F.3d 1024, 1026 (9th Cir. 1999) (refusing to take judicial notice of disputed fact that U.S. Post Office generally delivers first class mail overnight to local cities); *J. B. Williams Co. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187, 192 (9th Cir. 1975) (typical pronunciation by Americans of brand name which is disputed is not subject to judicial notice).

- 8 -

Due to the fact that Plaintiffs fail to state the specific facts for which they seek notice, it is difficult for Defendants to state each and every proposed fact for which there is a dispute. Defendants, do however, note that there are certain assertions made within the 327 pages of documents for which a dispute exists.

For example, Exhibit G (Letter from Receiver Sillen, October 27, 2006) and Exhibit H (Receiver's Tenth Tri-Annual Report) contain language regarding whether overcrowding is the root or cause of health care problems in CDCR institutions. This proposed "fact" is in dispute and cannot be judicially noticed. Evidence already existing in the record supports the contrary conclusion. Specifically, these statements directly contradict prior statements by Receiver Kelso and prior Receiver Sillen. Receiver Sillen explained that over time CDCR's medical delivery system will be raised to constitutional levels and that population controls will not solve California's prison health care problems. (*See, e.g.,* Ex. 1092 - Receiver's Overcrowding Report, May 15, 2007, *Plata* Dock. No. 673 at 41:13-25; 42:11-43:1.) Receiver Kelso explained that "I'm just not seeing difficulty in providing medical services no matter what the population is." (Spitzer Trial Aff. ¶¶ 26-28, DI Exh. 405 at 30:00 min.)

Defendants note that in particular, the Receiver's Tenth Tri-Annual Report, contains material inconsistencies. For the purposes of these objections, judicial notice is not proper in light of the factual disputes.

Because Defendants note factual disputes within the 327 pages of documents for which Plaintiffs seek judicial notice, the Court should not take judicial notice of the Receiver's 10th Tri-Annual Report or the Receiver's October 27, 2006 letter. For the remaining documents, judicial notice is also not proper until Plaintiffs identify specific facts within these documents for which they seek judicial notice. Defendants should then have an opportunity to respond to those facts.

### IV.    CONCLUSION

The Court should deny Plaintiffs' request and decline to take judicial notice of the eleven documents submitted by Plaintiffs after the close of evidence at trial. Granting

Plaintiffs' request for judicial notice after the close of evidence would prejudice Defendants and Defendant-Intervenors because these parties are not afforded the opportunity to rebut Plaintiffs' request to admit 327 pages of complex facts through evidentiary means.  Also, many of these documents came into existence after August 30, 2008,  and as a result are in direct violation of this Court's July 2, 2008 Order. Further, judicial notice is not proper for these documents because: (1) Plaintiffs failed to meet their burden; (2) judicial notice is not proper for the truth of the contents of these eleven documents; and (3) Defendants dispute allegations made within these documents.  For these reasons, the Court should deny Plaintiffs' Request for Judicial Notice in its entirety.

DATED:  February 2, 2009         HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED:  February 2, 2009         EDMUND G. BROWN JR.
Attorney General of the State of California


By: /s/ Lisa A. Tillman
LISA A. TILLMAN
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.