IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                  No. 2:90-cv-0520-LKK-JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.            ORDER TO SHOW CAUSE

                                  /

        On June 28, 2007, this court approved a coordination agreement[1] concerning licensure of the General Acute Care Hospital (GACH) at California Institute for Men (CIM) (hereafter CIM-GACH).[2]  Therein, the Special Master and the Plata Receiver agreed that the license at CIM-GACH should be suspended and that the mental health crisis beds (MHCBs) in that unit should remain open.  The Special Master and the Receiver were concerned that under the state court decision in Budd, et al. v. Cambra, et al., Case No. 319578, defendants would not be permitted to operate MHCBs in an unlicensed facility.  They agreed that the Special Master

---

[1] The agreement was reached between the Special Master in the instant action, the Receiver in Plata v. Schwarzenegger, No. C 01-1351 TEH (N.D.Cal.), and the experts in Perez v. Tilton, No. C 05-05241 JSW (N.D.Cal.), subject to the approval of the court in each case.

[2] The agreement is referred to herein as the CIM-GACH Agreement.

1

would "explore whether a CTC [correctional treatment center] license is necessary to operate a MHCB" and that if it is "the Special Master will seek an emergency order from the *Coleman* Court to allow for the operation of the MHCBs at CIM." CIM-GACH Agreement, filed May 29, 2007. The Special Master has reported to the court that the GACH license at CIM expired on November 19, 2008. He is now seeking the emergency order referred to in the CIM-GACH Agreement to prevent the closure of the MHCBs at CIM-GACH.

On one previous occasion this court has found it "essential to provide immediately mental health crisis beds to critically ill inmates in the CDCR" and, therefore, that "state licensing requirements must temporarily give way to measures necessary to remedy the Eighth Amendment violations that remain unsolved in this action." Order, dated May 1, 2006 (quoted in the CIM-GACH Agreement).[3] It appears that the urgent need for MHCBs continues and that the rationale underlying that order applies with equal force to the MCHBs at CIM-GACH.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that the parties are granted five days from the date of this order to show cause, if any they have, why this court should not require defendants to continue to operate, on a temporary emergency basis, all mental health crisis beds at CIM-GACH as presently operated and at current staffing levels until further order of this court.

DATED: February 2, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] That order required defendants to establish 36 MHCBs at California Men's Colony (CMC).

2