PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
SARA NORMAN, Bar No. 189536
ALISON HARDY, Bar No. 135966
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>        Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>        Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS AND REQUEST FOR EVIDENTIARY HEARING CONCERNING DEFENDANTS' BED PLANS** |

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]

On February 3, 2009, this Court issued an order to show cause why the Court should "not require defendants to continue to operate, on a temporary basis, all mental health crisis beds at CIM-GACH as presently operated and at current staffing levels until further order of this court." 2/3/09 Order at 2:13-17 (Docket 3505). Even with the continued operation of the CIM beds, a serious shortage of MHCB beds persists resulting in dangerous delays in access to emergency psychiatric care throughout the system.[1] On the other hand, there are serious deficiencies in the CIM-GACH when measured against applicable licensing, health and safety codes.

While plaintiffs agree that there is no choice at the moment but to allow this facility to continue to operate, we are concerned that the CIM-GACH will become one more "temporary, emergency stop-gap" measure that defendants will operate for many years. As of today, given the continuous delays in defendants' planning and construction process, there is no reasonable likelihood that other "temporary, emergency, stop-gap beds" will be replaced with appropriate facilities that meet basic health and safety standards for many years. These include the DMH operated inpatient psychiatric beds at CMF (P-2 and P-3 - 66 beds) and at SVSP (D-5 and D-6 - 112 beds), and the CMC LOU/ MHCB Unit (36 beds). These represent only a fraction of the unmet need for higher level mental health beds and many other existing facilities are in need of upgrades and critical life-saving repairs (DMH APP unit at CMF and LAC MHCB beds, for example). Approximately 1000 prisoners requiring enhanced outpatient (EOP) care are waiting for beds and the EOP prisoners that have been placed in EOP programs are in locations that require major additional construction (CMF, SVSP, SAC, and MSCP, for example). *See, e.g.*, Pls.' Exh. P-264 (EOP Unmet Need Chart); Pls.' Exh. P- 480 (CDCR Plan for EOP Treatment Space at CMF); Pls.' Exh. P-479 (CDCR Plan for EOP Treatment Space at SVSP); and Pls.' Exh. P-390 (2008-2009 Budget Change Proposal for Treatment and Office Space for 192 EOP

---

[1] In the *Coleman/Plata* overcrowding trial, plaintiffs provided evidence of these significant shortages, including charts documenting the shortages and photographs of the alternative sites used by defendants to house prisoner-patients waiting for a licensed mental health crisis bed. *See*, *e.g*., Plaintiffs' Corrected Proposed Findings and Conclusions of Law at 50 (Pls.' Exh. P-263), 52 (Pls.' Exhs. P-341-17 and P-339-11), 53 (Pls.' Exhs. P-337-11 and P-337-28), and 54 (Pls.' Exh. P-338-13) (Docket 3489).

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]

patients at CSP-SAC).

Plaintiffs urge the Court to issue an order requiring that defendants continue to operate all of the mental health crisis beds at the CIM-GACH at current staffing levels until such time as the Court determines that the severe shortfall in mental health crisis beds has been eliminated. The Special Master should also evaluate the GACH to determine if any additional short-term construction of clinical office and treatment space or clinical and custodial staffing is required given that the Unit is likely to operate for many more years.

Defendants' mental health bed planning and construction efforts are in disarray. Numerous projects to address the demand for MHCB beds, EOP beds and inpatient psychiatric hospital beds have been put forward by defendants. It is now uncertain which projects, if any, are actually funded, approved or under construction, what entity will be responsible for such construction, who will staff and operate the facilities and when any such beds will be ready to deliver mental health care to patients. Plaintiffs request that the Court order an evidentiary hearing to determine the answer to these critical questions and to evaluate the adequacy of defendants' compliance with this Court's orders requiring not only bed plans but funding, time tables, staffing and construction of mental health beds necessary to address the undisputed unmet needs of the class.

