PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
ERNEST GALVAN, Bar No. 196065
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA  94111-5994
Telephone:  (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>      Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>      Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' RESPONSE TO ORDER REQUIRING FURTHER BRIEFING** |

-1-

1    Plaintiffs submit this response to the Court's February 4, 2008 Order Requiring Further

2  Briefing (*Plata* Docket No. 2064).  The Court ordered the parties to respond to the following

3  questions:

4        1.  Does the Court have the authority to order the expenditure of funds for
   purposes of implementing any prisoner release order that it may issue?
5

6        2. Does the Court have the authority to order the State to divert funds
   from the prison budget to community programming or other local programs
7        designed to facilitate the re-entry into society of prisoners released pursuant to
   the entry of a prisoner release order?
8

9        3. Would the answer to either of the above questions be different if the
   funds at issue consisted of savings to the State resulting from the issuance of a
10       prisoner release order?

11

12    At this stage in the proceedings, this Court does not have the authority to order

13  expenditure of funds for purposes of implementing any prisoner release order that it may issue,

14  nor does it have the authority to order the State to divert funds toward reentry programs.

15    The appropriate remedy for the constitutional violations in these cases is for the Court to

16  order the State to develop a population reduction plan in consultation with the parties, to hold

17  hearings on the State's plan, and, after giving due consideration to the State's proposals, to

18  enter an order requiring implementation of an appropriate population reduction plan.  The

19  Court will have the same authority to enforce its order as it would any order remedying

20  constitutional violations, which includes the authority to require the state to fund ordered

21  remedial measures.  *See, e.g., Milliken v. Bradley*, 433 U.S. 267, 289 (1977); *Missouri v.*

22  *Jenkins*, 495 U.S. 33, 57 (1990); *Griffin v. Prince Edward County School Bd.*, 377 U.S. 218,

23  233 (1964).

24    The Court's questions regarding the authority to order expenditure of funds presupposes

25  that rehabilitative and reentry programs (requiring funds) will be part of any prisoner release

26  order.  But whether or not this is ultimately the case, the Court must provide the State with the

27  first opportunity to craft its population reduction plan, and it is the State's plan that will

28  describe the mechanisms by which the population will be reduced, any programs that will be

1 | implemented to accomplish that population reduction, and the source for funding such

2 | programs.

3 | Courts must be "acutely sensitive to the fact that our role in Eighth Amendment

4 | litigation is a limited one.  Federal courts are not instruments for prison reform, and federal

5 | judges are not prison administrators.  We must be careful not to stray into matters that our

6 | system of federalism reserves for the discretion of state officials." *Madrid v. Gomez*, 889 F.

7 | Supp. 1146, 1279 (N.D. Cal. 1995).  "Strong considerations of comity" require courts to

8 | "giv[e] the States the first opportunity to correct the errors" in the administration of prison

9 | systems.  *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (quoting *Preiser v. Rodriquez*, 411 U.S.

10 | 475, 492 (1973)); *accord Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 392 (1992);

11 | *Bounds v. Smith*, 430 U.S. 817, 832-33 (1977).  The appropriate way for courts to give

12 | "adequate consideration to the views of state prison authorities" is to provide the state with the

13 | first opportunity to devise a remedy to constitutional violations.  *Lewis*, 518 U.S. at 362; *see*

14 | *also Bounds,* 430 U.S. at 832-33.[1]

15 | The evidence establishes that the State can craft a prison population reduction plan that

16 | does not have an adverse impact on public safety or the administration of local criminal justice

17 | systems.  Defendants and defendant-intervenors provided specific evidence about particular

18 | rehabilitative programs that would both reduce the prison population and enhance pubic safety.

19 | *See, e.g.,* Powers Expert Report at 5-6; Bennett Expert Report, ¶¶ 60-79; Buddress Trial Decl.,

20 | ¶¶3-13; Rodriquez Trial Decl., ¶¶ 20-21; Dumanis Trial Decl., ¶¶ 17-20; Cogbill Trial Decl.,

21 | ¶12; Jett Trial Decl,. ¶¶ 27-37.  Indeed, any potential adverse impacts on public safety feared

22 | by the defendants and defendant-intervenors would be mitigated by implementing and funding

23 | rehabilitative programming in prison and in the communities.  This evidence provides a

---

[1] Plaintiffs are aware of no authority suggesting that this rule could be modified if the funds for court-ordered programs were generated by savings resulting from issuance of a prisoner release order.  As a practical matter, the prisoner release order will save the State more than $1 billion, which could be put to good use to fund programs that are proven to protect public safety.  That should inform the State's policy decisions in this matter, but does not provide further authority to this Court in crafting relief at this time.

PLAINTIFFS' RESPONSE TO ORDER REQUIRING FURTHER BRIEFING, NOS.:  CIV S 90-0520 LKK-JFM, C01-1351 TEH

roadmap for the State to consult in developing its population reduction plan, and the State, in

consultation with the parties, must be given the first opportunity to draft a competent, safe

population reduction plan that incorporates population-reducing rehabilitative programs.

    If the State's population reduction plan includes providing and funding rehabilitation

programs in prison and in the community, the Court would never face the question whether to

independently order the programs and the funding of the programs.

    If the State's population plan provides for the programs, but after being ordered to

implement its plan the State does not fund the programs, then the Court will have the authority

to enforce its order, including by requiring the remedial plan be funded. *See, e.g., Milliken,*

433 U.S. at 289; *Jenkins*, 495 U.S. at 57; *Griffin,* 377 U.S. at 233.

    It is only if the State's population reduction plan is inadequate and incomplete that the

power to craft or augment the plan would default to the Court, and the Court would need to

determine whether it can require the State to implement or fund population-reducing

rehabilitation programs.  Not knowing what will be contained in the State's plan, and

whether/how it may be inadequate, it is not yet possible to determine what specific options

would be available to the Court at that time.


Respectfully submitted,


Dated:  February 18, 2009                    PRISON LAW OFFICE


                                             By:  _____/s/ Rebekah Evenson_____
                                                    Rebekah Evenson
                                                    Attorney for Plaintiffs

-4-