STEVEN S. KAUFHOLD (SBN 157195) skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745) cstegeman@akingump.com
TERESA WANG (SBN 252961) twang@akingump.com
GALIT A. KNOTZ (SBN 252962) gknotz@akingump.com
Akin Gump Strauss Hauer & Feld LLP
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone: 415-765-9500; Facsimile: 415-765-9501

Attorneys for Republican Assembly and Senate Intervenors

ROD PACHECO
WILLIAM E. MITCHELL (SBN # 108483)
District Attorney County of Riverside
4075 Main Street, First Floor
Riverside, California 92501
Telephone: (951) 955-6620; Fax: (951) 955-0190

Attorneys for District Attorney Intervenors

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No.: CIV S-90-0520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No.: C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **RESPONSE OF THE LEGISLATOR INTERVENORS AND DISTRICT ATTORNEY INTERVENORS TO THE THREE-JUDGE COURT'S FEBRUARY 4, 2008 ORDER REQUIRING FURTHER BRIEFING** |

## I. THE THREE-JUDGE COURT CANNOT ORDER THE EXPENDITURE OF FUNDS FOR THE PURPOSE OF IMPLEMENTING ANY ORDER THAT IT MAY ISSUE.

The Prison Litigation and Reform Act ("PLRA") does not authorize this Three-Judge Court to order the expenditure of funds to implement any order that it may issue. 18 U.S.C. § 3626(a)(1)(B)-(E). The plain language of the PLRA limits the role of a three-judge court convened under the PLRA. A three-judge court, unlike a federal district court, is only convened for a specific purpose; here, the sole purpose is to determine whether "a prisoner release order shall be entered." 18 U.S.C. § 3626(a)(1)(B). The PLRA makes evident that Congress has not granted this Three-Judge Court any authority to go beyond this purpose and order the expenditure of state funds.

Moreover, beyond the absence of authority by Congress to allow the Three-Judge Court to order expenditure of funds, separation of powers and federalism concerns preclude an order of expenditure of funds by this Court. District courts issuing prison-related injunctive relief before and after the PLRA have consistently deferred to the legislative and executive branches in declining to order expenditure of funds, citing separation of powers and federalism concerns. *See Women Prisoners of Dist. of Columbia Dept. of Corr. v. Dist. of Columbia*, 93 F.3d 910, 928 (D.D.C.1996) (citing *Inmates of Occoquan v. Barry*, 650 F.Supp. 619, 842-43 (D.D.C. 1986)) ("fundamental decisions as how many prisons to build and how large to build them—basic decisions regarding the allocation of public resources—are simply outside the domain of federal courts"); *see also Rhem v. Malcolm*, 507 F.2d 333, 340-41 (2d Cir. 1974) (relief should be structured so that court is not put in the position of trying to enforce order regarding allocation of funds, which is a function "traditionally left to appropriate executive and legislative bodies responsible to the voters"); *Anderson v. Redman*, 429 F. Supp. 1105, 1130-31 (D.Del. 1977) (in issuance of a prisoner release order before enactment of the PLRA, the court acknowledged that determinations about use of diversion or parole "are properly resolved through the political process, not by opinion of this Court"); *Padgett v. Stein*, 406 F. Supp. 287, 303 (M.D. Pa. 1975) ("[i]t is not for the courts to decide how funds available for public expenditure ought to be spent"; "[t]hat is a decision for the representative branches of government which are responsive to the public will"); *Hamilton v. Love*, 328 F. Supp. 1182, 1194 (E.D.Ark. 1971) (in issuing interim order regarding unconstitutional conditions in county jail, court recognized that

1

"this [c]ourt, of course, cannot require the voters to make available the resources needed by public officials to meet constitutional standards"); *Detainees of Brooklyn House of Detention for Men v. Malcolm*, 520 F.2d 392, 399 (2nd Cir. 1975) (in remanding to the district court to fashion a remedy, the appellate court recognized that it was "hardly in the position to order the [c]ity to raise the necessary funds" for facility construction and urged the district court to "keep[] in mind the financial crisis facing the [c]ity"); *Jordan v. Wolke*, 593 F.2d 772, 775 (7th Cir. 1978) (in action involving pretrial detainees, court held that the record lacked requisite evidence to justify mandatory injunction; "courts may not order a state public body to appropriate monies for prison reform").

