ANN MILLER RAVEL, County Counsel (S.B. #62139)
THERESA J. FUENTES, Deputy County Counsel (S.B. #208588)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

MICHAEL P. MURPHY, County Counsel (S.B. #83887)
CAROL L. WOODWARD, Deputy County Counsel (S.B. #084197)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4746
Facsimile: (650) 363-4034
E-mail: cwoodward@co.sanmateo.ca.us

Attorneys for Intervenors
COUNTY OF SANTA CLARA AND
COUNTY OF SAN MATEO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.<br><br>  Defendants. | Case No.  CIV S-90-0520 LKK JFM P<br><br>THREE-JUDGE COURT |
| MARCIANO PLATA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.<br><br>  Defendants. | Case No.  C01-1351 TEH<br><br>THREE-JUDGE COURT<br><br>**POST-TRIAL BRIEF OF INTERVENORS COUNTY OF SANTA CLARA AND COUNTY OF SAN MATEO** |

Intervenors County of Santa Clara and County of San Mateo submit the following response to the Court's Order Requiring Further Briefing dated February 4, 2009:

***Question No. 1:*** *Does the Court have the authority to order the expenditure of funds for purposes of implementing any prisoner release order that it may issue?*

***Response to Question No. 1:***

In addition to the Court's generally broad equitable powers, the Prison Litigation Reform Act ("PLRA") authorizes the three-judge court to order prospective and meaningful relief to remedy constitutional violations affecting prison conditions. The Court's authority is limited by its duty to find that the prospective relief is narrowly drawn, that the prospective relief extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is the least intrusive means necessary to correct the violation of the Federal right. *See, e.g.,* PLRA, 18 U.S.C.A, § 3626(a)(1). There was substantial evidence at trial that a release or diversion of prisoners without fully funded programs and services in place would invariably lead to recidivism and negatively impact public safety. For any population reduction order to actually serve its purpose of alleviating overcrowding in the state prisons, the population reduction order must include an order for the State of California to expend funds that are necessary to comply with the Court's order for prospective relief. In other words, the Court has the authority to order the State to implement and fund remedial actions necessary to achieve a meaningful prison population reduction, as long as the order complies with the requirements of the PLRA.

**Authorities:**

The Supreme Court has held that federalism principles do not preclude the federal courts from ordering equitable remedies against the states to remediate constitutional violations. "[O]nce a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15 (1971) ("*Swann I*") (upholding the district court's order of busing as a remedy for segregated schools, noting that the order of the district judge "promises realistically to work, and promises realistically to work

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

now"); *North Carolina State Bd. of Educ. v. Swann*, 402 U.S. 43, 45; 91 S.Ct. 1267, 1285-1286 (1971) ("*Swann II*") (holding that "state policy must give way when it operates to hinder vindication of federal constitutional guarantees").

The Supreme Court has also upheld orders requiring the expenditure of state funds for remedial programs that are ancillary to the prospective relief. In *Milliken v. Bradley*, 433 U.S. 267, 283–88 (1977), the district court ordered the Governor of Michigan to implement remedial education programs as an adjunct to desegregating the Detroit public school system. The district court found the expenditure of state money was necessary to the defendants' compliance with the court's order to "conform their conduct to requirements of federal law." 433 U.S. at 289; 97 Sup. Ct. at 2762. The Supreme Court affirmed the order on the basis that ordering the necessary expenditure of funds for the programs was within the federal courts' remedial powers, even though compliance with the order would require expenditure of state funds. The Supreme Court expressly approved of "federal courts' . . . enjoin[ing] state officials to conform their conduct to requirements of federal law, notwithstanding a direct and substantial impact on the state treasury." *Id*. *See also Missouri v. Jenkins*, 495 U.S. 33, 51(1990) (holding that the district court did not abuse its discretion in requiring the school district and state to share costs of remedying desegregation).

With respect to penal institutions, the Ninth Circuit has stated:

> The doctrine of comity requires federal courts to "craft remedies with extraordinary sensitivity, taking into account the interests of state and local authorities in managing their own affairs." But "where federal constitutional rights have been traduced, . . . principles of restraint, including comity, separation of powers and pragmatic caution dissolve."

*Stone v. City and County of San Francisco*, 968 F.2d 850, 860 (9th Cir. 1992).

