**Exhibit A**

**Senate Bill No. 14**

CHAPTER 16

An act to amend Sections 15819.40, 15819.402, 15819.403, 15819.404, 15819.41, 15819.412, 15819.414, 15819.417, 15820.903, 15820.911, and 15820.913 of, and to add Sections 15820.904 and 15820.914 to, the Government Code, to amend Section 7021 of the Penal Code, and to amend Sections 1970, 1971, 1972, 1973, and 1975 of, and to add Section 1977 to, the Welfare and Institutions Code, relating to correctional facilities, making an appropriation therefor, and declaring the urgency thereof, to take effect immediately.

[Approved by Governor February 20, 2009. Filed with Secretary of State February 20, 2009.]

LEGISLATIVE COUNSEL'S DIGEST

SB 14, Ducheny. Prison facilities: construction.

Existing law, the Public Safety and Offender Rehabilitation Services Act of 2007, requires the Department of Corrections and Rehabilitation to design, construct, or renovate prison housing units, prison support buildings, and programming space in order to add approximately 7,484 beds at specified adult correctional facilities, and authorizes the department to develop approximately 12,000 new prison beds overall, including appropriate programming space, and to acquire land, design, construct, and renovate reentry program facilities, and to construct and establish new buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for 6,000 inmates, as specified.

This bill instead would remove the limitation on the number of beds that are required to be constructed at specified facilities, while maintaining the 12,000 bed maximum, and would delete the word "prison" from the types of facilities that are affected by the bill and replace it with "facilities under the jurisdiction of the department."

Existing law authorizes the State Public Works Board to issue revenue bonds or notes for purposes of financing these projects, as specified. Existing law also provides that funds derived from interim financing, bonds, or notes issued for this purpose are continuously appropriated to the board on behalf of the department for purposes of specified prison construction. Existing law authorizes the board to borrow funds for project costs from the Pooled Money Investment Account.

This bill would add acquisition and design as project costs for which the board may borrow funds from the Pooled Money Investment Account. The bill would also provide that preliminary expenditures to develop the scope, budget, programming, and scheduling for a project would be reimbursable from the proceeds of the revenue bonds. The board would be allowed to

issue bonds or notes to finance the acquisition of specified projects. The amount of bonds or notes to be sold would be required to include the cost of acquisition of the facilities and other costs related to acquisition of the facilities. Because the bill would authorize additional uses of continuously appropriated funds, the bill would constitute an appropriation.

Under existing law, the amount of revenue bonds or notes to be sold is required to equal certain costs, including interim financing and a reasonable reserve.

This bill, instead, would authorize the amount of bonds and notes to include those items.

Existing law provides that eligible counties that choose to finance a local youthful offender rehabilitative facility with money from this act are responsible for the acquisition, design, construction, staffing, operation, repair, and maintenance of those facilities.

This bill would also require those counties to be responsible for the renovation of those facilities.

The bill would make related conforming changes.

The California Constitution authorizes the Governor to declare a fiscal emergency and to call the Legislature into special session for that purpose. The Governor issued a proclamation declaring a fiscal emergency, and calling a special session for this purpose, on December 19, 2008.

This bill would state that it addresses the fiscal emergency declared by the Governor by proclamation issued on December 19, 2008, pursuant to the California Constitution.

This bill would declare that it is to take effect immediately as an urgency statute.

Appropriation: yes.

*The people of the State of California do enact as follows:*

SECTION 1. Section 15819.40 of the Government Code is amended to read:

15819.40. (a) (1) (A) The Department of Corrections and Rehabilitation may design, construct, or renovate housing units, support buildings, and programming space in order to add up to 12,000 beds at facilities under its jurisdiction. The department shall complete site assessments at facilities at which it intends to construct or renovate additional housing units, support buildings, and programming space. The department may use the funding provided in Section 28 of Chapter 7 of the Statutes of 2007 to complete these site assessments. After completing these site assessments, the department shall define the scope and cost of each project pursuant to subdivision (d).

