1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  JONATHAN L. WOLFF, State Bar No. 193479
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 324-5345
6    Fax: (916) 324-5205
     E-mail: Debbie.Vorous@doj.ca.gov
7  *Attorneys for Defendants*

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10                              SACRAMENTO DIVISION

11

12

13  **RALPH COLEMAN, et al.,**                    2:90-cv-00520 LKK JFM P

14                              Plaintiffs,       **DEFENDANTS' EX PARTE REQUEST
                                                  FOR AN EXTENSION OF TIME TO**
15        **v.**                                  **FILE BED PLAN STATEMENT**

16
    **ARNOLD SCHWARZENEGGER, et al.,**
17
                                Defendants.
18

19

20                              **INTRODUCTION**

21        On February 17, 2009, this Court ordered that Defendants file a statement setting forth the

22  present bed plan by March 4, 2009. (CR 3515.) Defendants are not prepared to submit an

23  updated long-range plan for mental health care beds today, and Defendants request an additional

24  ninety days to file their plan. Defendants have been preparing an updated plan, and an additional

25  ninety days will enable Defendants to account for recent and anticipated events that impact the

26  plan. In an effort to provide this Court with an accurate and comprehensive plan, Defendants

27  request an additional ninety days to file their plan.

28
                                        1

## GOOD CAUSE EXISTS TO GRANT DEFENDANTS' REQUEST

Defendants previously submitted several mental health bed plans addressing the bed needs of the *Coleman* class-action members, most recently in July 2008.  Defendants intend to file an updated plan, and good cause exists to grant Defendants' request for additional time to prepare the plan.  (Hysen Decl. ¶ 5.)  Several recent developments require Defendants to modify their most recent plan, and Defendants anticipate that other events will, in the near future, have an important bearing on the scope of the plan.

First, Defendants' July 2008 bed plan envisioned a coordinated effort with the Receiver in *Plata*, consistent with the February 26, 2008 order by the courts in *Coleman*, *Plata*, *Perez*, and *Armstrong* concerning the coordinated construction agreement.  (CR 1107.)  However, Defendants recently filed a motion to replace the Receiver with a Special Master and to terminate the Receiver's construction plans.  This motion is set to be heard on March 16, 2009.  Defendants believe that the outcome of this litigation will impact the bed plan.  (Hysen Decl. ¶ 6.)  In any event, the Receiver himself recently proposed three different construction options, each of which would impact Defendants' bed plan in different ways.  (*Plata v. Schwarzenegger*, Case No. CV 01-01351 (N.D. Cal.), CR 2065.)  Defendants believe that additional time is needed to determine how best to proceed given the uncertainty of the Receivership and the Receiver's construction plans.  (Hysen Decl. ¶ 6.)

Second, CDCR has a new Chief Deputy Secretary of Health Care Services.  Chief Deputy Secretary Sharon Aungst started working for CDCR on February 9, 2009.  (Aungst Decl. ¶ 2.)  Ms. Aungst has unique background and experience in meeting the constitutional mandates applicable to correctional mental health care.  (*Id*. at ¶¶ 2-6.)  During her tenure in the Ohio Department of Rehabilitation and Corrections, Chief Deputy Secretary Aungst established a constitutionally adequate mental health care system and so achieved termination of a federal class action suit brought on behalf of mentally ill inmates.  *Dunn v. Voinovich*, No. C1-93-0166 (Ohio Dist. Ct .).  (*Id.* at ¶ 3.)  Ms. Aungst's understanding of constitutionally adequate mental health care, combined with her organizational skills, will enhance Defendants' ability to comply with the *Coleman* injunction as well as the pending *Coleman* order.  (*Id.* at ¶¶ 3–6.)  Once Ms. Aungst has

2

1     the opportunity to fully evaluate CDCR's current bed needs, CDCR will be positioned to

2     coordinate the updated plan with the Department of Finance and the Department of Mental

3     Health.  (*Id.* at ¶ 7; Hysen Decl. ¶ 7.)

4          Third, the Fall 2008 CDCR population projections indicate a change in the forecasted

5     number of needed mental health care beds.  (Hysen Decl. ¶ 8.)  Given the projected population

6     changes identified in the Fall 2008 population projections, a change in the July 2008 plan is

7     warranted in order to provide the Court with a comprehensive, up-to-date plan.  (*Id.*)

8          Finally, Senate Bill (SB) 14 was passed on February 20, 2009, which provided necessary

9     "clean up" language to Assembly Bill 900 (AB 900), the Public Safety and Offender

10    Rehabilitation Services Act of 2007.  (Hysen Decl. ¶ 9.)  Before SB 14, CDCR could not

11    incorporate the AB 900 changes into its bed plan, however, CDCR is now in a position to

12    integrate the provisions of AB 900 into a revised plan.  (*Id.*)

13         Defendants requested that the Plaintiffs stipulate to a ninety day extension of time to file

14    their bed plan statement.  (Vorous Decl. ¶ 2.)  Plaintiffs, however, would not stipulate to this

15    extension.  (*Id.*)  Given the short time frame provided by the Court's order, Plaintiffs are not

16    prejudiced by Defendants' request for a short extension.  Defendants recognize their

17    responsibility to provide necessary mental health care beds and remain committed to constructing

18    necessary mental health care beds and treatment space as appropriated in the Fiscal Year 2009-10

19    Budget Act for construction of twenty Psychiatric Services Unit beds at California Institute for

20    Women and to complete the design of additional Enhanced Outpatient Program treatment and

21    office space at California State Prison, Sacramento.  (Hysen Decl. ¶ 10.)

22    //

23    //

24    //

25

26

27

28

3

1

## **CONCLUSION**

2   Because good cause exists to grant Defendants' ex parte request, Defendants respectfully

3   request that the Court grant them an additional ninety days to file a statement setting forth their

4   present bed plan.

5   Dated:  March 4, 2009                                    Respectfully submitted,

6                                                            EDMUND G. BROWN JR.
                                                             Attorney General of California
7                                                            JONATHAN L. WOLFF
                                                             Senior Assistant Attorney General
8

9                                                            */s/ Debbie J. Vorous*

10
                                                             DEBBIE J. VOROUS
11                                                           Deputy Attorney General
                                                             *Attorneys for Defendants*
12
    CF1997CS0003
13  30680354.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs' Ex Parte Req. for Ext. of Time to File Bed Plan Statement
(2:90-cv-00520 LKK JFM P)