PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

Case No. Civ S 90-0520 LKK-JFM

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE BED PLAN STATMENT**

[279658-1]

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE BED PLAN STATMENT - CASE NO. CIV S 90-0520 LKK-JFM

**INTRODUCTION**

After 5:00 p.m. on March 4, 2009—the court-ordered deadline—defendants filed an *ex parte* request for a 90-day extension of time to comply with this Court's rather straightforward Order of February 17, 2009: "to file and serve a statement setting forth the present bed plan." The Court Order was issued in response to plaintiffs' request for an evidentiary hearing to resolve what the Court agreed "are substantial questions as to what bed plan defendants are presently following." Docket 3515. Defendants' request should be denied and the evidentiary hearing should proceed as scheduled. None of the excuses set forth by defendants justifies an additional 90-day delay. In fact, defendants' pleadings and declarations are responsive to the Court's Order and sufficient to establish the legal and factual predicate for the evidentiary hearing scheduled for March 24: The State, for whatever reason, wishes to keep all balls in the air for as long as possible, delaying the expenditure of funds and the difficult public policy decisions, without regard for the pain, suffering and avoidable deaths that have resulted and will continue to result due to defendants' on-going failure to remedy the Constitutional violations in mental health care.

None of the "recent and anticipated events" relied on by defendants to justify the 90-day delay hold water. Each of these "events" was caused or controlled or anticipated by defendants themselves: 1) defendants chose to refuse to fund and then directly attack the Receiver and his Construction Plan; 2) defendants decided to hire a new Deputy Director; 3) the Fall population projections (Plaintiffs' Trial Ex. P-781) were published more than four months ago; and 4) AB 900 has been law for almost two years and has little relevance to the *Coleman* bed plan.

Three months from now there will surely be other such "events." The Legislature and the Governor will be back in their usual June budget battle, the Spring population projections will issue and need to be carefully evaluated, some CDCR officials will leave and others will be hired, the Department of Mental Health (DMH) will be in or out, the three-judge panel will issue an order and it will or will not be stayed, parole reform will go forward or will be abandoned, AB 900 construction will be halted by the next set of obstacles, and either the Plata Receiver or the State will be appealing an Order that will be stayed or not.

[279658-1]

1    The unsupported assertion that "Plaintiffs are not prejudiced by Defendants' request for a

2    short extension" is offensive.  As recently as February 17, 2009, this Court found that "the urgent

3    need by class members for mental health crisis beds persists with such severity that state

4    licensing requirements must temporarily give way to remedy the Eighth Amendment violations

5    that remain unsolved in this action."  Docket 3516 at 1:23-26.  Yet defendants make no mention

6    of the status of funding for the 50-bed MHCB project at CMC, which apparently, once again, has

7    dropped out of the budget despite this Court's specific orders issued over several years.  Docket

8    3513 at 2-3; 3/26/07 Order (Docket 2173); 2/26/08 Order (Docket 2697); March 4, 2009 Hysen

9    Declaration at ¶ 10 (Docket 3538-4) (fails to mention the CMC 50 MHCB project as moving

10   forward).

11   An evidentiary hearing that proceeds as scheduled on March 24 will permit projects and

12   plans to be developed, approved and funded in the May Revise budget process and to be funded

13   as early as July 1, 2009.  If the Court grants the requested extension, the May Revise[1] process

14   will have been long-completed before any hearing or resulting orders and any remedy will be

15   delayed, once again, into another budget year.  Three years ago, the Court held an evidentiary

16   hearing concerning this very issue in late April 2006, which proved effective in moving the State

17   forward in its bed planning and construction efforts.  March 3, 2006 Order, Docket 1772.  The

18   State's witnesses testified, however, that an order issued any later than early May could not be

19   addressed through the regular budget process.

20
_____

21   [1] *See* California Government Code §§ 13308(b) (April 1 deadline for Director of Finance to
     propose non-capital adjustments to Governor's Budget), 13308(c) (May 1 deadline for Director
22   of Finance submission to legislature).  The California Department of Finance provides this
     description of the "May Revise" deadlines on its website:  "The Department of Finance proposes
23   adjustments to the Governor's Budget through 'Finance Letters' in the spring. By statute, the
     Department of Finance is required to give the Legislature all proposed adjustments, other than
24   Capital Outlay and May Revision, to the Governor's Budget by April 1. Capital Outlay
     adjustments are due by May 1.  The traditional May Revision adjustments are due by May 14,
25   and consist of an update of General Fund revenues and changes in expenditures for school
     funding requirements pursuant to Proposition 98, caseload, enrollment, or population.  The
26   Legislature typically waits for the May Revision update before final budget decisions are made
     on major programs such as Education, Corrections, and Health and Human Services."  *See*
27   http://www.dof.ca.gov/fisa/bag/process.htm (last checked March 5, 2009).
28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE
BED PLAN STATMENT - CASE NO. CIV S 90-0520 LKK-JFM

[279658-1]

The *Coleman* bed planning efforts have taken several years and the Special Master and the parties have reviewed and commented on drafts of the bed plans. At trial, defendants contended that their bed plan was the solution to the unconstitutional care and significant bed deficits that they admit exist within CDCR. Robin Dezember, then Deputy Secretary of Health Care Services, testified that he fully supported the Receiver's 10,000 Bed Plan and that defendants had lost a year or more on the implementation of their 2007 bed plan that is independent of the Receiver's projects. Mr. Dezember was unable to estimate when the necessary construction projects for the 2007 bed plan would be approved, much less funded or constructed. Dezember at RT 895:14-16 (Plata Docket 1877); Dezember at RT 896:8-20.

The decision as to what bed plan to pick and whether to work with or fight against the Receiver is not in the hands of Deborah Hysen, Sharon Aungst or even Secretary Mathew Cate. As Robin Dezember testified, the decisions are being made in the Governor's Office and the Governor's Office filed nothing in support of the request for an extension.

A public evidentiary hearing on this critical issue held on March 24, 2009 holds the promise of forcing this important decision to be made so these necessary life-saving projects can finally proceed. Even then, the system will remain years away from meeting the needs of the *Coleman* class, but at least there will be a plan for the beginning of the end of the remedial process.

## CONCLUSION

At the final hour, defendants file yet another *ex parte* motion requesting a 90-day extension of time to file a statement setting forth their present bed plan. They offer a series of excuses, none of which address the Court's concern that *Coleman* class members are languishing throughout the CDCR prisons without access to appropriate levels of beds, while CDCR officials haggle over who will build the Court-ordered mental health beds.

//

//

//

//

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE
BED PLAN STATMENT - CASE NO. CIV S 90-0520 LKK-JFM

We request that the Court deny defendants' request and require defendants to proceed with the evidentiary hearing on March 24.  In addition, plaintiffs request that the Court require appropriate representatives of the Governor's Office, the Department of Finance, and the Department of Mental Health to attend the hearing and be prepared to testify.


Dated:  March 5, 2009                                    Respectfully submitted,

                                                         ROSEN, BIEN & GALVAN, LLP


                                                         By: */s/ Jane E. Kahn*
                                                             Jane E. Kahn
                                                             Attorney for Plaintiffs

[279658-1]