IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                No. 2:90-cv-0520 LKK JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.            <u>ORDER</u>

        Pursuant to court order this matter came on for hearing on March 24, 2009 for the purpose of considering what further steps are required to insure timely compliance with this court's orders regarding provision of necessary mental health beds to members of the plaintiff class. <u>See</u> Order filed March 5, 2009. On March 19, 2009, defendants filed a progress report as required by the court. On March 23, 2009, plaintiffs filed objections to defendants' progress report.

        At the hearing, the court informed defendants that the progress report was insufficient and ordered defendants to meet with the special master and his experts within twenty-four hours of the hearing and at additional meetings as directed by the special master in order for the defendants, at the direction of the special master, to: (1) make specific plans for the expedited completion and opening of the 64-bed intermediate care facility (ICF) at Salinas Valley State Prison (SVSP); (2) prioritize the projects listed in the progress report and develop

1

concrete plans for their implementation; (3) consider other emergency measures, such as transferring inmates at the Enhanced Outpatient Program (EOP) level of care to Atascadero State Hospital (ASH) and Coalinga State Hospital (CSH); and (4) take all steps necessary to bring urgent projects within the current budget cycle. The court also directed defendants to file a further progress report on the above matters, approved by the special master prior to filing, and advised the parties that the special master would, within the next forty-eight hours, advise the court of a time frame for defendants to file that further progress report. In addition, the court ordered the defendants, at the direction of the special master and his experts and, as appropriate in consultation with the Plata Receiver, to take all steps necessary to present to the court, within the next sixty days, a final bed plan that has been approved by the special master.[1]

On March 27, 2009, the special master reported to the court as follows: Over the preceding two days, the special master and members of his staff met for a total of seven hours with officials from the Office of the Governor, California Department of Corrections and Rehabilitation (CDCR), the California Department of Mental Health (DMH), and the California Department of Finance (DOF), as well as defendants' counsel. CDCR officials appeared at the first meeting with far more specific plans and detailed information than had been provided to the court in the March 19, 2009 progress report and this provided a solid foundation for the two days of planning that followed. Over the course of two days, DMH officials came forward with several proposals for inpatient care in locked units at CDCR institutions targeted at reducing or eliminating the backlog of Level IV inmates awaiting intermediate care. However, DMH officials took an intractable position with respect to the use of Atascadero State Hospital (ASH) and Coalinga State Hospital (CSH) for any part of necessary solutions. The special master made a series of recommendations to the court based on those meetings. Those recommendations are discussed below.

---

[1] The court made an additional order concerning a court-ordered 50-bed mental health crisis bed unit (MHCB) at California Men's Colony.

1  The court is encouraged by the initial report from the special master in all aspects
2  with the exception of DMH's position on the use of ASH and CSH. Such intransigence is not
3  new to this litigation, but it must change. To that end, the special master recommends that the
4  Director of DMH, Stephen W. Mayberg, be directed to attend any and all meetings set by the
5  special master in connection with the matters that are the subject of this order unless the special
6  master determines that defendant Mayberg's attendance is not required.[2] That will be the order
7  of the court.
8  The special master reports that during the meeting on March 26, 2009, the
9  Navigant consultant advised that there could be an unidentified need for inpatient beds among
10 members of the plaintiff class and that the best way to determine this was to conduct an
11 assessment. To that end, and cognizant of the troubled history between CDCR and DMH, the
12 special master recommends that CDCR and DMH clinicians be required to, forthwith and
13 working together, conduct on an expedited basis a modified assessment to determine whether
14 there are unmet needs for inpatient care among members of the plaintiff class and to refer any
15 inmates identified during this modified assessment for appropriate inpatient care. The court will
16 order the modified assessment recommended by the special master.
17 In connection with the process of referring class members for inpatient care, the
18 special master expresses concern that artificial barriers are being placed on admissions from
19 CDCR to ASH.[3] Should these barriers interfere with referrals for inpatient care during the
20 assessment process required by this order, or at any point, defendant Mayberg will be directed to
21 work, at the request of the special master, to develop new policies and procedures to expedite
22 admissions to ASH.

---

[2] Director Mayberg was joined as a defendant in June 2006. See Order filed June 28, 2006.

[3] Specifically, the special master reports that DMH limits the number of CDCR inmates admitted to ASH to five inmates per week regardless of the number of inmates actually referred for admission and that no adequate rationale for this limitation has been presented.

