EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
JONATHAN L. WOLFF, State Bar No. 193479
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
JEFFREY STEELE, State Bar No. 124668
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-5345
  Fax: (916) 324-5205
  E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' REQUEST FOR WAIVER OF STATE LAW RE: SALINAS VALLEY STATE PRISON** |

## INTRODUCTION

This Court ordered Defendants to inform it of any regulatory or licensing barriers that impede the activation of mental health care beds. (Docket No. 1800.) Additionally, on March 31, 2009, this Court ordered that Defendants open for occupancy the 64-bed Inpatient Non-Acute Intermediate Care Facility at Salinas Valley State Prison ("SVSP") (the "Project") not later than June 15, 2009. (Docket No. 3556.) Defendants will not be able to comply with the June 15 deadline, unless the Court waives certain state building code requirements preventing the California Department of Corrections and Rehabilitation ("CDCR") from certifying the SVSP 64-

1

bed Intermediate Care Facility for licensure. Specifically, these code requirements govern painting deficiencies, the remaining change order work on the Project, final approval of the work by the Office of Statewide Health Planning and Development ("OSHPD"), CDCR's certification to OSHPD that the Project's construction is in full conformance with all applicable building standards, and obtaining a secondary peer review certification.

Defendants therefore request that the Court waive these code requirements so that CDCR can complete the necessary self-certification of the SVSP 64-bed Intermediate Care Facility. The requested waivers will not place the inmates' health or safety at risk. The *Coleman* Special Master supports Defendants' request, and Plaintiffs' counsel do not oppose the request.

## BACKGROUND

### A.    The SVSP 64-Bed Intermediate Care Facility Project

On March 3, 2006, this Court ordered that Defendants build a 64-bed mental health care facility as part of the planned expansion of the Salinas Valley Psychiatric Program operated by the Department of Mental Health ("DMH") for Level IV violent inmates at SVSP. (Docket No. 1772.) This facility will provide additional non-acute intermediate level care beds for Level IV inmates who require inpatient mental health care beyond a short-term crisis. (Docket No. 3544, p. 52.) SVSP is already licensed by the Department of Public Health. (Radavsky Decl. ¶ 2.) (*Id.*)

On March 31, 2009, this Court ordered that Defendants file a detailed schedule for completing, opening, and filling the 64-bed Intermediate Care Facility at SVSP. (Docket No. 3556.) Further, the Court ordered the facility open for occupancy not later than June 15, 2009. (*Id.*) At present, the Project is substantially complete (Hysen Decl. ¶ 4), and DMH is ready to begin admitting patients to the facility on or about April 29, 2009. (Radavsky Decl. ¶ 4.) But

/ / /

2

Defs.' Request for Waiver of State Law Re: Salinas Valley State Prison  (2:90-cv-00520 LKK JFM P)

because work remains on the Project, CDCR cannot certify the Project to the OSHPD in time for the Project to be open for occupancy by June 15, 2009.  (Hysen Decl. ¶¶ 3, 6, 8.)

### B. Description of the Self-Certification and Licensing Process

Under the California Health and Safety Code, CDCR must certify to the OSHPD that the Project complies with the California Building Standards Code for the safety of Correctional Treatment Centers before it can open the SVSP 64-bed Intermediate Care Facility.  Cal. Health & Safety Code §§ 129905, (2008); Cal. Code Regs. tit. 24, Part 1, § 7-103(a)(1) (2001) ("Correctional Treatment Centers shall certify to the Office in compliance with Section 7-156.").

In addition, the Department of Public Health must expand SVSP's license to add the new 64 beds.  Health & Safety Code § 1253(a); Cal. Code Regs. tit. 22, §§ 73201(a), 73069 (2009).  The Department of Public Health, however, cannot expand SVSP's license until CDCR self-certifies the Project.  *Id.* §§ 1276(a), 1277(a); *Id.* §§ 70105, 79583(a).

### C. Description of Barriers Preventing CDCR from Certifying the Project for Licensure

There are five barriers preventing CDCR from certifying the SVSP 64-bed Intermediate Care Facility for licensure under California Health and Safety Code section 129905 and California Code of Regulations, Title 24, Part 1, sections 7-103.  First, in order to certify that the construction complies with the California Building Standards Code, CDCR must correct painting deficiencies in the corridors and nurse stations.  (Hysen Decl. ¶ 6.)  *See* Cal. Code Regs. tit. 24, Part 2, § 420A.9.3 (stating that "[i]nterior wall finishes shall be smooth, washable and durable").  Second, CDCR must finish change order work.  (Hysen Decl. ¶ 6.)  *See* Cal. Code Regs. tit. 24, Part 1, § 7-153 (requiring the completion of all change orders prior to final approval).  Third, once the painting and change order work is complete, CDCR must obtain OSHPD's final approval of all the work.  (*Id.* ¶ 6.)  *See* Cal. Code Regs. tit. 24, Part 1, § 7-155 (the OSHPD shall approve the construction project when all work is complete in accordance with the approved

3

plans and specifications and it receives the required verified compliance report).

