1  PRISON LAW OFFICE
   DONALD SPECTER, Bar No. 83925
2  STEVEN FAMA, Bar No. 99641
   1917 Fifth Street
3  Berkeley, California 94710-1916
   Telephone: (510) 280-2621
4  Facsimile:   (510) 280-2704
5

   BINGHAM, McCUTCHEN, LLP
   WARREN E. GEORGE, Bar No. 53588
   Three Embarcadero Center
   San Francisco, California 94111
   Telephone: (415) 393-2000

6  ROSEN, BIEN & GALVAN, LLP
   MICHAEL W. BIEN, Bar No. 96891
7  ERNEST GALVAN, Bar No. 196065
   JANE E. KAHN, Bar No. 112239
8  AMY WHELAN, Bar No. 215675
   315 Montgomery Street, 10th Floor
9  San Francisco, California 94104
   Telephone: (415) 433-6830
10

   K&L GATES LLP
   JEFFREY L. BORNSTEIN, Bar No. 99358
   4 Embarcadero Center, Suite 1200
   San Francisco, CA 94111-5994
   Phone - (415) 882-8200
   Fax - (415) 882-8220

11 THE LEGAL AID SOCIETY –
12 EMPLOYMENT LAW CENTER
   CLAUDIA CENTER, Bar No. 158255
13 600 Harrison Street, Suite 120
14 San Francisco, CA 94107
   Telephone: (415) 864-8848
15

16 Attorneys for Plaintiffs

17           IN THE UNITED STATES DISTRICT COURTS

18           FOR THE EASTERN DISTRICT OF CALIFORNIA
19

20 RALPH COLEMAN, et al.,                    ) No. Civ S 90-0520 LKK-JFM P
21                                           )
              Plaintiffs,                    ) **DECLARATION OF RICHARD M.**
22                                           ) **PEARL  IN SUPPORT OF PLAINTIFFS'**
                                             ) **MOTION FOR REASONABLE FEES**
23        v.                                 ) **AND COSTS**
                                             )
24 ARNOLD SCHWARZENEGGER, et al.,            )
                                             ) Date:  June 4, 2009
25           Defendants                      ) Time:  11:00 a.m.
                                             ) Place: Courtroom 26
26                                           ) Judge:  Honorable John F. Moulds
27
28

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

1    I, RICHARD M. PEARL, declare:

2    1.    I am a member in good standing of the California State Bar.  This declaration is

3 submitted in support of Plaintiffs' Motion to Compel Reasonable Attorneys' Fees and Expenses.

4 I am generally familiar with the litigation in which a plaintiff class of California state prisoners

5 sued the State based on Eighth Amendment violations related to mental healthcare services.  I

6 also am aware that this case has been in a post-judgment enforcement stage for more than ten

7 years.

8                              **BACKGROUND AND EXPERIENCE**

9    2.    Briefly summarized, my background is as follows:  I am a 1969 graduate of Boalt

10 Hall School of Law, University of California at Berkeley.  After graduation, I spent fourteen

11 years in federally funded legal services programs before going into private practice in 1982.

12 From 1977 to 1982, I was Director of Litigation for California Rural Legal Assistance, Inc., a

13 statewide legal services program with more than fifty attorneys.  Since April 1987, I have been a

14 sole practitioner in the San Francisco Bay Area.  Martindale Hubbell rates my law firm "AV." I

15 also have been selected as a Northern California "Super Lawyer" in Appellate Law for 2005,

16 2006, and 2007.  A copy of my Resume is attached hereto as <u>Exhibit A</u>.

17    3.    Since 1982, my practice has been a general civil litigation and appellate practice,

18 with an emphasis on cases and appeals involving court-awarded attorneys' fees. I have lectured

19 and written extensively on court-awarded attorneys' fees.  I have been a member of the

20 California State Bar's Attorneys Fees Task Force and have testified before the State Bar Board

21 of Governors and the California Legislature on attorneys' fee issues.  I am the author of

22 *California Attorney Fee Awards*, 2d Ed. (Calif. Cont. Ed. of Bar 1994), and its 1995, 1996,

23 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007 Supplements.  This

24 treatise has been cited by the California appellate courts on more than 30 occasions.  I also

25 authored the 1984, 1985, 1987, 1988, 1990, 1991, 1992, and 1993 Supplements to its

26 predecessor, CEB's *California Attorney's Fees Award Practice*.  In addition, I authored a

27 federal manual on attorneys' fees entitled *Attorneys' Fees:  A Legal Services Practice Manual*,

28

[293265-1]

1  published by the Legal Services Corporation.  I also co-authored the chapter on "Attorney Fees"

2  in Volume 2 of CEB's *Wrongful Employment Termination Practice*, 2d Ed. (1997).

