| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br>Facsimile: (510) 280-2704 | BINGHAM McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 | K&L GATES LLP<br>JEFFREY L. BORNSTEIN, Bar No. 99358<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111-5994<br>Phone - (415) 882-8200<br>Fax - (415) 882-8220 |

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>             Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**DECLARATION OF JOSEPH T. ANASTASI IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE FEES AND COSTS**<br><br>Date: June 4, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Honorable John F. Moulds |

DECLARATION OF JOSEPH T. ANASTASI
NO.: CIV S 90-0520 LKK-JFM

[293840-1]

I, JOSEPH T. ANASTASI, declare:

1. I am the Managing Director for the San Francisco office of LECG, a global expert services and consulting firm with approximately 800 experts and professionals in 31 offices around the world, with headquarters in Emeryville, California. My firm specializes in providing independent expert testimony, original authoritative studies and strategic advisory and financial advisory services to clients. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently so testify.

2. I was retained by Plaintiffs' counsel in the above-captioned matter to assist in the development of electronic discovery strategies to address the highly unusual litigation challenges posed by discovery of electronically stored information from several large state agencies with custodians and records spread over 33 separate institutions and several centralized headquarters functions.

**RELEVANT BACKGROUND AND EXPERIENCE**

3. I hold a Bachelor of Science Degree from Pennsylvania State University. I am a Certified Public Accountant with 33 years of experience in the area of forensic accounting. I was with the firm of Price Waterhouse for more than 23 years before joining Deloitte, where I served as that firm's global practice leader for forensic investigative services. I have worked as a consultant and/or expert witness in numerous large cases, focusing on complex business transactions that involve the collection and analysis of large volumes of electronically stored information. I am the author of numerous publications on subjects involving complex business cases.

**SERVICES PROVIDED TO PLAINTIFF CLASS**

4. Plaintiffs' counsel contacted me in or about October 2007 regarding this matter. My firm was retained to assist Plaintiffs' counsel in efficiently and effectively conducting discovery of electronically stored information from the California Department of Corrections and Rehabilitation (CDCR), the Department of Mental Health (DMH), Department of Finance

(DOF) and related governmental and non-governmental parties. Among the challenges involved in this engagement were the volume of electronically stored information and the wide distribution of the electronically stored information among more than 80 custodians in numerous divisions of several large state agencies. At the beginning of the engagement, LECG worked closely with Plaintiffs' counsel in the development of search terms and strategies that would serve to funnel down the large volume of electronically stored information to a manageable set of relevant documents. Early in the engagement it was determined that the Defendant state agencies had deleted parts of certain custodians' hard drives. LECG assisted Plaintiffs' counsel in addressing the technical and legal issues arising from this significant loss of data. In November 2007, my associate, James Long, provided a declaration regarding discovery of document retention and destruction policies at issue in this loss of evidence. As the engagement proceeded, LECG provided additional services related to the numerous discovery disputes, including disputes regarding the production of documents and privilege logs in native format, and assertions of deliberate process, attorney client and work-product doctrine privileges over a large volume of documents.

**MARKET PRACTICES REGARDING CONSULTING SERVICES**

5. The consultants at LEGC regularly provide services similar to those described above to law firms representing business and government clients. Such specialized consulting services are regularly billed to clients in the private legal marketplace, and are not considered law firm overhead.

**MARKET PRACTICES REGARDING E-DISCOVERY PROCESSING AND HOSTING COSTS**

6. In order to efficiently manage discovery and use of electronically stored information, law firms must set up specialized litigation database platforms on which attorneys can search, review, analyze and code documents for use in depositions, motions practice and trial. Such databases can either be hosted on the law firm's computer networks, or hosted off-site. In cases involving large volumes of electronically stored information, and involving litigation teams spread across firms, it is a common practice to engage an outside vendor to

1 host the database of electronic discovery documents. The hosting charges for such databases
2 are considered a litigation cost for which clients in the private marketplace are billed. Such
3 hosting charges are not considered law firm overhead. The level of hosting services needed
4 varies widely from case-to-case. Billing such services to the client ensures that the right level
5 of service is provided to each client. The alternative of including such services in law firm
6 overhead would be inefficient, as it would force a one-size-fits-all solution on all clients
7 regardless of the needs of the particular case.

8   7.   Law firms conducting litigation in an electronic discovery environment must also
9 provide specialized services in order to process incoming discovery so that it can be loaded
10 into litigation databases. These services include processing of discovery documents into "load
11 files" that include indexing information regarding each document, making logical breaks
12 between individual documents that are produced in one large set, optical character recognition
13 of documents produced in "hard-copy" format, extracting metadata for indexing of native
14 documents, and individual review of non-native documents to record indexing information
15 such as authors, subjects and document types. In some cases, law firms perform theses
16 functions in-house, using the services of paralegals, data analysts, and attorneys, whose hourly
17 time is billed to private fee-paying clients. In other cases, these functions are outsourced to
18 specialized vendors, whose services are billed to fee-paying clients. In neither case is the
19 market practice to consider such services part of firm overhead.

20   I declare under penalty of perjury under the laws of the United States and the State of
21 California that the forgoing is true and correct.

22   Executed at San Francisco, California on April 22, 2009

_____
Joseph T. Anastasi

-3-
DECLARATION OF JOSEPH T. ANASTASI
NO.: CIV S 90-0520 LKK-JFM