PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile:   (510) 280-2704

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Phone - (415) 882-8200
Fax - (415) 882-8220

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE FEES AND COSTS**<br><br>Date: June 4, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Honorable John F. Moulds |

I, Geoffrey T. Holtz, declare:

1. I make this Declaration of my own personal knowledge, and if called to testify, I could and would testify competently to the matters stated herein.

2. I am an attorney admitted to the bar of this Court, and duly licensed to practice before all courts of the State of California. I am a partner of the law firm Bingham McCutchen LLP ("Bingham"). I submit this Declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Expenses, and Costs, filed concurrently herewith.

3. I graduated from the University of California, Hastings College of the Law in 1997, and was admitted to the State Bar of California that same year. After graduation, I joined the law firm of Robins, Kaplan, Miller & Ciresi in the firm's San Francisco office. In February 2000, I joined the law firm of Bingham McCutchen LLP (known as McCutchen, Doyle, Brown & Enersen prior to 2002) as a litigation associate. I was elevated to partnership in 2004.

4. Throughout my career, I have specialized in intellectual property, antitrust, and consumer class actions and complex litigation matters, in both state and federal court. The litigation matters I have handled have involved representing corporate and commercial clients as both plaintiffs and defendants and as individuals and classes.

5. I have substantial experience in class action litigation in both state and federal courts. While at Robins Kaplan, I represented a plaintiff class of freelance authors in a federal court action asserting mass infringement of the plaintiffs' copyrights. That action resulted in important new rights being established confirming the class members' default rights of ownerships in freelance articles, and was among the first cases in which a class was certified in a copyright infringement action. *Ryan v. CARL Corp.*, 23 F. Supp. 2d 1146, 1150 (N.D. Cal. 1998); *Ryan v. CARL Corp.*, 1999 WL 16320 (N.D. Cal. 1999). I have also represented defendants in a number of class actions in both state and federal court involving claims of antitrust and unfair competition violations in a variety of industries.

6. I serve as co-counsel with Rosen, Bien & Galvan, LLP on several large prisoner class actions. I am very familiar with the expertise and reputation of Rosen, Bien & Galvan, and their experience in litigating and obtaining favorable results in class actions and complex

1

DECL. OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE FEES AND COSTS - CASE NO. CIV S 90-0520 LKK-JFM P
A/72689466.2

[288494-1]

litigation on behalf of California state prisoners and parolees and students and others with disabilities.

## BILLING PRACTICES FOR LITIGATION DATABASES

7. Bingham uses a number of technology options to store and receive the voluminous paper and electronic files produced in large class actions. Bingham uses the Concordance document management system in-house to manage these tasks. For certain matters, including particularly large or complex productions of documents and files, Bingham outsources this aspect of case management to third-party vendors, who use an internet-based version of Concordance or similar document review and management applications. These systems permit co-counsel to share and analyze the large electronic and other files from a single source, which streamlines the organization of discovery materials and eliminates the need to make multiple review copies of materials. The use of a system like Concordance, or others provided by third-party vendors, increases efficiency and reduces the costs of discovery. Our clients are routinely billed for the charges stemming from our use of Concordance or for the costs of third-party vendors, including the technical and employee charges from vendors. To my knowledge, billing for such services is standard within the legal industry and is something our clients expect and rarely, if ever, question.

8. To manage our Concordance system, Bingham employs numerous data analysts, programmers, and engineers. Clients are routinely billed for the time these staff members spend maintaining and updating the document database for their case. The fees for these staff members are something our clients expect and rarely, if ever, question.

9. The costs of maintaining a discovery database can vary significantly based on the format of the electronic documents provided by the parties. I have had primary supervision over large electronic discovery productions in a number of complex civil actions and government enforcement proceedings. In my experience, in civil proceedings involving large electronic document productions such as this, the producing party will provide the files in a format that can be directly read by document management systems such as Concordance or Summation. In my experience dealing with CDCR, however, CDCR did not provide files in such a format. Instead,

2

DECL. OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE FEES AND COSTS - CASE NO. CIV S 90-0520 LKK-JFM P
A/72689466.2

[288494-1]

1 they produced documents in various formats, which Bingham then had to process in order to organize and review the productions with Concordance. By producing files in this manner, CDCR thus shifted the costs of such processing onto the other party.

10. It is the practice of my firm and is the practice of the market to bill clients hourly for work performed by litigation technology personnel and paralegals who perform the work in this area. Bingham's litigation technology rates for 2009 rage from a low of $210 to a high of $315 for the most experienced litigation technology professionals. Bingham's paralegal rates for 2009 range from a low of $135 for junior employees to $325 for the most experienced paralegals. In my experience, we charge the same rates for work in the San Francisco office regardless of the location of the forum.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed this 29TH day of April, 2009, at San Francisco, California.

Geoffrey T. Holtz

3

DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE FEES AND COSTS - CASE NO. CIV S 90-0520 LKK-JFM P