1   EDMUND G. BROWN JR., State Bar No. 37100
    Attorney General of California
2   JONATHAN L. WOLFF, State Bar No. 193479
    Senior Assistant Attorney General
3   JEFFREY STEELE, State Bar No. 124688
    DEBBIE VOROUS, State Bar No. 166884
4   Deputy Attorney General
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone:  (916) 323-1937
     Fax:  (916) 324-5205
7    E-mail:  Jeff.Steele@doj.ca.gov
    *Attorneys for Defendants*

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISON

12

13
    **RALPH COLEMAN, et al.,**                  2:90-cv-00520 LKK JFM P
14
                                   Plaintiffs,  **DEFENDANTS' OPPOSITION TO**
15                                              **PLAINTIFF'S MOTION TO COMPEL**
                                                **DISPUTED ATTORNEYS' FEES FROM**
16             v.                               **THE SECOND, THIRD AND FOURTH**
                                                **QUARTERS OF 2008 AND TO SEEK**
17   **ARNOLD SCHWARZENEGGER, et al.,**         **IMMEDIATE PAYMENT OF ALL**
                                                **OUTSTANDING EXPENSES**
18                                 Defendants.
                                                Date:        July 2, 2009
19                                              Time:        11:00 a.m.
                                                Courtroom:   Courtroom 26
20                                              Judge        The Honorable John F. Moulds

21

22                    **INTRODUCTION**

23         This is the fourth motion to compel filed by Plaintiffs within the framework of the

24   *Coleman* fee order to obtain fees generated in preparation for and during the course of the Three-

25   Judge Panel proceeding.  Plaintiffs previously brought a motion to compel such fees for the third

26   and fourth quarters of 2007, and the first quarter of 2008; the Court took those motions under

27   submission.  As articulated previously by Defendants, this Court does not have jurisdiction to

28   grant Plaintiffs fees incurred during the course of the Three-Judge Panel proceeding.  Further,

                                        1

1   Plaintiffs are not the prevailing party in the Three-Judge Panel proceeding, and so cannot assert

2   entitlement to these fees.  In addition, their costs are not recoverable because they have not shown

3   that any of the claimed costs are related only to this case.  Finally, their claim for paralegal fees

4   must be denied for the same reasons as the claims for attorneys' fees and costs—but also because

5   the rates claimed are patently unreasonable.  For these reasons, this motion, like the others, should

6   be denied.  Moreover, in the interest of judicial economy, Defendants request the Court stay any

7   future fee application from Plaintiffs pending the conclusion of the Three-Judge Panel

8   proceeding.

9                                                    **ARGUMENT**

10   **I.    THIS COURT LACKS JURISDICTION TO DETERMINE FEES INCURRED AFTER THE
         THREE-JUDGE PANEL WAS CONVENED**

11

12          The proper forum for Plaintiffs' motion to seek their attorneys' fees for work incurred in

13   preparation for and during the course of Three-Judge Panel proceeding is before the Three-Judge

14   Panel itself.  The Three-Judge Panel vested this Court with the limited authority to decide

15   discovery disputes.  Plaintiffs do not allege that the present motion is a discovery dispute.

16   Moreover, Plaintiffs have not requested the Three-Judge Panel refer any motions for attorneys'

17   fees to this Court.  A court must have jurisdiction over the underlying action to award fees.

18   *Zambrano v. I.N.S.*, 282 F.3d 1145, 1150 (9th Cir. 2002).  Because this Court lacks jurisdiction to

19   hear Plaintiffs' motion to compel fees, the motion to compel should be denied.

20          A finding that the Court lacks jurisdiction to hear this motion will serve the interest of

21   judicial economy and do justice.  Attempting to litigate fees related to the Three-Judge Panel

22   proceeding before the individual judges in the *Coleman* and *Plata* cases could lead to inconsistent

23   rulings in the two courts, duplicative fees, and a windfall to Plaintiffs' counsel.  In addition, the

24   agreed-upon fee rates in the *Plata* Stipulated Injunction are different than those in *Coleman*.

25   Plaintiffs should not be able to choose the forum that will enable them to claim higher rates,

26   thereby depriving defense counsel of the ability to litigate the propriety of those rates.  Finally,

27   litigating fees related to the Three-Judge Panel proceeding before the *Coleman* or *Plata* judges

28   disregards the statutory role of the third judge on the panel, Judge Reinhardt of the Ninth Circuit,

                                                          2

1  and deprives him of the ability to determine the propriety of fees alleged to have been incurred in

2  trial before him.

3      The Three-Judge Panel, like any trial court, is in the best position to determine the

4  reasonableness of the incurred fees in light of the result obtained.  With all three trial judges

5  hearing the attorneys' fee motion, there is no risk of inconsistent rulings between the *Coleman*

6  and *Plata* district courts.

7      While Plaintiffs argue that Defendants have previously paid for Three-Judge Panel fees in

8  *Plata* (Pls.' Mot. to Compel, p. 8, n.3), they were compensated only for the fees for bringing

9  motion to convene a Three-Judge Panel.  (Stone Decl. ¶ 5.)  This Court has not previously ruled

10  on Plaintiffs' entitlement to fees and a fee rate once the Three-Judge Panel was convened, and

11  therefore Defendants' challenge to those fees is viable.  This Court should dismiss Plaintiffs'

12  motion for want of jurisdiction because only the Three-Judge Panel has jurisdiction to determine

13  entitlement to attorneys' fees related to the Three-Judge Panel proceeding.

14  **II.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEY ARE NOT THE
       PREVAILING PARTY IN THE THREE-JUDGE PANEL PROCEEDING.**

15

16      A motion for attorneys' fees must be filed within a certain time frame after judgment is

17  entered and any post-trial motions are filed.  Fed. R. Civ. P. 50(b), 52(b), 54(D)(2)(B), 59(b),

18  59(e).  By requiring a post-judgment ruling on incurred attorneys' fees, the court hearing the fee

19  motion benefits from evidence and argument on whether the submitted fee application is truly

20  brought by a prevailing party who "obtained a judicially sanctioned change in the legal

21  relationship of the parties."  *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of*

22  *Health & Human Resources*, 532 U.S. 598, 605 (2001).

23      Entitlement to the fees Plaintiffs seek should be decided only after judgment is rendered

24  on Plaintiffs' request for a prisoner release order and all appellate rights are exhausted.  That has

25  not occurred.  By complying with the statutory requirement for a hearing on motions for

26  attorneys' fees after judgment, the Three-Judge Panel will benefit from evidence and argument on

27  whether Plaintiffs' incurred fees were (A) "directly and reasonably incurred" in proving the

28  elements necessary for a prisoner release order and (B) whether the amount of the fee is

3

1  "proportionately related to the court ordered relief" or directly and reasonably incurred in

2  enforcing the relief of a prisoner release order.  42 U.S.C. § 1997e(d)(1).  Consequently,

3  Plaintiffs' motion to compel is premature.

4       Plaintiffs attempt to overcome the fact that they are not the prevailing parties by waving

5  away the distinction between a tentative ruling and a final ruling.  (Pls.' Mot. to Compel, 9:7-20.)

6  They cite no authority for this novel proposition, because there is none.  By definition, a tentative

7  ruling awards no damages, grants no relief, and commands no party to do any particular thing.  It

8  is an indication of how the Court is inclined to rule when it does rule; nothing more.  The Court is

9  not bound to adopt its tentative ruling.  Consider what will happen if this Court determines that

10  the tentative ruling makes Plaintiffs prevailing parties and orders payment of their attorneys' fees,

11  and the Three-Judge Panel then declines to adopt its tentative ruling, either in whole or in part, or

12  the U.S. Supreme Court reverses the Panel's decision .  This Court will be bound to vacate its

13  order awarding fees and instead order disgorgement of sums wrongly paid, presumably with

14  interest.  This would give rise to a new round of litigation that would add another layer of

15  complexity to an already-complex litigation.  Such a result would advance no interest and serve

16  no purpose.

