# EXHIBIT 5



# Joint Legislative Budget Committee

**CHAIR**
**DENISE MORENO DUCHENY**

**SENATE**

DAVE COX
MARK DESAULNIER
ROBERT DUTTON
BOB HUFF
CHRISTINE KEHOE
ALEX PADILLA
LOIS WOLK

GOVERNMENT CODE SECTIONS 9140-9143

**VICE CHAIR**
**NOREEN EVANS**

**ASSEMBLY**

ANTHONY ADAMS
BOB BLUMENFIELD
WILMER AMINA CARTER
KEVIN DE LEON
JERRY HILL
ROGER NIELLO
JIM NIELSEN

925 L STREET, SUITE 1000
SACRAMENTO, CALIFORNIA 95814
(916) 445-4656

June 11, 2009

Mr. Michael C. Genest, Director
Department of Finance
Room 1145, State Capitol
Sacramento, California 95814

Dear Mr. Genest:

In a letter dated May 14, 2009, you notified the Joint Legislative Budget Committee (JLBC) of your request on behalf of the California Department of Corrections and Rehabilitation (CDCR) for an allocation of about $43 million from lease-revenue bonds authorized in Chapter 7, Statutes if 2007 (AB 900, Solorio), to plan and build an Administrative Segregation Unit (ASU)/Enhanced Outpatient Program (EOP) Mental Health Facility at the Salinas Valley State Prison (SVSP). Under state law, if JLBC does not take any action with respect to the submitted request, CDCR may proceed with the design and construction of the projects specified within 30 days of the notification to the committee.

According to CDCR, the proposed 72-bed integrated housing and treatment facility is part of the department's overall plan to provide constitutionally adequate care as required by the federal court in the *Coleman v. Schwarzenegger* case pertaining to inmate mental health care. For example, one purpose of the project is to improve access to treatment for ASU/EOP inmates. A second purpose is to increase the number of EOP inmates that can be housed on the yard.

*Integrated Space Not Needed to Meet Outpatient Mental Health Needs.* Although the federal court requires that treatment and office space be provided in support of ASU/EOP inmates at SVSP, the Legislative Analyst's Office (LAO) advises me that it is not necessary for the department to also build housing within that same building. The proposed integration of housing and treatment space does not exist anywhere else in the prison system for

Mr. Michael C. Genest           2           June 11, 2009

ASU/EOP inmates who, by definition, require outpatient treatment. According to the department, the proposed integration of housing and treatment space is not driven by a goal to create an integrated environment for this population, but rather a goal of expanding the EOP population on the yard without adversely impacting bed capacities for General Population (GP) and non-EOP inmates, which are also currently housed on the yard.

However, rather than construct the integrated housing and treatment space, the department could build treatment and office space only to meet the particular treatment needs of ASU/EOP inmates in a more cost-effective manner. The LAO estimates—based on a comparable project that has been proposed recently—that the actual cost to build a treatment and office space facility at SVSP would be about $10 million, which is $33 million less than the department's request. This type of treatment facility could be constructed a few feet from the building where the ASU/EOP inmates are currently housed.

***More EOP Inmates Could Be Housed at SVSP Without Constructing Additional Beds.*** The LAO also advises me that additional ASU/EOP and GP/EOP inmates could be housed at SVSP without building additional beds. For example, 74 GP/Correctional Clinical Case Management System (CCCMS) inmates are currently housed within the same yard as the department's proposed facility. The institution could transfer these 74 GP/CCCMS inmates into other GP housing with the appropriate security level either at SVSP or at another prison to increase the number of beds available for EOP inmates. Moreover, many inmates on the yard are currently not housed to the maximum crowding level allowed by the department for EOP, GP, and CCCMS inmates. For example, although the department indicates that these different inmate groups can generally be crowded at levels ranging from 150 percent to 190 percent of capacity, the LAO informs me that the overall population on the yard in one recent week was 140 percent of capacity.

In addition, the yard is currently being used on a temporary basis, as required by the *Coleman* court, to provide 112 beds for inmates requiring intensive treatment in an intermediate care facility (ICF). According to the department's most recent mental health bed plan submitted to the court, this ICF housing may be decommissioned later when alternative long-term ICF beds are created in the prison system. At that time, decommissioning the temporary ICF beds would create additional housing space for EOP inmates on the yard. For those reasons, it appears that existing bed space could be managed and utilized differently to achieve the EOP bed targets for SVSP.

***Conclusion.*** I recognize there is unmet need for EOP treatment beds in the prison system. In response, the department's revised mental health bed plan reflects adding EOP treatment capacity at various locations, including at the two new integrated correctional health care facilities proposed for construction by the Receiver for prison health care. At this time, it is unclear how the proposed addition of these two health care facili-

Mr. Michael C. Genest                3                June 11, 2009

ties, proposed reductions to the prison inmate population, and future proposals for construction of AB 900 infill beds would interact to impact the prison mental health system and drive changes to the department's long-term mental health bed plan. It's possible that some projects in the current bed plan could be altered or become obsolete, while new projects are required. While the state cannot delay efforts to expand mental health treatment capacity, it is critical that the state move forward in a prudent and cost effective manner, recognizing key factors that could change long-term mental health bed needs.

While I am mindful that the ASU/EOP housing, treatment, and office space project at SVSP is proposed in response to a federal court order, the project's intended objectives could be achieved at a much lower cost. Accordingly, I do not concur at this time with CDCR's request for the ASU/EOP housing, treatment, and office space project at SVSP. Further, I recommend that the project be changed to include only treatment and office space in the configuration proposed by the LAO near to where the ASU/EOP inmates are currently housed at an estimated cost of about $10 million. My recommendations would ensure that the state fully complies with the court's orders in the most cost-efficient manner possible.

Sincerely,

Denise Moreno Ducheny
Chair

cc: Members of the Joint Legislative Budget Committee