EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
WILLIAM C. KWONG – State Bar No. 168010
Deputy Attorney General
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5724
Facsimile: (415) 703-5843
william.kwong@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** <br><br> **To: Three-Judge Panel** |

- 1 -

DEFS.' RESPONSE TO PLS.' REQ. JUDICIAL NOT.
(2:90-CV-00520 LKK JFM)(C01-1351 TEH)

1948320.1

## I. INTRODUCTION

Defendants object to Plaintiffs' Request for Judicial Notice, filed on June 8, 2009 (*Plata* Docket No. 2174). In their Request, Plaintiffs ask this Court to take judicial notice of the "enumerated prison population reduction measures" that have been proposed over the past few months by the State, including excerpts from the Governor's 2009-10 May Revise, dated May 14, 2009, May 26, 2009, and June 1, 2009; excerpts from the Legislative Analyst's Office (LAO) 2009-10 Budget Analysis Series: Judicial and Criminal Justice, dated January 30, 2009; and excerpts from the LAO's Overview of the 2009-10 May Revise, dated May 21, 2009. (*See* Pls.' Req. Judicial Not. (Pls.' Req.) at 2:16-4:9.) Plaintiffs assert that these documents are all judicially noticeable as public documents. (*Id.* at 4:14-15.)

The Three-Judge Panel Court should deny Plaintiffs' request to take judicial notice of these documents offered by Plaintiffs because judicial notice of these documents is not proper under Rule 201 of the Federal Rules of Evidence. Additionally, these documents are inadmissible and irrelevant to the instant proceedings in that the documents are preliminary budget proposals, developed in the context of the State's ongoing budget crisis, which are subject to change prior to the adoption of final budget legislation.

## II. ARGUMENT

**A.     Plaintiffs' Request For Judicial Notice Is Improper.**

The Three-Judge Panel should reject Plaintiffs' Request for Judicial Notice in accordance with Rule 201 of the Federal Rules of Evidence and case law. Rule 201 provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs bear the burden of persuading this Court that their proposed evidence is proper for judicial notice. *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006). Defendants are entitled to an

- 2 -

1  opportunity to be heard as to the propriety of taking judicial notice and the tenor of the
2  matters noticed. Fed. R. Evid. 201(e).
3       Plaintiffs' request is improper in that it asks the Three-Judge Panel to take judicial
4  notice of entire documents, and does not set forth any specific facts or assertions within
5  these documents for which they seek judicial notice. In doing so, Plaintiffs fail to satisfy
6  their burden. When a court is asked to take judicial notice of a document, care must be
7  taken to identify the fact that the court is noticing, especially when there are any number
8  of facts that may be drawn from a large document. *Colonial Leasing Co. v. Logistics*
9  *Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985); *see also Consejo de Desarrollo*
10 *Economico de Mexicali v. United States,* 438 F. Supp. 2d 1207, 1223 (D. Nev. 2006)
11 ("absent Plaintiffs identifying to specific facts within the documents that are appropriate
12 for judicial notice, the Court will not take judicial notice of any facts or information
13 contained within those documents").
14      The five documents Plaintiffs offer for judicial notice contain a vast amount of
15 information. It is not the Three-Judge Panel's responsibility, nor Defendants'
16 responsibility, to comb through each of the documents and speculate on the possible
17 facts for which Plaintiffs' seek judicial notice. By failing to identify the facts for which they
18 seek judicial notice, Plaintiffs consequently cannot demonstrate how these facts are
19 "generally known" or "capable of accurate and ready determination." Fed. R. Evid.
20 201(b).
21      Should the Court decide to take judicial notice of any court filing or publicly
22 available document that Plaintiffs propose, the scope of the judicial notice should be
23 limited to the mere fact that the document exists. It is not proper to take judicial notice of
24 a court-filed document or publicly available document for the truth of the matters
25 described within. *See Wyatt v. Terhune,* 315 F.3d 1108, 1114 (9th Cir. 2003) (reversing
26 district court where magistrate judge took judicial notice of contents of court filing); *Lee v.*
27 *City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (finding district court erred in
28 taking judicial notice of facts contained within public records).

DEFS.' RESPONSE TO PLS.' REQ. JUDICIAL NOT.
(2:90-CV-00520 LKK JFM)(C01-1351 TEH)                                                                                              1948320.1

1    Plaintiffs' request is further impermissible as website printouts, such as those
2 attached to Plaintiffs' request, are unreliable and are not self-authenticating. *See*
3 *Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007). The exhibits attached to Plaintiffs'
4 request therefore may not be admitted into evidence. *Id.*; *see also In re Homestore.com,*
5 *Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("Printouts from a web site
6 do not bear the indicia of reliability demanded for self-authenticating documents under
7 Fed. R. Evid. 902. To be authenticated, some statement or affidavit from someone with
8 knowledge is required . . ."); *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000)
9 (holding that information from the internet must be properly authenticated to be
10 admitted). As a result, the Three-Judge Panel should deny Plaintiffs' Request for
11 Judicial Notice in its entirety.

12 **B.    The Documents Are Not Relevant To These Proceedings As They Are Preliminary Budget Proposals And Are Subject to Change.**
13

14   Plaintiffs' request for judicial notice would have this Three-Judge Panel take
15 judicial notice of documents that are merely budget proposals. These documents are
16 not final, approved legislation. Moreover, the proposals made on May 14, May 26, and
17 June 1, 2009 have changed, and are subject to further change. Facts are only subject to
18 judicial notice when they are not subject to reasonable dispute. Fed. R. Evid. 201; *Lee*
19 *v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001). Thus, while the Court may
20 take judicial notice of the fact that the Governor issued a proposed revision to the
21 budget, the Court may not take judicial notice of the contents of the budget proposal
22 because such contents are subject to change. *Lee*, 250 F.3d at 690. In addition, the
23 budget proposals are not admissions, and are not evidence that a prisoner release order
24 is appropriate or that a prisoner release order will not have a substantial adverse impact
25 on public safety or the operation of a criminal justice system. Similarly, the LAO analysis
26 is simply that, an analysis from a non-party, and is therefore not evidence of an
27 admission.
28   Defendants do acknowledge that a final, approved budget may have a bearing on

- 4 -

the Three-Judge Panel proceedings with respect to the financial condition of the State, and to the extent the final enacted budget may affect CDCR's in-state adult prison population. Defendants therefore reserve the right to seek judicial notice of any enacted budget items which may affect population and the necessity, if any, of a prisoner release order.

### III. CONCLUSION

For the reasons articulated above, the Three-Judge Panel should deny Plaintiffs' request for judicial notice.

DATED: June 16, 2009　　　　　　　　　　HANSON BRIDGETT LLP

By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED: June 16, 2009　　　　　　　　　　EDMUND G. BROWN JR.
Attorney General of the State of California

By: /s/ Kyle A. Lewis
KYLE A. LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.