IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                No. 2:90-cv-0520 LKK JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.          <u>ORDER</u>

          /

        Pursuant to court order, this matter came on for hearing on June 16, 2009 for consideration of approval of three separate matters related to bed planning: defendants' activation schedule for projects that have already been ordered by this court; defendants' short-term and intermediate plan for meeting the current need for mental health beds; and defendants' long-range plan. Michael Bien, Esq. appeared as counsel for plaintiffs. Debbie J. Vorous and Jeffrey Steele, Deputy Attorneys General, appeared as counsel for defendants.

        After careful consideration of the activation schedules and the plans filed by defendants, plaintiffs' comments and defendants' responses thereto, and the comments of counsel at the time of the hearing, and good cause appearing, IT IS HEREBY ORDERED that:

        1. The activation schedules for court-ordered projects proposed by defendants are approved and the timeframes set forth in the schedules shall be met. To the extent that

1

1  defendants can accelerate any of these projects, they are instructed to do so.

2          2. Beginning on July 1, 2009, defendants shall report to the Special Master on a monthly basis all action taken on each project and whether each project remains on schedule or has been or can be accelerated.  Defendants' report shall be in the form of updates to the existing activation schedules.  For any project that has departed from the promised timeframes, defendants shall describe with specificity the reason or reasons for the departure and shall identify individuals or agencies whose acts or failures to act contributed the departure.  The Special Master shall meet quarterly with defendants to review the status of each project.

3          3. The projects described in defendants' short-term and intermediate plan are approved, subject to the following conditions:

    a. Defendants shall promptly notify the Special Master of any impediments to timely completion of the approved short-term and intermediate projects, including but not limited to those described by defense counsel at the hearing.  Defendants shall file a copy of any such notification with the court and serve a copy on counsel for plaintiffs.  Defendants shall include with any such filing a proposed remedy to the impediment, and plaintiffs may file a prompt response.

    b. Consistent with counsel's representation at the time of the hearing, the C5 and C6 units at Salinas Valley shall be completed on the schedule proposed by defendants so that, upon completion, they are substantially similar to the D5 and D6 units when all construction is completed in said units in July 2009.

    c. Defendants shall continue to take all steps necessary to secure any funding that is still required for full implementation of all of the projects in their short-term and intermediate plan.

    d. Defendants shall continue to take all steps necessary to resolve all outstanding staffing allocation issues.  To that end, defendants shall complete a staffing plan by the end of August 2009.  The plan shall be developed under the guidance of the Special Master

following the model that was used to develop the activation schedules and the short-term and intermediate plan before the court.

    e. Defendants shall comply with the schedule to fill the full complement of 256 intermediate care beds at Atascadero State Hospital (ASH). *See* Paragraph 8, *infra*.

    4. Defendants propose staff training as part of the short-term and intermediate bed plan. Defendants' proposal to use the "DMH Therapeutic Strategies and Interventions" training plan to train staff at the C and D units at Salinas Valley is approved. The training of other staff is also approved in principle but the plan proposed by defendants for this purpose, the "Plan to Address the Overall Dysfunction in Custody/Mental Health Relations at Salinas Valley State Prison," is disapproved. Final determination of the appropriate training plan will be left to the Special Master. Defendants shall develop this plan under the guidance of the Special Master following the model used to develop the activation schedules and the short-term and intermediate plan before this court. This plan shall be completed within ninety days from the date this order is filed.

    5. Within fifteen days from the date of the hearing, defendants shall report to the court whether the Memorandum of Understanding between the *Plata* Receiver and the defendants in that case has been signed. If the Memorandum of Understanding has not been signed, defendants shall explain why it has not been signed and who is responsible for the absence of a signed agreement.

    6. Defendants' long-range plan is not approved.

    7. Within ten days from the date of the hearing, defendants shall show cause in writing, if any, why they should not be ordered to renew their contract with Navigant Consulting for another three years.

    8. The modified needs assessment that is being conducted pursuant to this court's March 31, 2009 order demonstrates clearly that there are a substantial number of Coleman class members, over and above those identified in the Navigant projections, who are presently in need

of hospital care.  The short-term and intermediate projects approved by this order include conversions of hospital beds to provide a full complement of 256 intermediate care beds at ASH to Coleman class members.  That plan is approved subject to the condition that the Department of Mental Health (DMH) will admit Coleman class members to those beds at a rate of not less than ten per week until all 256 beds are filled by Coleman class members not later than October 31, 2009.  To that end, defendants' proposed plan for expediting admissions to DMH inpatient facilities shall be finalized within thirty days from the date this order is filed under the guidance of the Special Master following the model used to develop the activation schedules and the short-term and intermediate plan before this court.  In the event that the presence of non-Coleman class patients at ASH might preclude admission of Coleman class members to ASH in accordance with this order, defendants shall consider transferring non-Coleman patients to Coalinga State Hospital.

9.  The schedule for admissions to ASH set forth in the preceding paragraph shall be followed and, where possible, accelerated.  Defendants shall provide the Special Master with bi-monthly reports of the placement of individuals whose need for inpatient care is identified.  Defendants shall work with the Special Master forthwith to ensure that the reports contain all of the information that the Special Master needs to ensure compliance with this order, and shall provide such reports until the Special Master determines that they are no longer required.

10.  The modified needs assessment is expanded to all non-desert CDCR institutions.  The expanded modified needs assessment shall be completed by December 31, 2009.

11.  As discussed in paragraphs 8 and 10, a large number of Coleman class members in immediate need of inpatient care have been identified and the modified needs assessment is both continuing and expanding.  Accordingly, DMH shall explore forthwith options for transferring non-Coleman patients at ASH to Coalinga State Hospital so that defendants are prepared to immediately increase inpatient bed capacity for Coleman class

members, if necessary.

12. This matter is set for a status conference on the activation schedules and short-term and intermediate projects approved in this order, and for further hearing on defendants' long-range bed plan, on September 22, 2009 at 1:30 p.m. in Courtroom # 4. The court anticipates that all necessary funding for the short-term and intermediate projects will have been secured and the projects will be moving forward at that time.

13. Nothing in this order shall be construed as a finding that defendants are in full compliance with their constitutional obligation to meet the mental health care and bed needs of the plaintiff class.

DATED: June 17, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT