PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARIA V. MORRIS, Bar No. 223903
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　Plaintiffs,<br><br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　Defendants | No.: Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　Plaintiffs,<br>　vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　vs.<br>　　　Defendants | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** |

Defendants' main objection to plaintiffs' Request for Judicial Notice is on relevance grounds. The documents for which judicial notice is sought are relevant to the question whether a prison population reduction would have an adverse impact on public safety.

In making its determination in this matter, this Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A). The Court heard more than 9 days of testimony from plaintiffs' experts, defendants and their experts, and defendant-intervenors and their experts about whether there are measures by which the State can safely reduce its prison population.

In the course of these proceedings, defendants repeatedly affirmed that public safety is of paramount concern to the Governor, and conceded that the administration would not propose or make policy changes that would endanger public safety. *See, e.g.*, Gore Dep. at 58:18-59:12; 105:13-21; 129:12-18 (Governor's deputy cabinet secretary affirms that public safety is of paramount concern to the Governor and the Governor would not make legislative proposals unless they were consistent with public safety); Cate at RT 1685:3-11 (Secretary of CDCR affirms that Governor's legislative proposals would not endanger public safety); Kernan at RT 1921:14-1922:1 (Undersecretary of CDCR affirms same).

Since trial, the Governor proposed various additional methods to reduce the prison population by tens of thousands of inmates. For example, in the documents for which judicial notice is sought, the Governor has officially proposed methods even more far-reaching than any contemplated by plaintiffs' experts:

- Commuting the sentences of 19,000 undocumented immigrants, or deporting all undocumented inmates. RJN Exh. A, C at 9.
- Commuting by a full year the sentences of all non-violent, non-serious, non-sex offenders. RJN Exh. B.
- Changing sentencing laws so that no-one can be sent to prison for committing a crime that is a "wobbler" – i.e. a crime that can be treated either as a felony or a misdemeanor. RJN Exhs. A, C at 9.

1    Since the administration would not propose measures that are contrary to public safety,
2 the fact that the Governor has made these and other proposals is relevant to the question
3 whether there are methods by which the State can safely reduce the prison population.

4    While it is true that the Governor's legislative proposals have not been enacted by the
5 Legislature, this does not diminish their relevance to these proceedings.  Plaintiffs do not seek
6 judicial notice of the proposals for purpose of demonstrating that they are *law*, or for the truth
7 of any matters asserted therein, only for the purpose of demonstrating that the proposals were
8 made formally by the Governor.

9    Defendants' remaining objections should also be rejected.  Defendants are simply
10 wrong to assert that plaintiffs seek judicial notice of entire, voluminous documents, and failed
11 to identify the facts for which judicial notice is sought.  In their request for judicial notice,
12 plaintiffs requested judicial notice of the fact "that the enumerated population reduction
13 measures were proposed in the following State government documents" (RJN at 3:14-15) and
14 identified the precise population reduction measures in the list that followed (*see* RJN at 2:16-
15 4:9).  Attached to the request, plaintiffs submitted discreet excerpts from the documents
16 wherein the Governor set forth his proposals to reduce the prison population.

17    Defendants' objection that the documents are printouts from official websites is also
18 misguided.  The cases defendants cite say nothing more than a party seeking to submit
19 evidence allegedly collected from a *business* website should authenticate the source of the
20 documents, since a website may well belong to someone other than the party.  *United States v.*
21 *Jackson*, 208 F.3d 633, 638 (7th Cir.2000);  *In re Homestore.com, Inc. Sec. Litig.*, 347
22 F.Supp.2d 769, 782-83 (C.D.Cal.2004); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir.
23 2007).  But that says nothing about the issue here -- the caselaw is clear that courts routinely
24 take judicial notice of government documents posted on official government websites.  *See,*
25 *e.g.*, *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, * 5 (N.D. Cal. Sept. 9,
26 2008) (collecting cases); *see also In re Agribiotech Secur. Litig.*, 2000 WL 35595963, *2 (D.
27 Nev. Mar. 2, 2000); *Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 61 F. Supp. 2d 1058,
28 1066 (N.D. Cal. 1999); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *United States v.*

*S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004).  Defendants do not dispute that the documents for which plaintiffs seek judicial notice are public records posted on official government websites, and there is no dispute about the contents of the documents.

Accordingly, the Court should grant the request for judicial notice.

Dated:  June 19, 2009						Respectfully submitted,

						*/s/ Rebekah Evenson*
						Rebekah Evenson
						Prison Law Office
						Attorneys for plaintiffs