ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>   Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>   Defendants. | No. CIV S 90-520 LKK-JFM<br><br>**REPLY DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISPUTED ATTORNEYS' FEES FROM THE SECOND, THIRD AND FOURTH QUARTERS OF 2008 AND TO SEEK IMMEDIATE PAYMENT OF ALL OUTSTANDING EXPENSES**<br><br>Date: July 2, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Honorable John F. Moulds |

I, Amy Whelan, do hereby declare under penalty of perjury as follows:

1. I am an attorney admitted to practice law in California and an associate in the law firm Rosen, Bien & Galvan, LLP, one of the counsel of record for the plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of "Plaintiffs' Motion to Compel Disputed Attorneys' Fees from the Second, Third and Fourth Quarters of 2008 and to Seek Immediate Payment of All Outstanding Expenses."

2. I conduct the meet and confer sessions, pursuant to the periodic fees order, regarding attorneys' fees and costs for the *Coleman* matter. This process, which happens on a quarterly basis, typically takes many hours over the course of several days. Mr. Michael Stone, staff counsel in the CDCR's Office of Legal Affairs, participates in the meet and confer sessions on defendants' behalf.

3. On October 5, 2007, this Court affirmed the Magistrate's report and recommendation concluding that plaintiffs' work to convene the three-judge panel is compensable in this case. Docket 2451. During each meet and confer session since that order, defendants have asserted a blanket objection to all of plaintiffs' time and expenses incurred enforcing the *Coleman* injunction before the three-judge panel. As a result of these blanket objections, I left in dispute every time and cost entry that in any way related to work before the three-judge panel. As to those entries, Mr. Stone and I did not negotiate about the reasonableness of each entry as we typically do. For instance, I typically deduct some time in the interests of settling disputed items. With respect to the overcrowding time and expenses, however, Mr. Stone and I have not completed this type of negotiation (although I did make billing judgment reductions to all of plaintiffs' time before even submitting it to defendants for review). Accordingly, if this Court issues an order establishing plaintiffs' entitlement to these fees and costs, it is possible that the negotiation will result in reductions of some particular entries.

4. Defendants allege in their opposition, without any evidence or legal citation, that the *Coleman* and *Plata* courts should not individually decide the fee motions because any

decision "could lead to inconsistent rulings in the two courts, duplicative fees, and a windfall to Plaintiffs' counsel." Docket 3594 at 2:21-23. Defendants cite no evidence for this position, which falsely accuses plaintiffs' counsel of unethical billing practices. In fact, plaintiffs' counsel did not (and never would) double-bill defendants for work on the overcrowding motions. All of that work appears, or will appear, in separate billing records submitted by each firm before *either* the *Coleman* or the *Plata* court. Plaintiffs' counsel split the overcrowding work efficiently between the three primary firms working on the case, with Rosen, Bien & Galvan focusing on mental health issues, the Prison Law Office focusing on medical issues, and K&L Gates focusing on issues related to the more than 140 entities and persons from across the state who intervened in the case. All of plaintiffs' work before the three-judge panel was allocated fairly between the cases and was, or will be submitted to the *Plata* or *Coleman* Courts pursuant to the respective periodic fees orders in those cases. Moreover, far from duplicating work, plaintiffs' counsel frequently shared their work, including legal research, which made the billing more efficient, not less so.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and that this declaration was executed in San Francisco, California on June 25, 2009.

                                                  */s/ Amy Whelan*
                                                  Amy Whelan