PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARK R. FEESER, Bar No. 252968
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER RE: SCHEDULE FOR DEFENDANTS' LONG TERM BED PLAN** |

On March 31, 2009, the Court ordered Defendants to submit by May 26, 2009, "concrete proposals to meet the remaining short-term, intermediate, and long range bed needs of the plaintiff class." Order, March 31, 2009 at 5 (Docket No. 3556). On May 26, 2009, Defendants submitted a final proposal to meet the remaining short-term, intermediate, and long-range bed needs of the *Coleman* plaintiff class. Defendants' Response to Court's March 31, 2009 Order That Defendants File a Final Proposal to Meet the Remaining Short-Term, Intermediate, and Long-Range Bed Needs of the Plaintiff Class (Docket No. 3592) ("Defendants' Bed Plan"). Defendants' long-range bed plan included the construction of two Correctional Health Care Facilities ("CHCFs"), which were to be constructed in coordination with the *Plata* Receiver and would be financed using I-Bank funds available to the *Plata* Receiver. *Id.* at 18, 23.[1] While Defendants and the *Plata* Receiver had reached a tentative agreement on a Memorandum of Understanding ("MOU") regarding the construction of the CHCFs, the agreement had not been signed as of the June 16, 2009 hearing regarding Defendants' bed plans. Accordingly, on June 18, 2009, the Court entered an order that did not approve Defendants' long-range bed plan and ordered Defendants to report within fifteen days regarding whether the MOU had been signed and if not identifying the parties responsible. Order, June 18, 2009 at 3:15-20 (Docket No. 3613). The Court further scheduled a status conference on September 22, 2009 for, *inter alia*, "further hearing on defendants' long-range bed plan." *Id.* at 5:2-6.

On July 1, 2009, Defendants filed their response to the Court's June 18, 2009 order regarding the MOU with the *Plata* Receiver. Defendants Response to Court's June 18, 2009 Order RE: Memorandum of Understanding (Docket No. 3624) ("Defendants' MOU Response"). Defendants' MOU Response indicated that Defendants would not sign the MOU due to "California's current budget and cash crisis" and because current budget proposals may result in the release of 19,000 prisoners, making it "unclear whether the construction outlined in the MOU was necessary to provide constitutional care." *Id.* at 3:12-14. Additionally, Defendants' MOU

---

[1] All references to page numbers in Defendants' Bed Plan correspond to the docketed page number (i.e. page 18 refers to page 18 of 87 pages in Docket No. 3592).

Response stated that they were "readjusting" the funding for the long-range bed plan, in order to construct the beds via AB 900 appropriations, and that Defendants "will notify the Court in thirty days if, after review of AB 900 appropriations, Defendants propose to change the number of beds in their May 26, 2009 long-term bed plan." *Id.* at 4:21-5:2.

In the absence of the *Plata* Receiver's CHCF beds, Defendants' long-range bed plan is grossly inadequate. The two CHCFs accounted for 1,368 mental health care beds, over fifty percent of the beds created pursuant to Defendants' long-range bed plan. *See* Plaintiffs' Comments to Defendants' Bed Plan at 37-38. Defendants' long-range bed plan was already deficient in that it relied upon 733 "alternate sites" EOP beds for which the location and funding source had "yet to be determined." Defendants' Bed Plan at 20. The Spring 2009 Navigant Projections for mental health bed needs in FY 2012/13 indicate a projected gap of 2,433 male beds and 62 female beds. *Id.* at 18. Together the *Plata* Receiver's CHCF projects and the 733 speculative "alternate sites" beds represent a hole in Defendants' long-range bed plan of 2,101 beds out of the 2,433 male beds required. Moreover, if these beds are not constructed, Defendants will be unable to decommission 313 inadequate and "temporary" mental health care beds that Defendants anticipated would be decommissioned as alternative capacity was added, increasing the long-range gap even further. *Id.* at 20-21. Finally, the modified needs assessment, which is currently ongoing, is certain to increase the number of beds needed per the Spring 2009 Navigant Study.

