EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
JONATHAN L. WOLFF, State Bar No. 193479
Senior Assistant Attorney General
JEFFREY STEELE, State Bar No. 124688
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1937
 Fax: (916) 324-5205
 E-mail: Jeff.Steele@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **NOTICE OF FILING SEALED DOCUMENT** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

**INTRODUCTION**

On May 23, 2007, this Court ordered Defendant Department of Mental Health (DMH) to file monthly reports reflecting referrals, pending referrals, rejections, and transfer of inmates from any level of outpatient mental health care to any level of inpatient mental health care, and from any level of inpatient mental health care to a different level of mental health care. The report must include a complete list of all class members currently waiting for transfer to any level of DMH hospital care. Such identifying patient information is subject to a protective order entered in this action on January 12, 2007.

///

**NOTICE**

Notice is hereby given under Local Rule 39-141(c), that Defendant Department of Mental Health is filing a document in compliance with the Court's May 23, 2007, Order under seal and shall manually file the document and serve copies upon the parties.

Dated: July 15, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ Jeffrey Steele*

JEFFREY STEELE
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30814737.doc

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   *Coleman, et al. v. Schwarzenegger, et al.*
Case No.:    **2:90-cv-00520 LKK JFM P**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 15, 2009**, I served the attached **Notice of Filing Sealed Document, Modified Protective Order, Sealed Document Cover Page and Monthly Bed Utilization Report for the Department of Mental Health Hospitals and Psychiatric Programs for April 2009** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Matthew A. Lopes, Jr., Esq.
Office of the Special Master
Pannone Lopes & Devereaux, LLC
317 Iron Horse Way, Suite 301
Providence, RI  02908

Donald Specter
Prison Law Office
1917 Fifth Street
Berkeley, CA  94710-1916

Michael Bien, Esq.
Rosen Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Franciso, CA  94104
*(Via Overnight Delivery)*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 15, 2009**, at Sacramento, California.

|  D. Kulczyk  |  */s/ D. Kulczyk*  |
|---|---|
| Declarant | Signature |

CF1997CS0003

# Attachment to
# Notice of Sealed Document
# [Modified Protective Order]

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiff,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendant.

No. CIV S-90-0520 LKK JFM P

MODIFIED PROTECTIVE ORDER

In accordance with the order filed concurrently herewith and good cause appearing, IT IS ORDERED THAT the protective order entered in this case on July 29, 1992 (the "Protective Order") is hereby modified in the following manner:

IT IS ORDERED THAT the following provisions shall apply to all State of California Department of Health Services' ("DHS") records which identify any patient or inmate and which are obtained in this action by counsel for plaintiffs:

1. This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

2. All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order. Such material is hereinafter referred to as "confidential material."

1

3. The confidential material may be disclosed only to the following persons:

    a. Counsel of record for plaintiffs in this action;

    b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record for plaintiffs;

    c. Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

    d. Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

    e. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave the deposition with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

    f. Individuals as described in subparts (a) through (e), above, in <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

    g. Individuals as described in subparts (a) through (e), above, in <u>Clark, et al. v. California et al.</u> (C96-146 FMS), and in <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307 CW), currently pending in the United States District Court for the Northern District of California, who agree to be bound by the terms of this Order; and

    h. Individuals as described in subparts (a) through (e), above, in <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order.

  4. Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and agree to be bound by its provisions. Such persons must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original of an executed written agreement until termination of this litigation, or until otherwise ordered by the Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the Court.

  5. At the conclusion of the trial and any appeal, or upon other termination of this litigation, all confidential material obtained by counsel for plaintiffs, and all copies of such material, in possession of counsel for plaintiffs shall be returned to counsel for the defendants.

  6. All confidential material obtained by counsel for plaintiffs shall be used solely in connection with this litigation or in connection with the following cases:

    a. <u>Clark, et al. v. California et al.</u> (C96-146 FMS) or <u>Armstrong, et al. v. Schwarzenegger, et al.</u> (C94-2307CW), currently pending in the United States District Court for the Northern District of California;

    b. <u>Davey v. Gomez, et al.</u> (No. 2:94-cv-00151 WBS-JFM-P), or <u>Hecker, et al. v. Schwarzenegger, et al.</u> (No. 2:05-cv-02441 LKK-JFM), currently pending

3

1  in the United States District Court for the Eastern District of California; or for
2  related appellate proceedings, and not for any other purpose, including any other
3  litigation.

4  7. Any documents filed with the Court that reveal confidential material shall be filed under seal, labeled with cover sheet bearing the case name and number and the statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to so file a document under seal, any party may request that the Court place the filing under seal.

8. Nothing in this Order shall preclude a party from showing or disclosing to any person not listed in paragraph 3 of this Order, deposition transcripts, pleadings or briefs containing confidential material if the document containing such material has been masked or deleted so that no disclosure of confidential material occurs.

9. With the exception of documents contained in the confidential portions of patients' or inmates' central files, all documents produced under this Protective Order may be reviewed in a complete and unredacted form. The location of the file review shall be determined on a case-by-case basis. After such review, plaintiffs' attorneys may request copies of those documents they find relevant to their conduct of this litigation.

10. DHS may review the documents in the confidential portions of patients' or inmates' central files, and may review the other confidential material produced for initial review in complete and unredacted form, for the purpose of determining if there is any information which DHS contends should not further be disclosed because to do so would endanger the safety and security of an institution, or of any persons, including present or former patients, inmates or staff. If DHS determines that there are any documents containing such information, DHS may redact such information prior to providing copies to plaintiffs' attorneys of the remaining portions

4

1  of the documents and shall properly notify plaintiffs' attorneys of the nature of the redacted
2  information. If, in the judgment of plaintiffs' attorneys, such information as has been redacted is
3  necessary for the conduct of this litigation, such documents will be expeditiously presented to the
4  Court for in camera review to determine whether and to what extent they must be produced.
5  Insofar as the court determines that any such information is subject to exclusion from production,
6  the attorneys for plaintiffs and their legal assistants and consultants shall not disclose the
7  information to any person for any purpose.

8    11. Attorneys for plaintiffs and their legal assistants and consultants shall not
9  make copies of the confidential material obtained by them except as necessary for purposes of
10 this litigation. Counsel for plaintiffs will maintain control over all copies obtained by them. All
11 confidential material obtained by counsel for plaintiffs shall be kept in locked file cabinets. Only
12 attorneys for plaintiffs and their legal assistants shall have access to these file cabinets or to the
13 keys to these file cabinets. Counsel for plaintiffs shall maintain a record of all persons to whom
14 they have afforded access to confidential material. Upon order of the Court, DHS may inspect
15 the record.

16   12. Each person who has been afforded access to confidential material shall not
17 disclose or discuss the confidential material, including the identification, the location, or mental
18 health status of a patient or inmate, to or with any person except as is necessary to this case, and
19 then only in accordance with paragraphs 3 and 4 of this Order.

20   13. Confidential material respecting one patient or inmate shall not be disclosed
21 to or discussed with any other patient or inmate or former patient or inmate.

22   14. Plaintiffs' counsel shall consult with a mental health professional to determine
23 the necessity of having a mental health professional present at a file review conducted in the
24 presence of a patient.

25 /////
26 /////

15. If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the Court so orders.

16. The foregoing provisions of this Order, with the exception of paragraph 7, do not apply to DHS, its employees or representatives, or its consultants. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to confidential material to which they would have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.

18. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: January 11, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/coleman.modpo2

6