1  EDMUND G. BROWN JR.
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   JEFFREY STEELE, State Bar No. 124668
4  Deputy Attorneys General
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 324-5345
    Fax: (916) 324-5205
7   E-mail: Debbie.Vorous@doj.ca.gov

8  Attorneys for Defendants

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
|---|---|
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR COURT-ORDERED SCHEDULE RE: LONG-TERM BED PLAN** |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

1

| Acronym List | |
|---|---|
| **Term** | **Definition** |
| AB | Assembly Bill |
| CDCR | California Department of Corrections and Rehabilitation |
| CHCF | Correctional Health Care Facilities |
| FY | Fiscal Year |
| MOU | Memorandum of Understanding |

**INTRODUCTION**

Defendants' July 1, 2009 response regarding the status of the proposed Memorandum of Understanding (MOU) with the *Plata* Receiver complied with this Court's June 18, 2009 Order. On July 10, 2009, Plaintiffs replied to Defendants' Response. Plaintiffs asked this Court to order that Defendants file a status report on July 31, 2009, and a revised long-term bed plan on September 1, 2009. Plaintiffs also include six extraneous matters in their reply. Defendants now respond to Plaintiffs' statements and ask this Court to deny Plaintiffs' requests as unnecessary, premature, and overreaching.

**DEFENDANTS' RESPONSES**

**I.   The Court should deny Plaintiffs' requests that Defendants file a status report and a revised long-term bed plan.**

Plaintiffs asked this Court to order Defendants to file a status report by July 31, 2009, and a revised long-term bed plan by September 1, 2009. (Docket No. 3630, pp. 8:7–9:4.) The Court, however, should deny Plaintiffs' requests because Defendants have already proposed a long-term bed plan, and have committed to notify the Court by July 31, 2009, should they propose a change to the number of beds in that plan. In the event there is a change, Defendants will submit an update to their plan by September 1, 2009. Because Defendants are committed to informing the Court of their planning efforts, Plaintiffs' requests are unnecessary.

Defendants submitted their long-term bed plan on May 26, 2009. (Docket No. 3592, pp. 16-23.) This plan meets the projected long-term mental health bed needs for male and female inmates as identified in the Spring 2009 Navigant Study for FY 2012/13. (*Id.*, pp. 16-22.) Plaintiffs suggest that because the MOU was not signed, Defendants have no long-term bed plan and are somehow delaying their long-term bed planning. (Docket No. 3630, pp. 4:16-6:21.) But

/ / /

/ / /

3

Defs.' Resp. to Pls.' Req. for Court-Ordered Sch. Re: Long-Term Bed Plan  (2:90-cv-00520 LKK JFM P)

this is not the case. Defendants' July 1, 2009 filing indicated that because the MOU was not signed, they are readjusting the funding aspect of the two Correctional Health Care Facilities (CHCF). (Docket No. 3624, p. 4:21-23.) That is very different from saying there is no long-term bed plan.

Moreover, on June 30, 2009, Matthew L. Cate, Secretary of the California Department of Corrections and Rehabilitation (CDCR), and the *Plata* Receiver reported that, despite the fact the MOU was not signed, they are still coordinating their efforts to achieve the shared goal of providing a constitutional level of healthcare. (Docket No. 3624, p. 4:12-14, Ex. 4.) In fact, Defendants' efforts to readjust the funding of the CHCFs, along with their commitment to notify the Court, shows diligence in moving the plan forward.

Plaintiffs also argue that because the MOU was not signed, Defendants have no funding source. (Docket No. 3630, pp. 6:8-21.) To the contrary, Defendants are readjusting the funding of the CHCFs to construct those beds through a more secure funding source; that found in AB 900. (Docket No. 3624, p. 4:21-23.) And should this funding source cause Defendants to propose a change in the bed numbers, they will notify the Court. (*Id.*, pp. 4:23-5:2.)

Defendants have complied with this Court's previous orders, but now need additional time to readjust the funding of the CHCFs to construct those beds using AB 900 authority. In the meantime, Plaintiffs should not be allowed to substitute their lay opinion on appropriate funding sources for the professional opinions of CDCR and Department of Finance staff. Because Plaintiffs' requests are unnecessary, this Court should reject them.

## II.  The Court should deny Plaintiffs' requests that Defendants long-term bed plan include six extraneous matters.

Plaintiffs also asked this Court to order that the Defendants' revised long-term bed plan include six extraneous matters. (Docket No. 3630, pp. 8:7-9:1.) The Court should deny

///

4

Defs.' Resp. to Pls.' Req. for Court-Ordered Sch. Re: Long-Term Bed Plan  (2:90-cv-00520 LKK JFM P)

Plaintiffs' requests because they are not relevant to these proceedings, they reach beyond the scope of this Court's March 31, 2009 Order, and they are unnecessary.

## CONCLUSION

Defendants respectfully request that this Court deny Plaintiffs' requests.

Dated: July 20, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ *Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30812701

5

Defs.' Resp. to Pls.' Req. for Court-Ordered Sch. Re: Long-Term Bed Plan  (2:90-cv-00520 LKK JFM P)