1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Senior Assistant Attorney General
5  WILLIAM C. KWONG – State Bar No. 168010
   Deputy Attorney General
6  KYLE A. LEWIS – State Bar No. 201041
   Deputy Attorney General
7  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
8  Telephone: (415) 703-5724
   Facsimile: (415) 703-5843
9  william.kwong@doj.ca.gov
   kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. TAMA – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
stama@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>   Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, et al., <br><br>   Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br>   Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, et al., <br><br>   Defendants. | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** <br><br> **To: Three-Judge Panel** |

- 1 -

## I.  INTRODUCTION

Defendants object to Plaintiffs' Request for Judicial Notice, filed on July 29, 2009 (*Plata* Docket No. 2190).  In their Request, Plaintiffs improperly ask this Court to take judicial notice of "the fact that defendants made proposals to reduce the prison population as set forth in the 'CDCR Prison Population Package'."  (*See* Pls.' Req. Judicial Not. (Pls.' RJN) at 2:1-2.)  Plaintiffs assert that this fact is judicially noticeable because it is a matter of public record, but they fail to satisfy their burden.  (*Id.* at 2:18-20.)

The Three-Judge Panel should deny Plaintiffs' request to take judicial notice that the Governor formally made such budget proposals because judicial notice is not proper under Rule 201 of the Federal Rules of Evidence.  Additionally, the fact is inadmissible and irrelevant because the request seeks notice of preliminary budget proposals, developed in the context of the State's ongoing budget crisis, which are subject to change before the final enactment by the Legislature.

## II.  ARGUMENT

**A.   Plaintiffs' Request For Judicial Notice Is Improper.**

The Three-Judge Panel should reject Plaintiffs' Request for Judicial Notice in accordance with Rule 201 of the Federal Rules of Evidence and case law.  Rule 201 provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Plaintiffs bear the burden of persuading this Court that their proposed evidence is proper for judicial notice.  *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006).  Defendants are entitled to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matters noticed.  Fed. R. Evid. 201(e).

Plaintiffs state that they only seek judicial notice that these proposals were formally made by the Governor.  Plaintiffs cite to several substantive provisions of the

- 2 -

contents of the "CDCR Prison Population Reduction Package." (RJN at 4:16-5:9.) Should the Three-Judge Panel decide to take judicial notice, the scope of the judicial notice should be limited to the mere fact that the document exists. It is not proper to take judicial notice of a court-filed document or publicly available document for the truth of the matters described within. *See Wyatt v. Terhune,* 315 F.3d 1108, 1114 (9th Cir. 2003) (reversing district court where magistrate judge took judicial notice of contents of court filing); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (finding district court erred in taking judicial notice of facts contained within public records).

Plaintiffs argue that the Three-Judge Panel should take judicial notice that the Governor formally made legislative proposals to reduce California's prison population as stated in the CDCR Prison Population Reduction Package because it is a matter of public record. Plaintiffs do not satisfy their burden. Here, Plaintiffs state that the CDCR Prison Population Reduction Package was "issued by CDCR to the public in connection with a CDCR press briefing to discuss the Governor's budget proposals." (Decl. of Rebekah Evenson in Support of RJN at ¶ 2.)[1] This does not establish that the document was formally proposed by the Governor as a population reduction measure as a matter of public record or otherwise. Instead, the document that Plaintiffs ask the Court to take judicial notice of is merely a document from CDCR explaining and supporting the budget proposal that came out of a legislative conference committee. It is not final approved legislation. Moreover, the State Budget excerpt that Plaintiffs introduce does not refer to or include the contents of the CDCR Prison Population Reduction Package and Plaintiffs

---

[1] Plaintiffs attribute a statement to CDCR Press Secretary Seth Unger in support of their Request For Judicial Notice. The statement should be viewed as inadmissible hearsay. While an admission by a party-opponent would not be hearsay, such admissions can only be made by persons authorized to bind or speak on behalf of Defendant CDCR. *See* Fed. R. Evid. 801(d)(2). Here Plaintiffs cannot possibly be arguing that Mr. Unger's statement to them outside the presence of defense counsel constitutes an admission by a party opponent because, if Plaintiffs' counsel believed when they contacted him that Mr. Unger was a party-opponent, they violated ethical rules by contacting an opposing party outside the presence and without the consent of counsel. "While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Cal. R. Professional Conduct 2-100.

- 3 -

1  acknowledge this fact.  (RJN at 5, n.1.)

2  Plaintiffs' request is further impermissible as website printouts, such as the
3  excerpt from the State Budget are unreliable and are not self-authenticating.  *See*
4  *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). The exhibits attached to
5  Plaintiffs' request therefore may not be admitted into evidence. *Id.; see also In re*
6  *Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004)
7  ("Printouts from a web site do not bear the indicia of reliability demanded for self-
8  authenticating documents under Fed. R. Evid. 902. To be authenticated, some
9  statement or affidavit from someone with knowledge is required . . ."); *United States v.*
10 *Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (holding that information from the internet
11 must be properly authenticated to be admitted).

12 Alternatively, should the Three-Judge Panel grant Plaintiffs' Request For Judicial
13 Notice, it should consider all relevant parts to the budget and not just the excerpt that
14 Plaintiffs attached to their request as Exhibit B.  Plaintiffs selectively choose an excerpt
15 of the budget in their Request For Judicial Notice, which fails to provide the necessary
16 context.  "When a writing or recorded statement or part thereof is introduced by a party,
17 an adverse party may require the introduction at that time of any other part or any other
18 writing or recorded statement which ought in fairness to be considered
19 contemporaneously with it."  Fed. R. Evid. 106.  Thus, under Rule 106, in the event that
20 the Three-Judge Panel grants Plaintiffs' Request For Judicial Notice, it should consider
21 the entire excerpt of the budget which is attached to these objections.

22 As a result, the Three-Judge Panel should deny Plaintiffs' Request for Judicial
23 Notice in its entirety.

24 **B.    The Documents Are Not Relevant To These Proceedings As They Are Preliminary Budget Proposals And Are Subject to Change.**
25

26 Plaintiffs' request for judicial notice would have this Three-Judge Panel take
27 judicial notice of documents that are merely budget proposals.  These documents are
28 not final, approved legislation.  Plaintiffs' acknowledge this fact.  (RJN at 5:10-14.)  Facts

- 4 -

1  are only subject to judicial notice when they are not subject to reasonable dispute.  Fed.
2  R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).  The
3  Three-Judge Panel may not take judicial notice of the contents of these budget
4  proposals because such contents are subject to change.  *Lee*, 250 F.3d at 690.  In
5  addition, the budget proposals are not admissions, and are not evidence that a prisoner
6  release order is appropriate or that a prisoner release order will not have a substantial
7  adverse impact on public safety or the operation of the criminal justice system.

### III.   CONCLUSION

For the reasons articulated above, the Three-Judge Panel should deny Plaintiffs' request for judicial notice.

DATED:  August 4, 2009                     HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
PAUL B. MELLO
Attorneys for Defendants
Arnold Schwarzenegger, et al.

DATED:  August 4, 2009                     EDMUND G. BROWN JR.
Attorney General of the State of California


By: /s/ Kyle Lewis
KYLE LEWIS
Deputy Attorney General
Attorneys for Defendants
Arnold Schwarzenegger, et al.