PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**MOTION FOR ORDER DIRECTING THAT PLAINTIFFS COMPLY WITH THE PERIODIC FEES ORDER IN SUBMITTING ANY COSTS, ATTORNEYS' FEES OR EXPENSES ARISING FROM THE THREE-JUDGE PANEL PROCEEDINGS**<br><br>Hearing Date:　September 21, 2009<br>Time:　　　　　10:00 a.m.<br>Place:　　　　　Courtroom 4<br>Judge:　　　　　Hon. Lawrence K. Karlton |

MOT. FOR ORDER DIRECTING THAT PLS. COMPLY WITH PERIODIC FEES ORDER IN SUBMITTING COSTS, FEES OR EXPENSES ARISING FROM 3-JUDGE PANEL PROCEEDINGS – CASE NO. CIV S 90-0520 LKK-JFM

[310499-1]

# NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 21, 2009, at 10:00 a.m., or as soon thereafter as possible, Plaintiffs, through their counsel of record, will move for an order directing that any claims for costs, attorneys' fees or expenses incurred in connection with the three-judge panel proceedings shall be submitted through the periodic fees processes before the single judges in the above captioned case and in *Plata v. Schwarzenegger,* Case No. 01-1351 TEH (N.D. Cal.), appropriately apportioned between the matters without duplication. Plaintiffs seek an order directing that Plaintiffs and their counsel shall comply with the deadlines and requirements set forth in the *Coleman* and *Plata* periodic fees orders in lieu of the deadlines and requirements set forth in Rule 54(d) of the Federal Rules of Civil Procedure and the related local rules, E.D. Civil L.R. 54-292, 54-293 and N.D. Civil L.R. 54-1 through 54-6.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and orders on file in the above-captioned matters, and any oral argument or evidence permitted at any hearings on this motion.

## MOTION TO DIRECT ANY COSTS AND ATTORNEYS' FEES MATTERS TO THE *COLEMAN* DISTRICT COURT

The *Coleman* Plaintiff class and the *Plata* Plaintiff class are moving simultaneously in the respective single-judge courts for orders to remove any uncertainly regarding the disposition of any prevailing party costs, attorneys' fees, and expenses, and to avoid unnecessary multiplication of proceedings where the single-judge courts have already established a process for disposing of fees and costs claims efficiently. An order clarifying the proper forum for fees and costs claims is appropriate at this time to avoid unnecessary initiation of new fees and costs proceedings arising from the three-judge panel's August 4, 2009 Opinion and Order and because there is a question as to whether that Opinion and Order

-1-

MOT. FOR ORDER DIRECTING THAT PLS. COMPLY WITH PERIODIC FEES ORDER IN SUBMITTING COSTS, FEES OR EXPENSES ARISING FROM 3-JUDGE PANEL PROCEEDINGS – CASE NO. CIV S 90-0520 LKK-JFM

[310499-1]

triggers the Rule 54 deadlines[1] regarding attorneys' fees and costs.[2]

An order directing that any claims for costs, fees and expenses be filed before the single judges is legally correct because Congress did not require or authorize the use of three-judge panels for attorneys' fees litigation under the Prison Litigation Reform Act (PLRA), 18 U.S.C. 3626(a)(3). Three-judge panels exist to decide the issues reserved for them by statute; ancillary matters, such as applications for attorneys' fees, are properly brought before the single judge. *Public Service Comm'n v. Brashear Freight Lines, Inc.,* 312 U.S. 621, 625 (1941) ("motion for damages raised questions not within the statutory purpose for which the two additional judges had been called" and was therefore appropriately before the single judge); *Bond v. White*, 508 F.2d 1397, 1400-1401 (5th Cir. 1975) (appropriate to remand ancillary matters, including attorneys' fees, to the single judge once a three-judge court has issued its decision); *Mader v. Crowell*, 506 F. Supp. 484, 485-486 (D.C. Tenn. 1981) (although action was tried before a three-judge court, attorneys' fees issue properly determined by the single judge); *see also, Rosado v. Wyman,* 397 U.S. 397, 402-403 (1970) (single courts do not lose jurisdiction over issues outside of three-judge mandate); *Hamilton v. Nakai*, 453 F.2d 152, 161 (9th Cir. 1972).

