EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
JEFFREY STEELE, State Bar No. 124668
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE REQUEST FOR EXTENSION OF TIME TO COMPLETE STAFFING PLAN** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

/ / /

/ / /

/ / /

1

Defs.' Reply to Pls.' Opp'n. to Defs.' Req. for Ext. of Time to Compl. Staffing Plan
(2:90-cv-00520 LKK JFM P)

| Acronym List ||
| --- | --- |
| **Term** | **Definition** |
| **CDCR** | California Department of Corrections and Rehabilitation |
| **DOF** | Department of Finance |
| **OFS** | Office of Fiscal Services |

2

Defs.' Reply to Pls.' Opp'n. to Defs.' Req. for Ext. of Time to Compl. Staffing Plan
(2:90-cv-00520 LKK JFM P)

**INTRODUCTION**

Defendants requested an extension of time to complete their staffing allocation plan. In support of their request, Defendants presented evidence that they worked diligently with *Coleman* expert Jeffrey Metzner, M.D., to develop their plan by the end of August 2009. However, CDCR's Office of Fiscal Services (OFS) and the California Department of Finance (DOF) still need time to review and finalize the plan. Both groups are critical to CDCR's potential success in pursuing budget changes needed to implement the plan and, ultimately, meet the inmates' mental health needs. Moreover, the requested extension will not prejudice Plaintiffs because the short-term and intermediate-term projects proposed by Defendants in their May 26, 2009 bed plan will primarily be implemented during the 2009-10 fiscal year and staffing for CDCR's Mental Health Program for the 2009-10 fiscal year is already included in the Budget Act of 2009. Plaintiffs only make the accusation that Defendants could not complete the plan because "of either poor planning or a late decision by the Administration to delay or cut back on the staffing request." Because Plaintiffs offer no evidence to support this accusation, the Court should grant Defendants' request for an additional thirty days so OFS and DOF can review and finalize the plan.

Plaintiffs also include in their opposition a request for a copy of Defendants' staffing plan and the data upon which the plan relied, by September 4, 2009. But this request is inappropriate and this Court should deny it. They also include four extraneous matters relating to the short-term and intermediate-term projects described in Defendants' May 26, 2009 bed plan. This Court should deny these requests as irrelevant. In addition, the requests are beyond the scope of this Court's June 18, 2009 Order, and Plaintiffs are obligated to file a correctly noticed motion if they want such information.

**ARGUMENT**

**A. Good Cause Exists to Extend Defendants' Time to Complete Their Staffing Allocation Plan.**

Good cause exists to grant Defendants' request for an additional thirty days to complete their staffing allocation plan. In support of their request, Defendants presented sworn testimony

3

that they worked diligently for the past two months with Dr. Metzner to try and complete their plan by the end of August 2009. (Docket No. 3651-2 ¶¶ 5-10.) However, OFS and DOF, both critical to CDCR's potential success in pursuing budget changes needed to implement the plan and, ultimately, meet the inmates' mental health care needs, still need time to review and finalize the plan. (*Id.* ¶ 10; Docket No. 3651-3 ¶¶ 5–6; Docket No. 3651-4 ¶¶ 5–6.) Because Plaintiffs did not submit any contrary evidence, the Court should grant Defendants' request.

Plaintiffs improperly accuse Defendants "of either poor planning or a late decision by the Administration to delay or cut back on the staffing request." (Docket No. 3652, p. 4:4–5.)[1] But Plaintiffs offer no evidence to support this accusation. Moreover, Defendants' evidence is to the contrary. CDCR leadership, for the first time, has developed a comprehensive staffing model based on ratios; that is, proposed staff to number of inmates, staff to number of reception intakes, or staff to number of beds, depending on the specific service provided. (Docket No. 3651-2 ¶ 6.) This process has required collaboration with key stakeholders, including the *Plata* Receiver's office. (*Id.* ¶¶ 6–8.) Moreover, CDCR has developed the plan to include staffing ratios for each of CDCR's mental health programs and administrative functions, not just *Coleman* programs or those related to the short-term and intermediate-term projects. (*Id.* ¶¶ 6-9.) Thus, this process has required a significant amount of time, manpower, and collaboration with the *Plata* Receiver's office, and has been a key focus of the Chief Deputy Secretary of the Division of Correctional Health Care Services, Sharon Aungst. In sum, it is Defendants' good faith desire to see the fruit of their labor—they want the ability to defend the plan before the Legislature and, ultimately, meet the inmates' mental health care needs—that has led to this request.

Plaintiffs also incorrectly argue that OFS and DOF's concerns could have been addressed as part of the meetings with Dr. Metzner. (Docket No. 3652, p. 5:7 21.) But Plaintiffs offer no evidence to support their argument. On the other hand, OFS Deputy Director David Lewis and

---

[1] Defendants filed their request on Friday, August 28, 2009. (Docket No. 3651.) Plaintiffs criticize Defendants for bringing their request "on the last day before their staffing plan is due…." (Docket No. 3652 , p. 5:6-7.) Yet, by Plaintiffs' counsel's own admission, they were aware of the request as early as Tuesday, August 25, 2009, and Defendants continued to provide them with information through Thursday afternoon, August 27, 2009. (Docket 3652-3 ¶¶ 2, 7–8.)

