EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DANIELLE F. O'BANNON
KYLE A. LEWIS
Deputy Attorney General
State Bar No. 201041
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5724
 Fax: (415) 703-5677
 E-mail: Kyle.Lewis@doj.ca.gov

JERROLD C. SCHAEFER – 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. WOLFF – 240280
RENJU P. JACOB – 242388
HANSON BRIDGETT LLP
 425 Market Street, 26th Floor
 San Francisco, CA 94105
 Telephone: (415) 777-3200
 Facsimile: (415) 541-9366
 E-mails:
  jschaefer@hansonbridgett.com
  pmello@ hansonbridgett.com
  ajohnson@ hansonbridgett.com
  swolff@ hansonbridgett.com
  rjacob@ hansonbridgett.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>              Plaintiffs,<br>       v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>              Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>              Plaintiffs,<br>       v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>              Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO CONSULT WITH PLAINTIFFS AND PRODUCE DATA RELEVANT TO POPULATION REDUCTION PLAN**<br><br>**To: Three-Judge Court** |

1

Defs.' Opp'n to Pls.' Mot. Compel Defs. Consult and Produce Data  (CIV S-90-0520 LKK JFM, C 01-01351 TEH)

**INTRODUCTION**

Plaintiffs' motion to compel must be denied. Plaintiffs' request that Defendants provide them with information and accelerate a meeting regarding the State's population reduction plan is premature and will not result in meaningful consultation among the parties or hasten the creation of a plan. Plaintiffs' motion to compel is burdensome, intrusive, and frivolous, and serves no other purpose but to harass Defendants. In clear disregard of procedural rules, Plaintiffs filed their motion barely twenty-four hours after Defendants invited their presence at a meeting to discuss prison plans that are still being formed, and demanding documents and action to which they are not currently entitled. The Court should deny Plaintiffs' motion and permit Defendants to continue developing their plan in an unfettered manner.

**STATEMENT OF FACTS**

On August 4, 2009, the Three-Judge Court issued an order finding that overcrowding was the primary cause of unconstitutional medical and mental health care, and directing Defendants to provide a "population reduction plan" by September 18, 2009, that will reduce the population of the California Department of Corrections and Rehabilitation's adult institutions to 137.5% of its combined design capacity over the next two years. (Aug. 4, 2009 Order and Opinion at 183.) In preparing the "population reduction plan," Defendants are to consult with the interested parties, and if such consultation does not resolve objections to the proposed population plan, the parties may file written objections within 20 days of the plan's filing. (*Id.*) Defendants appealed the Three-Judge Court's order and filed an application to stay implementation of the order, including the creation of the plan, with the U.S. Supreme Court.

Unless and until the U.S. Supreme Court stays the creation of the Three-Judge Court-ordered plan, Defendants are moving forward to consult with the parties as required by the Three-Judge Court. Defendants recently invited Plaintiffs to meet with them at CDCR Headquarters on September 14, 2009 regarding the plan. (Pls.' Mot to Compel Defs. To Consult at Ex. B.) Plaintiffs responded to Defendants' invitation stating that "we do not think the proposed September 14 meeting will be meaningful," and demanded an earlier meeting date as well as a host of information and documents regarding Governor Schwarzenegger's recent legislative

2

Defs.' Opp'n to Pls.' Mot. Compel Defs. Consult and Produce Data  (CIV S -90-0520 LKK JFM, C 01-01351 TEH)

proposals.  (*Id.*)  Plaintiffs stated that if they did not receive Defendants' agreement to their demands within 20 hours, they would seek assistance from the court.  (*Id.*)

On August 2, 2009, just two hours after Plaintiffs' self-imposed deadline passed, and twenty-four hours after Defendants invited them to meet regarding the plan, Plaintiffs filed a motion to compel with this Court.  (Pls.' Mot to Compel Defs. to Consult.)  By their motion, Plaintiffs seek an order compelling Defendants to (1) immediately provide Plaintiffs with the data necessary to analyze Defendants' potential population reduction measures, (2) immediately provide Plaintiffs notice of the specific measures Defendants are actively considering, (3) provide Defendants' proposed "population reduction plan" as soon as possible but no later than twenty-four hours in advance of the meeting, and (4) to schedule the initial meeting with Plaintiffs as early as possible, but no later than September 10.  (*Id.* at 6.)

## ARGUMENT

### I. PLAINTIFFS' MOTION TO COMPEL IS PREMATURE AND UNWARRANTED GIVEN THE CONTINUING ACTIONS BY THE STATE LEGISLATURE.

Plaintiffs' motion to compel is inappropriate.  Defendants are currently forming their plan and have set a meeting regarding the plan at an appropriate time in light of continuing budget and legislative negotiations by the State.  That Plaintiffs disagree with the date Defendants have selected for the meeting, that Defendants have not supplied Plaintiffs with their plan more than two weeks before it is due, and that Plaintiffs demand information related to *potential* population reduction measures are not appropriate matters to raise in a motion to compel, particularly where the plan is still being developed.

It is common knowledge that, over the past few weeks, the Administration and the California Legislature have proposed, negotiated, and/or voted upon various budget reduction packages that would effect the California prison population.  These discussions are continuing and may continue through the end of the legislative session on September 11, 2009.  Realizing that legislative action would likely impact their plan, Defendants scheduled the meetings with the interested parties on the Monday following the Legislature's end—September 14th.  (Pls.' Mot. Compel at Ex. B.)  Defendants properly informed Plaintiffs that their plan was under

3

development and that a meeting to discuss the plan would be most productive if scheduled on September 14, 2009. (*Id.*) Defendants' actions are proper.

