EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
JONATHAN L. WOLFF, State Bar No. 193479
Senior Assistant Attorney General
JEFFREY STEELE, State Bar No. 124688
DEBBIE VOROUS, State Bar No. 166884
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1937
 Fax: (916) 324-5205
 E-mail: Jeff.Steele@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVSON

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER DIRECTING THAT PLAINTIFFS COMPLY WITH PERIODIC FEES ORDER**<br><br>Date:       September 28, 2009<br>Time:       10:00 a.m.<br>Courtroom: Courtroom 4<br>Judge       Hon. Lawrence K. Karlton |

Plaintiffs' motion for an order[1] directing that any claims for costs, attorneys' fees, or expenses incurred in connection with the Three-Judge Panel proceedings be submitted through the periodic fees processes in this matter and *Plata v. Schwarzenegger*, Case No. C 01-01351 TEH (N.D. Cal.), must be denied because this Court's jurisdiction does not extend to fee disputes arising from the Three-Judge Panel proceedings.

---

[1] In light of Defendants' notice of appeal and application for stay of the Three-Judge Panel's order in the United States Supreme Court, Defendants intend to file a motion in this Court to stay all fees and costs arising out of the Three-Judge Panel proceedings pending a final decision by the Supreme Court.

1

**STATEMENT OF FACTS**

On July 23, 2007, the Court granted Plaintiffs' request to convene a three-judge panel to determine whether overcrowding was the primary cause of alleged unconstitutional medical and mental health care. (Docket No. 2320.) The Three-Judge Panel issued an order on August 4, 2009, finding that overcrowding was the primary cause of unconstitutional medical and mental health care, and ordering Defendants to provide to the Three-Judge Panel within 45 days a population reduction plan that will reduce the population of the California Department of Corrections and Rehabilitation's adult institutions to 137.5% of its combined design capacity. (Docket No. 3641, p. 183.) Defendants filed a notice of appeal and application for stay of the Three-Judge Panel's order in the U.S. Supreme Court.

**ARGUMENT**

**I. THIS COURT LACKS JURISDICTION TO DETERMINE FEES INCURRED AFTER THE THREE-JUDGE PANEL WAS CONVENED**

The proper forum for Plaintiffs' motion to seek their attorneys' fees for work incurred for the Three-Judge Panel is before the Three-Judge Panel itself. When the panel was convened, the jurisdiction transferred to the panel for all matters related to that proceeding. The Three-Judge Panel has not remanded the matter and, because the Court has ordered the parties to submit further pleadings, the proceeding continues. *See Bond v. White*, 508 F.2d 1397, 1400-01 (5th Cir. 1975). Therefore, any motion for fees and costs must be filed before the court hearing the proceeding, which in this case is the proceeding before the Three-Judge Panel.

The cases cited by Plaintiffs in support of their motion are inapposite. In *Public Service Comm'n v. Brashear Freight Lines, Inc.,* 312 U.S. 621 (1941), a case involving trucking taxes, the statutory duties of the specially constituted three-judge court had been fully performed before a motion to assess damages was filed. *Id.* at 625. The Supreme Court found that because the statutory duties had been completed *before* the motion to assess damages was filed, the motion to assess damages should have been brought before the underlying single-judge case. *Id.* Similarly, in *Bond v. White*, 508 F.2d 1397 (5th Cir. 1975), the Court of Appeals determined in that voting-rights case that a motion for attorneys' fees was properly brought before the single-judge in the

2

1 underlying case because the three-judge panel had already remanded the case back to the single-
2 judge court. *Id.* at 1400. In *Mader v. Crowell*, 506 F. Supp. 484 (D.C. Tenn. 1981), the single-
3 judge district court in a reapportionment case found that the issue of attorneys' fees was properly
4 before the court because the three-judge court had already dissolved. *Id.* at 485. In sum, none of
5 the cases cited by Plaintiffs support the proposition that the issues of attorneys' fees in PLRA
6 cases, particularly those in which two cases have been combined for hearing before a three-judge
7 panel, should be heard in the underlying cases.

8 Plaintiffs attempt to rely on the *Coleman* attorneys' fees protocol as a basis for jurisdiction
9 over the Three-Judge Panel fees. This process was created within the forum and jurisdiction of
10 the *Coleman* district court for the purpose of addressing the post-trial monitoring of *Coleman*
11 compliance efforts.

