EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JEFFREY STEELE, State Bar No. 124668
DEBBIE J. VOROUS, State Bar No. 166884
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: jeff.steele@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| Plaintiffs, | **DEFENDANTS' EX PARTE REQUEST FOR AN EXTENSION OF TIME TO FILE PROPOSED TRAINING PROGRAM** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

**INTRODUCTION**

On June 18, 2009, the Court ordered that Defendants develop a plan to train correctional and mental health staff at the institutions identified in Defendants' short- and intermediate-term plan, under the direction and subject to the approval of the Special Master. (Docket No. 3613, ¶ 4.) The plan is due to the Court on September 16, 2009, but Defendants request a 30-day extension of time to complete the plan. The Special Master's team and Plaintiffs' counsel do not object to this extension. (Aungst Decl. ¶ 14; Steele Decl ¶ 2.) Moreover, there is good cause to grant Defendants' request. Defendants have worked diligently with the *Coleman* expert Jeffrey Metzner, M.D., and his team, in an effort to complete the plan by September 16, 2009. The

1

California Department of Corrections and Rehabilitation (CDCR) mental health and administrative staff, in collaboration with CDCR's Division of Adult Institutions, has met regularly with the Special Master's team, developed lesson plans and other training materials, and expects to be able to submit the plan for Court approval shortly. However, CDCR requests a 30-day extension of time, to October 16, 2009, to submit their training plan. CDCR has retained an outside consultant, Dr. Jane Haddad to assist in developing the program. In addition, CDCR intends to conduct a dry run of the training program at California State Prison-Sacramento before the plan is submitted to the Court, so that any changes that the dry run reveals are necessary can be made before the program is submitted for approval. Because Dr. Haddad's contract could not be approved until August 26, 2009, and because the dry run at California State Prison-Sacramento could not be scheduled until September 23, 2009, CDCR requests an additional 30 days to submit the training program to the Court. (Aungst Decl. ¶¶ 9, 11.)

In addition, this extension will not prejudice members of the Plaintiff class, because it will not delay the opening of any of the short- and intermediate-term projects. (Aungst Decl. ¶ 13(d).) In fact, the extension will benefit the members of the class by ensuring that an effective training program is developed and implemented.

For these reasons, as set forth in more detail below, Defendants respectfully request that this Court grant them an additional 30 days to complete the training program, so that a product can be presented that meets the requirements set forth by the Special Master.

## ARGUMENT

**I.    GOOD CAUSE EXISTS TO GRANT DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO COMPLETE THE TRAINING PROGRAM.**

CDCR's mental health and administrative staff, in collaboration with the Division of Adult Institutions, have worked diligently for the past three months to develop the required training program. (Aungst Decl. ¶ 5.) Initially, CDCR believed that the training program developed for use at Salinas Valley State Prison could be modified to meet the Court's requirements. After consultation with the Special Master's team, however, CDCR realized that

2

Defs.' Ex Parte Req. for Ext. of Time to File Proposed Training Program    (2:90-cv-00520 LKK JFM P)

1  modification of the Salinas Valley program was infeasible, and a new training program needed to
2  be created from scratch. *Id*.

3  CDCR then set out to develop draft outlines and lesson plans to submit to the Special
4  Master's team. (Aungst Decl. ¶ 5.) Several iterations of the plans were presented. (Aungst Decl.
5  ¶ 6.) In addition, at the suggestion of the Special Master's team, CDCR reviewed materials
6  developed by other experts in the field. These included: (1) the Department of Mental Health's
7  "Therapeutic Strategies and Interventions" training; (2) videotaped vignettes created by Dr.
8  Charles Scott at the University of California at Davis, Department of Forensic Psychiatry ; and
9  (3) the Georgia Department of Corrections' Crisis Intervention Training. (*Id*.)

10  Despite their best efforts to develop an acceptable training program, Sharon Aungst, Chief
11  Deputy Secretary of the Division of Correctional Health Care Services and the official in charge
12  of this effort, realized by early August that CDCR could neither develop an acceptable plan nor
13  meet the Court's deadline without outside assistance. The reasons for this include: (1) the need to
14  develop, at the request of the Special Master's team, a program that relied less upon lectures and
15  more upon role-playing and videotaped scenarios that demonstrate techniques for dealing with
16  inmates with mental illness (Aungst Decl. ¶ 7); (2) the time involved in contacting the National
17  Alliance on Mental Illness, again at the suggestion of the Special Master's team, to recruit
18  speakers to talk about their experience with mental illness and the prison system (Aungst Decl. ¶
19  8); (3) CDCR's desire to ensure the effectiveness of the training by conducting a "dry run" at
20  California State Prison-Sacramento before submitting the plan to the Court for approval, so that
21  any necessary changes to the program could be made before it is presented to the Court (Aungst
22  Decl. ¶ 9); and (4) the number of revisions of CDCR's program outlines and lesson plans in
23  response to suggestions and recommendations by the Special Master's team (Aungst Decl. ¶ 10).
24  For these reasons, CDCR has hired Jane Haddad, Psy.D., of MHM, Inc. for assistance with
25  developing the training program. (Aungst Decl. ¶ 11.) Dr. Haddad has expertise in developing
26  training programs of this kind, having done so for the Ohio Department of Rehabilitation and
27  Correction during Ms. Aungst's employment there. *Id*. Dr. Jeffrey Metzner of the Special
28  Master's team and Plaintiffs' counsel are familiar with Dr. Haddad, and have expressed approval

3

at her participation in this project. *Id.* Dr. Haddad's contract with CDCR was approved on August 26, 2009, and runs through October 15, 2009. *Id.*

CDCR continued to work on the training program before Dr. Haddad's contract was approved. In addition to the efforts described above, CDCR has done the following to develop the program:

(a) identified movie clips and excerpts from the Frontline program, "The New Asylums" to be used as training tools;

(b) contacted movie distributors and the Public Broadcasting System to gain approval for these tools;

(c) set a schedule to train the trainers who will deliver the program on October 6 and 7, 2009; and

(d) developed a training schedule to implement training prior to the activation of short- and intermediate-term beds where possible. However, training implementation will not impede activation of beds even though training will not precede activation for projects at California State Prison-Corcoran and Salinas Valley State Prison. (Aungst Decl. ¶ 12.)

Because Dr. Haddad's contract could not be approved until August 26, 2009, and because the dry run at California State Prison-Sacramento could not be scheduled until September 23, 2009, CDCR requests an additional 30 days to submit the training program to the Court. (Aungst Decl. ¶¶ 9, 11.)

## II. THE PLAINTIFF CLASS WILL NOT BE PREJUDICED BY THIS EXTENSION.

As noted above, this extension will not affect the activation of beds in the short- and intermediate-term projects. (Aungst Decl. ¶ 12(d).) The Plaintiff class, therefore, will not be prejudiced. On the contrary, the class will benefit by the higher quality training CDCR staff will receive if CDCR is given this short extension to develop a high-quality training program. (Aungst Decl. ¶ 11.)

///

///

///

4

## CONCLUSION

Because good cause exists to grant Defendants' ex parte request, Defendants respectfully request that this Court grant them an additional 30 days to complete their training program so that a product can be presented that will meet with Court approval.

Dated: September 16, 2009

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ Jeffrey Steele*

JEFFREY STEELE
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30843562.doc

5

Defs.' Ex Parte Req. for Ext. of Time to File Proposed Training Program   (2:90-cv-00520 LKK JFM P)