| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>ALISON HARDY, Bar No. 135966<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>ERNEST GALVAN, Bar No. 196065<br>AMY WHELAN, Bar No. 215675<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN,

    Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

Case No. Civ S 90-0520 LKK-JFM

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER DIRECTING THAT PLAINTIFFS COMPLY WITH THE PERIODIC FEES ORDER IN SUBMITTING ANY COSTS, ATTORNEYS' FEES OR EXPENSES ARISING FROM THE THREE-JUDGE PANEL PROCEEDINGS**

Hearing Date: September 28, 2009
Time: 10:00 a.m.
Place: Courtroom 4
Judge: Hon. Lawrence K. Karlton

PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

UPDATED BACKGROUND FACTS AND PROCEEDINGS ................................................... 1

ARGUMENT ........................................................................................................................ 3

I. THIS COURT HAS JURISDICTION OVER PLAINTIFFS' MOTIONS FOR REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES ............................... 3

II. THE THREE-JUDGE PANEL PROCEEDINGS ARE NOT SEPARATE AND DISTINCT FROM THE COLEMAN CASE ........................................................ 5

III. THE SINGLE COURTS ARE IN THE BEST POSITION TO DECIDE FEE MOTIONS AND THERE IS NO RISK OF DUPLICATIVE OR "WINDFALL" PAYMENTS ................................................................................... 5

IV. DEFENDANTS DO NOT CONTEST THIS COURT'S DISCRETION AND AUTHORITY TO SET PROCEDURES AND DEADLINES FOR FEES AND COSTS APPLICATIONS ............................................................................. 7

V. JUDICIAL NOTICE OF THE PLATA COURT'S AUGUST 26, 2009 ORDER IS APPROPRIATE .................................................................................... 7

CONCLUSION ..................................................................................................................... 8

-i-

PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

# TABLE OF AUTHORITIES

Page

**Cases**

*Bond v. White*,
 508 F.2d 1397 (5th Cir. 1975) ............................................................................................... 4

*Hamilton v. Nakai*,
 453 F.2d 152 (9th Cir. 1972) ............................................................................................. 4, 5

*Mader v. Crowell*,
 506 F. Supp. 484 (D.C. Tenn. 1981) ................................................................................. 4, 5

*O.S.C. Corp. v. Apple Computer, Inc.*,
 792 F.2d 1464 (9th Cir. 1986) ............................................................................................... 6

*Public Service Comm'n v. Brashear Freight Lines, Inc.*,
 312 U.S. 621 (1941) ........................................................................................................... 3, 4

*Rosado v. Wyman*,
 397 U.S. 397 (1970) ........................................................................................................... 4, 5

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
 971 F.2d 244 (9th Cir. 1992) ................................................................................................. 8

**Statutes**

18 U.S.C. § 3626 ........................................................................................................................ 3

**Rules**

Cal. R. Prof'l Conduct 5-200 ..................................................................................................... 7

E.D. Civil L.R. 1-102 ................................................................................................................ 7

E.D. Civil L.R. 54-292 ........................................................................................................... 7, 8

E.D. Civil L.R. 54-293 .............................................................................................................. 8

E.D. Civil L.R. 6-136 ................................................................................................................ 7

E.D. Civil L.R. 83-180 .............................................................................................................. 7

Fed. R. Civ. P. 4 ........................................................................................................................ 6

Fed. R. Civ. P. 54 .................................................................................................................. 7, 8

Fed. R. Evid. 201 ...................................................................................................................... 8

-ii-
PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

**INTRODUCTION**

Defendants do not dispute that the single-judge *Coleman* and *Plata* courts have already received briefing on the entitlement to fees and costs incurred in the three-judge panel matter. They cannot dispute that requiring these issues to be briefed all over again before the three-judge panel would be a waste of time and resources for both the parties and the Court. They present no valid justification for this waste.

Nor can Defendants provide any answer for the simple fact that Congress limited the jurisdiction of the three-judge panel under the PLRA to "prisoner release orders." Congress did not provide jurisdiction over ancillary matters such as attorneys' fees. The law is clear that jurisdiction over ancillary matters remains in the single-judge courts.

Bereft of any valid arguments, Defendants are reduced to accusations that Plaintiffs are going to manipulate the applications to leverage the slight rates differential in *Plata* (where 10% of fees are compensated at market, not PLRA rates). Defendants have not and cannot present any basis for the assumption that Plaintiffs' counsel intends to commit such a fraud upon the Court. The assumption is unfounded and scurrilous.

