STEVEN S. KAUFHOLD (SBN 157195) skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745) cstegeman@akingump.com
TERESA WANG (SBN 252961) twang@akingump.com
Akin Gump Strauss Hauer & Feld LLP
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:    415-765-9501
Attorneys for Republican Assembly and Senate Intervenors

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br>     Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, *et al.*, <br>     Defendants | Case No. S-90-0520-LKK-JFM P <br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br>     Plaintiffs, <br> v. <br> ARNOLD SCHWARZENEGGER, *et al.*, <br>     Defendants. | Case No. C 01-1351 TEH <br> **THREE-JUDGE COURT** <br><br> THE REPUBLICAN ASSEMBLY AND SENATE INTERVENORS' OBJECTIONS TO THE DEFENDANTS' POPULATION REDUCTION PLAN |

The Republican Assembly and Senate Intervenors ("Legislator Intervenors") make the following objections to the Defendants' Population Reduction Plan (the "Plan"), filed September 18, 2009:

1. The Legislator Intervenors object to the Plan because it must assume the existence of ongoing constitutional violations. The Three-Judge Court's order requiring the State to file the Plan fails to consider California's comparatively low and declining inmate mortality rate, or the over $5 billion spent on Receiver-controlled inmate healthcare over the last two years;

2. The Legislator Intervenors object to the Plan because it does not make provision for re-evaluation of the existence of ongoing constitutional violations;

3. The Legislator Intervenors object to the Plan because it, and the Three-Judge Court's order requiring the State to file the Plan, are premised upon a subjective, amorphous, and undefined standard of constitutional medical and mental health care;

4. The Legislator Intervenors object to the Plan to the extent that it, and the Three-Judge Court's order requiring the State to file the Plan, are premised on an assumption that the double-celling of inmates leads to an unconstitutional level of healthcare;

5. The Legislator Intervenors object to the Plan to the extent it is not narrowly tailored to provide the least intrusive means to remedy purported ongoing constitutional violations. If prison inmates are receiving or begin receiving constitutionally adequate medical and mental health care, further reduction of the prison population is unnecessary;

6. The Legislator Intervenors object to the Plan to the extent it is premised on future legislative action and shifts the burden of a prisoner population reduction to the California State Legislature;

7. The Legislator Intervenors object to the Plan because it violates fundamental principles of Federalism and Separation of Powers;

8. The Legislator Intervenors object to the Plan on the basis that it is focused on prison population reduction and not on the maintenance of constitutionally adequate medical and mental health care;

9. The Legislator Intervenors object to the Plan to the extent it envisions ongoing supervision and oversight by the *Coleman* Receiver and the *Plata* Special Master, in spite of the Court's August 4, 2009 Prisoner Release Order;

10. The Legislator Intervenors object to the Plan on the basis that Assembly Bill 900 and subsequent legislation, including Senate Bill 18 (the California Corrections Performance Incentives Act of 2009) will provide additional medical and mental health services that remedy the purported constitutional violations;

11. The Legislator Intervenors object to the Plan on the basis that it embraces a flawed, inaccurate, and misleading definition of "design capacity" that does not accurately reflect the actual capacity or intended use of California's 33 prisons, is out of step with national standards and practices, and is unrelated to constitutional requirements.

12. The Legislator Intervenors object to the Plan to the extent that it incorporates a proposal to delegate a legislative function to a sentencing commission whose sentencing guidelines would change state sentencing laws without requiring a vote by the Legislature to approve those guidelines;

13. The Legislator Intervenors object to the Plan to the extent that it incorporates a proposal for "alternate custody options" for inmates "with 12 months or less remaining to serve, elderly inmates, and medically infirm inmates" to be released from prison prior to the completion of their sentences, jeopardizing public safety and undermining the integrity of the sentencing laws;

14. The Legislator Intervenors object to the Plan to the extent it assumes overcrowding is the primary cause of purported constitutionally inadequate medical and mental health care;

15. The Legislator Intervenors object to the Plan to the extent it assumes a causal nexus between the prison population and provision of constitutionally adequate medical and mental health care;

16. The Legislator Intervenors object to the Plan because it attempts to reduce the California State prison population to 137.5% of design capacity, a population cap that is arbitrary and capricious;

17. The Legislator Intervenors object to the Plan to the extent it attempts to reduce the California State prison population to 137.5% of design capacity within two years, a timeline that is unjustified, reckless and jeopardizes public safety;

18. The Legislator Intervenors object to any plan to reduce the California State prison population to 137.5% of design capacity within two years because doing so does not ensure other requirements of the PLRA are satisfied;

19. The Legislator Intervenors object to the Plan because the Plan unduly and unnecessarily endangers public safety.

Dated: October 8, 2009         By        /s/Chad A. Stegeman
                                              Chad A. Stegeman
                                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                    Steven S. Kaufhold
                                    Chad A. Stegeman

                                    Attorneys for the Republican Assembly and Senate
                                    Intervenors