EXHIBIT B

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
DANIELLE F. O'BANNON
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5724
Facsimile:  (415) 703-5843
kyle.lewis@doj.ca.gov

Attorneys for Defendants

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. WOLFF – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
swolff@hansonbridgett.com
rjacob@hansonbridgett.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## AND THE NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF JAY ATKINSON IN SUPPORT OF DEFENDANTS' RESPONSE TO THREE-JUDGE COURT'S OCTOBER 21, 2009 ORDER**<br><br><br>To:  Three-Judge Court |

I, JAY R. ATKINSON, declare as follows:

1. I am the Chief of the Offender Information Services Branch of the California Department of Corrections and Rehabilitation (CDCR). I have been employed in this position for since July 2009. I have been with the Offender Information Services Branch of CDCR since 1999, and have assisted in gathering data maintained by CDCR on numerous occasions. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' Response to the Three-Judge Court's October 21, 2009 Order.

2. As Chief of the Offender Information Services Branch, I am responsible for management and oversight of the Offender Information Services Branch which supplies research and analysis to CDCR and outside agencies regarding population estimates and projections.

3. CDCR's Offender Information Services Branch (OISB) compiles and retains summary statistical information about inmates and parolees. As described below, CDCR was able to estimate the reductions corresponding to the proposed measures included in Defendants' November 12, 2009 Response to the Court's October 21, 2009 Order to Reduce Prison Population to 137.5% of Design Capacity (Defendants' Response) by utilizing information contained within OISB's data warehouse.

4. **California Community Corrections Performance Incentives Act of 2009.** This program, established by the recent passage of Senate Bill 18 (SB 18), creates a system of rewards for probation success. The community corrections program established by this Act authorizes counties to receive funding for implementing and expanding evidence-based programs for felony probationers. By incentivizing probation success, California will lower the number of probationers sent to prison each year.

5. Defendants estimate that the California Community Corrections Performance Incentives Act of 2009 will net an approximate 1,915 reduction in CDCR's average daily population (ADP) by December 31, 2011. Defendants were able to

- 2 -

estimate this reduction by utilizing OISB data that reflected that CDCR receives approximately 19,150 new admissions per calendar year as a result of felony probation revocations. CDCR then made the assumption that the average return for revocation was one year and took the conservative estimate that this program would have a ten percent success rate. This reasonable calculation results in an ADP reduction in 1,915 that would be realized in full in by December 2011.

6. **Credit Earning Enhancements.** The passage of SB 18 also provides a number of credit earning enhancements. These enhancements include: one day of sentence credit for every day served in county jail from the time of sentencing; up to six weeks of credit per year for completion of approved programs; day-for-day credit for parole violators who are returned to custody and are otherwise eligible; two days' credit for every one day served once an inmate is endorsed to transfer to a fire camp; and one day of credit for every day served for all eligible inmates (regardless of whether an inmate is on a waiting list for a full-time assignment, participating in college, or undergoing reception center processing).

7. Defendants estimate the Credit Earning Enhancements will net an approximate 2,921 reduction in CDCR's ADP by December 31, 2011. Defendants were able to estimate this reduction by utilizing OISB data. CDCR has a simulation model that is used to create population projections for the future. This particular proposal is one that can use the simulation model to determine a net effect on the population on a month-by-month basis. Insofar as this proposal overlaps the proposal to house individuals in county jail who are convicted of certain enumerated offenses, CDCR discounted the reduction from this proposal by 15%.

8. **The Parole Violation Decision-Making Instrument.** The Parole Violation Decision-Making Instrument (PVDMI) helps determine the most appropriate sanctions for parolees who violate the conditions of parole. The PVDMI is effective in placing parolees in the right programs and returning the high risk parole violators to prisons, thereby increasing public safety while decreasing recidivism. CDCR does not have

sufficient information upon which to base a reduction in population, and therefore Defendants do not identify a population reduction associated with this reform measure.

9. **Property Crime Thresholds.** Defendants seek legislation to increase the threshold of grand theft from $400 to $950. If grand theft and other property crimes listed in SB 18 are fully implemented, Defendants estimate this program will result in an ADP reduction of approximately 2,152 by December 2011. Absent additional legislation, Defendants would require a court order requiring them to refuse admission of any person into state prison who was convicted of a felony that did not meet the $950 threshold. The estimates for this proposal were obtained by a file review of 577 cases of inmates who were sent to prison based on the violations of specific state code sections. The files were then reviewed to determine the number of inmates that would not have been sent to state prison if the property threshold was raised in value. This number was then projected out to all of similarly situated inmates to arrive at an anticipated reduction in ADP.

10. **Alternative Custody Program.** The Administration will seek legislation to establish a program of alternative custody options for lower-risk offenders. Certain offenders would be eligible to serve the last 12 months of their sentence under house arrest with GPS monitoring. The State estimates that this program will net an approximate 4,800 reduction in ADP by December 2011. This estimate is based on both eligible inmates in prison at the time (in July 2009, when the estimate was completed) and eligible new admissions projected to come into prison. The latter projection is based on a Fiscal Year 2008-09 intake cohort from court. This 4,800 ADP estimate also reflects a 35% discount for file review ineligibility (based on sample file reviews), a 3% discount to account for homeless parolees (based on Division of Adult Parole Operation's records for homeless parolees who would otherwise meet the criteria), and a 10% discount for those who would be unwilling to volunteer. The ADP figure is also

///

///

- 4 -

1  based on an estimated length of sentence for the eligible population.

2

3  I declare under the penalty of perjury under the laws of the State of California
4  that the foregoing is true and correct. Executed in Sacramento, California on November
5  12, 2009.

*/s/ Jay R. Atkinson*
JAY R. ATKINSON