# EXHIBIT G

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
JONATHAN L. WOLFF
Senior Assistant Attorney General
DANIELLE F. O'BANNON
KYLE A. LEWIS – State Bar No. 201041
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5724
Facsimile: (415) 703-5843
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO – 179755
S. ANNE JOHNSON – 197415
SAMANTHA D. WOLFF – 240280
RENJU P. JACOB - 242388
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
jschaefer@hansonbridgett.com
pmello@hansonbridgett.com
ajohnson@hansonbridgett.com
swolff@hansonbridgett.com
rjacob@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## AND THE NORTHERN DISTRICT OF CALIFORNIA
## UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
## PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DECLARATION OF ELIZABETH SIGGINS IN SUPPORT OF DEFENDANTS' RESPONSE TO OCTOBER 21, 2009 ORDER** <br><br><br> To: Three-Judge Court |

I, ELIZABETH SIGGINS, declare as follows:

1. I am the Acting Chief Deputy Secretary for Adult Programs in the California Department of Corrections and Rehabilitation (CDCR). I have been employed in this position since April 2009. Prior to this, from May 2008 to April 2009, I served as the Senior Policy Advisor to the Secretary. As Acting Chief Deputy Secretary for Adult Programs, I am responsible for the department's education, vocation, and substance abuse programming as well as for our Office of Community Partnerships. I am responsible for determining how to administer the adult program-related funds allocated to the department's budget. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' Response to the Three-Judge Court's October 21, 2009 Order.

2. The State's fiscal crisis has resulted in a $250 million reduction to CDCR's budget for adult rehabilitative programs. To compensate for this budget reduction, CDCR has developed a streamlined rehabilitation model which focuses on reducing recidivism and reaching as many offenders as possible with less funding. As this declaration pertains to the measures that the state is taking to support and assist counties and other community-level providers, the focus of this declaration will be only on those services provided in the community and not on the rehabilitative programs provided inside our institutions. To that end, this declaration will discuss community-based services provided through the Office of Substance Abuse Treatment Services, formerly the Division of Addiction and Recovery Services, and the Office of Community Partnerships, formerly the Division of Community Partnerships.

3. While the department is still in the process of implementing the necessary changes to our programs as a result of the budget reductions, we anticipate that the majority of these changes will be in place by early 2010, particularly as they pertain to community-based programs.

4. As of January 2010, on any given day, CDCR will have the capacity to

- 2 -

serve approximately 4,633 parolees in community-based aftercare treatment. This is a reduction of over 5,000 treatment slots from the previously funded amount. It should be noted, however, that based on the average length of stay, which varies based on program design but ranges from 90 days to 180 days or more, the annual capacity is much higher than this. The aftercare treatment programs are delivered to parolees through a network of licensed community-based providers throughout the state using a variety of modalities, including residential treatment, sober living environments, and outpatient facilities. A brief description of CDCR's substance abuse treatment programs is provided below.

5. **Substance Abuse Services Coordination Agency (SASCA) Services.** CDCR contracts with four Substance Abuse Services Coordination Agencies to purchase, deliver, and administer community aftercare services. These programs are designed to reduce the incidence of both relapse and recidivism among participants and to promote pro-social behavior that will enable the participants to exhibit satisfactory conduct within the program and while on parole, leading to their successful integration into the community. The role of the Substance Abuse Services Coordination Agency is to coordinate community-based treatment for parolees. As of January 2010, on any given day, CDCR will have the capacity to serve approximately 1,588 parolees through our SACSA contracts. This is a reduction of over 4,000 treatment slots from the previously funded amount.

6. **Treatment Incentive Program (formerly Senate Bill 1453).** This program was established in Senate Bill 1453 (cited as Penal Code section 2933.4) and signed into law by Governor Schwarzenegger on September 30, 2006, effective January 1, 2007. The purpose of this program is to reduce recidivism, address prison overcrowding, and increase rehabilitation of parolees in the community. This program requires a special condition of parole which allows eligible felons, upon parole, to be voluntarily placed into a 150-day community-based residential drug treatment program. Pursuant to law, upon successful completion of both the in-prison and aftercare

components, eligible offenders are discharged from parole. This program was designed to improve public safety through a corresponding reduction in criminal activity and to provide savings to taxpayers by reducing costs associated with the re-incarceration of offenders. The capacity for this program is incorporated into the SASCA capacity identified above.

