STEVEN S. KAUFHOLD (SBN 157195) skaufhold@akingump.com
CHAD A. STEGEMAN (SBN 225745) cstegeman@akingump.com
TERESA WANG (SBN 252961) twang@akingump.com
Akin Gump Strauss Hauer & Feld LLP
580 California, 15th Floor
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:    415-765-9501
Attorneys for Republican Assembly and Senate Intervenors

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>    Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br>    Defendants | Case No. S-90-0520-LKK-JFM P<br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br>    Plaintiffs,<br>  v.<br>ARNOLD SCHWARZENEGGER, *et al.*,<br>    Defendants. | Case No. C 01-1351 TEH<br>**THREE-JUDGE COURT**<br><br>THE REPUBLICAN ASSEMBLY AND SENATE INTERVENORS' OBJECTIONS TO THE DEFENDANTS' NOVEMBER 12, 2009 SUBMISSION |

The Pursuant to the Order of the Court dated November 18, 2009 the Republican Assembly and Senate Intervenors ("Legislator Intervenors") make the following objections and comments to the Defendants' November 12, 2009 Submission ("Submission"):

As a preliminary matter, the Legislator Intervenors reiterate their earlier objections as follows:

1. The Legislator Intervenors object to the Submission because it must assume the existence of ongoing constitutional violations. The Three-Judge Court's order requiring the State to file the Submission fails to consider California's comparatively low and declining inmate mortality rate, or the over $5 billion spent on Receiver-controlled inmate healthcare over the last two years;

2. The Legislator Intervenors object to the Submission because it does not make provision for re-evaluation of the existence of ongoing constitutional violations;

3. The Legislator Intervenors object to the Submission because it, and the Three-Judge Court's order requiring the State to file the Submission, are premised upon a subjective, amorphous, and undefined standard of constitutional medical and mental health care;

4. The Legislator Intervenors object to the Submission to the extent that it, and the Three-Judge Court's order requiring the State to file the Submission, are premised on an assumption that the double-celling of inmates leads to an unconstitutional level of healthcare;

5. The Legislator Intervenors object to the Submission to the extent it is not narrowly tailored to provide the least intrusive means to remedy purported ongoing constitutional violations. If prison inmates are receiving or begin receiving constitutionally adequate medical and mental health care, further reduction of the prison population is unnecessary;

6. The Legislator Intervenors object to the Submission to the extent it is premised on future legislative action and shifts the burden of a prisoner population reduction to the California State Legislature;

7. The Legislator Intervenors object to the Submission because it violates fundamental principles of Federalism and Separation of Powers;

8. The Legislator Intervenors object to the Submission on the basis that it is focused on prison population reduction and not on the maintenance of constitutionally adequate medical and mental health care;

9. The Legislator Intervenors object to the Submission to the extent it envisions ongoing supervision and oversight by the *Coleman* Receiver and the *Plata* Special Master, in spite of the Court's August 4, 2009 Prisoner Release Order;

10. The Legislator Intervenors object to the Submission on the basis that Assembly Bill 900 and subsequent legislation, including Senate Bill 18 (the California Corrections Performance Incentives Act of 2009) will provide additional medical and mental health services that remedy the purported constitutional violations;

11. The Legislator Intervenors object to the Submission on the basis that it embraces a flawed, inaccurate, and misleading definition of "design capacity" that does not accurately reflect the actual capacity or intended use of California's 33 prisons, is out of step with national standards and practices, and is unrelated to constitutional requirements.

12. The Legislator Intervenors object to the Submission to the extent that it incorporates a proposal to delegate a legislative function to a sentencing commission whose sentencing guidelines would change state sentencing laws without requiring a vote by the Legislature to approve those guidelines;

13. The Legislator Intervenors object to the Submission to the extent that it incorporates a proposal for "alternate custody options" for inmates "with 12 months or less remaining to serve, elderly inmates, and medically infirm inmates" to be released from prison prior to the completion of their sentences, jeopardizing public safety and undermining the integrity of the sentencing laws;

14. The Legislator Intervenors object to the Submission to the extent it assumes overcrowding is the primary cause of purported constitutionally inadequate medical and mental health care;

15. The Legislator Intervenors object to the Submission to the extent it assumes a causal nexus between the prison population and provision of constitutionally adequate medical and mental health care;

16. The Legislator Intervenors object to the Submission to the extent that it assumes that the release of inmates improves the healthcare of inmates. We have pointed out to the court that California ranks 38 among the 50 states in per inmate death rates and has the highest per inmate spending on inmate healthcare. Furthermore, as discussion in Ingrid A. Binswanger, M.D. et. al, "Release from Prison – A High Risk of Death for Former Inmates," *New England Journal of Medicine* (January, 2007) 356:157-65, inmates have a much higher risk of death upon release, and particularly in the first two weeks after release, than in prison. This data shows that attempting to eliminate inmate deaths through early release of inmates will be counter-productive.

