PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
ERNEST GALVAN, Bar No. 196065
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARK FEESER, Bar No. 252968
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants | No. Civ S 90-0520 LKK-JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | No. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> [PROPOSED] ORDER TO IMPLEMENT POPULATION REDUCTION |

On August 4, 2009 this Court issued an Opinion and Order finding that all requirements for issuance of a prisoner release order pursuant to 18 U.S.C. § 3626(a)(3) have been met in this case, and ordering Defendants to draft a population reduction plan.

On November 12, 2009 Defendants submitted a revised population reduction plan that meets the requirements of the August 4, 2009 Order. State Defendants' Nov. 12, 2009 Response to the Three-Judge Court's October 21, 2009 Order ("State's Plan"), *Plata* Docket No.2274-1. Defendants' plan provides for a reduction in the population of the 33 adult prisons to 137.5% of design capacity within two years. It includes six-month benchmarks, and it identifies state law barriers to accomplishing the full population reduction. Plaintiffs and intervenors filed comments on December 7, 2009.

As directed by Congress, the Court has given substantial weight to the question of whether its order would have "any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A); August 4, 2009 Opinion at 167. This Court has already found that population reductions measures are available that will not have an adverse impact on public safety and that they will not unduly burden the California's criminal justice system. *Id*. at 132, 157. Most elements of the State's plan adhere to population reduction methods – diversion and moderately reducing length of stay – that this Court has already found to be safe, and that are in line with policies found to be safe and effective in other states. *Id*. at 131-181. The overwhelming evidence in this case is that reducing the population using such methods will have no adverse impact on public safety or the operation of a criminal justice system. *Id.* The State has also proposed reducing crowding by constructing new prison beds and transferring additional prisoners to out-of-state institutions, private institutions, and to federal custody, methods which will have no adverse

impact on public safety or the operation of the criminal justice system.[1]

In order to afford the State the maximum possible discretion in reducing its prison population, this Court orders the State to reduce its prison population according to the six-month benchmark schedule set forth in the State's population reduction plan. Rather than ordering the State to utilize particular population reduction methods, the Court shall leave to the State the discretion and flexibility to choose which methods it uses to accomplish the reduction, and to modify those methods as necessary to achieve the required population reduction. This approach is consistent with *Bounds v. Smith*, 430 U.S. 817, 832-833 (1977) and *Lewis v. Casey*, 518 U.S. 343, 361-363 (1996). It will not unduly interfere with prison administration and allows the State to exercise "wide discretion within the bounds of constitutional requirements." *Lewis*, 518 U.S. at 363 (citation omitted).

Accordingly, the Court HEREBY ORDERS that defendants shall reduce the State prison population according to the six-month benchmark schedule set forth in the State's population reduction plan (State's Plan, Table 1, at page 22), as follows:

(1) Defendants shall reduce the population of the 33 State adult prisons to 167% of their combined design capacity by June 30, 2010, or six months after the date that this order becomes effective, whichever is later.

(2) Defendants shall reduce the population of the 33 State adult prisons to 155% of their combined design capacity by December 30, 2010, or twelve months after the date that this order becomes effective, whichever is later.

(3) Defendants shall reduce the population of the 33 State adult prisons to 147% of their combined design capacity by June 30, 2011, or eighteen months after the date that this order becomes effective, whichever is later.

---

[1] At this stage, it is not clear that there are State law barriers that would prevent the State from accomplishing the necessary population reduction. The State acknowledges that much of the population reduction can be accomplished under current State law, and it is apparent that the Governor has additional powers pursuant to the Prison Overcrowding State of Emergency of 2006, which remains in effect, and Cal. Penal Code § 2900(b)(1).

1     (4)  Defendants shall reduce the population of the 33 State adult prisons to 137.5% of their combined design capacity by December 30, 2011, or twenty-four months after the date that this order becomes effective, whichever is later.

    (5)  If at any time the State contends that it cannot accomplish such population reduction without obtaining a waiver of the State law, the State shall so advise the parties and the Court at the earliest possible date.  Further proceedings relating to waivers of State law will not constitute cause to delay complying with this Order.

    (6)  This Court shall maintain jurisdiction to enforce the terms of this Order.

    The Court hereby finds that the above relief is narrowly drawn, extends no further than necessary to correct the violation of the plaintiff class members' Federal rights, and is the least intrusive means necessary to correct the violations of the Federal rights.

**IT IS SO ORDERED**

Dated:  December\_\_, 2009

    HON. STEPHEN REINHART
    UNITED STATES CIRCUIT JUDGE
    NINTH CIRCUIT COURT OF APPEALS

Dated:  December\_\_, 2009

    HON. LAWRENCE K. KARLETON
    SENIOR UNITED STATES DISTRICT JUDGE
    EASTERN DISTRICT OF CALIFORNIA

Dated:  December\_\_, 2009

    HON. THELTON E. HENDERSON
    SENIOR UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF CALIFORNIA