1  MIGUEL MARQUEZ, Acting County Counsel (S.B. # 184621)
   THERESA J. FUENTES, Deputy County Counsel (S.B. #208588)
2  OFFICE OF THE COUNTY COUNSEL, County of Santa Clara
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240
   Theresa.Fuentes@cco.sccgov.org
5
   Lead Attorneys for Intervenors
6  COUNTY OF SANTA CLARA, COUNTY
   OF SAN MATEO, COUNTY OF SANTA
7  BARBARA

8  STEVEN M. WOODSIDE, County Counsel (S.B. #58684)
   ANNE L. KECK, Deputy County Counsel (S.B. #136315)
9  OFFICE OF THE COUNTY COUNSEL, County of Sonoma
   575 Administration Drive, Room 105A
10 Santa Rosa, California 95403-2815
   Telephone: (707) 565-2421
11 Facsimile: (707) 565-2624
   akeck@sonoma-county.org
12
   Attorneys for Sonoma County Intervenors
13

14               IN THE UNITED STATES DISTRICT COURTS

15              FOR THE EASTERN DISTRICT OF CALIFORNIA

16               AND THE NORTHERN DISTRICT OF CALIFORNIA

17          UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

18             PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

19

20 RALPH COLEMAN, et al.,                    No.   CIV S-90-0520 LKK JFM P
      Plaintiffs,
21
   v.                                        **THREE-JUDGE COURT**
22
   ARNOLD SCHWARZENEGGER, et al.,
23    Defendants.
                                   /
24                                            No. C-01-1351 TEH
   MARCIANO PLATA, et al.,
25    Plaintiffs,                             **COUNTY INTERVENORS AND
                                              SONOMA COUNTY INTERVENORS'
26 v.                                         JOINT OBJECTION TO PLAINTIFFS'
                                              RESPONSE RE DEFENDANTS'
27 ARNOLD SCHWARZENEGGER, et al.,             NOVEMBER 12, 2009 PROPOSED
      Defendants.                             PLAN**
28                                 /

Intervenors the Counties of Santa Clara, San Mateo, and Santa Barbara (collectively, "County Intervenors") and the County of Sonoma, Sonoma County Sheriff William Cogbill, Sonoma County District Attorney Stephan Passalacqua, and Sonoma County Chief Probation Officer Robert Ochs (collectively, "Sonoma County Intervenors") request that the Court consider this Joint Objection to Plaintiffs' Response to Defendants' November 12, 2009 Population Reduction Plan filed December 7, 2009 (N.D. Docket No. 2280; E.D. Docket No. 3742) (hereinafter, "Plaintiffs' Response").[1]   For the purposes of this Objection, County Intervenors and Sonoma County Intervenors shall collectively be referred to simply as the "Counties".

The Counties object to the following statements, allegations and/or requests for relief contained in Plaintiffs' Response, and request the Court to decline Plaintiffs' proposal to enter an order approving Section Two of the State Defendants' November 12, 2009 Plan, based on the following.

1.   Counties object to Plaintiffs' request for the Court to enter a prisoner release order that consists solely of a prison population cap, based on Plaintiffs' allegation that the Court has found such an order would have no adverse impact on public safety or the operation of a criminal justice system. (See Plaintiffs' Response, 1:19-12, 1:21-28, and 2:22-27.)   In its Opinion and Order filed on August 4, 2009 (hereinafter, the "Order"), this Court considered specific proposals Plaintiffs presented, as well as expert testimony regarding those proposals, to analyze the public safety and other impacts likely to result therefrom. Based on such information, the Court concluded, "the plaintiffs' proposed reduction

---

[1] In its Order Inviting Responses from Plaintiffs and Intervenors to Defendants' November 12, 2009 Proposed Prison Population Reduction Measures, filed on November 18, 2009 (N.D. Docket No. 2275; E.D. Docket No. 3730), the Court permitted Defendants to submit their responses to any comments or objections to that plan on or before December 18, 2009.  While the Court did not expressly state that Intervenors were permitted to provide additional responses, the Counties request that this Court permit them to file this Objection and consider it along with their Joint Response to the Defendants' November 12, 2009 Proposed Prison Population Reduction Measures, filed December 7, 2009 (hereinafter, "Counties' Response"), in connection with the issues currently before the Court.

measures could safely reduce the population of California's prisons, and that such a reduction would not have a significant adverse effect in California's communities...." (Order, at 167:23-25.) The Court did not make any findings with respect to the effects of solely ordering a prison population cap absent specific reduction measures. Intervenors strongly opposed such a prison population cap, and presented substantial evidence and expert opinions demonstrating the adverse community impacts that would result from such an order. (See e.g., Order, at 137:19-25 to 138:1-4.) In response to such concerns, the Court responded in its Order as follows:

> [M]any witnesses wrongly assumed that this court would require a sudden mass release of one-third of California's prisoners or a ban on accepting new or returned prisoners. *See, e.g.,* Rep. Tr. at 1052:8-12 (Powers); Aug. 15, 2008 Bennett Report ¶¶13, 18. That approach was not proposed by any party, nor would it be approved by the court.

