EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
SAMANTHA H. RAMSEY, State Bar No. 230862
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-5345
  Fax: (916) 324-5205
  E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | 2:90-cv-00520 LKK JFM P <br><br> **DECLARATION OF LUCINDA McGILL IN SUPPORT OF DEFENDANTS' REQUEST FOR TEMPORARY RELIEF RE: 256 INTERMEDIATE CARE FACILITY LOW-CUSTODY BEDS AT ATASCADERO STATE HOSPITAL** |

I, Lucinda McGill, declare:

1. I am a Nurse Consultant III Supervisor with the Mental Health Utilization Management Program within the California Department of Corrections and Rehabilitation (CDCR). I have personal knowledge of the facts stated in this declaration and if called to testify to those facts could and would do so competently. I make this declaration in support of Defendants' Request for Temporary Relief Re: 256 Intermediate Care Facility Low-Custody Beds at Atascadero State Hospital.

2. I began working for CDCR in 1997, and in the CDCR Mental Health Utilization Management Program in May 2008. The Mission of Mental Health Utilization Management is

1

Case 2:90-cv-00520-KJM-SCR   Document 3760-2   Filed 12/31/09   Page 2 of 3

twofold: (1) to ensure timely access to care and continuity and quality of care for patients in mental and medical health care services; and (2) to implement a standardized utilization management that will facilitate coordinated, state-wide, evidence-based quality care.

3. I am familiar with this Court's March 31, 2009 Order that clinicians from CDCR and the Department of Mental Health (DMH) work with the *Coleman* Special Master and his experts to conduct a modified needs assessment to determine whether there are unmet needs for inpatient care among members of the *Coleman* class. I am also aware that on June 18, 2009, this Court ordered the assessment expanded to all non-desert CDCR institutions and that Defendants complete it by December 31, 2009.

4. I have been the project lead for the modified needs assessment project since April 2009. In that role, I, along with other CDCR and DMH clinicians, met with the Special Master and his experts to develop a plan for the assessment that would comply with the Court's orders. The plan that we developed included four phases (Phase 1, 2, 3, and 4) and all 28 non-desert institutions. In addition, I have participated in all aspects of the assessment and training, as discussed below.

5. Phases 1 and 2 of the assessment involved 12 institutions: Phase 1 began on April 15, 2009, and Phase 2 ended on May 21, 2009. During Phase 1, CDCR identified and listed the inmate-patients at the institutions to be assessed for a higher level of care referral, which list approximated 1,470 cases.

6. During Phase 2, designated referral teams assessed the list of inmate-patients at the institutions for determination of DMH referral.

7. Defendants designed Phase 3 of the assessment in order to complete review of the cases that remained from Phase 2. In addition, CDCR and DMH staff developed a training module on access to higher level of care that they presented to institutional staff at the 12 institutions. Phase 3 began on July 7, 2009, and ended on October 15, 2009, with the exception of two Phase 2 institutions that were rescheduled to December 2009 due to a Phase 3 schedule change.

2

McGill Decl. in Supp. Defs.' Request for Temp. Relief Re: 256 ICF Low-Custody Beds at ASH
(2:90-cv-00520 LKK JFM P)

8. Phase 4 of the assessment involved review of the remaining 16 non-desert institutions (13 male institutions and 3 female institutions), and included training and team assessments. The last Phase 4 institutional visit occurred on December 29, 2009.

9. CDCR and DMH assessment teams reviewed the approximate 1,470 cases over the course of Phases 2–3. From those 1,470 cases, the teams recommended that approximately 720 cases be referred to a higher level of care. In addition, the training that occurred during Phase 3 resulted in approximately 125 cases being recommended for referral. Some cases, however, are still pending from Phase 3. Moreover, CDCR has not received back, nor processed, all the recommended referrals from Phase 4. The preliminary figures through December 10, 2009, however, show that 13 of the 16 institutions assessed during Phase 4 recommended approximately 130 referrals. Thus, CDCR has not processed all of the recommended referrals from the assessment.

10. Nor have CDCR and DMH staff completed reconciling the data from the nearly 1,000 cases that were recommended for referral as noted above, but that are still pending receipt from CDCR institutions, were paroled, won their Vitek hearing, were rescinded by CDCR, rescinded through the Coordinated Clinical Assessment Team process, deferred for special determinations, or are uncertain. These numbers are pending final reconciliation with the Special Master and his experts. Reconciliation meetings are scheduled for January 27 and 28, 2010.

11. I expect that it will take approximately two months to receive back and process the remaining recommendations for referral from the assessment and another month to evaluate the data and prepare a final report.

I declare that the foregoing is true. Executed this 29 day of December, 2009, at Sacramento, California.

_____
LUCINDA McGILL

CF1997CS0003

3