IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                  No. CIV S-90-0520 LKK JFM P

      vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.               ORDER

/

        Following a hearing on September 22, 2009, defendants were directed to file within forty-five days a detailed long-range bed plan, including activation schedules. See Sept. 24, 2009 Order, at 3. On November 6, 2009, defendants filed a long-range bed plan. On November 30, 2009, plaintiffs filed a response to defendants' plan and a request for evidentiary hearing on certain aspects of the plan. On December 11, 2009, defendants filed a response to plaintiffs' response, and on December 18, 2009, plaintiffs filed a reply and a renewed request for evidentiary hearing. The court has reviewed all of the papers filed by the parties, and has consulted with the special master.

        Several areas of defendants' plan are not in dispute and will be approved by the court. Three areas of dispute require resolution. First, pursuant to the court's September 24, 2009 order, all projects in the long-range plan are to be "fully staffed and activated by the 2013

1

target date" previously established by defendants. Sept. 24, 2009 Order, at 3. The activation schedules for three of the projects in the long-range plan, the Consolidated Care Center (CCC)[1], that part of the Stark conversion project that plans for additional enhanced outpatient program (EOP) beds for both general population (GP) and administrative segregation unit (ASU) inmates (hereafter referred to as the Stark EOP conversion project), and the DeWitt conversion project, reflect "activation" dates in 2013 or 2014, with patient admissions not completed at any of these sites until 2014. For the reasons set forth infra, the court will not approve the Stark EOP conversion project at this time. The special master reports that the mental health crisis bed project proposed for Stark is adequate and recommends its approval. That will be the order of the court. The CCC and the DeWitt conversion project will be approved subject to submission within thirty days of new activation schedules that reflect patient admissions completed to full occupancy for each of these projects by 2013.[2]

With respect to the Stark EOP conversion project, the papers before the court give rise to a concern that this project may not be sufficient to meet the needs of the plaintiff class. The special master reports that this project will require either an increase in the amount of out of cell time for class members housed in that program, or reduction in the number of admissions, or some combination of the two. Defendants report that they "expect[] to double cell up to 141% capacity" in the EOP program at Stark. Declaration of Deborah Hysen in Support of Defendants' Responses to Plaintiffs' Response to Defendants' Long-Range Mental Health Bed Plan and Request for Evidentiary Hearing, filed December 11, 2009, at ¶ 11. The three judge court has ordered defendants to "reduce the population of the CDCR's adult institutions to 137.5% of their

---

[1] Defendants also refer to this facility as the Consolidated Care Facility (CCF). See Cover Sheet to Exhibit # 1 to defendants' Long-Range Mental Health Bed Plan.

[2] In their December 11, 2009 response, defendants represent that on December 7, 2009, the California Department of Finance authorized the California Department of Corrections and Rehabilitation to use a procurement process for the CCC that will enable defendants to complete patient admissions to the CCC by December 24, 2013. Defendants' Response, filed December 11, 2009, at 5.

combined design capacity" as a necessary prerequisite to the provision of constitutionally adequate medical and mental health care.  See Opinion and Order filed Aug. 4, 2009.  This court will not approve the Stark EOP conversion project as long as the project calls for a projected population in excess of 137.5% of the facility's design capacity.  Defendants will be directed to file, within forty-five days, an amended proposal for the Stark EOP conversion project that limits the population accordingly and that meets the concerns for this project identified by the special master.

        Finally, defendants have failed to provide a detailed plan to meet the identified need for the female EOP population.  Defendants' plan is described generally as a plan to convert existing inmate housing to EOP beds, and defendants represent that they are "currently working with the *Plata* Receiver on a health care improvement program at the three women's institutions to determine how best to meet" the needs of this female inmate population.  Defendants also indicate that they anticipate that "any parole, sentencing, and/or credit reforms, and the Three-Judge Court's prisoner release order, will significantly impact the female population." Defendants' Long-Range Plan, filed Nov. 6, 2009, at 10.  The court will consider proposed revisions to the long-range plan should reductions in the inmate population warrant such consideration.  Until the population is reduced, however, defendants will be required to comply with this court's orders concerning long-range planning.  For that reason, defendants will be directed to file, within forty-five days, a detailed plan with activation schedules to meet the long-range bed needs of female EOP inmates identified in the Navigant 2009 spring population projections.

        Defendants include in their long-range bed plan a request for approval of their plan to replace two court-ordered projects, the Salinas Valley State Prison (SVSP) 72-Bed EOP-ASU project and the SVSP 96-Bed EOP-GP Treatment and Office Space and Housing Unit Conversion Project, with one project identified as the SVSP 300 EOP-GP Treatment and Office Space A-Quad Project.  Defendants' request will be granted.

Finally, the special master reports that the parties have agreed that defendants should not be required to describe departures from timeframes, as required by paragraph 2 of the court's June 18, 2009 order, or to report impediments to timely completion of a project, as required by paragraph 6 of the court's September 24, 2009 order, unless a departure or an impediment will delay completion of a project by more than thirty days. That interpretation is hereby approved for both the June 18, 2009 order and the September 24, 2009 order, and incorporated in the requirements of this order, infra.

In accordance with the above, IT IS HEREBY ORDERED that:

1. All projects in defendants' long-range plan, including the mental health crisis bed project at Stark, are approved with the following exceptions:

   a. Defendants' proposed Consolidated Care Center is approved subject to submission within thirty days of a new activation schedule for this project that reflects patient admissions completed to full occupancy by 2013.

   b. Defendants' proposed DeWitt conversion project is approved subject to submission within thirty days of a new activation schedule for this project that reflects patient admissions completed to full occupancy by 2013.

   c. Defendants' proposed Stark EOP conversion project is not approved. Within forty-five days from the date of this order, defendants shall file an amended proposal for the Stark EOP conversion project that limits the population for that facility to no more 137.5% of the facility's design capacity and that meets the concerns identified by the special master.

   d. Defendants have not adequately described their plan to meet the projected needs of the female EOP population. Within forty-five days from the date of this order defendants shall file a detailed plan with activation schedules to meet the long-range bed needs of female EOP inmates identified in the Navigant 2009 spring population projections.

2. Beginning on March 1, 2010, defendants shall report to the special master on a monthly basis all action taken on each project and whether each project remains on schedule or

has been or can be accelerated. Defendants' report shall be in the form of updates to the activation schedules for these projects. For any project that has departed from the promised timeframes defendants shall describe with specificity the reason or reasons for the departure and shall identify individuals or agencies whose acts or failures to act contributed to the departure. These projects shall be reviewed quarterly in conjunction with the court-ordered projects approved by this court on June 18, 2009.

3. Defendants are not required to describe departures from timeframes, as required by paragraph 2 of the court's June 18, 2009 order and paragraph 2 of this order, or to report impediments to timely completion of a project, as required by paragraph 6 of the court's September 24, 2009 order, unless a departure or an impediment will delay completion of a project by more than thirty days.

4. Defendants' request to replace the two court-ordered projects, the SVSP 72-Bed EOP-ASU project and the SVSP 96-Bed EOP-GP Treatment and Office Space and Housing Unit Conversion Project, with one project identified as the SVSP 300 EOP-GP Treatment and Office Space A-Quad Project is granted. The provisions of this court's June 18, 2009 order that governed the replaced projects shall apply in full to the new project.

5. Plaintiffs' request for evidentiary hearing is denied.

DATED: January 4, 2010

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT