1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  JONATHAN L. WOLFF, State Bar No. 193479
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   SAMANTHA RAMSEY, State Bar No. 230862
4  Deputy Attorneys General
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 324-5165
     Fax: (916) 324-5205
7    E-mail: Samantha.Ramsey@doj.ca.gov

8  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDATIONS ON HIS EXPERT'S REPORT ON SUICIDES COMPLETED IN CALENDAR YEAR 2007** |

**INTRODUCTION**

On November 23, 2009, this Court issued an order denying Defendants' motion to modify the report of the *Coleman* Special Master's expert, Raymond F. Patterson, M.D., on suicides committed in the California Department of Corrections and Rehabilitation (CDCR) during calendar year 2007. (Docket No. 3731.) In that same order, the Court invited the Special Master to submit, if at all, the recommendations that Dr. Patterson set forth in his report. (*Id.*) On December 24, 2009, the Special Master requested that this Court adopt those recommendations.

1

(Docket No. 3758.) Under Federal Rule of Civil Procedure 53(f)(2), Defendants submit their objections to the recommendations as follows.

## OBJECTIONS

### A. Objections to Recommendation Number 1.

The Special Master's Recommendation number 1 would require that this Court order Defendants to specifically "identify inmates' known and/or suspected medical problems and medications within these inmates' mental health treatment plans, rather then merely allude to them by reference to other records." (Docket No. 3758 ¶ 1.) Defendants object to this recommendation because it contravenes the Prison Litigation Reform Act (PLRA). The PLRA mandates that prospective relief be narrowly drawn, extend no further than necessary to correct the alleged federal violation, and be the least intrusive means to correct the violation. 18 U.S.C. § 3626.

This recommendation is not narrowly drawn and extends further than necessary to correct the constitutional violation concerning how CDCR implements its suicide prevention program. For instance, the recommendation requires California Department of Mental Health (DMH) and CDCR clinicians to document in an inmate's mental health treatment plan *all* known or suspected medical problems, regardless of whether the mental health treatment plan includes prescribing medication or whether the problem could impact the inmate's mental illness. In addition, the recommendation is not the least intrusive means to correct the violation because it interferes with the discretion and peer review process afforded to the treating clinicians. *Potter v. McCall*, 433 F.2d 1087, 1089 (9th Cir. 1970) (state officials have a wide discretion as to the nature and extent of the medical treatment to be given to inmates and it is not ordinarily the function of the federal courts to interfere with the conduct of state officials in carrying out their duties in determining the nature and character of medical treatment for state prisoners); *Coleman v. Wilson*, 912 F.Supp. 1282, 1324 n.63 (E.D. Cal. 1995) ("The court reiterates that it is fully cognizant of the deference owed to the decision-making authority of prison administrators. The special master will not be appointed to make those decisions for the defendants. . . .") Even accepting the Report's finding

2

Defs.' Objs. to Special Master's Recomm. Re: 2007 Suicide Report (2:90-cv-00520 LKK JFM P)

on this issue, how to address it is best left to DMH and CDCR administrators, as appropriate, not to this Court.

This Court should therefore decline to adopt this recommendation as an order of the Court.

**B.   Objections to Recommendation Number 2.**

The Special Master's Recommendation number 2 would require that this Court order DMH and CDCR to "communicate and collaborate with each other to ensure that the highest level of care provided by DMH to CDCR inmates is given to any inmate who has been determined to need it." (Docket No. 3758 ¶ 2.) Defendants object to this recommendation because it contravenes the PLRA—it is not narrowly drawn, extends further than necessary to correct the constitutional violation, and is not the least intrusive means to correct the violation. 18 U.S.C. § 3626. As shown by Defendants' recent filings, DMH and CDCR are communicating and collaborating with each other to ensure that they provide the highest level of care possible to CDCR inmate-patients. (*See* Docket Nos. 3724 and 3760.) No court order is needed or appropriate.

