PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR TEMPORARY RELIEF REGARDING THE 256 INTERMEDIATE CARE FACILITY BEDS AT ATASCADERO STATE HOSPITAL** |

DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR TEMPORARY RELIEF REGARDING THE 256 INTERMEDIATE CARE FACILITY BEDS AT ATASCADERO STATE HOSPITAL - CASE NO. CIV S 90-0520 LKK-JFM

[338863-1]

I, Amy Whelan, hereby declare:

1. I am a member of the Bar of this Court and an associate at Rosen, Bien & Galvan, LLP, counsel of record for the plaintiffs in this case. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify. I make this declaration in support of "Plaintiffs' Opposition to Defendants' Request for Temporary Relief Regarding the 256 Intermediate Care Facility Beds at Atascadero State Hospital."

2. Defendants file their DMH Monthly Bed Utilization Report under seal and provide a copy to plaintiffs' counsel. This report is filed under seal because it includes a complete list of all class members currently waiting for transfer to any level of DMH hospital care. Defendants filed this report showing data for October 2009 on November 17, 2009. *See* Docket 3729. The October data shows that there were 200 *Coleman* class members housed in ICF beds at ASH in October 2009 (the patients listed in cells 1285 through 1597 described as "Still at ASH"), with another 5 scheduled for admission (patients listed in cells 1598-1602) and an additional 6 awaiting scheduling for admission (patients listed in cells 1603-1608). The October data also shows that 619 patients were waitlisted to received ICF care at SVPP, including the 600 patients listed in cells 652-1261 and 19 Penal Code § 1370 patients listed in cells 1262-1280. Although cells 652-1261 add up to 610 patients, defendants skipped cells 724-733, resulting in 600 patients, not 610.

3. Defendants filed their DMH Monthly Bed Utilizaton Report report showing data for November 2009 on December 17, 2009. *See* Docket 3752. The November data shows that there were 196 *Coleman* class members housed in ICF beds at ASH (the patients listed in cells 1236 through 1460 described as "Still at ASH"), with another 18 awaiting scheduling for admission (patients listed in cells 1461-1478). The November data also shows that 608 patients were waitlisted to received ICF care at SVPP, including the 592 patients listed in cells 628-1219 and 16 Penal Code § 1370 patients listed in cells 1220-1235.

4. Defendants also produce two monthly reports to plaintiffs' counsel entitled "A California Department of Corrections and Rehabilitation Division of Correctional Health Care Services Inmates Referred to DMH Settings for Treatment" and "Department of Mental Health

1

DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR TEMPORARY RELIEF REGARDING THE 256 INTERMEDIATE CARE FACILITY BEDS AT ATASCADERO STATE HOSPITAL - CASE NO. CIV S 90-0520 LKK-JFM

[338863-1]

Summary Monthly Report of CDC Patients in DMH Hospitals Cumulative Total of All Patients Treated During the Month." I reviewed both of these reports to determine how many patients were admitted to an ASH ICF bed in the same month they were referred for October and November of 2009. Plaintiffs are prepared to file sealed copies of these reports if the Court wishes to review them. I am unable to file public copies because both reports include confidential class member information including names and CDC numbers.

5. During October of 2009, the male prisons referred 68 patients to ASH or ASH/CSH beds, including 1 from California Correctional Institution (CCI), 3 from California Institution for Men (CIM), 26 from California Men's Colony (CMC), 22 from California Medical Facility (CMF), 1 from California State Prison, Corcoran (COR), 1 from Mule Creek State Prison (MCSP), 4 from R.J. Donovan Correctional Facility (RJD), 8 from San Quentin State Prison (SQ), 1 from Substance Abuse Treatment Facility (SATF), and 1 from Wasco State Prison (WSP). I then reviewed the "Department of Mental Health Summary Monthly Report of CDC Patients in DMH Hospitals Cumulative Total of All Patients Treated During the Month" data to determine whether any of those patients actually reached an ASH bed in the same month they were referred. This report lists the names and CDC numbers of all men treated at ASH at any time during the relevant month. For the month of October, ASH admitted only 10 of the 68 patients for ICF care. It is important to note that two prisons, California State, Sacramento (CSP-SAC), and Deuel Vocational Institute (DVI) referred an additional 13 and 5 patients to "ICF care." Because those two prisons failed to specify the specific ICF program to which they were referring those patients (e.g. ASH, CSH, SVPP, or CMF), I excluded these referrals from my calculation. I did confirm, however, that ASH did not admit any of those 18 patients in the month of October.

6. I did a similar analysis for defendants' November data. During November 2009, the male prisons referred 22 patients to ASH or ASH/CSH beds, including 1 from Avenal State Prison (ASP), 3 from California Institution for Men (CIM), 5 from California Medical Facility (CMF), 5 from California Men's Colony (CMC), 4 from San Quentin State Prison (SQ), 1 from

2

DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR TEMPORARY RELIEF REGARDING THE 256 INTERMEDIATE CARE FACILITY BEDS AT ATASCADERO STATE HOSPITAL - CASE NO. CIV S 90-0520 LKK-JFM

[338863-1]

Mule Creek State Prison (MCSP), 1 from Sierra Conservation Center (SCC), and 2 from Substance Abuse Treatment Facility (SATF). I then reviewed the "Department of Mental Health Summary Monthly Report of CDC Patients in DMH Hospitals Cumulative Total of All Patients Treated During the Month" data to determine whether any of those patients actually reached an ASH bed in the same month they were referred. For the month of November, ASH admitted only 1 of the 22 patients for ICF care. It is important to note that three prisons, California State Prison, Solano (SOL), R.J. Donovan (RJD) and Salinas Valley State Prison (SVSP) referred an additional 9 patients to "ICF care." Because those prisons failed to specify the specific ICF program to which they were referring those patients (e.g. ASH, CSH, SVPP, or CMF), I excluded these referrals from my calculation. I did confirm, however, that ASH did not admit any of those 9 patients in the month of October.

I declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct, and that this declaration was executed this 8th day of January, 2010, in San Francisco, California.

*/s/ Amy Whelan*
Amy Whelan