EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
SAMANTHA RAMSEY, State Bar No. 230862
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-5345
  Fax: (916) 324-5205
  E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AND RELIEF RE: THE DEWITT CONVERSION PROJECT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: March 22, 2010<br>Time:           10:00 a.m.<br>Courtroom:  Dept 4, 15th Floor<br>Judge: Lawrence K. Karlton, Senior Judge |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants move this Court to reconsider and relieve Defendants of the following italicized portion of its January 4, 2010 order: "Defendants' proposed DeWitt conversion project is approved *subject to submission within thirty days of a new activation schedule for this project that reflects patient admissions completed to full occupancy by 2013.*" (Italics added.) (Docket No. 3761 ¶ 1.b.) Defendants ask this Court to reconsider the

1

1  above-referenced part of its January 4, 2010 order under Federal Rule of Civil Procedure 60(b)(6)
2  on the ground that there are "extraordinary circumstances" that justify relief—under current State
3  law, Defendants cannot accelerate the project by 11 months to 2013, and thus they cannot in good
4  faith submit a revised activation schedule that reflects patient admissions completed to full
5  occupancy by 2013.
6        This motion is based on this notice of motion, the supporting memorandum of points and
7  authorities, the pleadings, records and files in this action, and such other matters as may properly
8  come before the Court.
9  Dated: February 1, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On January 4, 2010, this Court approved Defendants' proposed Dewitt conversion project subject to Defendants submitting a new activation schedule for the project that reflects patient admissions completed to full occupancy by 2013. However, the Defendants have not, at this time, identified ways to accelerate the project to 2013 that comply with state law. Accordingly, they cannot in good faith submit an activation schedule that reflects full occupancy by 2013.

The Defendants were prepared to meet, and continue to be prepared to meet, the timelines set forth in their November 6, 2009 activation schedule for this project. And they were prepared and continue to be prepared to identify ways to accelerate the November 6, 2009 schedule on an ongoing basis. Moreover, Defendants complied with this Court's September 24, 2009 order to identify State laws that, if waived, would permit Defendants to accelerate this project. In fact, Defendants specifically identified the State's environmental review process and its public contracting laws as State laws that extend the project's completion date. But the Plaintiffs did not request that the Court waive any State laws, and this Court has not authorized the State to exceed its authority under existing State law.

Defendants therefore request that this Court reconsider its January 4, 2010 order and relieve Defendants of the obligation to submit a new activation schedule that reflects patient admissions completed to full occupancy by 2013, because extraordinary circumstances exist to justify relief.

## BACKGROUND

On September 24, 2009, this Court ordered that Defendants file with the Court a detailed long-range mental health bed plan, including activation schedules with timetables reflecting that the projects will be fully staffed and activated by 2013. (Docket No. 3686 ¶ 2.) On November 6, 2009, Defendants submitted a comprehensive, long-range mental health bed plan, including activation schedules. (Docket No. 3724-2.) As one of their long-range projects, Defendants proposed to renovate Dewitt—a former Division of Juvenile Justice institution—to provide

3

housing and treatment space for *Coleman* class members.  (Docket No. 3724–2 at 7, 10–11.)  In addition, Defendants informed the Court that they scheduled admissions for Dewitt in 2014 pending successful completion of the environmental review process for the project.  (*Id.* at 9 n.6, 51.)  The review process under the California Environmental Quality Act (CEQA) is set to start on April 22, 2010 and end on March 18, 2011.  (*Id.*)  Thereafter, the construction phase, including the development of construction documents, is set to start on May 16, 2011 and end on February 2, 2014.  (*Id.*)

Additionally, Defendants noted that they would identify in their November 12, 2009 prisoner reduction plan potential state law waivers that could apply to accelerate construction and activation of, among other projects, the Dewitt conversion project.  (Docket No. 3724–2 at 9, n.6.)  In Defendants' prisoner reduction plan, they clearly identified state laws that lengthen the construction and activation period beyond the 2013 timeframe—CEQA (Public Resources Code sections 21000–21177) and various Public Contract Code Sections that cover the approval and competitive bidding rules and requirements for State contracts.  (Docket No. 2274 at 20–21.)

Plaintiffs objected to Dewitt's 2014 activation date, but this Court appropriately placed the burden to request State law waivers on the Plaintiffs, and they did not request any waivers of either CEQA or the Public Contract Code.  (Docket No. 3733.)  Defendants responded to Plaintiffs that the timeline they submitted for the Dewitt project reflected the most realistic and reasonable timeframe to complete the project.  (Docket No. 3747–2 ¶¶ 6-7.)

