1   EDMUND G. BROWN JR.
    Attorney General of California
2   JONATHAN L. WOLFF
    Senior Assistant Attorney General
3   DEBBIE J. VOROUS, State Bar No. 166884
    SAMANTHA H. RAMSEY, State Bar No. 230862
4   Deputy Attorneys General
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone:  (916) 324-5345
      Fax:  (916) 324-5205
7     E-mail:  Samantha.Ramsey@doj.ca.gov

8   Attorneys for Defendants

9                  IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                       SACRAMENTO DIVISION

12

13  RALPH COLEMAN, et al.,                    2:90-cv-00520 LKK JFM P

14                              Plaintiffs,   DEFENDANTS' REPLY TO
15                                            PLAINTIFFS' OPPOSITION TO
                                              DEFENDANTS' OBJECTIONS TO
16           v.                               THE 2007 SUICIDE REPORT

17  ARNOLD SCHWARZENEGGER, et al.,

18                              Defendants.

19

20

21

22

23

24

25

26

27

28
                                   1

| Acronym List | |
|---|---|
| **Term** | **Definition** |
| **CDCR** | California Department of Corrections and Rehabilitation |
| **PLRA** | Prison Litigation Reform Act |

2

## INTRODUCTION

Defendants here reply to Plaintiffs' assertion that Defendants waived their Prison Litigation Reform Act (PLRA) objections to the 2007 Suicide Report.  The Plaintiffs misconstrue the Order of Reference to suggest that Defendants missed the opportunity to raise their PLRA objections.  In fact, Defendants raised their PLRA objections at the earliest possible and appropriate procedural opportunity, and nothing in the Order of Reference or the Federal Rules of Civil Procedure prohibit Defendants' objections.

With respect to Plaintiffs' remaining substantive arguments that the recommendations at issue comply with the PLRA, Defendants submit on their January 6, 2010 objections.[1]  (Docket # 3762.)

## ARGUMENT

**I.    DEFENDANTS DID NOT WAIVE THEIR OBJECTIONS TO THE REPORT.**

The Plaintiffs' mistakenly conclude that two provisions in the Order of Reference prohibit Defendants' current objections to the 2007 Suicide Report.  But the provisions that Plaintiffs rely upon are inapposite to the present situation.  The Order of Reference does not address the current procedural posture of this matter, and the Federal Rules of Civil Procedure clearly permit Defendants' objections.

**A.    The Order of Reference is Inapposite Given the Current Procedural Posture of Defendants' Objections.**

Plaintiffs argue that Defendants' objections should be rejected because they are not identical to the written objections that Defendants submitted to the Special Master on July 28, 2009.  (Pls.' Opp'n at 4:24-26.)  It is true that the Order of Reference requires identical objections

---

[1] Plaintiffs point out that Defendants' citation to *Potter v. McCall,* 433 F.2d 1087, 1089 (9th Cir. 1970), is found in the dissenting opinion in that case.  Nonetheless, Defendants' point— *i.e.,* that it is not ordinarily the function of the federal courts to interfere with the conduct of state officials in carrying out their duties of determining the nature and character of medical treatment for state prisoners—remains good law by virtue of the dissent's citation to *United States ex rel. Lawrence v. Ragen,* 323 F.2d 410 (7th Cir. 1963).  That prison officials enjoy wide discretion as to the nature and extent of medical treatment given to prisoners is also clearly supported by *Snow v. Gladden,* 338 F.2d 999, 1001 (9th Cir. 1964), *Mayfield v. Craven,* 299 F. Supp. 1111, 1113 (E.D. Cal. 1969), and their progeny.

Defs. Reply. to Pls. Opp. to Defs. Obj. to Special Master's Recs. Re 2007 Suicide Report
(2:90-cv-00520 LKK JFM P)

1   whenever a party moves to reject or modify one of the Special Master's compliance reports.

2   Order at 8:10-14.  And Defendants did that when, after the Special Master filed the 2007 Suicide

3   Report, they timely moved to modify the report on October 1, 2009.  But at that time, Defendants

4   objected to the substance of the report becoming the Court's findings of fact and conclusions of

5   law.  The Court had not proposed to issue, nor does the Order of Reference contemplate, an order

6   for injunctive relief stemming from one of the Special Master's compliance reports.

7           The Court subsequently denied Defendants' motion, and on December 24, 2009 the Special

8   Master requested that the Court adopt the recommendations of the 2007 Suicide Report as orders

9   of the Court.  This was the first time that the recommendations in the 2007 Suicide Report were

10  presented to the Court as a request for injunctive relief, and Defendants timely objected to the

11  new request on January 6, 2010.  Moreover, Defendants objections were tailored to the new

12  request before the Court.  The Court is responsible for ensuring that the requirements of the

13  PLRA are satisfied when ordering prospective relief in any civil action with respect to prison

14  conditions.  18 U.S.C. §3626(a)(1).  Thus, when the Special Master first requested that the Court

15  issue such an order, Defendants raised their PLRA objections.

16          **B.     The Federal Rules of Civil Procedure Permit Defendants' Objections.**

17          Because Defendants timely and appropriately objected to the December 24, 2009 filing, the

18  Court should fully consider their objections.  Federal Rule of Civil Procedure 53(f)(1), (2)

19  provides:

20          (1)  In acting on a master's order, report, or recommendations, the court must give
21          the parties notice and an opportunity to be heard; may receive evidence; and may
            adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the
22          master with instructions.  (2) A party may file objections to—or a motion to adopt
            or modify—the master's order, report, or recommendations no later than 21 days
23          after a copy is served, unless the court sets a different time.

24          Defendants' objections clearly satisfy the rule.  The Special Master filed the new request

25  for an order imposing injunctive relief on December 24, 2009, and Defendants filed their

26  objections on January 6, 2010, eight court days later, within the timeframe allowable by Fed. R.

27  Civ. Proc. 53(f)(2).  Because Defendants' January 6, 2010 objections responded directly to the

28  request before the Court, and they were made timely, the Court should consider them.

4

1

**<u>CONCLUSION</u>**

2      Defendants' January 6, 2010 objections to the 2007 Suicide Report were timely submitted

3   and should be fully considered by this Court on the merits established in their moving papers.

4   Plaintiffs' arguments that Defendants' objections are untimely contradict the record and

5   misconstrue the Order of Reference.  For those reasons, the opposition should be denied.

6

7   Dated:  February 5, 2010

    Respectfully submitted,

8
                                    EDMUND G. BROWN JR.
                                    Attorney General of California
9                                   JONATHAN L. WOLFF
                                    Senior Assistant Attorney General
10                                  DEBBIE J. VOROUS
                                    Deputy Attorney General
11

12                                  */s/  Samantha H. Ramsey*

13                                  SAMANTHA H. RAMSEY
                                    *Attorneys for Defendants*
14

15   CF1997CS0003

16

17

18

19

20

21

22

23

24

25

26

27

28

5