IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                      No. 2:90-cv-0520-LKK-JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                  <u>ORDER</u>

/

        Pursuant to court order, this matter came on for status conference on March 29, 2010. Michael Bien, Esq., appeared as counsel for plaintiffs. Debbie Vorous, Deputy Attorney General, appeared as counsel for defendants. The status conference was set in an order filed nearly one month after formal completion of the Mental Health Assessment and Referral Project (hereafter referred to as MHARP), which began in March 2009 and concluded at the end of December 2009. Under MHARP, defendants, with the guidance of the special master, conducted a special assessment of unmet need for inpatient hospital care among <u>Coleman</u> class members. The purpose of the status conference was for the court to

> hear from defendants concerning the steps they have taken and are taking to ensure that the referral and transfer of inmates to higher levels of care is proceeding in a way that will avoid the need for any future special assessments of unmet need and will ensure that

/////

1

those who required inpatient care are referred and admitted in a timely manner.

Order, filed January 27, 2010, at 7. Plaintiffs and defendants both filed status conference statements accompanied by evidentiary material, including, with plaintiffs' report, a copy of the MHARP report prepared by defendants and submitted to the special master.

It is evident from review of the papers filed by the parties and information provided by the special master that MHARP represented a substantial undertaking and that the assessment process was conducted in a thorough and diligent manner. It is also evident that defendants have, as they report, taken "incremental steps toward establishing a sustainable process of identification and referral for those inmate-patients who need a higher level of care." Defendants' Status Report, filed March 26, 2010, at 10. At this juncture, it is critical that defendants continue that progress. To that end, the special master will be directed to monitor defendants' implementation of their policies and practices regarding referral and transfer of <u>Coleman</u> class members for inpatient care. The special master's monitoring shall include, as necessary, collection, review and analysis of relevant data. If at any point during monitoring it becomes apparent to the special master that deficiencies in defendants' implementation of said policies and practices threaten the sustainability of the process, he shall take all steps necessary to ensure that defendants correct such deficiencies. The special master shall report to the court on defendants' identification and referral process by the end of the year, either in his regular monitoring report or in a special report.

As with the Unidentified Needs Assessment conducted in 2004 and 2005, MHARP resulted in identification of a significant number of inmates who needed but had not been referred for inpatient care. As a result of MHARP, the number of high custody inmates on the wait list for inpatient care had grown, by February 28, 2010, to approximately 574 male

////

////

inmates waiting for intermediate care and 64 male inmates waiting for acute inpatient care.[1]  In addition, there was a wait list for female admissions to inpatient care.  The size of the wait lists suggests that the short-term bed projects that have and will come on line will not be sufficient to eliminate the wait lists for inpatient care.  Further, defendants' long-term bed projects will not be activated for three years.  Defendants must forthwith direct their attention to solving the ongoing, and growing, problem of these wait lists.  To that end, defendants will be directed to meet with the special master over the next ninety days to develop a plan to address this serious and substantial problem.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The special master shall monitor defendants' implementation of their policies and practices regarding referral and transfer of <u>Coleman</u> class members for inpatient care.  This monitoring shall include, as necessary, collection, review and analysis of relevant data.  If at any point during monitoring it becomes apparent to the special master that the sustainability of defendants' inpatient referral process is jeopardized by deficiencies uncovered during monitoring, he shall take all steps necessary to ensure that defendants correct such deficiencies.  The special master shall report to the court on defendants' identification and referral process by the end of the year, either in his regular monitoring report or in a special report.

2. Within ninety days, under the guidance of the special master defendants shall work together to develop a plan to reduce or eliminate the wait lists for inpatient care and, in the interim, to better serve the treatment needs of <u>Coleman</u> class members placed on such lists.  The

/////
/////
/////
/////

---

[1] The number of inmates waiting for acute inpatient care had apparently grown to 97 by March 16, 2010.

special master shall consult with plaintiffs as appropriate during this process. The plan shall be filed with the court within one hundred twenty days from the date of this order.

DATED: March 30, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT