DOWNEY BRAND LLP
STEVEN P. SAXTON (SBN 116943)
DAVID R.E. ALADJEM (SBN 152203)
ELLEN L. TRESCOTT (SBN 252082)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone:   (916) 444-1000
Facsimile:   (916) 444-2100
ssaxton@downeybrand.com
daladjem@downeybrand.com
etrescott@downeybrand.com

*Attorneys for Respondent*
California Department of Corrections and Rehabilitation in related case of *California Correctional Peace Officers Association v. California Department of Corrections and Rehabilitation, et al.*, Case No. 2:10-cv-01131 FCD DAD (E.D. Cal.)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| RALPH COLEMAN, et al.<br><br>          Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>          Defendants. | Case No. 2:90-cv-00520 LKK JFM<br><br>**NOTICE OF RELATED CASE**<br><br>L.R. 123 |

Pursuant to Local Rule 123, Respondent/Defendant California Department of Corrections and Rehabilitation ("CDCR") submits this Notice of Related Case. The following cases are related:

*Ralph Coleman, et al. v. Arnold Scharzenneger, et al.*,
Case No. 2:90-cv-00520 LKK JFM (E.D. Cal.) ("*Coleman*")

1076046.1

1

NOTICE OF RELATED CASE

*California Correctional Peace Officers Association v. California Department of Corrections and Rehabilitation, et al.*, Case No. 2:10-cv-01131 FCD DAD (E.D. Cal.) ("*CCPOA*").

These two cases are related because: (1) CDCR is a defendant in the *Coleman* case and a respondent in the *CCPOA* case; (2) both cases involve the same property, in particular the California Men's Colony ("CMC") in San Luis Obispo, California, and more generally the various CDCR facilities statewide where CDCR plans to undertake *Coleman* court-ordered projects; (3) both cases involve the same transaction or event because the *CCPOA* case challenges actions taken by CDCR to satisfy the remedial scheme set forth in *Coleman*; (4) both cases involve similar questions of fact and law because the petitioner in *CCPOA* seeks remedies that conflict with CDCR's federal constitutional obligations as set forth in *Coleman*; and (5) assignment of both cases to the Honorable Senior Judge Lawrence K. Karlton, who now presides over the *Coleman* case, is likely to effect a substantial savings of judicial effort because of Judge Karlton's familiarity with CDCR's mental health care projects (particularly the "50 Mental Health Crisis Beds" project at CMC), and because the same result should follow in both actions.

*Coleman* is a class action brought on behalf of prison inmates with serious mental health conditions. In *Coleman*, Judge Karlton has issued a series of orders requiring CDCR to provide additional beds and treatment space for the care and housing of inmates with serious mental health conditions. These orders require CDCR to adhere to court-approved "activation schedules" for each remedial project, and to construct and activate each project by a specific end date. CDCR and the Special Master in *Coleman* have cooperated in planning for the construction of these mental health care projects, and the *Coleman* Special Master has engaged in significant planning and negotiations with CDCR regarding the siting, design, construction and funding for the 50 Mental Health Crisis Beds project at CMC and other projects statewide.

The *CCPOA* case involves claims brought under the California Environmental Quality Act ("CEQA") challenging the adequacy of the Mitigated Negative Declaration that CDCR prepared for the 50 Mental Health Crisis Beds project at CMC. One such claim is that all of the court-ordered remedial projects in *Coleman* should undergo a comprehensive environmental review process under CEQA, before each project undergoes further project-specific environmental review. Accordingly, the claims at issue in *CCPOA* are closely related to the orders issued by Judge Karlton in *Coleman* requiring the expedited provision of mental health care beds and treatment space.

Moreover, the outstanding issue of federal court jurisdiction over the *CCPOA* action is best resolved by Judge Karlton because it will include analysis of court orders and events in the *Coleman* litigation. Petitioner *CCPOA* seeks a remand of this case following its removal by CDCR from the State of California Superior Court in the County of San Luis Obispo to the United States District Court in the Central District of California, Western Division. CDCR removed under 28 U.S.C. § 1442, the "federal officer removal statute." Judge Walter in the Central District Court transferred the *CCPOA* action to this Court on May 7, 2010, without deciding the remand motion, noting that "it is clear that Judge Karlton, who has presided over the *Coleman* case for the last 20 years, is in a far better position to decide to what extent, if any, the orders in *Coleman* relate to and affect the issues presented in this case." (*See* Declaration of S. Saxton, attached hereto.)

In sum, the *CCPOA* and *Coleman* cases involve certain of the same parties, transactions and questions of fact and law, and assignment of this case to Judge Karlton will result in substantial savings of judicial effort. Because Judge Karlton is already familiar with CDCR's ongoing efforts in *Coleman* to plan and complete new mental health care projects, relating the cases will avoid duplication of effort and ensure that any orders issued in the two cases will not be inconsistent with one another.

Under Local Rule 123(c), the case with the lower or lowest case number is *Coleman v. Scharzenneger*, Case No. 2:90-cv-00520 LKK JFM P (E.D. Cal.).

Dated: May 10, 2010                    DOWNEY BRAND LLP


                                       By: /s/ Steven Saxton
                                           STEVEN P. SAXTON
                                           Attorney for Respondent/Defendant
                                           California Department of Corrections
                                           and Rehabilitation

1076046.1

4

NOTICE OF RELATED CASE

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be e-filed on May 10, 2010 and will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

                                /s/ Steven P. Saxton
                                Steven P. Saxton