|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | **PRIORITY SEND** |
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-1759-JFW (SSx)**                                       Date: May 7, 2010

Title:   California Correctional Peace Officers Association -v- California Department of Corrections and Rehabilitation, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a) [filed 4/9/10; Docket No. 12]; and

ORDER DECLINING TO ADDRESS PETITIONER CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION'S MOTION FOR REMAND AND FOR COSTS AND EXPENSES [filed 04/09/10; Docket No. 11]

On April 9, 2010, Petitioner California Correctional Peace Officers Association ("Petitioner") filed a Motion for Remand and for Costs and Expenses ("Motion for Remand").  On April 19, 2010, Respondent California Department of Corrections and Rehabilitation ("Respondent") filed its Opposition.  On April 26, 2010, Petitioner filed a Reply.  On April 9, 2010, Respondent filed a Motion to Transfer Venue to the Eastern District of California Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer").  On April 19, 2010, Petitioner filed its Opposition.  On April 26, 2010, Respondent filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for May 10, 2010, is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

On February 4, 2010, Petitioner filed a Petition for Writ of Administrative Mandamus ("Petition") in the San Luis Obispo Superior Court.  In the Petition, Petitioner alleges that Respondent has violated the California Environmental Quality Act (California Public Resources

Code §§ 2100, *et seq.*), and the California Environmental Quality Act Guidelines (Title 14, California Code of Regulations §§ 15000, *et seq.*) (collectively, "CEQA"). Petitioner challenges Respondent's approval of a 50-bed mental health crisis facility at California's Men's Colony in San Luis Obispo, California, and the Mitigated Negative Declaration prepared in connection with that project. Petitioner alleges, among other things, that Respondent's analysis of the project's environmental effects was incomplete and inadequate.

On March 10, 2010, Respondent filed its Notice of Removal of Action under 28 U.S.C. § 1442(a)(1), (3) ("Notice of Removal"), alleging federal officer removal because the 50-bed mental health crisis facility at California's Men's Colony in San Luis Obispo, California is a project ordered by the federal court in *Coleman v. Schwarzenegger*, Case No. 2:90-cv-00520-LKK-JFM. Petitioner has now filed a Motion for Remand, asking that this action be remanded to San Luis Obispo Superior Court. Respondent has filed a Motion to Transfer, requesting the transfer of this action pursuant to Section 1404(a) to the United States District Court for the Eastern District of California, which is where the *Coleman* case is pending.

While Petitioner requests that this Court decide its Motion for Remand before deciding Respondent's Motion to Transfer, the Court need not do so. *Public Employees' Retirement System of Mississippi v. Stanley*, 605 F.Supp. 2d 1073, 1075 (C.D. Cal. 2009) ("Given Defendants' sound arguments for transfer, this Court concludes that it should not address the motion to remand before transfer."). As the Court in *Public Employees' Retirement System of Mississippi*, 605 F.Supp. 2d at 1075, stated:

> A decision to transfer for inconvenient forum is not a decision on the merits and therefore does not require a finding of jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). Section 1404(a) codifies inconvenient forum doctrine. Transfer under § 1404(a) is simply "a determination that the merits should be adjudicated elsewhere" and does not invoke "substantive law-declaring power." *In re LimitNone, LLC*, 551 F.3d 572, 576-77 (7th Cir.2008) (quoting *Sinochem*, 549 U.S. at 432, 127 S.Ct. 1184 and applying *Sinochem* to § 1404(a)).

*See, also, In re LimitNone, LLC*, 551 F.3d at 576 (upholding district court's decision to decide motion to transfer before motion to remand because "[t]he relative ease of determining venue before subject-matter jurisdiction is an issue of judicial economy").

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once the Court has determined that venue is proper in the transferor and transferee districts, the Court turns to "the central inquiry of a § 1404(a) motion" - the convenience of the parties and witnesses and the interests of justice." *Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. June 8, 1999). In determining the convenience of the parties and witnesses and the interests of justice, the Court may consider multiple factors, including, *inter alia*: (1) the plaintiff's choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiff's claims for relief in the chosen forum; (4) the ease of access to sources of proof; (5) familiarity of each forum with applicable law; and (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses. *See, e.g., Jones*, 211 F.3d at 498-99.

