PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
LISA ELLS, Bar No. 243657
MARK R. FEESER, Bar No. 252968
315 Montgomery Street, 10th Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT**<br><br>Date:  June 21, 2010<br>Time:  10:00 a.m.<br>Dept:  Dept. 4, 15th Floor<br>Judge: Lawrence K. Karlton, Senior Judge |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

**TABLE OF ABBREVIATIONS**

ASU    Administrative Segregation Unit

CCC    Consolidated Care Center

EOP    Enhanced Outpatient Program

GP    General Population

PSU    Psychiatric Services Unit

SATF    Substance Abuse and Treatment Facility

SNY    Sensitive Needs Yard

[377113-5]

## INTRODUCTION

The Court ordered Defendants to develop a long-range bed plan that will be fully staffed and activated by 2013. As part of this plan, Defendants initially proposed converting the Heman G. Stark Youth Correctional Facility ("Stark") to house, *inter alia*, 825 Enhanced Outpatient Program ("EOP") patients. Patient admissions under this proposal would not have been completed until 2014. Further, the proposal raised serious concerns from both Plaintiffs and the *Coleman* Special Master regarding double-celling of EOP patients in inadequately small cells. In response to these concerns, the Court ordered Defendants to submit a revised plan for the Stark facility that (1) limited the EOP population at the facility, and (2) addressed the concerns identified by the *Coleman* Special Master.

Defendants' revised plan reduces the capacity of EOP patients at Stark from 825 to 575, and more importantly relies on new construction rather than renovations to an existing facility to build EOP housing units with larger cells. Defendants further propose to offset the reduced capacity at the Stark facility by making permanent two Level I/II EOP Sensitive Needs Yard ("SNY") programs at the Substance Abuse and Treatment Facility ("SATF"). Plaintiffs do not oppose Defendants' amended Stark proposal or the proposal to make permanent the EOP-SNY programs at SATF. Each of these projects is critical to meeting the demand for EOP patients and should not be delayed.

Plaintiffs, however, object to the activation schedule submitted with the amended Stark proposal, as it does not contemplate activation and patient admissions until December 2014 – nearly one year after the target date ordered by the Court. Accordingly, Plaintiffs respectfully request that the Court approve the amended Stark and SATF proposals, subject to submission within thirty days of a new activation schedule for the Stark project that reflects patient admission completed to full occupancy by 2013.

## PROCEDURAL BACKGROUND

Following the September 22, 2009 status conference and hearing regarding Defendants' long-range bed plan, the Court ordered Defendants to submit a detailed long-range plan including activation schedules with a date certain for completion of each of the projects in the plan.

1

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

9/24/09 Order, Docket No. 3686 at 3:1-9 ("September 24th Order"). The Court further ordered that "[t]he timetables for completion of each step described in the plan shall be developed in such a way that all projects in the long-range plan will be *fully staffed and activated by the 2013 target date defendants have established*." *Id.* at 3:9-11 (emphasis added).

On November 6, 2009, Defendants filed a long-range bed plan, which included the conversion of Stark ("Stark Project"). Docket No. 3724-2 ("Defendants' Long-Range Bed Plan") at 10-11 of 68. Defendants' Long-Range Bed Plan provided for a September 23, 2014 completion date for patient admissions for the Stark Project. *Id.* at 44 of 68. Plaintiffs objected on the basis that the activation schedule did not contemplate completion of the Stark Project until 2014, and because of concerns raised by the *Coleman* Special Master regarding overcrowding at the proposed Stark facility. Docket No. 3733 at 3-5, 10-15.

