EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RELIEF RE: STARK CONVERSION PROJECT**<br><br>Date: June 21, 2010<br>Time: 10:00 a.m.<br>Courtroom: Dept. 4, 15th Floor<br>Judge: Lawrence K. Karlton |

1

| Acronym List ||
| --- | --- |
| **Term** | **Definition** |
| CDCR | California Department of Corrections and Rehabilitation |
| EOP | Enhanced Outpatient Program |
| SATF | Substance Abuse Treatment Facility |
| SNY | Special Needs Yard |

/ / /

/ / /

/ / /

Defs.' Reply to Pls.' Resp. to Defs.' Mot. For Reconsid. & Relief Re: Stark Conversion Proj.
(2:90-cv-00520 LKK JFM P)

## I. INTRODUCTION

This Court ordered Defendants to submit an amended proposal for Stark that "limits the population for that facility to no more [than] 137.5% of the facility's design capacity and that meets the concerns identified by the special master." (Docket No. 3761 ¶ 1.c.) Defendants subsequently abandoned their original Stark proposal, and on May 13, 2010, they submitted an amended proposal to the Court. (Docket No. 3845.) Plaintiffs have made clear that they "do not oppose Defendants' amended Stark proposal or the proposal to make permanent the EOP-SNY programs at SATF." (Docket No. 3853 at 3:15–17.) In other words, Plaintiffs do not oppose Defendants' renewed motion for reconsideration and relief, insofar as they do not oppose Defendants' plan to house inmates in excess of 137.5% of the facility's design capacity, and they no longer share the concerns identified in the Court's January 4, 2010 order. Accordingly, and with respect to Defendants' amended Stark plan, Defendants request that the Court grant Defendants' motion for reconsideration and relief.

Plaintiffs, however, seek additional relief that is not responsive to the instant motion. They request that Defendants file a new activation schedule for the amended Stark plan that reflects patient admissions to full occupancy by 2013. (Docket No. 3853 at 3:19–24.) The Court should deny Plaintiffs' request because it is beyond the scope of this motion proceeding. To the extent the Court is inclined to consider Plaintiffs' extraneous request, Defendants request an opportunity to fully brief the matter.

## II. BACKGROUND

On September 24, 2009, this Court ordered that Defendants file with the Court a detailed long-range mental health bed plan. (Docket No. 3682 ¶ 2.) Defendants submitted their bed plan on November 6, 2009, and on January 4, 2010, the Court largely approved Defendants' plan. (Docket Nos. 3724; 3761¶ 1.) But the Court declined to approve Defendants' proposal to renovate the Stark facility. (Docket No. 3761 ¶ 1.c.) Defendants proposed to have the Stark facility fully operational by 2014, but the Court ordered Defendants to "file an amended proposal

3

1  for the Stark EOP conversion project that limits the population for that facility to no more [than]
2  137.5% of the facility's design capacity and that meets the concerns identified by the special
3  master." (*Id.* at 2:2–8, ¶ 1.c.)

4  Defendants moved the Court to reconsider its January 4, 2010 order, and they
5  simultaneously sought a ninety-day extension of time to evaluate alternatives to the Stark
6  proposal. (Docket Nos. 3792, 3793.) The Court granted Defendants' request for more time with
7  respect to Stark, and the Court removed Defendants' motion from the Court's calendar. (Docket
8  No. 3799 ¶¶ 2–3.) The Court ordered Defendants to either renotice their motion after ninety days,
9  or withdraw it. (Docket No. 3799 ¶ 3.)

