1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11            Plaintiffs,                No. CIV S-90-0520 LKK JFM P

12       vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,
14
               Defendants.              ORDER
15   _____/

16            Pursuant to court order, on November 6, 2009, defendants filed a detailed long-

17   range bed plan.  Included in the long-range bed plan was a proposal to renovate the former Stark

18   Juvenile Justice facility to provide Enhanced Outpatient Program general population and

19   administrative segregation unit beds.  See Defendants' Long-Range Plan and Ex. 10 thereto, filed

20   November 6, 2009.  By order filed January 4, 2010, the court identified two obstacles to approval

21   of the proposed Stark EOP conversion project (hereafter Stark):  the special master's report that

22   the proposed project would "require either an increase the amount of out of cell time for class

23   members housed in that program, or reduction in the number of admissions, or some

24   combination of the two", and the apparent conflict between the August 4, 2009 Opinion and

25   Order of the three judge court requiring "defendants to 'reduce the population of the CDCR's

26   adult institutions to 137.5% of their combined design capacity' as a necessary prerequisite to the

provision of constitutionally adequate medical and mental health care" and defendants' proposal to double cell inmates up to 141% of capacity in the EOP program Stark.  Order filed January 4, 2010, at 2-3 (citing August 4, 2009 Opinion and Order.)  Accordingly, the court declined to approve the Stark EOP conversion project as proposed and ordered defendants to file within forty-five days an amended proposal for Stark EOP conversion project.

On February 1, 2010, defendants filed a motion for reconsideration of that order. On the same day, defendants filed a request for temporary relief from the forty-five day deadline in which to file an amended proposal for Stark.  By order filed February 12, 2010, defendants were granted "a period of ninety days in which to file an amended bed plan for the EOP population targeted for the Stark facility together with either a new notice resetting the hearing on their motion for reconsideration, see Local Rul 230, or a notice withdrawing said motion."  Order filed February 12, 2010, at 1-2.

On May 13, 2010, defendants filed an amended proposal for the EOP population initially targeted for the Stark facility together with a notice renewing that part of their motion for reconsideration that sought relief from that part of the January 4, 2010 order that required them to limit the population for Stark to no more than 137.5% of the facility's design capacity.[1]  In their renewed motion, defendants suggest that amendments to the plan have addressed the Special Master's concerns regarding out cell time and number of admissions, and they state that the pertinent portions of their motion for reconsideration will be withdrawn if court finds these amendments to be adequate.  On June 4, 2010, plaintiffs filed a response to defendants' amended plan and renewed motion for reconsideration.  Plaintiffs object only to the fact that the activation schedule submitted with the amended plan now calls for completed activation and patient admissions under the amended proposal in December 2014, rather than the 2013 date that

---

[1] On May 14, 2010, defendants filed an amended notice of renewal of their motion for reconsideration, amending the noticed hearing date to this court's June 21, 2010 regular law and motion calendar.

defendants originally represented would be the end point for completion of all long-range projects.  Plaintiffs request that the court approve the amended proposal "subject to submission within thirty days of a new activation schedule for the Stark project that reflects patient admission completed to full occupancy by 2013."  Plaintiffs' Response, filed June 4, 2010, at 3. In their reply, defendants contend that plaintiffs' request is "extraneous" and "beyond the scope" of the matters at bar.  Defendants' Reply, filed June 14, 2010, at 7.

Turning first to defendants' motion for reconsideration, the special master has reported to the court that the amended proposal meets the concerns that he identified with respect to the original proposal.  Accordingly, that portion of defendants' motion for reconsideration will be deemed withdrawn.  Defendants also renew their motion for reconsideration of that part of the January 4, 2010 order that required them to limit the population at Stark to no more than 137.5% of the facility's design capacity.  Defendants' request is based in part on the fact that implementation of the population limit ordered by the three judge court, on which this court's January 4, 2010 order was predicated,  was stayed by the three judge court on January 12, 2010 pending review by the United States Supreme Court.  In light of the stay, that provision of this court's January 4, 2010 order is lifted pending completion of that review.  Nothing in this order shall be construed in any way to conflict with or contradict any finding of the three judge court.

Turning to plaintiffs' objections, the need for the EOP beds to be created or made permanent pursuant to the amended proposal before the court is undisputed.  It is also beyond dispute that an urgent need for those beds exists today.  As the court has noted repeatedly, this action has been in the remedial phase for over fifteen years, and at no time during that entire period have defendants had sufficient beds to meet their constitutional obligations to members of the patient class.  Waiting four more years to complete the beds that are the subject of the amended proposal before the court is simply unacceptable.  Accordingly, defendants will be directed to file within fifteen days from the date of this order a detailed statement identifying every step that might be taken to accelerate the project at each and every stage thereof.

1  Defendants shall identify all actions required to accomplish such steps, including but not limited

2  to waivers of state law, and shall identify the amount of time that can be saved by each step.[2]

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Defendants' February 1, 2010 motion for reconsideration, renewed on May 14,

5  2010, is dropped from calendar.

6          2.  Within fifteen days from the date of this order defendants shall file a detailed

7  statement identifying every step that might be taken to accelerate the project at each and every

8  stage thereof.  Defendants shall identify all actions required to accomplish such steps, including

9  but not limited to waivers of state law, and shall identify the amount of time that can be saved by

10 each step.

11 DATED:  June 15, 2010.

12

13

14 LAWRENCE K. KARLTON
   SENIOR JUDGE
15 UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

---

[2]  The Stark project is a joint project with the Plata Receiver.  Accordingly, defendants shall consult with the Receiver as appropriate in developing this list.