EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                              Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                              Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DECLARATION OF CHRIS MEYER IN SUPPORT OF DEFENDANTS' RESPONSE TO COURT'S JUNE 15, 2010 ORDER RE: DEFENDANTS' AMENDED LONG-RANGE MENTAL HEALTH BED PLAN FOR THE STARK FACILITY** |

I, Chris Meyer, declare:

1.     I am the Senior Chief of the Facilities Planning, Construction, and Management Division for the California Department of Corrections and Rehabilitation (CDCR). I began working as Senior Chief on September 14, 2009. I work on healthcare projects on behalf of and at the direction of CDCR Secretary Cate and the *Plata* Federal Receiver, Clark Kelso. I am competent to testify to the matters set forth in this declaration and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' response to the Court's June 15, 2010 order on Defendants' amended Stark plan.

/ / /

1

1      2.      In my current role as Senior Chief, I am responsible for the management and oversight of the Facilities Planning, Construction, and Management Division, which includes all construction of new facilities and renovation of existing facilities.

3.      I am familiar with Defendants' amended Stark plan. Defendants' amended Stark plan proposes to build four new units to provide housing, treatment, and office space for inmates requiring an Enhanced Outpatient Program (EOP) level of care. It also incorporates the 30-bed Mental Health Crisis Bed project that is an integrated part of the new 60-bed Correctional Treatment Center planned for the Stark facility. CDCR also plans to construct a new Central Health Services Building at the facility. All three projects are part of a cooperative effort between CDCR and the *Plata* Receiver.

4.      I am also familiar with the activation schedule that CDCR submitted with Defendants' amended Stark plan that reflects a December 2014 full occupancy date. The December 2014 full occupancy date is premised, in part, on two factors. First, the schedule reflects a construction timeline, which runs from January 2, 2013 to July 11, 2014. This timeline is premised on the standard "design-bid-build" procurement method governed by the California Public Contracts Code. Second, the State's environmental review process under the California Environmental Quality Act (CEQA), which requires that CDCR, as lead agency, prepare an Environmental Impact Report (EIR) for the Stark project, extends the project.

5.      I am also familiar with this Court's June 15, 2010 order that Defendants file a detailed statement identifying every step that might be taken to accelerate Defendants' amended Stark plan, and that Defendants identify all actions required to accomplish such steps, including waivers of State law, and the amount of time that can be saved by each step.

6.      Consistent with CDCR's commitment to identify ways to accelerate the amended Stark plan, I assembled a team of individuals to evaluate the Stark schedule and identify all viable options to accelerate the project. As a consequence of this Court's June 15, 2010 order, the team identified two steps that might be taken to accelerate the project.

7.      The first step is to use the "design-build" procurement process provided under Government Code section 14661.1(i). In evaluating this step, my staff ascertained that three

2

Meyer Decl. in Supp. of Defs.' Resp. to Court's June 15, 2010 Order Re: Defs.' Amend Stark Plan
(2:90-cv-00520 LKK JFM P)

projects under Government Code section 14661.1(i) remain available, and determined that if CDCR used the "design-build" procurement method to construct the new housing units for the EOP population, the Correctional Treatment Center, and the Central Health Services Building, rather than the traditional "design-bid-build" procurement method that CDCR relied on to develop the activation schedule for the amended Stark plan, it could potentially accelerate the construction schedule for the overall project, completing it by December 31, 2013.

8. The action required to use the "design-build" procurement method for the new construction projects identified in the amended Stark plan is to verify that those projects fit within the Government Code section 14661.1 framework. CDCR has begun this process, however, has not yet been able to verify that the new construction projects qualify for "design-build" authority under Section 14661.1. I expect that this action will take up to thirty days. If CDCR uses the "design-build" procurement method for the Stark project, I expect that full occupancy of the EOP housing units will occur on April 10, 2014, for a savings of approximately eight months. This schedule could be impacted, however, by issues outside the control of the Defendants or the State, including project litigation.

9. The second step that might be taken to accelerate the amended Stark plan is to eliminate the statutory and regulatory time periods in the CEQA review process. Because the EIR extends the timeline for the amended Stark plan, I charged my staff with the responsibility of determining whether there were any potential opportunities in CEQA to accelerate the Stark project. My staff determined that the current project schedule already anticipates an accelerated process for preparing an EIR, but that eliminating the review process for the EIR could potentially accelerate the project. My staff identified three notice periods that, if eliminated, could potentially accelerate the project:

(a) Cal. Pub. Res. Code § 21091(a); Cal. Code Regs. tit. 14, § 15105(a) (provides a 45-day time period for public review of the draft EIR).

(b) Cal. Pub. Res. Code § 21092.5(a); Cal. Code Regs. tit. 14, § 15088(b) (provides that at least 10 days prior to certifying the final EIR, the lead agency shall provide a written proposed response to a public agency on comments made by that agency).

3

Meyer Decl. in Supp. of Defs.' Resp. to Court's June 15, 2010 Order Re: Defs.' Amend Stark Plan
(2:90-cv-00520 LKK JFM P)

1        (c)    Cal. Pub. Res. Code § 21108(c); Cal. Code Regs. tit. 14, § 15094(f) (provides that a Notice of Determination must be posted and available for public inspection for 30 days).

10. Assuming that the project schedule utilizes the "design-build" procurement method for the new construction projects at the Stark facility, the first of the three CEQA notice periods—the 45-day period for public review of the draft EIR—is expected to commence in April, 2011.

I declare that the foregoing is true. Executed this 30TH day of June 2010, at Sacramento, California.

/s/ CHRIS MEYER

CF1997CS0003

4

Meyer Decl. in Supp. of Defs.' Resp. to Court's June 15, 2010 Order Re: Defs.' Amend Stark Plan
(2:90-cv-00520 LKK JFM P)