ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, CA 94104-1823
Telephone: (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, CA 94710-1916
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, CA 94111-4066
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107-1389
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. CIV S 90-520 LKK-JFM<br><br>**PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009**<br><br>Date:   August 23, 2010<br>Time:   10:00 a.m.<br>Place:  Courtroom 4 (15th Floor)<br>Judge:  Honorable Lawrence K. Karlton |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

INTRODUCTION ......................................................................................................................... 1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................................................. 2

LEGAL ARGUMENT ................................................................................................................... 4

I. DEFENDANTS HAVE WAIVED ANY OBJECTION TO PLAINTIFFS' PARALEGAL CLERK / LITIGATION ASSISTANT RATES, OR SHOULD BE JUDICIALLY ESTOPPED FROM ASSERTING IT NOW ....................................... 5

II. PARALEGAL CLERKS AND OTHER LEGAL SUPPORT STAFF TIME IS COMPENSABLE IN THE SAN FRANCISCO / SACRAMENTO AREAS AND PLAINTIFFS' RATES ARE REASONABLE ......................................................... 6

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page

### Cases

*Blum v. Stenson*,
    465 U.S. 886 (1984) ................................................................................................................. 6

*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008) ..................................................................................................... 6

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*,
    2009 WL 3617786 (N.D. Cal. Oct. 29, 2009) ........................................................................... 8

*Earthquake Sound Corp. v. Bumper Industries*,
    352 F.3d 1210 (9th Cir. 2003) ................................................................................................... 8

*Finkelstein v. Bergna*,
    804 F. Supp. 1235 (N.D. Cal. 1992) .......................................................................................... 9

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) ................................................................................................... 6

*Hasbrouck v. Texaco, Inc.*,
    879 F.2d 632 (9th Cir. 1989) ..................................................................................................... 4

*Humetrix, Inc. v. Gemplus S.C.A.*,
    268 F.3d 910 (9th Cir. 2001) ..................................................................................................... 5

*L.H. v. Schwarzenegger*,
    645 F. Supp. 2d 888 (E.D. Cal. 2009) ................................................................................... 6, 8

*Lowe v. Elite Recovery Solutions L.P.*,
    2008 WL 324777 (E.D. Cal. Feb. 5, 2008) ............................................................................... 8

*Madrid v. Gomez*,
    190 F.3d 990 (9th Cir. 1999) ................................................................................................. 2, 4

*Missouri v. Jenkins*,
    491 U.S. 274 (1989) ............................................................................................................. 4, 5

*Natural Resources Defense Council, Inc. v. Winter*,
    543 F.3d 1152 (9th Cir. 2008) ................................................................................................... 8

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) .................................................................................................................. 5

ii

*Russell v. Rolfs*,
    893 F.2d 1033 (9th Cir. 1990) .................................................................................................. 6

*Salton Bay Marina Inc. v. Imperial Irrigation Dist.*,
    172 Cal. App. 3d 914 (1985) ................................................................................................... 9

*Schueneman v. 1st Credit of America, LLC*,
    2007 WL 1969708 (N.D. Cal. July 6, 2007, C-05-4505 MHP) ................................................ 9

*Slaven v. American Trading Transp. Co., Inc.*,
    146 F.3d 1066 (9th Cir. 1998) .................................................................................................. 5

*Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Redland*,
    460 F.3d 1253 (9th Cir. 2006) .................................................................................................. 4

*United States v. Olano*,
    507 U.S. 725 (1993) .................................................................................................................. 5

## **Statutes**

42 U.S.C. § 1988 ............................................................................................................................ 5

42 U.S.C. § 1997e(d) .................................................................................................................. 3, 4

42 U.S.C. § 1997e(d)(1)(B)(ii) .................................................................................................... 3, 4

42 U.S.C. § 1997e(d)(3) ................................................................................................................. 7

Cal. Bus. & Prof. Code § 6450(a) .................................................................................................. 1

Cal. Bus. & Prof. Code §§ 6450-6456 ............................................................................................ 8

## **Other Authorities**

Richard M. Pearl, California Attorney Fee Awards (3rd ed., 2010), Section 9.29 ......................... 4

Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter
    Group 2007), Chapter 5, Forms 5:A, 5:W, and 5:X ................................................................. 9

