ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, California  94104-1823
Telephone:  (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:  (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
Four Embarcadero Center, Suite 1200
San Francisco, California  94111-5994
Telephone:  (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:  (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, California  94107-1389
Telephone:  (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. CIV S 90-520 LKK-JFM<br><br>**DECLARATION OF AMY WHELAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009**<br><br>Date:  August 23, 2010<br>Time:  10:00 a.m.<br>Place:  Courtroom 4 (15th Floor)<br>Judge:  Honorable Lawrence K. Karlton |

[383604-1]

I, Amy Whelan, do hereby declare under penalty of perjury as follows:

1.      I am an attorney admitted to practice law in California and an associate in the law firm Rosen, Bien & Galvan, LLP ("RBG"), one of the counsel of record for the plaintiff class in this case. I have personal knowledge of the matters set forth herein and if called as a witness I could competently so testify. I make this declaration in support of "Plaintiffs' Motion to Compel Payment of Disputed Fees from 2009."

2.      Attached hereto as **Exhibit A** is a true and correct copy of the March 19, 1996 Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs in the *Coleman* case. Paragraph 4 of this Order provides for a yearly motion to compel payment of disputed items not later than 60 days after the parties meet and confer with respect to the statement covering the fourth quarter of each year.

3.      I began working at RBG as an associate in 2001. Since 2006, I have been the primary attorney who prepares plaintiffs' quarterly bills for reasonable attorneys' fees and costs. This means that I review the detailed time records maintained by Rosen, Bien & Galvan and our co-counsel in the *Coleman* case, prepare the final bills, meet and confer with defense counsel regarding the bills, and take primary responsibility for briefing and arguing any fees matters that arise. I also have extensive experience preparing and litigating attorneys' fee motions for RBG in our non-prison cases, and am generally very aware of our billing practices in our contingent and non-contingent matters. It is RBG's general practice to bill paralegal clerks and other litigation support staff to fee-paying clients and in our contingent cases.

4.      I am also the Paralegal / Paralegal Clerk Coordinator at the firm, along with another RBG Associate Attorney, Maria Morris. In this role, I am responsible for hiring and supervising our Paralegals / Paralegal Clerks. Since I began working here in 2001, RBG has always employed a mixture of legal support staff that includes certified paralegals pursuant to the California Business & Professions Code §§ 6450-6456 as well as recent college graduates with little or no legal experience. We refer to the latter category as "paralegal clerks." Our paralegal clerks work under the close supervision of attorneys and paralegals at the firm and are invaluable members of our legal team. Some of their typical tasks in the *Coleman* case include

1

[383604-1]

corresponding with our clients, reviewing documents (including medical files, Central files, or other records), assisting attorneys with pre-tour memoranda, assisting attorneys with hearing preparation, and tracking client issues and contacts in our prisoner database. It is RBG's general practice to bill paralegal clerk time to fee-paying clients and in our contingency cases, including our non-prison cases. We do not treat these staff as office overhead.

5.     Marc Shinn-Krantz began working at our firm as a paralegal clerk in November of 2009 after graduating from Oberlin College in 2008 with a bachelor's degree in Politics and Law & Society. He is currently assigned to the *Coleman* case. After graduation, Mr. Shinn-Krantz worked on the presidential campaign as a Deputy Field Organizer, worked as an office manager assistant at a website development firm, and was a supervising counselor at a summer camp in Pennsylvania. A true and correct copy of Mr. Shinn-Krantz' resume is attached hereto as **Exhibit B**. Mr. Shinn-Krantz is the only paralegal clerk who worked on the *Coleman* case during the fourth quarter of 2009. We are seeking $110 per hour for his work, and 2.9 of his hours are in dispute for this motion.

6.     I sent plaintiffs' fourth quarter 2009 fee and cost bill to defendants on February 16, 2010, and later granted defendants an extension, until March 24, 2010, to object to the bill. Defendants provided their objections on March 24, 2010 and I began the meet and confer process with Michael Stone, staff counsel for CDCR's Office of Legal Affairs, on March 25, 2010. Prior to even sending the bill, I exercised billing judgments by deducting time from the bill. In all, I deducted nearly 180 hours of work through billing judgments and the meet and confer process. The only remaining disputes for the fourth quarter of 2009 were: (1) Reasonable fees and costs for work on the three-judge panel overcrowding matter; (2) defendants' refusal to pay more than $82.50 for paralegal time, and; (3) defendants' refusal to pay any amount whatsoever for work performed by paralegal clerks. On April 6, 2010, the parties filed a stipulation with the court confirming the results of the meet and confer process. *Coleman* Docket 3832. The Court issued an order awarding undisputed fees and costs on April 8, 2010. *Coleman* Docket 3834.

7.     Because the fourth quarter marked the end of the year, I also conducted a year-end meet and confer session with defense counsel in order to attempt to resolve any remaining

2

[383604-1]

1    disputes from the year.  I was able to resolve all disputes except for the three categories listed

2    above.  The parties stipulated to a stay of the first and second disputes, delaying the

3    overcrowding compensation until October 1, 2010 and delaying the paralegal rate dispute

4    pending final resolution of the same issue in *Perez, et al. v. Cate, et al.  See Coleman* Docket

5    Nos. 3801 (overcrowding fees and costs) and 3851 (paralegal rate dispute).  Accordingly, the

6    only issue before this court is defendants' refusal to pay a reasonable hourly rate for work

7    performed by paralegal clerks / litigation assistants.

