ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. CIV S 90-520 LKK-JFM<br><br>**DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009**<br><br>Date: August 23, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 4 (15th Floor)<br>Judge: Honorable Lawrence K. Karlton |

DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009 - Case No. Civ S 90-520 LKK-JFM

[381649-4]

I, Geoffrey T. Holtz, declare:

1. I make this Declaration of my own personal knowledge and if called to testify, I could and would testify competently to the matters stated herein.

2. I am an attorney admitted to the bar of this Court, and duly licensed to practice before all courts of the State of California. I am a partner of the law firm Bingham McCutchen LLP ("Bingham"). Although Bingham remains counsel of record for the plaintiff class in this case, we have not performed any legal work in the case for many years. I submit this Declaration in support of Plaintiff's Motion for Disputed Fees from 2009, filed concurrently herewith.

## LITIGATION BACKGROUND

3. I graduated from the University of California, Hastings College of the Law in 1997, and was admitted to the State Bar of California that same year. After graduation, I joined the law firm of Robins, Kaplan, Miller & Ciresi in the firm's San Francisco office. In February 2000, I joined the law firm of Bingham McCutchen LLP (known as McCutchen, Doyle, Brown & Enersen prior to 2002) as a litigation associate. I was elevated to partnership in 2004.

4. Throughout my career, I have specialized in intellectual property, antitrust, and consumer class actions and complex litigation matters, in both state and federal court. The litigation matters I have handled have involved representing corporate and commercial clients as both plaintiffs and defendants and as individuals and classes.

5. I also have substantial experience in class action litigation in both state and federal courts. While at Robins Kaplan, I represented a plaintiff class of freelance authors in a federal court action asserting mass infringement of the plaintiffs' copyrights. That action resulted in important new rights being established confirming the class members' default rights of ownerships in freelance articles, and was among the first cases in which a class was certified in a copyright infringement action. *Ryan v. CARL Corp.*, 23 F. Supp. 2d 1146, 1150 (N.D. Cal. 1998); *Ryan v. CARL Corp.*, 1999 WL 16320 (N.D. Cal. 1999). I have also represented defendants in a number of class actions in both state and federal court involving claims of antitrust and unfair competition violations in a variety of industries.

1

DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009 - Case No. Civ S 90-520 LKK-JFM

[381649-4]

6. The Bingham McCutchen firm has extensive experience in prisoners' rights litigation. In 1982, this firm served as co-lead counsel with Donald Specter in *Marin v. Rowland*, No. C-80-0012 MHP, N.D. Cal., a civil rights action concerning inadequate psychiatric and medical care provided by San Quentin State Prison, including giving inmates access to medical records of their fellow prisoners and failing to provide staff or room sufficient to house or care for psychiatric patients. In 1986, the firm was co-lead counsel with Donald Specter, Sanford Jay Rosen, Michael Bien, and the ACLU Foundation of Northern California, in *Gates v. Deukmejian*, No. Civ. S-87-1636 LKK-JFM, E.D. Cal., a class action against the California Department of Corrections for unconstitutional conditions of confinement and inadequate medical, psychiatric and dental care for more than 3500 inmates housed at CMF and the adjacent Northern Reception Center. In 1991, the firm became involved as co-lead counsel with Donald Specter and Michael Bien, along with attorneys at Heller, Ehrman, White & McAuliffe and the Disability Rights, Education and Defense Fund, in filing the instant case, *Coleman v. Wilson* (now Schwarzenegger), which was the largest class action suit ever brought against California's prison system as of that date. While *Coleman* was pending, the firm served as co-lead counsel with the ACLU in *Fierro v. Gomez*, 865 F. Supp. 1387 (N.D. Cal. 1994), a class action lawsuit challenging the constitutionality of San Quentin's gas chamber. In 2001, the firm served as co-counsel with the Prison Law Office in *Plata v. Davis*, No. C-01-351 TEH (N.D. Cal.) which was filed on behalf of a class of prisoners with serious medical conditions.

