Deborah J. Fox (SBN 110929)
dfox@meyersnave.com
Edward A. Grutzmacher (SBN 228649)
egrutzmacher@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
333 South Grand Avenue, Suite 1670
Los Angeles, California 90071
Telephone: (213) 626-2906
Facsimile: (213) 626-0215

Attorneys for Intervenor
CITY OF CHINO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants. | CASE NO. 2:90-CV-00520-LKK-JFM<br><br>CITY OF CHINO'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br><u>Hearing</u>:<br>Date:　August 9, 2010<br>Time:　10:00 a.m.<br>Dept.:　4<br><br>Hon. Lawrence K. Karlton |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 9, 2010, at 10:00 a.m. in Courtroom 4 of the United States District Court, Eastern District of California, Sacramento Division located at 501 I Street, Suite 4-200, Sacramento, CA 95814, or as soon thereafter as counsel may be heard, proposed intervenor, the City of Chino ("the City") will and hereby does make a motion for intervention. This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 24 on the grounds that: (1) the application is timely; (2) the City has "significantly protectable" interests in ensuring that the California Department of Corrections and Rehabilitation ("CDCR") undertakes appropriate environmental review under the California Environmental Quality Act ("CEQA") before approving any new project at the California Institution for Men ("CIM"), in the City's due process rights and rights for petition for redress of grievances associated with CEQA which CDCR seeks to abrogate through its requested waiver of state law, and in the potential impacts to the City's residents, employees, facilities, and property that may be caused by any CDCR project at CIM; (3) the Court's decision on CDCR's request for waiver of state law may, as a practical matter, impair the City's ability to protect these interests; and (4) the existing parties will not adequately represent the City's interests.

This motion is based upon this notice and motion, the attached memorandum of points and authorities, all of the pleadings and documents contained in the file, and upon such other evidence and oral and written arguments as may be presented at or before the date of the hearing on this matter.

DATED: July 9, 2010          MEYERS, NAVE, RIBACK, SILVER & WILSON


By:   /s/ Deborah J. Fox
      DEBORAH J. FOX
      Attorneys for Intervenor
      CITY OF CHINO

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION AND SUMMARY OF ARGUMENT .............................. 1

II. ARGUMENT ................................................................................................ 1

    A. The City Should Be Granted Intervention As a Matter of Right. ........... 1

        1. The City's Application Is Timely. ................................................ 2

        2. The City Has Several Significantly Protectable Interests ............ 2

            (a) CDCR's Requested Waiver Of CEQA Would Deprive The City Of Due Process. ................................... 3

            (b) CDCR's Proposed Waivers Would Deprive The City Of The Right To Petition For Redress Of Grievances. ................................................................. 6

            (c) CDCR's Proposed Project Itself Could Impact The City's Property, Facilities, And Employees ..................... 6

        3. The Court's Resolution Of CDCR's Proposed Waiver Of CEQA May Impair The City's Ability To Protect Its Interests. ......................................................................................... 7

        4. The Existing Parties Will Not Adequately Represent The City's Interests. ............................................................................. 7

    B. Alternatively, The Court Should Grant Permissive Intervention. .......... 8

III. CONCLUSION .............................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Citizens of Goleta Valley v. Board of Supervisors,*
    52 Cal.3d 553, 276 Cal.Rptr. 410 (1990) ...................................................................... 4

*Greene v. United States,*
    996 F.2d 973 (9th Cir. 1993) ........................................................................................... 2

*Mountain Lion Foundation v. Fish and Game Commission,*
    16 Cal.4th 105, 65 Cal.Rptr.2d 580 (1997) ..................................................................... 4

*Sierra Club v. United States EPA,*
    995 F.2d 1478 (9th Cir. 1993) ......................................................................................... 2

*Southwest Center for Biological Diversity v. Berg,*
    268 F.3d 810 (9th Cir. 2001) ................................................................................... passim

