1  EDMUND G. BROWN JR.
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   GREGORY G. GOMEZ, State Bar No. 242674
4  Deputy Attorneys General
    1300 I Street, Suite 125
5    P.O. Box 944255
    Sacramento, CA 94244-2550
6    Telephone: (916) 324-5345
    Fax: (916) 324-5205
7    E-mail: Debbie.Vorous@doj.ca.gov

8  Attorneys for Defendants

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

13

   **RALPH COLEMAN, et al.,**                2:90-cv-00520 LKK JFM P
14
                              Plaintiffs,    **DEFENDANTS' RESPONSE TO THE**
15                                           **CITY OF CHINO'S MOTION TO**
         **v.**                              **INTERVENE**
16
                                             Date:      August 9, 2010
17  **ARNOLD SCHWARZENEGGER, et al.,**       Time:      10:00 a.m.
                                             Courtroom: Dept. 4, 15th Floor
18                            Defendants.    Judge:     Lawrence K. Karlton

19

20

21

22

23

24

25

26

27

28                                   1

1

2

3

4

5

6

| Acronym List | |
|---|---|
| **Term** | **Definition** |
| **AB** | Assembly Bill |
| **CDCR** | California Department of Corrections and Rehabilitation |
| **CEQA** | California Environmental Quality Act |
| **DOF** | Department of Finance |
| **EIR** | Environmental Impact Report |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Resp. to the City of Chino's Mot. to Intervene  (2:90-cv-00520 LKK JFM P)

1

## I.    INTRODUCTION

2       The City of Chino (the City) moved to intervene in this action under Federal Rule of Civil

3   Procedure 24 on the grounds that the state Defendants' June 30, 2010 response to one of this

4   Court's orders violates the City's "due process rights" and its "rights for petition for redress of

5   grievances."  (Docket No. 3878)  Defendants now respond to the City's inaccurate

6   characterization of the Defendants' June 30, 2010 response, and point out that the City's

7   intervention at this time is premature.

8       On June 15, 2010, this Court ordered that Defendants file a statement identifying every

9   step that might be taken to accelerate Defendants' proposed amended long-range mental health

10  bed plan for the Stark facility (amended Stark plan), located in the City of Chino.  (Docket No.

11  3856 ¶ 2.)  This Court further ordered that Defendants identify all actions required to accomplish

12  such steps, including waivers of state law.  (*Id.*)  Defendants filed a responsive statement on June

13  30, 2010, that identified three notice periods under the California Environmental Quality Act

14  (CEQA) that, if waived by the Court, could potentially accelerate the amended Stark plan.[1]

15  (Docket No. 3870.)  In response to Defendants' statement, the City moved to intervene in this

16  action.

17      The City asserted in its motion that the California Department of Corrections and

18  Rehabilitation (CDCR) "requested" that this Court waive the three notice periods.  (Docket No.

19  3878. at 2:13–14.)  CDCR made no such request.  In response to a specific court order, the

20  Defendants identified the three notice periods as potential state laws that the Court could waive to

21  potentially accelerate the amended Stark plan's completion date.  CDCR did not *request* that this

22  Court waive the state laws.  The City also asserted that CDCR abrogated the City's "due process

23  rights" and its "rights for petition for redress of grievances" merely by identifying the state laws

24          [1]  Defendants identified an additional step in their statement that might be taken to
    accelerate the amended Stark plan; that is, use of the "design-build" procurement method for
25  construction of the amended Stark plan under California Government Code section 14661.1(i).
    (Docket No. 3870 at 4:14–5:10.)  On July 21, 2010, Defendants provided this Court with a letter
26  from the Department of Finance (DOF) notifying CDCR that DOF concurs with CDCR's request
    to use the "design-build" procurement method for construction of the amended Stark plan.
27  (Docket No. 3885.)  It is anticipated that by using "design-build" procurement, the construction
    and activation process can be accelerated by 8 months.  (Docket No. 3870 at 5:6–10.)
28
                                                    3

1    that the Court might waive to potentially accelerate the Stark project.  (*Id.* at 2:8–15.)  By simply

2    identifying state laws, CDCR neither abrogated the City's due process rights, nor its right to

3    petition for redress of grievances.  The City does not currently have a protected interest in this

4    action, and thus its intervention is not appropriate at this time.  However, to the extent the Court is

5    inclined to permit the City's intervention, Defendants request that the Court limit the City's

6    intervention to the City's CEQA challenges.

