EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' UPDATE TO COURT RE: POTENTIAL STATE LAW WAIVERS FOR THE AMENDED STARK PLAN** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

On June 30, 2010, Defendants identified three California Environmental Quality Act (CEQA) notice periods that, if waived by the Court, would accelerate the amended Stark plan.[1] (Docket No. 3870 at 19–21.) Those three sections are the following:

---

[1] Defendants identified an additional step in their June 30, 2010 statement that might be taken to accelerate the amended Stark plan; that is, use of the "design-build" procurement method for construction of the amended Stark plan under California Government Code section 14661.1(i). (Docket No. 3870 at 4:14–5:10.) On July 21, 2010, Defendants provided this Court with a letter from the Department of Finance (DOF) notifying the California Department of Corrections and Rehabilitation (CDCR) that DOF concurs with CDCR's request to use the "design-build" procurement method for construction of the amended Stark plan. (Docket No. 3885.) It is anticipated that by using "design-build" procurement, the construction and activation process will be accelerate by 8 months—from December 2014 to April 2014. (Docket No. 3870 at 5:6–10.)

1

Defs.' Update to Court Re: Potential State Law Waivers for the Amended Stark Plan
(2:90-cv-00520 LKK JFM P)

1. Cal. Pub. Res. Code § 21091(a); Cal. Code Regs. tit. 14, § 15105(a) (provides a 45-day time period for public review of the draft EIR).

2. Cal. Pub. Res. Code § 21092.5(a); Cal. Code Regs. tit. 14, § 15088(b) (provides that at least 10 days prior to certifying the final EIR, the lead agency shall provide a written proposed response to a public agency on comments made by that agency).

3. Cal. Pub. Res. Code § 21108(c); Cal. Code Regs. tit. 14, § 15094(f) (provides that a Notice of Determination must be posted and available for public inspection for 30 days).

(*Id.* at 5:19–6:3.)

Like many other *Coleman* projects, Defendants propose to fund the amended Stark plan through Assembly Bill (AB) 900 lease revenue financing authority that the California Legislature appropriated to construct capital projects. (Docket No. 3845–2 at 8.) Hence, an unqualified bond opinion is necessary to market the bonds. (Docket No. 3591 at 54–56, 63–64.) On June 30, 2010, Defendants informed this Court that they had contacted bond counsel to see if counsel could offer an unqualified bond opinion regarding the validity of the AB 900 bonds if the Court waived the above-identified CEQA provisions. (Docket No. 3870 at 6:12–14.) Defendants further informed the Court that they expected to receive a response from bond counsel within thirty days. (*Id.* at 14–15.)

Defendants now inform the Court that bond counsel conditionally concluded that if the Court waived these CEQA provisions, the waiver would not prevent bond counsel from issuing an unqualified bond opinion regarding the validity of the AB 900 bonds. Bond counsel's conclusion, however, was conditioned on several assumptions, including: 1) the Court adopts a specifically-worded order to waive the above-referenced CEQA provisions; 2) the time for appealing the order expires without legal challenge; 3) the time to file a validation action challenging the bonds expires without legal challenge; 4) there is no ongoing litigation in connection with the amended Stark plan at the time counsel is requested to issue an opinion on the validity of the bonds; and 5) unforeseen circumstances do not arise that may prevent counsel from issuing an unqualified opinion regarding the validity of the bonds.

2

Defs.' Update to Court Re: Potential State Law Waivers for the Amended Stark Plan
(2:90-cv-00520 LKK JFM P)

To the extent the Court would like Defendants to submit a proposed order that is in a form approved by bond counsel, Defendants will provide the Court with such a proposed order.

In addition, Defendants remain committed to identifying ways to accelerate the amended Stark plan, including exhausting all opportunities to collaborate with the *Plata* Receiver to further accelerate the full activation date for the four new Enhanced Outpatient Program housing units at Stark.  Defendants are working with the Receiver and expect to complete this process within the next thirty days.  Defendants will inform the Court within that time frame whether they can further accelerate the project, which is now scheduled to be complete in April 2014.

Dated:  July 30, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/  Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

3

Defs.' Update to Court Re: Potential State Law Waivers for the Amended Stark Plan
(2:90-cv-00520 LKK JFM P)