EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-3866
 Fax: (916) 324-5205
 E-mail: Gregory.Gomez@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PAYMENT OF FOURTH QUARTER 2009 ATTORNEYS' FEES** |
| v. | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| Argument | 3 |
| I. Defendants Have Not Waived Their Right To Object To Pay Clerical Staff Fees. | 3 |
| II. Defendants Are Not Judicially Estopped From Objecting To Plaintiffs' Requests For Fees For Support Staff. | 4 |
| III. The Court Should Not Require Defendants To Pay Fees And Costs For Rosen, Bien & Galvan, Llp "Paralegal Clerk" Mark Shinn-Krantz Because His Work Is Overhead And Not Ordinarily Billed. | 4 |
| IV. This Court Should Deny Plaintiffs' Motion Seeking $170 Per Hour For Non-Paralegal-Litigation-Assistant Fees Because Plaintiffs Have Not Shown That This Rate Is Reasonable. | 5 |
|     A. Plaintiffs Bear The Burden To Show The Rate They Seek Is Reasonable Under The Circumstances. | 5 |
|     B. Plaintiffs Failed To Show The Hourly Rate Is Reasonable. | 6 |
|     C. Plaintiffs Are Not Entitled To Bill The Same Hourly Rate For Non-Paralegal Litigation Assistants Applicable To Paralegals. | 10 |
| V. Should The Court Determine That Plaintiffs Are Entitled To Attorneys' Fees For Non-Paralegal-Litigation-Assistants' Work, It Should Limit These Attorneys' Fees To The Prevailing Market Rate For The Eastern District Of California. | 11 |
| Conclusion | 13 |

i

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Blum v. Stenson*
    465 U.S. 886 (1984) ................................................................................................................ 6

*Elijaeh M. V. v. Astrue*
    1:09-cv-1250, 2010 U.S. Dist. LEXIS 67616 (E.D. Cal. June 15, 2010) ......................... 4, 12

*Friedman v. Cal. State Emples. Ass'n*
    2010 U.S. Dist. LEXIS 73755 ............................................................................................. 11

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ......................................................................................................... 6, 11

*Holtsinger v. Briddle*
    No. S-03-0732, 2009 U.S. Dist. LEXIS 88318, **7-8 (E.D. Cal. Sept. 25, 2009) ................ 12

*Kidd v. Cal. Dept. of Education*
    No. JCCP 004468 (Cal. Super. March 4, 2009) ................................................................ 8, 10

*L.H. v. Schwarzenegger*
    645 F. Supp. 2d 888 (E.D. Cal. 2009) ................................................................................... 5

*Loskot v. USA Gas Corp.*
    No. CIV. S-01-2125 WBS KJM, 2004 U.S. Dist. LEXIS 29174 (E.D. Cal. Apr. 23,
    2004) ...................................................................................................................................... 5

*Martinez v. G. Maroni Co.*
    No. Civ. S-06-1299 DFL GGH, 2007 U.S. Dist. LEXIS 32366 ,** 5-6 (E.D. Cal. May
    1, 2007) .................................................................................................................................. 5

*McKibben v. Collection Prof'l Servs.*
    No. 2:09-cv-02949, 2010 U.S. Dist. LEXIS 48825 **25-26 (E.D. Cal. May 17, 2010) ........ 12

*Missouri v. Jenkins*
    491 U.S. 274 (1989) ............................................................................................................... 4

*Murillo v. Pac. Gas & Elec. Co.*
    No. 2:08-cv-1974, 2010 U.S. Dist. LEXIS 73427 **29-30 (E.D. Cal. July 20, 2010) .......... 11

*National Federation of the Blind v. Target Corp.*
    No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009) .......................... 8, 9, 10

*New Hampshire v. Maine*
    532 U.S. 742 (2001) ............................................................................................................... 4

ii

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

**TABLE OF AUTHORITIES**
(continued)

Page

*Perdue v. Kenny A.*
 130 S. Ct. 1662 (2010) .................................................................................................. 6

*Perez, et al. v. Cate, et al.*
 Court of Appeals Docket No. 09-17185 ........................................................................ 3

