EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                           Plaintiffs,<br><br>     v.<br><br>**ARNOLD SCHWARZENEGGER, et al.,**<br><br>                           Defendants. | 2:90-cv-00520 LKK JFM PC<br><br>**DEFENDANTS' UPDATE TO COURT RE: DEFENDANTS' AMENDED LONG-RANGE MENTAL HEALTH BED PLAN FOR THE STARK FACILITY** |

1

Defs.' Update to Court Re: Defs.' Amended Long-Range Mental Health Bed Plan for Stark Facility
(2:90-cv-00520 LKK JFM PC)

| Acronym List | |
|---|---|
| **Term** | **Definition** |
| AB | Assembly Bill |
| ASU | Administrative Segregation Unit |
| CDCR | California Department of Corrections and Rehabilitation |
| CEQA | California Environmental Quality Act |
| EOP | Enhanced Outpatient Program |
| GP | General Population |
| MHCB | Mental Health Crisis Bed |

2

Defs.' Update to Court Re: Defs.' Amended Long-Range Mental Health Bed Plan for Stark Facility
(2:90-cv-00520 LKK JFM PC)

On June 15, 2010, this Court ordered that Defendants identify steps that might be taken to accelerate Defendants' proposed amended long-range mental health bed plan for the Stark facility (amended Stark plan). (Docket No. 3856 ¶ 2.) On June 30, 2010, Defendants identified two steps responsive to the Court's order: (1) use of the "design-build" procurement method for construction of the amended Stark plan under Government Code section 14661.1(i), which Defendants anticipate will accelerate the project by 8 months—from December 2014 to April 2014; and (2) waiver of three California Environmental Quality Act (CEQA) notice periods that, if waived by the Court, could accelerate the CEQA process by 85 days. (Docket No. 3870 at 4:14–5:21.)[1] On July 30, 2010, Defendants informed the Court that they remained committed to identifying ways to accelerate the amended Stark plan. (Docket No. 3889 at 3:3–4.) Specifically, Defendants indicated that they were working with the *Plata* Receiver to exhaust all opportunities to further accelerate the amended Stark plan, and expected to complete that process within thirty days. (*Id.* at 3:4–7.) Defendants informed the Court that they would notify the Court within that time frame whether they could further accelerate the amended Stark plan. (*Id.* at 3:7–8.)

Defendants have now determined that a phased occupancy approach to the amended Stark plan could potentially further accelerate the project. (*See* Attachment A.) By using a phased occupancy approach for the project, the California Department of Corrections and Rehabilitation (CDCR) estimates that it could complete and activate the four new housing units that will house the Enhanced Outpatient Program (EOP) population at the Stark Facility by December 31, 2013. (*Id.*) However, because there are significant contingencies to this approach, Defendants maintain that the most reasonable approach for the amended Stark plan is to maintain the current April 2014 activation date. (*Id.*)

---

[1] Those notice periods are: (1) Cal. Pub. Res. Code § 21091(a); Cal. Code Regs. tit. 14. § 15105(a) (provides a 45-day time period for public review of the draft EIR); (2) Cal. Pub. Res. Code § 21092.5(a); Cal. Code Regs. tit. 14. § 15088(b) (provides that at least 10 days prior to certifying the final EIR, the lead agency shall provide a written proposed response to a public agency on comments made by that agency); and (3) Cal. Pub. Res. Code § 21108(c); Cal. Code Regs. tit. 14. § 15094(f) (provides that a Notice of Determination must be posted and available for public inspection for 30 days). (Docket No. 3870 at 5:21–6:3.) To date, the Court has not waived any of these CEQA notice provisions.

3

Defs.' Update to Court Re: Defs.' Amended Long-Range Mental Health Bed Plan for Stark Facility
(2:90-cv-00520 LKK JFM PC)

Attachment A is a true and correct copy of a draft outline of the phased occupancy plan for the amended Stark plan. (*See* Attachment A.) It outlines how CDCR anticipates that it could implement this phased approach and identifies the significant contingencies to the approach. (*Id.*)

Dated: August 30, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

/s/ *Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

4

Defs.' Update to Court Re: Defs.' Amended Long-Range Mental Health Bed Plan for Stark Facility
(2:90-cv-00520 LKK JFM PC)

# ATTACHMENT A

**OFFICE OF LEGAL AFFAIRS**
Benjamin T. Rice
General Counsel
P.O. Box 942883
Sacramento, CA 94283-0001



August 30, 2010

Ms. Debbie Vorous
Deputy Attorney General
Department of Justice
1300 I Street
Sacramento, CA  95814

Dear Ms. Vorous:

Attached please find Defendants' Draft Outline of Phased Occupancy Plan for the Stark Facility.

