ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
ERNEST GALVAN, Bar No. 196065
JANE E. KAHN, Bar No. 112239
AMY WHELAN, Bar No. 215675
315 Montgomery Street, 10th Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

K&L GATES LLP
JEFFREY L. BORNSTEIN, Bar No. 99358
EDWARD P. SANGSTER, Bar No. 121041
RAYMOND E. LOUGHREY, Bar No. 194363
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | Case No. CIV S 90-520 LKK-JFM<br><br>**STIPULATION AND [PROPOSED] ORDER TO PAY PLAINTIFFS INTERIM FEES AND TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL THE RESOLUTION OF *PEREZ V. CATE*, APPEAL 09-17185** |

STIP. & [PROPOSED] ORDER TO PAY PLS. INTERIM FEES & TO STAY PLS.' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL RESOLUTION OF *PEREZ V. CATE*, APPEAL – No. Civ S 90-520 LKK-JFM

[396688-1]

**STIPULATION TO PAY PLAINTIFFS INTERIM FEES AND TO STAY PLAINTIFFS' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL THE RESOLUTION OF *PEREZ V. CATE*, APPEAL 09-17185**

Plaintiffs and Defendants STIPULATE as follows:

1.  Pursuant to the *Coleman* Periodic Fees Order, "Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year."  March 19, 1996 Stipulation and Order for Periodic Collection of Attorneys' Fees and Costs (attached as Appendix A).  The parties have already stipulated to stay all attorneys' fees, costs and expense matters related to the Three-Judge Panel and related appeals until October 1, 2010.  *Coleman* Docket 3801.  The only remaining, disputed issues from 2009 are:  (1) Defendants' refusal to pay for any work performed by staff who are not "paralegals" as defined by California Business & Professions Code § 6450, and; (2) Defendants' refusal to pay more than $135 per hour or $82.50 per hour for paralegal work on the case.

2.  On May 26, 2010, this Court issued an order adopting the parties' stipulation to stay plaintiffs' motion to compel regarding the rate to be paid to paralegals pending final resolution of *Perez, et al. v. Cate, et al.,* Court of Appeals Docket No. 09-17185, United States Court of Appeals for the Ninth Circuit, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court (hereinafter "*Perez* appeal").  *Coleman* Docket 3851.  The parties agreed, however, that plaintiffs would move to compel based on defendants' refusal to pay any fees for work performed by nonparalegal litigation assistants.  *Id.*

3.  Plaintiffs now withdraw their motion to compel payment for work performed by nonparalegal litigation assistants (*Coleman* Docket Nos. 3871-3877), as defendants agree to pay these fees at a reduced rate.  The parties agree to stay plaintiffs' motion regarding the final rate defendants will pay nonparalegal litigation assistants pending final resolution of the *Perez* appeal, including any petitions for panel or en banc rehearing, or final resolution in the United States Supreme Court.

4.  In the interim, defendants agree to pay nonparalegal litigation assistant fees at the

1

STIP. & [PROPOSED] ORDER TO PAY PLS. INTERIM FEES & TO STAY PLS.' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL RESOLUTION OF *PEREZ V. CATE*, APPEAL – No. Civ S 90-520 LKK-JFM

[396688-1]

hourly rate of $82.50. For 2009, defendants will pay plaintiffs, within 30 days of the passage of the California state budget for 2010/2011, $8,728.50 for 105.8 hours that defendants previously refused to compensate. In so doing, plaintiffs do not waive and will enforce their right to interest in accordance with the provisions set forth in the *Coleman* Periodic Fees order. Nothing in this Stipulation may be deemed a waiver or concession of any party's legal arguments regarding this issue.

5. If the Ninth Circuit rules in the *Perez* appeal that the Prison Litigation Reform Act governs paralegal fees, then the PLRA also governs nonparalegal litigation assistant fees.

6. If the requested stay is granted, the parties will meet and confer regarding the nonparalegal rate issue, as well as the paralegal rate issue, within 10 days after the mandate issues in the *Perez* appeal. If the parties are still unable to resolve this issue, plaintiffs will re-file a motion to compel within 60 days of the completion of the meet and confer.

**IT IS SO STIPULATED.**

Dated: August 30, 2010

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: /s/ Amy Whelan
Amy Whelan
Attorney for *Coleman* Plaintiffs

Dated: August 30, 2010

Office of the Attorney General

By: _____
Debbie Vorous, Deputy Attorney General
Attorney for *Coleman* Defendants

**IT IS SO ORDERED.**

Dated: _____

_____
Lawrence K. Karlton
Senior United States District Judge

2

STIP. & [PROPOSED] ORDER TO PAY PLS. INTERIM FEES & TO STAY PLS.' MOTION TO COMPEL PAYMENT OF REASONABLE FEES FOR WORK PERFORMED BY NONPARALEGALS DURING 2009 UNTIL RESOLUTION OF *PEREZ V. CATE*, APPEAL – No. Civ S 90-520 LKK-JFM

