1  EDMUND G. BROWN JR.
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   GREGORY G. GOMEZ, State Bar No. 242674
4  Deputy Attorneys General
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 324-3866
    Fax: (916) 324-5205
7   E-mail: Gregory.Gomez@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | DECLARATION OF CYNTHIA A. RADAVSKY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR AN EVIDENTIARY HEARING REGARDING THE C5/C6 PROJECT AT SALINAS VALLEY STATE PRISON |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

I, CYNTHIA A. RADAVSKY, declare:

1. I am the Deputy Director of Long Term Care Services and employed by the California Department of Mental Health (DMH). I have personal knowledge of the facts stated in this declaration and if called to testify to those facts, could and would do so competently. I submit this Declaration in support of Defendants' Opposition to Plaintiffs' Emergency Motion for an Evidentiary Hearing Regarding the C5/C6 Project at Salinas Valley State Prison.

2. As the Deputy Director of Long Term Care Services, I am familiar with Defendants' mental health bed project to convert two buildings (C-5 and C-6) on the Salinas Valley State Prison (SVSP) C yard to 116 Intermediate Care Facility (ICF) high-custody beds. I oversee the

1

activation and staffing of the C-5 and C-6 units, as well as the activation and staffing of other DMH projects and facilities, including Coalinga State Hospital (CSH).

3. I am familiar with Plaintiffs' request that Defendants testify at an evidentiary hearing to the following: "Why defendants cannot shift staff from the empty 50-bed unit at Coalinga State Hospital (CSH) to expedite admissions. Defendants have significant staffing allocations in place at CSH to provide care to *Coleman* class members, yet the facility does not currently house even a single class member."

4. There are two primary reasons why DMH cannot shift staff from the 50-bed unit at CSH to expedite C-5 and C-6 admissions.

5. The first primary reason why DMH cannot simply shift staff from CSH to the C-5 and C-6 bed project at SVSP is because of how DMH staffs its mental hospitals. The California Legislature allocates DMH a certain number of "established" positions to run CSH—it does not allocate DMH a certain number of "established" positions to provide care for the *Coleman* class members. In the absence of a need for CSH's ICF low-custody beds, DMH had to either redirect the staff that were assigned to the *Coleman* beds or lose those "established" positions. DMH redirected the staff. In response to the Court's June 18, 2009 Order that DMH consider transferring non-*Coleman* inmate-patients at Atascadero State Hospital (ASH) to CSH, DMH activated a new 50-bed Mentally Disordered Offender unit at CSH and admitted non-*Coleman* patients transferred from ASH. CSH redirected some of the staff previously assigned to the *Coleman* beds to the new 50-bed Mentally Disordered Offender unit.

///
///
///

6. The second primary reason why DMH cannot simply shift staff from CSH to the C-5 and C-6 bed project at SVSP is because DMH does not have the ability to relocate staff from CSH to SVSP. CSH and SVSP are not located next to each other nor are they in the same community. CSH is located in Coalinga while SVSP is located in Salinas – a distance of approximately 100 miles. Demanding that clinical staff move from Coalinga to Salinas Valley is not only unrealistic it could likely subject DMH to legal action.

Executed this 13 day of September, 2010, at Sacramento, California.

CYNTHIA A. RADAVSKY

CF1997CS0003
31096572.doc

3

Radavsky Decl. in Supp. of Defs.' Opp'n to Pls.' Mot. for an Evid. Hearing (2:90-cv-00520 LKK JFM P)