1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RALPH COLEMAN, et al.,

11              Plaintiffs,              No. 2:90-cv-0520 LKK JFM P

12        vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,

14

15              Defendants.            ORDER
     _____/

16              Pursuant to court order, this matter came on for evidentiary hearing on October 4,

17   2010.  Amy Whelan, Esq., Jane Kahn, Esq., and Michael Bien, Esq. appeared as counsel for

18   plaintiffs.  Debbie Vorous, Deputy Attorney General, appeared as counsel for defendants. Caryn

19   Craig, Esq. appeared as counsel for Supervising Deputy Fire Marshal John Guhl.

20              At the time of the hearing there were over 400 seriously mentally ill inmates

21   waiting for inpatient hospital care due to the severe shortage of such beds that continues to

22   plague the department.  In May 2009, defendants proposed, inter alia, to create 116 hospital beds

23   for high custody inmates to be run by the Department of Mental Health (DMH) in the C-5 and C-

24   6 units at Salinas Valley State Prison.  The hearing centered on delays in opening and filling

25   those beds.  Two issues raised affect the timely opening and filling of those units:  the

26   requirement, imposed by the State Fire Marshal, that the fire suppression systems in the C-5 and

                                           1

1    C-6 units at Salinas Valley be replaced, and DMH's plan to admit a maximum of five inmates

2    per week to those units.

3              After hearing, the court finds that defendants have a plan to complete the required

4    permanent replacement of the fire suppression system and gain full occupancy of both units by

5    January 14, 2011.  Defendants will be ordered to comply with the deadlines they have presented

6    to the court, see Declaration of William Westin filed September 16, 2010, at ¶ 13, and to

7    accelerate those timelines where possible.  Prior orders of the court notwithstanding, no further

8    delays to completion of this project will be permitted.

9              At the hearing, Victor Brewer, an employee of DMH who is the Executive

10   Director of the Salinas Valley Psychiatric Program (SVPP) and the Vacaville Psychiatric

11   Program (VPP) at California Medical Facility testified in part that limiting admissions to the new

12   C-5 and C-6 units to five per week is necessary to permit defendants to comply with the timelines

13   for inmate patient assessments and reviews required by state law.  He also opined that the

14   assessments and reviews could be completed, although not within the required time frames if

15   they admit more than five inmate patients per week.  The number of inmates on the wait list for

16   inpatient care constitutes an emergency, and admissions to the new C-5 and C-6 units at SVPP

17   must be expedited. "[O]therwise valid state laws . . . cannot stand in the way of a federal court's

18   remedial scheme if the action is essential to enforce the scheme." Stone v. City and County of

19   San Francisco, 968 F.2d 850, 862 (9th Cir. 1992) (quoting North Carolina State Bd. of Educ. v.

20   Swann, 402 U.S. 43, 45 (1971).)  Accordingly, the court intends to waive those requirements of

21   state law that, in defendants' view, preclude them from admitting ten inmate patients per week to

22   the C-5 and C-6 ICF units.  Within five days from the date of this order, defendants shall file a

23   statement identifying those provisions of state law referred to by Mr. Brewer.  Defendants shall

24   also take all steps necessary to admit not less than ten inmate patients per week, starting on

25   October 12, 2010, to the C-5 unit until it is filled.  The same requirement shall apply to that unit

26   /////

in January 2011, when admissions to that unit re-commence on January 18, 2011 following completion of the permanent replacement to the fire suppression system.

The court also heard testimony at the hearing that there are no <u>Coleman</u> class members presently housed in the 50 beds dedicated for <u>Coleman</u> class members at Coalinga State Hospital (CSH) and that there are vacancies at Atascadero State Hospital (ASH) and in the Level III program at VPP. The California Department of Corrections and Rehabilitation (CDCR) defendants have undertaken a pilot program, the DMH-ICF Pilot Program administered by the Health Care Placement Oversight Program (HC-POP). Initial reports from that pilot program are encouraging in that CDCR has found a significant number inmate patients on the Level IV wait list who are eligible for placement at Level III hospital facilities. Given the size of the Level IV ICF wait list and the number of vacant hospital beds, defendants will be required to evaluate inmates presently housed in all DMH Level IV hospital programs to determine whether there are inmates in such programs who could be transferred to CSH or ASH or the Level III program at VPP. To that end, CDCR and DMH defendants will be directed to meet once with the special master to develop a review program modeled on the DMH-ICF Pilot Program. Within sixty days thereafter defendants shall complete the review and evaluation of inmates in Level IV DMH inpatient hospital facilities and shall report to the special master on the outcome of those evaluations. The court expects that any inmate patients found suitable for transfer to a Level III hospital will be so transferred as soon as practicable and that Level IV beds thereby opened will be promptly filled with inmate patients from the Level IV wait list.

After hearing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants shall complete permanent replacement of the fire suppression system in C-6 and gain occupancy of that unit from the State Fire Marshal not later than November 19, 2010, and shall complete permanent replacement of the fire suppression system in C-5 and gain occupancy of that unit from the State Fire Marshal not later than January 14, 2011. To the extent those deadlines can be accelerated they shall be, but they shall not be delayed.

2. Beginning on October 12, 2010, defendants shall admit inmate patients to the C-5 Unit at a rate of not less than ten inmate patients per week until that unit is filled.

3. Following the transfer of inmate patients from the C-5 Unit to the C-6 Unit and completion of the permanent replacement of the fire suppression system, defendants shall begin admitting inmate patients to the C-5 Unit on January 18, 2011 and shall admit inmate patients to that unit at a rate of not less than ten inmate patients per week until both the C-5 and C-6 Units are filled.

4. The court intends to waive the provisions of state law referred to in the testimony of Victor Brewer to the extent required to comply with paragraphs 2 and 3 of this order.  Within five days from the date of this order, defendants shall file a statement identifying those provisions of state law.

5. Within seven days from the date of this order, CDCR and DMH defendants shall meet with the special master to develop a review program modeled on the DMH-ICF Pilot Program for evaluation of inmates presently housed in Level IV inpatient hospital facilities to determine whether any of those inmates can be transferred to another ICF facility.  Within sixty days thereafter defendants shall complete the review and evaluation of inmates in Level IV DMH inpatient hospital facilities and shall report to the special master on the outcome of those evaluations.

DATED:   October 5, 2010.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4