EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
DAVID E. BRICE, State Bar No. 269443
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S OCTOBER 5, 2010 ORDER THAT DEFENDANTS FILE A STATEMENT IDENTIFYING PROVISIONS OF STATE LAW THAT PROHIBIT THEM FROM INCREASING ADMISSIONS TO THE SALINAS VALLEY STATE PRISON C-5/C-6 PROJECT** |

On October 5, 2010, this Court stated that it intends to "waive those requirements of state law that, in defendants' view, preclude them from admitting ten inmate patients per week to the C-5 and C-6 ICF units," and ordered that Defendants shall file a statement identifying those provisions of state law referred to in the testimony of Victor Brewer. (Docket No. 3929 at 2:20–23, ¶ 4.) The Court further ordered that Defendants file this statement within five days from the date of this order; that is, by October 12, 2010. (*Id.* ¶ 4; Fed. R. Civ. Proc. (6)(a)(1)(6).)

///

1

In response to the Court's October 5, 2010 order and without waiving any appellate rights, Defendants identify the following provisions of state law that, in their view, preclude the Department of Mental Health (DMH) from admitting ten inmate-patients per week into the Salinas Valley State Prison C-5 and C-6 ICF Units:

(1) Cal. Code Regs. tit. 22, § 79743(c) (requiring determination of inmate-patient's condition, provisional diagnosis, and initial treatment plan within 24 hours of admission);

(2) Cal. Code Regs. tit. 22, § 79747(a)(1) (requiring the individual treatment plan be developed by the Interdisciplinary Treatment Team no later than 72 hours following inmate-patient's admission);

(3) Cal. Code Regs. tit. 22, § 79747(a)(3) (requiring that the individual treatment plan be reviewed and updated as often as indicated, but no less often than every seven days);

(4) Cal. Code Regs. tit. 22, § 79747(a)(3) (requiring that the individual treatment plan be reviewed and updated not less than every 30 days for nonacute mental health patients);

(5) Cal. Code Regs. tit. 22, § 79747(a)(4)(A)-(I), (b)(c) (outlining the minimum requirements of the individual treatment plan); and

(6) Cal. Code Regs. tit. 22, § 79749 (outlining services required in a mental health treatment program). (Brewer Decl. ¶ 3.)

The Court's October 5, 2010 order requires that Defendants submit this statement by October 12, 2010. (Docket No. 3929 ¶ 4; *see* Fed. R. Civ. Proc. (6)(a)(1)(6).) But the Court's order also requires that on October 12, 2010, DMH shall start admitting inmate-patients into the C-5 Unit at a rate of not less than ten inmate-patients per week until that unit is filled. (Docket No. 3929 ¶ 2.) Defendants believe that the intent of the Court's order is that the Court will waive the above-referenced state laws before DMH accelerates admissions. To the extent that this Court has not waived the above-referenced state laws by October 12, 2010, Defendants respectfully request that the Court grant Defendants an extension of time to commence admissions pursuant to the October 5, 2010 order pending any waiver of those laws. Moreover, concurrent with this filing, Defendants file a request for relief from the Court's October 5, 2010 order and a request for stay.

2

Defs' Stmt. Ident. Prov. of State Law in Resp. to Court's October 5, 2010 Order
(2:90-cv-00520 LKK JFM P)

Defendants further request that should this Court waive the above-referenced state laws, that the Court limit the waiver to only that period of time required for DMH to complete all necessary inmate-patient assessments, Interdisciplinary Treatment Team appointments, Institutional Classification Committee (ICC) actions, and for the inmate-patients to commence full programming. DMH expects that it may take up to six months after the accelerated admissions cease to provide the minimum treatment requirements under Title 22 and complete the ICC appointments. (Brewer Decl. ¶ 6.) At the end of six months, Defendants will provide a status report to the Court on whether these tasks are completed.

Dated: October 12, 2010                             Respectfully submitted,

                                                              EDMUND G. BROWN JR.
                                                              Attorney General of California

                                                              ***/s/ Debbie J. Vorous***

                                                              DEBBIE J. VOROUS
                                                              Deputy Attorney General
                                                              *Attorneys for Defendants*

CF1997CS0003