# *Declaration of R. Lipon*

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
GREGORY G. GOMEZ, State Bar No. 242674
DAVID E. BRICE, State Bar No. 269443
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-8010
  Fax: (916) 324-5205
  E-mail: David.Brice@doj.ca.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | 2:90-cv-00520 LKK JFM P <br><br> **DECLARATION OF RICHARD LIPON, M.D., IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF RE: THE COURT'S OCTOBER 5, 2010 ORDER THAT THE DEPARTMENT OF MENTAL HEALTH ADMIT TEN INMATE-PATIENTS PER WEEK INTO THE SALINAS VALLEY STATE PRISON C-5/C-6 PROJECT** |

I, Richard Lipon, declare:

1. I am employed by the California Department of Mental Health (DMH) as the Acting Medical Director of the Vacaville Psychiatric Program (VPP) at the California Medical Facility in Vacaville, California. I have personal knowledge of the facts stated in this declaration and if called to testify to those facts, could and would do so competently. I submit this declaration in support of Defendants' Motion for Relief Re: The Court's October 5, 2010 Order That The

1

Department of Mental Health Admit Ten Inmate-Patients Per Week Into the Salinas Valley State Prison C-5/C-6 Project.

2.  I have been licensed to practice medicine in the State of California since 1975. I have worked as a psychiatrist in the correctional setting since 1999. Psychiatrists are bound by the American Psychiatric Association's Principles of Medical Ethics, which contain, among others, the following two standards of conduct: (1) A physician shall be dedicated to providing competent medical care, with compassion and respect for human dignity and rights; and (2) A physician shall, while caring for a patient, regard responsibility to the patient as paramount.

3.  I have been the Medical Director of the VPP since December 2008. As the Medical Director, I am responsible, in part, for three programs that house and treat inmate-patients requiring an Intermediate Care Facility (ICF) level of care—A-2 Unit, A-3 Unit, and P-3 Unit. It is essential that these programs meet the requirements under Title 22, Chapter 12, regarding the timelines for completing inmate-patient assessments and reviews and developing individualized treatment plans, and that they provide between 35 and 40 hours per week of patient therapeutic programming. Title 22 requirements include a 72-hour Interdisciplinary Treatment Team (IDTT), 10-day IDTT, and every 30 days thereafter.

4.  I understand that the Salinas Valley Psychiatric Program (SVPP) at Salinas Valley State Prison has opened up an ICF program in the C-5 Unit for 58 inmate-patients, and that DMH intends to admit five inmate-patients per week into that program. Moreover, that in January 2011, DMH intends to admit an additional 58 inmate-patients into the C-5 Unit once those inmate-patients already admitted into that Unit are moved into the repaired C-6 Unit, again at a rate of five inmate-patients per week. I also understand that the Court has ordered that DMH increase its admissions from five inmate-patients per week to ten inmate-patients per week and that the Court intends to waive the Title 22 provisions governing the timelines for inmate-patient assessments and reviews and treatment plans, so that DMH can accelerate admissions.

5.  According to the testimony of Victor Brewer, the Executive Director of the SVPP, the Court's order will result in the SVPP treatment teams focusing only on intake of the new inmate-

2

patients. According to Mr. Brewer, this will result in the clinicians not being able to complete the 72-hour IDTT, 10-day IDTT, 30-day IDTT or provide an inmate-patient care plan until after all inmate-patients are admitted into the Unit. Additionally, because all the DMH clinicians will be focusing only on intake of new inmate-patients, therapeutic programming for those inmate-patients already admitted into the C-5 Unit will cease. It is also my understanding that there are only three group rooms available in C-5 and because all of the group rooms will be occupied with the intake of new inmate-patients, there is not sufficient space or time to provide the required IDTTs and treatment programs.

6. It is my professional opinion, within reasonable medical probability, that DMH admitting ten inmate-patients a week into the C-5 Unit at the SVPP could place those clinicians working in the C-5 Unit in the untenable position of providing treatment that could potentially fall below the standard of care for institutional mental health treatment in violation of ethical principles for several reasons.

7. First, if admissions were increased to ten inmate-patients per week, the clinicians would be able to provide little other care to the inmate-patients besides initial assessments. The entire treatment team will have a single focus, completing the admission assessments for each inmate-patient admitted on a daily basis.

8. Second, this accelerated rate of admissions would sacrifice development of inmate-patients' IDTTs and implementation of individualized treatment plans. Because of the delay in IDTTs that would occur as a result of the accelerated admissions, inmate patients would be kept in their cells longer, without beneficial group or individual therapy, until the IDTTs could be held. This has the potential to result in the inmate-patient regressing, decompensating and/or becoming violent towards himself or others.

9. Last, the inmate-patients currently admitted into C-5 who are currently receiving out-of-cell, un-cuffed, therapeutic programming will immediately cease programming when the accelerated admission rate commences. Potentially some or all of these inmate-patients may

decompensate due to losing the therapeutic and recreational programming they had been receiving before DMH accelerated admissions.

I declare under penalty of perjury that the foregoing is true.

Executed this 12 day of October, 2010, in SACRAMENTO, CA.

_____
RICHARD LIPON, M.D.

CF1997CS0003
31114943.doc

4