1  EDMUND G. BROWN JR.
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   GREGORY G. GOMEZ, State Bar No. 242674
4  DAVID E. BRICE, State Bar No. 269443
   Deputy Attorneys General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone: (916) 324-5345
7    Fax: (916) 324-5205  .
     E-mail: Debbie.Vorous@doj.ca.gov
8
   Attorneys for Defendants
9

                    IN THE UNITED STATES DISTRICT COURT
10
                 FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                          SACRAMENTO DIVISION
12

13

14 | **RALPH COLEMAN, et al.,**                | 2:90-cv-00520 LKK JFM P
   |                                           |
15 |                          Plaintiffs,      | **DECLARATION OF DEBORAH**
   |                                           | **HYSEN IN SUPPORT OF**
16 |             v.                            | **DEFENDANTS' UPDATE**
   |                                           | **TO COURT RE:  CONSTRUCTION**
17 |                                           | **AND FUNDING OF DEFENDANTS'**
   | **ARNOLD SCHWARZENEGGER, et al.,**        | **AMENDED STARK PLAN**
18 |                                           |
   |                          Defendants.      |
19 |                                           |

20         I, Deborah Hysen, declare:

21         1.      I am employed by the California Department of Corrections and Rehabilitation

22 (CDCR) as the Chief Deputy Secretary of Facility Planning, Construction, and Management. I am

23 competent to testify to the matters set forth in this declaration and if called upon to do so, I would

24 and could so testify.  I submit this declaration in support of Defendants' Update to the Court Re:

25 Construction and Funding of Defendants' Amended Stark Plan.

26         2.      I have served as the Chief Deputy Secretary of Facility Planning, Construction,

27 and Management since June 2007.  I am responsible for the overall management and oversight of

28 CDCR construction projects for all its institutions.

                                                1

1    3.    I am familiar with Defendants' amended Stark plan, which was filed with this

2    Court on May 13, 2010. Defendants' amended Stark plan proposes to build four new units to

3    provide housing, treatment, and office space for inmates requiring an Enhanced Outpatient

4    Program level of care. It also incorporates the 30-bed Mental Health Crisis Bed project that is an

5    integrated part of the new 60-bed Correctional Treatment Center planned for the Stark facility.

6    CDCR also plans to construct a new Central Health Services Building at the facility. All three

7    projects are part of a cooperative effort between CDCR and the *Plata v. Schwarzenegger*

8    Receiver.

9    4.    CDCR is funding the amended Stark plan through Assembly Bill (AB) 900 lease-

10   revenue financing authority that the California Legislature appropriated to construct capital prison

11   projects. Under state law, Joint Legislative Budget Committee (JLBC) approval is required for

12   this AB 900 project to proceed. The California Department of Finance (DOF) notified the JLBC

13   of CDCR's request for AB 900 funding for the amended Stark plan on August 18, 2010. On

14   September 15, 2010, the JLBC declined to concur with CDCR's request for AB 900 funding for

15   the amended Stark plan. A true and correct copy of the JLBC's September 15, 2010 letter is

16   attached as Exhibit 1.

17   5.    A September 20, 2010 Public Works Board (PWB) meeting was scheduled to

18   establish the scope, cost, and schedule for the amended Stark plan. Additionally, a September 23,

19   2010 Pooled Money Investment Board (PMIB) meeting was scheduled to request interim

20   financing. Obtaining approval of the scope, cost, and schedule for the amended Stark plan from

21   the PWB and obtaining interim financing for the amended Stark plan from the PMIB are both

22   required steps in the AB 900 financing process for the amended Stark plan. Because the JLBC

23   would not concur with CDCR's request for AB 900 funding for the amended Stark plan, and the

24   JLBC's approval is a prerequisite to the PWB and PMIB meetings, the project was taken off the

25   PWB and PMIB calendars.

26   6.    CDCR is working with the JLBC to obtain its approval to use AB 900 funds for the

27   amended Stark plan. Specifically, CDCR officials met with the Chair of the JLBC, Senator

28   Denise Moreno Ducheny, in the third week of September to discuss the concerns outlined in the

2

1    JLBC's September 15, 2010 letter. Based on that meeting, CDCR has developed additional

2    information to provide the JLBC to address the concerns outlined in the letter and seek

3    concurrence and to place the project on the agenda for an upcoming PWB meeting.

4        7.    CDCR expects that the earlier removal of the project from the PWB's calendar based

5    on the JLBC's inability to concur with the project will result in a "day-for-day" delay,

6    commencing on the date that CDCR expected to receive PMIB funding; that is, from September

7    23, 2010, until the project is resubmitted for PWB approval and receives PMIB funding. Thus,

8    CDCR expects a delay from the current April 2014 full occupancy date for the amended Stark

9    plan. The full extent of the delay, however, will not be known until such time as the JLBC

10   approves the project, and the PWB and PMIB meetings are rescheduled. Meanwhile, CDCR is

11   providing a copy of the JLBC's letter in order to apprise the Court of current developments.

