IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

        Plaintiffs,                  No. CIV S-90-0520 LKK JFM P

      vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.               ORDER

        Defendants have moved pursuant to Fed. R. Civ. P. 60(b)(6) for relief from that part of this court's October 5, 2010 order that requires defendants to admit patients to the C-5 unit intermediate care facility at Salinas Valley State Prison at a rate of not less than ten patients per week until the unit is filled and, thereafter, beginning January 18, 2011, to admit patients to that unit at a rate of not less than ten per week until both the C-5 and the C-6 units are filled. Defendants also moved to stay that part of the October 5, 2010 order pending this court's resolution of the Rule 60(b)(6) motion.

        On October 13, 2010, the court granted defendants' motion for a stay and instructed plaintiffs to file a response to the Rule 60(b)(6) motion. On October 20, 2010, plaintiffs filed an opposition. The court now resolves the Rule 60(b)(6) motion on the papers.

        Rule 60(b)(6) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) "'is used sparingly as an equitable remedy to prevent manifest injustice.'" Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable'" to comply with the order from which relief is sought. Lal, id. (quoting Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (internal citation omitted)).

Defendants contend that the requirement to admit ten patients per week to the C-5 and C-6 units until the units are filled will prevent Department of Mental Health (DMH) defendants from providing "appropriate treatment for those inmate-patients admitted to the C-5 and C-6 Units for up to six months after the accelerated admissions cease". Defendants' Notice of Motion, filed October 12, 2010, at 2. Second, defendants contend that waivers of timelines for assessment and review required by state law "will have the unintended consequence of placing the DMH clinicians working in the C-5 and C-6 Units in the untenable position of providing treatment that could *potentially* fall below the standard of care for institutional mental health treatment in violation of ethical principles." Id. (emphasis added).

In opposition to the motion, plaintiffs raise serious questions about the accuracy of defendants' prediction that increasing patient admissions by one per day will have a significant and detrimental impact on the ability of clinicians working in the C-5 and C-6 units to provide adequate mental health treatment to inmate-patients admitted to the units. Plaintiffs also argue that inmate-patients admitted to the C-5 and C-6 units will, in any event, "receive vastly improved care from what they are receiving now, which is no inpatient care at all." Plaintiffs' Opposition,

filed October 20, 2010, at 5. The conditions under which those inmates languish echo throughout the record in this action; plaintiffs cite, <u>inter alia</u>, to evidence of two suicides committed between September 2009 and January 2010 by inmates waiting in administrative segregation cells for transfer to inpatient mental health care.

After review of the papers, the court finds that defendants have not shown that "extraordinary circumstances" prevent them from complying with the challenged provision of this court's October 5, 2010 order, or that "manifest injustice" will follow from compliance. To the contrary, as the court clearly stated in the October 5, 2010 order, the fact that approximately 400 seriously mentally ill inmates continue to remain on the wait list for inpatient mental health care for extended periods of time constitutes an emergency. Oct. 5, 2010 Order, at 2. The delays in access to inpatient care and the conditions under which inmates wait for that care are evident in this record. These are the "extraordinary circumstances" and the "manifest injustice" that defendants must address forthwith. For these reasons, defendants' Rule 60(b)(6) motion will be denied. The stay entered on October 13, 2010 is dissolved, and defendants will be required to comply with paragraphs 2 and 3 of the court's October 5, 2010 order.

In addition, while the matters raised by defendants' motion do not constitute "extraordinary circumstances" that justify relief from the October 5, 2010 order, particularly in the context of the emergency that exists in delays in access to inpatient mental health care, they are issues that should be addressed during the accelerated admissions process. To that end, defendants shall work under the guidance of the Special Master during the accelerated admissions process to minimize the impact of the accelerated admissions on the provision of necessary inpatient mental health care to class members admitted to the C-5 and C-6 units.

Finally, defendants have identified several provisions of state law which, in their view, preclude them from complying with paragraphs 2 and 3 of the court's October 5, 2010 order. To, and only to, the extent necessary for compliance with that order, the court will direct waiver of all state law provisions, including, but not limited to, those identified by defendants in their October

3

12, 2010 response to this court's October 5, 2010 order, ECF No. 3931.

In accordance with the above, the court ORDERS as follows:

(1) The stay entered on October 13, 2010 is dissolved.

(2) Defendants' motion for relief, ECF No. 3932, is DENIED.

(3) Beginning October 25, 2010, defendants SHALL admit patients to the C-5 unit intermediate care facility at Salinas Valley State Prison at a rate of not less than ten patients per week until the unit is filled and, thereafter, beginning January 18, 2011, to admit patients to that unit at a rate of not less than ten per week until both the C-5 and the C-6 units are filled.

(4) During the accelerated admission process required by the October 5, 2010 order and paragraph three of this order, defendants SHALL work under the guidance of the Special Master to minimize the impact of accelerated admissions on the provision of necessary inpatient mental health care to class members admitted to the C-5 and C-6 units. Nothing in this paragraph shall alter or amend in any way the requirement of paragraph three of this order.

(4) To the extent necessary to comply with this and the October 5, 2010 order, the court DIRECTS WAIVER of all state law provisions that would otherwise, in the view of defendants, prevent such compliance.

IT IS SO ORDERED.

DATED: October 22, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4