| | |
|---|---|
| 1 | EDMUND G. BROWN JR. |
| | Attorney General of California |
| 2 | JONATHAN L. WOLFF |
| | Senior Assistant Attorney General |
| 3 | DEBBIE J. VOROUS, State Bar No. 166884 |
| | GREGORY G. GOMEZ, State Bar No. 242674 |
| 4 | DAVID E. BRICE, State Bar No. 269443 |
| | Deputy Attorneys General |
| 5 | 1300 I Street, Suite 125 |
| | P.O. Box 944255 |
| 6 | Sacramento, CA 94244-2550 |
| | Telephone: (916) 324-5345 |
| 7 | Fax: (916) 324-5205 |
| | E-mail: Debbie.Vorous@doj.ca.gov |

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |
| **v.** | |
| **ARNOLD SCHWARZENEGGER, et al.,** | |
| Defendants. | |

Defendants appeal to the United States Court of Appeals for the Ninth Circuit from paragraphs 2 and 3 of the district court's order of October 5, 2010 (Docket No. 3929) and paragraph 3 of the district court's order of October 22, 2010 (Docket No. 3945), which direct that beginning October 25, 2010, the State Defendants shall admit inmate patients to the C-5 unit intermediate care facility at Salinas Valley State Prison at a rate of not less than ten inmate

///

///

///

1

patients per week until the unit is filled, and, thereafter, beginning January 18, 2011, to admit patients to that unit at a rate of not less than ten per week until both the C-5 and C-6 units are filled.

Dated:  November 4, 2010               Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California

*/s/ Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
31135223.doc

# ATTACHMENT 1

# ORDER (DATED OCTOBER 5, 2010)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

No. 2:90-cv-0520 LKK JFM P

ORDER

    Pursuant to court order, this matter came on for evidentiary hearing on October 4, 2010. Amy Whelan, Esq., Jane Kahn, Esq., and Michael Bien, Esq. appeared as counsel for plaintiffs. Debbie Vorous, Deputy Attorney General, appeared as counsel for defendants. Caryn Craig, Esq. appeared as counsel for Supervising Deputy Fire Marshal John Guhl.

    At the time of the hearing there were over 400 seriously mentally ill inmates waiting for inpatient hospital care due to the severe shortage of such beds that continues to plague the department. In May 2009, defendants proposed, inter alia, to create 116 hospital beds for high custody inmates to be run by the Department of Mental Health (DMH) in the C-5 and C-6 units at Salinas Valley State Prison. The hearing centered on delays in opening and filling those beds. Two issues raised affect the timely opening and filling of those units: the requirement, imposed by the State Fire Marshal, that the fire suppression systems in the C-5 and

1

C-6 units at Salinas Valley be replaced, and DMH's plan to admit a maximum of five inmates per week to those units.

After hearing, the court finds that defendants have a plan to complete the required permanent replacement of the fire suppression system and gain full occupancy of both units by January 14, 2011. Defendants will be ordered to comply with the deadlines they have presented to the court, see Declaration of William Westin filed September 16, 2010, at ¶ 13, and to accelerate those timelines where possible. Prior orders of the court notwithstanding, no further delays to completion of this project will be permitted.

At the hearing, Victor Brewer, an employee of DMH who is the Executive Director of the Salinas Valley Psychiatric Program (SVPP) and the Vacaville Psychiatric Program (VPP) at California Medical Facility testified in part that limiting admissions to the new C-5 and C-6 units to five per week is necessary to permit defendants to comply with the timelines for inmate patient assessments and reviews required by state law. He also opined that the assessments and reviews could be completed, although not within the required time frames if they admit more than five inmate patients per week. The number of inmates on the wait list for inpatient care constitutes an emergency, and admissions to the new C-5 and C-6 units at SVPP must be expedited. "[O]therwise valid state laws . . . cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." Stone v. City and County of San Francisco, 968 F.2d 850, 862 (9th Cir. 1992) (quoting North Carolina State Bd. of Educ. v. Swann, 402 U.S. 43, 45 (1971).) Accordingly, the court intends to waive those requirements of state law that, in defendants' view, preclude them from admitting ten inmate patients per week to the C-5 and C-6 ICF units. Within five days from the date of this order, defendants shall file a statement identifying those provisions of state law referred to by Mr. Brewer. Defendants shall also take all steps necessary to admit not less than ten inmate patients per week, starting on October 12, 2010, to the C-5 unit until it is filled. The same requirement shall apply to that unit

/////

2

in January 2011, when admissions to that unit re-commence on January 18, 2011 following completion of the permanent replacement to the fire suppression system.

