1  EDMUND G. BROWN JR.
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   GREGORY G. GOMEZ, State Bar No. 242674
4  DAVID E. BRICE, State Bar No. 269443
   Deputy Attorneys General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone:  (916) 324-5345
7   Fax:  (916) 324-5205
    E-mail:  Debbie.Vorous@doj.ca.gov
8
   Attorneys for Defendants
9
                    IN THE UNITED STATES DISTRICT COURT
10
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
11
                          SACRAMENTO DIVISION
12

13

14  **RALPH COLEMAN, et al.,**                   2:90-cv-00520 LKK JFM P

15                             Plaintiffs,    **DEFENDANTS' OBJECTION TO
                                              SPECIAL MASTER'S REPORT ON**
16       **v.**                               **DEFENDANTS' REVIEW OF SUICIDE
                                              PREVENTION POLICIES, PRACTICES,**
17                                            **AND PROCEDURES RE:
                                              RECOMMENDATION THAT**
    **ARNOLD SCHWARZENEGGER, et al.,**         **DEFENDANTS FURNISH SUICIDE**
18                                            **RESISTANT BEDS IN THEIR MENTAL**
                             Defendants.      **HEALTH CRISIS BED UNITS**
19

20

21

22

23

24

25

26

27

28
                                  1

1

| Acronym List | |
|---|---|
| **Term** | **Definition** |
| **CDCR** | California Department of Corrections and Rehabilitation |
| **MHCB** | Mental Health Crisis Bed |
| **PLRA** | Prison Litigation Reform Act |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

**INTRODUCTION**

On September 27, 2010, the *Coleman* Special Master issued his Report on Defendants' Review of Suicide Prevention Policies, Practices, and Procedures. (Docket No. 3918.) The Report contains five recommendations for orders by the Court. (*Id.* at 38.) On October 5, 2010, the Court granted the parties thirty days to file and serve responses to the Special Master's report and recommendation. (Docket No. 3928.) Defendants object to the fourth recommendation, which would require that the California Department of Corrections and Rehabilitation (CDCR) submit a plan to furnish suicide-resistant beds in all its Mental Health Crisis Bed (MHCB) units. (*See* Docket No. 3918 at 38.) When a suicidal inmate-patient is in a MHCB, it does not violate the Eighth Amendment to provide a mattress. Additionally, Defendants object to this recommendation because it contravenes the Prison Litigation Reform Act (PLRA) were an Eighth Amendment violation to exist—it is not narrowly drawn, extends further than necessary to correct the constitutional violation, and is not the least intrusive means necessary to correct the violation were one to exist. 18 U.S.C. § 3626(a)(1)(A).

**BACKGROUND**

On April 14, 2010, the Court ordered that Defendants review all suicide prevention policies, practices, and processes and the implementation of those policies, practices, and processes. (Docket No. 3836 at 7.) The Court further ordered that Defendants, as part of this review, identify any need to modify their suicide policies, practices, and processes and the implementation thereof as may be required to address inmate suicides. (*Id.*)

On August 25, 2010, Defendants submitted an updated report to the *Coleman* Special Master that responded to the Court's April 14, 2010 order. (Docket No. 3918 at 9–10, Ex. A.) On September 8, 2010, Plaintiffs responded to Defendants' Report and demanded that Defendants, among other things, modify the Program Guide to require that CDCR install suicide-resistant beds in all the MHCB units. (*Id.* at 10, Ex. B.) Defendants replied on September 22, 2010, and stated that CDCR clinicians reviewed the sections in the Program Guide addressing furniture in a MHCB unit, but the clinicians did not determine that modification of this section was necessary in order to address inmate suicides. (*Id.* at 10, Ex. C.) Additionally, Defendants

3

1  noted that California licensing standards only require that CDCR place "beds" in its MHCB units,

2  not "suicide-resistant beds." (*Id.*)

3  The Special Master filed his Report on Defendants' Review of Suicide Prevention Policies,

4  Practices, and Procedures on September 27, 2010. (Docket No. 3918.) The Report makes five

5  recommendations for orders by the Court. (*Id.* at 38.) The fourth recommendation is: "That

6  within the next 60 days, defendants submit a plan to furnish suicide-resistant beds in their

