PRISON LAW OFFICE
DONALD SPECTER – 83925
STEVEN FAMA – 99641
1917 Fifth Street
Berkeley, California  94710-1916
Telephone:  (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 96891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
315 Montgomery Street, 10th Floor
San Francisco, California  94104-1823
Telephone:  (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER – 158255
180 Montgomery Street, Suite 600
San Francisco, California  94104-4244
Telephone:  (415) 864-8848

BINGHAM McCUTCHEN, LLP
WARREN E. GEORGE – 53588
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:  (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants.[1] | Case No. Civ S 90-0520 LKK-JFM<br><br>**[PROPOSED] ORDER REGARDING DEFENDANTS' PLAN TO ADDRESS INPATIENT PSYCHIATRIC HOSPITALIZATION WAITLISTS** |

---

[1] The names of Defendants currently serving and their official capacities have been substituted pursuant to Fed. R. Civ. P. 25.

[PROPOSED] ORDER REGARDING DEFENDANTS' PLAN TO ADDRESS INPATIENT PSYCHIATRIC HOSPITALIZATION WAITLISTS - CASE NO. CIV S 90-0520 LKK-JFM

[479656-2]

Having reviewed Defendants' Plan Re: Intermediate Care Facility and Acute Inpatient Waitlists, Dkt. No. 3962, and the parties' briefs on Plaintiffs' objections to that plan, the Court finds the plan to be insufficient to remedy the constitutional violations causing harm to *Coleman* class members referred for inpatient care and placed on the inpatient waitlists. The constitutional violations suffered by mentally ill CDCR prisoners have persisted for several years, despite numerous orders by this Court and multiple opportunities for Defendants to submit and implement measures to effectively address the inpatient waitlists.

Defendants' plan fails to timely reduce the still massive waitlists for inpatient treatment. Under Defendants' current plan, those waitlists are anticipated to continue to exist until at least March 2014. Defendants' plan also fails to provide a sufficient or tangible commitment to reduce the harm inflicted on mentally ill prisoners who face denials and delays of inpatient care based on Defendants' improper, artificial barriers and exclusionary criteria. The ongoing denial of timely access to critically needed mental health care causes grave harms to mentally ill prisoners, and endangers the safety of prisoners, prison staff, and the public. Prospective relief that is narrowly drawn, that is necessary to correct the ongoing constitutional violations, and that constitutes the least intrusive means to correct such violations, is therefore warranted.

The Court hereby issues the following order:

1.   The Court approves those aspects of Defendants' plan contained in the subsections on the Utilization Management Plan (Section II.B) and the activation of the SharePoint system to facilitate electronic sharing of patient information between CDCR and DMH (Section II.D).

2.   In light of Defendants' continued inability to conduct an adequate review of exclusionary criteria for admission into lower-custody inpatient facilities, a comprehensive, objective review of the exclusionary criteria for DMH admission into lower-custody inpatient facilities shall be completed by an independent expert appointed by the Special Master.

3.   Defendants shall create and submit a plan for DMH facilities providing ICF care to implement necessary security measures – including staffing, resources, and physical plant modifications – to house and treat *Coleman* class members referred for inpatient care.

1

[PROPOSED] ORDER REGARDING DEFENDANTS' PLAN TO ADDRESS INPATIENT PSYCHIATRIC HOSPITALIZATION WAITLISTS - CASE NO. CIV S 90-0520 LKK-JFM

[479656-2]

4. Defendants shall, within 60 days of this order, achieve at least 90% bed utilization of all inpatient facilities – including CMF APP units, CMF ICF units, the 256-bed ICF unit at Atascadero State Hospital, and the 50-bed ICF unit at Coalinga State Hospital – and shall maintain that minimum bed utilization rate at all inpatient facilities until the inpatient waitlists reach zero.

5. Defendants shall not exclude from any DMH ICF facility those *Coleman* class members who have been referred for ICF level of care and have a scheduled parole date within one year.

6. Defendants shall, within 30 days of this order, submit a plan to accelerate construction of pending ICF bed projects.

7. Upon activation of the 64-bed ICF project at California Medical Facility (CMF), Defendants shall accelerate patient admissions into that 64-bed ICF unit to admit 12 patients per week until all beds are filled.

8. Defendants shall, within 60 days of this order, begin implementation of the Extended Enhanced Outpatient Program Care Plan (EECP), including hiring and training of all staff necessary to provide the enhanced services described in Defendants' EECP description. Defendants shall report to the Special Master as to progress of EECP implementation.

9. Defendants shall, within 30 days of this order, submit a plan to provide system-wide enhanced interim services to class members who have been referred for inpatient level of care and are on an inpatient waitlist. The plan shall provide the specific additional staff and services to be provided to class members on an inpatient waitlist, and shall include an implementation date of no later than 60 days from this order.

10. Defendants shall ensure that staff and resources designated to provide ICF level of care to *Coleman* class members at Coalinga State Hospital, are used to provide services to *Coleman* class members referred for inpatient care, whether delivered at Coalinga State Hospital or at the CDCR facilities housing mentally ill prisoners on the inpatient list. Defendants shall report to the Special Master as to implementation of this requirement.

Based on the relevant facts and controlling constitutional law, the Court finds that the

2

[PROPOSED] ORDER REGARDING DEFENDANTS' PLAN TO ADDRESS INPATIENT PSYCHIATRIC HOSPITALIZATION WAITLISTS - CASE NO. CIV S 90-0520 LKK-JFM

[479656-2]

prospective relief provided herein is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a).

Dated:  February 25, 2011

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By:  */s/ Ernest Galvan*
     Ernest Galvan
     Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: _____, 2011

LAWRENCE K. KARLTON
Senior United States District Judge

3

[PROPOSED] ORDER REGARDING DEFENDANTS' PLAN TO ADDRESS INPATIENT PSYCHIATRIC HOSPITALIZATION WAITLISTS - CASE NO. CIV S 90-0520 LKK-JFM

[479656-2]