**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH COLEMAN; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> EDMUND G. BROWN, Governor of California; et al.,[*] <br><br> Defendants - Appellants. | No. 10-17546 <br><br> D.C. No. 2:90-cv-00520-LKK-JFM <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

California government officials challenge two post-judgment district court

orders requiring an increase in the rate of admission from five to ten inmate-

---

[*]     Edmund G. Brown, Jr. is substituted for his predecessor, Arnold Schwarzenegger, as Governor of the State of California. Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

patients per week in two intermediate mental health care facilities at the Salinas Valley State Prison Psychiatric Program. The two October 2010 orders at issue required that inmates be admitted until the two 58-bed facilities reached full capacity.

Plaintiffs move to dismiss as moot because the facilities became fully occupied as of February 2011 and defendants have thereby complied with the orders they appeal. We deny plaintiffs' motion because the challenged action is capable of repetition, yet evading review. *See Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1159-60 (9th Cir. 2011). That the plaintiff class in this longstanding and ongoing litigation has requested an order to accelerate admissions at a similar rate in another mental health facility supports a "reasonable expectation that the same complaining party would be subjected to the same action again," *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam), and that such a controversy would be "in the ordinary course of affairs . . . very likely to escape review." *Joyner v. Mofford*, 706 F.2d 1523, 1527 (9th Cir. 1983). Plaintiffs' motion to dismiss as moot is therefore denied.

Defendants contend that the orders violate the Prison Litigation Reform Act ("the Act"), 18 U.S.C. § 3626, by imposing prospective relief beyond what is

necessary to vindicate plaintiffs' federal rights.[1]  We decline to decide whether the Act applies to the two orders at issue because its requirements are satisfied in any event.  The district court expressly relied in its orders on the expansive record in this case, spanning over two decades and thousands of entries.  This record contains ample evidence of the unconstitutional conditions under which the over 400 seriously mentally ill inmates in the plaintiff class languished, as defendants repeatedly failed to comply with the district court's previous orders to provide them with the necessary inpatient hospital care.  That two inmate-patients committed suicide while awaiting transfer to the mental health facilities is among the many facts that collectively are more than sufficient to demonstrate that plaintiffs "have suffered, or will imminently suffer, actual harm."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

By ordering accelerated admissions to the mental health facilities, the district court has not "enmeshed [itself] in the minutiae of prison operations" beyond what is necessary to vindicate plaintiffs' federal rights.  *Id*. at 362 (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)).  Nor, in view of the lengthy and detailed

---

[1] Plaintiffs contend that defendants failed to preserve their challenge under the Act by neglecting to raise such an argument below.  We reject plaintiffs' waiver contention because the instant appeal constitutes defendants' first opportunity to challenge both district court orders on the merits.

record in this case, could "the same vindication of federal rights . . . have been achieved with less involvement by the court in directing the details of defendants' operations." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1071 (9th Cir. 2010). In sum, we conclude that in imposing the accelerated admissions rate, the district court complied fully with the Act's requirements that prospective relief be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right," and be accomplished by "the least intrusive means necessary to correct the violation of the Federal right." § 3626(a)(1).

   Accordingly, the two orders below are **AFFIRMED**.