KAMALA D. HARRIS
Attorney General of the State of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE VOROUS - State Bar No. 166884
WILLIAM KWONG - State Bar No. 168010
DANIELLE F. O'BANNON - State Bar No. 207096
KYLE A. LEWIS - State Bar No. 201041
DAVID BRICE - State Bar No. 269443
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5500
Facsimile: (415) 703-5843
debbie.vorous@doj.ca.gov
kyle.lewis@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER - 39374
PAUL B. MELLO - 179755
WALTER R. SCHNEIDER - 173113
MEGAN OLIVER THOMPSON - 256654
SAMANTHA D. WOLFF - 240280
RENJU P. JACOB - 242388
PAUL B. GRUWELL - 252474
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
pmello@hansonbridgett.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**AND THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES**

**PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE**

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | No. 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, JR. et al.,<br><br>    Defendants. | No. C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' REPORT RESPONDING TO PARAGRAPH 5 OF JANUARY 12, 2010 ORDER** |

- 1 -

This report is filed in response to paragraph 5, of the Court's January 12, 2010 order, which directed Defendants to provide information on the funding status of any plans to realign responsibilities from the State to counties as part of the State's plan to reduce prison crowding. Specifically, the Court directed Defendants to file a report "[t]o the extent that population reduction measures implemented by the State" have required the counties to undertake additional responsibilities. (Order to Reduce Prison Population, filed Jan. 12, 2010, at 4, 6.) The Court focused its inquiry on the level of funding the counties would need "to maintain the level of public safety at or about the existing level." (*Id.* at 6.)

In their report filed on June 7, 2011, Defendants discussed the historic realignment contained in Assembly Bill 109 that the Legislature passed and the Governor signed into law this spring. This legislation is part of the "significant progress" Defendants have made towards reaching the goals set by the Supreme Court for reducing the overcrowding in California's prisons. *Brown v. Plata*, No. 09-1233, 2011 U.S. LEXIS 4012, at *89 (U.S. May 23, 2011). Once funded and implemented, AB 109 will dramatically reduce prison crowding by directing tens of thousands of adult felons to serve their sentences under local authority. Under the law, counties will incarcerate, provide community supervision, and rehabilitate lower-level adult offenders, including non-serious, non-violent offenders who have not been convicted of a registerable sex crime.

Counties are fiscally protected because AB 109 does not go into effect until it is funded and the counties receive funds to undertake their new responsibilities.[1] As of the date of this report, however, AB 109's funding and implementation remain pending because they depend upon passage of a complete state budget package for fiscal year 2011-12, which will begin on July 1, 2011. Nonetheless, Defendants have moved aggressively to secure funding for AB 109. The Governor proposed funding to

---

[1] Act of Apr. 4, 2011, Cal. Stats. 2011, ch. 15 at § 636; Governor's Signing Message, http://gov.ca.gov/docs/AB_109_Signing_Message.pdf.

- 2 -

DEFS.' RESPONSE TO ¶ 5 OF COURT'S JAN. 12, 2010 ORDER
CASE NOS. 2:90-CV-00520 LKK JFM; C01-1351 TEH

3073083.1

implement AB 109 in his May Revision of the budget.[2] But the budget bills that the Legislature sent to him on June 15, 2011, excluded explicit appropriations for AB 109.[3] The next day, the Governor vetoed the Legislature's budget bills. In his veto message, he explained that "[i]n January, I presented a balanced budget solution with a mix of deep spending cuts and temporary tax extensions subject to voter approval. My plan would put these extended revenues in a lockbox, ensuring that they are only used to protect education and public safety."[4] Defendants expect the Legislature to develop an alternative budget and vote on it in the near future.[5]

The Governor and his Administration remain committed to funding and implementing AB 109 as soon as reasonably possible.

DATED: June 23, 2011                HANSON BRIDGETT LLP


By: /s/ Paul B. Mello
    PAUL B. MELLO
    Attorneys for Defendants
    Edmund G. Brown Jr., et al.

DATED:  June 23, 2011               KAMALA D. HARRIS
                                    Attorney General of the State of California


By: /s/ Debbie Vorous
    DEBBIE VOROUS
    Deputy Attorney General
    Attorneys for Defendants
    Edmund G. Brown Jr., et al.

---

[2] May Revision of the Governor's Budget, http://www.ebudget.ca.gov/pdf/Revised/BudgetSummary/Realignment.pdf.

[3] Senate Bill 69, www.leginfo.ca.gov/pub/11-12/bill/sen/sb_0051-0100/sb_69_bill_20110318_enrolled.pdf; Assembly Bill 98, http://www.leginfo.ca.gov/pub/11-12/bill/asm/ab_0051-0100/ab_98_bill_20110614_amended_sen_v96.pdf.

[4] Governor's Veto Message, http://gov.ca.gov/docs/SB_69_and_AB_98_Veto_Message_6-16-11.pdf.

[5] *See* Cal. Const. art. IV, sec. 12; *see, e.g.*, http://www.asmdc.org/speaker/news-room/press-releases/item/2620-statement-from-speaker-john-a-perez-regarding-the-controllers-decision-on-legislative-paychecks.

- 3 -

DEFS.' RESPONSE TO ¶ 5 OF COURT'S JAN. 12, 2010 ORDER
CASE NOS. 2:90-CV-00520 LKK JFM; C01-1351 TEH

3073083.1