KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
DAVID E. BRICE, State Bar No. 269443
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-8010
  Fax: (916) 324-5205
  E-mail: David.Brice@doj.ca.gov
*Attorneys for Defendants*
*Brown, Cate, Matosantos, and Allenby*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST, SECOND, AND THIRD REQUESTS FOR INSPECTION** |

**PROPOUNDING PARTIES:**　　PLAINTIFFS RALPH COLEMAN, ET AL.

**RESPONDING PARTIES:**　　DEFENDANTS BROWN, ET AL.

**REQUEST NUMBERS:**　　ONE, TWO, THREE

**FIRST REQUEST FOR INSPECTION**

　　1.　　On July 14, 2011 from 9:00 a.m. to approximately 5:00 p.m., Plaintiffs' counsel and Plaintiffs' experts request to INSPECT Atascadero State Hospital.

1

**SECOND REQUEST FOR INSPECTION**

1. On July 13, 2011 from 9:00 a.m. to approximately 5:00 p.m., Plaintiffs' counsel and Plaintiffs' experts request to INSPECT Coalinga State Hospital.

**THIRD REQUEST FOR INSPECTION**

1. On July 15, 2011 from 9:00 a.m. to approximately 5:00 p.m., Plaintiffs' counsel and Plaintiffs' experts request to INSPECT Patton State Hospital.

**RESPONSES AND OBJECTIONS TO FIRST, SECOND, AND THIRD REQUESTS FOR INSPECTION**

Defendants inform Plaintiffs that these inspections will not be permitted to go forward. Furthermore, Defendants object to each and every request for inspection in its entirety because this case is in the post-judgment, remedial phase and discovery is closed. (See Docket No. 1988.) Under the Federal Rules of Civil Procedure, there is no mechanism to seek discovery in the post-judgment, remedial phase of a case.

Subject to and without waiving the foregoing objection, Defendants object to each and every request for inspection on each and every one of the following grounds:

1. These requests violate the Order of Reference in this case (Dkt. No. 640) and invade the areas of authority of the Special Master. These requests contemplate inspections at Department of Mental Health (DMH) facilities, meetings with DMH and California Department of Corrections and Rehabilitation (CDCR) staff, and review of medical records, mental health records, central files, and any other records. In this case, this type of inspection is exclusively under the authority of the Special Master.

2. Under Rule 34, these requests for inspection are untimely. Rule 34(b)(2)(A) allows Defendants 30 days after service of a request for inspection to respond in writing. These requests were served on July 1, 2011, with inspections scheduled for July 13, 14, and 15, which is less than 30 days. Thus, assuming arguendo that discovery is permitted, the requests are untimely.

2

Defs.' Resps. and Objs. to Pls.' First, Second, and Third Reqs. for Inspection  (2:90-cv-00520 LKK JFM P)

3. Plaintiffs' experts have not been disclosed. Under Rule 26(a)(2), Plaintiffs must disclose the identities of their experts and provide written reports. Defendants object to the attendance of any undisclosed experts at any inspections, assuming arguendo that discovery is even permitted.

4. These requests are overbroad. These requests seek to inspect and walk through each entire facility, not just areas that may house *Coleman* class members. Such requests implicate the privacy rights of hospital patients who are not CDCR inmates or *Coleman* class members. The requests also seek to review operational and security documents, without limitation, including post orders, program schedules, operating procedures, program guides, security procedures, perimeter security procedures, safety procedures, and/or violence or critical incident procedures and policies. As such, these requests amount to an impermissible fishing expedition, impermissibly intrude upon safety and security concerns, and violate the official-information privilege.

5. These requests are not relevant, nor are they reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have not shown how any of the following items are relevant to the issues raised by the Special Master in his recommendation: operational and security documents, including post orders, program schedules, operating procedures, program guides, security procedures, perimeter security procedures, safety procedures, and/or violence or critical incident procedures and policies. Nor have Plaintiffs shown the relevance of inspecting portions of these state hospitals that do not house *Coleman* class members, including the exterior and outside perimeter of the facilities, areas in which non-CDCR patients sleep, eat, bathe, exercise, program and/or receive mental health treatment or programming, or areas in which non-CDCR patients are received at the hospital or processed for release from the hospital.

6. These requests violate the attorney-client and attorney work-product privileges because they contemplate that Plaintiffs' counsel and Plaintiffs' experts will confer

3

Defs.' Resps. and Objs. to Pls.' First, Second, and Third Reqs. for Inspection (2:90-cv-00520 LKK JFM P)

with DMH and CDCR staff at the hospital without Defendants' counsel present and without prior notice to the staff members or to counsel. Further, the requests contemplate interviews with members of the hospital administration without Defendants' counsel present.

7. Assuming arguendo that discovery is permitted, these requests violate Rule 30 of the Federal Rules of Civil Procedure by seeking to take improperly noticed oral depositions. The requests do not state with particularity which DMH and CDCR staff are to be interviewed, nor is any method of recording stated. Furthermore, the requests amount to requests for roving, unannounced depositions, which are improper.

8. These requests are unduly burdensome. If Plaintiffs seek documents related to the physical plant capabilities of these hospitals, or policies and procedures, or specific class members' records, requests for production of documents under Rule 34 would provide the same information with less disruption to the daily operations of Defendants than an all-day inspection. For the reasons discussed above, these requests are improper. Assuming arguendo that discovery is permitted, the requests seek information that should be sought through more narrowly targeted discovery methods, which would be less oppressive and burdensome to Defendants.

9. These requests are vague. The requests do not state with reasonable particularity which areas, persons, or files are to be inspected, for instance, "any records relating to Coleman class members' custody classifications or restrictions, mental health treatment, or programming." Also, these requests are not limited in time or subject matter. *See* Fed. R. Civ. P. 34(b)(1)(A).

4

Defs.' Resps. and Objs. to Pls.' First, Second, and Third Reqs. for Inspection (2:90-cv-00520 LKK JFM P)

| | |
|---|---|
| Dated: July 12, 2011 | Respectfully submitted,<br><br>KAMALA D. HARRIS<br>Attorney General of California<br>DEBBIE J. VOROUS<br>Deputy Attorney General<br><br>*/s/ David E. Brice*<br><br>DAVID E. BRICE<br>Deputy Attorney General<br>*Attorneys for Defendants*<br>*Brown, Cate, Matosantos, and Allenby* |

CF1997CS0003
31297846.doc

5

Defs.' Resps. and Objs. to Pls.' First, Second, and Third Reqs. for Inspection  (2:90-cv-00520 LKK JFM P)