SANFORD JAY ROSEN[1]
MICHAEL W. BIEN
ERNEST GALVAN
GAY C. GRUNFELD

JANE KAHN[2]

# ROSEN, BIEN & GALVAN, LLP

ATTORNEYS AT LAW
315 MONTGOMERY STREET, TENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94104-1823
TELEPHONE (415) 433-6830
FAX: (415) 433-7104
EMAIL: rbg@rbg-law.com
www.rbg-law.com

LAURA BOYSEN-ARAGON
SUMANA COOPPAN
LISA ELLS
AARON J. FISCHER[3]
MICHAEL FREEDMAN
SHIRLEY HUEY[4]
LESLIE C. MEHTA[5]
BAHAREH MOSTAJELEAN[4]
THOMAS NOLAN
BLAKE THOMPSON
KENNETH WALCZAK[6]
SARAH O. ZIMMERMAN[6]

July 15, 2011

VIA EMAIL
David Brice
Deputy Attorney General
Email: David.Brice@doj.ca.gov

Re:   *Coleman v. Brown,* No. 90-CV-00520 LKK JFM
      Our File No. 0489-3

Dear Mr. Brice:

This is to memorialize the conclusion of our meet and confer today regarding Plaintiffs Requests for Inspection served on July 1, 2011.

We discussed the objections that you served on Plaintiffs on July 12, 2011. The results of our meet and confer are set forth below for each of Defendants' objections.

## DEFENDANTS' GENERAL OBJECTION

. . . Defendants object to each and every request for inspection in its entirety because this case is in the post-judgment, remedial phase and discovery is closed. (See Docket No. 1988.) Under the Federal Rules of Civil Procedure, there is no mechanism to seek discovery in the postjudgment, remedial phase of a case.

Remains in dispute. You confirmed that Defendants will maintain this general objection even if and after the Court has set the evidentiary hearing requested by the Special Master and the Plaintiff. I informed you that Docket No. 1988, a September 28, 2006 Order, did not rule that discovery was unavailable. To the contrary, the September 28, 2006 Order was issued pursuant to an earlier, May 25, 2006 Order setting up a procedure for discovery on disputed issues. (Docket No. 1822.) Moreover, the Court

[1]MEMBER OF THE CONNECTICUT AND THE CALIFORNIA BAR
[2]OF COUNSEL
[3]MEMBER OF THE NEW YORK, WASHINGTON, D.C. AND THE CALIFORNIA BAR
[4]MEMBER OF THE WASHINGTON, D.C. AND THE CALIFORNIA BAR
[5]MEMBER OF THE MARYLAND, MISSOURI, KANSAS AND THE CALIFORNIA BAR
[6]MEMBER OF THE ILLINOIS AND THE CALIFORNIA BAR

[530134-1]

July 15, 2011
Page 2

ruled in the September 28, 2006 Order that discovery would be available "in a specific legal and factual context," and therefore denied the instant motion "without prejudice." Plaintiffs' position is that even if no evidentiary hearing is ordered, expert inspections are necessary to assist the Court in resolving the specific factual questions raised by the Special Master's recommendations regarding high-custody patient access to Coalinga State Hospital (and by necessary implication, Atascadero and Patton as well).

## DEFENDANTS' OBJECTION NO. 1

> These requests violate the Order of Reference in this case (Dkt. No. 640) and invade the areas of authority of the Special Master. These requests contemplate inspections at Department of Mental Health (DMH) facilities, meetings with DMH and California Department of Corrections and Rehabilitation (CDCR) staff, and review of medical records, mental health records, central files, and any other records. In this case, this type of inspection is exclusively under the authority of the Special Master.

Remains in dispute.  You agreed that there is no specific language in the Order of Reference prohibiting inspections by Plaintiffs' counsel and/or their experts.  Your contention is that because these inspections as noticed appear similar in nature to the Special Master's institutions tours, they are the Special Master's exclusive province. Please note, however, that the Order of Reference expressly recognizes that "this remains an adversarial proceeding where both sides of the litigation are represented by counsel." Docket No. 640 at 2.  The Order of Reference thus recognizes that the parties are entitled to due process.  Where factual issues are joined, as they are here, and where one side has unique access to the facilities, staff and documents, due process requires that the other side have access to information needed to present its side of the facts.

