

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 324-8010
Facsimile: (916) 324-5205
E-Mail: David.Brice@doj.ca.gov

July 19, 2011

*Via e-mail*
Ernest Galvan
Rosen Bien & Galvan, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104

RE:   Coleman, et al. v. Brown, et al.
      U.S. District Court, Eastern District of California, Case No. 2:90-cv-00520 LKK JFM P

Dear Mr. Galvan:

This letter is in response to your letter of Friday afternoon outlining the conclusion of our meet-and-confer sessions on Plaintiffs' Requests for Inspection of Coalinga, Atascadero, and Patton State Hospitals. I would like to clarify Defendants' positions and confirm which issues we have agreed to and which issues the Court still needs to resolve.

The following list refers to the objections in Defendants' Responses and Objections to Plaintiffs' First, Second, and Third Requests for Inspection, which we served on you on July 12, 2011.

Overall objection to the requests for inspection because discovery is closed: No agreement. Defendants' position is that this case is in the post-judgment, remedial phase and, thus, discovery is closed.

Assuming *arguendo* that discovery is appropriate, the following additional objections apply.

First objection: Special master's involvement. No agreement. Defendants' position is that these inspections should be undertaken, if at all, by the *Coleman* Special Master under the Order of Reference. (Docket No. 640.)

Second objection: Timeliness. We agreed this is no longer at issue because Defendants provided objections and Plaintiffs agreed to cancel scheduled inspections.

Third objection: Experts. We agreed that Plaintiffs would disclose their experts under Rule 26 at least seven days before any court-ordered inspection. There was no agreement on depositions of experts before an evidentiary hearing, assuming that the Court orders

Ernest Galvan
July 19, 2011
Page 2

such a hearing to occur. Your position was that Plaintiffs would agree to make their expert available for deposition if Plaintiffs could depose all of the witnesses that Defendants intended to call at the evidentiary hearing. I stated that Defendants could not agree to this stipulation, but that if Defendants were to retain an outside expert to testify at the evidentiary hearing, then it might be possible to make that expert available for deposition.

Fourth objection: Overbroad. No agreement. You stated that Plaintiffs will not agree to limit the scope of the proposed inspections at all. Also, there is no agreement on documents, and the Department of Mental Health cannot agree to produce confidential security documents, even under a protective order.

Fifth objection: Relevance. No agreement, as in fourth objection above.

Sixth objection: Attorney-client privilege. We agreed that defense counsel will be present for any interviews with staff members, assuming a court-ordered inspection, but not for interviews with *Coleman* class members.

Seventh objection: Improperly noticed depositions. No agreement. Defendants' position is that this proceeding is different than the Three-Judge Court proceeding, and there has been no agreement between the parties that discovery should take place at all.

Eighth objection: Unduly burdensome. No agreement. Plaintiffs' position is that, in the event discovery is reopened by the Court, Plaintiffs will not agree to more narrowly targeted discovery instead of invasive, all-day inspections.

Ninth objection: Vague. No agreement. There are no *Coleman* class members at Coalinga State Hospital and it is not clear why Plaintiffs' expert would need to see documents relating to *Coleman* class members when he or she is there to inspect the security capabilities of the hospital.

And, although you proposed dates to reschedule the inspections, Defendants cannot agree to any proposed dates for inspections at this time.

I look forward to working with you on the joint statement of discovery disagreement to present to the Court for resolution.

Sincerely,

DAVID E. BRICE
Deputy Attorney General

For    KAMALA D. HARRIS
Attorney General