IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

Plaintiffs, No. CIV S-90-0520 LKK JFM P

vs.

EDMUND G. BROWN, JR., et al.,

Defendants. ORDER

_______________________________/

Pursuant to court order, this matter came on for hearing on August 1, 2011 on a discovery dispute between the parties. Ernest Galvan, Esq. appeared as counsel for plaintiffs. David E. Brice and Debbie J. Vorous, Deputy Attorneys General, appeared as counsel for defendants.

The matter at bar concerns plaintiffs' request for inspection by plaintiffs' counsel and plaintiffs' experts of Coalinga State Hospital (Coalinga), which is made in connection with an evidentiary hearing set before the district court on August 17, 2011, at which defendants are to "show cause why the 50 beds at Coalinga State Hospital designated for *Coleman* class members, as well any other vacant beds at the facility, cannot be filled with high-custody CDCR inmates." Order filed July 22, 2011, at 10. As defined in the request, inspection includes review of records

/////

> including, but not limited to, those relating to the following:
> CLASS MEMBERS' custody classifications and/or restrictions,
> CLASS MEMBERS' mental health treatment, and/or CLASS
> MEMBERS' programming. The terms also mean to review any
> operational and security documents, including, but not limited to,
> the following or their equivalents: post orders, program schedules,
> operating procedures, program guides, security procedures,
> perimeter security procedures, safety procedures, and/or violence
> or critical incident procedures and policies.

Ex. B to Declaration of Ernest Galvan in Support of Joint Statement Re Discovery Disagreement, filed July 28, 2011 (Galvan Declaration), Plaintiff's Second Request for Inspection, at 3. The request also includes a request for plaintiffs' experts to interview certain officials at Coalinga during the inspection and statements that plaintiffs' counsel and plaintiffs' experts will confer with Department of Mental Health (DMH) staff and *Coleman* class members while at the hospital.

Defendants interposed one general objection and nine specific objections to the request for inspection and its provisions. The parties resolved two of the specific objections during their meet and confer process. The remaining disputes have been briefed in the Joint Statement Re Discovery Disagreement filed on July 28, 2011 (Joint Statement).

Defendants general objection is that "this case is in the post-judgment, remedial phase and discovery is closed." Ex. D to Galvan Declaration, Defendants' Responses and Objections to Plaintiffs' First, Second, and Third Requests for Inspection, at 2. Defendants support this objection by citing to Moore's Federal Practice for the proposition that "[a]fter a litigation has concluded, discovery under Rule 34 is not permitted." Joint Statement at 11 (quoting 7-34 Moore's Federal Practice – Civil § 34.03(d)). Simply put, this litigation has not concluded. While pretrial discovery closed many years ago, discovery has not been foreclosed during the remedial phase of this litigation. See, e.g., Order filed May 25, 2006; see also Order filed September 28, 2006. This matter has been set for a hearing at which the district court intends to take evidence. Discovery of information relevant to the issues before the district court may, therefore, be appropriate.

Defendants also argue that cases cited by plaintiffs are inapposite because requests to reopen discovery in those cases all related to original facilities in the underlying lawsuits. In that regard, defendants contend that the state hospitals "were not part of the original *Coleman* case and . . . have never been found to be unconstitutional." Joint Statement at 13. Extending the argument, defendants also contend that it is the custody status of inmates on the wait list, not conditions at Coalinga, that are at issue in the evidentiary hearing. Id. This argument is inapposite.

The evidentiary hearing before the district court centers on the constitutional requirement that prison inmates have "'ready access'" to adequate mental health care. See Coleman v. Wilson, 912 F.Supp. 1282, 1308 (E.D.Cal. 1995) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). Substantial delays in access to necessary care violate the constitution. Id. The evidentiary hearing arises from the delays in access to inpatient care that continue to be suffered by *Coleman* class members. Inpatient mental health care for *Coleman* class members is provided in facilities run by DMH, including state hospitals. The district court has directed defendants to show cause why vacant beds at Coalinga cannot be made available to remedy the ongoing delay in access to inpatient care. Whether or not state hospitals were inspected prior to trial of this matter is completely irrelevant to the questions now at bar.

For the foregoing reasons, defendants' general objection is overruled. Defendants' first specific objection is that the request for inspection of Coalinga by plaintiffs' counsel and experts violates the December 11, 1995 order referring this matter to a special master for supervision of the remedial phase. Defendants contend that the authority to conduct this type of inspect is "exclusively" with the special master, and that neither the special master's recommendation for the evidentiary hearing set before the district court nor the district court's order adopting that recommendation called for any inspection of Coalinga. Nothing in the order of reference limits to the special master inspections of facilities at which *Coleman* class members may be housed, see Order of Reference, filed December 11, 1995, passim, and nothing in the

district court's order setting the evidentiary hearing precluded such an inspection. This objection is without merit.

