KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JONATHAN L. WOLFF
SENIOR ASSISTANT ATTORNEY GENERAL
DEBBIE J. VOROUS, State Bar No. 166884
DAVID E. BRICE, State Bar No. 269443
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-3035
 Fax: (415) 703-5843

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| RALPH COLEMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DECLARATION OF SHARON AUNGST IN SUPPORT OF DEFENDANTS' REQUEST TO VACATE AUGUST 17, 2011 EVIDENTIARY HEARING; UPDATE ON DEFENDANTS' STARK PROJECT** |
|---|---|

I, Sharon Aungst, declare as follows:

1. I am the Director of the Division of Correctional Health Care Services at the California Department of Corrections and Rehabilitation (CDCR). I have personal knowledge of the facts stated in this declaration and if called to testify to those facts could and would do so. I submit this declaration in support of Defendants' Request to Vacate the August 17, 2011 Evidentiary Hearing and Update on Defendants' Stark Project.

2. I began working as the Director of the Division of Correctional Health Care Services on July 1, 2011. I previously served as Chief Deputy Secretary of the Division of Correctional

1

Aungst Decl. in Supp. of Defs.' Req. to Vacate Evid. Hearing; Update to Court Re: Stark Project
(2:90-cv-00520 LKK JFM P)

1  Health Care Services beginning on February 9, 2009. I am responsible for the overall
2  management and oversight of the CDCR mental health services delivery system.
3       3.    I am familiar with the Court's order setting the matter for an evidentiary hearing on
4  why Defendants cannot admit high-custody CDCR inmates into Coalinga State Hospital and on
5  Defendants' alternative assessment process to identify whether CDCR clinicians are making
6  appropriate referrals to DMH facilities.
7       4.    CDCR has worked diligently with the California Department of Mental Health
8  (DMH) to reduce the waitlist for inmate-patients needing Intermediate Care Facility level of care
9  at the Salinas Valley Psychiatric Program (SVPP). Additionally, CDCR is currently considering
10 other options to provide interim care to the inmate-patients on the SVPP waitlist. Specifically,
11 CDCR is evaluating the possibility of DMH providing additional clinical care in CDCR facilities
12 to inmate-patients on the SVPP waitlist. For instance, Defendants are looking at the potential to
13 provide this care at California State Prison, Sacramento, due to its strong mental health care
14 mission and high number of inmate-patients on the SVPP waitlist who are currently housed at that
15 prison. CDCR therefore requests that the Court vacate the evidentiary hearing on Coalinga so
16 that it can continue to address a waitlist reduction plan over the next 90 days to further address
17 the treatment needs of the inmate-patients on the SVPP waitlist. If, at the end of the 90-day
18 period, Defendants and the Special Master have not agreed on a plan to further address the
19 inmate-patients on the SVPP waitlist, CDCR agrees that the Court should reset the evidentiary
20 hearing on Coalinga to a date at least 30 days thereafter.
21      5.    CDCR recently conducted two large scale audit activities on the DMH referral
22 process, one based on audits ranging from March 2010 to March 2011 and one based on
23 information obtained in June 2011. For the audit activity based on information obtained in June
24 2011, the CDCR institutions reported that for 628 of 1,408 inmate-patient audits, the clinical
25 indicator or indicators on the CDCR screening form for referrals to higher levels of care were not
26 checked and/or justification was not documented. CDCR gave the institutions until the end of
27 July 2011 to review these 628 inmate-patient's Unit Health Records and determine whether an
28 Interdisciplinary Treatment Team should be initiated to evaluate the inmate-patient for potential

2

referral to a higher level of care. CDCR is in the process of following up with the institutions on their reviews, which it expects to complete by the end of August 2011.

6.  The Special Master did not have CDCR's audits and reviews at the time he made his recommendation that Defendants be ordered to repeat the 2009 MHARP. CDCR therefore requests that the Court vacate the evidentiary hearing on Defendants' alternative assessment process so that it can work with the Special Master over the next 90 days and describe its process to identify if appropriate referrals are being made to DMH facilities and allow the Special Master adequate time to evaluate the process. Additionally, during this 90-day period CDCR will share with the Special Master the reviews on the 628 inmate-patient audits referenced above.

I declare under penalty of perjury that the foregoing is true. Executed this 8th day of August, 2011 in Sacramento, California.

*[signature]*
Sharon Aungst

CF1997CS0003
20487460.doc

3

Aungst Decl. in Supp. of Defs.' Req. to Vacate Evid. Hearing; Update to Court Re: Stark Project
(2:90-cv-00520 LKK JFM P)