KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
DAVID E. BRICE, State Bar No. 269443
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-8010
 Fax: (916) 324-5205
 E-mail: David.Brice@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**EDMUND G. BROWN, JR., et al.,**<br><br>　　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DEFENDANTS' REQUEST FOR WAIVER OF STATE LICENSING REQUIREMENTS RE: CALIFORNIA MEDICAL FACILITY** |

1

Defs.' Req. for Waivers of State Licensing Requirements Re: California Medical Facility
(2:90-cv-00520 LKK JFM P)

**ACRONYM LIST**

| Acronym | Term |
|---|---|
| CDCR | California Department of Corrections and Rehabilitation |
| CMF | California Medical Facility |
| EOP-GP | Enhanced Outpatient Program General Population |
| ICF | Intermediate Care Facility |
| MHCBs | Mental Health Crisis Beds |
| SVPP | Salinas Valley Psychiatric Program |

## I.   INTRODUCTION

This Court ordered Defendants to inform it of any regulatory or licensing barriers that impede the activation of mental health care beds.  (Docket No. 1800.)  On October 18, 2011, Defendants filed their supplemental plan to reduce or eliminate the Salinas Valley Psychiatric Program (SVPP) and Acute Psychiatric Program wait lists.  (Docket No. 4103.)  Defendants' supplemental plan includes a plan to convert 113 Enhanced Outpatient Program General Population (EOP-GP) beds in the L-Wing at California Medical Facility (CMF) into beds for high-custody inmate-patients on the SVPP wait list needing Intermediate Care Facility (ICF) level of care.  (*Id.* at 10–11.)  But Defendants cannot convert the beds unless the Court waives certain state licensing requirements governing the licensing of Correctional Treatment Centers.

Defendants therefore request that this Court waive these licensing requirements so that the California Department of Corrections and Rehabilitation (CDCR) can convert the EOP-GP beds in the L-Wing at CMF into temporary unlicensed ICF beds.

## II.   BACKGROUND

On August 15, 2011, the Court ordered that Defendants, over the next ninety days, work with the *Coleman* Special Master to "develop a supplemental plan to reduce or eliminate the inpatient wait list and to better serve the treatment needs of the inmates on the wait list."  (Docket No. 4069 ¶ 3.)  Defendants filed their supplemental plan on October 18, 2011.  (Docket No. 4103 at 3–15.)  Defendants' supplemental plan includes a plan to convert the 113 EOP-GP beds in the L-Wing at CMF into 110 temporary unlicensed ICF beds and three observation and restraint rooms for high-custody inmate-patients on the SVPP waitlist.  (*Id.* at 10–11.)  Defendants informed the Court in their supplemental plan that converting the L-Wing will require the Court to waive the State's licensing requirements regarding the licensing of Correctional Treatment Centers—California Health and Safety Code section 1250(j) and California Code of Regulations, Title 22, sections 79501–79861.  (*Id.* at 11.)  Defendants further informed the Court that they expected to seek waivers from the Court, as appropriate and necessary, at the time they filed their November 2011 update to the Court.  (*Id.* at 2.)  Concurrently with this filing, Defendants have filed their November 2011 update to the Court.

3

### III. GOOD CAUSE EXISTS FOR THIS COURT TO WAIVE STATE LAW IN ORDER TO ACTIVATE THE TEMPORARY ICF BEDS AT CMF

The "Supreme Court has stated that otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." *Stone v. City and County of San Francisco,* 968 F.2d 850, 862 (9th Cir. 1992) (quoting *North Carolina State Bd. of Educ. v. Swann*, 402 U.S. 43, 45 (1971).) CDCR is ready to begin converting the 113 EOP-GP beds in the L-Wing at CMF into 110 temporary unlicensed ICF beds and three observation and restraint rooms for high-custody inmate-patients on the SVPP waitlist. (Aungst Decl. ¶ 4.) But CDCR cannot begin converting the beds unless the Court waives the above referenced licensing requirements governing the licensing of Correctional Treatment Centers. (*Id.* at 5.) Waiving state law will allow CDCR to convert the beds as detailed in their supplemental plan. (*Id.* at 6.) Under this circumstance, it is appropriate for the Court to waive state law.[1]

---

[1] This Court has held on four prior occasions that state licensing requirements temporarily give way to the use of unlicensed Mental Health Crisis Beds (MHCBs). (*See* Docket Nos. 4095 and 1800, Orders filed October 7, 2011 and May 6, 2006, respectively, concerning California Men's Colony; Docket No. 3748, Order filed December 11, 2009, concerning California State Prison, Sacramento; and Docket No. 3516, Order filed February 17, 2009, concerning California Institution for Men.) With respect to California State Prison, Sacramento, this Court waived the same state licensing requirements for the licensing of Correctional Treatment Centers under Title 22 as Defendants request here, so that CDCR could covert the 20 Mental Health Outpatient Housing Unit beds to 20 temporary unlicensed Mental Health Crisis Beds (MHCBs). (Docket No. 3748.) With respect to that waiver, the parties reached agreement on how Defendants will staff the 20 temporary unlicensed MHCBs. (*Id.*) Here, the California Department of Mental Health has stated that it will staff the L-Wing utilizing the same nursing and clinical staffing patterns as the other high custody ICF unit at CMF. (Docket No. 4013 at 11.)

4

Defs.' Req. for Waivers of State Licensing Requirements Re: California Medical Facility
(2:90-cv-00520 LKK JFM P)

## IV. CONCLUSION

Because good cause exists to grant Defendants' request, Defendants respectfully request that this Court waive California Health and Safety Code section 1250(j) and California Code of Regulations, Title 22, sections 79501–79861 so that CDCR can convert the 113 beds in the L-Wing at CMF to 110 temporary unlicensed ICF level of care beds and three observation and restraint rooms for high-custody inmate-patients on the SVPP waitlist.

Dated: November 9, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

*/s/ Debbie J. Vorous*

DEBBIE J. VOROUS
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003

5

Defs.' Req. for Waivers of State Licensing Requirements Re: California Medical Facility
(2:90-cv-00520 LKK JFM P)