1  KAMALA D. HARRIS
   Attorney General of California
2  JONATHAN L. WOLFF
   Senior Assistant Attorney General
3  JAY C. RUSSELL
   Supervising Deputy Attorney General
4  DEBBIE J. VOROUS, State Bar No. 166884
   SCOTT J. FEUDALE, State Bar No. 242671
5  DAVID E. BRICE, State Bar No. 269443
   Deputy Attorneys General
6    1300 I Street, Suite 125
     P.O. Box 944255
7    Sacramento, CA 94244-2550
     Telephone: (916) 324-8010
8    Fax: (916) 324-5205
     E-mail: David.Brice@doj.ca.gov
9  *Attorneys for Defendants*

10              IN THE UNITED STATES DISTRICT COURTS

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12          AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14 | RALPH COLEMAN, et al.,                    | 2:90-cv-00520 LKK JFM P
15 |                                           |
   |                          Plaintiffs,      | **STIPULATION RE: ACCESSIBILITY
16 |                                           | REQUIREMENTS FOR CALIFORNIA
   |            v.                             | MEDICAL FACILITY L-WING
17 |                                           | PROJECT**
18 | EDMUND G. BROWN, JR., et al.,             |
19 |                          Defendants.      |
20

21 | JOHN ARMSTRONG, et al.,                   | C 94-2307 CW
22 |                          Plaintiffs,      |
23 |            v.                             |
24 |                                           |
25 | EDMUND G. BROWN, JR., et. al.,            |
   |                          Defendants.      |
26
27
28

[576722-6]

1

1

2        The Parties to the above-captioned cases, through their counsel, stipulate as

3

4  follows:

5        1.    Due to the current "ongoing crisis of inadequate access to inpatient care and

6  its sequelae," on August 15, 2011, the *Coleman* Court ordered Defendants to, over the

7  next ninety days, work with the *Coleman* Special Master to "develop a supplemental plan

8  to reduce or eliminate the inpatient wait list and to better serve the treatment needs of the

9  inmates on the wait list." (*Coleman* Docket No. 4069 at 5, 8 ¶ 3.)  Defendants filed their

10  supplemental plan to reduce or eliminate the Salinas Valley Psychiatric Program (SVPP)

11  and Acute Psychiatric Program (APP) waitlists on October 18, 2011 ("Supplemental

12  Plan"). (*Id.* at 3–15.)

13        2.    Defendants' Supplemental Plan includes a plan to convert 113 Enhanced

14  Outpatient Program General Population beds in the L-Wing at California Medical Facility

15  (CMF) into 110 temporary unlicensed Intermediate Care Facility (ICF) level of care beds

16  and three observation and restraint rooms for high-custody inmate-patients on the SVPP

17  waitlist. (*Coleman* Docket No. 4069 at 10–11.)  Defendants are ready to start converting

18  the L-Wing, with patient admissions into L-wing commencing in April 2012.  (Id.)

19        3.    Under existing *Coleman* Court orders, Defendants are required to inform the

20  court of any regulatory or licensing barriers that impede the activation of mental health

21  care beds. (*Coleman* Docket No. 1800.)  In light of this order and the temporary,

22  emergency nature of the L-wing project, the parties stipulated to, and the Court approved,

23  waivers of certain state licensing requirements. (*Coleman* Docket No. 4120).

24        4.    Defendants further informed the Court in their Supplemental Plan that

25  converting the L-Wing into a temporary, emergency ICF facility might require them to

26  seek waivers of certain federal and state accessibility requirements. (Coleman Docket No.

27  4069 at 11.) Under federal and state regulations regarding building modifications, 10% of

28

[576722-6]                                 2

1  the beds in the L-wing conversion would need to be wheelchair accessible, and have

2  modifications made to the primary path of travel. *See* 28 C.F.R. 35.151(b), (h), (k); Cal.

3  Code Regs. tit. 24 part 2 §§ 1109B, 1134B. Defendants are unable to make the

4  modifications to the L-wing cells and paths of travel required to comply with these

5  regulations within the timelines promised in the Supplemental Plan for opening the L-

6  wing beds to ICF inmate-patients.

