KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5345
 Fax: (916) 324-5205
 E-mail: Debbie.Vorous@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' FIRST STATUS REPORT ON PLANS TO ADDRESS ACCESS TO INPATIENT CARE** |
| v. | |
| **EDMUND G. BROWN, JR., et al.,** | |
| Defendants. | |

1

**ACRONYM LIST**

| Acronym | Term |
|---|---|
| APP | Acute Psychiatric Program |
| ASH | Atascadero State Hospital |
| CDCR | California Department of Corrections and Rehabilitation |
| CMF | California Medical Facility |
| DMH | Department of Mental Health |
| EOP | Enhanced Outpatient Program |
| HC-POP | Health Care Placement Oversight Program |
| ICF | Intermediate Care Facility |
| IDTT | Interdisciplinary Treatment Team |
| MHTS.net | Mental Health Tracking System |
| OAL | Office of Administrative Law |
| SVPP | Salinas Valley Psychiatric Program |
| VPP | Vacaville Psychiatric Program |

2

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

## I. INTRODUCTION

On August 15, 2011, the Court ordered that Defendants, over the next ninety days, work with the *Coleman* special master to "develop a supplemental plan to reduce or eliminate the inpatient wait list and to better serve the treatment needs of the inmates on the wait list." (Docket No. 4069 ¶ 3.) Defendants filed their supplemental plan to reduce or eliminate the Salinas Valley Psychiatric Program (SVPP) and Acute Psychiatric Program (APP) wait lists on October 18, 2011. (Docket No. 4103.)

The Court further ordered that during this same ninety-day time period, Defendants "shall work with the special master so that an assessment process that meets his approval has been conducted and completed by December 9, 2011." (Docket No. 4069 ¶ 4.)[1] Moreover, the Court ordered that Defendants "shall report to the court on the results of the assessment process, including referrals and transfers, not later than [the] December 14, 2011 [evidentiary hearing]." (*Id.*) The California Department of Corrections and Rehabilitation (CDCR), after meeting with Plaintiffs' counsel and the special master and his team on December 9, 2011, to discuss and review CDCR's report on the assessment process, filed their report on the results of the assessment process, referrals, and transfers with the Court on December 13, 2011. (Docket No. 4132.) CDCR attached as Exhibit 1 to the December 13 report its sustainable self-monitoring process for ensuring that inmate-patients in need of inpatient mental health care are timely identified, referred, and transferred to such care. (*Id.* at 26–31.)

Because of the significant progress reported to the Court by the special master on Defendants' efforts to address access to inpatient care, the Court continued the evidentiary hearing set for December 14, 2011, to July 13, 2012. (Docket No. 4131 at 2:7–16.) Additionally, the parties agreed to continue to meet and confer regarding Defendants' plans to address access to inpatient care. The parties stipulated, and the Court ordered, that between January 2012 and July

---

[1] Between August 15, 2011 and December 9, 2011, Defendants filed four reports on the status of the development of their supplemental wait list plan and the assessment process. (*See* Docket Nos. 4079 (filed 9/9/11), 4096 (filed 10/11/11), 4111 (filed 11/9/11), and 4130 (filed 12/9/11).)

3

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

13, 2012, the parties will meet and confer at intervals of approximately 45 days, beginning the week of January 16, 2012. (Docket No. 4134 at 2:4–23, order filed 12/15/2011.) Moreover, the Court ordered that "[w]ithin 10 days after each meet and confer session, Defendants shall file a status report on the progress toward implementation of Defendants' Supplemental Plan to Reduce or Eliminate the Inpatient Waitlists, the referral review process, and, as needed, other issues and developments related to inpatient access." (*Id.*)

In accordance with the Court's December 15, 2011 order, Defendants met and conferred in good faith with Plaintiffs' counsel and the special master and his team on January 18, 19, and 23, 2012, regarding Defendants' plans to address access to inpatient care. Defendants now present their first status report to the Court on the progress made toward implementing their plans to address access to inpatient care. Specifically, this report summarizes the progress that Defendants have made toward implementing the supplemental plan to reduce or eliminate inpatient waitlists (Docket No. 4103, filed October 18, 2011) between December 9, 2011 (the date of their update with the Court) and the first meet-and-confer session on January 18 2012. It also summarizes the progress that CDCR has made in finalizing the referral review process and implementing its sustainable self-monitoring process between December 13, 2011 (the date CDCR filed its report on the review process) and January 18–23, 2012 (the first meet-and-confer sessions). (Docket No. 4132.)

## II.   STATUS REPORT

**A.   Status of the SVPP and APP Wait Lists.**

When Defendants filed their supplemental plan to reduce or eliminate the SVPP and APP wait lists on October 18, 2011, Defendants reported that as of October 13, 2011, the SVPP wait list totaled 139 inmate-patients and the APP waitlist totaled 28 inmate-patients. (Docket No. 4103 at 6 n.1.) As of the January 19, 2012 meet and confer meeting, the SVPP waitlist totaled 68 inmate-patients and the APP waitlist totaled 6 inmate-patients. (Kramer Decl. ¶ 4.)

