| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, Bar No. 83925<br>STEVEN FAMA, Bar No. 99641<br>ALISON HARDY, Bar No. 135966<br>SARA NORMAN, Bar No. 189536<br>REBEKAH EVENSON, Bar No. 207825<br>1917 Fifth Street<br>Berkeley, CA  94710<br>Telephone:  (510) 280-2621 | ROSEN, BIEN & GALVAN, LLP<br>MICHAEL W. BIEN, Bar No. 96891<br>JANE E. KAHN, Bar No. 112239<br>ERNEST GALVAN, Bar No. 196065<br>LISA ELLS, Bar No. 243657<br>315 Montgomery Street, 10th Floor<br>San Francisco, California  94104<br>Telephone: (415) 433-6830 |
| THE LEGAL AID SOCIETY –<br>EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER, Bar No. 158255<br>600 Harrison Street, Suite 120<br>San Francisco, CA  94107<br>Telephone: (415) 864-8848 | BINGHAM, McCUTCHEN, LLP<br>WARREN E. GEORGE, Bar No. 53588<br>Three Embarcadero Center<br>San Francisco, California  94111<br>Telephone: (415) 393-2000 |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>          Plaintiffs,<br>     vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>          Defendants | No.  Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR AN ORDER REQUIRING DEFENDANTS TO DEMONSTRATE HOW THEY WILL ACHIEVE THE REQUIRED POPULATION REDUCTION BY JUNE 2013** |
| MARCIANO PLATA, et al.,<br><br>          Plaintiffs,<br>     vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>          Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT** |

The best data available shows that if Defendants make no changes to prison policy, they will violate the order to reduce the prison population to 110,000 prisoners in June 2013. Nonetheless, Defendants argue that they should not have to submit additional population projections or updated plans. That contention should be rejected.

Defendants first argue that their current population projections are too "speculative" to be reliable because they were made before the full effects of realignment had been calibrated, and that more reliable data "will soon be available." Opp. at 2-3. Rather than militating *against* additional reporting, that fact suggests that further reporting would be useful.

Defendants informed the Court that they expect to finalize Spring 2012 Population Projections in February 2012. Def's Jan. 6, 2012 Status Report at 4. But while the Population Projections provide data about the overall CDCR population, they do not specify projections for the population of the 33 prisons covered by the order. Austin Decl., ¶4 and Table 1. Accordingly, in the March 2012 status report Defendants should inform the Court whether they project that they will achieve the required population in the 33 prisons by June 2013.[1]

Defendants next argue that under the principle of "flexibility" they should only have to provide data and plans to meet the next six-month benchmark, and not the final June 2013 benchmark. Opp. at 4. But requiring Defendants to plan to comply with the order in both the short and long term does not infringe on their "flexibility." To the contrary, the order upheld by the Supreme Court requires Defendants to submit a two-year plan, with data and details about "the effective dates of the various actions they propose to undertake and their estimate of the reduction in population they expect to achieve after six, twelve, eighteen, and twenty-four months." Aug. 4, 2009 Order at 183.

When Defendants submitted a plan that did not meet this requirement, the Court ordered them to submit a new plan with even more detailed data. Oct. 21, 2009, Order at 2-5. It also stated that if the State's new plan does not achieve the full two-year crowding reduction, the Court would take further action: "Should the state again fail to submit a population reduction

---

[1] Plaintiffs seek an order requiring projections for the overall population of the 33 prisons, not separate projections for the population of each prison.

plan that complies with our August 4, 2009 Opinion and Order, the court will be left with no alternative but to develop a plan independently and order it implemented forthwith." *Id.* at 6.

Defendants' November 2009 plan complied with the Court's order. But Defendants have replaced that compliant plan with an approach – prison realignment – that according to current projections *will not* comply with the order. The Court gave Defendants the flexibility to develop their own plan for reducing the prison population, and to change that plan as appropriate. However, that flexibility does not include adopting a plan that will violate the order. Defendants should be required to submit a report describing what steps they plan to take to comply with the order, including additional population reduction measures if necessary.

Defendants assert that they should not have to plan now for full compliance because they may ask the Court to modify the population reduction order. Opp. at 5. But unless and until the Court modifies its order, Defendants must plan to fully comply. While there have been some improvements, overcrowded conditions persist in many prisons, the constitutional violations continue, and *Plata* and *Coleman* Plaintiffs continue to suffer from grossly inadequate care. Indeed, Defendants do not even attempt to make the showing necessary to warrant a modification of the order.

Nor is there any indication that Defendants intend to take steps to avert the predicted default absent court order. Defendants state that they will consider taking action only if they "anticipate that they will not meet the *current* benchmark." Opp. at 4 (emphasis added). That may come too late. Defendants have a long and well-documented record of moving too slowly to stem the overcrowding crisis. They have proven that it takes time to develop and implement effective population reduction measures. They must act now to avoid a default in June 2013.

Dated: February 28, 2012

                                              Respectfully submitted,

                                              /s/ *Rebekah Evenson*

                                              Rebekah Evenson
                                              PRISON LAW OFFICE
                                              Attorneys for Plaintiffs