KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS - SBN 166884
DANIELLE F. O'BANNON - SBN 207095
KYLE A. LEWIS - SBN 201041
PATRICK R. McKINNEY – SBN 215228
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5500
Facsimile: (415) 703-3035
Patrick.McKinney@doj.ca.gov

HANSON BRIDGETT LLP
JERROLD C. SCHAEFER – SBN 39374
PAUL B. MELLO – SBN 179755
WALTER R. SCHNEIDER – SBN 173113
SAMANTHA D. WOLFF- SBN 240280
RENJU P. JACOB - SBN 242388
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777--3200
Facsimile: (415) 541-9366
pmello@hansonbridgett.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# AND THE NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

# PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | CASE NO. 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, JR., et al., <br><br> Defendants. | CASE NO. C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **DECLARATION OF JAY ATKINSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR AN ORDER REQUIRING DEFENDANTS TO DEMONSTRATE HOW THEY WILL ACHIEVE THE REQUIRED POPULATION REDUCTION BY JUNE 2013** |

4316381.1

1    I, Jay Atkinson, declare:

2    1.    I am the Chief of the Offender Information Services Branch for the California Department of Corrections and Rehabilitation (CDCR). I have been with the Offender Information Services Branch of CDCR since 1999, and have assisted in gathering data maintained by CDCR on numerous occasions. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Renewed Motion for an Order Requiring Defendants to Demonstrate How They Will Achieve the Required Population Reduction by June 2013.

3    2.    As Chief of the Offender Information Services Branch, I am responsible for management and oversight of the Offender Information Services Branch that supplies research and analysis to CDCR and outside agencies regarding inmate population estimates and projections.

4    3.    I have reviewed Plaintiffs' motion and the supporting declaration of Mr. James Austin. At Paragraph 5(c) of his declaration, Mr. Austin implies that CDCR has underestimated the number of newly admitted inmates following realignment.[1] CDCR's Office of Research uses the most current data and methodology to produce its population projections, and independent experts have defined CDCR's process and projections simulation model as state-of-the art in correctional forecasting. Using those processes and projections, the adult inmate population projection in CDCR's Fall 2011 Population Projections was only one percent higher than the actual population at the end of the first six months of the projections cycle. And the adult inmate population in the Spring 2012 Population Projections was 136,447, less than one percent (0.5%) under the actual population of 137,119.

5    4.    CDCR's Office of Research provided Mr. Austin with the monthly prison

---

[1] It appears that Mr. Austin incorrectly refers to realignment legislation as AB 510 in his declaration. The Public Safety Realignment Act was initially part of Assembly Bill 109.

4316381.1                                              2

intake data he used to estimate the annualized admissions in his declaration. Although Mr. Austin fails to detail the method by which he calculated the estimated 25,000 institutional admissions asserted at Paragraph 5(c) of his declaration, it appears that he annualized the average number of admissions for the six months from October 2011 through March 2012.

5. Mr. Austin's methodology caused him to overestimate the annualized admissions in at least two ways. First, Mr. Austin included all admissions in October 2011, although CDCR received approximately 400 inmates that month that were sentenced before October 1, 2011, and, due to the nature of their offenses, would not have come to prison if they had been sentenced after the implementation of realignment. Those admissions should be removed from the October 2011 count prior to averaging the six-month intake because that one-time event will not occur again.

6. Second, although he had the data, Mr. Austin did not include admissions in April 2012. Had Mr. Austin used all available data, the annualized admissions total approximately 23,700, not the 25,000 estimated by Mr. Austin. Mr. Austin's projected increase of the population deficit by 2,000 to 4,000 in Table 1 of his declaration is thus based on incomplete data and a flawed methodology.

7. Moreover, the number of parole violators with a new term (PV-WNTs) was over-projected by a greater number than the slightly under-projected "new admissions" in the Spring 2012 Population Projections. This more than offsets the impact of any under-projected new admissions on the total inmate population.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in Sacramento, California on May 23, 2012.

*/s/ Jay Atkinson*
Jay Atkinson

4316381.1                                3