# DECLARTION OF DEBBIE J. VOROUS

KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 324-2445
  Fax: (916) 324-5205
  E-mail: William.Downer@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>                        Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN, JR., et al.,**<br><br>                        Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DECLARATION OF DEBBIE J. VOROUS IN SUPPORT OF DEFENDANTS' EX PARTE REQUEST RE: REVISED LONG-RANGE MENTAL HEALTH BED PLAN** |

    I, Debbie Vorous, declare:

    1.    I am a Deputy Attorney General with the Office of the Attorney General, attorneys of record for Defendants in this case, and I am licensed to practice in this Court. I have personal knowledge of the facts stated in this declaration and if called to testify to those facts, could and would do so competently. I make this declaration in support of Defendants' Ex Parte Request Re: Revised Long-Range Mental Health Bed Plan.

///

///

1

2. Attached as Exhibit 1 to Defendants' ex parte request is a true and correct copy of the final Mental Health Bed Need Study Based on Spring 2012 Population Projections, prepared by John Misener of McManis Consulting, which I received from the California Department of Corrections and Rehabilitation's (CDCR) Health Care Placement Oversight Program on April 23, 2012. Mr. John Misener (previously with Navigant Consulting) is the lead author and forecaster for the McManis Consulting's spring 2012 population projections. I provided these projections to the Special Master and Plaintiffs' counsel on April 23. Since April 23, Defendants have twice produced Mr. Misener for telephone conferences with the Special Master and Plaintiffs' counsel to discuss his updated population projections.

3. Attached as Exhibits 2 and 3 to Defendants' requests are true and correct copies of spreadsheets that I received from CDCR that display the revised base male and female mental health bed plans, respectively. I provided these spreadsheets to the Special Master and Plaintiffs' counsel on April 23 and June 1, and a corrected spreadsheet for the male population on June 4. I provided the assumptions upon which the spreadsheets are based to the Special Master and Plaintiffs' counsel on June 8, 2012. Since April 23, Defendants have continued to discuss with the Special Master and Plaintiffs' counsel the revised bed plan and mutual desire to move the plan forward as expeditiously as possible. I also provided to the Special Master and Plaintiffs' counsel draft copies of Defendants' request, [proposed] order, and supporting declarations.

4. Attachment A to this declaration is a true and correct copy of an e-mail from Plaintiffs' counsel that I received on June 5, 2012. The e-mail attaches a statement of Plaintiffs' position on Defendants' revised bed plan.

I declare that the foregoing is true and correct. Executed this 12th day of June 2012, at Sacramento, California.

*/s/ Debbie Vorous*

DEBBIE VOROUS

CF1997CS0003

# ATTACHMENT A

**From:** "Michael W. Bien" <mbien@RBG-Law.com>
**To:** "'Hoshino, Martin N@CDCR' (Martin.Hoshino@cdcr.ca.gov)" <Martin.Hoshino@...
**CC:** Debbie Vorous <Debbie.Vorous@doj.ca.gov>, Coleman Team - RBG Only <Colem...
**Date:** 6/5/2012 2:48 PM
**Subject:** Coleman, Bed Plan [IWOV-DMS.FID6429]
**Attachments:** Pls_ position for Defs_ ex partebrief re Revised Bed Plan, 6-5-12, 489-3.DOCX

Martin, Ben and Debbie

As you requested this morning, attached is a more complete statement of plaintiffs' position on the revised bed plan.


Michael Bien

ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbg-law.com<mailto:mbien@rbg-law.com>
www.rbg-law.com<http://www.rbg-law.com/>

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com<mailto:rbg@rbg-law.com>.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

**PLAINTIFFS' CONCERNS FOR DEFENDANTS' EX PARTE BRIEF RE REVISED MENTAL HEALTH BED PLAN**

While Plaintiffs agree that the significant population reduction that has occurred throughout CDCR prisons as a result of the three-judge court overcrowding order and Criminal Justice Realignment requires substantial adjustments in the bed plan, including the cancellation of some previously court-ordered projects, plaintiffs have expressed reservations about various aspects of Defendants' Spring 2012 mental health bed needs projections. The areas of concern raised by plaintiffs include proposed changes in the methodology appearing for the first time in the Spring 2012 Report, the reliability of certain data used in creating the projections, the failure to plan for sufficient beds to address the identified need for EOP Ad Seg patients, as well as the failure to account for CDCR's soon-to-be-implemented changes to its security classification system.

Plaintiffs, as a result of these and other concerns, do not agree that Defendants' Spring 2012 projections should be accepted, especially for the categories of male MHCB beds and male ICF beds. Plaintiffs contend that the MHCB bed need projections fail to account for Defendants' extensive, ongoing reliance on alternative placements and OHU beds and that until these issues are resolved, it is premature to approve any reduction of MHCB bed planning beyond elimination of the 30-bed Stark project. Thus plaintiffs oppose any further reduction of planned MHCB projects, including at CHCF, in Defendants' revised bed plan at this time. Likewise, given the history of unmet ICF need, barriers to admission and the upcoming evidentiary hearing on the Court's Order to Show Cause regarding Defendants' DMH waitlist plan and the sustainable DMH referral process, Plaintiffs contend that any reduction of DMH ICF beds, including at Atascadero State Hospital, would be inappropriate and the long-standing court orders requiring at least 256 ICF beds at ASH should not be modified.

In addition, plaintiffs request that any order approving the new bed plan should include a provision requiring defendants to seek court approval before closing any temporary or emergency mental health programs.

[637045-1]