KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
RENJU P. JACOB, State Bar No. 242388
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone:  (415) 777-3200
 Fax:  (415) 541-9366
 E-mail: pmello@hansonbridgett.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　　Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>　　　　　　　　　Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' RESPONSE TO JUNE 7, 2012 ORDER REQUIRING FURTHER BRIEFING** |

## I. INTRODUCTION.

The difference between the prison health care system that exists today and the one that existed in 2006 when Plaintiffs moved to convene the three-judge panel is like night and day. Since 2006, significant accomplishments have transformed the system, and progress continues to be made. Moreover, the prison population has dropped by more than 40,000 inmates since that time. In fact, the population has shrunk by nearly 23,000 inmates just since last October when the state's new public safety realignment went into effect. In addition, the state is building new and improved health care facilities for inmates needing acute and long-term health care.

The state's current projections indicate that in June 2013, the prison population will be just 2,955 inmates over the final benchmark of 137.5% of design bed capacity, which equates to about 141%.[1] The population is projected to reach 145% by this December. With all of the improvements to the health care system, Defendants are confident that once the population density reaches 145%, they will be able to demonstrate that the prison population does not prohibit them from providing constitutionally adequate medical and mental health care. Accordingly, in early 2013, Defendants intend to move for modification of the final benchmark from 137.5% to 145%.

Plaintiffs overstate the complexity of the modification motion, as well as the time needed for it to be briefed and presented to the Court. The motion will simply present the issue of whether a population density of 145% prohibits Defendants from providing constitutionally adequate care. It will not be necessary, in Defendants' modification motion, to decide whether all aspects of prison health care are constitutionally adequate. Indeed, some areas of the system that are still being improved upon may be unaffected by the population density. So long as a population density of 145% does not prohibit completion of any such improvements, the fact that some areas are still being improved upon would not be reason to deny the motion.

The Court would likely benefit from receiving expert testimony from a qualified health professional with expertise in administering a prison health care system. As Defendants propose

---

[1] For brevity, all percentages refer to prison design bed capacity.

in this response, two months should be more than enough time to accommodate this expert review, including any related expert discovery.

It does not make sense for expert inspections to begin until the population has actually dropped to the level that will be targeted in the modification motion. For that reason, Defendants propose that the expert review occur between late December and the end of February, and that Defendants file their modification motion by the end of March with a May 10, 2013 hearing. Defendants are confident that once the population drops to 145%, the Court will agree that modification of the final benchmark is warranted. The possibility that the motion could be denied should not be reason for undue concern given the tremendous systemic improvements that have been made, the shrinking prison population, and the fact the projected shortfall for the June 2013 benchmark is expected to be less than 3,000 inmates. Defendants are committed to complying with the population-reduction order. If, for some reason, the modification motion is denied, a six to twelve month extension of the final benchmark date would be appropriate to allow compliance.

## II. IT WOULD BE PREMATURE TO COMMENCE PROCEEDINGS RELATED TO THE MOTION TO MODIFY UNTIL THE PRISON POPULATION REACHES 145% IN DECEMBER 2012.

Once the prison population reaches 145% in December, Defendants are confident they will demonstrate that the population density does not prohibit them from providing inmates with constitutionally sufficient medical and mental health care. (*See* 5/7/12 Hoshino Decl., Ex. 2, Appx. G ["Baseline Gap Chart" projecting that the population will be reduced to 145.1% of design bed capacity by 12/27/12].) But Defendants can make this showing only when the evidence is available, *i.e.,* once medical and mental health care being provided is at or below 145%. Conditions are changing rapidly in the state's 33 adult institutions based on the dramatic population reduction. A motion, investigation, or discovery based on current conditions, or conditions existing at any population density greater than 145%, would require the parties to introduce irrelevant evidence and speculate about conditions that will exist at a lower population density in the future. Any such evidence would be inferior to evidence stemming from the system once the 145% level is achieved in December.

In addition, circumstances could change that would render the motion unnecessary. Defendants achieved the Court's first population benchmark on time, the second benchmark two months early, and project they will reach the next benchmark before December 27, 2012. By December, it may be clear that the population is, in fact, shrinking faster than projected, which would allow Defendants to achieve compliance with the final June 2013 benchmark without modification. Similarly, by December, any gap compared to the final benchmark and the overall population reduction may be so small that it would fall within the range of substantial compliance. Under either scenario, a modification motion would not be warranted, and the parties should not be required to expend their time and resources on discovery and briefing the motion. Accordingly, scheduling proceedings on the motion before December would be premature.

### III. MODIFICATION PROCEEDINGS INVOLVING LIMITED EXPERT DISCOVERY SHOULD COMMENCE IN LATE DECEMBER 2012 AND BE COMPLETED IN MAY 2013.

The issue to be decided on the contemplated motion to modify is whether a population density of 145% prohibits Defendants from providing constitutionally adequate medical and mental health care to inmates. Although some factual investigation and expert discovery may be necessary, there is no basis for Plaintiffs' counsel's claim that it will be "significant." Defendants anticipate that they will need one expert with expertise in administering a prison health care system to conduct a limited investigation and opine whether the population density of 145% prohibits the provision of constitutionally adequate health care. Two months should be more than enough time to accommodate the necessary expert review and discovery.

Defendants propose the following schedule for proceedings on the motion:

| Event | Date |
| --- | --- |
| Expert investigation/discovery: | December 28, 2012 – February 28, 2013 |
| Last day for Defendants to file motion to modify: | March 29, 2013 |
| Last day for Plaintiffs' counsel to file opposition: | April 15, 2013 |
| Last day for Defendants to file reply: | April 29, 2013 |
| Hearing: | May 10, 2013 |

If for some reason the motion is denied, an extension of six to twelve months would be warranted to comply with the final benchmark.  Defendants have fully and expeditiously implemented their population-reduction plan, which resulted in a dramatic population reduction.  This is precisely the type of precondition which the Supreme Court stated would support a request for an extension of time to comply with the final benchmark.  *See Plata*, 131 S. Ct. at 1947. [2]

## IV. CONCLUSION.

Proceedings related to a motion to modify are premature until Defendants have reduced the in-state prison population to 145%.  It would therefore be appropriate for the Court to once again deny the motion without prejudice and continue to evaluate the historic population reduction.  Once the population is reduced to 145%, proceedings on the motion can commence, if necessary, to allow for a hearing on the motion in May 2013.

Dated:  June 22, 2012

HANSON BRIDGETT LLP

By: */s/ Paul B. Mello*
PAUL B. MELLO
*Attorneys for Defendants*

Dated:  June 22, 2012

KAMALA D. HARRIS
Attorney General of California

By: */s/ Patrick R. McKinney*
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

CF1997CS0003
20619026.docx

---

[2] Defendants' counsel presented their proposal to Plaintiffs' counsel on June 13, 2012, but both counsel were unable to agree on either an approach or a schedule.