PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
ERNEST GALVAN, Bar No. 196065
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' RESPONSE TO JUNE 6, 2012, ORDER REQUIRING FURTHER BRIEFING REGARDING DEFENDANTS' MOTION TO MODIFY** |
| MARCIANO PLATA, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT** |

On June 6, 2012, the Court ordered the parties to submit further briefing 1) addressing the contention that proceedings on any motion to modify the January 2010 Order "will require significant factual investigation, including expert evaluations and reports, and expert discovery" and 2) proposing "a schedule for proceedings on a motion to modify." June 6, 2012, Order at 2. The parties have conferred about this matter, and the parties agreed to file separate statements.

Defendants claim that the population has dropped dramatically and that the "difference between the health care system that exists today and the one that existed in 2006 . . . is like night and day." Yet they propose a schedule that will postpone the filing of their motion for nine and a half months so that it is heard at a time when absent extraordinary measures it will be impossible for them to meet the final crowding reduction benchmark. Then they request an additional year to meet this benchmark without making any showing to justify such modification of the Court's January 2010 Order. Defendants cannot have it both ways. They may file their motion in a time frame that provides a reasonable opportunity for discovery, briefing and an evidentiary hearing before the June 27, 2013, deadline, or they may file their motion at a later date, in which case they must comply with the Court's Order unless and until it is modified. Since Defendants have chosen the latter option, they have more than a year from the present date to fully comply with the Order, and there is no need to modify the deadline.

Defendants' claim that discovery may not begin until December 28, 2012 because no relevant evidence can be gathered before then has no merit. This Court set a crowding cap based on competent evidence that was gathered when the disparity between the existing crowding and the court-ordered limit was much greater than it will be in the fall of this year. There is no reason experts cannot express an opinion now, when the crowding levels are much closer to the court-ordered level.

In addition, although Defendants intend to engage in only expert discovery starting in late December, Plaintiffs believe fact discovery also is necessary and that fact and expert discovery should begin immediately. Plaintiffs intend to discover information about

Defendants' efforts to identify the crowding level at which the prisons can provide constitutionally adequate care, and about Defendants' past and current population projections, including those that were done when the State was enacting its "realignment" legislation. There is no reason that this discovery cannot begin now.

Finally, the briefing schedule must be fair, and leave sufficient time for factual development and discovery. Defendants give themselves months to file their motion, and provide Plaintiffs only two weeks to file an opposition. And their schedule provides only two months for experts to tour several prisons and no time for expert reports or depositions.

For all these reasons, the Court should reject Defendants' proposed schedule and their request for an extension of time to comply with the January 2010 Order. Instead, the Court should adopt the schedule set forth below, which is based on Defendants' choice to begin their investigation in late December. However, under this schedule, there will be insufficient time for the motion to be heard and decided prior to the June 2013 deadline set in this Court's January 2010 Order.

Notwithstanding any proceedings on a motion to modify, this Court should order Defendants to submit a plan by which they can reduce crowding to 137.5% of capacity by June 27, 2013. Because of the inherent uncertainty with Defendants' population projections, Defendants should be required to update their plan quarterly based on new population data, to ensure that they remain on-track to comply with the Court's crowding reduction order.

**Schedule of Proceedings on Motion to Modify**

Based upon Defendants' assertion that they will gather evidence to support their motion beginning in late December, Plaintiffs propose the following schedule:

1) Open fact and expert discovery immediately.
2) December 14, 2012:  Defendants identify their expert(s), including the subject matter on which the witness is expected to present evidence.
3) January 14: Plaintiffs identify their expert(s).
4) April 15: Expert reports due.
5) May 30:  Expert deposition cut-off.

3
PLFS' REPLY TO JUNE 6, 2012, ORDER REQUIRING FURTHER BRIEFING; NOS.  CIV S 90-0520 LKK-JFM, C01-1351 TEH

6) July 1: Motion to modify due.

7) August 1: Opposition due.

8) August 15: Reply brief due.

9) [Court to set]: Hearing on motion to modify.

[Hearing may take 2-4 days, depending on nature of evidence to be presented]

Dated:  June 22, 2012

                                                Respectfully submitted,

                                                /s/ *Rebekah Evenson*

Rebekah Evenson
PRISON LAW OFFICE
Attorneys for Plaintiffs