1    IN THE UNITED STATES DISTRICT COURTS

2    FOR THE EASTERN DISTRICT OF CALIFORNIA

3    AND THE NORTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

5    PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

6

7    RALPH COLEMAN, et al.,

8                    Plaintiffs,

                                              NO. CIV S-90-0520 LKK JFM P
9              v.
                                              **THREE-JUDGE COURT**
10   EDMUND G. BROWN JR., et al.,

11                  Defendants.

12   ───────────────────────────

13   MARCIANO PLATA, et al.,

14                  Plaintiffs,                NO. C01-1351 TEH

15             v.                              **THREE-JUDGE COURT**

16   EDMUND G. BROWN JR., et al.,              SECOND ORDER REQUIRING
                                               FURTHER BRIEFING
17                  Defendants.

18

19        On May 9, 2012, plaintiffs renewed their motion for an order requiring defendants to

20   demonstrate how they will achieve the required population reduction by June 2013.[1]

21   Defendants filed an opposition to the motion on May 23, 2012, in which they confirm their

22   intention to seek a modification of the Court's order from 137.5% of design capacity to

23   145% of design capacity.[2]  Specifically, defendants state that they "will seek a modification

24   ─────────────────────

25        [1]The Court denied plaintiffs' first motion without prejudice on March 22, 2012.

26        [2]Defendants released "The Future of California Corrections," which purports to be a
     "blueprint" for the California Department of Corrections and Rehabilitation, on April 23,
27   2012.  In that report, which is available at http://www.cdcr.ca.gov/2012plan/index.html,
     defendants project that, absent additional measures to comply with this Court's order, "the
     prison population is expected to drop to about 141 percent of design capacity" by June 2013,
28   Report at 50, and thereafter rise to 144 percent by 2016, *id.* at App. G.  The report also
     signals defendants' intention to seek a modification of the Court's order.  *Id.* at 50.

1    from the Court to increase the final benchmark to 145% of design capacity by demonstrating

2    that they can provide a constitutional level of care at a higher population density."  Opp'n

3    at 2.

4             On June 7, 2012, the Court directed the parties to file further briefs addressing

5    plaintiffs' contention that proceedings on any motion to modify "'will require significant

6    factual investigation, including expert evaluations and reports, and expert discovery.'"

7    June 7, 2012 Order at 2 (quoting Reply at 5).  The parties have now filed further briefing and

8    proposed schedules for proceedings on a motion to modify the population reduction order.

9    The proposed schedules differ significantly.

10

11            The Court will require the parties to address the following threshold legal questions

12   raised by defendants' description of their proposed motion:

13            First, what is the legal basis for the motion to modify, i.e., will the motion be

14   predicated on 18 U.S.C. § 3626(b)(4) and Federal Rule of Civil Procedure 60(b)(5), or will it

15   be predicated on some other provision of law and, if so, what provision?  Relatedly, what

16   legal standards will govern the Court's resolution of such a motion?

17            Second, is the proposed motion predicated on changed circumstances that were not

18   anticipated at the time the order was entered, *see, e.g., Rufo v. Inmates of Suffolk County Jail*,

19   502 U.S. 367, 383-85 (1992), and, if so, what are those unanticipated changed

20   circumstances?  Or, instead, will the motion involve, as defendants' represent in their

21   June 22, 2012 Response, litigating "whether a population density of 145% prohibits

22   Defendants from providing constitutionally adequate care"?  Defs.' Response at 2.  If the

23   latter, how does that question differ from questions already litigated and decided by this

24   Court in its August 4, 2009 opinion and order and how, if at all, do principles of res judicata

25   affect the Court's consideration of such a motion?

26   //

27   //

28   //

2

1    <u>Third</u>, in their opposition, defendants cite language from the decision of the United

2    States Supreme Court in *Brown v. Plata*, 131 S. Ct. 1910 (2012).  Opp'n at 3.  The full

3    passage, partially quoted by defendants, provides:

4              The State has already made significant progress toward reducing
         its prison population, including reforms that will result in shifting
5         "thousands" of prisoners to county jails.  See Supp. Brief for
         Appellants at 1.  As the State makes further progress, the
6         three-judge court should evaluate whether its order remains
         appropriate.  If significant progress is made toward remedying
7         the underlying constitutional violations, that progress may
         demonstrate that further population reductions are not necessary
8         or are less urgent than previously believed.  Were the State to
         make this showing, the three-judge court in the exercise of its
9         discretion could consider whether it is appropriate to extend or
         modify this timeline.
10

11   *Plata*, 131 S. Ct. at 1947.  How, if at all, does this language support consideration of a

12   modification from 137.5% to 145%, rather than solely consideration of whether to extend or

13   modify the timeline for compliance with the existing population reduction order?

14

15        The Court will also require the parties to address the following factual questions

16   raised by the parties' briefing:

17        <u>First</u>, how would the Court's determination of the threshold legal questions above

18   affect the parties' assessments of when discovery should begin and how much time should be

19   required for factual and expert discovery, depositions, and briefing?  For example, if the

20   proposed motion is predicated on changed circumstances that were not anticipated at the time

21   the order was entered, must, as the defendants suggest, the prison population reach 145% in

22   order for defendants to make the necessary showing in support of their motion to modify?

23        <u>Second</u>, do defendants still expect the prison population to reach 145% by

24   December 2012, even though the current prison population, as of the July Status Report, is

25   2.4% greater than was predicted by the Spring Population Projections on which the 145%

26   expectation was based?  If not, what is their revised prediction for when the prisoner

27   population will reach 145%?

28   //

3

1        **Third**, if the Court ordered defendants "to begin without delay to develop a system to

2   identify prisoners who are unlikely to reoffend or who might otherwise be candidates for

3   early release," *Plata*, 131 S. Ct. at 1947, by what date would they be able to do so and, if

4   implemented, how long would it take before the prison population could be reduced to

5   137.5%?  By what other means could the prison population be reduced to 137.5% by

6   June 27, 2013?  Alternatively, what is the earliest time after that date that defendants contend

7   they could comply with that deadline?

8

9        The parties shall file briefs in accordance with this order within fourteen days.

10

11       Pending further order of the Court, defendants shall take all steps necessary to comply

12  with the Court's June 30, 2011 order, including the requirement that the prison population be

13  reduced to 137.5% by June 27, 2013.

14

15  **IT IS SO ORDERED.**

16

17  Dated:   08/03/12

18                                    STEPHEN REINHARDT
                                       UNITED STATES CIRCUIT JUDGE
                                       NINTH CIRCUIT COURT OF APPEALS
19

20

21  Dated:   08/03/12

22                                    LAWRENCE K. KARLTON
                                       SENIOR UNITED STATES DISTRICT JUDGE
                                       EASTERN DISTRICT OF CALIFORNIA
23

24

25  Dated:   08/03/12

26                                    THELTON E. HENDERSON
                                       SENIOR UNITED STATES DISTRICT JUDGE
                                       NORTHERN DISTRICT OF CALIFORNIA
27

28

                                    4