KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-2445
 Fax: (916) 324-5205
 E-mail: William.Downer@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO OBJECTIONS TO THE SPECIAL MASTER'S TWENTY-FOURTH ROUND MONITORING REPORT ON DEFENDANTS' COMPLIANCE WITH PROVISIONALLY APPROVED PLANS, POLICIES, AND PROTOCOLS** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

At the July 13, 2012 Status Conference, the Court acknowledged the improvements Defendants are making to correctional mental health services. Defendants remain committed to working with the Special Master to improve their mental health quality assurance system. (*See* Decl. of Dr. Belavich.) Their sole objection to the Special Master's twenty-fourth monitoring report was that a further order concerning Defendants' quality assurance system was unneeded, given the parties' collaborative approach and the Special Master's positive assessments. Plaintiffs have responded that only another court order will prompt Defendants to continue

1

Defs.' Reply to Plfs.' Response to Objs. to the Twenty-fourth Round Monitoring Rep. (2:90-cv-00520 LKK JFM P)

evaluating and improving their quality assurance system. Such an order remains unnecessary. (See Decl. of Dr. Belavich ¶¶ 2-4 [confirming Defendants' standing invitation for Special Master to participate in *Plata* Receiver and Defendants' ongoing revisions to quality management system]; *and* Decl. Dr. Eargle ¶¶ 3-8 [confirming Defendants' ongoing improvements to existing quality management system].)

Defendants have demonstrated their willingness and commitment to sustainable self-improvement. Indeed, Defendants have invited the Special Master's input and counsel without a court order. (See Docket No. 4219, Exhibit A.) Further, the Court has recognized Defendants' recently-demonstrated political will to improve class members' care is not based on court orders compelling that care, but because it is the right thing to do. Defendants' commitment to work with the Special Master to evaluate and improve their system shows that a further order is unnecessary.

The Special Master's current findings describe an established and improving quality assurance framework and refute Plaintiffs' contentions that the system is constitutionally defective:

> In the area of quality management, it has become apparent over the past several monitoring periods that CDCR institutions have generally succeeded with establishing and maintaining the foundations of the quality management framework that was conceived early in the remedial process. The initial goals of establishing the basic infrastructure of quality management appear to have been realized. Across institutions, local governing bodies, quality management committees, and mental health subcommittees are in place and are generally meeting regularly and drawing good attendance. QITs are being chartered and used appropriately. Peer review is generally taking place.

(24th Monitoring Report, Docket No. 4205, at 63.) There is no timely evidence showing that Defendants' quality assurance system is inadequate to support constitutional mental health care.

Plaintiffs assert that Defendants failed to comply with the Order of Reference by not providing a formal objection to the Special Master's recommendation. But in direct response to the recommendation for a court order, Defendants proposed a less-formal collaboration. (*See* Docket No. 4219, Ex. A.) Specifically, Defendants invited the Special Master to review the revised quality assurance process in coordination with CDCR and the Receiver. (*See* Docket No.

2

Defs.' Reply to Plfs.' Response to Objs. to the Twenty-fourth Round Monitoring Rep. (2:90-cv-00520 LKK JFM P)

4219, Ex. A.) Defendants' position in their formal objection, while amplified, was entirely consistent with the statement in their letter. Defendants should not be penalized for attempting to negotiate an alternative course of action without resorting to formalistic and potentially counter-productive legal arguments in their letter. Plaintiffs' position—that Defendants must provide "identically" legalistic objections to the Special Master before filing an objection—is antithetical to their earlier criticism that Defendants were resisting collaboration with the Special Master. The Special Master's reaction to Defendants' comments in his report confirms that he understood Defendants' intended message. (24th Monitoring Report, Docket No. 4205, at 66-67.) Under these circumstances, adopting the Plaintiffs' interpretation of the order of reference would be unduly harsh.

For all these reasons, the Court should reject Plaintiffs' response and sustain Defendants' objection.

Dated: August 3, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

/s/ William H. Downer

WILLIAM H. DOWNER
Deputy Attorney General
Attorneys for Defendants

CF1997CS0003

3

Defs.' Reply to Plfs.' Response to Objs. to the Twenty-fourth Round Monitoring Rep. (2:90-cv-00520 LKK JFM P)