DONALD SPECTER – 083925
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
LAURA BOYSEN-ARAGON – 248083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>EDMUND G BROWN, JR., et al., <br><br>    Defendants. | Case No. Civ S 90-0520 LKK-JFM P <br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>EDMUND G. BROWN, JR., et al., <br><br>    Defendants. | Case No. C01-1351 TEH <br><br>**THREE JUDGE COURT** |

**PLAINTIFFS' APPLICATION FOR LIMITED DISCOVERY AND ORDER TO SHOW CAUSE RE CONTEMPT**

For more than a year Defendants have been under an obligation to take "all reasonable steps within their power" to meet the deadlines set by this Court in its January 2010 and June 2011 Orders. *Stone v. City & Cnty of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). Yet, there is no indication that Defendants have ever intended to reduce the population to 137.5% of design capacity by June 27, 2013. Defendants have all but stated that they have no intention of complying with this part of the Court's Orders. Defs. Resp. to August 3, 2012 Second Order Requiring Further Briefing. Instead, they imply that they are not obligated to comply because they intend to attempt to modify that Order and seek a higher population density that will not "prohibit Defendants from providing constitutionally adequate care." Defs. Resp. at 3. Defendants intend to rely on evidence of prison conditions that will not occur for more than six months, and plan to file that motion on June 28, 2013, the day after the population must be reduced to 137.5%. *Id*. at 10.

This Court recently stated in no uncertain terms that it expected Defendants to take all necessary steps to comply with its June 30, 2011 Order, notwithstanding Defendants' stated intent to move to modify that Order. August 3, 2012 Order at 4; *Cf. Maness v Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."). Despite this Order, Defendants' subsequent filings made it clear that they will do nothing more even though their own population projections show that they will not achieve compliance with the final benchmark. Defs. Response to Aug. 3 Order; Defs.' Aug. 2012 Status Report at 1 (Plata Dkt No. 2461) ("there is no need at this time to undertake additional crowding-reduction measures to achieve compliance").

In addition, Defendants have refused to provide critical information about alternative methods of reducing the prison population. Although the Supreme Court held

1  that it was within this Court's discretion to order the State to develop "without delay" a
2  system to identify prisoners suitable for early release, *Brown v. Plata*, 131 S. Ct. 1910,
3  1947 (2012), the State has failed to comply with the Court's order to answer specific
4  questions on that subject. *See* Aug. 3 Order at 4.
5       The Court should not tolerate such willful disobedience with its lawful orders.
6  First, the Court should order that within 7 days Defendants answer the following questions
7  posed by the Court in its August 3, Order or show cause why they should not be held in
8  contempt for refusing to do so:

> if the Court ordered defendants "to begin without delay to develop a system to identify prisoners who are unlikely to reoffend or who might otherwise be candidates for early release," *Plata*, 131 S. Ct. at 1947, by what date would they be able to do so and, if implemented, how long would it take before the prison population could be reduced to 137.5%? By what other means could the prison population be reduced to 137.5% by June 27, 2013? Alternatively, what is the earliest time after that date that defendants contend they could comply with that deadline?

15      Second, the Court should order Defendants to periodically provide statistical
16 information to Plaintiffs for review by their expert so that he can form an opinion on the
17 measures needed to reach 137.5% by June 27, 2013. The parties should be ordered to meet
18 and confer about the statistical data that will be provided.
19      Third, the Court should permit Plaintiffs to take limited discovery designed to
20 determine what steps Defendants have taken to comply with the Court's June 30, 2011 and
21 August 3, 2012 Orders, the population projections that have been produced on those and
22 all other alternatives considered and what other measures could be taken to safely meet the
23 population reduction deadlines. Plaintiffs request that the Court order Defendants to
24 respond within 14 days to the Request for Production of Documents submitted herewith as
25 **Exhibit A**, and permit Plaintiffs to take a deposition on these subjects under Federal Rule
26 Civil Procedure, Rule 30(b)(6).
27 / / /
28 / / /

1  Fourth, the Court should hold a status conference in sixty days on Defendants'
2  progress in meeting the population deadlines. The Court should order that a representative
3  of the Governor's office and the Secretary of the CDCR be personally present at that
4  hearing.[1]

