1  PRISON LAW OFFICE                         ROSEN, BIEN & GALVAN, LLP
   DONALD SPECTER, Bar No. 83925             MICHAEL W. BIEN, Bar No. 96891
2  STEVEN FAMA, Bar No. 99641                JANE E. KAHN, Bar No. 112239
   ALISON HARDY, Bar No. 135966              ERNEST GALVAN, Bar No. 196065
3  SARA NORMAN, Bar No. 189536               LISA ELLS, Bar No. 243657
   REBEKAH EVENSON, Bar No. 207825           315 Montgomery Street, 10th Floor
4  1917 Fifth Street                         San Francisco, California  94104
   Berkeley, CA  94710                       Telephone: (415) 433-6830
5  Telephone:  (510) 280-2621

6  THE LEGAL AID SOCIETY –                   BINGHAM, McCUTCHEN, LLP
   EMPLOYMENT LAW CENTER                     WARREN E. GEORGE, Bar No. 53588
7  CLAUDIA CENTER, Bar No. 158255            Three Embarcadero Center
   600 Harrison Street, Suite 120            San Francisco, California  94111
8  San Francisco, CA  94107                  Telephone: (415) 393-2000
   Telephone:  (415) 864-8848
9
   Attorneys for Plaintiffs
10
                    IN THE UNITED STATES DISTRICT COURTS
11
                FOR THE EASTERN DISTRICT OF CALIFORNIA
12
                  AND THE NORTHERN DISTRICT OF CALIFORNIA
13
        UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
14
           PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE
15
   RALPH COLEMAN, et al.,              )  No.  Civ S 90-0520 LKK-JFM P
16                                     )  **THREE-JUDGE COURT**
            Plaintiffs,                )
17         vs.                         )  **PLAINTIFFS' RESPONSE TO**
                                       )  **DEFENDANTS' SEPTEMBER 17, 2012**
18 ARNOLD SCHWARZENEGGER, et al.,      )  **RESPONSE TO SEPTEMBER 7, 2012,**
                                       )  **ORDER**
19          Defendants                 )
                                       )
20                                     )
   MARCIANO PLATA ,et al.,             )  No. C01-1351 TEH
21                                     )  **THREE-JUDGE COURT**
            Plaintiffs,                )
22         vs.                         )
                                       )
23 ARNOLD SCHWARZENEGGER, et al.,      )
                                       )
24          Defendants                 )

25

26

27

28

The Court should issue an order requiring the parties to propose plans for reducing crowding to 137.5% of capacity by June 27, 2012. Such an order is necessary because, despite this Court's August 3, 2012, order requiring Defendants to take "all steps necessary to comply with the Court's June 30, 2011 order, including the requirement that the prison population be reduced to 137.5% by June 27, 2013," Defendants have not done so and nothing indicates that they intend to change course.

In their September 17 Response, Defendants identify the steps that would be necessary for them to come into full compliance – mainly, obtaining legislative authority for sentencing reform and good time credits – but they apparently have made no effort to seek the needed legislation or take other steps to bring themselves into compliance, and state that they will not do so unless the Court "insists" on enforcing its order. Def. Resp. to Sept. 7 Order at 1, 6 (Dec. 17, 2012).

This is not the first time that Defendants defied this Court's crowding reduction order. In violation of this Court's 2009 Order to develop a plan to reduce crowding to 137.5% of capacity, Defendants submitted a plan that would only reduce crowding to 166% of design capacity. *See* Oct. 21, 2009, Order Rejecting Plan at 2. The Court rejected Defendants' plan, and ordered Defendants to submit another one, noting that it was "unaware of any excuse for the state's failure to comply" with the August 4, 2009, Order, and averring that it would view "with the utmost seriousness any further failure to comply with our orders." Id. at 6. Now, three years later Defendants are doing essentially the same thing.

Although they concede they will not comply with the Court's order by the June 2013 deadline, Defendants make plain that they will not develop a plan to comply absent further court order. Def. Resp. to Sept. 7 Order at 1 (only if the court "insists"). They state that any plan to comply would be "developed under Defendants' protest." *Id.*

Moreover, Defendants' claim that it would take six months to identify low risk prisoners and develop a good-time credit program is simply wrong. *Id.* at 5.[1] Defendants have two validated risk assessment instruments that measure each prisoner's risk of recidivism in a way that is much more accurate than the criteria used in their Realignment legislation. Austin Decl, ¶¶ 4-5; *see* California Rehabilitation Oversight Board Sept. 15, 2012 Biannual Report at 14 ("Data provided by the department indicates that as of July 2012, 96.0 percent of inmates and 96.5 percent of parolees have [risk assessment] scores"), available at http://www.oig.ca.gov/media/crob/reports/C-ROB%20Biannual%20Report%20September%2015%202012.pdf (site last visited Sept. 23, 2012). In other words, Defendants have *already* identified the inmates who are least likely to reoffend. *Id.* Plaintiffs' expert, who has worked in several other states to develop good time credit programs, affirms that it should not take more than 30 days to develop a good time credit program for low risk prisoners in California. Austin Decl., ¶¶ 6-7.

In light of Defendants' failures to take all necessary steps to comply with the crowding reduction order, and their evident resistance toward doing so in an appropriate and timely manner, Plaintiffs propose that the Court establish the following procedure for both parties to develop crowding reduction plans:[2]

1) Each party should be required to develop a proposed plan that will reduce the prison population sufficiently to comply with the June 27, 2013 deadline, taking into account the population reducing measures that this Court found in the August 4, 2009, Order would not have an adverse impact on public safety or the operation of a

---

[1] Defendants also warn that because they haven't yet "developed or implemented a particular population reduction plan" apart from Realignment, "they cannot state when or how such an additional plan would reduce the prison population to 137.5%." *Id.* This further hedging does not give confidence about any plan they might develop.

[2] Plaintiffs note that this plan may need to fill a larger-than-expected gap in compliance with the Court's order. Preliminary data now show that Defendants will be 8-9,000 prisoners over the cap in June 2013 – even if prisoners remain in out-of-state prisons. Austin Decl., ¶¶ 2-3. The State is continuing to base its population estimates on the Spring 2012 Population Projections, which may be outdated. While the State typically issues "Fall Population Projections" in August of each year, it has not yet published the revised fall projections.

criminal justice system, and to circulate a draft of such plan to the opposing party within 30 days;

2)  The parties should be ordered to meet and confer about their respective plans, and to submit final proposals to the Court within 60 days;

3)  If the Parties do not agree upon a joint proposal within 60 days, on the 60th day each party should submit a) its own proposal; and b) any objections to the other party's proposal.

4)  Defendants should be required to identify all state laws that would have to be waived for them to implement any provision in the joint proposal, Plaintiffs' proposal or their own proposal.

5)  The Court should further require Defendants to immediately provide Plaintiffs with full and immediate access to current data about CDCR's population, admissions, and releases, and enable Plaintiffs' expert to confer freely with CDCR's data analysts about CDCR's population projection models. *See* Austin Decl., ¶¶ 3, 7.

Dated:  September 24, 2012

Respectfully submitted,

*/s/ Rebekah Evenson*

Rebekah Evenson
PRISON LAW OFFICE
Attorneys for Plaintiffs