PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
ERNEST GALVAN, Bar No. 196065
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA
AND THE NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>**DECLARATION OF JAMES AUSTIN IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' SEPTEMBER 17, 2012 RESPONSE TO SEPTEMBER 7, 2012, ORDER** |
| MARCIANO PLATA ,et al.,<br>Plaintiffs,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>Defendants | No. C01-1351 THE<br>**THREE-JUDGE COURT** |

I, James Austin, hereby declare:

1. I am a criminologist retained by Plaintiffs' counsel in this action. I have previously submitted expert reports in this action, and have testified before the Court. I have personal knowledge of the matters set forth herein and if called as a witness I could and would competently so testify.

2. I have reviewed the State's "Spring 2012 Population Projections," which are published on CDCR's website, as well as the data underlying those projections, including data reflecting population changes between October 1, 2011 (the date that AB 109 Realignment went into effect) and April 27, 2012. I have also reviewed prison admission numbers since January 2011. Although I have requested prison release data for that same timeframe, I have not received it. Nor have CDCR's data analysts responded to my request to confer about the data I have received.

3. Based on my review of the data that CDCR has provided, it appears that prison admissions are stabilizing, and that the population reduction impacts from Realignment are nearing a "plateau." It further appears that, if the admissions data remains constant, the population of the 33 in-state prisons will be approximately 118,000-119,000 in June 2013, with an additional 8,000-plus prisoners in out-of-state prisons. I will need additional information, including access to additional CDCR databases and the ability to confer with CDCR's data analysts about their population projection models, in order to verify my preliminary estimates.

4. CDCR currently has two tools by which it can assess each prisoner's risk of recidivism: the Correctional Offender Management and Profiling Alternative Sanctions (COMPAS) assessment tool, and the California Static Risk Assessment Instrument (CSRA). Both of these assessment tools have been validated by independent academic studies as reliable predictors of recidivism rates. Both of these tools will assess risk more accurately than the criteria used by the State in its realignment program, which relies only on the offense(s) committed by the offender. Both COMPAS and CSRA use additional information that makes the assessment of risk more reliable.

5. I am informed and believe that every California prisoner has already been assessed by the CSRA, and that many have been assessed by COMPAS. Accordingly, the State currently possesses reliable and valid risk data about which prisoners are unlikely to reoffend if released.

6. It is a relatively simple task to design a program to provide additional good-time credits for prisoners who do not pose a high risk of recidivating for a serious and violent crime. I have worked with many states to create such systems (Nevada, Illinois, Maryland, Arkansas, Louisiana, and Kentucky to name a few) If the State works diligently, there is no reason it could not create and implement such a program in 30-60 days.

7. If the Court were to order Plaintiffs to design a plan for meeting the population reduction targets, by for example, providing additional good-time credits to non-dangerous and otherwise qualified prisoners, I could create such a system within 30 days, provided that I have full and immediate access to current data about CDCR’s population, admissions, and releases, and provided I have the ability to confer freely with CDCR’s data analysts about CDCR’s population projection models.

8. Such a program could then be implemented within 60 days of its design, and serve to start lowering the CDCR institutional prison population and thus meet the requirements of the court order without jeopardizing public safety. If the credits are awarded retroactively, they will have an even greater initial impact on the crowding levels.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct, and that this declaration was executed September 21, 2012, in Los Angeles, California.

/s/
James Austin

(approval to e-file obtained by Plaintiffs’ counsel)