PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
ERNEST GALVAN, Bar No. 196065
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 433-6830

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, California 94107
Telephone: (415) 864-8848

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California 94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br>　　vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No. Civ S 90-0520 LKK-JFM P<br>**THREE-JUDGE COURT**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OCTOBER 15, 2012, STATUS REPORT AND REQUEST FOR COURT ORDER RE: DEFENDANTS' PROJECTED FAILURE TO MEET DECEMBER 2012 BENCHMARK** |
| MARCIANO PLATA, et al.,<br><br>　　　　Plaintiffs,<br>　　vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants | No. C01-1351 TEH<br>**THREE-JUDGE COURT** |

**Introduction**

This week, Defendants essentially conceded that they are not on track to comply with the Order to reduce crowding to 147% of capacity by December 2012, but they offered no explanation of what they have done or will do to "take all steps necessary to comply" with the Order. Second Order Requiring Further Briefing at 4, Aug. 3, 2012. Accordingly, the Court should order Defendants to identify the steps that they will take to bring themselves into compliance with the December benchmark.

Plaintiffs acknowledge that the Court has just issued an order requiring the parties to submit plans to meet the June 2013 deadline for reducing crowding to 137.5% of capacity. Those plans, however, will not be submitted until January 7, 2013 – *after* Defendants have already missed the December 2012 deadline. Order to Develop Plans, Oct. 11, 2012. And Defendants' new status report shows that they will not even meet the next interim benchmark of 147% of capacity by December 2012.

The Court's June 30, 2011 Order, requires that if Defendants do not believe they will meet the next benchmark, they must inform the Court of the "further actions" necessary to get them back on track toward meeting the benchmark. Order Requiring Interim Reports at 3, June 30, 2011. Defendants must supplement their October status report to include the required information.

**Background**

This Court's January 12, 2010, and June 30, 2011, Orders require that by December 27, 2012, Defendants must reduce crowding to 147% of design capacity, or approximately 117,000 prisoners.

In their October 15, 2012, Status Report, Defendants acknowledge that they are unlikely to comply with that requirement. They acknowledge that their earlier estimates (based on the Spring 2012 Prison Population Projections) were overly optimistic; instead of continuing to decrease, the prison population "remained virtually unchanged over the last month," hovering at approximately 120,000 prisoners, and Defendants are now "reassessing whether the population will reach the 147% benchmark on time." Defs.' Oct. 15, 2012, Status Report at 1.

1
PLFS' RESP TO DEFS OCT 15, 2012 STATUS REPORT, NOS. CIV S 90-0520 LKK-JFM, C01-1351 TEH

(They previously admitted that they will not achieve the June 2013 benchmark. Defs.' Opp'n at 7, May 23, 2012.)

Defendants October 15 Status Report notes that Defendants will be publishing revised population projections "later this month" and that they would provide a further update in their November status report. Defs.' Oct. 15, 2012, Status Report at 1. That is too late. The Court requires that each status report explain "whether defendants expect to meet the next six-month benchmark and, if not, what further actions are contemplated and the specific persons responsible for executing those actions." Order Requiring Interim Reports at 3, June 30, 2011. Also, "[i]f, at any time, the State believes that the waiver of state law by this court is necessary to permit it to meet any of the [] population reduction deadlines," Defendants are required to promptly inform the Court, and explain why such waiver is necessary, and what other alternatives means exist to comply with the Order. Order to Reduce Prison Population at 5-6, Jan. 12, 2010.[1]

Defendants are now aware that they will not meet the next benchmark. Their October status report, however, was silent about what steps the State would take to meet the benchmark, or whether any waiver of state law may be necessary.

**Defendants Must Identify The Additional Steps They Will Take to Comply with the December 2012 Deadline.**

This Court has ordered Defendants to "take all steps necessary to comply with the Court's June 30, 2011 order." Second Order Requiring Further Briefing at 4, Aug. 3, 2012. It has ordered Defendants to report on their progress in complying with the order. Order to Reduce Prison Population at 5, Jan. 12, 2010; Order Requiring Interim Reports at 2, June 30, 2011. And it has ordered Defendants to take additional steps when it appears that they will not comply with an upcoming benchmark. Order to Reduce Prison Population at 5, Jan. 12, 2010; Order Requiring Interim Reports at 2-3, June 30, 2011.

---

[1] In addition, if the State misses any of the benchmarks, it must immediately identify "whether such deficiency could have been avoided by the exercise of executive authority" and, if legislative changes are necessary, "what efforts defendants have made to obtain such changes." *Id.* at 5.

It is now clear that Defendants are not taking all steps necessary to comply with the December 2012 deadline, and they have failed to identify the additional steps necessary to bring themselves into compliance. Accordingly, the Court should order them to submit that information immediately.

Defendants cannot delay further by hiding behind the population projections that are due out later this month.[2] First, Defendants have already delayed producing the updated Fall 2012 Population Projections. The State typically issues "Fall Population Projections" in August of each year; in August 2012, however, the State submitted a declaration stating that the Fall Population Projections would be published in September (Decl. of Jay Atkinson ISO Defs.' Response to Aug 3 Order ¶ 3, Aug. 17, 2012; now, they say the updated projections aren't due until late October.

