1  PRISON LAW OFFICE                     ROSEN, BIEN & GALVAN, LLP
   DONALD SPECTER, Bar No. 83925         MICHAEL W. BIEN, Bar No. 96891
2  STEVEN FAMA, Bar No. 99641            JANE E. KAHN, Bar No. 112239
   ALISON HARDY, Bar No. 135966          ERNEST GALVAN, Bar No. 196065
3  SARA NORMAN, Bar No. 189536           LISA ELLS, Bar No. 243657
   REBEKAH EVENSON, Bar No. 207825       315 Montgomery Street, 10th Floor
4  1917 Fifth Street                     San Francisco, California  94104
   Berkeley, California  94710           Telephone:  (415) 433-6830
5  Telephone:  (510) 280-2621

6  THE LEGAL AID SOCIETY –               BINGHAM, McCUTCHEN, LLP
   EMPLOYMENT LAW CENTER                 WARREN E. GEORGE, Bar No. 53588
7  CLAUDIA CENTER, Bar No. 158255        Three Embarcadero Center
   600 Harrison Street, Suite 120        San Francisco, California  94111
8  San Francisco, California  94107      Telephone:  (415) 393-2000
   Telephone:  (415) 864-8848
9
   Attorneys for Plaintiffs
10
              IN THE UNITED STATES DISTRICT COURTS
11
          FOR THE EASTERN DISTRICT OF CALIFORNIA
12
         AND THE NORTHERN DISTRICT OF CALIFORNIA
13
      UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES
14
       PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

15  RALPH COLEMAN, et al.,               ) No.  Civ S 90-0520 LKK-JFM P
                                         ) THREE-JUDGE COURT
16              Plaintiffs,              )
          vs.                            ) PLAINTIFFS' OPPOSITION TO
17                                       ) DEFENDANTS' MOTION TO MODIFY AND
    ARNOLD SCHWARZENEGGER, et al.,       ) CROSS-MOTION FOR ORDER TO SHOW
18                                       ) CAUSE RE CONTEMPT
                Defendants               )
19                                       ) HEARING REQUESTED
                                         )
20  MARCIANO PLATA ,et al.,              ) No. C01-1351 TEH
                                         )
21              Plaintiffs,              )
          vs.                            )
22                                       )
    ARNOLD SCHWARZENEGGER, et al.,       )
23                                       )
                Defendants               )
24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Introduction and Background**

On December 28, Defendants by their own admission will be out of compliance with this Court's order to reduce the prison population to 147% of capacity, or approximately 117,000 prisoners. Defendants' report, filed November 15, 2012, contains this admission without providing any justification or excuse for failing to comply. Nor do Defendants provide any evidence that they have taken a single action to come into compliance, or describe "what further actions are contemplated and the specific persons responsible for executing those actions," as is required by this Court's order. Order Requiring Interim Reports at 3, June 30, 2011. Instead Defendants make an unsupported and frivolous motion to extend the time for compliance and to eliminate reporting requirements designed to ensure timely compliance.

Defendants' defiant position is only the latest in a long string of filings in which they announce that they will maintain the prison population above the court-ordered cap. In April of this year Defendants declared their intention to reduce the prison population to a level that they themselves deemed appropriate, which was significantly higher than the limit set by this Court and affirmed by the U.S. Supreme Court. Since that time, Defendants have filed a half dozen monthly reports that obscured their impending default on the court-ordered crowding cap and revealed that the State had done exactly nothing to ensure compliance with the crowding cap. They have done so despite this Court's repeated warnings about the State's obligation to answer the Court's questions and take all necessary steps to achieve compliance.

Now that it is virtually certain that Defendants will be out of compliance with the two remaining deadlines, this Court must once again take action to uphold the integrity of and promote compliance with its prior orders. Without the clear possibility of adverse consequences for failing to comply with the Court's directives, Defendants will continue to follow their current path of defiance and will not achieve the results required by the judgment that has been entered against them. In light of the decades long history of the State's failure to abide by the rulings of the single judge courts and the recent actions that have been chronicled in earlier pleadings here, the time has come to put Defendants on notice that their failure to

1

follow the law will be met with swift and certain contempt proceedings designed to ensure prompt compliance.

Therefore, Plaintiffs respectfully request that the Court deny Defendants' motion to modify the prior orders and issue an order to show cause why Defendants should not be held in contempt of court.

### The Court Should Deny The Motion To Modify

The motion to modify the benchmarks is extraordinary in that it does not identify a single legal basis for modifying the Order affirmed by the Supreme Court, nor does it rest upon any facts except the bare fact that Defendants expect to default on the Court's Order. Defendants do not even attempt to argue that they have met their burden of "showing a significant change either in factual conditions or in law" or that "the proposed modification is suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384, 391 (1992). Accordingly, the motion should be denied.

The motion to modify the reporting requirements should also be denied. The court-ordered interim reports serve an important function in light of the two-year period within which the State must complete the required crowding reduction. The reports are intended to give the parties and the Court enough information with enough time to intervene if the State veers off the path toward compliance. This includes, importantly, an explanation of what additional options exist for the State to accomplish the necessary population reduction and who is the responsible person should the State fail to comply with the Court's orders. *See* Order to Reduce Prison Population at 5, Jan. 12, 2010; Order Requiring Interim Reports at 2-3, June 30, 2011. The State now finds itself in the very situation the reports were intended to prevent – it is facing default on the next two benchmarks, and it has no plans to change course. This situation begs further, not reduced, reporting.

That the Court ordered Defendants to submit a revised population reduction plan on January 7 does not absolve Defendants of the obligation to explain what they can be doing now to comply with the December 2012 benchmark, or who is responsible for such compliance. Order Requiring Interim Reports at 3, June 30, 2011. Nor does it provide any reason for the

Court to excuse Defendants from submitting the post-mortem report required after any benchmark is missed, in which Defendants must explain how they could have avoided the deficiency.  Order to Reduce Prison Population at 5, Jan. 12, 2010.  The January 7 plan ordered by the Court will be focused on what can be done to achieve the June 2013 crowding reduction benchmark, not the December 2012 benchmark that will already have passed.  Accordingly, the Court should not modify the reporting requirements.

### The Court Should Issue An Order To Show Cause Re Contempt

On December 28, 2012, Defendants will be in violation of this Court's order to reduce crowding to 147% of capacity.  The Court should issue an order to show cause re contempt, and the return to that order should be set for two weeks after the December 27 deadline.   If Defendants have achieved compliance by that time the order to show cause can be discharged.  Alternatively, a hearing in January will provide a clear record of what actions, if any, Defendants have taken to achieve compliance.

Dated:  November 20, 2012

Respectfully submitted,

/s/ *Rebekah Evenson*

Rebekah Evenson
PRISON LAW OFFICE
Attorneys for Plaintiffs