KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-3035
 Fax: (415) 703-5843
 E-mail: Patrick.McKinney@doj.ca.gov

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone: (415) 777-3200
 Fax: (415) 541-9366
 E-mail: pmello@hansonbridgett.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM P |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |
| **MARCIANO PLATA, et al.,** | C01-1351 TEH |
| Plaintiffs, | **THREE-JUDGE COURT** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO MODIFY JUNE 30, 2011 ORDER REQUIRING INTERIM REPORTS AND OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE RE ANTICIPATORY CONTEMPT** |
| Defendants. | |

1    Plaintiffs' attempt to cast Defendants as defiantly refusing to take "a single action" to
2 comply with the Court's orders is absurd. Governor Brown's administration has done more to
3 reduce prison crowding than any prior administration. Through the implementation of Public
4 Safety Realignment, the administration has reduced the prison population by more than 24,000
5 inmates in just over a year. In addition, the administration developed and obtained legislative
6 approval for a comprehensive plan to improve the prison system while reducing its overall costs.
7 In light of these hard-fought, historic accomplishments, Plaintiffs' accusation that "the State has
8 done exactly nothing to ensure compliance with the crowding cap" cannot be further from the
9 truth.

10    It is true that, even with the dramatic reduction in crowding, the prison population has not
11 fallen quite as much as originally projected. But this Court already contemplated that possibility
12 and ruled that it would entertain a six-month extension request if it became apparent that the
13 prison population would not likely reach the final benchmark on time. And this Court has already
14 ordered Defendants to develop additional plans to achieve the final benchmark, including
15 consideration of the alternatives identified by this Court. Defendants are fully engaged in that
16 effort, and will be meeting with Plaintiffs on Thursday, November 29th to discuss possible ways
17 the prison population might be reduced further. Throughout this population-reduction process,
18 Defendants have been forthright in providing the Court their most current population projections
19 and in plainly stating their intentions. Defendants' prompt request for a six-month extension
20 upon reporting that they no longer expect to meet the December benchmark is entirely
21 appropriate and consistent with the orders of this Court and the Supreme Court. Accordingly, the
22 Court should grant the extension request, and deny Plaintiffs' baseless request for an order to
23 show cause regarding contempt.

**I.  THE REQUESTED MODIFICATIONS TO THE JUNE 30, 2011 ORDER ARE WELL-SUPPORTED AND APPROPRIATE.**

26    The Supreme Court expressly authorized Defendants to "move for modification of the
27 three-judge court's order to extend the deadline for the required reduction to five years . . . ."
28 *Brown v. Plata*, 131 S. Ct. 1910, 1947 (2011). And this Court's September 7, 2012 order invited

1

the motion for a six-month extension filed by Defendants on November 15.  (*See* Dkt. Nos. 2473/4235.)  As discussed in Defendants' motion, the requested modifications are particularly appropriate to enable the parties to develop the population reduction plans required by the Court's October 11, 2012 Order.  (Dkt. Nos. 2485/4251.)

Plaintiffs oppose the extension request by attempting to cast Defendants as "defiant" and unwilling to take action.  But those allegations are false.  Defendants have worked hard to successfully reduce the population in the State's 33 prisons by more than 24,000 inmates since October 2011, and by nearly 42,000 inmates since 2006 when Plaintiffs moved to convene the three-judge court.  (*See* Dkt. Nos. 2494/4259 & 2463/4226.)  These facts alone justify the short extension requested by Defendants, although the record contains numerous other recent examples of improvements to the prison medical and mental health care systems that support extending the time for compliance.  (*See id.*; *see also* Dkt. Nos. 2479/4243 at 7-8 and *Plata* Dkt. Nos. 2450, 2456 & 2472.)

## II. THERE IS NO BASIS FOR AN ORDER TO SHOW CAUSE REGARDING CONTEMPT.

Under Governor Brown's leadership, realignment was passed and is being implemented, resulting in the prison population dropping by 24,000 inmates in just over a year.  But the administration did not stop with realigning responsibility for lower-level offenders to local authorities.  Once realignment passed, the administration developed and won legislative approval for a comprehensive, post-realignment plan (commonly called "the Blueprint") to improve the prison system while making it less costly and more efficient.  (*See* Dkt. Nos. 2463/4226 at 4-5.) Notably, the Blueprint achieves overall savings while dedicating increased funding for infill construction projects and expanding rehabilitative programming.  (*See id.*)  These accomplishments are creating a less crowded, less costly prison system with better health care services and rehabilitative programming.  (*See id.*)  Yet, Plaintiffs not only ignore these historic achievements, but ask the Court to punish Defendants as "defiant" because the prison population has not dropped quite as quickly as anticipated.  Plaintiffs' contempt request is not only wrongheaded, but it ignores the statutory and constitutional restrictions against taking further population reduction measures without court waiver or legislative approval.  *See, e.g.,* Cal. Const.

2

Defs.' Reply in Supp. Mot. to Modify June 30, 2011 Order & Opp'n to Anticipatory Contempt Mot.
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

art. I, § 28(f)(5) & Cal. Penal Code §§ 667(c)(5) & 2933.1.

Plaintiffs also seem to base their motion on a possible future violation.  (*See* Opp'n at 3 ["On December 28, 2012, Defendants will be in violation of this Court's order . . . ."].)  "There is, in our jurisprudence, no doctrine of 'anticipatory contempt.'"  *United States v. Bryan*, 339 U.S. 323, 341 (1950); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000).

Further, Plaintiffs' motion finds no support in the population reduction orders, which do not contemplate contempt for failure to achieve an interim target.  Instead, the orders direct Defendants to report on the reasons for the deficiency and the steps that can be taken to remedy it.  (See 6/30/11 Order, at 2.)  More importantly, the Court has recently ordered Defendants to develop plans to further reduce the prison population.  They are doing so, and will be meeting with Plaintiffs on November 29th to discuss these plans.  As mentioned in their November status report, Defendants will submit the appropriate response, including the plans required by the Court's October 11, 2012 Order, on January 7, 2013.

### III.   CONCLUSION.

Defendants' motion for a six-month extension of time and modification of the associated reporting requirements is consistent with orders by this Court and the Supreme Court.  In view of these orders, as well as the tremendous progress Defendants have made in bringing down the prison population while improving the prison system, the Court should grant the six-month extension and deny Plaintiffs' inappropriate motion for an order to show cause.

Dated:  November 28, 2012

HANSON BRIDGETT LLP

By:  */s/ Paul B. Mello*
PAUL B. MELLO
*Attorneys for Defendants*

Dated:  November 28, 2012

KAMALA D. HARRIS
Attorney General of California

By:  */s/ Patrick R. McKinney*
PATRICK R. MCKINNEY
Deputy Attorney General
*Attorneys for Defendants*

SF2007200670
20652636.doc

3