1  KAMALA D. HARRIS
   Attorney General of California
2  JAY C. RUSSELL
   Supervising Deputy Attorney General
3  DEBBIE J. VOROUS, State Bar No. 166884
   PATRICK R. MCKINNEY, State Bar No. 215228
4  WILLIAM H. DOWNER, State Bar No. 257644
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone:  (916) 324-5345
7   Fax:  (916) 322-5205
    E-mail:  Debbie.Vorous@doj.ca.gov
8  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RALPH COLEMAN, et al.,** | 2:90-cv-00520 LKK JFM PC |
| Plaintiffs, | **DECLARATION OF DIANA TOCHE IN SUPPORT OF MOTION TO TERMINATE UNDER THE PRISON LITIGATION REFORM ACT [18 U.S.C. § 3626(b)] AND TO VACATE THE COURT'S JUDGMENT AND ORDERS UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(5)** |
| v. | |
| **EDMUND G. BROWN JR., et al.,** | |
| Defendants. | |

I, Diana Toche, declare:

1.  I am the Acting Statewide Director of the Division of Correctional Health Care Services for California Department of Corrections and Rehabilitation (CDCR). I am competent to testify to the matters set forth in this declaration and if called upon to do so, I would and could so testify. I make this declaration in support of Defendants' Motion to Terminate Under the Prison Litigation Reform Act (PLRA) [18 U.S.C. § 3626(b)] or Alternatively to Vacate the Court's Judgment and Orders Under Federal Rule of Civil Procedure 60(b)(5).

1

2. I was appointed CDCR's Acting Director of the Division of Health Care Services on December 5, 2011. As Director, I have responsibility for and oversight of the Department's mental health care and dental programs. I am familiar with the prison mental health care delivery system at the statewide level, and am also familiar with the Court's intervention and supervision of this system through the special master. In addition, I work with the receiver appointed in *Plata v. Brown* to ensure integration of medical and mental health care, including the recruitment and hiring of mental health care staff.

3. Before this appointment, I served as Statewide Dental Director of the Division of Correctional Health Care Services. As Statewide Dental Director, I was responsible for the day-to-day management of the Inmate Dental Services Program and the management of the *Perez* class-action lawsuit. In that capacity, I worked in conjunction with the Deputy Statewide Dental Director as well as the Regional Dental Directors to ensure that the Dental Program complied with court mandates.

4. Before coming to the CDCR, I served as the Dental Director for Central Valley Indian Health, Inc, a non-profit agency serving the needs of Native Americans located in the Central Valley. Prior to that, I practiced as an Associate Dentist. I graduated from the University of Pacific, Arthur A. Dugoni School of Dentistry with a Doctor of Dental Surgery degree.

5. Based on my experience, knowledge of the State's mental health delivery system, and work with the *Plata* receiver, the State, through a highly trained and qualified staff, is now providing inmates with effective mental health care.

6. The State developed a comprehensive staffing allocation plan in 2009 for each mental health program and administrative function that was approved by the State Legislature in the Fiscal Year 2011/2012 budget. The Fiscal Year 2012/2013 system-wide mental health position authority, which is based on the 2009 plan, totals 2268.26. The funding allocations for Fiscal Year 2012/2013 represent nearly 100% of the 2268.26 positions. Funding for approximately two non-critical positions at each institution was not allocated with the intention of providing salary savings. These non-critical positions included: (1) a second Chief Psychologist, except at Pelican Bay State Prison; (2) the Correctional Health Services Administrator II; and (3) one Clinical

2

D. Toche Decl. Supp. Defs.' Mot. to Terminate Under the PLRA and Fed. R. Civ. Proc. 60(b)(5)
(2:90-cv-00520 LKK JFM PC)

Psychologist at the five prisons without designated mental health programs. CDCR, however, revises its mental health population projections every six months and the State will make staffing allocation adjustments as necessary. The next review is scheduled for January 2013. On July 31, 2012, I issued a memorandum to the Chief Executive Officers and Chiefs of Mental Health of each institution directing them to fill as many vacant positions as possible.

7. Since July 2011, the receiver appointed in *Plata v. Brown* has been primarily responsible for the recruitment and hiring for mental health positions, but uses the State's 2009 staffing model for hiring mental health clinicians. My staff and I have worked—and continue to work—in conjunction with the receiver to ensure that mental health staffing needs are met. In addition, the receiver's regional human resources staff works with CDCR's mental health division to coordinate interview dates and locations, and mental health staff conducts interviews.

8. Most recently, CDCR and the receiver's focus has been on the recruitment and hiring of three classifications: Psychologist-Clinical; Staff Psychiatrist; and Clinical Social Worker. As of the end of November 2012, there were 1,614 people working state wide in the mental health delivery system, of which 1,181 included trained psychiatrists, psychologists, and social workers. Although challenges remain to fill every single position in the 2009 staffing allocation plan (653.86 vacancies remain after adjustments for registry, new hires, and long-term sick leave), the State and the receiver are continuing their efforts to add to the State's already well-qualified mental health workforce.

9. CDCR employs dedicated well-qualified mental health professionals who appropriately support the mental health delivery system and address problems as they arise. However, the continued *Coleman* monitoring has increasingly diverted attention and resources away from the central goal of providing and maintaining a constitutional level of mental health care for inmates, and has instead saddled administrators with onerous reporting obligations. For instance, clinical staff expends considerable resources preparing for prison visits by the special master and his consultants, preparing for and attending required meetings, and responding to onerous reporting obligations. The quality and timeliness of the care the State offers to inmates

3

D. Toche Decl. Supp. Defs.' Mot. to Terminate Under the PLRA and Fed. R. Civ. Proc. 60(b)(5)
(2:90-cv-00520 LKK JFM PC)

with mental health issues will only further improve when we are no longer obligated to devote resources to responding to these numerous obligations.

10. Despite these demands and the mental health care resources that must be diverted to them, I have never witnessed an incident in which CDCR personnel have intentionally ignored inmates' serious mental health needs. It is also my opinion that the current inmate population is not in any way inhibiting our ability to provide quality mental health care. Based on my education, my experience creating sustainable health care delivery systems as reflected in the *Perez v. Brown* litigation, and my knowledge of the State's mental health delivery system, the State is now providing inmates with access to high-quality mental health care. Adequate numbers of mental health professionals and administrators proactively diagnose and treat inmates' serious mental health needs through a continuum of services across all custody levels in both inpatient and outpatient programs. Moreover, the State has an effective quality management process, has developed the infrastructure necessary to support its mental health delivery system, proactively manages its medication program, and has implemented a thorough, standardized suicide prevention program. Indeed, the State has a well-planned and active quality management program that will ensure that effective and quality mental health services will be delivered to prison inmates into the future without court intervention.

I declare that the foregoing is true and correct. Executed in Sacramento, California on January 4, 2013.

*/s/ Diana Toche, D.D.S.*
*(original signature retained by attorney)*

_____
Diana Toche, D.D.S

CF1997CS0003

4

D. Toche Decl. Supp. Defs.' Mot. to Terminate Under the PLRA and Fed. R. Civ. Proc. 60(b)(5)
(2:90-cv-00520 LKK JFM PC)