PRISON LAW OFFICE
DONALD SPECTER, Bar No. 83925
STEVEN FAMA, Bar No. 99641
ALISON HARDY, Bar No. 135966
SARA NORMAN, Bar No. 189536
REBEKAH EVENSON, Bar No. 207825
1917 Fifth Street
Berkeley, CA  94710
Telephone:  (510) 280-2621

THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
CLAUDIA CENTER, Bar No. 158255
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN, Bar No. 96891
JANE E. KAHN, Bar No. 112239
ERNEST GALVAN, Bar No. 196065
LISA ELLS, Bar No. 243657
315 Montgomery Street, 10th Floor
San Francisco, California  94104
Telephone: (415) 433-6830

BINGHAM, McCUTCHEN, LLP
WARREN E. GEORGE, Bar No. 53588
Three Embarcadero Center
San Francisco, California  94111
Telephone: (415) 393-2000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants | No. Civ S 90-0520 LKK-JFM P<br><br>**THREE-JUDGE COURT** |
| MARCIANO PLATA ,et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | No. C01-1351 TEH<br><br>THREE-JUDGE COURT<br><br>[PROPOSED] ORDER |

On October 11, 2012, and December 6, 2012, the Court issued orders requiring the parties to submit to the Court position statements regarding Defendants' request for a six-month extension of the final 137.5% benchmark, plans to achieve the required population reduction to 137.5% of design capacity by June 27, 2012 and December 27, 2012, justifications for each party's population reduction proposals, and objections (if any) to the other party's proposals, and, if any state laws would have to be waived to implement the provisions proposed by either party, Defendants shall identify such state laws.

On January 7, 2013, the Parties filed separate statements responding to these questions. The Court has reviewed the parties' submissions, and the files in this matter, and finds and orders as follows:

1. Defendants' request for a six month extension of time to comply with the January 12, 2010, and June 30, 2011 Orders is DENIED. Defendants have submitted a plan by which they can effectively reduce prison crowding to 137.5% of capacity by June 27, 2013, without having any adverse impact on public safety or the operation of the State or local criminal justice systems. Accordingly, Defendants do not need an extension of time to comply with the January 12, 2010, and June 30, 2011, Orders to reduce crowding. Moreover, Defendants have failed to take reasonable steps to comply with the Orders during the past year, even though they have known for more than a year that they would miss the June 2013 deadline. Having repeatedly told the Court over the course of a year that it would be "premature" for them to take steps to fully comply with this Court's orders, Defendants cannot now credibly argue that it is "too late" for them to implement measures to reduce the prison population by June 2013.

2. Defendants' crowding reduction plan contains crowding reduction methods that this Court analyzed and found to be safe in its August 4, 2009 Opinion and Order. Those methods include increasing prison capacity; increasing good time credits and program credits to shorten the length of stay in prison for those prisoners who follow

-1-

prison rules and complete prison programs; and diverting away from prison low-level offenders such as those convicted of drug possession. One additional population reduction measure proposed by the State has not previously been analyzed by this Court: shortening the length of stay in prison of the lowest risk offenders. Evidence submitted by Plaintiffs on January 7, 2013, including the Declaration of James Austin, demonstrates that this population reduction method, along with the other elements of Defendants' crowding reduction plan, can be implemented without causing any adverse impact on public safety or on the operation of the state or local criminal justice systems.

3. The Court will waive the State laws identified by the Defendants as impediments to their compliance with the Crowding Reduction Order. As previously established, compliance with this Court's order to reduce prison crowding is necessary and narrowly tailored to prevent further constitutional violations, no other relief will correct the constitutional violations, and the order to reduce prison crowding is the least intrusive means to correct the constitutional violations. *Brown v. Plata,* 131 S.Ct. 1910 (2011). Defendants have stated that unless the Court waives certain state laws, Defendants will not be able to comply with the orders to reduce prison

crowding.[1] Accordingly, the requirements of the Prison Litigation Reform Act for waivers of state law have been met: Federal law requires this Court to order the waiver of State laws identified by Defendants; the waiver of the State laws identified by Defendants is necessary to correct the violation of federal constitutional rights, and no other relief will correct the violation of those rights. 18 U.S.C. § 3626(a)(1)(B).

