DONALD SPECTER – 083925
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
LAURA BOYSEN-ARAGON – 248083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>       Defendants. | Case No. Civ S 90-0520 LKK-JFM P<br><br>**THREE JUDGE COURT**<br><br>**PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY RESPONSES** |
| MARCIANO PLATA, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>       Defendants. | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT**<br><br>Date: January 24, 2013<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Hon. John F. Moulds |

[716957-1]

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
LAURA BOYSEN-ARAGON – 248083
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>  Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY RESPONSES**<br><br>Date: January 24, 2013<br>Time: 11:00 a.m.<br>Place: Courtroom 26<br>Judge: Hon. John F. Moulds |

[716957-1]

# INTRODUCTION

The Plaintiff class urgently requires discovery on Defendants' now-pending motions to terminate the entire *Coleman* case and to vacate or modify the population reduction order that the Supreme Court found to be critically necessary and appropriate to remedy the systemic constitutional violations that seriously mentally ill prisoners face in California's prisons. Class members continue to suffer severe mental health decompensation, including unacceptably high rates of suicide, due to grossly inadequate treatment. Plaintiffs are under significant pressure to move discovery forward expeditiously and to demonstrate that Defendants' motions should not be granted, given the fast approaching automatic stay of prospective relief under the PLRA that would place the health, safety, and lives of class members at substantial risk.

In spite of Plaintiffs' good faith effort over several days to secure the cooperation of counsel for Defendants in preparing and executing the required joint statement under Local Rule 251(c), Defendants declined to participate in the preparation and execution of the joint statement on the instant motion, stating that it would be inappropriate to submit a joint statement at this time. Plaintiffs submit that it is inappropriate to delay resolution of the instant dispute.

Thus, as permitted by Local Rule 251(d), and having been unable to secure Defendants' counsel's cooperation despite a good faith effort, Plaintiffs submit their position on the instant motion in order to provide the Court a record in advance of the hearing and in an effort to avoid unnecessary delay of the urgently needed relief requested herein. Given that the parties have stipulated to a January 24th hearing on the merits of Plaintiffs' motion (at least with respect to the single-judge *Coleman* proceeding), Plaintiffs submit that it is appropriate for the Court, in addition to resolving the stipulated request for order shortening time on the instant motion, to hear the merits of the motion at the January 24th hearing.

[716957-1]

1

PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY RESPONSES

## I. STATEMENT REGARDING THE NATURE OF THE CASE AND DISCOVERY DISPUTES

On January 7, 2013, Defendants concurrently filed (1) a Motion to Terminate under the Prison Litigation Reform Act (PLRA) and to Vacate the Court's Judgment and Order under Federal Rule of Civil Procedure 60(b)(5) in the single-judge *Coleman* court, and (2) a Motion to Vacate or Modify Population Reduction Order (PRO) in the three-judge court. In support of those motions, Defendants argue that their mental health care system "is now so good that it not only meets constitutional standards, but often meets and even exceeds mental health care offered in non-correctional community settings" (Defs.' Mem. P. & A. Supp. Defs.' Mot. to Terminate at 3, Dkt. No. 4275-1), and that the population reduction order should be vacated because "further population reductions are not needed to allow the prison system to provide constitutionally adequate health care to inmates because the system already provides care that far exceeds those minimal standards" (Defs.' Mot. to Vacate or Modify PRO at 3, Dkt. No. 4280).

Defendants' motions trigger special procedures under the PLRA, including an automatic stay in the single-judge *Coleman* case that is scheduled to take effect 90 days after Defendants' filing, or on April 7, 2013[1], unless the Court "makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." 18 U.S.C. § 3626(b)(3) & (e).

The parties have taken steps to proceed with discovery in this matter. On January 15, 2013, Plaintiffs served on Defendants a First Request for Production of

---

[1] The Court ordered that the effective date of the automatic stay, which would otherwise be 30 days after the filing of the motion, "is postponed for a period of sixty days after the thirtieth day after defendants' motion was filed," as permitted under 18 U.S.C. § 3626(e)(3). *See* Jan. 9, 2013 Order at 3, Dkt. No. 4290.

