UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

    Plaintiffs,                     NO. CIV. S-9-520 LKK/JFM (PC)

    v.

EDMUND G. BROWN, JR., et al.,

    Defendants.
_____/

    Defendants have filed a motion to terminate all prospective relief in this case (ECF No. 4275),[1] asserting that they are now delivering constitutionally adequate mental health care to the plaintiff class.  In 1995, this court held that defendants' delivery of mental health care to inmates with serious mental disorders violated the Eighth Amendment and appointed a special master to oversee defendants' remediation of the constitutional violation.  After almost eleven years of remedial effort, plaintiffs filed a motion to convene a three-judge court to

---

[1] Defendants have also filed a motion to vacate or modify the population reduction order in the three-judge court (ECF No. 4280).

1

consider whether overcrowding was preventing defendants from remedying the Eighth Amendment violation and whether a prison population reduction order was necessary. In a July 2007 order, this court found that "[i]n spite of . . . commendable progress . . . defendants' mental health care system has not come into compliance with the Eighth Amendment at any point since this action began." Order filed July 23, 2007, at 6. The court found that numerous orders issued in the preceding eleven and a half years had failed to remedy the constitutional violation. After review of substantial evidence, the court concluded "that the overcrowding crisis in [California's prisons] is preventing the delivery of constitutionally adequate mental health care to the plaintiff class and, therefore, that some form of limitation on the inmate population must be considered." Id. at 13. For that reason, the court requested that a three-judge court be convened pursuant to 18 U.S.C. § 3626(a)(3) and 28 U.S.C. § 2284 to consider whether a population reduction order was required.

That request was granted by the Chief Judge of the United States Court of Appeals for the Ninth Circuit. In an order filed August 4, 2009, the three-judge court determined that constitutional compliance could not be attained unless the population density in California's adult prisons is reduced to 137.5% of their combined design capacity. That determination was affirmed by the United States Supreme Court on May 23, 2011. On June 30, 2011, the three-judge court issued an order setting a timetable for achievement of the required population reduction.

(ECF No. 4032.)

Defendants press their current motion even though they concede that the prison population density has not been reduced to 137.5% of capacity. Indeed, defendants concede that they failed even to reduce the density to 147% of combined design capacity by December 27, 2012, as required by the three-judge court's June 30, 2011 order. They assert that constitutional compliance has been attained without the required population density reduction.[2]

Accordingly, this court asked the parties to submit papers explaining "whether this court is precluded by the three judge court's finding and by its population reduction order from hearing defendants' motion to terminate at this time." (ECF No. 4290.) The parties have timely filed their briefs, both arguing that this court can hear the motion.

The court agrees that it can hear the motion at this time to the degree the motion asks this court to determine whether or not there is an on-going constitutional violation in the delivery of mental health care to the plaintiff class. Accordingly, this court will consider whether the California prison mental health care delivery system is now in constitutional compliance.

To the extent that defendants ask this court to terminate "all relief" in this action (ECF No. 4275 p. 1), however, the request cannot be granted. The population reduction order issued by three-

---

[2] "... at the current population density, inmates are receiving health care that exceeds constitutional standards." Motion To Terminate at p.21 (ECF No. 4275 p.26).

3

judge court is relief in this action and cannot be terminated by this court. See 28 U.S.C. § 2284.[3]

The parties are engaged in discovery and the Magistrate Judge has set a procedure for resolution of discovery disputes that may arise (ECF No. 4306). The court now sets the following briefing and argument schedule:

1. Defendants shall cooperate fully in discovery propounded by plaintiffs so that all discovery required to respond to the motion to terminate, including but not limited to depositions of all individuals who have tendered declarations in support of said motion, has been completed by March 1, 2013.

2. Plaintiff's Opposition to defendants' motion to terminate is due no later than March 15, 2013, at 4:30 p.m.;

3. Defendants' Reply, if any, is due no later than March 22, 2013, at 4:30 p.m.;

4. Oral argument shall be heard on March 27, 2013, at 10:00 a.m. The court presently does not intend to entertain live testimony at the hearing.

IT IS SO ORDERED.

DATED: January 28, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] Moreover, to the extent defendants' motion could be read to ask this court to re-litigate or undermine a fully-litigated adjudication of the three-judge court, specifically affirmed by the Supreme Court, concerning the necessity for a population reduction order the court declines to do so. Whether such relitigation might be proper (an issue this court does not here decide) is a matter only, if at all, for the three-judge court.

4