DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
MARGOT MENDELSON – 268583
KRISTA STONE-MANISTA – 269083
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

JON MICHAELSON – 083815
JEFFREY L. BORNSTEIN – 099358
LINDA L. USOZ – 133749
MEGAN CESARE-EASTMAN – 253845
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: (415) 882-8200

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EDMUND G. BROWN, Jr., et al.,<br><br>　　　　Defendants. | Case No. Civ S 90-0520 LKK-JFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE OR MODIFY PORTIONS OF THE TWENTY-FIFTH MONITORING REPORT OF THE SPECIAL MASTER**<br><br>Judge: Hon. Lawrence K. Karlton<br>Date:　March 11, 2013<br>Time:　10:00 AM<br>Crtrm.: 4, 15th Floor |

[724679-2]

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2013, Plaintiffs, through their counsel of record, will and hereby do move the court for an order to strike from the record portions of Defendants' "Objections and Motion to Strike or Modify Portions of the Twenty-Fifth Round Monitoring Report of the Special Master" (Jan. 28, 2012, Docket No. 4312) and their "Amended Defendants' Objections and Motion to Strike or Modify Portions of the Twenty-Fifth Round Monitoring Report of the Special Master" (Jan. 29, 2012, Docket No. 4314).

This Motion is based on this Notice of Motion and Motion filed herewith, the pleadings and orders on file in the above-captioned matter, and any oral argument or evidence permitted at any hearings on this motion.

DATED: February 11, 2013        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
    Michael W. Bien

Attorneys for Plaintiffs

[724679-2]

1

PLS.' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFS.' OBJECTIONS AND MOTION TO STRIKE OR MODIFY PORTIONS OF THE 25TH MONITORING REPORT OF THE SPECIAL MASTER

# PLAINTIFFS' MOTION TO STRIKE

## INTRODUCTION

In Defendants' "Objections and Motion to Strike or Modify Portions of the Twenty-Fifth Round Monitoring Report of the Special Master" (Jan. 28, 2012, Docket No. 4312) and their "Amended Defendants' Objections and Motion to Strike or Modify Portions of the Twenty-Fifth Round Monitoring Report of the Special Master" (Jan. 29, 2012, Docket No. 4314), Defendants levy unethical and improper personal attacks against the Special Master, his work, and by implication, this Court. Plaintiffs ask the Court to use its inherent power to strike Defendants' unwarranted accusations and their scurrilous implications.

## ARGUMENT

The Special Master's Twenty-Fifth Round Monitoring Report, which contains his most recent findings regarding Defendants' continued failures to provide constitutionally adequate mental health care to class members across California's prison system, was filed by order of this Court on January 18, 2013. Docket No. 4298. This Court permitted Defendants to file objections to the 25th Report, as envisioned in the original Order of Reference to the Special Master. Order at 2-3, Jan. 17, 2013, Docket No. 4297; *see* Order of Reference at 8, Dec. 11, 1995, Docket No. 640. Defendants include in their objections a baseless allegation of corruption against the Special Master. The Court should not permit this material to remain in the record.

At page 2, lines 2-5 of their Objections and Amended Objections, Defendants accuse the Special Master of making adverse findings against them in order to increase his fees. No evidence is provided to support this accusation of judicial corruption.

California attorneys are commanded "[t]o maintain the respect due to the courts of justice and judicial officers." Cal. Bus. & Prof. Code. § 6068(b). The Special Master is not only an officer of this Court, but also its "'surrogate'." *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 995 (9th Cir. 2003) (quoting *Louisiana v. Mississippi*, 466 U.S. 921, 921 (1984). The three-judge court in this matter has previously observed that the *Plata* receiver, like the *Coleman* special master, "'assumed the duties and obligations of a

[724679-2]

2

PLS.' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFS.' OBJECTIONS AND MOTION TO STRIKE OR MODIFY PORTIONS OF THE 25TH MONITORING REPORT OF THE SPECIAL MASTER

1  judicial officer' when appointed." *Coleman v. Schwarzenegger*, 2007 U.S. Dist. Lexis
2  99340 at *18 (E.D. Cal. Nov. 29, 2007).  The Special Master is therefore due the same
3  respect as the Court itself.  Defendants' personal attack against him is undignified and
4  disrespectful.

5        This Court's inherent power permits it to take such actions as necessary "to manage
6  their own affairs so as to achieve the orderly and expeditious disposition of cases."
7  *Chambers v. Nasco*, 501 U.S. 32, 43 (1991).  This includes the ability to "strike items from
8  the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d
9  402, 404 (9th Cir. 2010) (collecting cases).  In addition, "courts of justice are … vested …
10 with power to impose silence, respect, and decorum, in their presence …." *Chambers*, 501
11 U.S. at 43.  Attacks on courts and their officers that violate basic principles of respect and
12 decorum are precisely the type of improper litigation conduct that merits exercise of the
13 inherent judicial authority to strike such vitriol from courts' dockets.  *See Carrigan v. Cal.*
14 *State Leg.*, 263 F.2d 560, 564 & 564 n.10 (9th Cir. 1959) (noting the power of the
15 appellate court to strike pleadings attacking the trial court as "scandalous, impertinent,
16 scurrilous, and/or without relevancy").

## CONCLUSION

18 Because Defendants' inappropriate personal attacks against the Special Master are
19 ungrounded in law or fact, and because they are an affront to the dignity and decorum of
20 this Court, the Court should order Defendants to refile their objections without the
21 scurrilous material at page 2, lines 2-5, and direct the Clerk of the Court to strike the
22 offending filings from the record.

23 DATED: February 11, 2013      Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael W. Bien*
     Michael W. Bien

Attorneys for Plaintiffs

[724679-2]

3

PLS.' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF DEFS.' OBJECTIONS AND MOTION
TO STRIKE OR MODIFY PORTIONS OF THE 25TH MONITORING REPORT OF THE SPECIAL MASTER