# Coleman v. Brown, 90-520 LKK JFM
# Joint Statement Re Discovery Dispute

The parties submit this Joint Statement concerning their discovery disagreements in this letter to the court. Plaintiffs seek to depose Lindsay Hayes, a non-testifying consultant for the California Department of Corrections and Rehabilitation (CDCR) on February 18, 2013, in Boston, Massachusetts. (Defs.' Ex. 1.) Mr. Hayes produced documents to Plaintiffs in response to their document requests seeking materials created while Mr. Hayes consulted with CDCR. (Defs.' Ex. 2.) The parties jointly request the Court to determine whether: (1) Plaintiffs may depose Mr. Hayes about his consulting work for CDCR; and (2) Plaintiffs must destroy the documents produced by Mr. Hayes.

## I. Defendants' Positions
### A. Plaintiffs Agreed Not to Use Hayes's CDCR Work Product in this Litigation.

Plaintiffs' counsel agreed not to seek production of Mr. Hayes report or use the report in any litigation. (See Defs.' Ex. 3, correspondence between parties.) Plaintiffs have broken that promise by unilaterally noticing Mr. Hayes's deposition and materials related to his consultancy with CDCR. The Court should not permit this bad faith attempt to pursue information they agreed not to use in litigation—especially when Defendants have not placed Hayes's opinions directly at issue in this termination litigation. (See Defs.' Mot. to Terminate, ECF No. 4275.)

### B. Mr. Hayes's knowledge, mental impressions, and opinions formed or prepared while a consultant for CDCR are not discoverable under Fed. R. Civ. P. 26(b).

Documents or tangible things prepared for, or in anticipation of, litigation by a party's representatives—including consultants—are not discoverable. Fed. R. Civ. P. 26(b)(3)(A). Further, a non-testifying consultant's opinions or facts obtained through the consultancy are not discoverable. Fed. R. Civ. P. 26(b)(4)(D); *see also U.S. Inspection Servs., Inc. v. NL Engineered Solutions, LLC*, 268 F.R.D. 614, 617 n.3 (N.D. Cal. 2010) (Rule 26(b)(4)(B) applies equally to protect documents sought from non-testifying experts).

Defendants retained Mr. Hayes to provide expert consultation and advice regarding CDCR's suicide prevention program, but did not designate him as an expert witness (ECF No. 4275.) Thus, Plaintiffs cannot depose Mr. Hayes about his consultation with CDCR and must immediately return or destroy the documents Mr. Hayes produced to Plaintiffs without first consulting his client, CDCR. Mr. Hayes's work should remain privileged and non-discoverable because the litigation "permeated" the purpose for which he was retained as a consultant. *See U.S. Inspection Services, Inc.*, 268 F.R.D. at 617-18. Here, ongoing Coleman litigation has so permeated CDCR's suicide prevention efforts that Mr. Hayes's work in that area, even if arguably unrelated to a particular court filing, should be protected under Rule 26(4)(B).

Further, there are no exceptional circumstances to justify this discovery. Plaintiffs have their own experts and access to details of Defendants' suicide prevention efforts, and have received the special master's assessments of these efforts for decades.

Allowing discovery of this proprietary information unfairly enriches Plaintiffs with information that they can obtain on their own. Accordingly, the Court should issue an order of protection prohibiting Plaintiffs from deposing Hayes and requiring them to immediately destroy any documents produced to them related to Mr. Hayes's consultancy with CDCR.

## II. Plaintiffs' Positions

### A. Mr. Hayes Was a Non-Litigation Consultant and His Report, Related Documents, and Deposition Are Discoverable Under Rule 26

Mr. Hayes was a non-litigation consultant for CDCR, and his suicide prevention report and related documents and opinions are discoverable under Rules 26(b)(1) and 45. Defendants have failed

to meet their burden to present evidence substantiating their claim Mr. Hayes was retained pursuant to Rule 26(b)(3)(A).  *See U.S. Inspection Servs., Inc. v. NL Eng'd Solutions, LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010).  The evidence makes indisputably clear CDCR retained Mr. Hayes as a non-litigation consultant only.  Mr. Hayes has been Plaintiffs' retained litigation expert on suicide prevention issues since 2005.  Declaration of Lindsay Hayes ¶ 2;[1] Declaration of Michael Bien ¶ 2, Ex. A.  In July 2009, CDCR mental health staff approached Mr. Hayes to consult as a non-litigation expert on improving CDCR's suicide prevention program.  Hayes Decl. ¶ 3; Bien Decl. ¶ 3.  Mr. Hayes and Plaintiffs' counsel agreed to waive the conflict presented by such an arrangement on the explicit condition Mr. Hayes would *not* be retained as a litigation expert or consultant, and CDCR so agreed. Hayes Decl. ¶¶ 3-4, Ex. A; Bien Decl. ¶¶ 3-4, Ex. B.  Nothing in Mr. Hayes's contract, communications, or meetings with CDCR contradicts the fact that this was a non-litigation consultant arrangement, similar to other consultants CDCR has engaged in the remedial phase of this case to examine and advise on discrete operational matters.  Hayes Decl. ¶¶ 3-4, Ex. A; Bien Decl. ¶¶ 3-5, 7-8. When the Attorney General's Office subsequently approached Mr. Hayes in an attempt to retain him as Defendants' litigation expert, Mr. Hayes declined.  Bien Decl. ¶ 6, Ex. C.

Furthermore, Plaintiffs are entitled to the requested discovery due to their substantial need and inability to obtain equivalent proof by other means.  F.R.C.P. 26(b)(3)(A)(ii).  Defendants hired Mr. Hayes to advise them on ways to improve suicide prevention in CDCR prisons, but then subsequently ignored and refused to implement the recommendations from his July 2011 report.  Hayes Decl. ¶¶ 4-7; Bien Decl. ¶¶ 8-10.  This is strong evidence of Defendants' deliberate indifference to the ongoing Eighth Amendment violations, which Defendants have placed front and center with their termination filing.  Plaintiffs cannot present this critical evidence without Mr. Hayes's report and testimony.

### B. Plaintiffs Never Agreed Not To Seek Mr. Hayes's Report and Testimony

Defendants refused to share Mr. Hayes's report with the Special Master and Plaintiffs.  To continue the parties' efforts, with the Special Master's assistance, to cooperatively negotiate ways to improve CDCR's suicide problems, Plaintiffs' counsel agreed in 2012 that Defendants could provide a redacted version of the Hayes report for such use, and that Plaintiffs would not use that redacted report in litigation.  Bien Decl. ¶¶ 9-10.  There was no agreement not to seek the full report should it become necessary, as it is now.  *Id.*  Further, in January 2013, Plaintiffs offered not to seek or use the full Hayes report if Defendants agreed not to object to Plaintiffs' retention of Mr. Hayes as an expert witness in connection with the termination proceedings, but Defendants never responded to the offer. Bien Decl. ¶¶ 11-15, Exs. D & E.  Accordingly, no agreement bars Plaintiffs from deposing Mr. Hayes and discovering his report and related documents pursuant to the valid February 4, 2013 subpoena.

Dated: February 12, 2013

/s/ Lisa Ells
_____
LISA ELLS
Rosen Bien Galvan & Grunfeld LLP
*Attorneys for Plaintiffs*

Dated:  February 12, 2013

/s/ William H. Downer
_____
WILLIAM H. DOWNER
Deputy Attorney General
*Attorneys for Defendants*

---

[1] Defendants object that any separate filing of declarations violates the Court's order limiting the length of the joint filing.