# EXHIBIT 1

DONALD SPECTER – 083925
STEVEN FAMA – 099641
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone: (415) 864-8848

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH COLEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND G. BROWN, Jr., et al., <br><br> Defendants. | Case No. Civ S 90-0520 LKK-JFM <br><br> **NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF NON-PARTY LINDSAY HAYES** <br> [Fed. R. Civ. P. 45] |

[720795-1]

NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS OF NON-PARTY LINDSAY HAYES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, plaintiff, by his attorneys, will take the deposition of **LINDSAY HAYES at 9:00 a.m. on February 18, 2013** at Intelligent Office, 265 Franklin Street, Suite 1702, Boston, MA 02110.

YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action. So far as known to the deposing party, the deponent's address and telephone number are as follows: 40 Lantern Lane, Mansfield, MA 02048, Office: (508) 337-8806. Said deponent has been served with a Deposition Subpoena, a copy of which is attached hereto and served herewith.

Said deposition shall proceed until completed, or until the end of seven hours of recorded testimony, pursuant to Federal Rule of Civil Procedure 30(d)(1). The deposition shall be recorded by stenographic means and shall be videotaped.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 45 of the Federal Rules of Civil Procedure, the Deponent is commanded to produce on or before the time and place of deposition the documents described in **Attachment A** to the Deposition Subpoena, served herewith.

DATED: February 4, 2013          ROSEN BIEN GALVAN & GRUNFELD LLP

By: *Aaron J. Fischer*
Aaron J. Fischer

Attorneys for Plaintiffs

[720795-1]

1
NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF NON-PARTY LINDSAY HAYES

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| Ralph Coleman, et al., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  CIV. S-90-520 LKK/JFM |
| Edmund G. Brown, JR., et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of California  ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Lindsay Hayes, 40 Lantern Lane, Mansfield, MA 02048

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Intelligent Office, 265 Franklin Street, Suite 1702, Boston, MA 02110 | Date and Time: 02/18/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographically and by videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A.  Please produce the documents listed on Attachment A on or before the date of deposition.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  02/01/2013

_____           _____
*CLERK OF COURT*                                        OR                  *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ralph Coleman, et al.,
_____, who issues or requests this subpoena, are:
Aaron J. Fischer, Rosen Bien Galvan and Grunfeld, LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104; afischer@rbgg.com; 415 433 6830

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. CIV. S-90-520 LKK/JFM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS.

THE DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED PURSUANT TO THE SUBPOENA TO TESTIFY AT A CIVIL ACTION ARE AS FOLLOWS:

1. A copy of your latest resume, qualifications or curriculum vitae, together with a list of any and all publications authored or co-authored by you;

2. All documents, for the time period January 1, 2010 to December 31, 2011, that are or contain or refer to any report authored, co-authored, or completed by you for or with the California Department of Corrections and Rehabilitation (CDCR) covering subjects that include, but are not limited to, CDCR's suicide prevention policies and procedures and CDCR's use of Outpatient Housing Units (OHUs) and other alternative locations for inmates at risk of suicide.

3. All documents that are or refer or relate to any reports, notes, summaries, research materials, recommendations, or communications (*i.e.*, letters, handwritten notes of conversations, faxes, email, text messages, etc.) between you and CDCR staff, representatives, or counsel.

4. All documents that are or refer or relate to contracts or agreements between you and CDCR.

[720775-2]

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104-1823.

On February 4, 2013, I served true copies of the following document(s) described as:

**NOTICE OF TAKING DEPOSITION, WITH DOCUMENTS, OF NON-PARTY LINDSAY HAYES; DEPOSITION SUBPOENA**

on the interested parties in this action as follows:

**VIA MAIL**
Debbie Vorous
Deputy Attorney General
State of California Department of Justice
1300 1 Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Rosen Bien Galvan & Grunfeld LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**AND TO:**

**VIA MESSENGER**
Paul B. Mello, Esq.
Hanson & Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

**VIA MESSENGER**
Jay C. Russell
Supervising Deputy Attorney General
State of California Department of Justice
455 Golden Gate, Suite 11000
San Francisco, CA 94102-7004

**BY MESSENGER SERVICE:** I provided such document(s) to a professional messenger service for service on the date indicated above.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February __, 2013, at San Francisco, California.

_____
Karen Stilber