1  DONALD SPECTER – 083925
   STEVEN FAMA – 099641
2  PRISON LAW OFFICE
   1917 Fifth Street
3  Berkeley, California  94710-1916
   Telephone:   (510) 280-2621
4

5

6

7
   CLAUDIA CENTER – 158255
8  THE LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
9  180 Montgomery Street, Suite 600
   San Francisco, California  94104-4244
10 Telephone:   (415) 864-8848

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
JANE E. KAHN – 112239
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California  94104-1823
Telephone:   (415) 433-6830

WARREN E. GEORGE – 053588
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California  94111-4066
Telephone:   (415) 393-2000

11 Attorneys for Plaintiffs

12             UNITED STATES DISTRICT COURT

13             EASTERN DISTRICT OF CALIFORNIA

14

15 RALPH COLEMAN, et al.,                 Case No. Civ S 90-0520 LKK-JFM

16             Plaintiffs,               **DECLARATION OF MICHAEL W.
                                         BIEN IN SUPPORT OF PLAINTIFFS'**
17      v.                               **STATEMENT REGARDING LINDSAY
                                         HAYES SUBPOENA AND**
18 EDMUND G. BROWN, Jr., et al.,         **DOCUMENT REQUESTS**

19             Defendants.

20

21

22

23

24

25

26

27

28

[726957-5]

1    I, Michael W. Bien, declare:

2        1.    I am an attorney admitted to practice law in California, a member of the bar

3    of this Court, and the managing partner of the law firm of Rosen Bien Galvan & Grunfeld,

4    LLP, counsel of record for Plaintiffs.  I have personal knowledge of the matters set forth

5    herein, and if called as a witness I could competently so testify.  I make this declaration in

6    In Support of Plaintiffs' Statement Regarding Lindsay Hayes Subpoena and Document

7    Request.

8        2.    Lindsay Hayes is a preeminent national expert in the area of suicide

9    prevention in correctional settings.  Plaintiffs retained him as an expert witness and

10   consultant on behalf of the *Coleman* class in this litigation starting in 2005, and filed his

11   declaration as an expert witness on October 31, 2006 (Docket No. 2011) regarding

12   recommendations Mr. Hayes had made to the *Coleman* Special Master team, CDCR

13   officials, and Plaintiffs' counsel about methods to reduce suicides in CDCR administrative

14   segregation units.  Attached hereto as **Exhibit A** is a true and correct copy of the April

15   2005 documentation and payments retaining Mr. Hayes as Plaintiffs' expert.  After filing

16   his 2006 declaration, Mr. Hayes continued to consult for the Plaintiff class on suicide

17   prevention issues periodically thereafter.

18       3.    In July 2009, Mr. Hayes informed me that he had been approached by Robert

19   D. Canning, CDCR's Chief Psychologist and Suicide Prevention Coordinator, on behalf of

20   CDCR's Mental Health Director Sharon Aungst about the possibility of consulting for

21   CDCR on improving CDCR's suicide prevention program.  Mr. Hayes contacted me to

22   discuss the possibility.  Although Mr. Hayes was, at that point, still Plaintiffs' retained

23   litigation expert, I agreed to let Mr. Hayes consult for CDCR on the condition that Mr.

24   Hayes would *not* be retained as a "litigation expert or consultant" for the State, would *not*

25   be retained by the AG's office or CDCR Legal, and that his work would be devoted solely

26   to the remedial purpose of aiding the parties and the Special Master in developing

27   necessary improvements to the policies and procedures for suicide prevention.

28

1

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING LINDSAY
HAYES SUBPOENA AND DOCUMENT REQUESTS

1      4.      Mr. Hayes informed me that he communicated these conditions to CDCR

2  through Dr. Canning and Ms. Aungst, that CDCR agreed to the arrangement, and that his

3  contract and all communications and meetings with CDCR were consistent with this

4  agreement.  Mr. Hayes sent emails to Dr. Canning and Ms. Aungst in August 2009 and

5  November 2009 making clear he had spoken with me, and that both he and I agreed that

6  his work with CDCR must be limited to a consultant role and could not involve any

7  litigation work as an expert witness on Defendants' behalf.   On January 24, 2013, Mr.

8  Hayes provided me with his November 10, 2009 email to Ms. Aungst, which also embeds

9  and forwards his earlier email to Dr. Canning, outlining the terms and conditions of his

10  consultation agreement with CDCR.  A true and correct copy of that email string is

11  attached hereto as **Exhibit B**.

12      5.      In my experience, CDCR's arrangement with Mr. Hayes as a non-litigation

13  consultant is consistent with the many instances throughout the decades-long course of this

14  case in which CDCR has hired consultants to assist their efforts to improve mental health

15  care in California's prisons.  For instance, CDCR has utilized McManis Consulting and

16  John Misener to provide Defendants with bed planning projections in order to determine

17  how and where Defendants should construct mental health beds.  Because Mr. Misener

18  was a non-litigation consultant, Plaintiffs subpoenaed, and Defendants produced, Mr.

