KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-3035
 Fax: (415) 703-5843
 E-mail: Patrick.McKinney@doj.ca.gov

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone: (415) 777-3200
 Fax: (415) 541-9366
 E-mail: pmello@hansonbridgett.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,**<br><br>            Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>            Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,**<br><br>            Plaintiffs,<br><br>    v.<br><br>**EDMUND G. BROWN JR., et al.,**<br><br>            Defendants. | C01-1351 TEH<br><br>**THREE-JUDGE COURT**<br><br>**DEFENDANTS' RESPONSE AND OBJECTIONS TO JANUARY 29, 2013 ORDER** |

I.     **INTRODUCTION.**

The Court directed Defendants to answer whether they intend to file a termination motion in *Plata v. Brown* and, if so, when. (Jan. 29, 2013 Order, *Plata/Coleman* ECF Nos. 2527/4317.) As the Court is aware, the court-appointed experts are assessing the State's prison medical care system. The State expects that the experts will be able to confirm that the system satisfies the minimal standards required under the Constitution. Assessing the system's constitutional adequacy should not reasonably take longer than a couple more months. Assuming the court-appointed experts conduct their evaluation in a timely and appropriate manner, they will confirm that the medical care system satisfies constitutional standards, and it will be unnecessary for the State to move to terminate *Plata*. If, for whatever reason, they fail to complete their evaluations in a reasonable period or they lose sight of the governing constitutional standards, the State will file a termination motion in a few months.

Additionally, Defendants object to the Court's decision to stay consideration of their motion to vacate the population-reduction order. It is unnecessary for the State to bring a motion to terminate *Plata* for this Court to decide the pending motion because more than enough evidence has already been presented. In the motion to vacate, Defendants proved that the current prison population, which is approximately 43,000 fewer inmates than in 2006, does not prohibit the State from providing constitutionally adequate medical and mental health care. Plaintiffs did not oppose the State's motion. Even if they had, the evidence requires the Court to grant the motion.

Defendants also object to the Court's statement that Defendants advised that it would be possible to reduce the in-state prison population to 137.5% of design bed capacity by December 2013. Defendants actually advised the Court that further population reductions would jeopardize public safety, be inconsistent with sound penological and democratic principles, and unnecessary because the dramatically reduced prison population level no longer interferes with the delivery of effective prison health care. (Defs.' Resp. to Oct. 11, 2012 Order, ECF Nos. 2511/4284.) Moreover, Defendants advised the Court that Defendants are barred by state law from taking additional actions to reduce the prison population. (*See id.*) As Defendants explained in their

1

Defs.' Resp. and Objection to Jan. 29, 2013 Order
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

January 7th filing, for Defendants to take additional measures to comply with the current population cap, the Court would need to expressly waive, and in some cases actually rewrite, numerous state laws and constitutional provisions. (*See id.* at 9-14.) Rather than force further, unnecessary population reductions, the Court should vacate the population cap and end this three-judge court proceeding.

## II. THE PROCESS ORDERED BY THE *PLATA* COURT SHOULD ESTABLISH CONSTITUTIONAL ADEQUACY IN THE NEXT SEVERAL MONTHS.

More than a year ago, the *Plata* Court announced that "it is clear that many of the goals of the Receivership have been accomplished" and that "the end of the Receivership appears to be in sight." (Jan. 17, 2012 Order, *Plata* ECF No. 2417.) Following a lengthy meet-and-confer process and extensive briefing by the parties, the *Plata* Court ordered a process for ending the Receivership, and appointed experts to determine whether there are no longer ongoing system wide constitutional violations with respect to medical care. (Sept. 5, 2012 Order, *Plata* ECF No. 2470, pp. 8-10.)[1]

Consistent with the *Plata* Court's orders, CDCR has worked with the Receiver to transition medical care from the Receivership. (Decl. Martin Hoshino, ¶ 2.) CDCR accepted delegations of authority for Health Care Access Units and activation of new facilities, including the California Health Care Facility in Stockton. (*Id.*) CDCR is currently working with the Receiver on further delegations of authority to return prison medical care back to the State. (*Id.*)

The State has also given the court-appointed experts full access to its institutions so that they may complete their constitutional assessment. (*Id.* at ¶ 3.) There is no reason the court-appointed experts should not be able to complete their work quickly, particularly given the Office of Inspector General's findings of "high compliance" with existing policies and procedures. Within the next couple months, the court-appointed experts should have sufficient information to

---

[1] The process in *Plata* starkly contrasts with *Coleman v. Brown*, where it is clear the special master is not evaluating the State's mental health system using the minimal level of care required by the Constitution. (*See* Termination Motion, *Coleman* ECF No. 4275-1 at 2-3.) The special master's failure to discuss deficiencies based on a constitutional standard, and the State's compliance with that standard, compelled the State to retain nationally recognized experts to assess and confirm its constitutional compliance. (*See Coleman* Termination Motion & Supporting Evidence.)

determine that the State is providing at least "the minimum level of care required under the Eighth Amendment." (Sept. 5, 2012 *Plata* Order at 8 [quoting Jan. 13, 2002 Stip. & Order ¶ 4].)

