IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH COLEMAN, et al.,

      Plaintiffs,                  No. 2:90-cv-0520 LKK JFM P

    vs.

EDMUND G. BROWN, JR., et al.,

      Defendants.              <u>ORDER TO SHOW CAUSE</u>

_____/

       On January 28, 2013, defendants filed objections and a motion to strike or modify portions of the Special Master's twenty-fifth round monitoring report (hereafter "objections").[1] An amended version of this document was filed on January 29, 2013, adding an indexed table of contents and authorities. On February 11, 2013, plaintiffs filed a motion to strike that portion of defendants' objections which makes an unsupported personal attack on the integrity of the Special Master, (contained at page 2, lines 2 through 5 of the objections).

       Specifically, plaintiffs seek an order directing the Clerk of the Court to strike the January 28, 2013 objections and the January 29, 2013 amended objections from the record, and

/////

---

[1] Pursuant to court order that report was filed on January 18, 2013.

1

permitting defendants to refile their objections without the personal attack. Plaintiffs' motion is noticed for hearing before the undersigned on March 11, 2013.

As plaintiffs point out, defendants' attack consists of a raw assertion of unethical conduct, with no supporting evidence nor even any hint that defendants actually believe the attack they make. This court takes very seriously any allegation of unethical conduct. It would not countenance any attempt by plaintiffs, or anyone, to prevent defendants from making any non-frivolous assertions having evidentiary support, and made for purposes other than harassment or other improper purpose. See Fed. R. Civ. P. 11(b). However, the court can only be dismayed by the cavalier manner in which defendants, in objections signed by their attorney of record, level a smear against the character and reputation of the Special Master, without any apparent regard for whether the attack is consistent with defense counsel's obligations under Rule 11 (providing sanctions for presenting pleadings without an evidentiary basis, or made to harass, or for other improper purposes).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Within five days from the date of this order defendants shall show cause in writing, if any they have, why plaintiffs' motion should not be granted; and

2. In the alternative, defendants may moot plaintiffs' motion by refiling within five days their objections omitting the material at page 2, lines 2 through 5 together with a request to the Clerk of the Court to remove documents 4312 and 4314 from the record in this action.

DATED: February 13, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT