DONALD SPECTER – 083925
WARREN E. GEORGE – 053588
STEVEN FAMA – 099641
ALISON HARDY – 135966
SARA NORMAN – 189536
REBEKAH EVENSON – 207825
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621

MICHAEL W. BIEN – 096891
JANE E. KAHN – 112239
ERNEST GALVAN – 196065
LISA ELLS – 243657
AARON J. FISCHER – 247391
KRISTA STONE-MANISTA – 269083
MARGOT MENDELSON – 268583
ROSEN BIEN GALVAN &
GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

CLAUDIA CENTER – 158255
THE LEGAL AID SOCIETY –
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, California 94107-1389
Telephone: (415) 864-8848

GEOFFREY T. HOLTZ -- 191370
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Telephone: (415) 393-2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURTS

EASTERN DISTRICT OF CALIFORNIA

AND NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| RALPH COLEMAN, et al.,<br>        Plaintiffs,<br>    v.<br>EDMUND G. BROWN, JR., et al.,<br>        Defendants. | Case No. Civ S 90-0520 LKK-JFM P<br><br>**THREE JUDGE COURT**<br><br>**PLANTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO LIFT THE STAY ON DEFENDANTS' MOTION TO VACATE THE POPULATION REDUCTION ORDER** |
| MARCIANO PLATA, et al.,<br>        Plaintiffs,<br>    v.<br>EDMUND G. BROWN, JR., et al.,<br>        Defendants. | Case No. C01-1351 TEH<br><br>**THREE JUDGE COURT** |

This Court should deny Defendants' Motion to lift the stay on Defendants' Motion to Vacate the Population Reduction Order. Defs' Response and Objection, Feb. 12, 2013, at 4.

### 1. The Stay Is Necessary To Enable The Single Judge Courts To Resolve Defendants' Contentions Regarding the Quality of Care In the Prisons.

Defendants' Motion to Vacate the Population Reduction Order asks this court to decide whether Defendants have cured the constitutional violations at issue in *Plata* and *Coleman*. *See, e.g.,* Defs' Mot to Vacate Population Reduction Order, Jan. 7, 2013, at 1 (central argument is that "California's vastly improved prison health care system now provides inmates with superior care that far exceeds the minimum requirements of the Constitution" ); 15 (arguing that "California's prison health care system exceeds the level of care required by the constitution"); 13-19 (same).

As Defendants themselves admit, only the single judge courts can decide "constitutional compliance." Defs' Response and Objection at 4. To that end, Defendants have filed a motion to terminate the *Coleman* case before the single judge court, and the evidence they submitted to support that motion *is the same evidence* that they rely upon in asking this Court to vacate the Population Reduction Order. Defs' Mot to Vacate Population Reduction Order at 15 (arguing that the "evidence submitted with the motion to terminate [*Coleman*], filed contemporaneously with this motion, proves that the State has achieved and maintains a superior mental health care system.")

The *Coleman* court has set an expedited discovery and briefing schedule to resolve the *Coleman* termination motion, and has scheduled oral arguments for March 27, 2013. Jan. 29, 2013 Order, *Coleman* Dkt. No. 4316, at 4. Because that motion involves the same factual questions raised here regarding the adequacy of mental health care, and the single judge court is the only court with authority to decide those questions, this Court must stay resolution of the Motion to Vacate the Population Reduction Order until the *Coleman* termination motion is decided.

The same is true with respect to Defendants' intended motion to terminate in *Plata*. Defendants state that they will file a motion to terminate in *Plata* based on evidence from the *Plata* court experts regarding the adequacy of medical care, as well as "the testimony from

1

1  Secretary Beard and the Inspector General already submitted to this Court, demonstrating that
2  medical care in the State's prisons meets or exceeds constitutional standards." Defs' Response
3  and Objection at 4.  In other words, to resolve the Motion to Vacate the Population Reduction
4  Order, this Court would have to decide factual matters that may only be decided by the *Plata*
5  single judge court, and which Defendants intend to submit to the *Plata* single judge court.
6  Accordingly, this Court must stay its consideration of this matter until the single judge court has
7  had the opportunity to resolve the question.
8      If the single judge courts in either *Coleman* or *Plata* find that constitutional violations
9  persist, then this Court will be bound by that determination and cannot terminate the crowding cap
10 on that basis.

**2. Defendants' Motion To Terminate The Crowding Cap Depends On Their Argument That They Are Providing Constitutional Healthcare.**

13   Defendants' February 12, 2013, Response and Objection attempts to shift the basis for
14  their motion to vacate the Population Reduction Order.  As explained above, the argument
15  Defendants made in their motion to vacate is that "California's vastly improved prison health care
16  system now provides inmates with superior care that far exceeds the minimum requirements of the
17  Constitution."  Defs' Mot to Vacate Population Reduction Order at 1.  Defendants now attempt to
18  change the question to be "whether the greatly reduced prison population is the primary barrier
19  prohibiting the State from providing constitutionally adequate medical and mental health care."
20  Defs' Response and Objection at 4.  However, that contention was not raised in the motion, nor
21  did Defendants submit evidence to support it.
22      To support their Motion to Vacate the Population Reduction Order, Defendants submitted:
23  1) evidence showing that they have diminished crowding such that, Defendants argue, prisoners
24  now have "access to medical care that comports with the accepted standards of care." (Defs' Mot
25  to Vacate Population Reduction Order at 7-8, 10-13);  2) evidence that Defendants contend shows
26  that they have done or are planning construction projects that "have corrected the underlying
27  constitutional violations" (*Id.* at 10);  3) declarations from the Inspector General and Secretary of

1  Corrections asserting that the State is now providing constitutionally adequate medical and mental
2  health care (*Id.* at 13-14); and 4) argument that neither the Receiver nor the Special Master reports
3  have recently reaffirmed their earlier statements that crowding is a barrier to providing adequate
4  care (*Id*. at 14-15).  Defendants' Motion then goes on to argue that the healthcare system "exceeds
5  the level of care required by the Constitution" and that this level of care will "endure into the
6  future." *Id.* at 15, 20, 16-19.

7  None of the argument or evidence that Defendants submitted goes to the question whether
8  crowding is the "primary cause" of constitutional violations – largely because Defendants do not
9  admit to *any* remaining problems, much less constitutional violations.  *See, e.g., id.* at 19 (claiming
10 that California prison healthcare is "among the best in the nation"); 15 (claiming a "superior
11 mental health care system"); *Id.* at 17 (claiming that medical care "'far exceeds'" what is required
12 under the constitution).

13 As Plaintiffs' demonstrated in our Opposition to the Motion to Vacate, Defendants are
14 wrong to assert that all the problems have been fixed, and no constitutional violations remain.  But
15 that is not a question for this court to answer.  Only the single-judge courts can decide the factual
16 questions raised in Defendants' Motion to Vacate the Population Reduction Order.  For that
17 reason, this court must maintain its stay of Defendants' Motion to Vacate until the single judge
18 courts have resolved the motions to terminate the *Coleman* and *Plata* cases.

DATED:  February 14, 2013               Respectfully submitted,

                                        PRISON LAW OFFICE

                                        By:  */s/*
                                             Rebekah Evenson

                                        Attorneys for Plaintiffs

3
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO LIFT STAY