KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE VOROUS, State Bar No. 166884
PATRICK R. MCKINNEY, State Bar No. 215228
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-3035
 Fax:  (415) 703-5843
 E-mail:  Patrick.McKinney@doj.ca.gov

Hanson Bridgett LLP
JERROLD C. SCHAEFER, State Bar No. 39374
PAUL B. MELLO, State Bar No. 179755
WALTER R. SCHNEIDER, State Bar No. 173113
SAMANTHA D. WOLFF, State Bar No. 240280
MEGAN OLIVER-THOMPSON, SBN 256654
PAUL GRUWELL, State Bar No. 252474
 425 Market Street, 26th Floor
 San Francisco, California 94105
 Telephone:   (415) 777-3200
 Fax:  (415) 541-9366
 E-mail: pmello@hansonbridgett.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURTS

FOR THE EASTERN DISTRICT OF CALIFORNIA

AND THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT COMPOSED OF THREE JUDGES

PURSUANT TO SECTION 2284, TITLE 28 UNITED STATES CODE

| | |
|---|---|
| **RALPH COLEMAN, et al.,** <br> Plaintiffs, <br> v. <br> **EDMUND G. BROWN JR., et al.,** <br> Defendants. | 2:90-cv-00520 LKK JFM P <br><br> **THREE-JUDGE COURT** |
| **MARCIANO PLATA, et al.,** <br> Plaintiffs, <br> v. <br> **EDMUND G. BROWN JR., et al.,** <br> Defendants. | C01-1351 TEH <br><br> **THREE-JUDGE COURT** <br><br> **SECOND DECLARATION OF JEFFREY BEARD, Ph.D., IN SUPPORT OF DEFENDANTS' MOTION TO VACATE OR MODIFY POPULATION REDUCTION ORDER** |

I, JEFFREY BEARD, Ph.D., declare as follows:

1. I am the Secretary of the California Department of Corrections and Rehabilitation (CDCR). I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. My background and qualifications are stated in the declaration I submitted to this Court on January 7, 2013, and I do not repeat that information. I submit this second declaration in support of Defendants' Motion to Vacate or Modify the Court's population-reduction order.

2. I have reviewed Plaintiffs' opposition brief, and in particular the arguments which contend that the testimony I submitted to the Court on January 7, 2013 is somehow inconsistent with the testimony I gave back in 2008. For the reasons explained in this declaration, Plaintiffs' perceptions are inaccurate.

3. First and foremost, the conditions in California's prisons have dramatically improved. As I have already testified, when the Court held the evidentiary hearing in this matter in 2008, 156,352 inmates were housed in California's 33 institutions, which equaled 195.9% of design bed capacity. As of February 6, 2013, the State housed 119,107 inmates in its institutions, or 149% of design bed capacity. Since realignment went into effect, the population in the State's 33 institutions has decreased by more than 25,000 inmates. The current population is 31,929 fewer inmates than when the Court issued its prisoner reduction order in January 2010, 37,245 fewer inmates compared to the 2008 population in the record at the evidentiary hearing, and 42,954 fewer inmates than when Plaintiffs moved to convene this Court in November 2006.

4. As discussed in the January 7 Declaration of Chris Meyer, the State has increased capacity to specifically serve the medical and mental health needs of *Coleman* and *Plata* class members. On January 7, 2013, CDCR opened its new mental health treatment and office space building at the California Medical Facility. This new 44,000 square foot building will give our mental health professionals dedicated space to conduct individual, group, and recreational therapy for *Coleman* class members in the Enhanced Outpatient Program. This facility is the latest example of CDCR's ongoing commitment to provide appropriate, quality health care treatment in its prisons, and to increase the capacity of the system as a whole.

5. The reduced population, coupled with the State's investment in focused and appropriate facility improvements, make it possible for the State to provide appropriate, quality health care to its inmates at the current population level. The evidence generated in 2008 showing that overcrowding was the primary cause of California's inability to provide constitutionally adequate medical and mental health care no longer exists. Regarding Plaintiffs' reference to my prior testimony regarding crowding, at the time I testified in 2008, I did not know that California subdivides its prisons into smaller and more manageable units. The current population does not prohibit the State from providing adequate medical or mental health care, either systemically or at the institution-specific level.

6. The quality of the State's medical care is also reflected in the Inspector General's medical inspection scores. Since January 7, three more CDCR institutions achieved an inspection score greater than 85%: Deuel Vocational Institution (89.3%), Centinela (88%), and Calipatria (86.9%). The average score of the twenty-three institutions inspected during the Inspector General's Third Cycle is 86.3%.

7. Plaintiffs' counsel argues that I have somehow changed position about appropriate ways to reduce prison overcrowding. These arguments ignore the changed factual circumstances, the most significant of which is that California's prisons house 43,000 fewer inmates. In light of the dramatic population reduction, it is unclear that further population reductions can be accomplished without jeopardizing public safety. Under realignment, inmates who committed non-serious, non-violent, or non-sexual offenses have been diverted to local custody and supervision. These inmates who are no longer in prison were the most likely candidates to reduce the prison population. California's unprecedented efforts to reduce its prison population over the last several years have significantly narrowed the remaining available options that could be accomplished safely or without rewriting numerous state laws.

8. Over the last several weeks, Plaintiffs conducted site visits at seven CDCR institutions, including a site visit to the Central California Women's Facility on February 8, 2013, but did not inform CDCR or the Court that overcrowding was an issue. If Plaintiffs have evidence in the future showing that the population levels are causing inadequacies such that

inmates' rights are being systemically violated, I welcome them to present that evidence to me. Based on what the Plaintiffs presented in their opposition, however, there is no legitimate reason for the Court not to recognize the progress the State has made and end enforcement of the population cap.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Sacramento, California on February 19, 2013.

                                        */s/ Jeffrey Beard*
                                        Jeffrey Beard
                        (authorization to file obtained by counsel for Defendants)

CF1997CS0003
20672588.docx