```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                             --o0o--

RALPH COLEMAN, et al.,        ) Case No. 2:90-cv-00520-LKK-JFM
                              )
            Plaintiffs,       ) Sacramento, California
                              ) Thursday, January 24, 2013
   vs.                        ) 11:22 A.M.
                              )
BROWN, et al.,                ) Hearing re: plaintiff's
                              ) request for order shortening
            Defendants.       ) time.
                              )

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOHN F. MOULDS
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:              AARON J. FISCHER
                             Rosen, Bien & Galvan, LLP
                             315 Montgomery Street 10th Floor
                             San Francisco CA   94105
                             (415) 433-6830

For State Defendants:        DEBBIE J. VOROUS
                             Attorney General's Office
                             1300 I Street, Suite 125
                             Sacramento, CA   95814
                             (916) 324-4926

Court Recorder:              (UNMONITORED)
                             U.S. District Court
                             501 I Street, Suite 4-200
                             Sacramento, CA   95814
                             (916) 930-4193

Transcription Service:       Petrilla Reporting &
                                Transcription
                             5002 - 61st Street
                             Sacramento, CA   95820
                             (916) 455-3887

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1

<u>SACRAMENTO, CALIFORNIA, THURSDAY, JANUARY 24, 2013, 11:22 A.M.</u>

THE CLERK: Calling 90-cv-520-LKK, Coleman, et al v. Brown, et al. This is on calendar for plaintiff's request for order shortening time, Your Honor.

MR. FISCHER: Good morning, Your Honor.

THE COURT: Good morning.

MS. VOROUS: Good morning, Your Honor.

THE COURT: Would everybody state their appearance please?

MR. FISCHER: Aaron Fischer for plaintiffs.

MS. VOROUS: Debbie Vorous for the state defendants.

THE COURT: I think perhaps it's a good idea if we start by telling you why I think I organized this party today. There were probably three things that made figuring out what you all were up to difficult for me.

First, the fact that the distinction between the motions in the one judge case, and the motions in the three judge case was not helped by the -- what I perceived to be the relatively random way in which these orders were titled.

Next I had a real concern about whether just any kind of discovery was appropriate, period, at this stage in a proceeding that is capable of such confusion.

And the third, I hoped that I might learn more on the filing I was expecting to see on Monday from the April 25th,

1  2008 order that set a procedure for filing opposition papers
2  for a motion that was filed subsequent and on Monday --
3  actually come Tuesday morning, because now I seem to need to
4  pay attention to whatever you're thinking until midnight of any
5  day.  Something I hope to take up at a judge's meeting fairly
6  soon, since I think everyone's getting a little bit over-
7  optimistic in what you think my sleeping patterns are and my
8  speed at reading, both of which have been challenged by this
9  proceeding so far.
10         Anyhow, the result was, I didn't see the order of
11  response by the plaintiff and that didn't throw any light at
12  all on where we're going.  And then I guess there's some
13  information contained in the documents that you filed yesterday
14  evening that I hoped to have -- I have scanned, and I hope to
15  absorb them a little better before I do anything more in
16  connection with this.
17         But we can take care of, or at least give you all a
18  chance to explain to me where you think you're going, and why
19  discovery makes any sense at all at this stage of the
20  proceedings, something I still don't have much light on from
21  where I'm sitting at the moment.
22         MR. FISCHER:  Okay.  Well, thank you for setting the
23  framework, Your Honor.  If I may, I think it makes sense to
24  start with the first question of whether discovery's
25  appropriate and I think the parties outside of court have been

1    meeting and write -- you know, meet and conferring through
2    writing and through several phone calls, which we appreciate,
3    and have come to an agreement that discovery is necessary.
4            On January 7th, the state filed two very significant
5    motions that trigger statutory directives that put a lot of
6    significant pressure on plaintiffs and, of course, also on the
7    Court to issue prompt rulings on those motions.  We've had to
8    respond very quickly.  We didn't have notice that those motions
9    were on their way.
