*Coleman v. Brown*, 90-520 LKK JFM
**Joint Statement Re Discovery Dispute**

Plaintiffs request leave to take an eleventh deposition pursuant to FRCP 30(a)(2)(A)(1). Plaintiffs noticed the deposition of Dr. John Brim, a psychiatrist working for Defendant Department of State Hospitals ("DSH") who provides care to *Coleman* class members at the Salinas Valley Psychiatric Program ("SVPP"), for March 1, 2013. Plaintiffs hand served counsel for Defendants with the deposition notice of Dr. Brim on Friday afternoon, February 22, 2013. Defendants object that this deposition is inappropriate, does not provide reasonable notice, and exceeds the ten permitted each party as of right without leave of Court under FRCP 30.

**Plaintiffs' Position:** Additional depositions under Rule 30(a)(2)(A)(1) are appropriate where "the complexity of th[e] case justifies exceeding the presumptive deposition limit." *Couch v. Wan*, 2011 U.S. Dist. LEXIS 110342, *4 (E.D. Cal. 2011) (more than 20 depositions reasonable in case with multiple parties and complex issue). This is an exceedingly complicated case, involving a class of over 30,000 Plaintiffs, multiple heads of state agencies and the Governor, and the constitutional adequacy of mental health care in a system spanning thirty-three institutions spread across the state. A single additional deposition is unquestionably warranted.

Defendants complain a week's notice is insufficient. But while Defendants gathered evidence for a *year and a half* before springing their termination motion on Plaintiffs and this Court without warning, Plaintiffs will have had a total of 4.5 *weeks* to complete all of the discovery necessary to oppose the termination motion after the January 29 order officially opening discovery. And it was Defendants themselves who caused the extremely tight timeline of which they now complain, as their termination motion triggered the mandatory PLRA deadlines to begin with. In such a compressed period, Plaintiffs have had to make a number of complex strategy decisions, including determining after recieving confidential information from a non-party source on February 20 that Dr. Brim's deposition would be required to properly oppose termination. Bien Decl. ¶ 3. A week's notice under the circumstances is sufficient.

Defendants finally assert that Dr. Brim's deposition is unnecessary because it would not address the "core" issues raised in the termination motion. Defendants' motion, however, is as broad as possible, seeking to dismantle the entire remedial scheme and dissolve all court orders. That includes those protections seeking to ensure class members receive constitutionally adequate treatment at all appropriate levels of care, including inpatient care. While Defendants self-servingly claim by pointing to their own pleading that they have "guaranteed" class members timely access to DSH, Plaintiffs evidence – including that provided by Dr. Brim – will prove otherwise. Dr. Brim will also illuminate the woefully inadequate and unsafe care provided to class members once they arrive for treatment in inpatient settings. Bien Decl. ¶ 3. None of the other ten deponents – which include some, but not all, of Defendants' experts and declarants, as well as Defendants' former suicide prevention consultant – can speak to those issues. This Court should therefore grant Plaintiffs leave to depose Dr. Brim as the eleventh deponent.

**Defendants' Position:**  The Court should deny Plaintiffs' request to depose Dr. Brim.  Although Plaintiffs have known about Dr. Brim at least since January 28, 2013, they now seek his deposition with truncated notice at the end of the discovery period, and after they have already used up their allotted depositions.  Moreover, Dr. Brim's testimony would not be relevant to the core issues in this case, which helps to explain why Plaintiffs have reserved this purportedly urgent issue until now.  First, Plaintiffs have not provided "reasonable notice" for this deposition, as required by Rule 30(b)(1), Plaintiffs have known about Dr. Brim since at least January 28, 2013, when they inspected the SVPP.  But they did not notice his deposition until nearly a month later—late Friday afternoon, on February 22nd, while Defendants' counsel was defending a deposition in San Francisco. (Vorous Decl. ¶ 2.)  Plaintiffs also gave Defendants only 30 minutes to respond to new arguments and purported evidence advanced in support of their position this afternoon.  Dr. Brim, a contractor, works part time at the SVPP.  (*Id.* ¶ 3.)  DSH cannot communicate with him until Tuesday, February 26th.  Also, without the ability to contact Dr. Brim, it is unclear whether he will request separate counsel. (*Id.*)  These types of circumstances are precisely why Rule 30 requires reasonable notice.  Plaintiffs should not be permitted to surprise Defendants and Dr. Brim with an extra deposition at the end of the discovery period in a manner that could compromise their ability to prepare for and defend against such a deposition.

Second, Dr. Brim's testimony is not relevant to the core issues in this case.  And Plaintiffs have recognized as much by using their allotted depositions for individuals who can speak to the core issues.  This action initially identified as defendants officials for CDCR on the basis of CDCR's statutory and constitutional responsibility to provide mental health care to inmates.  In 1995, the court found that CDCR's prison mental health system violated the Eighth Amendment. *See Coleman v. Wilson,* 912 F. Supp. 1282 (E.D. Cal. 1995). Because, today, those deficiencies have been eliminated, Defendants filed their motion to terminate on January 7, 2013.  By contrast, the Court has never found that the care provided to *Coleman* class members in DSH to be inadequate.  Rather, the Court only added the Director of the Department of Mental Health as a defendant in 2006 as a means to remove any "delay and difficulty" that was impeding "DSH's attempts to remedy the shortage of inpatient beds."  (ECF No. 1855 at 2:4–6.)  And by July 2012, the State had successfully guaranteed timely access to appropriate mental-health care. (ECF No. 4196.)  A deposition of Dr. Brim, as a contract employee of DSH, would not get to the remaining key issues in this case relevant to the pending termination motion.

As a final matter, Plaintiffs incorrectly state that Defendants have refused to produce documents.  Defendants have produced, and are continuing to produce thousands of pages of documents in response to Plaintiffs' discovery requests, and have never refused to produce documents from DSH.  (Vorous Decl. ¶ 4.)  Plaintiffs' request for a search term relating to their RPD No. 81 to include DSH's Chief Counsel, Cynthia Rodriquez, as a custodian for production of documents relating to timelines for "referral, transfer, or placement of CDCR prisoners in need of inpatient hospitalization," is improper and not a valid basis to expand the number of depositions authorized by FRCP 30.  (*See Id.* ¶ 5.)