KAMALA D. HARRIS
Attorney General of California
JONATHAN L. WOLFF
Senior Assistant Attorney General
JAY C. RUSSELL
Supervising Deputy Attorney General
DEBBIE J. VOROUS, State Bar No. 166884
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-2445
 Fax: (916) 324-5205
 E-mail: William.Downer@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RALPH COLEMAN, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>                              Defendants. | 2:90-cv-00520 LKK JFM P<br><br>**DECLARATION OF DEBBIE J. VOROUS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO TAKE THE DEPOSITION OF DR. JOHN BRIM** |

I, Debbie Vorous, declare:

1.     I am a Deputy Attorney General with the Office of the Attorney General, attorneys of record for Defendants in this case, and I am licensed to practice in this Court. I have personal knowledge of the facts stated in this declaration and if called to testify to those facts, could and would do so competently. I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Leave of Court to Take the Deposition of Dr. John Brim.

2.     Late Friday afternoon, February 22, 2013, Plaintiffs served me with a notice for the deposition notice for Dr. John Brim while I was defending a deposition in San Francisco. At

1

that point and without any information whatsoever on Dr. Brim or the reason why Plaintiffs might want to take his deposition, I indicated that Defendants would likely oppose the deposition on the basis that Dr. Brim's deposition expanded the number of depositions authorized by Federal Rules of Civil Procedure 30.

3.  Upon return to my office this morning, Monday, February 25, 2013, I discovered that Dr. Brim, a contractor, works part time (Tuesday, Wednesday, and Thursdays) at the Salinas Valley Psychiatric Program. Thus, DSH cannot even communicate with Dr. Brim until tomorrow. In addition, without the ability to contact Dr. Brim, it is unclear whether Dr. Brim will request separate counsel, which DSH may need to engage.

4.  Defendants have produced, and are continuing to produce, thousands of pages of documents in response to Plaintiffs' discovery requests, and have never refused to produce documents from DSH. To date, Defendants have produced over 250,000 pages of discovery.

5.  Plaintiffs requested a search term relating to their Request for Production of Documnents No. 81 to include DSH's Chief Counsel, Cynthia Rodriquez, as a custodian for production of documents and communications by CDCR Headquarters staff relating to timelines for "referral, transfer, or placement of CDCR prisoners in need of inpatient hospitalization." Defendants objected to this request. Attached as Exhibit 1 is a true and correct copy of an e-mail thread describing the meet-and-confer process relating to this request.

I declare that the foregoing is true and correct. Executed this 25th day of February, 2013, at Sacramento, California.

*/s/ Debbie Vorous*

DEBBIE VOROUS

CF1997CS0003

2

Vorous Decl. in Supp. Defs.' Opp'n to Pls.' Motion for Leave to Take Depo. Dr. Brim (2:90-cv-00520 LKK JFM P)

# EXHIBIT 1

**From:** Jay Russell
**Sent:** Sunday, February 24, 2013 10:07 AM
**To:** Lisa Ells
**Cc:** Patrick McKinney; William Downer; Maneesh Sharma; Debbie Vorous; Coleman Team - RBG Only; Steve Fama
**Subject:** RE: Coleman discovery [IWOV-DMS.FID25914]

Ms. Ells -

As discussed in our meet and confer session concerning Defendants' responses to various requests for production, Plaintiffs agreed to narrow the scope of several overly broad document requests. Below, you make various suggestions concerning requests Nos. 48, 81, 85. But several issues remain concerning these allegedly narrowed search terms.

1.   First, Plaintiffs' proposed use of wildcards ("!") in search terms actually expands the requests. For example, Plaintiffs' terms and the *space* immediately after themsuch such as "short!" and "insufficient!", significantly increases the search's breadth.

2.   Plaintiffs' use of "OR" again significant expands the breadth of the document demand. "AND" would instead appropriately narrow the search. For instance, Plaintiffs suggest that the search use: (Office! OR Space! OR room! OR area!) & (lack! OR few OR short! OR insufficient! OR temporar! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid!). But this purported narrowing requires the following individual searches: Office and lack and MHCB; Office and lack and crisis bed; Office and lack and crisis care; Office and lack and suicide/suicidal; office and few and MHCB; office and few and crisis bed; office and few and crisis care; office and few and suicide/suicidal; office and short and MHCB; office and short and crisis bed; office and short and crisis care; office and short and suicide/suicidal; office and insufficient and continue through each of the first paren words, second paren words and third paren words. Plaintiffs' suggested search terms and commands actually increases the demand to 112 separate searches.