The Court has issued numerous orders directing defendants to implement, revise, and/or accelerate their bed planning measures, including those for mental health crisis beds. *See, e.g.*, 5/2/06 Order (Docket 1800) (approving defendants' long-term plan for acute, intermediate and mental health crisis beds subject to modification based on current population projects; not approving shortfall for enhanced outpatient beds; ordering defendants to reopen LOU at CMC-E); 10/20/06 Order (Docket 1998) (approving revised population projections; ordering defendants to file a final long-range plan that will include a timetable, budget planning and resource allocation to meet projected populations by June 30, 2011, and will include the construction of the 50-bed mental health crisis unit at CMC-E); 3/27/07 Order (Docket 2173) (ordering that defendants provide the special master with a detailed report on how CDCR will assume responsibility for providing inpatient services; ordering defendants to complete and

2

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]

occupy the 50-bed MHCB units at CMF and CMC as soon as possible); 10/18/07 Order (Docket 2461) (approving defendants' August 2007 supplemental bed plan and ordering defendants to submit various plans regarding recruitment, DMH, elimination of MHCBs in prisons, and treatment space at CMF and SVSP); and 2/26/08 Order (Docket 2697) (regarding construction agreement and defendants obligation under March 27, 2007 order to construct the 50-bed MHCB unit at CMC-E even with approval of the construction agreement).

After a several year effort to obtain approval of a mental health bed plan that would appropriately address both interim and long-range bed needs, the *Coleman* Court approved the CDCR's 2007 Bed Plan, which did not include any reliance on the *Plata* Receiver for planning, construction or operation of the long-overdue mental health beds and treatment space. 10/18/07 Order (Docket 2461). Although, the Special Master noted that "defendants' revised plan cites the expectation or hope that coordination with the Plata receiver's construction plans may expedite all or portions of the consolidated care centers," he also found that:

> CDCR's inability hereto to obtain the Court's approval to proceed with its overall plan has impeded pursuit of the funding necessary for construction of the treatment beds scheduled to be housed in the department's consolidated care centers, without which it cannot hope to meet the level of care required by the Eighth Amendment and the orders of the Court.

Special Master's Report and Recommendations on Defendants' August 2007 Supplemental Bed Plan at 12-13 (Docket 2432).

Mr. Dezember also testified:

> The August 2007 long-term bed plan presented a comprehensive program for developing and constructing the space and beds needed to provide adequate mental health services for the growing population over the next 5 years. The plan results in over 7,400 residential mental health beds (Enhanced Outpatient Program, mental health crisis bed, acute inpatient and intermediate inpatient care.)

Trial Affidavit of Robin Dezember at 28:24-28 (Docket 3228).

On 2/26/08, with the agreement of the State, a construction agreement presented to Judges Karlton, Henderson, White and Wilken by the *Coleman* Special Master, the *Plata* Receiver and the Court Representatives in *Perez* and *Armstrong* was approved by the Courts.

3

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]

2/26/08 Order (*Coleman* Docket 2696). The Construction agreement provides in part: "The *Plata* receivership is the project lead for the 5,000/10,000 bed construction project." *Id.* at 4:20-21.

By April 2008, *Coleman* defendants had begun placing the mental health beds within the Receiver's projects, and requested a delay in order to do so. Defendants represented that "[t]he *Plata* Receiver has now vested with a leadership role over the construction of mental health beds … [and] will meet with the *Coleman* parties on April 24, 2008 to discuss the construction of 5,000 mental health beds under his aegis." 4/16/08 Stipulation and Order re Extension of Time re: Bed Plan at 2:20-23. (Docket 2759).