Finally, any court order requiring expenditure of funds would be contrary to the California Constitution, which holds, "Money may be drawn from the Treasury only through an appropriation made by law and upon a Controller's duly drawn warrant." CAL. CONST. art. XVI, § 7; *see also Myers v. English*, 9 Cal. 341, 349 (Cal. 1858) ("The power to collect and appropriate the revenue of the State is one peculiarly within the discretion of the Legislature."); *see also Humbert v. Dunn*, 84 Cal. 57, 59 (Cal. 1890) (constitutional provision serves "to secure to the legislative department of the government the exclusive power of deciding how, when, and for what purposes the public funds shall be applied in carrying on the government"). Ordering the expenditure of funds for the purposes of implementing a prisoner release order would also be violative of the California Constitution in view of its mandate that "[t]he legislative branch shall ensure sufficient funding to adequately house inmates for the full terms of their sentences, except for statutorily authorized credits which reduce those sentences." CAL. CONST. art. I, § 28.

## II. THE THREE-JUDGE COURT DOES NOT HAVE THE AUTHORITY TO ORDER THE STATE TO DIVERT FUNDS FROM THE PRISON BUDGET TO COMMUNITY PROGRAMMING OR OTHER LOCAL PROGRAMS DESIGNED TO FACILITATE THE RE-ENTRY INTO SOCIETY OF PRISONERS RELEASED PURSUANT TO THE ENTRY OF A PRISONER RELEASE ORDER.

The diversion of funds from the prison budget is outside the scope of the Three-Judge Court's authority for the same reasons stated above. Reallocation or diversion of funds is no different. The Three Judge Court lacks the specific grant of authority to order the expenditure or diversion of funds to implement any order that it may issue. 18 U.S.C. § 3626(a)(1)(B)-(E).

Furthermore, such an order by this Court would impermissibly usurp the Legislature's authority to determine the appropriate policy choices for the California penal system. *See Ewing v. California*, 538 U.S. 11, 25 (2003) (the Constitution does not mandate adoption of any one penological theory; selecting between sentencing rationales of incapacitation, deterrence, retribution, or rehabilitation is a choice made by state legislatures, not federal courts).

### III. THE ANSWER TO QUESTIONS (I) AND (II) REMAINS THE SAME IF THE FUNDS AT ISSUE ARE HYPOTHETICAL SAVINGS TO THE STATE RESULTING FROM THE ISSUANCE OF A PRISONER RELEASE ORDER.

Congress has not granted this Three-Judge Court or any three-judge court convened under the PLRA the authority to appropriate and allocate funds. The presence or absence of any hypothetical savings would not change this absence of authority. Furthermore, as the Three-Judge Court has noted, the State of California is in the midst of financial crisis. Any hypothetical savings resulting from a potential prisoner release order are particularly speculative in view of this crisis. Finally, even were a hypothetical savings to materialize, it would be the lawful province of the Legislature, not this Court, to determine how those funds should be appropriated.

Respectfully submitted,

Dated: February 18, 2009                     AKIN GUMP STRAUSS HAUER & FELD LLP

By:  ___/s/___
Steven S. Kaufhold
Attorney for Republican Assembly and Senate Intervenors

Dated: February 18, 2009           By:  ___/s/___
WILLIAM MITCHELL
Assistant District Attorney
Attorneys for District Attorney Intervenors

I declare under penalty of perjury under the laws of the State of California, and pursuant to General Order 45(x)(B), that I obtained approval of this Stipulation from the signatory listed above, William Mitchell. Executed on this 18th day of February, 2009 at San Francisco, California.

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/
Steven S. Kaufhold
Attorneys for Assembly and Senate
Republican Intervenors

4

RESPONSE OF THE LEGISLATOR INTERVENORS AND DISTRICT ATTORNEY INTERVENORS TO THE THREE-JUDGE COURT'S FEBRUARY 4, 2008 ORDER REQUIRING FURTHER BRIEFING