The Court of Appeal in *Rhem v. Malcolm*, 507 F.2d 333, 340 (2nd Cir. 1974) remanded a class action to the district court to reformulate a remedy for unconstitutional conditions for pretrial detainees in New York City's "tombs" jail. That court noted:

> Since prohibiting use of the Tombs to incarcerate detainees is a viable alternative, we do not have a situation where the unconstitutionally-administered governmental function must be kept operating in any event. In such a case, a court might have no choice but to order an expensive, burdensome or administratively inconvenient remedy. See, e.g., Swann v. Board of Educ., 402 U.S. 1, 28-30, 91 S.Ct. 1267, 28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Post-Trial Brief of Intervenors County of
Santa Clara and County of San Mateo         -3-         CIV S-90-0520 LKK JFM P / C01-1351 TEH

1  L.Ed.2d 554 (1971); Goss v. Board of Educ., 482 F.2d 1044, 1046 (6th Cir. 1973)
2  (en banc), cert. denied, 414 U.S. 1171, 94 S.Ct. 933, 39 L.Ed.2d 120 (1974); Medley v. School Board, 482 F.2d 1061, 1065 (4th Cir. 1973) (en banc), cert. denied, 414 U.S. 1172, 94 S.Ct. 933, 39 L.Ed.2d 120 (1974).

*Rhem, supra,* at 341, FN 19. See, also *Handberry v. Thompson,* 446 F.3d 335 (2nd Cir. 2006) (court ordered special education services for city jail inmates aged 16-21 under the PRLA together with ancillary services such as payment for special monitor); and *Armstrong v. Davis,* 275 F.3d 849, 870-872 (9th Cir. 2001) (upholding district court's order under the PLRA directing California's State Parole Board to identify facilities that are inaccessible for parole hearings and to provide a schedule for correcting them).

**Conclusion.**

If this Court orders a population reduction, it should also order the State of California to implement and fund actions necessary to achieve and maintain that population reduction. While any order issued by this Court must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and be the least intrusive means necessary to correct the violation of the Federal right [18 U.S.C. § 3626(a)(1)], and while the Court must be sensitive to the State's interest in managing its own affairs, that interest must be balanced against this Court's responsibility to craft a meaningful remedy for the unconstitutional conditions it has found in the prisons. The uncontroverted evidence at trial was that recidivism for state prisoners stands at 70%, and that if prisoners are released under a population reduction plan, there is an overwhelming likelihood that many of them would be back in prison soon thereafter. The evidence shows that many County jails are already severely overcrowded and there is a dearth of available services and programs (such as drug and alcohol, mental health, indigent health treatment, housing assistance, job training, and other health and welfare services) that released or diverted prisoners will require to keep them out of prison and the communities safe. Thus, a prisoner release order without an order for the state to provide and fund programs and services necessary to implement the population reduction would not remedy the problem this Court is tasked with resolving. As a result, any release order issued by this Court must require the State to fund the programs and services needed to make the remedial

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Post-Trial Brief of Intervenors County of
Santa Clara and County of San Mateo    -4-    CIV S-90-0520 LKK JFM P / C01-1351 TEH

order effective.

***Question No. 2:*** *Does the Court have the authority to order the State to divert funds from the prison budget to community programming or other local programs designed to facilitate the re-entry into society of prisoners released pursuant to the entry of a prisoner release order?*

**Response to Question No. 2:**

The County Intervenors incorporate their answer to Question No. 1. They are not aware of any authority that would permit the Court to order the State to divert funds from the prison budget.

***Question No. 3:*** *Would the answer to either of the above questions be different if the funds at issue consisted of savings to the State resulting from the issuance of a prisoner release order?*

**Response to Question No. 3:**

The County Intervenors incorporate their answer to Question No. 1. Any potential savings to the State has no bearing on the above analysis.

Dated: February 18, 2009

MICHAEL P. MURPHY
County Counsel

By: _____/S/_____
CAROL L. WOODWARD
Deputy County Counsel

Attorneys for Intervenors
COUNTY OF SAN MATEO

Dated: February 18, 2009

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
THERESA J. FUENTES
Deputy County Counsel

Attorneys for Intervenors
COUNTY OF SANTA CLARA

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Post-Trial Brief of Intervenors County of
Santa Clara and County of San Mateo    -5-    CIV S-90-0520 LKK JFM P / C01-1351 TEH