(B) The authority contained in subparagraph (A) may be used to develop new beds including appropriate programmatic space pursuant to paragraph (2) of subdivision (a) and, together with the funds appropriated in Section 15819.403 for this purpose, shall constitute the scope of a single capital

outlay project for purposes of calculating augmentations pursuant to Section 13332.11 as described in Section 15819.401.

(2) Any new beds constructed pursuant to this section shall be supported by rehabilitative programming for inmates, including, but not limited to, education, vocational programs, substance abuse treatment programs, employment programs, and prerelease planning.

(3) The purpose of beds constructed pursuant to this section is to replace the temporary beds currently in use, and they are not intended to house additional inmates. For the purposes of this section, "temporary beds" shall be defined as those that are placed in gymnasiums, classrooms, hallways, or other public spaces that were not constructed for the purpose of housing inmates.

(b) The Department of Corrections and Rehabilitation may acquire land, design, construct, and renovate reentry program facilities to provide housing for up to 6,000 inmates as authorized in Chapter 9.8 (commencing with Section 6271) of the Penal Code and, together with the funds appropriated in Section 15819.403 for this purpose, this shall constitute the scope and cost of a single capital outlay project for purposes of calculating augmentations pursuant to Section 13332.11 as described in Section 15819.401.

(c) The Department of Corrections and Rehabilitation is authorized to design, construct, and establish new buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for up to 6,000 inmates and, together with the funds appropriated in Section 15819.403 for this purpose, this shall constitute the scope and cost of a single capital outlay project for purposes of calculating augmentations pursuant to Section 13332.11 as described in Section 15819.401.

(d) (1) The reporting requirements set forth in Sections 7000 to 7003.5, inclusive, of the Penal Code, shall apply separately to each institution or facility. The scope and cost of the project for each institution or facility shall be established individually by the State Public Works Board. The amount of the total appropriations in Section 15819.403 that is necessary for each project shall be allocated to each institution or facility project. The appropriations may be allocated based on current estimates. These initial allocations may be adjusted commensurate to changes that occur during the progression of the projects. As allocations are made or adjusted, the anticipated deficit or savings shall be continuously tracked and reported. Once the total appropriation has been allocated, any augmentation necessary to fund an anticipated deficit shall be based on the total applicable capital outlay appropriation in Section 15819.403 and applied to each project allocation as necessary.

(2) For each institution, the Department of Corrections and Rehabilitation shall report to the Joint Legislative Budget Committee identifying those projects that the department proposes to undertake, and any support buildings, and programming space to support up to 12,000 new beds. For each institution, the department shall describe the scope, budget, schedule,

number of beds by security level, along with approximate square footage of support buildings, and programming space to be constructed or renovated. If after providing these reports, the committee fails to take any action with respect to each report within 30 days after submittal, this inaction shall be deemed to be approval for purposes of this section, and the department is authorized to proceed to design, construct, or renovate housing units, support buildings, and programming space for each institution for which a report has been approved.

(3) The department shall notify the Joint Legislative Budget Committee 45 days prior to the submission of preliminary plans to the board for each project authorized in this section. If after providing these notifications, the committee fails to take any action with respect to each report within 45 days after submittal, this inaction shall be deemed to be approval for purposes of this section, and the department is authorized to design, construct, or renovate housing units, support buildings, and programming space for each institution for which a report has been approved.

(4) The Department of Corrections and Rehabilitation shall report quarterly to the Joint Legislative Budget Committee on the allocations from the appropriations in Section 15819.403 and the anticipated deficit or savings. Each reentry program facility authorized under subdivision (b) shall be considered to be a separate project for reporting purposes pursuant to Sections 7000 and 7003.5 of the Penal Code. Each medical, mental health, or dental building improvement authorized under subdivision (c) shall be considered to be a separate project, except that building improvements that have a related purpose and that are located at the same institution may be considered one project, for reporting purposes pursuant to Sections 7000 and 7003.5 of the Penal Code.