3

1 　　　　　The special master also recommends that he be required to review defendants'
2 activation schedule for all court-ordered projects and defendants' final proposal to meet the
3 remaining short-term, intermediate, and long-range bed needs of the plaintiff class prior to
4 submission of these matters to the court, that plaintiffs be given a period to comment on these
5 matters, and that the court set a hearing on the adequacy of the activation schedules and the final
6 proposal.  Good cause appearing, this court's oral ruling will be modified accordingly.
7 　　　　　Finally, the special master has advised the court that Part B of his Twentieth
8 Round Monitoring Report, which is currently being prepared, concerns several plans which are
9 likely to be significantly impacted by the matters that are the subject of this order.  For that
10 reason, the special requests deferral of the filing of that report.  That will be the order of the
11 court.
12 　　　　　After careful consideration of the record, the special master's oral report and his
13 accompanying recommendations, and good cause appearing, THE COURT NOW MAKES THE
14 FOLLOWING ORDERS:
15 　　　　　1. Within thirty days from March 24, 2009, defendants shall take all steps
16 necessary in order to have executed contracts with the architect, engineering firm, and EIR
17 consultant, all of whom have already been selected, for the 50-bed MHCB unit at CMC and shall
18 file with the court appropriate declarations so attesting.  Said declarations shall be accompanied
19 by a detailed schedule including a date certain for completion of this project, specific timetables
20 by which every stage of the project shall be completed, a list of every state agency involved in
21 the project, and the names and addresses of all persons responsible for approval and/or execution
22 of each stage of the project.  At each stage of the project, defendants shall certify to the special
23 master the action or actions taken and whether the project remains on schedule.
24 　　　　　2. Within thirty days from the date of this order, defendants shall file with the
25 court a detailed schedule for completing, opening, and filling the 64-bed ICF at SVSP, including
26 a date certain by which the unit shall be open for occupancy, a description of every remaining

step that is necessary to open the unit, specific timetables by which each such step shall be completed, a list of every state agency involved in the project, and the names and addresses of all persons responsible for approval and/or execution of each stage of the project. At each stage of the project, defendants shall certify to the special master the action or actions taken and whether the project remains on schedule. In any event, the 64-bed ICF at SVSP shall open for occupancy not later than June 15, 2009, and defendants shall file a certification attesting thereto not later than five days thereafter.

        3. On or before May 26, 2009, defendants shall file with the court and submit to the special master and plaintiffs detailed activation schedules for completion of all other court-ordered construction projects. Each activation schedule shall include a date certain by which the project shall be completed, a description of every step necessary to complete the project, specific timetables by which each such step shall be completed, a list of every state agency involved in the project, the names and addresses of all persons responsible for approval and/or execution of each stage of the project, and a timetable for certification to the special master the action or actions taken and whether the project remains on schedule. These schedules shall be prepared by defendants at the direction of the special master, shall include such detail as the special master may require, and shall be approved by the special master prior to filing. Plaintiffs will be granted until June 9, 2009 to submit comments to the special master on the activation schedules.

        4. Over the next sixty days, defendants shall continue to meet with the special master and, as appropriate in consultation with the <u>Plata</u> Receiver, to develop concrete proposals to meet the remaining short-term, intermediate, and long range bed needs of the plaintiff class. On or before May 26, 2009, defendants shall file with the court and submit to the special master and the plaintiffs a final proposal. Plaintiffs will be granted until June 9, 2009 to submit

comments to the special master on the final proposal.[4]

5. This matter is set for hearing on June 16, 2009 at 1:30 p.m. on the adequacy of defendants' activation schedules for all court-ordered projects and on defendants' final proposal to meet the remaining short-term, intermediate, and long range bed needs of the plaintiff class and any comments thereto.

6. Defendant Mayberg shall attend in person all meetings set by the special master unless the special master determines that defendant Mayberg's attendance is not required.

7. Within sixty days or on such schedule as the special master may direct, CDCR and DMH clinicians shall work together to conduct a modified assessment to determine whether there are unmet needs for inpatient care among members of the plaintiff class and to refer on an expedited basis any inmates identified during this modified assessment for appropriate inpatient care. The special master and his experts shall supervise the modified assessment.

8. The special master is relieved of the obligation to file his 20B Monitoring report at this time.

9. Failure to comply with this order or any obligation that arises in connection therewith will result in the imposition of sanctions, which may include monetary fines or other appropriate sanctions, on any and all persons responsible for the failure.

10. The court will consider joining as a defendant in this action any person or persons who present a barrier to timely compliance with this order.

DATED: March 30, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Any comments submitted to the special master shall be filed with the court at the same time.