Fourth, CDCR must certify to the OSHPD that the Project's plans and construction are in full conformance with all applicable building standards and the Health and Safety Code requirements for the architectural, structural, mechanical, plumbing, and electrical systems. Cal. Health & Safety Code § 129905; Cal. Code Regs. tit. 24, Part 1, § 7-156. (Hysen Decl. ¶ 6.) Last, CDCR must utilize a secondary peer review process and obtain a certification that the work adheres to the Title 24 building standards, Parts 2, 3, 4, 5 and 9. (*Id; Id.*) (Hysen Decl. ¶ 6.)

## ARGUMENT

### I.

### THIS COURT CAN WAIVE STATE LAW IN ORDER TO ACTIVATE THE SVSP MENTAL HEALTH CARE BEDS

The "Supreme Court has stated that otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." *Stone v. City and County of San Francisco*, 968 F.2d 850, 862 (9th Cir. 1992) (quoting *North Carolina State Bd. Of Educ. v. Swann*, 402 U.S. 43, 45 (1971).) DMH is ready to begin admitting patients on or about April 29, 2009, and waiving state law will allow Defendants to comply with this Court's order that Defendants open the Project for occupancy by June 15. Under this circumstance, it is appropriate for this Court to waive state law.

### II.

### WAIVING STATE LAWS AND REGULATIONS SO THAT CDCR CAN COMPLETE THE NECESSARY SELF-CERTIFICATION FOR THE FACILITY WILL NOT PLACE THE INMATES' HEALTH OR SAFETY AT RISK

Waiving state laws and regulations so that CDCR can complete the necessary self-certification of the SVSP 64-bed Intermediate Care Facility, Defendants can request that the Department of Public Health expand SVSP's current license, and DMH can begin admitting patients once the license is expanded, will not place the inmates' health or safety at risk.

4

Defs.' Request for Waiver of State Law Re: Salinas Valley State Prison  (2:90-cv-00520 LKK JFM P)

The work that remains on the Project will not affect the inmates' treatment. (Hysen Decl. ¶¶ 6–7, Ex. B.) The work involves correcting painting deficiencies in corridors and nurse stations, and Defendants anticipate that this work will occur while the facility is partially occupied. (*Id.* ¶ 6.) Additionally, the change order work is minimal and involves some work on the exterior of the building. (*Id.* ¶ 7.) CDCR expects this work will be complete by July 31, 2009. (*Id.*)

The Project is substantially complete, and CDCR has already completed most of the work required to certify to OSHPD that the work complies with all relevant building standards. *See* Cal. Health & Safety Code § 129905; Cal. Code Regs. tit. 24, Part 1, § 7-156. Moreover, all work has been carried out in conformance with the approved plans and specifications, approved change orders, and applicable building standards. (Hysen Decl. ¶ 4.) The preliminary as-built drawings have been reviewed. (*Id.* ¶ 6.) Additionally, the secondary peer review is in progress and approved change orders to date have been reviewed for compliance. (*Id.*) Moreover, DMH has taken all the steps necessary to allow the Department of Public Health to expand SVSP's license to add the new 64 beds, once CDCR self-certifies the Project. (Radavsky Decl. ¶ 3, Ex. A.) And on April 13, 2009, the Office of the State Fire Marshal issued a Certificate of Occupancy indicating that the facility is safe for its intended use. (Hysen Decl. ¶ 5, Ex. A.)

Waiving the state laws and regulations so that CDCR can complete the necessary self-certification for the Project in the absence of compliance with the noted state building code requirements will not place the inmates' health or safety at risk, and this Court should grant Defendants' request.

/ / /

/ / /

/ / /

5

## III.

## THE COLEMAN SPECIAL MASTER SUPPORTS DEFENDANTS' REQUEST, AND PLAINTIFFS DO NOT OPPOSE THE REQUEST

*Coleman* Special Master Matthew Lopes supports Defendants' request that the Court waive the state laws and regulations so that CDCR can open the SVSP 64-bed Intermediate Care Facility Project for occupancy by June 15. (Vorous Decl. ¶ 2.) Further, Plaintiffs' counsel does not oppose Defendants' request. (*Id.* ¶ 3.) Counsel, however, asked that Defendants include a proposed deadline by which they will certify to the Court that the remaining work is complete. (*Id.*) Even though Defendants expect the painting and change order work will be complete by July 31, 2009, Defendants request that this Court give them an additional month; that is, until August 31, 2009, to certify to the Court that the work is complete or to explain any delays in completing this work.

## **CONCLUSION**

Because good cause exists to grant Defendants' ex parte request, Defendants respectfully request that this Court waive the above-discussed state laws and regulations so that CDCR can complete the necessary self-certification of the SVSP 64-bed Intermediate Care Facility in the absence of compliance with applicable building codes.

Dated: April 28, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ *Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
Attorneys for Defendants

CF1997CS0003
30729998.doc

6

Defs.' Request for Waiver of State Law Re: Salinas Valley State Prison  (2:90-cv-00520 LKK JFM P)