3      4.      More than 90% of my practice is devoted to issues involving court-awarded

4  attorney's fees.  I have been counsel in over 140 attorneys' fee applications in state and federal

5  courts, primarily representing other attorneys.  I also have briefed and argued more than 40

6  appeals, at least 25 of which have involved attorneys' fees issues.  In the past decade, I have

7  successfully handled four cases in the California Supreme Court involving court-awarded

8  attorneys' fees: 1) *Delaney v. Baker* (1999) 20 Cal.4th 23, which held that heightened remedies,

9  including attorneys' fees, are available in suits against nursing homes under California's Elder

10  Abuse Act;  2) *Ketchum v. Moses* (2001) 24 Cal.4th 1122, which held, inter alia, that contingent

11  risk multipliers remain available under California attorney fee law, despite the United States

12  Supreme Court's  contrary ruling on federal law (note that in *Ketchum*, I was primary appellate

13  counsel in the Court of Appeal and "second chair" in the Supreme Court); 3) *Flannery v.*

14  *Prentice* (2001) 26 Cal.4th 572, which held that in the absence of an agreement to the contrary,

15  statutory attorneys' fees belong to the attorney whose services they are based upon; and 4)

16  *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, which I handled, along with trial

17  counsel, in both the Court of Appeal and Supreme Court.  I also successfully represented the

18  plaintiffs in a previous attorneys' fee decision in the Supreme Court, *Maria P. v. Riles* (1987) 43

19  Cal.3d 1281.  I also have handled several Ninth Circuit attorneys' fees matters, including *Davis*

20  *v. City & County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992); *Mangold v. CPUC*, 67 F.3d

21  1470 (9th Cir. 1995); *Velez v. Wynne*, 2007 U.S. App. LEXIS 2194 (9th Cir. 2007); and

22  *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973 (9th Cir. 2008).  (See Exhibit A.)

23      5.      I have been retained as an expert witness on attorneys' fee issues on at least 25

24  occasions, on behalf of both fee claimants and those opposing fee applications.  On at least 10

25  occasions, I have been qualified as an expert on attorneys' fees in judicial proceedings and

26  arbitrations.  I also have served as an arbitrator and mediator of attorney fee issues.

27

28

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

1

2

## REASONABLENESS OF PARALEGAL HOURLY RATES CLAIMED IN THIS APPLICATION

3

4          6.      I have reviewed the paralegal hourly rates claimed by the Plaintiffs' attorneys in

this application.  I understand that Plaintiffs are voluntarily applying the Prison Litigation

5     Reform Act attorneys' fee cap to paralegal work performed during 2008.  In particular, Plaintiffs

6     seek $155 to $169.50 per hour for paralegals with 2 to 22 years of experience.  In my opinion,

7     the hourly rates being claimed are well within the range of market rates, and in several cases are

8     well below the market rates charged for paralegals in the San Francisco Bay Area of equivalent

experience, skill, and expertise for comparable work.

9

10         7.      I am also aware that plaintiffs' attorneys are compensated in this case at a capped

11    maximum rate of $169.50 for work performed during 2008.  These rates are far below market

value even for first year associates.  For highly skilled and experienced attorneys such as

12    Michael Bien, who has been an attorney since 1981 (or for nearly 30 years) and is considered an

13    expert in civil prison litigation matters, the rate of $169.50 is nearly $500 less than Mr. Bien's

14    reasonable, 2008 market rate of $640 per hour.  In the aggregate, plaintiffs' counsel's

15    compensation for work performed during 2008, at the capped rate of $169.50, is hundreds of

16    thousands of dollars below the market value for such services.

17         8.      The claimed hourly rates for paralegals are well within the range of the non-

18    contingent rates charged by firms of comparable quality performing comparable services as the

19    firms representing plaintiffs in this action.  Measured against the rates charged to hourly clients

20    in the private legal marketplace, the rates of plaintiffs' paralegals here are toward the lower end

21    of the range of rates for paralegals of comparable background, experience, and skill.