17  **III.**   **PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEY HAVE NOT MET THE STATUTORY THRESHOLD FOR RECOVERING FESS.**

18

19       Attorney's fees for post-judgment services are subject to the limitations contained in the

20  Prison Litigation Reform Act (PLRA).  *See Webb v. Ada County*, 195 F.3d 524, 527 (9th Cir.

21  1999).  The purpose of the PLRA was "to curtail frivolous prisoners' suits and to minimize the

22  costs--which are borne by taxpayers--associated with those suits."  *Madrid v. Gomez*, 190 F.3d

23  990, 996 (9th Cir. 1999).

24      **A.**   **Fees cannot be ordered because the statutory threshold has not been met.**

25       "Among its restrictions on fee awards, the PLRA caps the maximum hourly rate and

26  prohibits payment of fees that are not 'directly and reasonably' incurred in proving a violation of

27  prisoners' rights."  *Madrid*, 190 F.3d at 995-96, citing 42 U.S.C. §1997e(d).  Specifically, the

28  PLRA instructs that "fees shall not be awarded" unless it is shown that 1) the fees were directly

4

1    and reasonably incurred in proving a violation of prisoners' rights protected by a statute pursuant

2    to which a fee may be awarded under 42 U.S.C. § 1988, and either 2) the amount of the fee is

3    proportionately related to the court-ordered relief for the violation; or 3) the fees were directly

4    and reasonably incurred in enforcing the relief ordered for the violation.  42 U.S.C. §

5    1997e(d)(1)(A) & (B).

6        Plaintiffs need not prove a new constitutional violation in order to seek attorneys' fees, but

7    they must show that the fees requested were directly and reasonably incurred to enforce or

8    monitor the court's judgment.  *Webb*, 285 F.3d at 834-35.  Where the attorneys' fees are incurred

9    litigating issues in court, Plaintiffs must prevail in that litigation to recover fees.  Thus, *Webb*

10    awarded attorneys' fees upon a finding that "Webb was partially successful in his postjudgment

11    efforts[.]"  Id. at 833.

12        Plaintiffs' motion erroneously assumes that there is a "prevailing party" standard and a

13    "reasonable and necessary" standard that are different and mutually exclusive.  (Pls.' Mot. to

14    Compel, 12:21-13:10).  Not so; the former necessarily informs the latter.  It is not reasonable or

15    necessary to litigate meritless positions.  Although a party need not prevail on a given motion to

16    recover fees for the work done pertaining to such motion, the clearest measure of the merit of a

17    litigant's position is whether (s)he prevails in that position.  "Results obtained" is one of the 12

18    factors identified in *Johnson v. Georgia Highway Express*, 488 F.2d, 714, 718, (5th Cir. 1974) as

19    relevant to the calculation of a reasonable attorney's fee.  *Blum v. Stenson*, 465 U.S. 886, 900

20    (1984).  Plaintiffs have not prevailed in the Three-Judge Panel proceeding until the panel issues a

21    final ruling, and all appeals are exhausted.  This Court cannot know, therefore, whether the fees

22    incurred in that proceeding were reasonable and necessary for the litigation of this case.  For this

23    reason, their motion for fees must be denied.

24        **B.    Fees cannot be awarded because Plaintiffs have not provided sufficient
        information on which to base an award.**

25

26        As discussed above, the PLRA instructs that "fees shall not be awarded" unless it is

27    shown that 1) the fees were directly and reasonably incurred in proving a violation of prisoners'

28    rights protected by a statute pursuant to which a fee may be awarded under 42 U.S.C. § 1988, and

5

1  either 2) the amount of the fee is proportionately related to the court ordered relief for the

2  violation; or 3) the fees were directly and reasonably incurred in enforcing the relief ordered for

3  the violation.  42 U.S.C. § 1997e(d)(1)(A) & (B).  In an application for attorneys' fees under 42

4  U.S.C.S. § 1988, the fee applicant bears the burden of documenting the appropriate hours

5  expended in the litigation and must submit evidence in support of those hours worked.  *Gates v.*

6  *Deukmeijian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

7          The Court cannot know whether the fees claimed by Plaintiffs were directly and

8  reasonably incurred in enforcing the relief ordered for a violation of the rights of Plaintiff class,

9  because Plaintiffs have not submitted their billing records.  (Pls.' Mot. to Compel, 11:5-6.)

10  Because Plaintiffs have failed to meet their initial burden of proof, the Court should deny their

11  motion.

12          Plaintiffs' attempt to seek only a determination that they are generally entitled to fees

13  (Pls.' Mot. to Compel, 10:24-11:6.) is legally untenable.  Federal courts may decide only "cases

14  or controversies," and therefore prohibit advisory opinions that advise what the law would be

15  upon a hypothetical state of facts.  U.S. Const., Art. III; *Aetna Life Ins. Co. v. Haworth*, 300 U.S.

16  227, 241 (1937); *see also Walker v. City of Lompoc*, 1994 U.S. App. LEXIS 35920 (1994).

17          It is possible that, if the records were submitted, the Court would find that all of the fees

18  are directly and reasonably incurred in enforcing the judgment in this case, or some are, or none

19  at all are.  The Court might find that some or all of the claimed fees are properly compensable

20  only in the *Plata* case, or that compensable work was billed at unreasonable rates.  In essence,

21  Plaintiffs seek a ruling that <u>if</u> their billing records show that their attorneys' work was directly

22  and reasonably incurred in enforcing the judgment in this case, <u>then</u> they would be entitled to

23  collect those fees.  This is a request for an advisory opinion.  For this reason, the Court should

24  deny the motion.

25  / / /

26  / / /

27  / / /

28  / / /

6

**IV.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THEY CANNOT RECOVER THEIR COSTS UNLESS AND UNTIL THEY ARE THE PREVAILING PARTY IN THE THREE-JUDGE PANEL PROCEEDING.**

For the reasons stated in section II, above, attorneys' fees incurred in the Three-Judge Panel proceeding are not compensable by way of a motion in this case. For those same reasons, costs incurred during that proceeding are not compensable in this case. Plaintiffs' claim that "a large portion" of the costs they seek to recover by this motion were "incurred for ordinary post-judgment monitoring and enforcement not in any way related to the Three-Judge Panel trial." (Pls.' Mot. for Reasonable Fees and Costs, 13:15:19.) Their recitation of costs, however, makes no distinction between the Three-Judge Panel proceeding and "ordinary post-judgment monitoring and enforcement." In fact, some of the claimed costs, such as costs for "Trial Presentation Photos and Video," and "Witness Fees and Transcripts," are obviously related only to the Three-Judge Panel proceeding. (Pls.' Mot. For Reasonable Fees and Costs, Ex. T pp. 1, 2.)

As noted above, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation. *Gates,* 987 F.2d at 1397. Because Plaintiffs have submitted evidence that at least some of their claimed costs were incurred in the Three-Judge Panel proceeding, and have produced no evidence that any of their costs were unrelated to that proceeding, they have failed in their burden of proof.

**V.    PLAINTIFFS' REQUEST FOR FEES ATTRIBUTABLE TO PARALEGAL WORK SHOULD BE DENIED, BECAUSE THEY ARE NOT THE PREVAILING PARTY IN THE THREE-JUDGE PANEL ACTION, THE REASONABLENESS OF PLAINTIFFS' PARALEGAL RATES CANNOT BE DETERMINED WITHOUT THE BILLING RECORDS, AND THE CLAIMED RATES ARE, IN ANY EVENT, UNREASONABLE.**

**A.    Fees For Paralegal Work Done In The Three-Judge Panel Action May Not Be Recovered In This Action.**

Plaintiffs request fees for paralegal work done in connection with the Three-Judge Panel action. For example, Plaintiffs claim that paralegal Kevin Jones has been a paralegal for six years and handled exhibits during trial. (Decl. of Ernest Galvan in Supp. of Pls.' Mot. for Reasonable Fees and Costs, ¶ 51a.) Because the trial in this case took place in 1994, Plaintiffs can only be referring to the trial before the Three-Judge Panel. They claim paralegal Sofia Millham's rates are justified by her proficiency in legal databases that were "essential to Plaintiffs' success in the

7

1   three-judge matter."  (Id., ¶ 51b.)  Similarly, they justify paralegal Pamela Derrico's rates by

2   reference to her work in the Three-Judge Panel.  (Id., ¶ 51c.)  Plaintiffs claim Kate Richardson's

3   work was useful in searching for documents "for depositions, motions practice and trial."  (Id., ¶

4   51f.)  Because she joined Rosen Bien & Galvan in 2006 (Id.), that language can only refer to the

5   Three-Judge Panel.  In similar fashion, Plaintiffs claim fees for the work of Maya Weltman-Fahs,

6   Matthew Harrison, and Haruka Roudebush connected to the Three-Judge Panel trial.

7        For the reasons stated in section II, above, attorneys' fees incurred in the Three-Judge Panel

8   proceeding are not compensable by way of a motion in this case.  For those same reasons,

9   paralegal fees incurred during that proceeding are not compensable in this case.