Additionally, Defendants' long-range plan fails to affirm whether the California Department of Mental Health ("DMH") will continue to operate the long-range ICF and acute units located in prisons, in DMH hospitals, or in additional facilities constructed pursuant to the long-range plan. Defendants have not offered any evidence that the California Department of Corrections and Rehabilitation ("CDCR") is capable of replicating and replacing DMH in the operation of female and male acute and ICF units located in prisons, in DMH hospitals, or in additional facilities constructed pursuant to the long-range plan.

Defendants in this case have engaged in over ten years of stop-and-start bed planning, which has now culminated in the on-and-off reliance on the *Plata* Receiver's consolidated

2

healthcare construction projects. *See* Plaintiffs' Comments Pursuant to the Court's March 31, 2009 Order Regarding (1) Defendants' Final Proposal to Meet the Remaining Short-Term, Intermediate, and Long-Range Bed Needs of the Plaintiff Class; and (2) Defendants' Detailed Activation Schedules for Completion of All Other Court Ordered Construction Projects, June 9, 2009 at 13, 37-38 (Docket No. 3609) ("Plaintiffs' Comments to Defendants' Bed Plan"). Defendants cannot continue to delay development and implementation of a long-range bed plan by shifting between funding sources and coordination with the *Plata* Receiver, or based on the promise of unenacted and uncertain budget proposals to reduce the prison population.

Development of a long-range bed plan is a lengthy process, which will not succeed in the absence of concrete proposals that include project sites, activation schedules, and identified funding sources. Therefore, it is imperative that Defendants immediately begin the process to develop a revised long-range bed plan, prior to the September 22, 2009 hearing, and that Plaintiffs and the Special Master be afforded an opportunity to comment on the revised long-range plan prior to the hearing.

Accordingly, and good cause appearing, and in light of all of the above, and the entire record herein, it is HEREBY ORDERED AS FOLLOWS:

1. Defendants shall report to the Court by July 31, 2009, whether the 1,368 beds that were to be constructed as part of the two CHCFs included in Defendants' May 26, 2009 long-range bed plan can and will be constructed using AB 900 funds, and whether after a review of the AB 900 appropriations, Defendants propose to change the number of beds in their May 26, 2009 long-term bed plan.

2. Defendants shall immediately begin to develop, in coordination with the Special Master, concrete proposals to meet the remaining long-range bed needs of the plaintiff class. On or before September 1, 2009, Defendants shall file with the Court and submit to the Special Master and Plaintiffs a final revised long-range bed plan. Plaintiffs will be granted until September 14, 2009 to submit comments to the Special Master on the revised long-range bed plan. The revised long-range bed plan must meet the following requirements:

      a. The revised long-range plan must fully meet the projected long-term mental health care bed need as identified in the Spring 2009 Navigant Bed Study for FY 2012/13;

      b. The revised long-range plan must identify specific and concrete projects including the number and location of beds with activation schedules similar to those provided with regard to Defendants' short-term and intermediate bed plan submitted to the Court on May 26, 2009. Defendants may not rely on undeveloped proposals that include funding sources or locations that are "yet to be determined";

      c. The revised long-range plan must identify all necessary funding sources for each specific project required to implement the revised long-range plan;

      d. The revised long-range plan must indicate whether and to what degree Defendants will continue to coordinate with the *Plata* Receiver regarding the construction of additional mental health care needs;

      e. The revised long-range plan must provide that DMH Defendants shall operate all female and male acute and ICF units located in the prisons, in outside DMH hospitals, and in any new facilities constructed pursuant to the revised long-range plan. CDCR shall not operate any ICF or acute bed units in the absence of an express Court order permitting it to do so; and

      f. The revised long-range plan must evaluate, and to the extent necessary, include the use of Department of Mental Health facilities, county hospitals, and other State, community, or private resources that are currently available and do not require the construction of additional facilities.

Dated: _____         _____

                                              Honorable Lawrence K. Karlton