The initiation of costs and fees proceedings in the three-judge court would be

---

[1] Under Rule 54(d) of the Federal Rules of Civil Procedure, the deadlines are triggered by a "judgment," defined in Rule 54(a) as "an order from which an appeal lies." The August 4, 2009 order is not appealable. *See Gunn v. University Committee to End the War in Vietnam,* 399 U.S. 383 (1970) (dismissing appeal of three-judge panel order for lack of jurisdiction where the order did not constitute grant of interlocutory or permanent injunction); *Goldstein v. Cox*, 396 U.S. 471 (1970) (same); *Republic National Gas Co. v. State of Oklahoma,* 334 U.S. 62 (1948) (dismissing appeal of order to develop a plan where no irreparable harm is threatened during the plan developing period and where the features of the final plan may causes changes in the issues on appeal); *cf. Brown Shoe Co. v. United States,* 370 U.S. 294, 304-311 (1962) (holding antitrust order requiring plan of divestiture to be appealable where order separately enjoined certain business activities, and where uncertainty in the absence of review would affect the market for divested assets).

[2] Defendants have taken the position, in their opposition to Plaintiffs' pending fee motions, that all fees matters should be litigated before the three-judge court.

unnecessary and wasteful because the issues of entitlement to prevailing party attorneys' fees and costs have already been briefed and submitted to the underlying *Coleman* and *Plata* district courts. *See Coleman* Docket Nos. 2007, 2708-2710, 2733, 2741-2743, 2821, 2823, 2824, 2865, 2884, 2932, 3006, 3026, 3027, 3576-3587, 3590, 3593, 3594, 3618-3619; *Plata* Docket Nos. 1588, 1847, 1981, 1984, 2193. Fees and costs issues have been briefed in the *Coleman* and *Plata* district courts under orders of the respective courts requiring quarterly submission of any claimed post-judgment fees and costs, and submission of disputed items to the district courts. Both courts have taken all fees and costs matters regarding proceedings before the three-judge panel under submission and have not issued any orders awarding or denying fees and costs for work performed before the three-judge panel.

Presentation of the fees and costs claims to the *Coleman* and *Plata* courts causes no danger of double-billing or duplication, because Plaintiffs' counsel have strictly apportioned work between *Plata* and *Coleman*, with no duplication. *See Coleman* Docket No. 3619 at 1:27-2:14 (Reply Declaration of Amy Whelan In Support of Motion to Compel Disputed Fees and Costs).

An order extending or changing the time to apply for costs, attorneys' fees, and expenses is within the authority of the district court. Rule 54(d)(1) of the Federal Rules of Civil Procedure does not set a deadline for presentation of a bill of costs. E.D. Civil L.R. 54-292(a) sets a deadline of 10 days (calculated as court days under Civil L.R. 6-136(b)). This Court may issue orders "supplementary to or contrary to" the provisions of Local Rules unless such orders would be contrary to the Federal Rules of Civil Procedure. E.D. Civil L.R. 1-102(d). Because the bill of costs deadline exists only in the Local Rules, the order sought here is within the Court's authority. As to attorneys' fees and expenses, the court has authority under Fed. R. Civ. P. 54(d)(2)(B) to issue orders changing deadlines and procedures. *See also*, Fed. R. Civ. P. 54(d)(2)(D) (providing for special procedures to resolve fee-related issues, and referrals to special masters or magistrates).

In light of the foregoing, the Plaintiff class respectfully requests that this Court (1) direct Plaintiffs and their counsel to present any claims for costs, attorneys' fees and

MOT. FOR ORDER DIRECTING THAT PLS. COMPLY WITH PERIODIC FEES ORDER IN SUBMITTING COSTS, FEES OR EXPENSES ARISING FROM 3-JUDGE PANEL PROCEEDINGS – CASE NO. CIV S 90-0520 LKK-JFM

[310499-1]

1  expenses incurred in the three-judge panel proceeding, and properly claimed for work on
2  behalf of the *Coleman* class, via the periodic fees order in the above-captioned case; and, (2)
3  ordering that the deadlines and requirements of the periodic fees order shall supersede the
4  deadlines and requirements set forth in Rule 54(d) of the Federal Rules of Civil Procedure and
5  E.D. Civil L.R. 54-292 and 54-293.

6  Dated: August 18, 2009                    Respectfully submitted,

7                                             ROSEN, BIEN & GALVAN, LLP

8                                             By: */s/ Amy Whelan*
9                                                 Amy Whelan
10                                                Attorney for *Coleman* Plaintiffs

-4-
MOT. FOR ORDER DIRECTING THAT PLS. COMPLY WITH PERIODIC FEES ORDER IN SUBMITTING COSTS, FEES OR EXPENSES ARISING FROM 3-JUDGE PANEL PROCEEDINGS – CASE NO. CIV S 90-0520 LKK-JFM

[310499-1]