4

Defs.' Reply to Pls.' Opp'n. to Defs.' Req. for Ext. of Time to Compl. Staffing Plan
(2:90-cv-00520 LKK JFM P)

DOF Principal Program Budget Analyst Jay Sturges have presented sworn testimony that they could not review and finalize the plan by the end of August 2009. (Docket No. 3651-3 ¶¶ 4-5; Docket No. 3651-4 ¶¶ 4–5.) In addition, they testified that it may take a combined total of at least four additional weeks for OFS and DOF to review and finalize the plan. (*Id.* ¶ 6; *Id.* ¶ 6.) OFS and DOF's review and finalization of the plan, once CDCR mental health and administrative staff finalize the staffing ratios, are critical to CDCR's potential success in pursuing budget changes needed to implement the plan. (*Id.* ¶¶ 4-6.)   Hence, because the last meeting occurred prior to the end of August 2009; that is, on August 25, 2009, neither OFS nor DOF could have had their concerns addressed during the course of the meetings. (Docket No. 3561-2 ¶¶ 9–10.)

Good cause therefore exits to grant Defendants' request for an additional thirty days to complete their plan.

**B.    Plaintiffs' Request For a Copy of Defendants' Existing Staffing Plan, With the Data Upon Which the Plan Relied, is Inappropriate.**

Plaintiffs make a request for a copy of Defendants' draft staffing allocation plan, with the data upon which the plan relied, by September 4, 2009. (Docket No. 3652, p. 6:21-23, 7:14-27.) Plaintiffs' request is inappropriate. A court-approved process is in place for Defendants' development of their plan. Specifically, on June 18, 2009, this Court ordered that "defendants shall complete a staffing plan by the end of August 2009," and that the "plan shall be developed under the guidance of the Special Master following the model that was used to develop the activation schedules and the short-term and intermediate plan before the court." (Docket No. 3613 ¶ 3.d.) Defendants are working diligently to complete their staffing allocation plan, and have been working closely with Dr. Metzner during the entire process. (Docket No. 3651-2 ¶¶ 5-10; Docket No. 3651-3 ¶¶ 4-6; Docket No. 3651-4 ¶¶ 4-7.) And contrary to Plaintiffs' accusation, there is no reason to suggest that Defendants will not continue working with Dr. Metzner during the review and finalization process. (*See* Docket No. 3652, p. 7:10-13.) Thus, it is inappropriate for Plaintiffs to attempt to use Defendants' request for an extension to circumvent the process this Court has already set up to develop the plan.

5

Defs.' Reply to Pls.' Opp'n. to Defs.' Req. for Ext. of Time to Compl. Staffing Plan
(2:90-cv-00520 LKK JFM P)

Plaintiffs argue that production of the staffing plan, with the underlying data upon which the plan relied, will help prevent unnecessary delay because it gives them an opportunity to present comments to the plan before it is submitted to the Court and will assist them in commenting on the adequacy of the plan. (Docket No. 3652, p. 7:14-27.) But, again, the process this Court has already set up to develop the plan does not involve the Plaintiffs. Moreover, it does not grant them any right whatsoever to comment on the plan. (Docket No. 3613 ¶ 3.d.)

### C. The Court Should Deny Plaintiffs' Requests Concerning Staffing of the Short-Term and Intermediate-Term Projects.

Plaintiffs' opposition also includes four extraneous matters relating to staffing the short-term and intermediate-term projects. The Court should deny these requests because they are not relevant to Defendants' request for a thirty-day extension of time. Specifically, the extension will not adversely impact CDCR's ability to staff the short-term and intermediate-term projects proposed by Defendants in their May 26, 2009 bed plan as those plans fall into different annual budget processes. (Docket No. 3651-4 ¶ 7; *see also* Docket No. 3610, p. 9:8-13.) The resources for CDCR's Mental Health Program for the 2009-10 fiscal year (July 1, 2009, through June 30, 2010) have already been appropriated in the Budget Act of 2009. (*Id.*)

In addition, the requests reach beyond the scope of this Court's June 18, 2009 Order. Thus, Plaintiffs' opposition is not the correct venue to request this information, and they are obligated to file a correctly noticed motion if they want such information.

/ / /

/ / /

/ / /

6

**CONCLUSION**

Because good cause exists to grant Defendants' ex parte request, Defendants respectfully request that this Court grant them an additional thirty days to complete their staffing allocation plan so that OFS and DOF have adequate time to review and finalize the plan.

Dated: September 3, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ *Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30785818.doc

7

Defs.' Reply to Pls.' Opp'n. to Defs.' Req. for Ext. of Time to Compl. Staffing Plan
(2:90-cv-00520 LKK JFM P)