Defendants cannot be expected to complete their plan before the end of the legislative session. Plaintiffs' insistence that Defendants schedule a meeting on September 10th rather than September 14th is nothing short of harassment, and their motion to compel should be denied.[1]

## II. COMPLYING WITH PLAINTIFFS' REQUEST FOR DATA IS BURDENSOME, OPPRESSIVE, AND NOT LIKELY TO FOSTER MEANINGFUL CONSULTATION.

At a time when Defendants are preparing a plan, Plaintiffs have made extensive and onerous information demands on Defendants that will not result in meaningful consultation among the parties. Defendants have neither the obligation nor the resources to provide Plaintiffs with reams of information Plaintiffs deem relevant so their expert can prepare a plan before Defendants even have an opportunity to comply with the Court's order. Forcing Defendants to spend time and resources complying with Plaintiffs' demand for data is unduly burdensome and their request should be denied.

In addition, Plaintiffs claim that they are seeking "basic demographic information about the current prisoner and parolee population" is misleading. (Pls.' Mot. Compel at 5.) The information sought is anything but basic. On the contrary, it includes "the offense, sentence, classification, risk assessment, and demographics of prisoners who were admitted and released from prison over the last 12 months, those currently in prison, those currently on parole, and those released from parole in the last 12 months." (*Id.* at 4.) This data request is massive, seeking information stored in numerous databases covering well over 200,000 felons, and will require

---

[1] Plaintiffs' motion also indicates a misunderstanding of the Three-Judge Court's August 4, 2009 order. The Court's order states that Defendants shall consult with the parties in preparing their plan, and that "[s]hould such consultation fail to resolve any objections to the proposed population reduction plan, plaintiffs . . . shall file their objections no more than 20 days after defendants file their proposed plan, and defendants shall file responses to such objections no more than 10 days thereafter." (Aug. 4, 2009 Order at 183.) In their motion, Plaintiffs contend that the September 14th meeting date is too close to the filing deadline "to allow for meaningful revisions given defendants' cumbersome decision-making process." (Pls.' Mot. to Compel at. 4.) This presupposes that Plaintiffs will have revisions, and if so, that they will become part of the plan submitted to the Court. Nothing in the Court's order states that Defendants are obligated to accept Plaintiffs' revisions to their plan. If Plaintiffs have objections or revisions to the plan, the Court has created a procedure for addressing those concerns after the plan is filed.

4

Defs.' Opp'n to Pls.' Mot. Compel Defs. Consult and Produce Data  (CIV S -90-0520 LKK JFM, C 01-01351 TEH)

considerable resources to gather.  Therefore, Plaintiffs' request is wholly unwarranted and the Court should not issue an order compelling production.

### III. THIS DISPUTE IS SYNONYMOUS WITH A DISCOVERY DISPUTE AND THUS PLAINTIFFS' MOTION IS PROCEDURALLY DEFECTIVE AS THEY HAVE FAILED TO COMPLY WITH LOCAL RULES IN ADVANCE OF MOVING TO COMPEL.

In essence, Plaintiffs have made a motion to compel the production of documents. However, the Three-Judge Court's order does not require Defendants to produce any documents to Plaintiffs other than the plan itself.  With no basis in the Court's order, Plaintiffs' demands should be viewed as discovery requests and their motion to compel the result of a discovery dispute.  Examined as such, Plaintiffs failed to follow the procedures set out in Eastern District Local Rule 37-251 governing discovery disputes before filing their motion to compel, and their motion should be denied.

Under Local Rule 37-251, a party dissatisfied after a meet and confer regarding a discovery dispute shall draft with the participation of the other interested parties a Joint Statement regarding the discovery disagreements, which shall specify with particularity the following matters:

(1) The details of the conference or conferences;

(2) A statement of the nature of the case and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing;

(3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.  Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full.

Accordingly, Plaintiffs should have drafted a joint statement with the participation of the Defendants setting forth the contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.  In the alternative, Plaintiffs could have simply waited until the Defendants provided them with their proposed plan.  Plaintiffs failed to do either.

Instead, after a cursory meet and confer process consisting of one email and a twenty hour self-created deadline (Pls.' Mot. Compel at Ex. B), Plaintiffs filed a motion to compel production of a plan that is still being developed, production of voluminous documents that may not be

5

related to the ultimate plan, and the earlier scheduling of a meeting among the parties. Clearly, the procedures set forth in Local Rule 37-251 were not followed. Because Plaintiffs failed to follow these procedural requirements, their motion to compel should be denied.

## CONCLUSION

For the reasons stated above, this Court should deny Plaintiffs' motion to compel because it is premature, harassing, and poses an undue burden on Defendants.

Dated: September 8, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ Kyle A. Lewis

KYLE A. LEWIS
Deputy Attorney General
*Attorneys for Defendants*

HANSON BRIDGETT LLP

/s/ Paul B. Mello

Paul B. Mello
*Attorneys for Defendants*

SF2007200670
20220584.doc

6

Defs.' Opp'n to Pls.' Mot. Compel Defs. Consult and Produce Data  (CIV S -90-0520 LKK JFM, C 01-01351 TEH)