12 Unlike the underlying case, the Three-Judge Panel proceedings concern a separate and
13 distinct issue arising out of the Prison Litigation Reform Act. Plaintiffs' prevailing party status in
14 the underlying matter applies only to the underlying Coleman injunction and cannot be stretched
15 to include the distinct issue of whether Plaintiffs have met the legal standard for a prisoner-release
16 order under consideration in the Three-Judge Panel trial. Because Plaintiffs are in the separate
17 forum of the Three-Judge Panel, Plaintiffs must be bound by that forum's procedure for
18 determining rates and hearing attorneys' fee requests.

19 A finding that the Court lacks jurisdiction to hear this motion will serve the interest of
20 judicial economy and do justice. Attempting to litigate fees related to the Three-Judge Panel
21 proceeding before the individual judges in the *Coleman* and *Plata* cases could lead to inconsistent
22 rulings in the two courts, duplicative fees, and a windfall to Plaintiffs' counsel. In addition, the
23 agreed-upon fee rates in the *Plata* Stipulated Injunction are different than those in *Coleman*.
24 Plaintiffs should not be able to choose the forum that will enable them to claim higher rates,
25 thereby depriving defense counsel of the ability to litigate the propriety of those rates. Finally,
26 litigating fees related to the Three-Judge Panel proceeding before the *Coleman* or *Plata* judges
27 disregards the statutory role of the third judge on the panel, Judge Reinhardt of the Ninth Circuit,
28 ///

3

Defs.' Opp'n to Pls.' Mot. for Order Directing that Pls. Comply with Periodic Fees Order
(2:90-cv-00520 LKK JFM P)

1  and deprives him of the ability to determine the propriety of fees alleged to have been incurred in
2  trial before him.
3      The Three-Judge Panel, like any trial court, is in the best position to determine the
4  reasonableness of the incurred fees in light of the result obtained. With all three trial judges
5  hearing the attorneys' fee motion, there is no risk of inconsistent rulings between the *Coleman*
6  and *Plata* district courts.
7      Thus, this Court should deny Plaintiffs' motion for lack of jurisdiction because only the
8  Three-Judge Panel has jurisdiction to determine entitlement to attorneys' fees related to the
9  Three-Judge Panel proceeding.

10  **II.   PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED.**

11      Federal Rule of Evidence 201(b) permits the Court to take judicial notice of facts that are
12  not subject to reasonable dispute because they are either: (1) generally known within the
13  territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by
14  resort to sources whose accuracy cannot reasonably be questioned. Judicial notice of proceedings
15  in other courts is appropriate "if those proceedings have a direct relation to the matters at issue."
16  U.*S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.
17  1992) (internal quotation marks omitted). In *Borneo*, the district court found a "direct relation"
18  between a prior state court proceeding and the matter before it because the state court proceeding
19  determined the action before the district court by application of the doctrine of res judicata. *Id*. at
20  248-49.
21      Judge Henderson's ruling in *Plata v. Schwarzenegger,* USDC-ND C01-1351, is not directly
22  related to this matter. It does not determine the rights of the parties in this case, and has no
23  collateral estoppels or res judicata effect. The only "fact" established by Judge Henderson's
24  ruling is that he accepted Plaintiffs' arguments. That conclusion is not binding on this Court. For
25  this reason, while the fact of the ruling is not reasonably subject to dispute, the mere fact of the
26  ruling is also not relevant. The conclusions underlying Judge Henderson's ruling are most
27  certainly subject to dispute, and therefore not a proper subject for judicial notice.
28  / / /

4

Defs.' Opp'n to Pls.' Mot. for Order Directing that Pls. Comply with Periodic Fees Order
(2:90-cv-00520 LKK JFM P)

In truth, Plaintiffs seek to cite Judge Henderson's ruling as precedent that this Court should follow. This Court may or may not reach the same conclusion as the *Plata* court, but it would be improper to use judicial notice to graft the ruling of another court onto this case without proper consideration of the legal arguments proffered by the parties. For this reason, Plaintiffs' request for judicial notice should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for an order directing that they comply with the periodic fees order in this case in order to recover their fees in the Three-Judge Panel proceeding.

Dated: September 11, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ Jeffrey Steele*

JEFFREY STEELE
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30743642.doc

5

Defs.' Opp'n to Pls.' Mot. for Order Directing that Pls. Comply with Periodic Fees Order
(2:90-cv-00520 LKK JFM P)