The order that Plaintiffs seek is mandated by the limited jurisdiction of the three-judge panel, and is the right thing to do to avoid wasteful multiplication of fees and costs litigation. The companion motion filed the same day and requesting the same relief has already been granted by the *Plata* court.[1]

**UPDATED BACKGROUND FACTS AND PROCEEDINGS**

Because much has changed in the month since this motion was filed, Plaintiffs briefly recap the facts and procedures leading up to this motion.

During the pendency of the three-judge panel proceedings initiated in November 2006, the *Coleman* Plaintiffs timely submitted their fees and costs to Defendants pursuant to the orders regulating post-judgment fees. Fees and costs for the first three months of work, from

---

[1] The *Plata* Order is attached hereto as Appendix A.

October through December 2006, were the subject of a motion to compel that this court granted in September 2007, and which Defendants paid in full shortly thereafter. Defendants did not dispute entitlement to work performed from January 2007 through June 2007, and the parties resolved disputes regarding the amount of reasonable fees and costs for those periods without Court intervention. Since July 2007, however, Defendants have disputed entitlement to any compensation for fees and costs incurred for the three-judge panel proceedings, and have declined to meet and confer regarding the reasonableness of the amounts sought.

Plaintiffs have filed four motions before this Court seeking orders establishing entitlement to the disputed attorneys' fees and costs and directing the parties to meet and confer about the reasonableness of discreet time entries and expenses.[2] Those motions remain pending before this Court.

On August 4, 2009, the three-judge panel issued its Opinion and Order ruling in favor of the *Coleman* and *Plata* Plaintiff classes and ordering the state to create a plan to reduce the prison population over the next two years.

On August 18, 2009, Plaintiffs filed the instant motion for an order directing that any attorneys' fees and costs pertaining to *Coleman* incurred in the three-judge panel proceedings be governed by the procedures of the *Coleman* periodic fees order. *Coleman* Docket 3646. At the same time, the Plaintiffs in *Plata v. Schwarzenegger,* No. 01-1351 TEH (N.D. Cal.), filed an identical motion seeking the same order to govern fees and costs pertaining to *Plata*. *Plata* Docket 2207.

On August 26, 2009, the *Plata* court ruled that the *Plata* Plaintiffs are entitled to reasonable attorneys' fees and costs to seek crowding relief on behalf of the *Plata* class in the three-judge panel proceedings. *Plata* Docket 2210. That order applied to fees and costs incurred during the third and fourth quarters of 2007 and the first quarter of 2008.

On September 1, 2009, the *Coleman* Plaintiffs filed a request for judicial notice of the

---

[2] *See Coleman* Docket Nos. 2708-2710, 2733, 2741-2743, 2821, 2823, 2824, 2865, 2884, 2932, 3006, 3026, 3027, 3576-3587, 3590, 3593, 3594, 3618-3619.

-2-

PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

1  August 26, 2009 *Plata* order.  *Coleman* Docket 3654.

2  On September 4, 2009, Defendants applied to the Supreme Court of the United States for a stay of the August 4, 2009 order.  On September 11, 2009, the Supreme Court denied the stay, leaving in place the September 18, 2009 deadline for Defendants to submit a population reduction plan.

On September 16, 2009, the *Plata* court ruled that the *Plata* Plaintiffs are entitled to reasonable fees and costs for work incurred on the three-judge panel matter during the remainder of 2008.  *Plata* Docket 2235.  The *Plata* court also rejected Defendants' attempt to artificially cap paralegal rates at $135 per hour.  *Id.*  The *Plata* court temporarily stayed enforcement of all orders to pay the *Plata* class's attorneys' fees and costs incurred in the three-judge panel proceedings pending resolution of Defendants' motion to stay those orders, currently scheduled to be heard on October 19, 2009.  *Id.*

On September 18, 2009, Defendants submitted to the three-judge court a population reduction plan.

Also on September 18, 2009, the *Plata* court granted the companion to the instant motion, ruling that Plaintiffs' fees and costs pertaining to *Plata* incurred in the three-judge panel proceedings are governed by the procedures set forth in the *Plata* periodic fees order.  A copy of that order is attached hereto as **Appendix A** (*Plata* Docket 2236).