7.   **In-Custody Drug Treatment Program (ICDTP).** ICDTP is provided to certain parolees who have violated their parole and who agree to participate in a 150-day program in lieu of a parole revocation. Placement into ICDTP requires a parolee to have a nexus to current substance abuse and/or a history of substance abuse-related criminal or violation offenses. There are two ICDTP programs available:

- Program 1 (Jail-Based): In the first phase, the parolee participates in a 60-day, jail-based educational drug treatment program. In the second phase, the parolee receives 30 days of treatment in a residential community-based program. The third phase consists of a residential program, outpatient, sober-living environment, and/or self-help programs such as Alcoholics Anonymous or Narcotics Anonymous.
- Program 2 (Community-Based): Parolees participate in the first phase of treatment in a residential community-based program for a minimum of 90 days. Parolees complete the last 60 days in a residential, outpatient, and/or sober-living environment.

As of January 2010, on any given day, CDCR will have the capacity to serve approximately 1,800 parolees through ICDTP. This program is not experiencing a reduction in capacity as a result of the budget reductions.

8.   **Parolee Services Network.** The Parolee Services Network (PSN) provides community alcohol and drug treatment services for eligible parolees (felons and civil addicts). The PSN is a collaborative program among the CDCR, Department of Alcohol and Drug Programs, seventeen county alcohol and drug programs, case management providers, and community-based organizations. The PSN provides a full

array of community-based substance abuse treatment services for parolees in the community who cannot normally use Substance Abuse Services Coordination Agency services. CDCR has an interagency agreement with the Department of Alcohol and Drug Programs for the purpose of administering the PSN. The goal of the PSN is to reduce recidivism and improve parole outcomes as evidenced by reduced alcohol and drug-related parole revocations. It is expected that this program will reduce substance abuse and criminal activity among its participants and encourage a reintegration into society with a clean and sober lifestyle. As of January 2010, on any given day, CDCR will have the capacity to serve approximately 863 parolees through PSN. This program is not experiencing a reduction in capacity as a result of the budget reductions.

9. **Female Offender Treatment and Employment Program (FOTEP).** Senate Bill 491, Chapter 500, Statutes of 1998, Penal Code Section 3054 required CDCR to establish three pilot programs known as FOTEP. The FOTEP provides an opportunity for female offenders to transition from in-prison substance abuse programs to community-based programs. FOTEP focuses on intensive, gender-responsive counseling services to enable female participants to successfully reintegrate into the community. In addition, there is a comprehensive case management component to assess the needs of participants and to provide the services and programs that will most likely result in their recovery and employment success. Unique to the FOTEP is the ability for women to have their children reside with them as they progress through their treatment and recovery for up to 15 months. The goal of FOTEP is to reduce recidivism through intensive substance abuse services, family reunification, vocational training, and employment services. As of January 2010, on any given day, CDCR will have the capacity to serve approximately 412 parolees through FOTEP. While CDCR was originally funded to expand this program in the current fiscal year and it had recently begun this expansion, this capacity is comparable to the FY 2008/09 capacity.

10. In addition to the services discussed above which are provided by the Office of Substance Abuse Treatment Services, CDCR also provides employment

education and job opportunities through our Office of Community Partnerships as described below.

11. **California New Start.** In May 2008, CDCR entered into an Interagency Agreement with the California Workforce Investment Board and local Workforce Investment Boards to initiate California New Start. The program provides parolees with employment education and job opportunities within the communities through direct connection to over 200 local One-Stop Career Centers statewide. Core services, such as job search seminars, individual employment plans, job development workshops, supportive service referrals, employment referrals, and job retention follow-up are available through this program. For FY 2009/10 California New Start has the capacity to serve approximately 80,000 eligible parolees.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Sacramento, California on November 12, 2009.

_____
ELIZABETH SIGGINS