17. The Legislator Intervenors object to the Submission because it attempts to reduce the California State prison population to 137.5% of design capacity, a population cap that is arbitrary and capricious;

18. The Legislator Intervenors object to the Submission to the extent it attempts to reduce the California State prison population to 137.5% of design capacity within two years, a timeline that is unjustified, reckless and jeopardizes public safety;

19. The Legislator Intervenors object to any plan to reduce the California State prison population to 137.5% of design capacity within two years because doing so does not ensure other requirements of the PLRA are satisfied;

20. The Legislator Intervenors object to the Submission because the Submission unduly and unnecessarily endangers public safety.

21. The Legislator Intervenors object to the Submission to the extent that it and the Three-Judge Court's order requiring the State to file the submission are premised on an assumption that the occurrence of medically avoidable deaths is dispositive of unconstitutionally deficient inmate healthcare in all California prisons.

22. The Legislator Intervenors object to the Submission to the extent that it and the three-Judge Court's order requiring the State to file a Submission are premised on the assumption that if a constitutionally deficient condition is identified within a single prison the condition must necessarily exist in all state facilities.

23. The Legislator Intervenors object to the Submission to the extent that it and the three-Judge Court's order requiring the State to file a Submission are premised on the assumption that prison capacity can be calculated with a single arbitrary formula (137.5%) without regard to the age or actual design of individual prisons or the sex or criminal profile of inmates housed within specific facilities.

With respect to the specific provisions of the Submission, the Legislator Intervenors respond as follows:

**LEGISLATIVE AND ADMINISTRATIVE REFORMS**

    **A.**    **PRE-CUSTODY REFORMS:**  The Legislator Intervenors object to this portion of the Submission.

    **B.**    **IN-CUSTODY REFORMS:** The Legislator Intervenors object to this portion of the Submission.

    **C.**    **PAROLE REFORMS:**  The Legislator Intervenors object to this portion of the Submission.

    **D.**    **ADMINISTRATIVE CHANGES:**  The Legislator Intervenors do not object to this portion of the Submission provided that such changes are implemented in a manner consistent with public safety.

**INCREASED CAPACITY**

    **A.**    **INFILL PROJECTS:**  The Legislator Intervenors do not object to this portion of the Submission provided such projects are achieved in a cost-effective manner.

    **B.**    **DIVISION OF JUVENILE JUSTICE RENOVATIONS:** The Legislator Intervenors do not object to this portion of the Submission provided such projects are achieved in a cost-effective manner.

**C.     HEALTHCARE PROJECTS:**     The Legislator Intervenors do not object to this portion of the Submission provided such projects are achieved in a cost-effective manner.

**D.     REENTRY PROJECTS:**     The Legislator Intervenors do not object to this portion of the Submission provided such projects are achieved in a cost-effective manner.

# ADDITIONAL REFORMS THAT REQUIRE EITHER FURTHER LEGISLATION OR FEDERAL COURT ORDERS

As a general matter, the Legislator Intervenors believe that this Court lacks authority under the Prison Litigation Reform Act and general principles of separation of powers and federalism to waive state laws in these areas. Our specific comments relate to our view of the merits of these proposals if placed before the Legislature. We reject any suggestion in the Submission that the Court has the power to enact any changes in California sentencing law or to order the placement of inmates in non-prison settings without the concurrence of the California Legislature.

**A.     ADDITIONAL CALIFORNIA OUT-OF-STATE CORRECTIONAL FACILITY EXPANSION:**     The Legislator Intervenors do not object to this portion of the Submission provided such expansion is achieved in a cost-effective manner.

**B.     PROPERTY CRIME THRESHOLDS:**     The Legislator Intervenors object to this portion of the Submission.

**C.     ALTERNATIVE CUSTODY PROGRAM:**     The Legislator Intervenors object to this portion of the Submission.

**D.     AB 900 CONSTRUCTION ACCELERATION:**     The Legislator Intervenors do not object to this portion of the Submission.

**E.     HOUSE INMATES IN PRIVATE FACILITIES:**     The Legislator Intervenors do not have sufficient information to comment on this portion of the Submission. The Intervenors need additional information regarding which inmates would be housed in such facilities, the level of security to be provided, cost information, location, size of facilities proposed, and similar types of information before we may provide meaningful comments on this portion of the Submission.

**F.     JAIL TIME FOR ENUMERATED FELONIES:**     The Legislator Intervenors object to this portion of the Submission.

Finally, the Legislator Intervenors do not propose any population reduction measures beyond those proposed at trial.

Dated: December 7, 2009

By   /s/Steven S. Kaufhold
Steven S. Kaufhold
AKIN GUMP STRAUSS HAUER & FELD LLP
Steven S. Kaufhold
Chad A. Stegeman

Attorneys for the Republican Assembly and Senate Intervenors