(Order, at 158:1-14; see also Order, at 167:3-5.) Accordingly, Counties do not believe that the evidence presented to nor findings of this Court support Plaintiffs' request for entry of a prisoner release order consisting solely of a prison population cap.

2. Counties object to Plaintiffs' allegation that the Court has already determined that the population reduction measures chosen by the State can be employed safely. (See Plaintiffs' Response, at 2:24-27.) The Court has not previously considered nor ruled upon the State Defendants' newly-proposed prison population reduction measures described in their November 12, 2009 Plan.[2] None of the population reduction measures exhaustively discussed in the Order include State Defendants' current proposals to shut the front door to the State prisons and shift the prison population to the county jails by mandating county jail

---

[2] Instead, the Court considered at trial and its Order addressed the impact of Plaintiff's specific proposed reduction measures: (a) early release through expansion of good time credits; (b) diversion of technical parole violators; (c) diversion of low-risk offenders with short sentences; and (d) expansion of evidence-based rehabilitative programming in prisons or communities. (Order, at pp. 139-154.) In addition, the Court also considered sentencing reform and other potential population reduction measures – but did not address the State Defendants' proposals set forth in Section Two of their November 12, 2009 Plan. (Order, at 154-157.)

time in lieu of prison sentences.[3] In fact, the Court expressly stated that closing the front door to the prisons was not a measure proposed by Plaintiffs nor was it considered by the Court:

> [Regarding David M. Bennett's opinion that a prison population cap would impact the integrity of the criminal justice system] Bennett's opinion was based on the assumption that a population reduction order would involve closing the front door of the prisons. [Aug. 15, 2008 Bennett Report ¶30] None of the measures proposed by plaintiffs or considered here would require such an extreme result.

(Order, at 167:3-5.) Yet, by requesting that the Court approve Defendants' November 12, 2009 Plan, Plaintiffs in fact are requesting the Court to enter an order requiring this extreme result – which is not supported by the evidence or arguments previously presented to the Court, and which will likely result in substantial adverse consequences to the counties. (See, e.g., Counties' Response, filed December 7, 2009.)

3. Counties object to Plaintiffs' request that the Court shift the burden of proposing a prison population reduction plan to the Counties (see Plaintiff's Response, at 2:22-27), as it is not the Counties' burden to do so under 18 U.S.C. §3626, nor is it practical or possible based on the Counties' lack of sufficient information and control.

Counties provide no response to Plaintiffs' allegations that a waiver of State laws is unnecessary at this time to permit Defendants to reach prison population reduction goals.

///
///
///

---

[3] State Defendants' November 12, 2009 Plan contains two proposals in its Section Two that appear to require an order prohibiting the State prisons from accepting sentenced prisoners, and instead requiring 13,967 prisoners to serve their prison time in county jails: (1) proposal to increase the minimum threshold for grand theft from $400 to $950, estimated to affect a population of 2,152 prisoners by December 2011; and (2) proposal to award county jail time for certain enumerated felonies in lieu of prison time, estimated to affect a population of 11,815 inmates by December 2011.

1  Respectfully submitted,

2  Dated: December 18, 2009                STEVEN M. WOODSIDE, County Counsel

4                                  By:    /s/ Anne L. Keck
                                          ANNE L. KECK
5                                         Deputy County Counsel

6                                         Attorneys for Intervenors the County of Sonoma,
                                          the Sonoma County Sheriff-Coroner William
7                                         Cogbill, the Sonoma County District Attorney
                                          Stephan Passalacqua, and Sonoma County Chief
8                                         Probation Officer Robert Ochs

9  Dated: December 18, 2009                MIGUEL MARQUEZ, Acting County Counsel

11                                 By:    /s/ Theresa J. Fuentes
                                          THERESA J. FUENTES
                                          Deputy County Counsel

12                                        Lead Attorneys for Intervenors COUNTY OF SANTA
13                                        CLARA, COUNTY OF SAN MATEO, COUNTY OF
                                          SANTA BARBARA