This recommendation asks for a broad order requiring DMH and CDCR to communicate and collaborate with each other—but yet does not define exactly what that means—and extends further than necessary to correct the constitutional violation concerning how CDCR implements its suicide prevention program. In addition, the recommendation is not the least intrusive means to correct the violation because it interferes with the relationship between CDCR and DMH, and it is not appropriate for this Court to dictate the extent of the relationship that exists between these two independent state entities. *Potter*, 433 F.2d at 1089; *Coleman*, 912 F.Supp. at 1324 n.63.

Defendants further object because the Report's finding on this issue is based on suicides that occurred in Calendar Year 2007. (Docket No. 3677 at 2, 15, 18.) The PLRA requires that, before ordering prospective relief, courts make "[p]articularized findings, analysis, and explanations . . . as to the application of each criteria to each requirement" imposed by its provisions. *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000); *see also Castillo v. Cameron County*, 238 F.3d 339, 354 (5th Cir. 2001). These mandatory findings must be made based on the

3

current record, and cannot be based on prior findings. *See Gilmore v. California*, 220 F.3d 987, 1010 (9th Cir. 2000); *Cason*, 231 F.3d at 784-85.

Here, the Suicide Report contends that DMH did not produce complete documentation concerning suicides of CDCR inmates that occurred within DMH in 2007. (*See* Docket No. 3677 at 2, 15, 18.) Although Defendants dispute this finding (*See* Docket Nos. 3695 at 8 and 3695-3 at 6-7), it is not material to the question before this Court—whether the current record supports recommendation number 2. It does not. (*See* Docket Nos. 3724 and 3760.)

This Court should therefore decline to adopt this recommendation as an order of the Court.

C.  **Objections to Recommendation Number 3.**

The first sentence in the Special Master's Recommendation number 3 would require that this Court order DMH to "accord priority to access to inpatient care for CDCR inmates at DMH facilities, particularly for Level III and Level IV inmates." (Docket No. 3758 ¶ 3.) Defendants object to this recommendation because it contravenes the PLRA—it is not narrowly drawn, extends further than necessary to correct the constitutional violation, and is not the least intrusive means to correct the violation. 18 U.S.C. ¶ 3626.

This recommendation asks for a broad order requiring DMH to accord priority to CDCR inmates housed at DMH facilities based on inmates' custody levels. This recommendation goes beyond any obligation by DMH to provide adequate mental health care to CDCR inmates, and is not relevant to the legal obligation at issue. In addition, it interferes with DMH clinicians' ability to make sound clinical judgments on admission and rejections that are more appropriately based on an inmate's acuity level and need for mental health care, than on their custody levels. Moreover, this recommendation is not the least intrusive means to correct the violation because it inappropriately dictates to DMH where and how it must house Level III and Level IV inmates—it does not address any alleged deficiencies in how DMH assesses suicide risk factors for inmates experiencing changes in mental health functioning. (*See* Docket No. 3758 ¶ 3.) This recommendation appears to be based on the Report's finding surrounding the availability of DMH in-patient beds. (Docket No. 3677 at 17.) While DMH and CDCR do not dispute that there currently is a shortage of available beds for high-custody inmates needing intermediate level of

4

Defs.' Objs. to Special Master's Recomm. Re: 2007 Suicide Report (2:90-cv-00520 LKK JFM P)

care, the suicide report is not the proper vehicle to address this shortage. (Instead, see Defendants' recent long-range mental health bed plans.) Moreover, the current record reflects that DMH and CDCR are addressing the bed needs of CDCR high-custody inmates, and it would be improper to adopt this recommendation as an order of the Court based on the 2007 Suicide Report. *Cason*, 231 F.3d at 784–85; *Gilmore*, 220 F.3d at 1010. In addition, DMH objects to the recommendation to the extent it is based on any findings from the Suicide Report concerning CDCR's treatment settings in Mental Health Crisis Bed units or Outpatient Housing Units. (*See* Docket No. 3758 ¶ 3.)