On January 4, 2010, this Court approved Defendants proposed Dewitt conversion project subject to their submitting a new activation schedule that reflects patient admissions completed to full occupancy by 2013.  (Docket No. 3761 ¶ 1.b.)

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(6) provides that a court may relieve a party from an otherwise final judgment or order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice.  *Gonzalez v. Crosby*, 545 U.S. 524, 542 (2005) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)).  A movant

4

1  seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying

2  relief.  (*Id.* at 536.)  "Extraordinary circumstances" typically means that the movant is without

3  fault.  *Ackerman v. United States*, 340 U.S. 193, 195–97 (1950).

## ARGUMENT

Extraordinary circumstances exist here to grant Defendants relief from the requirement that they submit an activation schedule with which they cannot actually comply.  Defendants cannot accelerate the Dewitt project to 2013 under current state law.  At this time, Defendants have put forward a realistic schedule that complies with state law, and although permitting state officials to act in excess of state law could be a valid exercise of this Court's equitable powers under *Stone v. City and County of San Francisco,* this Court has not waived any laws to permit Defendants to accelerate the project.  968 F.2d 850, 862 (9th Cir. 1992).  Moreover, this Court has appropriately placed the burden on Plaintiffs, not Defendants, to seek waivers of state laws, but they have not done so.  (Docket No. 3686 ¶ 4.)  Under these circumstances, Defendants are not at fault for this situation.

This Court ordered Defendants to submit a detailed schedule for completing and activating the Dewitt project, and Defendants complied.   Defendants have demonstrated that they cannot accelerate full inmate occupancy to 2013 under current state law.  Defendants cannot complete the design, construction, and activation portion of the Dewitt conversion project, and then fully occupy the facility by 2013, because of, among other things, the lengthy CEQA review process (Docket No. 3724–2, 51.)    The CEQA review is set to start on April 22, 2010 and end on March 18, 2011—accounting for a total of 330 days.  The completion of CEQA and approval of preliminary plans is a necessary precursor to the commencement of working drawings.  (*Id.*)  Defendants must also complete competitive bidding requirements for State contracts.  (*Id.*)  Those time frames, which are set to commence once the CEQA review process is completed on March 18, 2011, start on or about March 28, 2011 and end on or about February 21, 2014—accounting for a total of nearly 3 years, and the scope of tasks necessary to activate and admit patients to the completed structures, extend the timeline for the project further into 2014.  (*Id.*)  The preliminary

1 plans, if commenced timely in accordance with the Activation Schedule submitted for the project,
2 would not be completed until shortly after the anticipated CEQA completion. (*Id.*) Additionally,
3 CDCR would have to complete a biddable set of construction documents, which are not
4 scheduled to be completed until November 2011. (*Id.*) Upon a bid award, CDCR would then
5 proceed to construct the facility over an approximate 24-month period. (*Id.*) And the Dewitt
6 project is not a good candidate for use of the "design-build" approach to accelerate construction.
7 (Docket No. 3747–2 ¶ 8.) Thus, current state law, and its practical application, prohibits
8 Defendants from accelerating this project to 2013.

9 Additionally, Defendants are without fault for this situation. Defendants must comply with
10 State laws. Further, Defendants have complied with this Court's September 24, 2009 order to
11 identify State laws that, if waived, would permit Defendants to accelerate this project. (Docket
12 No. 3686 ¶ 4.) For instance, in Defendants' prisoner reduction plan, they identified CEQA and
13 stated that in many instances it may lengthen the construction timeline. (Docket No. 2274–1 at
14 20–21.). With respect to the Dewitt conversion project, the CEQA process is estimated to last
15 approximately 330 days in duration, the majority of which overlaps with the required preliminary
16 plan development. (Docket No. 3724–2 at 51.) The Plaintiffs have the burden to request State
17 law waivers, but they have not asked this Court to waive any laws, nor has the Court relieved
18 Defendants of their obligation to comply with State law.

19 Accordingly, because Defendants have demonstrated "extraordinary circumstances" to
20 justify relief from this Court's January 4, 2010 order concerning the Dewitt conversion project,
21 this Court should grant Defendants' motion for reconsideration.

22 **CONCLUSION**

23 For the above reasons, Defendants respectfully request that the Court reconsider its January
24 4, 2010 order and relieve Defendants of the requirement that they submit a new activation
25 / / /
26 / / /
27 / / /
28 / / /

6

Defs.' Not. Of Mot. and Mot. for Reconsid. Re: Dewitt Conversion Proj.; Memo. Of Points and Authorities
(2:90-cv-00520 LKK JFM P)

1  schedule for the Dewitt conversion project that reflects patient admissions completed to full
2  occupancy by 2013.

4  Dated: February 1, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

11  CF1997CS0003

7