In this case, neither party disputes that venue is proper in this District. Petitioner argues that the United States District Court for the Eastern District of California would not have subject matter jurisdiction over this action, and, thus, venue is improper. However, Petitioner does not argue that venue is improper in the United States District Court for the Eastern District of California for any reason other than the alleged lack of subject matter jurisdiction. Moreover, Petitioner does not dispute that federal question jurisdiction exists in an action properly removed under Section 1442 or that a case removed under Section 1442 cannot be transferred, only that this case was improperly removed under Section 1442. *See, e.g., Reed v. Fina Oil & Chemical Co.*, 995 F.Supp. 705, 712-17 (holding that removal under Section 1442 was proper, and then transferring action to another district pursuant to Section 1404). Thus, without ruling on the merits of Petitioner's Motion for Remand, the Court finds that venue is proper in the United States District Court for the Eastern District of California. As set forth below, the Court also finds that Respondent has met its burden of establishing that transfer of this action to the United States District Court for the Eastern District of California will serve the convenience of the parties and will promote the interest of justice.

It is undisputed that Petitioner has offices in both this District and the Eastern District of California, and that Respondent is headquartered in Sacramento, California, which is in the Eastern District of California. *See, Los Angeles Memorial Coliseum Commission v. National Football League*, 89 F.R.D. 497, 500-01 (C.D. Cal. 1981) (holding that location of parties and attorneys is relevant to question of convenience). It is also undisputed that counsel for Respondent is located in the Eastern District of California, and that counsel for Petitioner has offices in the Eastern District of California, though the primary counsel assigned to this case are located in this District. *Id.* It is further undisputed that the convenience of witnesses is not a factor because this is a CEQA case that will be decided on the administrative record. Therefore, the convenience of the parties weighs in favor of transferring this action to the United States District Court for the Eastern District of California.

In addition, it would be in the interest of justice and judicial economy to transfer this case to the United States District Court for the Eastern District of California. Respondent argues that it "is under current detailed orders by the Honorable Judge Lawrence K. Karlton" in the case of *Coleman v. Schwarzenegger*, Case No. 2:90-cv-00520-LKK-JFM, and that the orders in the *Coleman* case not only provide the basis for federal officer removal pursuant to Section 1442 in

this case, but will also significantly affect the outcome of this action. While Petitioner disputes Respondent's arguments, it is clear that Judge Karlton, who has presided over the *Coleman* case for the last 20 years, is in a far better position to decide to what extent, if any, the orders in *Coleman* relate to and affect the issues presented in this case. *See, e.g., F.T.C. v. Watson Pharmaceuticals, Inc.*, 611 F.Supp. 2d 1081, 1088 (C.D. Cal. 2009) (transferring case to district where two patent cases had been litigated because it was "clear that the merits of the underlying patent cases must be examined to some extent to make an antitrust determination" and transferee court had spent three years familiarizing itself with the details of the patent litigation); *see, also, Banga v. First USA, NA*, 2010 WL 727749, *2 (E.D. Cal. Mar. 2, 2010) (transferring case to district where summary judgment had just been granted in similar case because "the judges on that case are exceedingly familiar with the claims and defenses, having already resolved numerous discovery disputes, and having decided the case on summary judgment."). In addition, transfer of this action to the district where the *Coleman* case is pending will prevent the possibility of conflicting district court orders. *F.T.C.*, 611 F.Supp. 2d at 1089 (because court in underlying patent case had retained jurisdiction and could modify its own orders, transferring case to that court would "alleviat[e] any risk of conflicting judgments").

After balancing all of the relevant factors, and in light of the substantial connection that this action, Petitioner, and Respondent have to the Eastern District of California, the Court finds that Respondent has met its burden of demonstrating that transfer of this action to the United States District Court for the Eastern District of California is appropriate under Section 1404(a).

For all the foregoing reasons, Respondent's Motion to Transfer is **GRANTED**, and this action is hereby **TRANSFERRED** to the United States District Court for the Eastern District of California. In addition, the Court declines to address Petitioner's Motion for Remand. The Motion for Remand shall be transferred with this action, and may be decided by the transferee court.

IT IS SO ORDERED.