On January 4, 2010, the Court entered an Order approving portions of Defendants' Long-Range Bed Plan. 1/4/10 Order, Docket 3761. In doing so, the Court did not relieve Defendants of their obligation to develop a long-range bed plan reflecting a 2013 activation date and, in fact, approved other projects included in Defendants' Long-Range Bed Plan subject to the requirement that Defendants submit a new activation schedule reflecting patient admissions by 2013. *Id.* at 4:11-16. The Court, however, rejected Defendants' Stark Project and ordered Defendants to file an amended proposal within forty-five days. *Id.* at 4:17-20. The Court further ordered that the amended plan: (1) limit the proposed population for the Stark facility, and (2) address certain concerns identified by the Special Master about this project. *Id.*

On February 1, 2010, Defendants simultaneously filed a request for temporary relief, Docket 3792, and a motion for reconsideration and relief regarding the Court's January 4, 2010 Order to amend the Stark Project. Docket 3793. Defendants did not seek relief from the Court's September 24, 2010 Order requiring the long-range plan projects to be activated by 2013. On February 12, 2010, the Court granted Defendants' request for temporary relief, providing Defendants an additional ninety days to file an amended Stark Project proposal. 2/12/10 Order, Docket 3799 ¶¶ 1-3.

On May 13, 2010, Defendants filed the amended proposal for the Stark Project, which

2

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

relies on new construction of EOP housing units and reduces the total number of EOP beds at the Stark facility ("Amended Stark Project").  Docket 3845.  The Amended Stark Project includes an activation schedule indicating a December 15, 2014 completion date – *three months later* than the September 2014 date previously proposed by Defendants in November 2009.  Docket 3845-2 at 8-9 of 35.  The proposal further revised Defendants' Long-Range Bed Plan to make permanent the two temporary short-term Level I/II EOP SNY programs scheduled to open at SATF.  *Id.* at 5 of 35.  At the same time they filed the Amended Stark Project, Defendants renewed their motion for reconsideration of the Court's January 4, 2010 Order limiting the population for the Stark facility and requiring Defendants to address the Special Master's concern about the Stark Project.  Docket 3847.  Defendants have not and did not seek relief from the Court's September 24, 2009 Order that this project, as part of the long-range bed planning, be fully staffed and activated by December 31, 2013.

## ARGUMENT

The *Coleman* class of prisoners with severe mental illness continues to face critical shortages of necessary, specialized mental health treatment beds as a result of more than 10 years of on-again-off-again bed planning.  Defendants repeatedly have delayed planned completion of projects into the indefinite future.  The resulting shortage of male EOP beds is particularly acute.  As of April 1, 2010, the most recent data available, the male EOP population exceeded capacity by 618 patients.[1]  Declaration of Mark R. Feeser in Support of Plaintiffs' Response to Defendants' Motion for Reconsideration and Relief Re: Stark Conversion Project ("Feeser Decl.") ¶ 2-3, Ex. A (April 1, 2010 Mental Health Population Report).  Moreover, Navigant projects that by 2013, the demand for male EOP beds will increase by more than 1,200 patients, resulting in a future projected gap of over 1,800 beds without the additional capacity added by Defendants' Long-Range Bed Plan.  *Id.* ¶ 5.

---

[1] The EOP capacity and population numbers presented here do not include patients requiring care at the Psychiatric Services Unit ("PSU") level of care.  Defendants' Long-Range Bed Plan addresses the projected PSU need through separate projects.  *See* Docket 3724-2 at 12 of 68.

3

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

| Table 1. Current and Projected Unmet Need for EOP Level of Care (Male EOP-GP and EOP-ASU) | |
|---|---|
| Current Population | 4,325 |
| Current Capacity | 3,707 |
| **Current Unmet Need** | **618** |
| 2013 Projected Population (Navigant Fall 2009) | 5,545 |
| **2013 Unmet Need Based on Current Capacity** | **1,838** |

Defendants' Amended Stark Project represents a significant improvement over the Stark Project originally submitted and a critical step towards meeting the staggering unmet need for EOP care. The newly constructed EOP housing units at the Stark facility will provide nearly double the cell space previously planned. *Compare* Docket 3845-2 at 4 of 35 (Amended Stark Project cells will be 80 square feet), *with* Docket 3733 at 12 (renovated cells at Stark to have only 55.7 square feet of total space and 28.5 square feet of unencumbered space). Plaintiffs defer to the Special Master as to whether the Amended Stark Project addresses the concerns raised about the original Stark project. *See* Docket 3734 ¶¶ 3, 8-10 (describing the concerns and recommendations of the Special Master and his expert).