10  On May 13, 2010, Defendants submitted a new proposal for the Stark facility. (Docket
11  No. 3845.) Like Defendants' previous proposal, their new proposal would also be fully
12  operational in 2014. (Docket No. 3845–2 at 8–9.) Moreover, Defendants believed, but were not
13  certain, that they satisfied the concerns identified in the Court's January 4, 2010 order to provide
14  "either an increase in the amount of out of cell time for class members housed in that program, or
15  reduction in the number of admissions, or some combination of the two." (Docket No. 3845 at
16  5:7–11.) Defendants' new proposal also did not limit the population at Stark to no more than
17  137.5% of the facility's design capacity. (*Id.* at 4:22–5:7.) Accordingly, Defendants renoticed
18  their motion for reconsideration and relief. (Docket Nos. 3846, 3847.)

19  On June 4, 2010, Plaintiffs filed comments on Defendants' new Stark proposal, styled as a
20  response to Defendants' motion for reconsideration and relief. (Docket No. 3853.) Plaintiffs do
21  not oppose Defendants' amended proposal, but they object to the timeline within which
22  Defendants can complete their proposed project. (*Id.* at 3:15–24.)

### III.   ARGUMENT

**A.   THE POPULATION CAP OF 137.5% IS STAYED PENDING A FINAL DECISION FROM THE UNITED STATES SUPREME COURT.**

27  A stay of an order suspends the legal effect of the order until disposition of the appeal.
28  *Western Lighting Corp. v. Smoot-Holman Co.*, 352 F.2d 1019, 1020–21 (9th Cir. 1965). On

4

January 12, 2010, after this Court issued its January 4, 2010 order, the three-judge court issued a prisoner release order requiring Defendants to reduce the combined population of California's 33 adult prisons to no more than 137.5% of the prisons' design capacity within two years. (Jan. 12, 2010 Order.) The three-judge court, however, stayed its prisoner release order pending the outcome of an appeal to the United States Supreme Court. (Jan. 12, 2010 Order at 6.) On June 14, 2010, the United States Supreme Court announced that it would hear the three-judge court case on the merits. *Schwarzenegger v. Plata*, 09-1233 (U.S. June 14, 2010). Consequently, this Court's January 4, 2010 order as it relates to the 137.5% of design capacity should be stayed pending that appeal. In addition, as Defendants argued in their original motion, continued enforcement of the population cap in this Court would be inequitable in light of the pending appeal.

In any event, Plaintiffs' response does not oppose Defendants' request for reconsideration as it relates to the population cap of 137.5% of design capacity imposed on the proposed Stark facility. (*See* Docket No. 3853.) Therefore, this Court should construe Plaintiffs' response as a non-opposition to the renewed motion for reconsideration. E.D. L.R. 230(c) ("A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect. . . [and] no party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

Accordingly, and with respect to Defendants' amended proposal, this Court should grant Defendants' motion for reconsideration and relief under Federal Rule of Civil Procedure 60(b)(5) relating to the population cap of 137.5% of design capacity imposed on the proposed Stark facility.

**B.  DEFENDANTS' STARK CONVERSION PROJECTS SATISFY CONSTITUTIONAL REQUIREMENTS.**

In Defendants' renewed motion for reconsideration and relief, Defendants informed this Court that to the extent it finds that Defendants' amended Stark plan meets the concerns identified by the Special Master, Defendants are willing to withdraw their motion for reconsideration and relief concerning that portion of the Court's January 4, 2010 order. (Docket Nos. 3846, 3847.)

5

1  Because Defendants are uncertain whether this Court has found that their amended Stark plan
2  meets the concerns identified by the Special Master, Defendants provide the following reply to
3  Plaintiffs' response.