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 23, 2010, at 10:00 a.m. or as soon thereafter as the matter may be heard in the United States District Court, 501 I Street, Sacramento, California, before the Honorable Lawrence K. Karlton in Courtroom 4, the plaintiff class will and hereby does move this Court for an order awarding disputed fees from 2009.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities filed herewith, the supporting declarations of Amy Whelan, Richard M. Pearl, Geoffrey T. Holtz, Laurence Paradis, Thomas V. Loran III, and Alison Hardy filed herewith, the exhibits attached thereto, the pleadings and papers on file in this matter, and such other evidence and arguments as may be presented to the Court at or before the time of the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Beginning in the fourth quarter of 2009, defendants asserted a brand new objection to plaintiffs' fees—that they would not pay any hourly rate for legal support staff members that are not "paralegals" as defined by California Business & Professions Code Section 6450(a). Plaintiffs refer to these staff members as "paralegal clerks" or "litigation assistants" and defendants, until the fourth quarter of 2009, regularly paid hourly fees for their work. Plaintiffs' paralegal clerks / litigation assistants are typically recent college graduates who provide legal support under the supervision of attorneys. Because the parties were unable to resolve this issue through the meet and confer process, plaintiffs file the instant motion to compel payment of fees for two paralegal clerks, one employed by Rosen, Bien & Galvan and the other by the Prison Law Office.[1] At issue are 105.8 hours, or $17,812.

---

[1] Pursuant to the March 19, 1996 *Coleman* Periodic Fees Order, plaintiffs "will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year." Declaration of Amy Whelan In Support of Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009 (hereinafter "Whelan Decl.") at Ex. A. The Court ordered a briefing schedule and hearing date for this motion based on the parties' stipulation. *Coleman* Docket 3851.

Defendants do not object to the specific tasks the paralegal clerks performed, but rather assert a blanket objecting to paying anything at all for these legal workers. Defendants have waived this objection or should be judicially estopped from asserting it since compensation and agreed-upon hourly rates for these persons have been approved in numerous orders of this Court without objection by defendants. Even if the Court chooses to address this motion on its merits, it will find that defendants' position conflicts with market practices in the San Francisco and Sacramento legal areas, where lawyers and firms regularly bill paralegal clerks (and other legal support staff) to fee-paying clients. Moreover, defendants themselves pay their outside, retained counsel for work performed by these staff members at the same time they refuse to pay plaintiffs' counsel. Plaintiffs therefore request that the Court reject defendants' argument, enjoin defendants from asserting it moving forward, find plaintiffs' paralegal clerk / litigation assistant rates reasonable, and order payment of overdue fees within 45 days.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This is a class action lawsuit challenging the adequacy of mental health care throughout the California Department of Corrections and Rehabilitation (CDCR). On September 13, 1995, the Court issued a decision after trial finding for plaintiffs on virtually all of the claims advanced in this case. The decision establishes that plaintiffs are the prevailing party and thereby also establishes plaintiffs' right to seek an award of reasonable compensation for work performed in monitoring and enforcing defendants' compliance with the District Court's September 13, 1995 Order, and with all subsequent remedial orders the Court issued.

On March 19, 1996, the Court entered an order for periodic collection of attorneys' fees and costs. Whelan Decl., Ex. A. In his September 11, 2007 Findings and Recommendations, Magistrate Judge Moulds found the standard of review set forth in the Periodic Fees Order required modification pursuant to the December 24, 1998 Stipulation and Order and the Ninth Circuit Court of Appeals decision in *Madrid v. Gomez*, 190 F.3d 990 (9th Cir. 1999). Magistrate Judge Moulds found that the provisions of 42 U.S.C. § 1997e(d) apply, and that under the *Madrid* decision to the same effect:

> [T]he proper standard of review on this motion is the standard set forth in 42 U.S.C. § 1997e(d)(1)(B)(ii). Under that standard, plaintiffs are entitled

> to fees and costs "directly and reasonably incurred in enforcing the relief ordered for the" constitutional violation found in the district court's September 13, 1995 order.

*See Coleman* Docket 2397 at 4.

Plaintiffs sent their fourth quarter 2009 fee and cost bill to defendants on February 16, 2010, and later granted defendants an extension, until March 24, 2010, to object to the bill. Whelan Decl. at ¶ 6. Defendants provided their objections on March 24, 2010 and counsel for plaintiffs and defendants began the meet and confer on March 25, 2010. *Id.* Prior to even sending the bill, plaintiffs' counsel exercised billing judgments by deducting time from the bill. In all, plaintiffs deducted nearly 180 hours of work through billing judgments and the meet and confer process. *Id.* On April 6, 2010, the parties filed a stipulation with the court confirming the results of the fourth quarter 2009 meet and confer process. *Coleman* Docket 3832. The Court issued an order awarding undisputed fees and costs on April 8, 2010. *Coleman* Docket 3834. The only remaining disputes for the fourth quarter of 2009 were: (1) Reasonable fees and costs for work on the three-judge panel overcrowding matter; (2) defendants' refusal to pay more than $82.50 for paralegal time, and; (3) defendants' refusal to pay any amount whatsoever for work performed by paralegal clerks. *Id.*