8         8.    Pursuant to the Periodic Fees Order, plaintiffs "identify the billing rates plaintiffs'

9    counsel seeks for that year" with the first quarterly statement.  *See* Ex. A at ¶ 1.  Defendants have

10   30 days to object to the first quarter bill "including the proposed billing rates in the first quarterly

11   statement."  *Id.* at ¶ 2.  Just as we have done for many years, plaintiffs notified defendants in the

12   first quarterly statement for 2009 that we would be billing them for work performed by paralegal

13   clerks and litigation assistants.  Defendants did not object to paralegal clerk / litigation assistant

14   rates, however, until the fourth quarter of 2009, or nearly a year after receiving notice of those

15   rates.  Moreover, defendants have repeatedly agreed that the work of paralegal clerks and other

16   legal support staff is compensable.  Defendants have agreed to compensate our paralegal clerks /

17   litigation assistants for the entire time I have handled the *Coleman* fee process, or since 2006.

18   From 2006 until the fourth quarter of 2009, defendants never once contested this Court's orders

19   awarding that compensation, and defendants actually paid for paralegal / litigation assistant work

20   performed during that time period.  Moreover, although I did not personally handle the *Coleman*

21   billing process prior to 2006, I am informed and believe that defendants never once asserted a

22   categorical objection to work performed by paralegal clerks / litigation assistants, staff members

23   plaintiffs have consistently used throughout the *Coleman* case, and for whom defendants always

24   compensated plaintiffs' counsel.

25        9.    In addition to billing for the work performed by attorneys, we also bill the

26   following legal support staff in our contingency cases and to fee-paying clients:  paralegals,

27   paralegal clerks, litigation support, law clerks (e.g. law student interns), and word processors.

28   RBG is regularly compensated for work performed by these legal support staff members,

including in our prisoner class action lawsuits.  The following are examples of recent prison

cases in which RBG was awarded reasonable hourly rates for legal support staff:

     A.    *Armstrong v. Schwarzenegger*, U.S. District Court, Northern District of California,

Case No. 94-2307 (N.D. Cal. June 27, 2008), in which Judge Claudia Wilken awarded 2008 legal

support staff rates for Rosen, Bien & Galvan, LLP as follows:

| Staff | Rate |
|-------|------|
| Paralegals | $170-190 |
| Paralegal Clerks | $160 |
| Legal Assistants | $100-150 |
| Law Students | $170 |

     B.    *Valdivia v. Schwarzenegger*, U.S. District Court, Eastern District of California,

Case No. Civ. S-94-0671 LKK (E.D. Cal. June 30, 2008) (rates set forth in stipulation, Docket

No. 1456, June 30, 2008), in which Judge Lawrence Karlton awarded 2008 legal support staff

rates for Rosen, Bien & Galvan, LLP as follows:

| Staff | Rate |
|-------|------|
| Paralegals | $160-190 |
| Legal Assistants | $150 |
| Law Students / Law Clerks | $160 |

     C.    *L.H. v. Schwarzenegger*, U.S. District Court, Eastern District of California, Case

No. 06-2042 in which Judge Karlton awarded 2008 legal support staff rates for Rosen, Bien &

Galvan, LLP as follows (Docket 530):

| Staff | Rate |
|-------|------|
| Paralegals | $150 |
| Paralegal Clerks | $130 |
| Law Students / Law Clerks | $170 |

    10.    In November of 2009, the American Civil Liberties Union of Northern California

served a public records act request on the CDCR seeking information related to the on-going

Three Judge Court prison overcrowding case.  RBG received a copy of that request and the

4

[383604-1]

1  CDCR's response.  On October 4, 2009, Thomas L. Gilevich, Assistant Chief Counsel in the

2  CDCR's Office of Legal Affairs, responded to that request.  In his letter, Mr. Gilevich explained

3  that the State's current contract for legal services with Hanson & Bridgett provides hourly rates

4  of "$135 for paralegals or case clerks" and that "[s]ervices by legal assistants will be performed

5  at a range between $120-$280 per hour."  Attached hereto as **Exhibit C** is a true and correct copy

6  of Mr. Gilevich's October 4, 2009 letter responding to the ACLU's request.  Indeed, the State

7  specifically amended its contract with Hanson & Bridgett in July of 2007 in order to "[a]dd Case

8  Clerks/Case Assistants, paid $80/hour, to the list of personnel compensated by this agreement."

9  Attached hereto as **Exhibit D** is a true and correct copy of the CDCR's "Standard Agreement

10 Amendment," Agreement Number C04.246, Amendment 2 (including Attachment A1).  In

11 Attachment A1 to that contract, the State explained that case clerks and case assistants are staff

12 members with 0-2 years of litigation experience who have a Bachelor's degree.  *See* **Exhibit D**.