7. In addition to the firm's extensive experience in prisoners' rights litigation, we also have specific experience litigating issues regarding the California parole revocation system. In 1994, the firm served as co-lead counsel with the Prison Law Office, Rosen, Bien & Galvan (formerly Rosen, Bien & Asaro), and Pillsbury, Madison & Sutro in *Armstrong v. Davis*, CW C-94-2307, N.D. Cal. *Armstrong* is a statewide class action against the California Department of Corrections and Rehabilitation ("CDCR") and California Board of Parole Hearings under the Americans with Disabilities Act and the Rehabilitation Act, which challenged California's parole revocation procedures on behalf of prisoners with physical disabilities. Starting in 1997, the firm served as co-counsel with the Prison Law Office and Rosen, Bien & Galvan in *Valdivia v.*

2

DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009 - Case No. Civ S 90-520 LKK-JFM

[381649-4]

*Schwarzenegger*, Civ. S-94-0671 LKK/GGH, E.D. Cal.  *Valdivia* is a statewide class action against the CDC and California Board of Prison Terms under the Due Process Clause, which challenged California's parole revocation procedures on behalf of all parolees.  In 2006, the firm became involved as co-lead counsel with RBG, the Prison Law Office, and the Youth Law Center in *L.H., et al. v. Schwarzenegger, et al.,* No. 06-CV-02042 LKK/GGH, E.D. Cal., a statewide class action challenging California's parole revocation procedures for juvenile offenders.

8.  Bingham McCutchen's commitment to the protection of prisoners' rights has been recognized by various bar organizations.  In 1999, the firm was awarded the State Bar of California President's Pro Bono Award for prisoners' rights pro bono litigation.  In 2005, the firm was awarded the California Public Defenders Association's Defender Program of the Year Award.

**MARKET PRACTICES REGARDING LEGAL SUPPORT STAFF**

9.  Bingham McCutchen periodically establishes hourly rates for the billing personnel at our firm.  The firm obtains information concerning market rates from other attorneys in the area and from information that appears in the local press or is otherwise publicly available.  The firm establishes the rates for our San Francisco and Silicon Valley offices based on prevailing market rates in the Bay Area for attorneys of comparable skill, experience, and qualifications.  Lawyers based in these offices bill these rates regardless of the venue in which they litigate.  As it is the seat of California's government, the firms' lawyers from offices in the Bay Area and elsewhere often perform work, including litigation, that is venued in Sacramento.  When we perform work or litigate in Sacramento, we bill our clients and are typically paid at the rates that the lawyers customarily bill for their work seated in their home cities.

10.  The vast majority of the litigation performed by Bingham McCutchen is billed on an hourly basis, meaning that we bill clients for work performed by our billing staff.

11.  We bill our attorney time to fee paying clients at prevailing market rates.  We also regularly bill the work of the following legal support staff to fee paying clients:  Litigation

3

DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009 - Case No. Civ S 90-520 LKK-JFM

[381649-4]

Technology Staff (or "Litigation Specialists"), Librarians, EDGAR (Securities and Exchange Commission) Filing Service Staff, and Document Production Services Staff. My understanding is that Bingham's consistent practice of billing legal support staff to fee-paying clients conforms to that of other law firms practicing in the Northern and Eastern Districts of California. These legal support staff include persons who do not qualify as "paralegals" under California Business & Professions Code § 6450.

12. The 2009 hourly rate for our paralegals was $125 to $375. In addition, the 2009 hourly rates for our other legal support staff were as follows: Litigation Technology Staff ($210 to $315) and Librarians ($70 to $250). The 2010 hourly rate for EDGAR filing services staff and Document Production Services staff was $125. In my experience, we charge the same rates for work in the San Francisco office regardless of the location of the forum. My billing practice is to include the names of the personnel whose time the firm is billing to the client, with a description of the services performed, but not to include any job titles on the billing statement. Whether a person is qualified to be called a "paralegal" under California Business & Professions Code § 6450 is immaterial to whether the person's time is billed to clients. The person's status under Section 6450 relates only to whether the person's job title is "paralegal." As stated above, we have several categories of persons whose time is billed to clients whose job titles are not "paralegal."

13. I have reviewed the hourly rates of RBG's and the PLO's paralegal clerks and litigation assistants, which are not only consistent with prevailing rates in the San Francisco area, but are lower than those of the larger law firms.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed this 28th day of June, 2010, at San Francisco, California.

Geoffrey T. Holtz

4

DECLARATION OF GEOFFREY T. HOLTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PAYMENT OF DISPUTED FEES FROM 2009 - Case No. Civ S 90-520 LKK-JFM

[381649-4]