*Sunset Drive Corp. v. City of Redlands,*
    73 Cal.App.4th 215, 86 Cal.Rptr.2d 209 (1999) ............................................................. 5

*Vedanta Soc. of Southern California v. California Quartet, Ltd.,*
    84 Cal.App.4th 517, 100 Cal.Rptr.2d 889 (2000) ........................................................... 5

**Statutes and Regulations**

California Code of Regulations, Title 14
    § 15000 ............................................................................................................................. 4
    § 15086 ............................................................................................................................. 5
    § 15088 ............................................................................................................................. 5
    § 15105 ............................................................................................................................. 5
    § 15201 ............................................................................................................................. 4

Cal. Public Resources Code § 21000 ........................................................................................ 1
    § 21001 ............................................................................................................................. 4
    § 21080 ............................................................................................................................. 5
    § 21091 ............................................................................................................................. 5
    § 21092 ............................................................................................................................. 5
    § 21167 ............................................................................................................................. 6

Federal Rules of Civil Procedure,
    Rule 24 ..................................................................................................................... passim

TABLE OF AUTHORITIES cont.

Page(s)

**Miscellaneous**

Remy, *et al.*, Guide To CEQA, p. 2 (11th ed. 2006).................................................. 4

I.      *INTRODUCTION AND SUMMARY OF ARGUMENT*

Proposed Intervenor, the City of Chino ("the City") seeks intervention in this case to defend critical procedural and substantive due process rights and rights to petition for redress of grievances that this case threatens to abrogate. In its June 15, 2010 Order, this Court commanded that Defendants State of California, *et al.*, ("Defendants" or "CDCR") identify steps that might be taken to accelerate Defendants' proposed amended long-range mental health bed plan for the Stark facility ("amended Stark plan") and identify all actions, including potential waiver of State laws, that may be required to accomplish such steps. Docket No. 3856, ¶ 2. In response, Defendants proposed elimination of certain provisions of California's landmark environmental protection statute, the California Environmental Quality Act, Cal. Public Resources Code § 21000 *et seq.* ("CEQA"). While Defendants have phrased the proposed waivers of State law as elimination of certain time periods under CEQA, the elimination of these time periods would have the net effect of eliminating critical public participation provisions of CEQA and depriving the City, its citizens, and other interested parties of existing rights to access to the courts for petition for redress of grievances. This, in turn, would deprive the City from the ability to protect its residents, employees, facilities, and property from the potential impacts of the amended Stark plan.

The City seeks mandatory, or, in the alternative, permissive intervention in this case under Federal Rule of Civil Procedure, Rule 24 ("Rule 24").

II.     ARGUMENT

    A.      *The City Should Be Granted Intervention As a Matter of Right.*

In general, the Ninth Circuit liberally construes Rule 24 in favor of proposed intervenors. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("*SCBD*"). "In addition to mandating broad construction," the Court's review should be "'guided primarily by practical considerations,' not technical distinctions." *Id.* Intervention shall be permitted when the proposed intervenor claims

an interest which may, as a practical matter, be impaired or impeded by disposition of the pending action, and that interest is not adequately represented by the existing parties. Federal Rules of Civil Procedure, Rule 24(a). Courts apply a four-part test to determine whether intervention of right is appropriate: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair the applicant's ability to protect that interest; and (4) the existing parties will not adequately represent the applicant's interest. *SCBD*, 268 F.3d at 817. Here, the City meets all four factors for mandatory intervention.

### 1. *The City's Application Is Timely.*

The City seeks intervention for the sole purpose of challenging any attempt to restrict its due process and petitioning rights, especially with regards to CEQA. Defendants' response to the June 15, 2010 Order was filed on June 30, 2010. This motion is filed only nine days later on July 9, 2010 and thus, on its face, is timely.

In any event, Defendants themselves state that they do not anticipate to have the environmental impact report ("EIR") prepared for the amended Stark plan project until April 2011. Docket No. 3870 at 6. Thus, resolution of both this motion to intervene and the City's opposition to the proposed waivers of CEQA can be timely resolved without jeopardizing the current proposed schedule.