## II.    RESPONSE

### A.    THE CITY OF CHINO INACCURATELY ASSERTED THAT CDCR REQUESTED THAT THIS COURT WAIVE STATE ENVIRONMENTAL LAW.

The City based its motion to intervene on the underlying premise that Defendants, in their

June 30, 2010 statement, requested that this Court waive state law.  (Docket No. 3878 at 2:6–18.)

But the City ignored the context in which Defendants submitted their statement to this Court, and

inaccurately represented what Defendants stated in that document.

The Court's June 15, 2010 order required Defendants to "identify" steps that could be

taken to accelerate the amended Stark plan, and to "identify" all actions required to accomplish

such steps, including waivers of state law. (Docket No. 3856 ¶ 2.) Appropriately, the Court did

not order the state Defendants to request waivers of state law.  This approach was consistent with

this Court's prior orders.  For instance, in this Court's September 24, 2009 order, the Court stated:

"Defendants shall identify any waivers of state law that may be required to complete the projects

that comprise the long-range bed plan, either at the time the plan is filed or as the need for such

waiver arises.  The burden of requesting any such waiver shall be on the plaintiffs."  (Docket No.

3686 ¶ 4.)

Here, the Defendants complied with the June 15 order.  They identified steps that might be

taken to accelerate the amended Stark plan, including waivers of state law.  Specifically,

Defendants informed the Court that "CDCR has identified three notice periods that, if eliminated,

could potentially accelerate the amended Stark plan."  (Docket No. 3870 at 5:19–21.)  The three

notice periods that Defendants identified were:  (1) Cal. Pub. Res. Code § 21091(a); Cal. Code

4

1   Regs. tit. 14, § 15105(a) (provides a 45-day time period for public review of the draft EIR); (2)

2   Cal. Pub. Res. Code § 21092.5(a); Cal. Code Regs. tit. 14, § 15088(b) (provides that at least 10

3   days prior to certifying the final EIR, the lead agency shall provide a written proposed response to

4   a public agency on comments made by that agency); and (3) Cal. Pub. Res. Code § 21108(c); Cal.

5   Code Regs. tit. 14, § 15094(f) (provides that a Notice of Determination must be posted and

6   available for public inspection for 30 days).  (*Id.* 5:21–6:3.)  But Defendants did not, as the City

7   asserts, request that this Court waive those notice periods.  In fact, the Defendants informed the

8   Court that they would need up to 30 days to determine what impact, if any, a court waiver would

9   have on the Assembly Bill 900 (AB 900) bonds the Defendants proposed to use to construct the

10  project.  (Docket No. 3870 at 6:6–19.)  That 30-day period has not yet expired.

11  **B.      DEFENDANTS' JUNE 30, 2010 STATEMENT DOES NOT ABROGATE THE
            CITY'S DUE PROCESS RIGHTS OR ITS RIGHTS TO PETITION FOR
12          REDRESS OF GRIEVANCES.**

13          The City seeks mandatory or, in the alternative, permissive intervention in this case under

14  Federal Rule of Civil Procedure 24.  The City is correct that mandatory intervention under Rule

15  24(a)(2) requires that the City meet four factors:  (1) the application is timely; (2) the applicant

16  has a "significantly protectable interest" in the action; (3) the applicant stands to be substantially

17  affected by the determination made in an action; and (4) the existing parties will not adequately

18  represent the applicant's interests.  Fed. R. Civ. Proc. 24(a)(2); *Donnelly v. Glickman*, 159 F.3d

19  405, 409 (9th Cir. 1998).