*Sanford v. GMRI, Inc.*
 2005 U.S. Dist. LEXIS 27581, No. CV S 04-1535-DFL-CMK (E.D. Cal. Nov. 14, 2005) .................................................................................................................... 10, 11

*Schofield v. Metro. Life Ins. Co.*
 2009 U.S. Dist. LEXIS 36312 **9-10 (E.D. Cal. Apr. 16, 2009) ........................................ 12

*Shinn v. Astrue*
 No. 1:04-cv-6050 TAG, 2008 U.S. LEXIS 55534 .......................................................... 5

*Slaven v. American Trading Transp. Co.*
 146 F.3d 1066 (9th Cir. 1998) ........................................................................................ 3

*Webb v. Ada County*
 285 F.3d 829 (9th Cir. 2002) .......................................................................................... 5

*White v. GMRI, Inc.*
 S-04-0620 WBS KJM, 2006 U.S. Dist. LEXIS 2059 (E.D. Cal. Jan. 19, 2006) ............. 5

*White v. Sutherland*
 No. CIV S-03-2080 CMK, 2005 U.S. LEXIS 40713 **27-31, (E.D. Cal. May 6, 2005) ........ 5

*Yeager v. Bowlin*
 No. 2:08-102, 2010 U.S. Dist. LEXIS 63399 **21-22 (E.D. Cal. June 3, 2010) ............... 4, 12

**STATUTES**

42 United States States Code. § 1988 ................................................................................ 4, 5, 12

42 United States Code. § 1997e(d) ............................................................................................ 5

Caifornia Business & Professions Code § 6540 .................................................................. 7, 11

Caifornia Business & Professions Code § 6450(c) ............................................................. 7, 10

iii

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

| Acronym List | |
|---|---|
| **Term** | **Definition** |
| **PLRA** | Prison Litigation Reform Act |
| **CDCR** | California Department of Corrections and Rehabilitation |
| **ADA** | Americans with Disabilities Act |
| **FDCPA** | Fair Debt Collection Practices Act |
| **ERISA** | Employee Retirement Income Security Act |
| **EAJA** | Equal Access to Justice Act |

# INTRODUCTION

As the State of California faces an approximately $19 billion General Fund deficit, and law firms across the country have reduced fees in response to the national financial crisis, the Plaintiffs here continue their unparalleled practice of billing the state at excessive and unreasonable rates for their work. This time, Plaintiffs seek an award of $170 per hour for "litigation assistants" services rendered at the Prison Law Office, and $110 per hour for "paralegal clerk" services rendered at Rosen, Bien & Galvan.

Contrary to Plaintiffs' assertions, Defendants did not waive their right to object to these fees, and Defendants are not estopped from objecting to the fees. Additionally, Defendants should not be required to pay Plaintiffs $110 per hour for clerical services, because such work is considered overhead that is not ordinarily billed in this market. And Defendants should not be required to pay Plaintiffs $170 per hour for non-paralegal litigation assistant services because the proposed hourly rate is unreasonable and does not distinguish between experienced, fully qualified paralegals and inexperienced, non-paralegal employees, who Plaintiffs describe as "bright, well-educated" recent college graduates from "elite universities" who receive "several" weeks of training. Defendants reject Plaintiffs' assertion that inexperienced, recent college graduates should be compensated at the same hourly rate as their most seasoned, experienced paralegal. Where courts have awarded attorneys' fees for legal work performed by clerical staff, they have done so at a rate lower than that of a qualified paralegal, and in accordance with market practice.

For these reasons, Defendants oppose Plaintiffs' motion to compel fees for their clerical staff, and request the Court to disallow Plaintiffs' request for fees for the work performed by Mark Shinn-Krantz at Rosen, Bien & Galvan, LLP at $110 per hour and Riley Doyle Evans at the Prison Law Office at $170 per hour. Plaintiffs are entitled to no fees for Mr. Krantz's purely clerical work. Further, they should not be awarded fees for Mr. Evans' quasi-legal work, because they have not provided sufficient evidence of fees for legal assistants. Should the Court decide to award fees for the work performed by Mr. Evans, Plaintiffs are entitled to no more than the

///

prevailing market rate in the Eastern District of California for non-paralegal litigation assistants, which is well below the requested $170 per hour.[1]

## ARGUMENT

### I. DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO OBJECT TO PAY CLERICAL STAFF FEES.

Plaintiffs insist that Defendants waived their right to object to clerical staff fees because they did not object to the "proposed rates" in the First Quarter 2009 bill, and signed a stipulation relinquishing their right to object to those attorneys' fees without reservation. (Mot. to Compel 5:8-23; *Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1069-70 (9th Cir. 1998) (Waiver is the intentional relinquishment or abandonment of a known right.).)