Sincerely,

BENJAMIN T. RICE
General Counsel, Office of Legal Affairs
California Department of Corrections and Rehabilitation

Enclosures

**FOR SUBMISSION TO THE *COLEMAN* COURT**

*Long-Range Mental Health Bed Plan*

*Draft Outline of Phased Occupancy Plan for the Stark Facility*

---

**BACKGROUND**

On May 13, 2010, Defendants submitted an amended mental health bed plan to provide housing, treatment, and office space for the Enhanced Outpatient Program (EOP) population that the California Department of Corrections and Rehabilitation (CDCR) expects to house at the Stark Facility. Defendants' amended Stark plan proposes to build four new housing units on the current Stark facility to house the EOP population. The four new housing units will house 525 Enhanced Outpatient Program General Population (EOP-GP) inmates and 50 Enhanced Outpatient Program Administrative Segregation Unit (EOP-ASU) inmates. Additionally, the amended Stark plan proposes to include the new 30-bed Mental Health Crisis Bed (MHCB) project previously approved by the Court on January 4, 2010. The 30-bed MHCB project is an integrated part of the new 60-bed Correctional Treatment Center that CDCR plans to build at the Stark facility. CDCR also plans to build a new Central Health Services Building at the facility. Last, CDCR plans to renovate the Stark facility and convert it into a Reception Center. The Stark project is a coordinated effort between CDCR and the *Plata* Receiver.

The activation schedule that Defendants filed with their May 13, 2010 amended Stark plan reflected a December 2014 full occupancy date. On July 16, 2010, the Department of Finance approved CDCR's request to use the "design-build" procurement method for constructing the amended Stark plan under Government Code section 14661.1(i). By using the "design-build" procurement method for constructing the amended Stark plan, CDCR anticipates that the construction and activation process will be accelerated by 8 months—from December 2014 to April 2014. In a further effort to accelerate the amended Stark plan, CDCR, in collaboration with the *Plata* Receiver, identified an additional approach whereby it could potentially further accelerate the amended Stark plan; that is, use a phased occupancy approach to complete and fully occupy the four new EOP housing units by December 31, 2013. There are, however, significant contingencies to this approach.[1]

---

[1] Defendants plan to fund this project via authorization to issue lease-revenue bonds provided by Assembly Bill (AB) 900. Defendants, however, cannot make any representations that the State Legislature will authorize AB 900 lease revenue financing for this project, the Public Works Board will recognize the project scope, cost, and schedule, the Pooled Money Investment Board will authorize the loans for the interim financing, or that bond counsel will offer an unqualified bond opinion on the validity of the proposed bonds.

**DRAFT OUTLINE OF PHASED OCCUPANCY PLAN FOR THE STARK FACILITY**

Using a phased occupancy approach for the amended Stark plan would entail adjusting the construction schedule to allow for earlier activation of the four new EOP housing units and the EOP office and treatment space. Specifically, CDCR would adjust the schedule so that all institution construction activities, except for the Central Health Building and the Correctional Treatment Center, would be completed before September 1, 2013. For instance, the electrified fence, all interior renovation projects including the EOP office and treatment space, and the four new EOP housing units, would be completed and ready for occupancy before September 1, 2013. Once completed, CDCR would transfer the inmate work crew (critical workers) to Stark and begin admitting the 525 EOP-GP and 50 EOP-ASU inmates into the new housing units, with full occupancy expected by December 31, 2013. Under this adjusted schedule, CDCR expects that the Central Health Building and the Correctional Treatment Center would be completed by January 2014. Once completed, CDCR would transfer the remaining inmate work crew to Stark, and begin admitting inmates into the Correctional Treatment Center and the Reception Center. The following table suggests the order in which CDCR would admit inmates into Stark under such a phased occupancy approach:

| Date | Program | Inmates | % of Total | |
|---|---|---|---|---|
| Admissions Beginning September 1, 2013 | Inmate Work Crew (Critical Workers) | 38 | 1.3% | Phase I |
| | EOP | 525 | 18% | |
| | EOP Ad-Seg | 50 | 2% | |
| December 31, 2013 | Phase 1 Complete | | | |