[396688-1]

# APPENDIX A



IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES GOMEZ, et al.,<br><br>    Defendants. | No. CIV S-90-0520 LKK JFM<br><br>STIPULATION AND ORDER<br>FOR PERIODIC COLLECTION OF<br>ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on the parties' request to authorize an informal process through which compliance fees may be resolved periodically. The parties by their undersigned counsel do stipulate and the Court having considered the matter hereby Orders as follows:

1.  Plaintiffs' counsel will submit quarterly statements to defendants' counsel for fees and costs incurred in obtaining and monitoring compliance with the Court's decision and order of

September 13, 1995. The statements will itemize the time spent, subject activity, applicable attorney and other personnel billing rates, and costs and expenses with sufficient particularity to allow the defendants and the Court to identify which efforts were or were not useful and necessary to ensure compliance with the court's order. The first quarterly statement of each year will identify the billing rates plaintiffs' counsel seeks for that year. Unless and until defendants dispute any of the fees or costs requested, the billing statements submitted by plaintiffs' counsel shall not include declarations or other supporting pleadings. Such declarations or other supporting pleadings shall be prepared only for and at the time of filing any Motion to Compel.

2. Upon receipt of plaintiffs' statement each quarter, defendants will have thirty days in which to respond with their objections and the bases therefore. As to disputed items, including the proposed billing rates in the first quarterly statement, plaintiffs' and defendants' counsel are required to meet and confer within thirty (30) days after defendants have notified plaintiffs of any disputed item(s). If the parties are able promptly to resolve any part or all of the fee disputes, counsel shall immediately prepare a stipulated order for payment of the fees not subject to defendants' objections. Both sides shall sign the Order and present it to the court for entry. Defendants shall have forty-five days from the entry of the Order to pay the undisputed fees. Interest on these fees and costs will run from the thirty-first day following defendants' receipt of plaintiffs' statement, accruing at the rate provided by 28 U.S.C. §1961.

3. If Defendants refuse to sign any Stipulated Payment Order, or unreasonably delay the process described in Paragraph 2, above, plaintiffs' counsel may submit directly to the Court an unstipulated form of Order for collection of fees that are not disputed, together with a certification of counsel under penalty of perjury setting forth the relevant facts and circumstances. Defendants' counsel may respond within five court days of receipt of the proposed Order and certification. Plaintiffs' counsel may reply within two court days after receipt of defendants' response, if any. The Court will rule on plaintiffs' application without conducting a hearing unless it considers such a hearing necessary, and will issue plaintiffs' proposed Order or another appropriate Order unless defendants show a reasonable basis for disputing the fees and expenses plaintiffs have claimed to be undisputed. If any party determines that systematic problems in the meet and confer process have arisen, that party may move for further modification of this process, by noticed motion made pursuant to the Federal Rules of Civil Procedure and the Rules of this Court.

4. Plaintiffs will file a yearly motion to compel payment of disputed items, if necessary, not later than sixty (60) days after the parties meet and confer with respect to the statement covering the fourth quarter of each year. If defendants opposed any billing rates plaintiffs' counsel will bring a motion to compel on this issue following the first quarterly statement of each year.

5. In the event that an unusually large number of hours or a significant issue is in dispute, plaintiffs may bring

Stip & Order for
Attys Fees & Costs                                3

a quarterly motion to compel on those issues alone. Any such quarterly motion to compel will be filed no later than thirty (30) days after the parties have met and conferred on the quarterly statement at issue. Such motions will be briefed and heard on the usual schedule provided by the local rules.

6. Interest on any disputed amount, will accrue at the rate provided by 28 U.S.C. §1961 from the thirty-first (31st) day following defendants' receipt of the billing in which the items in question appear.

7. The standard of review to be applied to disputed billing items will be whether the services were useful and necessary to ensure compliance with the Decision and Order dated September 13, 1995.

8. So long as the plaintiffs' counsel submit quarterly billing statements to the defendants in a timely fashion in accordance with paragraph one of this Order, all compensation requested by the plaintiffs for monitoring compliance with the decision and order will be awarded, now and in the future, at the rates current at the time the billing statements are submitted to the defendants instead of at historic rates.

1 |     9.    Defendants shall pay the full amounts ordered paid, with any legal interest owing, no later than forty five (45) days after the date each payment Order is entered by the Court. If payment is not voluntarily made by the 45th day, counsel for plaintiffs may obtain said amount by writ of execution upon state funds and/or other appropriate accounts by certification under penalty of perjury that voluntary payment has not been made.

We do so stipulate.

Dated: 2/29/96

_____
Donald Specter
Counsel for Plaintiffs

Dated: 3/6/96

_____
William Jenkins
Deputy Attorney General
Counsel for Defendants

IT IS SO ORDERED.

Dated: 3/19/96

_____
Lawrence K. Karlton, Chief Judge
United States District Court

Stip & Order for
Attys Fees & Costs

5