12       I declare under penalty of perjury that the foregoing is true. Executed this _19_ day of

13   October 2010, at Sacramento, California.

14

15                                           DEBORAH HYSEN

16   CF1997CS0003

17

18

19

20

21

22

23

24

25

26

27

28

Hysen Decl. in Supp. of Defs.' Update to Court Re: Const. and Funding of Defs.' Amend Stark Plan
(2:90-cv-00520 LKK JFM P)

# EXHIBIT 1



# Joint Legislative Budget Committee

**CHAIR**
**DENISE MORENO DUCHENY**

**VICE CHAIR**
**BOB BLUMENFIELD**

**SENATE**

VACANT
MARK DESAULNIER
ROBERT DUTTON
BOB HUFF
CHRISTINE KEHOE
ALEX PADILLA
LOIS WOLK

GOVERNMENT CODE SECTIONS 9140-9143

CALIFORNIA LEGISLATURE

LEGISLATIVE ANALYST
MAC TAYLOR

925 L. STREET, SUITE 1000
SACRAMENTO, CALIFORNIA 95814
(916) 445-4656

**ASSEMBLY**

ANTHONY ADAMS
WILMER AMINA CARTER
KEVIN DE LEÓN
NOREEN EVANS
FELIPE FUENTES
ROGER NIELLO
JIM NIELSEN

September 15, 2010

Ms. Ana J. Matosantos, Director
Department of Finance
Room 1145, State Capitol
Sacramento, California 95814

Dear Ms. Matosantos:

In a letter dated August 18, 2010, you notified the Joint Legislative Budget Committee of your request on behalf of the California Department of Corrections and Rehabilitation (CDCR) for allocations of funds from lease-revenue bonds authorized in Chapter 7, Statutes of 2007 (AB 900, Solorio), to convert the existing, deactivated Heman G. Stark Youth Correctional Facility to an adult male correctional facility with approximately 2,840 beds. The facility will be a Reception Center and also provide housing for inmates requiring Enhanced Outpatient Program (EOP) mental health treatment as well as permanent work crew inmates. In addition, the facility will include a 60-bed Correctional Treatment Center (CTC) with medical and mental health crisis beds. The EOP and CTC beds are part of CDCR's plan to provide constitutionally adequate medical and mental health care as required by the federal *Plata* and *Coleman* courts. The estimated total project cost is $518.8 million, considering allocations from both AB 900 appropriations for infill projects and health care projects.

***Ongoing Annual Costs.*** While the current shortage of reception center beds and the federal court's directives for adding health care beds suggest the need to move forward with this project quickly, I am concerned with moving forward with this project at this time given the state's fiscal condition and the uncertainty surrounding the state's budget situation. This facility, once operational, will cost the state a net of about $100 million annually for operations and debt service. In light of the drastic cuts to state programs already enacted and more still to be determined, it seems prudent to wait before committing to the level of new ongoing spending recommended by CDCR.

***Less Costly Alternatives Not Explored.*** In addition, I am concerned that the department has not thoroughly explored whether the proposed project is, in fact, the most cost-effective way to

Ms. Ana J. Matosantos                                2                          September 15, 2010

add additional capacity. According to staff, the department has not yet conducted an analysis to determine whether a new facility with greater capacity could be constructed at the same or lower cost. Failure to do this type of cost comparison analysis is alarming coming in a time of diminished state resources. It is critical to ensure that limited state construction dollars are used as efficiently as possible.

*Other Phase I Projects in Jeopardy.* Finally, I am concerned that the department's current expenditure plan for Phase I AB 900 infill and health care projects exceeds the total authorized appropriation, yet the department has provided my staff with no plan for how it will complete the remaining projects still to be authorized. Specifically, AB 900 authorized a total of $1,800,000,000 for Phase I infill projects and $710,940,000 for Phase I health care projects. However, the department's most recent plan, dated August 25, 2010, identifies a need of $1,939,000,000 and $755,000,000 for Phase I infill and health care projects, respectively. These overages suggest that the department will have to either scale back its construction plan or come to the Legislature for additional appropriations.

*Conclusion.* Accordingly, at this time, I cannot concur with CDCR's request for the allocation of funding and the establishment of the scope, cost, and schedule for the conversion of the Heman G. Stark Correctional Facility. The Legislature will reconsider this project when the state's fiscal and budget situation are more settled and the department has provided a plan for how it will cost-effectively expand prison capacity within the level of resources authorized by AB 900.

It is also my expectation that CDCR will continue to assess the construction costs associated with this project and its overall AB 900 construction plan. In particular, I expect the department will address the concerns raised in this letter with respect to ensuring that the current proposal is the most cost-effective option for increasing reception center and EOP housing capacity, as well as addressing the failure of the current construction plan to stay within existing appropriations.

Sincerely,

Denise Moreno Ducheny
Chair

cc: Members of the Joint Legislative Budget Committee