The court also heard testimony at the hearing that there are no Coleman class members presently housed in the 50 beds dedicated for Coleman class members at Coalinga State Hospital (CSH) and that there are vacancies at Atascadero State Hospital (ASH) and in the Level III program at VPP. The California Department of Corrections and Rehabilitation (CDCR) defendants have undertaken a pilot program, the DMH-ICF Pilot Program administered by the Health Care Placement Oversight Program (HC-POP). Initial reports from that pilot program are encouraging in that CDCR has found a significant number inmate patients on the Level IV wait list who are eligible for placement at Level III hospital facilities. Given the size of the Level IV ICF wait list and the number of vacant hospital beds, defendants will be required to evaluate inmates presently housed in all DMH Level IV hospital programs to determine whether there are inmates in such programs who could be transferred to CSH or ASH or the Level III program at VPP. To that end, CDCR and DMH defendants will be directed to meet once with the special master to develop a review program modeled on the DMH-ICF Pilot Program. Within sixty days thereafter defendants shall complete the review and evaluation of inmates in Level IV DMH inpatient hospital facilities and shall report to the special master on the outcome of those evaluations. The court expects that any inmate patients found suitable for transfer to a Level III hospital will be so transferred as soon as practicable and that Level IV beds thereby opened will be promptly filled with inmate patients from the Level IV wait list.

After hearing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants shall complete permanent replacement of the fire suppression system in C-6 and gain occupancy of that unit from the State Fire Marshal not later than November 19, 2010, and shall complete permanent replacement of the fire suppression system in C-5 and gain occupancy of that unit from the State Fire Marshal not later than January 14, 2011. To the extent those deadlines can be accelerated they shall be, but they shall not be delayed.

3

2. Beginning on October 12, 2010, defendants shall admit inmate patients to the C-5 Unit at a rate of not less than ten inmate patients per week until that unit is filled.

3. Following the transfer of inmate patients from the C-5 Unit to the C-6 Unit and completion of the permanent replacement of the fire suppression system, defendants shall begin admitting inmate patients to the C-5 Unit on January 18, 2011 and shall admit inmate patients to that unit at a rate of not less than ten inmate patients per week until both the C-5 and C-6 Units are filled.

4. The court intends to waive the provisions of state law referred to in the testimony of Victor Brewer to the extent required to comply with paragraphs 2 and 3 of this order. Within five days from the date of this order, defendants shall file a statement identifying those provisions of state law.

5. Within seven days from the date of this order, CDCR and DMH defendants shall meet with the special master to develop a review program modeled on the DMH-ICF Pilot Program for evaluation of inmates presently housed in Level IV inpatient hospital facilities to determine whether any of those inmates can be transferred to another ICF facility. Within sixty days thereafter defendants shall complete the review and evaluation of inmates in Level IV DMH inpatient hospital facilities and shall report to the special master on the outcome of those evaluations.

DATED: October 5, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

# ATTACHMENT 2
# ORDER (DATED OCTOBER 22, 2010)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,

No. CIV S-90-0520 LKK JFM P

vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

ORDER

/

    Defendants have moved pursuant to Fed. R. Civ. P. 60(b)(6) for relief from that part of this court's October 5, 2010 order that requires defendants to admit patients to the C-5 unit intermediate care facility at Salinas Valley State Prison at a rate of not less than ten patients per week until the unit is filled and, thereafter, beginning January 18, 2011, to admit patients to that unit at a rate of not less than ten per week until both the C-5 and the C-6 units are filled. Defendants also moved to stay that part of the October 5, 2010 order pending this court's resolution of the Rule 60(b)(6) motion.

    On October 13, 2010, the court granted defendants' motion for a stay and instructed plaintiffs to file a response to the Rule 60(b)(6) motion. On October 20, 2010, plaintiffs filed an opposition. The court now resolves the Rule 60(b)(6) motion on the papers.

    Rule 60(b)(6) of the Federal Rules of Civil Procedure provides:

1         On motion and just terms, the court may relieve a party or its legal
2         representative from a final judgment, order, or proceeding for the following reasons:

3         . . .

4         (6) any other reason that justifies relief.

5  Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) "'is used sparingly as an equitable remedy to
6  prevent manifest injustice.'" Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (quoting United
7  States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)). "To receive relief
8  under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or
9  rendered him unable'" to comply with the order from which relief is sought. Lal, id. (quoting
10 Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (internal citation
11 omitted)).

12     Defendants contend that the requirement to admit ten patients per week to the C-5 and C-6
13 units until the units are filled will prevent Department of Mental Health (DMH) defendants from
14 providing "appropriate treatment for those inmate-patients admitted to the C-5 and C-6 Units for
15 up to six months after the accelerated admissions cease". Defendants' Notice of Motion, filed
16 October 12, 2010, at 2. Second, defendants contend that waivers of timelines for assessment and
17 review required by state law "will have the unintended consequence of placing the DMH
18 clinicians working in the C-5 and C-6 Units in the untenable position of providing treatment that
19 could *potentially* fall below the standard of care for institutional mental health treatment in
20 violation of ethical principles." Id. (emphasis added).

21     In opposition to the motion, plaintiffs raise serious questions about the accuracy of
22 defendants' prediction that increasing patient admissions by one per day will have a significant
23 and detrimental impact on the ability of clinicians working in the C-5 and C-6 units to provide
24 adequate mental health treatment to inmate-patients admitted to the units. Plaintiffs also argue
25 that inmate-patients admitted to the C-5 and C-6 units will, in any event, "receive vastly improved
26 care from what they are receiving now, which is no inpatient care at all." Plaintiffs' Opposition,

2

filed October 20, 2010, at 5. The conditions under which those inmates languish echo throughout the record in this action; plaintiffs cite, inter alia, to evidence of two suicides committed between September 2009 and January 2010 by inmates waiting in administrative segregation cells for transfer to inpatient mental health care.