7  MHCBs for any at-risk inmates that would otherwise not be provided with a bed while in a

8  MHCB unit." (*Id.* at 38 ¶ 4.) The Report cites four reasons for this recommendation: (1)

9  "informal reports that in the absence of suicide-resistant beds in some MHCB units, suicidal

10 patients are not provided with any beds at all;" (2) advice that "failure to provide suicide-resistant

11 beds, and the practice of requiring suicidal MHCB patients to sleep on the floor, creates a

12 needlessly harsh environment that does not serve therapeutic purposes;" (3) requiring patients to

13 sleep on the floor "may even contribute to an inmate's decision to not report thoughts of self-

14 harm to staff;" and (4) advice "that the default practice in a MHCB unit should be to provide a

15 suicide-resistant bed unless clinically contraindicated." (*Id.* at 32–33.)

**ARGUMENT**

16

17 **I.   PROVIDING A MATTRESS WHILE AN INMATE-PATIENT IS ON SUICIDE PRECAUTIONS**
      **OR WATCH IN A MHCB DOES NOT VIOLATE THE EIGHTH AMENDMENT.**
18
      Under the PLRA, a court may order relief to remedy a constitutional violation. 18 U.S.C. §
19
   3626(a)(1)(A). In the MHCBs without suicide-resistant beds, suicidal patients are given a
20
   mattress. This practice does not violate the Constitution. The fourth recommendation ordering
21
   suicide resistant beds is not narrowly drawn and extends further than necessary to correct any
22
   constitutional violation concerning how CDCR provides MHCB unit treatment. In other words,
23
   the Constitution does not require suicide-resistant beds in MHCB units.
24
      The Eighth Amendment to the United States Constitution requires that prison officials not
25
   be deliberately indifferent to medical needs of prisoners, and that deliberate indifference is the
26
   unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For a
27
   case involving a failure to prevent harm, there is a violation of the Eighth Amendment if,
28

1   objectively, the conditions pose a "substantial risk of serious harm." *Farmer v. Brennan*, 511

2   U.S. 825, 834 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 35-36 (1993).  And,

3   subjectively, there must be deliberate indifference such that the prison officials are "both [] aware

4   of facts from which the inference could be drawn that a substantial risk of serious harm exists,

5   and [they] must also draw the inference." *Farmer*, 511 U.S. at. 837; *see also Helling*, 509 U.S. at

6   36.

7        The Fifth Circuit held that a sheriff did not violate the Constitution and was justified in

8   removing an inmate's mattress, sheets, and blankets for up to three months when the inmate

9   continued to be a suicide risk.  *McMahon v. Beard*, 583 F.2d 172, 175 (5th Cir. 1978).  That court

10  held that it was prudent to remove the mattress and sheets because the inmate was suicidal and the

11  sheriff could be liable if the inmate were to kill himself.  *Id*.  The Eighth Circuit agreed, in a

12  qualified immunity context, noting there is "no absolute Eighth Amendment right not to be put in

13  a cell without clothes or bedding."  *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (four days

14  in cell without clothes or bedding was not Eighth Amendment violation).  And the Ninth Circuit

15  has held that it is "constitutionally justifiable" to remove a bed or other items from a suicidal

16  inmate's cell in order to deprive the prisoner of means of harming himself.  *Anderson v. County of*

17  *Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (holding that the use of a padded "safety cell" without a

18  bed for the protection of suicidal inmates did not violate Eighth Amendment standards under

19  *Farmer*).

20       The question for the Court is whether the Eighth Amendment has been violated, or is being

21  violated, by the failure to provide suicide resistant beds for what the Program Guide contemplates

22  as short, at most ten-day stays in the MHCBs.  (Program Guide at 12-5-1, "MHCB has a length of

23  stay of up to ten days.".)  The Special Master's Report does not make reference to the Eighth

24  Amendment in recommending that the Court order suicide resistant beds.  Rather, it relies on a

25  suggestion from the Plaintiffs and the advice of the Special Master's experts that:  (1) "failure to

26  provide suicide-resistant beds, and the practice of requiring suicidal MHCB patients to sleep on

27  the floor, creates a needlessly harsh environment that does not serve the therapeutic purposes;"

28  (2) requiring patients to sleep on the floor "may even contribute to an inmate's decision not to

Defs.'  Obj. to Special Master's Recomm. Re: Suicide-Resistant Beds (2:90-cv-00520 LKK JFM P)

1    report thoughts of self-harm to staff;" and (3) "that the default practice in a MHCB unit should be

2    to provide a suicide-resistant bed unless clinically contraindicated."   (Docket No. 3918 at 33.)