## DEFENDANTS' OBJECTION NO. 2

> Under Rule 34, these requests for inspection are untimely. Rule 34(b)(2)(A) allows Defendants 30 days after service of a request for inspection to respond in writing.  These requests were served on July 1,2011, with inspections scheduled for July 13, 14, and 15, which is less than 30 days. Thus, assuming arguendo that discovery is permitted, the requests are untimely.

[530134-1]

July 15, 2011
Page 3

     Resolved.  We agreed that our rescheduling of the tours, and your provision of these objections within the 30-day period has resolved the timeliness issue, and that this objection therefore need not be presented to the Court for decision.

## DEFENDANTS' OBJECTION NO. 3

     Plaintiffs' experts have not been disclosed. Under Rule 26(a)(2), Plaintiffs must disclose the identities of their experts and provide written reports. Defendants object to the attendance of any undisclosed experts at any inspections, assuming arguendo that discovery is even permitted.

     Resolved as the amount of notice required before an inspection. We agreed that disclosure of the expert(s) name(s) no later than 7 days before the inspection.  Remains in dispute as to pre-hearing depositions.  You asked today whether Plaintiffs would agree to a deposition of the expert(s) before an evidentiary hearing.  Yes, we would so agree, provided that Defendants' witnesses and/or declarants are also made available for deposition.  You informed me today that Defendants will not voluntarily make any percipient or non-retained expert witnesses available for pre-evidentiary hearing depositions, but would make any retained experts available for pre-evidentiary hearing depositions.  Because Defendants' are likely ask the Court to accept the opinions of CDCR and DMH staff as non-retained experts, we cannot agree to such an uneven playing field regarding pre-hearing depositions.  Either none are necessary, or they should be available equally to both parties.

## DEFENDANTS' OBJECTION NO. 4

     These requests are overbroad. These requests seek to inspect and walk through each entire facility, not just areas that may house Coleman class members. Such requests implicate the privacy rights of hospital patients who are not CDCR inmates or Coleman class members. The requests also seek to review operational and security documents, without limitation, including post orders, program schedules, operating procedures, program guides, security procedures, perimeter security procedures, safety procedures, and/or violence or critical incident procedures and policies. As such, these requests amount to an impermissible fishing expedition, impermissibly intrude upon safety and security concerns, and violate the official-information privilege.

July 15, 2011
Page 4

This Objection has two parts.  (a) Inspection of the entire facility.  (b) List of document types to be reviewed.

(a) Inspection of the entire facility.  Remains in dispute.  Plaintiffs' position is that inspection of the entire facility is necessary on the face of the CSH Special Master recommendation, which refers to both "the 50 beds at Coalinga State Hospital designated for *Coleman* class members" and "any other vacant beds at the facility."  (Docket No. 4020 at 54.)  If the expert were restricted to just the area designated for *Coleman* class members, the Court would be deprived of assistance regarding the second part of the recommendation.

In addition, as to Coalinga, Atascadero and Patton, the expert's evaluation reasonably includes the security measures available throughout the facility to handle so-called "high custody" patients.

(b)  List of document types to be reviewed.  Remains in dispute.  We agreed that the expert need not review every document at the facility, but rather those documents that directly address security and custody issues, as well as those operational and programmatic documents that touch on security issues.  For example, operational documents regarding the hours of activity, and patient access to the treatment mall have obvious connections to security issues.  We agreed that this represents a limiting principle that avoids any implication that the expert will be reviewing every piece of paper at the facility.  Examples of documents that would not need to be reviewed include employee personnel files, vendor records, and books of accounts.  On July 14, you raised the issue of safety and security information and protecting its confidentiality.  We discussed entering a protective order to maintain the confidentiality of such information (like the protective order already entered in *Armstrong*), which would prohibit any disclosure beyond counsel and counsel's staff, the court and its staff, and expert witnesses.  Disclosure to inmate-patients would also be prohibited.  Today you informed me that even with a protective order, DMH will refuse to allow the expert access to any documents that pertain to security of the facility.  You did not identify any privilege that applied, but intend to do so in your part of the Joint Statement.