Defendants also object that the requests are overbroad insofar as plaintiffs seek to inspect parts of Coalinga that do not house *Coleman* class members and to review operational and security documents for Coalinga. Defendants object that the request to inspect the entire physical plant of Coalinga implicates the privacy rights of non-*Coleman* class members who are housed there, particularly civilly committed sexually violent predators. In addition, at the time of the hearing defendants raised for the first time the privacy rights and treatment needs of individuals housed in Unit 26 at Coalinga.

The scope of the evidentiary hearing includes all vacant beds at Coalinga, not just the fifty presently designated for *Coleman* class members. Defendants' argument that the inspection should be limited to the fifty beds designated for *Coleman* class members is plainly without merit. The parties will be directed to meet and confer to determine if they can agree that particular areas of the hospital should be excluded from the tour and to inform the court of the results of this conference in writing not later than 5:00 p.m. on Tuesday, August 2, 2011.

As noted above, defendants also object that the request for review of operational and security documents is overbroad. Defendants assert that such documents are protected by the official information privilege.[1] Plaintiffs have agreed to be bound by a protective order. Defendants' objection will be overruled and the protective order entered in this action will be modified to include documents produced during the inspection to be conducted pursuant to this order.

Defendants also contend that the "core issue" of the evidentiary hearing is the custody status of *Coleman* class members on the inpatient wait list, not the security capability of Coalinga. In particular, defendants contend that it is undisputed that celled housing is

---

[1] Defendants invoke the official information privilege but have not tendered a privilege log. Their request for an extension of time to do so is denied.

unavailable at Coalinga, and that "the issue is whether inmates on the SVPP ICF waitlist who require celled housing should be placed" at Coalinga.  Joint Statement at 24.  Defendants describe the issue too narrowly.  At the evidentiary hearing, they will be required to show cause why inmates on the wait list cannot be housed at Coalinga.  The security operations and capabilities of Coalinga are relevant to that question.  This objection is overruled.

 Defendants object that the intention of plaintiffs' counsel and experts to confer with DMH and CDCR employees and staff during the inspection are improper informal depositions.  Plaintiffs contend that these "are the types of informal discussions on which expert witnesses regularly rely in forming their opinions."  Joint Statement at 25.

 As plaintiffs' observe, a substantially similar dispute arose in connection with inspections of ten prisons conducted during proceedings before the three judge court in this action and Plata v. Brown, No. C01-1351 TEH.[2]  As this court noted in an order filed October 30, 2007, the United States Court of Appeals for the Ninth Circuit has held that Rule 34 "is to be liberally construed."  Martin v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir. 1961).  The evidentiary hearing set by the district court is focused on whether *Coleman* class members on the wait list for inpatient hospital care can be housed in vacant beds at Coalinga.  In the context of that hearing, questions by experts directed to employees at Coalinga and to class members[3]

/////

/////

---

[2] Defendants' assertion that "any reference to orders issued in the Three-Judge Court proceeding is misplaced, because the parties in that proceeding had agreed to certain pretrial discovery" is off the mark.  Reference to an order that resolved a dispute over whether experts should be allowed to consult informally with defendants' employees is entirely appropriate.

[3] It appears from the papers before the court that there may not be any *Coleman* class members currently housed at Coalinga.  The parties apparently have a dispute concerning inspection of CDCR central file and unit health records of *Coleman* class members at Coalinga.  See Joint Statement at 33-34.  To the extent that there are, as of August 1, 2011, *Coleman* class members records at Coalinga, said records shall be maintained at Coalinga and plaintiffs' expert shall be permitted to expect such records whether or not such *Coleman* class members are still at Coalinga.

concerning those matters identified in plaintiffs' request for inspection are properly included as part of an inspection of "any operation" on site at Coalinga.  See Fed. R. Civ. P. 34.[4]

Finally, defendants request permission to depose plaintiffs' expert prior to the evidentiary hearing.  That request will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' objections to plaintiffs' request for inspection of Coalinga State Hospital are overruled.

2. The parties shall meet and confer to determine if they can agree that particular areas of the hospital should excluded from the tour and to inform the court of the results of this conference in writing not later than 5:00 p.m. on Tuesday, August 2, 2011; the scope of the inspection authorized by this order shall be determined by subsequent order.

3. Defendants' request for permission to depose plaintiff's expert is granted.

4. Plaintiffs' inspection of Coalinga State Hospital shall be scheduled so that it will be completed on a schedule that will allow plaintiff's expert to be deposed not later than August 15, 2011.

5. The protective orders filed in this action are expanded by the following addendum:

All documents and information produced during the inspection of Coalinga State Hospital defined as operational and security documents, including, but not limited to, the following or their equivalents:  post orders, program schedules, operating procedures, program guides, security procedures, perimeter security procedures, safety procedures, and/or violence or critical incident procedures and policies shall be regarded as confidential, subject to existing

/////

---

[4] The court will not address defendants' objection that a document production request alone would be less burdensome than an inspection.  Defendants have not demonstrated that the inspection will be unduly burdensome, and the documents would be produced in either event.

6

1 protective orders in <u>Coleman</u>, and referred to as confidential material within the meaning of those
2 orders.
3 DATED: August 1, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
waitlist.disc