7       5.       Systemwide, there are currently 400 high-custody ICF beds, including 48

8  accessible beds. As part of a prior *Coleman* bed plan, Defendants will open a new 64-bed

9  high-custody ICF unit at CMF in early 2012. This project will include 8 additional

10 accessible beds. With the addition of the 110 L-wing beds described above, there will be

11 a systemwide total of 574 high-custody ICF beds, 56 of which will be accessible. Under

12 the regulations discussed above, therefore, with the opening of the L-wing beds,

13 Defendants will be two beds short of complying with the requirement of providing 10%

14 accessible beds.

15      6.       The parties have consulted and reviewed the current need for wheelchair-

16 accessible beds by high-custody inmate-patients needing ICF level of care; those

17 currently in ICF care, both at CDCR and Department of Mental Health (DMH) facilities;

18 and wheelchair users who are participants in MHSDS at the Enhanced Outpatient Program

19 (EOP) level of care in CDCR, as EOP prisoners historically are the group most likely to

20 require admission to DMH programs for treatment. Systemwide, there are currently 26

21 EOP prisoners who are also designated as full-time wheelchair users (DPW), and an

22 additional 62 EOP prisoners who are also designated as intermittent wheelchair users. On

23 the current wait list for high-custody ICF care, one inmate-patient is designated as a full-

24 time wheelchair user (DPW) and one inmate-patient is designated as an intermittent

25 wheelchair user (DPO). Also, in the current high-custody ICF population, one inmate-

26 patient is designated a full-time wheelchair user and three inmate-patients are designated

27 as an intermittent wheelchair users (DPO). Thus, only four of the 48 current accessible

28 beds are being used by inmate-patients with wheelchair needs, leaving a current surplus of

[576722-6]

3

1    44 accessible high-custody ICF beds.

2        7.    Given the above, the parties agree that the 56 accessible high-custody ICF

3    beds that will be available systemwide as of early 2012 appear sufficient to meet the needs

4    of the population of high-custody inmates needing ICF level of care who also require

5    wheelchairs.

6        8.    The parties also recognize the urgency of this temporary, unlicensed project,

7    which has been developed in response to multiple *Coleman* Court orders identifying the

8    shortage of high-custody ICF beds.  The parties further recognize that any failure to fully

9    comply with the state and federal accessibility regulations cited above is on a temporary,

10    short term basis because Defendants' California Health Care Facility (CHCF) in Stockton

11    will be open in July 2013, and will provide 432 ICF high custody beds, of which 216 will

12    be wheelchair accessible.  The L-wing project will alleviate the shortage of ICF beds in

13    the short term on a temporary basis, pending the opening of the CHCF.

14        9.    Accordingly, due to the emergency need for additional high-custody ICF

15    beds to alleviate the waitlist for such care, and due to the temporary basis of the shortage

16    of accessible beds at that level of care, Plaintiffs agree to waive their rights to have 10%,

17    or 58 beds, of the 574 ICF high custody beds in CDCR and DMH be wheelchair

18    accessible, and to have modifications made to the primary path of travel in L-wing,

19    because 56 beds, or 9.76% of the total ICF high-custody beds, will be accessible

20    elsewhere with accessible primary paths of travel.  Defendants further agree that should

21    the need for wheelchair accessible ICF high-custody beds reach 50 inmate-patients before

22    the additional accessible beds in CHCF become available for inmate-patient admissions,

23    Defendants will, within 30 days, develop and submit to Plaintiffs a plan to make

24    accessibility modifications to two cells at the Salinas Valley Psychiatric Program, and will

25    otherwise accommodate within the ICF program any inmate-patients requiring accessible

26    housing until the modifications are completed.

27        10.    Nothing in this Stipulation may be deemed a waiver or concession of

28    Plaintiffs' rights to enforce compliance with federal and state accessibility regulations

[576722-6]

4

outside of the four corners of this agreement. Should either party fail to comply with the

terms of this agreement, it may move to enforce compliance before the *Coleman* court.


     IT IS SO STIPULATED.

Dated: December 8, 2011

David E. Brice
Deputy Attorney General
*Attorneys for Coleman Defendants*


Dated: December 8, 2011

Scott Feudale
Deputy Attorney General
*Attorneys for Armstrong Defendants*


Dated: December 8 , 2011

Lisa Ells
Rosen, Bien & Galvan, LLP
*Attorneys for Coleman and Armstrong Plaintiffs*

CF1997CS0003

[576722-6]

5