**B.   Status of the Supplemental Wait List Plan.**

As presented to the Court on October 18, 2011, Defendants' supplemental plan to reduce or eliminate the SVPP and APP wait lists has three components: (1) adjusting the custody criteria

4

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

employed by the Intermediate Care Facility (ICF) Pilot Program to expand patient access to ICF programs operated by the Department of Mental Health (DMH); (2) constructing 64 ICF beds for the Vacaville Psychiatric Program (VPP) at California Medical Facility CMF); and (3) opening additional ICF level beds by converting 113 cells at CMF into 110 temporary ICF level beds and three observation rooms for high-custody patients from the SVPP waitlist. (Docket No. 4103 at 7-11.) As summarized below, Defendants have made progress on implementing each of the three components outlined in the supplemental plan.

**1. Defendants' Revisions to ICF Pilot Program Custody Criteria and DMH Patient Movement Plans Have Reduced Inmate Inpatient Care Waitlists.**

Defendants have made substantial progress in finalizing and using the modified ICF Pilot Program custody criteria to review inmate-patients currently on the SVPP wait list and to move inmate-patients between DMH programs to allow for more efficient use of single-celled housing. The ICF Pilot Program is pending final regulatory action and, except for one inmate-patient noted below, DMH has completed its patient movement plan, which has opened up additional beds for inmate-patients on the SVPP and APP waitlists.

**a.   Modified ICF Pilot Program Custody Criteria.**

The ICF Pilot Program began on October 23, 2009, and ended on October 23, 2011. (Docket No. 4103 at 7.) As a result of the pilot program, CDCR and DMH modified the ICF Pilot Program custody criteria to allow for more efficient use of single-celled housing in DMH programs, thereby reducing the SVPP waitlist. (*Id.*) On October 27, 2011, CDCR submitted proposed emergency regulations to the Office of Administrative Law (OAL) to permanently adopt the modified ICF Pilot Program. (Docket No. 4111 at 4:16–18.) The OAL approved the emergency regulatory action on November 14, 2011.[2] This emergency regulatory action expires on April 24, 2012, with the Certificate of Compliance due to the OAL no later than April 23, 2012. (*Id.*) The Notice of Change of Regulation was posted on December 2, 2011, and the public comment period ended January 24, 2012. (Docket No. 4130 at 4:22–24.)

---

[2] *See* http://www.oal.ca.gov/Recent_Actions_Taken_on_Emergency_Regulations.htm

5

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

Using the modified ICF custody criteria, CDCR's Health Care Placement Oversight Program (HC-POP) reconsidered the inmate-patients that were on the SVPP waitlist for placement into Atascadero State Hospital (ASH) or the VPP dorms. (*See* Docket No. 4103 at 8.) After review of the SVPP waitlist as of October 24, 2011, HC-POP determined that an additional 44 inmate-patients were potentially eligible for placement into ASH or the VPP dorms pending case-by-case reviews. (Docket No. 4130 at 5:1–4.) On December 9, 2011, Defendants reported to the Court on the status of all 44 cases, and noted that HC-POP and DMH had reviewed all but three of them. (*Id.* at 5:5–25.) Since then, two of those inmate-patients were admitted to ASH with the third inmate-patient pending admission upon receipt of updated health care information. (Kramer Decl. ¶ 5.)

### b.  Department of Mental Health Patient Movement Plan.

DMH, using in part the modified ICF custody criteria, developed a three-part patient movement plan: (1) transfer inmate-patients from ASH to another DMH ICF program; (2) reduce the current number of inmate-patients housed at SVPP; and (3) transfer inmate-patients from VPP to ASH for Acute care. (Docket No. 4103 at 7–9.)

#### (1)  Transfers from ASH to Another DMH ICF Program.

In accordance with the supplemental plan, DMH transferred all 50 inmate-patients from ASH to Coalinga State Hospital filling all 50 *Coleman* beds at Coalinga. (*See* Docket No. 4103 at 8, stating that DMH will transfer approximately 50 inmate-patients from ASH to another DMH program; Kramer Decl. ¶ 6.)

#### (2)  Reduce the Current Number of Inmate-Patients Housed at SVPP.

This part of DMH's patient movement plan was to use the reconfigured custody criteria to review the inmate-patients that were housed at SVPP or in the VPP-cells for potential placement into ASH. (Docket No. 4103 at 8.) On December 9, 2011, Defendants reported to the Court that CDCR and DMH had completed this review and that, from October 4 to December 9, 2011, DMH transferred 36 inmate-patients from SVPP to ASH and two from the VPP-Cells to ASH. (Docket No. 4130 at 6:24–7:3.) Additionally Defendants reported that eight remaining inmate-
///

6

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

patients were pending transfer. (*Id.* at 7:3–6.) Seven of these eight inmate-patients have since been admitted to ASH and one inmate-patient is pending a Keyhea hearing. (Kramer Decl. ¶ 7.)