5

6  DATED: August 22, 2012        Respectfully submitted,

7                                PRISON LAW OFFICE

8                                By: */s/ Donald Specter*
9                                    Donald Specter

10                               Attorneys for *Plata* Plaintiffs

11

12 DATED: August 22, 2012        ROSEN BIEN GALVAN & GRUNFELD LLP

13                               By: */s/ Michael W. Bien*
14                                   Michael W. Bien

15                               Attorneys for *Coleman* Plaintiffs

---

[1] This hearing may be conducted by a single judge or by all three judges. 28 U.S.C. § 2284(b)(3).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DONALD SPECTER – 083925
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
LAURA BOYSEN-ARAGON – 248083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM P<br><br>**THREE JUDGE COURT** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT** |

**PLAINTIFFS' FIRST JOINT SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTIES:** *COLEMAN* and *PLATA* PLAINTIFFS

**RESPONDING PARTIES:** DEFENDANTS BROWN, CATE, MATOSANTOS and ALLENBY

**SET NUMBER:** FIRST JOINT SET

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Ralph Coleman requests that Defendants BROWN, CATE, MATOSANTOS, and ALLENBY ("Defendants") produce all responsive Documents requested herein at the office of Plaintiff's counsel, Rosen Bien Galvan & Grunfeld LLP at 315 Montgomery Street, Tenth Floor, San Francisco, California, 94104.  The date of production shall be thirty (30) days from the date of these Requests, or on such other date as counsel may mutually agree.

## INSTRUCTIONS

1. The following Requests require the production of all responsive documents within the sole or joint possession, custody, or control of any agents, agencies, boards, departments, employees, servants, representatives, consultants, counsel, and/or other persons or entities acting or purporting to act on Defendants' behalf, or otherwise subject to the control of any Defendants.

2. The following Requests are continuing in nature and require prompt supplemental responses for any and all responsive documents that come into any Defendant's sole or joint possession, custody, or control after the service of any initial responses hereto.

3. The following Requests require the production of preliminary drafts, revisions, and/or copies of any such document if the copy is in any way different from the original.

4. The following Requests require the production of all transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, in addition to the documents themselves.

5. Pursuant to Federal Rule of Civil Procedure 34(b), all responsive documents are required to be produced either: (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which they are maintained); or (b) organized and labeled to correspond with the categories of the

Requests to which they respond.

6. If any responsive document is maintained in a computer-readable form, the document shall be produced: (a) in hard copy form, in a format generally used in the ordinary course of business; and (b) on disk, tape, or other form of computer storage, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

7. In construing the Requests herein, the singular shall include the plural and the plural shall include the singular. A masculine, feminine or neutral pronoun shall not exclude the other genders, so that the interpretation applied results in the more expansive production. The terms "and" and "or" shall be construed broadly and expansively as "and/or," and shall not be construed to limit the documents or information sought in any manner.

8. If any Request demands production of documents that have been lost, discarded, or destroyed, identify such documents as completely as possible. Such identification shall include, but is not limited to, a description of the subject matter of the document, the author of the document, the date of the document's creation, the date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

9. For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, furnish a list identifying each document, or portion thereof, not produced for this reason, together with the following information: (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, or responsibilities, and relationship to Defendants of all persons who either prepared or received the document; (e) the number of pages and attachments; (e) the type and nature of the privilege or exemption asserted; and (f) the contents or subject matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (*see* Fed. R. Civ. P. 26(b)(5)). For any responsive document or portion

thereof that may not properly be redacted or withheld in its entirety, produce each and every portion thereof to which the claimed privilege or exemption does not apply and specify, on the face of each such page or portion, the fact and reason for the redaction or withholding.

## DEFINITIONS

1. "DOCUMENT" or "DOCUMENTS" as used herein is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" as set forth in Rule 1001(1) of the Federal Rules of Evidence. The term refers to but is not limited to the product of any method of recording information, whether by writing or otherwise, including without limitation: any written, electronic, or computerized files, data or software; memoranda; correspondence; communications; reports; summaries; studies, analyses; evaluations; notes or notebooks; indices; logs; books, booklets or binders; pamphlets; calendar or diary entries; ledger entries; press clippings; graphs; tables; charts; drawings; maps; meeting minutes; photographs; transcripts; audio or video recordings or tapes; facsimile transmissions; electronic mail messages; and the like. "DOCUMENT" shall include each copy of any whole or part of a document on which there appears any marking or deletion which does not appear on the original or other copies thereof, together with all drafts or notes for the preparation of each document. If the original of a document is not available, "DOCUMENT" includes any identical copy of the original.