In any event, as Defendants have long admitted, population projections are often "speculative" and the real test is what the "actual population trend data" shows. Defs.' Opp'n at 3, Feb. 27, 2012. Plaintiffs' experts gave Defendants ample warning that the prison admissions data showed that Defendants' Spring 2012 Population Projections were unduly optimistic. Austin Decl., ¶¶ 5-6, May 09, 2012. And Defendants' own data publications have confirmed that the prison population has not been declining as they had initially projected it would. On Defendants' web-page, they publish the following chart, which shows that the population plateaued in August:

//
//
//
//

---

[2] This is precisely what Defendants did when Plaintiffs raised this matter eight months ago, in February 2012. At that time, Plaintiffs pointed out that Defendants were not on track to meet their population reduction deadline. Pls.' Mot. at 2-3, Feb. 07, 2012. Defendants responded that the Court should take no action until the Spring population projections were published. Defs.' Opp'n at 3-4, Feb. 27, 2012. When the Spring population projections were ultimately published, they confirmed that Defendants were not on track to meet their population reduction deadline. Pls.' Renewed Mot. at 4-5, May 09, 2012.



*Three-Judge Court order covers population levels in the 33 adult institutions in California.
**Overall population includes inmates in fire camps and private facilities (in-state and out-of-state), as well as inmates in the 33 institutions covered by the Three-Judge Court order.

http://www.cdcr.ca.gov/News/3_judge_panel_decision.html (site last visited Oct. 19, 2012)

The data Defendants' submitted to the Court showed the same thing. In July, 2012, the population of CDCR's 33 prisons was 120,946. Defs.' July 11, 2012, Status Rpt. at 1. In August, 2012, the population of the 33 prisons was 120,139. Defs.' Aug. 15, 2012, Status Rpt. at 1. In September, 2012, the population of the 33 prisons was 119,893. Defs.' Sept. 14, 2012, Status Rpt. at 1.[3]

---

[3]. The overall institutional population at that time was more than 2,200 prisoners higher than projected. In their Spring Population Projections, Defendants estimated that by September 30, 2012, the total Institutional Population, which includes camps, out-of-state facilities, etc., would be 130,990. *See* Spring 2012 Population Projections, Table 3, p. 23 (available at *http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/Projections/S12Pub.pdf* ). In fact, the total Institutional Population was 133,202. See CDCR Weekly Report of Population as of Sept. 26, 2012 (available at http://www.cdcr.ca.gov/Reports_Research/Offender_Information_Services_Branch/WeeklyWed/TPOP1A/TPOP1Ad120926.pdf)

Despite all the evidence to the contrary, Defendants' July, August, and September status reports all state:

> Defendants continue to project that the in-state prison population will be reduced to 147% of design capacity before the Court's December 27, 2012 benchmark. [] Because Defendants met the Court's second benchmark more than two months early and their best projections show that they will achieve the next benchmark before the December 27, 2012 target date, there is no need at this time to undertake additional crowding-reduction measures to achieve compliance.

Defs.' July 11, 2012, Status Report at 3-4 (*Plata* Dkt. No. 2453); *see also* Defs.' Aug. 15, 2012, Status Report at 2 (*Plata* Dkt. No. 2461) (same); Defs.' Sept. 14, 2012, Status Report at 1 (*Plata* Dkt. No. 2478) (same).

Defendants' October report was notably different; with a population of 119,904 on October 15, Defendants no longer predicted compliance with the December 2012 deadline, but they also failed to identify the steps that Defendants would take to come into compliance.

The Court has been properly reluctant to impose new burdens on Defendants when they are not necessary. Here, however, further Court action is necessary and appropriate. When the Court issued its October 11, 2012 Order to develop plans to meet the June 2013 deadline, Defendants had assured the Court that they were on track to meet the December 2012 deadline. Now, however, even the December 2012 deadline in jeopardy. For this reason, Plaintiffs respectfully request an additional order requiring Defendants to take all necessary action now to meet the December 2012 deadline, and requiring Defendants to comply with its earlier orders by submitting a report describing a) what steps Defendants will take to comply with the December benchmark, b) the specific persons responsible for executing those actions, c) if Defendants believe that the waiver of state law is necessary to permit Defendants to meet the December 2012 deadlines, why Defendants believes such waiver to be necessary, and whether they have considered and rejected all other available remedies. *See* Order to Reduce Prison Population at 5, Jan. 12, 2010; Order Requiring Interim Reports at 2-3, June 30, 2011.

Defendants' report should be filed within two weeks, and should be supported by sworn statements explaining the steps that will be taken to comply with the Court's orders.

Dated: October 19, 2012

>Respectfully submitted,
>
>/s/ *Rebekah Evenson*
>
>Rebekah Evenson
>PRISON LAW OFFICE
>Attorneys for Plaintiffs