4. This Court ORDERS the waiver of the following State laws, as identified by Defendants:

| [] Population Reduction Measure | Required State Law Waivers/Orders |
|---|---|
| Maintaining or expanding out-of-state contract beds | Cal. Const., art. VII: Civil service hiring requirements.[] |
| | Cal. Gov't Code § 8550 *et seq.* ("Emergency Services Act"). |
| | Cal. Gov't Code § 8625 (circumstances under which the Governor may declare a state of emergency). |
| | State Civil Service Act (Cal. Gov't Code §§ |

---

[1] No waiver of state law is required for Defendants to implement their proposed sentencing changes, which Defendants aver they could implement by refusing to admit persons convicted of certain crimes to state prison. Without suspending any part of the Penal Code, the Secretary of Corrections has authority to respond to an emergency by placing inmates in "jails and other facilities" instead of state prisons. Cal. Penal Code Section 2900(b)(1). Additionally, the Emergency Services Act, which permits the Governor to "suspend any regulatory statute, or statute prescribing the procedure for the conduct of state business," expressly authorizes the "person in charge of" a prison to "remove the inmates from the institution" during an emergency. Cal. Gov't Code §§ 8571, 8658. The prior Governor used Emergency Services Act powers to transfer prisoners to out-of-state prisons in order to address the prison overcrowding crisis, and the suspension was upheld by the California courts. *California Correctional Peace Officers Association v. Schwarzenegger*, 163 Cal. App. 4th 802 (2008), review denied, 2008 Cal. LEXIS 10212. The prison overcrowding state of emergency remains in effect. Accordingly, Defendants have the authority they need to implement their plan to refuse admission to persons convicted of certain crimes.

| [] Population Reduction Measure | Required State Law Waivers/Orders |
|---|---|
|  | 18500 *et seq.*) |
|  | Cal. Gov't Code § 19130 (establishing standards for the use of personal services contracts. For example subsection (a)(3) prohibits contracts which "cause the displacement of civil service employees.") |
|  | Cal. Penal Code § 11191 (requiring written consent by inmate to transfer & requiring consultation with attorney). |
|  | Cal. Code Regs. tit. 15, art. 10, § 3379(a)(9) (eligibility criteria for California Out-of-State Correctional Facility program). |
| Expanding use of in-state contract beds and/or leased jail beds | Cal. Const., art. VII: Civil service hiring requirements. |
|  | Cal. Gov't Code §§ 4525-4529.20, 4530-4535.3, 7070-7086, 7105-7118, 14835-14837. |
|  | Cal. Gov't Code §§ 13332.10, 14660, 14669, 15853 (governing acquisition and leasing of real property). |
|  | Cal. Gov't Code §§ 13332.19, 15815 (governing plans, specifications and procedures for major capital projects). |
|  | Cal. Gov't Code §§ 14616 (governing approval of contracts by the Department of General Services (DGS) and exemption from and consequences for failure to obtain DGS approval). |
|  | Cal. Gov't Code §§ 14825-14828 (governing advertisement of state contracts). |
|  | Cal. Mil. & Veterans Code §§ 999-999.13. |
|  | Cal. Public Contracts Code §§ 6106, 10109-10126, 10129, 10140, 10141, 10180-10185, 10220, 10290-10295, 10297, 10301-10306, 10333, 10335, 10351, 10367, 10369, 10420-10425. |
|  | Cal. Public Contracts Code §§ 10314, 10346 (progress payment limitations). |
|  | Cal. Public Contracts Code §§ 10365.5, |