[716957-1]

2

PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY RESPONSES

Documents and a First Request for Inspection. Declaration of Aaron J. Fischer in Support of Joint Statement re Discovery Disagreement on Plaintiffs' Motion to Expedite Discovery Responses ("Fischer Decl.") ¶ 3. In their First Request for Production of Documents, Plaintiffs seek management reports and other documents that Defendants have previously prepared for or made available to the Special Master as part of the Twenty Fifth Round Monitoring Tour conducted at individual California Department of Corrections and Rehabilitation (CDCR) prisons. Fischer Decl. ¶ 4 & Ex. A. Under the Federal Rules of Civil Procedure, responses to this First Request for Production of Documents would normally be due within thirty (30) days of service, or on February 14, 2013. *See* Fed. R. Civ. P. 34(b)(2). Plaintiffs also have noticed inspections for Plaintiffs and Plaintiffs' experts to tour seven (7) CDCR institutions, with the first inspection tour scheduled to occur on January 28, 2013. Fischer Decl. ¶ 5. Plaintiffs expect to propound additional discovery requests in the coming days and weeks. Fischer Decl. ¶ 6.

Plaintiffs' instant motion is for an order expediting the parties' responses to all discovery requests related to the aforementioned pending motions to be due fourteen (14) days after service is completed, rather than the thirty (30) days that would apply under normal circumstances.

## II.     STATEMENT REGARDING DETAILS OF MEET AND CONFER

Following Defendants' January 7, 2013 filing of the now-pending motions, Plaintiffs' counsel sent a letter on January 9, 2013 regarding Plaintiffs' plan to conduct discovery on an expedited basis given the applicable statutory deadlines. Fischer Decl. ¶ 8. In that letter, Plaintiffs proposed several procedures for conducting such discovery, including that the parties agree to provide expedited responses to all discovery requests moving forward. *Id.* Defendants' counsel responded to Plaintiffs' proposals by letter dated January 12, 2013; Defendants agreed to certain proposals, but did not agree to provide expedited responses to discovery requests. Fischer Decl. ¶ 9. Plaintiffs' counsel sent a follow-up email, dated January 13, 2013, summarizing Plaintiffs' position on the discovery issues that had been discussed. Fischer Decl. ¶ 10. Counsel for Plaintiffs and

1  Defendants then met and conferred via teleconference on January 14, 2013, but were
2  unable to resolve the dispute regarding expedited discovery responses and agreed to bring
3  it before the Court for resolution.  Fischer Decl. ¶ 11.

4       Due to the fast-approaching statutory timelines triggered by Defendants' motions,
5  the parties agreed to ask Magistrate Judge Moulds for a hearing on shortened time,
6  although Defendants asserted that they would only stipulate as to the single-judge *Coleman*
7  proceeding.  Fischer Decl. ¶ 12.  On January 16, 2013, the parties filed a stipulated request
8  to shorten the time for hearing the discovery motion in the single-judge *Coleman* case so
9  that it could be heard on January 24, 2013.  *Id.*

10       Defendants agreed to stipulate to a hearing on shortened time in the *Coleman*
11  single-judge proceeding but not in the portion of the case being litigated before the three-
12  judge court.  Such a position is, however, nonsensical, as the three-judge court proceedings
13  are part and parcel of the *Coleman* case, and the matters at issue in the two now-pending
14  motions are closely interrelated.  As discussed below, Plaintiffs request that the expedited
15  procedures sought herein be deemed to govern discovery in all facets of *Coleman*,
16  including discovery related to the pending motion to terminate (before the single-judge
17  court) and the pending motion to vacate or modify the population reduction order (before
18  the three-judge court).  Plaintiffs submit that such an order is necessary and appropriate for
19  legal, practical, and efficiency purposes, and that creating different discovery rules and
20  timelines for the two now-pending motions would be impractical and a waste of resources.