19  Misener's reports and related documents during the three-judge court proceedings, and

20  Plaintiffs deposed him concerning all aspects of his consultation.  CDCR's relationship

21  with Mr. Hayes is no different.

22      6.      Mr. Hayes also subsequently informed me that he had been separately

23  approached by Jeffrey Steele of the California Attorney General's Office about the

24  possibility of retaining him as a litigation expert.  A true and correct copy of the August

25  19, 2009 Hayes-Bien Email, contemporaneously documenting Mr. Hayes's conversation

26  with Mr. Steele, is attached hereto as **Exhibit C**.  Mr. Hayes informed me he declined Mr.

27  Steele's request.

28

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING LINDSAY
HAYES SUBPOENA AND DOCUMENT REQUESTS

1    7.    When Mr. Hayes approached me about waiving the clear conflict of interest

2  presented by Defendants' potential retention of Mr. Hayes, I agreed to let Mr. Hayes – who

3  had long been Plaintiffs' suicide expert and testified by sworn declaration on behalf of the

4  *Coleman* class – consult for CDCR only with the explicit understanding that he would be

5  doing so solely in connection with the ongoing, cooperative efforts between Plaintiffs,

6  Defendants, and the Special Master to improve CDCR's suicide prevention measures.

7  Indeed, I was heartened that CDCR was seeking the advice of Mr. Hayes in an effort to

8  address the horrendous constitutional violations that have long resulted in extremely high

9  numbers of preventable and foreseeable class member deaths.  No one from either the

10  Attorney General's Office or from CDCR ever discussed with me the possibility that Mr.

11  Hayes would be retained in a litigation role, and I would never have agreed to waive the

12  conflict presented by Defendants' retention of Plaintiffs' litigation expert had that been the

13  case.

14    8.    In 2010, CDCR officials informed the Special Master and Plaintiffs' counsel

15  that they had officially retained Mr. Hayes as a suicide prevention consultant, and that he

16  would be a key part of the process of complying with the Special Master's

17  recommendation, and the resulting April 14, 2010 Court Order (Docket 3836), requiring

18  Defendants to undertake a review of their suicide policies and procedures within 120 days,

19  or by August 13, 2010.  Like the Special Master, I relied on Defendants' retention of Mr.

20  Hayes as a consultant as evidence of Defendants' good faith and sincerity in finally

21  seriously addressing this long-neglected issue, and we looked forward to further

22  discussions and meetings where Mr. Hayes' recommendations would be shared and

23  discussed.

24    9.    After learning that Mr. Hayes had written a report making recommendations

25  regarding ways to improve suicide prevention measures in CDCR in August 2011, I

26  requested a copy from Defendants, as did the Special Master.  Defendants repeatedly

27  refused to provide the Special Master or my office with the report.

28

[726957-5]

3

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING LINDSAY
HAYES SUBPOENA AND DOCUMENT REQUESTS

10.    The Special Master requested that I work with Defendants so that he and his team of experts could gain access to as much of Mr. Hayes's report and recommendations as Defendants would allow. To facilitate that, I eventually made an agreement with Benjamin Rice, CDCR General Counsel, and Debbie Vorous of the Attorney General's Office that Defendants would provide the Special Master and Plaintiffs' counsel with a redacted version of Mr. Hayes's report that contained only his opinions and recommendations regarding CDCR's use of OHUs so that we could continue, with the Special Master's assistance, cooperatively negotiating ways to address CDCR's deplorable OHU conditions and their relationship to suicide prevention efforts. In exchange for receiving the redacted report, I agreed not to use Mr. Hayes's redacted report in any public filings in litigation. I never agreed not to seek the full report or Mr. Hayes's underlying opinions if needed, as they are needed now to show that Defendants chose to ignore Mr. Hayes's core recommendations and therefore remain deliberately indifferent to the ongoing Eighth Amendment violations. Defendants chose to put those issues front and center in their motion to terminate, and Mr. Hayes's advice to Defendants in his non-litigation consulting role is directly relevant now.

11.    After Defendants' unexpectedly and without warning moved to terminate the case on January 7, 2013, I approached Mr. Hayes to inquire about the status of his consultation with CDCR in order to see if Plaintiffs could again retain him as a litigation expert to testify in opposition to Defendants' motion. Mr. Hayes told me that he had not performed any work for CDCR since submitting his original and redacted reports. Mr. Hayes also said that although he had repeatedly requested clarification as to whether CDCR wanted him to perform any additional services, he had received no response to his inquiries and had formally ended his relationship with CDCR. However, Mr. Hayes informed me that he would not feel comfortable being retained as Plaintiffs' expert unless Defendants' counsel explicitly agreed they had no objection to such an arrangement.