### III. IF NECESSARY, THE STATE WILL MOVE TO TERMINATE *PLATA* IN THE NEXT FEW MONTHS.

The State is confident that the court-appointed experts will soon conclude that the State is in no way systematically deliberately indifferent to the serious medical needs of its prison inmates. However, the State has concerns about the process adopted by the court-appointed experts. (Hoshino Decl., ¶ 4.) For example, although the *Plata* Court appointed the experts on September 5, 2012, and directed the experts to issue written evaluations "as soon as feasible," they did not begin site inspections until more than four months later, on January 7, 2013. (*Id.*) Three site inspections have been completed, and the parties have not received any written evaluation, even in draft form. (*Id.*)

The court-appointed experts have also proposed to evaluate two institutions per month. (*Id.* at ¶ 5.) As of January 31, 2013, 15 institutions achieved an Office of Inspector General medical inspection score of at least 85%, and three more achieved a score of at least 84.4%. (*Id.*) At the current rate, it will take at least nine months for the court-appointed experts to evaluate these institutions. (*Id.*) Moreover, it is likely that additional institutions will receive inspection scores of at least 85% in the next nine months—further delaying the already delayed court experts evaluation process. (*Id.*)

To meet their obligations to the parties and the *Plata* Court, the court-appointed experts' objective should be to narrow the scope of their review, either by determining that an institution's OIG score establishes constitutional adequacy, or by developing an objective and verifiable methodology that will expedite their evaluation of institutional medical care. (*See* Sept. 5, 2012 Order at 10 ¶ 7.)[2]

---

[2] Before they started their first site visit at San Quentin, the court-appointed experts approached the Receiver to request that he *add eight additional clinicians* to their review team. (Hoshino Decl., ¶ 6.) Defendants carefully evaluated the proposal and determined that adding the proposed clinicians would not expedite the evaluations, and would likely lead to inefficiencies and inconsistent, unpredictable results. (*Id.*) Accordingly, the State concluded that it would not be an appropriate use of limited state resources to agree to the experts' request. (*Id.*)

3

If the court-appointed experts fail to conduct an appropriate or timely evaluation of the prison medical care system, the State will bring a motion to terminate *Plata* itself. If necessary, the State anticipates that it will be prepared to terminate *Plata* in a few months based on evidence, in addition to the testimony from Secretary Beard and the Inspector General already submitted to this Court, demonstrating that medical care in the State's prisons meets or exceeds constitutional standards.

### IV. THIS COURT MUST PROMPTLY DECIDE THE STATE'S MOTION TO VACATE THE POPULATION- REDUCTION ORDER.

The State objects to the Court's order staying consideration of the motion to vacate the population-reduction order. The issue to be decided by this Court is not constitutional compliance in either *Coleman* or *Plata*, which is for the underlying district courts to decide.[3] The issue presented in the motion to vacate is whether the greatly reduced prison population is the primary barrier prohibiting the State from providing constitutionally adequate medical and mental health care. This issue can and should be decided by this Court and, because Plaintiffs did not oppose the motion, it should be granted.

#### A. This Court Must Decide Whether Continued Enforcement of the Population-Reduction Order Exceeds the Court's Authority Based on the Evidence that the Population Does Not Prohibit the State from Providing Constitutionally Adequate Health Care.

Although the Court correctly states that the State presented evidence establishing that there are no ongoing system wide constitutional violations in medical and mental health care, its conclusion that this somehow requires the Court to stay consideration of the motion to vacate is erroneous. As discussed in detail in the motion to vacate, relief from the population-reduction order under Rule 60(b)(5) is appropriate upon a showing of a "'significant change either in factual conditions or law.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of the*

---

[3] The State's compliance with the process ordered by the *Plata* Court provides no basis for this Court to refuse to grant the motion to vacate the population-reduction order. Indeed, it would be wrong and unnecessary for this Court to order inmate releases while the *Plata* court experts are assessing at their own pace whether there is current and ongoing evidence of systemic deliberate indifference to inmates' serious medical needs. The Court should not order early releases when the State is complying with the Constitution simply because the process for confirming the State's compliance has not yet been completed.