10           Under the case law, the limited case law there is on
11   some of these PLRA termination type motions, there is a right
12   to an evidentiary hearing by -- for plaintiffs.  The parties
13   have discussed this a few times and agree that some amount of
14   discovery is appropriate, and I -- I don't know if you've had a
15   chance to see the January 7th papers, but they include expert
16   reports, several declarations and a substantial body of
17   evidence which plaintiffs now need the opportunity to be able
18   to rebut to show that the now existing prospective relief, both
19   in the one judge court and in the three judge court continues
20   to be necessary and appropriate in a PLRA.
21           THE COURT:  Well, in connection with that I gather
22   that there has been a request for prison tours, and you're
23   talking about dates.  I must confess, I don't know whether
24   these are the subject of agreement or the subject of dispute.
25           MS. VOROUS:  Your Honor, we have agreed to go forward

4

1   with the -- there's seven inspections that have been requested
2   and we've agreed to go forward with those under limited
3   circumstances, and the limited circumstances is that would
4   relate solely to the Coleman case, and discovery with respect
5   to mental health issues.  But we've also set forth our position
6   with respect to formal objection should Judge Karlton decide
7   not to move forward with the hearing in Coleman at this point
8   in time.
9           THE COURT:  How's that going to work?  I -- the -- if
10  I assume plaintiff's counsel will be going to look at various
11  institutions with experts that they have selected, and is this
12  subject then to the objection by the defendants in this case
13  that the results of those visits cannot be considered in the
14  three judge case, but they can be, may be considered in the one
15  judge case?
16          MS. VOROUS:  No, I would not say that.  The
17  concern --
18          THE COURT:  So what's the distinction you're making?
19          MS. VOROUS:  Well, the discovery with respect to
20  Coleman relates to renewing the mental health programs, and
21  determining whether or not the care that is being provided is
22  constitutional.
23          Discovery with respect to the three judge court
24  proceeding, which we have not agreed, at this point in time, is
25  appropriate to start, would relate to looking at whether or not

1   the population density has any impact whatsoever on the
2   provision of mental health care.  And the way that the
3   defendants see this is, is that the Court must first look at
4   whether or not the defendants have remedied the constitutional
5   violations in Coleman with respect to mental health, and that
6   information then would be used by the three judge court to
7   determine whether or not to vacate the population reduction
8   order.
9             With respect to the propriety of discovery going
10  forward, we have agreed to start some limited discovery pending
11  a determination by Judge Karlton, but that does not mean that
12  we have agreed that all discovery that is being requested, or
13  could be requested is appropriate at this point in time.
14            THE COURT:  I guess there was an answer tucked in
15  there some way.
16            MR. FISCHER:  Your Honor, may I respond briefly?  I
17  don't know if I'm going to shed more light on defendants'
18  position --
19            THE COURT:  I'm not sure if it's a response, but you
20  can be -- you can talk to me if that's what you're asking.
21            MR. FISCHER:  Okay.  I think the -- we share in the
22  confusion as to where the line is drawn.  I think in the
23  original single court order, this Court itself has recognized
24  that over-crowding is part of the single Coleman -- single
25  judge Coleman case.  That it is a critical factor, and that

1  constitutional violations have been identified, and that the
2  parties, and the Court, and the special master are working to
3  remedy.  So, it would be -- we expressed a confusion about the
4  apprehension of having to move forward and try and draw these
5  lines along the way as to what's appropriate single judge
6  discovery and three judge discovery.
7            To the extent that's even practical, it's certainly
8  not efficient when you have two motions going forward, and
9  we're having to bring experts to tours, which I know defendants
10 have to invest this amount of time and resources into as well.
11           From an efficiency standpoint, even if there are
12 lines to be drawn, which we haven't been able to identify
13 ourselves at this point, we just don't see the extent both of
14 these motions do need to resolve, and do need to resolve
15 promptly.  We don't see the practicality or the efficiency in
16 drawing these distinctions.
17           THE COURT:  So I gather the thought and posture today
18 is that the only thing that is before me today is what, is it
19 grant an order shortening time to hear a request that time be
20 compressed for certain discovery processes.  Did I get that
21 right?