3.   The search terms themselves do not narrow the requests. Searching for "few" and "more" will identify thousands of docs that are not relevant. Using the "AND" command will instead narrow the search to relevant documents. For example, to search for documents relevant to additional office or treatment space in MHCB units, the following would be more reasonable: "space" AND "MHCB" OR "crisis" AND "office" OR "treatment". Using these terms would capture documents containing the words:
Space and MHCB and Office
Space and crisis and office
Space and MHCB and treatment
Space and crisis and treatment

4.   Many of the suggested custodians will result in duplicative searches. Plaintiffs surely recognize that searching a single custodians' electronic files will capture documents both sent and received. It is extremely burdensome to capture a single document 121 times that has been sent by one sender with 10 recipients. Specifically, if Plaintiffs' suggestions custodians are used -- Diana Toche, Tim Belavich, Judy Burleson, Rick Johnson, Chris Meyer, Kathleen Allison , Nathan Stanley, Laura Ceballos, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Robert Canning -- any search would likely result in 144 duplicative documents, one for each sender and then 12 identical iterations of the email or document for each recipient.

1

Apart from these general issues, Defendants respond to Plaintiffs' demands concerning requests 48, 81 and 85 as follows:

5. Plaintiffs offered the following to allegedly narrow request No. 48:

Request No. 48: All DOCUMENTS, including all memoranda or COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE TO the staffing, office space, or treatment space necessary to provide mental health crisis care to CLASS MEMBERS.
a. Custodians: Diana Toche, Tim Belavich, Judy Burleson, Rick Johnson, Chris Meyer, Kathleen Allison, Nathan Stanley, Laura Ceballos, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Robert Canning
b. Search terms:
i.
(Office! OR Space! OR room! OR area!) & (lack! OR few OR short! OR insufficient! OR temporar! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid!)
ii.
(Staff! OR clinic! OR personnel OR psych!) & (vacan! OR lack! OR few OR short! OR insufficient! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid! OR OHU! OR "outpatient housing unit" OR MOHU! OR "ZZ cell!")

The suggestions actually broaden, rather than narrow, the demand:

A. As discussed above, the suggested wildcard use will result in potentially thousands of irrelevant documents. For example, using "office!" will pick up all references to "officer". Using the term "office" alone will automatically pick up both the singular and plural of the word office. Moreover, some suggested terms are confusing, such as using "short!" and "insufficient!", which would identify not only "shortly" and "insufficiently" but also documents with a space character immediately after the wildcard.

B. Searching for "few" and "more" will again result in the identification of thousands of irrelevant documents. Using "AND" instead limits the search to relevant documents.

C. Search strings with "OR" create more searches whereas using "AND" pinpoints a search to more specific words. For example:
i.
(Office! OR Space! OR room! OR area!) & (lack! OR few OR short! OR insufficient! OR temporar! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid!)
ii.
(Staff! OR clinic! OR personnel OR psych!) & (vacan! OR lack! OR few OR short! OR insufficient! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid! OR OHU! OR "outpatient housing unit" OR MOHU! OR "ZZ cell!")

As explained above, this actually significantly increases Plaintiffs' request:

Office and lack and MHCB; Office and lack and crisis bed; Office and lack and crisis care; Office and lack and suicide/suicidal;
office and few and MHCB; office and few and crisis bed; office and few and crisis care; office and few and suicide/suicidal;
office and short and MHCB; office and short and crisis bed; office and short and crisis care; office and short and suicide/suicidal;
office and insufficient ... and continuing through each of the first parenthetic words, second parenthetic words and third parenthetic words.

These terms result in 112 different searches for line 1 above and 224 different searches for line 2. In short, Plaintiffs now demand 336 searches for each custodian.

Defendants have instead searched for electronic documents as follows:

Custodians: Deborah Hysen, Dean Borg, Margaret McAloon, Judy Burleson and Jennifer Johnson

Search Terms (2 searches total for each custodian): "treatment space" AND staff AND MHCB; "treatment space" AND staff and "crisis care"

2

This search will result in all documents relevant to staffing, treatment and office space related to MHCB care.