On June 6, 2008, the *Plata* Receiver filed his "Turnaround Plan of Action", which set forth the Receiver's plan to "supervise construction of facilities at existing institutions to serve 10,000 inmates with medical and/or mental health needs," without objection from any party. Receiver's Turnaround Plan at 27 (*Plata* Docket 1229). Defendants have since provided the Special Master and plaintiffs with a revised July 2008 bed plan, which includes mental health beds to be built by the Receiver inside of his Consolidated Care Centers and mental health treatment space renovations within the prisons and the D-5/D6 DMH units at SVSP. Pls.' Exh. P-477 (CDCR Mental Health Bed Plan, July 16, 2008). In discussing the precarious legal status of the July 2008 bed plan, Mr. Dezember stated on October 30, 2008:

> The construction of the beds depicted in the July 2008 bed plan presently are subject to coordination with the construction of medical beds by the Receiver in *Plata*. I understand a modification of the CDCR Long-term Mental Health Bed Plan may require re-submittal for *Coleman* court approval by the end of 2008 depending on the results of this coordination.

Trial Affidavit of Dezember at 30:1-5. (Docket 3228)

No such re-submission has occurred, and no construction is in progress. And in fact, defendants have now changed their position and are actively opposing the Receiver's bed projects in legal proceedings and refusing to fund the projects. More recently, defendants have moved to terminate the *Plata* Receivership itself, putting at risk all of the coordinated projects that they previously agreed should be led by the Receiver.

4

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]

Plaintiffs' request that the Court require defendants to demonstrate current compliance with the applicable Court Orders requiring planning and construction to meet the needs of the *Coleman* class for higher levels of mental health care. Is defendants' current plan to revert back to their August 2007 bed plan to build "Consolidated Care Centers" at five prisons, with each taking between four and one half and six years from initial funding to completion? Docket 2432-2, Exhibit A at 10. In 2007, defendants estimated that construction of all five care centers would not be completed until 2013. *Id.* at 12. Mr. Dezember testified on December 2, 2008 that defendants had lost a year or more on their 2007 Bed Plan, meaning that defendants will not create adequate mental health capacity until 2014 in the best-case scenario, even assuming that the Legislature promptly approves and funds the beds plans. Dezember at RT 895:14-16 (*Plata* Docket 1877). In fact, defendants acknowledge that there is no legislative approval to construct any of the five Consolidated Care Centers. Docket 2432 at 10, n.11. Mr. Dezember testified that he did not know the day by which the necessary construction projects will be approved, much less funded or constructed. Dezember at RT 896:8-20 (*Plata* Docket 1877). He has now retired.

It is clear that unless and until defendants construct the necessary mental health beds identified through the Court-approved bed planning process, this Court will be forced to continue to waive basic health and safety licensing requirements for mental health crisis beds and other mental health beds to address the emergency conditions within the prisons. Each such decision poses grave risks for the *Coleman* class. There must be a plan to rapidly and permanently end the use of these makeshift, stop-gap measures, which defendants' own expert, Dr. Ira Packer, described as totally inadequate. Defs.' Exh. P-1019 at 10, 11. (12/10/07 Expert Report of Dr. Packer).

## CONCLUSION

Plaintiffs have no objection, and urge the Court to order defendants to continue to operate all mental health crisis beds at the CIM-GACH as presently operated and with current staffing levels until further order of this Court. We further request that the Court order an evidentiary

5

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]

hearing concerning all of defendants' mental health bed planning and construction efforts necessary to replace inadequate facilities such as the CIM-GACH. Defendants must move forward on the planning, construction and staffing of the beds that they have previously agreed are necessary to meet the basic needs of the *Coleman* class for mental health care.

Dated: February 6, 2009                Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: */s/ Jane E. Kahn*
    Jane E. Kahn
    Attorneys for Plaintiffs

6

PLS.' RESP. TO ORDER TO SHOW CAUSE RE: CIM-GACH MHCB TEMPORARY "EMERGENCY" BEDS & REQ. FOR EVIDENTIARY HEARINGS CONCERNING DEFS.' BED PLANS - CASE NO. CIV S 90-0520 LKK-JFM

[273859-1]