SEC. 2. Section 15819.402 of the Government Code is amended to read:

15819.402. For all projects authorized by this chapter, the board may borrow funds for project costs, including studies, acquisition, design, construction, and construction-related costs from the Pooled Money Investment Account pursuant to Sections 16312 and 16313. Except for preliminary expenditures to develop the scope, budget, programming, and scheduling for a project, project funds expended prior to project approval by the board shall not be reimbursable from the proceeds of the bonds.

SEC. 3. Section 15819.403 of the Government Code is amended to read:

15819.403. (a) The board may issue revenue bonds, negotiable notes, or negotiable bond anticipation notes pursuant to this part to finance the acquisition, design, and construction, including, without limitation, renovation, and the costs of interim financing of the projects authorized in Section 15819.40. Authorized costs for acquisition, design, construction, including, without limitation, renovation, and construction-related costs for all projects approved for financing by the board shall not exceed one billion eight hundred million dollars ($1,800,000,000) for subdivision (a) of Section 15819.40, nine hundred seventy-five million dollars ($975,000,000) for subdivision (b) of Section 15819.40, and eight hundred fifty-seven million

one hundred thousand dollars ($857,100,000) for subdivision (c) of Section 15819.40.

(b) Notwithstanding Section 13340, funds derived from interim financing, revenue bonds, negotiable notes, or negotiable bond anticipation notes issued pursuant to this chapter are hereby continuously appropriated to the board on behalf of the Department of Corrections and Rehabilitation for the purposes specified in Section 15819.40.

(c) For the purposes of this section, "construction-related costs" shall include mitigation costs of local government and school districts and shall be made available pursuant to subdivisions (c) and (d) of Section 7005.5 of the Penal Code. It is the intent of the Legislature that any payments made for mitigation shall be made in a timely manner.

SEC. 4. Section 15819.404 of the Government Code is amended to read:

15819.404. Notwithstanding Section 15819.403, the amount of revenue bonds, negotiable notes, or negotiable bond anticipation notes to be sold may include the following:

(a) The cost of acquisition, design, construction, including, without limitation, renovation, or construction management and supervision, and other costs related to the acquisition, design, and construction, including, without limitation, renovation, of the facilities, including augmentations.

(b) Sums necessary to pay interim financing.

(c) In addition to the amount authorized by Section 15819.403, any additional amount as may be authorized by the board to establish a reasonable construction reserve and to pay the costs of financing, including the payment of interest during acquisition or interest prior to, during, and for a period of six months after construction of the project, the cost of financing a debt-service reserve fund, and the cost of issuance of permanent financing for the project. This additional amount may include interest payable on any interim loan for the facility from the General Fund or the Pooled Money Investment Account pursuant to Sections 16312 and 16313.

SEC. 5. Section 15819.41 of the Government Code is amended to read:

15819.41. (a) The Department of Corrections and Rehabilitation shall complete site assessments at facilities where it intends to construct or renovate additional housing units, support buildings, and programming space in order to add up to 4,000 beds at facilities under its jurisdiction. The department may use the funding provided in Section 28 of Chapter 7 of the Statutes of 2007 to complete the site assessments. After completing these site assessments the department shall define the scope and costs of each project pursuant to subdivision (d). This authorization is in addition to the authorization in subdivision (a) of Section 15819.40. Any new beds constructed shall be supported by rehabilitative programming for inmates, including, but not limited to, education, vocational programs, substance abuse treatment programs, employment programs, and prerelease planning. The Department of Corrections and Rehabilitation is authorized to design, construct, or renovate housing units, support buildings, and programming space in order to add up to 4,000 beds at facilities under its jurisdiction. This authorization is in addition to the authorization in subdivision (a) of

Section 15819.40. Any new beds constructed shall be supported by rehabilitative programming for inmates, including, but not limited to, education, vocational programs, substance abuse treatment programs, employment programs, and prerelease planning. The authority contained in this subdivision together with the funds appropriated in Section 15819.413 for this purpose, shall constitute the scope and cost of a single capital outlay project for purposes of calculating augmentations pursuant to Section 13332.11 as described in Section 15819.411.