22         9.      In many cases against the state, venue lies in the Sacramento courts.  As the

23    capital of California, attorneys from major cities like San Francisco and Los Angeles must

24    frequently litigate in the Sacramento courts against the State on issues of statewide importance.

25    It is appropriate for these attorneys to seek and receive the hourly rates for attorneys and

26    paralegals that prevail in the legal markets where they reside.

27

28

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

10.     Through my writing and practice, I have become familiar with the non-contingent market rates charged by attorneys and legal support staff in California and elsewhere.  This familiarity has been obtained in several ways:  (1) by handling attorneys' fee litigation; (2) by discussing fees with other attorneys; (3) by obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (4) by reviewing attorneys' fee applications and awards in other cases, as well as surveys and articles on attorney's fees in the legal newspapers and treatises.

11.     I am frequently called upon to opine about the reasonableness of attorneys' fees, and my declarations on that issue have been cited favorably by numerous courts.  Much of the extensive evidence I have obtained on this issue is set forth below.  In my opinion, all of the hourly rates being claimed by Plaintiffs' paralegals are in line with or lower than the hourly rates charged by paralegals of equivalent experience, skill, and expertise for comparable work.

a.     <u>Rates found reasonable in other cases.</u>  Plaintiffs' paralegal rates are in line with the following rates awarded by the courts in the following cases, including cases confirming some of  Plaintiffs' own rates:

**2008 RATES:**

i.     *Armstrong v. Schwarzenegger*, U.S. District Court, Northern District of California, Case No. 94-2307 (N.D. Cal. June 27, 2008), in which Judge Claudia Wilken awarded paralegal and other related rates for Rosen, Bien & Galvan, LLP as follows.

| Staff | Rate |
|---|---|
| Paralegals | $170-190 |
| Paralegal Clerk | 160 |
| Legal Assistants | 100-150 |
| Law Student | 170 |

ii.     *Prison Legal News v. Schwarzenegger*, U.S. District Court, Northern District of California, Case No. 07-2058 (rates set forth in Sanford Jay Rosen Declaration, Docket 40), in which Judge Claudia Wilken awarded Rosen, Bien & Galvan, LLP their full 2008

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

1  hourly rate for the one paralegal who worked on the case.  *See* Docket 52 at 7-8 (listing $170 per

2  hour as the rate for a paralegal and ruling that "the Court will not reduce hourly rates claimed by

3  Plaintiffs' counsel").

| Staff | Rate |
|---|---|
| Paralegal | $170 |

iii.     *Valdivia v. Schwarzenegger*, U.S. District Court, Eastern District of
California, Case No. Civ. S-94-0671 LKK (E.D. Cal. June 30, 2008) (rates set forth in
stipulation, Docket No. 1456, June 30, 2008), in which Judge Lawrence Karlton awarded
paralegal and other related rates for Rosen, Bien & Galvan, LLP as follows:

| Staff | Rate |
|---|---|
| Paralegals | $160-190 |
| Legal Assistant | 150 |
| Law Student / Law Clerk | 160 |

iv.     *L.H. v. Schwarzenegger*, U.S. District Court, Eastern District of
California, Case No. 06-2042 in which Judge Karlton awarded paralegal and other related rates
for Rosen, Bien & Galvan, LLP as follows (Docket 530):

| Staff | Rate |
|---|---|
| Paralegals | $150 |
| Paralegal Clerk | 130 |
| Law Students / Law Clerks | 170 |

**2007 RATES:**

i.     *Prison Legal News v. Schwarzenegger*, U.S. District Court, Northern
District of California, Case No. 07-2058, 561 F. Supp. 2d 1095, 1105-06 (N.D. Cal. Apr. 10,
2008), in which Judge Claudia Wilken awarded Rosen, Bien & Galvan, LLP their full 2007
hourly rates for paralegals and law student interns.