10       **B.**     **The Reasonableness Of Plaintiffs' Paralegal Rates Cannot Be Determined**

11            **Without The Billing Records.**

12        Purely clerical or secretarial tasks may not be billed at a paralegal rate, regardless of who

13   performs them.  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  In addition, what the Fifth

14   Circuit Court of Appeals held  in *Johnson v. Georgia Highway Express, Inc*., 488 F. 2d 714, 717

15   (5th Cir. 1974), regarding the work of attorneys is applicable by analogy to paralegals: "It is

16   appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work,

17   compilation of facts and statistics and other work which can often be accomplished by non-

18   lawyers but which a lawyer may do because he has no other help available.  Such non-legal work

19   may command a lesser rate.  Its dollar value is not enhanced just because a lawyer does it."

20        For these reasons, the skills and experience of the paralegals employed by Plaintiffs are

21   relevant only to the extent that the tasks performed by them called upon those skills and

22   experience.  Just as work performed by paralegals that calls only upon secretarial skills may not

23   be billed at paralegal rates, so it is that work performed by paralegals with specials skills or

24   experience that could have been done by paralegals without those skills or experience should not

25   be compensated at rates reflecting a premium for skills or experience not used.

26        This Court cannot know, however, whether the rates claimed by Plaintiffs' counsel are

27   justified, because they have not submitted their bills with this motion.  Thus, the Court cannot

28   / / /

1  know whether clerical or secretarial work is being billed at paralegal rates, or whether any special

2  skills or experience were called upon that justify premium rates.

3      In addition, the absence of billing information renders impossible any determination as to

4  whether any claimed paralegal time is excessive in light of the skills and experience claimed for

5  that paralegal.  For example, Plaintiffs claim that Sofia Millham is proficient in legal databases

6  such as Casevault and CT Summation.  (Decl. of Ernest Galvan in Supp. of Pls.' Mot. For

7  Reasonable Fees and Costs, ¶ 51b.)  Ms. Millham's proficiency presumably means she spent less

8  time manipulating those databases than would a paralegal with lesser proficiency.  Should her

9  billing records disclose more time spent working with those databases than is justified in light of

10  her claimed proficiency, the Court should conclude either that the billing is excessive, or that the

11  hourly rate reflects a claim of proficiency not justified by the evidence.

12      For these reasons, the Court cannot determine that a particular hourly rate is appropriate for

13  a paralegal based solely upon that paralegal's resume, and without regard for the actual time

14  billed or tasks performed.  Thus, Plaintiffs' motion should be denied.

15      **C.     The Claimed Rates For Paralegal Work Are, In Any Event, Unreasonable.**

16      Plaintiffs seek compensation for paralegal work at $150 to $169.50 per hour.  This is

17  patently unreasonable.  The lowest rate charged, $150 per hour for a paralegal, if computed to an

18  annual salary based on 40 hours of work per week, totals $312,000 per year, which is almost

19  double the salary of a United States District Judge.

20      Other law firm that litigate civil-rights cases entitling them to recover fees for paralegal

21  work charge rates that do not approach those claimed by Plaintiffs.  In *Comite De Jornaleros De*

22  *Redondo Beach v. City Of Redondo Beach*,  2006 U.S. Dist. LEXIS 95610, the District Court

23  found that the prevailing rate in the Los Angeles area for paralegal work in civil-rights cases was

24  $125 per hour.  (Ex. A.)  *See also, Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1195 (C.

25  D. Cal. 2009) (holding that $150 per hour for paralegal work was unreasonably high, and

26  awarding $125 per hour instead);

27      In *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115-16 (9th Cir. 2008), the only

28  published case awarding fees for paralegal work in a civil-rights case in this forum, Plaintiffs

9

counsel, a prominent Sacramento law firm, charged $75 per hour for paralegal work.

In light of these authorities, Defendants' willingness to pay $135 per hour is not only reasonable, it is generous. While Plaintiffs submit numerous declarations from their fellow plaintiffs' counsel attesting to the reasonableness of their rates, they have submitted no evidence that any clients ever paid the rates they seek to recover in this action. Thus, Defendants' evidence is the best measure of market rates for paralegal work.

## CONCLUSION

The Court should deny Plaintiffs' motion for attorneys' fees because it does not have jurisdiction to grant Plaintiffs fees incurred during the course of the Three-Judge Panel proceeding. In addition, Plaintiffs are not the prevailing party in the Three-Judge Panel proceeding, and so cannot assert entitlement to these fees. Their costs are not recoverable because they have not shown that any of the claimed costs are related only to this case. Finally, their claim for paralegal fees must be denied for the same reasons as the claims for attorneys' fees and costs—but also because the rates claimed are patently unreasonable.

Dated: June 1, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ Jeffrey Steele

JEFFREY STEELE
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30743642.doc

10

# EXHIBIT A



LEXSEE 2006 U.S. DIST. LEXIS 95610



Analysis
As of: Jun 01, 2009

## COMITE DE JORNALEROS DE REDONDO BEACH et al., Plaintiff v. CITY OF REDONDO BEACH, Defendant.

### No. CV 04-9396 CBM (JTLx)

### UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

### *2006 U.S. Dist. LEXIS 95610*

### December 12, 2006, Decided
### December 12, 2006, Filed; December 13, 2006, Docketed

**PRIOR HISTORY:** *Comite De Jornaleros De Rendondo Beach v. Redondo Beach, 475 F. Supp. 2d 952, 2006 U.S. Dist. LEXIS 95609 (C.D. Cal., Apr. 27, 2006)*

**COUNSEL:** [*1]  For Comite de Jornaleros de Redondo Beach, an unincorporated association, National Day Laborer Organizing Network, an unincorporated association, Plaintiffs: Angela L Padilla, Mahogany Paulino Jenkins, LEAD ATTORNEYS, Morrison & Foerster, San Francisco, CA.; Belinda Escobosa Helzer, LEAD ATTORNEY, ACLU Foundation of Southern California, Orange, CA.; Cynthia Ann Valenzuela, Shaheena Ahmad Simons, LEAD ATTORNEYS, Mexican American Legal Defense and Educational Fund, Los Angeles, CA.; Philip Hwang, Robert Rubin, LEAD ATTORNEYS, Lawyers Committee for Civil Rights of the San Francisco Bay, San Francisco, CA.

For Redondo Beach City of, Defendant: Denise C Caprioli, Eugene P Ramirez, LEAD ATTORNEYS, Manning & Marder Kass Ellrod Ramirez, Los Angeles, CA.; Jerold A Goddard, Michael Webb, LEAD ATTORNEYS, Redondo Beach City Attorney, Redondo Beach, CA, US.

**JUDGES:** CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CONSUELO B. MARSHALL

**OPINION**

ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FOR COSTS.