## ARGUMENT

### I.  This Court Has Jurisdiction over Plaintiffs' Motions for Reasonable Attorneys' Fees, Costs and Expenses

The Prison Litigation Reform Act limits the jurisdiction of the three-judge court to determining whether a "prisoner release" order (18 U.S.C. § 3626(a)(3)(B)), as that term is broadly defined by the statute, is necessary.  Congress did not give the three-judge panel jurisdiction over ancillary matters such as attorneys' fees and costs.  Rather, three-judge panels exist to decide the issues reserved for them by statute; ancillary matters may only be brought before the single judge.  *Public Service Comm'n v. Brashear Freight Lines, Inc.*, 312 U.S. 621, 625 (1941) ("motion for damages raised questions not within the statutory purpose for which

-3-

[317002-1]

PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

the two additional judges had been called" and was therefore appropriately before the single judge); *Bond v. White*, 508 F.2d 1397, 1400-1401 (5th Cir. 1975) (appropriate to remand ancillary matters, including attorneys' fees, to the single judge once a three-judge court has issued its decision); *Mader v. Crowell*, 506 F. Supp. 484, 485-486 (D.C. Tenn. 1981) (although action was tried before a three-judge court, attorneys' fees issue properly determined by the single judge); *see also*, *Rosado v. Wyman*, 397 U.S. 397, 402-403 (1970) (single courts do not lose jurisdiction over issues outside of three-judge mandate); *Hamilton v. Nakai*, 453 F.2d 152, 161 (9th Cir. 1972).

Defendants fail to cite any legal authority for their contention that this Court lacks jurisdiction over fees matters. Instead, Defendants vainly attempt to distinguish the controlling cases. They argue that the single courts in *Public Service Comm'n*, *Bond*, and *Mader* appropriately retained jurisdiction because the respective three-judge courts had completed its duties, had remanded an issue back to the single-judge court, or had dissolved. *Coleman* Docket 3669 at 2-3. While these facts are true, they did not have any bearing whatsoever on the rationale for the decisions. The holdings in these cases are grounded in Congress's limited jurisdictional mandates for three-judge courts. In *Public Service Comm'n*, the U.S. Supreme Court determined that the single-court had jurisdiction over a damages issue because that issue "raised questions not within the statutory purpose for which the two additional judges had been called" and was "therefore for the consideration of the District Court in the exercise of its ordinary jurisdiction." *Public Service Comm'n*, 312 U.S. at 625. In *Bond*, the Court ruled that fees were properly before the single judge not because the three-judge court had already remanded the case to the single court, but because the "ancillary" matter of attorneys' fees was outside of the three-judge court's mandate. *Bond*, 508 F.2d at 1400. Having a single federal judge determine attorneys' fees, rather than three federal judges, therefore "effectuat[ed] congressional policy under [the Voting Rights Act] yet minimize[d] the burden on the federal judiciary." *Id.* at 1401. Finally, the *Mader* Court did not retain jurisdiction over fees because, as Defendants claim, the three-judge court had already dissolved. It retained jurisdiction because attorneys' fees could "be determined by a single judge" and there was therefore "no

-4-

PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

need to reconvene the three-judge court." *Mader*, 506 F. Supp. at 486. Defendants do not address Plaintiffs' other cases at all. *See Rosado*, 397 U.S. at 402-403 (single courts do not lose jurisdiction over issues outside of three-judge mandate); *Hamilton*, 453 F.2d 152, 161 (9th Cir. 1972).

In short, attorneys' fees issues are outside of the three-judge court's statutory mandate and are thus appropriately before the single judges in accordance with the long-standing periodic fees process.

## II. The Three-Judge Panel Proceedings Are Not Separate and Distinct from the *Coleman* Case

Defendants also argue that the three-judge panel proceedings "concern a separate and distinct issue arising out of the Prison Litigation Reform Act" and are therefore outside the reach of the periodic fees process. *Coleman* Docket 3669 at 3. The three-judge court has already fully addressed and disposed of this argument in the context of Defendants' Motion for Summary Judgment. *See Coleman* Docket 3260 ("The PLRA itself squarely refutes Defendants' argument that this proceeding is a new action. The PLRA provisions governing three-judge court proceedings clearly demonstrate that these proceedings are a part of preexisting civil actions, not a new action." (Citations omitted)). Accordingly, the periodic fees order applies and Plaintiffs' counsel should be compensated for all work that is "useful and necessary to ensure compliance with the Decision and Order dated September 13, 1995." *Coleman* Docket 2326 (7/25/07 Whelan Decl.) Ex. B at ¶ 7.