The last sentence in recommendation number 3 would require that this Court issue an order that states: "DMH must also be held accountable for its decisions on admissions or rejections and for its treatment provided to CDCR inmates, and cannot be permitted to avoid transparency with CDCR on any pretext of patient confidentiality." (Docket No. 3758 ¶ 3.) DMH objects to this recommendation because it contravenes the PLRA because it is not narrowly drawn. 18 U.S.C. § 3626. DMH already provides to the Special Master monthly reports that detail its admissions and provides copies of all rejection letters. (Docket No. 2236.) Thus, based on the current record, DMH is already held accountable for its admissions and rejections, and it would be improper to adopt this recommendation as an order of the Court based on the 2007 Suicide Report. *Carson*, 231 F.3d at 784–85; *Gilmore*, 220 F.3d at 1010. With respect to the last part of this sentence—"[DMH] cannot be permitted to avoid transparency with CDCR on any pretext of patient confidentiality"—Defendants restate their objections to recommendation number 2.

D. **Objections to Recommendation Number 4.**

The third sentence in the Special Master's Recommendation number 4 would require that this Court order that Defendants submit "documentation to the Coleman special master on the outcomes of investigations of staff misconduct, negligence, and error." (Docket No. 3758 ¶ 4.) On June 9, 2005, this Court issued the following order, which was based on suicides that occurred in calendar year 2003:

> The defendants shall provide the special master with a summary description of the methods and outcomes of all investigations whenever the Suicide Report or suicide review process refers any member of the mental health, medical or

5

custody staff, initially judged to have been responsible for some act of incompetence, malfeasance or negligence, to another investigatory and/or disciplinary channel.

(Docket No. 1688.)

CDCR objects to the above portion of recommendation number 4 because it contravenes the PLRA as it is not narrowly drawn and extends further than necessary to correct the constitutional violation. 18 U.S.C. § 3626. This Court has already issued an order on investigations, and the recommendation not only creates a broader obligation, it extends further than necessary to correct the constitutional violation concerning how CDCR implements it suicide prevention program.

DMH objects to the above portion of recommendation number 4 because it does not apply to DMH. DMH was not a party to this case when this Court issued its June 9, 2005 order. (*See* Docket No. 1855, Order dated June 28, 2006, adding DMH as a Defendant.) Nor do the Suicide Reports reflect any determination of staff misconduct, negligence, and/or error on the part of DMH staff for suicides that occurred in DMH facilities. (Docket Nos. 2339 (1999–2004 Compilation Filing), 2566 (2005 Report), 3030 (2006 Report), and 3677 (2007 Report).

Even assuming that prior reports could be read to implicate staff misconduct, negligence, or error concerning a suicide at a DMH facility, this recommendation is not narrowly drawn and extends further than necessary to correct any constitutional violation on DMH's part. It requires the submission of *all* documentation to the *Coleman* special master on the outcomes of investigations of staff misconduct, negligence, and error, without defining what that documentation would be and regardless of whether DMH ever referred that staff member to any investigatory and/or disciplinary channel. In addition, it is not the least intrusive means to correct the violation because it interferes with the discretion afforded DMH officials to investigate any potential misconduct without fear that they will be scrutinized by a third party. *Potter,* 433 F.2d at 1089. Moreover, this recommendation would necessarily be based on prior records, and it

6

would be improper to adopt this recommendation as an order of the Court based on the 2007 Suicide Report. *Carson,* 231 F.3d at 784–85; *Gilmore,* 220 F.3d at 1010. Last, an order requiring that DMH submit documentation on the outcomes of investigations of staff misconduct, negligence, and error, violates the Constitutional right of privacy of DMH staff members.

This Court should therefore decline to adopt this part of recommendation number 4 as an order of the Court.

## CONCLUSION

Based on the foregoing objections, Defendants respectfully request that this Court decline to adopt the above-referenced recommendations of the special master as orders of the Court.

Dated: January 6, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ Debbie J. Vorous

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
30925829.doc

Defendants' Response to Special Master's Recommendations re 2007 Suicide Report (2:90-cv-00520 LKK JFM P)