Additionally, Defendants now propose that two temporary short-term Level I/II EOP SNY programs, scheduled to open at SATF in 2010, will become permanent programs and part of Defendants' Long-Range Bed Plan. Docket 3845-2 at 5-6 of 35. The two programs at SATF will permanently house an additional 264 EOP SNY patients, and will reduce significantly Defendants' current practices of housing EOP SNY patients in segregation units due to the lack of appropriate beds and of forcing Level I/II EOP patients to live and program in high-security prison environments due to the absence of lower-security EOP programs.

Accordingly, Plaintiffs do not oppose the revised smaller scope of the Amended Stark Project or Defendants' plans to make permanent the Level I/II EOP beds at SATF. While Plaintiffs await further detail regarding Defendants' plans to provide adequate office and treatment space and clinical and custodial staffing for each of these projects, Plaintiffs look forward to working with Defendants, the Special Master and the Receiver on these additional issues as the projects develop.

Nevertheless, Plaintiffs strenuously object to the unreasonably delayed timeframe for activation of the Amended Stark Project. The Court has ordered that Defendants' long-range bed

4

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

plan projects "be fully staffed and activated" by 2013. 9/24/09 Order, Docket 3686 at 3:9-11. Despite the Court's clear order and Defendants three-month extension of time to revise their Amended Stark Project proposal, Defendants have submitted a proposal that does not contemplate completion of the Stark project until almost a year past the court-ordered deadline. Critically, Defendants have once again unreasonably failed to consider and utilize all available methods of design and construction to accelerate this project, and have submitted an activation schedule that is their "business-as-usual" construction framework in spite of both the urgent need for these EOP beds and the Court's Order. Defendants can and must complete this project by the 2013 target date.

## I. DEFENDANTS SHOULD BE ORDERED TO ACCELERATE COMPLETION AND ACTIVATION OF THE AMENDED STARK PROJECT BY 2013 IN COMPLIANCE WITH THIS COURT'S SEPTEMBER 24, 2009 ORDER

On September 24, 2009, the Court unequivocally ordered Defendants to develop a long-range bed plan "in such a way that all projects in the long-range plan will be fully staffed and activated by the 2013 target date defendants have established." 9/24/09 Order, Docket 3686 at 3:9-11. Defendants have never challenged or sought relief from the September 24th Order regarding the 2013 deadline. Even now, Defendants seek relief only from the portions of the Court's January 4, 2010 Order requiring them to file an amended Stark proposal that: (1) limits the population for the project, and (2) addresses the concerns raised by the Special Master. Docket 3793 at 2; Docket 3847.

In contrast, Defendants sought relief under Federal Rule of Civil Procedure 60(b)(6) from the Court's January 4, 2010 Order requiring submission of a new activation schedule for conversion of project at the Dewitt Nelson facility ("Dewitt Project") reflecting a 2013 completion date on the basis that it was impossible to develop an activation schedule for the Dewitt Project that met that date.[2] Docket 3791. Defendants, however, withdrew this motion after Plaintiffs filed their opposition supported by an expert declaration demonstrating that

---

[2] In order to be entitled to relief under Federal Rule of Civil Procedure 60(b)(6), the moving party has the burden to show that "extraordinary circumstances" justify relief. *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).

5

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

Defendants had unreasonably failed to employ all available measures to develop an activation schedule reflecting completed patient admissions by 2013. *See* Docket 3815 (Declaration of Richard L. Engler ("Engler Decl.")); 3/24/10 Order, Docket 3823 (Order vacating hearing on Motion for Reconsideration following withdrawal by Defendants).

Like the Dewitt Project, a cursory review of Defendants' activation schedule reveals numerous potential avenues exist for expediting completion of the Amended Stark Project. These include the use of the "design-build" method of project delivery, capitalizing on efficiencies resulting from the use of standard housing designs, and efficient sequencing of the primary tasks required to complete the Amended Stark Project. Feeser Decl. ¶¶ 7-10; *see also* Docket 3815 (Engler Decl.). Unlike with the Dewitt Project, however, Defendants do not even attempt to justify the failure to comply with the 2013 patient admissions deadline and offer no evidence demonstrating that they have even considered the possible options to accelerate this project. Even worse, the anticipated activation date has actually been delayed by an additional three months from the original Stark Project proposal, which Defendants blame on "the time needed to reevaluate, restart, and document the new project." Docket 3845-2 at 4 of 35. Instead, Defendants have submitted an activation schedule for the Amended Stark Project that simply disregards the September 24th Order, offering only a vague reassurance that Defendants are "committed to identifying ways to accelerate this project, as [they have] done with other *Coleman* projects." *Id.*