4  Both of Defendants' Stark proposals met the constitutional requirement that Defendants
5  provide *access* to mental health beds. *Coleman v. Wilson*, 912 F. Supp. 1282, 1308 (E.D. Cal.
6  1995). Defendants' plan to double cell inmates does not conflict with any constitutional
7  requirements, and it would be premature to require that Defendants amend their plan to reduce or
8  eliminate double celling. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). In Defendants'
9  November 6, 2009 plan, the California Department of Corrections and Rehabilitation (CDCR)
10 demonstrated that it intends to provide sufficient staff and programming to serve the Stark
11 population, and recognizes its obligation to provide programming as outlined in the Mental
12 Health Delivery System Program Guide. (Docket No. 3747–3 ¶¶ 3, 6–7, 9.) Defendants'
13 amended Stark plan is no different. (*See* Docket No. 3845.) Moreover, requiring CDCR to
14 increase the "amount of out of cell time for class members housed in [the Stark] program," binds
15 CDCR to do more than the constitutional minimum. (*See* Docket No. 3761 at 2:15–17.) The
16 Constitution requires that CDCR provide access to mental health care, but prison officials retain
17 discretion to determine what that program will look like. *Bell v. Wolfish*, 441 U.S. 520, 547–48
18 (1979).

19 Like with Defendants' request concerning the 137.5% population cap imposed on the
20 proposed Stark facility as discussed above, Plaintiffs' response does not oppose Defendants'
21 request concerning the constitutionality of Defendants' amended Stark plan. (Docket No. 3853.)
22 Instead, Plaintiffs state that they "defer to the Special Master as to whether the Amended Stark
23 Project addresses the concerns raised about the original Stark project." (*Id.* at 6:10–13.) But this
24 statement does not equate to an opposition to the motion. Here as well, this Court should
25 construe Plaintiffs' response to Defendants' motion as a non-opposition to the motion. E.D. L.R.
26 230(c).
27 / / /
28 / / /

6

Accordingly, and with respect to Defendants' amended Stark plan, this Court should also grant Defendants' motion for reconsideration and relief under Rule 60(b)(6) relating to the concerns identified by the Special Master.

### C. PLAINTIFFS' EXTRANEOUS REQUEST IS BEYOND THE SCOPE OF THIS MOTION PROCEEDING.

In Plaintiffs' response to Defendants' renewed motion for reconsideration and relief, Plaintiffs ask this Court to order that Defendants submit a new activation schedule for Defendants' amended Stark plan that reflects patient admissions completed to full occupancy by 2013. (Docket No. 3853 at 3:21–24.) This Court should decline to consider Plaintiffs' request because it is not properly before the Court in this proceedings. *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration."). Moreover, this Court should resist Plaintiffs' attempt to use this motion process as a vehicle to ask that the Court order changes to Defendants' long-range mental health bed plan.

Additionally, Defendants believe that their amended Stark plan materially complies with this Court's January 4, 2010 order by addressing the concerns identified in the order. (Docket No. 3845 at 4:19–5:2.) But because Defendants were unsure of this point, and because the amended plan does not limit the population at the Stark facility to no more than 137.5% of the facility's design capacity, Defendants renewed their motion for reconsideration and relief from the Court's January 4, 2010 order. (*Id.* 5:3–7.) Defendants respectfully ask that, to the extent this Court disagrees with Defendants' belief that their amended Stark plan materially complies with this Court's January 4, 2010 order, Defendants have an opportunity to address the Court's concerns.

### IV. CONCLUSION

Under Rule 60(b)(5), Defendants respectfully request that the Court reconsider its January 4, 2010 order and relieve Defendants from the requirement that they further amend their proposal for the Stark project to limit the population to no more than 137.5% of the facility's design capacity. Additionally, to the extent that the Court finds that Defendants' amended Stark plan

7

also addresses the concerns identified in the Court's January 4, 2010 order, then, under Rule 60(b)(6), Defendants respectfully request that the Court reconsider and relieve Defendants from that portion of the order. Finally, Defendants respectfully request that this Court deny Plaintiffs' extraneous request concerning Defendants' amended Stark plan as beyond the scope of this motion proceeding.

Dated: June 14, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ DEBBIE J. VOROUS*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

8

Defs.' Reply to Pls.' Resp. to Defs.' Mot. For Reconsid. & Relief Re: Stark Conversion Proj.
(2:90-cv-00520 LKK JFM P)