Because the fourth quarter marked the end of the year, plaintiffs' and defendants' counsel also conducted a year-end meet and confer process to attempt to resolve the remaining disputes from the year. *Id.* at ¶ 7. The parties were able to resolve all disputes except for the three categories listed above. *Id.* The parties stipulated to a stay of the first and second disputes, delaying the overcrowding compensation until October 1, 2010 and delaying the paralegal rate dispute pending final resolution of the same issue in *Perez, et al. v. Cate, et al. See Coleman* Docket Nos. 3801 (overcrowding fees and costs) and 3851 (paralegal rate dispute). Accordingly, the only issue before this court is defendants' unsupported refusal to pay a reasonable hourly rate for work performed by paralegal clerks / litigation assistants. *Id.*

Prior to the fourth quarter of 2009, defendants never once asserted a categorical objection to work performed by paralegal clerks / litigation assistants. Whelan Decl. at ¶ 8. To the contrary, defendants repeatedly agreed that paralegal clerks' / litigation assistants' work is

3

PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009 - Case No. Civ S 90-520 LKK-JFM

[381735-3]

compensable, and actually compensated plaintiffs' counsel for those staff members. *Id.* Defendants do not object to the substance of the work performed, but rather categorically refuse to pay for any work completed by paralegal clerks / litigation assistants.

## LEGAL ARGUMENT

Plaintiffs are the prevailing party in the *Coleman* case and are entitled to recover reasonable attorneys' fees and costs. As set forth in the Findings and Recommendations of September 11, 2007, "the proper standard of review…is the standard set forth in 42 U.S.C. § 1997e(d)(1)(B)(ii). Under that standard, plaintiffs are entitled to fees and costs 'directly and reasonably incurred in enforcing the relief ordered for the' constitutional violation found in the district court's September 13, 1995 order." *Coleman* Docket 2397 at 4. This standard comports with current law, including the Ninth Circuit Court of Appeals' decision in *Madrid v. Gomez*, 190 F.3d 990 (9th Cir. 1999) (work performed after enactment of PLRA governed by PLRA fees provisions, including 42 U.S.C. 1997e(d), limiting recovery to fees "directly and reasonably incurred in enforcing the relief ordered" for a constitutional violation). All work spent enforcing the rights of the *Coleman* class is compensable if it, "at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest..." *Hasbrouck v. Texaco, Inc.,* 879 F.2d 632, 638 (9th Cir. 1989).

As a general matter, courts look to the billing custom in the relevant market to determine fees issues. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) ("In determining how other elements of the attorney's fee are to be calculated, we have consistently looked to the marketplace as our guide to what is 'reasonable.'"); *see also* Richard M. Pearl, California Attorney Fee Awards (3rd ed., 2010), Section 9.29 ("Time spent by paralegals and law clerks is compensable at market rates separately from attorneys' services if the local practice is to bill for their services in that manner."). District courts may properly require a showing that a particular practice is typical, but "even purely clerical or secretarial work is compensable if it is customary to bill such work separately, though such tasks should not be billed at the paralegal rate, regardless of who performs them." *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Redland,* 460 F.3d 1253, 1257 (9th Cir. 2006) (internal quotation marks and citations omitted). The

Supreme Court noted in *Missouri* that the term "reasonable attorney's fee" in 42 U.S.C. Section 1988 "cannot have been meant to compensate only for work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney." *Id.* Thus, it is well established that fees statutes dealing with "attorneys' fees" necessarily incorporate fees for other legal workers.

**I.    Defendants Have Waived Any Objection to Plaintiffs' Paralegal Clerk / Litigation Assistant Rates, or Should Be Judicially Estopped From Asserting It Now**

Pursuant to the Periodic Fees Order, plaintiffs "identify the billing rates plaintiffs' counsel seeks for that year" with the first quarterly statement. Whelan Decl., Ex. A at ¶ 1. Defendants have 30 days to object to the first quarter bill "including the proposed billing rates in the first quarterly statement." *Id.*, Ex. A at ¶ 2. Defendants did not object to paralegal clerk / litigation assistant rates, however, until the fourth quarter of 2009, or nearly a year after receiving notice of those rates. Whelan Decl. at ¶ 8. Moreover, defendants failed to object to paying rates for paralegal clerks and other legal support staff throughout the *Coleman* case, repeatedly agreeing that their time was compensable quarter after quarter and never once contesting this Court's orders awarding that compensation. *Id.*

Having failed previously to object to compensation of paralegal clerks / litigation assistants, and having failed to object to the 2009 rates in particular until the fourth quarter, defendants have waived their ability to contest these rates. *See, e.g., Slaven v. American Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069-70 (9th Cir. 1998) (party waived its right to challenge settlement where it signed a stipulation approving the settlement without condition or reservation); *United States v. Olano,* 507 U.S. 725, 733 (1993) (waiver is the "intentional relinquishment or abandonment of known right") (citation omitted).