13 In other words, they are the exact same staff members plaintiffs' counsel call "paralegal clerks"

14 or "litigation assistants."  In January of 2008, the State increased the hourly rate for "paralegals

15 and case clerks" to $135 per hour.  Attached hereto as **Exhibit E** is a true and correct copy of the

16 CDCR's "Standard Agreement Amendment," Agreement Number C04.246, Amendment 3.  In

17 Hanson & Bridgett's original letter outlining the terms under which it would act as counsel in the

18 *Plata v. Schwarzenegger* lawsuit, the firm explained that it was offering hourly rates at a

19 "significant public agency discount from our regular hourly rates."  Attached hereto as **Exhibit F**

20 is a true and correct copy of John D. Adkisson's May 6, 2005 Letter to Dennis Beaty, Assistant

21 Chief Counsel of the CDCR's Office of Legal Affairs.

22       I declare under penalty of perjury under the laws of California and the United States that

23 the foregoing is true and correct and that this declaration is executed in San Francisco, California

24 on July 1, 2010.

25

26       */s/ Amy Whelan*_____
          Amy Whelan

27

28

[383604-1]

# EXHIBIT A



ORIGINAL

ORIGINAL
FILED

MAR 19 1996

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

LODGED

MAR 7 1996

JACK L. WAGNER, CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

      Plaintiffs,

v.

JAMES GOMEZ, et al.,

      Defendants.

No. CIV S-90-0520 LKK JFM

STIPULATION AND ORDER
FOR PERIODIC COLLECTION OF
ATTORNEYS' FEES AND COSTS

     This matter comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically.  The parties by their undersigned counsel do stipulate and the Court having considered the matter hereby Orders as follows:

     1.  Plaintiffs' counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the Court's decision and order of

1  September 13, 1995.  The statements will itemize the time spent,

2  subject activity, applicable attorney and other personnel billing

3  rates, and costs and expenses with sufficient particularity to

4  allow the defendants and the Court to identify which efforts were

5  or were not useful and necessary to ensure compliance with the

6  court's order.   The first quarterly statement of each year will

7  identify the billing rates plaintiffs' counsel seeks for that year.

8  Unless and until defendants dispute any of the fees or costs

9  requested, the billing statements submitted by plaintiffs' counsel

10  shall not include declarations or other supporting pleadings.  Such

11  declarations or other supporting pleadings shall be prepared only

12  for and at the time of filing any Motion to Compel.

13       2.   Upon receipt of plaintiffs' statement each quarter,

14  defendants will have thirty days in which to respond with their

15  objections and the bases therefore.   As to disputed items,

16  including the proposed billing rates in the first quarterly

17  statement, plaintiffs' and defendants' counsel are required to meet

18  and confer within thirty (30) days after defendants have notified

19  plaintiffs of any disputed item(s).   If the parties are able

20  promptly to resolve any part or all of the fee disputes, counsel

21  shall immediately prepare a stipulated order for payment of the

22  fees not subject to defendants' objections.  Both sides shall sign

23  the Order and present it to the court for entry.  Defendants shall

24  have forty-five days from the entry of the Order to pay the

25  undisputed fees.   Interest on these fees and costs will run from

26  the thirty-first day following defendants' receipt of plaintiffs'

27  statement, accruing at the rate provided by 28 U.S.C. §1961.

28

1         3.    If Defendants refuse to sign any Stipulated Payment

2   Order, or unreasonably delay the process described in Paragraph 2,

3   above, plaintiffs' counsel may submit directly to the Court an

4   unstipulated form of Order for collection of fees that are not

5   disputed, together with a certification of counsel under penalty

6   of perjury setting forth the relevant facts and circumstances.

7   Defendants' counsel may respond within five court days of receipt

8   of the proposed Order and certification.  Plaintiffs' counsel may

9   reply within two court days after receipt of defendants' response,

10   if any.  The Court will rule on plaintiffs' application without

11   conducting a hearing unless it considers such a hearing necessary,

12   and will issue plaintiffs' proposed Order or another appropriate

13   Order unless defendants show a reasonable basis for disputing the

14   fees and expenses  plaintiffs have claimed to be undisputed.  If

15   any party determines that systematic problems in the meet and

16   confer process have arisen, that party may move for further

17   modification of this process, by noticed motion made pursuant to

18   the Federal Rules of Civil Procedure and the Rules of this Court.

19        4.    Plaintiffs will file a yearly motion to compel

20   payment of disputed items, if necessary, not later than sixty (60)

21   days after the parties meet and confer with respect to the

22   statement covering the fourth quarter of each year.  If defendants

23   opposed any billing rates plaintiffs' counsel will bring a motion

24   to compel on this issue following the first quarterly statement of

25   each year.

26        5.    In the event that an unusually large number of hours

27   or a significant issue is in dispute, plaintiffs may bring

28

1   a quarterly motion to compel on those issues alone.    Any such
2   quarterly motion to compel will be filed no later than thirty (30)
3   days after the parties have met and conferred on the quarterly
4   statement at issue.    Such motions will be briefed and heard on the
5   usual schedule provided by the local rules.

6          6.    Interest on any disputed amount will accrue at the
7   rate provided by 28 U.S.C. §1961 from the thirty-first (31st) day
8   following defendants' receipt of the billing in which the items in
9   question appear.