### 2. *The City Has Several Significantly Protectable Interests.*

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). "It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).

///

1   The court is required to accept as true the non-conclusory allegations made in
2 support of an intervention motion. *SCBD*, 268 F.3d at 819-820. Here, as alleged
3 below, the City has a number of significantly protectable interests that will be
4 implicated by the proposal to waive CEQA and CDCR's plans for the California
5 Institution for Men.

6     (a) *CDCR's Requested Waiver Of CEQA Would Deprive The*
7        *City Of Due Process.*

8   CEQA is California's landmark environmental protection statute. The
9 California Legislature detailed numerous public policies in enacting CEQA
10 including:

11  (a) Develop and maintain a high-quality environment now and in
12  the future, and take all action necessary to protect, rehabilitate, and
13  enhance the environmental quality of the state.
14  (b) Take all action necessary to provide the people of this state
15  with clean air and water, enjoyment of aesthetic, natural, scenic, and
16  historic environmental qualities, and freedom from excessive noise.
17  (c) Prevent the elimination of fish or wildlife species due to
18  man's activities, insure that fish and wildlife populations do not
19  drop below self-perpetuating levels, and preserve for future
20  generations representations of all plant and animal communities and
21  examples of the major periods of California history.
22  (d) Ensure that the long-term protection of the environment,
23  consistent with the provision of a decent home and suitable living
24  environment for every Californian, shall be the guiding criterion in
25  public decisions.
26  (e) Create and maintain conditions under which man and nature
27  can exist in productive harmony to fulfill the social and economic
28  requirements of present and future generations.

  (f) Require governmental agencies at all levels to develop standards and procedures necessary to protect environmental quality.

  (g) Require governmental agencies at all levels to consider qualitative factors as well as economic and technical factors and long-term benefits and costs, in addition to short-term benefits and costs and to consider alternatives to proposed actions affecting the environment.

Cal. Public Resources Code § 21001.

  The California Supreme Court has stated that the CEQA process "protects not only the environment but also informed self-government." *Citizens of Goleta Valley v. Board of Supervisors*, 52 Cal.3d 553, 564, 276 Cal.Rptr. 410 (1990). A leading treatise on CEQA notes that, "for projects requiring preparation of environmental impact reports (EIRs), …, informed self-government is protected by the requirement that an agency respond in writing to significant environmental points raised during the project review process." Remy, *et al.*, Guide To CEQA, p. 2 (11th ed. 2006). The requirement to receive and respond to public comments on an EIR "ensures that members of the [governmental decision-making body] will fully consider the information necessary to render decisions that intelligently take into account the environmental consequences. It also promotes the policy of citizen input underlying CEQA." *Mountain Lion Foundation v. Fish and Game Commission*, 16 Cal.4th 105, 133, 65 Cal.Rptr.2d 580 (1997). "Public participation is an essential part of the CEQA process." Cal. Code of Regs., Title 14, § 15201.[1] A failure to comply with the mandates of CEQA can deprive participants in the CEQA process of their rights

---

[1] California Code of Regulations, Title 14, § 15000 *et seq.* hereinafter "CEQA Guidelines."