20          Defendants, for purposes of this response, only address the second factor because the City

21  asserts that it has a "significantly protectable interest" in the action given that CDCR has

22  abrogated the "City's due process rights and rights for petition for redress of grievances." (Docket

23  No. 3878 at 2:8–15; 7:21–11:20.)

24          A proposed intervenor is entitled to intervention if the applicant has a cognizable interest

25  in the action that would be substantially affected by the determination of the action. *Southern*

26  *Cal. Edison Co. v. Lynch*, 307 F.3d 794, 802-03 (9th Cir. 2002).  That "interest," however, must

27  be "direct, non-contingent, substantial and legally protectable." *Id.* at 803.  Where the interest is

28                                                    5

1   "contingent upon the occurrence of a sequence of events before it becomes colorable," that

2   interest is not strong enough to justify intervention.  *Washington Elec. Co-op, Inc. v.*

3   *Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

4         The City asserted that "CDCR's requested waiver" of the first two CEQA notice periods

5   referenced above—the 45-day time period for public review of the draft EIR and the 10 day

6   certification period—deprives the City of its due process rights.  (Docket No. 3878 at 10:17–

7   11:3.)  The City also asserted that "CDCR's third proposed waiver"—a Notice of Determination

8   must be posted and available for public inspection for 30 days—deprives the City of its right to

9   petition for redress of grievances.  (*Id.* at 11:4–20.)  But, as already discussed, CDCR has not

10  "requested" that this Court waive any of these CEQA notice periods.  Additionally, Plaintiffs

11  have not moved the Court to waive these notice periods, and this Court has not indicated that it is

12  inclined to waive them.  Moreover, Defendants do not yet know whether bond counsel would be

13  able to deliver an unqualified bond opinion regarding the validity of AB 900 bonds if the Court

14  waived the notice provisions.  (*See* Docket No. 3870 at 6:6–14.)  And Defendants do not know if

15  the Joint Legislative Budget Committee would approve the amended Stark plan if this Court

16  waived the CEQA statutes.  (*Id.*)  Thus, waiving the notice provisions remains a contingency at

17  this time.  Because this contingency falls short of the "direct, non-contingent, substantial and

18  legally protectable" interest required for intervention as a matter of right, it would be premature

19  for the Court to grant the City's motion to intervene in this case at this time.

20        Additionally, for the reasons stated above, since neither the City's due process rights nor

21  right to petition for redress of grievances is directly at issue in Defendants' June 30, 2010

22  statement, the City cannot permissibly intervene under Rule 24(b) either.

23        To the extent this Court disagrees with Defendants and allows the City to intervene in this

24  case, the Federal Rules give this Court discretion over the scope of the City's intervention to

25  ensure that the City's claims would not prejudice the existing parties in this case.  *Churchill*

26  *County v. Babbitt*, 150 F.3d 1072, 1083 (9th Cir. 1998) ("[T]he district court did not err by

27  limiting its intervention only to the remedial phase" when the applicant had no interest in the

28                                        6

1   liability phase of the action.); *Forest Conservation Council v. United States Forest Serv.,* 66 F.3d

2   1489, 1499 & n.11 (9th Cir. 1995) (The applicants "are entitled to intervene as of right under Fed.

3   R.Civ.P. 24(a)(2) in the portion of the proceedings addressing the injunctive relief sought by

4   plaintiffs .")  Therefore, Defendants request that the Court limit the City's intervention to the

5   City's challenge to the specific CEQA provisions at issue, and not to any other issues as judicial

6   control over the scope of this case is imperative to avoid the City's interference with legal issues

7   and court-ordered remedies that are unrelated to the City's current challenge.

## III.   CONCLUSION

9        As required by this Court's June 15, 2010 order, Defendants identified certain CEQA

10  timelines in the EIR review process that, if eliminated, could possibly accelerate the activation

11  schedule for the amended Stark plan.  But the Defendants did not request that the Court waive the

12  laws.  Additionally, the contingent claim concerning the potential waiver of the CEQA timelines

13  is an insufficient basis for the City to intervene in this case at this time.  To the extent this Court

14  disagrees, however, Defendants respectfully request that this Court limit the scope of the City's

15  intervention to its challenge to the specific CEQA notice provisions.

16  Dated:  July 23, 2010                                    Respectfully submitted,

17

18                                                           EDMUND G. BROWN JR.
                                                             Attorney General of California
                                                             JONATHAN L. WOLFF
19                                                           Senior Assistant Attorney General

20                                                           /s/ *Debbie J. Vorous*

21                                                           DEBBIE J. VOROUS
                                                             Deputy Attorney General
22                                                           *Attorneys for Defendants*

     CF1997CS0003
23   31063881.doc

24

25

26

27

28                                          7