But the stipulation confirming the undisputed fees and costs for the first quarter of 2009 does not include any language that Defendants acknowledged that fees owed to "paralegal clerks" or "litigation assistants" were undisputed. (CD 3621.) Defendants were not aware that any of the work detailed on bills from the Prison Law Office or from Rosen, Bien & Galvan, LLP, was performed by legal support staff until CDCR counsel was told by Plaintiffs' counsel on February 3, 2010, that the *Plata* Plaintiffs' bill for 4th Quarter 2009 fees contained fees for work billed by clerical staff. (Ex. A, Schwartz Decl. ¶2.) It was not until subsequent conversations with Plaintiffs' counsel that defense counsel became aware that Plaintiffs' First Quarter 2009 bill contained entries for work performed by clerical staff. (Ex. B, Stone Decl. ¶3.) At no time did Defendants agree to pay for work performed by clerical staff. Thus, Defendants did not relinquish or abandon their right to object to pay for fees for work performed by clerical staff.

---

[1] Defendants' payment of paralegal fees for the Fourth Quarter 2009, and determination of the hourly rate for paralegals, is stayed in this action pending final resolution of *Perez, et al. v. Cate, et al.*, Court of Appeals Docket No. 09-17185, United States Court of Appeals for the Ninth Circuit, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court. (Court Docket (CD) 3851 1:21-26.) Defendants contend that a fee award in excess of $82.50 per hour would be contrary to the PLRA's fee-limitation provision for paralegal services performed in the Eastern District. Defendants do not waive this argument by not raising it in opposition to Plaintiffs' 2009 fee motion, but have specifically preserved it by stipulation with Plaintiffs pending the resolution of *Perez, et al. v. Cate, et al.* Moreover, Defendants contend that any fee awarded to non-paralegal-litigation-assistants must be less than any fee awarded to paralegals.

3

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

## II. DEFENDANTS ARE NOT JUDICIALLY ESTOPPED FROM OBJECTING TO PLAINTIFFS' REQUESTS FOR FEES FOR SUPPORT STAFF.

Plaintiffs argue that Defendants are estopped from objecting to paying clerical staff fees because it "contradicts their long-standing agreement" that clerical staff are "compensable" and it assaults the "integrity of the judicial process." (Mot. to Compel at 5:24-6:3 citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (judicial estoppel is an equitable doctrine invoked at the court's discretion "to protect the integrity of the judicial process").) But no such "long-standing agreement" was created in this action by the First Quarter 2009 stipulation, nor does an agreement exist now with which Defendants' refusal to pay clerical staff fees could be inconsistent. *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 755 (2001). And the payment of fees for support staff by the Defendants in *Plata v. Schwarzenegger*, either under contract to retained counsel or allegedly to the *Plata* Plaintiffs, does not prevent Defendants in this action from objecting to the fees. Therefore, no basis exists for the Court to exercise judicial estoppel, and instead this Court should permit Defendants' objections to paying the support staff's fees.

## III. THE COURT SHOULD NOT REQUIRE DEFENDANTS TO PAY FEES AND COSTS FOR ROSEN, BIEN & GALVAN, LLP "PARALEGAL CLERK" MARK SHINN-KRANTZ BECAUSE HIS WORK IS OVERHEAD AND NOT ORDINARILY BILLED.