**Critical Point:** Phase 1 and Phase 2 are separated by the completion and licensure of the Correctional Treatment Center and the Central Health Building.

| Date | Program | Inmates | % of Total | |
|---|---|---|---|---|
| Admissions Beginning January 1, 2014 | Remaining Work Crew | 342 | 11.7% | Phase II |
| | MHCB (CTC) | 30 | 1% | |
| | High Acuity (CTC) | 30 | 1% | |
| | Reception Center | 1796 | 62% | |
| | Reception Center Ad Seg | 88 | 3% | |
| March 1, 2014 | Total Capacity | 2899 | 100% | |

There are, however, several significant contingencies to this approach. The contingencies that Defendants have identified to date are summarized below. Additionally, this list is preliminary and Defendants may identify further contingencies if this approach is approved and moves forward.

1.   Mental Health Program.

   a.   Mental Health Crisis Bed Availability.

CDCR anticipates that there could be between 5 to 10 EOP inmates a week that may decompensate and will require MHCB placement. Because the Correctional Treatment Center at the Stark facility will not be completed and activated until at least January 2014, the phased occupancy approach is contingent upon Court agreement that CDCR find another option for these EOP inmates. One possibility would be to move the inmates to another institution for MHCB placement. But such movement would likely create treatment concerns and generate unplanned custody overtime expenditures. Another possibility would be to use the currently existing clinic area (the 11-bed Correctional Treatment Center for juveniles) for this treatment. But this would be contingent upon both the successful transfer of those juveniles remaining in the currently existing clinic area to another facility and upon the ability to use the clinic as an Outpatient Housing Unit for those inmates that CDCR can stabilize in that environment.

   b.   Training for Mental Health Clinical Staff.

Because this phased-in schedule will result in earlier activation dates for the EOP inmates, it is contingent upon the ability to find sufficient space to train the staff required to activate the program.

   c.   Interdisciplinary Treatment Team Schedule.

The phased occupancy schedule assumes that there will be 30 EOP-GP and 5 EOP-ASU inmates received each week between September 1, 2013 and December 31, 2013. Admitting these 35 inmates each week is contingent upon the ability to schedule Interdisciplinary Treatment Teams for this number of inmates.

2.   Health Care Services.

   a.   Temporary Centralized Medical Clinic.

Because the Central Health Building will not be completed and activated until at least January 2014, the phased occupancy plan is contingent upon the ability to create a temporary centralized medical clinic in a single location; that is, in the existing medical clinic building at Stark.

   b.   Temporary Medication Distribution.

The phased occupancy plan is contingent upon the ability to create a pill pass area adjacent to the Treatment Area in the new EOP pending the Central Health Building opening up.

  c. Health Records.

The phased occupancy approach is contingent upon the ability to use the former Stark Vocational area to house the health records for the approximate 575 EOP inmates.

  d. Medical Administration.

The phased occupancy approach is contingent upon the ability to renovate existing space for medical administration before September 1, 2013.

  e. Radiology.

The phased occupancy approach is contingent upon the ability of CDCR to use radiology services for the EOP inmates at the California Institution for Men.

  f. Dental.

The phased occupancy approach is contingent upon the ability of CDCR to use the existing central health building for interim dental services for the EOP inmates.

  g. Transportation.

Providing transportation for inmates needing medical health services is contingent upon available funding and custody escorts.

3. Receiving and Release.

The phased occupancy plan is contingent upon staff's ability to use the existing space that is already used for this purpose.

4. Information Technology.

The phased occupancy plan is contingent upon having an operational Information Technology system in place by September 1, 2013.

5. Meals.

The phased occupancy plan is contingent upon the ability to use the existing Stark kitchen during both Phase I and Phase II.

6. Rehabilitative Programs.

The phased occupancy plan is contingent upon the ability to renovate existing space at Stark to accommodate all anticipated rehabilitative programs before September 1, 2013.