After review of the papers, the court finds that defendants have not shown that "extraordinary circumstances" prevent them from complying with the challenged provision of this court's October 5, 2010 order, or that "manifest injustice" will follow from compliance. To the contrary, as the court clearly stated in the October 5, 2010 order, the fact that approximately 400 seriously mentally ill inmates continue to remain on the wait list for inpatient mental health care for extended periods of time constitutes an emergency. Oct. 5, 2010 Order, at 2. The delays in access to inpatient care and the conditions under which inmates wait for that care are evident in this record. These are the "extraordinary circumstances" and the "manifest injustice" that defendants must address forthwith. For these reasons, defendants' Rule 60(b)(6) motion will be denied. The stay entered on October 13, 2010 is dissolved, and defendants will be required to comply with paragraphs 2 and 3 of the court's October 5, 2010 order.

In addition, while the matters raised by defendants' motion do not constitute "extraordinary circumstances" that justify relief from the October 5, 2010 order, particularly in the context of the emergency that exists in delays in access to inpatient mental health care, they are issues that should be addressed during the accelerated admissions process. To that end, defendants shall work under the guidance of the Special Master during the accelerated admissions process to minimize the impact of the accelerated admissions on the provision of necessary inpatient mental health care to class members admitted to the C-5 and C-6 units.

Finally, defendants have identified several provisions of state law which, in their view, preclude them from complying with paragraphs 2 and 3 of the court's October 5, 2010 order. To, and only to, the extent necessary for compliance with that order, the court will direct waiver of all state law provisions, including, but not limited to, those identified by defendants in their October

3

12, 2010 response to this court's October 5, 2010 order, ECF No. 3931.

In accordance with the above, the court ORDERS as follows:

(1) The stay entered on October 13, 2010 is dissolved.

(2) Defendants' motion for relief, ECF No. 3932, is DENIED.

(3) Beginning October 25, 2010, defendants SHALL admit patients to the C-5 unit intermediate care facility at Salinas Valley State Prison at a rate of not less than ten patients per week until the unit is filled and, thereafter, beginning January 18, 2011, to admit patients to that unit at a rate of not less than ten per week until both the C-5 and the C-6 units are filled.

(4) During the accelerated admission process required by the October 5, 2010 order and paragraph three of this order, defendants SHALL work under the guidance of the Special Master to minimize the impact of accelerated admissions on the provision of necessary inpatient mental health care to class members admitted to the C-5 and C-6 units. Nothing in this paragraph shall alter or amend in any way the requirement of paragraph three of this order.

(4) To the extent necessary to comply with this and the October 5, 2010 order, the court DIRECTS WAIVER of all state law provisions that would otherwise, in the view of defendants, prevent such compliance.

IT IS SO ORDERED.

DATED: October 22, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4

# ATTACHMENT 3
# REPRESENTATION STATEMENT

[Case No.] _____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**RALPH COLEMAN, et al.,**

               Plaintiffs-Appelles,

   **v.**

**ARNOLD SCHWARZENEGGER, et al.,**

               Defendants-Appellants.

On Appeal from the United States District Court
for the Eastern District of California
Sacramento Division

No. 2:90-cv-00520 LKK JFM P
The Honorable Lawrence K. Karlton, Judge

**REPRESENTATION STATEMENT**

        EDMUND G. BROWN JR.
        Attorney General of California
        JONATHAN L. WOLFF
        Senior Assistant Attorney General
        DEBBIE J. VOROUS, State Bar No. 166884
        DAVID E. BRICE, State Bar No. 269443
        Deputy Attorneys General
         1300 I Street, Suite 125
         P.O. Box 944255
         Sacramento, CA 94244-2550
         Telephone: (916) 324-5345
         Fax: (916) 324-5205
        Attorneys for Defendants-Appellants

Pursuant to Circuit Rule 3-2, Defendants-Appellants make the following Representation Statement identifying all parties to the action along with their counsel.

| | |
|---|---|
| Plaintiffs-Appellees: | Ralph Coleman, et al. |
| Plaintiffs Counsel: | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>ERNEST GALVAN, Bar No. 196065<br>JANE E. KAHN, Bar No. 112239<br>AMY WHELAN, Bar No. 215675<br>315 Montgomery Street, 10th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 |
| | PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>1917 Fifth Street<br>Berkeley, CA 94710<br>Telephone: (510) 280-2621 |
| | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| | THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 |

Defendants-Appellants:   Arnold Schwarzenegger, Governor of California; Matthew Cate, Secretary, California Department of Corrections and Rehabilitation; Stephen W. Mayberg, Director, California Department of Mental Health; Ana Matosantos, Director, California Department of Finance.

Defendants' Counsel:   EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
DAVID E. BRICE, State Bar No. 269443
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 324-5345
Fax: (916) 324-5205

Dated: November 4, 2010

Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General

*/s/ Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants-Appellants*

CF1997CS0003
31135237.doc