3         The opinions of the experts relied on in the Special Master's report and by Plaintiffs, "may

4    be helpful and relevant with respect to some questions, but 'they simply do not establish the

5    constitutional minima; rather, they establish goals recommended by the organization in

6    question.'" *Rhodes v. Chapman*, 452 U.S. 337, 350 n.13 (1981) (quoting *Bell v. Wolfish*, 441

7    U.S. 520, 543 n. 27 (1979)).  Thus, they cannot be appropriately adopted as orders of this Court,

8    which is charged with enforcing minimum constitutional standards.  "In assessing claims that

9    conditions of confinement are cruel and unusual, courts must bear in mind that their inquiries

10   'spring from constitutional requirements and that judicial answers to them must reflect that fact

11   rather than a court's idea of how best to operate a detention facility.'" *Rhodes*, 452 U.S. at 351

12   (quoting *Bell*, 441 U.S. at 539).  Additionally, there is nothing in the Report to indicate that

13   inmate-patients have suffered actual harm or injury as a result of the practice of not using suicide-

14   resistant beds in all the MHCB units.

15        Therefore, the Court should decline to adopt the fourth recommendation from the Special

16   Master's Report—that CDCR furnish suicide-resistant beds—as an order of this Court.

17   **II.    MANDATING SUICIDE-RESISTANT BEDS IS NOT THE LEAST INTRUSIVE MEANS TO
           CORRECT ANY VIOLATION OF A FEDERAL RIGHT AND WOULD EFFECTIVELY
18         DECLARE PORTIONS OF TITLE 22 UNCONSTITUTIONAL.**

19        Defendants do not concede that there is a violation of a federal right requiring injunctive

20   relief regarding the beds in the MHCBs.  But the remedy proposed by the Special Master's Report

21   would not meet the PLRA's requirements, were the Court to find a violation of a federal right,

22   because it is not the least intrusive means of correcting the alleged violation.  *See* 18 U.S.C. §

23   3626(a)(1)(A) (prospective injunctive relief shall be the least intrusive means necessary to correct

24   violation of federal right).  And by ordering the implementation of suicide resistant beds in all

25   MHCBs, the Court would be effectively declaring portions of Title 22 unconstitutional.

26        Title 22 requires a bed.  *See* Cal. Code Reg. tit 22, § 79829(a) ("clean, comfortable bed with

27   a mattress, pillow, blankets, bed linen").  Title 22 does not require a suicide-resistant bed.  While

28   it may be correct that suicide-resistant beds serve a therapeutic purpose—which Defendants do

6

1    not concede—mandating suicide resistant beds is not necessary because the clinician is currently

2    managing the treatment of individual patients.  Thus, even assuming that the Court disagreed with

3    Defendants' position that the Constitution does not require suicide-resistant beds, by

4    recommending the implementation of suicide resistant beds in all MHCB units, the Special

5    Master's Report has gone further than necessary and is not using the least intrusive means

6    necessary under the PLRA.

7          Moreover, were the Court to adopt the recommendation of suicide-resistant beds as an order

8    of the Court, it would in effect be declaring that Title 22—specifically as it applies to correctional

9    treatment centers—violates the Constitution because it does not require suicide-resistant beds.

10                                                  **CONCLUSION**

11         Based on the foregoing objections, Defendants respectfully request that this Court decline

12   to adopt Recommendation 4 of the Special Master's Report as an order of the Court.

13   Dated:  November 4, 2010                              Respectfully submitted,

14                                                         EDMUND G. BROWN JR.
                                                           Attorney General of California
15
                                                           */s/ Debbie J. Vorous*
16
                                                           DEBBIE J. VOROUS
17                                                         Deputy Attorney General
                                                           *Attorneys for Defendants*
18   CF1997CS0003

19

20

21

22

23

24

25

26

27

28

Defs.' Obj. to Special Master's Recomm. Re: Suicide-Resistant Beds (2:90-cv-00520 LKK JFM P)