## <u>DEFENDANTS' OBJECTION NO. 5</u>

These requests are not relevant, nor are they reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have not shown how any of the following items are relevant to the issues raised by the Special Master in his recommendation: operational and security documents, including post orders, program schedules, operating

July 15, 2011
Page 5

       procedures, program guides, security procedures, perimeter
security procedures, safety procedures, and/or violence or
critical incident procedures and policies. Nor have Plaintiffs
shown the relevance of inspecting portions of these state
hospitals that do not house Coleman class members, including
the exterior and outside perimeter of the facilities, areas in
which non-CDCR patients sleep, eat, bathe, exercise, program
and/or receive mental health treatment or programming, or
areas in which non-CDCR patients are received at the hospital
or processed for release from the hospital.

      *See* above, Objection No. 4, subpart (b), regarding the list of documents. *See*
Objection No. 4, subpart (a), regarding the inspection of parts of the facility where non-
CDCR patients are housed and program.

## DEFENDANTS' OBJECTION NO. 6

       These requests violate the attorney-client and attorney work-
product privileges because they contemplate that Plaintiffs'
counsel and Plaintiffs' experts will confer with DMH and
CDCR staff at the hospital without Defendants' counsel
present and without prior notice to the staff members or to
counsel. Further, the requests contemplate interviews with
members of the hospital administration without Defendants'
counsel present.

      Resolved.  This Objection is resolved by the parties' agreement that defense
counsel are to be present at staff interviews, but not at interviews of *Coleman* class
member patients.

## DEFENDANTS' OBJECTION NO. 7

       Assuming arguendo that discovery is permitted, these
requests violate Rule 30 of the Federal Rules of Civil
Procedure by seeking to take improperly noticed oral
depositions. The requests do not state with particularity which
DMH and CDCR staff are to be interviewed, nor is any
method of recording stated. Furthermore, the requests amount
to requests for roving, unannounced depositions, which are
Improper.

July 15, 2011
Page 6

Remains in dispute.  We agreed that the interviews conducted by Defendants on these tours are not depositions, but rather are the types of informal discussions on which expert witnesses regularly rely in forming their opinions.  We discussed that in the ordinary course of an expert tour, these discussions are brief and undertaken with minimal interruption of normal operations.  In large measure, these discussions are guided by the initial meeting with the institution head and key staff, who assist the expert in identifying the areas to be visited and personnel to be interviewed, and who facilitate these discussions in a way that minimizes interruption of ordinary business.  I informed you that the issue of interviewing staff during inspections has already been resolved in Plaintiffs' favor in the three-judge court proceedings.  (Plata Docket No. 906/Coleman Docket No. 2495.)  You agreed to review this ruling and reconsider this position.  Today you informed me that you reviewed the order, find it distinguishable, and intend to litigate the issue anew.

## DEFENDANTS' OBJECTION NO. 8

These requests are unduly burdensome. If Plaintiffs seek documents related to the physical plant capabilities of these hospitals, or policies and procedures, or specific class members' records, requests for production of documents under Rule 34 would provide the same information with less disruption to the daily operations of Defendants than an all-day inspection. For the reasons discussed above, these requests are improper. Assuming arguendo that discovery is permitted, the requests seek information that should be sought through more narrowly targeted discovery methods, which would be less oppressive and burdensome to Defendants.

Remains in dispute.  You clarified that you intended this Objection to mean that document production be *in lieu* of inspections.  Plaintiffs cannot agree to replace inspections with document production.  Document production should be part of the inspections, but cannot replace the assistance that the Court would receive by an expert's onsite observations and discussions.

## DEFENDANTS' OBJECTION NO. 9

These requests are vague. The requests do not state with reasonable particularity which areas, persons, or files are to be inspected, for instance, "any records relating to Coleman class members' custody classifications or restrictions, mental health treatment, or programming." Also, these requests are

[530134-1]

July 15, 2011
Page 7

> not limited in time or subject matter. See Fed. R. Civ. P.
> 34(b)(I)(A).

Remains in dispute.  I clarified that documents to be inspected are the records pertaining to *Coleman* class members, including whatever the equivalent is of the CDCR central file and unit health record, as well as documents that state custody, security or classification restrictions on *Coleman* class members without referring to a specific patient.  The subject matter is apparent from context.  Today you informed me that DMH's position is that if the expert is there to review security, he should  not access to patient files, but rather that these files should be sought through the normal *Coleman* file request process.

I will provide you with Plaintiffs' section of the Joint Statement as soon as possible.

Sincerely,

ROSEN, BIEN & GALVAN, LLP

*/s/*
By:   Ernest Galvan

EG:eg

[530134-1]