### (3) Transfer from the APP in the Vacaville Psychiatric Program to ASH for APP care.

Defendants' supplemental plan indicated that ASH would change the 25 ICF beds at ASH back to 25 APP beds. (Docket No. 4103 at 8–9.) Defendants previously reported that because there has been sufficient bed supply for the APP population in the APP at CMF, DMH has not had to activate those beds. (Docket No. 4130 at 7:9–11.)

## 2. The New 64-bed ICF Unit at CMF is Scheduled to Open by Next Month.

The 64-bed ICF for high-custody inmate-patients at CMF remains on schedule with patient admissions scheduled to start no later than March 1, 2012. (Docket No. 4103 at 9.) On January 18, 2012, the parties, accompanied by the special master and his team, toured the new unit.

## 3. The Conversion of CMF's L-Wing to an ICF Unit Should Be Complete in April.

Defendants are converting 113 cells in the L-Wing at CMF from Enhanced Outpatient Program (EOP) General Population beds to 110 temporary unlicensed ICF level of care beds and three observation rooms for high-custody inmates on the SVPP waitlist. (Docket No. 4103 at 10–11.) This conversion is ongoing and Defendants expect inmate-patient admissions to begin in late April 2012. (*Id.*) While at CMF on January 18, 2012, the parties also toured a section of the L-Wing.

## C. Status of the Referral Review Process.

On December 13, 2011, Defendants presented the results of the referral review process. (Docket No. 4132.) At that time, CDCR reported that following an extensive review of over 900 inmate-patient cases, the special master team had recommended that the CDCR Interdisciplinary Treatment Teams (IDTTs) consider 44 inmate-patients for referral to DMH inpatient care. (Docket No. 4132 at 21.) From the 44 cases, the IDTTs referred 21 inmate-patients to DMH inpatient care. (McGill Decl. ¶ 4.) As of January 19, 2012, nine of the 21 inmate-patients had been admitted to inpatient care, 11 were pending admission, and one was in the referral process. (*Id.*)

7

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

1        CDCR also identified in its report as a "next step" a series of quality management issues
2   that it has elected to address as part of its long-term Information Technology solutions and
3   continual improvement in the Mental Health Tracking System (MHTS.net). (Docket No. 4132 at
4   22–23.) CDCR continues to improve MHTS.net and provide training on data entry procedures
5   and documentation issues, and has worked with the special master's team to revise the 7388-B
6   screening form for referrals to higher levels of care and associated audit tool. (McGill Decl. ¶ 5.)
7   The new 7388-B form and audit tool are scheduled for roll out to the institutions the week of
8   March 5, 2012. (*Id.*)
9        As a further "next step," CDCR stated that it would "launch and continue implementing" its
10  sustainable self-monitoring process for ensuring that inmate-patients in need of inpatient mental
11  health care are timely identified, transferred, and referred to such care. (Docket No. 4132 at 24.)
12  As part of that process, CDCR advised that "an initial training to inform and advise institutional
13  management [would] be conducted and CDCR invite[d] the Special Master and Plaintiffs'
14  counsel to attend this event." (*Id.*) The training occurred on January 20, 2012, by video
15  conference and included Chief Executive Officers, Chiefs of Mental Health, and DMH
16  Coordinators at the institutions with EOP programs and non-EOP institutions with an EOP
17  population. (McGill Decl. ¶ 6.) Plaintiffs' counsel and two members of the special master's team
18  attended the training. (*Id.*)
19       The sustainable self-monitoring process that CDCR developed consists of three broad
20  categories of review—monthly procedures, quarterly procedures, and annual procedures. (Docket
21  No. 4132 at 26–31.) As CDCR staff reported during the January 19, 2012 meet-and-confer
22  meeting, CDCR mental health staff have made progress on each of these reviews. Specially,
23  staff: (1) revised the monthly audit tool; (2) created and disbursed the 2012 calendar for the
24  annual review, by quarter; (3) improved the process that will be used by headquarters for its
25  annual review; (4) drafted a template for use by the Regional Chiefs during their quarterly
26  reviews; and (5) drafted an updated duty statement for the Regional Chiefs. (McGill Decl. ¶ 7.)
27  / / /
28  / / /

8

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)

Defendants intend to continue to conduct meetings with the parties every 45 days to discuss the status and progress of Defendants' plans to address access to inpatient care. Other issues and developments related to inpatient access will be discussed and reported on as needed.

Dated: February 2, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/S/ Debbie J. Vorous

DEBBIE J. VOROUS
Deputy Attorney General
Attorneys for Defendants

CF1997CS0003

9

Defs.' First Status Rep. on Plans to Address Access to Inpatient Care (2:90-cv-00520 LKK JFM P)