2. Unless otherwise indicated, "RELEVANT TIME PERIOD" for the purpose of these Requests means the time period from **January 1, 2010 until the present**.

3. "REFER(S) TO" or "RELATE(S) TO" means constituting, representing, defining, depicting, concerning, embodying, reflecting, identifying, stating, mentioning, addressing, or pertaining to the subject matter of the request in whole or in part, directly or indirectly.

4. "INCLUDING" means "including, but not limited to," and is not to be construed to limit a Request.

5. "COMMUNICATIONS" means any recorded transfer of information or impression, whether it be by digital, electronic, audio, visual, written or other means.

6. "YOU" and "YOUR" refers to all defendants in this litigation, their agents, representatives, attorneys, and all other persons or entities acting on their behalf.

7. "DEPARTMENT" means the California Department of Corrections and Rehabilitation, including any boards, divisions, units, agencies, agents, servants, representatives, consultants, or counsel thereof and any predecessor entities thereof, including the former California Department of Corrections.

8. "CDCR PRISON" and "PRISONS" means any and all facilities in which class members in this litigation are or can be incarcerated, including DMH facilities, and any planned redesigns of, construction to, or renovations of such facilities, and any new such facilities contemplated by AB 900.

9. "TIMETABLE" means any DOCUMENT setting forth a calendar, schedule, chart, table, or any other information that RELATES to the timing for completing any or all phase(s) of the subject matter of the request.

10. "COMMUNICATION" or "COMMUNICATIONS" means any exchange or transfer of information between two or more natural persons, any units of government, (including governmental agencies or local heads of government), nonprofit organizations, public interest groups, associations, quasi-public entities, and all other forms of legal entities, whether written, oral, or in any other form.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to prison population projections or estimates developed, consulted or relied upon by YOU in estimating or predicting the prison population and/or crowding reductions to be achieved or attempted during the RELEVANT PERIOD in the following subcategories:

a. RELATED to the legislation YOU referred to as "Senate Bill 19 (2009), effective January 2010" in YOUR filing with this Court of June 7, 2011 (*Coleman* Docket

1  No. 4016).

2      b.    RELATED to the legislation YOU referred to as "Senate Bill 1399, effective January 1, 2011" in YOUR filing with this Court of June 7, 2011 (*Coleman* Docket No. 4016).

5      c.    RELATED to the legislation YOU referred to as "Senate Bill 1266, effective January 1, 2011" in YOUR filing with this Court of June 7, 2011 (*Coleman* Docket No. 4016).

8      d.    RELATED to the legislation YOU referred to as "Assembly Bill 109, signed into law on April 4, 2011" in YOUR filing with this Court of June 7, 2011 (*Coleman* Docket No. 4016).

11      e.    RELATED to the legislation YOU referred to as "AB 117" in YOUR filing with this Court of July 20, 2011 (*Coleman* Docket No. 4043).

13      f.    RELATED to the legislation YOU referred to as "AB 118, Act of June 30, 2011, Ch. 40, § 3" in YOUR filing with this Court of July 20, 2011 (*Coleman* Docket No. 4043).

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to STUDIES, REPORTS, PROJECTIONS, OR ESTIMATES of prison population projections or trends developed by the <u>Office of Research for the California Department of Corrections and Rehabilitation</u> during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to STUDIES, REPORTS, PROJECTIONS, OR ESTIMATES of prison population projections or trends developed by the <u>Population Management Unit of the Division of Adult Institutions for the California Department of Corrections and Rehabilitation</u> during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS that REFER or RELATE to

1  STUDIES, REPORTS, PROJECTIONS, OR ESTIMATES developed during the
2  RELEVANT PERIOD regarding the data consulted or relied on in preparing all of the
3  Status Reports filed by YOU pursuant to the Court's January 12, 2010 and June 30, 2011
4  Orders.

6  DATED: August 22, 2012             PRISON LAW OFFICE

7                                     By: */s/ Donald Specter*
8                                         Donald Specter

9                                     Attorneys for *Plata* Plaintiffs

11 DATED: August 22, 2012             ROSEN BIEN GALVAN & GRUNFELD LLP

12                                    By: */s/ Michael W. Bien*
13                                        Michael W. Bien

14                                    Attorneys for *Coleman* Plaintiffs

[666365-1]