| [] Population Reduction Measure | Required State Law Waivers/Orders |
|---|---|
| | 10371; SCM § 3.02.4 (governing restrictions on and approval for multiple contracts with same contractor. |
| Early releases/expanding credits. Includes:<br>• Minimum custody inmates receive 2 for 1 credit earning;<br>• Expand milestone completion credit to violent & 2nd strike inmates;<br>• Expand credit earning for 2nd strike inmates (excluding sex offenses) from 20% to 34%;<br>• Expand credit earning for violent offenders (excluding sex offenses) from 15% to 34%. | Cal. Const. art. I, § 28(f)(5) ("sentences imposed upon convicted criminal wrongdoers . . . shall not be substantially diminished by early release policies intended to alleviate overcrowding in custodial facilities.") |
| | Cal. Const. art. I, § 28(a)(5) ("the punitive and deterrent effect of custodial sentences imposed by the courts will not be undercut or diminished by the granting of rights and privileges to prisoners that are not required by any provision of the United States Constitution or by the laws of this State to be granted to any person incarcerated in a penal or other custodial facility in this State as a punishment or correction for the commission of a crime.") |
| | Cal. Penal Code § 290(e) ("A person sentenced pursuant to this section shall not be released on parole prior to serving the minimum term of confinement prescribed by this section.") |
| | Cal. Penal Code § 667(c)(5) (for second strike inmates, "The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.") |
| | Cal. Penal Code § 2933 (addressing credit earning). |
| | Cal. Penal Code § 2933.05(e) (eligibility criteria for inmates who may earn credit). |
| | Cal. Penal Code § 2933.1 (violent offenders "shall accrue no more than 15 percent of worktime credit.") |
| | Cal. Penal Code § 2933.2 (felons convicted of |

| [] Population Reduction Measure | Required State Law Waivers/Orders |
|---|---|
|  | murder "shall not accrue any credit"). |
|  | Cal. Code Regs. tit. 15, art. 3.5, §§ 3042 *et seq.* (addressing credit earning). |
| Proposition 36 3rd strike inmates (accelerated transfer/release) | Cal. Penal Code § 1170.126 (requiring petition to be initiated by inmate and describing resentencing process). |
| Return inmates with 9 or more months left to serve to county custody | Cal. Penal Code § 1170(a) (requiring terms of imprisonment to be served in state prison). |
|  | Cal. Penal Code § 1170(h)(3) (requiring felonies under this section to be served in State prison). |
| Expand Fire Camp Eligibility | Cal. Code Regs. tit. 15, art. 10, § 3375.2 (any inmate with an administrative determinant is ineligible for fire camp placement). |
| Expand Alternative Custody Program for female inmates | Cal. Penal Code § 1170.05(a) (provisions that make the program voluntary) |
|  | Cal. Penal Code § 1170(a) (requiring terms of imprisonment to be served in state prison). |
|  | Would potentially also require a waiver of California Constitution, art. I, §§ 28(a)(5) & 28(f)(5). |
| Expand Alternative Custody Program to male inmates | See above regarding expanding the program for female inmates. This change would also require the Court to waive the provision in Section 1170.05 of the California Penal Code limiting the program to female inmates. |
| Additional alternative custody measures (work furlough, restitution centers, etc.) | Cal. Penal Code § 6228 (serious or violent offenders are ineligible for placement in a restitution center). |
|  |  |

-7-

1

2  **IT IS SO ORDERED**

3  Dated:  January __, 2013

4  
5  _____
   HON. STEPHEN REINHART
   UNITED STATES CIRCUIT JUDGE
6  NINTH CIRCUIT COURT OF APPEALS

7  Dated:  January__, 2013

8  _____
   HON. LAWRENCE K. KARLETON
9  SENIOR UNITED STATES DISTRICT JUDGE
   EASTERN DISTRICT OF CALIFORNIA
10

11

12  Dated:  January__, 2013

13  _____
   HON. THELTON E. HENDERSON
14  SENIOR UNITED STATES DISTRICT JUDGE
   NORTHERN DISTRICT OF CALIFORNIA

15

16

17

18

19

20

21

22

23

24

25

26

27

28