21       On January 17, 2013, Magistrate Judge Moulds ordered a hearing on the matter for
22  January 24, 2013; the Court ordered that the request for an order shortening time would be
23  addressed at that hearing.  Order, Dkt. No. 4296.  To assist the Court in rendering a
24  decision on the matter, and as pursuant to the parties' stipulated agreement regarding the
25  instant motion, Plaintiffs' counsel provided a draft joint statement to Defendants' counsel
26  on January 22, 2013, to review and to insert their position on the motion.  Fischer Decl.
27  ¶ 13. Counsel for Defendants then contacted Plaintiffs' counsel by phone and stated that
28  Defendants would not participate in a joint statement given the Court's January 17 order.

Fischer Decl. ¶ 14. Following the parties' meet and confer by phone on January 22, counsel for Defendants contacted the clerk of the court to see whether it would be possible to set up a conference call to clarify the Court's order and expectations for the hearing, but the clerk was unable to provide guidance beyond what was contained in the Court's January 17 order. Fischer Decl. ¶ 15. Defendants' counsel then conveyed to Plaintiffs' counsel via email that "Defendants believe that it would be inappropriate to submit a Joint Statement on discovery at this time." Fischer Decl. ¶ 16 & Ex. B. Plaintiffs' counsel responded via email, also on January 22, 2013, that Plaintiffs intended to provide the Court with their substantive position on the motion, and asked that Defendants inform Plaintiffs whether they wish to include their position so that a Joint Statement could be filed. Plaintiffs indicated that if Defendants did not respond by 2:00 pm on January 23, Plaintiffs would proceed with filing their own position on the merits of the motion. Fischer Decl. ¶ 17 & Ex. C. Defendants' counsel did not respond to this communication, and instead filed their own statement with the Court, in which they assert their position why they need not "address[] the merits of the motion." Dkt. No. 4301.

Defendants' clear attempt to needlessly delay resolution of this matter, and to push off urgently needed discovery, should not be countenanced—particularly in light of the automatic stay under the PLRA that would result in serious and irreparable harm to class members if it were to take effect. This is a straightforward motion that should be heard and decided forthwith. Plaintiffs thus herein provide the Court with their position on the matters now before the Court regarding the instant motion to expedite discovery responses.

### III.  PLAINTIFFS' POSITION REGARDING EXPEDITED DISCOVERY RESPONSES

Plaintiffs request a court order requiring both parties to respond to discovery on an expedited basis due to the substantial time pressure that the PLRA imposes on the parties, and on the Court, in litigating and deciding the pending motions. The PLRA requires that "[t]he court shall promptly rule on any motion to modify or terminate prospective relief in a civil action with respect to prison conditions." 18 U.S.C. § 3626(e)(1). Unless the Court