12.    I therefore attempted to contact Mr. Rice by email on January 16, 2013 and offered to make an agreement—that Plaintiffs would not request of Mr. Hayes his full

4

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING LINDSAY HAYES SUBPOENA AND DOCUMENT REQUESTS

report and recommendations in exchange for Defendants' agreement not to interfere with
Mr. Hayes returning to his role as Plaintiffs' expert in opposing the motion to terminate.
In the same email, on which Mr. Hayes was also copied, I clearly stated our understanding
that Mr. Hayes had been retained by CDCR as a non-litigation consultant. I invited Mr.
Rice to contact me to discuss the issue further, but heard nothing. I subsequently tried to
contact Mr. Rice several times on his personal cell phone to find out whether he would
accept this offer. Mr. Rice never responded.

13.    Because Mr. Hayes was not comfortable accepting a retention as Plaintiffs'
litigation expert without an express agreement from Defendants that they would not raise
any objections, and due to the time pressure created by Judge Karlton's order setting a
discovery close of March 1, I informed Mr. Rice and Ms. Vorous on January 31, 2013 that
we would *not* be retaining Mr. Hayes as an expert and would instead be noticing his
deposition as a non-party witness shortly. A true and correct copy of this email is attached
hereto as **Exhibit D**. Through that communication, I revoked my prior proposal.

14.    On February 1, 2013, my office again informed Ms. Vorous that Plaintiffs
would be serving a subpoena on Mr. Hayes the following Monday, setting his deposition
for February 18, 2013. The subpoena was served on February 4, 2013, and his February
18 deposition is pending.

15.    On February 8, 2013 at 2:45pm, Jay Russell from the Attorney General's
Office sent Plaintiffs' counsel a letter objecting to the Hayes deposition subpoena and
related document request and demanding a response the same day. I sent a letter
responding to Mr. Russell's letter on February 11, 2013 at 12:19pm. A true and correct
copy of my letter to Mr. Russell is attached hereto as **Exhibit E**.

I declare under penalty of perjury under the laws of the United States and the State
of California that the foregoing is true and correct, and that this declaration is executed at
San Francisco, California this 11th day of February, 2013.

[726957-5]

5

DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING LINDSAY
HAYES SUBPOENA AND DOCUMENT REQUESTS

1  DATED: February 11, 2013          Respectfully submitted,

2                                    ROSEN BIEN GALVAN & GRUNFELD LLP

3

4                                    By: _____

5                                         Michael W. Bien

6                                    Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[726957-5]

                                    6

Exhibit A

SANFORD JAY ROSEN *
MICHAEL W. BIEN
ANDREA G. ASARO

HOLLY BALDWIN
ERNEST GALVAN
JANE KAHN
MEGHAN LANG
ANNE MANIA
THOMAS NOLAN
JANET TUNG
AMY WHELAN
MARAKA L. WILLITS
SARAH OLSON ZIMMERMAN **

**ROSEN, BIEN & ASARO, LLP**
ATTORNEYS AT LAW
EIGHTH FLOOR
155 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94104

FILE COPY

TELEPHONE
(415) 433-6830

FAX
(415) 433-7104

EMAIL
rba@rbalaw.com

April 18, 2005

**Lindsay M. Hayes**
Project Director
National Center on Institutions and Alternatives
40 Lantern Lane
Mansfield, MA 02048

Re:    Coleman v. Schwarzenegger
       Our File No. 489-3

Dear Lindsay:

Enclosed please find a check in the amount of $3000.00, made payable to the National Center on Institutions & Alternatives (tax I.D. # 52-1094078), as a retainer for your work with plaintiffs' counsel as an expert witness in the Coleman litigation now pending in the United States District Court in the Eastern District of California. We understand that your rate is $200 an hour.

We also enclose a copy of the protective order in the case and an acknowledgement form for you to send back. After we have received that we will send you background documents concerning the issues we wish you to address.