4

Defs.' Resp. and Objection to Jan. 29, 2013 Order
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

*Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)). The Supreme Court expressly invited the State to move to modify the order before the population density reaches 137.5% if the facts have changed sufficiently from those that justified entry of the order. *Brown v. Plata*, 131 S. Ct. 1910, 1923, 1937, 1941 & 1947 (2011). A showing of constitutional compliance in the underlying cases is not required. Rather, the State must show—as it has in the motion to vacate—that the greatly reduced current population levels do not prevent the State from providing constitutionally adequate medical and mental health care. (ECF Nos. 2506-08/4280-82.)

### B. The State Submitted Undisputed Evidence That There Are Currently No Systemic Constitutional Violations in Prison Medical Care.

To the extent that the Court believes that constitutional compliance is a prerequisite to modifying the population cap, the State has presented clear evidence that inmates have access to medical care that comports with the Constitution. (Decl. Jeffrey Beard Supp. Mot. to Vacate or Modify Population Order, ECF No. 2508, ¶ 10-19; Decl. Robert Barton Supp. Mot. to Vacate or Modify Population Order, ECF No. 2507, ¶ 16.)

Plaintiffs did not oppose the State's motion, as required by this Court's April 25, 2008 Order Setting Standard Briefing Schedule for Motions. (ECF Nos. 1180/2779; *see also* E.D. L.R. 230(c) ["No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party"].) Absent a substantial showing of good cause by Plaintiffs, the Court should deem this matter submitted, grant the State's motion, and immediately end prospective enforcement of the following orders: (1) August 4, 2009 Opinion and Order (ECF Nos. 2197/3641); (2) January 12, 2010 Order to Reduce Prison Population (ECF Nos. 2287/3767); (3) June 30, 2011 Order Requiring Interim Reports (ECF Nos. 2375/4032); and (4) October 11, 2012 Order to Develop Plans (ECF Nos. 2485/4251). The State has submitted a proposed order with this response and requests that the Court immediately enter an order granting the motion to vacate.

5

Defs.' Resp. and Objection to Jan. 29, 2013 Order
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

## V. THE STATE DID NOT ADVISE THE COURT THAT THE FINAL POPULATION BENCHMARK COULD BE REACHED BY DECEMBER 2013, OR THAT IT COULD BE REACHED AT ALL WITHOUT JEOPARDIZING PUBLIC SAFETY.

The State objects to page 2, lines 24-26 of the January 29 Order, which states: "Defendants have advised us, however, that they are unable to meet the 137.5% prisoner population cap by June 2013 but that they will be able to do so essentially by December 31, 2013." This is not true. The State submitted further population reduction measures to comply with the Court's directive, but made clear that none of those measures should be implemented, nor could the State implement them absent the Court's waiver and rewriting of numerous State laws, including provisions of California's Constitution. (Defs.' Resp. to Oct. 11, 2012 Order, ECF Nos. 2511/4284.) The State advised the Court that further population reductions are "unnecessary because the underlying constitutional deficiencies in prison medical and mental health care have been remedied." (*Id.* at 1:9-10; *see also* Motion to Vacate Population Reduction Order & *Coleman* Termination Motion, ECF Nos. 2506-08 & 2510/4275-82.) In addition to being unnecessary, "further reductions are unwise, would jeopardize public safety, [] would run afoul of numerous laws . . . [and] are not consistent with sound penological or democratic principles." (Defs.' Resp. to Oct. 11, 2012 Order at 2.) Based on the evidence, the State advised the Court that, "rather than force further population reductions, the Court should vacate the population cap and end this three-judge court proceeding." (*Id.* at 23.)

## VI. CONCLUSION.

The *Plata* Court devised a means for that case to end. If the court-appointed experts work with appropriate alacrity, a motion to terminate *Plata* will not be necessary. But if their conclusion is unreasonably delayed, Defendants will move to terminate *Plata* based on further evidence that they are presently complying with the Constitution and are not deliberately indifferent to the serious medical needs of state prison inmates. And nothing occurring in the *Plata* litigation should delay this Court's decision on Defendants' motion to vacate the population cap.

6

Defs.' Resp. and Objection to Jan. 29, 2013 Order
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH

| | |
|---|---|
| Dated: February 12, 2013 | HANSON BRIDGETT LLP |
| | By: */s/ Paul B. Mello* <br> PAUL B. MELLO <br> *Attorneys for Defendants* |
| Dated: February 12, 2013 | KAMALA D. HARRIS <br> Attorney General of California |
| | By: */s/ Patrick R. McKinney* <br> PATRICK R. MCKINNEY <br> Deputy Attorney General <br> *Attorneys for Defendants* |

SF2007200670
20671302.docx

7

Defs.' Resp. and Objection to Jan. 29, 2013 Order
Case Nos. 2:90-cv-00520 LKK JFM P & C01-1351 TEH