22           MS. VOROUS:  Yes, Your Honor.
23           THE COURT:  And that that stipulation, however, only
24 relates to the request for an order shortening time to hear the
25 compressed procedure in the Coleman case, is that correct?

7

1       MS. VOROUS: Yes, Your Honor. That is correct.
2       MR. FISCHER: Your Honor, I think part of that is
3  where we're hoping that the Court can try and untangle this
4  mess that we find ourselves in as to how these two proceedings
5  are going to move forward. We think that they should -- it's
6  the same case, it is all Coleman, and we would like discovery
7  in any other proceedings to move forward together, and as
8  efficiently as possible.
9       THE COURT: Well, I was going to ask defense counsel,
10 how do you propose that I untangle this?
11      MS. VOROUS: Your Honor, two comments. One is with
12 respect to hearing the motion to expedite discovery in Coleman.
13 It is correct we filed the -- we agreed to stipulate, and we
14 believe that in Coleman there is -- it's reasonable to move
15 forward with some appropriate discovery at this time, that's
16 why we limited it to Coleman.
17      We don't believe it is appropriate at this point with
18 respect to the three judge court proceeding, and if counsel
19 would like to raise that same motion in the three judge court
20 proceeding, it certainly could have followed the rules, local
21 rules in requesting an order to shorten time on a hearing in
22 that case as well.
23      And we -- I mean, and with respect to moving forward
24 and briefing in the three judge court proceeding, the state at
25 that point would provide, you know, written opposition as to

8

1  why they believe it's not appropriate.
2          THE COURT:  So at this time, you're objecting to
3  hearing any discussion of setting a date for shortened time in
4  the three judge court case?
5          MS. VOROUS:  Yes, Your Honor.
6          THE COURT:  Is there anything further you wish to say
7  in your opposition to that?
8          MS. VOROUS:  No.
9          THE COURT:  Counsel, anything further?
10         MR. FISCHER:  Well, I don't want to belabor the
11 point, but I'm afraid if we have a motion to shorten -- to
12 expedite discovery in the Coleman matter, followed by a motion
13 to shorten time in the three judge court matter, it --
14 plaintiff's arguments are essentially going to be the same.
15         If what counsel has just said is true, we find it
16 confusing that the two motions were filed concurrently and try
17 and leverage the same body of evidence, specifically the
18 evidence that was submitted in support of the motion to
19 terminate, and which is also incorporated by reference into the
20 motion to vacate.
21         If defendants wish to withdraw their motion to
22 vacate, then we would move forward just on Coleman, and cross
23 this second bridge if and when the single judge Coleman court
24 issues its findings.  But we have two motions that are deeply
25 and inextricably intertwined by defendant's own papers that our

1  office is trying to -- and plaintiffs are trying to sort
2  through and trying to assist the Court in issuing the prompt
3  decision that it's required to make.
4          It just seems very difficult to say that we're going
5  to have to come here for any discovery dispute twice when the
6  issues are essentially identical.
7          Now, Your Honor, just to assist you just a little bit
8  more, if I can, what we're asking for is not for a motion to
9  compel specific documents today.  All we're -- just -- the
10 instant motion is asking for, is asking for responses on the
11 shortened time so that we can gather and process and present
12 the evidence to the Court in a timely manner.
13         If you were to grant the motion with some shortened
14 time, defendants still have every right to object to any
15 discovery requests we make.  We would meet and confer in good
16 faith and try and sort through those things.  We've already
17 done that on some of the issues with respect to the tours, and
18 I'm fairly confident that the bulk, if not all of that, that
19 back and forth as to what is proper discovery can be sorted
20 through outside of court and between the parties.
21         All we're asking for here is to say let's move
22 forward in both proceedings where we have motions that need to
23 be decided quickly, and we'll meet and confer as issues come
24 up.
25         THE COURT:  Well, it's just possible you all might

10

1  find a delightful way to extend this proceeding at some length
2  if we keep working on developing this multiplicity.