6. Plaintiffs offered the following to allegedly narrow request No. 81:

Request No. 81: All DOCUMENTS, including all memoranda or COMMUNICATIONS created, exchanged, received, or made by CDCR Headquarters staff during the RELEVANT TIME PERIOD that REFER or RELATE TO timelines for referral, transfer, or placement of CDCR prisoners in need of inpatient psychiatric hospitalization.
a.
Custodians: Rick Johnson, Tim Belavich, Cynthia Rodriguez, Margaret McAloon, Nathan Stanley, Lucinda McGill, Judy Burleson, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Matthew Cate, Robert Canning
b.
Search terms:
i.
(delay! OR tim! OR untim! OR long! OR length! OR waitlist! OR "wait list!") & (refer! OR transfer! OR place!) & (inpatient! OR SVPP OR "Salinas Valley State Prison" OR ICF OR acute OR VPP OR "Vacaville Psychiatric Program" OR CMF OR "California Medical Facility" OR ASH OR Atascadero OR Coalinga OR CSH OR Patton OR PSH)

There are several problems with this purported narrowing of the demand:

A.
Cynthia Rodriguez is not a CDCR custodian. Further, as explained above, some custodians are duplicative and the proposed search will result in numerous irrelevant and duplicative documents.
B.
The proposed search terms again are overly broad and would result in 315 separate searches for each custodian. For example, searching for "time AND place AND CMF", and wildcard use such as "inpatient!" will result in identifying thousands of irrelevant documents, particularly given the space after the suggested search term.

Defendants have searched for documents as follows:

Custodians: Rick Johnson, Dennis Halverson, Robert Calderon, Eric Reininga, Kathleen Allison, Jeff Lynch, Terri Layton, Lucinda McGill, Ross Meier, Scott Davey, and Nathan Stanley

Search Terms (4 searches total for each custodian): timeline AND transfer AND admission; timeline AND transfer AND referral; timeline AND placement AND admission; timeline AND placement AND referral

These search terms pinpoint the custodians who will have relevant documents on the various topics at all levels in the chain of command. Defendants chose custodians from HCPOP, population management, mental health and custody to broadly capture documents related inpatient transfer timelines, inmate-patient admissions, and placements. Defendants did not limit the search to "inpatient" to ensure the capture of all relevant electronic documents on these topics.

7. Plaintiffs have offered the following to allegedly narrow request No. 85:

Request No. 85: All DOCUMENTS, including all memoranda or COMMUNICATIONS created, exchanged, received, or made by CDCR Headquarters staff during the RELEVANT TIME PERIOD that REFER or RELATE TO hiring, staffing, or retention of mental health staff in CDCR PRISONS.
a.
Custodians: Diana Toche, Tim Belavich, Nathan Stanley, Judy Burleson, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Matthew Cate, Robert Canning
b.
Search terms:
i.
(Staff! OR clinic! OR personnel OR psych! OR "mental health staff!") & (retent! OR retain! OR vacan! OR lack! OR few OR short! OR insufficient! OR more OR need! OR freeze! OR fund! OR hir! OR registry OR "salary savings")

There are several reasons why the suggested terms do not narrow the demand but would instead result in identifying thousands of irrelevant documents:

A.

3

Plaintiffs' suggested custodians do not receive relevant documents on the topics of hiring, staffing and retention of mental health staff in CDCR prisons. For example, Matthew Cate and Martin Hoshino do not receive communications from staff responsible for these tasks. And again, the numerous proposed custodians will result in duplicative production.

B.
The suggested search terms would significantly increase the capture of irrelevant documents. For example, searching for "staff AND few" will provide few relevant documents but will instead capture thousands having nothing to do with staffing, hiring or retention. They would, for example, identify communications such as "a few staff are celebrating Bob's birthday today."

C.
The suggested search terms will broaden the search to 70 separate searches for each custodian.

Defendants have searched for documents as follows:

Custodians: Judy Burleson and Jennifer Johnson

Search Terms (4 searches total for each custodian): mental AND staffing AND retention; institution AND staffing AND retention; institution AND staffing AND hiring; mental AND staffing AND hiring

Defendants identified custodians who might have all relevant electronic documents on the topics of mental health staffing, hiring and retention as they are responsible for that mission. Any plans or implementation of decisions would have included these two mid level staff at both the lower level and higher level. Similar to the above requests, the identified custodians would have either sent or received all relevant electronic documents.