(b) The Department of Corrections and Rehabilitation is authorized to design and construct new, or renovate existing, buildings at facilities under the jurisdiction of the department to provide medical, dental, and mental health treatment or housing for up to 2,000 inmates. This authorization is in addition to the authorization in subdivision (c) of Section 15819.40. The authority contained in this subdivision together with the funds appropriated in Section 15819.413 for this purpose, shall constitute the scope and cost of a single capital outlay project for purposes of calculating augmentations pursuant to Section 13332.11 as described in Section 15819.411.

(c) The Department of Corrections and Rehabilitation is authorized to construct, establish, and operate reentry program facilities throughout the state that will house up to 10,000 inmates pursuant to Section 6271.1 of the Penal Code, and together with the funds appropriated in Section 15819.413 for this purpose, this shall constitute the scope and cost of a single capital outlay project for purposes of calculating augmentations pursuant to Section 13332.11 as described in Section 15819.411.

(d) (1) The reporting requirements set forth in Sections 7000 to 7003.5, inclusive, of the Penal Code, shall apply separately to each institution or facility. The scope and cost of the project for each institution or facility shall be established by the State Public Works Board individually. The amount of the total appropriations in Section 15819.413 that is necessary for each project shall be allocated to each institution or facility project. The appropriations may be allocated based on current estimates. These initial allocations may be adjusted commensurate to changes that occur during the progression of the projects. As allocations are made or adjusted, the anticipated deficit or savings shall be continuously traced and reported. Once the total appropriation has been allocated, any augmentation necessary to fund an anticipated deficit shall be based on the total applicable capital outlay appropriation in Section 15819.413 and applied to each project allocation as necessary.

(2) For each institution, the department shall report to the Joint Legislative Budget Committee, identifying those projects that the department proposes to undertake, and any support buildings, and programming space to support up to 4,000 new beds. For each institution, the department shall describe the scope, budget, schedule, number of beds by security level, along with approximate square footage of support buildings, and programming space to be constructed or renovated. If after providing these reports, the committee fails to take any action with respect to each report within 30 days after submittal, this inaction shall be deemed to be approval for purposes of this

section, and the department is authorized to proceed to design, construct, or renovate housing units, support buildings, and programming space for each institution for which a report has been approved.

(3) The Department of Corrections and Rehabilitation shall notify the Joint Legislative Budget Committee 45 days prior to the submission of preliminary plans to the board for each project authorized in this section. If after providing these notifications, the committee fails to take any action with respect to each report within 45 days after submittal, this inaction shall be deemed to be approval for purposes of this section, and the department is authorized to design, construct, or renovate housing units, support buildings, and programming space for each institution for which a report has been approved.

(4) The Department of Corrections and Rehabilitation shall report quarterly to the Joint Legislative Budget Committee on the allocations from the appropriations in Section 15819.413 and the anticipated deficit or savings. Each reentry program facility authorized under subdivision (c) shall be considered to be a separate project. Each medical, mental health, or dental building improvement authorized under subdivision (b) shall be considered to be a separate project, except that building improvements that have a related purpose and that are located at the same institution may be considered one project, for reporting purposes pursuant to Sections 7000 and 7003.5 of the Penal Code.

SEC. 6. Section 15819.412 of the Government Code is amended to read:

15819.412. For all projects authorized by this chapter, the board may borrow funds for project costs, including studies, design, construction, including, without limitation, renovation, and construction-related costs from the Pooled Money Investment Account pursuant to Sections 16312 and 16313. Except for preliminary expenditures to develop the scope, budget, programming, and scheduling for a project, project funds expended prior to project approval by the board shall not be reimbursable from the proceeds of the bonds.