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

| Staff | Rate |
|---|---|
| Paralegals | $160-170 |
| Law Student | 160 |

ii.    *Craft v. County of San Bernardino*, U.S. District Court, Central District of California, Order Awarding Attorney's Fees and Costs, filed April 1, 2008, in which Judge Stephen G. Larson found the following hourly rates reasonable in a case involving violation of constitutional rights:

| Staff | Rate |
|---|---|
| Law Clerks | $200 |
| Paralegals | 110-225 |

**2006 RATES**

iii.    *Gober v. Ralphs Grocery*, San Diego Superior Court, No. N72142, Minute Order Granting Attorneys' Fees and Costs, filed March 22, 2007, a sexual harassment case under the California FEHA, in which Judge Jacqueline M. Stern found the following 2006 paralegal rates of Rosen, Bien & Galvan, LLP reasonable:

| Staff | Rate |
|---|---|
| Senior Paralegals | $185 |
| Junior Paralegals | $150-160 |
| Law Student Clerks | $160 |

iv.    *Waul v. State Farm Ins. Co.*, San Francisco Superior Court No. CGC 02-412248, Award of Attorney's Fees Following Arbitration, filed June 20, 2006, a consumer protection action, in which Judge James J. McBride awarded Plaintiffs' counsel (Rosen, Bien & Galvan, LLP) $185 per hour for a senior paralegal, plus a 1.5 multiplier on the fee award.

b.    <u>Paralegal Rate Information from Surveys and Other Cases.</u>  I have reviewed numerous declarations and depositions filed in other cases, as well as various surveys of legal rates.  These sources show the hourly rates for paralegals and other support staff in litigation

6

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

1  undertaken on a non-contingent basis by the following California law firms, listed in

2  alphabetical order:

3                    Bramson, Plutzik, Mahler & Birkahaeuser, LLP
                                    2008 Rates:

4
                              Staff            Rate
5
                           Paralegals          $150
6

7                              Chavez & Gertler
                                  2008 Rates:

8                             Staff            Rate
9
                           Paralegals          185
10                      Legal Assistants       125

11                               2006 Rates:

12                            Staff            Rate
13
                           Paralegals          $175
14                      Legal Assistants       125

15             Goldstein, Demchak, Baller, Borgen & Dardarian
                                2008 Rates:
16
17                            Staff            Rate

18                         Paralegals        $135-195

19             Lewis, Feinberg, Lee, Renaker & Jackson
                                2006 Rates:
20

21                            Staff            Rate

22                         Law Clerks          $200
                           Paralegal           150
23

24

25

26

27

28

                                        7

[293265-1]

1

2

3

#### Lieff, Cabraser, Heimann & Bernstein
##### 2007 Rates:

4

| Staff | Rate |
| --- | --- |

5

| Law Clerks | $165-295 |
| Paralegals | 115-250 |

6

7

#### Morrison & Foerster
##### 2008 Rates:

8

| Staff | Rate |
| --- | --- |

9

| Paralegals | $185-230 |

10

11

#### Pillsbury Winthrop Shaw Pittman LLP
##### 2006 Rates:

12

| Staff | Rate |
| --- | --- |

13

| Paralegals | $125-200 |

14

15

#### Rosen, Bien & Galvan, LLP
##### 2008 Rates:

16

| Staff | Rate |
| --- | --- |

17

| Paralegals | $170-225 |
| Litigation support/Paralegal clerks | 110-160 |
| Law clerks/Students | 170 |

18

19

##### 2007 Rates:

20

| Staff | Rate |
| --- | --- |

21

| Paralegals | 160-190 |
| Litigation support/Paralegal clerks | 110-150 |
| Law clerks/Students | 160 |

22

23

24

#### Rudy, Exelrod & Zieff
##### 2007 Rates:

25

| Staff | Rate |
| --- | --- |

26

| Law Clerk | $200 |

27

28

8

[293265-1]

| Staff | Rate |
|---|---|
| Paralegal | 150 |

12.     The above non-contingent rates are drawn from both large and small law firms. Most if not all of these law offices do business both in courts in the San Francisco Bay Area and in other jurisdictions.

13.     In my experience, highly skilled law firms that are in demand throughout the state, such as Rosen, Bien & Galvan and K&L Gates, charge their normal hourly rates regardless of the jurisdiction in which they are litigating.

14.     The hourly rates set forth above are those charged where full payment is expected promptly upon the rendition of the billing and without consideration of factors other than hours and rates.  If any substantial part of the payment were to be deferred for any substantial period of time, for example, or if payment were to be contingent upon outcome or any other factor, the fee arrangement would be adjusted accordingly to compensate the attorneys for those factors.

15.     In my experience, fee awards are almost always determined based on current rates, i.e., the attorney's rate at the time a motion for fees is made, rather than the historical rate at the time the work was performed.  This is a common and accepted practice to compensate attorneys for the delay in being paid.