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is Plaintiffs' Motion for At-

torneys' Fees and Costs. This Court has jurisdiction [*2] pursuant to *28 U.S.C. § 1331.*

Upon consideration of the issues submitted, the Court grants Plaintiffs' Motion for Attorneys' Fees and Costs in the amount of $ 208,562.66.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November 2004, Plaintiffs Comite de Jornaleros de Redondo Beach and the National Day Laborer Organization filed a Complaint seeking Injunctive and Declaratory Relief challenging Redondo Beach Municipal Code § 3-7.1601 (a) (b). [1] The Complaint alleged that the Municipal Code violated the *First* and *Fourteenth Amendments of the United States Constitution* by restricting Plaintiffs' members' ability to solicit employment in public areas and preventing potential employers from hiring those members.

1   Municipal Code § 3-7.1601 provides in full:

> (a) It shall be unlawful for any person to stand on a street or highway and solicit, or attempt to solicit, employment, business, or contributions from an occupant of any motor vehicle. For purposes of this section, 'street or highway' shall mean all of that area dedicated to public use for public street purposes and shall include, but not be limited to, roadways, parkways, medians, alleys, sidewalks, curbs, and public ways.

> (b) It shall be unlawful for any person to stop, park or stand a motor vehicle on a street or highway from

which any occupant attempts to hire or hires for employment another person or persons.

[*3] On November 18, 2005, Plaintiffs filed a Motion for Preliminary Injunction and both parties filed cross-Motions for Summary Judgment. This Court granted Plaintiffs' Motion for Preliminary Injunction on December 15, 2005, which the Ninth Circuit affirmed. On April 27, 2006, this Court granted Plaintiffs' Motion for Summary Judgment, and permanently enjoined the city from enforcing Municipal Code § 3-7.1601.

On July 26, 2006, Plaintiffs filed this Motion for Attorneys' Fees, requesting fees in the amount of $ 186,106.50 (plus time expended on this Motion) and costs in the amount of $ 4,437.60 (pursuant to the Civil Rights Attorneys' Fee Award Act of 1976, *42 U.S.C. § 1988 (b)*).

On October 30, 2006, Plaintiffs submitted supplemental declarations attesting to the time spent on this matter since the filing of the original Motion for fees ("fees-on-fees"). Plaintiffs' counsel Robert Rubin, of the Lawyers' Committee for Civil Rights, attests to the billing records (from May 30, 2006 to October 25, 2006) of himself, Philip Hwang, and Elisa Della-Piana. Plaintiffs' counsel Angela Padilla, of Morrison and Foerster, attests to the billing records (from June 20, 2006 to [*4] the present) of herself and Mahogany Jenkins. In these supplemental declarations, Plaintiffs' counsel requests additional fees in the amount of $ 64,787.25, and additional costs in the amount of $ 3,108.80.

In sum, Plaintiffs have requested $ 250,893.75 in attorneys' fees, and $ 7,546.40 in costs.

## STANDARD OF LAW

*42 U.S.C. § 1988* provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *42 U.S.C. § 1988 (b)*. A "prevailing party" under *§ 1988* is "a party [who] has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton, 446 U.S. 754, 758, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980) (per curiam)*.

The party applying for fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)*. When determining fees, the Ninth Circuit requires that district courts calculate a "lodestar." *See Allen v. Shalala, 48 F.3d 456, 458 (9th Cir. 1995)*. The lodestar is determined by multiplying [*5] the number of hours reasonably spent on a case by a reasonable hourly rate. *See Hensley, 461 U.S. at 433*.

The lodestar may then be adjusted by considering the twelve factors articulated in *Kerr v. Screen Extras Guild Inc.*, including: (1) the time and labor required; (2) the difficulty and novelty of the issues; (3) the skill required; (4) preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent or fixed; (7) the restraints imposed by the client on the circumstances; (8) the amount involved and the results achieved; (9) experience, ability, and reputation of the attorneys; (10) the "undesirability" of the case; (11) nature and length of the professional relationship between the attorney and client; and (12) awards in similar cases. *See 526 F.2d 67, 69-70 (9th Cir. 1975); see also Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1065 (9th Cir. 2006)* (affirming *Kerr* standard for attorneys' fees).

**ANALYSIS**

The Court finds that Plaintiffs are the prevailing party in the instant case, and pursuant to *§ 1988*, are entitled to legal fees for time expended on this case, as [*6] well as for time expended in the preparation of this fee application.

**I. Reasonable Fees**

In determining a fee award under *42 U.S.C. § 1988*, a court must calculate a reasonable fee by determining a reasonable hourly rate and multiplying it by the reasonable number of hours required to preform the work on the case. *See Hensley, 461 U.S. at 437*. This Court has discretion to determine a reasonable hourly rate by taking into consideration its knowledge of prevailing rates in the community and the experience of the attorneys involved. *See Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); Chalmers v. City of Los Angeles, 796 F.2d 1205 (9th Cir. 1986), amended, 808 F.2d 1373 (9th Cir. 1987)*.

**2. Reasonable Rate**

Under *42 U.S.C. § 1988*, a reasonable hourly rate is one "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001)*.

Plaintiffs request various rates ranging from $ 225/hour for their less experienced counsel to [*7] $ 625/hour for their most experienced counsel. *See Pl. Mot. 5*. Plaintiffs also request rates of $ 165 to $ 175/hour for the work of their paralegals. The fees requested by Plaintiffs are as follows:

| Name | Employer | Law School (Year) | Requested Hourly Rate |
|---|---|---|---|
| Angela Padilla | Morrison & Foerster | Columbia | $ 565.00 (2005) |

2006 U.S. Dist. LEXIS 95610, *

| Name | Employer | Law School (Year) | Requested Hourly Rate |
|---|---|---|---|
| | | (1991) | $ 600.00 (2006) |
| Mahogany Jenkins | Morrison & Foerster | USC (2004) | $ 225.00 (2005) |
| | | | $ 285.00 (2006) |
| Alexei Klestoff | Morrison & Foerster | Georgetown (2002) | $ 295.00 |
| Robert Rubin | LCCR | Not Stated (1978) | $ 625.00 |
| Philip Hwang | LCCR | Harvard (1996) | $ 400.00 |
| ElisaDella-Piana | LCCR | Boalt Hall (2002) | $ 295.00 |
| Thomas Saenz | MALDEF | Yale (1991) | $ 495.00 |
| Shaheena Simons | MALDEF | Yale (2001) | $ 315.00 |
| AraceliPerez | MALDEF | Hastings (2002) | $ 300.00 |
| Rodriguez (Paralegal) | MALDEF | N/A | $ 160.00 |
| Courtland (Paralegal) | Morrison & Foerster | N/A | $ 175.00 |

Defendant objects to the rates requested for four members of Plaintiffs counsel:(1) Robert Rubin, a 1978 law school graduate who has been practicing for 27 years and is considered to be amongst the top constitutional lawyers in the San Francisco [*8] Bay Area; (2) Angela Padilla, a 1991 Columbia Law School graduate who is currently a litigation partner at Morrison & Foerster in Los Angeles;(3) Thomas Saenz, a 1991 Yale Law School graduate who has litigated numerous federal civil rights cases; and (4) Phillip Hwang, a 1996 Harvard Law Graduate. Defendant argues that the prevailing rates for attorneys with similar experience in similar matters is $ 300 to $ 400/hour and requests a rate of $ 350/hour for the most experienced attorneys here. *See* Def's. Opp. to Pls.' Mot. 7. Additionally, Defendant provides declarations of attorneys practicing in Riverside County, California, supporting reasonable fee awards

ranging from $ 210/hour in 1987 to "well over" $ 350/hour presently. *See* Decl. of Eugene P. Ramirez, Ex. A., 30.