## III. The Single Courts are in the Best Position to Decide Fee Motions and there is No Risk of Duplicative or "Windfall" Payments

The initiation of costs and fees proceedings in the three-judge court would be unnecessary and wasteful because Plaintiffs have already briefed and submitted the issues of entitlement to attorneys' fees and costs to the underlying *Coleman* and *Plata* district courts. Indeed, the *Plata* court has already ruled that the *Plata* Plaintiffs are entitled to reasonable attorneys' fees and costs for their work before the three-judge panel. *Plata* Docket Nos. 2210 and 2235. On September 18, 2009, the *Plata* court also granted the *Plata* Plaintiffs' motion

-5-
PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

1  seeking the exact relief sought here. That ruling is attached hereto as **Appendix A** (*Plata*
2  Docket 2236 ordering that the periodic fees order shall govern all fee requests and that the
3  deadlines and requirements set forth in Fed. R. Civ. P. 4(d) and the Civil Local Rules shall not
4  apply).

5  Moreover, Defendants' allegations that Plaintiffs will seek "duplicative fees," will try to
6  maximize fees in *Plata* (where 10% of fees are compensated at market, not PLRA rates) or will
7  otherwise receive a "windfall" of compensation are unfounded and offensive. *Coleman*
8  Docket 3669 at 3. Defendants cite no evidence for these outrageous arguments, which falsely
9  accuse Plaintiffs' counsel of unethical billing practices. In fact, Plaintiffs' counsel did not (and
10 never would) double-bill Defendants for work on the overcrowding trial. *See Coleman* Docket
11 3619 at ¶ 4 (Reply Whelan Decl.). On the contrary, while Plaintiffs' counsel necessarily
12 shared information such as legal research (which makes the billing *more* efficient, not *less* so),
13 they split the three-judge panel work efficiently between the three firms working on the matter.
14 *Id.*; *Coleman* Docket 3581 at ¶ 5 (Sangster Decl.) (explaining that K&L Gates took primary
15 responsibility for work related to intervenors and one expert witness). All of Plaintiffs' work
16 appears, or will appear, in separate billing records before *either* the *Coleman* or the *Plata* court.
17 *Coleman* Docket 3619 at ¶ 4. Unless and until Defendants come forward with actual evidence
18 of double-billing or other unethical billing practices, the Court should reject Defendants'
19 wholly unsupported claims as hyperbolic nonsense. *See O.S.C. Corp. v. Apple Computer, Inc.*,
20 792 F.2d 1464, 1467 (9th Cir. 1986) (evidence must be concrete and cannot rely on "mere
21 //
22 //
23 //
24 //
25 //
26 //
27
28

[317002-1]

speculation, conjecture, or fantasy").[3]

## IV. Defendants Do Not Contest This Court's Discretion and Authority to Set Procedures and Deadlines for Fees and Costs Applications

An order extending or changing the time to apply for costs, attorneys' fees, and expenses is within the authority of the district court. Rule 54(d)(1) of the Federal Rules of Civil Procedure does not set a deadline for presentation of a bill of costs. E.D. Civil L.R. 54-292(a) sets a deadline of 10 days (calculated as court days under Civil L.R. 6-136(b)). This Court may issue orders "supplementary to or contrary to" the provisions of Local Rules unless such orders would be contrary to the Federal Rules of Civil Procedure. E.D. Civil L.R. 1-102(d). Because the bill of costs deadline exists only in the Local Rules, the order sought here is within the Court's authority. As to attorneys' fees and expenses, the court has authority under Fed. R. Civ. P. 54(d)(2)(B) to issue orders changing deadlines and procedures. *See also*, Fed. R. Civ. P. 54(d)(2)(D) (providing for special procedures to resolve fee-related issues, and referrals to special masters or magistrates).

Defendants do not dispute or contest the Court's power to modify the deadlines under the federal and local rules, and do not present any viable argument against doing so.

## V. Judicial Notice of the *Plata* Court's August 26, 2009 Order is Appropriate

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy

---

[3] Defendants have accused Plaintiffs' counsel of unethical billing practices, without any evidence, in several pleadings before this Court. *See, e.g., Coleman* 3594 at 2 and 3669 at 3. While Plaintiffs have not moved for sanctions, this conduct violates the Rules of Professional Conduct. *See* California Rules of Professional Conduct, Rule Cal. R. Prof'l Conduct 5-200 (prohibiting counsel from "mislead[ing] the judge, judicial officer, or jury by an artifice or false statement of fact or law"); E.D. Civil L.R. 83-180(e) (incorporating the California Rules of Professional Conduct and mandating that "[n]o attorney admitted to practice before this Court shall engage in any conduct that degrades or impugns the integrity of the Court." There is no question that Defendants' lawyers have violated the rules of professional conduct and have degraded the integrity of this Court by falsely accusing Plaintiffs' counsel of unethical billing practices without one shred of evidence.