It is critical that Defendants develop an appropriate activation schedule that accelerates completion of the Amended Stark Project. The Amended Stark Project is by far the largest component of Defendants' plan to meet the long-range EOP need, representing more than a third of the additional EOP capacity. *See* Docket 3845-2 at 5-6 of 35 (Table 2). If Defendants are permitted to delay activation of the Amended Stark Project until 2014, a projected gap of

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

approximately 700 male EOP beds will remain through December 2014.[3]  Feeser Decl. ¶¶ 11-12.

| Table 2.  2013-14 Unmet Need for EOP Level of Care w/o Amended Stark Project (Male EOP-GP and EOP-ASU) | |
|---|---|
| Total Capacity Per Defendants' Amended Long-Range Bed Plan | 5,466 |
| Amended Stark Project | 575 |
| Total Capacity without the Amended Stark Project | 4,891 |
|  |  |
| 2013 Projected Population (Navigant Fall 2009) | 5,545 |
| **2013 Gap without the Amended Stark Project** | **654** |
| 2014 Projected Population (Navigant Fall 2009) | 5,610 |
| **2014 Gap without the Amended Stark Project** | **719** |

The entire point of the long-range bed plan was to meet the projected bed need of the Coleman class in 2013.  If the Amended Stark Project is not completed during that year, even assuming all of the other projects in the long-range plan are completed in 2013 as currently projected, the projected shortage of male EOP beds in 2013 will actually be worse than it is today.  *See* Feeser Decl. ¶¶ 2-3, 12 (current shortage of 618 male EOP beds compared to projected 654 bed shortage in 2013).  The long-range bed plan must not be reduced to a mere exercise in treading water.  The current and projected shortages reflect hundreds of real patients in need of critical mental health care and programming, whose access to appropriate mental health care is either delayed or denied altogether.  Moreover, in the absence of appropriate care, many of these patients will continue to decompensate, placing further demands on the already limited access to inpatient psychiatric hospitalization.

Defendants have not moved for relief from the Court's Order that activation of Defendants' long-range bed plan projects be completed by 2013, nor have they attempted to demonstrate that the Amended Stark Project cannot be activated by 2013.  Given the critical projected unmet need for EOP beds, it is simply unacceptable for Defendants to delay activation

---

[3] This assumes the remaining projects are not delayed.  Defendants have already reported delays for several of the remaining projects in their Long-Range Bed Plan.  For example, Defendants' June 1, 2010 Activation Schedule indicates that the Consolidated Care Center ("CCC") project has already experienced a nearly six-month delay in obtaining California Environmental Quality Act Compliance in addition to delays in obtaining funding through AB 900.  Feeser Decl. ¶ 13, Ex. D at Ex. 14; *see also id.* ¶ 14, Ex. D at Ex. 15 (describing delays for Defendants' Estrella conversion project).

7

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE:  STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]

of this project until December 2014. Accordingly, Plaintiffs request that the Amended Stark Project be approved, but that Defendants be ordered to develop a revised activation schedule that reflects completed admissions by no later than 2013.

## CONCLUSION

The current shortage of EOP beds is at a crisis point, and is projected to nearly triple by 2013. The Amended Stark Project is critical to meeting the long-range needs of the Plaintiff class and is a significant improvement over the previous proposal. This project must be activated as soon as possible. Accordingly, Plaintiffs respectfully request that the Court approve the Amended Stark Project, subject to Defendants' submission within thirty days of a new activation schedule that reflects patient admissions completed to full occupancy by 2013.

Dated: June 4, 2010                             Respectfully submitted,

                                                ROSEN, BIEN & GALVAN, LLP


                                                By: */s/ Michael W. Bien*
                                                    Michael W. Bien
                                                    Attorney for Plaintiffs

8

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT - CASE NO. CIV S 90-0520 LKK-JFM

[377113-5]