In the alternative, defendants should be estopped from asserting this objection since it contradicts their long-standing agreement that paralegal clerks / litigation assistants are compensable. *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 749-50, 755 (2001) (estoppel appropriate when a party's later position is "clearly inconsistent" with its earlier position) (citations omitted); *Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 918 (9th Cir. 2001)

(estoppel prevents a party from reversing its position due to dissatisfaction with a previous decision); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (estoppel is an equitable doctrine invoked at the court's discretion "to protect the integrity of the judicial process").

This Court repeatedly issued orders awarding paralegal clerk and litigation assistant compensation pursuant to defendants' stipulations to pay those fees. Any objection to compensating legal support staff now is untimely and the Court should reject it.

## II. Paralegal Clerks and Other Legal Support Staff Time Is Compensable In the San Francisco / Sacramento Areas and Plaintiffs' Rates Are Reasonable

Even if the Court addresses this motion on the merits, defendants' position is legally untenable and contrary to market practices. To establish a reasonable hourly rate, a fee applicant must show "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable and is referred to—for convenience—as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). In general, the relevant "market" is the community where the court is located. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Courts sometimes award rates outside of the legal forum, however, where local counsel was unavailable due to lack of expertise or unwillingness to accept a case. *See, e.g., Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992) (affirming district court's award of San Francisco rates in the precursor case to *Coleman v. Wilson)*; *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 894 (E.D. Cal. 2009) (affirming San Francisco rates for counsel due to counsel's expertise and skill). Moreover, nothing in the Prison Litigation Reform Act ("PLRA") supplants the relevance of market rates; the PLRA simply sets a cap on the rate that can be awarded in a case filed by a prisoner. 42 U.S.C. § 1997e(d)(3).

The only legal authority defendants cite to support their refusal to pay any hourly rate for paralegal clerks / litigation assistants is California Business & Professions Code §§ 6450-6456. But these statutes are irrelevant to the instant motion in that they simply define paralegals, establish their minimum qualifications, and clarify what tasks paralegals can legally perform. These statutes have nothing to do with paralegal clerks, or other litigation support staff, and do

not address billing practices at all (even for paralegals).

In fact, defendants' position is contrary to the market practice in the San Francisco and Sacramento areas, where law firms and attorneys regularly bill paralegal clerks and other legal support staff time to fee-paying clients (or in contingency cases) at rates comparable to those sought here. *See* Whelan Decl. at ¶ 9; Declaration of Geoffrey T. Holtz in Support of Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009 at ¶¶ 11-12 ("Holtz Decl.") (librarians, litigation technology staff, EDGAR filing services staff and Document Production Services staff billed to clients at $70-$315 per hour); Declaration of Richard M. Pearl in Support of Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009 at ¶¶ 9-10 ("Pearl Decl.") (documenting other cases in which paralegal clerks and other legal support staff were compensated at hourly rates comparable to those sought here); Declaration of Laurence Paradis in Support of Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009 at ¶¶ 10-13 ("Paradis Decl.") (firm regularly bills and receives compensation for law students, law clerks and word processors, consistent with market practices in San Francisco and Sacramento); Declaration of Thomas V. Loran III in Support of Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009 at ¶¶ 9-10 ("Loran Decl.") (bills legal secretaries at $175-$345 per hour and "Practice Assistants" at $85-$170 per hour); Declaration of Alison Hardy in Support of Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009 at ¶¶ 6-10 ("Hardy Decl.") (outlining the role litigation assistants play at the Prison Law Office).