10         7.    The standard of review to be applied to disputed
11  billing items will be whether the services were useful and
12  necessary to ensure compliance with the Decision and Order dated
13  September 13, 1995.

14         8.    So long as the plaintiffs' counsel submit quarterly
15  billing statements to the defendants in a timely fashion in
16  accordance with paragraph one of this Order, all compensation
17  requested by the plaintiffs for monitoring compliance with the
18  decision and order will be awarded, now and in the future, at the
19  rates current at the time the billing statements are submitted to
20  the defendants instead of at historic rates.

9.    Defendants shall pay the full amounts ordered paid, with any legal interest owing, no later than forty five (45) days after the date each payment Order is entered by the Court. If payment is not voluntarily made by the 45th day, counsel for plaintiffs may obtain said amount by writ of execution upon state funds and/or other appropriate accounts by certification under penalty of perjury that voluntary payment has not been made.

We do so stipulate.


Dated: 2/29/96

_____
Donald Specter
Counsel for Plaintiffs


Dated: 3/6/96

_____
William Jenkins
Deputy Attorney General
Counsel for Defendants


IT IS SO ORDERED.

Dated: 3/19/96

_____
Lawrence K. Karlton, Chief Judge
United States District Court


Stip & Order for
Attys Fees & Costs                    5

# EXHIBIT B

# ROSEN, BIEN & GALVAN, LLP

**Marc Shinn-Krantz**

**Attorneys at Law**

315 Montgomery Street, 10th Floor
San Francisco, CA  94104-1823

Phone:  (415) 433-6830
Fax:  (415) 433-7104

---

## EDUCATION

**Oberlin College, Oberlin Ohio**                    **B.A., Politics and Law & Society, 2008**

**Research Assistant,** Psychology Department, Oberlin College (February, 2006 – May, 2006). Investigated issues in social and environmental psychology.  Coordinated with professor and student researchers to direct research study on perspective-taking.

## EXPERIENCE

**Rosen Bien & Galvan, LLP; San Francisco, California**          **November 2009 – Present**
**Paralegal Clerk**

Assist with class action and individual cases and court filings, draft, summarize, and track client correspondence, assist attorneys with court preparation, analyze and review documents.

**Camp Shohola for Boys; Greeley, Pennsylvania**          **June – August, 2009**
**Head Counselor**

Managed a staff of 80 counselors, under supervision of the Camp Director.  Supervised all heads of department in developing and running programs for 180 campers.  Supervised all support staff—kitchen, office, maintenance, laundry.  Directed programming and operations.

**HUGE Inc.**                    **February – May 2009**
**Office Manager Assistant**

Assisted Office Manager and recruiting team with daily and ongoing tasks at a rapidly growing website development firm with 200+ employees.

**Ohio Campaign for Change; Oberlin, Ohio**          **October – November, 2008**
**Deputy Field Organizer**

Recruited and organized volunteers for presidential campaign.  Organized logistics location during the final week of the campaign.

**Housing & Dining Committee, Oberlin College**          **February, 2005 – May, 2008**
**Voting Member**

Developed housing and dining policies in conjunction with administrative staff and students. Served on the Dining Sub-committee overseeing implementation of new dining policies.

## LANGUAGES

Spanish (conversant)

[251903-1]

# EXHIBIT C

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**OFFICE OF LEGAL AFFAIRS**
Benjamin T. Rice
General Counsel
P.O. Box 942883
Sacramento, CA 94283-0001

RECEIVED

OCT 1 5 2009

Rosen, Bien & Galvan 



October 4, 2009

<u>Via facsimile (415) 255-1478 and U.S. Mail</u>

RECEIVED
OCT 1 3 2009
By

Natasha Minsker
Death Penalty Policy Director
ACLU of Northern California
39 Drumm Street
San Francisco, CA  94111

        RE:  California Public Records Act Request

Dear Ms. Minsker:

This is in reply to your letter of September 2, 2009, requesting information and documents concerning legal representation relating to the on-going Three Judge Court ("prison overcrowding" case).  Your letter was received by the unit responsible for routing such requests on September 8, 2009.  This is to respond to the request, supplementing the information set out in my email of September 17, 2009.

Two firms have been retained by the California Department of Corrections and Rehabilitation (CDCR) with respect to the Three Judge Court:

- Jerrold C. Shaefer and Paul A. Mello of Hanson, Bridgett, Marcus, Vlahos & Rudy LLP (San Francisco) jointly represented the defendants at the trial.   Since mid-2005, Hanson, Bridgett has provided counsel on this and other aspects of the *Plata* case, including representing CDCR in provider clinical competency actions.
- Carter G. Phillips of Sidley, Austin LLP (Washington, DC) has recently been retained to provide appellate advice and counsel.

Copies of the pertinent contracts are enclosed in the mailed response.  Please provide a reimbursement to CDCR for the charges associated for the 67 pages.