1  to due process.  *See Sunset Drive Corp. v. City of Redlands*, 73 Cal.App.4th 215,
2  224- 225, 86 Cal.Rptr.2d 209 (1999); *Vedanta Soc. of Southern California v.*
3  *California Quartet, Ltd.*, 84 Cal.App.4th 517, 535, 100 Cal.Rptr.2d 889 (2000).
4         Under normal CEQA procedures, a state agency who proposes to approve or
5  undertake a project that may have a significant effect on the environment first
6  prepares a draft EIR.  Cal. Public Resources Code §§ 21080, 21080.4.  The draft
7  EIR is then required to be circulated to the public and public agencies to allow the
8  public and public agencies the opportunity to review the often voluminous draft EIR
9  and prepare written comments on the adequacy of the draft EIR.  Cal. Public
10 Resources Code § 21091; CEQA Guidelines § 15086.  The amount of time for this
11 public review of the draft EIR is set forth in Public Resources Code § 21091 and
12 CEQA Guidelines § 15105.  Following the public comment period, the agency
13 preparing the EIR is required to respond in writing to all public comments made on
14 the draft EIR during the public comment period.  Cal. Public Resources Code §
15 21092.5; CEQA Guidelines § 15088.  These responses to comments are an integral
16 part of the final EIR and are a mandatory part of the CEQA process.
17        CDCR seeks a waiver of the public review period for the draft EIR.  Docket
18 No. 3870 at 5.  In essence, CDCR seeks to prepare a draft EIR, skip the public
19 comments on the draft EIR altogether, then move to preparation of the final EIR.  It
20 is not clear how CDCR plans to comply with the requirement to prepare a final EIR
21 that includes responses to public comments where it has not allowed the public to
22 comment.  In any event, for purposes of this motion to intervene, the CDCR's
23 requested waiver of the public comment period will deprive the City, and the rest of
24 the public, with the rights to review and comment on the draft EIR and have those
25 comments responded to in writing that are currently guaranteed under state law.
26        Similarly, CDCR seeks a waiver of Cal. Public Resources Code § 21092.5(a)
27 and CEQA Guidelines § 15088(b) which currently provides that, at least 10 days
28 prior to approval of an EIR ("certification" in the language of CEQA), the lead

1 agency must provide written responses to any comments made by a public agency.
2 Docket No. 3870 at 5.  CDCR's proposed waivers of state law would deprive the
3 City of these rights as well.

    (b) *CDCR's Proposed Waivers Would Deprive The City Of The Right To Petition For Redress Of Grievances.*

6   CDCR's third proposed waiver of CEQA is phrased innocently enough, but would have a dramatic impact on the City's rights, as well as the rights of other members of the public or public agencies that might seeks to challenge the legal adequacy of the EIR in court.  CDCR describes the proposed waiver as simply the waiver of a requirement to post the Notice of Determination for 30 days following certification of the EIR.  Docket No. 3870 at 6.  However, the statute of limitations for challenging the adequacy of the EIR or the lead agency's CEQA process is 30 days running from the posting of the Notice of Determination.  Cal. Public Resources Code § 21167(b).  Thus, CDCR's proposed waiver would essentially eliminate the statute of limitations period to challenge the EIR under CEQA.  This, in turn would require the City, or anyone else seeking to petition the courts under CEQA, to file such a petition on the very same day that the EIR is certified, effectively precluding access to the courts by the City.  Thus, the City's First Amendment rights to petition for redress of grievances, made applicable to the states through the Fourteenth Amendment is implicated by the proposed waiver of this state law.

    (c) *CDCR's Proposed Project Itself Could Impact The City's Property, Facilities, And Employees.*

23   The City's rights to comment on and, potentially, even to sue on the adequacy of CDCR's EIR and CEQA process are not just rights in the abstract.  The City's residents, employees, facilities, and property are already directly impacted by CIM and would be further impacted by new development at CIM.

27   CIM is located in Chino's jurisdiction.  Declaration of City Manager Patrick Glover, ¶ 4.  CIM's history of riots and prisoner unrest is well documented.  Often

1  during these incidents, the City's police department is called upon to assist
2  corrections officers in maintaining order. Glover Decl. at ¶ 5. Injured prisoners
3  who cannot be treated at CIM are often directed to medical facilities within the City.
4  Glover Decl. at ¶ 5. Prisoners who are released from CIM are often released
5  directly into the City. Glover Decl. at ¶ 5. Moreover, on a daily basis, traffic to and
6  from CIM often uses City streets. Glover Decl. at ¶ 5. In addition to congestion,
7  this traffic also releases air pollutants that may negatively impact the City's air
8  quality. Thus, any new development at CIM has the potential to impact the City.
9  For these reasons, it is critical that the City be given its full rights to comment on
10 any proposed project at CIM.