Relying on *Missouri v. Jenkins*, Plaintiffs claim that the Supreme Court has interpreted "reasonable attorney's fees" under 42 U.S.C. § 1988 to incorporate fees for clerical staff. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). The Supreme Court has determined that the work of "secretaries, messengers, librarians, and janitors" can be considered remunerable as attorneys' fees under § 1988, but the Supreme Court did not obligate the non-prevailing party to pay overhead services where those services are not ordinarily billed in that court's legal market. *Missouri v. Jenkins*, 491 U.S. at 287. And in this market, Plaintiffs' expert testified that clerical work, "such as filing and copying," is not regularly billed to clients. (Mot. to Compel, Paradis Decl. 4:26-28.) Indeed, this Court declined to assess fees for prevailing party employees performing clerical duties. *See Elijaeh M. V. v. Astrue*, 1:09-cv-1250, 2010 U.S. Dist. LEXIS 67616, *6 (E.D. Cal. June 15, 2010) (time spent for non-attorney work not recoverable under Equal Access to Justice Act); *Yeager v. Bowlin*, No. 2:08-102, 2010 U.S. Dist. LEXIS 63399, **21-

4

22 (E.D. Cal. June 3, 2010) (paralegal fees disallowed for clerical and secretarial tasks); *Shinn v. Astrue*, No. 1:04-cv-6050 TAG, 2008 U.S. LEXIS 55534, **20-21, (E.D. Cal. May 14, 2008) (attorneys' fees may not be recovered for clerical tasks); *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 898-99 (E.D. Cal. 2009) (fees declined for paralegal who performed clerical duties); *Martinez v. G. Maroni Co.*, No. Civ. S-06-1299 DFL GGH, 2007 U.S. Dist. LEXIS 32366,** 5-6 (E.D. Cal. May 1, 2007) (paralegal fees disallowed for "filing and serving documents"); *White v. GMRI, Inc.*, S-04-0620 WBS KJM, 2006 U.S. Dist. LEXIS 2059 (E.D. Cal. Jan. 19, 2006) (non-paralegal fees for support staff are overhead and not separately reimbursable); *White v. Sutherland*, No. CIV S-03-2080 CMK, 2005 U.S. LEXIS 40713, **27-31, (E.D. Cal. May 6, 2005) (secretarial tasks not billable without showing that it is prevailing practice in local community to bill for these tasks); *Loskot v. USA Gas Corp.*, No. CIV. S-01-2125 WBS KJM, 2004 U.S. Dist. LEXIS 29174 (E.D. Cal. Apr. 23, 2004) (costs of secretarial work not separately reimbursable under the Americans with Disabilities Act).

Thus, the Court should decline to compensate Plaintiffs for the 3.9 hours that Mark Shinn-Krantz summarized inmate correspondence into a database and updated a binder, because this work was clerical and is considered non-billable overhead. (Ex. B, Stone Decl. ¶¶47-48.)

**IV.   THIS COURT SHOULD DENY PLAINTIFFS' MOTION SEEKING $170 PER HOUR FOR NON-PARALEGAL-LITIGATION-ASSISTANT FEES BECAUSE PLAINTIFFS HAVE NOT SHOWN THAT THIS RATE IS REASONABLE.**

**A.   Plaintiffs Bear the Burden To Show the Rate They Seek Is Reasonable Under the Circumstances.**

As the prevailing party, Plaintiffs are entitled to *reasonable* attorneys' fees. 42 U.S.C. § 1988; 42 U.S.C. § 1997e(d). The PLRA authorizes an attorney-fee award only where "the fee was directly and *reasonably* incurred in proving an actual violation of the plaintiff's rights," and is "proportionately related to the court ordered relief for the violation," or where "the fee was directly and *reasonably incurred* in enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d) (emphasis added); *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002). The PLRA's requirements apply to fees incurred for post judgment monitoring of consent decrees. *Webb*, 285 F.3d at 837 (citing *Martin v. Hadix*, 527 U.S. 343, 161-62 (1999)).

5

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

Plaintiffs bear the burden to establish the reasonableness of the fees they seek with "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under federal fee-shifting statutes, courts determine fees based on the "lodestar" figure. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) ("'[T]he "lodestar" figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.'" (quoting *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992))). Under the lodestar method, courts generally look to "'the prevailing market rates in the relevant community.'" *Perdue*, 130 S. Ct. at 1672 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). This method "produces an award that roughly approximates the fee that a prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id*.

A reasonable fee is one that "is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case," but it should not provide "'a form of economic relief to improve the financial lot of attorneys.'" *Perdue,* 130 S. Ct at 1673 (quoting *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986)); *accord Blum,* 465 U.S. at 897 ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys").