1  issues written findings that the existing prospective relief remains necessary to correct a
2  current and ongoing constitutional violation, and meets all PLRA requirements, the
3  *Coleman* class faces the prospect of an automatic stay of all orders in the case on the 90th
4  day after Defendants' January 7 filings.  *See* 18 U.S.C. § 3626(b)(3) & (e); Dkt. No. 4290
5  at 3.  Defendants have not yet moved to terminate the *Plata* case and the effect of the
6  automatic stay in *Coleman* on the three-judge court's population reduction order is unclear.
7  The further requirement that the Court issue a "prompt ruling" puts even greater onus on
8  Plaintiffs to gather and present essential evidence in sufficient time to permit the Court to
9  make a fully informed and timely decision on the extremely complex issues in this matter.
10         Specifically, Plaintiffs request that the Court reduce the time normally allotted for
11 responses to discovery under Federal Rules of Civil Procedure 33(b), 34(b), and 36(a)
12 from thirty (30) to fourteen (14) days from the date of service.  In addition to the
13 provisions in the Rules explicitly recognizing the Court's authority to alter the thirty-day
14 response time as it deems appropriate (*see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3)),
15 precedent supports expediting discovery where there is good cause and it is reasonable to
16 do so under the specific circumstances of the case.  *See Semitool, Inc. v. Tokyo Electron*
17 *Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (reviewing expedited discovery
18 motion for reasonableness and good cause, which is found where need to shorten time
19 outweighs prejudice to other party in light of "all the surrounding circumstances"); *cf. In re*
20 *Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006) (recognizing
21 courts' "inherent power to manage their own affairs so as to achieve the orderly and
22 expeditious disposition of cases" (internal quotation marks omitted)).
23         There can be no question that good cause exists to expedite discovery in this case,
24 and that ordering both parties to respond in fourteen (14) rather than thirty (30) days is
25 reasonable given the highly unusual circumstances in this matter.  Discovery disputes in
26 this case need to be resolved as quickly as possible given the extremely short timeline
27 before an automatic stay would take effect absent a ruling on Defendants' motion.  Both
28 parties implicitly acknowledged the need to expedite proceedings by agreeing to hear this

motion on an expedited schedule (albeit with Defendants' refusal to proceed with respect to the three-judge court proceedings). Stringing out the process of alerting the opposing party of a possible issue or objection serves no purpose and poses the serious risk of compromising Plaintiffs' right to present essential, relevant evidence in opposition to Defendants' now-pending motions before an automatic stay takes effect.[2] To illustrate, absent an order expediting discovery responses, Plaintiffs would not be entitled to any response or production on their promptly served First Request for Production (or any forthcoming discovery requests) until, at the earliest, just fifty-two (52) days before the Court would have to hear all evidence *and* issue written findings on the motion to terminate in order to avoid the automatic stay of the *Coleman* remedial orders. In this enormously complex case covering the State's entire prison system, such a deadline is staggering, and clearly warrants modification to normal discovery procedures.

Given the current and ongoing constitutional violations that Plaintiffs will prove persist, along with the enormous harm that class members will face if prospective relief in the case is stayed pending a decision from the Court, the need for expedited discovery cannot be overstated. Plaintiffs need expedited discovery to be able to present an accurate picture of the current conditions justifying continued enforcement under the PLRA, and to provide the Court with an adequate record on which to base its written findings on a prompt basis.

The two now-pending motions are deeply intertwined both as a legal and evidentiary matter, and discovery should proceed as to both matters concurrently, and under the same rules, for the sake of economy and practicality. Defendants have argued to the three-judge court that the population reduction order is no longer necessary because Defendants are providing constitutionally adequate mental health treatment at current

---

[2] Plaintiffs reserve their right to challenge the propriety of the PLRA stay provisions as applied here. *See Miller v. French*, 530 U.S. 327, 350 (2000).

[716957-1]

7

PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY RESPONSES

1  levels of crowding.  Defendants further incorporate by reference all pleadings, *and all*
2  *evidence*, in support of the motion to terminate in the single-judge court in their motion to
3  vacate or modify the population reduction order.  *See* Defs.' Mot. to Vacate or Modify
4  PRO at 1, Dkt. No. 4280.  As such, any evidence relevant to the termination motion will
5  necessarily be relevant to the three-judge court, under Defendants' own theory of the case.
6  There is simply no practical or sensible way to distinguish between discovery in the two
7  cases.