Sincerely yours,

ROSEN, BIEN & ASARO, LLP

By: Michael W. Bien

MWB:pj
Enclosure – Coleman Protective Order

*    MEMBER OF THE CONNECTICUT AS WELL AS THE CALIFORNIA BAR
**   MEMBER OF THE ILLINOIS AS WELL AS THE CALIFORNIA BAR

024926

| DATE | INVOICE NO | DESCRIPTION | AMOUNT | DISCOUNT | NET AMOUNT |
|---|---|---|---|---|---|
| 04/18/05 | 489-3 | RETAINER | 3000.00 | | 3000.00 |
| 04/18/05 | 024926 | ** CHECK TOTALS: | 3000.00 | | 3000.00 |

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER - SEE REVERSE SIDE FOR COMPLETE SECURITY FEATURES

**ROSEN, BIEN & ASARO**
ATTORNEYS AT LAW
155 MONTGOMERY ST, 8th FLOOR
SAN FRANCISCO, CA 94104
(415) 433-6830

BANK OF THE WEST
1 Front St
San Francisco, Calif 94111
11-78/1211

0249

| DATE | CHECK NO. | PAYEE I.D |
|---|---|---|
| 04/18/05 | 024926 | NAT025 |

NO

PAY THIS AMOUNT
$****3,000.00

***3,000 DOLLARS AND NO CENTS

VOID AFTER 180 DAYS

PAY
TO THE
ORDER
OF

NATIONAL CENTER ON INSTITUTIONS &
ALTERNATIVES
40 LANTERN LANE
MANSFIELD, MA 02048

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

### Acknowledgement and Consent Regarding Coleman
### Protective Order

I, _____, hereby acknowledge that I have received a copy of the July 29, 1992 Protective Order in the Coleman v. Schwarzenegger case. I have reviewed the July 29, 1992 Protective Order and I agree to be bound by its provisions. Furthermore, I hereby consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of that protective order. I shall retain the original of this written acknowledgement and consent until the termination of this litigation.

_____

1  OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
   DANIEL E. LUNGREN, Attorney General
2  of the State of California
   DENNIS ECKHART
3  Supervising Deputy Attorney General
   1515 K Street, Suite 511
4  Sacramento, California  95814
   (916) 323-8987
5
   Attorneys for the State of California Department
6   of Health Services

7  HELLER, EHRMAN, WHITE & MCAULIFFE
   RICHARD L. GOFF                          **FILED**
8  AMELIA A. CRAIG
   INGRID S. LEVERETT
9  STEPHANIE M. HINDS                       JUL 2 9 1992
   333 Bush Street
10 San Francisco, California  94104-2878    CLERK, U. S. DISTRICT COURT
   (415) 772-6000                           EASTERN DISTRICT OF CALIFORNIA
11                                          BY _____
   Attorneys for Plaintiffs                          DY CLERK

**LODGED**

                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                                    )
   18                               )
   _____ COLEMAN,                )  No. CIV S 90-0520 LKK-JFM
                                    )
              Plaintiff,            )  STIPULATED PROTECTIVE ORDER
                                    )  BETWEEN PLAINTIFFS AND THE
18         v.                       )  STATE OF CALIFORNIA DEPARTMENT
                                    )  OF HEALTH SERVICES RE
19 PETE WILSON, et al.,             )  CONFIDENTIALITY OF PATIENT AND
                                    )  INMATE RECORDS
20         Defendants               )
                                    )
21 _____  )

22

23         IT IS ORDERED that the following provisions shall apply

24 to all State of California Department of Health Services' records

25 which identify any patient or inmate and which are obtained in

26 this action by counsel for plaintiffs:

27

28

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS

1.   This order covers all documents and information obtained in this action by plaintiffs' counsel which identifies a patient or inmate other than the named plaintiffs in this action.

2.   All such documents and information obtained in this action by plaintiffs' counsel shall be regarded as confidential and subject to this Protective Order.  Such material is hereinafter referred as to "confidential material."

3.   The confidential material may be disclosed only to the following persons:

a.   Counsel of record for plaintiffs in this action;

b.   Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record for plaintiffs;

c.   Court personnel and stenographic reporters engaged in such proceedings as are incidental to preparation for the trial in this action.

d.   Any outside expert or consultant retained by plaintiffs' counsel for purposes of this action;

e.   Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to by bound by the terms of this Order.

4.   Each person to whom disclosure of confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such confidential material a copy of this Order, and shall agree on the record or in writing that they have read this Protective Order and understand and

1  agree to be bound by its provisions. Such persons must also
2  consent to be subject to the jurisdiction of the United States
3  District Court for the Eastern District of California with
4  respect to any proceeding relating to enforcement of this Order,
5  including, without, limitation, any proceeding for contempt.
6  Unless such agreement is made on the record, such as in court or
7  during a deposition, the person making the disclosure shall
8  retain the original of an executed written agreement until
9  termination of this litigation, or until otherwise ordered by the
10  Court. A copy of each such agreement will be furnished to
11  counsel for DHS, upon order of the court.

12      5.  At the conclusion of the trial and any appeal, or
13  upon other termination of this litigation, all confidential
14  materials obtained by counsel for plaintiffs, and all copies of
15  such material, in possession of counsel for plaintiffs shall
16  returned to counsel for DHS.

17      6.  All confidential material obtained by counsel for
18  plaintiffs shall be used solely in connection with this
19  litigation, or related appellate proceeding, and not for any
20  other purpose, including any other litigation.