3          Let's go back to something.  I hear rumors you're
4  agreeing to.  What about the tours?  Have they been fixed?
5          MS. VOROUS:  Yes.
6          THE COURT:  What's happening?
7          MS. VOROUS:  The tours are starting next Monday and
8  will be continuing through February 22nd.
9          THE COURT:  Next Monday will be the 28th?
10         MS. VOROUS:  The 28th.
11         THE COURT:  Where is the tour happening?
12         MS. VOROUS:  The tours are --
13         MR. FISCHER:  The first is at Salinas Valley State
14 Prison.
15         MS. VOROUS:  Yes.  Seven prisons.
16         THE COURT:  And the next one?
17         MR. FISCHER:  The next one is the following day at
18 Sacramento.
19         THE COURT:  Which one?
20         MR. FISCHER:  New Folsom Prison.
21         MS. VOROUS:  Yes.
22         MR. FISCHER:  There's also a Lancaster tour that same
23 week.
24         THE COURT:  Same week, or --
25         MR. FISCHER:  It's at the end of the week.  It's

1   getting scheduled.  It's going to be part of Thursday, going
2   into Friday, but essentially the same.
3           THE COURT:  Are you expecting that the 28th and 29th
4   will be completed on those days?
5           MR. FISCHER:  At those institutions?
6           THE COURT:  Yes.
7           MR. FISCHER:  Yes.
8           THE COURT:  Thank you.  And so the next one is --
9           MR. FISCHER:  The 30th and the 1st at Lancaster.
10          THE COURT:  And then the next?
11          MR. FISCHER:  There is a -- I'll just pull it -- on
12  February 7th at Mule Creek.  There are two on February 12th at
13  CIM, California Institution for Men, and Donovan RJD.  And on
14  the 22nd at CCI.  Those are what the parties have agreed to,
15  and have been noticed as of today.
16          THE COURT:  The one on the -- the two on the 12th
17  were CIM and what?
18          MR. FISCHER:  RJD.  Donovan.
19          THE COURT:  And what's left?
20          MR. FISCHER:  After that?
21          THE COURT:  Yes.
22          MR. FISCHER:  On the 22nd is CCI.
23          THE COURT:  Okay.  What does CCI stand for?
24          MR. FISCHER:  California Correctional Institution.
25          MS. VOROUS:  Correct.

12

1       THE COURT: Where is that located?
2       MS. VOROUS: Down south. I'm not sure. I'd have to
3   go look it up.
4       THE COURT: And that was February what?
5       MR. FISCHER: 22. Your Honor, one reason that we're
6   hoping to resolve the current dispute as quickly as possible is
7   because of these looming tours. Our initial request for
8   production is fairly straightforward. It's just simply the
9   documents that I prepared during the special master -- the most
10  recent special master tours at these facilities, which we think
11  would be useful in making these tours more efficient, less
12  burdensome for staff. There's no need to pull documents while
13  we're there. If, you know, to the extent we're able to get
14  these documents in advance of these tours, we think that would
15  make the process much more efficient and useful.
16      But they realize we're trying to get these tours in
17  and defendants have been extremely accommodating as to our
18  experts' availability to do these tours. But one reason we are
19  hoping to get this current dispute resolved as quickly as
20  possible is so that our experts have the opportunity to look at
21  that helpful information and try and plan and --
22      THE COURT: Is there a dispute about these documents?
23      MR. FISCHER: I can't speak to that. We haven't
24  had -- you know, no disputes have been indicated thus far.
25      MS. VOROUS: I would say that's inaccurate, Your

13

1  Honor.  We have agreed to produce the management reports and
2  the tour binders in -- to the extent that they're available in
3  either electronic or hard copy.  The request goes beyond asking
4  for the actual management reports as well as the tour binders
5  and asks for various other items that we believe are
6  inappropriate.