Defendants also identified search terms that might provide allrelevant documents regarding staffing, hiring and retention. The search was not limited to institutions to ensure the capture of all relevant information, and the terms hewed more closely to the language staff might used when addressing these topics.

Apart from the above, Defendants are continuing their search for other documents responsive to the requests identified in Mr. Fischer's February 19 email. If you have any questions, please do not hesitate to contact me.

Jay C. Russell
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
415.703.5717
415.703.5843 Facsimile
jay.russell@doj.ca.gov

---

**From:** Lisa Ells [LElls@rbgg.com]
**Sent:** Friday, February 22, 2013 3:42 PM
**To:** Jay Russell
**Cc:** Patrick McKinney; William Downer; Maneesh Sharma; Debbie Vorous; Coleman Team - RBG Only; Steve Fama
**Subject:** RE: Coleman discovery [IWOV-DMS.FID25914]

Jay,

In addition to the custodians Plaintiffs identified below in an attempt to cooperatively narrow Request Nos. 48, 81, and 85, we request Defendants add one additional person: Dr. Amy Ergle.

Given that we have not heard anything further from Defendants on this issue, we assume that Defendants will be producing responsive documents consistent with these narrowing terms and identified custodians.

Thank you,

4

Lisa
Lisa Ells
Rosen Bien Galvan & Grunfeld LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Telephone: 415/433-6830
Fax: 415/433-7104
lells@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.


IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Lisa Ells
**Sent:** Tuesday, February 19, 2013 5:37 PM
**To:** Jay Russell
**Cc:** Patrick McKinney; William Downer; Maneesh Sharma; Debbie Vorous; Coleman Team - RBG Only; Steve Fama
**Subject:** Re: Coleman discovery [IWOV-DMS.FID25914]

Jay,

On our meet and confer phone call on Friday regarding Defendants' Objections and Responses to Plaintiffs' Second and Third Requests for Production, Plaintiffs agreed to narrow three requests, numbered 48, 81, and 85, by providing Defendants with specific custodians and search terms in an attempt to cooperatively resolve the objections to these requests. Below, please find that information. Please note that Plaintiffs may suggest additional terms should these terms prove to be too narrow to result in a reasonably responsive production.

Please note that in this list, the character "!" is a wildcard character. A search term ending with "!" should capture any word that includes the characters before "!" plus any number of any other characters thereafter. On some systems, the equivalent wildcard character is "*". Please use whatever character is necessary on the system searched to specify a multi-character wildcard of indeterminate length.

Second RFP:

    1.    Request No. 48: All DOCUMENTS, including all memoranda or COMMUNICATIONS created, exchanged, or made during the RELEVANT TIME PERIOD that REFER or RELATE TO the staffing, office space, or treatment space necessary to provide mental health crisis care to CLASS MEMBERS.

        a.    <u>Custodians</u>: Diana Toche, Tim Belavich, Judy Burleson, Rick Johnson, Chris Meyer, Kathleen Allison, Nathan Stanley, Laura Ceballos, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Robert Canning

        b.    <u>Search terms</u>:

            i.    (Office! OR Space! OR room! OR area!) & (lack! OR few OR short! OR insufficient! OR temporar! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid!)

            ii.    (Staff! OR clinic! OR personnel OR psych!) & (vacan! OR lack! OR few OR short! OR insufficient! OR more OR need!) & (MHCB! OR "crisis bed!" OR "crisis care" OR suicid! OR OHU! OR "outpatient housing unit" OR MOHU! OR "ZZ cell!")

Third RFP:

5

1. Request No. 81: All DOCUMENTS, including all memoranda or COMMUNICATIONS created, exchanged, received, or made by CDCR Headquarters staff during the RELEVANT TIME PERIOD that REFER or RELATE TO timelines for referral, transfer, or placement of CDCR prisoners in need of inpatient psychiatric hospitalization.

    a. <u>Custodians</u>: Rick Johnson, Tim Belavich, Cynthia Rodriguez, Margaret McAloon, Nathan Stanley, Lucinda McGill, Judy Burleson, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Matthew Cate, Robert Canning

    b. <u>Search terms</u>:

        i. (delay! OR tim! OR untim! OR long! OR length! OR waitlist! OR "wait list!") & (refer! OR transfer! OR place!) & (inpatient! OR SVPP OR "Salinas Valley State Prison" OR ICF OR acute OR VPP OR "Vacaville Psychiatric Program" OR CMF OR "California Medical Facility" OR ASH OR Atascadero OR Coalinga OR CSH OR Patton OR PSH)