SEC. 7. Section 15819.414 of the Government Code is amended to read:

15819.414. Notwithstanding Section 15819.413, the amount of revenue bonds, negotiable notes, or negotiable bond anticipation notes to be sold may include the following:

(a) The cost of design, construction, including, without limitation, renovation, or construction management and supervision, and other costs related to the design and construction, including, without limitation, renovation, of the facilities, including augmentations.

(b) Sums necessary to pay interim financing.

(c) In addition to the amount authorized by Section 15819.413, any additional amount as may be authorized by the board to establish a reasonable construction reserve and to pay the costs of financing, including the payment of interest during acquisition or interest prior to, during, and for a period of six months after construction of the project, the cost of financing a debt-service reserve fund, and the cost of issuance of permanent financing for the project. This additional amount may include interest payable

on any interim loan for the facility from the General Fund or the Pooled Money Investment Account pursuant to Sections 16312 and 16313.

SEC. 8. Section 15819.417 of the Government Code is amended to read:

15819.417. The State Public Works Board may not release any funds pursuant to this chapter until the panel created pursuant to Section 7021 of the Penal Code has certified that conditions listed in that section have been met. The authority provided by this chapter shall expire on January 1, 2014, and no project shall be commenced after that date, but projects already commenced may be completed and financed through the issuance of bonds pursuant to this chapter.

SEC. 9. Section 15820.903 of the Government Code is amended to read:

15820.903. (a) The SPWB may issue up to seven hundred fifty million dollars ($750,000,000) in revenue bonds, notes, or bond anticipation notes, pursuant to Chapter 5 of Part 10b of Division 3 of Title 2 (commencing with Section 15830) to finance the acquisition, design, or construction, and a reasonable construction reserve, of approved local jail facilities described in Section 15820.901, and any additional amount authorized under Section 15849.6 to pay for the cost of financing.

(b) Proceeds from the revenue bonds, notes, or bond anticipation notes may be utilized to reimburse a participating county for the costs of acquisition, preliminary plans, working drawings, and construction for approved projects.

(c) Notwithstanding Section 13340, funds derived pursuant to this section and Section 15820.902 are continuously appropriated for purposes of this chapter.

(d) This section shall become inoperative on June 30, 2017, and no project may be commenced after that date; however, projects that have already commenced by that date may be completed and financed with bonds issued pursuant to this chapter.

SEC. 10. Section 15820.904 is added to the Government Code, to read:

15820.904. In support of this state funding, the Legislature finds and declares all of the following:

(a) The county jail system needs more capacity.

(b) Without increased capacity, public safety throughout the state may be jeopardized by offenders who either remain in the community or are released early due to lack of jail capacity.

(c) By expanding jail capacity, this funding will serve a critical state purpose by promoting public safety.

(d) This purpose represents valuable consideration in exchange for this state action.

SEC. 11. Section 15820.911 of the Government Code is amended to read:

15820.911. (a) The CDCR, a participating county, and the SPWB are authorized to acquire, design, and construct, a local jail facility approved by the Corrections Standards Authority (CSA) pursuant to Section 15820.916, or a site or sites owned by, or subject to a lease or option to purchase held by a participating county. The ownership interest of a

participating county in the site or sites for a local jail facility must be determined by the SPWB to be adequate for purposes of its financing in order to be eligible under this chapter.

(b) Notwithstanding Section 15815, a participating county may acquire, design, or construct the local jail facility in accordance with its local contracting authority. Notwithstanding Section 14951, the participating county may assign an inspector during the construction of the project.

(c) The CDCR, a participating county and the SPWB shall enter into a construction agreement for these projects that shall provide, at a minimum, performance expectations of the parties related to the acquisition, design, construction, or renovation of the local jail facility, guidelines and criteria for use and application of the proceeds of revenue bonds, notes, or bond anticipation notes issued by the SPWB to pay for the cost of the approved local jail facility project and ongoing maintenance and staffing responsibilities for the term of the financing.