**EXPENSES RELATED TO ELECTRONIC DISCOVERY DATABASES AND SERVICES**

16.     The costs of electronic discovery processing and database hosting are regularly billed to clients as litigation costs.  They are not considered part of law firm overhead.  They are, instead, costs incurred for the benefit of clients, in order to perform absolutely necessary services in a modern litigation environment.

17.     I have been informed that the discovery phase of this matter was complex and highly contested, and that Defendants produced hundreds of thousands of pages of documents, and over 150 gigabytes of electronic discovery.  I have been informed that Plaintiffs counsel had

DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF FEES AND COSTS
CASE NO. CIV S 90-0520 LKK-JFM

[293265-1]

1   to quickly code and review this universe of data to prepare for approximately 87 depositions on

2   a shortened discovery schedule, and then to prepare for the 14-day trial, in which thousands of

3   documents were introduced as exhibits.

4         18.    In my experience, litigation teams faced with electronic discovery on this scale,

5   and with shortened time frames, often decide, correctly, that it is more cost-effective for their

6   clients to outsource much of the processing, coding, and database hosting required to quickly

7   make use of the electronic discovery material.  In many cases, it is not cost effective or even

8   possible for litigation teams to staff up quickly enough to handle such challenges on a shortened

9   discovery schedule like that the one that was followed here.

10         19.    In presenting complex cases at trial, it has also become common for litigation

11   teams to employ graphics consultants to prepare demonstrative charts, photographs, and video

12   excerpts for use at trial.  The fees paid to such consultants are regularly billed to clients in the

13   private legal marketplace and are not considered part of firm overhead.  I have been informed

14   that Plaintiffs used such consultants in this matter, and presented numerous video excerpts and

15   photographs during the 14-day trial.

## EXPENSES RELATED TO COPYING, RESEARCH, LONG-DISTANCE TELEPHONE AND CONFERENCE CALLS

16

17

18         20.    Based on my experience and knowledge of billing practices in the San Francisco

19   Bay area, I can state that it is the customary practice of local firms to bill clients for out-of-

20   pocket expenses incurred in connection with handling litigation, such as expert witness fees,

21   travel, photocopying, telephone charges, postage, on-line legal research such as on Westlaw and

22   LEXIS, deposition costs, filing fees and the like.

23         21.    I have been informed that Defendants are also refusing to pay for computerized

24   legal research using services such as Westlaw and Lexis, as well as use of the federal court's

25   PACER on-line docket system.  In my experience, law firms working for non-contingent, fee

26   paying clients regularly bill for research charges from Westlaw and Lexis, and for use of the

27   PACER on-line docket system.

28

10

[293265-1]

22.     In my experience, law firms working for non-contingent, fee paying clients, regularly bill for long-distance telephone usage and for conference calls.  Multi-party conferences calls are a reality of modern legal practice, and in fact increase efficiency by reducing attorney travel time for necessary meetings and conferences.

If called as a witness, I could and would competently testify from my personal knowledge to the facts stated herein.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed at Berkeley, California on April 6, 2009.


RICHARD M. PEARL

[288743-1]

# EXHIBIT A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-5074 (facsimile)
rpearl@interx.net (e-mail)

## EDUCATION

University of California, Berkeley, B.A., Economics (June 1966)
Boalt Hall School of Law, Berkeley, J.D. (June 1969)

## BAR MEMBERSHIP

Member, State Bar of California (admitted January 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the District of Arizona and for the Northern District of Georgia; and the Georgia Civil and Superior Courts and Court of Appeals.

## EMPLOYMENT

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice ("AV" rating), with emphasis on court-awarded attorney's fees, class actions, and appellate practice.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, Court of Appeal, First Appellate District (October 2000 to Present).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to Present): Teach "Public Interest Law Practice," a 2-unit course that focuses on the history, strategies, and issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation practice, as described above.

**RICHARD M. PEARL**
Page 2

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time May 1982 to September 1983):

> Director of Litigation (July 1977 to July 1982)
> Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in CRLA's 15 field offices; administered and supervised staff of 4-6 Regional Counsel; promulgated litigation policies and procedures for program; participated in complex civil litigation.
>
> Regional Counsel (July 1982 to September 1983 part-time) Responsibilities: Served as co-counsel to CRLA field attorneys on complex projects; provided technical assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases; served as counsel on major litigation.
>
> Directing Attorney, Cooperative Legal Services Center (February 1974 to July 1977) (Staff Attorney February 1974 to October 1975)
> Responsibilities: Served as co-counsel on major litigation with legal services attorneys in small legal services offices throughout California; supervised and administered staff of four senior legal services attorneys and support staff.
>
> Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff Attorney July 1971 to February 1972)
> Responsibilities: Provided legal representation to low income persons and groups in Kern, King, and Tulare Counties; supervised all litigation and administered staff of ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program (August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low income persons and groups as part of 36-lawyer legal services program located in Atlanta, Georgia.