Plaintiffs use their own declarations to support their claim that the requested rates are reasonable for attorneys in Los Angeles. Additionally, Plaintiffs provide the declarations of two attorneys not associated with the case who attest to their familiarity with reasonable rates in Los Angeles: The declaration of Mark Rosenbaum states that the rates sought for Robert Rubin and Thomas Saenz are reasonable for [*9] civil rights attorneys with similar experience. *See* Decl. of Mark Rosenbaum 2; similarly, the declaration of James Webster -- a Partner in the Los Angeles office of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP -- states that Quinn Emanuel's hourly rates are as follows:

| Position (Graduation Year) | Hourly Rate |
|---|---|
| Associate (2002) | $ 360.00 |
| Associate (2001) | $ 370.00 |
| Partner (1996) | $ 625.00 |
| Partner (1991) | $ 650.00 to $ 675.00 |

2006 U.S. Dist. LEXIS 95610, *

| Position (Graduation Year) | Hourly Rate |
|---|---|
| Partner (1978) | $ 725.00 |

Based on this evidence regarding the prevailing rate in this community for counsel of similar experience, the Court finds that the requested rates for all of Plaintiffs' attorneys are reasonable. Defendant's estimate of $ 350/hour for only the most experienced attorneys is low, given that this is the prevailing rate for attorneys in Riverside, California. *See* Decl. of Eugene P. Ramirez, Ex. E. The customary rates for attorneys in Los Angeles is significantly higher; moreover, Plaintiffs' declarations from two attorneys not associated with the case place cs reasonable rates for Los Angeles area attorneys at rates *even higher* than those being requested by Plaintiffs.

Although the Court finds that the requested [*10] rates for Plaintiffs' counsel are reasonable, Plaintiffs fail to provide any evidence to support the rates requested for their paralegals -- $ 160/hour for Rodriguez of MALDEF and $ 175/hour for Courtland of Morrison & Foerster. Defendants, citing only their own rates of $ 120/hour for paralegals, request the same rate for Plaintiffs' paralegals. Earlier this year, this Court awarded $ 125/hour to paralegals in a civil rights action against the federal government for work performed between 2002 and 2004, finding that rate to be reasonable and within the prevailing market rate. *See Rodriguez, No. CV-99-11821 CBM, 2006 U.S. Dist. LEXIS 95839 (C.D. Cal. June 2, 2006)* (Order re: Amount of Plaintiff's Requested Attorneys' Fees). Plaintiffs' counsel on this case, the Mexican American Legal Defense and Educational

Fund, were plaintiff's counsel in *Rodriguez*. In *Rodriguez*, Fermin Rodriguez requested $ 160/hour for work performed in 2004, and requests the same rate for services in this case. This Court held in *Rodriguez* that in light of the reasonable rates in Los Angeles for paralegals, and the lack of any evidence that this particular paralegal (Fermin Rodriguez) was of greater skill than other paralegals, [*11] the $ 125/hour rate was reasonable.

In the instant case, the two paralegals performed various tasks in 2004 and 2005, including: (1) meeting with clients; (2) cite checking; (3) proofreading; and (4) various clerical tasks. The Plaintiffs do not provide any information as to the reasonableness of the requested rates; moreover, this Court's finding in *Rodriguez* that $ 125/hour was reasonable for the relevant time period leads to the conclusion that the hourly rates for paralegals in Los Angeles have remained stable in recent years at $ 125/hour. Therefore, the Court finds that a reasonable rate of $ 125/hour for paralegals is appropriate based on the rate found reasonable in *Rodriguez,* which included work performed in the same time period (2004), and the prevailing rate for paralegals in Los Angeles. *See Rodriguez v. United States of America, No. CV 99-11821 CBM, 2006 U.S. Dist. LEXIS 95839 (C.D. Cal. June 2, 2006)* (Order re: Amount of Plaintiff's Requested Attorneys' Fees).

In sum, the Court finds that the following rates are appropriate in determining the lodestar:

| Attorney | Reasonable Rate (per hour) |
|---|---|
| Rubin | $ 625.00 |
| Padilla | $ 565.00 (2005) |
| | $ 600.00 (2006) |
| Saenz | $ 495.00 |

2006 U.S. Dist. LEXIS 95610, *

| Attorney | Reasonable Rate (per hour) |
|---|---|
| Hwang | $ 400.00 |
| Simons | $ 315.00 |
| Perez | $ 300.00 |
| Klestoff | $ 295.00 |
| Della-Piana | $ 295.00 |
| Jenkins | $ 225.00 (2005) |
| | $ 285.00 (2006) |

[*12]

| Paralega | Reasonable Rate (per hour) |
|---|---|
| Rodriguez | $ 125.00 |
| Courtland | $ 125.00 |

These rates are reasonable given the experience of counsel, the prevailing rates in Los Angeles, and fee awards in similar matters in the Central District.

Although Plaintiffs' counsel Morrison & Foerster has submitted billing records for an additional staff member, T. Laura Arago, counsel included no information about the qualifications of Ms. Arago, and no information regarding a requested hourly rate. As such, the Court has excluded Ms. Arago's hours (performed on July 26, 2006) from its lodestar calculation.

**B. Reasonable Hours**

The second factor in determining a reasonable fee is to determine the reasonable number of hours necessary to perform the litigation tasks associated with the case. In *Trs. of Dirs. Guild of Am. Producer Pension Benefits Plan v. Tice,* the Ninth Circuit held that counsel "is not required to record in great detail how each minute of his time was expended." *234 F.3d 415, 421 (9th Cir. 2003)* (quoting *Hensley, 461 U.S. at 437 n.12 (1983)*. However, the court may reduce time claimed for hours it deter-

mines to be "excessive, [*13] redundant, or otherwise unnecessary." *Hensley at 434.*

Plaintiffs provide detailed time sheets for all attorneys and paralegals who participated in this case. After examining the time sheets attached to Plaintiffs' Declarations, the Court finds that the records conform with *Tice,* in that they include descriptions of what each attorney was working on particular days and the amount of time required for each activity.

The Defendant argues that the time sheets presented by Plaintiff reflect overbilling. Defendant cites three bases for its claim of overbilling: (1) the presence of "block billing"; (2) the use, by some timekeepers, of quarter-hour increments; and (3) duplicate work by virtue of having nine attorneys assigned to the case. Defendant also objects to certain hours billed by Plaintiffs' counsel for post-judgment work relating to the appeal and the City's *ex parte* application to stay the Court's order pending appeal.

**1. Block Billing**

Defendant argues that Plaintiffs' use of "block billing" lacks sufficient detail to inform the client of the work preformed and how long

it took to preform. Defendant contends that block billing is unreasonable because it frustrates [*14] the determination of whether the work was performed or was even necessary. In *Lytle v. Carl*, the Ninth Circuit upheld a district court order finding that "counsel need only identify the general subject of their time expenditures:" *382 F.3d 978, 989 (9th Cir. 2004)*. As per *Lytle*, Plaintiffs' counsel's use of "block billing" in which the subject matter of the work performed is identified, is permissible because it successfully identifies the general subject of the time expenditure.

## 2. Quarter-Hour Billing

Defendant also argues that the quarter-hour billing increment used by some members of Plaintiffs' litigation team led to excessive hourly billing. Defendant cites the California State Bar Mandatory Fee Arbitration Advisory, No. 03-01 which states "the standard minimum is 1/10th of an hour or 6 minutes. If a higher minimum is used, such as .25 or .5, this probably increases the time by 15% to 25%." *See* Decl. of Eugene P. Ramirez in Opp. to Pls.' Mot., Ex. F.

In 1997, Judge Ideman of this District reduced a fee award by 5% in a class action where thousands of hours were expended in litigation, finding that, when aggregated, quarter-hour billing created [*15] a threat of overbilling. *See Zucker v. Occidental Petroleum, 968 F.Supp. 1396 (C.D. Cal. 1997)*. However, in a more recent Central District case, Judge Collins refused to reduce a fee award due to quarter-hour billing, which that court found to be standard practice in the Los Angeles area. *See U.S. v. $ 60,201.00, 291 F.Supp.2d 1126, 1131 (C.D. Cal. 2003)*.

In the instant case, Defendant requests a 5% reduction of the hours billed on the grounds that counsel employed quarter-hour increments. Only three of the nine Plaintiffs' attorneys and one paralegal, accounting for approximately one-quarter of the total hours spent on litiga-

tion, billed in quarter-hour increments. All others indicated periods with one-tenth hour increments. Additionally, the amount of attorney time expended on this case is more analogous to the hours expended in *US. v. $ 60,201.00*, rather than the thousands of hours expended by counsel in *Zucker*, thereby reducing the risk of aggregated overbilling. Therefore, the Court finds that no reduction is required due to quarter-hour billing increments, given the limited number of entries billed in quarter-hour increments and the [*16] common Los Angeles area practice of billing in those units.