PLS.' REPLY ISO MOT. FOR ORDER DIRECTING PLS. COMPLY W/ PERIODIC FEES ORDER IN SUBMITTING COSTS, ATTYS' FEES OR EXPS. ARISING FROM 3-JUDGE PANEL PROCS. – CASE NO. CIV S 90-0520 LKK-JFM

[317002-1]

cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks omitted).

Judicial notice of the August 26, 2009 order is appropriate. The relationship between that order and the pending fees motions in this Court could not be more direct. The *Plata* order addressed precisely the same set of facts, and the same set of contentions by Defendants regarding the proper forum for adjudication of claims for fees and costs. The *Plata* order also determines Plaintiffs' attorneys' entitlement to compensation for work before the three-judge court, an exact issue also pending before this Court. Contrary to Defendants' assertion, Plaintiffs do not seek judicial notice because that order is a "precedent." It is, however, persuasive and highly relevant authority for this Court's consideration.

## CONCLUSION

In light of the foregoing, the Plaintiff class respectfully requests that this Court (1) direct Plaintiffs and their counsel to present any claims for costs, attorneys' fees and expenses incurred in the three-judge panel proceeding, and properly claimed for work on behalf of the *Coleman* class, via the periodic fees order in the above-captioned case; and, (2) order that the deadlines and requirements of the periodic fees order shall supersede the deadlines and requirements set forth in Rule 54(d) of the Federal Rules of Civil Procedure and E.D. Civil L.R. 54-292 and Civil L.R. 54-293.

Dated:  September 21, 2009                    Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By:  */s/ Amy Whelan*
    Amy Whelan
    Attorneys for *Coleman* Plaintiffs

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCIANO PLATA, et al.,

          Plaintiffs,

v.

ARNOLD SCHWARZENEGGER, et al.,

          Defendants.

NO. C01-1351 TEH

ORDER GRANTING PLAINTIFFS' MOTION RE: PROCEDURE FOR SUBMITTING ATTORNEYS' FEE REQUESTS ARISING FROM THREE-JUDGE COURT PROCEEDINGS

    This matter comes before the Court on Plaintiffs' motion for an order directing Plaintiffs to comply with the periodic fees order in this case in submitting requests for attorneys' fees and costs arising from the related three-judge court proceedings. Having reviewed the parties' written arguments, the Court does not find oral argument to be necessary and hereby VACATES the hearing scheduled for September 28, 2009.

    On August 26, 2009, this Court ruled that Plaintiffs are entitled to reasonable attorneys' fees and costs for work performed before the three-judge court based on the June 13, 2002 Stipulation and Order for Injunctive Relief. Aug. 26, 2009 Order at 1-3. Thus, the only matter to be decided on this motion is whether the Court should clarify that the periodic fees order in this case governs Plaintiffs' fee requests for such work, and that the deadlines for filing requests for attorneys' fees under the Federal Rules of Civil Procedure and this Court's Civil Local Rules do not apply. Defendants do not dispute the Court's discretion to modify the deadlines under the federal and civil local rules, nor do they present any argument for the Court not to do so. Defendants' only argument is that this Court should deny Plaintiffs' motion because it lacks jurisdiction over fee requests for work before the three-judge court – an argument this Court already considered and rejected in its August 26, 2009 order.

With good cause appearing based on the Court's prior ruling regarding entitlement to fees, the Court hereby GRANTS Plaintiffs' motion. The deadlines and requirements of the *Plata* periodic fees order, and not the deadlines and requirements set forth in Federal Rule of Civil Procedure 54(d) and Civil Local Rules 54-1 through 54-6, shall govern the fee requests at issue.[1] However, as previously ordered, "[t]he Court temporarily stays enforcement of all orders to pay attorneys' fees related to proceedings before the three-judge court pending resolution of Defendants' motion to stay, noticed for hearing on October 19, 2009." Sept. 16, 2009 Order at 5. In addition, the Court understands that a similar motion is pending before the district court in *Coleman v. Schwarzenegger*, Case No. Civ. S-90-0520 LKK JFM (E.D. Cal.), and reiterates that "[i]f the *Coleman* court subsequently issues a ruling inconsistent with this order . . ., then this Court will entertain a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9 and may reconsider its ruling." Aug. 26, 2009 Order at 3 n.3.

**IT IS SO ORDERED.**

Dated: 09/18/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] This ruling should not be construed as an opinion that judgment in the three-judge court proceedings is required prior to an award of attorneys' fees and costs, nor that the three-judge court's August 4, 2009 opinion constitutes a judgment.

2