Indeed, while defendants deny the compensability of plaintiffs' paralegal clerk time, they have regularly paid their own defense counsel for paralegal clerks since at least 2007. The CDCR's Office of Legal Affairs retained Hanson & Bridgett several years ago, for instance, to provide legal services in the *Plata v. Schwarzenegger* class action lawsuit. In an October 4, 2009 letter from Thomas L. Gilevich, Assistant Chief Counsel in the CDCR's Office of Legal Affairs, Mr. Gilevich explained that the State's current contract for legal services with Hanson & Bridgett provides hourly rates of "$135 for paralegals or case clerks" and reports that "[s]ervices by legal assistants will be performed at a range between $120-$280 per hour." Whelan Decl. at ¶ 10 and Ex. C. Indeed, the State specifically amended its contract with Hanson & Bridgett in July of

2007 in order to "[a]dd Case Clerks/Case Assistants, paid $80/hour, to the list of personnel compensated by this agreement." *Id.* at ¶ 10 and Ex. D. In an attachment to that contract, the State explained that case clerks and case assistants are staff members with 0-2 years of litigation experience who have a Bachelor's degree. *Id.* In other words, they are the exact same staff members plaintiffs' counsel call "paralegal clerks" or "litigation assistants." *See* Whelan Decl. at ¶ 4 (paralegal clerks are recent college graduates with little or no legal experience); Hardy Decl. at ¶ 2 (litigation assistants are recent college graduates). In January of 2008, the State increased the hourly rate for "paralegals and case clerks" to $135 per hour. *Id.* at ¶ 10 and Ex. E. In the original letter from Hanson & Bridgett outlining the terms under which it would act as counsel in the *Plata* lawsuit, the firm explained that it was offering hourly rates at a "significant public agency discount from our regular hourly rates." *Id.* at ¶ 10 and Ex. F.

It is unclear why defendants think they can avoid paying reasonable rates for plaintiffs' paralegal clerks and litigation assistants at the same time they compensate outside defense firms for the same staff members. Moreover, the rates plaintiffs' seek here for paralegal clerks and litigation assistants are reasonable in both the San Francisco and the Sacramento legal markets. Loran Decl. at ¶ 12; Holtz Decl. at ¶ 13 (plaintiffs' rates are lower than those of larger firms in San Francisco); Pearl Decl. at ¶ 6.

Further demonstrating that defendants' legal position is untenable (and contrary to its own practices) is the fact that numerous courts have upheld hourly fees for legal support staff, including paralegal clerks. *See, e.g., Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008) (awarding a reduced hourly rate to staff member who had graduated from law school, but not yet passed the bar); *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003) (upholding lodestar-based fee award that included work performed by paralegals and clerks); *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 896 (E.D. Cal. 2009) (compensating firm for work of paralegal clerks and litigation technology staff); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, 2009 WL 3617786, at *1 (N.D. Cal. Oct. 29, 2009) (awarding fees for case assistants); *Lowe v. Elite Recovery Solutions L.P.*, 2008 WL 324777 (E.D. Cal. Feb. 5, 2008) at *5 (awarding $90 per hour for work by legal secretary);

1 *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708 (N.D. Cal. July 6, 2007, C-05-
2 4505 MHP) (awarding $90 per hour rate for legal secretary); *Finkelstein v. Bergna*, 804 F. Supp.
3 1235, 1260 (N.D. Cal. 1992) (finding that "it has become the prevailing practice in firms in the
4 San Francisco area to bill clients separately for word processing support work"); *Salton Bay*
5 *Marina Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 951 (1985) (under CCP § 1036
6 (inverse condemnation), secretarial services are "necessary support services for attorneys" and
7 therefore "includable within an award of attorney fees."); *see also* Vapnek et al., Cal. Practice
8 Guide: Professional Responsibility (The Rutter Group 2007), Chapter 5, Forms 5:A, 5:W, and
9 5:X (including "legal assistants" or "law clerks" as typical hourly billers).

## CONCLUSION

The Court should reject defendants' unsupported refusal to compensate plaintiffs' counsel for legal work performed by paralegals clerks / litigation assistants. Defendants have waived this objection or should be judicially estopped from asserting it given their long history of compensating plaintiffs' counsel for these staff members, and their failure to timely object to these timekeepers even in 2009. Defendants' position conflicts with market practices in the San Francisco and Sacramento legal areas, where lawyers and firms regularly bill paralegal clerks / litigation assistants (and other legal support staff) to fee-paying clients. This market practice is perhaps best demonstrated by defendants' own agreement to pay their retained, outside counsel for work performed by the exact same category of worker sought by plaintiffs here.

For all of these reasons, plaintiffs seek an order from this Court finding that defendants have waived or are judicially estopped from objecting to plaintiffs' hourly rates for paralegal clerks / litigation assistants. In the alternative, plaintiffs seek an order rejecting defendants' argument, enjoining them from asserting it moving forward, finding plaintiffs' paralegal clerk / litigation assistant rates of $110 and $170 per hour reasonable, and ordering payment of overdue fees within 45 days.

Dated: July 2, 2010

Respectfully submitted,
ROSEN, BIEN & GALVAN, LLP

By: */s/ Amy Whelan*
Attorneys for Plaintiffs

9