The billings received from Hanson, Bridgett include all work performed in *Plata v. Schwarzenegger*.  Neither the firm's billing documents nor our payments differentiate matters relating to the Three Judge Court and work on other aspects of the case.  The following amounts have been paid under the contract and its amendments:

|              |              |
| ------------ | ------------ |
| Fiscal year 2004/2005 | $ 290,684.57 |
| "        2005/2006 | $ 537,545.82 |
| "        2006/2007 | $1,006,256.38 |
| "        2007/2008 | $4,305,433.89 |
| "        2008/2009 | $3,516,883.00. |

Natasha Minsker
Page 2

In addition to expenses, the rates under the current Hanson, Bridgett contract provide for the following hourly rates - $395 for partners; $295 for senior associates; $265 for junior associates; and $135 for paralegals and case clerks. The counsel rate for Carter G. Phillips in the Sidley, Austin contract is $900 per hour. Services by legal assistants will be performed at a range between $120-$280 per hour.

You have requested estimates of the time outside counsel will spend on the Three Judge Court and billing documents showing time already spent. Such information is associated with pending litigation and is protected from release under Government Code section 6254(b). In addition, billing documents include fees and expenses related to matters not directly associated with the Three Judge Court and involve protected attorney-client and attorney work product information. Other documents contain information about issues or peer review matters identifying individual inmates or providers and are exempt from disclosure under Government Code section 6254(c).

Hanson, Bridgett has provided or is providing CDCR with representation in other cases since January 1, 2005. The cases and totals paid through July 1, 2009 are:

- Rigg v. CDC, et al., Case No. CIV-S-972084 (E.D. Cal.) - $33,625.00
- *L.H., A.Z., D.K., and D.R. v. Schwarzenegger*, Case No. 2:06-CV-02042-LKK-GGH (E.D. Cal.)/*Valdivia v. Schwarzenegger*, Case No. 2:94-cv-00671-LKK-GGH (E.D. Cal.) - $195,286.94
- *Hecker v. CDCR*, Case No. CV-02441 LKK-GGH (N.D. Cal.) - $933,994.04

Please note that we are only aware of the contracts and legal expenses involving Hanson, Bridgett's representation and contracts with CDCR. We have no information whether the firm provides representation to the Governor or State of California on non-CDCR matters.

Should you have any questions regarding the above or wish to discuss this matter further, please contact me at (916) 323-0268.

Sincerely,

THOMAS L. GILEVICH
Assistant Chief Counsel
Office of Legal Affairs

Enclosures

# EXHIBIT D

STATE OF CALIFORNIA
## STANDARD AGREEMENT AMENDMENT
STD 213 A (Rev 06/03)

☒ CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED    2    Pages

| AGREEMENT NUMBER | AMENDMENT NUMBER |
|---|---|
| C04.246 | 2 |
| REGISTRATION NUMBER | |

1    This Agreement is entered into between the State Agency and Contractor named below:

STATE AGENCY'S NAME
California Department of Corrections and Rehabilitation

CONTRACTOR'S NAME
Hanson Bridgett Marcus Vlahos & Rudy LLP

2    The term of this

Agreement is        April 25, 2005        through        June 30, 2009

3    The maximum amount of this        $2,760,000.00
Agreement after this amendment is:    Two million seven hundred sixty thousand dollars and no cents.

4.    The parties mutually agree to this amendment as follows.  All actions noted below are by this reference made a part of the Agreement and incorporated herein:

Agreement number C04.246 to provide legal representation to the California Department of Corrections (CDC) in the matter of *Plata v. Schwarzenegger* and to provide advice and representation to the Division of Correctional Health Care Services in connection with peer review hearings before the Office of Administrative Hearings is hereby amended, effective upon approval, to:

Add Case Clerks/Case Assistants, paid $80/hour, to the list of personnel compensated by this agreement, Exhibit A, Scope of Work, Compensation section.  Case Clerks/Case Assistants are further defined in the job description attached hereto as Attachment A1.

/ / /

/ / /

/ / /

All other terms and conditions shall remain the same.

IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.

| CONTRACTOR | CALIFORNIA Department of General Services Use Only |
|---|---|
| CONTRACTOR'S NAME (If other than an individual, state whether a corporation, partnership, etc.) Hanson Bridgett Marcus Vlahos & Rudy LLP | |
| BY (Authorized Signature)                    DATE SIGNED (Do not type) 7/19/07 | |
| PRINTED NAME AND TITLE OF PERSON SIGNING John D. Adkisson, Partner | |
| ADDRESS 980 Ninth Street, Suite 1500 Sacramento CA 95814 | |

| STATE OF CALIFORNIA | |
|---|---|
| AGENCY NAME California Department of Corrections and Rehabilitation | |
| BY (Authorized Signature)                    DATE SIGNED (Do not type) 8/17/07 | |
| PRINTED NAME AND TITLE OF PERSON SIGNING Karen V. Smith, Chief, Service Contracts Section | ☐ Exempt per: |
| ADDRESS PO Box 942883, Room 410-South, Sacramento, CA  94283-0001 | |

Hanson, Bridgett, Marcus, Vlahos, Rudy LLP            Contract Number C04.246-2
California Department of Corrections and Rehabilitation (CDCR)            Exhibit A1
Case Clerk/Case Assistant Job Description

## CASE CLERK/CASE ASSISTANT JOB DESCRIPTION

**POSITION TITLE:**        Case Clerk or Case Assistant

**DEPARTMENT:**        Litigation/Health

**REQUIRED YEARS:**        0 - 2 years of litigation experience

### I.   EDUCATION AND QUALIFICATIONS

Bachelor's degree required. Paralegal certificate from an ABA-approved program preferred.