        3.    *The Court's Resolution Of CDCR's Proposed Waiver Of CEQA May Impair The City's Ability To Protect Its Interests.*

13  The Ninth Circuit follows the guidance in the FRCP advisory notes that "[i]f
14 an absentee would be substantially affected in a practical sense by the determination
15 made in an action, he should, as a general rule, be entitled to intervene." *SCBD*, 268
16 F.3d at 822 citing Federal Rules of Civil Procedure, Rule 24 advisory committee's
17 notes.

18  Here, should the Court grant CDCR's requested waivers of state law, the City
19 will be deprived of its opportunity to comment on the EIR and to receive written
20 responses to its comments on the EIR. The City will also likely be deprived of the
21 right to challenge the EIR in court. The deprivation of these rights, could, in turn,
22 lead to a project at CIM that will negatively impact the City, its residents,
23 employees, facilities, and property. For all of these reasons, the City's absence from
24 these proceedings will impair its ability to protect the City's interests.

        4.    *The Existing Parties Will Not Adequately Represent The City's Interests.*

27  In determining whether a proposed intervenor's interests will be adequately
28 represented by an existing party, courts consider:

(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments;

(2) whether the present party is capable and willing to make such arguments; and

(3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*SCBD*, 268 F.3d at 822.

Here, no party to these proceedings will adequately represent the City's interests. First, as to the main parties, it is Defendants that have proposed the waiver of CEQA that the City seeks to oppose, so it is self-evident that Defendants will not represent the City's interest here. Plaintiffs are concerned with obtaining adequate mental health care for prisoners within the California prison system. They are not concerned with the City's rights to due process and petition for redress of grievances and would likely welcome any waiver of state law that quickens the achievement of these goals. Neither has any other party to these proceedings stepped forward to challenge the proposed waiver of CEQA. In any event, even if such parties were to step forward, none would represent the unique interests of the City which is most directly affected by CIM. Thus, no party in the litigation will adequately represent the City's interests.

For all of these reasons, the City should be granted intervention as a matter of right.

B. *Alternatively, The Court Should Grant Permissive Intervention.*

In the alternative, permissive intervention should be granted under Federal Rules of Civil Procedure, Rule 24(b)(2). Federal Rules of Civil Procedure, Rule 24(b)(2) allows a party to permissively intervene where: (1) the application to intervene is timely; (2) the applicant's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the rights of the original parties.

1 | The City satisfies all three requirements for permissive intervention as well. First, as noted in Section II.A.1, *supra*, the City's motion to intervene has been timely filed a mere nine days after CDCR's requested waiver of CEQA.

Second, the City's interests in its due process and petitioning rights under CEQA are directly at issue in CDCR's proposed waiver. In addition, CDCR's proposed plans for the CIM facility may directly impact the City's interests.

Third, the parties will not be prejudiced by the City's intervention. CDCR itself has asked for at least a 30-day delay before this Court rules on the requested waivers of state law in order to consult with bond counsel to see if bonds could still be issued despite the proposed waivers of CEQA. Docket No. 3870 at 6. Moreover, CDCR does not plan on completing the draft EIR process until next year. *Id*. Thus, there is ample time for this Court to consider both the City's motion to intervene and an opposition to the request to waive CEQA without the need to delay CDCR's proposed schedule.

For all of these reasons, if the Court does not find mandatory intervention is appropriate, the Court should exercise its discretion to grant permissive intervention.

III.  *CONCLUSION*

The City has demonstrated that intervention should be granted as a matter of right. In the alternative, for the reasons stated above, this Court should grant the City permissive intervention for the reasons stated above so that the City may protect its interests with regards to CDCR's proposed waivers of state law.

DATED: July 9, 2010         MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/ Deborah J. Fox
DEBORAH J. FOX
Attorneys for Intervernor
CITY OF CHINO

1476976.1
1433.002

9