### B. Plaintiffs Failed to Show the Hourly Rate Is Reasonable.

Plaintiffs have not met their burden demonstrating that it is reasonable to award non-paralegal recent college graduates $170 per hour for their services. Moreover, Plaintiffs have failed to show that this hourly rate for clerical staff with similar qualifications is consistent with the billing practices of the relevant community. Plaintiffs' declarations submitted by counsel familiar with the billing practices of the relevant community are insufficient. Geoffrey Holtz's declaration is unconvincing and does not support Plaintiffs' contention that the $170 hourly rate is reasonable or would approximate the hourly fee in a comparable civil rights case. *Perdue*, 130 S. Ct. at 1672. While Mr. Holtz states that he is familiar with civil-rights litigation in general, *see* Holtz Decl. ¶¶5-6, his declaration fails to set forth the applicable paralegal or non-paralegal legal assistant hourly rates charged in such cases. Instead, the declaration merely sets forth five categories of legal assistants his firm bills, each with widely divergent hourly rates:

6

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

|   |     |                           |                |
|---|-----|---------------------------|----------------|
| 1 | (1) | Paralegal Staff:          | $125 to $375   |
| 2 | (2) | Litigation Technology Staff: | $210 to $315 |
| 3 | (3) | Librarians:               | $70 to $250    |
| 4 | (4) | EDGAR Filing Staff        | $125           |
| 5 | (5) | Document Production Svcs. | $125           |

Mr. Holtz fails to specify the duties and responsibilities for any category of litigation assistant listed above. Nor does he explain the training, experience, or education required of individuals performing these functions. Instead, he conclusory states that other than paralegals, "These legal support staff include persons who do not qualify as "paralegals" under California Business & Professions Code § 6450." (*Id.* ¶12.) Yet the hourly rates listed above indicate that experience, training, and education is most likely a factor in determining the appropriate hourly rate within the applicable range. Mr. Holtz, however, fails to inform the Court why his firm would bill paralegal services as low as $125 and as high as $375 per hour. Similarly, he fails to state why a Librarian's services would be billable at $70 versus $250 per hour. Mr. Holtz's declaration fails to support Plaintiffs' contention that it is reasonable to bill $170 per hour in civil rights cases for non-paralegal recent college graduates.

It does establish, however, that $170 per hour for Plaintiffs' non-paralegal litigation assistants is excessive and unreasonable. In his declaration, Mr. Holtz acknowledges that he is aware of the distinction between qualified paralegals and non-paralegal support staff under California law. (*Id.* ¶12) (referring to California Bus. & Prof. Code § 6540). On the low end of the paralegal hourly range, his firm charges $125 per hour. This demonstrates that Mr. Holtz's firm bills $45 per hour *less* for individuals who have more education, experience, and training and who qualify as paralegals under California law than Plaintiffs' non-paralegal litigation assistants. And it shows that Plaintiffs' $170 hourly rate for lesser-qualified legal assistants is unreasonable.

The declarations of Richard M. Pearl and Thomas V. Loran III also are unsupportive. Neither Mr. Pearl or Mr. Loran explain the training, experience, or education required of individuals performing the functions of paralegals, paralegal clerks, legal assistants, senior legal analysts, practice assistants, legal secretaries, or law students. (Pearl Decl. ¶9, Loran Decl. ¶9.)

And like Mr. Holtz, neither declarant explains the pay ranges that each associates with the services provided, or assert more than conclusions that it is common practice for firms to bill clients for non-paralegal legal support. (Pearl Decl. ¶¶9,12, Loran Decl. ¶¶9, 11.) And Mr. Loran is aware of the distinction between qualified paralegals and non-paralegal support staff under California law. (Loran Decl. ¶11.)