8        Notably, this Court ordered expedited discovery responses, within twenty-one (21)
9  days, for discovery related to the three-judge court proceedings.  *See* Oct. 30, 2007 Order,
10 Dkt. No. 2495.  The time pressures on the parties at that time, though substantial, were *less*
11 than the time pressures that now apply in advance of the automatic stay.  At the time that
12 this Court issued its order for discovery responses within twenty-one (21) days, the three-
13 judge court had issued an order, dated October 10, 2007, providing for 71 days of
14 discovery (*i.e.*, a discovery cut-off of December 20, 2007), with the "Phase I" trial date set
15 119 days from the date of its order (*i.e.*, February 6, 2008).  *See* Oct. 10, 2007 Order
16 Bifurcating Proceedings and Setting Deadlines for Phase I, Dkt. No. 2456.  In the current
17 matter, the parties must complete all discovery, Plaintiffs must synthesize evidence of
18 current conditions—with the assistance of appropriate experts—to prepare their opposition
19 to the motion, any evidentiary hearing must be completed, *and* the Court must issue
20 written findings within 90 days, or else *Coleman* class members will face an automatic
21 stay of relief that has been found necessary to remedy identified constitutional violations.
22 Given such circumstances, there is good cause for this Court to order responses to
23 propounded discovery requests within fourteen (14) days.

24       Any claims by Defendants that shortened time to respond to discovery requests
25 would impose an undue burden or otherwise prejudice them must be substantially
26 discounted, and should not prevent issuance of the order sought by Plaintiffs.  Defendants
27 have been preparing evidence for their motion to terminate *for more than one year*
28 (Defendants' experts state that they began their review of CDCR's mental health system, at

[716957-1]

8

PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE
DISCOVERY RESPONSES

1  the latest, in November *2011*).  Defendants must have been aware of the severe time
2  pressures their motion would trigger under the PLRA, yet chose not to give notice to
3  Plaintiffs or to the Court that the now-pending motions were forthcoming.  In fact, while
4  they were already knee-deep in expert tours, Defendants explicitly represented to the three-
5  judge court and to Plaintiffs in their August 17, 2012 filing that it "[did] not make sense for
6  expert inspections to begin until the population has actually dropped to the level that will
7  be targeted in [Defendants' future] modification motion" (*i.e.*, "once the population density
8  reaches 145%,"[3]), and consequently, "[e]xpert investigation and discovery proceedings
9  should not commence *until the end of March 2013*."  Defs.' Resp. to Aug. 3, 2012 Order at
10 2, Dkt. No. 4226 (emphasis added).

11        Plaintiffs relied on these representations and did not propound formal discovery
12 regarding current conditions of CDCR's mental health care system until now, after
13 Defendants suddenly and without notice filed the closely interrelated motions to terminate
14 the *Coleman* case and to vacate or modify the population reduction order.  Fischer Decl.
15 ¶¶ 18-19.  It is thus Defendants who have unilaterally, and without notice to Plaintiffs,
16 severely accelerated the need for discovery on issues of whether single-judge and three-
17 judge court orders are no longer warranted and should be eliminated.  Any burden on
18 Defendants is thus self-inflicted, and is in any event substantially outweighed by Plaintiffs'
19 need for expedited discovery in order to foresee the risk of irreparable harm that the
20 Plaintiff class now imminently faces if the statutorily required automatic stay takes effect
21 before a decision, including written findings, can be issued by the Court.  Fischer Decl.
22 ¶ 20.
23 / / /
24 / / /

---

[3] Defendants' January 15, 2013 Status Report provides that, as of January 9, 2013, the CDCR population stood at 149.4% of design bed capacity.  *See* Dkt. No. 4292 at 1.

[716957-1]

9

PLAINTIFFS' STATEMENT RE DISCOVERY DISAGREEMENT ON PLAINTIFFS' MOTION TO EXPEDITE DISCOVERY RESPONSES

1     For these reasons, Plaintiffs request an order requiring that all parties respond to
2 discovery requests within fourteen (14) instead of the 30-day time period that is permitted
3 by the Federal Rules of Civil Procedure under normal circumstances.

5 DATED: January 23, 2013        Respectfully submitted,

6                                         ROSEN BIEN GALVAN & GRUNFELD LLP

                                        By: */s/ Aaron J. Fischer*
                                              Aaron J. Fischer

                                        Attorneys for Plaintiffs