21      7.  Any documents filed with the court that reveal
22  confidential material shall be filed under seal, labeled with
23  cover sheet bearing the case name and number and the statement:
24  "This document is subject to a protective order issued by the
25  court and may not be copied or examined except in compliance
26  with that order." Documents so labeled shall be kept by the
27  Clerk of this Court under seal and shall be made available only
28  to the court or counsel. Upon failure to the filing party to so

1   file a document under seal, any party may request that the Court
2   place the filing under seal.

3          8.   Nothing in this Order shall preclude a party from
4   showing or disclosing to any person not listed in paragraph 3 of
5   this Order, deposition transcripts, pleadings or briefs
6   containing confidential material if the document containing such
7   material has been masked or deleted so that no disclosure of
8   confidential material occurs.

9          9.   With the exception of documents contained in the
10  confidential portions of patients' or inmates' central files, all
11  documents produced under this Protective Order may be reviewed in
12  a complete and unredacted form.  The location of the file review
13  shall be determined on a case-by-case basis.  After such review,
14  plaintiffs' attorneys may request copies of those documents they
15  find relevant to their conduct of this litigation.

16         10.  DHS may review the documents in the confidential
17  portions of patients' or inmates' central files, and may review
18  the other confidential material produced for initial review in
19  complete and unredacted form, for the purpose of determining if
20  there is any information which DHS contends should not further be
21  disclosed because to do so would endanger the safety and security
22  of an institution, or of any persons, including present or former
23  patients, inmates or staff.  If DHS determines that there are any
24  documents containing such information, DHS may redact such
25  information prior to providing copies to plaintiffs' attorneys of
26  the remaining portions of the documents and shall properly notify
27  plaintiffs' attorneys of the nature of the redacted information.
28  If in the judgment of plaintiffs' attorneys, such information as

1   has been redacted is necessary for the conduct of this
2   litigation, such documents will be expeditiously presented to the
3   court for in camera review to determine whether and to what
4   extent they must be produced.  Insofar as the court determines
5   that any such information is subject to exclusion from
6   production, the attorneys for plaintiffs and their legal
7   assistants and consultants shall not disclose the information to
8   any person for any purpose.

9         11.  Attorneys for plaintiffs and their legal
10  assistants and consultants shall not make copies of the
11  confidential material obtained by them except as necessary for
12  purposes of this litigation.  Counsel for plaintiffs will
13  maintain control over all copies obtained by them.  All
14  confidential material obtained by counsel for plaintiffs shall be
15  kept in locked file cabinets.  Only attorneys for plaintiffs and
16  their legal assistants shall have access to these file cabinets
17  or to the keys to these file cabinets.  Counsel for plaintiffs
18  shall maintain a record of all persons to whom they have afforded
19  access to confidential material.  Upon order of the court, DHS
20  may inspect the record.

21        12.  Each person who has been afforded access to
22  confidential material shall not disclose or discuss the
23  confidential material, including the identification, the
24  location, or mental health status of a patient or inmate, to or
25  with any person except as is necessary to this case, and then
26  only in accordance with paragraph 3 and 4 of this Order.

27

28

13.  Confidential material respecting one patient or inmate shall not be disclosed to or discussed with any other patient or inmate or former patient or inmate.

14.  Plaintiffs' counsel shall consult with a mental health professional to determine the necessity of having a mental health professional present at a file review conducted in the presence of a patient.

15.  If a patient, or a class member, or other inmate or parolee, objects in writing to the disclosure of his or her confidential material, such material may not thereafter be disclosed unless the patient, inmate or parolee withdraws his or her objection, or the court so orders.

16.  The foregoing provisions of this Order with the exception of paragraph 7 do not apply to DMH, its employees or representatives, or its consultants.  Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

17.  The provisions of this Protective Order are without prejudice to the right of any party:  (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents or modification of this Order

1 | or for any order permitting disclosure of confidential material

2 | beyond the terms of this Order.

3 |       18.  The provisions of this Order shall remain in full

4 | force and effect until further order of this Court.

5 |

6 | DATED:  June _11_, 1992

7 | STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

8 |

9 | _____

10 |

Attorney for the State of California
Department of Health Services

12 |

13 |

14 | DATED:  June 8, 1992

15 | HELLER, EHRMAN, WHITE & McAULIFFE

16 |

17 | _____

INGRID S. LEVERETT
18 | Attorney for Plaintiffs

19 |

20 |

21 |       IT IS SO ORDERED.