7        But to this point, we have agreed to provide that --
8  provide the tour binders and the management reports as soon as
9  possible.  So the two requests that have been submitted, we
10 have reached agreement on.  The concern with the expedited
11 discovery is, is we don't know what that discovery is.  At this
12 point, we don't know whether it's going to be, you know,
13 multiple requests for production of documents, other -- you
14 know, requests for admissions, interrogatories, you know.  At
15 this point it's unreasonable for us to agree to respond to
16 that -- to unknown discovery in 14 days when we don't even
17 think discovery is appropriate.
18       THE COURT:  Well, come on folks.  I -- excuse me, but
19 I know the rest of that speech.  The -- if you're starting this
20 next Monday, I assume you're not running any big surprises on
21 them that I trust you're somehow allowing each other to have
22 weekends occasionally, and the -- haven't you told the
23 defendants what it is you want to look at?
24       MR. FISCHER:  On the tours?
25       THE COURT:  Yes.

14

1    MR. FISCHER: Oh, yeah. No, we've met and conferred
2  extensively on it.
3    THE COURT: So why do you need to -- so what's the
4  fight about it?
5    MR. FISCHER: The fight about the tours?
6    THE COURT: Or on whether we can have a hearing today
7  on an order shortening time to hear a motion to shorten time.
8  I suppose we could call that shortened time squared.
9    MR. FISCHER: Shortened time squared. Yeah. Our
10 hope in the original agreement, at least with respect to the
11 single judge Coleman case, was to have the second half of
12 the -- of that squared equation to be resolved today, not just
13 for the tours, but also because we have depositions coming up.
14 We are now 73 days away from -- not the date on which there
15 needs to be a fully briefed opposition and whatever response is
16 coming, or even a hearing, we're 73 days away from the date on
17 which the single judge court has to issue a decision with
18 written findings in the case.
19   THE COURT: Well, if this is beginning to smell to
20 you like a 251 conference, the -- isn't it -- doesn't it make
21 some sense for the two of you, or for the two squads, or
22 whatever you are, to figure out what you're fighting about, and
23 what you're likely to fight about, and getting on with
24 discussing whether you're really having a fight or not?
25   MR. FISCHER: Well, I'll let defense counsel give her

Case 2:90-cv-00520-KJM-SCR   Document 4351   Filed 02/22/13   Page 16 of 20

15

1 side for that.  But our understanding is that we have met and
2 conferred as to whether this particular dispute can be
3 resolved, and we've agreed that it can't be resolved without
4 the assistance of the Court, which is why we went forward with
5 filing the notice, and also filing the stipulation to do a
6 joint statement together and have the hearing -- a hearing
7 today.
8          We're now here with this little bit of confusion
9 because we have two inter-related proceedings and what -- how
10 we started this hearing.  But I -- my understanding is that
11 we've met and conferred as far as we're going to go as to this
12 dispute.
13          MS. VOROUS:  I would agree that we've met and
14 conferred with respect to the question of whether defendants
15 will agree that all future discovery requests be responded to
16 within 14 days.
17          Having said that, we've also been -- as we've already
18 discussed, we have been working together in coordinating
19 inspections, document requests.  We've also provided deposition
20 dates for most of our declarants, and all of the experts, and
21 we've also agreed to provide the underlying material, you know,
22 within -- hopefully within a week of each deposition.
23          So the dispute really does relate to anything going
24 forward, and without defendants knowing exactly what that is,
25 we believe it's unreasonable at this stage in Coleman to agree

16

1  to a 14-day time period.
2          THE COURT: Am I right that the schedule of the
3  inspection tours, or visitations, or whatever you want to call
4  them, that those are scheduled, and that the documents have
5  been sufficiently agreed so that you -- that defendants know
6  what's to be provided and when?
7          MS. VOROUS: Yes. We -- with respect to providing
8  the tour binders, as well as the management reports ahead of
9  the tours, we're trying to get those together to the extent
10 that we can and provide them ahead of the tours. There's
11 multiple other requests that the plaintiffs have made in
12 connection with the site inspections, and those include things
13 like providing housing information, and wait list data, and
14 defendants have agreed to provide that information to the
15 extent it's available and, you know, we can produce it in the
16 normal course of business.