2. Request No. 85: All DOCUMENTS, including all memoranda or COMMUNICATIONS created, exchanged, received, or made by CDCR Headquarters staff during the RELEVANT TIME PERIOD that REFER or RELATE TO hiring, staffing, or retention of mental health staff in CDCR PRISONS.

    a. <u>Custodians</u>: Diana Toche, Tim Belavich, Nathan Stanley, Judy Burleson, Jeff Beard, Martin Hoshino, Kathleen O'Meara, Matthew Cate, Robert Canning

    b. <u>Search terms</u>:

        i. (Staff! OR clinic! OR personnel OR psych! OR "mental health staff!") & (retent! OR retain! OR vacan! OR lack! OR few OR short! OR insufficient! OR more OR need! OR freeze! OR fund! OR hir! OR registry OR "salary savings")

Thanks.
Lisa Ells

On Feb 19, 2013, at 3:03 PM, "Aaron Fischer" <AFischer@rbgg.com> wrote:

Jay,

I am following up on Friday's meet and confer regarding *Coleman* discovery. I know that you and Maneesh are making further inquiries as to a number of Plaintiffs' requests for production for which Defendants had initially indicated in their written responses that they would not produce responsive documents (RFPs 28, 31, 33, 35, 38, 39, 40, 47, 53, 59, 60, 61, 64, 65, 83, 84, 90, 91, 92, 93, 94, 95, 96, 99). Please let me know the status of these follow-up inquiries as soon as possible and no later than tomorrow, 2/20. Please also let me know when we can expect to receive the privilege log you agreed Defendants would produce for all RFPs, as appropriate.

As we agreed, Defendants will produce in *native format* all responsive charts and other documents that cannot be practically viewed in PDF or hard copy form. Plaintiffs agreed to this on the understanding that Defendants would promptly re-produce any other documents, upon Plaintiffs' request, in native format as appropriate.

We have yet to receive any production of documents responsive to Request Sets 2 and 3; we requested that we receive all or the bulk of the production by tomorrow, 2/20. As you know, the court-ordered discovery cut-off is 10 days from now, and production must move forward without delay. Depositions of Defendants' declarants begin *this week*. If we have not received a sufficient production in advance of these depositions, we may have to continue certain depositions over to a second day. For example, we must have produced, by Noon tomorrow (2/20), *all documents responsive to RFPs 76-78*.

6

In an effort to reduce the burden of discovery on Defendants, we agreed to provide search terms and custodians in order to narrow the search for documents responsive to RFPs 48, 81, and 85. We expect to provide that information shortly.

Thank you for your attention and ongoing efforts. Let me know if you have any questions about the above.

Many thanks,
Aaron


Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

---

**From:** Jay Russell [mailto:Jay.Russell@doj.ca.gov]
**Sent:** Friday, February 15, 2013 10:21 AM
**To:** Aaron Fischer
**Cc:** Patrick McKinney; William Downer; Maneesh Sharma
**Subject:** RE: Coleman discovery [IWOV-DMS.FID25914]

Aaron – Are you available for a telephone conference with Maneesh Sharma of our office and me at 11 am?

Also, responses to the third set of Requests for Production were served both via email and regular mail last night.

Jay C. Russell
Supervising Deputy Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
415.703.5717
415.703.5843 Facsimile
jay.russell@doj.ca.gov

---

**From:** Aaron Fischer [mailto:AFischer@rbgg.com]
**Sent:** Thursday, February 14, 2013 5:39 PM
**To:** Debbie Vorous; William Downer

**Cc:** Lisa Ells; Coleman Team - RBG Only
**Subject:** Coleman discovery [IWOV-DMS.FID25914]

Debbie and Sonny,

We would like to meet and confer regarding Defendants' responses to Plaintiffs' Second Set of Requests for Production of Documents. Please let me know when you are available on Friday for a phone call.

Also, we have not yet received responses to Plaintiffs' Third Set of Requests for Production of Documents, which are due today pursuant to the Court's order. When can we expect those to arrive?

Thank you,
Aaron

Aaron J. Fischer, Esq.
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, CA 94104
Tel: (415) 433-6830
Fax: (415) 433-7104
afischer@rbgg.com
www.rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

IRS CIRCULAR 230 NOTICE: As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.