(d) The construction agreement shall include a provision that the participating county agrees to indemnify, defend, and save harmless the State of California for any and all claims and losses arising out of the acquisition, design, and construction of the project. The construction agreement may also contain additional terms and conditions that facilitate the financing by the SPWB.

(e) The scope and cost of these approved local jail facility projects shall be subject to approval and administrative oversight by the SPWB.

(f) For purposes of compliance with the California Environmental Quality Act (Division 13 of the Public Resources Code (commencing at Section 210000)), neither the SPWB nor the CDCR shall be deemed a lead or responsible agency; the participating county is the lead agency.

SEC. 12. Section 15820.913 of the Government Code is amended to read:

15820.913. (a) The SPWB may issue up to four hundred seventy million dollars ($470,000,000) in revenue bonds, notes, or bond anticipation notes, pursuant to Chapter 5 of Part 10b of Division 3 of Title 2 (commencing with Section 15830) to finance the acquisition, design, or construction, and a reasonable construction reserve, of approved local jail facilities described in Section 15820.911, and any additional amount authorized under Section 15849.6 to pay for the cost of financing.

(b) Proceeds from the revenue bonds, notes, or bond anticipation notes may be used to reimburse a participating county for the costs of acquisition, preliminary plans, working drawings, and construction for approved projects.

(c) Notwithstanding Section 13340, funds derived pursuant to this section and Section 15820.912 are continuously appropriated for purposes of this chapter.

SEC. 13. Section 15820.914 is added to the Government Code, to read:

15820.914. In support of this state funding, the Legislature finds and declares all of the following:

(a) The county jail system needs more capacity.

(b) Without increased capacity, public safety throughout the state may be jeopardized by offenders who either remain in the community or are released early due to lack of jail capacity.

(c) By expanding jail capacity, this funding will serve a critical state purpose by promoting public safety.

(d) This purpose represents valuable consideration in exchange for this state action.

SEC. 14. Section 7021 of the Penal Code is amended to read:

7021. (a) The State Public Works Board may not release any funds provided for projects in Section 15819.41 of the Government Code or Section 6271.1, until a three-member panel, composed of the State Auditor, the Inspector General, and an appointee of the Judicial Council of California, verifies that the conditions outlined in paragraphs (1) to (13), inclusive, have been met. The Legislative Analyst shall provide information and input to the three-member panel as it considers whether the conditions have been met.

(1) At least 4,000 beds authorized in subdivision (a) of Section 15819.40 of the Government Code are under construction.

(2) The first 4,000 beds authorized in subdivision (a) of Section 15819.40 of the Government Code include space and will provide opportunities for rehabilitation services for inmates.

(3) At least 2,000 of the beds authorized in subdivision (a) of Section 6271 are under construction or sited.

(4) At least 2,000 substance abuse treatment slots established in Section 2694 have been established, with aftercare in the community.

(5) Prison institutional drug treatment slots have averaged at least 75 percent participation over the previous six months.

(6) The Department of Corrections and Rehabilitation has implemented an inmate assessment at reception centers, pursuant to Section 3020, and has used the assessment to assign inmates to rehabilitation programs for at least six consecutive months.

(7) The Department of Corrections and Rehabilitation has completed the Inmate Treatment and Prison-to-Employment Plan, pursuant to Section 3105.

(8) At least 300 parolees are being served in day treatment or crisis care services, pursuant to Section 3073.

(9) The California Rehabilitation Oversight Board (C-ROB), created pursuant to Section 6140, has been in operation for at least one year, and is regularly reviewing the Department of Corrections and Rehabilitation's programs. This condition may be waived if the appointments to the C-ROB have not been made by the Legislature.

(10) The Department of Corrections and Rehabilitation has implemented a plan to address management deficiencies, pursuant to Section 2061, and at least 75 percent of management positions have been filled for at least six months.