**RICHARD M. PEARL**
Page 3


**PUBLICATIONS**

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

Pearl, California Attorney Fee Awards, Second Edition (Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004 Supplements

Wrongful Employment Termination Practice, Second Edition (Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

California Attorney's Fees Award Practice (Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees, prepared as panelist for CEB program on "Attorneys' Fees: Practical and Ethical Considerations in Determining, Billing, and Collecting" (October 1992)

Program materials on "Attorney's Fees in Administrative Proceedings" California Continuing Education of the Bar, prepared as panelist for CEB program on "Effective Representation Before California Administrative Agencies" (October 1986)

Program materials on "Attorney's Fees in Administrative Proceedings" California Continuing Education of the Bar, prepared as panelist for CEB program on "Attorneys' Fees: Practical and Ethical Considerations" (March 1984)

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases,* (September 1985) Los Angeles Lawyer

Program Materials on "Remedies Training" (Class Actions), Sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

**RICHARD M. PEARL**
Page 4


## PUBLIC SERVICE

Member, Attorneys' Fee Task Force, California State Bar

Vice President, Board of Directors, California Rural Legal Assistance Foundation


## REPRESENTATIVE REPORTED CASES

*Boren v. California Department of Employment*
        (1976) 59 Cal.App.3d 250


*Cabrera v. Martin*
        (9th Cir. 1992) 973 F.2d 735


*Campos v. E.D.D.*
        (1982) 132 Cal.App.3d 961


*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
        (1991) 229 Cal.App.3d 633


*David C. v. Leavitt*
        (D. Utah 1995) 900 F.Supp. 1547


*Delaney v. Baker*
        (1999) 10 Cal.4th 23


*Employment Development Dept. v. Superior Court (Boren)*
        (1981) 30 Cal.3d 256


*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
        (N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627


*Flannery v Prentice*
        (2001) 26 Cal. 4th 572


*Graham v. DaimlerChrysler Corp.*
        (2004) 34 Cal. 4th 553


*Horsford v. Board of Trustees of Univ. of Calif.*
        (2005) __Cal.App.4th ___, 2005 Cal.App. LEXIS 1377

**RICHARD M. PEARL**
Page 5


*Ketchum v. Moses*
  (2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
  (1978) 78 Cal.App.3d 951, *cert. denied* (1979)
  440 U.S. 951

*Lealao v. Beneficial California, Inc.*
  (2000) 82 Cal.App.4th 19

*Lewis v. California Unemployment Insurance Appeals Board*
  (1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
  (N.D. Cal. 1984) 580 F.Supp. 714,
  *aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
  (9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
  (1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
  (N.D. Cal. 1976) 411 F.Supp. 5
  *aff'd* (9th Cir. 1977) 573 F.2d 555

*McSomebodies v. Burlingame Elementary School Dist.*
  (9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
  (9th Cir. 1990) 897 F.2d 975

*Mora v. Chem-Tronics, Inc.*
  (S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752, 5 Wage & Hour Cas. 2d (BNA)
  1122

*Pena v. Superior Court of Kern County*
  (1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
  (E.D. Cal 1975) 389 F.Supp. 635

**RICHARD M. PEARL**
Page 6


*Ramirez v. Runyon*
   (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Rubio v. Superior Court*
   (1979) 24 Cal.3d 93 (amicus)

*Sokolow v. County of San Mateo*
   (1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
   (1976) 17 Cal.3d 719 (amicus)

*Tongol v. Usery*
   (9th Cir. 1979) 601 F.2d 1091,
   *on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
   *revs'd* (9th Cir. 1985) 762 F.2d 727

*Tripp v. Swoap*
   (1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
   (N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part*
   *and revs'd in part sub nom Davis v. City and County*
   *of San Francisco* (9th Cir. 1992) 976 F.2d 1536, 1542
   *modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
   (S.D.Cal. 1998) 18 F.Supp.2d 1090


**REFERENCES**

Furnished upon request.


*September 2005*