## 3. Duplication

Defendants contend that the use of nine attorneys on this matter resulted in the duplication of work. [2] Several courts, including this Court and the Ninth Circuit, typically reduce fee awards when, upon an examination of submitted time records, duplicative efforts are found. *See, e.g., Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1985)* (stating fees should be reduced "if a case was overstaffed and hours duplicated"); *Rodriguez v. United States of America, No. CV 99-11821 CBM, 2006 U.S. Dist. LEXIS 95839 (C.D. Cal. June 2, 2006)* (order re: amount of plaintiff's requested attorneys' fees) (finding 20% reduction in hours acceptable after review of time records); *Lytle v. Carl, 382 F.3d 978 (9th Cir. 2004)* (reducing number of hours due to time new attorneys spent learning case); *US. Equal Employment Opportunity Comm'n v. Reeves & Assoc.*, No. CV 00-10515 DT, 2006 U.S. Dist. LEXIS 4395 (C.D. Cal. Jan. 13, 2006) (Tevrizian, J.) (reducing number of hours by 30% due to excessive duplication); *Carston v. County of Cook, 962 F.2d 749, 754 (7th Cir. 1992)* (upholding district court decision to [*17] reduce fees "slightly" to account for duplication). After reviewing the time sheets submitted by Plaintiffs, the Court finds that this matter was overstaffed and some hours were duplicated.

2006 U.S. Dist. LEXIS 95610, *

2 The time sheets indicate that no more than two attorneys attended any hearing and, therefore, no issues of duplicative hours exist with respect to attendance at hearings.

Plaintiffs argue that the use of nine attorneys was necessary because of the time in which they had to file motions and the aggressive nature of Defendants defense. Plaintiffs further contend staffing shortages at MALDEF necessitate additional outside counsel. However, several members of Plaintiffs' litigation team worked on the same motions: Two attorneys, Saenz and Simon, both spent time drafting the Motion for a Temporary Restraining

Order; six other attorneys, Padilla, Klestoff, Rubin, Della-Piana, Hwang and Jenkins, worked on the Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Reply in support of their Motion for Summary [*18] Judgment.

Although Plaintiffs allege that each attorney worked on distinct portions of the moving papers, *see* Padilla Decl. 2, vagueness in the billing entries make it difficult to determine whether each attorney worked on a distinct portion of the moving papers. For example, attorneys Saenz and Simons both list their work on the preliminary injunction as follows:

| Work Performed (as described) | Saenz (hours) | Simons (hours) | Total (hours) |
| --- | --- | --- | --- |
| Draft/Revise P. & A. for TRO and OSC re: Prelim. Inj. | 12.8 | 2.7 | 15.5. |
| Pl. Reply app. for TRO and OSC re: Prelim. Inj. | 1.5 | 9.3 | 10.8 |

Plaintiffs also allege that they reduced their hours by not including time spent on individual meetings with the day laborers affected by the challenged Ordinance and by using the most cost-effective personnel capable of preforming each task. *See* Decl. of Thomas A. Saenz 2. At the same time, however, Plaintiffs' billing records include duplicate entries for meetings and conferences between and among the litigation team.

Duplicative work is also apparent on the Opposition to Defendant's Motion for Summary Judgment and Reply in Support of Plaintiffs' Motion for Summary Judgment. [*19] Again, vague descriptions and block billing make it difficult to determine how much time was spent by each attorney and how much duplicative work was done. Plaintiffs' counsels' billing records indicate the number of hours worked on these motions as follows:

| Work Performed | Padilla | Klestoff | Jenkins | Rubin | Della-Piana | Hwang | Total |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Opp. to Summ. J. | 8.0 | 14.75 | 0.0 | 14.75 | 0.0 | 27.0 | 64.5 |
| Reply to Summ. J. | 4.25 | 1.0 | 21 | 0.0 | 0.8 | 0.0 | 27.05 |
| Review Def. Mot. | 0.0 | 2.0 | 0.0 | 1.25 | 0.0 | 0.0 | 3.25 |

2006 U.S. Dist. LEXIS 95610, *

| Work Performed | Padilla | Klestoff | Jenkins | Rubin | Della-Piana | Hwang | Total |
|---|---|---|---|---|---|---|---|
| for Summ. J. | | | | | | | |
| Review | 0.0 | 1.25 | 11.25 | 1.25 | 0.0 | 0.0 | 13.75 |
| Def. Opp. to Summ. J. | | | | | | | |
| Draft Reply to Summ. J. | 0.0 | 8.0 | 0.0 | 11.25 | 0.0 | 0.0 | 19.25 |

Plaintiffs' billing records indicate that 64.5 hours were required to complete Plaintiffs' Opposition to Defendant's Motion for Summary Judgment; however, Plaintiffs' block billing technique includes multiple tasks in the same billing entry, thereby making it difficult to parse out the amount of time each attorney worked on a particular motion or activity. Furthermore, although Plaintiffs' counsel's declarations state that each attorney worked on discrete aspects of the motion the time sheets [*20] do not indicate with clarity who worked on what portions, or that they were, in fact, discrete. Finally, Plaintiffs' attorney Phillip Hwang lists a total of 10 5 hours where he reviewed the briefings in this case, the case-file, and the law. *See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1985)* (stating fees should be reduced "if a case was overstaffed and hours duplicated").

Plaintiffs' Motion for Summary Judgment, along with their opposition to the Defendant's cross-Motion for Summary Judgment, concentrates on two key issues: (1) do Plaintiffs have associational standing to bring suit; and (2) did the Redondo Beach Ordinance violate Constitutional rights to freedom of speech. Many of the same cases are cited in each document with similar arguments being made and rebutted. The Court finds that because the arguments made in these two filings are similar, the amount of time Plaintiffs' counsel attributes to work done on the Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Reply in Support of their Motion for Summary Judgment (64.5 hours, and 27.05 hours, respectively) are excessive.

The Court finds that Plaintiffs' requested [*21] hours should be reduced by 10% in order to cure any duplicative efforts by Plaintiffs' litigation team. This deduction is reasonable in light of the number of attorneys working on the case, the work necessary to be performed, the time spent by new attorneys to learn the case, and the time necessary to keep nine attorneys informed of current proceedings regarding the various issues.

As the issues of duplication and vagueness are not implicated in the requested hours for Plaintiffs' paralegals, the Court finds that no deduction of paralegal hours is warranted.

### 4. Post-Judgment Work

Finally, the Court hereby finds that time spent on post-judgment matter's,' such as appeals or Defendant's *ex parte* application to stay pending appeal, are not recoverable. Defendant has identified the specific entries in their Opposition to the Plaintiffs' Supplemental Request for Fees. The challenged hours are as follows:

| Attorney | Unrecoverable Time/ Post-Judgment Matters (hours) |
|---|---|

2006 U.S. Dist. LEXIS 95610, *

| Attorney | Unrecoverable Time/ Post-Judgment Matters (hours) |
|---|---|
| Mahogany Jenkins (Morrison & Foerster) | 3.25 |
| Robert Rubin (LCCR) | 12.00 |
| Philip Hwang (LCCR) | 25.90 |
| Elisa Della-Piana (LCCR) | 1.80 |

These hours will be deducted from Plaintiffs' requested reasonable [*22] hours prior to any deductions based on duplicativeness or vagueness.