Must be able to work well independently or within a team atmosphere and under time pressures. Solid organizational skills and attention to detail. Effective oral and written communication skills. Strong initiative and willingness to assume additional responsibilities as requested.

### II.   FUNCTIONS AND RESPONSIBILITIES

Provides general assistance to attorneys and paralegals in their assigned practice groups, but may assist other practice areas as needed.

Under the supervision of attorneys and lead paralegals, perform organizational tasks as directed, including document organization, bates numbering, assembling documents into binders, index document collections, retrieve documents as needed, and maintain workroom files. Update and search case databases.

### III.   DUTIES

#### A.   Case Tasks

- Organize motion papers and document productions.

- Maintain tracking logs.

- Input data and perform searches on databases.

- Monitor document inspections by opposing counsel.

- Assist with preparation of court filings.

Hanson, Bridgett, Marcus, Vlahos, Rudy LLP                    Contract Number C04.246-2
California Department of Corrections and Rehabilitation (CDCR)              Exhibit A1
Case Clerk/Case Assistant Job Description

> Digest deposition and trial transcripts.

> Retrieve and obtain documents at local courts and government agencies.

> Retrieve cases for attorney review.

**B.**   **Computer Skills**

Familiarity with data processing programs, including Microsoft Word, Excel, and PowerPoint. Ability to learn and utilize document management programs. Proficient with email programs and internet research.

EXHIBIT E

STATE OF CALIFORNIA
**STANDARD AGREEMENT AMENDMENT**
STD. 213 A (Rev 6/03)

☐ CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED _____ Pages

| AGREEMENT NUMBER | AMENDMENT NUMBER |
|---|---|
| **C04.246** | 3 |
| REGISTRATION NUMBER | |

1. This Agreement is entered into between the State Agency and Contractor named below:

STATE AGENCY'S NAME
California Department of Corrections and Rehabilitation

CONTRACTOR'S NAME
Hanson Bridgett Marcus Vlahos Rudy LLP

2. The term of this
Agreement is          April 25, 2005          through          June 30, 2009

3. The maximum amount of this          $9,260,000.000
Agreement after this amendment is:    Nine million two hundred sixty thousand dollars and no cents.

4. The parties mutually agree to this amendment as follows. All actions noted below are by this reference made a part of the Agreement and incorporated herein:

Agreement number C04.246 to provide legal representation to the California Department of Corrections and Rehabilitation (CDCR) in the matter of *Plata v. Schwarzenegger* is hereby amended, effective upon approval, to:

1. Increase funding from $2,760,000 (two million seven hundred sixty thousand dollars) to $9,260,000 (nine million two hundred sixty thousand dollars),

2. Add Katherine Nelson, Assistant General Counsel, as Program Manager, and

3. Effective November 1, 2007, increase rates to the following: Partners, $395/hr; Senior Associates, $295/hr: Junior Associates, $265; and Paralegals and Case Clerks, $135/hr.

/ / /

/ / /

All other terms and conditions shall remain the same.

IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.

| CONTRACTOR | CALIFORNIA<br>Department of General Services<br>Use Only |
|---|---|
| CONTRACTOR'S NAME *(If other than an individual, state whether a corporation, partnership, etc.)*<br>Hanson Bridgett Marcus Vlahos Rudy LLP | |
| BY *(Authorized Signature)*<br>✍ *Jerrold C. Schaefer* | DATE SIGNED *(Do not type)*<br>1-2-08 |
| PRINTED NAME AND TITLE OF PERSON SIGNING<br>Jerrold C. Schaefer, Partner | APPROVED<br>JAN 1 7 8 |
| ADDRESS<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | DEPT OF GENERAL SERVICES |
| STATE OF CALIFORNIA | |
| AGENCY NAME<br>California Department of Corrections and Rehabilitation | |
| BY *(Authorized Signature)*<br>✍ *Allison Garcia* | DATE SIGNED *(Do not type)*<br>1/9/08 |
| PRINTED NAME AND TITLE OF PERSON SIGNING<br>KAREN V. SMITH, Associate Director (A), Office of Business Services | ☐ Exempt per: |
| ADDRESS<br>PO Box 942883, Room 410-South, Sacramento, CA 94283-0001 | |

STD 215 (Rev. 4/2002)

☐ CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED | C04.246 | 3

| 1. CONTRACTOR'S NAME | 2. FEDERAL I.D. NUMBER |
|---|---|
| Hanson, Bridget, Marcus, Vlahos, & Rudy LLP | 94-1205338 |

| 3. AGENCY TRANSMITTING AGREEMENT | 4. DIVISION, BUREAU, OR OTHER UNIT | 5. AGENCY BILLING CODE |
|---|---|---|
| CA. Dept. of Corrections & Rehabilitation | Office of Legal Affairs | 16827 |

6. NAME AND TELEPHONE NUMBER OF CONTRACT ANALYST FOR QUESTIONS REGARDING THIS AGREEMENT
Nadine Valenzuela  916-445-9298

7. HAS YOUR AGENCY CONTRACTED FOR THESE SERVICES BEFORE?
☒ NO     ☐ YES (*If YES, enter prior contractor name and Agreement Number*)