Laurence Paradis's declaration is similarly unavailing. Mr. Paradis's declaration states that his public interest firm has extensive experience in civil rights disability litigation. (Paradis Decl. ¶¶5-6.) He states that his firm employs "law clerks," defined as "college graduates who typically work with the firm for a year under the close supervision of our attorneys." (*Id*. ¶10.) He states that in *Camalo v. Macy's West, Inc.*, his firm was awarded $135 per hour—$35 per hour *less* than the hourly rate Plaintiffs seek here—as part of an uncontested consent decree for law-clerk services performed in 2003. (*Id*. ¶11.) This case is of little evidentiary value given that the award was for services performed six years before the time frame at issue here and that the defendants did not challenge the reasonableness of the fee award.

Mr. Paradis discusses two cases in which the Court awarded an hourly rate of $155 in 2009 in which the fees were contested: *National Federation of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009) (*Target*) and *Kidd v. Cal. Dept. of Education*, No. JCCP 004468 (Cal. Super. March 4, 2009). Neither one of these fee awards support Plaintiffs' excessive $170 hourly rate. First, the fees awarded were $155 per hour—$15 per hour *less* than the hourly rate Plaintiffs seek. Second, although these cases are civil rights cases, the work performed by Mr. Paradis's law clerks in *Target* is not sufficiently analogous to the work performed by Plaintiffs' non-paralegal litigation assistants. Finally, Mr. Paradis's declaration fails to provide any level of detail regarding the fees awarded in *Kidd*.

In *Target*, the fees sought were related to the firm's efforts in establishing liability, which eventually lead to the settlement reached by the parties. (Paradis Decl., Ex. C, [Memorandum & Order re: Attorney's Fees and Costs at 2].) Unlike this case, *Target* did not involve remedial phase activities. Second, the nature of the case and therefore, the nature of the work performed drastically differed from this case. As Mr. Paradis explains, *Target* "was the first [case] in the

8

1 | nation to establish application of disability laws to the internet, resulting in a settlement requiring
2 | changes to Target's website to provide access to visually impaired users, as well as $6 million in
3 | damages for a California subclass." (Paradis Decl. ¶5.)
4 |     Moreover, in awarding $155 per hour in this complex and legally groundbreaking case, the
5 | trial court discussed the case's substantial litigation history, emphasizing that "Defendant [Target]
6 | mounted a vigorous opposition." (Paradis Decl., Ex. C, [Memorandum & Order re: Attorney's
7 | Fees and Costs at 2, line 13].) In Mr. Paradis's fee motion submitted in the *Target* case, he
8 | argued that the plaintiffs had achieved "precedent-setting rulings," notwithstanding a legal
9 | "hostile landscape and Target's strenuous opposition at every stage of the case." (Ex. C, attached
10 | hereto [Pl.'s Mot. for Reasonable Atty's Fees and Costs at 3:8-13, submitted in *Target*, No. 06-
11 | CV-01802 MHP].) He also argued that the "case required extensive analysis, strategic planning,
12 | and litigation and negotiation concerning novel and difficult legal issues, including the extension
13 | of existing statutes to the sphere of e-commerce: an entirely new development in the law." (Ex.
14 | C, [Pl.'s Mot. for Reasonable Atty's Fees and Costs at 4:13-16, submitted in *Target*, No. 06-CV-
15 | 01802 MHP].) And that "[n]o form book, canned briefs, or practice manual existed for this
16 | extension of the law to the new field." (*Id.*) In summarizing his position, Mr. Paradis argued that
17 | Target had agreed the plaintiffs were entitled to fees and costs, "*Now that the war [was] over.*"
18 | (Ex. C, [Pl.'s Mot. for Reasonable Atty's Fees and Costs at 4:20-21, submitted in *Target*, No. 06-
19 | CV-01802 MHP] (emphasis added).)
20 |     Given the trial court's recitation of the litigation history in the *Target* case and Mr.
21 | Paradis's arguments in support of his fee motion, the work performed by Mr. Paradis's law clerks
22 | was remarkably different than the work performed by Plaintiffs' litigation assistant. In this case,
23 | Plaintiffs' litigation assistant was performing remedial phase activities. Moreover, unlike the law
24 | clerks in *Target*, Plaintiffs' litigation assistant was not assisting attorneys in a complex and
25 | strenuously litigated action. Here, as Ms. Hardy explains, Plaintiffs' litigation assistant (Riley
26 | Evans) reviewed inmate letters, drafted responses to the letters, and tracked each communication
27 | in the firm's database. (Hardy Decl. ¶6.) And in some cases, the litigation assistant drafted
28 | letters to Defendants inquiring about specific inmates. (*Id.* ¶7.)