22 |       DATED:  _July 28, 1992_

23 |

24 |       UNITED STATE MAGISTRATE JUDGE

25 |

26 |

27 |

28 |

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
OF PATIENT AND INMATE RECORDS     -7-

**NATIONAL CENTER ON INSTITUTIONS
AND ALTERNATIVES**  40 Lantern Lane • Mansfield, Massachusetts  02048 • (508) 337-8806

Fax: (508) 337-3083

**RECEIVED**

MAY 0 2 2005

Rosen Bien & Asaro

**CONFIDENTIALITY NOTE**

The information contained in this facsimile message is legally privileged and
confidential information intended only for the use of the individual or entity
named below. If the reader of this message is not the intended recipient, you are
hereby notified that any dissemination, distribution or copy of this telecopy is
strictly prohibited. If you have received this telecopy in error, please immediately
notify us by telephone and return the original message to us at the address above
via the United States Postal Service. Thank you.

# FACSIMILE TRANSMISSION COVER SHEET

**We are transmitting to:**

Name: _MICHAEL BIEN, ESQ._

Telephone #: _____  FAX #: _____

Reference #: _(COLEMAN)_

Date: _____

From: _____ Lindsay M. Hayes

Comments: _____

_____

_____

_____

_____

Total number of pages, including cover letter: _2_

*If you do not receive all pages, please call,*
(508) 337-8806

Acknowledgement and Consent Regarding Coleman
Protective Order

I, LINDSON M. HAYS , hereby acknowledge that I have received a copy of the
July 29, 1992 Protective Order in the Coleman v. Schwarzenegger case. I have reviewed the
July 29, 1992 Protective Order and I agree to be bound by its provisions. Furthermore, I hereby
consent to be subject to the jurisdiction of the United States District Court for the Eastern District
of California with respect to any proceeding relating to enforcement of that protective order. I
shall retain the original of this written acknowledgement and consent until the termination of this
litigation.

Exhibit B

**From:** Lindsay Hayes [mailto:lhayesta@msn.com]
**Sent:** Tuesday, November 10, 2009 9:05 AM
**To:** Aungst, Sharon
**Cc:** Lindsay Hayes
**Subject:** Fw: Suicide prevention consultation with CDCR

Sharon:

It was good talking with you again this morning.  Below is my previous correspondence
explaining my leaving the role as a plaintiff's expert and now consulting with CDCR.

Lindsay M. Hayes, Project Director
National Center on Institutions and Alternatives
40 Lantern Lane
Mansfield, MA 02048
(508)337-8806

----- Original Message -----

**From:**

**To:**

**Cc:**

**Sent:** Sunday, August 02, 2009 8:21 PM

**Subject:** Re: Suicide prevention consultation with CDCR

Bob:

Sorry for the tardy response.  I'm in the midst of traveling and needed to confer with Michael Bien and Jane Kahn before starting a dialogue with CDCR.  **They have no problem with me consulting with CDCR, as long as it did not involve any litigation work as an expert witness.  I agree, and would only feel comfortable leaving my role with plaintiff's counsel if my role with CDCR was limited to that of a consultant.**

I'm out of the office on travel for much of the next few weeks so its probably easier to reach me by cell phone (508/259-6053) or e-mail.  I look forward to talking with you.

Lindsay M. Hayes, Project Director
National Center on Institutions and Alternatives
40 Lantern Lane
Mansfield, MA  02048
(508/337-8806-Office)
(508/337-3083-Fax)

—— Original Message ——

**From:**

**To:**

**Cc:**

**Sent:** Thursday, July 23, 2009 11:58 AM

**Subject:** Suicide prevention consultation with CDCR

Good morning Lindsay,

Nice to see you in Seattle two weeks ago.  After the cool weather there, we came back to 100+ temps in Sacramento.

Sharon Aungst, our new Mental Health Director asked me to contact you to discuss engaging you for a consultation on our suicide prevention program.  As you know, suicide prevention has been a priority for the Special Master in the Coleman case and we would like to tap into your expertise to see how we can improve our program both statewide and in the individual prisons.  The consultation would focus on all aspects of our program

statewide: emergency response, training, evaluation, etc. My hope is that you could visit us here in Sacramento and also visit a number of institutions as part of your consultation.

I will be away from the office next week but available by email. Please give me a call this week if you have the time and we can begin to talk about particulars.

Thanks.

Robert D. Canning, Ph.D.

Chief Psychologist (A)

Clinical Program & Policy Development

DCHCS Mental Health Program

Dept. of Corrections& Rehabilitation

State of California

Desk:       **(916) 322-4344**

Cell:        **(530) 430-7755**

Fax:         **(916) 327-0545**

Email:      robert.canning@cdcr.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Exhibit C

**From:**          Lindsay Hayes <lhayesta@msn.com>
**Sent:**          Wednesday, August 19, 2009 3:49 PM
**To:**            Michael W. Bien
**Cc:**            Jane E. Kahn
**Subject:**       Re: Canning's Invite


FYI:

Just received a call from Jeffrey Steele of AG's office wanting me to consult on the *Coleman* case.  He was not aware of my recent conversatioins with Bob Canning.  I told him of my work with you, my conflict, and recent discussion to consult with CDCR in non-litigation role.  The conversation ended, but its curious that they are searching for a suicide ptrevention expert at this stage of the litigation!