17         THE COURT: So is there any other fight you're having
18 about those tours to be conducted between Monday and February
19 22nd?
20         MR. FISCHER: At this stage, I think the -- our meet
21 and confers have been useful. I didn't mean to confuse the
22 Court. The initial request for documents, we -- if provided,
23 would short circuit some of the requests that we've since made
24 and are working -- working through these, our binders, and
25 management reports that have already been created. They're

1   sitting somewhere, they're either in binders, or on a hard
2   drive, and that this is our first set of discovery requests,
3   which were to help the experts.  They're not necessary for us
4   to have the tours.
5           So I didn't mean to say that there's a dispute as to
6   the tours.  It's just a reason why we're hoping to get these
7   discovery responses as soon as possible.
8           THE COURT:  I understand perfectly why you -- I trust
9   all of you are going to make the time of the experts as useful
10  as possible, because you're going to have to -- somebody in
11  here is going to have to pay for them.
12          MR. FISCHER:  Uh-huh.
13          THE COURT:  That should at least give me a chance to
14  read all your papers before the 22nd of February.
15          MR. FISCHER:  Well --
16          THE COURT:  The -- yes?
17          MR. FISCHER:  I'm just -- I'm hoping that you'll read
18  the papers before the 22nd of February.
19          THE COURT:  I understand.
20          MR. FISCHER:  But I'll just say that the discovery
21  requests are not simply for these tours.  We have depositions
22  that are -- that we're bumping up against, and of course,
23  working with our experts to complete reports, and not just have
24  the tours, but also make our submission to the Court.
25          THE COURT:  All right.  The -- you say you're bumping

18

1    up against discovery dates.  Have they been noticed?
2            MR. FISCHER:  The -- like a discovery schedule?  Is
3    that your question?
4            THE COURT:  Do you know when they're happening?
5            MR. FISCHER:  Oh, the --
6            THE COURT:  The depositions.
7            MR. FISCHER:  Some we've agreed to dates, and others
8    we're still waiting for dates from defendants as to
9    availability of deponents.
10           The ultimate challenge here, Judge, for plaintiffs is
11   that plaintiffs face a stay of all prospective relief if there
12   are written findings by April 7th which we believe --
13           THE COURT:  I think everybody's aware of the statute,
14   sir.
15           MR. FISCHER:  Okay.
16           THE COURT:  Is there anything further today?
17           MR. FISCHER:  The only thing I'll say, and then I'll
18   let you pour over the papers, and I appreciate that, is with
19   respect to shortening time.
20           One, I understand that this Court had done -- has
21   gone through this similar process before with the three judge
22   court, and the tight discovery deadlines that were in place
23   there that led to shortening time of -- for discovery responses
24   and the like at that time.
25           Here we have a shorter time period, and the one other

19

1  thing that I hope the Court can appreciate is that defendants
2  have been spending more than a year preparing their case on
3  these motions, going back to November 2011, their expert tours,
4  and we are on very -- an extremely tight time frame.
5          They knew this was coming, and any burden that
6  defendant's counsel now is saying that they're concerned about,
7  we are sensitive to, and happy to meet and confer on, and try
8  and make it as reasonable as possible.  But we don't think that
9  that can hold much water in terms of not setting it for a time
10 -- a very aggressive time to complete discovery, including all
11 responses.
12          THE COURT:  Anything further?
13          MS. VOROUS:  No, Your Honor.  Thank you.
14          THE COURT:  All right.  Is the matter submitted?
15          MR. FISCHER:  Thank you, Judge.
16          MS. VOROUS:  Thank you.
17          THE COURT:  Thank you all for dropping by.
18     (Whereupon the hearing in the above-entitled matter was
19 adjourned at 11:56 a.m.)
20                          --o0o--
21                         CERTIFICATE
22     I certify that the foregoing is a correct transcript from
   the electronic sound recording of the proceedings in the above-
23 entitled matter.
24 _____          February 14, 2013
   Patricia A. Petrilla, Transcriber
25 AAERT CERT*D-113