(11) The Department of Corrections and Rehabilitation has increased full-time participation in inmate academic and vocation education programs by 10 percent from the levels of participation on April 1, 2007.

(12) The Department of Corrections and Rehabilitation has developed and implemented a plan to obtain additional rehabilitation services, pursuant to Section 2062, and the vacancy rate for positions dedicated to rehabilitation and treatment services in prisons and parole offices is no greater than the statewide average vacancy rate for all state positions.

(13) The Department of Corrections and Rehabilitation has reviewed existing parole procedures.

(b) The provisions of Section 15819.41 of the Government Code and Section 6271.1 shall not authorize construction of facilities until the three-member panel specified in subdivision (a) has certified that the requirements of that subdivision have been met. Those sections shall become inoperative on January 1, 2014. Any projects already underway may continue, and funding for those projects shall remain authorized in order to allow for the issuance of bonds.

(c) The requirements set forth in Section 7021 are contingent upon the Legislature making funds available for the rehabilitation programs set forth in the Public Safety and Offender Rehabilitation Services Act of 2007.

SEC. 15. Section 1970 of the Welfare and Institutions Code is amended to read:

1970. (a) For the purposes of this article, "participating county" means any county, or regional consortium of counties, within the state that has been certified to the board by the authority as having satisfied all of the requirements set forth in Section 1975 for financing a local youthful offender rehabilitative facility pursuant to this article.

(b) For purposes of this article, "board" means the State Public Works Board, and "authority" means the Corrections Standards Authority.

SEC. 16. Section 1971 of the Welfare and Institutions Code is amended to read:

1971. (a) The Department of Corrections and Rehabilitation, a participating county, and the board are authorized to acquire, design, renovate, or construct a local youthful offender rehabilitative facility approved by the authority pursuant to Section 1975, or a site or sites owned by, or subject to a lease or option to purchase held by a participating county. The ownership interest of a participating county in the site or sites for a local youthful offender rehabilitative facility shall be determined by the board to be adequate for purposes of its financing in order to be eligible under this article.

(b) Notwithstanding Section 15815 of the Government Code, a participating county may acquire, design, renovate, or construct the local youthful offender rehabilitative facility in accordance with its local contracting authority. Notwithstanding Section 14951 of the Government Code, the participating county may assign an inspector during the construction of the project.

(c) The department, a participating county, and the board shall enter a construction agreement for the project that shall provide, at a minimum, all of the following:

(1) Performance expectations of the parties related to the acquisition, design, renovation, or construction of the local youthful offender rehabilitative facility.

(2) Guidelines and criteria for use and application of the proceeds of revenue bonds, notes, or bond anticipation notes issued by the board to pay for the cost of the approved local youthful offender rehabilitative facility project.

(3) Ongoing maintenance and staffing responsibilities for the term of the financing.

(d) The construction agreement shall include a provision that the participating county agrees to indemnify, defend, and hold harmless the State of California for any and all claims and losses arising out of the acquisition, design, renovation, and construction of the local youthful offender rehabilitative facility. The construction agreement may also contain additional terms and conditions that facilitate the financing by the board.

(e) The scope and cost of the approved local youthful offender rehabilitative facility project shall be subject to approval and administrative oversight by the board.

(f) For purposes of compliance with the California Environmental Quality Act (Division 13 (commencing with Section 21000) of the Public Resources Code), neither the board nor the department, shall be deemed a lead or responsible agency. The participating county shall be the lead agency.

SEC. 17. Section 1972 of the Welfare and Institutions Code is amended to read:

1972. Upon the receipt by a participating county of responsive construction bids, the board and the department may borrow funds for project costs after the project has been certified pursuant to Section 1970 from the Pooled Money Investment Account pursuant to Sections 16312 and 16313 of the Government Code, or from any other appropriate source. In the event any of the revenue bonds, notes, or bond anticipation notes authorized by this chapter are not sold, the department shall commit a sufficient amount of its support appropriation to repay any loans made for an approved project.