The Court hereby finds that the following hours, which are used in calculating the lodestar, to be reasonable:

| Attorney | Hours Requested | Post-Judgment Work (Unrecoverable) | Deduction (Duplicativeness/ Vagueness) | | Total (Hours) |
|---|---|---|---|---|---|
| Klestoff | 27 | N/A | | 10% | 24.3 |
| Padilla | 17.25 | N/A | | 10% | 15.525 |
| Perez | 22.9 | N/A | | 10% | 20.61 |
| Della-Piana | 10.45 | -1:80 | | 10% | 7.785 |
| Jenkins | 155.50 | -3.25 | | 10% | 137.025 |
| Hwang | 114.30 | -25.90 | | 10% | 79.56 |
| Rubin | 154.90 | -12.00 | | 10% | 128.61 |
| Simons | 38.7 | N/A | | 10% | 34.83 |
| Saenz | 43.6 | N/A | | 10% | 39.24 |

| Paralegal | Hours Requested | Post-Judgment Work (Unrecoverable) | Deduction (Duplicativeness/ Vagueness) | | Total Hours |
|---|---|---|---|---|---|
| Rodriguez | 28.4 | N/A | | N/A | 28.4 |
| Courtland | 16.25 | N/A | | N/A | 16.25 |

The hourly reductions proposed are reasonable to cure any possible overbilling resulting from duplication of work by Plaintiffs' counsel.

## C. Lodestar Calculation

To calculate the "lodestar", courts multiply the number of hours reasonably worked on a case by the reasonable rate as determined by counsel in an area. The lodestar [*23] in this case is calculated as follows:

2006 U.S. Dist. LEXIS 95610, *

| Attorney | Reasonable Rate | Reasonable Hours | Total (Hours x Rate) |
|---|---|---|---|
| Kleistoff | $ 295.00 | 24.3 | $ 7,168.50 |
| Padilla (2005) | $ 565.00 | 12.825 | $ 7,246.125 |
| Padilla (2006) | $ 600.00 | 2.7 | $ 1,620.00 |
| Perez | $ 300.00 | 20.61 | $ 6,183.00 |
| Della-Piana | $ 295.00 | 7.785 | $ 2,296.575 |
| Jenkins (2005) | $ 225.00 | 69.975 | $ 15,774.375 |
| Jenkins (2006) | $ 285.00 | 66.725 | $ 19,016.625 |
| Hwang | $ 400.00 | 79.56 | $ 31,824.00 |
| Rubin | $ 625.00 | 128.61 | $ 80,381.25 |
| Simons | $ 315.00 | 34.83 | $ 10,971.45 |
| Saenz | $ 400.00 | 39.24 | $ 15,696.00 |
| | Total: 487.16 | | $ 198,177.90 |

| Paralegal | Reasonable Rate | Reasonable Hours | Total (Hours x Rate) |
|---|---|---|---|
| Rodriguez | $ 125.00 | 28.4 | $ 3,550.00 |
| Courtland | $ 125.00 | 16.25 | $ 2,031.25 |
| | Total: 44.65 | | $ 5,581.25 |

The lodestar for this case, therefore, is $ 203,759.15.

## D. Kerr Factors

There is a strong presumption that the lodestar represents a reasonable fee. *See City of Burlington v. Dague, 505 U.S. 557, 561, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992).* A court may adjust the lodestar, however, based on the twelve factors outlined in *Kerr v. Screen Extras Guild Inc. See 526 F.2d 67, 69-70 (9th Cir. 1975).* [*24] Among the subsumed factors presumably taken into account in the lodestar calculation are: (1) the novelty and complexity of the issues; (2) skill and quality of representation; (3) special experience of counsel; (4) results obtained; and (5) contingent nature of the fee agreement. *See Cabrales v. County of Los Angeles, 864 F.2d 1454 (9th Cir. 1988); City of*

*Burlington v. Dague, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992).*

A court will upwardly adjust a fee only in extraordinary cases, such as when an attorney is faced with an exceptional risk of not prevailing or not recovering fees. *See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1212 (9th Cir. 1986).* The burden is on the party requesting adjustment to the lodestar to prove the adjustment is necessary. *See Blum v. Stenson, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).*

## 1. Time and Labor Required

The time and labor required to handle this case appears to be well represented in the time sheets and filings of the parties. This case included a request for a Temporary Restraining Order and Preliminary Injunction which were granted and appealed by the Defendant. This

required Plaintiffs to expend time [*25] and labor challenging the Defendant's appeal to the Ninth Circuit. Additionally, the cross-Motions for Summary Judgment required extensive time and labor to draft and argue, which is reflected in the hours spent on the task: All of the factors relating to time and labor are, therefore, included in the initial lodestar calculation.

## 2. Difficulty and Novelty of the Issue

Difficulty and novelty can be assessed by looking at the issues presented in this case. The first issue in the instant case involved the ability of an association to assert standing based on the injury to its members; the second issue was one of the constitutionality of an ordinance which had gone unchallenged for approximately fifteen years. Constitutional issues are almost always complex; however, because the counsel on this cases consisted of highly experienced constitutional law litigators, who are often presented with the question of associational standing, the difficulty and novelty have already been included in both the hours and rates requested by Plaintiff and the lodestar calculated by this Court.

## 3. Skill Required

The skill required to bring this suit is assessed by looking at the claims for [*26] relief of the Plaintiffs. In this case, the Plaintiffs sought relief based on complex issues of constitutionality, requiring skilled attorneys with experience in that practice area. This factor has already been included in the lodestar calculation based on the high level of skill and experience of Robert Rubin (with over twenty- five years of constitutional law experience), Thomas Saenz, Phillip Hwang, and Angela Padilla.

## 4. Preclusion of Other Employment by the Attorney

Plaintiffs' counsel from the Lawyers Committee on Civil Rights argue that they were precluded from other employment for six weeks based on their work in this case. See Pl. Reply Mem. 8. However, Plaintiffs' counsel fail to identify any opportunities they were precluded from accepting (by this action) and, therefore, no adjustment has been made for preclusion.

## 5. Customary Fee

The customary fee has already been considered in the initial lodestar calculation. In this case, the Court has looked at the fees paid to attorneys of similar experience in the City of Los Angeles and determined reasonable fees for each of the Plaintiffs' attorneys.

## 6. Whether the Fee is Contingent or Fixed

This factor [*27] does not apply in this case because there was no contingency or fixed fee agreement and Plaintiffs' counsel seek compensation based on 42 U.S.C. § 1988.

## 7. The Restraints Imposed by the Client on the Circumstance

This factor does not apply in this case because Plaintiffs' counsel volunteered their time on this civil rights action.

## 8. The Amount Involved and the Results Achieved

Plaintiffs do not argue that an upward adjustment is appropriate based on the results obtained; therefore, no upward adjustment is appropriate in this case. See Blum, 465 U.S. at 898 (holding district court abused its discretion when it awarded 50% upward adjustment without any evidence or argument by fee applicant as to appropriateness of such an adjustment).

## 9. Experience, Ability and Reputation of the Attorneys

Plaintiffs' counsel were all highly skilled, including lead counsel, Robert Rubin, who has been recognized as one of the top civil rights

attorneys in the San Francisco Bay Area. The other counsel graduated from leading law schools, including Georgetown, Columbia, Hastings, Boalt Hall, University of Southern California, Yale, and Harvard. **[*28]** This factor has been included in the lodestar calculation based on the rates being paid to Plaintiffs' counsel.

### 10. The "Undesirability" of the Case

This factor has no effect on the calculation in a case such as this, particularly when lead counsel consists of civil rights attorneys who often practice in this area, and have made no showing that the case was "undesirable" for any reason.

### 11. Nature and Length of the Professional Relationship Between the Attorney and Client

This factor does not apply in this case because the clients did not have a prior professional relationship with counsel.

### 12. Awards in Similar Cases

This factor has already been included in the lodestar calculation. The Court has considered a similar case involving Plaintiffs' counsel (*Rodriguez v. United States*), and the fees awarded in the instant case are comparable to those awarded in that case.

Accordingly, this Court will use the lodestar as the correct reasonable calculation of fees because neither party associated with this case indicate any reason as to why a departure from the lodestar would be appropriate in achieving a reasonable fee. The Court finds that the appropriate lodestar **[*29]** amount of attorneys' fees to which Plaintiffs are entitled is $ 221,237.30. All relevant *Kerr* factors are already included in the reasonable rate and reasonable hour calculations, and no independent basis exists for a *Kerr* adjustment.