8. BRIEF DESCRIPTION OF SERVICES - LIMIT 72 CHARACTERS INCLUDING PUNCTUATION AND SPACES
Legal representation.

9. AGREEMENT OUTLINE (*Include reason for Agreement: Identify specific problem, administrative requirement, program need or other circumstances making the Agreement necessary; include special or unusual terms and conditions.*)
Agreement number C04.246 dated August 24, 2007, to provide legal representation to the California Department of Corrections & Rehabilitation in the matter of Plata v. Schwarzenegger and to provide advise and representation to the Division of Correctional Health Care Services in connection with peer review hearings before the Office of Administrative Hearings, is hereby amended, effective upon approval to:
   1.) Increase funding from $2,760,000 (two million seven hundred sixty thousand dollars) to $9,260,000 (nine million two hundred sixty thousand dollars), as supported by the attached documentation, and
   2.) Increase the rates to the following:  Partners, $395/hr; Senior Associates, $295/hr; Junior Associates, $265/hr; and paralegals, $135/hr.
   3.) Extend the term from June 30, 2009 to June 30, 2010
   4.) Add Katherine Nelson, Assistant General Counsel, as Program Manager
   **PLEASE SEE ATTACH FISCAL YEAR BREAK DOWN.**

10. PAYMENT TERMS (*More than one may apply.*)
☐ MONTHLY FLAT RATE     ☐ QUARTERLY     ☐ ONE-TIME PAYMENT     ☐ PROGRESS PAYMENT
☐ ITEMIZED INVOICE     ☐ WITHHOLD ___ %     ☐ ADVANCED PAYMENT NOT TO EXCEED
☐ REIMBURSEMENT/REVENUE     $ _____ or _____ %
☒ OTHER (*Explain*)  Monthly Basis.

11. PROJECTED EXPENDITURES

| FUND TITLE | ITEM | F.Y. | CHAPTER | STATUTE | PROJECTED EXPENDITURES |
|---|---|---|---|---|---|
| General Fund | 5240-001-0001 (5280) | 04/05 | 208 | 2004 | $315,000.00 |
| General Fund | 5240-001-0001 (5280) | 05/06 | 38 | 2005 | $900,000.00 |
| General Fund | 5240-001-0001 (5280) | 06/07 | 47 | 2006 | $550,000.00 |
| General Fund | 5240-001-0001 (5280) | 07/08 | 171 | 2007 | $2,550,000.00 |
| General Fund | 5225-001-0001 (5226) | 08/09 | Pending | 2008 | $4,945,000.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

OBJECT CODE    415     |     AGREEMENT TOTAL  $  9,260,000.00

| | |
|---|---|
| OPTIONAL USE    FY04/05:8500/20301 FY05/06-08/09: 5400/50500 | AMOUNT ENCUMBERED BY THIS DOCUMENT  $ 2,000,000.00 |
| *I CERTIFY upon my own personal knowledge that the budgeted funds for the current budget year are available for the period and purpose of the expenditure stated above.* | PRIOR AMOUNT ENCUMBERED FOR THIS AGREEMENT  $ 1,765,000.00 |
| ACCOUNTING OFFICER'S SIGNATURE     *Jacqueline Adams*     DATE SIGNED  01/15/08 | TOTAL AMOUNT ENCUMBERED TO DATE  $ 3,765,000.00 |

12.

| AGREEMENT | TERM From | Through | TOTAL COST OF THIS TRANSACTION | BID, SOLE SOURCE, EXEMPT |
|---|---|---|---|---|
| Original | 4/25/05 | 6/30/07 | $ 2,760,000.00 | Exempt |
| Amendment No. 1 | 4/25/05 | 6/30/09 | $ 0 | Exempt |

| | | | | |
|---|---|---|---|---|
| Amendment No. 2 | 4/25/05 | 06/30/09 | $ 0 | Exempt |
| Amendment No. 3 | 4/25/05 | 6/30/09 | 6,500,000.00 | |
| | | TOTAL | $ 9,260,000.00 | |

# EXHIBIT F

*Exhibit B-1*

JOHN D. ADKISSON
PARTNER
DIRECT DIAL 916 551 2925
REPLY TO SACRAMENTO
E-MAIL jadkisson@hansonbridgett.com

*SENT VIA E-MAIL: dennis.beaty@corr.ca.gov*

May 6, 2005

Mr. Dennis Beaty
Assistant Chief Counsel
Department of Corrections
Legal Affairs Division
1515 S Street, Room 319 - S
Sacramento, CA 95814

Re: *Plata v. Schwarzenegger*

Dear Mr. Beaty:

Thank you for asking Hanson Bridgett to assist the Department of Corrections in this important matter. You have asked us to prepare a budget, through and beyond the evidentiary hearings, which are currently scheduled to begin on May 31st, and continue at least into the middle of June. Thorough preparation for the evidentiary hearings, including research and fact gathering regarding the scope of potential remedies and medical care solutions will require the work of a team of expert attorneys with a special frontloading of effort over the next eight weeks.