9

Plaintiffs acknowledge that the education, training, and experience of a qualified paralegal are not required to perform these tasks: "Given the type of client communication work and monitoring support that litigation assistants perform, plaintiffs' counsel have determined that the clients are best served by hiring very bright, very well-educated college graduates." (Pls.' Mot. to Compel at 5:18-20.) Yet for these activities, Plaintiffs seek an unreasonable $170 per hour rate, which is $15 *more* per hour than the rate awarded in the extremely litigious *Target* case. The comparison between the work performed in this case and the work performed in *Target* demonstrates that Plaintiffs' hourly rate is unreasonable and should be denied.

Mr. Paradis also cites to *Kidd v. Cal. Dept. of Education*, No. JCCP 004468 (Cal. Sup. Mar. 4, 2009). (Paradis Decl. ¶11.) However, nowhere in the declaration does Mr. Paradis explain what type of claims were at issue in *Kidd*, what type of work Mr. Paradis's law clerks performed, the procedural posture of the case when fees were incurred, or whether the defendant contested the rate awarded. (Paradis Decl. ¶11.) As such, Plaintiffs' reliance on *Kidd* is misplaced.

### C. Plaintiffs Are Not Entitled To Bill the Same Hourly Rate for Non-Paralegal Litigation Assistants Applicable to Paralegals.

California enacted a statutory scheme governing the requirements an individual must meet to qualify as a paralegal and perform paralegal services. Cal. Bus. & Prof. Code § 6450 *et seq*. The statutory scheme requires the individual to meet certain minimum education requirements to qualify as a paralegal. Cal. Bus. & Prof. Code § 6450(c). Plaintiffs concede in this case that the litigation assistant for which fees are sought (Mr. Riley Doyle Evans) was not a qualified paralegal under California law in 2009. (Hardy Decl. ¶11) (stating Mr. Riley Doyle Evans did not meet California's paralegal criteria until June 15, 2010.)

Plaintiffs now seek the same hourly rate for lesser-qualified non-paralegal litigation assistants that Plaintiffs bill for more experienced, fully qualified paralegals under California law. (Hardy Decl. ¶¶10-11.) Plaintiffs, however, are not entitled to bill the same hourly rate.

An Eastern District case squarely addressed this issue in *Sanford v. GMRI, Inc.*, 2005 U.S. Dist. LEXIS 27581, No. CV S 04-1535-DFL-CMK (E.D. Cal. Nov. 14, 2005). In *Sanford*, the plaintiff prevailed in his civil rights action brought under the Americans with Disabilities Act.

10

*Sanford*, 2005 U.S. Dist. LEXIS 27581, *1. The plaintiff moved for attorneys' fees, including paralegal fees. *Id*. The defendant challenged the plaintiff's paralegal fees on the ground that the paralegals did not qualify as paralegals under California Business & Professions Code Section 6540. *Id*. at **9-12. Two paralegals did not qualify as paralegals under California law during the litigation and two other paralegals did not qualify as paralegals under California law until June 2005, when they completed their one year of law-related service required under the statute. *Id*. The trial court held that the plaintiff was not entitled to his paralegal hourly rate for those individuals who did not qualify as paralegals under California law. *Id*. Instead, the trial court held that these individuals were more appropriately categorized as legal assistants, and because the plaintiff did not provide a proposed hourly rate for legal assistants, the trial court denied fees based on services performed for those individuals. *Id*. at *12.

Like the plaintiff in *Sanford*, in this case Plaintiffs seek fees for non-paralegal legal assistants based on the same hourly rate Plaintiffs bill for fully qualified paralegals under California law. Under *Sanford*, Plaintiffs are not entitled to the paralegal rate. And as shown above, Plaintiffs failed to demonstrate a reasonable fee for the work performed by Plaintiffs' legal assistant. Therefore, the Court has the discretion to deny completely Plaintiffs' motion for legal assistant fees. *Id*.; c*f. Hensley*, 461 U.S. at 433 (district court may reduce the award if plaintiff's documentation is inadequate).