Lindsay M. Hayes, Project Director
National Center on Institutions and Alternatives
40 Lantern Lane
Mansfield, MA  02048
(508/337-8806-Office)
(508/337-3083-Fax)
www.ncianet.org/suicideprevention
----- Original Message -----
**From:** Michael W. Bien
**To:** lhayesta@msn.com
**Cc:** Jane E. Kahn
**Sent:** Friday, July 24, 2009 1:08 PM
**Subject:** Canning's Invite

Lindsay.  Can you give me a call about this?  We have no problem with you accepting the consultation--just want to talk some things through with you.

Michael Bien

ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbg-law.com
www.rbg-law.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbg@rbg-law.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

Exhibit D

| | |
|---|---|
| **From:** | Michael W. Bien <MBien@rbgg.com> |
| **Sent:** | Thursday, January 31, 2013 6:21 PM |
| **To:** | Benjamin Rice |
| **Cc:** | Debbie Vorous; Coleman Team - RBG Only |
| **Subject:** | Coleman: Lindsay Hayes [IWOV-DMS.FID25914] |

Ben and Debbie

Given the Court's Scheduling Order, the tight schedule and various other developments in the litigation, including defendants' assertions concerning suicide issues, we are writing to inform you that we have decided not to retain Lindsay Hayes as an expert witness for the Termination Motion.  We will be noticing his deposition as a non-party witness and will seek his testimony, without limitations, concerning his work under contract with CDCR.  Unfortunately, his deposition will take place in Massachusetts but we will make arrangements for attorneys to participate by telephone.

Michael Bien

ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mbien@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

Exhibit E



**ROSEN BIEN**
**GALVAN & GRUNFELD** LLP

315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Michael W. Bien
Email: mbien@rbgg.com

February 11, 2013

<u>VIA E-MAIL AND U.S. MAIL</u>

Jay Russell
Deputy Attorney General
Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
jay.russell@doj.ca.gov

Re:    *Coleman v. Brown*
       Re: Your February 8, 2013 Letter Concerning Lindsay Hayes
       <u>Our File No. 0489-3</u>

Dear Jay:

We received your letter concerning our subpoena of Plaintiffs' former testifying expert in this litigation, Lindsay Hayes, in connection with Defendants' motion to terminate. The documents produced by Mr. Hayes, which pertain to his consultation with CDCR regarding ways in which Defendants could improve their suicide prevention practices are not protected by Rule 26(b)(3) & (4) as you assert, and we will not agree to return them or to cancel his February 18, 2013 deposition.

As you are well aware, Mr. Hayes has long been a retained, testifying expert for the Plaintiff class in this case. *See, e.g.,* Declaration of Lindsay M. Hayes in Support of Plaintiffs' Objections to Defendants' Plan to Address Suicide Trends in Administrative Segregation Units, Docket No. 2011, Oct. 31, 2006.

In July 2009, Dr. Canning, CDCR's Chief Psychologist, approached Mr. Hayes about a "consultation on our suicide prevention program." We agreed to allow Mr. Hayes to consult with CDCR on the express condition that he was *not* a "litigation expert or consultant" for the State, would *not* be retained by the AG's office or CDCR Legal, and that his work would be devoted solely to the remedial purpose of aiding the parties and the Special Master in developing necessary improvements to the policies and procedures for suicide prevention. Mr. Hayes communicated these conditions to CDCR

[725177-4]

Jay Russell
February 11, 2013
Page 2

and his contract and all communications and meetings with CDCR were consistent with this agreement.

CDCR officials informed the Special Master that they had retained suicide prevention consultant Lindsay Hayes and that he would be a key part of the process of complying with the Special Master's recommendation, and the resulting April 14, 2010 Court Order, requiring Defendants to undertake a review of their suicide policies and procedures within 120 days, or by August , 2010. The Special Master and Plaintiffs' counsel relied on Defendants' retention of Mr. Hayes as a consultant as evidence of Defendants' good faith and sincerity in finally addressing this long-neglected issue seriously, and we looked forward to further discussions and meetings where Mr. Hayes' recommendations would be shared and discussed.

When the Attorney General's Office separately approached Mr. Hayes about retaining him as a litigation expert, he said no. Mr. Hayes's contemporaneous account of the conversation he had on August 19, 2009 with Jeffrey Steele of the Attorney General's Office makes this absolutely explicit. *See* Hayes-Bien Email, dated Aug. 19, 2009, attached. As an attorney representing CDCR, there is no question that Mr. Steele understood the import of distinguishing between a litigation and non-litigation role and clearly represented that the arrangement he requested, and that Mr. Hayes declined, was for litigation. Nothing in the agreement describing the scope of the consultation ultimately signed by Mr. Hayes contradicts Mr. Hayes's original understanding of his role as a non-litigation consultant in any way.