SEC. 18. Section 1973 of the Welfare and Institutions Code is amended to read:

1973. (a) The board may issue up to one hundred million dollars ($100,000,000) in revenue bonds, notes, or bond anticipation notes, pursuant to Chapter 5 (commencing with Section 15830) of Part 10b of Division 3 of Title 2 of the Government Code to finance the acquisition, design, renovation, or construction, and a reasonable construction reserve, of approved local youthful offender rehabilitative facilities described in Section 1971, and any additional amount authorized under Section 15849.6 of the Government Code to pay for the cost of financing.

(b) Proceeds from the revenue bonds, notes, or bond anticipation notes may be utilized to reimburse a participating county for the costs of

— 13 —                              Ch. 16

acquisition, preliminary plans, working drawings, and construction for approved projects.

(c) Notwithstanding Section 13340 of the Government Code, funds derived pursuant to this section are continuously appropriated for purposes of this article.

(d) This section shall become inoperative on June 30, 2017. No projects shall be commenced after that date, but projects already commenced may be completed and financed through the issuance of bonds pursuant to this article.

SEC. 19. Section 1975 of the Welfare and Institutions Code is amended to read:

1975. (a) The authority shall adhere to its duly adopted regulations for the approval or disapproval of local youthful offender rehabilitative facilities. The authority also shall consider cost-effectiveness in determining approval or disapproval. No state moneys shall be encumbered in contracts let by a participating county until final architectural plans and specifications have been approved by the authority, and subsequent construction bids have been received. The review and approval of plans, specifications, or other documents by the authority are for the purpose of ensuring proper administration of moneys and determination of whether the project specifications comply with law and regulation. The authority may require changes in construction materials to enhance safety and security if materials proposed at the time of final plans and specifications are not essential and customary as used statewide for facilities of the same security level. Participating counties are responsible for the acquisition, design, renovation, construction, staffing, operation, repair, and maintenance of the project.

(b) The authority shall establish minimum standards and funding schedules and procedures, which shall take into consideration, but not be limited to, all of the following:

(1) Certification by a participating county of project site control through either fee simple ownership of the site or comparable long-term possession of the site, and right of access to the project sufficient to ensure undisturbed use and possession.

(2) Documentation of need for the project.

(3) A written project proposal.

(4) Submittal of a staffing plan for the project, including operational cost projections and documentation that the local youthful offender rehabilitative facility will be able to be safety staffed and operated within 90 days of completion.

(5) Submittal of architectural drawings, which shall be approved by the authority for compliance with minimum youthful offender rehabilitation facility standards and which also shall be approved by the State Fire Marshal for compliance with fire safety and life safety requirements.

(6) Documentation evidencing the filing by a participating county of a final notice of determination on its environmental impact report.

(7) Provisions intended to maintain the tax-exempt status of the bonds, notes, or bond anticipation notes issued by the board.

SEC. 20.  Section 1977 is added to the Welfare and Institutions Code, to read:

1977.  In support of state funding authorized by this article, the Legislature finds and declares all of the following:

(a) Population levels in local juvenile offender facilities across the state have dramatically increased.

(b) Although capacity in local juvenile offender rehabilitation and incarceration facilities has been added during the last decade, those facilities still face capacity problems, and aging facilities need to be repaired or replaced.

(c) Insufficient capacity at local juvenile offender rehabilitation and incarceration facilities may create risks to the public safety as well as a loss to the state of potentially productive members of society.

(d) By expanding local juvenile offender rehabilitation and incarceration facilities, this funding will serve a critical state purpose, which purpose represents valuable consideration in exchange for this state action.

SEC. 21.  This act addresses the fiscal emergency declared by the Governor by proclamation on December 19, 2008, pursuant to subdivision (f) of Section 10 of Article IV of the California Constitution.

SEC. 22.  This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are:

In order to make the necessary statutory changes to implement the Budget Act of 2008 at the earliest time possible, it is necessary that this act take effect immediately.

O