### II. Costs

Plaintiffs seek $ 4,535.57 in costs for facsimile, photocopying, travel and messenger services as follows:

| Counsel | Expense | Amount |
|---|---|---|
| Lawyers' Committee for Civil Rights (LCCR) | Postage and Delivery | $ 7.20 |
| LCCR | Telephone and Electronic Communications | $ 10.38 |
| LCCR | Travel | $ 1,388.81 |
| LCCR | Meetings Sponsored | $ 25.00 |
| MALDEF | Printing and Copying | $ 795.50 |
| MALDEF | Faxing | $ 456.12 |
| MALDEF | Postage | $ 112.41 |
| MALDEF | Court Fees | $ 439.34 |
| MALDEF | Docket Fees | $ 3.84 |
| MALDEF | Travel Expenses | $ 176.14 |
| MALDEF | Telephone | $ 35.59 |
| Morrison & Foerster | Fax | $ 48.00 |
| Morrison & Foerster | Court Messenger Service | $ 523.10 |

2006 U.S. Dist. LEXIS 95610, *

| Morrison & Foerster | Document Preparation | $ 17.50 |
| Morrison & Foerster | Photocopies | $ 469.14 |
| Morrison & Foerster | Messenger Service | $ 27.50 |
| | Total | $ 4,535.57 |

*Local Rule 54-3* requires the party entitled to taxable costs to (i) file a notice to the Clerk **[\*30]** to Tax Costs and (ii) lodge a verified Bill of Costs within fifteen days of the entry of judgment. ³ *Local Rule 54-4* lists specific items which are taxable as costs. ⁴ Those out-of-pocket expenses not taxable as costs are nevertheless recoverable if they are the types of costs normally charged to fee-paying clients. *See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 (9th Cir. 1986)* (allowing recovery of travel expenses). Expenses not taxed as costs must be necessary and reasonable. *See Harris v. Marhoefer, 24 F.3d 16, 19-20* (finding costs for "out of pocket" expenses reasonable given plaintiffs' justification in moving papers); *Davis v. City and County of San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992)* (attorneys' fee awards can include reimbursement for out-of-pocket expenses such as travel, messenger, and copying costs), *vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).*

   3   *Local Rule 54-3* reads in its entirety:

> Within fifteen (15) days *after entry of judgment,* the party entitled to costs shall file a Notice of Application to the Clerk to Tax Costs and shall lodge a verified Bill of Costs on Form CV-59 in accordance with the instructions on said form. The Bill of Costs and the Application to the Clerk to Tax Costs shall be prepared as two separate documents. The Bill of Costs will be lodged when presented for filing

> and will be filed at the time of determination of allowable costs by the Clerk of the Court. All costs shall be specified so that the nature of the claim can be readily understood.

(emphasis added).

**[\*31]**

   4   *Local Rule 54-4* lists the following items as taxable by the by the Clerk of the Court: (1) filing fees; (2) fees for service of process; (3) United States Marshall's fees; (4) Clerk's fees; (5) reporter's transcripts; (6) depositions; (7) witness fees; (8) interpreter's and translator's fees; (9) docket fees; (10) masters, commissioners and receivers; (11) certification, exemplification and reproduction of documents; (12) premiums on undertakings and bonds; (13) other costs; (14) state court costs.

The Court finds that some of Plaintiffs' requested costs are recoverable as taxable costs, and should have been included in Plaintiffs' timely bill of costs: These costs include MALDEF's requested "court fees" in the amount of $ 439.34 and "docket fees" in the amount of $ 3.84. The Court entered judgment in this case on June 2, 2006. The Parties stipulated and the Court granted an extension to July 26, 2006, to file the Motion for Award of Attorneys' Fees and Costs. Plaintiffs did not file their notice to the Clerk to Tax Costs until August 2, 2006. On August 3, 2005, Court Support Supervisor **[\*32]** Robert Flores rejected the Notice of Application and Application to Tax Costs because it was not submitted within

fifteen days of entry of the Judgment, thus violating *Rule 54-3.* [5] Plaintiffs' failure to submit their application for costs in a timely manner bars their request. *See Cunningham v. County of Los Angeles, 879 F.2d 481 (9th Cir. 1988)* (finding that failure to comply with local rules filing provisions barred recovery of taxable costs). As such, the Court declines to award any such taxable costs pursuant to the instant Motion.

5    Plaintiffs offer no explanation as to why their request for costs was late.

The Court further finds that some of Plaintiffs' requests for costs include no evidence linking the expenditure of funds to the instant litigation. For example, Exhibit E to the Rubin Declaration (filed on July 26, 2006) which is a list of cost allegedly expended by the Lawyers' Committee for Civil Rights,-is a one-page chart in which the first column lists the general type of expense,    [*33]    and the second column lists the amount spent. Plaintiffs' counsel has provided no further evidence supporting its claim that these costs were reasonable or necessary, or even that these costs were incurred in relation to this litigation. Accordingly, the Court declines to award these unsupported claims for costs totaling $ 1,431.39.

Accordingly, the Court finds that the remainder of these requested costs, in the amount of $ 2,661.00, are reasonable and necessary, and should be awarded as part of the instant Motion. The Court further finds that the evidence submitted in the Supplemental Rubin Declaration filed on October 30, 2006 (as Exhibit A) properly identifies those expenses of the Lawyers' Committee which are related to the instant litigation. This document, entitled "Redondo Beach Day Laborer, Cost Recap, 1/1/2005 - 10/20/06," is a list of costs totaling $ 2,142.51 for postage/delivery, telephone/electronic communication, travel, and meetings sponsored. These costs are:

| Counsel | Expense | Amount |
|---|---|---|
| Lawyers' Committee for Civil Rights (LCCR) | Postage & Delivery | $ 110.95 |
| LCCR | Telephone & Electronic Communications | $ 37.20 |
| LCCR | Travel | $ 1,969.36 |
| LCCR | Meetings Sponsored | $ 25.00 |
| | Total | $ 2,142.51 |

[*34]    The Rubin Supplemental Declaration includes an itemized listing of each of these expenses, including a description of the expense along with the amount of the expense. Upon review of the Declaration, the Court finds these costs, in the amount of $ 2,142.51, are reasonable and necessary, and should be awarded as part of the instant Motion.

Finally, Exhibit C to the Padilla Supplemental Declaration (filed on October 30, 2006) is a list of costs allegedly expended by Morri- son & Foerster in this litigation since November 2004. The list, entitled "Recap of Costs From Nov. 2004 Thru Present on 85357-1," references a different matter number (85357-1) than the matter number which is referenced in all of counsel's other billing records from Morrison & Foerster (85541). Counsel has provided no further evidence supporting its claim that these costs were incurred in relation to this litigation. Accordingly, the Court declines to award these unsupported claims for costs totaling $ 966.29.

2006 U.S. Dist. LEXIS 95610, *

The Court hereby **GRANTS** Plaintiffs' request for costs in the reduced amount of $ 4,803.51.

### III. Defendant's Objection to Plaintiffs' Supplemental Request for Fees

Plaintiffs filed a supplemental [*35] request for fees on October 30, 2006. Defendant City of Redondo Beach objects to Plaintiffs' supplemental request for fees on the grounds that the request was not properly noticed as a motion, and that Plaintiffs failed to meet and confer regarding the additional attorneys' fees as per, *Local Rule 7-3*. The Court finds that the supplemental request is not a separate motion, and therefore, is not subject to the requirements of *Rule 7-3*. The supplemental request is appropriately before this Court, and the fees requested therein have been included in the Court's calculation of the lodestar. Defendant's objection is **OVERRULED**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees in the reduced amount of $ 203,759.15, and **GRANTS** Plaintiffs' Motion for Costs in the amount of $ 4,803.51, for a sum total of $ 208,562.66.

IT IS SO ORDERED.

DATE: December 12, 2006

CONSUELO B. MARSHALL

UNITED STATES DISTRICT JUDGE