Based on extensive discussions with your office as well as with Jon Wolff and Maria Chan of the Attorney General's Office, we understand our role in this matter to encompass a number of complex tasks. We have been informed that the multi-faceted team that was originally assigned to this case at the Attorney General's Office has been disbanded, and now, Mr. Wolff will be the sole Deputy AG assigned to the *Plata* case. He will serve in the capacity of the lead attorney. However, he has informed us that he will be turning to Hanson Bridgett to handle the lion's share of the work in this case, including participation in all meetings, research, investigation, court appearances, depositions, and, of course, the evidentiary hearings. We are delighted to comply and have divided the budget into five categories, with specific activities described below.

## I.  Research and Investigation of Facts and Law

As we have discussed, there are a number of issues that need to be thoroughly researched and understood in advance of the upcoming evidentiary hearings. For example, two of the most critical issues include the scope of remedies available to the federal court, the impact of any such

LAW OFFICES
WWW.HANSONBRIDGETT.COM

| SAN FRANCISCO | MARIN | SACRAMENTO |
|---|---|---|
| 333 MARKET STREET | WOOD ISLAND | 980 NINTH STREET |
| 21ST FLOOR | 80 E. SIR FRANCIS DRAKE BLVD. · SUITE 3E | SUITE 1500 |
| SAN FRANCISCO · CALIFORNIA 94105-2173 | LARKSPUR · CALIFORNIA 94939 | SACRAMENTO · CALIFORNIA 95814 |
| TELEPHONE 415·777·3200 | TELEPHONE 415·925·8400 | TELEPHONE 916·442·3333 |
| FACSIMILE 415·541·9366 | FACSIMILE 415·925·8409 | FACSIMILE 916·442·2348 |
| SF@HANSONBRIDGETT.COM | MARIN@HANSONBRIDGETT.COM | SAC@HANSONBRIDGETT.COM |

*Exhibit B-1*

Mr. Dennis Beaty
May 6, 2005
Page 2

remedies on state government and its processes, and the effectiveness of such remedies in reforming our prison system's medical care delivery system. In addition to the legal research that needs to be performed, we must also conduct a factual investigation into the state's processes with regard to hiring, procurement, contracting, and civil service, all as particularly relate to the Department of Corrections and a potential receivership.

We anticipate that the research and investigation component of this case will take a minimum of 150 attorney hours. We estimate the cost of this portion of the case through June at $50,000-$75,000.

## II.   Litigation-related Activities

Although the research and investigation component is directly related to and will assist the litigation function, we have separated the actual litigation activities for purposes of budgeting. This category includes court appearances (e.g., the status conferences), depositions, pre-deposition conferences, interviews of witnesses, preparation of documents and briefs to file with the court (including joint status conference statements and any post-hearing briefs), and the evidentiary hearings (which are currently optimistically scheduled for six days).

We estimate the cost of this portion of the case through June at $90,000-$125,000.

## III.   Advice and Counseling Related to Reform of Health Care System

In conversations with more than a dozen attorneys and correctional officials in the past few days, we have concluded that an additional category of services is necessary to assure that the federal court has before it a proper record from which to go forward with reform. Expertise in medical service delivery and research into options for improving the system in an expedited manner, is separately categorized. This portion of the team effort will receive input from the Firm's Health Care section which will draw upon its experience in managing and advising both private and public health care institutions.

As Bruce Slavin commented in a meeting this morning, a goal of this project is to ensure compliance with court orders, and also to creatively imagine a quick emergence into a medical delivery system that can operate efficiently without court supervision in the future.

Although the full scope of this effort is inherently unpredictable, we estimate the cost of this portion of the case through June at $50,000-$75,000.

## IV.   Administrative/Coordination of Litigation

This category encompasses all efforts related to coordination of work with the Attorney General's Office, as well as our liaison with your office and the individual defendants in the case. It includes conferences, preparation of correspondence to counsel and our clients, team coordination, avoidance of duplicative efforts, and cost control. It includes especially the efforts of Mr. Adkisson and Ms. Sandman in Sacramento that are not included in the other categories. We estimate the cost of this portion of the case through June at $25,000-$45,000.



Mr. Dennis Beaty
May 6, 2005
Page 3

## V.    Post-June Activities

Once the initial stage of this matter is completed it is unclear what costs will be incurred during the next fiscal year. For purposes of this budget we have assumed that monthly activities will be reduced by 50%. Of course, this may be overly optimistic or pessimistic depending upon the actions of the federal court and the Department's wishes for our continued service.

**TOTAL ESTIMATE.** The total estimate through June is $ 215,000 -315,000. Assuming a 50% level of activity for fiscal year 2005-06, the next 12 month estimate would be $645,000-945,000. This budget is based on discounted hourly rates in four categories:  Partners at a blended rate of $350; Senior Associates at a blended rate of $250; Junior Associates (three years or fewer from bar admittance) at a blended rate of $225; and paralegals at a blended rate of $125.  These rates reflect a significant public agency discount from our regular hourly rates and reflect the same discounted rate paid to this firm in other matters, especially those related to prison construction.

Thank you, again for entrusting this matter to Hanson Bridgett. We look forward to working with you on this interesting and important matter.

Very truly yours,


John D. Adkisson

JDA:jww