**V.    SHOULD THE COURT DETERMINE THAT PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES FOR NON-PARALEGAL-LITIGATION-ASSISTANTS' WORK, IT SHOULD LIMIT THESE ATTORNEYS' FEES TO THE PREVAILING MARKET RATE FOR THE EASTERN DISTRICT OF CALIFORNIA.**

Plaintiffs contend that they are entitled to attorneys' fees of $170 per hour for work performed by non-paralegal-litigation assistants, such as Mr. Riley Doyle Evans. (Pls.' Mot. to Compel 9:22-25, Stone Decl. ¶¶5-46.) But this award for work performed by recent college graduates is far above the market rate for legal assistants, *and* for qualified paralegals, in the Eastern District determined under fee-shifting statutes. *See Murillo v. Pac. Gas & Elec. Co.*, No. 2:08-cv-1974, 2010 U.S. Dist. LEXIS 73427, **29-30 (E.D. Cal. July 20, 2010) ($300 per hour attorneys rate and $95 per hour paralegal rate found reasonable); *Friedman v. Cal. State Emples.*

11

*Ass'n*, 2010 U.S. Dist. LEXIS 73755, **12-13 (E.D. Cal. July 20, 2010) ($75 per hour determined reasonable for paralegal rate under §1988); *Elijaeh M. V. v. Astrue*, 1:09-cv-1250, 2010 U.S. Dist. LEXIS 67616, *6 (E.D. Cal. June 15, 2010) (paralegal fee of $106.53 per hour found reasonable for non-secretarial work); *Yeager v. Bowlin*, No. 2:08-102, 2010 U.S. Dist. LEXIS 63399, **21-22 (E.D. Cal. June 3, 2010) (court found that $150 per hour rate for paralegals was unreasonable and awarded $75 per hour for non-secretarial work); *Reins v. Bryant, Lafayette & Assocs.*, CIV S-09-1668, 2010 U.S. Dist. LEXIS 6918, *10 (E.D. Cal. Jan. 28, 2010) ($394 per hour and $250 per hour rates for attorneys and $150 per hour rate for paralegals found reasonable under Fair Debt Collection Practices Act); *McKibben v. Collection Prof'l Servs.*, No. 2:09-cv-02949, 2010 U.S. Dist. LEXIS 48825, **25-26 (E.D. Cal. May 17, 2010) ($125 per hour paralegal rate found reasonable under Fair Debt Collection Practices Act); *Holtsinger v. Briddle*, No. S-03-0732, 2009 U.S. Dist. LEXIS 88318, **7-8 (E.D. Cal. Sept. 25, 2009) ($169.50 per hour for attorney and $100 per hour for law student found reasonable in prisoner case subject to the PLRA and §1988); *Schofield v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 36312, **9-10 (E.D. Cal. Apr. 16, 2009) ($275 per hour counsel rate, $125 per hour paralegal rate, and $75 per hour legal assistant rate found reasonable in Employee Retirement Income Security Act case).

Based on the recent Eastern District cases cited above, a reasonable award—to the extent that the Court awards fees at all—should be no greater than $75 per hour, which is less than the rate recently awarded to paralegals by this Court, and coincides with this Court's award to legal assistants in matters subject to fee-shifting.

/ / /

/ / /

/ / /

12

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)

# CONCLUSION

The Court should deny Plaintiffs' motion to compel fees and costs. The Court should not award Plaintiffs fees for Mark Shinn-Krantz's clerical work, or award fees for Riley Doyle Evans' quasi-legal work, because Plaintiffs have not provided sufficient evidence of fees for legal assistants. Nonetheless, should the Court determine that Plaintiffs are entitled to fees for Riley Doyle Evans' work, it should award Plaintiffs no more than $75 per hour for that work and the work of any other similarly-situated individual employed by Plaintiffs, because the prevailing market rate in the Eastern District of California for non-paralegal litigation assistants is no greater than $75 per hour.

Dated: August 2, 2010

Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California

*/s/ Gregory G. Gomez*

GREGORY G. GOMEZ
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31069810.doc

13

Defs.' Opp'n to Mot. to Compel Payment of Attys' Fees (2:90-cv-00520 LKK JFM P)