Furthermore, when Defendants and Mr. Hayes approached me about waiving the clear conflict of interested presented by Defendants' potential retention of Mr. Hayes, I agreed to let Mr. Hayes—who had long been Plaintiffs' suicide expert and testified by sworn declaration on behalf of the *Coleman* class—consult for CDCR only with the explicit understanding that he would be doing so solely in connection with the ongoing, cooperative efforts between Plaintiffs, Defendants, and the Special Master to improve CDCR's suicide prevention measures. Indeed, I was heartened that CDCR was seeking the advice of Mr. Hayes in an effort to address the horrendous constitutional violations that have long resulted in extremely high numbers of preventable and foreseeable class member deaths. Neither your office nor anyone from CDCR ever discussed with me the possibility that Mr. Hayes would be retained in a litigation role, and I would never have agreed to waive the conflict presented by your retention of Plaintiffs' litigation expert had that been the case.

In fact, the arrangement with Mr. Hayes as a non-litigation consultant is consistent with the many instances throughout the decades-long course of this case in which CDCR

[725177-4]

Jay Russell
February 11, 2013
Page 3

has hired consultants to assist their efforts to improve mental health care in California's prisons. For instance, CDCR has utilized McManis Consulting and John Misener to provide Defendants with bed planning projections in order to determine how and where Defendants should construct mental health beds. Because Mr. Misener was a non-litigation consultant, Plaintiffs subpoenaed, and Defendants produced, Mr. Misener's reports and related documents during the three-judge court proceedings, and Plaintiffs deposed him concerning all aspects of his consultation. CDCR's relationship with Mr. Hayes is no different.

Finally, your letter mischaracterizes my May 24, 2012 agreement with Defendants and your office regarding Mr. Hayes' report. Our agreement was with respect to the redacted report only, so that we could continue, with the Special Master's assistance, negotiating ways to address CDCR's deplorable OHU conditions and their relationship to suicide prevention efforts. I never agreed not to seek the full report or Mr. Hayes's underlying opinions if needed, as it is needed now to show that Defendants chose to ignore Mr. Hayes's core recommendations and therefore remain deliberately indifferent to the ongoing Eighth Amendment violations. Defendants chose to put those issues front and center in their motion to terminate, and Mr. Hayes's advice to Defendants in his non-litigation consulting role is directly relevant now.

Nor does my January 16, 2013 email to Mr. Rice constitute any type of "agreement" with Defendants not to seek and use Mr. Hayes's report. In the email you attach, I offered to make an agreement—that Plaintiffs would not seek to introduce Mr. Hayes's full report in exchange for Defendants' agreement not to interfere with Mr. Hayes returning to his role as Plaintiffs' expert in opposing the motion to terminate. In the same email, on which Mr. Hayes was also copied, I clearly stated our understanding that Mr. Hayes had been retained by CDCR as a non-litigation consultant. I invited Mr. Rice to contact me to discuss the issue further, but heard nothing. I tried to contact Mr. Rice several times on his personal cell phone to find out whether he would accept this offer. Mr. Hayes was not comfortable with accepting a retention as Plaintiffs' litigation expert without an express agreement from the State that they would not raise any objections. When Judge Karlton issued the order requiring completion of Plaintiffs' discovery by March 1, I then informed Mr. Rice and Ms. Vorous from your office on January 31, 2013 that we would *not* be retaining Mr. Hayes as an expert, and in doing so clearly communicated to Defendants that my earlier proposal was no longer on the table. As a result, we are missing out on the benefit of retaining Mr. Hayes as a litigation expert.

Accordingly, there was no "agreement" that Plaintiffs would not seek testimony from Mr. Hayes as a non-party witness and obtain his full report in connection with the

Jay Russell
February 11, 2013
Page 4

termination proceedings—only an offer to make an agreement which Defendants did not accept.

Based on the foregoing, nothing in Rule 26 or any previous communication prevents us from taking Mr. Hayes's deposition regarding his suicide prevention recommendations to CDCR, and to discover and introduce his resulting report for use in connection with our opposition to Defendants' termination motion. We will therefore proceed to take Mr. Hayes's deposition as scheduled on February 18, 2013, and will not agree to return or destroy his full, unredacted report or other documents Mr. Hayes produced pursuant to our valid February 3, 2013 subpoena.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Michael W. Bien*

By:   Michael W. Bien

MWB:LE:amc
Enclosures
cc:    Benjamin Rice
       Debbie Vorous
       Lindsay Hayes
       Steve Fama

[725177-4]